# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| IN RE Valsartan N-Nitrosodimethylamine Products Liability Litigation | Civil Action No. 1:19-MD-02875-RBK-JS |

## MOTION TO STAY PROCEEDINGS PENDING ENTRY OF A CASE MANAGEMENT ORDER

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., Solco Healthcare U.S., LLC, and Huahai U.S., Inc. (together, the "ZHP Defendants") move to stay proceedings—and to vacate and suspend all deadlines for responding to or answering complaints—in all actions currently pending in, or later transferred to, the above-captioned MDL until this Court enters a Case Management Order establishing a schedule for coordinated pre-trial proceedings. In support of this motion to stay, the ZHP Defendants state the following:

1. On February 14, 2019, the Judicial Panel on Multidistrict Litigation issued a Transfer Order transferring all Valsartan-related actions to the District of New Jersey and assigning them, with the District's consent, to Judge Robert B. Kugler. *See* Dkt. No. 1.

2. The JPML Transfer Order concluded that all "putative consumer class actions seeking economic damages" and "related personal injury actions alleging that plaintiffs developed cancer as a result of using valsartan containing NDMA or NDEA impurities" should be centralized in the above-captioned MDL. Dkt. No. 1 at 3.

3. Since that date, ten actions have been transferred to the District of New Jersey and assigned to Judge Kugler for consolidated and coordinated pre-trial proceedings under 28 U.S.C. § 1407.

4.  On February 14, 2019, the JPML also issued a Conditional Transfer Order identifying 23 potential tag-along actions pending in other districts that fall within the scope of the JPML's Transfer Order.

5.  On February 22, 2019, the one-week period for objections to the Conditional Transfer Order lapsed without any party filing an objection to the Conditional Transfer Order.

6.  On February 25, 2019, the Clerk of the JPML accordingly finalized Conditional Transfer Order 1 and transmitted it to this Court, initiating the transfer of the 23 tag-along actions. *See* Dkt. No. 3.

7.  An additional six potential tag-along actions are currently pending before other judges in this District. *See* ZHP Defendants' Motion for Reassignment of Related Actions Pending in the District of New Jersey, Dkt. No. 2, Ex. 1.

8.  In total, there are currently 35 Valsartan-related actions pending against the ZHP Defendants in federal district courts. Twenty-six of those 35 actions are in the process of being transferred and assigned to Judge Kugler in the District of New Jersey.

9.  The deadlines for responding to complaints in many of these actions are approaching for some of the ZHP Defendants.[1]

10. This Court has the inherent power "to schedule disposition of the cases on its dockets," which includes "the power to stay those proceedings before it." H*ertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 424–25 (D.N.J. 2003) (quoting *U.S. v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994)).

---

[1] In some of the pending actions, the domestic subsidiaries of Zhejiang Huahai Pharmaceutical Co., Ltd., the Chinese parent company, have been served. Defendants reserve, and do not waive, any and all defenses to the complaints, including but not limited to improper service, lack of personal jurisdiction, and failure to state a claim upon which relief may be granted.

11. To decide whether a stay is appropriate, the court exercises its discretion in light of the "economy of time and effort for itself, for counsel, and for litigants." *Konopca v. Ctr. for Excellence in Higher Education, Inc.*, No. 15-5340, 2016 WL 4644461, at *2 (D.N.J. Sept. 6, 2016) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). The court considers the following factors: "(1) whether the proposed stay would prejudice the non-moving party, (2) whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and (3) whether granting the stay would further the interest of judicial economy." *Id.* (citing *Landis*, 299 U.S. at 254, and *Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 542 (D.N.J. 2008)).

12. Here, the non-moving parties will not be prejudiced by a stay pending this Court's entry of a Case Management Order setting coordinated deadlines. The actions are all in early stages. And because many of the complaints are virtually identical, this Court will likely proceed through consolidated or master complaints in many if not most of these cases. Any response by the ZHP Defendants to the non-moving parties' individual complaints will be mooted or made redundant by the Defendants' response to the consolidated or master complaints.

13. Furthermore, most of the non-moving parties filed their complaints after Plaintiff Robert Kruk sought § 1407 transfer and centralization, and most non-moving parties supported Plaintiff Kruk's motion. They therefore filed suit knowing that proceedings would be delayed while the JPML transferred the actions, and while this transferee Court familiarized itself with the actions and devised a plan for coordinating pre-trial proceedings to ensure judicial and litigant efficiencies. *See Hertz Corp.*, 250 F. Supp. 2d at 427 (the fact that plaintiff initiated lawsuit after moving party sought § 1407 centralization mitigated potential prejudice to plaintiff from stay).

14. Without a stay of proceedings, the ZHP Defendants will suffer hardship and inequity. The ZHP Defendants fully supported the transfer and centralization of the Valsartan-related actions in an MDL to avoid the burden of defending against multiple, near-identical actions through separate proceedings. If the ZHP Defendants must file individual responses to each complaint before this Court can determine whether consolidated or master complaints are appropriate, then the ZHP Defendants will expend duplicative time, effort, and significant expense in responding to multiple complaints. The ZHP Defendants will therefore lose a "primary benefit of consolidation." *Hertz Corp.*, 250 F. Supp. 2d at 427.

15. Finally, judicial economy weighs in favor of a stay. A primary purpose of § 1407 centralization is to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. Without a short stay, this Court will lose some "potential efficiencies that would be created by having pretrial issues involving common facts and law" considered through a consolidated pre-trial process. *Hertz Corp.*, 250 F. Supp. 2d at 428.

16. The *Manual for Complex Litigation* recommends that, as a preliminary matter, courts should consider "suspending all discovery and motion activity pending further order" and "extending time for filing responses to the complaint until after the initial conference, making unnecessary individual requests for extensions." *Manual for Complex Litigation* (4th ed., Federal Judicial Center 2004) § 11.11, "Scheduling the Initial Conference," at 33; § 11.12, "Interim Measures," at 34. The *Manual* further recommends that courts overseeing MDLs involving mass torts "stay formal discovery and grant extensions of time for responding to complaints and motions, pending establishment of a schedule." § 22.61, "Initial Orders," at 405.

17. In sum, the ZHP Defendants respectfully request that this Court enter a stay vacating and suspending all deadlines for responding to or answering complaints until this Court

enters a Case Management Order establishing a schedule for coordinated pre-trial proceedings. The "economy of time and effort" for this court, for counsel, and for litigants weighs in favor of the issuance of a stay. *Konopca*, 2016 WL 4644461, at *2 (quoting *Landis*, 299 U.S. at 254).

WHEREFORE, the ZHP Defendants respectfully request that this Court enter the attached Proposed Order implementing a stay—and suspending and vacating all deadlines for responding to or answering complaints—in all actions currently pending in the MDL, or later transferred into the MDL, until this Court enters a Case Management Order establishing a schedule for coordinated pre-trial proceedings.

Dated: February 25, 2019

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Seth A. Goldberg*
Seth A. Goldberg
30 S. 17th Street
Philadelphia, PA 19103
Tel: 215-979-1175
Fax: 215-689-2198
Email: sagoldberg@duanemorris.com

*Attorneys for Defendants Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co., Ltd., Solco Healthcare U.S., LLC, Huahai U.S., Inc., Walgreen Co., Throggs Neck Pharmacy, and Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 25, 2019, I served the foregoing Motion to Stay Proceedings Pending Entry of a Case Management Order, and the corresponding Proposed Order, on all counsel of record via filing in the CM/ECF system.

<em>/s/ Seth A. Goldberg</em>