UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE: VALSARTAN N-NITROSODIMETHYLAMINE (NDMA) CONTAMINATION PRODUCTS LIABILITY LITIGATION

HON. ROBERT B. KUGLER

Civil No. 19-2875 (RBK/JS)

## MDL CASE MANAGEMENT ORDER NO. 1

**IT IS ON THIS** 25th day of February, 2019, upon consideration of the Order of the Judicial Panel on Multidistrict Litigation transferring federal cases to this Court, and the entry of this Order being necessary for efficiency of these cases, **ORDERED**:

1. **INITIAL CONFERENCE**. The Court will hold the Initial Conference in Courtroom 4D of the Mitchell H. Cohen United States Courthouse, 1 John F. Gerry Plaza, Camden, N.J. 08101 on March 27, 2019 at 2:00 p.m. All plaintiffs' counsel shall meet in Courtroom 4D on this date at 9:30 a.m. to prepare for the conference. All defense counsel shall meet in Courtroom 3C at 9:30 a.m. to prepare for the conference. The parties shall jointly meet in Courtroom 4D at 11:00 p.m.

2. **APPLICABILITY**. This and all subsequent Orders shall govern the practice and procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation

1

pursuant to its Orders, and related actions filed in this Court or transferred or removed to this Court, and any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation.

3. **CONSOLIDATION**. All actions described in Paragraph 2 above are consolidated for pretrial purposes, including any "tag-along" action later filed in, removed to, or transferred to this Court or any cases filed directly in the District of New Jersey. Any such case shall be assigned to the undersigned. This consolidation is not a determination that any actions described above should be consolidated for trial.

4. **RESPONSIBILITY OF COUNSEL**. Counsel are expected to familiarize themselves with the Manual for Complex Litigation and the Local Rules of Civil Procedure for the District of New Jersey and be prepared to discuss at the conference procedures to facilitate the expeditious, economical and just resolution of this litigation.

5. **APPEARANCES AT CONFERENCE**. One attorney representing each party shall appear at the Initial Conference. Parties with similar interests may agree to have an attending attorney represent their interest at the conference. Any party appearing through a designated attorney shall notify the court in writing in advance of the conference. By designating an attorney to represent its

2

interest, the party will not be precluded from other representation during the litigation, nor will attendance at the conference waive any objections to jurisdiction, venue, or service of process.

6. **LIAISON COUNSEL**.  The Court will select liaison counsel at the conference. Counsel for plaintiffs are directed to confer with each other in advance of the conference for the purpose of agreeing on proposed liaison counsel to submit to the Court for approval. Likewise, counsel for defendants shall confer and propose liaison counsel for approval by the Court. The Court expects to hear from the parties as to whether separate liaison counsel should be appointed for different groups of plaintiffs and defendants.

Liaison counsel will perform administrative functions. They will receive orders and notices from the court and the Judicial Panel on Multidistrict Litigation on behalf of all parties within their group and be responsible for the transmittal of the orders and notices to their group. They shall maintain complete files (papers and/or electronic) with copies of all documents served on them and to make such files available to parties within their group upon request. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or established by the Court failing such agreement. At the Initial

Conference the parties shall be prepared to discuss any additional matters consistent with this function, including any need for a Steering and/or Executive Committee for plaintiffs and/or defendants.

7. **POSITION STATEMENT**. Counsel for each side or liaison group shall confer and submit to the Court on or before March 20, 2019, a brief written statement (not to exceed 10 pages) of the parties' preliminary understanding of the facts involved in these cases and the important factual and legal issues. These statements shall be submitted directly to chambers, ex parte, and are not to be filed with the Clerk. The statements are not binding, may not be offered into evidence for any purpose, and do not waive any claims or defenses. These statements shall also list all pending motions.

Counsel shall also submit a separate list of all related cases pending in any court, state or federal, together with the caption, court, docket number, names of counsel, and the current status, including any discovery taken to date, to the extent known. The parties shall submit one such statement for all proposed liaison groups.

