Seth A. Goldberg
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: +1 215 979 1175
Fax: + 1215 689 2198

*Attorneys for Defendant*
*Zhejiang Huahai Pharmaceutical Co., Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: Valsartan Products Liability Litigation** | Civil Action No. 1:19-MD-02875-RBL-JS |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH PURPORTED SERVICE OF PROCESS
ON DEFENDANT ZHEJIANG HUAHAI PHARMACEUTICAL CO., LTD**

Appearing specially, defendant Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), respectfully submits this memorandum, together with the accompanying declaration of Minfa Wang, for the limited purpose of moving this Court for an Order, pursuant to Fed. R. Civ. P. 12(b)(5), quashing the attempted service of process upon ZHP in the *Sen v. ZHP, et al.*, *Silberman v. Solco Healthcare U.S., LLC et al.*, and *Harper v. ZHP, et al.* actions.

**I.      Summary of Argument**

"Courts *cannot exercise jurisdiction* over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure." *Reddy v. Medquist, Inc.*, No. 06-4410 (RBK/AMD), 2009 WL 2413673, at *2 (D.N.J. Aug. 4, 2009) (emphasis added).  And, when service of process is challenged, "[t]he burden is on the party serving process to show that service was valid." *Cephalon, Inc. v. Sun Pharm. Indus., Inc.*, No. CIV.A. 11-5474, 2011 WL

6130416, at *1 (D.N.J. Dec. 7, 2011) (citation omitted). "[W]here service of process is found to be ineffective, the court [may] either dismiss or quash service which has been made." *Id.*

As relevant to the instant motion, Plaintiffs in all three cases name ZHP as a defendant in their individual complaints. However, the *Sen*, *Harper* and *Silberman* plaintiffs' attempts to serve ZHP failed to conform to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters (the "Hague Convention"), the Federal Rules of Civil Procedure (the "Federal Rules"), and the laws of their respective states. Therefore, the purported service on ZHP in each case must be quashed.

**II.     Service of Process Upon a Chinese Entity Under The Hague Convention**

The Hague Convention provides for service of U.S. judicial documents in civil or commercial cases on foreign citizens or companies. *See Dartell v. Tibet Pharm., Inc.*, No. CV 14-3620, 2017 WL 1206003, at *3 (D.N.J. Mar. 31, 2017). The United States and China are signatories to the Hague Convention. *Id.* Accordingly, the only way to serve process on an entity domiciled in China is to conform to the provisions of the Hague Convention; specifically, a party must go through China's Central Authority, the Ministry of Justice. *Id.*

"As a ratified treaty, the [Hague] Convention is of course the 'supreme law of the land.'" *Trump Taj Mahal Assocs. v. Hotel Servs., Inc.*, 183 D.N.J. 173, 176 (1998) (Kugler, J.) (citation omitted). As such, service of process on a foreign corporation "must be effected in accordance with the Hague Convention." *Cephalon*, 2011 WL 6130416, at *2 (Wolfson, J); *See also, Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 470 (D.N.J. 1998) ("The provisions of the Hague Convention are mandatory; failure to comply voids the attempted service."). The Federal Rules also provide that the acceptable means of serving foreign parties is by an "internationally agreed" means of service such as "the Hague Convention." Fed. R. Civ. P. 4(f).

ZHP is a Chinese corporation, with its offices, manufacturing facilities, headquarters and principal place of business *all* located in the People's Republic of China. *See* Wang Decl. ¶ 8 (attached as Exhibit A). As such, Plaintiffs must conform to the provisions of the Hague Convention and effect service of process on ZHP through China's Ministry of Justice. Failure to do so renders any attempt at service on ZHP improper and ineffective. *See Cephalon*, 2011 WL 6130416, at *2 ("Sun India is an Indian corporation and India is a signatory to the Hague Convention. Thus, service upon Sun India must be effected in accordance with the Hague Convention.").

