THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| In re: Valsartan NDMA Products Liability Litigation | Master Docket No. 19-2875 (RBK/JS) |
| *This Document Applies to All Actions* | ORDER |

**CASE MANAGEMENT ORDER NO. 3**
**(Direct Filing Order – Stipulated)**

**KUGLER**, United States District Judge:

1.0   SCOPE OF THE ORDER

This Stipulated Order shall govern the direct filing of actions into Multi-District Litigation docket number MDL No. 2875 in the District of New Jersey, and applies only to those actions brought by a U.S. citizen or resident based on usage or purchase of generic formulations of Valsartan medications allegedly containing nitrosamine impurities NDMA and/or NDEA.

2.0   DIRECT FILING OF CASES INTO MDL No. 2875

2.1   In order to eliminate delays associated with the transfer to this Court of actions filed in or removed to other federal district courts and to promote judicial efficiency and pursuant to 28 U.S. Code § 1407 and the Transfer Order dated February 14, 2019 ["the Transfer Order"] of the Judicial Panel on Multi-District Litigation ["JMPL"] (Doc. 229), any plaintiff whose action would otherwise be subject to transfer to MDL No. 2875 may hereinafter file his or her complaint against all defendants directly into docket matter No. MDL No. 2875 in the District of New Jersey.[1]

Any plaintiff who files a complaint in accordance with this CMO **prior to the Court's approval of the short form complaint must file a short form complaint within 30 days of the Court's approval of the short form complaint.**

---

[1] If any plaintiff has tried to directly file a case into this MDL in the District of New Jersey prior to the execution of this Direct Filing Order, such directly filings are not authorized and shall be dismissed without prejudice if not refiled pursuant to the terms of this Order.

1

Pursuant to Case Management Order ["CMO"} No. 2, defendants' obligation to answer, move, or otherwise respond to direct filed complaints has been stayed pending further Court order, and all objections and affirmative defenses have been preserved by Defendants.

2.2. Regarding those Valsartan-related cases filed directly in this MDL in the District of New Jersey and which originated from other federal districts, all defendants hereby stipulate and agree they shall not assert an objection of improper venue under Fed. R. Civ. P. 12(b)(c) regarding pre-trial proceedings in the District of New Jersey. The parties do reserve the right pursuant to 28 U.S. Code §§ 1391 and 1406(a)) to oppose and object to any improper venue proposed for trial. For further clarity and consistent with the Transfer Order, each action directly filed in this MDL and originating from another federal district has been so filed in this MDL solely for pretrial proceedings. Moreover, the parties have not waived their rights to transfer any action in this MDL to a court of proper venue under 28 U.S.C. §§ 1391 and 1406(a) *and Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) upon completion of pretrial proceedings.

2.3. For actions directly filed in this MDL, the complaint should include: (1) a statement indicating that it is being filed in accordance with this Stipulated Order and (2) a designation of venue, which will be the presumptive place of remand absent an agreement otherwise among the Parties or a determination by the Court that the place of remand should be elsewhere based upon good cause.

2.4. At the conclusion of pretrial proceedings in an action directly-filed before this Court pursuant to this CMO and upon a determination that this action is ripe for remand for the purpose of conducting trial proceedings, the Court will resolve any venue challenges, objections or disputes. Further, at such resolution of venue challenges, and pursuant to 28 U.S.C § 1404(a), and after giving the parties an opportunity to meet and confer and be heard on the issue, this Court will transfer the action to that federal district court having proper venue as defined by 28 U.S.C. § 1391. Moreover, defendants reserve and do not waive any objection and affirmative defense of improper venue and/or lack of personal jurisdiction as to plaintiffs' designation.

2.5. Nothing contained herein shall preclude the parties from agreeing at a future date to try in this District any action directly filed in this MDL pursuant to this CMO.

2.6. The inclusion of any action in this MDL, whether filed originally or directly in the District of New Jersey, shall not constitute a determination by this Court that jurisdiction or venue is proper.

2.7. All parties stipulate and agree that the direct filing of an action in this MDL pursuant to this CMO in the District of New Jersey shall have no impact on the choice of law that would apply otherwise to an individual action had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

2.8. All defendants stipulate and agree that the filing of a complaint directly in this MDL pursuant to this CMO shall stop the running of any statute of limitations or prescriptive or peremptive period, to the same extent as if the complaint had been filed in an appropriate venue on the date of direct filing in this MDL.

2.9. A reference to "all defendants" herein shall not constitute an appearance by or for any defendant not properly served.

2.10 A complaint directly filed in MDL No. 2875 in the District of New Jersey shall bear the following caption:

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| In re: Valsartan NDMA Products Liability Litigation : | Master Docket No. 19-2875 (RBK/JS) |
| _____, : **Plaintiff(s),** : | **Complaint and Jury Demand** |
| : v. : | CLASS ACTION (this is optional) |
| _____ : **Defendant(s).** : | Civil Action No. |

     2.11    For only those complaints alleging a class action, the filing party must add the phrase "CLASS ACTION" in the case caption, on a line directly below the phrase "Complaint and Jury Demand".  (See an example in the caption above).

Dated:  9 April 2019                                                           s/ Robert B. Kugler
                                                                                                            ROBERT B. KUGLER
                                                                                                            United States District Judge