IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

*IN RE* VALSARTAN PRODUCTS LIABILITY LITIGATION

*This Document Relates To All Actions*

Hon. Robert. B. Kugler

Civ. No. 19-2875 (RBK/JS)

CASE MANAGEMENT ORDER NO. 4
TIME AND EXPENSE REPORTING OF COMMON
BENEFIT FEES AND RELATED COSTS

The Court recognizes that at some time in the future, there may be applications to this Court by attorneys for payment of common benefit fees and/or expenses. The Court also acknowledges that reasonable common benefit time and expenses are necessary for the collective prosecution of all cases in this MDL litigation. This Order provides guidance so that any attorney applying for common benefit fees or expenses will have notice of the standards that will be employed in assessing those applications. These guidelines are not meant to be exhaustive, and the Court may issue additional procedures, limitations, and guidelines in the future, including an Order setting forth the common benefit deductions to be taken from each settlement or Judgment, as appropriate. It is the Court's intent that the process of collecting, holding, and distributing Common Benefit Funds be as open and transparent as possible.

1.0   **Common Benefit Fund for Common Shared Expenses**

From time to time, the Plaintiffs' Executive Committee ("PEC") shall make and collect assessments from Participating Counsel, as defined herein, and shall receive, hold, and spend those funds as necessary for Common Shared Expenses, as defined and outlined below, to effectively prosecute the interests of the litigation. Such funds shall be held in an account at a federally insured banking institution as designated and approved by the PEC. The account shall be maintained by the Plaintiffs' Steering Committee ("PSC") with primary oversight by the PEC. However, Plaintiffs' Liaison

Counsel shall promptly retain a Certified Public Accountant ("CPA") with the Court's approval to provide

an accounting of the litigation fund. Any funds to be paid out of such account shall be paid only upon the

direction of the PEC. The PSC shall apply for and receive a Federal Tax ID number for such account. All

assessments from Participating Counsel must be received by the PEC within sixty (60) days of the request

for the assessment. Failure to timely submit any assessment to the PEC by a Participating Counsel will

be grounds for the denial and/or partial denial of attorneys' fees awarded in the case and/or removal from

the PEC/PSC.

**2.0    Administration**

The recovery of compensation for common benefit time expended and cost reimbursements for

Participating Counsel will be allowed and is essential in this MDL litigation. Participating counsel shall

only be eligible to receive common benefit attorneys' fees and cost reimbursement if the time expended,

costs incurred and activity in question were (a) for the common benefit, (b) appropriately authorized (as

defined herein), (c) timely submitted, and (d) approved by this Court. This Order sets forth the guidelines

regarding the submission and compensability of common benefit time and expenses. Participating

Counsel who seek to recover court-awarded common benefit attorneys' fees and expenses in connection

with this litigation shall keep a daily contemporaneous record of their time and expenses, noting with

specificity the amount of time and particular activity along with confirmation that authority was obtained

to have undertaken that common benefit effort.

For the purpose of coordinating these guidelines and tracking common benefit time and

expenses, the PEC shall appoint a Time and Expense Committee. The Time and Expense Committee will

ensure proper compliance by the parties with this Order and work with Co-Lead Counsel and the PEC to

manage the litigation fund and administer the payment of the expenses (not fees) from the litigation

fund. The CPA will assist in compiling all submissions and will provide reports to Plaintiffs' Liaison

Counsel who shall submit them to the Court on a quarterly basis. These reports will include both time

and expenses and will summarize, with back-up detail, the submissions of all firms. These reports shall include summaries for the different categories of expenses. Submission of time and expense records to the CPA and the Court shall be considered as if submitted under seal.

All counsel working on common benefit activities shall timely submit a report of their time and expense records as set forth in detail herein.  The failure to secure authority to incur common benefit time and expenses, or the failure to maintain and timely provide such records mandated by this Order, or to provide a sufficient description of the common benefit activity will be grounds for denying the recovery of attorneys' fees and/or expenses in whole or in part.

"Participating Counsel" are counsel who desire to be considered for common benefit compensation and cost reimbursement, and as a condition thereof, agree to the terms and conditions herein and acknowledge that the Court will have final authority regarding the award of fees, the allocation of those fees, and awards for cost reimbursements in this matter. Participating Counsel have (or will have) agreed to and therefore will be bound by the Court's determination on common benefit attorney fee awards, attorney fee allocations, and expense awards, and the Participating Counsel knowingly and expressly waive any right to assert the lack of enforceability of this Order or to otherwise challenge its adequacy.

