IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| In re: Valsartan Products Liability Litigation<br><br>This Document Relates to All Actions | MDL No. 2875<br>Case No.: 1:19-md-02875-RBK-JS |
|---|---|

### DEFENDANTS' BRIEF ON SERVICE OF MULTIPLE COMPLAINTS

Pursuant to the Court's order at the Case Management Conference held on April 24, 2019 (the "April 24th CMC"), Defendants[1] hereby submit this brief.

---

[1] The Defendants' Executive Committee submits this brief on behalf of all properly served Defendants, but has no authority to speak on behalf of Defendants who have not been served, are not represented by counsel, and have not made an appearance, and therefore, does not purport to do so.

# Table of Contents

                                                                                                                                 **Page**

Table of Contents…………………………………………………………………………..ii

Table of Authorities……………………………………………………………...……..iii

Introduction………………………………………………………………………..1

Argument…………………………………………………………………………..2

Conclusion……………………………………………………...…………………..5

## Table of Authorities

**Page(s)**

Treaty

Hague Convention on the Service Abroad of Judicial
and Extrajudicial Documents in Civil and Commercial Matters,
Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638……………………………….…1, 2

Cases

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)…………..2, 3

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002)………....5

*Shenouda v. Mehanna*, 203 F.R.D. 166 (D.N.J. 2001)……………………………..2

*Taveras v. Resorts Int'l Hotel, Inc.*, No. 07-4555 (RMB),
2008 WL 583888 (D.N.J. Feb. 28, 2008)……………………………………….……3

*Water Splash, Inc. v. Menon*, 137 S.Ct. 1504 (2017)………………………………2

Rule

Federal Rule of Civil Procedure 4(f)(3)……………………………………………5

## Table of Authorities

**Page(s)**

Treaty

Hague Convention on the Service Abroad of Judicial
and Extrajudicial Documents in Civil and Commercial Matters,
Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638……………………………….…1, 2

Cases

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)…………..2, 3

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002)………....5

*Shenouda v. Mehanna*, 203 F.R.D. 166 (D.N.J. 2001)……………………………..2

*Taveras v. Resorts Int'l Hotel, Inc.*, No. 07-4555 (RMB),
2008 WL 583888 (D.N.J. Feb. 28, 2008)……………………………………….……3

*Water Splash, Inc. v. Menon*, 137 S.Ct. 1504 (2017)………………………………2

Rule

Federal Rule of Civil Procedure 4(f)(3)……………………………………………5

## INTRODUCTION

More than 40 lawsuits naming 41 separate entities have been transferred into this Multidistrict Litigation ("MDL"), yet many of those entities remain unserved. Still, Defendants have engaged with Plaintiffs on the production of core discovery, master complaints, direct filing and confidentiality protective orders, and the terms for an ESI protocol. Defendants' leadership took these steps despite the fact that some Defendants have not been served with any complaint, and many more have not been served with complaints containing all of Plaintiffs' various types of claims. To construe their cooperation with the Court's pre-service case administration as *constructive* notice to all Defendants or *waiver* of service altogether would be error.

During the April 24th CMC, Plaintiffs represented that they intend to file three master complaints, each covering one of three different types of claims: (1) personal injury; (2) class action economic; and (3) medical monitoring. Defendants will not require each and every complaint to be served pursuant to the Federal Rules of Civil Procedure or the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Convention"). Rather, they propose a reasonable compromise which will minimally burden Plaintiffs while comporting with due process which requires, at a minimum, that Plaintiffs must serve Defendants with one of each type of complaint.

## ARGUMENT

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to [1] apprise interested parties of the pendency of the action and [2] afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "[P]rocess which is a mere gesture is not due process." *Id.* at 315. And a judgment entered absent sufficient service of process upon a defendant violates due process and is void as to the defendant for want of personal jurisdiction. *See id.* at 313.

Foreign defendants sued in the United States are entitled to the same due process protections enjoyed by domestic defendants. *Shenouda v. Mehanna*, 203 F.R.D. 166, 169 (D.N.J. 2001). The Hague Convention is intended "to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time." *See Water Splash, Inc. v. Menon*, 137 S.Ct. 1504, 1509 (2017) (*quoting* Hague Convention, Preamble, 20 U.S.T. at 362).

At this time, no complaint names every Defendant, nor does any complaint convey that this MDL contains (i) personal injury, (ii) medical monitoring, and (iii) class-action economic claims. Plaintiffs contend that service of a single complaint should suffice because the allegations in each are the same, even though "[t]he

request for relief may vary from instance to instance." (CMC Hr'g Tr. at 21). But different requests for relief are no technical matter.

