# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:* All Actions | No. 1:19-md-2875<br>Hon. Robert Kugler<br>Hon. Joel Schneider |

**PLAINTIFFS' MEMORANDUM REGARDING GENERAL
<u>SERVICE OF PROCESS ON DEFENDANTS</u>**

Plaintiffs submit this Memorandum in response to the Court's order requesting the parties brief the issue of the appropriate method of service to be accomplished on foreign active pharmaceutical ingredient ("API") and finished dose manufacturers named as defendants in this multi-district litigation ("MDL") proceeding. *See* 4/24/19 Hr'g Tr. at 26-27.

Foreign defendants contend they must be served via the Hague Convention with one of each 'type' of forthcoming master complaint. *See id.* at 17. Plaintiffs disagree, and propose a service procedure whereby each foreign defendant will be served via Hague procedures with one complaint of any kind from the MDL (e.g., personal injury case, class action) to satisfy the due process requirement of the U.S. Constitution (to the extent such defendant has not already been served). Outside of the foregoing Hague service on each foreign defendant with one complaint of any kind in this MDL, Plaintiffs further propose that the Court authorize alternative service by email upon defendants' counsel for all other complaints already filed or that will be filed in the future on any defendant (foreign or domestic).

This procedure comports with due process, constitutes a common sense approach that recognizes the unique context of the MDL setting, and is well-supported by the case law and squarely within the discretion of the Court.

## I.   FACTUAL BACKGROUND

Subject to receipt of further information, Plaintiffs understand that there are four foreign API manufacturers that have been named as defendants in this MDL: (1) Zhejiang Huahai Pharmaceutical Co., Ltd. (China); (2) Mylan Laboratories, Ltd. (India); (3) Aurobindo Pharma, Ltd. (India); and (4) Hetero Laboratories, Ltd. (India). Furthermore, there are two foreign finished dose manufacturers: (5) Teva Pharmaceutical Industries, Ltd. (Israel); and (6) Torrent Pharmaceuticals, Ltd. (India). The status of service on each of these foreign defendants is as follows:

- ZHP, having been served with one personal injury complaint and one class action complaint, is not contesting service and concedes Hague service of additional complaints is unnecessary. *See* 4/24/19 Hr.'g Tr. at 16.

- Teva Pharmaceutical Industries, Ltd. has been served via the Hague Convention with a class action complaint. Teva contends it should also be served via Hague procedures with one each of the other two 'types' of forthcoming master complaints (i.e., personal injury and medical monitoring). *Id.* at 16-17, 25-26.

- Mylan Laboratories has not been served, but its parent or affiliate entities accepted service of a class action complaint. Mylan Laboratories contends it must be served via Hague procedures with one of each 'type' of forthcoming master complaints. *Id.* at 16-17, 24-25.

- Aurobindo and Hetero have not been served with any complaint. They contend they should be served via Hague procedures with one each of the 'types' of forthcoming master complaints. *Id.* at 16-17.

- Torrent has agreed to accept service of process on defense counsel in lieu of Hague Service.

Following argument during the April 24, 2019, Case Management Conference, the Court directed each side to submit a five-page memorandum on the issue by May 1, 2019. *Id.* at 26-27.

## II.   LAW AND ANALYSIS

### A. Defendants Need Only Receive Fair Notice of the MDL Proceeding (Not Separate Notice for Each Individual Case Pending Therein)

When a party is potentially subject to liability in a matter, due process requires proper service to ensure that he is made aware of that and given a reasonable opportunity to be heard in the jurisdiction where the matter is pending. *See, e.g.*, *Burnham v. Sup. Ct. of Cal. Cty.*, 495 U.S. 604, 617 (1990); *Mullane v. C. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950). The notice and opportunity-to-be-heard functions of service of process are distinct from the substantive nature of the claims asserted. As the Supreme Court has stated, the "essential purpose [of service of process] is auxiliary, a purpose distinct from the substantive matters in the

precedent . . . [about] who may sue, on what claims, for what relief, within what limitations period." *Henderson v. United States*, 517 U.S. 654, 671 (1990).  The Federal Rules of Civil Procedure reinforce this position inasmuch as they permit claims to relate back as to newly named defendants who had informal notice of the litigation.  *See, e.g.*, *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001); *see also Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 175 (3d Cir. 1977) (new defendant had adequate notice when person by happenstance saw copy of complaint naming both his employer and an "unknown employee" as defendant, which he knew referred to him).

Federal Rule 4(f)(3) further reinforces this.  This Rule provides that service may be effected on foreign litigants "by any means not prohibited by international agreement, as the court orders," notwithstanding the availability of Hague procedures.  Contrary to Defendants' position, Rule 4(f)(3) is not a rule of "last resort" provided other method of service (including Hague service) have failed.  *See, e.g.*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir .2002) ("Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing."); *see also Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) (same); *Hone v. Presidente U.S.A., Inc.*, No. 07-cv-5635, 2009 WL 10690410, at *2 (D.N.J. May 4, 2009) (Ackerman, J.) (alternative service under Rule 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief'") (internal citations omitted)).

