# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875 <br><br> Honorable Robert B. Kugler, District Court Judge <br><br> Honorable Joel Schneider, Magistrate Judge |

### AGENDA FOR MAY 8, 2019 STATUS CONFERENCE

The parties hereby submit this joint agenda in advance of the May 8, 2019 Status Conference.

1. **Foreign Service Issues.**

   *Plaintiffs' Position:*
   Plaintiffs and Mylan have agreed that the foreign Mylan entity (Mylan Laboratories, Ltd. in India) will be served through the Hague Convention with one complaint of any kind (or as otherwise ordered), in exchange for their agreement that the foreign entity will participate in Core Discovery pending service. *See* ECF 93.

   The parties have each submitted their five-page memoranda as to whether Plaintiffs will be required to serve one complaint of any kind against each foreign entity or whether they will have to serve one complaint in each category of cases against each foreign entity. *See* ECF 89, 92. One practical impact of this decision is that if Plaintiffs are required to serve one complaint in each category of cases, then the Israeli entity Teva Pharmaceutical Industries Ltd.will assert that it has not been served for multiple categories of cases (to date, the Israeli Teva entity has been served with one class complaint via Hague service), and service of one of each category of complaint through the Hague will be required for this defendant as well, which will create unnecessary inefficiency and delay.

   *Defendants' Position:*

The Israeli entity, Teva Pharmaceutical Industries Ltd., will not be contesting that it has been served in one class case, *MSP Recovery Claims Series LLC v. Teva Pharmaceuticals USA, Inc., et al.* (the "MSP Recovery" case), and agrees that under Defendants' proposal, Plaintiffs would be required to serve it, as well as all of the other Defendants who have not yet been served in one of each type of case, in one personal injury and one medical monitoring case. However, through counsel, Teva Pharmaceutical Industries Ltd. has agreed to participate in core discovery and is negotiating with Plaintiffs on terms of numerous potential orders, as outlined more fully in the Defendants' Brief on Service of Multiple Complaints.

Service in the manner Defendants propose will ensure that parties who have been served in some, but not all, types of cases receive constitutionally adequate notice of the claims against them, and protect the interests of parties who are currently participating in this litigation despite not having been served with a single complaint pursuant to the Hague Convention.

2. **Streamlined Service Protocol.**

*Plaintiffs' Position:*
Plaintiffs are exploring the option of setting up a portal that will not only assist with the service of PPFs, but will also assist with serving individual complaints. In *Benicar*, the parties worked out a streamlined service protocol wherein each defendant was served by email. Given the number of defendants in this litigation, however, Plaintiffs believe that the usage of a portal for service of complaints will be more practical and efficient for all parties. In either case, it is important for Defendants to confirm that they will accept service either by email, or through a portal.

*Defendants' Position:*
Defendants received Plaintiffs' proposal for a streamlined service process on May 6 and will consider the proposal.

3. **ESI Protocol.**

*Plaintiffs' Position:*
Defendants provided their redline of the ESI Protocol on May 3, 2019. However, Defendants did not respond to Plaintiffs' requests for information related to ESI. Further, Defendants advise that the May 3rd redline may not actually contain all of their concerns or issues since all defendants have apparently not given input. Defendants' extensive edits to the Protocol are also a concern as there are numerous changes that Plaintiffs cannot accept, including changes to provisions that were approved by this Court in the

DM1\9584692.1

*Benicar* MDL. Plaintiffs responded on Monday, May 6, agreeing to begin speaking immediately. Plaintiffs believe that the only way this process will proceed expeditiously and get resolved at the May 29, 2019 CMC will be through a Court Order directing the Defendants to provide substantive responses to Plaintiffs' ESI-related written information requests, and to meet and confer (with their representatives to have authority to bind all Defendants) beginning almost immediately on the open requests for information, and any disputed provisions of the Protocol.

*Defendants' Position:*

Defendants evaluated Plaintiffs' proposed ESI Protocol and, finding it largely acceptable, returned a redline to Plaintiffs on May 3, 2019, raising Defendants' relatively minor concerns. Where Defendants saw potential issues with Plaintiffs' proposal, they endeavored to restore comparable language from the *Benicar* litigation. Defendants have proposed multiple dates to meet and confer this week, and will continue to work with Plaintiffs to resolve any disagreements. Defendants fully expect the parties to be in the position at the May 29, 2019 Status Conference to identify any and all then-outstanding issues, as the Court has directed.

With regard to "Plaintiffs' requests for information related to ESI," Plaintiffs are not referring to the ESI Protocol, but rather, to a cover letter in which they presented a number of interrogatories and wide-ranging document discovery requests. The requests – sent at the same time that the parties were litigating the core discovery issues -- demanded information that in many instances duplicated their core discovery requests and in other instances had already been rejected by the Court as beyond the scope of appropriate discovery at this early, pre-Master Complaint stage (*e.g.*, "all litigation hold letters and notices applicable to the Valsartan products at issue, draft and final, for all defendants"). The Court has issued an order setting forth with precision the specific items and information that are appropriately discoverable at this early stage. Plaintiffs may not repackage their discovery requests as seeking "information related to ESI" to circumvent or unilaterally expand that ruling. Defendants made this point clear during the parties' meet-and-confer on April 22, 2019. Moreover, none of the requests seek information necessary to resolve the parties' differences as to any of the issues raised in the competing draft ESI Protocols.

