**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

<table>
<tr>
<td>

**IN RE: VALSARTAN**
**PRODUCTS LIABILITY LITIGATION**

**This Document Relates to All Actions**

</td>
<td>

MDL No. 1875

Honorable Robert B. Kugler,
District Judge

Honorable Joel Schneider,
Magistrate Judge

</td>
</tr>
</table>

**JOINT FILING REGARDING ESI PROTOCOL**

As described in the Agenda for May 29, 2019 Case Management Conference (ECF 107), the parties have reached near agreement on an ESI Protocol.  At this point, four narrow issues remain, which the parties briefly identify below, in addition to one issue as to which the parties simply would like to make a record.  Attached as Exhibit 1 is the current draft ESI Protocol.  The draft's original language reflects Defendants' proposal, whereas the redlined language reflects Plaintiffs' proposals as to the four remaining issues.

**TABLE OF ISSUES**

| |
|---|
| **Issue 1**: Whether documents submitted in connection with Plaintiff Fact Sheets should, at this stage, be presumptively exempt from the ESI Protocol. <br> **Location: Page 15, Section IV.D** |

| **Plaintiffs' Position**:  As was the case in Benicar, documents submitted in conjunction with a Plaintiff Fact Sheet, such as an individual plaintiffs' medical and pharmacy records, are typically not subject to production in conformity with an ESI protocol in MDL litigations.  These records are typically scanned hardcopy documents consisting of only a few hundred pages, at most, per plaintiff, and there is no benefit to | **Defense Position**: The parties have agreed that documents submitted in connection with the Defendant Dismissal Stipulation and Plaintiff Profile Forms will be presumptively exempt from compliance with the ESI Protocol.  However, because the parties have not even begun negotiating the contents of Plaintiff Fact Sheets, much less the universe of documents that might be required to be produced in connection with them, |
|---|---|

| | |
|---|---|
| having them subject to the ESI protocol, while placing an undue cost burden on such productions. Plaintiffs' redlines allows defendants, if they later believe they need a certain category of plaintiffs' documents (e.g. third-party-payors) to produce in conformity with the protocol, to so request, eliminating any prejudice to them. | Defendants cannot agree at this time to a presumption that those documents will be exempt from the ESI Protocol. Defendants will, of course, meet and confer with Plaintiffs regarding this issue at the appropriate time. |

**Issue 2**: The use of categorical privilege logs.

**Location**: Page 17, Section V.A

| | |
|---|---|
| **Plaintiffs' Position**: Plaintiffs are entitled to full privilege logs where each document is identified individually. Categorical privilege logs, that simply state X number of documents have been withheld for a particular basis, without identifying those documents, are not sufficient for plaintiffs to be able to properly evaluate and challenge privilege where necessary.<br><br>Regardless of the type of log they produce, defendants still have the burden of internally identifying and reviewing each document they seek to withhold and determining the reason for which they seek to withhold it. The only reduction in burden that a categorical log allows is the listing of each such document individually on a log. Where, as here, defendants are using document review software to review and withhold documents, the additional burden of producing a document by document log should be minimal. | **Defense Position**: Numerous authorities increasingly recognize that categorical privilege logs can be more efficient than the traditional document-by-document privilege log. *See, e.g.*, 2 N.J. Prac., Court Rules Annotated R 4:104-5 (2019 ed.) ("The preference in the CBLP is for the parties to use categorical designations, where appropriate, to reduce the time and costs associated with preparing privilege logs."); S.D.N.Y. Local Civil Rule 26.2(c) ("[W]hen asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by this rule by group or category."); 22 N.Y.C.R.R. § 202.70(g), Rule 11-b(b) (same); Sedona Conference Commentary on Protection of Privileged ESI, *available at* https://thesedonaconference.org/download-publication?fid=558 (Comment 4(a): "Producing parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for the identification and logging of ESI"; Comment 4(b): "Parties should cooperate to reduce the burdens and costs associated with the identification, logging, and dispute resolution relating to the assertion of privilege with respect to the review of ESI.").<br><br>Defendants believe the parties can agree, at a minimum, to meet and confer regarding whether categorical logs may be appropriate |

