UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN<br>PRODUCTS LIABILITY LITIGATION | Master Docket No.<br>1:19-md-2875 (RBK)(JS) |
| *This Document Applies To All Cases* | **ORDER** |

### CASE MANAGEMENT ORDER No. 9

### (SERVICE THROUGH MDL CENTRALITY – STIPULATED)

The Parties have agreed to accept online submission and service of Short Form Complaints, Fact Sheets, and Related Documents (such as verifications, authorizations, medical records, pharmacy records, insurance records, employment records, and other third-party plaintiff specific records) in actions filed in or transferred to MDL No. 2875, and in the interest of efficiency and judicial economy,

IT IS HEREBY ORDERED that:

**1.** *Manner of Completion and Service of Short Form Complaints Fact Sheets, and Related Documents.* Plaintiffs and Defendants shall use the online MDL Centrality System designed and provided by BrownGreer PLC and accessible at www.mdlcentrality.com/valsartan to complete and serve Short Form Complaints Fact Sheets, and Related Documents, as follows:

(a) Each Plaintiff who files a complaint in or has an action transferred to this MDL, shall, by counsel or as *pro se*, establish a secure online portal in the MDL Centrality online system and obtain authorized user names and secure login passwords to permit use of MDL Centrality by such counsel or Plaintiff. Except as set forth herein, Counsel for a Plaintiff or each *pro se* Plaintiff shall be permitted to view, search and download on MDL Centrality only those materials submitted by that Plaintiff and by Defendants relating to that Plaintiff, and not materials submitted by or relating to other Plaintiffs. A one time charge of $25 shall be charged to Plaintiff or Plaintiff's counsel by MDL Centrality for each Plaintiff registered with MDL Centrality at the time of first service of any materials via MDL Centrality for that Plaintiff.

(b) Each Defendant shall, by counsel, establish a secure online portal with the MDL Centrality online system and obtain authorized user names and secure login passwords to permit use of MDL Centrality by Defendants' counsel. Except as set forth herein, each Defendant and their respective counsel shall be permitted to view, search and download on MDL Centrality only those materials specifically served on that Defendant, and not materials submitted by or

relating to other Parties, nor any other materials that may be contained in MDL Centrality but not served on that Defendant.

(c) The Plaintiffs' and Defendants' Executive Committee and Attorney Designees Appointed by the Plaintiffs' and Defendants' Executive Committee, shall have access to and be able to view, search and download all materials served by all Plaintiffs and by all Defendants, subject to the provisions of the Discovery Confidentiality Order.

(d) Each Plaintiff and Defendant shall use the MDL Centrality System to obtain, complete or upload data, and serve appropriate Short Form Complaints and Fact Sheets (including the upload of PDFs or other electronic images, photographs and videos of any records required in the Fact Sheets), and Related Documents subject to the provisions of the Discovery Confidentiality Order. Regardless of the manner in which a Short Form Complaint or Fact Sheet was completed, each shall be served as a PDF document.

(e) Service of a Short Form Complaint or Fact Sheet, or Related Document through MDL Centrality shall be deemed to occur when the submitting party has performed each of the steps required by the MDL Centrality System to execute the online submission of the materials, and the submitting party has received confirmation on screen that the materials have been successfully submitted. The records maintained by MDL Centrality concerning service shall be presumed authoritative for purposes of establishing service. Service of a Short Form Complaint in this manner shall be deemed effective service under Fed. R. Civ. P. 4.

(f) Service of a Short Form Complaint through MDL Centrality may not be possible for every Defendant listed by a Plaintiff on a Short Form Complaint. In that case, a Plaintiff must serve any Defendant who cannot be served via MDL Centrality by service of process authorized under Fed. R. Civ. P. 4.

(g) If a party must amend a previously served Short Form Complaint or Fact Sheet, all subsequent versions must be named accordingly (i.e. "First Amended Fact Sheet", "Second Amended Fact Sheet", etc.), and all iterations of a Party's Fact Sheet must remain available and accessible to all Parties to a case through trial, appeal (if any), or other resolution of the litigation.

(h) The Court may establish a secure online portal with the MDL Centrality online system and obtain an authorized user name and secure login password to permit use of MDL Centrality by the Court for access to reports and data regarding the Fact Sheets served through MDL Centrality.

**2. *HIPAA Authorization.*** By using MDL Centrality, each Plaintiff authorizes the disclosure of his or her medical records and other health information submitted as part of the Fact Sheet to BrownGreer PLC as the administrator of the MDL Centrality System, the Court, Plaintiff Leadership and Defendants, and to the authorized agents, representatives and experts of the foregoing, for purposes of this litigation.

2

3. *No Impact on Privileges or Work Product Protection.* The use of MDL Centrality by any party shall not alter or otherwise waive or affect any attorney-client privilege or work product doctrine protection otherwise available that would otherwise apply to a document in the absence of the use of MDL Centrality. Any notations placed on materials, comments entered, or documents stored or uploaded to MDL Centrality by a user shall be considered to be the work product of such user unless and until the material is served on or purposefully disclosed to the opposing party through the use of MDL Centrality or otherwise. Pursuant to Rule 502(d) of the Federal Rules of Evidence, this order with respect to privilege and work product doctrine protection applies to any other federal or state proceeding, and the use of MDL Centrality in this litigation therefore shall not constitute a waiver in another federal or state proceeding as to any document.

4. *No Impact on the Scope of Discovery.* Nothing in the Short Form Complaints Fact Sheets, Related Documents, or any use or action in MDL Centrality shall be deemed to limit the scope of inquiry at depositions and/or admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure and the admissibility of information shall be governed by the Federal Rules of Evidence and applicable law. No objections or rights are waived as a result of any response in a Fact Sheet and Related Documents.

6. *ECF Notifications.* The Clerk of Court shall execute the steps necessary to include BrownGreer PLC as the MDL Centrality Administrator as an interested party for purposes of receiving emailed ECF notifications related to this matter.

IT IS SO ORDERED.

Dated: June 19, 2019

HON. JOEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE

3