UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN**<br>**PRODUCTS LIABILITY LITIGATION**<br><br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler,<br>District Court Judge<br><br>Honorable Joel Schneider,<br>Magistrate Judge |

**DEFENDANTS' POSITION STATEMENT FOR**
**JULY 10, 2019 TELEPHONIC STATUS CONFERENCE**

**1. Short Form Complaint**

The parties met and conferred on June 24th and again on July 2nd, 2019, after Defendants received Plaintiffs' responsive edits to Defendants' redline of Plaintiff's Short Form Complaint draft. While the parties have reached general agreement in large part, there are two issues that require the Court's guidance prior to finalization of the draft.

First, Defendants maintain that the Short Form Complaint should require that the circumstances supporting the fraud and express warranty claims be pleaded with particularity as required by Rule 9(b), as these claims will necessarily be based on individual factual allegations which cannot be captured by the Master Complaint. Plaintiffs have objected to Defendants' request.

Second, Defendants object to the manner and means by which Plaintiffs have bundled the various Defendants into "prix fixe" groupings. For example, Plaintiffs have bundled and incorrectly labeled as "Related Defendants" certain API manufacturers with finished dose manufacturers, along with certain distributors and repackagers, despite many of these entities being separate and distinct entities in the supply chain. While Defendants appreciate that Plaintiffs have attempted to organize various entities together by supply chain based on available information, the current permutations are not accurate or acceptable to Defendants and may lead to confusion, over-inclusion and misnaming of Defendants, particularly as individual cases may pertain to different drugs. Defendants agree that some manner of grouping may be beneficial to all parties, and the parties are working to reach some resolution. If no other agreement can be reached then Defendants propose that the Defendant entities be listed alphabetically and organized by category (API manufacturer, finished dose manufacturer, distributor, repackager, retailer, etc.).

2. **Plaintiff Fact Sheets**

The parties continue to meet and confer regarding the Plaintiff Fact Sheets. Defendants received Plaintiffs' redlined draft of the Personal Injury Plaintiff's Fact Sheet on Sunday, July 7th, and are in the process of reviewing. Defendants are amenable to having a separate fact sheet for consumer class representative and medical monitoring plaintiffs, as Plaintiffs have proposed, but believe the proof-of-use information provided therein must be robust and should mirror the proof-of-use information required of the personal injury plaintiffs. Defendants have not received a redlined response to their Third Party Payer Plaintiff's Fact Sheet.

Defendants anticipate that following further meet and confers the parties will be in position to present outstanding disputes in position letters to the Court ahead of the July 24th Case Management Conference so that any remaining issues can be decided by the Court at that time.

3. **Defendant Dismissal Forms**

The parties continue to meet and confer regarding the Defendant Dismissal Stipulation. Discussions were somewhat delayed by the July 4th holiday, but the parties had a further meet-and-confer yesterday. Defendants are concerned that Plaintiffs may be retreating from their earlier position that they were willing to dismiss the peripheral defendants, but continue to negotiate in good faith.

4. ***Runo v. Prinston Pharmaceutical Inc.*, No. MID-L-00856-19 (N.J. Super.) and *Orlowsky v. Solco Healthcare U.S., LLC*, No. MID-L-0002554-19 (N.J. Super.)**

Presiding Judge Jamie D. Happas of Middlesex County, New Jersey has denied the request to consolidate these two actions. Judge Happas has also scheduled a case management conference for July 18, 2019, which counsel from both Runo and Orlowsky have been ordered to attend. Defendants request the Court contact Judge Happas before the scheduling conference on July 18 to determine whether the Valsartan matters before Her Honor may be coordinated with the MDL. The phone number for the chambers of Judge Happas is (732) 645-4300 ext. 88376.

Respectfully submitted,

Dated: July 10, 2019

/s/ *Seth A. Goldberg*
Seth A. Goldberg
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
Tel: 215-979-1175
Fax: 215-689-2198
Email: sagoldberg@duanemorris.com