

| | | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | SETH A. GOLDBERG | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1175 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 689 2198 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* SAGoldberg@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

July 22, 2019

**VIA ECF**

The Honorable Robert Kugler
Senior United States District Court Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 4D
Camden, NJ 08101

The Honorable Joel Schneider
United States Magistrate Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3C
Camden, NJ 08101

    Re: **In re Valsartan Products Liability Litigation**
       **Case No. 1:19-md-02875-RBK-JS**

Dear Judge Kugler and Judge Schneider:

   This letter is to provide Defendants' position with respect to the topics on the agenda for the Case Management Conference with the Court on July 24.

   1. **Fact Sheets**

     a. **Plaintiff Fact Sheet**

DUANE MORRIS LLP
30 SOUTH 17TH STREET   PHILADELPHIA, PA 19103-4196    PHONE: +1 215 979 1000   FAX: +1 215 979 1020

DuaneMorris

The Honorable Joel Schneider
July 22, 2019
Page 2

The parties are working through various redlines of the Plaintiff Fact Sheets and are continuing to meet and confer. The parties hope to be in a position to present their respective positions as to some of the broader disputes at the time of the conference, though additional time may be needed to confer on other sections.

    **b.**    **Defendant Fact Sheet**

Plaintiffs have circulated a proposed Defendant Fact Sheet to Defendants. Defendants have created a subcommittee to assess the proposed Fact Sheet and to propose revisions. Notably, Plaintiffs' proposed Defendant Fact Sheet does not draw any distinctions as to the discovery that might be obtained from Defendants situated at different levels of the supply chain, and requests information that may not be necessary in this action. Initially, Defendants have reached out to Plaintiffs to discuss the possibility of drafting multiple Defendant Fact Sheets tailored to seek information that is pertinent to a Defendant's level in the supply chain. Defendants look forward to meeting and conferring with Plaintiffs to develop Defendant Fact Sheets that are appropriately tailored given the facts and circumstances at issue.

    **2.**    **Dismissal Process**

The parties continue to meet and confer regarding the Defendant Dismissal Stipulation. The parties are prepared to discuss any remaining disagreements at the in-person conference.

    **3.**    **Short Form Complaint**

After several exchanges, the parties are very close to finalizing the Short Form Complaint and hope to present the Court with a final, agreed draft at the conference.

DuaneMorris

The Honorable Joel Schneider
July 22, 2019
Page 3

### 4. Insurance Disclosures

Defendants note that raising any such deficiencies with the Court is premature and not in line with the Court's prior order on this issue. Specifically, Case Management Order No. 10 [Doc. No. 141] directs the parties that all disputes regarding Defendants' insurance disclosures will be addressed by the Court at the August 14 Status Conference. Despite this Order, and over Defendants' objections, Plaintiffs have placed this topic on the agenda for the July 24, 2019 conference.

In addition, Plaintiffs provided Defendants with a list of purported deficiencies in their insurance disclosures on the afternoon of July 18, and Defendants have not yet had the opportunity to meet and confer with Plaintiffs to attempt to amicably resolve any disputes. At this time, Defendants are evaluating Plaintiffs' objections, including whether they have legal merit, and the parties will meet and confer before raising disputes before the Court. However, Defendants note that Plaintiffs' requests for notices of claim provided to insurers or affidavits describing how/when notice was provided are outside the scope of Rule 26(a)(1). *See, e.g.*, *Jump v. Montgomery Cty.*, No. 13-CV-3084, 2015 WL 4530522, at *2 (C.D. Ill. July 27, 2015) ("The requirement to produce any insurance agreement is limited to the agreement. Rule 26(a)(1) does not require the production of any other document related to insurance."); *Nichols v. Volunteers of Am., N. Alabama, Inc.*, No. 3:08-cv-501, 2009 WL 10704115, at *3 (N.D. Ala. Apr. 6, 2009) (holding that, beyond the policy itself and related reservation-of-rights letters, a plaintiff "is not entitled to conduct any further discovery into [defendant's] insurance coverage, the reasons [defendant's] coverage was denied, or any other related topic"). Moreover, the notice of claim information goes beyond the information that the Court ordered to be disclosed in its June 14, 2019 Order [Doc. No. 120].

DuaneMorris

The Honorable Joel Schneider
July 22, 2019
Page 4

Similarly, Plaintiffs have indicated in their spreadsheet that the insurance disclosure of each party who has not produced a copy of the complete policy for each applicable policy is deficient. However, the Court specifically ordered that certain Defendants: "shall supplement in writing their insurance disclosures to identify all applicable primary and excess/umbrella insurance policies responsive to Fed. R. Civ. P. 26 (a)(1)(A)(iv). The identification shall include all named and additional insureds, dates of policy, and policy limits. Defendants shall produce the Declaration page of each policy and, if requested, a copy of the complete policy." [Doc. No. 120] It is a mischaracterization to describe the failure to produce a copy of the complete policy as a deficiency prior to any request from Plaintiffs that Defendants do so, and the parties should meet and confer on this issue before addressing such alleged "deficiencies" with the Court.

