I HEREBY CERTIFY that the above and
foregoing is a true and correct copy
of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____
        Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION**          MDL No. 2875

## TRANSFER ORDER

**Before the Panel:** Plaintiff Carrie Collins moves under Panel Rule 7.1 to vacate our orders conditionally transferring the two actions listed on Schedule A to MDL No. 2875. In one action, plaintiff brings putative statewide class claims against defendants Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC, based on their alleged role in the manufacture of generic valsartan drugs (the *Prinston* action). In the second action, plaintiff brings similar putative class claims against another manufacturer, Aurobindo Pharma USA, Inc. (APUSA) and Aurobindo Ltd. (the *Aurobindo* action). Defendants Prinston Pharmaceutical, Solco Healthcare, and APUSA oppose the motions to vacate and support transfer.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions in MDL No. 2875 and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the actions in the MDL, these actions involve factual questions arising from allegations that the defendants manufactured or sold generic valsartan containing nitrosamine impurities known as NDMA and NDEA,[1] that the impurities present a risk of cancer and other injuries, and that plaintiff suffered damages as a result. *See In re: Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 363 F. Supp. 3d 1378, 1380-81 (J.P.M.L. 2019).

In support of the motions to vacate, plaintiff principally argues that the actions were improperly removed, and the transferor courts should decide the issues presented in plaintiff's motions for remand to state court. The pendency of jurisdictional objections are not, as a general matter, a sufficient reason to deny transfer. *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Moreover, after the filing of plaintiff's motion to vacate in one of the actions (*Collins v. Aurobindo*), the transferor court resolved the jurisdictional objections in that action and denied plaintiff's remand motion. Plaintiff can present the remand arguments in the other action to the transferee judge.

Plaintiff also asserts that the Class Action Fairness Act (CAFA) bars transfer of these actions, citing Panel precedent concerning CAFA's restriction on transfer of "mass actions." *See* Pl.'s Reply Mem., Doc. No. 296, at 1-3 (citing *In re: Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.*, 939 F. Supp. 2d 1376 (J.P.M.L. 2013)). But nothing in the Panel's *Darvocet* decision or CAFA prevents transfer of these putative class actions. *Darvocet* interpreted a restriction applicable to

---

[1] NDMA refers to N-nitrosodimethylamine, and NDEA refers to N-nitrosodiethylamine.

-2-

transfer of "mass actions" only, not class actions.[2]  The face of each complaint states that each action
is a "statewide class action,"[3] and plaintiff has never asserted that the actions are "mass actions"
under CAFA.

Additionally, plaintiff contends that transfer will be inefficient because the putative classes
in the actions are California purchasers of valsartan, and the claims rest on California laws as to
which California courts have extensive experience.  These arguments are unconvincing.  The
putative statewide classes in *Prinston* and *Aurobindo* overlap with the putative nationwide class and
California subclass in the MDL, and California law claims are pending before the transferee court.[4]
Thus, centralization will eliminate duplicative discovery and prevent inconsistent pretrial rulings,
including with respect to class certification.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the
District of New Jersey and, with the consent of that court, assigned to the Honorable Robert B.
Kugler for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Lewis A. Kaplan                Ellen Segal Huvelle
R. David Proctor               Catherine D. Perry
Karen K. Caldwell              Nathaniel M. Gorton

---

[2] *See Darvocet*, 939 F. Supp. 2d at 1378 ("CAFA expanded access to the federal courts for
a new category of cases called 'mass actions.' . . . . At the same time, however, CAFA limited the
Panel's authority to transfer actions removed as 'mass actions.' *See* § 1332(d)(11)(C)(i) . . . . [W]e
are confronted with the question whether the provision [Section 1332(d)(11)(C)(i)] applies to an
action that has been removed on multiple bases, including as a mass action").

[3] *See Prinston* Compl. ¶ 1 ("This is a California statewide class action"); *Aurobindo* Compl.
¶ 1 (same).

[4] Transferee judges routinely are called upon to apply the laws of more than one state.  *See
In re: CVS Caremark Corp. Wage and Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1378
(J.P.M.L. 2010).

**IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION**          MDL No. 2875

## SCHEDULE A

Southern District of California

COLLINS v. PRINSTON PHARMACEUTICAL, INC., ET AL., C.A. No. 3:19–00415
COLLINS v. AUROBINDO PHARMA USA, INC., ET AL., C.A. No. 3:19–00688