## MAZIE SLATER KATZ & FREEMAN, LLC
COUNSELLORS AT LAW
103 Eisenhower Parkway
Roseland, NJ  07068
(973) 228-9898
Fax (973) 228-0303
www.mskf.net

| | |
|---|---|
| David A. Mazie* | Karen G. Kelsen° |
| Adam M. Slater*° | Cheryll A. Calderon |
| Eric D. Katz*° | David M. Estes |
| David M. Freeman | Adam M. Epstein° |
| Beth G. Baldinger° | Michael Griffith |
| Matthew R. Mendelsohn° | Matthew Tonzola |
| | Christopher J. Geddis |

*Certified by the Supreme Court of    °Member of N.J. & N.Y. Bars
New Jersey as a Civil Trial Attorney

August 8, 2019

**_VIA ECF_**
Honorable Robert B. Kugler
United States District Court
Mitchell H. Cohen Building and
 U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey  08101

  Re: IN RE: VALSARTAN N-NITROSODIMETHYLAMINE (NDMA) PRODUCTS LIABILITY LITIGATION
    Civil No. 19-2875 (RBK/JS)

Dear Judge Kugler:

  Please accept this letter on behalf of the Plaintiffs in response to defendants' July 31, 2019 letter requesting leave to file motions to dismiss.

  The defendants' letter rehashes arguments that defendants have previously presented to the Court, most recently during the July 24, 2019 case management conference.  The defendants mischaracterize and fail to fully address plaintiffs' claims, and essentially argue that (1) certain groups of plaintiffs are not permitted to bring these actions, and (2) the defendants were powerless to accurately disclose the contamination of the valsartan, despite the fact that there was never FDA approval to sell contaminated valsartan.  Plaintiffs dispute these assertions, and in fact the weaknesses of these arguments are readily apparent on their face, especially taking into account the recalls that resulted when the contamination was discovered.

Honorable Robert B. Kugler
United States District Court
August 8, 2019
Page Two

    Certainly, as the Court has recognized, even if, and only for argument's sake, the defendants could prevail on some of their proposed defenses, the core claims would still proceed and the scope of discovery would not be impacted in any material way. Thus, the parties' efforts should be focused on the ongoing efforts to establish the foundation of this litigation, including for example core discovery, initial discovery requests and responses, ESI, custodial productions and search terms, fact sheets, and substantive discovery to answer the key questions, without the inevitable distraction that would come with briefing motions to dismiss that are unlikely to have any material impact on the scope of the litigation.

    Thank you for your consideration.

    Respectfully,

    ADAM M. SLATER