# EXHIBIT A

| From: | Goldberg, Seth A. |
|---|---|
| Sent: | Monday, September 30, 2019 4:19 PM |
| To: | Adam Slater; Stanoch, David; Honik, Ruben; Daniel Nigh; Conlee Whiteley; Layne Hilton; Christopher Geddis; Behram V. Parekh; Jorge Mestre; George T. Williamson; Marlene Goldenberg (mjgoldenberg@goldenberglaw.com); Brett Vaughn (brett@hollislawfirm.com) |
| Cc: | Priselac, Jessica; CohenL@gtlaw.com; harkinss@gtlaw.com; cct@pietragallo.com; Jason M. Reefer; Jessica Heinz; Blanton, Robert E.; JPoletto@hkmpp.com; alexia.brancato@kirkland.com; lockardv@gtlaw.com; rubensteinb@gtlaw.com; Klein, Alan; Schwartz, Barbara; Waleko, Alexandra; Rapone, Donna M. |
| Subject: | RE: Valsartan -- dates for initial meet and confers re custodians and search terms |

Thanks, Adam.

Plaintiffs' have alleged an impurity in valsartan resulting from a chemical reaction that occurred during a specific step in the API manufacturing process; namely, that the purported nitrosamine impurity occurred during the specific step in the API manufacturing process when the tetrazole ring was formed. *See, e.g.*, Personal Injury Master Complaint ¶ 167; Economic Loss Master Complaint ¶ 327; Medical Monitoring Master Complaint ¶ 289 (alleging that NDMA and NDEA are byproducts of the chemical reaction involving the solvent used to create the tetrazole ring found in valsartan).

As such, the job functions pertinent to this step in the API manufacturing process, testing pertaining to the alleged chemical reaction, and the FDA communications concerning the alleged impurity and the recalls are the job functions that are relevant in this action. While those job functions may have different titles from Defendant to Defendant, the scope of the custodian list for each Defendant should be limited to those employees whose responsibilities correspond to those job functions. Unlike the Benicar litigation, where there was one manufacturing defendant, and the claims were based on broad allegations of failure to warn, the multiplicity of manufacturing Defendants and the specific chemical reaction at issue here warrant concentrated custodian lists. Indeed, Judge Kugler indicated last week that the custodians already identified seem to be too many given the specificity of Plaintiffs' claims. Accordingly, a meeting among all of the parties is necessary to ensure that the custodian lists from Defendant to Defendant are comprised of those employees whose job functions are pertinent to the alleged occurrence of the chemical reaction in the API manufacturing process, testing pertaining to the alleged chemical reaction, and the FDA communications concerning the impurity and the recalls.

Plaintiffs' insistence on separate meetings with the Defendants, notwithstanding the obvious inefficiency in a multitude of meetings spread across a number of different days, seems to be grounded in the belief that the custodian lists for each Defendant should reflect different job functions from Defendant to Defendant that are not tied to the specific step in the API manufacturing process at issue. Here again, Plaintiffs seem intent on turning discovery about a definite and particular issue into an unfocused fishing expedition. However, the Court has explained that it will not endorse discovery that will lead the parties and the Court down rabbit holes.

CMO 14, issued today, directs that "[p]laintiffs and defendants shall promptly meet and confer regarding their proposed lists of custodians and search terms," Dkt. 243 at ¶ 6, so they can report as to the need for informal meetings with corporate representatives on October 10. It does not direct plaintiffs to meet separately with each Defendant. Given the short amount of time the Court has provided for the parties to meet and confer and report back, Plaintiffs' refusal to attend the joint meeting Defendants have proposed for October 7, without providing

any reasoned basis for Plaintiffs' insistence on having separate meet and confers with each Defendant, serves only to frustrate the plain terms of CMO 14.

For these reasons, and those set forth in my email from Friday, due to the Jewish holiday today, we will be writing to the Court tomorrow requesting an Order that Plaintiffs attend a joint meeting to discuss the proper scope of the custodian lists and the employees at each Defendant who will be identified as custodians.

