# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re: Valsartan Products Liability Litigation** | MDL No. 2875 |
| | Civil No. 19-2875 (RBK/JS) |
| | Honorable Robert B. Kugler, District Court Judge |
| This document relates to: *all cases* | Honorable Joel Schneider, Magistrate Judge |

## STIPULATED CONDITIONAL ORDER OF DISMISSAL WITHOUT PREJUDICE AND COMMENSURATE TOLLING OF STATUTE OF LIMITATIONS

**WHEREAS** the Court instructed the Parties to address the dismissal without prejudice of certain defendants ("Peripheral Defendants") whose presence as a party currently has been deemed not to be critical to the MDL;

**WHEREAS** the Peripheral Defendants may be subdivided into "Retailer Defendants" and "Non-Retailer Defendants" as follows (collectively, "Peripheral Defendants"):

| Non-Retailer Defendants | Retailer Defendants |
|---|---|
| A-S Medication Solutions LLC | Throggs Neck Pharmacy |
| AvKARE, Inc. | |
| Bryant Ranch Prepack, Inc. | |
| HJ Harkins Co., Inc. dba Pharma Pac | |
| Harvard Drug Group, LLC | |
| Major Pharmaceuticals | |
| Northwind Pharmaceuticals, LLC | |
| Nucare Pharmaceuticals, Inc. | |
| Preferred Pharmaceuticals, Inc. | |
| Remedy Repack, Inc. | |

**WHEREAS** the Peripheral Defendants are currently named in cases pending in the MDL alleging claims in connection with valsartan-containing drugs manufactured using API sourced from manufacturers that have issued a product recall in the United States ("VCDs");

**WHEREAS** the Plaintiffs Executive Committee has stipulated that each of the Peripheral Defendants may be dismissed without prejudice from this MDL provided that each such Peripheral Defendant agrees to answer the questions and produce the materials described below and stipulates to the tolling of the statute of limitations as set forth herein;

**WHEREAS** the Peripheral Defendants have similarly stipulated that the statute of limitations shall be tolled as set forth herein if they answer the questions and produce the specified materials described below to the Court's satisfaction and are so dismissed without prejudice in accordance with this Order;

**NOW THEREFORE, IT IS ORDERED** that any of the Non-Retailer Defendants who desire to be dismissed without prejudice pursuant to this Order shall produce to the Plaintiffs Executive Committee for distribution to Plaintiffs the following information and documents:

1. Non-Retailer Defendant Name.

2. Name, Address, and E-mail Address for Non-Retailer Defendant's Attorney(s).

3. A corporate disclosure statement in accordance with Fed. R. Civ. P. 7.1.

4. A full copy of any insurance policy (primary or excess) potentially applicable to any claims currently pending in the MDL against the Non-Retailer Defendant as of the date the documents are served, as well as any related documents such as reservations of rights letters, or denials of coverage.

5. Copies of contracts the Non-Retailer Defendant held or holds with other Defendants in its VCD distribution chain(s) applicable to any claims currently pending in the MDL against the Non-Retailer Defendant from January 1, 2012 to the present.

6. Full copies of any subrogation or indemnification agreements (not included in item 5) applicable to any claims currently pending in the MDL against the Non-Retailer Defendant as of the date the documents are served.

7. Documents sufficient to show the price the Defendant paid for VCDs from January 1, 2012 to the present. The Defendant may satisfy this obligation by providing pricing information in the aggregate in a format acceptable to Plaintiffs Liaison Counsel.

8. A copy of any report or other documentation in the possession, custody, or control of the Non-Retailer Defendant describing the findings of any inspection of such Non-Retailer Defendant's facilities related to VCDs and any correspondence the Non-Retailer Defendant had with the FDA concerning such inspection for the period January 1, 2012 to the present.

9. A copy of any report or other documentation in the possession, custody, or control of the Non-Retailer Defendant describing the findings of any inspection of any API manufacturer's facilities, or finished drug manufacturer's facilities related to VCDs for the period of January 1, 2012 to the present.

10. All correspondence the Non-Retailer Defendant has had with the FDA relating to recalled or contaminated[1] VCDs from January 1, 2017, to the present.

11. A list of all sources or entities through which the Non-Retailer Defendant obtained VCDs from January 1, 2012 to the present. For each such source, the list shall include the (i) entity name, (ii) entity's address (if known), (iii) date range during which VCDs were obtained, (iv) total quantity of VCDs purchased from this entity on an annual basis, (v) the total cost of the VCDs purchased from this entity on annual basis and (vi) all lot numbers obtained from the entity from January 1, 2012 to the present. ("Recall Period").

12. A list of all entities to which the Non-Retailer Defendant supplied VCDs from January 1, 2012 to the present. For each such entity, the list shall include the (i) entity name, (ii) entity address (if known), (iii) date ranges during which VCDs were supplied; (iv) lot numbers of all lots of VCDs supplied to the entity by the Non-Retailer Defendant.

