| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>LOS ANGELES<br>TAIWAN<br>BOSTON<br>HOUSTON<br>AUSTIN<br>HANOI<br>HO CHI MINH CITY | <br>*FIRM and AFFILIATE OFFICES*<br><br>SETH A. GOLDBERG<br>DIRECT DIAL: +1 215 979 1175<br>PERSONAL FAX: +1 215 689 2198<br>*E-MAIL:* SAGoldberg@duanemorris.com<br><br>*www.duanemorris.com* | SHANGHAI<br>ATLANTA<br>BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NEWARK<br>LAS VEGAS<br>CHERRY HILL<br>LAKE TAHOE<br>MYANMAR<br>OMAN<br>*A GCC REPRESENTATIVE OFFICE<br>OF DUANE MORRIS*<br><br>ALLIANCES IN MEXICO<br>AND SRI LANKA |

October 15, 2019

The Honorable Robert Kugler
Senior United States District Court Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 4D
Camden, NJ 08101

The Honorable Joel Schneider
United States Magistrate Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3C
Camden, NJ 08101

      Re:    **In re Valsartan Products Liability Litigation**
              **Case No. 1:19-md-02875-RBK-JS**

Dear Judge Kugler and Judge Schneider:

      This letter is to provide Defendants' position with respect to the topics on the agenda for the Case Management Conference with the Court on October 16.

**1.**    **ESI Custodian Meet and Confer Process**

      Counsel for the Manufacturer Defendants met with Plaintiffs' counsel on October 7 to meet and confer about the proposed discovery lists. As the parties reported to the Court in letters dated October 9 and October 10, and during a teleconference with the Court on October 10, the October

DuaneMorris

The Honorable Joel Schneider
October 15, 2019
Page 2

7 meeting focused on ZHP's proposed list of ESI custodians, and each of the other Manufacturer Defendants had joint meet and confers with Plaintiffs' counsel that focused on their respective proposed ESI custodians throughout the week of October 7.  The meet and confer process is an ongoing, collaborative process.  Each of the meet and confer sessions conducted during the week of October 7 resulted in each of the Manufacturing Defendants agreeing to compile additional information in response to questions raised by Plaintiffs to be provided in additional meet and confer sessions, and those meetings should occur in the coming days.  Defendants request that the Court allow the parties to continue to work together to exchange information regarding potential custodians in advance of the December deadline to finalize the scope of ESI discovery.

2.   **ESI Search Terms**

Defendants have identified several overarching issues, both technical and substantive, concerning Plaintiffs' search terms.  Defendants are arranging a time to meet and confer with Plaintiffs in an attempt to discuss these issues, as well as more specific issues concerning individual Defendants and search terms.

3.   **Plaintiffs' April Discovery Letter**

Plaintiffs' April discovery letter raises eight pages of hyper-technical questions regarding Defendants' document retention policies, company files, and electronic systems.  Answering these questions before establishing the scope of discovery—and thus before determining the scope of any required document collection—is premature.  Defendants have not yet served their objections to Plaintiff's document requests; search terms and custodians have not been decided; and the Court has yet to identify, let alone decide, "macro" discovery issues.  Defendants are willing to work collaboratively with Plaintiffs to ensure an efficient exchange of documents, and indeed have

DuaneMorris

The Honorable Joel Schneider
October 15, 2019
Page 3

begun to share information about their electronic systems as part of the custodian and search term meet and confer process, but disclosing sweeping and highly technical information before any focusing of the scope of discovery is not warranted.

**4. Macro Discovery Issues**

The parties plan to meet and confer on "macro" discovery issues on the afternoon of October 15. At this point in time, Defendants have identified the following global discovery issues and reserve the right to identify additional issues:

1. Relevance and Discoverability of Foreign Regulatory Materials and Communications;
2. Relevance and Discoverability of Foreign Sales, Marketing, and Agreement Information;
3. Relevance of Discovery Into Finished Dose Manufacturing Process;
4. Limitation of Valsartan Testing to Residual Solvent Testing for NDMA and/or NDEA;
5. Limitation of Health Risk Discovery to Injuries Alleged in the Complaints; and
6. Relevant Time Period for Custodial Searches and Production of Non-Custodial Documents.

Defendants are prepared to discuss a briefing schedule for these and any other discovery issues.

