IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| IN RE: VALSARTAN N-NITROSODIMETHYLAMINE (NDMA) CONTAMINATION PRODUCTS LIABILITY LITIGATION | Civil No. 19-2875 (RBK/JS) |
|---|---|

ORDER

The Court noting that Magistrate Judges have broad authority to manage discovery and that matters of docket control and the conduct of discovery are committed to the sound discretion of the Court (Parker v. Atlantic City Bd. Of Educ., C.A. No. 15-8712(JHR/JS), 2017 WL 662979, at *3 (D.N.J. Feb. 17, 2017)); and the Court further noting its goal is to manage discovery to secure the "just, speedy, and inexpensive determination" of this action (see Fed.R.Civ.P. 1); and the Court being convinced that the informal meeting directed by this Order will further the goals of Rule 1; and other good cause existing to enter this Order; and accordingly,

IT IS HEREBY ORDERED this 18th day of October, 2019, that Mr. Jun Du, a representative of Zhejhang Huahai Pharmaceutical ("ZHP")[1], shall appear at the U.S. Courthouse, Camden, New Jersey, Honorable Joseph E. Irenas Conference Room, on October 23, 2019 at

---

[1] The Court is not certain which ZHP entity employs Mr. Du.

10:00 a.m. The purpose of the appearance is for Mr. Du to informally meet with plaintiffs' counsel to assist the parties to identify appropriate records custodians and search terms to use for the document/ESI productions of defendants ZHP, Huahai, Solco, and Prinston; and it is further ORDERED:

1. A total of four (4) plaintiff attorneys may attend the meeting. Only one (1) attorney may question Mr. Du.

2. This Court will be present at the meeting.

3. No record will be kept of the meeting and the meeting will not be recorded.

4. Nothing that is said or done at the meeting is evidentiary and may not be used for any purpose other than to assist the parties to identify relevant records custodians and search terms.

5. The Court will take all reasonable steps to assure that the interests of ZHP and Mr. Du are not prejudiced.

6. ZHP reserves all objections to discoverability and admissibility, as well as all defenses, jurisdictional or otherwise, including all issues that could be raised under Fed.R.Civ.P. 12; and it is further

ORDERED that to the extent feasible, prior to the scheduled meeting, but by no later than at the meeting, ZHP shall produce relevant corporate and business unit organization charts and directories that will assist the parties to identify relevant records custodians and search terms; and it is further

ORDERED a non-exclusive list of relevant subject areas plaintiffs may address with Mr. Du includes the following areas:

2

who prepared and received copies of the relevant root cause analysis, who prepared and reviewed internal presentations regarding the valsartan contamination, corporate hierarchy and organization, persons knowledgeable about the relevant manufacturing processes and changes made, testing done – who, what, where, when and, knowledgeable persons in each of ZHP's key business units-manufacturing, QC/QA, business development/sales, and regulatory.  It is understood that ZHP is not representing that Mr. Du has relevant information regarding all of these areas; and it is further

ORDERED that this Order is entered without prejudice to plaintiffs' right to ask for additional information to assist plaintiffs to identify relevant records custodians and search terms.

s/ Joel Schneider  
JOEL SCHNEIDER  
United States Magistrate Judge

3