| | | |
|---|---|---|
| NEW YORK | **Duane Morris®** | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | SETH A. GOLDBERG | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1175 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 689 2198 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* SAGoldberg@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

November 5, 2019

**VIA ECF**

The Honorable Joel Schneider
United States Magistrate Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3C
Camden, NJ 08101

        Re: **In re Valsartan Products Liability Litigation**
             **Case No. 1:19-md-02875-RBK-JS**

Dear Judge Schneider:

      This letter is to provide Defendants' position with respect to the topics on the agenda for the November 6, 2019 status conference.

**1.     Macro Discovery Issues[1]**

      Pursuant to the Court's October 22, 2019 Order on Macro Discovery Issues (ECF 280), the Manufacturer Defendants met and conferred on the macro discovery issues on October 15, 2019

---

[1] These macro discovery issues, as Defendants understand them, relate to Plaintiffs' First Set of Requests for Production of Documents to All API and Finished-Dose Manufacturing Defendants. Because the retailers (the "Retailer Defendants") and the wholesaler/distributor/repackaging defendants (the "Wholesaler/Distributor/Repackaging Defendants") have not been involved in the meet and confers relating to these issues, and consistent with the Court's assurance that the issues raised during the current discussion of macro discovery issues need not be exclusive or dispositive to macro discovery issues that may arise later in the proceedings as discovery

DuaneMorris

The Honorable Joel Schneider
November 5, 2019
Page 2

and on November 2, 2019, and submitted opening letter briefs on the macro discovery issues for which they were assigned such briefing by the Court on November 5, 2019. The Manufacturer Defendants anticipate filing their response to Plaintiffs' letter brief by November 18, 2019, consistent with the Order.[2]

2.   **Ongoing Meet and Confer Processes**

   a.  *ESI Custodians*

The meet and confer process related to ESI custodians is ongoing. Counsel for the Manufacturer Defendants have met with Plaintiffs' counsel jointly and separately, and in person and telephonically, since October 7. In addition, pursuant to an Order entered by the Court on October 21, 2019 (ECF 274), Mr. Jun Du and counsel for Zhejiang Huahai Pharmaceutical Co. ("ZHP") met with Plaintiffs' counsel at the courthouse on October 23, 2019 for an informal meeting to discuss ESI custodians, which meeting covered a wide range of topics pertaining to the business of ZHP, Prinston Pharmaceutical Inc., Huahai U.S., Inc. and Solco Healthcare U.S., LLC.

---

proceeds, the Retailer Defendants and the Wholesaler/Distributor/Repackaging Defendants reserve the right to comment at a later date on these issues.

[2] Because Plaintiffs' document requests are explicitly limited to the Manufacturer Defendants, only the Manufacturer Defendants are currently obligated to establish an ESI custodian list for the purpose of collecting and producing documents responsive to those document requests. Likewise, although the October 22, 2019 Order (ECF 280) is not expressly limited to the Manufacturer Defendants, the macro issues appear to be directed at the manufacturing level of the supply chain, as many of the issues—such as discovery of foreign regulatory materials, of foreign sales, of the finished dose manufacturing process, and of types of testing, and determining which party bears the cost of translation—apply only to the Manufacturer Defendants. Indeed, as discussed herein, discovery produced by the Wholesaler/Distributor/Repackager and Retail Pharmacy levels of the supply chain should be limited to those specific requests in the Defendant Fact Sheet, and to those cases in which any given retailer has actually been named as a party, without the need for custodial discovery. Plaintiffs and the Retailer Defendants have just begun to meet and confer regarding the section of the Defendant Fact Sheet relating to the Retailer Defendants.

