# Exhibit 34

2011 WL 3495987
Only the Westlaw citation is currently available.
United States District Court, D. Nevada.

Genine CANNATA, et al., Plaintiffs,
v.
WYNDHAM WORLDWIDE CORPORATION, et al., Defendants.

No. 2:10–cv–00068–PMP–LRL.
|
Aug. 10, 2011.

**Attorneys and Law Firms**

Edward Chapin, Chapin Fitzgerald Sullivan LLP, San Diego, CA, Felicia Medina, Jill Sullivan, Stefanie Roemer, Sanford Wittels & Heisler, LLP, Washington, DC, Vincent J. Aiello, The Law Office of Vincent J. Aiello Chtd., Las Vegas, NV, for Plaintiffs.

Bruce C. Young, Deborah L. Westbrook, Patrick H. Hicks, Wendy M. Krincek, Jeanine Olivares Navarro, Kristina N. Escamilla, Littler Mendelson, PC, Las Vegas, NV, for Defendants.

### ORDER

LAWRENCE R. LEAVITT, United States Magistrate Judge.

*1 Before the court is defendants' Emergency Motion for Protective Order (# 177). The court has reviewed the motion (# 177) and exhibits, plaintiffs' Opposition (# 180), and defendants' Reply (# 182). For the following reasons, defendants' motion will be denied.

This case arises from plaintiffs' allegations that they were subjected to widespread sexual harassment and discrimination in the workplace while they were employed by the Wyndham Worldwide Corporation ("Wyndham"). The parties and the court are familiar with the factual and procedural background of this case. The court, therefore, will only discuss the background that is relevant to the instant motion.

On May 26, 2011, plaintiffs served defendants with a Notice of Rule 30(b)(6) Deposition ("Notice"), wherein plaintiffs scheduled a deposition of defendants' person most knowledgeable ("PMK") on June 27, 2011. Exh. 1 to Mot. (# 177). The Notice did not state a specific location for the deposition, but instead listed the location as "TBA". *Id.* at 2. The Notice included the following four topics: (1) litigation hold; (2) electronically stored information ("ESI"); (3) corporate structure; and (4) policies and procedures, which also covered dozens of sub-topics.

On June 14, 2011, the court held a discovery hearing in which the parties discussed their respective proposed e-discovery plans and their disputes related to the Notice topics. Disc. Hr'g Tr. (# 192). The court ordered the parties to proceed with the scheduled deposition of defendants' ESI designee on June 27, 2011. Disc. Hr'g Mins. (# 176). After that deposition, the parties were to make "an effort to narrow the scope of the electronic discovery to be undertaken in this case, including the sources of ESI and the list of terms and individuals that will govern the search for e-mails." *Id.*

The parties met and conferred after the hearing; however, they were unable to reach an agreement with respect to limiting the scope of ESI discovery or narrowing the topics included in the Notice. Defendants subsequently notified Plaintiffs that their ESI designee would not be available as scheduled on July 27th. The parties could not agree to reschedule the ESI deposition; therefore, defendants filed the instant motion.

### Discussion

The court has the power to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" in connection with discovery requests. Fed.R.Civ.P. 26(c)(1). The party seeking a protective order must point to specific facts that support a request for a protective order, "as opposed to conclusory or speculative statements for the need for a protective order and the harm which will be suffered without one." *Frideres v. Schlitz,* 150 F.R.D. 153, 156 (S.D.Iowa 1993) (citing *Brittain v. Stroh Brewing Co.,* 136 F.R.D. 408, 412 (M.D.N.C.1991)). A showing that the discovery may involve merely some inconvenience or expense does not suffice to establish good cause under Rule 26(c). *Turner Broad. Sys., Inc. v. Trucinda Corp.,* 175 F.R.D. 554, 557 (D.Nev.1997). Furthermore, if a motion for protective order is wholly or partly denied, the court may, on just terms, order that a party provide or permit discovery. Fed.R.Civ.P. 26(c)(2).

