

| | | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | *FIRM and AFFILIATE OFFICES* | BALTIMORE |
| PHILADELPHIA | | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | SETH A. GOLDBERG | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1175 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 689 2198 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* SAGoldberg@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

December 2, 2019

<u>**VIA ECF**</u>

The Honorable Joel Schneider
United States Magistrate Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

        Re:    <u>**In re Valsartan NDMA Products Liability Litigation**</u>
               <u>**Case No. 1:19-md-02875-RBK-JS**</u>

Dear Judge Schneider:

      I am writing on behalf of the Manufacturing Defendants to request the Court's guidance with respect to an issue that arose late Friday afternoon.

      Since August 16, 2019, December 11 has been the date set for the resolution of all disputes regarding Plaintiffs' First Set of Requests for Production of Documents to All API and Finished-Dose Manufacturing Defendants ("Original Document Requests"), which were served on August 30, 2019, *see* ECF No. 12 at ¶ 6, and the parties are required to submit their briefs regarding any disputes as to Plaintiffs' Original Document Requests on Thursday, December 5. At Plaintiffs' request on November 24, Defendants agreed to extend the deadline for those briefs, which the Court had previously set for November 27.

      Plaintiffs' Original Document Requests have formed the basis of all of the work the parties and the Court have done regarding discovery since early October. Including two meet and confer sessions scheduled for this week, the parties will have met *12 times* since October 28 to discuss the scope of Plaintiffs' Original Document Requests when they file their briefs on those requests on December 5; not to mention the meet and confers on ESI custodians and search terms. In addition, many of Plaintiffs' Original Document Requests were explicitly referenced in Defendants' macro discovery issue briefing, and are subject to the Court's macro discovery issue



The Honorable Joel Schneider
December 2, 2019
Page 2

rulings of November 22. *See* ECF No. 303. Furthermore, the Court determined on November 22 that Defendants' Amended Objections to Plaintiffs' Original Document Requests are effective and not, as Plaintiffs asserted, waived. *Id*.

Due to the extensive negotiations and Court rulings regarding Plaintiffs' Original Document Requests, as of the eve of Thanksgiving the parties appeared to have winnowed down many of the Rule 34 issues that require briefing on December 5. Nevertheless, at approximately 4:00 p.m. on Friday afternoon, the day after Thanksgiving, Plaintiffs served a set of "Amended Document Requests" that Plaintiffs assert revise Plaintiffs' Original Document Requests to incorporate Plaintiffs' understanding of the various meet and confer discussions, Defendants' Amended Objections, and the Court's November 22 rulings on macro discovery issues. *See* Geddis Email and redline of Amended Requests dated 11/28/19, attached as Exhibit A.

In serving those Amended Documents Requests, Plaintiffs requested that Defendants review the Amended Document Requests and advise Plaintiffs as to any of the amended requests Defendants "believe to be objectionable, in order to streamline the briefing" on December 5. *Id*. However, the past few months of negotiations and recent Court rulings were intended to "streamline" the issues that are in dispute, and neither the Court nor Plaintiffs ever indicated the possibility, let alone the necessity, of an amended set of document requests that would require another round of objections and meet and confers as to those objections before the December 11 hearing. Plaintiffs' suggestion that Defendants should review the 117 Amended Documents Requests (and dozens of sub-requests) in a day or two in order to identify any issues for briefing on December 5 is an affront to the process the Court put in place and in which the parties and the Court have been engaged for months.

Defendants contend that the ***12 meet and confer sessions*** regarding Plaintiffs' Original Document Requests, coupled with Defendants' Amended Objections and the Court's rulings on macro discovery issues, have resulted in the necessary winnowing and "streamlining" for the parties' briefing on December 5, and Defendants assert that Plaintiffs' Amended Document Requests should be stricken as unnecessary. Indeed, until Friday afternoon the possibility of such Amended Document Requests had never been raised with the Court nor among the parties, and their intrusion now serves only to frustrate and subvert the months-long process surrounding Plaintiffs' Original Document Requests, which culminates this week and next with briefing on December 5 and the December 11 hearing.[1]

We look forward to receiving the Court's guidance on this issue.

---

[1] Should the Court view Plaintiffs' Amended Document Requests as requiring responses and objections, the Rule 34 aspect of the December 11 hearing should be postponed to allow Defendants the time allotted under the Rules to so respond and object, and so the parties can then determine what Rule 34 issues remain for the Court to resolve.

DuaneMorris

The Honorable Joel Schneider
December 2, 2019
Page 3

                                  Respectfully submitted,

                                  */s/ Seth A. Goldberg*

                                  Seth A. Goldberg

SAG
Enclosures

cc:     Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
         Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
         Lori G. Cohen, Esq. (*via email*)
         Clem C. Trischler, Esq. (*via email*)

Case 1:19-md-02875-RMB-SAK   Document 306   Filed 12/02/19   Page 3 of 3 PageID: 4122