# Exhibit 17

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____

IN RE:  VALSARTAN PRODUCTS        CIVIL ACTION NUMBER:
LIABILITY LITIGATION              19-md-02875-RBK-JS

_____    STATUS CONFERENCE

    Mitchell H. Cohen Building & U.S. Courthouse
    4th & Cooper Streets
    Camden, New Jersey  08101
    August 14, 2019
    Commencing at 2:09 p.m.

**B E F O R E:**              THE HONORABLE JOEL SCHNEIDER,
                              UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S:**

    MAZIE SLATER KATZ & FREEMAN, LLC
    BY:  ADAM M. SLATER, ESQUIRE
    103 Eisenhower Parkway
    Roseland, New Jersey  07068
    For the Plaintiff

    GOLOMB & HONIK, P.C.
    BY:  RUBEN HONIK, ESQUIRE
    1835 Market Street, Suite 2900
    Philadelphia, Pennsylvania  19103
    For the Plaintiff

    KANNER & WHITELEY, LLC
    BY:  CONLEE S. WHITELEY, ESQUIRE
    701 Camp Street
    New Orleans, Louisiana  70130
    For the Plaintiff

        Carol Farrell, Official Court Reporter
            cfarrell.crr@gmail.com
                856-318-6100

 Proceedings recorded by mechanical stenography; transcript
      produced by computer-aided transcription.

1  you don't have the kind of documents you think would give you
2  that, we'll respond in connection with the document requests.
3  That may be the best thing to do.  In terms of -- you know, we
4  haven't crossed the bridge in this case yet whether 30(b)(6)
5  depositions or informal interviews, that issue hasn't
6  been handled --
7            THE COURT:  No, it hasn't.
8            MR. GOLDBERG:  I mean, we're trying to propose a
9  process where we can hopefully avoid even getting to that
10 bridge.
11           THE COURT:  We may differ on this, but it seems to me
12 that a defendant should take the first cut at the custodians
13 and the plaintiffs should take the first cut at the search
14 terms.
15           MR. SLATER:  That's fine.
16           THE COURT:  Because you know what you're looking for.
17           MR. SLATER:  We have some idea.
18           And then, also, it may be helpful -- we're obviously
19 going to ask for a lot of different corporate organizational
20 charts in a formal way in the discovery requests.  It would be
21 helpful, when they provide us the proposed custodians, to
22 provide those work charts that they do have, or at least
23 something that lays out how the company --
24           THE COURT:  Internal, as opposed to what you have
25 agreed to exchange, sort of the corporate-wide organization?

1    MR. SLATER: Correct, correct. And we are obviously
2    going to formally request things, you know, like corporate
3    organization of the company and then -- you know, in different
4    departments, medical affairs or clinical affairs, you know,
5    the different quality assurance departments, all the
6    departments that we relate, but to the extent they have that
7    information, it may not be something we have to wait for the
8    discovery requests to be formalized before we get that.  We
9    would just ask that they start giving that to us because,
10   again, then we can understand what is it that we're looking
11   for, what's the vocabulary of the different departments, and
12   then when we do finally get to the point of being able to have
13   a candid interaction, we can say, well, you know, what did
14   this department do?  Was testing done by this department?  Who
15   were the people in charge?  Who were doing the inspections?
16   Who were -- you know, who were crystallizing -- the obvious
17   questions, and we can at least understand the structure that
18   we're discussing.
19        THE COURT:  Let me ask you a question.  At least for
20   the moment, are we dealing with the two categories of
21   defendants that were identified in the Core Discovery Order?
22   We're not waiving any right to take discovery -- document
23   requests regarding the wholesalers, retailers, those people,
24   but are we focussing on those two categories, the API people
25   and the finished product people?