# Exhibit 26

| | | |
|---|---|---|
| NEW YORK | **DuaneMorris®** | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | SETH A. GOLDBERG | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1175 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 689 2198 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* SAGoldberg@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

November 14, 2019

**VIA E-MAIL**

Adam M. Slater, Esquire
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, NJ 07068

      Re:    <u>In re Valsartan NDMA Products Liability Litigation Case
               No. 1:19-md-02875-RBK-JS: Plaintiffs' Preliminary ZHP Custodian List</u>

Dear Adam:

      This letter is in response to your November 12, 2019 letter in which you enclosed Plaintiffs' "preliminary" custodian list for ZHP and its subsidiaries, which was composed of 141 potential custodians, 89 of which you identify as "New"—having never been discussed before—and requesting that we provide additional information regarding each one of the 141.[1]

      As a preliminary matter, we have already agreed to search the files of 28 custodians, after interviews with our client, a series of meet and confers with Plaintiffs' counsel, the production of core discovery, and the interview of Mr. Jun Du, the CEO of Prinston Pharmaceutical. We have proposed or agreed to these custodians in good faith, and believe that this list should be sufficient. *See Mortg. Resolution Serv., LLC v. JPMorgan Chase Bank*, 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017) ("Absent agreement among the parties … the responding party is entitled to select

---

[1] Your Letter and accompanying chart are incorrect to the extent that they purport to show agreement among the parties as to all custodians listed other than those designated as "New." The custodians to whom we have agreed are the 28 people noted in my October 22, 2019 letter. Specifically, we have not agreed to all custodians proffered by Plaintiffs on October 8, 2019. Despite the fact that we have meet and conferred twice since October 8th, Plaintiffs have not inquired about their October 8th proffered custodians or confirmed our approval.

DUANE MORRIS LLP

30 SOUTH 17TH STREET    PHILADELPHIA, PA 19103-4196        PHONE: +1 215 979 1000    FAX: +1 215 979 1020

DuaneMorris

Adam M. Slater, Esquire
November 14, 2019
Page 2

the custodians most likely to possess responsive information and to search the files of those individuals."). We do not understand how the additional 89 individuals—who have never previously been identified by either side, have never been mentioned at multiple meet and confers, about whom you did not ask Mr. Du during his interview despite having the opportunity, and many of whom are so tangential they are not included in any organizational charts—could possibly have significant enough relevant, nonduplicative information that would outweigh the significant burden and cost of adding them as additional custodians. It is difficult to view the inclusion of these individuals, many of whom apparently were included merely because they are associated with a ZHP-affiliated company on LinkedIn, as anything other than an improper fishing expedition. *IQVIA, Inc. v. Veeva Sys., Inc.*, 2018 WL 4380992, at *1 (D.N.J. Sept. 14, 2018) ("Discovery is not a fishing expedition.").

Given that you sent this letter two days ago, we have not had an opportunity to fully evaluate Plaintiffs' entire list. However, even a preliminary review reveals that Plaintiffs' proposed list is wildly overly broad and unduly burdensome. As you know, the scope of discovery is not unlimited. It must take into account, *inter alia*, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*, 2019 WL 3386966, at *7 (N.D. Ill. July 26, 2019) ("In determining whether the [defendant] should be required to search through the ESI of the … proposed additional custodians, th[e] Court considers the 'importance of the discovery in resolving issues in the case and whether the burden or expense of the proposed discovery outweighs its likely benefit.'").

As a few illustrative examples, Plaintiffs' proposed list includes numerous individuals whose importance to resolving the issues in this case is minimal, if not completely absent. As such, the burden and expense of adding them as custodians (when we anticipate hundreds of search terms to be run across each custodian's files), is vastly disproportionate to any potential benefit:

1. **<u>Individuals Who Are Not Relevant Due to Time Frame</u>**

    - Mark Pierce. Plaintiffs' explanation for adding Mr. Pierce as a custodian is "Linkedin," but his LinkedIn page reveals that he did not begin working for a ZHP company until September of 2019.

