# EXHIBIT A

2018 WL 4689112
Only the Westlaw citation
is currently available.
United States District
Court, W.D. Pennsylvania.

Reynolds ALLEY, Plaintiff,
v.
MTD PRODUCTS,
INC., et al., Defendants.

Case No. 3:17-cv-3
|
Signed 09/28/2018

**Attorneys and Law Firms**

Jason M. Schiffman, Schiffman Firm, LLC, Pittsburgh, PA, for Plaintiff.

Brett W. Farrar, Frederick W. Bode, III, Douglas Michael Grimsley, Dickie, McCamey & Chilcote, P.C., Pittsburgh, PA, Patrick J. Quallich, Wegman, Hessler & Vanderburg, Cleveland, OH, for Defendants.

## MEMORANDUM OPINION

KIM R. GIBSON, UNITED STATES DISTRICT JUDGE

### I. Introduction

*1 Before the Court is Defendants' Motion for Protective Order. (ECF No. 57.) The Motion has been fully briefed (*See* ECF Nos. 59, 63, 66) and is ripe for disposition. For the reasons stated below, the Court will **GRANT** Defendants' Motion.

### II. Jurisdiction

The Court has subject-matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391.

### III. Background

Plaintiff Reynolds Alley initiated this lawsuit on January 10, 2017, when he filed his Complaint against Defendants. (ECF No. 1.) Mr. Alley filed his First Amended Complaint on February 2, 2017. (ECF No. 11.)

This is a products liability lawsuit where Mr. Alley alleges that he was injured by a defective snowblower—the Model Number 31A-3BAD762 5.5 HP 22-inch Two Stage Snow Thrower (*see* ECF No. 1 ¶ 10)—that Defendants manufactured and sold. (ECF No. 9 ¶ 9.) Mr. Alley alleges that he was inflating the tire of the snowblower using an air compressor when the tire's plastic rim burst, injuring Mr. Alley's hand. (*Id.* ¶¶ 9-10.)

The Court entered an Initial Scheduling Order (ECF No. 18.) on March 1, 2017, and subsequently entered three Amended Scheduling Orders extending discovery deadlines. (*See* ECF Nos. 44, 52, 61.)

A discovery dispute arose regarding Plaintiff's Amended Rule 30(b)(6) Deposition Notice (ECF No. 57, Ex. B) and a request for production of documents. In the disputed deposition notice, Plaintiff lists nine topics regarding Defendants' methods for storing, creating, retrieving, and retaining electronically stored information that Plaintiff seeks in discovery. (*See id.*)

The disputed request for production of documents, Request for Documents No. 6, seeks:

> [a]ny document including Complaints and correspondence referencing any prior or subsequent claims against you which resulted from the same or similar circumstances as those set forth in the Complaint ... [including] any instance where an individual claims he sustained an injury as a result of use of a similar product.

(ECF No. 57, Ex. C at 5.) Plaintiff argues that this request for production of documents requires Defendants to produce all expert reports, deposition transcripts, and discovery responses generated in prior cases involving snowblowers that Defendants manufactured.

Defendants filed the Motion for Protective Order (ECF No. 57) pending before this Court on May 4, 2018, and the Court held oral argument on August 27, 2018. (*See* ECF No. 72) (transcript of the August 27, 2018, oral argument hereinafter referred to as the "Transcript"). In their Motion for Protective Order, Defendants argue: (1) that in his Rule 30(b)(6) deposition notice, Plaintiff seeks improper "discovery on discovery" by requesting information on Defendants' storage, creation, retrieval, and retention of documents that Plaintiff seeks in discovery; and (2) that Plaintiff's discovery requests for documents from prior litigation involving Defendants' snowblowers are not proportional to the needs of this case under Rule 26(b) of the Federal Rules of Civil Procedure. (ECF No. 57 at 5-9.)

## IV. Legal Standard

**\*2** "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c).

"Good cause is demonstrated by the party establishing a 'clearly defined and serious injury shown with specificity' that will result without the protective order." *Spano v. CSX Transp., Inc.*, No. 3:16-CV-245, 2017 WL 3332246, at \*3 (W.D. Pa. Aug. 3, 2017) (Gibson, J.) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) ). "[T]he party seeking the protective order bears the burden of showing that it is particularly necessary to obviate a significant harm; broad allegations of harm will not suffice." *EEOC v. Grane Healthcare Co.*, No. CIV.A. 3:10-250, 2013 WL 1102880, at \*2 (W.D. Pa. Mar. 15, 2013) (Gibson, J.) (citing *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991) ) (internal citations omitted); *see also Spano*, 2017 WL 3332246, at \*3 (" 'Broad allegations of harm unsubstantiated by specific examples or articulated reasoning' are insufficient" to grant a protective order.) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ).

