# BARNES & THORNBURG LLP

2029 Century Park East, Suite 300
Los Angeles, CA 90067
(310) 284-3880
Fax (310) 284-3894

www.btlaw.com

Sarah E. Johnston
Partner
(310) 284-3798
sarah.johnston@btlaw.com

December 17, 2019

**VIA ECF**

The Honorable Joel Schneider
United States Magistrate Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3C
Camden, NJ 08101

> Re:  *In re Valsartan Products Liability Litigation*
> Case No. 1:19-md-02875-RBK-JS
> **Discovery Directed to Retailer Defendants**

Dear Judge Schneider:

On behalf of the Retailer and Pharmacy Defendants, we write to raise concerns and seek the Court's guidance regarding Plaintiffs' First Amended Set of Requests for Production of Documents to All Finished Dose Distributors, Wholesalers, and Pharmacy Defendants (the "Requests"), and to seek the Court's leave to brief the issues raised below. We believe the Requests are overly broad and disproportional to the responding Retailer/Pharmacy Defendants' limited roles in this litigation. Although we have attempted to meet and confer with Plaintiffs regarding the Requests, we believe the Court's attention and guidance is now warranted for the reasons set forth herein.[1]

## I. Background

Following the November 6 discovery conference, the Court ordered Plaintiffs to serve initial Rule 34 discovery on the downstream defendants—including the Retailer/Pharmacy Defendants—on or before November 26, with the downstream defendants' objections to the requests due 3 weeks later, on December 17. On the November 26 due date, Plaintiffs served omnibus Distributor/Wholesaler/Pharmacy Requests for Production, comprising 65 individual document requests, with more than 150 discrete subparts, on 15 separate topics, and with responses contemplating substantial custodial and non-custodial collection and production. *See* Exh. A.

---

[1] For the Court's reference, the November 26 Initial Requests and the redlined version of Plaintiffs' December 10 First Amended Requests are attached hereto as Exhibits "A" and "B," respectively.

The Hon. Joel Schneider
December 17, 2019
Page 2

Following an initial meet and confer about the impracticality and scope of the requests, Plaintiffs agreed to serve amended requests to the Retailer/Pharmacy Defendants, and to revisit the discovery schedule, including timing of objections, upon service of the amended discovery.

On December 10, 2019, Plaintiffs served the amended Requests. *See* Exh. B. Unfortunately, however, the amendments did not address the Retailer/Pharmacy Defendants' concerns; the amended Requests comprise 60 individual document requests, again with more than 150 discrete subparts, on 15 separate topics, and with responses contemplating substantial custodial and non-custodial collection and production. As currently drafted, the Requests remain unwieldy, not targeted to any particular defense tier, and disproportionate to the needs of the litigation against the Retailer/Pharmacy Defendants. Indeed, in many instances, the amended Requests are broader than the initial Requests, and impose greater discovery obligations on the downstream defendants than on the manufacturers.

## II.   Retailer/Pharmacy Defendants' Global Objections to the Requests

While the Court has been clear since the outset of this litigation that the non-manufacturing defendants would have some role in discovery, it also has consistently communicated that such discovery would be fairly limited and significantly less burdensome than the discovery obligations of the Manufacturing Defendants. We do not believe that omnibus discovery of the magnitude of the Requests via boilerplate document requests aligns with the Court's prior orders. Aside from the sheer volume of the requests, the Retailer/Pharmacy Defendants specifically object to Plaintiffs' omnibus Requests on the following grounds:[2]

- First, the Requests are styled as applicable to "All Finished Dosed Distributors, Wholesalers, and Pharmacy Defendants," without specifying to which tier of the supply chain the requests are directed. As drafted, the Requests are neither narrow nor specifically tailored to each tier of defendants. The process of crafting specific, non-boilerplate objections to many of the Requests is therefore quite burdensome, not only because of the scope of the requests and the abbreviated timeline for response, but also because it is unclear which requests actually are applicable to defendants at the pharmacy level (versus other tiers of the supply chain). In an effort to address this concern, in the amended Requests, Plaintiffs added one sentence reading "[t]o the extent a request does not apply to a particular defendant in whole or in part it will be sufficient to indicate 'Not Applicable' as to that request, or inapplicable portion thereof." *See* Exhibit B at p. 1. This addition does nothing to alter the burden on the Retailers/Pharmacies, who are left to guess whether a particular Request is applicable or not, and to attempt to craft objections accordingly.

