# MAZIE SLATER KATZ & FREEMAN, LLC
COUNSELLORS AT LAW
103 Eisenhower Parkway
Roseland, NJ  07068
(973) 228-9898
Fax (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°

Karen G. Kelsen°
Cheryll A. Calderon
David M. Estes
Adam M. Epstein°
Michael R. Griffith°
Matthew Tonzola
Christopher J. Geddis

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

December 17, 2019

**VIA ECF**
Honorable Joel Schneider
United States Magistrate Judge
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, New Jersey  08101

    Re:    IN RE: VALSARTAN N-NITROSODIMETHYLAMINE (NDMA) PRODUCTS LIABILITY LITIGATION
Civil No. 19-2875 (RBK/JS)

Dear Judge Schneider:

In accordance with the Court's December 13, 2019 Order, Plaintiffs enclose the proposed final versions of the following documents for attachment to the Court's Order:

- Plaintiffs' Second Amended Set of Requests for Production of Documents to All API and Finished-Dose Manufacturing Defendants – this is the clean version of the document requests, and includes changes that Plaintiffs accepted from Defendants' redline of the document requests, which was received at 4:41 pm, as discussed below. (Ex. A).  Plaintiffs have submitted the Defendants' redline of the document requests as well, at Defendants' request;

- List of ZHP, Huahai US, Prinston, Solco, Syncores, and Prinbury Custodians (Ex. B);

- List of Mylan Custodians (Ex. C);

- List of Teva Custodians (Ex. D);

- List of Hetero USA Custodians (Ex. E);

- List of Aurolife and Aurobindo USA Custodians (Ex. F);

- List of Torrent Custodians (Ex. G); and

- Plaintiffs' Search Terms with the Agreed upon Protocol (Ex. H).

This submission would have been filed earlier, but Defendants did not send their redlines of the Second Amended Requests until 4:41p.m., despite having the document since Monday at 3:42 p.m., and Plaintiffs' multiple requests that Defendants advise of any disputes in time to discuss and try to resolve those issues prior to submission. Defendants did not agree to discuss and simply served their redline at the end of the day. The following disputes remain for tomorrow's hearing:

Second Amended Set of Requests for Production:

19. Defendants struck "all" documents, despite not objecting at the hearing, and this is necessary to ensure a complete response.

20. Defendants struck "all" documents, despite not objecting at the hearing, and this is necessary to ensure a complete response.

21. Defendants struck the Plaintiffs' insertion of language reflecting the scope of testing as described in the Court's macro discovery order, despite Mr. Trischler requesting that language to be inserted at the hearing, and Plaintiffs' agreement to do so. Plaintiffs have accepted Defendants' other minor edits to that request.

44. Defendants added qualifying language, despite not objecting to this request or seeking these modifications at the hearing. This belated modification unreasonably narrows this request.

52-65. Plaintiffs agree to the additional language added to these requests if only intended to implicate the Court's ruling on foreign regulatory discovery.

100. Defendants did not object to this request, and there was no ruling that it should be modified. Moreover, communications with MSP's, assignors, Summacare, Emblem, and Connecticare are relevant.

101-111. There was no ruling that these requests would be stricken. Rather, it was agreed that the Parties would confer to determine the data to be produced to comply with the requests. Nonetheless, Plaintiffs have agreed to the additional language Defendants added within request number 107, and Plaintiffs have asked Defendants to meet and confer prior to the hearing to try to narrow any issues.

118. There was no objection to this request at the hearing and the requested information is relevant.

ZHP Custodians

ZHP now asks the Court to strike Baohua Chen, ZHP's President and Chairman, clearly a relevant custodian. The Court already ruled as to the permissible number of custodians, and ZHP did not place any further objections to this custodian. This late objection should be overruled.

Respectfully,

ADAM M. SLATER