# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: Valsartan, Losartan and Irbesartan Products Liability Litigation | Case No. 1:19-md-02875 |
| **THIS DOCUMENT RELATES TO:** | Honorable Robert B. Kugler |
| GLENN RODDEY, HELEN JOHNSON, ALICIA DEGRASIA and WILLIAM KOLACEK, on behalf of themselves and all others similarly situated, | Case No. 1:19-cv-12763 |
| Plaintiffs, | **BRIEF IN SUPPORT OF RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| v. | |
| CAMBER PHARMACEUTICALS INC., HETERO USA INC., and LEGACY PHARMACEUTICAL PACKAGING, LLC | Motion Day: February 3, 2020 |
| Defendants. | ORAL ARGUMENT REQUESTED |

JASON A. NAGI
FRANK T. SPANO (*pro hac vice*)
**POLSINELLI PC**
600 3rd Avenue, 42nd Floor
New York, NY 10016
Tel. 212.684.0199
Fax 212.684.0197
fspano@polsinelli.com
jnagi@polsinelli.com

*Attorneys for Defendant Legacy Pharmaceutical Packaging, LLC*

BRITTON L. ST. ONGE (*pro hac vice*)
**POLSINELLI PC**
100 S. Fourth St., Suite 1000
St. Louis, MO 63102
Tel. 314.889.7024
Fax 314.231.1776
bstonge@polsinelli.com

*Attorneys for Defendant Legacy Pharmaceutical Packaging, LLC*

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

BACKGROUND FACTS AND PROCEDURAL HISTORY ...............................2

LEGAL STANDARD ...........................................................................................4

ARGUMENT .........................................................................................................4

I. THE COURT MAY NOT EXERCISE PERSONAL JURISDICTION OVER LEGACY CONSISTENT WITH REQUIREMENTS OF DUE PROCESS. .................................................................................................4

    A. Legacy Is Not Subject To General Jurisdiction In New Jersey. ...........6

    B. Legacy Is Not Subject To Specific Jurisdiction In New Jersey on Plaintiffs' Claims. ..................................................................7

CONCLUSION ....................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Avdel Corp. v. Mecure*,
   277 A.2d 207 (N.J. 1971) ................................................................................5

*Bayway Refining Co. v. State Utils., Inc.*,
   755 A.2d 1204 (N.J. Super. Ct. App. Div. 2000) .............................................5

*Bristol-Myers Squibb Co. v. Superior Court of California*,
   137 S. Ct. 1773 (2017) ........................................................... 1, 6, 7, 9, 10, 11

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ........................................................................................4

*Carteret Sav. Bank, FA v. Shushan*,
   954 F.2d 141 (3d Cir. 1992) ............................................................................4

*Chavez v. Dole Food Co.*,
   796 F.3d 261 (3d Cir. 2015), *vacated on other grounds but
   upholding the finding of no general jurisdiction*, 836 F.3d 205 (3d
   Cir. 2016) ........................................................................................................7

*Chernus v. Logitech, Inc.*,
   No. 17-673(FLW), 2018 WL 1981481 (D.N.J. Apr. 27, 2018) ............. 8, 11, 12

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ........................................................................................6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ........................................................................................6

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ........................................................................................4

*Malik v. Cabot Oil & Gas Corp.*,
   710 F. App'x 561 (3d Cir. 2017) ......................................................................7

*Monkton Ins. Servs., Ltd. v. Ritter*,
   768 F.3d 429 (5th Cir. 2014) ...........................................................................7

*Morlan v. Universal Guaranty Life Ins. Co.*,
   298 F.3d 609 (7th Cir. 2002) ................................................................................ 8

*Patterson v. FBI*,
   893 F.2d 595 (3d Cir. 1990) .................................................................................. 4

*Perkins v. Benguet Consolidated Mining Co.*,
   342 U.S. 437 (1952) ........................................................................................ 6, 7

*Walden v. Fiore*,
   571 U.S. 277 (2014) ............................................................................................ 5

**Other Authorities**

U.S. Const. amend. XIV, § 1 ................................................................................ 4, 5

Fed. R. Civ. P. 4(k)(1)(A) ....................................................................................... 5

Fed. R. Civ. P. 12(b)(2) ........................................................................................... 4

N.J. Ct. R. 4:4–4(b)(1) ............................................................................................. 5

## INTRODUCTION

The U.S. Supreme Court's recent decision in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), demonstrates why this Court lacks specific personal jurisdiction over Defendant Legacy Pharmaceutical Packaging, LLC ("Legacy"). There the Court held that plaintiffs residing outside the forum state could not sue an out-of-state defendant for harms the plaintiffs allegedly suffered entirely outside the forum. Without an "affiliation between the forum and the underlying controversy," the Court held, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781. Put simply, there was no basis for specific jurisdiction because the non-resident plaintiffs' products-liability claims did not arise out of the defendant's activities in the forum state. *Id.*

