# EXHIBIT C

# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mskf.net

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger°
Matthew R. Mendelsohn°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Cheryll A. Calderon
Karen G. Kelsen°
David M. Estes
Adam M. Epstein°
Cory J. Rothbort°
Michael R. Griffith°
Matthew R. Tonzola
Christopher J. Geddis

°Member of N.J. & N.Y. Bars

December 23, 2019

**VIA EMAIL**
SAGoldberg@duanemorris.com
Seth A. Goldberg, Esq.
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania  19103-4196

> RE:   *In re Valsartan Products Liability Litigation,* No. 1:19-md-02875
>           **Core Discovery Deficiencies**

Dear Mr. Goldberg:

I am writing in response to your December 20, 2019 letter, responding to Plaintiffs' letter of October 25, 2019 regarding preservation of recalled and potentially contaminated valsartan (all forms) pills.  So that there is no ambiguity, Plaintiffs reiterate the demand that all potentially contaminated valsartan pills in defendants' possession be preserved pending further Order of the Court.

Defendants' letter raises serious questions that will need to be answered promptly, as this is an issue that Plaintiffs will be raising with the Court at the mid-January, 2020 conference with the Court.  First and foremost, Plaintiffs disagree with and reject the purported preemption issue defendants attempt to create.  The preservation of the pills in the context of litigation regarding the contamination issue is not preempted. The suggestion that this request could have had negative impact on the overall availability of medication is not credible either, for example ZHP is still not even permitted to sell valsartan to our knowledge.  Moreover, if it was Defendants' position that such an obligation was preempted, or unreasonable, that position should have been disclosed to the Plaintiffs and the Court.

Seth A. Goldberg, Esq.
Duane Morris LLP
December 23, 2019
Page 2

Instead, Defendants waited almost two months to respond to Plaintiffs request, raising serious questions about the status of returned product, and whether Defendants knowingly destroyed evidence (potentially, with the assistance of third-party vendors) during the intervening time period, without notification to Plaintiffs or the Court.

Despite Defendants' suggestion that somehow Plaintiffs' preservation request is "at odds" with ongoing FDA obligations, that does not appear to be the case. For example, in correspondence to the FDA, Mylan indicates that recalled product "*will be in quarantine until approval by the FDA for destruction of the product*." See MYLAN MYLAN-MDL2875-00029622 (emphasis added). Mylan has not even requested destruction yet. See MYLAN-MDL2875-00030975 ("…we will not request destruction at this time…")

Furthermore, it is unclear whether product subject to this recall could even be destroyed without FDA supervision of the destruction. See MYLAN MYLAN-MDL2875-00029622 ("[a]ny destruction…of recalled items may require FDA supervision").

In order to assess next steps, and in preparation of briefing the issue for the Court, Plaintiffs request the following information:

- Status of the recall for each Defendant (i.e., is the recall still ongoing, or closed);
- Names and identities of any and all third parties used to keep and/or destroy recalled products;
    - Plaintiffs have identified the following third parties used by some Defendants in the recall efforts, but request all names of all unidentified third parties being used to destroy pills: Inmar (Teva, Aurobindo); Qualanex (Torrent, Hetero). Plaintiffs understand ZHP utilized a contract warehouse, but have been unable to locate the name of the warehouse in any core discovery produced to date. Plaintiffs cannot discern whether Mylan used a third-party to warehouse and/or quarantine product.
- The dates of any and all destructions, including but not limited to FDA supervised destructions;
- Copies of any and all destruction certifications and/or receipts, including the dates of those destructions, and the manner of destruction (i.e., incineration); and
- Correspondence from the FDA requiring, or confirming approval of, destruction of pills (no such correspondence appears in Core Discovery despite Defendants' continuing obligation to update core discovery pursuant to D.E. 88).

Plaintiffs request this information by January 10, 2019.

Very truly yours,

ADAM M. SLATER