

100 S. Fourth Street, Suite 1000, St. Louis, MO 63102 • (314) 889-8000

January 27, 2020

Britton L. St. Onge
(314) 889-7024
bstonge@polsinelli.com

**By CM/ECF and Overnight U.S. Mail**

The Honorable Robert B. Kugler
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 4D
Camden, NJ 08101

Re: **Legacy's Application for Leave to Take Up Renewed Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 333)**
*In Re: Valsartan, Losartan, and Irbesartan Products Liability Litigation,* MDL No. 2875
*Roddey et al. v. Camber Pharmaceuticals, Inc.*, No. 1:19-CV-12763 (D.N.J.)

Dear Judge Kugler:

    I write on behalf of Legacy Pharmaceutical Packaging, LLC, to ask the Court to hear and decide now, in the early stage of this case, Legacy's Renewed Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 333). During a telephonic case management conference on January 15, Judge Schneider advised that I could make a special application directed to your honor by way of a letter request, to be taken up further at the afternoon session of the upcoming January 28 status conference in Camden.

    Legacy is a Missouri-based pharmaceutical repackager. It repackages bulk losartan product for Walmart and Kroger into 30-count consumer-ready bottles, which it then returns to Walmart's and Kroger's distribution facilities in a few States not including New Jersey. Legacy has been named as a defendant in two federal cases involving losartan and in one state-court action involving the drug (in Illinois).

    One federal action (*Roddey*, No. 1:19-cv-12763) was filed in this District by out-of-state plaintiffs and has been (or soon will be) formally added to the MDL. The other federal action (*Garrison v. Camber Pharmaceuticals, Inc. et al.*, No. 5:19-cv-12536) was filed in the Eastern District of Michigan. A conditional transfer order (CTO-16) moving *Garrison* to the MDL is stayed, but the action eventually will be transferred with or without Legacy. (Legacy's Motion to Dismiss for Lack of Personal Jurisdiction is pending.) Legacy is not joined in any valsartan or irbesartan cases.

polsinelli.com

Atlanta   Boston   Chicago   Dallas   Denver   Houston   Kansas City   Los Angeles   Miami   Nashville   New York
Phoenix   St. Louis   San Francisco   Seattle   Silicon Valley   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California



The Honorable Robert B. Kugler
January 27, 2020
Page 2

Earlier this year, after the MDL's expansion, Legacy filed in the MDL its Renewed Motion to Dismiss targeting the *Roddey* claims.  Legacy has learned that the Court, before the JPML recently expanded the MDL, advised all parties that the Court would not entertain in the early stages of the MDL any Rule 12(b) motions, including those challenging threshold issues like personal jurisdiction, but would take them up at a later time.

Legacy respectfully asks the Court to reconsider its decision to delay ruling on Rule 12(b) motions, particularly those that challenge personal jurisdiction, and to take up Legacy's Renewed Motion to Dismiss before permitting the *Roddey* plaintiffs to conduct discovery on Legacy.  At stake are fundamental constitutional concerns regarding the very power of the Court to bind Legacy to orders that are later entered in the case.

Personal jurisdiction, like subject-matter jurisdiction, is "an essential element of the jurisdiction of a district court without which the court is powerless to proceed to an adjudication."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (cleaned up).  It is not only *final* adjudications that a court without personal jurisdiction is powerless to render.  Although specifically addressing subject-matter jurisdiction at the time, the U.S. Supreme Court reaffirmed in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1999), that "without jurisdiction the court cannot proceed *at all in any cause*."  *Id.* at 94 (emphasis added).  And because subject-matter jurisdiction and personal jurisdiction *both* are "essential element[s] of the jurisdiction of a district court," *Ruhrgas*, 526 U.S. at 584, the absence of personal jurisdiction likewise arrests a federal court's ability to "proceed at all in any cause" relative to an objecting foreign defendant, *Steel Co.*, 523 U.S. at 94.  *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) ("A court without personal jurisdiction is powerless to take further action."); *cf. Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 90 (3d Cir. 2018) ("We agree that threshold disputes over venue and personal jurisdiction should be resolved before merits disputes."); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant.").

