# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN ~~N~~**, LOSARTAN, AND IRBESARTAN** PRODUCTS LIABILITY LITIGATION | HON. ROBERT B. KUGLER |
| THIS DOCUMENT RELATES TO ALL ACTIONS | CIVIL NO. 19-2875 (RBK/JS) |

CASE MANAGEMENT ORDER NO. \_\_\_\_\_
(**Superseding** Direct Filing **Order** – Stipulated)

I.  ~~SCOPE OF THE ORDER~~**PREAMBLE**

WHEREAS, on February 14, 2019, the Judicial Panel on Multidistrict Litigation (JPML) issued a Transfer Order (JMPL Doc. 229) transferring the five (5) Valsartan actions identified on Schedule A of that order and pending outside the District of New Jersey to this Court for coordinated pretrial proceedings, and creating MDL No. 2875 relating to claims based on usage or purchase of generic formulations of Valsartan allegedly containing NDMA or NDEA impurities;

WHEREAS, on April 2, 2019, this Court entered Case Management Order No. 2 (Doc. 72) staying Defendants' obligation to answer, move or otherwise respond to Plaintiffs' Complaints pending further Court order, and preserving all of Defendants' objections and affirmative defenses, and has subsequently directed that Defendants ~~may not~~ may file motions responding to Plaintiffs' Complaints absent Court order permitting them to do so (*see* Doc. 183);

WHEREAS, on April 9, 2019, with the stipulation of Plaintiffs and those certain limited defendants who at that time had been served and properly joined in this litigation, this Court entered Case Management Order No. 3 (Doc. 76) (CMO No. 3) governing the direct filing of

certain actions into MDL No. 2875 while also preserving certain rights and defenses as described therein;

WHEREAS, on June 17, 2019, Plaintiffs in the Valsartan-related actions filed a Consolidated Amended Economic Class Action Complaint (Doc. 121), a Master Personal Injury Complaint (Doc. 122), and a Consolidated Medical Monitoring Class Action Complaint (Doc. 123) naming certain new and additional parties as Defendants in these various actions;

WHEREAS, subsequent to the entry of CMO No. 3 and Plaintiffs' filing of these new and amended complaints, Plaintiffs have attempted to serve and join those new and additional parties as defendants in these various actions;

WHEREAS, on December 18, 2019, the JPML issued a Transfer Order (JMPL Doc. 401; Doc. 325) transferring the four (4) actions identified on Schedule A of that order and pending outside the District of New Jersey to this Court for coordinated pretrial proceedings, expanding MDL No. 2875 to include those claims relating to usage or purchase of generic formulations of Losartan and Irbesartan allegedly containing nitrosamine impurities, and renaming the MDL "*In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation*";

WHEREAS, certain defendants in the Valsartan actions who were not named, served, or properly joined as Defendants as the time the Court entered CMO No. 3, as well as certain defendants in the new Losartan and Irbesartan actions (defined as the "Objecting Defendants" in Section II, *infra*), have indicated that they object to the direct filing of any complaints in this Court where, *inter alia*, there is not a proper basis for personal jurisdiction and/or venue, and they wish to preserve and expressly do not waive any and all defenses including those relating to personal jurisdiction and venue for all cases and all matters both pretrial and trial, including those cases that may have been or may be directly filed against them in this MDL;

WHEREAS, the parties and the Court anticipate that there may be additional defendants to be named or joined in these actions that may similarly decline to consent to the type of direct filing protocol outlined in CMO No. 3; and

WHEREAS, the parties and the Court believe that in light of this case background and procedural posture a superseding direct file order is necessary for the management of this MDL and to clarify the rights of the Defendants added to this litigation since the entry of CMO No. 3;

THEREFORE, all parties presently and properly before this Court, and identified in Section II below, have stipulated to and the Court hereby enters this Case Management Order No. __, as a Superseding Direct Filing Order governing past and future direct filing of cases into MDL No. 2875.

## II.     SCOPE OF THE ORDER

This Stipulated Order ~~shall govern~~supersedes and replaces CMO No. 3 (Direct Filing) and governs the direct filing of all Valsartan, Losartan and Irbesartan cases into MDL No. 2875.  The Order applies only to claims brought by a U.S. citizen or resident based on usage or purchase of generic formulations of Valsartan, Losartan and Irbesartan medications allegedly containing nitrosamine impurities ~~NDMA and/or NDEA.~~.

For purposes of this Stipulated Order, the Stipulating Parties are all Plaintiffs and the following Stipulating Defendants [To Be Added and Confirmed]:

For purposes of this Stipulated Order, the Objecting Defendants are the following [To Be Added and Confirmed]:

**~~II~~III.  DIRECT FILING OF CASES INTO MDL NO. 2875**

      A.     In order to eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts and to promote judicial efficiency, any plaintiff whose case would otherwise be subject to transfer to MDL No. 2875, pursuant to 28 U.S. Code § 1407 and the Judicial Panel on Multidistrict Litigation's February ~~14,~~14 and December 18, 2019 Transfer ~~Order~~Orders (JPML Doc. 229 and 401), may ~~hereinafter~~elect to file his or her complaint against all Stipulating Defendants directly in MDL No. 2875 in the District of New Jersey.[1] Any plaintiff who files a Losartan or Irbesartan complaint in accordance with this direct filing Order prior to the Court's approval of the Losartan and Irbesartan short form complaint will be required to file a short form complaint within 30 days of the court's approval of the short form complaint. All Defendants' ~~obligation~~obligations to answer, move, or otherwise respond to direct filed complaints shall continue to be stayed pending further order, and all objections and affirmative defenses are preserved by Defendants including but not limited to personal jurisdiction and venue in both this Court and any remand court except those specifically identified in Section III.B. below.

