# EXHIBIT L

**From:** Conlee Whiteley <c.whiteley@kanner-law.com>
**Sent:** Friday, January 24, 2020 6:06 PM
**To:** Geoppinger, Jeff <jgeoppinger@ulmer.com>
**Cc:** Adam Slater (ASlater@mazieslater.com) <ASlater@mazieslater.com>; 'Honik, Ruben <rhonik@golombhonik.com> (rhonik@golombhonik.com)' <rhonik@golombhonik.com>; Kaplan, Andrew <AKaplan@crowell.com>; dlesli.davis@nortonrosefulbright.com; Daniel Nigh (dnigh@levinlaw.com) <dnigh@levinlaw.com>; Mimi Dennis <MDennis@crowell.com>; 'Stanoch, David' <DStanoch@GolombHonik.Com>; Norris, Ellie <ellie.norris@nortonrosefulbright.com>; John Davis <jdavis@slackdavis.com>; Layne Hilton <l.hilton@kanner-law.com>; Charlie Whorton (cwhorton@riveromestre.com) <cwhorton@riveromestre.com>; Goldberg, Seth A. <SAGoldberg@duanemorris.com>
**Subject:** RE: Valsartan Plaintiffs RFPs (Distributer/Wholesaler)

Jeff—Thanks for getting back to us today. During our meet and confer last Friday we indicated that we would review your own proposed RFPs, include our edits/additions and endeavor to get a set back to you by Wednesday so that we could meet and confer later in the week -- which is what we did. At no point were we told that this schedule was unrealistic. We fully understand that counsel must meet with their clients prior to making final agreements but based on our discussion last Friday, we believed that counsel could continue to discuss the requests conceptually, as we have been doing, and narrow the issues in the interim.

The set of discovery we sent to you included Phase One and Phase Two requests. It was structured that way so that we could demonstrate what we had in mind for discovery between now and class certification briefing with the idea that part of the meet and confer process would be an attempt to agree as to what should be in each phase. Moving many of our requests into Phase Two was part of our effort to abide by the Court's direction as to what he envisioned for early discovery from the Wholesaler Defendants and likewise separately, from the Retailer Defendants. As we discussed during our earlier meet and confers, not knowing all of the details of what type of records your client keeps vs. that of other wholesalers, or other defendants, the requests were by design over-inclusive to be further narrowed through discussion or in some instances remain, but with the expectation that your client may answer that the request is inapplicable or there are no responsive documents.

The set that we sent to you also included a Section XII, Defendant Fact Sheet in Response to Plaintiff Fact Sheet for your reference during our call. It is our position that the separate DFS for Wholesalers is to be used in lieu of that section. That DFS was circulated on January 23 by my co-counsel to Seth Goldberg.

1

To move the discussion along I have attached a revised set of discovery that contains the Phase One discovery without Section XII. We reserve our rights as to future discovery. We remain ready to discuss this to the extent you or your colleagues are able prior to the discovery conference next week.

Conlee


Conlee S. Whiteley
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA  70130
(504) 524-5777 voice
(504) 524-5763  fax
www.kanner-law.com


_____
THIS EMAIL MESSAGE IS FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION.  IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE.  _____

**From:** Geoppinger, Jeff <jgeoppinger@ulmer.com>
**Sent:** Friday, January 24, 2020 12:15 PM
**To:** Conlee Whiteley <c.whiteley@kanner-law.com>; dlesli.davis@nortonrosefulbright.com; Norris, Ellie <ellie.norris@nortonrosefulbright.com>; Kaplan, Andrew <AKaplan@crowell.com>; Mimi Dennis <MDennis@crowell.com>
**Cc:** Adam Slater (ASlater@mazieslater.com) <ASlater@mazieslater.com>; 'Honik, Ruben <rhonik@golombhonik.com> (rhonik@golombhonik.com)' <rhonik@golombhonik.com>; Daniel Nigh (dnigh@levinlaw.com) <dnigh@levinlaw.com>; 'Stanoch, David' <DStanoch@GolombHonik.Com>; John Davis <jdavis@slackdavis.com>; Layne Hilton <l.hilton@kanner-law.com>; Charlie Whorton (cwhorton@riveromestre.com) <cwhorton@riveromestre.com>; Goldberg, Seth A. <SAGoldberg@duanemorris.com>
**Subject:** RE: Valsartan Plaintiffs RFPs (Distributer/Wholesaler)

