**MAZIE SLATER KATZ & FREEMAN, LLC**
COUNSELLORS AT LAW
103 Eisenhower Parkway
Roseland, NJ  07068
(973) 228-9898
Fax (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°

Karen G. Kelsen°
Cheryll A. Calderon
David M. Estes
Adam M. Epstein°
Michael R. Griffith°
Matthew Tonzola
Christopher J. Geddis

_____
*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

February 6, 2020

**VIA ECF**
Honorable Joel Schneider
United States Magistrate Judge
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, New Jersey  08101

   Re: IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION
      Civil No. 19-2875 (RBK/JS)

Dear Judge Schneider:

  Plaintiffs submit this letter in accordance with the Court's January 30, 2020 order, to advise the Court of the date for which responses are due to the complaints served upon several foreign Defendants[1] pursuant to Article 5 of the Hague Convention through transmission to the Indian Central Authority, and to advise as to the status of the responses.

---

[1] Plaintiffs served the following entities with complaints through the Indian Central Authority pursuant to the Hague Convention: (1) Mylan Laboratories Limited ("Mylan Laboratories"), (2) Hetero Drugs Limited (Hetero Drugs"), (3) Hetero Laboratories Limited ("Hetero Laboratories"), and (4) Aurobindo Pharma Limited ("Aurobindo Pharma") (collectively, "Foreign Defendants").

Honorable Joel Schneider, U.S.M.J.
February 6, 2020
Page 2

1. Defendant Hetero Drugs; served on September 5, 2019; response/appearance due by September 26, 2019; filed appearance on February 6, 2020.

2. Defendant Hetero Laboratories; service started on June 26, 2019; status unknown; filed appearance on February 6, 2020

3. Defendant Mylan Laboratories; served on September 7, 2019; response/appearance due by September 28, 2019; no response/appearance filed.

4. Defendant Aurobindo Pharma; service started on May 31, 2019; status unknown; no response/appearance filed.

I. **SUMMARY**

Under the Rules, the deadline for which a Foreign Defendant is to answer a complaint served pursuant to the Hague Convention is the same as it would be any domestic defendant – 21 days upon completed service. Fed. R. Civ. P. 12(a)(1)(A). Although the Court has ruled that Defendants are not required to file Answers in this MDL, the Foreign Defendants must still appear before the Court by the time they otherwise should have filed an answer. As set forth above, Hetero Drugs was served on September 5, 2019, and Mylan Laboratories was served on September 7, 2019, in accordance with the Hague Convention. (D.E. 343). Hetero Drugs and its subsidiary, Hetero Laboratories, filed an appearance in this case on February 6, 2020, but Mylan Laboratories has not filed an appearance,[2] so the Clerk is entitled to enter a default immediately under Fed. R.

---

[2] Counsel for the US-based Mylan entities indicated they would file a notice of appearance on behalf of Mylan Laboratories, but has failed to file such an appearance. For the clarity of the record, Plaintiffs request that Counsel formally enter an appearance on behalf of Mylan Laboratories. Should Counsel not file an appearance on or before February 18, 2020, Plaintiffs request the Court enter a default pursuant to Rule 55(a).

Honorable Joel Schneider, U.S.M.J.
February 6, 2020
Page 3

Civ. P. 55(a). Further, because of the timing stipulations provided by Article 15 of the Hague Convention, the Court is further entitled to enter a default for Aurobindo Pharma.

As the Court is well aware, during the fall and winter of 2019 and into this year, the Parties in this litigation (including several Foreign Defendants[3], some of which waived Hague service, such as Torrent Pharma), have been working tirelessly to negotiate critical key issues, such as the scope of discovery, search terms, custodians, and requests for production. Many of these discussions occurred in late October and November. It now turns out that throughout much of this time, Hetero Drugs, one of the Defendant API manufacturers who refused to participate in this litigation on the basis that it had not been served with process, had in fact already been formally served pursuant to the Hague Convention.

Given their inaction, and as explained further below, Plaintiffs respectfully request that the Court order default against Mylan Laboratories and Aurobindo Pharma if they do not file an entry of appearance on or before February 18, 2020. Further, to the extent the Clerk is required to enter a default for any Foreign Defendant who fails to make an appearance by February 18, 2020, Plaintiffs further request leave of Court to move for entry of default judgment without the need for further applications, pursuant to Fed. R. Civ. P. 55(b). Entries of default and further applications for default judgments are the only way Plaintiffs can preserve their rights, while also ensuring that discovery as to Mylan Laboratories and Aurobindo Pharma is not further unnecessarily delayed.

---

[3] While Mylan Laboratories is an entity Plaintiffs were required to formally serve pursuant to the Hague Convention, the US-based Mylan entity fully participated in negotiations regarding discovery, and provided documents and lists of possible custodians for its Indian operations.

Honorable Joel Schneider, U.S.M.J.
February 6, 2020
Page 4

## II. LEGAL STANDAMD

### a. Background on Service Pursuant to Article 5 of the Hague Convention

The most official and judicious method of service used under the Hague Convention is via a "Central Authority" as provided for in Articles 2–6. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361. ("Hague Convention"). Every state that ratifies the Hague Convention must "designate a Central Authority which will undertake to receive requests for service coming from other Contracting States." Hague Convention Art. 2, ¶ 1. Further, the party effecting service must submit the documents to be served to the appropriate "authority or judicial officer" in the Originating State, who then forwards a standardized request for service with the documents annexed thereto, to the Destination State's Central Authority. Hague Convention Art. 3, ¶ 1. The Central Authority is empowered to serve process "by a method prescribed in its internal law for the service of documents in domestic actions upon persons who are within its territory." Hague Convention Art. 5, ¶ 1(a). Once service is formally effectuated, the Central Authority is to complete a standardized certificate of service. Hague Convention Art. 6, ¶ 1.

