## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBÉRT B. KUGLER<br>UNITED STATES DISTRICT JUDGE | MITCHELL H. COHEN U.S. COURTHOUSE<br>1 John F. Gerry Plaza - Room 6040<br>CAMDEN, NJ 08101<br>856-757-5019 |

February 7, 2029

Weston P. Pesillo, Esq.
McGRAIL & ASSOCIATES
1714 Lincoln Way
White Oaks, PA  15131

Re:  In Re:  Valsartan Products Liability Litigation
         MDL No. 2875

Dear Mr. Pesillo:

I enclose a copy of a letter received from your client Beverly Patton.  Her husband's passing must be heartbreaking.

I trust you will explain to Ms. Patton that it would inappropriate for me to personally respond to her.

Thank you.

Very truly yours,

ROBERT B. KUGLER
United States District Judge

RBK:mg
Encl.

February 1, 2020

Honorable Robert B. Kugler:

This letter is in regards to my deceased husband's Valsartan lawsuit.

My husband Joseph Patton repeatedly asked me how did I get this? How did this happen? Yes, it was kidney cancer and lung cancer. In April 2018, he went to Dr. Stephen Jackman, Urologist, because of blood in the urine. Then, he was referred to Dr. Leonard Appleman, Oncology, as well as Dr. Neil Christie for his lungs. My husband never smoked. On July 19, 2018, we received a recall letter that his blood pressure medicine was recalled; Valsartan. There was his answer; my husband did not ask for this. NDMA has widely been noted in this medication as a dangerous cancer causing carcinogen. This was noted to reduce functionality in kidneys, lungs, etc. Many studies have proven this to be toxic and cause tumors in the liver, kidneys, respiratory tract, etc. My husband thought some of his pain would go away if he had his kidneys removed. At the end of that surgery on July 3, 2018, Dr. Appleman mentioned above told us that the cancer was not only his kidneys and lungs, but also his colon, pancreas, lymph nodes, and was wrapped around his aorta. His first chemo appointment was to be on August 3, 2018. Unfortunately, that was the day he passed away.

My lawyer informed me that him and I might have to settle on this suit. I do not understand how that could happen, everything that is known about Valsartan and NDMA demonstrate cancer causation.

Please provide guidance to assist me further in this terrible dealing. I can also best be reached on my cell phone at 724-858-0476.

Thank you,

*Beverly Patton*
Beverly Patton.

\* No history of cancer in his family. Both parents passed away from heart attacks.


# McGrail & Associates, LLC

September 4, 2019

**<u>Via First Class Mail</u>**

Beverly Patton
401 W. Keeling Ave
Derry, PA 15627

       Re:   **Valsartan Lawsuit**
           **Our File No. 500.223**

Dear Beverly:

  I hope all is well. Enclosed, please find a Conditional Transfer Order entered by the United States Judicial Panel on Multidistrict Litigation. The effect of this Order is that your lawsuit will be transferred from the federal court in the Western District of Pennsylvania to the federal court in New Jersey where a number of other lawsuits involving claims arising out of the use of Valsartan drugs like those taken by your late husband are currently proceeding. This is called a Multidistrict Litigation (MDL). A MDL is sort of like a class action lawsuit – individual lawsuits involving similar issues of fact and law are all transferred to a single forum in order to make the resolution of each case more efficient. A MDL is also, however, different from a class action because unlike a class action (where all of the similar suits are consolidated into a single case and resolved at one time) each lawsuit within the MDL is still, in part, litigated separately and each case is settled or resolved separately. Accordingly, the settlement or other resolution of other cases within the MDL will not affect your case.

  Should you have any questions regarding your cases transfer to the MDL, please feel free to contact me.

                  Very truly yours,

                  WESTON P. PESILLO

WPP/rab
enclosures

---

McGrail & Associates, LLC                        Weston P. Pesillo, Esquire

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: VALSARTAN PRODUCTS LIABILITY
LITIGATION                                                          MDL No. 2875

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO –11)

On February 14, 2019, the Panel transferred 5 civil action(s) to the United States District Court for the District of New Jersey for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 363 F.Supp.3d 1378 (J.P.M.L. 2019). Since that time, 39 additional action(s) have been transferred to the District of New Jersey. With the consent of that court, all such actions have been assigned to the Honorable Robert B. Kugler.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the District of New Jersey and assigned to Judge Kugler.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the District of New Jersey for the reasons stated in the order of February 14, 2019, and, with the consent of that court, assigned to the Honorable Robert B. Kugler.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of New Jersey. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is pending at this time, the stay is lifted.

Sep 03, 2019

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION   MDL No. 2875

## SCHEDULE CTO-11 – TAG-ALONG ACTIONS

| DIST | DIV. | C.A.NO. | CASE CAPTION |
|---|---|---|---|
| **LOUISIANA EASTERN** | | | |
| LAE | 2 | 19-12226 | Fougere v. Solco Healthcare US, LLC. et al |
| **LOUISIANA WESTERN** | | | |
| LAW | 6 | 19-00892 | Blake et al v. Zhejiang Huahai Pharmaceutical Co Ltd et al |
| **PENNSYLVANIA WESTERN** | | | |
| PAW | 2 | 19-00981 | PATTON et al v. ZHEJIANG HUAHAI PHARMACEUTICAL CO., LTD. et al |