## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | HON. ROBERT B. KUGLER |
| THIS DOCUMENT RELATES TO ALL ACTIONS | CIVIL NO. 19-2875 (RBK/JS) |

## CASE MANAGEMENT ORDER NO. 19
### (Supplemental Direct Filing Order – Partially Stipulated)

### I.   SCOPE OF THE ORDER

This partially stipulated Supplemental Direct Filing Order (the "Order") supplements CMO No. 3 (Direct Filing) and governs the direct filing of all Valsartan, Losartan and Irbesartan cases into MDL No. 2875. CMO No. 3 remains applicable as to the Defendants that expressly stipulated to CMO No. 3 at the time it was entered, and as may be determined by the Court in the event of a dispute with regard to any other Defendant. The Order applies only to claims brought by a U.S. citizen or resident based on usage or purchase of generic formulations of Valsartan, Losartan and Irbesartan medications allegedly containing nitrosamine impurities. This Order is not intended to impact the substantive rights of any party, and is to operate as an administrative vehicle for pre-trial case management.

For purposes of this Stipulated Order, the Stipulating Parties are all Plaintiffs and the following Stipulating Defendants:

- Aurobindo Pharma USA, Inc.;
- Aurolife Pharma LLC;
- AvKare, Inc.;
- Bryant Ranch Pre-Pack, Inc.;

- Camber Pharmaceuticals, Inc.;

- The Harvard Drug Group, LLC (d/b/a Major Pharmaceuticals);

- Hetero Drugs, Ltd.;

- Hetero Labs, Ltd.;

- Hetero USA, Inc.;

- H J Harkins Co., Inc. d/b/a Pharma Pac;

- The Kroger Co.;

- Mylan Pharmaceuticals Inc.;

- NuCare Pharmaceuticals, Inc.;

- Teva Defendants (Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., Actavis LLC, Actavis Pharma, Inc., and Arrow Pharm (Malta) Ltd.);

- Torrent Pharmaceuticals, Ltd.;

- Walmart Stores, Inc; and

- ZHP Defendants (Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc.).

For purposes of this Stipulated Order, the Objecting Defendants, who do not stipulate and

expressly object to the entry of this order,[1] are the following:

- Albertsons Companies, Inc.;

- Amerisource Bergen Corp.;

- Cardinal Health, Inc.;

- CVS Health Corp.;

- Express Scripts Inc.;

- Express Scripts Holding Co.;

---

[1] The Objecting Defendants' objection and argument that the Court is not authorized to enter such an order absent their express consent and stipulation is noted for the record but hereby overruled.

- Humana Inc.;

- Humana Pharmacy Inc.;

- Legacy Pharmaceutical Packaging, LLC;

- McKesson Corp; and

- Rite-Aid Corp.

## II.    DIRECT FILING OF CASES INTO MDL NO. 2875

A.    In order to eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts and to promote judicial efficiency, any plaintiff whose case would otherwise be subject to transfer to MDL No. 2875, pursuant to 28 U.S. Code § 1407 and the Judicial Panel on Multidistrict Litigation's February 14 and December 18, 2019 Transfer Orders (JPML Doc. 229 and 401), may elect to file his or her complaint against all Defendants directly in MDL No. 2875 in the District of New Jersey.[2] Any plaintiff who files a Losartan or Irbesartan complaint in accordance with this direct filing Order prior to the Court's approval of the Losartan and Irbesartan short form complaint will be required to file a short form complaint within 30 days of the court's approval of the short form complaint.  Defendants' obligations to answer, move, or otherwise respond to direct filed complaints shall continue to be stayed pending further order, and all objections and affirmative defenses are preserved by Defendants (and not impacted by this Order) including but not limited to personal jurisdiction and venue, in both this Court and any remand court except those specifically identified in Section III.B. below.

---

[2] To the extent any Plaintiff has attempted to direct file any Valsartan case into this MDL in the District of New Jersey prior to CMO No. 3, or any Losartan or Irbesartan case into this MDL in the District of New Jersey prior to the execution of this Order, such direct filings are not authorized and will be dismissed without prejudice if not refiled pursuant to the terms of this Order, except if a prior filed Losartan or Irbesartan case was part of a Valsartan case that was direct filed.

