# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

| | |
|---|---|
| David A. Mazie* | Karen G. Kelsen° |
| Adam M. Slater*° | Cheryll A. Calderon |
| Eric D. Katz*° | Adam M. Epstein° |
| David M. Freeman | Cory J. Rothbort*° |
| Beth G. Baldinger | Michael R. Griffith° |
| Matthew R. Mendelsohn° | Christopher J. Geddis |
| David M. Estes | Matthew R. Tonzola |

*Certified by the Supreme Court of
 New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

February 25, 2020

**<u>VIA ECF</u>**

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, NJ  08101

Honorable Joel Schneider, U.S.M.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, NJ  08101

Re: IN RE: VALSARTAN, LOSARTAN, & IRBESARTAN PRODUCTS LIABILITY LITIGATION
Civil No. 19-2875 (RBK/JS)

Dear Judge Kugler and Judge Schneider:

Please accept this letter on behalf of Plaintiffs in advance of the February 26, 2020 Case Management Conference.

**1. Downstream Defendants' Discovery**

*A. Retail Pharmacy Defendants*

As reported at the last CMC, following a meet and confer between the parties, Plaintiffs sent the Retail Pharmacy Defendants modified proposed document requests on January 24, 2020, which explicitly incorporated certain requests proposed by these Defendants themselves.  The parties met and conferred on February 12 about these Defendants' questions.  On February 18,

Honorable Robert Kugler, U.S.D.J.
Honorable Joel Schneider, U.S.M.J.
February 25, 2020
Page 2

Retail Pharmacy Defendants sent a redlined version back to Plaintiffs, and the parties conferred on February 20. Once the macro issues are addressed, the balance of the remaining issues should be easily resolved.

### B. Wholesaler Defendants

As reported at the last CMC, following a meet and confer between the parties, Plaintiffs sent the Wholesaler Defendants modified proposed document requests on January 24, 2020, which explicitly incorporated certain requests proposed by these Defendants themselves. The parties met and conferred on February 12 about these Defendants' questions. On February 20, the Wholesaler Defendants sent a redlined version back to Plaintiffs, and the parties conferred on February 25, with the Wholesalers to get back to the Plainitiffs. This process is not complete.

To the extent the Retail Pharmacy Defendants and Wholesaler Defendants are asking the Plaintiffs to accept truncated or incomplete information this must be through a discussion involving all levels of Defendants, and agreement at all levels of the supply chain.

### C. Defendants Fact Sheets

The parties continue to meet and confer regarding the DFS's.

### D. Retailer Defendants Macro Issues

The Retailers raise "macro issues" that seek to re-argue issues already determined by the Court. For example, the definition of "Valsartan" is apparently an effort to exclude contaminated Valsartan that was not expressly recalled from the scope of discovery, and the "relevant time period" is apparently an effort to limit the scope of their production to the period beginning with the recalls. Obviously, these positions are untenable. Similarly, their position that pricing

Honorable Robert Kugler, U.S.D.J.
Honorable Joel Schneider, U.S.M.J.
February 25, 2020
Page 3

information, which is central to this litigation, should not be produced, should be rejected, as should their position that they need not account for Valsartan that was returned. Finally, the Court has already required the production of document preservation policies and indemnification agreements and related documents. There is no basis to relieve these Defendants, who actually sold the contaminated drugs to consumers, from these settled obligations.

    **2.    Improvidently Filed Short Form Complaints and Over-Identification of Defendants in Short Form Complaints**

Plaintiffs are liaising with individual plaintiffs' counsel to address SFC or PFS issues identified by Defendants. Plaintiffs believe that it would be most efficient for Defendants to present any such issues to the Plaintiffs first, informally, so that the parties can informally confer and resolve these issues on a rolling basis, rather than such issues being brought to Plaintiffs' attention for the first time in a letter to the Court ahead of a CMC. Defendants disagree. This should be ordered.

    **3.    Plaintiff Fact Sheets Show Cause Listing**

Plaintiffs note that the Court's Case Management Order 16 Approving Plaintiff's Fact Sheets and Establishing Show Cause Process states that Defendants must notify Adam M. Slater, David Stanoch, and the counsel of record of any core deficiencies with a plaintiff's Plaintiff Fact Sheet via letter. The plaintiff then has two weeks to respond via letter. Only if the dispute remains unresolved may Defendants put the dispute on the agenda for an in-person Case Management Conference. If the PFS remains on a list for two in-person Case Management Conferences, Defendants may request an Order to Show Cause, which will be returnable at the following in-person Case Management Conference. Plaintiffs intend to follow this procedure.

Honorable Robert Kugler, U.S.D.J.
Honorable Joel Schneider, U.S.M.J.
February 25, 2020
Page 4

### 4.     Search Terms and ESI

Plaintiffs have had discussions with counsel for ZHP, Mylan, and Teva regarding some minor modifications to search terms in order to accommodate false positives. Plaintiffs have not heard from any other parties and assume they do not have issues that need to be addressed. Plaintiffs are concerned, however, that it is now the end of February and plaintiffs have yet to receive any production other than that related to core discovery, nor received a time frame from Defendants as to when rolling production will start.

### 5.     Amendment of Economic Loss Master Class Complaint

Plaintiffs will file their motion for leave to amend by March 13, 2020, per the Court's February 19, 2020 Order (ECF 377). Plaintiffs sent a proposed redlined complaint to Defendants on February 19. On February 25, 2020, Defendants responded that OptumRx, Albertsons Companies, LLC, Humana Pharmacy, Inc., Cardinal Health, Inc., McKesson Corporation, and AmerisourceBergen Corporation object to the amended complaint, so the proposed amendment will be addressed through the motion.

### 6.     Losartan/Irbesartan Update

Plaintiffs will update the Court on this issue at the Case Management Conference.

Please advise if Your Honors require anything else prior to the conference.

Respectfully,

ADAM M. SLATER