NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

**Duane Morris®**

*FIRM and AFFILIATE OFFICES*

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
*E-MAIL:* SAGoldberg@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

March 10, 2020

**VIA ECF**

The Honorable Joel Schneider
United States Magistrate Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3C
Camden, NJ 08101

      Re: **In re Valsartan, Losartan, and Irbesartan Products Liability Litigation**
            Case No. 1:19-md-02875-RBK-JS

Dear Judge Schneider:

    This letter is to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on March 11.

**1.**    **Downstream Defendant Discovery**

    **(a)**    **Retail Pharmacy Defendants**

    Plaintiffs and the Retail Pharmacy Defendants continue to meet and confer regarding the Rule 34 discovery in an attempt to continue to narrow the issues for the Court's consideration at the March 25, 2020 status conference. Following the Parties' meet and confer regarding the Retail Pharmacy Defendants' Fact Sheet ("DFS") on February 21, 2020, Plaintiffs advised that they would be revising portions of the DFS and would send the Retail Pharmacy Defendants a redline for their consideration. Plaintiffs have since advised that they continue to review the current draft of the DFS and that it is their position that further negotiation on the DFS can follow the Court's rulings on and the parties' finalization of the Rule 34 Discovery. The Retail Pharmacy Defendants have agreed to that approach.

DUANE MORRIS LLP
30 SOUTH 17TH STREET    PHILADELPHIA, PA 19103-4196    PHONE: +1 215 979 1000    FAX: +1 215 979 1020

DuaneMorris

March 10, 2020
Page 2

Regarding the macro issue briefing, at the Court's direction, Plaintiffs and the Retail Pharmacy Defendants have conferred regarding the briefing schedule on the Rule 34 macro discovery issues, and have agreed to the following schedule:

- Plaintiffs' opening letter brief due **Thursday, March 12** by 5 Eastern
- Retail Defendants' response due **Monday, March 23** by 3 Eastern
- Plaintiffs' reply, if any, due **Tuesday, March 24** by 5 Eastern

**(b)    Wholesaler Defendants**

Wholesaler Defendants continue to meet and confer with Plaintiffs regarding the Rule 34 discovery in an attempt to narrow the issues for the Court's consideration at the March 25, 2020 status conference, mindful of the Court's assurances that discovery to Downstream Defendants should be tailored in scope. Wholesaler Defendants have most recently provided to Plaintiffs' counsel for their consideration a set of what should be the final set of revised requests for production from which Macro Discovery Issues will be argued. Additionally, the parties continue to hone the macro discovery issues relevant to the requests for production to the Wholesalers that will be the subject of the briefing to the Court in advance of the March 25, 2020 status conference. Finally, Wholesaler Defendants understand that, as with the Retailer Defendants, Plaintiffs' position is that negotiation of a DFS to Wholesaler Defendants, if any, can follow the Court's rulings on and the parties' finalization of the Rule 34 requests for production. Wholesaler Defendants have no objection to that approach.

**2.    Over-identification of Defendants in Short Form Complaints**

On March 3, 2020 the Court ordered certain Plaintiffs to file amended Short Form Complaints ("SFC") to cure their over-identification of Defendants. *See* ECF 388 at 2. Despite being on notice from the Court's recent order, and from the Court's repeated reminders that a failure to investigate the source of Plaintiffs' valsartan violates Rule 11, the Defendants continue to receive SFCs that suffer from this deficiency. The table attached as Exhibit A lists SFCs filed since the February 26 Case Management Conference that similarly name every Defendant at various levels of the supply chain. Defendants respectfully request that the Court order the Plaintiffs listed in Exhibit A to amend their SFCs in accordance with Rule 11 by March 23, 2020 as well.

In addition, Defendants list two Plaintiffs whose amended SFC still do not satisfy their obligations to perform basic due diligence. In their original SFCs, Plaintiffs Dannheim and Santora named only John Doe defendants. Defendants identified this deficiency on February 25, 2020 (*see* ECF 383, Ex. B, Table B), and thus these Plaintiffs are subject to the Court's order requiring an Amended Short Form Complaint (*see* ECF 388 at 2). On March 2, these two Plaintiffs filed amended SFCs that name a single Retailer/Pharmacy but continue to name only John Does at all other supply-chain levels. Defendants raise these amended SFCs to clarify that such minimal



March 10, 2020
Page 3

amendments do not cure the Plaintiffs' lack of due diligence or excuse their counsel from attending the March 25 CMC as ordered by the Court. *See* ECF 388 at 2.

**3.     Plaintiff Fact Sheets**

On January 24, 2020, Defendants served deficiency notices in the *Mullins* and *Cantrell* cases because Plaintiffs had failed to file Plaintiff Fact Sheets. Counsel for Mullins and Cantrell responded on February 7, 2020, noting that she had filed motions to withdraw as counsel in those matters. On February 27, 2020, the Court denied these motions to withdraw as counsel. *See* Dkt. 385. Defendants request that the Court enter an order to show cause why the *Mullins* and *Cantrell* cases should not be dismissed. Pursuant to Case Management Order 16 (Dkt. 249). Defendants will raise additional deficiencies relating to the Plaintiff Fact Sheets in their position statement in advance of the March 25 case management conference.

Respectfully submitted,

*/s/ Seth A. Goldberg*

Seth A. Goldberg

cc:     Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
        Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
        Sarah Johnston, Esq. (*via email*)
        Lori G. Cohen, Esq. (*via email*)
        Clem C. Trischler, Esq. (*via email*)