NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

**Duane Morris®**

*FIRM and AFFILIATE OFFICES*

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
*E-MAIL:* SAGoldberg@duanemorris.com

www.duanemorris.com

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

May 12, 2020

**VIA ECF**

The Honorable Joel Schneider
United States Magistrate Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3C
Camden, NJ 08101

 Re: **In re Valsartan, Losartan, and Irbesartan Products Liability Litigation**
  **Case No. 1:19-md-02875-RBK-JS**

Dear Judge Schneider:

This letter is to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on May 13.

**1.   ESI Search Terms**

On April 24, the Manufacturer Defendants submitted a joint ESI search term counterproposal to Plaintiffs (the "Revised Search Terms") which, for all intents and purposes, mirrored the counterproposal first submitted to Plaintiffs by Mylan on March 19. The Revised Search Terms contain necessary modifications to the protocol incorporated by the Court's December 23, 2019 Order, ECF 328 (the "Original Search Terms"), to ensure discovery in this MDL proceeds in an orderly, efficient, and proportionate manner. Per Plaintiffs' request, Defendants have followed up with information demonstrating (i) the sheer amount of data being captured by the Original Search Terms; (ii) the overbreadth and irrelevant nature of those data; and (iii) the more reasonable scope of the Revised Search Terms whereby the volume of data to be collected, processed, and reviewed by Defendants would be reduced by approximately 50% with no apparent prejudice to Plaintiffs. At approximately 11:00 a.m. this morning, Plaintiffs submitted a 41-page letter responding to Defendants' counterproposal, which Defendants have not

DUANE MORRIS LLP

30 SOUTH 17TH STREET   PHILADELPHIA, PA 19103-4196       PHONE: +1 215 979 1000   FAX: +1 215 979 1020

DuaneMorris

May 12, 2020
Page 2

yet had the opportunity to fully analyze. In the event an agreement cannot be reached among the parties, and in accordance with the Court's Order of April 20, 2020 (ECF 416), Defendants will request that a briefing schedule be established for purposes of filing a formal motion to amend the Original Search Terms.

2.   **Defendant Fact Sheets Directed toward the Manufacturer Defendants**

On January 30, 2020 the Court ruled that the Defendant Fact Sheets ("DFS") can contain questions "directed toward the product identification issue." ECF 360 ¶ 5. Beyond product identification, the Court has repeatedly directed that the DFS cannot duplicate the Rule 34 document requests. *See, e.g.*, 1/15/20 Tr. at 27:18–20 ("[T]here can be no legitimate dispute that the fact sheets shouldn't duplicate what the … manufacturing defendants have to answer in the request for production…."); 1/28/20 Tr. at 64:4–5 ("[T]here should be no duplication between the fact sheets and the requests for production.").

Following the Court's ruling that the DFS can include product identification information, but cannot otherwise duplicate the document requests, the Manufacturer Defendants reviewed Plaintiffs' most recent proposed drafts of the two DFS directed toward the API Manufacturers and the Finished Dose Manufacturers, respectively. The Manufacturer Defendants edited those draft DFS to eliminate questions that duplicated Rule 34 requests and did not address product identification. The Manufacturer Defendants also eliminated questions that were overly broad and burdensome (e.g. a question requiring the Manufacturers to identify the supplier of *every* raw material used in a particular batch of valsartan), or that inappropriately sought concessions (e.g. a question requiring the Manufacturers to identify which lots or batches were "contaminated").

The Manufacturers sent their proposed redlines to Plaintiffs on April 27. The parties then met and conferred on the proposed changes on May 5. Plaintiffs sent their counterproposal to the Manufacturer Defendants after business hours yesterday, May 11. The Manufacturer Defendants are currently evaluating Plaintiffs' redlines and believe that the parties can continue to narrow the disputed issues through ongoing meet and confers.

3.   **Prioritization of Document Discovery**

Following the April 15, 2020 status conference, the Court ordered that "by May 15, 2020 plaintiffs shall prioritize the documents they request to be produced earliest" and that "Defendants shall use reasonable good faith efforts to comply with plaintiffs' prioritization." Dkt. 416. On May 5, the parties met and conferred regarding the prioritization of discovery. Following that call, on May 7, Plaintiffs sent to the Manufacturer Defendants a written proposal for prioritization of certain categories of documents and certain custodians' files. The Manufacturer Defendants are evaluating this letter and will continue to confer with Plaintiffs regarding prioritization.[1]

---

[1] On April 15, the Court also rejected Plaintiffs' request to require counsel for each Defendant to disclose which documents have been collected and when. *See* 4/15/20 Tr. at 28:18–20 ("The Court

DuaneMorris

May 12, 2020
Page 3

4.     **Briefing Schedule for Rule 12 Motions**

During the April 29 CMC, the Court requested that the parties meet and confer regarding a schedule for Rule 12 motions. The parties met and conferred on May 8 and again on May 11 to discuss this topic. Defendants intend to file three separate briefs under Rule 12, corresponding to the three levels of the supply chain at issue: Manufacturers, Wholesalers, and Retailers. The briefs will address the claims asserted in the three Master Complaints.

