# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
_____

*Certified by the Supreme Court of
 New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
_____

°Member of N.J. & N.Y. Bars

May 12, 2020

**VIA ECF**
Honorable Joel Schneider
United States Magistrate Judge
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, New Jersey  08101

   Re: IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION
     Civil No. 19-2875 (RBK/JS)

Dear Judge Schneider:

Please accept this letter on behalf of the Plaintiffs in advance of the May 13, 2020, 4:00 pm, status conference call with the Court.

**1. ESI Search Terms:**

On May 8, 2020, defense counsel for the first time provided some of the more important information Plaintiffs have been requesting in order to fairly evaluate the defense assertion that the search terms ordered by the Court in December 2019, by agreement of the parties, need to be substantially modified. Plaintiffs evaluated the information, in consultation with our E-Discovery expert Jonathan Jaffe (who was Plaintiffs' expert in the Benicar litigation as

Honorable Joel Schneider, U.S.M.J.
May 12, 2020
Page 2

well). That evaluation demonstrated that with the exception of one narrow area that Plaintiffs have conditionally agreed to modify, there is absolutely no basis advanced to justify any of the other suggested changes. In fact, aside from the apparent reality that only Mylan has compiled or analyzed any data, we learned that at this late date, Mylan (and presumably the other Defendants) have not even transferred ESI to their E-Discovery vendors' platforms to be processed. We also learned that the methodology employed by Mylan in evaluating the search terms is wholly unreliable, beginning with the fact that the raw numbers Mylan has been touting to the Court were the result of preliminary collections that have not been de-duplicated (horizontally or vertically) and no email threading has yet been applied, both of which are integral parts of the ESI protocol designed to reduce the volume to be produced. There are a large number of additional methodological flaws in Defendants' approach. On May 12, 2020 Plaintiffs responded in writing, at length to Defendants' May 8, 2020 letter, and Plaintiffs attach that response hereto (Ex. 1) in order to demonstrate the full breadth of issues identified by Plaintiffs, and the current status of this meet and confer. That letter serves as Plaintiffs' detailed position on the search terms issue. Based on this presentation, and the fact that the Court has ordered the ESI to begin to be produced in July 2020, Plaintiffs request entry of an Order denying Defendants' request to materially modify the search terms, with the potential exception of the modifications conditionally accepted by Plaintiffs.

**2. Manufacturer Defendant Fact Sheet:**

The parties have met and conferred further, and Plaintiffs sent revised API and Finished Dose Manufacturer DFS's to the defense for consideration and hopefully final agreement on May 12, 2020. Defendants' primary objection has continued to be their position that if information

Honorable Joel Schneider, U.S.M.J.
May 12, 2020
Page 3

will be encompassed anywhere in the non-custodial document productions it should not be identified in the DFS. As previously argued to the Court, Plaintiffs are not requesting a duplicate production, but rather in some cases are simply requesting identification of the needles in the haystack that specifically apply to a particular Plaintiff, so that the Court can be assured that the parties are focused on the identical, correct information in evaluating particular cases.

**3. Prioritization of Document Discovery:**

At the request of the Court, the parties met and conferred on potential areas of non-custodial and custodial discovery which could be prioritized by Defendants. *See* D.E. 416. During that discussion, Plaintiffs requested that the Defendants identify any categories of non-custodial documents or custodial files that had been collected and/or would be in the first tranche of productions ordered to be made in July 2020. Plaintiffs made this request in the interest of harmonizing their prioritization requests in line with the Defendants' current collection efforts, and in order to preserve resources, which Defendants have said are limited during this time. Even though Plaintiffs' requests for clarity on the status of Defendants' current collection efforts were made for Defendants' benefit and to avoid duplicative efforts, Defendants refused to discuss these requests, taking the position that even in a meet and confer, they need not transparently share information with Plaintiffs. Nevertheless, Plaintiffs continued to advance the prioritization discussions with Defendants by specifically delineating narrowed and discrete categories of non-custodial documents Plaintiffs are interested in obtaining in a priority manner. *See* Ex. 2 (May 7, 2020, Letter to Defendants). Plaintiffs also requested that Defendants confirm the status of certain key custodians' file collections, and more important for Defendants to identify the custodians to be prioritized to obtain documents directed to a small list of central

Honorable Joel Schneider, U.S.M.J.
May 12, 2020
Page 4

issues, such that Plaintiffs could efficiently prioritize production of those custodial files which had already been collected. *Id.* No response has been received from Defendants. The deadline of May 15, 2020 for this process remains.

4. **Rule 12 Briefing Schedule:**

The parties have been discussing the mechanics of the motion to dismiss briefing, including number, division, and page limits for briefs, and a briefing schedule. Plaintiffs are hopeful that agreement will be reached prior to the conference with the Court.

5. **Plaintiff Fact Sheet Deficiencies:**

The parties met and conferred on this issue on May 11, 2020. Plaintiffs advised Defendants that many of the cases in which deficiencies continue to be identified do not have any outstanding deficiencies, and asked defense counsel to clarify the criteria for what constitutes a "core deficiency." Additionally, defense counsel will clarify the point of contact for plaintiffs' counsel to meet and confer with respect to core deficiencies. Defendants are to get back to Plaintiffs.

6. **Short Form Complaints:**

Plaintiffs continue to work with Defendants as the latter identify purported issues with Short Form Complaints (SFCs). Defendants' last list of "improperly filed or untimely SFCs" only identified three cases. Two are being dismissed, and the third was properly filed but the SFC was not yet uploaded to MDL Centrality; it since has been. Similarly, as to so-called "over-identification of defendants," Plaintiffs' leadership has reached out to the firms for every case identified by Defendants, a large number of which have already filed amended SFCs. The

Honorable Joel Schneider, U.S.M.J.
May 12, 2020
Page 5

remaining cases are in the process of being addressed. Plaintiffs do not believe any SFC issues require the court's attention at this time.

**7. Date for Filing Retailer and Wholesaler Brief on Macro Issues:**

Counsel for the retailers and wholesalers requested a further extension of the briefing schedule. Plaintiffs do not oppose further extensions, but leave that decision to the Court in light of the extended course of this process to date. Plaintiffs did ask defense counsel to advise of their proposed schedule to produce the documents once the issues are decided, whether that production is anticipated to be rolling, and with regard to issues that are <u>not</u> in dispute, have requested the date on which those documents will be produced.

Thank you for your courtesies and consideration.

Respectfully,

Adam M. Slater