# Exhibit B

**Duane Morris®**

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
*E-MAIL:* SAGoldberg@duanemorris.com

*www.duanemorris.com*

May 22, 2020

**VIA E-MAIL**

Layne C. Hilton
KANNER & WHITELEY, LLC
701 Camp Street
New Orleans, LA 70130

Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
USDC, District of New Jersey, No. 1:19-md-2875-RBK-JS

Dear Counsel:

I write on behalf of the Manufacturer Defendants. We are in receipt of your letter dated May 7, 2020 regarding the prioritization of discovery. Consistent with the Court's instructions, the Manufacturers will make "reasonable, good faith efforts to comply with plaintiffs' prioritization." *See* Dkt. 416, Or.

Of course, for a number of reasons—such as differences between how entities maintain documents and the accessibility of documents amidst the ongoing pandemic—there will be a significant amount of variability with respect to what each Manufacturer may be able to produce and when it may be able to do so. As such, we believe it would be more productive to meet and confer with respect to prioritization on an individual basis. You can expect counsel for each Manufacturer to reach out to you for this purpose once our clients have had the opportunity to evaluate Plaintiffs' requests to determine which categories of information might be more readily available than others.

That being said, the Manufacturers note that the Court has already rejected Plaintiffs' request—repeated, yet again, in your letter—to require counsel for each Manufacturer to disclose which documents have been collected and when. *See* 4/15/20 Tr. at 28:18–20 ("The Court does not believe it's productive to do an individual analysis and inquiry of each defendant to determine individual deadlines for each defendant."). Indeed, Plaintiffs directly asked for "the Court's imprimatur" that counsel for each Defendant disclose what has been collected in order to

DuaneMorris

Layne C. Hilton
May 22, 2020
Page 2

facilitate meet and confers regarding prioritization. *Id.* at 32:2–12. The Court denied this request, *id.* at 32:16–20, because it is already requiring the Manufacturers to "use reasonable, good faith efforts" to produce responsive documents in the possession of Defendants' counsel or their ESI vendors as of April 15. *See* Dkt. 416, Or.[1]

      We would welcome any questions.

Very truly yours,

/s/ *Seth A. Goldberg*

Seth A. Goldberg

SAG:dmr/DM1\11158182.1

---

[1] Plaintiffs' "understanding," set forth in a footnote to your letter, that "Defendants will be producing *all* responsive documents currently in Defendants' possession" (emphasis yours) by July 15, 2020, is plainly inconsistent with this portion of the Court's Order and is therefore objected to by the Manufacturers.