# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler<br>Hon. Joel Schneider<br><br>**DECLARATION OF COUNSEL FOR THE TEVA DEFENDANTS** |

I, Steven M. Harkins, declare as follows:

1. I am an associate with the law firm Greenberg Traurig, LLP, and counsel for Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, Actavis Pharma, Inc., and Arrow Pharm (Malta) Ltd. (collectively, "the Teva Defendants") in the above-captioned matter. I make this declaration based on personal knowledge and am competent to testify to the same.

2. Due to the volume of documents contained in the custodial email files of the 36 custodians for the Teva Defendants identified in this matter, on January 31, 2020 the Teva Defendants selected a sample group of 16 custodians across various business functions to serve as a testing group for the original search terms.

3. The Teva Defendants' vendor, UnitedLex, collected and processed the email files for these 16 custodians, and undersigned counsel and the vendor spent approximately 10 days working to resolve issues with applying the original search terms to the collected files.

4. Undersigned counsel received the first detailed hit report on all terms on February 14, 2020, which showed the original search terms as applied would require promotion to the review

space of approximately 2,278,600 documents, after deduplication, or 52.3% of all documents contained in the sample group's custodial files.

5. Over the following week, undersigned counsel spoke with the vendor on multiple occasions to try and identify ways of limiting the number of hits, and the vendor generated three additional reports to try and remediate issues generating likely false positives.

6. Following a meet and confer with Plaintiffs' counsel, the Teva Defendants requested a revised search with certain modifications approved by Plaintiffs' counsel.

7. The Teva Defendants vendor proposed additional changes for eliminating likely junk files in the hit reports on March 2, 2020, and on March 12, 2020 undersigned counsel received a set of revised hit reports which indicated that even with these aforementioned modifications the search terms would result in promotion to the review space of approximately 1,943,652 documents, after deduplication, or 44.6% of all documents in the sample group's custodial files.

8. Implementing the counterproposal search terms as sent by counsel for Mylan to Plaintiffs on April 24, 2020, with modifications as needed to account for company-specific information, resulted in a search which would require promotion for review of approximately 1,943,652 documents, or 30.8% of all documents in the sample group's custodial files.

9. Counsel for the Teva Defendants performed a sampled review, for responsiveness only, of 600 documents from a random sample of documents returning positive hits utilizing the original search terms, and 600 documents from a random sample of documents returning positive hits utilizing the counterproposal search terms. Reviewing counsel did not know

whether the specific document being reviewed had been identified utilizing the counterproposal search terms or the original search terms.

10. The sampled review found 8 responsive documents out of 600 utilizing the original search terms (1.3% responsiveness rate) and 89 responsive documents out of 600 utilizing the counterproposal search terms (14.8% responsiveness rate).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____     5/27/2020
Name (Signature)              Executed on

Steven M. Harkins
_____
Name (Printed)

3