UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


IN RE:                          )    19-MD-2875(RBK-JS)
                                )
                                )    Camden, NJ
VALSARTAN NDMA PRODUCTS         )    May 27, 2020
LIABILITY LITIGATION            )    2:00 p.m.


TRANSCRIPT OF TELEPHONE STATUS CONFERENCE
BEFORE THE HONORABLE ROBERT B. KUGLER
UNITED STATES DISTRICT JUDGE AND
THE HONORABLE JOEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiffs:              ADAM M. SLATER, ESQUIRE
                                 MAZIE, SLATER, KATZ &
                                 FREEMAN, LLC
                                 103 Eisenhower Parkway
                                 2nd Floor
                                 Roseland, NJ 07068


For the Defendants:              SETH A. GOLDBERG, ESQUIRE
                                 DUANE MORRIS, LLP
                                 30 South 17th Street
                                 Philadelphia, PA 19103


Audio Operator:                  ECR


Transcribed by:                  DIANA DOMAN TRANSCRIBING, LLC
                                 P.O. Box 129
                                 Gibbsboro, NJ 08026
                                 Office: (856) 435-7172
                                 Fax:    (856) 435-7124
                                 Email:  dianadoman@comcast.net


Proceedings recorded by electronic sound recording; transcript produced by transcription service.

1                              I N D E X

2

3       COLLOQUY:                                              PAGE

4       Additions to plaintiff's leadership                      4

5       Discussion regarding special master                      6

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1           (The following was heard via telephone conference

2       at 2:00 p.m.)

3               JUDGE SCHNEIDER:  Okay, Judge Kugler, if you want to

4       proceed.  We're on the record in this conference, and if need

5       be we can get a transcript.

6               JUDGE KUGLER:  All right.  That was pretty fancy

7       doing, Judge Schneider.

8               JUDGE SCHNEIDER:  Well, I can press *2 as well as

9       the next person.

10              JUDGE KUGLER:  Well, maybe we should keep you on a

11      little longer, I don't know.

12          (Laughter)

13              JUDGE KUGLER:  Anyway, welcome everybody.  If you're

14      going to speak and say anything, then please identify

15      yourselves by name first.

16              I understand from a usually, usually reliable source

17      that you had a productive morning with Judge Schneider and

18      that there isn't a whole lot that needs to be said at this

19      point, is that correct?  We'll start with plaintiffs.

20              MR. SLATER:  Yes, Judge, it's Adam Slater.  How are

21      you?  Yeah, we -- we spent two hours.  Judge Schneider covered

22      everything from the mundane to the complex and I think that we

23      covered a lot.  I can't think of any significant issues for

24      this call and, you know, everybody's question probably going

25      in was what you spoke about first, which is just what is

Colloquy                                    4

1    happening with the courthouse and projecting and, you know,

2    from being here in New Jersey, I think we all know that we

3    don't really know.

4              JUDGE KUGLER:  That's the most unnerving part of all

5    this.  Frankly, my opinion is, we don't really know much about

6    anything and a lot of what we heard over the months turns out

7    not to be entirely accurate.  But, you know, I leave that up

8    to the medical experts and the politicians in charge as to

9    where we go.

10             I did -- there is this issue and the plaintiffs want

11   to add people to the leadership, is that correct?

12             MR. SLATER:  Yes, Your Honor.

13             JUDGE KUGLER:  I don't think there's any problem

14   with that.  The defendants really don't care one way or the

15   other.  We've looked at it and I don't think that's going to

16   be a problem and we can do that.  Okay?

17             MR. SLATER:  Thank you.  And I'll be submitting a

18   letter, Your Honor, a little after this call for one

19   additional proposed member of the PSE, who filed a class

20   action third-party payor complaint that's now part of the MDL

21   as well.  That's just to supplement.  He wasn't -- he wasn't

22   included in the motion, but we're asking to supplement, just

23   add one other attorney.

24             JUDGE KUGLER:  Okay.  Anybody else want to say

25   anything?

Colloquy                                                    5

1           MR. GOLDBERG:  Nothing for defendants, Your Honor.

2      This is Seth Goldberg.

3           JUDGE KUGLER:  I guess the big news is we may get

4      live sports pretty soon, huh?  Baseball, hockey, basketball.

5      Kind of neat.  It'll be kind of fun to do that.

6           All right, then we will --

7           MR. SLATER:  Are there going to be fans in the

8      stands?

9           JUDGE KUGLER:  Who cares.  There'll be fans on T.V.

10     like me.  That's all I care.

11          Well, listen then, thank you.  And, Mr. Goldberg and

12     Mr. Slater, can you hang on just for a minute while everyone

13     else hangs up?

14          MR. SLATER:  Yes, of course.

15          THE COURT:  And we'll see you all next month.  And

16     good luck and stay safe and well, everybody.  Thank you.

