## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: Valsartan, Losartan and Irbesartan Products Liability Litigation<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 1:19-md-2875 (RBK/JS) |

### STIPULATION AND ORDER OF DISMISSAL OF DEFENDANTS CIGNA CORPORATION, EXPRESS SCRIPTS HOLDING COMPANY, HUMANA INC., OPTUM INC., AND UNITEDHEALTH GROUP

WHEREAS Plaintiffs in this matter intended to name as a defendant in these lawsuits the Express Scripts pharmacy entity that may have dispensed valsartan-containing products to one or more of the named plaintiffs;

WHEREAS preserving all rights and objections, named Defendant Express Scripts, Inc. agrees that it will continue in this case and respond on behalf of the appropriate pharmacy entity or entities that may have dispensed valsartan-containing products;

WHEREAS the actual Express Scripts pharmacy entity that dispensed valsartan-containing products to the named plaintiffs, if any, was likely owned and operated by a subsidiary of Express Scripts, Inc., and Express Scripts, Inc. agrees to identify the appropriate pharmacy entity when sufficient information is received from named plaintiffs to reasonably support the allegation that an Express Scripts pharmacy entity dispensed valsartan-containing products to that plaintiff;

WHEREAS Cigna Corporation and Express Scripts Holding Company were named as defendants in this litigation solely in their capacity as "parent" entities of Express Scripts, Inc., and as such those entities did not and could not dispense valsartan-containing products;

WHEREAS Plaintiffs in this matter also intended to name as a defendant in these lawsuits the Humana pharmacy entity that may have dispensed valsartan-containing products to one or more of the named plaintiffs;

WHEREAS preserving all rights and objections, named Defendant Humana Pharmacy, Inc. agrees that it will continue in this case and respond on behalf of itself or the appropriate pharmacy entity when sufficient information is received from named plaintiffs to reasonably support the allegation that a Humana pharmacy entity dispensed valsartan-containing products to that plaintiff;

WHEREAS, Humana, Inc. was named as a defendant in this litigation solely in its capacity as "parent" entity to Humana Pharmacy, Inc., and as such Humana Inc. did not and could not dispense valsartan-containing products;

WHEREAS Plaintiffs in this matter also intended to name as a defendant in these lawsuits the Optum pharmacy entity that may have dispensed valsartan-containing products to one or more of the named plaintiffs;

WHEREAS preserving all rights and objections, named Defendant OptumRx agrees that it will continue in this case and respond on behalf of the appropriate pharmacy entity or entities that may have dispensed valsartan-containing products;

WHEREAS the actual Optum pharmacy entity that dispensed valsartan-containing products to the named plaintiffs, if any, was likely owned and operated by OptumRx and OptumRx agrees to identify the appropriate pharmacy entity when sufficient information is received from named plaintiffs to reasonably support the allegation that an Optum pharmacy entity dispensed valsartan-containing products to that plaintiff;

WHEREAS UnitedHealth Group and Optum Inc. were named as defendants in this litigation solely in their capacity as "parent" entities of OptumRx, and as such those entities did not and could not dispense valsartan-containing products; and

WHEREAS the Parties stipulate to the voluntary dismissal of Cigna Corporation, Express Scripts Holding Company, Humana Inc., Optum Inc., and UnitedHealth Group without prejudice;

NOW THEREFORE, IT IS ORDERED THAT all claims against Cigna Corporation, Express Scripts Holding Company, Humana Inc., Optum Inc., and UnitedHealth Group in this MDL are dismissed without prejudice, and Cigna Corporation, Express Scripts Holding Company, Humana Inc., Optum Inc., and UnitedHealth Group are dismissed without prejudice as defendants.

SO ORDERED this __ day of _____, 2020.

Dated: June 15, 2020                                          Respectfully Submitted,

*/s/ Adam Slater*                                             */s/ Matthew D. Knepper*
Adam Slater                                                   Matthew D. Knepper (pro hac vice)
MAZIE, SLATER, KATZ & FREEMAN, LLC                            A. James Spung (pro hac vice)
103 Eisenhower Pkwy, 2nd Flr.                                 Husch Blackwell LLP
Roseland, NJ 07068                                            190 Carondelet Plaza, Ste 600

(973) 228-9898 (phone)
aslater@mazieslater.com


/s/ Daniel Nigh
Daniel Nigh
LEVIN, PAPANTONIO, THOMAS, MITCHELL
 RAFFERTY & PROCTOR, P.A.
316 South Baylen Street
Pensacola, FL 32502
(850) 435-7013 (phone)
dnigh@levinlaw.com


/s/ Ruben Honik
Ruben Honik
GOLOMB & HONIK, P.C.
1835 Market Street, Suite 2900
Philadelphia, PA 19103
 (215) 985-9177 (phone)
rhonik@golombhonik.com


/s/ Conlee S. Whiteley
Conlee S. Whiteley
KANNER & WHITELEY, LLC
701 Camp Street
New Orleans, LA 70130
 (504) 524-5777 (phone)
c.whiteley@kanner-law.com



Plaintiffs' Co-Lead Counsel

St. Louis, MO 63105
(314) 480-1500 (phone)
matt.knepper@huschblackwell.com
james.spung@huschblackwell.com

*Attorneys for Defendants Express Scripts, Inc.,
 Express Scripts Holding Company,
and Cigna Corporation*


/s/  Kirstin B. Ives
Kirstin B. Ives (pro hac vice)
Megan A. Zmick
Falkenberg Ives LLP
230 W. Monroe, Suite 2220
Chicago, IL 60606
(312) 566-4800 (phone)
kbi@falkenbergives.com
maz@falkenbergives.com

*Attorney for Humana Inc. and
Humana Pharmacy, Inc.*


/s/  Shevon D.B. Rockett
Shevon D.B. Rockett (pro hac vice)
DORSEY  &  WHITNEY  LLP
51 West 52nd Street
New York, NY 10019-6119
(212) 415-9357 (phone)
Rockett.Shevon@Dorsey.com

*Attorney for OptumRx, Optum Inc., and
UnitedHealth Group*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of June, 2020, the foregoing was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record.

                                                   */s/  David J. Stanoch*
                                                   David J. Stanoch