# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
_____

*Certified by the Supreme Court of
 New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
_____

°Member of N.J. & N.Y. Bars

June 15, 2020

**VIA ECF**
Honorable Joel Schneider
United States Magistrate Judge
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, New Jersey  08101

> Re:  IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION
> Civil No. 19-2875 (RBK/JS)

Dear Judge Schneider:

Plaintiffs respectfully submit this response to late filing Defendants' submissions by Torrent, Aurobindo, and Hetero submitted to the Court on June 10, 2020.  Since the filing of Plaintiffs' brief on June 10, none of the late filing Defendants have provided additional information or sought to move the ball forward towards resolution in a material way.  Plaintiffs sent e-mails today to each of the late filing Defendants to attempt to get more information, but there has been no response and it appears clear that as to both Aurobindo and Hetero, they have not yet begun even collecting documents from their respective foreign entities.

Honorable Joel Schneider, U.S.M.J.
June 15, 2020
Page 2

### A. TORRENT

After analyzing the information provided by Torrent on June 10, Plaintiffs sent to Torrent a proposal detailing proposed discrete modifications to search terms based upon the hit count reports provided. Plaintiffs intend to continue working with Torrent to attempt to resolve these issues, but at this stage, Plaintiffs maintain that the information provided is too little too late, the relief sought by Torrent should be denied, and the further relief requested by Plaintiffs in their June 10 brief should be applied as to Torrent.

### B. AUROBINDO

Plaintiffs detailed in their June 10 brief the shortcomings of the limited information provided by Aurobindo in its June 8 letter. Since that time, Plaintiffs have received no further information from Aurobindo in response. Further, it still appears clear that Aurobindo's Indian entity has yet to begin any collection of custodial documents, even ones they, themselves, say are from relevant custodians, until the parties have reached full agreement on custodians. This is an untenable position given the Court's directions to date and the current discovery schedule. There is no reason why they could not begin the collection for those custodians they know to be significant, and test those documents. Given the substantially incomplete data provided by Aurobindo, Plaintiffs submit that Aurobindo has not shown good cause for the relief it requests, and that the additional relief requested by Plaintiffs should be granted as to Aurobindo.

### C. HETERO

Defendant Hetero claims in its June 10 submission that Plaintiffs mistakenly claimed that they had yet to hear from Hetero regarding search terms. That statement is misleading. On June 10, counsel for Hetero had a discussion with Plaintiffs' counsel, Ms. Hilton, regarding the timing

Honorable Joel Schneider, U.S.M.J.
June 15, 2020
Page 3

of core discovery productions. During that call, Hetero's counsel mentioned the search terms issue to Ms. Hilton, who is uninvolved with the search terms negotiations, and informed Hetero's counsel that they needed to speak with Mr. Parekh regarding that issue. At no time on June 10 (nor even in the intervening days thereafter) did Hetero's counsel attempt to contact Mr. Parekh. Randomly raising the topic of search terms during an unrelated call with the wrong attorney, without more, does not constitute a serious attempt to substantively discuss search terms on the part of Hetero.

It appears clear from Hetero's submission that they, like Aurobindo, are taking the position that they are not going to begin loading and reviewing any foreign custodians, even ones they, themselves, say are relevant, until the parties have reached full agreement on custodians. This is an untenable position given the Court's directions to date and the current discovery schedule.

No good cause exists for any relief as to Hetero given their conduct to date, the complete lack of any substantive information, and the lack of any meaningful attempt to meet and confer. Plaintiffs respectfully submit that Hetero's requested relief be denied, and that the additional relief requested by Plaintiffs should be granted.

Respectfully,

ADAM M. SLATER