# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
_____

*Certified by the Supreme Court of
 New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
_____

°Member of N.J. & N.Y. Bars

June 16, 2020

**VIA ECF**
Honorable Joel Schneider
United States Magistrate Judge
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, New Jersey  08101

      Re:    IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION
             Civil No. 19-2875 (RBK/JS)

Dear Judge Schneider:

Please accept this letter on behalf of the Plaintiffs in advance of the June 17, 2020 status conference.

**1. Search Terms**

The search terms issue has been briefed and is ready to be argued.

**2. Sales and Pricing Documents and Information**

In order to progress the case forward towards Class Certification briefing, Plaintiffs have endeavored to meet-and-confer with all Defendants (including Manufacturer Defendants, Retail Pharmacy Defendants, and Wholesaler Defendants) in an effort to secure production of basic

Honorable Joel Schneider, U.S.M.J.
June 16, 2020
Page 2

documents Plaintiffs will require to meet their burden on Class Certification. This not only includes the sales and pricing data, but also the production of certain representative documents related to the transfer and/or sale of the product down the drug distribution chain. Although this has now been discussed numerous times with the Court, the Defendants continue to resist reasonable requests. It is clear that without an Order, this process will continue to stagnate.

*Manufacturer Defendants*

Following the June 3, 2020 case management conference with the Court about issues concerning the data (or lack thereof) produced by ZHP, Solco, and Mylan, on June 10, 2020, Plaintiffs' counsel sent a detailed letter to ZHP and Solco asking very specific questions about these defendants' data. Plaintiffs have yet to receive a response. Plaintiffs also await Mylan's supplemental production of data within the timeframe agreed to during the June 3 conference. Plaintiffs are in the process of conferring with other manufacturer defendants as needed about their respective data productions.

Additionally, few defendants have produced exemplar transactional documents (e.g., invoices, purchase orders, etc.) that will show what types of transactional information (with respect to pricing and product identification) are kept in the ordinary course of business. On June 10, Plaintiffs had a meet and confer with co-lead defense counsel for all distribution levels and requested this information from all defendants. That meeting did not result in any concrete progress.

To date, responses from defendants have been mixed. Teva has agreed to produce exemplar documents, although they have not provided a time by which they will produce such documents. Plaintiffs have requested that these documents be produced as soon as practicable.

Honorable Joel Schneider, U.S.M.J.
June 16, 2020
Page 3

ZHP and Mylan each produced a very limited production of exemplars, but these productions were not without issue. First, ZHP's production consisted of one intra-company transfer of finished dose product from ZHP to Solco, but did not include any documents showing transfers of product between Solco and customers of Solco. Plaintiffs requested production of such downstream documents (such as invoices and/or purchase orders). Mylan's primary exemplar of documents exchanged with downstream entities consisted of one document with a retailer (CVS) which was outside of the class period. Plaintiffs are waiting to hear back whether ZHP/Solco will produce downstream documentation, and by what date certain Mylan will produce exemplars as to Wholesaler Defendants within the actual class period.

*Wholesaler and Retail Pharmacy Defendants*

Troublingly, Wholesaler and Retail Pharmacy Defendants have been unwilling to produce any exemplars pending resolution of the macro-issue discovery issues currently before the Court since March. Plaintiffs do not believe that the macro-issue briefing should have any effect whatsoever on whether these Wholesaler and Retail Pharmacy Defendants should be obligated to produce exemplar transactional documents, which clearly are highly relevant and pose no undue burden. Further, production of exemplars undoubtedly will assist the parties and the Court in resolving the macro-issues currently pending, because to date Wholesaler and Retail Pharmacy Defendants have not produced *any* documents or data, including documents and data they have agreed to produce months ago, and which are not subject to the macro-issue briefing. Plaintiffs have asked for further information as to the timing and status of this production but have not received answers.

Honorable Joel Schneider, U.S.M.J.
June 16, 2020
Page 4

There is no basis for these defendants' self-granted de facto stay of *all* discovery pending resolution of a subset of discovery macro-issues. One of the reasons Plaintiffs suggested the production of exemplars was in an attempt to find ways early on to limit the volume of documents produced while getting to the heart of key issues, and to resolve macro issues prior to briefing. The best and most efficient way for Defendants to show that the documents contain or do not contain the information is to provide the document itself rather than insisting that Plaintiffs simply trust that to be the case and require Plaintiffs and their experts to work in a vacuum. Furthermore, documents produced[1] by the Defendants availing themselves of the stipulated dismissal protocol has provided Plaintiffs with a panoply of examples of the very documents Plaintiffs have requested of the Wholesaler and Retail Pharmacy Defendants. Not only that, but these documents and the wealth of information contained within them are at odds with the representations made by the Wholesaler and Retail Pharmacy Defendants.

It is all too clear that Wholesaler and Retailer defendants believe that they do not belong in the case, but the information in their possession and control is relevant to the claims and defenses in this matter and would be subject to third-party discovery or the same stipulated dismissal protocol (and related document production) which have provided Plaintiffs with countless examples of the very types of documents Wholesaler and Retail Pharmacy Defendants incredibly

---

[1] The categories of documents required of Defendants availing themselves of the stipulated dismissal process were negotiated for months with Defendants' Counsel and represent a list of categories of documents which Defendants have *already agreed are kept and maintained in the ordinary course of business.* These categories of documents include: insurance policies, copies of contracts related to distribution of Valsartan with any other members of the manufacturing chain, subrogation or indemnification agreements, pricing information, correspondence with the FDA, list of distributors that it purchased Valsartan drugs from, and list of suppliers to which it sold Valsartan drugs.

Honorable Joel Schneider, U.S.M.J.
June 16, 2020
Page 5

claim they do not possess, are not kept in the ordinary course, or will simply not produce. The Court's multiple and explicit instructions in this regard have been ignored.

Defendants have repeatedly used the informal nature of discovery meet and confers to extend, by months, answers to basic Rule 34 discovery that would normally be due within thirty days. Defendants should be ordered to produce, at a minimum, the categories of documents being produced by Defendants availing themselves of the stipulated dismissal process and the other discrete exemplars that Plaintiffs have requested, prior to the June Case Management Conference, and all remaining agreed to discovery within thirty days. Without hard deadlines and unequivocal rulings the Defendants have demonstrated they will not engage in a meaningful meet and confer or complete important foundational productions.

### 3. Short Form Complaints

The Court has ordered certain Plaintiffs' counsel to attend the June 17, 2020 status conference to address claimed deficiencies.

### 4. Plaintiff Fact Sheets

Plaintiffs are uncertain as to what issue the Defendants intend to raise. When last discussed, Plaintiffs advised Defendants of numerous errors in their most recent list of deficiencies, and disputed their unreasonably broad definition of core deficiencies. The expectation was that a corrected list of deficiencies would be provided, and it has not. There is no issue positioned for discussion with the Court to Plaintiffs' knowledge.

Respectfully,

Adam M. Slater