# Duane Morris®

*FIRM and AFFILIATE OFFICES*

| | |
|---|---|
| NEW YORK | SHANGHAI |
| LONDON | ATLANTA |
| SINGAPORE | BALTIMORE |
| PHILADELPHIA | WILMINGTON |
| CHICAGO | MIAMI |
| WASHINGTON, DC | BOCA RATON |
| SAN FRANCISCO | PITTSBURGH |
| SILICON VALLEY | NEWARK |
| SAN DIEGO | LAS VEGAS |
| LOS ANGELES | CHERRY HILL |
| TAIWAN | LAKE TAHOE |
| BOSTON | MYANMAR |
| HOUSTON | OMAN |
| AUSTIN | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | *OF DUANE MORRIS* |
| HO CHI MINH CITY | |
| | ALLIANCES IN MEXICO |
| | AND SRI LANKA |

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
*E-MAIL:* SAGoldberg@duanemorris.com

*www.duanemorris.com*

June 16, 2020

**VIA ECF**

The Honorable Joel Schneider
United States Magistrate Judge
District of New Jersey

   Re: **In re Valsartan, Losartan, and Irbesartan Products Liability Litigation**
      **Case No. 1:19-md-02875-RBK-JS**

Dear Judge Schneider:

  This letter is to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on June 17.

**1. Short Form Complaints**

  On May 29, 2020, the Court ordered that Plaintiffs' counsel who filed Short Form Complaints over-identifying Defendants participate in the June 17 teleconference with the Court to explain why they have not filed amended Short Form Complaints correcting the over-identification. Dkt. 452.

  Currently, two Short Form Complaints persist in bringing claims against every Defendant:

DuaneMorris

June 16, 2020
Page 2

| Plaintiff | Civil Action No. | Law Firm | Over-Identification | Prior Notice(s) |
|---|---|---|---|---|
| Bell, Sandy | 19-19171 | Ron Austin Law | Names every Defendant at every level. | 2/12/20, Dkt. 368, Ex. C<br><br>2/25/20, Dkt. 383-2<br><br>5/26/20, Dkt. 439-1 |
| Bell, Ricky | 19-19135 | Ron Austin Law | Names every Defendant at every level. | 2/12/20, Dkt. 368, Ex C<br><br>2/25/20, Dkt. 383-2<br><br>5/26/20, Dkt. 439-1 |

This over-identification is problematic and inappropriate, and implicates Rule 11. At the time the Court finalized the Short Form Complaint, Plaintiffs suggested that some attorneys might "check all the boxes" for all Defendants and figure out the suppliers of their clients' valsartan later. *See* 7/10/19 Tr. at 21:12–19. In response, the Court stated that such behavior would "be subject to Rule 11." *Id*. at 22:12. The Court further warned that there will "be consequences if plaintiffs…don't do due diligence and sue defendants who they have no good faith basis to sue." *Id*. at 22:16–18; *see also id*. at 23:4–9 (stating that "closer scrutiny should be paid" in an MDL to weed out bad faith claims and that "a plaintiff's attorney has to do due diligence before they check a box"). Defendants respectfully request the Court dismiss these deficient Short Form Complaints with prejudice for failure to comply with Rule 11.

2.   **Plaintiff Fact Sheets**

Defendants continue to evaluate Plaintiff Fact Sheets ("PFS") and amendments to determine which remain substantially incomplete. In addition to identifying the "core deficiencies" that qualify a PFS for inclusion on the deficiency list, Defendants provided a list of deficient PFSs to Plaintiffs by email on May 26, 2020. Under CMO 16, Defendants may request a show cause order be entered as to a delinquent party once it has appeared on the agenda for two Case Management Conferences ("CMC"). (*See* Dkt. 249). Defendants will provide Plaintiffs with a list of PFSs that remain deficient on June 17. Defendants will meet and confer as needed to discuss issues with cases included on this list. To the extent disputes remain unresolved with respect to these cases, Defendants and will include a request for a show cause order, along with a list of any

DuaneMorris

June 16, 2020
Page 3

Short Form Complaints that are ripe for such an order, with their submission in advance of the June 24, 2020 CMC.

