Exhibit A



Brian H. Rubenstein
Tel: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

July 1, 2020

**VIA E-MAIL ONLY TO** valpec@kirtlandpackard.com

Ruben Honik
David Stanoch
Golomb & Honik, P.C.
1835 Market Street
Suite 2900
Philadelphia, PA 19103
rhonik@golombhonik.com
dstanoch@golombhonik.com

Adam Slater
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Suite 207
Roseland, NJ 07068
aslater@mazieslater.com

Daniel Nigh
Levin Papantonio Thomas Mitchell Rafferty
& Proctor, P.A.
316 S. Baylen
Suite 600
Pensacola, FL 32502
dnigh@levinlaw.com

Conlee Whiteley
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130
c.whiteley@kanner-law.com

Behram Parekh
Kirtland & Packard LLP
1638 South Pacific Coast Hwy
Redondo Beach, CA 90277
bvp@kirtlandpackard.com

Re:    *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation.,*
       **U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-RBK-JS**

Dear Counsel:

On behalf of Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, Actavis Pharma, Inc., and Arrow Pharm (Malta) Ltd.[1] (collectively, "the **Teva Defendants**") we write to confirm that, consistent with accepted practices, Plaintiffs understand that the Teva Defendants will be utilizing a continuous multi-modal learning ("CMML") platform

---

[1] Undersigned counsel notes that Arrow Pharm (Malta) Ltd. has not been served, and no longer exists as a separate legal entity. This correspondence does not represent Arrow Pharm (Malta) Ltd. or any successor in interest's consent to jurisdiction in this or any underlying matter, and Arrow Pharm (Malta) Ltd. and its successor in interest specifically reserve the right to raise any and all defenses, jurisdictional or otherwise.

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 1, 2020
Page 2

to assist Defendants with review and production of the Teva Defendants' electronically stored information ("**ESI**").

As you may know, CMML is a machine-learning technology that enables a computer to prioritize relevant documents based on limited human input. CMML will not only accelerate document productions and reduce costs but will work to ensure that Plaintiffs receive responsive materials in accordance with the Court's July 15th initial production deadline.

To be clear, the Teva Defendants will be reviewing documents produced to Plaintiffs before they are turned over but will be leveraging the CMML system to prioritize which documents should be reviewed first. If, at some point, the CMML system is indicating that there is a population of documents unlikely to be responsive (such that it will be unduly burdensome for the Teva Defendants to review them), we will inform Plaintiffs of the same.

Given that productions of ESI are only just beginning, we are happy to discuss and answer any questions Plaintiffs may have on the front end of this process. Otherwise, we trust that our approach comes as no surprise to Plaintiffs and is acceptable given the volume of data involved in this litigation.

Very truly yours,

*/s/ Brian H. Rubenstein*
Brian H. Rubenstein, Esq.
*Attorney for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*

cc:  Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
Seth A. Goldberg, Esq. (*via email*)
Clem C. Trischler, Esq. (*via email*)
Sarah E. Johnston, Esq. (*via email*)
Lori G. Cohen, Esq. (*via email*)
Victoria D. Lockard, Esq. (*via email*)
Steven M. Harkins, Esq. (*via email*)



Brian H. Rubenstein
Tel: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

July 6, 2020

<u>**VIA E-MAIL ONLY TO**</u> valpec@kirtlandpackard.com

Ruben Honik
David Stanoch
Golomb & Honik, P.C.
1835 Market Street
Suite 2900
Philadelphia, PA 19103
rhonik@golombhonik.com
dstanoch@golombhonik.com

Adam Slater
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Suite 207
Roseland, NJ 07068
aslater@mazieslater.com

Daniel Nigh
Levin Papantonio Thomas Mitchell Rafferty
& Proctor, P.A.
316 S. Baylen
Suite 600
Pensacola, FL 32502
dnigh@levinlaw.com

Conlee Whiteley
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130
c.whiteley@kanner-law.com

Behram Parekh
Kirtland & Packard LLP
1638 South Pacific Coast Hwy
Redondo Beach, CA 90277
bvp@kirtlandpackard.com

> Re: *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation.*, **U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-RBK-JS**

Dear Counsel:

