# GT GreenbergTraurig

Brian H. Rubenstein
Tel: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

July 12, 2020

**VIA E-MAIL ONLY TO** valpec@kirtlandpackard.com

| | |
|---|---|
| Ruben Honik<br>David Stanoch<br>Golomb & Honik, P.C.<br>1835 Market Street<br>Suite 2900<br>Philadelphia, PA 19103<br>rhonik@golombhonik.com<br>dstanoch@golombhonik.com | Daniel Nigh<br>Levin Papantonio Thomas Mitchell Rafferty<br>& Proctor, P.A.<br>316 S. Baylen<br>Suite 600<br>Pensacola, FL 32502<br>dnigh@levinlaw.com |
| Adam Slater<br>Mazie Slater Katz & Freeman, LLC<br>103 Eisenhower Parkway<br>Suite 207<br>Roseland, NJ 07068<br>aslater@mazieslater.com | Conlee Whiteley<br>Kanner & Whiteley, LLC<br>701 Camp Street<br>New Orleans, LA 70130<br>c.whiteley@kanner-law.com |
| | Behram Parekh<br>Kirtland & Packard LLP<br>1638 South Pacific Coast Hwy<br>Redondo Beach, CA 90277<br>bvp@kirtlandpackard.com |

Re:   *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation.*, U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-RBK-JS

Dear Counsel:

This letter is in follow up to our discussions regarding the Teva Defendants' compliance with the Court ordered ESI Protocol in our use of a continuous multi-modal learning ("**CMML**") platform to assist them with review and production of their electronically stored information ("**ESI**"). Specifically, we write to respond to your email we received Friday, July 10th at 5:10 p.m.

The parties held a July 8, 2020 meet and confer telephone conference on this subject, during which Plaintiffs' counsel specifically asked the Teva Defendants and their ESI vendor, Consilio, for more information, in the form of a "white paper" describing the CMML process in more detail. The Teva Defendants' ESI counsel and consultants then forwarded a very extensive white paper

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 10, 2020
Page 2

to Plaintiffs on Friday afternoon. Given that Mr. Slater's remarkably abrupt response – thirty-six minutes following its transmission – it is obvious that the Plaintiffs' Executive Committee did not endeavor to seriously review or let alone discuss the twelve-page white paper nor the other fourteen pages of information the Teva Defendants provided in an attempt to resolve Plaintiffs' questions and concerns. This, on the heels of a meet and confer call wherein Plaintiffs' counsel readily admitted to not having reviewed any of the caselaw provided by the Teva Defendants, demonstrates Plaintiffs are unwilling to cooperate in good faith or expend any time to understand the technology at issue.

We see no need to yet again restate our position, the caselaw, or describe the CMML process, other than to reiterate that the use of the CMML platform as described requires only the disclosure by Defendants, and not the consent of Plaintiffs, pursuant to the ESI Protocol. But we do find it important to correct several of the misstatements and misconceptions set forth in your Friday night email.

First, as we discussed previously, given the breadth of the discovery requested, the Teva Defendants are using the CMML platform in order to enable us to provide Plaintiffs with a meaningful production from the prioritized custodians on July 15th. We do not agree to halt or delay our review and production "until we reach agreement," particularly given there is no prejudice to Plaintiffs in using CMML to prioritize the documents being reviewed and produced.

Second, your email either misstates or miscomprehends our discussions and Teva's efforts to oblige Plaintiffs' "requests for prioritization." In fact, the Teva Defendants are making good faith efforts to prioritize the custodians and non-custodial categories Plaintiffs have identified. The use of the CMML platform during review does not affect the prioritization of certain custodians over other custodians, nor does it result in any modification of the search terms.

As we have attempted to make clear, we are not offering to relitigate any issues decided by the Court, nor are we submitting this as a proposal for your consideration and approval. To the extent the Teva Defendants have to engage in motion practice to simply confirm what they are entitled to do pursuant to the existing ESI Protocol, black-letter law, and accepted ESI discovery practices, please note that we will not hesitate to seek an award of fees and costs for this unnecessary diversion.

Very truly yours,

*/s/ Brian H. Rubenstein*
Brian H. Rubenstein, Esq.

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 10, 2020
Page 3

        *Attorney for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*

cc:    Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
        Seth A. Goldberg, Esq. (*via email*)
        Clem C. Trischler, Esq. (*via email*)
        Sarah E. Johnston, Esq. (*via email*)
        Lori G. Cohen, Esq. (*via email*)
        Victoria D. Lockard, Esq. (*via email*)
        Steven M. Harkins, Esq. (*via email*)