# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875 |
| | Honorable Robert B. Kugler, District Court Judge |
| **This Document Relates to All Actions** | Honorable Joel Schneider, Magistrate Judge |

## COMPENDIUM OF CHARTS REFERENCED IN MANUFACTURER DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINTS

# **TABLE OF CONTENTS**

Defendants Named In PIMC By Supply Chain Role ................................................. 1

Defendants Named In ELMC By Supply Chain Role ............................................. 2

Defendants Named In MMMC By Supply Chain Role ........................................... 3

The Claims Asserted In The PIMC ......................................................................... 4

The Claims Asserted In The ELMC ........................................................................ 5

The Claims Asserted In The MMMC ...................................................................... 6

State Law Claims Asserted In The PIMC That Are Preempted ............................... 7

State Law Claims Asserted In The ELMC That Are Preempted ............................. 8

State Law Claims Asserted In The MMMC That Are Preempted ........................... 9

ELMC Defendants As To Whom No Class Representative Alleges Injury ............ 10

MMMC Defendants As To Whom No Class Representative Alleges Injury ......... 11

Jurisdictions For Which The ELMC Class Representatives Have No
      Standing .................................................................................................... 12

Jurisdictions For Which The MMMC Class Representatives Have No
      Standing .................................................................................................... 13

ELMC Defendants Over Which This Court Lacks Personal Jurisdiction .............. 14

MMMC Defendants Over Which This Court Lacks Personal Jurisdiction ............ 15

State Law Claims Subsumed By Product Liability Acts ........................................ 16

States Requiring Actual Knowledge Of Falsity For Fraud .................................... 20

States With A Recklessness Alternative To Fraud ................................................ 22

States Adopting The Second Or Third Restatement For Design Defect
      Claims ...................................................................................................... 23

i

States That Do Not Recognize Strict Liability-Failure To Warn ............................28

States For Which Class Representatives Have Not Alleged The Protected Class Required For Negligence *Per Se* ........................................................29

States That Limit Or Do Not Recognize Negligence *Per Se*...................................31

States Where The Economic Loss Rule Precludes Negligence...............................32

States Requiring Privity For Implied Warranty.....................................................35

States Requiring Privity For Express Warranty.....................................................37

States Requiring "Basis Of The Bargain" For Express Warranty ...........................39

Warranty Allegations That Fail To Allege Specific Language, Guarantee, Or Source ........................................................................................................42

States Requiring Pre-Suit Notice For Implied Warranty .......................................43

States Requiring Pre-Suit Notice For Express Warranty.......................................46

States Requiring Absence Of An Adequate Remedy At Law For Unjust Enrichment...................................................................................................49

States Requiring A Direct Benefit Be Conferred On Defendant For Unjust Enrichment...................................................................................................50

States Precluding Unjust Enrichment Where There Is An Adequate Remedy At Law ..........................................................................................................52

States Where Medical Monitoring Is Not Recognized As An Independent Cause Of Action .........................................................................................57

States That Have Not Addressed Whether Medical Monitoring May Be An Independent Cause Of Action........................................................................59

States Precluding Medical Monitoring Where It Is Only A Measure Of Damages......................................................................................................60

State Punitive Damages Standards.........................................................................61

## DEFENDANTS NAMED IN PIMC BY SUPPLY CHAIN ROLE

| Supply Chain Role | Defendants |
|---|---|
| **API Manufacturers** | Aurobindo Pharma, Ltd.; Hetero Drugs, Limited; Hetero Labs, Ltd.; Mylan Laboratories Ltd.; Zhejiang Huahai Pharmaceutical Co., Ltd. |
| **Finished Dose Manufacturers[1]** | Arrow Pharm Malta Ltd.; Aurolife Pharma, LLC; Hetero Labs, Ltd.; Mylan Pharmaceuticals Inc.; Teva Pharmaceutical Industries Ltd.; Torrent Pharmaceuticals Ltd.; Zhejiang Huahai Pharmaceutical Co., Ltd. |
| **Distributors[2]** | Actavis LLC; Actavis Pharma, Inc.; Aurobindo Pharma USA, Inc.; Camber Pharmaceuticals, Inc.; Huahai US Inc.; Solco Healthcare US, LLC; Teva Pharmaceuticals USA, Inc.; Torrent Pharma, Inc. |
| **Wholesalers** | AmerisourceBergen Corporation; Cardinal Health, Inc.; McKesson Corporation |
| **Repackagers[3]** | AvKARE, Inc.; H.J. Harkins Company, Inc. dba Pharma Pac.; Major Pharmaceuticals, Inc.; Preferred Pharmaceuticals, Inc.; RemedyRepack, Inc. |
| **Pharmacies[4]** | Albertson's LLC; CVS Pharmacy, Inc. (incorrectly named as CVS Health Corporation); Express Scripts, Inc.; Humana Pharmacy, Inc; The Kroger, Co.; OptumRx; Rite-Aid Corporation; Walgreens Boots Alliance, Inc.; Walmart Inc. |

[1] Defendants Aurobindo Pharma USA, Inc., Hetero USA, Inc., and Prinston Pharmaceutical Inc., named in all three Complaints, serve as FDA liaisons for certain Manufacturer Defendants.

[2] The Distributor Aceteris, LLC has been dismissed by stipulation.

[3] The following Repackagers have been dismissed from all three Complaints by stipulation: A-S Medication Solutions, LLC; Bryant Ranch Prepack, Inc.; The Harvard Drug Group, LLC; Northwind Pharmaceuticals; and NuCare Pharmaceuticals, Inc.

[4] The following Defendants named as Pharmacies have been dismissed from all three Complaints by stipulation: Cigna Corporation; Express Scripts Holding Company; Humana, Inc.; Optum Inc.; and UnitedHealth Group.

1

## DEFENDANTS NAMED IN ELMC BY SUPPLY CHAIN ROLE

| Supply Chain Role | Defendants |
|---|---|
| **API Manufacturers** | Aurobindo Pharma, Ltd.; Hetero Drugs, Limited; Hetero Labs, Ltd.; Mylan Laboratories Ltd.; Zhejiang Huahai Pharmaceutical Co., Ltd. |
| **Finished Dose Manufacturers** | Arrow Pharm Malta Ltd.; Aurolife Pharma, LLC; Hetero Labs, Ltd.; Mylan Pharmaceuticals Inc.; Teva Pharmaceutical Industries Ltd.; Torrent Pharmaceuticals Ltd.; Zhejiang Huahai Pharmaceutical Co., Ltd. |
| **Distributors** | Actavis Pharma, Inc.; Actavis, LLC; Aurobindo Pharma USA, Inc.; Camber Pharmaceuticals, Inc.; Huahai US Inc.; Solco Healthcare US, LLC; Teva Pharmaceuticals USA, Inc.; Torrent Pharma, Inc. |
| **Wholesalers** | AmerisourceBergen Corporation; Cardinal Health, Inc.; McKesson Corporation |
| **Repackagers** | AvKARE, Inc.; H.J. Harkins Company, Inc. dba Pharma Pac.; Preferred Pharmaceuticals, Inc.; RemedyRepack, Inc. |
| **Pharmacies** | Albertson's LLC; CVS Pharmacy, Inc. (incorrectly named as CVS Health Corporation); Express Scripts, Inc.; Humana Pharmacy, Inc.; The Kroger, Co.; OptumRx; Rite-Aid Corporation; Walgreens Boots Alliance, Inc.; Walmart Inc. |

## DEFENDANTS NAMED IN MMMC BY SUPPLY CHAIN ROLE

| Supply Chain Role | Defendants |
|---|---|
| **API Manufacturers** | Aurobindo Pharma, Ltd.; Hetero Drugs, Limited; Hetero Labs, Ltd.; Mylan Laboratories Ltd.; Zhejiang Huahai Pharmaceutical Co., Ltd. |
| **Finished Dose Manufacturers** | Aurolife Pharma, LLC; Hetero Labs, Ltd.; Mylan Pharmaceuticals Inc.; Teva Pharmaceutical Industries Ltd.; Torrent Pharmaceuticals Ltd.; Zhejiang Huahai Pharmaceutical Co., Ltd. |
| **Distributors** | Actavis LLC; Actavis Pharma, Inc.; Arrow Pharm Malta Ltd.; Aurobindo Pharma USA, Inc.; Huahai US Inc.; Camber Pharmaceuticals, Inc.; Solco Healthcare US, LLC |
| **Wholesalers** | AmerisourceBergen Corporation; Cardinal Health, Inc.; McKesson Corporation |
| **Repackagers** | AvKARE, Inc.; A-S Medication Solutions, LLC; H.J. Harkins Company, Inc. dba Pharma Pac.; Major Pharmaceuticals, Inc.; Preferred Pharmaceuticals, Inc.; RemedyRepack, Inc. |
| **Pharmacies** | Albertson's LLC; CVS Pharmacy, Inc. (incorrectly named as CVS Health Corporation); Express Scripts, Inc.; Humana Pharmacy, Inc.; The Kroger, Co.; OptumRx; Rite-Aid Corporation; Walgreens Boots Alliance, Inc.; Walmart Inc. |

# THE CLAIMS ASSERTED IN THE PIMC

| Claims | Allegation No. |
|---|---|
| Claim I: Strict Liability – Manufacturing Defect | 426-49 |
| Claim II: Strict Liability – Failure to Warn | 438-49 |
| Claim III: Strict Liability – Design Defect | 450-59 |
| Claim IV: Negligence | 460-65 |
| Claim V: Negligence *Per Se* | 466-80 |
| Claim VI: Breach of Express Warranty | 481-90 |
| Claim VII: Breach of Implied Warranty | 491-96 |
| Claim VIII: Fraud | 497-509 |
| Claim IX: Negligent Misrepresentation | 510-19 |
| Claim X: Breach of Consumer Protection Statutes | 520-79 |
| Claim XI: Wrongful Death | 580-87 |
| Claim XII: Survival Actions | 588-92 |
| Claim XIII: Loss of Consortium | 593-600 |
| Claim XIV: Punitive Damages | 601-14 |

## THE CLAIMS ASSERTED IN THE ELMC

| Claims | Allegation No. |
|---|---|
| Claims I and II: Breach of Express Warranties | 435-54 |
| Claims III and IV: Breach of Implied Warranties of Merchantability and Fitness | 466-82 |
| Claims V and VI: Magnuson-Moss Warranty Act | 483-90 |
| Claims VII and VIII: Fraud (Affirmative Misrepresentation, Omission, and Concealment) | 491-516 |
| Claims IX and X: Negligent Misrepresentation and Omission | 517-42 |
| Claims XI and XII: Violation of State Consumer Protection Laws | 543-54 |
| Claims XIII and XIV: Unjust Enrichment | 555-66 |
| Claims XV and XVI: Negligence | 567-86 |
| Claims XVII and XVIII: Negligence *Per Se* | 587-602 |

## THE CLAIMS ASSERTED IN THE MMMC

| Claims | Allegation No. |
|---|---|
| Claim I: Negligence | 394-405 |
| Claim II: Negligence *Per Se* | 406-13 |
| Claim III: Medical Monitoring | 414-29 |
| Claim IV: Products Liability-Manufacturing Defect | 430-36 |
| Claim V: Failure to Warn | 437-42 |
| Claim VI: Violation of Magnuson-Moss Warranty Act | 443-56 |
| Class VII: Breach of Implied Warranty of Merchantability | 457-67 |
| Claim VIII: Breach of Express Warranties | 468-76 |
| Claim IX: Fraud/Fraudulent Concealment | 477-90 |

## STATE LAW CLAIMS ASSERTED IN THE PIMC THAT ARE PREEMPTED

| Preempted Claims | Allegations Demonstrating the Claims Seek to Enforce the FDCA |
|---|---|
| Claim I: Strict Liability – Manufacturing Defect | 443 |
| Claim III: Strict Liability – Design Defect | 450-59 |
| Claim V: Negligence *Per Se* | 466-80, 467 |
| Count VI: Breach of Express Warranty | 481-90 |
| Claim VIII: Fraud | 497-509 |
| Claim IX: Negligent Misrepresentation | 510-19 |
| Claim X: Breach of Consumer Protection Statutes | 520-79 |

## STATE LAW CLAIMS ASSERTED IN THE ELMC THAT ARE PREEMPTED

| Preempted Claims | Allegations Demonstrating the Claims Seek to Enforce the FDCA |
|---|---|
| Claims I and II: Breach of Express Warranty | 171, 181, 435-45, 446-54, 439-440 |
| Claims VII and VIII: Fraud (Affirmative Misrepresentation, Omission, and Concealment) | 491-503, 504-516, 493-94 |
| Claims IX and X: Negligent Misrepresentation and Omission | 517-29, 530-42 |
| Claims XI and XII: Violation of State Consumer Protection Laws | 543-48, 549-54 |
| Claims XVII and XVIII: Negligence *Per Se* | 587-94, 595-602 |

