# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875 |
| | Honorable Robert B. Kugler, District Court Judge |
| **This Document Relates to All Actions** | Honorable Joel Schneider, Magistrate Judge |

## COMPENDIUM OF CHARTS REFERENCED IN THE WHOLESALER DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

# **Table of Contents**

States Providing Statutory Protection For Innocent Sellers............................................................. 1

States Requiring Wrongdoing by Defendants in Order to Recover Under an Unjust Enrichment Theory .......................................................................................................................................... 2

States Requiring A Direct Benefit Be Conferred On Defendant For Unjust Enrichment ............. 9

States Requiring Absence Of An Adequate Remedy At Law  For Unjust Enrichment .............. 11

States Precluding Unjust Enrichment Where There Is An Adequate Remedy At Law................ 12

Implied Warranty: States Requiring Privity for Economic Loss Claims...................................... 17

Express Warranty: States Requiring Privity for Economic Loss Claims ..................................... 19

States Requiring "Basis Of The Bargain" For Express Warranty ............................................... 20

States Requiring Privity for Negligent Misrepresentation Claims .............................................. 23

Claim-by-Claim Argument Reference Chart ............................................................................... 24

## Chart 1

### STATES PROVIDING STATUTORY PROTECTION FOR INNOCENT SELLERS

| JURISDICTION | CITATION |
|---|---|
| ALABAMA | ALA. CODE § 6-5-521(b) |
| COLORADO | COLO. REV. STAT. ANN. § 13-21-402 |
| DELAWARE | DEL. CODE ANN. tit. 18, § 7001 |
| GEORGIA | GA. CODE ANN. § 51-1-11.1 |
| IDAHO | IDAHO CODE ANN § 6-1407 |
| ILLINOIS | 735 ILL. COMP. STAT. 5/2-621(a) |
| INDIANA | IND. CODE ANN. § 34-20-2-3 |
| IOWA | IOWA CODE ANN. § 613.18(1)(a) |
| KANSAS | KAN. STAT. ANN. § 60-3306 |
| KENTUCKY | KY. REV. STAT. ANN. § 411.340 |
| MARYLAND | MD. CODE ANN., Cts. and Jud. Proc. § 5-405(b) |
| MINNESOTA | MINN. STAT. ANN. § 544.41 |
| MISSISSIPPI | MISS. CODE ANN. § 11-1-63(h) |
| MISSOURI | MO. ANN. STAT. § 537.762 |
| NEBRASKA | NEB. REV. STAT. ANN. § 25-21,181 |
| NEW JERSEY | N.J. STAT. ANN. § 2A:58C-9 |
| NORTH CAROLINA | N.C. GEN. STAT. ANN. § 99B-2 |
| NORTH DAKOTA | N.D. CENT. CODE ANN. § 28-01.3-04 |
| OHIO | OHIO REV. CODE ANN. § 2307.78 |
| OKLAHOMA | OKLA. STAT. ANN. tit. 76 § 57.2(E) |
| SOUTH DAKOTA | S.D. CODIFIED LAWS § 20-9-9 |
| TENNESSEE | TENN. CODE ANN. § 29-28-106 |
| TEXAS | TEX. CIV. PRAC. & REM. CODE ANN. § 82.003 |
| WASHINGTON | WASH. REV. CODE ANN. § 7.72.040 |
| WISCONSIN | WIS. STAT. ANN. § 895.047(2) |

**Chart 2**

<u>**STATES REQUIRING WRONGDOING BY DEFENDANTS IN ORDER TO RECOVER UNDER AN UNJUST ENRICHMENT THEORY**</u>

| JURISDICTION | CITATION |
|---|---|
| **ALABAMA** | *Mantiply v. Mantiply*, 951 So. 2d 638, 654 (Ala. 2006) ("In order for a plaintiff to prevail on a claim of unjust enrichment, the plaintiff must show that the defendant holds money which, in equity and good conscience, belongs to the plaintiff or holds money which was improperly paid to defendant because of mistake or fraud.") (internal quotations omitted); *Thompson v. Bayer Corp.*, No. 4:07CV00017 JMM, 2009 U.S. Dist. LEXIS 15190, at *11-12 (E.D. Ark. Feb. 12, 2009) ("Alabama courts require unconscionable conduct on the part of the defendant in order to make a claim for unjust enrichment."). |
| **CALIFORNIA** | *Fireworks Lady & Co., LLC v. Firstrans Int'l Co.*, No. CV 18-10776-CJC (MRWx), 2019 U.S. Dist. LEXIS 209935, at *16 (C.D. Cal. Aug. 8, 2019) ("Under California law, unjust enrichment is not an independent cause of action, but rather the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request.") (internal quotations omitted). |
| **COLORADO** | *DCB Constr. Co., Inc. v. Central City Dev. Co.*, 965 P.2d 115, 117 (Colo. 1998) (holding that, for the enrichment to be unjust, the plaintiff must how some improper, deceitful, or misleading conduct by the defendant); *Thompson v. Bayer Corp.*, No. 4:07CV00017 JMM, 2009 U.S. Dist. LEXIS 15190, at *10-13 (E.D. Ark. Feb. 12, 2009) (citing same and explaining that Colorado requires defendants' conduct to be unconscionable in order to make a claim for unjust enrichment). |

| JURISDICTION | CITATION |
|---|---|
| CONNECTICUT | *Greenwich Contracting Co. v. Bonwit Constr. Co.*, 239 A.2d 519, 523 (Conn. 1968) (holding unjust enrichment claim was without merit because to unjustly enrich yourself at another's expense means to unlawfully enrich yourself at another's expense); *accord Providence Elec. Co. v. Sutton Place, Inc.*, 287 A.2d 379, 382 (Conn. 1971) (reversing and remanding with direction to render judgment on the unjust enrichment claim for the defendant because, while plaintiff proved defendant's enrichment, in the absence of fraud, the enrichment was not unjust). |
| DELAWARE | *Bono v. O'Connor*, No. 15-6326 (FLW), 2016 U.S. Dist. LEXIS 185713, at *5-8 (D.N.J. Oct. 5, 2016) (rejecting argument that a defendant who receives and accepts an unlawful benefit is liable for unjust enrichment when that defendant committed no wrong to hold that Delaware "requires 'wrongdoing' on the part of the recipient"); *In re Lear Corp. S'holder Litig.*, 967 A.2d 640, 657 n.73 (Del. Ch. 2008) (explaining an unjust enrichment claim in Delaware requires an absence of justification, such as wrongdoing or mistake). |
| DISTRICT OF COLUMBIA | *News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1225 (D.C. 2005) ("A claim for unjust enrichment accrues only when the enrichment actually becomes unlawful, i.e., where there has been a wrongful act giving rise to a duty of restitution.") (internal quotations and citation omitted). |
| FLORIDA | *Hall v. Humana Hosp. Daytona Beach*, 686 So. 2d 653, 656 (Fla. Dist. Ct. App. 1996) (citing *Merritt v. Unkefer*, 223 So. 2d 723, 724 (Fla. 1969)) (explaining that unjust enrichment is "an equitable remedy requiring proof that money had been paid due to fraud, misrepresentation, imposition, duress, undue influence, mistake, or as a result of some other grounds appropriate for intervention by a court of equity"). |
| HAWAII | *Hawaiian Ass'n of Seventh-Day Adventists v. Wong*, 305 P.3d 452, 465 (Haw. 2013) ("A claim for unjust enrichment permits a party to seek restitution for benefits improperly conferred on an opposing party as a result of a wrongful act."). |

