**Exhibit B: Pharmacy-Specific State-by-State Summary Chart**

*NOTE*: Many cited cases provide rationale for dismissal of all claims; inclusion in the "strict liability/warranty" box does not mean the law is not also applicable to negligence/other claims, or vice versa.

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Alabama | Regardless of legal theory, no claims against pharmacy. *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:11–cv–20153, 2012 WL 1831789, at *4 (S.D. Ill. May 18, 2012) ("Alabama law indicates that where a pharmacist correctly fills a valid prescription signed by a licensed physician, no cause of action will lie.") (citing *Walls v. Alpharma USPD, Inc.*, 887 So.2d 881, 882 (Ala. 2004); *Stafford v. Nipp*, 502 So. 2d 702, 705 (Ala. 1987)); *see also Sanks v. Parke-Davis*, No. 00–S–1122–E, 2000 WL 33910097, at *4-5 (M.D. Ala. Oct. 30, 2000) (dismissing pharmacy as fraudulently joined); *Harrell v. Wyeth-Ayerst Labs.*, No. Civ.A. 98–1194, 1999 WL 33548540, at *1 (S.D. Ala. Feb. 1, 1999) (same); *Orr v. Wyeth-Ayerst Labs.*, No. CV-98-3000, 1999 WL 33548162, at *1 (Ala. Cir. Ct. Aug. 2, 1999) (granting motion to dismiss pharmacies because "[t]he overwhelming weight of authority… hold that no cause of action, be it strict liability, negligence or breach of warranty, will lie"). | Derivative claims barred. *Lansdell v. Am. Home Prods. Corp.*, No. Civ.A. CV99S2110NE, 1999 WL 33548541, at *7 (N.D. Ala. Oct. 26, 1999) ("[W]here the pharmacy's liability is merely derivative, i.e., it was acting in strict accordance with a licensed physician's valid prescription, the pharmacy is protected under Alabama law by the learned intermediary doctrine."); *see also In re Yasmin*, 2012 WL 1831789, at *4 ("Nor does plaintiff allege any reasonable means of inspection by which [pharmacy] should have—or even *could* have—discovered the allegedly defective nature of the subject drug."). <br><br> Innocent seller statute, Ala. Code § 6-5-521(b), also precludes liability. *See Gardner v. Aloha Ins. Servs.*, No. 2:11–CV–3450, 2013 WL 839884, at *7-8 (N.D. Ala. Mar. 4, 2013) (barring a products liability claim against a distributor under the statute). |

|  | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Alaska | No strict liability for innocent sellers. Strict liability applies only to "those who place a product into the stream of commerce." *Burnett v. Covell*, 191 P.3d 985, 988 (Alaska 2008) (declining to extend strict liability to a "purchaser and owner of office furniture who makes this furniture available to clients and guests"). *See also Indus. Risk Insurers v. Creole Prod. Servs., Inc.*, 568 F. Supp. 1323, 1327 (D. Alaska 1983) (mere provider of engineering services could not be held liable "under an implied warranty on [its] services and products or strictly liable for an unreasonably dangerous product."). | No pharmacy-specific case law; general rules apply. |
| Arizona | Pharmacies "cannot be found liable for strict liability for manufacturing and design defects because pharmacists provide a service not a product." *Strong v. Merck & Co*, No. CV 2005-053195, 2009 WL 7233281 (Ariz. Super. Nov. 09, 2009).  Theories of strict liability and breach of implied warranty merge for product liability claims in Arizona, so if a plaintiff fails to plead a plausible strict liability claim, his implied warranty claim also fails.  *Mills v. Bristol-Myers Squibb Co.*, No. CV 11–00968, 2011 WL 4708850, at *4 (D. Ariz. Oct. 7, 2011) (citing *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096, 1103 (D. Ariz. 2003)). | Plaintiffs have not alleged *how* the Pharmacies breached the applicable standard of care for negligence claims. There is no duty "to independently examine the safety of products furnished [to retailers] by manufacturers." *Mott's Inc. of Miss. v. Coco's Family Rest.*, 762 P.2d 637, 639 (Ariz. Ct. App. 1988).<br><br>"[P]rescription drugs are not a 'product' under Arizona's Consumer Fraud Act." *Strong v. Merck & Co*, No. CV 2005-053195, 2009 WL 7233281 (Ariz. Super. Nov. 09, 2009) |

B2

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Arkansas | "[S]ound policy reasons . . . precludes holding pharmacists or pharmacies strictly liable to consumers who purchase prescription drugs." *Kohl v. Am. Home Prods. Corp.*, 78 F. Supp. 2d 885, 896 (W.D. Ark. 1999). | No pharmacy duty. *See Kowalski v. Rose Drugs of Dardanelle, Inc.*, 378 S.W.3d 109, 120 (Ark. 2011) (Pharmacies have no "general duty to warn, to refuse to fill the prescriptions or to inquire of" physicians who prescribed the medication.) |
| California | Pharmacies exempt from strict liability and warranty claims. *Murphy v. E.R. Squibb & Sons, Inc.*, 710 P.2d 247, 251 (Cal. 1985) (strict liability for defective pharmaceutical products does not extend to the pharmacies that dispense drugs to patients); *see also Garza v. Endo Pharm.*, No. CV 12–1585, 2012 WL 5267897, at *2 (C.D. Cal. Oct. 24, 2012) ("[b]ecause under California law pharmacies primarily provide a service, not a product, a breach of warranty claim does not lie."). | California only recognizes "professional negligence" claims against pharmacies, which requires pre-suit notice under Cal. Civ. Pro. § 364, which Plaintiffs have not done here. *E.g.*, *Ambriz v. CVS Pharmacy, Inc.*, No. 1:19-cv-01391, 2020 WL 1660018, at *2-3 (E.D. Cal. Apr. 3, 2020); *see also Garza*, 2012 WL 5267897, at *2 (dismissing negligence claims because plaintiffs did not plead facts demonstrating how pharmacy "was allegedly involved in the purported mispackaging or mislabeling" of medication). |
