**Exhibit C: Unjust Enrichment Claims Fail When There is An Adequate Remedy at Law Through Contract**

*NOTE: This chart includes all states for which Plaintiffs have identified a class representative in the Economic Loss Master Complaint.*

| Jurisdiction | Citation |
| --- | --- |
| California | *Resnick v. Hyundai Motor Am. Inc.*, Case No. CV 16–00593, 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017) (noting that, in California, quasi-contractual claims like unjust enrichment cannot lie where there is an express contract as a result of a warranty, and citing cases standing for that proposition under the laws of Florida, Georgia, Louisiana, Massachusetts, North Carolina, South Carolina, and Texas) |
| Connecticut | *Richard Parks Corrosion Tech., Inc. v. Plas-Pak Indus., Inc.*, Case No. 3:10-cv-437, 2015 WL 5708539, at *4 (D. Conn. Sept. 29, 2015) (Under Connecticut law, "[l]ack of a remedy under contract is a precondition for recovery based upon unjust enrichment.") (citing *Alstom Power, Inc. v. Schwing Am., Inc.*, Case No. 3:04cv1311, 2006 WL 2642412, at *5 (D. Conn. Sept. 14, 2006)) |
| Florida | *See Resnick*, *supra* |
| Georgia | *See Resnick*, *supra* |
| Indiana | *Blue Frog Mobile NV Inc. v. Navicomm LLC*, Case No. 1:06-CV-1215, 2007 WL 3334793, at *2 (S.D. Ind. Nov. 8, 2007) (Under Indiana law, "the existence of a contract precludes the pursuit of an equitable remedy" by a party to that contract.) |

C1

| Jurisdiction | Citation |
|---|---|
| Kansas | *Ice Corp. v. Hamilton Sundstrand, Inc.*, 444 F. Supp. 2d 1165, 1170 (D. Kan. 2006) ("Kansas law is clear that … unjust enrichment" is not appropriate "when an enforceable express contract regulates the relations of the parties with respect to the disputed issue.") (citing *Britvic Soft Drinks, Ltd. v. ACSIS Techs., Inc.*, Case No. 01–2243, 2004 WL 1900585, at *2 (D. Kan. June 8, 2004)) |
| Louisiana | *See Resnick*, supra |
| Massachusetts | *See Resnick*, supra |
| Mississippi | *Multiplan, Inc. v. Holland*, Case No. 1:14CV315, 2016 WL 3983669, at *3 (S.D. Miss. July 25, 2016) ("Under Mississippi law, 'unjust enrichment only applies to situations where … there is no legal contract ….'") (quoting *SKL Invs., Inc. v. Hardin*, 170 So. 3d 588, 591 (¶13) (Miss. Ct. App. 2014)) |
| New Jersey | *Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982) (Under New Jersey law, "recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties.") |
| New Mexico | *Steadfast Ins. Co. v. Legacy Safety & Consulting, LLC*, CV 15-00218, 2015 WL 12803775, at *4 (D.N.M. June 25, 2015) ("New Mexico law strongly disfavors unjust enrichment claims when remedies exist under contract law.") (citations omitted) |
| New York | *Downey v. Adloox Inc.*, 238 F. Supp. 3d 514, 526 (S.D.N.Y. 2017) ("It is one of the 'well-settled principles of New York law' that 'the existence of a … contract governing a particular subject matter ordinarily precludes recovery in quasi contract for the events arising out of the same subject matter.'") (quoting *Superintendent of Ins. v. Ochs*, 377 F.3d 209, 213 (2d Cir. 2004)) |
| North Carolina | *See Resnick*, supra |

| Jurisdiction | Citation |
|---|---|
| Ohio | *Wuliger v. Mfrs. Life Ins. Co. (USA)*, 567 F.3d 787, 799 (6th Cir. 2009) ("Ohio law is clear that a plaintiff may not recover under the theory of unjust enrichment … when an express contract covers the same subject.") (quoting *Lehmkuhl v. ECR Corp.*, Case No. 06 CA 039, 2008 WL 5104747, at *5 (Ohio App. 5 Dist. 2008)) |
| Pennsylvania | *Sheinman Provisions, Inc. v. Nat'l Deli, LLC*, Case No. 08-cv-453, 2008 WL 2758029, at *4 (E.D. Pa. July 15, 2008) ("Pennsylvania law prohibits unjust enrichment claims where a contract governs the relationship of the parties.") |
| South Carolina | *See Resnick*, *supra* |
| Texas | *See Resnick*, *supra* |
| Virginia | *CGI Fed. Inc. v. FCI Fed., Inc.*, 814 S.E.2d 183, 190 (Va. 2018) (Under Virginia law, "[t]he existence of an express contract covering the same subject matter of the parties' dispute precludes a claim for unjust enrichment.") (citing *Southern Biscuit Co. v. Lloyd*, 6 S.E.2d 601, 606 (Va. 1940)) |