| | **Duane Morris®** | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | SETH A. GOLDBERG | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1175 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 689 2198 | LAS VEGAS |
| LOS ANGELES | E-MAIL: SAGoldberg@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

July 24, 2020

**VIA ECF**

The Honorable Joel Schneider
United States Magistrate Judge
United States District Court - District of New Jersey
Mitchell H. Cohen U.S. Courthouse
4th & Cooper Streets, Room 2060
Camden, NJ  08101

      Re:     ZHP Parties' Use of Continuous Active Learning

Dear Judge Schneider:

      In connection with the Court's evaluation of Teva's use of technology assisted review ("TAR"), the ZHP Parties write to provide the Court with information regarding the workflow for their document review, including their planned use of continuous active learning ("CAL") technology. The ZHP Parties did not join Teva's motion and do not seek the negotiation of a validation protocol that determines when their review should be concluded.  In fact, the Plaintiffs and the ZHP Parties currently have no genuine dispute except to the extent that Plaintiffs may seek to prevent *all* defendants from using CAL in reviewing their documents for production. For the reasons set forth below, the ZHP Parties respectfully submit the Court should allow their use of CAL.

      CAL is a process whereby software analyzes documents that have *already been reviewed* and marked responsive or non-responsive to "learn" about the attributes of those documents. Based on that information, CAL then prioritizes the review of additional documents in the same data-set such that documents that are likely to be responsive are reviewed before documents that are unlikely to be responsive. CAL thus enhances the efficiency of a document review for both parties by continuously moving responsive documents to the front of the document review and production. In this way, CAL is different from predictive coding, which usually involves coding documents responsive or non-responsive without reviewing them based solely on what the software learns from certain "seed sets" of documents chosen by the parties, and which does not



The Honorable Joel Schneider
July 24, 2020
Page 2

continue to learn and re-prioritize documents except to the extent that new seed sets are added. The ZHP Parties do not intend to use predictive coding.

CAL also provides the parties with an opportunity to work together *during the review* to reassess the reasonableness and burden associated with the selection of the universe of documents to be reviewed. Due to the continuous prioritization of responsive documents, there may (and likely will) come a time during the review when the responsiveness rate is so low that the cost of further review presents an undue expense in light of the unreasonably low likelihood of finding more responsive documents. In that event, neither party would have an interest in reviewing the remaining documents, but Plaintiffs could choose to bear the costs of continuing the review if they disagree. At that point, the parties might agree to terminate or suspend the review to avoid unwarranted expenses, or the parties might agree to alter the review set in some mutually beneficial way.

It is possible that the responsiveness rate may never get so low as to provide for such cost-saving measures. In which case, the ZHP Parties would continue its manual review of all of the documents. Given this possibility, and consistent the June 19, 2019 ESI Protocol,[1] the ZHP Parties did not raise their anticipated use of CAL earlier. Consequently, an argument by Plaintiffs (if any) to preclude the use of CAL by the ZHP Parties at this stage, when no true dispute exists between the Plaintiffs and the ZHP Parties, would contradict the Sedona Principles and commonly accepted reasonable discovery practices.[2]

The ZHP Parties have not yet implemented CAL and do not intend to use it on the data of the priority custodians. Consequently, any argument by Plaintiffs that CAL will frustrate their ability to receive the data of their priority custodians is not applicable to the ZHP Parties' use of CAL in their document review.

---

[1] The ESI Protocol only requires a defendant to meet and confer with Plaintiffs if that defendant intends to narrow its review set through the use of TAR/predictive coding. As outlined herein, the ZHP Parties do not intend to use predictive coding and do not intend to unilaterally narrow the review set.

[2] Sedona Principle 6 provides: "Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information." The Sedona Principles: Second Edition, Best Practices Recommendations & Principles for Addressing Electronic Document Production, Principle 6 (available at www.TheSedonaConference.org) (applied in *In re Mercedes-Benz Emissions Litig.*, No. 2:16-cv-881 (KM) (ESK), 2020 U.S. Dist. LEXIS 3781, at *6 (D.N.J. Jan. 8, 2020)).



The Honorable Joel Schneider
July 24, 2020
Page 3

The ZHP Parties provide the following information about how their planned use of CAL relates to the questions the Court posed on July 18, 2020, regarding Teva's use of TAR:

1. The review of documents deemed non-responsive if TAR is used.

Under the ZHP Parties' document review workflow, no document in the review set will be unilaterally "excluded" from review. If/when the responsiveness rate becomes too low to warrant the costs of continuing the review, the ZHP Parties will raise the issue with Plaintiffs so that the parties can meet and confer to determine whether and how to conclude the review in a mutually agreeable way. Among other options, Plaintiffs may at that time elect to have the ZHP Parties continue the review at Plaintiffs' expense.

2. The criteria for marking documents responsive if TAR is used.

Documents that are responsive to the Court-approved document requests will be designated responsive by counsel for the ZHP Parties. Such designation will be made irrespective of the use of CAL.

3. Additional tagging if TAR is used.

CAL is applied during the review simply to prioritize the review of documents likely to be responsive. There are no additional tags that would assist the CAL software in its prioritization or that would enhance its effectiveness.

4. Referring back to original search term list if TAR is used.

If CAL is used, it is feasible to go back to the original Court-Ordered search term list from December, but this is simply one of many options the parties can consider in negotiating how to conclude the review in a mutually agreeable way.

_____

Based on the foregoing, the ZHP Parties respectfully oppose any request to preclude the use of CAL by the ZHP Parties.

Respectfully submitted,

*/s/ Seth A. Goldberg*

Seth A. Goldberg