# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION

No. 1:19-md-2875-RBK
Hon. Robert Kugler
Hon. Joel Schneider

**WHOLESALER, FOR COURT DECISION: DEFENDANTS' FACT SHEET**

> **Deleted: REPACKAGER, AND RELABELER**

In accordance with Case Management Order No. __, within 60 days of completion of a Defendants' Fact Sheet by all Pharmacy or Retailer Defendants, each wholesaler, Defendant ("Wholesaler Defendants" or "These Defendants") identified in a Defendant Fact Sheet by any Retailer or Pharmacy as an entity in the chain of distribution for drugs purchased and/or consumed by a particular Plaintiff must complete and serve this Defendant Fact Sheet ("DFS") on each Plaintiff's counsel identified in the PFS and on the Plaintiffs' Executive Committee through MDL Centrality. Further, no Retailer or Pharmacy Defendant will be required to serve a DFS until Plaintiff supplies a substantially completed and verified PFS. [Following section to be addressed globally] FOR COURT DECISION: A PFS shall be deemed "substantially complete" if all of the applicable information requested in section one of the PFS is provided, including but not limited to copies of prescription and/or pharmacy records demonstrating use of a Valsartan-containing drug, and for personal injury Plaintiffs, including a signed HIPAA authorization form and medical records and/or a certification under oath demonstrating that he or she has been diagnosed with the injury claimed in the PFS. If any Defendant at any level of the distribution chain does not believe that a PFS is "substantially complete," that Defendants must serve notice on each Plaintiff's counsel identified in the PFS and on the Plaintiffs' Executive Committee through MDL Centrality within 3 weeks of receipt of a PFS.

> **Deleted: repackager, and relabeler**
> **Deleted: Distributor/Repackager/Relabeler**
> **Formatted: Highlight**

Each response must provide the substantive information requested to the extent the information is reasonably accessible to the responding Defendant as maintained in the ordinary course of business, or, if applicable, the responding Defendant may produce or cite to produced documents or business records by Bates number in accordance with Federal Rule of Civil Procedure 33(d).

In filling out this DFS, These Defendants must respond on the basis of information and/or documents that are reasonably available to each of These Defendants and use the following definitions:

> **Deleted:**
> **Deleted: any required form**

**"AFFECTED DRUGS":** The Defendant-manufactured Valsartan-containing drugs identified in the PFS and confirmed by attached pharmacy records, by NDC code, and to the extent available, lot, batch, and/or other identifiers that allow confirmation of drug source.

**"SUBJECT TIME PERIOD(S):"** With regard to purchases of the Affected Drug or sales to a particular Relevant Pharmacy Defendant, six months before the plaintiff first purchased the Affected Drug from that Relevant Pharmacy Defendant until thirty days after the Plaintiff purchased the last Affected Drug from that Relevant Pharmacy Defendant as listed in the Plaintiff's PFS or attached pharmacy records. For clarity, there may be multiiple Subject Time Periods for a single PFS.

**"DOCUMENTS":** "Documents" as used in this request is coextensive with the meaning of the terms "documents," "electronically stored information" and "tangible things" as used in the Federal Rules of Civil Procedure, and shall have the broadest possible meaning and interpretation ascribed to those terms. To the extent "Documents" refers to electronically stored information, the scope shall be interpreted as consistent with the scope of communications contemplated by the Electronic Discovery Protocol (Dkt. 127) agreed to by the parties.

**"PLAINTIFF":** Means the Plaintiff who took valsartan-containing drugs in the individual action and completed the PFS to which this DFS relates.

**"RELEVANT PHARMACY DEFENDANTS"** means the pharmacies from which the Plaintiff purchased Affected Drugs and which are so identified in the PFS and/or through attached Pharmacy Records

**"YOU," "YOUR," or "YOURS":** Means the responding Defendant.

<u>CASE INFORMATION</u>

This DFS pertains to the following case: _____
                                        Case Name and Docket Number
Date that this DFS was completed: _____

Defendant completing this DFS: _____

A.  Based on the information provided by Plaintiff through the PFS and by the Retail Pharmacy Defendants identified therein, through their related DFS responses and through Your information, did you sell and/or distribute any of the Affected Drug(s) that were provided to the subject Plaintiff?

Yes _____ No _____ Cannot Determine _____

If your answer is Cannot Determine, please explain why:
_____
_____

2

---

Formatted: Font: Not Bold
Deleted: S
Deleted: s
Deleted: on
Deleted: .

