# EXHIBIT D

| | | |
|---|---|---|
| NEW YORK | **Duane Morris®** | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | SETH A. GOLDBERG | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1175 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 689 2198 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* SAGoldberg@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

July 24, 2020

VIA EMAIL

Adam M. Slater, Esquire
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, NJ  07068

      Re:    *In re Valsartan Products Liability Litigation*
               Case No. 1:19-md-02875-RBK-JS

Dear Mr. Slater:

      I write on behalf of the Defendants' Executive Committee. With paper discovery and Rule 34 productions underway, we are now entering what Judge Schneider has recognized as a "transition phase" in this litigation. We have discussed the possibility of taking depositions of the putative class representatives before the end of the year and, on a parallel track, we anticipate initiating plaintiff-specific discovery on the personal-injury side.

      To allow discovery to progress as efficiently as possible, it would be helpful if Plaintiffs could disclose the specific types of cancer for which they anticipate providing expert reports on the issue of general causation. In looking at the Short Form Complaints, we've identified over 30 variations of cancer Plaintiffs allege to have been caused by nitrosamine impurities in valsartan-containing medications. In fact, one case (*Dinges*) purports to involve "all classes of cancer."

      Of course, "even the strongest carcinogens don't raise the risk of all types of cancer." *See* American Cancer Society, *Determining if Something is a Carcinogen*. Put differently, cancer is "a heterogeneous disease" and therefore it "is inconceivable that a pharmaceutical agent should act as a universal carcinogen, as not even strong carcinogens, such as tobacco smoking and radiation, are universally carcinogenic." Pottegard, et al., *Basic Clin. Pharmacol. Toxicol.* (2018). Thus, when evaluating association and causation, "differentiation according to histological subtypes" must be employed. *Id.*

DuaneMorris

Adam M. Slater, Esquire
July 24, 2020
Page 2

    Simply put, we propose to streamline discovery by eliminating the need to collect medical records and take discovery in cases involving types of cancer which Plaintiffs do not intend to support through expert testimony. Indeed, this information would be relevant not only to the personal-injury cases, but also to the medical-monitoring and class actions. Notably, Judge Rosenberg in *Zantac* recently entered a case management order requiring the plaintiffs to make this sort of disclosure by January 8, 2021—just 10 months after that MDL was formed. So timing shouldn't be an issue in our case and, frankly, Plaintiffs should have epidemiological data supporting their theory of causation before filing suit.

    What we envision would be the establishment of deadlines to allow general-causation issues to be litigated in an efficient, timely manner. We propose the following stages which mirror what has been implemented in *Zantac*. First, Plaintiffs disclose the types of cancer for which expert testimony will be provided. Second, Plaintiffs identify the disciplines and specializations of general-causation experts and areas of expertise relevant to each expert's general-causation expert report, with Defendants making a similar disclosure thereafter. Third, Plaintiffs serve their general-causation expert reports and produce their experts for deposition. Fourth, Defendants serve their general-causation expert reports and produce their experts for deposition. And, finally, the filing of *Daubert* motions and related briefing.

    Please let us know your availability to meet and confer about the deadlines for the stages set forth above. We intend to introduce the concept at next week's case management conference but, obviously, the parties will need more time to meet and confer on the specifics. In the meantime, I would welcome any questions.

                                                                       Very truly yours,

                                                                       Seth A. Goldberg

DM1\11296123.1
cc: Plaintiffs' Executive Committee (**Via Email**)
     Defendants' Executive Committee (**Via Email**)