# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

| | | |
|---|---|---|
| David A. Mazie* | **Writer's Direct Dial**: (973) 228-0454 | Karen G. Kelsen° |
| Adam M. Slater*° | **Writer's Email:** aslater@mazieslater.com | Cheryll A. Calderon |
| Eric D. Katz*° | | Adam M. Epstein° |
| David M. Freeman | | Cory J. Rothbort*° |
| Beth G. Baldinger | | Michael R. Griffith° |
| Matthew R. Mendelsohn° | | Christopher J. Geddis |
| David M. Estes | | |

°Member of N.J. & N.Y. Bars

*Certified by the Supreme Court of
 New Jersey as a Civil Trial Attorney

August 6, 2020

**VIA ECF**

Honorable Joel Schneider, U.S.M.J.
U.S. District Court for the District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, New Jersey 08101

Re:    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, No. 1:19-md-02875-RBK-JS (D.N.J.)*

Dear Judge Schneider:

I am writing on behalf of the Plaintiffs in response to the letter submitted on behalf of the Teva Defendants ("Teva") in support of their request to withdraw their application to be permitted to utilize TAR in connection with their review of documents for production.

On July 1, 2020, Teva advised that despite (1) choosing to utilize a search term methodology to identify custodial documents for production (after refusing to run tests and share hit reports with the plaintiffs up front), (2) agreeing to the entry of an Order in December, 2019 to implement that methodology, and (3) joining with the other defendants in or about March, 2020 to complain that the search terms agreed to in December, 2019 were too broad and needed to be narrowed, resulting in an intensive negotiation that resulted in the agreed entry of a supplemental

Order modifying the search terms, Teva had determined that they did not want to incur the cost of reviewing the documents collected per the agreed search terms. Instead, they wanted to utilize a TAR system to identify a subset of the overall document set that would be deemed likely unresponsive, and thus not be reviewed. This was grossly out of time, and injected a massive distraction into this already intensive litigation.

Plaintiffs' initial reaction was to favor continuing forward with the search terms, and not to modify the methodology, however Plaintiffs agreed to meet and confer. During the course of the meet and confer some questions were answered, many were not, and Teva cited to a series of cases establishing ample authority that the search terms should be used, with all documents that Teva chose not to review to be provided to Plaintiffs, subject only to privilege. The cases also established that the producing party must adhere to its search methodology decision once determined.

However, in the spirit of compromise, Plaintiffs moderated their position to ultimately agree to Teva's use of TAR, at first only if all of the unreviewed documents were to be provided to Plaintiffs along with the samples reviewed along the way, but ultimately Plaintiffs agreed to a TAR protocol with only a tiny fraction of the documents to be provided to the Plaintiffs – the 5000 document Audit Sample proposed by Teva. These and other compromises represented a leap of faith by the Plaintiffs, fully protected Teva's legitimate substantive interests, and gave Teva what they said they needed at the outset – relief from the cost attendant to the need to review all of the documents collected.

Teva's ultimate position, that it cannot agree to the protocol unless the protocol is confidential, and that Teva would rather withdraw its motion after over a month of intensive work and significant expert costs, raises troubling questions. At this point, in the interest of moving

forward from this damaging distraction, Plaintiffs request that Teva be given a simple choice: (1) utilize the TAR protocol that has been negotiated, in the form last provided by Plaintiffs to Teva, with an Order providing that Teva cannot seek costs, or (2) comply with the search terms protocol, reviewing all documents identified by the search terms in good faith as required, pay Plaintiffs' costs and fees wasted on the TAR proposal from July 1 to now, with an explicit Order that Teva cannot revisit this issue again as they brazenly suggest they may in their letter, and cannot seek costs in connection with the production. This will put this issue to bed, and allow the parties and the Court to return to the important work at hand.

        Thank you for your Honor's courtesies and consideration.

                                      Respectfully,

                                      ADAM M. SLATER