

Lori G. Cohen
Tel 678.553.2385
Fax 678.553.2386
cohenl@gtlaw.com

August 7, 2020

**VIA CM/ECF**

The Honorable Joel Schneider
United States District Court for the District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

> Re:   *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation.*, U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-RBK-JS

Dear Judge Schneider:

On behalf of the Teva Defendants, we feel compelled to respond to Plaintiffs' August 6th correspondence [Dkt. 545], essentially asking for unwarranted punitive measures, even after Teva withdrew its request, for simply proposing to use assisted review technology to exclude nonresponsive documents that is reasonable, recognized as reliable by the experts, contemplated by the ESI Protocol in this case, and undeniably authorized by the Federal Rules of Civil Procedure and applicable case law which holds that a responding party controls the manner of review and production of its own documents. And which ongoing use of the technology to prioritize review has already mutually benefited *Plaintiffs* by resulting in a faster, more robust and more complete preliminary production as attested to by Dr. Maura Grossman. Plaintiffs point to no wrongdoing by Teva and provide absolutely no basis under any rule or authority that would authorize sanctions. To the contrary, Teva has complied with all deadlines, preservation obligations, and Court orders to date, and Plaintiffs have shown no bad faith whatsoever, nor any intent to harass, delay or drive up costs. Plaintiffs' request is unfounded, at best premature, and frankly ludicrous given that Teva has made two significant productions of ESI to date, more than any other Defendant in this litigation.

Teva has attempted to negotiate in good faith with Plaintiffs on this issue every step of the way and it is *Plaintiffs* that have stood in the way of progress, as they continue to insist that they are now entitled to direct receipt of Teva's nonresponsive and irrelevant documents, which would not be produced as part of a manual review. This is not the law and flies in the face of proportionality. Plaintiffs' requests should be denied.

## I. The TAR Issue is Moot as a Result of Teva's Withdrawal

As to Plaintiffs' suggestion that the Court now order a "Hobson's choice" between 1) Plaintiffs' unreasonable and benchmark-setting TAR protocol requiring, among other things, Teva to produce as many as 5,000 non-responsive documents directly to Plaintiffs; or 2) Teva to apply the search terms and review the documents while being denied the ability to seek costs associated with a disproportionate review, such an order's "need" is fictional. As Plaintiffs refused to reach a reasonable agreement on a validation protocol consistent with the law, Teva has succumbed to moving forward with search terms and document review, as we made clear when we withdrew Teva's request [Dkt. 544], and this issue is now moot. There is no viable case or controversy actively pending before the Court on the validation protocol. Rather, Plaintiffs' attempt to manage Teva's document review strategy here is improper.

It is worth noting that Plaintiffs (in front of the Court) have inexplicably deemed themselves entitled to *"the most Plaintiff friendly TAR protocol"* in history and likewise deemed themselves the arbiter to decide where to set the new benchmark. Yet Plaintiffs continue to either misunderstand or mischaracterize the protocols from other litigations and rely on inapplicable TAR 1.0 protocols, protocols involving entirely different platforms and technology, or protocols involving punitive aspects. **There is no TAR 2.0 protocol our leading expert is aware of that gives Plaintiffs what they are demanding, unfettered access to as many as 5,000 nonresponsive and irrelevant documents, where there is no bad faith or misconduct.** This has left Teva with no *reasonable* choice other than to proceed with search terms, a manual review, and reserve its rights to seek cost-shifting moving forward based on proportionality principles pursuant to Rule 26. Plaintiffs' shotgun attempt to foreclose Teva's rights here prematurely and reward their categorical unreasonableness in discovery negotiations is distasteful and unsupported by law or fact.

## II. Plaintiffs' Fee Request Lacks Justification in Fact or Law and Should be Denied

Plaintiffs' request for costs and fees should be swiftly denied. Plaintiffs have offered no support, either in law or fact, for their request for fees and, indeed, it is because there is none. There are no factual allegations that Teva failed to comply with a discovery order of this Court or that Teva failed to preserve its ESI. There is also no allegation that Teva filed the letter brief in support of its motion to enforce the ESI protocol for improper purposes such as to harass, delay, or needlessly increase the cost of litigation. In fact, Teva filed its brief in order to *streamline* discovery and *decrease* the costs of litigation for the benefit of all parties. Plaintiffs' own unreasonableness in negotiating a validation protocol should not be rewarded or indulged by this Court.

When Teva first raised the idea of using CMML to Plaintiffs, in an effort to be transparent, Teva made clear it was not yet at a point where it intended to exclude documents from review. In other words, Teva was engaging in a linear review of the search term hit documents just as Plaintiffs are requesting now. While Plaintiffs have complained that they are too busy to deal with this now, as the Court will recall, Plaintiffs are the ones who forced the parties and the Court to spend time on this issue *now*. Teva's initial notice was very clear that Teva is only using CMML to help prioritize the documents for manual review and that if and when Teva desired to use the technology more fully, presumably at a point where actual data and metrics were available, Teva

2

would engage in discussions with counsel. Plaintiffs instead insisted that if Teva was to have any expectation of using the technology to its fullest potential, the issue and the TAR protocol had to be negotiated *immediately* based on the parties' assumptions.

