# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

_____

*Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis

_____

°Member of N.J. & N.Y. Bars

August 25, 2020

**VIA CM/ECF**

Honorable Robert Kugler, U.S.D.J.
U.S. District Court for the District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, New Jersey 08101

Honorable Joel Schneider, U.S.M.J.
U.S. District Court for the District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, New Jersey 08101

Re:   *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
        No. 1:19-md-02875-RBK-JS (D.N.J.)

Dear Judge Kugler and Judge Schneider:

Plaintiffs respectfully submit this letter brief in advance of the upcoming August 26, 2020 telephonic case management conference.

1. **Status of Manufacturer Defendants' Rolling Productions**

Plaintiffs have begun reviewing Defendants' limited rolling productions.  Since the July CMC with the Court, the Manufacturer Defendants have produced fewer than 5,000 documents. On August 17, Plaintiffs identified areas of concern with Defendants' productions to date, including issues with production logs, lack of privilege log productions, and issues related to the metadata provided with these productions.  Plaintiffs also requested that Defendants provide information related to Defendants' efforts in complying with Plaintiffs' prioritization requests.

Hon. Robert Kugler, U.S.D.J.
Hon. Joel Schneider, U.S.M.J.
August 25, 2020
Page 2

Plaintiffs' letter is attached hereto as Exhibit A.  Thus far only ZHP, Mylan, Hetero, and Torrent have responded.  Plaintiffs attach these letters as Exhibit B.  The fact that these issues exist at this stage of the production is very concerning.

2. **Additional Custodians**

Plaintiffs have identified two ZHP employees who were *never once* identified by Defendant ZHP in the months of protracted conferral regarding the selection of key custodians with personal knowledge regarding the sale of Valsartan API.  As set forth in the letter submitted as Exhibit A, these are clearly significant custodians.  In fact, these persons are present in hundreds of documents produced by Defendant Teva regarding ZHP's sale of Valsartan API (including documents indicating there were countless in-person meetings between the two companies involving all of the additional custodians requested by Plaintiffs), there can be no question these custodians should have been disclosed.  ZHP's automatic refusal does not satisfy ZHP's obligations here.

3. **Deposition Protocol**

On July 10, 2020, Plaintiffs served a proposed fact witness deposition protocol, modeled largely on the order in Benicar, with a section addressing Covid-19 considerations, a few months ago.  A copy is attached as Exhibit C.  Defendants have indicated that they intend to respond but have not done so to date.

4. **Retailer/Wholesaler Discovery**

Plaintiffs are in the process of reviewing the Retailer and Wholesaler Defendants' initial production of documents.  As of today, these Defendants have produced approximately 500 documents between 12 entities.

Hon. Robert Kugler, U.S.D.J.
Hon. Joel Schneider, U.S.M.J.
August 25, 2020
Page 3

### 5. Plaintiff Fact Sheets

The Parties had a productive meet and confer on Friday regarding alleged deficiencies identified by Defendants in various plaintiffs' fact sheets. As a result of this meet and confer, the list being submitted to the Court has been shortened. Late in the afternoon on Tuesday, Defendants provided the PEC with a list of cases for which they intend on seeking Orders to Show Cause from the Court. Plaintiffs have informed Defendants that they take issue with only one case on their list. Defendants contend that a plaintiff's failure to supply complete information about the medical bills associated with the plaintiff's injury is a "core deficiency." This particular plaintiff has completed the rest of the PFS, and Defendants do not contend that deficiencies remain in any other section. Thus, Defendants have all necessary information to evaluate the merits of the plaintiff's claim. Plaintiffs respectfully contend that in this instance, an order compelling the plaintiff's response is more appropriate. An Order to Show Cause and a potential dismissal is a wholly disproportionate consequence in light of the category of information sought.

Respectfully,

ADAM M. SLATER

cc:   All Counsel (via CM/ECF)