# Exhibit B

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

**Duane Morris®**

*FIRM and AFFILIATE OFFICES*

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
E-MAIL: SAGoldberg@duanemorris.com

www.duanemorris.com

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

August 24, 2020

VIA EMAIL

Adam Slater, Esq.
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, NJ 07068
aslater@mazieslater.com

Re: **In re Valsartan, Losartan, and Irbesartan Products Liability Litigation**
    **Civ. No. 19-2875 (D.N.J.)**

Counsel:

This responds to Plaintiffs' letter dated August 17, 2020, wherein Plaintiffs assert "apparent and potential deficiencies in the ZHP Defendants' productions," and request custodial productions data from three additional ZHP employees.

Plaintiffs' request for privilege logs from the ZHP Defendants is misplaced because the ZHP Defendants have not produced any document families containing information that has been redacted or withheld for privilege.

Plaintiffs' request for additional information in the "Source(s)" column of the production indexes is not consistent with the requirements of the ESI Protocol. Nevertheless, I understand that my colleague Joe Ferretti and Behram Parekh, who is on the PEC, have come to an understanding about this request, and the ZHP Defendants will endeavor to provide additional information in the "Source(s)" column pursuant to that understanding.

Plaintiffs' request related to the prioritization of documents is premature. The ZHP Defendants are making and have made considerable efforts to prioritize the production of each of the categories of information that Plaintiffs have asked to be prioritized. Those efforts continue.

DuaneMorris

Adam Slater, Esq.
August 24, 2020
Page 2

The ZHP Defendants have produced information pertaining to testing and the "Novartis/ZHP Issue," and expect to produce more in the coming weeks on a rolling basis.

Lastly, the ZHP Defendants reject Plaintiffs' request for two of the three identified additional custodians. One of the additional custodians requested is already a document custodian. "Karen Xu" is "Mi Xu," who is a document custodian. Plaintiffs have not demonstrated good cause for expanding the Court's order granting Plaintiffs eighty-one (81) ZHP-related custodians with respect to the two other ZHP employees you have identified. If Plaintiffs' persist in requesting their custodial files, we should arrange a meet and confer to discuss your bases for these requests.

Sincerely,

*/s/ Seth A. Goldberg*

Seth A. Goldberg

cc:   Plaintiffs' Executive Committee (*via email*)
      Counsel for Defendants Teva, Mylan, Aurobindo, Torrent, and Hetero Labs (*via email*)



38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA  15219
412.263.2000    FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.:  412.263.1816
DIRECT FAX NO: 412.263.2001
FILE NO:  MYLAN-112578
E-MAIL:  cct@pietragallo.com

August 24, 2020

**Electronic Mail**

Adam Slater
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway, Suite 207
Roseland, NJ 07068
aslater@mazieslater.com

Re:   *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
USDC, District of New Jersey, No. 1:19-md-2875-RBK-JS

Dear Mr. Slater:

I write on behalf of Mylan in response to Plaintiffs' letter dated August 17, 2020 concerning "apparent and potential deficiencies in Defendants' productions." Plaintiffs have incorrectly raised several alleged "deficiencies" with regard to Mylan related to (1) privilege logs, (2) production indexes, and (3) testing documents. This correspondence seeks to clarify each of these issues.

First, with respect to privilege logs, Mylan's most recent July 15, 2020 production of non-custodial ESI responsive to Plaintiffs' Rule 34 Requests did not contain any documents that were redacted or withheld on the basis of privilege. Indeed, Mylan has produced only a small number of privileged documents to date in this litigation, and has already provided a Privilege Log to Plaintiffs with respect to those documents. Mylan will provide privilege logs going forward, as needed, trailing each production. Further, with regard to a redaction log, Mylan requests the opportunity to meet-and-confer with Plaintiffs concerning both the content of such a log, and more generally, the need for a redaction log at this time given the nature of the information that Mylan has redacted from documents it has produced to date.

Second, Mylan flatly rejects Plaintiffs' assertion that "each defendant has produced a deficient Production Index with each of its productions." The production indexes that Mylan has provided to Plaintiffs comply with both the ESI Protocol, and with Plaintiffs' January 2020 request that information be included with the index that goes beyond that which the ESI Protocol requires. Plaintiffs specifically allege that the Defendants have failed to include required "source" information, stating that "the indexes often simply list "Custodial Production" or "Non-Custodial Production." Mylan, however, has identified specific categories of non-custodial documents by type and bates range. Further, we understand that Plaintiffs have made additional requests regarding the manner in which the "source" information should be defined. Mylan believes it has already provided the level of additional detail requested by Plaintiffs.

Adam Slater
Page 2
August 24, 2020

      Finally, Plaintiffs incorrectly state that "Plaintiffs have only received a limited production of testing documents from ZHP and have received no non-custodial testing documents from the other Defendants." To the contrary Mylan has produced chromatography testing documents related to finished dose valsartan, which are contained in production volume 23 at MYLAN-MDL2875-00211465-MYLAN-MDL2875-00211489. Mylan will continue to produce testing documents on a rolling basis.

