# EXHIBIT E

# GT GreenbergTraurig

Victoria Davis Lockard
Tel 678.553.2103
lockardv@gtlaw.com

August 25, 2020

**VIA E-MAIL ONLY TO** valpec@kirtlandpackard.com

| | |
|---|---|
| Ruben Honik<br>David Stanoch<br>Golomb & Honik, P.C.<br>1835 Market Street<br>Suite 2900<br>Philadelphia, PA 19103<br>rhonik@golombhonik.com<br>dstanoch@golombhonik.com<br><br>Adam Slater<br>Mazie Slater Katz & Freeman, LLC<br>103 Eisenhower Parkway<br>Suite 207<br>Roseland, NJ 07068<br>aslater@mazieslater.com | Daniel Nigh<br>Levin Papantonio Thomas Mitchell Rafferty<br>& Proctor, P.A.<br>316 S. Baylen<br>Suite 600<br>Pensacola, FL 32502<br>dnigh@levinlaw.com<br><br>Conlee Whiteley<br>Kanner & Whiteley, LLC<br>701 Camp Street<br>New Orleans, LA 70130<br>c.whiteley@kanner-law.com<br><br>Behram Parekh<br>Kirtland & Packard LLP<br>1638 South Pacific Coast Hwy<br>Redondo Beach, CA 90277<br>bvp@kirtlandpackard.com |

Re: *In re: Valsartan Products Liability Litigation.*, **U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-RBK-JS**

Dear Counsel:

I write on behalf of the Teva Defendants in response to your letter dated August 17, 2020 alleging certain "apparent and potential deficiencies" as to Teva and other Defendants' document productions, and seeking to expand the list of Teva's ESI custodians.

### I. Teva will Provide Its Privilege Log

The Teva Defendants will meet their obligation under the ESI Protocol to provide Plaintiffs with a privilege log associated with Teva's production, which is ongoing on a rolling basis and due to be completed November 29th. Teva's first priority, however, is in conducting its review and meeting the Court's interim production milestones. For purposes of expediently producing documents to Plaintiffs on the schedule mandated by the Court, given the volume of material Teva must get through, it is impractical and inefficient for us to provide a contemporaneous privilege

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
August 25, 2020
Page 2

log with each and every interim production. Doing so would require Teva to divert resources away from the actual review and production, slowing the delivery of documents to Plaintiffs and introducing the potential for bottlenecking of the productions. We believe all parties would like to avoid this scenario. The Teva Defendants are amenable to meeting and conferring on a schedule for production of Teva's privilege log to trail each of the rolling document productions.

Similarly, the Teva Defendants will be providing a log of redactions for privileged and work-product information in accordance with the ESI protocol. The basis for non-privileged redactions, i.e., other products or personal information, is readily apparent from the face of the documents produced, and any log of this information would be entirely redundant. The burden and expense required to create a log of such self-evident redactions on a production of this size is not proportionate to the needs of the case. To the extent Plaintiffs believe the ESI protocol mandates such a log, superfluous that it is, we propose to meet and confer so that Teva can better understand the basis for requesting this information.

## II. Teva's Production Indices are Complete and Compliant

As for the generalized complaint regarding the Defendants' production indices, please confirm whether you have concerns about Teva's indices, and if so specify what. Your primary complaint seems to be directed at Defendants who merely identified the documents as "Custodial Production" or "Non-Custodial Production" in the source column without further detail. Given that Teva provided detailed descriptions in its indices, e.g., describing the documents produced on July 15th as "Non-custodial documents including Quality Supplier Agreements for the Sale of Valsartan API; Validation Specifications associated with Valsartan API; Certificate of Analyses associated with Valsartan API; OOS and OOT reports, and any root cause analyses, as a result of Valsartan API testing and/or validation" and clearly identified the custodians from which the Bates ranges originated, we assume your complaints are not with Teva, as we believe we are in compliance with the ESI protocol.

Moreover, as a reminder, the defense group engaged in negotiations with Mr. Parekh in January 2020 as to the specific content to be included in these indices, and Teva has subsequently made eleven (11) separate document productions between January 31, 2020 and July 16, 2020 in reliance on those discussions. As was discussed in January, some of the indices information Plaintiffs have requested is redundant to the extensive metadata being provided in connection with these productions, and requiring Defendants to manually recreate this data for productions of the volume at issue here is overly burdensome. Teva is willing to meet and confer on refining the type of information provided in these production indices, within reason, but rejects the allegation that any of the indices produced to date are deficient or inconsistent with either the ESI protocol or the parties' prior agreements.

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
August 25, 2020
Page 3

### III.   Teva Has Endeavored in Good Faith to Prioritize Documents Where Possible

Teva is making good faith efforts to meet Plaintiffs' prioritization requests as to both the custodial and non-custodial productions, however, Plaintiffs misstate Defendants' obligations with respect to this endeavor and mischaracterize what the Court ordered Defendants to do. Nonetheless, Plaintiffs also misstate that they have not received any non-custodial testing documents from the Teva Defendants. As discussed with Plaintiffs' counsel previously and noted to the Court on the record at the April 15, 2020 Teleconference, the testing records for our clients' individual batches of valsartan-containing drugs are stored in hard copy in Israel and Bulgaria. (Trans. Apr. 15, 2020 Teleconference, 17:6-10). Collection of these materials has obviously been impacted—and indeed rendered entirely impossible for months—by the ongoing global COVID-19 pandemic. Teva nevertheless collected and produced complete batch records, including analytical testing, for a sample of these batch records from its manufacturing sites on January 31, 2020 and July 15, 2020. Given the excessive volume and extraordinary cost associated with producing each of these individual batch records, which are largely indistinguishable with respect to nitrosamines, and accessible solely in hard copy in foreign countries, Teva previously discussed with Plaintiffs' counsel Layne Hilton the solution of producing a subset or sample of these records, from batches chosen by Plaintiffs. Plaintiffs' counsel indicated they could be amenable to this type of resolution, and Teva proposes that the parties meet and confer further on this aspect of the production in order to finalize this proposal.

### IV.   Teva Objects to Expanding the Custodial Collection to Irrelevant Matters

Finally, Teva objects to Plaintiffs' request to add Walton Wang, Pan Lin, and Ashit Vyas as additional custodians. Based on our review to date, their involvement had nothing to do with nitrosamines and these documents relate solely to other issues that are wholly irrelevant to the matters in this litigation. The information relied on by Plaintiffs in connection with these three custodians fails to show good cause for expanding this massive custodial collection and review even further beyond the dozens of custodians we are currently processing.

Please let us know your availability if you would like to meet and confer by telephone on these issues.

Respectfully,

*/s/ Victoria Davis Lockard*
Victoria Davis Lockard, Esq.

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
August 25, 2020
Page 4

*Attorney for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*

cc: Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
Seth A. Goldberg, Esq. (*via email*)
Clem C. Trischler, Esq. (*via email*)
Sarah E. Johnston, Esq. (*via email*)
Jeffrey Geoppinger, Esq. (*via email*)