IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*All Actions* | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler<br>Hon. Joel Schneider |

**PLAINTIFFS' APPENDIX OF STATE LAW CHARTS**

**TABLE OF CONTENTS**

COMMON LAW WARRANTY CLAIMS AND SUBSUMPTION ............................................1
EXCEPTIONS TO THE ECONOMIC LOSS DOCTRINE ("ELD") ..........................................3
STATE MEDICAL MONITORING SURVEY ............................................................................5

## COMMON LAW WARRANTY CLAIMS AND SUBSUMPTION

| State | Holding | Authority |
|---|---|---|
| Connecticut | Economic Loss claims may survive if the action involves commercial loss. | Conn. Gen. Stat. § 52-572m-n; *Sylvan R. Shemitz Designs, Inc. v. Newark Corp.*, 967 A.2d 1188, 1198 (Conn. 2009) (interpreting "commercial loss"); *Winslow v. Lewis-Shepard, Inc.*, 562 A.2d 517, 521 (Conn. 1989); *VCRV, LLC v. Am. Air Filter Co., Inc.*, X03HHDCV176084684S, 2019 WL 7500432, at *1 (Conn. Sup. Ct. Dec. 11, 2019) ("The exclusivity provision of the Connecticut Product Liability Act (CPLA), General Statutes § 52-572n(a), does not bar [warranty] claims for commercial loss.") ! |
| Indiana | Economic Loss claims survive if the claim is for damage to the product or service itself and/or purely for economic loss arising from the failure of the product or service to perform as expected. | Burns Ind. Code Ann. § 34-20-1-1; *Hathaway v. Cintas Corp. Serv.*, 903 F. Supp. 2d 669, 673 (N.D. Ind. 2012); *Jarrett v. Wright Med. Tech., Inc.*, No. 1:12-cv-00064-SEB-DML, 2019 U.S. Dist. LEXIS 104086, at *7 (S.D. Ind. June 21, 2019) (citing *Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 153 (Ind. 2005)). |
| Kansas | Economic Loss claims survive for claims alleging solely economic loss. | K.S.A. § 60-3302; *Fennesy v. LBI Mgmt., Inc.*, 847 P.2d 1350, 1353 (Kan. App. 1993); *Gonzalez v. PepsiCo, Inc.*, 489 F. Supp. 2d 1233, 1242 (D. Kan. 2007). |
| Mississippi | Economic Loss claims survive if the claim is damage to the product itself. The MPLA does not bar implied warranty claims under the UCC. | Miss. Code Ann. § 11-1-63; *Estes v. Lanx, Inc.*, No. 1:14CV052-SA-DAS, 2015 U.S. Dist. LEXIS 171184, at *20-24 (N.D. Miss. Dec. 23, 2015); *McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 845 (S.D. Miss. 2010*); Bennett v. Madakasira*, 821 So. 2d 794, 808 (Miss. 2002); *see also Volkswagen of Am., Inc. v. Novak*, 418 So.3d 801, 803 (Miss. 1982) ("we are of the opinion that a seller is responsible for the economic loss which results from his breach of an implied warranty of merchantability without regard to privity.:0. |
| Ohio | Economic Loss claims survive. | ORC Ann. 2307.71; *Johnson v. Eli Lilly & Co.*, No. 1:14cv453, 2015 U.S. Dist. LEXIS 30537, at *4 (S.D. Ohio Mar. 12, 2015); *Lapuma v. Collinwood Concrete*, 661 N.E.2d 714, 715 (Ohio 1996) ("Although a cause of action may concern a product, it is not a product liability |

