# EXHIBIT 1



2705 Bee Cave Road Suite 220<br>Austin, TX 78746<br>Phone: 512.795.8686<br>Fax: 512.795.8787

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Huahai US, Inc.
2002 East Park Boulevard, Suite A
Cranbury, NJ 08512

  **Re:** *Eric J. Erwin v. Prinston Pharmaceuticals, et al.*
     **USDC for District of New Jersey (Trenton) Civil Action No. 3:18-cv-13347**

Dear Sir/Madam:

  This letter is sent on behalf of Texas consumer Eric Erwin ("Plaintiff") pursuant to Alaska Stat. § 45.50.531, Cal. Civ. Code § 1782, Ga. Code § 10-1-399(b), Ind. Code § 24-5-0.5-2(a)(5)-(8), Me. Rev. Stat. Ann. tit. 5 § 213(1-A), Mass. Gen. Law. Ch. 93A, §9(3), Tex. Bus. & Com. Code § 17.505, and W. Va. Code §46A-6-106(b) ("the Pre-Suit Notice State Laws"). You, Defendants PRINSTON PHARMACEUTICAL INC. d/b/a SOLCO HEALTHCARE LLC, SOLCO HEALTHCARE U.S., LLC, HUAHAI US INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC. ("Defendants" or "You"), are hereby notified that since at least January 1, 2012 ("the Class Period"), Defendants have violated, and continue to violate, the provisions of the Pres-Suit Notice State Laws, by in connection with your marketing practices regarding your generic Valsartan products.

**Summary of Violations**

  As set forth in the accompanying Complaint, Defendants have violated and continue to violate the Pre-Suit Notice State Laws. As a result of Defendants' conduct, Plaintiff and the Plaintiff Class have suffered economic damages.

**Demand for Corrective Action**

  Pursuant to the Pre-Suit Notice State Laws, Plaintiff demands that Defendants agree to take corrective action to cure Defendants' violations of the Pre-Suit Notice State Laws. Plaintiffs demands that Defendants offer all affected Valsartan consumers full reimbursement of all out-of-pocket monies spent on Defendants' generic Valsartan products.

  Specifically, Plaintiff demands that Defendants agree to: (1) identify all individuals who purchased Defendants' generic Valsartan products (that is, identify who is in the "Plaintiff Class"); (2) send a communication to the Plaintiff Class offering a full refund of all out-of-pocket monies spent on Defendants' generic Valsartan; and (3) otherwise provide full restitution to the Plaintiff Class; and (4) provide reasonable attorneys' fees and costs.



2705 Bee Cave Road Suite 220
Austin, TX 78746
Phone: 512.795.8686
Fax: 512.795.8787

**Preservation of Evidence**

Finally, Plaintiff demands, in accordance with the Pre-Suit Notice State Laws and federal law, that Defendants and their affiliates preserve all documents, data, and other evidence including all electronically stored information ("ESI") that refer or relate to the practices described herein or which are likely to lead to the discovery of admissible evidence, including <u>but not limited to</u> the following:

(a)     All documents, data, ESI, and other records relating to Zhejiang Huahai Pharmaceuticals ("ZHP") and its manufacture of pharmaceutical products on behalf of Defendants;

(b)     All documents, data, ESI, and other records relating to the manufacture, marketing, promotion, and/or sale of generic Valsartan;

(c)     All documents, data, ESI, and other records relating to Defendants compliance with current good manufacturing processes ("cGMPs")

(d)     All documents, data, ESI, and other records regarding any FDA inspection of ZHP's Linhai City facility and the results of any such inspection;

(e)     All documents, data, ESI, and other records regarding your knowledge of any contamination with or impurities regarding your generic Valsartan products;

(f)     All documents, data, ESI, and other records relating to your packaging, shipping, and distribution of your generic Valsartan products.

(m)     All Profit & Loss ("P&L") statements for your generic Valsartan products;

(n)     All documents, data, ESI, and other records that reflect or establish the profitability of generic Valsartan.

**Conclusion**

Pursuant to the Pre-Suit Notice State Laws, Plaintiff is sending you this notice to give Defendants an opportunity to resolve this dispute. If you wish to discuss the above, please do not hesitate to contact any of the counsel listed in the attached Complaint.

Sincerely,

/s/ *John R. Davis*
John R. Davis

**CERTIFIED RECEIPT NO: 7001 2510 0008 0736 9199**



2705 Bee Cave Road Suite 220
Austin, TX 78746
Phone: 512.795.8686
Fax: 512.795.8787


cc:     Conlee Whiteley, Esquire (via email only)
        Allan Kanner, Esquire (via email only)
        Layne Hilton, Esquire (via email only)
        Ruben Honik, Esquire (via email only)
        David Stanoch, Esquire (via email only)
        Mike Slack, Esquire (via email only)



2705 Bee Cave Road Suite 220
Austin, TX 78746
Phone: 512.795.8686
Fax: 512.795.8787

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Princeton Pharmaceuticals, Inc.
*d/b/a* Solco Healthcare LLC
2002 East Park Boulevard
Cranbury, NJ 08512

> Re:    *Eric J. Erwin v. Prinston Pharmaceuticals, et al.*
>        **USDC for District of New Jersey (Trenton) Civil Action No. 3:18-cv-13347**

Dear Sir/Madam:

This letter is sent on behalf of Texas consumer Eric Erwin ("Plaintiff") pursuant to Alaska Stat. § 45.50.531, Cal. Civ. Code § 1782, Ga. Code § 10-1-399(b), Ind. Code § 24-5-0.5-2(a)(5)-(8), Me. Rev. Stat. Ann. tit. 5 § 213(1-A), Mass. Gen. Law. Ch. 93A, §9(3), Tex. Bus. & Com. Code § 17.505, and W. Va. Code §46A-6-106(b) ("the Pre-Suit Notice State Laws"). You, Defendants PRINSTON PHARMACEUTICAL INC. d/b/a SOLCO HEALTHCARE LLC, SOLCO HEALTHCARE U.S., LLC, HUAHAI US INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC. ("Defendants" or "You"), are hereby notified that since at least January 1, 2012 ("the Class Period"), Defendants have violated, and continue to violate, the provisions of the Pres-Suit Notice State Laws, by in connection with your marketing practices regarding your generic Valsartan products.

