# DuaneMorris®

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

*FIRM and AFFILIATE OFFICES*

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
*E-MAIL:* SAGoldberg@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

September 29, 2020

<u>VIA ECF</u>

The Honorable Robert Kugler
Senior United States District Court Judge
District of New Jersey

The Honorable Joel Schneider
United States Magistrate Judge
District of New Jersey

Re:    <u>In re Valsartan, Losartan, and Irbesartan Products Liability Litigation</u>
        <u>Case No. 1:19-md-02875-RBK-JS</u>

Dear Judge Schneider:

This letter is to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on September 30.

## 1.    Deposition Protocol

The parties have exchanged versions of the fact witness deposition protocol used in the *Benicar* litigation edited in attempt to address, among other differences unique to these proceedings, the possibility that a number of foreign nationals from China, India, Israel, and other countries might be deposed in this action, and the impact COVID-19 may have on all of the depositions.

On September 26, 2020, the parties had a teleconference with Judge Schneider during which they discussed some of the challenges presented by the foreign national deponents and COVID-19, especially given the Court's suggestion that depositions of Defendants' employees might begin on January 15, 2021, *see* ECF No. 575, such as: (i) foreign laws restricting depositions where foreign national deponents reside; (ii) ongoing travel restrictions throughout the world due to COVID-19, including mandatory quarantines for travelers; and (iii) time zone differences and

September 29, 2020
Page 2

DuaneMorris

connection instability that could impede deposition preparation and depositions conducted between attorneys and witnesses in the U.S. and abroad, especially China and India.[1]

Plaintiffs have not yet identified any foreign citizens employed by any defendant whose deposition Plaintiffs intend to take, and thus no proposals have been made, nor agreements reached, on whether any foreign national employed by any defendant would voluntarily appear for a deposition in a country other than the country in which the employee resides.

The Court acknowledged the challenges presented by the number of foreign nationals and COVID-19, and encouraged the parties to work together in good faith to develop a mutually agreeable process for taking depositions in this action.

2.    **Entry of Case Management Schedule Governing General Causation and Plaintiff Discovery**

As Defendants have raised at both the February 26th in-person status conference and again at the July 29th telephonic status conference before Judge Kugler, Defendants have a strong desire to proceed with discovery against Plaintiffs on a parallel track, as to both the personal injury plaintiffs and the class action plaintiffs. Defendants have been assured by both Judge Schneider and Judge Kugler that the personal injury cases have not been stayed and that it is appropriate to proceed on such a parallel track. Additionally, at the July 29th status conference, Defendants proposed that this litigation would be well-served by an overarching case management order that provides for the orderly and efficient progression of general causation discovery, including the prompt identification of the types of cancers that Plaintiffs intend to pursue, similar to what the Court and the parties agreed to in *In Re Zantac (Ranitidine) Products Liability Litigation* (MDL 2924).

As Judge Kugler noted in July, "there has to be a reckoning at some point as to all these cancer claims" and the Court noted it has no objection to discovery proceeding on these issues. Judge Kugler made clear we needed to continue to discuss these points at future meetings, with the goal of having a schedule in place "by the end of this year."  While we are not suggesting that expert disclosures and Daubert briefing needs to happen immediately, we are now at the point – well over 18 months into this litigation – where it is more than reasonable to supply a framework for how and when these issues will be addressed in the coming months and years. To that end, Defendants have crafted a proposed Case Management Order, attached as Exhibit A, as an initial draft for discussion.

---

[1] During this call the Court approved the parties' agreement to change the deadline for Plaintiffs to serve 30(b)(6) notices to October 16, with Defendants' objections due two weeks later.



September 29, 2020
Page 3

**3.      Rule 34 Discovery of Consumer and TPP Class Representatives**

During the teleconference with Judge Schneider on September 26, 2020, Defendants proposed serving document requests pursuant to FRCP 34 on the consumer and TPP class representatives, as the Plaintiff Fact Sheets the Court previously approved by the Court do not cover the various categories of information that are pertinent to the question whether any of the proposed class representatives can satisfy the requirements of Rule 23.[2] The Court advised that Defendants should attach those requests to this submission so that the parties could meet and confer about them, and the Court could then approve sets of requests without objection. The same process the Court utilized in approving the Rule 34 requests Plaintiffs served on Defendants.

Plaintiffs' theory is that, had the consumers been aware of issues with the sartans, they would have not purchased them. As a result, Plaintiffs claim that the putative consumer class is entitled to a return of its sartan "purchase" price – all or a portion of the deductibles they paid under the plan(s) attributable to purchases of the sartans, and each co-pay the consumer class paid under their individual plan(s) for sartan purchases. Defendants' theory is that, had the consumer class not purchased the sartans, each class member would have been required to "purchase" (via deductible and co-pay) a highly individualized replacement drug prescribed by his/her particular doctor to treat their hypertension. The replacement drug may be a different generic drug, or it may the branded version of the sartan, or it may be a different branded drug altogether.

