# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: VALSARTAN N-NITROSODIMETHYLAMINE (NDMA) CONTAMINATION PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : | HON. ROBERT B. KUGLER<br><br>Civil No. 19-2875 (RBK/JS) |

**THIS DOCUMENT RELATES TO: ALL CASES**

<u>**CASE MANAGEMENT ORDER #_____**</u>
**Stipulated Plaintiff Discovery and
Case Management Schedule**

The Court enters the following Order based on the parties' stipulation regarding Plaintiff discovery and the case management schedule in this multidistrict litigation ("MDL"). This Order applies to all cases pending in MDL No. 2875 and to all actions transferred to or directly filed in MDL No. 2875 after the date of this Order. This Order governs this MDL proceeding as set forth below regarding the subject discovery through *Daubert* motions relating to general causation, as well as Plaintiffs' motions on class certification and *Daubert* motions related to those issues. The Court will enter additional, subsequent scheduling orders as to Rule 56 summary judgment motions and other matters as necessary following its rulings on the pending Rule 12(b)6 motions.

**I.    BELLWETHER SELECTION PROCESS FOR PERSONAL INJURY**

On August 15, 2020 Plaintiffs identified twenty individual representative personal injury Plaintiffs for Defendant Fact Sheet work-up. No later than October 15, 2020, Defendants shall identify another twenty representative personal injury Plaintiffs for Defendant Fact Sheet work-up. Together these forty Plaintiffs shall constitute the Bellwether Pool as to which discovery shall proceed and from

which initial personal injury trial cases will be selected.[1]

## II. PLAINTIFF DISCOVERY

The Parties have worked together successfully to create a framework for exchanging information via Plaintiff and Defendant Fact Sheets, which prioritize certain basic information. The Court hereby finds good cause and will allow additional Rule 34 written discovery to be served upon the Consumer Class and TPP putative class representatives in the form of Exhibits A and B, respectively. The Parties anticipate that the putative class representatives will fully respond to such discovery by December 31, 2020 and the below agreed deadlines with regard to the Economic Loss discovery are contingent upon such timely responses. While it is anticipated that MSP, as assignee of a large number of claims, has already procured such discovery from its assignors, in the unlikely event that MSP claims lack of access to such information, among other remedies, Defendants shall be entitled to seek third party discovery, including subpoenas for documents and depositions, from such assignors. Similarly, while it is anticipated that the economic loss putative consumer class representatives have collected relevant information regarding their TPP plans and their coverage related thereto, in the unlikely event that such putative class representatives claim lack of access to such information, among other remedies, Defendants shall be entitled to seek third party discovery, including subpoenas for documents and depositions, from such TPPs. Additional written discovery may be served on the Bellwether personal injury Plaintiffs and the medical monitoring class representatives for good cause shown.

The Parties are directed to proceed with all above-discussed Plaintiff and putative class representative depositions, including of all class representatives and personal injury Bellwether Plaintiffs, such discovery to occur on parallel tracks, with such depositions commencing on February 15, 2020.

## III. CASE MANAGEMENT SCHEDULE

---

[1] These Plaintiffs may be worked up in addition to the putative class representatives named in the consumer class actions, third-party payor actions, and the medical monitoring actions.

