# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | § § § § § § § § | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler<br>Hon. Joel Schneider |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO ECONOMIC LOSS CLASS ACTION PLAINTIFF CONSUMER CLASS REPRESENTATIVE ALPHONSE BORKOWSKI [OR OTHER CLASS REPRESENTATIVE]**

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., Teva Pharmaceuticals Industries Ltd., Teva Pharmaceuticals USA, Inc., Mylan Laboratories Ltd., Mylan Pharmaceuticals Inc., and AmerisourceBergen Corporation, by and through their lead counsel in the above-captioned matter and on behalf of the manufacturer, distributor, and wholesaler defendants, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby request that Plaintiff Alphonse Borkowski [or other class representative plaintiff] respond and produce for inspection and copying the following documents, electronically stored information, materials, and tangible things in his/her possession, custody or control, within thirty (30) days after service hereof, as provided by the Parties' agreement to electronic service in this case.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to each and every part of these Requests as if fully set forth therein:

1.  "Plaintiff," "You," or "Your," means Alphonse Borkowski [or other class representative plaintiff], acting individually or jointly with any other person or entity, as well as

1

any person acting on his or her behalf in any capacity, including his or her attorneys, or any employee, agent, investigator or representative of his or her attorneys.

2. "Defendant" or "Defendants" means each and every named or unnamed Defendant in the above-styled action.

3. "Complaint" means the Consolidated Amended Economic Loss Class Action Complaint filed in this case on July 17, 2020 as part of the consolidated MDL No. 2875 in the U.S. District Court for the District of New Jersey, captioned *In Re Valsartan, Losartan, and Irbesartan Products Liability Litigation* [ECF No. 520].

4. "Health Care Provider" or "Health Care Providers" means any physicians, dentists, psychologists, psychiatrists, mental health care providers, nurses, nurse practitioners, physician assistants, therapists, social workers, pharmacists, substance abuse treatment personnel, counselors, and all other providers of services for the purposes of diagnosing, treating, stabilizing, managing, or otherwise affecting the physical or mental health of a person. "Health care provider" or "health care providers" also includes hospitals, clinics, pharmacies, and any other entity that employs or contracts with individual or groups of Health Care Providers for the delivery of health care services including prescribing or filling prescriptions for prescription drugs.

5. "VCD" means any drug or combination drug containing valsartan.

6. "Blood pressure medication" means any drug or pharmaceutical product related to the treatment of high blood pressure/hypertension.

7. "Relate to," "related to," or "relating to," or "reflecting" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

8. "Relevant Time Period" shall mean January 1, 2012 through the present, and all Requests, unless otherwise specified, seek the requested documents that were created, in effect and/or are related to the Relevant Time Period. The definition and scope of the term Relevant Time Period does not constitute an admission by Defendants or evidence with respect to the appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving VCDs or other blood pressure medications.

9. Each Request shall be construed as being inclusive rather than exclusive. The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The present tense shall include the past and future tenses. The singular shall include the plural, and the plural shall include the singular. The masculine includes the feminine and neutral genders.

10. "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each

and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings.  The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept.  All documents should be produced without alteration and with any and all exhibits and attachments thereto.  The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

11.	The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

12.	"Electronically stored information" or "ESI" refers to electronically stored information and means originals and all copies of electronic mail ("e-mail"), whether or not "deleted," activity listings of e-mail receipts and/or transmittals, voice-mail, audio or video recordings of any kind, facsimiles, computer programs, programming notes or instructions, output resulting from the use of any software program, operating systems, source code of all types, and electronic files and/or file fragments of any sort.  "ESI" also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.  ESI shall be produced in the TIFF format with all accompanying metadata, except that Microsoft Excel files, audio and video files, and any other type of document that cannot be viewed in non-native format shall be produced in native format.

Case 1:19-md-02875-RMB-SAK   Document 582-3   Filed 09/29/20   Page 6 of 16 PageID: 12324

13. "Formulary" means the formulary, preferred drug list, or other list of prescription drugs that are covered by the Plan(s) or Group Insurance Policies, including any tiers or levels of preference in which drugs are categorized, and all amendments, modifications, supplements, or revisions thereto.

14. "Contract(s)" and "Agreement(s)," when referring to Plans or Group Insurance Policies, shall include but not be limited to ERISA or government plan documents; Documents setting forth the terms of any Plan, Group Insurance Policy, and/or Policies; master group agreements; administration agreements; administrative services agreements; claims administration agreements; benefit agreements; benefit description documents; and other documents setting forth the terms and conditions related to the operation and administration of the agreements requested and all amendments, modifications, supplements, or revisions thereto.

15. "Summary of Benefits" means any and all summary of benefits or coverage, schedule of benefits or coverage, explanation of benefits or coverage, subscriber certificates, or any other summary of benefits available to You with respect to any Plan Agreement or Group Insurance Policy Agreement. The term "Summary of Benefits" shall include any amendments thereto.

