# EXHIBIT D

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | § § § § § § § § | No. 1:19-md-2875-RBK Hon. Robert Kugler Hon. Joel Schneider |

### DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ECONOMIC LOSS CLASS ACTION PLAINTIFF THIRD-PARTY PAYOR CLASS REPRESENTATIVE

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., Teva Pharmaceuticals Industries Ltd., Teva Pharmaceuticals USA, Inc., Mylan Laboratories Ltd., Mylan Pharmaceuticals Inc., and AmerisourceBergen Corporation, by and through their lead counsel in the above-captioned matter and on behalf of the manufacturer, distributer, and wholesaler defendants, and pursuant to Federal Rules of Civil Procedure 26 and 34, serve this First Set of Requests for Production of Documents to Economic Loss Class Action Plaintiff Third-Party Payor Class Representative, (the "Requests," each a "Request") and hereby requests that MSPRC Recovery Claims, Series LLC respond and produce for inspection and reproduction the following documents, electronically stored information, and materials requested below, within thirty (30) days hereof, as provided by the Parties' agreement to electronic service in this case.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to each and every part of these Requests as if fully set forth therein:

1.    "MSPRC" means Plaintiff MSPRC Recovery Claims, Series LLC, on its own behalf and in its capacity as putative direct or indirect assignee of the recovery rights of certain healthcare benefit providers ("Assignors," as hereinafter defined) to MSPRC or to Series LLCs of MSPRC, and each of MSPRC's and its direct or indirect Assignors' past or present officers, directors, employees, partners, principals, members, agents, representatives, attorneys, parents, subsidiaries, affiliates, related entities, assigns, predecessors-in-interest, successors-in-interest, and every person acting or who has ever acted on its behalf, including but not limited to and any

other pharmacy benefit manager, plan administrator, claims administrator, or formulary administrator that administers or has administered or made determinations relating to any Assignor's Formulary or coverage of prescription drugs under any Assignor's health insurance plans.

2.      "Assignor" and "Assignors" mean all entities, including but not limited to healthcare benefit providers, that directly or indirectly assigned recovery rights relating to or arising out of any purchase or reimbursement involving VCDs, and/or the right or rights to bring any lawsuit in connection with such assignment(s), to MSPRC or Series LLCs of MSPRC, including but not limited to: Group Health Incorporated and Health Insurance Plan of Greater New York, otherwise known as EmblemHealth or Emblem; SummaCare, Inc.; and Connecticare, Inc.

3.      "Plaintiff," "Plaintiffs," "You," and "Your" mean MSPRC, as defined above.

4.      "Defendant" or "Defendants" means each and every named Defendant in the above-styled action.

5.      "Health Care Provider" or "Health Care Providers" means any physicians, dentists, psychologists, psychiatrists, mental health care providers, nurses, nurse practitioners, physician assistants, therapists, social workers, pharmacists, substance abuse treatment personnel, counselors, and all other providers of services for the purposes of diagnosing, treating, stabilizing, managing, or otherwise affecting the physical or mental health of a person. "Health care provider" or "health care providers" also includes hospitals, clinics, pharmacies, and any other entity that employs or contracts with individual or groups of Health Care Providers for the delivery of health care services including prescribing or filling prescriptions for prescription drugs.

6.      "VCD" means any drug or combination drug containing valsartan.

7.      "Blood pressure medication" means any drug or pharmaceutical product related to the treatment of high blood pressure and/or hypertension.

8.      The "Plans" means any and all health benefit, care or insurance plan offered by, sponsored by, or in any way provided through MSPRC (and/or any Assignor) to or on behalf of employers, employee organizations, or their employees; unions or their members; and/or other sponsors and their policyholders, subscribers, beneficiaries, participants, or other third parties, which provide for the payment, reimbursement, and/or coverage for prescription drugs, including but not limited to any single-employer plan, multiemployer plan, multiple employer welfare arrangement, or any other form of coverage on which You base any claim for damage in this litigation.

