# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
_____

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

September 29, 2020

<u>*VIA ECF*</u>

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, NJ 08101

Honorable Joel Schneider, U.S.M.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, NJ 08101

Re:  IN RE: VALSARTAN, LOSARTAN, & IRBESARTAN PRODUCTS LIABILITY LITIGATION
Civil No. 19-2875 (RBK/JS)

Dear Judge Kugler and Judge Schneider:

Please accept this letter on behalf of the Plaintiffs in advance of the September 30, 2020 case management conference.

**1. Fact Witness Deposition Protocol**:

Plaintiffs prepared a proposed fact witness deposition protocol, utilizing the Benicar protocol, modified for this litigation, including the addition of COVID-19 provisions. Defendants have redlined the protocol and the parties have discussed various issues, and have spoken informally with the Court, which was helpful in directing the approach to various issues in our continuing discussions. For example, the parties understand that while this protocol addresses the

Honorable Robert Kugler, U.S.D.J.
Honorable Joel Schneider, U.S.M.J.
September 29, 2020
Page 2

mechanics of the deposition, substantive issues related to the depositions of treating doctors will be addressed at a later time in a supplemental protocol or order. Issues specific to foreign witnesses have also been discussed and Plaintiffs are working with the defense to prioritize the depositions of corporate representatives, and those fact witnesses that will be easier to conduct, such as witnesses in the United States, English speakers, and witnesses in countries with smaller time zone differences and others which can proceed prior to those with the more significant logistical issues. Plaintiffs will continue to work to develop this protocol in further discussion with Defendants.

**2. Meet and Confer Regarding Corporate Depositions:**

In order to prioritize the order of the depositions, and proceed most efficiently, Plaintiffs have asked Defendants to enter into a meet and confer process dedicated to a transparent discussion regarding the various potential deponents. Through this process, Plaintiffs hope to establish which witnesses need to be deposed, which may be duplicative of others, and which can be most efficiently deposed (i.e. those in the United States, English speakers, etc.). Plaintiffs need this information in order to be prepared to discuss the number and identify of the deponents, and it makes the most sense to engage in this process now, while the documents are being produced, and not wait until the custodial productions are completed in a few months.

**3. Defendants' Proposed Deposition Document Requests to Class Representatives:**

Defendants have indicated that they will be serving document requests with their deposition notices. Plaintiffs await those requests to determine whether they overlap with the PFS disclosures, or raise any other issues, and will advise Defendants once served.

Honorable Robert Kugler, U.S.D.J.
Honorable Joel Schneider, U.S.M.J.
September 29, 2020
Page 3

**4. Defendants' Repeated Request to Focus The Litigation on the Personal Injury Claims:**

Defendants have indicated that they intend to ask the Court to reconsider its decision to prioritize the economic loss claims and presently order discovery directed to the personal injury claims to commence. This request has been made numerous times pointing to the Zantac litigation as the better approach to the one chosen by this Court.

During the July 2020 case management conference this Court specifically stated that the Zantac case is distinguishable[1] and ruled that we would put a schedule in place as to general causation by the end of the year.[2] (See attached Exhibit A). Nothing has changed since that time, and Plaintiffs are proceeding according to the Court's ruling..

It is important to recognize that the Defendants continue to resist the Court's focus on the economic loss class action part of the case, which involves the need to conduct the depositions of a large number of class representatives—the scheduling of which plaintiffs propose commencing right after Thanksgiving, production/receipt of likely millions of documents over the course of months (corporate document production will be conducted over the course of one year once completed), depositions of corporate and third-party witnesses (which applies to the personal injury claims as well), development and service of expert reports which cannot fairly be completed

---

[1] Transcript, p. 43:17-19.
[2] "Judge Schneider and I have [no] real objection to a parallel effort to take some discovery on those kinds of issues, too. I just don't think we need it this day, today, to enter any orders that are setting up general causation…. Why don't we have our goal to be before the end of this year -- by the end of this year to have in place orders governing general causation and expert reports on those issues. Okay? So we will continue to discuss this with the idea that by the end of the year, we'll have this in place with a schedule." Transcript, pp. 44:8-15; 46: 1-7.

Honorable Robert Kugler, U.S.D.J.
Honorable Joel Schneider, U.S.M.J.
September 29, 2020
Page 4

before the conclusion of the fact discovery, class certification briefing and argument, Daubert motions, trial preparation and trial. Injection of the personal injury specific parts of the case at this juncture would unfairly, and inefficiently burden Plaintiffs after 2020 has primarily focused on Defendants' discovery productions.

As discussed at the July 2020 case management conference, Plaintiffs look forward to the formal development of the personal injury part of the litigation with depositions of plaintiffs, service of expert reports, Daubert, and the pre-trial process, in an orderly fashion, allowing Plaintiffs to fairly allocate their resources in an efficient manner that does not require every aspect of the litigation to be addressed at the same time.

**5. PFS Issues:**

Defendants have indicated they will be raising deficiency issues, and the parties have been and continue to engage in a meet and confer process to reduce or eliminate these issues.

Thank you for your courtesies and consideration.

Respectfully,

_____
ADAM M. SLATER