# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

| | |
|---|---|
| David A. Mazie* | Karen G. Kelsen° |
| Adam M. Slater*° | Cheryll A. Calderon |
| Eric D. Katz*° | Adam M. Epstein° |
| David M. Freeman | Cory J. Rothbort*° |
| Beth G. Baldinger | Michael R. Griffith° |
| Matthew R. Mendelsohn° | Christopher J. Geddis |
| David M. Estes | Alexander Q. Reynoso |
| | Samuel G. Wildman |
| | Julia S. Slater° |

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney
°Member of N.J. & N.Y. Bars

October 13, 2020

**VIA ECF**
Honorable Joel Schneider
United States Magistrate Judge
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, New Jersey 08101

    Re:    IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION
             Civil No. 19-2875 (RBK/JS)

Dear Judge Schneider:

Please accept this letter on behalf of the Plaintiffs in advance of the October 14, 2020 status conference.

**1. Rule 34 Requests to Economic Loss Class Representatives**

Plaintiffs believe Defendants' "draft" Rule 34 document requests are inappropriate and unnecessary. The Plaintiff Fact Sheet and accompanying document requests, largely drafted by Defendants themselves, were negotiated and entered by the Court nearly one year ago. The Fact Sheet and its document requests exhaustively call for all reasonably relevant documents, including at least one catch-all request for all documents relating to valsartan. Each Class Plaintiff

Honorable Joel Schneider, U.S.M.J.
October 13, 2020
Page 2

(consumer and TPP), completed the Fact Sheet and produced any responsive documents months ago in February and March 2020. Defendants have not identified any material deficiency in these responses. Additionally each Class Plaintiff produced signed authorizations allowing Defendants to obtain documents directly from plaintiffs' healthcare providers, pharmacies, and insurers. To Plaintiffs' knowledge, Defendants have yet to make any such request despite Defendants' possession of these authorizations for many months.

Notwithstanding the above, Plaintiffs met and conferred with Defendants last Wednesday in good faith. During the meet and confer, Plaintiffs asked Defendants to identify specific types of documents Defendants still wanted, but which Defendants believed were not called for by the Plaintiff Fact Sheet, or could not be obtained with the authorizations. A specific list would allow Plaintiffs either to confirm the identified documents were searched for in connection with the Plaintiff Fact Sheet or not. In addition, the day before the call the Defendants sent a list of detailed questions that requested information about the Plaintiffs' trial strategy, what documents experts will rely on, the structure of the class to be sought, and the damages model to be employed, among other things. These requests were wholly improper, yet Plaintiffs discussed the requests with the Defendants, indicating their objection to being questioned on these issues. Plaintiffs have not yet finalized any such decisions, discovery is slowly moving forward, and the responses will be found in the expert reports and class certification motions at the appropriate time.

Ultimately, the issue before the Court is whether the additional document requests posited by the Defendants are objectionable, and the answer to that question is that they are duplicative or an effort to relieve the Defendants of the obligation to utilize the authorizations that they requested

Honorable Joel Schneider, U.S.M.J.
October 13, 2020
Page 3

at the outset, and it would be unreasonable for Plaintiffs to now be tasked with collecting documents on Defendants' behalf.

**2. Schedule for Class Representative Depositions**

Plaintiffs will start to provide dates for the depositions of the class representatives beginning this week, including dates for at least one of the Third Party Payors and potentially other class representatives beginning in November and December, 2020.

**3. Calendaring Oral Argument on Rule 12 Motion**

Plaintiffs will abide by the Court's determination of whether oral argument is necessary.

**4. Defendants' Privilege Logs**

On October 2, 2020, Plaintiffs asked Aurobindo to remedy the following deficiencies with its privilege log:

> (1) The from and to columns only reference one sender and one recipient; Plaintiffs want to make sure that all people who sent or received an email are listed by name, with attorneys specifically identified, and this includes those cc'd, who should be indicated and named in a separate column so that we can tell who is the attorney at issue, and was this person a sender, recipient, or just a cc; and
>
> (2) The subject section provides cursory headings as to the subject, which are not sufficient to allow Plaintiffs to fairly assess whether a privilege has been properly invoked, as required.

(Ex. A hereto). Plaintiffs have enclosed Aurobindo's privilege log as part of Exhibit A.

Plaintiffs note that under Federal Rule of Civil Procedure 26(b)(5), the party asserting the privilege must provide the opposing party and ultimately the Court with, among other things, "a

Honorable Joel Schneider, U.S.M.J.
October 13, 2020
Page 4

specific explanation of why each document is privileged or immune from discovery," which "must include a comprehensive presentation of all factual grounds and legal analyses in a non-conclusory fashion." *Pippenger v. Gruppe*, 883 F. Supp. 1201, 1212 (S.D. Ind. 1994); *see also Chao v. Koresko*, Nos. 04-3614, 05-1440, 05-1946, 05-2673, 2005 WL 2521886, at *4 (3d Cir. Oct. 12, 2005) (Ex. B hereto); *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 106 (D.N.J. 2006). To this end, **Judge Kugler has previously made clear that "[a] proper privilege log must include, for each withheld document, the date of the document, the name of its author, the name of its recipient, the names of all people given copies of the document, the subject of the document, and the privilege or privileges asserted."** *Torres v. Kuzniasz*, 936 F. Supp. 1201, 1208 (D.N.J. 1996) (citing Wei *v. Bodner*, 127 F.R.D. 91, 96 (D.N.J.1989)).

