# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
_____

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

October 26, 2020

<u>*VIA ECF*</u>

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, NJ  08101

Honorable Joel Schneider, U.S.M.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, NJ  08101

Re:   IN RE: VALSARTAN, LOSARTAN, & IRBESARTAN PRODUCTS LIABILITY LITIGATION
Civil No. 19-2875 (RBK/JS)

Dear Judge Kugler and Judge Schneider:

Please accept this letter on behalf of the Plaintiffs in advance of the October 28, 2020 case management conference.

1. **Deposition Protocol**.  The parties have continued to discuss the terms of a deposition protocol for fact witness depositions, with the understanding that an addendum or order applicable to treating physicians will be addressed at a later date.  Most of the mechanics of the protocol have been or should shortly be agreed to.  There are a handful of "macro" issues related to the protocol that the parties are also continuing to discuss.  These issues include:  (1) the use of the valsartan deposition testimony in the context of losartan and irbesartan – Defendants want to ensure that the

Honorable Robert Kugler, U.S.D.J.
Honorable Joel Schneider, U.S.M.J.
October 26, 2020
Page 2

valsartan testimony can be used in the other contexts in order to limit the number of depositions, and limit the extent of questioning, (2) Defendants want to ensure that all defense counsel can attend all depositions, (3) the extent to which additional defendants can question a plaintiff or plaintiff witness regarding the same areas already covered, under the guise of the need to question on "product ID," (4) whether depositions shall be cross-noticed to state court litigation other than New Jersey, (5) the mechanics of depositions of witnesses who are both fact witnesses and corporate representatives. The parties have had productive discussions to resolve many other issues, and Plaintiffs are hopeful that the remaining issues can be narrowed.

On Friday evening, October 23, 2020, Defendants provided Plaintiffs with proposed addendums for the depositions of Chinese and Indian witnesses, not broken down by Defendant. Initially, Plaintiffs observe that the Court directed the addendums to be Defendant specific, not country specific. It is likely that the issues for each Defendant in India are not identical. Moreover, at first blush, the addendums include numerous objectionable provisions, including timing, cost issues, preservation of so-called state secret issues, and together point to the need to depose witnesses in the United States and/or in countries that are far closer in order to enable reasonable scheduling coordination. Plaintiffs will of course discuss these proposals with Defendants and seek to narrow the differences, when the parties have the opportunity to meet and confer.

2. **Rule 34 Document Requests to Economic Loss and TPP Plaintiffs.** Since the last CMC, Plaintiffs have made themselves available to meet and confer with Defendants on the latter's proposed Rule 34 document requests to the economic loss named plaintiffs. The parties have had multiple telephonic conferences, and have exchanged information via email.

Honorable Robert Kugler, U.S.D.J.
Honorable Joel Schneider, U.S.M.J.
October 26, 2020
Page 3

The parties appear to be close on resolving all issues as between the consumer economic loss named plaintiffs and Defendants, and believe resolution likely will be achieved by the CMC. Discussions continue as to the TPP economic loss named plaintiffs and Defendants. Defendants have suggested additional time is necessary for discussions to continue between the TPP economic loss named plaintiffs and Defendants, but Plaintiffs are hopeful any issues can be resolved or sharply narrowed between the parties without court intervention.

Plaintiffs further note that Defendants have apparently not used the authorizations provided early this year to obtain any documents to date, as no documents obtained by an authorization have been produced to any plaintiffs to date as required once documents are obtained.

3. **State Court Coordination.** Plaintiffs have requested an update from defense counsel regarding the status of other state court litigation. Efforts to contact the plaintiff firms in the Illinois state court litigation have been unsuccessful to date.

4. **PFS/OSC Issues.** Plaintiffs will be prepared to discuss any open PFS/OSC issues that may be raised, if any remain as of the time of the conference.

5. **Meet and Confer Regarding Defense Depositions.** The parties are in the process of conferring regarding the most efficient prioritization of 30(b)(6) corporate representative depositions and fact depositions, with a focus on designating and prioritizing witnesses who can be most easily deposed, including in the United States or reasonably close time zones, and with minimization of the need for translation.

6. **Hearing on Rule 12 Motions**. Plaintiffs will abide by the Court's determination as to whether or to what extent oral argument will be permitted.

Honorable Robert Kugler, U.S.D.J.
Honorable Joel Schneider, U.S.M.J.
October 26, 2020
Page 4

Thank you for your courtesies and consideration.

Respectfully,

ADAM M. SLATER