

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

*FIRM and AFFILIATE OFFICES*

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
*E-MAIL:* SAGoldberg@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

October 26, 2020

**VIA ECF**

The Honorable Robert Kugler
Senior United States District Court Judge
District of New Jersey

The Honorable Joel Schneider
United States Magistrate Judge
District of New Jersey

Re:  **In re Valsartan, Losartan, and Irbesartan Products Liability Litigation**
**Case No. 1:19-md-02875-RBK-JS**

Dead Judge Kugler and Judge Schneider:

This letter is to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on October 28, 2020.

1.    **Deposition Protocol**

The parties met and conferred on the Deposition Protocol and exchanged a number of drafts of the Deposition Protocol used in the *Benicar* litigation, revised to reflect differences between this matter and *Benicar*. The parties have agreed on the attached version of the Deposition Protocol, subject to certain changes that will have to be made based on how the Court resolves the following macro issues (*see* **Exhibit A**):

**Issue 1**: Number of depositions of a single deponent related to valsartan, irbesartan, and losartan

**DuaneMorris**

October 26, 2020
Page 2

Defendants' view: Absent good cause shown each deponent shall only be deposed once for purposes of the valsartan matter, and the parties will work together to identify specific areas of testimony pertinent to irbesartan and losartan at the appropriate time after the close of fact discovery on valsartan.

Proposed language to resolve the issue: "To avoid burdening witnesses with multiple depositions, the parties agree that in scheduling depositions noticed pursuant to master complaints filed with respect to irbesartan and/or losartan the parties will work together to limit those depositions to avoid questioning on topics/issues that overlap with topics/issues that are the subject of the deposition noticed pursuant to the valsartan master complaint."

**Issue 2**: Which Defendants' counsel may attend depositions, question witnesses, and/or raise objections

Defendants' view: Defendants have the right to question a witness, and nothing shall prohibit a defendant from questioning a plaintiff about defendant-specific issues, such as product identification. Given that Plaintiffs have proposed that all depositions can be used against any Defendant in the MDL because all Defendants will be on notice of the deposition, every Defendant should have the right to attend the deposition.

Proposed language to resolve the issue: "Defendants named in a specific action have the right to question the witnesses deposed in that action. Defendants shall work together to allocate their questioning to avoid duplication, and to complete the deposition within the seven (7) hours allotted for a deposition. Defendants reserve the right to request additional time for examination, if necessary."

**Issue 3**: Questioning witnesses in their individual capacity and corporate representative capacity

Defendants' view: Witnesses noticed to be deposed in their individual capacity and also designated to cover a 30(b)(6) topic(s) should be deposed with regard to the 30(b)(6) topic and then should be deposed in individual capacity. If testimony in both capacities cannot be completed in a single seven (7) hour deposition, and additional time is needed to complete the individual capacity deposition, that time should be used on a consecutive day to avoid burden.

Proposed language to resolve the issue: "Where a witness noticed to deposed in their individual capacity is also designated as a 30(b)(6) witness on a 30(b)(6) topic(s), the testimony on the 30(b)(6) topic(s) shall be completed and then the individual testimony shall commence. If the witness' testimony in both capacities cannot be completed in a single seven (7) hour day, the individual testimony should be completed on the next consecutive day."



October 26, 2020
Page 3

In addition, per the Court's suggestion that "there should be an addendum for each of the parties, because each of the manufacturer defendants are going to face peculiar problems[,]" Defendants have submitted addendums governing depositions of the following individuals: (1) Chinese nationals residing in mainland China and (2) Indian nationals residing in India. *See* Tr. of 10-14-2020 Telephonic Conf. at 24:8-11; *see also* Tr. of 9-30-2020 Telephonic Conf. at 25:6-10 (Judge Schneider: "I have suggested there be an addendum for each of the deponents because of the special circumstances of each of them. That should be discussed with each of the defendants, and by the end of – by the end of the October call, we should be pretty far down the road."); ECF No. 585 (ordering the deposition protocol "may include a separate Addendum for each manufacturing defendant").

A.    **Addendum Governing Depositions of Chinese Nationals Residing in Mainland China**

As the Court has noted on a number of occasions, the depositions in this litigation of Chinese nationals residing in mainland China present unique and challenging circumstances, especially in light of COVID-19. *See* Tr. of 9-16-2020 Telephonic Conf. at 14:3-6 (Judge Schneider: "I couldn't agree with you more that there are very, very sticky issues regarding logistics of deposition scheduling. You just touched on some of the issues, Mr. Goldberg [*see* Tr. at 11-13]. I'm sure there's a lot more. That's why it's important that we start talking about these issues now sooner, rather than later."); Tr. of 9-30-2020 Telephonic Conf. at 25:16-18 (Judge Schneider: "You know, you heard me say this again, the logistical problems in this case surpass any other case that probably is out there, but we have to deal with it."); Tr. of 10-14-2020 Telephonic Conf. at 25:10-13 (Judge Schneider: "I just anticipate there will be peculiar items, peculiar issues, you know. The ZHP has its own issues, obviously, that may be different from Teva, or Mylan, or Aurobindo, et cetera."). Accordingly, on October 23, Defendants proposed the attached "Supplemental Protocols Governing Depositions of Chinese Nationals Residing in Mainland China." *See* **Exhibit B**. These protocols are intended to supplement the Deposition Protocol in the following ways, among others:

- Location: Unless agreed otherwise, the location of the deposition will be Hong Kong because Chinese nationals must only obtain an entry permit, not a visa.[1]

- COVID-19 Restrictions: A witness will not travel until all pertinent travel restrictions, including quarantine requirements, have been lifted such that a witness will not be required to quarantine upon arrival in Hong Kong or return to mainland China (or due to intra-China travel required to travel between mainland China and Hong Kong). As of today's date, Chinese nationals traveling from mainland China

---

[1] *See* Immigration Department of the Government of the Hong Kong Special Administrative Region, *Arrangements for Entry to the Hong Kong Special Administrative Region (HKSAR) from the Mainland China*, available at https://www.immd.gov.hk/eng/services/visas/overseas-chinese-entry-arrangement.html#a.

DuaneMorris

October 26, 2020
Page 4

to Hong Kong are required to quarantine for at least 14 days upon arrival to Hong Kong and for at least 14 days upon return to mainland China.[2]

- <u>Witness Costs</u>: Unless agreed otherwise, Plaintiffs will share the reasonable cost of the witness' travel between mainland China and Hong Kong, meals, and lodging, as selected by the witness; the travel time between ZHP's facilities in Linhai Province and Hong Kong is ten (10) hours.

- <u>Attendance</u>: A lawyer from China must be permitted to attend the deposition of a Chinese national in order to adhere to pertinent China law, such as Chinese state secret and privacy laws.

- <u>Length</u>: For depositions of Chinese nationals that require the attendance of translators, the length of the deposition may be increased by 50%.

The above protocols are necessary because Plaintiffs have not availed themselves of the procedures under the Hague Evidence Convention and China's Civil Procedure Law, which could have resulted in their obtaining permission from the Chinese government via a Letter of Request to take the depositions of Chinese nationals residing in mainland China in mainland China.[3] Absent such permission, the only way a Chinese national who resides in mainland China can be deposed in this litigation, even by video, is if the witness voluntarily agrees to travel to another country to be deposed. The supplemental protocols are intended to provide a Chinese national residing in mainland China who agrees to be deposed in this litigation with sufficient safeguards to warrant such agreement.

---

[2] *See* U.S. Consulate General Hong Kong & Macau, COVID-19 Information, U.S. Dep't of State (last updated Oct. 19, 2020), available at https://hk.usconsulate.gov/covid-19-information/.

[3] *See* Hague Conference, *The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters*, Mar. 18, 1970, available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=82; Hague Convention, Table Reflecting Applicability of articles 15, 16, 17, 18, and 23 of the Hague Evidence Convention, May 2014, available at http://www.hcch.net/upload/appl-table20e.pdf; Declaration of People's Republic of China, Hague Evidence Convention, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=493&disp=resdn; China International Commercial Code, Civil Procedure Law of the People's Republic of China, Global China Law, Art. 277, June 29, 2017, available at http://cicc.court.gov.cn/html/1/219/199/200/644.html; Bureau of Consular Affairs, China Judicial Assistance, U.S. Dep't of State (last updated May 1, 2019), available at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html.

