# EXHIBIT D

**From:** "David J. Stanoch"
**Date:** October 16, 2020 at 4:21:53 PM EDT
**To:** "Goldberg, Seth A." , "Bazan, Rebecca"
**Cc:** Conlee Whiteley , Adam Slater
**Subject: RE: Valsartan MDL - Defendants' draft Rule 34 requests to economic loss plaintiffs**

Seth,

Thank you for confirming on our brief call today that Defendants' draft Rule 34 requests the parties are currently discussing are aimed at economic loss plaintiffs only, not medical monitoring plaintiffs. But, because we understood you to say that Defendants believe the class depositions will involve both economic loss and medical monitoring plaintiffs, do you expect to serve additional Rule 34 requests on the medical monitoring plaintiffs and if so, when?

In terms of the draft Rule 34 requests to the economic plaintiffs, while we would have preferred to address the consumer side on our call earlier today, we understand if your side needed more time to discuss internally. In the meantime, as promised, below is our response for economic loss TPP plaintiffs.

We separately responded to your other message about times to meet and confer on Monday or Tuesday for a call on which we may discuss the consumer and TPP issues (we said Tuesday at 11am eastern).

*General Request No. 1 -- Insurance Plans*: The TPP plaintiffs object to this request as seeking information not relevant to any party's claims or defenses. Further, this request is duplicative of the requests made to the consumer plaintiffs and defendants could have, but did not, obtain those records through the authorizations that the consumer plaintiffs executed. In addition, MADA has already produced the following with its PFS: Attachment F – Maine Automobile Dealers Association Insurance Trust/Group Medical Plans/March 1, 2019.

*General Request No. 2 -- Pharmacy Benefits Management and Plan Administration Agreements*: The TPP plaintiffs object to this request as duplicative of the PFS and document demands therein, unduly burdensome, and disproportionate to the needs of the case. Nonetheless, with respect to MSP, in accordance with the Court's October 16, 2019 order, MSP collected and produced the PBM contract for Emblem, Connecticare, and Summacare. The Court expressly held that this was sufficient for class certification purposes, and without any further showing by the defendants, there is no legitimate justification to reconsider that ruling. *See* October 16, 2019 Order ( "The Court's ruling is that it agrees with MSP. For present purposes, MSP and MADA will answer the TPP fact sheet; that MSP shall answer question III(a)(1) for the three assignors who make up 61 or 62 percent of their claim. They shall provide the identities of all 65 assignors, and if requested by defendants, give the assignments for all 65."); ("The Court: So let's – let's take it with the Court's prior ruling. We have the three assignors. Do you just want the contracts between the three assignors and the PBMs? MS. Lockard: At this point, given the Court's prior ruling, yes."). As for MADA, it incorporates the same objections and further states that MADA has already produced the following with its PFS: Attachment D – Administrative Services Agreement between the Maine Automobile Dealers Association, Inc. Insurance Trust and

Anthem Health Plans of Maine, Inc.; and Attachment E – Amendment 3 to the Administrative Services Agreement with Maine Automobile Dealers Association Insurance Trust "Plan Sponsor".

***General Request No. 3 -- Transaction Prices***: TPP plaintiffs incorporate their response to General Request No. 2. Moreover, the TPP plaintiffs collected and produced all information relating to the payments that they made for VCDs or alternative blood pressure medications. MADA has no records of rebates specific to VCDs.

***General Request No. 4 -- Insured Records***: The TPP plaintiffs object to this request as seeking information not relevant to any party's claims or defenses. Further, this request is unduly burdensome and disproportionate to the needs of case. Moreover, this request is duplicative of the requests made to the consumer plaintiffs and defendants could have, but did not, obtain those records through the authorizations that the consumer plaintiffs executed. MADA has already produced the following with its PFS: Attachment F – Maine Automobile Dealers Association Insurance Trust/Group Medical Plans/March 1, 2019.

***General Request No. 5 -- Formularies***: The TPP plaintiffs incorporate their response to General Request No. 2. Further, MSP produced all formulary documents from the Court-ordered assignors. As stated in the MADA PFS, MADA000227, Anthem maintains the formulary for the plan and insureds are directed to www.anthem.com.

