# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
───────
*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

October 27, 2020

**_VIA ECF_**

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, NJ 08101

Honorable Joel Schneider, U.S.M.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, NJ 08101

Re: IN RE: VALSARTAN, LOSARTAN, & IRBESARTAN PRODUCTS LIABILITY LITIGATION
Civil No. 19-2875 (RBK/JS)

Dear Judge Kugler and Judge Schneider:

Plaintiffs submit the following supplemental letter in advance of the October 28, 2020 case management conference, specifically, with respect to the arguments Defendants raise on the Rule 34 requests directed to the third-party payor plaintiffs (the "TPP plaintiffs").

Contrary to Defendants' assertion as to Plaintiffs' protestations about the timeliness of the Rule 34 requests, immediately after the Court's ruling, Plaintiffs began the meet and confer process with Defendants on both consumer class and TPP discovery requests. Two weeks ago, counsel for TPPs and consumers sent Defendants a detailed email response to the summary categories of documents Defendants identified in their letter to the Court earlier that same week. Defendants

Honorable Robert Kugler, U.S.D.J.
Honorable Joel Schneider, U.S.M.J.
October 27, 2020
Page 2

were unprepared during an October 16th meet and confer to discuss any TPP issues and asked that the parties re-schedule. Plaintiffs accommodated Defendants. Last week, counsel for two TPP plaintiffs—MSP Recovery Claims, Series LLC ("MSPRC") and Maine Automobile Dealers Association, Inc. ("MADA")[1]—participated in an hour-and-a-half meet and confer regarding the Rule 34 requests. During that call, counsel responded to written questions (prepared and shared in advance by defense counsel) covering a wide range of topics, including MSPRC's corporate structure, Plaintiffs' damages model, and the composition of MSPRC's other non-party assignors that the master complaint did not name or put at issue which, as of March 3, 2020, totaled 91.

When counsel for MSPRC asked defense counsel to identify any specific deficiencies for the three largest assignors that the master complaint *did* name and put at issue—Emblem, Connecticare, and Summacare (the "named assignors")—none were provided. Plaintiffs did not "cherry pick" these three, as Defendants state in their letter. They are the largest non-party assignors with the most information and documents, which is why the Court, last October, authorized discovery only as to them.[2] *See* D.E. 283. For all practical purposes, it is as if Emblem, Connecticare and Summacare are named plaintiffs themselves. MSPRC, on behalf of these three

---

[1] Two other TPPs have filed identical cases in this MDL. They are (1) Employers and Laborers Locals 100 and 397 Health and Welfare Fund ("Locals 100 and 397 Fund") and (2) Steamfitters Local 439 ("Steamfitters Fund").

[2] MSPRC produced in March of this year, payment data for the named assignors demonstrating $45,670,556.05 in payments for worthless, contaminated valsartan, on behalf of 134,117 insureds, arising from 490,529 claims. For each payment, MSPRC provided the years for which the health plan covered the insured, the insured's policy number, the product type, line of business, drug name, NDC code, cost to recipient, and cost to insurer. MSPRC also provided co-pay data, showing that the total pharmacy co-pays for the payments at issue were $4,934,073.11. MSPRC also produced 2,055 pages of documents, including the pharmacy benefits manager contracts which Defendants, for the first time—in their letter to the Court—complain contain improper redactions.

Honorable Robert Kugler, U.S.D.J.
Honorable Joel Schneider, U.S.M.J.
October 27, 2020
Page 3

assignors, fully complied with the discovery obligations such as fact sheet completion and document production on behalf these three named assignors more than eight months ago. MSPRC's counsel hoped on the meet and confer to discuss what Defendants did not get from the named assignors and what supplemental documents they needed pursuant to Rule 34 requests. Defendants could not answer that question in the meet and confer process. In fact, when pressed by MSPRC's counsel, Defendants could not state any specific missing documents or deficiencies.

The next day, counsel for the Defendants wrote Plaintiffs, thanking them for "the helpful call yesterday" and asking them to "extend our thanks to counsel for the TPPs." Defense counsel also noted that, "as TPP counsel requested, we will be sending a separate email more specifically identifying the areas where the TPPs productions of information in response to the [plaintiff fact sheets] are incomplete," and asked for the email address "for counsel for the TPPs so that we can include them on that email." *See* October 24, 2020 Email, attached as **Exhibit A**. Of course, this is entirely consistent with what Plaintiffs have said all along—Defendants did not even begin to do their homework until this late stage when class certification depositions are set to begin.

Defense counsel also proposed in the email that the parties provide the following response to the Court in the submissions that were due yesterday:

> Given the progress the parties have made in discussing the scope of the TPPs' PFS and Rule 34 requests, we propose the parties report to the Court in our submissions for Wednesday that we have reached agreement as to the consumer class representative Rule 34 requests, have had productive discussions regarding the TPP PFS and Rule 34 Requests, and believe that we can reach agreement as to the TPP Rule 34 Requests over the next two weeks. Please let us know if that is acceptable.

*Id*. Plaintiffs submitted to the Court the above statement. Defendants, however, did not.

Honorable Robert Kugler, U.S.D.J.
Honorable Joel Schneider, U.S.M.J.
October 27, 2020
Page 4

Indeed, Plaintiffs filed their letter indicating their agreement nearly two hours before Defendants filed theirs. Defendants therefore knew that Plaintiffs had relied on Defendants' proposal but deliberately filed something else at the last minute. In their letter, Defendants purport to raise fact sheet deficiencies after they (1) failed to raise them on the meet and confer and (2) failed to send those purported deficiencies to Plaintiffs' counsel, as was promised (putting aside the fact that the Defendants purport to raise these deficiencies more than eight months after the TPPs submitted the fact sheets and produced data and documents).

Because Plaintiffs relied on Defendants' representation, it would be unfair and improper for Defendants to push their issues forward without fulsome briefing from both sides. Accordingly, Plaintiffs respectfully request that the Court allow the parties to finish their meet and confer, after which we will submit to the Court what Rule 34 issues remain.

Thank you for your courtesies and consideration.

Respectfully,

ADAM M. SLATER