**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|   |   |   |
|---|---|---|
| | : | |
| IN RE: VALSARTAN, LOSARTAN, AND | : | HON. ROBERT B. KUGLER |
| IRBESARTAN PRODUCTS LIABILITY | : | Civil No. 19-2875 (RBK/JS) |
| LITIGATION | : | |
| | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, _____20 / 21, after consideration of the

Aurobindo Defendants' and Torrent Defendants' Motion for a Protective Order directed to Alcame

Corporation, AXIS Clinicals, Catalent, Gibralter Laboratories, Inc., Medical Affairs Company,

Meridian Consulting, Novartis Pharmaceutical, Peritt Laboratories, Rising Pharmaceuticals, SDS

Environmental Services, ToxRox Consulting, LLC, and any response in opposition thereto, it is

hereby **ORDERED** and **DECREED** that said Motion is granted. It is further **ORDERED** that:

1. All subpoenas seek information beyond the Scope of Discovery as provided by Federal Rule of Civil Procedure 26(b)(1).

2. All Subpoenas seek information beyond the Scope of Discovery as limited by this Court's previous Order regarding Confidentiality and Macro Discovery.

3. A Protective Order is hereby entered and shall be followed accordingly:

   - Defendants are permitted to examine all responses, including documents, communications, etc. received from the Third Parties in response to the subpoenas prior to plaintiffs' receipt.

   - No later than forty-five (45) days after the receipt of the documents in response to the subpoenas, Defendants shall produce all documents, communications, etc. not subject to this Court's Orders regarding Confidentiality and Macro Discovery. Additionally, defendant shall examine the contents and shall produce a privilege log of all documents withheld from production on the basis of the attorney-client privilege, the work product doctrine, as well as documents that contain proprietary information and otherwise related to trade secrets.

_____

J. Schneider