# Exhibit I

2014 WL 716521
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

H. Cristina CHEN–OSTER; Lisa
Parisi; and Shanna Orlich, Plaintiffs,

v.

GOLDMAN, SACHS & CO. and the
Goldman Sachs Group, Inc., Defendants.

No. 10 Civ. 6950(AT)(JCF).
|
Feb. 18, 2014.

*MEMORANDUM AND ORDER*

JAMES C. FRANCIS IV, United States Magistrate Judge.

**\*1** The plaintiffs in this employment discrimination case, brought as a class action, have submitted a letter dated February 6, 2014, seeking to compel the defendants to produce all documents identified by a computerized search tool that utilized a series of search terms agreed to by the parties. The defendants respond that they have produced all such documents that are non-privileged and responsive to the discovery requests propounded by the plaintiffs, as limited by the defendants' objections. The plaintiffs contend that the defendants are obligated to produce all documents returned by the search without exercising further judgment with respect to responsiveness.

Traditionally, parties to a litigation have engaged in discovery by means of requests and responses: the requesting party defines those documents it considers relevant, and the responding party searches for them by whatever means it chooses and then produces those responsive to the request, subject to any objections. In light of the availability of technology-assisted review, another model is possible. The parties can simply agree on the search methodology, for example by stipulating to search terms, with the understanding that all documents (except those containing privileged information) shall be produced. This approach essentially elides the search process with the substantive determination of relevance, and it has the advantage of saving resources for the producing party, which need not conduct a further review for responsiveness.

Here, the parties engaged in a hybrid approach. The plaintiffs propounded document requests and the defendants responded, in some cases objecting to the scope of the request but indicating that they would produce a more narrowly-defined set of documents. Counsel then discussed and eventually agreed on search terms to be applied to the documents maintained in electronic form by identified custodians. There is no evidence that the parties agreed- and I did not order-that documents identified by the search tool would be produced without regard to whether they were relevant as defined by the earlier discovery demands and responses. This is not to say that the plaintiffs did not derive some benefit from negotiating the search protocol to be applied to the defendants' documents: they were able to assure themselves that the resulting search would be broad enough to capture the vast majority of responsive documents. But agreement to the protocol did not override the discovery demands and responses, and it is too late in the day for the plaintiffs to contest the scope defined by the defendants' objections, which were served in January 2011.

Accordingly, the plaintiffs' application is denied.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 716521

---

End of Document

© 2020 Thomson Reuters. No claim to original U.S. Government Works.