# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | § § § § § § § § | **No. 1:19-md-2875-RBK** **Hon. Robert Kugler** **Hon. Joel Schneider** |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO ECONOMIC LOSS CLASS ACTION PLAINTIFF CONSUMER CLASS REPRESENTATIVE ALPHONSE BORKOWSKI [OR OTHER CLASS REPRESENTATIVE]**

The undersigned, on behalf of all defendants named in the operative Economic Loss Master Complaint [ECF No. 398], and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby request that Plaintiff Alphonse Borkowski [or other class representative plaintiff] respond and produce for inspection and copying the following documents, electronically stored information, materials, and tangible things in his/her possession, within thirty (30) days after service hereof, as provided by the Parties' agreement to electronic service in this case.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to each and every part of these Requests as if fully set forth therein:

1.      "Plaintiff," "You," or "Your," means Alphonse Borkowski [or other class representative plaintiff], acting individually or jointly with any other person or entity, as well as any person acting on his or her behalf in any capacity, including his or her attorneys, or any employee, agent, investigator, or representative of his or her attorneys.

2.      "Defendant" or "Defendants" means each and every Defendant in the Complaint.

1

3.    "Complaint" means the Consolidated Second Amended Economic Loss Class Action Complaint filed in this case on March 13, 2020, as part of the consolidated MDL No. 2875 in the U.S. District Court for the District of New Jersey, captioned *In Re: Valsartan, Losartan, and Irbesartan Products Liability Litigation* [ECF No. 398].

4.    "Health Care Provider" or "Health Care Providers" means any physicians, dentists, psychologists, psychiatrists, mental health care providers, nurses, nurse practitioners, physician assistants, therapists, social workers, pharmacists, substance abuse treatment personnel, counselors, and all other providers of services for the purposes of diagnosing, treating, stabilizing, managing, or otherwise affecting the physical or mental health of a person.  "Health care provider" or "health care providers" also includes hospitals, clinics, pharmacies, and any other entity that employs or contracts with individual or groups of Health Care Providers for the delivery of health care services including prescribing or filling prescriptions for prescription drugs.

5.    "VCD" means any drug or combination drug containing valsartan.

6.    "Blood pressure medication" means any drug or pharmaceutical product prescribed and/or taken for the treatment of high blood pressure/hypertension.

7.    "Relate to," "related to," "relating to," or "reflecting" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

8.    "Relevant Time Period" shall mean January 1, 2012 through the present, and all Requests, unless otherwise specified, seek the requested documents that were created, in effect and/or are related to the Relevant Time Period.  The definition and scope of the term Relevant Time Period does not constitute an admission by Defendants or evidence with respect to the

appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving VCDs or other blood pressure medications.

9.    Each Request shall be construed as being inclusive rather than exclusive.  The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.  The present tense shall include the past and future tenses.  The singular shall include the plural, and the plural shall include the singular.  The masculine includes the feminine and neutral genders.

10.    "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind,

including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

11.     The documents requested herein shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

12.     "Electronically stored information" or "ESI" shall have the same definition as is utilized in the Electronic Discovery Protocol in this case [ECF No. 127], and the production of ESI should be made in conformance with that Protocol.

13.     "Formulary" and "Preferred Drug List" mean the formulary, preferred drug list, or other list of prescription drugs that are covered by the Plan(s) or Group Insurance Policies, including any tiers or levels of preference in which drugs are categorized, and all amendments, modifications, supplements, or revisions thereto.

14.     "Contract(s)" and "Agreement(s)," when referring to Plans or Group Insurance Policies, shall include but not be limited to ERISA or government Plan (including but not limited to Medicare or Medicare Advantage) documents; Documents setting forth the terms of any Plan, Group Insurance Policy, and/or Policies; master group agreements; administration agreements; administrative services agreements; claims administration agreements; benefit agreements; benefit description documents; and other documents setting forth the terms and conditions related to the operation and administration of the agreements requested and all amendments, modifications, supplements, or revisions thereto.

