# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE: VALSARTAN, LOSARTAN, | § | No. 1:19-md-2875-RBK |
| AND IRBESARTAN PRODUCTS | § | Hon. Robert Kugler |
| LIABILITY LITIGATION | § | Hon. Joel Schneider |
| | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO MEDICAL**
**MONITORING CLASS ACTION PLAINTIFF CLASS REPRESENTATIVE JOHN**
**JUDSON [OR OTHER CLASS REPRESENTATIVE]**

The undersigned, on behalf of all defendants named in the operative Medical Monitoring Master Complaint [ECF No. 123], and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby request that Plaintiff John Judson [or other class representative plaintiff] respond and produce for inspection and copying the following documents, electronically stored information, materials, and tangible things in his/her possession, within thirty (30) days after service hereof, as provided by the Parties' agreement to electronic service in this case.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to each and every part of these Requests as if fully set forth therein:

1. "Plaintiff," "You," or "Your," means John Judson [or other class representative plaintiff], acting individually or jointly with any other person or entity, as well as any person acting on his or her behalf in any capacity, including his or her attorneys, or any employee, agent, investigator, or representative of his or her attorneys.

2. "Defendant" or "Defendants" means each and every Defendant in the Complaint.

1

3.      "Complaint" means the Consolidated Amended Medical Monitoring Class Action Complaint filed in this case on June 17, 2019, as part of the consolidated MDL No. 2875 in the U.S. District Court for the District of New Jersey, captioned *In Re: Valsartan, Losartan, and Irbesartan Products Liability Litigation* [ECF No. 123].

4.      "Health Care Provider" or "Health Care Providers" means any physicians, dentists, psychologists, psychiatrists, mental health care providers, nurses, nurse practitioners, physician assistants, therapists, social workers, pharmacists, substance abuse treatment personnel, counselors, and all other providers of services for the purposes of diagnosing, treating, stabilizing, managing, or otherwise affecting the physical or mental health of a person.  "Health care provider" or "health care providers" also includes hospitals, clinics, pharmacies, and any other entity that employs or contracts with individual or groups of Health Care Providers for the delivery of health care services including prescribing or filling prescriptions for prescription drugs.

5.      "VCD" means any drug or combination drug containing valsartan.

6.      "Blood pressure medication" means any drug or pharmaceutical product prescribed and/or taken for the treatment of high blood pressure/hypertension.

7.      "Relate to," "related to," or "relating to," or "reflecting" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

8.      "Relevant Time Period" shall mean January 1, 2012 through the present, and all Requests, unless otherwise specified, seek the requested documents that were created, in effect and/or are related to the Relevant Time Period.  The definition and scope of the term Relevant Time Period does not constitute an admission by Defendants or evidence with respect to the

appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving VCDs or other blood pressure medications.

9.      Each Request shall be construed as being inclusive rather than exclusive.  The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.  The present tense shall include the past and future tenses.  The singular shall include the plural, and the plural shall include the singular.  The masculine includes the feminine and neutral genders.

10.      "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind,

3

including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings.  The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept.  All documents should be produced without alteration and with any and all exhibits and attachments thereto.  The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

11.    The documents requested herein shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

12.    "Electronically stored information" or "ESI" shall have the same definition as is utilized in the Electronic Discovery Protocol in this case [ECF No. 127], and the production of ESI should be made in conformance with that Protocol.

13.    "Formulary" and "Preferred Drug List" mean the formulary, preferred drug list, or other list of prescription drugs that are covered by the Plan(s) or Group Insurance Policies, including any tiers or levels of preference in which drugs are categorized, and all amendments, modifications, supplements, or revisions thereto.

14.    "Summary of Benefits" means any and all summary of benefits or coverage, schedule of benefits or coverage, explanation of benefits or coverage, subscriber certificates, or any other summary of benefits available to You with respect to any Plan Agreement or Group Insurance Policy Agreement.  The term "Summary of Benefits" shall include any amendments thereto.

15.    "Plan" means any and all health benefit, care or insurance plans that provide for the payment, reimbursement, and/or coverage for prescription drugs for or on behalf of You, whether offered by, though, or on behalf of the government or any employer, employee organization, or

4

any employees thereof; unions or its members; or other policyholders, subscribers, beneficiaries, participants, or other insurance companies or other third parties.

16.    You are required to produce all responsive documents that are within Your possession.  The potential availability of any Document by way of subpoena, public record access, authorization for release, or via another source does not excuse Your obligation to produce materials in Your possession.

