# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler<br>Hon. Joel Schneider |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ECONOMIC LOSS CLASS ACTION PLAINTIFF THIRD-PARTY PAYOR CLASS REPRESENTATIVE**

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., Teva Pharmaceuticals Industries Ltd., Teva Pharmaceuticals USA, Inc., Mylan Laboratories Ltd., Mylan Pharmaceuticals Inc., and AmerisourceBergen Corporation, by and through their lead counsel in the above-captioned matter and on behalf of the manufacturer, distributor, and wholesaler defendants, and pursuant to Federal Rules of Civil Procedure 26 and 34, serve this First Set of Requests for Production of Documents to Economic Loss Class Action Plaintiff Third-Party Payor Class Representative, (the "Requests," each a "Request") and hereby requests that MSPRC Recovery Claims, Series LLC respond and produce for inspection and reproduction the following documents, electronically stored information, and materials requested below, within thirty (30) days hereof, as provided by the Parties' agreement to electronic service in this case.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to each and every part of these Requests as if fully set forth therein:

1.  "MSPRC" means Plaintiff MSPRC Recovery Claims, Series LLC, on its own behalf and in its capacity as putative direct or indirect assignee of the recovery rights of certain healthcare benefit providers ("Assignors," as hereinafter defined) to MSPRC or to any Series of MSPRC, and each of MSPRC's and its direct or indirect Assignors' past or present officers, directors, employees, partners, principals, members, agents, representatives, attorneys, parents, subsidiaries, affiliates, related entities, assigns, predecessors-in-interest, successors-in-interest, and every person acting or who has ever acted on its behalf.

1

2. "Assignor" and "Assignors" mean all entities, including but not limited to healthcare benefit providers, Health Care Providers, Medicare Advantage Organizations ("MAOs"), entities contracting with MAOs in connection with the purchase or provision of healthcare or healthcare benefits, or any other person or entity that directly or indirectly assigned recovery rights relating to or arising out of any purchase or reimbursement involving VCDs, and/or the right or rights to bring any lawsuit in connection with such assignment(s), to MSPRC or any Series of MSPRC, including but not limited to: Group Health Incorporated and Health Insurance Plan of Greater New York, otherwise known as EmblemHealth or Emblem; SummaCare, Inc.; and Connecticare, Inc.

3. "Plaintiff," "Plaintiffs," "You," and "Your" mean MSPRC, as defined above.

4. "Defendant" or "Defendants" means each and every named Defendant in the above-styled action.

5. "Health Care Provider" or "Health Care Providers" means any physicians, dentists, psychologists, psychiatrists, mental health care providers, nurses, nurse practitioners, physician assistants, therapists, social workers, pharmacists, substance abuse treatment personnel, counselors, and all other providers of services for the purposes of diagnosing, treating, stabilizing, managing, or otherwise affecting the physical or mental health of a person.  "Health care provider" or "health care providers" also includes hospitals, clinics, pharmacies, and any other entity that employs or contracts with individual or groups of Health Care Providers for the delivery of health care services including prescribing or filling prescriptions for prescription drugs.

6. "VCD" means any drug or combination drug containing valsartan.

7. "Blood pressure medication" means any drug or pharmaceutical product related to the treatment of high blood pressure and/or hypertension.

8. The "Plan" or "Plans" means any and all health benefit, care or insurance plan or plans offered by, sponsored by, or in any way provided through MSPRC (and/or any Assignor) to or on behalf of the government; employers, employee organizations, or their employees; unions or their members; and/or other sponsors and their policyholders, subscribers, beneficiaries, participants, or other third parties, which provide for the payment, reimbursement, and/or coverage for prescription drugs, including but not limited to any single-employer plan, multiemployer plan, multiple employer welfare arrangement, or any other form of coverage on which You (and/or any Assignor) base any claim for damage in this litigation.

9. "Group Insurance Policies" means any and all health or drug insurance policies that are intended to be able to provide for multiple individuals' payment, reimbursement, and/or coverage for prescription drugs, offered by MSPRC (and/or any Assignor) to or on behalf of any employer, employee organizations, or their employees; unions or their members; or other policyholders, subscribers, beneficiaries, participants, or other third parties.

10. "Summary of Benefits" means any and all summary of benefits or coverage, schedule of benefits or coverage, explanation of benefits or coverage, subscriber certificates, or any other summary of benefits available to Insureds with respect to any Plan or Group Insurance Policy Agreement.

11. "Insureds" mean employees, employers, members, subscribers, policyholders, participants, beneficiaries, and/or insureds under any Plan and/or the Group Insurance Policies through which MSPRC (and/or any Assignor) provided some form of prescription drug coverage, payment, or reimbursement on which MSPRC (and/or any Assignor) bases any claim for damage in this litigation.

12. "Formulary" and "Preferred Drug List" mean the formulary, preferred drug list, or other list of prescription drugs that are covered by any Plan or Group Insurance Policies, including any tiers or levels of preference in which drugs are categorized, and all amendments, modifications, supplements, or revisions thereto.

13. "Relate to," "related to," or "relating to" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

14. "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

15. "Electronically stored information" or "ESI" shall have the same definition as is utilized in the Electronic Discovery Protocol in this case [ECF No. 127], and the production of ESI should be made in conformance with that Protocol.

