# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
─────────
*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

November 11, 2020

<u>**VIA ECF**</u>

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, NJ  08101

      Re:    IN RE: VALSARTAN, LOSARTAN, & IRBESARTAN PRODUCTS LIABILITY LITIGATION
             Civil No. 19-2875 (RBK/JS)

Dear Judge Kugler:

Plaintiffs' leadership submits this letter brief regarding the Court's authority to appoint a special master to oversee discovery in this matter following the retirement of Magistrate Judge Schneider, and to respond to Defendants' letters of July 9 and September 2, 2020 on the same topic.

The appointment of a special master would be appropriate under the circumstances here. This MDL is highly complex, involves numerous parties, and requires close supervision by the Court in order to ensure that issues can be addressed swiftly and efficiently.  Among other complex attributes of the litigation, there are three separate sets of claims being pursued

Honorable Robert Kugler, U.S.D.J.
November 11, 2020
Page 2

(personal injury, economic loss, and medical monitoring), a multitude of defendants (both foreign and domestic), the entire pharmaceutical supply chain with separate discovery tracks, and ongoing extensive discovery efforts including video depositions around the world, to be followed by expert discovery, class certification briefing, and an initial trial of a portion of the claims in the litigation. It is also Plaintiffs' understanding that the case load for the remaining Magistrates is significant, and their availability to provide the level of close supervision required for this litigation to move forward without disruption is not assured. Plaintiffs believe that to the extent there is a question, the most significant factor to consider is the continuity that would come with Judge Schneider's appointment, avoiding the inefficiency and potential delays that could come with bringing a new magistrate or another special master into this complex landscape where that can be avoided. This is true even if the special master is assigned a segment of the ongoing pretrial activity for oversight.

Federal Rule of Civil Procedure 53 governs the appointment of special masters, who serve to "aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause." *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957). Rule 53(a)(1)(C) authorizes the appointment of a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." The Court has "broad discretion to appoint a Special Master in a matter pending before it pursuant to Rule 53[.]" *Williams v. BASF Catalysts, LLC*, No. 11cv1754, 2017 WL 4220282, at *4 (D.N.J. Sept. 21, 2017) (Linares, J.) (**Exhibit A** hereto). This standard is certainly met here.

Honorable Robert Kugler, U.S.D.J.
November 11, 2020
Page 3

Defendants' two letter briefs to date cite out-of-date and otherwise distinguishable case law in asserting that congestion or complexity of issues are not sufficient to appoint a special master. As the 2003 Committee Notes to Rule 53 explain, "[t]he appointment of masters to participate in pretrial proceedings has developed extensively over the last two decades" to aid district courts in "managing complex litigation." Fed. R. Civ. P. 53, advisory committee notes to 2003 amendment. *See also Glover v. Wells Fargo Home Mortg.*, 629 F. App'x 331, 338 (3d Cir. 2015) (reflecting on the "changing practices in using special masters" and upholding appointment of special master to handle pre-trial discovery matters where the discovery disputes were numerous).

Defendants' citation to a few cases where special masters were appointed to resolve specific issues does not validate their statement that they are "generally engaged to address specific issues" only. (*See* S. Goldberg July 9 Ltr, at 2 & n.1.) District Judges routinely appoint special masters in MDLs and other complex litigation matters to handle pre-trial discovery matters generally. Unable to avoid the data showing routine MDL appointments of special masters for both specific issues as well as general pre-trial discovery matters, Defendants' September 2, 2020 letter seeks to chip away at the special master data in MDLs to arrive at a perceived small number. For example, Defendants break down the numbers by special masters appointed without the consent of both parties. Given the discretion of the District Judge in this area, consent from both parties is irrelevant to whether a special master is, in fact, appropriately appointed. See *In re: Liquid Aluminum Sulfate Antitrust Litig.*, No. 2687 (D.N.J.) (Linares, J.) (appointing special master for general pre-trial discovery over defendants' objections) (order attached as **Exhibit B**).

Honorable Robert Kugler, U.S.D.J.
November 11, 2020
Page 4

    Even compared to MDLs in general, which tend to be complex and discovery-intensive, discovery in this case is exceedingly complex given the numerous claims being pursued, the number of defendants involved across the pharmaceutical industry, and issues in obtaining discovery due to the location of many defendants overseas. *See In re: Takata Airbag Products Liability Litigation*, MDL No. 2599 (S.D. Fla.) (Judge Moreno appointing special master to oversee general pre-trial discovery for both personal injury and economic loss claims involving numerous defendants including many overseas) (order attached as **Exhibit C**). *See also In re: Automotive Parts Antitrust Litig.*, MDL No. 2311 (E.D. Mich.) (appointing special master for general discovery) (order attached as **Exhibit D**).

    Based on the foregoing, Plaintiffs submit that the appointment of a special master, and in particular Judge Schneider (should he consent following his retirement), to oversee pretrial matters, or a segment thereof, would be an appropriate exercise of the Court's discretion.

    Respectfully,

    ADAM M. SLATER