# Exhibit A

Case 1:19-md-02875-RMB-SAK   Document 624-1   Filed 11/11/20   Page 2 of 5 PageID: 14621

Williams v. BASF Catalysts, LLC, Not Reported in Fed. Supp. (2017)
2017 WL 4220282

2017 WL 4220282
Only the Westlaw citation is currently available.
<u>**NOT FOR PUBLICATION**</u>
United States District Court, D. New Jersey.

Kimberlee WILLIAMS, et al., Plaintiff,
v.
BASF CATALYSTS, LLC, et al., Defendants.

Civil Action No. 11–1754
|
Signed 09/21/2017

**Attorneys and Law Firms**

Jeffrey Morrow Pollock, Fox Rothschild LLP, Lawrenceville, NJ, Matthew Thomas Stone, Michael Coren, Cohen, Jared Michael Placitella, Cohen Placitella & Roth P.C., Philadelphia, PA, Christopher Michael Placitella, Cohen, Placitella & Roth, PC, Red Bank, NJ, for Plaintiff.

Michael F. Williams, Kirkland & Ellis LLP, Washington, DC, Stephen M. Orlofsky, David C. Kistler, Blank, Rome, LLP, Princeton, NJ, Robert E. Ryan, Craig S. Demareski, Connell Foley LLP, Roseland, NJ, Justin Taylor Quinn, Robinson Miller LLC, Marc D. Haefner, Walsh Pizzi O'Reilly Falanga LLP, Jennifer C. Critchley, Connell Foley, LLP, David R. Kott, Judah Samuel William Skoff, Zane Christian Riester, Mccarter & English LLP, Newark, NJ, Eric Tunis, Herold Law, Warren, NJ, John A. Boyle, Kevin Harry Marino, Marino Tortorella & Boyle, PC, Chatham, NJ, Brendan E. Little, Levy Konigsberg LLP, New York, NY, Moshe Maimon, Levy, Philips & Konigsberg, LLP, Lawrenceville, NJ, for Defendants.

**OPINION AND ORDER**

JOSE L. LINARES, Chief Judge, United States District Court

*1 This matter comes before the Court by way of Plaintiffs' objections to this Court's August 3, 2017 Order appointing Roberto A. Rivera–Soto (former New Jersey Supreme Court Justice) as Special Discovery Master ("Special Master Rivera–Soto") under Federal Rule of Civil Procedure 53 in this matter. (ECF No. 335). The Court heard oral argument regarding this issue on September 5, 2017. For the reasons set forth below, the Court rejects Defendants' objections and finds that Special Master Rivera–Soto may serve as Special Master.

**I. Factual Background**

The Court will rely upon the factual background contained in its decision in *Williams v. BASF Catalysts LLC*, 2016 U.S. Dist. LEXIS 46273, 2016 WL 1367375 (D.N.J. Apr. 5, 2016). In summary, Plaintiffs allege, *inter alia*, that BASF Catalysts LLC and its attorneys at the firm Cahill Gordon & Reindel conspired to prevent thousands of litigants that claimed injuries due to asbestos exposure from attaining fair tort recoveries. Plaintiffs allege that BASF's predecessor, Engelhard Corp. ("Engelhard"), with the help of its attorneys from Cahill, destroyed or hid tests and reports that documented the presence of asbestos in Engelhard's talc. (SAC, ECF No. 158 at ¶¶ 256; 258(a)–(f)). Plaintiffs commenced this action subsequent to the revelations brought about by the *Paduano v. Ace Scientific Supply Co.*, No. MID–L–2976–09 (N.J. Super. Ct. Law. Div.) case concerning the concealed and destroyed documents. (SAC, ECF No. 158 at ¶¶ 244, 248(a)).

**II. Relevant Procedural History**

As the parties are aware, this Court has found that the assistance of a Special Master in this case is necessary as this action involves very voluminous and complex issues of discovery. Accordingly, on June 8, 2017, this Court appointed Hon. Garret E. Brown, Jr., U.S.D.J. (former Chief Judge of this District) to serve as Special Master. (ECF No. 319). The parties objected to said appointment, and, ultimately, Judge Brown declined to serve as Special Master.

The fact remains that due to the nature of this action, and the assertion of the parties, discovery in this action will be extensive and contentious. This is particularly true given this Court's findings regarding the potential waiver of the attorney-client privilege as it pertains to the underlying asbestos actions and the thousands of files related thereto, which may require individual analysis by this Court. (ECF No. 334). Specifically, on August 3, 2017, this Court held, in part, that

> "[i]n order to resolve the issues Plaintiffs identified *i.e.* '[w]hether BASF and Cahill's spoliation of evidence had the capcity to and did adversely affect and hamper the prosecution of asbestos claims against BASF' (Pl. Br., ECF No 249 at 3–4), the scope of discovery may include inquiry as to why Plaintiffs settled or dismissed their underlying

Case 1:19-md-02875-RMB-SAK   Document 624-1   Filed 11/11/20   Page 3 of 5 PageID: 14622

Williams v. BASF Catalysts, LLC, Not Reported in Fed. Supp. (2017)
2017 WL 4220282

claims. To fully explore this issue, Defendants will be entitled to discover what Plaintiffs and their counsel knew, and were told, and whether any knowledge, or lack thereof contributed to Plaintiffs' decisions resolving the underlying cases."

