# Exhibit B

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION | Civil Action No. 16-MD-2687 (JLL) (JAD)<br><br>**ORDER** |

This matter comes before the Court by reference from the Honorable Joseph A. Dickson, U.S.M.J. regarding appointment of special discovery master in this multi-district litigation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on this issue; and

**WHEREAS,** by Order dated February 4, 2016, (ECF No. 1), the United States Judicial Panel on Multidistrict Litigation created Multidistrict Litigation No. 2687, which was originally comprised of cases pending in the District of New Jersey, the District of Minnesota, and the Eastern District of Pennsylvania. (Id.). The Panel transferred the Minnesota and Pennsylvania cases to this District and assigned them to the undersigned "for coordinated or consolidated pretrial proceedings" along with the New Jersey-based matters. (Id.). The docket for this matter reflects that this litigation now consists of 70 member cases; and

**WHEREAS** from the outset, the Court has sought to manage this litigation both closely and efficiently. Shortly after the Panel entered its Order, this Court entered a comprehensive initial Order scheduling an initial conference and addressing multiple organizational issues and other preliminary matters. (ECF No. 2). Since that time, both the undersigned and Magistrate Judge Dickson have, in consultation with the parties, entered a variety of case management orders

intended to keep this complex litigation moving in an efficient and orderly fashion. (See, e.g., ECF Nos. 72, 139, 157, 209, 211, 328, 355, 387, 395, 396); and

**WHEREAS** the parties have aggressively litigated various issues from the earliest stages of this matter, and continue to do so to date. By the Court's count, the parties have made more than 50 individual filings regarding contested discovery and/or case management issues since August 1, 2017. (See ECF Nos. 421, 424, 425, 428, 431, 436, 454, 466, 467, 478, 484, 519, 529, 531, 545, 546, 547, 548, 549, 550, 553, 554, 557, 558, 560, 561, 564, 565, 570, 571, 580, 581, 586, 588, 589, 591, 593, 594, 598, 599, 601, 632, 641, 643, 645, 649, 650, 655, 656, 659, 660, 692, 706, 708).[1] Indeed, the parties have filed 13 of those submissions since Magistrate Judge Dickson conducted a multi-hour discovery conference on January 19, 2018; (see ECF Nos. 632, 641, 643, 645, 649, 650, 655, 656, 659, 660, 692, 706, 708); and

**WHEREAS** Federal Rule of Civil Procedure 53(a)(1)(C) provides, in pertinent part, that the District Court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."; and

**WHEREAS**, "[a]lthough it is clear that the appointment of a special master must be limited in scope and is not justified simply because of docket congestion or the complexity of factual

---

[1] This does not include the parties' 6 filings regarding the propriety of appointing a special master in this litigation. (ECF Nos. 605, 616, 617, 618, 619 and 627). The Direct Purchaser Plaintiffs request that the Court appoint a special master. (ECF Nos. 605, 627). Defendants oppose such an appointment, arguing that the Court has timely resolved the parties' disputes to date, and that the appointment of a special master would result in unnecessary delay and expense. (ECF No. 616). The Indirect Purchaser Plaintiffs take no position on the special master issue, other than to request that the Court resolve two specific discovery issues itself, and implement a fair cost allocation mechanism so that "the costs of any discovery disputes referred to the Special Master are not imposed on parties who have no (or at best tangential) involvement in those disputes." (ECF No. 617 at 1). The State of Florida, the City of Baltimore, the City of Richmond, and the Washington Suburban Sanitary Commission take no position on the special master issue. (ECF Nos. 618-19).

and/or legal issues . . . utilization of a master is appropriate to 'perform some other time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in accomplishing.'" Luppino v. Mercedes Benz USA, LLC, No. 09-05582 (DMC), 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013) (quoting Agostino v. Quest Diagnostics, Inc., No. 04-4362, 2012 WL 2344865, at *1 (D.N.J. June 20, 2012)); and

**WHEREAS** "courts in this Circuit have appointed special masters to oversee and facilitate complicated and contentious discovery." Id. (citing Grider v. Keystone Health Plan Cent., Inc., No. 2:01-cv-05641 (JKG) (E.D. Pa. Aug. 25, 2005, ECF No. 373) ("Furthermore, it is the court's belief that the appointment of a discovery master, who will be in a position to promptly and informally consider the views of the parties . . . and attempt to mediate them, will be an invaluable aid to the overall case management of this matter.")). Indeed, this Court previously determined that the appointment of a special discovery master was appropriate in a matter involving "very voluminous and complex issues of discovery." Williams v. BASF Catalysts, LLC, No. 11-1754 (JLL), 2017 WL 4220282, at *1 (D.N.J. Sept. 21, 2017); and

**WHEREAS**, since commencing discovery in this matter, the parties have submitted new discovery and case management disputes for the Court's consideration on a consistent basis. By the Court's conservative estimate, since August 1, 2017, the parties have raised more than a dozen discrete disputes, which have spanned more than 200 pages of single-spaced letter briefing. The parties have also asked that Magistrate Judge Dickson conduct regular discovery conferences approximately every six weeks, clearly suggesting that they foresee new disputes arising regularly for the foreseeable future. To be clear, the Court is not suggesting that either the number of disputes at issue or the need for such intensive case management is inappropriate in a case of this size and complexity. Indeed, the Court has devoted substantial resources to ensure that it has been

