# EXHIBIT C

# DuaneMorris®

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

*FIRM and AFFILIATE OFFICES*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
*E-MAIL:* SAGoldberg@duanemorris.com

*www.duanemorris.com*

September 2, 2020

VIA E-MAIL

The Honorable Robert B. Kugler
United States District Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

Re:    **In re Valsartan/Irbesartan/Losartan Products Liability Litigation**
**Case No. 1:19-md-02875-RBK-JS**

Dear Judge Kugler:

I write on behalf of all of the defendants in the above-referenced action to supplement my letter regarding Judge Schneider's retirement dated July 9, 2020.

Although the Court has not requested additional information on this topic, Your Honor's email, dated July 22, 2020, noting that special masters have been appointed in 35 MDLs pending in courts throughout the U.S. prompted Defendants to ascertain the extent to which special masters were appointed in the 183 MDLs identified by the JPML as pending as of the date of Your Honor's email. *See* MDL Statistics Report - Distribution of Pending MDL Dockets by District (July 16, 2020), attached as Ex. A. Our evaluation[1] revealed the following information about the engagement of special masters in those MDLs, which we hope the Court will find useful in determining how to proceed with the management and referral of pre-trial issues upon Judge Schneider's retirement:

---

[1] *See* chart entitled MDLs Pending as of July 16, 2020, With Special Master Appointments, attached as Ex. B.

DuaneMorris

The Honorable Robert B. Kugler
September 2, 2020
Page 2

- Of the 183 MDLs, special masters were appointed in 60, or approximately 33%.

- 97 special masters were appointed in those 60 MDLs, as more than one special master was appointed in some of these MDLs.

- Of the 97 special masters appointed, 65 were appointed in 45 MDLs with the consent of the parties, and another 27 were appointed in 16 MDLs without an objection from either party.

- Of the 97 special masters appointed, 69 were appointed in 41 MDLs to manage specific issues, such as settlement and attorney fee disputes, whereas 28 were appointed in 22 MDLs to manage general pre-trial discovery issues.

- Of the 78 individual special masters appointed in the 60 MDLs (some special masters were appointed in multiple MDLs), five were of a racially diverse background, 14 were women, and two were women of a racially diverse background.

- In the 6 MDLs where there was an objection to the reference to a special master, the objection was sustained in two of the MDLs and the objection was overruled in four of the MDLs.

The above figures demonstrate, among other things, that (i) special masters were referred in only approximately one-third of the 183 MDLs; (ii) in all but four of those MDLs the referrals were made with the consent of the parties (45) or without their objection (16); (iii) in the vast majority of MDLs (88%), general pre-trial discovery issues were being managed by the Court, as those issues were referred to special masters in just 22 MDLs; and (iv) a small number of the referrals were to special masters who were women (14) and/or of a racially diverse background (5).

That special masters were appointed in just one-third of the 183 MDLs, and that the majority of special master appointments (more than two-thirds) were for the management of a specific issue, is consistent with the Supreme Court's guidance that "the use of masters is to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause, and not to displace the court." *La Buy v. Howes Leather Co*., 352 U.S. 249, 225 (1957) (internal citations and quotations omitted).

As all MDLs are by their inherent nature complex, and most are pending in District Courts with heavy caseloads, the vast majority of MDL courts were managing general pre-trial discovery and other issues without the appointment of a special master. This is consistent with Supreme Court and Third Circuit precedent providing that complex legal issues and heavy caseloads are not exceptional circumstances that warrant a reference to a special master. *La Buy*, 352 U.S. at 259 ("[C]ongestion in itself is not such an exceptional circumstance as to warrant a reference to a

DuaneMorris

The Honorable Robert B. Kugler
September 2, 2020
Page 3

master. If such were the test, present congestion would make references the rule rather than the exception."); *Prudential Ins. Co. v. U.S. Gypsum Co*., 991 F.2d 1080, 1087 (3d Cir. 1993) (citing *La Buy* and emphasizing "[n]either the volume of work generated by a case nor the complexity of that work will suffice to meet the "exceptional condition" standard promulgated by Rule 53"); *Agostino v. Quest Diagnostics, Inc*., No. 04-4362, 2012 WL 2344865, at *1 (D.N.J. June 20, 2012) ("[The] appointment of a special master must be limited in scope and is not justified simply because of docket congestion or the complexity of factual and/or legal issues."). Applying these precedents to our MDL, Your Honor's appointment of Magistrate Judge Schneider to manage pre-trial discovery issues, notwithstanding their complexity or the heavy caseload in this Court, was entirely consistent with the holdings in *La Buy* and *Prudential* and with the practice and experience of other MDL courts as referenced above.

Similarly, in the four MDLs where a special master was appointed over an objection of one of the parties the above principles controlled. In *In re: Domestic Drywall Antitrust Litigation*, the Court appointed a special master to evaluate the specific question whether class counsels' fee request of 1/3 of the class recovery was fair. *See* Order, MDL No. 2437 (E.D. Pa. Sept. 12, 2018) (attached as Ex. C). In *In re: National Football League Players' Concussion Injury Litigation*, a special master – referred to as a "special investigator" – was appointed to investigate claims of fraud arising in connection with the implementation of the settlement. *See* Order, MDL No. 2323 (E.D. Pa. Dec. 10, 2018) (attached as Ex. D). And, in *In re: Cathode Ray Tube Antitrust Litigation*, the appointment of a second special master was necessary because, "in addition to simple congestion," the Court "need[ed] to complete an incredible volume of highly complex motion work to ensure a trial schedule that will be fair and equitable to all involved parties;" specifically, "at least 86-91 complex pending motions which must all be decided within four months." *See* Order, MDL No. 1917 (N.D. Cal. Sept. 11, 2015) (attached as Ex. E), p. 2.

In *In re: Liquid Aluminum Sulfate Antitrust Litigation*, the "breadth and frequency of the parties' discovery disputes," which the Court noted were likely to continue with regularity into the foreseeable future, warranted the appointment of a special master to manage pre-trial discovery issues. *See* Order, MDL No. 2687 (D.N.J. Mar. 13, 2018) (attached as Ex. F), pp. 2, 4. There, in just eight months, the parties "made more than 50 individual filings regarding contested discovery or case management issues," and "raised more than a dozen discrete disputes, which have spanned more than 200 pages of single spaced letter briefing." *Id*. at 2. The reference to a special master was proposed by presiding Magistrate Judge Joseph Dickson over an objection of one of the parties. In making the appointment, Judge Linares noted that neither "the number of disputes at issue or the need for [] intensive case management is inappropriate in a case of this size and complexity," *id*. at 3, but "the level of case management" required by the parties in that MDL was "simply not sustainable given the docket congestion in District of New Jersey and the press of other matters on the Court's docket," especially given judicial vacancies in the District of New Jersey. *Id*. at 4.

In contrast to *In re: Liquid Aluminum Sulfate*, by the time he retires at the end of the year, Magistrate Judge Schneider will have guided the parties through the completion of written

**DuaneMorris**

The Honorable Robert B. Kugler
September 2, 2020
Page 4

discovery, including document requests and productions Plaintiff and Defendant fact sheets, as well as a deposition protocol, and this action will be entering into a new phase focused less on discovery and more on the merits of Plaintiffs' general causation claims and eventual motion for class certification. Unlike *In re Liquid Aluminum Sulfate*, the history of the parties' disputes in this action, and Magistrate Judge Schneider's management of them, demonstrates that issues that might arise between the parties in the next phase of this litigation can be efficiently and effectively managed by Magistrate Judge Williams or Magistrate Judge Donio.

In addition to the above, although defendants have been unable to collect complete cost information regarding special master appointments in all of the 183 MDLs, of those MDLs for which such information can be discerned, it appears the average hourly rate for special masters appointed in the New Jersey District Courts is $830 (high $1200, low $600), the average hourly rate for special masters across the entire Third Circuit is $600, and the average hourly rate for special masters among all MDLs is $560. *See* Ex. B. Given the number of hours a special master might expend managing general pre-trial discovery and other issues in this MDL, which is expected to proceed for several years, an hourly rate between $600 and $830 would likely correspond to many millions of dollars in special master fees that would be imposed on the parties should a special master be appointed following Judge Schneider's retirement.

Defendants hope that the foregoing information is helpful to the Court, and I look forward to further discussing this topic with the Court at Your Honor's convenience. The Defendants remain grateful for Your Honor's courtesies and careful consideration of this matter.

Respectfully,


/s/ *Seth A. Goldberg*
Seth A. Goldberg




Enclosures

cc:    Adam Slater, Esq.

# Ex. A

| United States Judicial Panel on Multidistrict Litigation | | | | | Report Date: 7/16/2020 |
|---|---|---|---|---|---|

**MDL Statistics Report - Distribution of Pending MDL Dockets by District**

**MDL Filters:**
Status: Transferred
Limited to **Active Litigations**

| District | Judge (Title) | Docket No. | Litigation | Actions Now Pending | Total Actions (Historical) |
|---|---|---|---|---|---|
| ALN | R. David Proctor (U.S. District Judge) | MDL -2406 | IN RE: Blue Cross Blue Shield Antitrust Litigation | 59 | 86 |
| AZ | David G. Campbell (U.S. District Judge) | MDL -2641 | IN RE: Bard IVC Filters Products Liability Litigation | 2,085 | 8,692 |
| CAC | Andre Birotte, Jr (U.S. District Judge) | MDL -2814 | IN RE: Ford Motor Co. DPS6 PowerShift Transmission Products Liability Litigation | 955 | 1,097 |
| | Philip S Gutierrez (U.S. District Judge) | MDL -2826 | IN RE: Uber Technologies, Inc., Data Security Breach Litigation | 11 | 18 |
| | John A. Kronstadt (U.S. District Judge) | MDL -2905 | IN RE: ZF-TRW Airbag Control Units Products Liability Litigation | 25 | 25 |
| | James V. Selna (U.S. District Judge) | MDL -2151 | IN RE: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation | 12 | 460 |
| CAN | Charles R. Breyer (Sr. District Judge) | MDL -1913 | IN RE: Transpacific Passenger Air Transportation Antitrust Litigation | 26 | 26 |
| | Charles R. Breyer (Sr. District Judge) | MDL -2184 | IN RE: Google Inc. Street View Electronic Communications Litigation | 21 | 21 |
| | Charles R. Breyer (Sr. District Judge) | MDL -2672 | IN RE: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation | 967 | 1,881 |
| | Charles R. Breyer (Sr. District Judge) | MDL -2796 | IN RE: German Automotive Manufacturers Antitrust Litigation | 38 | 39 |
| | Edward M. Chen (U.S. District Judge) | MDL -2777 | IN RE: Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation | 50 | 52 |
| | Maxine M Chesney (U.S. District Judge) | MDL -2918 | IN RE: Hard Disk Drive Suspension Assemblies Antitrust Litigation | 28 | 29 |
| | Vince Chhabria (U.S. District Judge) | MDL -2741 | IN RE: Roundup Products Liability Litigation | 3,460 | 3,570 |
| | Vince Chhabria (U.S. District Judge) | MDL -2843 | IN RE: Facebook, Inc., Consumer Privacy User Profile Litigation | 36 | 41 |
| | Edward J. Davila (U.S. District Judge) | MDL -2827 | IN RE: Apple Inc. Device Performance Litigation | 63 | 66 |
| | James Donato (U.S. District Judge) | MDL -2801 | IN RE: Capacitors Antitrust Litigation (No. III) | 22 | 22 |
| | Beth Labson Freeman (U.S. District Judge) | MDL -2834 | IN RE: PersonalWeb Technologies, LLC, and Level 3 Communications, LLC, Patent Litigation | 63 | 76 |
| | Susan Yvonne Illston (Sr. District Judge) | MDL -2874 | IN RE: RAH Color Technologies LLC Patent Litigation | 4 | 6 |
| | Lucy H. Koh (U.S. District Judge) | MDL -2752 | IN RE: Yahoo! Inc. Customer Data Security Breach Litigation | 29 | 31 |
| | Lucy H. Koh (U.S. District Judge) | MDL -2773 | IN RE: Qualcomm Antitrust Litigation | 24 | 35 |
| | William H. Orrick, III (U.S. District Judge) | MDL -2913 | IN RE: Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation | 758 | 766 |
| | Richard Seeborg (U.S. District Judge) | MDL -2691 | IN RE: Viagra (Sildenafil Citrate) and Cialis (Tadalafil) Products Liability Litigation | 0 | 1,076 |
| | Jon S. Tigar (U.S. District Judge) | MDL -1917 | IN RE: Cathode Ray Tube (CRT) Antitrust Litigation | 56 | 75 |
| | Jeffrey S. White (U.S. District Judge) | MDL -1791 | IN RE: National Security Agency Telecommunications Records Litigation | 1 | 50 |
| | Jeffrey S. White (U.S. District Judge) | MDL -2555 | IN RE: Coca-Cola Products Marketing and Sales Practices Litigation (No. II) | 6 | 8 |
| | Claudia Wilken (Sr. District Judge) | MDL -2541 | IN RE: National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation | 1 | 10 |
| CAS | Michael M. Anello (U.S. District Judge) | MDL -2286 | IN RE: Midland Credit Management, Inc., Telephone Consumer Protection Act (TCPA) Litigation | 173 | 337 |
| | Anthony J. Battaglia (U.S. District Judge) | MDL -2452 | IN RE: Incretin-Based Therapies Products Liability Litigation | 993 | 1,047 |
| | John A. Houston (U.S. District Judge) | MDL -2295 | IN RE: Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act (TCPA) Litigation | 134 | 165 |
| | Janis L. Sammartino (U.S. District Judge) | MDL -2670 | IN RE: Packaged Seafood Products Antitrust Litigation | 78 | 83 |
| DC | Paul L. Friedman (Sr. District Judge) | MDL -1869 | IN RE: Rail Freight Fuel Surcharge Antitrust Litigation | 12 | 24 |
| | Beryl A. Howell (Chief Judge, USDC) | MDL -2925 | IN RE: Rail Freight Fuel Surcharge Antitrust Litigation (No. II) | 87 | 87 |
| | Ellen Segal Huvelle (Sr. District Judge) | MDL -2665 | IN RE: McCormick & Company, Inc., Pepper Products Marketing and Sales Practices Litigation | 2 | 16 |
| | Amy Berman Jackson (U.S. District Judge) | MDL -2664 | IN RE: U.S. Office of Personnel Management Data Security Breach Litigation | 1 | 22 |
| | Colleen Kollar-Kotelly (U.S. District Judge) | MDL -2656 | IN RE: Domestic Airline Travel Antitrust Litigation | 105 | 111 |
| | Randolph D. Moss (U.S. District Judge) | MDL -1880 | IN RE: Papst Licensing Digital Camera Patent Litigation | 14 | 21 |
| | Emmet G. Sullivan (U.S. District Judge) | MDL -2165 | IN RE: Endangered Species Act Section 4 Deadline Litigation | 3 | 35 |
| DE | Richard G. Andrews (U.S. District Judge) | MDL -2884 | IN RE: Kerydin (Tavaborole) Topical Solution 5% Patent Litigation | 2 | 3 |
| | Richard G. Andrews (U.S. District Judge) | MDL -2902 | IN RE: Sitagliptin Phosphate ('708 & '921) Patent Litigation | 10 | 15 |
| | Colm F. Connolly (Judge) | MDL -2912 | IN RE: Palbociclib Patent Litigation | 13 | 13 |
| | Eduardo C. Robreno (Sr. District Judge) | MDL -2358 | IN RE: Google Inc. Cookie Placement Consumer Privacy Litigation | 1 | 27 |
| | Leonard P. Stark (Chief Judge, USDC) | MDL -2895 | IN RE: Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litigation | 6 | 6 |
| | Leonard P. Stark (Chief Judge, USDC) | MDL -2896 | IN RE: Auryxia (Ferric Citrate) Patent Litigation | 6 | 6 |
| | Leonard P. Stark (Chief Judge, USDC) | MDL -2930 | IN RE: Entresto (Sacubitril/Valsartan) Patent Litigation | 5 | 5 |
| FLM | Gregory A Presnell (U.S. District Judge) | MDL -2557 | IN RE: Auto Body Shop Antitrust Litigation | 7 | 27 |
| | Harvey E. Schlesinger (Sr. District Judge) | MDL -2626 | IN RE: Disposable Contact Lens Antitrust Litigation | 55 | 60 |
| | Mary S. Scriven (U.S. District Judge) | MDL -2737 | IN RE: 21st Century Oncology Customer Data Security Breach Litigation | 18 | 18 |
| FLN | M. Casey Rodgers (Chief Judge, USDC) | MDL -2734 | IN RE: Abilify (Aripiprazole) Products Liability Litigation | 1,042 | 2,810 |
| | M. Casey Rodgers (Chief Judge, USDC) | MDL -2885 | IN RE: 3M Combat Arms Earplug Products Liability Litigation | 7,866 | 8,493 |

