UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Joel Schneider, Magistrate Judge |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully respond to Plaintiffs' Notice of Supplemental Authority (ECF 607) (the "Notice"), as follows:

Plaintiffs' submission of *Muransky v. Godiva*, No. 16-16486 *slip op.* (11th Cir. Oct. 28, 2020), as supplemental authority in this matter is misplaced, as *Muransky* adds nothing meaningful to the Court's consideration of Defendants' pending motions to dismiss. As the Notice itself concedes, the issue in *Muransky* is "unrelated to the motions to dismiss here[.]" (ECF 607 at 1). The ruling simply confirms that a plaintiff asserting claims based on procedural violations of a federal statute lacks standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). Plaintiffs tender *Muransky* as supplemental authority based solely on its discussion of *Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076 (11th Cir. 2019), a case relied upon by Plaintiffs as the principal authority supporting their assertion of standing.

But the Eleventh Circuit did not apply *Debernardis* to support its decision in *Muransky*, nor was the validity of its reasoning in *Debernardis* at issue there, as it is here. (*See* Manufacturer Defendants' Reply Brief in Support of Their Motion to Dismiss (ECF 598) at 8 (criticizing the reasoning of *Debernardis*)). *Muransky* merely references *Debernardis* as one example of the "variety of approaches" that can be used to demonstrate standing by direct harm. *Muransky*, *slip op*. at 15.[1]

To the extent this Court considers the Eleventh Circuit's subsequent treatment of *Debernardis*, the more relevant authority is *Doss v. General Mills*, 816 Fed. App'x 312 (11th Cir. 2020) (attached as Ex. A hereto). There, the Eleventh Circuit held that the *Debernardis* approach to standing does not establish an economic injury merely because the plaintiff alleges that she "would not have purchased" products "if she knew they contained" a contaminant alleged to be a health hazard. *Id*. at 314. In rejecting plaintiff's theory of standing based on allegations that she had purchased cereal containing potentially harmful trace amounts of glyphosate, a "probable human carcinogen," the Eleventh Circuit held that the *Debernardis* "valueless" framework does not establish standing where the plaintiff "has not alleged that she purchased any boxes of Cheerios that contained <u>any</u> glyphosate, much less a level

---

[1] In *Muransky*, the Eleventh Circuit found that plaintiff failed to allege standing for a lawsuit involving improper truncation of credit card receipts that did not result in concrete harm or a material risk of harm. The court relied on longstanding precedent which requires "something more than a minor or theoretical risk," but rather "a substantial risk that the harm will occur" to confer standing absent a concrete injury. *Muransky*, slip op. at 16-17 (internal citations omitted). While not directly on point, *Muransky* is instructive in requiring concrete harm or a *substantial risk* of harm to confer standing, neither of which is plausibly alleged here.

of glyphosate that is so harmful that Cheerios are 'presumptively unsafe' and therefore worthless." *Id*. at 313-14 (emphasis in original).

*Doss* thus confirms that, even in those jurisdictions adopting the erroneous reasoning of *Debernardis* rather than the better-reasoned precedent from the Third Circuit, this District, and other courts cited in Defendants' opening brief (*see* Manufacturer Defendants' Motion to Dismiss (ECF 520-3) at 10-15), an allegedly adulterated product is not "worthless" just because Plaintiffs say it is. Accordingly, *Muransky* and *Debernardis* do not support Plaintiffs' standing.

Dated: November 11, 2020                Respectfully submitted,

By: */s/ Seth A. Goldberg*
    Seth A. Goldberg, Esq.
    *Lead Counsel and Liaison
    Counsel for Defendants*

DUANE MORRIS LLP

Seth A. Goldberg, *Lead Counsel
and Liaison Counsel for
Defendants*
Barbara A. Schwartz
Coleen W. Hill (DE #6287)
Nathan B. Reeder
30 South 17th Street
Philadelphia, Pennsylvania 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
BASchwartz@duanemorris.com
NBReeder@duanemorris.com

3

*Attorneys for Zhejiang Huahai Pharmaceutical Co, Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP

Clem C. Trischler, *Lead Counsel for Defendants*
Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, Pennsylvania 15219
Tel: (412) 263-2000
Fax: (412) 263-2001
CCT@PIETRAGALLO.com

*Attorneys for Mylan Laboratories,
 Ltd. and Mylan Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Rd., NE,
Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

4

Gregory E. Ostfeld
77 West Wacker Drive,
Suite 3100
Chicago, Illinois 60601
Tel: (312) 476-5056
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, Pennsylvania
Tel: (215) 988-7864
Fax: (214) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*

KIRKLAND & ELLIS LLP

Devora W. Allon
Alexia R. Brancato
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-5967
Fax: (212) 446-6460
devora.allon@kirkland.com

*Attorneys for Torrent Pharmaceuticals Ltd.*

5