**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Joel Schneider, Magistrate Judge |
| **This Document Relates to All Actions** | |

**CASE MANAGEMENT ORDER**
**No. 20**

**FACT WITNESS DEPOSITION**
**PROTOCOL**

**A.    General Provisions and Conduct**

1. This order, including any related Addendums, shall govern and control the conduct of depositions of all fact witnesses deposed in the above-captioned matter, including (1) cases directly filed in this Court pursuant to this Court's Direct Filing Order (Case Management Order No. 3 (Dkt. Entry 76)); (2) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation; (3) any tag-along action subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation; and (4) all related cases originally filed in this Court. Procedures addressing depositions of expert witnesses will be addressed in a separate Protocol. Additionally, procedures addressing the phasing and numbers of depositions will be addressed in separate Order(s). All provisions are subject to the COVID-19 protocols set forth below, unless or until the Parties agree or the Court orders otherwise.

1

2. Unless specifically modified herein, or in any Addendums, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure or the Local Rules of the District of New Jersey.

3. Counsel are reminded that the Court considers depositions to be official court procedures, and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before these Courts, as if each was appearing personally before the Court at the time of the depositions. Counsel shall not engage in conduct during a deposition that would not be appropriate in the presence of a judge. Counsel shall not at any time conduct himself or herself in a manner not becoming of an officer of the court and not in full compliance with the civil rules of practice and all other orders of the Court. Neither counsel nor witnesses shall, at any time, engage in conduct that obstructs, impedes, delays, or frustrates the examination of the witness. All counsel and the deponent must be treated with civility and respect.

4. Counsel will not abuse or indulge in offensive conduct directed to other counsel, parties or witnesses. Counsel will abstain from disparaging personal remarks or acrimony toward other counsel, parties or witnesses Counsel will treat adverse witnesses and parties with fair consideration and respect at all times.

5. Counsel will take depositions only when actually needed. Counsel will not take depositions for the purposes of harassment or other improper use. Further, counsel will not use scheduling depositions as a means of harassment.

6. Counsel will make good-faith efforts to resolve by agreement objections before presenting them to the Court.

7. Counsel will consult with each other regarding scheduling matters in a good faith effort to avoid scheduling conflicts. Counsel will promptly notify other counsel when

depositions are to be canceled.

8. Counsel will not obstruct questioning during a deposition or object to deposition questions unless permitted under applicable law.

9. During depositions, counsel will only ask those questions that are reasonably believed to be necessary and appropriate for the prosecution or defense of the action.

10. There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during the deposition recess.

**B.    Notice**

1. <u>Content and Notice.</u> Each deposition notice shall include the name of each deponent, or description of the deponent where a designated corporate representative, the general occupational description of each deponent, if known, the address and telephone number of an attorney point of contact designated by the party noticing the deposition, as well as the date, time and place of the deposition. Each deposition notice absent consent or Court order, shall be served at least thirty (30) days prior to the scheduled deposition, except where the deposition is scheduled on shorter notice with agreement of the parties or pursuant to Court direction or Order. The lead questioning attorney shall be identified no later than 14 days prior to the deposition date, and counsel representing the witness shall designate and communicate to the noticing party the attorney defending the deposition no later than 14 days prior to the scheduled deposition date, in order to facilitate communication and efficiency.  This order shall be referenced in any subpoena or deposition notice served in this litigation, and made available to any non-party involved in a deposition subject to this protocol upon request.

2. <u>Adequacy of Notice.</u> After counsel, through consultation, have made good faith efforts to agree upon a date and location for a deposition, the Noticing Party shall serve a Notice or an amended Notice reflecting the agreed upon date and location. Third-party witnesses subpoenaed to produce documents shall be served with the document subpoena at least thirty (30) days before a scheduled deposition.

3. <u>Cross-Notice.</u> All depositions subject to this order are automatically cross-noticed in every underlying case within MDL No. 2875. To avoid burdening witnesses with multiple depositions, the parties agree that in scheduling depositions noticed pursuant to master complaints filed with respect to Irbesartan and/or Losartan the parties will work together to limit those depositions to avoid questioning that is duplicative and cumulative of the deposition noticed pursuant to the Valsartan master complaint.

**C.    Scheduling**

1. <u>Cooperation and Scheduling.</u> Absent extraordinary circumstances, counsel shall consult with opposing counsel and counsel for the proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis.

