# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | § § § § § § § § | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler<br>Hon. Joel Schneider |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO MEDICAL MONITORING CLASS ACTION PLAINTIFF CLASS REPRESENTATIVE JOHN JUDSON [OR OTHER CLASS REPRESENTATIVE]**

The undersigned, on behalf of all defendants named in the operative Medical Monitoring Master Complaint [ECF No. 123], and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby request that Plaintiff John Judson [or other class representative plaintiff] respond and produce for inspection and copying the following documents, electronically stored information, materials, and tangible things in his/her possession, within thirty (30) days after service hereof, as provided by the Parties' agreement to electronic service in this case.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to each and every part of these Requests as if fully set forth therein:

1.      "Plaintiff," "You," or "Your," means John Judson [or other class representative plaintiff], acting individually or jointly with any other person or entity, as well as any person acting on his or her behalf in any capacity, including his or her attorneys, or any employee, agent, investigator, or representative of his or her attorneys.

2.      "Defendant" or "Defendants" means each and every Defendant in the Complaint.

3.    "Complaint" means the Consolidated Amended Medical Monitoring Class Action Complaint filed in this case on June 17, 2019, as part of the consolidated MDL No. 2875 in the U.S. District Court for the District of New Jersey, captioned *In Re: Valsartan, Losartan, and Irbesartan Products Liability Litigation* [ECF No. 123].

4.    "Health Care Provider" or "Health Care Providers" means any physicians, dentists, psychologists, psychiatrists, mental health care providers, nurses, nurse practitioners, physician assistants, therapists, social workers, pharmacists, substance abuse treatment personnel, counselors, and all other providers of services for the purposes of diagnosing, treating, stabilizing, managing, or otherwise affecting the physical or mental health of a person.  "Health care provider" or "health care providers" also includes hospitals, clinics, pharmacies, and any other entity that employs or contracts with individual or groups of Health Care Providers for the delivery of health care services including prescribing or filling prescriptions for prescription drugs.

5.    "VCD" means any drug or combination drug containing valsartan.

6.    "Blood pressure medication" means any drug or pharmaceutical product prescribed and/or taken for the treatment of high blood pressure/hypertension.

7.    "Relate to," "related to," "relating to," or "reflecting" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

8.    "Relevant Time Period" shall mean January 1, 2012 through the present, and all Requests, unless otherwise specified, seek the requested documents that were created, in effect and/or are related to the Relevant Time Period.  The definition and scope of the term Relevant Time Period does not constitute an admission by Defendants or evidence with respect to the

appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving VCDs or other blood pressure medications.

9.     Each Request shall be construed as being inclusive rather than exclusive.  The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.  The present tense shall include the past and future tenses.  The singular shall include the plural, and the plural shall include the singular.  The masculine includes the feminine and neutral genders.

10.     "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind,

including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

11.    The documents requested herein shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

12.    "Electronically stored information" or "ESI" shall have the same definition as is utilized in the Electronic Discovery Protocol in this case [ECF No. 127], and the production of ESI should be made in conformance with that Protocol.

13.    "Formulary" and "Preferred Drug List" mean the formulary, preferred drug list, or other list of prescription drugs that are covered by the Plan(s) or Group Insurance Policies, including any tiers or levels of preference in which drugs are categorized, and all amendments, modifications, supplements, or revisions thereto.

14.    "Summary of Benefits" means any and all summary of benefits or coverage, schedule of benefits or coverage, explanation of benefits or coverage, subscriber certificates, or any other summary of benefits available to You with respect to any Plan Agreement or Group Insurance Policy Agreement. The term "Summary of Benefits" shall include any amendments thereto.

15.    "Plan" means any and all health benefit, care or insurance plans that provide for the payment, reimbursement, and/or coverage for prescription drugs for or on behalf of You, whether offered by, though, or on behalf of the government or any employer, employee organization, or

any employees thereof; unions or its members; or other policyholders, subscribers, beneficiaries, participants, or other insurance companies or other third parties.

16.    You are required to produce all responsive documents that are within Your possession.  The potential availability of any Document by way of subpoena, public record access, authorization for release, or via another source does not excuse Your obligation to produce materials in Your possession.

17.    You must respond in writing and separately to each Request.  If no such Documents are within Your possession, custody or control, so state affirmatively.  If You have searched for and produced all Documents within Your possession that are responsive to a request as part of the Plaintiff Fact Sheet process, so state affirmatively.

18.    These Requests seek only non-privileged information.    However, if any document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided that complies with the privilege log requirements of the Electronic Discovery Protocol in this case [ECF No. 127].

