# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| IN RE: VALSARTAN, | : | |
| LOSARTAN, AND IRBESARTAN | : | HON. ROBERT B. KUGLER |
| PRODUCTS LIABILITY | : | HON. JOEL SCHNEIDER |
| LITIGATION | : | |
| | : | |
| | : | |
| | : | Civil No. 19-2875 (RBK/JS) |
| | : | |

**SUPPLEMENTAL DECLARATION OF MAURA R. GROSSMAN IN FURTHER SUPPORT OF THE TEVA DEFENDANTS' LETTER BRIEF REQUESTING AN ORDER FORECLOSING REVIEW OF ADDITIONAL NON-RESPONSIVE DOCUMENTS AND/OR SHIFTING COSTS OF REVIEW TO PLAINTIFFS**

Pursuant to 28 U.S.C. § 1746, I, Maura R. Grossman, declare:

1.      For the sake of brevity, in lieu of reiterating my background and qualifications, I refer the Court to my *curriculum vitae*—previously filed as an attachment to the July 24, 2020 Letter Brief of Jeffrey W. Greene, (Dkt. 527-3)—setting forth my qualifications to serve as an expert on technology-assisted review ("TAR") in this matter, particularly as relates to continuous active learning® ("CAL®")—often referred to as "TAR 2.0."

2.      I was retained by Greenberg Traurig in the above-captioned litigation to assist the Teva Defendants on matters relating to search and review, as well as validation methodologies involving CAL®, in particular, to oversee the Teva Defendants' review process to ensure that the Teva Defendants' productions are reasonable, made in good faith, and consistent with their obligations under Fed. R. Civ. P. 26(g).  I have undertaken and validated over a hundred TAR reviews in the past, and have also negotiated and/or developed validation protocols, including but not limited to, the validation protocol used by the parties in *In re Broiler Chicken Antitrust*

*Litigation*, Case No. 1:16-cv-08637 (N.D. Ill. Jan. 3, 2018) (Order Regarding Search Methodology for Electronically Stored Information [Dkt. 586]) (the "*Broilers* Protocol").

3.      I submit this supplemental declaration on behalf of the Teva Defendants in furher Support of their Letter Brief Requesting an Order Foreclosing Review of Additional Non-Responsive Documents and/or Shifting Costs of Review to Plaintiffs.  I have personal knowledge of the matters set forth herein, and if called upon and sworn as a witness, I could and would competently testify thereto.

4.      I was not personally involved in the drafting or negotiation of the ESI Protocol entered by the Court in this case and agreed to by the parties.

5.      From my reading of the ESI Protocol, it appears to contemplate the use of both keywords and TAR, and does not require a choice between one search methodology or the other. Such "layering" of TAR on top of keywords, as was done here, is not unusual in litigation involving large document reviews and productions.

6.      In my opinion, there are circumstances where it can be appropriate to use TAR after the application of search terms.  Those circumstances typically involve considerations of proportionality.

7.      There is strong scientific evidence supporting the fact that TAR is superior to manual review.  Based on the robust quality control and validation exercises conducted on the documents from the high-priority custodians in this matter, I am able to conclude with a high degree of confidence that the production Plaintiffs received from these custodians using TAR after keywords is superior to the production they would have received had the review of the documents on which the keywords hit been reviewed entirely by linear, manual review without the use of TAR.  It is further my opinion that a review of the null-set population from the high-priority custodians in this matter is unlikely to result in the production of non-marginal, non-duplicative information.

8.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

-3-

*Executed this 18th day of November, 2020 in Waterloo, Ontario, Canada.*

*/s/ Maura R. Grossman*

Maura R. Grossman, J.D., Ph.D.