# EXHIBIT C

## Harkins, Steven M. (Assoc-ATL-LT)

| | |
|---|---|
| **From:** | Harkins, Steven M. (Assoc-ATL-LT) |
| **Sent:** | Sunday, August 2, 2020 2:44 PM |
| **To:** | ASlater@mazieslater.com; BVP |
| **Cc:** | Cohen, Lori (Shld-Atl-LT); Lockard, Victoria D. (Shld-Atl-LT) |
| **Subject:** | Valsartan - Follow up on Validation Protocol |

Adam and Behram,

Thanks for the call yesterday. On the items where we indicated we would follow up:

1. As discussed yesterday, our client's biggest concern is the release of non-responsive documents. Therefore we cannot agree to a proposal that includes turning over non-responsive documents, whether as part of the review and QC process, in connection with the rolling productions, based on the document receiving a certain score from the CMML system, or in relation to the audit sample at the end of the review. We see this as a threshold issue.
2. As to the 10 day meet and confer process over the interpretation of responsiveness, we can expedite that period. We are willing to discuss specific documents or types of documents you believe are relevant/responsive, and can meet and confer to try and memorialize this in a one page summary or similar document. We cannot agree to turn over our instructive work product provided to our attorneys for purposes of managing the review.
3. The protocol will need to be confidential and not be filed on the docket. This approach has been utilized in other litigations. Again, this benefits Plaintiffs as much as Defendants to the extent you have a concern over keeping this contained to Teva.
4. You asked about the origin for the Audit sample we have proposed of 5,000 documents. This number is twice as high as ordinarily utilized and the highest such sample Dr. Grossman has ever included in a protocol. We believe 5,000 is already unnecessarily high, in an effort to appease Plaintiffs, and more documents in this sample would not make the results any more valid.
5. On the below items we are amenable to further changes and look forward to seeing your redlined proposal:
   a. The timing of involving Judge Schneider in review of the 250 document sample.
   b. Whether additional information could be provided along with each rolling production.
   c. Providing hit counts in connection with choosing documents in the audit sample.
   d. The size of the elusion sample.
   e. The timing/frequency of Plaintiffs' identifying 100 docs to use for additional training.
   f. Using core discovery documents to train the system.
   g. Whether to include the reference to a 30% error rate for human review (though Dr. Grossman has extensively researched and is prepared to testify to this number).
   h. Whether to implement email threading.
   i. Providing additional information on the non-TAR compatible file types.

We will review and evaluate any other issues you have identified and choose to include in the redlined protocol. For purposes of letting the Court know our position please send the redline by 8 pm tonight.

Best,

**Steven M. Harkins**
Associate

Greenberg Traurig, LLP
Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305

T +1 678.553.2312 | F +1 678.553.2441
harkinss@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig