# **EXHIBIT E**

# GT GreenbergTraurig

Victoria Davis Lockard
Tel: (678) 553-2103
Fax: (678) 553-2104
lockardv@gtlaw.com

October 6, 2020

**VIA E-MAIL ONLY TO**

Adam Slater
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Suite 207
Roseland, NJ 07068
aslater@mazieslater.com

    Re:    *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation., U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-RBK-JS*

Dear Counsel:

    Thank you for the productive meet and confer telephone conference yesterday surrounding Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, Actavis Pharma, Inc., and Arrow Pharm (Malta) Ltd. (collectively, "Teva" or the "Teva Defendants"). As I explained, Teva strongly believes it has a good-faith basis to move for an order: 1) foreclosing additional disproportionate review of documents that based on data analytics and e-discovery best practices, are highly likely to be **non-responsive;** and/or 2) to shift the cost of Teva's further non-responsive document review by ordering Plaintiffs to reimburse Teva its costs and fees associated with reviewing documents that Teva's Continuous Multi-Modal Learning ("**CMML**") platform predicts are non-responsive. We believe, however, that it is in both parties' interests to attempt to reach a prompt and amicable agreement on these issues in lieu of more motions practice. I have attempted to provide answers to the questions you posed yesterday, however, we welcome another meet and confer with you in order to clarify any additional concerns you may have.

    As you know, Teva previously filed a letter brief in support of its motion for an order enforcing the Electronic Discovery Protocol ("ESI Protocol") (Dkt. 127) affirming the Teva Defendants' electronic document review and production process utilizing the CMML platform. As set forth in Teva's filings relating to CMML, the Teva Defendants had not yet relied on CMML to exclude any documents from its review, but rather were utilizing CMML to simply prioritize their review so that Plaintiffs would receive (and have received) the most relevant documents first (Dkt. 516). As you know, the parties were unable to agree on a validation protocol, as Teva believed Plaintiffs' request for non-responsive documents went far beyond the requirements set forth in the

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
Terminus 200 Building, 3333 Piedmont Road NE, 25th Floor ■ Atlanta, Georgia 30305 ■ Tel 678.553.2100 ■ Fax 78.553.2212

Adam M. Slater
October 6, 2020
Page 2

Federal Rules of Civil Procedure and/or applicable case law. Accordingly, Teva felt it had no choice but to withdraw its motion to enforce the ESI Protocol, reserving all of its rights (including its right to seek cost-shifting as appropriate) (Dkt. 544). Since that time, our CMML model has substantiated Teva's earlier contentions.

To demonstrate the accuracy of Teva's CMML model and to further assure you and the Court that Teva is proceeding in accordance with current e-discovery best practices, Teva has spent significant time and resources reviewing samples of documents the CMML system predicted to be non-responsive. This exercise has made it abundantly clear that the value of continued linear review is negligible in comparison to the enormous cost and burden for Teva to continue to review the hundreds of thousands of documents associated with high-priority custodians currently predicted to be non-responsive by CMML.

To demonstrate this point, Teva took it upon itself to review a random sample of 15,000 documents from the high-priority custodians that CMML indicated were non-responsive and had not been manually reviewed. Following review and an additional quality control process, of those 15,000, Greenberg Traurig attorneys deemed merely 109 to be responsive; an elusion of only 0.73%. This process involved 330.6 hours of attorney review time, cost Teva $13,885, and yet 99% of the documents associated with this effort will not be produced to Plaintiffs given their non-responsiveness. And, of the 109 responsive documents that Teva's review found in the non-responsive set, almost all of them are duplicative of documents already produced or would be considered only marginally responsive. Stated differently, the *de minimis* number of responsive documents that Teva's onerous and expensive quality control review uncovered demonstrated that the missed are not highly relevant or dispositive documents. Without Teva being able to rely on CMML's TAR tool moving forward (which has now been shown to have a high level of accuracy), any further review of documents predicted to be non-responsive would eviscerate the notion of proportionality here. We are confident the Court will be satisfied with the performance of Teva's model and see the lack of value of further review of documents deemed to be non-responsive by Teva's CMML model.

