# Exhibit B

Case 1:19-md-02875-RMB-SAK   Document 635-2   Filed 11/18/20   Page 2 of 3 PageID: 15012

In re Actavis Holdco U.S., Inc., Not Reported in Fed. Rptr. (2019)
2019 WL 8437021, 2020-1 Trade Cases P 81,121

2019 WL 8437021
United States Court of Appeals, Third Circuit.

IN RE: ACTAVIS HOLDCO
U.S., INC., et al., Petitioners

No. 19-3549
|
November 22, 2019
|
Filed December 06, 2019

Related to E.D. Pa. No. 2-16-md-02724

**Attorneys and Law Firms**

Present: SHWARTZ, RESTREPO and PHIPPS, Circuit Judges

**Opinion**

s/Patty Shwartz Circuit Judge

 *1  1. Petition for Writ of Mandamus;

2. Motion by Respondent to Seal Response;

3. Response by Respondent to Petition for Writ of Mandamus;

4. Motion by Respondent Non-Petitioner Defendants MDL 2724 to Stay Discovery Pending Petition for Writ of Mandamus;

5. Response in opposition by Respondent Direct Purchaser Plaintiffs MDL 2724 to Motion to Stay Discovery;

6. Reply by Petitioners to Motion to Stay Discovery;

7. Motion with Expedited Treatment Requested by Petitioners to Stay the portion of the District Court Case Management Order that is the subject of the Petition for a Writ filed on October 31, 2019;

8. Motion by Petitioners for leave to file a Reply to Petition for a Writ of Mandamus with Reply attached;

9. Response in opposition by Respondent End Payer Plaintiffs MDL 2724 to motion for leave to file a Reply to Petition for Writ of Mandamus;

10. Amicus Brief by Chamber of Commerce of the United States of America in support of the Petition for Writ of Mandamus;

11. Amicus Brief by Lawyers for Civil Justice in support of the Petition for Writ of Mandamus.

Respectfully,

Clerk/lmr

ORDER

The foregoing petition for a writ of mandamus is denied because, among other reasons, (1) the ordered disclosure does not "amount[ ] to a judicial usurpation of power," Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380 (2004) (internal quotation marks omitted); (2) Petitioners have not established a "clear and indisputable" right to relief, id. at 381 (quoting Kerr v. U.S. Dist. Ct. for N. Dist. Of Cal., 426 U.S. 394, 403 (1976)); see also In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378-79 (3d Cir. 2005); (3) there is no showing that the order was the result of a "clear abuse of discretion," Cheney, 542 U.S. at 380, given that (i) the District Court has wide latitude in controlling discovery, (ii) the Federal Rules of Civil Procedure permit a district court to compel the production of documents within broad parameters, see, e.g., Fed. R. Civ. P. 16(b), 26(b)(1), (iii) the discovery is being produced from custodians identified as possessing potentially relevant information, and search terms aimed at identifying relevant information that will be applied are likely to narrow the information produced, (iv) district courts have, in some circumstances, ordered the production of documents without a manual relevance review, see, e.g., Consumer Fin. Prot. Bureau v. Navient Corp., No. 3:17-CV-101, 2018 WL 6729794, at *2 (M.D. Pa. Dec. 21, 2018); UPMC v. Highmark Inc., No. 2:12-CV-00692-JFC, 2013 WL 12141530, at *2 (W.D. Pa. Jan. 22, 2013); Williams v. Taser Int'l, Inc., No. CIVA 106CV-0051-RWS, 2007 WL 1630875, at *6 (N.D. Ga. June 4, 2007), and these orders are neither tantamount to "search warrants" nor clear outliers, as the dissent suggests, (v) a similar approach is contemplated in Federal Rule of Evidence 502(d), by which a court may order production without a privilege review,

Case 1:19-md-02875-RMB-SAK   Document 635-2   Filed 11/18/20   Page 3 of 3 PageID: 15013

In re Actavis Holdco U.S., Inc., Not Reported in Fed. Rptr. (2019)
2019 WL 8437021, 2020-1 Trade Cases P 81,121

(vi) the District Court provided reasons for its approach in its orders, (vii) the District Court provided avenues: (a) to allow the Petitioners to review for privilege before production and (b) to protect the produced information by way of an "outside counsel eyes only designation" for a period of 120 days, during which Petitioners may claw back trade secrets, unrelated business information, and unrelated personal or embarrassing information; (viii) even if the District Court's order constituted an abuse of discretion (which we do not decide), such an error would not support mandamus relief, see Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir 1995) (noting that "[m]andamus is not available for [an] abuse of discretion" without a showing that "the district court committed a clear error of law"); Cipollone v. Liggett Grp., Inc., 822 F.2d 335, 339 (3d Cir. 1987) (similar); and (4) mandamus is not otherwise necessary "to prevent grave injustice," Bogosian v. Gulf Oil Corp., 738 F.2d 587, 591 (3d Cir. 1984), as there is no showing that the ordered disclosure, when paired with the protections and limitations that the District Court imposed, will cause great injury.

*2 Because we have denied the mandamus petition, we deny as moot the motions to stay discovery pending resolution of the mandamus petition and to expedite consideration of the petition. We grant the motion to seal and Petitioners' motion for leave to file a reply to the petition for a writ of mandamus.[1]

By the Court,

### All Citations

Not Reported in Fed. Rptr., 2019 WL 8437021, 2020-1 Trade Cases P 81,121

## Footnotes

1   Judge Phipps would have granted the petition for a writ of mandamus based on the explanation below.
    Under the discovery order in this case, documents from certain custodians containing certain broad search terms must be produced without the producing party having the ability beforehand to review the documents for responsiveness or relevance. There is no dispute that the order compels the production of a volume of non-responsive and irrelevant documents. But the discovery order contains a clawback provision that affords the parties producing documents 120 days to request return of non-responsive, irrelevant documents that meet at least one of three criteria. Even with that clawback provision, the order constitutes a serious and exceptional error that should be corrected through a writ of mandamus.
    The sequence of events in discovery is important, and the rules of civil procedure allow for a review for responsiveness and relevance *before* production. See Fed. R. Civ. P. 26(b)(1), 34(b)(2)(C). While parties may agree to dispense with that sequence, nothing in the civil rules permits a court to compel production of non-responsive and irrelevant documents at any time, much less before the producing party has had an opportunity to screen those documents. But that is exactly what the discovery order in this case does. The clawback provision does not ameliorate that defect: a court does not spontaneously gain authority to compel production of non-responsive, irrelevant documents simply by establishing a period of time afterwards for the review and potential return of the documents produced.
    There is, of course, another regime in which production comes first, followed by objections to the documents produced. That is the search warrant. While search warrants have other characteristics, such as a probable cause showing and the dispatching of law enforcement officers to enter private premises, civil discovery is distinct and does not incorporate those central features. By cloaking the document requests in this case with a core attribute of search warrants – production before review and objection – the discovery order is an extraordinary outlier.
    In sum, sequence is important in civil discovery. A party has the option of objecting to the production of documents on responsiveness and relevance grounds *before* producing them. Because the discovery order here contravenes that fundamental principle and operates with enhanced potency, akin in one key respect to a search warrant, Judge Phipps dissents and would grant the writ of mandamus.

**End of Document**                              © 2020 Thomson Reuters. No claim to original U.S. Government Works.