# **EXHIBIT I**

## ADDENDUM

## SUPPLEMENTAL PROTOCOLS GOVERNING DEPOSITIONS OF TEVA'S EUROPEAN AND ISRAELI NATIONALS RESIDING IN EUROPE AND ISRAEL

**A.      Scope**

1. This Addendum shall govern certain aspects of the depositions in this litigation of Teva's witnesses who are European and Israeli nationals residing in Europe and Israeli.

2. This Addendum supplements and incorporates the provisions of the Deposition Protocol, including the COVID-19 Protocols set forth therein, to which it is appended. In the event of a conflict between the Deposition Protocol and this Addendum, the Addendum shall control.

3. This Addendum imposes additional terms upon the Parties based upon laws governing the depositions of European and Israeli nationals residing in Europe and Israeli, including but not limited to the Hague Evidence Convention, applicable European or Israeli civil procedure, and in consideration of certain COVID-19-related restrictions and circumstances.

4. The Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the District of New Jersey shall apply to all depositions of European and Israeli nationals residing in Europe and Israeli unless modified herein by the Hague Evidence Convention or any applicable European or Israeli law governing the depositions of such nationals, or any other applicable laws of the jurisdiction in which a deposition pursuant to this Addendum is conducted.

5. Nothing in this Addendum shall be construed as a waiver of any witness' or party's defense of lack of personal jurisdiction.

**B.      Restrictions Affecting Deposition Location**

6. Where a European or Israeli national is designated to testify in a corporate representative capacity, Plaintiffs may depose the witness pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

7. Plaintiffs shall not be authorized to depose European and Isralie nationals residing in those countries who are called to testify in their individual capacity unless Plaintiffs avail themselves of the requirements of the Hague Evidence Convention[1], unless such witnesses agree to voluntarily waive the requirements of the Hague Evidence Convention.

8. Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis, taking into account that these witnesses may be subject to travel restrictions, both internal and external and including entry bans, as well as mandatory quarantine measures, due to COVID-19.[2]

C. **Protocols Applicable to Depositions Hereunder**

9. **Location:** Unless otherwise agreed, a European or Israeli National residing in Europe or Israeli who is appearing for deposition either (i) as a corporate representative, or (ii) in his/her individual capacity pursuant to the Hague Evidence Convention, will be deposed in the location in which they work and/or reside unless the parties and the witness otherwise agree. No witness shall be required to travel either within or outside of their home country to sit for his/her deposition. Depositions may be conducted remotely pursuant to the Deposition Protocol.

10. **Length:** A deposition of a European or Israeli national taken pursuant to this Addendum will begin at 9:00 am local Standard Time (IST), and will last for 7 hours, as provided for under the Federal Rules of Civil Procedure. The length of a deposition subject to this

---

[1] *See* Hague Conference, *The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters*, Mar. 18, 1970, available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=82; Hague Convention, Table Reflecting Applicability of articles 15, 16, 17, 18, and 23 of the Hague Evidence Convention, May 2014, available at http://www.hcch.net/upload/appl-table20e.pdf.

[2] *See, e.g.*, U.S. Embassy & Consulates, Covid-19 Information, U.S. Dep't of State (last updated Aug. 11, 2020), available at https://in.usembassy.gov/covid-19-information/; *Interactive Map of Travel Restrictions*, Kayak (last accessed Oct. 22, 2020), available at https://www.kayak.com/travel-restrictions; *U.S. Restrictions*, Centers for Disease Control and Prevention (last accessed Oct. 22, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/travelers/from-other-countries.html.

#5658643v2

Addendum that utilizes translation services may be increased by 50%. The length of a deposition subject to this Addendum may be increased due to delays caused by technical problems resulting from videoconference connectivity interruptions by the amount of time of such delays, which shall be recorded by the stenographer and videographer. In the event translation services and/or technical problems cause the deposition to extend past 6:00 p.m., the witness or examining counsel may elect to extend the deposition to a second consecutive day.

11.     **Number of Depositions:**  A witness being deposed hereunder may only be deposed once. Where a witness noticed to deposed in their individual capacity is also designated as a 30(b)(6) witness on a 30(b)(6) topic(s), the testimony on the 30(b)(6) topic(s) shall be completed and then the individual testimony shall commence. If the witness' testimony in both capacities cannot be completed in seven (7) hours, the individual testimony should be completed on the next consecutive day.

12.     **Notice:** After counsel, through consultation in accordance with this Addendum, have made good faith efforts to agree upon a date and mutually convenient location for the deposition(s), the Noticing Party shall serve a Notice or an amended Notice reflecting the agreed upon date(s), location(s), and start time(s) based on local Standard Time where the deposition takes place. The Parties acknowledge that sufficient notice is necessary so the witness and all other attendees, such as counsel, a translator and a stenographer may make the necessary travel arrangements and obtain the necessary travel documentation.

13.     **Objections:** Nothing in this Addendum shall be construed as prohibiting a Party to object to a Notice, including, but not limited to, objecting on the basis of lack of jurisdiction over the witness, violation of the laws of the country in which the proposed deponent resides, or

undue burden upon the witness, his/her counsel, or other Parties, or harassment. Counsel shall also be permitted to state objections.

14. **Disparagement:** Counsel shall refrain from any disparaging comments regarding heritage, culture, or traditions, and a witness' fluency in English.

15. **Language:** Even where the witness speaks English, all witnesses shall have the right to conduct the deposition in his/her native language and to have an interpreter present in accordance with Deposition Protocol § K.1 and K.2.

16. **Exhibits:** To the extent any exhibits contain foreign languages (i.e., non-English language content) such that they will need to be translated for depositions subject to this Addendum, no less than 30 days in advance of the deposition, at the deposing party's expense, all exhibits must be sent to counsel for the deponent along with certified human translations of any exhibits containing foreign languages. These certified human translations must be provided in two electronic formats: (1) PDF format and (2) an editable text format (e.g., Microsoft Word or Excel). Counsel representing a deponent may object to any translations and, at the deponent's expense, provide proposed corrections to translations or may provide their own alternative certified human translations no less than 14 days in advance of the deposition. Counsel for the parties must work cooperatively to agree on the translated versions of the exhibits to be provided to the deponent no less than 5 days in advance of the deposition. Counsel for the deponent may raise with the Court any unresolved objections.