# EXHIBIT L

**Geoppinger, Jeff**

| | |
|---|---|
| **From:** | Geoppinger, Jeff |
| **Sent:** | Friday, November 20, 2020 10:47 AM |
| **To:** | 'John Davis' |
| **Cc:** | Valsartan PEC; 'dlesli.davis@nortonrosefulbright.com'; 'Norris, Ellie'; 'Dennis, Mimi'; Davis, John; Bresnahan, Luke |
| **Subject:** | RE: In re Valsartan - Wholesaler Deficiency Letter |

John:

Nice to meet you. I am in receipt of your letter of November 18, 2020, regarding Wholesaler Defendants' written responses and productions in response to Plaintiffs' Second Amended Set of Requests for Production of Documents. I have provided a copy of your letter to counsel for the other Wholesaler Defendants, as the letter claims deficiencies in all three productions. Some of the alleged deficiencies are allegedly common across all productions, while others of those alleged deficiencies vary from Wholesaler to Wholesaler. As such, in order to most efficiently meet and confer to address Plaintiffs' concerns, as you have requested, it will be necessary for counsel for all three Wholesaler Defendants to participate in the meet and confer process. I have conferred with counsel for McKesson and Cardinal and we are all available on the following dates and times for a meet and confer regarding the issues raised in your letter: December 1 (12-3:30 pm EST), December 3 (before 2 pm EST), and December 4 (after 10:30 am EST). Please let me know which of these dates and times work for you.

I do recognize that you have requested a meet and confer on the issues raised in your letter by no later than November 20, 2020. However, for numerous reasons, conducting and completing a good faith meet and confer process on all the issues identified in your letter in 48 hours is not feasible. Your letter raises issues with respect to all three Wholesaler Defendants' productions and, as such, counsel for all three Wholesaler Defendants must participate and mutually available days and times must be determined. Additionally, given certain counsel's prior commitments this week, as well as the Thanksgiving holiday next week, it is not possible to conduct and complete a substantive, good faith meet and confer in such a limited timeframe. Moreover, I note that Plaintiffs have been in possession of Wholesaler Defendants' initial responses and productions since August 13, 2020, and the finalized responses and productions since October 13, 2020. And, in our November 3, 2020, call with your colleagues David Stanoch and Conlee Whitely referenced in your letter, Plaintiffs' counsel generically referred to purported, unidentified deficiencies with respect to Wholesalers' document productions, but no specific deficiencies were identified. Wholesaler Defendants did not have any notice of any specific deficiencies until receipt of your letter, over two weeks after we initially spoke with Plaintiffs' counsel. Given the time Plaintiffs have taken to identify any alleged deficiencies, and presumably Plaintiffs' interest in having a good faith meet and confer to resolve their concerns, it is reasonable to provide the parties more than 48 hours to address and attempt to resolve the issues raised.

Additionally, in advance of our meet and confer, I do think it is worthwhile to touch on some of the issues noted in your letter to potentially advance the ball on resolving Plaintiffs' concerns. First, your letter states that in response to certain requests, Wholesaler Defendants

did not produce "any documents at all." However, in reviewing the responses to several of the requests identified, Wholesaler Defendants affirmatively responded that after a reasonable search of documents maintained in the ordinary course of business, the responding Wholesaler Defendant did not identify any responsive documents. Not possessing responsive documents does not qualify as a deficiency. In other instances, your letter suggests Wholesaler Defendants' responses are deficient because they have not produced certain types of documents. However, the documents Wholesaler Defendants allegedly failed to produce were not the subject of a Request for Production. For example, your letter suggests organizational charts have not been produced, although there is no request for production of organizational charts. As noted, Wholesaler Defendants are willing to meet and confer on what appear to be "disconnects," and given sufficient time to discuss, we anticipate they can be resolved.

Finally, your letter references Wholesaler Defendants' responses to Requests Nos. 5 and 7 and characterizes them as "objections." Wholesaler Defendants' responses referencing the DSCSA are not "objections" per the Federal Rules of Civil Procedure and not subject to waiver or withdrawal. Rather, the responses cite to the text of the DSCSA governing Wholesaler Defendants' legal obligations. As discussed on November 3rd and as Dave told the Court on November 11, the parties have agreed to continue to discuss the responses, as well as the T3 type information that is available regarding Valsartan transactions. That information potentially includes the exemplar documents/data provided by Retail Pharmacy Defendants to Plaintiffs, which Wholesaler Defendants are not privy to. As discussed, Retail Pharmacy Defendants are not under the same DSCSA confidentiality obligation with respect to T3 data. Wholesaler Defendants understood from our conversation on November 3 that Plaintiffs would investigate whether Retail Pharmacy Defendants already have produced an exemplar of the T3 data from their transactions with Wholesalers, such that Plaintiffs are in fact already in possession of the type of exemplar of that they seek from Wholesaler Defendants. We have not heard back from Plaintiffs on that issue. So, have Retail Pharmacy Defendants produced an exemplar of that data? Please let us know, as that would seemingly obviate any dispute over Wholesaler Defendants responses[2] referencing their DSCSA obligations.

And, as noted, let me know which of the dates and times listed above are good for you for a further meet and confer. Thank you.

Jeff

**Jeffrey D. Geoppinger**

DIRECT: 513.698.5038
DIRECT FAX: 513.698.5039
MOBILE: 513.290.7902
jgeoppinger@ulmer.com | bio | vcard

**Ulmer & Berne LLP**
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
MAIN: 513.698.5000
Ulmer.com





ULMER & BERNE LLP - CONFIDENTIAL COMMUNICATION

This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, please be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited. If you have received this email in error, please immediately notify us by telephone at 216.583.7000 or by reply email to the sender. Please delete this email and its attachments from your system and do not retain any copies. You will be reimbursed for reasonable costs incurred in notifying us.

**From:** John Davis <jdavis@slackdavis.com>
**Sent:** Wednesday, November 18, 2020 11:18 AM
**To:** Geoppinger, Jeff <jgeoppinger@ulmer.com>
**Cc:** Valsartan PEC <valpec@kirtlandpackard.com>
**Subject:** In re Valsartan - Wholesaler Deficiency Letter

Hi Jeff,

Please see the attached letter. Please let me know your earliest availability to meet-confer on these topics.



**John R. Davis**
*Partner*
**Slack Davis Sanger LLP**
p:   512.795.8686
a:   6001 Bold Ruler Way, Suite 100, Austin, Texas 78746
w:   www.slackdavis.com   e: jdavis@slackdavis.com



CONFIDENTIALITY NOTICE:  This communication is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.  If you are not the intended recipient, you are notified that any use, dissemination, distribution, or copying of the communication is strictly prohibited.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.