# Exhibit 20

CONFIDENTIAL INFORMATION
PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Actions | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Joel Schneider, Magistrate Judge |

**CARDINAL HEALTH, INC.'S RESPONSES TO PLAINTIFFS' SECOND AMENDED REQUESTS FOR PRODUCTION OF DOCUMENTS TO WHOLESALER DEFENDANTS**

Defendant Cardinal Health, Inc. ("Cardinal Health"), by and through its undersigned counsel, hereby responds to Plaintiffs' Second Amended Set of Requests for Production of Documents to Wholesaler Defendants (the "Requests") as follows:

**PRELIMINARY STATEMENT**

The following responses are made pursuant to the Federal Rules of Civil Procedure, the Local Rules of the District of New Jersey and the Orders of this Court (Dkts. 507, 509, 518). All information is produced in accordance with the Confidentiality and Protective Order (Dkt. 136-1) entered by the Court.

These responses are based on discovery available as of the date hereof. Discovery is continuing, and the responses are accordingly subject to revision. Further discovery, independent investigation, and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions, changes to, or variations from the information herein set forth. The Responses are, therefore, based only upon Cardinal Health's knowledge as of the date of these Responses and

1

CONFIDENTIAL INFORMATION
PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER

are given without prejudice to Cardinal Health's right to produce any subsequently discovered documents. Cardinal Health reserves the right to change or supplement these Responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and to the extent further analysis and research discloses additional facts, contentions, or legal theories that may apply.

Cardinal Health submits these Responses pursuant to the Court's Order barring Cardinal Health from objecting to individual Requests. By responding and producing, Cardinal Health does not waive, and instead reserves and preserves, its right pursuant to the Federal Rules of Civil Procedure to assert objections to the Requests and any further discovery requests, including, but not limited to, objections based on relevance, confidentiality, vagueness, ambiguity, scope, time, privilege, burden, redundancy, disproportionality, and improper premise. Further, the Responses below and the production of documents in response to the Requests are not, and should not be interpreted as, a concession of the relevance or admissibility of such documents or any information referred to or contained in the produced documents and responses. This includes the right to object on any ground to the use of the documents produced or information referred to or contained in the produced documents in response to the Requests at any hearings or at trial, or in any other proceedings, including, but not limited to, proceedings in any appellate court.

Finally, Cardinal Health's responses to the Requests are made without in any way waiving or intending to waive its objection to the fact that it is being required to respond and incur the disruption and expense of responding and locating, assembling, and producing documents prior to any judicial determination of whether there is a viable cause of action in this litigation against Cardinal Health, which Cardinal Health contends there is not.

2

55375953

*CONFIDENTIAL INFORMATION*
*PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER*

## SPECIFIC RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

For purchases of VCDs by you from Manufacturer Defendants during the time period from January 1, 2012 to December 31, 2019, produce documents sufficient to identify the dates of purchase, the quantities/units purchased, the NDC, batch and lot numbers, and expiration date (to the extent such information is maintained by you in the ordinary course of business and can be obtained following a reasonable search) for the VCDs purchased, and the name of Manufacturer Defendant from whom the VCDs were purchased.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Cardinal Health will produce responsive information obtained as a result of a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business.[1] Cardinal Health continues to investigate and conduct discovery of potentially responsive sources, and reserves the right to modify this response as appropriate.

**REQUEST FOR PRODUCTION NO. 2:**

For sales of VCDs by you to Retail Pharmacy Defendants during the time period from January 1, 2012 to December 30, 2019, documents sufficient to identify the quantities/units sold, the NDC, batch and lot numbers, and expiration date (to the extent such information is maintained by you in the ordinary course of business and can be obtained following a reasonable search), and purchaser name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Cardinal Health will produce responsive information obtained as a result of a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business. Cardinal Health continues to investigate and conduct discovery of potentially responsive sources, and reserves the right to modify this response as appropriate.

**REQUEST FOR PRODUCTION NO. 3:**

[Removed]

---

[1] For this response, and each other response referencing "VCDs", Cardinal Health understands that VCDs in scope are defined by the NDC codes agreed upon by plaintiffs as reproduced in Annex A hereto, and has confined its search to such VCDs.

