# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*All Actions* | Hon. Robert. B. Kugler<br><br>Civ. No. 19-2875 (RBK/JS) |

## STIPULATION REGARDING DISCOVERY

WHEREAS, Maine Automobile Dealers Association ("MADA") and MSP Recovery Claims, Series LLC ("MSPRC") are the named Third Party Payor ("TPP") putative class representatives in the master complaint filed at ECF No. 398 (the "Complaint").

WHEREAS, MSPRC alleges in the Complaint that "[c]ertain healthcare benefit providers [referred to throughout this litigation as TPPs] have assigned their recovery rights to assert the claims alleged in this Complaint to Series LLCs of MSPRC"; and that MSPRC has the authority to assert on its own behalf claims so assigned, Compl. ¶ 36;

WHEREAS, MSPRC has, pursuant to Court order, produced all assignments from all TPPs that have assigned their rights to MSPRC to pursue reimbursement, 94 in total (collectively, the "94 Assignors");

WHEREAS, MSPRC has since clarified that only thirty-six (36) of the 94 Assignors made allegedly reimbursable payments for sartan containing drugs ("SCDs") (the "36 Assignors"), which 36 Assignors are identified in the attached Exhibit A;

WHEREAS, the 36 Assignors are comprised of (i) ten (10) Medicare Advantage Organizations (the "Assignor MAOs") and (ii) twenty-six (26) other entities, each of which is a First Tier Entity, Downstream Entity, or Related Entity, as those terms are defined in 42 CFR § 423.4 ("FDRs"), which 26 are identified in the attached Exhibit A (the "26 FDRs");

WHEREAS, Plaintiff MSPRC has completed a Plaintiff Fact Sheet regarding claims

1

assigned to it by three Medicare Advantage Organizations ("MAOs"), ConnectiCare, Inc.; EmblemHealth (Group Health, Inc. and Health Insurance Plan of Greater New York); and SummaCare, Inc. (collectively, the "At-Issue Assignor MAOs");

WHEREAS, subject to amendment or modification, MSPRC and MADA propose to represent a putative class of TPPs (the "Putative TPP Class") defined in the Complaint as:

> All TPPs in the United States and its territories and possessions that, since at least January 1, 2012 to the present, paid any amount of money for a valsartan-containing drug (intended for personal or household use) that was manufactured, distributed, or sold by any Active Pharmaceutical Ingredient, Finished Dose, Wholesaler, Repackager/Relabeler, or Retail Pharmacy Defendant.

WHEREAS, Defendants have sought, pursuant to the Document Requests in the attached Exhibit B, discovery from MSPRC related to the claims assigned to it by the 36 Assignors, and Defendants have also sought discovery pursuant to the document requests attached as Exhibit C from MADA;

WHEREAS, MSPRC has objected to any discovery related to any claims assigned to it by assignors that (a) made no reimbursable payments for SCDs or (b) made allegedly reimbursable payments for SCDs but which MSPRC asserts were not specifically put at issue in the Complaint;

WHEREAS, MSPRC, MADA, and Defendants have met and conferred regarding Defendants' discovery requests;

**THE PARTIES HEREBY STIPULATE AND AGREE THAT:**

1. The only claims MSPRC asserts herein are the claims alleged in the Complaint (or otherwise in this litigation) for reimbursement of payments made for SCDs, based on assignments to it from the three At-Issue Assignor MAOs, ConnectiCare, Inc.; EmblemHealth (Group Health, Inc. and Health Insurance Plan of Greater New York); and SummaCare, Inc.; MSPRC asserts no other claims herein, and specifically asserts no claims based on any other assignment by any other type of TPP besides the At-Issue Assignor MAOs.

2. While MSPRC disputes that it has put at issue the claims related to any assignors other than the At-Issue Assignor MAOs, it nevertheless agrees that this stipulation effectively

dismisses without prejudice any claims that it has asserted or could have asserted in this litigation based on assignments by any assignor that is not an At-Issue Assignor MAO, which includes assignments of claims from: (1) the 26 FDRs; (2) the seven other MAO Assignors (specifically, Health First Health Plans, Inc.; Avmed, Inc.; Fallon Community Health Plan, Inc.; Network Health, Inc.; Blue Cross & Blue Shield of Rhode Island; Preferred Medical Plan, Inc.; and Aspire Health Plan); and (3) any other TPP entity.

3. The At-Issue Assignors will respond to the document requests attached as Exhibit B through MSPRC, and MADA will respond to the document requests attached as Exhibit C.

4. MSPRC and MADA will exclude from their own, individual and class claims for damages any amounts alleged to be owed in the form of reimbursement for SCDs by any FDR, including the 26 FDRs and all other FDRs, but this agreement does not impair and is without prejudice to MSPRC's or any other proposed TPP class representatives' ability to move for class certification as to the class definition set forth above.

5. MSPRC and MADA, in moving for class certification in this litigation, will not present or rely on evidence of payments by any FDRs who assigned claims to MSPRC, or otherwise, or affirmatively and specifically take any position on the inclusion of FDRs in any class or sub-class. MSPRC and MADA reserve the right to respond to issues raised by Defendants in opposition to class certification.

6. MSPRC and MADA agree that they will not rely on any data or documents from any assignor(s) other than the At-Issue Assignor MAOs in moving for class certification, responding to issues raised by Defendants in opposition to class certification, or in connection with any other issue in this litigation.

7. MSPRC will agree that, in addition to the At-Issue Assignors, four of the 36 Assignors, comprised of two MAO Assignors and two Non-MAO Assignors, as follows, will produce information responsive to the document requests attached as Exhibit B: Health First Health Plans, Inc., Fallon Community Health, Inc., NeighborMD (formely Hygea), and University Health Care MSO, Inc.

Dated: <u>December 2, 2020</u>

        /s/ Seth A. Goldberg
        Seth A. Goldberg, Esq.
        *Lead Counsel and Liaison Counsel for Defendants*

DUANE MORRIS LLP

Seth A. Goldberg, *Lead Counsel and Liaison Counsel for Defendants*
Barbara A. Schwartz
Coleen W. Hill (DE #6287)
Nathan B. Reeder
30 South 17th Street
Philadelphia, PA 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
BASchwartz@duanemorris.com
NBReeder@duanemorris.com

    *Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP

Clem C. Trischler, *Lead Counsel for Defendants*
Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel.: (412) 263-2000
Fax: (412) 263-2001
CCT@pietragallo.com
JMR@pietragallo.com

    *Attorneys for Mylan Laboratories, Ltd. and Mylan Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.: (312) 476-5056
Fax: (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA Inc., Teva Pharmaceutical Industries, Ltd., Actavis LLC, and Actavis Pharma, Inc.*

ULMER & BERNE LLP

Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
600 Vine Street
Suite 2800
Cincinnati, OH 45202-2409
Tel.: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ulmer.com

5

*Attorney for AmerisourceBergen Corporation*

**RIVERO MESTRE LLP**

/s/ Andrés Rivero
Andres Rivero
Jorge A. Mestre
Charles E. Whorton
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Tel: (305) 445-2500
Fax: (305) 445-2505
arivero@riveromestre.com
jmestre@riveromestre.com
cwhorton@riveromestre.com

*Counsel for Plaintiff MSP Recovery Claims, Series LLC*

**PRETI FLAHERTY**

/s/ Gregory P. Hansel
Gregory P. Hansel
One City Center
Portland, Maine 04101
Tel: (207) 791-3000
ghansel@preti.com

*Counsel for Maine Automobile Dealers Association*

6