# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | Hon. Robert. B. Kugler |
| This Document Relates To:<br><br>*All Actions* | Civ. No. 19-2875 (RBK/JS) |

## STIPULATION REGARDING DISCOVERY

WHEREAS, Maine Automobile Dealers Association ("MADA") and MSP Recovery Claims, Series LLC ("MSPRC") are the named Third Party Payor ("TPP") putative class representatives in the master complaint filed at ECF No. 398 (the "Complaint").

WHEREAS, MSPRC alleges in the Complaint that "[c]ertain healthcare benefit providers [referred to throughout this litigation as TPPs] have assigned their recovery rights to assert the claims alleged in this Complaint to Series LLCs of MSPRC"; and that MSPRC has the authority to assert on its own behalf claims so assigned, Compl. ¶ 36;

WHEREAS, MSPRC has, pursuant to Court order, produced all assignments from all TPPs that have assigned their rights to MSPRC to pursue reimbursement, 94 in total (collectively, the "94 Assignors");

WHEREAS, MSPRC has since clarified that only thirty-six (36) of the 94 Assignors made allegedly reimbursable payments for sartan containing drugs ("SCDs") (the "36 Assignors"), which 36 Assignors are identified in the attached Exhibit A;

WHEREAS, the 36 Assignors are comprised of (i) ten (10) Medicare Advantage Organizations (the "Assignor MAOs") and (ii) twenty-six (26) other entities, each of which is a First Tier Entity, Downstream Entity, or Related Entity, as those terms are defined in 42 CFR § 423.4 ("FDRs"), which 26 are identified in the attached Exhibit A (the "26 FDRs");

WHEREAS, Plaintiff MSPRC has completed a Plaintiff Fact Sheet regarding claims

assigned to it by three Medicare Advantage Organizations ("MAOs"), ConnectiCare, Inc.; EmblemHealth (Group Health, Inc. and Health Insurance Plan of Greater New York); and SummaCare, Inc. (collectively, the "At-Issue Assignor MAOs");

WHEREAS, subject to amendment or modification, MSPRC and MADA propose to represent a putative class of TPPs (the "Putative TPP Class") defined in the Complaint as:

> All TPPs in the United States and its territories and possessions that, since at least January 1, 2012 to the present, paid any amount of money for a valsartan-containing drug (intended for personal or household use) that was manufactured, distributed, or sold by any Active Pharmaceutical Ingredient, Finished Dose, Wholesaler, Repackager/Relabeler, or Retail Pharmacy Defendant.

WHEREAS, Defendants have sought, pursuant to the Document Requests in the attached Exhibit B, discovery from MSPRC related to the claims assigned to it by the 36 Assignors, and Defendants have also sought discovery pursuant to the document requests attached as Exhibit C from MADA;

WHEREAS, MSPRC has objected to any discovery related to any claims assigned to it by assignors that (a) made no reimbursable payments for SCDs or (b) made allegedly reimbursable payments for SCDs but which MSPRC asserts were not specifically put at issue in the Complaint;

WHEREAS, MSPRC, MADA, and Defendants have met and conferred regarding Defendants' discovery requests;

**THE PARTIES HEREBY STIPULATE AND AGREE THAT:**

1.	The only claims MSPRC asserts herein are the claims alleged in the Complaint (or otherwise in this litigation) for reimbursement of payments made for SCDs, based on assignments to it from the three At-Issue Assignor MAOs, ConnectiCare, Inc.; EmblemHealth (Group Health, Inc. and Health Insurance Plan of Greater New York); and SummaCare, Inc.; MSPRC asserts no other claims herein, and specifically asserts no claims based on any other assignment by any other type of TPP besides the At-Issue Assignor MAOs.

2.	While MSPRC disputes that it has put at issue the claims related to any assignors other than the At-Issue Assignor MAOs, it nevertheless agrees that this stipulation effectively

dismisses without prejudice any claims that it has asserted or could have asserted in this litigation based on assignments by any assignor that is not an At-Issue Assignor MAO, which includes assignments of claims from: (1) the 26 FDRs; (2) the seven other MAO Assignors (specifically, Health First Health Plans, Inc.; Avmed, Inc.; Fallon Community Health Plan, Inc.; Network Health, Inc.; Blue Cross & Blue Shield of Rhode Island; Preferred Medical Plan, Inc.; and Aspire Health Plan); and (3) any other TPP entity.

