# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN
PRODUCTS LIABILITY LITIGATION                                MDL No. 2875

## TRANSFER ORDER

**Before the Panel:** Plaintiffs in the four actions listed on Schedule A move under Panel Rule 7.1 to vacate the orders conditionally transferring the actions to MDL No. 2875. All responding defendants[1] oppose the motions and support transfer.

After considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 2875, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2875 involve common factual questions arising from allegations that generic formulations of valsartan, losartan, and irbesartan contain nitrosamine impurities[2] and that the nitrosamines presented a risk of cancer and other injuries. *See In re Valsartan Prods. Liab. Litig.*, 433 F. Supp. 3d 1349, 1352-53 (J.P.M.L. 2019). The four actions before the Panel undisputedly involve the same factual issues.

In support of the motions to vacate, plaintiffs principally argue that their actions were improperly removed and that the interest of efficiency is best served by allowing the transferor courts to decide the issues presented in their motions for remand to state court. The Panel consistently has held, however, that the pendency of jurisdictional objections does not warrant vacatur. *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) (explaining that "remand motions can be presented to and decided by the transferee judge," and that transferor courts wishing to rule on such motions generally "have adequate time to do so").[3]

---

[1] Teva Pharmaceuticals USA, Inc.; Major Pharmaceuticals, Inc.; Aurobindo Pharma USA, Inc.; Aurobindo Pharma, Limited; Mylan Pharmaceuticals, Inc.; Zhejiang Huahai Pharmaceutical Co. Ltd.; Prinston Pharmaceutical Inc.; and Solco Healthcare U.S., LLC.

[2] The nitrosamines at issue include N-Nitrosodimethylamine (NDMA), N-Nitrosodiethylamine (NDEA), and N-Nitroso-N-methyl-4-aminobutyric acid (NMBA).

[3] Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

Plaintiffs also argue that transfer will not achieve significant efficiencies because they assert state law claims and the District of New Jersey is an inconvenient forum. These arguments are unpersuasive. We have held that the assertion of differing legal theories, including different state laws, is not significant where the actions arise from a common factual core. *See, e.g., In re Equifax, Inc., Customer Data Sec. Breach Litig.*, MDL No. 2800, Doc. No. 899, Transfer Order, at 2 (J.P.M.L. Oct. 5, 2018). While it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Robert B. Kugler for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Catherine D. Perry         Nathaniel M. Gorton
Matthew F. Kennelly        David C. Norton
Roger T. Benitez           Dale A. Kimball

**IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN
PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2875

## SCHEDULE A

<u>Middle District of Alabama</u>

PACE v. MAJOR PHARMACEUTICALS, ET AL., C.A. No. 3:20-00595
HARRIS v. AUROBINDO PHARMA USA, INC., ET AL., C.A. No. 3:20-00609

<u>Southern District of Alabama</u>

SMILEY v. AUROBINDO PHARMA USA, INC., ET AL., C.A. No. 2:20-00416
THORN v. MYLAN PHARMACEUTICAL, INC., ET AL., C.A. No. 2:20-00442