**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler<br>Hon. Joel Schneider |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND CERTAIN UNDERLYING MDL CASES AND ECONOMIC LOSS MASTER COMPLAINT TO ADD AND REMOVE CLASS REPRESENTATIVE PLAINTIFFS

COME NOW, Plaintiffs by and through counsel and court-appointed Plaintiffs' leadership counsel, who file this Motion for Leave to Amend to elevate absent class members to serve as putative class representative plaintiffs and to remove one who no longer wishes to serve as a class representative. Specifically, this Motion asks the Court for leave to amend certain underlying MDL putative economic loss class action cases to add putative class representative plaintiffs,[1] as well as to amend the most recent Second Amened Economic Loss Master Complaint to list those same individuals as putative class representatives. The allegations in the proposed amended complaints in these cases (which are attached as exhibits) would track the applicable substantive allegations in the operative Second Amended Economic Loss Master Complaint (i.e., this Motion only seeks to elevate certain absent class members to class representative status). And importantly, if the Court grants the Motion for Leave to Amend, Plaintiffs have taken steps, set forth below, to ensure

---

[1] Those cases – referencing their District of New Jersey case numbers – are *Erwin et al. v. Prinston Pharma., Inc. et al.*, No. 1:18cv13447 (D.N.J.); *Roberts et al. v. Torrent Pharma, Inc. et al.*, No. 1:18cv16075 (D.N.J.); *Longwell et al. v. Hetero USA Inc. et al.*, No. 1:19cv7463 (D.N.J.); *Cacaccio v. Mylan Pharma, Inc. et al.*, 1:19cv6841 (D.N.J.); *Duffy et al. v. Aurobindo Pharma U.S.A. Inc. et al.*, No. 1:19cv8591 (D.N.J.).

that the current schedule will not be disrupted.

## I.    <u>BACKGROUND</u>

Plaintiffs filed the Second Amended Economic Loss Master Complaint (Dkt. No. 398) on March 13, 2020. On July 17, 2020, Defendants filed their Motions to Dismiss. (*See* Dkt. Nos. 520, 522, 523.) Defendants' Motions to Dismiss were fully briefed as of October 16, 2020. In both their Motion and their Reply, the Manufacturer Defendants argued, albeit incorrectly, that "Plaintiffs Lack Standing to Bring Claims in States Where They Do Not Allege Injury." (*See* Dkt. No. 520-3, at 16 & Dkt. No. 598, at 12.)

On November 17, 2020, the Court entered an order entering Defendants Rule 34 Requests for the Production of Documents, with Plaintiffs to respond by December 17, 2020. On November 25, 2020, this Court entered a Scheduling Order that sets an April 1, 2021 deadline for completion of class discovery, but that Order does not set any deadline for Plaintiffs to actually file a motion for class certification of either economic loss or medical monitoring classes. (Dkt. No. 640.) Depositions of class representatives (for both economic loss and medical monitoring) are scheduled to take place between January 19, 2021 and March 26, 2021, and per this Court's orders "substantially complete" Plaintiff Fact Sheets ("PFSs") are due twenty-one (21) days prior to each putative class representative's deposition. (Dkt. No. 597, at 2.)

Through this Motion, Plaintiffs seek to add an additional putative class representatives across a number of states, and remove one class representative, Anna Cleaver of New Jersey, who has indicated her desire to drop out of the litigation for family-related reasons. Concomitantly with the filing of this Motion, Plaintiffs are offering Defendants deposition availability for each of these individuals within this current January 19-March 26 deposition timeframe (most of these depositions will occur later in the window because the currently-named plaintiffs are scheduled in the early part of the window), and even though PFSs are not due until twenty-one (21) days prior

to the deposition, Plaintiffs have already prepared substantially complete PFSs and will anticipatorily serve those on Defendants' counsel. In addition, Plaintiffs will anticipatorily serve Rule 34 responses for these putative class representatives on or before December 17, 2020, in accordance with the Court's orders set forth above.

## II.    LAW AND ARGUMENT

### A.    Liberal Standard for Amendment

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Fed. R. Civ. P. 15. Pursuant to Rule 15, the Third Circuit has instructed district courts that "leave to amend 'shall be freely given when justice so requires;' this mandate is to be heeded." *Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).

Granting leave to amend should ordinarily only be denied when the defendant can show that the amendment would be futile, was the result of undue delay, motivated by bad faith, or that the defendant would be unfairly prejudiced by the court's granting leave. *Cureton v. NCAA*, 252 F.3d 267, 272-73 (3d Cir. 2001). Notably, "delay alone is an insufficient ground to deny leave to amend." *Id.* (citing *Cornell & Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

### B.    The Court Should Grant Leave to Amend

The Court should grant this Motion for the following reasons.

