# Exhibit B

**From:** Layne Hilton <l.hilton@kanner-law.com>
**Date:** October 7, 2020 at 8:19:35 PM EDT
**To:** "Goldberg, Seth A." <SAGoldberg@duanemorris.com>, "Ferretti, Joseph S." <JSFerretti@duanemorris.com>, "Priselac, Jessica" <JPriselac@duanemorris.com>, "rubensteinb@gtlaw.com" <rubensteinb@gtlaw.com>, "harkinss@gtlaw.com" <harkinss@gtlaw.com>, "CCT@pietragallo.com" <CCT@Pietragallo.com>, "JMR@pietragallo.com" <JMR@pietragallo.com>, "Nagle, Brittney <bee.nagle@kirkland.com> (bee.nagle@kirkland.com)" <bee.nagle@kirkland.com>, "JHeinz@c-wlaw.com" <JHeinz@c-wlaw.com>, "Nakul Y. Shah" <nshah@HillWallack.com>, "Frank H. Stoy" <FHS@Pietragallo.com>, Vito Colasurdo Jr <vcolasurdo@HillWallack.com>
**Cc:** Conlee Whiteley <c.whiteley@kanner-law.com>, Adam Slater <ASlater@mazieslater.com>, Daniel Nigh <dnigh@levinlaw.com>, R H <rubhon@gmail.com>, "David J. Stanoch" <d.stanoch@kanner-law.com>, Valsartan PEC <valpec@kirtlandpackard.com>
**Subject: In re Valsartan, Losartan and Irbesartan (Additional Priority Custodians)**

Counsel:

Pursuant to the Court's October 2, 2020 Order (D.E. 585), Plaintiffs provide the following additional custodians to further supplement the priority custodians previously identified in their May 7, 2020, Letter:

## ZHP

- Jun Du
- Eric Gu
- John Iozzia
- Chunmin "Min" (Karen) Xu
- Linda Lin

## Mylan

- Michael Plastina
- Wayne Talton

- Lance Molnar
- Kim Kupec

**Teva**

- Orit Schwartz
- Tony Delicato
- Joerg Fluch
- Raphael Nudelman

**Aurobindo**

- Venkata Kota

**Torrent**

- Kelly Gegenheimer

Hetero

- Somaraju Indukuri
- Jyothi Ganti
- Venkataramana Madireddy
- Manoranjan Kumar

The above-listed names, in conjunction with the custodians identified in the attached May 7, 2020, letter, will constitute Plaintiffs' preliminary list of priority deponents, pursuant to D.E. 585. These names are being provided without prejudice to change and adjust priorities as documents continue to be produced to us on a rolling basis.

Please let Plaintiffs know when you are available to meet-and-confer regarding these potential deponents.

Best,

Layne

Layne Hilton

Kanner & Whiteley, L.L.C.

701 Camp Street

New Orleans, LA  70130

(504) 524-5777 voice

(504) 524-5763  fax

www.kanner-law.com

_____

THIS EMAIL MESSAGE IS FOR THE SOLE USE OF THE INTENDED

 RECIPIENT(S) AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED

 INFORMATION.  IF YOU ARE NOT THE INTENDED RECIPIENT,

 PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY

 ALL COPIES OF THE ORIGINAL MESSAGE.  _____

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

# KANNER & WHITELEY, L.L.C.
**701 Camp Street**
**New Orleans, Louisiana 70130**
**(504) 524-5777**
**FAX: (504) 524-5763**

May 7, 2020

*Via Email*

Seth A. Goldberg, Esq.
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
SAGoldberg@duanemorris.com

      RE:    *In re Valsartan, Losartan and Irbesartan Products Liability Litigation*,
               No. 1:19-md-02875 (Prioritized Discovery)

Counsel:

I write further to the Parties' telephonic meet-and-confer of May 5, 2020, regarding prioritization of discovery.

During the Parties' May 5, 2020 call, Defendants requested that Plaintiffs provide, in writing, a list of non-custodial documents which Plaintiffs requested be produced as soon as practicable, as well as information Plaintiffs required in order to prioritize custodial productions.[1]

**Non-Custodial Documents**

Plaintiffs request that Defendants prioritize production of the below-delineated categories of non-custodial documents:

***Contracts and Agreements***
- Quality Supplier Agreements for the sale of Valsartan API (*See* RFPD Nos. 6, 10, 25, 96, 97, 98); and

---

[1] During the meet-and-confer, Plaintiffs made multiple efforts to gather information about what categories of non-custodial and custodial documents had already been collected, such that the prioritization requests could be accordingly narrowed or tailored. Plaintiffs made these inquiries for the purposes of efficiency and in an attempt to avoid needlessly wasting Defendants' resources, which Defendants have represented are scarce at this time. Defendants would not confirm what documents had been collected, beyond sales and pricing data. However, Defendants did assure Plaintiffs that any documents that are already collected will be produced first regardless of any prioritization made by Plaintiffs. As such, Plaintiffs provide the information in this letter with the understanding that Defendants will be producing *all* responsive documents currently in Defendants' possession by the July 15, 2020, Court-ordered deadline. *See* D.E. 416.

- Quality Supplier Agreements for services provided by solvent recovery vendors and outside laboratories used for the manufacture of Valsartan API or testing of Valsartan API (*See* RPFD Nos. 6, 119, 120).

