THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

IN RE:  VALSARTAN, LOSARTAN & IRBESARTAN PRODUCTS LIABILITY LITIGATION

: CIVIL NO. MDL 19-2875(RBK-JS)
:
:
:
:
:
:
:

_____

### ORDER APPOINTING HON. THOMAS I. VANASKIE AS SPECIAL MASTER FOR DISCOVERY

**THIS MATTER HAVING** come before the Court, and the Court having found pursuant to F.R.Civ.P 53, that Appointment of a Special Master is necessary to address pretrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of this district, and

Hon. Thomas I. Vanaskie (retired) having filed his affidavit pursuant to Rule 53(b)(3) and the time for objections having expired,

**IT IS ON THIS**   22nd   day of December, 2020, **ORDERED** that The Hon. Thomas I Vanaskie, be and is hereby appointed Special Master for Discovery subject to the following:

1. The Special Master shall oversee the schedule for completion of discovery and all discovery disputes and motions related thereto pursuant to procedures for practice that the Special Master may establish and modify as necessary.  The authority of the Special Master hereunder shall be coextensive with that of a United States Magistrate Judge.

2. For the Special Master to fulfill his responsibilities hereunder most efficiently and at least cost to the parties, he may employ such other lawyers and staff selected by the Special Master, and under the supervision and control of the Special Master, as in his discretion he feels is necessary.

3. The Special Master shall charge his ordinary and customary fees (including those charges incurred under paragraph 2 above) and shall allocate the charges one half to plaintiffs and one half to defendants. Invoices shall be submitted to liaison counsel for each side and shall be paid within thirty (30) days. Each side shall devise a mechanism for apportioning the cost among the parties. Counsel may petition the Court to reallocate the fees and costs pursuant to Rule 53(g)(3), which the Court may refer to the Special Master.

4. The Special Master shall inform the parties of the methods by which they are to submit any disputes to him. Unless otherwise directed by the Special Master, all motion papers shall comply with the Federal Rules of Civil Procedure. The Special Master may adopt or utilize informal procedures to resolve disputes, including at his discretion, in-person, telephone, or video conferences, requiring the parties to meet and confer, and directing the parties to submit and/or exchange letters in lieu of briefs. The Special Master in his discretion, may record any of the proceedings by a court reporter or other means.

5. The Special Master may consult with the Court as needed, including on an <u>ex parte</u> basis (except where one of his decisions is on appeal to the Court). If necessary, the Master may submit any report or recommendation to the Court for entry of an Order.

6. The Special Master and anyone he employs are not subject to subpoena without an Order from this Court.

7. The Special Master has the authority to impose non-contempt sanctions provided by Rules 37 and 43 (including his own fees and expenses) and may recommend a contempt sanction.

8. The Special Master will not participate in settlement discussions (except those related to discovery and scheduling issues). Separate Special Masters will be appointed to conduct settlement discussions.

 s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge