| | | |
|---|---|---|
| NEW YORK |  | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | SETH A. GOLDBERG | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1175 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 689 2198 | LAS VEGAS |
| LOS ANGELES | E-MAIL: SAGoldberg@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | A GCC REPRESENTATIVE OFFICE |
| HANOI | | OF DUANE MORRIS |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

December 31, 2020

VIA ECF

The Honorable Joel Schneider
United States Magistrate Judge
United States District Court - District of New Jersey
Mitchell H. Cohen U.S. Courthouse
4th & Cooper Streets, Room 2060
Camden, NJ  08101

   Re: In re Valsartan/Irbesartan/Losartan MDL

Dear Judge Schneider:

  I write in connection with rulings the Court made during the Case Management Conference on December 22, 2020, regarding the depositions of the following ZHP employees: Yuelin Hu, Lucy Liu, Xavier Tang, Karen Xu  (collectively, the "Additional Fact Witnesses"), and Eric Tsai. As set forth below, as they are lower-level employees of ZHP, Ms. Hu, Ms. Liu, Mr. Tang, and Ms. Xu may only be deposed in this litigation pursuant to a Letter of Request granted by the Chinese government. Mr. Tsai, who is an employee of Prinbury BioPharm, which is not a party to this case, also may only be deposed in this litigation pursuant to such a Letter of Request. As Plaintiffs have made no attempt to secure such permission from the Chinese government, and until they do, the Additional Fact Witnesses may not be deposed in this action.

**I.**  **Pertinent Factual and Procedural Background**

  A. The Additional Fact Witnesses are Low-Level Employees Whose Superiors Have Been Designated as 30(b)(6) Witnesses.

  Each Additional Fact Witness is a lower-level ZHP employee, whose superior has been designated to provide 30(b)(6) testimony, as follows:

DUANE MORRIS LLP
30 SOUTH 17TH STREET    PHILADELPHIA, PA 19103-4196         PHONE: +1 215 979 1000    FAX: +1 215 979 1020

Duane Morris

The Honorable Joel Schneider
December 30, 2022
Page 2

- Yuelin Hu is the Director Assistant of ZHP's API Quality Assurance Department. She reports up to Jucai Ge, who is the Director of ZHP's API Quality Assurance Department and has been designated to cover Topic Nos. 2, 11, 21, 23, 25, 26, 27 (API), 28 (finished dose), 29, 31, 48, and 49 of the 30(b)(6) Notice directed to ZHP. *See* Exhibit A.

- Yanfeng (Lucy) Liu is the Deputy Director and Manager of ZHP's Regulatory Affairs Department. She reports up to Linda (Lihong) Lin, who is the Director of ZHP's Regulatory Affairs Department and has been designated to cover Topic Nos. 38, 39, 40, and 41 of the 30(b)(6) Notice directed to ZHP. *Id.*

- Fengyang (Xavier) Tang is the Manager Assistant of ZHP's Marketing and Sales Department. He reports up to Jie Wang, who is the Vice President of ZHP's API Marketing and Sales Department and has been designated to cover Topic Nos. 42, 43, 45 (API), 46 (API), 47 (API), 50, 52, 54, 56, and 58 of the 30(b)(6) Notice directed to ZHP. *Id.*

- Mi (Karen) Xu is the Senior Director of ZHP's European API Market, Generic Key Accounts, and Market Development. She also reports up to Jie Wang, who, as set forth above, is the Vice President of ZHP's API Marketing and Sales Department and has been designated to cover Topic Nos. 42, 43, 45 (API), 46 (API), 47 (API), 50, 52, 54, 56, and 58 of the 30(b)(6) Notice directed to ZHP. *Id.*

B.  The Court's Rulings as to the Depositions of the Additional Fact Witnesses.

In Defendants' submission to the Court in advance of the December 22, 2020, Case Management Conference, ZHP argued that one reason the Additional Fact Witnesses should not be deposed in this litigation is because they are not officers, directors or managing agents of ZHP. *See* ECF No. 684 p. 7 ("even if the anticipated testimony would not be duplicative, which it will be, notices of deposition would not be properly directed to these corporate employees. Yuelin Hu, Lucy Liu, Xavier Tang, and Mi Xu do not qualify as officers, directors or managing agents, and thus should be treated as non-parties for the purpose of depositions." *Karakis v. Foreva Jens Inc.*, No. 08-61470, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009) (citing authorities)). However, the Court did not address this point in its ruling regarding the depositions of the additional fact witnesses.

Notwithstanding their lower-level employment with ZHP, and that their superiors have been designated to provide 30(b)(6) testimony that encompasses their job functions, during the Case Management Conference on December 22, 2022, the Court ruled that depositions of the Additional Fact Witnesses were warranted because Plaintiffs made a prima facie showing that "these witnesses have relevant knowledge," 12/22/20 Hrg. Tr. at 40:15-16, and because, with the addition of these witnesses to their list of deponents, Plaintiffs are proposing to depose the same number of witnesses, 20, the Court permitted in *Benicar*. *Id.* at 40:18-22 ("I looked back in the

DuaneMorris

The Honorable Joel Schneider
December 30, 2022
Page 3

record and it looks like, and I could be wrong about this, but I think in *Benicar*, 20 foreign depositions were permitted of Daiichi, and here, plaintiff is proposing to take 20 depositions of U.S. and foreign ZHP.).

The Court also acknowledged, however, that a record might be developed through the depositions of the other 13 ZHP-party witnesses the parties have agreed upon, that the depositions of the Additional Fact Witnesses should be "quashed:"

> [P]laintiffs have made a prima facie case that these witnesses are subject to deposition, but subject to what the parties learn through the other depositions, there's -- it's without prejudice to ZHP to present a record, which is not available now, to show, in fact, that these depositions are not materially important and should be quashed.

