## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Joel Schneider, Magistrate Judge |
| **This Document Relates to All Actions** | |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE CONSOLIDATED SECOND AMENDED ECONOMIC LOSS CLASS ACTION COMPLAINT AND VARIOUS "UNDERLYING" CLASS ACTION COMPLAINTS

## I.    INTRODUCTION

On December 16, 2020, Plaintiffs filed a Motion for Leave to Amend ("Motion") their Consolidated Second Amended Economic Loss Class Action Complaint ("Consolidated Second Amended Complaint") and five of the so-called "underlying" class action complaints[1] ("underlying complaints") in order to add *nineteen* (19) brand new plaintiffs to these complaints.  These nineteen plaintiffs

---

[1] These include the class action complaints filed by (1) Robin Roberts (18-cv-16075), initially filed in the District of New Jersey; (2) Veronica Longwell (19-cv-7463), filed in the District of Massachusetts and transferred to this Court in CTO-1; (3) Eric Erwin (18-cv-13447), initially filed in the D.N.J.; (4) Elizabeth Duffy (19-cv-8591), initially filed in the Southern District of New York and transferred to this Court in CTO-2; and (5) Joseph Cacaccio (18-cv-6841), initially filed in the Eastern District of New York and transferred to this Court in CTO-1.

wish to assert for the first time their individual claims against Defendants and seek to represent, along with the prior named plaintiffs identified in the Consolidated Second Amended Complaint, an alleged economic loss class.  *See* Pls.' Mot (Dkt. No. 669).  For the reasons stated herein, Plaintiffs' Motion should be denied at this time or, alternatively, Plaintiffs should be permitted to amend only the Consolidated Second Amended Complaint which is the operative and superseding economic loss complaint in this litigation.

## II.    LEGAL STANDARD

"Federal Rule of Civil Procedure 15(a) provides that a party may amend his pleading once before a responsive pleading is served, or thereafter upon leave of court or on consent from his adversary."  *In re Ford Motor Co. Ignition Switch Prods. Litig.*, 39 F. Supp. 2d 458, 467 (D.N.J. 1999).  "[T]he granting of leave to amend is not automatic." *Id.* (citations omitted).  Rather, "[l]eave may be denied upon a showing of 'undue delay, bad faith . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1982)) (denying plaintiffs' motion for leave to amend on futility grounds in light of defendants' motion to dismiss); *see also In re Oran*, 34 F. Supp. 2d 906, 914 (D.N.J. 1999) (denying plaintiffs' motion for leave to amend a class action complaint for undue delay where, *inter alia*, the case was "already one

and half years old . . . and plaintiffs had four months to file the instant Amended Class Action Complaint.").

### III.    ARGUMENT

Defendants respectfully submit that permitting the proposed amendments which would add *nineteen* brand new plaintiffs as proposed economic loss class representatives across a set of conflicting duplicative complaints would be inappropriate at this time.   The Court should deny Plaintiffs' Motion for the following reasons.

First, there is the practical matter of timing.   The Court is in the midst of issuing a series of opinions and orders deciding the potentially dispositive issues presented in Defendants' Motions to Dismiss.   Defendants respectfully contend that, given the significant complexities presented in those motions which were directed to the existing Consolidated Second Amended Complaint, any amendments would be premature at this time and risk upsetting the motions' orderly resolution.   Indeed, Plaintiffs make clear in their Motion that their proposed "amendment is intended to be directly responsive to motion to dismiss arguments made by the defendants." Pls.' Mot. at 4 (Dkt. No. 669).   Defendants accordingly believe that any amendments to add these new plaintiffs, if necessary, should be effectuated only

after the Court has issued its forthcoming orders and opinions[2] and those rulings could be incorporated into whatever form of amended complaint would be consistent with the guidance the Court's rulings will provide.[3]

Second, and relatedly, Plaintiffs' proposed amendments would be futile for the reasons stated in Defendants' Motions to Dismiss, including those defenses yet to be ruled on by the Court. And beyond the host of other universal and defendant-tier grounds for dismissal raised in the Motions to Dismiss that would foreclose the utility of amendment, it is important to note that Plaintiffs' proposed amendment is intended to address *only one* of the standing deficiencies identified in Defendants' pending motions to dismiss—that a class representative has standing to sue only under the laws of a state where she resides or was injured—but that even in this regard the proposed amendment fails to correct the lack of a named plaintiff in most

