# EXHIBIT I

| | |
|---|---|
| **From:** | David J. Stanoch <d.stanoch@kanner-law.com> |
| **Sent:** | Thursday, January 7, 2021 4:58 PM |
| **To:** | Jessica Heinz |
| **Cc:** | Valsartan PEC |
| **Subject:** | Valsartan -- Defense Letters re Class Plaintiffs' Written Discovery Responses |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Jessica,
This email responds to your two letters of December 30, 2020 concerning the Economic Loss Consumer and Medical Monitoring Plaintiffs' Responses and Objections to Defendants' First Sets of Document Requests.

Your assertion that Plaintiffs have violated CMO No. 21 by asserting that they would not produce privileged documents is incorrect, internally inconsistent, and borderline frivolous. First, every single party in this litigation has asserted "preliminary statements," "reservations of rights," or "objections" to producing privileged documents. There is nothing improper or controversial with Plaintiffs' statement – whether characterized as an objection or not – that they will not produce privileged documents.

Second, as you own letters acknowledge, Defendants' document requests do *not* call for privileged documents. As privileged documents are not even called for, Plaintiffs are not "improperly" withholding anything in this regard, because any such privileged documents that might exist are not responsive. Plaintiffs will not be producing privileged documents if any exist. Nor will Plaintiffs be producing privilege logs, because as you concede privileged documents are not responsive and, therefore, are not being withheld.

Third, we note that the ESI Protocol provides that "documents comprising attorney client communications and/or attorney work product relating solely to the defense of this litigation, and solely between outside counsel or outside counsel and in-house counsel, and dated after the start of the litigation, need not be included on a privilege log." A similar accommodation should exist for privileged communications as between Plaintiffs and their counsel in the event any privileged documents are ever called for and exist.

Finally, as to Economic Loss Consumer Plaintiffs' response to Request No. 7, they are not withholding any responsive documents. As stated in the response, Plaintiffs have already produced all responsive non-privileged documents, if any, in their possession.

Regards,
Dave


David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
www.kanner-law.com