# Exhibit L

Case 1:19-md-02875-RMB-SAK   Document 731-12   Filed 01/12/21   Page 2 of 5 PageID: 19379

Masimo Corporation v. Mindray DS USA, Inc., Not Reported in Fed. Supp. (2014)
2014 WL 12589321

2014 WL 12589321
Only the Westlaw citation is currently available.
United States District Court, C.D. California, Southern Division.

MASIMO CORPORATION, Plaintiff,
v.
MINDRAY DS USA, INC., et al., Defendants.

Case No.: SACV 12-02206-CJC(JPRx)
|
Signed 05/28/2014

**Attorneys and Law Firms**

Brian C. Horne, Karen V. Weil, Mark D. Kachner, Knobbe Martens Olson and Bear LLP, Los Angeles, CA, Adam Powell, Knobbe Martens Olson and Bear LLP, San Diego, CA, Irfan A. Lateef, Jon W. Gurka, Joseph R. Re, Michael C. Lee, Nicholas Andrew Belair, Perry D. Oldham, Stephen W. Larson, Knobbe Martens Olson and Bear LLP, Irvine, CA, Michael J. Stephan, Hueston Hennigan LLP, Newport Beach, CA, for Plaintiff.

Ary Chang, Justin E. Gray, Nicola A. Pisano, Jose L. Patino, Scott Adam Penner, Shawn E. McDonald, Foley and Lardner LLP, David Benjamin West, Caldarelli Hejmanowski and Page LLP, San Diego, CA, Pooja Nair, Foley and Lardner LLP, Lara J. Dueppen, Perkins Coie LLP, Los Angeles, CA, Connor A. Sabatino, Foley and Lardner LLP, Madison, WI, Elizabeth A. N. Haas, James T. McKeown, Foley and Lardner LLP, Milwaukee, WI, Francis J. Burke, Jr., Michael A. Naranjo, Foley and Lardner LLP, San Francisco, CA, Jonathan M. James, Perkins Coie LLP, Phoenix, AZ, Lori A. Rubin, Foley and Lardner LLP, Washington, DC, for Defendants.

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 15, 2014 ORDER, OR IN THE ALTERNATIVE, FOR REVIEW OF THE MAGISTRATE JUDGE'S APRIL 16, 2014 ORDER**

CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

**\*1** Shenzhen Mindray asks the Court to review Magistrate Judge Rosenbluth's March 16 order denying its *ex parte* application for a partial stay of the magistrate's March 6 discovery order (Dkt. No. 119 ["March 6 Order"] ), or in the alternative, for reconsideration of this Court's April 15 order denying Shenzhen Mindray's motion for review of the magistrate judge's March 6 order. Shenzhen Mindray's motion is **DENIED**.[1]

**II. BACKGROUND**

On March 6, 2014, Judge Rosenbluth granted Masimo's motion to compel production of Shenzhen Mindray's source code, and ordered Shenzhen Mindray to comply with the order by April 14, 2014. (March 6 Order.) The order was issued after a lengthy hearing at which Judge Rosenbluth considered, as relevant here, both parties' arguments regarding Shenzhen Mindray's assertion that its source code is protected from disclosure under Chinese state secrecy law. (*See* Dkt. No. 122 ["March 6 Hearing Tr."] at 64:16–72:11.) Judge Rosenbluth rejected Shenzhen Mindray's claim, noting that it had not provided her anything beyond its own speculative arguments to substantiate the claim that disclosing the source code in discovery would violate Chinese law. (*Id.*) However, Judge Rosenbluth provided that if Shenzhen Mindray could return to her before April 14 with "something real from the Chinese government that says, ... X, Y, and Z are state secrets," she would consider amending her order. (*Id.* at 70:12–71:3.)

