# Exhibit O

Case 1:19-md-02875-RMB-SAK   Document 731-15   Filed 01/12/21   Page 2 of 6 PageID: 19409

Edwards v. City of Bossier City, Not Reported in Fed. Supp. (2016)
2016 WL 3951216

2016 WL 3951216
Only the Westlaw citation is currently available.
United States District Court, W.D. Louisiana.

Brandon EDWARDS
v.
The CITY OF BOSSIER CITY, et al.

CIVIL ACTION NO. 15-1822
|
Signed 07/20/2016

**Attorneys and Law Firms**

Pamela R. Jones, Downer Huguet & Wilhite, Shreveport, LA, for Brandon Edwards.

Kenneth Mascagni, Cook Yancey et al., Shreveport, LA, for the City of Bossier City, et al.

**MEMORANDUM ORDER**

Karen L. Hayes, United States Magistrate Judge

 **\*1**  Before the undersigned Magistrate Judge, on reference from the District Court, is a "Rule 37 Motion" [doc. # 17] filed by defendants the City of Bossier City and Keith Hardin. The motion is opposed. [doc. # 19]. For reasons assigned below, the motion is GRANTED IN PART and DENIED IN PART.[1]

**Background**

On June 8, 2015, Brandon Edwards filed the instant civil rights action under 42 U.S.C. § 1983 against the City of Bossier City and one of its police officers, Keith Hardin. Edwards alleges that on August 10, 2014, Officer Hardin applied excessive and unnecessary force while arresting Edwards, when he repeatedly struck Edwards in the head with a metal impact weapon, and thereafter continuously pressed Edwards' head against the floor, despite the fact that Edwards already was restrained by other officers. Edwards seeks recovery under federal and state law for the compensatory damages, plus punitive damages and attorney's fees.

After the parties' Rule 26(f) conference, defendants served plaintiff on August 27, 2015, with the following written discovery requests (amongst others),

Request for Production No. 8:

Please produce for inspection and copying any and all reports, correspondence, emails, texts, facebook (or other social media site) entries and other materials reflecting any statements, representations or comments by Brandon Edwards (either directly or indirectly) regarding the Incident and the events of August 10, 2014.

Request for Production No. 8.1:

Please produce for inspection and copying any and all reports, correspondence, emails, texts, facebook (or other social media site) entries and other materials reflecting any injuries to Brandon Edwards.

Request for Production No. 12:

Please execute the attached Medical Releases and provide same.

Interrogatory Number 1:

As to medical treatment in the last 7 years, please provide the name and address of each physician, chiropractor, therapist, counselor, and health care provider who has treated you and/or who is presently treating you (along with the conditions and/or injuries being treated by each), as well as the identity of each hospital, clinic and emergency room where you have been treated.

(Defs. Reqs. for Production; Rule 37 Motion, Exh. A).

On September 8, 2015, defendants served plaintiff with supplemental written discovery requests that sought entire copies of plaintiff's Facebook, Instagram, and Twitter pages from the date of his August 2014 arrest, until the present. (Suppl. Reqs. for Prod. Nos. 14-16; Rule 37 Motion, Exh. B).

On October 20, 2015, plaintiff responded to the initial requests for production, as follows,

Response to Request for Production No. 8:

 **\*2**  None.

Response to Request for Production No. 8.1:

Please see medical reports, Bates Numbered 1-31; and documents 44-49, previously produced.

Case 1:19-md-02875-RMB-SAK   Document 731-15   Filed 01/12/21   Page 3 of 6 PageID: 19410

Edwards v. City of Bossier City, Not Reported in Fed. Supp. (2016)
2016 WL 3951216

Response to Request for Production No. 12:

Objection. Plaintiff will not sign a blank authorization.

Answer to Interrogatory Number 1:

[Plaintiff listed four facilities in Shreveport along with the condition for which he was treated in each instance. None of the injuries appear to be related to the incident at issue]. (Pl. Resp. to Defs. Reqs. for Prod.; Rule 37 Motion, Exh. C).

