# Exhibit P

2017 WL 11552833
Only the Westlaw citation is currently available.
United States District Court, W.D. Pennsylvania, Pittsburgh.

ADAMS POINTE I, L.P., Adams Pointe II, L.P., Bayberry North Associates L.P., and; and Betters Real Estate Holdings, L.P., Individually and on Behalf of Those Similarly Situated, Plaintiffs,
v.
TRU-FLEX METAL HOSE CORP., Tru-Flex, LLC, and; and Pro-Flex LLC, Defendants,

2:16-CV-00750-CRE
|
Filed 07/14/2017

**Attorneys and Law Firms**

D. Aaron Rihn, Robert Peirce & Associates, P.C., Pittsburgh, PA, N. Scott Carpenter, Pro Hac Vice, Rebecca E. Bell-Stanton, Pro Hac Vice, Carpenter & Schumacher PC, Plano, TX, for Plaintiffs.

Ashley N. Rodgers, Thomas Pie, Jr., Daniel R. Bentz, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Pittsburgh, PA, for Defendants Tru-Flex Metal Hose Corp., Tru-Flex, LLC.

Adam L. Frankel, Pro Hac Vice, Daniel J. Offenbach, Pro Hac Vice, Thomas A. Gamache, Pro Hac Vice, Leahy, Eisenberg & Fraenkel, Ltd., Chicago, IL, Pamela V. Collis, Meyer Darragh Buckler Bebenek & Eck, Pittsburgh, PA, for Defendant Pro-Flex LLC.

MEMORANDUM AND ORDER

CYNTHIA REED EDDY, United States Magistrate Judge.

### I. INTRODUCTION

*1 Defendants Tru-Flex Metal Hose Corp. and Tru-flex, LLC (hereinafter "Defendants") filed a Motion for a Protective Order and Discovery Cost Shifting and a Brief in Support thereof. [ECF Nos. 93 and 94]. Plaintiffs have responded and likewise submitted a brief in support of their position. [ECF Nos. 96 and 97]. The court has reviewed and considered the parties submissions and the matter is ripe for decision.

### II. BACKGROUND

In this case, Plaintiffs allege, *inter alia*, that Defendants jointly engaged in deceptive marketing and sales tactics and misrepresentation of the quality of goods arising from a known product defect of yellow-jacketed corrugated stainless steel tubing used in construction, including residential housing. The Plaintiffs propose a nation-wide class consisting of those person or entities who own real property in the United States in which the alleged defective tubing was installed. The parties anticipated that much of the discovery in this case would involve electronically stored information ("ESI") and entered into a Stipulated Order Regarding ESI which was approved by the court. [ECF Nos. 65 and 66]. The parties have agreed to engage in bifurcated discovery, with class discovery to occur in Phase I and fact discovery to occur in Phase II. Numerous discovery disputes have arisen, including the present one, which the parties could not come to an agreement on.

Generally, Defendants hired an outside vendor to conduct ESI in response to Plaintiffs' discovery requests. The parties have agreed to run a five-term layered search of Defendants' non-video data files.[1] Defendants assert that the search budget will cost approximately $97,000, that they have already paid an outside ESI vendor $41,000 of the $97,000 estimated budget to conduct discovery, and that the primary search of 6,500 documents only resulted in 630 documents being identified as responsive to Plaintiff's discovery requests. Defendants assert that they still have to review approximately 51,000 pages of documents and argue that it is unlikely that any relevant evidence will be produced from the search. Defendants now seek an order from this court to order that the Plaintiffs share in the cost of this discovery.

### III. DISCUSSION

Defendants contend that Plaintiffs should share in the expense or cost of producing Defendants' ESI and seek an order from the court requiring Plaintiffs to assume part of the cost of the ESI discovery production. For the reasons that follow, Defendants' motion is denied.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case[.]" District courts have broad discretion to manage discovery. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995).

