IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler<br>Hon. Joel Schneider<br><br>**Plaintiffs' Reply in Support of Motion for Leave to Amend** |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND CERTAIN UNDERLYING MDL CASES AND ECONOMIC LOSS MASTER COMPLAINT TO ADD CLASS REPRESENTATIVE PLAINTIFFS**

COME NOW, Plaintiffs by and through counsel and court-appointed Plaintiffs' Leadership, who file this Reply in Support of Plaintiffs' Motion for Leave to Amend (Dkt. No. 669). The Federal Rules of Civil Procedure embrace a "liberal" amendment standard instructing courts that leave to amend should be "freely granted" in most cases. The circumstances of this case combined with the narrowly-tailored nature of the proposed amendment (merely adding class representatives) together compel granting Plaintiffs' Motion. Defendants' various arguments ignore the liberal amendment standard, are filled with internal contradictions and double speak, and should be discarded by the Court in granting the Motion.

As stated in the Motion (Dkt. No. 669), leave to amend is to be freely granted absent a showing that the amendment would be futile, was the result of undue delay, motivated by bad faith, or that the defendant would be unfairly prejudiced by the court's granting leave. *Cureton v. NCAA*, 252 F.3d 267, 272-73 (3d Cir. 2001).

**A. Defendants Argue the Proposed Amendment is Both Too Early and Too Late**

The first example of Defendants' internally contradictory arguments is the two distinct

arguments that Plaintiffs' Motion both comes too early and too late.

First, Defendants suggest, incredibly, that they are prejudiced because Plaintiffs have filed this Motion prematurely. (Dkt. No. 712, at 3.) Plaintiffs are unaware of circumstances where a defendant can be prejudiced by a motion to amend having been filed too timely. Defendants' twisted timing argument suggests that the Court should wait for disposition on the Motion to Dismiss prior to entertaining this Motion. However, the addition of these Plaintiffs does not materially alter the parties' arguments in support or against the Motions to Dismiss. And second, the Court has already ruled that Plaintiffs have standing to assert economic loss claims. (Dkt. No. 728.)

As the Court can see from the red-lined attached proposed amended complaints, the proposed amended complaints (including the proposed Third Amended Master Economic Loss Complaint) do not alter any substantive factual allegations, legal arguments, or add or delete any cause of action.[1]

And, if the Court indulges this argument and denies the Motion without prejudice to re-file after the Motion to Dismiss is fully ruled on, Defendants will assuredly at that point argue prejudice because the amendment is too late (as they have already argued in their Opposition).

Just a page after describing the Motion as "premature," Defendants next argument is that they would be prejudiced because it comes too late. However, the Court already granted Plaintiffs leave to amend further in Dkt. No. 728, and also entered a revised CMO 22 allowing additional class representatives to be deposed on or before August 2, 2021. (Dkt. No. 726.) Defendants' prejudice argument has been resolved by the Court, in other words. In any case, Courts often allow substitution of class representatives whether under Rule 15 or Rule 21, often as late as class

---

[1] Plaintiffs are mindful of the Court's Order regarding amending the complaint substantively, (Dkt. No. 728), and plan to raise the issue at the CMC on January 13, 2021.

certification. *See, e.g., In re OSB Antitrust Litig.*, No. 06md826, 2007 WL 2253425, at *5 & *12 (E.D. Pa. Aug. 3, 2007) (Diamond, J.). The Court has not even yet set a date for Plaintiffs' Motion for Class Certification, and the proposed amendment is more than timely.

### B. The Amendment is Not Futile

Defendants also argue the amendment would be futile, resting on their other Motion to Dismiss arguments. This is merely yet another attempt to have the Court delay ruling on the Motion to Amend until after the Motions to Dismiss are resolved, at which point the Defendants will argue unfair prejudice. As for the substance of Defendants' futility argument, Plaintiffs will rest on their arguments in opposition to Defendants' Motion to Dismiss and the Court's rulings entered to date.

### C. The Court Should Either Grant the Motion as Filed, or Alternatively, Allow Plaintiffs' to File the Third Amended Master Economic Loss Master Complaint

Finally, Defendants ask that the amendment be limited to the Master Complaint. Plaintiffs are at a loss as to why this matters as much to the Defendants as much it does.

Some of these cases will remain for trial with this Court, and some will have to be remanded to the transferor courts in which the cases were originally filed. Plaintiffs merely sought simplicity by amending certain underlying complaints to elevate these absent class members to named class representatives in actions where they were already absent class members.

Plaintiffs would not be opposed to simply amending the Master Economic Loss Complaint, so long as the Court would ensure that plaintiffs are not prejudiced in adding class representatives to a case upon remand, if remanding any particular economic loss case for trial is necessary. It has always been Plaintiffs' understanding that the Court would allow amendment of underlying complaints prior to remand where remand is necessary, and that is why Plaintiffs have refrained to this point from adding the eight (8) named plaintiffs to underlying complaints or adding defendants named in the master complaints to underlying complaints. If this understanding is

incorrect, Plaintiffs are willing to move to amend underlying complaints as soon as practicable.

### D. Alternatively, the Court Should Allow the Proposed New Jersey Class Representatives to Be Added to Replace Anna Cleaver

Defendants argue that they do not oppose the withdrawal of Anna Cleaver, who is the only New Jersey economic loss class representative. The Court should, at minimum, allow amendment to replace Ms. Cleaver. *In re OSB Antitrust Litig.*, 2007 WL 2253425, at *5 & *12 (allowing substitution of certain class representatives after certification of the class).

Dated: January 12, 2021                         Respectfully submitted,

*/s/ Ruben Honik*                               */s/ Daniel Nigh*
Ruben Honik                                     Daniel Nigh
GOLOMB & HONIK, P.C.                            LEVIN, PAPANTONIO, THOMAS,
1835 Market Street, Ste. 2900                   MITCHELL RAFFERTY & PROCTOR,
Philadelphia, PA 19103                          P.A.
Phone: (215) 985-9177                           316 South Baylen Street
rhonik@golombhonik.com                          Pensacola, FL 32502
                                                Phone: (850) 435-7013
                                                dnigh@levinlaw.com

*/s/ Adam Slater*                               */s/ Conlee S. Whiteley*
Adam Slater                                     Conlee S. Whiteley
MAZIE, SLATER, KATZ & FREEMAN,                  KANNER & WHITELEY, LLC
LLC                                             701 Camp Street
103 Eisenhower Pkwy, 2nd Flr.                   New Orleans, LA 70130
Roseland, NJ 07068                              Phone: (504)-524-5777
Phone: (973) 228-9898                           c.whiteley@kanner-law.com
aslater@mazieslater.com

**MDL Plaintiffs' Co-Lead Counsel**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2021, I caused a true and correct copy of the foregoing to be filed and served upon all counsel of record by operation of the Court's CM/ECF system.

/s/ David J. Stanoch
David J. Stanoch