**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY  LITIGATION** | MDL No. 2875 |
| | Honorable Robert B. Kugler, District Court Judge |
| **This Document Relates to All Actions** | Honorable Karen M. Williams, Magistrate Judge |

**THE ZHP PARTIES' BRIEF IN SUPPORT OF THEIR MOTION FOR
PROTECTIVE ORDER PRECLUDING DEPOSITIONS OF CERTAIN
EMPLOYEES**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................1

PERTINENT FACTUAL AND PROCEDURAL BACKGROUND ......................2

I.    THE ZHP PARTIES HAVE BEEN FORTHCOMING WITH DISCOVERY ........................................................................................2

II.   THE DEPOSITIONS OF THE LOWER-LEVEL EMPLOYEES AND MS. XU ...............................................................................................7

ARGUMENT ..............................................................................................9

III.  THE LOWER-LEVEL EMPLOYEES MAY NOT BE NOTICED FOR A DEPOSITION AND ARE BEYOND THE COURT'S SUBPOENA POWER ................................................................................9

      Yuelin Hu..............................................................................................14

      Yanfeng (Lucy) Liu .............................................................................15

      Fengyang (Xavier) Tang.......................................................................16

IV.  THE TESTIMONY OF THE LOWER-LEVEL EMPLOYEES AND MS. XU IS UNNECESSARY AND CUMULATIVE, AND SHOULD BE PRECLUDED, ESPECIALLY GIVEN COVID-19..............19

CONCLUSION ..........................................................................................23

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Alaska Elec. Pension Fund v. Pharmacia Corp.*
No. CIV.A. 03-1519 (AET), 2006 WL 6487632 (D.N.J. Aug. 22, 2006) .................................................................................................. 18-19

*Campbell v. Sedgwick Detert, Moran & Arnold*
No. CIV. 11-642-ES-SCM, 2013 WL 1314429 (D.N.J. Mar. 28, 2013) ...................................................................................................9, 12

*Dubai Islamic Bank v. Citibank, N.A.*
No. 99 CIV. 1930(RMB) ...........................................................................11, 13

*Gottlieb v. Sandia Am. Corp.*
452 F.2d 510 (3d Cir. 1971) ..............................................................12

*Grammenos v. Lemos*
457 F.2d 1067 (2d Cir. 1972) ............................................................13

*In re: Benicar (Olmesartan) Prod. Liab. Litig.*
No. 15-2606 (RBK/JS), 2016 WL 5817262 (D.N.J. Oct. 4, 2016) ............... 9-12

*In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*
No. MDL 1428(SAS)THK, 2006 WL 1328259 (S.D.N.Y. May 16, 2006) ........................................................................................................10

*Jacobs v. Floorco Enterprises, LLC*
No. 3:17-cv-90, 2020 WL 1290607 (W.D. Ky. Mar. 18, 2020).........................20

*Junjiang Ji v. Jling Inc.*
No. 15-CV-4194 (SIL), 2019 WL 1441130 (E.D.N.Y. Mar. 31, 2019) ........................................................................................................18

*Luther v. Kia Motors Am., Inc.*
No. 08-386, 2009 WL 1727909 (W.D. Pa. June 18, 2009) ................................13

*Mun v. R.J. Annabelle, Inc.*
No. 2:19-cv-2470, 2020 WL 4904654 (C.D. Cal. Apr. 15, 2020) ....................20

*Phila. Indem. Ins. Co. v. Fed. Ins. Co.*
215 F.R.D. 492 (E.D. Pa. 2003) .......................................................................11

*Powell v. S. Jersey Marina, Inc.*
No. 3: CV-04-2611, 2007 WL 2234513 (M.D. Pa. Aug. 1, 2007)
(Vanaskie, J) ...............................................................................................19, 22

*U.S. v. Afram Lines (USA), Ltd.*
159 F.R.D. 408 (S.D.N.Y. 1994) .....................................................................13

*Willis Elec. Co. v. Polygroup Macau Ltd.*
No. 15-cv-3443, 2020 WL 3397359 (D. Minn. June 19, 2020) ........................20

*Zhizheng Wang v. Hull*
2020 WL 4734930 (W.D. Wash. June 22, 2020) ......................................... 19-20

## STATUTES

China Administration Law Article 81 ..................................................................17

Chinese Criminal Law Article 13 .......................................................................17

## OTHER AUTHORITIES

Fed. R. Civ. P. § 45(b) ......................................................................................10

Rule § 26(b)(2)(C) .............................................................................................19

Rule § 30(b)(1) ..................................................................................... 1, 9-10, 18

