IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____ :
: 
IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN : MDL No. 2875 (RBK-JS)
PRODUCTS LIABILITY LITIGATION :
: **MTD ORDER 3: Warranty Claims**
*This Document Relates To All Actions.* :
_____ :

KUGLER, United States District Judge:

**This matter having come before** the Court in this Multi-District Litigation ["MDL"] that concerns the sale in the U.S. of prescription generic drugs containing Valsartan ["VCDs"][1] and which were found to contain cancer-causing contaminants ["VCDs at issue"] on three Motions to Dismiss ["MTDs"] by each of the three categories of defendant—Manufacturers ["Mfrs"], Wholesalers, Pharmacies—and;

**These MTDs seeking dismissal of several claims** in the Three Master Complaints—Personal Injury [PIMC], the Economic Loss ["ELMC"],and the Medical Monitoring ["MMMC"]; and

**the Court intending to issue a series** of Opinions and Orders to resolve the MTDs as to specific Master Complaint claims; and

Each opinion being accompanied by an order; and

**this ORDER 3 being the third in the series** and accompanying OPINION 3 of this date to resolve the MTD arguments relating to Breach of Express Warranty, Breach of Implied Warranty, and the Violation of the Magnuson Moss Warranty Act,

**As for Breach of Express Warranty Claims , IT IS HEREBY ORDERED THAT:**

Against Mfr defendants:  the Court **DENIES** the Mfr defendants' motion to dismiss the breach of express warranty claims against them in all three Master Complaints **;**

Against the Wholesaler defendants and the Pharmacy defendants:  the Court **GRANTS** the Wholesaler defendants' and the Pharmacy defendants' motions to dismiss the claims for breach of express warranty against them in all three Master Complaints and **dismisses these claims WITHOUT PREJUDICE.**

---

[1] Although this MDL consolidates cases that allege injury from the U.S. sales of contaminated valsartan, irbesartan and losartan, as of yet, there are no master complaints in this MDL that concern losartan and irbesartan.   Therefore, defendants' motions here concern ONLY claims that allege injury relating to contaminated valsartan.

Plaintiffs may file a motion for LEAVE TO AMEND all three Master Complaints as to the breach of express warranty claims against the Wholesaler defendants and the Pharmacies defendants, according to the deadlines set in this Order.

**As for Breach of Implied Warranty Claims:**

**IT IS FURTHER ORDERED THAT:**

Against Mfr defendants and Wholesaler defendants as to the Personal Injury Master Complaint:

the Court **GRANTS** the Mfr defendants' and the Wholesaler defendants' motions to dismiss those claims in the Personal Injury Master Complaint for breach of implied warranty which arise under the law of Kentucky or Wisconsin and **dismisses these claims WITHOUT PREJUDICE**; and

the Court **DENIES** the Mfrs defendants' and the Wholesaler defendants' motions dismiss those claims in the Personal Injury Master Complaint for breach of implied warranty which arise under the law of any of the remaining states in the United States and including the District of Columbia and Puerto Rico.

Plaintiffs may file a motion for LEAVE TO AMEND these dismissed claims in the Personal Injury Master Complaint, according to the deadlines set in the accompanying Order.

**IT IS FURTHER ORDERED THAT:**

Against the Mfr defendants as to the Economic Loss and the Medical Monitoring Master Complaints:

the Court **GRANTS** the Mfr defendants' motion to dismiss those claims in the Economic Loss Master Complaint and in the Medical Monitoring Master Complaint for breach of implied warranty which arise under the law of: Alabama, Arizona, Idaho, Iowa, Kansas, Kentucky, Michigan, North Carolina, Ohio, Oregon, Tennessee, Utah, or Wisconsin and **dismisses these claims WITHOUT PREJUDICE**; and.

the Court **DENIES** the Mfr defendants 'motion to dismiss those claims in the Economic Loss Master Complaint and in the Medical Monitoring Master Complaint for breach of implied warranty which arise under the law of any of the remaining states in the United States and including the District of Columbia and Puerto Rico.

Plaintiffs may file a motion for LEAVE TO AMEND the these dismissed claims in the Economic Loss Master Complaint and the Medical Monitoring Master Complaint Master, according to the deadlines set in the accompanying Order.

**IT IS FURTHER ORDERED THAT:**

Against the Wholesalers as to the Economic Loss and the Medical Monitoring Master Complaints

the Court **GRANTS** the Wholesaler defendants' motion to dismiss those claims in the Economic Loss Master Complaint and in the Medical Monitoring Master Complaint for breach of implied warranty which arise under the law of Arizona, Connecticut, Georgia, Idaho, Illinois, Iowa, Kansas, Kentucky, Michigan, New York, Oregon, Tennessee, Utah, Vermont, or Wisconsin and **dismisses these claims WITHOUT PREJUDICE**; and

the Court **DENIES** the Wholesaler defendants' motion to dismiss those claims in the Economic Loss Master Complaint and in the Medical Monitoring Master Complaint for breach of implied warranty which arise under the law of any of the remaining states of the United States and including the District of Columbia and Puerto Rico.

Plaintiffs may file a motion for LEAVE TO AMEND these dismissed claims in the Economic Loss Master Complaint and the Medical Monitoring Master Complaint against the Wholesaler defendants, according to the deadlines set in the accompanying Order.

**IT IS FURTHER ORDERED THAT:**

Against the Pharmacy defendants in all three Master Complaints:

the Court **GRANTS** the Pharmacy defendants' motion to dismiss those claims in all three Master Complaints for breach of implied warranty which arise under the laws of: Alabama, Arizona, Arkansas, California, the District of Columbia, Florida, Georgia, Hawaii, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Pennsylvania, Puerto Rico, South Carolina, Tennessee, Texas, Vermont, Virginia, Washington, West Virginia, or Wisconsin; and

the Court **DENIES** the Pharmacy defendants' motion to dismiss those claims in all three Master Complaints for a breach of implied warranty which arise under the law of Alaska, Colorado, Delaware, Idaho, Montana, Nevada, Oregon, Rhode Island, South Dakota, or Vermont.

Plaintiffs may file a motion for LEAVE TO AMEND all three Master Complaints as to the breach of implied warranty claims against the Pharmacy defendants, according to the deadlines set in the accompanying Order.

**IT ISFURTHER ORDERED THAT:**

**As for Violation of the Magnuson Moss Warranty Claims**

The Court **GRANTS** the motions to dismiss the claims in all three Master Complaints for violation of the Magnuson-Moss Warranty Act and **dismisses** plaintiffs' claims in all three Master Complaints **with prejudice**.

**IT ISFURTHER ORDERED THAT:**

      Plaintiffs may file a Motion for LEAVE TO AMEND any of the claims dismissed herein for breach of express warranty and for breach of implied warranty up to and including thirty days from the date of this Order 3.

Dated: 22 January 2021                                              <u>/s Robert B. Kugler</u>
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge