# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
_____

*Certified by the Supreme Court of
 New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
_____

°Member of N.J. & N.Y. Bars

January 26, 2021

**VIA CM/ECF**

Honorable Robert Kugler, U.S.D.J.
U.S. District Court for the District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 3C
4th and Cooper Streets
Camden, New Jersey 08101

Honorable Thomas I, Vanaskie (Ret.)
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, PA 19103-1702

Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*, No. 1:19-md-02875-RBK-JS (D.N.J.)

Dear Judge Kugler and Judge Vanaskie:

Plaintiffs respectfully submit this letter brief in advance of the upcoming January 27, 2021 telephonic case management conference.

1. **ZHP Schedule**

Plaintiffs and ZHP have been conferring for more than one month regarding the schedule for depositions of ZHP witnesses, and in particular those residing in China.  Among the complicating factors presented by ZHP are (1) the pandemic, (2) the asserted unavailability of all the Chinese resident witnesses during the month of February due to a holiday in mid-February thus depriving Plaintiffs of a full month that was supposed to be used for some of these depositions, (3) the need to conduct the depositions of all Chinese based witnesses in Hong Kong and thus

Hon. Robert Kugler, U.S.D.J.
Hon. Thomas I. Vanaskie (Ret.)
January 26, 2021
Page 2

implicating a 12 hour time difference that makes it impossible to conduct a full day of testimony unless the lawyer were to work each night from 7 p.m. EST to 3 or 4 a.m. which is not possible - thus requiring the depositions to be conducted in no more than 5 hour blocks, and (4) the need for translators for the majority of the China based witnesses.

As a result of the foregoing, ZHP has offered dates for fifteen witnesses, including eight 30 b 6 witnesses (covering virtually every significant liability and general causation witness), and seven fact witness, during the month of March. This proposed heavy bunching of overlapping testimony requires double and triple tracking of depositions despite the prohibition on double tracking depositions per the deposition protocol until there is a "demonstrated need" (Plaintiffs do not believe that ZHP's self-imposed prohibition on any depositions of China based witnesses prior to March to be a fair basis to create a "demonstrated need," nor was the multi-tracking of virtually all of the depositions in March contemplated within this narrow exception). The calendar attached at Exhibit A hereto illustrates the current proposed schedule of ZHP witnesses only, in February and March, which includes the requirement due to the time zone difference that all depositions begin at 7 pm and each session conclude at midnight, throughout the month. And this is imposed on the overall litigation and deposition schedule, with Plaintiffs deposing witnesses from five other manufacturers at the same time, thus spreading and thinning Plaintiffs' resources to an unreasonable extent. 01/13/2021 Trans. 23:18-19 (Judge Schneider noting "I've said it's extremely unfair to the plaintiffs to push everything back to March"). On January 15, 2021, Judge Schneider entered an Order regarding the ZHP schedule, just before he retired, but at the same time Plaintiffs' and Defendants' liaison counsel were in email communication with Judge Schneider regarding the difficulty with the schedule, and Judge Schneider acknowledged therein

Hon. Robert Kugler, U.S.D.J.
Hon. Thomas I. Vanaskie (Ret.)
January 26, 2021
Page 3

that the parties were continuing to work to arrive at a reasonable schedule, and the legitimate need to do so. See Ex. B hereto.

ZHP has proposed moving the non-30(b)(6), fact only witnesses, to April. Plaintiffs have asked ZHP to work to propose a schedule that eliminates or at least significantly minimizes the need to conduct so many multi-tracked depositions, including potentially moving a witness(es) to the week of February 23, and if approved by the Court, conducting depositions in the early part of April. However, if depositions are pushed forward into April, Plaintiffs will likely need to serve supplemental expert reports following the May 1, 2021 expert report deadline.

Plaintiffs are committed to conducting these important depositions and are hopeful that ZHP will work with Plaintiffs to help find a more equitable and manageable solution, which will require the Court's approval to conduct some number of the depositions in April. After more than two years of litigation, including more than one year given to ZHP and the other manufacturers to produce documents (a continuing process), it is not reasonable to force Plaintiffs to conduct the large majority of the most important ZHP depositions in such a condensed time, while double and even triple tracking the depositions.

2. **Update on Deposition Schedules**

Plaintiffs report the following progress on scheduling Rule 30(b)(6) depositions with the remaining Manufacturer Defendants.

