**GT GreenbergTraurig**

Lori G. Cohen
Tel 678.553.2385
Fax 678.553.2386
cohenl@gtlaw.com

January 26, 2021

**VIA ECF**

The Honorable Robert B. Kugler
United States District Court Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

Special Master the Honorable Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

Re:   **In re Valsartan, Losartan, and Irbesartan Products Liability Litigation**
      **Case No. 1:19-md-02875-RBK-JS**

Dear Judge Kugler and Special Master Vanaskie:

This letter is to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on January 26, 2021.

1. **Parties' Agreement on Bellwether Pool Selection and Proposed Order**

Pursuant to the Court's recommendation, the parties met and conferred regarding the process for personal injury plaintiff bellwether trial pool selections. This process culminated in a mutual exchange on January 15, 2021, resulting in a list of twenty-eight (28) agreed personal injury cases for the pool. The Parties have since met and conferred over the language of a proposed order memorializing this process and these selections. The Parties are finalizing the language in the proposed order and anticipate submitting a proposed order for Judge Kugler's consideration prior to the conference.

2. **State Court Coordination Order**

Given that a number of state court cases mirroring the claims asserted in the MDL are not capable of being transferred to the MDL, Defendants have proposed a "Joint Coordination Order" that would coordinate discovery in the MDL with discovery in any state court action such that the



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 2

MDL would be prioritized as the lead case for the purpose of discovery and discovery in the state court action would only occur on good cause shown there. (*See* attached as **Exhibit A**). Given the extensive discovery the parties have provided and will continue to provide in the MDL regarding claims relating to the alleged impurities, such coordination would reduce the likelihood of unnecessary duplication of the extensive MDL discovery in a state court action, and thereby prevent a compounding of the burden and expense of the discovery the parties have borne and will continue to bear in the MDL. The parties have not yet met and conferred about the proposed Joint Coordination Order proposed by Defendants, but Defendants look forward to doing so and to having the Court enter such order in February.

### 3. Schedule and Plan for Ongoing Mid-Month Teleconferences

During the January 13, 2021 Teleconference with the Court, Special Master Vanaskie inquired if the parties wished to continue holding a mid-month teleconference in addition to the monthly Case Management Conferences. (Trans. Jan. 13, 2021 Teleconference, 54:4-11). After conferring with the defense group, Defendants certainly agree with the Special Master that the parties benefit from having regular access to the Court's guidance and the ability to raise issues which require timely resolution. However, in the interest of balancing the many competing demands of the case and the large number of parties involved, Defendants refer to the original language of Case Management Order No. 2, establishing the mid-month teleconferences, which stated that these are to be "a teleconference with Magistrate Judge Joel Schneider and the leadership counsel . . . ." (Dkt. 72 at 1-2). Defendants believe the original intent of the mid-month teleconferences was to provide an opportunity for leadership counsel to preview the month-end agenda for the Court and to raise only those issues which required resolution prior to the month-end Case Management Conference.

No doubt in part due to the suspension of in-person Case Management Conferences and the impact of the COVID-19 pandemic, the current mid-month teleconferences have begun to expand and largely mirror the Case Management Conferences in scope, significantly increasing the amount of time spent by the parties in preparing for these teleconferences. Defendants respectfully propose that the parties return to the original format of the mid-month teleconferences, which was to allow the leadership counsel to address a limited set of pressing issues with the Court, but reserving issues that did not require immediate attention to be raised at the monthly Case Management Conferences.

### 4. Proposed Litigation Overview to Magistrate Williams and Special Master Vanaskie

Given the recent transition of the case to Judge Williams and the appointment of Special Master Vanaskie, Defendants propose that it may be helpful to the Court if the parties each be permitted to submit letters providing an overview of the litigation and procedural history, including the identity of the parties and the claims and defenses, as well as a summary of the parties' discovery conducted to date and any key rulings which have been entered. Defendants previously previewed this suggestion to Plaintiffs. (*See* attached as **Exhibit B**). Defendants believe a succinct



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 3

letter such as that described above would be beneficial given the transition of this matter, but of course defer to the Court on the need for and scope of such a submission.

