# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Judge<br><br>Honorable Joel Schneider, Magistrate Judge |

**JOINT COORDINATION ORDER**

The Clerk is directed to enter the attached Joint Coordination Order.

SO ORDERED, this ____ day of _____ , 2019.

_____
Honorable Robert B. Kugler,
District Judge

2

**[APPLICABLE STATE COURT]**

| [STATE CASE CAPTION] | [Case Number] |
| --- | --- |
|  | [Judge(s)] |

**JOINT COORDINATION ORDER**

The Clerk is directed to enter the attached Joint Coordination Order.

SO ORDERED, this ____ day of _____ , 2019.

_____
[Judge]

2

## JOINT COORDINATION ORDER

WHEREAS, a federal proceeding captioned *In Re: Valsartan Products Liability Litigation*, MDL Docket No. 2875 (the "MDL Proceeding"), is pending before the Hon. Robert B. Kugler in the United States District Court for the District of New Jersey (the "MDL Court");

WHEREAS, several actions involving the same subject matter as the MDL Proceeding have been filed in the courts of a number of states (the "State-Court Actions");

WHEREAS, the MDL Proceeding and the State-Court Actions involve many of the same factual allegations and circumstances and many of the same parties, and discovery in those various proceedings will substantially overlap;

WHEREAS, coordination of pretrial proceedings in the MDL Proceeding and the State-Court Actions will likely prevent duplication of discovery and undue burden on parties and non-parties in responding to discovery requests, save substantial expense by the parties and non-parties, and produce substantial savings in judicial resources;

WHEREAS, each court adopting this Order (collectively, the "Courts") finds that coordination of discovery and pretrial scheduling in the MDL Proceeding and the State-Court Actions will further the just and efficient disposition of each proceeding and therefore has concluded that the circumstances presented by these proceedings warrant the adoption of certain procedures to manage these litigations;

WHEREAS, the Courts and the parties anticipate that other courts in which State-Court Actions are now pending may join this Joint Coordination Order (this "Order");

WHEREAS, a State-Court Action in which this Order has been entered is referred to herein as a "Coordinated Action" or, collectively, as the "Coordinated Actions"; and

WHEREAS, each Court entering this Order is mindful of the jurisdiction of each of the other courts in which other Coordinated Actions are pending and does not wish to interfere with the jurisdiction or discretion of those courts.

NOW, THEREFORE, IT IS ORDERED that the parties are to work together to coordinate discovery to the maximum extent feasible in order to prevent duplication of effort and to promote the efficient and speedy resolution of the MDL Proceeding and the Coordinated Actions and, to that end, the following procedures for discovery and pretrial proceedings shall be adopted:

A. **Discovery and Pretrial Scheduling**

1. All discovery and pretrial scheduling in the Coordinated Actions will be coordinated to the fullest extent possible with the discovery and pretrial scheduling in the MDL Proceeding. The MDL Proceeding shall be used as the lead case for discovery and pretrial scheduling in the Coordinated Actions.

2. Plaintiffs in the Coordinated Actions and their counsel shall be entitled to participate in discovery in the MDL Proceeding as set forth in this Order and in accordance with the terms of the Discovery Confidentiality Order entered in the MDL Proceeding, a copy of which is attached hereto as Exhibit A (the "MDL Discovery Confidentiality Order"). Each court that adopts this Order thereby also adopts the MDL Discovery Confidentiality Order which, except as amended by separate order of the adopting court, shall govern the use and dissemination of all documents and information produced in coordinated discovery conducted in accordance with the terms of this Order. Discovery in the MDL Proceeding will be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules and Orders of the MDL Court, including the MDL Discovery Confidentiality Order, all as interpreted by the MDL Court. Parties in the MDL Proceeding and their counsel may also participate in discovery in any Coordinated Action as set forth in this Order.

3. The plaintiff or plaintiffs in a Coordinated Action may take discovery (whether directed to the merits or class certification) in the state court only upon leave of the court in which the Coordinated Action is pending. Such leave shall be obtained on noticed motion for good cause shown, including why the discovery sought could not have been obtained in coordinated discovery in the MDL Proceeding.

