# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>EARL DUNCAN<br><br>                                    Plaintiff,<br><br>v.<br><br>ZHEJIANG HUAHAI PHARMACEUTICAL, CO., LTD.; TORRENT PHARMACEUTICALS, LTD.; TORRENT PHARMA, INC.; CVS HEALTH; AND DOES 1-100,<br><br>                                    Defendants. | MDL No. 19-2875 (RBK/JS)<br><br>Honorable Robert B. Kugler,<br>District Court Judge<br>Honorable Joel Schneider,<br>Magistrate Judge<br><br>**MOTION TO SUBSTITUTE PARTY**<br><br>Civil Action No.:  1:20-CV-03321-RBK-JS |

## MOTION FOR SUBSTITUTION OF VIVIAN DUNCAN AS PARTY PLAINTIFF FOR EARL DUNCAN, DECEASED

Counsel for Plaintiff Earl Duncan, Deceased, in accordance with Federal Rule of Civil Procedure 25, moves for an order substituting Vivian Duncan, surviving spouse of Plaintiff Earl Duncan, now deceased, as Party Plaintiff in this matter.

### I.       BACKGROUND

Plaintiff Earl Duncan, now deceased, filed this action on March 26, 2020, for injuries he sustained from Defendants' losartan-containing drugs.[1] [ECF No. 1]. Mr. Duncan subsequently died on July 29, 2020. **Exhibit A** (Certificate of Death). Plaintiff's counsel filed a Suggestion of Death on November 3, 2020. [ECF No. 3]. Plaintiff's counsel and Mrs. Vivian Duncan,

---

[1] Although Plaintiff originally filed his Short Form Complaint, which alleged injuries resulting from Defendants' valsartan-containing drugs, Plaintiff subsequently filed his First Amended Complaint, which clarified that he took Losartan. ECF No. 4 at ¶ 3.

surviving spouse of Earl Duncan, now respectfully request that the Court substitute Mrs. Duncan for Mr. Duncan as the appropriate Party Plaintiff in this matter.

## II. ARGUMENT

The Court should substitute Mrs. Vivian Duncan, surviving spouse of Plaintiff Earl Duncan, as Party Plaintiff for Mr. Duncan for three reasons: (1) Mrs. Duncan has timely filed her Motion to Substitute; (2) Mr. Duncan's claims survive his death; and (3) Mrs. Duncan is an appropriate Party Plaintiff to substitute for Mr. Duncan.

### A. Mrs. Duncan's Motion to Substitute Is Timely.

Under the Federal Rules of Civil Procedure, the Court can substitute Mrs. Duncan as the Party Plaintiff for Mr. Duncan, now deceased. Federal Rule of Civil Procedure 25(a)(1) says:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Plaintiff's Counsel filed and served a Suggestion of Death on November 3, 2020. [ECF No. 3]. Therefore, because Mrs. Duncan's Motion is being made within 90 days of filing and service of the Suggestion of Death, the Court should substitute Mrs. Duncan as the Party Plaintiff.

### B. The Texas Civil Practice and Remedies Code Makes Clear That Personal Injury Claims Survive Death in Texas.

The first part of the Rule 25(a) analysis is whether the party's claims are extinguished upon his death, and Texas law makes clear Mr. Duncan's claims are not extinguished. Under the Texas Civil Practice and Remedies Code:

> (a) A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person or because of the death of a person liable for the injury.

2

> (b) A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person. The action survives against the liable person and the person's legal representatives.
>
> (c) The suit may be instituted and prosecuted as if the liable person were alive.

Tex. Civ. Prac. & Rem. Code § 71.021. "[A] decedent's survival claim becomes part of her estate at death, [therefore] it follows that the estate retains a justiciable interest in the survival action." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005).

Under the Texas Survival Statute, "a decedent's action survives his death and may be prosecuted in his behalf. The survival action, as it is sometimes called, is wholly derivative of the decedent's rights. The actionable wrong is that which the decedent suffered before his death. The damages recoverable are those which he himself sustained while he was alive and not any damages claimed independently by the survival action plaintiffs […]. Any recovery obtained flows to those who would have received it had he obtained it immediately prior to his death—that is, his heirs, legal representatives and estate." *Id.* at 849-850 (quoting *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992)).

Mr. Duncan brought this action against Defendants for injuries he sustained from their losartan-containing drugs. Although Mr. Duncan passed away in July 2020, his claims for personal injury survive his death. This is true of all his claims whether sounding in negligence, products liability, fraud, or otherwise.

### 1. Plaintiff Earl Duncan's Personal Injury Claims Survive His Death.

Earl Duncan's claims for Products Liability (Counts I-III) survive because they are brought alleging that the actionable defects in Defendants' losartan-containing drugs caused injuries to his health and person. As such, they survive his death and pass to his estate pursuant

to TCPRC § 71.021(a). *See GMC v. Iracheta*, 161 S.W.3d 462 (Tex. 2005) (grandmother of two boys killed in car accident sued General Motors on behalf of the boys' estates under a products liability theory).

Further, Mr. Duncan's claims for Negligence (Counts IV-V) and Negligent Misrepresentation (Count IX) survive because his pleadings allege that Defendants' negligent misconduct injured his health and person pursuant to Tex. Civ. Prac. & Rem. Code § 71.021(a). *Austin Nursing Ctr.*, 171 S.W.3d at 850 ("Therefore, because the pleadings in this case alleged that the defendants' negligent conduct injured [the decedent], her estate had standing to pursue a claim.").

