IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

CAMDEN VICINAGE

_____

|  |  |  |
|---|---|---|
| | : | |
| IN RE VALSARTAN, LOSARTAN, AND | : | |
| IRBESARTAN | : | MDL No. 2875 (RBK/KW) |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | **MTD ORDER 4** |
| *This Document Relates To All Actions*. | : | |

_____ :

KUGLER, United States District Judge:

   **This matter having come before** the Court in this Multi-District Litigation ["MDL"] that concerns the sale in the U.S. of prescription generic drugs containing Valsartan ["VCDs"][1] and which were found to contain cancer-causing contaminants ["VCDs at issue"] on three Motions to Dismiss ["MTDs"] by each of the three categories of defendant—Manufacturers ["Mfrs"], Wholesalers, Pharmacies—and;

   **These MTDs seeking dismissal of several claims** in the Three Master Complaints—Personal Injury [PIMC], the Economic Loss ["ELMC"],and the Medical Monitoring ["MMMC"] pursuant to Fed. R. Civ. P. 12(b)(6); and

   **The Court intending to issue a series** of Opinions and Orders to resolve the MTDs as to specific Master Complaint claims; and

   **Each opinion being** accompanied by an order; and

   **This ORDER 4 being the fourth in the series** and accompanying OPINION 4 of this date to resolve the MTD arguments relating to the fraud-based claims, including negligent misrepresentation, and on the strict liability claims for failure to warn and for design defect,

**IT IS HEREBY ORDERED THAT:**

**As for the Fraud–based Claims:**

Against the Manufacturing Defendants:

The Court **DENIES** the Manufacturing Defendants' motion to dismiss the **fraud-based claims (fraudulent misrepresentation; fraudulent concealment; fraud by omission; state consumer**

---

[1] Although this MDL consolidates cases that allege injury from the U.S. sales of contaminated valsartan, irbesartan and losartan, as of yet, there are no master complaints in this MDL that concern losartan and irbesartan. Therefore, defendants' motions here concern ONLY claims that allege injury relating to contaminated valsartan.

protection statute claims that sound in fraud)  as well as the negligent misrepresentation claims, in the **ELMC, the PIMC, and the MMMC.**.

Against the Wholesaler Defendants and the Pharmacy Defendants:

The Court **GRANTS** the Pharmacy Defendants' and the Wholesaler Defendants' motions to dismiss the **fraud-based claims  (fraudulent misrepresentation; fraudulent concealment;  fraud by omission; state consumer protection statute claims that sound in fraud) in the  ELMC, the PIMC, and the MMMC and dismisses these claims WITHOUT PREJUDICE**.

Plaintiffs may file a motion for LEAVE TO AMEND these Master Complaints as to the fraud-based claims against the Pharmacy Defendants and the Wholesaler Defendants, according to the deadline set forth in the accompanying Order;  and

**IT IS FURTHER  ORDERED THAT:**

**As for the Negligent Misrepresentation Claims:**

Against the Wholesaler Defendants and the Pharmacy Defendants:

The Court **GRANTS** the Pharmacy Defendants' and the Wholesaler Defendants' motions to dismiss the negligent misrepresentation claims in the **in the  ELMC, the PIMC, and the MMMC and dismisses these claims WITHOUT PREJUDICE**; and .

**IT IS FURTHER  ORDERED THAT:**

**As for Strict Liability-Design Defect Claims Relating to Manufacturing Defect:**

Against the Manufacturing Defendants in the PIMC

The Court **GRANTS** the Manufacturing Defendants' motion to dismiss the **strict liability-manufacturing defect** claim in the PIMC that arise under the laws  of Delaware, Massachusetts, **North Carolina, Virginia, Indiana, and Pennsylvania** and **dismisses these claims WITH PREJUDICE**; and

**IT IS FURTHER  ORDERED THAT:**

**As for Strict Liability-Design Defect Claims NOT Relating to Manufacturing Defect:**

The Court **DENIES** the Manufacturing Defendants' motion to dismiss the **strict liability-design defect claims  in the PIMC** that arise under the **laws of states that do NOT prohibit strict liability- design defect claims**; and

**IT IS FURTHER  ORDERED THAT:**

**As For Strict Liability- Failure To Warn  Claims in the PIMC and MMMC**

<u>Against Manufacturing Defendants</u>

The Court **DENIES** the Manufacturing Defendants' motion to dismiss the **strict liability-failure to warn claims  in the PIMC and the MMMC** that arise **under the laws of states  that do NOT prohibit strict liability failure to warn claims.**

The Court **GRANTS** the Manufacturing Defendants' motion to dismiss the **strict liability-failure to warn claims  in the PIMC and the MMMC**  that arise **under the laws of states that PROHIBIT strict liability failure to warn claims.**

<u>Against Wholesaler and Pharmacy Defendants</u>

The Court **DENIES** the Wholesaler Defendants' and the Pharmacy Defendants' motions to dismiss the strict liability-failure to warn claims  in the PIMC and the MMMC.

These defendants , at a later, appropriate stage of these proceedings, may raise this issue with the Court by way of a motion for summary judgment; and

**IT ISFURTHER ORDERED THAT**:

Plaintiffs may file a  Motion for  LEAVE TO AMEND any of the claims dismissed herein WITHOUT PREJUDICE for up to and including thirty days from the date of this Order 4.

Dated: <u>January 29, 2021</u>                                        /s Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge