# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **In re: Valsartan N-Nitrosodimethylamine (NDMA), Losartan, and Irbesartan Products Liability Litigation** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge |
| This document relates to:<br><br><u>All Cases</u> | Honorable Joel Schneider, Magistrate Judge |

1. I am an attorney at the law firm of GoldenbergLaw, PLLC Counsel in the above-captioned action. I submit this declaration in support of Plaintiffs' February 1, 2021 Letter Brief. The statements made herein are based on my personal knowledge.

2. I am a member in good standing of the State Bar of Minnesota. I have personal knowledge of the facts recited in this declaration and, if called upon to do so, I would competently testify under oath thereto.

3. On January 25, 2021, I emailed counsel for ZHP, Aurobindo, and Torrent, requesting that counsel for each of these Defendants produce the contracts between them and the respective third parties at issue in these letter briefs (or simply point me to the corresponding Bates numbers if those contracts had already been produced).

4. On January 26, 2021, Gregory Herrold, counsel for ZHP, emailed me back asking to schedule a telephonic meet and confer regarding these contracts.

5. In this meet and confer with counsel for ZHP, Gregory Herrold stated that he did not believe ZHP has any supply agreements or master governing contracts that would allow ZHP to obtain documents requested by Plaintiffs' subpoenas.

6. On January 28, 2021, I emailed Gregory Herrold, counsel for ZHP, again requesting copies of the contracts between ZHP and Azbil, VXL, Chemo Group, and Linhai. Gregory Herrold responded by providing a copy of a letter of authorization between ZHP and Azbil, and an invoice between ZHP and VXL. Mr. Herrold indicated that ZHP does not have any contracts with Chemo Group to provide, and he stated that ZHP is working to obtain a redacted copy of a supply agreement between ZHP and Linhai.

7. Aurobindo did not respond to my email request for its relevant contracts until January 29, 2021, when it requested a telephonic meet and confer on this topic. In this meet and confer, I was informed by Ethan Feldman, counsel for Aurobindo, that Aurobindo would not be providing any of the requested contracts, as Aurobindo does not believe it is obligated to provide these contracts.

8. On January 30, 2021, Brittney Nagle, counsel for Torrent, replied to my email requesting these contracts, and stated that she reached out to Torrent to see if Torrent can provide her with a copy of the contract between Torrent and Sipra.

9. To date, none of these Defendants has provided Plaintiffs with a single contract relevant to these foreign third parties.

10. Attached as Exhibit A is a true and correct copy of the Food and Drug Administration's Guidance on Supplier Agreements.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: <u>February 1, 2021</u>

By: <u>/s/ Benjamin C. Stellpflug</u>
Benjamin C. Stellpflug