

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA 15219
412.263.2000    FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.: 412.263.1816
DIRECT FAX NO: 412.263.4246
FILE NO.: MYLAN-112578
EMAIL: cct@pietragallo.com

February 2, 2021

**Via ECF**

The Honorable Robert Kugler
Senior United States District Judge
USDC, DISTRICT OF NEW JERSEY
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

The Honorable Karen M. Williams
United States Magistrate Judge
USDC, DISTRICT OF NEW JERSEY
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

Special Master the Honorable Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower, 18th Floor
Philadelphia, PA 19103

Re: **Defendants' Emergency Motion for Extension of Case Management Deadlines**
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
USDC, District of New Jersey, No. 1:19-md-2875-RBK-JS

Dear Judge Kugler, Judge Williams, and Special Master Vanaskie:

I write on behalf of the Defendants' Executive Committee to request that the Court grant a 90-day extension of all deadlines under Case Management Order No. 22 ("CMO 22"). The Defendants request this relief on an emergency basis in order to obtain relief from the current discovery schedule in light of ongoing depositions and numerous outstanding issues affecting the parties' ability to adequately prepare for these depositions. The Defendants' Executive Committee met and conferred today with members of the Plaintiffs' Executive Committee regarding this request, and Plaintiffs voiced agreement that an extension of the deadlines in CMO 22 is generally appropriate in order to reduce the risk of the parties seeking to re-depose witnesses, as well as to provide for the more orderly and efficient management of the discovery process. Plaintiffs previewed their concerns to Judge Vanaskie at the most recent CMC, and in response Defendants

The Honorable Robert Kugler
The Honorable Karen Williams
Special Master the Honorable Thomas Vanaskie
February 2, 2020
Page 2

have proposed the requested extension as a reasonable and mutually beneficial solution. Plaintiffs will be submitting a letter in response to Defendants', and the parties would appreciate an opportunity to be heard via teleconference at the Court's first opportunity.

The Defendants propose that a modest 90-day extension would mutually benefit both sides in that it would allow the parties to resolve various issues related to document productions and review, and avoid severe disruption to the case management schedule that would result from the parties being forced to take depositions for which they are unprepared, which could lead to requests for additional depositions. An extension would also allow time for Plaintiffs to file any motions for leave to amend their master complaints in response to Judge Kugler's ongoing decisions on Defendants' motions to dismiss, which could potentially impact the named class representatives, defendants, and claims at issue in the case. Further, given that there is no trial of any claim in this MDL on the horizon, no party will be prejudiced by an extension. Accordingly, the Defendants respectfully request that the Court extend all deadlines in CMO 22.

I. **EXECUTIVE SUMMARY**

During the January 27, 2021 CMC, Plaintiffs indicated that they are not fully prepared to depose the Manufacturer Defendants' fact and 30(b)(6) witnesses, and may seek leave of Court to re-depose the Manufacturer Defendants' witnesses at a later date. (Tr. 1/27/21 CMC, 47:7-24). Additional depositions of untold numbers of the Manufacturer Defendants' witnesses would severely burden the Manufacturer Defendants and their witnesses, and this is particularly true of foreign national witnesses given the complexities surrounding the scheduling of their depositions during the ongoing global pandemic. The current case management schedule would also be severely disrupted if the Manufacturer Defendants are forced to produce witnesses twice for

The Honorable Robert Kugler
The Honorable Karen Williams
Special Master the Honorable Thomas Vanaskie
February 2, 2020
Page 3

depositions, which could not be completed within the current fact discovery deadline, even if in good cause were established. The framework of the current schedule, which prioritizes issues related to general causation, is dependent upon these depositions occurring before expert reports are authored. If these depositions extend into the next phase of discovery, this process will be compromised.

Further, Judge Kugler is in the process of issuing decisions on the Defendants' motions to dismiss, and allowing Plaintiffs to file motions for leave to amend. Plaintiffs have just sought another 30-day extension from the Defendants of the deadline to amend the master complaints. Plaintiffs' motion for leave to amend to respond to the Court's second motion to dismiss order would have been due on January 27, 2021. (Dkt. 729). Plaintiffs have requested that they not be required to file any motion for leave to amend until March 1, 2021, and the Defendants have agreed to this request. Accordingly, the parties and the claims are not even set.

Moreover, the Defendants are still waiting on the Plaintiffs to produce complete records for many of the putative class representatives and personal injury bellwether Plaintiffs, whose depositions also must be completed by April 1, 2021. Defendants should not be required to move forward with these depositions without full records, and may be forced to take second depositions of these witnesses as a result (and if Plaintiffs' still forthcoming motion for leave to amend is granted and the class representatives' claims materially change).

