# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
_____
*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

February 3, 2021

<u>**VIA ECF**</u>

Honorable Thomas I. Vanaskie, Special Master
Stevens & Lee, P.C.
1500 Market Street, East Tower, 18th Floor
Philadelphia, Pennsylvania 19103

      Re:    IN RE: VALSARTAN, LOSARTAN, & IRBESARTAN PRODUCTS LIABILITY LITIGATION
              Civil No. 19-2875 (RBK/JS)

Dear Judge Vanaskie:

Please accept this letter on behalf of the Plaintiffs in response to Defendants' request to adjust the case management schedule.

Plaintiffs agree that if the Defendants can bring their document productions into compliance, this will benefit the parties.  However, to be clear, and contrary to Defendants' suggestion, the time-crunch Defendants complain about is an issue of their own making.  Plaintiffs pointed out at the last conference that the pace and timing of Defendants' document productions was predictably creating a very difficult situation as depositions got moving.  This is a concern Plaintiffs have been raising for months.  If required, Plaintiffs will take all Manufacturer Defendants' witnesses' depositions as scheduled.  Plaintiffs already *have* taken some of those

Honorable Thomas I. Vanaskie, Special Master
February 3, 2021
Page 2

depositions, are scheduled to take more this week, and stand ready to take dozens more in the next two months. And if there is good cause to continue a deposition due to document production issues that is provided for by Judge Schneider's Order.

The numbers illustrate the reason why we have reached this point: Defendants produced approximately 75% of all documents produced by the Defendants in or after November 2020, despite an Order requiring rolling productions and precluding a document dump, plus constant reminders at status conferences and CMCs. The productions continue in force. Defendants have *continued* to produce tens of thousands of documents after the November deadline, and *are still doing so* to date. For example, ZHP continues to produce custodial documents, including documents for John Iozzia **after** he was deposed on January 20, 2021, for Remonda Gergis **during** her deposition on February 2, 2021, and senior ZHP executive Jun Du's work emails from his personal Gmail account, from which ZHP produced thousands of documents just last week. His deposition is scheduled for February 17, 2021. It is likely that substantial numbers of documents will continue to be produced. For example, Plaintiffs asked Teva on December 15 about approximately 36,000 attachments that appeared to be improperly withheld. Teva did not respond until yesterday morning – six weeks later. And then, only to say that they were still looking into the issue. Production issues have been raised with every one of the manufacturer Defendants.

Plaintiffs' position that certain of the above (e.g., documents being produced in real-time at a deposition and after a deposition) establishes good cause for the re-deposition of witnesses under these circumstances simply tracks Judge Schneider's ruling that if documents were produced too late to be adequately reviewed for a deposition, then Plaintiffs could request re-deposition of

Honorable Thomas I. Vanaskie, Special Master
February 3, 2021
Page 3

witnesses. Plaintiffs would of course prefer not to have to do so, but that is the reality of the situation as things stand now.

During yesterday's meet and confer requested by Defendants, Plaintiffs advised they will not agree to a 90-day pause on all depositions while the Defendants work to bring into compliance their document productions, which were supposed to be complete with a few narrow exceptions, by November 2020. Plaintiffs have evaluated the entire schedule and seek a way to both give the parties helpful breathing room and at the same time keep discovery moving and preserve the key outside deadlines, including for the filing of *Daubert* and class certification motions.

In that spirit, Plaintiffs believe that no more than a 60-day extension of the deposition deadlines, to May 31, 2021 is reasonable, with the following deadlines such as for expert reports, and expert depositions similarly extended. However, in order to keep discovery and the rest of the case moving, and to prevent a repeat of the current situation, Plaintiffs request that the current deadline for the filing of class certification motions be maintained, and that the deadline for the filing of *Daubert* motions be pushed out only to October 15, 2021. The resulting deadlines would be:

- May 31 – completion of first phase of fact discovery (formerly by March 31, 2021)
- July 2 – Plaintiffs' general causation expert reports (formerly by May 3, 2021)
- August 2 – Defendants' general causation expert reports (formerly June 1, 2021)
- August 2 – completion of second phase fact discovery (this deadline remains unchanged)
- August 31 – Plaintiffs' general causation experts deposed (formerly July 1, 2021)
- September 3 – Plaintiffs' class certification motions filed, and Plaintiffs' class certification expert reports served (this deadline remains unchanged)

Honorable Thomas I. Vanaskie, Special Master
February 3, 2021
Page 4

- September 30 – Defendants' general causation experts deposed (formerly August 2, 2021)

- October 15 – All *Daubert* motions regarding general causation filed (formerly August 31, 2021)

- November 5 - Defendants serve class expert reports (this deadline remains unchanged)

- November 15- Responses to Daubert motions regarding general causation filed (formerly October 1, 2021)

- December 3 – Deadline to complete depositions of plaintiffs' class certification experts (this deadline remains unchanged)

- December 15 – Replies in support of Daubert motions regarding general causation filed (formerly November 1, 2021)

All other remaining deadlines to remain unchanged.

Plaintiffs also request the following parameters in order to ensure that the process continues, and is as efficient as possible – taking Defendants at their word that this extension is intended to keep the case moving and hopefully avoid the need for subsequent re-depositions: (1) depositions that are imminent (scheduled in February 2021) can be rescheduled on a witness-by-witness basis, but the parties should endeavor not to change the dates of all February depositions especially those scheduled at the end of the month, (2) the balance of the depositions must commence no later than March 1, 2021, at the latest, and must be spread evenly going forward, so that there will not be a repeat of the overlap and bottleneck of depositions in the current schedule (there are many overlapping multi-day depositions of ZHP witnesses from China scheduled in March 2021 due to the time crunch and this is a point of ongoing discussion currently), (3) all depositions that need to be rescheduled are to be rescheduled within two weeks, with Plaintiffs

Honorable Thomas I. Vanaskie, Special Master
February 3, 2021
Page 5

having direct input into the schedule, and any disputes to be resolved by the Court, (4) each Defendant must honor their meet and confer obligations with regard to the Rule 30(b)(6) depositions as indicated in the court-ordered notices so that the depositions can be more efficiently conducted – for example, applicable quality SOP's and Manuals should be identified in advance so both sides can confirm that all of these critical documents have been produced prior to the deposition, and (5) with regard to the privilege logs, each Defendant to provide a "cast of characters" list of the name, position, department, and email address(es) of each person named in its privilege log, and all privilege logs are to be revised and re-served to the extent necessary to provide the required substantive descriptions of the documents, in order to allow Plaintiffs (and the Court if necessary) to fairly evaluate the claims of privilege. In addition, the parties should be ordered to enter into a standing meet and confer process to address the privilege challenges on an ongoing rolling basis, as was done in the Benicar MDL. This will hopefully facilitate resolution of the privilege disputes so that improperly withheld documents can be produced and used in the depositions, rather than dragging out that process, and also reducing or eliminating the need for the Court to adjudicate such disputes.

       Plaintiffs appreciate the Court's consideration.

                              Respectfully,

                              ADAM M. SLATER