IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____ :
: MDL No. 2875 (RBK/KW)
IN RE VALSARTAN, LOSARTAN, AND :
IRBESARTAN : **MTD ORDER 5: Subsumption,**
PRODUCTS LIABILITY LITIGATION : Negligence, Negligence Per Se,
: Medical Monitoring, Strict Liability for
*This Document Relates To All Actions.* : Pharmacies
_____ :

KUGLER, United States District Judge:

**This Matter Having Come Before** the Court in this Multi-District Litigation ["MDL"] that concerns the sale in the U.S. of prescription generic drugs containing Valsartan ["VCDs"][1] and which were found to contain cancer-causing contaminants ["VCDs at issue"] on three Motions to Dismiss ["MTDs"] by each of the three categories of defendant—Manufacturers ["Mfrs"], Wholesalers, Pharmacies—and;

**These MTDs Seeking Dismissal Of Several Claims** in the Three Master Complaints—Personal Injury [PIMC], the Economic Loss ["ELMC"], and the Medical Monitoring ["MMMC"]; and

**the Court intending to issue a series** of Opinions and Orders to resolve the MTDs as to specific Master Complaint claims; and

Each opinion being accompanied by an order; and

**This ORDER 5 Being Fifth In The Series** and accompanying OPINION 5 of this date to resolve defendants' arguments in their MTDs, which relate to subsumption of claims by various states' Products Liability Acts, and Rule 12(b)(6) pleading deficiencies for common law claims of negligence and negligence *per se*, and claims for medical monitoring against all three categories of defendants as well as common law claims of strict liability claims against the Pharmacy Defendants

**IT IS HEREBY ORDERED:**

**Regarding Subsumption by States' Products Liability Laws:**

As to the Personal Injury Master Complaint claims arising under the laws of New Jersey: the Court finds that all claims—except breach of express warranty—are subsumed by the New Jersey Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

---

[1] Although this MDL consolidates cases that allege injury from the U.S. sales of contaminated valsartan, irbesartan and losartan, as of yet, there are no master complaints in this MDL that concern losartan and irbesartan. Therefore, defendants' motions here concern ONLY claims that allege injury relating to contaminated valsartan.

As to the Medical Monitoring Master Complaint claims arising under the laws of New Jersey: the Court finds that all claims—except breach of express warranty—are subsumed by the New Jersey Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

As to the Economic Loss Master Complaint claims arising under the laws of New Jersey: the Court finds that none of the claims are subsumed by the New Jersey Products Liability Act; therefore, the Court **DENIES** the Motion to Dismiss these claims; and

As to the Personal Injury Master Complaint claims arising under the laws of Connecticut: the Court finds that all claims are subsumed by the Connecticut Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

As to the Medical Monitoring Master Complaint claims arising under the laws of Connecticut: the Court finds that all claims are subsumed by the Connecticut Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

As to the Economic Loss Master Complaint claims arising under the laws of Connecticut: the Court finds that none of the claims are subsumed by the Connecticut Products Liability Act; therefore, the Court **DENIES** the Motion to Dismiss these claims; and

As to the Personal Injury Master Complaint claims arising under the laws of Indiana: the Court finds that all claims—except for violation of state consumer protection statutes, breach of express warranty, and breach of implied warranty—are subsumed by the Indiana Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

As to the Medical Monitoring Master Complaint claims arising under the laws of Indiana: the Court finds that all claims—except the claims for breach of implied warranty and breach of express warranty—are subsumed by the Indiana Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

As to the Economic Loss Master Complaint claims arising under the laws of Indiana: the Court finds that none of the claims are subsumed by the Indiana Products Liability Act; therefore, the Court **DENIES** the Motion to Dismiss these claims; and

As to the Personal Injury Master Complaint claims arising under the laws of Kansas: the Court finds that all claims—except the claim for violation of state consumer protection statutes—are subsumed by the

Kansas Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

As to the Medical Monitoring Master Complaint claims arising under the laws of Kansas: the Court finds that all claims are subsumed by the Kansas Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

As to the Economic Loss Master Complaint claims arising under the laws of Kansas: the Court finds that none of the claims are subsumed by the Kansas Products Liability Act; therefore, the Court **DENIES** the Motion to Dismiss these claims; and

As to the Personal Injury Master Complaint claims arising under the laws of Louisiana: the Court finds that all claims are subsumed by the Louisiana Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

