# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Karen M. Williams, Magistrate Judge<br><br>Honorable Thomas J. Vanaskie, Special Master |

## THE ZHP PARTIES' REPLY BRIEF SUPPORTING THEIR MOTION FOR PROTECTIVE ORDER PRECLUDING DEPOSITIONS OF CERTAIN EMPLOYEES

## **TABLE OF CONTENTS**

                            **Page**

INTRODUCTION ............................................................................................................1

FACTUAL BACKGROUND .........................................................................................1

ARGUMENT ..................................................................................................................3

    I.     The Court has *not* Foreclosed the ZHP Parties From Arguing Under Rule 26(b)(2)(C) That the Testimony of the Lower-Level Employees is Unreasonably Cumulative, Duplicative or Burdensome. ..........................3

    II.    The Present Record, Although Still not Fully Developed, Demonstrates That Yuelin Hu and Fengyang (Xavier) Tang are not Managing Agents Under Rule 30(b)(1). .....................................................4

    III.   The Testimony of Yuelin Hu, Fengyan (Xavier) Tang, and Mi (Karen) Xu will be unreasonably duplicative, cumulative, and burdensome under Rule 26(b)(2)(C). .................................................................................8

    IV.   Alternatively, the Court should not Address This Issue Until the Record is Fully Developed, and Plaintiffs Have Taken the 15 ZHP Party Depositions and Demonstrated Good Cause ....................................11

CONCLUSION .............................................................................................................13

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. CIV.A. 03-1519
   (AET), 2006 WL 6487632 (D.N.J. Aug. 22, 2006) .................................. 12-13

*Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*,
   187 F.R.D. 578 (D. Minn. 1999) ............................................................... 12

*Gen. Electric Co. v. Indem. Ins. Co. of N. Am.,* No. 3:06-CV-232,
   2006 WL 1525970 (D. Conn. May 25, 2006) .............................................. 12

*Luther v. Kia Motors Am., Inc.*, Civ. Action No. 08–386, 2009 WL
   1727909 (W.D. Pa. June 8, 2009) ............................................................ 5, 7

*Powell v. S. Jersey Marina, Inc.*, No. 3: CV-04-2611, 2007 WL
   2234513 (M.D. Pa. Aug. 1, 2007) (Vanaskie, J) ............................................ 11

*In re Benicar (Olmesartan) Prods. Liab. Litig.*, Master Docket No.
   15-2606 (RBK/JS) (D.N.J. Oct. 4, 2016) .................................................. 6, 12

**Rules**

Fed. R. Civ. P. 26 ............................................................................................. 1, 4

Fed. R. Civ P. 26(b)(2)(C) ............................................................................ 1, 4, 9

Fed. R. Civ. P. 30(b)(1) .................................................................................. 1, 5

# INTRODUCTION

Plaintiffs' brief in opposition ("Opposition") to the ZHP Parties'[1] Motion for Protective Order ("Motion") underscores why the Court should deny Plaintiffs' request to depose Yuelin Hu, Xavier Tang, and Karen Xu.

Contrary to Plaintiffs' assertion, the Court has not foreclosed the ZHP Parties from arguing under Rule 26(b)(2)(C) that the testimony of Ms. Hu, Mr. Tang, and Ms. Xu is unreasonably cumulative, duplicative or burdensome, but rather has expressly allowed this argument. The present record, although still not fully developed, demonstrates that Ms. Hu and Mr. Tang, two lower-level employees, are not "managing agents" under Rule 30(b)(1), and that their testimony, and that of Ms. Xu, would be unreasonably duplicative, cumulative, and burdensome under Rule 26(b)(2)(C). However, in the alternative, the Court should grant the Motion, without prejudice to Plaintiffs to demonstrate good cause to take the depositions of Ms. Hu, Mr. Tang, and Ms. Xu after taking the 15 agreed-upon ZHP Party depositions.

# FACTUAL BACKGROUND

In May 2020, Plaintiffs identified 13 ZHP Party employees whose ESI files they believed were highest priority for production. Ms. Hu, Mr. Tang, and Ms. Xu

---

[1] The ZHP Parties are collectively Zhejiang HuaHai Pharmaceutical Co., Ltd. ("ZHP), Huahai U.S., Inc. ("Huahai U.S."), Prinston Pharmaceutical, Inc. ("Prinston"), and Solco Healthcare U.S., LLC ("Solco").

were not included among these priority custodians. *See* Motion, p. 5. In October 2020, at the Court' direction, Plaintiffs identified 17 employees to depose, 13 of whom were the 13 ESI custodians whose files were prioritized for production. Ms. Xu was one of the 17 requested deponents, but Ms. Hu and Mr. Tang were not. *Id*.

On November 25, 2020, the Court ordered that depositions bearing on general causation be completed by April 1, 2021. Dkt. No. 640. On the same date, Plaintiffs submitted the 30(b)(6) notices they intended to serve on the ZHP Parties for approval by the Court, which the Court approved on December 4. Dkt. No. 651. On December 8, 2020, the ZHP Parties informed Plaintiffs that seven China-based witnesses,[2] all of whom were among the 13 priority custodians, and among the 17 requested deponents, would provide both individual testimony and testimony covering all of the topics in Plaintiffs' 30(b)(6) notice directed at ZHP. Dkt. No. 684. Those seven witnesses include the supervisors of Ms. Hu, Mr. Tang, and Ms. Xu. Nevertheless, on December 17, 2020, Plaintiffs proposed seven additional deponents, including Ms. Hu, Mr. Tang, and Ms. Xu.[3]

---

[2] In addition, the ZHP Parties identified six U.S. based witnesses to provide individual testimony and testimony covering all of the 30(b)(6) topics directed at Prinston and Solco.

[3] The ZHP Parties agreed to two of the additional depositions requested by Plaintiffs, Xioadi Guo and Eric Tsai, for a total of 15 agreed-upon depositions. Plaintiffs have withdrawn their request to depose Lucy Liu, and the Court has granted the ZHP

## ARGUMENT

The Opposition does nothing to alter the fact that Ms. Hu and Mr. Tang are not "managing agents" who can be noticed to testify, as opposed to being subpoenaed, nor does it refute that their testimony, and that of Ms. Xu, would be cumulative and unnecessary given the individual and 30(b)(6) testimony of their supervisors, as well as the other ZHP Party witnesses who will be deposed.

**I.    The Court has *not* Foreclosed the ZHP Parties From Arguing Under Rule 26(b)(2)(C) That the Testimony of Ms. Hu, Mr. Tang, and Ms. Xu Would Be Unreasonably Cumulative, Duplicative or Burdensome.**

Plaintiffs improperly claim that the Court's order dated December 22, 2020, stating that "[P]laintiffs are granted leave to depose Y. Hu, Y. Liu, F. Tang, M. Xu and E. Tasi", dkt. No. 704, foreclosed the ZHP Parties from arguing that the testimony of Ms. Hu, Mr. Tang, and Ms. Xu would be unreasonably cumulative, duplicative or burdensome under Rule 26. Opp'n, p. 2.

But Plaintiffs' argument is expressly contradicted by a plain reading of the Court's order and the hearing transcript. The Court's order was only intended "to confirm rulings made by the Court that are reflected in the transcript." Dkt. No. 704. The transcript plainly states that Judge Schneider's "initial impression", 12/22/2020 Hrg. Tr. at 41:13, Ex. A, and "preliminary thoughts", *Id*. at 40:23, were that "these

---

Parties leave to move for a protective order to prevent the deposition of ZHP's Chairman, Baohua Chen.

3

witnesses have relevant knowledge," 12/22/2020 Hrg. Tr. at 40:15-16, Ex. A, but Judge Schneider recognized that there were going to be depositions in this case and the parties would learn more, and after the depositions, "Plaintiff may decide [the disputed witnesses' testimony] is not needed because it's duplicative . . . ." *Id.* at 40:24-41:6. Judge Schneider clarified that scheduling the depositions was "***without prejudice to ZHP to present a record, which is not available now, to show, in fact, that these depositions are not materially important and should be quashed***." *Id.* at 41:14-20 (emphasis added).

The only reason that the Court ordered that the depositions be scheduled was because it was concerned that the depositions were "not going to get done or they're going to get done late." *Id.* at 42:2-9. The Court also confirmed that it scheduled the depositions "without prejudice to ZHP to present a record that, in fact, ***these depositions are cumulative, duplicative, not material* . . . .**" *Id.* at 42:7-9 (emphasis added). Later, the Court reconfirmed that if the Plaintiffs' request for additional depositions was denied then the depositions would be taken "off the schedule." 1/13/2021 Hrg. Tr. at 20:1-8, Ex. B. Accordingly, the ZHP Parties filed this Motion.

## II. The Present Record, Although Still not Fully Developed, Demonstrates That Ms. Hu and Mr. Tang are not "Managing Agents" Under Rule 30(b)(1).

Plaintiffs try to lower the bar for determining whether an employee is a managing agent by implying, through the 59 exhibits attached to the Opposition, that

4

relevancy is a significant element of the test for a managing agent. Opp'n, pp. 4, 6-14 (noting that ZHP's Quality Assurance Department's responsibilities "are particularly *relevant* to this analysis.") (emphasis added). But the "key element" is whether the employee "is invested by the corporation with *general power involving the exercise of judgment and discretion.*" *Luther v. Kia Motors Am., Inc.*, Civ. Action No. 08–386, 2009 WL 1727909, at *3 (W.D. Pa. June 8, 2009) (emphasis added).[4]

Ms. Hu is not a managing agent for a number of reasons, including that she must receive approval from a "Qualified Person" to release products as part of her responsibilities to assist "the Qualified Person" with projects. Wang Ma, Decl., dkt. No. 765-3, at ¶¶ 6 & 9.

Under Chinese Law, a "Qualified Person's" responsibilities include, among others, being responsible for product release, ensuring that the production and testing of each batch of released products is in accordance with regulations, and prior to the release of each batch, reviewing the record for the product. *See* Article 25 of the

---

[4] Plaintiffs' claim that the 38 depositions required of the two foreign defendants in *Benicar* somehow justifies more than 15 depositions of the ZHP Parties is misplaced. Opp'n, at 15. *Benicar* was an entirely different case, involving a different drug, different types of claims, different parties, and a different foreign country, Japan. The number of depositions ordered there thus has no bearing on the appropriate number of depositions here. This is especially true given that the Chinese witnesses here, unlike the Japanese witnesses in *Benicar*, are required to travel to another country for their deposition to avoid criminal prosecution in China, and are agreeing to do so during a global pandemic where not even Plaintiffs' counsel are willing to risk their own health and safety by traveling to attend the depositions in person.

5

Chinese GMP, Ex. C (website machine translation version). Ms. Hu, under Chinese law, cannot hold these responsibilities because she is not a "Qualified Person."



This is consistent with Ms. Hu's role in the Quality Assurance Department, which "does not have independent decision making authority to bind ZHP without sign off from a supervisor." Wang Ma, Decl., at ¶ 4.

Moreover, Plaintiffs' other alleged examples (and exhibits) of Ms. Hu allegedly acting as a managing agent are inapposite:

- ████████ But, as discussed *supra*, Ms. Hu is delegated authorization.

- ████████

6

-  she "follows program guidelines and corporate policies and procedures, and elevates important issues to her supervisor." Wang Ma, Decl., at p. 2, ¶ 5.

- , she nonetheless must report to a supervisor and receive supervision or approval because she is not a "Qualified Person." Wang Ma, Decl., at p. 2, ¶¶ 4-6.

-  But Plaintiffs cite no evidence showing that Ms. Hu did not have approval from her supervisor, or that authorization was not delegated to her. *See, Luther*, 2009 WL 1727909, at *3 (employee not a managing agent because employee follows policies and procedures with assistance on critical issues from her supervisor.").

- , she nonetheless must report to a supervisor or receive that authorization because she is not a "Qualified Person." Wang Ma, Decl., at p. 2, ¶¶ 4-6.

-  But Plaintiffs have not shown that these are not important issues that would not have been approved by a supervisor or reported to a supervisor. *See* Wang Ma, Decl., at p. 2, ¶¶ 4-5.

Likewise, Mr. Tang is not a managing agent who can bind ZHP as a "Qualified Person." *See Generally* Wang Ma, Decl., at pp. 4-5.

7

███████████████████████████████████████

███████████████████████████████████████

█

In fact, Mr. Tang's role is fairly routine without independent decision making authority. Wang Ma, Decl., at p. 4, ¶ 4. Mr. Tang assists his supervisor, Jie Wang, who will be deposed as an individual and 30(b)(6) witness, to establish business development strategy, establishes and maintains customer files, and completes other tasks assigned by his supervisor. Wang Ma, Decl., at p. 4-5, ¶ 9. Mr. Tang generally follows program guidelines and corporate policies and procedures, and elevates important issues to his supervisor. Wang Ma, Decl., at p. 4-5, ¶ 5.

Accordingly, Ms. Hu and Mr. Tang are not managing agents and Plaintiffs must seek their testimony through The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**III. The Testimony of Ms. Hu, Mr. Tang, and Ms. Xu Would Be Unreasonably Duplicative, Cumulative, or Burdensome Under Rule 26(b)(2)(C).**

ZHP has designated each requested witnesses' supervisor to provide testimony on the 30(b)(6) topics selected by Plaintiffs. Ms. Hu reports up to Jucai Ge, the Director of ZHP's API Quality Assurance Department. Ms. Ge has been designated to cover 12 topics in Plaintiffs' 30(b)(6) notice, which include investigations, operating procedures, application of cGMPs, testing methods,

8

technical inquiries and deviation reports, product recall of valsartan API or valsartan finished does, compliance with cGMPs, and process training. Dkt. No. 730.



Mr. Tang and Ms. Xu both report up to Jie Wang, Vice President of ZHP's API Marketing and Sales Department. Mr. Wang has been designated to cover eight topics in Plaintiffs' 30(b)(6) notice, which generally include oral and written communication with Novartis regarding content/purity/contamination of ZHP's valsartan API, communications with ZHP's valsartan API Customers or other downstream entities, credits, indemnification, refunds, and/or penalties paid or

---

[5] For certain voluminous documents that are included as exhibits, the ZHP Parties have only included relevant excerpts of the document. If requested by the Court the ZHP Parties will provide the entire document.

9

provided by or to ZHP in connection with the nitrosamine contamination of ZHP's valsartan API and ZHP's valsartan finished dose, tracing of batches and lots of ZHP's valsartan API sold downstream, pricing of ZHP's valsartan API, gross and net profits to ZHP from the sale of ZHP's valsartan API in the United States, the quantity/units of ZHP's valsartan API sold in the United States, and ZHP valsartan API sales and pricing data. Dkt. No. 730.



Significantly, notwithstanding the overlap between the job responsibilities of the Ms. Hu, Mr. Tang, and Ms. Xu and that of their supervisors who have been designated to provide testimony on the 30(b)(6) topics corresponding to these functions, the Opposition also ignores the extraordinary burden that would be imposed on these employees were they to provide deposition testimony in this case.

10

For them to be deposed, Ms. Hu, Mr. Tang, and Ms. Xu would have to travel at least ten hours (by train and plane) to another country. Given the health risks and the quarantine requirements resulting from COVID-19, such an imposition is unwarranted, especially given that their testimony would be cumulative. *Powell v. S. Jersey Marina, Inc.*, No. 3: CV-04-2611, 2007 WL 2234513, at *5 (M.D. Pa. Aug. 1, 2007) (Vanaskie, J) (finding Plaintiffs' request for deposition unreasonably cumulative because Plaintiffs had already "interviewed several officers, garnered many documents, and not given a convincing reason as to why further deposition is likely to lead to any relevant evidence not already produced.").

### IV. Alternatively, the Court should not Address This Issue Until the Record is Fully Developed, and Plaintiffs Have Taken the 15 ZHP Party Depositions and Demonstrated Good Cause.

Courts generally deny requests to take additional depositions when the record has not been fully developed and the requesting party has not exhausted its agreed-upon depositions. *See Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. CIV.A. 03-1519 (AET), 2006 WL 6487632, at *3 (D.N.J. Aug. 22, 2006) (citing district court cases requiring "a party to fully exhaust its allotted depositions before seeking leave to take additional depositions" and denying plaintiffs' request to take fact depositions because plaintiffs had not deposed a single witness); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 587 (D. Minn. 1999) ("At a minimum, [*the requesting party] should appropriately exhaust its*

11

*current quota of depositions, in order to make an informed request for an opportunity to depose more witnesses, before seeking leave to depose a legion of others*.") (emphasis added); *Gen. Electric Co. v. Indem. Ins. Co. of N. Am.,* No: 3:06-CV-232, 2006 WL 1525970, at *2 (D. Conn. May 25, 2006) (observing that "courts will generally not grant leave to expand the number of depositions until the moving party has exhausted . . . the number [of depositions] stipulated to by the opposing party."). In *Benicar*, the Court addressed the issue of additional witnesses *after 38 depositions had been taken*. 2016 WL 5817262, at *2.

Here, the Plaintiffs may proceed to take the 15 agreed-upon depositions of the ZHP Parties. After the 15 depositions of the ZHP Parties have concluded, if Plaintiffs still seek additional information, then they are required to show cause to take additional depositions. *See Benicar*, 2016 WL 5817262, at *2 (advising parties to show good cause once "a fulsome record was developed"); *Alaska Elec. Pension Fund,* 2006 WL 6487632, at *4 ("[A] party generally must make a particularized showing of need for additional depositions . . . ."); 12/22/2020 Hrg. Tr., Ex. A, at 40:24-41:6 (Judge Schneider recognizing that, after Plaintiffs learn more in the agreed-upon depositions, "Plaintiff may decide [the disputed witnesses' testimony] is not needed because it's duplicative . . . .").

Accordingly, alternatively, the Court should grant the Motion, without prejudice to Plaintiffs to demonstrate good cause to take the depositions of the Ms. Hu, Mr. Tang, and Ms. Xu after taking the 15 agreed-upon depositions.

## CONCLUSION

For the foregoing reasons and those asserted in its brief in Support of its Motion For Protective Order Precluding Depositions of Certain Employees, ZHP respectfully requests the Court grant this Motion.

February 10, 2021

                    Respectfully submitted,

                    By: */s/ Seth A. Goldberg*

                    DUANE MORRIS LLP
                    Seth A. Goldberg
                    30 South 17th Street
                    Philadelphia, Pennsylvania 19103
                    Tel.: (215) 979-1000
                    Fax: (215) 979-1020
                    SAGoldberg@duanemorris.com

                    *Attorneys for Zhejiang Huahai Pharmaceutical Co, Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*