UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Karen Williams Magistrate Judge<br><br>Honorable Thomas Vanaskie (Ret.),<br>Special Discovery Master |

### DECLARATION OF KELLY A. BONNER PURSUANT TO LOCAL RULE 5.3(c)(3)

I, Kelly A. Bonner, of full age, hereby declare as follows:

1. I am an attorney at law of the State of New York and the Commonwealth of Pennsylvania, a member of good standing of the bars of the United States Courts of Appeals for the Second and Ninth Circuits, the United States District Court for the Eastern District of Pennsylvania, and this Court pending pro hac vice admission, and am employed with the law firm of Duane Morris, LLP, counsel to Defendants Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), Prinston Pharmaceutical Inc. ("Prinston"), Huahai U.S. Inc. ("Huahai

U.S."), and Solco Healthcare US LLC ("Solco", and collectively with ZHP, Huahai U.S., and Prinston, "the ZHP Parties").

2. I make this Declaration on behalf of the ZHP Parties in support of their Motion to Seal Pursuant to Local Rule 5.3.

3. Specifically, the ZHP Parties seek to seal the following filed as Exhibits 4-8 at ECF No. 638; Exhibits B-C, E-F, H-L, N, and P-AAat ECF No. 685; and Exhibits to ECF No. 705:

1. ZHP00305868 (ECF No. 638, Ex. 4)

2. ZHP00385769 (ECF No. 638, Ex. 5)

3. ZHP00479762 (ECF No. 638, Ex. 7)

4. ZHP00493010 (ECF No, 638, Ex. 8)

5. ZHP00423144 (ECF No. 638, Ex. 6)

6. PRINBURY00129588 (ECF No. 685, Ex. B)

7. ZHP00076700 (ECF No. 685, Ex. C)

8. PRINSTON00083640 (ECF No. 685, Ex. E)

9. PRINSTON00077836 (ECF No. 685, Ex. F)

10. PRINSTON00082994 (ECF No. 685, Ex. H)

11. ZHP00107709 (ECF No. 685, Ex. I)

12. PRINSTON0074125 (ECF No. 685, Ex. J)

13. PRINSTON00083026 (ECF No. 685, Ex. K)

2

14. PRINSTON00081549 (ECF No. 685, Ex. L)

15. PRINSTON00081570 (ECF No. 685, Ex. N)

16. ZHP0000215 (ECF No. 685, Ex. P)

17. ZHP02579748 (ECF No. 685, Ex. Q)

18. ZHP00494048 (ECF No. 685, Ex. S)

19. PRINSTON00162373(ECF No. 685, Ex. R)

20. ZHP00458585(ECF No. 685, Ex. T)

21. ZHP00476678[1]

22. ZHP02270194 (ECF No. 685, Ex. U)

23. ZHP01893902 (ECF No. 685, Ex. V)

24. ZHP00310874 (ECF No. 685, Ex. W)

25. ZHP02125655 (ECF No. 685, Ex. X)

26. ZHP01976459 (ECF No. 685, Ex. Z)

27. HUAHAI-US00008050 (ECF No. 685, Ex. AA)

28. ZHP00183600 (ECF No. 705)

29. ZHP00182575 (ECF No. 705)

30. The ZHP Parties had previously designated these documents produced in discovery corresponding as "CONFIDENTIAL INFORMATION" or as

---

[1] This document was identified as an exhibit in an email communication from Christopher Geddis, Esq. dated Dec. 21, 2020, requesting that it be de-designated.

"RESTRICTED CONFIDENTIAL INFORMATION" under the Confidentiality and Protective Order (the "Protective Order"), entered by the Honorable Robert B. Kugler on June 26, 2019 (ECF No. 139), which specifically allows for confidential treatment of such information.

31.     In support of the Motion to Seal and in accordance with Local Civil Rule 5.3(c)(3), the ZHP Parties have prepared and have submitted an Index and Declarations of the relevant ZHP custodians of record, identifying the documents that should be sealed and describing with particularity: (a) the nature of the materials; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

32.     A true and correct copy of the above-referenced Index is attached to this Declaration as **Exhibit A**.

33.     True and correct copies of declarations by the following custodians of records with personal knowledge of the challenged documents (the "ZHP Declarations"), attesting to the confidential nature of the challenged documents, are attached to this Declaration as respectively **Exhibits B-H**:  Jucai Ge (**Exhibit

**B**); Jie Wang (**Exhibit C**); Mi Xu (**Exhibit D**); Jun Du (**Exhibit E**); Minli Zhang (**Exhibit F**); Linda Lin (**Exhibit G**); and Eric Gu (**Exhibit H**).

34. For the reasons set forth in the Proposed Findings of Fact and Conclusions of Law and the ZHP Declarations, the ZHP Parties have a legitimate interest in maintaining the confidentiality of the identified documents.

35. Disclosure of the information sought to be sealed here could cause significant competitive harm because it would give the ZHP Parties' direct competitors an unfair advantage in a highly competitive marketplace, particularly while the ZHP Parties are prohibited from importing products into the U.S. market by the FDA.

36. The clearly defined and serious injury that would result should the proposed Order to seal not be entered is that the ZHP Parties would suffer significant and irreparable competitive harm in the form of decreased market share, damaged customer relationships, and litigation costs and contract damages.

37. There is no less restrictive alternative available because the ZHP Parties seek to seal only the foregoing confidential documents that disclose their sensitive and proprietary business information, which have been identified in the Index—a necessary compromise in a litigation involving private litigants. In an effort to narrowly tailor the information they propose remain sealed, the ZHP Parties have reviewed and analyzed each exhibit, in order to specifically identify

exactly which documents should remain sealed. This is evidenced by the detailed Index the ZHP Parties have submitted in support of their Motion to Seal. *See* Index.

38. There is no prior order sealing the same materials in the pending action. (*See* Index).

39. Plaintiffs have objected to the sealing request on the grounds that they do not believe that confidential treatment is justified under the Protective Order in light of what they describe as a public health interest. But Plaintiffs have not articulated how the designated materials even relate to, let alone are important to public health and safety. Nor have they articulated how that relation outweighs the ZHP Parties' interest in safeguarding its proprietary commercial information. Whereas here, the ZHP Parties have detailed how the disclosure of their proprietary testing methods, processes, protocols, manufacturing capacities, and internal reporting methods to the public and their direct competitors would seriously harm their ability to compete, especially following the lifting of the FDA's current import ban.

I, Kelly A. Bonner, declare under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2021.

/s/ Kelly A. Bonner<br>
Kelly A. Bonner, Esq.