UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Actions | MDL No. 2875<br><br>Honorable Karen M. Williams, Magistrate Court Judge<br><br>Honorable Thomas J. Vanaskie, Special Master |

### DECLARATION OF GREGORY D. HERROLD, ESQ.

I, Gregory D. Herrold, Esq. state:

1. I am an attorney at the law firm of Duane Morris LLP, Counsel in the above-captioned action. I submit this declaration in support of the Manufacturer Defendants' February 10, 2021 Reply Letter Brief regarding foreign third party subpoenas.

2. The statements made herein are based on my personal knowledge, some of which is derived from communications with Duane Morris' client, Defendant Zhejiang Huahai Pharmaceutical, Co., Ltd. ("ZHP"). Nothing in this declaration, including the facts or communications contained herein, shall operate as a waiver of the protections afforded to ZHP under the attorney-client privilege, the attorney work product doctrine, or any other applicable evidentiary privilege or doctrine; the protections and applicability of which are hereby expressly reserved.

DM1\11764695.1

3. I am a member in good standing of the State Bar of New Jersey. I have personal knowledge of the facts recited in this declaration, and if called upon to do so, I would competently testify under oath thereto.

4. Since late September 2020, I, along with my colleagues at Duane Morris, have been in contact with ZHP to discuss ZHP's relationships with various third parties who Plaintiffs have identified to be subpoenaed in relation to their purported connection to this litigation.

5. ZHP's relationships with various third parties allegedly connected to ZHP have been discussed numerous times during several meet and confer sessions between Duane Morris and Plaintiffs' counsel.

6. In January of 2021, in response to requests from Plaintiffs' counsel, my Duane Morris colleagues and I communicated with ZHP to specifically inquire about ZHP's relationships with the following third parties who were identified for subpoena by Plaintiffs in connection with this litigation, and for whom Plaintiffs requested that ZHP accept service on their behalf: Azbil Telstar Technologies ("Azbil"); Chemo Group India; VXL Life Sciences ("VXL"), and Linhai Huanan Chemical Co. Ltd. ("Linhai").

7. On January 21, 2021, Manufacturer Defendants filed a Supplemental Letter Brief to address Plaintiffs' claim that Defendants had possession, custody or control over certain foreign third parties' documents and therefore should be ordered

to respond to the subpoenas on the third parties' behalf. ZHP attached a letter of authorization from ZHP to Azbil dated January 10, 2016 (Ex. F), as well as a commercial invoice to VXL dated March 15, 2018 (Ex. H), as exhibits to the January 21 Supplemental Letter Brief.

8. On January 25, 2021, Plaintiffs' counsel, Benjamin C. Stellpflug, emailed me and my Duane Morris colleagues, and asked Duane Morris to "please produce the contracts between ZHP and Azbil, Chemo Group India, VXL, and Linhai, respectively, that show that ZHP does not have possession, custody, or control of the documents sought by Plaintiffs' subpoenas."

9. On January 27, 2021, Mr. Stellpflug and I participated in a meet and confer in which I told him that I did not believe ZHP has any supply agreements or master governing contracts that would permit ZHP to obtain documents requested by Plaintiffs' subpoenas from the third parties. This statement was based on information provided to me by ZHP.

10. On January 28, 2021, Mr. Stellpflug emailed me asking me to "provide [him] with the contracts that were in place most recently with these foreign third parties."

11. Following Mr. Stellpflug's January 28 Email, I again communicated with ZHP regarding ZHP's relationship with the four foreign third parties described above, and ZHP's contracts with these entities.

3

12. On January 29, 2021, I emailed Mr. Stellpflug and provided him with another letter of authorization from ZHP to Azbil, dated January 16, 2016, as well as a another copy of the commercial invoice to VXL dated March 15, 2018. I also reiterated to Mr. Stellpflug that ZHP does not have any contracts or agreements, and occasionally enters into Letters of Authorization permitting Azbil, a third party audit service provider with whom ZHP does not contract with directly, to release the results of its audits to the customers who hired Azbil to conduct the audit of ZHP's site. Furthermore, with respect to VXL, I stated that ZHP does not have any supply contracts, but rather has purchase orders or invoices detailing ZHP's sales to VXL. In addition, I stated that ZHP does not have any sales business or documents that it can provide with respect to Chemo Group India.

13. I have asked ZHP to provide me with any agreements that confer on ZHP the right to obtain information in the possession of the third parties, and ZHP has informed me that no such agreements exist.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: February 10, 2021

*/s/ Gregory D. Herrold*
Gregory D. Herrold