# Exhibit C

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| In re: Valsartan NDMA Products Liability Litigation | : : : : : : : | Master Docket No. 19-2875 (RBK/JS) |
| *This Document Applies to All Actions* | | **ORDER** |

**KUGLER**, United States District Judge

      Before the Court is a service of process issue under Fed. R. Civ. Proc. ["Rule"] 4 that arose in the last status conference in this Multi-District Litigation ["MDL"] conducted in person on 24 April 2019. There, the parties disputed the following issues:

1) whether defendant Mylan Laboratories, Ltd., a manufacturer located in India of the active pharmaceutical ingredient ["API"] in valsartan, must be served under the Hague Service Convention[1], given that its parent or affiliate entities in the U.S. had already accepted service of a class action complaint filed in this MDL; and

2) whether defendants Teva Pharmaceuticals Industries, Ltd.["Teva"] located in Israel, Aurobindo, and Hetero[2], both located in India—all API manufacturers—must be served a complaint for each type of action—consumer fraud, breach of contract, personal liability, etc.—or whether a single complaint pleading one type of action suffices as due process notice of all types of actions filed in this MDL,

the Court having directed each set of parties to submit by 2 May 2019 a five-page brief on these issues,

    the parties having reached an agreement on issue 1) above and having withdrawn it,

    plaintiffs having submitted their brief timely on issue 2) at ECF Doc. 92, and

    the Court having considered the submission,

---

[1] The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed 15 November 1965, 20 U.S.T. 361.

[2] Zhejiang Huahai Pharmaceuticals, an API manufacturer named as defendant in this MDL and located in China, has been served with a personal injury complaint and a class action complaint and has conceded that Hague Service of additional complaints is unnecessary.
 Further, Torrent, an API manufacturer named as defendant in this MDL and located in India, has already agreed to accept service of process on its U.S. counsel in lieu of being served with Hague Service Convention procedure. ECF Doc. 92:2, citing pg. 16 of Transcript of Hearing dated 24 Apr 2019.

**the Court hereby orders:**

to guarantee their due process notice of this MDL, defendants Teva, Aurobindo, and Hetero, must be served ONLY one type of complaint in this MDL with Hague Service Convention procedure; and

for any subsequent complaint in this MDL, service via electronic means upon their U.S. counsel suffices as due process notice under Rule 4.

Dated:  7 May 2019                                              <u>s/ Robert B. Kugler</u>
                                                                                        ROBERT B. KUGLER
                                                                                        United States District Judge