# Exhibit O

2011 WL 3851129
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

SECURITIES and EXCHANGE COMMISSION, INC., Plaintiff,
v.
Samuel WYLY, Charles J. Wyly, Jr., Michael C. French, and Louis J. Schaufele III, Defendants.

No. 10 Civ. 5760(SAS).
|
June 17, 2011.

**MEMORANDUM OPINION AND ORDER ON DOCUMENTS ASSERTED BY DEFENDANT MICHAEL C. FRENCH TO BE PROTECTED BY THE COMMON INTEREST PRIVILEGE**

DANIEL J. CAPRA, Special Master.

*\*1* On February 11, 2011, the Securities and Exchange Commission ("SEC") moved to compel production of certain materials that Defendant Michael C French had withheld on the basis of attorney-client privilege. The undersigned was appointed by Judge Scheindlin as a Special Master to review French's claims that certain of the documents in the privilege log he submitted to the SEC were protected by the "common interest" extension of the attorney-client privilege. *See generally United States v. Schwimmer,* 892 F.2d 237 (2d Cir.1981). Familiarity with the allegations in the SEC's complaint against Defendant French and the other Defendants is presumed.

The parties are in dispute over 22 logged documents, submitted by Defendant to the Special Master for *in camera* review on April 13, 2011. Defendant French claims two separate common-interest arrangements: 1) with Sharyl Robertson, who served with French as a Protector of the foreign trusts and also served as CFO for the Wylys during much of the 1990's; and 2) with the Jackson, Walker law firm, which French served as a managing partner until 1992, after which he went to work directly for the Wylys.

### *1. Arguments of the Parties and Basic Case Law*

The SEC contends that French has not shown a common legal interest shared with either Robertson or Jackson Walker. The SEC notes that French wore a number of hats during the long time-period covered by the investigation, so French did not necessarily share a common interest with either Robertson or Jackson Walker during that entire time period. French points out correctly, however, that parties do not need to be in exact lock-step of interest in order for the common-interest doctrine to apply to a shared communication. Rather the question is whether the particular communication is shared to further a common legal interest between or among the clients. See Saltzburg, Martin and Capra, *Federal Rules of Evidence Manual* at 501–29, 30 (9th ed.):

> Relationships between clients are often more ambiguous than the extremes of united in interest and completely adverse. Sometimes it will occur that clients share a mutual interest as to one issue (such as discrediting a witness) but are adversarial as to many or all other issues. Most courts have held that the common interest privilege can apply even if the clients are in conflict on some or most points, *so long as the communication itself deals with a matter on which the parties have agreed to work toward a mutually beneficial goal.* (emphasis added)

On the other hand, the mere fact that communications are made between parties with similar interests is insufficient to trigger the common interest rule. It must be shown by the party claiming the privilege; (1) that all clients and attorneys with access to the communication had in fact agreed upon a joint approach to the matter communicated; and (2) that the information was imparted with the intent to further the common purpose. As the *Schwimmer* court stated; "Only those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected." 892 F.2d at 243. Where the parties have not yet agreed to proceed jointly on the matter communicated, the common interest rule will not apply. See, e.g., *In re Grand Jury Subpoena: Under Seal,* 415 F.3d 333 (4th Cir.2005) (communications made by corporate agent to corporate counsel were not privileged as to the corporate agent; even if the agent was pursuing a common interest with the corporation, the communications were made before the parties agreed on a common defense). The party asserting the common interest rule bears the burden of showing that there was "an agreement, though not necessarily in writing, embodying a cooperative and common enterprise towards an identical legal strategy." *Denney v. Jenkens & Gilchrist,*

362 F.Supp.2d 407, 416 (S.D.N.Y.2004) (quoting *Lugosch v. Congel,* 219 F.R.D. 220, 237 (N.D.N.Y.2003)).

**\*2** Most importantly for present purposes, the common-interest doctrine extends the privilege to information-pooling arrangements, but it does not protect communications that are not privileged in the first place. Before a communication can be protected under the common-interest doctrine, "the communication must meet the elements of the attorney-client privilege." *Allied Irish Bank v. Bank of America,* 252 F.R.D. 163, 171 (S.D.N.Y.2008). See also *HSH Nordbank AG New York Branch v. Swerdlow,* 259 F.R.D. 64, 71 (S.D.N.Y.2009) ("where the underlying communication is not protected by the attorney-client privilege or the attorney work-product doctrine, the common interest doctrine does not apply").

## II. Rulings on Logged Items

The Special Master has reviewed the logged items in camera and and the written submissions by the parties. The parties orally argued the motion by telephone conference on June 16, 2011, Because there is a need for expedition and a mutual interest in saving resources, the parties have agreed that these rulings will be short and to the point. Also, efforts are made to avoid extensive disclosure of the contents of the logged documents, for the obvious reason that disclosure would defeat the purpose of any valid claim of privilege.

### Documents 1–7

The documents are logged chronologically. With respect to each of these documents French claims a common-interest with Shari Robertson. But Document 7 belies the fact that such an agreement was reached as of the time of that email. Therefore none of the logged Documents 1–7 are within the common-interest rule. In Document 7, dated February 4, 2008, there is a clear indication that French had not agreed to pursue a joint defense arrangement with Robertson at that point. Counsel for French argued at oral argument that this reservation was about whether to pursue a *complete* joint defense with Robertson, and that he had already agreed to pursue a common-interest strategy as to the particular subject matter discussed in the email. But Document 7 does not support that interpretation. It says that French was still thinking about whether to pursue a common defense *as to the very subject matter* that had been discussed in the prior emails.

Even if there were a common interest agreement between French and Robertson at the time of Document 1 in the log, two of the documents numbered 1–7 are not entitled to protection in any event. Specifically:

• document 3 is an email communication that is sent among others to a lawyer for the Meadows Owens firm, and French has made no showing of a common interest with Meadows Owens.[1]

• document 4 includes no confidential communication on a legal matter and therefore does not satisfy the requirement that the underlying communication must be privileged in the first place.[2]

*Ruling on Documents logged 1–7: Not protected.*

### Document 8

This email itself establishes that there is an agreement between French and Jackson Walker to pursue a common legal interest on a specific legal matter. The SEC's argument that French wore many hats, not all of them as a lawyer at or after Jackson Walker, is not dispositive here because the information shared concerns a subject matter on which French and Jackson Walker are aligned.

*Ruling on Document 8: Protected by common-interest doctrine.*

### Document 9

**\*3** Document 9 is an email the entirety of which is that one lawyer would like to talk to another lawyer by phone. Such a communication is not privileged because it does not reflect any confidential communication on a legal matter and does not disclose the nature of any legal representation. Certainly French could not argue that the bare fact that his lawyer communicated with a Jackson Walker lawyer is itself privileged. The bare fact of communication has already been disclosed by French's invocation of the common-interest doctrine and inclusion of the email on the privilege log.

The mere fact of a consultation with a lawyer is not privileged. See *In re Shargel,* 742 F.2d 61, 62 (2d Cir.1984). It follows that the mere fact of a conversation between lawyers of separate clients cannot be protected by the privilege, much less by the common-interest extension.

As the *Shargel* court points out, there is a categorical difference between the *fact* of a consultation and the *subject* of a consultation. So if a document indicates what subject matter

lawyers pursuing a common interest were talking about or intending to talk about—and that topic would "impl[y] a confidential communication," *Id.*—then that document would be protected. But there is *no* indication of subject matter in the email chain logged as Document 9. At oral argument, French's counsel posited that the SEC could figure out the subject of the scheduled conversation by noting the date of the email and then working backward to figure out what topics might have been on the table at that time. But if that were enough to trigger a privilege, it would mean that the mere fact of virtually every consultation with a lawyer (or between lawyers working within a common-interest) would be protected. That is not the law. In *Shargel,* the government could probably have figured out that a client who paid a famous criminal lawyer more than $10,000.00 in cash for services was probably consulting that lawyer about a potential criminal prosecution. But that was not enough to hold the *fact* of consultation privileged. See *Id.* at n. 5 ("We reject out of hand the argument that a confidential communication about criminal activity may be inferred from consultation with a criminal law specialist. Such consultation carries with it no implication of past criminal conduct, much less of a particular communication describing it. Even if an inference may be drawn that the client is apprehensive about a criminal law problem, that alone says nothing about guilt or innocence, about past or future acts, or even about the reasonableness of the apprehension.").

Accordingly, arrangements for a conversation between lawyers, about an unspecified subject matter, are not privileged communications and so are not protected by the common-interest doctrine.

*Ruling on Document 9: Not protected,*

Document 10
This email is about a subject matter on which French and Jackson Walker have a common-interest. French has sufficiently established a common interest agreement with Jackson Walker on matters of this nature. See Document 8. The communication is on a legal matter and is clearly intended to be confidential within the common-interest unit.

*Ruling on Document 10: Protected by common-interest doctrine,*

Document 11

*4 This email is about a procedure for effectuating a common-interest exchange of information. The information sought is by definition not privileged as it was produced to the SEC. The fact that a common-interest *procedure* to exchange information was set up is hardly confidential—indeed it is the premise of French's invocation of privilege. The email itself does not indicate what specific information is sought, and accordingly contains no information of a confidential nature.

*Ruling on Document 11: Not protected.*

Document 12
This email chain concerns sending a package from one counsel to another, and protocol about opening the package. Nothing in the chain indicates what the package is, therefore there is no explicit or implicit disclosure of confidential information. As stated above, the mere fact that information was exchanged between lawyers is not privileged, the fact of such exchanges is conceded by French as part of invoking the common-interest doctrine.

*Ruling on Document 12: Not protected.*

Document 13
This is an email from Jackson Walker counsel to French's counsel apprising him of a relevant development. As such the document reveals confidential legal discussions, and at the very least is work product in pursuit of a common-interest. The subject matter is within the areas on which French and Jackson Walker would have a common interest.

*Ruling on Document 13: Protected by common-interest doctrine.*

Document 14:
The analysis under Document 9, supra, is completely applicable to the email string logged as Document 14. It is about nothing but scheduling, with no indication of subject matter.

*Ruling on Document 14: Not protected.*

Document 15:
This is an email response to the email logged in Document 13. The response contains a confidential legal assessment of the relevant development and also reflects work product in pursuit of a common-interest. The subject matter is within the

areas on which French and Jackson Walker have a common interest.

***Ruling on Document 15: Protected by common-interest doctrine.***

*Document 16:*
The analysis under Document 9, supra, is completely applicable to the email string logged as Document 16. It is about nothing but scheduling, with no indication of subject matter.

***Ruling on Document 16: Not protected.***

*Document 17:*
This email string contains a good deal of scheduling suggestions and information, but it also reflects, at various links in the chain, the *topic* of the projected conversation between lawyers pursuing a common interest. That topic shows the reason for legal consultation and under *Shargel,* it renders these underlying communications as to the legal subject matter privileged. And as to the common-interest doctrine, the subject matter is within that area in which French has demonstrated a shared legal interest with Jackson Walker.

**\*5** It is possible to redact the attributions of subject matter in the email chain and order production of the remainder. An email chain is not protected in its entirety simply because it contains some confidential information. *See Benefit Vision Inc. v. Gentiva Health Services Inc.,* 2:09–cv–00473 (E.D.N.Y. May 23, 2011) ("If there are e-mail chains in which Defendants claim privilege over only parts of the e-mail chain, those allegedly privileged e-mails must be redacted and all nonprivileged portions must be produced."). The only parts of the email chain protected in Document 17 are those that refer to the *reason* for the proposed conversation. Thus, the SEC has the right to receive Document 17 in redacted form.

***Ruling on Document 17: Statements in the email chain describing the reason for the proposed conversation among lawyers is protected by the common-interest doctrine. The remainder is not protected and the SEC is entitled to receive the Document in redacted form.***

*Document 18:* This is an email string between counsel for Robertson and counsel for French, setting up a conference call on a legal matter. The email itself, together with the affidavits of counsel submitted with this motion, sufficiently establish that *at this point* French has agreed to pursue a common legal interest with Robertson. The topic of the projected conversation is well within that common interest. It is true that French wore many hats but clearly the legal development that spurred this email string is on a subject matter that could implicate Robertson as well as French.

Much of the email string is about scheduling. As with Document 17, the SEC is entitled to the Document in redacted form, after the subject matter of the proposed conversation has been redacted.

***Ruling on Document 18: Statements in the email chain describing the reason for the proposed conversation among lawyers is protected by the common-interest doctrine. The remainder is not protected and the SEC is entitled to receive the Document in redacted form.***

*Document 19:* This is an email string of four emails that begins with an email about a legal development that surely affects both French and Jackson Walker. As previously indicated, earlier emails (supported by affidavits of counsel submitted with this motion) sufficiently indicate an agreement between French and Jackson Walker to pursue a common defense on certain issues. The legal development discussed in this email is one such issue. The beginning and subsequent emails are sent to arrange for a conference call. The first email states the subject matter for the call and to that extent is privileged. The second email refers to receipt of information on a legal matter of common interest and to that extent is privileged. The remainder of those two emails and the entirety of the third and fourth emails are simply about scheduling and so are unprotected.

***Ruling on Document 19: Statements in the email chain describing the reason for the proposed conversation among lawyers (first email) and receipt of information (second email) are protected by the common-interest doctrine. The remainder of the email chain is not protected and the SEC is entitled to receive the Document in redacted form.***

**\*6** *Document 20:* This is a single email from Jackson Walker counsel to French's counsel. It describes the subject matter for a future consultation and also discusses an exchange of information relating to a legal development on which French and Jackson Walker clearly have a common interest. As discussed before, French has sufficiently established a common interest agreement on matters such as discussed in this email.

*Ruling on Document 20: Protected by the common-interest doctrine.*

**Document 21:** This is a five email chain. The first email is about setting up a call on a specifically stated subject matter on which French and Jackson Walker have a common interest. The other four emails are purely about scheduling. If untethered to the first email, those subsequent emails give no indication of any privileged information or any particular subject matter. As discussed above, the fact that an email chain contains some privileged information does not protect the entire email. Accordingly, only the first email is protected by the common-interest privilege and the SEC is entitled to production of the rest of the email chain.

*Ruling on Document 21: First email protected by the common-interest doctrine; remaining emails in the chain are not protected.*

**Document 22:** This is a set of documents that French's counsel received from Jackson Walker's files. The documents logged as # 22 clearly cover a subject matter on which French and Jackson Walker agreed to pursue a common interest. The privilege log indicates that Jackson Walker, at the direction of the Wylys, included 25 pages of these documents on the privilege log it provided to the SEC, and did not disclose another 9 pages on the ground that they were unresponsive to the SEC's subpoena.

These documents would appear to be protected by the common-interest privilege that existed between Jackson Walker and French. However, with respect to the *Wylys,* these documents may be subject to disclosure due to the Wylys' advice of counsel waiver—which Judge Scheindlin, by order dated April 1, 2011, declared applied to both securities and tax advice.

The Special Master is working to determine whether the Wylys have already agreed to produce these documents given their advice of counsel waiver. If these documents have already been produced to the SEC, then the motion to compel them from French is essentially mooted. If the Wilys maintain that the advice of counsel waiver does not extend to these documents, then the proper point to decide that question is in the forthcoming opinion on the Wilys' remaining privilege claims. Accordingly, the Special Master defers any ruling on the materials logged as Document 22.

*Ruling on Document 22: Deferred.*

**Order**

Defendant French must promptly produce the following logged documents to the SEC:

• Documents 1–7.

• Document 9,

• Document 11.

• Document 12.

• Document 14.

 *7  • Document 16.

• Documents 17 and 18—However, French is entitled to redact from the emails the descriptions of the topic for the proposed conversation among the lawyers.

• Document 19—However, French is entitled to redact the statement in the first email describing the reason for the proposed conversation among lawyers, and the statement in the second email describing the receipt of a document.

• Document 21—However, French is entitled to redact the first email in the string.

A ruling on Document 22 is deferred.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 3851129

Footnotes

1  At oral argument, French's counsel agreed to produce Document 3 in any event.

**S.E.C., Inc. v. Wyly, Not Reported in F.Supp.2d (2011)**
2011 WL 3851129

2   As discussed more fully below, communications that do nothing but schedule a future conversation to talk about unspecified privileged information are not themselves privilege, as they do not reveal any confidential communication about a legal matter.

---

**End of Document**  © 2021 Thomson Reuters. No claim to original U.S. Government Works.