# Exhibit P

# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

**Writer's Direct Dial**:
(973) 228-0454
**Writer's Email:**
aslater@mazieslater.com

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

February 10, 2021

**VIA EMAIL**
SAGoldberg@duanemorris.com
Seth A. Goldberg, Esq.
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196

Re:   **In re Valsartan, Losartan, and Irbesartan Liability Litigation**
      **Case No. 1:19-md-02875-RBK-KMW**

Counsel:

I write to address deficiencies in the Zhejiang Huahai Pharmaceutical Co. Ltd., Prinston Pharmaceutical Inc., Solco Healthcare LLC, and Huahai US, Inc. ("hereinafter referred to as "ZHP") production.  In light of the short extension of discovery deadlines per the February 3, 2021 hearing with Judge Vanaskie and Special Master Order No. 2, we request a prompt response to each issue listed, including whether and by when the issue will be fully addressed and remedied.  If we cannot reach agreement we intend to raise all unresolved issues at the upcoming discovery conference.  In addition to our request for a written response to these issues, we are available to meet and confer as soon as possible.

First, there are aspects of ZHP's production that are not compliant with the ESI Protocol. This includes ZHP's Production Index, which is not in compliance with Section III, Paragraph I of the Electronic Discovery Protocol which has been entered in this matter.  Pursuant to Section III, Paragraph I, "Each production also contain a Production Index, which shall be updated with each production, setting forth (1) dates, (2) Bates number range, (3) source(s) *(e.g.,* custodians, database) of the materials contained in each production volume, (4) whether the production was a replacement production, and (5) the date of withdrawal of protected designation and replacement with no protected designation for applicable Bates ranges, if applicable.  ZHP's Production Index is replete with entries that are not compliant with the Electronic Discovery Protocol.  For example, various entries list the Sources as "Custodial FDA Correspondence" (See: SOLCO00000002 - SOLCO00000580, PRINSTON00081543 - PRINSTON00083049, PRINSTON00083683 - PRINSTON00083847, etc.).  This description does not provide the necessary information regarding the specific Source or Custodian of the files being produced. Documents within these Bates ranges included documents with "Unspecified Custodian" listed as the Custodian, despite many being emails with various recipients who are agreed upon Custodians and/or deponents.  This description is not compliant with the terms of the Electronic Discovery Protocol and plaintiffs request a compliant Production Index that properly describes the sources/custodians of the documents be produced within 7 days.  Another issue with the productions is the insufficient metadata, including documents listing "Created" and "Modified" dates of "12/31/9999" and missing Duplicate Custodian and Author fields.  The production also includes numerous documents that are unable to be viewed due to poor quality (See: ZHP0001281, ZHP00012462) or technical issues that indicate that the "Document Cannot be Rendered," is "Not Renderable," or that the document is a "Non-Imageable Document."  (See

ZHP00097963, ZHP00078108, and ZHP00099653). Additionally, documents produced in Native, such as PowerPoints and Excel spreadsheets, are not being produced with the slip sheets that are required to be produced with every Native document, per the Electronic Discovery Protocol. For example, ZHP00189614-ZHP00189645, ZHP00711555, and ZHP00697142 have all been produced without the required slip sheets.

Second, there are deficiencies in the Privilege Log produced by ZHP. Section V, Paragraph A of the Electronic Discovery Protocol requires the producing party to provide an updated summary log with each production, identifying any information withheld or redacted based on the assertion of privilege, in an electronically searchable format (e.g., Excel), containing, for each document claimed as privileged, a description of "the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," pursuant to Fed. R. Civ. P. 26(b)(5)(A). The descriptions and information provided in ZHP's Privilege Logs do not provide plaintiffs sufficient information to challenge these privilege designations. For example, there are various entries that simply list "Email forwarding confidential legal advice regarding litigation matter updates" or "Email requesting legal advice with Counsel regarding pending litigation" however no attorneys appear to be listed or identified as a sender or recipient, and it is not clear who all recipients are. Thus, the Privilege Logs lack adequate identification of those who sent or received emails or other communications, including the lack of identification of the attorney(s) involved or a detailed explanation of why their involvement renders the communication privileged. The deficiencies also include the complete withholding of documents where redaction is a less intrusive remedy, and the need for more detailed descriptions of the substantive content of the documents and the

basis for the claim of privilege. For example, the most recent served Privilege Log provides descriptions limited to legal advice in connection with "customer relations," which is vague and on its face does not fall within the scope of what falls within the scope of what may legitimately be withheld based on privilege. Accordingly, Plaintiffs request ZHP produce a compliant Privilege log with an accompanying "cast of characters" listing of the name, title, department, and email address of each person named in the privilege log so Plaintiffs can reasonably evaluate the privilege claims. If this cannot be agreed to with a commitment to fully remedy the situation in short order, this issue will be raised with the Court at this week's conference.

Third, ZHP's State Secret Logs remain deficient. The State Secret Logs contain vague descriptions and do not provide the specific information necessary for Plaintiffs to understand the nature of each document and the basis for the redaction or withholding, including whether complete withholding of a document should be replaced by targeted redaction. Additionally, for each person listed in the State Secret Logs, please identity their title, department, and email address so Plaintiffs can reasonably evaluate the privilege claims. Accordingly, Plaintiffs request ZHP produce a compliant State Secret Log immediately, following which Plaintiffs request a prompt meet and confer to address remaining issues or challenges, so that remaining disputes can be promptly submitted to the Court.

Fourth, in the process of preparing for the first depositions, which are now being rescheduled, we identified documents that do not appear to have been produced, or in the alternative if produced simply could not be located by our reviewers based on the manner of the production. These documents include the following (as the review continues, this list cannot be confirmed as fully comprehensive and we reserve the right to continue to request production or identification of documents):

- Productions from third-party recipients Zi-Qiang Gu and Charles Wang;

- Completion of production of emails from Jun Du's Gmail account;

- Prinston Quality Assurance Documents

    o Documents related to audits

        ▪ Handwritten notes preserved by Remonda Gergis

        ▪ Schedules of Audits, including the date of any responses to audit reports

    o Any unproduced documents kept in the locked filing cabinet used by Prinston's Quality Assurance Department.

In connection with all outstanding documents, in light of the posture of discovery, Plaintiffs request a complete transparent disclosure of what documents remain to be produced and when ZHP commits to completion of the production. This is intended to provide a level playing field in understanding what remains, who it relates to in terms of upcoming depositions, and ultimately to avoid late production of significant documents, which Defendants have committed to preventing going forward. At this point there is no legitimate argument that this information should not be shared with Plaintiffs.

Very truly yours,

ADAM M. SLATER