

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA 15219
412.263.2000   FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.: 412.263.1816
DIRECT FAX NO: 412.263.4246
FILE NO.: MYLAN-112578
EMAIL: cct@pietragallo.com

February 11, 2021

**Via ECF**

| | |
|---|---|
| Special Master the Honorable Thomas Vanaskie | The Honorable Karen M. Williams |
| Stevens & Lee | United States Magistrate Judge |
| 1500 Market Street, East Tower, 18th Floor | USDC, District of New Jersey |
| Philadelphia, PA 19103 | Mitchell H. Cohen Building & U.S. Courthouse |
| | 4th & Cooper Streets, Room 1050 |
| | Camden, NJ 08101 |

Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
USDC, District of New Jersey, No. 1:19-md-2875-RBK-KMW

Dear Special Master Vanaskie:

I write on behalf of the Defendants' Executive Committee to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on Friday, February 12, 2021.

1. **Defendants' Deposition Schedules**

Following the Court's extension of all case management deadlines contained in CMO 22 (Dkt. No. 726) by sixty (60) days, the Manufacturer Defendants and the Plaintiffs have begun the process of meeting and conferring to establish a revised deposition schedule. Pursuant to the Court's Order (Dkt. No. 843), the parties will finalize and submit to the Court revised deposition schedules no later than February 17, 2021. The Manufacturer Defendants anticipate that the Parties will be able to reach agreement on revised deposition schedules and, generally, do not perceive a need to raise any scheduling issues with the Court at this time.

Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
February 11, 2021
Page 2

### a. ZHP

The depositions of six U.S.-based and ten China-based ZHP employees have been approved by the Court or agreed upon by the parties. ZHP has or will move for protective orders to prevent the depositions of four additional China-based employees, Yuelin Hu, Fengyang (Xavier) Tang, Mi (Karen) Xu, and ZHP's Chairman, Baohua Chen. The depositions of three of the six U.S.-based ZHP Party employees were completed in January and early February. Following the entry of Special Master Order No. 2, the parties agreed to reschedule the depositions of two remaining U.S. based employees, Hai Wang and Jun Du, which had been scheduled for February 9-10, 2021 and February 17, 2021, respectively. On February 10, 2021, the ZHP Parties proposed a modified schedule of depositions of all the ZHP Party employees, including the four whose depositions are being disputed, to eliminate the previous double and triple-tracking of those depositions by spreading them out from the end of February through June 1, 2021. The ZHP Parties' modified schedule begins with the deposition of Hai Wang on February 25-26, 2021 and Jun Du on March 4, 2021, and provides for the depositions of the China-based employees, all of whom will be required to travel outside of China to be deposed, to begin on March 22, 2021 with the deposition of Minli Zhang, and to be followed by depositions to occur weekly throughout the months of April and May. (*See* Calendar attached as Exhibit A). This modified schedule will allow the parties to complete the depositions of the ZHP Parties without any overlap, and will allow the parties to conclude the depositions related to general causation by June 1, 2021. If the Court grants the ZHP Parties' protective order motions as to Ms. Hu, Mr. Tang, Ms. Xu and Mr. Chen, the ZHP Parties' depositions will be completed by May 13. The ZHP Parties will continue to work with Plaintiffs to attempt to submit an agreed upon schedule of depositions by February 17, 2021 as set

Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
February 11, 2021
Page 3

forth in Special Master Order No. 2. Alternatively, as ordered, if agreement cannot be reached, the ZHP Parties will submit its position in writing as to each prospective deponent no later than February 22, 2021 to be addressed at the February 24, 2021 Case Management Conference.

b. **Mylan**

Mylan and the Plaintiffs have worked cooperatively to revise the deposition schedule of Mylan's fact and Rule 30(b)(6) witnesses. The Parties are in the process of finalizing two additional deposition dates, and Mylan anticipates being in a position to submit the Parties' revised schedule to the Court by early next week, if not sooner.

c. **Teva**

Teva and the Plaintiffs are working collaboratively to schedule dates for Teva's 30(b)(6) and fact witnesses within the parameters of the revised case schedule. In accordance with the Court's instructions, we will begin depositions the last week of February and will be prepared to submit an agreed upon deposition schedule by the Court's February 17, 2021 deadline. Meet and confer efforts to finalize these dates are ongoing.

d. **Torrent**

Torrent and the Plaintiffs have worked cooperatively to revise the deposition schedule six of Torrent's fact and Rule 30(b)(6) witnesses. The Parties have finalized two of the new deposition dates, and are in the process of finalizing the four additional deposition dates. Torrent anticipates being in a position to submit the Parties' revised schedule to the Court by early next week.

e. **Aurobindo**

Counsel are working cooperatively on deposition dates. The parties had two productive meet-and-confers this week. This process is ongoing. Counsel for Aurobindo will provide

Plaintiffs with proposed dates by Monday and will be prepared to submit an agreed-upon deposition schedule by February 17, 2021.

## 2. Third Party Subpoena Briefing

Pursuant to the Court's January 11, 2021 Order, (Dkt. No. 727), the Parties have completed supplemental briefing related to Plaintiffs' assertion that the Manufacturer Defendants should be compelled to accept service of foreign third-party subpoenas and obtain documents and ESI from those third parties based on Plaintiffs' unfounded assertion that Manufacturer Defendants are in possession, custody, or control of any such information. Accordingly, the matter is now ripe for adjudication.

## 3. ZHP's Motion to Seal Pursuant to L. Civ. R. 53

The ZHP Parties refer the Court to their Motion to Seal Pursuant to Local Civil Rule 5.3 and supporting documents, which were filed yesterday, February 10, 2021, with hyperlinks. (Dkt. No. 859).

## 4. ZHP's Motion for protective order precluding depositions of certain employees

The ZHP Parties refer the Court to their Reply Brief Supporting Their Motion for Protective Order Precluding Depositions of Certain Employees, which was filed yesterday, February 10, 2021, with hyperlinks. (Dkt. No. 858).

## 5. Service of Losartan and Irbesartan Complaints on Defendants

Plaintiffs served form Waiver of Service of Summons for the Losartan and Irbesartan Master Complaints to known counsel for Defendants. Since the federal form Waiver includes language that a responsive pleading shall be filed within 60 days and that is not applicable in this litigation, the Defendants have proposed the following language to be used in the Waivers:

Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
February 11, 2021
Page 5

I have received your request to waive service of a summons in this action along with a copy of the Complaint, two copies of this waiver of service form, and a prepaid means of returning one signed copy of the waiver form to you.

On behalf of [DEFENDANT(S)], I waive service of the summons and Complaint in this case.

In waiving service of process, [DEFENDANT(S)], preserve all of their defenses and objections to the lawsuit, the court's jurisdiction, and the venue of the action. I also understand that the Court has stayed the deadline to serve an answer or a motion under Rule 12 to this Complaint.

If Plaintiffs' counsel agree to the above language, counsel for Defendants that are willing to accept service on behalf of their client(s) will draft and execute the Waiver and will send same to Plaintiffs' counsel, Marlene Goldenberg. There are some Defendants that are not willing to accept service of the Master Complaints, and counsel for those Defendants will contact Ms. Goldenberg to discuss.

### 6. Update on Meet and Confer regarding Privilege Logs

Plaintiffs have initiated meet and confers with various Manufacturer Defendants regarding privilege logs. The following is a summary of the current status of those discussions with respect to each Defendant.

#### a. Mylan

As the Court is aware, Plaintiffs and Mylan have been engaged in a meet and confer regarding Mylan's privilege log. Pursuant to those discussions, Mylan has reviewed nearly 400 specific documents challenged by Plaintiffs, and has re-produced a subset of those documents that were previously withheld. Further, Mylan has agreed to make further revisions to its privilege log in order to provide Plaintiffs with additional descriptive information. Finally, Mylan has agreed to provide Plaintiffs with a "legend" that identifies each inside and outside lawyer identified on

Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
February 11, 2021
Page 6

Mylan's log, as well as each lawyer's email address, title, and department. Mylan rejects any assertion by Plaintiffs that additional information related to a broader "cast of characters" is necessary to establish the applicability of privilege.

Mylan will provide its revised Privilege Log and Legend to Plaintiffs by the end of the day tomorrow, February 12, 2021. To the extent Plaintiffs raise any additional challenges with respect to Mylan's privilege designations following the production of the revised Privilege Log, such challenges should be addressed in accordance with the ESI Protocol. (Dkt. No. 88).

### b. Teva

Plaintiffs have not identified any issues with Teva's privilege log, the first version of which was produced to Plaintiffs on October 1, 2020. Out of an abundance of caution, given recent discussions on calls with the Court, Teva raised the issue of potential deficiencies with Plaintiffs during a meet and confer call on February 5, 2021. To date, Plaintiffs have not identified any substantive issues with the content of Teva's privilege log, but the parties are discussing production of a "legend" or "cast of characters" which would identify names and email addresses of legal personnel found within Teva's privilege log. Teva rejects the implication that its log is in any way deficient under either the Federal Rules or the ESI Protocol in this litigation, and moreover any such allegations are not ripe as they have not been the subject of meet and confers between the parties.

### c. Aurobindo

Plaintiffs have not identified any substantive issues with the content of the Aurobindo Privilege Log. On Tuesday Plaintiffs requested a "cast of characters." They are seeking the name, title, department, and email address for every individual that appears on the Log. The Aurobindo

Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
February 11, 2021
Page 7

Log currently provides the name and email address for every individual. The Aurobindo Log complies with the requirements of the Federal Rules of Civil Procedure and the ESI Protocol. In good faith, counsel is willing to continue the meet and confer process and is hopeful that the parties can reach an agreement on this issue. Respectfully, the issue is not ripe for the Court because the meet-and-confer process is currently ongoing.

7. **Purported Defendant Discovery "Deficiencies"**

Yesterday, Plaintiffs indicated to the Defendants that they intend to raise purported discovery "deficiencies" related to three (3) of the Manufacturer Defendants.

a. **ZHP**

One day ago, on Wednesday, February 10, Plaintiffs contacted the ZHP Parties by email identifying, for the first time, a number of purported deficiencies relating to the ZHP Parties' document production index, privilege log, state secret log, and document production.

These disputes are not ripe for the Court's resolution because the parties have not yet commenced, let alone exhausted, the meet and confer process. Special Master Order No. 2 specifically anticipates these disputes coming before the Court only after the parties have met and conferred. (*See* Dkt. No. 843 at ¶ 4 ("No later than February 15, 2021, Plaintiffs shall identify any privilege log that Plaintiffs contend is inadequate and the reasons for the claimed inadequacy. Counsel shall then meet and confer to attempt to resolve objections to the adequacy of the privilege logs and report to the Court no later than February 22, 2021 on their efforts to resolve disputes pertaining to the privilege logs."); *see also* 02/03/2021 Hrg. Tr. at 45:24-46:2 ("What I would expect is that you would try to resolve it between yourselves . . . if you can't, then you tee it up for a resolution by me[.]")). Further, this Court's local rules make clear that the parties are expected

Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
February 11, 2021
Page 8

to confer in an attempt to resolve any discovery dispute before raising the issue with the Court. L.R. 37.1 ("Counsel shall confer to resolve any discovery dispute.").

The ZHP Parties are evaluating the purported deficiencies raised in the letter sent by Plaintiffs yesterday, and will meet and confer with Plaintiffs to try to resolve this dispute without the Court's intervention.

### b. Hetero

By letter dated February 5, 2021, Plaintiffs set forth several purported deficiencies in Hetero Drugs Ltd. and Hetero Labs Ltd. (collectively, "HLL") document productions. This includes allegations that several custodial files were not produced in HLL's custodial productions, errors in the metadata associated with HLL document productions, deficiencies in HLL's Discovery Production Index, deficiencies in HLL's Privilege Log, and additional document requests regarding documents that Plaintiffs were unable to locate in HLL's document productions. A true and correct copy of Plaintiffs' February 5, 2021 letter is attached hereto as Exhibit B.

On February 9, 2021, HLL responded to Plaintiffs' letter. In HLL's response, HLL confirmed that seven of the ten custodial files that Plaintiffs alleged were not produced, were indeed produced. HLL further stated that one of the remaining custodial files were previously negotiated and HLL did not agree to produce documents associated with that individual, who is not an HLL employee. Further, HLL stated that the remaining two custodial files were non-existent, because the individuals in question did not have an HLL email address that they used in the course of business. HLL further agreed to revise its Discovery Production Index, provide a "cast of characters" to accompany its Privilege Log, and was investigating Plaintiffs' contentions

Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
February 11, 2021
Page 9

regarding HLL's document production metadata. A true and correct copy of HLL's February 9, 2021 letter is attached hereto as Exhibit C.

The parties subsequently met and conferred on February 10, 2021. During that teleconference, Plaintiffs clarified that they were unable to locate several custodial files in light of the errors in HLL's document production metadata. HLL is currently investigating this issue with its e-discovery vendor, to determine the root cause and an expeditious remedy. Further, during the parties' teleconference, Plaintiffs made HLL aware of emails that Plaintiffs located that included one of the custodians for which HLL understood the individual to not have an HLL email address. HLL is investigating this issue and indicated that it will report its findings back to Plaintiffs. HLL is additionally taking steps to locate the documents Plaintiffs were unable to find in HLL's document production, or alternatively, produce the requested documents in a subsequent production.

c. **Aurobindo**

On Tuesday, counsel for Plaintiffs emailed defense counsel raising purported deficiencies regarding Aurobindo's production of non-custodial documents. The parties subsequently met and conferred and had a productive discussion. All of the Aurobindo parties produced non-custodial documents responsive to Plaintiffs' Rule 34 Requests for Production of Documents. The Aurobindo parties are evaluating the purported deficiencies raised by the Plaintiffs, and will continue to meet-and-confer with Plaintiffs to try to resolve this dispute without the Court's intervention.

Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
February 11, 2021
Page 10

### 8. Report on Wholesalers T3 Issue

The parties have reached an agreement on a stipulation that obviates the need for a decision from the Court on the issue.

                                              Respectfully submitted,

                                              Clem C. Trischler

c:      All counsel of record (via ECF)