# **EXHIBIT D**

| | |
|---|---|
| From: | Madeline Pendley |
| To: | Nagle, Brittney; Brancato, Alexia Renee |
| Cc: | Daniel Nigh; Stacy Burrows |
| Subject: | Torrent Production issues |
| Date: | Wednesday, February 17, 2021 7:53:13 PM |
| Attachments: | image001.png<br>TORRENT PRODUCTION DEFICIENCIES LETTER.docx |



Brittney and Alexia,

Attached are the Torrent production deficiencies identified by our team. Please let us know when you are available to confer on these issues.

Thanks!

### Madeline Pendley  |  Attorney

Levin, Papantonio, Rafferty, Proctor,
Buchanan, O'Brien, Barr & Mougey, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
850.435.7003 (office)
850.436.6003 (fax)
mpendley@levinlaw.com



THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, THEN DELETE IT. THANK YOU.

**VIA EMAIL**

      Re:      **In re Valsartan, Losartan, and Irbesartan Liability Litigation Case No. 1:19-md-02875-RBK-KMW**

Counsel:

    I write to address significant deficiencies in the Torrent Pharmaceuticals, Limited's and Torrent Pharma, Inc.'s (collectively referred to herein as "Torrent") production as well as begin discussions regarding the rescheduling of upcoming depositions. In light of the short extension of discovery deadlines per the February 3, 2021 hearing before Judge Vanaskie which resulted in Special Master Order No. 2, we request a prompt response to each issue listed, including whether and by when the issue will be fully addressed and remedied. If we cannot reach agreement, we intend to raise all unresolved issues at the upcoming discovery conference next week. In addition to our request for a written response to these issues, we are available to meet and confer as soon as possible.

    First, Torrent has not produced custodial files for the following custodians, some of whom are also deponents. This is a significant issue for obvious reasons.

1) Mukherji, Maitreyee
2) Perry, Sue

    Further, there are several deponents for which Torrent did produce a custodial file, however, the file is severely lacking in its production. We anticipate the following custodial files are not substantially complete:

1) Neravatla, Reddy: 1,354 documents produced
2) Gotantla, Saroja: 1,675 documents produced
3) Attinger, Bernadette: 2,498 documents produced
4) Rivera, Jocelyn: 4,447 documents produced

    5) Gegenheimer, Kelly: 7,233 documents produced

    6) Jaiswal, Sushil: 7,881 documents produced

Assuming that Defendants produce the above custodial files immediately pursuant to its discovery obligations, in full compliance with the ESI Protocol, Plaintiffs propose the dates below for the the remaining Torrent deponents whose depositions dates have not yet been finalized:

    1) Paras Sheth, General Manger, Procurement – April 21, 2021;

    2) Jaiswal, Sushil – May 4-6, 2021 – we need three consecutive days.

Another issue with the productions is the insufficient metadata, including documents listing "Created and "Modified" dates of "12/31/9999", non-compliant formats for Custodian fields which should list Custodians as "LASTNAME, FIRSTNAME, MIDDLENAME", Custodian fields that simply list "Torrent," and missing Author and Duplicate Custodian fields.

Second, there are deficiencies in the Privilege Log produced by Torrent. Section V, Paragraph A of the Electronic Discovery Protocol requires the producing party to provide an updated summary log with each production, identifying any information withheld or redacted based on the assertion of privilege, in an electronically searchable format (e.g., Excel), containing, for each document claimed as privileged, a description of "the nature of the documents communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," pursuant to Fed. R. Civ. P. 26(b)(5)(A). The descriptions and information provided in Torrent's Privilege Logs do not provide Plaintiffs sufficient information to challenge these privilege designations, and are thus in violation of the Federal Rules, and the applicable case law in this district. This includes the inadequate descriptions of the substance of the documents in question. Further, the following metadata fields agreed upon are either missing, or not in the correct format from Torrent's current Privilege Log:

    1) Missing Attachment Counts

2) Missing some FirstBates Nos.

3) Missing some LastBates Nos.

4) Missing some BegAttach Bates Nos.

5) Missing some EndAttach Bates Nos.

6) Missing Parent Bates Nos.

7) Missing Child Bates Nos.

8) Missing Middle Names of Custodians

9) Missing Duplicative Custodians

10) Missing full names for some Senders and Recipients—many only provide email addresses

11) Likely missing some Recipients

12) Missing some Authors

13) Missing the titles of the Authors and Recipients

14) Some Authors do not fully identify individuals; e.g., only company name, user name, incomplete name, etc.

15) Missing some Dates Received

We submit the following examples in support, though this is certainly not an exhaustive list:

**[1] TORRENT-MDL2875-00520677** (duplicate documents - TORRENT-MDL2875-00520670; TORRENT-MDL2875-00520666; TORRENT-MDL2875-00520685):

Email thread started by Reddy Neravetla on November 4, 2019 sent to Lynn Gustofson inquiring as to the latest recall reports of anagrelide and losartan recall reports. Continues with Neravetla periodically reaching out to Gustofson to inquire about current recall reports.

On February 3, 2020, Gustofun replies to Neravetla's emails and provides proof of Destruction report and indicating that Torrent would be issuing a CAPA for this. Neravetla then sends an email to Joseph DelBuono and Gina Thomas on February 3, 2020 which is redacted- as privileged. However,

the basis of the privilege is not asserted.

As the email thread continues several additional emails are redacted throughout by DelBuono without providing a privilege basis.

In an email to Joseph DelBuono, Neravetla states "we are holding only Valsartan and Losartan. All other product is being destroyed." Because there are multiple emails within this thread that mention valsartan the other products often used by Defendants to claim non-relevance would not be applicable as to this particular document.

**[2] TORRENT-MDL2875-00520695:**

This is an extension of emails included in document TORRENT-MDL2875-00520677. There are several emails included in this document that are missing from the thread of the other document that are redacted. For instance, in one redacted email dated February 3, 2020, Neravetla states that Qualanex destroyed some produce that Torrent instructed them not to. Then she writes we have approval to destroy product "…" which was redacted.

In another redacted email sent on February 6, 2020 Neravetla writes to DelBuono in an attempt to explain why returned product was left at Qualanex. However, the second portion of the email is redacted as privileged. Neravetla and DelBuono are not attorneys, neither does it appear for the content and context of the discussion of this email thread that these emails were sent for the purposes of litigation. Thus, the attorney-client privilege likely does not apply to the marked redactions in this email thread.

In addition, Valsartan is mentioned in this email thread, and so the claim of non-relevance other documents sometimes asserted by Defendants, seems non-applicable as to this particular document.

**[3] TORRENT-MDL2875-00520602:**

In an email from Neravetla to DelBuono on the destruction report, the first portion of the email

is redacted. No basis for privilege is asserted.

DelBuono nor Neravetla are attorneys (as far as Plaintiffs are aware), so attorney client privilege is not a proper basis. Further the email specifically mentions valsartan: DelBuono is questioning Neravetla if and why recalled valsartan was destroyed to which Neravetla responds that Torrent preserved all recalled valsartan since January 21, 2019 which is being stored at Qualanex. Because this email specifically references Valsartan, the other products claim Defendants have used to assert that an individual document is non-relevant should not apply.

**[4] TORRENT-MDL2875-00520650:**

This document appears to be a memo regarding a status update of Valsartan recall that was circulated on November 21, 2019. The redacted portion, on page 3 of the document, under bullet 7 reads: " Final disposition of recalled products: Product from Torrent's warehouse was shipped to Qualanex. All product at Qualanex were sent out for destruction were destroyed on dates 11/27/2018, 12/06/2018, 12/14/2018, 12/19/2018, 01/22/2019. Proof of destructions were submitted in February 2019 update. As a result of a lawsuit received by Torrent, Torrent has "…"" -- the remainder of the paragraph was redacted.

Although there is no basis of privilege asserted, the paragraph seems acknowledge the pending lawsuit and indicates that the redacted portion relates to what Torrent did after the lawsuit commenced. However, this could not be feasibly extended to mean that these documents were prepared by an Torrent or its attorneys in anticipation of litigation, which is required for the attorney client privilege to apply.

**[5] TORRENT-MDL2875-00520727**

This document is an email thread apparently started by Neravetla on November 4, 2019 sent to several Torrent employees that provides them with periodic updates on the status of the valsartan

recalls. On January 30, 2020 Maitrayee Mukherji points out that Torrent had been listing Hetero as its API manufacturer, which was not correct, in its reports to the FDA, and that an errata report should be sent to the FDA. A Kristy Zielny reaches out to Mukherji through email on January 30, 2020 and indicates that Torrent does not have an errata report mechanism. The response email from Mukherji that same day is redacted as privileged.

There is no basis of privilege listed. The communication throughout this email thread does not appear to be communications made to any attorneys for the purposes of litigation or in anticipation of litigation. Further, the subject matter of this email thread is explicitly valsartan, and so Defendants claims of non-relevance should not apply. Even if the documents were not relevant, still would not prevent the documents from being discovered.

**[6] TORRENT-MDL2875-00520204 (duplicate documents: TORRENT-MDL2875-00520181)**

This document appears to be a 20 page power point presentation, which is titled "Update to Q2 Quality Priorities, Levittown" and is dated October 4, 2019. On the 18th page of this document under the heading "Special Projects" the entire first bullet point paragraph has been redacted as privileged with the basis of privilege not asserted. This is not an attorney client communication neither does the fact that the document contains other products beside valsartan render the redacted portion non-discoverable.

**[7] TORRENT-MDL2875-00131238**

This document is a genotoxicity statement provided to Torrent from ZHP, which is titled "Discussion about Genotoxicity" of Valsartan, dated September 10, 2009. It discusses the guidelines and limits for genotoxic impurities in drugs, and levels specifically for Valsartan. The first page of this document is numbered "175." The upper right hand corner states "Page 83 of 98." This document is clearly a portion of what was originally a larger document. Because this document discusses the genotoxic impurities in Valsartan, which is one of the central issues in this case, Torrent needs to

provide us the document in its entirety.

**[8] TORRENT-MDL2875-00131240**

This document is another genotoxicity statement provided to Torrent from ZHP, which is titled "Discussion about Genotoxicity" of Valsartan, dated November 10, 2013. It discusses the guidelines and limits for genotoxic impurities in drugs, and levels specifically for Valsartan. The first page of this document is numbered "238." The upper right hand corner states "Page 147 of 172." This document is clearly a portion of what was originally a larger document. Because this document discusses the genotoxic impurities in Valsartan, which is one of the central issues in this case, Torrent needs to provide us the document in its entirety.

These entries, among others, lack adequate identification of those who sent or received emails or other communications, including the lack of identification of the attorney(s) involved or a detailed explanation of why their involvement renders the communication privileged. Accordingly, Plaintiffs request Torrent produce a compliant Privilege Log with an accompanying "cast of characters" listing the name, title, department, and email address of each person named in the Privilege Log so Plaintiffs can reasonably evaluate the privilege claims.

Third, in the process of preparing for the first depositions, which are now being rescheduled, we identified documents that do not appear to have been produced, or in the alternative if produced simply could not be located by our reviewers based on the manner of the production. These documents include the following, (since the review continues, this list cannot be confirmed as fully comprehensive and we reserve the right to continue to request production or identification of documents – and we expect that you will also take all necessary steps to independently identify deficiencies in the production as you are obligated to do):

<u>Documents which contain references to other documents which were deleted and not produced:</u>

    1) TORRENT-MDL2875-00090742-TORRENT-MDL2875-00090752

    2) TORRENT-MDL2875-00159182-TORRENT-MDL2875-00159187

    3) TORRENT-MDL2875-00434307-TORRENT-MDL2875-00434308

    4) TORRENT-MDL2875-00214769-TORRENT-MDL2875-00214773

    5) TORRENT-MDL2875-00111334-TORRENT-MDL2875-00111361

    TORRENT-MDL2875-00159288-TORRENT-MDL2875-00159290

    TORRENT-MDL2875-00436788

    TORRENT-MDL2875-00094903-TORRENT-MDL2875-00094906

    TORRENT-MDL2875-00371258-TORRENT-MDL2875-00371261

    TORRENT-MDL2875-00074978-TORRENT-MDL2875-00074981

Documents which state "Document Cannot be Rendered" and for which no document is available for download or viewing:

    TORRENT-MDL2875-00436788

Documents which state "Document Cannot be Viewed" and for which no document is available for download or viewing:

    TORRENT-MDL2875-00192976

    TORRENT-MDL2875-00192978

    TORRENT-MDL2875-00197091

    TORRENT-MDL2875-00192863

    TORRENT-MDL2875-00191934

    TORRENT-MDL2875-00192890

Document which states "Document has no text data available - refer to native file" and for which no document is available for download or viewing:

    TORRENT-MDL2875-00197756

Finally, please advise of a date next week when we can meet and confer regarding the quality documents (addressed above) so that we can begin the process of identifying those that

were applicable and are relevant to the 30(b)(6) topics. We expect that the 30(b)(6) designees will work with you to do so, as part of their process of preparation to testify on behalf of your client, so that there are no deficiencies at the time of the depositions. We will also be identifying documents shortly regarding the product tracing/sales and pricing topics and will be looking to meet and confer on that as well.

      We look forward to your response.

                                  Very truly yours,

                                  DANIEL NIGH

<mark>AM M. SLATER</mark>