# **EXHIBIT E**

**Friday, February 19, 2021 at 1:20:06 PM Eastern Standard Time**

| | |
|---|---|
| **Subject:** | Re: In re Valsartan - Mylan Privilege Log |
| **Date:** | Thursday, January 28, 2021 at 12:36:21 PM Eastern Standard Time |
| **From:** | John Davis |
| **To:** | Frank H. Stoy, Layne Hilton |
| **CC:** | Ruben Honik, Clem C. Trischler, Jason M. Reefer |
| **Attachments:** | image001.png, image002.png, image003.png, image004.png |

And to be clear, only asking or attorney/paralegal information is a compromise position I am offering. If we go in front of the court again, as you saw yesterday, Adam is going to ask this information for everyone who appears on the list.

John

---

**From:** John Davis <jdavis@slackdavis.com>
**Date:** Thursday, January 28, 2021 at 11:35 AM
**To:** "Frank H. Stoy" <FHS@Pietragallo.com>, Layne Hilton <l.hilton@kanner-law.com>
**Cc:** Ruben Honik <ruben@honiklaw.com>, "Clem C. Trischler" <CCT@Pietragallo.com>, "Jason M. Reefer" <JMR@Pietragallo.com>
**Subject:** Re: In re Valsartan - Mylan Privilege Log

Frank, please let us know by COB tomorrow whether Mylan is agreeable to producing a legend that identifies the following information for each attorney and paralegal who appears on Mylan's privilege log.

For in-house counsel and paralegals: Name, email, position, title, department.
For outside counsel and paralegals: Name, email, position, firm, nature of matter Mylan retained them on (e.g. patent litigation, Valsartan MDL, representing Mylan before the FDA on x matter, etc.)

Thanks,

John

---

**From:** "Frank H. Stoy" <FHS@Pietragallo.com>
**Date:** Wednesday, January 27, 2021 at 8:14 AM
**To:** Layne Hilton <l.hilton@kanner-law.com>
**Cc:** Ruben Honik <ruben@honiklaw.com>, John Davis <jdavis@slackdavis.com>, Valsartan PEC <valpec@kirtlandpackard.com>, "JPriselac@duanemorris.com" <JPriselac@duanemorris.com>, Behram Parekh <behram.parekh@drlawllp.com>, Cheryll Calderon <ccalderon@mazieslater.com>, "Clem C. Trischler" <CCT@Pietragallo.com>, "Jason M. Reefer" <JMR@Pietragallo.com>
**Subject:** Re: In re Valsartan - Mylan Privilege Log

Layne,

In follow-up to our discussion about the attorney legend, I have attached a document that contains information regarding Mylan's legal counsel who are identified on documents contained in Mylan's productions.

Thanks,
Frank

**Frank H. Stoy, Esquire**
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Office: 412-263-4397 | Fax: 412-263-4258
FHS@Pietragallo.com| BIO|vCard

Connect with me on LinkedIn:



This electronic mail message, and any attachments transmitted with it, contain confidential information, intended only for the named addressee(s).  If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited.  If you have received this e-mail in error, please immediately notify Pietragallo Gordon Alfano Bosick & Raspanti, LLP by reply e-mail, and delete all copies of this communication from your computer and network. Thank you.

---

**From:** Frank Stoy <FHS@Pietragallo.com>
**Date:** Monday, January 25, 2021 at 2:54 PM
**To:** Layne Hilton <l.hilton@kanner-law.com>, "Clem C. Trischler" <CCT@Pietragallo.com>, "Jason M. Reefer" <JMR@Pietragallo.com>
**Cc:** Ruben Honik <ruben@honiklaw.com>, John Davis <jdavis@slackdavis.com>, Valsartan PEC <valpec@kirtlandpackard.com>, "JPriselac@duanemorris.com" <JPriselac@duanemorris.com>, Behram Parekh <behram.parekh@drlawllp.com>, Cheryll Calderon <ccalderon@mazieslater.com>
**Subject:** Re: In re Valsartan - Mylan Privilege Log

Layne,

We are in receipt of your email and attached spreadsheet raising issues with Mylan's Privilege Log. In response, Mylan is conducting a supplemental review of the nearly 400 specific documents that you have identified. To the extent we determine that any of these documents were withheld in error, we will produce them. Although we have up to thirty (30) days to address your concerns pursuant to the ESI Protocol, we nonetheless agree to make any supplemental production by next week.

With regard to the more generalized issues that you raise, Mylan maintains its position that this does not constitute a good faith attempt to meet and confer, and we reject any assertion that Mylan's entire privilege log is deficient. Further, we do not believe this issue is ripe to be brought before the Special Master. Plaintiffs did not raise any specific issue with Mylan's privilege log until yesterday (1/24/21). We do not agree that the meet and confer has concluded.

Thanks,
Frank


**Frank H. Stoy, Esquire**
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
Office: 412-263-4397 | Fax: 412-263-4258
FHS@Pietragallo.com| BIO|vCard

Connect with me on LinkedIn:



This electronic mail message, and any attachments transmitted with it, contain confidential information, intended only for the named addressee(s).  If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited.  If you have received this e-mail in error, please immediately notify Pietragallo Gordon Alfano Bosick & Raspanti, LLP by reply e-mail, and delete all copies of this communication from your computer and network.  Thank you.

**From:** Layne Hilton <l.hilton@kanner-law.com>
**Date:** Monday, January 25, 2021 at 12:06 AM
**To:** "Clem C. Trischler" <CCT@Pietragallo.com>, Frank Stoy <FHS@Pietragallo.com>, "Jason M. Reefer" <JMR@Pietragallo.com>
**Cc:** Ruben Honik <ruben@honiklaw.com>, John Davis <jdavis@slackdavis.com>, Valsartan PEC <valpec@kirtlandpackard.com>, "JPriselac@duanemorris.com" <JPriselac@duanemorris.com>, Behram Parekh <behram.parekh@drlawllp.com>, Cheryll Calderon <ccalderon@mazieslater.com>
**Subject:** In re Valsartan - Mylan Privilege Log

Clem:

I write further to the Parties' meet-and-confer this afternoon.

As Mylan is no doubt aware, underlying facts contained in documents are never privileged.  *In re Human Tissue Prod. Liab. Litig.,* 255 F.R.D. 151, 164 (D.N.J. 2008).  Further, the mere presence of a lawyer on an email does not make the communication privileged.  *Id.*  It is also true that communications made to an attorney by a client seeking business advice are also not privileged.  *Id.*  However, Mylan appears to be violating all three of these well-trodden maxims in its privilege log designation.  This is even more apparent when reviewing the entries which purportedly contain legal advice "regarding testing and quality control."  Plaintiffs attach a list of all documents that were withheld by Mylan for that basis which appear to Plaintiffs to have been improperly withheld.

For example, Mylan has withheld countless documents kept in the custodial files of non-attorneys which clearly contain underlying facts and information that cannot be deemed privileged information.  Examples of withheld documents contained in the custodial files on non-lawyers and which clearly include non-privileged underlying facts include:

- MYLAN-MDL2875-00611886
    - This is a document titled "Lantech Data" that was found in the custodial file of Antonyraj Gomas.  Other documents in this family, including "O-Xylene Lantech" and the original email "As requested most urgent" have also been withheld as privileged.  All three documents appear to be highly relevant to the claims at issue in this cases, and Plaintiffs are clearly entitled to the underlying facts contained within these documents.
- MYLAN-MDL2875-00565139
    - This withheld document is titled "Stability Failures.docx," was authored on March 5, 2016, and was located in the custodial file of non-lawyer Varma Venkatasagi.  Plaintiffs are entitled to discovery any underlying facts contained within this document which relate Valsartan Stability Failures.
- MYLAN-MDL2875-00610995

- This withheld email " between Antonyraj Gomas and Walt Owens, neither of which are attorneys, contains the subject line, "Re: FDA News Release - FDA provides update on its ongoing investigation into ARB drug products; reports on finding of a new nitrosamine impurity in certain lots of losartan and product recall."  Further, the email appears to include press release from the FDA, which is publicly available.
- MYLAN-MDL2875-00652254
  - This withheld email, with the subject line, "Re: Daily Investigation Team Meeting" appears to be a monthly email sent by Meghan Manor to a large distribution of persons in the quality assurance and quality control departments. There is nothing contained in any of the other iterations of these routine monthly email that includes attorney-client communications or information.  *See, e.g.,* MYLAN-MDL2875-00496407, MYLAN-MDL2875-00496412, MYLAN-MDL2875-00496451.
- MYLAN-MDL2875-00674275
  - This is an email from Reem Malki to a host of quality assurance employees, with the subject line "Equipment Assessment Protocol."  There are no clear indications there is even a lawyer on this email thread, and it is obvious that Plaintiffs are entitled to discovery the underlying facts of whatever equipment assessment protocol Mylan was contemplating in April of 2018.
- MYLAN-MDL2875-00590908
  - This is an email from Jyothibasu Abbineni to Mohan Patil with the subject line, "API Units Production Status Report including stage wise day plans as of 24th Jul'18."  There are clearly underlying facts in this document Plaintiffs are entitled to discover.

Mylan also overreaches in its privilege designation by withholding **entire documents** on the basis of privilege.  While Mylan frequently admonished Plaintiffs for purportedly violating the ESI protocol during today's meet-and-confer, Mylan seems to have overlooked the provision in the ESI protocol regarding emails.  Indeed, the ESI Protocol dictates that in a situation where "all lesser-contained e-mails are not independently privileged, **the topmost email thread must be redacted rather than withheld**." D.E. 127 at p. 17 (emphasis added).  Were this not enough, Mylan also appears to be withholding entire documents as "privileged" when the email chains appears to actually include news articles and other non-confidential **publicly available information**.

Examples of documents that were withheld in their entirety which should have been produced in redacted form include:
- MYLAN-MDL2875-00674406
  - This is an email that appears to be forwarding a Wall Street Analyst Report titled, "Cantor Fitzgerald: MYL - Something to Ponder Over Fireworks; What Prompted the Morgantown Inspection? – 06.29.18."  Plaintiffs are, at a minimum, entitled to receive the underlying non-privileged email that was ultimately forwarded by Shephard.
- MYLAN-MDL2875-00694996
  - This appears to be an email sent from Walt Owens to a large list of people with the subject line, "In-Pharma Technologist - US FDA notes 'disturbing lack of oversight' over valsartan contamination." This appears to be a news publication that was then forwarded to a group of people.  The underlying article itself is clearly not privileged.

Plaintiffs also question the privilege basis for emails which contain the following subject line:
- Emails containing the subject line "SWABS NEEDED" which appear to relate to around the block efforts to clean testing equipment around the time of the recall;
- Any emails that reference MGW or MGTN in the subject line;
- Emails that reference an OPEN escalations weekly summary report; and
- Emails that reference MPI Launch Prep / MLL Manufactured.

Many of these emails appear to pertain to routine and regular business operations and do not appear to include any privileged information. Even *arguendo*, some of the email was privileged, it does not mean that Mylan was entitled to withhold the entire email thread as privileged.

The above-listed documents (as well as the documents in the attached) are only meant to demonstrative of the larger problem, and do not represent an exhaustive list of all privilege log entries that Plaintiffs will seek to challenge. Indeed, Plaintiffs efforts at more fulsomely challenging Mylan's privilege log have been hampered by Mylan's delay in producing the necessary listing of all attorneys.

However, as time is of the essence, Plaintiffs are prepared to discuss any of the foregoing at Mylan's earliest convenience.

Best,

Layne


Layne Hilton
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA  70130
(504) 524-5777 voice
(504) 524-5763  fax
www.kanner-law.com


_____
THIS EMAIL MESSAGE IS FOR THE SOLE USE OF THE INTENDED
 RECIPIENT(S) AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED
 INFORMATION.  IF YOU ARE NOT THE INTENDED RECIPIENT,
 PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY
 ALL COPIES OF THE ORIGINAL MESSAGE.  _____

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.



**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.