# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
—————
*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney
°Member of N.J. & N.Y. Bars

**Writer's Direct Dial**:
(973) 228-0454
**Writer's Email:**
aslater@mazieslater.com

February 22, 2021

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

**VIA ECF & EMAIL**
TIV@stevenslee.com
Hon. Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

Re:    ***In re Valsartan, Losartan, and Irbesartan Liability Litigation***,
        **Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Vanaskie:

Please accept this letter on behalf of the Plaintiffs in response to Defendants' letter brief with regard to the need for identifying information for each person listed on the privilege logs.  We note that Hetero agreed to provide the position, department, and email address for each person listed on the privilege logs, so the opposition has been presented by Teva, Aurobindo, Torrent, Mylan, and ZHP.  Plaintiffs have requested the provision of this identifying information at three consecutive conferences, so the claims that this is a new issue are inaccurate.  Plaintiffs again request an Order directing the Defendants to provide the requested information about those named

Hon. Thomas I. Vanaskie, Special Master
February 22, 2021
Page 2

in their privilege logs, and directing the Defendants to remedy the terse, imprecise, unrevealing descriptions of the substance and basis for each assertion of privilege.[1]

Defendants acknowledge that their privilege logs were not complete until the end of December 2020, and in the case of Teva, a supplemental privilege log is promised for **next month**, adding more than 10,000 more documents to bring Teva's total over 20,000 (Plaintiffs request that this supplemental privilege log be provided in a shorter time period due to the significance of this issue and the time pressure of fast approaching depositions).  Plaintiff still await the Teva Legend that was promised weeks ago.

Plaintiffs have moved quickly, and request an Order that expedites this process.  Despite Defendants' recent representations that they are committed to cooperation in providing discovery when they sought an extension of discovery, it is clear Defendants would prefer to obstruct and try to wear down and distract Plaintiffs and the Court in the hope that the privilege log issue will go away or be forgotten.  Notwithstanding, the large volume of relevant documents withheld by the Defendants based on claims of privilege needs to be definitively addressed now, before more time ticks off.

The ESI protocol and settled law in this Circuit require the logs to contain the information needed to "enable other parties to assess the claim" of privilege, and the ESI protocol as cited by Defendants explicitly provides for disputes over the adequacy of the information to be submitted

---

[1]    The only exception is Mylan, who after extensive meet and confers with Plaintiffs, in conjunction with an agreement to de-designate the majority of its prior claims to privilege, has agreed to provide the position, department, and email address to those who are those who are in-house attorneys, paralegals, and outside counsel on the remaining documents.  To the extent additional information is needed the parties will meet and confer as needed.  No other Defendant has done this.  Plaintiffs still request proper descriptions of the documents and basis for claims of privilege.

Hon. Thomas I. Vanaskie, Special Master
February 22, 2021
Page 3

to the Court for decision, as here.  This cannot be done without full information regarding those people who sent and received the subject communications.  Without the requested identifying information, Plaintiffs will be left to piece together those people whose names are identified, and then make a series of inquiries to Defendants to determine the specifics of their roles, ensuring excessive and unfair burden, and inefficiency when time is of the essence.  That is a recipe for delay and dispute.  As in the Benicar MDL overseen by Judge Kugler, provision of the "cast of characters" information will expedite the meet and confer process and privilege challenges, and more quickly isolate those disputes that require resolution.  Moreover, that information is required for Defendants to meet their burden of establishing the applicability of the privilege.

The Defendants' proportionality arguments are without merit.  They argue that if they are required to provide the position, department, and email address of each person identified they will be unfairly burdened – however in order to comply with their original obligations under the law in preparing the privilege log, they would have had to compile this information to evaluate the applicability of privilege to every subject communication, including every email in every long email chain at issue.  Thus, either they have this information as required by the law or they failed to comply with the law in over-designating documents as privileged.  In either case, their primary argument fails.

In this connection, it is interesting to note the wide differences between the Defendants.  Aurobindo says it would be a burden to provide this information for the 45 people named, ZHP complains about 200 people, and Teva incredibly points to over 2800 people who sent or received over 10,000 allegedly privileged documents – soon to increase significantly with the addition of over 10,000 more documents.  As recognized by the Court during the most recent conference, the sheer number of recipients raises significant doubt on the propriety of the designations, as people

Hon. Thomas I. Vanaskie, Special Master
February 22, 2021
Page 4

outside the control group and outside any reasonable understanding of the reach of the privilege

are likely included.  In fact, Teva's counsel asserted during the February 17, 2021 conference that

the recipients include **people working at other companies**, as to whom privilege could never be

properly asserted.  For all of the Defendants, the bottom line is that use of privilege to withhold

relevant documents is disfavored and is to be applied as narrowly as possible – and whatever

burden they have to meet is of their own making.  **In fact, it is quite telling that as Mylan has**

**been forced to re-evaluate its privilege log, it has already conceded that it massively over-**

**designated documents as privileged, reducing the number of documents on the privilege log**

**from 2559 to 491, with further reduction likely**.  This level of over-designation is disturbing,

and is likely representative of all of the Defendants.  It is a virtual certainty that forcing the rest of

the Defendants to expeditiously provide the cast of characters and fulsome document descriptions

will trigger waves of de-designation and production of improperly withheld documents.  If not,

Plaintiffs need to be able to secure rulings on disputed documents expeditiously.

        If Defendants had put the same effort into their privilege review and privilege logs as they

have expended in their effort to obstruct Plaintiffs' ability to quickly assert informed challenges

that the Court can fairly evaluate, this process would be far along.  We must remedy this serious

obstruction of discovery now.  Plaintiffs submit that the record clearly establishes the need for

Defendants to provide (1) the name, title, department, and email address of every person sending

or receiving (directly, cc, bcc) the designated communications, and (2) substantive, precise

descriptions of the content of each communication, and the basis for the assertion of privilege,

sufficient to enable Plaintiffs to assess the massive number of privilege claims at issue.  In light of

the compressed time frame and imminent depositions, and Plaintiffs' repeated requests for this

information – which Defendants were required to compile when they populated their logs – this

Hon. Thomas I. Vanaskie, Special Master
February 22, 2021
Page 5

information should be provided within 7 days.  Failing this, the privilege assertions should be

stricken, and the documents should be ordered produced.

      Thank you for your consideration.

                             Respectfully,

                             Adam M. Slater