# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | § § § § § § § § § | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler |

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO
PERSONAL INJURY PLAINTIFF [ ]

The undersigned, on behalf of all defendants named in the operative Master Personal Injury Complaint [ECF No. 122], and pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, hereby request that Plaintiff [name] respond to the following Interrogatories and Requests for Production (collectively "Requests") and produce for inspection and copying the requested documents, electronically stored information, materials, and tangible things in his/her possession, within thirty (30) days after service hereof, as provided by the Parties' agreement to electronic service in this case.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to each and every part of these Requests as if fully set forth therein:

1. "Plaintiff," "You," or "Your," means [plaintiff], acting individually or jointly with any other person or entity, as well as any person acting on his or her behalf in any capacity, including his or her attorneys, or any employee, agent, investigator, or representative of his or her attorneys.

2. "Defendant" or "Defendants" means each and every Defendant in the Complaint.

3. "Complaint" means the Master Personal Injury Complaint filed in this case on June 17, 2019, as part of MDL No. 2875 in the U.S. District Court for the District of New Jersey, captioned *In Re: Valsartan, Losartan, and Irbesartan Products Liability Litigation* [ECF No. 122].

4. "Health Care Provider" or "Health Care Providers" means any physicians, ~~dentists, psychologists, psychiatrists, mental health care providers,~~ nurses, nurse practitioners, physician assistants, ~~therapists, social workers,~~ pharmacists, ~~substance abuse treatment personnel, counselors,~~ and all other providers of services for the purposes of diagnosing, treating, stabilizing, managing, or otherwise affecting the physical ~~or mental~~ health of a person. "Health Care Facility" or "Health Care Facilities" includes hospitals, clinics, pharmacies, and any other entity that employs or contracts with individual or groups of Health Care Providers for the delivery of health care services including prescribing or filling prescriptions for prescription drugs.

> **Commented [GTW1]:** No relevance whatsoever
>
> **Commented [GTW2]:** Not relevant unless making a mental/emotional injury claim
>
> **Commented [GTW3]:** Specifically ruled on and denied. See 7/24/19 afternoon session transcript 10:4-12:9.

5. "VCD" means any drug or combination drug containing valsartan.

6. "Blood pressure medication" means any drug or pharmaceutical product prescribed and/or taken for the treatment of high blood pressure/hypertension.

7. "Relate to," "related to," or "relating to," or "reflecting" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

8. Each request shall be construed as being inclusive rather than exclusive. The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The present tense shall include the past and future tenses. The singular shall

include the plural, and the plural shall include the singular. The masculine includes the feminine and neutral genders.

9. "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

10. The documents requested herein shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

11. "Electronically stored information" or "ESI" shall have the same definition as is utilized in the Electronic Discovery Protocol in this case [ECF No. 127], and the production of ESI should be made in conformance with that Protocol.

12. ~~You are required to produce all responsive documents and furnish all information within your possession and available to you. The potential availability of any document or information by way of subpoena, public record access, authorization for release, or via another source does not excuse your obligation to produce materials and furnish information available to you.~~

13. ~~You must respond in writing and separately to each discovery request. If no such documents are within your possession, custody or control, so state affirmatively. If you have searched for and produced all documents within your possession that are responsive to a request as part of the Plaintiff Fact Sheet process, so state affirmatively.~~

14. These Requests and Interrogatories seek only non-privileged information. If any document or information responsive to these discovery requests is withheld on the basis of such privilege, a privilege log shall be provided that complies with the privilege log requirements of the Electronic Discovery Protocol in this case [ECF No. 127].

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO
PERSONAL INJURY PLAINTIFF [ ]**

~~INTERROGATORY NO. 1:~~ ~~State the name, current residence address, date and place of birth, and, if deceased, date and cause of death, and the Decedent's/Plaintiff's relationship to each of the Decedent's/Plaintiff's parents, siblings, aunts, uncles, cousins, and grandparents, and, for each relative, including Decedent/Plaintiff's children, identify any chronic diseases or chronic medical conditions experienced by that relative.~~

> **Commented [GTW4]:** PFS lists family medical history related to cancer diagnosis and treatment at sec. VIII as well as plaintiff's chronic diseases and conditions at sec, V. This information was specifically negotiated between the parties and limited to cancer diagnosis and treatment with respect to family members. Chronic diseases of family members have no bearing on the claims in this case and there is no showing of relevance with respect to any single plaintiff.

**ANSWER:**

~~INTERROGATORY NO. 2:~~ ~~State the name, address, medical specialty, and dates of examination, treatment, evaluation, or consultation by any Health Care Provider, in the last twenty-five (25) years, not already identified in Plaintiff's Fact Sheet, or any amendment thereto, who examined, treated, evaluated, or consulted with the Decedent/Plaintiff regarding any injuries, illnesses, diseases and/or medical conditions incurred by the Plaintiff/Decedent for which Plaintiff seeks recovery in this lawsuit.~~

> **Commented [GTW5]:** No federal court will order 25 years of medical history to be disclosed without any specific showing of relevance--if you disagree, please provide an example of such an order. Regardless, these are required to be identified in the PFS at sec. IV and was specifically ruled on by Judge Schneider. Listing them again here is duplicative.

**ANSWER:**

~~INTERROGATORY NO. 3:~~ ~~State the name and address, dates of care or treatment, and nature of care or treatment received from any Health Care Facility, in the last twenty-five (25) years, not already identified in Plaintiff's Fact Sheet, or any amendment thereto, at which the Decedent/Plaintiff was hospitalized or received care or treatment for the injuries, illnesses, diseases or medical conditions incurred by the Plaintiff/Decedent for which Plaintiff seeks recovery in this lawsuit.~~

> **Commented [GTW6]:** Same comment as above Rog #2

**ANSWER:**

~~INTERROGATORY NO. 4:~~ ~~State the name and address, medical specialty, and dates of examination, treatment, evaluation or consultation by any Health Care Provider, in the last twenty-~~

> **Commented [GTW7]:** PFS lists all health care providers related to hypertension, cancer diagnosis or primary care, going back 10 years at sec. IV. This information was specifically negotiated between the parties and approved by the Court at oral argument. What is the basis for expansion to 25 years (see argument above re: timeframe) where there is no relevance shown for any particular plaintiff's claims in the case, and where in most cases the records would not exist? Moreover, there is certainly no basis for mental health records where no mental injury claim is being made.

~~five (25) years, not already identified in Plaintiff's Fact Sheet, or any amendment thereto, who examined, treated, evaluated, or consulted with the Plaintiff/Decedent regarding any mental or physical illness, injury, disease, or medical condition~~.

**ANSWER:**

~~**INTERROGATORY NO. 5:**~~  ~~State the name and address, dates of care or treatment, and nature of care or treatment that Plaintiff received from any Health Care Facility, in the last twenty-five (25) years, not already identified in Plaintiff's Fact Sheet, or any amendment thereto, at which the Decedent/Plaintiff was hospitalized or received inpatient care or treatment for any mental or physical illness, injury, disease or medical condition.~~

> **Commented [GTW8]:** Same comment as Rog #4.

**ANSWER:**

~~**INTERROGATORY NO. 6:**~~  ~~State any illnesses, injuries, diseases or medical conditions from which the Plaintiff/Decedent has ever suffered~~ ~~not already identified in Plaintiff's Fact Sheet or any amendment thereto. For each, state the date that each such alleged illness, injury, disease or medical condition was first diagnosed and the physician(s) or Health Care Provider(s) who made such diagnosis.~~

> **Commented [GTW9]:** "has ever suffered" … this is a catch-all question that is limitless in scope. It would require disclosure of a diagnosed ear infection when the plaintiff was 5 years old. See also comment to Rog #1.

**ANSWER:**

~~**INTERROGATORY NO. 7:**~~  ~~State the name and address of any pharmacy or Health Care Facility not already identified in Plaintiff's Fact Sheet, or any amendment thereto, where the Decedent/Plaintiff obtained any prescriptions or medications~~ ~~in the last twenty-five (25) years~~.

> **Commented [GTW10]:** No federal court will order 25 years of medical history to be disclosed without any specific showing of relevance --if you disagree, please provide an example of such an order. Regardless this is covered for a 10 year period in sec. VI and was ruled on by Judge Schneider at oral argument.

**ANSWER:**

~~**INTERROGATORY NO. 8:**~~  ~~State the name and address of any life, health, accident, or disability insurance company not already identified in Plaintiff's Fact Sheet, or any amendment thereto,~~ ~~to which the Decedent/Plaintiff ever applied for insurance coverage~~, ~~including any group~~

> **Commented [GTW11]:** See comment to Rog #6. Insurance information was contemplated and negotiated by the parties and limited to health insurance and/or pharmacy benefits at sec. IV(D).

~~insurance provided by the Decedent's/Plaintiff's employer, and state the name and address of any person, agent, or company through which such application was made, the date of the Decedent's/Plaintiff's application, the type of insurance for which the Decedent applied, whether a policy was issued or coverage obtained, and every policy number assigned to the Decedent.~~

**ANSWER:**

~~**INTERROGATORY NO. 9:**  Has the Decedent/Plaintiff ever made a claim for benefits under any insurance plan or policy, governmental program, worker's compensation, or unemployment compensation?  For any claim not already identified in Plaintiff's Fact Sheet, or any amendment thereto, state the date, place, and nature of the claim; the person, firm or corporation to whom the claim was submitted; the claim number; and the ultimate disposition of the claim, including the amount of benefits, if any, the Decedent/Plaintiff received for each claim.~~

> **Commented [GTW12]:** See comment to Rog #6. Insurance information was contemplated and negotiated by the parties and limited to health insurance and/or pharmacy benefits at sec. IV(D). Workers compensation was argued and limited to exposure to carcinogenic substances:
>
> MS. LOCKARD: So moving down the page, Your Honor, it's the same consideration on the workers' comp records which we had asked for a release for all the workers' comp records. Plaintiffs want to limit it to occupational exposure to a carcinogenic substance, and I think given Your Honor's guidance, I think I know what you'll say about that.
>
> THE COURT: Yes. We get a lot of cases where people injure their backs and shoulders and knees, and that's not relevant.
>
> 7.24.19 trans. at 48:1-9.

**ANSWER:**

~~**INTERROGATORY NO. 10:**  List each and every item of expense and/or damage you seek to recover [on behalf of the estate and survivors of Decedent] in this lawsuit, stating the amount you are claiming for each expense and/or damage; the facts that support each expense and/or damage; and the method you used in computing the amount of each expense and/or damage.~~

> **Commented [GTW13]:** Medical costs are required to be itemized sec. III.G.
>
> **Commented [GTW14]:** It is for the role of the jury to determine how much defendants will be required to pay individual plaintiffs, moreover, plaintiffs are not required to disclose any such a calculations prior to the close of their case at trial. Violates attorney work product as written.

**ANSWER:**

~~**INTERROGATORY NO. 11:**  State the name and address of any of Plaintiff/Decedent's employers not already identified in Plaintiff's Fact Sheet, or any amendment thereto, and for each, state the Plaintiff/Decedent's job title and description, salary or rate of payment, and start date and termination date.~~

> **Commented [GTW15]:** 1. What is the relevance of this question for anyone not claiming lost wages related to a specific job(s) and time period? 2. What is the relevance of any employer outside of the 10 years asked for in sec. II.D? This was already argued before Schneider.

**ANSWER:**

**INTERROGATORY NO. 12:** ~~If you currently are or have ever been involved in any litigation, not already identified in Plaintiff's Fact Sheet or any amendment thereto, as a party or witness, including but not limited to pursuing any filed or unfiled claims registered in any litigation, describe the nature of the lawsuit, the state or federal court overseeing the lawsuit, the State, County, court term and number of the lawsuit, the names of any attorney(s) and/or law firm(s) representing you, as well as the outcome of the lawsuit, if you were a party thereto.~~

> **Commented [GTW16]:** Only has tangential relationship to the case if it is similar litigation for personal injuries. What bearing would a plaintiff's divorce proceedings that occurred 35+ years ago have on this case? Schneider literally asked this question of you during oral argument when you asked for the same breadth or disclosure. Also, was limited to bankruptcy in document requests.

**ANSWER:**

**INTERROGATORY NO. 13:** ~~If you currently are or have ever been a party, claimant, or plaintiff in any other litigation involving alleged injury following exposure to nitrosamines, describe the nature of the lawsuit, the state or federal court overseeing the lawsuit, the State, County, court term and number of the lawsuit, the names of any attorney(s) and/or law firm(s) representing you, as well as the outcome of the lawsuit.~~

> **Commented [GTW17]:** This question is subsumed by Rog #12.

**ANSWER:**

**INTERROGATORY NO. 14:** ~~Have you used drugs other than those required for medical reasons? If yes, identify the type of drug(s), the amount consumed, the estimated dates during which the drugs were consumed, and list the names and addresses of any and all persons who have any knowledge as to your consumption.~~

> **Commented [GTW18]:** No. You lost this completely at oral argument.

**ANSWER:**

**DOCUMENTS TO BE PRODUCED**

1. All documents reflecting any express warranty you claim was made and breached by any Defendant to you with respect to the VCDs that you purchased.

    > **Commented [GTW19]:** Defendants have better access to their own warning labels.

2. ~~All documents reflecting notice given by you or on your behalf to any Defendant, prior to your initiation of litigation against any such Defendant(s), regarding your contention that any warranty had been breached in relation to the VCDs that you purchased or in relation to your contention that the VCDs that you purchased were defective. This request does not seek any previously produced communications or correspondence between you and any representative of any Defendant regarding the valsartan recall (i.e., documents responsive to [Request No. 12] in the Plaintiff's Fact Sheet you completed).~~

    > **Commented [GTW20]:** Duplicative of document request 13 in PFS.

3. All documents relating to or evidencing any statement or communication whereby any person or entity told you (that you?) developed a physical injury or disease as a result of taking VCDs. This request does not seek communications protected by the attorney-client privilege.

    > **Commented [GTW21]:** No showing of relevance. This would be in a medical record, if anywhere. What other document would contain such information?

4. ~~Any medical records, not previously produced by Plaintiff in this case, relating to Plaintiff/Decedent, including but not limited to, admission records, notes and histories, nurses' notes, physicians' reports, laboratory reports, prescription records, pathological materials, slides, blocks, tissues, correspondence, substance abuse treatment records,~~ psychiatric and psychological records, ~~billing records, and invoices.~~

    > **Commented [GTW22]:** Duplicative. Already asked for in PFS.
    > **Commented [GTW23]:** Only in cases where mental/emotional injuries are claimed.

5. ~~Any reports or other documents, not previously produced by Plaintiff in this case, generated by any Health Care Provider who examined, treated, or otherwise communicated with Decedent/Plaintiff's physicians regarding any injury, illness, or physical or mental condition Decedent suffered, or any routine physical examination.~~

    > **Commented [GTW24]:** See comment to Rog #6.

6. ~~All documents, not previously produced by Plaintiff in this case, relating to or evidencing any bodily injury or damage to person that you claim, allege, or believe was caused by or is attributable to the VCDs that you purchased.~~

> **Commented [GTW25]:** See comment to Rog #6. Scope is overbroad. Clearly a "catch-all" request which are improper.

7. ~~All death certificates identifying the cause of death of Decedent's parents or siblings.~~

> **Commented [GTW26]:** Burden outweighs the benefit where no relevance has been shown.

~~8.~~5. ~~All documents which relate to Plaintiff/Decedent's marital history, including but not limited to, marriage certificates, divorce judgments, and separation agreements.~~

> **Commented [GTW27]:** No. What is the relevance? No relevance has been shown for any plaintiff.

~~9.~~6. All documents, not previously produced by Plaintiff in this case, that relate to any welfare benefits or claims, worker's compensation benefits or claims, social security benefits or claims, health or disability benefits or claims, Medicaid benefits or claims, Medicare benefits or claims, or any other governmental benefits or claims that were provided to or made by or on behalf of Plaintiff/Decedent.

> **Commented [GTW28]:** How are any insurance/welfare/etc., benefits relevant in this case where they were not incurred on account of a personal injury? See comment to Rog. #9.

10. ~~All documents that relate to Plaintiff/Decedent's employment history, including place, date, and type of employment; Personnel and/or Human Resources records; description of job functions; safety, accident, disciplinary, and medical treatment reports; and records relating to military service, if any.~~

> **Commented [GTW29]:** See comment to Rog #6. What documents do you think have any relevance? This was argued at sec. II(D) and limited to 10 years.

11. ~~All documents, including but not limited to, claims and application forms that relate to any life or health insurance policies, or applications for such policies, under which Plaintiff/Decedent was insured.~~

> **Commented [GTW30]:** See comment to Rog #8.

~~12.~~7. All photographs and videotapes, not previously produced by Plaintiff in this case, that show Plaintiff/Decedent subsequent to the onset of the alleged injuries or conditions which form the basis of the Complaint and for which Plaintiff is seeking damages.

> **Commented [GTW31]:** You are asking for 3.5+ years of photos and videos from every plaintiff? If so, see comment to Rog #6. If not, please clarify—these types of questions generally ask for photos and videos of plaintiffs undergoing medical treatments for the injury claimed… which is already provided for in the PFS authorizations.

13.8.    All wills or other testamentary documents of the Plaintiff/Decedent, including but not limited to Plaintiff/Decedent's Last Will and Testament.

**Commented [GTW32]:** No relevance whatsoever.

14.9.    All documents that support or that Plaintiff relies upon in their response to Defendant's First Set of Interrogatories to Plaintiff, served contemporaneously with this Request for Production.

**Commented [GTW33]:** Like what? Clarify. Cannot be this open ended. Scope is overbroad.

15.10.   For any current or prior lawsuits identified in response to Interrogatories 12 or 13, any court-ordered fact sheets or profile forms submitted by you or on your behalf.

**Commented [GTW34]:** Rogs 12 & 13 are objectionable for the reasons stated therein, thus this is objectionable for the same reasons.