# Exhibit M

2011 WL 3796324
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

BENEFITVISION INC., Plaintiff,

v.

GENTIVA HEALTH SERVICES,

INC., et al., Defendants.

No. CV 09–473(DRH)(AKT).
|
May 23, 2011.

**Attorneys and Law Firms**

Manuel B. Moses, Manuel Moses, Esq., Philip J. Walsh, Coulter & Walsh, New York, NY, for Plaintiff.

Philip J. Walsh, John V. Coulter, Coulter & Walsh, New York, NY, for Defendants.

**ORDER**

A. KATHLEEN TOMLINSON, United States Magistrate Judge.

 **\*1**  Currently before the Court is Plaintiff Benefitvision Inc.'s ("Benefitvision") motion to compel Defendants to produce email communications that Defendants are withholding based on asserted claims of confidentiality or privilege. DE 77.[1] Defendants oppose the motion. DE 79.[2] Plaintiff claims that the emails withheld are either not privileged or that the privilege log entries do not provide sufficient information.[3] Defendants state that the withheld emails are subject to privilege, but that they are willing to produce a more complete privilege log.[4] Plaintiffs' motion to compel is GRANTED to the extent set forth below.

**I.** *LEGAL STANDARD*
A motion to compel is entrusted to the sound discretion of the district court. *Am. Sav. Bank, FSB v. UBS Paine Webber, Inc. (In re Fitch, Inc.),* 330 F.3d 104, 108 (2d Cir.2003); *United States v. Sanders,* 211 F.3d 711, 720 (2d Cir.2000). The Second Circuit has noted that a "trial court enjoys wide

discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.),* 151 F.3d 75, 79 (2d Cir.1998) (citing *Cruden v. Bank of New York,* 957 F.2d 961, 972 (2d Cir.1992)). A district court is considered to have abused its discretion only "if it bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact." *Milanese v. Rust–Oleum Corp.,* 244 F.3d 104, 110 (2d Cir.2001).

**II.** *DISCUSSION*

 **A. Confidential/Proprietary Documents**
Plaintiff objects to the fact that Defendants have withheld certain documents based on assertions that they are "proprietary" or "confidential." DE 77 at 3. Plaintiff does not state how many documents have been withheld on this basis. However, the one-page excerpt of the privilege log submitted by Defendants lists fifteen emails that were withheld because they contain either proprietary or confidential information. Defendants state that they would be willing to produce these documents pursuant to a confidentiality order. Defendants' counsel further states that Defendants previously submitted a proposed confidentiality order to Plaintiff, but Plaintiff's counsel rejected it because Plaintiff maintained that only HIPAA-protected information should be subject to a confidentiality order. Plaintiff does not address the issue of a confidentiality order in its letter motion.

The Court is not aware of any legal basis on which Defendants are permitted to completely withhold documents from discovery based on assertions that they contain proprietary or confidential information. Nor have Defendants cited any such case law. Nevertheless, it is routine in this District for the parties to enter into a confidentiality agreement under which each party's proprietary or confidential business information is protected from disclosure. Therefore, I am directing the parties to meet and confer in good faith and to enter into a proposed confidentiality order. The document should be executed by the parties and filed on ECF. Once filed on ECF, I shall review the document and "so order" the agreement. The Stipulation/Agreement will then become part of the Court record. The parties are directed to submit the executed proposed confidentiality order via ECF within five business days of the date of this Order.

 **\*2**  As soon as the proposed Stipulation and Order of Confidentiality has been "so ordered" by this Court,

Defendants are directed to produce all documents that are currently being withheld solely on the basis that they contain proprietary and/or confidential information. These documents are to be produced to Plaintiff's counsel within ten (10) days of the date that the confidentiality order is "so ordered" by this Court.

### B. Non–Privileged E-mail Chains

Plaintiff contends that Defendants have withheld entire e-mail chains where only one email in the chain is actually privileged. DE 77 at 2. Plaintiff contends that "just because one email is considered privileged the entire email chain should not be considered protected, but that one email should have been redacted ..." *Id.* Defendants respond by stating that "to the extent intermediary emails were withheld, but are not privileged, Gentiva is also willing to produce a supplemental privilege log." DE 79 at 2. The Court finds Defendants' proposal unacceptable. If an intermediary e-mail in the chain is not subject to work-product or attorney-client privilege, it *cannot* be withheld from production. If Defendants contend that an e-mail chain contains *only* privileged information, then it can be withheld in its entirety for the time being and should be included on the privilege log. If there are e-mail chains in which Defendants claim privilege over only parts of the e-mail chain, those allegedly privileged e-mails must be redacted and all non-privileged portions must be produced. These documents should also be included on the amended privilege log (discussed below) with log-entries indicating information for the redacted portions. Defendants are directed to produce redacted e-mails in compliance with these directives within ten (10) days of the date of this Order.

### C. Privilege Log

When a party withholds otherwise discoverable documents from production on the grounds that such documents are protected from disclosure by the attorney-client privilege or the work-product doctrine, that party is required to: "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A)(ii). "At the very least, the party claiming the attorney-client privilege must give evidence that the document 'was created for the purpose of providing or obtaining legal rather than business advice.' " *Export–Import Bank v. Asia Pulp & Paper Co.,* 232 F.R.D. 103, 111 (S.D.N.Y.2005) (quoting *NextG Networks of N. Y., Inc. v. City of New York,* No. 03 Civ. 9672, 2005 WL 857433, at \*2 (S.D.N.Y. Apr.13, 2005)) (collecting cases). Based on the one-page sample of Defendants' privilege log which was provided to the Court, the Court finds that the privilege log is inadequate.

As an initial matter, the entries on the privilege log are not numbered. This makes it exceedingly difficult for the Court or the parties to discuss the log effectively because there is no easy way to direct attention to a particular entry. Defendants are directed to add a column on the left-hand side of the document numbering the entries in the log.

**\*3** Second, the format of the information in the document makes the document nearly illegible. The document contains the following seven columns: From, To, CC, DateSent, Date Received, Subject and Tags. However, it appears to the Court that the metadata for each field was simply exported from the document database to a spreadsheet and was never edited by a human being to make it legible. For example, rather than simply listing the first and last names of each individual in the "From," "To," or "CC" columns, the document lists the entire email metadata-script for each sender's e-mail address. Thus, the "To" column in the top row reads: "Schafersman, Roxie </o=ols ten/ou=hs-csk/cn=recipients/cn=roxie.schafersman> ..." Having this computer code listed for each and every individual on the privilege log not only makes it unnecessarily long, but very difficult to read. Defendants are directed to edit the privilege log so that the "From," "To," and "CC" columns simply list the first and last names of each individual listed on the document. Job title and/or company affiliation should also be listed if necessary for Plaintiff to understand the basis of the privilege being asserted.

The same issue arises in the "DateSent" and "Date Received" columns. Rather than merely write the date (and possibly time) of the communication, Defendants appear to have merely exported the metadata. Thus, the "DateSent" field in the first column reads "2009–02–18T14:16:13.033–05 ..." Again, this provides for an overly long and difficult to read privilege log. Defendants are directed to edit the privilege log so that the "DateSent" and "Date Received" columns plainly state the relevant dates. The exact time of the e-mail may be included if necessary for Plaintiff to understand the privilege being asserted.

Another formatting problem noticed by the Court is that many cells appear to be cut-off, thereby making certain information not visible. Defendants are directed to edit the privilege log

**Benefitvision Inc. v. Gentiva Health Services, Inc., Not Reported in F.Supp.2d (2011)**
2011 WL 3796324

in such a way that all information for every cell is visible to the reader.

Moving now to the content rather than the form of the privilege log, the Court finds that the descriptions of the documents in the "Subject" column are insufficient and leave the Court "to guess at the nature of what is being withheld and why." *Export–Import Bank,* 232 F.R.D. at 111. For example, many of the documents withheld on the basis of work-product privilege are listed with the subject "RE: Commissions Expected Over Next Three Years." This does not provide Plaintiff or the Court with enough information to analyze the validity of Defendants' claim that the documents were created in anticipation of litigation. Defendants are directed to edit the descriptions in the privilege log such that it identifies "each document with as much specificity as is needed to demonstrate" that the document is subject to the attorney-client or work-product privilege. *Export–Import Bank,* 232 F.R.D. at 111.

**\*4** Defendants are directed to serve the amended privilege log within fifteen (15) days of the date of this Order. Plaintiff will have ten (10) days to review the privilege log. At that time, if Plaintiff wishes to challenge Defendants' claims of privilege or work-product for any withheld document, and

after the parties have fulfilled their obligations under Local Rule 37.3, Plaintiff may file an appropriate letter motion. Such motion must be filed by June 30, 2011.

### III. *CONCLUSION*

Defendants are directed to produce an amended privilege log that conforms with the directives in this Order. Additionally, Defendants are directed to produce redacted e-mail chains and "confidential" documents within the deadlines set forth above.[5]

The parties are directed to participate in a telephone conference on July 1, 2011 at 10:00 a.m. Counsel for Plaintiff is directed to get all parties on the line and initiate the call to Chambers. The remaining deadlines in the Second Amended Case Management and Scheduling Order [DE 76] are held in abeyance pending the July 1 conference.

**SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 3796324

Footnotes

1    Plaintiff's letter motion was originally filed as DE 67 in March 2010. The motion was denied without prejudice pending the outcome of the then-pending summary judgment motion. Plaintiff re-filed the motion as DE 77 after summary judgment was denied.

2    This document was previously filed as DE 69.

3    Plaintiff was unable to attach Defendants' privilege log because the attachment was too large. *See* DE 68. However, Defendants' have attached one page of their privilege log (DE 69 at 16) as representative of the entire log, and as such, the Court finds the one page is sufficient to allow the Court to rule on these issues at this time.

4    Defendants' opposition also requests that the Court "strike" Plaintiff's "Request No. 5." DE 79 at 2. However, the letter does not comply with Local Rule 37.1 which requires that any discovery motion must set forth verbatim the request to which a party objects and the response thereto. As such, Defendants' request is denied without prejudice. If, after having complied with the other directives in this Order, Defendants still wish to move for a protective order over the documents sought by Request No. 5, Defendants may do so by appropriate letter motion. Such motion must comply with Local Rules 37.1 and 37.3 and must be filed by June 30, 2011.

5    In addition to the issues addressed in this Order, there appears to be a dispute among the parties regarding whether documents created before December 2007 can be subject to work-product protection. However, it is impossible for the Court to address this issue before the privilege log is amended in compliance with this Order, as it is unclear precisely which documents Plaintiff seeks to compel. If, after having received the amended privilege log, Plaintiff wishes to move to compel these documents, it can do so as set forth above.

**End of Document**                                                         © 2021 Thomson Reuters. No claim to original U.S.
                                                                            Government Works.