# Exhibit Y

| | |
|---|---|
| **From:** | David J. Stanoch |
| **To:** | Geoppinger, Jeff |
| **Cc:** | Conlee Whiteley; "dlesli.davis@nortonrosefulbright.com"; "ellie.norris@nortonrosefulbright.com"; Dennis, Mimi; Bresnahan, Luke; Davis, John; Prem, Emily |
| **Subject:** | RE: Valsartan -- Wholesaler Redlines to Plaintiffs" Draft Document Requests and Deposition Notice |
| **Date:** | Thursday, February 25, 2021 10:05:00 AM |

Geoff,

Plaintiffs disagree with Wholesaler Defendants' desire for an actual or constructive stay of Plaintiffs' discovery aimed at Wholesaler Defendants pending the final motion to dismiss ruling and Plaintiffs' forthcoming amended complaints.  Over the last few years,  various Defendants including Wholesalers have made a nearly identical argument, which Judge Kugler rejected each time.  There has never been a discovery stay in this MDL pending any motion to dismiss ruling.  Now is not the time, 2+ years into it and with an aggressive and busy discovery schedule, to break from this.

Suffice it to say we are disappointed that Wholesaler Defendants refuse to provide any substantive redlines to the draft document requests or draft Rule 30(b)(6) notice at this time, and have not done so in the last ~3 months since Plaintiffs first sent these drafts to Wholesaler Defendants on December 8, 2020.  We are particularly disappointed given that, in late December 2020, you accused us of bad faith in claiming that Wholesaler Defendants would not negotiate this draft discovery.  Yet here we are, months later, and you are telling us you have not and will not negotiate this draft discovery.

As we are at an apparent impasse here, Plaintiffs will raise this at the next CMC.

Regards,
Dave


David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
www.kanner-law.com

---

**From:** Geoppinger, Jeff <jgeoppinger@ulmer.com>
**Sent:** Thursday, February 25, 2021 9:41 AM
**To:** David J. Stanoch <d.stanoch@kanner-law.com>
**Cc:** Conlee Whiteley <c.whiteley@kanner-law.com>; 'dlesli.davis@nortonrosefulbright.com' <dlesli.davis@nortonrosefulbright.com>; 'ellie.norris@nortonrosefulbright.com' <ellie.norris@nortonrosefulbright.com>; Dennis, Mimi <MDennis@crowell.com>; Bresnahan, Luke <LBresnahan@crowell.com>; Davis, John <JDavis@crowell.com>; Prem, Emily <eprem@ulmer.com>
**Subject:** RE: Valsartan -- Wholesaler Redlines to Plaintiffs' Draft Document Requests and Deposition Notice

Dave:

My apologies for the delayed response. I have been inundated with trial preparation for the past couple weeks, which continues apace. With respect to Plaintiffs' draft supplemental discovery previously proposed, Wholesalers do not believe it is appropriate or necessary to negotiate supplemental requests for production and deposition notices given that Plaintiffs' claims in each case against Wholesalers are undetermined at this time. Setting aside the issue of the propriety of the proposed draft supplemental discovery, those draft discovery requests were proposed before the Court had issued any rulings on Defendants' Rule 12 motions to dismiss Plaintiffs' complaints. The five orders the Court has thus far issued on those motions have had significant impact on the status of claims pending against Wholesalers and other downstream defendants. For example, since the time the proposed discovery was initially sent to Wholesalers for discussion, the Court has dismissed Plaintiffs' breach of express warranty, Magnuson-Moss Warranty Act, negligence, negligent misrepresentation and omission, and fraud-based claims against Wholesalers in their entirety. The Court also held that Plaintiffs lack standing to pursue causes of action under the laws of states for which there is no class representative, and that certain class representatives lack standing as to multiple defendants, including Wholesalers, not identified as being part of the supply chain. Further, issues remain on which the Court has not yet ruled, and a sixth opinion is forthcoming which may further alter the claims and parties in the case. We also understand that Plaintiffs intend to file a motion for leave to amend the pleadings after the court has completed its rulings on the motions to dismiss. That motion likely will be opposed, at least in part, by some or all Defendants. It is difficult and inefficient for Wholesalers, and presumably Plaintiffs as well, to negotiate potential additional discovery to Wholesalers when the claims upon which the discovery should be based are undetermined. Wholesalers therefore propose that the negotiation of potential supplemental discovery to Wholesalers, if any, be deferred until after the issues regarding the pleadings and claims remaining against Wholesalers are settled.

Hope you are well. Let me know if you would like to discuss further. Thanks.

Jeff

Jeffrey D. Geoppinger
Ulmer & Berne LLP
p 513.698.5038
c 513.290.7902

---

**From:** David J. Stanoch <d.stanoch@kanner-law.com>
**Sent:** Friday, February 19, 2021 9:02 AM

**To:** Geoppinger, Jeff <jgeoppinger@ulmer.com>
**Cc:** Conlee Whiteley <c.whiteley@kanner-law.com>
**Subject:** Valsartan -- Wholesaler Redlines to Plaintiffs' Draft Document Requests and Deposition Notice

Geoff,

We haven't received any redlines from Wholesalers on Plaintiffs' draft document requests and deposition notice. It's been over two months since we served these in early December. When should we expect the redlines?

Regards,
Dave

David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
www.kanner-law.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.