IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____ :
                                        :
IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN : MDL No. 2875 (RBK-KMW)
PRODUCTS LIABILITY LITIGATION           :
                                        :
                                        : **MTD ORDER 6: Liability of FDA**
                                        : **Liaisons, Wrongful Death, Survival**
                                        : **Actions, Loss of Consortium, Punitive**
                                        : **Damages, Unjust Enrichment**
*This Document Relates To All Actions.*  :
_____ :

KUGLER, United States District Judge:

**This Matter Having Come Before** the Court in this Multi-District Litigation ["MDL"] that concerns the sale in the U.S. of prescription generic drugs containing Valsartan ["VCDs"][1] and which were found to contain cancer-causing contaminants ["VCDs at issue"] on three Motions to Dismiss ["MTDs"] by each of the three categories of defendant—Manufacturers ["Mfrs"], Wholesalers, Pharmacies—and;

**These MTDs Seeking Dismissal of Several Claims** in the Three Master Complaints—Personal Injury [PIMC], the Economic Loss ["ELMC"], and the Medical Monitoring ["MMMC"]; and

**the Court having issued a series** of Opinions and Orders to resolve the MTDs as to specific Master Complaint claims, with each opinion having been accompanied by an order; and

**This ORDER 6 Being LAST In The Series** and accompanying OPINION 6 of this date to resolve defendants' arguments in their MTDs, which relate to Liability of FDA Liaisons, Wrongful Death, Survival Actions, Loss of Consortium, Punitive Damages, and Unjust Enrichment.

---

[1] Although this MDL consolidates cases that allege injury from the U.S. sales of contaminated valsartan, irbesartan and losartan, as of yet, there are no master complaints in this MDL that concern losartan and irbesartan. Therefore, defendants' motions here concern ONLY claims that allege injury relating to contaminated valsartan.

**IT IS HEREBY ORDERED:** The Court **DENIES** the defendants' motions to dismiss any claim in any Master Complaint against Prinston, Aurobindo Pharma USA, and Hetero USA on the ground plaintiffs have alleged properly these entities do not function exclusively as FDA Liaisons;

To the extent plaintiffs' tort, strict liability, warranty, and/or fraud cause(s) of action underlying their wrongful death, survivor, or consortium claims has(ve) been dismissed **WITH PREJUDICE** in this Court's previous motion to dismiss opinions, the Court **GRANTS in part** defendants' motion to dismiss the plaintiffs' wrongful death, survivor, and/or consortium claims in the PIMC ;

To the extent, plaintiffs' tort, strict liability, warranty, and/or fraud cause(s) of action underlying their wrongful death, survivor, or consortium claims has(ve) **NOT** been dismissed **WITH PREJUDICE** in this Court's previous motion to dismiss opinions, then the Court **DENIES in part** defendants' motion to dismiss plaintiffs' wrongful death, survivor claim, and/or consortium claims in the PIMC;.

The Court recognizes that if plaintiffs' underlying tort, strict liability, warranty, and/or fraud cause(s) of action has(ve) been dismissed **WITHOUT PREJUDICE** in this Court's previous motion to dismiss opinions, then Plaintiffs may amend those underlying cause(s) of action to support their derivative claims within the period set forth in the accompanying Order;

The Court **DENIES** defendants' motions to dismiss the claim in the PIMC for a punitive damages remedy.  Nevertheless, the Court appreciates that the law of each state varies as to the availability of a punitive damages remedy, which may be limited by, among other things, the state law applicable to the decedent plaintiff's claims requiring a showing of willful disregard;

The Court **GRANTS without prejudice** defendants' motions to dismiss those unjust enrichment claims in the ELMC arising under the laws of Florida, Iowa, Kansas, and Louisiana because these states

require pleading no adequate remedy at law exists.  To the extent plaintiffs are able to plead no adequate remedy at law exists in these states, the Court **GRANTS** plaintiffs leave to amend the unjust enrichment claims in these states within the period set forth in the accompanying Order;

The Court **GRANTS without prejudice** defendants' motions to dismiss those unjust enrichment claims in the ELMC arising under the laws of Alabama,  Florida, Hawaii, Idaho, Illinois, Louisiana, Massachusetts, Mississippi, Oklahoma, South Carolina, and West Virginia because these states prohibit the pleading an unjust enrichment claim when an adequate remedy at law exists. To the extent, plaintiffs must plead and are able to plead in these states that no adequate remedy at law exists in order to advance the unjust enrichment claims in those states, the Court **GRANTS** plaintiffs the right to amend the claims in these states within the period set forth in the accompanying Order;

The Court **DENIES** defendants' motion to dismiss the unjust enrichment claims in the ELMC on the basis that plaintiffs need not plead they conferred a direct benefit to defendants in order to have pleaded properly an unjust enrichment claim.

The Court **DENIES** defendants' motions to dismiss the unjust enrichment claims in the ELMC on the basis that the partial benefit plaintiffs received impairs neither unjust enrichment claim nor the demand for restitution or disgorgement;

The Court **DENIES**  defendants', and in particular the Pharmacies', motions to dismiss the unjust enrichment claims in the ELMC on the specific basis of argued innocent seller status.

**IT IS FURTHER ORDERED** that Plaintiffs may file motions for leave to amend the Master Complaints by and including one month from the date of this Order.

Dated: 12 March 2021                                                          /s Robert B. Kugler
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge