# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | | |
|---|---|---|
| IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL No. 19-2875(RBK/KW) |

**This Order Relates to all Cases**

## SPECIAL MASTER ORDER NO. 9

## MARCH 22, 2021

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Defendants, Zhejiang Huahai Pharmaceutical Co, Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC (collectively "ZHP" or "Defendants") have filed a Motion for Protective Order Precluding the Depositions of China-based employees Yeuliln Hu, Fangyang (Xavier) Tang, and Mi (Karen) Xu.[1] (Doc. 765.) Counsel for Defendants and Plaintiffs have addressed this matter in briefs filed on the docket. (*See* Docs. 765, 826, and 858.)

Defendants contend that a protective order is warranted for several reasons. First, Defendants maintain that neither Ms. Hu nor Mr. Tang is a "managing agent" under Fed. R. Civ. P. ("Rule") 30(b)(1), and thus may not be served with a

---

[1] ZHP's Motion initially sought a protective order for Yanfeng (Lucy) Liu. Plaintiffs have withdrawn their request to depose Ms. Liu.

deposition notice to testify on behalf of ZHP, and each is a Chinese national beyond this Court's subpoena power under Rule 45. (Doc. 765-2 at 5.) Second, Defendants argue that the testimony of Ms. Hu and Mr. Tang, as well as that of Ms. Xu,[2] would be unreasonably duplicative, cumulative, and burdensome under Rule 26(b)(2)(C) given that their supervisors[3] have already been designated to provide fact and Rule 30(b)(6) testimony. (Doc. 765-2 at 19-22.) Finally, Defendants maintain that the travel restrictions, mandatory quarantines, and the health and safety risks associated with COVID-19 impose unduly burdensome conditions that militate in favor of a protective order. (*Id.*)

In opposition to the motion, Plaintiffs argue that Ms. Hu and Mr. Tang are "managing agents" under Rule 30(b)(1). (Doc. 826 at 2-14) Plaintiffs also argue that this Court already ruled in favor of Plaintiffs on the issue of duplicative, cumulative or burdensome testimony, and notwithstanding, Ms. Hu, Mr. Tang, and Ms. Xu will provide important, non-duplicative testimony. (*Id.* at 14–17.)

I.     **"Managing Agent"**

---

[2] Defendants concede that Ms. Xu is a "managing agent" under Rule 30(b)(1).

[3] Jucai Ge, Ms. Hu's supervisor, will be deposed as fact witness and has been designated to cover 12 topics in Plaintiff's 30(b)(6) notice. *See* Doc. 703-1. Jie Wang is the supervisor of Ms. Hu, who in turn is the supervisor of Mr. Tang. Mr. Wang will be deposed as a fact witness and has been designated to cover eight (8) topics in Plaintiff's 30(b)(6) notice. *See* Doc. 703-1.

The parties agree that under Rule 30(b)(1), a witness may be noticed for a deposition to provide testimony on behalf of a corporation if the witness is an officer, director or managing agent of the corporation. *See In re: Benicar (Olmesartan) Products Liab. Litig.*, No. 15-2606 (RBK/JS), ,2016 WL 581762, at *3 (D.N.J. Oct 4, 2016) (citing *Campbell v. Sedgwick Detert, Moran & Arnold*, No. 11-642 (ES/SCM), 2013 WL 1314429, at *12 (D.N.J. Mar. 28, 2013)). If the corporate representative is not an officer, director, or managing agent, the witness must either be subpoenaed pursuant to Rule 45 or, where, as here, the witness is located outside of the United States, served in accordance with the provisions of The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

In support of their request for a protective order, Defendants argue that neither Mr. Tang nor Ms. Hu is an officer, director or managing agent of ZHP. Rather, Defendants contend that Ms. Hu reports to a supervisor, does not have independent decision making authority to bind ZHP, follows program guidelines and corporate policies and procedures, elevates important issues to her supervisor, cannot release product without a Qualified Person's authorization and approval, and cannot hire or fire other employees without approval from a supervisor. (Doc. 765-2 at 14-15.) Similarly, Defendants contend that Mr. Tang reports to a supervisor, does not have independent decision making authority to bind ZHP,

3

follows program guidelines and corporate policies and procedures, elevates important issues to his supervisor, cannot contract without supervisor approval, and cannot hire or fire other employees without approval from a supervisor. (*Id*. at 16-17.)

In opposition, Plaintiffs argue that Mr. Tang and Ms. Hu are managing agents, and thus may be deposed pursuant to deposition notices served on ZHP's counsel. Specifically, Plaintiffs contend that Ms. Hu is invested with general powers to exercise discretion and judgment in a number of corporate matters, and has done so on a number of issues relevant to this litigation, including the manufacture of valsartan, the quality of its manufacturing processes, its investigation of customer complaints, its response to such complaints, and its recent attempts to correct the nitrosamine contamination. (Doc. 826 at 5-13.) Plaintiffs similarly contend that Mr. Tang has exercised his discretion and judgment in drafting and modifying a settlement agreement, communicating with outside counsel, and negotiating supplier agreements. (*Id.* at 13-14.)

While the Federal Rules of Civil Procedure do not clearly define "managing agent," courts have considered the following factors in making this determination: (1) whether the individual is "invested by the corporation with general powers to exercise his discretion and judgment in dealing with corporate matters"; (2) whether the individual "can be depended upon to carry out the employer's

4

direction to give testimony at the demand of a party engaged in litigation with the employer"; and (3) whether the individual "can be expected to identify with the interests of the corporation rather than those of the other parties." *In re Benicar*, 2016 WL 5817262, at *3, n. 12 (citations and quotations omitted). Whether an individual is a "managing agent" is to be determined "pragmatically on an ad hoc basis," *id.* (citations and quotations omitted), or on a "functional" basis. *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994) (citation omitted). The determination of managing agent status does not require a showing of "general discretionary powers," but rather should be dependent "largely on functions, responsibilities and authority of the individual involved *respecting the subject matters of the litigation.*" *Philadelphia Indem. Ins. Co. v. Fed. Ins. Co.*, 215 F.R.D. 492, 494 (E.D. Pa. 2003) (emphasis added; citation omitted). Finally, although the examining party bears the burden of establishing the status of the witness as a managing agent, any doubts regarding the individual's status as a managing agent are resolved in favor of the examining party. *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996). As stated in *Afram*, 159 F.R.D. at 413, "the examining party has the burden of providing enough evidence to show that there is at least a close question whether the proposed deponent is a managing agent." "This approach permits discovery to proceed, while deferring until trial the ultimate question of whether the witness's

5

testimony is binding on the corporation." *Dubai Islamic Bank v. Citibank, N.A.*, 99 CIV. 1930(RMB)(TH, 2002 WL 1159699, at *4 (S.D.N.Y. May 31, 2002).

Plaintiffs have satisfied their burden of establishing that it is at least a close question whether Ms. Hu is a managing agent within the meaning of Rule 30(b)(1). Although not the highest ranking official in her department, Ms. Hu is vested with sufficiently significant responsibility and discretion to be considered a managing agent. Plaintiffs have presented evidence that Ms. Hu exercises her discretion and judgment in a number of corporate matters, and has done so on a number of issues relevant to this litigation, including the manufacture of valsartan, the quality of its manufacturing processes, its investigation of customer complaints, its response to such complaints, and its recent attempts to correct the nitrosamine contamination.[4] (Doc. 826 at 5-13.) Plaintiffs have outlined the significant authority and responsibilities executed by Ms. Hu, which are relevant to this matter. Moreover,

---

[4] Much of the information presented by Plaintiffs has been redacted from the version of the brief that is on the public docket in this matter. This Order treats the significant unredacted information in a nondescript manner so as to allow this Order to be placed on the public docket. It bears emphasizing that Ms. Hu's responsibilities and discretionary authority are detailed on more than 8 pages of Plaintiffs' opposition brief (Doc. 826). Plaintiffs' narrative is supported by more than 30 exhibits. This documentation supports Plaintiffs' assertion that "ZHP invested Ms. Hu with 'general powers to exercise [her] discretion and judgment in dealing with' valsartan, the quality of its manufacturing processes, its investigation of customer complaints, its response to such complaints, and its recent attempts to correct the nitrosamine contamination at issue in this case." (Doc. 826 at 13.)

6

the Court finds unpersuasive Defendants' arguments that "delegated authorization" in this respect otherwise nullifies Ms. Hu's exercise of her discretion and judgment. (Doc. 858 at 6-7.) Furthermore, there is nothing to indicate that Ms. Hu could not be depended upon to carry out Defendants' direction to give required testimony, or that her interests are aligned with anyone other than Defendants.

With regard to Mr. Tang, however Plaintiffs' have failed to satisfy their burden. That Mr. Tang was tasked with drafting and modifying a settlement agreement, communicating with outside counsel, and negotiating supplier agreements does not establish the requisite degree of discretion to confer the status of managing agent. Accordingly, the motion for protective order will be granted as to Mr. Tang.[5]

## II. "Unreasonable Duplicative, Cumulative or Burdensome"

Pursuant to Fed. R. Civ. P. 26(c), the "[c]ourt may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" In support of their motion, Defendants argue that the testimony of Ms. Hu and Ms. Xu would be unreasonably duplicative, cumulative, or burdensome. Specifically, Defendants argue that any testimony provided by Ms. Hu would be duplicative of her supervisor, Mr. Ge, who has been designated

---

[5] Because Mr. Tang's deposition cannot be required by service of a deposition notice on counsel for ZHP, there is no need to consider whether his deposition should be foreclosed for other Rule 26 reasons.

to cover 12 topics in Plaintiffs' Rule 30(b)(6) notice, and any testimony provided by Ms. Xu, would be duplicative of her supervisor, Mr. Wang, who has been designated to cover eight topics. (Doc. 765-2 at 19-22; Doc. 858 at 8-11.) These topics, Defendants argue, are similar to the topics covered by many of the 59 exhibits submitted by Plaintiffs in opposing Defendants' motion. (Doc. 858 at 9.) Defendants also cite to the travel restrictions and mandatory quarantines, and the health and safety risks associated with travel during the global pandemic as compelling a conclusion that depositions of Ms. Hu and Ms. Xu would be unduly burdensome. (*Id*.)

Plaintiffs, in opposition, argue that Orders in this matter entered on December 31, 2020 and January 11, 2021 permitted the depositions of Ms. Hu and Ms. Xu, and only granted ZHP leave to brief whether Ms. Hu, Mr. Tang, and Ms. Xu constitute "managing agents." Plaintiffs argue that Defendants are precluded from re-litigating this issue. (Doc. 826 at 14-15.) Plaintiffs also assert that, in any event, the testimony of Ms. Hu and Ms. Xu would not be unreasonably duplicative, cumulative, or burdensome. (*Id.* at 16-17.)

While it does not appear that Orders previously entered in this matter foreclose the ZHP Parties from arguing that the testimony of Ms. Hu and Ms. Xu is unreasonably cumulative, duplicative or burdensome, *see* 12/22/2020 Tr. at 42:7-9 (orders were "without prejudice to ZHP to present a record that, in fact, these

depositions are cumulative, duplicative, not material"), Plaintiffs have shown that the depositions of Ms. Hu and Ms. Xu are likely to lead to unique, discoverable information, and that Ms. Hu and Ms. Xu will testify from sufficiently different perspectives than that of their supervisors, such that the testimony will not be duplicative or needlessly cumulative. Simply because one person reports to another does not necessarily mean that he or she does not possess unique knowledge or distinct perspectives.

Finally, this Court appreciates the burden associated with travel during the COVID-19 pandemic. But there are a number of ZHP employees who are willing to travel to Hong Kong to be deposed. Furthermore, Plaintiffs have shown that Ms. Hu and Ms. Xu, both managing agents, have sufficiently unique knowledge of facts material to the resolution of this matter so as to require that they do likewise. Accordingly, the hardships of the pandemic do not serve as a basis for precluding their depositions.[6]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

---

[6] Defendants ask that resolution of the question of whether Ms. Hu and Ms. Xu should be required to be deposed should be deferred until after Plaintiffs have deposed the 15 witnesses that ZHP has agreed to produce. As noted above, however, Plaintiffs have made a sufficient showing that the testimony of these two additional witnesses will be sufficiently unique and material to this matter that their depositions may proceed without awaiting receipt of the record created by 15 depositions. Furthermore, "[t]he witness's deposition testimony itself may well provide the best evidence of his or her status." *Dubai Islamic Bank*, 2002 WL 1159699, at *4.

1. Defendants' Motion for Protective Order is **GRANTED** as it pertains to **FANGYANG (XAVIER) TANG**.

2. Defendants' Motion for Protective Order is **DENIED** as it pertains to **YEULILN HU** and **MI (KAREN) XU**.

*s/ Thomas I. Vanaskie*
Hon. Thomas I. Vanaskie (Ret.)
Special Master