# Exhibit B

```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY


_____        CIVIL ACTION NUMBER:
IN RE:  VALSARTAN, LOSARTAN,
AND IRBESARTAN PRODUCTS            1:19-md-02875-RBK-JS
LIABILITY LITIGATION
                                   STATUS CONFERENCE
                                   (Via telephone)
_____

       Wednesday, December 9, 2020
       Commencing at 4:00 p.m.

B E F O R E:              THE HONORABLE JOEL SCHNEIDER,
                          UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S:

     MAZIE SLATER KATZ & FREEMAN, LLC
     BY:  ADAM M. SLATER, ESQUIRE
     103 Eisenhower Parkway
     Roseland, New Jersey 07068
     For the Plaintiff

     GOLOMB & HONIK PC
     BY:  RUBEN HONIK, ESQUIRE
          DAVID JOHN STANOCH, ESQUIRE
     1835 Market Street, Suite 2900
     Philadelphia, Pennsylvania 19103
     For the Plaintiff

     KANNER & WHITELEY LLC
     BY:  CONLEE S. WHITELEY, ESQUIRE
          LAYNE HILTON, ESQUIRE
     701 Camp Street
     New Orleans, Louisiana 70130
     For the Plaintiff



            Karen Friedlander, Official Court Reporter
                   friedlanderreporter@gmail.com
                         (856) 756-0160

         Proceedings recorded by mechanical stenography;
       transcript produced by computer-aided transcription.
```

```
 1   A P P E A R A N C E S: - CONTINUED

 2

         LEVIN PAPANTONIO
 3       BY:  DANIEL A. NIGH, ESQUIRE
         316 S. Baylen, Suite 600
 4       Pennsacola, Florida 32502
         For the Plaintiff
 5
         GOLDENBERG LAW PLLC
 6       BY:  MARLENE J. GOLDENBERG, ESQUIRE
         800 Lasalle Avenue
 7       Suite 2150
         Minneapolis, Minnesota 55402
 8       For the Plaintiff

 9       DUANE MORRIS LLP
         BY:  SETH A. GOLDBERG, ESQUIRE
10       30 S. 17th Street
         Philadelphia, Pennsylvania 19103
11       For the Defendant ZHP and the Joint Defense Group

12       GREENBERG TRAURIG LLP
         BY:  LORI G. COHEN, ESQUIRE
13            STEVEN M. HARKINS, ESQUIRE
         3333 Piedmont Road, NE, Suite 2500
14       Atlanta, Georgia 30305
         For the Defendants, Teva Pharmaceutical Industries Ltd.,
15       Teva Pharmaceuticals USA, Inc., Actavis LLC, and Actavis
         Pharma, Inc.
16
         BARNES & THORNBURG LLP
17       BY:  SARAH E. JOHNSTON, ESQUIRE
              KRISTEN LEE RICHER, ESQUIRE
18       2029 Century Park East, Suite 300
         Los Angeles, CA 90067-2904
19       For the Defendant, CVS Health Co.

20       ULMER & BERNE LLP
         BY:  JEFFREY DANIEL GEOPPINGER, ESQUIRE
21       600 Vine Street
         Suite 2800
22       Cincinnati, OH 45202
         For the Defendant, AmerisourceBergen
23
         PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI LLP
24       BY:  CLEM C. TRISCHLER, ESQUIRE
         One Oxford Centre, 38th Floor
25       Pittsburgh, Pennsylvania 15219
         For the Defendant Mylan and the Joint Defense Group
```

```
 1  A P P E A R A N C E S: - CONTINUED

 2      KIRKLAND & ELLIS LLP
        BY:  ALEXIA R. BRANCATO, ESQUIRE
 3           BRITTNEY NAGLE, ESQUIRE
        601 Lexington Avenue
 4      New York, NY 10022

 5      HILL WALLACK LLP
        BY:  NAKUL Y. SHAH, ESQUIRE
 6      21 Roszel Road
        Princeton, NJ  08540
 7      For the Defendant, Hetero Drugs, Hetero Labs

 8  A L S O  P R E S E N T:

 9      Judge Magistrate Williams

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  category of no good deed goes unpunished.

2      So we think we had done exactly what the Court has
3  expected us to do, and we're looking forward to continuing to
4  work with plaintiffs on some of the issues they've raised as
5  to document productions.  And we'll get into depositions, but
6  there's no question that defendants satisfied their good faith
7  obligation.

8      THE COURT:  Mr. Slater has raised a question as to
9  whether the production is complete.

10      MR. GOLDBERG:  That, Your Honor, that's something I
11  think all of the defendants have to answer separately.  I
12  would have to discuss that with my colleagues, and I think all
13  of the defendants can discuss that and then if Your Honor
14  wants us to communicate with plaintiffs.  But I don't know
15  that we were --

16      THE COURT:  Well, let's hear from ZHP.  You can only
17  speak for ZHP.  Is ZHP's production done?

18      MR. GOLDBERG:  Your Honor, I don't know the answer to
19  that.  I'd have to coordinate or communicate with my
20  colleagues on that, you know, who are in the trenches in the
21  document production.  I can certainly let the Court know about
22  that.

23      THE COURT:  Well, you should let Mr. Slater know.
24      How about Teva, Ms. Cohen, is Teva done?
25      MS. LOCKARD:  Your Honor, Victoria Lockard, I can

1  address this.  We are in somewhat of a different situation
2  because of the Court's ruling on our TAR CAML motion and the
3  work that remains to be done on what -- the documents that are
4  predicted to be nonresponsive will be processed through a work
5  stream.  So there may be some that fall out --
6         (Cross talk.)
7         THE COURT:  This is Judge Schneider.  What I said
8  was, that Ms. Lockard was correct, that the, quote unquote,
9  nonresponsive documents are a different category, and I do not
10 think that's what Mr. Slater was referring to.
11        MS. LOCKARD:  Agreed, and we just needed to put that
12 out on the record as a reminder.  But aside from that, we're
13 substantially confused.  The only work that is still being
14 done is because we are obligated to produce our privilege log
15 within 30 days of this production.
16        We are doing our QC on the documents that were deemed
17 privileged by the first-line reviewers.  So to the extent
18 there are some documents that are deemed -- determined are not
19 privileged and should be produced, those may fall out as well.
20        But other than those two categories, we're
21 substantially complete.
22        MR. GOLDBERG:  Your Honor -- sorry, Your Honor, this
23 is Seth Goldberg.  Before you go on to the next defendant, I
24 do have information about ZHP and can confirm that other than
25 two custodians, plaintiffs are aware, we have no doubt with

*1* them.  The perception beyond the deadline for those two
*2* custodians, as well as spreadsheets that plaintiffs are aware
*3* of, that we have an agreement on, and on the work on our
*4* privilege log, the ZHP party productions are substantially
*5* complete as well.
*6*         THE COURT:  Mr. Trischler, can you speak to Mylan?
*7*         MR. TRISCHLER:  Yes.  This is Clem Trischler.  Good
*8* afternoon once again, Your Honor.  With respect to Mylan, the
*9* Court may recall that there was an order entered approximately
*10* in November that dealt with all our requests to cut off the
*11* review using -- based on TAR, and we have been, you know, had
*12* some ongoing meet and confers with the plaintiff in an attempt
*13* to reach an agreement on that.
*14*         So as it relates to Mylan, we have a null set of
*15* documents that we have not yet reviewed in the hope of
*16* reaching an agreement with plaintiffs.  If we do not reach an
*17* agreement with plaintiffs, then we would obviously need to
*18* review that null set if so ordered.  So that issue is out
*19* there and still pending with respect to my client.
*20*         Beyond that, we believe the review is substantially
*21* complete, but our position is with respect to those documents
*22* we have reviewed is similar to what Ms. Lockard outlined with
*23* respect to Teva's, that is.  We are reviewing documents that
*24* have been coded as privileged, and to the extent our secondary
*25* review team determines that a document may have been

*1* improperly coded as privileged, there may be additional
*2* productions there.
*3*          The plaintiffs -- it's on the agenda but the
*4* plaintiffs raised an issue with respect to withheld documents
*5* that we are -- that we have committed to reviewing, to make
*6* sure that we got it right.  We believe we did, but to the
*7* extent we didn't, we're reviewing those documents in good
*8* faith that they've raised concerned about, and so there will
*9* be some QC review that we expect to take place over the next
*10* 30 days, but we're substantially complete except for the null
*11* set.
*12*          THE COURT:  And if I remember right, again, counsel,
*13* you can correct me if I'm wrong, I recall entering an order as
*14* to Mylan as to what you call a null set similar to the order
*15* that was entered with regard to Teva; is that right?
*16*          MR. TRISCHLER:  Yes, that's correct, Your Honor.
*17*          THE COURT:  Okay.
*18*          Aurobindo counsel, are you on the phone?
*19*          MS. HEINZ:  Yes, Your Honor, good afternoon.
*20*          THE COURT:  Could you speak to whether the document
*21* production is complete?
*22*          MS. HEINZ:  Yes, I can, Your Honor.  We have
*23* completed our review of the 15 custodians that we had for
*24* Aurobindo, and it's my understanding that it is substantially
*25* complete, and we haven't been made aware of any issues from

*1* the plaintiffs, that's not to say that none will be raised,
*2* but we're happy to work through anything that may come up.
*3*       I don't anticipate anything, but at this time, we are
*4* -- we have finished our review and produced everything we
*5* have.
*6*       THE COURT:  And how about Hetero, are they on the
*7* phone?
*8*       MR. SHAH:  Yes, Your Honor, this is Nakul Shah on
*9* behalf of Hetero Drugs and Hetero Labs.  We have completed our
*10* document -- yes, Your Honor, we have completed our document
*11* production.  However, we did receive correspondence from
*12* plaintiffs setting forth deficiencies in our production, so we
*13* are investigating those issues that were raised by the
*14* plaintiffs and we intend to continue to meet and confer with
*15* the plaintiffs on these issues, but otherwise, we are complete
*16* with our production.
*17*       THE COURT:  Mr. Slater, it sounds like you got the
*18* answers you were looking for.  Was there anything else you
*19* need with regard to this issue?
*20*       MR. SLATER:  I'm going to hand this off now to my
*21* colleagues who can address the other issues that were raised
*22* aside from the production schedule.
*23*       MS. HILTON:  Hi, Your Honor, good afternoon, Your
*24* Honors, Layne Hilton on behalf of plaintiffs.  We raised the
*25* issue of what we call improperly withheld documents.