# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

**Writer's Direct Dial**:
(973) 228-0454
**Writer's Email:**
aslater@mazieslater.com

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

March 29, 2021

**VIA ECF & EMAIL**
TIV@stevenslee.com
Hon. Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

Re:   ***In re Valsartan, Losartan, and Irbesartan Liability Litigation***,
      **Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Vanaskie:

Please accept this letter on behalf of the Plaintiffs requesting Your Honor's intervention to address the misconduct of ZHP's counsel and its 30(b)(6) witness Peng Dong during the first night of this important witness's deposition last night, March 28, 2021.

In summary, the witness refused to provide direct answers to even basic questions, refused to answer direct yes/no answers to questions where a simple yes or no was clearly called for, provided "talking points" and canned evasive responses instead of responsive testimony despite multiple efforts to re-ask the same question and obtain a responsive answer, would not or could not answer questions as to whether a Guideline for Evaluation of Genotoxic Impurities was utilized in connection with the risk assessment of the key process change implemented by ZHP which

Hon. Thomas I. Vanaskie, Special Master
March 29, 2021
Page 2

caused the NDMA contamination, and even mimicked his attorney's objections – for example a specious objection that a question went beyond the 30(b)(6) topics at issue when the subject matter came directly from one of the documents central to the topics – and all of this took place with the open encouragement of defense counsel, who repeatedly stated that obviously non-responsive testimony was responsive, refused to ask his client to provide direct, responsive answers, and even invited us to submit these issues to the Court. At the end of the deposition, we asked defense counsel if he would agree to replace the wasted time and ensure his client complies with his obligation to provide responsive testimony, and defense counsel refused. We have no alternative but to seek the Court's intervention as a result.

Our concern is that this witness was designated to testify regarding key topics at the heart of the case against ZHP, and if the Court does not intervene, it is certain that the next four nights of testimony will be largely wasted, as tonight was, and we will then have to come to the Court after the fact, which would be quite inefficient and disrupt the oncoming ZHP deposition schedule.

Peng Dong is ZHP's 30(b)(6) witness on the following topics:

*Testing of Valsartan API*

    11. ZHP's evaluation of the potential risks to the purity or contents of ZHP's valsartan API posed or caused by solvents used during the manufacturing process (regardless of intended sale location) manufactured in any facility that manufactured ZHP's valsartan API for sale in the United States.

*Process Development*

    33. The "primary process validation of Process II (Zn cl2) completed in April 2012" referenced on ZHP00004372.

    34. The modifications with regard to the use of solvents, and the Tetrazole ring formation step, in the manufacturing process for ZHP's valsartan API, including: (1) the reasons for the modifications, (2) the testing and evaluation in connection with the

Hon. Thomas I. Vanaskie, Special Master
March 29, 2021
Page 3

>modification, and (3) the relationship between the modifications and the nitrosamine contamination of ZHP's valsartan API (regardless of intended sale location) in any facility that manufactured ZHP's valsartan API for sale in the United States.
>
>35. Any evaluation conducted by or on behalf of ZHP with regard to health or safety issues arising from the use of solvents, and the Tetrazole ring formation step, in the manufacturing process for ZHP's valsartan API (regardless of intended sale location) in any facility that manufactured ZHP's valsartan API for sale in the United States.
>
>37. The process changes referenced in section 3.4.1 on ZHP00004371.

These are some of the most important topics in Plaintiffs' case against ZHP.

The enclosed rough transcript unfortunately demonstrates that ZHP's counsel prepared Peng Dong to evade and obstruct Plaintiffs' deposition, and waste as much time as possible.[1] Throughout the entire deposition, Peng Dong refused to answer Plaintiffs' questions directly. He frequently asked questions that willfully misunderstood or misconstrued Plaintiffs' questions. And when he did answer, he simply reread Plaintiffs' questions back and commented on the formatting and language used in the document. Peng Dong often seemed as if he was trying to reach a word count by the end of the deposition, while simultaneously saying absolutely nothing of substance.

Perhaps most blatant, the deposition began with Plaintiffs' simply questioning Peng Dong about the deposition notice. ZHP's counsel inexplicably objected to questioning Peng Dong about this document and directed the witness to ask for a translation in order to answer any questions. Peng Dong then asked for the translator to provide a translation of the entire deposition notice. Similarly, Plaintiffs could not question the witness about his CV, which was provided by his

---

[1] In accordance with the Confidentiality and Protective Order, Plaintiffs will not file the transcript on ECF, but they will forward it with this letter to the Court via email.

Hon. Thomas I. Vanaskie, Special Master
March 29, 2021
Page 4

counsel, since it was written in English.  The witness engaged in similar conduct regarding a Guidance document regarding the evaluation of genotoxic impurities in API, about which he repeatedly refused to answer straightforward questions, and instead repeatedly asked when the document, which contains no dates, went into effect.  These evasions continued even when the witness was told by Plaintiffs' counsel the date of the document per the metadata – as defense counsel objected to this effort to address the witness's stated concern.  Of course, as a 30(b)(6) witness, he was required to have prepared to testify to such basis facts anyway.

When Plaintiffs asked ZHP's counsel to advise his client to answer the questions in an appropriate fashion, ZHP's counsel said the answers were responsive, encouraging Peng Dong's refusal to provide responsive testimony.  Frankly, the only directly responsive answer Peng Dong provided was when Plaintiffs asked him if he had multiple computer screens in front of him, and he said, "Yes."  As a result of this obstruction, rather than get bogged down further, Plaintiffs' counsel had to repeatedly abandon efforts to obtain testimony on straightforward and foundational issues – which is clearly what was hoped for by ZHP.  The only questions answered remotely responsively were questions reciting the language in documents, and asking if the witness saw the language, as a foundational matter – but the answers were not simple yes or no.  Rather, the witness re-read the entire section in response, confirmed that the translator read that language and then efforts to follow up on that foundation were met with deliberate evasion.  For example, a question asking whether ZHP was required to perform a risk assessment for the manufacturing process change was met with the talking point statement that at all times ZHP complied with ICH guidelines and its SOPs.  This persisted through multiple efforts to obtain a yes or no response.

This is not the first time Plaintiffs have been faced with this type of misconduct from ZHP and its witnesses in these depositions.  During the depositions of Hai Wang and Minli Zhang,

Hon. Thomas I. Vanaskie, Special Master
March 29, 2021
Page 5

ZHP's counsel had clearly prepared their witnesses in a comparable manner and the witnesses behaved similarly. During the depositions of both witnesses, ZHP's counsel engaged in extensive speaking objections, directed their witnesses not to answer questions, and directed their witnesses to read documents rather than answer questions, among other things. As a result, Plaintiffs asked to meet and confer with ZHP's counsel this past Thursday, in order to avoid having to submit this issue to the Court. During that meet and confer, ZHP's counsel agreed to address Plaintiffs' concerns, and Plaintiffs held back on submitting this issue in the hope that the meet and confer solved the issue. However, Peng Dong's deposition has shown that ZHP's counsel has instead chosen to double down on these tactics,

This conduct, which permeates almost the entire transcript, is clearly improper. *See* Fed. R. Civ. P. 30 & 37; *In re Neurontin Antitrust Litigation*, MDL Docket No. 1479, Civil Action No. 02–1390(FSH), 2011 WL 253434, at *4 (D.N.J. Jan. 25, 2011) (**criticizing and sanctioning defense counsel for its "non-responsive litigation tactic[s]" during 30(b)(6) depositions**); *see also Deville v. Givaudan Fragrances Corp.*, 419 Fed. App'x 201, 209 (3d Cir. 2011); *Community Association Underwriters of America, Inc. v. Queensboro Flooring Corp.*, No. 3:10–CV–1559, 2014 WL 3055358, at *8 (M.D. Pa. July 3, 2014) (**holding "lawyers are strictly prohibited from making any comments ... which might suggest or limit a witness's answer to an unobjectionable question."**); *GMAC Bank v, HTFC Corp.*, 248 F.R.D. 182, 191 (E.D. Pa. 2008). A witness, especially a 30(b)(6) witness, must also comply with his or her obligations to testify truthfully – which includes answering direct questions with direct, responsive answers.

ZHP's continued pattern of misconduct and tonight's escalation cannot continue without severely and unfairly prejudicing Plaintiffs. In order to correct and prevent this prejudice during the remainder of Peng Dong's deposition, which is scheduled to continue Monday, March 29,

Hon. Thomas I. Vanaskie, Special Master
March 29, 2021
Page 6

2021, at 7:00 p.m. ET, Plaintiffs regrettably see no alternative but to ask the Court to review the enclosed transcript and order the following:

(1) Plaintiffs shall have the time wasted during Sunday's deposition added back to the end of the deposition,

(2) Peng Dong and all other ZHP witnesses shall answer Plaintiffs' questions directly and stop evading and obstructing Plaintiffs' ability to obtain responsive testimony,

(3) ZHP's counsel shall advise their client and its witnesses to provide direct, responsive testimony, and will not encourage the evasion and obstruction demonstrated in the attached transcript, and

(4) ZHP must pay for Plaintiffs' costs and fees for Sunday's deposition.

Thank you for your consideration. We will of course make ourselves available to speak with the Court if necessary.

Respectfully,

Adam M. Slater