# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

**Writer's Direct Dial**:
(973) 228-0454
**Writer's Email:**
aslater@mazieslater.com

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

March 30, 2021

**VIA ECF & EMAIL**
TIV@stevenslee.com
Hon. Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

Re:   ***In re Valsartan, Losartan, and Irbesartan Liability Litigation***,
      **Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Vanaskie:

Please accept this letter on behalf of the Plaintiffs as a status update on their meet and confer with ZHP regarding its Chinese state secret logs. On March 23, 2021, ZHP wrote to Plaintiffs claiming that although the logs had ninety-one entries, there were only thirty-seven non-duplicative documents on the logs, and outlined which documents were duplicative of one another. (Ex. A hereto). The parties then met and conferred using ZHP's updated logs on March 26, 2021.[1] During the meeting and confer, ZHP stated that it was relying only on Articles 2 and 9.4 of the Law of the People's Republic of China on Protecting State Secrets in withholding or redacting the documents on the logs. Article 2 states, "State secrets shall be matters that have *a vital bearing*

---

[1] Plaintiffs will email the full logs to the Court with this letter.

Hon. Thomas I. Vanaskie, Special Master
March 30, 2021
Page 2

*on State security and national interests*, and, as determined according to statutory procedures, are known by people within a certain scope for a given period of time." (Ex. B hereto). Article 9.4 states, "The following matters involving State security and national interests shall be determined as State secrets if the divulgence of such matters is *likely to prejudice State security and national interests* in the fields such as political affairs, economy, national defense and foreign affairs: … (4) secrets in the national economic and social development …. Secrets of political parties that conform to the provisions of the preceding paragraph shall be State secrets." (Ex. B hereto). Despite no showing that producing any of the documents would somehow impact "a vital bearing on State security and national interests" or "prejudice State security and national interests" of the Chinese government, Plaintiffs dropped their opposition to numerous entries on the log during the meet and confer. However, the meet and confer highlighted four issues with the remaining documents on ZHP's logs.[2]

First, numerous allegedly duplicative documents contained different attachments. Plaintiffs consequently asked ZHP to review their list of duplicative documents to confirm which ones are actually duplicative. ZHP agreed to do so but has yet to produce its updated analysis.

Second, many of the documents contain factual information provided by ZHP, in many cases concerning ZHP's investigation into the nitrosamine contamination of valsartan. Plaintiffs have a right to know that information, and ZHP agreed to review those documents to determine whether they could be produced in redacted form. Once again, ZHP has yet to inform Plaintiffs of the outcome of that determination.

---

[2] To the extent Plaintiffs did not specifically and explicitly abandon their challenge to a document during the March 26, 2021 meet and confer, Plaintiffs reserve their right to challenge the remaining documents for any other good faith reason after receiving ZHP's responses to these issues.

Hon. Thomas I. Vanaskie, Special Master
March 30, 2021
Page 3

Third, a large number of the documents concerned reports of non-Chinese regulatory investigations and actions. This information cannot possibly be a Chinese state secret. ZHP agreed to consider producing these documents in whole or in part. However, Plaintiffs have not heard from ZHP since the meet and confer.

Fourth, the logs also contain documents reporting allegedly false information contained on the internet to the Chinese government. To the extent that information is already on the internet, it cannot be a Chinese state secret. ZHP again agreed to review these entries in light of this fact. Plaintiffs continue to wait to learn the outcome of that review.

Plaintiffs ask the Court to order ZHP to provide its response to these four issues by close of business Wednesday. Upon receipt of that update, Plaintiffs will be prepared to file a motion to compel certain documents on the logs.

Respectfully,

Adam M. Slater