# EXHIBIT E

# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*
Eric D. Katz*
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn
David M. Estes
_____
*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

 Member of N.J. & N.Y. Bars

Karen G. Kelsen
Cheryll A. Calderon
Adam M. Epstein
Cory J. Rothbort*
Michael R. Griffith
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater

February 23, 2021

<u>*VIA ECF*</u>

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, New Jersey 08101

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

Re: ***In re Valsartan, Losartan, and Irbesartan Liability Litigation***,
**Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler and Judge Vanaskie:

Please accept this letter on behalf of the Plaintiffs in advance of the February 24, 2021 case management conference.

**1. Plaintiff Deposition Issues**

During the exchange of agenda items that occurred yesterday, Defendants first notified Plaintiffs that they intended to raise the issue of the Class Plaintiffs' "technological readiness for depositions" with the Court. Given the fact Defendants had not even requested a formal meet-and-confer to discuss the supposed issue of "technological readiness," Plaintiffs do not view this topic as ripe for Court intervention at this time.

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
February 23, 2021
Page 3

Parties have negotiated a similar order. The Parties are working though one final clause in the agreement and expect to have this submitted to the Court shortly.

### 3. Bellwether Plaintiffs with Dismissed Claims

The Parties have held productive meet and confer sessions to discuss issues associated with the entry of a Bellwether order. With respect to this order, the only remaining dispute between the parties concerns dismissal procedures for Bellwether cases. Defendants suggest that Bellwether cases may only be dismissed by court order on terms that the Court considers proper. Plaintiffs believe this language is unnecessary. In the Benicar litigation, cases were selected for the bellwether pool by random selection. There, the Court allowed bellwether cases to be dismissed and to be replaced again by random selection. Here, the parties have each selected a set of cases for work-up. Thus, Plaintiffs propose that if a Bellwether case is dismissed, the party who selected that case for the pool may pick a replacement. This procedure would allow Defendants to re-select a case for the pool if a case in their original selection is dismissed, thereby alleviating the concern that dismissal of a case in the Defendants' set would upset the balance of the pool.

### 4. Plaintiff Fact Sheets/Show Cause Requests

The Parties had a global meet and confer on Plaintiff Fact Sheets last week and have narrowed the list of Plaintiffs with outstanding deficiencies. Plaintiffs are prepared to address any remaining deficiencies relating to any Plaintiffs listed in Defendants' agenda letter.

### 5. Hetero Discovery Status

During the February 17, 2021 status conference, it was agreed that the Parties would provide an update at the February 24, 2021 discovery conference with regard to the extensive deficiencies in Hetero's disclosures and productions. Since that time, the Parties have