# CIPRIANI & WERNER

A PROFESSIONAL CORPORATION

---

ATTORNEYS AT LAW

JESSICA M. HEINZ, ESQ.
jheinz@c-wlaw.com

450 Sentry Parkway, Suite 200
Blue Bell, PA 19422

Phone: (610) 567-0700
Fax: (610) 567-0712

Visit us online at
www.C-WLAW.com

March 31, 2021

**Via ECF To:**

Special Master the Honorable Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower, 18th Floor
Philadelphia, PA 19103

      **RE:** ***In re Valsartan Products Liability Litigation***, **U.S. District Court District of New Jersey, Camden Division, No. 1:19-md-02875**

Dear Special Master Vanaskie:

    Please accept the following supplement to the Aurobindo parties' position statement on discovery issues raised by the Plaintiffs.

    On Thursday, March 25th, Plaintiffs requested Litigation Hold Letters and copies of all document and email retention and/or destruction policies in place from 2014 to the present for all Aurobindo entities. This demand is purportedly based on deposition testimony from Prasad Gorijavolu and Bhadresh Doshi. As of this writing, Plaintiffs have not provided defense counsel with an unredacted copy of their Position Statement. Aurobindo is therefore forced to assume Plaintiffs' arguments and reserves the right to supplement its response as needed.

Special Master the Honorable Thomas Vanaskie
March 31, 2021
Page **2** of **4**

Generally, litigation hold letters are not discoverable. *See Major Tours, Inc. v. Colorel*, 2009 U.S. Dist. LEXIS 68128 citing *In re eBay Seller Antitrust Litigation*, No. 07-CV-01882(RS), 2007 U.S. Dist. LEXIS 75498 (N.D. Cal. Oct. 2, 2007) (internal citations omitted). Litigation hold letters become discoverable only upon a preliminary showing of spoliation. *See Major Tours*, 2009 U.S. Dist. LEXIS 75498 at *7. A party's "bald claim that spoliation is at issue does not make it at issue." *Brewer v. BNSF Ry. Co.*, 2015 U.S. Dist. LEXIS 195235, *19 (D. Mt. November 20, 2015). A party cannot compel production of Litigation Hold Letters or related materials by suggesting spoliation exists; it must make some showing that discoverable documents have been destroyed or absented. *See Id.* Similarly, courts have been unwilling to order the disclosure of such materials when requested prematurely. *See Ingersoll v. Farmland Foods, Inc.*, 2011 U.S. Dist. LEXIS 31872, *47-38 (W.D. Mo. March 28, 2011).

The determination of whether a preliminary showing of spoliation has been shown is a fact-intensive inquiry. "As in any case raising issues of spoliation, the court's determination of the scope of duty to preserve is a highly fact-bound inquiry that involves considerations of proportionality and reasonableness. *Little Hocking Water Ass'n v. E.I. DuPont DeNemours & Co.*, 2013 U.S. Dist. LEXIS 134869, *11-12 (S.D. Ohio September 20, 2013) quoting *Tracy v. NVR, Inc.*, U.S. Dist. LEXIS 44350 (W.D.N.Y. March 26, 2012) (internal citations omitted).

Discovery and document production remain ongoing. At present, Plaintiffs have provided no evidence to suggest spoliation of relevant evidence. In what little of Plaintiffs' argument may be read, Plaintiffs reference the testimony of Bhadresh Doshi, a Quality Assurance Release Supervisor, and Prasad Gorijavolu. This reference likely addresses Messrs. Doshi and Gorijavolu's testimony that neither received Litigation Hold Letters. This suggestion is insufficient to establish spoliation.

Plaintiffs further rely on the incompleteness of Aurobindo's document production. The very fact that document production continues belies any claim of spoliation. As frequently discussed throughout the pendency of this litigation, document production is and has been a massive undertaking. Aurobindo alone has relied on no less than 150 attorneys diligently reviewing millions of items of Electronically Stored Information.

Similarly, Plaintiffs' request of a 30(b)(6) deposition related to Electronically Stored Information is unsupported and premature. This request is based, without evidence, on a suggestion of spoliation. To date, the Aurobindo parties have reviewed millions of items of Electronically Stored Information to assemble a production for Plaintiffs and further efforts are ongoing. This simply cannot support a claim of spoliation. Plaintiffs have not produced a scintilla of evidence that a single relevant document has been destroyed or deleted. The mere suggestion of spoliation

simply does not warrant the remedies Plaintiffs now seek. There is no basis for production of Litigation Hold Letters. Moreover, the requests for policies and procedures and depositions related to data production are wildly premature given that the document production is not yet complete. Accordingly, Plaintiffs' requests for Litigation Hold Letters and Data Production Policies are not ripe at this time, particularly as this issue was first raised in the late evening hours of March 25th. Should the Court wish to hear further, Aurobindo requests a briefing schedule be set to fully develop and argue this issue.

Respectfully submitted,

/s/ *Jessica M. Heinz*

Jessica M. Heinz

cc: Adam Slater, Esq. (via email, for distribution to Plaintiffs' Counsel)
Jessica Priselac, Esq. (via email, for distribution to Defendants' Counsel)
Seth A. Goldberg, Esq. (via email)
Clem C. Trischler, Esq. (via email)
Sarah Johnston, Esq. (via email)
Jeffrey Geoppinger, Esq. (via email)