# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION : : : : : | MDL No. 19-2875(RBK/KW) |

**This Order Relates to all Cases**

## SPECIAL MASTER ORDER NO. 15

### APRIL 1, 2021

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Defendant Aurobindo Pharma Ltd. (hereinafter "Aurobindo" or "Defendant") has filed a Motion for Protective Order Precluding the Deposition of Dr. Ram Mohan Rao and the Production of His Custodial File. (Doc. 1036). Counsel for Defendant and Plaintiffs have addressed this matter in briefs filed on the docket. (*See* Docs. 1036, 1043, and 1068.)

Pursuant to Fed. R. Civ. P. 26(c), the "[c]ourt may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" In support of its motion for a protective order, Defendant argues that Dr. Rao is an "apex" witness and Plaintiffs have failed to show that Dr. Rao possesses any unique superior knowledge of the material issues in this case that could not otherwise be obtained from lower-level employees. (Doc. 1036-2 at 6-7). As such, Defendant argues, Dr. Rao's testimony and production of his

custodial file would be unduly burdensome and unnecessarily duplicative. (*Id.*) In opposition to the motion, Plaintiffs argue that Dr. Rao, in his capacity as Chief Quality Officer, has direct involvement, and thus, unique knowledge concerning issues central to this case, which cannot be obtained from other witnesses. (Doc. 1043 at 3-4.)

Under what has been referred to as the "apex doctrine," Courts have the ability to prohibit the deposition of a high-level executive where the executive has no firsthand personal knowledge of the events in dispute. *See Younes v. 7-Eleven, Inc.*, CIV. 13-3500 (RMB/JS), 2015 WL 12844446, at *2-3 (D.N.J. Aug. 19, 2015). When assessing whether the deposition of a high-ranking corporate officer is appropriate, Courts within the Third Circuit consider the following two factors: (1) whether the executive or top-level employee has personal or unique knowledge on relevant subject matters; and (2) whether the information sought can "be obtained from lower[-]level employees or through less burdensome means, such as interrogatories." *Ford Motor Co. v. Edgewood Properties, Inc.*, CIV. 06-1278, 2011 WL 2517133, at *3 (D.N.J. June 23, 2011) (quoting *Reif v. CNA*, 248 F.R.D. 448, 451 (E.D. Pa. 2008)).

A party seeking to preclude an "apex" deposition in its entirety has a heavy burden of showing that such protection is warranted. *See In re Tylenol (Acetaminophen) Mktg., Sales Practices & Products Liab. Litig.*, 2:13-MD-02436,

2014 WL 3035791, at *2 (E.D. Pa. July 1, 2014) ("It is rare for a court to issue a protective order that prohibits a deposition.") (quoting *U.S. v. Mariani*, 178 F.R.D. 447, 449 (M.D. Pa. 1998)). At the same time, however, courts have also held that a party seeking to depose a high-level executive must demonstrate exceptional circumstances justifying the deposition. *See Lederman v. New York City Dept. of Parks and Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) ("[A] party must demonstrate exceptional circumstances justifying the deposition—for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means."), *cert. denied*, 134 S. Ct. 1510 (2014).

Applying this standard to the present matter, the Court finds that Plaintiffs have shown that Dr. Rao, as Chief Quality Officer, had direct involvement with issues central to this case and is thus likely to possess unique firsthand relevant knowledge.[1] Furthermore, Defendant has failed to demonstrate that any testimony provided by Dr. Rao would unduly burdensome and unnecessarily duplicative.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

---

[1] Much of the information that suggests that Dr. Rao has firsthand knowledge of unique relevant evidence has been redacted from the Plaintiffs' opposition brief. The unredacted version clearly shows Dr. Rao's unique knowledge and confirm Plaintiff's assertion that "Dr. Rao was immersed in many core issues surrounding the contamination of Aurobindo's valsartan, the resulting recall, and interfacing with the FDA concerning these issues." (Doc. 1043 at 7.)

1. Defendant's Motion for Protective Order (Doc. 1036) is **DENIED.**

<u>s/ Thomas I. Vanaskie</u>
Hon. Thomas I. Vanaskie (Ret.)
Special Master
