| | | |
|---|---|---|
| NEW YORK | **Duane Morris®** | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | SETH A. GOLDBERG | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1175 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 689 2198 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* SAGoldberg@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

April 5, 2021

**VIA ECF**

The Honorable Thomas Vanaskie
Special Master
Stevens & Lee

      Re:    <u>In re Valsartan, Losartan, and Irbesartan Products Liability Litigation</u>
              Case No. 1:19-md-02875-RBK-JS

Dear Judge Vanaskie:

As Your Honor requested, set forth below are the discovery disputes that have previously been brought to the Court's attention, and that are not yet resolved:

**1.    ZHP Confidentiality Designations**

The only dispute regarding ZHP discovery that has been previously brought to the Court's attention and that has yet to be resolved pertains to the ZHP Parties' confidentiality disputes. The ZHP Parties' Motion to Seal was fully briefed on Monday, March 8, 2021 ([ECF 1003](#)). A decision on this Motion will resolve any issues that Plaintiffs have or may raise regarding the ZHP Parties' confidentiality designations, including (1) Plaintiffs' February 1, 2021 request to de-designate an additional 43 documents Plaintiffs intended to file as exhibits to their opposition to the ZHP Parties' motion for a protective order (which were not specifically identified in the Motion to Seal,

![DuaneMorris]

April 5, 2021
Page 2

but will be impacted by the Court's order); and (2) Plaintiffs' blanket objections to the confidentiality designations for the exhibits and/or deposition transcripts of John Iozzia, Lijie Wang, and Remonda Gergis.

On March 11, 2021, the ZHP Parties requested that any deadlines for motions to seal be held in abeyance until the Court issues its decision on the pending Motion to Seal, and Judge Vanaskie agreed.

Since the parties' March 11 conference before Judge Vanaskie, on March 23, 2021, Plaintiffs requested that the ZHP Parties agree to de-designate ZHP02419501. The ZHP Parties proposed to meet and confer on this issue on March 24, 2021. To date, Plaintiffs have not proposed times to meet and confer.

**2.  Mylan Discovery Disputes**

The only discovery-related dispute between Mylan and Plaintiffs that has previously been raised with the Court and has not yet been resolved relates to the approximately 4,200 documents that Plaintiffs contend have been improperly withheld by Mylan as non-responsive. At the Court's request (ECF 1074), Mylan provided a random sample set selected from those documents for the Court's *in camera* review. Mylan awaits further instruction from the Court with regard to this issue. The Court has set a conference for Wednesday, April 7, 2021 to further discuss this issue.

**3.  Hetero Discovery Disputes**

Defendants Hetero Drugs Ltd. and Hetero Labs Ltd. (collectively, "HLL") are engaged in ongoing discussions with Plaintiffs regarding the production of documents requested by Plaintiffs that were not included in HLL's prior document productions. At this time, HLL is continuing to work cooperatively with Plaintiffs to furnish the documents requested in order to proceed with depositions of HLL's witnesses. HLL has made significant progress in addressing Plaintiffs'

DuaneMorris

April 5, 2021
Page 3

concerns, and does not object to the requests made by Plaintiffs. Accordingly, HLL will continue to work in good faith to furnish all remaining documents requested by Plaintiffs, and respectfully submits that this issue does not require judicial intervention at this time.

**4.    Aurobindo Discovery Disputes**

The only outstanding Aurobindo discovery dispute is the third-party subpoenas directed to Meridan Consulting, and ToxRox Consulting, LLC. Initially, the Aurobindo parties filed a Motion to Quash/Motion for Protective Order as these subpoenas seek documents protected by the attorney-client privilege and the work product doctrine. *See* ECF 608, 652. Plaintiffs responded (*see* ECF 705), and the Honorable Joel Schneider heard argument on January 5, 2021, but issued no ruling. Rather, Judge Schneider provided guidance regarding the myriad of other third-party subpoenas. *See* ECF 713, the rulings of which are incorporated by reference herein.

After the January 5, 2021, hearing, the Aurobindo parties and the Plaintiffs reached an agreement wherein the Aurobindo parties would review the Meridan Consulting and ToxRox Consulting, LLC documents, and make withholdings based upon the attorney-client privilege and the work product doctrine. The Aurobindo parties then produced these documents subject to appropriate designations. The Plaintiffs then challenged the designations, the issue was briefed (*see* ECF 1011, 1012, 1016), and Your Honor heard argument on March 10, 2021. *See* ECF 1022. Then, on March 24, 2021, Your Honor sought to clarify a few matters related to this issue, and heard another brief argument. *See* ECF 1076.

As this matter is fully briefed, the Aurobindo parties request Your Honor Order that these documents were properly withheld as protected by the attorney-client privilege and/or the work product doctrine. Alternatively, the Aurobindo parties request that Your Honor Order that these documents are drafts, and are outside the scope of Judge Schneider's January 5, 2021 ruling.

DuaneMorris

April 5, 2021
Page 4

                                                Respectfully submitted,

                                                */s/ Seth A. Goldberg*

                                                Seth A. Goldberg

cc:    Adam Slater, Esq. (*via email*, *for distribution to Plaintiffs' Counsel*)
        Jessica Priselac, Esq. (*via email*, *for distribution to Defendants' Counsel*)
        Sarah Johnston, Esq. (*via email*)
        Jeffrey Geoppinger, Esq. (*via email*)
        Lori G. Cohen, Esq. (*via email*)
        Clem C. Trischler, Esq. (*via email*)