# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation | MDL No. 2875 <br><br> Civil No. 19-2875 (RBK/JS) <br><br> Honorable Robert B. Kugler, District Court Judge |
| This document relates to: *all cases* | Honorable Joel Schneider, Magistrate Judge |

## STIPULATED CONDITIONAL ORDER OF DISMISSAL WITHOUT PREJUDICE AND COMMENSURATE TOLLING OF STATUTE OF LIMITATIONS TO INCLUDE LOSARTAN AND IRBESARTAN ("STIPULATED DISMISSAL ORDER FOR LOSARTAN AND IRBESARTAN")

**WHEREAS** the Court instructed the Parties to address the dismissal without prejudice of certain defendants ("Peripheral Defendants") whose presence as a party currently has been deemed not to be critical to the MDL;

WHEREAS since the entry of the Stipulated Conditional Order of Dismissal Without Prejudice and Commensurate Tolling of Statute of Limitations, along with CMO No. 15, both of which covered only valsartan-containing drugs, the JPML has expanded the scope of this MDL to include actions involving losartan-containing drugs and actions involving irbesartan-containing drugs, thereby warranting the entry of a Stipulated Dismissal Order for Losartan and Irbesartan and CMO 15-A (collectively "Two New Orders").

**WHEREAS** these Two New Orders are not intended to replace or alter the terms of the Stipulated Conditional Order of Dismissal Without Prejudice and Commensurate Tolling of Statute of Limitations or CMO No. 15.

**WHEREAS** nothing in either of these Two New Orders modifies the rights and obligations of the defendants who have been dismissed pursuant to the terms of the Stipulated Conditional Order of Dismissal Without Prejudice and Commensurate Tolling of Statute of Limitations and CMO No. 15.

**WHEREAS** the Peripheral Defendants for purposes of the losartan and irbesartan litigation may be subdivided into "Retailer Defendants" and "Non-Retailer Defendants" as follows (collectively, "Peripheral Defendants"):

| Non-Retailer Defendants | AvKARE, Inc. |
|---|---|
| A-S Medication Solutions LLC | |

Golden State Medical Supply, Inc. (GSMS)
Heritage Pharmaceuticals, Inc. d/b/a Avet Pharmaceuticals
HJ Harkins Co., Inc. dba Pharma Pac
The Harvard Drug Group, LLC
Major Pharmaceuticals
Legacy Pharmaceutical Packaging, LLC

Preferred Pharmaceuticals, Inc.
Remedy Repack, Inc.

<u>Retailer Defendants</u>
Throggs Neck Pharmacy

**WHEREAS** the Peripheral Defendants are currently named in cases pending in the MDL alleging claims in connection with losartan-containing drugs and/or irbesartan-containing drugs manufactured using API sourced from manufacturers that have issued a product recall in the United States ( "LCDs" and "ICDs" respectively);

**WHEREAS** the Plaintiffs Executive Committee has stipulated that each of the Peripheral Defendants may be dismissed without prejudice from this MDL provided that each such Peripheral Defendant agrees to answer the questions and produce the materials described below and stipulates to the tolling of the statute of limitations as set forth herein;

**WHEREAS** the Peripheral Defendants have similarly stipulated that the statute of limitations shall be tolled as set forth herein if they answer the questions and produce the specified materials described below to the Court's satisfaction and are so dismissed without prejudice in accordance with this Order;

**WHEREAS** Plaintiffs Executive Committee believe they do not yet have sufficient information to determine when the contamination in the LCDs and ICDs began. To that end, the Parties have agreed to use January 1, 2012 as the start date for the Relevant Time Period for the discovery outlined herein. To the extent Plaintiffs later obtain information which reveals that the alleged contamination began earlier, Plaintiffs will meet and confer with any Peripheral Defendant who sold, labeled, repackaged, or distributed the drugs in question to request that such Peripheral Defendant supplement its production to encompass a date range of one year prior to the earliest evidence of contamination. If the Parties disagree that the information reveals an earlier start date to the contamination for drugs sold to or by the Peripheral Defendant, they will address the issue with the Court at the next Case Management Conference or Discovery Conference (whichever comes first).

**NOW THEREFORE, IT IS ORDERED** that any of the Non-Retailer Defendants who desire to be dismissed without prejudice pursuant to this Order shall produce to the Plaintiffs Executive Committee for distribution to Plaintiffs the following information and documents:

1. Non-Retailer Defendant Name.
2. Name, Address, and E-mail Address for Non-Retailer Defendant's Attorney(s).

3. A corporate disclosure statement in accordance with Fed. R. Civ. P. 7.1.
4. A full copy of any insurance policy (primary or excess) potentially applicable to any claims currently pending in the MDL against the Non-Retailer Defendant as of the date the documents are served, as well as any related documents such as reservations of rights letters, or denials of coverage.
5. Copies of contracts the Non-Retailer Defendant held or holds with other Defendants in its LCD and/or ICD distribution chain(s) applicable to any claims currently pending in the MDL against the Non-Retailer Defendant from January 1, 2012 to the present.
6. Full copies of any subrogation or indemnification agreements (not included in item 5) applicable to any claims currently pending in the MDL against the Non-Retailer Defendant as of the date the documents are served.
7. Documents sufficient to show the price the Defendant paid for LCDs and/or ICDs from January 1, 2012 to the present. The Defendant may satisfy this obligation by providing pricing information in the aggregate in a format acceptable to Plaintiffs Liaison Counsel.
8. A copy of any report or other documentation in the possession, custody, or control of the Non-Retailer Defendant describing the findings of any inspection of such Non-Retailer Defendant's facilities related to LCDs and/or ICDs, and any correspondence the Non-Retailer Defendant had with the FDA concerning such inspection for the period January 1, 2012 to the present.
9. A copy of any report or other documentation in the possession, custody, or control of the Non-Retailer Defendant describing the findings of any inspection of any API manufacturer's facilities, or finished drug manufacturer's facilities related to LCDs and/or ICDs for the period of January 1, 2012 to the present.
10. All correspondence the Non-Retailer Defendant has had with the FDA relating to recalled or contaminated[1] LCDs and/or ICDs from January 1, 2017, to the present.
11. A list of all sources or entities through which the Non-Retailer Defendant obtained LCDs and/or ICDs from January 1, 2012 to the present. For each such source, the list shall include the (i) entity name, (ii) entity's address (if known), (iii) date range during which LCDs and/or ICDs were obtained, (iv) total quantity of LCDs and/or ICDs purchased from this entity on an annual basis, (v) the total cost of the LCDs and/or ICDs purchased from this entity on annual basis and (vi) all lot numbers obtained from the entity from January 1, 2012 to the present. ("Recall Period").
12. A list of all entities to which the Non-Retailer Defendant supplied LCDs and/or ICDs from January 1, 2012 to the present. For each such entity, the list shall include the (i) entity name, (ii) entity address (if known), (iii) date ranges during which LCDs and/or ICDs were supplied; (iv) lot numbers of all lots of LCDs and/or ICDs supplied to the entity by the Non-Retailer Defendant.

---

[1] The terms "recalled or contaminated" is to be broadly defined, as the FDA continues to issue recall notices. Therefore, this term shall encompass any LCDs and/or ICDs supplied by any entity that has recalled any LCDs and/or ICDs or manufactured, supplied, or sold contaminated LCDs and/or ICDS even if not recalled, even if not supplied directly to the Defendant in question.

**IT IS FURTHER ORDERED** that any of the Retailer Defendants who desire to be dismissed without prejudice pursuant to this Order shall produce to the Plaintiffs Executive Committee for distribution to Plaintiffs the following information and documents:

1. All information and documents called for in Items 1 through 11 of the above-listed items.

**IT IS FURTHER ORDERED THAT** each such Peripheral Defendant shall certify in writing to Plaintiffs Executive Committee that the Peripheral Defendant has completed its production, when it has done so and that the Peripheral Defendant shall identify the Bates ranges of documents responsive to each request to facilitate an expedited review of the documents produced;

**IT IS FURTHER ORDERED THAT** the Plaintiffs Executive Committee, within 30 days of receiving the written certification of completion, shall cause to be filed a Notice of Voluntary Dismissal Without Prejudice (in the form attached to this Order as Exhibit A) as to all valsartan-related claims, losartan-related claims and/or irbesartan-related claims and/or cases pending in this MDL against the Peripheral Defendant or shall meet and confer with counsel for the Peripheral Defendant regarding any alleged deficiencies in the production, which dispute, if necessary, shall be resolved by the Court.

**IT IS FURTHER ORDERED THAT** the statutes of limitations and/or repose for losartan-related claims and/or irbesartan-related claims and/or cases pending in this MDL on the date the Notice of Voluntary Dismissal Without Prejudice is entered shall be tolled as to any Peripheral Defendant that has utilized the procedures set forth in this Order from the date on which such Notice of Voluntary Dismissal Without Prejudice is filed.

**IT IS FURTHER ORDERED THAT** the statutes of limitations and/or repose for losartan-related products liability claims and/or irbesartan-related products liability claims and/or cases filed after the date on which the Notice of Voluntary Dismissal Without Prejudice is entered shall be tolled as to any Peripheral Defendant that has utilized the procedures set forth in this Order from the date on which such Peripheral Defendant receives Notice from any person asserting a claim that the person has a claim against the Peripheral Defendant that the person would have brought against the Peripheral Defendant, but for the existence of this Order and the tolling mechanism provided for herein. Pursuant to CMO 13-B, Short Form Complaint, section II (1.) the Notice provided for in this paragraph will be incorporated into the Short Form Complaint.

**IT IS FURTHER ORDERED THAT** each Peripheral Defendant expressly reserves and does not waive its right to assert that the statute of limitations, repose, laches or other equitable defenses expired prior to the date of the filing of the Notice of Voluntary Dismissal Without Prejudice, nor does the Plaintiffs Executive Committee waive its right to assert that the statute of limitations, repose, laches or other equitable defenses did not expire prior to the date of the filing of the Notice of Voluntary Dismissal Without Prejudice.

**IT IS FURTHER ORDERED THAT** any Peripheral Defendant who is voluntarily dismissed pursuant to this Order and who has already been served pursuant to FRCP 4 with any Summons and Complaint pending in the MDL shall appoint counsel of record pursuant to their

response to Question 2 to receive notices and service through BrownGreer's portal and that this counsel shall be authorized to accept service on behalf of the Peripheral Defendant.

**IT IS FURTHER ORDERED THAT** no Peripheral Defendant who is voluntarily dismissed under the procedures set forth in this Order shall be named in any action filed in this MDL, unless, at least 60 days prior to naming or re-naming such Peripheral Defendant, plaintiffs, through Plaintiffs Executive Committee, shall notify counsel of record for the Peripheral Defendant in writing of the intent to name or re-name the Peripheral Defendant and participate in a meet and confer on whether inclusion of the Peripheral Defendant is in fact necessary or proper. Plaintiffs' failure to certify that they provided timely notice and attempted to meet and confer on these issues will result in automatic dismissal without prejudice of newly filed complaints or denial of leave to amend existing complaints naming such Peripheral Defendant.

**IT IS FURTHER ORDERED THAT** the tolling period described herein shall continue as to each individual case subject to it until thirty days after any individual case subject to the tolling agreement has been settled, dismissed or disposed or in any other fashion, regardless of whether the case is or was a part of the MDL, or until thirty days after the Plaintiffs' Executive Committee terminates this agreement as to any individual defendant pursuant to the foregoing paragraph.

**SO ORDERED** this 31st day of March, 2021.

HON. ~~KAREN M. WILLIAMS~~ Robert B. Kugler
UNITED STATES ~~MAGIS~~TRATE JUDGE
District