| | | |
|---|---|---|
| NEW YORK | **Duane Morris®** | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | SETH A. GOLDBERG | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1175 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 689 2198 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* SAGoldberg@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | *www.duanemorris.com* | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

April 6, 2021

<u>**VIA ECF**</u>

The Honorable Thomas Vanaskie
Special Master
Stevens & Lee

      Re:    <u>**In re Valsartan, Losartan, and Irbesartan Products Liability Litigation**</u>
               Case No. 1:19-md-02875-RBK-JS

Dear Judge Vanaskie:

      The ZHP Parties submit this letter to respond to factual inaccuracies in Plaintiffs' April 6, 2021 Letter to the Court ([ECF 1117](#)).

**1.  State Secret Log Meet and Confer Status**

      As ordered by the Court, counsel for ZHP participated in a 4.5 hour on-the-record meet and confer with Plaintiffs on March 26, 2021 regarding its state secret withholding and redaction logs. *See* Exhibit A (Meet and Confer Transcript).

      During the meet and confer, counsel discussed the documents on the state secret logs in detail and agreed to confirm instances in which documents were duplicative. Counsel for ZHP did not agree to re-review the documents to identify "factual information," documents mentioning non-Chinese regulatory documents, or documents discussing press coverage appearing on the

DUANE MORRIS LLP
30 SOUTH 17TH STREET  PHILADELPHIA, PA 19103-4196       PHONE: +1 215 979 1000  FAX: +1 215 979 1020

DuaneMorris

April 6, 2021
Page 2

internet.  In fact, during the hours-long meet and confer, ZHP's counsel provided ample information about the nature of each document's content, including where facts pertaining to non-Chinese regulatory investigations and internet coverage were discussed.[1]  During the March 31, 2021 Case Management Conference, counsel for ZHP noted that he did not agree to the various categories of information sought by Plaintiffs in their letter dated March 30, 2021 ([ECF 1083](ECF 1083)), but would provide information to identify the documents potentially subject to a motion to compel. 03/31/21 Hrg. Tr. at 43:6-10 ("I don't know that we have agreement on all four categories, but I think we'll be able to clear up the issues and isolate for Your Honor any documents that would be potentially subject to a motion to compel.").  Counsel for ZHP provided this information by letter on April 1, identifying **28 non-duplicative documents** still in dispute.  *See* Exhibit B.

    This population of 28 documents represents a substantial winnowing of the original state secret log population. Since initially serving their state secret logs on December 30, 2020, the ZHP Parties have worked with three Chinese law firms to continually streamline the population of state secret documents.  Though originally 335 documents appeared on the logs, through re-review and de-designations, the ZHP Parties have been able to narrow the population of documents withheld and redacted due to Chinese state secret law to 91 documents.  The ZHP Parties have also identified the documents Plaintiffs agreed not to challenge in the course of the Parties' productive meet and confer and also identified duplicative documents.  Accordingly, the ZHP Parties have provided

---

[1] The fact that a document contains facts, discussion of non-Chinese investigations, or internet coverage is not dispositive of its status under Chinese state secret law.  Plaintiffs have not retained Chinese counsel and have no basis to interpret Chinese law to challenge the withholding of such documents.

DuaneMorris

April 6, 2021
Page 3

ample answers regarding the documents appearing on their state secret logs and would respond to a motion to compel if Plaintiffs believe such motion is warranted.

   2. **Plaintiffs' Challenges to the ZHP Parties' Privilege Claims**

Plaintiffs' challenges to the ZHP Parties' privilege designations are not ripe for any action by the Court. Foremost, Plaintiffs misstate the status of the Parties' communications on these issues. In their haste to present this issue to the Court, Plaintiffs have overlooked the fact that the ZHP Parties have responded to both Plaintiffs' March 6 and March 18, 2021 communications challenging certain privilege designations. *See* Exhibit C (March 9, 2021 Letter responding to privilege challenges and enclosing document production) and Exhibit D (March 25, 2021 Email responding to privilege challenges, agreeing to de-designate certain documents, and asking to arrange a meet and confer call). Indeed, the ZHP Parties have produced some of the very documents discussed in Plaintiffs' April 6 letter to the Court (ECF 1117) and have provided additional information to facilitate further discussion of the other challenged documents.

Further, the ESI Protocol entered in the case provides that a party should bring a privilege challenge to the Court only after the parties have met and conferred. CMO No. 8 at 18 ("If a party challenges a request for further information, the parties shall meet and confer to try to reach a mutually agreeable solution."); *see also* L.R. 37.1(a)(1) ("Counsel shall confer to resolve any discovery dispute.").

Moreover, when discussing the matters to be included in the Parties' discovery issue letters this week, the Court made clear that the letters should address only "discovery disputes that have already been brought to the Court's attention and not yet resolved." 03/31/21 Hrg. Tr. at 53:19-24 ("MR. GOLDBERG: Absolutely, Your Honor. I just wanted to be clear, we're talking about

DuaneMorris

April 6, 2021
Page 4

discovery disputes that are -- when you say outstanding, these are discovery disputes that have already been brought to the Court's attention and not yet resolved? JUDGE VANASKIE: Correct.").

  In accord with the ESI Protocol and Local Rule 37.1, Plaintiffs should review ZHP's communications on the privilege challenges and meet and confer prior to bringing these issues to the Court.

                Respectfully submitted,

                */s/ Seth A. Goldberg*

                Seth A. Goldberg

cc: Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
   Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
   Sarah Johnston, Esq. (*via email*)
   Jeffrey Geoppinger, Esq. (*via email*)
   Lori G. Cohen, Esq. (*via email*)
   Clem C. Trischler, Esq. (*via email*)

DuaneMorris