# Exhibit D

**Schwartz, Barbara**

| | |
|---|---|
| **From:** | Schwartz, Barbara |
| **Sent:** | Thursday, March 25, 2021 8:13 PM |
| **To:** | 'Layne Hilton' |
| **Cc:** | Adam Slater; Cheryll Calderon; valpec@kirtlandpackard.com; Ashleigh Raso; Goldberg, Seth A. |
| **Subject:** | RE: In re Valsartan, Losartan and Irbesartan - ZHP Privilege Log Challenges |
| **Attachments:** | 03-09-2021 Cover Letter Regarding Document Production Volumes SOLCO015 and PRINSTON030.pdf |

Layne,

Contrary to your email, we did respond to your March 6, 2021 email and also produced documents raised in your email. I am attaching the letter responding to that email to this response.

In your March 18, 2021 email, the three documents you characterize as "drafts of documents created in the ordinary course of business" are attorney client communications. Each of **CTRL00000669**, **CTRL00000670,** and **CTRL00000761** is a draft document containing confidential attorney-client communications from the Jun He law firm in the form of comments providing legal advice regarding a supply agreement. Accordingly, ZHP maintains its privilege claims over these documents.

Two of the specific documents you reference as "confidential information needed to render legal advice with Alan Klein regarding compliance issues," are, on their face, attorney-client communications, and the ZHP Parties maintain their privilege claims over these documents:

- **CTRL00001179** is an email from Isabel Li of Prinston to Prinston's outside counsel, Alan Klein. The email is providing confidential information needed to render legal advice regarding contract issues.

- **CTRL00000378** is an email from Xavier Tang of ZHP to ZHP's outside counsel, Lincoln Tsang. The email is providing confidential information needed to render legal advice regarding contract issues.

Prinston will withdraw its privilege claims over the following documents:

CTRL00001363
CTRL00001505
CTRL00001511
CTRL00001516
CTRL00001517
CTRL00001504
CTRL00001506
CTRL00001508
CTRL00001509
CTRL00001510
CTRL00001512
CTRL00001513
CTRL00001515
CTRL00001518
CTRL00001519
CTRL00001520

1

CTRL00001522
CTRL00001526
CTRL00001523
CTRL00001530

The majority of the documents in the list directly above, however, are non-responsive documents relating wholly to products other than valsartan and valsartan hydrochlorothiazide and fall under the Parties' agreement that documents relating wholly to products other than valsartan may be withheld. Prinston will produce the documents in this set to the extent they relate to valsartan or valsartan hydrochlorothiazide.

Regarding your request that the ZHP Parties provide additional information regarding "litigation regarding regulatory issues," I think that a short phone call would be useful to clarify the request. I am available on Monday at 10 a.m. Eastern – please let me know if you are able to speak at the time.

Regards,

Barbara

**Barbara A. Schwartz**
Associate

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
**P:** +1 215 979 1871
**F:** +1 215 689 4924

BASchwartz@duanemorris.com
www.duanemorris.com

---

**From:** Layne Hilton <l.hilton@kanner-law.com>
**Sent:** Thursday, March 18, 2021 7:22 PM
**To:** Goldberg, Seth A. <SAGoldberg@duanemorris.com>; Priselac, Jessica <JPriselac@duanemorris.com>; Schwartz, Barbara <BASchwartz@duanemorris.com>; Hill, Coleen W. <CWHill@duanemorris.com>
**Cc:** Adam Slater <ASlater@mazieslater.com>; Cheryll Calderon <ccalderon@mazieslater.com>; valpec@kirtlandpackard.com; Ashleigh Raso <araso@meshbesher.com>
**Subject:** Re: In re Valsartan, Losartan and Irbesartan - ZHP Privilege Log Challenges

Counsel:

I am following up on the below. ZHP has not provided any response to Plaintiffs' inquiry regarding the documents we identified in our March 6, 2021, email.

In the intervening time while waiting to hear from ZHP regarding these documents, Plaintiffs have identified several more categories of documents which do not appear to be privileged.

First, Plaintiffs challenge the privilege of the following documents on the basis that ZHP erroneously withheld attachments to emails that appear to be drafts of documents kept in the ordinary course of business (i.e., draft supply agreements). Drafts of documents created in the ordinary course of business cannot be considered privileged, even if they are attached to an email which may or may not contain attorney client communications. These documents include:
- CTRL00000669
- CTRL00000670
- CTRL00000761

ZHP has also withheld a series of documents created from 2015-2017 on the basis these documents are "confidential information needed to render legal advice with Alan Klein regarding compliance issues." On the face of ZHP's own

2

description these documents are neither include attorney-client communications, nor are they work-product prepared in anticipation of litigation. ZHP cannot withhold underlying factual information simply because that underlying factual information was provided to an attorney during the ordinary course of business. These documents include:

- CTRL00001505
- CTRL00001511
- CTRL00001516
- CTRL00001517
- CTRL00001504
- CTRL00001506
- CTRL00001508
- CTRL00001509
- CTRL00001510
- CTRL00001512
- CTRL00001513
- CTRL00001515
- CTRL00001518
- CTRL00001519
- CTRL00001520
- CTRL00001522
- CTRL00001526
- CTRL00001179
- CTRL00001523
- CTRL00000378
- CTRL00001530

Plaintiffs have also observed that ZHP is in the practice of withholding documents which appear to contain underlying drafts of regulatory documents on the basis that it is "work product" because ZHP claims these draft documents have been prepared "in anticipation of litigation regarding regulatory issues." These documents appear to span many years, beginning as early as 2011 and continuing until 2017. ZHP cannot credibly argue they were anticipating a litigation for that period of time. Either the lawsuit was eventually filed, or it was not. As such, Plaintiffs ask that ZHP identify, with specificity and case information, the litigation to which they refer when they say "litigation regarding regulatory issues." Plaintiffs must have this information to properly assess the veracity of ZHP's work-product claim.

Best,

Layne

**From:** Layne Hilton <l.hilton@kanner-law.com>
**Date:** Saturday, March 6, 2021 at 11:26 AM
**To:** Seth Goldberg <SAGoldberg@duanemorris.com>, "JPriselac@duanemorris.com" <JPriselac@duanemorris.com>, "BASchwartz@duanemorris.com" <BASchwartz@duanemorris.com>, "Hill, Coleen W." <CWHill@duanemorris.com>
**Cc:** Adam Slater <ASlater@mazieslater.com>, Cheryll Calderon <ccalderon@mazieslater.com>, Valsartan PEC <valpec@kirtlandpackard.com>, Ashleigh Raso <araso@meshbesher.com>
**Subject:** In re Valsartan, Losartan and Irbesartan - ZHP Privilege Log Challenges

Counsel:

I write regarding the ZHP entities' Privilege Log. While Plaintiffs' analysis of the privilege log has been hampered by ZHP's vague descriptions, and delayed production of identifying information related to the persons on the privilege log,

3

Plaintiffs nevertheless have begun the process of identifying withheld documents which appear to be non-privileged in whole or in part.

As a threshold matter, Plaintiffs have observed many instances where entirety of emails and attachments have been withheld, when it is obvious that some portion of the email is not privileged. As ZHP is no doubt aware, underlying facts contained in documents are never privileged. *In re Human Tissue Prod. Liab. Litig.,* 255 F.R.D. 151, 164 (D.N.J. 2008). Indeed, the ESI Protocol dictates that in a situation where "all lesser-contained e-mails are not independently privileged, **the topmost email thread must be redacted rather than withheld**." D.E. 127 at p. 17 (emphasis added).

Additionally, ZHP appears to be classifying entries as "attorney-client communications," when they actually appear to be drafts of documents created during the ordinary course of business. Even if ZHP were claiming these documents were work-product and consequently privileged, that argument would also fail. Attorney-work product is only privileged if prepared in anticipation of litigation. *Conoco, Inc. v. U.S. Dept. of Justice*, 687 F.2d 724, 730 (3d Cir.1982). Moreover, to constitute as attorney work-product, the material at issue has to have been produced because of the prospect of litigation and for no other reason. *Id.*

In preparing for the forthcoming deposition of Hai Wang, Plaintiffs have identified the following documents which Plaintiffs believe actually are non-privileged documents:

- CTRL00001489-CTRL0000190: This document, an email with an attachment sent on September 12, 2014 to only non-legal Prinston employees, is described as an "email reflecting confidential attorney-client communications with Vincent Capuano regarding compliance issues."
    - On the face of the entry, there are no attorneys participating in this communication. As such, it strains credulity that the entirety of the email contains attorney-client communications. Even if, *arguendo*, some of the email conveys attorney client communications, Plaintiffs are entitled to receive a redaction version of the document for all parts of the email that are not attorney-client communication.
    - As to the attachment to the email, (titled "Notice Letter"), ZHP has not identified any litigation to which this document was prepared. Moreover, around September 2014, Prinston was responding to a deficiency letter from the FDA regarding ZHP's practice of releasing API with reduced testing results. It appears as though the withheld family includes a draft response to this deficiency letter. It cannot be disputed that Plaintiffs are entitled to each and every draft of this ultimate response, and any documents related to this response. ZHP is only entitled to withhold attorney work product if it is prepared in the anticipation of litigation. Litigation was not reasonably anticipated at this time.
- CTRL00001077: This document, a word document titled, "ClarusONE - Solco Sourcing Framework Agreement (03-OCT-17).pdf" was authored on November 9, 2017. ZHP Claims this document is an "agreement prepared in the course of litigation regarding pending litigation."
    - However, this document was actually authored on November 9, 2017. Litigation was not pending, or even reasonably foreseeable at that time. Plaintiffs are entitled to production of this contract.
- CTRL00001084: This Document, an email sent on July 27, 2018 to only non-legal Prinston employees, is described as an "email reflecting confidential attorney-client communications with Alan Klein regarding regulatory issues." The email appears to be a forward of an email that says FDA latest release.
    - On the face of the entry, there are no attorneys participating in this communication. Moreover, the entry appears to forward information regarding an FDA release. Plaintiffs are entitled to receive any underlying facts contained in the email (including the underlying facts of what the FDA was saying).
- CTRL00001065, CTRL00001065, CTRL0000106: This series of withheld emails were sent on August 16, 2018 and August 17, 2018, and bear the subject line "Another incorrect Valsartan article."
    - On the fact of the entry, the email appears to be about a published article, which is not privileged at all. Plaintiffs are entitled to all underlying facts contained in this email.
- CTRL00001068, CTRL00001069-70: This series of withheld emails were sent on August 15, 2018, and bear the subject line "Bloomberg Article"
    - On the face of the entry, the email appears to be about a published Bloomberg Article, which is not privilege at all. Plaintiffs are entitled to all underlying facts contained within this email.

4

- CTRL00001496: This is a PDF document titled "FDA Recall News 2018-07-27" which is being withheld as work-product on the basis of "Press release forwarding information collected in anticipation of litigation regarding customer relations."
    - Work-Product privilege does not apply to public information without more. The entry for the item does not appear to include any impressions or notations of any attorney.

As Plaintiffs' review of the ZHP entities privilege logs continues, the foregoing is only meant to be demonstrative, and not an exhaustive of all privilege challenges Plaintiffs will make as preparations for depositions continue.

Plaintiffs ask that the above-identified documents be produced by Tuesday March 9, 2021.

Best,

Layne


Layne Hilton
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA  70130
(504) 524-5777 voice
(504) 524-5763  fax
www.kanner-law.com


_____
THIS EMAIL MESSAGE IS FOR THE SOLE USE OF THE INTENDED
 RECIPIENT(S) AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED
 INFORMATION.  IF YOU ARE NOT THE INTENDED RECIPIENT,
 PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY
 ALL COPIES OF THE ORIGINAL MESSAGE.  _____

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.