# Duane Morris®

*FIRM and AFFILIATE OFFICES*

| | |
|---|---|
| NEW YORK | SHANGHAI |
| LONDON | ATLANTA |
| SINGAPORE | BALTIMORE |
| PHILADELPHIA | WILMINGTON |
| CHICAGO | MIAMI |
| WASHINGTON, DC | BOCA RATON |
| SAN FRANCISCO | PITTSBURGH |
| SILICON VALLEY | NEWARK |
| SAN DIEGO | LAS VEGAS |
| LOS ANGELES | CHERRY HILL |
| TAIWAN | LAKE TAHOE |
| BOSTON | MYANMAR |
| HOUSTON | OMAN |
| AUSTIN | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | *OF DUANE MORRIS* |
| HO CHI MINH CITY | |
| | ALLIANCES IN MEXICO |
| | AND SRI LANKA |

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
*E-MAIL:* SAGoldberg@duanemorris.com

www.duanemorris.com

April 6, 2021

**VIA ECF & EMAIL**

Hon. Thomas I. Vanaskie
Special Master
Stevens & Lee, PC
1500 Market St., East Tower, Suite 1800
Philadelphia, PA 19103-7360
TIV@stevenslee.com

    Re:   *MDL No. 2875*

Dear Special Master Vanaskie:

    We write on behalf of the ZHP Parties to provide the information Your Honor requested during the April 1, 2021 hearing regarding whether Plaintiffs would be burdened by translating English-language deposition documents into the witnesses' native language when the witnesses do not speak or read English. As outlined herein, there is no undue burden associated with providing the ZHP Parties' witnesses deposition exhibits in a language they can comprehend because: 1) the cost associated with such translation is minimal, with machine translation available

DuaneMorris

April 6, 2021
Page 2

for as low as $0.12 per document; and 2) only a relatively small number of documents will require translation, as a large number of the English-language documents in ZHP's production have already been produced in Chinese or bilingual versions.

In the alternative, if Plaintiffs are not ordered to and choose not to translate English-language documents into Chinese for the depositions of witnesses who cannot read English, the ZHP Parties respectfully request that Your Honor enter an order limiting the prejudicial effect such questioning will have on the ZHP Parties' witnesses.

**I.       The Cost of Translating the Relatively Few Documents at Issue is Minimal and Should be Borne by Plaintiffs.**

The cost of translating documents is not an undue burden. For example, it is possible to obtain a machine-generated translation of a sizeable document (up to 200KB) in the cost range of $0.35-$0.55. If a machine translation then needs subsequent human translation editing, such services can be obtained in the range of $65.00-85.00 per hour. Human translation, which skips the machine translation step entirely, is available at a cost-per-word price of between $0.12 and $0.20 per word, depending on the vendor and length of the document.

Using these estimates, the cost of human translation (the most expensive level of translation) from English to Chinese of ZHP 203, an 18-page FDA regulatory

DuaneMorris

April 6, 2021
Page 3

filing entirely in English containing approximately 3,500 words, would be $420-$700.  Accordingly, even if Plaintiffs were required to translate 50 such documents for the remaining six ZHP Party witnesses who cannot read English (which is unlikely given how many Chinese versions of English documents exist in ZHP's production as discussed below), the total cost would only be between $21,000 and $35,000—a relatively small amount in comparison to the millions of dollars ZHP has incurred collecting, reviewing, and producing documents from more than 80 custodians.[1]

Further, these costs are among those courts have contemplated as having to be borne by Plaintiffs.  Notably, the United States Supreme Court has ruled that document translation fees are among the litigation costs that litigants should be expected to bear, just as they are expected to bear the costs for "attorneys, experts, consultants, and investigators." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012).  Specifically, in *Taniguchi*, the United States Supreme Court analogized "a document translator" to "an expert or consultant" in ruling that the losing party in

---

[1] As the Court has previously noted, the expenditure of resources in this litigation cannot be a one-way street, and Plaintiffs must have some "skin in the game." *See, e.g.*, 7-10-19 Hrg. Tr. at 23:24-24:4 (THE COURT: "Certainly in a Federal District case where – you know, I can just assume how much money [Plaintiffs are] going to ask for at the end of the day in this case, they've got skin in the game and they're going to have to do their homework . . .").

DuaneMorris

April 6, 2021
Page 4

a litigation shall not be taxed with the prevailing party's expenses for the translation of documents. *See id.* at 574 n.8 (finding that "a document translator is no more important than an expert or consultant in making sense of otherwise incomprehensible documentary evidence, yet expenses for experts and consultants are generally not taxable as costs" to the losing party in a litigation). Indeed, Plaintiffs have already retained translators to "help [them] to understand" the Chinese-language documents. *See* 4-1-21 Hrg. Tr. at 31:19-32:5 (MR. SLATER: "We have people – obviously Your Honor knows we have people who are helping us interpret the Chinese-language documents. . . . We have people who go through the documents and help us to understand what the Chinese language means so that we can ask questions about it[.]").

The fact that Plaintiffs are trying to minimize their document translation costs at the expense of fairness to the witnesses—who do not read English and cannot review the documents shown to them at depositions—is patently unfair. As such, courts have required the party noticing the deposition of a witness who does not read English to translate those exhibits to the witnesses' native language—regardless of where the deposition takes place. *See Dude v. Cong. Plaza, LLC*, 2019 WL 3937974, at *3 (S.D. Fla. Aug. 20, 2019) (noting that for a deposition of a German-speaking witness, the noticing party "will need to have documents translated and obtain a

DuaneMorris

April 6, 2021
Page 5

translator and court reporter whether the deposition occurs in this District or in Germany").

There is no reason that the Court should not order Plaintiffs to do the same here. The cost of translating documents for use in a deposition of a non-English speaking witness should be borne by Plaintiffs, just like the cost of translation of the documents from Chinese to English in order for Plaintiffs to be able to understand the ZHP Parties' productions. As noted by the Court during the April 1, 2021 hearing, "this is the consequence of our world economy and taking depositions of people the way – especially the way we're taking them now, having to use this remote technology." 4-1-21 Hrg. Tr. at 25:11-14.

## II. Plaintiffs Would Not Be Burdened By Using the Chinese Language or Bilingual Documents the ZHP Parties Produced.

Plaintiffs can further reduce their costs and save time during the depositions of Mandarin-speaking witnesses by questioning them using the Chinese language documents or bilingual documents the ZHP Parties produced, of which there is no shortage.

The ZHP Parties have produced more than **40,000 documents** that are primarily in Chinese. Notably, because of the nature of ZHP's business—a Chinese company doing business with companies around the world—many of the ZHP Parties' documents have been produced in both English and Chinese. Thus, several

DuaneMorris

April 6, 2021
Page 6

of the translation issues encountered during the deposition of Peng Dong brought to Your Honor's attention last week could have been easily avoided if Plaintiffs had simply taken the time to find and use the Chinese language versions of the exhibits in ZHP's production that contained the same information as the English language exhibits.

Specifically, eight English-language documents that were produced by the ZHP Parties (and are not publicly available) were used as exhibits during the deposition of Peng Dong. While Plaintiffs used the Chinese equivalent of two of the eight English-language documents (*i.e.*, ZHP 194 is the Chinese version of ZHP 195, and ZHP 198 is the Chinese version of ZHP 199), Plaintiffs used six English-language exhibits without a translation or Chinese-language equivalent. However, ***three of those six documents actually had exact or near duplicate versions in Chinese that were produced by ZHP*** and could have easily been used by Plaintiffs during the deposition of Peng Dong:[2]

---

[2] The three English-language exhibits used in the deposition of Peng Dong for which a Chinese equivalent was not produced (ZHP 202, ZHP 203, and ZHP 205) were English-language submissions to the FDA. To the extent Plaintiffs wish to question Chinese-speaking witnesses who do not read English regarding the contents of these limited number of regulatory filings, the burden to translate these documents or portions of these documents is minimal as discussed in Section I.

DuaneMorris

April 6, 2021
Page 7

| English-Language Exhibits Used in Deposition of Peng Dong | Corresponding Chinese Equivalent in ZHP's Production | Analysis |
|---|---|---|
| ZHP 213 (ZHP01435034) | ZHP00841028 | ZHP00841028 is an exact duplicate of ZHP 213. |
| ZHP 218 (ZHP01710580) | ZHP00063726 | ZHP00063726 is an exact duplicate of ZHP 218. |
| ZHP 220 (ZHP00476862) | ZHP01613178 | ZHP01613178 is a near duplicate and/or a later version of ZHP 220. |

In contrast to the documents used at Mr. Peng's deposition, the exhibits used during the deposition of Minli Zhang demonstrate the bilingual nature of the ZHP Parties' business and the bilingual documents they have produced. During Ms. Zhang's deposition, Plaintiffs were able to use bilingual versions of Standard Operating Procedures, Standard Management Procedures, deviation reports, and other similar ZHP documents in order to alleviate any need for translation at all. Specifically, 14 of the 31 exhibits used during the deposition of Minli Zhang were bilingual documents (ZHP 165, ZHP 166, ZHP 168, ZHP 169, ZHP 172, ZHP 173, ZHP 176, ZHP 182, ZHP 183, portion of ZHP 184 (bilingual deviation report), ZHP 185, ZHP 187, ZHP 188, ZHP 189). Three of 31 exhibits were Chinese-language documents that did not require translation for the Chinese-speaking witness (ZHP

DuaneMorris

April 6, 2021
Page 8

171, ZHP 186A, ZHP 190).[3]  Thus, the majority of the exhibits used in the deposition of Minli Zhang did not require translation at all.

### III. In the Alternative, the ZHP Parties Respectfully Request the Court Issue an Order That Will Prevent Additional Prejudice to the ZHP Parties.

If Your Honor does not order Plaintiffs to translate English-language documents into Chinese for the depositions of witnesses who cannot read English, the ZHP Parties respectfully request additional relief in light of the prejudicial effect such questioning will have on the depositions of their witnesses.[4]  Plaintiffs have been on notice for ***more than six months*** that certain ZHP Party witnesses would need Chinese language interpreters at their depositions and would not be able to read English-language exhibits.  *See, e.g.*, ECF No. 1102 at 7-9 (discussion regarding the need for advance translation of exhibits during November 24, 2020 conference).  If Plaintiffs continue to choose not to translate English-language exhibits for use in the depositions of Chinese-speaking witnesses who cannot read those exhibits, the Court must not reward Plaintiffs for their prejudicial deposition tactics.

---

[3] Notably, ZHP 186A was a document produced only in Chinese that Plaintiffs had translated for their own purposes in order to understand the document. The English-translated version was admitted by Plaintiffs as ZHP 186 and Plaintiffs' counsel provided the English-translation to all counsel.

[4] The ZHP Parties reserve their right to file formal motions for protective orders on this basis as set forth in their April 1, 2021 letter.  See ECF No. 1102.

DuaneMorris

April 6, 2021
Page 9

As recognized by Your Honor, it is unfair to depose a witness about a document that the witness is unable to read. *See* 4-1-21 Hrg. Tr. at 23:25-24:2 ("I am sensitive to the fact that a witness who is asked about a document and is unable to read it because it's not in a language they understand."); *id.* at 24:20 ("I think that's a matter of fairness."); *id.* at 30:13-31:1 ("I will conclude with this, saying that I am extremely sensitive to a witness who doesn't speak English being asked questions about documents that are only in English, that the witness doesn't have an opportunity to review. I mean, it's a pretty much standard practice when you're dealing with a single language to give the witness an opportunity to review the document."); *see also* 3-29-21 Hrg. Tr. 49:16-19 ("MR. GOLDBERG: "I think Your Honor would agree, a witness should not have to answer a question the witness does not understand." JUDGE VANASKIE: "Right."). Further, such differential treatment can be seen as rising to the level of discrimination against Chinese-speaking witnesses. *See* 4-1-21 Hrg. Tr. at 29:9-11 (MR. GOLDBERG: "[W]e cannot hold the Chinese witnesses to a different standard simply because of the language they speak."); *id.* at 23:18-22 (JUDGE VANASKIE: "They have the right to designate the person who's most knowledgeable. They don't have an obligation to designate somebody who speaks English or reads English, and so I see no

DuaneMorris

April 6, 2021
Page 10

problem. I would not expect them to designate two people, one who's got a familiarity with the English language and one who may not.").

If translations are not ordered to be given to deponents who cannot read English, it is evident that depositions cannot proceed in the manner of Mr. Peng's deposition. There, as the Court may recall, Plaintiffs' counsel chose to show Mr. Peng an English-language exhibit and ask him to confirm that "[t]his document was known to ZHP in 2011, and **ZHP knew <u>all the contents</u>, including the sentence I read**[.]" ECF No. 1102 at 12-13 (emphasis added). When the witness responded that he needed help "to point out . . . the sentence [Plaintiffs' counsel] just referred to" and then needed the translator to translate additional portions "to understand the background or context of this sentence in order to give [Plaintiffs' counsel] a response that's accurate[,]" *id.* at 13, Plaintiffs' counsel (1) stopped the deposition timer and (2) implied the witness would be stuck in Macau past the length of his temporary visa if he spent time translating that "really long paragraph." *Id.*

Accordingly, in the event that translations are not ordered and Plaintiffs still choose to prejudice the ZHP Party witnesses by not providing them with versions of the deposition exhibits that they can actually read and understand, the ZHP Parties respectfully request the following relief:

DuaneMorris

April 6, 2021
Page 11

- Time spent sight translating English-language exhibits for Chinese-speaking witnesses who do not read English will be counted against Plaintiffs' allotted questioning time;

- The questioning attorney is prohibited from making comments about the witnesses' ability to read English or prevent them from asking for assistance from the translator to translate English-language exhibits;

- ZHP's counsel shall be permitted to object to all English-language documents shown to the witness on the basis of foundation without commentary or counter-objection by Plaintiffs' counsel;

- The questioning attorney must accept the witnesses' conditional responses to questions about documents in which they are unable to fully review and move on; and

- The witnesses cannot be called back for a second deposition by Plaintiffs based on any argument for "good cause" surrounding any deposition complications caused by Plaintiffs' failure to provide the exhibits in the language in which the witness is able to read and understand.

*****

For the above reasons, the ZHP Parties reiterate their request for the Court to order that Plaintiffs use Chinese translations of English-language exhibits during the deposition of any Chinese-speaking witness that cannot read English.

Respectfully submitted,

/s/ Seth A. Goldberg

Seth A. Goldberg

DuaneMorris

April 6, 2021
Page 12

cc: Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
    Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
    Sarah Johnston, Esq. (*via email*)
    Jeffrey Geoppinger, Esq. (*via email*)
    Lori G. Cohen, Esq. (*via email*)
    Clem C. Trischler, Esq. (*via email*)

DM1\11930745.6