# Exhibit B

```
                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY


_____        CIVIL ACTION NUMBER:

IN RE:  VALSARTAN, LOSARTAN,
AND IRBESARTAN PRODUCTS             1:19-md-02875-RBK-KW
LIABILITY LITIGATION
                                    STATUS CONFERENCE
                                    (Via Zoom)
_____

        Monday, March 29, 2021
        Commencing at 3:00 p.m.

B E F O R E:        SPECIAL MASTER,
                    THE HONORABLE THOMAS I. VANASKIE

A P P E A R A N C E S:

    MAZIE SLATER KATZ & FREEMAN, LLC
    BY:  ADAM M. SLATER, ESQUIRE
    103 Eisenhower Parkway
    Roseland, New Jersey 07068
    For the Plaintiffs

    GOLOMB & HONIK PC
    BY:  RUBEN HONIK, ESQUIRE
    1835 Market Street, Suite 2900
    Philadelphia, Pennsylvania 19103
    For the Plaintiffs

    DUANE MORRIS LLP
    BY:  SETH A. GOLDBERG, ESQUIRE
         FREDERICK R. BALL, ESQUIRE
         JESSICA ANN PRISELAC, ESQUIRE
    30 S. 17th Street
    Philadelphia, Pennsylvania 19103
    For the Defendant, ZHP and the Joint Defense Group



            Karen Friedlander, Official Court Reporter
                  friedlanderreporter@gmail.com
                        (856) 756-0160

        Proceedings recorded by mechanical stenography;
    transcript produced by computer-aided transcription.
```

*United States District Court*
*Camden, New Jersey*

*1* apologize.

*2* My concern is an obvious one, which is, if counsel *3* knows that I get a couple shots to ask a direct question and *4* the witness just has to keep just answering evasively and *5* eventually I have to move on and it's a foundational fact *6* that's important, that really is very disruptive and it leaves *7* me with no, you know, no way through that.  It leaves me *8* without testimony that we need in order to progress the *9* testimony, either lay a foundation or whatever.

*10* I mean, I understand you're saying, if it's evasive, *11* it may be deemed admitted later.  But, you know, my view is *12* going to be -- and I'm trying to avoid this, believe it or *13* not, that the witnesses -- the normal motion would be I want *14* to continue the deposition, and for the benefit of the *15* defense, that motion is not going to be heard on an expedited *16* basis.

*17* We're not going to start bombing Your Honor with *18* motions to compel, you know, we're going to try to wait until *19* some critical mass point, and if there's -- then evaluate *20* what's necessary.  So I'm trying to avoid that.  I just *21* wouldn't want this to become a tactic, because if I have to *22* cut it off, they can block our ability to get important *23* testimony, just by acting that they don't understand the *24* question or answering evasively and we never get what we need *25* and what we fairly should be able to obtain.

*1*            JUDGE VANASKIE:  Well, I agree with you.  That, you

*2* know, it could be abused, this kind of approach that I've

*3* suggested, is subject to abuse, but I think we have enough --

*4*            MR. GOLDBERG:  Your Honor --

*5*            JUDGE VANASKIE:  Enough weapons -- please let me

*6* finish.  -- enough weapons in our arsenal of sanctions to say,

*7* if that happens, it is sanctionable conduct.

*8*            If a witness is being told that they don't have to

*9* answer a question that clearly should be answered, I think

*10* that could be the basis for sanctions.

*11*            You know, I don't know like to threaten sanctions,

*12* nobody does.  But I would like to get to a point where we have

*13* the matter move forward much more smoothly than I saw in the

*14* excerpts that were given to me, that accompanied

*15* Mr. Goldberg's letter and the transcript that you provided to

*16* me as well.

*17*            Mr. Goldberg, you wanted to be heard?

*18*            MR. GOLDBERG:  Yeah, Your Honor, I just wanted to --

*19* and I agree with you, I think that there are really good

*20* examples in the depositions taken by the other lawyers that

*21* you can ask questions and we don't have this problem of asked

*22* and answered, and I think that, you know, we'll certainly be

*23* mindful of what Your Honor is saying and we hope that

*24* Mr. Slater will, too.

*25*            I think the questioning of other counsel which is