**GOLDENBERGLAW**
PRODUCTS LIABILITY AND PERSONAL INJURY ATTORNEYS

April 7, 2021

**VIA ECF**

The Honorable Thomas I. Vanaskie (Ret.)
Special Master for Discovery
Stevens & Lee
1818 Market Street, 29th Floor
Philadelphia, PA 19103

Re:   In re Valsartan/Irbesartan/Losartan MDL

Dear Judge Vanaskie:

Plaintiffs write to request guidance from the Court regarding serving deposition notices for certain Aurobindo witnesses.

As the Court is aware, the Court recently denied Aurobindo's Motion for a Protective Order as to one of the witnesses whose deposition is presently at issue (Dr. A Ram Mohan Rao). ECF. No. 1106. Now that this deposition can proceed, Aurobindo has thrown up yet another roadblock in insisting that Plaintiffs serve Dr. Rao through the Hague Convention and in accordance with the Indian Code of Civil Procedure. Aurobindo further contends that this process is required pursuant to the Deposition Protocol. ECF No. 604-3, paragraph 7.

The Deposition Protocol requires fact witnesses to be served pursuant to the Hague Convention any time when Rule 45 service would normally be required for a witness in the US. However, the witnesses that are the basis for this dispute (Dr. Rao, as well as the three Lantech custodians,[1] who were selected by Aurobindo as the individuals with primary responsibility for contracting with Lantech, investigating the contamination issue, and performing due diligence on behalf of Aurobindo) should be served pursuant to Fed. R. Civ. P. 30(b)(1), not Rule 45.

A situation nearly identical to this one was raised by ZHP and was already addressed by the Court in Special Master Order No. 9. ECF No. 1061.

Per the Court's Order, the depositions of these witnesses may be sought pursuant to Fed. R. Civ. P. 30(b)(1), which permits the deposition of any specifically named officer, director, or managing agent and compel them to give testimony without subpoena. Hague service is not required under these circumstances.

As the Court discusses in its Order,

> a witness may be noticed for a deposition to provide testimony on behalf of a corporation if the witness is an officer, director or managing agent of the corporation." *See In re: Benicar(Olmesartan) Products Liab. Litig.*, No. 15-2606 (RBK/JS), 2016 WL 581762, at*3 (D.N.J. Oct 4, 2016) (citing *Campbell v. Sedgwick Detert, Moran & Arnold*, No. 11-642 (ES/SCM), 2013 WL 1314429, at *12 (D.N.J. Mar. 28, 2013)). If the corporate representative is not an officer, director, or managing agent, the witness

---

[1] The names of these witnesses are Mr. Kasava Reddy, Mr. Ashok Reddy, and Mr. Nagaraju.

must either be subpoenaed pursuant to Rule 45 or, where, as here, the witness is located outside of the United States, served in accordance with the provisions of The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

Special Master Order No. 9, ECF 1061, p. 3. The Court also provided helpful guidance on the factors used to determine whether a witness qualifies for service pursuant to Rule 30, rather than under Rule 45. *Id* at 5.

Only weeks ago, Aurobindo brought a motion asserting that Dr. Rao's deposition should not take place because he (according to Aurobindo) was an Apex witness. ECF. No. 1036. To take the position today that Dr. Rao needs to be served through the Hague because he is allegedly not an officer, director, or managing agent of the corporation is inconsistent with Aurobindo's own characterization of Dr. Rao's role at the company.[2]

Unfortunately, Aurobindo is also taking the same position as to the Lantech witnesses, Mr. Kasava Reddy, Mr. Ashok Reddy, and Mr. Nagaraju. As the Court knows, the recovered solvents sold by Lantech to Aurobindo are at the heart of the story of the contamination of Aurobindo's VCDs. Each of these custodians was selected by Aurobindo because they apparently were vested with authority from the company to perform important tasks related to Lantech. Mr. Kesava Reddy is a vice president and thus would also meet the definition of a managing agent of the company based on his job title alone, but he also apparently had authority to bind the company contractually when he signed the contract with Lantech on behalf of Aurobindo. Mr. Nagajaru and Mr. Ashkok Reddy were apparently the most knowledgeable individuals relating to the Lantech contamination issue and on providing technical specifications on behalf of Aurobindo to Lantech. Taking Aurobindo at its word that these truly are the most important individuals on these issues, all three should qualify for service pursuant to Rule 30.

By way of example, in the *Takata Airbag* case in the Southern District of Florida, the court opined as follows:

> whether a deponent is a managing agent does not depend on the witness' job title, but is determined by examining the witness' actual job responsibilities. *Procaps S.A.*, 2014 WL 352226, at *3. The term "managing agent" is not interpreted literally. 'Although employees of a corporation may not be managing agents regarding their everyday duties, they may still be managing agents about their testimony concerning their important activities in the underlying facts' or where their activities are closely linked with events giving rise to the lawsuit. *Id.* (citing *Magdalena v. Toyota Motor Corp.*, No. 12-20661-CIV, 2012 U.S. Dist. LEXIS 178666 (S.D. Fla. Dec. 12, 2012) (finding two inspectors of the vehicle at issue to be managing agents) ); *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 96 (S.D.N.Y. 1968); *Zurich Ins. Corp. v. Essex Crane Rental Corp.*, 90 CIV. 2263 (SWK), 1991 WL 12133, at *2 (S.D.N.Y. Jan. 29, 1991).

*In re Takata Airbag Products Liability Litigation*, 2017 WL 8812735, *3 (S.D. Fla. July 19, 2017).

Among facts that the Court in the *Takata* case found helpful in its analysis and its ultimate determination that an engineer could be deposed included the following:

1. Sending emails with detailed instructions
2. Being present at an airbag rupture event

---

[2] There is no requirement that a witness be an apex witness to qualify for Rule 30 service.

3. Sending an email posing follow up questions about an investigation report with instructions on additional testing that needs to be done.

*Id* at 3-6.

In that case, the court also found that while there may be colleagues more senior to the engineer who have knowledge concerning several issues key to the litigation: "Mr. Fukuda likely possesses unique information during a critical period regarding his statements shared to other colleagues, many of whom are unavailable according to Honda, including what he communicated and the basis of those concerns. Attach. 3 at 97, 99-101. Thus, Mr. Fukuda appears to be the best source of the information." *Id* at 7.

Based upon the case law and Aurobindo's contentions that Dr. A Ram Mohan Rao is an apex witness and that the three Lantech custodians are the most important individuals in this case to critical issues posed here and were vested with the company's authority to act on these issues, Plaintiffs request that the Court order Aurobindo to produce all four of these witnesses for depositions pursuant to Rule 30. Plaintiffs will be prepared to discuss this issue at the conference this afternoon. Alternatively, if the Court feels the issue is not ripe for today, Plaintiffs request an expedited hearing on this issue this Friday, April 9.

Sincerely,

Marlene Goldenberg

Counsel for Plaintiffs