# CIPRIANI & WERNER

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

JESSICA M. HEINZ, ESQ.
jheinz@c-wlaw.com

450 Sentry Parkway, Suite 200
Blue Bell, PA  19422

Phone:  (610) 567-0700
Fax:  (610) 567-0712

Visit us online at
www.C-WLAW.com

April 7, 2021

**Via ECF To:**

The Honorable Thomas Vanaskie
Special Master
Stevens & Lee
1500 Market Street, East Tower, 18th Floor
Philadelphia, PA 19103

> RE:  *In re Valsartan Products Liability Litigation*, U.S. District Court
> District of New Jersey, Camden Division, No. 1:19-md-02875

Dear Judge Vanaskie:

In advance of the April 7, 2021, hearing, the Aurobindo parties write to respectfully request Your Honor Order that Plaintiffs must comply with their *negotiated and agreed upon protocol* (ECF **604-3**) for deposing Indian nationals as it relates to the depositions of: (1) Mr. Kasava Reddy; (2) Mr. Ashok Reddy; (3) Mr. Nagaraju; and (4) Dr. A Ram Mohan Rao, none of whom have been designated as a 30(b)(6) witness. This protocol pertains to depositions of Indian nationals in their individual capacity. Throughout the protocol, there is reference to compliance with the Hague Evidence Convention. Plaintiffs contend that service under The Hague Convention is not necessary as these witnesses are subject to depositions under

Federal Rule of Civil Procedure 30(b)(1).[1] Furthermore, Plaintiffs' contention that, under the Deposition Protocol, Hague Service is only required for foreign nationals when Federal Rule of Civil Procedure 45 would control is incorrect. Rather, the addendum governing the deposition of Indian nationals is controlling in this matter, and under that addendum, Hague compliance is a requirement.

The parties negotiated and agreed upon the terms of the protocol for deposing Indian nationals. This agreement was memorialized in ECF 604-3, entitled Supplemental Protocols Governing Depositions of Indian Nationals Residing in India ("the protocol"). At paragraph 3, the protocol specifically states that the terms therein are additional and contemplates modification by The Hague Convention (The Convention on Taking of Evidence Abroad in Civil and Commercial Matters). Paragraph 4 contemplates modification of the Federal Rules of Civil Procedure requiring compliance with the provisions set forth in the Hague Convention and

---

[1] The parties met and conferred on this issue. During the meet and confer process, Plaintiffs did not reference SMO-9, discussed *supra*, in the initial meet and confer. Rather, Plaintiffs attested that these depositions are subject to Federal Rule of Civil Procedure 30(b)(1), and even went so far as to seek clarification from Aurobindo regarding compliance with the protocol for deposing Indian nationals in their individual capacity.

All four of the subject depositions were unilaterally Noticed. To this point, Dr. Rao's deposition was unilaterally Noticed while a Motion for Protective Order was pending. This is a clear violation of the Deposition Protocol, as Plaintiffs did not attempt to meet and confer regarding deposition dates for these witnesses. Now, Plaintiffs are again attempting to violate, or, at the very least, circumvent their negotiated and agreed upon protocol for deposing Indian nationals in their individual capacity.

April 7, 2021
Page 3

India's Code of Civil Procedure. Moreover, paragraph 7 of the protocol indicates that,

> Plaintiffs shall not be authorized to depose Indian nationals residing in India who are called to testify in their individual capacity *unless Plaintiffs avail themselves of the requirements of the Hague Evidence Convention*. No Indian nationals residing in India who are called to provide testimony in their individual capacity will agree to voluntarily waive the requirements of the Hague Evidence Convention. (emphasis added).

Furthermore, paragraph 9(ii), the protocol indicates that Indian nationals being deposed in their individual capacity will be done pursuant to The Hague Convention and the Indian Code of Civil Procedure. Finally, paragraph 12 of the protocol indicates that Notice must be given "through consultation in accordance with this addendum." Thus, the provisions set forth in The Hague Evidence Convention and Indian Code of Civil Procedure must be followed prior to taking the depositions of Mr. Kasava Reddy, Mr. Ashok Reddy, Mr. Nagaraju, and Dr. A Ram Mohan Rao. Nowhere in the protocol is any reference to Federal Rule of Civil Procedure 30(b)(1). Rather, paragraph 7 of the protocol clearly states that depositions of Indian nationals "shall not be authorized unless Plaintiffs avail themselves to the requirements of The Hague Evidence Convention." ECF-604-3 at ¶ 7. Again, none of these witnesses are designated as Federal Rule of Civil Procedure 30(b)(6) witnesses. In accordance with the protocol, Plaintiffs must avail themselves to The Hague Convention.

Plaintiffs had ample opportunity to negotiate the terms of the protocol, and chose to forgo any provisions dealing with Federal Rule of Civil Procedure 30(b)(1). Now, they attempt to argue that these depositions are permitted under Federal Rule of Civil Procedure 30(b)(1), and state that this issue has already been addressed by the Court in SMO-9. However, SMO-9 addressed a Motion for Protective Order regarding ZHP witnesses and ZHP did not argue that the Deposition Protocol Addendum Governing Depositions of Chinese Nationals was applicable to those witnesses, whereas Aurobindo believes that the Protocol for Indian Nationals should be enforced. Furthermore, the Protocol for Chinese Nationals is different than what the parties agreed to for Indian Nationals. Accordingly, SMO-9, although dealing with depositions of foreign witnesses in their individual capacity, is not applicable.

Thus, in order to comply with ECF 604-3, Plaintiffs must follow the procedures set forth in the Hague Convention, and issue a Letter of Request submitted to the Indian Ministry of Law of Justice, and receive approval, in order to obtain the depositions of Mr. Kasava Reddy, Mr. Ashok Reddy, Mr. Nagaraju, and Dr. A Ram Mohan Rao. While Plaintiffs contend (interestingly, this contention is novel insofar as it was never raised by Plaintiffs prior to filing unilateral Notices) that they are entitled to these depositions under FRCP 30(b)(1), this position is completely inapposite to the already negotiated and agreed upon protocol for deposing Indian nationals in their individual capacity. *See* ECF 604-3. Under the

protocol, Plaintiffs must comply with the procedures set forth in the Hague Convention for obtaining these depositions.

In light of the above, Aurobindo respectfully requests Your Honor Order that Plaintiffs must comply with the Supplemental Protocols Governing Depositions of Indian Nationals Residing in India, and "avail themselves" to The Hague Convention to obtain the depositions of: (1) Mr. Kasava Reddy; (2) Mr. Ashok Reddy; (3) Mr. Nagaraju; and (4) Dr. A Ram Mohan Rao.

To the extent the Court would like to hear further on this issue, Aurobindo respectfully requests permission to file a brief. Furthermore, should the Court be inclined to agree with Plaintiffs that the protocol discussed herein in is not applicable, Aurobindo respectfully requests permission to file a brief addressing Plaintiffs' arguments in their April 7, 2021 letter to Your Honor.

Respectfully submitted,

_____
Jessica M. Heinz

cc:  Seth Goldberg, Esq. (via email, for distribution to Defendants' Counsel)
Jessica Priselac, Esq. (via email, for distribution to Defendants' Counsel)
Adam Slater, Esq. (via email, for distribution to Plaintiffs' Counsel)
Sarah Johnston, Esq. (via email)
Jeffrey Geoppinger, Esq. (via email)
Lori G. Cohen, Esq. (via email)
Clem C. Trischler, Esq. (via email)