# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

**Writer's Direct Dial**:
(973) 228-0454
**Writer's Email:**
aslater@mazieslater.com

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

April 9, 2021

**VIA ECF & EMAIL**
TIV@stevenslee.com
Hon. Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

    Re:    ***In re Valsartan, Losartan, and Irbesartan Liability Litigation*,
             Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Vanaskie:

I am writing to request Your Honor's assistance to enforce the rulings from the April 7, 2021 hearing regarding translation of English language documents to Mandarin, for the convenience of ZHP witnesses.  Among the rulings was a direction to ZHP to provide Plaintiffs with identification of those documents in the ZHP production that have been produced in both English and Mandarin, so that Plaintiffs will know those documents exist and be able to link them to one another.  As the Court ruled: "there should be some indication when the documents have been produced that they are in both languages so that when a Mandarin-speaking witness is being deposed, the plaintiff knows that that document exists in Mandarin and can use that Mandarin document when asking the witness a question and displaying it to the witness.  So I'd ask that

Hon. Thomas I. Vanaskie, Special Master
April 9, 2021
Page 2

whatever steps need to be taken to achieve that result be taken so that there's - - you have that ability, that ability to know that you have the document in both languages." (Ex. 3 hereto, 4/7/21 Tr., 8:2-13).

Following the hearing, Plaintiffs wrote to ZHP to request that this identification be provided promptly so that Plaintiffs would not be forced to blindly begin translating documents that may already have been translated. In that letter, Plaintiffs requested production of an overlay file providing the metadata that would allow Plaintiffs to most easily know which documents in the production have counterparts in the other language. That is the most obvious and direct step to accomplish the Court's direction, even if in the short term a list or spreadsheet(s) may be produced to start to inform Plaintiffs of this important information, for the sake of efficiency. (Ex. 1 hereto).

To Plaintiffs' surprise, on April 9, 2021 we received an email from ZHP's counsel Mr. Goldberg, stating in relevant part: "Thank you for the attached letter. We do not believe Judge Vanaskie ordered the ZHP Parties to identify translations in their production as you have suggested in your letter, and we do not have metadata that connects English documents to Chinese translations." (Ex. 3 hereto). Plaintiffs then spoke with other members of ZHP's team on April 9, 2021 at 3:30 pm and raised this issue and were told that the members of the ZHP defense team responsible for this issue, presumably including Mr. Goldberg, were not on the call, so those on the call could not address the issue.

I am sorry to be sending this letter on a Friday evening. However, Plaintiffs are now preparing for the deposition of a Chinese-speaking ZHP witness that begins Monday evening, April 12, 2021, and need the production ordered by the Court to be able to know which documents do or do not need to be machine translated in accordance with the Court's Order, and most

important so that we can use translations produced by the Defendant if available. In light of ZHP's position that it will not comply with Your Honor's ruling, and the fact that that was a threshold obligation to Plaintiffs' obligation to translate documents for which no translations are already in the production or in ZHP's possession – whether at the company level or in the possession of counsel – we felt we had no alternative but to request an Order that ZHP immediately comply and unless and until ZHP does so that Plaintiffs' obligation to provide translations be held in abeyance or vacated.

      Thank you for your consideration.

Respectfully,

Adam M. Slater