UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND MASTER COMPLAINTS

Plaintiffs by and through counsel and court-appointed Plaintiffs' leadership counsel, respectfully file this Motion for Leave to Amend the Valsartan Master Complaints.

### I. BACKGROUND

Pursuant to the Court's direction, Plaintiffs have filed three Valsartan Master Complaints in this action, the operative versions being the Personal Injury Master Complaint (ECF 122), the Second Amended Economic Loss Master Complaint (ECF 398), and the Medical Monitoring Master Complaint (ECF 123).

On December 18, 2020, the Court entered the first of six orders ruling on Defendants' motions to dismiss the three Valsartan Master Complaints. *See* ECF 675-676. With each successive order, with few exceptions the Court denied the motions, or granted them in part without prejudice with leave to amend. *See, e.g.*, ECF 728-729 (Order and Opinion No. 2); ECF 775-776 (Order and Opinion No. 3); ECF 818-819 (Order and Opinion No. 4); ECF 838-839 (Order and Opinion No. 5); ECF 1019-1020 (Order and Opinion No. 6). For efficiency's sake, on February 18, 2021, Special Master Vanaskie ordered that Plaintiffs' motion for leave to amend the master complaints should be filed thirty days after the final motion to dismiss order (Order No. 6). *See* ECF 916 (Special Master Order No. 4). Plaintiffs file this motion pursuant to the motion to

1

dismiss orders and Special Master Order No. 4.  The proposed amended master complaints, along with redline mark-ups showing the changes to the current iterations of each complaint, are attached to this motion.

## II.   LAW AND ARGUMENT

### A. Liberal Standard for Amendment

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Fed. R. Civ. P. 15. Pursuant to Rule 15, the Third Circuit has instructed district courts that "leave to amend 'shall be freely given when justice so requires;' this mandate is to be heeded." *Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).

Granting leave to amend should ordinarily only be denied when the defendant can show that the amendment would be futile, was the result of undue delay, motivated by bad faith, or that the defendant would be unfairly prejudiced by the court's granting leave. *Cureton v. NCAA*, 252 F.3d 267, 272-73 (3d Cir. 2001). Notably, "delay alone is an insufficient ground to deny leave to amend." *Id.* (citing *Cornell & Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).  "The Third Circuit has contemplated that the standard for denial of amendment is high, stating '[g]enerally, Rule 15 motions should be granted.'" *Microbilt Corp. v. Certain Underwriters at Lloyds, London*, No. 20-12734, 20021 WL 1214774, at *2 (D.N.J. Mar. 31, 2021) (quoting *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016)).

### B. The Court Should Grant Leave to Amend

Plaintiffs' motion should be granted.  Plaintiffs' proposed amendments are in direct response to the Court's motion to dismiss rulings.  Claims dismissed with prejudice (e.g., the Magnuson-Moss claim) have been removed from the proposed amended complaints.  Claims or matters that the Court said could be re-pleaded are repled with added factual or legal detail to

2

address the issues the Court identified in its dismissal rulings. These include, for instance, amplifying the factual allegations concerning each named plaintiff's purchases of valsartan (per Motion to Dismiss Order No. 2) or the warranty claims against certain downstream defendants (per Motion to Dismiss Order No. 3). There can be no undue prejudice to Defendants or suggestion of bad faith by Plaintiffs' pleading amendments to claims or matters for which the Court expressly said Plaintiffs may seek leave to file. Similarly, there is no undue delay because Plaintiffs' motion is filed within the time provided by Special Master Order No. 4.

As to futility, the same standard of legal sufficiency under Rule 12(b)(6) applies. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Leave to amend should only be denied when, construing all allegations in the plaintiff's favor, the amendment would fail to state a claim upon which relief could be granted. *Id.*

Plaintiffs' proposed amendments are not futile. Each amendment addresses a specific issue on which the Court invited amendment in its motion to dismiss rulings. Had the Court believed no set of facts could have been pled to support a given claim, it could have dismissed the claim with prejudice as it did with other claims. That the Court did not do this underscores the appropriateness of Plaintiffs' proposed amendments.

Finally, Plaintiffs' proposed amended Master Economic Loss Complaint and Medical Monitoring Complaint seek to remove a few named plaintiffs who are unable to proceed as potential class representatives (e.g., personal/family obligations, the strain and stress of the COVID-19 pandemic, etc.). In their wake, Plaintiffs seek to elevate several other existing putative class members to named plaintiffs. No matter how the Court rules on Plaintiffs' other proposed amendments, leave should be granted to allow Plaintiffs to remove certain named plaintiffs and add other named plaintiffs.

### III.   CONCLUSION

For the above-stated reasons, the Court should grant Plaintiffs' Motion for Leave to Amend and instruct the Clerk of the Court to file the attached proposed amended complaints.[1]

Dated: April 12, 2021                                                      Respectfully submitted,

| | |
|---|---|
| */s/ Ruben Honik* | */s/ Daniel Nigh* |
| Ruben Honik | Daniel Nigh |
| GOLOMB & HONIK, P.C. | LEVIN, PAPANTONIO, THOMAS, |
| 1835 Market Street, Ste. 2900 | MITCHELL RAFFERTY & PROCTOR, |
| Philadelphia, PA 19103 | P.A. |
| Phone: (215) 985-9177 | 316 South Baylen Street |
| rhonik@golombhonik.com | Pensacola, FL 32502 |
| | Phone: (850) 435-7013 |
| | dnigh@levinlaw.com |
| | |
| */s/ Adam Slater* | */s/ Conlee S. Whiteley* |
| Adam Slater | Conlee S. Whiteley |
| MAZIE, SLATER, KATZ & FREEMAN, LLC | KANNER & WHITELEY, LLC |
| 103 Eisenhower Pkwy, 2nd Flr. | 701 Camp Street |
| Roseland, NJ 07068 | New Orleans, LA 70130 |
| Phone: (973) 228-9898 | Phone: (504)-524-5777 |
| aslater@mazieslater.com | c.whiteley@kanner-law.com |

***MDL Plaintiffs' Co-Lead Counsel***

---

[1] Plaintiffs reserve the right to seek leave to amend any underlying complaint for the purposes of a potential remand at the appropriate time, if and when necessary.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2021, I caused a true and correct copy of the foregoing to be filed and served upon all counsel of record by operation of the Court's CM/ECF system.

/s/ David J. Stanoch
David J. Stanoch