**PIETRAGALLO**
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
ATTORNEYS AT LAW

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA 15219
412.263.2000   FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.: 412.263.1816
DIRECT FAX NO: 412.263.4246
FILE NO.: MYLAN-112578
EMAIL: cct@pietragallo.com

April 13, 2021

**Via ECF**

Special Master the Hon. Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower, 18th Floor
Philadelphia, PA 19103

    Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
         USDC, District of New Jersey, No. 1:19-md-2875-RBK-KMW

Dear Special Master Vanaskie:

I write on behalf of the Defendants' Executive Committee to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on Wednesday, April 14, 2021.

### 1. Bellwether Plaintiff Deposition Scheduling

On February 2, 2021 Defendants requested deposition dates for ten bellwether Plaintiffs. Those depositions are underway. Defendants now wish to move forward with scheduling the remaining bellwether Plaintiffs for deposition and have, accordingly, asked Plaintiffs to supply proposed dates by April 20, 2021. *See* 04/12/21 Letter from V. Lockard to G. Williamson, attached as Ex. A.

Additionally, Plaintiffs have requested that Defendant Fact Sheets be completed at least seven (7) days prior to any bellwether Plaintiff deposition. Defendants are willing to agree to this proposal so long as Plaintiffs likewise agree that they will respond to any bellwether Plaintiff case-

specific discovery requests within fourteen (14) days of service. The parties continue to meet and confer on this issue.

Finally, Defendants want to commence scheduling the depositions of the bellwether Plaintiffs' prescribing and treating physicians. Defendants will send Plaintiffs a proposed case management order addressing communications with, and depositions of, Plaintiffs' prescribing and treating physicians.

## 2. Non-Responsive Document Challenges

On Wednesday, April 7, 2021 the Parties appeared before the Court for a discovery conference. One of the issues raised during that conference related to Plaintiffs' challenges to email attachments withheld by the Manufacturer Defendants as non-responsive "family members" of responsive documents. During that discussion, Plaintiffs proposed that they be permitted to challenge fifty (50) documents marked "non-responsive" per Manufacturer Defendant deponent, and that the manufacturer defendants would be provided three days to provide a basis for the non-responsive designation in writing. Under Plaintiffs' proposal, two days after the written justification for withhold is provided, the parties would present any remaining dispute for the Court to decide based on an *in camera* review of the document(s). *See* Tr. 04/07/21 CMC, 49-5:18.

On Monday, April 13. 2021, the Defendants responded to Plaintiffs' by way of a counterproposal. *See* 04/13/21 email from S. Goldberg to Plaintiffs' Executive Committee, attached as Ex. B. Defendants' counterproposal maintains the framework suggested by Plaintiffs, but limits the number of documents potentially in dispute. This will decrease the burden on both the Defendants and the Court, and allow the Parties to continue taking depositions that are currently scheduled without further delay.

Defendants will be prepared to further discuss the Parties' proposals at the CMC.

### 3. Timing of Defendants' Response to Plaintiffs' Motion for Leave to Amend

On Monday, April 12, Plaintiffs filed their Motion for Leave to Amend the Valsartan Master Personal Injury, Medical Monitoring, and Economic Loss Complaints (the "Motion"). Prior to Plaintiffs' filing, on April 1, defense counsel emailed the PEC requesting to meet and confer regarding Plaintiffs' then-anticipated motion, including to discuss the scope of Plaintiffs' anticipated amendments, and to confer on the timing and length of Defendants' response. Defendants renewed their request on April 8 and, following an email exchange with a representative of the PEC, proposed that the briefing schedule be modified to extend the timing of Defendants' anticipated opposition and Plaintiffs' anticipated reply, given the number of parties with an interest in the motion, and the number of issues Defendants anticipated would be raised by Plaintiffs' proposed amendments. Citing timing concerns and the fact that Plaintiffs' filing was imminent, on April 10, Plaintiffs proposed that the parties table their discussions until after Plaintiffs' Motion had been filed. Defendants have agreed to do so with the understanding that they will not be prejudiced by Plaintiffs' request to table these discussions until after the filing of their Motion.

Given the timing of Plaintiffs' April 12 filing, as of the filing of this letter, the PEC and DEC have not yet had an opportunity to confer on these issues. Defendants have asked that those discussions happen sometime this week, and anticipate seeking the Court's approval of the revised briefing schedule following their discussion with Plaintiffs.

### 4. Pharmacies' Negotiation of Plaintiffs' Draft Requests for Production

Since the last status conference, the Pharmacy Defendants have continued to meet and confer with Plaintiffs regarding the scope of Plaintiffs' proposed additional Requests for Production. On March 24, the Pharmacies sent Plaintiffs a letter responding to Plaintiffs' March

12 correspondence concerning the draft Requests. As directed by Judge Vanaskie, the Pharmacies reviewed Plaintiffs' proposed draft and comments and proposed which Requests the Pharmacies believe are appropriate for negotiating now, while the pleadings are in flux, and which should be tabled. With respect to the draft Requests that are ripe for negotiation, the Pharmacies provided Plaintiffs with comments on the draft Requests and suggested edits to the drafts for Plaintiffs' consideration.

On April 5, Plaintiffs requested to meet and confer on the Pharmacies' March 24 letter. On April 9, liaison counsel for the Pharmacies conferred with Plaintiffs and discussed the Pharmacies' proposal, including which draft Requests the Pharmacies believe are appropriately discussed at this time. Specifically, the Pharmacies proposed negotiation of and edits to the following draft Requests.

- **Draft Requests 5, 6, and 7**: These draft Requests seek information regarding the Pharmacies' inventory management policies and practices. The Pharmacies have proposed revised language and agreed to provide Plaintiffs with Bates ranges for those responsive documents already produced in the prior round of Rule 34 discovery so that Plaintiffs can evaluate the documents and confer with the Pharmacies about what additional, specific information they seek and the Pharmacies' proposed revisions to the Requests.

- **Draft Request 9**: This draft Request seeks organizational charts or information about the employees or agents involved in certain Pharmacy business functions, including purchasing, sales, inventory management and product recall. The Pharmacies proposed

revisions to this draft Request to Plaintiffs, and Plaintiffs are reviewing the draft to determine whether the proposed revisions are agreeable.

The Parties also discussed the several Requests that the Pharmacies submit should be tabled until the pleadings are more certain. As previously discussed with the Court, these are draft Requests that purport to seek information the Pharmacies believe is of questionable relevance, or is unduly burdensome and disproportionate to the needs of the claims pending against the Pharmacies, particularly given the current state of the pleadings and the numerous claims that have been dismissed against the Pharmacies. The Pharmacies have also lodged a number of objections to these draft Requests, including but not limited to the fact that they are duplicative of discovery already provided; that they are duplicative of discovery already produced by other parties; that they seek highly confidential and proprietary documents, production of which could cause the Pharmacies serious and irreparable harm; and that they seek documents or information not relevant to any case or claim currently pending (in part because of the Court's prior Rule 12 decisions). These include:

- Draft Requests 1 and 2 (representations and warranties)
- Draft Request 3 (all agreements relating to the purchase of VCDs)
- Draft Request 4 (all agreements relating to the sale of VCDs, including agreements with TPPs and other entities who have not asserted claims against the Pharmacies)
- Draft Request 8 (all communications with other defendants)

For the reasons set forth in the Pharmacies' prior letters to Plaintiffs, which are attached here as Ex. C and Ex. D for the Court's reference, the Pharmacies submit that discussion of these Requests should be tabled pending resolution of the pleadings.

### 5. Pharmacies' Negotiation of Draft 30(b)(6) Topics

On the April 9 call, liaison counsel for the Pharmacies also conferred with Plaintiffs regarding Plaintiffs' draft 30(b)(6) topics. The discussion was productive, and the Pharmacies asked Plaintiffs for clarification regarding several of Plaintiffs' proposed deposition topics. In terms of next steps, the parties agreed that the Pharmacies will next provide Plaintiffs with written comments regarding the topics, including (1) suggestions as to which topics can or should be discussed now, and which the Pharmacies feel it makes most sense to table pending further clarity as to the pleadings; and (2) proposed revisions to certain topics for Plaintiffs' consideration.

### 6. Hetero Discovery Update

Defendants Hetero Drugs Ltd. and Hetero Labs Ltd. (collectively, "HLL") have made significant progress in addressing the issues raised by Plaintiffs regarding deficiencies in HLL's document productions. Yesterday, April 12, 2021, HLL produced over 7,000 pages of documents including Site Master Files, Quality Assurance SOPs, Quality Control SOPs, Corporate Quality Assurance SOPs, Corporate Quality Assurance Internal Audits, Core Procedure SOPs, and Internal Audits. HLL anticipates two additional document productions prior to the conference before Your Honor on April 14, 2021. Accordingly, HLL is hopeful that its supplemental document productions will resolve Plaintiffs' outstanding document requests.

In light of the progress made in furnishing responsive documents to Plaintiffs, HLL has engaged with Plaintiffs to begin conducting depositions of HLL's witnesses. Presently, Plaintiffs intend to conduct a 30(b)(6) deposition of an HLL witness next week, and HLL is currently awaiting Plaintiffs' response regarding whether an additional deposition previously scheduled for next week will go forward.

Today, April 13, 2021, Plaintiffs raised objections regarding several documents set forth in HLL's Privilege Log. HLL is currently reviewing the documents in question, and will work with Plaintiffs to resolve this issue. As such, HLL respectfully submits that this issue does not require judicial intervention at this time.

**7. Aurobindo Discovery Update**

Plaintiffs have requested that Aurobindo: (1) meet with its ESI vendor to clarify the metadata pertaining to identified custodians for its document production is correct; (2) meet with its ESI Vendor to determine whether certain documents that were produced, that reference attachments, were produced in compliance with the ESI protocol; and (3) seek clarification as to why the metadata for these documents does not reference attachments.

Aurobindo has agreed to and started to conduct this meeting with its ESI Vendor, and provide Plaintiffs with the answers to their questions. Aurobindo is hopeful the parties will reach an agreement without the need for Court intervention.

                                        Respectfully submitted,

                                        Clem C. Trischler

c:     All counsel of record (via ECF)