# KANNER & WHITELEY, L.L.C.
## ATTORNEYS AT LAW*

701 Camp Street ■ New Orleans, Louisiana 70130 ■ (504) 524-5777 ■ Fax (504) 524-5763

April 23, 2021

**VIA ECF**

Hon. Thomas I. Vanaskie (Ret.)
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, PA 19103-7360

Re:   *In re Valsartan, Losartan, and Irbesartan Liability Litigation*,
      Case No. 1:19-md-02875-RBK (D.N.J.)

Dear Special Master Vanaskie:

Plaintiffs respectfully submit this letter ahead of the April 28, 2021 case management conference to address whether certain draft discovery requests directed to the Retail Pharmacy Defendants should be negotiated and finalized now, or after Judge Kugler resolves any forthcoming opposition to Plaintiffs' motion for leave to file amended master complaints.

By way of background, in 2020, after months of negotiation, Magistrate Judge Schneider set a briefing schedule and oral argument on Plaintiffs' first set of document requests to Retail Pharmacy (and Wholesaler) Defendants. Ultimately, Plaintiffs' first set of document requests were entered by Court order. *See* 7/9/20 Order (ECF 509). These narrow requests largely focused on transactional data and heavily redacted or exemplar documents, and did not include any custodial discovery. Notably, these requests were formalized in an order entered by Magistrate Judge Schneider notwithstanding the fact that the motion to dismiss briefing had not been completed yet. In fact, Defendants' motions were not even filed until a couple of weeks later. *See* 5/18/20 Order (ECF 432) (setting July 17, 2020 deadline for Defendants to file their motions to dismiss).

Plaintiffs served draft supplemental document requests and deposition notices on December 8, 2020. *See* Ex. A hereto. At that time, there was an April 1, 2021 deadline for all fact discovery. That deadline created urgency on Plaintiffs' part to finalize the draft discovery to Retail Pharmacy (and Wholesaler) Defendants. Eventually, Judge Kugler modified the schedule. *See* 2/4/21 Order (ECF 843). Under that order, further discovery of Retail Pharmacy Defendants, among other parties or third parties, must be completed during "phase II" of fact discovery, which begins June 1, 2021.

---

* A Louisiana L.L.C. -- Allan Kanner, Attorney Responsible for New Jersey Practice

Plaintiffs' draft document requests to Retail Pharmacy Defendants consist only of nine new requests. All the original draft requests can be viewed in Exhibit A hereto, but for brevity they can be summarized as follows:

- **Request Nos. 1-2:** Representations and warranties Retail Pharmacy Defendants received from its suppliers, and which it provided to their own customers, about valsartan.

- **Request Nos. 3-4:** Retail Pharmacy Defendants' agreements to purchase valsartan, and their agreements to sell valsartan.

- **Request Nos. 5-7:** Retail Pharmacy Defendants' inventory management practices relating to valsartan.

- **Request No. 8:** Intra-defendant communications relating to the purchase or recall of valsartan.

- **Request No. 9:** "Sufficient to show" organizational discovery (e.g., organizational charts) showing custodians or departments responsible for the purchase, sale, inventorying, or recall of valsartan.

Over the last few weeks, the parties have re-engaged and have made progress negotiating Request Nos. 5-7 and 9. Earlier this week, Retail Pharmacy Defendants agreed to negotiate Request Nos. 3-4 as well. Plaintiffs anticipate the parties will agree to the wording of these requests, or will submit shortly any lingering disagreements to Your Honor.

The current impasse for Your Honor to adjudicate is that Retail Pharmacy Defendants believe they should not even negotiate the wording of the remaining requests – let alone respond to them – until Judge Kugler rules on Plaintiffs' motion for leave to amend the master complaints filed on April 12, 2021. *See* ECF 1148. The crux of Retail Pharmacy Defendants' request to "pause" negotiation of Request Nos. 1-2 and 8 is that the remaining claims at issue are "in flux" and the claims should be perfected entirely before these requests are negotiated and answered.

Plaintiffs disagree that any discovery – let alone the mere negotiation of it – should be "paused" indefinitely while the parties brief Plaintiffs' motion for leave to amend and await a ruling, for four main reasons.

First, as reported to Your Honor during prior CMCs, no discovery of any kind in this case has ever been stayed. Various defendants tried this tact in the early years of this litigation, and were rebuffed each time by Magistrate Judge Schneider or Judge Kugler. As case in point, Judge Kugler did not even invite Defendants to file motions to dismiss until 2020, nearly two years after the inception of these cases and while all Defendants, including Retail Pharmacy Defendants, were in the throes of negotiating and responding to Plaintiffs' first wave of fact discovery. There is no

2

reason to depart from this practice now, let alone to do so in piecemeal fashion for only three of the nine proposed document requests to Retail Pharmacy Defendants.

Second, the point of "phase II" discovery starting on June 1, 2021 was to buy the parties some breathing room to focus first on discovery of Manufacturer Defendants (which Plaintiffs have been doing intensely for the last few months), and to prepare ahead of time the discovery to occur in "phase II." Pausing certain requests until an indeterminate period, such as a forthcoming ruling on a motion for leave to amend that is not even fully briefed yet, will unduly delay discovery that was supposed to be ready to go June 1. Retail Pharmacy Defendants' proposal to "pause" the mere *negotiation* over certain discovery requests would essentially waste all of the breathing room afforded to the parties by Judge Kugler's amended scheduling order.

Third, Retail Pharmacy Defendants' concern over the claims being "in flux" overstates the impact that any ruling on the motion for leave will have on the scope of discovery. Retail Pharmacy Defendants are and will remain parties in this litigation no matter how Judge Kugler rules on the motion for leave to amend. This is because Judge Kugler denied Retail Pharmacy Defendants' motion to dismiss the original master complaints as to certain claims. Those claims include unjust enrichment (in all three master complaints), strict liability or products liability claims under certain states' laws (in the personal injury master complaint), and punitive damages (in the personal injury master complaint). Thus, at minimum, these claims will proceed against Retail Pharmacy Defendants irrespective of an eventual ruling on Plaintiffs' motion for leave to amend.

The requests at issue here all relate in some fashion to elements of these claims. For instance, Retail Pharmacy Defendants are percipient witnesses who were directly involved in the purchase and sale of adulterated valsartan. As such, intra-defendant communications about that valsartan (Request No. 8) go to Defendants' knowledge, notice, and state of mind concerning the alleged contamination and related issues. Similarly, representations/warranties between Retail Pharmacy Defendants and their suppliers (Wholesaler or Manufacturer Defendants) or customers (e.g., Plaintiffs) (Request Nos. 1-2) reflect the statements or promises about the condition of the valsartan being purchased and resold. This goes to the fact of contamination, where in the supply chain responsibility for that contamination might lie, and whether it would be inequitable for Retail Pharmacy Defendants to retain their ill-gotten gains on selling and profiting from contaminated product. This is true even if the express and implied warranty claims against Retail Pharmacy Defendants (which Judge Kugler granted leave to amend) do not survive.

Finally, there is absolutely no prejudice to Retail Pharmacy Defendants if they were merely directed to *negotiate* Request Nos. 1-2 and 8 now. On the flipside, it would be highly prejudicial to Plaintiffs, not to mention inefficient, if the parties proceed with additional discovery in piecemeal fashion and "pause" the mere discussion of certain requests until a future date uncertain.

Sincerely,

KANNER & WHITELEY, L.L.C.

By: _____
    David J. Stanoch

cc: All Counsel (via ECF)

4