# EXHIBIT A

**From:** David J. Stanoch
**To:** Johnston, Sarah; Geoppinger, Jeff
**Cc:** Valsartan PEC
**Subject:** Valsartan - Draft Discovery to Retail Pharmacy and Wholesaler Defendants
**Date:** Tuesday, December 8, 2020 7:39:00 PM
**Attachments:** Valsartan - DRAFT 2nd Set of Doc Reqs. to Retailers.pdf
Valsartan - DRAFT 2nd Set of Doc Reqs. to Wholesalers.pdf
Valsartan - draft 30b6 depo notice to retailers.pdf
Valsartan - draft 30b6 depo notice to wholesalers.pdf

Dear Sarah and Jeff,

In your respective roles as liaison counsel for Retail Pharmacy and Wholesaler Defendants, please find attached Plaintiffs' draft Rule 30(b)(6) notices and draft second sets of document requests. Please let us know dates next week for meet and confers on these items. We intend to present any un-agreed issues to the Court at the CMC at the end of December, so they may be promptly entered by the Court and responded-to sufficiently in advance of the April 1, 2021 fact discovery deadline. In the meantime, please provide us dates for each Retail Pharmacy and Wholesaler Defendant's Rule 30(b)(6) deposition within the fact discovery period. For your reference, the red strikethrough text shows what we removed from the preliminary statements and definitions/instructions in the first sets of document requests.

Regards,
Dave

David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
www.kanner-law.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Judge<br><br>Honorable Joel Schneider, Magistrate Judge |

## PLAINTIFFS' SECOND AMENDED SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO RETAIL PHARMACY DEFENDANTS

## TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 34 and Local Civil Rule 34.1, and in accordance with the Court's rulings at oral argument on December 11, 2019 and December 18, 2019, and in the Order filed on December 13, 2019, as well as the Court's Orders on macro discovery issues filed on November 25, 2019, Plaintiffs propound the following second amended set of requests upon each Retail Pharmacy Defendant. These requests are without prejudice to Plaintiffs' rights to serve other requests consistent with Rules 26 and 34.

Plaintiffs understand and have been advised by the Retail Pharmacy Defendants that the requests that follow represent the Court-Approved Requests for Production to be answered by the Retail Pharmacy Defendants, and are a uniform discovery instrument negotiated by the Retail Pharmacy Defendants at the direction of the Court and follow several rulings by the Court on discovery issues,[1] including but not limited to the Court's ruling on macro discovery following

---

[1] Each request is to be interpreted consistent with the Court's oral rulings at the November 20, 2019 hearing on macro discovery issues; the November 25, 2019 Order on macro discovery issues pertaining to the Manufacturing Defendants (Dkt. 303); the parties' representations as reflected in the record of the December 11, 2019 discovery hearing; and the Court's oral and/or written rulings following the December 11, 2019 discovery hearing, the January 15, 2020 discovery hearing, the January 28, 2020 discovery conference, the February 13, 2020 discovery conference, and the July 6, 2020 macro discovery hearing.

~~argument of the parties on July 6, 2020. The Retail Pharmacy Defendants have advised, and Plaintiffs understand, that there remain differences in the ability of each Retail Pharmacy Defendant to respond to the requests below, including differences in what data is available, and in the type and extent of data that is available in a reasonably accessible format. Following service of these requests for production, each Retail Pharmacy Defendant shall serve its own individual responses to the requests set forth below, including identification of any specific issues that the Retail Pharmacy Defendant has with the requests. The parties will meet and confer in good faith on the substance of any such responses, to the extent necessary, and to address any deficiencies or Plaintiffs' reasonable questions regarding Retail Pharmacy Defendants' responses.~~

**DEFINITIONS:**

**"Active Pharmaceutical Ingredient" ("API")** is defined as any substance that is intended for incorporation into a finished drug product and is intended to furnish pharmacological activity or other direct effect in the diagnosis, cure, mitigation, treatment, or prevention of disease, or to affect the structure or any function of the body. Active pharmaceutical ingredient does not include intermediates used in the synthesis of the substance. 21 C.F.R. § 207.1; see also 21 C.F.R. § 314.3.

**"API Manufacturer"** is defined as any entity identified as a Defendant in Plaintiffs' Master Complaints that manufactures the active pharmaceutical ingredient (API) for valsartan.

**"Finished Dose Manufacturer"** includes any entity identified as a Defendant in Plaintiffs' Master Complaints that manufactures valsartan in a finished dosage form that is engaged in manufacturing, preparing, propagating, compounding, processing, packaging, repackaging, or labeling of valsartan. The term "finished dose manufacturer" also includes entities who hold ANDAs.

**"Manufacturer Defendants"** includes API Manufacturers and Finished Dose Manufacturers including any subsidiaries or affiliated entities.

**"Communication(s)"** means the transmittal of information, in the form of facts, ideas, inquiries, documents or otherwise, and includes all transmissions of information received or transmitted by you, including correspondence, regardless of whether you are an author or addressee of such transmittal.

**"Documents"** includes, without limitations, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced or reproducible communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereof, whether intended for internal use, dissemination to outside entities, or any combination thereof.

This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings. Without limiting the generality of the foregoing, the term "Document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, presentations, work papers, accounts, invoices, purchase orders, ledgers, journals, book of accounts, local records, reports and/ or summaries of investigation, trade letters, press releases, comparisons, books, calendars, calendar entries or invitations, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra office communication, questionnaires, surveys, charts, graph, photographs, recordings, tapes, back-up tapes, discs, data cells, printouts, all other data compilations from which information can be obtained (translated, if necessary, into usable form). Such reference to documents includes originals and copies, microfilms and transcripts made, recorded, produced or reproduced by any and every means. "Documents" also includes the content of any applicable computer database. ~~For purposes of these discovery requests, "Documents" shall refer only to centrally stored, non-custodial data maintained by the retailer pharmacy in the ordinary course of business and available via reasonable search of available records and in a reasonably accessible format, and shall not refer to documents or data maintained solely by individual stores or pharmacies, or to emails or custodial data held by individual employees of the Retail Pharmacy Defendants.~~

**Relevant Time Period:** Unless otherwise specified, the relevant time period applicable to all requests is January 1, 2012 through the December 31, 2019.

**"Retail Pharmacy Defendants"** refers to any and all entities listed by name as "Retail Pharmacy Defendants" in Plaintiffs' March 13, 2020 Consolidated Second Amended Economic Loss Class Action Complaint (Dkt. 398), including any agents or predecessor entities.

**"TPP"** refers to Third Party Payors, including health insurance companies, third-party administrators, health maintenance organizations, self-funded health and welfare benefit plans, third party payors, and any other health benefit provider in the United States of America and its territories.

**"Valsartan"** or **"VCDs"** means any drug with valsartan as an active ingredient. For purposes of these Requests, "Valsartan" or "VCDs" is limited to only those drugs with a National Drug Code (NDC) associated with any of the Manufacturer Defendants identified in Plaintiffs' Master Complaints.

**"Recalled Valsartan"** or **"Recalled VCDs"** means any drug with valsartan as an active ingredient, as well as all finished drug formulations of valsartan, including any valsartan containing drug, that was subject to a voluntary or mandatory recall, to the extent identifiable from Documents kept by the Retail Pharmacy Defendant(s) in the ordinary course of business.

**"You," "your"** or **"defendant"** shall be used interchangeably and refers to the parties to which these requests are directed.

**"Drug Supply Chain Security Act"** refers to Pub. L. 113-54 and regulations promulgated thereunder.

**"Wholesaler Defendants"** refers to Amerisource Bergen Corporation, Cardinal Health, Inc., or McKesson Corporation, as identified in Plaintiffs' March 13, 2020 Consolidated Second Amended Economic Loss Class Action Complaint (Dkt. 398), including any agents, employees, or predecessor entities, to the extent known to the Retail Pharmacy Defendants.

**"FIFO"** means a first-in, first-out inventory method.

**"LIFO"** means a last-in, first-out inventory method.

**"JIT"** means just-in-time inventory method.

**INSTRUCTIONS:**

**Non-privileged information:** These Requests seek only information that is not privileged or otherwise protected from disclosure by applicable protection, including but not limited to work product protection or other requirements imposed or protections afforded by applicable law or regulation. This does not relieve any responding Defendant from serving a privilege log consistent with the Federal Rules of Civil Procedure.

**DOCUMENTS TO BE PRODUCED:**

1. **All documents relating to any representation or warranty provided by any manufacturer, wholesaler, or other seller of VCDs to you directly or indirectly.**

2. **All documents relating to any representation or warranty provided by or passed on by you to any consumer or third-party payor who paid any amount for VCDs sold by you.**

3. **All agreements relating to your purchase of VCDs (e.g., purchase/supply agreements with wholesalers, etc.).**

4. **All agreements relating to your sale of VCDs (e.g., contracts with third-party payors, pharmacy benefits managers, etc.).**

5. **All documents reflecting your inventory management policies, practices and procedures pertinent to VCDs.**

6. **All documents relating to the stock life for VCDs maintained in your own inventories (both distribution center and store levels), including but not limited to FIFO, LIFO, JIT, turnover ratio, replenishment/re-order triggers, and any proprietary inventory management systems.**

7. **All documents relating to the stock life for VCDs maintained in your inventories (both distribution center and store levels), including but not limited to FIFO, LIFO, JIT,**

**turnover ratio, replenishment/re-order triggers, and your proprietary inventory management systems.**

8. **All communications between you and any Wholesaler or Manufacturer Defendant relating to your purchase of, or the recalls of, VCDs.**

9. **Organizational charts or other documents sufficient to show the names, titles, and responsibilities of employees or agents involved in the following functions: (i) the purchase of VCDs; (ii) the sale of VCDs; (iii) the inventory maintenance, receiving, and shipping of VCDs; (iv) the recall of VCDS.**

Dated: December __, 2020

<u>/s/ Adam Slater</u>
Adam M. Slater
**Mazie Slater Katz & Freeman, LLC**
103 Eisenhower Parkway
Roseland, NJ 07068
Tel: (973) 228-9898
aslater@mazieslater.com

Ruben Honik
**Golomb & Honik, PC**
1835 Market Street
Suite 2900
Philadelphia, PA 19103
(215) 278-4449
rhonik@golumbhonik.com

Daniel Nigh
**Levin Papantonio**
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7013
dnigh@levinlaw.com

Conlee Whiteley
**Kanner & Whiteley, LLC**
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
c.whiteley@kanner-law.com

## CERTIFICATE OF SERVICE

I certify that on the ___ day of December 2020, I electronically transmitted the attached document to counsel of record for all Retail Pharmacy Defendants.


*/s/ Adam M. Slater*
Adam M. Slater