# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

**Writer's Direct Dial**:
(973) 228-0454
**Writer's Email:**
aslater@mazieslater.com

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

April 26, 2021

**VIA ECF & EMAIL**
TIV@stevenslee.com
Hon. Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

  Re: ***In re Valsartan, Losartan, and Irbesartan Liability Litigation*,**
     **Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Vanaskie:

Please accept this letter on behalf of the Plaintiffs in response to ZHP's motion for a protective order directing that "ZHP Party witnesses who do not speak English may refrain from answering questions based on documents written in English and not accompanied with an accurate and complete translation in Chinese." (ECF 1174-4). This application is overreaching and unworkable, promises only to create, complicate, and prolong disputes, and should be denied outright.

This is the seventh time that ZHP has raised issues regarding translations for its depositions. As the Court noted in denying the request outright the first time, this was not an issue in *Benicar*, where the plaintiffs deposed numerous Japanese witnesses. More recently, based on the Court's

Hon. Thomas I. Vanaskie, Special Master
April 26, 2021
Page 2

finding for ZHP, Plaintiffs are now providing machine translations to ZHP's witnesses and counsel. Thus, ZHP is asking for the Court to reconsider a ruling that ZHP obtained. ZHP should be judicially estopped from now seeking reconsideration of a ruling that it obtained. *See Segal v. Strausser Enterprises, Inc.*, 486 Fed. App'x 240, 242 (3d Cir. 2012).

With little more than a month left of depositions, ZHP should not be permitted to further rewrite and complicate the deposition protocol, injecting an unworkable, subjective standard designed to further obstruct Plaintiffs' ability to obtain responsive deposition testimony. Aside from the fact that this issue has been thoroughly briefed and argued multiple times, in all of these depositions, ZHP has the ultimate stop gap if it questions the machine translation – ZHP's human translator who can translate anything upon request. Moreover, ZHP has not pointed to a single instance where Plaintiffs have misrepresented the content of an English document to a witness or otherwise sought to take unfair advantage of the translation issue in any way. Imposition of any further requirements would interfere with and prejudice Plaintiffs' ability to prepare for the remaining depositions, pulling valuable resources to provide unnecessary translations. The Court should therefore deny ZHP's motion, which fails to grapple with the fact that ZHP is challenging a ruling that it obtained, or cite a single case concerning the translation of deposition exhibits, let alone one imposing the severe sanctions it is requesting.

Preliminarily, Plaintiffs note that ZHP previously represented that it translated every Mandarin document into English before it was produced to Plaintiffs. 12/11/2019 Tr. 89:12-16 (arguing against additional custodians, and stating, "That kind of duplication, that kind of cumulativeness isn't warranted at this stage, **especially considering that when you're talking about the burden of translating Chinese documents, the cost of a dollar per page for some of these documents to be translated**, the time of State secret review -- the magnitude of 64 million

Hon. Thomas I. Vanaskie, Special Master
April 26, 2021
Page 3

pages, we set this forth in our brief -- it would take five years, a hundred lawyers five years to review that."); 12/18/2019 Tr. 15:1-24 ("So, for ZHP, the burden is quite different than other defendants because even to make that determination [(whether a search term hit is a "false positive")], **we need to spend the money and the time to translate the document**."). To be clear, ZHP has failed to contend with the contradiction in the positions it has taken with this Court, and now seeks to foist this same burden on Plaintiffs in the midst of a heavy deposition schedule. ZHP certainly cannot claim these translations are "work product" and then at the same time ask Plaintiffs to produce the same translations – and complain about those translations.

It is also not credible for ZHP's counsel to claim there is no way to link its translations to the Mandarin documents. Presumably defense counsel is not wasting its client's resources by having its attorneys spend significant amounts of time sifting through documents to find the translations they need to conduct substantive legal work. Accordingly, these English translations should be utilized by ZHP's counsel during depositions, rather than trying to further burden Plaintiffs.

As stated above, ZHP argued the deposition protocol should include "a process where the parties would exchange those translated documents before the deposition, so they could agree upon what the documents say." 11/24/2020 123:14-16. Plaintiffs asked the Court to follow the process in *Benicar*, where no translations were provided to witnesses or to counsel and "we deposed 19 or 20 Japanese-speaking witnesses through translators with actually no disputes and no problems." *Id.* at 126:21-127:1. The Court agreed with Plaintiffs:

> **It wasn't a problem in *Benicar*, it seemed to go smoothly. We certainly didn't go through this type of argument when we did the protocol in that case. I don't know why we're doing it in this case, but be that as it may, I think we're just buying trouble if**

Hon. Thomas I. Vanaskie, Special Master
April 26, 2021
Page 4

>       we put the provision in there now.  So the Court's ruling is, don't
>       include it.

*Id.* at 127:2-14.

When ZHP first reraised this argument, the Court noted, "There's no -- as I understand it, no obligation at the present time to translate the documents to Mandarin if they are already in English and only in English." 3/29/2021 Tr. 42:11-14.  The Court added that "if it's a problem of having to take time to translate a document that's only in English with the interpreter that you have, then I expect the deposition to be suspended while that document is translated for the witness, so that the witness is prepared to answer." *Id.* at 42:17-21.  This is what has occurred as needed and that process has run smoothly.

Days later, ZHP reraised the issue for a third time.  ZHP stated that **"a machine-translated document at least could aid in the efficiency of these depositions."**  4/1/2021 Tr. 16:13-14. Plaintiffs warned that machine translations are "not accurate.  There's all sorts of errors.  It doesn't read handwriting, handwritten documents.  Scanned documents cannot be cleanly machine translated at all.  And there's a lot of scanned documents in the production." *Id.* at 17:17-20.  Thus, any suggestion that the quality of machine translations is a surprise is specious – and ZHP requested this relief with full knowledge of the pros and cons.  The Court declined to decide the issue and asked the Parties for further information to assist in its decision.  *Id.* at 24:23-25:3.

**On April 7, 2021, the Court held a hearing based on the Parties' additional submissions, where ZHP explicitly agreed "machine translation to be used for documents during the depositions would be fine**." 7:11-12.  After hearing ZHP's concerns regarding the security of Google Translate, the Court ordered Plaintiffs to use Google Translate only for undesignated documents and ordered the Parties to meet and confer on a sufficiently secure vendor

Hon. Thomas I. Vanaskie, Special Master
April 26, 2021
Page 5

for "confidential" documents. *Id.* at 16:3-22. However, **the Court was clear that "machine translation is acceptable."** *Id.* at 17:2. And ZHP has never suggested a vendor or system that can do a better job than those identified by Plaintiffs.

During the day on April 12, 2021, ZHP continued to dismiss Plaintiffs' concerns regarding the time and expense of providing Mandarin translations of all English deposition exhibits: "**The plaintiffs can simply take that hundred or so documents and use Google Translate and move forward as the Court has ordered**." [4/12/2021 Tr. 10:20-22](). **In fact, ZHP's counsel said that "whether the plaintiffs choose the manual -- trying to determine manually whether there is a translation in the production, or to use Google Translate, that is plaintiffs' choice**." *Id.* at 10:23-11:1. Accordingly, the Court ruled that "I am going to continue to have plaintiffs use Google Translate to translate those documents that have not been marked as confidential." *Id.* at 16:16-18. When the Court indicated that it may allow for sight translation of "confidential" documents, ZHP's counsel objected and asked the Court to order Plaintiffs to use Reverso for those documents. *Id.* at 21:10-22:11. The Court agreed with ZHP and allowed for such translations. *Id.* at 22:12-14. Now ZHP opposes the relief it obtained.

During a hearing held during a deposition later that night, ZHP's counsel repeated its request for Plaintiffs to use a machine translator for its convenience. In support of its request for Plaintiffs' counsel to provide translations of all Mandarin documents, despite already obtaining such translations for purposes of their document review, ZHP stated that Plaintiffs "could have taken a half an hour and had these documents machine translated. This is one page. It would have taken two minutes to machine translate. They could have prepared for this last night." 4/12/2021

Hon. Thomas I. Vanaskie, Special Master
April 26, 2021
Page 6

Hearing During Qiangming Li's Deposition 20:4-10 (Ex. A hereto).[1] Ignoring the fact that it has the same ability to take two minutes to machine translate such a document during a deposition (the Parties could easily break for two minutes to do this), ZHP then asked the Court to order that "before every deposition they should be ordered to take 15 minutes, 20 minutes, or an hour to machine translate the documents they're going to use in a deposition so during the deposition they can provide a translated version." *Id.* at 20:11-17. The Court then ordered Plaintiffs to provide such machine translations "to the extent you can." *Id.* at 41:14-22. And Plaintiffs have complied.

Seven days later, ZHP decided that machine translations were no longer acceptable and filed a motion to allow its witnesses to refuse to answer questions unless ZHP deems the entire document's translation "accurate and complete." (ECF 1174-4). This is a patently absurd request at this juncture, aside from the wholesale subjective nature of such a standard which would of course generate further disputes.[2] The Parties have completed ten of the eighteen depositions

---

[1] Consistent with the Court's Confidentiality and Protective Order, Plaintiffs will not file this transcript on ECF but will forward it to the Court via email.

[2] **ZHP cites a litany of completely inapposite cases in support of this request, none of which address a dispute regarding the translation of deposition exhibits, especially where the complaining party has vast resources and available translators to immediately cure any concerns in real time.** *See Perez-Lastor v. I.N.S.*, 208 F.3d 773, 777-78 (9th Cir. 2000) ("We hold that Perez–Lastor did not receive due process *at his deportation hearing* because an incompetent translation *prevented him from presenting relevant evidence and caused the BIA to find that his testimony was not credible.*" (emphasis added)); *Sec. v. Exch. Comm'n v. Shaohua Yin*, No. 17-CV-972 (JPO), 2020 WL 6801915, at *6 (S.D.N.Y. Nov. 19, 2020) (ordering defense counsel to "engage professional translators, interpreters, and third-party vendors" to respond to the SEC's discovery requests); *Novelty Textile, Inc. v. Windsor Fashions, Inc.,* No. CV 12-05602 DDP MANX, 2013 WL 1164065, at *3 (C.D. Cal. Mar. 20, 2013) (declining to "rely on any of the translated website information in determining the services offered by KAMA and its membership benefits"); *Cory Longo v. OSI Systems, Inc.*, No. CV 17-8841 FMO (SKX), 2021 WL 1232678, at *7 (C.D. Cal. Mar. 31, 2021) ("Putting aside the fact that there is no basis or evidence to conclude that Google's translate feature is sufficient to accurately translate extremely complicated legal and financial documents, and given today's global economy and the fact that many public companies conduct business all over the world, it is plainly unreasonable to require an investor to comb foreign websites in languages such as Arabic, Chinese, Russian, etc., to determine whether the

---

company in which he or she has invested has disclosed information that may be material to his or her investment."); *United States v. Cruz-Zamora*, 318 F. Supp. 3d 1264, 1267, 1272 (D. Kan. 2018). ("For these reasons the court finds that the good-faith exception does not apply as it is not reasonable for an officer to use and rely on Google Translate to obtain consent to a warrantless search, especially when an officer has other options for more reliable translations."); *United States v. Charles*, 722 F.3d 1319, 1325 (11th Cir. 2013) (holding "because Charles has the right, under the Confrontation Clause, to confront the "declarant," that is the person who made the out-of-court statement, she has the right to confront the Creole language interpreter about the statements to which the CBP officer testified to in court."); *Murphy v. Lazarev*, No. 3:10-cv-0530, 2012 WL 6188471, at *4 (M.D. Tenn. Dec. 12, 2012) (relying on partial translations in denying summary judgment); *United States v. Nippon Paper Industries Co., Ltd.*, 62 F. Supp. 2d 173, 174 n.24 (D. Mass. 1999) (rejecting the defendants' argument against the government's translation of "sando" in granting a motion for criminal acquittal); *Augustin v. Sava*, 735 F.2d 32, 38 (2d Cir. 1984) (holding "that appellant was denied procedural rights protected by statute and INS regulations and very likely by due process as well where the translation of the asylum application was nonsensical, the accuracy and scope of the hearing translation are subject to grave doubt, appellant misunderstood the nature and finality of the proceeding, and a credible claim which developed following translation was not reviewed"); *Yellen v. Baez*, 676 N.Y.S.2d 724 (N.Y. Civ. Ct. 1997) (reviewing a summary proceeding for failure to pay rent and a warrant of eviction and holding that "both the equal protection clause and due process clause of the New York State Constitution … applied to adjournments necessary to obtain an interpreter or assistance because of a disability"); *Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2019 WL 3937974, at *3-4 (S.D. Fla. Aug. 20, 2019) (denying a motion to compel the deposition of a German national in the Southern District of Florida and denying a motion for an extension of time to take the deposition in German); Warner Bros. Int'l Television Distrib. v. Golden Channels & Co., No. CV 02-09326-MMM (SHSX), 2003 WL 27384422, at *7 (C.D. Cal. Aug. 15, 2003) (holding that the plaintiff must pay for the interpreter of defendant's witness); *E. Bos. Ecumenical Cmty. Council, Inc. v. Mastrorillo*, 124 F.R.D. 14, 15 (D. Mass. 1989) (same); *In re Puerto Rico Elec. Power Auth.*, 687 F.2d 501, 508 (1st Cir. 1982) (holding "*where interrogatories are concerned*, Congress has provided that the requesting party must bear the initial cost of sifting through voluminous documents to get an answer to a question where the documents are certain to contain the answer and where 'the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served....'" (emphasis added)); *Jiajie Zhu v. Jing Li*, No. 19-cv-02534-JSW, 2019 WL 6050961, at *5 (N.D. Cal. Nov. 15, 2019) (declining to dismiss a contract claim for lack of standing on the basis of an uncertified translation of another contract); *NV Petrus SA v. LPG Trading Corp.*, No. 14-CV-3138 (NGG) (PK), 2017 WL 1905820, at *2 (E.D.N.Y. May 8, 2017) (discussing the translation of documents offered as evidence at trial); *States v. Gasperini*, No. 16-CR-441 (NGG), 2017 WL 3140366, at *4 (E.D.N.Y. July 21, 2017) (same); *Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698, 709 (S.D.N.Y. 2016) (reviewing a motion for summary judgment on damages, and noting that "the Court's conclusion does not depend on whether either of the Marengo declarations is admissible"). **In fact, *Consejo de Desarrollo Economico de Mexicali, AC v. United States* actually supports Plaintiffs' position.** 438 F. Supp. 2d 1207 (D. Nev. 2006), *rev'd on other grounds by* 482 F.3d 1157 (9th Cir. 2007). **There, the court "overrule[d] SDCWA's authentication objection to the Second Declaration of Steven**

Hon. Thomas I. Vanaskie, Special Master
April 26, 2021
Page 8

scheduled for ZHP and its subsidiaries, and nearly four of the five months given for these depositions have transpired. ZHP has repeatedly argued that machine translations are acceptable, and the Court has agreed – thus as set forth above, ZHP should be judicially estopped from challenging a ruling it obtained, over objection from Plaintiffs. Drastically changing the ground rules for these depositions at this point would significantly prejudice Plaintiffs and, frankly, undermine the finality and significance of its own rulings for the remainder of the litigation. Further, this Court cannot condone ZHP's constant attempt to reargue this issue and drain Plaintiffs' resources – most notably time and attention that should be focused on other things, such as preparing for depositions. It is clear that Plaintiffs are not the issue here. Perhaps most important, Defendant has not accused Plaintiffs' counsel of misleading a witness based on an English language document, and defense counsel is always allowed to ask for the translator to translate portions of documents and ask follow-up questions if deemed necessary to obtain clarification.

ZHP has had months to prepare for these depositions in accordance with the Court's ordered deposition protocol. The original deposition protocol did not require Plaintiffs to provide any translations of English documents to Mandarin-speaking witnesses, or Mandarin documents to English for the convenience of counsel, and ZHP never even asked for that at the time. Thus, **ZHP's translation "problems" are of its own making and cannot equitably be imposed on Plaintiffs during the final month of depositions**.

---

**P. Larson based on the declaration referencing documents that are written in Spanish. The letters are not offered as evidence, rather they form the basis of Steven P. Larson's opinion."** *Id.* at 1227-28. **Moreover, this long list of inapposite cases, many of which are unpublished, illustrates how much of an unnecessary and frivolous drain this motion practice has been for Plaintiffs and this Court.**

Hon. Thomas I. Vanaskie, Special Master
April 26, 2021
Page 9

In order to properly manually translate just a few pages of text, including reproducing the formatting and graphics in the translated version, it can take multiple hours, at a cost of over $100/hour of translator time, and that is for uncertified translations. Certified translations would cost significantly more and take much longer to complete, as they undergo a stringent quality control process. The diversion of human resources to this project would be extremely prejudicial – for example, Plaintiffs need their full resources to comb through the documents to find documents such as the Mandarin language July 27, 2017 email discovered in the past week which shows that ZHP knew about the NDMA contamination nearly a year before disclosure to the FDA – and likely longer.

Neither the distracting expenditure of such time, nor the cost, is necessary or justified when the current method of consulting a machine translation and then allowing the interpreter to translate documents as needed at deposition is working. In fact, and not touched on by ZHP in complaining about certain machine translations, ZHP is not complaining about all those that have been utilized in the depositions, including 19 of 26 (73%) of those used in the Qiangming Li deposition, and again the ZHP translator can translate any areas requested by counsel or the witness. (Defs.' Ex. A, pp. 5; Defs.' Ex. B, pp.111-12; Defs.' Ex. C, pp. 228-29; Defs.' Ex. D, pp. 332-33). There certainly is no complaint that the translator's translations are not accurate or helpful, and that is the process this Court put in place to balance the equities.

For the foregoing reasons, Plaintiffs request that ZHP's application be denied.

Respectfully,

Adam M. Slater