# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | : MDL No. 19-2875(RBK/KW) : : : : |

**This Order Relates to all Cases**

## SPECIAL MASTER ORDER NO. 19

### May 6, 2021

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Defendants, Zhejiang Huahai Pharmaceutical Co, Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC (collectively the "ZHP Defendants") have filed a Motion for Protective Order Regarding Plaintiffs' Depositions of Chinese National Witnesses. (Doc. 1174). Specifically, Defendants seek a protective order allowing ZHP witnesses who do not speak English to refrain from answering questions based on documents written in English and not accompanied with an accurate and complete translation in Chinese. Counsel for Defendants and Plaintiffs have addressed this matter in briefs filed on the docket. (*See* Docs. 1174-2, 1188, and 1191.)

Pursuant to Fed. R. Civ. P. 26(c), the "[c]ourt may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" In support of their motion for a protective order,

1

Defendants argue that, as a matter of due process and equal protection, ZHP party witnesses who do not read English are entitled to complete, accurate and certifiable Chinese translations of English documents presented to the witnesses for questioning. None of the many cases cited by the ZHP Defendants, however, compel such a conclusion. In opposition to the motion, Plaintiffs argue that such translations are not necessary in view of the availability of contemporaneous translations by qualified interpreters during the depositions, and Defendants' motion is otherwise inconsistent with prior orders on translation in this case.

The issue of translations has been thoroughly briefed and argued. The original deposition protocol did not require Plaintiffs to provide translations of English documents. At the time the protocol was established, Defendants argued the deposition protocol should include a process where the parties would exchange translated documents before the deposition, while Plaintiffs asked the Court to follow the process in *Benicar*, where no document translations were provided to witnesses or to counsel. Instead, Japanese-speaking witnesses were questioned through interpreters, apparently without problems. As Judge Schneider observed, "[i]t wasn't a problem in *Benicar*, it seemed to go smoothly. We certainly didn't go through this type of argument when we did the protocol in that case." (11/24/20 Tr. at 126.) The Court agreed with Plaintiffs, and no translation requirement was imposed as part of the deposition protocol.

2

Now, after depositions of Chinese-speaking witnesses were taken, Defendants raised the argument again. In an effort to reach a compromise in order to facilitate the completion of the ZHP party depositions under the current case management schedule, the Court ordered that Plaintiffs show the ZHP party witnesses machine translations of English documents, and Defendants' objections as to the accuracy of the translations would be preserved.

Although it was not their preferred choice, Defendants explicitly agreed to the use of machine translations, and was fully aware of their potential shortcomings. I did not hold that certified translations were required, and the machine translations were never intended as a complete substitute for the translator. Rather, the machine translations were intended only to provide the witnesses with some additional context as to the portions of the document about which he or she was being questioned. Any deficiencies in the translation may be resolved by the translator.

I decline to impose any further requirements at this stage that would interfere with and prejudice Plaintiff's remaining depositions. As previously noted, no authority has been cited that imposes any obligation to provide translations of English documents used at a deposition where, as here, a human translator is present. None of the cases cited by the ZHP Defendants required that the party taking the deposition provide certified translations of documents as a condition of using them in questioning a foreign-speaking witness. And the ZHP Defendants did not cite any

authority for the proposition that a witness could refuse to answer a question because the witness was not provided a certified translation of the document about which the witness was being questioned. Due process is afforded to the ZHP Defendants in that they retain the ability to object to the accuracy of the machine translations. As I stated during the May 3, 2021 Case Management Conference, "ZHP, the party in this case, will have the right and the ability to question plaintiffs' use of testimony that may have been based upon an unreliable translation by making the appropriate record. Plaintiffs proceed at their peril in asking questions of witnesses with respect to documents shown to have an unreliable translation." (May 3, 2021 Tr. at 84.)

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion for Protective Order (Doc. 1174) is **DENIED.**

*s/ Thomas I. Vanaskie*
Hon. Thomas I. Vanaskie (Ret.)
Special Master

SL1 1686681v1 114548.00002