# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*
Eric D. Katz*
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn
David M. Estes

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

 Member of N.J. & N.Y. Bars

**Writer's Direct Dial**:
(973) 228-0454
**Writer's Email:**
aslater@mazieslater.com

Karen G. Kelsen
Cheryll A. Calderon
Adam M. Epstein
Cory J. Rothbort*
Michael R. Griffith
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater

May 7, 2021

**VIA EMAIL**
TIV@stevenslee.com
Hon. Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

Re: ***In re Valsartan, Losartan, and Irbesartan Liability Litigation***,
    **Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Vanaskie:

Please accept this letter on behalf of the Plaintiffs providing a status update on the discovery requests discussed at the most recent hearing with the Court. For the Court's convenience, Plaintiffs have listed the discovery demands set forth in their April 27, 2021 agenda letter and then provided the current status of that request in bold immediately below each:

1. Production of custodial files for all parties to the July 27, 2017 email (ZHP00190573, Ex. S to Pls.' 4/27/2021 Agenda Letter), that have not been produced to date, including:

    (a) Jinsheng LIN
    (b) Tianpei HUANG
    (c) Wangwei CHEN
    (d) Wenquan ZHU
    (e) Wenbin CHEN
    (f) Peng WANG
    (g) Wenling ZHANG

Hon. Thomas I. Vanaskie, Special Master
May 7, 2021
Page 2

**ZHP has agreed to produce the custodial files for (a), (b), and (c), and has agreed to review the other custodial files as well as those for Jucai GE, Min LI, Peng DONG, Lihong LIN, and Yanfeng LIU, and, if necessary, to supplement the production with any additional responsive, non-privileged documents. At Plaintiffs' request, ZHP has also agreed to produce custodial files for Guojun FANG, Peng LIU, and Wei WANG. Plaintiffs ask the Court to order the production of these custodial files, including supplementation of those previously produced, within two weeks of today's date.**

2. Production of the custodial file for Xiaofang (Maggie) Kong.

**ZHP has refused to produce this custodial file. However, Min Li testified that Ms. Kong is Baohua Chen's Chief of Staff and coordinated his meetings regarding the contamination of ZHP's valsartan. (4/22/2021 Tr. of Min Li. Dep. 596:1-17, Ex. B to Pls.' 4/27/2021 Agenda Letter). Moreover, at least one email shows Ms. Kong sending edits of the recall letter and press release regarding ZHP's contaminated valsartan to Jun Du, another important witness in this case. (PRINSTON00372536). There is certainly no prejudice to ordering this relevant production. The Court should order the production of this custodial file.**

3. The addition of the following search terms to be searched across all custodians, based on the references to the patent in the July 27, 2017 email:

   a. Zheijiang Second Pharma
   b. CN103613558A
   c. Impurity K
   d. NALCO
   e. Hypochlorite

**ZHP has agreed to this request. The Court should order its completion within two weeks of today.**

Hon. Thomas I. Vanaskie, Special Master
May 7, 2021
Page 3

4. Documents related to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ discussed in the July 27, 2017 email) (*see* ZHP02636960).

**ZHP has agreed to this request. The Court should order its completion within two weeks of today.**

5. All copies, including drafts, of the report identified at tab 3, row 54 of ZHP01391683. This is the report that was buried and not issued since "the impurity involved was sensitive."

**ZHP has agreed to this request. The Court should order production of the report, or an affidavit from a corporate officer confirming the document cannot be located, within five days.**

6. Production of custodial files for individuals involved in the testing, drafting, and preparation of above-reference report, including but not limited to:

    a. Huang Tianpei
    b. Li Dan

**ZHP has agreed to this request. The Court should order its completion within two weeks of today.**

7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*see* ZHP01838590, Ex. DD hereto, ZHP02333049, Ex. EE to Pls.' 4/27/2021 Agenda Letter), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**ZHP has agreed to this request. The Court should order its completion within two weeks of today.**

8. Plaintiffs request unredacted copies of ZHP01838590 and ZHP02333049 with working document hyperlinks for the same reasons as (7) above.

**ZHP has agreed to review the processing of certain embedded objects that did not render. It has also agreed to "reconsider" its redactions of these documents. The Court should order the production of fully viewable and unredacted documents within two weeks of today.**

Hon. Thomas I. Vanaskie, Special Master
May 7, 2021
Page 4

9. Emails authored, sent, or received by Peng Dong (and their attachments) prior to December 12, 2017.

**ZHP has agreed to this request. The Court should order this production to be completed, and if the emails cannot be identified, for an appropriate corporate officer to sign an affidavit to that effect, within five days.**

10. Litigation hold letters sent to all custodians including records demonstrating what devices were subject to the litigation hold for each custodian.

**ZHP has refused to produce these letters. However, in light of the significant gaps in discovery identified in Plaintiffs' April 27, 2021 agenda letter, and the apparent failure to collect and search all electronic devices of custodians, the Court should order the production of the litigation hold letters within 5 days.**

11. Records identifying the process by which the collection of devices and data was carried out pursuant to the litigation holds, including when performed and by whom.

**ZHP has refused to produce these records. However, in light of the significant gaps in discovery identified in Plaintiffs' April 27, 2021 agenda letter, the Court should order the production of this information within two weeks. There is certainly nothing privileged about the mechanics of the collection that was carried out.**

12. All records, including personnel files if necessary, associated with broken cell phones and/or laptop computers for all custodians, including the date of occurrence and when and how the device was replaced, and location and status of the broken device. This includes, but is not limited to:

    a. Complete documentation associated with Min Li's broken Lenovo ThinkPad and Samsung Phone, including when the devices were rendered unusable, what steps were taken to retrieve information from the devices, what information was recovered from the devices and what information was destroyed, onto what device the recovered information was transferred and on which date the transfer occurred, and the location and status of the broken devices. To the extent this information is only in Min Li's or another person's records, that should be ordered produced as well.

Hon. Thomas I. Vanaskie, Special Master
May 7, 2021
Page 5

**ZHP has agreed to this request with regard to Min Li and Eric Gu, while Plaintiffs reserve their rights as to all other defense employees. The Court should order the production completed within two weeks of today.**

13. Emails, notes, calendar entries, and meeting minutes from internal ZHP meetings for all custodians associated with the discovery of NDMA in ZHP's sartans. This includes but is not limited to:

    a. The approximately 5-9 meetings Min Li attended with Baohua Chen;

    b. QA / QR or QC meetings organized or attended by Qiangming Li.

**ZHP has agreed to this request. The Court should order the production completed within two weeks of today.**

14. All records and documentation associated with Min Li's meeting with "multi-national companies" where the decision was made by ZHP to limit its investigation of unknown peaks smaller than 20.

**ZHP has not responded to this request. The Court should order the production completed within two weeks of today.**

15. All records associated with the March 12, 2018 testing investigation of valsartan API Batch No. ▇▇▇▇▇▇, including but not limited to all GC-MS testing data and cGMP documentation associated with the investigation. To the extent ZHP claims it has already been produced, ZHP should affirmatively identify the Bates ranges for such documentation.

**ZHP has agreed to this request. The Court should order the production completed within two weeks of today.**

16. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (PRINSTON0075797, Ex. FF to Pls.' 4/27/2021 Agenda Letter)  As such, Plaintiffs request the complete production of all batch testing records. To the extent ZHP claims it has already been produced, ZHP should affirmatively identify the Bates ranges for such testing.

Hon. Thomas I. Vanaskie, Special Master
May 7, 2021
Page 6

**ZHP has agreed to this request. The Court should order the production completed within two weeks of today.**

    Thank you for your consideration.

    Respectfully,

    Adam M. Slater