# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Thomas I. Vanaskie (Ret.), Magistrate Judge |

### DECLARATION OF YANG XUEYU

1.    I am a partner of Yun Zheng Law Firm (in association with Hui Zhong Law Firm, collectively "Hui Zhong").

2.    I graduated *magna cum laude* from Wuhan University and obtained a bachelor's degree in law in 1999.  I obtained master's degrees in law from Zhejiang University and the University of Wisconsin – Madison in 2002 and 2004, respectively. I am an attorney qualified to practice law in China and the State of New York since 2002 and 2005, respectively.

3.    Hui Zhong is a China-based boutique law firm specializing in domestic and international dispute resolution.  Hui Zhong provides services to domestic and international clients from offices in Beijing, Shanghai, Shenzhen and Hong Kong. The lawyers of Hui Zhong have substantial experience in representing clients in Chinese litigation and arbitration proceedings, international arbitration proceedings,

investment treaty arbitration proceedings, as well providing expert opinions or other advisory opinions in foreign jurisdictions on matters of the laws of the People's Republic of China ("PRC") laws.

4.    In connection with this litigation, Hui Zhong was retained by Defendant Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP") to review documents collected in response to Plaintiffs' document requests for information which would be subject to China's laws related to state secrecy.  The documents reviewed by Hui Zhong were maintained by ZHP and two of its non-party China-based subsidiaries, Prinbury Biopharm Co., Ltd. ("Prinbury") and Shanghai Syncores Technologies, Inc. ("Syncores").

5.    I specialize in cross-border commercial arbitration and litigation, especially complex contentious matters involving multiple jurisdictions.  I have advised both domestic and foreign clients in a broad range of sectors such as real estate, construction, IT, biotechnology, hi-tech, and automobiles in proceedings conducted at the ICSID, PCA, ICC, HKIAC, SIAC, CIETAC, BAC and different levels of domestic courts including the Supreme People's Court of China.

6.    I submit this declaration in opposition to Plaintiffs' May 10, 2021 motion to compel the production of 23 documents withheld as Chinese state secrets ("Motion to Compel").

2

## BACKGROUND OF CHINA'S STATE SECRECY LAWS

7.    China has enacted a system of laws and regulations intended to guard and keep confidential its state secrets, which mainly consists of the PRC Constitution, the PRC Law on Guarding State Secrets ("Guarding State Secrets Law"), the PRC Criminal Law, the PRC National Security Act, the PRC Cyber Security Law, the Implementing Regulations of the Law on Guarding State Secrets and the PRC Regulations on Disclosure of Government Information ("Regulations on Disclosure of Government Information"), with the Guarding State Secrets Law at the center of this system of laws and regulations.

8.    The scope of what constitutes state secrecy under these PRC laws is broad. As determined by the nature of the state secrecy, almost all of the documents that may potentially involve state secrets are documents made, produced, reviewed, circulated, or preserved by a government organ, or are documents made by non-government entities but contain or reflect state secrecy information obtained from a government organ.

9.    These concepts are reflected in the Guarding State Secret Law as well as the Regulations on Disclosure of Government Information, specifically:

3

- Article 2 of the Guarding State Secrets Law[1] provides: "[s]*tate secrets refer to **matters which relate to the national security and interests** as determined under statutory procedures and to which access is vested in a limited scope of persons during a given period of time.*"

- Article 9 of the Guarding State Secrets Law provides: "The following matters which relate to the national security and interests and the leakage of which may damage the national security and interests in the field of politics, economy, national defense, foreign affairs, etc. shall be determined as state secrets*: (1) Classified matters involved in the key policy decisions on state affairs; (2) Classified matters involved in the national defense construction and armed force activities; (3) Classified matters involved in the diplomatic and foreign affair activities and classified matters involved in the state's international obligation of secrecy; (4) **Classified matters involved in the national economic and social development**; (5) Classified matters involved in science and technology; (6) Classified matters involved in the activities of maintaining*

---

[1] In this Declaration, I rely on the full effect and meaning of the Chinese text of the Guarding State Secrets Law. It is noted that in my Declaration dated 15 March 2021 the English translation the Guarding State Secrets Law does not reflect accurately the meaning of the original Chinese text. For example, the English translation of Article 2 of the Guarding State Secrets Law cited in the Declaration dated 15 March 2021 states: "*[s]tate secrets shall be matters that have a vital bearing on State security and national interests…*", whereas the Chinese text does not include the Chinese word of "*vital*" nor implicate the meaning of "*vital*" in Article 2. A different version of the English translation of the Guarding State Secrets is annexed to this Declaration (see <u>Annex 1</u> hereto).

*national security and investigating criminal offences; and (7) Others classified matters as determined by the state secrecy administrative department.*"

- Article 2 of the Regulations on Disclosure of Government Information provides: "*[f]or the purposes of these Regulations, **the term "government information" shall mean the information prepared or obtained by administrative organs** in the process of performance of administrative duties and functions and recorded and preserved in a certain form.*"

10.     Several PRC cases shed light on the broad scope of state secrecy.  For example, information that has been classified as state secret information includes: the unpublished industrial statistics in the possession of the National Statistics Bureau; unpublished data legally obtained in an expert consulting meeting; government documents marked as "confidential"; the case files made by a court; and questions on a national exam illegally obtained before the exam took place.

11.     The power of classification is solely vested in the PRC government. Under Article 13 of the Guarding State Secrets Law, the PRC government has broad power to classify government documents or policies as state secrets proactively or retroactively.  Further, under the Regulations on Disclosure of Government Information, the government organ involved in the formation of the information has

the authority to decide whether to disclose the information either on its own initiative or upon application.

12.    As disclosing government information is a matter determined by the government organ involved, the government organ would apply laws and regulations related to state secrets when making a decision regarding disclosure, specifically:

- Article 27 of the Implementing Regulations of the Law on Guarding State Secrets provides: "*[t]he entity that holds a meeting or organizes any other activity that involves State secrets shall take the following confidentiality measures: (1) It shall determine the classification level of the meeting or activity according to its contents, work out the confidentiality plan and limit the scope of participants; (2) It shall use the premises, equipment and facilities that are in compliance with the confidentiality provisions and standards of the State; (3) It shall manage carriers of State secrets in accordance with the confidentiality provisions of the State; and (4) It shall impose specific confidentiality requirements on the participants.*"

- Article 10 of the Regulations on Disclosure of Government Information provides: "*[g]overnment information prepared by an administrative organ shall be disclosed by the administrative organ preparing such government information. The government information*

6

*obtained by an administrative organ from citizens, legal persons and other organizations shall be disclosed by the administrative organ preserving such government information; the government information obtained by an administrative organ from other administrative organs shall be disclosed by the administrative organ preparing or originally obtaining such government information. Where the authority for disclosing government information is otherwise provided for by laws and regulations, such provisions shall prevail. A dispatched office or internal department of administrative organs, if externally performing administrative duties and functions in its own name in accordance with laws and regulations, may be responsible for disclosing the government information relating to the administrative duties and functions performed thereby. The government information prepared by two or more administrative organs jointly shall be disclosed by the administrative organ taking the lead in the preparation.*"

- Article 13 of the Regulations on Disclosure of Government Information provides: "*[g]overnment information other than that prescribed in Article 14, Article 15 and Article 16 hereof shall be disclosed. Administrative organs shall disclose government*

*information by way of disclosure on their own initiatives and disclosure upon application.*"

- Article 14 of the Regulations on Disclosure of Government Information provides: "*The government information legally determined as the State's secrets, the government information prohibited to be disclosed under laws and administrative regulations and the government information of which the disclosure may endanger the national security, public security, economic security or social stability shall not be disclosed.*"

- Article 16 of the Regulations on Disclosure of Government Information provides: "*[i]nformation on the internal affairs of administrative organs, including the information on personnel management, logistics management, internal work process and other aspects, may not be disclosed. The records of discussions, process drafts, consultation letters, instruction request reports and other process-related information formed by administrative organs during performance of administrative duties and functions as well as the information on administrative law enforcement case files may not be disclosed. However if disclosure of such information is required*

under the provisions of laws, regulations or rules, the provisions shall prevail."

- Article 17 of the Regulations on Disclosure of Government Information provides: "[a]dministrative organs shall set up and improve the government information disclosure review mechanism and specify the procedures and responsibilities for the review. Administrative organs shall, in accordance with the Law of the People's Republic of China on Guarding State Secrets as well as other laws, regulations and the relevant provisions of the State, review the government information to be disclosed. If an administrative organ cannot determine whether or not the relevant government information may be disclosed, it shall, in accordance with laws, regulations and the relevant provisions of the State, report such matter to the relevant competent department or the secret-guarding administrative department for decision."

13.    Where any person or entity is found to have improperly disclosed state secret information which is classified as such by the PRC government either proactively or retroactively, the individual and/or entity may be subject to severe penalties ranging from administrative fines to a criminal sentence.

## REVIEW OF DOCUMENTS COLLECTED FROM ZHP, PRINBURY, AND SYNCORES

14.   Prior to Hui Zhong's review of the documents at issue, ZHP engaged two separate China-based law firms to perform a first level review of documents collected in response to Plaintiffs' document requests to determine if the documents were subject to China's state secrecy laws.  Documents that these firms determined were subject to China's state secrecy laws were logged by the firms.

15.   After this review was complete, Hui Zhong performed a second level review of the documents logged during the first level review as a quality check of the work performed by the other two law firms.

16.   I have personally reviewed the 23 documents listed in Plaintiffs' Motion to Compel.

17.   The 23 documents at issue all concern information that arose from ZHP's communications with different government organs on different occasions. Some documents were prepared and sent to ZHP by the government organs, whilst others were made by ZHP that memorialize or summarize the government information. They include ways that different government organs carry out their work in the course of their duties of regulating and supervising matters that concern national economic and social development.

18.   ZHP's communications with different levels of government authorities regarding the government's regulatory responses to and views of the recall of

valsartan (a matter of public health and the pharmaceutical industry, both of which are subject to the PRC government's state secrecy classifications), I am of the view that the PRC government organs whose information is reflected in the logged documents would consider the information contained therein to be "*matters which relate to the **national security and interests***" under Article 2 of the Guarding State Secrets Law, and, specifically, "*[c]lassified matters involved in the national economic and social development*" under Article 9 (4) of the Guarding State Secrets Law.

19.    As noted above, the PRC government has broad power to classify governmental documents or policies as state secrets *proactively* or *retroactively*. Accordingly, the fact that only 1 out of the 23 documents at issue has been expressly classified as confidential does not mean that the remaining documents do not contain or reflect state secrets, as a document does not need to be expressly marked confidential by a government organ in order to be considered state secret information.

20.    In addition, because these documents were made either by government organs (through the acts of government officials) or memorialize or summarize the communications between ZHP and PRC government organs, they are also considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure. ZHP is therefore required to follow the procedure set out

in the Regulations on Disclosure of Government Information and is barred from disclosing such government information without prior approval from the government.

21.    To confirm my understanding of the laws, regulations and practice, I instructed three Hui Zhong lawyers who were involved in the document review to approach two regulators of the pharmaceutical industry by telephone and obtained the regulators' views on the production of the documents at issue.  The response of the department of policy and regulation of Zhejiang Medical Products Administration was that it is not proper for a privately-owned entity like ZHP to make the decision on disclosure in U.S. litigation proceedings on its own.  Similarly, the response from the National Medical Products Administration was that ZHP should consult the opinion of the specific department from which the documents concern. Hui Zhong is not able to provide an opinion as to if and/or when the relevant PRC government departments will provide such approval.

22.    In conclusion, based on the laws, regulations and cases mentioned above, I arrived at the conclusion that the 23 documents at issue may implicate state secrecy information and therefore should not be produced by ZHP without prior consent given by the relevant PRC government organs.

## PLAINTIFFS' INCORRECT INTERPRETATION OF CHINESE LAW

23.    I have reviewed Plaintiffs' Motion to Compel and Memorandum of Law in support thereof.

24.    Based on my practice of law in China, Plaintiffs' conclusory assertion that the documents at issue "do not contain Chinese state secrets" is a misinterpretation or misapplication of the legal provisions that prohibit the production of the documents at issue.

25.    In short, Plaintiffs have attempted to substitute their own judgment as to what constitutes a "state secret" under Chinese law rather than relying on the applicable statutes and regulations outlined herein.  Further, Plaintiffs have injected their own evaluation of what they believe China's national interests should be, rather than relying on what the government itself has stated its national interests actually are, which reflects a lack of understanding as to how these laws are promulgated, interpreted, and applied in the PRC.

26.    Indeed, the small number of documents at issue are those which squarely fall within China's state secrecy laws. Specifically:

    a.    **PRINBURY00142827 (produced in redacted form):** This document contains meeting minutes for a meeting between ZHP and the Center for Drug Evaluation of the China National Medical Products Administration ("CDE") regarding improving the quality of the valsartan product.

    b.    **PRINBURY00148044**: This document contains ZHP meeting minutes which reflect certain governmental requirements the CDE

13

communicated to ZHP, as well ZHP's planned communications with the CDE regarding a deficiency letter it received regarding its application to market valsartan tablets in China.

c. **ZHP02459190 (produced in redacted form)**: This document contains meeting minutes between ZHP and the Taizhou Medical Products Administration ("TMPA") concerning irbesartan genotoxic impurities.

d. **ZHP02557672 (produced in redacted form)**: This document is an invitation for a seminar on quality control of genotoxic impurities of chemical drugs, in which the CDE expressly required ZHP to keep the information contained therein confidential.

e. **ZHP02604526 (produced in redacted form)**: This document contains meeting minutes with National Medical Products Administration and Zhejiang Medical Products Administration, and reflects the government agencies' communications regarding an inspection onsite at ZHP.

f. **ZHP02605097 (produced in redacted form)**: This document contains meeting minutes with the National Medical Products Administration concerning the irbesartan API process and nitrosamine impurities and reflects the agency's communications to ZHP on this issue.

g. **ZHP02605629**: This is a report on the detection of NDMA impurities in the valsartan API prepared for the National Medical Products Administration and requesting certain guidance from the agency.

h. **ZHP02608269**: This document is a direct email communication with the Director General of the Food and Drug Administration of Zhejiang Province regarding the public announcement that NDMA was present in valsartan, including certain questions posed by the agency to ZHP.

i. **ZHP02608270**: This document contains information that is nearly duplicative of that contained in ZHP02608269.

j. **ZHP02608279 (produced in redacted form)**: This document contains ZHP's response to questions raised by the Zhejiang Medical Products Administration regarding the discovery of nitrosamine impurities in valsartan.

k. **ZHP02613610 (produced in redacted form)**: This document contains communications regarding a meeting between ZHP and officials from the CDE on the specification of valsartan products and their exemption from bioequivalence determinations.

l. **ZHP02615167**: This document contains a summary of the reports provided to the Chinese authorities regarding the nitrosamine impurities in valsartan, including the CDE, the Zhejiang Medical Products Administration and Taizhou municipal government.

m. **ZHP02621763 (produced in redacted form)**: This document reflects information intended for the Zhejiang Medical Products Administration requesting guidance on data protection law and state secrecy statutes in light of valsartan-related litigation.

n. **ZHP02622051 (produced in redacted form)**: This document is a report from the Zhejiang Medical Products Administration to ZHP regarding an on-site inspection.

o. **ZHP02622054 (produced in redacted form)**: This document is an inspection summary of experts from National Institute for Food and Drug Control, Center for Drug Evaluation, Zhejiang Food and Drug Administration regarding irbesartan.

p. **ZHP02622056**: This document is a report to the Taizhou municipal government regarding public sentiment and misleading information about ZHP published online.

q. **ZHP02622057**: This document is a report to the Taizhou municipal government regarding the discovery of nitrosamines in valsartan and contains the views of the Taizhou government.

r. **ZHP02622059 (produced in redacted form)**: This document is a report to the Taizhou Administration for Market Regulation

regarding an update on the information published online relating to the FDA warning letters.

s. **ZHP02622064 (produced in redacted form)**: This document is a report to the Taizhou municipal government regarding untrue information published online regarding the existence of nitrosamines in valsartan issue.

t. **ZHP02636529 (produced in redacted form)**: This document is an update on the actions took by ZHP in response to the existence of nitrosamines in valsartan, which include communications between ZHP and the Taizhou municipal government.

u. **ZHP02636533 (produced in redacted form)**: This document is a report to Zhejiang Medical Products Administration regarding ZHP's plan to resolve the issues related to the nitrosamine impurity in valsartan.

v. **ZHP02636534**: This document is a report to the Taizhou Commerce Bureau regarding the import ban of ZHP product by the EU and the United States.

w. **ZHP02649530**: This document is a report sent to the National Food and Drug Administration regarding NDMA in valsartan.

27.   The documents hereinabove are related to ZHP's products sold in the Chinese market, containing the Chinese government organs' opinions, viewpoints and comments with respect to existence of nitrosamines in valsartan. I believe the Chinese government may view the existence of nitrosamines in valsartan as a matter of public health and safety. Accordingly, these documents may fall within the *"matters which relate to the national security and interests"* under Article 2 of the Guarding State Secrets Law, and, specifically, *"[c]lassified matters involved in the national economic and social development"* under Article 9 (4) of the Guarding State

16

Secrets Law. In addition, because these documents memorialize information received from and prepared for the government, these documents would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

## POSSIBILITY OF SANCTIONS UNDER CHINESE LAW

28. Non-compliance with the state secret-related laws and regulations, as noted above, can have very serious consequences. The disclosing party may be subject to administrative disciplinary measures. Further, it constitutes a criminal offence to steal, spy, purchase or illegally provide state secrets on behalf of or to any foreign institution, organization or individual, and imprisonment up to seven years might be imposed. Relevant legal provisions are as follows:

- Article 48 of the Guarding State Secrecy Law provides: "*[w]hoever commits any of the following conduct in violation of this Law shall be subject to a disciplinary action; and if a crime is constituted, be subject to criminal liability: (1) Illegally acquiring or holding any state secret carrier; (2) Purchasing, selling, transferring or privately destroying any state secret carrier; (3) Transmitting any state secret carrier via ordinary mail, express mail or any other channel without secrecy safeguards; (4) Sending any state secret carrier out of this country by mail or consignment*

*or carrying or transmitting any state secret carrier out of this country without the approval of the relevant competent authorities; (5) Illegally reproducing, recording or storing any state secret; (6) Referring to any state secret in private contact or correspondence; (7) Transmitting any state secret on the Internet or any other public information network or in any wire or radio communication without secrecy safeguards; (8) Connecting any secret-related computer or storage device to the Internet or any other public information network; (9) Exchanging message between a secret-related information system and the Internet or any other public information network without taking any safeguard measures; (10) Storing or processing state secret information by using any computer or storage device which is not a secret-related computer or storage device; (11) Uninstalling or modifying the safety technique program or management program of a secret-related information system without permission; or (12) Presenting, selling, abandoning or using for any other purpose any secret-related computer or storage device which has ceased to be used but not undergone treatment by security techniques.*"

- Article 111 of the PRC Criminal Law provides: "*[w]hoever steals, secretly gathers, purchases, or illegally provides state secrets or intelligence for an organization, institution, or personnel outside the*

18

*country is to be sentenced from not less than five years to not more than 10 years of fixed-term.*"

- Article 282 of the PRC Criminal Law provides: "*[w]hoever illegally acquires state secrets by stealing, secretly gathering, and purchasing is to be sentenced to not more than three years of fixed-term imprisonment, limited incarceration, probation, or deprivation of political rights; when the circumstances are serious, the sentence is to be not less than three years but not more than seven years of fixed-term imprisonment. Whoever possesses documents, information, or other articles which are top secret or classified information of the state, and refuses to state their origins or use, is to be sentenced to not more than three years of fixed-term imprisonment, limited incarceration, or probation.*"

29.    Therefore, if ZHP and its employees produce the 23 documents at issue without the prior consent of the PRC government, they may be subjected to the severe penalties set out above.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT TO THE BEST OF MY KNOWLEDGE THE FOREGOING IS TRUE AND CORRECT.

Executed on May 21, 2021 in Beijing, China.

Yang Xueyu, Declarant



[CLI Code]: CLI.1.129605(EN)

# Law of the People's Republic of China on Guarding State Secrets (2010 Revision)
# 中华人民共和国保守国家秘密法（2010 修订）

| | |
|---|---|
| Order of the President of the People's Republic of China | 中华人民共和国主席令 |
| (No.28) | （第 28 号） |
| The Law of the People's Republic of China on Guarding State Secrets, as amended, was adopted at the 14th meeting of the Standing Committee of the 11th National People's Congress of the People's Republic of China on April 29, 2010, is hereby promulgated, and shall come into force on October 1, 2010. | 《中华人民共和国保守国家秘密法》已由中华人民共和国第十一届全国人民代表大会常务委员会第十四次会议于 2010 年 4 月 29 日修订通过，现将修订后的《中华人民共和国保守国家秘密法》公布，自 2010 年 10 月 1 日起施行。 |
| Hu Jintao, President of the People's Republic of China | 中华人民共和国主席 胡锦涛 |
| April 29, 2010 | 2010 年 4 月 29 日 |
| Law of the People's Republic of China on Guarding State Secrets | 中华人民共和国保守国家秘密法 |
| (Adopted at the 3rd meeting of the Standing Committee of the 7th National People's Congress on September 5, 1988 and amended at the 14th meeting of the Standing Committee of the 11th National People's Congress of the People's Republic of China on April 29, 2010) | （1988 年 9 月 5 日第七届全国人民代表大会常务委员会第三次会议通过 2010 年 4 月 29 日第十一届全国人民代表大会常务委员会第十四次会议修订） |

Contents

目录

| | |
|---|---|
| Chapter I General Provisions | 第一章 总则 |
| Chapter II Scope and Classification of State Secrets | 第二章 国家秘密的范围和密级 |
| Chapter III Secrecy Provisions | 第三章 保密制度 |
| Chapter IV Supervision and Administration | 第四章 监督管理 |
| Chapter V Legal Liability | 第五章 法律责任 |
| Chapter VI Supplementary Provisions | 第六章 附则 |

| | |
|---|---|
| Chapter I General Provisions | 第一章 总则 |
| **Article 1** This Law is formulated to guard state secrets, protect the national security | **第一条** 为了保守国家秘密，维护国 |

Saved on: 05-13-2021



[CLI Code]: CLI.1.129605(EN)

and interests and guarantee the smooth implementation of reform, opening up and socialist construction.

家安全和利益，保障改革开放和社会主义建设事业的顺利进行，制定本法。

**Article 2** State secrets refer to matters which relate to the national security and interests as determined under statutory procedures and to which access is vested in a limited scope of persons during a given period of time.

**第二条** 国家秘密是关系国家安全和利益，依照法定程序确定，在一定时间内只限一定范围的人员知悉的事项。

**Article 3** State secrets shall be protected by law.

**第三条** 国家秘密受法律保护。

All state organs, armed forces, political parties, social organizations, enterprises, public institutions and citizens shall have the obligation of guarding state secrets.

一切国家机关、武装力量、政党、社会团体、企业事业单位和公民都有保守国家秘密的义务。

Any conduct endangering the safety of state secrets must be subject to legal liability.

任何危害国家秘密安全的行为，都必须受到法律追究。

**Article 4** The work of guarding state secrets (hereinafter referred to as the "secrecy work") shall be carried out under the guideline of "actively preventing leakage, giving prominence to key matters and managing state secrets according to law", so that state secrets are kept safe while information resources are reasonably utilized.

**第四条** 保守国家秘密的工作（以下简称保密工作），实行积极防范、突出重点、依法管理的方针，既确保国家秘密安全，又便利信息资源合理利用。

Matters that shall be disclosed as required by laws and administrative regulations shall be disclosed according to law.

法律、行政法规规定公开的事项，应当依法公开。

**Article 5** The state secrecy administrative department shall be responsible for the secrecy work throughout the country. The local secrecy administrative departments at and above the county level shall be responsible for the secrecy work within their respective administrative regions.

**第五条** 国家保密行政管理部门主管全国的保密工作。县级以上地方各级保密行政管理部门主管本行政区域的保密工作。

**Article 6** A state organ or an entity involved in any state secret (hereinafter referred to as "organ or entity") shall administer the secrecy work of the organ or entity.

**第六条** 国家机关和涉及国家秘密的单位（以下简称机关、单位）管理本机关和本单位的保密工作。

A central state organ shall, within its functions, administer or guide the secrecy work within its system.

中央国家机关在其职权范围内，管理或者指导本系统的保密工作。

**Article 7** An organ or entity shall apply a responsibility system for its secrecy work, establish complete secrecy management rules, improve its secrecy measures, carry out publicity and education on secrecy, and strengthen secrecy inspection.

**第七条** 机关、单位应当实行保密工作责任制，健全保密管理制度，完善保密防护措施，开展保密宣传教育，加强保密检查。

**Article 8** The state shall reward entities or individuals which have made extraordinary contributions to guarding or protecting state secrets as well as improving secrecy

**第八条** 国家对在保守、保护国家秘密以及改进保密技术、措施等方面成

Saved on: 05-13-2021



[CLI Code]: CLI.1.129605(EN)

| | |
|---|---|
| techniques, measures, etc. | 绩显著的单位或者个人给予奖励。 |

| | |
|---|---|
| Chapter II Scope and Classification of State Secrets | 第二章 国家秘密的范围和密级 |
| **Article 9** The following matters which relate to the national security and interests and the leakage of which may damage the national security and interests in the field of politics, economy, national defense, foreign affairs, etc. shall be determined as state secrets: | **第九条** 下列涉及国家安全和利益的事项，泄露后可能损害国家在政治、经济、国防、外交等领域的安全和利益的，应当确定为国家秘密： |
| 1. Classified matters involved in the key policy decisions on state affairs; | （一）国家事务重大决策中的秘密事项； |
| 2. Classified matters involved in the national defense construction and armed force activities; | （二）国防建设和武装力量活动中的秘密事项； |
| 3. Classified matters involved in the diplomatic and foreign affair activities and classified matters involved in the state's international obligation of secrecy; | （三）外交和外事活动中的秘密事项以及对外承担保密义务的秘密事项； |
| 4. Classified matters involved in the national economic and social development; | （四）国民经济和社会发展中的秘密事项； |
| 5. Classified matters involved in science and technology; | （五）科学技术中的秘密事项； |
| 6. Classified matters involved in the activities of maintaining national security and investigating criminal offences; and | （六）维护国家安全活动和追查刑事犯罪中的秘密事项； |
| 7. Others classified matters as determined by the state secrecy administrative department. | （七）经国家保密行政管理部门确定的其他秘密事项。 |
| A political party's classified matters which conform to the provisions of the preceding paragraph shall be state secrets. | 政党的秘密事项中符合前款规定的，属于国家秘密。 |
| **Article 10** State secrets shall be classified into three levels: top-secret, secret and confidential. | **第十条** 国家秘密的密级分为绝密、机密、秘密三级。 |
| State secrets at the top-secret level are the most important state secrets, the leakage of which would cause extraordinarily serious damage to the national security and interests; state secrets at the secret level are important state secrets, the leakage of which would cause serious damage to the national security and interests; state secrets at the confidential level are ordinary state secrets, the leakage of which would cause damage to the national security and interests. | 绝密级国家秘密是最重要的国家秘密，泄露会使国家安全和利益遭受特别严重的损害；机密级国家秘密是重要的国家秘密，泄露会使国家安全和利益遭受严重的损害；秘密级国家秘密是一般的国家秘密，泄露会使国家安全和利益遭受损害。 |
| **Article 11** The specific scope of state secrets and scope of each classification level shall be determined by the state secrecy administrative department respectively with the foreign affairs department, the public security department, the national security department and other relevant central organs. | **第十一条** 国家秘密及其密级的具体范围，由国家保密行政管理部门分别会同外交、公安、国家安全和其他中央有关机关规定。 |



[CLI Code]: CLI.1.129605(EN)

The scope of state secrets in the military field and the scope of each classification level shall be determined by the Central Military Commission.

军事方面的国家秘密及其密级的具体范围，由中央军事委员会规定。

Provisions on the specific scope of state secrets and scope of each classification level shall be published within a certain range and adjusted in light of changes of situations.

国家秘密及其密级的具体范围的规定，应当在有关范围内公布，并根据情况变化及时调整。

**Article 12** The person in charge of an organ or entity or any person designated by him shall be the state secret decider responsible for the determination, change and declassification of state secrets of the organ or entity.

**第十二条** 机关、单位负责人及其指定的人员为定密责任人，负责本机关、本单位的国家秘密确定、变更和解除工作。

To determine, change or declassify a state secret of an organ or entity, the handling person shall put forward a specific proposal subject to the examination and approval of the state secret decider.

机关、单位确定、变更和解除本机关、本单位的国家秘密，应当由承办人提出具体意见，经定密责任人审核批准。

**Article 13** The classification levels of state secrets shall be determined within the powers to determine state secrets.

**第十三条** 确定国家秘密的密级，应当遵守定密权限。

Central state organs, provincial organs and organs or entities authorized by them shall have the powers to determine state secrets at the top-secret level, the secret level and the confidential level. Organs of districted cities and autonomous prefectures and organs or entities authorized by them shall have the powers to determine state secrets at the secret level and the confidential level. The specific powers to determine state secrets and scope of authorization shall be prescribed by the state secrecy administrative department.

中央国家机关、省级机关及其授权的机关、单位可以确定绝密级、机密级和秘密级国家秘密；设区的市、自治州一级的机关及其授权的机关、单位可以确定机密级和秘密级国家秘密。具体的定密权限、授权范围由国家保密行政管理部门规定。

Where an organ or entity executes a state secrete determined by its superior and needs to classify the state secret, it shall follow the classification level of the executed state secret. Where an organ or entity considers that the determination of classification level of a state secret which arises in the organ or entity is within the powers of its superior, it shall take secrecy measures in advance and report it immediately to the superior for determination. If it has no superior, it shall immediately apply to the competent business department or secrecy administrative department which has the corresponding determination powers.

机关、单位执行上级确定的国家秘密事项，需要定密的，根据所执行的国家秘密事项的密级确定。下级机关、单位认为本机关、本单位产生的有关定密事项属于上级机关、单位的定密权限，应当先行采取保密措施，并立即报请上级机关、单位确定；没有上级机关、单位的，应当立即提请有相应定密权限的业务主管部门或者保密行政管理部门确定。

The public security and national security organs shall, within their respective scopes of work, determine the classification levels of state secrets within the prescribed powers.

公安、国家安全机关在其工作范围内按照规定的权限确定国家秘密的密级。

Saved on: 05-13-2021



[CLI Code]: CLI.1.129605(EN)

**Article 14** An organ or entity shall determine the classification level of a state secret arising in the organ or entity pursuant to the provisions on the specific scope of state secrets and scopes of classification levels, as well as the secrecy period and access scope.

**第十四条** 机关、单位对所产生的国家秘密事项，应当按照国家秘密及其密级的具体范围的规定确定密级，同时确定保密期限和知悉范围。

**Article 15** The secrecy period of a state secret shall be a necessary period of time set according to the nature and characteristics of the matter and the needs for maintaining the national security and interests. Where it is impossible to determine the secrecy period, the conditions for declassification shall be determined.

**第十五条** 国家秘密的保密期限，应当根据事项的性质和特点，按照维护国家安全和利益的需要，限定在必要的期限内；不能确定期限的，应当确定解密的条件。

Unless it is otherwise provided for, the secrecy period of a state secret shall not exceed 30 years at the top-secret level, 20 years at the secret level or 10 years at the confidential level.

国家秘密的保密期限，除另有规定外，绝密级不超过三十年，机密级不超过二十年，秘密级不超过十年。

Organs and entities shall determine the specific secrecy period, declassification time or declassification conditions according to their respective work needs.

机关、单位应当根据工作需要，确定具体的保密期限、解密时间或者解密条件。

Where an organ or entity, for its work needs, decides to disclose a matter which has been determined as a classified matter in the process of deciding or handling the relevant matters, the matter shall be deemed declassified once it is officially disclosed.

机关、单位对在决定和处理有关事项工作过程中确需要保密的事项，根据工作需要决定公开的，正式公布时即视为解密。

**Article 16** The access scope of a state secret shall be minimized according to the work needs.

**第十六条** 国家秘密的知悉范围，应当根据工作需要限定在最小范围。

When possible, the access to a state secret shall be granted to specific persons; otherwise, shall be granted to specific organs or entities which specify the persons to have access thereto.

国家秘密的知悉范围能够限定到具体人员的，限定到具体人员；不能限定到具体人员的，限定到机关、单位，由机关、单位限定到具体人员。

Where any person outside the access scope of a state secret needs to have access to the state secret due to his work, his access shall be subject to the approval of the person in charge of the relevant organ or entity.

国家秘密的知悉范围以外的人员，因工作需要知悉国家秘密的，应当经过机关、单位负责人批准。

**Article 17** Organs and entities shall put a state secret label on the paper, optic, electromagnetic and other media carrying state secrets (hereinafter referred to as "state secret carriers") as well as equipment and products which are state secrets.

**第十七条** 机关、单位对承载国家秘密的纸介质、光介质、电磁介质等载体（以下简称国家秘密载体）以及属于国家秘密的设备、产品，应当做出国家秘密标志。

Those not being state secrets shall not be labeled state secrets.

不属于国家秘密的，不应当做出国家



[CLI Code]: CLI.1.129605(EN)

秘密标志。

**Article 18** The classification levels, secrecy periods and access scopes of state secrets shall be timely modified in light of changes of situations. The modification of the classification level, secrecy period and access scope of a state secret shall be decided by the organ or entity which originally determined the state secret or by its superior.

**第十八条** 国家秘密的密级、保密期限和知悉范围，应当根据情况变化及时变更。国家秘密的密级、保密期限和知悉范围的变更，由原定密机关、单位决定，也可以由其上级机关决定。

Where any modification is made to the classification level, secrecy period or access scope of a state secret, a written notice shall be given to the organs, entities or persons within the access scope in a timely manner.

国家秘密的密级、保密期限和知悉范围变更的，应当及时书面通知知悉范围内的机关、单位或者人员。

**Article 19** A state secret shall be automatically declassified at the expiry of its secrecy period.

**第十九条** 国家秘密的保密期限已满的，自行解密。

Organs and entities shall examine the state secrets determined by them at regular intervals. A state secret shall be timely declassified if it is no longer treated as state secret due to adjustment of the scope of classified matters or it no longer needs to be kept secret as its disclosure would not damage the national security or interests. If it is necessary to extend the secrecy period of a state secret, its secrecy period shall be re-determined before the expiry of the original secrecy period. The early declassification or the extension of secrecy period of a state secret shall be decided by the organ or entity which originally determined the state secret or by its superior.

机关、单位应当定期审核所确定的国家秘密。对在保密期限内因保密事项范围调整不再作为国家秘密事项，或者公开后不会损害国家安全和利益，不需要继续保密的，应当及时解密；对需要延长保密期限的，应当在原保密期限届满前重新确定保密期限。提前解密或者延长保密期限的，由原定密机关、单位决定，也可以由其上级机关决定。

**Article 20** Where any organ or entity is confused or raises any question about whether a matter is a state secret or at which classification level a state secret is, it shall be determined by the state secrecy administrative department or the secrecy administrative department of the relevant province, autonomous region or municipality directly under the Central Government.

**第二十条** 机关、单位对是否属于国家秘密或者属于何种密级不明确或者有争议的，由国家保密行政管理部门或者省、自治区、直辖市保密行政管理部门确定。

Chapter III Secrecy Provisions

第三章 保密制度

**Article 21** The making, sending, receiving, delivery, use, reproduction, keeping, maintenance and destruction of state secret carriers shall be in conformity with the state secrecy provisions.

**第二十一条** 国家秘密载体的制作、收发、传递、使用、复制、保存、维修和销毁，应当符合国家保密规定。

Carriers of state secrets at the top secret level shall be kept in the facilities or equipment which reaches the secrecy standards of the state, and special personnel shall be assigned to manage them. Without the approval of the original organ or entity which determined a state secret or its superior, no one shall copy or extract them.

绝密级国家秘密载体应当在符合国家保密标准的设施、设备中保存，并指定专人管理；未经原定密机关、单位或者其上级机关批准，不得复制和摘



Special personnel shall be assigned to be responsible for the sending, receiving, delivery and carrying of such carriers, and necessary security measures shall be taken.

抄；收发、传递和外出携带，应当指定人员负责，并采取必要的安全措施。

**Article 22** The research, development, production, transport, use, keeping, maintenance and destruction of equipment and products which are state secrets shall be in conformity with the state secrecy provisions.

**第二十二条** 属于国家秘密的设备、产品的研制、生产、运输、使用、保存、维修和销毁，应当符合国家保密规定。

**Article 23** Computer information systems used to store and process state secrets (hereinafter referred to as "secret-related information systems") shall be protected at different grades based on the degree of involvement with state secrets.

**第二十三条** 存储、处理国家秘密的计算机信息系统（以下简称涉密信息系统）按照涉密程度实行分级保护。

Secrecy facilities and equipment shall be provided for a secret-related information system according to the state secrecy standards. Secrecy facilities and equipment shall be planned, constructed and put to use simultaneously with the secret-related information system.

涉密信息系统应当按照国家保密标准配备保密设施、设备。保密设施、设备应当与涉密信息系统同步规划，同步建设，同步运行。

A secret-related information system may be put to use only after it has passed the prescribed inspection.

涉密信息系统应当按照规定，经检查合格后，方可投入使用。

**Article 24** Organs and entities shall strengthen the management of secret-related information systems, and no organization or individual shall:

**第二十四条** 机关、单位应当加强对涉密信息系统的管理，任何组织和个人不得有下列行为：

1. Connect any secret-related computer or storage device to the Internet or any other public information network;

（一）将涉密计算机、涉密存储设备接入互联网及其他公共信息网络；

2. Exchange message between a secret-related information system and the Internet or any other public information network without taking any protective measures;

（二）在未采取防护措施的情况下，在涉密信息系统与互联网及其他公共信息网络之间进行信息交换；

3. Store or process state secret information by using any computer or storage device which is not a secret-related computer or storage device;

（三）使用非涉密计算机、非涉密存储设备存储、处理国家秘密信息；

4. Uninstall or modify the security technique program or management program of a secret-related information system without permission; or

（四）擅自卸载、修改涉密信息系统的安全技术程序、管理程序；

5. Present, sell, abandon or use for any other purpose any secret-related computer or storage device which has ceased to be used but not undergone treatment by security techniques.

（五）将未经安全技术处理的退出使用的涉密计算机、涉密存储设备赠送、出售、丢弃或者改作其他用途。

**Article 25** Organs and entities shall strengthen the management of state secret carriers, and no organization or individual shall:

**第二十五条** 机关、单位应当加强对国家秘密载体的管理，任何组织和个人不得有下列行为：

1. Illegally acquire or hold any state secret carrier;

（一）非法获取、持有国家秘密载体；



[CLI Code]: CLI.1.129605(EN)

2. Purchase, sell, transfer or privately destroy any state secret carrier; | （二）买卖、转送或者私自销毁国家秘密载体；

3. Transmit any state secret carrier by ordinary mail, express mail or any other channel without secrecy safeguards; | （三）通过普通邮政、快递等无保密措施的渠道传递国家秘密载体；

4. Send any state secret carrier out of this country by mail or consignment; or | （四）邮寄、托运国家秘密载体出境；

5. Carry or transmit any state secret carrier out of this country without the approval of the relevant competent authorities. | （五）未经有关主管部门批准，携带、传递国家秘密载体出境。

**Article 26** It shall be prohibited to illegally reproduce, record or store any state secret. | **第二十六条** 禁止非法复制、记录、存储国家秘密。

It shall be prohibited to transmit any state secret on the Internet or any other public information network or in any wire or radio communication without secrecy safeguards. | 禁止在互联网及其他公共信息网络或者未采取保密措施的有线和无线通信中传递国家秘密。

It shall be prohibited to refer to any state secret in private contact or correspondence. | 禁止在私人交往和通信中涉及国家秘密。

**Article 27** The relevant secrecy provisions shall be observed in the editing, publication, printing and issuance of newspapers, periodicals, books, audio and video recordings and electronic publications, in the making and broadcasting of radio programs, TV programs and films, and in the editing and publication of information on the Internet, mobile communication network or any other public information network or medium. | **第二十七条** 报刊、图书、音像制品、电子出版物的编辑、出版、印制、发行，广播节目、电视节目、电影的制作和播放，互联网、移动通信网等公共信息网络及其他传媒的信息编辑、发布，应当遵守有关保密规定。

**Article 28** Operators and service providers of the Internet or any other public information network shall cooperate with the public security organs, the national security organs and the procuratorial organs in the investigation of secret leakage cases. Where any operator or service provider finds that any information disclosed via the Internet or any other public information network involves any state secret, it shall immediately stop transmitting it, keep the relevant records, and report to the public security organ, national security organ or secrecy administrative department. Operators and service providers shall delete information which involves state secrets as required by the public security organs, the national security organs or the secrecy administrative departments. | **第二十八条** 互联网及其他公共信息网络运营商、服务商应当配合公安机关、国家安全机关、检察机关对泄密案件进行调查；发现利用互联网及其他公共信息网络发布的信息涉及泄露国家秘密的，应当立即停止传输，保存有关记录，向公安机关、国家安全机关或者保密行政管理部门报告；应当根据公安机关、国家安全机关或者保密行政管理部门的要求，删除涉及泄露国家秘密的信息。

**Article 29** Organs and entities shall observe the secrecy provisions when disclosing information to the public or conducting procurement for projects, goods or services which involve state secrets. | **第二十九条** 机关、单位公开发布信息以及对涉及国家秘密的工程、货物、服务进行采购时，应当遵守保密规定。

**Article 30** Where an organ or entity needs to provide any state secret in foreign contact or cooperation or any overseas person appointed or employed by an organ or entity | **第三十条** 机关、单位对外交往与合作中需要提供国家秘密事项，或者任



[CLI Code]: CLI.1.129605(EN)

needs to have access to any state secret due to his work, the organ or entity shall report to the competent department of the State Council or the people's government of the relevant province, autonomous region or municipality directly under the Central Government for approval, and enter into a secrecy agreement with the other party.

用、聘用的境外人员因工作需要知悉国家秘密的，应当报国务院有关主管部门或者省、自治区、直辖市人民政府有关主管部门批准，并与对方签订保密协议。

**Article 31** The sponsor of a meeting or any other activity which involves any state secret shall take secrecy measures, provide secrecy education to attendees and specify the secrecy requirements.

**第三十一条** 举办会议或者其他活动涉及国家秘密的，主办单位应当采取保密措施，并对参加人员进行保密教育，提出具体保密要求。

**Article 32** Organs and entities shall determine their institutions involving state secrets at the top secret level or a relatively large amount of state secrets at the secret or confidential level as vital institutions in the secrecy work, determine their places exclusively used for producing, storing and keeping state secret carriers as vital places in the secrecy work, and arrange and use necessary technical protection facilities and equipment according to the state secrecy provisions and standards.

**第三十二条** 机关、单位应当将涉及绝密级或者较多机密级、秘密级国家秘密的机构确定为保密要害部门，将集中制作、存放、保管国家秘密载体的专门场所确定为保密要害部位，按照国家保密规定和标准配备、使用必要的技术防护设施、设备。

**Article 33** For forbidden military zones and other sites or positions which are state secrets and not open to the public, secrecy measures shall be taken, and no one shall decide to open them to the public or widen the area open to the public without the approval of the relevant authorities.

**第三十三条** 军事禁区和属于国家秘密不对外开放的其他场所、部位，应当采取保密措施，未经有关部门批准，不得擅自决定对外开放或者扩大开放范围。

**Article 34** Enterprises or public institutions engaging in the production, reproduction, maintenance or destruction of state secret carriers, the integration of secret-related information systems, the scientific research or manufacturing of weaponry or any other business involving state secrets shall be subject to secrecy vetting. The specific measures shall be formulated by the State Council.

**第三十四条** 从事国家秘密载体制作、复制、维修、销毁，涉密信息系统集成，或者武器装备科研生产等涉及国家秘密业务的企业事业单位，应当经过保密审查，具体办法由国务院规定。

An organ or entity which entrusts any of the above-mentioned businesses to an enterprise or a public institution shall enter into a secrecy agreement with the latter, clarify the secrecy requirements and take secrecy measures.

机关、单位委托企业事业单位从事前款规定的业务，应当与其签订保密协议，提出保密要求，采取保密措施。

**Article 35** Personnel who work at posts involving state secrets (hereinafter referred to as secret-related personnel) shall be divided into core, important and ordinary secret-related personnel according to the degree of involvement in state secrets, and be subject to categorized management.

**第三十五条** 在涉密岗位工作的人员（以下简称涉密人员），按照涉密程度分为核心涉密人员、重要涉密人员和一般涉密人员，实行分类管理。

Vetting shall be made pursuant to the relevant provisions before appointing or employing secret-related personnel.

任用、聘用涉密人员应当按照有关规定进行审查。

Secret-related personnel shall have a good political quality, good characters and the working competency required by their secret-related posts.

涉密人员应当具有良好的政治素质和品行，具有胜任涉密岗位所要求的工



[CLI Code]: CLI.1.129605(EN)

作能力。

The legitimate rights and interests of secret-related personnel shall be protected by law.

涉密人员的合法权益受法律保护。

**Article 36** Secret-related personnel shall receive secrecy education and training before taking posts, have secrecy knowledge and skills, sign a secrecy commitment statement, strictly abide by the secrecy rules and regulations, and never divulge state secrets in any way.

**第三十六条** 涉密人员上岗应当经过保密教育培训，掌握保密知识技能，签订保密承诺书，严格遵守保密规章制度，不得以任何方式泄露国家秘密。

**Article 37** Secret-related personnel to leave this country shall apply to the relevant authorities for approval. Where the relevant authority believes that such a person's leaving this country would endanger the national security or cause material losses to the national interests, it shall not approve his application for leaving the country.

**第三十七条** 涉密人员出境应当经有关部门批准，有关机关认为涉密人员出境将对国家安全造成危害或者对国家利益造成重大损失的，不得批准出境。

**Article 38** Secret-related personnel shall be deprived of access to state secrets for a period of time before leaving his post or quitting his job. During that period, secret-related personnel shall perform the secrecy obligation according to the relevant provisions, and shall not violate employment provisions or divulge state secretes in any way.

**第三十八条** 涉密人员离岗离职实行脱密期管理。涉密人员在脱密期内，应当按照规定履行保密义务，不得违反规定就业，不得以任何方式泄露国家秘密。

**Article 39** Organs and entities shall establish sound management rules for secret-related personnel, clarify their rights and post duties and requirements, and conduct routine supervision and inspection on their performance of duties.

**第三十九条** 机关、单位应当建立健全涉密人员管理制度，明确涉密人员的权利、岗位责任和要求，对涉密人员履行职责情况开展经常性的监督检查。

**Article 40** Where a state functionary or any other citizen finds that a state secret has been or may be divulged, he shall immediately take repair measures and report to the relevant organ or entity. The organ or entity shall, immediately after receiving the report, handle the situation and report to the secrecy administrative department.

**第四十条** 国家工作人员或者其他公民发现国家秘密已经泄露或者可能泄露时，应当立即采取补救措施并及时报告有关机关、单位。机关、单位接到报告后，应当立即作出处理，并及时向保密行政管理部门报告。

Chapter IV Supervision and Administration

第四章 监督管理

**Article 41** The state secrecy administrative department shall make secrecy rules and national secrecy standards pursuant to laws and administrative regulations.

**第四十一条** 国家保密行政管理部门依照法律、行政法规的规定，制定保密规章和国家保密标准。

**Article 42** The secrecy administrative departments shall organize and carry out secrecy publicity and education, secrecy inspection, secrecy technique protection, investigation of secret leakage cases and other work according to law, and guide and supervise the secrecy work of organs and entities.

**第四十二条** 保密行政管理部门依法组织开展保密宣传教育、保密检查、保密技术防护和泄密案件查处工作，对机关、单位的保密工作进行指导和监督。

Saved on: 05-13-2021



[CLI Code]: CLI.1.129605(EN)

**Article 43** Where a secrecy administrative department finds that any state secret is inappropriately determined, modified or declassified, it shall timely notify the relevant organ or entity to correct.

第四十三条  保密行政管理部门发现国家秘密确定、变更或者解除不当的,应当及时通知有关机关、单位予以纠正。

**Article 44** When a secrecy administrative department conducts an inspection on an organ's or entity's compliance with the secrecy provisions, the organ or entity shall cooperate. If the secrecy administrative department finds that the organ or entity has any hidden risk of leakage of state secrets, it shall require the organ or entity to take measures and make rectification within a certain time limit, and order the organ or entity to stop using the facility, equipment or place with a hidden risk of leakage of state secrets. The secrecy administrative department shall suggest that the relevant organ or entity take disciplinary actions against secret-related personnel who have seriously violated the secrecy provisions and remove them from the secret-related posts. If leakage of any state secret is suspected, the secrecy administrative department shall urge and direct the relevant organ or entity to investigate and handle it. If anyone is suspected of a crime, the secrecy administrative department shall transfer the case to the judicial organ.

第四十四条  保密行政管理部门对机关、单位遵守保密制度的情况进行检查,有关机关、单位应当配合。保密行政管理部门发现机关、单位存在泄密隐患的,应当要求其采取措施,限期整改;对存在泄密隐患的设施、设备、场所,应当责令停止使用;对严重违反保密规定的涉密人员,应当建议有关机关、单位给予处分并调离涉密岗位;发现涉嫌泄露国家秘密的,应当督促、指导有关机关、单位进行调查处理。涉嫌犯罪的,移送司法机关处理。

**Article 45** The secrecy administrative departments shall capture the illegally acquired or held state secret carriers found in secrecy inspections.

第四十五条  保密行政管理部门对保密检查中发现的非法获取、持有的国家秘密载体,应当予以收缴。

**Article 46** Where an organ handling a state secret leakage case needs to identify whether the matter in question is a state secret and the classification level, the identification shall be conducted by the state secrecy administrative department or the secrecy administrative department of the relevant province, autonomous region or municipality directly under the Central Government.

第四十六条  办理涉嫌泄露国家秘密案件的机关,需要对有关事项是否属于国家秘密以及属于何种密级进行鉴定的,由国家保密行政管理部门或者省、自治区、直辖市保密行政管理部门鉴定。

**Article 47** Where an organ or entity fails to take disciplinary actions against its personnel violating the secrecy provisions, the secrecy administrative department shall suggest that the organ or entity make a correction. If the organ or entity refuses to correct, the secrecy administrative department shall request its immediate superior or the supervisory organ to deal with the responsible leaders and directly liable persons of the organ or entity according to law.

第四十七条  机关、单位对违反保密规定的人员不依法给予处分的,保密行政管理部门应当建议纠正,对拒不纠正的,提请其上一级机关或者监察机关对该机关、单位负有责任的领导人员和直接责任人员依法予以处理。

Chapter V Legal Liability

第五章  法律责任

**Article 48** Whoever commits any of the following conduct in violation of this Law shall be subject to a disciplinary action; and if a crime is constituted, be subject to criminal liability:

第四十八条  违反本法规定,有下列行为之一的,依法给予处分;构成犯罪的,依法追究刑事责任:

1. Illegally acquiring or holding any state secret carrier;

（一）非法获取、持有国家秘密载体的;



[CLI Code]: CLI.1.129605(EN)

2. Purchasing, selling, transferring or privately destroying any state secret carrier;

（二）买卖、转送或者私自销毁国家秘密载体的；

3. Transmitting any state secret carrier via ordinary mail, express mail or any other channel without secrecy safeguards;

（三）通过普通邮政、快递等无保密措施的渠道传递国家秘密载体的；

4. Sending any state secret carrier out of this country by mail or consignment or carrying or transmitting any state secret carrier out of this country without the approval of the relevant competent authorities;

（四）邮寄、托运国家秘密载体出境，或者未经有关主管部门批准，携带、传递国家秘密载体出境的；

5. Illegally reproducing, recording or storing any state secret;

（五）非法复制、记录、存储国家秘密的；

6. Referring to any state secret in private contact or correspondence;

（六）在私人交往和通信中涉及国家秘密的；

7. Transmitting any state secret on the Internet or any other public information network or in any wire or radio communication without secrecy safeguards;

（七）在互联网及其他公共信息网络或者未采取保密措施的有线和无线通信中传递国家秘密的；

8. Connecting any secret-related computer or storage device to the Internet or any other public information network;

（八）将涉密计算机、涉密存储设备接入互联网及其他公共信息网络的；

9. Exchanging message between a secret-related information system and the Internet or any other public information network without taking any safeguard measures;

（九）在未采取防护措施的情况下，在涉密信息系统与互联网及其他公共信息网络之间进行信息交换的；

10. Storing or processing state secret information by using any computer or storage device which is not a secret-related computer or storage device;

（十）使用非涉密计算机、非涉密存储设备存储、处理国家秘密信息的；

11. Uninstalling or modifying the safety technique program or management program of a secret-related information system without permission; or

（十一）擅自卸载、修改涉密信息系统的安全技术程序、管理程序的；

12. Presenting, selling, abandoning or using for any other purpose any secret-related computer or storage device which has ceased to be used but not undergone treatment by security techniques.

（十二）将未经安全技术处理的退出使用的涉密计算机、涉密存储设备赠送、出售、丢弃或者改作其他用途的。

If any of the above-mentioned conduct committed by a person does not constitute a crime and disciplinary actions are not applicable to him, the secrecy administrative department shall urge the organ or entity where he works to properly deal with him.

有前款行为尚不构成犯罪，且不适用处分的人员，由保密行政管理部门督促其所在机关、单位予以处理。

**Article 49** Where any serious secret leakage case occurs in an organ or entity violating this Law, it shall take disciplinary actions according to law against the directly liable person in charge and other directly liable persons. For persons to whom disciplinary actions are not applicable, the secrecy administrative department shall urge the competent department to deal with them.

**第四十九条** 机关、单位违反本法规定，发生重大泄密案件的，由有关机关、单位依法对直接负责的主管人员和其他直接责任人员给予处分；不适用处分的人员，由保密行政管理部门督促其主管部门予以处理。



[CLI Code]: CLI.1.129605(EN)

Where, in violation of this Law, an organ or entity fails to determine a matter as a state secret which it shall determine as a state secret or determines a matter as a state secret which it shall not determine as a state secret, causing serious consequences, the organ or entity shall take disciplinary actions against the directly liable person in charge and other directly liable persons.

机关、单位违反本法规定，对应当定密的事项不定密，或者对不应当定密的事项定密，造成严重后果的，由有关机关、单位依法对直接负责的主管人员和其他直接责任人员给予处分。

**Article 50** Where any operator or service provider of the Internet or any other public information network violates Article 28 of this Law, the public security organ, the national security organ or the competent industry and information technology department shall impose punishment within its scope of functions.

**第五十条** 互联网及其他公共信息网络运营商、服务商违反本法第二十八条规定的，由公安机关或者国家安全机关、信息产业主管部门按照各自职责分工依法予以处罚。

**Article 51** Where any staff member of a secrecy administrative department abuses his powers, neglects his duties, practices favoritism or makes falsehood in performing his secrecy administrative functions, he shall be subject to disciplinary actions; and if any crime is constituted, be subject to criminal liability.

**第五十一条** 保密行政管理部门的工作人员在履行保密管理职责中滥用职权、玩忽职守、徇私舞弊的，依法给予处分；构成犯罪的，依法追究刑事责任。

Chapter VI Supplementary Provisions

第六章 附则

**Article 52** The Central Military Commission shall formulate the secrecy regulation of the Chinese People's Liberation Army according to this Law.

**第五十二条** 中央军事委员会根据本法制定中国人民解放军保密条例。

**Article 53** This Law shall come into force on October 1, 2010.

**第五十三条** 本法自 2010 年 10 月 1 日起施行。

Saved on: 05-13-2021



[CLI Code]: CLI.1.129605(EN)

© Pkulaw (www.pkulaw.com) provides various professional solutions in such fields as legal information, law knowledge and legal software. Pkulaw provides you with abundant reference materials. When you invoke articles of laws and regulations, please check them with the standard texts.
You are welcome to view all our products and services.  Pkulaw Express: How to quickly find information you need? What are the new features of Pkulaw V6?



Scan QR Code for instant access to the original text.

**Original Link:** https://www.pkulaw.com/en_law/64aaf242e65550f4bdfb.html

Saved on: 05-13-2021