

May 26, 2021

*Via ECF*

**Re:** *In Re: Valsartan, Losartan, and Irbesartan Prod. Liab. Litigation - MDL No. 2875:*
Plaintiffs' Motion to Strike and Suppress Aurobindo's Defenses

Dear Judge Vanaskie:

In light of the postponement of the hearing scheduled for this week, Plaintiffs write to supplement the record and make the Court aware of ongoing conduct by Aurobindo that continues to severely prejudice Plaintiffs, and further demonstrates that Aurobindo's representations to the Court have been less than candid.

**I.  Aurobindo Dumped Critical and Clearly Responsive Documents on Plaintiffs Two Hours into Arguably the Most Important Deposition in the Case To Date**

As discussed in the briefing on Plaintiffs' Motion to Strike Aurobindo's Defenses, Plaintiffs noted that Aurobindo Pharma Ltd. produced only two noncustodial documents (organizational charts) during the document production period which ended in November 2020. Despite Plaintiffs protesting week after week, Aurobindo continued to withhold clearly relevant documents.

The deposition of one of Aurobindo's 30(b)(6) witnesses, Sanjay Singh, took place on May 20 and 21, 2021. Aurobindo designated Mr. Sigh to testify on the vast majority of topics in Plaintiffs' 30(b)(6) notice, including the chromatogram, mass spectrometry results, and other relevant testing of Aurobindo's API or finished dose pills, among other topics.

The Friday before (May 14, 2021), Plaintiffs' counsel received an email from Aurobindo, indicating that Aurobindo would be producing additional documents over that weekend and asking if Plaintiffs would be amenable to postponing the deposition. Plaintiffs immediately responded and informed Aurobindo that due to the upcoming expert deadlines and the importance of this deposition, that was not feasible, and that this deposition needed to move forward and be left open to address the late served documents. Plaintiffs also asked Aurobindo to tell Plaintiffs what the expected volume of documents would be and whether there were additional documents to come. Plaintiffs received no response. Aurobindo made no production over the weekend and instead produced 1,372 documents on Monday, May 17, 2021.

**Roughly two hours into the first day of the Sanjay Singh deposition, May 20, 2021, Aurobindo brazenly made its first of the three productions (totaling 29,167 documents) it would make that day.** According to Aurobindo's updated production log, these productions included "chromatographs and Empower data," "Analysis and batch control records," "certificates of analysis," and shared drive data. All of these documents, which Aurobindo had in its possession for months prior to these productions being made, fit squarely within the topics being addressed in the deposition. All but 35 of these documents were also noncustodial, meaning that there was nothing preventing Aurobindo from producing these by the November 2020 deadline.

**GOLDENBERGLAW**
PRODUCTS LIABILITY AND PERSONAL INJURY ATTORNEYS

**II.  Aurobindo's Recent Overlay of the All Custodians Field Impacted Nearly 20,000 Documents and Was Not Made until After Nearly Every Deposition Was Taken in the Case**

Only hours after the deposition of Sanjay Singh concluded, Aurobindo made two more productions. The first contained noncustodial chromatogram and nitrosamine test results for specific batches of valsartan, which once again would have been relevant for Mr. Singh's 30(b)(6) deposition on test results and the contamination in Aurobindo's pills.

The second production, however, is even more problematic. This production was described by Aurobindo as "Providing an update for the all custodians field." This benign-sounding label is anything but. In other words, the metadata for the custodial file(s) associated with 19,859 documents was being altered.

This overlay production either added or subtracted custodians from 4,041 Aurobindo US documents and 15,818 APL documents, including for every single individual Plaintiffs have deposed to date. This metadata field is what tells Plaintiffs who at the company was in possession of what information and when. The addition or subtraction of custodians from a document has the potential to substantively impact the testimony Plaintiffs already obtained in depositions.

Plaintiffs do not have time to audit and re-review each and every document (and compare the metadata fields) they have reviewed already to determine whether custodians have been added or subtracted from each of the impacted documents. Plaintiffs are still attempting to dig through the mountains of documents that have been dumped on them at the very last minute and are now faced with the daunting prospect of having to re-review even more.

Now, Plaintiffs will have to (1) re-review each impacted document to determine if the newly added or subtracted custodians impacts the importance or context of the document *and* (2) likely re-take depositions, accounting for the potential that exhibits may have been used with the wrong or a different witness than they otherwise would have been.

Moreover, in taking these depositions based on potentially inaccurate metadata as to the fundamental information regarding which witnesses were involved with a document, Plaintiffs have exposed their legal strategy, allowing Aurobindo to prepare its witnesses accordingly for second depositions. This, combined with all of Aurobindo's other discovery tactics, has created an untenable situation for Plaintiffs.

It is clear that nothing short of definitive sanctions will be adequate to respond to this ongoing misconduct. Neither Plaintiffs' motion, nor the Court's recent cautionary comments to Aurobindo during oral argument, made any impression on Aurobindo. Plaintiffs therefore respectfully reiterate their request that the Court strike Aurobindo's Answer and suppress its defenses and issue additional sanctions in response to this egregious conduct.

Sincerely,

*[signature]*

Marlene Goldenberg