# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** : : : : : | **MDL No. 19-2875(RBK/KW)** |

**This Order Relates to all Cases**

## SPECIAL MASTER ORDER NO. 21

### May 26, 2021

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiffs have filed a Motion to Strike and Suppress All of Defendant Aurobindo Pharma Ltd.'s (hereinafter "Aurobindo") Defenses. (Doc. 1182). Counsel for Defendant and Plaintiffs have addressed this matter in briefs filed on the docket, (*See* Docs. 1182, 1230, and 1235), and oral argument was heard on May 12, 2021. (*See* Doc. 1243 at 64-88.)

Plaintiffs argue that Aurobindo has repeatedly abused the discovery process by willfully withholding documents, jeopardizing evidence by failing to implement litigation holds, ignoring production deadlines, misrepresenting the status of productions to the Court and Plaintiffs, and otherwise engaging in dilatory conduct that impedes Plaintiffs' preparation of their case against Aurobindo. Plaintiffs contend that they have been substantially prejudiced by Defendant's conduct, and as a result, Defendant's answer and defenses should be stricken and suppressed. In

1

opposition to the Motion, Defendant acknowledges that its conduct to date has been less than satisfactory, but argues the circumstances do not justify Plaintiffs' proposed sanctions because Aurobindo has not engaged in willfulness or bad faith, nor has it shown an intent to withhold evidence.

Rule 37 of the Federal Rules of Civil Procedure ("Rule 37") "authorizes the Court to sanction a party for discovery abuses." *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 99 (D.N.J. 2006). "The rule's purposes are to: (1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and (4) compel discovery and disclosure." *Id.*; *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

Rule 37 allows the Court to impose sanctions "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e). . . . " Fed. R. Civ. P. 37(c). The party will not be "allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* A court may also "order payment of the reasonable expenses, including attorney's fees, caused by the failure. . . ." Fed. R. Civ. P. 37(c)(1)(A).

"In addition to Rule 37 powers, a district court's inherent powers include an investigation of whether a fraud has been committed upon the court and the power

2

to dismiss a suit outright in response to litigation abuses." *Wachtel*, 239 F.R.D. at 100; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991); *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 n. 10 (3d Cir. 1995); *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 566 (3d Cir. 1985). "A court also has the power to assess attorney's fees when it finds that a party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons,' a party 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order,' or 'a fraud has been practiced upon it, or that the very temple of justice has been defiled.' *Wachtel,* 239 F.R.D. at 100 (quoting *Chambers*, 501 U.S. at 45–46).

In the Third Circuit, "a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified." *Id.* (quoting *Republic of Philippines*, 43 F.3d at 74). "The Court of Appeals instructs district courts to be guided in their application of their inherent powers by the same considerations that guide them in the imposition of sanctions under the Federal Rules: *first* a court considers the conduct at issue and explains why the conduct warrants sanctioning, and *second* it considers the range of permissible sanctions and explains why less severe alternatives to the sanction imposed are inadequate or inappropriate." *Id.* (citing *Republic of Philippines*, 43 F.3d at 74).

"The Court has broad discretion regarding the type and degree of sanctions it can impose, . . . but the sanctions must be just and related to the claims at issue." *Id.* at 84 (citations omitted). "The Third Circuit has advised that 'a pattern of wrongdoing may require a stiffer sanction than an isolated incident' and that 'a grave wrongdoing may compel a more severe sanction than might a minor infraction.'" *Id.* at 100 (quoting *Republic of Philippines*, 43 F.3d at 74). Further, "wrongdoing that actually prejudices the wrongdoer's opponent or hinders the administration of justice may demand a stronger response than wrongdoing that . . . fails to achieve its untoward object." *Id.* at 100–101 (quoting *Republic of Philippines*, 43 F.3d at 74).

When, as in this case, a court is asked to sanction a party by depriving the party of the right to proceed with or defend against a claim, the court applies the analysis established in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir.1984). *See also Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990) (citing *Poulis* for the general analysis to apply); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d Cir. 1992) (same). Under *Poulis*, a Court considers:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

4

[747 F.2d at 868.]

"Poulis requires the District Court . . . to balance the six factors and does not set one factor forth as determinative". *Chiarulli v. Taylor*, No. CIV 08-4400 (JBS) (AMD), 2010 WL 1371944, at *4 (D.N.J. Mar. 31, 2010), *adopted by*, No. CIV 08-4400 (JBS) (AMD), 2010 WL 1566316 (D.N.J. Apr. 16, 2010).

"Entry of default is generally disfavored" and there is a "strong preference that cases be decided on the merits." *Ruhle v. Hous. Auth. of City of Pittsburgh*, 54 F. App'x 61, 62 n.1 (3d Cir. 2002); *see also Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984) (holding "doubts should be resolved in favor of reaching a decision on the merits . . . and alternative sanctions should be used.") (citation omitted). "Default is an extreme sanction that must be reserved for instances in which it is justly merited." *Wachtel*, 239 F.R.D. at 101; *see also Poulis*, 747 F.2d at 867–68, 869–70 (describing default as drastic sanction and reiterating that it should be reserved for comparable cases).

Finally, "[s]poliation is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *Bensel v. Allied Pilots Ass'n*, 263 F.R.D. 150, 152 (D.N.J. 2009) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir.1999)). "[T]o determine spoliation of evidence, four factors must be found: '(1) the evidence in question must be within the party's control; (2) it must appear

5

that there has been actual suppression or withholding of the evidence; (3) the evidence destroyed or withheld was relevant to claims or defenses; and (4) it was reasonably foreseeable that the evidence would later be discoverable.'" *Id.* (citations omitted). Under Rule 37, even if the moving party can establish that spoliation indeed occurred, and the Court finds prejudice, it may order sanctions "no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1).

Consideration of the above standards does not compel the conclusion that the extreme sanction of striking Aurobindo's defenses is warranted at this time. Undeniably, Aurobindo's document production has been sluggish and unsatisfactory. But the paper record presented thus far does not support a finding of bad faith on the part of Aurobindo or its counsel. Aurobindo has continued to make additional productions and supplement previous productions. There has not been any showing that evidence has been intentionally destroyed. While Aurobindo's production has been maddeningly spasmodic, with document dumps occurring literally on the eve of depositions, there is simply not enough evidence at this time to support a conclusion that Aurobindo is acting in bad faith with the intention to disrupt Plaintiffs' preparation. At this juncture of the litigation, any prejudice suffered by Plaintiffs as a result of Aurobindo's dilatoriness has been ameliorated curtailed by the fact that Plaintiffs ultimately obtained, and continue to receive the requested documents at issue, and continue to depose Aurobindo witnesses.

Plaintiffs have also reserved their rights to recall the witnesses pending their review of additional documents received in discovery, and defense counsel has not objected. To the extent that Aurobindo's sluggishness necessitates re-deposing witnesses, Plaintiffs may seek monetary sanctions. And if Aurobindo's delays make it impossible for Plaintiffs to prepare their case, Plaintiffs can seek more severe sanctions.

At this stage of the proceedings, however, there is insufficient evidence to conclude that Aurobindo's conduct constitutes the sort of grave or systematic violations that warrant the sanctions requested, reserved for the most egregious cases. In support of their Motion, Plaintiffs rely heavily on *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81 (D.N.J. 2006). However, that case is readily distinguishable from the present matter. In *Wachtel*, more than 150 discovery disputes were presented; a Magistrate Judge spent hundreds of hours in conferences with counsel over discovery battles; the Court was required to hold eleven days of hearings "in an attempt to unravel Defendants' discovery violations," and the defendant had exhibited "recalcitrance in complying with Court Orders." *Id.* at 112. The Court's decision to impose sanctions in *Wachtel* was made only "[a]fter a lengthy pattern of repeated and gross non-compliance with discovery emerged." *Id.* at 83. Aurobindo has not yet reached that point, but is warned that continued delays and eleventh hour

document productions will not be looked upon favorably and will merit appropriate sanctions, including, if warranted, striking its defenses.

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion to Sanction Aurobindo (Doc. 1182) is **DENIED**, but without prejudice to Plaintiffs moving again for appropriate sanctions if they suffer prejudice as a result of Aurobindo's past or future discovery deficiencies.

> *s/ Thomas I. Vanaskie*
> Hon. Thomas I. Vanaskie (Ret.)
> Special Master