# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Karen M. Williams, Magistrate Judge<br><br>Honorable Thomas Vanaskie (Ret.), Special Discovery Master |

### MOTION TO STRIKE PLAINTIFFS' MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 37(A)(1) AND 37(D)(1)(B)

Zhejiang Huahai Pharmaceutical Co., Ltd, Huahai US, Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC (collectively the "ZHP Parties"), respectfully move this Court for an Order striking Plaintiffs' Motion for Sanctions, (*see* Dkt. 1276), because Plaintiffs failed to meet and confer with the ZHP Parties prior to filing their motion (and therefore cannot file the requisite meet and confer certification), as required by the Federal and Local Rules of Civil Procedure.

According to Federal Rule of Civil Procedure 37, a party moving for an order compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Similarly, Local Rule 37.1(a)(1) of the United States District Court for the District of New Jersey states "***Counsel shall confer to resolve any discovery dispute***. Any such dispute not resolved shall be presented by telephone conference call or letter to the Magistrate Judge. ***This presentation shall precede any formal motion***." D.N.J. L.R. 37.1(a)(1)(emphasis added). Local Rule 37.1(b)(1) further requires discovery motions "be accompanied by an affidavit, or other document complying with 28 U.S.C. § 1746, certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that the parties have been unable to reach agreement." D.N.J. L.R. 37.1(b)(1).

In addition, Federal Rule of Civil Procedure 37(d)(1)(B) requires that "***a motion for sanctions*** for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B)(emphasis added).

In filing their Motion for Sanctions against the ZHP Parties (see Dkt. 1276), Plaintiffs failed to comply with these requirements.  Indeed, Plaintiffs could not in good faith file any of the above-referenced meet and confer certifications because since this Court ruled on deposition conduct during the March 29, 2021 conference cited in Plaintiffs' motion, ***they have not even attempted to meet and confer with***

*the ZHP Parties* regarding the deposition testimony of *any* ZHP witness, let alone the specific deposition testimony cited in their motion. Permitting Plaintiffs to proceed with a motion as serious as the pending motion for sanctions without requiring Plaintiffs to first fulfill the very basic prerequisites set forth in the Federal and Local Rules of Civil Procedure would violate both the letter and the spirit of these rules.

Accordingly, this Court should strike Plaintiffs' Motion for Sanctions from the docket.

May 28, 2021

Respectfully submitted,

By: */s/ Seth A. Goldberg*

DUANE MORRIS LLP
Seth A. Goldberg
Jessica Priselac
30 South 17th Street
Philadelphia, Pennsylvania 19103
Tel.: (215)979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
JPriselac@duanemorris.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co, Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

3