# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Judge |

**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO RETAIL PHARMACY DEFENDANTS**

**TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 34 and Local Civil Rule 34.1, and in accordance with the Court's rulings at oral argument on December 11, 2019 and December 18, 2019, and in the Order filed on December 13, 2019, as well as the Court's Orders on macro discovery issues filed on November 25, 2019, Plaintiffs propound the following second set of requests upon each Retail Pharmacy Defendant. These requests are without prejudice to Plaintiffs' rights to serve other requests consistent with Rules 26 and 34.

Plaintiffs understand and have been advised by the Retail Pharmacy Defendants that the requests that follow represent the Court-Approved Requests for Production to be answered by the Retail Pharmacy Defendants, and are a uniform discovery instrument negotiated by the Retail Pharmacy Defendants at the direction of the Court and follow several rulings by the Court on discovery issues,[1] including but not limited to the Court's ruling on macro discovery following

---

[1] Each request is to be interpreted consistent with the Court's oral rulings at the November 20, 2019 hearing on macro discovery issues; the November 25, 2019 Order on macro discovery issues pertaining to the Manufacturing Defendants (Dkt. 303); the parties' representations as reflected in the record of the December 11, 2019 discovery hearing; and the Court's oral and/or written rulings following the December 11, 2019 discovery hearing, the January 15, 2020 discovery hearing, the January 28, 2020 discovery conference, the February 13, 2020 discovery conference, the July 6, 2020 macro discovery hearing, the May 3, 2021 discovery hearing, and the June 3, 2021 discovery hearing.

argument of the parties on July 6, 2020. The Retail Pharmacy Defendants have advised, and Plaintiffs understand, that there remain differences in the ability of each Retail Pharmacy Defendant to respond to the requests below, including differences in what data is available, and in the type and extent of data that is available in a reasonably accessible format. Following service of these requests for production, each Retail Pharmacy Defendant shall serve its own individual responses to the requests set forth below, including identification of any specific issues that the Retail Pharmacy Defendant has with the requests. The parties will meet and confer in good faith on the substance of any such responses, to the extent necessary, and to address any deficiencies or Plaintiffs' reasonable questions regarding Retail Pharmacy Defendants' responses.

**DEFINITIONS:**

**"Active Pharmaceutical Ingredient" ("API")** is defined as any substance that is intended for incorporation into a finished drug product and is intended to furnish pharmacological activity or other direct effect in the diagnosis, cure, mitigation, treatment, or prevention of disease, or to affect the structure or any function of the body. Active pharmaceutical ingredient does not include intermediates used in the synthesis of the substance. 21 C.F.R. § 207.1; see also 21 C.F.R. § 314.3.

**"API Manufacturer"** is defined as any entity identified as a Defendant in Plaintiffs' Master Complaints that manufactures the active pharmaceutical ingredient (API) for valsartan.

**"Finished Dose Manufacturer"** includes any entity identified as a Defendant in Plaintiffs' Master Complaints that manufactures valsartan in a finished dosage form that is engaged in manufacturing, preparing, propagating, compounding, processing, packaging, repackaging, or labeling of valsartan. The term "finished dose manufacturer" also includes entities who hold ANDAs.

**"Manufacturer Defendants"** includes API Manufacturers and Finished Dose Manufacturers including any subsidiaries or affiliated entities.

**"Communication(s)"** means the transmittal of information, in the form of facts, ideas, inquiries, documents or otherwise, and includes all transmissions of information received or transmitted by you, including correspondence, regardless of whether you are an author or addressee of such transmittal.

**"Documents"** includes, without limitations, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced or reproducible communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereof, whether intended for internal use, dissemination to outside entities, or any combination thereof.

This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings. Without limiting the generality of the foregoing, the term "Document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, presentations, work papers, accounts, invoices, purchase orders, ledgers, journals, book of accounts, local records, reports and/ or summaries of investigation, trade letters, press releases, comparisons, books, calendars, calendar entries or invitations, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra office communication, questionnaires, surveys, charts, graph, photographs, recordings, tapes, back-up tapes, discs, data cells, printouts, all other data compilations from which information can be obtained (translated, if necessary, into usable form). Such reference to documents includes originals and copies, microfilms and transcripts made, recorded, produced or reproduced by any and every means. "Documents" also includes the content of any applicable computer database. For purposes of these discovery requests, "Documents" shall refer only to centrally stored, non-custodial data maintained by the retailer pharmacy in the ordinary course of business and available via reasonable search of available records and in a reasonably accessible format, and shall not refer to documents or data maintained solely by individual stores or pharmacies, or to emails or custodial data held by individual employees of the Retail Pharmacy Defendants.

**Relevant Time Period:** Unless otherwise specified, the relevant time period applicable to all requests is January 1, 2012 through the December 31, 2019.

**"Retail Pharmacy Defendants"** refers to any and all entities listed by name as "Retail Pharmacy Defendants" in Plaintiffs' March 13, 2020 Consolidated Second Amended Economic Loss Class Action Complaint (Dkt. 398), including any agents or predecessor entities.

**"Valsartan"** or **"VCDs"** means any drug with valsartan as an active ingredient. For purposes of these Requests, "Valsartan" or "VCDs" is limited to only those drugs with a National Drug Code (NDC) associated with any of the Manufacturer Defendants identified in Plaintiffs' Master Complaints.

**"You," "your"** or **"defendant"** shall be used interchangeably and refers to the parties to which these requests are directed.

**"Wholesaler Defendants"** refers to Amerisource Bergen Corporation, Cardinal Health, Inc., or McKesson Corporation, as identified in Plaintiffs' March 13, 2020 Consolidated Second Amended Economic Loss Class Action Complaint (Dkt. 398), including any agents, employees, or predecessor entities, to the extent known to the Retail Pharmacy Defendants.

**"FIFO"** means a first-in, first-out inventory method.

**"LIFO"** means a last-in, first-out inventory method.

**"JIT"** means just-in-time inventory method.

**INSTRUCTIONS:**

**Non-privileged information:** These Requests seek only information that is not privileged or otherwise protected from disclosure by applicable protection, including but not limited to work product protection or other requirements imposed or protections afforded by applicable law or regulation. This does not relieve any responding Defendant from serving a privilege log consistent with the Federal Rules of Civil Procedure.

**DOCUMENTS TO BE PRODUCED:**

1. **Documents sufficient to show all representations or warranties provided by or passed on by you to any consumer who paid any amount for VCDs sold by you, to the extent not already produced (if already produced, identify by Bates number). To the extent there are no such representations or warranties, state as much in your response.**

2. **All purchase and/or supply agreements with any manufacturer defendant or wholesaler defendant in this litigation from whom you purchased VCDs. You may redact all confidential or proprietary information from these agreements except those provisions, if any, constituting indemnity provisions; representations and warranties provided by the seller regarding the quality of the VCDs and their compliance with federal law; auditing and inspection rights; the recall and/or return of drugs purchased pursuant to the Agreement; and the stock life of and purchasing triggers for drugs purchased pursuant to the Agreement.**

3. **Documents sufficient to show your final inventory management policies and procedures (e.g., FIFO, LIFO, JIT, turnover ratio, replenishment/re-order triggers) pertinent to VCDs, if any, to the extent not already produced in response to Plaintiffs' Second Amended Requests for Production (Dkt. 509).**

4. **For VCDs, documents reflecting your inventory forecasts, demand forecast, days on hand ("DOH") forecasts, or similar documents ordinarily transmitted to a supplier to show approximately how much inventory of VCDs you had on hand, or the quantity of VCDs expected to be ordered based on demand.** *[Plaintiffs willing to discuss whether this can be limited to "sufficient to show" or exemplars.]*

7

5. **Organizational charts or other documents sufficient to show the names and titles of employees or agents with company or departmental managerial or supervisory authority for the following functions: (i) the purchase of the VCDs; (ii) the dispensing of the VCDs to consumers, including the information provided to consumers regarding the VCDs and the retail price of the VCDs; (iii) the inventory maintenance, receiving, and distribution of the VCDs; (iv) inquiries, if any, by you to the manufacturing or wholesaler defendants regarding VCDs purchased by you; and (v) the recall of the VCDs. For purposes of responding to this request, "documents sufficient to show" may include documents prepared by you with information responsive to this request.**

Dated: _____, 2021

/s/ Adam Slater
Adam M. Slater
**Mazie Slater Katz & Freeman, LLC**
103 Eisenhower Parkway
Roseland, NJ 07068
Tel: (973) 228-9898
aslater@mazieslater.com

Daniel Nigh
**Levin Papantonio**
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7013
dnigh@levinlaw.com

Ruben Honik
**Golomb & Honik, PC**
1835 Market Street
Suite 2900
Philadelphia, PA 19103
(215) 278-4449
rhonik@golumbhonik.com

Conlee Whiteley
**Kanner & Whiteley, LLC**
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
c.whiteley@kanner-law.com

8

## CERTIFICATE OF SERVICE

I certify that on the ___ day of _____ 2021, I electronically transmitted the attached document to counsel of record for all Retail Pharmacy Defendants.

*/s/ Adam M. Slater*
_____
Adam M. Slater
