# Exhibit D

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **IN RE: VALSARTAN**<br>**PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler,<br>District Judge |

## PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO WHOLESALER DEFENDANTS

### TO ALL WHOLESALER DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 34 and Local Civil Rule 34.1, and in accordance with the Court's prior rulings, Plaintiffs propound the following second set of requests upon each Wholesaler Defendant. These requests are without prejudice to Plaintiffs' rights to serve other requests consistent with Rules 26 and 34.

**DEFINITIONS:**

**"Manufacturer Defendants"** is defined as any entity identified as a Defendant in Plaintiffs' Master Complaints that manufactures the active pharmaceutical ingredient (API) for, or the finished dose formulation of, valsartan.

**"Communication(s)"** means the transmittal of information, in the form of facts, ideas, inquiries, documents or otherwise, and includes all transmissions of information received or transmitted by you, including correspondence, regardless of whether you are an author or addressee of such transmittal.

**"Documents"** includes, without limitations, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced or reproducible communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereof, whether intended for internal use, dissemination to outside entities, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings. Without limiting the generality of the foregoing, the term "Document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, presentations, work papers, accounts, invoices, purchase orders, ledgers, journals, book of accounts, local records, reports and/ or summaries of investigation, trade letters, press releases, comparisons, books, calendars, calendar entries or invitations, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra office communication, questionnaires, surveys, charts, graph, photographs, recordings, tapes, back-up tapes, discs, data cells, printouts, all other data compilations from which information can be obtained (translated, if necessary, into usable form), and Such reference to documents includes originals and copies, microfilms and transcripts made, recorded, produced or reproduced by any and every means. "Documents" also includes the content of any applicable computer database.

**Relevant Time Period:** Unless otherwise specified, the relevant time period applicable to all requests is January 1, 2012 through the December 31, 2019.

**"Retail Pharmacy Defendants"** refers to any and all entities listed by name as "Retail Pharmacy Defendants" in Plaintiffs' June 17, 2019 Master Personal Injury Complaint (Dkt. No. 121), including any agents, employees, or predecessor entities.

**"Valsartan"** or **"VCDs"** means any drug with valsartan as an active ingredient. For purposes of these Requests, "Valsartan" or "VCDs" is limited to only those drugs with a National Drug Code (NDC) associated with any of the Manufacturer Defendants identified in Plaintiffs' Master Complaints.

**"Recalled Valsartan" or "Recalled VCDs"** means any drug with valsartan as an active ingredient, as well as all finished drug formulations of valsartan, including any valsartan containing drug, that was subject to a voluntary or mandatory recall, to the extent identifiable from Documents kept by the Wholesaler Defendant(s) in the ordinary course of business.

**"You," "your"** or **"defendant"** shall be used interchangeably and refers to the parties to which these requests are directed.

**"Wholesaler Defendants"** refers to Amerisource Bergen Corporation, Cardinal Health, Inc., or McKesson Corporation, as identified in Plaintiffs' March 13, 2020 Consolidated Second Amended Economic Loss Class Action Complaint (Dkt. No. 398), including any agents, employees, or predecessor entities.

**INSTRUCTIONS:**

**Non-privileged information and non-custodial searches:** These Requests seek only information that is not privileged or otherwise protected from disclosure by applicable protection, including but not limited to work product protection or other requirements imposed or protections afforded by applicable law or regulation. Additionally, these Requests are directed to specific topics and information and do not require application of search terms across all or specific custodial files.

**DOCUMENTS TO BE PRODUCED:**

1.  All documents containing any Supply/Distribution Agreement representation or warranty provided by any Manufacturer Defendant to you.

2.  All documents containing any Supply/Distribution Agreement representation or warranty provided by or passed on by you to any Retail Pharmacy Defendant.

3.  All Supply/Distribution Agreements relating to your purchase of VCDs from Manufacturer Defendants.  Pricing terms may be redacted.  The parties will confer to identify what if any agreements already have been produced by Manufacturer Defendants, and Wholesaler Defendants are not required to produce agreements previously produced by Manufacturer Defendants.

4.  All Supply/Distribution Agreements relating to your sale of VCDs to Retail Pharmacy Defendants.  Pricing terms may be redacted.  The parties will confer to identify what if any agreements already have been produced by Retail Pharmacy Defendants, and Wholesaler Defendants are not required to produce agreements previously produced by Pharmacy Defendants.

5.  Standard Operating Procedures sufficient to determine the general method of your VCD inventory management.

6.  All formal communications between you and any Manufacturer Defendant relating to the recalls of VCDs.

7.  All formal communications between you and any Retail Pharmacy Defendant relating to the recalls of VCDs.

8.  Organizational charts or other documents sufficient to show the names and titles of employees with significant responsibilities for:  (i) inventory purchasing of VCDs from Defendant Manufacturer Defendants; (ii) inventory sales of VCDs to Defendant Retail Pharmacy Defendants; and (iii) the recall of VCDs.

Dated: June 1, 2021

/s/ Adam Slater
Adam M. Slater
**Mazie Slater Katz & Freeman, LLC**
103 Eisenhower Parkway
Roseland, NJ 07068
Tel: (973) 228-9898
aslater@mazieslater.com

Ruben Honik
**Golomb & Honik, PC**
1835 Market Street
Suite 2900
Philadelphia, PA 19103
(215) 278-4449
rhonik@golumbhonik.com

Daniel Nigh
**Levin Papantonio**
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7013
dnigh@levinlaw.com

Conlee Whiteley
**Kanner & Whiteley, LLC**
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
c.whiteley@kanner-law.com

## CERTIFICATE OF SERVICE

      I certify that on the      day of _____, I electronically transmitted the attached  document to counsel of record for all Wholesaler Defendants.

*/s/ Adam M. Slater*_____
Adam M. Slater