8. **STAY OF PENDING MOTIONS**. All motions pending in all cases assigned to undersigned are stayed and will be discussed at the initial conference.

9. **PRO HAC VICE ADMISSION**.  Any attorney admitted to practice and in good standing in any United States District Court is admitted pro hac vice in this Court for this matter. Such counsel are subject to the New Jersey Rules of Professional Conduct, the Guidelines for Litigation Conduct, L. Civ. R. 103.1(c), and the disciplinary jurisdiction of this Court. Association with local counsel is not required.

10.  **FILING**.  All documents shall be filed electronically with the Clerk of this Court and not the transferor court. Counsel shall register electronic filers in the District of New Jersey. The Clerk shall maintain a master docket case captioned In re: Valsartan N-Nitrosodimethylamine (NDMA) Contamination Products Liability Litigation, D.N.J. Civil Action No. 19-2875 (RBK/JS). When a document is intended to be applicable to all actions, the caption shall state "This Document Relates to All Actions." When a document is intended to apply to fewer than all cases, the Court's civil action number for each individual case to which the document relates shall appear immediately after the words "This Document Relates to . . . ." All pleadings, motions, or other filings that apply to individual cases must be cross-filed, electronically, through ECF to the master docket and the individual civil action docket.

11.     **SERVICE OF THIS ORDER**.  A copy of this Order will be served by ECF on all counsel listed on the docket. In order to assure all interested counsel are served, Ruben Honik, Esquire shall assure that all interested plaintiffs' counsel are served with this Order. Seth A. Goldberg, Esquire shall assure that all interested defense counsel are served.

12.     **PRESERVATION**.  All parties and their counsel are reminded of their duty to take reasonable measures to preserve documents and electronically stored information and data that are potentially relevant.

13.     **AGENDA**.  The Court will discuss with counsel at least the following topics at the Initial Conference:

   a. Appointment of liaison counsel and Steering and/or Executive Committees;

   b. Need for liaison groups(?);

   c. Status of any related State proceedings;

   d. Pleadings – possible Consolidated Master Amended Complaint(s) and response;

      • Short Form Complaint and response;

   e. Direct Filing;

   f. Tolling Agreements;

   g. Acceptance of service of complaints;

      • Streamlined service of process

6

h. Summary of disclosures and discovery already undertaken in these cases and how such discovery shall be served;

i. Creation and maintenance of documents/data storage repository;

j. Status of any pending dispositive or non-dispositive motions;

k. Jurisdictional issues (if any);

l. Any current or contemplated settlement discussions and the Court's role;

m. Timing and procedure for Rule 12 motions;

n. Timing and procedure for Rule 26(a)(1) initial disclosures;

o. Scope and timing of discovery. Should there be any limitations on interrogatories, document requests, or depositions?

p. Confidentiality Order (consult Local Civil Rule 5.3 and Appendix S);

q. Anticipated discovery issues as to foreign defendants;

- Translation of documents/ESI

r. Need for different litigation tracks?

s. Whether a "tutorial" is needed or necessary in this MDL;

t. Court website;

u. Common Benefit Fund and Order;

- Reporting requirements

v. Bellwether trials

w. Any other measures necessary to promote the prompt, efficient and just management of the case;

x. Future status conferences.

Counsel shall confer and collaborate in making written submissions to the Court on or before March 20, 2019 on the above topics. To the extent feasible a joint submission shall be made. Otherwise, separate submissions shall be made by each liaison group. Case management proposals should concisely state reasons for the suggestions. These submissions should be electronically filed and served on counsel. If counsel to be served are not yet registered for ECF, service by mail or fax is required. Written replies are not required as all attendees will have the opportunity to speak at the Initial Conference.

_____
ROBERT B. KUGLER
United States District Judge

_____
JOEL SCHNEIDER
United States Magistrate Judge