### III. The Purported Service of Process Upon ZHP by the *Sen* Plaintiffs Did Not Conform to the Federal Rules, The Hague Convention or Alabama Law

The *Sen* Complaint erroneously states that ZHP "has a United States headquarters." *See Sen* Complaint ¶ 4 (attached as Exhibit B). Based on this inaccurate information, the *Sen* plaintiffs attempted to serve ZHP by certified mail addressed to: "Zhejiang Huahai Pharmaceutical Co., Ltd." at "2009 Eastpark Boulevard, Cranbury, NJ 08512." *See Sen* Summons (attached as Exhibit C). This attempt to serve ZHP failed to conform to the Hague Convention, the Federal Rules and Alabama law.

#### A. Service on ZHP Did Not Conform to the Hague Convention

As discussed above, ZHP is a Chinese corporation. Yet, the *Sen* plaintiffs never attempted to serve ZHP through China's Ministry of Justice. Their "failure to comply [with the Hague Convention] voids the attempted service." *Eli Lilly*, 23 F. Supp. 2d at 470. Therefore, as in *Cephalon*, this Court should quash the *Sen* plaintiffs' purported service on ZHP. *See Cephalon*, 2011 WL 6130416, at *5.

**B.     Service Upon ZHP Did Not Conform to the Federal Rules or Alabama Law**

The *Sen* plaintiffs' attempt to serve ZHP also failed to conform to the Federal Rules and Alabama law. The Federal Rules authorize service of process on a foreign corporation by "following state law for serving a summons in action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1) and 4(h)(a)(B). In an MDL proceeding, the state law that applies is the law of the transferor court (here, Alabama). *See In re Asbestos Prod. Liab. Litig. (No. VI)*, 965 F. Supp. 2d 612, 616 (E.D. Pa. 2013). Alabama law on service of process by certified mail is clear. In *Ex parte LERETA, LLC*, 226 So. 3d 140, 145 (Ala. 2016), the Supreme Court of Alabama held:

> [S]ervice on a corporation or business entity *cannot be perfected by certified mail addressed merely to the entity itself* … service on a business entity by certified mail requires the mailing to be addressed to an 'officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.' (citation omitted) (emphasis added).

Here, the *Sen* plaintiffs attempted to serve ZHP by certified mail but did not address the mailing to an "officer" or "agent" of ZHP; it was addressed to the "entity" itself, ZHP. Under Alabama law, this was both improper and ineffective service.[1]

---

[1] In the event the *Sen* plaintiffs claim that they were attempting to serve a subsidiary of ZHP, this argument would be unavailing because, not only did the *Sen* plaintiffs' attempted service not *name* a subsidiary but also, "Alabama courts have typically taken a dim view toward a plaintiff's efforts to serve a parent corporation through its subsidiary." *Foster v. Bridgestone Americas, Inc.*, No. CIV.A. 11-0175-WS-N, 2011 WL 3606983, at *2 (S.D. Ala. Aug. 15, 2011). Alabama law allows service on a subsidiary in the "limited circumstance" where the subsidiary is essentially "an alter ego, completely controlled by [the parent corporation] and lacking any independent existence." *Id.* None of its U.S. subsidiaries are alter egos of ZHP. Therefore, any attempt by the *Sen* plaintiffs to cure their ineffective service by serving a U.S. subsidiary of ZHP would also be improper and ineffective.

IV. **The Purported Service of Process Upon ZHP by the *Silberman* and *Harper* Plaintiffs Did Not Conform to the Federal Rules, The Hague Convention or New Jersey Law**

On February 6, 2019, a courier attempted to serve the summonses and complaints for the *Harper* and *Silberman* cases upon ZHP by hand. *See* Wang Decl. ¶ 4 (attached as Exhibit A).[2] The address on the summons, 2009 Eastpark Blvd. Cranbury, NJ 08512, was an unoccupied office building and the former address of Huahai U.S. Inc. ("Huahai"). *Id.* at 3. So, the courier went to 2002 Eastpark Blvd. and asked whether "the business" that was formerly at 2009 Eastpark Blvd. was now located at 2002 Eastpark Blvd. *Id.* at 6. Believing the courier was referring to Huahai, Minfa Wang, an employee of Prinston Pharmaceutical Inc., ("Prinston"), whose office is also located at 2002 Eastpark Blvd., responded "yes" and accepted what she thought was mail for Huahai. *Id.* at 9.

Ms. Wang is not an employee of ZHP and was never an officer, managing agent or general agent for ZHP and has never been authorized to receive and accept service of process on its behalf. *Id.* at 13. This attempt to serve ZHP failed to conform to the Hague Convention, the Federal Rules and New Jersey law.

A. **Service on ZHP Did Not Conform to The Hague Convention**

Like the *Sen* plaintiffs, the *Harper* and *Silberman* plaintiffs (the "NJ plaintiffs") never attempted to serve ZHP through China's Ministry of Justice. Their "failure to comply [with the Hague Convention] voids the attempted service." *Eli Lilly*, 23 F. Supp. 2d at 470. Therefore, as in *Cephalon*, this Court should quash this purported service on ZHP.

---

[2] Copies of the *Harper* and *Silberman* Complaints are attached, respectively, as Exhibits D and E, and the Summonses, respectively, as Exhibits F and G.

### B. Service Upon ZHP Did Not Conform to the Federal Rules or New Jersey Law

The NJ plaintiffs' attempt to serve ZHP also failed to conform to the Federal Rules and New Jersey law. As discussed above, in an MDL proceeding, the Federal Rules provide that the transferor court's state law applies to determine if service was proper. Here, New Jersey law applies.

"New Jersey law of service allows service of process on 'any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation.'" *Cephalon*, 2011 WL 6130416, at *4 (quoting N.J. Ct. R. 4:4–4). However, the "mere acceptance of service by an employee … does not establish that the employee was authorized to [accept service]." *Id.* "Plaintiff has the burden of showing that an alleged agent has specific authority, express or implied, for the receipt of process." *Id.*

Here, the NJ plaintiffs claim to have served ZHP through Minfa Wang. However, as discussed above, Ms. Wang is not an employee of ZHP and was never an officer, managing agent or general agent for ZHP and has never been authorized to receive and accept service of process on its behalf. *See* Wang Decl. ¶ 13 (attached as Exhibit A).[3] Therefore, under New Jersey law, the NJ plaintiffs' purported service of process on Ms. Wang for ZHP was both improper and ineffective.

### C. Serving One of ZHP's Subsidiaries is Insufficient to Effect Service Upon ZHP

Any claim by the NJ plaintiffs that serving Ms. Wang is sufficient to effect service upon ZHP because she is an employee of Prinston, a subsidiary of ZHP, would be unavailing under the

---

[3] *Accord Cephalon*, 2011 WL 6130416, at 5 ("… nothing demonstrates that [the employee] was an employee of Sun India nor authorized to accept service on behalf of Sun India.").

facts of this case and New Jersey law. In *Cephalon*, the New Jersey District Court was clear that "[u]nder New Jersey law, service on a wholly owned subsidiary confers jurisdiction over the foreign parent *only* if the subsidiary is an alter ego or agent of the parent." *Id.* (emphasis added). Prinston is neither an "alter ego" nor "agent" of ZHP. Therefore, serving ZHP through Ms. Wang because she is an employee of its subsidiary Prinston, is both improper and ineffective.

### V.     Conclusion

For the foregoing reasons, the *Sen*, *Harper* and *Silberman* plaintiffs' attempts to serve ZHP failed to conform to the Hague Convention, the Federal Rules and the laws of their respective states. Therefore, defendant ZHP respectfully moves this court for an order quashing the attempted service of process in the *Sen*, *Harper* and *Silberman* actions.

Dated: March 12, 2019                              Respectfully submitted,

/s/ *Seth A. Goldberg*
Seth A. Goldberg
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: +1 215 979 1175
Fax: +1 215 689 2198

*Attorneys for Defendant*
*Zhejiang Huahai Pharmaceutical Co., Ltd*.