**3.0    Explanation of Common Shared Costs vs. Held Costs**

**3.1    Common Shared Costs:**

Costs of a substantial nature under the below categories shall be considered "Common Shared Costs" if incurred during the course of this MDL litigation, and shall be paid directly from and/or be reimbursed from the general litigation fund:

1.    Court, filing, and service costs;

2.    Deposition and court reporter and videographer costs;

3.    Document Depository: Creation and Administration;

4.      Equipment and leases for group common expenses (e.g., computer equipment);

5.      Expert witness and consultant fees (Participating Counsel shall closely monitor such fees, as excessive or unnecessary fees shall not be eligible for reimbursement);

6.      Extraordinary postage (mass mailing);

7.      Printing, copying, coding, scanning (out of house or extraordinary and related solely to common issues);

8.      Plaintiffs' Steering Committee and Plaintiffs' Executive Committee group meetings and expenses as approved by Plaintiffs' Executive Committee;

9.      Research by outside third party;

10.     Telephone conference calls (third party);

11.     Common witness expenses;

12.     Translation costs; and,

13.     Certified Public Accountant's charges.

**3.2     Common Held Costs:**

Costs of a substantial nature under the below categories shall be considered "Common Held Costs," which are common benefit costs incurred by Participating Counsel during the course of the litigation, but are NOT subject to payment directly from and/or to reimbursement from the general litigation fund during the course of this MDL litigation. No specific client-related costs can be considered as Held Costs. These costs are to be reported monthly by Participating Counsel, but will be held by Participating Counsel until common benefit cost reimbursement applications are made at the appropriate time during the course of the MDL litigation:

1.      Fax charges;

2.      Meals;

3.      Office administration;

4.      Postage, Shipping, Courier, Certified Mail;

5.      Printing and photocopying (in-house);

6. Computerized research – Lexis/Westlaw;

7. Supplies;

8. Telephone – local and long distance;

9. Temporary Personnel;

10. Travel – for deposition, court, or legislative hearing, including:

    a. Airfare;

    b. Reasonable ground transportation;

    c. Hotel up to $300/night or the average of Hyatt, Hilton, and Marriott hotel rates in that city, whichever is less;

    d. Reasonable meals; and

    e. Reasonable other travel-related expenses (i.e., parking);

11. Assessments;

12. Bank charges/interest; and

13. Investigative services.

14. Bellwether – Case specific expert expenses, deposition and court reporter costs.

**3.3** **Submission of Shared and Held Expenses:**

The Time and Expense Committee shall be responsible for creating an expense report form to be approved by the PEC and used by all Participating Counsel throughout the litigation.

**4.0.** <u>**Expense Limitations**</u>

**4.1** **Travel Limitations**

Only reasonable expenses will be reimbursed. Except in extraordinary circumstances approved by the PEC, all travel reimbursements are subject to the following limitations:

1. <u>Airfare</u>. Reasonable and appropriate airfare will be reimbursed and is subject to audit and review. Airfare deemed to be excessive or which is not related to an assigned task or judicial requirement will not be reimbursed.

2.     Hotel.   Reasonable and appropriate hotel accommodations will be reimbursed. Hotel accommodations deemed to be excessive or which are not related to an assigned task or judicial requirement will not be reimbursed.

3.     Meals. Meal expenses must be reasonable.

4.     Cash Expenses. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $30.00 per trip, as long as the expenses are properly itemized.

5.     Rental Automobiles. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available.  If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel or materials necessary to be transported to a deposition or trial.

6.     Mileage. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS.

**4.2     Non-Travel Limitations**

1.     Long Distance, Conference Call and Cellular Telephone Charges. Common benefit long distance, conference call and cellular telephone charges must be documented as individual call expenses in order to be compensable. Copies of the telephone bills must be submitted with notations as to which charges relate to the MDL litigation.  Such charges are to be reported at actual cost.

2.     Shipping, Overnight, Courier, and Delivery Charges.  All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.  Such charges are to be reported at actual cost.

3.      Postage Charges. A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges.  Such charges are to be reported at actual cost.

4.      Telefax Charges. Contemporaneous records should be maintained and submitted showing faxes sent and received for common benefit matters.  The per-fax charge shall not exceed $1.00 per page.

5.      In-House Photocopy.  A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum copy charge is .25¢ per page.

6.      Computerized Research – Lexis/Westlaw.  Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged the firm and appropriately allocated for these research services.

7.      Actual Costs.  In no event may an applicant seek reimbursement for a cost or expense that exceeds in amount the actual cost or expense.

**4.3    Verification**

The forms detailing expenses shall be certified by a member of the PEC/PSC in each firm attesting to the accuracy of the submissions.  Attorneys shall keep receipts for all expenses or some other form of proof acceptable for ultimate presentation and approval by the PEC/PSC or the Court.  Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

**4.4    Authorization for Compensable Common Benefit Work**

Authorized Common Benefit Work includes assignments made by Co-Lead Counsel and/or a member of the PEC, who will work in consultation to facilitate the litigation. No time spent on developing or processing purely individual issues in any case, for an individual client (claimant), will be considered or should be submitted, nor will time spent on any unauthorized work.

### 4.5    Common Benefit Work

Examples of authorized and unauthorized common benefit work include but are not limited to:

1.      Depositions: Participating Counsel may attend any deposition, space permitting; however, if such counsel has not been designated as one of the authorized questioners or otherwise authorized to attend the deposition by Co-Lead Counsel or a member of the PEC, the time and expenses shall not be considered common benefit work, but rather considered as attending on behalf of such counsel's individual clients.

2.      Periodic MDL Conference Calls: These calls are held so that individual attorneys are kept up-to-date on the status of the litigation, and participation by listening to such calls is not common benefit work.  Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and that is a reason to listen in on those calls.  The attorneys designated by Co-Lead Counsel or a member of the PEC to run those calls are working for the common benefit by keeping other lawyers informed and educated about the case, and their time will be considered for common benefit.  Nothing in this paragraph shall be construed to prevent Participating Counsel from submitting common benefit time for participation in PSC communications that are germane to all members of the PSC and are necessary to fulfill their PSC obligations.

3.      Periodic Status Conferences: Regular status conferences are held so that the litigation continues to move forward and legal issues are resolved with the court.  Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation and participation, but attending and listening to such conferences is not common benefit work.  Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or common benefit time.  Co- Lead Counsel will consult the PEC/PSC regarding matters to be discussed and argued at the Status conferences to determine counsel who will make presentations and ensure proper coordination on issues. The attorneys designated by the PEC, to address issues that will be raised at a given status conference or requested by Co-Lead Counsel or a member of the PEC to be present at a status conference are working for the common benefit and their time will be considered for common benefit. Similarly, the PEC, as well as any other attorney whose attendance at a status conference is specifically requested by the Judge in that case may submit their time for evaluation as common benefit time.

4.      Committee Meetings or Calls: During committee phone calls or other meetings there is a presumption that only one participant per firm will qualify for common benefit time, unless otherwise authorized by the PEC.

5.      Identification and Work Up of Experts: Participating Counsel are expected to identify experts in consultation with the PEC and an Expert Committee.  If a Participating Counsel travels to and retains an expert without the knowledge and approval of the Coordinating Co-Lead Counsel or the PEC, they understand that the MDL may not need or use that expert and their time and expenses may not be eligible for common benefit expenses/work. Counsel with a direct relationship with an expert, for example, experts directly retained or consulted by Participating Counsel, shall be permitted to retain such relationship and to remain the primary point of contact with such expert.

6.      Attendance at Seminars: Mere attendance at a seminar does not qualify as common benefit work or a common benefit expense unless the individual is attending at the direction of Co-Lead Counsel or the PEC and for the benefit of the MDL.

7.      Document Review:  Only document review specifically authorized by Co-Lead Counsel or the PEC and assigned to an attorney will be considered common benefit work. The review done in a designated attorney's office will be performed by appropriately trained individuals selected by the attorney.  If a reviewer elects to review documents that have not been assigned to that attorney by Co-Lead Counsel or the PEC, that review is not considered common benefit work.  Counsel will receive periodic reports from the vendor(s) retained to manage the electronic production, of computer billing time for depository review.  Such vendor should have the capability to track actual time spent by each attorney reviewing documents.  Participating Counsel should bring any discrepancy to the attention of the Co-Lead Counsel, the PEC or its designee within thirty days of receipt of the Vendors report. Failure to timely bring any claimed discrepancy to the attention of Co-Lead Counsel or the PEC will result in the compensable document review time being presumptively deemed that which was electronically logged by the vendor. A Fee Committee at the appropriate time will review all fee submissions related to document review, and document review that is duplicative of what has been assigned in the MDL may not be compensated.

8.      Contract Attorneys:  Unless otherwise approved by the PEC, contract attorneys and other contract employees shall not be permitted to submit common benefit time and expenses.

9.      Review of Pleadings and Orders: Each attorney has an obligation to keep themselves informed about the

9

litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by the Co-Leads or the PEC to review or summarize those pleadings or orders for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit. Nothing in this paragraph shall be construed to prevent the Co-lead counsel, the PEC or Liaison Counsel from submitting common benefit time for reviewing orders of the court that are germane to all members of the PSC and are necessary for review to fulfill their committee or court appointed obligations.

10.    Emails: Time recorded for reviewing emails, and providing non-substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email. Thus, for example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails to a larger group which involves a matter on which the recipient is not directly and immediately working. If time submissions are heavy on email review and usage with little related substantive work, that time may be significantly discounted or not compensated at all.

11.    Review of Discovery Responses: Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by Co-Lead Counsel or the PEC to review and summarize those discovery responses for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

12.    Bellwether Trials: While the work-up of individual cases is *not* considered common benefit, in the event that a case is selected as part of an approved early preference or bellwether trial process in the MDL, the time and expenses in working up and trying the case (including work performed as part of the approved bellwether process) may be considered for common benefit to the extent it complies with other provisions of this Order or Participation Agreement.

13.    Pre-Litigation Hours Materially Advanced: The Court will have the authority and discretion to permit the accounting of pre-litigation hours materially advanced for the common benefit.

14.    Paralegal Hours: Common benefit time performed by Paralegals will be approved based on the requirements set forth in this Order for attorneys. In the event Plaintiffs' Counsel are unsure if the action they are about to undertake is considered a common benefit action, counsel shall ask Co-Lead Counsel or the PEC in advance as to whether such time may be compensable.

### 4.6    Time Keeping and Submission of Time and Cost Records

All common benefit time must be authorized and accurately and contemporaneously maintained by Participating Counsel. Time shall be kept according to the guidelines as noted herein and submitted on the forms approved by the Time and Expense Committee and the PEC. Participating Counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location and particular activity (such as "conducted deposition of John Doe"). Time entries that are not sufficiently detailed may not be considered for common benefit payments. All common benefit work time for each firm shall be maintained in a tenth-of-an-hour increment.

The following shall be noted:

1.    All time submissions must be incurred only for work authorized under this Order.

2.    All time submissions must be made on the forms approved by the PEC.

3.    All time and expenses shall be submitted on a monthly basis and will be due on the 15th day of the following month. The first time and expense report, due July 15, 2019, will be cumulative for the hours expended and expenses incurred during this MDL litigation up to and including June 30, 2019. The second submission will be due August 15, 2019, for the time and expenses incurred during July, 2019, and so forth. These deadlines may be amended from time to time in the discretion of Co-Lead Counsel.

4.      Plaintiffs' Liaison Counsel shall promptly retain a CPA. The CPA will assist in compiling submissions and will provide reports to Plaintiffs' Liaison Counsel who shall submit them to the Court on a quarterly basis. The first time and expense report submitted to the Court, due July 15, 2019, will be cumulative for the hours expended and expenses incurred during this MDL litigation up to and including June 30, 2019. The second submission will be due October 15, 2019, and so forth.

5.      All expense submissions must include receipts for all expenses.

6.      All time and expense submissions must be electronically submitted on the forms approved by the Time and Expense Committee and the PEC to the attention of Co-Lead Counsel and to the Chair of the Time and Expense Committee, as set forth above. Co-Lead Counsel will cooperatively share and maintain the data submitted with the PEC. It is therefore essential that each firm timely and accurately submit its records.

7.      All applications for Common Benefit Funds shall be available for inspection by any Participating Counsel.

8.      Untimely Submissions. Failure to timely provide time and expense records as set forth herein shall result in a waiver of same.

SO ORDERED this _25_ day of _April_, 2019.



                              _____
                              **HONORABLE ROBERT B. KUGLER**
                              **UNITED STATES DISTRICT JUDGE**