Defendants' proposal will ensure that each Defendant receives notice of the pendency and breadth of the actions against them, consistent with inviolable Constitutional principles. *See Taveras v. Resorts Int'l Hotel, Inc.*, No. 07-4555 (RMB), 2008 WL 583888, at *1 (D.N.J. Feb. 28, 2008). In particular, service of each complaint will apprise the Defendants who have not been served with *any* complaint of the pendency of the MDL and sufficient information to afford them an opportunity to present their objections. Moreover, where the Court has indicated that this MDL will proceed despite the absence of certain Defendants, and that the orders entered and agreements struck in the interim will apply with full force once they are brought into the MDL, Defendants' request would also minimize after-the-fact challenges to those judgments and agreements.

Defendants' proposal further protects against the unnecessary and unwitting expansion of the MDL. If service of any single complaint sufficed, the MDL could be unilaterally expanded to other drugs, other Plaintiffs, and other allegations outside the bounds of this MDL. Requiring service of three complaints that mirror in substance the three claim types Plaintiffs propose to pursue will define the scope of the MDL and communicate this information to all served parties.

3

Plaintiffs' arguments to the contrary are unavailing. They argue, for example, that the Hague Convention does not require service of "one of each type of complaint." (Doc. 80 at 3). This is true – absent an agreed waiver by Defendants, Plaintiffs would have to serve named Defendants with *all of the complaints* – not just one of each type.

Plaintiffs also state that, with respect to Teva Pharmaceutical Industries Ltd. ("Teva Ltd."), service has been perfected via the Hague Convention in a single case, the third-party payer action filed by MSP Recovery Claims Series, LLC ("MSP Recovery"). Plaintiffs contend that service on Teva Ltd. of complaints in personal injury and medical monitoring cases is unnecessary, because the MSP Recovery complaint theoretically could be amended to add the other types of claims. This argument might ring true if Plaintiffs intended to prepare a single master complaint containing all potential claims. But they do not. Plaintiffs intend to prepare three distinct master complaints, each of which will contain a unique set of allegations. Accordingly, a Defendant served with only one complaint has received notice of only one subset of Plaintiffs' allegations against it. This is not sufficient.

Plaintiffs note that, in the *Benicar* litigation, service of any complaint through the Hague Convention discharged the need to serve other complaints. But *Benicar* involved only one type of claim, against a single defendant group, asserted in a single

4

master complaint. This MDL differs substantially, and *Benicar*'s approach would not satisfy due-process standards under the circumstances of this case.

Finally, Plaintiffs note that Rule 4(f)(3) permits the Court to fashion alternative means of serving process. Plaintiffs, however, have not proposed any reasonable alternative *means* of service – they propose dispensing with proper service as to entire categories of claims altogether. "Even if facially permitted by Rule 4(f)(3), a method of service of process [still] must also comport with constitutional notions of due process." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Serving each Defendant with three complaints instead of one will not meaningfully burden Plaintiffs and is necessary for them to bring constitutionally sound litigation. It will ensure that those Defendants currently in the litigation who have received service of some, but not all, types of complaints – as well as those who have yet to be served even once – will be apprised of the full spectrum of claims involved in this MDL.

## **CONCLUSION**

The compromise proposed by Defendants will ensure proper service, respecting the due process rights of each Defendant, without delaying the progress of this litigation. The Court should order Plaintiffs to serve Defendants with one complaint from each type of case – personal injury, class action economic claims, and medical monitoring.

5

Date: May 1, 2019

        **GREENBERG TRAURIG, LLP**

        */s/ Victoria Davis Lockard*
        Lori G. Cohen
        Victoria D. Lockard
        Terminus 200
        3333 Piedmont Rd., NE
        Suite 2500
        Atlanta, Georgia 30305
        Tel: (678) 553-2385
        Fax: (678) 553-2386
        cohenl@gtlaw.com
        lockardv@gtlaw.com

        Brian H. Rubenstein
        1717 Arch Street
        Suite 400
        Philadelphia, PA 19103
        Tel: (215) 988-7864
        Fax: (215) 689-4419
        rubensteinb@gtlaw.com

        *Attorneys for Teva Pharmaceuticals USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2019, I served the foregoing Defendants' Brief on Service of Multiple Complaints on all counsel of record via filing in the CM/ECF system.

                                                      */s/ Victoria Davis Lockard*