Alternative forms of service are appropriate when they are "reasonably calculated to give actual notice" of the pendency of the action.  *Milliken v. Meyer*, 311 U.S. 457, 463 (1940); *see also Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (same cost-benefit considerations applied in service analysis).  Courts should consider: (1) whether the proposed service method is reasonably

calculated to give actual notice; (2) the circumstances of the particular litigation, *Greene v. Lindsey*, 456 U.S. 444, 451 (1982) (instructing lower courts to take into account the "realities of the case"); and (3) the availability of alternative reliable cost-effective forms of service.

Plaintiffs' proposed method of service – service of one complaint of any kind via the Hague Convention, and email service to defense counsel thereafter – satisfies all three factors. First, Hague service of one complaint will ensure all foreign defendants are on "actual notice" of this MDL litigation. Indeed, most if not all are already on notice of this litigation.[1]

Furthermore, proper service of one complaint in the MDL – whether conducted through the Hague Convention or domestically where available[2] (as with service on ZHP via its corporate officer who resides in New Jersey) – will place defendants on notice of the MDL docket in its entirety and the various causes of action asserted against that defendant in the consolidated cases.[3] *See In re: Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. 09-md-2047, Dkt. No. 19713 (E.D. La.) (finding that alternative service can be appropriate considering the "unique" context of the MDL setting). Under no construction of due process or Rule 4 is the starting point of this analysis an imposition to formally serve each and every complaint in the MDL formally through Hague procedures, as suggested by counsel for Mylan. Indeed, service of two, three or

---

[1] Common sense would suggest that Defendants Aurobindo and Hetero are also on "actual notice" of this MDL proceeding since their wholly-owned U.S. affiliates' counsel appeared and spoke at the April 24, 2019 Case Management Conference.

[2] Counsel for Mylan and Teva suggested that foreign defendants have a constitutional right to be served through the Hague Service Convention. Nothing in the due process jurisprudence mandates Hague service; indeed, the case law and Rule 4 state explicitly that foreign defendants can be served domestically. *See Volkswagenwerk Aktiengelleschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("The only transmittal to which the [Hague] Convention applies is a transmittal abroad that is required as a necessary part of service.").

[3] Counsel for Mylan incorrectly suggested to the Court at the April 24 hearing that service of one complaint would not be enough because the defendant would have to speculate as to other causes of action; speculation is in no way necessary when defendants' counsel can easily access each case docket consolidated in the MDL through PACER.

twenty different complaints in this MDL no more places a foreign defendant on notice that it needs to appear before this Court to defend itself than one complaint.

### B. Service By Email to Defense Counsel of Remaining Complaints Is Appropriate

Undoubtedly, service of remaining complaints (after Hague service on foreign defendants of any one complaint) by email service on defense counsel (for foreign and domestic defendants) is the most "reliable cost-effective" form of service here. Formal Hague service of one complaint on each foreign defendant meets the constitutional requirements by placing the defendant on "actual notice" of the MDL proceeding and cases subsumed therein in a manner that comports with fair play and substantial justice. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 538 (N.D. Cal. 2010) (stating that circumstances of case where defendant had appeared through U.S. counsel and was on actual notice of the MDL proceeding warranted alternative service through defendant's U.S.-based counsel); *see also In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No.1917, No. 07–5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing service on foreign defendants through U.S. subsidiaries and domestic counsel); *In re LDK Solar Sec. Litig.*, C No. 07–5182 WHA, 2008 WL 2415186 at *2 (N.D. Cal. June 12, 2008) (authorizing service on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting "[s]ignificantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

Furthermore, Plaintiffs' proposed service procedure is reasonably sufficient given the realities of this MDL setting where the personal injury, medical monitoring, and economic damages claims are all based on a shared set of basic facts (the contamination of defendants' valsartan products). Nothing more is required from a constitutional standpoint.

Dated: May 1, 2019                                    Respectfully Submitted,

*/s/ Ruben Honik*                                     */s/ Adam Slater*
Ruben Honik                                           Adam Slater
Golomb & Honik                                        Mazie Slater
1835 Market Street, Ste. 2900                         103 Eisenhower Pkwy, 2nd Flr.
Philadelphia, PA 19103                                Roseland, NJ 07068
Phone (215) 985-9177                                  Phone (973) 228-9898
rhonik@golombhonik.com                                aslater@mazieslater.com

*/s/ Daniel Nigh*                                     */s/ Conlee Whiteley*
Daniel Nigh                                           Conlee Whiteley
Levin, Papantonio                                     Kanner & Whiteley, LLC
316 South Baylen Street                               701 Camp Street
Pensacola, FL 32502                                   New Orleans, LA 70130
Phone: (850) 435-7013                                 Phone: (504)-524-5777
dnigh@levinlaw.com                                    c.whiteley@kanner-law.com

*Proposed Co-Lead Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was served this 1st day of May, 2019, on all counsel of record via the CM/ECF system of the United States District Court for the District of New Jersey.

*/s/ David J. Stanoch*
David J. Stanoch