4. **Defendant Dismissal Stipulation.**

*Plaintiffs' Position:*

Plaintiffs have provided a proposed Dismissal Stipulation to Defendants on May 3rd, listing the disclosures that smaller defendants, (i.e. re-packagers and small pharmacies), would provide to Plaintiffs in return for Plaintiffs' agreement to dismiss qualifying Defendants without prejudice with the goal to prevent new suits against these defendants, all subject to a tolling agreement. Plaintiffs are awaiting Defendants' response.

DM1\9584692.1

*Defendants' Position:*

Defendants received Plaintiffs' proposed Stipulation on Friday, May 3, 2019, and are reviewing it presently. Setting aside the specifics of Plaintiffs' proposal, Defendants identify as a threshold issue that any dismissal pursuant to this process should be initiated at the time that the affected Defendant provides the agreed information. Plaintiffs describe their proposal as a process by which certain, smaller Defendants would provide agreed disclosures in exchange for their dismissal. But Plaintiffs' proposal provides that upon receiving such disclosures, Plaintiffs will only *consider* whether to dismiss the affected Defendant. Plaintiffs' proposal, therefore, is one-sided and inefficient and amounts to nothing more than yet another round of premature discovery.

The contemplated dismissal, in any event, will be without prejudice. Dismissal at the point that information is exchanged, rather than after Plaintiffs review the information, ensures that the burden on minor Defendants is appropriately minimized while also facilitating the exchange of information that will ultimately lead to efficient resolution of this litigation.

5. **Plaintiff Profile Form.**

*Plaintiffs' Position:*

Prior to the last CMC, Plaintiffs served their redline edits regarding the Plaintiff Profile Form for Personal Injury Plaintiffs, last week Plaintiffs served their redline edits to the Defendants' proposed Consumer Class Plaintiff Profile Form, and have also served their proposal for the TPP Profile Form. Defendants have not sent responses other than to identify two apparently disputed issues. Plaintiffs disagree that the initial Profile Forms should be verified by the plaintiffs. Plaintiffs propose that this be provided by counsel, and disagree with the inclusion of an order to show cause/sanctions mechanism in the Profile Forms. If the failure to timely serve Profile Forms becomes an issue that can be addressed if and when that time comes.

*Defendants' Position:*

The parties generally have agreed to use three versions of a Plaintiff Profile Form, each tailored to the type of case – personal injury, consumer class action, or third-party payer. Defendants received Plaintiffs' redlines to the last of these three forms on May 5, 2019, and Defendants anticipate responding to Plaintiffs' edits on all three forms by the end of this week. The parties will continue to work towards an agreement on the content of the forms, with the understanding that any disputes will be resolved at the May 29th discovery conference.

There are two procedural issues, however, that we would like to raise with the Court at this time. First, Defendants assert that the Plaintiff Profile Forms should be verified by all

Plaintiffs in order to ensure complete and accurate responses. The benefit to the Court and all counsel of ensuring that Plaintiffs engage and provide complete and accurate responses well outweighs any slight burden imposed on Plaintiffs' counsel in obtaining such verifications. Second, Defendants assert that Plaintiffs should be required to produce their supporting product ID and proof-of-injury documents within 30 days of submitting the Plaintiff Profile Form and that Plaintiffs who fail to provide the required documentation should have their cases reviewed for a potential dismissal at a show-cause hearing. Defendants submit that such a show-cause process will allow the Court and the parties a timely and efficient process for addressing any deficiencies and will reduce the need for motions practice over such Profile Forms.

6. **Protective Order.**

*Plaintiffs' Position:*
Plaintiffs provided their redline of Defendants' proposed Protective Order on April 30, 2019, and are awaiting Defendants' response.

*Defendants' Position:*
Per the Court's request, the parties have exchanged revisions to a draft Confidentiality and Protective Order, which is largely based on the order this Court approved in Benicar. A number of disputes remain regarding certain provisions. For example, one important dispute remains as to the process of challenging confidentiality designations. Defendants maintain that documents designated as confidential should remain protected unless or until the Court rules otherwise, and that a mere challenge to the designation made by Plaintiffs should not automatically operate to de-designate those materials in the absence of a motion or ruling by the Court. Such a process presents an unnecessary threat of loss of protection to Defendants' proprietary and confidential materials. The parties are continuing to meet and confer over this and other remaining issues. The parties anticipate presenting competing versions of their proposed Confidentiality and Protective Order to this Court if agreement cannot be reached.

7. **Document Repository.**

*Plaintiffs' Position:*
Plaintiffs are continuing to vet document repository companies and expect to have a decision by the end of the month.

*Defendants' Position:*

Defendants are vetting document repository companies for coordination of Defendants' discovery productions.

8. **Coordination With State Courts.**

*Plaintiffs' Position:*

Plaintiffs are in contact with the law firms who are known to have filed two cases in New Jersey Superior Court – Middlesex County. Defendants have listed the cases and presiding judges below.

*Defendants' Position:*

Defendants believe that any matter asserting claims that are substantively similar to the claims pertaining to valsartan in this litigation should be coordinated with this MDL, and respectfully requests the Court's guidance and assistance in such coordination as to the matters below and any similar matters that may be filed.

Allowing these litigations to proceed without any coordination may result in inconsistent judgments, prejudice to the Defendants, costs, delays, and duplication of effort. *See id.* at 11:9-11 ("I can't imagine why [discovery] would be different, but there's no sense in doing it twice."). It is well recognized that coordination of related litigation may be used to avoid these complications. Manual for Complex Litigation (Fourth) § 20.31; *see also id.* at § 22.4 (federal and state judges "frequently coordinate informally and effectively to coordinate discovery and pretrial proceedings in mass tort cases."); *In re Diet Drugs Prods. Liability Litig.*, MDL No. 1203, 1999 WL 124414, at *1 (E.D. Pa. Feb. 10, 1999) ("state/federal coordination of discovery and other pre-trial activities will be in the best interest of the parties named in the cases under their respective jurisdictions, as well as the public interest where it is affected by those cases."). Indeed, Judge Kugler has already expressed a desire to coordinate with judges presiding over related cases outside of this MDL. *See* Tr. of Apr. 24, 2019 Status Conference at 10:15-17.

There are currently four related cases that are not coordinated with this MDL. These cases are:

- *Runo v. Prinston Pharmaceutical Inc.*, No. MID-L-000856-19 (N.J. Super.):

  This valsartan personal injury matter is pending before the Honorable Michael V. Cresitello, Jr. in the Superior Court of New Jersey, Middlesex County Vicinage. On March 20, 2019, Defendants moved to dismiss the complaint.

  The parties in *Runo* have agreed to consolidate the case with *Orlowsky*, discussed below. The *Runo* Defendants are also pursuing an agreement with Plaintiffs to coordinate discovery with this MDL.

- *Orlowsky v. Solco Healthcare U.S., LLC*, No. MID-L-0002554-19 (N.J. Super.):

This valsartan personal injury matter is pending before the Honorable J.R. Corman in the Superior Court of New Jersey, Middlesex County Vicinage.

The parties have agreed to consolidate this case with *Runo v. Prinston Pharmaceutical*, discussed above. The *Orlowsky* Defendants are also pursuing an agreement with Plaintiffs to coordinate discovery with this MDL.

- *Collins v. Prinston Pharmaceutical Inc.*, No. 3:19-cv-00415 (S.D. Cal.):

  This valsartan economic loss class action was removed from state court and is currently pending before the Honorable Larry Alan Burns in the Southern District of California. On March 1, 2019, Defendants filed a notice of removal. On April 1, 2019, Plaintiffs filed a motion to remand, which Defendants opposed. That motion is still pending before the Court.

- *Shanov v. Walgreens Co.*, No. 2018-CH-15872 (Cook Co. Cir. Ct., Illinois):

  This valsartan economic loss class action is pending before the Honorable Eve Reilly in the Circuit Court of Cook County, Illinois. Defendants moved to join diverse defendant Solco US, LLC on February 20, 2019. Defendants anticipate removing this case to federal court and transferring it to this MDL.

The following chart provides contact information for the judges overseeing cases outside of the District of New Jersey:

| Action | Judge | Contact Information |
|---|---|---|
| *Collins v. Prinston Pharmaceutical Inc.*, No. 3:19-cv-00415 (S.D. Cal.) | Honorable Larry Alan Burns | James M. Carter and Judith N. Keep U.S. Courthouse 333 West Broadway, Suite 1410 San Diego, CA 92101 (619) 557-5874 |
| *Shanov v. Walgreens Co.*, No. 2018-CH-15872 (Cook Co. Cir. Ct., Illinois) | Honorable Eve Reilly | Courtroom 2405 – Daley Center 50 W. Washington Street Chicago, IL 60602 (312) 603-3343 |
| *Runo v. Prinston Pharmaceutical Inc.*, No. MID-L-000856-19 (N.J. Super.) | Honorable Michael V. Cresitello, Jr. | Middlesex County Courthouse 56 Paterson Street, PO Box 964, 3rd Floor New Brunswick, NJ 08903-0964 (732) 645-4300 ext. 88310 |

7

| | | |
|---|---|---|
| *Orlowsky v. Solco Healthcare U.S., LLC*, No. MID-L-0002554-19 (N.J. Super.) | Honorable J.R. Corman | Middlesex County Courthouse<br>56 Paterson Street, PO Box 964, 2nd Floor<br>New Brunswick, NJ 08903-0964<br>(732) 645-4300 ext. 88260 |

Dated: May 7, 2019

/s/Adam M. Slater

Adam M. Slater, Esquire
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, NJ  07068
Tel: 973-228-9898
Fax: 973-228-0303
Email: aslater@mazieslater.com

/s/ Seth A. Goldberg

Seth A. Goldberg
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
Tel: 215-979-1175
Fax: 215-689-2198
Email: sagoldberg@duanemorris.com

DM1\9584692.1