| | in this litigation, and that Plaintiffs should consider such proposals in good faith. |
|---|---|
| **Issue 3: Logging attorney-client communications / work product created after the start of the litigation.** <br><br> **Location: Page 17, Section V.A** | |
| **Plaintiffs' Position**:  This litigation continues to evolve, with new recalls and new regulatory investigations and actions continuing to occur.  Under such circumstances, Defendants' proposal that no documents subsequent to the start of the litigation be logged for privilege significantly prejudice's plaintiffs' ability to properly evaluate and challenge privilege where necessary. <br><br> Plaintiffs' proposed compromise, to allow non-logging of documents solely between outside counsel (given the number of defendants), or outside counsel and in-house counsel, already represents a significant concession and addresses the majority of post-litigation privileged communications that defendants would have to otherwise log. <br><br> Defendants' proposed language that the document be related "solely to the defense of this litigation" is simply too broad and ambiguous.  For example, a document concerning an internal investigation conducted after onset of the litigation could be interpreted as being related solely to the defense of the litigation, and by failing to even log such document, plaintiffs would be unable to know of its existence or to challenge privilege. | **Defense Position**:  The parties agree that certain attorney-client communications and/or attorney work product dated after the start of this litigation need not be logged.  They disagree, however, as to the scope of that exemption. <br><br> Plaintiffs' proposal is unreasonably narrow. *First*, Defendants are not likely to possess communications "solely between outside counsel."  *Second*, exempting only communications between outside counsel and in-house counsel creates unnecessary effort to log, *e.g.*, attorneys' efforts to collect documents or schedule depositions with non-lawyers at their client corporations. <br><br> Defendants believe that the parties' interests are adequately protected by exempting documents (a) dated after the start of the litigation, and (b) relating "solely to the defense of this litigation," as is routinely agreed to in similar litigation.  *See, e.g., In re Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740, Dkt. 611-1 at 19; *In re Syngenta AG Mir162 Corn Litigation*, MDL 2591, at 13–14. |
| **Issue 4: Whether Defendants must identify each product at issue in a document withheld or redacted as non-responsive because it relates to "Other Products."** <br><br> **Location: Page 19, Section V.B** | |
| **Plaintiffs' Position**:  Defendants seek to withhold from or redact document families | **Defense Position**:  The parties agree that certain documents containing information |

which are otherwise relevant on the basis that some portion of them relate to products which defendants believe to be irrelevant.  In order for plaintiffs to properly evaluate such claimed non-relevance, however, plaintiffs need to have an understanding of what these other products are.

For example, if a document related to a different drug or API that was also recalled for contamination, and that could potentially have relevant information concerning the manufacturer's practices, without the requested identifying information, plaintiffs would be unable to challenge the document's possible relevance.

related to Defendants' other products – *i.e.,* products that are not at issue in this litigation – may be redacted or withheld as non-responsive.  Defendants have agreed to identify these documents as "Redacted – Other Product(s)" or "Withheld – Other Product(s)"; to provide Plaintiffs with logs of all redacted documents; and to provide Plaintiffs with the metadata for every document withheld on this basis.  But it is impractical and unnecessarily burdensome to require Defendants also to identify each and every product at issue in each and every one of those documents.

For example, Defendants know from experience that there will be responsive spreadsheets containing sales data that may list dozens or hundreds of products, only a few of which are at issue in this litigation.  To require that these be identified by each, individual product name would be exceedingly burdensome and unnecessary.

**Issue 5**: **Purpose of the threshold for native production of foreign language documents.**

**Location**: **Page 6, Section III.A.5**

**Plaintiffs' Position**:  Plaintiffs believe the purpose of the threshold is to exclude documents from this provision where the foreign language content is ancillary to the substance of the document (e.g., the foreign language appears just in letterhead, a signature line, or consists of just a few words in an otherwise English language document).  The threshold should not be used as a method for effectively removing from the native production documents where the foreign language constitutes content of a substantive nature.  Plaintiffs would appreciate the Court's guidance regarding the parties' respective positions regarding the purpose of the eventual threshold.

**Defense Position**:  The parties have agreed that documents containing a to-be-determined threshold of foreign language content will be produced in native format.  The parties will meet and confer regarding an appropriate threshold after producing parties have had an opportunity to analyze their respective data sets and the documents that would be subject to this arrangement.

At this time, the parties do not require the Court's resolution of any issue regarding the ESI Protocol's foreign language provision.  They simply wish to make a record of their respective positions regarding the purpose of the eventual threshold.

| | Defendants believe the purpose of the threshold is to ensure that the set of foreign-language documents ultimately produced in native format is proportional to the needs of the case, after the producing parties have had an opportunity to analyze their respective data sets and attendant burden. |
|---|---|

Dated: May 28, 2019

/s/ Enbar Toledano_____
Enbar Toledano
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: 202-719-4513
Fax: 202-719-7049
Email: etoledano@wileyrein.com

/s/ Behram V. Parekh_____
Behram V. Parekh
Kirtland & Packard LLP
1638 South Pacific Coast Hwy
Redondo Beach, CA 90277
Tel: 310-536-1000
Fax: 310-536-1001
Email: bvp@kirtlandpackard.com

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served this 28th day of May, 2019 on all counsel of record via the CM/ECF system of the United States District Court for the District of New Jersey.

/s/ Enbar Toledano
Enbar Toledano