### 5. Core Discovery

The Court has expressly ordered that it will address all disputes regarding the core discovery at the August 14, 2019 Status Conference. Case Management Order No. 10 [Doc. No. 141]. Despite this order, and over Defendants' objections, Plaintiffs have placed this topic on the agenda for the July 24, 2019 conference. The parties are in the process of scheduling a meet and confer on core discovery issues.

### 6. Removals of New Jersey Court Cases Filed by Out-of-State Plaintiffs

On July 12, two Louisiana residents filed valsartan personal injury complaints in New Jersey state court. Because complete diversity exists in both actions, Defendants removed them to the District of New Jersey for inclusion in the MDL. These two actions are currently pending in this Court as: (1) *Kelley v. Zhejiang Huahai Pharmaceutical Co., Ltd.*, No. 1:19-cv-15401; and (2) *Garnes v. Zhejiang Huahai Pharmaceutical Co., Ltd.*, No. 1:19-cv-15429.

DuaneMorris

The Honorable Joel Schneider
July 22, 2019
Page 5

Removal occurred before plaintiffs served the in-state Defendants, which is proper in this Circuit. *See Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (holding that 28 U.S.C. § 1441(b)(2) "precludes removal on the bases of in-state citizenship only when the defendant has been properly joined and served"); *Bivins v. Novartis Pharms. Corp.*, No. 09-1097, 2009 WL 2496518, at * (D.N.J. Aug. 10, 2009) (Kugler, J.) (reaching same conclusion). Despite Plaintiffs' assertion otherwise, the parties have never reached an agreement on service that would prevent Defendants from exercising their right to remove state court actions to this Court when diversity exists. Nor does Case Management Order No. 9 address this issue.

Although Defendant Solco Healthcare U.S., LLC ("Solco") believes that removal was proper in both actions, Plaintiff Garnes claimed that she served Solco, an in-state defendant, before removal occurred. Rather than expend resources disputing this timing issue, Defendant Solco agreed to the remand of *Garnes* to New Jersey state court. The parties expect to enter a consent order to remand that action.

  **7.**  **Coordination with State Court Proceedings**

As discussed in greater detail in the Agenda for May 29, 2019 Case Management Conference, *see* ECF 107 at 9–10, there are currently six valsartan-related actions pending outside the MDL. Brief updates related to these actions are provided below:

- *Runo v. Prinston Pharmaceutical Inc.*, No. MID-L-00856-19 (N.J. Super.) and *Orlowsky v. Solco Healthcare U.S., LLC*, No. MID-L-0002554-19 (N.J. Super.):

    Presiding Judge Jamie D. Happas of Middlesex County, New Jersey held a case management conference on July 18, 2019, at which she ordered the matters would be held in abeyance for 90-days, pending an application by plaintiffs' counsel that these matters and other similar matters to be filed be classified as a Multi-County

DuaneMorris

The Honorable Joel Schneider
July 22, 2019
Page 6

Litigation ("MCL"). Judge Happas also ordered Defendants in these actions to provide and serve all core discovery produced in the MDL, and ordered Plaintiffs to serve Plaintiff Fact Sheets once those are finalized.

Judge Happas has scheduled the next case management conference for October 22, 2019. Should the Court wish to speak with Judge Happas, her telephone number is (732) 645-4300 ext. 88376.

- *Robertson v. Prinston*, No. MID-L-004228-19 (N.J. Super.):

  *Robertson* has been assigned to Judge Patrick Bradshaw, whose telephone number is (732) 645-4300 ext. 88261.[1]

- *Shanov v. Walgreens Co.*, No. 2018-CG-15272 (Cook Co. Cir. Ct., Illinois):

  There are no further developments in this case.

- *Collins v. Prinston Pharmaceutical Inc.*, No. 3:19-cv-00415 (S.D. Cal.) and *Collins v. Aurobindo Pharma USA, Inc.*, No. 3:19-cv-0688 (S.D. Cal.):

  The JPML will consider Plaintiff Carrie Collins's motions to vacate transfer of these two valsartan actions to the MDL at its July 25, 2019 hearing.

Given the possibility of an increase in state-court filings, Defendants believe that a formal order coordinating state court actions with the MDL. During a meet and confer on July 22, 2019, Plaintiffs' leadership counsel and Plaintiffs' counsel in *Runo*, *Orlowsky* and *Robertson* represented that Plaintiffs are not opposed to such coordination, as it would enhance the efficiencies for all parties and all of the Courts involved. Accordingly, Defendants have shared a proposed Joint Coordination Order with Plaintiffs, and look forward to working with Plaintiffs' counsel in the MDL and state court actions to develop suitable terms for such Order.

---

[1] A chart containing contact information for all other judges can be found at ECF 107, Exhibit A.

DuaneMorris

The Honorable Joel Schneider
July 22, 2019
Page 7

        Respectfully submitted,

        */s/ Seth A. Goldberg*

        Seth A. Goldberg

SAG

cc:    Adam Slater, Esq. (*via email*, *for distribution to Plaintiffs' Counsel*)
       Jessica Priselac, Esq. (*via email*, *for distribution to Defendants' Counsel*)
       Lori G. Cohen, Esq. (*via email*)
       Richard Smith, Esq. (*via email*)
       Clem C. Trischler, Esq. (*via email*)