Best,
Seth



**Seth A. Goldberg**
Partner

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196

P: +1 215 979 1175
F: +1 215 689 2198
C: +1 267 632 1620

E-MAIL | BIO | VCARD

---

**From:** Adam Slater <ASlater@mazieslater.com>
**Sent:** Sunday, September 29, 2019 9:58 PM
**To:** Goldberg, Seth A. <SAGoldberg@duanemorris.com>; Stanoch, David <DStanoch@GolombHonik.Com>; Honik, Ruben <RHonik@GolombHonik.Com>; Daniel Nigh <dnigh@levinlaw.com>; Conlee Whiteley <c.whiteley@kanner-law.com>; Layne Hilton <l.hilton@kanner-law.com>; Christopher Geddis <CGeddis@mazieslater.com>; Behram V. Parekh <bvp@kirtlandpackard.com>; Jorge Mestre <jmestre@riveromestre.com>; George T. Williamson <gwilliamson@farr.com>; Marlene Goldenberg (mjgoldenberg@goldenberglaw.com) <mjgoldenberg@goldenberglaw.com>; Brett Vaughn (brett@hollislawfirm.com) <brett@hollislawfirm.com>
**Cc:** Priselac, Jessica <JPriselac@duanemorris.com>; CohenL@gtlaw.com; harkinss@gtlaw.com; cct@pietragallo.com; Jason M. Reefer <JMR@Pietragallo.com>; Jessica Heinz <JHeinz@c-wlaw.com>; Blanton, Robert E. <RBlanton@hkmpp.com>; JPoletto@hkmpp.com; alexia.brancato@kirkland.com; lockardv@gtlaw.com; rubensteinb@gtlaw.com; Klein, Alan <AKlein@duanemorris.com>; Schwartz, Barbara <BASchwartz@duanemorris.com>; Waleko, Alexandra <AWaleko@duanemorris.com>; Rapone, Donna M. <Rapone@duanemorris.com>
**Subject:** Re: Valsartan -- dates for initial meet and confers re custodians and search terms

Seth - at this point we are asking each defendant to contact us to confirm dates and times for us to meet and confer with each defendant, separately. You all have different custodians and corporate organizations. One company's custodian list has no bearing on the list for any other defendant. There is no point to all of us sitting in a room together and having these discussions together. That will just waste a lot of people's time on your side as they listen to discussions about other companies they don't represent, and will be very inefficient for us.

We think the Court's intent is pretty clear and it is very confusing to us why you are taking the position you are taking. There is no point to debating further. I participated in the Benicar meeting and have a very clear

understanding of what is intended.  If one or more defendants won't agree then we will need to get on the phone with the Court on tuesday and ask to compel the separate meetings with each defendant.

We are hopeful that the defendants will proceed reasonably, and we look forward to scheduling the separate calls with all defendants over the next two days and commencing this process.

Thank you,

Adam Slater

---

**From:** Goldberg, Seth A. <SAGoldberg@duanemorris.com>
**Sent:** Saturday, September 28, 2019 9:13 AM
**To:** Adam Slater <ASlater@mazieslater.com>; Stanoch, David <DStanoch@golombhonik.com>; Honik, Ruben <RHonik@golombhonik.com>; Daniel Nigh <dnigh@levinlaw.com>; Conlee Whiteley <c.whiteley@kanner-law.com>; Layne Hilton <l.hilton@kanner-law.com>; Christopher Geddis <CGeddis@mazieslater.com>; Behram V. Parekh <bvp@kirtlandpackard.com>; Jorge Mestre <jmestre@riveromestre.com>; George T. Williamson <gwilliamson@farr.com>; Marlene Goldenberg (mjgoldenberg@goldenberglaw.com) <mjgoldenberg@goldenberglaw.com>; Brett Vaughn (brett@hollislawfirm.com) <brett@hollislawfirm.com>
**Cc:** Priselac, Jessica <JPriselac@duanemorris.com>; CohenL@gtlaw.com <CohenL@gtlaw.com>; harkinss@gtlaw.com <harkinss@gtlaw.com>; cct@pietragallo.com <cct@pietragallo.com>; Jason M. Reefer <JMR@pietragallo.com>; Jessica Heinz <JHeinz@c-wlaw.com>; Blanton, Robert E. <RBlanton@hkmpp.com>; JPoletto@hkmpp.com <JPoletto@hkmpp.com>; alexia.brancato@kirkland.com <alexia.brancato@kirkland.com>; lockardv@gtlaw.com <lockardv@gtlaw.com>; rubensteinb@gtlaw.com <rubensteinb@gtlaw.com>; Klein, Alan <AKlein@duanemorris.com>; Schwartz, Barbara <BASchwartz@duanemorris.com>; Waleko, Alexandra <AWaleko@duanemorris.com>; Rapone, Donna M. <Rapone@duanemorris.com>
**Subject:** RE: Valsartan -- dates for initial meet and confers re custodians and search terms

Thanks, Adam

Judge Kugler was clear that these meetings are not intended to be substantive.  In fact, he explained that substantive questions were stricken from the informal meetings conducted in Benicar.

Defendants are agreeable to having their counsel discuss in an open forum Defendants' respective "corporate organization in a detailed way" so that Plaintiffs "will understand the structure, titles, and roles of the different departments and employees therein." The Court did not order that separate meet and confers with counsel are required, and having all of the lawyers together to determine the proper scope of the custodian lists will be far more efficient and productive than a multitude of separate discussions to achieve the same objective, especially given the short timeframe.  Moreover, as this information is for the purpose of shaping discovery in this action, there is no basis for excluding Defendants from it with separate meetings.

Even if there were separate meetings, Plaintiffs' refusal to provide a list of the questions in advance of those meetings suggests that Plaintiffs do not intend to use the meet and confer with counsel ordered by the Court as a way to agree upon lists of custodians in order to avoid informal interviews with corporate representatives to achieve the same objective.

Given that Defendants are not opposed to having their counsel discuss in detail their corporate organizations and employees in an open forum, what is the basis for Plaintiffs not agreeing to do so?

Seth



**From:** Adam Slater <ASlater@mazieslater.com>
**Sent:** Friday, September 27, 2019 4:38 PM
**To:** Goldberg, Seth A. <SAGoldberg@duanemorris.com>; Stanoch, David <DStanoch@GolombHonik.Com>; Honik, Ruben <RHonik@GolombHonik.Com>; Daniel Nigh <dnigh@levinlaw.com>; Conlee Whiteley <c.whiteley@kanner-law.com>; Layne Hilton <l.hilton@kanner-law.com>; Christopher Geddis <CGeddis@mazieslater.com>; Behram V. Parekh <bvp@kirtlandpackard.com>; Jorge Mestre <jmestre@riveromestre.com>; George T. Williamson <gwilliamson@farr.com>; Marlene Goldenberg (mjgoldenberg@goldenberglaw.com) <mjgoldenberg@goldenberglaw.com>; Brett Vaughn (brett@hollislawfirm.com) <brett@hollislawfirm.com>
**Cc:** Priselac, Jessica <JPriselac@duanemorris.com>; CohenL@gtlaw.com; harkinss@gtlaw.com; cct@pietragallo.com; Jason M. Reefer <JMR@Pietragallo.com>; Jessica Heinz <JHeinz@c-wlaw.com>; 'Blanton, Robert E.' <RBlanton@hkmpp.com>; JPoletto@hkmpp.com; alexia.brancato@kirkland.com; lockardv@gtlaw.com; rubensteinb@gtlaw.com; Klein, Alan <AKlein@duanemorris.com>; Priselac, Jessica <JPriselac@duanemorris.com>; Schwartz, Barbara <BASchwartz@duanemorris.com>; Waleko, Alexandra <AWaleko@duanemorris.com>; Rapone, Donna M. <Rapone@duanemorris.com>
**Subject:** RE: Valsartan -- dates for initial meet and confers re custodians and search terms

Seth. Per the Court's instructions, we are requesting that each defendant advise as to when their counsel is available to separately speak with members of Plaintiffs' leadership. This cannot be done globally, and there is no point to previewing a script of questions as these are supposed to be substantive discussions which may go in different directions with each defendant. However, counsel should be prepared to identify corporate employees with relevant involvement, and explain corporate organization in a detailed way so we will understand the structure, titles, and roles of the different departments and employees therein. Production of corporate organization charts would be very helpful in this regard. I'm sure that as the discussions progress we will be able to identify more specifics that are needed. That is the purpose of this process.

We again request that each defendant's counsel reach out to us separately to advise of your availability to speak with us. This needs to be done on a defendant by defendant basis. If there are defendants who refuse to do so we will have to request a conference with the Court next week.

Thank you,

Adam Slater

**From:** Goldberg, Seth A. <SAGoldberg@duanemorris.com>
**Sent:** Friday, September 27, 2019 3:57 PM
**To:** Stanoch, David <DStanoch@GolombHonik.Com>; Adam Slater <ASlater@mazieslater.com>; Honik, Ruben <RHonik@GolombHonik.Com>; Daniel Nigh <dnigh@levinlaw.com>; Conlee Whiteley <c.whiteley@kanner-law.com>;

Layne Hilton <l.hilton@kanner-law.com>; Christopher Geddis <CGeddis@mazieslater.com>; Behram V. Parekh <bvp@kirtlandpackard.com>; Jorge Mestre <jmestre@riveromestre.com>; George T. Williamson <gwilliamson@farr.com>; Marlene Goldenberg (mjgoldenberg@goldenberglaw.com) <mjgoldenberg@goldenberglaw.com>; Brett Vaughn (brett@hollislawfirm.com) <brett@hollislawfirm.com>
**Cc:** Priselac, Jessica <JPriselac@duanemorris.com>; CohenL@gtlaw.com; harkinss@gtlaw.com; cct@pietragallo.com; Jason M. Reefer <JMR@Pietragallo.com>; Jessica Heinz <JHeinz@c-wlaw.com>; 'Blanton, Robert E.' <RBlanton@hkmpp.com>; JPoletto@hkmpp.com; alexia.brancato@kirkland.com; lockardv@gtlaw.com; rubensteinb@gtlaw.com; Klein, Alan <AKlein@duanemorris.com>; Priselac, Jessica <JPriselac@duanemorris.com>; Schwartz, Barbara <BASchwartz@duanemorris.com>; Waleko, Alexandra <AWaleko@duanemorris.com>; Rapone, Donna M. <Rapone@duanemorris.com>
**Subject:** RE: Valsartan -- dates for initial meet and confers re custodians and search terms

David,

Thanks for your email. We look forward to working with Plaintiffs on custodians and search terms. In our view, given their global nature, it would be most efficient for the parties to meet together to discuss these topics. In this connection, the manufacturer defendants propose that counsel for the parties meet at Duane Morris' Philadelphia office on Monday, October 7 from 10:00-3:00.

As one purpose of this meeting would be for Defendants' counsel to provide sufficient information about the custodians so as to avoid having corporate representatives come to New Jersey for informal meetings to do so, we suggest Plaintiffs submit to Defendants the questions they would like to have answered at the meeting on or before Wednesday, October 3.  Defendants will provide initial comments to the search terms lists on or before October 3, as well.

Please let us know at your earliest convenience whether the above is acceptable so that we can plan accordingly.

Best,
Seth



www.duanemorris.com

**Seth A. Goldberg**
Partner

Duane Morris LLP          **P:** +1 215 979 1175
30 South 17th Street       **F:** +1 215 689 2198
Philadelphia, PA 19103-4196   **C:** +1 267 632 1620

E-MAIL | BIO | VCARD

**From:** Stanoch, David <DStanoch@GolombHonik.Com>
**Sent:** Friday, September 27, 2019 11:26 AM
**To:** Goldberg, Seth A. <SAGoldberg@duanemorris.com>; Priselac, Jessica <JPriselac@duanemorris.com>; CohenL@gtlaw.com; harkinss@gtlaw.com; rwsmith@wileyrein.com; cct@pietragallo.com; Jason M. Reefer <JMR@Pietragallo.com>; Jessica Heinz <JHeinz@c-wlaw.com>; 'Blanton, Robert E.' <RBlanton@hkmpp.com>; JPoletto@hkmpp.com

**Cc:** Adam Slater <ASlater@mazieslater.com>; Honik, Ruben <RHonik@GolombHonik.Com>; Daniel Nigh <dnigh@levinlaw.com>; Conlee Whiteley <c.whiteley@kanner-law.com>; Layne Hilton <l.hilton@kanner-law.com>; Christopher Geddis <CGeddis@mazieslater.com>; Behram V. Parekh <bvp@kirtlandpackard.com>; Jorge Mestre <jmestre@riveromestre.com>; George T. Williamson <gwilliamson@farr.com>; Marlene Goldenberg (mjgoldenberg@goldenberglaw.com) <mjgoldenberg@goldenberglaw.com>; Brett Vaughn (brett@hollislawfirm.com) <brett@hollislawfirm.com>

**Subject:** Valsartan -- dates for initial meet and confers re custodians and search terms

Defense Counsel,

Further to the September 25 CMC, Plaintiffs propose the following dates for the initial in-person meet and confers between the parties' counsel about custodians and search terms:  October 1st, 2nd, 3rd, 4th, 7th, and morning of 8th.

Please let us know which dates work for which Defendant (we of course assume separate meetings will take place between our side and each Defendant).

I have endeavored to copy counsel for each pertinent Defendant here, but I trust you will disseminate this further on your side as necessary (or kindly let us know the attorneys who should be part of this thread).

Regards,
David

**David J. Stanoch, Esq.**
GOLOMB & HONIK
1835 Market Street, Suite 2900
Philadelphia, PA 19103
215.985.9177
dstanoch@golombhonik.com
www.golombhonik.com

_____

The information contained in this electronic message is intended only for the use of the individual or entity to whom it is addressed.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by responding to this e-mail.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.