**IT IS FURTHER ORDERED** that any of the Retailer Defendants who desire to be dismissed without prejudice pursuant to this Order shall produce to the Plaintiffs Executive Committee for distribution to Plaintiffs the following information and documents:

1. All information and documents called for in Items 1 through 11 of the above-listed items.

**IT IS FURTHER ORDERED THAT** each such Peripheral Defendant shall certify in writing to Plaintiffs Executive Committee that the Peripheral Defendant has completed its production, when it has done so and that the Peripheral Defendant shall identify the Bates ranges of documents responsive to each request to facilitate an expedited review of the documents produced;

**IT IS FURTHER ORDERED THAT** the Plaintiffs Executive Committee, within 30 days of receiving the written certification of completion, shall cause to be filed a Notice of Voluntary Dismissal Without Prejudice (in the form attached to this Order as Exhibit A) as to all Valsartan-related claims amd/or cases pending in this MDL against the Peripheral Defendant or shall meet and confer with counsel for the Peripheral Defendant regarding any alleged deficiencies in the production, which dispute, if necessary, shall be resolved by the Court.

**IT IS FURTHER ORDERED THAT** the statutes of limitations and/or repose for Valsartan-related claims and/or cases pending in this MDL on the date the Notice of Voluntary Dismissal Without Prejudice is entered shall be tolled as to any Peripheral Defendant that has utilized the procedures set forth in this Order from the date on which such Notice of Voluntary Dismissal Without Prejudice is filed.

---

[1] The terms "recalled or contaminated" is to be broadly defined, as the FDA continues to issue recall notices. Therefore, this term shall encompass any VCDs supplied by any entity that has recalled any VCDs, or manufactured, supplied, or sold contaminated VCD's even if not recalled, even if not supplied directly to the Defendant in question.

**IT IS FURTHER ORDERED THAT** the statutes of limitations and/or repose for Valsartan-related products liability claims and/or cases filed after the date on which the Notice of Voluntary Dismissal Without Prejudice is entered shall be tolled as to any Peripheral Defendant that has utilized the procedures set forth in this Order from the date on which such Peripheral Defendant receives Notice from any person asserting a claim that the person has a claim against the Peripheral Defendant that the person would have brought against the Peripheral Defendant, but for the existence of this Order and the tolling mechanism provided for herein. Pursuant to CMO 13, Short Form Complaint, section II (1.) the Notice provided for in this paragraph will be incorporated into the Short Form Complaint.

**IT IS FURTHER ORDERED THAT** each Peripheral Defendant expressly reserves and does not waive its right to assert that the statute of limitations, repose, laches or other equitable defenses expired prior to the date of the filing of the Notice of Voluntary Dismissal Without Prejudice, nor does the Plaintiffs Executive Committee waive its right to assert that the statute of limitations, repose, laches or other equitable defenses did not expire prior to the date of the filing of the Notice of Voluntary Dismissal Without Prejudice.

**IT IS FURTHER ORDERED THAT** any Peripheral Defendant who is voluntarily dismissed pursuant to this Order and who has already been served pursuant to FRCP 4 with any Summons and Complaint pending in the MDL shall appoint counsel of record pursuant to their response to Question 2 to receive notices and service through BrownGreer's portal and that this counsel shall be authorized to accept service on behalf of the Peripheral Defendant.

**IT IS FURTHER ORDERED THAT** no Peripheral Defendant who is voluntarily dismissed under the procedures set forth in this Order shall be named in any action filed in this MDL, unless, at least 60 days prior to naming or re-naming such Peripheral Defendant, plaintiffs, through Plaintiffs Executive Committee, shall notify counsel of record for the Peripheral Defendant in writing of the intent to name or re-name the Peripheral Defendant and participate in a meet and confer on whether inclusion of the Peripheral Defendant is in fact necessary or proper. Plaintiffs' failure to certify that they provided timely notice and attempted to meet and confer on these issues will result in automatic dismissal without prejudice of newly filed complaints or denial of leave to amend existing complaints naming such Peripheral Defendant.

**IT IS FURTHER ORDERED THAT** the tolling period described herein shall continue as to each individual case subject to it until thirty days after any individual case subject to the tolling agreement has been settled, dismissed or disposed or in any other fashion, regardless of whether the case is or was a part of the MDL, or until thirty days after the Plaintiffs' Executive Committee terminates this agreement as to any individual defendant pursuant to the foregoing paragraph.

SO ORDERED this 3rd day of October, 2019.

HON. JOEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO<br>ALL CASES | MDL No. 2875<br><br>Civil No. 19-2875 (RBK/JS) |

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE AS TO [INSERT NAME OF PERIPHERAL DEFENDANT]

**WHEREAS** the Court entered Case Management Order No. 15, which provides a mechanism for certain defendants to obtain a without prejudice dismissal from all cases pending in this MDL alleging claims in connection with allegedly contaminated valsartan-containing drugs ("VCDs") ;

**WHEREAS** _____ [insert name of Peripheral Defendant] having provided the information and documents required by Case Management Order No. 15, and having agreed to the tolling provisions therein;

**IT IS HEREBY STIPULATED AND AGREED** between Plaintiffs Executive Committee and _____ [insert name of Peripheral Defendant] that all current cases pending and all future cases to be filed in this MDL alleging claims against _____ [insert name of Peripheral Defendant] in connection with allegedly contaminated VCDs be and hereby are dismissed without prejudice.

_____  _____
On behalf of Plaintiffs' Executive Committee   On behalf of Peripheral Defendant

Dated: _____   Dated: _____