**5. Third Party Payor Plaintiff Fact Sheet**

The parties met and conferred via teleconference on October 14, 2019. Based on these discussions, only a handful of outstanding disputes remain with respect to the TPP Plaintiff's Fact Sheet. Defendants sent Plaintiffs a revised draft outlining these items on October 15, 2019. Defendants hope to be able to resolve some of these issues in advance, but will be prepared to

DuaneMorris

The Honorable Joel Schneider
October 15, 2019
Page 4

present any outstanding disputes to the Court for resolution during the October 16, 2019 Case Management Conference.

**6.   Defendant Fact Sheet**

Plaintiffs proposed edits to the Defendant Fact Sheet on Saturday, October 12. The Parties will meet and confer on the Defendant Fact Sheet, and Defendants expect to be in a position to resolve any disputes by the November 20 Case Management Conference.

**7.   Document Request Responses**

In compliance with Case Management Order No. 12, the Manufacturer Defendants intend to serve their objections to Plaintiffs' document requests by the end of today, October 15.

**8.   Plaintiffs' 30(b)(6) Notice Directed to Aurobindo USA**

By email dated October 15, 2019, counsel for Aurobindo Pharma USA, Inc. advised Plaintiffs' counsel that Aurobindo Pharma USA, Inc. would be acquiring from Aurobindo Pharma Ltd. and producing the remaining core discovery documents. Therefore, there is no need for the corporate representative deposition of Aurobindo Pharma USA, Inc. or Aurolife Pharma LLC.

**9.   Coordination of State Court Matters**

There are currently six valsartan-related actions pending in state courts, four of which are in New Jersey and two of which are in Illinois:

- *Runo v. Prinston Pharmaceutical Inc.*, No. MID-L-00856-19 (N.J. Super.);
- *Orlowsky v. Solco Healthcare U.S., LLC,* No. MID-L-0002554-19 (N.J. Super.);
- *Robertson v. Prinston*, No. MID-L-004228-19 (N.J. Super.);
- *Graham v. Zhejiang Huahai Pharmaceutical Co., Ltd.*, MID-L-005191-19 (N.J. Super);
- *Shanov v. Walgreens Co.*, No. 2018-CG-15272 (Cook Co. Cir. Ct., Illinois); and
- *Skadas v. Torrent Pharma, Inc.*, 2019-L-006840 (Cook Co. Cir. Ct., Illinois).

DuaneMorris

The Honorable Joel Schneider
October 15, 2019
Page 5

As discussed in Defendants' Position Statement for the July 24, 2019 Case Management Conference (ECF 160 at 5–6), Presiding Judge Jamie D. Happas of Middlesex County, New Jersey, has denied the request to consolidate the *Runo* and *Orlowksy* matters. A similar order was subsequently entered in *Robertson*. Judge Happas has entered orders holding those three matters in abeyance until Plaintiffs' counsel applies to consolidate the actions in a Multi-County Litigation ("MCL"). To date, Plaintiffs' counsel have not applied for an MCL. Based on the current number of actions, all within the same county, it is unclear if these actions will meet the threshold for MCL classification. A case management conference for these three matters is scheduled with Judge Happas for October 22, 2019.

There is no order holding the *Graham* matter in abeyance. Adam Slater represents the plaintiff in *Graham* and has agreed to a joint motion to extend the deadline for responding to the complaint until after the October 22 case management conference scheduled in the other New Jersey actions. It should be noted that the *Graham* action is not scheduled to be part of the upcoming case management conference, and Plaintiff's counsel has declined to request that it be included.

Mr. Slater has represented that he is agreeable to having the *Graham* action be coordinated with the MDL for discovery purposes, and counsel for *Runo*, *Orlowsky*, and *Robertson*, has previously so represented. Defendants' counsel requests the Court's guidance and assistance in facilitating such coordination, and looks forward to discussing this topic with the Court. Should the Court wish to speak with Judge Happas before the case management conference, before Her Honor on October 22, Her Honor's telephone number is (732) 645-4300 ext. 88376.

DuaneMorris

The Honorable Joel Schneider
October 15, 2019
Page 6

                    Respectfully submitted,

                    */s/ Seth A. Goldberg*

                    Seth A. Goldberg

cc:    Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
       Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
       Lori G. Cohen, Esq. (*via email*)
       Clem C. Trischler, Esq. (*via email*)