DuaneMorris

The Honorable Joel Schneider
November 5, 2019
Page 3

The various meetings have resulted in material information being provided by the Manufacturer Defendants, and the continued development of fulsome ESI custodian lists for each of the Manufacturer Defendants and, where applicable, their distributor and FDA liaison subsidiaries. The Manufacturer Defendants anticipate that the Court's ruling on the macro discovery issues will help the parties further define the appropriate scope of their respective ESI custodian lists.

   b. *ESI Search Terms*

The meet and confer process related to ESI search terms is also ongoing. Plaintiffs and the Manufacturer Defendants have conferred several times to hold detailed discussions about the relevancy and burden of certain search terms and modifiers. In fact, the next meet and confer is scheduled for later this week. Similar to the ESI custodians, the Manufacturer Defendants anticipate that the Court's ruling on the macro discovery issues will help the parties determine the appropriate search terms.[3]

   c. *Objections to Plaintiffs' Document Requests*

Pursuant to Case Management Order No. 12 (ECF 185), the Manufacturer Defendants served their objections to Plaintiffs' First Set of Requests for Production of Documents to All API and Finished-Dose Manufacturing Defendants on October 15, 2019. Many of the Manufacturer Defendants' objections are related to the macro discovery issues and will be influenced by the Court's decision on those issues. Nevertheless, the Manufacturer Defendants stated in their

---

[3] Just as the ESI custodian meet and confers have been restricted to the Manufacturer Defendants based on the explicit limitation of Plaintiffs' discovery requests, so to have the discussions about the search terms to be used to collect ESI from the Manufacturer Defendants.  Given the different kinds of information that might be provided by the other levels of the supply chain, discussions about how that information might be produced are to be conducted among Plaintiffs and representatives of those levels of the supply chain.

DuaneMorris

DuaneMorris

The Honorable Joel Schneider
November 5, 2019
Page 4

objections that they were willing to meet and confer on the appropriate scope of many of Plaintiffs' overbroad requests, and the parties have been working together to schedule and participate in those meet and confers.

3. **Defendant Fact Sheet**

On October 12, Plaintiffs sent all Defendants an edited version of the Defendant Fact Sheet ("DFS"). Consistent with the Court's guidance at the September 25 Case Management Conference, *see* Sept. 25, 2019 Tr. at 47, Plaintiffs' October 12 version added new sections to the DFS that included questions—identical to those asked of the Manufacturer Defendants—directed toward the Wholesaler/Distributor/Repackaging Defendants and the Retailer Defendants. On October 23, the Manufacturer Defendants responded to Plaintiffs with comments and line edits to the questions directed to the Manufacturer Defendants. Given that the Plaintiffs' October 12 draft proposed, for the first time, broad discovery from the Retailer Defendants, they responded on October 23 to advise Plaintiffs that they were conferring regarding the newly proposed Retailer-specific questions, but required more time to assess the newly added questions directed at them. The Retailer Defendants then provided comments and line edits to Plaintiffs on November 1. Representatives of each level of the supply chain—Manufacturers, Wholesalers/Distributors/Repackagers, and Retail Pharmacies—have been separately meeting and conferring with Plaintiffs with respect to the requests in the Defendant Fact Sheet that pertain to their specific supply chain level.

4. **Filing and Service of Short Form Complaints**

Case Management Order No. 9 (ECF 128) requires all Plaintiffs to register for "and use the online MDL Centrality System designed and provided by BrownGreer PLC…to *complete and*

DuaneMorris

The Honorable Joel Schneider
November 5, 2019
Page 5

*serve* Short Form Complaints[,] Fact Sheets, and Related Documents." ECF 128 at 1, ¶ 1 (emphasis added); *see also id.* at ¶ 1(a) (requiring all Plaintiffs to "establish a secure online portal in the MDL Centrality online system"). Some Plaintiffs, however, have not been using MDL Centrality to complete or serve the Short Form Complaints ("SFCs").

    a.  *Failure to complete SFCs on MDL Centrality.*

There are two ways to submit a SFC through MDL Centrality. First, a Plaintiff can complete the SFC using the fillable form on the MDL Centrality platform. MDL Centrality then allows the Plaintiff to finalize the SFC into a PDF that can be filed with the Court. When a Plaintiff completes, files, and serves a SFC in this manner through the MDL Centrality system, the data from that SFC is compiled and reviewable through the platform's reporting functions. Alternatively, a Plaintiff can create their own PDF version of the Short Form Complaint outside of the MDL Centrality system, file it with the Court, and then upload that as-filed version to MDL Centrality for service on Defendants. When a Plaintiff completes and files a SFC in this manner *outside* of the MDL Centrality system, and then uses MDL Centrality only to *serve* the SFC, the data from that SFC is not compiled and is not reviewable through the platform's reporting functions. An initial review of the 106 SFCs filed as of November 1, 2019 showed that 35, or about one third of all SFCs, have been completed *outside* of MDL Centrality. When a report is generated through MDL Centrality, all data for these 35 SFCs is blank other than the Plaintiff's name and law firm. Additionally, because many of these Plaintiffs appear to be creating their own fillable PDFs, the text in many sections is cut off and not visible in the version filed through CM/ECF and uploaded to MDL Centrality.

Duane Morris

Defendants respectfully request that the Court clarify that all SFCs and Fact Sheets must be both *completed* and filed through the MDL Centrality System, and that any Plaintiff who has failed to complete a SFC through MDL Centrality must re-complete the SFC through the platform's fillable form.[4] The reporting functionality is one of the main reasons behind using a system like MDL Centrality in complex MDLs like this one. The reports allow the parties to view compiled data—like the injuries alleged, claims raised, state of residence, defendants named, among other things—in spreadsheet form, rather than having to open and annotate each document individually. Plaintiffs have represented that they anticipate filing thousands of cases, *see* May 8, 2019 Tr. at 16:6-8, making this reporting function critically important for all parties as an increasing number of SFCs, Plaintiff Fact Sheets, and eventually Defendant Fact sheets are filed.

    b. *Failure to serve SFCs through MDL Centrality.*

Some Plaintiffs have also been failing to upload and serve their SFCs through MDL Centrality at all. Instead, some have been attempting to mail or email the SFCs to counsel or to mail the SFCs to individual Defendants. Those Plaintiffs have not uploaded their SFCs to MDL Centrality, and there is therefore no record of service under CMO 9. *See* ECF 128 at ¶ 1(e) ("The records maintained by MDL Centrality concerning service shall be presumed authoritative for

---

[4] If the Court enters an order confirming that parties must complete all SFCs and Fact Sheets through MDL Centrality, counsel can inquire whether BrownGreer can eliminate the second option allowing the upload of the completed SFC or Fact Sheet in lieu of completing MDL Centrality's fillable form. This would hopefully streamline the process and avoid a situation where the parties need to repeatedly raise this issue on an individual basis each time a document is improperly completed and uploaded.

DuaneMorris

The Honorable Joel Schneider
November 5, 2019
Page 7

purposes of establishing service."). Case Management Order No. 9 requires service of SFCs to occur through MDL Centrality *unless* service on a particular Defendant is not possible through the platform. *See* ECF 128 at ¶ 1(e)-(f). In this instance, however, service is being attempted on Defendants who have registered to receive service through MDL Centrality. It is Defendants' position that the attempted service of these SFCs is improper; Defendants who have registered for MDL Centrality are not properly served with a SFC unless it is served through and viewable on MDL Centrality.

5.      **Plaintiffs' April 2019 Request for ESI Information**

Plaintiffs' April discovery letter raises eight pages of more than 80 hyper-technical questions regarding Defendants' ESI, including network servers, email and messaging servers and systems, hard drives, and non-company computers and devices. Defendants object to the vast majority of Plaintiffs' requests as overbroad, unduly burdensome, and not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Moreover, answering these questions before establishing the scope of discovery—and thus before determining the scope of any required document collection—is premature. However, in the interest of compromise, the Manufacturer Defendants have been and will continue sharing certain relevant information about their ESI on an ongoing basis as part of the meet-and-confer process. Plaintiffs' April discovery letter and the Manufacturer Defendants' response are attached as Exhibits A and B.

                                        Respectfully submitted,

                                        /s/ Seth A. Goldberg
                                        Seth A. Goldberg

DuaneMorris

DuaneMorris

The Honorable Joel Schneider
November 5, 2019
Page 8

cc: Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
      Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
      Lori G. Cohen, Esq. (*via email*)
      Clem C. Trischler, Esq. (*via email*)