**Deposition Location**

 *2 In their motion, defendants' initially argued that the Notice was wholly invalid because it did not list a location for the deposition in accordance with Rule 30(b)(1) and instead stated that the location was "TBA." Rule 30(b)(1) provides that a party may take the deposition of any person upon reasonable notice, which "must state the time and place of the deposition." Since the location designated for the taking of a deposition is solely within the discretion of the court, a protective order may be appropriate when a person will suffer a great hardship by, or is economically incapable of submitting to, a deposition as noticed. *de Dalmady v. Price Waterhouse & Co.,* 62 F.R.D. 157 (D.P.R.1973). Defendants have not offered a specific reason why their designee was unable to be deposed on the June 27th date—with or without a specific location. Instead, defendants merely complain that plaintiffs were unwilling to extend a professional courtesy and reschedule the deposition. In light of the parties' later agreement to reschedule the ESI designee, the court is not persuaded that it must invalidate the Notice for failure to comply with Rule 30(b)(1).

**Litigation Hold**

Defendants ask the court to issue a protective order limiting the scope of the litigation hold topic to the identity of persons who received litigation hold notices and the information regarding what such recipients were instructed to do to preserve evidence. Defendants further request that this information be provided via an interrogatory response, rather than a deposition, because they have already provided plaintiffs with a summary of their email retention and litigation hold practices. Exh. 4 to Mot. (# 177). The summary contained a sample of a redacted interoffice memorandum detailing document preservation hold instructions for documents and other materials.

An organization "must inform its officers and employees of the actual or anticipated litigation, and identify for them the kinds of documents that are thought to be relevant to it." *Samsung Elecs Co., Ltd. v. Rambus, Inc.,* 439 F.Supp.2d 524, 565 (E.D.Va.2006), *vacated on other grounds,* 523 F.3d 1374 (Fed.Cir.2008). Recent case law has expanded traditional concepts of the duty to preserve evidence within the context of modern technology and ESI. *See, e.g., Zubulake v. UBS Warburg LLC,* 229 F.R.D. 422, 431 (S.D.N.Y.2004) ( "*Zubulake V* "). Organizations may employ the use of a "litigation hold" or document retention notice to inform its data custodians to preserve relevant electronic information and help prevent losses due to routine business operations. *Zubulake v. UBS Warburg LLC,* 220 F.R.D. 212, 218 (S.D.N.Y.2003) ("*Zubulake IV* ").

In general, unless spoliation is at issue, a litigation hold letter is not discoverable, particularly where it is shown that the letter includes material protected by the attorney-client privilege or the work product doctrine. *See, e.g., Ingersoll v. Farmland Foods, Inc.,* 2011 WL 1131129, at * 17 (W.D.Mo. Mar. 28, 2011). To the extent, however, that defendants seek "to foreclose *any* inquiry into the contents of those notices at deposition or through other means, such a position is not tenable." *In re Ebay Seller Antitrust Litig.,* 2007 WL 2852364, at *2 (N.D.Cal. Oct. 2, 2007) (emphasis in original). Plaintiffs are entitled to know "what kinds and categories of ESI [defendant's] employees were instructed to preserve and collect, and what specific actions they were instructed to undertake to that end." *Id.* This conclusion is supported by the Advisory Committee's comments to Rule 26(b)(2): "[t]he responding party must also identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing."

 *3 Defendants' assertion that the Notice's first topic regarding litigation hold is overbroad is not well founded. Plaintiffs represent that they're not interested in the actual attorney-client communication; nor will a summary of defendants' general litigation hold practices suffice. Rather, plaintiffs seek answers concerning what has actually happened in this case, *i.e.,* when and to whom the litigation hold letter was given, what kinds and categories of ESI were included in defendants' litigation hold letter, and what specific actions defendants' employees were instructed to take to that end. Although the letters themselves may be privileged, the basic details surrounding the litigation hold are not. These requests are reasonable and may ultimately benefit defendants if questions ever arise concerning defendants efforts to preserve relevant ESI.

Similarly, defendants' vague assertion that the overwrite function issue occurred prior to when the litigation hold went into effect does not clearly indicate whether defendants disabled all automatic deletions once the litigation hold was in place. The Advisory Committee's comments to Rule 37(e) provide that any automatic deletion feature should be turned off once a litigation hold is imposed. *See also Peskoff v. Faber,* 244 F.R.D. 54, 60 (D.D.C.2007); *Cache La Poudre Feeds,*

*LLC v. Land O'Lakes, Inc.,* 244 F.R.D. 614, (D.Colo.2007) (noting that once a "litigation hold" has been established, a party cannot continue a routine procedure that effectively ensures that potentially relevant and readily available ESI is destroyed). The court finds that the answer to this overwrite question, together with the answers to the preceding litigation hold questions, will allow the parties to craft a narrow, manageable ESI plan. Thus, the court will deny defendants' request for a protective order limiting the scope of the litigation hold topic.

**Policies and Procedures**

Defendants argue that plaintiffs' policies and procedures topic is overly broad and fails to meet the reasonable particularity standard set forth in Rule 30(b)(6). Defendants' over breadth arguments center around the temporal and geographic scope of this topic. Plaintiffs have since offered to narrow the scope of their geographic inquiry to California and Nevada and their temporal inquiry to 2005 through the present. Opp'n (# 180) at 15. However, defendants ask the court to limit the relevant time frame to 2007 to 2009—the time frame corresponding to plaintiffs' allegations. In its previous Order (# 183) compelling defendants to produce discrimination complaints, the court held that the 2005 to 2009 temporal scope of plaintiffs' requests was reasonable. Order (# 183) at 3. This time frame is also consistent with case law finding the time period prior and subsequent to the discriminatory conduct to be relevant. *Id.* at 4. The court, therefore, concludes that the same time frame—2005 to 2009—is appropriate in this context as well. Accordingly, the geographic scope of this topic will consist of California and Nevada and the temporal scope will be 2005 to 2009.

**Corporate Structure**

*\*4 In regard to their corporate structure, defendants claim that plaintiffs' Notice is facially over broad, vague, unduly burdensome, and duplicative. Defendants argue that they have already produced hundreds of documents on this topic, answered dozens of interrogatories, and directed plaintiffs to a website with information about Wyndham's directors. Thus, it is defendants' position that they have already explained the relationship of their human resources structure to the various corporate entities. Plaintiffs, however, maintain that those previous efforts amounted to conclusory statements that did not provide them with information concerning centralized control of labor relations, common management, common ownership, and financial relationships between the Wyndham entities. The court finds that defendants have failed to show how these sub-topics are inappropriate for deposition or amount to requests for legal conclusions from their corporate designate. This information is relevant and discoverable as it relates to the potential liability of each corporate entity. *See EEOC v. ABM Industries, Inc.,* 2010 WL 785819, at *7–8 (E.D. Cal Mar. 4, 2010) (ordering the production of documents relevant to whether defendants were joint employers of the parties in issue).

In addition, defendants complain that plaintiff's broad definition of "Wyndham Defendants" makes it impossible for them to provide a designee who would have the requisite knowledge to answer plaintiffs' sweeping questions. In as much as defendants find this request unduly burdensome for a single designee, Rule 30(b)(6) provides relief by allowing an organization to designate "one or more" persons to testify. In sum, the court cannot conclude that plaintiffs' Notice is facially over broad, vague, unduly burdensome, or duplicative. Defendants have failed to show good cause for issuance of a protective order.

Accordingly, and for good cause shown,

IT IS ORDERED that defendants' Motion for Protective Order (# 177) is DENIED.

IT IS FURTHER ORDERED that the PMK depositions shall be undertaken not later than *September 2, 2011,* in accordance with the narrowed scope set forth herein.

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 3495987