    - Jenny Lu. Plaintiffs' explanation for adding Ms. Lu as a custodian is "Linkedin," but her LinkedIn page reveals that she did not begin working for a ZHP company until August of 2019.

    - Louis Zhao. Plaintiffs' explanation for adding Mr. Zhao as a custodian is "Linkedin," but his LinkedIn page reveals that he did not begin working for a ZHP company until November of 2018.

DuaneMorris

Adam M. Slater, Esquire
November 14, 2019
Page 3

- Jane Qiu X. Plaintiffs' explanation for adding Ms. Qiu X as a custodian is Linkedin," but her LinkedIn page reveals that she did not begin working for a ZHP company until July of 2018.

- Jack Guan. Plaintiffs' explanation for adding him as a custodian is "Linkedin," but his LinkedIn page reveals that he did not begin working for a ZHP company until January of 2018.

Individuals do not fall within the scope of discovery merely because they are current employees of a ZHP company. *See Jones v. Nat'l Council of YMCA*, 2011 U.S. Dist. LEXIS 123008, at *2 (N.D. Ill. Oct. 21, 2011) (denying Plaintiffs' "untargeted, all-encompassing request" to add an additional 54 custodians, including all members of a group and department as "unreasonably cumulative, overbroad, and of minimal utility."). And given these employees' short tenures, including them as custodians is not likely to be proportional. *See Mann v. City of Chicago*, 2017 WL 3970592, at *5 (N.D. Ill. Sept. 8, 2017) ("mindful that every additional custodian increases the risk of duplication of emails and the time and resources necessary to review emails," denying plaintiffs' request for additional custodians "because of the short tenure of the staff person or the time during which the person held the position[.]"). If you have a basis for why these individuals would have relevant information (that is not duplicative of information likely to be in the possession of the 28 custodians we have already offered), please be prepared to discuss it during our meet and confer on November 15th.

2. **Duplicative Individuals**

- Subordinates of Existing Custodians. In multiple instances, Plaintiffs have proposed a new custodian who is a subordinate to an agreed-upon custodian, and thus is less likely to be a decision-maker and have relevant documents that are not duplicative of the agreed-upon custodian. *See Breuder*, 2019 WL 3386966, at *7 (declining to order defendant to add custodians where "[n]one of the proposed new custodians were decisionmakers [sic] with respect to the decisions that impacted plaintiff and all of them … reported to individuals who are already custodians."). As examples:

    o "New" Sales Custodians. We have agreed to search the files of four of the highest level sales custodians on Zhejiang Huahai's Sales organizational chart (ZHP00000006): (1) Jie Wang (Vice President); (2) Mi Xu (Marketing Senior Director, EU Market, Generic); (3) Sheng Zhong (India Market); and (4) Hongchao Li (reports to Sheng Zhong). In addition, we have already agreed to search the files of Hai Wang (President of Solco) and Chris Keith (Senior Vice President of Marketing & Business Development for Solco), the two individuals who oversee sales of valsartan finished

DuaneMorris

Adam M. Slater, Esquire
November 14, 2019
Page 4

> dose within the United States. Plaintiffs have proposed many new additional sales related custodians, all of whom are lower in the corporate structure than the custodians we have agreed to. For example, Plaintiffs now propose Zho Cheng as a custodian because he "Sells API to India," despite the fact that we have already agreed to search the files of Sheng Zhong, who is in charge of sales for the Indian market, and Hongchao Li, who reports directly to Sheng Zhong.
>
> o "New" Manufacturing Custodians. Plaintiffs now seek to add as custodians Wei Chen and Wenling Zhang, both Deputy Directors, despite the fact that they both report directly to Peng Wang, who we have offered as a custodian. *See* ZHP00000001.
>
> o "New" Quality Custodians. Plaintiffs seek to add many additional Quality custodians, many of whom are not high enough in the organization to be listed on the organizational chart, despite the fact that both the Vice President (Min Li) and Director (Wenquan Zhu) are agreed-upon custodians. *See* ZHP00000003. As one example that *is* on the organizational chart, Plaintiffs seek to add Wenping Hu as a custodian, because he "reviewed data" in a report, but Mr. Hu reports to Director Wenquan Zhu (an agreed-upon custodian) who reports to Vice President Min Li (an agreed-upon custodian).

- Individuals Identified as Translators (e.g., Wei Cheng). The relevant custodial files from a translator are likely duplicative of those of original drafter.

- Individuals Whose Descriptions are Facially Duplicative. Plaintiffs' list includes individuals whose "explanations" are identical—e.g., they were purportedly included as custodians because they "reviewed" the same document or attended the same meeting. For example, Plaintiffs have added 8 new custodians with the explanation that they "[a]ttended close out meeting on 5.19.17 regarding FDA inspection," and 7 of those 8 have no other basis for inclusion. Similarly, Plaintiffs have added two new custodians (Pijie Xu and Weilding Bian) because they both "Reviewed Master Packaging Batch Record," and two new custodians (Yun Tian and Lily Tan) because they both "Approved Method Verification Report for Valsartan." "[P]laintiffs are not entitled to every single document," *Blackrock Allocation Target Shares: Series S Portfolio v. Bank of N.Y.*, 2018 WL 2215510, at *10 (S.D.N.Y. May 15, 2018), or every single copy of a relevant document. Rather, "[t]he selection of custodians [for ESI

DuaneMorris

Adam M. Slater, Esquire
November 14, 2019
Page 5

>discovery] must be designed to respond fully to document requests and to produce responsive, ***nonduplicative documents*** during the relevant time period." *Breuder*, 2019 WL 3386966, at *6 (emphasis added) (internal quotation marks and citation omitted); *Blackrock Allocation*, 2018 WL 2215510, at *10 (declining to order defendants to add two additional custodians where plaintiffs failed to demonstrate that the custodians "possessed unique, relevant documents.") (original emphasis). These custodians and others like them must be de-duplicated if not removed entirely.

3. **Individuals Who Are Not Involved in the Valsartan Manufacturing/Regulatory/Procurement/Sales Processes**

   - Y.F. Chen. Plaintiffs' own description of this individual relates him only to losartan, not valsartan.

   - Frank Chen. Plaintiffs' own description of his role shows that he is not involved in the manufacturing/regulatory/procurement/sales of valsartan (i.e., Chief Investment Officer of Huahai US and Chief Financial Officer of PrinJohnson).

   - Ping Jiang. Plaintiffs' own description of his role shows that he is not involved in the manufacturing/regulatory/procurement/sales of valsartan (i.e., CFO of PrinJohnson 2015-2016).

4. **Individuals Employed by Non-Defendants**

   - Employees of PrinJohnson and Syncores. Neither PrinJohnson nor Syncores is a defendant. Yet, Plaintiffs have added multiple new custodians employed by those companies. Other than Eric Gu, all of these additional custodians were purportedly added because of "Linkedin." As noted above, the fact that people currently identify on LinkedIn as working for a ZHP-affiliated company, without more, if far from sufficient to justify their inclusion as additional custodians, especially since their inclusion would burden a non-party.

As noted above, these objections are preliminary only, and are not exhaustive. However, if you have further substantiation of why any of the above individuals or groups should be custodians, we are willing to discuss it at the November 15th meet and confer. Otherwise, we request that you re-evaluate your proposed custodian list and provide a more targeted, less duplicative list.

DuaneMorris

Adam M. Slater, Esquire
November 14, 2019
Page 6

    It is not reasonable for us to incur the time and expense required to undertake the additional tasks you request in your November 12th letter (confirming first and last names, additional "Chinese" or "Western" names, custodian's title, department, and employer) until we have an agreed-upon custodian list. In light of the comments above, please provide us with a revised proposed custodian list as soon as possible.

                                    Sincerely,

                                    */s/ Seth A. Goldberg*

SAG