### V. Discussion

### A. The Court Will Grant Defendants' Motion With Respect to Topics In Plaintiff's 30(b)(6) Deposition Notice that Improperly Seek Discovery on Discovery

"Federal courts will not compel a party to disclose its discovery process as a result of the opponent's mere suspicion that the party's process has not produced adequate documents." *Brand Energy & Infrastructure Servs. v. Irex Corp.*, No. 16-2499, 2018 WL 806341, at *6 (E.D. Pa. Feb. 7, 2018) (quoting Sean Grammel, *Protecting Search Terms As Opinion Work Product: Applying the Work Product Doctrine to Electronic Discovery*, 161 U. PA. L. REV. 2063, 2084 (2013) ) (internal quotation marks omitted). A party cannot seek discovery of another party's discovery processes "[w]ithout any showing of bad faith or unlawful withholding of documents." *Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 428 (D. N.J. 2009).

Here, Plaintiff's Rule 30(b)(6) deposition notice lists topics regarding Defendants' systems for creating, storing, retrieving, and retaining documents. (ECF No. 57-1 at 2.) Plaintiff has not shown that Defendants have acted in bad faith or that they have unlawfully withheld documents.

Rather, Plaintiff argues that its deposition notice does not merely seek information on Defendants' discovery processes, i.e. "discovery on discovery," but rather that Plaintiff "seeks information relevant to Defendants' bald assertion of undue burden." (ECF No. 59 at 7.) However, it is clear that Plaintiff's deposition notice seeks discovery on discovery. Plaintiff seeks "identities of custodians of relevant evidence, the manner and location of storage of documents, the purpose for the creation of documents, how they are indexed, filed, and maintained, etc." (*Id.*)

Despite Plaintiff's characterization of its deposition notice, the Court finds that it is an impermissible request for information on Plaintiff's discovery processes. Other courts faced with discovery disputes regarding requests for information on document storage and retention have found that these requests are impermissible. *See Edgewood*, 257 F.R.D. at 426-28 (holding that a document request seeking information on Ford's document collection and retention system was impermissible without a showing of bad faith); *Brand Energy*, 2018 WL 806341, at *6 (holding that discovery requests regarding the servers that Defendants used to access and store digital information were impermissible). Therefore, the Court finds that topics one through nine in Plaintiff's Amended Rule 30(b)(6) Notice of Deposition (ECF No. 57, Ex. B) seek improper discovery on discovery.

 ***3** Accordingly, the Court will grant Defendants' Motion for Protective Order with respect to topics one through nine in Plaintiff's Amended Rule 30(b)(6) Notice of Deposition. (ECF No. 57, Ex. B.)

### B. The Court Will Grant Defendants' Motion With Respect to Plaintiff's Requests for Discovery Documents

### from Prior Litigation Because These Requests Are Not Proportional to the Needs of This Case

In its discovery requests, Plaintiff seeks expert reports, deposition transcripts, and copies of all discovery requests and responses from prior litigation involving the snowblower model that injured Mr. Alley. (*See* ECF No. 57-3.) The Court agrees with Defendants and finds that these requests are not proportional to the needs of this case.

Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering [1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit."[1] FED. R. CIV. P. 26(b). "Rulings regarding the proper scope of discovery ... are matters consigned to the Court's discretion and judgment." *Johnson v. Johnson*, No. 15-20, 2015 WL 9259405, at *1 (W.D. Pa. Dec. 18, 2015).

[1] For a thorough discussion of the history of Rule 26 and the 2015 amendment that added the proportionality analysis, see *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, F. Supp. 3d 810 (W.D. Pa. 2016).

First, the issues in this action are important. This case involves an individual who sustained bodily injury due to an allegedly defective snowblower. The Court recognizes that Mr. Alley's alleged injuries are serious and that companies producing defective products must be held responsible for injuries caused by their products. However, when considering the other factors in Rule 26(b), the importance of the issues at stake in this case alone does not justify the extensive production of discovery materials from prior litigation.

Second, Plaintiff's requests for the production of documents from prior litigation are not proportional to the amount in controversy in this case. At the oral argument on this Motion, Defendants' Counsel stated that the total amount in controversy in this case is about $100,000, and stated that Mr. Alley incurred about $6,000 in medical bills. (Transcript at 21:25-22:1-4). Plaintiff's counsel did not dispute either of these figures.

The total amount in controversy in this case is roughly equivalent to the cost for Defendants to comply with Plaintiff's discovery requests. Defendants submitted the affidavit of Angela Lavin, Defendants' national discovery counsel, which detailed the cost of producing discovery materials from prior lawsuits in which Defendants were involved. (ECF No. 63-1.) In her affidavit, Ms. Lavin states that it would likely cost Defendants more than $100,000 to produce the documents that Plaintiff seeks. (*Id.* at 5.) This calculation is based on the costs of locating and storing the responsive documents, reviewing these documents for privileged information and HIPPA compliance, and complying with protective orders from the prior lawsuits.[2] (*Id.* at 2-4.)

[2] The Court appreciates that "the fact that these repositories [of electronically stored information] create complex mechanisms to store huge amounts of information cannot be used in and of itself as a shield to avoid discovery requests otherwise permitted under

the Federal Rules of Civil Procedure." *EEOC v. FedEx Ground Package Sys., Inc.*, 2018 WL 1441426, at *3 (W.D. Pa. Mar. 21, 2018) (Hornak, J.). But in this case, the Court has no reason to doubt the veracity of the information in Attorney Lavin's affidavit. Moreover, the Court finds that even if the cost of complying with the discovery requests in question were significantly lower than Attorney Lavin estimated, that burden is still not proportional to the needs of this case.

**\*4** While Plaintiff disputes how much it would cost Defendants to comply with Plaintiff's discovery requests (*see* ECF No. 59 at 9-10; Transcript at 26), the Court finds that a comparison of the amount in controversy to the cost of complying with Plaintiff's discovery requests weighs against production, and weighs in favor of granting Defendants' protective order. Even if Defendants overstated the cost of complying with Plaintiff's discovery request by several thousand dollars, the cost of producing these documents would still be disproportionately close to the amount in controversy in this case. Therefore, the Court finds that Plaintiff's request for the production of documents from prior cases is not proportional to the amount in controversy in this case.

Third, the Court recognizes that Defendants have greater access to the discovery documents that Plaintiff seeks. However, Defendants produced considerable information on prior cases involving the snowblower model that allegedly injured Mr. Alley. Defendants produced the names of the plaintiffs in prior cases, the courts where those cases were filed, and the names of the plaintiffs' attorneys in those cases. (Transcript at 4:10-16.) Plaintiff's counsel admitted that he had not investigated state court dockets to determine if he could obtain the sought-after documents through online document-filing systems. (*Id.*

at 12:20-24.) Thus, Plaintiff's counsel has sufficient information to seek out discovery materials from those prior cases on his own.

Fourth, the Court also recognizes that the Defendant-corporations likely have more resources than Plaintiff, who is an individual. However, this factor is less important to the Court's proportionality analysis here because, as discussed more below, the Court does not find that discovery documents from prior litigation involving Defendants' snowblowers are crucial to the resolution of this case.

Fifth, the documents Plaintiff requests are not vital to resolving the issues at stake in this action. Plaintiff argues that these documents are necessary to prove that Plaintiff is entitled to punitive damages, which requires a showing that "Defendants were aware of the risks of their defective product and consciously disregarded said risks." (ECF No. 59 at 8.) However, Plaintiff does not need discovery documents like expert reports, deposition transcripts, and responsive documents from prior cases to prove that Defendants were aware of defects in the snowblowers they produced. Defendants already provided Plaintiff with information on prior lawsuits involving the tire rims of the snowblower model that injured Mr. Alley, thereby admitting that Defendants were on notice of problems with the tire rims. (*See* Transcript at 4:1-6.) Defendants' counsel stated that these prior lawsuits generally involved "some version of putting air in the tire rims and the rims exploded [resulting in] eye or face or hand injuries." (*Id.*) Moreover, Defendants also provided Plaintiff with information on product recalls for the snowblower model that injured Mr. Alley, further acknowledging their

knowledge of the defect. (*See id.* at 20:13-21.) In sum, the Court finds that there is ample evidence that Defendants were on notice of the defective nature of the snowblower tires. Accordingly, discovery documents from prior litigation are not necessary for Plaintiff to pursue punitive damages or to resolve any other issues in this case.

Finally, the burden and expense of Defendants' production of these documents clearly outweighs the likely benefit. The Court finds that the estimated cost to Defendants of producing discovery documents from prior litigation is overly burdensome and unduly expensive, especially in light of the amount in controversy in this case. Similarly, the Court does not find that producing discovery documents from prior litigation will be beneficial to resolving the key issues in this case.

**\*5** Therefore, Defendants have demonstrated that a protective order is necessary to protect them from unduly burdensome production of documents. Accordingly, the Court will grant Defendants' Motion for Protective Order with respect to Plaintiff's Request for Documents No. 6. (ECF No. 57, Ex. C.)

### VI. Conclusion

In sum, the Court will **GRANT** Defendants' Motion for Protective Order because (1) Plaintiff's deposition notice improperly seeks "discovery on discovery" and (2) Plaintiff seeks production of documents regarding prior litigation that is not proportional to the needs of this case.

A corresponding order follows.

### ORDER

**AND NOW**, this 28th day of September, 2018, **IT IS HEREBY ORDERED** that Defendants' Motion for Protective Order (ECF No. 57) is **GRANTED.** Accordingly, it is ordered as follows:

(1) Defendants shall not be required to produce deposition testimony on topics one through nine in Plaintiff's Amended Notice of Deposition of Rule 30(b)(6) Corporate Designee;

(2) Defendants shall not be required to produce expert reports, deposition transcripts, discovery requests, or discovery responses from previous lawsuits involving Defendants in response to Plaintiff's Request for Documents No. 6.

**All Citations**

Slip Copy, 2018 WL 4689112