- Second, with limited exceptions related to manufacturing processes and FDA submissions, the RFPs are substantially similar to—and in many cases identical to or even broader than—the Rule 34 discovery served upon the manufacturers. Plaintiffs should not be allowed to simply reissue discovery requests previously drafted for different defendants with different—and more significant—roles, and then shift the burden to the

---

[2] If permitted to brief these issues, the Retailer/Pharmacy Defendants will provide additional detail and authority supporting these objections and their position.

BARNES&THORNBURGLLP

The Hon. Joel Schneider
December 17, 2019
Page 3

- Retailer/Pharmacy Defendants to draft specific objections to each and every irrelevant or overly broad request.

- Third, the requests seek voluminous and burdensome sales, distribution, and pricing information which ultimately is irrelevant to most claims against the Retailer/Pharmacy Defendants in this litigation. Although Plaintiffs may assert that this information is relevant to the Economic Loss Class Action, the bulk of the claims under the Economic Loss Master Complaint are not asserted against these defendants, as the third-party payor plaintiffs have *not* named pharmacies within their causes of action. *E.g.*, Consolidated Amended Economic Loss Class Action Complaint, Dkt. 121, at 96, 100, 103, 106, 109, 116, 122, 125, 127 (even numbered causes of action brought against all defendants except pharmacy defendants).[3] The individual consumer claimants seeking economic loss damages for their purchase of valsartan did not purchase valsartan from *every* pharmacy defendant. In any event, it is unclear how pricing and sales data at the pharmacy level support plaintiffs' attenuated theories of liability against the retailers. The discovery is unwarranted at this stage.

Finally, the Retailer/Pharmacy Defendants highlight that per Case Management Order No. 2, motions to dismiss have been stayed pending completion of discovery on "macro" issues. It is our understanding that present stay was implemented based on the Court's assumption that the Retailer/Pharmacy Defendants would have a limited role in this litigation, and thus would not be prejudiced if discovery were to commence against the manufacturers before the downstream defendants were permitted to assert their legal defenses. The extensive Requests issued by Plaintiffs frustrate the purpose of such a stay. If the Retailer/Pharmacy Defendants are expected to undertake a more significant, burdensome, and costly role in the litigation, then we respectfully request the opportunity to brief dispositive motions before such discovery is undertaken. As it stands, Plaintiffs have not articulated any independent theory of liability against the Retailer/Pharmacy Defendants. At a minimum, discovery of this magnitude should not precede dispositive motion briefing and articulation by Plaintiffs of a colorable theory of liability against these defendants.

### III.   Request for Discovery Briefing

Before proceeding with the arduous task of providing objections to these voluminous Requests, we seek the Court's guidance to reign in the scope of discovery to something consistent with both the Court's prior communications and Rule 26 proportionality considerations. The Retailer/Pharmacy Defendants therefore request to brief general discovery issues raised by the Requests, including those issues raised above, and propose the following briefing schedule on the proper scope of discovery directed to retailers:[4]

---

[3] It also bears mentioning that no class has been certified in the putative class actions, class certification has not been briefed or ordered, and no discovery has been taken of the proposed class.

[4] While we initially proposed a schedule to Plaintiffs contemplating that these matters be heard during the January 15 telephonic discovery conference, Plaintiffs' counsel have requested that these issues be heard at the next in-person conference on January 28.

BARNES&THORNBURGLLP

The Hon. Joel Schneider
December 17, 2019
Page 4

- <u>Exchange Issues</u>: January 3, 2020
- <u>Exchange and File Letter Briefs on Each Issue</u>: January 14, 2020
- <u>File Letter Reply Briefs, If Any</u>: January 21, 2020
- <u>Hearing Regarding Scope of Discovery</u>: January 28, 2020

The Retailer/Pharmacy Defendants look forward to the opportunity to discuss this request further during the upcoming discovery conference on Wednesday, December 18, or at another date and time convenient to the Court.

Very truly yours,

*s/ Sarah E. Johnston*

**BARNES & THORNBURG LLP**

BARNES&THORNBURG<sub>LLP</sub>