There is a similar lack of jurisdictional nexus in this case between Plaintiffs' claims and Legacy's alleged activities in New Jersey. Plaintiffs are citizens of Florida, California, and Illinois. Their claims are wholly unconnected with Legacy's alleged activities in New Jersey. Plaintiffs do not allege that they bought in New Jersey the contaminated prescription drug they claim Legacy packaged and distributed for nationwide consumption. Nor does any Plaintiff allege he or she consumed the allegedly defective drug in New Jersey or sustained any injury here. This case lacks the significant connection between Plaintiffs' claims and Legacy's

1

contacts with New Jersey that Due Process requires for this Court to exercise specific personal jurisdiction over the company.

Nor is there any basis to exercise all-purpose or "general" personal jurisdiction over Legacy here. Plaintiffs do not allege that Legacy is organized or headquartered in New Jersey, such that it could be considered "at home" here for purposes of general jurisdiction. Plaintiffs also do not (and cannot) allege any other facts that could make this the type of "exceptional case" where a company not domiciled in the forum still is subject to general personal jurisdiction there.

For these reasons, the Court should dismiss all claims against Legacy for lack of personal jurisdiction.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Legacy is a limited liability company organized under the laws of Missouri. Compl. ¶ 25. It maintains its principal place of business—its headquarters—in Missouri. *Id.* (The Complaint incorrectly alleges that Legacy is a corporation organized under the law of Delaware. These differences are immaterial for present purposes.) As Plaintiffs allege in the Complaint, Legacy "distributes losartan-containing medication in the United States, and in the state of New Jersey." *Id.*

Plaintiffs are residents of Florida, California, and Illinois. *Id.* ¶¶ 19–22. They allege they were prescribed, purchased, and consumed losartan-containing medications that "were manufactured and distributed by Defendants," some

including by Legacy, and sold by Walmart. *Id.* But Plaintiffs do not base their claim against Legacy on any of Legacy's activities in New Jersey. *Id.*

The losartan-containing medication Plaintiffs purchased, they claim, was "contaminated with NMBA [N-Nitroso N-Methyl 4-amino butyric acid] over acceptable limits, rendering the medication both dangerous and worthless to Plaintiffs and Class members." *Id.* ¶ 1. Seeking to represent a nationwide class of those "who purchased losartan-containing medications that are contaminated with NMBA" (*id.* ¶ 28), Plaintiffs assert claims for breach of warranty (express and implied); claims under the consumer-protection and false-advertising statutes of Florida, California, and Illinois; and various other common-law claims, such as unjust enrichment, fraud, and conversion. *Id.* ¶¶ 39–131.

Plaintiffs have also joined Camber Pharmaceuticals Inc. ("Camber") and Hetero USA Inc. as defendants. Both are alleged to have actually manufactured the challenged drugs. *Id.* ¶¶ 23–24. Both are headquartered in New Jersey. *Id.*

Legacy filed its original motion to dismiss in this action on June 28, 2019. On July 2, 2019, the Court, acting on its own motion, noted that this action "is a 'losartan' case" and that the plaintiffs in the Valsartan MDL would soon be applying the JPML to expand the MDL to include losartan cases." Order 1 (ECF No. 11). The Court stayed this action "at least until the Court learns of the JPMDL's ruling" on any such request to expand the MDL. The Court terminated

Legacy's Motion to Dismiss without prejudice. *Id.* at 2.

On December 18, 2019, the JPML expanded the Valsartan MDL to include the losartan cases. This action and another now pending in the Eastern District of Michigan brought by a pro se plaintiff are the only losartan cases in federal court that join Legacy as a defendant.

## LEGAL STANDARD

A challenge to personal jurisdiction is governed by Civil Rule 12(b)(2). When challenged, the plaintiff must prove facts sufficient to establish personal jurisdiction by a preponderance of the evidence. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). The plaintiff may not "rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990). (But even if the Court accepts Plaintiffs' allegations as true, they do not establish personal jurisdiction over Legacy here.)

## ARGUMENT

**I. THE COURT MAY NOT EXERCISE PERSONAL JURISDICTION OVER LEGACY CONSISTENT WITH REQUIREMENTS OF DUE PROCESS.**

Personal jurisdiction has an indispensable constitutional dimension. Due process protects an individual's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties,

4

or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). It demands that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," and thereby offers a "predictability" that "allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not" subject them to lawsuits. *Id.* at 472 (citations and quotation marks omitted).

Per the Federal Rules of Civil Procedure, a federal district court's authority to assert personal jurisdiction in most cases "is linked to service of process on a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.'" *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting Fed. R. Civ. P. 4(k)(1)(A)). That means, as here, that "federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Id.* (internal quotation marks omitted).

A New Jersey court of general jurisdiction may exercise personal jurisdiction over a foreign defendant "consistent with due process of law," N.J. Ct. R. 4:4–4(b)(1), so that the State's long-arm jurisdiction "extends to the 'outermost limits permitted by the United States Constitution." *Avdel Corp. v. Mecure*, 277 A.2d 207, 209 (N.J. 1971); *see Bayway Refining Co. v. State Utils., Inc.*, 755 A.2d 1204, 1208 (N.J. Super. Ct. App. Div. 2000). This Court need therefore determine

5

only whether "the exercise of jurisdiction comports with the limits imposed by federal due process" on the State of New Jersey. *Walden*, 571 U.S. at 283.

### A. Legacy Is Not Subject To General Jurisdiction In New Jersey.

Personal jurisdiction comes in two varieties: general and specific. "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017) (emphasis added). The Constitution sets a high bar to establish general jurisdiction. Corporate defendants are subject to all-purpose jurisdiction only where their "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In all but an "exceptional case," a corporate defendant is "at home" in the forum state only when incorporated there or maintains its principal place of business there. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014).

Legacy is not organized under New Jersey law and does not have its headquarters here. Compl. ¶ 25. Nor is this an "exceptional case" like *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952), the "textbook case of general jurisdiction." *Daimler*, 571 U.S. at 129, 139 n.19. The defendant there was a Philippines corporation that operated gold and silver mines. It ceased its operations in the Philippines during the Japanese occupation during World War II,

6

and its president moved to Ohio, where he kept an office, maintained the company's files, and oversaw the company's activities. *Id.* at 129. An Ohio court's exercise of general jurisdiction over the company was appropriate, the Court held, because "Ohio was the corporation's principal, if temporary, place of business" during that time. *Id.*

Needless to say, Legacy's connection with New Jersey comes nowhere close to the facts in *Perkins*. Legacy is not alleged to have any operations in New Jersey, let alone of the type that would render it "at home" here. *See* Compl. ¶ 25. The ultimate question is whether the corporate defendant is "at home" in the foreign jurisdiction, and it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014); *see Chavez v. Dole Food Co.*, 796 F.3d 261, 270 (3d Cir. 2015) (same), *vacated on other grounds but upholding the finding of no general jurisdiction*, 836 F.3d 205, 223 (3d Cir. 2016); *see also Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563–64 (3d Cir. 2017) (same). Plaintiffs cannot show that this Court's exercise of general personal jurisdiction over Legacy would be consistent with Due Process, as applied by Supreme Court precedent.

### B. Legacy Is Not Subject To Specific Jurisdiction In New Jersey on Plaintiffs' Claims.

In contrast to general or "all purpose" personal jurisdiction, for a court to

7

exercise specific jurisdiction, "the suit must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (quotation marks and brackets omitted). There must be "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Id.* (same alterations). Without that connection, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.*

Where, as here, a suit is brought as a putative class action, specific jurisdiction is assessed with respect only to the named plaintiff's claims. *Chernus v. Logitech, Inc.*, No. 17-673(FLW), 2018 WL 1981481, at *6 (D.N.J. Apr. 27, 2018). Specifically, it is the named plaintiff's claims that must "arise out of or result from the defendant's forum-related activities, not the claims of the unnamed members of the proposed class, who are not party to the litigation absent class certification." *Id.* (quotation marks omitted); *cf. Morlan v. Universal Guaranty Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002) ("Until certification, the jurisdiction of the district court depends upon its having jurisdiction over the claim of the named plaintiffs," for until then, "there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs."). So the Court need only ask whether it has personal jurisdiction over Legacy to hear Plaintiffs' claims.

It does not.  Plaintiffs' suit against Legacy lacks the necessary connection to Legacy's alleged activity in New Jersey.  Although Legacy is alleged to have "distribute[d] losartan-containing medication . . . in the State of New Jersey," Compl. ¶ 25, Plaintiffs' claims are not at all connected to that distribution, as no plaintiff allegedly purchased the distributed medication in New Jersey.  Not one Plaintiff resides—or is alleged to have resided at any relevant time—in New Jersey.  Plaintiffs instead have resided at all relevant times in Florida (Compl. ¶¶ 19–20), California (*id.* ¶ 21), or Illinois (*id.* ¶ 22).  The crux of the claims is that the drug was "both dangerous and worthless." *Id.* ¶ 1.  But without alleging that he or she purchased the Legacy-distributed drug in New Jersey or was otherwise injured by the medication while here, no Plaintiff can establish the critical requirement of specific jurisdiction: a "connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781.

The Court's recent decision in *Bristol-Myers Squibb Co.* is dispositive.  There, plaintiffs residing outside California joined in an action brought in California against a prescription drug maker, alleging that its drug, Plavix, injured plaintiffs when taken as prescribed.  137 S. Ct. at 1778.  The drug maker manufactured, labeled, packaged, or worked on the regulatory approval of the product outside California.  *Id.* All it did in California was sell Plavix there.  *Id.* Even though its California sales were substantial—$900 million from the sale of

9

187 million Plavix pills between 2006 and 2012—that volume did not authorize the California state court to exercise personal jurisdiction over the claims of the nonresident plaintiffs. *Id.* There was no "connection between the forum and the specific claims at issue," for these plaintiffs were "not California residents and [did] not claim to have suffered harm in that State." *Id.* at 1781. Rather, "all the conduct giving rise to the nonresidents' claims occurred elsewhere. It follow[ed] that the California courts [could not] claim specific jurisdiction." *Id.* at 1782.

Moreover, the Court observed, the simple fact that "*other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—d[id] not allow the State to assert specific jurisdiction over the nonresidents' claims," since the drug maker's "relationship with a third party, standing alone, is an insufficient basis for jurisdiction." *Id.* (ellipses and quotation marks omitted). The Court reversed the judgment of the California Supreme Court authorizing jurisdiction. *Id.* at 1784.

The case for specific jurisdiction here is even weaker than the one found wanting in *Bristol-Meyers Squibb*. As in that case, no Plaintiff in this one alleges he or she bought, consumed, or was treated for injuries in New Jersey related to Legacy's alleged distribution of the subject drug there. Also, Plaintiffs here cannot even make the argument the plaintiffs made and the Court rejected in *Bristol-Meyers Squibb*, in particular that, given the volume of the defendant's sales in the

10

forum, the nonresidents' claims were sufficiently connected to the residents' claims to allow the court to hear the nonresident's claims in the same case. Here, there are no claims by New Jersey residents.

As noted, it does not matter that this case is a putative class action. The absence of any connection between Plaintiffs' claims and Legacy's alleged activities in or related to New Jersey cannot be filled by potential unnamed class members who may hypothetically have claims arising from Legacy's alleged activity here.

This Court's decision in *Chernus v. Logitech, Inc.*, another putative class action, illustrates this. This Court dismissed for lack of personal jurisdiction (on Due Process grounds) a claim asserted by a Pennsylvania plaintiff against a California corporate defendant based on the plaintiff's purchase of defendant's product in Pennsylvania. It noted at the outset that it had to first examine whether "Chernus, himself, has independently established this Court's personal jurisdiction over Defendant with respect to his claims," before asking whether unnamed class potential members might be able to sue here. 2018 WL 1981481, at *6. Finding he had not, the Court observed that "[n]owhere in the Complaint does Chernus allege that he purchased [Logitech's] Alert System in New Jersey, used [the] system in New Jersey, or otherwise suffered any harm in New Jersey." *Id.* All of that happened, instead, in Pennsylvania. *Id.* "Clearly," the Court concluded,

11

"there is no 'connection between the forum and [Chernus's] specific claims at issue.'" *Id.* (quoting *Bristol-Myers Squibb*, 137 S. Ct. at 1781). So the Court could not exercise specific jurisdiction. *Id.* It also found general jurisdiction lacking, as there was "no dispute that Defendant is neither incorporated nor headquartered in New Jersey," nor any showing by plaintiff that "Logitech's contacts with New Jersey [were] so substantial as to render it 'at home'" in the State. *Id.* The Court dismissed Chernus's claims. The Court should do the same here on all five Plaintiffs' claims against Legacy.

## CONCLUSION

Without general jurisdiction or the necessary connection between Plaintiffs' claims and Legacy's alleged activity in New Jersey, the Court cannot, consistent with Due Process, exercise personal jurisdiction over Legacy to hear Plaintiffs' claims against it. The Court should therefore dismiss all claims against Legacy for lack of personal jurisdiction.

12

Dated: January 3, 2020

Respectfully submitted,

/s/ Frank T. Spano
JASON A. NAGI
FRANK T. SPANO (*pro hac vice*)
**POLSINELLI PC**
600 3rd Avenue, 42nd Floor
New York, NY 10016
Tel. 212.684.0199
Fax 212.684.0197
fspano@polsinelli.com
jnagi@polsinelli.com

*Attorneys for Defendant Legacy Pharmaceutical Packaging, LLC*

BRITTON L. ST. ONGE (*pro hac vice*)
**POLSINELLI PC**
100 S. Fourth St., Suite 1000
St. Louis, MO 63102
Tel. 314.889.7024
Fax 314.231.1776
bstonge@polsinelli.com

*Attorneys for Defendant Legacy Pharmaceutical Packaging, LLC*

13

71741728