And so it is "elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss.  In the absence of jurisdiction over the person of a defendant in an action in personam, the orders and judgments of the court are void."  *Read v. Ulmer*, 308 F.2d 915, 917 (5th Cir. 1962).  Legacy has an "unqualified right" to such an order here in the *Roddey* case, because the Court has no jurisdiction over Legacy to entertain those claims.  Future orders in the case that purport to bind Legacy, such as those regarding discovery, would be void absent a prior finding of jurisdiction.  Legacy asks the Court to avoid a situation whereby its pretrial orders affecting parties over which the Court lacks jurisdiction arguably are nullities.



The Honorable Robert B. Kugler
January 27, 2020
Page 3

In the similar context of a pending transfer motion under 28 U.S.C. § 1404(a), the Third Circuit held that the district court should decide the motion before allowing merits discovery. *See McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3d Cir. 1970) (per curiam). The district court had held that discovery must be fully completed before it would decide the transfer motion. *Id.* The Third Circuit held that "it is not proper to postpone consideration of the application for transfer under § 1404(a) until discovery on the merits is completed, since it is irrelevant to the determination of the preliminary question of transfer." *Id.* It told the district court that the transfer motion "should be considered and decided after giving both parties an opportunity to complete their discovery solely with respect to the question of transfer, and then only if the court should deny the motion to transfer should discovery be permitted to go forward." *Id.* An even stronger argument exists for prompt consideration of personal jurisdiction, which goes to the power of a court to declare the law and bind the parties before it.

In some cases, deferring a ruling on jurisdiction until a later stage in the case makes sense, as where the merits and jurisdictional issues are "completely intermeshed," making it "impossible to decide the one without the other." *McBeath v. Inter-American Citizens for Decency Committee*, 374 F.2d 359, 362–63 (5th Cir. 1967). That is not the case in *Roddey*. As plead, the question whether Plaintiffs can demonstrate a "connection between [New Jersey] and the specific claims at issue" does not touch the merits and is appropriate to answer now, before discovery begins. *Bristol-Myers Squibb*, 137 S. Ct. at 1781.

Nor should transfer of *Roddey* to the MDL alter the standard treatment of taking up jurisdictional challenges early in the case. "Cases consolidated for MDL pretrial proceedings ordinarily retain their separate identities" and should be granted individual treatment. *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904 (2015). Indeed, many JPML transfer decisions contemplate that motions to dismiss pending in the transferor court will be heard by the MDL court upon transfer, and thus overrule challenges to transfer made on the basis of those pending motions. *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001).

A prompt decision on personal jurisdiction defense is uniquely appropriate for Legacy, which is named in just two losartan cases in federal court. Its jurisdictional defense in *Roddey* is based on the absence of the requisite connection between New Jersey and Plaintiffs' claims. Plaintiffs all reside outside New Jersey, bought the losartan outside the forum, were prescribed the drug elsewhere, and were allegedly injured in other States. This is the easy case where no matter how much Legacy may have targeted New Jersey (assuming it targeted New Jersey at all, which it did not), Plaintiffs cannot get personal jurisdiction because their claims are not related to the forum. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781. So the Court can decide the motion in short order and without disruption to the other coordinated cases.



The Honorable Robert B. Kugler
January 27, 2020
Page 4

      In short, delaying consideration of Legacy's Motion to Dismiss forces Legacy to participate in pretrial proceedings in a case where the court plainly lacks jurisdiction over it but will not so declare. Beyond the "immunity from inconvenient or distant litigation" that constitutional restrictions on personal jurisdiction guaranty, those limitations are "a consequence of territorial limitations on the power of the respective States" exercised by a federal court sitting in diversity. *Bristol-Myers Squibb*, 137 S. Ct. at 1780. The restrictions, "acting as an instrument of interstate federalism," *id.*, should protect Legacy by permitting it to be heard on its motion early in this case.

      Legacy appreciates the Court's consideration of this request.

                                    Sincerely,

                                    */s/ Frank Spano (pro hac vice) for*
                                    Britton St. Onge

cc:    The Honorable Joel Schneider (by overnight U.S. Mail and facsimile)
       Mitchell H. Cohen Building & U.S. Courthouse
       4th & Cooper Streets, Courtroom 3C
       Camden, NJ 08101

       All counsel of record (via CM/ECF)