      B.     ~~All~~Stipulating Defendants stipulate and agree that they will not assert any objection of improper venue in the District of New Jersey for pretrial proceedings pursuant to Fed. R. Civ. P. 12(b) as to any Valsartan~~-~~, Losartan or Irbesartan related cases filed directly in the District of New Jersey that emanate from districts outside the District of New Jersey and that are directly filed in this multidistrict litigation proceeding pursuant to this Order. (However, the Parties reserve the

---

[1] To the extent any Plaintiff has attempted to direct file ~~a~~any Valsartan case into this MDL in the District of New Jersey prior to CMO No. 3, or any Losartan or Irbesartan case into this MDL in the District of New Jersey prior to the execution of this Order, such direct filings are not authorized and will be dismissed without prejudice if not refiled pursuant to the terms of this Order.

right to oppose and object to any improper venue proposed for trial pursuant to 28 U.S. Code §§ 1391 and 1406(a)).

C. Each case filed directly in MDL No. 2875 that emanates from a district outside the District of New Jersey will be filed in MDL No. 2875 solely for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's February ~~14,~~14 and December 18, 2019 Transfer ~~Order~~Orders. The Parties do not waive their rights to the transfer of any case in this MDL to a court of proper venue under 28 U.S.C. §§ 1391 and 1406(a) and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. (1998) upon completion of pretrial proceedings.

D. For cases directly filed in this MDL, the complaint should include: (1) a statement indicating that it is being filed in accordance with this Stipulated Order and (2) a designation of venue, which will be the presumptive place of remand absent an agreement otherwise among the Parties or a determination by the Court that the place of remand should be elsewhere based upon good cause.

E. Upon completion of all pretrial proceedings applicable to a case directly filed in this Court pursuant to this Order, this Court, pursuant to 28 U.S.C § 1404(a), will transfer that case to the federal district court in the district of proper venue as defined by 28 U.S.C. § 1391, after giving the parties an opportunity to meet and confer and be heard on the issue. Stipulating Defendants preserve all objections and affirmative defenses of improper venue and lack of personal jurisdiction as to Plaintiffs' designation. The Court will determine any of the Stipulating Defendants' venue challenges, objections or disputes relating to directly filed complaints at the conclusion of pretrial proceedings when the case is ripe for remand for trial~~,~~.

F. Nothing contained in this Order shall preclude the parties from agreeing, at a future date, to try cases filed pursuant to this Order in this District.

G.  The inclusion of any action <u>in</u> *In re: Valsartan<u>, Losartan, and Irbesartan</u>* *Products Liability Litigation*, MDL No. 2875, whether such action was or will be filed originally or directly in the District of New Jersey, shall not constitute a determination by this Court that jurisdiction or venue is proper in this district.

H.  ~~All Parties~~<u>Plaintiffs and the Stipulating Defendants</u> stipulate and agree that the direct filing of a case in MDL No. 2875 pursuant to this Order will have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

I.  ~~All~~<u>Stipulating</u> Defendants stipulate and agree that the filing of a complaint directly in MDL No. 2875 pursuant to this Order shall stop the running of any statute of limitations or prescriptive or peremptive period as if the complaint had been filed in an appropriate venue.

J.  The references to "~~all~~ Defendants" herein shall not constitute an appearance by or for any Defendant not properly served.

K.  The caption for any complaint that is directly filed in MDL No. 2875 before this Court shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** <br><br> _____, <br><br> _____ Plaintiff, <br><br> vs. <br><br> _____, <br><br> _____ Defendants. | HON. ROBERT B. KUGLER <br><br> CIVIL NO. 19-2875 (RBK/JS) <br><br> COMPLAINT AND JURY DEMAND <br><br> Civil Action No.:_____ |

L.  For the class action complaints, the filing Party must identify the case as a class action by adding the words "CLASS ACTION" in the case caption, on a line directly underneath the words "COMPLAINT AND JURY DEMAND."

**IV.  OBJECTING DEFENDANTS**

A.  This superseding Case Management Order No. ___ does not authorize the direct filing of any complaint, past or future, in this MDL against the Objecting Defendants or any other current or future defendant not properly before this Court absent express written consent by the relevant defendant(s) and subsequent written approval by Order of this Court.

B.     The superseded CMO No. 3 shall have no bearing as to the Objecting Defendants, and Objecting Defendants have preserved all defenses and objections, including those relating to personal jurisdiction and venue in this Court relating to all proceedings both pretrial and trial, to pending complaints that were directly filed in this MDL naming them as Defendants.

Camden, New Jersey this ___ day of _____, ~~2019.~~2020.

                                                                                                               _____
                                                                                                               Hon. Robert B. Kugler
                                                                                                               United States District Judge