Conlee,

We wanted to respond to you regarding the draft RFPs/DFSs received Wednesday evening (1/22/20) and Thursday morning (1/23/20), respectively, from plaintiffs.  Notably, there was not a DFS for "Wholesaler Defendants" to match with the RFPs you sent, so we are not sure if any of the DFS received were intended for the "Wholesaler Defendants" (i.e. McKesson, Cardinal, Amerisource).  While we appreciate your desire to

2

meet and confer on the 91 revised RFPs in advance of the Court conferences on Tuesday, the timing of the drafts we received from plaintiffs (less than 48 hours before a proposed meet and confer) do not allow us sufficient time to analyze what you have sent and, importantly, to get the necessary client input.

As you will recall, plaintiffs' initial set of RFPs addressed to the "Wholesaler Defendants" were struck by this Court on 12/18/2019.  Nearly immediately thereafter, on 12/24/19, the parties met and conferred, and it was anticipated plaintiffs would provide a revised set of RFPs. However, by the second scheduled meet and confer conference on 1/14/20, we had not received any revised RFPs directed to the "Wholesaler Defendants," much less a set of RFPs that conformed to the Court's order that the RFPs be narrowly tailored and seek only the "important information" as defined by Judge Schneider in his letter striking the plaintiffs' prior RFPs.  Therefore, following the second meet and confer conference on 1/14/20, we prepared and sent you a set of proposed RFPs for Wholesaler Defendants that same day.  We then met and conferred for the third time on 1/17/20.  Plaintiffs provided no revisions or comments to our proposed RFPs in advance of that third conference.  We received no response to those proposed RFPs until a week after they were sent, on the evening of 1/22.  While we remain committed to working cooperatively, given the timing of plaintiffs' revised drafts, we are not able to substantively meet and confer by the end of the day and do not believe the issue is ripe for the Tuesday Court conference.

For the purposes of our review and analysis of the RFPs, we would like clarification on one aspect of the revised draft RFPs we received Wednesday evening.  The RFPs are divided into Phase One and Phase Two.  Do plaintiffs intend to include the Phase Two RFPs in initial proposed discovery to Wholesaler Defendants, or do plaintiffs intend to reserve the right to supplement with the Phase Two RFPs?  This clarification is important to understand before we get our client input and before we meet and confer.

Happy to have a call in advance of the conference to generally discuss these issues if you think it would be helpful.

Jeff

Jeffrey D. Geoppinger
Ulmer & Berne LLP
513.698.5038

---

**From:** Conlee Whiteley <c.whiteley@kanner-law.com>
**Sent:** Wednesday, January 22, 2020 6:55 PM
**To:** dlesli.davis@nortonrosefulbright.com; Geoppinger, Jeff <jgeoppinger@ulmer.com>
**Cc:** Adam Slater (ASlater@mazieslater.com) <ASlater@mazieslater.com>; 'Honik, Ruben <rhonik@golombhonik.com> (rhonik@golombhonik.com)' <rhonik@golombhonik.com>; Daniel Nigh (dnigh@levinlaw.com) <dnigh@levinlaw.com>; 'Stanoch, David' <DStanoch@GolombHonik.Com>; John Davis <jdavis@slackdavis.com>; Layne Hilton <l.hilton@kanner-law.com>; Charlie Whorton (cwhorton@riveromestre.com) <cwhorton@riveromestre.com>; Goldberg, Seth A. <SAGoldberg@duanemorris.com>
**Subject:** Valsartan Plaintiffs RFPs (Distributer/Wholesaler)

Pursuant to our call last week, please find attached a revised set of RFPs for the Distributer Wholesaler Defendants.  We would like to schedule a call to discuss the RFPs on Friday 1/24 in the afternoon.  Please circulate to any others on your team who will want to review and participate and let me know what time will work for you.

If you prefer that we copy certain individuals on future correspondence please do not hesitate to send a list for us to use going forward.

Thank you, Conlee


Conlee S. Whiteley
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA  70130
(504) 524-5777 voice
(504) 524-5763  fax
www.kanner-law.com


_____
THIS EMAIL MESSAGE IS FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION.  IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE.  _____


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.