### b. Answers to Lawsuits Served Pursuant to the Hague Convention Must Be Provided Within 21 Days of Actual Service

A defendant is required to serve an answer within 21 days of being served with a summons and complaint. F.R.C.P Rule 12(a)(1). This is true for service that is effectuated pursuant to the Hague Convention. *See Fox v. Regie Nationale des Usines Renault*, 103 F.R.D. 453 (W.D. Tenn. 1984). Failure by a Plaintiff to provide proof of service pursuant to the Hague Convention does not affect the validity of that service, nor does the failure or delay in receiving a formal certificate

Honorable Joel Schneider, U.S.M.J.
February 6, 2020
Page 5

of service abrogate the timing required for the foreign defendant to answer or otherwise appear before the court. *Id.*

### c. Process for Judgment by Default

Entering judgment by default is a two-step process. First, if service has been perfected and a defendant fails to timely respond within 21 days, Rule 55(a) requires the clerk to enter a default. Fed. R. Civ. P. 55(a). This applies equally to foreign Defendants who are served in accordance with the Hague Convention. *E.g., Marschauser v. Travelers Indem. Co.*, 145 F.R.D. 605 (S.D. Fla. 1992). Following the clerk's entry of default, a formal judgment by default may be entered upon application by the plaintiff to the court. Fed. R. Civ. P. 55(b)(2).

The Hague Convention also allows a foreign defendant to be placed in default without the plaintiff providing proof of service. Under Article 15, contracting States[4] are free to declare that their courts may grant a default judgment against a foreign defendant, *even when no proof of service on that defendant has been received from the Central Authority*, provided the following three criteria are satisfied:

> *(a) the document was transmitted by one of the methods provided for in this Convention,*
>
> *(b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document, and*

---

[4] The United States has declared the provisions of paragraph 2 of article 15 to be applicable. *See* Hague Convention, Designations and Declarations Made on the Part of the United States in Connection with the Deposit of the United States Ratification, No. 3 ("In accordance with the second paragraph of Article 15, it is declared that the judge may, notwithstanding the provisions of the first paragraph of Article 15, give judgment even if no certificate of service or delivery has been received, if all the conditions specified in subdivisions (a), (b) and (c) of the second paragraph of Article 15 are fulfilled.").

Honorable Joel Schneider, U.S.M.J.
February 6, 2020
Page 6

> *(c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.*

Hague Convention, Art. 15.

In allowing a Plaintiff to request entry of default pursuant to Article 15 of the Hague Convention, courts find that default is especially appropriate in instances involving foreign defendants *who are aware of the litigation* (as is the case in this matter). *See Daly v. Llanes*, No. 98 CIV 1196 (AGS), 1999 WL 259507, at *2 (S.D.N.Y. Apr. 30, 1999) (finding that a foreign defendant is not prejudiced by this decision to allow a plaintiff to move for default "because it is fully aware of" the legal proceedings and "further delay may be avoided" if the foreign defendant decided to waive service of process).

III. **ARGUMENT**

    a. **Plaintiffs Are Entitled to Default Judgments Against Mylan Laboratories and Aurobindo Pharma**

Because of the timing of service, Plaintiffs are legally entitled to request entry of default and to seek default judgments against Mylan Laboratories and Aurobindo Pharma under either F.R.C.P 55 or Article 15 of the Hague Convention.

    b. **Default Pursuant to Rule 55,** *et seq.*

Pursuant to Rule 55(a), the clerk is compelled to enter a default against defendants who have been formally served for failure to timely answer the complaint or otherwise appear before the court. Upon entry by the clerk of default pursuant to Rule 55(a), plaintiffs are also entitled to make an application to the court to further enter a default judgment. Fed. R. Civ. P. 55(b).

Because Mylan Laboratories was served with a copy of the *Tack* personal injury case on September 7, 2019, Mylan Laboratories was required to answer the complaint or otherwise appear

Honorable Joel Schneider, U.S.M.J.
February 6, 2020
Page 7

on or before September 30, 2019. Mylan Laboratories has failed to answer or otherwise appear in the litigation.

### c. Default Pursuant to Article 15 of the Hague Convention

On May 31, 2019, the *Holland* personal injury case was transmitted to the Indian Central Authority for service upon Aurobindo Pharma, pursuant to Article 5 of the . [5] (D.E. 349, at Ex. 6). However, Plaintiffs have not yet received any formal certificate from the Indian Central Authority. Despite this, even in the absence of a confirmation or certificate from the Central Authority, Plaintiffs were entitled to request entry of default and then a default judgment as of November 31, 2019 -- 6 months after the transmittal of the documents to the Central Authority -- pursuant to Article 15 of the Hague Convention. *See* Hague Convention, Art. 15(b). Plaintiffs consequently request that the Court find Aurobindo Pharma in default pursuant to Article 15 of the Hague Convention, and allow Plaintiffs leave to request entry of a default judgment without further motion pursuant to Rule 55(b).

Thank you for your courtesies and consideration.

Respectfully,

Adam M. Slater

---

[5] Considering that service upon Mylan Laboratories and Hetero Drugs commenced on May 29, and May 31, 2019, and was completed by early September, it is likely that Aurobindo Pharma has already been served (and has potentially failed to respond within 21 days). Entering a default under Article 15 of the Hague Convention is the only way to ensure they will not unnecessarily delay appearance in this case.