B.    Stipulating Defendants stipulate and agree that they will not assert any objection of improper venue in the District of New Jersey for pretrial proceedings pursuant to Fed. R. Civ. P. 12(b) as to any Valsartan, Losartan or Irbesartan related cases filed directly in the District of New Jersey that emanate from districts outside the District of New Jersey and that are directly filed in this multidistrict litigation proceeding pursuant to this Order. (However, the Parties reserve the right to oppose and object to any improper venue proposed for trial pursuant to 28 U.S. Code §§ 1391 and 1406(a)).

C.    Each case filed directly in MDL No. 2875 pursuant to this Order that emanates from a district outside the District of New Jersey will be filed in MDL No. 2875 solely for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's February 14 and December 18, 2019 Transfer Orders. The Parties do not waive their rights to the transfer of any case in this MDL to a court of proper venue under 28 U.S.C. §§ 1391 and 1406(a) and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. (1998) upon completion of pretrial proceedings.

D.    For cases directly filed in this MDL, the complaint should include: (1) a statement indicating that it is being filed in accordance with this Stipulated Order and (2) a designation of venue, which will be the presumptive place of remand absent an agreement otherwise among the Parties or a determination by the Court that the place of remand should be elsewhere based upon good cause.

E.    Upon completion of all pretrial proceedings applicable to a case directly filed in this Court pursuant to this Order, this Court, pursuant to 28 U.S.C § 1404(a), may transfer that case to the federal district court in the district of proper venue as defined by 28 U.S.C. § 1391, after giving the parties an opportunity to meet and confer and be heard on the issue. Defendants

4

preserve all objections and affirmative defenses of improper venue and lack of personal jurisdiction as to Plaintiffs' designation. The Court will determine any of the Stipulating Defendants' venue challenges, objections or disputes relating to directly filed complaints at the conclusion of pretrial proceedings when the case is ripe for remand for trial.

F.      Nothing contained in this Order shall preclude the parties from agreeing, at a future date, to try cases filed pursuant to this Order in this District.

G.      The inclusion of any action in *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation*, MDL No. 2875, whether such action was or will be filed originally or directly in the District of New Jersey, shall not constitute a determination by this Court that jurisdiction or venue is proper in this district.

H.      Plaintiffs stipulate and agree that the direct filing of a case in MDL No. 2875 pursuant to this Order will have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

I.      Stipulating Defendants stipulate and agree that the filing of a complaint directly in MDL No. 2875 pursuant to this Order shall stop the running of any statute of limitations or prescriptive or peremptive period as if the complaint had been filed in an alternative venue, including a venue designated for remand.

J.      The references to "Defendants" herein shall not constitute an appearance by or for any Defendant not properly served.

K.      The caption for any complaint that is directly filed in MDL No. 2875 before this Court shall bear the following caption:

5

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | |
| ─────────────────, | HON. ROBERT B. KUGLER |
| Plaintiff, | |
| vs. | CIVIL NO. 19-2875 (RBK/JS) |
| | COMPLAINT AND JURY DEMAND |
| ─────────────────, | Civil Action No.:_____ |
| Defendants. | |

L.      For the class action complaints, the filing Party must identify the case as a class action by adding the words "CLASS ACTION" in the case caption, on a line directly underneath the words "COMPLAINT AND JURY DEMAND."

## III.   OBJECTING DEFENDANTS

A.      Objecting Defendants shall maintain all protections afforded to the Stipulating Defendants under this Order as though they had so stipulated.

B.      Plaintiffs expressly stipulate and affirm, and the Court so Orders, that Objecting Defendants have not waived and will not waive, through operation or implication of this Supplemental Direct Filing Order now or in the future, or through their present or future compliance with this Supplemental Direct Filing Order or any Order or directive of the Court flowing therefrom, any argument or defense whatsoever with regard to personal jurisdiction and venue, in this Court or any other.

6

Camden, New Jersey this 18 day of February, 2020.

Hon. Robert B. Kugler
United States District Judge

7