To streamline the briefing and to avoid duplication, factual allegations and legal issues that are common to all levels of the supply chain will be addressed in the Manufacturer brief, while the Wholesaler and Retailer briefs will address factual allegations and legal issues that are unique to those levels of the supply chain.  The briefs will address the claims asserted in the three Master Complaints.  Given the number of claims and parties, Defendants request Opening Briefs totaling up to 120 pages, Opposition Briefs totaling up to 120 pages, and Reply Briefs totaling up to 80 pages. The parties on the following briefing schedule:

- July 10, Defendants' Opening Briefs
- August 28, Plaintiffs' Opposition Briefs
- September 25, Defendants' Reply Briefs

5.     **Plaintiff Fact Sheet Deficiencies**

Defendants intend to resume filing a list identifying deficient Plaintiff's Fact Sheets along with the agenda for future CMCs as contemplated by the orders entered at ECF 249 and 283. On May 11, 2020, the parties met and conferred to discuss issues with the deficiency review and show cause process. Defendants anticipate the next case list with outstanding disputes will be submitted as an agenda item in advance of the May 27 CMC.

---

does not believe it's productive to do an individual analysis and inquiry of each defendant to determine individual deadlines for each defendant."). Plaintiffs directly asked for "the Court's imprimatur" that counsel for each Defendant disclose what has been collected in order to facilitate meet and confers regarding prioritization. *Id.* at 32:2–12. The Court rejected this request, noting that it was already requiring all documents in the possession of Defendants' counsel or ESI consultants as of April 15 to be produced by July 15. *Id.* at 32:16–20. Nevertheless, during the May 5 meet and confer and May 7 correspondence, Plaintiffs renewed this request for information regarding collection efforts. Defendants intend to use reasonable good-faith efforts to comply with the Court's order to produce documents in their attorneys' or ESI consultants' possession as of April 15 by July 15, and will make a good-faith effort to prioritize productions consistent with Plaintiffs' request.

DuaneMorris

May 12, 2020
Page 4

**6.     Short Form Complaint Deficiencies**

On February 19, 2020 the Court ordered certain Plaintiffs to file amended Short Form Complaints ("SFC") by March 3 to cure one of two types of deficiencies: (1) failure to properly serve the SFC through MDL Centrality, or (2) the over-identification of Defendants by checking every box on the form SFC. *See* ECF 377 ¶ 5. The Court later extended that deadline until March 23. *See* ECF 388 at 2. In light of the difficulties presented by COVID-19, the Defendants agreed to extend the deadline to cure deficient SFCs to May 20. Defendants intend to raise any SFCs that remain deficient on that date in advance of the May 27 CMC.

**7.     Date for Filing Wholesaler and Retailer Briefs on Macro Discovery Issues**

Following the entry of District of New Jersey Standing Order 2020-04, counsel for the Downstream Defendants' and Plaintiffs' counsel agreed to an amended schedule for filing briefing on macro-discovery issues concerning Downstream Defendants. At that time, counsel for Downstream Defendants advised Plaintiffs' counsel and the Court that additional unforeseen issues, including the continuation and/or compounding of the crisis, may make the schedule unworkable such that Downstream Defendants may seek additional time to prepare and file their brief. Downstream Defendants are now seeking that additional time.

The ongoing COVID-19 pandemic continues to place significant demands and strain on the Downstream Defendants, as crucial members of the drug and device supply chain. Employees with knowledge of the data requested by Plaintiffs continue to singularly focus their available time on crisis management and daily efforts to maintain the Drug Supply Chain in the face of the demand caused by the pandemic. Because of this, Downstream Defendants are not able to sufficiently access the necessary employees to procure the supporting evidence the Court needs to determine the macro-discovery issues in dispute without causing interruption to front line efforts to mitigate COVID-19. While the Downstream Defendants are aware of the Court's desire to move forward on this discovery, Downstream Defendants believe that given the present circumstances and their employees real-time work to address the COVID-19 crisis, a request for additional time is reasonable. Therefore, Downstream Defendants request that the Court extend the deadline for the filing of Downstream Defendants brief on macro discovery issue to June 16, with Plaintiffs' reply due June 22. Downstream Defendants have raised this issue with Plaintiffs' counsel, and they indicated they have no issue with Downstream Defendants raising the issue with the Court.

Respectfully submitted,

*/s/ Seth A. Goldberg*

Seth A. Goldberg

DuaneMorris

May 12, 2020
Page 5

cc: Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
Sarah Johnston, Esq. (*via email*)
Lori G. Cohen, Esq. (*via email*)
Clem C. Trischler, Esq. (*via email*)