17        (Parties disconnecting from conference call)

18          JUDGE SCHNEIDER:  Judge, should I get off the line?

19          JUDGE KUGLER:  Yeah, please, Joel, I'll talk to you

20     soon.

21          MR. SLATER:  Goodbye, Judge.

22          MR. GOLDBERG:  Thank you, Judge.

23          JUDGE SCHNEIDER:  Okay.

24          MR. SLATER:  That was impressive.

25          JUDGE SCHNEIDER:  So we just have Mr. Slater and Mr.

1   Goldberg, is that it?

2          MR. SLATER:  Yes, Your Honor.

3          MR. GOLDBERG:  Yes, Your Honor.  This is Seth

4   Goldberg.

5          THE COURT:  All right.  Have you done anything more

6   about your proposal for a special master?  Do you have

7   anything you want to talk to me about in that regard?  Or not,

8   I mean it's up to you.

9          MR. GOLDBERG:  Yes.  Your Honor --

10         MR. SLATER:  For the plaintiffs, Your Honor, we --

11  you know, as I had indicated on the first call, we were -- you

12  know, I thought that our -- our, you know, leaning was to see

13  if we could have Judge Schneider retained as special master

14  and I again confirmed with my team that we thought that made a

15  lot of sense.  And so, you know, we're all for that.

16         We spoke -- Mr. Goldberg reached out to me this

17  morning.  I think they have a different view of it.  You know,

18  I was thinking -- I think -- I won't speak for Seth, but he

19  said that -- you told me that there was an issue about cost.

20  I was thinking that could probably be handled in terms of

21  allocations by the Court, but I'll -- I'll hand over to you

22  because we're certainly -- we certainly feel like it makes the

23  most sense for continuity's sake for Judge Schneider to

24  continue managing the case.

25         JUDGE KUGLER:  Mr. Goldberg?

1           MR. GOLDBERG:  Sure, Your Honor.  Yeah, I -- you

2    know, I've been discussing this with all of the counsel for

3    all of the defendants and, you know, went back to your

4    original email on this back in early March where you had

5    suggested Judges Donio or Williams could possibly take the

6    slot as magistrate in this matter.  And the defense counsel,

7    we think that that makes a lot of sense.

8           You know, both judges have a tremendous amount of

9    experience with complex litigation, class actions, and of

10   course worked with you on a number of matters over the years.

11   And, you know, we expect that they would be able to, you know,

12   fill the role, you know, capably, more than capably.

13          And, you know, what we were thinking, you know,

14   looking ahead is that really at the end of this year, we're

15   gonna have completed all of the written discovery, all of the

16   discovery requests are being negotiated and -- and, you know,

17   resolved with Judge Schneider.  If Rule 12 motions will be

18   decided, we'll have these briefed by the end of the year.

19          And so we're really gonna begin a new phase of the

20   case in 2021.  We're gonna be getting into class

21   certification, getting into merits.  And so, you know, while

22   Judge Schneider has presided over all of the written

23   discovery, this is really the kind of time for a new -- I

24   guess the continuity issue is not as -- as critical because

25   we're really entering into a different phase of the case.

1             From the standpoint of, you know, a special master,

2    I think given -- given the cost of a special master in a

3    matter like this which could, you know, get very high, of

4    course, special masters, you know, have -- can control how

5    much of the cost it's going to be, but we're not just dealing

6    with the cost, but also the complexity of allocating the cost

7    among the -- the many defendants and different supply chain

8    levels.  So from a cost standpoint, we think there's --

9    there's more to it than just the straight cost.  And given --

10   given Judge Donio and Judge Williams' experience, we think

11   that that is a better -- they are better suited to replace

12   Judge Schneider.

13             JUDGE KUGLER:  Well, let me ask you this.  What do

14   you think the cost allocation issues and difficulties will be

15   for the defense side on this?  I mean what are you hearing

16   from your -- from your fellow colleagues?

17             MR. GOLDBERG:  Well, I mean we -- we have -- we have

18   throughout -- you know, throughout this case have had so many

19   different issues come up across the different supply chains

20   during -- you know, during any one of these conferences that

21   Judge Schneider has on a biweekly basis; that the issues as

22   they get raised, it's going to be difficult to figure out how

23   to allocate any one issue to any level of the supply chain,

24   let alone to the multiple defendants in the different levels

25   of the supply chain.  And one thing that we don't want to do

Colloquy                                                                    9

1    is become mired down in cost allocation issues, especially

2    when there are extremely capable magistrate judges who have

3    the experience to do this work.  We don't think -- we don't

4    think adding the cost or the complexity of the cost is

5    warranted under the circumstances.

6            JUDGE KUGLER:  Well, what -- what do you anticipate

7    the total cost would be to have a special master beginning,

8    you know, next year sometime when you have just said you don't

9    think there's going to be a whole lot more work to be done for

10   the magistrate judge?

11           MR. GOLDBERG:  Well, I don't know that there's not

12   going to be -- I think -- I don't know that -- it's not that

13   there's not gonna be a lot of work to be done, it's going to

14   be a different kind of work, different kinds of issues,

15   because we're now going to be dealing with the class

16   certification issues, we're going to be dealing with the

17   merits issues.

18           JUDGE KUGLER:  Yeah, but that's all me.  He won't be

19   involved in that.  A special master wouldn't necessarily be

20   involved in those things.  I wouldn't have a special master

21   decide those kinds of things.

22           MR. GOLDBERG:  Well, I -- I mean I think -- I think

23   we're gonna have plenty of issues with respect to class

24   certification discovery, especially as we need to take

25   depositions of the -- the many different class representatives

1    and obtain discovery from them.  We're gonna have issues with

2    respect to expert discovery.  And that's just on the class

3    certification side.

4           Of course, we're gonna have a lot of different

5    expert issues with respect to the science.  You're gonna have

6    chemists and oncologists and epidemiologists and, you know,

7    many different expert issues are going to be raised and I --

8    I, you know, foresee a lot of work that a magistrate judge

9    would have to do.  But it will be -- it will be different than

10   the work that Judge Schneider has done on the written

11   discovery.

12          You know, but I -- I haven't polled all of my

13   colleagues on specific costs, but I -- you know, I -- I do

14   expect the costs -- I did get some information from -- in some

15   cases that special masters could be -- you know, when all is

16   said and done, could be, you know, well into the -- you know,

17   close to a million dollars for one special master over -- over

18   the course of a couple years, depending on the complexity of

19   the issues, the rates, and, you know, it just doesn't seem

20   warranted given the experience of Judge Williams and Judge

21   Donio.  And --

22          JUDGE KUGLER:  Well, let me -- go ahead.

23          MR. GOLDBERG:  And we don't know -- I mean I -- you

24   know -- I didn't want to cut you off, Judge.

25          JUDGE KUGLER:  No, I cut you off, so please, I'm

Colloquy                                          11

 1    sorry, keep going, please.

 2            MR. GOLDBERG:  Well, I mean those are -- you know,

 3    those are just a few of the issues.  But, you know, even cost

 4    aside with -- with respect to a special master, I think

 5    there's also the reality of the fact that a special master

 6    doesn't have the authority to make decisions, that it's harder

 7    for a special master -- you know, this has been a case where

 8    the parties have wanted to create a record and have as much of

 9    a record created as they can, and that's not as always --

10    always as easy with a special master.  It's certainly

11    logistically more likely to occur if we're in the courtroom

12    with the magistrate judges.

13            So these are -- these are some of the issues that

14    raise the complexity -- make the special master a more

15    involved and complex assignment as opposed to have a

16    magistrate judge just render the rulings the way Judge

17    Schneider has been doing it.

18            JUDGE KUGLER:  Let me -- let me back up a minute.

19    You were talking about expert discovery.  I've never used a

20    magistrate judge in expert issues and I -- I don't think I can

21    see a situation in this case where I would.  I mean it's --

22    there's going to be a lot of experts and there's -- and you're

23    right, there are a lot of different fields they're gonna be

24    opining in all leading up to the Daubert motions on which much

25    of this case hangs.  But I've always handled all of those

Colloquy                                                         12

1    myself, to be honest with you.  I don't think a magistrate

2    judge or even a special master were to get involved in those

3    kind of things.

4            Let me ask you this, and this is really premature.

5    At some point obviously I'm going to be trying to focus

6    everyone's attention on a potential settlement in this case,

7    and this is -- this is a difficult case to logically approach

8    for settlement because there's so many moving parts in the

9    case.  But at some point we gotta -- we gotta talk about that.

10   I mean we just have to explore that.

11           My thinking is that that's probably best done with a

12   special master who has no connection to me or the court so

13   that those kind of discussions can remain entirely

14   confidential from what's going on here, so everybody feels

15   comfortable talking frankly with whoever the person is and,

16   you know, talking with confidence that it's not gonna somehow

17   get back to the Court, so that you don't have to be afraid of

18   some judge getting p.o.'d because, you know, nobody -- or

19   somebody may seem unreasonable, you know, whatever it is.  I

20   mean I always worry about those kind of issues.  But certainly

21   I would think that you would want to explore --

22           MR. GOLDBERG:  Yeah.

23           THE COURT:  -- a special master for that purpose,

24   wouldn't you?

25           MR. GOLDBERG:  Yeah.  Yeah, that's sort of a

1     different -- I mean I think we'd look at it different and I

2     think, you know, we may even have envisioned that in some way

3     as -- as, you know, that -- that is a cost that we may end up

4     having to incur.  I think you're right that we would need

5     somebody who's really independent from the Court and from the

6     parties in that slot.  And, you know, assuming that were to be

7     something that happened, then having two special masters would

8     -- would, you know, sort of even compound the cost and

9     complexity.

10          Of course, when you're getting to the point of a

11    settlement, maybe things have become a little bit streamlined.

12    You know, you sort of -- you sort of have narrowed some of the

13    issues that, you know, make -- make appointing a special

14    master in that role more -- you know, warrant that appointment

15    at that time, and so some of those issues about the complexity

16    of it are, you know, alleviated and make more sense.

17          You know, I think in terms of the appointment of a

18    special master for discovery-related issues and managing the

19    litigation, that's where defendants feel that Judge Donio or

20    Judge Williams would be the most suitable option.

21          THE COURT:  Well, of course, it's not unknown to

22    have more than one special master in a complex case.  That's

23    always an option.  But let's do this.

24          UNIDENTIFIED SPEAKER:  Judge, can I --

25          JUDGE KUGLER:  Yeah, Carl.  How you doing?

1          UNIDENTIFIED SPEAKER:  I had the wrong number.

2          JUDGE KUGLER:  Well, it's too late, we're done

3    anyway.

4          UNIDENTIFIED SPEAKER:  Oh.

5          JUDGE KUGLER:  Thank you anyhow, Carl.

6          UNIDENTIFIED SPEAKER:  Geez, I'm really sorry about

7    that.  I was on hold, but I was on hold with the wrong number.

8          JUDGE KUGLER:  Okay.  Well, don't worry about it.

9    We didn't really -- there wasn't much that went on anyway that

10   needed to be recorded, so --

11         UNIDENTIFIED SPEAKER:  Oh, okay.

12         JUDGE KUGLER:  We don't -- you can hang up.  Thanks

13   anyway.

14         UNIDENTIFIED SPEAKER:  All right.  You bet.

15         JUDGE KUGLER:  Thanks, Carl.

16         So anyway we don't need -- I don't need to decide

17   this right now.  Why don't we give this some more thought and

18   at some point, I don't know, about in June, but certainly

19   before the end of the summer, we'll go on the record with this

20   and you'll all have an opportunity to speak your minds.  I

21   mean I'll set it up with -- you know, it'll be discussion

22   about appointment of a special master, and then I'll decide by

23   -- certainly long before Judge Schneider retires as to where

24   we're gonna go from here.  Is that okay?

25         MR. SLATER:  Makes sense, Judge.

1              JUDGE KUGLER:  Mr. Goldberg?

2              MR. GOLDBERG:  Yeah, it does makes sense.  You know,

3     I do think we should talk about it, yeah, absolutely.  So

4     we'll talk among us before we -- and sort of set something up

5     before we go on the record on this.

6              JUDGE KUGLER:  Yep, certainly.

7              MR. GOLDBERG:  All right.  I won't -- it won't be a

8     surprise.  We'll set it up on a specific one of these status

9     conferences, end of the month status conferences.  We'll put

10    it on an agenda late summer, early fall, something like that.

11    Okay?

12             MR. SLATER:  I look forward to getting back --

13             MR. GOLDBERG:  Yeah, it's helpful.  I just -- there

14    are --

15             MR. SLATER:  -- to Camden.

16             JUDGE KUGLER:  Pardon?

17             MR. GOLDBERG:  I'm sorry, I said I was --

18             MR. SLATER:  I look forward to getting back to

19    Camden.

20             JUDGE KUGLER:  Yeah, well, we'll -- hopefully

21    sometime in the not too distant future you'll -- you'll be

22    able to come in the courthouse and act like, you know, real

23    lawyers and we can act like real judges.

24             So anyway I'll talk to you in about a month.  Stay

25    safe, stay well.  I hope your families are all doing well and,

Colloquy                                    16

1    you know, we're gonna get through this mess.  Okay?  Thank
2    you.
3              MR. SLATER:  Thank you very much, Judge.
4              MR. GOLDBERG:  Thank you, Judge.
5              MR. SLATER:  Bye, Seth.
6              MR. GOLDBERG:  Bye-bye.
7                   (Proceedings concluded)
8                        * * * * *
9                   C E R T I F I C A T I O N
10             I, Roxanne Galanti, court approved transcriber,
11   certify that the foregoing is a correct transcript from the
12   official electronic sound recording of the proceedings in the
13   above-entitled matter.
14
15
16   _____        May 29, 2020
17   ROXANNE GALANTI
18   DIANA DOMAN TRANSCRIBING, LLC
19
20
21
22
23
24
25