**3.     ESI Search Terms**

Pursuant to the Court's May 18, 2020 Order (Dkt. 432), and the Court's May 19, 2020 modification to that Order (Dkt. 434), Defendants filed their opening letter brief requesting modification of the search terms on May 27, 2020 (Dkt. 445) and a reply letter brief in further support of this request on June 15, 2020 (Dkt. 472).

On June 10, 2020, Defendants Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., Aurolife Pharma LLC, Hetero Labs, Ltd., Hetero Drugs, Torrent Pharmaceuticals, Ltd, Torrent Pharma, Inc. filed letters with the Court describing the status of their negotiations with Plaintiffs regarding search terms. *See* Dkt. 457, 458, 460. On June 15, 2020, Plaintiffs filed a letter with the Court (Dkt. 471) concerning their negotiations with these Defendants, warranting the following Defendant-specific responses.

*Torrent Defendants*

Torrent received Plaintiffs' June 15, 2020 proposed modifications to certain search terms. That same day, Torrent responded to Plaintiffs confirming receipt, answering Plaintiffs' questions about certain search term parameters, and informed Plaintiffs that Torrent would test the search terms with Plaintiffs' proposed modifications. Torrent is confident that the parties can reach agreement on problematic search terms.

*Hetero Drugs and Hetero Lab Defendants*

The issues raised by plaintiffs in their opposition and reply are improperly and unfairly characterized as refusal on the part of Hetero Drugs and Hetero Labs (jointly HLL) to timely conduct discovery. HLL has made good-faith efforts to reach resolutions with plaintiffs on both core discovery and ESI discovery without the need for further judicial intervention. HLL sees no hurdle to the continuation of this practice, as HLL is currently working with plaintiffs to complete core discovery so that a substantive discussion of HLL custodians can be had. Further, counsel for HLL made it clear to plaintiffs' counsel that HLL does not intend to seek wholesale review of search terms, but may need to modify certain problematic terms, such as common surnames. HLL will not have an accurate understanding of the document and data size of custodial documents, and thus the need for modifications of terms, until such time as a list of HLL custodians has been finalized. That list cannot, by necessity, be finalized until plaintiffs have received and reviewed HLL's fourth core discovery production, which is due Monday, July 13, 2020.

The assertion that HLL did not contact plaintiffs until June 10, 2020 and has taken no steps to discuss search terms with plaintiffs' counsel, is inaccurate. As Your Honor is aware, HLL entered this litigation on February 6, 2020, and immediately took steps to compile and produce relevant discovery. Following its first core discovery production on April 14, 2020, HLL contacted

DuaneMorris

June 16, 2020
Page 4

plaintiffs' counsel on April 22, 2020 to discuss the finalization of custodians to begin conducting ESI searches. The parties conferred by e-mail and telephone, after which plaintiffs' counsel provided a preliminary list of custodians on April 28, 2020. The parties mutually understood at that time that a fruitful discussion of custodians would need to await additional productions of core discovery. Thus, HLL made an additional core discovery production on May 13, 2020. On June 3, 2020, counsel for HLL reached out to plaintiffs' counsel via email specifically to continue the discussion of identifying custodians and revisions of any problematic ESI terms. Counsels ultimately convened on a teleconference on June 10, 2020.

During the June 10th teleconference HLL's counsel advised, and plaintiffs' counsel agreed, that HLL's third and fourth core productions would be produced in accordance with the agreed upon schedule. Because core productions have not been completed, a list of custodians has not yet been finalized. Counsel for HLL and plaintiffs agreed that a list of custodians would be finalized following plaintiffs' review of HLL's third and fourth core productions.

It was agreed on that June 10th call that once the list of custodians is confirmed, HLL would reach out to Mr. Parekh to discuss any non-wholesale revisions of ESI search terms. It was understood that there was no immediate need to contact Mr. Parekh to discuss ESI term revisions as core productions are not yet completed, and thus a list of HLL custodians has not been solidified.

HLL should not be denied the opportunity to continue meeting and conferring with plaintiffs on these issues, especially in light of the fact that HLL has so far complied with those agreements reached by the parties on discovery matters. For these reasons and those set forth above, the undersigned respectfully requests the Court permit HLL to continue working with plaintiffs to produce discovery pursuant to the agreed-upon schedule and continue discussions with plaintiffs regarding any minor modifications to search terms.

### *Aurobindo Defendants*

The Aurobindo entities have made good faith efforts to reach resolutions with plaintiffs on both core discovery and Rule 34 discovery without the need for further court intervention. Following the parties' meet-and-confer on June 8th, Aurobindo sought comments from Plaintiffs' counsel on their letter to Your Honor prior to filing. Plaintiffs' responded that they are always willing to meet and confer and agree to modifications to search terms based upon data and where they find them reasonable. Based on these communications, it was defense counsel's understanding that the parties had reached an agreement to continue to meet and confer to evaluate problematic search terms in the original set. The U.S. entities have collected all custodial data and started reviewing documents. If there are potentially problematic terms, we will raise them with Plaintiffs' counsel.

Aurobindo Pharma Ltd. ("APL") offered to meet-and-confer with Plaintiffs regarding custodians, reserving all rights and defenses, when they entered their appearance in February. The parties then had a productive discussion regarding what core discovery documents Plaintiffs believe would necessarily inform upon their negotiations over custodians. Defense counsel

DuaneMorris

June 16, 2020
Page 5

reached out to Plaintiffs again on June 8th seeking to expedite the discussion of custodians and discuss the ESI search terms. The parties subsequently met-and-conferred regarding the U.S. entities' positions on the search terms, but the parties did not discuss APL. APL remains committed to working with plaintiffs to complete core discovery so that the parties can have productive discussions regarding custodians and APL can begin collecting documents.

Like the Hetero India entities, the Aurobindo entities should not be denied the opportunity to continue meeting and conferring with Plaintiffs on these issues where they have complied with the parties' agreements and the Court's Orders on discovery matters. They respectfully request that they be permitted to continue working with plaintiffs to produce discovery pursuant to the agreed-upon schedule and continue discussions with plaintiffs regarding potentially problematic search terms.

**4.     Sales and Pricing Productions**

The parties continue to meet and confer on a defendant-by-defendant basis regarding Plaintiffs' additional questions and requests.

*ZHP Defendants*

On May 15, 2020, ZHP and Solco produced sales and pricing information as required by the Court. On June 2, 2020, they supplemented those productions. Consequently, during the June 3, 2020, case management conference, Plaintiffs focused on just two issues that remained unresolved—(1) whether ZHP maintained the information in its API sales invoices in electronic form in addition to hardcopy, and (2) whether Solco maintains net sales pricing for finished dose products on a transactional basis. The Court may recall suggesting Plaintiffs draft a 30(b)(6) deposition notice on these issues, and ZHP/Solco's counsel's concern that Plaintiffs would exploit such a notice to expand their sales and pricing requests. The Court did not order a 30(b)(6) notice be drafted.

Notwithstanding the two discrete issues raised during the June 3 hearing, on June 8, 2020, Plaintiffs' counsel sent counsel for ZHP and Solco a twelve page letter with ***more than 130 detailed questions*** going far beyond those two topics. Counsel for ZHP and Solco are working diligently with their clients to produce documents by the deadline as well as provide answers to reasonable questions about fields from their documents that Plaintiffs do not understand, but take issue with Plaintiffs' overreaching interrogation that amounts to essentially a deposition by way of meet and confer correspondence. Even limiting Plaintiffs' questions to those about fields in documents ZHP and Solco produced (which includes, for example, ***27 questions about a single spreadsheet***), responding to those questions will take time. Moreover, Plaintiffs have provided no justification or need for their excessive requests.

During the June 3 conference, ZHP agreed to produce certain hardcopy documents by July 6 and to meet and confer with Plaintiffs about their sales and pricing information. Through the

DuaneMorris

June 16, 2020
Page 6

forthcoming production(s) and those meet and confer efforts, counsel for ZHP/Solco hope that the parties can resolve all reasonable disputes.

                                       Respectfully submitted,

                                       */s/ Seth A. Goldberg*

                                       Seth A. Goldberg

cc:    Adam Slater, Esq. (*via email*, *for distribution to Plaintiffs' Counsel*)
        Jessica Priselac, Esq. (*via email*, *for distribution to Defendants' Counsel*)
        Sarah Johnston, Esq. (*via email*)
        Lori G. Cohen, Esq. (*via email*)
        Clem C. Trischler, Esq. (*via email*)