As we mentioned in our July 1, 2020 letter, Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, Actavis Pharma, Inc., and Arrow Pharm (Malta) Ltd. (collectively, "the **Teva Defendants**") are utilizing a continuous multi-modal learning ("**CMML**") platform to assist Defendants with review and production of the Teva Defendants' electronically stored information ("**ESI**"). In that same letter, we also made clear that, at this point, the Teva Defendants are simply utilizing CMML to prioritize the documents to be reviewed and that we would inform Plaintiffs if there is ultimately a population of documents we do not intend to review. Put differently, the Teva Defendants are currently reviewing all documents if or until the CMML platform indicates such review would no longer be efficient and/or reasonable.

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 6, 2020
Page 2


We were therefore surprised to learn that Plaintiffs "do not agree to Teva's proposal to use CMML for review and production of documents…." Our intention in providing you with this information was simply to provide transparency and to cooperate in good faith, not to invite a dispute. As the ESI protocol makes clear, Defendants do not require Plaintiffs' consent or approval as to their chosen review processes or platforms. Instead, the ESI protocol merely requires that the use of "TAR/predictive coding" be disclosed to Plaintiffs, and that the parties meet and confer to discuss "post-searching error sampling and sampling/testing reports." (Dkt. 127, ¶ II).

It is well-established that "responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for producing their own electronically stored information." *In re Mercedes-Benz Emissions Litigation* [sic], 2020 WL 103975, at *1 (D. N.J. Jan. 9, 2020) (citing *Hyles v. New York City*, 2016 WL 4077114, at *2 (S.D.N.Y. Aug. 1, 2016); The Sedona Principles: Second Edition, Best Practices Recommendations & Principles for Addressing Electronic Document Production, Principle 6 (available at www.TheSedonaConference.org).[1] Moreover, it is black letter law that where the producing party seeks to utilize technology to assist with its review of documents, courts will permit it. *See Rio Tinto PLC v. Vale S.A.,* 306 F.R.D. 125, 127 (S.D.N.Y. Mar. 2, 2015).

Regardless, in the spirit of cooperation, the Teva Defendants are willing to meet and confer this week in order to explain to Plaintiffs the methodology we are using to review and produce ESI. The Teva Defendants will also ask that a CMML expert from our vendor, Consilio, join the meet and confer in order to describe the CMML technology. We are confident that, upon learning about the technology, Plaintiffs will be reassured about the Teva Defendants' approach in discovery and neither party will need to burden the Court with further ESI related disputes.

Please let us know your availability for a meet and confer telephone conference tomorrow, July 7th.


Very truly yours,

*/s/ Brian H. Rubenstein*
Brian H. Rubenstein, Esq.
*Attorney for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*

---

[1] Numerous courts have endorsed the use of technology in the development of reasonable and defensible search and review protocols.

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 6, 2020
Page 3


cc:    Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
       Seth A. Goldberg, Esq. (*via email*)
       Clem C. Trischler, Esq. (*via email*)
       Sarah E. Johnston, Esq. (*via email*)
       Lori G. Cohen, Esq. (*via email*)
       Victoria D. Lockard, Esq. (*via email*)
       Steven M. Harkins, Esq. (*via email*)

**GT** GreenbergTraurig

Brian H. Rubenstein
Tel: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

July 10, 2020

**VIA E-MAIL ONLY TO** valpec@kirtlandpackard.com

Ruben Honik
David Stanoch
Golomb & Honik, P.C.
1835 Market Street
Suite 2900
Philadelphia, PA 19103
rhonik@golombhonik.com
dstanoch@golombhonik.com

Adam Slater
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Suite 207
Roseland, NJ 07068
aslater@mazieslater.com

Daniel Nigh
Levin Papantonio Thomas Mitchell Rafferty
& Proctor, P.A.
316 S. Baylen
Suite 600
Pensacola, FL 32502
dnigh@levinlaw.com

Conlee Whiteley
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130
c.whiteley@kanner-law.com

Behram Parekh
Kirtland & Packard LLP
1638 South Pacific Coast Hwy
Redondo Beach, CA 90277
bvp@kirtlandpackard.com

Re:  *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation.,*
U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-
RBK-JS

Dear Counsel:

We write as a follow-up to our July 8, 2020 meet and confer telephone conference where we discussed Teva Pharmaceutical Industries Ltd., Actavis LLC, Actavis Pharma, Inc., and Arrow Pharm (Malta) Ltd.'s (collectively, "the **Teva Defendants**") use of a continuous multi-modal learning ("**CMML**") platform to assist Defendants with review and production of the Teva Defendants' electronically stored information ("**ESI**").

As an initial matter, we take this opportunity to remind you that the ESI Protocol is clear that the parties are required to cooperate in good faith to discuss "search terms and protocols and any TAR/predictive coding prior to using any such technology to narrow the pool of collected

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 10, 2020
Page 2

documents to a set to undergo *review* for *possible* production." (Dkt. 127, ¶ II) (emphasis added). In other words, the ESI Protocol contemplates that Defendants will engage in a review process to determine the appropriate documents to be produced. However, and contrary to your arguments yesterday, the ESI Protocol does not require that a non-privileged document must be produced simply because it hits on a search term. Rather, it is axiomatic that search terms are used to identify *potentially* responsive (or as Plaintiffs might say, potentially "relevant") documents, and then a review process (dictated by the reviewing party) is undertaken to determine if such documents are indeed responsive (or "relevant") and should be produced. *In re Mercedes-Benz Emissions Litigation*, 2020 WL 103975, at *1 (D. N.J. Jan. 9, 2020) (making clear that the "responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for producing their own electronically stored information.").

To be clear, the Teva Defendants intend on producing all non-privileged documents that are identified as being responsive to the Requests for Production of Documents and all non-privileged documents that are identified as being "relevant" to the claims and defenses in this litigation.[1] And, as we've repeatedly stated, the Teva Defendants are currently reviewing all documents. If we reach a point where it is inefficient or unreasonable to continue reviewing documents CMML deems likely to be non-responsive, we will inform Plaintiffs of the same.

While the consent of Plaintiffs is not required in order for the Teva Defendants to utilize CMML (the ESI protocol simply requires the *disclosure* of CMML, and the Teva Defendants hereby disclosed they will be utilizing Brainspace Continuous Multimodal Learning v. 6.2), the Teva Defendants are endeavoring to be as transparent as possible with Plaintiffs in order to avoid burdening the Court with a discovery dispute over what has become the norm—not the exception—in the world of e-discovery. *See, e.g., In re Mercedes*, 2020 WL 103975, at *1 (noting the fact that there is "**wide acceptance that TAR is … superior to keyword searching**.") (emphasis added); *Hyles v. New York City*, 2016 WL 4077114, at *1 (S.D.N.Y. Aug. 1, 2016) ("**TAR is the best and most efficient search tool**. That is **particularly so, according to research studies, where the TAR methodology uses continuous active learning** ("CAL"), which eliminates issues about the seed set and stabilizing the TAR tool.") (emphasis added); *Progressive Cas. Ins. Co. v. Delaney*, 2014 WL 3563467, at *2 (D. Nev. July 18, 2014) ("**Predictive coding has emerged as a far more accurate means of producing responsive ESI in discovery. Studies show it is far more accurate than human review or keyword searches which have their own limitations**.") (emphasis added).[2]

---

[1] The Teva Defendants do not concede that a document is relevant pursuant to Fed. R. Evid. 401, et seq. by virtue of its production, and the Teva Defendants expressly reserve all rights with respect to the admissibility of documents under the Federal Rules of Evidence.

[2] Given Mr. Slater's representation that he had not read our previous correspondence or the cases cited therein prior to the meet and confer telephone conference, we have included them (as well as other authority) again here for reference.

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 10, 2020
Page 3


The CMML application follows a TAR 2.0 or Continuous Active Learning (CAL) methodology.  Unlike a TAR 1.0 workflow, where a distinct set of documents (often referred to as a "seed set") are used to train the application until stability is reached (i.e., the application is no longer benefiting from additional training), the CMML workflow is an iterative process, where the training of the application is continuous, and does not rely on a seed set.  Rather, CMML has the flexibility to begin prioritizing documents based on any subset of documents that have been evaluated and coded with a responsive or non-responsive coding value.  As more documents are reviewed and submitted as subsequent training examples, the CMML application improves in its ability to distinguish between responsive and non-responsive content.  Moreover, to ensure that a diverse set of training examples are submitted to CMML, the application applies "diversified learning" to select training examples for human evaluation and review.  When selecting training examples, CMML considers a document's (1) uncertainty, (2) diversity, and (3) density

As for the CMML platform itself, it is our understanding from our meet and confer telephone conference that Plaintiffs' main concern is how the system operates vis-à-vis the various custodian types. To use the hypothetical we discussed, if the Teva Defendants first load 5 custodians from the marketing department to CMML and train the system to identify responsive documents from those marketing custodians, Plaintiffs are concerned that, when the next 4 custodians (from finance) are loaded, the system may believe their documents are non-responsive because they are dissimilar to the marketing documents. Further, Plaintiffs are concerned that, if a custodian from finance is copied on a marketing email, then the system will prioritize the marketing documents (based on prior training) rather than any financial documents.

As set forth above, it is important to understand the both the "diverse learning" and "continuous" aspect of the CMML platform which the Teva Defendants are utilizing. Using the hypothetical above, the CMML platform will not be trained only on the marketing custodians. Once the finance custodians are loaded to the system, and the finance custodians' documents are underway in review, CMML will update its scoring based on the review of all documents in the population, *including the finance custodians' documents* that have been reviewed. Put differently (and in simpler terms), if CMML were to indicate that none of the finance custodians' documents were likely to be responsive, the Teva Defendants would not simply rely on the system's coding and decline to review (or produce) any of the finance documents. Instead, the Teva Defendants intend to leverage diversified learning and review enough of the finance custodians' documents for the system to then recognize which of the other finance custodians' documents are likely to be responsive, and the system would then (on a continuous basis) start pushing those documents to the top of the review pile.

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 10, 2020
Page 4

As described above, the platform used by Consilio is Brainspace, which relies on three strands of criteria to build its training examples: uncertainty, diversity, and density. Uncertainty is a score based on documents that are as likely to be relevant as to be irrelevant; diversity considers whether the document is similar to others that have already been trained; and density involves an analysis of whether the document is similar or dissimilar to other unlabeled documents. Using this three-pronged approach, at each training round, the trainer sees not simply those documents that the classifier is uncertain about, but uncertain documents that are diversified across the collection, and provide insight into concentrations of interesting material. In other words, the system will not simply deem a finance document as non-responsive, but instead, will recognize it as a document that needs to be reviewed in order for the system to learn whether it is likely to be responsive or not.

To the extent this summary does not alleviate Plaintiffs' first concern, please refer to **Exhibits A and B** attached hereto which describe CMML and Brainspace in greater detail.

As for Plaintiffs' second concern (*i.e.*, if a custodian from finance were copied on a marketing email), this too would not create any issues with CMML in light of deduplication. In other words, when the email cc'ing a finance custodian is processed from the finance custodians' inbox, it will deduplicate out of the system given that it already exists in the population with the marketing individual as the custodian. Thus, any marketing documents existing within the finance custodians' data will not throw off CMML because those documents will not make it into the data population from the finance group in the first place. The only documents that will be promoted to the system will be non-duplicates which (using the hypothetical) are likely to be strictly finance related and will not deal with marketing.

We trust that this overview and the enclosed exhibits provide Plaintiffs with the information necessary to alleviate your concerns over the Teva Defendants' use of CMML. Please let us know if you have any questions or if you believe a further telephone conference would be helpful.

Very truly yours,

*/s/ Brian H. Rubenstein*
Brian H. Rubenstein, Esq.
*Attorney for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 10, 2020
Page 5


cc:     Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
        Seth A. Goldberg, Esq. (*via email*)
        Clem C. Trischler, Esq. (*via email*)
        Sarah E. Johnston, Esq. (*via email*)
        Lori G. Cohen, Esq. (*via email*)
        Victoria D. Lockard, Esq. (*via email*)
        Steven M. Harkins, Esq. (*via email*)



Brian H. Rubenstein
Tel: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

July 12, 2020

**VIA E-MAIL ONLY TO** valpec@kirtlandpackard.com

Ruben Honik
David Stanoch
Golomb & Honik, P.C.
1835 Market Street
Suite 2900
Philadelphia, PA 19103
rhonik@golombhonik.com
dstanoch@golombhonik.com

Adam Slater
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Suite 207
Roseland, NJ 07068
aslater@mazieslater.com

Daniel Nigh
Levin Papantonio Thomas Mitchell Rafferty
& Proctor, P.A.
316 S. Baylen
Suite 600
Pensacola, FL 32502
dnigh@levinlaw.com

Conlee Whiteley
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130
c.whiteley@kanner-law.com

Behram Parekh
Kirtland & Packard LLP
1638 South Pacific Coast Hwy
Redondo Beach, CA 90277
bvp@kirtlandpackard.com

Re:     *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation.*,
        U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-
        RBK-JS

Dear Counsel:

This letter is in follow up to our discussions regarding the Teva Defendants' compliance with the Court ordered ESI Protocol in our use of a continuous multi-modal learning ("**CMML**") platform to assist them with review and production of their electronically stored information ("**ESI**"). Specifically, we write to respond to your email we received Friday, July 10th at 5:10 p.m.

The parties held a July 8, 2020 meet and confer telephone conference on this subject, during which Plaintiffs' counsel specifically asked the Teva Defendants and their ESI vendor, Consilio, for more information, in the form of a "white paper" describing the CMML process in more detail. The Teva Defendants' ESI counsel and consultants then forwarded a very extensive white paper

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 10, 2020
Page 2

to Plaintiffs on Friday afternoon. Given that Mr. Slater's remarkably abrupt response –  thirty-six minutes following its transmission – it is obvious that the Plaintiffs' Executive Committee did not endeavor to seriously review or let alone discuss the twelve-page white paper nor the other fourteen pages of information the Teva Defendants provided in an attempt to resolve Plaintiffs' questions and concerns. This, on the heels of a meet and confer call wherein Plaintiffs' counsel readily admitted to not having reviewed any of the caselaw provided by the Teva Defendants, demonstrates Plaintiffs are unwilling to cooperate in good faith or expend any time to understand the technology at issue.

We see no need to yet again restate our position, the caselaw, or describe the CMML process, other than to reiterate that the use of the CMML platform as described requires only the disclosure by Defendants, and not the consent of Plaintiffs, pursuant to the ESI Protocol. But we do find it important to correct several of the misstatements and misconceptions set forth in your Friday night email.

First, as we discussed previously, given the breadth of the discovery requested, the Teva Defendants are using the CMML platform in order to enable us to provide Plaintiffs with a meaningful production from the prioritized custodians on July 15th. We do not agree to halt or delay our review and production "until we reach agreement," particularly given there is no prejudice to Plaintiffs in using CMML to prioritize the documents being reviewed and produced.

Second, your email either misstates or miscomprehends our discussions and Teva's efforts to oblige Plaintiffs' "requests for prioritization."  In fact, the Teva Defendants are making good faith efforts to prioritize the custodians and non-custodial categories Plaintiffs have identified. The use of the CMML platform during review does not affect the prioritization of certain custodians over other custodians, nor does it result in any modification of the search terms.

As we have attempted to make clear, we are not offering to relitigate any issues decided by the Court, nor are we submitting this as a proposal for your consideration and approval. To the extent the Teva Defendants have to engage in motion practice to simply confirm what they are entitled to do pursuant to the existing ESI Protocol, black-letter law, and accepted ESI discovery practices, please note that we will not hesitate to seek an award of fees and costs for this unnecessary diversion.

Very truly yours,

*/s/ Brian H. Rubenstein*
Brian H. Rubenstein, Esq.

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 10, 2020
Page 3

*Attorney for Teva Pharmaceuticals USA,
Inc., Teva Pharmaceutical Industries Ltd.,
Actavis LLC, and Actavis Pharma, Inc.*


cc: Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
  Seth A. Goldberg, Esq. (*via email*)
  Clem C. Trischler, Esq. (*via email*)
  Sarah E. Johnston, Esq. (*via email*)
  Lori G. Cohen, Esq. (*via email*)
  Victoria D. Lockard, Esq. (*via email*)
  Steven M. Harkins, Esq. (*via email*)