## STATE LAW CLAIMS ASSERTED IN THE MMMC THAT ARE PREEMPTED

| Preempted Claims | Allegations Demonstrating the Claims Seek to Enforce the FDCA |
|---|---|
| Claim II: Negligence *Per Se* | 406-413, 408 |
| Claim V: Failure to Warn | 438 |
| Claim VIII: Express Warranty | 468-476 |
| Claim IX: Fraud/ Fraudulent Concealment | 477-490 |

## ELMC DEFENDANTS AS TO WHOM NO CLASS REPRESENTATIVE ALLEGES INJURY

| Defendants |
| :---: |
| A-S Medical Solutions, LLC |
| Albertson's LLC |
| AmerisourceBergen Corporation |
| AvKARE, Inc. |
| Bryant Ranch Prepack, Inc. |
| Cardinal Health |
| CVS Pharmacy, Inc. |
| Express Scripts, Inc. |
| H J Harkins Co., Inc. |
| Humana Pharmacy, Inc. |
| The Kroger Co. |
| Major Pharmaceuticals, Inc. |
| McKesson Corporation |
| Northwind Pharmaceuticals |
| OptumRx |
| Preferred Pharmaceuticals |
| Remedy Repack, Inc. |
| Rite-Aid Corporation |
| Walgreens Boots Alliance |
| Walmart Inc. |

## MMMC DEFENDANTS AS TO WHOM NO CLASS REPRESENTATIVE ALLEGES INJURY

| Defendants |
|:---:|
| Actavis Pharma, Inc. |
| Arrow Pharm Malta Ltd. |
| A-S Medical Solutions, LLC |
| Albertson's LLC |
| AmerisourceBergen Corporation |
| AvKARE, Inc. |
| Bryant Ranch Prepack, Inc. |
| Cardinal Health |
| Express Scripts, Inc. |
| The Harvard Drug Group, LLC |
| H J Harkins Co., Inc. |
| Humana Pharmacy, Inc. |
| The Kroger Co. |
| Major Pharmaceuticals, Inc. |
| McKesson Corporation |
| Northwind Pharmaceuticals |
| NuCare Pharmaceuticals, Inc. |
| OptumRx |
| Preferred Pharmaceuticals |
| Remedy Repack, Inc. |
| Rite-Aid Corporation |
| Teva Pharmaceutical USA, Inc. |
| Torrent Pharma, Inc. |
| Torrent Pharmaceuticals Ltd. |
| Walgreens Boots Alliance |

## <u>JURISDICTIONS FOR WHICH THE ELMC CLASS REPRESENTATIVES HAVE NO STANDING</u>

| Jurisdictions |
|---|
| Alabama, Alaska, Arizona, Arkansas, Colorado, Delaware, District of Columbia, Hawaii, Idaho, Illinois, Iowa, Kentucky, Maine, Maryland, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, North Dakota, Oklahoma, Oregon, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, Wisconsin, Wyoming |

## JURISDICTIONS FOR WHICH THE MMMC CLASS REPRESENTATIVES HAVE NO STANDING

| Jurisdictions |
|---|
| Alabama, Alaska, Arizona, Arkansas, Colorado, Connecticut, Delaware, District of Columbia, Georgia, Hawaii, Idaho, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire,  New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, Wisconsin, Wyoming |

## ELMC DEFENDANTS OVER WHICH THIS COURT LACKS PERSONAL JURISDICTION[5]

| Non-Resident Defendants Not Alleged to Have Supplied Valsartan to Any New Jersey Class Representative |
|---|
| Albertson's LLC |
| AmerisourceBergen Corporation |
| Aurobindo Pharma Ltd. |
| AvKARE, Inc. |
| Bryant Ranch Pre-pack Inc. |
| Cardinal Health Inc. |
| CVS Health Corporation |
| Express Scripts Inc. |
| Express Scripts Holding Company |
| The Harvard Drug Group LLC |
| H J Harkins Co. Inc. d/b/a/ Pharma Pac |
| Humana Pharmacy Inc. |
| The Kroger Co. |
| McKesson Corporation |
| Mylan Pharmaceuticals Inc. |
| NuCare Pharmaceuticals Inc. |
| Rite-Aid Corporation |
| Teva Pharmaceutical Industries Ltd. |
| Walmart Inc. |

---

[5] All Defendants reserve the right to challenge personal jurisdiction.

## MMMC DEFENDANTS OVER WHICH THIS COURT LACKS PERSONAL JURISDICTION

| Non-Resident Defendants Not Alleged to Have Supplied Valsartan to Any New Jersey Class Representative |
| :---: |
| Albertson's LLC |
| AvKARE, Inc. |
| Bryant Ranch Pre-pack Inc. |
| Express Scripts Inc. |
| Express Scripts Holding Company |
| H J Harkins Co. Inc. d/b/a/ Pharma Pac |
| Humana Pharmacy Inc. |
| The Kroger Co. |
| Mylan Pharmaceuticals Inc. |
| NuCare Pharmaceuticals Inc. |
| Rite-Aid Corporation |
| Teva Pharmaceutical Industries Ltd. |
| Walmart Inc. |

## STATE LAW CLAIMS SUBSUMED BY PRODUCT LIABILITY ACTS

| State | Authority | PIMC Claims Subsumed | ELMC Claims Subsumed | MMMC Claims Subsumed |
|---|---|---|---|---|
| Connecticut | Conn. Gen. Stat. § 52-572m-q (state product liability act); Conn. Gen. Stat. Ann. § 52-572n(a) (stating the product liability is an exclusive remedy); *Winslow v. Lewis-Shepard, Inc.*, 562 A.2d 517, 521 (Conn. 1989) (finding subsumption of claims). | All | All | All |
| Indiana | Ind. Code § 34-20-1-1 (product liability act); *Hathaway v. Cintas Corp. Serv.*, 903 F. Supp. 2d 669, 673 (N.D. Ind. 2012) (express warranty and implied warranty claims subsumed); *Henderson v. Freightliner, LLC*, No. 1:02-cv-01301, 2005 WL 775929, at *3 (S.D. Ind. Mar. 24, 2005) (finding multiple claims subsumed); *Doerner v. Swisher Int'l., Inc.*, 272 F.3d 928, 932 (7th Cir. 2001) (loss of consortium claim brought under IPLA). | All | All | All |
| Kansas | Kan. Stat. Ann. § 60-3302 *et seq.* (product liability act); *Patton v. Hutchinson Wil-Rich Mfg. Co.*, 861 | All Except Claim X | All Except Claims XI and XII | All |

16

| State | Authority | PIMC Claims Subsumed | ELMC Claims Subsumed | MMMC Claims Subsumed |
|---|---|---|---|---|
| | P.2d 1299, 1311 (Kan. 1993) (discussing subsumption doctrine of Kansas Product Liability Act). | | | |
| **Louisiana** | La. Stat. § 9:2800.51, *et seq*. (product liability act); *id.* at § 9:2800.52 (stating that the product liability act provides the exclusive theories under which a claim can be brought); *id.* at § 9:2800.54(B)(1-4) (limiting LPLA cause of action to four theories); *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1248, 1251 (5th Cir. 1997) (finding subsumption of claims); *see also Stroderd v. Yamaha Motor Corp., U.S.A.*, No. 04-cv-3040, 2005 WL 2037419, at *2 (E.D. La. Aug. 4, 2005) (same). | All | All | All |
| **Mississippi** | Miss. Code § 11-1-63 (product liability act); *Estes v. Lanx, Inc*., 1:14-cv-052, 2015 WL 9462964, at *5 (N.D. Miss. Dec. 23, 2015) (finding MPLA was amended to signal the Mississippi Legislature's intent for all claims brought | All Except Claim VIII | All Except Claims VII and VIII | All Except Claim IX |

| State | Authority | PIMC Claims Subsumed | ELMC Claims Subsumed | MMMC Claims Subsumed |
|---|---|---|---|---|
| | for damage caused by a product to be analyzed under the MPLA); *Lawson v. Honeywell Int'l., Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011) (finding strict liability governed by MPLA); *McSwain v. Sunrise Med., Inc.,* 689 F. Supp. 2d 835, 848 (S.D. Miss. 2010) (finding MPLA subsumed multiple claims). | | | |
| **North Carolina** | N.C. Gen. Stat. § 99B-1.1 (abolishing strict liability). | Claims I, II, and III Only | None | None |
| **Ohio** | Ohio Rev. Code § 2307.71 (product liability act); *Kodger v. Zimmer Biomet Holdings, Inc.*, No. 1:17-cv-1350, 2017 WL 4348997, at *5 (N.D. Ohio Sept. 29, 2017) (finding sweeping abrogation) (citing Ohio Rev. Code Ann. § 2307.71(B)); *see also Johnson v. Eli Lilly & Co.,* No. 1:14-cv-453, 2015 WL 1120009, at *2 (S.D. Ohio Mar. 12, 2015) (finding subsumption of multiple claims). | All Except Claim VIII | All Except Claim VII and VIII | All Except Claim IX |

18

| State | Authority | PIMC Claims Subsumed | ELMC Claims Subsumed | MMMC Claims Subsumed |
|-------|-----------|---------------------|---------------------|---------------------|
| **Tennessee** | Tenn. Code Ann. § 29–28–102(6) (product liability act); *Smith v. Merial Ltd.*, 2:10-cv-439, 2011 WL 2119100, at *5 (D.N.J. May 26, 2011) (finding the Tennessee Product Liability Act "is at least as broad, if not broader" than the NJPLA); *Adkins v. Nestle Purina PetCare Co.*, 973 F. Supp. 2d 905, 918 (N.D. Ill. 2013) (applying Tennessee law) (dismissing claims not brought under the Tennessee Product Liability Act). | All | All | All |
| **Washington** | Wash. Rev. Code § 7.72.010, *et seq.* (product liability act); *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 858 P.2d 1054, 1066 (Wash. 1993) (en banc) (finding Washington Product Liability Act created single cause of action). | All Except Claim X | All Except Claims XI and XII | All |

19

## STATES REQUIRING ACTUAL KNOWLEDGE OF FALSITY FOR FRAUD

| State | Authority |
|---|---|
| **California** | *Graham v. Bank of Am., N.A.*, 172 Cal. Rptr. 3d 218, 228 (Cal. Ct. App. 2014) |
| **Colorado** | *Kinsey v. Preeson*, 746 P.2d 542, 550 (Colo. 1987) |
| **D.C.** | *Remeikis v. Boss & Phelps, Inc.*, 419 A.2d 986, 988 (D.C. 1980) |
| **Florida** | *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) |
| **Georgia** | *Greenwald v. Odom*, 723 S.E.2d 305 (Ga. Ct. App. 2012) |
| **Hawaii** | *Peace Software, Inc. v. Hawaiian Elec. Co., Inc.*, No. 1:09-cv-00408, 2009 WL 3923350, at *4 (D. Haw. Nov. 17, 2009) |
| **Iowa** | *Dier v. Peters*, 815 N.W.2d 1, 7 (Iowa 2012) |
| **Idaho** | *Country Cove Dev., Inc. v. May*, 150 P.3d 288, 293 (Idaho 2006) |
| **Illinois** | *Avon Hardware Co. v. Ace Hardware Corp.*, 998 N.E.2d 1281, 1287 (Ill. Ct. App. 2013) |
| **Louisiana** | *Sys. Eng'g & Sec. Inc. v. Science & Eng'g Ass'ns, Inc.*, 962 So.2d 1089, 1091 (La. Ct. App. 2007). |
| **New Jersey** | *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997) |
| **New York** | *Tuosto v. Philip Morris USA Inc.*, 672 F. Supp. 2d 350 (S.D.N.Y. 2009) |
| **North Carolina** | *Libby Hill Seafood Rests., Inc. v. Owens*, 3030 S.E.2d 565, 568 (N.C. Ct. App. 1983) |
| **Massachusetts** | *Balles v. Babcock Power Inc.*, 70 N.E.3d 905, 913 (Mass. 2017) |
| **Oklahoma** | *Key Fin., Inc. v. Koon*, 371 P.3d 1133, 1137 (Okla. Civ. App. 2015) |
| **Pennsylvania** | *Ross v. Foremost Ins. Co.*, 998 A.2d 648, 654 (Pa. Super. Ct. 2010) |
| **Puerto Rico** | *Valle-Ortiz v. R.J. Reynolds Tobacco Co.*, 385 F. Supp. 2d 126, 133 (D.P.R. 2005) |
| **Rhode Island** | *Guilbeault v. R.J. Reynolds Tobacco Co.*, 84 F. Supp. 2d 263, 268 (D.R.I. 2000) |

| State | Authority |
|-------|-----------|
| **Virginia** | *Benton v. Phillips Edison & Co.*, No. 3:17-cv-630, 2017 WL 6273361, at *5 (E.D. Va. Dec. 8, 2017) |
| **Vermont** | *Felis v. Downs Rachlin Martin PLLC,* 133 A.3d 836, 842 (Vt. 2015) |
| **Washington** | *Adams v. King Cnty.*, 192 P.3d 891, 902 (Wash. 2008) |

## STATES WITH A RECKLESSNESS ALTERNATIVE TO FRAUD

| States | Authority |
|--------|-----------|
| **Delaware** | *Stephenson v. Capano Dev., Inc.,* 462 A.2d 1069, 1074 (Del. 1983) |
| **Indiana** | *Rice v. Strunk*, 670 N.E.2d 1280 (Ind. 1996). |
| **Kansas** | *Stechschulte v. Jennings*, 297 Kan. 2, 19 (Kan. 2013) |
| **Kentucky** | *Prather v. Abbott Labs.*, 960 F. Supp. 2d 700, 715 (W.D. Ky. 2013) |
| **Maryland** | *Thomas v. Nadel*, 48 A.3d 276, 282 (Md. 2012) |
| **Maine** | *Barr v. Dyke*, 49 A.3d 1280, 1286-87 (Me. 2012) |
| **Michigan** | *Lucas v. Awaad*, 830 N.W.2d 141, 152 (Mich. Ct. App. 2013) |
| **Nebraska** | *Freeman v. Hoffmann-La Roche, Inc.*, 618 N.W.2d 827, 844–45 (Neb. 2000) |
| **New Hampshire** | *Town of Hooksett School Dist. v. W.R. Grace Co.*, 617 F. Supp. 126, 133 (D.N.H. 1984) |
| **New Mexico** | *Array Techs., Inc. v. Mitchell*, 305 F. Supp. 3d 1256, 1276 (D. N. M. 2018) |
| **North Carolina** | *Libby Hill Seafood Rests., Inc. v. Owens*, 3030 S.E.2d 565, 568 (N.C. Ct. App. 1983) |
| **Ohio** | *Schmitz, et al. v. Nat'l Collegiate Athletic Assn*, 67 N.E.3d 852 (Ohio App. Ct. 2016) |
| **South Carolina** | *Turner v. Milliman*, 708 S.E.2d 766 (S.C. 2011) |
| **South Dakota** | *Stabler v. First State Bank of Roscoe*, 865 N.W.2d 466, 477 (S.D. 2015) |
| **Texas** | *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) |
| **Utah** | *Giusti v. Sterling Wentworth Corp.*, 201 P.3d 966, 977 n. 38 (Utah 2009) |
| **Wisconsin** | *Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 252 n. 38 (Wisc. 2004) |

## STATES ADOPTING THE SECOND OR THIRD RESTATEMENT FOR DESIGN DEFECT CLAIMS

| State | Restatement (Second) | Restatement (Third) |
|---|---|---|
| **Alaska** | *Shanks v. Upjohn Co.*, 835 P.2d 1189 (Alaska 1992) (expressly rejected adherence to comment k of Restatement Second, §402 while admitting its precepts underlie two-prong design defect test) | |
| **Arizona** | *Golonka v. General Motors Corp.*, 204 Ariz. 575, 65 P.3d 956, (Ariz. Ct. App. 2003) | |
| **California** | | *Trejo v. Johnson & Johnson*, 13 Cal. App. 5th 110, 220 Cal. Rptr. 3d 127 (Cal. Ct. App. 2017) |
| **Colorado** | *Barton v. Adams Rental, Inc.*, 938 P.2d 532 (Colo. 1997) | |
| **Connecticut** | *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. 199, 694 A.2d 1319, (1997) | |
| **Dist. of Columbia** | *Warner Fruehauf Trailer Co., Inc v. Boston*, 654 A.2d 1272 (D.C. 1995) | |
| **Florida** | *Aubin v. Union Carbide Corp.*, 177 So. 3d 489 (Fla. 2015) | |
| **Indiana** | *Montgomery Ward Co. v. Gregg*, 554 N.E.2d 1145 (Ind. Ct. App. 1990) (adopted Restatement (Second) and | |

| State | Restatement (Second) | Restatement (Third) |
|---|---|---|
| | codified product liability actions to allow negligence) | |
| Iowa | | *Wright v. Brooke Group Ltd.*, 652 N.W.2d 159 (Iowa 2002) |
| Kansas | *Jenkins v. Amchem Products, Inc.*, 886 P.2d 869, 256 Kan. 602 (1994) | |
| Maryland | *Nissan Motor Co. Ltd. v. Nave*, 129 Md. App. 90, 740 A.2d 102 (Md. Spec. Ct. App. 1999) | |
| Massachusetts | | *Evans v. Lorillard Tobacco Co.*, 465 Mass. 411, 990 N.E.2d 997,  (Mass. 2013) |
| Missouri | *Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76 (Mo. Ct. App. 2006) (Adopts Restatement (Second) and statutory scheme which permits negligent design defect actions) | |
| Montana | *Streich v. Hilton-Davis, a Div. of Sterling Drug, Inc.*, 214 Mont. 44, 692 P.2d 440 (1984) | |
| Nebraska | *Rahmig v. Mosley Machinery Co.*, 226 Neb. 423, 412 N.W.2d 56 (1987) (Adopts Restatement (Second) test for strict liability design defect | |

| State | Restatement (Second) | Restatement (Third) |
|---|---|---|
|  | while permitting negligent design actions) |  |
| Nevada | *Allison v. Merck and Co., Inc.*, 110, 878 P.2d 948,  Nev. 762 (1994) |  |
| New Hampshire | *Chellman v. Saab-Scania AB*, 138 N.H. 73, 637 A.2d 148, (N.H. 1993) |  |
| New York |  | *Scarangella v. Thomas Built Buses, Inc.*, 695 N.Y.S.2d 570, 717 N.E.2d 679, (N.Y. Sup. Ct. App. Div. 1999) (Strict liability is imposed in design defects, with reliance on Restatement (Third) §, comment f.) |
| Ohio | *Leichtamer v. American Motors Corp.*, 67 Ohio St. 2d 456, 424 N.E.2d 568, (Ohio 1981) (Product liability lies in negligence and strict liability per Restatement (Second)) |  |
| Oklahoma | *Stewart v. Scott-Kitz Miller Co.*, 1981 OK CIV APP 3, 626 P.2d 329 (Ok. Civ. App. 1981) (stating the state is committed to the strict liability concept promulgated un Restatement (Second) of Torts.) |  |
| Oregon | *Hoyt v. Vitek, Inc.*, 134 Or. App. 271, 894 P.2d 1225, (Ore. Ct. App. 1995) |  |

| State | Restatement (Second) | Restatement (Third) |
|---|---|---|
| | O.R.S. § 30.920 | |
| **Pennsylvania** | | *Lance v. Wyeth*, 624 Pa. 231, 85 A.3d 434, (2014) |
| **Puerto Rico** | *Rivera et al. v. Superior Pkg., Inc. et al.*, No. RE-89-593, 1992 WL 754830, n.6 (P.R. Dec. 9, 1992) | |
| **Rhode Island** | | *Buonanno v. Colmar Belting Co.*, 733 A.2d 712 (R.I. 1999) |
| **South Carolina** | *Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 462 S.E.2d 321 (S. C. Ct. App. 1995) (noting that the General Assembly signaled its agreement by adopting the Restatement (Second)) | |
| **South Dakota** | *Burley v. Kytec Innovative Sports Equipment, Inc.*, 2007 S.D. 82, ¶ 27, 737 N.W.2d 397 (S.D. 2007) | |
| **Tennessee** | *Ray by Holman v. BIC Corp.*, 925 S.W.2d 527 (Tenn. 1996) | |
| **Texas** | | *Hernandez v. Tokai Corp.*, 2 S.W.3d 251 (Tex. 1999) Tex. Civ. Prac. & Rem. Code Ann. § 82.005 § 82.005 |
| **Utah** | *Grundberg v. Upjohn Co.*, 813 P.2d 89 (Utah 1991) | |
| **Vermont** | *Farnham v. Bombardier, Inc.*, 161 Vt. 619, 640 A.2d 47 (Vt. 1994) | |

| State | Restatement (Second) | Restatement (Third) |
|---|---|---|
| **Washington** | *Falk v. Keene Corp.*, 113 Wash. 2d 645, 782 P.2d 974, (Wash. 1989) | |
| **Wisconsin** | *Godoy ex rel. Gramling v. E.I. du Pont Nemours and Co.*, 329 Wis. 2d 91, 768 N.W.2d 674 (Wis. 2009) (The Restatement (Second) remains the touchstone for product defect litigation) | |

## STATES THAT DO NOT RECOGNIZE STRICT LIABILITY-FAILURE TO WARN

| State | Authority |
|---|---|
| **Delaware** | *Javens v. G.E. Healthcare Inc.*, No. 1:18-cv-1030, 2020 WL 2783581, at *2 (D. Del. May 29, 2020) (citing Pennsylvania, Delaware and Massachusetts law) |
| **Massachusetts** | *Javens v. G.E. Healthcare Inc.*, No. 1:18cv-1030, 2020 WL 2783581, at *2 (D. Del. May 29, 2020) (citing Pennsylvania, Delaware and Massachusetts law) |
| **North Carolina** | N.C. Gen. Stat. § 99B-1.1 |
| **Pennsylvania** | *Javens v. G.E. Healthcare Inc.*, No. 1:18-cv-1030 (RGA) (SRA), 2020 WL 2783581, at *2 (D. Del. May 29, 2020) (citing Pennsylvania, Delaware, and Massachusetts law); *see also Rosenberg v. C.R. Bard, Inc.*, 287 F.Supp.3d 572, 579 (E.D. Pa. 2019); *Hahn v. Richter*, 628 A.2d 860, 871 (Pa. Super. Ct. 1993), aff'd, 673 A.2d 888 (Pa. 1996) (noting that Pennsylvania, for policy reasons, does not recognize strict liability for prescription drug manufacturers); see also Mills v. Ethicon, Inc., 406 F. Supp. 3d 363, 377-380 (D.N.J. 2019) (citing, inter alia, Hahn and concluding that "Pennsylvania law bars [plaintiff's] strict liability design defect and failure-to-warn claims") |
| **Virginia** | *Torkie-Tork v. Wyeth*, 757 F. Supp. 2d 567, 572 n.11 (E.D. Va. 2010) |

## STATES FOR WHICH CLASS REPRESENTATIVES HAVE NOT ALLEGED THE PROTECTED CLASS REQUIRED FOR NEGLIGENCE *PER SE*

| State | Authority |
|---|---|
| **Alabama** | *Fox v. Bartholf*, 374 So. 2d 294, 295 (Ala. 1979) |
| **Colorado** | *Smit v. Anderson*, 72 P.3d 369, 375 (Colo. App. 2002) |
| **Connecticut** | *Gore v. People's Sav. Bank*, 665 A.2d 1341, 1345 (Conn. 1995) |
| **Florida** | *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 353 (11th Cir. 2012) (applying Florida law) |
| **Georgia** | *McLain v. Mariner Health Care, Inc.*, 631 S.E.2d 435 (Ga. Ct. App. 2006) |
| **Illinois** | *Bier v. Leanna Lakeside Prop. Ass'n*, 711 N.E.2d 773, 783 (Ill. App. Ct. 1999) |
| **Maryland** | *Hart v. A.C.E. Taxi*, 442 F. Supp. 2d 268, 270 (D. Md. 2006) |
| **Michigan** | *Mercantile Bank of Mich. v. CLMIA, LLC*, No. 316777, 2015 WL 630259, at *9 (Mich. Ct. App. Feb. 12, 2015) |
| **Minnesota** | *Vind v. McGuire*, No. A13-0591, 2013 WL 6152312, at *4 (Minn. Ct. App. Nov. 25, 2013) |
| **Mississippi** | *Faul v. Perlman*, 104 So. 3d 148, 156 (Miss. Ct. App. 2012) |
| **Montana** | *Maier v. Wilson*, 409 P.3d 878, 883 (Mont. 2017) |
| **North Carolina** | *Parker v. Colson*, 831 S.E.2d 102, 106 (N.C. Ct. App. 2019) |
| **New Mexico** | *Cobb v. Gammon*, 389 P.3d 1058, 1073 (N.M. 2017) |
| **Nevada** | *Brochu v. Foote Enters., Inc.*, 381 P.3d 596, 2012 WL 5991571, at *3 (Nev. Nov. 29 2012) (table) |
| **New York** | *Dance v. Town of Southampton*, 95 A.D.2d 442, 445 (NY App. Div. 1983) |
| **Oklahoma** | *Been v. MK Enter., Inc.*, 256 P.3d 1040, 1044 (Okla. Civ. App. 2011) |
| **Oregon** | *Buoy v. Soo Hee Kim*, 221 P.3d 771, 779 (Or. Ct. App. 2009) |
| **Pennsylvania** | *Kote v. Bank of NY Mellon*, 169 A.3d 1103, 1113 (Pa. Super. Ct. 2017) |

| State | Authority |
|---|---|
| **Tennessee** | *Harden v. Danek Med., Inc.*, 985 S.W.2d 449, 452 (Tenn. Ct. App. 1998) |
| **Texas** | *Ybarra v. Ameripro Funding, Inc.*, No. 1:17-cv-00224, 2018 WL 2976126, at *9 (Tex. Ct. App. June 14, 2018), *review denied* (Nov. 9, 2018) |
| **Utah** | *Colosimo v. Gateway Cmty. Church*, 424 P.3d 866, 882 (Utah 2018) |
| **Virginia** | *Doe by Watson v. Russell Cnty. Sch. Bd.*, 292 F. Supp. 3d 690, 707 (W.D. Va. 2018) |
| **Wisconsin** | *Marvin v. Zydus Pharms. (USA) Inc.*, 203 F. Supp. 3d 985, 989 (W.D. Wis. 2016) |

## STATES THAT LIMIT OR DO NOT RECOGNIZE NEGLIGENCE *PER SE*

| State | Authority |
|---|---|
| **Arkansas** | *Young v. Dodson*, 388 S.W.2d 94, 98 (Ark. 1965) |
| **Arizona** | *Craten v. Foster Poultry Farms Inc.*, 305 F. Supp. 3d 1051, 1054 n.2 (D. Ariz. 2018) |
| **California** | Cal. Evid. Code, § 669(a); *see also Ramirez v. Nelson*, 188 P.3d 659, 735–36 (Cal. 2008) |
| **Kentucky** | *St. Luke Hosp., Inc. v. Straub,* 354 S.W.3d 529, 534 (Ky. 2011) (noting that Kentucky, which has codified negligence *per se*, *see* KRS 446.070, "applies [only] to [violations of] Kentucky statutes[,]" and, therefore, "[violations of federal laws and regulations . . . do not create a cause of action under KRS 446.070") |
| **Louisiana** | *Ducote v. Boleware*, 216 So.3d 934, 944 (La. Ct. App. 2016) |
| **Massachusetts** | *Lev v. Beverly Enters.-Mass., Inc.*, 929 N.E.2d 303, 313 (Mass. 2010) |
| **Maine** | *Binette v. Dyer Library Ass'n*, 688 A.2d 898, 904 (Me. 1996) |
| **Nebraska** | *Krehnke v. Farmers Union Co-op. Ass'n*, 260 N.W.2d 601, 608 (Neb. 1977) |
| **Rhode Island** | *Kurczy v. St. Joseph Veterans Ass'n, Inc.*, 820 A.2d 929, 947 (R.I. 2003) |
| **South Carolina** | *Salley v. Heartland-Charleston of Hanahan, SC, LLC,* No. 2:10-cv-00791, 2011 WL 2728051, at *3 (D.S.C. July 12, 2011) (noting that "[a] statute must permit a private cause of action in order for plaintiffs to maintain a civil suit" sounding in negligence *per se*) |
| **Texas** | *Sweezey v. C.R. Bard Inc.,* No. 3:19-cv-2172, 2020 WL 1237394, at *1 (N.D. Tex. Mar. 12, 2020) ("Texas courts . . . refuse to recognize a cause of action for negligence per se based on violations of the [FDCA] and FDA regulations.") (quoting *Monk v. Wyeth Pharm., Inc.,* No. 5:16-cv-1273, 2017 WL 2063008, at *8 (W.D. Tex. May 11, 2017)) |

## STATES WHERE THE ECONOMIC LOSS RULE PRECLUDES NEGLIGENCE

| State | Authority |
|---|---|
| **Alabama** | *Lloyd Word Coal Co. v. Clark Equip. Co.*, 543 So.2d 671, 674 (Ala. 1989) |
| **Alaska** | *Northern Power & Eng'g Corp. v. Caterpillar Tractor Co.*, 623 P.2d 324, 329 (Alaska 1981) |
| **Arizona** | *Salt River Project Agric. Improvement & Power Dist. v. Westinghouse Elec. Corp.*, 694 P.2d 198, 206 (Ariz. 1984), *abrogated on other grounds by Phelps v. Firebird Raceway, Inc.*, 111 P.3d 1003, 1006, 1013 (Ariz. 2005) |
| **California** | *Jimenez v. Superior Court*, 58 P.3d 450, 465 (Cal. 2002) |
| **Colorado** | *Jardel Enters. Inc. v. Triconsultants, Inc.*, 770 P.2d 1301, 1303 (Colo. App. 1998) |
| **Delaware** | *Danforth v. Acorn Structures, Inc.*, 608 A.2d 1194, 1195 (Del. 1999) |
| **Florida** | *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos.*, 110 So. 3d 399, 407 (Fla. 2013) (economic loss doctrine applies, but only in the products liability context) |
| **Georgia** | Ga. Code Ann. § 51-1-11; *Busbee v. Chrysler Corp.*, 524 S.E.2d 539, 541 (Ga. Ct. App. 1999) |
| **Hawaii** | *State by Bronster v. U.S. Steel Corp.*, 919 P.2d 294, 302 (Haw. 1996) |
| **Idaho** | *Duffin v. Idaho Crop Improvement Ass'n*, 895 P.2d 1195, 1200-01 (Idaho 1995) |
| **Illinois** | *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 448-50 (Ill. 1982) |
| **Indiana** | *Indianapolis-Marion Cnty. Pub. Lib. v. Charlier Clark & Linard, P.C.*, 929 N.E.2d 722, 729 (Ind. 2010) |
| **Iowa** | *Am. Fire & Cas. Co. v. Ford Motor Co.*, 588 N.W.2d 437, 439 (Iowa 1999) |
| **Kansas** | *Koss Constr. v. Caterpillar, Inc.*, 960 P.2d 255, 260 (Kan. Ct. App. 1998); *Jordan v. Case Corp.*, 993 P.2d 650, 651-52 (Kan. Ct. App. 1999) |
| **Kentucky** | *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 733 (Ky. 2011) |
| **Maine** | *Oceanside at Pine Point Condos. Owners Ass'n v. Peachtree Doors, Inc.*, 659 A.2d 267, 270 (Me. 1995) |

| State | Authority |
|---|---|
| **Maryland** | *A.J. Decoster v. Westinghouse Elec. Corp.*, 634 A.2d 1330, 1333 (Md. Ct. App. 1994) |
| **Massachusetts** | *Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co.*, 533 N.E.2d 1350, 1353 (Mass. 1989) |
| **Minnesota** | Minn. Stat. § 604.10(c) ("The economic loss recoverable in tort under this section does not include economic loss due to damage to the goods themselves.") |
| **Mississippi** | *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 736 So.2d 384, 386-87 (Miss. Ct. App. 1999) |
| **Missouri** | *Clevenger & Wright, Co. v. A.O. Smith Harvestore Prods., Inc.*, 625 S.W.2d 906, 909 (Mo. Ct. App. 1981) |
| **Nebraska** | *Dobrovolny v. Ford Motor Co.*, 281 Neb. 86, 93, 793 N.W.2d 445, 450 (Neb. 2011) |
| **Nevada** | *Terracon Consultants West, Inc. v. Mandalay Resort Grp.*, 206 P.3d 81, 86 (Nev. 2009) |
| **New Hampshire** | *Lockheed Martin Corp. v. RFI Supply, Inc.*, 440 F.3d 549, 545-55 (1st Cir. 2006) (applying New Hampshire law) |
| **New Mexico** | *Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1171 (D.N.M. 2006) |
| **New York** | *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 277 (S.D.N.Y. 2004) |
| **North Carolina** | *Moore v. Coachmen Indus. Inc.*, 499 S.E.2d 772, 780 (N.C. Ct. App. 1998) |
| **North Dakota** | *Steiner v. Ford Motor Co.*, 606 N.W.2d 881, 884 (N.D. 2000) |
| **Oklahoma** | *United Golf, LLC v. Westlake Chem. Corp.*, No. 4:05-cv-0495, 2006 WL 2807342, at *3 (N.D. Okla. 2006) |
| **Oregon** | *Harris v. Suniga*, 149 P.3d 224, 227 (Or. Ct. App. 2006), *aff'd* 180 P.3d 12 (Or. 2008) |
| **Pennsylvania** | *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 175 (3d Cir. 2008) |
| **Rhode Island** | *Daniele Int'l, Inc. v. Sabra Dipping Co., LLC*, No. 1:17-cv-499, 2018 WL 2744976, at *2 (D.R.I. June 7, 2018) |
| **South Carolina** | *Kennedy v. Columbia Lumber & Mfg. Co.*, 384 S.E.2d 730, 734 (S.C. 1989) |
| **South Dakota** | *Diamond Surface, Inc. v. State Cement Plant Comm'n*, 583 N.W.2d 155, 160 (S.D. 1998) |

| State | Authority |
|---|---|
| **Tennessee** | *Acuity v. McGhee Eng'g, Inc.*, 297 S.W.3d 718, 734 (Tenn. Ct. App. 2008) |
| **Texas** | *LAN/STV v. Martin K. Eby Const. Co.*, 435 S.W.3d 234, 235–36 (Tex. 2014) |
| **Utah** | *Reighard v. Yates*, 285 P.3d 1168, 1176 (Utah 2012) |
| **Vermont** | *Gus' Catering, Inc. v. Menusoft Sys.*, 762 A.2d 804, 807 (Vt. 2000) |
| **Virginia** | *Beard Plumbing & Heating, Inc. v. Thompson Plastics, Inc.*, 152 F.3d 313, 316 (4th Cir. 1998) |
| **Wisconsin** | *Grams v. Milk Prod., Inc.*, 699 N.W.2d 167, 171 (Wis. 2005) |
| **Wyoming** | *Cont'l Ins. v. Page Eng'g Co.*, 783 P.2d 641, 647 (Wyo. 1989) |

## STATES REQUIRING PRIVITY FOR IMPLIED WARRANTY[6]

| State | Authority |
|-------|-----------|
| Alabama | *Rampey v. Novartis Consumer Health, Inc.*, 867 So.2d 1079, 1089 (Ala. 2003) |
| Arizona | *Flory v. Silvercrest Indus., Inc.*, 633 P.2d 383, 388 (Ariz. 1981) |
| Connecticut | *Hamon v. Digliani*, 148 Conn. 710, 712, 174 A.2d 294 (Conn. 1961) |
| Florida | *Mesa v. BMW of No. Am., LLC*, 904 So.2d 450, 458 (Fla. Dist. Ct. App. 2005) (economic loss); *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) (personal injury) (citing *Kramer v. Piper Aircraft Corp.*, 520 So.2d 37 (Fla. 1988)) |
| Georgia | *Edwards v. Wisc. Pharmacal Co., LLC*, 987 F. Supp. 2d 1340, 1346 (N.D. Ga. 2013) (finding privity required for implied and express warranty claims in context of personal injury case) (citing *Bryant v. Hoffmann—La Roche, Inc.*, 585 S.E.2d 723, 731 (Ga. Ct. App. 2003)); *Lamb v. Georgia-Pacific Corp.*, 392 S.E.2d 307, 309 (Ga. Ct. App. 1990) (economic loss) |
| Idaho | *Am. West Enter. v. CNH, LLC*, 316 P.3d 662, 666 (Idaho 2013) |
| Illinois | *Manley v. Hain Celestial Grp., Inc.*, 417 F. Supp. 3d 1114, 1121 (N.D. Ill. 2019) (citing *Szajna v. General Motors Corp.*, 503 N.E.2d 760 (Ill. 1986)); *Jensen v. Bayer AG*, 862 N.E.2d 1091, 1099-1100 (Ill. App. Ct.. 2007) (finding privity needed for breach of implied warranty in case where medical monitoring claim asserted) |
| Iowa | *Tomka v. Hoechst Celanese Corp.*, 528 N.W.2d 103, 108 (Iowa 1995) |
| Kansas | *Kice Indus., Inc. v. AWC Coatings, Inc.*, 255 F. Supp. 2d 1255, 1258 (D. Kan. 2003) (citing *Prof'l Lens Plan, Inc. v. Polaris Leasing*, 675 P.2d 887 (Kan. 1984)) |

---

[6] While most jurisdictions requiring privity have relaxed those requirements for cases involving personal injury, as noted in this chart, Florida, Georgia, Kentucky, and Wisconsin still require privity for personal injury implied warranty claims.

| State | Authority |
|---|---|
| **Kentucky** | *Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 970 (E.D. Ky. 2019) (economic loss); *Compex Int'l Co., Ltd. v. Taylor*, 209 S.W.3d 462, 465 (Ky. 2006) (personal injury) |
| **Michigan** | *Pidcock v. Ewing*, 371 F. Supp. 2d 870, 878 (E.D. Mich. 2005) |
| **Nevada** | *Regent at Town Ctr. Homeowners' Ass'n v. Oxbow Constr., LLC*, 419 P.3d 702, 2018 WL 2431690, at *4 (Nev. May 24, 2018) (table opinion); *Long v. Flanigan Warehouse Co. & Inland Ladder Co.*, 382 P.2d 399, 402 (Nev. 1963) |
| **New York** | *Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 309 (N.D.N.Y. 2019); *Lexow & Jenkins, P.C. v. Hertz Commercial Leasing Corp.*, 122 A.D.2d 25, 26 (N.Y. 2d Dep't 1986) |
| **North Carolina** | *Energy Investors Fund, L.*P.*, Inc. v. Metric Constructors, Inc.*, 525 S.E.2d 441, 446 (N.C. 2000) *Atlantic Coast Mech., Inc. v. Arcadis, Geraghty & Miller of N.C., Inc.*, 623 S.E.2d 334, 339 (N.C. Ct. App. 2006) |
| **Ohio** | *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 757-58 (N.D. Ohio 2010) (citing *Curl v. Volkswagen of Am., Inc.*, 871 N.E.2d 1141, 1147 (Ohio 2007)) |
| **Oregon** | *Davis v. Homasote Co.*, 574 P.2d 1116, 1117 (Or. 1977) |
| **Tennessee** | *Messer Greisheim Indus. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 463 (Tenn. Ct. App. 2003) |
| **Utah** | *Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims, LC*, 221 P.3d 234, 252 (Utah 2009) |
| **Vermont** | *Mainline Tractor & Equip. Co., Inc. v. Nutrite Corp.*, 937 F. Supp. 1095, 1108 (D. Vt. 1996) |
| **Virginia** | *Beard Plumbing and Heating, Inc. v. Thompson Plastics, Inc.*, 491 S.E.2d 731, 734 (Va. 1997) |
| **Washington** | *Baughn v. Honda Motor Co., Ltd.*, 727 P.2d 655, 669 (Wash. 1986). |
| **Wisconsin** | *Twin Disc. Inc. v. Big Bud Tractor, Inc.*, 582 F. Supp. 208, 215 (E.D. Wisc. 1984) (economic loss); *Staudt v. Artifex Ltd.*, 16 F. Supp .2d 1023 (E.D. Wis. 1998) |

## STATES REQUIRING PRIVITY FOR EXPRESS WARRANTY[7]

| State | Authority |
|---|---|
| **Connecticut** | *Fraiser v. Stanley Black & Decker, Inc.*, 109 F. Supp. 3d 498, 506 (D. Conn. 2015). |
| **Florida** | *T.W.M. v. American Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) (personal injury); *Weiss v. Johansen*, 898 So.2d 1009 (Fla. Dist. Ct. App. 2005) (economic loss) |
| **Georgia** | *Edwards v. Wis. Pharmacal Co., LLC*, 987 F. Supp. 2d 1340, 1346 (N.D. Ga. 2013) (finding privity required for implied and express warranty claims in context of personal injury case) (citing *Bryant v. Hoffmann—La Roche, Inc.*, 585 S.E.2d 723, 731 (Ga. Ct. App. 2003)); *Lamb v. Georgia-Pacific Corp.*, 392 S.E.2d 307, 309 (Ga. Ct. App. 1990) (economic loss) |
| **Illinois** | *Manley v. Hain Celestial Grp., Inc.*, 417 F. Supp. 3d 1114, 1125 (N.D. Ill. 2019) (citing *Collins Co. Ltd. v. Carboline Co.*, 532 N.E.2d 834 (Ill. 1988)). |
| **Indiana** | *Atkinson v. P&G-Clairol, Inc.*, 813 F. Supp. 2d 1021, 1026 (N.D. Ind. 2011) |
| **Iowa** | *Tomka v. Hoechst Celanese Corp.*, 528 N.W.2d 103, 108 (Iowa 1995) |
| **Kentucky** | *Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 970 (E.D. Ky. 2019) (economic loss); *Compex Int'l Co., Ltd. v. Taylor*, 209 S.W.3d 462, 465 (Ky. 2006) (personal injury) |
| **Maryland** | *Copiers Typewriters Calculators*, Inc. *v. Toshiba Corp.*, 576 F. Supp. 312, 323 (D. Md. 1983) (citing *Blankenship v. Morrison Machine Co.*, 257 A.2d 430 (Md. 1969). |
| **Nevada** | *Regent at Town Ctr. Homeowners' Ass'n v. Oxbow Constr.*, LLC, 419 P.3d 702 (Nev. May 24, 2018) (table opinion) |
| **Virginia** | *Genito Glenn L.P. v. Nat'l. Housing Bldg. Corp.*, 50 Va. Cir. 71, 1999 WL 33722382, *5 (Va. Cir. Ct. 1999) |

---

[7] While most jurisdictions requiring privity have relaxed those requirements for cases involving personal injury, as noted in this chart, Florida, Georgia, Kentucky, and Wisconsin still require privity for personal injury express warranty claims.

| State | Authority |
|-------|-----------|
| **Wisconsin** | *Twin Disc. Inc. v. Big Bud Tractor, Inc.*, 582 F. Supp. 208, 215 (E.D. Wis. 1984) (economic loss); *Staudt v. Artifex Ltd.*, 16 F.Supp.2d 1023 (E.D. Wis. 1998) |

## STATES REQUIRING "BASIS OF THE BARGAIN" FOR EXPRESS WARRANTY

| State | Authority |
|---|---|
| **Alabama** | Ala. Code § 7-2-313(1)(a) |
| **Alaska** | Alaska Stat. § 45.02.313 |
| **Arizona** | Az. Rev. Stat. Ann. § 47-2313(1) |
| **Arkansas** | Ark. Code Ann. § 4-2-313(1)(a) |
| **California** | Cal. Com. Code § 2313(1)(a) |
| **Colorado** | Colo. Rev. Stat. § 4-2-313(1)(a) |
| **Connecticut** | Conn. Gen. Stat. § 42a-2-313(1) |
| **Delaware** | Del. Code tit. 6, § 2-313(1)(a) |
| **District of Columbia** | D.C. Code § 28:2-313(1)(a) |
| **Florida** | Fla. Stat. § 672.313(1)(a) |
| **Georgia** | Ga. Code Ann. § 11-2-313(1)(a) |
| **Hawaii** | Haw. Rev. Stat. § 490:2-313 |
| **Idaho** | Idaho Code § 28-2-313 |
| **Illinois** | 810 Ill. Comp. Stat. § 5/2-313(a) |
| **Indiana** | Ind. Code § 26-1-2-313(1)(a) |
| **Iowa** | Iowa Code Ann. § 554.2313(1)(a) |
| **Kansas** | Kan. Stat. Ann. § 84-2-313(1)(a) |
| **Kentucky** | Ky. Rev. Stat. Ann. § 355.2-313 |
| **Maine** | Me. Stat. tit. 11, § 2-313(1)(a) |

| State | Authority |
|---|---|
| **Maryland** | Md. Code Ann., Com. Law § 2-313 (1) |
| **Massachusetts** | Mass. Gen. ch. 106 § 2-313 |
| **Michigan** | Mich. Comp. Laws § 440.2313(1)(a) |
| **Minnesota** | Minn. Stat. § 336.2-313(1)(a) |
| **Mississippi** | Miss. Code Ann. § 75-2-313(1)(a) |
| **Missouri** | Mo. Rev. Stat. § 400.2-313(1) |
| **Montana** | Mont. Code Ann. § 30-2-313 |
| **Nebraska** | Neb. Rev. Stat. § 2-313 |
| **Nevada** | Nev. Rev. Stat. § 104.2313 |
| **New Hampshire** | N.H. Rev. Stat. Ann. § 382-A:2-313 |
| **New Jersey** | N.J. Stat. Ann. § 12A:2-313(1)(a) |
| **New Mexico** | N.M. Stat. Ann. § 55-2-313(1)(a) |
| **New York** | N.Y. U.C.C. Law § 2-313(1)(a) |
| **North Carolina** | N.C. Gen. Stat. § 25-2-313(1)(a) |
| **North Dakota** | N.D. Cent. Code § 41-02.1-19 |
| **Ohio** | Ohio Rev. Code Ann. § 1302.26(A)(1) |
| **Oklahoma** | Okla. Stat. tit. 12A, § 2-313 |
| **Oregon** | Or. Rev. Stat. § 72.3130 |
| **Pennsylvania** | 13 Pa. Cons. Stat. § 2313(1) |
| **Rhode Island** | R.I. Stat. § 6A-2-313(1) |
| **South Carolina** | S.C. Code Ann. § 36-2-313 |

| State | Authority |
|---|---|
| **South Dakota** | S.D. Codified Laws § 57A-2-313 |
| **Tennessee** | Tenn. Code Ann. § 47-2-313(1)(a) |
| **Texas** | Tex. Bus. & Com. Code Ann. § 2.313(a)(1) |
| **Utah** | Utah Code Ann. § 70A-2-313 |
| **Vermont** | Vt. Stat. Ann. tit. 9A, § 2-313 |
| **Virginia** | Va. Code Ann.§ 8.2-313 |
| **Washington** | Wash. Rev. Code § 62A.2-313 |
| **West Virginia** | W. Va. Code, § 46-2-313 |
| **Wisconsin** | Wis. Stat. § 402.313(1)(a) |
| **Wyoming** | Wyo. Stat. Ann. § 34.1-2-313 |

### WARRANTY ALLEGATIONS THAT FAIL TO ALLEGE SPECIFIC LANGUAGE, GUARANTEE, OR SOURCE

| Deficiency | PIMC Allegation No. | ELMC Allegation No. | MMMC Allegation No. |
|---|---|---|---|
| **No Specific Warranty Language/ Guarantee** | 348, 349, 350, 358, 366, 370, 373, 375, 482, 483, 484 | 8, 11-34, 210, 363, 364, 365, 378, 386, 391, 394, 396, 418, 437, 438, 439, 448, 449 | 3, 164, 317, 320, 321, 322, 335, 343, 348, 350, 352, 385, 469, 470 |
| **No Specific Source** | 348, 349, 350, 482 | 8, 11-34, 210, 363, 364, 365, 418, 437, 438, 439, 448, 449 | 3, 164, 317, 320, 321, 322, 385, 469, 470 |

42

### STATES REQUIRING PRE-SUIT NOTICE FOR IMPLIED WARRANTY[8]

| State | Authority |
|---|---|
| **Alabama** | *Rampey v. Novartis Consumer Health, Inc.,* 867 So. 2d 1079, 1086, 1093 (Ala. 2003) |
| **Arkansas** | *Hartness v. Nuckles*, 475 S.W. 3d 558, 561 (Ark. 2015) |
| **California** | *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 929 (N.D. Cal. 2012) |
| **Colorado** | *Fiberglass Component Prod., Inc. v. Reichold Chems., Inc.*, 983 F. Supp. 948, 953 (D. Colo. 1997) |
| **Connecticut** | *Zeigler v. Sony Corp of Am.*, 849 A.2d 19, 402–03 (Conn. Super. Ct. 2004) |
| **Delaware** | *Dilenno v. Libbey Glass Div., Owens-Illinois, Inc.*, 668 F. Supp. 373, 377 (D. Del. 1987) |
| **Georgia** | *Economy Forms Corp. v. Kandy, Inc*., 391 F. Supp. 944, 950 (N.D. Ga. 1974) |
| **Indiana** | *Lemon v. Anonymous Physician*, No. 1:04CV2083, 2005 WL 2218359, at *2 (S.D. Ind. Sept. 12, 2005) (citing *McClure Oil Corp. v. Murray Equip., Inc*., 515 N.E.2d 546, 554 (Ind. Ct. App. 1987)) |
| **Iowa** | *Randa v. U.S. Homes, Inc.*, 325 N.W. 2d 905, 909 (Iowa Ct. App. 1982) |
| **Kansas** | *Unified School Dist. No. 500 v. U.S. Gypsum Co.*, 788 F. Supp. 1173, 1176 (D. Kan. 1992) |
| **Maryland** | *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 542 (D. Md. 2011) |
| **Massachusetts** | *Jacobs v. Yamaha Motor Corp., U.S.A.*, 649 N.E. 2d 758, 763 (Mass. 1995) |
| **Michigan** | *Danielkiewicz v. Whirlpool Corp.*, 426 F. Supp. 3d 426, 433 (E.D. Mich. 2019) |
| **Minnesota** | *Podpeskar v. Makita U.S.A. Inc.*, 247 F. Supp. 3d 1001, 1006 (D. Minn. 2017) |
| **Missouri** | *Renaissance Leasing, LLC v. Vermeer Mfg. Co*., 322 S.W.3d 112, 122 (Mo. 2010) |

---

[8] The following states do not require implied warranty pre-suit notice for personal injury claims: Alabama, Illinois, South Carolina, Tennessee, and West Virginia.

| State | Authority |
|---|---|
| **Mississippi** | *Steel Dynamics Columbus, LLC v. Altech Env't USA Corp.*, 273 F. Supp. 3d 627, 644 (N.D. Miss. 2017) |
| **Montana** | *Fire Supply & Serv. v. Chico Hot Springs,* 196 Mont. 435, 639 P.2d 1160, 1164 (Mont. 1982) |
| **Nevada** | *Banh v. Am. Honda Motor Co., Inc.*, No. 2:19-cv-05984, 2019 WL 8683361, at *11 (C.D. Cal. Dec. 17, 2019) (applying Nevada law) |
| **New Hampshire** | *Dudley v. Bus. Express, Inc.*, 882 F. Supp. 199, 211 (D. N.H. 1994) |
| **New Mexico** | *Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950, 971–72 (N.D. Cal. 2018) (applying New Mexico law) |
| **New Jersey** | *Hammer v. Vital Pharms. Inc.,* No. 11-4124, 2012 WL 1018842, at *10–11 (D.N.J. Mar. 26, 2012) (citing, *inter alia*, *C.F. Seabrook Co. v. Beck*, 174 N.J. Super. 577, 593 (N.J. App. Div. 1980)) |
| **North Carolina** | *Sani-Pure Food Lab'ys, LLC v. bioMerieux, Inc.*, No. 13-cv-6643, 2014 WL 6386803, at *6 (D.N.J. Nov. 13, 2014) (applying North Carolina Law) |
| **North Dakota** | *Indus. Fiberglass v. Jandt*, 361 N.W.2d 595, 597–98 (N.D. 1985) |
| **Ohio** | *Radford v. Daimler Chrysler Corp.*, 168 F. Supp. 2d 751, 754 (D.N.J. 2001) (applying Ohio law) |
| **Oregon** | *Redfield v. Mead, Johnson & Co.*, 266 Or. 273, 284–85 (Or. 1973) |
| **Pennsylvania** | *Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 2:08-5904, 2010 WL 891150, at *6 (E.D. Pa. Mar. 11, 2010) |
| **Rhode Island** | *Hydronic Enters. v. Danal Jewelry Co.*, 1986 WL 213409 (R.I. Super. Dec. 22, 1986) |
| **South Carolina** | *Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1287 (S.D. Ga. 2010) (citing *Seaside Resorts, Inc. v. Club Car, Inc.*, 416 S.E. 2d 655, 663–64 (S.C. Ct. App. 1992)) |
| **Tennessee** | *Bunn v. Navistar, Inc.*, 797 F. App'x 247, 253 (6th Cir. 2020) (applying Tennessee law) |
| **Texas** | *Martin v. Home Depot U.S.A., Inc.*, 369 F. Supp. 2d 887, 893 (W.D. Tex. 2005) |

| State | Authority |
|---|---|
| **Utah** | *Callegari v. Blendtec, Inc.*, No. 2:18-CV-308, 2018 WL 5808805, at *6 (D. Utah Nov. 6, 2018) |
| **Vermont** | *Ehlers v. Ben & Jerry's Homemade Inc.*, No. 2:19-CV-00194, 2020 WL 2218858, at *8 (D. Vt. May 7, 2020) |
| **Virginia** | *Banh v. Am. Honda Motor Co., Inc.*, No. 2:19-cv-05984, 2019 WL 8683361, at *12 (C.D. Cal. Dec. 17, 2019) (applying Virginia law) |
| **West Virginia** | *Hebron v. Am. Isuzu Motors, Inc.*, 60 F.3d 1095, 1097 (4th Cir. 1995) (applying West Virginia law) |
| **Wisconsin** | *Simonz v. Brockman*, 23 N.W.2d 464, 466 (Wis. 1946) |
| **Wyoming** | *McLaughlin v. Michelin Tire Corp.*, 778 P.2d 59, 91 (Wyo. 1989) |

## STATES REQUIRING PRE-SUIT NOTICE FOR EXPRESS WARRANTY[9]

| State | Authority |
|-------|-----------|
| **Alabama** | *Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1283 (M.D. Ala. 2001) |
| **Arkansas** | *Hartness v. Nuckles*, 475 S.W. 3d 558, 562 (Ark. 2015) |
| **California** | *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817 (N.D. Cal. 2014) |
| **Colorado** | *Fiberglass Component Prod., Inc. v. Reichold Chems., Inc.*, 983 F. Supp. 948, 954 (D. Colo. 1997) |
| **Connecticut** | *Spencer v. Star Steel Structures, Inc.*, 900 A.2d 42, 45 (Conn. Ct. App. 2006) |
| **Delaware** | *Speakman Co. v. Harper Buffing Mach. Co., Inc.*, 583 F. Supp. 273, 276–77 (D. Del. 1984) |
| **Florida** | *Lamb v. Graco Children's Prods., Inc.*, No. 4:11-cv-477, 2012 WL 12871963, at *2 (N.D. Fla. Jan. 24, 2012) |
| **Georgia** | *Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1285 (S.D. Ga. 2010) |
| **Illinois** | *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 761 (N.D. Ill. 2015) |
| **Indiana** | *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 323 n.10 (D.N.J. 2014) (applying Indiana law) |
| **Iowa** | *McKnelly v. Sperry Corp.*, 642 F.2d 1101, 1107 (8th Cir. 1981) (applying Iowa law) |
| **Kansas** | *Unified Sch. Dist. No. 500 v. U.S. Gypsum Co*, 788 F. Supp. 1173, 1176 (D. Kan. 1992) |
| **Maryland** | *Palmer v. CVS Health*, No. 1:17-cv-938, 2019 WL 6529163, at *7 n.19 (D. Md. Dec. 4, 2019) |
| **Massachusetts** | *Jacobs v. Yamaha Motor Corp., U.S.A.*, 649 N.E. 2d 758, 763 (Mass. 1995) |
| **Michigan** | *Eaton Corp. v. Magnavox Co.*, 581 F. Supp. 1514, 1532 (E.D. Mich. 1984) |
| **Minnesota** | *Podpeskar v. Makita U.S.A. Inc.*, 247 F. Supp. 3d 1001, 1006 (D. Minn. 2017) |

[9] The following states do not require express warranty pre-suit notice for personal injury claims: Alabama, Illinois, New York, Pennsylvania, South Carolina, Tennessee, and West Virginia.

| State | Authority |
|-------|-----------|
| **Missouri** | *Renaissance Leasing, LLC v. Vermeer Mfg. Co.,* 322 S.W.3d 112, 122 (Mo. 2010) |
| **Mississippi** | *Steel Dynamics Columbus, LLC v. Altech Env't USA Corp.,* 273 F. Supp. 3d 627, 644 (N.D. Miss. 2017) |
| **Montana** | *Fire Supply & Serv. v. Chico Hot Springs*, 639 P.2d 1160, 1164 (Mont. 1982) |
| **Nebraska** | *Sanford v. Ektelon/Prince Sports Grp., Inc.,* No. 8:97-cv-368, 1999 WL 33537914, at *7–8 (D. Neb. Nov. 5, 1999) |
| **Nevada** | *Banh v. Am. Honda Motor Co., Inc.,* No. 2:19-cv-05984, 2019 WL 8683361, at *11 (C.D. Cal. Dec. 17, 2019) (applying Nevada law) |
| **New Hampshire** | *Precourt v. Fairbank Reconstruction Corp.,* 856 F. Supp. 2d 327, 340 (D. N.H. 2012) |
| **New Mexico** | *Baranco v. Ford Motor Co.,* 294 F. Supp. 3d 950, 971–72 (N.D. Cal. 2018) (applying New Mexico law) |
| **New Jersey** | *Kury v. Abbott Labs., Inc.,* No. 3:11-cv-803, 2012 WL 124026, at *7 (D.N.J. Jan. 17, 2012) |
| **New York** | *Lugones v. Pete & Gerry's Organic, LLC*, No. 19-Civ-2097, 2020 WL 871521, at *11 (S.D.N.Y. Feb. 21, 2020) |
| **North Carolina** | *Sani-Pure Food Lab'ys, LLC v. bioMerieux, Inc.,* No. 13-cv-6643, 2014 WL 6386803, at *6 (D.N.J. Nov. 13, 2014) (applying North Carolina Law) |
| **North Dakota** | *Indus. Fiberglass v. Jandt,* 361 N.W.2d 595, 597–98 (N.D. 1985) |
| **Ohio** | *St. Clair v. Kroger Co.,* 581 F. Supp. 2d 896, 902–03 (N.D. Ohio 2008) |
| **Oregon** | *Redfield v. Mead, Johnson & Co.,* 512 P.2d 776, 781 (Or. 1973) |
| **Pennsylvania** | *Schmidt v. Ford Motor Co.,* 972 F. Supp. 2d 712, 719 (E.D. Pa. 2013) |
| **Rhode Island** | *Hydronic Enters. v. Danal Jewelry Co.,* No. 81-4011, 1988 WL 213409 (R.I. Super. Dec. 22, 1986) |
| **South Carolina** | *Terrill v. Electrolux Home Prods., Inc.,* 753 F. Supp. 2d 1272, 1284–85 (S.D. Ga. 2010) (applying South Carolina law) |
| **Tennessee** | *Bunn v. Navistar, Inc.,* 797 F. App'x 247, 253 (6th Cir. 2020) (applying Tennessee law) |

| State | Authority |
|---|---|
| **Texas** | *U.S. Tire–Tech, Inc. v. Boeran, B.V.,* 110 S.W.3d 194, 199 (Tex. App. 2003) |
| **Utah** | *Callegari v. Blendtec, Inc*., No. 2:18-cv-308, 2018 WL 5808805, at *6 (D. Utah Nov. 6, 2018) |
| **Vermont** | *Ehlers v. Ben & Jerry's Homemade Inc.*, No. 2:19-cv-00194, 2020 WL 2218858, at *8 (D. Vt. May 7, 2020) |
| **Virginia** | *Banh v. Am. Honda Motor Co., Inc.*, No. 2:19-cv-05984, 2019 WL 8683361, at *12 (C.D. Cal. Dec. 17, 2019) (applying Virginia law) |
| **West Virginia** | *Hill v. Joseph T. Ryerson & Son, Inc*., 268 S.E. 2d 296, 302–03 (W. Va. 1980) (interpreting W. Va. Code § 46-2-607(a)(3)) |
| **Wisconsin** | *Blitz v. Monsanto Co.*, 317 F. Supp. 3d 1042, 1054 (W.D. Wis. 2018) |

# STATES REQUIRING ABSENCE OF AN ADEQUATE REMEDY AT LAW FOR UNJUST ENRICHMENT

| State | Authority |
|---|---|
| **Arizona** | *Ajose v. Interline Brands, Inc.*, 187 F. Supp. 3d 899, 915 (M.D. Tenn 2016) (applying Arizona law) (recognizing that lack of an adequate remedy at law is a prima facie element of an unjust enrichment claim under Arizona law) |
| **Florida** | *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy. Thus, to properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists") |
| **Iowa** | *Mussmann v. Wal-Mart Stores, Inc.*, No. LA27486, 2001 WL 36234327 (Iowa Dist. Ct. Dec. 21, 2001) (setting forth the elements of an unjust enrichment claim, which included there be "no remedy at law that can appropriately address the claim") |
| **Louisiana** | *Matheny v. Greer*, 668 So. 2d 1359, 1362 (La. Ct. App. 1996) *writ denied*, 672 So. 2d 923 (La. 1996) (noting elements of unjust enrichment claim, which included that there be no other adequate remedy at law) |
| **Kansas** | *Pinkney v. TBC Corp.*, No. 2:19-cv-02680, 2020 WL 1528544, at *7 (D. Kan. Mar. 31, 2020) (dismissing unjust enrichment claim where "[p]laintiff fail[ed] to plead the absence of an adequate remedy at law") |
| **North Dakota** | *KLE Constr., LLC v. Twalker Dev., LLC*, 887 N.W.2d 536, 538 (N.D. 2016) (listing the elements of the cause of action and noting that the absence of a remedy provided by law is a necessary element) |

## STATES REQUIRING A DIRECT BENEFIT BE CONFERRED ON DEFENDANT FOR UNJUST ENRICHMENT

| State | Authority |
|---|---|
| **Alabama** | *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 409 (S.D.N.Y. 2017*), modified on reconsideration*, No. 1:14-mc-2543 (JMF), 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017) (holding that, under Alabama law, "[a] defendant cannot be unjustly enriched if it does not have in its possession any money belonging to the plaintiff" and dismissing plaintiff's unjust enrichment claim where plaintiff purchased her vehicle from a non-GM entity) |
| **Delaware** | *Vichi v. Koninklijke Philips Electr. N.V.,* 62 A.3d 26, 59–60 (Del. Ch. 2012) ("[A] plaintiff must show that there is some *direct* relationship between a defendant's enrichment and a plaintiff's impoverishment. In other words, there must be a showing that the defendant was enriched unjustly by the plaintiff who acted for the defendant's benefit.") (emphasis in original) (citation and internal quotation marks omitted) |
| **Florida** | *In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1090 (S.D. Cal. 2017) (dismissing unjust enrichment claim under Florida law and citing *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017) wherein "the Florida Supreme Court explicitly acknowledged that 'to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant'") |
| **Georgia** | *Archer v. Holmes*, No. 1:17-cv-2051, 2018 WL 534475, at *5 (N.D. Ga. Jan. 23, 2018), *reconsideration denied*, No. 1:17-cv-2051, 2018 WL 3454899 (N.D. Ga. Apr. 9, 2018) (dismissing unjust enrichment claim and stating that "in Georgia, unjust enrichment claims lie only in those situations where a defendant has received a direct benefit from a plaintiff") |
| **Idaho** | *Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, PLC*, No. 1:15-cv-6549, 2018 WL 7197233, at *60–61 (S.D.N.Y. Dec. 26, 2018) (applying Idaho law) |
| **Kentucky** | *Pixler v. Huff*, No. 3:11-cv-207, 2011 WL 5597327, at *11 (W.D. Ky. Nov. 17, 2011) (dismissing unjust enrichment claim and noting that "Kentucky courts have consistently found that the first element not only requires a benefit be |

| State | Authority |
|---|---|
| | conferred upon the defendant, but also that the plaintiff be the party conferring that benefit") |
| **Michigan** | *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 427 (S.D.N.Y. 2017), *modified on reconsideration*, No. 1:14-mc-2543, 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017) (applying Michigan law and dismissing Michigan plaintiffs' unjust enrichment claims "because Michigan courts only employ the doctrine of unjust enrichment in cases where the defendant directly receives a benefit from the plaintiff.") |
| **Ohio** | *Savett v. Whirlpool Corp.*, No. 1:12-cv-310, 2012 WL 3780451, at *7 (N.D. Ohio Aug. 31, 2012); *In re Dial Complete Mktg. & Sales Practices Litig.*, 312 F.R.D. 36, 72–73 (D.N.H. 2015) (applying Ohio law) |
| **New Jersey** | *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 711 (D.N.J. 2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") |
| **New York** | *Ga. Malone & Co. v. Rieder,* 973 N.E.2d 743, 747 (N.Y. 2012) (holding that "the relationship between [the plaintiff] and [the defendant] is too attenuated because they simply had no dealings with each other") |
| **North Dakota** | *Apache Corp. v. MDU Res. Grp., Inc.*, 603 N.W.2d 891, 895 (N.D. 1999); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1190–91 (N.D. Cal. 2009) (applying North Dakota law and finding that under *Apache Corp.*, a direct benefit is required for unjust enrichment claims) |

## STATES PRECLUDING UNJUST ENRICHMENT WHERE THERE IS AN ADEQUATE REMEDY AT LAW

| State | Authority |
|---|---|
| **Alabama** | *Cmty. Spirit Bank v. Fid. Nat'l Title Ins. Co. of N.Y.,* No. 3:09-cv-430-NW, 2009 WL 10688141, at *5 (N.D. Ala. June 22, 2009) (unjust enrichment, an equitable remedy, is only available when there is not available remedy at law) |
| **Arizona** | *Ajose v. Interline Brands, Inc.,* 187 F. Supp. 3d 899, 915 (M.D. Tenn. 2016) (applying Arizona law); *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 334 (S.D.N.Y. 2018) (applying Arizona law and noting that "a party must show the absence of a remedy at law" and it is immaterial whether the legal remedy is successful or viable) |
| **California** | *Philips v. Ford Motor Co.*, No. 5:14-cv-2989-LHK, 2015 WL 4111448, *16 (N.D. Cal. July 7, 2015) (dismissing unjust enrichment claim and noting that "[a] plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available"); *In re Ford Tailgate Litig.*, No. 3:11-cv-2953, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014), *order corrected on denial of reconsideration*, No. 3:11-cv-2953, 2014 WL 12649204 (N.D. Cal. Apr. 15, 2014) (dismissing unjust enrichment claim and noting that to the extent "unjust enrichment is available as an independent claim . . . it will not stand where the claim simply mirrors other statutory or tort claims") |
| **Colorado** | *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1207 (Colo. Ct. App. 2009) (reversing jury award for unjust enrichment because "the company had an adequate remedy at law") |
| **Connecticut** | *Town of Plainville v. Almost Home Animal Rescue & Shelter, Inc.*, 187 A.3d 1174, 1183 (Conn. Ct. App. 2018) (noting that "an action to recover on a theory of unjust enrichment is unavailable if there is an adequate remedy at law") |
| **Delaware** | *Total Care Physicians, P.A. v. O'Hara,* No. Civ.A.99C-11-201-JRS, 2002 WL 31667901, at *10 (Del. Super. Ctr. Oct. 29, 2002) (dismissing plaintiff's unjust enrichment claims as a matter of law and stating that "[w]hen a plaintiff may avail itself of an adequate remedy at law, this Court will not hear a claim sounding in unjust enrichment"); *Wahlcometroflex, Inc. v. Baldwin,* 991 A.2d 44, 49–50 (Me. 2010) (applying |

| State | Authority |
|---|---|
|  | Delaware law and dismissing unjust enrichment claim where it was based on the same factual allegations as plaintiff's breach of fiduciary duty claim) |
| **Florida** | *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) (dismissing unjust enrichment claim in amended counterclaim and noting that "[i]t is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available when there is an adequate legal remedy"); *Jovine v. Abbott Laboratories, Inc.*, 795 F. Supp. 2d 1331, 1342-43 (S.D. Fla. 2011) (noting that if a plaintiff seeks recovery under unjust enrichment for the exact same wrongful conduct that form the basis of her other claims, the unjust enrichment claim will be dismissed) |
| **Hawaii** | *Soule v. Hilton Worldwide, Inc.*, 1 F. Supp. 3d 1084, 1103 (D. Haw. 2014) (precluding unjust enrichment claim where plaintiff had an adequate remedy at law) |
| **Idaho** | *Mannos v. Moss*, 155 P.3d 1166, 1173 (Idaho 2007) ("Unjust enrichment is an equitable claim and '[e]quitable claims will not be considered when an adequate legal remedy is available.'") (quoting *Iron Eagle Dev., L.L.C. v. Quality Design Sys., Inc.*, 65 P.3d 509, 514 (Idaho 2003)) |
| **Illinois** | *Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. Ct. App. 2005) ("Because it is an equitable remedy, unjust enrichment is only available when there is no adequate remedy at law") (citation omitted) |
| **Indiana** | *Indiana ex rel. Zoeller v. Pastrick*, 696 F. Supp. 2d 970, 999 n. 7 (N.D. Ind. 2010) (noting that "[u]nder Indiana law, equitable principles such as unjust enrichment will not apply where there exists a remedy at law") (citation omitted) |
| **Kentucky** | *U.S. v. Stevens*, 605 F. Supp. 2d 863, 869-70 (W.D. Ky. 2008) (noting that where a plaintiff "has an adequate remedy at law, equity will not consider a claim for unjust enrichment") (citation omitted) |
| **Louisiana** | La. Civ. Code Ann. art. 2298 ("The remedy [of unjust enrichment] is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule."); *Walters v. MedSouth Rec. Mgmt., LLC*, 38 So. 3d 245, 246–47 (La. 2010) ("The unjust enrichment remedy is |

| State | Authority |
|---|---|
|  | only applicable to fill a gap in the law where no express remedy is provided.") |
| **Massachusetts** | *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 16 (1st Cir. 2017) (dismissing plaintiff's unjust enrichment claim even though plaintiff's other legal claims were dismissed, because "[i]t is the availability of a remedy at law, ***not the viability of that remedy***, that prohibits a claim for unjust enrichment") (emphasis supplied) |
| **Mississippi** | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 335 (S.D.N.Y. 2018) (applying Mississippi law and noting that unjust enrichment is an equitable remedy that is unavailable when there is an adequate remedy at law, regardless of whether that adequate legal remedy is successful) |
| **Missouri** | *Amalaco, LLC v. Butero*, 593 S.W.3d 647, 653 (Mo. Ct. App. 2019), *reh'g and/or transfer denied* (Jan. 21, 2020), *transfer denied* (Mar. 17, 2020) (concluding that plaintiff was not entitled to bring claim for unjust enrichment where he had an adequate remedy at law) |
| **Nebraska** | *Pilot Inv. Grp. Ltd. v. Hofarth*, 550 N.W.2d 27, 33 (Neb. 1996) (recognizing that equitable remedies like unjust enrichment are generally not available where there is an adequate remedy at law) |
| **Nevada** | *Small v. Univ. Med. Ctr. of S. Nevada*, No. 2:13-cv-298, 2016 WL 4157309, at *3 (D. Nev. Aug. 3, 2016) (dismissing unjust enrichment claim where plaintiff had an adequate remedy at law) |
| **New Jersey** | *Duffy v. Charles Schwab & Co., Inc.*, 123 F. Supp. 2d 802, 814 (D.N.J. 2000) ("Restitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law"); *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 337-38 (S.D.N.Y. 2018) (applying New Jersey law and noting same) |
| **New Mexico** | *Figueroa v. Ethicon, Inc.*, No. 2:19-cv-1188 KWR/KRS, 2020 WL 1434249, at *3 (D.N.M. Mar. 24, 2020) (stating that "an unjust enrichment will fail if there is a "complete and adequate remedy at law") (quoting *Sims v. Sims*, 930 P.2d 153, 159 (N.M. 1996)) |

| State | Authority |
|---|---|
| New York | *Bourbia v. S.C. Johnson & Son, Inc.*, 375 F. Supp. 3d 454, 466 (S.D.N.Y. 2019) (although New York allows plaintiffs to plead unjust enrichment in the alternative, where it "is duplicative of other causes of action," i.e., it "relies on the same conduct that forms the basis of [] other claims[,]" "it should be dismissed") |
| North Carolina | *Hawks v. Brindle*, 275 S.E.2d 277, 282 (N.C. Ct. App. 1981) (affirming directed verdict on unjust enrichment claim where plaintiff had an adequate remedy at law) |
| Ohio | *Banks v. Nationwide Mut. Fire Ins. Co.*, No. 99AP-1413, 2000 WL 1742064, at *5 (Ohio Ct. App. Nov. 28, 2000) (unjust enrichment is only available to prevent injustice where there is no adequate remedy in contract or tort) |
| Oklahoma | *Naylor Farms, Inc. v. Anadarko OGC Co.*, No. 5:08-cv-668, 2011 WL 7267851, at *1 (W.D. Okla. June 15, 2011) (unjust enrichment is not available where a party has an adequate remedy at law, "regardless of whether the party actually recovers thereon") |
| Oregon | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 339 (S.D.N.Y. 2018) (applying Oregon law and noting that unjust enrichment is an equitable remedy that is unavailable when there is an adequate remedy at law, regardless of whether that adequate legal remedy is successful) |
| Pennsylvania | *Meehan v. Cheltenham Twp.*, 189 A.2d 593, 595 (Pa. 1963) (holding that an adequate remedy at law existed so as to divest equity of jurisdiction of action for alleged unjust enrichment since law courts can provide remedy of money damages) |
| South Carolina | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 341 (S.D.N.Y. 2018) (applying South Carolina law and noting that unjust enrichment is an equitable remedy that is unavailable when there is an adequate remedy at law, regardless of whether that adequate legal remedy is successful) |
| South Dakota | *Schumacher v. Tyson Fresh Meats, Inc.*, No. 1:02-cv-1027, 2006 WL 7124778, at *4 (D.S.D. Apr. 10, 2006) (dismissing unjust enrichment claims, because, *inter alia*, "[i]t is firmly a established rule of law that a party cannot have an equitable remedy if an adequate remedy at law is available") (citation omitted) |

| State | Authority |
|---|---|
| **Utah** | *Thorpe v. Wash. City*, 243 P.3d 500, 507 (Utah Ct. App. 2010) (affirming trial court's refusal to award equitable remedy and noting that in Utah, "the law will not imply an equitable remedy where there is an adequate remedy at law") (citation omitted) |
| **Virginia** | *R.M. Harrison Mech. Corp. v. Decker Indus., Inc.*, No. CL08–193, 2008 WL 10669311, at *7 (Va. Cir. Ct. Aug. 28, 2008) (stating that "[f]or a claim of unjust enrichment to stand, the plaintiff must have no adequate remedy at law against the demurring defendant") |
| **West Virginia** | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 341-42 (S.D.N.Y. 2018) (applying West Virginia law and noting that unjust enrichment is an equitable remedy that is unavailable when there is an adequate remedy at law, regardless of whether that adequate legal remedy is successful) |

## STATES WHERE MEDICAL MONITORING IS NOT RECOGNIZED AS AN INDEPENDENT CAUSE OF ACTION

| State | Authority |
|---|---|
| Alabama | *Hinton ex rel. Hinton v. Monsanto Co.*, 813 So. 2d 827, 831-32 (Ala. 2001); *Houston Cnty. Health Care Auth. v. Williams*, 961 So. 2d 795, 811 (Ala. 2006) |
| Arkansas | *In re Prempro*, 230 F.R.D. 555, 569 (E.D. Ark. 2005) (citing *Baker v. Wyeth-Ayerst Laboratories Div.*, 992 S.W.2d 797, 799 (Ark. 1999)) |
| Connecticut | *Bowerman v. United Illuminating*, No. X04Cv 940115436S, 1998 WL 910271, at *10 (Conn. Super. Ct. Dec. 15, 1998) |
| Georgia | *Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290, 1302 (N.D. Ga. 2005) |
| Indiana | *Hunt v. Am. Wood Preservers Inst.*, No. IP 02-0389, 2002 WL 34447541, at *1 (S.D. Ind. July 31, 2002). |
| Iowa | *Pickrell v. Sorin Grp. USA, Inc.*, 293 F. Supp. 3d 865, 868 (S.D. Iowa 2018). |
| Kentucky | *Wood v. Wyeth-Ayerst Laboratories, Div. of Am. Home Prod.*, 82 S.W.3d 849, 859 (Ky. 2002) |
| Louisiana | La. Civ. Code Ann. art. 2315; *Landry v. Avondale Indus., Inc.,* 864 So.2d 117, 128 n. 2 (La. 2003) |
| Michigan | *Henry v. Dow Chem. Co.*, 701 N.W.2d 684, 686 (Mich. 2005) |
| Mississippi | *Paz v. Brush Engineered Materials, Inc.*, 949 So. 2d 1, 3-6 (Miss. 2007) |
| Nebraska | *Trimble v. Asarco, Inc.*, 232 F.3d 946, 963 (8th Cir. 2000), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Avila v. CNH Am., LLC*, No. 4:04-cv-3384, 2012 WL 13187721, at *5 (D. Neb. Aug. 30, 2012) |
| New Hampshire | *Brown v. Saint-Gobain Performance Plastics Corp.*, No. 16-cv-242, 2018 WL 10638396, at *1 (D.N.H. Dec. 6, 2018) |
| New Jersey | *Sinclair v. Merck & Co.*, 948 A.2d 587, 595 (N.J. 2008) |
| North Carolina | *Curl v. Am. Multimedia, Inc.*, 654 S.E.2d 76, 81 (N.C. Ct. App. 2007) |

| State | Authority |
|---|---|
| **Oklahoma** | *Cole v. ASARCO Inc.*, 256 F.R.D. 690, 695 (N.D. Okla. 2009); *McCormick v. Halliburton Co.*, 895 F. Supp. 2d 1152, 1156-57 (W.D. Okla. 2012) |
| **South Carolina** | *Rosmer v. Pfizer, Inc.*, No. 9:99-cv-228018, 2001 WL 34010613, at *5 (D.S.C. Mar. 30, 2001); *Easler v. Hoechst Celanese Corp.*, No. 7:14-cv-00048, 2014 WL 3868022, at *5 n.5 (D.S.C. Aug. 5, 2014) |
| **Tennessee** | *Bostick v. St. Jude Med., Inc.*, No. 2:03-2636, 2004 WL 3313614, at *14 (W.D. Tenn. Aug. 17, 2004) |
| **Texas** | *Norwood v. Raytheon Co.,* 414 F. Supp. 2d 659, 668 (W.D. Tex. 2006) |
| **Virginia** | *Ball v. Joy Techs., Inc.*, 958 F.2d 36, 39 (4th Cir. 1991) (applying Virginia law) |
| **Wisconsin** | *Alsteen v. Wauleco, Inc.*, 802 N.W.2d 212, 219 (Wis. Ct. App. 2011) |

## STATES THAT HAVE NOT ADDRESSED WHETHER MEDICAL MONITORING MAY BE AN INDEPENDENT CAUSE OF ACTION

| State | Authority |
|---|---|
| **Alaska** | *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 327 F.R.D. 245, 262 (D. Minn. 2018) (addressing Alaska law) |
| **Hawaii** | *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 327 F.R.D. 245, 262 (D. Minn. 2018) (addressing Hawaii law) |
| **Idaho** | *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 327 F.R.D. 245, 262 (D. Minn. 2018) (addressing Idaho law) |
| **Maine** | Maine courts do not appear to have addressed the issue of medical monitoring. |
| **Montana** | Montana courts do not appear to have addressed the issue of medical monitoring. |
| **New Mexico** | New Mexico courts do not appear to have addressed the issue of medical monitoring. |
| **Puerto Rico** | *Barreras Ruiz v. Am. Tobacco Co.*, 180 F.R.D. 194, 197 (D.P.R. 1998) (examining Puerto Rican law). |
| **Rhode Island** | Rhode Island courts do not appear to have addressed the issue of medical monitoring. |
| **South Dakota** | South Dakota courts do not appear to have addressed the issue of medical monitoring. |
| **Wyoming** | Wyoming courts do not appear to have addressed the issue of medical monitoring. |

## STATES PRECLUDING MEDICAL MONITORING WHERE IT IS ONLY A MEASURE OF DAMAGES

| State | Authority |
|---|---|
| **Arizona** | *Burns v. Jaquays Mining Corp.*, 752 P.2d 28, 33 (Ariz. Ct. App. 1987) |
| **California** | *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 823 (Cal. 1993) |
| **Kansas** | *Burton v. R.J. Reynolds Tobacco Co.*, 884 F. Supp. 1515, 1523 (D. Kan. 1995) |
| **Maryland** | *Exxon Mobil Corp. v. Albright*, 71 A.3d 30, 75-77 (Md. Ct. App. 2013) |
| **Massachusetts** | *Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 901 (Mass. 2009) (recoverable if risk in harm is substantial and there has been a corresponding subcellular change) |
| **Minnesota** | *Bryson v. Pillsbury Co.*, 573 N.W.2d 718, 721 (Minn. Ct. App. 1998) (quoting *Werlein v. United States*, 746 F. Supp. 887, 901 (D. Minn. 1990)) |
| **Missouri** | *Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 717 (Mo. 2007) (recoverable if injury is reasonably certain to occur) |
| **Nevada** | *Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1270 (Nev. 2014) |
| **New York** | *Caronia v. Philip Morris USA, Inc.*, 5 N.E.3d 11, 18-19 (N.Y. Ct. App. 2013) (recoverable with present physical injury) |
| **North Dakota** | *Mehl v. Canadian Pac. Ry. Ltd.*, 227 F.R.D. 505, 518 (D.N.D. 2005) (recoverable, if at all, with present physical injury) |
| **Ohio** | *Baker v. Chevron U.S.A. Inc.*, 533 F. App'x 509, 525 (6th Cir. 2013); *Elmer v. S.H. Bell Co.*, 127 F. Supp. 3d 812, 825 (N.D. Ohio 2015) |
| **Oregon** | *Lowe v. Philip Morris USA, Inc.*, 183 P.3d 181, 183 (Or. 2008) |
| **Vermont** | *Sullivan v. Saint-Gobain Performance Plastics Corp.*, No. 5:16-cv-125, 2019 WL 7282104, at *14 (D. Vt. Dec. 27, 2019) |
| **Washington** | *Duncan v. Nw. Airlines, Inc.*, 203 F.R.D. 601, 606 (W.D. Wash. 2001) |

## STATE PUNITIVE DAMAGES STANDARDS[10]

| States | Permitted/ Burden of Proof | Standard of Conduct |
|---|---|---|
| **Alabama** | Yes; clear and convincing | Malice, willfulness, or wanton and reckless disregard of the rights of others |
| **Alaska** | Yes; clear and convincing | Outrageous conduct, malice, bad motive, or reckless indifference to the interests of another |
| **Arizona** | Yes; clear and convincing | Evil motives or willful or wanton disregard of the interests of others |
| **Arkansas** | Yes; clear and convincing | Wantonness or conscious indifference to the consequences such that malice may be inferred |
| **California** | Yes; clear and convincing | Fraud, oppression, malice, deliberate wrongdoing, or conscious disregard for the rights of others |
| **Colorado** | Yes (statutory only); beyond a reasonable doubt | Evil intent, purpose of causing injury, or acting with wanton and reckless disregard for the rights of another |

---

[10] This chart summarizes the general punitive damages standards for each state. Different states have state-specific and claim-specific statutory and common law standards that may vary whether and when punitive damages may be awarded, the burdens of proof and standard of conduct for punitive damages, and the caps or limits on punitive damages when awarded. These state-specific and claim-specific variances are not included in this chart, and Defendants reserve their right to contest punitive damages claims by state and by claim at the appropriate stage.

61

| States | Permitted/ Burden of Proof | Standard of Conduct |
|---|---|---|
| **Connecticut** | Yes; preponderance of the evidence | Intentional and wanton violation of the rights of others or reckless indifference to those rights |
| **Delaware** | Yes; clear and convincing | Outrageous conduct because of evil motive or reckless indifference to the rights of others |
| **Dist. of Columbia** | Yes; clear and convincing | Fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's right, or other circumstances tending to aggravate the injury |
| **Florida** | Yes; clear and convincing | Intentional misconduct, gross negligence, malice, moral turpitude, wantonness, willfulness, outrageous aggravation, or reckless indifference for the rights of others |
| **Georgia** | Yes; clear and convincing | Willful misconduct, malice, fraud, wantonness, oppression or that entire want of care that would raise the presumption of conscious indifference to consequences |
| **Hawaii** | Yes; clear and convincing | Acting wantonly or oppressively with such malice as implies a spirit of mischief or criminal indifference to civil obligations |
| **Idaho** | Yes; clear and convincing | Malicious conduct, fraud, gross negligence, or oppression |

| States | Permitted/ Burden of Proof | Standard of Conduct |
|---|---|---|
| **Illinois** | Yes; preponderance of the evidence | Fraud, actual malice, deliberate violence, oppression, outrageousness similar to a crime, or when the defendant acts willfully or with such gross negligence as to indicate a wanton disregard for the rights of others |
| **Indiana** | Yes; clear and convincing | Malice, fraud, gross negligence, oppressiveness that was not the result of a mistake or other human failing, a quasi-criminal state of mind, or willful and wanton misconduct |
| **Iowa** | Yes; clear and convincing | Willful and wanton disregard for the rights or safety of another |
| **Kansas** | Yes; clear and convincing | Willful or wanton conduct, fraud or malice |
| **Kentucky** | Yes; clear and convincing | Malice, willfulness, reckless or wanton disregard for the rights of others, or gross negligence |
| **Louisiana** | Yes (statutory only, not available for product liability); preponderance of the evidence | Wanton or reckless conduct involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent |
| **Maine** | Yes; clear and convincing | Express or implied malice |
| **Maryland** | Yes; clear and convincing | Actual malice characterized by evil motive, intent to injure, ill will, or fraud |

63

| States | Permitted/ Burden of Proof | Standard of Conduct |
|---|---|---|
| **Massachusetts** | Yes (in actions for death by negligence); undetermined | Malicious, willful, wanton or reckless conduct or gross negligence |
| **Michigan** | No | N/A |
| **Minnesota** | Yes; clear and convincing | Deliberate disregard for the rights or safety of others |
| **Mississippi** | Yes; clear and convincing | Actual malice, gross negligence that evidences a willful, wanton or reckless disregard for the safety of others, or actual fraud |
| **Missouri** | Yes; clear and convincing | Knew or had reason to know a high degree of probability existed that the action would result in injury |
| **Montana** | Yes; clear and convincing | Actual fraud or actual malice |
| **Nebraska** | No | N/A |
| **Nevada** | Yes; clear and convincing | Express or implied oppression, fraud, or malice |
| **New Hampshire** | Yes (statutory only, not available for product liability); undetermined | Wanton, malicious, or oppressive conduct or fraud |
| **New Jersey** | Yes; clear and convincing | Actual malice or wanton and willful disregard of persons who foreseeably might be harmed |
| **New Mexico** | Yes; preponderance of the evidence | Malicious, intentional, fraudulent, or oppressive conduct, or acts committed |

| States | Permitted/ Burden of Proof | Standard of Conduct |
|---|---|---|
| | | recklessly or with a wanton disregard of the plaintiff's rights |
| New York | Yes; either preponderance of the evidence or clear and convincing | Malice, fraud, oppression, insult, wanton or reckless disregard of one's rights, or other circumstances of aggravation |
| North Carolina | Yes; clear and convincing | Fraud, malice, or willful or wanton conduct |
| North Dakota | Yes; clear and convincing | Oppression, fraud, or actual malice |
| Ohio | Yes; clear and convincing | Malice, aggravated or egregious fraud, oppression or insult |
| Oklahoma | Yes; clear and convincing | Wanton or reckless disregard for the rights of others, actual malice, fraud, or oppression |
| Oregon | Yes; clear and convincing | Malice or reckless and outrageous indifference to a highly unreasonable risk of harm and conscious indifference to the health, safety and welfare of others |
| Pennsylvania | Yes; clear and convincing | Acts so outrageous so as to demonstrate malicious, wanton, reckless, willful or oppressive conduct |
| Puerto Rico | No | N/A |
| Rhode Island | Yes; clear and convincing | Malice, bad faith, willfulness, recklessness, or wickedness amounting to criminality |

| States | Permitted/ Burden of Proof | Standard of Conduct |
|---|---|---|
| **South Carolina** | Yes; clear and convincing | Willful, wanton, or reckless conduct |
| **South Dakota** | Yes (statutory only); clear and convincing | Oppression, fraud, or malice, actual or presumed |
| **Tennessee** | Yes; clear and convincing | Intentional misconduct, fraud, malice, or recklessness |
| **Texas** | Yes; clear and convincing | Malice, fraud, willful conduct or gross negligence |
| **Utah** | Yes; clear and convincing | Willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others |
| **Vermont** | Yes; preponderance of the evidence | Malice or conduct marked by ill will, insult or oppression, or by a reckless or wanton disregard of one's rights |
| **Virginia** | Yes; preponderance of the evidence | Actual malice |
| **Washington** | No (statutory only) | N/A |
| **West Virginia** | Yes; preponderance of the evidence | Intentional, wanton, oppressive, or reckless misconduct, or acting with such malice as implies a spirit of mischief or criminal indifference to civil obligation |
| **Wisconsin** | Yes; clear and convincing | Intentional, wanton, willful, or reckless disregard of the plaintiff's rights |

| States | Permitted/ Burden of Proof | Standard of Conduct |
|---|---|---|
| **Wyoming** | Yes; preponderance of the evidence | Outrageous conduct, malice, or willful and wanton misconduct |