| JURISDICTION | CITATION |
|---|---|
| **ILLINOIS** | *Chatham v. Sears, Roebuck & Co. (In re Sears, Roebuck & Co.)*, Nos. MDL-1703, 05 C 4742, 05 C 2623, 2006 U.S. Dist. LEXIS 92169, at *12-15 (N.D. Ill. Dec. 18, 2006) ("[W]hen a plaintiff brings an unjust enrichment claim that is based on wrongful conduct, plaintiff must plead and prove that conduct."); *Alliance Acceptance Co. v. Yale Ins. Agency, Inc.*, 648 N.E.2d 971, 977 (Ill. App. Ct. 1995) (recovery for unjust enrichment permitted only when there is "unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence"). |
| **IOWA** | *PFS Distrib. Co. v. Raduechel*, No. 4-04-CV-10329, 2005 U.S. Dist. LEXIS 57648, at *5-6 (S.D. Iowa Aug. 30, 2005) ("As noted by plaintiffs, each of the claims pled…—civil conspiracy, unjust enrichment, misappropriation of plaintiff's trade secrets, and aiding and abetting—depend upon a showing of knowing and/or intentional wrongdoing."). |
| **KENTUCKY** | *Bland v. Abbott Labs., Inc.*, No. 3:11-CV-430-H, 2012 WL 32577, at *5-6 (W.D. Ky. Jan. 6, 2012) (dismissing unjust enrichment claim because "an unjust enrichment theory ultimately requires proof of bad faith by the defendant") (internal quotations omitted). |
| **MASSACHUSETTS** | *Demoulas v. Demoulas Super Mkts.*, 677 N.E.2d 159, 196 (Mass. 1997) ("[T]he objective in addressing unjust enrichment is to recover simply the amount derived from the wrongdoing."); *Wong v. Chan*, No. 11-P-867, 2012 WL 1557240, at *1 (Mass. App. Ct. 2012) (explaining that, in order to determine whether a party was unjustly enriched, the court must determine "whether through some significant wrongdoing the defendant has acquired property that should belong to the plaintiff") (internal quotations omitted). |
| **MICHIGAN** | *Barker v. Dicicco*, No. 234443, 2002 WL 31956978, at *1 (Mich. App. 2002) (requiring proof of coercion or mistake to recover on unjust enrichment grounds); *accord Ortiz v. McNeil-PPC, Inc.*, No. 07cv678-MMA(CAB), 2009 U.S. Dist. LEXIS 142628, at *12-13 (S.D. Cal. Mar. 6, 2009) (citing same to show that Michigan requires unconscionable conduct by the defendant in order to make a claim for unjust enrichment). |

| JURISDICTION | CITATION |
|---|---|
| **MINNESOTA** | *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 838 (Minn. 2012) ("[T]o prevail on a claim of unjust enrichment, a claimant must establish an implied-in-law or quasi-contract in which the defendant received a benefit of value that unjustly enriched the defendant in a manner that is illegal or unlawful."); *ServiceMaster of St. Cloud v. GAB Bus. Serv., Inc.*, 544 N.W.2d 302, 306 (Minn. 1996) (explaining being enriched unjustly means being enriched illegally or unlawfully). |
| **MISSOURI** | *Ariel Preferred Retail Grp. v. CWCapital Asset Mgmt.*, 883 F. Supp. 2d 797, 822 (E.D. Mo. 2012) ("The mere receipt of benefits is inadequate to show unjust enrichment in the absence of any showing that it would be unjust for the defendant to retain the benefit. There must be some something more than passive acquiescence, such as fault or undue advantage on the part of the defendant, for defendant's retention of the benefit to be unjust. Finally, there can be no unjust enrichment if the parties receive what they intended to obtain.") (internal citations and quotations omitted); *S & J, Inc. v. McLoud & Co., L.L.C.*, 108 S.W.3d 765, 768-69 (Mo. Ct. App. 2003) (reciting same and reversing judgment in favor of Plaintiff on its unjust enrichment claim because Defendant was not a party to the contract and a third-party's wrongful conduct that Plaintiff argued Defendant "adopted through acquiescence" was insufficient to find Defendant, a passive beneficiary, liable). |
| **MONTANA** | *Albinger v. Harris*, 48 P.3d 711, 716 (Mont. 2002) (citing *Sebena v. State*, 883 P.2d 1263, 1268 (Mont. 1994)) ("The doctrine of unjust enrichment is an equitable means of preventing one party from benefitting by his or her wrongful acts, and, as such requires a showing of misconduct or fault to recover."). |

| JURISDICTION | CITATION |
|---|---|
| **NEBRASKA** | *Haggard Drilling, Inc. v. Greene*, 236 N.W.2d 841, 846 (Neb. 1975) (explaining that fraud, misrepresentation, or wrongful conduct is required on the part of the Defendant to prove unjust enrichment); *White v. State Farm Mut. Auto. Ins. Co.*, No. A-94-405., 1995 Neb. App. LEXIS 284, at *14-15 (Neb. Ct. App. Sep. 5, 1995) (affirming summary judgment in favor of Defendant on unjust enrichment claim because "[t]here was no fraud."). |
| **NEW JERSEY** | *Bono v. O'Connor*, No. 15-6326 (FLW), 2016 U.S. Dist. LEXIS 185713, at *5-8 (D.N.J. Oct. 5, 2016) (citing *In re: Cheerios Mktg. & Sales Practices Litig.*, Civil Action No. 09-cv-2413, 2012 U.S. Dist. LEXIS 128325, at *36 (D.N.J. Sep. 10, 2012) to conclude that in Delaware, like in New Jersey, "unjust enrichment is not a viable theory when there is no conscious wrongdoing"). |
| **NORTH CAROLINA** | *Red Fox Future, LLC v. Holbrooks*, No. 11 CVS 108, 2014 WL 1213235, at *13 (N.C. Super. Ct. Mar. 24, 2014) (explaining that when a person has knowledge of a third party's wrongful acts, but did not himself commit or actively participate in the wrongful acts, he is not liable for unjust enrichment); *Pender v. Bank of Am., NA*, No. 3:05-CV-00238-GCM, 2016 U.S. Dist. LEXIS 34919, at *12 (W.D.N.C. Mar. 10, 2016) (quoting Restatement (Third) of Restitution and Unjust Enrichment § 51 (2011)) ("[T]he unjust enrichment of a conscious wrongdoer . . . is the net profit attributable to the underlying wrong. The object of restitution in such cases is to eliminate profit from wrongdoing while avoiding, so far as possible, the imposition of a penalty."). |

| JURISDICTION | CITATION |
|---|---|
| **NORTH DAKOTA** | *Jerry Harmon Motors v. Heth*, 316 N.W.2d 324, 328 (N.D. 1982) ("A valid claim for unjust enrichment can be based only on an element of misconduct or fault or undue advantage taken by one party of another, and, in the absence of fraud or bad faith, a person is not entitled to compensation on the ground of unjust enrichment if he received from the other that which it was agreed between them that the other should give in return."); *In re Racing Servs.*, 595 B.R. 334, 365 (Bankr. D.N.D. 2018) (holding that unjust enrichment claim failed because there was no evidence of fraud, misconduct, fault, or undue advantage). |
| **OHIO** | *McCamon-Hunt Ins. Agency, Inc. v. Med. Mut. of Ohio*, No. 07 MA 94, 2008 WL 4444631, at *4 (Ohio Ct. App. Sept. 26, 2008) (explaining that unjust enrichment requires the plaintiff to have conferred a benefit in response to fraud, misrepresentation, or bad faith by the person allegedly unjustly enriched, which "ensures a tie of causation between the plaintiff's loss and the defendant's benefit"); *accord Total Office Sols., Inc. v. Grimstad*, No. 18 CO 0014, 2019 WL 2721216, at *4 (Ohio Ct. App. June 27, 2019). |
| **OREGON** | *Teater v. Pfizer, Inc.*, No. 3:05-cv-00604-HU, 2013 U.S. Dist. LEXIS 79629, at *15-17 (D. Or. May 13, 2013) (quoting *Tupper v. Roan*, 243 P.3d 50, 59 (Or. 2010)) (explaining that unjust enrichment requires wrongful conduct, such as "mistake, fraud, coercion, undue influence, duress, taking advantage of weakness, and violation of a duty imposed by a confidential or fiduciary relationship"); *Scoggins v. State Constr. Corp.*, 485 P.2d 391, 393 (Or. 1971) ("A pleading of unjust enrichment without pleading the alleged ground such as mistake, coercion, undue influence, or fraud does not adequately inform."). |

| JURISDICTION | CITATION |
|---|---|
| TEXAS | *Bimbo Bakeries USA, Inc. v. Pinckney Molded Plastics, Inc.*, No. 4:06-CV-180-A, 2007 WL 836874, at *6 (N.D. Tex. Mar. 20, 2007) (dismissing Texas unjust enrichment claim because a viable claim requires "some type of unlawful behavior" and there was no "evidence of fraud, duress, or undue advantage" to support the claim); *Thompson v. Bayer Corp.*, No. 4:07CV00017 JMM, 2009 U.S. Dist. LEXIS 15190, at *10-13 (E.D. Ark. Feb. 12, 2009) (explaining that Texas requires defendants' conduct to be unconscionable in order to make a claim for unjust enrichment). |
| VIRGINIA | *Qualichem v. Xelera, Inc.*, 62 Va. Cir. 179 (Va. Cir. Ct. 2003) ("[C]laims of unjust enrichment based on quasi-contract have been limited by the appellate courts of the Commonwealth to those arising from: money paid by mistake; failed consideration; money got through imposition; extortion; oppression; or any other undue advantage taken of the claiming party's situation, where the advantage is contrary to laws made for the protection of persons under those circumstances."); *Thompson v. Bayer Corp.*, No. 4:07CV00017 JMM, 2009 U.S. Dist. LEXIS 15190, at *10-13 (E.D. Ark. Feb. 12, 2009) (citing same and explaining that Virginia requires defendants' conduct to be unconscionable in order to make a claim for unjust enrichment). |
| WEST VIRGINIA | *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 231 W. Va. 577, 587 (W. Va. 2013) ("It is axiomatic that property which is the subject of an unjust enrichment claim must have been acquired by means of fraud or other similar circumstances[.]"); *Gariety v. Thornton*, No. 1:02-0344, 2006 U.S. Dist. LEXIS 114864, at *26-27 (S.D. W. Va. May 19, 2006) (rejecting argument that West Virginia's unjust enrichment law could reach innocent beneficiaries). |
| WISCONSIN | *Major Mat Co. v. Monsanto Co.*, 969 F.2d 579, 584–85 (7th Cir. 1992) (explaining that Wisconsin unjust enrichment law requires more than passive acceptance of a benefit, but "further requires a wrongful taking or appropriation of others' property to one's own use"); *Abbott Labs. v. Norse Chem. Corp.*, 147 N.W.2d 529, 541 (Wis. 1967) ("Unjust enrichment… requires a wrongful taking or appropriation of others' property to one's own use."). |

**Chart 3**

<u>**STATES REQUIRING A DIRECT BENEFIT BE CONFERRED ON DEFENDANT FOR UNJUST ENRICHMENT**</u>

| STATE | AUTHORITY |
|---|---|
| **ALABAMA** | *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 409 (S.D.N.Y. 2017*), modified on reconsideration*, No. 1:14-mc-2543 (JMF), 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017) (holding that, under Alabama law, "[a] defendant cannot be unjustly enriched if it does not have in its possession any money belonging to the plaintiff" and dismissing plaintiff's unjust enrichment claim where plaintiff purchased her vehicle from a non-GM entity) |
| **DELAWARE** | *Vichi v. Koninklijke Philips Electr. N.V.,* 62 A.3d 26, 59–60 (Del. Ch. 2012) ("[A] plaintiff must show that there is some *direct* relationship between a defendant's enrichment and a plaintiff's impoverishment. In other words, there must be a showing that the defendant was enriched unjustly by the plaintiff who acted for the defendant's benefit.") (emphasis in original) (citation and internal quotation marks omitted) |
| **FLORIDA** | *In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1090 (S.D. Cal. 2017) (dismissing unjust enrichment claim under Florida law and citing *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017) wherein "the Florida Supreme Court explicitly acknowledged that 'to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant'") |
| **GEORGIA** | *Archer v. Holmes*, No. 1:17-cv-2051, 2018 WL 534475, at *5 (N.D. Ga. Jan. 23, 2018), *reconsideration denied*, No. 1:17-cv-2051, 2018 WL 3454899 (N.D. Ga. Apr. 9, 2018) (dismissing unjust enrichment claim and stating that "in Georgia, unjust enrichment claims lie only in those situations where a defendant has received a direct benefit from a plaintiff) |
| **IDAHO** | *Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, PLC*, No. 1:15-cv-6549, 2018 WL 7197233, at *60–61 (S.D.N.Y. Dec. 26, 2018) (applying Idaho law) |

9

| STATE | AUTHORITY |
|---|---|
| KENTUCKY | *Pixler v. Huff*, No. 3:11-cv-207, 2011 WL 5597327, at *11 (W.D. Ky. Nov. 17, 2011) (dismissing unjust enrichment claim and noting that "Kentucky courts have consistently found that the first element not only requires a benefit be conferred upon the defendant, but also that the plaintiff be the party conferring that benefit") |
| MICHIGAN | *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 427 (S.D.N.Y. 2017), *modified on reconsideration*, No. 1:14-mc-2543, 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017) (applying Michigan law and dismissing Michigan plaintiffs' unjust enrichment claims "because Michigan courts only employ the doctrine of unjust enrichment in cases where the defendant directly receives a benefit from the plaintiff.") |
| OHIO | *Savett v. Whirlpool Corp.*, No. 1:12-cv-310, 2012 WL 3780451, at *7 (N.D. Ohio Aug. 31, 2012); *In re Dial Complete Mktg. & Sales Practices Litig.*, 312 F.R.D. 36, 72–73 (D.N.H. 2015) (applying Ohio law) |
| NEW JERSEY | *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 711 (D.N.J. 2011) ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.") |
| NEW YORK | *Ga. Malone & Co. v. Rieder,* 973 N.E.2d 743, 747 (N.Y. 2012) (holding that "the relationship between [the plaintiff] and [the defendant] is too attenuated because they simply had no dealings with each other") |
| NORTH DAKOTA | *Apache Corp. v. MDU Res. Grp., Inc.*, 603 N.W.2d 891, 895 (N.D. 1999); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1190–91 (N.D. Cal. 2009) (applying North Dakota law and finding that under *Apache Corp.*, a direct benefit is required for unjust enrichment claims) |

**Chart 4**

### STATES REQUIRING ABSENCE OF AN ADEQUATE REMEDY AT LAW
### FOR UNJUST ENRICHMENT

| STATE | AUTHORITY |
|---|---|
| ARIZONA | *Ajose v. Interline Brands, Inc.*, 187 F. Supp. 3d 899, 915 (M.D. Tenn 2016) (applying Arizona law) (recognizing that lack of an adequate remedy at law is a prima facie element of an unjust enrichment claim under Arizona law) |
| FLORIDA | *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy. Thus, to properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists") |
| IOWA | *Mussmann v. Wal-Mart Stores, Inc.*, No. LA27486, 2001 WL 36234327 (Iowa Dist. Ct. Dec. 21, 2001) (setting forth the elements of an unjust enrichment claim, which included there be "no remedy at law that can appropriately address the claim") |
| LOUISIANA | *Matheny v. Greer*, 668 So. 2d 1359, 1362 (La. Ct. App. 1996) *writ denied*, 672 So. 2d 923 (La. 1996) (noting elements of unjust enrichment claim, which included that there be no other adequate remedy at law) |
| KANSAS | *Pinkney v. TBC Corp.*, No. 2:19-cv-02680, 2020 WL 1528544, at *7 (D. Kan. Mar. 31, 2020) (dismissing unjust enrichment claim where "[p]laintiff fail[ed] to plead the absence of an adequate remedy at law") |
| NORTH DAKOTA | *KLE Constr., LLC v. Twalker Dev., LLC*, 887 N.W.2d 536, 538 (N.D. 2016) (listing the elements of the cause of action and noting that the absence of a remedy provided by law is a necessary element). |

11

**Chart 5**

**S**TATES **P**RECLUDING **U**NJUST **E**NRICHMENT **W**HERE **T**HERE **I**S **A**N **A**DEQUATE
**R**EMEDY **A**T **L**AW

| STATE | AUTHORITY |
|-------|-----------|
| **A**LABAMA | *Cmty. Spirit Bank v. Fid. Nat'l Title Ins. Co. of N.Y.,* No. 3:09-cv-430-NW, 2009 WL 10688141, at *5 (N.D. Ala. June 22, 2009) (unjust enrichment, an equitable remedy, is only available when there is not available remedy at law) |
| **A**RIZONA | *Ajose v. Interline Brands, Inc.,* 187 F. Supp. 3d 899, 915 (M.D. Tenn. 2016) (applying Arizona law); *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 334 (S.D.N.Y. 2018) (applying Arizona law and noting that "a party must show the absence of a remedy at law" and it is immaterial whether the legal remedy is successful or viable) |
| **C**ALIFORNIA | *Philips v. Ford Motor Co.*, No. 5:14-cv-2989-LHK, 2015 WL 4111448, *16 (N.D. Cal. July 7, 2015) (dismissing unjust enrichment claim and noting that "[a] plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available"); *In re Ford Tailgate Litig.*, No. 3:11-cv-2953, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014), *order corrected on denial of reconsideration*, No. 3:11-cv-2953, 2014 WL 12649204 (N.D. Cal. Apr. 15, 2014) (dismissing unjust enrichment claim and noting that to the extent "unjust enrichment is available as an independent claim . . . it will not stand where the claim simply mirrors other statutory or tort claims") |
| **C**OLORADO | *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1207 (Colo. Ct. App. 2009) (reversing jury award for unjust enrichment because "the company had an adequate remedy at law") |
| **C**ONNECTICUT | *Town of Plainville v. Almost Home Animal Rescue & Shelter, Inc.*, 187 A.3d 1174, 1183 (Conn. Ct. App. 2018) (noting that "an action to recover on a theory of unjust enrichment is unavailable if there is an adequate remedy at law") |

| STATE | AUTHORITY |
|---|---|
| **DELAWARE** | *Total Care Physicians, P.A. v. O'Hara,* No. Civ.A.99C-11-201-JRS, 2002 WL 31667901, at *10 (Del. Super. Ctr. Oct. 29, 2002) (dismissing plaintiff's unjust enrichment claims as a matter of law and stating that "[w]hen a plaintiff may avail itself of an adequate remedy at law, this Court will not hear a claim sounding in unjust enrichment"); *Wahlcometroflex, Inc. v. Baldwin,* 991 A.2d 44, 49–50 (Me. 2010) (applying Delaware law and dismissing unjust enrichment claim where it was based on the same factual allegations as plaintiff's breach of fiduciary duty claim) |
| **FLORIDA** | *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.,* 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) (dismissing unjust enrichment claim in amended counterclaim and noting that "[i]t is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available when there is an adequate legal remedy"); *Jovine v. Abbott Laboratories, Inc.,* 795 F. Supp. 2d 1331, 1342-43 (S.D. Fla. 2011) (noting that if a plaintiff seeks recovery under unjust enrichment for the exact same wrongful conduct that form the basis of her other claims, the unjust enrichment claim will be dismissed) |
| **HAWAII** | *Soule v. Hilton Worldwide, Inc.,* 1 F. Supp. 3d 1084, 1103 (D. Haw. 2014) (precluding unjust enrichment claim where plaintiff had an adequate remedy at law) |
| **IDAHO** | *Mannos v. Moss,* 155 P.3d 1166, 1173 (Idaho 2007) ("Unjust enrichment is an equitable claim and '[e]quitable claims will not be considered when an adequate legal remedy is available.'") (quoting *Iron Eagle Dev., L.L.C. v. Quality Design Sys., Inc.,* 65 P.3d 509, 514 (Idaho 2003)) |
| **ILLINOIS** | *Guinn v. Hoskins Chevrolet,* 836 N.E.2d 681, 704 (Ill. Ct. App. 2005) ("Because it is an equitable remedy, unjust enrichment is only available when there is no adequate remedy at law") (citation omitted) |
| **INDIANA** | *Indiana ex rel. Zoeller v. Pastrick,* 696 F. Supp. 2d 970, 999 n. 7 (N.D. Ind. 2010) (noting that "[u]nder Indiana law, equitable principles such as unjust enrichment will not apply where there exists a remedy at law") (citation omitted) |

| STATE | AUTHORITY |
|---|---|
| KENTUCKY | *U.S. v. Stevens*, 605 F. Supp. 2d 863, 869-70 (W.D. Ky. 2008) (noting that where a plaintiff "has an adequate remedy at law, equity will not consider a claim for unjust enrichment") (citation omitted) |
| LOUISIANA | La. Civ. Code Ann. art. 2298 ("The remedy [of unjust enrichment] is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule."); *Walters v. MedSouth Rec. Mgmt., LLC*, 38 So. 3d 245, 246–47 (La. 2010) ("The unjust enrichment remedy is only applicable to fill a gap in the law where no express remedy is provided.") |
| MASSACHUSETTS | *Shaulis v. Nordstrom, Inc.,* 865 F.3d 1, 16 (1st Cir. 2017) (dismissing plaintiff's unjust enrichment claim even though plaintiff's other legal claims were dismissed, because "[i]t is the availability of a remedy at law, ***not the viability of that remedy***, that prohibits a claim for unjust enrichment") (emphasis supplied) |
| MISSISSIPPI | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 335 (S.D.N.Y. 2018) (applying Mississippi law and noting that unjust enrichment is an equitable remedy that is unavailable when there is an adequate remedy at law, regardless of whether that adequate legal remedy is successful) |
| MISSOURI | *Amalaco, LLC v. Butero*, 593 S.W.3d 647, 653 (Mo. Ct. App. 2019), *reh'g and/or transfer denied* (Jan. 21, 2020), *transfer denied* (Mar. 17, 2020) (concluding that plaintiff was not entitled to bring claim for unjust enrichment where he had an adequate remedy at law) |
| NEBRASKA | *Pilot Inv. Grp. Ltd. v. Hofarth*, 550 N.W.2d 27, 33 (Neb. 1996) (recognizing that equitable remedies like unjust enrichment are generally not available where there is an adequate remedy at law) |
| NEVADA | *Small v. Univ. Med. Ctr. of S. Nevada*, No. 2:13-cv-298, 2016 WL 4157309, at *3 (D. Nev. Aug. 3, 2016) (dismissing unjust enrichment claim where plaintiff had an adequate remedy at law) |

| STATE | AUTHORITY |
|---|---|
| **NEW JERSEY** | *Duffy v. Charles Schwab & Co., Inc.*, 123 F. Supp. 2d 802, 814 (D.N.J. 2000) ("Restitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law"); *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 337-38 (S.D.N.Y. 2018) (applying New Jersey law and noting same) |
| **NEW MEXICO** | *Figueroa v. Ethicon, Inc.*, No. 2:19-cv-1188 KWR/KRS, 2020 WL 1434249, at *3 (D.N.M. Mar. 24, 2020) (stating that "an unjust enrichment will fail if there is a "complete and adequate remedy at law") (quoting *Sims v. Sims*, 930 P.2d 153, 159 (N.M. 1996)) |
| **NEW YORK** | *Bourbia v. S.C. Johnson & Son, Inc.*, 375 F. Supp. 3d 454, 466 (S.D.N.Y. 2019) (although New York allows plaintiffs to plead unjust enrichment in the alternative, where it "is duplicative of other causes of action," i.e., it "relies on the same conduct that forms the basis of [] other claims[,]" "it should be dismissed"). |
| **NORTH CAROLINA** | *Hawks v. Brindle*, 275 S.E.2d 277, 282 (N.C. Ct. App. 1981) (affirming directed verdict on unjust enrichment claim where plaintiff had an adequate remedy at law) |
| **OHIO** | *Banks v. Nationwide Mut. Fire Ins. Co.*, No. 99AP-1413, 2000 WL 1742064, at *5 (Ohio Ct. App. Nov. 28, 2000) (unjust enrichment is only available to prevent injustice where there is no adequate remedy in contract or tort) |
| **OKLAHOMA** | *Naylor Farms, Inc. v. Anadarko OGC Co.*, No. 5:08-cv-668, 2011 WL 7267851, at *1 (W.D. Okla. June 15, 2011) (unjust enrichment is not available where a party has an adequate remedy at law, "regardless of whether the party actually recovers thereon") |
| **OREGON** | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 339 (S.D.N.Y. 2018) (applying Oregon law and noting that unjust enrichment is an equitable remedy that is unavailable when there is an adequate remedy at law, regardless of whether that adequate legal remedy is successful) |

| STATE | AUTHORITY |
|---|---|
| **PENNSYLVANIA** | *Meehan v. Cheltenham Twp.,* 189 A.2d 593, 595 (Pa. 1963) (holding that an adequate remedy at law existed so as to divest equity of jurisdiction of action for alleged unjust enrichment since law courts can provide remedy of money damages) |
| **SOUTH CAROLINA** | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 341 (S.D.N.Y. 2018) (applying South Carolina law and noting that unjust enrichment is an equitable remedy that is unavailable when there is an adequate remedy at law, regardless of whether that adequate legal remedy is successful) |
| **SOUTH DAKOTA** | *Schumacher v. Tyson Fresh Meats, Inc.*, No. 1:02-cv-1027, 2006 WL 7124778, at *4 (D.S.D. Apr. 10, 2006) (dismissing unjust enrichment claims, because, *inter alia*, "[i]t is firmly a established rule of law that a party cannot have an equitable remedy if an adequate remedy at law is available") (citation omitted) |
| **UTAH** | *Thorpe v. Wash. City*, 243 P.3d 500, 507 (Utah Ct. App. 2010) (affirming trial court's refusal to award equitable remedy and noting that in Utah, "the law will not imply an equitable remedy where there is an adequate remedy at law") (citation omitted) |
| **VIRGINIA** | *R.M. Harrison Mech. Corp. v. Decker Indus., Inc.*, No. CL08–193, 2008 WL 10669311, at *7 (Va. Cir. Ct. Aug. 28, 2008) (stating that "[f]or a claim of unjust enrichment to stand, the plaintiff must have no adequate remedy at law against the demurring defendant") |
| **WEST VIRGINIA** | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 341-42 (S.D.N.Y. 2018) (applying West Virginia law and noting that unjust enrichment is an equitable remedy that is unavailable when there is an adequate remedy at law, regardless of whether that adequate legal remedy is successful) |

**Chart 6**

**IMPLIED WARRANTY[1]: STATES REQUIRING PRIVITY FOR ECONOMIC LOSS
CLAIMS**

| STATE | AUTHORITY |
|---|---|
| ALABAMA | *State Farm Fire & Cas. Co. v. J.B. Plastics, Inc.*, 505 So.2d 1223, 1227 (Ala. 1987) |
| ARIZONA | *Avram v. Samsung Electronics America, Inc.*, No. 2:11-6973, 2013 WL 3654090 (D.N.J. July 11, 2013) (citing *Flory v. Silvercrest Indus.*, 633 P.2d 383, 388 (1981)) (applying Arizona law) |
| CONNECTICUT | *Fraiser v. Stanley Black & Decker, Inc.* 109 F.Supp.3d 498 (D. Conn. 2015) |
| FLORIDA | *Mesa v. BMW of No. Am., LLC*, 904 So.2d 450, 458 (Fla. Dist. Ct. App. 2005) |
| GEORGIA | *Lamb v. Georgia-Pacific Corp.*, 392 S.E.2d 307, 309 (Ga. Ct. App. 1990) |
| ILLINOIS | *Manley v. Hain Celestial Group, Inc.*, 417 F. Supp. 3d 1114 (N.D. Ill. 2019) |
| IDAHO | *American West Enterprises v. CNH, LLC*, 316 P.3d 662, 665 (Idaho 2013) |
| IOWA | *Tomka v. Hoechst Celanese Corp.*, 528 N.W.2d 103, 108 (Iowa 1995) |
| KANSAS | *Kice Industries, Inc. v. AWC Coatings, Inc.*, 255 F. Supp. 2d 1255 (D. Kansas 2003) |
| KENTUCKY | *Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 970 (E.D. Ky. 2019) |
| MICHIGAN | *Pidcock v. Ewing*, 371 F. Supp. 2d 870, 878 (E.D. Mich. 2005) |
| NEW YORK | *Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 309 (N.D.N.Y. 2019) |
| NORTH CAROLINA | *Energy Investors Fund, L.P., Inc. v. Metric Constructors, Inc.*, 525 S.E.2d 441, 446 (N.C. 2000) |

---

[1] ELMC and MMMC named Plaintiffs are from the following states that require dismissal of implied warranty claims for lack of privity: California, Connecticut, Florida, Georgia, Illinois, Kansas, New York, North Carolina, and Ohio.

17

| STATE | AUTHORITY |
|---|---|
| OHIO | *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733 (N.D. Ohio 2010) |
| OREGON | *Davis v. Homasote Co.*, 574 P.2d 1116, 1117 (Or. 1977) |
| TENNESSEE | *Messer Greisheim Indus. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 463 (Tenn. Ct. App. 2003) |
| UTAH | *Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrams, LC*, 221 P.3d 234, 252 (Utah 2009) |
| VERMONT | *Mainline Tractor & Equip. Co., Inc. v. Nutrite Corp.*, 937 F.Supp. 1095, 1108 (D. Vermont, 1996) |
| WISCONSIN | *Twin Disc. Inc. v. Big Bud Tractor, Inc.*, 582 F.Supp. 208, 215 (E.D. Wisc. 1984) |

**Chart 7**

**EXPRESS WARRANTY[2]: STATES REQUIRING PRIVITY FOR ECONOMIC LOSS CLAIMS**

| STATE | AUTHORITY |
|---|---|
| **FLORIDA** | *Weiss v. Johansen*, 898 So.2d 1009 (Fla. 4th DCA 2005) |
| **ILLINOIS** | *Manley v. Hain Celestial Group, Inc*., 417 F. Supp. 3d 1114 (N.D. Ill. 2019) |
| **INDIANA** | *Atkinson v. P&G-Clairol, Inc*., 813 F. Supp. 2d 1021, 1026 (N.D. Ind. 2011) |
| **IOWA** | *Tomka v. Hoechst Celanese Corp*., 528 N.W.2d 103, 108 (Iowa 1995) |
| **KENTUCKY** | *Simpson v. Champion Petfoods USA, Inc*., 397 F. Supp. 3d 952, 970 (E.D. Ky. 2019) |
| **MARYLAND** | *Copiers Typewriters Calculators*, Inc. *v. Toshiba Corp*., 576 F. Supp. 312, 323 (D. Md. 1983) |
| **MICHIGAN** | *Heritage Res., Inc. v. Caterpillar Fin. Servs. Corp.*, 284 Mich. App. 617, 638, 774 N.W.2d 332, 343 n.12 (2009) |
| **WISCONSIN** | *Twin Disc. Inc. v. Big Bud Tractor, Inc*., 582 F. Supp. 208, 215 (E.D. Wisc. 1984) |

---

[2] ELMC and MMMC named Plaintiffs are from the following states that require dismissal of express warranty claims for lack of privity: Florida, Illinois, Indiana, and Maryland.

19

## Chart 8

### STATES REQUIRING "BASIS OF THE BARGAIN" FOR EXPRESS WARRANTY

| STATE | AUTHORITY |
|---|---|
| ALABAMA | ALA. CODE § 7-2-313(1)(A) |
| ALASKA | ALASKA STAT. § 45.02.313 |
| ARIZONA | AZ. REV. STAT. ANN. § 47-2313(1) |
| ARKANSAS | ARK. CODE ANN. § 4-2-313(1)(A) |
| CALIFORNIA | CAL. COM. CODE § 2313(1)(A) |
| COLORADO | COLO. REV. STAT. § 4-2-313(1)(A) |
| CONNECTICUT | CONN. GEN. STAT. § 42A-2-313(1) |
| DELAWARE | DEL. CODE TIT. 6, § 2-313(1)(A) |
| DISTRICT OF COLUMBIA | D.C. CODE § 28:2-313(1)(A) |
| FLORIDA | FLA. STAT. § 672.313(1)(A) |
| GEORGIA | GA. CODE ANN. § 11-2-313(1)(A) |
| HAWAII | HAW. REV. STAT. § 490:2-313 |
| IDAHO | IDAHO CODE § 28-2-313 |
| ILLINOIS | 810 ILL. COMP. STAT. § 5/2-313(A) |
| INDIANA | IND. CODE § 26-1-2-313(1)(A) |
| IOWA | IOWA CODE ANN. § 554.2313(1)(A) |
| KANSAS | KAN. STAT. ANN. § 84-2-313(1)(A) |
| KENTUCKY | KY. REV. STAT. ANN. § 355.2-313 |
| MAINE | ME. STAT. TIT. 11, § 2-313(1)(A) |

| STATE | AUTHORITY |
|---|---|
| MARYLAND | MD. CODE ANN., COM. LAW § 2-313 (1) |
| MASSACHUSETTS | MASS. GEN. CH. 106 § 2-313 |
| MICHIGAN | MICH. COMP. LAWS § 440.2313(1)(A) |
| MINNESOTA | MINN. STAT. § 336.2-313(1)(A) |
| MISSISSIPPI | MISS. CODE ANN. § 75-2-313(1)(A) |
| MISSOURI | MO. REV. STAT. § 400.2-313(1) |
| MONTANA | MONT. CODE ANN. § 30-2-313 |
| NEBRASKA | NEB. REV. STAT. § 2-313 |
| NEVADA | NEV. REV. STAT. § 104.2313 |
| NEW HAMPSHIRE | N.H. REV. STAT. ANN. § 382-A:2-313 |
| NEW JERSEY | N.J. STAT. ANN. § 12A:2-313(1)(A) |
| NEW MEXICO | N.M. STAT. ANN. § 55-2-313(1)(A) |
| NEW YORK | N.Y. U.C.C. LAW § 2-313(1)(A) |
| NORTH CAROLINA | N.C. GEN. STAT. § 25-2-313(1)(A) |
| NORTH DAKOTA | N.D. CENT. CODE § 41-02.1-19 |
| OHIO | OHIO REV. CODE ANN. § 1302.26(A)(1) |
| OKLAHOMA | OKLA. STAT. TIT. 12A, § 2-313 |
| OREGON | OR. REV. STAT. § 72.3130 |
| PENNSYLVANIA | 13 PA. CONS. STAT. § 2313(1) |
| RHODE ISLAND | R.I. STAT. § 6A-2-313(1) |

| STATE | AUTHORITY |
|---|---|
| SOUTH CAROLINA | S.C. CODE ANN. § 36-2-313 |
| SOUTH DAKOTA | S.D. CODIFIED LAWS § 57A-2-313 |
| TENNESSEE | TENN. CODE ANN. § 47-2-313(1)(A) |
| TEXAS | TEX. BUS. & COM. CODE ANN. § 2.313(A)(1) |
| UTAH | UTAH CODE ANN. § 70A-2-313 |
| VERMONT | VT. STAT. ANN. TIT. 9A, § 2-313 |
| VIRGINIA | VA. CODE ANN.§ 8.2-313 |
| WASHINGTON | WASH. REV. CODE § 62A.2-313 |
| WEST VIRGINIA | W. VA. CODE, § 46-2-313 |
| WISCONSIN | WIS. STAT. § 402.313(1)(A) |
| WYOMING | WYO. STAT. ANN. § 34.1-2-313 |

## Chart 9

### STATES REQUIRING PRIVITY FOR NEGLIGENT MISREPRESENTATION CLAIMS

| JURISDICTION | CITATION |
|---|---|
| CONNECTICUT | *Steiner v. Shawmut Nat. Corp.*, 766 F. Supp. 1236, 1247 (D. Conn. 1991) |
| GEORGIA | *White v. BDO Seidman, LLP*, 549 S.E.2d 490, 492 (Ga. App. Ct. 2012) |
| MASSACHUSETTS | *Austin v. Bradley, Barry & Tarlow, P.C.*, 836 F. Supp. 36, 38 (D. Mass. 1993) |
| NEW YORK | *Sykes v. RFD Third Ave. 1 Assocs., LLC*, 938 N.E.2d 325, 326 (2010) |

**Chart 10**

**CLAIM-BY-CLAIM ARGUMENT REFERENCE CHART**

Plaintiffs' specific claims against the Wholesalers should be dismissed for the reasons as set forth in the various briefs and supporting exhibits, including without limitation as follows:

| PERSONAL INJURY MASTER COMPLAINT, DKT. 122 | | |
|---|---|---|
| (AND ALL PI COMPLAINTS WITH THE SAME OR SIMILAR ALLEGATIONS) | | |
| COUNTS 1-3: STRICT LIABILITY | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | No failure to warn (Count 2) | Manufacturer Br. at 41-43 (V.B.2), Manufacturer Charts at 29 |
| | No design defect (Count 3) | Manufacturer Br. at 39-41 (V.B.1) |
| COUNTS 4-5: NEGLIGENCE | Not adequately pleaded as to Wholesalers | Wholesaler Br. at 27-28 (III.G);  Pharmacy Br. at 19-24 (II.B.1, II.B.2) and Ex. B |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
| | FDCA implied preemption (Count 5) | Manufacturer Br. at 17-27 (III.A) |
| | No negligence per se (Count 5) | Manufacturer Br. at 43-44 (V.C); Manufacturer Charts at 30-32 |

| COUNT 6:<br>BREACH OF<br>EXPRESS<br>WARRANTY | No Wholesaler warranties | Wholesaler Br. at 19-20 (III.D.2) |
| --- | --- | --- |
| | Not basis of bargain | Wholesaler Br. at 20 (III.D.3); Manufacturer Br. at 47-48 (V.E.3.a); Manufacturer Charts at 41-43 |
| | No specific language | Wholesaler Br. at 19-20 (III.D.2); Manufacturer Br. at 48 (V.E.3.b); Manufacturer Charts at 44 |
| | No guarantees | Manufacturer Br. at 49 (V.E.3.c) |
| | No pre-suit notice | Manufacturer Br. at 49 (V.E.4); Manufacturer Charts at 45-50 |
| | Lack of reliance | Wholesaler Br. at 20 (III.D.3) |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
| COUNT 7:<br>BREACH OF<br>IMPLIED<br>WARRANTY | Wholesalers do not imply warranties. | Wholesaler Br. at 19 (III.D.1); Pharmacy Br. at 15-18 (II.A.2) and Ex. B |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |

25

| | | |
|---|---|---|
| COUNT 8:<br>FRAUD | Inadequately pleaded | Wholesaler Br. at 22-25 (III.E); Pharmacy Br. at 24-25 (II.B.3); *see also* Manufacturer Br. at 35-38 (V.A); Manufacturer Charts at 17-18 |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| COUNT 9:<br>NEGLIGENT MISREPRESENTATION | Inadequately pleaded | Wholesaler Br. at 25-27 (III.F); Pharmacy Br. at 24-25 (II.B.3) |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| COUNT 10:<br>BREACH OF CONSUMER PROTECTION STATUTES | Inadequately pleaded | Wholesaler Br. at 28-29 (III.H); Pharmacy Br. at 26-29 (II.B.4) |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| COUNTS 11-13:<br>DERIVATIVE CLAIMS | Claims are derivative and therefore barred to the extent underlying claim is barred | Manufacturer Br. at 54 (V.H.1) |
| COUNT 14:<br>PUNITIVE DAMAGES | No allegations against Wholesalers | Wholesaler Br. at 29-30 (III.I); Pharmacy Br. at 20-24, 28-29 |
| | Inadequately pleaded | Manufacturer Br. at 54-57 (V.H.2), Manufacturer Charts at 64-69 |

| ECONOMIC LOSS MASTER COMPLAINT, DKT. 398 | | |
|---|---|---|
| (AN OPERATIVE COMPLAINT) | | |
| COUNTS 1 AND 2: BREACH OF EXPRESS WARRANTY | No Wholesaler warranties | Wholesaler Br. at 19-20 (III.D.2) |
| | Not basis of bargain | Wholesaler Br. at 20 (III.D.3); Manufacturer Br. at 47-48 (V.E.3.a); Manufacturer Charts at 41-43 |
| | No specific language | Wholesaler Br. at 19-20 (III.D.2); Manufacturer Br. at 48 (V.E.3.b); Manufacturer Charts at 44 |
| | No guarantees | Manufacturer Br. at 49 (V.E.3.c) |
| | No pre-suit notice | Manufacturer Br. at 49 (V.E.4); Manufacturer Charts at 45-50 |
| | Lack of reliance | Wholesaler Br. at 20 (III.D.3) |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
| | Claims subsumed by product liability acts | Manufacturer Br. at 33-35 (IV.B); Manufacturer Charts at 13-16 |
| | No standing or injury-in-fact | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 8-16 (II) |
| COUNTS 3 AND 4: BREACH OF IMPLIED WARRANTY | Wholesalers do not imply warranties. | Wholesaler Br. at 19 (III.D.1); Pharmacy Br. at 15-18 (II.A.2) and Ex. B |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | Lack of injury or loss of functionality | Manufacturer Br. at 46-47 (V.E.2) |

| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
|---|---|---|
| | Claims subsumed by product liability acts | Manufacturer Br. at 33-35 (IV.B); Manufacturer Charts at 13-16 |
| | No standing or injury-in-fact | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 8-16 (II) |
| | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
| COUNTS 5 AND 6: MMWA | No Wholesaler warranties, express or implied | Wholesaler Br. at 19-20 (III.D.1 & 2); Pharmacy Br. at 15-19 (II.A.2) and Ex. B |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | Claims subsumed by product liability acts | Manufacturer Br. at 33-35 (IV.B); Manufacturer Charts at 13-16 |
| | No standing or injury-in-fact | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 8-16 (II) |
| | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
| COUNTS 7 AND 8: FRAUD | Inadequately pleaded | Wholesaler Br. at 22-25 (III.E); Pharmacy Br. at 24-25 (II.B.3); *see also* Manufacturer Br. at 35-38 (V.A); Manufacturer Charts at 17-18 |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |

28

| | Claims subsumed by product liability acts | Manufacturer Br. at 33-35 (IV.B); Manufacturer Charts at 13-16 |
|---|---|---|
| | No standing or injury-in-fact | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 8-16 (II) |
| COUNTS 9 AND 10: NEGLIGENT MISREPRESENTATION | Inadequately pleaded | Wholesaler Br. at 25-27 (III.F); Pharmacy Br. at 24-25 (II.B.3) |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | Claims subsumed by product liability acts | Manufacturer Br. at 33-35 (IV.B); Manufacturer Charts at 13-16 |
| | No standing or injury-in-fact | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 8-16 (II) |
| COUNTS 11 AND 12: BREACH OF CONSUMER PROTECTION STATUTES | Inadequately pleaded | Wholesaler Br. at 28-29 (III.H); Pharmacy Br. at 26-29 (II.B.4) |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | Claims subsumed by product liability acts | Manufacturer Br. at 33-35 (IV.B); Manufacturer Charts at 19-23 |
| | No standing or injury-in-fact | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 8-16 (II) |
| COUNTS 13 AND 14: UNJUST ENRICHMENT | Adequate remedy at law | Wholesaler Br. at 16 (III.A); Manufacturer Br. at 51-52 (V.F) and Manufacturer Charts at 58-59 |
| | No conscious wrongdoing | Wholesaler Br. at 14-16 (III.A); Pharmacy Br. at 27-28 (II.B.4) |

| | Failure of renumeration | Wholesaler Br. at 15-16 (III.A) |
|---|---|---|
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | Claims subsumed by product liability acts | Manufacturer Br. at 33-35 (IV.B); Manufacturer Charts at 13-16 |
| | No standing or injury-in-fact | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 8-16 (II) |
| COUNTS 15 AND 16: NEGLIGENCE | Not adequately pleaded as to Wholesalers | Wholesaler Br. at 27-28 (III.G); Pharmacy Br. at 19-24 (II.B.1, II.B.2) and Ex. B |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | Claims subsumed by product liability acts | Manufacturer Br. at 33-35 (IV.B); Manufacturer Charts at 13-16 |
| | No standing or injury-in-fact | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 8-16 (II) |
| COUNT 17: NEGLIGENCE PER SE | Not adequately pleaded as to Wholesalers | Wholesaler Br. at 27-28 (III.G); Pharmacy Br. at 19-24 (II.B.1, II.B.2) and Ex. B |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |

|  | No negligence per se | Manufacturer Br. at 43-44 (V.C), Manufacturer Charts at 30-32 |
|  | Claims subsumed by product liability acts | Manufacturer Br. at 33-35 (IV.B); Manufacturer Charts at 13-16 |
|  | No standing or injury-in-fact | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 8-16 (II) |

| MEDICAL MONITORING MASTER COMPLAINT, DKT. 123 (AN OPERATIVE COMPLAINT) | | |
|---|---|---|
| COUNTS 1-2: NEGLIGENCE | Not adequately pleaded as to Wholesalers | Wholesaler Br. at 27-28 (III.G); Pharmacy Br. at 19-24 (II.B.1, II.B.2) and Ex. B |
|  | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
|  | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
|  | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
|  | No negligence per se (Count 5) | Manufacturer Br. at 43-44 (V.C); Manufacturer Charts at 30-32 |
|  | No standing or traceability | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 15-16 (II.B, II.C) |
| COUNT 3: MEDICAL MONITORING | Not recognized as a remedy or independent cause of action | Manufacturer Br. at 53-54 and Manufacturer Charts at 60-61 |
| COUNT 4: STRICT LIABILITY | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
|  | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
|  | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |

| | No standing or traceability | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 15-16 (II.B, II.C) |
|---|---|---|
| COUNT 5: FAILURE TO WARN | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | No standing or traceability | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 15-16 (II.B, II.C) |
| COUNT 6: MMWA | No Wholesaler warranties, express or implied | Wholesaler Br. at 19-20 (III.D.1 & 2); Pharmacy Br. at 15-19 (II.A.2) and Ex. B |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | No standing or traceability | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 15-16 (II.B, II.C) |
| | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
| COUNT 7: BREACH OF IMPLIED WARRANTY | Wholesalers do not imply warranties. | Wholesaler Br. at 19 (III.D.1); Pharmacy Br. at 15-18 (II.A.2) and Ex. B |
| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
| | Lack of injury or loss of functionality | Manufacturer Br. at 46-47 (V.E.2) |
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |

|  | No standing or traceability | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 15-16 (II.B, II.C) |
|---|---|---|
|  | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
| COUNT 8: BREACH OF EXPRESS WARRANTY | No Wholesaler warranties | Wholesaler Br. at 19-20 (III.D.2) |
|  | Not basis of bargain | Wholesaler Br. at 20 (III.D.3); Manufacturer Br. at 47-48 (V.E.3.a); Manufacturer Charts at 41-43 |
|  | No specific language | Wholesaler Br. at 19-20 (III.D.2); Manufacturer Br. at 48 (V.E.3.b); Manufacturer Charts at 44 |
|  | No guarantees | Manufacturer Br. at 49 (V.E.3.c) |
|  | No pre-suit notice | Manufacturer Br. at 49 (V.E.4); Manufacturer Charts at 45-50 |
|  | Lack of reliance | Wholesaler Br. at 20 (III.D.3) |
|  | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
|  | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
|  | Innocent seller protections | Wholesaler Br. at 5-7 (I.A) and Chart 1; Pharmacy Br. at 29-30 (III) and Ex. B |
|  | No standing or traceability | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 15-16 (II.B, II.C) |
| COUNT 9: FRAUD | Inadequately pleaded | Wholesaler Br. at 22-25 (III.E); Pharmacy Br. at 24-25 (II.B.3); *see also* Manufacturer Br. at 35-38 (V.A); Manufacturer Charts at 17-18 |

| | FDCA implied preemption | Manufacturer Br. at 17-27 (III.A) |
|---|---|---|
| | DSCSA preemption | Wholesaler Br. at 11-12 (II.A); Pharmacy Br. at 5-10 (I) |
| | No standing or traceability | Wholesaler Br. at 8-10 (I.B); Manufacturer Br. at 15-16 (II.B, II.C) |