| Colorado | Innocent seller statute, C.R.S. § 13-21-402, precludes liability. *Oshima v. Kia Motors Corp.*, Civil No. 11–cv–03349, 2012 WL 1578397, at *5-7 (D. Colo. May 4, 2012) (seller protected by the innocent seller statute was fraudulently joined).<br><br>No pharmacy-specific case law found; general rules precluding pharmacy liability should apply. | No duty. *Am. Furniture Co. of Denver v. Veazie*, 281 P.2d 803, 805 (Colo. 1955) ("[T]he seller is under no duty to inspect or remedy small details of mechanism of national brand articles sold in its ordinary course of business."). Innocent seller statute also precludes negligence claims. *See Bullock v. Daimler Trucks N. Am., LLC*, Civil Action No. 08–cv–00491, 2010 WL 1380724, at *2 (D. Colo. Mar. 30, 2010). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Connecticut | No pharmacy strict liability. *Altieri v. CVS Pharm.*, No. X06CV020171626S, 2002 WL 31898323, at *4-5 (Conn. Super. Ct. Dec. 13, 2002) (pharmacy was providing a service, and thus subject to negligence claims for misfilling prescriptions, but not subject to strict products liability or consumer protection claims). | No pharmacy duty.  "In the absence of such special circumstances [such as known contraindications], courts all over the country held that a pharmacist owes no duty to warn his customer of the potential dangers of a prescribed medication."  *Deed v. Walgreen Co.*, 927 A.2d 1001, 1003 (Conn. Super. Ct. 2007) (internal citations omitted). |
| District of Columbia | No pharmacy strict liability.  *Ealy v. Richardson-Merrell, Inc.*, No. 83–3504, 1987 WL 159970, at *3 (D.D.C. Jan. 12, 1987) ("To hold a druggist strictly liable would be to make the druggist an insurer of the safety of the manufactured drug and would impose on the retail druggist the obligation to test, at its own expense, new drugs.") (internal citations omitted); *see also Raynor v. Richardson-Merrell, Inc.*, 643 F.Supp. 238, 247 (D.D.C. 1986) (strict liability is inapplicable to pharmacies). | No pharmacy duty.  *Raynor*, 643 F.Supp. at 247 ("[A] patient relies upon her physician not her pharmacy to warn her of risks associated with prescription drugs."); *see also Keffer v. Lorenz*, No. 2012 CA 1563 M, 2012 WL 2951228, at *2 (D.C. Super. July 5, 2012) ("The general rule is that pharmacists have no duty to warn a customer of the general side effects of her prescription."). |

B4

| Strict Liability/Warranty | Negligence/Other Claims |
|---|---|
| **Delaware** No strict liability. *Cline v. Prowler Industries of Maryland, Inc*., 418 A.2d 968, 971 (Del. 1980) ("[B]y the [adoption of the Uniform Commercial Code] the General Assembly preempted the field of the law of products liability ... as to sales."). This has been codified in Delaware's innocent seller statute as Del. Code Ann. § 7001. *See, e.g., Daniels v. Keffee Food Co.,* No. CV 16-659, 2018 WL 4217066, at *9-11 (D. Del. Sept. 5, 2018) (finding a distributor not liable for injury caused by an allegedly defective candy bar). <br><br> No pharmacy-specific case law found; general rules precluding pharmacy liability should apply. | Delaware law recognizes that a defendant should not face "limitless liability" and accordingly will only find a duty necessary to support a claim of negligence where the harm was foreseeable by the defendant. *In re Asbestos Litig*., C.A. No. 04C-07-099, 2007 WL 4571196, at *10 (Del. Super. Ct. 2007). <br><br> Further, under Delaware law, "a retailer is under no obligation to test articles made by another for the purpose of discovering latent or hidden dangers therein." *Simmons v. Richardson Variety Stores*, 137 A. 2d 747, 749 (Del. Super. Ct. 1957). |
| **Florida** No faultless liability for pharmacies. *McLeod v. W. S. Merrell Co*., 174 So. 2d 736, 739 (Fla. 1965) (rejecting strict liability and warranty claims, and the conversion of "the retail prescription druggists into insurers of the safety of the manufactured drug"). | No pharmacy duty. *See Johnson v. Walgreen Co.*, 675 So.2d 1036, 1038 (Fla. 1st DCA 1996) (holding that a pharmacy does not have a duty to warn a patient of the potential adverse drug interaction). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Georgia | A pharmacy that packages and labels drugs manufactured by another is not subject to strict liability. *See Robinson v. Williamson*, 537 S.E.2d 159, 161 (Ga. Ct. App. 2000).<br><br>"[I]mplied warranties do not apply to the dispensing of medication by a pharmacist." *Presto v. Sandoz Pharms. Corp.*, 487 S.E.2d 70, 75 (Ga. Ct. App. 1997). | No pharmacy duty. *E.g.*, *Chamblin v. K-Mart Corp.*, 612 S.E.2d 25, 28-29 (Ga. Ct. App. 2005) (duty belongs to manufacturer or physician, not pharmacy); *Walker v. Jack Eckerd Corp.*, 434 S.E.2d 63, 68 (Ga. Ct. App. 1993) (same).<br><br>No duty to inspect for latent defects or liability where injuries are "due to the unwholesomeness of the goods" supplied by another. *Brock v. Simpson*, 120 S.E.2d 885, 886 (Ga. Ct. App. 1961).<br><br>Claims also fail because Plaintiffs have not complied with OCGA § 9-11-9.1, requiring an affidavit explaining the pharmacist's professional negligence. *Sparks v. Kroger Co.*, 407 S.E.2d 105, 107 (Ga. Ct. App. 1991); *Robinson*, 537 S.E.2d at 161. |
| Hawaii | Hawaii recognizes strict liability for products but not services. *Birmingham v. Fodor's Travel Publ'ns, Inc.*, 833 P.2d 70, 79 (Haw. 1992) (travel guide is not a product); *Isham v. Padi Worldwide Corp.*, Nos. 06-00382, 06-00386, 2007 WL 2460776, at *32 (D. Haw. Aug. 23, 2007) (scuba diving training program was a service so no strict liability or warranty claim). | No pharmacy-specific case law found; general rules precluding pharmacy liability should apply. |

|  | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Idaho | Innocent seller statute, Idaho Code, § 6-1407, precludes liability. *See Hawks v. EPI Products USA, Inc.*, 923 P.2d 988, 994 (Idaho 1996) (finding retailer immune from direct liability). | No duty. *See Mugavero v. A-1 Auto Sales, Inc.*, 944 P.2d 151, 154 (Idaho Ct. App. 1997) (finding no duty to inspect). |
| Illinois | "Recent cases have uniformly held that a pharmacist is not strictly liable under a products liability theory since he is not a retailer." *Jones v. Irvin*, 602 F. Supp. 399, 400 (S.D. Ill. 1985). Innocent seller statute, 735 Ill. Comp. Stat. 5/2-621(a), also precludes strict liability claims. *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, 692 F. Supp. 2d 1012, 1020 (S.D. Ill. 2010) (finding claims against pharmacy fraudulently joined).<br><br>No breach of warranty claim because, among other reasons, predominant purpose of transaction is provision of healthcare services. *In re Yasmin*, 692 F. Supp. 2d at 1023. | No pharmacy duty. *In re Yasmin*, 692 F. Supp. 2d at 1019 ("Certainly, if Illinois pharmacists do not have a duty to warn customers directly about *known* risks or side effects (absent patient-specific knowledge related to a contraindication), they do not have a duty to warn about risks and side effects that have been concealed by the pharmaceutical manufacturer and are therefore *unknown*."); *Urbaniak v. Am. Drug Stores LLC*, 126 N.E.3d 561, 567 (Ill. App. Ct. 2019) (physician's duty to warn); *see also Hale v. Bayer Corp.*, No. 15-cv-00745, 2015 WL 5474298, at *11 (S.D. Ill. Sept. 16, 2015) (dismissing claims against pharmacy as fraudulently joined); *Aranda v. Walgreen Co.*, No. 12-cv-337, 2012 WL 1884737, at *3, *4 (S.D. Ill. May 23, 2012) (same); *Grimmer v. Schmitz*, No. 84 C. 3544, 1985 WL 3031, at *3 (N.D. Ill. Oct. 3, 1985) (rejecting "grand expansion of the pharmacy's duty" and granting pharmacy's motion to dismiss). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Indiana | No strict liability claims against pharmacies: Design and warning defect claims require a showing of negligence.  Ind. Code § 34-20-2-2; *Weigle v. SPX Corp.*, 729 F.3d 724, 730 (7th Cir. 2013). For manufacturing defect, "[a]ctions for strict liability in tort are restricted to *manufacturers* of defective products."  *Kennedy v. Guess, Inc.*, 806 N.E.2d 776, 780 (Ind. 2004) (citing Indiana's innocent seller statute, Ind. Code § 34-20-2-3) (italics in original).<br><br>Indiana Product Liability Act governs all actions for physical harm caused by a product, regardless of the substantive legal theory.  Ind. Code §34-20-2-1. | No pharmacy duty.  *Ingram v. Hook's Drugs, Inc.*, 476 N.E.2d 881, 885 (Ind. Ct. App. 1985) (no duties to warn of inherent dangers of prescription drug); *Allberry v. Parkmor Drug, Inc.*, 834 N.E.2d 199, 202 (Ind. Ct. App. 2005) (same); *Bobay v. Walgreen Co.*, No. 1:07-CV-119, 2009 WL 1940727, at *7 (N.D. Ind. June 30, 2009) (no duty to check for incompatible prescriptions).<br><br>"[T]he concern over health care costs that might result from imposing new duties on pharmacists is also a valid public policy consideration." *Bobay*, 2009 WL 1940727 at *18. |
| Iowa | Strict liability and negligence claims are merged under Iowa law, and innocent seller statute, Iowa Code § 613.18(1)(a), precludes all claims for personal injury or property damage against the pharmacies.  *See Merfeld v. Domestic Corp.*, 306 F. Supp. 3d 1070, 1076-78 (N.D. Iowa 2018) (granting summary judgment for retailer), *aff'd*, 940 F.3d 1017 (8th Cir. 2019). | No negligence-based liability for failure to ensure a manufacturer produces a safe product.  *See A.L. ex rel. Limkemann v. Jake's Fireworks, Inc.*, No. 3:18-cv-00028, 2020 WL 3399912, at *16 (S.D. Iowa Apr. 2, 2020) (rejecting argument distributor was liable for failure to "determine if manufacturer had proper quality control measures in place."). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| **Kansas** | Innocent seller statute, Kan .Stat .Ann. § 60-3306, precludes strict liability claims. *See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, Nos. MDL 1203, Civ. A. 99-20186, 2000 WL 1886594, at *4 (E.D. Pa. Dec. 7, 2000) (finding pharmacy fraudulently joined under Kansas law). | No pharmacy duty. *See Nichols v. Central Merch., Inc.*, 817 P.2d 1131, 1133 (Kan. Ct. App. 1991) (pharmacists have "no legal duty to warn the patient of potential consequences from the use of the drug prescribed by the doctor."); *In re Diet Drugs*, 2000 WL 1886594, at *3 (finding pharmacy fraudulently joined under Kansas law). |
| **Kentucky** | Innocent seller statute, Ky. Rev. Stat. §411.340, precludes strict liability claims. *See Smith v. Wyeth Inc.*, 488 F. Supp. 2d 625, 629-30 (W.D. Ky. 2007) (finding claims against pharmacy defendants fraudulently joined); *see also Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 550 (E.D. Ky. 2001) (same).<br><br>"[A]s a matter of law, Kentucky courts would agree with the majority of states which held that pharmacists are not liable for breach of either express or implied warranties with respect to the properties of particular drugs." *Flint v. Target Corp.*, No. 3:07CV-00600, 2009 WL 87469, at *4 (W.D. Ky. Jan. 13, 2009). | No pharmacy duty. *See Flint*, 2009 WL 87469, at *3 (only duty is to "dispense the correct medication in accordance with the prescribing physician's instructions," even in light of allegations the generic drug received contained harmful inactive ingredients and pharmacy failed "to employ appropriate internal control measures sufficient to ensure that it only purchases quality pharmaceutical supplies from the manufacturers and distributors with whom it does business."). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Louisiana | No strict liability for non-manufacturers unless they knew or should have known of the defect. *Zehner v. Nordskog Indus., Inc.*, No. 92-2508, 1992 WL 233984, at *3 (E.D. La. Sept. 2, 1992) (holding that the Louisiana Products Liability Act is the exclusive remedy for injuries caused by allegedly defective products and that non-manufacturers are only liable where they knew or should have known of the alleged defect).  A non-manufacturing seller has no duty to inspect a product for defects prior to selling it. *Id*. | No pharmacy-specific case law found; general rules precluding pharmacy liability should apply. |
| Maine | No strict liability claims against pharmacies.  *See Herzog v. Arthrocare Corp.*, No. Civ. 02-76-P-C, 2003 WL 1785795, at *13 (D. Me. Mar. 21, 2003) (noting how "case law generally immunizes pharmacists from strict liability because they are not the kind of 'retailers' that strict liability regimes are designed to target"). | No pharmacy-specific case law found; general rules precluding pharmacy liability should apply. |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Maryland | No basis for liability unless pharmacy prepares and provides a patient packet insert, and that express warranty causes harms to the plaintiff. *Rite-Aid Corp. v. Levy-Gray*, 894 A.2d 563, 578 (Md. 2006) (affirming verdict against pharmacy for breach of express warranty relating to pharmacy's instructions to take medicine with milk, but recognizing authority that limits pharmacy liability otherwise); *cf. People's Serv. Drug Stores v. Somerville*, 158 A. 12, 13 (Md. 1932) ("it does not follow" that just because another entity is liable for actions relating to a prescription, "that the druggist who filled the prescription is also liable"). | Innocent seller statute, Md. Code Ann., Cts. & Jud. Proc. §5-405, bars Plaintiffs' claims. *Reed v. Sears Roebuck & Co*., 934 F. Supp. 713, 717-718 (D. Md. 1996); *MCC Millwork Inc. v. Slocum Adhesives Corp*., No. 290, 2017 WL 3276370, at *5 (Md. Ct. Spec.App. Aug. 2, 2017). |
| Massachusetts | No warranty or strict liability claims. *See Carrozza v. CVS Pharmacy*, 391 F. Supp. 3d 136, 147 (D. Mass. 2019) (because "[a] pharmacist's dispensing of prescription drugs is more akin to a mixed contract of goods and services rather than a simple sale of goods," and because the UCC does not apply to services, warranty claims against pharmacies fail under Massachusetts law); *Mavilia v. Stoeger Indus*., 574 F.Supp. 107, 109 (D. Mass. 1983) (strict liability claims are subsumed by implied warranty claims under the Uniform Commercial Code). | No pharmacy duty. *See Cottam v. CVS Pharmacy*, 764 N.E.2d 814, 821 (Mass. 2002) (holding that the prescribing physician is the appropriate person to perform the duty of warning the patient-customer of the possible side effects of prescription drugs). |

| Strict Liability/Warranty | Negligence/Other Claims |
|---|---|
| **Michigan** Pharmacies "will not be held liable for correctly filling a prescription issued by a licensed physician." *Adkins v. Mong*, 425 N.W.2d 151, 152 (Mich. Ct. App. 1988).<br><br>Claims are also barred by Mich. Comp. Laws § 600.2945(i), which precludes liability unless the defendant intentionally makes a misrepresentation to FDA or bribes an FDA official, neither of which Pharmacies are alleged to have done. *See White v. SmithKline Beecham Corp.*, 538 F. Supp. 2d 1023, 1027 (W.D. Mich. 2008) (noting "absolute defense" absent fraud or bribery). | No pharmacy duty. *Adkins*, 425 N.W.2d at 153; *Kintigh v. Abbott Pharmacy*, 503 N.W.2d 657, 658 (Mich. Ct. App. 1993). |
| **Minnesota** Innocent seller statute, Minn. Stat. § 544.41, precludes liability. *See Block v. Toyota Motor Corp.*, 665 F.3d 944, 946 (8th Cir. 2011) (finding that a seller was fraudulently joined).<br><br>No implied warranty of fitness where a retailer sells goods in their original, sealed packaging. *See Torpey v. Red Owl Stores*, 228 F.2d 117, 120 (8th Cir. 1955). | Innocent seller exception applies to negligence claims. *See, e.g., Thompson v. Hirano Tecseed Co., Ltd.*, 456 F.3d 805, 809 (8th Cir. 2006) ("Minnesota merges negligence and strict liability claims in a single products liability theory . . .")<br><br>"Sellers have no duty to inspect the products they sell unless they know or have reason to know that the products are dangerous." *Gorath v. Rockwell Intern., Inc.*, 441 N.W. 2d 128, 132 (Minn. Ct. App. 1989). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Mississippi | No strict liability or warranty claims against pharmacies. *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272, 288-90 (S.D.N.Y. 2001) (applying Mississippi law).<br><br>Innocent seller statute, Miss. Code Ann. § 11-1-63(h), also bars claims. *Holifield v. City Salvage, Inc.*, 230 So. 3d 736, 740 (Miss. Ct. App. 2017). | No pharmacy duty. *Moore v. Mem'l Hosp. of Gulfport,* 825 So.2d 658, 662-65 (Miss. 2002); *see also In re Diet Drugs Prods. Liab. Litig.*, 220 F. Supp.2d 414, 422 (E.D. Pa. 2002) (Mississippi pharmacies fraudulently joined); *In re Baycol Prods. Litig.*, No. 1431, Civ. 03-4954, 2004 WL 1118642, at *4 (D. Minn. May 17, 2004) (same). |
| Missouri | Innocent seller statute, Mo. Rev. Stat. § 537.762, precludes liability. | No pharmacy duty. *See Horner v. Spalitto*, 1 S.W.3d 519, 522 (Mo. Ct. App. 1999) (duties limited to those in Mo. Rev. Stat. § 338.010, which do not include a duty to test drugs dispensed). |
| Montana | No pharmacy-specific cases on strict liability. *Cf. Brandenburger v. Toyota Motor Sales, U.S.A., Inc.*, 513 P.2d 268, 273 (Mont. 1973) (looking to California law as providing guiding principles underlying strict liability). | No pharmacy duty. *Holtshouser v. United States*, No. CV 11-114, 2013 WL 1855775, at *10 (D. Mont. May 1, 2013) (citing *Klasch v. Walgreen Co.*, 264 P.3d 1155, 1159 (Nev. 2011) (confirming pharmacy's important role as a "conduit for dispensing much-needed prescription medication."). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Nebraska | Innocent seller statute, Neb. Rev. Stat. § 25-21,181, bars strict liability claims against non-manufacturers. *See Shelton v. Young's Welding & Mach. Shop, LLC*, No. 8:14CV165, 2015 WL 247834, at *2 (D. Neb. Jan. 20, 2015) (granting motion to dismiss strict liability claim); *Freeman v. Hoffman-La Roche, Inc.*, 618 N.W.2d 827, 843 (Neb. 2000) (implied warranty claims merge with strict liability claims). | No duty to test. *Erickson v. Monarch Indus. Inc.*, 347 N.W.2d 99, 108 (Neb. 1984) ("A supplier has a right to rely upon the inspection and tests performed by the manufacturer."). |
| Nevada | A federal district court predicted that Nevada would allow strict liability against pharmacies, but *only in the context of* allegations where the pharmacy failed to include a warning the manufacturer required be passed on to patients. *Heredia v. Johnson*, 827 F. Supp. 1522, 1525 (D. Nev. 1993). In the absence of similar allegations, the general rule precluding strict pharmacy liability should apply in this case, especially given more recent Nevada caselaw recognizing the learned intermediary doctrine in the context of pharmacy liability, *see Klasch v. Walgreen Co.*, 264 P.3d 1155, 1159 (Nev. 2011), and older case law recognizing pharmacies should not "second guess" physicians, *Nev. State Bd. of Pharmacy v. Garrigus*, 496 P.2d 748, 749 (Nev. 1972). | No pharmacy duty. *See Klasch*, 264 P.3d at 1159; *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1281 (Nev. 2009). Thus, all claims against pharmacies were dismissed as fraudulently joined in *Baymiller v. Ranbaxy Pharms. Inc.*, because "[t]here is nothing in the complaint that alleges that [the pharmacy] had any knowledge of customer-specific risks." No. 3:11-cv-858, 2012 WL 2727874, at *5 (D. Nev. July 9, 2012); *see also Kerns v. Hoppe*, No. 55615, 2012 WL 991651, at *7 (D. Nev. Mar. 21, 2012) (no duty to prevent overdose where pharmacy dispensed as prescribed). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| New Hampshire | Strict liability is limited to manufacturers.  As providers of a service, pharmacies are not subject to strict liability.  *See Siciliano v. Capitol City Shows, Inc.*, 475 A.2d 19, 25 (N.H. 1984); *Royer v. Catholic Med. Ctr.*, 741 A.2d 74, 76-77 (N.H. 1999). | No pharmacy duty. *Cf. Maloney v. Badman*, 938 A.2d 883, 889 (N.H. 2007) ("Liability may be imposed, if at all, only when the pharmacist . . . had reason to expect that the drugs (or instrumentality) would be used to commit suicide."). |
| New Jersey | As providers of a professional health care service, pharmacies are not subject to strict liability as a matter of public policy.  *See Feldman v. Lederle Labs.*, 479 A.2d 374, 380-81 (N.J. 1984) (when the essential nature of the transaction involves a service, strict liability is inapplicable); *Magrine v. Krasnica*, 227 A.2d 539, 543 (N.J. Cty. Ct 1967), *aff'd*, 241 A.2d 637 (N.J. Sup. Ct. App. Div. 1968), *aff'd per curiam*, 250 A.2d 129 (N.J. 1969) (dentist provided service and was not subject to strict liability for latent defect in needle).<br><br>Innocent seller statute, N.J. Stat. § 2A:58C-9, precludes strict liability claims. | All state law claims (except breach of express warranty) are subsumed by the New Jersey Product Liability Act and should be dismissed.  N.J. Stat. § 2A:58C-1(b)(3).<br><br>No duty here to inspect for latent defects.  *See Levis v. Zapolitz*, 178 A.2d 44, 49 (N.J. Super. Ct. App. Div. 1962) (finding no liability on the part of the defendant vendor for failure to make an inspection of a product for latent defects). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| New Mexico | As providers of a service, pharmacies cannot be subject to strict liability. *Ruiz v. S. Pac. Transp. Co.*, 638 P.2d 406, 412 (N.M. Ct. App. 1981) ("[p]roviding negligent services may trigger ordinary negligence… actions, but it does not form the basis for actions in strict liability"). | No pharmacy duty to warn. *See Thompson v. Potter*, 268 P.3d 57, 65 (N.M. Ct. App. 2011) (declining to impose a duty of care because the "pharmacist has neither the right nor ability to dispense or change prescriptions without a physician's order"). |
| New York | No strict liability claims against pharmacies. *Ullman v. Grant*, 450 N.Y.S.2d 955, 957 (Sup. Ct. 1982) ("The prescription drug supplied to the plaintiff is not within the scope of strict products liability and therefore the dispenser of same is insulated from liability."). | No pharmacy duty. *Ullman*, 450 N.Y.S.2d at 956; *Abrams v. Bute*, 27 N.Y.S.3d 58, 71 (App. Div. 2016); *Bickler v. Willing*, 397 N.Y.S.2d 57, 58 (App. Div. 1977).<br><br>"[A] pharmacist does not have a duty to inspect or test a prescription drug for latent dangers." *Winters v. Alza Corp.*, 690 F. Supp. 2d 350, 354 (S.D.N.Y. 2010) (no law to support assertion that pharmacy defendant had any duty to investigate and test prescription medications it sold before dispensing to customers). |
| North Carolina | No strict liability or warranty claims against pharmacies. *See Batiste v. Am. Home Prods. Corp.*, 231 S.E.2d 269, 275-76 (N.C. Ct. App. 1977) ("strict liability without fault should not be applied to the prescription druggist"; dismissing warranty claims). N.C. Gen. Stat. § 99B-1.1, also precludes strict liability claims. | No pharmacy duty. *See Batiste*, 231 S.E.2d at 274-75 (dismissing negligence claim; no allegations "the druggist did any compounding or added to or took from the product as prepared and contained in the sealed container"). Innocent seller statute, N.C. Gen. Stat. § 99B-2, also precludes liability. |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| North Dakota | Innocent seller statute, N.D. Cent. Code § 28-01.3-04(2), precludes liability against non-manufacturing seller. *Bornsen v. Pragotrade, LLC*, 804 N.W.2d, 55, 61 (N.D. 2011) (noting legislative intent "to sharply curtail liability of a 'non-manufacturing seller.'"); *see Rostvet v. Lock City Transp. Co.*, No. 2:11-cv-21, 2013 WL 11941563 at \*6 (D.N.D. Nov. 7, 2013) (dismissing strict liability claim against non-manufacturing seller when manufacturer was named in complaint). | Innocent seller statute, N.D. Cent. Code § 28-01.3-04(2), precludes negligence claims against non-manufacturing seller.  *See Dakota, Mo. Valley & W. R.R. v. JMA Rail Prods. Co.*, No. A3-00-171, 2006 WL 2349976, at \*2-3 (D.N.D. 2006); *Paracelsus Healthcare Corp. v. Philips Elecs. N. Am. & Diagnostic Med. Sys.*, No. A3-00-171, 2001 WL 627428, at \*4 (D.N.D. May 7, 2001) (exception to statute requires actual, not simply constructive, knowledge of defect). |
| Ohio | Innocent seller statute, Ohio Rev. Code Ann. 2307.78, precludes strict or warranty liability against the Pharmacies here.  Alternatively, the Pharmacies are not suppliers because they provide a service and therefore are not subject to any claims under the Act but are instead subject only to claims for negligently providing that service.  *See id.* 2307.71(A)(15)(a)(iii); *cf. Long v. Tokai Bank of Cal.*, 682 N.E.2d 1052, 1058-59 (Ohio Ct. App. 1996) (rejecting expansion of strict liability). | Where "the product is sold to a consumer in the same condition that it was received from the manufacturer," retailer has no duty to inspect or test that product for latent defects." *Ramsey v. Del Monte Corp.*, 458 N.E.2d 455, 458–59 (Ohio Ct. App. 1983).  Thus, "mere possession and sale of a product" does not permit an inference of negligence.  *Id.* |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Oklahoma | No pharmacy strict liability.  *See White v. Mylan, Inc.*, No. CIV-12-402-D, 2012 WL 6726593, at *3 (W.D. Okla. Dec. 27, 2012) (finding pharmacy fraudulently joined under Oklahoma law, as "there is no legal basis" for claim against pharmacy in either strict liability or negligence). | No pharmacy duty.  *See White*, 2012 WL 6726593, at *3. |
| Oregon | Follows Restatement (Second) of Torts § 402A. Ore. Rev. Stat. 30.920(3). | Pharmacy negligence requires expert evidence showing how pharmacy breached professional standard of care.  *Docken v. Ciba-Geigy*, 790 P.2d 45, 47 (Ore. Ct. App. 1990). |
| Pennsylvania | No pharmacy strict liability. *Ramirez v. Richardson-Merrell, Inc.,* 628 F. Supp. 85, 86 (E.D. Pa. 1986): "[R]etail pharmacists should not be held strictly liable for injuries sustained as the result of the ingestion of certain drugs. To hold a druggist strictly liable would be to make the druggist an insurer of the safety of the manufactured drug and would impose on the retail druggist the obligation to test, at its own expense, new drugs. The costs to society which needs and values the pharmaceutical products sold by druggists, would be unduly high. Therefore, a druggist should not be an absolute insurer." | Pharmacies do not have a duty to warn. *See Coyle v. Richardson-Merrell, Inc.*, 526 Pa. 208, 212 (1991) ("as to preventing the circulation of defective products, it would ill-serve the needs of the public to impose a duty on pharmacists under which, to avoid potential liability, they might refuse to fill prescriptions, notwithstanding decisions by licensed physicians that a particular drug was necessary and appropriate for their patients' medical treatment."). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Puerto Rico | Strict liability and implied warranty apply to defective products, not services. *In re Reinforced Earth Co.*, 889 F. Supp. 530, 534-35 (D.P.R. 1995). | No pharmacy-specific case law found; general rules precluding pharmacy liability should apply. |
| Rhode Island | No pharmacy-specific case law found; general rules precluding pharmacy liability should apply. | No pharmacy-specific case law found; general rules precluding pharmacy liability should apply. |
| South Carolina | No strict liability claims because pharmacies are health care providers engaged in a service. *See Madison v. Am. Home Prods. Corp.*, 595 S.E.2d 493, 496 (S.C. 2004).<br><br>Pharmacies are not subject to breach of warranty claims. *See Duckett v. SCP 2006-C23-202, LLC*, 225 F. Supp. 3d 432, 435-36 (D.S.C. 2015). | Negligence claims against pharmacies must adhere to the statutory requirements that mandate pre-filing procedures for medical malpractice claims. *See* S.C. Code Ann. § 15-79-125; *Duckett*, 225 F. Supp. 3d at 437.<br><br>Distributors are not subject to negligent design claims. *Marchant v. Mitchell Distributing Co.*, 240 S.E.2d 511, 514 (S.C. 1977) (holding that a distributor that "had nothing to do with designing or assembling the" product could "not be held liable on the theory of negligent design") (affirming trial court's grant of summary judgment to the distributor.). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| South Dakota | No pharmacy-specific case law found; general rules precluding pharmacy liability should apply. Additionally, no strict liability for retail sellers unless they knew or should have known through "ordinary care" of the defective condition of the product. *Peterson v. Safway Steel Scaffolds Co.*, 400 N.W.2d 909, 915 (S.D. 1987), which functionally merges the strict liability claim into one for negligence. | No pharmacy-specific case law found; general rules precluding pharmacy liability should apply |
| Tennessee | Only professional negligence claims under Tenn. Code Ann. 29-26-101 may be brought against pharmacies. Tenn Code Ann. 29-26-101(a)(5)(b) (defining health care provider to include pharmacies); *Heaton v. Mathes*, No. E2019-00493-COA-R9-CV, 2020 WL 1652571, at *7-8 (Tenn. Ct. App. Apr. 3, 2020) (health care liability act controls over product liability act with respect to claims against pharmacies); *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, No. 13-02419, 2016 WL 11045600, at *2 (D. Mass. Feb. 29, 2016) (same). Tennessee Health Care Liability Act precludes "faultless liability." *See id.* | Professional negligence claim against Pharmacies requires pre-suit notice. Tenn. Code Ann. 29-26-121. Pharmacies owe a professional duty of care to patient to act in compliance with the standard of care required by the pharmacy profession. *Heaton*, 2020 WL 1652571, at *5. Here, Plaintiffs have not pleaded the required elements of a malpractice/health care liability claim against the Pharmacies. |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Texas | Innocent seller statute, Tex. Civ. Prac. & Rem. Code § 82.003, precludes non-manufacturer strict liability. *See also Garcia v. Nissan Motor Co.*, No. Civ. A. M-05-059, 2006 WL 869944, at *3 (S.D. Tex. Mar. 30, 2006) (requiring actual knowledge, not simply constructive knowledge, to void innocent seller statute). | No pharmacy duty. *Morgan v. Wal-Mart Stores, Inc.*, 30 S.W.3d 455, 469 (Tex. Ct. App. 2000) (noting role of pharmacist as "trusted professional who plays a vital role in patient treatment" but concluding pharmacists have no generalized duty to warn patients). |
| Utah | The only claims against pharmacies are professional malpractice or negligence. *See Shaerrer v. Stewart's Plaza Pharmacy*, Inc., 79 P.3d 922, 928-32 (Utah 2003) (noting the "unique and valuable service in our health care system" pharmacies provide). | No pharmacy duty. *See Shaerrer*, 79 P.3d at 932-33 (no liability if pharmacist fills "a prescription precisely as directed by the manufacturer"). |
| Vermont | No pharmacy-specific case law found; general rules precluding pharmacy liability should apply. | No pharmacy duty. *See Estate of Baker v. Univ. of Vt.*, No. 233-10-03 2005, WL 6280644, at *12-13 (Vt. Super. May 4, 2005) (no duty to second guess or otherwise investigate a prescription). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Virginia | Virginia law does not recognize strict liability. *Evans v. NACCO Materials Handling Grp., Inc*., 810 S.E.2d 462, 469 (Va. 2018).  No warranty claims against pharmacists. *Gressman v. Peoples Serv. Drug Stores*, 9 U.C.C. Rep. Serv. 2d 842, 842-46 (Va. Cir. 1988) (pharmacies provide health care services and are not subject to warranty claims, even in cases of mis-filled prescriptions). | No pharmacy-specific case law found; general rules precluding pharmacy liability should apply. |
| Washington | Strict liability and implied warranty claims against pharmacies precluded by pharmacy-specific statute. Wash. Rev. Code § 7.72.010(1)(e) (excluding pharmacies from definition of product seller); *id.* § 7.72.040(3) (specially exempting pharmacies from having to show drug manufacturer is solvent under generally applicable innocent seller statute).  *See also McKenna v. Harrison Mem'l Hosp*., 960 P.2d 486, 488 (Wash. Ct. App. 1998) (as service provider, hospital that sold medical device to a patient is exempt from liability other than professional negligence). | No pharmacy duty beyond accurately filling a prescription and being alert to clear errors or mistakes in the prescription.  Court declined to "muddy the waters as to where responsibility lies up and down the chain of health care," leaving imposition of any further duties to the legislative process. *McKee v. Am. Home Prods., Corp.,* 782 P.2d 1045, 1055 (Wash. 1989); *see also Luke v. Family Care & Urgent Med. Clinics*, 246 F. App'x 421, 425 (9th Cir. 2007) (affirming dismissal of pharmacy). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| West Virginia | Pharmacy-specific statute immunizes pharmacies from all claims, so long as they dispense a drug "unchanged" from how they received it. W.Va. Code § 30-5-21; *see also Ashworth v. Albers Med., Inc.,* 395 F. Supp. 2d 395, 405-406 (S.D. W. Va. 2005) (statute immunizes pharmacies "from all claims based upon the quality of drug" once "repackaged for retail," even in light of allegations repackaged drugs were counterfeit); *see also Thomas v. Wyeth*, No. Civ. A. 5:05-0094, 2005 WL 3754203, *3 (S.D. W. Va. June 16, 2005) (finding pharmacy defendants fraudulently joined). | No claims against pharmacies.  W.V. Code § 30-5-12; *Ashworth*, 395 F. Supp. 2d at 405. |
| Wisconsin | Innocent seller statute, Wis. Stat. § 895.047(2)(a), precludes liability.  Additionally, no pharmacy-specific case law found; general rules precluding pharmacy liability should apply. | Negligence to a seller must be derived from the conduct of the seller rather than the nature or condition of the product. *St. Clare Hospital v. Schmidt, Garden, Erickson, Inc.*, 437 N.W.2d 228, 232 (Wis. Ct. App. 1989). |

| | Strict Liability/Warranty | Negligence/Other Claims |
|---|---|---|
| Wyoming | No strict liability in cases not involving physical harm. *Ogle v. Caterpillar Tractor Co.*, 716 P.2d 334, 341-42 (Wyo. 1986); *Schneider Nat'l, Inc. v. Holland Hitch Co.*, 843 P.2d 561, 568 (Wyo. 1992) (economic damages are not recoverable under strict liability or strict liability in warranty).<br><br>For cases involving physical harm, no pharmacy-specific case law found; general rules precluding pharmacy liablity should apply. | No pharmacy duty. *Van Dyke v. United States*, 388 F. App'x 786, 793 (10th Cir. 2010) (applying Wyoming law; affirming summary judgment to defendant and noting that "the majority of state courts have held that pharmacists do not have a duty to warn patients").<br><br>Economic loss rule bars claims for pure economic loss in negligence (and strict liability). *Continental Ins. v. Page Eng'g Co.*, 783 P.2d 641, 647-49 (Wyo. 1989). |

NOTE: Although this chart lists the 52 jurisdictions broadly referenced in Plaintiffs' Complaints, there are no resident Plaintiffs from many of these jurisdictions.  Inclusion of a particular jurisdiction does not suggest that Plaintiffs, in fact, have a proper claim in that jurisdiction.  Indeed, there are 13 jurisdictions where there is not a single resident plaintiff in any complaint: the District of Columbia, Hawaii, Idaho, Maine, Minnesota, Montana, North Dakota, Puerto Rico, Rhode Island, South Dakota, Utah, Vermont, and Wyoming.