Deleted: **"AFFECTED API":** The Valsartan API for any Affected Drug(s).¶

Deleted: any phmarcies
Formatted: Font: Not Bold
Formatted: Font: Not Bold
Formatted: Font: Not Bold
Formatted: Font: Not Bold
Deleted: the pharmacy

1.  Based on that same information, did you sell and/or distribute any of the Affected Drug(s) that were provided to the pharmacies identified in the PFS and attached pharmacy records provided by the Plaintiff?

    **Deleted:** n,

    Yes _____ No _____ Cannot Determine ___

    If your answer is Cannot Determine, please explain why:_____
    _____

B.  If your answer to Question A(1)) was "yes:"

    1.  Identify by NDC code, lot, batch, date of sale, quantity, expiry date, purchaser, FOR COURT DECISION, and location shipped each sale of an Affected Drug by You to the Relevant Pharmacy Defendant(s) during the Subject Time Period(s).

        **Deleted:** price

    2.  Identify by NDC code, lot, batch, seller, date of purchase, FOR COURT DECISION, and quantity, each purchase of an Affected Drug by You during the Subject Time Period.

        **Deleted:** price

    3.  Identify any testing, including the full results, done on that batch or lot of Affected Drug(s) listed in response to Question B.1 and B.2 that You were provided or conducted:

        a.  to identify impurities; or

        b.  to identify nitrosamines, and/or that identified any impurity or artifact, including but not limited to a nitrosamine.

    4.  State whether You supplied each test result identified in response to Question B.3 to the FDA or to any other entity or person (e.g., your actual or prospective customers), and, if so, identify the test result, and provide the recipient of the test result, date of communication and content of the communication.

    5.  Provide the date(s) on which You sent any recall notice to any Plaintiff, Plaintiff's Prescribing Physician/Clinic or Relevant Pharmacy Defendants identified in the PFS.

C.  Were any Affected Drugs returned to You by Plaintiff or a Relevant Pharmacy Defendant at any time FOR COURT DECISION during the Subject Time Period(s)?

    **Deleted:** between January 1, 2012-December 31, 2019

    **Deleted:** ¹

    Yes_____ No_____

    1.  If returned to You, provide the date of such return and by whom the Affected Drugs were returned;

3

2.   If returned to You, provide the current location of the returned Affected Drugs;

3.   If returned to You, provide the date and result of any nitrosamine-related testing done by You on any returned Affected Drugs, if any.

4.   To the extent You performed testing on the returned Affected Drug, state whether You supplied each test result identified in response to Question C.3 to the FDA or to any other entity or person (*e.g.*, your actual or prospective customers), and, if so, identify the test result, and provide the recipient of the test result, date of communication and content of the communication.

D.   *Answer only if Plaintiffs answered "yes" to question III.B.7 in the PFS:* Have You ever been contacted through the customer call or contact centers by Plaintiff or by anyone acting on behalf of Plaintiff (other than Plaintiff's counsel) at any time from the date Plaintiff began taking the Affected Drugs through the present?

Yes____ No____ Don't know ____

If yes, produce all non-privileged Documents evidencing that contact including video or audio recording of such contacts.

E.   Produce any non-privileged document You created before the filing of this lawsuit which relates to or refers to the specific Plaintiff identified in the PFS.

F.   Subject to limitations set forth in this Fact Sheet concerning timeframes and categories of relevant information, please produce any recall advisory communication You sent to or received from any of Plaintiff's Prescribing Health Care Providers identified in the PFS and/or Primary Treating Physicians identified in the PFS. To the extent the exact copy of any such communication is not reasonably available, please produce the template of any such letter.

## **VERIFICATION**

I am a duly authorized representative of _____, a Defendant

named in this litigation. I am authorized by this Defendant to execute this certification on the corporation's behalf. I hereby certify that, while the information provided in the accompanying Response to Defendant' Fact Sheet is not within my personal knowledge, the facts stated therein have been assembled by authorized employees and counsel, upon which I relied. I hereby certify,

**Deleted:** Legal Counsel for

**Deleted:** each

**Deleted:** s'

**Deleted:** but

4

in my authorized capacity, that the responses to the aforementioned Defendant's Fact Sheet are

true and complete to the best of my knowledge on information and belief.

Date:_____          _____
                                                                Signature

Name:_____

Employer: _____

Title: _____

**Deleted:** '

5