Plaintiffs' own inexplicable resistance and lack of good faith is to blame for the time, effort and costs spent on this process over the last month. With each meet and confer or conversation with the Court, Teva and its expert have sharpened their pencils and gone back to the drawing board, only to be met with sequential rejections and the repeated ultimatum – that Teva must be willing to turn over thousands of irrelevant, nonresponsive documents to Plaintiffs with no legal basis. Plaintiffs have demonstrated they have had no intention to negotiate in good faith and they are unwilling to trust Teva, its expert, its vendor, a third-party neutral vendor or even this Court to review these documents.

There is no basis in fact or law supporting Plaintiffs' request for fees and costs. Plaintiffs have not made an adequate showing under any rule or authority for an award of fees and expenses. For all these reasons, Plaintiffs' request for fees and costs should be denied.

### III.  The Request to Bar Teva from Making Subsequent Showing for Cost-Sharing is Unfounded and Premature

Teva should not be punitively and categorically barred from doing what it is entitled to do under Rule 26 – making a proportionality motion for cost-shifting or additional measures when the facts suggest same is appropriate. If after manual review of sufficient documents which the CMML system predicts are non-responsive, Teva determines that indeed those documents are nonresponsive and the ongoing costly review process is not yielding any materially responsive documents to be produced to Plaintiffs, Teva is entitled to make that showing pursuant to Rule 26 and the factors set forth in the seminal cost-shifting cases of *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003) and *Rowe Entertainment, Inc., et al. v. William Morris Agency, Inc.*, et al., 205 F.R.D. 421 (S.D.N.Y. 2011). Put simply, there is no universe in which reviewing millions of documents that are non-responsive is proportional to the needs of the case as Rule 26 requires.

Indeed, in a cost-shifting analysis, courts consider, among other factors: "the likelihood of discovering critical information"; "the relative benefit to the parties of obtaining the information"; "the total cost associated with production"; and "the relative ability of each party to control costs and its incentive to do so." *Rowe,* 205 F.R.D. at 429; see also, *Juster Acquistion Co., LLC v. North Hudson Sewerage Authority*, 2013 WL 541972, at *4 (Feb. 11, 2013) (noting that the Third Circuit has adopted the *Zubulake* and *Rowe* factors). Here, there is no proven likelihood for Plaintiffs to discover critical information, as Plaintiffs are forcing Teva to review millions of documents that CMML—a reliable and well recognized technology—has indicated are likely non-responsive. To that end, there is no proportional benefit to either party because if, in fact, the vast majority of these documents are truly non-responsive, then Teva will go through the exercise of reviewing them only for Plaintiffs to obtain no materially significant information in discovery than they are already receiving via the responsive documents that justifies the excessive expense. The total cost to Teva associated with engaging in this exercise is ***millions of dollars*** (not to mention the distraction it presents for Teva's defense team) and far outweighs any proportional benefit to

3

Plaintiffs associated with this review. And, it appears that Plaintiffs' only incentive here is to drive up the costs of litigation, which is exactly the scenario that cost-shifting is meant to remedy.

Moreover, as this Court has made clear on numerous occasions, any party may ask the Court to revisit an issue upon a showing of good faith. *See* Trans. May 29, 2020 CMC, 53:5-9 ("[B]ut, again, for good cause, if you find, any defendant finds that it's unduly burdensome, disproportional, make an application and the court will consider it."); *see, e.g.*, *id.* 45:23-46:2; Trans. June 26, 2019 CMC, 41:3-13; Trans. July 24, 2019, 15:18-16:3; Trans. Aug. 14, 2019 CMC, 41:11-18. Rest assured Teva would not ask the Court to "revisit" any TAR issue without ample showing of a good reason for doing so and the presentation of additional facts, data or metrics that are not yet available at this point in the process.

Accordingly, Plaintiffs' request to bar Teva from raising any proportionality argument or seeking costs related to this production in the future is unwarranted, inconsistent with the law and should be swiftly denied. We feel confident Your Honor has spent enough time on this issue to understand we have acted in good faith—making numerous concessions and attempting to propose solutions which have been roundly rejected by Plaintiffs, including the solutions proposed by the Court over the last two days to which Teva was willing to agree. Again, we thank the Court for your significant efforts in trying to help the parties reach a reasonable agreement on these issues.

.

Respectfully submitted,

*/s/ Lori G. Cohen*
Lori G. Cohen
Victoria Davis Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Rd., NE
Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Jeffrey W. Greene
GREENBERG TRAURIG, LLP
One International Place
Suite 2000
Boston, MA 02110
Tel: (617) 310-6031
Fax: (617) 897-0931
greenej@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., [1]Actavis LLC, and Actavis Pharma, Inc.*

---

[1] Do we need to reserve anything here for personal jurisdiction here?

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2020, I served the foregoing letter to the Court which was served on all counsel of record via filing in the CM/ECF system.

*/s/ Steven M. Harkins*