      We trust that this clarifies each of the alleged "deficiencies" identified in Plaintiffs' August 21, 2020 letter. To the extent questions remain, please do not hesitate to contact me.

      Very truly yours,

      Clem C. Trischler

c:    valpec@kirtlandpackard.com
      Seth Goldberg
      Victoria Lockard
      Jessica Heinz
      Brittany Nagle
      Grant Wright
      Jason Reefer
      Frank Stoy



21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
609.924.0808 *main* | 609.452.1888 *fax*

www.hillwallack.com

WRITER'S DIRECT DIAL: (609) 734-6358

August 25, 2020

*Via Electronic Mail*

Layne Hilton
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130

   Re: <u>*In re Valsartan, Losartan and Irbesartan*</u>
     *Civil Action No. 19:md-2875-RBK-JS*

Dear Counsel:

  We represent Defendants Hetero Drugs Ltd. and Hetero Labs Ltd. ("HLL") in the above referenced matter. HLL writes in response to Plaintiffs' letter dated August 17, 2020, setting forth alleged deficiencies in HLL's document productions.

  As an initial matter, Plaintiffs requested that HLL provide a privilege log regarding redacted documents or those withheld on the basis of privilege. HLL submits that it has thus far not produced redacted documents, nor withheld documents on the basis of privilege. As such, HLL states that it is not required to provide a privilege log at this time.

  Second, Plaintiffs contend that Defendants' Production Indexes fail to conform to the ESI Protocol in this litigation. While HLL disagrees with Plaintiffs' position that HLL's Production Indexes were deficient, HLL is aware that our co-defendant ZHP has come to an agreement with Plaintiffs' Counsel Behram Parekh regarding the scope of information to be contained in the "Sources" column. Consistent with that agreement, HLL will provide additional information in the "Sources" column, which will accompany HLL's Third ESI Production on or about 9/15/20.

  Finally, Plaintiffs assert that HLL has failed to adhere to the prioritization of discovery list that Plaintiffs have previously provided to Defendants. HLL states that it is making every effort to comply with Plaintiffs' proposed prioritization. Moreover, HLL will continue to diligently produce documents which Plaintiffs have prioritized.

  If you have any questions or concerns, please do not hesitate to contact me. Thank you for your time and attention in this matter.

               Sincerely,

               s/ Eric I. Abraham
               ERIC I. ABRAHAM

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 2

cc:  Adam Slater, Esq. (via email)
     Valsartan PEC List-Serve (via email)
     Counsel for Defendants Teva, Mylan, Aurobindo, Torrent, ZHP (via email)

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Alexia Renee Brancato
To Call Writer Directly:
+1 212 909 3344
alexia.brancato@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

August 25, 2020

**Via E-mail**

Adam Slater
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Pkwy, 2nd Flr.
Roseland, NJ 07068
Phone (973) 228-9898
aslater@mazieslater.com

Re: *In re Valsartan Products Liability Litigation*, MDL No. 2875 (RBK/JS)

Dear Counsel:

I write on behalf of Defendants Torrent Pharmaceuticals, Ltd. and Torrent Pharma, Inc. (collectively, "Torrent") in response to Plaintiffs' letter dated August 17, 2020 regarding alleged deficiencies in Defendants' productions. Plaintiffs have raised three alleged "deficiencies" with regard to Torrent: (1) privilege logs, (2) production indexes, and (3) testing documents. Torrent will address each issue in turn.

*First*, with respect to privilege logs, Torrent's July 15, 2020 production did not contain any documents that were redacted or withheld on the basis of privilege. Torrent will provide privilege logs as needed. With respect to a redaction log, Torrent does not intend to redact anything other than privileged information, and in extremely rare instances, sensitive personal information such as social security numbers and credit card numbers, which will be clear on the face of the document.

*Second*, with respect to the request for additional information in the "Source(s)" column of the production indexes, Torrent will provide additional information pursuant to the agreement reached between Joe Ferretti of Duane Morris on behalf of Defendants, and Behram Parekh on behalf of Plaintiffs.

# KIRKLAND & ELLIS LLP

Adam Slater
August 25, 2020
Page 2


***Third***, with respect to Plaintiffs' request for testing documents, Torrent believes this request is premature. As conveyed to Plaintiffs' during initial discussions regarding the prioritization of certain categories of documents, many of Torrent's testing records are located in India and have not been collected due to COVID-19 shutdowns. Torrent has prioritized the review of documents hitting on testing search terms in its possession and remains committed to prioritizing other categories of documents requested by Plaintiffs.


Sincerely,

*/s/ Alexia R. Brancato*

Alexia R. Brancato