1

| | | |
|---|---|---|
| | | claim within the purview of Ohio's product liability statutes unless it alleges damages other than economic ones."); *see also Caterpillar Fin. Servs. Corp. v. Harold Tatman & Son's, Enters.*, 50 N.E.3d 955, 963 (Ohio Ct. App. 2015) (holding the OPLA does not abrogate common law claims seeking purely economic loss since they are not product liability claims). |
| Tennessee | Economic Loss claims survive to the extent the claim for loss is based solely on the damage to the product itself. | 29-28-102; *Adkins v. Nestle Purina PetCare Co.*, 973 F. Supp. 2d 905, 918 (N.D. Ill. 2013) (applying Tennessee law); *Tatham v. Bridgestone Ams. Holding, Inc.*, 473 S.W.3d 734, 749 (Tenn. 2015); *Lincoln Gen. Ins. Co. v. Detroit Diesel Corp.*, 293 S.W.3d 487, 491 (Tenn. 2009) (holding economic loss based solely upon damage to the product itself does not fall with the TPLA). |
| Washington | Claims purely for economic loss are not subsumed. | Rev. Code Wash. § 7.72.010; *Taylor v. Intuitive Surgical, Inc.*, 389 P.3d 517, 521 (Wash. 2017). |

2

# EXCEPTIONS TO THE ECONOMIC LOSS DOCTRINE ("ELD") FOR NEGLIGENCE CLAIMS

| State | Exception | Authority |
|---|---|---|
| Alaska | Alaska provides for an independent duty exception which recognizes negligence claims in situations where the breach of the duty created a risk of personal injury or property damage. | *Mattingly v. Sheldon Jackson College*, 743 P.2d 356, 360 (Alaska 1987); *St. Denis v. Dep't of Housing & Urban Dev.*, 900 F.Supp. 1194 (D.Alaska 1995) |
| California | California provides an exception to the ELD where a "special relationship" exists or an independent duty is present. | *Biankanja v. Irvine*, 49 Cal.2d 647 (Cal. 1958), *Robinson Helicopter, Inc. v. Dana Corp.*, 102 P.3d 1256 (Cal. 2004), *Erlich v. Menezes,* 21 Cal.4th 543, 550, 87 Cal.Rptr.2d 886, 981 P.2d 978 (Cal.1999) |
| Colorado | Colorado provides a negligent misrepresentation to the ELD. | *Centennial Square, Ltd. v. Resolution Trust Co.*, 815 P.2d 1002, 1004 (Colo. App. 1991) |
| Florida | Florida provides for an exception to the ELD where a special relationship exists as well as situations where there are "extraordinary circumstances which clearly justify judicial interference to protect plaintiff's economic expectations. | *DaimlerChrysler Ins. Co. v. Arrigo Enters.*, 63 So.3d 68, 74 (Fla. 4th DCA 2011), *Limones v. Sch. Dist. of Lee Cty.*, 161 So.3d 384, 389 n.5 (Fla. 2015) |
| Georgia | Georgia provides for an exception to the ELD where an independent duty exists. | *Waithe v. Arrowhead Clinic, Inc.*, No. CV 409–021, 2012 WL 776916 (S.D.Ga. Mar. 7, 2012); *Liberty Mut. Fire Ins. Co. v. Cagle's, Inc.,* 2010 WL 5288673, at *3 (N.D. Ga. Dec. 16, 2010) |
| Idaho | Idaho provides an exception to the ELD for situations where "unique circumstances require a reallocation of the risk." | *Aardema v. U.S. Dairy Sys., Inc.,* 147 Idaho 785, 215 P.3d 505, 512 (2009) |
| Kansas | Kansas provides for an exception to the ELD where an independent duty exists. | *Coker v. Siler*, 304 P.3d 689 (Kan. Ct. App. 2013) |
| Kentucky | Sixth Circuit anticipates that the economic loss doctrine would not apply to consumers under Kentucky law . | *State Farm Mutual Automobile Insurance Company v. Norcold, Inc.*, 849 F.3d 328 (6th Cir. 2017) |
| New Hampshire | New Hampshire recognizes an | *Animal Hosp. of Nashua, Inc. v. Antech* |

|  | independent-duty exception to the ELD. | *Diagnostics,* No. 11cv448, 2012 WL 1801742, at *2 (D.N.H. May 17, 2012) |
|---|---|---|
| New Mexico | Commenters have indicated that the ELD would only preclude recovery in situations where there should be an independent duty of care. | Daniel M. Alsup, Note, New Mexico's Economic Loss Rule, Unconscionability Doctrine, and the Gap Between Them: Concepts, Realities, and How to Mend the Gap, 38 N.M. L.Rev. 483 (2008) |
| New York | New York provides for an independent duty exception to the ELD. | *In re Facebook Inc., IPO Sec. & Derivative Litig.,* 986 F.Supp.2d 428 (S.D.N.Y.2013) |
| Pennsylvania | Pennsylvania provides for a "special relationship" exception to the ELD. | *Valley Forge Convention & Visitors Bureau v. Visitor's Servs., Inc.,* 28 F.Supp.2d 947, 952 (E.D.Pa.1998) |
| Texas | Texas appears to recognize an exception to the ELD for situations where there may be an independent duty of care. | *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.,* 445 S.W.3d 716 (Tex. 2014) |
| Utah | Utah recognizes an independent duty exception to the ELD. | *Hermansen v. Tasulis,* 48 P.3d 235, 240 (Utah 2002) |

# STATE MEDICAL MONITORING SURVEY

| State | Status | Authority |
|---|---|---|
| Alabama | Has not rejected availability and propriety of Medical Monitoring remedies in appropriate cases. | *Houston Cty. Health Care Auth. v. Williams*, 961 So. 2d 795, 811 (Ala. 2007); *Hinton ex rel. Hinton v. Monsanto Co.*, 813 So. 2d 827 (Ala. 2001). |
| Arizona | Recognizes Medical Monitoring as an independent claim. | *Quiroz v. ALCOA Inc.*, 416 P.3d 824 (Ariz. 2018); *Burns v. Jacquays Min. Corp.*, 752 P.2d 28, 33-34 (Ariz. Ct. App. 1987). |
| California | Recognizes Medical Monitoring as a remedy. | *Potter v. Firestone Tire & Rubber Co.,* 6 Cal. 4th 965, 1009 (1993) ("cost of medical monitoring is a compensable item of damages where the proofs demonstrate, through reliable medical expert testimony, that the need for future monitoring is a reasonably certain consequence of a plaintiff's toxic exposure and that the recommended monitoring is reasonable"). |
| Connecticut | Recognizes Medical Monitoring as a remedy. | *Martin v. Shell Oil Co.*, 180 F. Supp. 2d 313, 323 (D. Conn. 2002) (upholding medical monitoring claim as a remedy under Connecticut law) |
| Georgia | Has not rejected availability and propriety of Medical Monitoring remedies in appropriate cases. | *Parker v. Brush Wellman, Inc.*, 377 F.Supp.2d 1290, 1302 (N.D. Ga. 2005). |
| Hawaii | Has not rejected availability and propriety of Medical Monitoring remedies in appropriate cases. | *In re Hawaii Fed. Asbestos Cases,* 734 F. Supp. 1563, 1567 (D. Haw. 1990); *Gilding v. State*, 310 P.3d 1048 (Haw. Ct. App. 2012) (cost of future medical care recoverable); *In re National Hockey League Players' Concussion Injury Litigation*, 327 F.R.D. 245 (D. Minn. 2018). |
| Idaho | Has not rejected availability and propriety of Medical Monitoring remedies in appropriate cases. | *In re National Hockey League Players' Concussion Injury Litigation*, 327 F.R.D. 245 (D. Minn. 2018). |
| Indiana | Recognizes Medical Monitoring as a | *Allgood v. Gen. Motors Corp.*, 2005 |

5

| | remedy. | WL 2218371, *7 (S.D. Ind. Sept. 12, 2005) (citing *Gray v. Westinghouse Electric Corp.*, 624 N.E.2d 49 (Ind. App. 1993)). |
|---|---|---|
| Iowa | Has not rejected availability and propriety of Medical Monitoring remedies in appropriate cases. | *Manvill Corp. Asbestos Disease Compensation Fund*, 496 N.W.2d 247 (Iowa 1993). |
| Kansas | Recognizes Medical Monitoring as a remedy. | *Burton v. R.J. Reynolds Tobacco Co.*, 884 F. Supp. 1515, 1523 n. 6 (D. Kan. 1995) (recognizing medical monitoring remedy). |
| Kentucky | Recognizes Medical Monitoring as a remedy. | *Wood v. Wyeth-Ayerst Labs.*, *Div. of Am. Home Prod.*, 82 S.W.3d 849, 854 (Ky. 2002) (in context of medical monitoring analysis, compensation for future expenses based on present injury is recoverable where supported by evidence). |
| Louisiana | Recognizes Medical Monitoring as a remedy. | La. Civ. Code. Art. 2315, which provides that "costs for future medical treatment, services, surveillance, or procedures of any kind [are prohibited] unless these costs were directly related to a manifest physical or mental injury or disease." *See Crooks v. MetLife Co.*, 779 So.2d 966 (La. App. 3 Cir. 2001) (confirming that medical monitoring related damages are not available in the absence of manifest physical injury). |
| Maine | Has not rejected availability and propriety of Medical Monitoring remedies in appropriate cases. | *Bernier v. Raymark Industries, Inc.*, 516 A.2d 534 (Me. 1986). |
| Maryland | | *Exxon Mobil Corp. v. Albright*, 71 A.3d 30, 75 (Md. 2013) (exposure itself and the concomitant need for medical testing is the compensable injury, present injury not required). |
| Massachusetts | Recognizes Medical Monitoring as an independent claim. | *Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 901 (Mass. 2009) (in cases where "medical monitoring is necessary to detect the potential onset of a serious illness or disease . . . due to |

6

| | | |
|---|---|---|
| | | exposure to known hazardous substances, the cost of that monitoring is recoverable in tort"). |
| Michigan | Recognizes Medical Monitoring as a remedy. | *Henry v. Dow Chemical Co.*, 701 N.W.2d 684, 696 (Mich. 2005) (medical monitoring damages permissible when a plaintiff demonstrates "a present physical injury to person or property in addition to economic losses that result from that injury"). |
| Minnesota | Recognizes Medical Monitoring as a remedy. | *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 327 F.R.D. 245 (D. Minn. 2018) (citing *Bryson v. Pillsbury Co.*, 573 N.W.2d 718, 721 (Minn. Ct. App. 1998) ("Minnesota courts have allowed the recovery of medical monitoring expenses where the elements of a tort claim are proven and evidence of a present injury is established"). |
| Mississippi | Recognizes Medical Monitoring as a remedy. | *Paz v. Brush Engineered Materials, Inc.*, 949 So.2d 1 (Miss. 2007) (medical monitoring damages where showing of present injury); *Wackenhut Corp. v. Fortune*, 87 So. 3d 1083, 1091 (Miss. Ct. App. 2012) (recovery of future medical expenses to address present injury is allowable if based on reasonable degree of medical certainty the expense will be incurred). |
| Missouri | Recognizes Medical Monitoring as a remedy. | *Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 718 (Mo. 2007) (medical monitoring available where "plaintiff has significantly increased risk of contracting a particular disease relative to what would be the case in the absence of exposure"). |
| Montana | Recognizes Medical Monitoring as an Independent Claim | *Lamping v. Am. Home Prods., Inc.*, 2000 WL 35751402 (Mont. Dist. Ct. Feb. 2, 2000). (medical monitoring relief available |

7

| | | even in the absence of present injury). |
|---|---|---|
| Nebraska | Has not rejected availability and propriety of Medical Monitoring remedies in appropriate cases. | *Avila v. CNH Am. LLC*, 2007 WL 2688613, *1 (D. Neb. Sept. 10, 2007). |
| Nevada | Recognizes Medical Monitoring as a remedy. | *Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1270 (Nev. 2014) (medical monitoring damages available where plaintiff can show reasonable need to undergo medical monitoring beyond what would have been recommended had the plaintiff not been exposed to the negligent act of defendant). |
| New Hampshire | Recognizes Medical Monitoring as a remedy. | *Brown v. Saint–Gobain Performance Plastics Corp.*, 2017 WL 6043956 (D.N.H. Dec. 6, 2017). |
| New Jersey | Recognizes Medical Monitoring as a remedy. | *Sinclair v. Merck & Co.,* 195 N.J. 51, 64 (2009) (medical monitoring is a compensable remedy Remedy under the New Jersey Product Liability Act ("PLA")). |
| New Mexico | Has not rejected availability and propriety of Medical Monitoring remedies in appropriate cases. | No known precedent. |
| New York | Recognizes Medical Monitoring as a remedy. | *Caronia v. Philip Morris USA, Inc.*, 5 N.E.3d 11, 15 (N.Y. 2013) (medical monitoring may be awarded as consequential, future damages that are reasonably anticipated flowing from present injury too slight to be noticed at the time of suit). |
| Ohio | Recognizes Medical Monitoring as a remedy. | *Day v. NLO*, 851 F. Supp. 869, 883 (S.D. Ohio 1994) ("In order to prove the need for medical monitoring, the Plaintiffs will have to present medical evidence that they have been overexposed to radiation and that they have such an increased risk of cancer that a reasonable doctor would recommend medical monitoring of their condition"). |
| Oklahoma | Recognizes Medical Monitoring as a | [1] *Godfrey v. Meyer*, 933 P.2d 942, |

8

| | | |
|---|---|---|
| | remedy. | 943 (Okla. Ct. App. 1996) (the right to future medical expenses may be established by expert testimony they are reasonably certain to be incurred). |
| Oregon | Recognizes Medical Monitoring as a remedy. | *Lowe v. Philip Morris USA, Inc.*, 183 P.3d 181, 184 (2008) (increased risk of future injury not sufficient, standing alone, to constitute actionable injury); *Lowe v. Philip Morris USA, Inc.*, 142 P.3d 1079 (Or. Ct. App. 2006) (evidence of future harm is admissible to establish increased future harm resulting from present physical harm). |
| Rhode Island | Recognizes Medical Monitoring as a remedy. | *Miranda v. Dacruz*, 2009 WL 3515196, *8 (R.I. Super. Ct. Oct. 26, 2009) (adopting medical monitoring framework in *Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 901 (Mass. 2009). |
| South Carolina | Recognizes Medical Monitoring as a remedy. | *Pearson v. Bridges*, 544 S.E.2d 617, 620 (S.C. 2001) (future medical treatment recoverable as part of negligence claim). |
| South Dakota | Has not rejected availability and propriety of Medical Monitoring remedies in appropriate cases. | No known precedent. |
| Tennessee | Recognizes Medical Monitoring as a remedy. | *Sutton v. St. Jude Med. S.C., Inc.*, 419 F.3d 568, 576 n.7 (6th Cir. 2005) (predicting medical monitoring recovery is under Tennessee law). |
| Texas | Recognizes Medical Monitoring as a remedy. | *Norwood v. Raytheon Co.*, 414 F. Supp. 2d 659, 666 (W.D. Tex. 2006) (recognizing medical monitoring relief). |
| Vermont | Recognizes Medical Monitoring as a remedy. | *Stead v. F.E. Meyers Co., Div. of McNeil Corp.*, 785 F. Supp. 56, 57 (D. Vt. 1990) (recognizing availability of medical monitoring relief); *Sullivan v. Saint-Gobain Performance Plastics Corp.*, No. 5:16-cv-125, 2019 U.S. Dist. LEXIS 221612 (D. Vt. Dec. 27, |

9

| | | |
|---|---|---|
| | | 2019) (same). |
| Virginia | Recognizes Medical Monitoring as a remedy. | *Ball v. Joy Techs., Inc.*, 958 F.2d 36, 39 (4th Cir. 1991) (recognizing availability of medical surveillance relief under Virginia law). |
| Washington | Recognizes Medical Monitoring as a remedy. | *Duncan v. Nw. Airline, Inc.*, 203 F.R.D. 601, 606 (W.D. Wash. 2001) (recognizing medical monitoring as remedy in negligence action). |
| Wisconsin | Recognizes Medical Monitoring as a remedy. | *Alsteen v. Wauleco*, 802 N.W. 2d 212 (Wi. App. 2011) (medical monitoring remedies available where plaintiff can show present injury). |
| Wyoming | Has not rejected availability and propriety of Medical Monitoring remedies in appropriate cases. | *In re Copley Pharm., Inc.*, 161 F.R.D. 456 (D. Wyo. 1995). |