**Summary of Violations**

As set forth in the accompanying Complaint, Defendants have violated and continue to violate the Pre-Suit Notice State Laws. As a result of Defendants' conduct, Plaintiff and the Plaintiff Class have suffered economic damages.

**Demand for Corrective Action**

Pursuant to the Pre-Suit Notice State Laws, Plaintiff demands that Defendants agree to take corrective action to cure Defendants' violations of the Pre-Suit Notice State Laws. Plaintiffs demands that Defendants offer all affected Valsartan consumers full reimbursement of all out-of-pocket monies spent on Defendants' generic Valsartan products.

Specifically, Plaintiff demands that Defendants agree to: (1) identify all individuals who purchased Defendants' generic Valsartan products (that is, identify who is in the "Plaintiff Class"); (2) send a communication to the Plaintiff Class offering a full refund of all out-of-pocket monies spent on Defendants' generic Valsartan; and (3) otherwise provide full restitution to the Plaintiff Class; and (4) provide reasonable attorneys' fees and costs.



2705 Bee Cave Road Suite 220
Austin, TX 78746
Phone: 512.795.8686
Fax: 512.795.8787

**Preservation of Evidence**

Finally, Plaintiff demands, in accordance with the Pre-Suit Notice State Laws and federal law, that Defendants and their affiliates preserve all documents, data, and other evidence including all electronically stored information ("ESI") that refer or relate to the practices described herein or which are likely to lead to the discovery of admissible evidence, including but not limited to the following:

(a)     All documents, data, ESI, and other records relating to Zhejiang Huahai Pharmaceuticals ("ZHP") and its manufacture of pharmaceutical products on behalf of Defendants;

(b)     All documents, data, ESI, and other records relating to the manufacture, marketing, promotion, and/or sale of generic Valsartan;

(c)     All documents, data, ESI, and other records relating to Defendants compliance with current good manufacturing processes ("cGMPs")

(d)     All documents, data, ESI, and other records regarding any FDA inspection of ZHP's Linhai City facility and the results of any such inspection;

(e)     All documents, data, ESI, and other records regarding your knowledge of any contamination with or impurities regarding your generic Valsartan products;

(f)     All documents, data, ESI, and other records relating to your packaging, shipping, and distribution of your generic Valsartan products.

(m)     All Profit & Loss ("P&L") statements for your generic Valsartan products;

(n)     All documents, data, ESI, and other records that reflect or establish the profitability of generic Valsartan.

**Conclusion**

Pursuant to the Pre-Suit Notice State Laws, Plaintiff is sending you this notice to give Defendants an opportunity to resolve this dispute.  If you wish to discuss the above, please do not hesitate to contact any of the counsel listed in the attached Complaint.

Sincerely,

/s/ *John R. Davis*
John R. Davis

**CERTIFIED MAIL RECEIPT NO: 7001 2510 0008 0736 9182**



2705 Bee Cave Road Suite 220
Austin, TX 78746
Phone: 512.795.8686
Fax: 512.795.8787

cc:     Conlee Whiteley, Esquire (via email only)
        Allan Kanner, Esquire (via email only)
        Layne Hilton, Esquire (via email only)
        Ruben Honik, Esquire (via email only)
        David Stanoch, Esquire (via email only)
        Mike Slack, Esquire (via email only)



2705 Bee Cave Road Suite 220
Austin, TX 78746
Phone: 512.795.8686
Fax: 512.795.8787

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Solco Healthcare US, LLC
2002 East Park Boulevard
Cranbury, NJ 08512

> Re:    *Eric J. Erwin v. Prinston Pharmaceuticals, et al.*
>        **USDC for District of New Jersey (Trenton) Civil Action No. 3:18-cv-13347**

Dear Sir/Madam:

This letter is sent on behalf of Texas consumer Eric Erwin ("Plaintiff") pursuant to Alaska Stat. § 45.50.531, Cal. Civ. Code § 1782, Ga. Code § 10-1-399(b), Ind. Code § 24-5-0.5-2(a)(5)-(8), Me. Rev. Stat. Ann. tit. 5 § 213(1-A), Mass. Gen. Law. Ch. 93A, §9(3), Tex. Bus. & Com. Code § 17.505, and W. Va. Code §46A-6-106(b) ("the Pre-Suit Notice State Laws"). You, Defendants PRINSTON PHARMACEUTICAL INC. d/b/a SOLCO HEALTHCARE LLC, SOLCO HEALTHCARE U.S., LLC, HUAHAI US INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC. ("Defendants" or "You"), are hereby notified that since at least January 1, 2012 ("the Class Period"), Defendants have violated, and continue to violate, the provisions of the Pres-Suit Notice State Laws, by in connection with your marketing practices regarding your generic Valsartan products.

**Summary of Violations**

As set forth in the accompanying Complaint, Defendants have violated and continue to violate the Pre-Suit Notice State Laws. As a result of Defendants' conduct, Plaintiff and the Plaintiff Class have suffered economic damages.

**Demand for Corrective Action**

Pursuant to the Pre-Suit Notice State Laws, Plaintiff demands that Defendants agree to take corrective action to cure Defendants' violations of the Pre-Suit Notice State Laws. Plaintiffs demands that Defendants offer all affected Valsartan consumers full reimbursement of all out-of-pocket monies spent on Defendants' generic Valsartan products.

Specifically, Plaintiff demands that Defendants agree to: (1) identify all individuals who purchased Defendants' generic Valsartan products (that is, identify who is in the "Plaintiff Class"); (2) send a communication to the Plaintiff Class offering a full refund of all out-of-pocket monies spent on Defendants' generic Valsartan; and (3) otherwise provide full restitution to the Plaintiff Class; and (4) provide reasonable attorneys' fees and costs.



2705 Bee Cave Road Suite 220
Austin, TX 78746
Phone: 512.795.8686
Fax: 512.795.8787

**Preservation of Evidence**

Finally, Plaintiff demands, in accordance with the Pre-Suit Notice State Laws and federal law, that Defendants and their affiliates preserve all documents, data, and other evidence including all electronically stored information ("ESI") that refer or relate to the practices described herein or which are likely to lead to the discovery of admissible evidence, including <u>but not limited to</u> the following:

(a)    All documents, data, ESI, and other records relating to Zhejiang Huahai Pharmaceuticals ("ZHP") and its manufacture of pharmaceutical products on behalf of Defendants;

(b)    All documents, data, ESI, and other records relating to the manufacture, marketing, promotion, and/or sale of generic Valsartan;

(c)    All documents, data, ESI, and other records relating to Defendants compliance with current good manufacturing processes ("cGMPs")

(d)    All documents, data, ESI, and other records regarding any FDA inspection of ZHP's Linhai City facility and the results of any such inspection;

(e)    All documents, data, ESI, and other records regarding your knowledge of any contamination with or impurities regarding your generic Valsartan products;

(f)    All documents, data, ESI, and other records relating to your packaging, shipping, and distribution of your generic Valsartan products.

(m)    All Profit & Loss ("P&L") statements for your generic Valsartan products;

(n)    All documents, data, ESI, and other records that reflect or establish the profitability of generic Valsartan.

**Conclusion**

Pursuant to the Pre-Suit Notice State Laws, Plaintiff is sending you this notice to give Defendants an opportunity to resolve this dispute. If you wish to discuss the above, please do not hesitate to contact any of the counsel listed in the attached Complaint.

Sincerely,

/s/ *John R. Davis*
John R. Davis

**CERTIFIED MAIL RECEIPT NO: 7001 2510 0008 0736 9175**



2705 Bee Cave Road Suite 220
Austin, TX 78746
Phone: 512.795.8686
Fax: 512.795.8787

cc:     Conlee Whiteley, Esquire (via email only)
        Allan Kanner, Esquire (via email only)
        Layne Hilton, Esquire (via email only)
        Ruben Honik, Esquire (via email only)
        David Stanoch, Esquire (via email only)
        Mike Slack, Esquire (via email only)



2705 Bee Cave Road Suite 220
Austin, TX 78746
Phone: 512.795.8686
Fax: 512.795.8787

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Teva Pharmaceuticals USA, Inc.
1090 Horsham Road
North Wales, PA 19454

   **Re:**  *Eric J. Erwin v. Prinston Pharmaceuticals, et al.*
      **USDC for District of New Jersey (Trenton) Civil Action No. 3:18-cv-13347**

   This letter is sent on behalf of Texas consumer Eric Erwin ("Plaintiff") pursuant to Alaska Stat. § 45.50.531, Cal. Civ. Code § 1782, Ga. Code § 10-1-399(b), Ind. Code § 24-5-0.5-2(a)(5)-(8), Me. Rev. Stat. Ann. tit. 5 § 213(1-A), Mass. Gen. Law. Ch. 93A, §9(3), Tex. Bus. & Com. Code § 17.505, and W. Va. Code §46A-6-106(b) ("the Pre-Suit Notice State Laws"). You, Defendants PRINSTON PHARMACEUTICAL INC. d/b/a SOLCO HEALTHCARE LLC, SOLCO HEALTHCARE U.S., LLC, HUAHAI US INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC. ("Defendants" or "You"), are hereby notified that since at least January 1, 2012 ("the Class Period"), Defendants have violated, and continue to violate, the provisions of the Pres-Suit Notice State Laws, by in connection with your marketing practices regarding your generic Valsartan products.

**<u>Summary of Violations</u>**

   As set forth in the accompanying Complaint, Defendants have violated and continue to violate the Pre-Suit Notice State Laws. As a result of Defendants' conduct, Plaintiff and the Plaintiff Class have suffered economic damages.

**<u>Demand for Corrective Action</u>**

   Pursuant to the Pre-Suit Notice State Laws, Plaintiff demands that Defendants agree to take corrective action to cure Defendants' violations of the Pre-Suit Notice State Laws. Plaintiffs demands that Defendants offer all affected Valsartan consumers full reimbursement of all out-of-pocket monies spent on Defendants' generic Valsartan products.

   Specifically, Plaintiff demands that Defendants agree to: (1) identify all individuals who purchased Defendants' generic Valsartan products (that is, identify who is in the "Plaintiff Class"); (2) send a communication to the Plaintiff Class offering a full refund of all out-of-pocket monies spent on Defendants' generic Valsartan; and (3) otherwise provide full restitution to the Plaintiff Class; and (4) provide reasonable attorneys' fees and costs.



2705 Bee Cave Road Suite 220
Austin, TX 78746
Phone: 512.795.8686
Fax: 512.795.8787

**Preservation of Evidence**

Finally, Plaintiff demands, in accordance with the Pre-Suit Notice State Laws and federal law, that Defendants and their affiliates preserve all documents, data, and other evidence including all electronically stored information ("ESI") that refer or relate to the practices described herein or which are likely to lead to the discovery of admissible evidence, including but not limited to the following:

(a)    All documents, data, ESI, and other records relating to Zhejiang Huahai Pharmaceuticals ("ZHP") and its manufacture of pharmaceutical products on behalf of Defendants;

(b)    All documents, data, ESI, and other records relating to the manufacture, marketing, promotion, and/or sale of generic Valsartan;

(c)    All documents, data, ESI, and other records relating to Defendants compliance with current good manufacturing processes ("cGMPs")

(d)    All documents, data, ESI, and other records regarding any FDA inspection of ZHP's Linhai City facility and the results of any such inspection;

(e)    All documents, data, ESI, and other records regarding your knowledge of any contamination with or impurities regarding your generic Valsartan products;

(f)    All documents, data, ESI, and other records relating to your packaging, shipping, and distribution of your generic Valsartan products.

(m)    All Profit & Loss ("P&L") statements for your generic Valsartan products;

(n)    All documents, data, ESI, and other records that reflect or establish the profitability of generic Valsartan.

**Conclusion**

Pursuant to the Pre-Suit Notice State Laws, Plaintiff is sending you this notice to give Defendants an opportunity to resolve this dispute.  If you wish to discuss the above, please do not hesitate to contact any of the counsel listed in the attached Complaint.

Sincerely,

/s/ *John R. Davis*
John R. Davis

**CERTIFIED MAIL RECEIPT NO: 7001 2510 0008 0736 9168**

# Slack Davis
# Sanger

2705 Bee Cave Road Suite 220
Austin, TX 78746
Phone: 512.795.8686
Fax: 512.795.8787

cc:    Conlee Whiteley, Esquire (via email only);
       Allan Kanner, Esquire (via email only);
       Layne Hilton, Esquire (via email only);
       Ruben Honik, Esquire (via email only);
       David Stanoch Esquire (via email only);
       Mike Slack, Esquire (via email only).

# BURSOR & FISHER
P.A.

888 SEVENTH AVENUE
3ʳᵈ FLOOR
NEW YORK, NY 10019
www.bursor.com

ANDREW J. OBERGFELL
Tel: 646.837.7129
Fax: 212.989.9163
aobergfell@bursor.com

September 26, 2018

*<u>Via Certified Mail – Return Receipt Requested</u>*

Torrent Pharma, Inc.
150 Allen Road
Basking Ridge, New Jersey 07920

Camber Pharmaceuticals, Inc.
1031 Centennial Avenue
Piscataway, New Jersey 08854

Hetero USA, Inc.
1035 Centennial Avenue
Piscataway, New Jersey 08854

The Kroger Co.
1014 Vine Street
Cincinnati, Ohio 45202

Quality Food Centers, Inc.
10116 NE 8th Street
Bellevue, Washington 98004

CVS Health Co.
One CVS Drive
Woonsocket, Rhode Island 02895

Wal-Mart Stores, Inc.
702 Sw 8th Street
Bentonville, Arkansas 72716

Re:    *Notice and Demand Letter Pursuant to U.C.C. § 2-607, the Texas Deceptive Trade
       Practices-Consumer Protection Act, the Connecticut Unfair Trade Practices Act, and the
       Washington Consumer Protection Act*

To Whom It May Concern:

       This letter serves as a preliminary notice and demand for corrective action by Torrent
Pharma, Inc. ("Torrent"), Camber Pharmaceuticals, Inc. ("Camber"), Hetero USA, Inc.
("Hetero"), The Kroger Co. ("Kroger"), Quality Food Centers, Inc. ("QFC"), CVS Health Co.

BURSOR&FISHER
P.A.

("CVS"), and Wal-Mart Stores, Inc. ("Walmart") pursuant to U.C.C. § 2-607(3)(a) concerning breaches of express and implied warranties – and violations of state consumer protection laws – related to our clients, Dominic Stimma, Margoth Strand, and Jynona Gail Lee, and a class of all similarly situated purchasers (the "Class") of contaminated valsartan-containing medication manufactured and distributed by Torrent, Camber, and Hetero, and sold by Kroger, QFC, CVS, and Walmart.

Our clients were prescribed and purchased valsartan-containing medication manufactured and distributed by Torrent, Camber, and Hetero, and sold by Kroger, QFC, CVS, and Walmart. Our clients' respective valsartan-containing medications were contaminated with N-nitrosodimethylamine ("NDMA"), a carcinogenic and liver-damaging impurity. On July 13, 2018, the U.S. Food & Drug Administration announced a voluntary recall of several brands of valsartan-containing generic medications. The recall was due to the presence of NDMA in the recalled products. Following that initial recall, valsartan-containing medications manufactured and distributed by Torrent, Camber, and Hetero were also recalled due to the presence of NDMA in the recalled products. This defect rendered the products unusable and unfit for human consumption. In short, the valsartan-containing medications that our clients and the Class were purchasing are worthless as they contained a toxic impurity rendering them unfit for human use. Torrent, Camber, Hetero, Kroger, QFC, CVS, and Walmart each violated express and implied warranties made to our clients and the Class regarding the quality and safety of the valsartan-containing medications they purchased. *See* U.C.C. §§ 2-313, 2-314.

As for Torrent and Walmart, this letter also serves as notice of violation of the Texas Deceptive Trade Practices-Consumer Protection Act based on the facts alleged above. As a result of Torrent and Walmart's violation of the Texas Deceptive Trade Practices-Consumer Protection Act, Ms. Lee sustained an injury. Ms. Lee hereby demands full recovery of all economic damages sustained by her purchase of the medication, damages for mental anguish associated with purchasing and consuming a carcinogenic medication, all costs and expenses, and reasonable attorneys' fees.

As for Camber, Hetero, and CVS, this letter serves as notice of violation of the Connecticut Unfair Trade Practices Act based on the facts alleged above. As a result of Camber, Hetero, and CVS's violation of the Connecticut Unfair Trade Practices Act, Mr. Stimma sustained an injury. Mr. Stimma hereby demands full recovery of all economic damages sustained by his purchase of the medication, punitive damages, and attorneys' fees and costs.

As for Camber, Hetero, Kroger, and QFC, this letter serves as notice of violation of the Washington Consumer Protection Act based on the facts alleged above. As a result of Camber, Hetero, Kroger, and QFC's violation of the Washington Consumer Protection Act, Ms. Strand sustained an injury. Ms. Strand hereby demands full recovery of all economic damages sustained by her purchase of the medication, treble damages, court costs, and attorneys' fees.

On behalf of our clients and the Class, we hereby demand that Torrent, Camber, Hetero, Kroger, QFC, CVS, and Walmart immediately (1) cease and desist from continuing to sell contaminated valsartan-containing medications and (2) make full restitution to all purchasers of the contaminated valsartan-containing medications of all purchase money obtained from sales thereof.

BURSOR&FISHER
P.A.

We also demand that Torrent, Camber, Hetero, Kroger, QFC, CVS, and Walmart preserve all documents and other evidence which refers or relates to any of the above-described practices including, but not limited to, the following:

1.    All documents concerning the packaging, labeling, and manufacturing process for Torrent, Camber, and Hetero's valsartan-containing medications;

2.    All documents concerning the design, development, supply, production, extraction, and/or testing of valsartan-containing medications manufactured and distributed by Torrent, Camber, and Hetero;

3.    All tests of the valsartan-containing medications manufactured and distributed by Torrent, Camber, and Hetero;

4.    All documents concerning the pricing, advertising, marketing, and/or sale of valsartan-containing medications manufactured and distributed by Torrent, Camber, and Hetero;

5.    All communications with customers involving complaints or comments concerning the valsartan-containing medications manufactured and distributed by Torrent, Camber, and Hetero;

6.    All documents concerning communications with any retailer involved in the marketing or sale of valsartan-containing medications manufactured and distributed by Torrent, Camber, and Hetero;

7.    All documents concerning communications with federal or state regulators; and

8.    All documents concerning the total revenue derived from sales of valsartan-containing medication.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter. If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

Andrew J. Obergfell

# BURSOR & FISHER P.A.

888 SEVENTH AVENUE
3ʳᵈ FLOOR
NEW YORK, NY 10019
www.bursor.com

NEAL J. DECKANT
Tel: 646.837.7165
Fax: 212.989.9163
ndeckant@bursor.com

December 4, 2018

*Via Certified Mail – Return Receipt Requested*

Mylan Pharmaceuticals, Inc.
1000 Mylan Boulevard
Canonsburg, PA 15317

Mylan N.V.
1000 Mylan Boulevard
Canonsburg, PA 15317

Rite Aid Corporation
30 Hunter Lane
Camp Hill, PA 17011

Re:    *Notice and Demand Letter Pursuant to U.C.C. § 2-607*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Mylan Pharmaceuticals, Inc., Mylan N.V., and Rite Aid Corporation pursuant to U.C.C. § 2-607(3)(a) concerning breaches of express and implied warranties related to our client, Joseph Cacaccio, and a class of all similarly situated purchasers (the "Class") of contaminated valsartan-containing medication manufactured, distributed, and sold by Mylan Pharmaceuticals, Inc., Mylan N.V., and Rite Aid Corporation.

Our client was prescribed and purchased valsartan-containing medication manufactured and distributed by Mylan Pharmaceuticals, Inc. and Mylan N.V., and sold by Rite Aid Corporation. Our client's valsartan-containing medications were contaminated with N-nitrosodiethylamine (NDEA), a carcinogenic and liver-damaging impurity. On November 20, 2018, the U.S. Food & Drug Administration announced a voluntary recall of fifteen (15) lots of valsartan-containing generic medications manufactured and distributed by Mylan Pharmaceuticals, Inc. and Mylan N.V. The recall was due to the presence of NDEA in the recalled products. This defect rendered the products unusable and unfit for human consumption. In short, the valsartan-containing medications that our client and the Class was purchasing are worthless, as they contained a toxic impurity rendering them unfit for human use. Mylan Pharmaceuticals, Inc., Mylan N.V., and Rite Aid Corporation each violated express and implied warranties made to our client and the Class regarding the quality and safety of the valsartan-containing medications they purchased. *See* U.C.C. §§ 2-313, 2-314.

BURSOR&FISHER
P.A.

On behalf of our client and the Class, we hereby demand that Mylan Pharmaceuticals, Inc., Mylan N.V., and Rite Aid Corporation immediately (1) cease and desist from continuing to sell contaminated valsartan-containing medications and (2) make full restitution to all purchasers of the contaminated valsartan-containing medications of all purchase money obtained from sales thereof.

We also demand that Mylan Pharmaceuticals, Inc., Mylan N.V., and Rite Aid Corporation preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.      All documents concerning the packaging, labeling, and manufacturing process for Mylan Pharmaceuticals, Inc. and Mylan N.V.'s valsartan-containing medications;

2.      All documents concerning the design, development, supply, production, extraction, and/or testing of valsartan-containing medications manufactured and distributed by Mylan Pharmaceuticals, Inc. and Mylan N.V.;

3.      All tests of the valsartan-containing medications manufactured and distributed by Mylan Pharmaceuticals, Inc. and Mylan N.V.;

4.      All documents concerning the pricing, advertising, marketing, and/or sale of valsartan-containing medications manufactured and distributed by Mylan Pharmaceuticals, Inc. and Mylan N.V.;

5.      All communications with customers involving complaints or comments concerning the valsartan-containing medications manufactured and distributed by Mylan Pharmaceuticals, Inc. and Mylan N.V.;

6.      All documents concerning communications with any retailer involved in the marketing or sale of valsartan-containing medications manufactured and distributed by Mylan Pharmaceuticals, Inc. and Mylan N.V.;

7.      All documents concerning communications with federal or state regulators; and

8.      All documents concerning the total revenue derived from sales of valsartan-containing medication.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

BURSOR&FISHER
P.A.

Very truly yours,

Neal J. Deckant

# BURSOR & FISHER
P.A.

888 SEVENTH AVENUE
3RD FLOOR
NEW YORK, NY 10019
www.bursor.com

NEAL J. DECKANT
Tel: 646.837.7165
Fax: 212.989.9163
ndeckant@bursor.com

January 3, 2019

*Via Certified Mail – Return Receipt Requested*

Aurobindo Pharma USA, Inc.
279 Princeton Hightstown Road
East Windsor, NJ 08520

Throggs Neck Pharmacy
3569 E. Tremont Ave
Bronx, NY 10465

CVS Health Co.
One CVS Drive
Woonsocket, Rhode Island 02895

Rite Aid Corporation
30 Hunter Lane
Camp Hill, PA 17011

Re:     *Notice and Demand Letter Pursuant to U.C.C. § 2-607*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Aurobindo Pharma USA, Inc., Throggs Neck Pharmacy, CVS Health Co. and Rite Aid Corporation pursuant to U.C.C. § 2-607(3)(a) concerning breaches of express and implied warranties related to our clients, Elizabeth Duffy, Cecil Byrd, Joseph Cacaccio, and a class of all similarly situated purchasers (the "Class") of contaminated valsartan-containing medication manufactured, distributed, and sold by Aurobindo Pharma USA, Inc., Throggs Neck Pharmacy, CVS Health Co. and Rite Aid Corporation.  This letter also serves as notice of violation of New York's General Business Law § 349 and § 350 vis-à-vis Plaintiffs Duffy and Cacaccio and violation of South Carolina's Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq*. vis-à-vis Plaintiff Cecil Byrd.

Our clients were prescribed and purchased valsartan-containing medication manufactured and distributed by Aurobindo Pharma USA, Inc., and sold by Throggs Neck Pharmacy, CVS Health Co., and Rite Aid Corporation.  Our clients' valsartan-containing medications were contaminated with N-nitrosodiethylamine (NDEA), a carcinogenic and liver-damaging impurity. On December 31, 2018, the U.S. Food & Drug Administration announced a voluntary recall of eighty (80) lots of valsartan-containing generic medications manufactured and distributed by

Aurobindo Pharma USA, Inc.  The recall was due to the presence of NDEA in the recalled products.  This defect rendered the products unusable and unfit for human consumption.  In short, the valsartan-containing medications that our clients and the Class were purchasing are worthless, as they contained a toxic impurity rendering them unfit for human use.  Aurobindo Pharma USA, Inc., Throggs Neck Pharmacy, CVS Health Co. and Rite Aid Corporation each violated express and implied warranties made to our client and the Class regarding the quality and safety of the valsartan-containing medications they purchased.  *See* U.C.C. §§ 2-313, 2-314.

On behalf of our clients and the Class, we hereby demand that Aurobindo Pharma USA, Inc., Throggs Neck Pharmacy, CVS Health Co. and Rite Aid Corporation immediately (1) cease and desist from continuing to sell contaminated valsartan-containing medications and (2) make full restitution to all purchasers of the contaminated valsartan-containing medications of all purchase money obtained from sales thereof.

We also demand that Aurobindo Pharma USA, Inc., Throggs Neck Pharmacy, CVS Health Co. and Rite Aid Corporation preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.    All documents concerning the packaging, labeling, and manufacturing process for Aurobindo Pharma USA, Inc.'s valsartan-containing medications;

2.    All documents concerning the design, development, supply, production, extraction, and/or testing of valsartan-containing medications manufactured and distributed by Aurobindo Pharma USA, Inc.;

3.    All tests of the valsartan-containing medications manufactured and distributed by Aurobindo Pharma USA, Inc.;

4.    All documents concerning the pricing, advertising, marketing, and/or sale of valsartan-containing medications manufactured and distributed by Aurobindo Pharma USA, Inc.;

5.    All communications with customers involving complaints or comments concerning the valsartan-containing medications manufactured and distributed by Aurobindo Pharma USA, Inc.;

6.    All documents concerning communications with any retailer involved in the marketing or sale of valsartan-containing medications manufactured and distributed by Aurobindo Pharma USA, Inc.;

7.    All documents concerning communications with federal or state regulators; and

8.    All documents concerning the total revenue derived from sales of valsartan-containing medication.

BURSOR&FISHER
P.A.

      If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

      Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

Neal J. Deckant

# BURSOR & FISHER

P.A.

888 SEVENTH AVENUE
3ᴿᴰ FLOOR
NEW YORK, NY 10019
www.bursor.com

NEAL J. DECKANT
Tel: 646.837.7165
Fax: 212.989.9163
ndeckant@bursor.com

June 17, 2019

*__Via Certified Mail – Return Receipt Requested__*

Hetero Labs, Ltd.
7-2-A2, Hetero Corporate, Industrial Estates, Sanath Nagar, Hyderabad – 500 018
Telangana, India

Hetero Drugs, Limited
7-2-A2, Hetero Corporate, Industrial Estates, Sanath Nagar, Hyderabad - 500 018
Telangana, India

Camber Pharmaceuticals, Inc.
1031 Centennial Avenue
Piscataway, New Jersey 08854

Hetero USA, Inc.
1035 Centennial Avenue
Piscataway, New Jersey 08854

The Kroger Co.
1014 Vine Street
Cincinnati, Ohio 45202

Re:     *Notice and Demand Letter Pursuant to U.C.C. § 2-607*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Camber
Pharmaceuticals, Inc. ("Camber"), Hetero USA, Inc., Hetero Labs, Ltd. and Hetero Drugs,
Limited (collectively, "Hetero"), and The Kroger Co. ("Kroger") pursuant to U.C.C.
§ 2-607(3)(a) concerning breaches of express and implied warranties related to our clients,
Leland Gildner and Dominic Stimma, and a class of all similarly situated purchasers (the
"Class") of contaminated valsartan-containing medication manufactured and distributed by
Camber and Hetero, and sold by Kroger.  This letter also serves as notice of violation of
Indiana's Deceptive Consumer Sales Act, Ind. Code §§ 24-5-.05-1, *et seq.*, and the Connecticut
Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b, *et seq.*

Our clients were prescribed and purchased valsartan-containing medication
manufactured and distributed by Camber and Hetero, and sold by Kroger. Our clients'
valsartan-containing medications were contaminated with N-nitrosodimethylamine ("NDMA"), a

BURSOR&FISHER
P.A.

carcinogenic and liver-damaging impurity.  On July 13, 2018, the U.S. Food & Drug Administration announced a voluntary recall of several brands of valsartan-containing generic medications. The recall was due to the presence of NDMA in the recalled products. Following that initial recall, valsartan-containing medications manufactured and distributed by Camber and Hetero were also recalled due to the presence of NDMA in the recalled products. This defect rendered the products unusable and unfit for human consumption. In short, the valsartan-containing medications that our clients and the Class were purchasing are worthless as they contained a toxic impurity rendering them unfit for human use.  Camber, Hetero, and Kroger each violated express and implied warranties made to our client and the Class regarding the quality and safety of the valsartan-containing medications they purchased. *See* U.C.C. §§ 2-313, 2-314.

On behalf of our client and the Class, we hereby demand that Camber, Hetero and Kroger immediately (1) cease and desist from continuing to sell contaminated valsartan-containing medications and (2) make full restitution to all purchasers of the contaminated valsartan-containing medications of all purchase money obtained from sales thereof.

We also demand that Camber, Hetero and Kroger preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.      All documents concerning the packaging, labeling, and manufacturing process for Camber and Hetero's valsartan-containing medications;

2.      All documents concerning the design, development, supply, production, extraction, and/or testing of valsartan-containing medications manufactured and distributed by Camber and Hetero;

3.      All tests of the valsartan-containing medications manufactured and distributed by Camber and Hetero;

4.      All documents concerning the pricing, advertising, marketing, and/or sale of valsartan-containing medications manufactured and distributed by Camber and Hetero;

5.      All communications with customers involving complaints or comments concerning the valsartan-containing medications manufactured and distributed by Camber and Hetero;

6.      All documents concerning communications with any retailer involved in the marketing or sale of valsartan-containing medications manufactured and distributed by Camber and Hetero;

7.      All documents concerning communications with federal or state regulators; and

8.      All documents concerning the total revenue derived from sales of valsartan-containing medication.

BURSOR & FISHER
P.A.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

Neal J. Deckant

# BURSOR & FISHER
### P.A.

888 SEVENTH AVENUE
3ᴿᴰ FLOOR
NEW YORK, NY 10019
www.bursor.com

NEAL J. DECKANT
Tel: 646.837.7165
Fax: 212.989.9163
ndeckant@bursor.com

April 26, 2019

***Via Federal Express***

Mylan Laboratories, Ltd.
Plot No. 564/A/22
Road No. 92
Jubilee Hills
Hyderabad, 500034
India

*Re:      Notice and Demand Letter Pursuant to U.C.C. § 2-607*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Mylan
Laboratories, Ltd. pursuant to U.C.C. § 2-607(3)(a) concerning breaches of express and implied
warranties related to our client, Joseph Cacaccio, and a class of all similarly situated purchasers
(the "Class") of contaminated valsartan-containing medication manufactured, distributed, and
sold by Mylan Pharmaceuticals, Inc., Mylan N.V., and Mylan Laboratories, Ltd.

Our client was prescribed and purchased valsartan-containing medication manufactured and
distributed by Mylan Pharmaceuticals, Inc., Mylan Laboratories, Ltd. and Mylan N.V.  Our
client's valsartan-containing medications were contaminated with N-nitrosodiethylamine
(NDEA), a carcinogenic and liver-damaging impurity.  On November 20, 2018, the U.S. Food &
Drug Administration announced a voluntary recall of fifteen (15) lots of valsartan-containing
generic medications manufactured and distributed by Mylan Pharmaceuticals, Inc., Mylan
Laboratories, Ltd. and Mylan N.V.  The recall was due to the presence of NDEA in the recalled
products.  The recall was extended on December 4, 2018 to include all lots within expiry.  This
defect rendered the products unusable and unfit for human consumption.  In short, the valsartan-
containing medications that our client and the Class was purchasing are worthless, as they
contained a toxic impurity rendering them unfit for human use. Mylan Laboratories, Ltd. violated
express and implied warranties made to our client and the Class regarding the quality and safety
of the valsartan-containing medications they purchased.  *See* U.C.C. §§ 2-313, 2-314.

On behalf of our client and the Class, we hereby demand that Mylan Laboratories, Ltd.
immediately (1) cease and desist from continuing to sell contaminated valsartan-containing
medications and (2) make full restitution to all purchasers of the contaminated valsartan-
containing medications of all purchase money obtained from sales thereof.

BURSOR & FISHER
P.A.

We also demand that Mylan Laboratories, Ltd. preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.  All documents concerning the packaging, labeling, and manufacturing process for Mylan Laboratories, Ltd.'s valsartan active pharmaceutical ingredient (API) and valsartan-containing medications;

2.  All documents concerning the design, development, supply, production, extraction, and/or testing of valsartan API and valsartan-containing medications manufactured and distributed by Mylan Laboratories, Ltd.;

3.  All tests of the valsartan API and valsartan-containing medications manufactured and distributed by Mylan Laboratories, Ltd.;

4.  All documents concerning Mylan Laboratories, Ltd.'s communications with regulatory bodies, including but not limited to the U.S. Food & Drug Administration;

5.  All documents concerning communications with other Mylan entities, including Mylan Pharmaceuticals, Inc. and Mylan N.V.; and

6.  All documents concerning the total revenue derived from sales of valsartan API and/or valsartan-containing medications; and

7.  All documents concerning communications with purchasers of valsartan API and/or valsartan-containing medications.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

Neal J. Deckant

# BURSOR & FISHER
P.A.

888 SEVENTH AVENUE
3ᴿᴰ FLOOR
NEW YORK, NY 10019
www.bursor.com

NEAL J. DECKANT
Tel: 646.837.7165
Fax: 212.989.9163
ndeckant@bursor.com

June 17, 2019

*Via Certified Mail – Return Receipt Requested*

Zhejiang Huahai Pharmaceutical Co., Ltd.
Xunqiao, Linhai, Zhejiang 317024, China
2009 and 2002 Eastpark Blvd.
Cranbury, NJ 08512

Huahai US Inc.
2002 Eastpark Blvd.
Cranbury, New Jersey 08512

Solco Healthcare U.S., LLC
2002 Eastpark Boulevard, Suite A
Cranbury, New Jersey 08512

Prinston Pharmaceutical, Inc.
2002 Eastpark Boulevard
Cranbury, New Jersey 08512

Walgreen Co. a/k/a Walgreens
200 Wilmot Road
Deerfield, Illinois 60015

Walmart Stores, Inc.
702 Sw 8 th Street
Bentonville, Arkansas 72716

Express Scripts
P.O. Box 66773
St. Louis, MO 63166-6773

Re:    *Notice and Demand Letter Pursuant to U.C.C. § 2-607*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Zhejiang
Huahai Pharmaceutical Co., Ltd. ("ZHP"), Huahai US Inc. ("Huahai"), Solco Healthcare U.S.,
LLC ("Solco"), Prinston Pharmaceutical, Inc. ("Prinston"), Walgreen Co. a/k/a Walgreens
("Walgreens"), Walmart Stores, Inc. ("Wal-Mart"), and Express Scripts pursuant to U.C.C.

§ 2-607(3)(a) concerning breaches of express and implied warranties related to our clients, Gary Burnett, Joseph Cacaccio, John Duffy, Flora McGilvery, Cheryl Mullins, Lubertha Powell, Brian Wineinger, and a class of all similarly situated purchasers (the "Class") of contaminated valsartan-containing medication manufactured and distributed by ZHP, Huahai, Solco and Prinston, and sold by Walgreens, Walmart and Express Scripts. This letter also serves as notice of violation of North Carolina's Unfair or Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. §§ 75-1.1, *et seq.*, New York's General Business Law § 349 and § 350, Mississippi's Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq.*, Virginia's Consumer Protection Act, Va. Code § 59.1-196, *et seq.*, Georgia's Deceptive Trade Practices Act, Ga. State 10-1-392, *et seq.*, and Indiana's Deceptive Consumer Sales Act, Ind. Code §§ 24-5-.05-1, *et seq.*

Our clients were prescribed and purchased valsartan-containing medication manufactured and distributed by ZHP, Huahai, Solco and Prinston, and sold by Walgreens, Walmart, and Express Scripts. Our clients' respective valsartan-containing medications were contaminated with N-nitrosodimethylamine ("NDMA"), a carcinogenic and liver-damaging impurity. On July 13, 2018, the U.S. Food & Drug Administration announced a voluntary recall of several brands of valsartan-containing generic medications, including those manufactured and distributed by Solco and Prinston. The recall was due to the presence of NDMA in the recalled products. This defect rendered the products unusable and unfit for human consumption. In short, the valsartan-containing medications that our clients and the Class were purchasing are worthless as they contained a toxic impurity rendering them unfit for human use. ZHP, Huahai, Solco, Prinston, Walgreens, Walmart and Express Scripts each violated express and implied warranties made to our clients and the Class regarding the quality and safety of the valsartan-containing medications they purchased. *See* U.C.C. *§§* 2-313, 2-314.

On behalf of our clients and the Class, we hereby demand that ZHP, Huahai, Solco, Prinston, Walgreens, Walmart and Express Scripts immediately (1) cease and desist from continuing to sell contaminated valsartan-containing medications and (2) make full restitution to all purchasers of the contaminated valsartan-containing medications of all purchase money obtained from sales thereof.

We also demand that ZHP, Huahai, Solco, Prinston, Walgreens, Walmart and Express Scripts preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.    All documents concerning the packaging, labeling, and manufacturing process for ZHP, Huahai, Solco and Prinston's valsartan-containing medications;

2.    All documents concerning the design, development, supply, production, extraction, and/or testing of valsartan-containing medications manufactured and distributed by ZHP, Huahai, Solco and Prinston;

3.    All tests of the valsartan-containing medications manufactured and distributed by ZHP, Huahai, Solco and Prinston;

BURSOR&FISHER
P.A.

4.      All documents concerning the pricing, advertising, marketing, and/or sale of valsartan-containing medications manufactured and distributed by ZHP, Huahai, Solco and Prinston;

5.      All communications with customers involving complaints or comments concerning the valsartan-containing medications manufactured and distributed by ZHP, Huahai, Solco and Prinston;

6.      All documents concerning communications with any retailer involved in the marketing or sale of valsartan-containing medications manufactured and distributed by ZHP, Huahai, Solco and Prinston;

7.      All documents concerning communications with federal or state regulators; and

8.      All documents concerning the total revenue derived from sales of valsartan-containing medication.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

Neal J. Deckant

**UNITED STATES POSTAL SERVICE**

July 22, 2019

Dear Bursor Fisher:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9956 0184 6788 96**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | August 20, 2018, 12:58 pm |
| **Location:** | CRANBURY, NJ 08512 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Solco Healthcare U S  LLC |

| Shipment Details | |
|---|---|
| **Weight:** | 1.0oz |

**Recipient Signature**

Signature of Recipient: *[signature]*

Address of Recipient: *[handwritten] 2702 Eastpark 08512*

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

July 22, 2019

Dear Bursor Fisher:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9956 0184 6957 49**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | August 20, 2018, 12:58 pm |
| **Location:** | CRANBURY, NJ 08512 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Prinston Pharmaceutical Inc |

| Shipment Details | |
|---|---|
| **Weight:** | 1.0oz |

**Recipient Signature**

Signature of Recipient: *[signature]*

Address of Recipient: *[handwritten] 2702 East park 08512*

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

**UNITED STATES**
**POSTAL SERVICE**

July 22, 2019

Dear Bursor Fisher:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9956 0184 6964 63**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | August 20, 2018, 8:17 am |
| **Location:** | DEERFIELD, IL 60015 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Walgreen Co  a k a Walgreens |

| Shipment Details | |
|---|---|
| **Weight:** | 1.0oz |

| Recipient Signature |
|---|



Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

**UNITED STATES
POSTAL SERVICE**

July 22, 2019

Dear Bursor Fisher:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9956 0184 6280 20**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | August 18, 2018, 12:22 pm |
| **Location:** | BRONX, NY 10465 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Throggs Neck Pharmacy |

| Shipment Details | |
|---|---|
| **Weight:** | 1.0oz |

**Recipient Signature**

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004