With regard to discovery then, if the consumer class representative's replacement drug co-pay (a fixed amount the consumer pays for each specific prescription, calculated based on how each plan has chosen to treat that specific prescribed drug for that plan year or portion thereof (also called PDL tier placement)) under the specific plan was the same or more than the sartan co-pay, the consumer class representative has not been injured. If the co-pay was the same or more only during a certain period of time, the consumer class representative's damages would be reduced by that amount. Moreover, the plan's: (1) deductible obligations (the amount the plan member must pay out of pocket before the plan will pay any prescription expenses); and (2) the yearly and plan duration "maximum out-of-pocket" caps on prescription drug costs (the absolute most a plan member will have to pay toward prescription costs in a given year or over the life of a plan membership) may mean that, in light of a replacement drug which costs more than the sartan, the consumer class representative would have had less or none of his deductible attributable to his damage calculation and/or, at an earlier point in time, "maxed out" his damages.

Each of these theories require discovery of information as to each of the consumer class representative's plan(s) that provided for coverage of prescription drugs for the consumer during

---

[2] Defendants first raised their intention to serve similar document requests on Plaintiffs on January 14, 2020. See Davis email, attached as Exhibit B.

DuaneMorris

September 29, 2020
Page 4

the relevant period (2010-2018). Specifically, Defendants and the Court require, among other information:

- The description of each plan under which the class representative was at any point covered during the relevant 8 years (2010-2018) (this may be several plans for any one consumer class representative) and the yearly prescription drug deductible related thereto;

- Where the sartans fell on the consumer class representative's plan's preferred drug list (PDL) by "tier," pursuant to each amendment of each plan's PDL, usually every 6 months (the PDL tier drives the co-pay);

- The actual co-pay for that sartan/tier pursuant to the plan or PDL at each amendment thereof;

- The consumer class representative's plan's maximum out-of-pocket caps on the amount required to be paid for prescription drugs pursuant to each plan amendment;

- The replacement drug(s) which would have been prescribed for the consumer class representative at any relevant point in time (as the choice may change over the relevant time period based on drug development, patient health, and patient history) had the alleged issues with the sartans been made known (obtained via relevant consumer class representative health care provider);

- Where the replacement drug fell on the consumer class representative's plan's PDL by tier at each amendment of the plan's preferred drug list, usually every 6 months (the PDL tier drives the co-pay)[3];

- The actual co-pay for that replacement drug/tier pursuant to the plan or PDL at each amendment;

- Whether and when in each plan coverage year the consumer class representative reached his/her maximum out-of-pocket caps for prescription drugs; and

---

[3] Generally, diuretics, ACE inhibitors, ARBs (the sartans) and calcium channel blockers in some format are first line pharmaceutical treatments for hypertension. Other hypertension medications include Beta-blockers, Alpha blockers, Alpha-2, Receptor Agonists, Central agonists, Peripheral adrenergic inhibitors, Vasodilators, and, obviously, a health care provider would have to tailor his replacement drug decision to the needs and personal medical history of his patient. The sheer number of options for replacement drug suggests the variety of different copays in play.

DuaneMorris

September 29, 2020
Page 5

- The relevant TPP plan or claims administrator's computerized summary records of deductibles and co-pays paid by the consumer class representative for the sartans, as they are likely to have the most complete records of deductibles and co-pays paid, any credits given, and maximum out-of-pocket amounts reached.

Class certification requires that putative class members have suffered damage. The above discovery, among other categories of information requested, is necessary to determine whether the putative class representatives have been injured and, if so, whether they have been in a way that satisfies the requirements of Rule 23. Defendants are attaching Rule 34 discovery requests to be served on the Consumer and TPP Class Representatives as Exhibits C-E.

**4.      Plaintiff Fact Sheets – Requests for Orders to Show Cause**

**(a)      Cases Addressed at the August 26, 2020 Case Management Conference**

As a preliminary matter, Defendants note that the Court issued four show cause orders returnable at the September 30, 2020 Case Management Conference. Subsequent to last month's CMC, voluntary dismissals were filed in two of those matters:

- Thompson, Kim - 1:19-cv-15135
- Needy, Lenny - 1:19-cv-15051

Two cases remain subject to an order to show cause at the September 30, 2020 Case Management Conference for failure to substantially complete a PFS:

|  | Plaintiff | Civil Action No. | Law Firm | Deficiencies |
|---|---|---|---|---|
| 1. | Stano, David | 1:19-cv-18080 | Gennusa Piacun & Ruli | I.C.2 - Failed to attach records<br><br>I.D.1 - Failed to attach records<br><br>I.D.2 - Failed to respond<br><br>I.D.3 - Failed to respond<br><br>I.D.4 - Failed to respond<br><br>I.D.5 - Failed to respond<br><br>I.D.6 - Failed to respond |

September 29, 2020
Page 6

DuaneMorris

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies |
|---|---|---|---|---|
| | | | | I.D.7 - Failed to respond |
| | | | | I.D.8 - Failed to respond |
| | | | | III.C.1 - Failed to respond |
| | | | | III.C.2.a - Failed to respond |
| | | | | III.C.3 - Failed to respond |
| | | | | III.C.3 - Failed to respond |
| | | | | III.C.3.a.i - Failed to respond |
| | | | | III.C.3.a.ii - Failed to respond |
| | | | | III.C.3.b - Failed to respond |
| | | | | III.C.3.c.i - Failed to respond |
| | | | | III.D.3 - Failed to respond |
| | | | | III.G.a - Failed to respond |
| | | | | III.G.b - Failed to respond |
| | | | | III.G.c - Failed to respond |
| | | | | III.H. - Failed to respond |
| | | | | IV.C.2 - Failed to provide address and telephone number for Humana Pharmacy and failed to provide telephone number for All Saints Pharmacy. Please clarify |
| | | | | IV.C.3 - Failed to provide approximate begin dates for Humana Pharmacy and All Saints Pharmacy. Please clarify |
| | | | | V.D1.a - Failed to respond |
| | | | | V.D1.b - Failed to respond |

DuaneMorris

September 29, 2020
Page 7

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies |
|---|---|---|---|---|
| | | | | V.D1.d - Failed to provide complete information. - Amount used is ambiguous. Please clarify |
| | | | | V.D1.d.i - Failed to provide complete information. - On average is ambiguous. Please clarify |
| | | | | V.D1.d.(iii) - Failed to respond |
| | | | | V.E.1 - Failed to respond |
| | | | | V.F.27 - Failed to respond |
| | | | | V.F.45 - Failed to respond |
| | | | | V.F.46 - Failed to respond |
| | | | | V.F.47 - Failed to respond |
| | | | | V.F.49 - Failed to respond |
| | | | | V.F.50 - Failed to respond |
| | | | | V.F.51 - Failed to respond |
| | | | | XI.A.1 - Failed to provide properly completed authorization. - Failed to provide requisite number of health care authorizations. Please supplement |
| | | | | XI.A.1 - Failed to provide properly completed authorization. - Failed to provide requisite number of health care authorizations. Please supplement |
| | | | | XI.A.6 - Failed to provide properly signed, dated, and completed authorization |
| | | | | XI.A.7 - Failed to provide properly completed authorization |
| | | | | XI.B.10 - Failed to provide records requested |

September 29, 2020
Page 8

DuaneMorris

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies |
|---|---|---|---|---|
| | | | | XI.B.18 - Failed to provide records requested. - Also inconsistent with Section III.G where no medical expenses were listed. Please clarify. |
| 2. | Fougere, Therese | 19-cv-17597 | Law Office of Pius A. Obioha & Associates, LLC | Failed to File PFS<br><br>PFS DUE 3/29/20 |

**(b)    Second Listing Cases – Order to Show Cause Requested**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these ten (10) cases were previously listed on the agenda for a prior CMC. Defendants provided a list including these cases and identified deficiencies to Plaintiffs' leadership counsel for distribution on September 14, 2020 and September 22, 2020, and met and conferred with Plaintiffs' counsel on September 25, 2020, and have been available for further meet and confers as needed. Accordingly, Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why the case should not be dismissed.

Defense counsel will be prepared to address the individual issues with respect to each of these cases, to the extent necessary, during the September 30th Case Management Conference:

| | Plaintiff | Civil Action No. | Law Firm | Core Deficiencies | Deficiency Notice Sent | Prior Agenda Listing |
|---|---|---|---|---|---|---|
| 1. | Gehefer, Margaret | 20:cv:01305 | Goldenberg Law, PLLC | IV.D.3 Dates of Coverage: Plaintiff still did not provide the approximate dates of coverage for the identified insurance carrier<br><br>V.G.1  Identified Conditions of Colon Polyps, Hypertension, Diabetes, and Depression: Plaintiff still did not provide any information regarding outcome of treatment for the identified conditions of colon polyp, | 5/25/20 | August |

DuaneMorris

September 29, 2020
Page 9

| | | | | hypertension, diabetes, and depression.<br><br>XI.A.1 Health Care Authorizations: Plaintiff did not produce individualized, signed, and undated health care authorizations for the identified health care providers, treating facilities, and pharmacies<br><br>XI.A.6 Health Insurance Record Authorization: Plaintiff did not produce a health insurance record authorization for the identified insurance carrier<br><br>XI.A.7 Mental Health Records Authorizations: Plaintiff did not produce a mental health record authorization<br><br>XII Declaration: Plaintiff has not produced an executed declaration for the PFS. Please produce a properly executed Declaration. | | |
|---|---|---|---|---|---|---|
| 2. | Meade, Karen | 1:19-cv-15351 | Kirtland & Packard | See Deficiency Notice – never responded<br><br>Still missing a signed declaration and authorizations | 7/27/2020 | August |
| 3. | Gioia, Joseph | 1:20-01352 | Rheingold Giuffra Ruffo Plotkin | I.C.2 Failed to attach records including prescription/pharmacy records | 5/15/2020 | August |

DuaneMorris

| | | | | I.D.1 Failed to attach records demonstrating alleged injury | | |
|---|---|---|---|---|---|---|
| | | | | I.D. 5-8 Failed to respond to detailed information re cancer diagnosis | | |
| | | | | II.D.2.e. Failed to provide complete information re employment and is claiming lost wages | | |
| | | | | II.D.4 (a-j) Failed to respond to exposure section entirely | | |
| | | | | III.B.5. Failed to respond re possession of container or packaging of products used | | |
| | | | | III.C.1. Failed to respond re non-cancer injuries claimed | | |
| | | | | III.C.3 Failed to respond re procedures/treatment for injuries claimed | | |
| | | | | III.C.5. Failed to respond re treatment for any other medical conditions | | |
| | | | | III.F.1-4 Failed to respond and provide complete information re lost wages being claimed. | | |
| | | | | III.G. Failed to respond re medical expenses | | |
| | | | | III.H. Failed to respond re specialized damages | | |

DuaneMorris

September 29, 2020
Page 11

| | | | | IV.C (1-3)Failed to respond re identification of pharmacies<br><br>IV.D. (1-3) Failed to respond re insurance carriers<br><br>V. (A-C) Failed to respond re medical background details<br><br>V.D. Failed to provide complete information re dates of tobacco use and number of years<br><br>V.E.3 Failed to respond re type of alcohol consumed<br><br>V.F.13 Failed to respond re condition identified<br><br>XI.A (1-7) Failed to provide any signed, undated and completed authorizations<br><br>XI.B Failed to respond to the entire section | | |
|---|---|---|---|---|---|---|
| 4. | Bray, Paulette | 1:20-cv03097 | Milstein Jackson Fairchild & Wade | See Deficiency Notice | 6/29/2020 | August |
| 5. | Frain, Linda | 1:20-cv-05372 | Watts Guerra | I.B.1 Failed to provide information related to spouse.<br><br>I.D Failed to answer highest stage cancer diagnosed and description of treatment. | 7/21/2020 | August |

September 29, 2020
Page 12

DuaneMorris

| | | | | I.E.3 Failed to provide complete information | | |
|---|---|---|---|---|---|---|
| | | | | Capacity in which you are representing the individual. | | |
| | | | | I.E.4 Failed to provide complete information | | |
| | | | | State, court and case number that appointed as a representative | | |
| | | | | II.A.1 Failed to provide Medicare Health Insurance claim number | | |
| | | | | II.A.3 Failed to respond | | |
| | | | | II.B.1  Failed to respond | | |
| | | | | II.B.3.c  Failed to respond – date of birth | | |
| | | | | III.C-K Failed to respond | | |
| | | | | IV.A.3.1-2 Failed to respond. – approximate dates | | |
| | | | | IV.A.4.1-2 Failed to respond – reasons for consultations | | |
| | | | | IV.B.3 Failed to respond – approximate dates | | |
| | | | | IV.B.4  Failed to respond – reason for treatment | | |
| | | | | IV.C.3 Failed to respond – approximate dates | | |
| | | | | IV.D, E Failed to respond | | |
| | | | | V.A-E Failed to respond | | |

| | | | | V.F.1 Failed to respond | | |
|---|---|---|---|---|---|---|
| | | | | V.G.1 Failed to provide complete information | | |
| | | | | V.G.2 Name, address and phone number of health care provider who treated hypertension | | |
| | | | | V.G.3 Failed to respond – date of onset for hypertension | | |
| | | | | V.G.4 Treatment received and outcome for hypertension | | |
| | | | | VI  Failed to respond | | |
| | | | | VII.A.2 Failed to respond | | |
| | | | | VII.A.3 Failed to respond | | |
| | | | | VII.A.3 Failed to respond – type of surgery, date of surgery | | |
| | | | | VII.A.4.a  Failed to respond regarding cancer diagnoses | | |
| | | | | VIII Failed to respond | | |
| | | | | X.A.1.b Failed to respond – place of death | | |
| | | | | X.A.1.c Failed to respond – facility or location where death occurred | | |
| | | | | X.A.1.d Failed to respond – physician signing death certificate | | |

Duane Morris

September 29, 2020
Page 14

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | X.A.1.e  Cause of death<br><br>X.B, C Failed to respond<br><br>XI.A.1, 6 Failed to provide properly signed, undated, and completed authorizations<br><br>XI.B.1,2, 4-23 Failed to provide records requested and/or respond to question<br><br>XII Failed to provide signed and dated declaration | | |
| 6. | Lewis, Edwin | 1:20-05706 | Hollis Law Firm | Failed to File PFS | SFC: 5/8/2020<br><br>PFS Due: 7/7/2020 | August |
| 7. | Bowden, Virginia | 1:20-06745 | Morgan & Morgan | Failed to File PFS | SFC: 6/2/2020<br><br>PFS Due: 8/1/2020 | August |
| 8. | Mefford, Susan | 19-cv-15039 | Golden Law Office | I.D.2   Failed to provide complete information - Does not allege any cancer as a result of Valsartan. SFC alleges permanent liver damage<br><br>II.D.2.d  Failed to respond.<br><br>III.F.1  Failed to provide complete information - only vague period 2016-2019 is listed<br><br>III.F.2.a  Failed to provide complete information. | GT | February |

DuaneMorris

September 29, 2020
Page 15

| | | | | III.F.2.b  Failed to provide complete information - References IRS records | | |
|---|---|---|---|---|---|---|
| | | | | III.F.3.a  Failed to respond | | |
| | | | | III.F.3.b  Failed to respond - References IRS records | | |
| | | | | III.F.4.a  Failed to respond - Will supplement | | |
| | | | | III.G.a  Failed to provide complete information | | |
| | | | | III.G.b  Failed to respond | | |
| | | | | III.G.c  Failed to respond | | |
| | | | | XI.A.1   Failed to provide properly signed, dated, and completed authorization. Name, DOB, SSN not filled in | | |
| | | | | XI.A.4  Failed to provide properly signed, dated, and completed authorization - Answered YES to this question in section II.F but exhibit placeholder says it is irrelevant to claims | | |
| | | | | XI.A.6   Failed to provide properly signed, dated, and completed authorization | | |
| | | | | Objections are improper an inadequate and improper response to a court-approved fact sheet. Please respond with the required information. | | |

DuaneMorris

| | | | | XI.A.7  Failed to provide properly signed, dated, and completed authorization - Name, DOB, SSN not filled in.<br><br>XI.B.9  Failed to provide records requested - No photos apparent in records | | |
|---|---|---|---|---|---|---|
| 9. | Griffit, Judy | 19-cv-14990 | Golden Law Office | I.D.1   Failed to attach records - SFC indicates injury is precancerous polyps on colon, thyroid, and stomach<br><br>Records only speak to precancerous polyp on colon. No cancer attributed to valsartan in PFS<br><br>I.D.2   Failed to respond - No cancer attributed to valsartan in PFS<br><br>III.C.1   Lists pre-cancerous polyp on colon and thyroid. There is no indication of precancerous thyroid polyp in the records. Also, the SFC lists pre-cancerous stomach polyp, but that is not listed here. There is no record of that in the medical records either<br><br>III.C.4.b   Failed to provide complete information - The address information is not complete for all entries | 2/5/20 | February |

DuaneMorris

| | | | | III.C.5  Failed to provide complete information - Treatment is not specific | | |
|---|---|---|---|---|---|---|
| | | | | Does not list what other medications taking at time diagnosed with injuries attributing to valsartan | | |
| | | | | III.C.5  Failed to respond - states "pharmacy records to be supplemented" | | |
| | | | | VI.A.1  Failed to respond - Pharmacy records to be supplemented | | |
| | | | | VII.A.3  Failed to provide complete information - Checked box that never been diagnosed with cancer but then checks box that underwent surgery for cancer for removal of pre-cancerous polyps on colon and thyroid. No record of thyroid/pre-cancer issue in records | | |
| | | | | XI.A.1  Failed to provide properly signed, dated, and completed authorization - Dated in signature block | | |
| | | | | XI.A.6  Failed to provide properly signed, dated, and completed authorization - Objected via collateral source rule | | |
| | | | | XI.A.7  Failed to provide properly signed, dated, and completed authorization - Dated in signature block | | |

September 29, 2020
Page 18

DuaneMorris

| 10. | Lewis, Linda | 20-cv-00629 | Law Offices of John D. Sileo LLC | I.D  Failed to provide date of original cancer diagnosis, cancer type, highest stage diagnoses, metastasis, remission, and treatment<br><br>III.C  Section requires an answer related to physical injury. Depression is not a physical injury<br><br>If plaintiff intended to state a mental injury, this belongs in Section III.E; further plaintiff fails to state dates of occurrence, dates of hospitalization, date of discharge and name and address of hospital. Plaintiff also fails to state medication prescribed and ant other treatment<br><br>III.G  Failed to provide medical expense information | 4/24/20 | June |
|-----|------|------|------|------|------|------|

**(c)    First Listing Cases – Remaining Core Deficiencies**

The following Plaintiff Fact Sheet contains core deficiencies which remain unresolved. Defendants provided a list including these cases and identified deficiencies to Plaintiffs on September 14, 2020 and September 22, 2020 and met and conferred with Plaintiffs' counsel on September 25, 2020 and have been available for further meet and confers as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

|  | Plaintiff | Civil Action Case No. | Law Firm | Core Deficiencies | Deficiency Notice Sent |
|----|-----------|----------------------|----------|-------------------|------------------------|
| 1. | Battle, Dorothy | 1:20-02218 | Watts Guerra | See Deficiency Notice | 5/18/2020 |

September 29, 2020
Page 19

DuaneMorris

| 2. | Fisher, Louis | 20-cv-5057 | Beasley Allen | Numerous deficiencies, including the following core deficiencies:<br><br>I.C.2  Failed to attach prescription and pharmacy records demonstrating product use that are reportedly in plaintiff's possession<br><br>I.D.1 Failed to attach medical records demonstrating alleged injury<br><br>II.D.4.c Failed to provide complete information for identified exposure<br><br>III.C. Failed to respond to section re non-cancer injuries<br><br>III.C.3 Procedures and Treatments for claimed injury- Failed to respond<br><br>III.C.3.b and c List hospitalizations, procedures- Failed to respond<br><br>III.G. Failed to provide complete information re medical expenses<br><br>III.H. Failed to respond re claim for specialized damages<br><br>IV.C. and D Failed to provide complete | 7/15/2020 |



September 29, 2020
Page 20

| | | | | information regarding identified pharmacies

V.E. 1 and 2. Failed to provide complete information regarding alcohol use history

IX. Fraud Claims section- Failed to respond

XI.A (1-7) Failed to provide properly signed, undated and completed authorizations

XI.B (2, 3, 4, 9, 10) Failed to provide records requested

XII. Declaration- Failed to provide signed and dated declaration | |
|---|---|---|---|---|---|
| 3. | Stewart, Donald | 19-cv-21475 | Stark & Stark | Numerous deficiencies, including the following core deficiencies:

I.C.2  Failed to attach prescription and pharmacy records demonstrating product use that are reportedly in plaintiff's possession

I.D.1 Failed to attach medical records demonstrating alleged injury | 7/16/2020 |

DuaneMorris

September 29, 2020
Page 21

| | | | | II.D.4. (a, c, d, f, g, h, j) Failed to respond to exposure information | |
|---|---|---|---|---|---|
| | | | | III.C. Failed to respond to section re non-cancer injuries | |
| | | | | III.D.4 and .5 Failed to complete details about persistent symptoms | |
| | | | | III.E.2 (a-e) Failed to provide complete information for emotional injury diagnosis | |
| | | | | III.G. Failed to provide complete information re medical expenses | |
| | | | | III.H. Failed to respond re claim for specialized damages | |
| | | | | IV.A. List of Healthcare Providers-Failed to respond | |
| | | | | IV.B. List of Hospitals and Clinics- Failed to respond | |
| | | | | IV.C. List of Pharmacies- Failed to respond | |
| | | | | IV.D. List of Insurance Carriers-Failed to respond | |
| | | | | V.E. 1 and 2. Failed to provide complete | |

September 29, 2020
Page 22

| | | | | | |
|---|---|---|---|---|---|
| | | | | information regarding alcohol use history<br><br>V.F.15, 27, 41  Failed to respond to identified medical conditions<br><br>V.G. Failed to respond section providing information for identified medical conditions<br><br>VI.A. Medications- Failed to respond. Indicates "see pharmacy records" Failed to attach pharmacy records<br><br>VIII. Family history section- Failed to respond<br><br>IX. Fraud Claims section- Failed to respond<br><br>XI.A (1-7) Failed to provide properly signed, undated and completed authorizations<br><br>XI.B (1, 2, 3, 10, 19) Failed to provide records requested | |
| 4. | D'Andrea, Rose | 20-cv-06888 | Fleming, Nolen, and Jez | I.A.1  Failed to provide complete information. Information cut off. Please supplement<br><br>I.C.8   Information provided does not match SFC. Please clarify the discrepancy | 8/25/2020 |

September 29, 2020
Page 23

**Duane Morris**

| | | | | Novartis not identified in SFC. Please clarify the discrepancy<br><br>I.D.5  Failed to provide complete information. Please provide stage if known<br><br>II.C.2  Failed to provide complete information<br><br>II.D.3.a  Failed to provide complete information. Please provide full dates<br><br>II.D.4.h  Failed to respond Please provide date range for which you were exposed to radiation<br><br>III.G.c  Failed to provide complete information<br><br>IV.A.3  Failed to provide complete information. Failure to provide start date.<br><br>IV.A.3 Failed to provide complete information. Please provide start date<br><br>IV.A.3  Failed to provide complete information. Please provide start date<br><br>V.G.3  Failed to respond. Failure to provide approximate date of onset | |

**Duane Morris**

| | | | | | |
|---|---|---|---|---|---|
| | | | | XI.A.1 Failed to provide properly signed, dated, and completed authorization. Provided authorization in form not approved by the Court. Please provide un-dated authorization for each provider. | |
| 5. | Jones, Calvin | 20-cv-5962 | Goldenberg Law | No records or authorizations produced | 7/31/2020 |
| 6. | Weiner, Louis | 20-cv-5224 | Reeves & Mestayer | No records or authorizations produced.<br><br>No signed declaration | 7/17/2020 |
| 7. | Merchant, George | 20-cv-8826 | Parafinczuk Wolf Susen | I.B  Plaintiff fails to provide any information related to spouse<br><br>I.C  Failed to respond<br><br>Plaintiff fails to list any of the required information about the product he consumed, including the name of the product, dosage of the product, and the name and address of the pharmacy(ies) where he purchased the product.<br><br>Plaintiff has not attached documentation or pharmacy records indicating his valsartan use.<br><br>Plaintiff has left I.C completely blank. | 9/4/2020 |

September 29, 2020
Page 25

DuaneMorris

|  |  |  |  | I.D   Failed to provide complete information.

Provide highest stage of pancreatic cancer.

Provide answer to question about metastasis for all cancers.

Describe your treatment for pancreatic cancer.

II.A-K  Failed to respond.

Section II in its entirety

III.A - C.3.a   Failed to respond

Section III.A through Section III.C.3.a.

III.C.3.b-c   Failed to provide complete information

Non-cancer injuries

III.C.4-6   Failed to respond

Section III.C.4 through Section III.C.6

III.D-H   Failed to respond

Section III.D through Section III.H

IV.C-E   Failed to respond |  |
|---|---|---|---|---|---|

DuaneMorris

|  |  |  |  | Section IV.C through Section IV.E.<br><br>V.A-G  Failed to respond<br><br>Section V.A through Section V.G.<br><br>VI.A  Failed to provide complete information<br><br>Plaintiff provides no pharmacy information for any of the medications listed<br><br>Plaintiff fails to provide frequency of use of any of the listed medications<br><br>VI.B  Failed to respond<br><br>Section VI.B in its entirety<br><br>VIII  Failed to respond.<br><br>Section VIII in its entirety<br><br>IX  Failed to respond<br><br>Section IX in its entirety<br><br>X  Failed to respond<br><br>Section X in its entirety<br><br>XI.A.6  Failed to provide complete authorization. Defendants cannot determine what other authorizations are required because Plaintiff |  |
|---|---|---|---|---|---|

DuaneMorris

| | | | | | |
|---|---|---|---|---|---|
| | | | | has not answered any of the relevant sections.<br><br>XI.B   Failed to respond<br><br>Section XI.B in its entirety | |
| 8. | Hossler, William | 20-cv-10459 | Martin, Harding & Mazzotti, LLP | III.G. Failed to provide complete information<br><br>Expenses for all providers listed (except Rochester Regional Health, Lifetime Care, and Dr. Ettinghausen)<br><br>XI.B.22  Failed to provide records requested (death certificate) | 9/4/2020 |
| 9. | Johnson, Richard | 20-cv-07453 | Watts Guerra LLP | I.E.4  Failed to provide sufficient proof that Tina Edwards is the lawful representative of Decedent's Estate and/or the proper party Plaintiff. Failed to provide documentation from a Court showing the appointment of Tina Edwards as the representative for Decedent<br><br>III.G.b-c  Failed to provide monetary amounts for the claimed medical expenses from Sharp Grossmont Hospital and Albertson's. Also failed to provide billing records for Sharp | 9/4/2020 |

DuaneMorris

September 29, 2020
Page 28

| | | | | Grossmont Hospital, or Cancer Center Oncology Medical Center, correlating to the identified claimed medical expenses. Billing records were produced for San Ysidro Health, but there is no identified claimed medical expenses for this provider. | |
|---|---|---|---|---|---|
| 10. | Shaw, Robert | 20-cv-7045 | Meshbesher & Spence, Ltd. | Failed to produce Amended PFS<br><br>I.B.7 & 9  Spouse filed a loss of consortium claim. Spouse's date of birth and social security number were not provided.<br><br>I.B.10   Failed to respond to the requests regarding all names by which Plaintiff the spouse have been known.<br><br>I.C.2  No pharmacy records or labeling demonstrating use of Valsartan was produced.<br><br>I.C.12  Failed to respond to the requests regarding the reasons for Plaintiff's prescription for all seven identified Valsartan products.<br><br>I.C.13  Failed to respond to the requests regarding the name and address of | 9/8/2020 |

September 29, 2020
Page 29

DuaneMorris

| | | | | the prescribing physician(s) for all seven identified Valsartan products.<br><br>I.D.1   Failed to produce medical records demonstrating the alleged injury.<br><br>I.D.6   Failed to identify whether there has been metastasis of Plaintiff's cancer.<br><br>I.D.7  Failed to respond to the request regarding the remission date.<br><br>I.D.8  Failed to respond to the request to describe Plaintiff's treatment for the identified cancer diagnosis.<br><br>II.A.1  Failed to respond to the request regarding the Medicare Health Insurance Claim Number.<br><br>II.D.4.c   Did not provide dates for exposure in diet to include red and/or processed meats.<br><br>II.J.1.a  Did not provide the website(s) Plaintiff viewed and the dates the website(s) was/were viewed.<br><br>III.A.1.b  Did not identify what different | |
|---|---|---|---|---|---|

DuaneMorris

|  |  |  |  | medication(s) Plaintiff has been using since discontinuing Valsartan.<br><br>III.B.3  Failed to respond to the request regarding whether Plaintiff was ever given any written instructions regarding Valsartan products.<br><br>III.C.1-C.2.a.iii  Plaintiff identified a claimed non-cancer injury of an appendectomy that occurred approximately 15-20 years ago. However, Plaintiff stated his Valsartan use began on 12/6/2011.<br><br>III.C.3-C.3.a.ii  Plaintiff only identified one health care provider as a primary treating physician for the alleged physical injuries in this section, however there are two other physicians identified as health care providers in section V.<br><br>III.C.3.b-C.3.b.iii Plaintiff's "N/A" response to the requests regarding all hospitalizations, surgeries and procedures undergone in the last ten years is an insufficient and non-responsive answer as Plaintiff identified a |  |

DuaneMorris

| | | | | hospitalization that took place in May of 2018 in Section IV.B.<br><br>III.D.2  Plaintiff did not identify what pain medication(s) he has been taking for symptoms in relation to a recurrence of cancer.<br><br>III.G.a-c   Failed to provide substantive responses regarding the medical expenses Plaintiff is seeking recovery for.<br><br>IV.C.3  Did not provide the approximate start date for when Plaintiff began using Medco/Express Scripts for prescriptions.<br><br>VI.A.1  Failed to provide any substantive response regarding the requests to identify the medications taken by Plaintiff in the ten years prior to when he first took Valsartan.<br><br>VI..A.4.a   Plaintiff identified a cancer diagnosis date of June 22, 2018 as a cancer diagnosis that he does not claim resulted from Valsartan, however Plaintiff also identified a cancer diagnosis date of June 22, 2018 as the alleged injury from | |

DuaneMorris

| | | | | Valsartan use in the core case information in section I.D.2.<br><br>IX.1-7   Failed to respond to the requests regarding whether Plaintiff is claiming fraud or consumer fraud.<br><br>XI.A.1   Failed to produce properly executed and undated health care authorizations for each identified health care provider, treating facility, and pharmacy.<br><br>XI.A.6   Failed to produce properly executed and undated insurance records authorizations for each identified insurance carrier.<br><br>XI.B.2   Did not produce any medical records or any pharmacy records.<br><br>XI.B.4  Did not provide any laboratory reports, pathology reports, biopsy reports, or the records showing the results of same.<br><br>XI.B.10   Did not produce any documents relating to the purchase of Valsartan. | |

DuaneMorris

| | | | | | |
|---|---|---|---|---|---|
| | | | | XI.B.11  Did not produce any documents known to Plaintiff and in his possession which mention Valsartan or any alleged health risks or hazards related to Valsartan.<br><br>XI.B.18  Did not produce any billing records in relation to the medical expenses that Plaintiff is seeking recovery for.<br><br>XII  No declaration was produced. | |
| 11. | Black, Detretch | 20-cv-08757 | Parafinczuk Wolf Susen | I.C.4  Failed to provide valid NDC Codes for 5 mg Amlodipine/Valsartan taken between June 24, 2009 and August 1, 2012. Failed to provide valid NDC codes for 10 mg Amlodipine/Valsartan taken between October 3, 2011 and May 31, 2019. Amlodipine Besylate is a different medication, and not a VCD.<br><br>I.C.13  Failed to provide addresses of numerous prescribing physicians. The Amended PFS refers to an "addendum" containing addresses, but no addendum was provided. | 9/2/2020 |

DuaneMorris

| | | | | III.G.b-c  Failed to provide dates and amounts for claimed medical expenses in this litigation.

XI.A.1  Failed to provide properly executed and undated health care authorizations for: Bever Bartlett; Jason Leon Guichard, MD, Oliver Sinquefield, MD, Edgar Turner Overton, M.D., and Jessica M. Kempton, M.D. All of these physicians allegedly prescribed VCDs as per the core case information section. (I.C.)

XI.A.7  Failed to mental health records authorizations that identify the specific provider(s).

XI.B.2  Failed to provide additional pharmacy records regarding alleged "5 mg Amlodipine/Valsartan" and "10 mg Amlodipine Valsartan" prescriptions referenced in the Core Case Information Section (I.C). Amlodipine Besylate is a different medication, and not a VCD. | |
|---|---|---|---|---|---|

DuaneMorris

September 29, 2020
Page 35

| | | | | XI.B.18  Failed to provide the referenced medical billing records.<br><br>XII  Failed to provide signed and dated, declaration. | |
|---|---|---|---|---|---|

**(d)    First Listing Cases – Failure to File PFS**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are overdue. This is the first time these cases have been listed on this agenda.

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | PFS Due (60 days + SFC) |
|---|---|---|---|---|---|
| 11. | Fields, Robert | 19-cv-12143 | Babin Law | No entry on centrality for this plaintiff. Name is listed as a class rep on the MM complaint. | SFC: 5/13/2019<br><br>PFS Due: 7/13/2019 |
| 12. | Cox, Kevin | 20-cv-08186 | Levin Papantonio | Failed to File PFS | SFC: 7/2/2020<br><br><br>PFS Due: 8/31/2020 |
| 13. | Mayle, Carol | 20-cv-8103 | Bernstein Leibhard | Failed to file PFS | SFC: 7/1/2020<br><br><br>PFS DUE: 8/30/2020 |
| 14. | Houchin, Estate of Troyce | 20-cv-8269 | Pendley, Boudin, Coffin | Failed to File PFS | SFC: 7/6/2020<br>PFS Due: 9/4/2020 |
| 15. | Fortunato, Anthony | 20-cv-8304 | Wiggins, Childs, Pantazis, Fisher, & | Failed to File PFS | SFC: 7/7/2020<br><br>PFS Due: 9/5/2020 |

September 29, 2020
Page 36

**Duane Morris**

| | | | Goldfarb LLC | | |
|---|---|---|---|---|---|
| 16. | Keller, Theodore | PL ID: 1545 | Shrager & Sachs | Failed to File PFS | SFC: 6/8/20<br><br>PFS Due: 8/4/20 |
| 17. | Nichols, Marcella | 20-cv-08195 | Levin Papantonia | Failed to File PFS | SFC: 7/2/20<br><br>PFS Due: 8/31/20 |
| 18. | Gunter, Alcus | 20-cv-7952 | Van Wey, Presby, & Williams, PLLC | Failed to File PFS | SFC: 6/29/20<br><br>PFS: Due: 8/28/20 |
| 19. | Employers and Laborers Locals 100 and 397 Health and Welfare Fund and Steamfitters Local 439 | TPP Class Action<br><br>20-cv-7285 | | Failed to File PFS | Filed: 1/30/20<br><br>CTO: 6/15/20<br><br>PFS Due: 8/15/20 |

Respectfully submitted,

*/s/ Seth A. Goldberg*

Seth A. Goldberg

cc:  Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
Sarah Johnston, Esq. (*via email*)
Jeffrey Geoppinger, Esq. (*via email*)
Lori G. Cohen, Esq. (*via email*)
Clem C. Trischler, Esq. (*via email*)