ACTIVE 51612668v1

| Deadline | Event |
|---|---|
| November 30, 2020 | Plaintiffs' disclosure of types of cancer for which they will provide expert reports to proceed to the general causation *Daubert* hearing in the MDL; Plaintiffs may amend these disclosures upon a showing of good cause. The parties shall meet and confer about the format of these disclosures. |
| December 31, 2020 | TPP and Consumer putative class representatives to fully respond to Defendants' Rule 34 discovery. |
| February 15, 2021 | Defendants commence depositions of personal injury plaintiffs, putative economic loss consumer class representatives, putative economic loss TPP class representatives, and, to the extent necessary, discovery of documents and depositions of putative economic loss consumer class representative consumer TPPs and putative class representative MSP's assignor TPPs |
| March 1, 2021 | Plaintiffs' disclosures of disciplines and specializations of general causation experts, and areas of expertise relevant to each expert's general causation expert report. The parties shall meet and confer about the format of these disclosures. |
| April 30, 2021 | Defendants' disclosures of disciplines and specializations of general causation experts, and areas of expertise relevant to each expert's general causation expert report. The parties shall meet and confer about the format of these disclosures. |
| June 31, 2021 | Plaintiffs' supplemental disclosures, if any, of disciplines and specializations of general causation experts, and areas of expertise relevant to each expert's general causation expert report, based on Defendants' disclosures. The parties shall meet and confer about the format of these disclosures. |
| July 30, 2021 | Defendants complete Rule 34 discovery and depositions of putative economic loss consumer class representatives, putative economic loss TPP class representatives, and, to the extent necessary, discovery of documents and depositions of putative economic loss consumer class representative consumer TPPs and putative class representative MSP's assignor TPPs. |
| August 31, 2021 | Completion of fact discovery of Defendants on issues related to general causation. |

|  | Plaintiffs' expert reports on general causation and provision of three (3) dates on which each expert is available for deposition. |
|---|---|
| November 30, 2021 | Defendants' expert reports on general causation and provision of three (3) dates on which each expert is available for deposition. |
| December 31, 2021 | Plaintiffs' rebuttal reports, if any, on general causation. |
| March 31, 2022 | Completion of expert depositions on general causation. |
| April 29, 2022 | Completion of all fact discovery of Plaintiffs and Defendants, including related to class certification.<br><br>*Daubert* motions on general causation and Plaintiffs' class certification motions and expert reports. |
| June 30, 2022 | Oppositions to *Daubert* motions on general causation.<br><br>Completion of depositions of Plaintiffs' class certification experts.<br><br>Defendants' Oppositions to Plaintiffs' class certification motions and expert reports.<br><br>Defendants' *Daubert* motions directed to Plaintiffs' class certification experts. |
| August 31, 2022 | Replies in support of *Daubert* motions on general causation.<br><br>Completion of depositions of Defendants' class certification experts. |
| 14 days after General Causation *Daubert* ruling | The Parties will meet and confer and submit final Bellwether Selection Plan to the Court. |
| September 30, 2022 | Plaintiffs' replies in support of class certification motions and rebuttal expert reports, if any, on class certification.<br><br>Plaintiffs' Oppositions to Defendants' *Daubert* motions directed to Plaintiffs' class certification experts.<br><br>Plaintiffs' *Daubert* motions directed to Defendants' class certification experts. |
| October 31, 2022 | Defendants' Oppositions to Plaintiffs' *Daubert* motions directed to Defendants' class certification experts. |

| | |
|---|---|
| | Defendants' replies in support of *Daubert* motions directed to Plaintiffs' class certification experts. |
| November 30, 2022 | Plaintiffs' replies in support of *Daubert* motions directed to Defendants' class certification experts. |

## IV.  MEET AND CONFER OBLIGATIONS.

Nothing in this Order is intended to limit the ongoing meet and confer obligations of the Parties. The Court directs the Parties to continue to meet and confer as to discovery issues, and to continue to apprise the Court of any issues as soon as they arise.

## V.  FILING OF DISPOSITIVE MOTIONS.

Nothing in this Order is intended to preclude Defendants from filing any dispositive motion they believe is timely and would efficiently advance this MDL.

## VI.  AGREED EXTENSION OF DISCOVERY DEADLINES.

Nothing in this Order shall be interpreted to restrict the ability of the parties to stipulate in writing to an extension of discovery deadlines or to move for an extension of discovery deadlines as permitted by the Rules. If any discovery extension would adversely impact non-discovery deadlines in this case, the parties must obtain Court approval.

SO ORDERED this __ day of _____, 2020.

_____
Hon. Robert B. Kugler
United States District Judge