16. "Summary Plan Description" means the legally required document which convey, in summary fashion, information relating to any Plan.

17. "Group Insurance Policies" means any and all health insurance policies that provide for payment, reimbursement, and/or coverage for prescription drugs for or on behalf of You, whether offered by, though, or on behalf of any employer, employee organization, or any employees thereof; union or its members; or other policyholders, subscribers, beneficiaries, participants, or other third parties.

5

18. "Plan" means any and all health benefit, care or insurance plans that provide for the payment, reimbursement, and/or coverage for prescription drugs for or on behalf of You, whether offered by, though, or on behalf of any employer, employee organization, or any employees thereof; unions or its members; or other policyholders, subscribers, beneficiaries, participants, or other third parties.

19. You are required to produce all responsive documents that are within Your possession, custody, or control, including (i) any documents that may reside at the offices of third parties under Your control or documents in Your constructive possession, whereby You have the right to compel production of the documents from a third party, including but not limited to any agent, employee, attorney, accountant, or other representative; and (ii) any non-public documents that may be stored at or on or viewable via a website to which You have access (e.g., bank websites, Health Care Provider websites, social media websites).

20. You must respond in writing and separately to each Request by stating that You will comply with the particular request for inspection and related activities as requested, You will produce copies of documents or electronically stored information as requested, and/or Your grounds for objecting to the Request with specificity. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a Request must specify the part objected to and produce documents or permit inspection as to the part(s) of the Request not objected to. If You file a proper and timely objection to any Request, produce documents in response to all portions of the Request that do not fall within the scope of Your objection.

21. To the extent any documents responsive to any request(s) made herein were produced as part of the completion or submission of a Plaintiff's Fact Sheet by You or on Your

behalf, You should not reproduce such documents in response to the request(s) made herein. Instead, You shall affirmatively state that such documents were previously produced as part of the completion or submission of a Plaintiff's Fact Sheet by You or on Your behalf.

22. A representation of inability to comply with a particular Request shall affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with that Request. Your statement must also specify whether the inability to comply is because a particular item or category has never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer in Your possession, custody, or control. In that event, Your statement shall set forth the name and address of any natural person or organization known or believed by You to have possession, custody, or control of that item or category of item.

23. If an objection is based on a claim of other privilege, the particular privilege invoked shall be stated, and the particular matter claimed to be privileged must be identified. If any document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided identifying the privilege claimed, the author(s), recipient(s), and date, and containing a description of each document sufficient to permit testing of any claim of privilege.

24. You shall have an ongoing responsibility to supplement and amend Your Response and production, per the Federal Rules of Civil Procedure. These Requests are continuing in nature, and any additional information or documents discovered or identified by You subsequent to the date of Your Response, up to and including the time of trial, shall be promptly furnished to the undersigned counsel.

25. These Requests are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these Requests, or as an admission of the relevance or materiality of any of the matters covered by these Requests.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents, including but not limited to sales receipts or bills of sale, explanation(s) of benefit(s), or similar documents, reflecting actual payments, co-payments, and/or reimbursements relating to the price You paid to purchase VCDs and/or any other blood pressure medication.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents, including but not limited to sales receipts or bills of sale, explanation(s) of benefit(s), or similar documents, reflecting any direct payments made or benefits conferred by You to any Defendant relating to the purchase of VCDs and/or any other blood pressure medication.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents reflecting consultation or office visits with Health Care Providers regarding treatment for high blood pressure/hypertension, including records from any consultations or office visits in which a prescription for a VCD or other treatment for high blood pressure/hypertension was prescribed or discussed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All documents relating to any statement, representation, promise, or warranty You claim was made by any Defendant to You with respect to the VCDs that You purchased.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All documents relating to or evidencing Your knowledge or awareness of any statement, representation, promise, or warranty that You claim was made by any Defendant with respect to the VCDs that You purchased.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All documents relating to or evidencing any statement, representation, promise, or warranty made by any Defendant with respect to the VCDs that You purchased that You claim formed part of the basis of the bargain for Your purchase.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All documents relating to any relationship, contractual or otherwise, between You and any Defendant that You allege breached an express or implied warranty with respect to the VCDs that You purchased.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All documents reflecting notice given by You to any Defendant, prior to your initiation of litigation against any such Defendant(s), regarding Your contention that an express or implied warranty had been breached in relation to the VCDs that You purchased or in relation to Your contention that the VCDs that You purchased were defective, including documents identifying or describing the substance of such notice, to whom such notice was given, and/or the date of such notice.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All documents relating to the efficacy of any treatments, including but not limited to VCDs, for high blood pressure/hypertension prescribed or recommended by any Health Care Provider to You, including (only as examples and not limited to) records reflecting any lab results, test results, or any statement or opinion by any Health Care Provider specifically relating to any blood pressure medications or treatments that You took and the effect that it had on Your blood pressure, hypertension, and/or physical condition.

**RESPONSE:**

9

**REQUEST FOR PRODUCTION NO. 10:** All documents relating to Your blood pressure readings during the time that You took VCDs or other blood pressure medications. The time period covered by this Request is not limited to the Relevant Time Period and instead covers any VCDs or blood pressure medications during Your lifetime.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All personal diaries, journals, logs, records, or other documents created by You relating to your use of, reaction to, or health effects/benefits caused by any VCDs or other blood pressure medications You took.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All Documents relating to any Plans or Group Insurance Policies under or pursuant to which You were provided or offered prescription drug benefits, coverage, or discounts, including any Summary of Benefits and Summary Plan Descriptions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All documents relating to any Plans or Group Insurance Policies under or pursuant to which You were provided or offered prescription drug benefits or coverage including, but not limited to, the Group Insurance Policies or Plans themselves, Summaries of Benefits, Summary Plan Descriptions, enrollment forms, subscriber certificates, and any other documents concerning, addressing, or reflecting:

    a. Your required payments (including any required co-pay, coinsurance, or other out-of-pocket" expense) under or pursuant to Your Plan or Group Insurance Policy for any tiers, categories, groupings, or classifications of prescription drugs or classes of prescription drugs;

    b. Whether the price that You paid to purchase the VCDs was a fixed co-payment amount, such that under the prescription drug benefits available to you, the price that You paid for VCDs was the same regardless of whether the VCDs were generic or the brand name drug;

    c. Whether the price that You paid to purchase generic VCDs was different from the price that You would have paid for the brand name drug under any applicable benefits or discounts available to You;

    d. Whether the prescription drug benefits available to You would have provided for a reduced co-payment for generic VCDs; or

    e. All instances during the Relevant Time Period at, on, or during which You satisfied or otherwise exhausted Your deductible (or "out of pocket" maximum) under any prescription drug benefit or coverage plan.

If there were no prescription drug benefits, coverage, or discounts available to You in relation to Your Purchase of VCDs and You paid out-of-pocket prices for VCDs, state so affirmatively.

    **RESPONSE:**

    **REQUEST FOR PRODUCTION NO. 14:** All documents constituting or reflecting any Formulary in effect during the Relevant Period for any Plan and/or Group Insurance Policy under or pursuant to which You were provided or offered benefits or coverage for branded and/or generic VCDs.

    **RESPONSE:**

    **REQUEST FOR PRODUCTION NO. 15:** All documents relating to or reflecting the tiers of blood pressure medications, including VCDs and non-VCDs, within any Formulary in

11

effect during the Relevant Period for any Plan and/or Group Insurance Policy under or pursuant to which You were provided or offered benefits or coverage for branded and/or generic VCDs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** To the extent not previously produced, all documents reflecting any other blood pressure medications prescribed to You other than the VCDs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All documents relating to or evidencing any injury or damage to person or property that You claim, allege, or believe was caused by or is attributable to the VCDs that You purchased.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All documents that Plaintiff intends to use for any purpose in this litigation including, without limitation, to refresh recollection or to be used at any hearing or trial for any other purpose.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** Any and all letters, reports, or other documents authored by any expert expected to testify at trial which set forth, in whole or in part, the subject matter, facts, or opinions, or a summary of the grounds for each opinion, to which the expert is expected to testify in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** All engagement letters between Plaintiff and any of Plaintiff's attorneys in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Any and all agreements between Plaintiff and any Person relating to their participation or assistance in this litigation, including any indemnification agreements.

**RESPONSE:**

Dated: September 29, 2020

/s/ *Seth A. Goldberg*
Seth A. Goldberg, Esq.
*Lead Counsel and Liaison Counsel for Defendants*

DUANE MORRIS LLP

Seth A. Goldberg, *Lead Counsel and Liaison Counsel for Defendants*
Barbara A. Schwartz
Coleen W. Hill (DE #6287)
Nathan B. Reeder
30 South 17th Street
Philadelphia, PA 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
BASchwartz@duanemorris.com
NBReeder@duanemorris.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP

Clem C. Trischler, *Lead Counsel for Defendants*
Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel.: (412) 263-2000

13

Fax: (412) 263-2001
CCT@pietragallo.com
JMR@pietragallo.com

> *Attorneys for Mylan Laboratories, Ltd. and Mylan Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.: (312) 476-5056
Fax: (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

> *Attorneys for Teva Pharmaceuticals USA Inc., Teva Pharmaceutical Industries, Ltd., Actavis LLC, and Actavis Pharma, Inc.*

        ULMER & BERNE LLP

        Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
        600 Vine Street
        Suite 2800
        Cincinnati, OH 45202-2409
        Tel.: (513) 698-5038
        Fax: (513) 698-5039
        jgeoppinger@ulmer.com

        *Attorney for AmerisourceBergen Corporation*