9.      The "Summary Plan Description" means the legally required document which conveys Plan information in summary fashion to participants.

10.      "Group Insurance Policies" means any and all health insurance policies offered by MSPRC (and/or any Assignor) to or on behalf of employers, employee organizations, or their

employees; unions or their members; or other policyholders, subscribers, beneficiaries, participants, or other third parties, which provide for payment, reimbursement, and/or coverage for prescription drugs and on which You base any claim for damage in this litigation.

11.     "Contract(s)" and "Agreement(s)," when referring to Plans or Group Insurance Policies, shall include but not be limited to ERISA or government plan documents, Documents setting forth the terms of Plans and/or Group Insurance Policies, master group agreements, administration agreements, administrative services agreements, claims administration agreements, benefit agreements, benefit description documents and other documents setting forth the terms and conditions related to the operation and administration of the agreements requested and all amendments, modifications, supplements, or revisions thereto.

12.     "Summary of Benefits" means any and all summary of benefits or coverage, schedule of benefits or coverage, explanation of benefits or coverage, subscriber certificates, or any other summary of benefits available to Insureds with respect to any Plan Agreement or Group Insurance Policy Agreement.

13.     "Insureds" mean employees, employers, members, subscribers, policyholders, participants, beneficiaries, and/or insureds under the Plans and/or the Group Insurance Policies through which MSPRC (and/or any Assignor) provided some form of prescription drug coverage, payment, or reimbursement on which MSPRC (and/or any Assignor) bases any claim for damage in this litigation.

14.     "Formulary" means the formulary, preferred drug list, or other list of prescription drugs that are covered by the Plan(s) or Group Insurance Policies, including any tiers or levels of preference in which drugs are categorized, and all amendments, modifications, supplements, or revisions thereto.

15.     "Pharmacy and Therapeutics Committee" means the "P&T Committee" or any other body, group, or entity that evaluates, studies, or analyzes prescription drugs in connection with the Plan(s) or any Group Insurance Policies, and/or for inclusion on or exclusion from the Formulary, or placement on any tier of the Formulary.  Requests seeking documents related to the Pharmacy and Therapeutics Committee specifically include a request for all minutes of such meetings and notes taken concerning such meetings, including any responsive documents in the possession, custody, or control of any third party, including Prime Therapeutics or any other third-party administrator, claims administrator, or pharmacy benefit manager of the Plan(s) or Group Insurance Policies.

16.     "Relate to," "related to," or "relating to" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

17.     Each Request shall be construed as being inclusive rather than exclusive.  The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request.

The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The present tense shall include the past and future tenses. The singular shall include the plural, and the plural shall include the singular.

18.    "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

19.    The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

20.    "Relevant Time Period" shall mean January 1, 2012 through the present and all Requests, unless otherwise specified, seek the requested Documents that were created in, in effect during, and/or are related to the Relevant Time Period. The definition and scope of the term Relevant Time Period does not constitute an admission by Defendants or evidence with respect to the appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving VCDs or other blood pressure medications.

21.    The requests herein specifically include any responsive Documents in the possession, custody, or control of any pharmacy benefit manager, third-party administrator, or claims administrator of the Plans or Group Insurance Policies.

22.    "Electronically stored information" or "ESI" refers to electronically stored information and means originals and all copies of electronic mail ("e-mail"), whether or not "deleted," activity listings of e-mail receipts and/or transmittals, voice-mail, audio or video recordings of any kind, facsimiles, computer programs, programming notes or instructions, output resulting from the use of any software program, operating systems, source code of all types, and

electronic files and/or file fragments of any sort.  "ESI" also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data and the definition of "ESI" in the ESI Protocol entered in this case (CMO-8, Doc. 125).  ESI as referenced in Federal Rule of Civil Procedure 34, shall be produced in accordance with the ESI Protocol.

23.    You are required to produce all responsive documents that are within Your possession, custody, or control, including any documents that may reside at the offices of third parties under Your control or documents in Your constructive possession, whereby You have the right to compel production of the documents from a third party, including but not limited to any agent, employee, attorney, accountant, or other representative, and/or non-public responsive documents stored on or viewable via a website to which You have access.

24.    You must respond in writing and separately to each Request by stating that You will comply with the particular request for inspection and related activities as requested, You will produce copies of documents or electronically stored information as requested, and/or Your grounds for objecting to the Request with specificity.  An objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a Request must specify the part objected to and produce documents or permit inspection as to the part(s) of the Request not objected to.  If You file a proper and timely objection to any Request, produce documents in response to all portions of the Request that do not fall within the scope of Your objection.

25.    A representation of inability to comply with a particular Request shall affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with that Request. Your statement must also specify whether the inability to comply is because a particular item or category has never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer in Your possession, custody, or control.  In that event, Your statement shall set forth the name and address of any natural person or organization known or believed by You to have possession, custody, or control of that item or category of item.

26.    If an objection is based on a claim of other privilege, the particular privilege invoked shall be stated, and the particular matter claimed to be privileged must be identified. If any document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided in accordance with the ESI Protocol identifying the privilege claimed, the author(s), recipient(s), and date, and containing a description of each document sufficient to permit testing of any claim of privilege.

27.    You shall have an ongoing responsibility to supplement and amend Your Response and production, per the Federal Rules of Civil Procedure.  These Requests are continuing in nature, and any additional information or documents discovered or identified by You subsequent to the date of Your Response, up to and including the time of trial, shall be promptly furnished to the undersigned counsel.

28.    These Requests are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these Requests, or as an admission of the relevance or materiality of any of the matters covered by these Requests.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  The Plan Document for the Plans and all amendments thereto.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  The Summary Plan Description for the Plans and all amendments thereto.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  All Contracts or Agreements governing any and all provision of pharmacy benefits under the Plans.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  The Group Insurance Policies and all amendments thereto.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  All Contracts or Agreements governing any and all provision of pharmacy benefits under the Group Insurance Policies

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  All Summaries of Benefits and any other Documents describing, explaining, discussing, and/or summarizing the Plans and/or Group Insurance Policies.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All Contracts, Agreements, or other Documents which set forth the terms and conditions pursuant to which You provide prescription drug coverage to or for the benefit of Insureds, including but not limited to Documents assigning, allocating, setting forth, or reflecting obligations for payment and/or reimbursement of costs of obtaining prescription drugs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All Documents reflecting, for each Insured who obtained VCDs as a benefit pursuant to the Plan or Group Insurance Policy, (a) any evidence of coverage, subscriber certificates, enrollment forms, or any other Document reflecting any Insured's participation in any Plan or Group Insurance Policy, and/or (b) termination or cancellation of coverage or participation in any Plan or Group Insurance Policy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All Documents constituting or reflecting any contracts or agreements between MSPRC (and/or any Assignor) (including any third-party administrator or claims administrator acting on MSPRC's (and/or any Assignor's) behalf) and any pharmacy benefit manager, relating to the Plan(s) and/or Group Insurance Policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All Documents constituting or reflecting any contracts or agreements between MSPRC (and/or any Assignor) (including any third-party administrator or claims administrator acting on MSPRC's (and/or any Assignor's) behalf) and any plan administrator, relating to the Plan(s) and/or Group Insurance Policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All Documents constituting or reflecting any contracts or agreements between MSPRC (and/or any Assignor) (including any third-party administrator or claims administrator acting on MSPRC's (and/or any Assignor's) behalf) and any claims administrator(s) regarding the Plan(s) and/or Group Insurance Policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All Documents constituting or reflecting any agreements or contracts between MSPRC (and/or any Assignor) (including any third-party administrator or claims administrator acting on MSPRC's (and/or any Assignor's) behalf) and any Formulary administrator(s) regarding the Plans and/or Group Insurance Policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All Documents constituting or reflecting any

Formulary in effect during the Relevant Period for the Plans and/or Group Insurance Policies that include branded and generic VCDs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All Documents relating to or reflecting how tiers, if any, for any Formulary in effect during the Relevant Period for the Plans and/or Group Insurance Policies that include branded and generic VCDs are determined.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All Documents constituting or reflecting any payment or co-payment requirements and/or information for all tiers or levels of coverage under all Formularies in effect for the Plans and/or Group Insurance Policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All documents reflecting actual payments, co-payments, or coinsurance paid on behalf of and/or by Insureds for the purchase of VCDs and/or any prescription drug included on any Formulary approved and/or prescribed for the treatment of high blood pressure and/or hypertension.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All documents related to meetings of any Pharmacy and Therapeutics Committee related to the Plans, and/or Group Insurance Policies which refer to discussions and/or assessments of VCDs and/or any prescription drug approved and/or prescribed for the treatment of high blood pressure and/or hypertension included on or considered for inclusion on any Formulary.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All documents reflecting any evaluation, study, analysis, or discussion of (a) whether VCDs were contaminated and/or unsafe; (b) whether VCDs should be included on or removed from any Formulary; (c) the safety, efficacy, benefits, or detriments of VCDs as compared to other treatments for high blood pressure and/or hypertension; (d) statements on the VCD labels related to contamination or lack of safety; (e) statements by the FDA regarding VCDs and the risk of contamination or lack of safety; or (f) any costs incurred by You resulting from the switching by Insureds from generic VCDs to branded VCDs due to the nitrosamine impurities You have alleged.

8

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19:**  All Documents describing, analyzing, or relating to therapeutic alternatives to VCDs for treatment of high blood pressure and/or hypertension.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20:** All Documents reflecting (a) the terms and conditions pursuant to which employers, unions, or other third parties contract with MSPRC (and/or any Assignor) to provider prescription drug coverage for the benefit of the third parties' employees, members, subscribers, policyholders, or beneficiaries; and/or (b) the terms and conditions pursuant to which MSPRC (and/or any Assignor) agrees (or agreed) to pay or reimburse Health Care Providers for prescription drugs.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:**  Documents sufficient to show the terms of payment for any treatment for high blood pressure and/or hypertension that you contend is a reasonable substitute for VCDs for one or more class members, to be paid by (a) MSPRC (and/or any Assignor); (b) the employers, unions, or other third parties who participate in the Plans and/or Group Insurance Policies; and (c) the Insureds who obtain coverage of prescription drugs through such Plans and/or Group Insurance Policies

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22:** Documents relating to any contract or agreement that You had that implicates or relates to the pricing and/or cost of generic and brand name VCDs, including but not limited to any contracts or agreements with any Defendant, pharmacy benefit manager, or other entity, and any documents or communications relating to the negotiation and decision-making of any such contract or agreement.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23:**  Documents relating to any statement, representation, or warranty made by any Defendant to You with respect to the VCDs.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 24:** Documents    relating    to    or    evidencing    Your

9

knowledge or awareness of any statement, representation, or warranty made by any Defendant with respect to the VCDs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** Documents relating to or evidencing that any statement, representation, or warranty made by any Defendant with respect to the VCDs which formed part of the basis of the bargain for any payments You made relating to the VCDs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** Documents relating to any relationship, contractual or otherwise, between You and any Defendant that You allege breached an express or implied warranty with respect to the VCDs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** Documents reflecting notice given by You to any Defendant regarding Your contention that an express or implied warranty had been breached in relation to the VCDs or in relation to Your contention that the VCDs were defective, including the substance of such notice, to whom such notice was given, and the date of such notice.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Documents evidencing the amounts and/or benefits that You believe You conferred to any Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Documents evidencing any Payments for, and prices of, any alternative and/or replacement blood pressure medications that You paid following the FDA's recall of the VCDs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Documents reflecting the factors, calculations, expenses, and other data that You relied upon in setting premiums payable by Your Insureds who purchased or obtained reimbursements for VCDs or blood pressure medications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**  For each year that each Insured purchased or sought reimbursement for VCDs or blood pressure medications, Documents reflecting or indicating the premiums You charged Your Insureds who purchased or obtained reimbursements for VCDs or blood pressure medications for such year(s).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**  Documents reflecting transaction prices for, and/or rebates that MSPRC (and/or any Assignor) received, relating to branded VCDs.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Documents reflecting any payments between Medicare and MSPRC (and/or any Assignor).  These shall be inclusive of each Medicare Part D plan's bids for its estimated costs during the alleged damages period and each Medicare Part D plan's actual costs during the alleged damages period.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**  Documents reflecting or relating to any assignment from any Assignor to MSPRC, to any Series LLC of MSPRC, or to any other affiliate of MSPRC of recovery rights, litigation rights, or any other rights asserted by MSPRC in or in connection with this litigation, including but not limited to all agreements, understandings, or undertakings setting forth or memorializing the terms and conditions of such assignment.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**  Documents reflecting or relating to any negotiation of assignment or assignment rights between any Assignor and MSPRC, any Series LLC of MSPRC, or any other affiliate of MSPRC.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**  Documents reflecting or relating to the closing of any assignment from any Assignor to MSPRC, to any Series LLC of MSPRC, or to any other affiliate of MSPRC of recovery rights, litigation rights, or any other rights asserted by MSPRC in or in connection with this litigation, including but not limited to all closing books, exhibits,

schedules, or appendices.

       **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 37:** Documents reflecting or relating to any and all consideration or other payment provided by MSPRC, to any Series LLC of MSPRC, or to any other affiliate of MSPRC to any Assignor in exchange for the assignment of recovery rights, litigation rights, or any other rights asserted by MSPRC in or in connection with this litigation, including but not limited to all checks, wire transfers, receipts, acknowledgments, or other confirmations of payment.

       **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 38:** Documents reflecting or relating to any communications between any Assignor and MSPRC, any Series LLC of MSPRC, or any other affiliate of MSPRC regarding this litigation or the subject matter of this litigation.

       **RESPONSE:**


Dated:  September [date], 2020

                       /s/ *Seth A. Goldberg*

                         Seth A. Goldberg, Esq.
                         *Lead Counsel and Liaison Counsel for Defendants*

                       DUANE MORRIS LLP

                       Seth A. Goldberg, *Lead Counsel and Liaison Counsel for Defendants*
                       Barbara A. Schwartz
                       Coleen W. Hill (DE #6287)
                       Nathan B. Reeder
                       30 South 17th Street
                       Philadelphia, PA 19103
                       Tel.:  (215) 979-1000
                       Fax:  (215) 979-1020
                       SAGoldberg@duanemorris.com
                       BASchwartz@duanemorris.com
                       NBReeder@duanemorris.com

                       *Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston*

12

*Pharmaceutical Inc., and Solco Healthcare US, LLC*

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP

Clem C. Trischler, *Lead Counsel for Defendants*
Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel.: (412) 263-2000
Fax: (412) 263-2001
CCT@pietragallo.com
JMR@pietragallo.com

*Attorneys for Mylan Laboratories, Ltd. and Mylan Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.: (312) 476-5056
Fax: (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.: (215) 988-7864
Fax: (215) 689-4419

13

rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA Inc., Teva Pharmaceutical Industries, Ltd., Actavis LLC, and Actavis Pharma, Inc.*

ULMER & BERNE LLP

Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
600 Vine Street
Suite 2800
Cincinnati, OH 45202-2409
Tel.:  (513) 698-5038
Fax:  (513) 698-5039
jgeoppinger@ulmer.com

*Attorney for AmerisourceBergen Corporation*

14