As this Court knows, "not all communications between a client and lawyer are privileged. The attorney client privilege only insulates communications that assist the attorney to formulate and render legal advice." *Peterson v. Bernardi*, 262 F.R.D. 424, 428 (D.N.J. 2009) (citing *Westinghouse Electric Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1424 (3d Cir.1991)). This Court has explained:

> The privilege does not apply simply because a statement was made by or to an attorney. *HPD Laboratories, Inc. v. Clorox Company*, 202 F.R.D. 410, 414 (D.N.J. 2001). Nor does the privilege attach "simply because a statement conveys advice that is legal in nature." *Id.* The attorney client privilege only applies to disclosures necessary to obtain informed legal advice which might not have been made absent the privilege. *Id.* (citations omitted).

*Peterson*, 262 F.R.D. at 428. Thus, simply listing an attorney as an author or recipient does not satisfy a defendant's obligation to justify its invocation of a privilege. *Id.* Describing a topic as "legal" does not satisfy this requirement either. *Id.*

When a party has failed to comply with this rule, courts have ordered the party to amend their privilege logs "to allow either plaintiffs or [the c]ourt to evaluate what, if any, claims of privilege [the defendant] may have." *Wultz v. Bank of China Ltd.*, 979 F. Supp. 2d 479, 497 (S.D.N.Y. 2013). After having this opportunity to amend and failing to comply with the court's order, courts have held that the party "will have waived any claims of privilege over those documents." *Id.*; *see also Chao*, 2005 WL 2521886, at *4. The "large volume" and "foreign" or "challenging" nature of the relevant discovery will not excuse compliance with these requirements. *Id.* Moreover, "Courts have interpreted Rule 26 to require production of a privilege log within a sufficient amount of time after a document request is served in order to preserve the privilege of documents called for in the production." *Wachtel*, 239 F.R.D. at 106-07 (citing *Burlington N. & Santa Fe Ry. Co. v. United States District Court*, 408 F.3d 1142 (9th Cir.2005) (finding waiver of privilege where log was not filed until five months after the document request); *Get–A–Grip, II, Inc. v. Hornell Brewing Co.*, 2000 WL 1201385 (E.D. Pa. Aug. 8, 2000) (finding waiver where privilege log was approximately two months late)).[1]

Here, Aurobindo has not addressed the deficiencies of its privilege log. First, Aurobindo's privilege log shows an unusually limited number of recipients. Aurobindo should assure Plaintiffs that no one else received the emails in question, and if they did, Aurobindo must add those recipients and their titles to the privilege log so that it includes a "comprehensive presentation of all factual grounds and legal analyses in a non-conclusory fashion." *Pippenger*, 883 F. Supp. at 1212; *see also Torres*, 936 F. Supp. at 1208. Simply listing an attorney as the author or recipient

---

[1] This type of waiver is especially relevant to the vast majority of Defendants who have not produced a privilege log as of the filing of this letter.

Honorable Joel Schneider, U.S.M.J.
October 13, 2020
Page 6

of a document is grossly insufficient to invoke the privilege. *Peterson*, 262 F.R.D. at 428. Second, Aurobindo must supplement the description of the subjects provided in its privilege log so that Plaintiffs and the Court may "evaluate what, if any, claims of privilege [the Defendant] may have." *Wultz*, 979 F. Supp. 2d at 497. Otherwise, Aurobindo "will have waived any claims of privilege over those documents." *Id.*; *see also Chao*, 2005 WL 2521886, at *4 Plaintiffs consequently ask the Court to order Aurobindo to address these deficiencies or else waive the claims of privilege.

### 5. Plaintiffs' Concerns Over the Pace of Defendants' Document Productions

Although Plaintiffs have now received multiple productions from Defendants, the total number of documents produced by each Defendant appears very low in comparison to similar cases, and in comparison to the projected numbers put forth by Defendants during search term negotiations and briefing. Further, Plaintiffs have asked whether any custodian's production is complete, and not a single Defendant has reported that the custodial document production of any of the priority custodians identified by Plaintiffs is complete. Given the productions to date, Plaintiffs are very concerned that they are going to receive an enormous number of documents at the very end of the Court's Ordered document production deadline, and significantly prejudicing Plaintiffs' ability to prepare for and take depositions – this despite the Court's clear Order that there be no large document dump at the end of the process, which is only weeks away. Plaintiffs believe it would be in everyone's interest for Defendants to report to the Court and to the Plaintiffs the numbers and percentage of potentially responsive documents that they have collected, the numbers and percentage of documents they have reviewed, and the numbers and percentage of documents they have produced, so that Plaintiffs and the Court can have a realistic understanding of the true current status and what is to come. At this late date it is submitted that it is not

Honorable Joel Schneider, U.S.M.J.
October 13, 2020
Page 7

constructive for Defendants to continue to stonewall and tell Plaintiffs not to worry as everything is rolling out step by step.

                                                      Respectfully,

                                                      Adam M. Slater