DuaneMorris

October 26, 2020
Page 5

### B.    Addendum Governing Depositions of Indian Nationals Residing in India

With respect to the depositions of Indian nationals residing in India, the Plaintiffs' ability to conduct depositions is limited by the Hague Evidence Convention and India's Code of Civil Procedure. Plaintiffs may depose Indian nationals residing in India pursuant to the Federal Rules of Civil Procedure insofar as a witness is designated as a corporate representative pursuant to Rule 30(b)(6). In order to obtain deposition testimony from witnesses testifying in their individual capacities, Plaintiffs must avail themselves of the Hague Evidence Convention, which requires certain procedural steps including obtaining a commission from the Indian Central Authority.

On October 23, the Defendants' proposed Addendum Governing Depositions of Indian Nationals Residing in India also contains various India-specific provisions related to COVID-19 restrictions, translators, and the location, number and length of depositions. *See* **Exhibit C**.

### 2.    Document Requests to Consumer Class Representatives Are Nearly Finalized

In the two weeks since the Court ruled that Defendants have the right to serve Rule 34 requests,[4] the parties have had multiple communications and productive meet and confers. Defendants believed the parties had reached agreement as to the Rule 34 requests to be served on the individual consumer putative class representatives, having sent a final draft to Plaintiffs last week and having heard no objection. However, in the late afternoon of the day of this filing Plaintiffs informed Defendants that they will have "some minor edits." Plaintiffs did not send their proposed revisions until 6:10 p.m. and Defendants have not had the opportunity to review them prior to the submission of this letter. Defendants are hopeful that the parties will shortly have a final set of Rule 34 requests to submit to the Court for approval and an order requiring all individual consumer putative economic loss class representatives to respond without objection and produce documents within 30 days of the Court's order.

### 3.    Document Requests to Third-Party Payor ("TPP") Putative Class Representatives ("PCRs") are Necessary and Appropriate

In the past two weeks the parties also have made substantial progress in reaching agreement on the Rule 34 requests to be served on the TPP PCRs. Defendants believe an agreement on these requests is possible in the coming days, and request that the Court give the parties until the next conference with the Court on November 11, 2020 to finalize these requests.

Standing in the way of an agreement are two arguments by the TPP PCRs: *first*, that the documents Defendants seek are unnecessary, duplicative, and irrelevant; and *second*, that Defendants have waited too long to request discovery that goes beyond the Plaintiff Fact Sheets ("PFSs") or to complain about inadequate production of documents in connection with the PFSs.

---

[4] *See* 10-14-2020 Tr. of Status Conf. at 32 ("The Court's ruling is that the defendants have a right to serve Rule 34 document requests.").

DuaneMorris

October 26, 2020
Page 6

Neither of these arguments holds water because the TPP PCRs have an obligation to provide information in their possession, custody, or control that bears on the requirements of Rule 23 and Defendants have a right to discover that information, especially given that, "[t]o determine whether the putative class has satisfied predominance (indeed, all applicable Rule 23 requirements), the District Court must conduct a 'rigorous analysis' of the evidence and arguments presented." *In re Lamictal Direct Purchaser Antitrust Litig.*, 957 F.3d 184, 190–91 (3d Cir. 2020) (citing *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 (3d Cir. 2009)); *see also Carrera v. Bayer Corp.*, 727 F.3d 300, 308 (3d Cir. 2013) ("the plaintiff must demonstrate his purported method for ascertaining class members is reliable and administratively feasible, and permits a defendant to challenge the evidence used to prove class membership."); 3 Newberg on Class Actions § 7:14 (2020) ("[D]efendant[s] [are] entitled to utilize … discovery devices to demonstrate that the facts cut against certification.").

### A.    The TPP PCRs and the Defendants' Rule 34 Requests

The operative economic loss complaint (ECF No. 398) names just two TPP PCRs—Maine Automobile Dealers Association Inc. Insurance Trust ("MADA") and MSP Recovery Series LLC ("MSP")—who purport to represent "[a]ll TPPs in the United States and its territories and possessions that, since at least January 1, 2012 to the present, paid any amount of money for a valsartan-containing drug (intended for personal or household use) that was manufactured, distributed, or sold by any Active Pharmaceutical Ingredient, Finished Dose, Wholesaler, or Repackager/Relabeler, or Retail Pharmacy Defendant." *See* ECF No. 398 at 90.

MADA is a tax-exempt trust, which claims to provide or offer health benefits to employees or various employers under the authority of Title 24-A, Chapter 81, §§ 6601-6616 of the Maine Revised Statutes and the ERISA. ECF No. 398 at ¶ 45. According to mainautodealers.com, the MADA Insurance Trust "assist[s] dealerships in providing employees and their families with Life, Disability, Medical and Dental insurance."

MSP, on the other hand, is a "collection agenc[y.]" *MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, 974 F.3d 1305, 1308 (11th Cir. 2020). It neither provides nor offers health benefits to anyone; instead, its "business model involves obtaining assignments from Medicare Advantage Organizations [("MAOs")], first-tier entities, and downstream entities to recover reimbursement for payments made for the medical expenses of Medicare beneficiaries that should have been made by a private insurer pursuant to the Medicare Secondary Payer Act[.]" *MSP Recovery Claims, Series LLC v. Travelers Cas. & Sur. Co.*, No. 17-23628-CIV, 2018 WL 3599360, at *1 (S.D. Fla. June 21, 2018), *aff'd as modified sub nom. MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, 974 F.3d 1305 (11th Cir. 2020).

With their proposed Rule 34 requests, Defendants are attempting to understand how, under what circumstances, and to what extent, MADA and MSP's assignors covered and/or paid for valsartan-containing drugs ("VCDs") and other blood pressure medications. Defendants have winnowed down their original Rule 34 requests, *see* ECF No. 582, Exhibits D and E, to 11

October 26, 2020
Page 7

categories of documents, *see* ECF No. 593, Exhibit A, including Plan Documents, Summary Plan Descriptions, Group Insurance Policies, and Summaries of Benefits; Pharmacy Benefits Management ("PBM") and Plan Administration Agreements; formularies and preferred drug lists; and documents demonstrating the payment (or co-payment) terms applicable to every tier of each plan's formulary or preferred drug list. The spectrum of health and drug insurance plans implicated by the TPP PCRs' claims all have some combination of the foregoing documents, and they likely all differ in terms of the coverage and costs of VCDs and other blood pressure medications.

Collectively, the categories of documents Defendants seek will allow them to determine the rights created by the plans themselves as well as the different machinations of the TPP PCRs' coverage of VCDs (or, in the case of MSP, its assignees' coverages of VCDs) and the alternative drugs each would have had to purchase if no VCD were available. There are undoubtedly differences among the plans in terms of types of plan product offered (HMO, PPO, PFFS, SNP, MSA); premiums charged; applicable co-pays, deductibles, and out-of-pocket maximums, tiered pricing of VCDs' and pricing of replacement drugs by tier on the formularies/preferred drug lists maintained by the TPP PCRs (or, in the case of MSP, its assignees). These issues implicate questions that are quintessentially "individual"—that is, they would "var[y] from member to member" of the proposed class. *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 260 (3d Cir. 2016) (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016)).

**B.    The TPP's PFS Responses**

The proposed Rule 34 requests to the TPP PCRs seek categories of documents different from those requested in the PFSs. They are therefore *not* duplicative. However, to the extent that the TPP PCRs failed to produce information under the PFSs they claim Defendants are now seeking through so-called duplicative Rule 34 requests, much of what the TPP PCRs claim to have produced with their PFS[5] has *not* been produced, or has only been produced in limited part. For example:

- Although Plaintiffs represented that the PBM contracts for Emblem, ConnectiCare, and SummaCare have been produced, the documents provided are largely useless due to heavy redaction of the most critical information. *See* Exhibits A-1 (Pharmacy Reimbursement Rates) and A-3 (Rebate Amounts) to the Emblem and ConnectiCare PBM contracts and Exhibit B-4 (Specialty Drug Rate Schedule) to the SummaCare PBM contract;

- Although Plaintiffs represented that MSP had produced all formularies for Emblem, ConnectiCare, and SummaCare, MSP's production omits formularies for ConnectiCare; the 2014 and 2018 formularies for SummaCare, and the Emblem formularies from 2012-2014 and from 2016-present;

---

[5] *See* 10-16-2020 E-Mail from D. Stanoch to S. Goldberg, attached as **Exhibit D**.

October 26, 2020
Page 8

DuaneMorris

- Although Plaintiffs represented that MADA produced an "Administrative Services Agreement" between itself and Anthem Health Plans of Maine with Amendment 3 to that Agreement, it has not produced Amendments 1 and 2 to the Agreement; and

- Although Plaintiffs represented that MADA produced a document entitled "Group Medical Plans" dated March 1, 2019, it has not produced any such document, or any of the information contained therein, *for the other 7 years of the 8-year relevant time period* (i.e., from January 1, 2012, through February 28, 2019).

These missing pieces of the puzzle have frustrated Defendants' efforts in learning crucial details about the TPP PCRs' health plans. But the shortage of information produced by the TPPs to date is just the tip of the iceberg.

**C.    Certification Discovery as to All of MSP's Assignors is Necessary**

The *sine qua non* of this class action is whether MSP *itself* is "sufficiently similar to the rest of the class … in terms of [its] legal claims, factual circumstances, and stake in the litigation" and that its "interests [are] aligned with those of the class." *Afzal v. BMW of N. Am., LLC*, No. 15-8009, 2020 WL 2786926, at *5, *7 (D.N.J. May 29, 2020) (citations omitted). While MSP now[6] claims to have 94 assignors, its PFS response was limited to just three: Emblem, SummaCare, and ConnectiCare. The other 91 assignors are not "unnamed" or "absent" class members; MSP stands in the shoes of all of its assignors and is the sum of all of its assignments. To review MSP's adequacy as a class representative, for example, Defendants must be able to examine how many of MSP's *assignors* "have interests antagonistic to those of the class." *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007) (quotation omitted). The boilerplate assignment documents, which contain little more than the assignor's name and scope of the assignment, are of no use in that regard.

The information that Defendants have cobbled together—without MSP's assistance—raises serious questions germane to MSP's ability to represent the putative class of "[a]ll TPPs in the United States and its territories and possessions…since at least January 1, 2012." For example, while Emblem, SummaCare, and ConnectiCare are each CMS-approved MAOs, the vast majority of MSP's other assignors—including a provider of medical, dental, and mental health services exclusively for inmates; a medical practice in Puerto Rico; an orthopedic surgeon in Florida; a claims recovery company/*assignee*; and a remodeler/contractor based in Puerto Rico—are not.[7]

---

[6] Counsel for MSP once represented to the Court that MSP "has assignments from 65 entities[.]" 10-16-2019 Tr. of Status Conf. at 9. That MSP now apparently has 94 assignors has gone unexplained, particularly in light of the fact that not a single one of the assignment documents contained in MSP's productions was executed after October 16, 2019.

[7] During the meet-and-confers, MSP's counsel conceded that the majority of its assignees are not MAOs like Emblem, SummaCare, and ConnectiCare, which have direct contracts with CMS.

DuaneMorris

October 26, 2020
Page 9

Given their very different qualities, Defendants expect that MSP's various assignors would have paid markedly different prices for VCDs and for non-VCDs in the "but for" world (if they would have paid for non-VCDs at all). Discovery of this sort of information will be critical to the Court's required "rigorous analysis" under Rule 23, especially as to MSP's ability to establish an ascertainable class and to present a classwide damages model. *In re: Lamictal Direct Purchaser Antitrust Litig.*, 2020 WL 1933260, at *4 (finding error where "[t]he District Court refused to address the multi-leveled microeconomic analysis"); *Carrera*, 727 F.3d at 308 (method for identifying class members must be "reliable and administratively feasible"); *Comcast Corp. v. Behrend* 569 U.S. 27, 34 (2013) (plaintiffs must "establish[] that damages are capable of measurement on a classwide basis.").

The third-party *payor* PCRs endeavor to escape certification discovery having only produced a sliver of the insurance plan- and *payment*-related records that Defendants need to contest certification and, in MSP's case, only a limited set of documents from three cherry-picked assignors (out of 94), despite hoping to represent a nationwide class of third-party payors whose drug plans and prices no doubt varied greatly. The TPP PCRs must have "skin in the game," too. It would be unquestionably unfair if the TPPs are permitted to disregard the 11 categories of critical documents Defendants seek, while Defendants have been forced to expend millions responding to 140+ document requests and "core" discovery. *See Boeynaems v. LA Fitness Int'l, LLC*, 285 F.R.D. 331, 333 (E.D. Pa. 2012) (Class action "[d]iscovery need not be perfect, but discovery must be fair.").

**D.    Defendants' Requests for Additional Discovery are Timely**

Plaintiffs' protestations about the timeliness of Defendants' requests for Rule 34 discovery are misguided and meritless. To begin with, the argument has been made and rejected; the Court has already ruled that "the [D]efendants have a right to serve Rule 34 requests." 10-14-2020 Tr. at 32. *See also id.* ("The Court does not recall it being envisioned that the fact sheets would be exhaustive with regard to all of the information the defendants needed for class certification purposes."). During the October 16, 2019 status conference, the Court explained that the structure of the PFS process was "without prejudice" to the Defendant's right "to make an application to the Court for more fulsome information, if [Defendants] genuinely need it for class certification purposes." 10-16-2019 Tr. at 18 ("If you can make a case after you receive this information that you legitimately need it because it's relevant to class certification, you'll get it.").

Moreover, as soon as the Court turned to scheduling the PCR depositions, the Defendants raised their need for additional class representative discovery. On September 16, 2020, the Court announced that it "want[ed] to get the depositions rolling by" the end of the year. 9-16-2020 Tr. of Status Conf. at 10. Within days, Defendants drafted the original Rule 34 requests to be served on the PCRs, and during a teleconference among the Parties and the Court on Saturday, September

_____

Rather, they are "downstream" entities that contract with MAOs, who in turn contract with CMS. None of the information about those relationships has been produced.

October 26, 2020
Page 10

DuaneMorris

26, 2020, the Court instructed Defendants to attach those requests to their submission to the Court for the September 30, 2020, conference, which Defendants did. *See* ECF No. 582, Exhibits C-E.[8] 9-30-2020 Tr. of Status Conf. at 28-30. Since then, at the Court's direction, the parties have met and conferred four times, exchanged substantive written communications, reached an agreement on the Rule 34 requests to the consumer PCRs and are close to doing the same on the TPP discovery.

As explained above, the parties have had fruitful discussions about the Rule 34 requests to be served on the TPPs, and Defendants believe an agreement can be reached, such that those requests can be approved by the Court at the next conference in two weeks. However, to the extent the Court finds it appropriate to rule now on the propriety of the Rule 34 requests to the TPP PCRs, for the above reasons, the Defendants' proposed requests for eleven (11) categories of information are necessary and justified, and should be approved.

**4.    Coordination of State Court Cases**

At least twelve (12) related actions are pending in various state and federal courts around the country. These actions are not stayed, and some, as indicated below, are currently proceeding. There are an additional eleven (11) actions stayed or being held in abeyance in various state and federal courts. The eight (8) actions pending in Middlesex County, New Jersey are being held in abeyance pending Plaintiff's anticipated MCL application. The parties have discussed that the non-MDL cases should be coordinated with MDL to minimize inconsistent results, inefficiency and expense. We would appreciate the Court's guidance in this regard.

**Federal Cases**

| Case | Court | Assigned Judge | Status |
|------|-------|----------------|--------|
| *Harris v. Aurobindo Pharma USA, et al.*, 3:20-cv-00609 | M.D. Ala. | Hon. Emily C. Marks | Plaintiff's Motion to Vacate Conditional Transfer Order |

---

[8] That submission also included an email from Counsel for McKesson to Plaintiffs' Leadership, dated January 14, 2020, informing them of Defendants' need for all of the information Defendants now seek. *See* ECF No. 582, Exhibit B. Having notice of Defendants' need for these specific categories of information ***months*** before they produced their PFS responses, and having not included this information in those responses, Plaintiffs' cannot now credibly claim the requests are untimely. If the TPPs truly believe this information is duplicative of the PFS, they were on notice of Defendants' need for it since January 2020, yet failed to produce it with their PFS.

DuaneMorris

October 26, 2020
Page 11

| | | | ("CTO") pending before the JPML |
|---|---|---|---|
| *Hernandez v. Aurobindo Pharma USA, et al.*, 8:20-cv-02409[9] | M.D. Fla. | Hon. Charlene Edwards Honeywell; Hon. Julie S. Sneed (Magistrate Judge) | Removed from state court on 10/15/20 |

**State Cases**

| Case | Court | Assigned Judge | Status |
|---|---|---|---|
| *Brown v. Camber Pharmaceuticals, et al.*, No. 35-cv-2020-900037 | Circuit Court of Greene County, Alabama | Hon. Eddie Hardaway, Jr. | Motion to dismiss filed and pending |
| *Smith v. Torrent, et al.*, No. 9-cv-2020-900036 | Circuit Court of Bullock County, Alabama | Hon. Burt Smithhart | Answer filed |
| *Hall v. Torrent, et al.*, No. 66-cv-2020-900047 | Circuit Court of Wilcox County, Alabama | Hon. Collins Pettaway, Jr. | Motion to dismiss filed and pending |
| *Wilson v. Camber, et al.*, 27-cv-2020-900186 | Circuit Court of Dallas County, Alabama | Hon Marvin W. Wiggins | Motion to dismiss filed and pending |
| *Shanov v. Walgreens Boots, Inc.*, 2020CH01884 | Circuit Court of Cook County, Illinois | Hon. Anna Helen Demacopoulos | Motion to dismiss (or, in the alternative, to stay, or to join a defendant) filed and pending |

---

[1] On October 22, 2020, the JPML decided that this case was not appropriate for inclusion in the MDL. Counsel are considering next steps for including this case in the MDL.

October 26, 2020
Page 12

DuaneMorris

| *Rafuls v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.*, MID-L-4629-20 (N.J. Super.)[10] | New Jersey Sup. Ct. Middlesex County | Hon. Patrick Bradshaw | No affidavit of service filed as of 10/22/20 |
|---|---|---|---|
| *Mooradian v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.*, MID-L-4603-20 (N.J. Super.) | New Jersey Sup. Ct. Middlesex County | Hon. Christoph Rafano | No affidavit of service filed as of 10/22/20 |
| *Franco v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.*, MID-L-4602-20 (N.J. Super.) | New Jersey Sup. Ct. Middlesex County | Hon. Christoph Rafano | No affidavit of service filed as of 10/22/20 |
| *Cardy v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.*, MID-L-4599-20 (N.J. Super.) | New Jersey Sup. Ct. Middlesex County | Hon. Christoph Rafano | No affidavit of service filed as of 10/22 |
| *Debose v. Zhejiang Huahai Pharmaceutical Co., Ltd. et al.*, MID-L-4601-20 (N.J. Super.) | New Jersey Sup. Ct. Middlesex County | Hon. Christoph Rafano | No affidavit of service filed as of 10/22 |

**Federal Cases—Stayed**

---

[10] Similar to the New Jersey Superior Court cases listed below, Plaintiffs have agreed to enter stipulated orders to hold *Rafuls*, *Mooradian*, *Franco*, *Cardy*, and *Debose* in abeyance. Plaintiffs have represented that once the number of cases reaches the necessary threshold for a Multicounty Litigation ("MCL") application, such an application will be made. If an MCL is established, Defendants expect a formal coordination order will be granted. If an MCL is not granted, Defendants expect that they will work to execute coordination orders in each action.

DuaneMorris

October 26, 2020
Page 13

| Case | Court | Assigned Judge | Status |
|------|-------|----------------|--------|
| *Thorn v. Mylan Pharmaceuticals, et al.*, Case No. 2:20-cv-00442 | S.D. Ala. | Hon. Kristi K. DuBose; Hon. William E. Cassidy (Magistrate Judge) | Stayed (pending decision by JPML on transfer); Plaintiff's Motion to Vacate CTO pending before JPML |
| *Smiley v. Aurobindo Pharma USA, Inc., et al.*, 2:20-cv-00416 | S.D. Ala. | Hon. Kristi K. Dubose; Hon. P. Bradley Murray (Magistrate Judge) | Stayed (pending decision by JPML on transfer); Plaintiff's Motion to Vacate CTO pending before JPML |
| *Pace v. Solco Healthcare U.S., LLC*, 3:20-cv-00595 | M.D. Ala. | Hon. Stephen Michael Doyle | Stayed (pending decision by JPML on transfer); Plaintiff's Motion to Vacate CTO pending before JPML |

**State Cases—Held in Abeyance**

| Case | Court | Assigned Judge | Status |
|------|-------|----------------|--------|
| *Pedrick v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.*, MID-L-4616-20 (N.J. Super.) | New Jersey Sup. Ct. Middlesex County | Hon. Bruce Kaplan | Held in Abeyance |
| *Dessoye v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.*, MID-L-4614-20 (N.J. Super.) | New Jersey Sup. Ct. Middlesex County | Hon. Thomas D. McCloskey | Held in Abeyance |
| *Byrum v. Zhejiang Huahai Pharmaceutical Co.,* | New Jersey Sup. Ct. Middlesex County | Hon. Thomas D. McCloskey | Held in Abeyance |

October 26, 2020
Page 14

DuaneMorris

| *Ltd., et al.*, MID-L-4590-20 (N.J. Super.) | | | |
|---|---|---|---|
| *Wiltshire v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.*, MID-L-4593-20 (N.J. Super.) | New Jersey Sup. Ct. Middlesex County | Hon. Thomas D. McCloskey | Held in Abeyance |
| *Lippl v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.*, MID-L-4591-20 (N.J. Super.) | New Jersey Sup. Ct. Middlesex County | Hon. Bruce Kaplan | Held in Abeyance |
| *Orlowsky v. Prinston Pharmaceutical Inc.*, et al., No. MID-L-0002554-19 (N.J. Super.) | New Jersey Sup. Ct. Middlesex County | Hon. J.R. Corman | Held in Abeyance |
| *Robertson v. Prinston Pharmaceutical Inc.*, et al., No. MID-L-004228-19 (N.J. Super.) | New Jersey Sup. Ct. Middlesex County | Hon. Patrick Bradshaw | Held in Abeyance |
| *Garnes v. Zhejiang Huahai Pharmaceutical Co.*, Ltd., No. MID-L-005191-19 (N.J. Super.) | New Jersey Sup. Ct. Middlesex County | Hon. Thomas D. McCloskey | Held in Abeyance |

**5.    Plaintiff Fact Sheets – Show Cause Orders**

**A.    Cases Addressed at the September 30, 2020 Case Management Conference**

As a preliminary matter, Defendants note that the Court issued ten show cause orders returnable at the October 28, 2020 Case Management Conference. Subsequent to last month's CMC, a voluntary dismissal was filed in one of those matters:

DuaneMorris

October 26, 2020
Page 15

- Lewis, Edwin – 20-cv-05706

The issues have been resolved to the parties' satisfaction in another three of those nine matters and the order to show cause is withdrawn:

- Gioia, Joseph – 20-cv-01352

- Meade, Karen – 19-cv-15351

- Bray, Paulette – 20-cv-3097

Six cases remain subject to an order to show cause at the September 30, 2020 Case Management Conference for failure to substantially complete a PFS:

| No. | Plaintiff | Civil Action No. | Law Firm | Deficiencies |
|---|---|---|---|---|
| 1. | Griffit, Judy | 19-cv-14990 | Golden Law Office | I.D.1 - Failed to attach records - SFC indicates injury is precancerous polyps on colon, thyroid, and stomach.<br><br>Records only speak to precancerous polyp on colon. No cancer attributed to valsartan in PFS<br><br>I.D.2 - Failed to respond - No cancer attributed to valsartan in PFS<br><br>III.C.1 - Lists pre-cancerous polyp on colon and thyroid. There is no indication of precancerous thyroid polyp in the records. Also, the SFC lists pre-cancerous stomach polyp, but that is not listed here. There is no record of that in the medical records either.<br><br>III.C.4.b - Failed to provide complete information - The address information is not complete for all entries<br><br>III.C.5 - Failed to provide complete information - Treatment is not specific. Does not list what other medications taking at time diagnosed with injuries attributing to valsartan |

DuaneMorris

October 26, 2020
Page 16

| | | | | III.C.5 - Failed to respond -states "pharmacy records to be supplemented." |
|---|---|---|---|---|
| | | | | VI.A.1 - Failed to respond - Pharmacy records to be supplemented |
| | | | | VII.A.3 - Failed to provide complete information - Checked box that never been diagnosed with cancer but then checks box that underwent surgery for cancer for removal of pre-cancerous polyps on colon and thyroid. No record of thyroid/pre-cancer issue in records. |
| | | | | XI.A.1 - Failed to provide properly signed, dated, and completed authorization - Dated in signature block |
| | | | | XI.A.6 - Failed to provide properly signed, dated, and completed authorization - Objected via collateral source rule. |
| | | | | XI.A.7 - Failed to provide properly signed, dated, and completed authorization - Dated in signature block |
| 2. | Mefford, Susan | 19-cv-15039 | Golden Law Office | I.D.2 - Failed to provide complete information - Does not allege any cancer as a result of Valsartan. SFC alleges permanent liver damage |
| | | | | II.D.2.d - Failed to respond. |
| | | | | III.F.1 - Failed to provide complete information - only vague period 2016-2019 is listed |
| | | | | III.F.2.a - Failed to provide complete information. |
| | | | | III.F.2.b - Failed to provide complete information - References IRS records |
| | | | | III.F.3.a - Failed to respond. |

October 26, 2020
Page 17

| | | | | |
|---|---|---|---|---|
| | | | | III.F.3.b - Failed to respond - References IRS records<br><br>III.F.4.a - Failed to respond - Will supplement<br><br>III.G.a - Failed to provide complete information.<br><br>III.G.b - Failed to respond.<br><br>III.G.c - Failed to respond.<br><br>XI.A.1 - Failed to provide properly signed, dated, and completed authorization.<br><br>- Name, DOB, SSN not filled in.<br><br>XI.A.4 - Failed to provide properly signed, dated, and completed authorization - Answered YES to this question in section II.F but exhibit placeholder says it is irrelevant to claims.<br><br>XI.A.6 - Failed to provide properly signed, dated, and completed authorization.<br><br>- Objections are improper an inadequate and improper response to a court-approved fact sheet. Please respond with the required information.<br><br>XI.A.7 - Failed to provide properly signed, dated, and completed authorization - Name, DOB, SSN not filled in.<br><br>XI.B.9 - Failed to provide records requested - No photos apparent in records |
| 3. | Gehefer, Margaret | 20-cv-01305 | GoldenbergLaw, PLLC | <u>II.D.4 - Exposure:</u> Plaintiff still failed to answer the requests regarding exposure in Plaintiff's diet including red and/or processed meats and smoked foods, salted meat and fish, and/or pickled vegetables.<br><br><u>IV.A.4 – Start Date for Treatment with Dr. Eyal Meiri:</u> Plaintiff still failed to provide the approximate start date for treatment with Dr. Eyal Meiri. |

October 26, 2020
Page 18

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  | <u>IV.D.3 – Dates of Coverage:</u> Plaintiff still did not provide the approximate dates of coverage for the identified insurance carrier.<br><br><u>V.G.1-4 - Identified Conditions of Colon Polyps, Hypertension, Diabetes, and Depression:</u> Plaintiff still did not provide any information regarding the health care providers for the identified conditions of colon polyp, hypertension, diabetes, and depression. Plaintiff also still did not provide the approximate date of onset for hypertension, diabetes, and depression.<br><br><u>VI.A.1-6 – Medications:</u> Plaintiff's answer of "N/A" to the requests to identify medications taken by Plaintiff in the ten years prior to when Plaintiff first took Valsartan is insufficient. Plaintiff's Valsartan use began in October 2012 and the produced pharmacy records show other medications used by Plaintiff dating back to April 2010. Please supplement and amend these responses accordingly.<br><br><u>VI.B.1-6 – Over the Counter Prescriptions:</u> Plaintiff's responded "to be supplemented" to the requests to identify any over the counter medications taken during the three year period before the onset of injuries for which recovery is sought in this case. However, Plaintiff has not provided supplemental answers. Please supplement these responses.<br><br><u>XI.A.1 – Health Care Authorizations:</u> Plaintiff did not produce any health care authorizations for the identified health care providers, treating facilities, and pharmacies. Please produce properly executed and undated health care authorizations for each identified health care provider, treating facility, and pharmacy. |

October 26, 2020
Page 19

| | | | | |
|---|---|---|---|---|
| | | | | XI.A.6 – Health Insurance Record Authorization: Plaintiff did not produce a health insurance record authorization for the identified insurance carrier. Please produce a properly executed and undated health insurance records authorization for each of the identified health insurance carrier.<br><br>XI.A.7 - Mental Health Records Authorizations: Plaintiff did not produce a mental health record authorization. Please produce properly executed and undated mental health records authorizations for each provider and facility where Plaintiff has sought mental health treatment.<br><br>XII – Declaration:  Plaintiff still not produce an executed declaration for the PFS. Please produce a properly executed Declaration. |
| 4. | Bowden, Virginia | 1:20-06745 | Morgan & Morgan | Failed to File PFS |
| 5. | Frain, Linda | 20-cv-05372 | Watts Guerra | I.B.1 –Failed to provide information related to spouse.<br><br>I.D Failed to answer highest stage cancer diagnosed and description of treatment.<br><br>II.A.3 Failed to respond<br><br>II.B.1  Failed to respond<br><br>II.C-K Failed to respond<br><br>III. A-H Failed to respond.<br><br>IV.A.4.1-2 Failed to respond – reasons for consultations<br><br>V.A-C, E Failed to respond<br><br>VII.A.2 Failed to respond |

DuaneMorris

October 26, 2020
Page 20

| | | | | VII.A.3 Failed to respond |
|---|---|---|---|---|
| | | | | VII.A.3 Failed to respond – type of surgery, date of surgery |
| | | | | VII.A.4.a  Failed to respond regarding cancer diagnoses |
| | | | | VIII Failed to respond |
| | | | | X.A.1.b Failed to respond – place of death |
| | | | | X.A.1.c Failed to respond – facility or location where death occurred |
| | | | | X.A.1.d Failed to respond – physician signing death certificate |
| | | | | X.A.1.e  Cause of death |
| | | | | XI.A.1, 6 Failed to provide properly signed, undated, and completed authorizations |
| | | | | XI.B.1,2, 4-23 Failed to provide records requested and/or respond to question |
| | | | | XII Failed to provide signed and dated declaration |
| 6. | Lewis, Linda | 20-cv-00629 | Law Offices of John D. Sileo LLC | I.D/III.C – No cancer or physical injury information is provided in the Plaintiff Fact Sheet. III.G  Failed to provide medical expense information. |

**B.      Second Listing Cases – Order to Show Cause Requested:**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these nine cases were previously listed on the agenda for a prior CMC. Defendants provided a list including these cases and identified deficiencies to Plaintiffs' leadership counsel for distribution on October 19, 2020, met and conferred with Plaintiffs' counsel on October 22, 2020, and have been available for further meet and confers as needed. Accordingly, Defendants request that an Order to Show Cause be entered

DuaneMorris

October 26, 2020
Page 21

in each of these cases, returnable at the next case management conference, as to why the case should not be dismissed.

Defense counsel will be prepared to address the individual issues with respect to each of these cases, to the extent necessary, during the October 28th Case Management Conference:

| No. | Plaintiff | Civil Action No. | Law Firm | Core Deficiencies | Deficiency Notice Sent | Prior Agenda Listing |
|---|---|---|---|---|---|---|
| 1. | Battle, Dorothy | 20-cv-02218 | Watts Guerra | *See Deficiency Notice* | 5/18/2020 | Yes - September |
| 2. | Stewart, Donald | 19-cv-21475 | Stark & Stark | Numerous deficiencies, including the following core deficiencies:<br><br>II.D.4. (a, c, d, f, g, h, j) Failed to respond to exposure information<br><br>III.C. Failed to respond to section re non-cancer injuries.<br><br>III.D.4 and .5 Failed to complete details about persistent symptoms<br><br>III.E.2 (a-e) Failed to provide complete information for emotional injury diagnosis.<br><br>III.G. Failed to provide complete information re medical expenses.<br><br>III.H. Failed to respond re claim for specialized damages.<br><br>IV.A. List of Healthcare Providers-Failed to respond<br><br>IV.B. List of Hospitals and Clinics- Failed to respond | 7/16/2020 | Yes - September |

DuaneMorris

October 26, 2020
Page 22

| | | | | IV.C. List of Pharmacies- Failed to respond.<br><br>IV.D. List of Insurance Carriers- Failed to respond.<br><br>V.E. 1 and 2. Failed to provide complete information regarding alcohol use history.<br><br>V.F.15, 27, 41- Failed to respond to identified medical conditions<br><br>V.G. Failed to respond section providing information for identified medical conditions<br><br>VI.A. Medications- Failed to respond. Indicates "see pharmacy records" Failed to attach pharmacy records.<br><br>VIII. Family history section- Failed to respond.<br><br>IX. Fraud Claims section- Failed to respond.<br><br>XI.A (1-7) Failed to provide properly signed, undated and completed authorizations.<br><br>XI.B (1, 2, 3, 10, 19) Failed to provide records requested. | | |
| 3. | Fisher, Louis | 20-cv-5057 | Beasley Allen | Numerous deficiencies, including the following core deficiencies: | 7/15/2020 | Yes - September |

DuaneMorris

| | | | | II.D.4.c Failed to provide complete information for identified exposure | | |
|---|---|---|---|---|---|---|
| | | | | III.C. Failed to respond to section re non-cancer injuries. | | |
| | | | | III.C.3 Procedures and Treatments for claimed injury- Failed to respond. | | |
| | | | | III.C.3.b and c List hospitalizations, procedures- Failed to respond. | | |
| | | | | III.G. Failed to provide complete information re medical expenses. | | |
| | | | | III.H. Failed to respond re claim for specialized damages. | | |
| | | | | IV.C. and D Failed to provide complete information regarding identified pharmacies. | | |
| | | | | V.E. 1 and 2. Failed to provide complete information regarding alcohol use history. | | |
| | | | | IX. Fraud Claims section- Failed to respond. | | |
| | | | | XI.A (1-7) Failed to provide properly signed, undated and completed authorizations. . The authorizations that were provided are dated and are not completed per provider. The health insurance authorization is incorrectly filed out to the plaintiff and not the health insurance provider information. | | |

DuaneMorris

October 26, 2020
Page 24

| 4. | Weiner, Louis | 20-cv-5224 | Reeves & Mestayer | - No records or auths<br>- No signed declaration | 7/17/20 | Yes - September |
|---|---|---|---|---|---|---|
| 5. | Keller, Theodore | 20-cv-6918 | Shrager & Sachs | Failed to File PFS | SFC: 6/8/20<br><br>PFS Due: 8/4/20 | Yes - September |
| 6. | Gunter, Alcus | 20-cv-7952 | Van Wey, Presby, & Williams, PLLC | Failed to File PFS | SFC: 6/29/20<br><br>PFS: Due: 8/28/20 | Yes - September |
| 7. | Huey, James | 19-cv-15637 | Gainsburgh Benjamin | I.D.1 - Failed to attach medical records.<br><br>V.F.4 - Failed to provide complete information - List name, address, and phone number of treating healthcare provider for colon polyps.<br><br>XI.A.1,6 - Failed to provide properly signed, dated, and completed authorization - Some of these are dated and not filled out to anyone in particular. | 3/4/20 | Yes - June |
| 8. | Bray, Paulette | 1:20-cv-03097 | Milstein Jackson Fairchild & Wade | *See Deficiency Notice*<br><br>Several deficiencies with blanks and unanswered questions.<br><br>No authorizations are provided.<br><br>No contact from this firm to correct deficiencies. | 6/29/20 | Yes - August |



October 26, 2020
Page 25

### C.    First Listing Cases – Remaining Core Deficiencies

The following Plaintiff Fact Sheet contains core deficiencies which remain unresolved. Defendants provided a list including these cases and identified deficiencies to Plaintiffs on October 19, 2020 and met and conferred with Plaintiffs' counsel on October 22, 2020 and have been available for further meet and confers as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

| No. | Plaintiff | Civil Action No. | Law Firm | Core Deficiencies | Deficiency Notice Sent | Prior Agenda Listing |
|---|---|---|---|---|---|---|
| 1. | Jefferson, Stephen | 20-cv-4773 | Brown, LLC | III.D.1 - Failed to provide complete information. - Indicated injury/illness persists but no symptoms or medications/treatment. Please clarify | 8/21/20 | N/A |
| 2. | Suits, James | 20 - cv- 6547 | Harrison Davis Steakley Morrison Jones, PC | See Deficiency notice. PFS is substantially incomplete, no authorizations provided.<br><br>I.D.1 - Failed to attach records. - Records speak to a colonoscopy and polyp on 5/31/18, no definitive cancer diagnosis or treatment records provided. Please clarify diagnosis | 9/5/20 | N/A |
| 3. | Franklin, Jerry | 20-cv-7860 | Van Wey, Presby, & Williams, PLLC | I.D.4 - Failed to provide complete information. - SFC lists other forms of cancer, please clarify.<br><br>XI.A.1 - Failed to provide properly signed, dated, and completed authorization. - Provided authorization in form not approved by the Court. - Auth needs to be undated and filled out | 9/13/20 | N/A |

October 26, 2020
Page 26

| | | | | to particular providers, not blank template. | | |
|---|---|---|---|---|---|---|
| | | | | XI.A.6 - Failed to provide properly signed, dated, and completed authorization. - Provided authorization in form not approved by the Court. - Auth needs to be undated and filled out to particular providers, not blank template | | |
| 4. | Pittman, Charleston | 19 - CV- 15638 | Law Offices of John D. Sileo LLC | See Deficiency notice. PFS is substantially incomplete.<br><br>Authorizations are dated and not filled out to particular entities. | 9/15/20 | N/A |
| 5. | Johnson, Linda | 20-cv-8014 | Van Wey, Presby, & Williams, PLLC | Substantially incomplete.<br><br>III.C.2.- Failed to respond. – Information about dates and treatments for other injuries missing.<br><br>III.G.- Failed to respond. III.H. - Failed to respond<br><br>V.E.1 - Failed to respond.<br><br>XI.A.1 - Failed to provide properly signed, dated, and completed authorization. - Provided authorization in form not approved by the Court. - Not filled out to particular entity, dated.<br><br>XI.A.4 - Failed to provide properly signed, dated, and completed authorization. - Provided authorization in form not approved by the Court. - checked | 9/18/20 | N/A |

DuaneMorris

| | | | | yes to II.F but did not provide authorization.<br><br>XI.A.6 - Failed to provide properly signed, dated, and completed authorization. - Provided authorization in form not approved by the Court. Not filled out to particular entity, no signature page. | | |
|---|---|---|---|---|---|---|
| 6. | Garcia, Robert | 20-cv-7957 | Van Wey, Presby, & Williams, PLLC | XI.A.1 - Failed to provide properly signed, dated, and completed authorization. - Provided authorization in form not approved by the Court. - Needs to be addressed to specific providers, needs to be undated.<br><br>XI.A.4 - Failed to provide properly signed, dated, and completed authorization. - Provided authorization in form not approved by the Court. - Answered yes to question II.F but did not provide this authorization<br><br>XI.A.5 - Failed to provide properly signed, dated, and completed authorization. - Provided authorization in form not approved by the Court. - Answered yes to question II.F but did not provide this authorization<br>XI.A.6 - Failed to provide properly signed, dated, and completed authorization. - Provided authorization in form not approved by the Court. - Needs to be addressed to specific providers, needs to be undated. | 9/18/20 | N/A |

DuaneMorris

October 26, 2020
Page 28

| 7. | Courtney, Pamela | 20-cv-8658 | Golomb & Honik, P.C. | II.F – did not respond re: worker's comp/disability claims.<br><br>II.G – did not respond<br><br>Must fill out disability, worker's comp, and health insurance authorizations to particular entities. | 9/29/20 | N/A |
|---|---|---|---|---|---|---|
| 8. | Liebeskind, John | 20-cv-8798 | Fleming Nolen | XI.A.2 - Failed to provide properly signed, dated, and completed authorization. - needs to be undated<br><br>XI.A.3 - Failed to provide properly signed, dated, and completed authorization.<br><br>XI.A.4 - Failed to provide properly signed, dated, and completed authorization. | 10/2/20 | N/A |
| 9. | Torghele, Dan | 19-cv-21034 | Shrager & Sachs | Section I is largely blank.<br><br>XI.A.1 - Failed to provide properly signed, dated, and completed authorization.<br><br>XI.A.6 - Failed to provide properly signed, dated, and completed authorization.<br><br>XI.B.1 - Failed to respond.<br><br>XI.B.6 - Failed to respond. | 3/26/20 | N/A |
| 10. | Smith, Beverly | 20-cv-08837 | PWS | Section 1 is largely blank | 9/2/20 | n/a |

DuaneMorris

October 26, 2020
Page 29

| | | | | | | |
|---|---|---|---|---|---|---|
| 11. | Lacy, James | 20-cv-08852 | PWS | No records demonstrating product ID | 9/2/20 | N/A |
| 12. | Terhune, Danny | 1:20-cv-08211 | Watts Guerra | Markedly deficient PFS. Numerous deficiencies persist after the Amended PFS filing. See Deficiency Notice dated 9/18/20.<br><br>Primary/core deficiencies in the Amended PFS are as follows:<br><br>I.B.1-10. - Failed to provide any information regarding Plaintiff's spouse.<br><br>I.D.4 -7. Did not provide information on other types of cancer, if any. Did not provide information on cancer, staging, metastasis or remission.<br><br>II.B.1-2. Did not provide spouse information and did not state whether loss of consortium claim is being pursued.<br><br>II.C. – No educational history provided.<br><br>II.D.2 – No dates of employment provided.<br><br>II.D.3 – Did not state whether Plaintiff was out of work for health reasons within the last 10 years.<br><br>II.E. – Did not provide any information in military service, if any. | 9/18/20 | N/A |

October 26, 2020
Page 30

DuaneMorris

| | | | | II.F. – Did not answer questions re: workers' compensation/disability claims, if any. | | |
|---|---|---|---|---|---|---|
| | | | | II.G. – Did not answer questions on life insurance denials, if any. | | |
| | | | | II.H. – Did not answer questions about other lawsuits filed, if any. | | |
| | | | | II.I – Did not answer questions on criminal history, if any. | | |
| | | | | II.J – Did not answer questions on computer use. | | |
| | | | | II.K. – Did not answer questions on bankruptcy. | | |
| | | | | III.B.2, 4. – Did not answer questions about receipt of Valsartan samples or oral instructions. | | |
| | | | | III.E. – Did not answer questions about claimed emotional/mental injuries, if any. | | |
| | | | | III.G. – Did not provide amounts of claimed medical expenses. | | |
| | | | | IV.A. – Did not provide dates of treatment with Drs. Altneu and Lee, and did not indicate whether they are current providers. | | |
| | | | | IV.D. – Did not provide dates of insurance coverage with Anthem Blue Cross. | | |



October 26, 2020
Page 31

| | | | | IV.E – Did not provide information on potential witnesses.<br><br>IV.G. – Did not provide information on treatments/providers for other conditions (depression/anxiety, diabetes, hyperlipidemia, HTN, obesity).<br><br>VII.A.2. – Did not provide information on cancer diagnoses that are unrelated to Valsartan. For instance, did not identify type of cancer/primary oncologist for whatever condition required chemotherapy back in 2013.<br><br>VIII. – Incomplete information provided as to family medical history (brother with pancreatic cancer).<br><br>XI.A.1-7. – Did not provide authorizations of any kind.<br><br>XII - Failed to provide signed and dated, declaration. | | |
| 13. | Brings, Grace | 20-CV-08801 | Wiggins, Childs, Pantazis, Fisher & Goldfarb LLC | Entire PFS is blank except for some background/demographic information on the plaintiff and the fraud claim section. The rest of the PFS is deficient, all core deficiencies present.<br><br>See Deficiency Notice, dated 10/12/20. | 10/12/20 | N/A |
| 14. | Welch, Durl | 20-CV-07999 | Watts Guerra | Deficient PFS. Deficiencies persist after the Second Amended PFS filing. See Deficiency Notice dated 9/18/20. | 9/18/20 | N/A |

DuaneMorris

October 26, 2020
Page 32

| | | | | I.D.1 –Provided medical records from Oklahoma Cancer Center, but failed to provide medical records from St. John's Hospital or from Kevin Keller, M.D., demonstrating cancer diagnosis or other alleged injury.<br><br>III.G.a - c - Failed to provide information regarding medical expenses and instead states "will supplement."<br><br>XI.A.1-7. – Did not provide authorizations of any kind.<br><br>XI.B.2 - Pharmacy records and records from Oklahoma Cancer Center were provided, but no additional medical records from identified treating facilities were produced.<br><br>XII - Failed to provide signed and dated declaration. | | |
| 15. | Belcuore, Patrick | 20-cv-07787 | Watts Guerra | Yes. See Deficiency Notice of 9/14/20. All deficiencies remain from 9/14/20 Deficiency Notice except for new sufficient responses to XIB.4 – XI.B.23. All core deficiencies present. | 9/14/20 | N/A |
| 16. | Motta, Edward | 20-cv-08664 | Golomb & Honik, P.C. | I.B.7 – Failed to provide the spouse's complete date of birth. Only a partial date was provided.<br><br>I.C.5-6 – Failed to respond to the requests to identify the lot and batch number(s) of the Valsartan products used by Plaintiff.<br><br>I.C.9 – Failed to respond to the requests to identify the | 9/29/20 | N/A |

DuaneMorris

October 26, 2020
Page 33

| | | | | repackager(s) of the Valsartan products used by Plaintiff.<br><br>I.E.4 – Plaintiff failed to provide the state, court, and case number in relation to Phyllis Motta being appointed as a representative for the decedent. Also, no documents have been produced showing the appointment of Phyllis Motta as a representative for the decedent. Plaintiff's counsel indicated in the 10/13/2020 letter that Plaintiff not yet opened the estate on behalf of the decedent. Please produce said estate documentation as it becomes available.<br><br>III.G.a-G.c – Plaintiff failed to provide substantive responses to the requests regarding medical expenses. Plaintiff states that medical expenses have been requested. Please produce the medical expenses information and the billing records once they become available.<br><br>IV.A.1-5 – It appears that Plaintiff did not identify all health care providers Plaintiff has treated with. The records reflect that Plaintiff treated  with the following providers who are not identified in the PFS: Harold Contreras-Martinez, MD; John Kaiser, MD; John Carroll, MD; Wanghai Zhang, MD; Jennifer Ahearn, MD; Jaiganesh Dorai, MD; Paul Ziino, MD; Peter Kirk, MD; Sonia Shahid, MD; Bassem Nasser, MD; Mark Muetterties, MD; Bill Grossman, MD; Jose | | |

DuaneMorris

| | | | | Bruno Pestana, MD; Donald Sutherland, DO; Gregory Hurlock, MD; Daniel Le, MD; Michael Merport, MD; Michael Hagar, MD; Randy Averback, MD; Randy Kaplan, MD; Mahmood Ahmad, MD; Rashmi Sharma, MD; and Peter Ward, MD.<br><br>IV.B.1-4 – Failed to identify each hospital or facility where Plaintiff has received treatment that attributes to the alleged injuries herein. The following treating facilities are identified in the produced records but are not identified in the PFS: Southcoast Physicians Group; Southcoast Urology; Southcoast Pathology Services; Southcoast Hospitals Group; and Urology Inc.<br><br>XI.A.1 – Failed to produce properly executed and undated health care authorizations for each identified health care provider, treating facility, and pharmacy.<br><br>XI.A.6 – Failed to produce properly executed and undated insurance records authorizations for each identified insurance carrier.<br><br>XI.B.3 – Plaintiff indicated that radiology films were produced. However, no imaging has been produced.<br><br>XI.B.18 – Failed to produce any billing records. Plaintiff stated in the PFS that medical expense | | |
|---|---|---|---|---|---|---|

DuaneMorris

| | | | | records have been requested. Please produce the billing records as they become available.<br><br>XII – Failed to provide a signed and dated declaration with the PFS. | | |
|---|---|---|---|---|---|---|
| 17. | Lue, Monte | 20-CV-08245 | Harrison Davis Steakley Morrison Jones, PC | I.E.4 – Failed to identify the state, court, and case number of where the answering Plaintiff was appointed as a representative for the decedent Plaintiff. Also, no documentation has been produced showing the appointment of Patricia Lue as a representative for the decedent.<br><br>III.G.a – III.G.c – Plaintiff did not provide substantive information regarding Plaintiff's claimed medical expenses. Plaintiff states billing records have been requested. Please provide the medical expense information and billing records as the records become available.<br><br>XI.A.1 – Failed to produce health care authorizations for each identified health care provider, treating facility, and pharmacy. No health care authorizations produced for: Kroger; Maria-Raquel Weaver, MD; Sara Elizabeth Boucher, MD; Zachary Robertson, MD; Dallas Medical Center; Baylor Regional Medical Center at Plano; CVS; Sabrina Stone, MD; Jane Zepeda, MD.<br><br>XI.A.5 – Failed to produce disability records authorization. | 9/24/20 | N/A |

October 26, 2020
Page 36

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | XI.A.6 – Failed to produce properly executed and undated insurance records authorization for the identified carriers. Insurance records produced for the identified insurance carriers, however the produced insurance records authorizations are dated. | | |
| 18. | White, Linda | 20-cv-03885 | Watts Guerra, LLP | I.C.7 - Information provided does not match SFC. Please clarify the discrepancy.<br><br>API Manufacturer named in SFC but not in PFS.<br><br>I.C.8 - Information provided does not match SFC. Please clarify the discrepancy.<br><br>Labeler/Distributor named in SFC but not in PFS.<br><br>I.D.3- Failed to respond.<br><br>Cancer type for 4/19 diagnosis.<br><br>I.D.5 - Failed to respond.<br><br>Highest stage diagnosed for 4/19 diagnosis.<br><br>III.A - Failed to respond.<br><br>Date of first hypertension diagnosis.<br><br>III.G - Failed to respond.<br><br>Medical expenses.<br><br>V.D - Failed to respond.<br><br>Date tobacco use started and amount used. | 7/6/2020 | N/A |

DuaneMorris

| | | | | V.G - Failed to respond | | |
|---|---|---|---|---|---|---|
| | | | | Date of onset, treatment received and outcome for hypertension. | | |
| | | | | X - Failed to respond -- Section X. | | |
| | | | | XI.6 - Failed to produce completed, undated authorization. | | |
| 19. | Noble, Maria | 20-cv-081800 | Watts Guerra LLP | I.D - Failed to respond. | 9/18/2020 | N/A |
| | | | | Section 1.D (alleged injury). | | |
| | | | | II.B.3.b - Failed to respond. | | |
| | | | | Addresses for both children listed. | | |
| | | | | II.F.1 - Failed to respond. | | |
| | | | | Section F (workers comp. and disability claims). | | |
| | | | | III.A.1.a - Failed to respond. | | |
| | | | | When were you first diagnosed with hypertension? | | |
| | | | | Plaintiff offers no response. | | |
| | | | | III.B.3. - Failed to respond. | | |
| | | | | Describe the documents if you no longer have them (valsartan written instructions plaintiff claims to have received). | | |
| | | | | III.B.6 - Failed to provide complete information. | | |
| | | | | Please identify the advertisement or commercial, and state the nature and content of each that | | |

DuaneMorris

October 26, 2020
Page 38

|  |  |  |  | plaintiff claims to have seen in 2018.<br><br>III.E.1 - Failed to respond.<br><br>Information related to the "diagnosed mental or emotional injury" that plaintiff claims to have suffered.<br><br>III.G.b - Failed to respond.<br><br>Date of expenses.<br><br>III.G.c - Failed to respond.<br><br>Expenses.<br><br>IV.A.3 - Failed to respond.<br><br>Dates for consultations by Dr. Henry.<br><br>IV.B.3 - Failed to respond.<br><br>Dates for Javon Bea Hospital.<br><br>IV.B.4 - Failed to respond.<br><br>Reason for treatment at Javon Bea Hospital.<br><br>IV.D.3 - Failed to respond.<br><br>Dates of coverage.<br><br>IV.E - Failed to respond.<br><br>Section IV.E (witnesses).<br><br>V.D.1 - Failed to respond.<br><br>Information related tobacco use.<br><br>V.E.1  - Failed to respond. |  |  |
|---|---|---|---|---|---|---|

DuaneMorris

October 26, 2020
Page 39

| | | | | Type of alcohol consumed. | | |
|---|---|---|---|---|---|---|
| | | | | V.G.3  - Failed to respond. | | |
| | | | | Onset dates for all conditions listed, including hypertension. | | |
| | | | | V.G.4  - Failed to respond. | | |
| | | | | Treatment received and outcome for all conditions listed, including hypertension. | | |
| | | | | VI.A.3 - Failed to respond. | | |
| | | | | Dates for all medications listed. | | |
| | | | | VI.A.6 - Failed to respond. | | |
| | | | | Name and address of pharmacy for all medications listed. | | |
| | | | | VIII.A - Failed to respond. | | |
| | | | | Section VIII (family cancer history). | | |
| 20. | Carnley, Ralph | 20-cv-07946 | Wattas Guerra, LLP | I.C.2 - Failed to attach records.

Documents showing product use.

I.C.3   - Failed to respond.

Dosage of valsartan plaintiff clams to have taken.

I.C.10  - Failed to provide complete information.

Start date of valsartan use.

I.D.5   - Failed to respond. | 9/18/2020 | N/A |

DuaneMorris

| | | | | Highest stage diagnosed for liver and pancreas cancers.<br><br>I.D.6 - Failed to respond.<br><br>Metastasis of Cancer to other Organs?<br><br>I.D.7 - Failed to respond.<br><br>Remission Date (if applicable).<br><br>I.D.8 - Failed to respond.<br><br>Description of treatment for cancers.<br><br>III.G.c - Failed to respond.<br><br>Medical expenses.<br><br>XI.A.1 - Failed to provide properly signed, undated, and completed authorization.<br><br>XI.A.6 - Failed to provide properly signed, undated, and completed authorization.<br><br>XI.B.1, 2, 4, 10 - Failed to attach documents that plaintiff claims to have attached.<br><br>XII - Failed to provide signed and dated, declaration. | | |
| 21. | Creamer, Idea | 20-cv8850 | Parafinczuk Wolf Susen | I.A.1 - Failed to respond. Caption<br><br>I.A.3 - Failed to respond. Name of attorney<br><br>I.B.1 - Failed to respond. Information related to deceased spouse | 9/4/2020 | N/A |

DuaneMorris

October 26, 2020
Page 41

| | | | | I.C.2 - Failed to attach records. Documents showing Valsartan use<br><br>I.C-D - Section C-D are not answered at all<br><br>I.D.1 - Failed to attach records. Medical records showing injury<br><br>I.E.2 - Failed to respond. Address<br><br>I.E.3 - Failed to respond. Capacity in which you are representing the individual<br><br>I.E.4 - Failed to respond. State, court and case number<br><br>II.A.1 - Failed to respond. Medicare health insurance claim number<br><br>II.A.2 - Failed to respond. Name and date<br><br>II.A.3 - Failed to respond<br><br>II.A.4 - Failed to respond<br><br>II.B-K - Failed to respond. Section B-K are not answered at all<br><br>III-X - Failed to respond. Sections III-X are not answered at all<br><br>XI.A.1 - Failed to provide properly signed, undated, and completed authorization<br><br>XI.A.6 - Failed to provide properly signed, undated, and completed authorization | | |

DuaneMorris

October 26, 2020
Page 42

| 22. | Dutton, Gary | 20-cv-08661 | Golomb and Honik | II.D.- Failed to provide complete information. | 9/29/2020 | N/A |
|-----|-----|-----|-----|-----|-----|-----|
| | | | | Dates of employment (plaintiff is claiming lost wages). | | |
| | | | | II.D.- Failed to respond. | | |
| | | | | Pay rate/salary (plaintiff is claiming lost wages). | | |
| | | | | III.F.2, 3       - Failed to respond. | | |
| | | | | Annual gross income (plaintiff is claiming lost wages). | | |
| | | | | III.F.4 - Failed to respond. | | |
| | | | | Total lost income. | | |
| | | | | V.G.1 - Failed to respond. | | |
| | | | | Treatment received and outcome for hypertension. | | |
| | | | | XI.A.1-3, 6 - Failed to provide properly signed, undated, and completed authorization. | | |

**6.      Meet and Confers on Defendant Deponents**

Since the date of the last case management conference, each manufacturer defendant met and conferred with Plaintiffs to discuss the location and languages of priority deponents selected by Plaintiffs. The parties are in the process of scheduling the second round of meet and confers to discuss the Plaintiffs' 30(b)(6) notices and the scheduling of witnesses' depositions.

**7.      Hearing on Defendants' Rule 12 Motion**

Briefing on Defendants' Rule 12 motion is complete, subject to Defendants' request to brief jurisdictional issues. Defendants respectfully request the Court set a date for oral argument on their Rule 12 motions and advise as to whether the Court will be conducting that argument in person or via video conference in light of COVID-19 so that the parties can plan accordingly.

DuaneMorris

October 26, 2020
Page 43

Respectfully submitted,

*/s/ Seth A. Goldberg*

Seth A. Goldberg

cc:    Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
       Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
       Sarah Johnston, Esq. (*via email*)
       Jeffrey Geoppinger, Esq. (*via email*)
       Lori G. Cohen, Esq. (*via email*)
       Clem C. Trischler, Esq. (*via email*)