***General Request No. 6 Payment Terms***: The TPP plaintiffs incorporate their response to General Request No. 2. Further, MSP produced all formulary documents showing the applicable tier and co-pays. For example, Emblem lists valsartan as a Tier 2 drug, which is a non-preferred generic drug that requires a $10 copayment (*see, e.g.*, the chart below). MADA has already produced the following with its PFS: Attachment A - Spreadsheet of Purchases of Recalled Valsartan Products by MADA Members. Attachment A shows the copayment for each transaction. The formulary and the plan itself reveal the copayment terms for each tier.

**For VIP (HMO), Essential (HMO), VIP High Option (HMO) and Advantage PPO**

| Tier | Tier Name | Initial Coverage Stage | Coverage Gap Stage | Catastrophic Coverage Stage |
|---|---|---|---|---|
| Tier 1 | Preferred Generic Drugs | $0 copayment | 65% coinsurance of the price for generic drugs | 5% of the drug cost* |
| Tier 2 | Non-Preferred Generic Drugs | $10 copayment | 65% coinsurance of the price of the drug | 5% of the drug cost* |
| Tier 3 | Preferred Brand Drugs | $40 copayment | 45% of the price (plus dispensing fee) for brand drugs | 5% of the drug cost* |
| Tier 4 | Non-Preferred Brand Drugs | $95 copayment | 45% of the price (plus dispensing fee) for brand drugs | 5% of the drug cost* |
| Tier 5 | Specialty Drugs | 33% coinsurance | 45% of the price (plus dispensing fee) for brand drugs and 65% coinsurance of the price for generic drugs | 5% of the drug cost* |

*After you have paid $4,700 out-of-pocket, you will pay the greater of $2.65 or 5% for generic drugs or a drug treated like a generic, and the greater of $6.60 or 5% for all other drugs.

*General Request No. 7 -- Safety Assessments*: The TPP plaintiffs object to this request as duplicative of the PFS, and not relevant to any party's claims or defenses. Further, MSP collected and produced all safety assessments from the Court-ordered assignors, to the extent they exist. MADA already produced all safety assignments from Court-ordered assignors, to the extent they exist.

*General Request No. 8 -- Alternatives*: The TPP plaintiffs object to this request as duplicative of the PFS, and not relevant to any party's claims or defenses. The parties expressly negotiated a "replacement drug" list and MSP produced information as to whether the Court-ordered assignors covered and paid for those replacement drugs.

*General Request No. 9 -- Warranties*: The TPP plaintiffs object to this request as duplicative of the PFS. Moreover, this request is irrelevant for purposes of class certification. Additionally, the complaint identifies warranties that the TPPs claim Defendants breached.

*General Request No. 10 -- Notices*: The TPP plaintiffs object to this request as duplicative of the PFS. Moreover, this request is irrelevant for purposes of class certification.

3

***General Request No. 11 -- Damages***: The TPP plaintiffs incorporate their response to General Request No. 2. Moreover, the TPP plaintiffs collected and produced all information relating to the payments that they made for VCDs or alternative blood pressure medications. The TPP plaintiffs further incorporate the consumer plaintiffs' response. TPPs produced purchases and payments it made for VCDs or alternative blood pressure medications. Those are the damages and TPPs are seeking that money back. *See also* consumer plaintiffs' objections which are incorporated herein re prematurity, contention, and privilege/

Regards,

Dave

David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
www.kanner-law.com


**From:** David J. Stanoch
**Sent:** Friday, October 16, 2020 11:00 AM
**To:** Goldberg, Seth A. ; Bazan, Rebecca
**Cc:** Conlee Whiteley ; Adam Slater
**Subject:** Valsartan MDL - Defendants' draft Rule 34 requests to economic loss plaintiffs

Seth,

In advance of our meet and confer call concerning Defendants' draft Rule 34 requests to economic loss plaintiffs, we address Defendants' recently-narrowed categories of requested documents below. As we stated with regard to the original requests during our prior meet and confer, many of these requests are objectionable in that they are duplicative, irrelevant, premature, privileged, publicly or otherwise equally available, and/or inappropriate in that they are contention requests or seek information that will come from plaintiffs' experts during class briefing.

- **Economic Loss Consumer Plaintiffs**

    o *Warranties:* Plaintiffs object to this request as duplicative of the PFS and document demands therein. Nonetheless, Plaintiffs have searched for and produced all responsive documents, if any.

    o *Notices:* Plaintiffs object to this request as duplicative of the PFS and document demands therein. Further, any notices sent to a Defendant would be equally available to Defendants themselves. Nonetheless, Plaintiffs have searched for and produced all responsive documents, if any.

4

- o *Insurance:* Plaintiffs object to this request as duplicative of the PFS and document demands therein. Plaintiffs further object to this request as seeking information not relevant to any party's claims or defenses. Further, Plaintiffs have provided authorizations for Defendants to obtain full copies of Plaintiffs' health insurance records. In addition, potentially responsive documents are publicly available. Regardless, Plaintiffs either will confirm that all responsive documents in their possession, if any, have been produced, or will produce them.

- o *Deductibles:* Plaintiffs object to this request as duplicative of the PFS and document demands therein. Plaintiffs further object to this request as seeking information not relevant to any party's claims or defenses. Further, Plaintiffs have provided authorizations for Defendants to obtain full copies of Plaintiffs' health insurance records. In addition, potentially responsive documents are publicly available, and equally available to certain Defendants. Plaintiffs must hear from Defendants about how deductibles are relevant to any party's claims or defenses.

- o *Physical Injury:* Plaintiffs object to this request as seeking information not relevant to any party's claims or defenses. The Economic Loss Master Complaint does not seek damages specifically for physical injury. Even if this were not the case, Plaintiffs provided authorizations for Defendants to obtain full copies of Plaintiffs' health provider records. Regardless, what specific types of documents would Defendants expect in response to this request? Medical records in Plaintiffs' possession?

- o *Diminished Effectiveness:* Plaintiffs object to this request as seeking information not relevant to any party's claims or defenses. The Economic Loss Master Complaint does not seek damages specifically for physical injury. Even if this were not the case, Plaintiffs provided authorizations for Defendants to obtain full copies of Plaintiffs' health provider records. Regardless, what specific types of documents would Defendants expect in response to this request? Medical records in Plaintiffs' possession?

- o *Any Other Documents for Class Certification:* Plaintiff object to this request as a premature contention interrogatory, given that Defendants' productions are ongoing, no single custodian file has been completed, and expert disclosures and class certification motions are not yet scheduled or due. Plaintiffs further object to this request as invasive of the attorney work product doctrine or attorney-client privilege. Plaintiffs further object to this request as duplicative of the PFS and documents demands therein. Regardless, Plaintiffs have produced all non-privileged, non-public responsive documents of which they are currently aware and which are in their possession.

- o *Disclosure of Financial Interests:* Plaintiffs object to this request as seeking information not relevant to any party's claims or defenses, and as inconsistent with the Court's September 18, 2019 Order (ECF 221). Regardless, Plaintiffs are unaware of any responsive documents.

5

       o   *Documents re Plaintiffs' Damages:* Plaintiffs object to this request as a premature contention interrogatory, given that Defendants' productions are ongoing, no single custodian file has been completed, and expert disclosures and class certification motions are not yet scheduled or due. Plaintiffs further object to this request as invasive of the attorney work product doctrine or attorney-client privilege. Plaintiffs further object to this request as duplicative of the PFS and documents demands therein (including but not limited to multiple demands for purchases records, receipts, explanations of benefits, etc.). Expert reports will be submitted and Defendants will have an opportunity to depose Plaintiffs' class certification expert(s), including any expert as to damages, at an appropriate time directed by the Court. Plaintiffs specifically object to Defendants' suggestion that Plaintiffs or their counsel compile and create any documents that do not otherwise exist. Further, Plaintiffs have already produced responsive documents, if any (e.g., pharmacy records, etc.), in their possession. Finally, Plaintiffs have provided authorizations for Defendants to obtain full copies of Plaintiffs' pharmacy, health insurance, and medical records.

We will follow-up with a separate communication as to the TPP plaintiffs.

We look forward to speaking with you later today.

Regards,

Dave

David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
www.kanner-law.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.