15.     "Summary of Benefits" means any and all summary of benefits or coverage, schedule of benefits or coverage, explanation of benefits or coverage, subscriber certificates, or any other summary of benefits available to You with respect to any Plan Agreement or Group Insurance Policy Agreement.  The term "Summary of Benefits" shall include any amendments thereto.

16.     "Summary Plan Description" means the legally required document which conveys, in summary fashion, information relating to any Plan.

17.     "Subscriber Certificate" means any Document describing the coverage available to you under any Plan or Group Insurance Policy and/or bearing a certification that you are entitled to coverage under such Plan or Group Insurance Policy.  This definition includes any handbook, guide, or other description(s) of your Plan or Group Insurance Policy accompanying or serving as a Subscriber Certificate.

18.     "Annual Notice of Change," when referring to a government Plan, means any document that states any changes in coverage, costs, service area, or any other matter relating to the Plan.

19.     "Evidence of Coverage," when referring to a government Plan, means any document that states how much You pay, what Your Plan covers, or any other information discussing the benefits or costs to you associated with any government Plan by which You were covered during the Relevant Time Period.

20.     "Group Insurance Policies" means any and all health insurance policies that provide for payment, reimbursement, and/or coverage for prescription drugs for or on behalf of You, whether offered by, though, or on behalf of any employer, employee organization, or any employees thereof; union or its members; or other policyholders, subscribers, beneficiaries,

participants, or other third parties.

21.     "Plan" means any and all health benefit, care or insurance plans that provide for the payment, reimbursement, and/or coverage for prescription drugs for or on behalf of You, whether offered by, though, or on behalf of the government or any employer, employee organization, or any employees thereof; unions or its members; or other policyholders, subscribers, beneficiaries, participants, or other insurance companies or other third parties.

22.     You are required to produce all responsive documents that are within Your possession.  The potential availability of any Document by way of subpoena, public record access, authorization for release, or via another source does not excuse Your obligation to produce materials in Your possession.

23.     You must respond in writing and separately to each Request.  If no such Documents are within Your possession, custody or control, so state affirmatively.  If You have searched for and produced all Documents within Your possession that are responsive to a request as part of the Plaintiff Fact Sheet process, so state affirmatively.

24.     These Requests seek only non-privileged information.  However, if any document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided that complies with the privilege log requirements of the Electronic Discovery Protocol in this case [ECF No. 127].

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents reflecting any express warranty You claim was made and breached by any Defendant to You with respect to the VCDs that You purchased.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents reflecting notice given by You or on Your behalf to any Defendant, prior to your initiation of litigation against any such Defendant(s), regarding Your contention that any warranty had been breached in relation to the VCDs that You purchased or in relation to Your contention that the VCDs that You purchased were defective. This request does not seek any previously produced communications or correspondence between You and any representative of any Defendant regarding the valsartan recall (i.e., documents responsive to Request No. 11 in the Plaintiff's Fact Sheet You completed).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All Documents comprising Plans or Group Insurance Policies under or pursuant to which You were provided or offered prescription drug benefits, coverage, or discounts, including but not limited to any Summary of Benefits, Summary Plan Descriptions, Subscriber Certificate, Evidence of Coverage, and/or Annual Notice of Change covering any portion of the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All Formularies and/or Preferred Drug Lists applicable to any Plan or Group Insurance Policy under or pursuant to which You were provided or offered prescription drug benefits, coverage, or discounts during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  All Documents reflecting any schedule of payments (e.g., deductibles, copayments, or coinsurance payments) You owed or would have owed pursuant to any Plan or Group Insurance Policy in connection with the purchase of any VCD or other blood pressure medication during the Relevant Time Period.  If You did not have prescription drug benefits or coverage to cover any portion of the cost of VCDs and You paid out-of-pocket prices for VCDs, state so affirmatively.  This request does not seek the production of every document reflecting an actual payment by You or on Your behalf for VCDs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  Documents sufficient to indicate, for each year (or other applicable period pursuant to your Plan or Group Insurance Policy) during which You were covered by a Plan or Group Insurance Policy during the Relevant Time Period, whether You met (e.g., fully paid) your annual "out-of-pocket" maximum (or deductible) for prescription drugs.  If You did meet your "out-of-pocket" maximum or deductible for any given year (or other applicable time period) during the Relevant Time Period, produce Documents sufficient to indicate the amount of Your "out-of-pocket" maximum or deductible and the date on which you met it.  If You did not meet your "out-of-pocket" maximum or deductible for any given year (or other applicable time period) during the Relevant Time Period, produce Documents sufficient to indicate the total amount You paid toward your "out-of-pocket" maximum or deductible for that time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  To the extent You claim that any VCDs You purchased were ineffective at treating (or helping to treat) Your hypertension or other medical condition for which they were prescribed, produce all Documents that You contend support Your

claim of ineffectiveness.  This request seeks Documents which directly refer to any alleged ineffectiveness of the VCDs You purchased and does not seek Documents generally referring to any product recall or the alleged presence of any nitrosamine.  If You do not claim that any VCDs You purchased were ineffective at treating or helping to treat Your hypertension or other medical condition for which they were prescribed, state so affirmatively.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  All documents reflecting Your blood pressure readings or health effects/benefits caused by any VCDs or other blood pressure medications You took, whether prepared by a health care provider, You, or any other person or entity.  The time period covered by this request is from January 1, 2010 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  All documents relating to or evidencing any bodily injury or damage to person or property (other than money allegedly lost due to the purchase of VCDs) that You claim, allege, or believe was caused by or is attributable to the VCDs that You purchased.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  All Documents not previously produced that reflect, support, or indicate Your alleged out of pocket damages, the amount of any alleged diminution in value of the VCDs, and/or the value of the loss of benefit of any alleged bargain you claim to have made with any Defendant regarding the VCDs.  In responding to this request, You do not have to search for or produce bank statements or credit card statements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**   All Documents not previously produced that support your allegations that the numerosity, commonality, typicality, and adequacy of representation requirements of Fed. R. Civ. P. 23(a) have been met (*see* Complaint at ¶¶ 428-432). This request does not call for production of documents protected by the attorney client privilege or work product doctrine.

**RESPONSE:**


Dated:  October 27, 2020

                                        /s/ *Seth A. Goldberg*
                                                Seth A. Goldberg, Esq.
                                                *Lead Counsel and Liaison Counsel*
                                                *for Defendants*

                                        DUANE MORRIS LLP

                                        Seth A. Goldberg, *Lead Counsel and Liaison*
                                        *Counsel for Defendants*
                                        Barbara A. Schwartz
                                        Coleen W. Hill (DE #6287)
                                        Nathan B. Reeder
                                        30 South 17th Street
                                        Philadelphia, PA 19103
                                        Tel.:  (215) 979-1000
                                        Fax:  (215) 979-1020
                                        SAGoldberg@duanemorris.com
                                        BASchwartz@duanemorris.com
                                        NBReeder@duanemorris.com

                                                *Attorneys for Zhejiang Huahai*
                                                *Pharmaceutical Co., Ltd., Prinston*
                                                *Pharmaceutical Inc., and Solco*
                                                *Healthcare US, LLC*

                                        PIETRAGALLO   GORDON   ALFANO
                                        BOSICK & RASPANTI, LLP

                                        Clem C. Trischler, *Lead Counsel for*
                                        *Defendants*

Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel.:  (412) 263-2000
Fax:  (412) 263-2001
CCT@pietragallo.com
JMR@pietragallo.com

*Attorneys for Mylan Laboratories, Ltd. and Mylan Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.:  (678) 553-2385
Fax:  (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.:  (312) 476-5056
Fax:  (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.:  (215) 988-7864
Fax:  (215) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA Inc., Teva Pharmaceutical Industries, Ltd., Actavis LLC, and Actavis Pharma, Inc.*

ULMER & BERNE LLP

Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
600 Vine Street
Suite 2800
Cincinnati, OH 45202-2409
Tel.: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ulmer.com

*Attorney for AmerisourceBergen Corporation*