17.    You must respond in writing and separately to each Request.  If no such Documents are within Your possession, custody or control, so state affirmatively.  If You have searched for and produced all Documents within Your possession that are responsive to a request as part of the Plaintiff Fact Sheet process, so state affirmatively.

18.    These Requests seek only non-privileged information.   However, if any document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided that complies with the privilege log requirements of the Electronic Discovery Protocol in this case [ECF No. 127].

5

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents reflecting any express warranty You claim was made and breached by any Defendant to You with respect to the VCDs that You purchased.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents reflecting notice given by You or on Your behalf to any Defendant, prior to your initiation of litigation against any such Defendant(s), regarding Your contention that any warranty had been breached in relation to the VCDs that You purchased or in relation to Your contention that the VCDs that You purchased were defective. This request does not seek any previously produced communications or correspondence between You and any representative of any Defendant regarding the valsartan recall (i.e., documents responsive to Request No. 10 in the Plaintiff's Fact Sheet You completed).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents relating to or evidencing any statement or communication whereby any person or entity told You that You may be at-risk for developing a physical injury or disease as a result of taking VCDs. This request does not seek communications protected by the attorney-client privilege.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Any documents, journals, logs, or other records that reflect or relate to Your blood pressure readings before, during, and after You took VCDs to treat Your hypertension. The time period covered by this request is from January 1, 2010 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  Any documents that reflect, relate to, or identify any medical monitoring, diagnostic, test, and/or procedure for cancer screening that You have undergone in the past ten (10) years or that You anticipate undergoing in the future, including but not limited to, routine bloodwork, colonoscopies, biopsies, sigmoidoscopies, enteroclyses, ultrasounds, endoscopies, Barium-metal gastric photofluorography, PET scans, genetic testing, CAT scans, stool sampling, chromoendoscopies, prostate exams, cystoscopies, or pathology results.

**Deleted:** ing

**Deleted:** procedures

**Deleted:**  or other cancer screening procedures

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  For any procedure identified in connection with Request for Production No. 5 or identified on Your Plaintiff Fact Sheet, all insurance documents that reflect or relate to any insurance coverage or benefit that may apply or did apply to such procedures, including Explanation of Benefits, Summary of Benefits, Plan Documents, or other information reflecting or relating to insurance coverage for such procedures.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All documents relating to or evidencing any bodily injury or damage to person or property (other than money allegedly lost due to the purchase of VCDs) that You claim, allege, or believe was caused by or is attributable to the VCDs that You purchased.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  All Documents not previously produced that support your allegations that the numerosity, commonality, typicality, and adequacy of representation requirements of Fed. R. Civ. P. 23(a) have been met (*see* Complaint at ¶¶ 386-390).

This request does not call for production of documents protected by the attorney client privilege or work product doctrine.

**RESPONSE:**

Dated:  November 5, 2020

/s/ *Seth A. Goldberg*
 Seth A. Goldberg, Esq.
 *Lead Counsel and Liaison Counsel for Defendants*

DUANE MORRIS LLP

Seth A. Goldberg, *Lead Counsel and Liaison Counsel for Defendants*
Barbara A. Schwartz
Coleen W. Hill (DE #6287)
Nathan B. Reeder
30 South 17th Street
Philadelphia, PA 19103
Tel.:  (215) 979-1000
Fax:  (215) 979-1020
SAGoldberg@duanemorris.com
BASchwartz@duanemorris.com
NBReeder@duanemorris.com

 *Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

PIETRAGALLO    GORDON    ALFANO BOSICK & RASPANTI, LLP

Clem  C.  Trischler, *Lead Counsel for Defendants*
Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel.:  (412) 263-2000

8

Fax:  (412) 263-2001
CCT@pietragallo.com
JMR@pietragallo.com

       *Attorneys for Mylan Laboratories,*
       *Ltd. and Mylan Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.:  (678) 553-2385
Fax:  (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.:  (312) 476-5056
Fax:  (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.:  (215) 988-7864
Fax:  (215) 689-4419
rubensteinb@gtlaw.com

       *Attorneys for Teva Pharmaceuticals*
       *USA Inc., Teva Pharmaceutical*
       *Industries, Ltd., Actavis LLC, and*
       *Actavis Pharma, Inc.*

ULMER & BERNE LLP

9

Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
600 Vine Street
Suite 2800
Cincinnati, OH 45202-2409
Tel.: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ulmer.com

*Attorney for AmerisourceBergen Corporation*

10