16. "Relevant Time Period" shall mean January 1, 2012 through the present and all Requests, unless otherwise specified, seek the requested Documents that were created during, in effect during, modified during, obtained during, reviewed during, and/or are related to the Relevant Time Period. The definition and scope of the term Relevant Time Period does not constitute an admission by Defendants or evidence with respect to the appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving VCDs or other blood pressure medications.

17. Each Request shall be construed as being inclusive rather than exclusive. The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The present tense shall include the past and future tenses. The singular shall include the plural, and the plural shall include the singular.

18. The documents requested herein shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

19. You are required to produce all responsive documents that are within Your possession. The potential availability of any Document by way of subpoena, public record access, authorization for release, or via another source does not excuse Your obligation to produce materials in Your possession.

20. You must respond in writing and separately to each Request. If no such Documents are within Your possession, custody or control, so state affirmatively. If You have searched for and produced all Documents within Your possession that are responsive to a request as part of the Plaintiff Fact Sheet process, so state affirmatively.

21. These Requests seek only non-privileged information. However, if any document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided that complies with the privilege log requirements of the Electronic Discovery Protocol in this case [ECF No. 127].

22. These Requests are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these Requests, or as an admission of the relevance or materiality of any of the matters covered by these Requests.

23. These Requests are propounded without prejudice as to Defendants' rights to serve additional discovery (or seek leave of Court to serve additional discovery) requests upon any or all Plaintiffs, including (but not limited to) additional document requests for Plan or Group Insurance Policy information, Plaintiffs' allegations or purported support for class action certification, and any VCDs or other blood pressure medications Plaintiffs may have purchased as an alternative to VCDs.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All previously unproduced documents reflecting any pre-suit notice, outside of communications since the inception of this litigation, that You or any Assignor gave to any Defendant regarding any alleged breach of warranty, and any amendments, modifications, updates, or revisions thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** For each Plan and insurance product provided by You or any Assignor and pursuant to which You claim an Assignor provided coverage for VCD prescriptions for which you seek any reimbursement herein, all Summaries and/or Schedules of Benefits (and amendments thereto) and their substantive equivalents, for each year of the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All Documents which reflect, refer to and/or relate to the gross and net prices paid for VCD prescriptions covered by You or any Assignor (and/or its agent) for VCDs for which You seek damages for such payments, and all Documents which reflect, refer to and relate to any other components of, credits to, and/or fees associated with such purchase and coverage transactions ("transactions"), including but not limited to, rebates, refunds, benefits, and things of value received by You in relation to such transactions, all cost-sharing arrangements related to the Plan generally and to such transactions specifically, co-pays (or co-insurance) associated with such transactions, and any other cost or pricing component of any amount for which You seek reimbursement herein.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  For each Plan and each insurance product provided by You and/or any Assignor (and/or its agent), and pursuant to which You seek any reimbursement herein, each Formulary and/or Preferred Drug List related thereto, and all amendments, for each year during the Relevant Time Period; to the extent not stated in such Formularies or Preferred Drug Lists, documents sufficient to determine any payment, deductible, tier, copayment, or coinsurance terms applicable to each tier of any such Formulary or Preferred Drug List.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  All agreements or contracts, between (1) You or any Assignor and (2) any pharmacy benefits manager or third party and/or claims administrator of any Plan and insurance product pursuant to which You claim to have provided coverage for VCDs and for which You seek reimbursement herein.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  All agreements or contracts which reflect, refer to and/or relate to any agreement and/or arrangements between (1) You or any Assignor and (2) (a) any governmental entity, including but not limited to the Centers for Medicare & Medicaid Services; or (b) any Downstream entity, First tier entity, Group health plan, MA plan, MA-PD plan, Prescription drug plan, Part D plan, or Related entity, as those terms are defined in 42 C.F.R. § 423.4.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All Documents not previously produced that reflect, relate to and/or refer to any amount for which You seek reimbursement herein, including the amounts sought, the amounts of any alleged diminution in value of the VCDs as warranted and as received and/or "covered" by You or each Assignor (or its agent), and/or any alleged loss of benefit of any alleged bargain You claim herein, specified by specific VCD product.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Any agreements (including but not limited to operating agreements, bylaws, articles of organization, series agreements, contracts, assignments), not previously produced, between Plaintiff MSPRC Recovery Claims, Series LLC and any Series (or group of Series) pursuant to which You claim rights asserted in this litigation.

**RESPONSE:**

Dated: November [date], 2020

/s/ *Seth A. Goldberg*
Seth A. Goldberg, Esq.
*Lead Counsel and Liaison Counsel for Defendants*

DUANE MORRIS LLP

Seth A. Goldberg, *Lead Counsel and Liaison Counsel for Defendants*
Barbara A. Schwartz
Coleen W. Hill (DE #6287)
Nathan B. Reeder
30 South 17th Street
Philadelphia, PA 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
BASchwartz@duanemorris.com
NBReeder@duanemorris.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP

Clem C. Trischler, *Lead Counsel for Defendants*
Jason M. Reefer

7

38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel.: (412) 263-2000
Fax: (412) 263-2001
CCT@pietragallo.com
JMR@pietragallo.com

*Attorneys for Mylan Laboratories, Ltd. and Mylan Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.: (312) 476-5056
Fax: (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA Inc., Teva Pharmaceutical Industries, Ltd., Actavis LLC, and Actavis Pharma, Inc.*

ULMER & BERNE LLP

Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
600 Vine Street
Suite 2800
Cincinnati, OH 45202-2409
Tel.: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ulmer.com

*Attorney for AmerisourceBergen Corporation*

9