**\*2** (Id. at 19). This Court went on to conclude that, given the fact that an inquiry into the reasons for settlement is necessary, Plaintiffs may have, under some circumstances, waived their attorney-client privileges, which may require the Court's analysis of potentially thousands of files in the underlying asbestos cases. (Id. at 20–21). In light of the above, and given the number of judicial vacancies in this District, the Court reaffirmed that a Special Master was necessary to, *inter alia*, parse through thousands of asbestos files and make a determination regarding waiver of the attorney-client privilege. (Id.).

Thus, in that same Opinion and Order dated August 3, 2017, this Court appointed former New Jersey Supreme Court Justice Roberto A. Rivera–Soto as Special Master for this case. (ECF Nos. 334, 335). On August 8, 2017, Defendants Cahill Gordon & Reindel, LLP, BASF Catalysts, LLC, Hoard G. Sloane, and Ira Dembrow submitted a written objection to the appointment of Special Master Rivera–Soto. (ECF No. 336). On August 9, 2017, Defendant BASF, through separate counsel, submitted, *inter alia*, an additional, but identical, objection to the appointment of Special Master Rivera–Soto. (ECF No. 337). The objections are two-fold. First, Defendants asserted that Special Master Rivera–Soto may not serve as Special Master in this case because he was once a partner at Fox Rothschild LLP, which is one of the law firms representing Plaintiffs herein ("Fox Rothschild Objection"). (ECF No. 336). Additionally, Defendants pointed to the fact that Special Master Rivera–Soto's current law firm, Ballard Spahr, LLP, was being represented by Williams & Connolly, LLP in an unrelated matter in Pennsylvania ("Williams & Connolly Objection"). (Id.). Accordingly, Defendants believe that Special Master Rivera–Soto's involvement in this matter is inappropriate because there is a conflict of interests.

Upon receipt of these letters, Special Master Rivera–Soto submitted a reply to both objections. (ECF No. 338). Therein, Special Master Rivera–Soto noted that the Fox Rothschild Objection carries no weight, since his last involvement with the firm was 13 years ago. (Id.). Special Master Rivera–Soto indicated that during his tenure with the Supreme Court of New Jersey, Special Master Rivera–Soto recused himself from all Fox Rothschild cases. (Id.). Additionally, after leaving the bench, Special Master Rivera–Soto has had no further dealings with the firm. (Id.). As to the Williams & Connolly Objection, Special Master Rivera–Soto first explained that the reason the law firm of Williams & Connolly did not appear on his conflicts search was due to the law firm not being listed on the docket sheet. Special Master Rivera–Soto also noted that he was unaware that Ballard Spahr had even retained Williams & Connolly to represent it until it was brought to his attention and that he had no involvement in the Pennsylvania action whatsoever. (Id.). Therefore, Special Master Rivera–Soto asserts that there is no conflict and his impartiality would not impacted.

After a review of the aforementioned submissions, the Court converted a pending status conference, scheduled for September 5, 2017, into oral argument. (ECF No. 340). The parties, as well as Special Master Rivera–Soto, appeared and asserted their positions. That morning the Court was advised, on the record, by Special Master Rivera–Soto, that the Pennsylvania action had been settled and that Williams & Connolly no longer represented Ballard Spahr. The parties reiterated their objections. The Court also noted that, given the change in circumstances in the Pennsylvania action, the analysis regarding the potential conflict of interests changed. Hence, the Court asked Special Master Rivera–Soto to submit a certification consistent with Rule 53 and 28 U.S.C. § 455, which he filed on September 14, 2017. (ECF No. 348). The Court also asked the parties to submit additional briefing regarding the issue, which the parties filed on September 15, 2017. (ECF Nos. 349, 350).

**\*3** The Court has reviewed the additional submissions and has also taken into consideration the parties' positions espoused at oral argument.

### III. Analysis

The Court rejects both of the aforementioned objections to the appointment of Special Master Rivera–Soto. As to the Fox Rothschild Objection, the Court finds that the period of time that has lapsed since Special Master Rivera–Soto had any involvement with Fox Rothschild is more than sufficient to assure impartiality and negate any appearance of impropriety. In his September 14, 2017 letter, during the September 5, 2017 hearing, and in his Rule 53 certification, Special Master Rivera–Soto confirmed that his involvement with Fox Rothschild ended when he left to join the Supreme Court of New Jersey 13 years ago. Additionally, Special Master Rivera–Soto recused himself from hearing any Fox Rothschild related matters pending before the Supreme Court

Case 1:19-md-02875-RMB-SAK   Document 624-1   Filed 11/11/20   Page 4 of 5 PageID: 14623

Williams v. BASF Catalysts, LLC, Not Reported in Fed. Supp. (2017)
2017 WL 4220282

of New Jersey, and had no interaction nor involvement with said firm whatsoever.

Additionally, Special Master Rivera–Soto explained that, unlike common practice where a lawyer leaving a law firm receives his or her equity payout over a period of time, he was paid in a lump sum on August 31, 2004. Special Master Rivera–Soto also confirmed that he has not been involved in any other matters where Fox Rothschild was also engaged since he left the bench. Thus, Special Master Rivera–Soto's connection to Fox Rothschild truly ended 13 years ago. Indeed, as Plaintiff's correctly note, New Jersey's Code of Judicial Conduct requires a judge to refrain from hearing matters involving his or her former law firm for only seven years. *See* N.J. Code of Judicial Conduct § 3.17(B)(2)(d). Given these facts, the Court concludes that Special Master Rivera–Soto's prior involvement with Fox Rothschild will have no impact on his ability to serve as an impartial Special Master in this case.

The Court is also unpersuaded by the Williams & Connolly objection, especially since Williams & Connolly's representation of Ballard Spahr has since ceased. Because the representation ceased, Rule 1.9 of the Rules of Professional Conduct controls. Under Subsection(a) of that Rule, "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person *in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client* unless the former client gives informed consent, confirmed in writing." R.P.C. 1.9(a). Under this test, a lawyer must be disqualified if the following three prongs are established: (1) the existence of a past attorney client relationship involving the attorney sought to be disqualified, (2) that the current representation involves the same or a matter substantially related to the former representation, and (3) that the interests of the attorney's current client are materially adverse to the interests of the former client. *See Delso v. Trs. for the Ret. Plan for the Hourly Emps. of Merck & Co.*, 2007 U.S. Dist. LEXIS 16643, *18–*19 (D.N.J. Mar. 5, 2007)(citing *Home Care Indus. v. Murray*, 154 F. Supp. 2d 861, 866 (D.N.J. April 17, 2001); *Host Marriott Corp. v. Fast Food Operators, Inc.*, 891 F. Supp. 1002, 1007 (D.N.J. 1995); *Bagdan v. Beck*, 140 F.R.D. 660, 668 (D.N.J. 1991); *Rohm & Haas Co. v. Am. Cyanamid Co.*, 187 F. Supp. 2d 221, 228 (D.N.J. 2001)).

 ***4** Here, Williams & Connolly's representation of Ballard Spahr has no impact or relation to its representation of Defendants in this action. As noted during oral argument, and as this Court has been informed by the parties as well as Special Master Rivera–Soto, it appears that the Pennsylvania action was brought by Ballard Spahr to recover unpaid attorneys' fees. The matter *sub judice* involves alleged fraud by Defendants during numerous toxic tort cases brought against them in the past. Ballard Spahr had no interactions with any of the parties in this case, nor would the firm's interest be materially adverse to the parties herein.

Moreover, Special Master Rivera–Soto has explicitly affirmed that he was not aware of the Pennsylvania action, had no involvement in said action, nor did he have any interaction with Williams & Connolly when it was representing Ballard Spahr in the Pennsylvania action. Furthermore, Special Master Rivera–Soto asserted that he did not know a single Williams & Connolly attorney involved in the Pennsylvania action. Accordingly, under Rule 1.9 there is no conflict of interests between Williams & Connolly and Ballard Spahr, nor is there any conflict between Ballard Spahr and the parties herein. Moreover, this Court concludes that Williams & Connolly's former representation of Ballard Spahr has no impact on Special Master Rivera–Soto's ability to serve as an impartial Special Master in this case nor would this prior representation, under the specific facts previously set forth, lead a reasonable person to perceive any appearance of impropriety.

As the parties are aware, and as explained in this Court's prior Opinions, this Court has broad discretion to appoint a Special Master in a matter pending before it pursuant to Rule 53 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 53(a); *see also Glover v. Wells Fargo Home Mortg.*, 629 Fed.Appx. 331 (3d. Cir. 2015), *cert. denied*, 136 S. Ct. (2016). Given this broad discretion, the complexity of this particular litigation, the length of time this matter has been pending in this Court, and the above analysis regarding Defendants' objections, the Court finds that Special Master Rivera–Soto has no conflict of interest that would prohibit him from serving as an impartial and effective Special Master.

**IT IS THEREFORE** on this 21st day of September, 2017,

**ORDERED** that Special Master Roberto A. Rivera–Soto shall remain Special Discovery Master in this action; and it is further

**ORDERED** that the parties shall proceed with discovery in a manner that is consistent with this Court's August 3, 2017 Opinion; and it is further

Case 1:19-md-02875-RMB-SAK   Document 624-1   Filed 11/11/20   Page 5 of 5 PageID: 14624

**Williams v. BASF Catalysts, LLC, Not Reported in Fed. Supp. (2017)**
2017 WL 4220282

**ORDERED** that the parties contact Special Master Rivera–Soto to ascertain a date that is he is available to meet with the parties to finalize an appropriate discovery plan.

**SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2017 WL 4220282

---

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.