3

able to address the parties' disputes as quickly as possible, while still giving them careful consideration. That level of case management, however, is simply not sustainable given the docket congestion in the District of New Jersey and the press of other matters on the Court's docket. The District currently has three vacant judgeships, two of which the Judicial Conference considers to be "judicial emergencies." The District will have a fourth vacancy in June 2018 and a fifth in November 2018. In addition to those vacancies, the Judicial Conference has indicated that the District is in need of three new judgeships; and

**WHEREAS** the Court finds that, given the history of this matter, and, in particular, considering the breadth and frequency of the parties' discovery disputes, as well as the likelihood that new disputes will arise with regularity for the duration of the discovery period, it is both necessary to appoint a special master in this multidistrict litigation and appropriate to do so pursuant to Federal Rule of Civil Procedure 53(a)(1)(C);

**IT IS** on this 12th day of **March, 2018**,

**ORDERED** that the Honorable Dennis M. Cavanaugh (Ret.) is hereby appointed as special master pursuant to Fed. R. Civ. P. 53(a); and

### I. SCOPE OF THE SPECIAL MASTER'S AUTHORITY

**IT IS FURTHER ORDERED** that the special master shall oversee the schedule for completion of discovery and all discovery disputes and motions related thereto pursuant to procedures for practice that the special master may establish and modify as necessary. The authority of the special master hereunder shall be coextensive with those of a Magistrate Judge in the District of New Jersey pursuant to Local Civil Rule 72.1, and as such, any appeal of an action or decision made by the special master shall be filed with the Court pursuant to Local Civil Rule 72.1(c)(1); and

**IT IS FURTHER ORDERED** that, among other things, the special master shall address all of the issues set forth in the parties' various submissions, listed above, that remain unresolved following the conference scheduled for March 15, 2018. The special master shall also address new discovery issues that arise following the March 15, 2018 conference. On or before **March 30, 2018**, the parties shall provide the special master with a joint letter that provides a current inventory of all such open disputes, with citations to the relevant docket entries embodying those disputes; and

## II.     COST OF SPECIAL MASTER

**IT IS FURTHER ORDERED** that for all matters requiring his attention, the special master shall determine each parties' costs, which shall be proportional, in the special master's good faith estimation, to the services rendered with respect to each party. However, absent a determination of good cause by the special master based upon an appropriate record, in general: the parties to any discrete dispute shall equally bear the costs relative to the special master's resolution of that dispute; and for case-wide or administrative matters, all parties shall bear the special master's costs on a pro rata basis; and

**IT IS FURTHER ORDERED** that the Special Master shall receive an hourly rate of $650.00, and shall be reimbursed for any reasonable out-of-pocket expenses; and

**IT IS FURTHER ORDERED** that for the special master to fulfill his responsibilities hereunder most efficiently and at the least cost to the parties, he may employ as assistant(s) lawyers at the special master's law firm, selected by the special master, under the supervision and control of the special master, and utilized at the special master's sole discretion, and such lawyers shall receive an hourly rate of $325.00; and

**IT IS FURTHER ORDERED** that the special master and his assistant lawyer(s) shall submit invoices to each party on a monthly basis; and

### III.  PROCEDURES

**IT IS FURTHER ORDERED** that the submissions related to any discovery application directed to the special master shall be submitted to the special master via email in electronic format (with one courtesy hardcopy sent to the special master), and shall also be electronically filed via CM/ECF. All motion papers shall comply with applicable Federal Rules of Civil Procedure and Local Rules of this District, unless otherwise ordered by the special master; provided, however, that nothing herein shall preclude the special master from adopting or utilizing informal procedures to resolve disputes including, but not limited to: conducting in person or telephone conferences; requiring that the parties meet and confer; and directing the parties to submit and/or exchange letters in lieu of briefs; and

**IT IS FURTHER ORDERED** that the special master may consult with the Court, including, but not limited to, the Magistrate Judge, and if necessary, shall submit any reports and recommendations, including matters resolved by consent, to the Court for entry as an Order on the docket; and

**IT IS FURTHER ORDERED** that the confidentiality of any materials or arguments presented to the special master will be treated in accordance with the Discovery Confidentiality Order already in place in this action; (ECF No. 164); and

**IT IS FURTHER ORDERED** that the special master and his assistant lawyer(s) shall not be subject to subpoena by any party; and

**IT IS FURTHER ORDERED** that the special master may impose on a party any noncontempt sanction provided by Rules 37 or 45 (including his own fees and expenses), and may

recommend a contempt sanction against a party and sanctions against a nonparty; and

SO ORDERED

_____
JOSE L. LINARES
Chief Judge, United States District Court

cc: Hon. Joseph A. Dickson, U.S.M.J.