| | | | | | |
|---|---|---|---|---|---|
| FLS | Roy K. Altman (Judge) | MDL -2914 | IN RE: ERMI LLC ('289) Patent Litigation | 8 | 8 |
| | Darrin P. Gayles (U.S. District Judge) | MDL -2841 | IN RE: MONAT Hair Care Products Marketing, Sales Practices and Products Liability Litigation | 13 | 13 |
| | James Lawrence King (Sr. District Judge) | MDL -2036 | IN RE: Checking Account Overdraft Litigation | 7 | 100 |
| | Kenneth A. Marra (U.S. District Judge) | MDL -1916 | IN RE: Chiquita Brands International, Inc., Alien Tort Statute and Shareholders Derivative Litigation | 18 | 29 |
| | K. Michael Moore (Chief Judge, USDC) | MDL -2832 | IN RE: Liquid Toppings Dispensing System ('447) Patent Litigation | 15 | 15 |
| | Federico A. Moreno (U.S. District Judge) | MDL -2599 | IN RE: Takata Airbag Products Liability Litigation | 184 | 350 |
| | Robin L. Rosenberg (Judge) | MDL -2924 | IN RE: Zantac (Ranitidine) Products Liability Litigation | 291 | 291 |
| | | | | | |
| GAN | Jean-Paul Boulee (Judge) | MDL -2933 | IN RE: TransUnion Rental Screening Solutions, Inc., Fair Credit Reporting Act (FCRA) Litigation | 7 | 7 |
| | Richard W. Story (Sr. District Judge) | MDL -2782 | IN RE: Ethicon Physiomesh Flexible Composite Hernia Mesh Products Liability Litigation | 2,907 | 3,050 |
| | Thomas W. Thrash, Jr (Chief Judge, USDC) | MDL -2084 | IN RE: AndroGel Antitrust Litigation (No. II) | 4 | 15 |
| | Thomas W. Thrash, Jr (Chief Judge, USDC) | MDL -2800 | IN RE: Equifax, Inc., Customer Data Security Breach Litigation | 453 | 484 |
| | | | | | |
| ILN | Elaine E. Bucklo (Sr. District Judge) | MDL -2931 | IN RE: Delta Dental Antitrust Litigation | 25 | 25 |
| | Robert M. Dow, Jr (U.S. District Judge) | MDL -2817 | IN RE: Dealer Management Systems Antitrust Litigation | 18 | 21 |
| | Robert M. Dow, Jr (U.S. District Judge) | MDL -2909 | IN RE: Fairlife Milk Products Marketing and Sales Practices Litigation | 8 | 8 |
| | Gary Feinerman (U.S. District Judge) | MDL -2705 | IN RE: 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation | 46 | 53 |
| | Joan B. Gottschall (Sr. District Judge) | MDL -2590 | IN RE: Navistar MaxxForce Engines Marketing, Sales Practices and Products Liability Litigation | 41 | 48 |
| | Virginia M. Kendall (U.S. District Judge) | MDL -2867 | IN RE: Local TV Advertising Antitrust Litigation | 22 | 22 |
| | Matthew F. Kennelly (U.S. District Judge) | MDL -2545 | IN RE: Testosterone Replacement Therapy Products Liability Litigation | 3,365 | 7,871 |
| | John Z. Lee (U.S. District Judge) | MDL -2492 | IN RE: National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation | 498 | 500 |
| | Harry D. Leinenweber (Sr. District Judge) | MDL -2580 | IN RE: Opana ER Antitrust Litigation | 14 | 14 |
| | Manish S. Shah (U.S. District Judge) | MDL -2842 | IN RE: Chicago Board Options Exchange Volatility Index Manipulation Antitrust Litigation | 25 | 28 |
| | | | | | |
| INN | Robert L. Miller, Jr (U.S. District Judge) | MDL -2391 | IN RE: Biomet M2a Magnum Hip Implant Products Liability Litigation | 47 | 2,883 |
| | | | | | |
| INS | Robert L. Miller, Jr (Sr. District Judge) | MDL -2181 | IN RE: Method of Processing Ethanol Byproducts and Related Subsystems ('858) Patent Litigation | 0 | 22 |
| | Richard L. Young (Chief Judge, USDC) | MDL -2570 | IN RE: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Products Liability Litigation | 7,253 | 8,418 |
| | | | | | |
| KS | Daniel D. Crabtree (U.S. District Judge) | MDL -2785 | IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation | 7 | 9 |
| | John W. Lungstrum (Sr. District Judge) | MDL -2591 | IN RE: Syngenta AG MIR162 Corn Litigation | 4 | 2,434 |
| | Julie A. Robinson (Chief Judge, USDC) | MDL -2887 | IN RE: Hill's Pet Nutrition, Inc., Dog Food Products Liability Litigation | 30 | 35 |
| | | | | | |
| KYE | Karen K. Caldwell (Chief Judge, USDC) | MDL -2809 | IN RE: Onglyza (Saxagliptin) and Kombiglyze XR (Saxagliptin and Metformin) Products Liability Litigation | 269 | 322 |
| | | | | | |
| KYW | David J. Hale (U.S. District Judge) | MDL -2504 | IN RE: Amazon.com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation | 1 | 12 |
| | | | | | |
| LAE | Carl J. Barbier (U.S. District Judge) | MDL -2179 | IN RE: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | 1,017 | 6,089 |
| | Eldon E. Fallon (U.S. District Judge) | MDL -2047 | IN RE: Chinese-Manufactured Drywall Products Liability Litigation | 141 | 385 |
| | Eldon E. Fallon (U.S. District Judge) | MDL -2592 | IN RE: Xarelto (Rivaroxaban) Products Liability Litigation | 22,170 | 31,964 |
| | Jane Triche Milazzo (U.S. District Judge) | MDL -2740 | IN RE: Taxotere (Docetaxel) Products Liability Litigation | 12,708 | 15,245 |
| | | | | | |
| MA | Denise J. Casper (U.S. District Judge) | MDL -2938 | IN RE: Evenflo Company, Inc., Marketing, Sales Practices and Products Liability Litigation | 28 | 28 |
| | Nathaniel M. Gorton (U.S. District Judge) | MDL -2878 | IN RE: Ranbaxy Generic Drug Application Antitrust Litigation | 6 | 6 |
| | Timothy S. Hillman (U.S. District Judge) | MDL -2566 | IN RE: TelexFree Securities Litigation | 1 | 12 |
| | George A O'Toole, Jr (Sr. District Judge) | MDL -2677 | IN RE: Daily Fantasy Sports Litigation | 81 | 86 |
| | F. Dennis Saylor (U.S. District Judge) | MDL -2657 | IN RE: Zofran (Ondansetron) Products Liability Litigation | 453 | 711 |
| | Indira Talwani (U.S. District Judge) | MDL -2768 | IN RE: Stryker LFIT V40 Femoral Head Products Liability Litigation | 485 | 894 |
| | Douglas P. Woodlock (Sr. District Judge) | MDL -2428 | IN RE: Fresenius GranuFlo/NaturaLyte Dialysate Products Liability Litigation | 17 | 4,516 |
| | | | | | |
| MD | Catherine C. Blake (U.S. District Judge) | MDL -2775 | IN RE: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation | 805 | 874 |
| | Paul W. Grimm (U.S. District Judge) | MDL -2879 | IN RE: Marriott International, Inc., Customer Data Security Breach Litigation | 79 | 92 |
| | | | | | |
| MIE | Sean F. Cox (U.S. District Judge) | MDL -2311 | IN RE: Automotive Parts Antitrust Litigation | 275 | 321 |
| | Sean F. Cox (U.S. District Judge) | MDL -2901 | IN RE: Ford Motor Co. F-150 and Ranger Truck Fuel Economy Marketing and Sales Practices Litigation | 22 | 22 |
| | David M. Lawson (U.S. District Judge) | MDL -2744 | IN RE: FCA US LLC Monostable Electronic Gearshift Litigation | 18 | 39 |
| | Matthew F. Leitman (U.S. District Judge) | MDL -2818 | IN RE: General Motors Air Conditioning Marketing and Sales Practices Litigation | 15 | 15 |
| | | | | | |
| MN | Michael James Davis (Sr. District Judge) | MDL -1431 | IN RE: Baycol Products Liability Litigation | 2 | 9,107 |
| | Michael James Davis (Sr. District Judge) | MDL -2795 | IN RE: CenturyLink Sales Practices and Securities Litigation | 25 | 29 |
| | Joan N. Ericksen (U.S. District Judge) | MDL -2666 | IN RE: Bair Hugger Forced Air Warming Devices Products Liability Litigation | 14 | 5,859 |
| | Donovan W. Frank (Sr. District Judge) | MDL -2441 | IN RE: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation | 364 | 3,599 |
| | Paul A. Magnuson (Sr. District Judge) | MDL -2522 | IN RE: Target Corporation Customer Data Security Breach Litigation | 111 | 114 |
| | John R. Tunheim (Chief Judge, USDC) | MDL -2642 | IN RE: Fluoroquinolone Products Liability Litigation | 43 | 1,264 |
| | | | | | |
| MOE | Henry Edward Autrey (U.S. District Judge) | MDL -2382 | IN RE: Emerson Electric Co. Wet/Dry Vac Marketing and Sales Practices Litigation | 8 | 8 |
| | Stephen N. Limbaugh, Jr (U.S. District Judge) | MDL -2820 | IN RE: Dicamba Herbicides Litigation | 42 | 50 |
| | Rodney W. Sippel (Chief Judge, USDC) | MDL -1964 | IN RE: NuvaRing Products Liability Litigation | 1 | 2,002 |

| | | | | | |
|---|---|---|---|---:|---:|
| MOW | Stephen R. Bough (U.S. District Judge) | MDL -2936 | IN RE: Smitty's/CAM2 303 Tractor Hydraulic Fluid Marketing, Sales Practices and Products Liability Litigation | 8 | 8 |
| | Gary A. Fenner (Sr. District Judge) | MDL -2567 | IN RE: Pre-Filled Propane Tank Antitrust Litigation | 0 | 38 |
| | Gary A. Fenner (Sr. District Judge) | MDL -2709 | IN RE: Dollar General Corp. Motor Oil Marketing and Sales Practices Litigation | 20 | 26 |
| NH | Landya B. McCafferty (U.S. District Judge) | MDL -2753 | IN RE: Atrium Medical Corp. C-Qur Mesh Products Liability Litigation | 2,241 | 2,275 |
| NJ | Madeline C. Arleo (U.S. District Judge) | MDL -2687 | IN RE: Liquid Aluminum Sulfate Antitrust Litigation | 70 | 85 |
| | Madeline C. Arleo (U.S. District Judge) | MDL -2904 | IN RE: American Medical Collection Agency, Inc., Customer Data Security Breach Litigation | 52 | 53 |
| | Claire C. Cecchi (U.S. District Judge) | MDL -1663 | IN RE: Insurance Brokerage Antitrust Litigation | 1 | 52 |
| | Claire C. Cecchi (U.S. District Judge) | MDL -2789 | IN RE: Proton-Pump Inhibitor Products Liability Litigation (No. II) | 13,715 | 16,565 |
| | Katharine S Hayden (Sr. District Judge) | MDL -2020 | IN RE: Aetna, Inc., Out-of-Network "UCR" Rates Litigation | 3 | 13 |
| | Robert B. Kugler (Sr. District Judge) | MDL -2606 | IN RE: Benicar (Olmesartan) Products Liability Litigation | 1 | 2,311 |
| | Robert B. Kugler (Sr. District Judge) | MDL -2875 | IN RE: Valsartan, Losartan, and Irbesartan Products Liability Litigation | 531 | 566 |
| | Brian R. Martinotti (U.S. District Judge) | MDL -2750 | IN RE: Invokana (Canagliflozin) Products Liability Litigation | 442 | 1,206 |
| | Brian R. Martinotti (U.S. District Judge) | MDL -2921 | IN RE: Allergan Biocell Textured Breast Implant Products Liability Litigation | 143 | 149 |
| | Peter G. Sheridan (Sr. District Judge) | MDL -2332 | IN RE: Lipitor Antitrust Litigation | 1 | 33 |
| | Michael A. Shipp (U.S. District Judge) | MDL -2779 | IN RE: FieldTurf Artificial Turf Marketing and Sales Practices Litigation | 16 | 17 |
| | Freda L. Wolfson (Chief Judge, USDC) | MDL -2243 | IN RE: Fosamax (Alendronate Sodium) Products Liability Litigation (No. II) | 269 | 1,278 |
| | Freda L. Wolfson (Chief Judge, USDC) | MDL -2738 | IN RE: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation | 18,283 | 18,527 |
| NM | James O. Browning (U.S. District Judge) | MDL -2695 | IN RE: Santa Fe Natural Tobacco Company Marketing and Sales Practices Litigation | 17 | 17 |
| | William P. Johnson (Chief Judge, USDC) | MDL -2824 | IN RE: Gold King Mine Release in San Juan County, Colorado, on August 5, 2015 | 5 | 5 |
| NYE | Margo K. Brodie (U.S. District Judge) | MDL -1720 | IN RE: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation | 71 | 118 |
| | Brian M. Cogan (U.S. District Judge) | MDL -1738 | IN RE: Vitamin C Antitrust Litigation | 4 | 10 |
| | Brian M. Cogan (U.S. District Judge) | MDL -2331 | IN RE: Propecia (Finasteride) Products Liability Litigation | 4 | 1,178 |
| | Nicholas G Garaufis (Sr. District Judge) | MDL -2221 | IN RE: American Express Anti-Steering Rules Antitrust Litigation (No. II) | 7 | 15 |
| | Nina Gershon (Sr. District Judge) | MDL -2819 | IN RE: Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation | 18 | 21 |
| NYS | Vernon S. Broderick (U.S. District Judge) | MDL -1358 | IN RE: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | 15 | 190 |
| | Vernon S. Broderick (U.S. District Judge) | MDL -2542 | IN RE: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation | 20 | 28 |
| | Naomi Reice Buchwald (Sr. District Judge) | MDL -2262 | IN RE: Libor-Based Financial Instruments Antitrust Litigation | 48 | 78 |
| | Valerie E. Caproni (U.S. District Judge) | MDL -2548 | IN RE: Commodity Exchange, Inc., Gold Futures and Options Trading Litigation | 28 | 29 |
| | Valerie E. Caproni (U.S. District Judge) | MDL -2573 | IN RE: London Silver Fixing, Ltd., Antitrust Litigation | 9 | 9 |
| | Andrew L. Carter, Jr (U.S. District Judge) | MDL -2475 | IN RE: North Sea Brent Crude Oil Futures Litigation | 0 | 15 |
| | P. Kevin Castel (Sr. District Judge) | MDL -2742 | IN RE: SunEdison, Inc., Securities Litigation | 15 | 34 |
| | Paul A. Crotty (Sr. District Judge) | MDL -2859 | IN RE: Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology and Versys Femoral Head Products Liability Litigation | 181 | 182 |
| | George B. Daniels (U.S. District Judge) | MDL -1570 | IN RE: Terrorist Attacks on September 11, 2001 | 330 | 338 |
| | Paul A. Engelmayer (U.S. District Judge) | MDL -2481 | IN RE: Aluminum Warehousing Antitrust Litigation | 4 | 35 |
| | Paul A. Engelmayer (U.S. District Judge) | MDL -2767 | IN RE: Mirena IUS Levonorgestrel-Related Products Liability Litigation (No. II) | 0 | 926 |
| | Jesse M. Furman (U.S. District Judge) | MDL -2543 | IN RE: General Motors LLC Ignition Switch Litigation | 31 | 852 |
| | Paul G. Gardephe (U.S. District Judge) | MDL -2673 | IN RE: Treasury Securities Auction Antitrust Litigation | 33 | 43 |
| | Lewis A. Kaplan (Sr. District Judge) | MDL -2865 | IN RE: Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation | 184 | 185 |
| | J. Paul Oetken (U.S. District Judge) | MDL -2704 | IN RE: Interest Rate Swaps Antitrust Litigation | 10 | 11 |
| | William H Pauley, III (U.S. District Judge) | MDL -2645 | IN RE: Kind LLC "All Natural" Litigation | 11 | 12 |
| | Jed S. Rakoff (Sr. District Judge) | MDL -2941 | IN RE: Nine West LBO Securities Litigation | 17 | 19 |
| | Lorna G. Schofield (U.S. District Judge) | MDL -2776 | IN RE: Farxiga (Dapagliflozin) Products Liability Litigation | 2 | 68 |
| NYW | Geoffrey W. Crawford (U.S. District Judge) | MDL -2903 | IN RE: Fisher-Price Rock 'n Play Sleeper Marketing, Sales Practices, and Products Liability Litigation | 16 | 16 |
| OHN | James S. Gwin (U.S. District Judge) | MDL -2807 | IN RE: Sonic Corp. Customer Data Security Breach Litigation | 9 | 11 |
| | Jeffrey J. Helmick (U.S. District Judge) | MDL -2197 | IN RE: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation | 846 | 10,313 |
| | Dan A. Polster (U.S. District Judge) | MDL -2804 | IN RE: National Prescription Opiate Litigation | 2,850 | 2,897 |
| OHS | Edmund A. Sargus, Jr (Chief Judge, USDC) | MDL -2433 | IN RE: E. I. du Pont de Nemours and Company C-8 Personal Injury Litigation | 74 | 3,688 |
| | Edmund A. Sargus, Jr (Chief Judge, USDC) | MDL -2846 | IN RE: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation | 3,591 | 3,615 |
| OKW | Timothy D. DeGiusti (U.S. District Judge) | MDL -2792 | IN RE: Samsung Top-Load Washing Machine Marketing, Sales Practices and Products Liability Litigation | 28 | 28 |
| OR | Michael H. Simon (U.S. District Judge) | MDL -2828 | IN RE: Intel Corp. CPU Marketing, Sales Practices and Products Liability Litigation | 41 | 43 |
| PAE | Harvey Bartle, III (Sr. District Judge) | MDL -2848 | IN RE: Zostavax (Zoster Vaccine Live) Products Liability Litigation | 1,387 | 1,513 |
| | Michael M Baylson (U.S. District Judge) | MDL -2437 | IN RE: Domestic Drywall Antitrust Litigation | 8 | 29 |
| | Anita B. Brody (Sr. District Judge) | MDL -2323 | IN RE: National Football League Players' Concussion Injury Litigation | 331 | 349 |
| | Jan E. DuBois (Sr. District Judge) | MDL -2460 | IN RE: Niaspan Antitrust Litigation | 21 | 23 |
| | Mitchell S Goldberg (U.S. District Judge) | MDL -2445 | IN RE: Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation | 12 | 15 |
| | C. Darnell Jones, II (U.S. District Judge) | MDL -2833 | IN RE: FedLoan Student Loan Servicing Litigation | 10 | 10 |
| | Gene E.K. Pratter (U.S. District Judge) | MDL -2002 | IN RE: Processed Egg Products Antitrust Litigation | 21 | 33 |

|  | Eduardo C. Robreno (Sr. District Judge) | MDL -875 | IN RE: Asbestos Products Liability Litigation (No. VI) | 34 | 192,118 |
|  | Cynthia M. Rufe (U.S. District Judge) | MDL -1871 | IN RE: Avandia Marketing, Sales Practices and Products Liability Litigation | 0 | 5,299 |
|  | Cynthia M. Rufe (U.S. District Judge) | MDL -2724 | IN RE: Generic Pharmaceuticals Pricing Antitrust Litigation | 126 | 195 |
| PAM | John E Jones, III (U.S. District Judge) | MDL -2816 | IN RE: Sorin 3T Heater-Cooler System Products Liability Litigation (No. II) | 86 | 91 |
| PAW | Donetta W. Ambrose (Sr. District Judge) | MDL -2862 | IN RE: Diisocyanates Antitrust Litigation | 12 | 12 |
|  | Joy Flowers Conti (Sr. District Judge) | MDL -2850 | IN RE: Railway Industry Employee No-Poach Antitrust Litigation | 26 | 26 |
| RI | William E. Smith (Chief Judge, USDC) | MDL -2472 | IN RE: Loestrin 24 Fe Antitrust Litigation | 14 | 14 |
| SC | Richard M. Gergel (U.S. District Judge) | MDL -2873 | IN RE: Aqueous Film-Forming Foams Products Liability Litigation | 725 | 725 |
|  | Bruce Howe Hendricks (U.S. District Judge) | MDL -2613 | IN RE: TD Bank, N.A., Debit Card Overdraft Fee Litigation | 11 | 13 |
|  | David C. Norton (U.S. District Judge) | MDL -2886 | IN RE: Allura Fiber Cement Siding Products Liability Litigation | 12 | 12 |
| TXN | Sidney A. Fitzwater (Sr. District Judge) | MDL -2587 | IN RE: IntraMTA Switched Access Charges Litigation | 12 | 102 |
|  | David C. Godbey (U.S. District Judge) | MDL -2099 | IN RE: Stanford Entities Securities Litigation | 42 | 154 |
|  | James Edgar Kinkeade (U.S. District Judge) | MDL -2244 | IN RE: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation | 8,806 | 10,515 |
|  | Barbara McG Lynn (Chief Judge, USDC) | MDL -2835 | IN RE: Iron Oak Technologies, LLC, Patent Litigation | 9 | 12 |
| TXS | Keith P Ellison (U.S. District Judge) | MDL -2185 | IN RE: BP p.l.c. Securities Litigation | 28 | 59 |
| VAE | Rebecca Beach Smith (U.S. District Judge) | MDL -2836 | IN RE: Zetia (Ezetimibe) Antitrust Litigation | 15 | 16 |
|  | Anthony J. Trenga (U.S. District Judge) | MDL -2627 | IN RE: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation | 3 | 196 |
|  | Anthony J. Trenga (U.S. District Judge) | MDL -2743 | IN RE: Lumber Liquidators Chinese-Manufactured Laminate Flooring Durability Marketing and Sales Practices Litigation | 0 | 32 |
|  | Anthony J. Trenga (U.S. District Judge) | MDL -2915 | IN RE: Capital One Consumer Data Security Breach Litigation | 35 | 63 |
| WVN | John P. Bailey (U.S. District Judge) | MDL -2493 | IN RE: Monitronics International, Inc., Telephone Consumer Protection Act (TCPA) Litigation | 1 | 38 |
| WVS | Joseph R. Goodwin (U.S. District Judge) | MDL -2326 | IN RE: Boston Scientific Corp. Pelvic Repair System Products Liability Litigation | 278 | 26,644 |
|  | Joseph R. Goodwin (U.S. District Judge) | MDL -2327 | IN RE: Ethicon, Inc., Pelvic Repair System Products Liability Litigation | 325 | 40,869 |
| **Report Totals:** |  | **183** |  | **130,649** | **489,515** |

Total Number of MDL Dockets: **183**
Total Number of Transferee Districts: **44**

Total Number of Transferee Judges: **151**
  15  Chief Judge, USDC
   4  Judge
  41  Sr. District Judge
  91  U.S. District Judge

| -- All Counts Are Based on the Report Filters Selected When Running the Report -- | | | | |
|---|---|---|---|---|

| Docket Count | Range of the Number of Actions *PENDING* in a Docket | Percent of Dockets | Action Count | Percent of Actions |
|---|---|---|---|---|
| 53 | MDLs with between 0 and 10 Pending Actions | 28.96% | 218 | 0.17% |
| 81 | MDLs with between 11 and 100 Pending Actions | 44.26% | 2,560 | 1.96% |
| 32 | MDLs with 101 and 999 Pending Actions | 17.49% | 13,125 | 10.05% |
| 17 | MDLs with 1,000 or more Pending Actions | 9.29% | 114,746 | 87.83% |

| Docket Count | Range of the Number of *TOTAL* Actions in a Docket | Percent of Dockets | Action Count | Percent of Actions |
|---|---|---|---|---|
| 18 | MDLs with between 0 and 10 Actions | 9.84% | 132 | 0.03% |
| 95 | MDLs with between 11 and 100 Actions | 51.91% | 3,293 | 0.67% |
| 31 | MDLs with 101 and 999 Actions | 16.94% | 12,312 | 2.52% |
| 39 | MDLs with 1,000 or more Actions | 21.31% | 473,778 | 96.79% |

# Ex. B

**MDLs PENDING AS OF JULY 16, 2020, WITH SPECIAL MASTER APPOINTMENTS**

| MDL No. | MDL Name | Appointing Judge | Special Master | Scope Of Appointment | Appointment by Consent of Parties or Without Objection | Compensation |
|---|---|---|---|---|---|---|
| | | | | **Northern District Of Alabama** | | |
| 2406 | **In Re: BCBS Antitrust Litigation** | R. David Proctor | Edgar C. Gentle, III | General pre-trial discovery issues | No objection | $250 per hour |
| | | | | **District Of Arizona** | | |
| 2641 | **In Re: Bard IVC Filters Products Liability Litigation** | David G. Campbell | Hon. Marina Corodemus (ret.) | Attorney fee issues | Consent | Not disclosed |
| | | | | **Central District Of California** | | |
| 2814 | **In Re: Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation** | André Birotte Jr. | Gary A Feess | Settlement | No objection | Not disclosed |
| 2151 | **In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation** | James V. Selna | Hon. Steven Stone (ret.) | General pre-trial discovery issues | Consent | $750 per hour |
| | | | Hon. John K. Trotter (ret.) | General pre-trial discovery issues | Consent | $750 per hour |
| | | | Patrick A. Juneau, Esq. | Settlement | Consent | Not disclosed |

| | | | Northern District Of California | | | |
|---|---|---|---|---|---|---|
| MDL No. | MDL Name | Appointing Judge | Special Master | Scope Of Appointment | Appointment by Consent of Parties or Without Objection | Compensation |
| 2184 | **In Re: Google Inc. Street View Electronic Communications Litigation** | Charles R. Breyer | Douglas A. Brush | Specific discovery issue | Consent | Not disclosed |
| 2672 | **In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation** | Charles R. Breyer | Robert Mueller, Esq. | Settlement | Consent | Not disclosed |
| 2777 | **In Re: Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation** | Edward M. Chen | Kenneth Feinberg (Settlement Master) | Settlement | Consent | Not disclosed |
| 2827 | **In Re: Apple Inc. Device Performance Litigation** | Edward J. Davila | Hon. Rebecca Westerfield (ret.) | General pre-trial discovery issues | Consent | $800 per hour |
| 2801 | **In Re: Capacitors Antitrust Litigation (No. III)** | James Donato | Jeffrey L. Bleich, Esq. | Settlement | Consent | Not disclosed |
| | | | Monica Ip, | Accounting issues | Consent | $375 per hour |
| 2913 | **In Re: Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation** | William H. Orrick, III | Hon. Gail A. Andler | Oversee common benefit fund | No objection | Not disclosed |
| | | | Thomas J. Perrelli, Esq. | Settlement | No objection | Not disclosed |

| 1917 | **In Re: Cathode Ray Tube (CRT) Antitrust Litigation** | Jon S. Tigar | Hon. Charles A. Legge | Pre-trial matters, including specifically assigned discovery motions | Consent | Not disclosed |
|---|---|---|---|---|---|---|
| | | | Hon. Vaughn R. Walker | General pre-trial discovery issues | Consent | $800 per hour |
| | | | Martin Quinn, Esq. | Fee issues | Consent | $700 per hour |
| | | | Hon. James Larson | Non-discovery pretrial matters | Defendants objected | $600 per hour |

| Southern District Of California | | | | | | |
|---|---|---|---|---|---|---|
| **MDL No.** | **MDL Name** | **Appointing Judge** | **Special Master** | **Scope Of Appointment** | **Appointment by Consent of Parties or Without Objection** | **Compensation** |
| 2286 | **In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act (TCPA) Litigation** | Michael M. Anello | Hon. Herbert B. Hoffman | Settlement | Consent | $660 per hour |

| District Of Columbia | | | | | | |
|---|---|---|---|---|---|---|
| **MDL No.** | **MDL Name** | **Appointing Judge** | **Special Master** | **Scope Of Appointment** | **Appointment by Consent of Parties or Without Objection** | **Compensation** |
| 2656 | **In Re: Domestic Airline Travel Antitrust Litigation** | Colleen Kollar-Kotelly | Hon. Richard A. Levie | General pre-trial discovery issues | Consent | Not disclosed |
| 1880 | **In Re: Papst Licensing Digital Camera Patent Litigation** | Randolph D. Moss | Dr. Ronald D. Williams (technical advisor) | Technical or scientific issues | No objection | $300 per hour |

| Northern District Of Florida | | | | | | |
|---|---|---|---|---|---|---|
| **MDL No.** | **MDL Name** | **Appointing Judge** | **Special Master** | **Scope Of Appointment** | **Appointment by Consent of Parties or Without Objection** | **Compensation** |
| 2734 | **In Re: Abilify (Aripiprazole) Products Liability** | M. Casey Rodgers | Ellen Reisman, Esq. | Oversee common benefit fund | Consent | Not disclosed |

| | | | Cathy Yanni | Settlement | Consent | Not disclosed |
|---|---|---|---|---|---|---|
| | Litigation | | | | | |
| 2885 | **In Re: 3M Combat Arms Earplug Products Liability Litigation** | M. Casey Rodgers | Ellen Reisman, Esq. | Oversee common benefit fund | No objection | Not disclosed |
| | | | Randall Sansom (CPA) | Oversee common benefit fund | No objection | Not disclosed |
| | | | Hon. David Herndon | Moving affirmative defenses into a posture for dispositive motion practice; specific discovery tasks | No objection | Not disclosed |

|  | | | | | | |
|---|---|---|---|---|---|---|
| **Southern District Of Florida** | | | | | | |
| **MDL No.** | **MDL Name** | **Appointing Judge** | **Special Master** | **Scope Of Appointment** | **Appointment by Consent of Parties or Without Objection** | **Compensation** |
| 2599 | **In Re: Takata Airbag Products Liability Litigation** | Federico A. Moreno | John Delionado, Esq. | General pre-trial discovery issues | Consent | Not disclosed |
| | | | Ryan Stumphauzer, Esq. (substitute) | General pre-trial discovery issues | Consent | Not disclosed |
| 2914 | **In Re: ERMI LLC ('289) Patent Litigation** | Roy K. Altman | Benjamin Widlanski, Esq. | General pre-trial discovery issues | No objection | $500 per hour |
| 2841 | **In Re: MONAT Hair Care Products Marketing, Sales Practices and Products Liability Litigation** | Darrin P. Gayles | Naim Shakir Surgeon, Esq. | General pre-trial discovery issues | Consent | $480 per hour |

| 2924 | **In Re: Zantac (Ranitidine) Products Liability Litigation** | Robin L. Rosenberg | Professor Jaime Dodge | Facilitate discussions with parties on pre-trial issues | Consent | Not disclosed |

| | Northern District of Illinois |

| MDL No. | MDL Name | Appointing Judge | Special Master | Scope Of Appointment | Appointment by Consent of Parties or Without Objection | Compensation |
|---|---|---|---|---|---|---|
| 2545 | **In Re: Testosterone Replacement Therapy Products Liability Litigation** | Matthew F. Kennelly | Randi Ellis | Settlement | No objection | Not disclosed |
| 2492 | **In Re: National Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litigation** | John Z. Lee | Hon. Wayne R. Anderson (ret.) | Settlement | Consent | Not disclosed |

| | Northern District of Indiana |

| MDL No. | MDL Name | Appointing Judge | Special Master | Scope Of Appointment | Appointment by Consent of Parties or Without Objection | Compensation |
|---|---|---|---|---|---|---|
| 2391 | **In Re: Biomet M2a Magnum Hip Implant Products Liability Litigation** | Robert L. Miller, Jr. | No special master appointed | Plaintiffs requested appointment of special masters to oversee discovery | Defendants objected | n/a |

|  | District of Kansas |

| MDL No. | MDL Name | Appointing Judge | Special Master | Scope Of Appointment | Appointment by Consent of Parties or Without Objection | Compensation |
|---|---|---|---|---|---|---|
| 2785 | **In Re: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation. (only in *Sanofi* case)** | Teresa J. James (Magistrate Judge) | Hon. Margaret R. Hinkle (ret.) | Specific discovery issue | Consent | $500 per hour |
| 2591 | **In Re: Syngenta AG MIR162 Corn Litigation** | John W. Lungstrum | Ellen Reisman | Settlement | Consent | $950 per hour |

5

| | | | Ellen Reisman | Attorney fee issues | No objection | Not disclosed |
| | | | Ellen Reisman | Settlement. | Consent | Not disclosed |
| | | | Judge Daniel J. Stack (ret.) | Settlement. | Consent | Not disclosed |

| | | | | **Eastern District of Louisiana** | | |
| **MDL No.** | **MDL Name** | **Appointing Judge** | **Special Master** | **Scope Of Appointment** | **Appointment by Consent of Parties or Without Objection** | **Compensation** |
|---|---|---|---|---|---|---|
| 2179 | **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | Carl J. Barbier | Francis E. McGovern | Oversee communication and coordination of the MDL | Consent | Not disclosed |
| | | | Louis Freeh / Freeh Group | Settlement | Consent | Not disclosed |
| | | | John W. Perry, Jr. | Oversee common benefit fund | Consent | $600 per hour |
| 2047 | **In Re: Chinese-Manufactured Drywall Products Liability Litigation** | Eldon E. Fallon | Michael K. Rozen | Settlement | Consent | Not disclosed |
| | | | Matthew Garretson | Settlement | Consent | Not disclosed |
| | | | Daniel Balhoff | Discreet discovery task | No objection | Not disclosed |
| 2740 | **In Re: Taxotere (Docetaxel) Products Liability Litigation** | Kurt D. Engelhardt | Kenneth W. DeJean | Oversee common benefit fund | No objection | $400 per hour |

| MDL No. | MDL Name | Appointing Judge | Special Master | Scope Of Appointment | Appointment by Consent of Parties or Without Objection | Compensation |
|---------|----------|------------------|----------------|----------------------|--------------------------------------------------------|--------------|
| **District of Massachusetts** | | | | | | |
| 2428 | **In Re: Fresenius Granuflo/Naturalyte Dialysate Products Liability Litigation** | Douglas P. Woodlock | Eric D. Green | Settlement | Consent | Pro bono |
| **District of Maryland** | | | | | | |
| 2775 | **In Re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation** | Catherine C. Blake | John W. Perry, Jr. | Settlement | Consent | $625 per hour |
| 2879 | **In Re: Marriott Int'l, Inc., Customer Data Security Breach Litigation** | Paul W. Grimm | Hon. John Facciola (ret.) | General pre-trial discovery issues | Consent | $500 per hour |
| **Eastern District of Michigan** | | | | | | |
| 2311 | **In Re: Automotive Parts Antitrust Litigation** | Marianne O. Battani | Gene J. Esshaki | General pre-trial discovery issues | No objection | Not disclosed |
| **District of Minnesota** | | | | | | |
| 1431 | **In Re: Baycol Products Liability Litigation** | Michael J. Davis | Roger Haydock | Ensuring compliance with protective order | No objection | $300 per hour |
| | | | John Borg | Supervise depositions in Europe | No objection | $300 per hour |

7

| 2617 | **In Re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation** | Donovan W. Frank | Arthur J. Boylan (Magistrate Judge, ret.) | Settlement | Consent | Not disclosed |
| --- | --- | --- | --- | --- | --- | --- |
| | | | **Eastern District of Missouri** | | | |
| **MDL No.** | **MDL Name** | **Appointing Judge** | **Special Master** | **Scope Of Appointment** | **Appointment by Consent of Parties or Without Objection** | **Compensation** |
| 2820 | **In Re: Dicamba Herbicides Litigation.** | Stephen N. Limbaugh | John S. Hahn | General pre-trial discovery issues | Consent | $725 per hour |
| 1964 | **In Re: Nuvaring Products Liability Litigation** | Rodney W. Sippel | Judge Daniel Stack | Settlement | No objection | Not disclosed |
| | | | **District of New Jersey** | | | |
| **MDL No.** | **MDL Name** | **Appointing Judge** | **Special Master** | **Scope Of Appointment** | **Appointment by Consent of Parties or Without Objection** | **Compensation** |
| 2332 | **In Re: Lipitor Antitrust Litigation** | Peter G. Sheridan | Jose L. Linares | General pre-trial discovery issues | Consent | $1000 per hour |
| 2418 | **In Re: Plavix Marketing, Sales Practices and Products Liability Litigation (No. II)** | Freda L. Wolfson | Peter H. Woodin, Esq. | General pre-trial discovery issues | Consent | Not disclosed |
| 2687 | **In Re: Liquid Aluminum Sulfate Antitrust Litigation** | Jose L. Linares | Judge Dennis M. Cavanaugh (ret.) | General pre-trial discovery issues | Some defendants objected | $650 per hour |
| | | | Judge Faith Hochberg (ret.) | General pre-trial discovery issues | Some defendants objected | $1200 per hour |

| 2738 | **In Re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices And Products Liability Litigation** | Freda L. Wolfson | Judge Joel Pisano, (ret.) | General pre-trial discovery issues | Consent | $700 per hour |
| 2750 | **In Re: Invokana Products Liability Litigation** | Brian R. Martinotti | Judge David R. Herndon, (ret.) | Issues related to the common benefit fund | No objection | Not disclosed |
| 2789 | **In Re: Proton-Pump Inhibitor Products Liability Litigation (No. II)[1]** | Claire C. Cecchi | No special master appointed | Plaintiffs requested the appointment of special master to address issues related to deposition scheduling and conduct | Defendants objected | n/a |

| **District of New Mexico** | | | | | | |
|---|---|---|---|---|---|---|
| **MDL No.** | **MDL Name** | **Appointing Judge** | **Special Master** | **Scope Of Appointment** | **Appointment by Consent of Parties or Without Objection** | **Compensation** |
| 2824 | **In Re: Gold King Mine Release** | William P. Johnson | Judge Alan C. Torgerson | Settlement and all non-dispositive pretrial matters | Consent | $150 to $200 per hour |

| **Eastern District of New York** | | | | | | |
|---|---|---|---|---|---|---|
| **MDL No.** | **MDL Name** | **Appointing Judge** | **Special Master** | **Scope Of Appointment** | **Appointment by Consent of Parties or Without Objection** | **Compensation** |
| 2331 | **In Re: Propecia (Finasteride) Products Liability Litigation** | Brian M. Cogan | Magistrate Judge Arthur Boylan (ret.) | To determine final awards | Consent | Not disclosed |

---

[1] Since the JPML published the July 16 list of pending MDLs, the parties in this MDL consented to the appointment of a special master (the scope of the appointment was not disclosed).

| Southern District of New York | | | | | | |
|---|---|---|---|---|---|---|
| MDL No. | MDL Name | Appointing Judge | Special Master | Scope Of Appointment | Appointment by Consent of Parties or Without Objection | Compensation |
| 1358 | In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Shira A. Scheindlin | Ronald J. Hedges, Esq.[1] | General pre-trial discovery issues | Consent | $400 per hour |
| 2542 | In Re: Keurig Green Mountain Single Serve Coffee Antitrust Litigation | Henry Pitman | Judge Barbara S. Jones (ret.) | Specific discovery issue | Consent | Not disclosed |
| 2543 | In Re: General Motors LLC Ignition Switch Litigation | Jesse M. Furman | Daniel J. Balhoff | Settlement | Consent | Not disclosed |
| Western District of New York | | | | | | |
| MDL No. | MDL Name | Appointing Judge | Special Master | Scope Of Appointment | Appointment by Consent of Parties or Without Objection | Compensation |
| 2903 | In Re: Fisher-Price Rock 'n Play Sleeper Marketing, Sales Practices, and Products Liability Litigation | Geoffrey Crawford | Christopher D. Ekman | Settlement | Consent | Not disclosed |
| Southern District of Ohio | | | | | | |
| MDL No. | MDL Name | Appointing Judge | Special Master | Scope Of Appointment | Appointment by Consent of Parties or Without Objection | Compensation |
| 2433 | In Re: E. I. Du Pont de Nemours and Co. C-8 Personal Injury Litigation | Edmund A. Saragus, Jr. | Daniel J. Stack | Settlement | Consent | Not disclosed |

| Northern District of Ohio | | | | | | |
|---|---|---|---|---|---|---|
| **MDL No.** | **MDL Name** | **Appointing Judge** | **Special Master** | **Scope Of Appointment** | **Appointment by Consent of Parties or Without Objection** | **Compensation** |
| 2197 | **In Re: DePuy Orthopaedics, Inc., ASR Hip Implant Prods. Liability Litigation** | David A. Katz | Hon. Marina Corodemus (ret.) | Settlement | Consent | Not disclosed |
| | | | Hon. John K.T rotter (ret.) | Settlement | Consent | Not disclosed |
| | | | Catherine A. Yanni | Settlement | Consent | Not disclosed |
| 2804 | **In Re: Nat'l Prescription Opiate Litigation** | Dan A. Polster | David R. Cohen | Non-discovery pre-trial issues | Consent | Not disclosed |
| | | | Francis McGovern | Non-discovery pretrial issues | Consent | Not disclosed |
| | | | Cathy Yanni | Non-discovery pretrial issues | Consent | Not disclosed |
| Western District Of Pennsylvania | | | | | | |
| **MDL No.** | **MDL Name** | **Appointing Judge** | **Special Master** | **Scope Of Appointment** | **Appointment by Consent of Parties or Without Objection** | **Compensation** |
| 2850 | **In Re: Railway Industry Employee No-Poach Antitrust Litigation** | Joy Flowers Conti | David B. White, Esq. | General pre-trial discovery issues | Consent | Not disclosed |

| Middle District Of Pennsylvania | | | | | | |
|---|---|---|---|---|---|---|
| MDL No. | MDL Name | Appointing Judge | Special Master | Scope Of Appointment | Appointment by Consent of Parties or Without Objection | Compensation |
| 2816 | **In Re: Sorin 3t Heater-Cooler System** | John E Jones, III | Randi Ellis, Esq. | Settlement | Consent | Not disclosed |
| | | | Magistrate Judge Susan E. Schwab | General pre-trial discovery issues | No objection | Not disclosed |

| Eastern District Of Pennsylvania | | | | | | |
|---|---|---|---|---|---|---|
| MDL No. | MDL Name | Appointing Judge | Special Master | Scope Of Appointment | Appointment by Consent of Parties or Without Objection | Compensation |
| 1871 | **In Re: Avandia Sales Practices and Products Liability Litigation** | Cynthia Rufe | Jerome J. Shestack, Esq. assisted by Andrew Chirls, Esq. | General pre-trial discovery issues | No objection | $450 per hour |
| | | | Patrick A. Juneau | Settlement | Consent | $400 per hour |
| | | | Bruce Merenstein, Esq. | General pre-trial discovery issues | No objection | $525 per hour |
| 2323 | **In Re: National Football League Players' Concussion Injury Litigation** | Anita B. Brody | Perry Golkin | Settlement | Consent | None, just recovery of |
| | | | Wendell Pritchett | Settlement | Consent | $350 per hour |
| | | | Joann Verrier | Settlement | Consent | $350 per hour |
| | | | David Hoffman | Settlement | Consent | $350 per hour |
| | | | Susan Lin, Esq. | Investigate fraudulent claims | Consent | Not disclosed |
| | | | Judge Lawrence F. Stengel (ret.) | Investigate fraudulent claims | Plaintiffs objected | Not disclosed |

12

| 2437 | In Re: Domestic Drywall Antitrust Litigation | Michael Baylso | Abraham Gafni | Attorney fee issues | Plaintiffs objected | $500 per hour |
|---|---|---|---|---|---|---|
| 2724 | In Re: Generic Pharmaceuticals Pricing Antitrust Litigation | Cynthia M. Rufe | David Marion, Esq (with Linda Perkins Esq. as co-counsel) | General pre-trial discovery issues | No objection | $650 per hour |
| | | | Bruce Merenstein, Esq. | General pre-trial discovery issues | No objection | $650 per hour |
| | | | Daniel L. Regard | General pre-trial discovery issues | Consent | $650 per hour |
| 2002 | In Re: Processed Egg Products Antitrust Litigation | Gene Pratter | Sandra Jeskie, Esq. | General pre-trial discovery issues | Consent | $450 per hour |

| Northern District Of Texas | | | | | | |
|---|---|---|---|---|---|---|
| MDL No. | MDL Name | Appointing Judge | Special Master | Scope Of Appointment | Appointment by Consent of Parties or Without Objection | Compensation |
| 2244 | In Re: Depuy Orthopaedics, Inc. Pinnacle Hip Implant Products Liability Litigation | Ed Kinkeade | James M. Stanton | General pre-trial discovery issues | Consent | $595 per hour |

| Southern District of West Virginia | | | | | | |
|---|---|---|---|---|---|---|
| MDL No. | MDL Name | Appointing Judge | Special Master | Scope Of Appointment | Appointment by Consent of Parties or Without Objection | Compensation |
| 2326 | In Re: Boston Scientific Corp Products Liability Litigation | Joseph R. Goodwin | Cathy Yanni | Settlement | Consent | $300 per case, plus $10000 per quarter |

DM1\11389202.1

# Ex. C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION** | **MDL No. 2437**<br>**13-MD-2437** |
| **THIS DOCUMENT RELATES TO:**<br><br>**All Indirect Purchaser Actions** | |

## ORDER APPOINTING SPECIAL MASTER RE: COUNSEL FEES

**AND NOW**, this 12th day of September, 2018, pursuant to Rule 53, Federal Rule of
Civil Procedure, the Court having given the parties notice and an opportunity to be heard on this
issue, counsel for the Indirect Purchasers filed a response (ECF 782) indicating that they did not
believe the appointment of a Special Master was necessary. Defendants do not object (ECF
779). The Court directs counsel for the Indirect Purchasers to distinguish between their interest
as counsel and the interest of the members of the class. The Court ascertains a potential conflict
because any reduction in the amount of fees requested by counsel will inure to the benefit of the
class. Notwithstanding that counsel are seeking fees equal to 1/3 of the class recovery, this Court
nonetheless has a duty under settled Third Circuit precedent, to make an independent review of
the merits of counsel's fee petition and in view of the lengthy background of this case and a
number of issues referenced in prior opinions of the Court, an independent review by Judge
Gafni, who has extensive experience, both as a judge, mediator, arbitrator, law professor, and
previously having served as a Master in this Court, will be beneficial. It is therefore **ORDERED**
as follows:

       1.      The Master must proceed with all reasonable diligence.

2.      The Master may communicate *ex parte* with the Court or a party or with an agent of a party or a consultant or expert retained by a party.

3.      The Master shall keep a record of his activities and time spent of his activities.

4.      The Master should report to the Court at least every thirty (30) days as to progress or lack of progress, together with recommendations.

5.      The Master will be compensated at the rate $500 per hour.  The Master's fee request will be subject to comments by counsel and reviewed by the Court, and will be deducted from the settlement fund before distribution.

6.      The Court cannot promise Judge Gafni will file his Report and Recommendation by October 15, 2018.  Whenever the Report and Recommendation by Judge Gafni is filed, the Court will provide a review as promptly as possible.  The final hearing will proceed as scheduled on October 25, 2018 as to any objections, opt-out, or other matters, other than counsel fees, if the Report and Recommendation has not yet been filed.

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\13-MD-2437 - drywall\13md2437 IPP Action Order Appointing Special Master.doc

2

# Ex. D

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden,<br>*on behalf of themselves and*<br>*others similarly situated,*<br><br>                              Plaintiffs,<br><br>v.<br><br>National Football League and<br>NFL Properties, LLC,<br>successor-in-interest to<br>NFL Properties, Inc.,<br>                              Defendants. | Civ. Action No.: 14-cv-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

## ORDER APPOINTING SPECIAL INVESTIGATOR

- On November 13, 2017, this Court ordered that "an investigator will be appointed . . . as needed, to look into possible fraudulent claims" (ECF No. 8926).

- By motion dated April 13, 2018, the National Football League and NFL Properties LLC (together, the "NFL Parties") moved for the appointment of a Special Investigator, pursuant to Federal Rule of Civil Procedure 53, to assist the Court, the Special Masters and the Claims Administrator in investigating the submission of possibly fraudulent claims to the NFL Concussion Settlement Program (ECF No. 9880).

- On July 18, 2018, this Court issued a Notice stating that the Court would defer decision on the NFL Parties' motion until such time that the Claims Administrator or the Special

1

Masters alerted the Court that a Special Investigator was necessary to faithfully implement the Settlement Agreement (ECF No. 10144).

- On September 12, 2018, following a request by the Special Masters for the appointment of a Special Investigator, this Court granted the NFL Parties' motion and stated that the Court would appoint a Special Investigator to serve under the direction of the Special Masters (ECF No. 10255).

- After consultation with the Parties and careful evaluation of the matter at hand, the Court appoints the Honorable Lawrence F. Stengel (Ret.) as Special Investigator in *In re National Football League Players' Concussion Injury Litigation* (Case No. 12-md-2323). The Court gave the Parties notice and the opportunity to be heard regarding the appointment of Judge Stengel ("Special Investigator") pursuant to Fed. R. Civ. P. 53(a)(1)(A) and (C). The Parties have consented to the Court's appointment of Judge Stengel.

- Pursuant to Fed. R. Civ. P. 53(b)(3)(A), Judge Stengel has filed an affidavit stating that no grounds exist for disqualification. The affidavit is attached to this Order.

- The appointment of an independent, Court-appointed Special Investigator is appropriate to ensure the integrity of the NFL Concussion Settlement Program for the benefit of the Parties and the public, to ensure the efficient processing of valid claims, and to facilitate the imposition of appropriate sanctions if wrongdoing is found. At the same time, the Court recognizes that appointing a Special Investigator has the potential to chill participation in the claims process by Settlement Class Members, physicians, and attorneys. Taking these considerations into account, the Special Investigator's authority and scope of work is delineated as set forth below.

## I.   GENERAL AUTHORITY OF THE SPECIAL INVESTIGATOR

o  Under Rule 53 and at the direction of the Special Masters, the Special Investigator has the authority to conduct investigations and make recommendations to the Special Masters, in order to assist them in faithfully implementing the Settlement Agreement, and specifically Section 10.3(i) of that Agreement.[1]

o  The Special Investigator serves under the authority of the Court, at the direction of the Special Masters.

o  To carry out investigations at the direction of the Special Masters, the Special Investigator is authorized to exercise the full authority permitted under Rule 53, including, but not limited to, the power to issue subpoenas, compel and take testimony under oath and/or conduct any additional discovery pursuant to Rule 45.

o  The Special Investigator must file any reports, recommendations or other materials directly with the Special Masters unless otherwise directed by the Court.

## II.   AUTHORIZATION TO CONDUCT INVESTIGATIONS

o  The Special Investigator's work will focus on the role of attorneys or healthcare professionals involved in the submission of potentially fraudulent claims for which the Qualifying Diagnosis was rendered prior to the Effective Date (hereinafter referred to as "matters within the scope of investigation").

o  Investigation into a certain matter will only be authorized at the discretion of the Special Masters.

---

[1] This provision gives the Special Masters the authority to review and investigate potentially fraudulent claims, and to recommend appropriate remedies and sanctions.

- **Authorization to Investigate Matters Within the Scope of Investigation:** The Special Masters may authorize the Special Investigator to investigate matters within the scope of investigation either by the Special Masters' own initiative or upon consideration of any request of Co-Lead Class Counsel, Counsel for the NFL Parties, and/or the Claims Administrator.

- **Authorization to Investigate Matters Outside the Scope of Investigation:** Under certain circumstances, where the integrity of the Settlement Agreement may be impugned, the Special Masters may authorize the Special Investigator to investigate matters outside the scope of investigation.

  - The Special Masters may authorize the Special Investigator to investigate claims in which the Qualifying Diagnosis was rendered by a current Qualified MAF Physician and/or BAP Provider upon a request and initial showing by Co-Lead Class Counsel, Counsel for the NFL Parties, and/or the Claims Administrator that the Physician or Provider made an intentional misrepresentation, omission, or concealment.

  - The Special Masters may authorize the Special Investigator to investigate an individual Settlement Class Member for actions impugning the integrity of the Settlement Agreement (e.g., recruiting others to engage in fraud; submitting a fraudulent claim) upon a request and a good cause showing by Co-Lead Class Counsel, Counsel for the NFL Parties, and/or the Claims Administrator.

- **Review of the Special Masters' Authorizations of Investigations:** If Co-Lead Class Counsel or Counsel for the NFL Parties objects to the Special Masters' decision on whether to authorize an investigation of a certain matter, the party may request that the

4

Special Masters convene an informal conversation with the Court to resolve the objection.

## III. COMMUNICATIONS WITH PARTIES AND THE COURT

- o The Special Investigator will perform his duties independent of the Parties and will report directly to, and take direction from, the Special Masters and the Court.

- o The Special Investigator must provide a confidential status update to the Special Masters at least monthly, and to the Court on at least a quarterly basis.

- o The Special Investigator is authorized to work in consultation with the Claims Administrator and accordingly is authorized to communicate ex parte with the Claims Administrator.

- o If the Special Investigator deems ex parte communication with any of the Parties to be necessary in the investigation of a given matter, he will consult with the Special Masters before engaging in such communication.

## IV. SPECIAL INVESTIGATOR FEES

- o Pursuant to Fed. R. Civ. P. 53(a)(3), the Court has considered the fairness of imposing the expenses associated with the Special Investigator on the Parties, and has taken steps to ensure that there will not be unreasonable expense or delay associated with this procedure.

- o Pursuant to Fed. R. Civ. P. 53(g), the Special Investigator's compensation will be a fixed hourly rate to be approved by the Court, after consultation with Counsel for the NFL Parties and Co-Lead Class Counsel, in addition to reasonable out-of-pocket costs and expenses incurred as a result of the performance of his responsibilities.

o The Court may alter the basis and terms of compensation with the consent of Counsel for the NFL Parties and Co-Lead Class Counsel.

o The Special Investigator must submit actual fees (based on the Court-approved hourly rate) and expenses incurred to the Court, Special Masters, Counsel for the NFL Parties and Co-Lead Class Counsel on a monthly basis, and must describe with reasonable specificity the work performed.

o Upon approval by the Special Masters, these fees and expenses shall be paid out of the Monetary Award Fund.[2]

## V. SUPPORTING INVESTIGATORS

o The Special Investigator may retain an investigative firm and/or other staffing ("Supporting Investigators") to provide investigative support, after consultation with the Special Masters and Counsel for the NFL Parties and Co-Lead Class Counsel.

o The Court must be informed of the entities and individuals serving under the auspices of this order.

o The Special Investigator may negotiate appropriate and reasonable fees for Supporting Investigators, subject to the approval of the Special Masters after consultation with Counsel for the NFL Parties and Co-Lead Class Counsel. All such fees and reasonable out-of-pocket costs and expenses shall be paid out of the Monetary Award Fund.

## VI. OTHER TERMS

o The term of the Special Investigator is one year from the date of this Order, subject to appropriate extensions of the term by the Court.

---

[2] The Special Investigator's compensation will not affect the amount of funds available to compensate Settlement Class Members because the Monetary Award Fund is uncapped.

o The Special Investigator and any Supporting Investigators have immunity in the performance of work conducted pursuant to this Order, except with respect to any willful misconduct. No person or entity has the right to institute any action against the Special Investigator or any Supporting Investigators for any matter covered by this immunity, except with respect to willful misconduct.

o This Court retains continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of this Order.

And now, this _16_ day of December, 2018, pursuant to Federal Rule of Civil Procedure 53 and in accordance with the Order of September 12, 2018 granting the request for appointment of a Special Investigator in this matter, **IT IS ORDERED** that the Honorable Lawrence Stengel (Ret.), former Chief Judge for the United States District Court for the Eastern District of Pennsylvania, is appointed Special Investigator, according to the terms outlined above.

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:          Copies **MAILED** on ____ to:

O:\ABB 2018\L-Z\NFL Special Investigator Order_ FINAL.docx

7

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>        Plaintiffs,<br><br>                v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>        Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## RESPONSE TO NFL PARTIES' MOTION SEEKING APPOINTMENT OF SPECIAL INVESTIGATOR

Class Counsel, Podhurst Orseck, P.A., hereby responds to the NFL Parties' motion seeking the appointment of a Special Investigator. (ECF No. 9880.)  We are submitting this response because Co-Lead Class Counsel, Seeger Weiss, has only objected to certain aspects of the NFL's request. (ECF No. 9917.)  We believe it incumbent upon us to share with the Court another perspective on this issue.  In our view, however well motivated the NFL Parties' proposal may be, we are concerned that the appointment of a roving investigator with broad police powers would be

an overreaction which risks intimidating class members, chilling doctors' participation in the settlement program, and delaying the processing of legitimate applications for benefits.

Of course, there should be no tolerance for fraud, but the settlement already has established procedures to guard against it. And there is no indication that existing safeguards are not working. The Claims Administrator recently reported on the "system-wide processes to detect and prevent fraud" that it has implemented. (ECF No. 9882-1 at 31.) Nowhere in that comprehensive submission, or in its related filing (ECF No. 9870 at 8-16), does the Claims Administrator suggest that it believes the audit processes and additional anti-fraud measures are inadequate, or require the assistance of a Special Investigator. Although the NFL notes that "[t]he Claims Administrator has advised that it has no objection to the appointment of a Special Investigator" (ECF No. 9880-1 at 16 n.1), that is not the same thing as the Claims Administrator advocating for such assistance.

Nor have the Special Masters appointed by this Court publicly advocated for the appointment of a Special Investigator that, under the NFL's request, would serve as a separate special master under Fed. R. Civ. P. 53. The absence of such a request for assistance from the Special Masters is particularly significant, considering they already have the authority to investigate fraud in connection with the settlement. Rule 22 of the Rules Governing the Audit of Claims specifically provides that "the Special Master may at any time direct any Party to the Audit Proceeding, the Claims Administrator and any other person or entity whose participation or response is deemed necessary to submit additional memoranda or material." And the settlement itself authorizes the Special Masters to investigate whether any misrepresentation, omission, or concealment of material fact in connection with a claim resulted from intentional misconduct. *See* Settlement Agreement, § 10.3(i).

As the Claims Administrator and Special Masters already have the investigative power that the NFL seeks to vest in a separate Rule 53-conferred authority, the NFL is effectively arguing that the Claims Administrator and Special Masters are not up to the task. Yet the NFL has not presented any evidence that the Claims Administrator and Special Masters lack the resources or willingness to utilize their authority to investigate fraud in the settlement. Instead, the NFL has identified a few cases of suspected fraud from more than 2,000 claims submitted. That evidence does not justify making such a radical change to the administrative structure of the settlement, particularly at this relatively early stage in its 65-year lifespan. Before burdening the settlement with another bottleneck, and class members, doctors and attorneys with unjustified and potentially cumbersome investigations, the NFL must be required to demonstrate that the audit process and Special Masters are incapable of rooting out fraud in the settlement. The NFL has not come close to making such a showing. Instead, the NFL has jumped the gun with an entirely one-sided and unbounded request that will almost certainly result in additional delays and unduly discourage class members and physicians from participating in the settlement.

For the foregoing reasons, the NFL's motion should be denied.

DATED: April 27, 2018

Respectfully submitted,

**PODHURST ORSECK, P.A.**
SunTrust International Center
One S.E. 3rd Ave, Suite 2300
Miami, FL 33131
Telephone: (305) 358-2800
Fax: (305) 358-2382


By:  /s/ Steven C. Marks
STEVEN C. MARKS
Fla. Bar. No. 516414
Email: smarks@podhurst.com
STEPHEN F. ROSENTHAL
Fla. Bar No. 0131458
Email: srosenthal@podhurst.com
RICARDO M. MARTÍNEZ-CID
Fla. Bar. No. 383988
Email: rmcid@podhurst.com
MATTHEW P. WEINSHALL
Fla. Bar No. 84783
Email: mweinshall@podhurst.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2018, I caused the foregoing document to be filed with

the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF

system, which will provide electronic notice to all counsel and parties.


 /s/ Steven C. Marks
Steven C. Marks, Esq.

## United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:12-md-02323-AB

| | |
|---|---|
| MDL-2323 IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Date Filed: 01/31/2012 |
| Assigned to: HONORABLE ANITA B. BRODY | Jury Demand: None |
| | Nature of Suit: 360 P.I.: Other |
| Case in other court: USCA FOR THE THIRD CIRCUIT, 14- 03520 | Jurisdiction: Diversity |

USCA FOR THE THIRD CIRCUIT, 14-03693
USCA FOR THE THIRD CIRCUIT, 15-02206
USCA FOR THE THIRD CIRCUIT, 15-02217
USCA FOR THE THIRD CIRCUIT, 15-02230
USCA FOR THE THIRD CIRCUIT, 15-02234
USCA FOR THE THIRD CIRCUIT, 15-02272
USCA FOR THE THIRD CIRCUIT, 15-02273
USCA FOR THE THIRD CIRCUIT, 15-02290
USCA FOR THE THIRD CIRCUIT, 15-02291
USCA FOR THE THIRD CIRCUIT, 15-02292
USCA FOR THE THIRD CIRCUIT, 15-02294
USCA FOR THE THIRD CIRCUIT, 15-02304
USCA FOR THE THIRD CIRCUIT, 15-02305
USCA FOR THE THIRD CIRCUIT, 18-01040
USCA FOR THE THIRD CIRCUIT, 18-01482
USCA FOR THE THIRD CIRCUIT, 18-01639
USCA, 18-02012
USCA FOR THE THIRD CIRCUIT, 18-02184
USCA FOR THE THIRD CIRCUIT, 18-02225
USCA FOR THE THIRD CIRCUIT, 18-02249
USCA, 18-02253
USCA, 18-02332
USCA, 18-02416
USCA, 18-02417
USCA, 18-02418
USCA, 18-02419
USCA, 18-02422
USCA, 18-02582
USCA FOR THE THIRD CIRCUIT, 18-02650
USCA FOR THE THIRD CIRCUIT, 18-02651
USCA FOR THE THIRD CIRCUIT, 18-02661
USCA, 18-02684
USCA, 18-02724
USCA, 19-01385
USCA, 19-01760
USCA, 19-01771
USCA, 19-02085

USCA, 19-02753

Cause: 28:1332 Diversity-Personal Injury

**IN RE:**

| | | |
|---|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** | represented by | **DAVID D. LANGFITT**<br>LANGFITT GARNER PLLC<br>2001 MARKET ST SUITE 3900<br>TWO COMMERCE SQUARE<br>PHILADELPHIA, PA 19103<br>215-772-2660<br>Email: david@langfittgarner.com<br>*ATTORNEY TO BE NOTICED* |
| | | **JAMES R. DUGAN , II**<br>THE DUGAN LAW FIRM<br>365 CANAL ST STE 1000<br>NEW ORLEANS, LA 70130<br>504-648-0180<br>Email: jdugan@dugan-lawfirm.com<br>*ATTORNEY TO BE NOTICED* |

**Special Master**

| | | |
|---|---|---|
| **PERRY GOLKIN** | represented by | **PERRY GOLKIN**<br>500 PARK AVE 4TH FL<br>NEW YORK, NY 10022<br>646-205-1220<br>Email: pgolkin@ppcenterprises.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Special Master**

| | | |
|---|---|---|
| **WENDELL E. PRITCHETT** | represented by | **WENDELL E. PRITCHETT**<br>UNIVERSITY OF PENNSYLVANIA LAW SCHOOL<br>1901 WALNUT STREET<br>APT. 16C<br>PHILADELPHIA, PA 19103<br>215-760-7538<br>Email: pritchet@law.upenn.edu<br>*LEAD ATTORNEY* |

**Special Master**

| | | |
|---|---|---|
| **JO-ANN M. VERRIER** | represented by | **JO-ANN M. VERRIER**<br>UNIVERSITY OF PENNSYLVANIA LAW SCHOOL<br>3501 SANSOM STREET<br>PHILADELPHIA, PA 19104<br>215-898-6746<br>Email: jverrier@law.upenn.edu<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Special Master**

SPECIAL INVESTIGATOR
LAWRENCE F. STENGEL

**Special Master**

**SUSAN M. LIN**                               represented by **SUSAN M. LIN**
                                              KAIRYS RUDOVSKY MESSING
                                              FEINBERG & LIN LLP
                                              THE CAST IRON BUILDING
                                              718 ARCH ST SUITE 501 SOUTH
                                              PHILADELPHIA, PA 19106
                                              215-925-4400
                                              Fax: 215-915-5365
                                              Email: slin@krlawphila.com
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

**Special Master**

**DAVID HOFFMAN**                             represented by **DAVID HOFFMAN**
                                              UNIVERSITY OF PENNSYLVANIA
                                              CAREY LAW SCHOOL
                                              3501 SANSOM ST.
                                              PHILADELPHIA, PA 19104
                                              215.898.9170
                                              Email: dhoffman@law.upenn.edu
                                              PRO SE

**Adminstrator**

**CLAIMS ADMINISTRATOR**                      represented by **ORRAN L. BROWN**
                                              BROWNGREER PLC
                                              250 Rocketts Way
                                              RICHMOND, VA 23231
                                              804-521-7201
                                              Fax: 804-521-7299
                                              Email: obrown@browngreer.com
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**TIM HOWARD HOWARD AND**                     represented by **PHILLIP TIMOTHY HOWARD**
**ASSOCIATES ATTORNEYS AT LAW,**              HOWARD & ASSOCIATES
**P.A.**                                      1415 EAST PIEDMONT DRIVE
                                              SUITE 5
                                              TALLAHASSEE, FL 32308
                                              850-298-4455
                                              Email: tim@howardjustice.com
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**EDDIE ANDERSON**                            represented by **JAMES R. DUGAN , II**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Acosta and Associates LLC**                 represented by **MICHAEL J. ACOSTA**

# Ex. E

Case 1:13-md-02475-DAB-SN   Document 465-3 Filed 11/11/15   Page 44 of 62
Case 4:07-cv-05944-JST   Document 4035   Filed 09/15/15   Page 44 of 94
PageID: 14711

1

2

3

4

5                IN THE UNITED STATES DISTRICT COURT

6           FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   IN RE: CATHODE RAY TUBE (CRT)    )   MDL No. 1917
    ANTITRUST LITIGATION             )
9                                    )   Case No. C-07-5944-SC
    _____)
                                     )   ORDER APPOINTING SPECIAL
10  This Order Relates To:           )   MASTER
                                     )
11                                   )
    ALL ACTIONS                      )
12                                   )
    _____)

13

14

15        The Court has suggested the appointment of U.S. Magistrate

16   Judge (Ret.) James Larson as an additional Special Master for this

17   case.  See Fed. R. Civ. P. 53(a)(1)(C), 53(b)(1).  The Court gave

18   the parties an opportunity to be heard at a status conference on

19   August 7, 2015, and again permitted parties to submit objections

20   via an order to show cause.  See Order of the Court dated August

21   17, 2015, ECF No. 3986 ("Show Cause Order").  Certain parties

22   objected.  See ECF No. 4021.  Accordingly, the Court ordered a

23   second hearing to ensure parties had a full, fair opportunity to be

24   fully heard on the matter, and broke with its normal tradition of

25   not issuing any intended ruling to ensure parties could respond

26   meaningfully to the Court's thoughts.  See Order of the Court dated

27   August 31, 2015, ECF No. 4029 ("Hearing Order").  Pursuant to the

28   Hearing Order, a hearing was held on September 11, 2015.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Nothing during the hearing substantially changed the opinion

2    of the Court.  Therefore, the Court ADOPTS the reasoning set forth

3    in its Hearing Order, finds that 28 U.S.C. §§ 455, 458 do not bar

4    this appointment, and OVERRULES any objections to Judge Larson.

5    The Court further finds that considerations of fairness, the

6    prevention of undue delay, and the amount of judicial resources

7    required to adjudicate the designated pretrial matters (including

8    at least 86-91 complex pending motions which must all be decided

9    within four months) constitute "exceptional circumstances" which

10   justify a Special Master.  See Nat'l Ass'n of Radiation Survivors

11   v. Turnage, 115 F.R.D. 543, 560 (N.D. Cal. 1987).

12   In reaching this decision, the Court is cognizant of the

13   admonition in La Buy v. Howes Leather Co., 352 U.S. 249, 258-59

14   (1957).  There, the Supreme Court admonished a District Court for

15   appointing a Special Master on the eve of trial to assist in an

16   antitrust case after years of litigation and where the Court had

17   already itself decided most pretrial motions.  "The master, a

18   member of the bar, was to hear and decide the entire case, subject

19   to review by the District Judge under the 'clearly erroneous'

20   test." Mathews v. Weber, 423 U.S. 261, 274 (1976) (distinguishing

21   La Buy without eroding it).  Here, conversely, the Court expressly

22   retains control of the trial, reviews all matters by the Special

23   Master de novo (as set forth in greater detail below), and in

24   addition to simple congestion cites the need to complete an

25   incredible volume of highly complex motion work to ensure a trial

26   schedule that will be fair and equitable to all involved parties.

27   Moreover, the Special Master is not an inexperienced attorney or

28   random member of the bar chosen by the parties to increase their

Case 4:02-cv-05094-JSW  Document 4625-3  Filed 11/15/20  Page 46 of 62

own likelihood of success.  Rather, he is a retired U.S. Magistrate

Judge chosen by the Court, with a history of being a third party

neutral and making these very types of judicial recommendations.

See United States v. State of Wash., 157 F.3d 630, 660 (9th Cir.

1998) (Beezer, J., concurring) (discussing the need for complexity

of the circumstances and neutrality of the Special Master).  Thus,

this appointment "aid[s] [this] judge[] in the performance of

specific judicial duties, as they may arise in the progress of a

cause," La Buy, 352 U.S. 249, 256, and is substantially similar to

appointing a Magistrate Judge, in accordance with Mathews, 423 U.S.

at 274-75.  Accordingly, appointment of a Special Master is proper.

WHEREFORE, IT IS HEREBY ORDERED that, pursuant to Federal Rule

of Civil Procedure 53, U.S. Magistrate Judge (Ret.) James Larson is

appointed as Special Master to supervise and preside over the

"designated pretrial matters" in this case, as defined herein.

The Special Master has filed a declaration under 28 U.S.C. §

455 stating that there is no ground for disqualification.

**1.  Scope of Duties**

The Special Master shall adjudicate all designated pretrial

matters.  This specifically excludes discovery disputes in this

case, and also excludes disputes arising during the course of

depositions.  Such disputes have been previously assigned to Judge

Walker (Ret.), whose appointment as a Special Master remains

undisturbed by this separate appointment of a second, distinct

Special Master.  Rather, designated pretrial matters shall include

24-29 motions for summary judgment presently pending, 40 motions in

limine presently pending, and (to the degree the Special Master can

resolve or limit the issues connected to such motions) 4 Daubert

motions presently pending.  Designated pretrial matters also
includes motions for cases that will be remanded to a different
jurisdiction of origin which Judge Larson believes can be decided
applying Ninth Circuit law without any significant risk of
conflicting circuit law resulting in appellate issues.  The Court
is presently cognizant of 18 such motions in cases subject to
remand that parties have previously agreed can be decided under the
law of the Ninth Circuit without causing any potential difficulties
resulting from differing circuit laws at such time as the case is
remanded to its judicial district of origin for trial.  See ECF No.
3952-1.  Finally, designated pretrial matters may, at the
discretion of the Special Master or the Court, include any motion
filed on or after August 7, 2015, which is deemed of a similar ilk
to the other designated pretrial matters such that review by the
Special Master is appropriate.

This Order shall apply to all cases currently pending in MDL
No. 1917 and to all related actions that have been or will be
originally filed in, transferred to, or removed to this Court and
assigned thereto (collectively, "the MDL proceedings").  This Order
is binding on all parties and their counsel in all cases currently
pending or subsequently made part of these proceedings and shall
govern each case in the proceedings unless it explicitly states
that it relates to specific cases.

**2.   Scope of Authority**

The Special Master shall have most of the authority (subject
only to the limits set forth herein) provided in Federal Rule of
Civil Procedure 53(c), including, but not limited to: the authority
to set the date, time, and place for all hearings determined by the

**United States District Court**
For the Northern District of California

1   Special Master to be necessary; to direct the issuance of

2   subpoenas; to make rulings on objections or otherwise resolve

3   disputes arising during the course of hearings held before him; to

4   preside over hearings (whether telephonic or in-person); to take

5   evidence in connection with the designated pretrial matters; to

6   award fee allocations and non-contempt sanctions provided by

7   Federal Rules of Civil Procedure 37 and 45 insofar as such rules

8   are deemed to apply to the designated pretrial matters; and to

9   recommend contempt sanctions.  The Special Master may determine

10  disputes arising from failing to abide by sanctions set forth by

11  the Special Master.  The Court's initial review of designated

12  pretrial matters suggests many of them may be appropriate for

13  resolution without oral argument per Civil Local Rule 7-1(b).  The

14  Special Master is therefore delegated authority to determine

15  whether holding oral argument is required for any given matter or

16  whether the Special Master can draft a Report and Recommendation

17  ("R&R") based solely upon the briefs and evidence as submitted.

18      **3.   Procedures for Briefing Submitted to Special Master**

19          The Special Master may consider disputes presented orally,

20  presented in person or by telephone, in a letter brief, or in

21  formal motions, so long as the dispute is within the scope of his

22  duties.  If additional briefing is deemed required, briefing

23  schedules will be determined by the Special Master.  However, the

24  Special Master may not disclose his resolution of such disputes,

25  except as set forth below.

26      **4.   Preservation of Record**

27          Pursuant to Federal Rule of Civil Procedure 53(b)(2)(c), the

28  Special Master shall maintain files consisting of all documents

submitted by the parties and any written orders, findings, and/or R&Rs. Any order issued by the Special Master shall be emailed to the parties. Such emailing shall fulfill the Special Master's duty to serve the order on the parties. However, as orders must also be filed with the clerk and thus captured in the Electronic Court Filing ("ECF") system, orders shall not contain any resolution or proposed resolution of any dispute, nor shall they in any way indicate how any dispute may be resolved pursuant. Such information shall be captured strictly in R&Rs.

All of the Special Master's R&Rs are to be provided directly and <u>only</u> to Chambers for <u>in camera</u> review, and the Special Master is not to share R&Rs with parties or otherwise allow their contents to be made known to any party. <u>See</u> Fed. R. Civ. P. 53(e). Once the Court has determined that settlements are finalized to a sufficient degree and the proper time has arrived to act on the R&Rs, the Court will publish through ECF the collected R&Rs to the parties for review, opportunity to be heard, and objections. <u>See</u> Fed. R. Civ. P. 53(f)(1)-(2). Nothing in this Order does or should be construed to grant the Special Master permission to make known any decision or through any means indicate the substance thereof to any party without express, case-by-case, pre-approval by the Court.

Any records of the Special Master's activities other than written orders, findings, and/or recommendations shall be filed in accordance with paragraph 5(a) and 5(b) of this Order.

**5. <u>Action on Orders, Reports, or Recommendations</u>**

Pursuant to Federal Rule of Civil Procedure 53(b)(2)(D) and subject to the restrictions set forth above, the procedures

///

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  described in paragraphs 5(a) and 5(b) herein shall govern any

2  action on the Special Master's orders and R&Rs.

3  **a. Time Limits and Standard for Review**

4  Any party wishing to file objections to the Special Master's

5  orders, reports and/or recommendations must file such objection

6  with the Court within 10 days from the day the Special Master's

7  order, report and/or recommendation is filed.  Any opposition

8  thereto must be received within seven (7) days thereafter, and any

9  reply must be received within four (4) days of the opposition.

10 This expedited schedule will ensure the Court is able to keep any

11 trial date set.  Review of the Special Master's orders will be

12 subject to the same procedures for orders by a Magistrate Judge and

13 will be reviewed de novo for all matters, including procedural

14 matters, unless the parties stipulate otherwise and the Court

15 approves the stipulation.  See Civil L.R. 72-2; see also Fed. R.

16 Civ. P. 53(f)(2)-(5); Show Cause Order.

17 **b. Filing the Record for Review**

18 The party filing the objection shall submit with such

19 objection any record necessary for the Court to review the Special

20 Master's order or R&R, including any transcripts of proceedings

21 before the Special Master and any documents submitted by the

22 parties in connection with the Special Master's order, report,

23 and/or recommendation.  Failure to provide the record shall

24 constitute grounds for the Court to overrule the objection or deny

25 the motion.  However, insofar as the information has already been

26 filed with the Court via ECF prior to the appointment of the

27 Special Master or else is an R&R of the Special Master as published

28 by the Court, the party may simply file any new materials presented

1   to the Special Master and include within their objection the ECF

2   number of the earlier filed information and related declarations,

3   responses, replies, and R&R(s), identified by ECF number.

4       **6.**   <u>**Ex Parte Communications**</u>

5       To facilitate the fulfillment of his duties under this Order,

6   the Special Master may (and for R&Rs <u>must always</u>) communicate <u>ex</u>

7   <u>parte</u> to the Court to the extent that he deems necessary and

8   appropriate.  In addition, the Special Master may communicate <u>ex</u>

9   <u>parte</u> with a party, but only for the limited purposes of

10  administrative matters such as scheduling hearings, telephone calls

11  or briefing, if such arrangements cannot be made in a timely manner

12  by contacting the Special Master's administrative assistant.

13      **7.**   <u>**Compensation**</u>

14      The Special Master's hourly fee shall be $600.00, and that of

15  any law clerk he should employ shall be $200.00.  The Special

16  Master shall, in his discretion, allocate and assess the payment of

17  his fees among the parties, including allocation of all of his fees

18  to one party should he determine that the party has acted in bad

19  faith.  The parties shall pay the Special Master's fees within ten

20  (10) calendar days of assessment, unless otherwise excused by the

21  Special Master or the Court.

22      **8.**   <u>**Diligence**</u>

23      Pursuant to Federal Rule of Civil Procedure 53(b)(2), the

24  Court hereby directs the Special Master to proceed with all

25  reasonable diligence in performing these duties.

26      **9.**   <u>**Notification to the Special Master of Mooted Motions**</u>

27      In accordance with the Show Cause Order, parties shall notify

28  the Special Master of any settlements reached and associated

United States District Court
For the Northern District of California

1   motions thereby mooted otherwise pending before the Special Master

2   within one (1) business day of reaching a settlement. Notice shall

3   be given in whatever manner deemed convenient by the Special

4   Master, and shall be separate from any notice to or approvals

5   otherwise required by the Court (whose procedures remain

6   unchanged).

7      Within seven (7) days of this order or according to such

8   schedule as the Special Master may otherwise publish, all parties

9   with pending designated pretrial matters shall contact the Special

10   Master to discuss the execution of his duties in connection with

11   this order.

12

13      IT IS SO ORDERED.

14

15   Dated: September 11, 2015

16                 UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

Hon. James Larson (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone (415) 982-5267
Facsimile (415) 982-5287

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CRT ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. 3:07-cv-5944 SC |
| THIS ORDER RELATES TO: | **AFFIDAVIT OF JAMES LARSON REGARDING PROPOSED APPOINTMENT AS SPECIAL MASTER FOR PENDING MOTIONS** |
| ALL CASES | |

I, JAMES LARSON, declare under penalty of perjury:

1.     I am a retired magistrate judge of the United States District Court for the Northern District of California.  I am a member in good standing of the State Bar of California and am admitted to practice before this Court.  I have personal knowledge of the following facts, and if called as a witness, could and would testify competently as follows.

2.     I have been proposed as a special master in the above-captioned matter to adjudicate and prepare report and recommendations regarding all appropriate pending motions required for trial.

3.     I am competent and willing to serve in the capacity of special master as described above.

4.      I have familiarized myself with the issues and parties in the above-captioned case.

5.      I attest and affirm that I know of no grounds for disqualification under 28 U.S.C. Section 455 that would prevent me from serving as a special master in the above-captioned matter.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed on August 31, 2015, in San Francisco, California.

_____
Hon. James Larson (Ret.)

# Ex. F

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION | Civil Action No. 16-MD-2687 (JLL) (JAD) **ORDER** |

This matter comes before the Court by reference from the Honorable Joseph A. Dickson, U.S.M.J. regarding appointment of special discovery master in this multi-district litigation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on this issue; and

**WHEREAS**, by Order dated February 4, 2016, (ECF No. 1), the United States Judicial Panel on Multidistrict Litigation created Multidistrict Litigation No. 2687, which was originally comprised of cases pending in the District of New Jersey, the District of Minnesota, and the Eastern District of Pennsylvania. (Id.). The Panel transferred the Minnesota and Pennsylvania cases to this District and assigned them to the undersigned "for coordinated or consolidated pretrial proceedings" along with the New Jersey-based matters. (Id.). The docket for this matter reflects that this litigation now consists of 70 member cases; and

**WHEREAS** from the outset, the Court has sought to manage this litigation both closely and efficiently. Shortly after the Panel entered its Order, this Court entered a comprehensive initial Order scheduling an initial conference and addressing multiple organizational issues and other preliminary matters. (ECF No. 2). Since that time, both the undersigned and Magistrate Judge Dickson have, in consultation with the parties, entered a variety of case management orders

Case 2:16-md-02687-MCA-MAH Document 723 Filed 03/15/18 Page 2 of 7 PageID: 14863
Case 1:19-md-02875-RMB-SAK Document 625-3 Filed 11/11/20 Page 57 of 62
PageID: 14724

intended to keep this complex litigation moving in an efficient and orderly fashion. (See, e.g.,

ECF Nos. 72, 139, 157, 209, 211, 328, 355, 387, 395, 396); and

      **WHEREAS** the parties have aggressively litigated various issues from the earliest stages

of this matter, and continue to do so to date. By the Court's count, the parties have made more

than 50 individual filings regarding contested discovery and/or case management issues since

August 1, 2017. (See ECF Nos. 421, 424, 425, 428, 431, 436, 454, 466, 467, 478, 484, 519, 529,

531, 545, 546, 547, 548, 549, 550, 553, 554, 557, 558, 560, 561, 564, 565, 570, 571, 580, 581,

586, 588, 589, 591, 593, 594, 598, 599, 601, 632, 641, 643, 645, 649, 650, 655, 656, 659, 660,

692, 706, 708).[1] Indeed, the parties have filed 13 of those submissions since Magistrate Judge

Dickson conducted a multi-hour discovery conference on January 19, 2018; (see ECF Nos. 632,

641, 643, 645, 649, 650, 655, 656, 659, 660, 692, 706, 708); and

      **WHEREAS** Federal Rule of Civil Procedure 53(a)(1)(C) provides, in pertinent part, that

the District Court may appoint a special master to "address pretrial and posttrial matters that cannot

be effectively and timely addressed by an available district judge or magistrate judge of the

district."; and

      **WHEREAS**, "[a]lthough it is clear that the appointment of a special master must be limited

in scope and is not justified simply because of docket congestion or the complexity of factual

---

[1] This does not include the parties' 6 filings regarding the propriety of appointing a special master in this litigation. (ECF Nos. 605, 616, 617, 618, 619 and 627). The Direct Purchaser Plaintiffs request that the Court appoint a special master. (ECF Nos. 605, 627). Defendants oppose such an appointment, arguing that the Court has timely resolved the parties' disputes to date, and that the appointment of a special master would result in unnecessary delay and expense. (ECF No. 616). The Indirect Purchaser Plaintiffs take no position on the special master issue, other than to request that the Court resolve two specific discovery issues itself, and implement a fair cost allocation mechanism so that "the costs of any discovery disputes referred to the Special Master are not imposed on parties who have no (or at best tangential) involvement in those disputes." (ECF No. 617 at 1). The State of Florida, the City of Baltimore, the City of Richmond, and the Washington Suburban Sanitary Commission take no position on the special master issue. (ECF Nos. 618-19).

and/or legal issues . . . utilization of a master is appropriate to 'perform some other time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in accomplishing.'" Luppino v. Mercedes Benz USA, LLC, No. 09-05582 (DMC), 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013) (quoting Agostino v. Quest Diagnostics, Inc., No. 04-4362, 2012 WL 2344865, at *1 (D.N.J. June 20, 2012)); and

WHEREAS "courts in this Circuit have appointed special masters to oversee and facilitate complicated and contentious discovery." Id. (citing Grider v. Keystone Health Plan Cent., Inc., No. 2:01-cv-05641 (JKG) (E.D. Pa. Aug. 25, 2005, ECF No. 373) ("Furthermore, it is the court's belief that the appointment of a discovery master, who will be in a position to promptly and informally consider the views of the parties . . . and attempt to mediate them, will be an invaluable aid to the overall case management of this matter.")). Indeed, this Court previously determined that the appointment of a special discovery master was appropriate in a matter involving "very voluminous and complex issues of discovery." Williams v. BASF Catalysts, LLC, No. 11-1754 (JLL), 2017 WL 4220282, at *1 (D.N.J. Sept. 21, 2017); and

WHEREAS, since commencing discovery in this matter, the parties have submitted new discovery and case management disputes for the Court's consideration on a consistent basis. By the Court's conservative estimate, since August 1, 2017, the parties have raised more than a dozen discrete disputes, which have spanned more than 200 pages of single-spaced letter briefing. The parties have also asked that Magistrate Judge Dickson conduct regular discovery conferences approximately every six weeks, clearly suggesting that they foresee new disputes arising regularly for the foreseeable future. To be clear, the Court is not suggesting that either the number of disputes at issue or the need for such intensive case management is inappropriate in a case of this size and complexity. Indeed, the Court has devoted substantial resources to ensure that it has been

3

able to address the parties' disputes as quickly as possible, while still giving them careful consideration. That level of case management, however, is simply not sustainable given the docket congestion in the District of New Jersey and the press of other matters on the Court's docket. The District currently has three vacant judgeships, two of which the Judicial Conference considers to be "judicial emergencies." The District will have a fourth vacancy in June 2018 and a fifth in November 2018. In addition to those vacancies, the Judicial Conference has indicated that the District is in need of three new judgeships; and

**WHEREAS** the Court finds that, given the history of this matter, and, in particular, considering the breadth and frequency of the parties' discovery disputes, as well as the likelihood that new disputes will arise with regularity for the duration of the discovery period, it is both necessary to appoint a special master in this multidistrict litigation and appropriate to do so pursuant to Federal Rule of Civil Procedure 53(a)(1)(C);

**IT IS** on this ___ day of March, 2018,

**ORDERED** that the Honorable Dennis M. Cavanaugh (Ret.) is hereby appointed as special master pursuant to Fed. R. Civ. P. 53(a); and

## I.     SCOPE OF THE SPECIAL MASTER'S AUTHORITY

**IT IS FURTHER ORDERED** that the special master shall oversee the schedule for completion of discovery and all discovery disputes and motions related thereto pursuant to procedures for practice that the special master may establish and modify as necessary. The authority of the special master hereunder shall be coextensive with those of a Magistrate Judge in the District of New Jersey pursuant to Local Civil Rule 72.1, and as such, any appeal of an action or decision made by the special master shall be filed with the Court pursuant to Local Civil Rule 72.1(c)(1); and

IT IS FURTHER ORDERED that, among other things, the special master shall address all of the issues set forth in the parties' various submissions, listed above, that remain unresolved following the conference scheduled for March 15, 2018. The special master shall also address new discovery issues that arise following the March 15, 2018 conference. On or before **March 30, 2018**, the parties shall provide the special master with a joint letter that provides a current inventory of all such open disputes, with citations to the relevant docket entries embodying those disputes; and

## II.    COST OF SPECIAL MASTER

IT IS FURTHER ORDERED that for all matters requiring his attention, the special master shall determine each parties' costs, which shall be proportional, in the special master's good faith estimation, to the services rendered with respect to each party. However, absent a determination of good cause by the special master based upon an appropriate record, in general: the parties to any discrete dispute shall equally bear the costs relative to the special master's resolution of that dispute; and for case-wide or administrative matters, all parties shall bear the special master's costs on a pro rata basis; and

IT IS FURTHER ORDERED that the Special Master shall receive an hourly rate of $650.00, and shall be reimbursed for any reasonable out-of-pocket expenses; and

IT IS FURTHER ORDERED that for the special master to fulfill his responsibilities hereunder most efficiently and at the least cost to the parties, he may employ as assistant(s) lawyers at the special master's law firm, selected by the special master, under the supervision and control of the special master, and utilized at the special master's sole discretion, and such lawyers shall receive an hourly rate of $325.00; and

**IT IS FURTHER ORDERED** that the special master and his assistant lawyer(s) shall submit invoices to each party on a monthly basis; and

### III. PROCEDURES

**IT IS FURTHER ORDERED** that the submissions related to any discovery application directed to the special master shall be submitted to the special master via email in electronic format (with one courtesy hardcopy sent to the special master), and shall also be electronically filed via CM/ECF. All motion papers shall comply with applicable Federal Rules of Civil Procedure and Local Rules of this District, unless otherwise ordered by the special master; provided, however, that nothing herein shall preclude the special master from adopting or utilizing informal procedures to resolve disputes including, but not limited to: conducting in person or telephone conferences; requiring that the parties meet and confer; and directing the parties to submit and/or exchange letters in lieu of briefs; and

**IT IS FURTHER ORDERED** that the special master may consult with the Court, including, but not limited to, the Magistrate Judge, and if necessary, shall submit any reports and recommendations, including matters resolved by consent, to the Court for entry as an Order on the docket; and

**IT IS FURTHER ORDERED** that the confidentiality of any materials or arguments presented to the special master will be treated in accordance with the Discovery Confidentiality Order already in place in this action; (ECF No. 164); and

**IT IS FURTHER ORDERED** that the special master and his assistant lawyer(s) shall not be subject to subpoena by any party; and

**IT IS FURTHER ORDERED** that the special master may impose on a party any noncontempt sanction provided by Rules 37 or 45 (including his own fees and expenses), and may

recommend a contempt sanction against a party and sanctions against a nonparty; and

**SO ORDERED**

**JOSE L. LINARES**
**Chief Judge, United States District Court**

cc:     Hon. Joseph A. Dickson, U.S.M.J.