2. Only one deposition of a current or former employee of a defendant shall be taken per day, until such time as there is a demonstrated need to multitrack depositions of the employees of a defendant. At that time, the parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions of employees of a defendant, where necessary.

3. <u>Location.</u> Subject to the COVID-19 protocols set forth below, to the extent reasonably possible, depositions of witnesses located in the United States will take place in the deponent's home district, or, if counsel for the deponent agrees,

in another district convenient to the deponent, counsel and the parties. The parties shall cooperate and attempt to accommodate a request to conduct a deposition of witnesses in or outside the United States via videoconference, through a hard wired facility if reasonably practicable. The parties shall use best efforts to coordinate all deposition logistics with the time zone in which a witness will be located for the deposition, including use of a stenographer, translator, and videographer.

Members of the PSC law firms and counsel for Defendants in the MDL who are not examining the witness or defending the deposition may listen to depositions, but may not question or object. The identities of those who will participate by phone shall be provided to counsel 24 hours before the deposition. The costs of such participation shall be borne by the party requesting to participate. Defendants named in a specific action shall confer and appoint a lead questioner, but each shall have the right to question the witnesses deposed in that action, for example on issues of product identification, however counsel for those Defendants shall work together to avoid duplicative or unnecessarily cumulative questions, and shall share the allotted time for questioning but reserve the right to request additional time and Plaintiffs reserve the right to object to same.

### D. Cancelations and Postponements

Once a deposition has been scheduled, the parties shall make good faith efforts to proceed as scheduled, and it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between Liaison Counsel for each side or counsel for the witness (if the witness is not a party or a current or former employee represented

by defense counsel) or by leave of Court for good cause shown. The parties explicitly agree that COVID-19 related issues, such as exposures, quarantines, and travel restriction may be good cause.

**E.    Coordination with the New Jersey State Court Actions/Cross-Noticing of Depositions/ Corporate Representative Depositions**

1.    The parties and the court desire to minimize the expense and inconvenience of this litigation by, *inter alia,* providing for joint depositions of witnesses within the time limits set forth in this Order in this MDL and the NJ cases relating to valsartan. Cross notices between this MDL and the NJ cases will not be necessary.

2.    Plaintiffs' and Defendants' counsel shall use their best efforts to coordinate the scheduling of depositions and the duties for examination of the deponent.

3.    <u>Corporate Representative Depositions.</u> The notice for the deposition of a corporate representative under Fed. R. Civ. P. 30(b)(6) shall describe with reasonable specificity the matters for examination and the questioning shall be limited to those specific matters. The party served with a corporate representative deposition notice shall identify the name, title, and provide the CV or Resume of the designated witness(es) no less than 14 days prior to the deposition, or further in advance of the deposition if agreed or ordered. Within twenty (20) days of the Court's approval of a 30(b)(6) notice, the respective Defendant shall identify the witness(es) designated to cover the topics in that notice.

**F.    Attendance**

1.    <u>Who May be Present.</u> Subject to the COVID-19 protocols set forth below, and space limitations in the case of in-person depositions (except that nothing shall interfere with any counsels' right to participate in any deposition remotely), unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially

engaged by a party for purposes of the deposition, the parties or the representative of a party (including in-house counsel and insurers), court reporters, videographers, interpreters, the deponent, and counsel for the deponent. Absent agreement, upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence. While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Protective Order shall be excluded from the deposition. Requests to mark all or a portion of a deposition transcript as confidential shall follow the procedures set forth in the Protective Order.

2. <u>Unnecessary Attendance.</u>  Counsel for Defendants have a right to attend all depositions governed by this Order. Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend.

3. <u>Notice of Intent to Attend a Deposition.</u> In order for counsel to make arrangements for adequate deposition space (in the event of in-person depositions), whenever feasible, Plaintiffs' counsel who intend to attend a deposition noticed by plaintiffs should provide notice to Plaintiffs' Liaison Counsel, or its designee, of their intention to attend at least five (5) days prior to the deposition. Defense counsel who intend to attend a deposition noticed by defendants should provide notice to Defendants' Liaison Counsel, or its designee, of their intention to attend at least five (5) days prior to the deposition. Liaison Counsel for each party shall confer regarding the expected attendance at least 24 hours before the scheduled date, when necessary.

**G.    Duration of Depositions**

Unless otherwise ordered by the Court, or agreed to by the parties and counsel for any deponent, the following provisions shall govern the depositions subject to this order:

1. A deposition shall be up to seven (7) hours of examination by the noticing party and shall ordinarily commence at 9:00 am local time and terminate no later than 6:00 pm, including a one-hour break for lunch. The deposition time limits shall be increased by 75% if translators are needed, and requests for further increases or decreases in time shall be either agreed to by the parties or set by Order if good cause is shown. Breaks shall be taken on an as needed basis, not to exceed 15 minutes each unless otherwise agreed. No breaks shall be taken while a question is pending, except to confer about an issue relating to privilege. The time shall be calculated based on the actual time spent examining the witness. Time spent on breaks or lunch shall not be counted toward the time limits. Counsel shall be efficient in depositions. Counsel shall confer about the time required to depose a particular witness. Absent agreement of the parties or order of this Court based on a showing of good cause, a deposition shall not exceed one (l) day. A witness may later be re-deposed on a subject area only on a showing of good cause, for example if documents are not timely produced and demonstrate that good cause exists to re-depose the witness after the deposition had been concluded. Time spent by defending counsel for direct examination of the witness shall not count against the time allotted to questioning counsel. Time for cross-examination following the direct examination shall count as part of the seven hours or other specified time permitted for the deposition. Where a witness is a non-party, and is not a

current or former employee, agent, or consultant for a party or a subsidiary or affiliate of a party, the parties shall meet and confer to reach agreement on an equitable division of the available time to depose the witness.

## H.   Conduct

1.   Examination

   a.   Once a witness has fully answered a question, that same or substantially the same question shall not be asked again. However, the parties acknowledge that similar questions that are intended to elicit Defendant-specific testimony may be necessary and asked by different Defendants, subject to the obligation to avoid duplicative or cumulative questioning, and nothing precludes a party from revisiting questions on cross-examination.

2.   Objections and Directions not to Answer

   a.   Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants and, unless otherwise specified by any plaintiff, an objection by a single plaintiff shall be deemed an objection by all plaintiffs. However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants and an instruction not to answer by one plaintiff shall not be deemed an instruction not to answer by all plaintiffs.

   b.   Counsel shall comply with Fed. R. Civ. P. 30(c)(2) concerning objections at a deposition. Counsel shall not engage in colloquy in objecting to a question or an answer, or responding to an objection. Any objections to an examiner's questions or to the deponent's answer, shall be made in a concise manner and counsel shall not suggest an answer to the witness or instruct the witness on

how to answer a question, unless the witness must be instructed to not answer the question on the basis that it seeks privileged information. The phrases "objection as to form", "objection as to foundation", or similar language are sufficient and shall preserve all objections as to form and foundation until a party seeks to use a deposition. However, to determine whether there is a need to cure a defect in a question, the examiner may ask the attorney lodging the objection to identify the specific defect in the question. In the absence of such a request, the basis for the objection shall not be explained further. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of the communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself believed in good faith to be privileged.

c.  All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence of a privilege.

d.  Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent seeks to present a motion to the Court for termination or limitation of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent. Objections shall not be made in a manner that obstructs the questioning of a

10

witness or the answering of the question, or suggests or signals that a witness should or should not answer in a particular manner. If during a deposition a party in good faith intends to present an issue to the Magistrate Judge by telephone pursuant to paragraph H.3 *infra,* and if the Magistrate Judge is not immediately available, the party may instruct the witness temporarily to defer answering the question until the Magistrate Judge is available to issue a ruling.

e.  Private consultations between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, conferences may be held during normal recesses, adjournments, or if there is a break in the normal course of interrogation and no questions are pending.

f.  Objections as to the relevance of documents are not waived, and are reserved for later ruling in each of the coordinated proceedings or by the trial judge.

3.  Disputes during the deposition.

a.  Disputes relating to depositions shall be resolved jointly, by the parties, wherever possible. Disputes that arise during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition if not immediately resolved shall be presented to the Magistrate Judge by telephone or writing. If the parties elect to present the dispute to the Court in writing following the deposition, each side must submit a one (1) page summary of its position and any authority relevant to the dispute. The Court will issue a

prompt ruling, as schedule permits. In the event the Court is not available by telephone to resolve the dispute, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time. Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3), file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court.

b. If a dispute arises before or after a deposition: Promptly upon filing a motion, the moving party will email a copy of the motion to the Magistrate Judge and his or her law clerk. Copies of the request, together with supporting documents, shall be emailed to the counsel involved in the immediate dispute. The Magistrate Judge will coordinate conferral among the parties for resolution of the issue.

## I. Means of Recording

1. <u>Stenographic Recording.</u> A certified Court reporter shall stenographically record all deposition proceedings and testimony with "real time feed" capabilities. The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) and similar state court rules addressing filing, retention, certification and the like. The parties will enter into a separate addendum setting forth their agreement as to the court reporter service or services, as the case may be, that will be used in this litigation.

## J. Documents Used in Connection with Depositions

1. <u>Production of Documents.</u> Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition, with a copy of the

subpoena served as required by Fed. R. Civ. P. 45. Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the examination commences, and the parties shall work to reach agreement on such timing.

2. <u>Copies.</u> Extra copies of documents about which deposing counsel expects to examine a deponent should be provided to primary counsel for the parties and the deponent during the course of the deposition.

3. <u>Marking of Deposition Exhibits.</u> Each document referred to at a deposition shall be referred to by its alpha-numeric production number except in the case of documents which have not yet received production numbering at the time of the deposition. Documents that are produced in native format shall have the slip sheet with the Bates number affixed to the front of the document. Once an exhibit has been numbered, it is intended that it shall retain that number throughout the case. However, in the event that an exhibit is numbered differently at multiple depositions the court reporter and the parties shall confer and confirm that the exhibit has been separately numbered. The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition. The court reporter shall assign exhibit number blocks for each deposition and shall make sure that duplicative or overlapping exhibit numbers are not assigned. Exhibit numbers shall be consecutive to the extent practicable. All documents marked at depositions must be done so in accordance with the Protective Order and the ESI Protocol. The court reporter and the parties shall maintain a joint list of deposition exhibits, setting forth the exhibit number, deponent(s), and date(s) of deposition (in the event an exhibit has been numbered

differently at multiple depositions, or used multiple times, this is to be clearly reflected on the list. This may be coordinated with the court reporter service for efficiency, but the parties remain responsible for the accuracy of the list).

4. <u>Objections to Documents.</u> Objections to the relevance or admissibility of documents used as deposition exhibits are not waived and are reserved for later ruling by the Court or by the trial judge.

5. <u>Translation of Documents.</u> Objections as to the accuracy of translations shall be preserved unless a stipulation is reached by the parties in advance of the deposition.

## K.     Interpreters.

1. Where a witness indicates his or her intention to respond to questions in a language other than English, translators will be employed to interpret and translate between the foreign language and English. An interpreter selected by the questioning attorney may also attend the deposition for the purpose of verifying the interpretation or translation provided by the interpreter. Each interpreter shall swear under oath or affirm prior to each deposition to provide honest and truthful interpretations and translations. A monitor displaying "real time" transcription will be placed in front of the interpreter to assist in the interpretation. Defendants and plaintiffs will each be responsible for all fees and costs incurred to secure the attendance and services of their respective interpreters.

2. Counsel for the deponent shall notify the Noticing Party at least 30 days in advance of the deposition that the examination will require the involvement of a translator.

L.    **Copies of Transcripts and Recordings**

1.  Each side shall bear its own costs in securing copies of the deposition transcript, videotape or DVD.

2.  Subject to the terms of the Protective Order entered in these proceedings, any party may, at its own expense, obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

M.    **Video Depositions**

By so indicating in its notice of deposition, a party may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(6)(3) subject to the following rules:

1.  <u>Simultaneous Stenographic Recording.</u> All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph I, *supra.*

2.  <u>Cost of Deposition.</u> The party requesting the videotaping of the deposition shall bear the expense of the videotaping.  Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

3.  <u>Video Operator.</u> The operator(s) of the video record equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

4.  <u>Index.</u> The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which an interruption of continuous tape-recording occurs, whether for recesses, "off-the-record"

discussions, mechanical failure, or otherwise.

5.  <u>Attendance.</u> Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition.

6.  <u>Standards</u>. Unless physically incapacitated or due to physical necessity, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent and the interpreter, if one is participating. The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a bible, medical equipment, political or religious pins, or other props, except those used for demonstrative purposes.

7.  <u>Interruptions</u>. No attorney shall direct instructions to the video operator as to the method of operating the equipment, except where necessary, for example a request for a close up view of an object or document as necessary. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions. The video operator shall record on camera the time of suspension and any subsequent reconvening of the deposition. However, during a de bene esse deposition for use at trial, the video may be suspended so that objections are not placed on the video, in order to enable more efficient editing for trial.

8. <u>Filing.</u> After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

10. <u>Technical Data</u>. Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

11. <u>Objections.</u> Objections and instructions not to answer at videotape depositions are subject to the provisions of paragraph H.2, *supra.* If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.

12. Plaintiffs have advised Defendants of the intention to videotape all depositions taken by Plaintiffs, subject to Plaintiffs choosing not to do so for particular depositions in Plaintiffs' discretion. Defendants have advised Plaintiffs of the intention to videotape all depositions taken by Defendants, subject to Defendants choosing not to do so for particular depositions in Defendants' discretion.

**N.    Use and Admissibility of Depositions**

1. Depositions of employees and former employees of Defendants taken in this MDL proceeding, or in any state action, where cross-noticed in this MDL, relating to valsartan contamination in which any Defendant is a party may be used in this proceeding in accordance with the Federal Rules of Civil Procedure and Evidence and case law by or against any person (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

   a.  who was a party to this litigation;

   b.  who was present or represented at the deposition;

    c.  who was served with prior notice of the deposition or otherwise had reasonable notice thereof; or

    d.  who, within thirty (30) calendar days after the transcription of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this Court in any action that is part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

2. This order does not address the admissibility of any deposition at trial.

3. This order does not address whether a separate trial preservation deposition may be required for admission of a witness's testimony. Nor does it address the timing of such trial preservation deposition. Such determinations shall be made in each coordinated proceeding as necessary.

O. **Avoidance of Duplicative Depositions.**

1. Unless otherwise agreed, witnesses noticed to be deposed in their individual capacity and also designated to cover a 30(b)(6) topic(s) should be deposed with regard to the 30(b)(6) topic(s), and then should be deposed in its individual capacity.

2. Where a witness is designated as a 30(b)(6) witness, and is subject to also being deposed in an individual capacity, the depositions shall be taken on consecutive days, or on a mutually agreed schedule.

P. **Correcting and Signing Depositions**

1. Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature, and shall be corrected and signed within thirty (30) days after receiving the final transcript of the completed deposition. The time allowed for correcting and signing the transcript shall be extended to forty-five (45) days for those deponents who responded in a language other than English. If no corrections are made during this time, the transcript will be presumed accurate.

Parties in jurisdictions where the rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

**Q.    Federal Rules and Orders**

I.   The Federal Rules of Civil Procedure and Federal Rules of Evidence shall apply in all MDL proceedings unless specifically modified herein.

**R.    COVID-19 Protocols**

**General Provisions**

1.   All depositions in the above-captioned MDL may be noticed to take place remotely unless or until the Court terminates these COVID-19 protocols or the Parties agree to terminate these protocols.  To the extent a dispute exists regarding the termination or potential termination of these protocols, the issue shall be addressed by the Court.  To the extent depositions are scheduled before the matter is scheduled to be heard, the protocols shall remain in place.

2.   The COVID-19 pandemic shall not, on its own, provide grounds to quash a deposition. However, the parties acknowledge that nothing in this protocol shall prohibit a party from making a specific request to postpone an in-person or remote deposition due to a specific circumstance arising from the COVID-19 pandemic.

3.   Any depositions taken and/or recorded in accordance with this Order may be admitted at trial with the same effect as one recorded and/or taken in person.

4.   Nothing in this Order prevents counsel for a witness from being present in-person to represent that witness. Unless otherwise agreed, the inability to do so shall not be a basis to postpone or cancel a deposition.

5.   The Parties must exercise good faith in fulfilling the goals of Fed. R. Civ. P. 1 while avoiding unnecessary health risks in light of the COVID-19 pandemic

**Testimony Under Oath**

1. All depositions of witnesses shall be conducted via videoconference, unless all parties agree to conduct the deposition in person. A witness's counsel and interpreter may choose to be present in-person with the witness during the deposition, even in the case of remote depositions. Nevertheless, no persons are required to be present with the witness, so long as all requirements outlined herein can be met, except as set forth herein.

2. The physical oath-taking and stenographer in-person presence requirements under the Federal Rules shall be waived. Notaries or other qualified persons to administer an oath may swear in a witness remotely by video, provided the notary's mobile notary credentials are current and provided the notary can see and hear the witness. Any objections to such waiver shall be made on the record and are subject to subsequent review of the Court.

3. Objections to the procedures identified in this section may be made in a letter brief to the Court no later than 7 business days prior to the date of the deposition and are required to be supported by clear and convincing evidence of unfair prejudice or harm suffered by the movant. The Court will either issue a written order or hold a telephone conference with the parties to resolve the matter in advance of the deposition.

**Method of Communication**

1. Due to various governmental directives aimed to facilitate social distancing and to protect the health and safety of the public in light of the COVID-19 pandemic, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via videoconference via Zoom and/or other mutually agreed videoconferencing service.

2. All depositions shall take place via a Zoom account, and/or other mutually agreed system (*i.e.*, videoconference), to be provided by the court reporting agency with the following precautionary measures:

a. Any person interested in attending the deposition as permitted herein must email [including, to a designated email address at the court reporting agency, and to plaintiff and defense liaison counsel's designee], at least 24 hours in advance of the commencement of the deposition.  The court reporting agency shall verify that the participant's name appears on the service list for the litigation.  Any person whose name does not appear on the service list must be approved by plaintiff or defendant liaison counsel or their designee.

b. The Zoom or other videoconferencing service room shall require a password for entry.  The password shall be disseminated by the court reporting agency to all registered participants no later than 12 hours prior to the commencement of the deposition.

c. The court reporting agency shall enable the waiting room feature on Zoom or other videoconferencing service to ensure each participant is only admitted after their identities have been confirmed.  All participants joining the deposition shall be identified by the name which appears on the service list for the MDL.

d. Any chat feature shall be disabled, and no off-camera communications may take place between the witness and the witness' attorney while the parties are on the record.

**Recording Depositions**

1. A certified court reporter shall stenographically record all deposition proceedings and testimony.  The written transcript prepared by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30's requirements concerning filing, retention, certification, etc.

2. To the extent any deposition notice calls for the deposition to be recorded via video, and a party requests the ability to have a videographer present at the location with the

deponent to videotape the deposition in person, in addition to the Zoom or other videoconferencing service video link, the parties will give their best efforts to accommodate this request, taking into account the logistics of the location and the exigencies of social distancing and other COVID-19 health considerations, and the following provisions shall apply in all depositions, to the extent practicable:

    a.  The witness shall be seated in front of a plain background in a well-lit room, and shall not wear a mask.

    b.  The witness shall appear without objects such as a bible or medical equipment, as opposed to objects presented and/or provided to the witness by questioning counsel such as exemplars.

    c.  The camera shall be positioned to show the witness from the waist up, or as far down as needed so that the witness's hands are visible at all times if possible.

3.  In all videotaped depositions, the operator of the videotape recording equipment is subject to the provisions of Fed. R. Civ. P. 28(c).  At the start of the deposition, the operator shall swear or affirm to record the proceedings fairly and accurately.

4.  Each witness, attorney, and other person attending the deposition (in person or remotely) shall be identified on the record at the commencement of the deposition. The videotape recording shall include the court reporter administering the oath or affirmation to the witness.  Thereafter, the deponent and, if necessary, exhibits and any demonstratives will be videotaped.

**Exhibits**

1.  Any exhibits sought to be used at the deposition shall be sent electronically to the Court Reporting Agency as follows: the exhibits shall be sent to the Court Reporting Agency at least 24 hours prior to the deposition, and necessary last minute additions may be submitted no later than 1 hour in advance of the commencement of the deposition. Additional exhibits that become necessary during the course of the

deposition may be utilized, and coordination for this possibility should occur between the Court Reporting Agency and the parties in advance of the deposition to avoid unnecessary delays. The Court Reporting Agency shall be responsible for disseminating exhibits throughout the deposition, unless the parties can more efficiently disseminate the exhibits and avoid disruption and delay during the deposition. The witness and any party not taking the deposition will receive exhibits in real time, as would be the case in a standard, in-person deposition. The questioning attorney may have a representative present at the deponent's location, subject to social distancing and safety considerations, or send the exhibits in hard copy to that location, to ensure that the witness has a hard copy of the exhibit while being deposed.

2. A witness may be required to use a keyboard, mouse, or other similar means to open and/or advance the pages of an exhibit provided electronically. The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis to object to the admissibility of that exhibit at trial. During the deposition, the Remote Deposition Technology must allow counsel to display and annotate exhibits for the witness, add and remove exhibits, and change the order in which the exhibits are presented to the witness, to the extent reasonably practicable.

**IT IS SO ORDERED.**

Dated: November 17, 2020

Joel Schneider, U.S.M.J.
United States Magistrate Judge
Joel Schneider