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents reflecting any express warranty You claim was made and breached by any Defendant to You with respect to the VCDs that You purchased.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents reflecting notice given by You or on Your behalf to any Defendant, prior to your initiation of litigation against any such Defendant(s), regarding Your contention that any warranty had been breached in relation to the VCDs that You purchased or in relation to Your contention that the VCDs that You purchased were defective. This request does not seek any previously produced communications or correspondence between You and any representative of any Defendant regarding the valsartan recall (i.e., documents responsive to Request No. 10 in the Plaintiff's Fact Sheet You completed).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents relating to or evidencing any statement or communication whereby any person or entity told You that You may be at-risk for developing a physical injury or disease as a result of taking VCDs. This request does not seek communications protected by the attorney-client privilege.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Any documents, journals, logs, or other records that reflect or relate to Your blood pressure readings before, during, and after You took VCDs to treat Your hypertension. The time period covered by this request is from January 1, 2010 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Any documents that reflect, relate to, or identify any medical monitoring, diagnostic, test, and/or procedure for cancer screening that You have undergone in the past ten (10) years or that You are scheduled to undergo in the future, including but not limited to, blood tests to screen for cancer (even if run in conjunction with tests for other issues), colonoscopies, biopsies, sigmoidoscopies, enteroclyses, ultrasounds to screen for cancer or evaluate other masses or abnormalities, endoscopies, Barium-metal gastric photofluorography, PET scans, genetic testing, CAT scans, stool sampling, chromoendoscopies, prostate exams, cystoscopies, or pathology results.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** For any procedure identified in connection with Request for Production No. 5 or identified on Part III.E and/or Part III.G of Your Plaintiff Fact Sheet, all insurance documents that reflect any insurance coverage or benefit that may apply or did apply to such procedures, including Explanation of Benefits, Summary of Benefits, Plan Documents, or other information reflecting or relating to insurance coverage for such procedures.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All documents relating to or evidencing any bodily injury or damage to person or property (other than money allegedly lost due to the purchase of VCDs) that You claim, allege, or believe was caused by or is attributable to the VCDs that You purchased.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All Documents not previously produced that support your allegations that the numerosity, commonality, typicality, and adequacy of representation requirements of Fed. R. Civ. P. 23(a) have been met (*see* Complaint at ¶¶ 386-390).

This request does not call for production of documents protected by the attorney client privilege or work product doctrine.

**RESPONSE:**

Dated:  November 5, 2020

/s/ *Seth A. Goldberg*
    Seth A. Goldberg, Esq.
    *Lead Counsel and Liaison Counsel for Defendants*

DUANE MORRIS LLP

Seth A. Goldberg, *Lead Counsel and Liaison Counsel for Defendants*
Barbara A. Schwartz
Coleen W. Hill (DE #6287)
Nathan B. Reeder
30 South 17th Street
Philadelphia, PA 19103
Tel.:  (215) 979-1000
Fax:  (215) 979-1020
SAGoldberg@duanemorris.com
BASchwartz@duanemorris.com
NBReeder@duanemorris.com

    *Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

PIETRAGALLO   GORDON   ALFANO BOSICK & RASPANTI, LLP

Clem  C.  Trischler, *Lead Counsel for Defendants*
Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel.:  (412) 263-2000

Fax: (412) 263-2001
CCT@pietragallo.com
JMR@pietragallo.com

*Attorneys for Mylan Laboratories, Ltd. and Mylan Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.: (312) 476-5056
Fax: (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA Inc., Teva Pharmaceutical Industries, Ltd., Actavis LLC, and Actavis Pharma, Inc.*

ULMER & BERNE LLP

Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
600 Vine Street
Suite 2800
Cincinnati, OH 45202-2409
Tel.: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ulmer.com

*Attorney for AmerisourceBergen Corporation*

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE: VALSARTAN, LOSARTAN, | § | No. 1:19-md-2875-RBK |
| AND IRBESARTAN PRODUCTS | § | Hon. Robert Kugler |
| LIABILITY LITIGATION | § | Hon. Joel Schneider |
| | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO ECONOMIC
LOSS CLASS ACTION PLAINTIFF CONSUMER CLASS REPRESENTATIVE
ALPHONSE BORKOWSKI [OR OTHER CLASS REPRESENTATIVE]**

The undersigned, on behalf of all defendants named in the operative Economic Loss Master

Complaint [ECF No. 398], and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

hereby request that Plaintiff Alphonse Borkowski [or other class representative plaintiff] respond

and produce for inspection and copying the following documents, electronically stored

information, materials, and tangible things in his/her possession, within thirty (30) days after

service hereof, as provided by the Parties' agreement to electronic service in this case.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to each and every part of these

Requests as if fully set forth therein:

1.       "Plaintiff," "You," or "Your," means Alphonse Borkowski [or other class

representative plaintiff], acting individually or jointly with any other person or entity, as well as

any person acting on his or her behalf in any capacity, including his or her attorneys, or any

employee, agent, investigator, or representative of his or her attorneys.

2.       "Defendant" or "Defendants" means each and every Defendant in the Complaint.

1

3.      "Complaint" means the Consolidated Second Amended Economic Loss Class Action Complaint filed in this case on March 13, 2020, as part of the consolidated MDL No. 2875 in the U.S. District Court for the District of New Jersey, captioned *In Re: Valsartan, Losartan, and Irbesartan Products Liability Litigation* [ECF No. 398].

4.      "Health Care Provider" or "Health Care Providers" means any physicians, dentists, psychologists, psychiatrists, mental health care providers, nurses, nurse practitioners, physician assistants, therapists, social workers, pharmacists, substance abuse treatment personnel, counselors, and all other providers of services for the purposes of diagnosing, treating, stabilizing, managing, or otherwise affecting the physical or mental health of a person. "Health care provider" or "health care providers" also includes hospitals, clinics, pharmacies, and any other entity that employs or contracts with individual or groups of Health Care Providers for the delivery of health care services including prescribing or filling prescriptions for prescription drugs.

5.      "VCD" means any drug or combination drug containing valsartan.

6.      "Blood pressure medication" means any drug or pharmaceutical product prescribed and/or taken for the treatment of high blood pressure/hypertension.

7.      "Relate to," "related to," "relating to," or "reflecting" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

8.      "Relevant Time Period" shall mean January 1, 2012 through the present, and all Requests, unless otherwise specified, seek the requested documents that were created, in effect and/or are related to the Relevant Time Period. The definition and scope of the term Relevant Time Period does not constitute an admission by Defendants or evidence with respect to the

appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving VCDs or other blood pressure medications.

9.      Each Request shall be construed as being inclusive rather than exclusive.  The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.  The present tense shall include the past and future tenses.  The singular shall include the plural, and the plural shall include the singular.  The masculine includes the feminine and neutral genders.

10.      "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind,

3

including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

11.    The documents requested herein shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

12.    "Electronically stored information" or "ESI" shall have the same definition as is utilized in the Electronic Discovery Protocol in this case [ECF No. 127], and the production of ESI should be made in conformance with that Protocol.

13.    "Formulary" and "Preferred Drug List" mean the formulary, preferred drug list, or other list of prescription drugs that are covered by the Plan(s) or Group Insurance Policies, including any tiers or levels of preference in which drugs are categorized, and all amendments, modifications, supplements, or revisions thereto.

14.    "Contract(s)" and "Agreement(s)," when referring to Plans or Group Insurance Policies, shall include but not be limited to ERISA or government Plan (including but not limited to Medicare or Medicare Advantage) documents; Documents setting forth the terms of any Plan, Group Insurance Policy, and/or Policies; master group agreements; administration agreements; administrative services agreements; claims administration agreements; benefit agreements; benefit description documents; and other documents setting forth the terms and conditions related to the operation and administration of the agreements requested and all amendments, modifications, supplements, or revisions thereto.

15.    "Summary of Benefits" means any and all summary of benefits or coverage, schedule of benefits or coverage, explanation of benefits or coverage, subscriber certificates, or any other summary of benefits available to You with respect to any Plan Agreement or Group Insurance Policy Agreement.  The term "Summary of Benefits" shall include any amendments thereto.

16.    "Summary Plan Description" means the legally required document which conveys, in summary fashion, information relating to any Plan.

17.    "Subscriber Certificate" means any Document describing the coverage available to you under any Plan or Group Insurance Policy and/or bearing a certification that you are entitled to coverage under such Plan or Group Insurance Policy.  This definition includes any handbook, guide, or other description(s) of your Plan or Group Insurance Policy accompanying or serving as a Subscriber Certificate.

18.    "Annual Notice of Change," when referring to a government Plan, means any document that states any changes in coverage, costs, service area, or any other matter relating to the Plan.

19.    "Evidence of Coverage," when referring to a government Plan, means any document that states how much You pay, what Your Plan covers, or any other information discussing the benefits or costs to you associated with any government Plan by which You were covered during the Relevant Time Period.

20.    "Group Insurance Policies" means any and all health insurance policies that provide for payment, reimbursement, and/or coverage for prescription drugs for or on behalf of You, whether offered by, though, or on behalf of any employer, employee organization, or any employees thereof; union or its members; or other policyholders, subscribers, beneficiaries,

5

participants, or other third parties.

21.    "Plan" means any and all health benefit, care or insurance plans that provide for the payment, reimbursement, and/or coverage for prescription drugs for or on behalf of You, whether offered by, though, or on behalf of the government or any employer, employee organization, or any employees thereof; unions or its members; or other policyholders, subscribers, beneficiaries, participants, or other insurance companies or other third parties.

22.    You are required to produce all responsive documents that are within Your possession. The potential availability of any Document by way of subpoena, public record access, authorization for release, or via another source does not excuse Your obligation to produce materials in Your possession.

23.    You must respond in writing and separately to each Request. If no such Documents are within Your possession, custody or control, so state affirmatively. If You have searched for and produced all Documents within Your possession that are responsive to a request as part of the Plaintiff Fact Sheet process, so state affirmatively.

24.    These Requests seek only non-privileged information. However, if any document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided that complies with the privilege log requirements of the Electronic Discovery Protocol in this case [ECF No. 127].

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents reflecting any express warranty You claim was made and breached by any Defendant to You with respect to the VCDs that You purchased.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents reflecting notice given by You or on Your behalf to any Defendant, prior to your initiation of litigation against any such Defendant(s), regarding Your contention that any warranty had been breached in relation to the VCDs that You purchased or in relation to Your contention that the VCDs that You purchased were defective. This request does not seek any previously produced communications or correspondence between You and any representative of any Defendant regarding the valsartan recall (i.e., documents responsive to Request No. 11 in the Plaintiff's Fact Sheet You completed).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All Documents comprising Plans or Group Insurance Policies under or pursuant to which You were provided or offered prescription drug benefits, coverage, or discounts, including but not limited to any Summary of Benefits, Summary Plan Descriptions, Subscriber Certificate, Evidence of Coverage, and/or Annual Notice of Change covering any portion of the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All Formularies and/or Preferred Drug Lists applicable to any Plan or Group Insurance Policy under or pursuant to which You were provided or offered prescription drug benefits, coverage, or discounts during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  All Documents reflecting any schedule of payments (e.g., deductibles, copayments, or coinsurance payments) You owed or would have owed pursuant to any Plan or Group Insurance Policy in connection with the purchase of any VCD or other blood pressure medication during the Relevant Time Period.  If You did not have prescription drug benefits or coverage to cover any portion of the cost of VCDs and You paid out-of-pocket prices for VCDs, state so affirmatively.  This request does not seek the production of every document reflecting an actual payment by You or on Your behalf for VCDs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  Documents sufficient to indicate, for each year (or other applicable period pursuant to your Plan or Group Insurance Policy) during which You were covered by a Plan or Group Insurance Policy during the Relevant Time Period, whether You met (e.g., fully paid) your annual "out-of-pocket" maximum (or deductible) for prescription drugs.  If You did meet your "out-of-pocket" maximum or deductible for any given year (or other applicable time period) during the Relevant Time Period, produce Documents sufficient to indicate the amount of Your "out-of-pocket" maximum or deductible and the date on which you met it.  If You did not meet your "out-of-pocket" maximum or deductible for any given year (or other applicable time period) during the Relevant Time Period, produce Documents sufficient to indicate the total amount You paid toward your "out-of-pocket" maximum or deductible for that time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  To the extent You claim that any VCDs You purchased were ineffective at treating (or helping to treat) Your hypertension or other medical condition for which they were prescribed, produce all Documents that You contend support Your

claim of ineffectiveness.  This request seeks Documents which directly refer to any alleged ineffectiveness of the VCDs You purchased and does not seek Documents generally referring to any product recall or the alleged presence of any nitrosamine.  If You do not claim that any VCDs You purchased were ineffective at treating or helping to treat Your hypertension or other medical condition for which they were prescribed, state so affirmatively.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  All documents reflecting Your blood pressure readings or health effects/benefits caused by any VCDs or other blood pressure medications You took, whether prepared by a health care provider, You, or any other person or entity.  The time period covered by this request is from January 1, 2010 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  All documents relating to or evidencing any bodily injury or damage to person or property (other than money allegedly lost due to the purchase of VCDs) that You claim, allege, or believe was caused by or is attributable to the VCDs that You purchased.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  All Documents not previously produced that reflect, support, or indicate Your alleged out of pocket damages, the amount of any alleged diminution in value of the VCDs, and/or the value of the loss of benefit of any alleged bargain you claim to have made with any Defendant regarding the VCDs.  In responding to this request, You do not have to search for or produce bank statements or credit card statements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  All Documents not previously produced that support your allegations that the numerosity, commonality, typicality, and adequacy of representation requirements of Fed. R. Civ. P. 23(a) have been met (*see* Complaint at ¶¶ 428-432). This request does not call for production of documents protected by the attorney client privilege or work product doctrine.

**RESPONSE:**


Dated:  October 27, 2020

/s/ *Seth A. Goldberg*
　　　　Seth A. Goldberg, Esq.
　　　　*Lead Counsel and Liaison Counsel for Defendants*

DUANE MORRIS LLP

Seth A. Goldberg, *Lead Counsel and Liaison Counsel for Defendants*
Barbara A. Schwartz
Coleen W. Hill (DE #6287)
Nathan B. Reeder
30 South 17th Street
Philadelphia, PA 19103
Tel.:  (215) 979-1000
Fax:  (215) 979-1020
SAGoldberg@duanemorris.com
BASchwartz@duanemorris.com
NBReeder@duanemorris.com

　　　　*Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

PIETRAGALLO  GORDON  ALFANO
BOSICK & RASPANTI, LLP

Clem C. Trischler, *Lead Counsel for Defendants*

Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel.:  (412) 263-2000
Fax:  (412) 263-2001
CCT@pietragallo.com
JMR@pietragallo.com

*Attorneys for Mylan Laboratories,
Ltd. and Mylan Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.:  (678) 553-2385
Fax:  (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.:  (312) 476-5056
Fax:  (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.:  (215) 988-7864
Fax:  (215) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals
USA Inc., Teva Pharmaceutical
Industries, Ltd., Actavis LLC, and
Actavis Pharma, Inc.*

11

ULMER & BERNE LLP

Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
600 Vine Street
Suite 2800
Cincinnati, OH 45202-2409
Tel.:  (513) 698-5038
Fax:  (513) 698-5039
jgeoppinger@ulmer.com

>   *Attorney    for    AmerisourceBergen Corporation*

Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| IN RE: VALSARTAN, LOSARTAN, | § | No. 1:19-md-2875-RBK |
| AND IRBESARTAN PRODUCTS | § | Hon. Robert Kugler |
| LIABILITY LITIGATION | § | Hon. Joel Schneider |
|  | § |  |
|  | § |  |
|  | § |  |
|  | § |  |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ECONOMIC LOSS CLASS ACTION PLAINTIFF THIRD-PARTY PAYOR CLASS REPRESENTATIVE

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., Teva Pharmaceuticals Industries Ltd., Teva Pharmaceuticals USA, Inc., Mylan Laboratories Ltd., Mylan Pharmaceuticals Inc., and AmerisourceBergen Corporation, by and through their lead counsel in the above-captioned matter and on behalf of the manufacturer, distributer, and wholesaler defendants, and pursuant to Federal Rules of Civil Procedure 26 and 34, serve this First Set of Requests for Production of Documents to Economic Loss Class Action Plaintiff Third-Party Payor Class Representative, (the "Requests," each a "Request") and hereby requests that MSPRC Recovery Claims, Series LLC respond and produce for inspection and reproduction the following documents, electronically stored information, and materials requested below, within thirty (30) days hereof, as provided by the Parties' agreement to electronic service in this case.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to each and every part of these Requests as if fully set forth therein:

1.      "MSPRC" means Plaintiff MSPRC Recovery Claims, Series LLC, on its own behalf and in its capacity as putative direct or indirect assignee of the recovery rights of certain healthcare benefit providers ("Assignors," as hereinafter defined) to MSPRC or to any Series of MSPRC, and each of MSPRC's and its direct or indirect Assignors' past or present officers, directors, employees, partners, principals, members, agents, representatives, attorneys, parents, subsidiaries, affiliates, related entities, assigns, predecessors-in-interest, successors-in-interest, and every person acting or who has ever acted on its behalf.

1

2.    "Assignor" and "Assignors" mean all entities, including but not limited to healthcare benefit providers, Health Care Providers, Medicare Advantage Organizations ("MAOs"), entities contracting with MAOs in connection with the purchase or provision of healthcare or healthcare benefits, or any other person or entity that directly or indirectly assigned recovery rights relating to or arising out of any purchase or reimbursement involving VCDs, and/or the right or rights to bring any lawsuit in connection with such assignment(s), to MSPRC or any Series of MSPRC, including but not limited to: Group Health Incorporated and Health Insurance Plan of Greater New York, otherwise known as EmblemHealth or Emblem; SummaCare, Inc.; and Connecticare, Inc.

3.    "Plaintiff," "Plaintiffs," "You," and "Your" mean MSPRC, as defined above.

4.    "Defendant" or "Defendants" means each and every named Defendant in the above-styled action.

5.    "Health Care Provider" or "Health Care Providers" means any physicians, dentists, psychologists, psychiatrists, mental health care providers, nurses, nurse practitioners, physician assistants, therapists, social workers, pharmacists, substance abuse treatment personnel, counselors, and all other providers of services for the purposes of diagnosing, treating, stabilizing, managing, or otherwise affecting the physical or mental health of a person. "Health care provider" or "health care providers" also includes hospitals, clinics, pharmacies, and any other entity that employs or contracts with individual or groups of Health Care Providers for the delivery of health care services including prescribing or filling prescriptions for prescription drugs.

6.    "VCD" means any drug or combination drug containing valsartan.

7.    "Blood pressure medication" means any drug or pharmaceutical product related to the treatment of high blood pressure and/or hypertension.

8.    The "Plan" or "Plans" means any and all health benefit, care or insurance plan or plans offered by, sponsored by, or in any way provided through MSPRC (and/or any Assignor) to or on behalf of the government; employers, employee organizations, or their employees; unions or their members; and/or other sponsors and their policyholders, subscribers, beneficiaries, participants, or other third parties, which provide for the payment, reimbursement, and/or coverage for prescription drugs, including but not limited to any single-employer plan, multiemployer plan, multiple employer welfare arrangement, or any other form of coverage on which You (and/or any Assignor) base any claim for damage in this litigation.

9.    "Group Insurance Policies" means any and all health or drug insurance policies that are intended to be able to provide for multiple individuals' payment, reimbursement, and/or coverage for prescription drugs, offered by MSPRC (and/or any Assignor) to or on behalf of any employer, employee organizations, or their employees; unions or their members; or other policyholders, subscribers, beneficiaries, participants, or other third parties.

10.    "Summary of Benefits" means any and all summary of benefits or coverage, schedule of benefits or coverage, explanation of benefits or coverage, subscriber certificates, or any other summary of benefits available to Insureds with respect to any Plan or Group Insurance Policy Agreement.

11.    "Insureds" mean employees, employers, members, subscribers, policyholders, participants, beneficiaries, and/or insureds under any Plan and/or the Group Insurance Policies through which MSPRC (and/or any Assignor) provided some form of prescription drug coverage, payment, or reimbursement on which MSPRC (and/or any Assignor) bases any claim for damage in this litigation.

12.    "Formulary" and "Preferred Drug List" mean the formulary, preferred drug list, or other list of prescription drugs that are covered by any Plan or Group Insurance Policies, including any tiers or levels of preference in which drugs are categorized, and all amendments, modifications, supplements, or revisions thereto.

13.    "Relate to," "related to," or "relating to" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

14.    "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings.  The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept.  All documents should be produced without alteration and with any and all exhibits and attachments thereto.  The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

15.    "Electronically stored information" or "ESI" shall have the same definition as is utilized in the Electronic Discovery Protocol in this case [ECF No. 127], and the production of ESI should be made in conformance with that Protocol.

16.    "Relevant Time Period" shall mean January 1, 2012 through the present and all Requests, unless otherwise specified, seek the requested Documents that were created during, in effect during, modified during, obtained during, reviewed during, and/or are related to the Relevant Time Period.  The definition and scope of the term Relevant Time Period does not constitute an admission by Defendants or evidence with respect to the appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving VCDs or other blood pressure medications.

17.    Each Request shall be construed as being inclusive rather than exclusive.  The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.  The present tense shall include the past and future tenses.  The singular shall include the plural, and the plural shall include the singular.

18.    The documents requested herein shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

19.    You are required to produce all responsive documents that are within Your possession.  The potential availability of any Document by way of subpoena, public record access, authorization for release, or via another source does not excuse Your obligation to produce materials in Your possession.

20.    You must respond in writing and separately to each Request.  If no such Documents are within Your possession, custody or control, so state affirmatively.  If You have searched for and produced all Documents within Your possession that are responsive to a request as part of the Plaintiff Fact Sheet process, so state affirmatively.

21.    These Requests seek only non-privileged information.    However, if any document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided that complies with the privilege log requirements of the Electronic Discovery Protocol in this case [ECF No. 127].

22.    These Requests are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these Requests, or as an admission of the relevance or materiality of any of the matters covered by these Requests.

23.    These Requests are propounded without prejudice as to Defendants' rights to serve additional discovery (or seek leave of Court to serve additional discovery) requests upon any or all Plaintiffs, including (but not limited to) additional document requests for Plan or Group Insurance Policy information, Plaintiffs' allegations or purported support for class action certification, and any VCDs or other blood pressure medications Plaintiffs may have purchased as an alternative to VCDs.

4

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  All previously unproduced documents reflecting any pre-suit notice, outside of communications since the inception of this litigation, that You or any Assignor gave to any Defendant regarding any alleged breach of warranty, and any amendments, modifications, updates, or revisions thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  For each Plan and insurance product provided by You or any Assignor and pursuant to which You claim an Assignor provided coverage for VCD prescriptions for which you seek any reimbursement herein, all Summaries and/or Schedules of Benefits (and amendments thereto) and their substantive equivalents, for each year of the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  All Documents which reflect, refer to and/or relate to the gross and net prices paid for VCD prescriptions covered by You or any Assignor (and/or its agent) for VCDs for which You seek damages for such payments, and all Documents which reflect, refer to and relate to any other components of, credits to, and/or fees associated with such purchase and coverage transactions ("transactions"), including but not limited to, rebates, refunds, benefits, and things of value received by You in relation to such transactions, all cost-sharing arrangements related to the Plan generally and to such transactions specifically, co-pays (or co-insurance) associated with such transactions, and any other cost or pricing component of any amount for which You seek reimbursement herein.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  For each Plan and each insurance product provided by You and/or any Assignor (and/or its agent), and pursuant to which You seek any reimbursement herein, each Formulary and/or Preferred Drug List related thereto, and all amendments, for each year during the Relevant Time Period; to the extent not stated in such Formularies or Preferred Drug Lists, documents sufficient to determine any payment, deductible, tier, copayment, or coinsurance terms applicable to each tier of any such Formulary or Preferred Drug List.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  All agreements or contracts, between (1) You or any Assignor and (2) any pharmacy benefits manager or third party and/or claims administrator of any Plan and insurance product pursuant to which You claim to have provided coverage for VCDs and for which You seek reimbursement herein.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  All agreements or contracts which reflect, refer to and/or relate to any agreement and/or arrangements between (1) You or any Assignor and (2) (a) any governmental entity, including but not limited to the Centers for Medicare & Medicaid Services; or (b) any Downstream entity, First tier entity, Group health plan, MA plan, MA-PD plan, Prescription drug plan, Part D plan, or Related entity, as those terms are defined in 42 C.F.R. § 423.4.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All Documents not previously produced that reflect, relate to and/or refer to any amount for which You seek reimbursement herein, including the amounts sought, the amounts of any alleged diminution in value of the VCDs as warranted and as received and/or "covered" by You or each Assignor (or its agent), and/or any alleged loss of benefit of any alleged bargain You claim herein, specified by specific VCD product.

6

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Any agreements (including but not limited to operating agreements, bylaws, articles of organization, series agreements, contracts, assignments), not previously produced, between Plaintiff MSPRC Recovery Claims, Series LLC and any Series (or group of Series) pursuant to which You claim rights asserted in this litigation.

**RESPONSE:**

Dated:  November 11, 2020

/s/ *Seth A. Goldberg*
          Seth A. Goldberg, Esq.
          *Lead Counsel and Liaison Counsel*
          *for Defendants*

DUANE MORRIS LLP

Seth A. Goldberg, *Lead Counsel and Liaison*
*Counsel for Defendants*
Barbara A. Schwartz
Coleen W. Hill (DE #6287)
Nathan B. Reeder
30 South 17th Street
Philadelphia, PA 19103
Tel.:  (215) 979-1000
Fax:  (215) 979-1020
SAGoldberg@duanemorris.com
BASchwartz@duanemorris.com
NBReeder@duanemorris.com

          *Attorneys for Zhejiang Huahai*
          *Pharmaceutical Co., Ltd., Prinston*
          *Pharmaceutical Inc., and Solco*
          *Healthcare US, LLC*

PIETRAGALLO   GORDON   ALFANO
BOSICK & RASPANTI, LLP

Clem C. Trischler, *Lead Counsel for*
*Defendants*
Jason M. Reefer

7

38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel.: (412) 263-2000
Fax: (412) 263-2001
CCT@pietragallo.com
JMR@pietragallo.com

*Attorneys for Mylan Laboratories, Ltd. and Mylan Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.: (312) 476-5056
Fax: (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA Inc., Teva Pharmaceutical Industries, Ltd., Actavis LLC, and Actavis Pharma, Inc.*

8

ULMER & BERNE LLP

Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
600 Vine Street
Suite 2800
Cincinnati, OH 45202-2409
Tel.: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ulmer.com

*Attorney for AmerisourceBergen Corporation*

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | § | |
| IN RE: VALSARTAN, LOSARTAN, | § | No. 1:19-md-2875-RBK |
| AND IRBESARTAN PRODUCTS | § | Hon. Robert Kugler |
| LIABILITY LITIGATION | § | Hon. Joel Schneider |
| | § | |
| | § | |
| | § | |
| | § | |

<u>**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO ECONOMIC LOSS CLASS ACTION PLAINTIFF THIRD-PARTY PAYOR CLASS**
**REPRESENTATIVE**</u>

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., Teva

Pharmaceuticals Industries Ltd., Teva Pharmaceuticals USA, Inc., Mylan Laboratories Ltd.,

Mylan Pharmaceuticals Inc., and AmerisourceBergen Corporation, by and through their lead

counsel in the above-captioned matter and on behalf of the manufacturer, distributer, and

wholesaler defendants, and pursuant to Federal Rules of Civil Procedure 26 and 34, serve this First

Set of Requests for Production of Documents to Economic Loss Class Action Plaintiff Third-Party

Payor Class Representative (the "Requests," each a "Request"), and hereby requests that Maine

Automobile Dealers Association, Inc. Insurance Trust respond and produce for inspection and

reproduction the following documents, electronically stored information, and materials requested

below, within thirty (30) days hereof, as provided by the Parties' agreement to electronic service

in this case.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

The following definitions and instructions shall apply to each and every part of these

Requests as if fully set forth therein:

1.      "MADA" means Plaintiff Maine Automobile Dealers Association, Inc. Insurance

Trust, and its past or present officers, directors, employees, partners, principals, members, agents,

representatives, attorneys, parents, subsidiaries, affiliates, related entities, assigns, predecessors-

in-interest, successors-in-interest, and every person acting or who has ever acted on its behalf.

1

2. "Plaintiff," "Plaintiffs," "You," and "Your" mean MADA, as defined above.

3. "Defendant" or "Defendants" means each and every named Defendant in the above-styled action.

4. "Health Care Provider" or "Health Care Providers" means any physicians, dentists, psychologists, psychiatrists, mental health care providers, nurses, nurse practitioners, physician assistants, therapists, social workers, pharmacists, substance abuse treatment personnel, counselors, and all other providers of services for the purposes of diagnosing, treating, stabilizing, managing, or otherwise affecting the physical or mental health of a person. "Health care provider" or "health care providers" also includes hospitals, clinics, pharmacies, and any other entity that employs or contracts with individual or groups of Health Care Providers for the delivery of health care services including prescribing or filling prescriptions for prescription drugs.

5. "VCD" means any drug or combination drug containing valsartan.

6. "Blood pressure medication" means any drug or pharmaceutical product related to the treatment of high blood pressure and/or hypertension.

7. The "Plan" or "Plans" means any and all health benefit, care or insurance plan or plans offered by, sponsored by, or in any way provided through MADA to or on behalf of the government; employers, employee organizations, or their employees; unions or their members; and/or other sponsors and their policyholders, subscribers, beneficiaries, participants, or other third parties, which provide for the payment, reimbursement, and/or coverage for prescription drugs, including but not limited to any single-employer plan, multiemployer plan, multiple employer welfare arrangement, or any other form of coverage on which You base any claim for damage in this case.

8. "Group Insurance Policies" means any and all health or drug insurance policies that are intended to be able to provide for multiple individuals' payment, reimbursement, and/or coverage for prescription drugs, offered by MADA to or on behalf of any employer, employee organizations, or their employees; unions or their members; or other policyholders, subscribers, beneficiaries, participants, or other third parties.

9. "Summary of Benefits" means any and all summary of benefits or coverage, schedule of benefits or coverage, explanation of benefits or coverage, subscriber certificates, or any other summary of benefits available to Insureds with respect to any Plan or Group Insurance Policy Agreement.

10. "Insureds" mean employees, employers, members, subscribers, policyholders, participants, beneficiaries, and/or insureds under any Plan and/or the Group Insurance Policies through which MADA provided some form of prescription drug coverage, payment, or reimbursement on which MADA bases any claim for damage in this case.

11. "Formulary" and "Preferred Drug List" mean the formulary, preferred drug list, or other list of prescription drugs that are covered by any Plan or Group Insurance Policies, including any tiers or levels of preference in which drugs are categorized, and all amendments, modifications, supplements, or revisions thereto.

12. "Relate to," "related to," or "relating to" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

13. "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

14. "Electronically stored information" or "ESI" shall have the same definition as is utilized in the Electronic Discovery Protocol in this case [ECF No. 127], and the production of ESI should be made in conformance with that Protocol.

15. "Relevant Time Period" shall mean January 1, 2012 through the present and all Requests, unless otherwise specified, seek the requested Documents that were created during, in effect during, modified during, obtained during, reviewed during, and/or are related to the Relevant Time Period. The definition and scope of the term Relevant Time Period does not constitute an admission by Defendants or evidence with respect to the appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving VCDs or other blood pressure medications.

16. Each Request shall be construed as being inclusive rather than exclusive. The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to

bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.  The present tense shall include the past and future tenses.  The singular shall include the plural, and the plural shall include the singular.

17.    The documents requested herein shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

18.     You are required to produce all responsive documents that are within Your possession.  The potential availability of any Document by way of subpoena, public record access, authorization for release, or via another source does not excuse Your obligation to produce materials in Your possession.

19.    You must respond in writing and separately to each Request.  If no such Documents are within Your possession, custody or control, so state affirmatively.  If You have searched for and produced all Documents within Your possession that are responsive to a request as part of the Plaintiff Fact Sheet process, so state affirmatively.

20.    These Requests seek only non-privileged information.   However, if any document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided that complies with the privilege log requirements of the Electronic Discovery Protocol in this case [ECF No. 127].

21.    These Requests are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these Requests, or as an admission of the relevance or materiality of any of the matters covered by these Requests.

22.    These Requests are propounded without prejudice as to Defendants' rights to serve additional discovery (or seek leave of Court to serve additional discovery) requests upon any or all Plaintiffs, including (but not limited to) additional document requests for Plan or Group Insurance Policy information, Plaintiffs' allegations or purported support for class action certification, and any VCDs or other blood pressure medications Plaintiffs may have purchased as an alternative to VCDs.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**  All previously unproduced documents reflecting any

pre-suit notice, outside of communications since the inception of this litigation, that You gave to

any Defendant regarding any alleged breach of warranty, and any amendments, modifications,

updates, or revisions thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** For each Plan, Group Insurance Policy, or other product provided by You and pursuant to which You claim to have provided coverage for VCD prescriptions for which you seek any reimbursement in this litigation, all Summaries and/or Schedules of Benefits (and amendments thereto) and their substantive equivalents, for each year of the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All Documents which reflect, refer to and/or relate to the gross and net prices paid for VCD prescriptions covered by You for VCDs for which You seek damages for such payments, and all Documents which reflect, refer to and relate to any other components of, credits to, and/or fees associated with such purchase and coverage transactions ("transactions"), including but not limited to, rebates and refunds received by You in relation to such transactions, all cost-sharing arrangements related to the Plan(s), or Group Insurance Policy or other prescription coverage product generally and to such transactions specifically, co-pays (or co-insurance) associated with such transactions, and any other cost or pricing component of any amount for which You seek damages in this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** For each Plan, Group Insurance Policy, or other product provided by You and pursuant to which You seek any damages in this litigation, each Formulary and/or Preferred Drug List related thereto, and all amendments, for each year during the Relevant Time Period; to the extent not stated in such Formularies or Preferred Drug Lists, documents sufficient to determine any payment, deductible, tier, copayment, or coinsurance terms applicable to each tier of any such Formulary or Preferred Drug List.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All agreements or contracts (and all amendments thereto) between (1) You and (2) any pharmacy benefits manager or third party and/or claims administrator of any Plan, Group Insurance Policy, or other product pursuant to which You claim to have provided coverage for VCDs and for which You seek reimbursement in this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All agreements or contracts (and all amendments thereto) or other documents which constitute or modify any agreement and/or arrangements between any third party and/or claims administrator, including (by way of example only, but not limited to) Anthem Health Plans of Maine, Inc. and any pharmacy benefit manager, concerning any Plan, Group Insurance Policy, or other product pursuant to which You claim to have provided coverage for VCDs and for which You seek damages in this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All Documents not previously produced that reflect, relate to and/or refer to any amount for which You seek damages in this litigation, including the amounts sought, the amounts of any alleged diminution in value of the VCDs as warranted and as received and/or "covered" by You, and/or any alleged loss of benefit of any alleged bargain You claim in this litigation, specified by specific VCD product.

**RESPONSE:**


Dated:  November 11, 2020

/s/ *Seth A. Goldberg*
Seth A. Goldberg, Esq.
*Lead Counsel and Liaison Counsel for Defendants*

DUANE MORRIS LLP

6

Seth A. Goldberg, *Lead Counsel and Liaison Counsel for Defendants*
Barbara A. Schwartz
Coleen W. Hill (DE #6287)
Nathan B. Reeder
30 South 17th Street
Philadelphia, PA 19103
Tel.:  (215) 979-1000
Fax:  (215) 979-1020
SAGoldberg@duanemorris.com
BASchwartz@duanemorris.com
NBReeder@duanemorris.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

PIETRAGALLO    GORDON    ALFANO
BOSICK & RASPANTI, LLP

Clem  C.  Trischler, *Lead Counsel for Defendants*
Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel.:  (412) 263-2000
Fax:  (412) 263-2001
CCT@pietragallo.com
JMR@pietragallo.com

*Attorneys for Mylan Laboratories, Ltd. and Mylan Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.:  (678) 553-2385
Fax:  (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.:  (312) 476-5056
Fax:  (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.:  (215) 988-7864
Fax:  (215) 689-4419
rubensteinb@gtlaw.com

> *Attorneys for Teva Pharmaceuticals USA Inc., Teva Pharmaceutical Industries, Ltd., Actavis LLC, and Actavis Pharma, Inc.*

ULMER & BERNE LLP

Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
600 Vine Street
Suite 2800
Cincinnati, OH 45202-2409
Tel.:  (513) 698-5038
Fax:  (513) 698-5039
jgeoppinger@ulmer.com

> *Attorney for AmerisourceBergen Corporation*