As for the specific questions you raised during our telephone conference yesterday, Teva has manually reviewed a total of 628,509 documents to date.[1] 164,028 of those documents were from the six high-priority custodians (out of a total of 424,403 documents that hit on search terms for those six high-priority custodians). For the remaining 260,375 documents that have not yet been reviewed for the six high-priority custodians, Teva intends to ask the Court to permit it to rely on CMML to cut off its review of these documents because CMML predicts that only about 1,900 of the remaining documents are responsive, and again, those are likely to be duplicative and only marginally responsive.

For validation, Teva undertook a validation process similar to that set forth in the protocol for *In re Broilers Chicken*, and the results are fully defensible as defined by that protocol. Specifically, Teva's estimated TAR recall is 92.2%. Based on these numbers, it is clear that Teva

---

[1] This number continues to increase each day as our review continues.

GREENBERG TRAURIG, LLP  ■  Attorneys at Law  ■  www.gtlaw.com

Adam M. Slater
October 6, 2020
Page 3

has already found and reviewed virtually all[2] of the responsive documents for the high-priority custodians in this case and, therefore, continuing to review hundreds of thousands of non-responsive documents only to find a handful of marginally relevant and duplicative documents is a colossal waste of time and resources.

As far as your question about "false positives," we are not quite sure what you mean by that. We assume you are asking for the number of non-responsive documents in the production set for the six high-priority custodians. As noted above, we have reviewed 164,028 documents for the high-priority custodians. From that review, we have produced (or will be producing upon completion of redactions) a total of approximately 31,700 documents. All of the documents that have been produced (or will be produced) have been manually reviewed and coded as responsive, so in theory, there should be no "false positives." The only exception to that is the approximately 15,275 non-responsive documents that were produced (or will be produced) because they are family members of responsive documents.

To be clear, at this point, the issue here is not what the ESI Protocol permits or does not permit as it relates to CMML. Rather, this is a straightforward proportionality argument that the parties must address. Teva should not be forced to spend months and millions of dollars reviewing documents that it already knows are non-responsive, as now shown by its quality control and validation processes, as forth above. Forcing Teva to do so is the exact scenario that the December 2015 proportionality amendments to Rule 26 was intended to prevent—needlessly wasting resources on disproportionate discovery, which is particularly important to evaluate in expansive e-discovery matters. *See e.g.,* Hon. John Roberts, 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015) ("Rule 26(b)(1) crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality . . . .").

In light of the foregoing, please let us know your availability as soon as possible for a follow-up telephone conference, wherein we expect to discuss (1) whether Plaintiffs would agree to Teva's use of CMML to exclude further manual review of the 260,375 documents that are largely predicted to be ***non-responsive*** by CMML, in light of the aforementioned metrics and evidence that Teva's review of non-responsive documents is disproportionate to the needs of the case; and/or (2) whether Plaintiffs are willing to enter into a cost-sharing agreement, recognizing the time and expense associated with Teva's further review of non-responsive materials, in the event Plaintiffs do not intend to agree to Teva's use of CMML to cut off the remaining documents of the high-priority custodians from manual review. Respectfully, if you are not willing to consider our request under any reasonable circumstances, please let us know as soon as possible so that we do not waste the parties' time only to reach a dead-end. To the extent we are unable to reach prompt agreement on this issue, we will urgently raise this matter with the Court to avoid further prejudice to Teva. I look forward to hearing from you.

---

[2] The Federal Rules require a reasonable search for responsive documents, which is more than Teva has done at this point.

Adam M. Slater
October 6, 2020
Page 4

           Very truly yours,

           */s/ Victoria Lockard*
           Victoria Lockard, Esq.
           *Attorney for Teva Pharmaceuticals USA,*
           *Inc., Teva Pharmaceutical Industries Ltd.,*
           *Actavis LLC, and Actavis Pharma, Inc.*

cc:    Lori G. Cohen, Esq. (*via email*)
       Jeffrey Greene, Esq.