CONFIDENTIAL INFORMATION
PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

No response required.

**REQUEST FOR PRODUCTION NO. 4:**

Produce documents sufficient to identify your final written policies, if any, that set forth the shipment documents you require be provided to you by a Manufacturer Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Having conducted a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business, and as Cardinal Health understands the Request, Cardinal Health will produce the following Standard Operating Procedures sufficient to identify shipment documents provided by suppliers including Manufacturer Defendants, in connection with purchases of VCDs by Cardinal Health (Bates range Cardinal_DNJ-Sartan_00000001 to Cardinal_DNJ-Sartan_00000020):

- Receiving Pharmaceutical Drugs and Devices
- Quarantine - Drug Supply Chain Security Act

Investigation and discovery are ongoing. Cardinal Health will produce further responsive documents, if any, on a rolling basis.

**REQUEST FOR PRODUCTION NO. 5:**

Produce exemplar documents sufficient to identify the type of manufacturer-included packaging or labeling documents, shipment documents, or similar information which accompany VCDs sold to you by the Manufacturer Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Cardinal Health will produce responsive information obtained as a result of a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business, with the exception of an exemplar of the transaction information, transaction history, and transaction statement ("T3") documents received from the Manufacturer

4

55375953

CONFIDENTIAL INFORMATION
PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER

Defendants. As a wholesaler, Cardinal Health is prohibited from making such production pursuant to the wholesaler-specific section 360eee-1(c)(1)(A)(v)(II) of the DSCSA, which specifically establishes the confidential nature of such documents ("A wholesale distributor shall . . . maintain the confidentiality of the transaction information (including any lot level information consistent with the requirements of this section), transaction history, and transaction statement for a product in a manner that prohibits disclosure to any person other than the Secretary or other appropriate Federal or State official. . ."). The FDA has exclusive jurisdiction to determine exceptions, if any, to such statutory confidentiality and prohibition; and section 360eee-4(a) preempts any action requiring production of T3 documents in a manner inconsistent with the above.

Consistent with the exception noted above, Cardinal Health continues to investigate and conduct discovery of potentially responsive sources, and reserves the right to modify this response as appropriate.

**REQUEST FOR PRODUCTION NO. 6:**

Produce documents sufficient to identify your final written policies, if any, that set forth the shipment documents you require be provided by you to Retail Pharmacy Defendant(s) or other retail pharmacies concerning VCDs sold by you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Having conducted a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business, and as Cardinal Health understands the Request, Cardinal Health will produce the Standard Operating Procedure for Order Filling and Quality Control (PPS-P006) sufficient to identify shipment documents provided by Cardinal Health to Retail Pharmacy Defendant(s) or other retail pharmacies that purchased VCDs from Cardinal Health (Bates range Cardinal_DNJ-Sartan_00000021 to

5

55375953

CONFIDENTIAL INFORMATION
PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER

Cardinal_DNJ-Sartan_00000025). Investigation and discovery are ongoing. Cardinal Health will produce further responsive documents, if any, on a rolling basis.

### REQUEST FOR PRODUCTION NO. 7:

Produce documents sufficient to identify as exemplar the type of manufacturer-included packaging or labeling documents, shipment documents, or similar information which accompany VCDs sold by you to Retail Pharmacy Defendants or other retail pharmacies.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Cardinal Health will produce responsive information obtained as a result of a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business, with the exception of an exemplar of the transaction information, transaction history, and transaction statement ("T3") documents provided to Retail Pharmacy Defendants. As a wholesaler, Cardinal Health is prohibited from making such production pursuant to the wholesaler-specific section 360eee-1(c)(1)(A)(v)(II) of the DSCSA, which specifically establishes the confidential nature of such documents ("A wholesale distributor shall . . . maintain the confidentiality of the transaction information (including any lot level information consistent swith the requirements of this section), transaction history, and transaction statement for a product in a manner that prohibits disclosure to any person other than the Secretary or other appropriate Federal or State official. . ."). The FDA has exclusive jurisdiction to determine exceptions, if any, to such statutory confidentiality and prohibition; and section 360eee-4(a) preempts any action requiring production of T3 documents in a manner inconsistent with the above.

Consistent with the exception noted above, Cardinal Health continues to investigate and conduct discovery of potentially responsive sources, and reserves the right to modify this response as appropriate.

6

55375953

CONFIDENTIAL INFORMATION
PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 8:**

Produce documents sufficient to identify the testing and testing results of VCDs provided to you by the Manufacturer Defendants for VCDs purchased by you during the time period from January 1, 2012 to December 30, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Having conducted a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business, Cardinal Health has not identified responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

Produce documents sufficient to identify the testing, if any, you performed on VCDs purchased by you from Manufacturer Defendants, and results thereof, during the time period from January 1, 2012 to December 30, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Having conducted a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business, Cardinal Health has not located responsive documents. By way of further response, as a wholesaler, Cardinal Health has no obligation to, and in the ordinary course of business does not, perform "testing" on VCDs purchased from Manufacturer Defendants and/or maintain any such testing or "results thereof".

**REQUEST FOR PRODUCTION NO. 10:**

Produce documents sufficient to identify your distribution centers from which VCDs purchased by you from Manufacturer Defendants were shipped, including location and state(s) served by each distribution center.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Cardinal Health will produce responsive information obtained as a result of a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business. Cardinal Health continues to investigate and conduct discovery of potentially responsive sources, and reserves the right to modify this response as appropriate.

55375953

CONFIDENTIAL INFORMATION
PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 11:**

To the extent available, produce documents sufficient to identify your distribution centers that received or shipped VCDs purchased by you from Manufacturer Defendants subject to recall.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Cardinal Health will produce responsive information obtained as a result of a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business. Cardinal Health continues to investigate and conduct discovery of potentially responsive sources, and reserves the right to modify this response as appropriate.

**REQUEST FOR PRODUCTION NO. 12:**

Produce documents sufficient to identify your final written policies or procedures specifically governing the VCD recalls, if any.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Having conducted a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business, Cardinal Health will produce the following Standard Operating Procedures: Bates range Cardinal_DNJ-Sartan_00000026 to Cardinal_DNJ-Sartan_00000076.

- Corporate Recall, Market Withdrawal, and Quarantine Event Processing (PDQRA-NCP-C003)
- Recall, Market Withdrawal and Quarantine Event Processing (NCP-P005)
- Pharmaceutical Distribution Initiated Recalls or Market Withdrawals (NCP-P011)
- Daily Movement Recall Check (NCP-P013)
- Undeliverable Customer Recall/Market Withdrawal Notices Due Diligence (NCP-P017_10.02.2018)
- Kinray Recall, Market Withdrawal and Quarantine Event Processing (KRQRA-NCP-004)
- Kinray Daily Movement Recall Check (NCP-0006)
- Kinray Initiated Recalls or Market Withdrawals (NCP-0017)

Investigation and discovery are ongoing. Cardinal Health will produce further responsive documents, if any, on a rolling basis.

55375953

CONFIDENTIAL INFORMATION
PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 13:**

Produce documents sufficient to show the initial VCD recall communications you received from the Manufacturer Defendants from whom you purchased VCDs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Having conducted a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business, Cardinal Health will produce responsive recall notices received from the Manufacturer Defendants: Bates range Cardinal_DNJ-Sartan_00000077 to Cardinal_DNJ-Sartan_00000166.

**REQUEST FOR PRODUCTION NO. 14:**

Produce documents sufficient to show the official notice, if any, by which you communicated any VCD recall to any Retailer Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Having conducted a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business, Cardinal Health will produce responsive recall notices made available to the Retailer Defendants: Bates range Cardinal_DNJ-Sartan_00000167 to Cardinal_DNJ-Sartan_00000286.

**REQUEST FOR PRODUCTION NO. 15:**

Produce documents sufficient to identify by NDC, batch and lot numbers (to the extent such information is maintained by you in the ordinary course of business and can be obtained following a reasonable search) recalled VCDs: (a) currently on hand; (b) returned by you; or (c) destroyed by you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Cardinal Health will produce responsive information obtained as a result of a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business. Cardinal Health continues to investigate and conduct discovery of potentially responsive sources, and reserves the right to modify this response as appropriate.

9

CONFIDENTIAL INFORMATION
PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 16:**

Produce documents sufficient to identify a list of your significant employees involved in managing the recall of VCDs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Cardinal Health identifies the following employee who was significantly involved in managing the recall of VCDs, as Cardinal Health understands those terms: Doug Redinger.

**REQUEST FOR PRODUCTION NO. 17:**

Produce documents sufficient to identify distribution facilities that received any recalled VCD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Cardinal Health will produce responsive information obtained as a result of a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business. Cardinal Health continues to investigate and conduct discovery of potentially responsive sources, and reserves the right to modify this response as appropriate.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to identify your final written policy(ies) or procedures used by you to track purchases and sales of prescription drugs pursuant to the Drug Supply Chain Security Act and regulations promulgated thereunder, and/or final written policy(ies) or procedures used by you to track purchases and sales of prescription drugs after January 1, 2012, and prior to the enactment of the DSCSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Having conducted a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business, Cardinal Health will produce the following Standard Operating Procedures: Bates range Cardinal_DNJ-Sartan_00000001 to Cardinal_DNJ-Sartan_00000020.

- Quarantine - Drug Supply Chain Security Act
- Receiving Pharmaceutical Drugs and Devices

CONFIDENTIAL INFORMATION
PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER

Investigation and discovery are ongoing. Cardinal Health will produce further responsive documents, if any, on a rolling basis.

**REQUEST FOR PRODUCTION NO. 19:**

Produce the final document/data retention or destruction policies, or sections thereof, if any, in effect during the time period from January 1, 2012 to December 31, 2019 and applicable to records of purchases and sales of VCDs, shipment documents accompanying purchases and sales of VCDs, product testing documents accompanying purchases and sales of VCDs, and VCD recall documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Cardinal Health will produce a copy of its Records Management Policy in response to the Request: Bates range Cardinal_DNJ-Sartan_00000287 to Cardinal_DNJ-Sartan_00000290. The production of this document should not be interpreted as an acknowledgment that Cardinal Health has or should have the documents or types of documents listed in the Request.

**REQUEST FOR PRODUCTION NO. 20:**

Produce documents sufficient to show all complaints you received from anyone concerning the purity or contamination of VCDs during the time period from January 1, 2012 to December 31, 2019, excluding litigation generated complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Having conducted a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the ordinary course of business, Cardinal Health states that it has not located any responsive complaints.

**REQUEST FOR PRODUCTION NO. 21:**

Produce final written indemnification agreements applicable to any claims currently pending in MDL 2875 against Wholesaler Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Cardinal Health will produce responsive agreements obtained as a result of a reasonable, proportionate, and good faith search of its reasonably accessible records maintained in the

11

*CONFIDENTIAL INFORMATION*
*PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER*

ordinary course of business. Cardinal Health continues to investigate and conduct discovery of potentially responsive sources, and reserves the right to modify this response as appropriate.

Dated: August 14, 2020                              **CROWELL & MORING LLP**

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Andrew Kaplan*

　　　　　　　　　　　　　　　　　　　　　　　ANDREW KAPLAN, ESQ.
　　　　　　　　　　　　　　　　　　　　　　　1001 PENNSYLVANIA AVENUE, NW
　　　　　　　　　　　　　　　　　　　　　　　WASHINGTON, D.C. 20004
　　　　　　　　　　　　　　　　　　　　　　　202.624. 2672
　　　　　　　　　　　　　　　　　　　　　　　AKAPLAN@CROWELL.COM

　　　　　　　　　　　　　　　　　　　　　　　ON behalf of DEFENDANT
　　　　　　　　　　　　　　　　　　　　　　　CARDINAL HEALTH, INC.

*CONFIDENTIAL INFORMATION*
*PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER*

## CERTIFICATE OF SERVICE

I certify that on the 14th day of August, 2020, I electronically transmitted the attached document to designated counsel of record.

                                                  /s/ John E. Davis
                                                  John E. Davis

CONFIDENTIAL INFORMATION
PRODUCED UNDER CONFIDENTIALITY AND PROTECTIVE ORDER

**Annex A**     VCD NDC Package Codes

| | | | |
|---|---|---|---|
| 00093-7037-56 | 00093-7037-98 | 00093-7038-56 | 00093-7038-98 |
| 00093-7807-56 | 00093-7807-98 | 00093-7809-56 | 00093-7809-98 |
| 00093-7810-56 | 00093-7810-98 | 0093-7690-56 | 0093-7690-98 |
| 0093-7691-56 | 0093-7691-98 | 0093-7692-56 | 0093-7692-98 |
| 0093-7693-56 | 0093-7693-98 | 0378-1721-93 | 0378-1722-93 |
| 0378-1723-93 | 0378-1724-93 | 0378-5807-93 | 0378-5813-77 |
| 0378-5814-77 | 0378-5815-77 | 0378-6321-05 | 0378-6321-77 |
| 0378-6322-05 | 0378-6322-77 | 0378-6323-05 | 0378-6323-77 |
| 0378-6324-05 | 0378-6324-77 | 0378-6325-05 | 0378-6325-77 |
| 0591-2167-19 | 0591-2167-30 | 0591-2169-19 | 0591-2315-19 |
| 0591-2317-19 | 0591-2318-19 | 0591-2319-19 | 0904-6594-61 |
| 0904-6595-61 | 13668-067-30 | 13668-068-90 | 13668-069-90 |
| 13668-070-90 | 13668-204-30 | 13668-205-30 | 13668-206-30 |
| 13668-207-30 | 13668-325-30 | 13668-326-30 | 13668-327-30 |
| 13668-328-30 | 13668-329-30 | 31722-745-30 | 31722-746-90 |
| 31722-747-90 | 31722-748-90 | 42291-856-30 | 42291-857-90 |
| 42291-858-90 | 42291-859-90 | 42291-884-90 | 42291-886-90 |
| 42291-887-90 | 42291-888-90 | 43547-311-09 | 43547-312-09 |
| 43547-313-09 | 43547-314-09 | 43547-315-09 | 43547-367-03 |
| 43547-368-09 | 43547-369-09 | 43547-370-09 | 50090-1412-0 |
| 50090-1412-1 | 50090-1420-0 | 50090-1422-0 | 50090-1762-0 |
| 50090-1763-0 | 50090-2471-0 | 50090-2518-0 | 50090-2518-1 |
| 50090-2550-0 | 50090-2550-1 | 50090-2640-0 | 50090-3485-0 |
| 50090-3576-0 | 50090-4130-0 | 50090-4130-1 | 50090-4293-0 |
| 50090-4293-1 | 50090-4294-0 | 50090-4294-1 | 50090-4295-0 |
| 50090-4295-1 | 50090-4824-0 | 50090-4824-1 | 50090-4837-0 |
| 50090-4837-1 | 50090-4839-0 | 50090-4839-1 | 50090-4872-0 |
| 50090-4883-0 | 50436-2168-1 | 51655-950-52 | 52343-122-30 |
| 52343-123-90 | 52343-124-90 | 52343-125-90 | 54868-6452-0 |
| 54868-6453-0 | 54868-6458-0 | 55154-4676-0 | 55154-4678-0 |
| 60687-139-01 | 60687-139-11 | 61919-634-30 | 61919-634-90 |
| 63187-428-30 | 63187-428-90 | 65862-547-90 | 65862-547-99 |
| 65862-548-90 | 65862-548-99 | 65862-549-90 | 65862-549-99 |
| 65862-550-05 | 65862-550-90 | 65862-551-05 | 65862-551-90 |
| 65862-570-30 | 65862-571-90 | 65862-572-90 | 65862-573-90 |
| 65862-737-30 | 65862-738-30 | 65862-739-30 | 65862-740-03 |
| 65862-834-30 | 65862-835-30 | 65862-836-30 | 65862-837-30 |
| 65862-838-30 | 68071-2119-3 | 68071-4311-9 | 68071-4333-9 |
| 68071-4376-3 | 70518-0658-0 | 70518-2307-0 | 71205-004-30 |
| 71205-004-60 | 71205-004-90 | | |

55375953