3.    The At-Issue Assignors will respond to the document requests attached as Exhibit B through MSPRC, and MADA will respond to the document requests attached as Exhibit C.

4.    MSPRC and MADA will exclude from their own, individual and class claims for damages any amounts alleged to be owed in the form of reimbursement for SCDs by any FDR, including the 26 FDRs and all other FDRs, but this agreement does not impair and is without prejudice to MSPRC's or any other proposed TPP class representatives' ability to move for class certification as to the class definition set forth above.

5.    MSPRC and MADA, in moving for class certification in this litigation, will not present or rely on evidence of payments by any FDRs who assigned claims to MSPRC, or otherwise, or affirmatively and specifically take any position on the inclusion of FDRs in any class or sub-class. MSPRC and MADA reserve the right to respond to issues raised by Defendants in opposition to class certification.

6.    MSPRC and MADA agree that they will not rely on any data or documents from any assignor(s) other than the At-Issue Assignor MAOs in moving for class certification, responding to issues raised by Defendants in opposition to class certification, or in connection with any other issue in this litigation.

7.    MSPRC will agree that, in addition to the At-Issue Assignors, four of the 36 Assignors, comprised of two MAO Assignors and two Non-MAO Assignors, as follows, will produce information responsive to the document requests attached as Exhibit B: Health First Health Plans, Inc., Fallon Community Health, Inc., NeighborMD (formely Hygea), and University Health Care MSO, Inc.

Dated: <u>December 2, 2020</u>

<u>/s/ Seth A. Goldberg</u>
      Seth A. Goldberg, Esq.
      *Lead Counsel and Liaison Counsel*
      *for Defendants*

DUANE MORRIS LLP

Seth A. Goldberg, *Lead Counsel and Liaison Counsel for Defendants*
Barbara A. Schwartz
Coleen W. Hill (DE #6287)
Nathan B. Reeder
30 South 17th Street
Philadelphia, PA 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
BASchwartz@duanemorris.com
NBReeder@duanemorris.com

      *Attorneys for Zhejiang Huahai*
      *Pharmaceutical Co., Ltd., Prinston*
      *Pharmaceutical Inc., and Solco*
      *Healthcare US, LLC*

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

Clem C. Trischler, *Lead Counsel for Defendants*
Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel.: (412) 263-2000
Fax: (412) 263-2001
CCT@pietragallo.com
JMR@pietragallo.com

      *Attorneys for Mylan Laboratories,*
      *Ltd. and Mylan Pharmaceuticals,*
      *Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.: (312) 476-5056
Fax: (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

> *Attorneys for Teva Pharmaceuticals USA Inc., Teva Pharmaceutical Industries, Ltd., Actavis LLC, and Actavis Pharma, Inc.*

ULMER & BERNE LLP

Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
600 Vine Street
Suite 2800
Cincinnati, OH 45202-2409
Tel.: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ulmer.com

*Attorney for AmerisourceBergen Corporation*

**RIVERO MESTRE LLP**

/s/ Andrés Rivero
Andres Rivero
Jorge A. Mestre
Charles E. Whorton
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Tel: (305) 445-2500
Fax: (305) 445-2505
arivero@riveromestre.com
jmestre@riveromestre.com
cwhorton@riveromestre.com

*Counsel for Plaintiff MSP Recovery Claims, Series LLC*

**PRETI FLAHERTY**

/s/ Gregory P. Hansel
Gregory P. Hansel
One City Center
Portland, Maine 04101
Tel: (207) 791-3000
ghansel@preti.com

*Counsel for Maine Automobile Dealers Association*

SO ORDERED:

Joel Schneider
December 2, 2020

6

# EXHIBIT A

| Client Full Name | #members | #claims | paid_amount |
|---|---|---|---|
| Group Health Incorporated, and *Health Insurance Plan of Greater New York* (EmblemHealth Services Company, LLC) | 20,814 | 348,884 | $ 36,558,355.09 |
| ConnectiCare, Inc | 7,989 | 110,146 | $ 9,168,340.04 |
| Health First Health Plans, Inc. | 5,096 | 81,509 | $ 8,540,071.45 |
| Avmed, Inc. | 4,297 | 180,459 | $ 2,109,845.87 |
| Fallon Community Health Plan, Inc. | 3,319 | 179,002 | $ 3,709,117.33 |
| Network Health, Inc. | 3,191 | 98,435 | $ 3,903,321.92 |
| Blue Cross & Blue Shield of Rhode Island | 3,113 | 63,740 | $ 1,360,249.92 |
| Summacare, Inc. | 2,560 | 56,409 | $ 2,655,846.57 |
| University Health Care MSO, Inc. | 1,722 | 28,583 | $ 2,522,938.83 |
| Interamerican Medical Center Group, LLC | 1,230 | 20,221 | $ 1,343,396.78 |
| Family Physicians of Winter Park, Inc. d/b/a Family Physicians Group | 895 | 9,749 | $ 602,210.30 |
| Physician H.M.O. INC. | 892 | 12,536 | $ 821,283.80 |
| Alianza Profesional de Cuidado Medico Inc. | 815 | 11,657 | $ 627,420.84 |
| Primary Physicians Medical Service, LLC | 789 | 14,493 | $ 809,329.82 |
| Health Care Advisors Services, Inc. | 668 | 16,175 | $ 1,338,051.08 |
| Clinica Las Mercedes, Inc. | 667 | 5,788 | $ 198,532.95 |
| Preferred Medical Plan, Inc. | 663 | 5,053 | $ 155,423.65 |
| Professional Health Choice, Inc. | 492 | 11,316 | $ 1,036,217.01 |
| Ponce Advance Medical Group, P.S.C. | 487 | 5,609 | $ 332,693.07 |
| NeighborMD, Inc. (formerly Hygea Health Holdings, Inc.) | 447 | 15,892 | $ 1,582,620.62 |
| Aspire Health Plan | 353 | 3,844 | $ 38,875.46 |
| Verimed IPA, LLC | 328 | 2,407 | $ 314,944.52 |
| Physician Access Urgent Care Group, LLC | 240 | 6,044 | $ 276,515.15 |
| SE Primary Care Services, CSP | 172 | 1,916 | $ 38,946.41 |
| Medical Consultants Management, LLC | 154 | 1,736 | $ 116,778.51 |
| Grupo Cuidado Geriatrico Integral Inc. | 97 | 804 | $ 30,975.78 |
| Trinity Physicians, LLC | 90 | 372 | $ 50,637.30 |
| St Jude Medical Group Corp d/b/a Vidamax Medical Center | 65 | 684 | $ 21,586.00 |
| Choice One Medical Group, LLC | 60 | 461 | $ 40,053.12 |
| Community Health Providers, Inc | 53 | 443 | $ 12,059.26 |
| Premier Care Partners, LLC | 51 | 397 | $ 6,330.27 |
| Palm Beach Primary Care Associates, Inc. | 33 | 613 | $ 22,270.79 |
| Suncoast Medical Network 2, Inc. | 21 | 296 | $ 1,576.10 |
| 7th Avenue Medical Plaza, Inc. | 4 | 43 | $ 1,049.00 |
| Family Medicine Group, Inc. | 1 | 1 | $ 101.71 |
| Transatlantic Healthcare, LLC | 1 | 3 | $ 376.14 |

**Color Code**



| | |
|---|---|
| Yellow | Three at-issue assignors |
| Green | MAO assignors |
| Blue | Proposed non-MAO assignors |

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | § | |
| IN RE: VALSARTAN, LOSARTAN, | § | No. 1:19-md-2875-RBK |
| AND IRBESARTAN PRODUCTS | § | Hon. Robert Kugler |
| LIABILITY LITIGATION | § | Hon. Joel Schneider |
| | § | |
| | § | |
| | § | |
| | § | |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ECONOMIC LOSS CLASS ACTION PLAINTIFF THIRD-PARTY PAYOR CLASS REPRESENTATIVE

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., Teva Pharmaceuticals Industries Ltd., Teva Pharmaceuticals USA, Inc., Mylan Laboratories Ltd., Mylan Pharmaceuticals Inc., and AmerisourceBergen Corporation, by and through their lead counsel in the above-captioned matter and on behalf of the manufacturer, distributer, and wholesaler defendants, and pursuant to Federal Rules of Civil Procedure 26 and 34, serve this First Set of Requests for Production of Documents to Economic Loss Class Action Plaintiff Third-Party Payor Class Representative, (the "Requests," each a "Request") and hereby requests that MSPRC Recovery Claims, Series LLC respond and produce for inspection and reproduction the following documents, electronically stored information, and materials requested below, within thirty (30) days hereof, as provided by the Parties' agreement to electronic service in this case.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to each and every part of these Requests as if fully set forth therein:

1.      "MSPRC" means Plaintiff MSPRC Recovery Claims, Series LLC, on its own behalf and in its capacity as putative direct or indirect assignee of the recovery rights of certain healthcare benefit providers ("Assignors," as hereinafter defined) to MSPRC or to any Series of MSPRC, and each of MSPRC's and its direct or indirect Assignors' past or present officers, directors, employees, partners, principals, members, agents, representatives, attorneys, parents, subsidiaries, affiliates, related entities, assigns, predecessors-in-interest, successors-in-interest, and every person acting or who has ever acted on its behalf.

1

2.　　　"Assignor" and "Assignors" mean all entities, including but not limited to healthcare benefit providers, Health Care Providers, Medicare Advantage Organizations ("MAOs"), entities contracting with MAOs in connection with the purchase or provision of healthcare or healthcare benefits, or any other person or entity that directly or indirectly assigned recovery rights relating to or arising out of any purchase or reimbursement involving VCDs, and/or the right or rights to bring any lawsuit in connection with such assignment(s), to MSPRC or any Series of MSPRC, including but not limited to: Group Health Incorporated and Health Insurance Plan of Greater New York, otherwise known as EmblemHealth or Emblem; SummaCare, Inc.; and Connecticare, Inc.

3.　　　"Plaintiff," "Plaintiffs," "You," and "Your" mean MSPRC, as defined above.

4.　　　"Defendant" or "Defendants" means each and every named Defendant in the above-styled action.

5.　　　"Health Care Provider" or "Health Care Providers" means any physicians, dentists, psychologists, psychiatrists, mental health care providers, nurses, nurse practitioners, physician assistants, therapists, social workers, pharmacists, substance abuse treatment personnel, counselors, and all other providers of services for the purposes of diagnosing, treating, stabilizing, managing, or otherwise affecting the physical or mental health of a person. "Health care provider" or "health care providers" also includes hospitals, clinics, pharmacies, and any other entity that employs or contracts with individual or groups of Health Care Providers for the delivery of health care services including prescribing or filling prescriptions for prescription drugs.

6.　　　"VCD" means any drug or combination drug containing valsartan.

7.　　　"Blood pressure medication" means any drug or pharmaceutical product related to the treatment of high blood pressure and/or hypertension.

8.　　　The "Plan" or "Plans" means any and all health benefit, care or insurance plan or plans offered by, sponsored by, or in any way provided through MSPRC (and/or any Assignor) to or on behalf of the government; employers, employee organizations, or their employees; unions or their members; and/or other sponsors and their policyholders, subscribers, beneficiaries, participants, or other third parties, which provide for the payment, reimbursement, and/or coverage for prescription drugs, including but not limited to any single-employer plan, multiemployer plan, multiple employer welfare arrangement, or any other form of coverage on which You (and/or any Assignor) base any claim for damage in this litigation.

9.　　　"Group Insurance Policies" means any and all health or drug insurance policies that are intended to be able to provide for multiple individuals' payment, reimbursement, and/or coverage for prescription drugs, offered by MSPRC (and/or any Assignor) to or on behalf of any employer, employee organizations, or their employees; unions or their members; or other policyholders, subscribers, beneficiaries, participants, or other third parties.

2

10.     "Summary of Benefits" means any and all summary of benefits or coverage, schedule of benefits or coverage, explanation of benefits or coverage, subscriber certificates, or any other summary of benefits available to Insureds with respect to any Plan or Group Insurance Policy Agreement.

11.     "Insureds" mean employees, employers, members, subscribers, policyholders, participants, beneficiaries, and/or insureds under any Plan and/or the Group Insurance Policies through which MSPRC (and/or any Assignor) provided some form of prescription drug coverage, payment, or reimbursement on which MSPRC (and/or any Assignor) bases any claim for damage in this litigation.

12.     "Formulary" and "Preferred Drug List" mean the formulary, preferred drug list, or other list of prescription drugs that are covered by any Plan or Group Insurance Policies, including any tiers or levels of preference in which drugs are categorized, and all amendments, modifications, supplements, or revisions thereto.

13.     "Relate to," "related to," or "relating to" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

14.     "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

15.     "Electronically stored information" or "ESI" shall have the same definition as is utilized in the Electronic Discovery Protocol in this case [ECF No. 127], and the production of ESI should be made in conformance with that Protocol.

16.      "Relevant Time Period" shall mean January 1, 2012 through the present and all Requests, unless otherwise specified, seek the requested Documents that were created during, in effect during, modified during, obtained during, reviewed during, and/or are related to the Relevant Time Period.  The definition and scope of the term Relevant Time Period does not constitute an admission by Defendants or evidence with respect to the appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving VCDs or other blood pressure medications.

17.      Each Request shall be construed as being inclusive rather than exclusive.  The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request.  The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.  The present tense shall include the past and future tenses.  The singular shall include the plural, and the plural shall include the singular.

18.      The documents requested herein shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

19.      You are required to produce all responsive documents that are within Your possession.  The potential availability of any Document by way of subpoena, public record access, authorization for release, or via another source does not excuse Your obligation to produce materials in Your possession.

20.      You must respond in writing and separately to each Request.  If no such Documents are within Your possession, custody or control, so state affirmatively.  If You have searched for and produced all Documents within Your possession that are responsive to a request as part of the Plaintiff Fact Sheet process, so state affirmatively.

21.      These Requests seek only non-privileged information.   However, if any document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided that complies with the privilege log requirements of the Electronic Discovery Protocol in this case [ECF No. 127].

22.      These Requests are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these Requests, or as an admission of the relevance or materiality of any of the matters covered by these Requests.

23.      These Requests are propounded without prejudice as to Defendants' rights to serve additional discovery (or seek leave of Court to serve additional discovery) requests upon any or all Plaintiffs, including (but not limited to) additional document requests for Plan or Group Insurance Policy information, Plaintiffs' allegations or purported support for class action certification, and any VCDs or other blood pressure medications Plaintiffs may have purchased as an alternative to VCDs.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All previously unproduced documents reflecting any pre-suit notice, outside of communications since the inception of this litigation, that You or any Assignor gave to any Defendant regarding any alleged breach of warranty, and any amendments, modifications, updates, or revisions thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** For each Plan and insurance product provided by You or any Assignor and pursuant to which You claim an Assignor provided coverage for VCD prescriptions for which you seek any reimbursement herein, all Summaries and/or Schedules of Benefits (and amendments thereto) and their substantive equivalents, for each year of the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All Documents which reflect, refer to and/or relate to the gross and net prices paid for VCD prescriptions covered by You or any Assignor (and/or its agent) for VCDs for which You seek damages for such payments, and all Documents which reflect, refer to and relate to any other components of, credits to, and/or fees associated with such purchase and coverage transactions ("transactions"), including but not limited to, rebates, refunds, benefits, and things of value received by You in relation to such transactions, all cost-sharing arrangements related to the Plan generally and to such transactions specifically, co-pays (or co-insurance) associated with such transactions, and any other cost or pricing component of any amount for which You seek reimbursement herein.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** For each Plan and each insurance product provided by You and/or any Assignor (and/or its agent), and pursuant to which You seek any reimbursement herein, each Formulary and/or Preferred Drug List related thereto, and all amendments, for each year during the Relevant Time Period; to the extent not stated in such Formularies or Preferred Drug Lists, documents sufficient to determine any payment, deductible, tier, copayment, or coinsurance terms applicable to each tier of any such Formulary or Preferred Drug List.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All agreements or contracts, between (1) You or any Assignor and (2) any pharmacy benefits manager or third party and/or claims administrator of any Plan and insurance product pursuant to which You claim to have provided coverage for VCDs and for which You seek reimbursement herein.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All agreements or contracts which reflect, refer to and/or relate to any agreement and/or arrangements between (1) You or any Assignor and (2) (a) any governmental entity, including but not limited to the Centers for Medicare & Medicaid Services; or (b) any Downstream entity, First tier entity, Group health plan, MA plan, MA-PD plan, Prescription drug plan, Part D plan, or Related entity, as those terms are defined in 42 C.F.R. § 423.4.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All Documents not previously produced that reflect, relate to and/or refer to any amount for which You seek reimbursement herein, including the amounts sought, the amounts of any alleged diminution in value of the VCDs as warranted and as received and/or "covered" by You or each Assignor (or its agent), and/or any alleged loss of benefit of any alleged bargain You claim herein, specified by specific VCD product.

6

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Any agreements (including but not limited to operating agreements, bylaws, articles of organization, series agreements, contracts, assignments), not previously produced, between Plaintiff MSPRC Recovery Claims, Series LLC and any Series (or group of Series) pursuant to which You claim rights asserted in this litigation.

**RESPONSE:**

Dated: November 11, 2020

/s/ *Seth A. Goldberg*
Seth A. Goldberg, Esq.
*Lead Counsel and Liaison Counsel for Defendants*

DUANE MORRIS LLP

Seth A. Goldberg, *Lead Counsel and Liaison Counsel for Defendants*
Barbara A. Schwartz
Coleen W. Hill (DE #6287)
Nathan B. Reeder
30 South 17th Street
Philadelphia, PA 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
BASchwartz@duanemorris.com
NBReeder@duanemorris.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP

Clem C. Trischler, *Lead Counsel for Defendants*
Jason M. Reefer

7

38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel.: (412) 263-2000
Fax: (412) 263-2001
CCT@pietragallo.com
JMR@pietragallo.com

*Attorneys for Mylan Laboratories, Ltd. and Mylan Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.: (312) 476-5056
Fax: (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA Inc., Teva Pharmaceutical Industries, Ltd., Actavis LLC, and Actavis Pharma, Inc.*

8

ULMER & BERNE LLP

Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
600 Vine Street
Suite 2800
Cincinnati, OH 45202-2409
Tel.: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ulmer.com

*Attorney for AmerisourceBergen Corporation*

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| | § | |
| **IN RE: VALSARTAN, LOSARTAN,** | § | No. 1:19-md-2875-RBK |
| **AND IRBESARTAN PRODUCTS** | § | Hon. Robert Kugler |
| **LIABILITY LITIGATION** | § | Hon. Joel Schneider |
| | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO ECONOMIC LOSS CLASS ACTION PLAINTIFF THIRD-PARTY PAYOR CLASS
REPRESENTATIVE**

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., Teva

Pharmaceuticals Industries Ltd., Teva Pharmaceuticals USA, Inc., Mylan Laboratories Ltd.,

Mylan Pharmaceuticals Inc., and AmerisourceBergen Corporation, by and through their lead

counsel in the above-captioned matter and on behalf of the manufacturer, distributer, and

wholesaler defendants, and pursuant to Federal Rules of Civil Procedure 26 and 34, serve this First

Set of Requests for Production of Documents to Economic Loss Class Action Plaintiff Third-Party

Payor Class Representative (the "Requests," each a "Request"), and hereby requests that Maine

Automobile Dealers Association, Inc. Insurance Trust respond and produce for inspection and

reproduction the following documents, electronically stored information, and materials requested

below, within thirty (30) days hereof, as provided by the Parties' agreement to electronic service

in this case.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to each and every part of these

Requests as if fully set forth therein:

1.        "MADA" means Plaintiff Maine Automobile Dealers Association, Inc. Insurance

Trust, and its past or present officers, directors, employees, partners, principals, members, agents,

representatives, attorneys, parents, subsidiaries, affiliates, related entities, assigns, predecessors-

in-interest, successors-in-interest, and every person acting or who has ever acted on its behalf.

1

2.      "Plaintiff," "Plaintiffs," "You," and "Your" mean MADA, as defined above.

3.      "Defendant" or "Defendants" means each and every named Defendant in the above-styled action.

4.      "Health Care Provider" or "Health Care Providers" means any physicians, dentists, psychologists, psychiatrists, mental health care providers, nurses, nurse practitioners, physician assistants, therapists, social workers, pharmacists, substance abuse treatment personnel, counselors, and all other providers of services for the purposes of diagnosing, treating, stabilizing, managing, or otherwise affecting the physical or mental health of a person. "Health care provider" or "health care providers" also includes hospitals, clinics, pharmacies, and any other entity that employs or contracts with individual or groups of Health Care Providers for the delivery of health care services including prescribing or filling prescriptions for prescription drugs.

5.      "VCD" means any drug or combination drug containing valsartan.

6.      "Blood pressure medication" means any drug or pharmaceutical product related to the treatment of high blood pressure and/or hypertension.

7.      The "Plan" or "Plans" means any and all health benefit, care or insurance plan or plans offered by, sponsored by, or in any way provided through MADA to or on behalf of the government; employers, employee organizations, or their employees; unions or their members; and/or other sponsors and their policyholders, subscribers, beneficiaries, participants, or other third parties, which provide for the payment, reimbursement, and/or coverage for prescription drugs, including but not limited to any single-employer plan, multiemployer plan, multiple employer welfare arrangement, or any other form of coverage on which You base any claim for damage in this case.

8.      "Group Insurance Policies" means any and all health or drug insurance policies that are intended to be able to provide for multiple individuals' payment, reimbursement, and/or coverage for prescription drugs, offered by MADA to or on behalf of any employer, employee organizations, or their employees; unions or their members; or other policyholders, subscribers, beneficiaries, participants, or other third parties.

9.      "Summary of Benefits" means any and all summary of benefits or coverage, schedule of benefits or coverage, explanation of benefits or coverage, subscriber certificates, or any other summary of benefits available to Insureds with respect to any Plan or Group Insurance Policy Agreement.

10.     "Insureds" mean employees, employers, members, subscribers, policyholders, participants, beneficiaries, and/or insureds under any Plan and/or the Group Insurance Policies through which MADA provided some form of prescription drug coverage, payment, or reimbursement on which MADA bases any claim for damage in this case.

11.     "Formulary" and "Preferred Drug List" mean the formulary, preferred drug list, or other list of prescription drugs that are covered by any Plan or Group Insurance Policies, including any tiers or levels of preference in which drugs are categorized, and all amendments, modifications, supplements, or revisions thereto.

12.     "Relate to," "related to," or "relating to" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

13.     "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

14.     "Electronically stored information" or "ESI" shall have the same definition as is utilized in the Electronic Discovery Protocol in this case [ECF No. 127], and the production of ESI should be made in conformance with that Protocol.

15.     "Relevant Time Period" shall mean January 1, 2012 through the present and all Requests, unless otherwise specified, seek the requested Documents that were created during, in effect during, modified during, obtained during, reviewed during, and/or are related to the Relevant Time Period. The definition and scope of the term Relevant Time Period does not constitute an admission by Defendants or evidence with respect to the appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving VCDs or other blood pressure medications.

16.     Each Request shall be construed as being inclusive rather than exclusive. The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to

bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.  The present tense shall include the past and future tenses.  The singular shall include the plural, and the plural shall include the singular.

17.     The documents requested herein shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

18.      You are required to produce all responsive documents that are within Your possession.  The potential availability of any Document by way of subpoena, public record access, authorization for release, or via another source does not excuse Your obligation to produce materials in Your possession.

19.     You must respond in writing and separately to each Request.  If no such Documents are within Your possession, custody or control, so state affirmatively.  If You have searched for and produced all Documents within Your possession that are responsive to a request as part of the Plaintiff Fact Sheet process, so state affirmatively.

20.     These Requests seek only non-privileged information.    However, if any document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided that complies with the privilege log requirements of the Electronic Discovery Protocol in this case [ECF No. 127].

21.     These Requests are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these Requests, or as an admission of the relevance or materiality of any of the matters covered by these Requests.

22.     These Requests are propounded without prejudice as to Defendants' rights to serve additional discovery (or seek leave of Court to serve additional discovery) requests upon any or all Plaintiffs, including (but not limited to) additional document requests for Plan or Group Insurance Policy information, Plaintiffs' allegations or purported support for class action certification, and any VCDs or other blood pressure medications Plaintiffs may have purchased as an alternative to VCDs.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**  All previously unproduced documents reflecting any

pre-suit notice, outside of communications since the inception of this litigation, that You gave to

any Defendant regarding any alleged breach of warranty, and any amendments, modifications,

updates, or revisions thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** For each Plan, Group Insurance Policy, or other product provided by You and pursuant to which You claim to have provided coverage for VCD prescriptions for which you seek any reimbursement in this litigation, all Summaries and/or Schedules of Benefits (and amendments thereto) and their substantive equivalents, for each year of the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All Documents which reflect, refer to and/or relate to the gross and net prices paid for VCD prescriptions covered by You for VCDs for which You seek damages for such payments, and all Documents which reflect, refer to and relate to any other components of, credits to, and/or fees associated with such purchase and coverage transactions ("transactions"), including but not limited to, rebates and refunds received by You in relation to such transactions, all cost-sharing arrangements related to the Plan(s), or Group Insurance Policy or other prescription coverage product generally and to such transactions specifically, co-pays (or co-insurance) associated with such transactions, and any other cost or pricing component of any amount for which You seek damages in this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** For each Plan, Group Insurance Policy, or other product provided by You and pursuant to which You seek any damages in this litigation, each Formulary and/or Preferred Drug List related thereto, and all amendments, for each year during the Relevant Time Period; to the extent not stated in such Formularies or Preferred Drug Lists, documents sufficient to determine any payment, deductible, tier, copayment, or coinsurance terms applicable to each tier of any such Formulary or Preferred Drug List.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  All agreements or contracts (and all amendments thereto) between (1) You and (2) any pharmacy benefits manager or third party and/or claims administrator of any Plan, Group Insurance Policy, or other product pursuant to which You claim to have provided coverage for VCDs and for which You seek reimbursement in this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  All agreements or contracts (and all amendments thereto) or other documents which constitute or modify any agreement and/or arrangements between any third party and/or claims administrator, including (by way of example only, but not limited to) Anthem Health Plans of Maine, Inc. and any pharmacy benefit manager, concerning any Plan, Group Insurance Policy, or other product pursuant to which You claim to have provided coverage for VCDs and for which You seek damages  in this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All Documents not previously produced that reflect, relate to and/or refer to any amount for which You seek damages in this litigation, including the amounts sought, the amounts of any alleged diminution in value of the VCDs as warranted and as received and/or "covered" by You, and/or any alleged loss of benefit of any alleged bargain You claim in this litigation, specified by specific VCD product.

**RESPONSE:**


Dated:  November 11, 2020

/s/ *Seth A. Goldberg*

Seth A. Goldberg, Esq.
*Lead Counsel and Liaison Counsel
for Defendants*

DUANE MORRIS LLP

Seth A. Goldberg, *Lead Counsel and Liaison Counsel for Defendants*
Barbara A. Schwartz
Coleen W. Hill (DE #6287)
Nathan B. Reeder
30 South 17th Street
Philadelphia, PA 19103
Tel.:  (215) 979-1000
Fax:  (215) 979-1020
SAGoldberg@duanemorris.com
BASchwartz@duanemorris.com
NBReeder@duanemorris.com

> *Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

PIETRAGALLO    GORDON    ALFANO
BOSICK & RASPANTI, LLP

Clem C. Trischler, *Lead Counsel for Defendants*
Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel.:  (412) 263-2000
Fax:  (412) 263-2001
CCT@pietragallo.com
JMR@pietragallo.com

> *Attorneys for Mylan Laboratories, Ltd. and Mylan Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP

Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.:  (678) 553-2385
Fax:  (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

7

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.: (312) 476-5056
Fax: (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

> *Attorneys for Teva Pharmaceuticals USA Inc., Teva Pharmaceutical Industries, Ltd., Actavis LLC, and Actavis Pharma, Inc.*

ULMER & BERNE LLP

Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
600 Vine Street
Suite 2800
Cincinnati, OH 45202-2409
Tel.: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ulmer.com

> *Attorney for AmerisourceBergen Corporation*