First, for the five (5) underlying cases that Plaintiffs seek to amend, this would be the first amendment of the pleadings in any of those cases. Accordingly, this is not a situation where the plaintiff is serially seeking to amend the pleadings.

Second, this also is not a matter of Plaintiffs attempting to substantively alter the core factual allegations. Rather, this amendment is exclusively addressed to seeking to simply elevate certain absent class members to the status of named putative class representatives. As the Court

will see, the attached proposed amended complaints and proposed Third Amended Master Economic Loss Complaint (**Exs. 1-6**) track their respective original complaint's applicable factual allegations. Clearly, the amendment is neither futile, nor unfairly prejudicial to defendants.

Third, Defendants themselves essentially asked for this amendment in their Motions to Dismiss by arguing, again incorrectly, that the currently-named plaintiffs lack standing to bring claims across states. Even though Plaintiffs will ultimately contend at class certification, based on extensively developed case law, that certain states can be grouped together for purposes of class definition and representation, Plaintiffs are seeking to amend to add additional class representatives to enhance coverage (including replacing coverage in New Jersey with Ms. Cleaver's withdrawal) and make those proposed state groupings more simplistic when they are presented to the Court. Adding these named plaintiffs will increase the efficiency of the litigation overall and make the Court's decision easier at class certification.

Fourth, Defendants are not prejudiced from an undue delay standpoint. As set forth above, Plaintiffs and their counsel have worked hard to prepare PFSs and respond to Rule 34 requests in accordance with the Court's currently-set deadlines, and Plaintiffs have concomitantly offered deposition dates for these new putative class plaintiffs within this current window and without disturbing already-scheduled depositions of existing putative class plaintiffs. Although adding these new representatives will add more work for both sides' counsel, that fact alone does not qualify as unfair prejudice, especially this amendment is intended to be directly responsive to motion to dismiss arguments made by the defendants.

Fifth, the Court has built in a substantial gap between the termination of class discovery and the actual filing of an economic loss class certification motion, which has yet to be set. Accordingly, if the Defendants wish to expand the deposition window, for example, Plaintiffs do

not believe that would affect the Court's current schedule in any way.

Finally, the Motion seeks to add several New Jersey class representatives to replace Ms. Anna Cleaver, who was the only previously-named New Jersey resident in the case and who has indicated her desire to Plaintiffs' counsel to withdraw from the case for family-related reasons. Due to New Jersey's strong connection to the case (the locus of the MDL and where many of the defendants are located), Plaintiffs view it as essential to add putative New Jersey class representatives to replace Ms. Cleaver.

## III.    <u>CONCLUSION</u>

For the above-stated reasons, the Court should grant Plaintiffs' Motion for Leave to Amend and instruct the Clerk of the Court to file the attached proposed amended complaints on the respective dockets of the underlying cases and to enter the proposed Third Amended Economic Loss Master Complaint on the MDL docket.

Dated:  December 16, 2020                    Respectfully submitted,


*/s/ Ruben Honik*                                          */s/ Daniel Nigh*
Ruben Honik                                                    Daniel Nigh
GOLOMB & HONIK, P.C.                            LEVIN, PAPANTONIO, THOMAS,
1835 Market Street, Ste. 2900                      MITCHELL RAFFERTY & PROCTOR,
Philadelphia, PA 19103                                P.A.
Phone: (215) 985-9177                                316 South Baylen Street
rhonik@golombhonik.com                         Pensacola, FL 32502
                                                                       Phone: (850) 435-7013
                                                                       dnigh@levinlaw.com

/s/ Adam Slater

Adam Slater
MAZIE, SLATER, KATZ & FREEMAN, LLC
103 Eisenhower Pkwy, 2nd Flr.
Roseland, NJ 07068
Phone: (973) 228-9898
aslater@mazieslater.com

/s/ Conlee S. Whiteley

Conlee S. Whiteley
KANNER & WHITELEY, LLC
701 Camp Street
New Orleans, LA 70130
Phone: (504)-524-5777
c.whiteley@kanner-law.com

***MDL Plaintiffs' Co-Lead Counsel***

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 16th day of December, 2020, I caused a true and correct copy of the foregoing to be filed and served upon all counsel of record by operation of the Court's CM/ECF system.

*/s/ David J. Stanoch*
David J. Stanoch