*API Manufacturing Quality Assurance Documents*
- Deviation Investigation Reports for Valsartan API manufacture and any root cause analyses associated with those deviations (*See* RFPD Nos. 19, 20, 21, 22);
- OOS and OOT Reports for Valsartan API manufacture and any root cause analyses for those deviations (*See* RFPD Nos. 19, 20, 21, 22);
- Corrective and Preventative Action Plans ("CAPA") implemented regarding the manufacture of Valsartan API (*See* RFPD No. 19, 20, 21, 211, 58); and
- Certificate of Analyses for Valsartan API (*See* RFPD No. 26).

*Finished Dose Manufacturing Quality Assurance Documents*
- Validation Specifications associated with Valsartan API (*See* RFPD Nos. 10, 19, 20, 21, 22);
- Certificate of Analyses associated with Valsartan API (*See* RFPD Nos. 10, 19, 20, 21, 22, 26); and
- OOS and OOT reports, and any root cause analyses, as a result of Valsartan API testing and/or validation (*See* RFPD Nos. 10, 19, 20, 21, 22).

*Foreign Regulatory Documents*
- Foreign Inspection Reports of Facilities which Manufactured Valsartan API or Finished Dose (*See* RFPD No 56, 57).

**Custodial Documents**

Plaintiffs are in the process of identifying priority custodians for all Defendants related to the following categories of responsive documents:

- Documents and communications related to the sale of API, including any quality issues and/or complaints related to API (such as, for example, ZHP's communications with Novartis regarding the quality of Valsartan API and Novartis's subsequent nitrosamine testing). *See* RFPD Nos. 6, 10, 25, 93, 96, 97, 98.
    - Plaintiffs have identified the following agreed-upon custodians as potentially having responsive documents:
        - **ZHP**: Jenson Ye, Min Li, Jucai Ge, Jie Wang;
        - **Mylan**: Satish Mahanti, Yasir Rawjee;
        - **Teva**: Stefan Karlsson, Jens Nassall, Corey Sawyer;
        - **Aurobindo USA:** Daniel Burns, Prasad Gorijavolu, Steve Lucas, Bhadresh Joshi; and
        - **Torrent:** Paras Sheth, Dhurmit Shah, Sushil Jaiswal.
- Documents and communications related to deviation reports, OOS/OOT and other quality assurance reports and investigations associated with API manufacture and/or testing. *See* RFPD Nos. 19, 20, 21, 22.
    - Plaintiffs have identified the following agreed-upon custodians as potentially having responsive documents:
        - **ZHP**: Jenson Ye, Min Li, Jucai Ge, Jie Wang, Zhao Caifeng, Dong Peng, Hu Yuelin, Li Qiangming;

- **Mylan**: Antonyraj Gomas, SVSJ Rama Varma, N. Anjani Kumar, K. Naveen Kumar, Yasir Rawjee, P. Srinivasa Rao;
- **Teva**: Clarie Lyons, Dan Baretto;
- **Aurobindo USA:** Daniel Burns, Jeffrey Jackowski, Bhadresh Doshi, Prasad Gorijavalu; and
- **Torrent:** Paras Sheth, Dhurmit Shah, Sushil Jaiswal.

- Documents and communications with regulatory authorities, with special focus on regulatory communications regarding the cause of the contamination. *See* RFPD Nos. 52, 53, 54, 58, 59.
  - Plaintiffs have identified the following agreed-upon custodians as potentially having responsive documents:
    - **ZHP**: Jun Du, Jenson Ye, Xiaodi Guo, Lilje Wang, Remonda Gergis, Lucy Liu;
    - **Mylan**: Walt Owens, Reem Malki, Antonyraj Gomas, Cassandra Bird, Lance Molnar, SVSJ Rama Varma;
    - **Teva**: David Bonilla, Christopher Unger, Constance Truemper, Dan Baretto;
    - **Aurobindo USA:** Jasleen Gupta, Blessy Johns, Jeffrey Jackowski;
    - **Torrent:** Dawn Chitty, Sue Perry, Jocelyn Rivera, Bernadette Attinger, Saroja Garontla; and
    - **Hetero USA:** Seshu Akula, William Chelak, Rahhu Chigurupati, Somaraju Indukuri, Rajesh Kankula.

- Documents and communications related to the procurement of recovered solvents and/or the retention of outside companies to conduct solvent recovery. *See* RFPD Nos. 6, 119, 120.
  - Plaintiffs have identified the following agreed-upon custodians as potentially having responsive documents:
    - **Mylan**: M.V.R.B.S. Subrahmanyam, Abbineni Jyothibasu, N. Anjani Kumas; and
    - **Teva**: Corey Sawyer.

In order to finalize lists of prioritized custodians, for all the above-listed custodians, Plaintiffs request that Defendants identify which of these custodial files have been collected, and which have not yet been collected. Plaintiffs believe understanding this information will allow Plaintiffs to more narrowly tailor their custodial file prioritization, keeping these requests in line with Defendants' ongoing custodial collection efforts.

Plaintiffs are available to meet-and-confer further on these requests. Please advise us as to your availability.

Sincerely,

KANNER & WHITELEY, L.L.C.

By: /s/ Layne C. Hilton

Layne C. Hilton

CC: Counsel for Manufacturer Defendants
Valsartan PEC

3