*Id*. at 41:14-20.

II. **ARGUMENT**

It is axiomatic that, absent an agreement between the parties, lower-level employees of a corporation may not be deposed unless a subpoena has issued, or, in the case of foreign witnesses, pursuant to Hague Convention procedures. *See Atotech USA Inc. v. MacDermid Inc.*, No. CV 05-5517 (FSH), 2007 WL 9782931, at *3 (D.N.J. Mar. 14, 2007) ("if the corporate representative is not a managing agent, officer, or director, then he is not subject to deposition by notice under Rule 30 and the witness must be subpoenaed pursuant to Rule 45 or, if the witness is located outside of the United States, pursuant to the Hague Convention's procedures."); *see also Trans Pac. Ins. Co. v. Trans-Pac. Ins. Co.*, 136 F.R.D. 385, 392 (E.D. Pa. 1991); *U.S. v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994) ("[A] corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice.").

In the case of Chinese nationals, such as the Additional Fact Witnesses, who are not subject to the Court's subpoena power, absent agreement between the parties, a deposition may only be taken with the permission of the Chinese government. *See Junjiang Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2019 WL 1441130, at *2, *4, *6, *10 (E.D.N.Y. Mar. 31, 2019), *appeal dismissed sub nom. Ji v. Jling Inc.*, 799 F. App'x 88 (2d Cir. 2020) (striking testimony given via video by witness located in China "as being violative of Chinese law" based on its review of Chinese law and regulations, as well as the declaration of an attorney admitted to practice law in New York who had also been licensed to practice law in China for approximately 20 years, which concluded: "[N]o foreign authority or individual is allowed to serve process, conduct investigation, or obtain evidence within the borders of People's Republic of China without permission from the authority of the People's Republic of China")[1]; *see also Milliken & Co. v. Bank of China,* 758 F. Supp. 2d

---

[1] *See also id.* at *11 ("It is therefore undisputed that, by testifying via video link while located in mainland China, Ji violated Article 277 of the Chinese Civil Law. By participating in those



The Honorable Joel Schneider
December 30, 2022
Page 4

238, 243, 248 (S.D.N.Y. 2010) (internal quotations and citations omitted) ("[T]he Hague Evidence Convention provides that in civil or commercial matters the courts of one contracting state have a right, by Letter of Request via a designated Central Authority, to obtain evidence or perform some other judicial act through the courts of another contracting state.").

During Case Management Conferences since mid-September, ZHP has asserted that Chinese nationals employed by ZHP could not be deposed in this action absent permission of the Chinese government. *See* 10/2/20 Hrg. Tr. at 37:13-22 ("unless plaintiffs have gotten permission from the Chinese government to take that deposition, even by video, they can't do it…[a]nd plaintiffs have made no attempt to obtain that letter of request and get that approval."); 11/24/2020 Hrg. Tr. At 101: 9-12 ("Had plaintiff chosen to, they could have, through The Hague Convention, filed a letter of request and under Chinese Civil Procedure Law, sought a deposition of a Chinese national."). Plaintiffs have conceded that they have failed to take any steps to secure such permission. *See id.* at 39: 10-13 ("we haven't started the letter of request process, where they told us that we would then have to take the depositions -- if we could get into China, under very circumscribed circumstances"); *see also id.* 42: 7-10 ("if their position is really that we have to find a way to depose these people in China, then there's -- then obviously, that's unworkable and isn't going to happen, and there would be an issue to decide.").

While the Court has determined that the Additional Fact Witnesses may possess relevant information, such determination does not confer jurisdiction or subpoena power over the Additional Fact Witnesses, such that they may be compelled to testify in this action.

Significantly, as the Court noted on December 22, the testimony of the Additional Fact Witnesses may be duplicative of the testimony of the 13 other ZHP-party employees that ZHP has offered to testify in this action, which include the superiors of the Additional Fact Witnesses for both individual and 30(b)(6) testimony. Moreover, while Plaintiffs may complain that ZHP is being uncooperative by not forcing the Additional Fact Witnesses to testify, that their superiors, high-ranking employees at ZHP, have agreed to travel out of China during a global pandemic, risking their health and safety, and that of their families, subjecting themselves to isolated quarantine for up to 28 days, in order to be deposed in a civil litigation where no Plaintiff is at risk of injury or harm, demonstrates that ZHP is going to great lengths to cooperate with Plaintiffs and the Court.

---

proceedings, Defendants' counsel and potentially all other parties involved violated Article 15 of the Regulations and, thus, could be fined under Article 30. Further, these violations potentially subjected the participating parties to deportation from China under Article 81 of the Administration Law as well as criminal liability under Article 13 of the Chinese Criminal Law. Accordingly, the Court grants Defendants' motion to strike Ji's testimony in its entirety and to preclude Ji from further testifying remotely in this case.").

DuaneMorris

The Honorable Joel Schneider
December 30, 2022
Page 5

      While the Court permitted 20 foreign depositions in *Benicar*, the Court has also acknowledged that this MDL presents uniquely different circumstances. Foremost are the global pandemic and the restrictions under China law that prevent depositions in China for use in foreign proceedings, and that require Chinese nationals to travel to another country to be deposed in this action. These circumstances warrant a limit on the number of foreign depositions of the ZHP parties to the 13 that ZHP has proposed.

      Accordingly, subject to the Court's rulings regarding the deposition of Baohua Chen, ZHP respectfully requests the Court approve the schedule of depositions that ZHP proposed.

                                         Respectfully submitted,

                                         *s/ Seth A. Goldberg*

                                         Seth A. Goldberg

cc: All counsel of record via ECF