---

[2] That is not to say that, consistent with the entreaties in Plaintiffs' Motion that they will "anticipatorily" serve substantially complete PFSs and written discovery responses for these nineteen plaintiffs "on or before December 17, 2020," Pls.' Mot. at 3, Plaintiffs completing their predicate discovery obligations regarding these individual proposed new plaintiffs could not occur promptly even if no formal amendment were permitted now. That would require only Plaintiffs to fulfill those existing promises to the Court, which as of this writing they have not.

[3] Defendants do not oppose the withdrawal of Plaintiff Anna Cleaver and would consent to Ms. Cleaver's voluntary dismissal without prejudice. Defendants would similarly agree that they would not assert as a future objection or basis for dismissal any argument premised on the fact that the nineteen identified proposed new plaintiffs were not formally added to a complaint in the time period between the filing of Plaintiffs' Motion and the Court's full rulings on the Motions to Dismiss.

of the states identified by Defendants. *See* Dkt. No. 520-3 at 16–17 & Chart 12. Nor do Plaintiffs even purport to amend the Consolidated Amended Medical Monitoring Class Action Complaint to add new plaintiffs to address this same deficiency. Moreover, despite Plaintiffs' promise, *see* Dkt. No. 577 at 32 n.4, that they would bring forward additional named plaintiffs to address Defendants' *other* dispositive standing argument relating to the existing named plaintiffs—that no such plaintiff alleged injury they could specifically attribute to a significant number of the independent named Defendants, *see* Dkt. No. 520-3 at 15–16 & Chart 10—it is clear from Plaintiffs' proposed amendment that they cannot live up to their promise. In short, even crediting the proposed amendment no such allegations will have been made against the vast majority of those Defendants identified in Chart 10.

Third, the addition of *nineteen* new plaintiffs at this juncture—essentially doubling the number of proposed economic loss class representatives—will prejudice Defendants and the existing case schedule framework implemented by the Court. Plaintiffs' assertions to the contrary simply do not square with practical reality. The addition of such a large number of proposed economic loss class representative plaintiffs and discovery relating to them, including but not limited to resolution of any PFS deficiencies and the DFS completion process to only then be followed by depositions, will take many months. Pursuant to existing Case Management Order No. 22 (Dkt. No. 640) the parties are directed to complete all

fact discovery, including the depositions of the class representatives in Plaintiffs' various complaints, by April 1, 2021. It is simply not feasible to complete within that time period depositions of each of the current class representatives in the Consolidated Second Amended Complaint, the Consolidated Amended Medical Monitoring Class Action Complaint, the personal injury bellwether plaintiffs, *and* the proposed nineteen (19) new class representatives that Plaintiffs now seek to add via a Consolidated Third Amended Economic Loss Class Action Complaint.[4]

Fourth and finally, should the Court wish to grant Plaintiffs' Motion at this time, Defendants respectfully submit that any amendment should be limited to the Consolidated Second Amended Complaint alone with no amendment permitted to the so-called "underlying" complaints. Mindful of the discussion of master and operative complaints articulated in the Court's recent Opinion, Dkt. No. 675, and the guidance provided by *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586 (6th Cir. 2013) (*Refrigerant*), Defendants respectfully maintain that the

---

[4] The parties are conferring on terms for a stipulated discovery schedule that, if finalized and approved by the Court, would extend the deadline to complete depositions of certain personal injury bellwether plaintiffs and third parties subpoenaed by the parties to August 2, 2021. If such a schedule were approved and this time period were to include the depositions of the nineteen individuals that Plaintiffs seek to add to the Consolidated Second Amended Complaint, Defendants respectfully submit that schedule would allow for any formal amendment to be deferred until after the Court rules on the pending Motions to Dismiss. *See also supra* note 2.

Consolidated Second Amended Complaint is the only operative economic loss complaint in the case and wish to preserve the issue and their position via their objection to amendment.[5]

The following are some of the reasons Defendants respectfully contend the Consolidated Second Amended Complaint[6] should be viewed as the only operative economic loss complaint subject to potential amendment:

- It is the only economic loss complaint ever asserted by approximately eight (8) of the existing named plaintiffs in the Consolidated Second Amended Complaint.  These include Billy Bruner, Gary Burnett, Anna Cleaver, Leland Gildner, Flora McGilvery, Cheryl Mullins, Lubertha Powell, and Lawrence Semmel.

---

[5] Defendants also wish to make a clear record such that if the Court grants amendment of the underlying complaints upon Plaintiffs' insistence that the Consolidated Second (and Third) Amended Complaint is (and was) *not* an operative complaint with legal force but merely an administrative "master" summary of other underlying operative complaints, Plaintiffs would be estopped from later arguing otherwise—for example in connection with class certification, later dispositive briefing, or appeal—due to a change in their strategic convenience.

[6] Plaintiffs entitled the relevant pleading under discussion the "Consolidated Second Amended Economic Loss Class Action Complaint," Dkt. No. 398, and the proposed third amended complaint simply amends the title to say "third" instead of second. Moreover, Plaintiffs have consistently referred to the complaint as a "master consolidated complaint," *see* Dkt. No. 101, at 10:23–11:2, and have indicated to the court that it would operate as the "master or central complaint" for service of process. *See* Dkt. No. 86, at 21:8; *see also* Dkt. No. 92 (referring to the complaints as "consolidated cases").

- It is the only economic loss complaint ever asserted against (or even colorably served upon) the majority (approximately 23) of the defendants.[7]

- It adds certain legal claims not made in the underlying complaints, such as for claims under the Magnuson-Moss Warranty Act (Count Six), claims for negligent misrepresentation and omission (Count Nine), and various other claims on behalf of a Third-Party Payor class.

- It was the economic loss complaint containing the substantive allegations to which Defendants' Motions to Dismiss were directed. It is also the economic loss complaint upon which discovery has been based and any class certification in this Court would be premised.

- At least one of the existing class representatives (*e.g.*, Joseph Cacaccio) in the Consolidated Second Amended Complaint is named in multiple conflicting "underlying" class complaints.

- There exist at least twelve (12) other purported "underlying" economic loss class action complaints brought by other plaintiffs that Plaintiffs have not identified in connection with their Motion that further complicate the procedural posture absent operative consolidation.[8]

---

[7] Of the approximately 40 separate defendants presently named in the Consolidated Second Amended Complaint, *see* Dkt. No. 398, the identified "underlying" complaints name only seventeen (17): Aurobindo Pharma USA, Inc.; Camber Pharmaceuticals, Inc.; CVS Health Co.; Hetero Drugs, Ltd.; Hetero USA, Inc.; Huahai Inc.; Mylan Pharmaceuticals, Inc; Mylan N.V.; Prinston Pharmaceutical Inc; Rite Aid Corp.; Solco Healthcare U.S., LLC; Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Throggs Neck Pharmacy; Torrent Pharma, Inc.; Torrent Pharmaceuticals, Ltd.; and Zhejiang Huahai Pharmaceutical Co., Ltd.

[8] These include (1) Alphone Borkowski (18-cv-1150), initially filed in the Western District of New York and transferred to this Court in the February 14, 2019 Transfer Order; (2) Jo Ann Hamel (18-cv-1405), initially filed in the Eastern District of California and transferred to this Court in the February 14, 2019 Transfer Order; (3) Dennis Kaplan (18-cv-14318), initially filed in the D.N.J. and transferred to this Court in the February 14, 2019 Transfer Order; (4) Jynona Gail Lee (18-cv-14318), initially filed in the D.N.J. and transferred to this Court in the February 14, 2019 Transfer Order; (5) Maine Automobile Dealers Association, Inc. (19-cv-2431),

- Two of the five identified "underlying" class complaints were initially filed in the District of New Jersey and so have been superseded for that reason, and in any event, would not be subject to any remand from this Court. Many more of the unidentified "underlying" class complaints were also filed initially in this District. *See supra* note 8.

- The class definitions in the Consolidated Second Amended Complaint differ from and are inconsistent with the class definitions in several of the "underlying" complaints, including with respect to the geographic scope of the proposed classes, the date range (if any) of the proposed classes, the criteria for a putative class member's inclusion in the proposed classes (e.g. whether the class member must have paid out-of-pocket for the valsartan-containing drugs, whether the valsartan-containing drugs must be contaminated with NDMA and/or NDEA, etc.), and exclusions from the proposed classes. In the absence of a single operative economic loss complaint, therefore, many of the putative class representatives are seeking to represent multiple conflicting classes.

- In the absence of a single operative economic loss complaint, the "first-filed rule" would support staying all subsequently-filed lawsuits to avoid "the vexation of subsequent litigation over the same subject matter." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929-30 (3d Cir. 1941). *See also Chavez v. Dole Food Co.*, 836 F.3d 205, 216-21 (3d Cir. 2016) (tracing the history of the first-filed rule and holding that proper application of the rule requires staying subsequently-filed duplicative federal suits); *Baatz v. Columbia Gas Transmission, LLC*,

---

initially filed in the D.N.J. and reassigned to the MDL (Dkt. 19); (6) Ron Molinaro (18-cv-710), initially filed in the Middle District of Florida and transferred to this Court in CTO-1; (7) MSP Recovery Claims, Series LLC (19-cv-6830), initially filed in the D.N.J. and transferred to this Court in CTO-1; (8) Talsie Neal (18-cv-16071), initially filed in the D.N.J. and reassigned to this Court (Dkt. 8); (9) Gerald Nelson (19-cv-332), initially filed in the Eastern District of New York and transferred to this Court in CTO-1; (10) Richard O'Neill (18-cv-14840), initially filed in the D.N.J. and transferred to this Court in the February 14, 2019 Transfer Order; (11) Dominic Stimma (18-cv-14318), initially filed in the D.N.J. and transferred to this Court in the February 14, 2019 Transfer Order; and (12) Brian Wineinger (19-cv-1070), initially filed in the D.N.J. and transferred to this Court by stipulation under 28 U.S.C. § 1404 (Dkt. 24).

814 F.3d 785, 791 (6th Cir. 2016) ("Litigating a class action requires both the parties and the court to expend substantial resources. Perhaps the most important purpose of the first-to-file rule is to conserve these resources by limiting duplicative cases.").

For these reasons, Defendants respectfully submit that the Consolidated Second Amended Complaint should be deemed the "operative" complaint that superseded all individual, underlying economic loss class action complaints. This conclusion is on all fours with the Sixth Circuit's decision in *Refrigerant*, holding that "the master complaint filed in th[at] case was an operative pleading—a consolidated complaint that is—that superseded any prior individual complaints." 731 F.3d at 591. As in *Refrigerant*, "[t]he master complaint, not the individual complaints, [was] served on defendants. The master complaint [was] used to calculate deadlines for defendants to [respond]. And the master complaint [was] examined for its sufficiency when the defendants file[d] a motion to dismiss." *Id.* Similarly, as in *Refrigerant*, the Plaintiffs have previously "treated the master complaint as a real complaint when they asked . . . for leave to amend it under Civil Rule 15." *Id.*; *supra* note 4. "And, perhaps most importantly, when arguing about or adjudicating the defendants' motions to dismiss, the parties and the court [have] looked only at the master complaint." *Id.*

As the Sixth Circuit went on to explain, these procedural facts compelling its holding would be even more heightened if, as is this case here, the master complaint added new plaintiffs, new defendants, and new claims not included in the

"underlying" complaints. *Id.* at 591–92 ("And what would we do if the post-transfer consolidated complaint added new claims, or worse still new parties, never mentioned in the pre-transfer individual complaints?").

Given this precedent identified by the Court and the ever-growing complexity of this case, Defendants respectfully submit that they should be permitted to know now what "*legally operative*," *id.* at 592 (emphasis in original), complaint or complaint(s) exist against them. That result would be fully consistent with the Manual for Complex Litigation's guidance that at the outset of filing a consolidated complaint, "the court and parties should take care to ensure a common understanding of the document's intent and significance—that is, whether it is being used as a device simply to facilitate ease of the docket's administration, or whether the filing in the transferee district constitutes the inception of a new 'case or controversy' in that district thereby superseding and rendering moot the pending separate actions that had been transferred to that district for pretrial proceedings by the Panel under section 1407." MANUAL FOR COMPLEX LITIGATION 224 n.668 (4th ed. 2004).

## IV.    CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to Amend at this time or, at a minimum, deny leave to amend the identified underlying class action complaints.

Dated: January 5, 2021                    Respectfully submitted,

                                          By: */s/ Seth A. Goldberg*
                                              Seth A. Goldberg, Esq.
                                              *Lead Counsel and Liaison*
                                              *Counsel for Defendants*

                                          DUANE MORRIS LLP
                                          Seth A. Goldberg, *Lead Counsel and*
                                          *Liaison Counsel for Defendants*
                                          Jessica Priselac
                                          Barbara A. Schwartz
                                          30 South 17th Street
                                          Philadelphia, Pennsylvania 19103
                                          Tel.: (215) 979-1000
                                          Fax: (215) 979-1020
                                          SAGoldberg@duanemorris.com
                                          JPriselac@duanemorris.com
                                          BASchwartz@duanemorris.com

                                              *Attorneys for Zhejiang Huahai*
                                              *Pharmaceutical Co, Ltd.,*
                                              *Huahai U.S., Inc.,  Prinston*
                                              *Pharmaceutical Inc., and Solco*
                                              *Healthcare US, LLC*

                                          PIETRAGALLO GORDON
                                          ALFANO BOSICK &
                                          RASPANTI, LLP
                                          Clem C. Trischler
                                          Jason M. Reefer
                                          38th Floor, One Oxford Centre
                                          Pittsburgh, Pennsylvania 15219
                                          Tel: (412) 263-2000
                                          Fax: (412) 263-2001
                                          CCT@PIETRAGALLO.com

                                              *Attorneys for Mylan*
                                              *Laboratories,*

*Ltd. and Mylan
Pharmaceuticals, Inc.*

GREENBERG TRAURIG, LLP
Lori G. Cohen, *Lead Counsel for
Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Rd., NE,
Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive,
Suite 3100
Chicago, Illinois 60601
Tel: (312) 476-5056
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, Pennsylvania
Tel: (215) 988-7864
Fax: (214) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva
Pharmaceuticals USA, Inc.,
Teva Pharmaceutical Industries
Ltd., Actavis LLC, and Actavis*

*Pharma, Inc.*

KIRKLAND & ELLIS LLP
Devora W. Allon
Alexia R. Brancato
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-5967
Fax: (212) 446-6460
devora.allon@kirkland.com

*Attorneys for Torrent Pharmaceuticals Ltd.*

BARNES & THORNBURG LLP
Sarah E. Johnston, *Liaison Counsel for Retailer Defendants*
Kara Kapke
Kristen L. Richer
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Tel: (310) 284-3798
Fax: (310) 284-3894
Sarah.Johnston@btlaw.com
Kara.Kapke@btlaw.com
Kristen.Richer@btlaw.com

*Counsel for CVS Pharmacy, Inc. (incorrectly named as CVS Health Corporation)*

ULMER & BERNE LLP
Jeffrey D. Geoppinger, *Liaison Counsel for Wholesaler Defendants*
600 Vine Street, Suite 2800
Cincinnati, OH 45202-2409
Tel.: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ulmer.com

14

*Attorneys for AmerisourceBergen Corporation*

CROWELL & MORING
Andrew D. Kaplan
1000 Pennsylvania Avenue NW
Washington., D.C. 20004
Tel.: (202)624-1000
Fax: (202) 628-5116
akaplan@crowell.com

*Counsel for Cardinal Health Inc.*

NORTON ROSE
FULBRIGHT US LLP
D'Lesli M. Davis
Ellie K. Norris
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Tel: (214) 855-8221
Fax: (214) 855-8200
dlesli.davis@nortonrosefulbright.com
ellie.norris@nortonrosefulbright.com

*Counsel for McKesson Corporation*