Shenzhen Mindray moved this Court to review Judge Rosenbluth's March 6 Order. (Dkt. No. 125.) On April 10, 2014, Shenzhen Mindray submitted a supplemental reply to its motion, informing the Court that Shenzhen Food and Drug Agency ("SFDA") had issued an order that the source code constituted "state secrets covered by" four Chinese laws.[2] (Dkt. No. 145.) Then, on April 11, 2014, Shenzhen Mindray submitted an *ex parte* application to Judge Rosenbluth to inform her of the SFDA order and seek a stay of the production deadline imposed by her March 6 Order. (Dkt. No. 148.)

The Court declined Shenzhen Mindray's motion on April 15, 2014, stating that the initial determination of whether the March 6 Order should be amended based on the SFDA Order should be made by Judge Rosenbluth. (Dkt. No. 152.) Then, on April 16, 2014, Judge Rosenbluth denied Shenzhen

Case 1:19-md-02875-RMB-SAK   Document 731-12   Filed 01/12/21   Page 3 of 5 PageID: 19380

*Masimo Corporation v. Mindray DS USA, Inc.*, Not Reported in Fed. Supp. (2014)
2014 WL 12589321

Mindray's *ex parte* application. (Dkt. No. 153 ["April 16 Order"].) In her order, Judge Rosenbluth noted that Shenzhen Mindray was at fault for creating the crisis that required *ex parte* relief because it had "repeatedly delayed submitting the [source code] to the Chinese authorities for determination of whether they constitute state secrets." (*Id.*) Moreover, Judge Rosenbluth stated that Shenzhen Mindray was not entitled to relief because it had still failed to comply with her directive to return with some "real" indication from the Chinese government that the source code was a state secret. (*Id.* at 3.) In reaching that conclusion, Judge Rosenbluth found that Shenzhen Mindray had apparently still "not submitted the documents to the Chinese government for review, in contravention of what it itself stated was the necessary procedure," and that the letter that Shenzhen Mindray had submitted to the SFDA seeking evaluation of whether the source code is in fact a state secret was "a piece of advocacy and in some instances inaccurate." (*Id.*)

### III. ANALYSIS

**\*2** A magistrate judge has the authority to resolve and issue orders on nondispositive pretrial matters, including issues related to discovery. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); Local Rule 72-2.1; *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). The district judge in the case must consider timely objections to a magistrate's order and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (the district judge may reconsider a magistrate's order that is "clearly erroneous or contrary to law"). The clearly erroneous standard means that the district court must accept the magistrate's decision unless the district court is left with the "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (citing *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). If the magistrate's account of the evidence is plausible in light of the record viewed in its entirety, the district court may not reverse it even though convinced that it would have weighed the evidence differently. *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985); *Phoenix Eng'g & Supply v. Universal Elec. Co., Inc.*, 104 F.3d 1137, 1141 (9th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Defazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y 2006) (citation and quotes omitted).

To finally resolve this protracted discovery dispute in as clear a manner as possible, the Court begins, simply, by answering the question whether Magistrate Judge Rosenbluth's March 6 Order was clearly erroneous or contrary to law. It was not. Where a party seeks to rely on foreign law to prevent production of discoverable information, that party "has the burden of showing such law bars production." *United States v. Vetco, Inc.*, 691 F.2d 1281, 1288 (9th Cir.), *cert. denied*, 454 U.S. 1098 (1981). "If the party [seeking to bar production] fails to produce evidence in support, then he fails to meet his burden on the comity issue, and the district court need not consider it." *In re Grand Jury Proceedings (Marsoner)*, 40 F.3d 959, 964 (9th Cir. 1994). Even where foreign law prohibits disclosure of requested information, an American court retains the power to "order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 544 n.29 (1987). In making this determination, the court considers five general factors, including (1) the importance to the litigation of the requested information, (2) the specificity of the request, (3) the origin and location of the information, (4) the availability of alternative means to secure the information, and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the foreign state where the information is located. *See Richmark Corp v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992) (citing Restatement (Third) of Foreign Relations Law § 442(1)(c)).

Contrary to Shenzhen Mindray's assertions otherwise, at the hearing on March 6, Judge Rosenbluth conducted as thorough a comity analysis as necessary given the circumstances. Judge Rosenbluth clearly recognized *Richmark* as the applicable law, and endeavored to determine whether the Chinese government had any interest in the source code. (March 6 Hearing Tr. at 64:16–65:9.) Judge Rosenbluth specifically noted that a key factor in the *Richmark* analysis was whether the foreign government had shown any interest in protecting the information at issue, and determined that here, no such interest had been shown. (*Id.* at 71:21–72:3.) Given that Shenzhen Mindray had produced no actual indication from the Chinese government that the source code was a state secret, and instead relied on its own assertion that it might be, that determination was not incorrect. (*Id.* at 68:13–22; 71:8–72:10.) There was scant evidence available that there were competing national interests to balance, and to the extent that there were such interests, Shenzhen Mindray's showing of the Chinese government's interest was so minimal that it would clearly have been overwhelmed by the United States'

Case 1:19-md-02875-RMB-SAK   Document 731-12   Filed 01/12/21   Page 4 of 5 PageID: 19381

Masimo Corporation v. Mindray DS USA, Inc., Not Reported in Fed. Supp. (2014)

2014 WL 12589321

competing interest in "vindicating the rights of American plaintiffs." See Richmark, 959 F.2d at 1477; see also (Dkt. No. 111-4, Exh. D ["Liu Decl."] (asserting Shenzhen Mindray's position that there is a reasonable basis to believe that *some* Shenzhen Mindray documents might contain Chinese state secrets, but providing no indication as to which documents might be covered or why the declarant believed them to be covered).)

**\*3** Judge Rosenbluth's April 16 Order denying Shenzhen Mindray's *ex parte* application to stay the March 6 Order was similarly not clearly erroneous or contrary to law. Judge Rosenbluth applied the correct legal standard, that relief should be granted only where the moving party is not itself at fault for causing the need for emergency relief. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492–93 (C.D. Cal. 1995). Judge Rosenbluth found that based on Shenzhen Mindray's litigation conduct, including not actually submitting any source code to Chinese government authorities for a determination whether it was considered a state secret, even though it knew at least as early as February 2014 that such a determination would be needed, Shenzhen Mindray caused the need for *ex parte* relief.[3] That determination was not clearly erroneous, and the Court declines to set it aside now. As Judge Rosenbluth correctly found, Shenzhen Mindray could have made an effort to present actual evidence that the Chinese government considered its source code to be a state secret prior to the March 6 hearing and order, or at the very least, could have made a good faith attempt to do so. That it did not do so then, but claims to have evidence to support its position now, does not mean that Judge Rosenbluth committed error.

Indeed, had Judge Rosenbluth conducted a new analysis of the *Richmark* factors in light of the SFDA Order and still denied Shenzhen Mindray's application, the Court would uphold her order. The SFDA Order does give some indication that the Chinese government has an interest in keeping secret the Shenzhen Mindray source code, but that interest does not overcome the United States' interest in vindicating the rights of American plaintiffs, or the other *Richmark* factors favoring disclosure.

First, even presuming the validity of the SFDA Order, and recognizing that "every foreign state has strong interests in enforcing its secrecy laws," that interest is diminished where the court has entered a protective order preventing disclosure of the secret information. See In re Air Crash, 211 F.R.D. 374, 378–79 (C.D. Cal. 2002); Vetco, Inc., 691 F.2d at 1289 (finding that a foreign government's interest in secrecy is diminished when the party seeking records is required to keep them confidential). In contrast, the United States' interest in "vindicating the rights of American plaintiffs" remains substantial. At best then, the first and most important factor, requiring a balance of national interests, is neutral. Then, as to the necessity of the secret information to the lawsuit at hand, Judge Rosenbluth found, and the Court agrees, that given the nature of the patents asserted, access to the source code is substantially necessary to proving Masimo's claim. That factor therefore weighs strongly in Masimo's favor. Similarly, as to whether there are other means for Masimo to obtain the necessary information, there seems to be no disagreement that no such means exist, again militating in favor of disclosure.

As to the burden on the opposing party imposed by production, Shenzhen Mindray argues that disclosure could subject it to criminal sanction in China, a certainly "weighty excuse" for nonproduction. See Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 211 (1958). However, it has presented no evidence regarding the extent to which the Chinese government enforces its secrecy laws, or the likelihood that any *criminal* as opposed to only civil or administrative penalties will be issued, making that factor similarly less persuasive in its favor.[4] See In re Air Crash, 211 F.R.D. at 379 (citing In re Grand Jury Proceedings, 873 F.2d at 240, for the proposition that a party who fails to demonstrate what action the foreign government might take in response to compliance with a discovery order does not meet its burden). The only *Richmark* factor then that substantially supports Shenzhen Mindray's opposition to disclosure is that the source code is located in China. However, that fact alone is not enough to meet Shenzhen Mindray's burden of showing that the source code should not be disclosed as a result of the invocation of Chinese secrecy law.

**\*4** Finally, substantially for reasons already outlined above, the Court declines to reconsider its March 15 Order denying Shenzhen Mindray's motion to review Judge Rosenbluth's March 6 Order—the previous determination upholding Judge Rosenbluth's March 6 Order was correct. Reconsideration is only appropriate if: (1) the court is presented with newly discovered, previously unavailable, evidence; (2) the court committed a clear error of law and the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). None of these conditions are satisfied here, and in any event, as noted

Case 1:19-md-02875-RMB-SAK   Document 731-12   Filed 01/12/21   Page 5 of 5 PageID: 19382

*Masimo Corporation v. Mindray DS USA, Inc.*, Not Reported in Fed. Supp. (2014)
2014 WL 12589321

above, even consideration of the untimely SFDA Order would not require a different result.

**IV. CONCLUSION**

For the foregoing reasons, Shenzhen Mindray's motion is **DENIED**.

**All Citations**

Not Reported in Fed. Supp., 2014 WL 12589321

Footnotes

1     Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 2, 2014 at 1:30 p.m. is hereby vacated and off calendar.

2     Shenzhen Mindray has since submitted a different translation of the document showing that in fact, the SFDA considered the source code to be "confidential information covered by" four Chinese laws, not "state secrets." (*See* Dkt. No. 164-2, Exh. G ["SFDA Order"].)

3     Notably, this Court had previously also denied a similar *ex parte* request by Shenzhen Mindray to set aside Judge Rosebluth's March 6 Order, on the ground that "Shenzhen Mindray is not blameless in creating [the] harm." (Dkt. No. 129 at 2.) In fact, the record indicates that Shenzhen Mindray did not even contact Chinese authorities about the discovery dispute over its source code until several days after the Court denied its *ex parte* request, and even then, as Judge Rosenbluth found, it did not actually submit the source code in question for review.

4     This is particularly relevant because Chinese law appears to provide that "[t]hose who divulge confidential level state secrets and those with minor circumstances shall, upon discretion, be exempted of or be given lighter administrative punishments." (Dkt. 164-2, Exh. J ["Implementation Measures for the Law of the People's Republic of China on Guarding State Secrets"] at 6.) As Shenzhen Mindray's translation of the SFDA Order shows, the source code at issue appears to be considered "confidential" information by the Chinese government. (SFDA Order.) While the Court does not profess to be expert in Chinese law, the point here is that the evidence Shenzhen Mindray has submitted does not necessarily support the proposition that criminal sanctions will befall the company or its agents as a result of compliance with the production order. Chinese law clearly allows for disclosure of confidential information in certain circumstances. No evidence has been presented to suggest that this cannot be one of those circumstances.

---

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.