On October 20, 2015, plaintiff also served defendants with his responses to defendants' supplemental requests for production, to which he interposed objections, asserting that the information sought was overly broad and an unreasonable invasion of his privacy. (Pl. Res. to Suppl. Reqs. for Prod. Nos. 14-16; Rule 37 Motion, Exh. E). Thus, defense counsel promptly offered to limit its Requests Nos. 14-16 to information that relates to: (1) plaintiff's arrest; (2) plaintiff's contact with the Bossier City Police Department; (3) the arrest of others on August 10, 2014; (4) plaintiff's employment and departure from the Shreveport Fire Department; and (5) comments or depictions regarding law enforcement and/or their practices. (Oct. 20, 2015, Letter from defense counsel to plaintiff's counsel; Rule 37 Motion, Exh. F).

On November 4, 2015, defense counsel wrote to plaintiff's counsel outlining various deficiencies in plaintiff's discovery responses, including plaintiff's failure to execute the medical releases. (Nov. 4, 2015, Letter from Mascagni to Jones; Rule 37 Motion, Exh. G).[2]

On January 7, 2016, defendants took plaintiff's deposition. (Edwards Depo.; Rule 37 Motion Exh. D). During the deposition, plaintiff stated that he recently had tried to contact a potential witness via Facebook message. *Id*., pg. 21. Plaintiff further stated that he did not go to a standard pharmacy to fill prescriptions. *Id*., pg. 174. He admitted, however, that the sole source of any prescriptions for headaches would be Dr. Kumar. *Id.* He further explained that his initial medical visit following the August 10, 2014, incident was to a "Work Kare doctor," on a single occasion. *Id*., pgs. 177-178.

Following plaintiff's deposition, defense counsel asked plaintiff's counsel to provide him with the name of the healthcare provider that plaintiff saw after the accident. (Jan. 13, 2016, Letter from defense counsel to plaintiff's counsel; Rule 37 Motion, Exh. H). On February 2, 2016, defense counsel reiterated to plaintiff's counsel that defendants needed the identities of the healthcare providers after the arrest, plus all medical records referenced in defendants' 2015 discovery requests. (Feb. 2, 2016, E-mail from Mascagni to Jones; Rule 37 Motion, Exh. I).

On February 12, 2016, defense counsel proceeded to issue subpoenas duces tecum to six Work Kare or Quick Care facilities in the Shreveport area, plus at least five other healthcare providers. (Subpoenas; Rule 37 Motion, Exh. J). Ultimately, Willis-Knighton Urgent Care Center-South was the facility that produced records for plaintiff's post-incident treatment. *See* Records; Rule 37 Motion, Exh. L.

**\*3** Almost four months later, on June 6, 2016, defendants filed the instant motion for an order requiring plaintiff: 1) to produce all social media posts, as outlined in defense counsel's October 20, 2015, letter; 2) to produce a complete list of healthcare providers who have treated plaintiff in the last seven years (and their contact information), including those who have treated plaintiff for the injuries that formed the basis for the instant suit; and 3) to reimburse defendants for the cost of subpoenaing plaintiff's medical records, including the process server.

On June 28, 2016, plaintiff filed his opposition to the motion to compel. He explained that he provided defendants with a complete list of his healthcare providers, which he identified in his initial disclosures, together with copies of the reports and billing records, from which their addresses may be gleaned. [doc. # 19]. He further explained that he could not recall the precise location where he received treatment after the accident because he was suffering from concussion. Plaintiff maintained that he was not obliged to sign an authorization for release of medical records.

As for the social media postings, plaintiff explained that the message he posted to a prospective witness requesting the witness's contact information was not a social media post about the incident. He added that, with the exception of any comments about law enforcement or their practices, defendants' Request No. 8 was broad enough to encompass Requests Nos. 14-16, to which plaintiff previously responded there were "none." However, plaintiff objected to any social media posts regarding law enforcement or their practices because the request was overly broad and irrelevant.

Defendants did not file a reply brief, and the time to do so has lapsed. (Notice of Motion Setting [doc. # 18] ). Accordingly, the matter is ripe.

Case 1:19-md-02875-RMB-SAK   Document 731-15   Filed 01/12/21   Page 4 of 6 PageID: 19411

Edwards v. City of Bossier City, Not Reported in Fed. Supp. (2016)
2016 WL 3951216

## Law

Rule 34 of the Federal Rules of Civil Procedure provides that "a party may serve on any other party a request within the scope of Rule 26(b) ... to produce ... any designated documents or electronically stored information ... or any designated tangible things" that are within the "party's possession, custody, or control ..." Fed.R.Civ.P. 34(a)(1)(A) & (B).[3]

Rule 34's definition of "possession, custody, or control," includes more than actual possession or control of the materials; it also contemplates a party's "legal right or practical ability to obtain the materials from a nonparty to the action." *White v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 3423388 (M.D. La. Aug. 4, 2011) (citations omitted). A party must "make a reasonable search of all sources reasonably likely to contain responsive documents." *Id.* A party also is "charged with knowledge of what its agents know or what is in records available to it." *Autery v. SmithKline Beecham Corp.*, 2010 WL 1489968 (W.D. La. Aug. 4, 2011) (citation omitted).

**\*4** Rule 26 further provides that,

[a] party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:

**(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

**(B)** as ordered by the court.
Fed.R.Civ.P. 26(e)(1).

A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed ..." *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citations omitted). In other words, to escape the production requirement, a responding party must interpose a valid objection to each contested discovery request. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted). Conclusory objections that the requested discovery is "overly broad," "burdensome," "oppressive," and "irrelevant," do not suffice. *Id.*

A party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents for inspection. *See* Fed.R.Civ.P. 37(a)(3)(B). An evasive or incomplete response is treated as a failure to respond. Fed.R.Civ.P. 37(a)(4).

## Analysis

**a) Plaintiff's Medical Records**
Defendants seek an order compelling plaintiff to produce a complete list of his healthcare providers, including pharmacies, for the last seven years. In his opposition brief, plaintiff argues that he provided defendants with a "complete list of healthcare providers." (Pl. Opp. Memo., pg. 2). He then referenced his initial disclosures, in which he identified three physicians who (apparently) treated plaintiff for injuries related to the accident, together with copies of their medical and billing records. (Pl. Init. Discl.; Rule 37 Motion, Exh. K). Plaintiff, however, omitted these physicians from his response to Interrogatory No. 1. Moreover, he also did not include Willis-Knighton Urgent Care Center-South facility where he treated after the accident or any pharmacies where he filled his prescriptions.

Accordingly, within the next 14 days from the date of this order, plaintiff shall supplement his response to Interrogatory No. 1 to include a complete list of his healthcare providers (including pharmacies, if identifiable after reasonable investigation), and their addresses, for the past seven years.

**b) Reimbursement for Costs to Subpoena Medical Records**
Defendants allege that because plaintiff refused to execute medical releases, they had to incur the expense of subpoenaing his medical records. They now seek reimbursement. However, the court finds no evidence of bad faith by plaintiff. In his initial disclosures, plaintiff provided defendants with copies of the incident-related medical records. Moreover, because of his concussion, he did not recall the precise name of the facility where he initially sought medical treatment after the incident.

Case 1:19-md-02875-RMB-SAK   Document 731-15   Filed 01/12/21   Page 5 of 6 PageID: 19412

Edwards v. City of Bossier City, Not Reported in Fed. Supp. (2016)
2016 WL 3951216

**\*5** If defendants were dissatisfied with plaintiff's discovery responses, they could have filed a motion to compel plaintiff to identify all providers, and for him to either produce copies of *all* his medical records or otherwise execute releases directed to each provider.[4] Instead, defendants resorted to self-help via Rule 45. While the Rules ostensibly authorize this course of action, defendants have not identified any source to support their claim for reimbursement of the attendant costs, either under rule 45, or as a discovery sanction where, as here, plaintiff made at least some effort to identify medical providers and to provide defendants with copies of those medical records. Accordingly, the court will not order reimbursement.[5]

**c) Social Media**

Pursuant to Requests for Production Nos. 8, 14, 15, and 16, as limited by counsel's October 20, 2015, correspondence, defendants seek plaintiff's social media posts from August 10, 2014, until the present, that pertain to: (1) plaintiff's arrest; (2) his contact with the Bossier City Police Department; (3) the arrest of others on August 10, 2014; (4) plaintiff's employment and departure from the Shreveport Fire Department; and (5) comments or depictions regarding law enforcement and/or their practices. (Oct. 20, 2015, Letter from defense counsel to plaintiff's counsel; Rule 37 Motion, Exh. F).

Although plaintiff initially objected to Requests 14-16 as overly broad and an unreasonable invasion of his privacy, he now contends that, as limited, he has no responsive Facebook or social media content for Categories (1)-(4), above, which is reflected in his response to Request No. 8.

Plaintiff maintains, however, that Category (5) is overly broad and irrelevant. The court disagrees. Plaintiff's comments about law enforcement and their practices could reflect on his credibility and/or bias; the information need not be admissible at trial. Furthermore, plaintiff's conclusory assertion that the request is overbroad does not suffice to demonstrate that the production would be burdensome or excessive. The objection is overruled.

Accordingly, within the next 30 days from the date of this order, plaintiff shall make his social media postings available to his attorney so she can review them for relevance. *See Farley v. Callais & Sons LLC,* Civ. Action No. 14-2550, 2015 WL 4730729, at \*4 (E.D. La. Aug. 10, 2015). Within the same period, plaintiff shall provide defendants with supplemental responses to Requests Nos. 14-16, as limited by the October 20 correspondence, and Request No. 8, as needed. If there are no responsive posts for a particular request for production, then plaintiff shall so respond.

**c. Fees, Costs, and/or Expenses**

The court generally must award reasonable expenses to the prevailing party on a motion to compel. Fed.R.Civ.P. 37(a)(5). The rule authorizes exceptions, however, for non-disclosures and responses that were substantially justified, or other circumstances that make an award unjust. *Id.* Moreover, when, as here, a motion to compel is granted in part and denied in part, the court *may* apportion the reasonable expenses associated with the motion. Fed.R.Civ.P. 37(a)(5)(C).

**\*6** Considering the mixed relief obtained by movant, the court is not inclined to assess costs, expenses, and/or fees in this instance.

**Conclusion**

For the above-assigned reasons,

IT IS ORDERED that defendants' Rule 37 Motion [doc. # 17] is GRANTED IN PART, solely to the extent specified in the body of the decision.

IT IS FURTHER ORDERED that the motion and any request for costs and/or fees [doc. # 17] is DENIED.

In Chambers, at Monroe, Louisiana, this 20th day of July 2016.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 3951216

Footnotes

Case 1:19-md-02875-RMB-SAK     Document 731-15     Filed 01/12/21     Page 6 of 6 PageID: 19413

**Edwards v. City of Bossier City, Not Reported in Fed. Supp. (2016)**
2016 WL 3951216

1     As these motions are not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

2     Attached to the letter were proposed medical releases addressed to specific healthcare providers. *Id.*

3     Under Rule 26(b),

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).

4     "A preferable procedure, following the good faith conferences with counsel required by Local and Federal Rules, might have been to file a motion to compel execution of the medical records release form." *Hingle v. Bd. of Adm'rs of Tulane Edu. Fund*, Civ. Action No. 95-134, 1995 WL 617580, at *1 (E.D. La. Oct. 19, 1995). The courts are split on whether a party may be compelled to execute a release to obtain medical records. *See Robinson v. Jackson State Univ.*, Civ. Action No. 13-0007, 2014 WL 11514968, at *2-3 (S.D. Miss. July 31, 2014) (and cases cited therein).

5     Of course, if defendants prevail on the merits, they always may petition the court to tax the subpoena expenses as costs of these proceedings. *See e.g., Lockett v. Chrysler Grp., LLC*, Civ. Action No. 10-1024, 2012 WL 274730, at *2 (N.D. Ohio Jan. 31, 2012) (awarding $6 for cost of issuing subpoena to obtain medical records). Whether or not such expenses may be assessed as costs under Rule 54 is beyond the scope of this ruling.

---

**End of Document**        © 2021 Thomson Reuters. No claim to original U.S. Government Works.