**\*2** While there is a strong presumption that each party to a lawsuit must bear its own discovery costs, the Federal Rules of Civil Procedure have long allowed a district court to shift the cost of pretrial discovery. *Oppenheimer Fund, Inc. v. Sanders*, 98 S.Ct. 2380, 2393, 437 U.S. 340, 358 (U.S. 1978) ("the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery."). The party seeking cost-sharing for discovery bears the burden of proof. *Zeller v. South Cent. Emergency Medical Services, Inc.*, 2014 WL 2094340, at \*8 (M.D. Pa. May 20, 2014)

Rule 26(b)(2)(B), which specifically addresses limitations placed on ESI, provides:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or costs. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause [.] ...

Fed. R. Civ. P. 26(b)(2)(B). Courts have interpreted Rule 26(b)(2)(B) finding that "[t]he obvious negative corollary of this rule is that accessible data must be produced at the cost of the producing party; cost-shifting does not even become a possibility unless there is first a showing of inaccessibility." *Peskoff v. Faber*, 244 F.R.D. 54, 62 (D.D.C. 2007). *See also Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 284 (S.D.N.Y. 2003) ("It is worth emphasizing again that cost-shifting is potentially appropriate only when inaccessible data is sought. When a discovery request seeks accessible data—for example, active on-line or near-line data—it is typically inappropriate to consider cost-shifting."); *Zeller v. South Cent. Emergency Medical Services, Inc.*, 2014 WL 2094340, at \*9 (M.D. Pa. May 20, 2014) (explaining *Peskoff* and *Zubulake, supra*); *Cochran v. Caldera Medical, Inc.*, 2014 WL 1608664, at \*2 (E.D. Pa. April 22, 2014) (same). Therefore, a party is not "relieved of its obligation to produce accessible data merely because it may take time and effort to find what is necessary." *Peskoff*, 244 F.R.D. at 62. *But see*

Shira A. Scheindlin & Daniel J. Capa, Electronic Discovery and Digital Evidence 314 (2009) ("[c]ost-shifting is available even for accessible data based on the proportionality factors set forth in Rule 26(b)(2)(C)").

Defendants represent that they have completed an initial ESI search which has a budget of $97,000 and that to date, Defendants' initial search has produced 51,000 pages of potentially responsive documents and have expended $41,000 for that search. Defendants assert that in comparison to the documents that they have produced, Plaintiffs have produced 1039 documents. Defendants argue that pursuant to Fed. R. Civ. P. 26, "a party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of under burden or cost." They assert that the cost of the ESI production is an unreasonable burden. Plaintiffs respond, *inter alia*, that they have served forty-two requests for production on Defendants, none of which are alleged by Defendants to be irrelevant, the twelve named plaintiffs' damages are expected to exceed $2,500,000 as stand-alone claims and should the class be certified, the damages are expected to be in the tens of millions of dollars, and none of the costs requested by Defendants are supported by invoice, affidavit, or other evidence.

**\*3** In the instant matter, Defendants have failed to meet their burden. Defendants have not shown that the data itself is technically inaccessible, but rather argue that the cost to access their own data, which is stored in a manner that they devised, makes the data inaccessible. In line with our sister courts, the court rejects this interpretation of "inaccessible" and instead finds that "accessible data" that is active on-line or near-line data or accessible in offline storage/archives such as the data here, is inappropriate to consider for cost-shifting.[2] *See Juster Acquisition Co., LLC v. North Hudson Sewerage Auth.*, 2013 WL 541972, at \*3 (D.N.J. Feb. 11, 2013). In the world of electronic data, thanks to search engines, any data that is retained in a machine readable format is typically accessible. *Zubulake*, 217 F.R.D. at 318. Defendants have not demonstrated that the ESI requested by Plaintiffs is inaccessible. For example, Defendants have not made any representation to this court that the data that Plaintiffs seek is not active online or near-line data or not data in offline storage or archives. Defendants have not indicated that this ESI needs to be restored or manipulated to be produced. Defendants' assertions that the estimated cost to conduct the ESI is $97,000 is unsupported by any invoice or detailed proposal outlining these costs. As stated by another court,

without an invoice or detailed proposal outlining the costs, "the court cannot determine what portion of these projected costs are attributable to retrieving accessible data, or time reviewing documents for privilege materials, both of which tasks are typically not subject to cost-sharing." *Cochran*, 2014 WL 1608667, at *2. Thus, Defendants have not met their burden of proving that cost-shifting is appropriate in this case.

Even if Defendants adequately demonstrated that the data was inaccessible, the court would not order cost-sharing for the discovery requested by Plaintiffs. The *Zubulake* court set forth a seven-factor test to determine whether discovery costs should be shifted:

(1) the extent the request is specifically tailored to discover relevant information;

(2) the availability of such information from other sources;

(3) the total cost of production, compared to the amount in controversy;

(4) the total cost of production;

(5) the relative ability of each party to control costs and its incentive to do so;

(6) the importance of the issues at stake in the litigation; and

(7) the relative benefits to the parties of obtaining the information.

216 F.R.D. at 284. District courts in the Third Circuit have adopted the seven-factor test in determining whether cost-shifting is appropriate for ESI. *See Zeller*, 2014 WL 2094340; *Juster Acquisition Co., LLC*, 2013 WL 541972; *Boeynaems*, 285 F.R.D. 331; *Wachtel v. Guardian Life Ins.*, 2007 WL 1752036 (D.N.J. June 18, 2007).

The first two factors weigh heavily in favor of Plaintiffs. Defendants argue that it performed a previous search and from that search, only 630 pages of documents out of 6,500 total returned from the search were responsive to Plaintiffs' discovery requests, and therefore the present search of 51,000 pages will likewise result in a small percentage of relevant documents. Defendants' assertion is no more than an educated guess that the search of the 51,000 pages of documents will result in a small percentage of relevant documents, as they provide no evidence to support this assertion. Further, the Defendants would have the court place emphasis on the percentage of relevant documents revealed from the search, but as Defendants admit, 630 documents were found to be relevant to Plaintiffs' requests, which is not an insignificant amount. Moreover, Defendants do not point to any request or search term that is overly broad and would unnecessarily capture irrelevant data, nor do they argue that the requests are not specifically tailored to discover relevant information. In fact, Plaintiffs' requests have led to the discovery of relevant information. Of course, an ESI search will not always result in capturing only relevant information. Moreover, Defendants are the sole holders of this information, as there is no evidence that the information that Plaintiffs seek are available from other sources. Thus, the first two factors – which are the most heavily weighted factors – weigh heavily in Plaintiffs' favor.

*4 As to factors three and four, these factors also weigh in favor of Plaintiffs. Defendants, without any affidavit or invoice from an ESI search company, assert that the cost of production will be $97,000. Plaintiffs respond that the amount in controversy for the individual action for the named Plaintiffs exceeds $2,500,000, and if the class is certified, the amount in controversy would exceed tens of millions of dollars. Given the amount in controversy compared to the cost of ESI production, these factors weigh in Plaintiffs' favor.

The remaining factors – the relative ability of each party to control costs and its incentive to do so, the importance of the issues at stake in the litigation, and the relative benefits to the parties of obtaining the information – are neutral.

For these reasons, Defendants have failed to meet their burden that cost-sharing is appropriate in this case and the following Order is entered:

AND NOW, this 14th day of July, 2017, upon consideration of Defendants' Motion for Protective Order and ESI Discovery Cost-Shifting [ECF No. 93],

IT IS HEREBY ORDERED that said motion is DENIED.

**All Citations**

Slip Copy, 2017 WL 11552833

Footnotes

1    Defendants assert that they still have to search the video files, however, it is clear that Plaintiffs agreed to forgo any search of the video files; therefore this factor will not be taken into consideration in this decision.

2    Defendant's assertion that even accessible data is subject to cost-shifting under the proportionality factors of Rule 26(b)(2)(C) is rejected. Defendant offers no evidence that the discovery that Plaintiffs seek is unreasonably cumulative or duplicative, that it can be obtained from another more convenient, less expensive or less burdensome source or that Plaintiff's discovery requests are outside of the scope permitted by Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(2)(C). Likewise, the court rejects Defendants' passing argument relying on *Boeynaems v. LA Fitness Intern., LLC*, 285 F.R.D. 331 (E.D. Pa. 2012) for the proposition that because there is asymmetry in the production of documents in this class action, that cost-sharing is appropriate. Pointing to asymmetry in the production of documents, without more, is not enough to order cost-sharing.

**End of Document**                                                                 © 2021 Thomson Reuters. No claim to original U.S. Government Works.