Rule § 34 .............................................................................................................4

Rule § 45 ....................................................................................................1, 4, 10

## **INTRODUCTION**

On December 8, 2020, the ZHP Parties (defined below) volunteered 13 employees to provide testimony in their individual capacity, and designated ten of those employees to provide testimony covering the 59 topics in Plaintiffs 30(b)(6) notice. Because it is a crime under China law for a Chinese citizen to provide deposition testimony in a U.S. litigation while in China, seven of the 13 employees agreed to travel ten hours to Hong Kong for their deposition, notwithstanding the ongoing global pandemic. On December 17, 2020, Plaintiffs requested the depositions of six more employees who reside in China and a seventh employee who resides in the U.S. This motion concerns the depositions of four of the additional China-based employees whose depositions Plaintiffs seek: Yanfeng (Lucy) Liu, Yuelin Hu, Fangyang (Xavier) Tang (collectively the "Lower-Level Employees"), and Mi (Karen) Xu.

None of the Lower-Level Employees is a "managing agent" that may be served with a deposition notice to testify on behalf of ZHP under Rule 30(b)(1), and each is a Chinese citizen beyond the Court's subpoena power under Rule 45. Moreover, given that their supervisors, and Ms. Xu's supervisor, have been designated to provide fact and 30(b)(6) testimony on topics on which the Lower-Level Employees and Ms. Xu would testify, their testimony would be unnecessary and cumulative. Under these circumstances, and in light of the travel restrictions and

mandatory quarantines, and the health and safety risks, related to travel during the global pandemic, the Court should grant this Motion and issue an order precluding the depositions of the Lower-Level Employees and Ms. Xu. In the alternative, Plaintiffs should not be permitted to take the depositions of the Lower-Level Employees and Ms. Xu until the 15 ZHP witnesses have been deposed and their testimony establishes good cause for Plaintiffs to take these additional depositions.

## PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

### I.    The ZHP Parties Have Been Forthcoming with Discovery

ZHP is a publicly-traded company listed on the Shanghai Stock Exchange. ZHP is headquartered in China's Linhai Province, where it operates an API facility, known as Chuannan, and a finished dose facility, known as Xunqiao. ZHP's approximately **7,000** employees work in nine different departments (Quality Assurance, Quality Control, Analytical, Regulatory Affairs, Technology, Production, Procurement, Sales and Marketing, and API Division). ZHP also owns approximately 40 subsidiaries around the world, including in the United States, Japan, Germany, Russia, Spain, and India. Three U.S. companies affiliated with ZHP have been named as defendants in this lawsuit, Huahai US, Inc. ("Huahai US"), Prinston Pharmaceutical, Inc. ("Prinston"), and Solco Healthcare U.S., LLC

("Solco").[1] Together, these four ZHP-related entities are referred to herein as the "ZHP Parties." Two other entities related to ZHP have been the subject of discovery in this litigation, but they are not parties. Those entities are Prinbury BioPharm Ltd. and Shanghai Syncores Technologies, Ltd.[2]

Since discovery began in this litigation in April 2019, the ZHP Parties have been forthcoming and cooperative with the production of relevant information, producing millions of pages of documents from more than 80 ESI custodians and volunteering 15[3] witnesses to provide fact testimony and testimony covering all 59 topics in Plaintiffs' 30(b)(6) notice. Specifically, during the summer of 2019, the ZHP Parties and other defendants produced approximately 20,000 documents, totaling over 200,000 pages in response to the Court's order requiring the Defendants to produce "core discovery," *see* Dkt. No. 181, which the Court

---

[1] Huahai US is a wholly-owned subsidiary of ZHP, incorporated in Delaware, with an office in Somerset, NJ, and distributes APIs to U.S. customers. Prinston is a wholly-owned subsidiary of ZHP, incorporated in Delaware, with an office in Somerset, NJ, and holds the ANDAs for valsartan and valsartan hydrochlorothiazide. Solco is a wholly-owned subsidiary of Prinston, incorporated in Delaware, with an office in Somerset, NJ, and is the U.S. distributor for ZHP's finished dose products, including valsartan.

[2] Syncores is a wholly-owned subsidiary of ZHP located in Shanghai, China. Syncores is responsible for research and development of APIs. Prinbury is a wholly-owned subsidiary of ZHP located in Shanghai, China. Prinbury is responsible for the research and development of ZHP's finished dose products.

[3] As discussed *infra*, since volunteering 13 employees to provide depositions on December 8, 2020, the ZHP Parties have agreed to two additional depositions.

described as "discovery that is (1) easily identifiable, (2) unquestionably relevant and not privileged, (3) relatively simple to retrieve, and (4) discrete." *See* Dkt. No. 88.

In December 2019, after months of intense negotiations between the parties and numerous Court conferences, the Court issued orders defining the scope of discovery in this litigation, *see* Dkt. No. 328, requiring the Defendants to produce documents in response to Plaintiffs' third set of amended document requests from a list of ESI custodians approved by the Court. *Id.* Specifically, the Court ordered the ZHP Parties to produce ESI from 81 custodians in response to 122 Rule 34 requests spanning the time period of January 1, 2010 through 2020 *See* Dkt. No. 303.

The Court's first Rule 34 document production schedule for Defendants was to conclude in the Spring of 2020. *See* Dkt. 328. However, due to the onset of COVID-19, the Court was forced to adjust the schedule, such that Defendants' rolling Rule 34 document production schedules began with sales information in May 2020 and concluded with the substantial completion of the production of ESI on November 29, 2020. *See* Dkt. No. 452. In total, from May 28, 2019 to December 31, 2020, the ZHP Parties made 96 document productions totaling over 300,000 documents and three million pages. *See, e.g.,* Exhibit A, Letter from ZHP, Dec. 31, 2020.

On May 7, 2020, based on the documents produced during core discovery, Plaintiffs identified the 13 ZHP Party custodians whose ESI files they believed to be of the highest priority for production: Jun Du, Cunxiao (Jenson) Ye, Min Li, Jucai Ge, Jie Wang, Zhao Caifeng, Dong Peng, Yuelin Hu, Qiangming Li, Xiaodi Guo, Lijie Wang, Remonda Gergis and Yanfeng (Lucy) Liu. *See* Exhibit B, Plaintiff's Letter, May 7, 2020. When the Court ordered Plaintiffs to identify their list of deponents, each of these 13 custodians was identified, as were four additional witnesses: Eric Gu, John Iozzia, Chunmin Min (Karen) Xu, and Lihong (Linda) Lin. *See* Exhibit C, Email from Layne Hilton, October 7, 2020.

On December 2, 2020, Plaintiffs served virtually identical 30(b)(6) notices on each of the four ZHP Parties. *See* Dkt. No. 651-1. Given their overlap, the parties agreed that the ZHP Parties would designate witnesses to testify as to 59 different 30(b)(6) topics, with witnesses from each of the ZHP Parties covering topics pertaining to that ZHP Party's business. *See* Dkt. No. 703-1. For example, Solco, which is based in the U.S., and distributes valsartan finished dose in the U.S., would designate witnesses covering the sale of valsartan finished dose in the U.S. and the recall of valsartan. During the Case Management Conference on November 24, 2020, the Court acknowledged that it would approve the 30(b)(6) notices as agreed upon by the parties, which it did on December 4, 2020. *See* Dkt. No. 651.

On November 25, 2020, the Court ordered that "the parties shall complete *fulsome discussions* regarding the names, dates, and locations of depositions to be taken starting on January 19, 2021" in advance of the December 9, 2020 conference with the Court. Dkt. No. 640. (emphasis added). Accordingly, in advance of a meet and confer on December 8, 2020,[4] the ZHP Parties proposed a deposition schedule for 13 employees (six U.S.-based employees and seven China-based witnesses). Dkt. No. 684. All of those witnesses were among the 13 priority ESI custodians identified by Plaintiffs in May 2020, and were identified on Plaintiffs' October 2020 list of deponents, and, although they were not required to do so, in proposing that schedule, the ZHP Parties identified which of the witnesses would provide 30(b)(6) testimony in addition to providing testimony as a fact witness.[5]

Because taking the depositions of even voluntary witnesses is prohibited in mainland China, U.S. litigants may secure the deposition of a Chinese national residing in China only if the witness voluntarily agrees (and is permitted by the Chinese government) to travel outside of China; otherwise, the party seeking the deposition is required to seek permission from the Chinese Government pursuant to

---

[4] The ZHP Parties proposed meeting with Plaintiffs on December 3, but Plaintiffs did not agree to meet until December 8.

[5] On December 21, 2020, as the Court required of all Defendants on that date, ZHP further identified the specific 30(b)(6) topics each of the witnesses was designated to cover. Dkt. No. 684.

the Hague Evidence Convention. Thus, the employees that ZHP has agreed to voluntarily produce will be required to travel to a location such as Hong Kong and back to mainland China during a global pandemic, under the applicable travel restrictions and quarantine requirements;[6] thereby risking their health and safety and that of their families. Dkt. No. 684. Given these extraordinary circumstances, it was necessary for the ZHP Parties to "get out in front" on the scheduling of the depositions of their witnesses.

## II.    **The Depositions of the Lower-Level Employees and Ms. Xu**

Plaintiffs did not respond to the ZHP Parties' proposed deposition schedule until December 17, when they confirmed only four of the 13 dates the ZHP Parties proposed, and identified seven additional employees whose depositions they requested, including the three Lower-Level Employees, Ms. Xu, ZHP's Chairman, Baohuan Chen, Prinston employee Xioadi Guo, and an employee of a non-party, Eric Tsai of Prinbury BioPharm.[7] *See* Exhibit D, Plaintiffs' Counsel's E-mail, Dec. 17, 2020.

---

[6] The witnesses would be required to quarantine for 28-days total, 14 upon arrival in Hong Kong and 14 upon returning to China. *See* U.S. Consulate General Hong Kong & Macau, COVID-19 Information, U.S. Dep't of State (last updated Jan. 13, 2021), available at https://hk.usconsulate.gov/covid-19-information/.

[7] Following Plaintiffs' request to depose Mr. Chen, Judge Schneider granted the ZHP Parties leave to file a motion for a protective order to prevent Mr. Chen's deposition under inter alia the "apex deposition" based on the record created by the depositions of the other ZHP Party witnesses. Dkt. No. 704. ZHP intends to file such motion

Based on documents presented to the Court in Plaintiffs' letter dated December 21, 2020, during the Case Management Conference on December 22, without hearing argument, Judge Schneider explained that it was his "initial impression" that "these witnesses have relevant knowledge," 12/22/20 Hrg. Tr. at 40:15-16, but "*without prejudice to ZHP to present a record, which is not available now, to show, in fact, that these depositions are not materially important and should be quashed.*"  *Id*. at 41:14-20 (emphasis added). Accordingly, the Court ordered that the depositions be scheduled "without prejudice to ZHP to present a record that, in fact, *these depositions are cumulative, duplicative, not material* . . . ." 12.22.20 Hrg. Tr. at 42:7-9 (emphasis added).

On January 11, 2021, following a conference with the Court on January 5, 2021, wherein the ZHP Parties reminded the Court that they had only been presented with the documents on which Plaintiffs' relied in support of the additional depositions on December 21, *see* 1/05/2020 Hrg. Tr. at 22: 17-24, and that the Court had not considered whether any of the additional witnesses could be served with a deposition notice or subpoenaed, Judge Schneider ordered that the ZHP Parties may file a supplemental brief regarding "whether it is required to produce the disputed

_____

upon the conclusion of the depositions approved by the Court. The ZHP Parties have agreed to produce Xiaodi Guo and Eric Tsai.

8

witnesses for deposition" because "the present record is not sufficiently developed for it to make an informed decision on this important issue." Dkt. No. 727.

## ARGUMENT

The Court should grant a protective order precluding the depositions of the Lower-Level Employees and Ms. Xu because (1) the Lower-Level Employees are not "managing agents" of ZHP, and are beyond the Court's subpoena power; (2) the testimony of the Lower-Level Employees and Ms. Xu is unnecessary and would be cumulative; and (3) the Lower-Level Employees and Ms. Xu should not be required to travel to out of China during the global pandemic, especially given the ZHP's Parties' production of 15 other employees[8] who will provide fact testimony and testimony on all 59 topics in Plaintiffs' 30(b)(6) notice, including those that overlap with the job responsibilities of the Lower-Level Employees and Ms. Xu.

## III.    The Lower-Level Employees May Not Be Noticed for a Deposition and Are Beyond the Court's Subpoena Power

Under Rule 30(b)(1) a witness may be noticed for a deposition to provide testimony on behalf of a corporation if the witness is an officer, director, or managing agent of the corporation. *In re: Benicar (Olmesartan) Prod. Liab. Litig.,* No. 15-2606 (RBK/JS), 2016 WL 5817262, at *4 (D.N.J. Oct. 4, 2016); *Campbell v. Sedgwick Detert, Moran & Arnold*, No. CIV. 11-642-ES-SCM, 2013 WL

---

[8] Including Xioadi Guo and Eric Tsai.

9

1314429, at *12 (D.N.J. Mar. 28, 2013) (citations and quotations omitted) ("Under Rule 30(b)(1), an officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition.").

Under Rule 45, citizens of another country are beyond the subpoena power of U.S. courts, and may only be deposed in a U.S. litigation under the procedures of an operative international treaty.[9] *See* Fed. R. Civ. P. 45(b); *see Benicar*, 2016 WL 5817262, at *4 ("If the person sought for deposition is not within the subpoena power of a United States court, then procedures according to international treaty must be followed.").

None of the Lower-Level Employees is an officer or director of ZHP, and Plaintiffs have done nothing to secure their deposition as required under operative international law.[10] Thus, the Lower-Level Employees may only be compelled to

---

[9] It is undisputed that the Lower-Level Employees are Chinese nationals residing in China. *See* Exhibit E, Decl., Wang Ma. Therefore, absent agreement by the parties, the Lower-Level Employees are outside the subpoena power of the court under Rule 45. *See Benicar*, 2016 WL 5817262, at *3 ("[O]nly directors, officers, or managing agents of a corporate party may be compelled to give testimony under a notice of deposition").

[10] Unless deemed "managing agents," the only way the Lower-Level Employees and Ms. Xu may be deposed in this litigation is through The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"). *See* Hague Conference, The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, (Art. 1-3), Mar. 18, 1970, available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=82; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, No. MDL 1428(SAS)THK, 2006 WL 1328259, at *9 (S.D.N.Y. May 16, 2006). To date, Plaintiffs have made no

testify pursuant to a notice for a deposition if they are deemed to be a "managing agent" of ZHP.

Although the Federal Rules of Civil Procedure do not clearly define "managing agent, it is generally understood as an individual 'invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters.'" *Phila. Indem. Ins. Co. v. Fed. Ins. Co.,* 215 F.R.D. 492, 494 (E.D. Pa. 2003) (citing *Petock v. Thomas Jefferson Univ.,* No. Civ. A. 84–5937, 1986 WL 1087, at *7 (E.D. Pa. Jan. 21, 1986)).

The definition of "managing agent is . . . determined . . . pragmatically on an ad hoc basis." *Benicar,* 2016 WL 5817262, at *3, n. 12 (citations and quotations omitted); *see also Dubai Islamic Bank v. Citibank, N.A.,* No. 99 CIV. 1930(RMB) (TH, 2002 WL 1159699, at *2 (S.D.N.Y. May 31, 2002) (citations and quotations omitted) ("The test for a managing agent is not formulaic. Rather, the question of whether a person is a managing agent, and therefore subject to a notice of deposition, is answered pragmatically and on a fact-specific basis.").

---

effort to secure the depositions of the Lower-Level Employees and Ms. Xu pursuant to the Hague Evidence Convention procedures, despite the fact they are aware of this requirement. *See* 10/2/20 Hrg. Tr. at 37:13-22. However, they have previously used the Hague Convention procedures in this litigation to serve the foreign Defendants. *See* 11/20/2019 Hrg. Tr. at 45: 20-22; *see also* 08/14/2019 Hrg. Tr. at 5: 1-6.

The Third Circuit has not espoused a specific test for determining whether an employee is a managing agent, but has held that "[t]he determination whether an individual is 'a managing or general agent' depends on a factual analysis of that person's authority within the organization." *See Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513 (3d Cir. 1971) (citing 2 Moore's Federal Practice ¶ 4.22[2]). Judge Schneider has previously considered three factors in determining whether an individual is a managing agent: "Whether the individual involved is invested by the corporation with general powers to exercise his discretion and judgment in dealing with corporate matters, whether he or she can be depended upon to carry out the employee's direction to give testimony at the demand of a party engaged in litigation with the employer, and whether he or she can be expected to identify with the interests of the corporation rather than with those of the other parties." *Benicar*, 2016 WL 5817262, at *3, n. 12 (citations and quotations omitted); *see also Campbell*, 2013 WL 1314429, at *12 ("The inquiry regarding the identification of a managing agent essentially involves ***the extent of the individual's decision-making discretion and unsupervised authority***, the degree to which his interests converge with those of the corporation, and his general responsibilities, particularly with regard to the matters at issue in the litigation.").

Courts often attribute the most significance to the individual's decision-making discretion and judgment. In fact, the "key element in determining whether

an individual is a managing agent is whether he or she is invested by the corporation with general powers involving the exercise of judgment and discretion." *Luther v. Kia Motors Am., Inc.*, Civ. Action No. 08–386, 2009 WL 1727909, at *3 (W.D. Pa. June 8, 2009); *see also Grammenos v. Lemos*, 457 F.2d 1067, 1073 (2d Cir. 1972) (citing 2 Moore, Federal Practice § 4.22 [2] (2d Ed. 1970)) ("A general or managing agent must be invested with powers of discretion and must exercise judgment in his duties, rather than being under direct superior control as to the extent of his duty and the manner in which he executes it.").

When a witness does not have decision-making discretion or unsupervised judgment, courts have found that the witness is not a managing agent. *See, e.g.*, *Luther,* 2009 WL 1727909, at *3 (finding employee was not a managing agent because, although the employee's "position requires a 'moderate to high level of independent judgment and decision-making,' she follows established program guidelines and established Dealer Development policies and procedures with assistance on critical issues from her supervisor."); *Dubai Islamic Bank*, 2002 WL 1159699, at *6 (finding an employee did not qualify as a managing agent because "his position gave him . . . [no] independent discretion"); *U.S. v. Afram Lines (USA), Ltd.,* 159 F.R.D. 408, 415 (S.D.N.Y. 1994) (concluding the witnesses did not qualify as managing agents because they did not have the authority "to exercise discretion.").

13

*First*, as demonstrated below, regarding the "key element," the Lower-Level Employees do not have independent decision making discretion or judgment to qualify as managing agents, including, importantly, with respect to the valsartan-related manufacturing, testing, regulatory, and sales functions at issue in this litigation:

### Yuelin Hu

Ms. Hu works in the API Quality Assurance Department. As set forth in the Declaration of Wang Ma, ZHP's Senior Director of the Human Resources ("Wang Declaration"), Ms. Hu's job responsibilities include carrying out daily management of the API Quality Assurance Department of the east zone of ZHP's Chuannan Site, assisting in planning, constructing, and promoting the quality management system in the east zone of the Chuannan Site, and assisting the Qualified Person in other relevant assigned tasks. *See* Exhibit E, Wang Decl., at 2.

Ms. Hu reports up to Jucai Ge, who reported up to Cunxiao (Jenson) Ye before he resigned. *See* Exhibit F, Chuannan Site Organization Chart. Jucai Ge, Ms. Hu's supervisor, will be providing fact witness testimony, and has been designated to cover 12 topics in Plaintiffs 30(b)(6) notice. *See* Dkt. No. 703-1. Ms. Hu does not have independent decision making authority to bind ZHP without sign off from a supervisor. *See* Exhibit E, Wang Decl., at 2. Ms. Hu follows program guidelines and corporate policies and procedures, and elevates important issues to her supervisor.

14

*Id*. at 2. Ms. Hu cannot release product without a Qualified Person's authorization and approval. *Id*. Ms. Hu cannot hire or fire other employees without approval from a supervisor. *Id*. Ms. Hu would not be expected to represent ZHP or to speak on behalf of ZHP on corporate matters or on valsartan manufacturing, quality, sales, or regulatory issues. *Id*.

### Yanfeng (Lucy) Liu

Ms. Liu works in the API Regulatory Affairs Department. *See Id.* at 2. Ms. Liu's job responsibilities include assisting her supervisor to carry out daily management of API Regulatory Affairs Department, establishing a product registration plan according to the requirements of the company's development strategy, and supervising the staff of the Regulatory Affairs Department to complete API product registration. *Id.* at 3. She also does post authorization change applications, deficiency letter replies, product registration file maintenance, timely payments of registration fees, and any additional tasks assigned by her supervisor. *Id*. at 3.

Ms. Liu has two supervisors directly above her within the API Regulatory Affairs Department, and is not the ultimate supervisor in her department. *See* Exhibit G, Xunqiao Organization Chart. Ms. Liu directly reports to Linda (Lihong) Lin, who is the Director of ZHP's Regulatory Affairs Department. *See* Exhibit E, Wang Decl., at 3. Linda Lin has broad discretionary authority, will be deposed as a fact witness,

and has been designated to cover four of the topics in Plaintiffs' 30(b)(6) notice. *See* Dkt. No. 703-1.

Ms. Liu does not have independent decision making authority to bind ZHP without sign off from a supervisor. *See* Exhibit E, Wang Decl. at 3. Ms. Liu follows program guidelines and corporate policies and procedures, and elevates important issues to her supervisor. *Id*. Ms. Liu cannot bind ZHP on regulatory matters or communicate with the FDA without supervisor involvement or approval. *Id*. Ms. Liu cannot hire or fire other employees without approval from a supervisor. *Id*. Ms. Liu would not be expected to represent ZHP or to speak on behalf of ZHP on corporate matters or on valsartan manufacturing, quality, sales, or regulatory issues. *Id.*

### **Fengyang (Xavier) Tang**

Mr. Tang works in the Marketing and Sales Department, and reports to Mi (Karen) Xu, who reports up to Jie Wang. *Id*. at 4. Mr. Tang's job responsibilities include assisting his supervisor to establish business development strategy, contacting and coordinating the resources of various departments, so as to facilitate normal business negotiation activities, establishing and maintaining customer files, sharing it within the scope of authorization, and providing effective service support for sales activities, such as necessary information and customer Q & A, handle

customer visits and auditing, and completing other tasks assigned by his supervisor. *Id*. at 4-5.

Jie Wang, who is Vice President of ZHP's API Marketing and Sales Department, has broad discretionary authority, and will be deposed as a fact witness. Mr. Wang has also been designated to testify on ten of the topics in Plaintiffs' 30(b)(6) notice. *See* Dkt. No. 703-1. Mr. Tang does not have independent decision making authority to bind ZHP without sign of from a supervisor. *Id*. at 4. Mr. Tang follows program guidelines and corporate policies and procedures, and elevates important issues to his supervisor. *Id*. Mr. Tang cannot contract for API or finished dose without supervisor approval. *Id*. Mr. Tang cannot hire or fire other employees without approval from a supervisor. *Id*. Mr. Tang would not be expected to represent ZHP or to speak on behalf of ZHP on corporate matters or on valsartan manufacturing, quality, sales, or regulatory issues. *Id*.

**Second**, the Lower-Level Employees cannot be depended upon to carry out the employee's direction to give testimony at the demand of ZHP in a U.S. litigation because it is against Chinese law for them to be deposed in China, and they could be fined, subject to deportation from China under Article 81 of the China Administration Law, and criminally liability under Article 13 of the Chinese

17

Criminal Law.[11] *See Junjiang Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2019 WL 1441130, at *2, *4, *6, *10-11 (E.D.N.Y. Mar. 31, 2019) (striking testimony given via video by witness located in China "as being violative of Chinese law" based on its review of Chinese law and regulations).

*Third*, the factual record is undeveloped at this stage because the 15 ZHP employees volunteered for deposition, including 10 designated to provide both fact and 30(b)(6) testimony, have not been deposed, and it cannot be determined whether the the Lower-Level Employees can be expected to identify with the interests of the corporation rather than with those of the other parties. *Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. CIV.A. 03-1519 (AET), 2006 WL 6487632, at *3 (D.N.J. Aug. 22, 2006) (denying plaintiffs' request to take fact depositions because plaintiffs had not deposed a single witness).

Accordingly, for the above reasons, the Lower-Level Employees should not be deemed to be managing agents of ZHP under Rule 30(b)(1), and thus should not be subject to a deposition notice compelling them to testify in this action.

---

[11] *See* Bureau of Consular Affairs, China Judicial Assistance, U.S. Dep't of State (last updated May 1, 2019), available at
https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html.

**IV.    The Testimony of the Lower-Level Employees and Ms. Xu is Unnecessary and Cumulative, and Should be Precluded, Especially Given COVID-19**

Pursuant to Rule 26(b)(2)(C), a discovery request may be denied if the court determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C); *see also Powell v. S. Jersey Marina, Inc.*, No. 3: CV-04-2611, 2007 WL 2234513, at *5 (M.D. Pa. Aug. 1, 2007) (Vanaskie, J) (finding Plaintiffs request for deposition unreasonably cumulative because Plaintiffs had already "interviewed several officers, garnered many documents, and not given a convincing reason as to why further deposition is likely to lead to any relevant evidence not already produced."); *Alaska Elec. Pension Fund*, 2006 WL 6487632, at *3 (denying plaintiffs' request to depose 80 fact witnesses in a complex securities fraud litigation, and finding that even though the plaintiffs' "case is complex and may require depositions beyond the ten allowed for in the Federal Rules," the court should not be required to "temper the need for judicial scrutiny of expansive discovery" when the plaintiffs had "yet to depose a single witness.").

Moreover, Courts nationwide have acknowledged that litigants' concerns surrounding travel during the Covid-19 pandemic are justified.  *See e.g., Zhizheng Wang v. Hull*, 2020 WL 4734930, at *2 (W.D. Wash. June 22, 2020) ("With regards to the current health crisis caused by the novel coronavirus, defendant is not

19

demanding, and the Court will not require, that plaintiff board a flight for Seattle, Hong Kong, Macau, Seoul, or Taipei immediately.").

Courts have routinely approached the unprecedented challenges imposed by COVID-19 by delaying depositions to a time when the COVID-19 pandemic has subsided or, at the very least, until travel and resulting quarantine requirements are not as burdensome. *See, e.g., Jacobs v. Floorco Enterprises, LLC*, No. 3:17-cv-90, 2020 WL 1290607, at *16 (W.D. Ky. Mar. 18, 2020) (ordering that a Chinese resident must travel for his deposition but "not yet impos[ing] a deadline as to when" in light of personal circumstances and "the current restrictions imposed by the United States and other countries on travel in light of COVID-19"); *Mun v. R.J. Annabelle, Inc.*, No. 2:19-cv-2470, 2020 WL 4904654, at *2 (C.D. Cal. Apr. 15, 2020) (ordering the deposition of a witness residing in China to occur "one month after the end of the COVID-19 emergency in California, assuming travel from China is permitted by that time")); *Willis Elec. Co. v. Polygroup Macau Ltd.*, No. 15-cv-3443, 2020 WL 3397359, at *2 (D. Minn. June 19, 2020) (affirming Magistrate Judge's order requiring the parties "to be flexible and understanding about how and when to schedule these depositions [in Hong Kong] as the reality of the [COVID-19] virus and its impact on international travel continue to evolve"); *Zhizheng Wang v. Hull*, No. C18-1220RSL, 2020 WL 4734930, at *2 (W.D. Wash. June 22, 2020) (granting defendant's motion to compel plaintiff to appear for a deposition at a

20

location outside of China but noting that given the "current health crisis caused by the novel coronavirus…the Court will not require, that plaintiff board a flight for Seattle, Hong Kong, Macau, Seoul, or Taipei immediately.").

Here, Plaintiffs have proposed to depose the Lower-Level Employees and Ms. Xu notwithstanding that the ZHP Parties have already agreed to provide 15 employees to testify in this action, including the testimony of their supervisors, both as fact witnesses and on 30(b)(6) topics directly related to the areas of employment of the Lower-Level Employees and Ms. Xu. Moreover, Plaintiffs seek these additional depositions without regard to the fact that the Lower-Level Employees and Ms. Xu would be required to travel out of the country via public transportation during a global pandemic for their depositions. Considering the serious health risks imposed by traveling outside of China during a global pandemic and visa requirements for traveling to Hong Kong, ZHP should not be required to force its employees to risk their health and safety in order to provide deposition testimony in this litigation.

Plaintiffs assert that each witness must be deposed, *see* Dkt. No. 684, but ZHP has already designated a witness to testify to the very same subject matters. *See* Dkt. No. 703-1. Jucai Ge, Director of ZHP's API Quality Assurance Department, and Yuelin Hu's supervisor, will be covering 12 30(b)(6) topics, including those relating to Ms. Hu's quality assurance functions. Linda Lin, Director of ZHP's Regulatory

21

Affairs Department, and Yangfeng Liu's supervisor, will be covering four 30(b)(6) topics, including those relating to Ms. Liu's regulatory functions. Jie Wang, Vice President of ZHP's API Marketing and Sales Department, and Mr. Tang's and Ms. Xu's supervisor, will be covering eight 30(b)(6) topics, including those relating to their communications with API and finished dose customers. Accordingly, Plaintiffs should be precluded from taking the additional depositions because any testimony elicited from the Lower-Level Employees and Ms. Xu is unnecessary and would be cumulative.

Significantly, given that the Lower-Level Employees and Ms. Xu would be required to travel out of the country during a global pandemic, thereby risking their health and safety and that of their families, and be forced to satisfy any mandatory quarantine retirements (currently 28 days), the Court should preclude their depositions on the basis that the 15 employees who have already agreed to provide testimony in this case, including the supervisors of the Lower-Level Employees and Ms. Xu, would be sufficient, more convenient, and far less burdensome. *See*, *e.g.*, *Powell*, 2007 WL 2234513, at *5 (Vanaskie, J). Where, as here, none of the Plaintiffs' attorneys are willing to risk their health and safety by traveling to Hong Kong to take the depositions, and no Plaintiffs are at risk of injury because the drugs at issue were recalled years ago, it would be incongruent to nonetheless subject the

22

Lower-Level Employees and Ms. Xu to the health and safety risks of traveling during COVID-19.

## **CONCLUSION**

For the reasons above, the ZHP Parties respectfully requests that the Court grant its Motion for Protective Order.  In the alternative, Plaintiffs should not be permitted to take the depositions of the Lower-Level Employees and Ms. Xu until the 15 ZHP 30(b)(6) witnesses are deposed and Plaintiffs have shown good cause to take additional depositions.

January 20, 2021

Respectfully submitted,

By: /s/ Seth A. Goldberg

DUANE MORRIS LLP
Seth A. Goldberg
30 South 17th Street
Philadelphia, Pennsylvania 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com

*Attorneys for Zhejiang Huahai
Pharmaceutical Co, Ltd., Huahai
U.S., Inc., Prinston Pharmaceutical
Inc., and Solco Healthcare US, LLC*