**Teva:** Since the last CMC, Plaintiffs and Teva have agreed on dates for the depositions of Teva's Rule 30(b)(6) corporate designees, and the time on the record for each designee (one full day for each corporate designee, except Mr. Barreto who will appear in his designee capacity for two days of deposition; the parties may agree to modify the schedule in light of Mr. Barreto's

Hon. Robert Kugler, U.S.D.J.
Hon. Thomas I. Vanaskie (Ret.)
January 26, 2021
Page 4

appearing for two days). The parties are also working collaboratively to schedule an agreed-upon number of additional fact depositions of Teva current or former employees prior to the April 1, 2021 discovery deadline and will report further as needed in conjunction with the February discovery conference. *See* Ex. C hereto.

**Aurobindo:** Since the last CMC, Plaintiffs and Aurobindo have agreed on the dates for the Aurobindo Rule 30(b)(6) corporate designee depositions, and the time on the record for each designee. *See* Ex. D hereto. The parties continue to work to finalize fact witness dates and times and will report further as needed in conjunction with the February discovery conference.

**Torrent:** Since the last CMC, Plaintiffs and Torrent have agreed on the dates for the Torrent Rule 30(b)(6) corporate designee depositions, and the time on the record for each designee. *See* Ex. E hereto. The parties continue to work to finalize fact witness dates and times and will report further as needed in conjunction with the February discovery conference.

3. **Status of Defendants' Document Productions**

The Court Ordered rolling productions beginning in July 15, September 1, October 1, and November 1, 2020, with final production to be completed by November 30, 2020. See April 20, 2020 Order [D.E.] 416. Plaintiffs, at various CMCs, brought up their concerns that Defendants were not properly abiding by the requirement for rolling productions, and were concerned that they would get a document dump at the very end of the production deadline. The final productions by Defendants have shown that Plaintiffs' concerns were justified. At the December status conference, Plaintiffs presented the following discussion of the productions by each Defendant to Magistrate Judge Schneider. Since that time, Defendants have continued to produce documents, particularly significant numbers of documents that were wrongfully withheld either on the basis

Hon. Robert Kugler, U.S.D.J.
Hon. Thomas I. Vanaskie (Ret.)
January 26, 2021
Page 5

of relevance or on the basis of privilege. Defendants' late productions, as described below, have significantly prejudiced Plaintiffs in their ability to properly prepare for and take Defendants' depositions under the Court's scheduling order. Whereas Defendants had approximately *11 months* to review and produce their documents, Plaintiffs have had barely *one month* to attempt to review approximately *75 percent* of the documents Defendants produced.

Magistrate Judge Schneider indicated many times during the production process in admonishing Defendants to comply with their obligations for a rolling production, that Plaintiffs should not be prejudiced by Defendants' delays, and that if additional relevant documents are found by Plaintiffs due to Defendants' late production, Plaintiffs will be entitled to re-depose Defendants' witnesses. Plaintiffs bring this once again to the Court's attention due to Magistrate Judge Schneider's retirement, to ensure that Your Honor is aware of this situation, created by Defendants.

Between July 15th and November 6th, ZHP produced approximately 500,000 bates numbers[1] of documents (of which approximately 200,000 were a set of batch manufacturing records). After November 6, 2020, ZHP produced approximately 2.3 million bates numbers of documents. Thus, ZHP produced approximately *82 percent* of its non-core production after November 6, 2020. As of the November 30, 2020, deadline, ZHP has produced a total of 244,061 documents since the beginning of this litigation.

Between July 15th and November 1, 2020 Mylan produced approximately 91,000 bates numbers of documents. After November 1, 2020, Mylan produced approximately 422,000 bates

---

[1] Due to the fact that many documents were produced as natives, Plaintiffs refer to bates numbers rather than page count, as some multi-page native documents were marked as a single bates number, thus it is not possible to accurately determine the actual number of pages produced.

Hon. Robert Kugler, U.S.D.J.
Hon. Thomas I. Vanaskie (Ret.)
January 26, 2021
Page 6

numbers of documents, of which approximately 320,000 were produced on November 30, 2020. Thus, Mylan produced approximately *82 percent* of its non-core production after November 1, 2020. As of the November 30, 2020, deadline, Mylan had produced 234,566 total documents since the beginning of the litigation.

Between July 15th and November 2, 2020 Teva produced approximately 98,000 bates numbers of documents. After November 2, 2020, Teva produced approximately 355,000 bates numbers of documents. Thus, Teva produced approximately *78 percent* of its non-core production after November 2, 2020. As of the November 30, 2020, deadline, Teva has produced a total of 157,575 documents since the beginning of this litigation.

Between July 15th and November 2, 2020 Hetero Labs Limited produced approximately 350,000 bates numbers of documents. After November 2, 2020, Hetero Labs produced approximately 880,000 bates numbers of documents. Thus, Hetero Labs produced approximately *71 percent* of its non-core production after November 2, 2020. As of the November 30, 2020, deadline, the Hetero Entities have produced a total of 193,098 documents since the beginning of this litigation.

Between July 15th and November 5, 2020 Torrent produced approximately 155,000 bates numbers of documents. After November 5, 2020, Torrent produced approximately 376,000 bates numbers of documents. Thus, Torrent produced approximately *70 percent* of its non-core production after November 5, 2020. As of the November 30, 2020, deadline, Torrent produced a total of 118,102 documents since the beginning of this litigation.

Aurobindo has only produced approximately 109,000 bates numbers worth of documents total, and Auro Pharma Ltd. has only produced only approximately 31,000 bates numbers worth of

Hon. Robert Kugler, U.S.D.J.
Hon. Thomas I. Vanaskie (Ret.)
January 26, 2021
Page 7

documents total. That includes core discovery documents. As of the November 30, 2020, deadline, the Aurobindo Entities have produced a total of 13,059 documents since the beginning of this litigation. Plaintiffs are very concerned about this low volume of production in comparison to the volume of production by other Defendants. Plaintiffs are attempting to review the Aurobindo documents to determine if there are categories of documents missing and/or if there seem to be specific deficiencies in the production.

4. **Update on Stipulation Relating to Wholesaler Defendants' T3 Data**

Plaintiffs and Wholesaler Defendants have exchanged multiple drafts of a proposed stipulation to obviate the need for letter briefing on whether Wholesaler Defendants must produce T3 data in response to Plaintiffs' court-approved document requests. On January 23, 2021, Judge Vanaskie granted the parties' extension request to have until February 8 to finalize the stipulation or to submit letter briefing.

5. **Short Form Complaints for Losartan and Irbesartan; Implementing Orders for Same; Order Regarding Service of Process for Defendants**

The Parties have reached agreement on the new Short Form Complaint that will allow Plaintiffs to include claims relating to losartan and irbesartan and expect to have this and a corresponding proposed implementing order submitted to the Court before the upcoming conference.

Plaintiffs have also asked all Defendants who had entered appearances in the MDL for any reason as of the date the complaints were filed if they agree they have been served with the Master Complaints vie ECF. Defendants have not yet responded with their position. To the extent the parties do not agree, Plaintiffs request that the Court deem all parties who had entered appearances at the time these complaints were served to be properly served.

Hon. Robert Kugler, U.S.D.J.
Hon. Thomas I. Vanaskie (Ret.)
January 26, 2021
Page 8

### 6. Filing of Amended Master Complaints

Plaintiffs' currently have until January 27, 2021 to file amendments to the Master Economic Loss and Medical Monitoring Complaints on the basis of the Court's rulings in its Motion to Dismiss Order No. 2. Friday past, January 22, 2021, the Court issued rulings in its Motion to Dismiss Order No. 3 that now permits Plaintiffs leave to file, upon application to the Court, additional amendments to the Master Complaints regarding warranty claims. In view of the need for all of these amendments, Plaintiffs sought agreement from Defendants to have a single uniform date by which all amendments to the Master Complaints can be filed. Defendants do not oppose such a request mindful that the Motion to Dismiss Order No. 3 states that Plaintiffs are to file a motion for leave to accomplish same. In addition to serving judicial economy, this will allow the parties to proceed with one set of filings rather than two.

### 7. Mylan Privilege Log

Plaintiffs have begun conferring with Mylan regarding the adequacy of their privilege log production. In late December, Plaintiffs requested that Mylan produce a legend of all attorneys present on their privilege logs, which Mylan states it will produce by tomorrow. Mylan's delay in the production of this legend has hampered Plaintiffs' ability to review the privilege log. Nevertheless, Plaintiffs have provided Mylan with a listing of documents, and Mylan has committed to conduct a review of these documents, and make a supplemental production by next week. The Parties will raise any remaining issues with the Court at the next CMC, if necessary.

Respectfully,
*ADAM M. SLATER*

Hon. Robert Kugler, U.S.D.J.
Hon. Thomas I. Vanaskie (Ret.)
January 26, 2021
Page 9


cc:	All Counsel (via CM/ECF)