**5. Plaintiff Fact Sheet Deficiencies and Orders to Show Cause**

**Cases Addressed at the November 24, 2020 Case Management Conference:**

As a preliminary matter Defendants note that four cases were orally dismissed by the Court without objection at the November 24, 2020 Case Management Conference[1] yet orders of dismissal have not been entered on the individual dockets. Defendants respectfully request that as per the Court's direction at the conference, the clerk enter orders of dismissal on the dockets in the following cases:

- Fisher, Louis – 20-cv-5057
- Battle, Dorothy – 20-cv-2218
- Gunter, Alcus – 20-cv-7952
- Keller, Theodore – 20-cv-6918

**Cases Addressed at the December 22, 2020 Case Management Conference:**

Defendants note that the Court issued 10 show cause orders returnable at the January 27, 2021 Case Management Conference.

The parties have reached an agreement to extend the time to resolve the issues in three of these matters and the order to show cause is withdrawn:

- Smoot, Kelly – 20-cv-8560
- Aikens, Thomas – 20-cv-5187
- Napolitano, John – 20-cv-05174

Two matters have been resolved:
- Schiano, John - 20-cv-08677
- Ware, Johnny – 20-cv-10365

One case has been dismissed:
- Lomax, Sharon – 20-cv-08269

Four cases remain subject to an order to show cause at the January 27, 2021 Case Management Conference for failure to substantially complete a PFS:

---

[1] *See* Transcript of November 24, 2020 Case Management Conference at 8:7-20.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
Terminus 200 Building, 3333 Piedmont Road NE, 25th Floor ■ Atlanta, Georgia 30305 ■ Tel 678.553.2100 ■ Fax 78.553.2212



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 4

|    | Plaintiff | Civil Action No. | Law Firm | Core Deficiencies |
|----|-----------|------------------|----------|-------------------|
| 1. | Hebert, Betty | 19-CV-14647 | Damon J. Baldone | No authorizations or records uploaded.<br>II.D.4 Exposure chart is incomplete (7 unanswered questions)<br>III.C. Non-cancer illness- blank |
| 2. | Newcombe, Sonja | 20-cv-10274 | Levin Papantonio | No PFS filed |
| 3. | Williams, Naomi | 20-cv-08772 | Levin Papantonio | No PFS filed |
| 4. | Troyce, Houchin | 20-cv-08269 | Pendley, Baudin & Coffin, L.L.P. | I.C.2 Failed to attach records demonstrating product use and injury.<br>III.G Failed to specify medical expenses.<br>XI.A.1,6 Failed to provide authorizations<br>XII Failed to provide signed and dated declaration |

### Second Listing Cases – Order to Show Cause Requested:

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these four cases were previously listed on the agenda for a prior CMC. Defendants provided a list including these cases and identified deficiencies to Plaintiffs' leadership counsel for distribution on January 19, 2021, met and conferred with Plaintiffs' counsel on January 21, 2021, and have been available for further meet and confers as needed. Accordingly, Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why the case should not be dismissed.

Defense counsel will be prepared to address the individual issues with respect to each of these cases, to the extent necessary, during the January 27, 2021 Case Management Conference:

|    | Plaintiff | Civil Action No. | Law Firm | Core Deficiencies | Deficiency Notice Sent | Prior Agenda Listing |
|----|-----------|------------------|----------|-------------------|------------------------|----------------------|
| 1. | Delgado Riffenburg, Deborah | 1:20-cv-02133 | Watts Guerra, LLP | II.E. Military Service- unanswered<br>II.F. Worker's Compensation and Disability Claims-unanswered<br>II.G. Life Insurance-unanswered | 5/18/2020 | December |



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 5

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | II.H. Other lawsuits- unanswered<br>II.I. Convictions- unanswered<br>II.K. Bankruptcy- unanswered<br>III.A.1.a. Hypertension- unanswered<br>III.C. 1-6. Non-cancer injuries claimed- Plaintiff will supplement<br>III.D. Injuries attributed to Valsartan that persist- Plaintiff will supplement<br>III.E. Emotional injury- unanswered, Plaintiff will supplement<br>IV. D. Insurance Carriers- Plaintiff will supplement<br>V.G. Condition Information- Plaintiff will supplement<br>VI.B. Non-prescription drugs- Plaintiff will supplement<br>VIII. Family History- Plaintiff will supplement<br>XI.A - Failed to provide properly signed, undated, and completed authorizations. | | |
| 2. | Babin, Amanda | 19-cv-14649 | Damon J. Baldone and Associates | I.C.8 Information provided does not match SFC. Please clarify the discrepancy. Labelers/Distributors named in SFC but not in PFS.<br>I.C.9 Information provided does not match SFC. Please clarify the discrepancy. Repackagers named in SFC but not in PFS.<br>I.C.10 Failed to respond.<br>Start and end date of use for all valsartan products listed.<br>I.C.11 Plaintiff appears to have started listing information for 2 more products. If so, please fill in all the information as required, including name of product, dosage, and start and end dates.<br>III.G Failed to provide medical expense information.<br>IV.E. Failed to respond – other witnesses.<br>V.G. Failed to provide required information for each condition.<br>XI.A. 1, 6, 7 Failed to provide properly signed, undated, and completed authorization.<br>XI.B.18-19 Failed to respond. | 09/14/2020 | December |
| 3. | Hill, Teddy | 20-cv-14278 | Farr, Farr, Emerich, Hackett, | No PFS filed | SFC Filed - 12/11/2020 | December |



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 6

|   |   |   | Carr & Holmes P.A. |   |   |   |
|---|---|---|---|---|---|---|
| 4. | Trowbridge, Carolyn | 20-CV-08614 | Hollis Law Firm, P.A. | No PFS filed | SFC Filed - 09/08/20 | December |

**First Listing Cases – Remaining Core Deficiencies:**

      The following Plaintiff Fact Sheets contains core deficiencies which remain unresolved. Defendants provided a list including these cases and identified deficiencies to Plaintiffs on January 19, 2021 and met and conferred with Plaintiffs' counsel on January 21, 2021 and have been available for further meet and confers as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

|    | **Plaintiff** | **Civil Action No.** | **Law Firm** | **Deficiencies** | **Deficiency Notice Sent** |
|----|---|---|---|---|---|
| 1. | Patterson, Linda | 20-cv-14605 | Watts Guerra | Please send PDFs of authorizations. It appears they are image files and some areas are blurred. | 12/31/20 |
| 2. | Hodan, Richard | 20-cv-08671 | Golomb & Honik, PC | III.F.2.b   Failed to respond. Annual gross income for 2011-2013 (plaintiff is claiming lost wages). <br> III.G.a   Failed to respond. Information related to medical expenses. <br> XI.A.2   Failed to provide properly signed, undated, and completed authorization (Forms 4506 and 4506-T). | 9/29/20 |
| 3. | Gibson, James | 20-cv-2875 | Douglas & London | Failed to file amended fact sheet or respond to Deficiency Notice | 12/28/20 |
| 4. | Martinez, Anthony | Medical Monitoring Representative | Hollis Law Firm | Failed to file amended fact sheet or respond to Deficiency Notice | 12/15/20 |
| 5. | Stewart, Pamela | 20-cv-03788 | Erlanger Law Firm | Failed to file amended fact sheet or respond to Deficiency Notice | 12/22/20 |
| 6. | Betz, Raymond | 1:20-cv-6471 | Messa & Associates | Please see Deficiency letter for numerous deficiencies. <br> No authorizations provided | 10/8/20 |



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 7

| 7. | Medrano, Rene | 20-cv-12099 | Fears Nachawati | I.C.1 - Plaintiff produced pharmacy records that demonstrate use of Amlodipine, however Plaintiff has identified use of Amlodipine/Valsartan in the PFS. Please produce proof of use of the identified Amlodipine/Valsartan product. Also, the produced pharmacy records do not include NDC codes. Please produce pharmacy records that include NDC codes.<br>I.C.4 – Failed to provide the NDC Code for the second identified product.<br><br>I.D.1 - Plaintiff did not produce medical records for the following identified health care provider: Dr. Habib Ghaddar. Please produce complete medical records for the foregoing identified health care provider.<br><br>II.D.4.c - Failed to provide the dates of exposure in Plaintiff's diet including red and/or processed meats. Plaintiff's answer is cut off on the PFS form in the Third Amended PFS. Please provide the complete answer and include a supplemental page if the answer will not fit on the PFS form.<br><br>III.G.a – III.G.c - Plaintiff failed to provide substantive responses to the requests regarding the medical expenses he is seeking recovery for. Plaintiff indicated in the PFS that billing records have been requested. Please provide the medical expense information and the billing records as they become available.<br><br>XI.A.1 – Failed to provide healthcare authorizations for the following: Dr. Ricardo Lerma; Benjamin Salinas; Pamela Lopez FNP; Dr. David E. Yardley; Dr. Christopher Wood; Dr. Debra Woloski; Dr. Habib Ghaddar; Mid Valley Pharmacy; Walgreens; Walmart.<br><br>XI.A.7 – Plaintiff produced a mental health records authorization for Jose Igoa, MD, however the produced mental health records authorization is dated. Please produce a properly executed and undated mental health records authorization for Jose Igoa, MD. | 12/10/20 |



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 8

| | | | | | |
|---|---|---|---|---|---|
| | | | | XI.B.2 - No pharmacy records were produced for the following identified pharmacies: Walgreens or Walmart.<br><br>XI.B.9 - No photographs of the packaging or labeling for the identified Amlodipine Valsartan product was produced.<br><br>XI.B.18 - No medical expense records were produced. Plaintiff indicated in the PFS that billing records have been requested. Please produce the billing records as they become available. | |
| 8. | Hudson, Elizabeth | 20-cv-13621 | Watts Guerra, LLP | I.C. 2 - The produced CVS records are incomplete, as the records only contain prescriptions for a time period of one month and do not include the identified Valsartan usage dates. Please produce complete pharmacy records. Also, the produced photograph of the Valsartan label only shows one side of the bottle. Please produce additional photographs that show the entire Valsartan bottle.<br>III.C.3.a.i – III.C.3.a.ii - Plaintiff's answer "N/A" is an insufficient response to the requests to identify the primary treating physician(s) for the physical injuries claimed by Plaintiff in this case, the medication(s) prescribed by the primary treating physician(s), or whether Plaintiff received treatment other than medication from the primary treating physician(s).<br>III.C.3.b – III.C.b.iii - Plaintiff's answer "N/A" is an insufficient response to the requests to identify all major hospitalizations, surgeries, and/or procedures that Plaintiff has undergone in the last 10 years, including each treatment/procedure Plaintiff underwent, the reason for each treatment/procedure, and the date(s) of each treatment/procedure, as Plaintiff identified undergoing surgery for treatment of her cancer in sections I.D and VII.A of the PFS.<br>III.C.3.c.i – III.C.3.c.ii - Plaintiff's answer "N/A" is an insufficient response to the requests to identify the name, address, and | 12/11/20 |



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 9

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | phone number for each health care provider which Plaintiff identified in the previous chart as having provided treatment or performed procedure (s) on the Plaintiff.<br>III.G.c – Failed to provide the monetary amount for each of the identified claimed medical expenses.<br>XI.B.2 - The produced pharmacy records are incomplete and do not include the identified Valsartan usage dates. Please produce complete pharmacy records.<br>XI.B.10 - The produced pharmacy records are incomplete and do not include the identified Valsartan usage dates. Please produce complete pharmacy records.<br>XI.B.12 - Failed to produce medical expense records in support of Plaintiff's claimed medical expenses. | |
| 9. | Keller, Theodore | 20-cv-06918 | Shrager & Sachs and Welsh & Welsh, PC LLO | PFS is substantially incomplete. | 12/14/20 |

**First Listing Cases – Failure to File PFS:**

The following plaintiffs have failed to file a Plaintiff Fact Sheet and are beyond the deadline to file. Defendants provided a list including these cases to Plaintiffs on January 19, 2021 and met and conferred with Plaintiffs' counsel on January 21, 2021 and have been available for further meet and confers as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | PFS Due (60 days + SFC) |
|---|---|---|---|---|---|
| 1. | Motl, Kenny | 20-cv-12751 | Oliver Law Group | No PFS Filed | 11/16/20 |
| 2. | Greenleaf, Robert | 20-cv-8785 | Hollis Law | No PFS Filed | 11/28/20 |
| 3. | Jackson, Rickey | 20-cv-14927 | Levin Papantonio | No PFS Filed | 12/22/20 |
| 4. | Newcombe, Sonja | 20-cv-10274 | Levin Papantonio | No PFS Filed | 8/11/20 |
| 5. | Thompson, Donald | 20-cv-7988 | Douglas & London | No PFS Filed | 6/30/20 |


The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 10

| 6. | Futch, John | 20-cv-16139 | Hollis Law Firm, P.A. | No PFS Filed | 1/12/21 |
|---|---|---|---|---|---|

### 6. The Depositions of ZHP Party Employees

As set forth below, on January 15, 2021, Judge Schneider approved dates for the depositions of all 20 ZHP Party employees whose depositions have been proposed, even the five depositions that have not yet been approved because they are the subject of pending or forthcoming protective order motions. Plaintiffs have since complained that the deposition schedule approved by Judge Schneider should be modified because it requires that the depositions of certain ZHP Party employees be conducted on the same day. However, having proposed adding seven ZHP Party depositions to the schedule of 13 depositions originally proposed by the ZHP Parties, and having never themselves proposed a schedule for the 20 ZHP Party depositions they were seeking, Plaintiffs should not be heard to complain now about the overlapping of depositions. It is of their own doing. This is especially true given that such overlapping was explicit in the proposed deposition schedule at issue during the Case Management Conference on January 13, which the Court approved in its January 15 order. Nevertheless, the ZHP Parties are not opposed to certain modifications of the schedule of ZHP Party depositions approved by Judge Schneider.

#### a. The Schedule of Depositions Approved by Judge Schneider.

On January 15, 2021, Judge Schneider entered an order approving the schedule of depositions of ZHP Party employees proposed by the ZHP Parties on December 8 and modified on January 5. *See* ECF 743 at ¶ 2 ("The schedule for ZHP's depositions that is set forth in Exhibit D to defendants' January 12, 202 letter [Doc. No. 730] is hereby APPROVED."). For convenience, the schedule approved by Judge Schneider is attached hereto as **Exhibit D**. In entering that order, Judge Schneider also delineated the specific number of days of testimony the ten ZHP Party witnesses designated to provide 30(b)(6) testimony would be required to provide, inclusive of those witnesses' 30(b)(6) and individual testimony. *Id.* at ¶ 3.

In addition to those witnesses, the schedule of ZHP Party depositions Judge Schneider approved includes dates for the depositions of three other ZHP Party employees the ZHP Parties agreed to produce for individual testimony, and dates for the depositions of seven additional ZHP Party employees Plaintiffs proposed on December 17, 2020. Four of those additional seven witnesses Plaintiffs proposed are the subject of the ZHP Parties' motion for protective order filed on January 20, 2021, *see* ECF 765, and Judge Schneider granted ZHP leave to file a motion for a protective order as to a fifth additional witness Plaintiffs proposed, Baohua Chen, ZHP's Chairman, once the record of ZHP Party depositions has been fully developed. *See* ECF 704.[2]

---

[2] The ZHP Parties have agreed to the depositions of two of the seven additional witnesses, Eric Tsai and Xioadi Guo.



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 11

Notwithstanding that ZHP has contested the depositions of those five additional witnesses, at Judge Schneider's direction, *see* ECF 727 at ¶ 3, the ZHP Parties proposed dates for the depositions of all 20 proposed ZHP Party witnesses. As Judge Schneider noted, if any of the depositions are not ordered, those witnesses can simply be removed from the deposition schedule. *See* 01/05/21 Hrg. Tr. at 26:1-5 ("If it turns out that the depositions are not ordered, then they can be taken off the schedule; but to make sure there's no lag or undue delay, ZHP will be ordered to give proposed tentative dates for these witnesses' depositions[.]").

Attached hereto as **Exhibit E** is a calendar reflecting the March deposition dates approved by Judge Schneider that also accounts for the 5-hour blocks of testimony time needed due to the time zone difference and the additional 75% of testimony time needed for depositions requiring translation.

### b. The Overlapping of ZHP Party Depositions is Unavoidable Due to the Seven Additional Depositions Plaintiffs Seek.

On January 5, 2021, Judge Schneider ruled that the ZHP Parties had established good cause for proposing that their China-based witnesses would have to be deposed in March due to the travel and quarantine restrictions resulting from COVID-19 and the Chinese New Year, which runs from February 11 to February 27, 2021:

> THE COURT: Okay. And before I forget, I just want to make one notation for the record. It is true that there are a number of depositions of ZHP in March; however, in ZHP's case, it's the Court's finding that ZHP has established good cause why it couldn't produce those witnesses earlier. One, it's been represented to the Court that the Chinese New Year is celebrated in the interim. This Court has no personal knowledge of how they celebrate the New Year in China, but it's been represented that it has a significant impact on the parties' schedule.
>
> Two, the Court has said previously that ZHP is facing enormous practical difficulties arranging for depositions, travel, what have you. The Court has not heard the same from any other defendant. So I think ZHP is in a unique position and that accounts for why it might be appropriate in ZHP's instance for an inordinate number of depositions to be held in March instead of earlier.

01/05/21 Hrg. Tr. 15:16-16:7.

Had Plaintiffs been satisfied taking the depositions of the seven China-based employees the ZHP Parties offered for both 30(b)(6) and individual testimony on December 8, 2021, which witnesses are designated to cover all of the topics in Plaintiffs 30(b)(6) notice to ZHP, there might have been flexibility in March to move those depositions around to avoid overlap. However, adding the seven additional witnesses proposed by Plaintiffs on December 17 makes overlapping ZHP Party depositions in March unavoidable, especially considering the time zone differences between counsel and the witnesses and adding time to the depositions needing a translator.



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 12

        i. <u>The Time Zone Difference Requires the Depositions of Chinese Nationals be Conducted in 5-hour Blocks of Testimony.</u>

It is necessary for the China-based witnesses to travel to another country because it is a violation of Chinese law for a Chinese national to be deposed in a U.S. legal proceeding while in China. This is true even for depositions taken by videoconference, such as using the Zoom platform. The negotiated Supplemental Protocols Governing Depositions of Chinese Nationals Residing in Mainland China, which the Court approved on December 30, 2020, reflects that the depositions of Chinese nationals residing in mainland China, as 14 of ZHP's witnesses do, will be taken in Hong Kong. *See* ECF 701.[3]

Hong Kong is 13 hours ahead of Eastern Standard Time until March 14, when it will move to being 12 hours ahead of EST due to Daylight Savings Time. Under the Deposition Protocol, unless otherwise agreed, the depositions of witnesses who are being deposed from Hong Kong will begin at 9:00 am Hong Kong time, or 8:00 pm EST the night before. A seven hour deposition of a witness in Hong Kong starting at 9:00 am Hong Kong time would thus end at 3:00 am EST. Given the challenge for counsel for both sides to be conducting a deposition in to the early morning hours, the ZHP Parties proposed that the depositions be conducted in 5-hour blocks, beginning at 8:00 am in Hong Kong, or 7:00 pm EST the night before. ***Plaintiffs seem to agree to this proposal***.

        ii. <u>Translation Time Extends the Length of Depositions by 75%</u>

The Deposition Protocol also provides that the length depositions requiring the use of a translator will be increased by 75%. *See* ECF 701 at 5. Thus, a 1-day, or 7-hour, deposition without a translator becomes a 12.25 hour deposition with a translator. As set forth below, ten of the 15 witnesses who might be deposed in March will require a translator during the deposition.

    **c. The ZHP Parties Are Not Opposed to Certain Modifications of the Schedule Approved by Judge Schneider.**

Given that the China-based witnesses would have to provide a number of 5-hour blocks of testimony to complete the days of testimony ordered by Judge Schneider, especially those witnesses who require a translator, the ZHP Parties proposed modifying the schedule Judge Schneider approved so as to avoid testimony being provided on weekend nights EST, and also

---

[3] It should be mentioned that the ZHP Parties are currently considering whether the COVID-19 quarantine restrictions in Macau and Singapore are less onerous, such that the ZHP Parties' China-based witnesses might travel to those countries for their depositions, subject to being able to obtain travel permits and entry. Those countries are in the same time zone as Hong Kong, so their travel to those countries for the depositions will not impact the schedule.



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 13

suggested moving into April the depositions of the seven additional witnesses Plaintiffs proposed on December 17, 2021. *See* Goldberg Email, 01/19/21, attached as **Exhibit F**.[4]

Plaintiffs did not accept this proposal, but did not offer an alternative that would avoid the overlapping of depositions they now complain about. *See* Slater Email, 01/22/21, attached as **Exhibit G**. Accordingly, on January 25, the ZHP Parties informed Plaintiffs that the ZHP Parties plan to move forward with the schedule of depositions as ordered by Judge Schneider, subject to the parties' agreement to conduct the depositions of China-based witnesses in 5-hour blocks until completed. *See* Goldberg Email, 01/25/21, attached as **Exhibit H**. However, the ZHP Parties have agreed to move the start dates of three witnesses, Linda Lin, Peng Dong, and Minli Zhang, as Plaintiffs requested, and have proposed moving the start dates for two other witnesses, Xiaodi Guo and Jie Wang. *Id*.

Thus, using the schedule approved by Judge Schneider, with the few modifications indicated in the preceding paragraph, the start dates for each of the ZHP Party witnesses are as follows. The depositions of the witnesses whose names are italicized are being contested by the ZHP Parties, and witnesses whose names are in bold require a translator.

March 1: **Minli Zhang**
March 4: **Qingming Li**
March 8: **Eric Tsai**
March 9: Eric Gu
March 11: **Jucai Ge**, *Lucy Liu*
March 15: Linda Lin
March 16: *Yuelin Hu*
March 18: Min Li
March 19: *Karen Xu*
March 22: **Jie Wang**
March 24: Xiaodi Guo
March 25 *Xavier Tang*
March 29: **Peng Dong**
April 1: *Baohua Chen*

---

[4] Moving the depositions of the five witnesses that Judge Schneider did not approve, but rather granted ZHP leave to seek to move against upon a fully deposition record showing that those depositions are not necessary and would be cumulative, would be consistent with Judge Schneider's ruling that dates for those depositions should be provided "***without prejudice to ZHP to present a record, which is not available now, to show, in fact, that these depositions are not materially important and should be quashed***." 12/22/20 Hrg. Tr. at 40:15-16 (emphasis added); *see id*. at 42:7-9 (emphasis added) ("without prejudice to ZHP to present a record that, in fact, ***these depositions are cumulative, duplicative, not material . . . .***").



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 14

7. **Update on Deposition Schedules**

   a. **Aurobindo**

   Counsel for the Aurobindo parties met-and-conferred with Plaintiffs' counsel and have reached agreement on the deposition schedule for Aurobindo's witnesses to take place prior to April 1, 2021. To the extent any issues remain with respect to individual dates and disputed witnesses, the Aurobindo parties do not foresee the need for Court involvement in resolving such issues and the parties will continue to work in good faith to accommodate scheduling conflicts should they arise.

   b. **Teva**

   The parties have reached agreement on the deposition schedule for Teva's 30(b)6 witnesses to take place prior to April 1, 2021, and are coordinating on the scheduling of five additional fact witness depositions. To the extent any issues remain with respect to individual dates Teva does not foresee the need for Court involvement in resolving these issues, and the parties will continue to work in good faith to accommodate scheduling conflicts should they arise.

   c. **Torrent**

   The parties have reached agreement on the deposition schedule for Torrent's witnesses to take place prior to April 1, 2021. The only remaining issue is the start and end time of the depositions for deponents residing in India. Torrent does not foresee the need for Court involvement in resolving that issue, and the parties will continue to work in good faith to accommodate scheduling conflicts should they arise.

8. **Summary of Defendants' Document Production**

   Defendants emailed Plaintiffs to exchange a list of agenda items to be addressed at this CMC on January 22, 2021. (*See* attached as **Exhibit C**). Plaintiffs replied with their own list of items, which added "Summary of Defendants' Document Production." (*Id.*). Defendants responded and requested clarification on this item, as Defendants are unaware of any issues with Defendants' Document Production that are ready to be raised with the Court at this time. Specifically, Defendants asked if any such issues had been the subject of a meet and confer and if Plaintiffs could elaborate on this topic to the extent specific parties should be prepared to address their document productions before the Court.

   Plaintiffs did not respond to this request. To the extent the Court would like Defendants to provide an overview or summary of their document productions to date (similar to the information Defendants proposed be included in the letter to the Court addressed in Section 5, above), Defendants are happy to do so. However, if Plaintiffs intend to raise alleged deficiencies or issues with Defendants' document productions to the Court for the first time at this CMC and without giving notice to Defendants of the substance of these allegations, Defendants request that the Court



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 15

require notice and the opportunity for the parties to meet and confer before considering any such issues on the record.

### 9. Update on Wholesaler Defendants T3 Data Stipulation

In response to plaintiffs' requests for production of exemplars of "shipment documents" that accompany Valsartan-containing drugs purchased and sold by Wholesaler Defendants (RFPs Nos. 5 and 7), the Wholesaler Defendants each produced responsive documents and in their responses further stated that, as wholesalers, they are prohibited from producing exemplars of the transaction information, transaction history, and transaction statement ("T3") documents/data pursuant to the wholesaler-specific section 360eee-1(c)(1)(A)(v)(II) of the DSCSA, which specifically establishes the confidential nature of such documents ("A wholesale distributor shall . . . maintain the confidentiality of the transaction information (including any lot level information consistent with the requirements of this section), transaction history, and transaction statement for a product in a manner that prohibits disclosure to any person other than the Secretary or other appropriate Federal or State official. . ."). Following the December 22, 2020, status conference, during which this issue was discussed with the Court and briefing was ordered, the parties began discussions concerning the negotiation of a stipulation that would obviate the need for the filing of any briefing and a court decision on the issue. Counsel for the parties continue to work on a stipulation. If the parties are unable to reach a stipulation on this issue, briefing will be filed by February 8, 2021, with the Court to hear the matter, if required, at the February 10, 2021, status conference.

### 10. Short Form Complaints for Losartan and Irbesartan and Implementing orders; Service of Process on Defendants

The parties have not had an opportunity to complete their meet-and-confer obligations on this issue. Plaintiffs asked if every Defendant who is currently in this litigation will accept service of all of the Losartan and Irbesartan Master Complaints through the Court's electronic filing system. Some of the foreign Defendants may require service through the Hague Convention and some of the downstream defendants may require service in person domestically. There is also at least one Defendant (Sandoz, Inc.) who has not yet been served in connection with any complaint in the MDL. When a similar issue arose regarding the foreign manufacturers and the Valsartan Master Complaints (before this MDL was expanded to include the other 'Sartans), the Court allowed the parties to brief the issue and decided that each Defendant had to be served with at least one of the Valsartan Master Complaints (Dkt. 99). If the parties are unable to reach an agreement through their meet-and-confer obligations, Defendants would respectfully request the opportunity to brief the issue.

### 11. Filing of Amended Complaints

After conferring with Plaintiffs, the defense group does not consent to the modification of the current deadline which requires Plaintiffs to file amended complaints in response to MTD 2 by January 27, 2021. Defendants will take no position should Plaintiffs move for leave to modify this date.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
Terminus 200 Building, 3333 Piedmont Road NE, 25th Floor ■ Atlanta, Georgia 30305 ■ Tel 678.553.2100 ■ Fax 78.553.2212



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 16

### 12. Mylan's Privilege Log

On Monday, January 25, 2021, Plaintiffs indicated their intention to raise purported "deficiencies" with Mylan's Privilege Log during the January 27, 2021 Case Management Conference. This issue is not ripe to be brought before the Court because the parties have not yet had an opportunity to meaningfully meet and confer pursuant to L.Civ.R. 37.1(a)(1). Further, the ESI Protocol (Dkt. 127) grants Mylan thirty (30) days to respond to any issues identified by Plaintiffs in writing. Mylan has informed Plaintiffs that it needs time to investigate these issues in order to continue to meet and confer.

Mylan produced its Privilege Log to Plaintiffs on December 30, 2020. On January 18, 2021 Mylan produced an amended Privilege Log, which removed the privilege designation from several documents, which have now been produced. No documents were added to the amended Privilege Log. Plaintiffs have also requested a legend containing the names of attorneys identified on the log, and Mylan has agreed to provide this information.

Plaintiffs first raised alleged deficiencies with Mylan's Privilege Log during a telephonic meet and confer on Sunday, January 24, 2021. Plaintiffs did not identify specific documents contained on Mylan's Privilege Log during this discussion; rather, Plaintiffs outlined generalized grievances regarding the manner in which Mylan logged privileged documents. Thereafter, on Monday, January 25, 2020, Plaintiffs followed up in writing and identified approximately 370 documents contained on Mylan's Privilege Log to which Plaintiffs challenged the privilege designation. Mylan has agreed to review these specific documents in an expedited manner, and to the extent any of these documents were withheld in error, Mylan will produce them next week.

The ESI Protocol governs this issue. Specifically, where a requesting party seeks further information about privileged documents

> it shall explain in writing the need for such information and identify, by Bates number or other unique identifier, each document for which it seeks this information. Within thirty (30) days of such a request, the producing party must either (i) provide the requested information or (ii) challenge the request. Either party may seek to expedite this time period upon good cause shown. If a party challenges a request for further information, the parties shall meet and confer to try to reach a mutually agreeable solution. If they cannot agree, the parties must request a conference with the court before any motions may be filed.

(Dkt. 127 at 18). Mylan has already agreed to expedite its review of the specific documents identified by Plaintiffs. Accordingly, the meet and confer on those documents is ongoing. With respect to any other generalized, alleged "deficiencies," Plaintiffs are required to identify specific documents in order to allow the parties to meet and confer. Because Plaintiffs have not done so, none of these issues are properly before the Court at this time.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
Terminus 200 Building, 3333 Piedmont Road NE, 25th Floor ■ Atlanta, Georgia 30305 ■ Tel 678.553.2100 ■ Fax 78.553.2212



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 17

                                    Respectfully submitted,

                                    */s/ Lori G. Cohen*

                                    Lori G. Cohen

cc:    Adam Slater, Esq. (*via email*, *for distribution to Plaintiffs' Counsel*)
        Jessica Priselac, Esq. (*via email*, *for distribution to Defendants' Counsel*)
        Seth A. Goldberg, Esq. (*via email*)
        Clem C. Trischler, Esq. (*via email*)
        Sarah Johnston, Esq. (*via email*)
        Jeffrey Geoppinger, Esq. (*via email*)