**B.     Use of Discovery Obtained in the MDL Proceeding**

4. Counsel representing a party in a Coordinated Action will be entitled to receive all discovery taken in the MDL Proceeding, provided that such discovery responses and documents shall be used or disseminated only in accordance with the terms of the MDL Discovery Confidentiality Order. Counsel representing a party in the MDL Proceeding shall be entitled to receive all discovery taken in any Coordinated Action; any such discovery responses and documents shall be used or disseminated only in accordance with the terms of the MDL Discovery Confidentiality Order.

5. Requests for documents, interrogatories, depositions on written questions and requests for admission propounded in the MDL Proceeding will be deemed to have been propounded and served in the Coordinated Actions. The parties' responses to such requests for documents, interrogatories, depositions on written questions and requests for admission will be deemed to be made in the Coordinated Actions and may be used in those actions, subject to and in accordance with the terms of the MDL Discovery Confidentiality Order, as if they had been taken under the applicable civil discovery rules of the respective jurisdictions.

6. Depositions taken in the MDL Proceeding may be used in the Coordinated Actions, subject to and in accordance with the terms of the MDL Discovery Confidentiality Order, as if they had been taken under the applicable civil discovery rules of the respective jurisdictions.

**C.      Service and Coordination Among Counsel**

7.      The MDL Court has appointed Liaison Counsel and Lead Counsel for all parties in the MDL Proceeding (the "MDL Liaison Counsel" and "MDL Lead Counsel") (those counsel are identified in the attached Exhibit B).  The MDL Defendants' Liaison Counsel shall file with the MDL Court and serve upon all MDL Liaison Counsel copies of all Coordination Orders, Confidentiality or Protective Orders, and Orders designating plaintiffs' liaison counsel that are entered in the Coordinated Actions.  Each MDL Liaison Counsel shall maintain and make available to counsel in their liaison group and to other MDL Liaison Counsel an up-to-date service list for the Coordinated Actions.

8.      Any court wishing to grant the parties before it access to coordinated discovery may do so by joining this Order pursuant to paragraph 25 and appointing one Plaintiffs' Liaison Counsel to facilitate coordination of discovery in the Coordinated Action and discovery in the MDL Proceeding.

9.      The MDL Defendants' Liaison Counsel shall promptly serve upon Plaintiffs' Liaison Counsel in each Coordinated Action all discovery requests (including requests for documents, interrogatories, depositions on written questions, requests for admission and subpoenas duces tecum), responses and objections to discovery requests; deposition notices; correspondence or other papers modifying discovery requests or schedules; and discovery motions (*i.e.*, motions under Rules 26 through 37 or Rule 45 of the Federal Rules of Civil Procedure) or requests for hearing on discovery disputes regarding coordinated discovery matters that are served upon the parties in the MDL Proceeding.  Deposition notices shall be served by U.S. Mail.  Plaintiffs' Liaison Counsel in the Coordinated Actions shall be responsible for distributing such documents to other counsel for plaintiffs in their respective actions.

10. The MDL Defendants' Liaison Counsel shall maintain a log of all Orders entered in the MDL Proceeding and all discovery requests and responses sent and received in the MDL Proceeding and shall transmit a copy of said log by email to Plaintiffs' Liaison Counsel in each Coordinated Action by the seventh (7th) day of each month, or upon written request. The MDL Defendants' Liaison Counsel will promptly transmit a copy of each order entered in the MDL Proceeding to Plaintiffs' Liaison Counsel in the Coordinated Actions.

D. **Participation in Depositions in the MDL Proceeding**

11. Each deposition of a defendant's witness taken in the MDL Proceeding: (i) will be conducted on reasonable written notice, to be served on Plaintiffs' Liaison Counsel in each Coordinated Action in accordance with the provisions of paragraph 9 above; (ii) shall be subject to a reasonable time limit and such other rules as to timing as are imposed by Rule or Order of the MDL Court, which may, in accordance with the provisions of Rule 30(d)(1) of the Federal Rules of Civil Procedure, exceed the one-day, seven-hour time limit described therein; and (iii) will be conducted pursuant to the Federal Rules of Civil Procedure and under the terms of the MDL Discovery Confidentiality Order, all as interpreted by the MDL Court.

12. At least one Lead Counsel for the MDL Plaintiffs, or their designee, shall confer with Plaintiffs' Liaison Counsel in the Coordinated Actions, or their designees, in advance of each deposition of a defendant's witness taken in the MDL Proceeding, taking such steps as may be necessary to avoid multiple interrogators and duplicative questions, and to avoid additional depositions in the Coordinated Actions.

13. Counsel representing the plaintiff or plaintiffs in a Coordinated Action shall be permitted to attend any deposition of a defendant's witness scheduled in the MDL Proceeding. One Plaintiffs' Counsel from each Coordinated Action shall be permitted a reasonable amount of time to question the deponent in those depositions following questioning by the MDL Plaintiffs'

Lead Counsel, or their designee or designees, and shall be permitted to make objections during examination by other counsel, in accordance with the Federal Rules of Civil Procedure, the Local Rules of the MDL Court and the Orders of the MDL Court entered in the MDL Proceeding, and in accordance with the terms and procedures set forth in subparts (a) through (c) below providing that:

    (a)    the court in which the Coordinated Action is pending has adopted the MDL Discovery Confidentiality Order or has entered a Protective Order substantially similar to the MDL Discovery Confidentiality Order;

    (b)    any questions asked by Plaintiffs' Liaison Counsel from the Coordinated Action shall be nonduplicative of questions previously asked in the deposition; and

    (c)    participation of Plaintiffs' Liaison Counsel from the Coordinated Actions shall be arranged so as not to delay discovery or other proceedings as scheduled in the MDL Proceeding.

14.    Counsel representing any party to any Coordinated Action may obtain directly from the court reporter at its own expense a transcript of any deposition taken in the MDL Proceeding or in any other Coordinated Action. The transcript of any deposition taken in the MDL Proceeding shall not be used or disseminated except in accordance with the terms of this Order and the MDL Discovery Confidentiality Order.

15.    Depositions of defendants' witnesses in addition to those taken in the MDL Proceeding (whether directed to the merits or class certification) may be taken in a Coordinated Action only upon leave of the state court in which the Coordinated Action is pending, obtained on noticed motion for good cause shown, including why the discovery sought could not have been obtained in coordinated discovery in the MDL Proceeding. The transcript of any such deposition

shall not be used or disseminated except in accordance with the terms of the MDL Discovery Confidentiality Order.

16. If depositions in addition to those taken in the MDL Proceeding are permitted in a Coordinated Action, the noticing party shall provide reasonable written notice, by U.S. Mail, to all MDL Liaison Counsel and all Liaison Counsel in the other Coordinated Actions. Counsel representing parties in the MDL Proceeding and counsel representing plaintiffs in each other Coordinated Action shall be entitled to attend the deposition of any witness whose deposition is taken in a Coordinated Action and, following questioning by Plaintiffs' Counsel in the Coordinated Action, one counsel from the MDL Plaintiffs' Personal Injury PSC, one counsel from the MDL Plaintiffs' Economic Reimbursement PSC, one counsel representing each MDL Defendant and one Plaintiffs' Counsel from each Coordinated Action shall each be permitted a reasonable amount of time to ask nonduplicative additional questions and shall be permitted to make objections during examination by other counsel.

17. If the MDL Plaintiffs, through their respective Liaison Counsel, have been provided with reasonable notice of and opportunity to participate in a deposition taken in any Coordinated Action, no MDL Plaintiff shall be permitted to re-depose that deponent without first obtaining an Order of the MDL Court upon a showing of good cause therefor. Any party or witness receiving notice of a deposition which it contends is not permitted by the terms of this Order shall have seven days from receipt of the notice within which to serve the noticing party with a written objection to the deposition. In the event of such an objection, the deposition shall not go forward until the noticing party applies for and receives an order from the MDL Court granting leave to take the deposition.

E. **Participation in Written Discovery in the MDL Proceeding**

18. At least one Lead Counsel for the MDL Plaintiffs, or their designee, shall confer with Plaintiffs' Liaison Counsel in the Coordinated Actions, or their designees, in advance of the service of requests for written discovery in the MDL Proceeding, taking such steps as may be necessary to avoid additional interrogatories, depositions on written questions, requests for admission and requests for documents in the Coordinated Actions.

19. Plaintiffs' Liaison Counsel in any Coordinated Action may submit requests for documents, interrogatories, depositions on written questions and requests for admission to MDL Plaintiffs' Liaison Counsel for inclusion in the requests for documents, interrogatories, depositions on written questions and requests for admission to be propounded in the MDL Proceeding. Such requests shall be included in the requests propounded in the MDL Proceeding, provided that:

(a) the requests for documents, interrogatories, depositions on written questions and/or requests for admission are submitted to MDL Plaintiffs' Liaison Counsel within ten (10) calendar days after MDL Plaintiffs' Liaison Counsel have notified Plaintiffs' Liaison Counsel in the Coordinated Actions of MDL Plaintiffs' intent to serve such discovery; and

(b) the requests are nonduplicative of requests proposed by MDL Plaintiffs' Lead Counsel.

The number of interrogatories permitted in the MDL Proceeding will be subject to such limitations as are imposed by Rule or Order of the MDL Court, which may, in accordance with the provisions of Rule 33(a) of the Federal Rules of Civil Procedure, exceed the limit described therein.

20. Requests for documents, interrogatories, depositions on written questions and requests for admission in addition to those served in the MDL Proceeding (whether directed

10

to the merits or class certification) may be propounded in a Coordinated Action only upon leave of the state court in which the Coordinated Action is pending, obtained on noticed motion for good cause shown, including why the discovery sought could not have been obtained in coordinated discovery in the MDL Proceeding.  A motion for leave to serve additional document requests, interrogatories, depositions on written questions and/or requests for admission which were proposed by Plaintiffs' Liaison Counsel in a Coordinated Action in accordance with paragraph 19 and which were not included in the discovery requests served by MDL Plaintiffs' Counsel in the MDL Proceeding shall be filed in the state court on notice within twenty-one (21) calendar days of service of the MDL Plaintiffs' discovery request from which those requests for documents, interrogatories, depositions on written questions and/or requests for admission were omitted.

21.   All parties to the MDL Proceeding, through their respective Liaison Counsel, shall be entitled to receive copies of responses to interrogatories, responses to depositions on written questions, responses to requests for admission and documents produced in any Coordinated Action.  Any party or counsel otherwise entitled under this order to receive copies of discovery from other parties or counsel shall reimburse the producing party for actual out-of-pocket costs incurred in connection with the copying and shipping of such discovery (including but not limited to document productions) and shall use such materials only in accordance with the terms of the MDL Discovery Confidentiality Order.

22.   Any counsel representing a plaintiff in a Coordinated Action shall, in accordance with any Orders of the MDL Court entered in the MDL Proceeding and subject to the terms of the MDL Discovery Confidentiality Order, have access to any document depository that may be established by the parties to the MDL Proceeding.

11

### F.   Discovery Dispute Resolution

23.   In the event that the parties are not able to resolve any disputes that may arise in the coordinated pretrial discovery conducted in the MDL Proceeding, including disputes as to the interpretation of the MDL Discovery Confidentiality Order, such disputes will be presented to the MDL Court.  Resolution of such disputes shall be pursuant to the applicable federal or state law, as required, and such resolution may be sought by any party permitted by this Order to participate in the discovery in question.  In the event that additional discovery is sought in a Coordinated Action and the parties to that action are not able to resolve any discovery disputes that may arise in connection with that additional discovery, such disputes will be presented to the court in which that Coordinated Action is pending.

24.   Nothing contained herein shall constitute or be deemed to constitute a waiver of any objection of any defendant or plaintiff to the admissibility at trial, of any documents, deposition testimony or exhibits, or written discovery responses provided or obtained in accordance with this Order, whether on grounds of relevance, materiality, or any other basis, and all such objections are specifically preserved.  The admissibility into evidence in any Coordinated Action of any material provided or obtained in accordance with this Order shall be determined by the court in which such action is pending.

### G.   Implementing This Order

25.   Any court before which a State-Court Action is pending may join this Order, thereby authorizing the parties to that State-Court Action to participate in coordinated discovery as and to the extent authorized in this Order, provided that Plaintiffs' Liaison Counsel is first appointed for the State-Court Action.

26.   Each court that joins this Order shall retain jurisdiction to modify, rescind and/or enforce the terms of this Order.

SO ORDERED, this \_\_\_\_ day of _____, 2019.

                                                           _____
Honorable Robert B. Kugler,
District Judge