Similarly, Mr. Duncan's warranty and fraud claims (Counts VI-VIII) also survive his death because they allege Defendants' fraudulent conduct and warranties related to the losartan-containing drugs caused injuries to his health and person. As such, these claims survive Mr. Duncan's death and pass to his estate pursuant to Tex. Civ. Prac. & Rem. Code § 71.021(a).

Finally, Mr. Duncan's claim for punitive damages also survives his death and can be brought pursuant to his estate's survival claim. *See e.g., Hofer v. Lavender*, 679 S.W.2d 470, 472 (Tex. 1984) ("Because of the survival statute, it is now accepted that death of the injured party does not bar a recovery of exemplary damages by the estate."); *see also Missouri Pac. R.R. Co. v. Lemon*, 861 S.W.2d 501, 523 (Tex. App.–Houston [1st Dist.] 1993, writ dism'd) (judgment awarding actual and exemplary damages in a negligence action survived the death of the decedent and were recoverable by her estate because damages accrued to the decedent prior to her death). Therefore, all of Mr. Duncan's personal injury claims are not extinguished by his death, and the proper party may continue these claims pursuant to the Texas Survival Statute.

### 2. Plaintiff Earl Duncan's Claim Under Texas's Deceptive Trade Practices Act Should Also Survive His Death.

The Court should allow Earl Duncan's claim for violation of state consumer protection laws of Texas to survive his death despite inconsistencies in Texas law. It is unclear under Texas law whether Mr. Duncan's claims under the Deceptive Trade Practices Act (DTPA) survive his death. However, there is not enough of a consensus among Texas courts against their survival for the Court to determine that they do not survive. Consequently, Mrs. Duncan should be permitted to bring Mr. Duncan's DTPA claims as a survival claim. The Texas Supreme Court has only determined the survivability of DTPA claims in the context of assignment and has not answered whether DTPA claims survive to a consumer's estate. *See PPG Indus., Inc. v. JMB/Houston Ctrs. Lt. P'ship*, 146 S.W.3d 79 (Tex. 2004). There is currently a split among Texas courts concerning the answer to this question, which does not sufficiently determine the issue against Mrs. Duncan.

Texas' First and Second Courts of Appeals have determined that DTPA claims *do* survive the death of the consumer. *See Mahan Volkswagen, Inc. v. Hall*, 648 S.W.2d 324 (Tex. App.–Houston [1st Dist.] 1982, writ ref'd n.r.e.) (Because decedent occupied the status of "consumer" and could have sued for damages concerning her personal injuries, her cause of action survived to her estate); *Thomes v. Porter*, 761 S.W.2d 592, 594 (Tex. App.–Ft. Worth 1988, no writ) ("A consumer's cause of action under the DTPA survives a consumer's death, inures to the benefit of the estate of the deceased consumer, and may be properly brought by it."). These holdings are supported by the fact that that the legislature has said the DTPA should be "liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading and deceptive business practices […] and to provide efficient and economical procedures to secure such protection." *Thomes*, 761 S.W.2d at 594.

However, the Fourth Court of Appeals and the District Court for the Northern District of Texas have determined that DTPA claims do not survive the death of the consumer. *See Tex. Farmer Bureau Mut. Ins. Co. v. Rogers,* 351 S.W.3d 103, 107 (Tex. App.–San Antonio 2011, pet denied) ("[A] deceased consumer's estate cannot pursue a cause of action under the DTPA because the statute does not explicitly provide for survival […]."); *Launius v. Allstate Ins. Co.*, No. 3:06-CV-0579-B, 2007 WL 1135347 (N.D. Tex. Apr. 17 2007) ("If DTPA claims cannot be assigned because of their personal and punitive attributes, then this Court fails to see how such claims can survive the death of a consumer […].").

Because Texas law is unsettled concerning the survivability of Mr. Duncan's DTPA claims, there is not enough support for the Court to disallow Mrs. Duncan from bringing such claims on his behalf. Therefore, Mrs. Duncan should be able to bring Earl Duncan's DTPA claims as survival claims.

### C. Vivian Duncan Is the Appropriate Party Plaintiff for Substitution.

Mrs. Vivian Duncan is the surviving spouse of Earl Duncan and is a proper party to substitute for Mr. Duncan. As previously stated, Federal Rule of Civil Procedure 25 says, "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Further, in Texas, "[i]f the Plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name." Tex. R. Civ. P. 151. Under the Texas Estates Code, Mrs. Vivian Duncan, as Mr. Duncan's spouse at the time of his death, is his heir. Tex. Est. Code § 201.002–003. Therefore,

6

the Court should substitute Mrs. Duncan, the surviving spouse and heir of Mr. Duncan, as the Party Plaintiff for Earl Duncan.

### III.   CONCLUSION

In conclusion, Plaintiff's counsel and Mrs. Vivian Duncan respectfully ask the Court to substitute Mrs. Vivian Duncan as the party Plaintiff in this matter for the reasons contained herein.

Date:   January 28, 2021

                                              Respectfully Submitted,

                                               */s/   Anna Greenberg*
                                              Anna Greenberg (TX Bar #24089898)
                                              Edward Blizzard (TX Bar #02495000)
                                              BLIZZARD LAW, PLLC
                                              5020 Montrose Blvd., Suite 410
                                              Houston, TX 77006
                                              T:  (713) 844-3750
                                              F:  (713) 844-3755
                                              E:  agreenberg@blizzardlaw.com
                                              E:  eblizzard@blizzardlaw.com

                                              *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2021, a copy of foregoing Motion for Substitution of Party Plaintiff was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

                                                /s/ *Anna Greenberg*
                                                Anna Greenberg