In fairness to both sides, the Defendants propose a 90-day extension of all deadlines in CMO 22 to allow the parties time to work through these issues. Given that there is no trial of any claim in this MDL on the calendar in 2021, neither side will be prejudiced by such an extension. Indeed, there is no compelling reason for the parties, or the Court, to risk the prejudice that would

DM1\11755505.1

The Honorable Robert Kugler
The Honorable Karen Williams
Special Master the Honorable Thomas Vanaskie
February 2, 2020
Page 4

be caused by pushing ahead with an unworkable schedule against the backdrop of multiple issues related to documents when an extension will allow all issues to be fully addressed, will facilitate preparation for depositions, and will preserve the current case management structure.

## II. Background

CMO 22 adopts an aggressive schedule for the completion of discovery. The first phase, which focuses on general causation issues, includes depositions of Manufacturer Defendants' fact and 30(b)(6) witnesses, putative class representatives, and the initial ten personal injury bellwether Plaintiffs. (Dkt. 726). The time period for these depositions closes on April 1, 2021. During that time, Plaintiffs intend to take at least **69 depositions** of Manufacturer Defendant witnesses, totaling **112 days** of testimony after factoring in time zone differences and translation times. Moreover, **23 depositions** of named class representatives and **10 depositions** of bellwether plaintiffs must also be conducted during the same phase. In total, the parties are currently required to complete a staggering **102 scheduled depositions** before April 1, 2021. Consequently, the parties have spent considerable time trying to arrange the schedule to avoid the overlapping of depositions, but is not possible, especially given the time zone differences of attorneys and witnesses, and the need for translators, which extend the number of days of testimony needed.

Even considering the massive resources that the parties are devoting to this effort, the current schedule is untenable. It also appears to be unnecessary. As the Court has made clear, no civil cases are likely to be tried in 2021 given the monumental impact of the COVID-19 pandemic on the courts. As Judge Kugler explained during the Case Management Conference ("CMC") on November 24, 2020:

The Honorable Robert Kugler
The Honorable Karen Williams
Special Master the Honorable Thomas Vanaskie
February 2, 2020
Page 5

> I think many of you know that I have an enormous docket of criminal cases, I have 90 defendants awaiting trial, many of them are complex trials that are going to take months to try, many others are going to take weeks to try. I have over 800 pending civil cases, and frankly, **I'm informing civil litigants that I will not be reaching their trials this year, next year, or probably not the year after**.

(Tr. CMC 11/24/20, 33:6-15 (emphasis added); *see also* 5:9-7:4 (Judge Kugler stating, "[s]o I don't think anybody, and this is just generally, not just for this case, should have any expectations that . . . you're next up on the list and you're going to get your case tried. Well, that just isn't going to happen. That's not going to happen anywhere in the country)). There are no cases in this MDL scheduled for trial in the District of New Jersey, or in any other jurisdiction.

Against this backdrop, there are 6 discrete issues that necessitate an extension to the deadlines in CMO 22:

1. **Plaintiffs' Deposition Preparation.** During the January 27, 2021 CMC, Plaintiffs expressly stated that they are not prepared to take the depositions of Manufacturer Defendants which, pursuant to CMO 22, must be completed by April 1:

   > [G[iven the volume and then the schedule for the deposition, it's become clear that there's absolutely no way, despite throwing bodies at this, that we're going to be able to get through these documents in time, given the number of documents and the number of defendants, to be completely prepared for these depositions . . .

   (Tr. 1/27/21 CMC, 47:7-24).

   Since then, Plaintiffs have suggested that Judge Schneider has already ruled that Plaintiffs could take a second deposition of a witness under these circumstances, rather than complete their review of the documents before the deposition. While it is true that Judge Schneider previously indicated that, for good cause shown, a party **may** be granted the opportunity to reconvene a deposition, Plaintiffs misconstrue the discretionary aspect

The Honorable Robert Kugler
The Honorable Karen Williams
Special Master the Honorable Thomas Vanaskie
February 2, 2020
Page 6

and basis for good cause. Specifically, Judge Schneider stated, "[t]o the extent relevant and material documents are produced **after** a deposition, that should have been produced before the deposition, the Court will entertain a request to re-depose the witness." (Dkt. 611 (emphasis added)).

Although Plaintiffs and Defendants disagree regarding why Plaintiffs are not fully prepared to take depositions at this time, the time for recriminations has passed. The Defendants take Plaintiffs at their word that Plaintiffs need additional time to review the Manufacturer Defendants' voluminous document productions before Plaintiffs are ready to proceed. Fortunately, there is a readily available remedy for this situation. A 90-day extension of all case management deadlines will give the Plaintiffs the time they apparently need to analyze the Manufacturer Defendants' documents. Under no circumstances, however, should the Manufacturer Defendants' witnesses be burdened with multiple depositions. The Manufacturer Defendants reserve their right to see a Protective Order if and when Plaintiffs seek to re-depose these witnesses.

2. **Putative Class Representative Records.** Defendants are not yet in possession of complete records related to many of the putative class representatives and bellwether personal injury Plaintiffs, in part because records and authorizations were not produced timely with the Plaintiff Fact Sheets, and in some instances due to a delayed response by the third-party providers. This prejudices the Defendants' ability to take these depositions, and could subject these individual Plaintiffs to being re-deposed. This is a scenario that the Defendants would very much prefer to avoid by having additional time to obtain full records from Plaintiffs prior to the depositions.

The Honorable Robert Kugler
The Honorable Karen Williams
Special Master the Honorable Thomas Vanaskie
February 2, 2020
Page 7

3. **Third Party Subpoenas.** Plaintiffs have served document subpoenas on 49 domestic third parties. Through negotiation of the parties, some of these subpoenas will be narrowed in scope and re-served. Additionally, Plaintiffs identified 23 foreign entities to be the subject of document subpoenas. Defendants are not aware whether any of these subpoenas have been served. Further, the parties are in the process of briefing an issue related to the Manufacturer Defendant's purported possession, custody, and control over these documents. Where documents have been produced in response to these subpoenas, they have been segregated per Court Order and are yet to be reviewed.

4. **Document Loading Errors.** Plaintiffs have identified certain documents that were produced by the various Manufacturer Defendants stretching all the way back to "core discovery" that were never properly loaded by Plaintiffs' ESI vendor and, presumably, have never been reviewed by the Plaintiffs, despite being produced by Defendants long ago. Some of these documents relate to the central issues in this case and are in the process of being reproduced by Defendants now that the issue has recently been brought to Defendants' attention.

5. **TAR Protocols.** Teva and Mylan have reached separate agreements with the Plaintiffs governing the review of certain documents identified by machine learning as likely non-responsive. These agreements were extensively negotiated over the course of more than two months, and the parties' obligations to review and produce documents from the "null sets" were stayed per Court Orders (*See, e.g.*, Dkt. 628). Teva and Mylan are is in the process of completing their review of documents pursuant to a TAR exercise, and will be engaging in a validation process as set forth in the respective validation protocols agreed

The Honorable Robert Kugler
The Honorable Karen Williams
Special Master the Honorable Thomas Vanaskie
February 2, 2020
Page 8

to by the parties. Accordingly, Teva and Mylan will continue to produce any "responsive" documents that are identified through these validation exercises, a large majority of which thus far have been marginally responsive and/or duplicative.

6. **Privilege Log Disputes.** Plaintiffs have raised, or intend to raise, issues with certain Manufacturer Defendants' related to privilege designations. (Tr. 1/27/21 CMC, 69:24-70:4).

Document review, third party document productions, and privilege challenges should all be completed before depositions continue. A 90-day extension of the discovery deadline can allow for resolution of these issues without having any impact on the time of a trial in this MDL.

### III. Requested Relief

Defendants respectfully request that this Court grant an extension of 90 days applicable to all deadlines in CMO 22. This extension would provide the parties with the time to resolve the document production related issues identified herein, and thereby reduce the likelihood of either party having to take depositions unprepared, which could lead to requests for additional depositions of witnesses that would be prejudicial to the parties and disruptive to these proceedings. It would also allow the parties to work together to establish a deposition schedule that avoids the double-tracking of depositions. Plaintiffs, however, should have no right to second depositions, absent a demonstrable good faith basis, and Defendants reserve their right to see a protective order. Likewise, certain putative class representative and bellwether personal injury Plaintiff depositions could be reserved until full records are available to the Defendants and the parties and claims at issue in this case are set. During the meet and confer discussion, both sides expressed as willingness to work together to ensure the depositions proceed as soon as practicable,

The Honorable Robert Kugler
The Honorable Karen Williams
Special Master the Honorable Thomas Vanaskie
February 2, 2020
Page 9

are adequately spaced out, and are not once again compressed into an unworkable timeframe at the end of the fact discovery period. The lengthening of the case management schedule is a straightforward solution that does not prejudice any party, and should not substantially impact the overall duration of this litigation given the lack of any trial on the horizon.

While we recognize the Court's reluctance to entertain extensions of the schedule, we believe the circumstances set forth above present a good faith basis for this request, and a modest extension is the fairest and least disruptive approach to these challenges. We look forward to guidance from Your Honors at your first opportunity.

Respectfully submitted,

Clem C. Trischler

c:   All counsel of record (via ECF)

DM1\11755505.1