As to the Medical Monitoring Master Complaint claims arising under the laws of Louisiana: the Court finds that all claims are subsumed by the Louisiana Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

As to the Economic Loss Master Complaint claims arising under the laws of Louisiana: the Court finds that all claims are subsumed by the Louisiana Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

As to the Personal Injury Master Complaint claims arising under the laws of Mississippi: the Court finds that all claims—except the claims for fraud and violation of state consumer protection statutes—are subsumed by the Mississippi Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

As to the Medical Monitoring Master Complaint claims arising under the laws of Mississippi: the Court finds that all claims—except the fraud claim—are subsumed by the Mississippi Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

As to the Economic Loss Master Complaint claims arising under the laws of Mississippi: the Court finds that none of the claims are subsumed by the Mississippi Products Liability Act; therefore, the Court **DENIES** the Motion to Dismiss these claims; and

As to the Personal Injury Master Complaint claims arising under the laws of North Carolina: the Court finds that the strict liability claims are subsumed by the North Carolina Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

<u>As to the Personal Injury Master Complaint claims arising under the laws of Ohio</u>: the Court finds that all claims—except the claim for fraud—are subsumed by the Ohio Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

<u>As to the Medical Monitoring Master Complaint claims arising under the laws of Ohio</u>: the Court finds that all claims—except the claim for fraud—are subsumed by the Ohio Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

<u>As to the Economic Loss Master Complaint claims arising under the laws of Ohio</u>: the Court finds that none of the claims are subsumed by the Ohio Products Liability Act; therefore, the Court **DENIES** the Motion to Dismiss these claims; and

<u>As to the Personal Injury Master Complaint claims arising under the laws of Tennessee</u>: the Court finds that all claims—except the claim for violation of state consumer protection statutes—are subsumed by the Tennessee Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

<u>As to the Medical Monitoring Master Complaint claims arising under the laws of Tennessee</u>: the Court finds that all claims are subsumed by the Tennessee Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

<u>As to the Economic Loss Master Complaint claims arising under the laws of Tennessee</u>: the Court finds that none of the claims are subsumed by the Tennessee Products Liability Act; therefore, the Court **DENIES** the Motion to Dismiss these claims; and

<u>As to the Personal Injury Master Complaint claims arising under the laws of Washington</u>: the Court finds that all claims—except the claims for violation of state consumer protection statutes and fraud—are subsumed by the Washington Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

<u>As to the Medical Monitoring Master Complaint claims arising under the laws of Washington</u>: the Court finds that all claims—except the claim for fraud—are subsumed by the Washington Products Liability Act; therefore, the Court **GRANTS** all Defendants' Motion to Dismiss these claims and dismisses these claims **WITH PREJUDICE**; and

<u>As to the Economic Loss Master Complaint claims arising under the laws of Washington</u>: the Court finds that none of the claims are subsumed by the Washington Products Liability Act; therefore, the Court **DENIES** the Motion to Dismiss these claims; and

**REGARDING the Negligence Per *Se* Claims, the Negligence Claims, the Medical Monitoring Claims, As Well As Those Strict Liability Claims Against the Pharmacy Defendants:**

    **IT IS FURTHER ORDERED that the Court:**

    **GRANTS WITH PREJUDICE** the Defendants' Motion to Dismiss the **negligence *per se*** claims in any Master Complaint ONLY for those states that unequivocally prohibit stand-alone, independent negligence *per se* claims and otherwise **DENIES** the Motions to Dismiss; and

    **GRANTS WITHOUT PREJUDICE** the Wholesaler and Pharmacy Defendants' Motions to Dismiss the **negligence** claim in any Master Complaint; and

    **DENIES** the Manufacturer Defendants' Motion to Dismiss the **negligence** claim in any Master Complaint; and

    **GRANTS WITH PREJUDICE** the Defendants' Motion to Dismiss the **medical monitoring claim in the MMMC** ONLY for those states that unequivocally prohibit such claims and otherwise **DENIES** the Motions to Dismiss, especially considering that some states permit the remedy of medical monitoring; and

    **GRANTS WITH PREJUDICE** the Pharmacy Defendants' Motion to Dismiss the **strict liability claims** in any Master Complaint for those states that unequivocally prohibit such claims; and

    **IT IS FURTHER ORDERED** that Plaintiffs may file motions for leave to amend the Master Complaints by and including one month from the date of this Order.

Dated: 3 February 2021                                    /s Robert B. Kugler
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge