# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | § § § § § § § No. 1:19-md-2875-RBK |

**DEFENDANTS' FIRST SET OF GLOBAL INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFFS**

The undersigned, on behalf of all Manufacturer Defendants named in the operative Master Personal Injury Complaint ("PI Complaint") [ECF No. 122], the operative Consolidated Second Amended Economic Loss Class Action Complaint ("EL Complaint") [ECF No. 398], and the operative Consolidated Amended Medical Monitoring Class Action Complaint ("MM Complaint") [ECF No. 123] and pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, hereby request that Plaintiffs respond, collectively and in writing, to the following Interrogatories and Requests for Production (collectively, the "Requests") and produce for inspection and copying the requested documents, electronically stored information, materials, and tangible things in their possession, within thirty (30) days after service hereof, as provided by the Parties' agreement to electronic service in this case.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to each and every part of these Requests as if fully set forth therein:

1. "Plaintiff," "Plaintiffs," "You," or "Your," means each and every Plaintiff in the above-captioned litigation, acting individually or jointly with any other person or entity, as well as any person acting on his or her behalf in any capacity, including his or her attorneys, or any employee, agent, investigator, or representative of his or her attorneys.

1

2. "Defendant" or "Defendants" means each and every Defendant named in the Complaints.

3. "Complaints" refers collectively to the operative Master Personal Injury Complaint ("PI Complaint") [ECF No. 122], the operative Consolidated Second Amended Economic Loss Class Action Complaint ("EL Complaint") [ECF No. 398], and the operative Consolidated Amended Medical Monitoring Class Action Complaint ("MM Complaint") [ECF No. 123] filed in this case as part of the consolidated MDL No. 2875 in the U.S. District Court for the District of New Jersey, captioned *In Re: Valsartan, Losartan, and Irbesartan Products Liability Litigation*.[1]

4. "Litigation" refers to the litigation that is the subject of the above-captioned Complaint, currently pending in the United States District Court for the District of New Jersey, captioned *In Re: Valsartan, Losartan, and Irbesartan Products Liability Litigation*, MDL No. 2875.

5. "VCD" means any drug or combination drug containing valsartan and sold in the United States.

6. "Relate to," "related to," or "relating to," or "reflecting" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

7. Each Request shall be construed as being inclusive rather than exclusive. The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to

---

[1] Currently pending before the Court is the Plaintiffs' motion for leave to amend the Complaints. If Plaintiffs are granted leave to amend the Complaints, the term "Complaints" in these Interrogatories and Requests for Production shall thereafter be construed to apply to the new operative complaints in the Litigation.

bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The present tense shall include the past and future tenses. The singular shall include the plural, and the plural shall include the singular. The masculine includes the feminine and neutral genders.

8.     "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. The

3

term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

9. The documents requested herein shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

10. "Electronically stored information" or "ESI" shall have the same definition as is utilized in the Electronic Discovery Protocol in this case [ECF No. 127], and the production of ESI should be made in conformance with that Protocol.

11. You are required to produce all responsive documents that are within Your possession. The potential availability of any Document by way of subpoena, public record access, authorization for release, or via another source does not excuse Your obligation to produce materials in Your possession.

12. You must respond in writing and separately to each Request. If no such Documents are within Your possession, custody or control, so state affirmatively. If You have searched for and produced all Documents within Your possession that are responsive to a request as part of the Plaintiff Fact Sheet process, so state affirmatively.

13. These Requests seek only non-privileged information. However, if any document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided that complies with the privilege log requirements of the Electronic Discovery Protocol in this case [ECF No. 127].

# INTERROGATORIES

## INTERROGATORY NO. 1:

Identify any testing, evaluation or analysis of VCDs performed, requested, or directed by any Plaintiff or Plaintiffs' attorneys, representatives, experts, or any other vendors or third-parties, including but not limited to VCDs that any specific Plaintiff had or has in his or her possession. Identify the person(s) performing each test, evaluation or analysis; the date of each test, evaluation or analysis; the location where each test, evaluation, or analysis was performed; the identity of all persons present during each test evaluation, or analysis; each specific type of test, evaluation, or analysis performed on each product; the specific products on which each test, evaluation, or analysis was performed (identifying the products by NDC and lot number and expiration date); the name of each Plaintiff who used, purchased or was prescribed the tested, evaluated, or analyzed VCDs, if applicable; and the methodology, tools and equipment used in each test; any reports, notes, memoranda, or any other type of record made of the tests; any testing protocols, and the results of each test.

**ANSWER:**


## INTERROGATORY NO. 2:

To the extent not previously disclosed on any Plaintiff Fact Sheet, identify any fact witnesses that Plaintiffs intend to call as witnesses at trial, including the addresses and telephone numbers of such individuals, along with a description of the subjects on which each witness is reasonably anticipated to testify.

**ANSWER:**

5

**INTERROGATORY NO. 3:**

For third-party payor Plaintiffs, identify any insurance agreements under which any claims or demands for coverage have been made relating to or arising from any losses incurred or payments made by a third-party payor Plaintiff for recalled VCDs.

**ANSWER:**

**INTERROGATORY NO. 4:**

Identify any and all patents that Plaintiffs claim support their position on any issue in this litigation and/or that Plaintiffs intend to rely on at trial. For each patent so identified, state (i) the patent holder/filer, (ii) the registration number, (iii) the registration date, and (iv) the government office or agency issuing such patent.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify any and all medical or scientific literature, articles, studies, standards, regulations, or guidance documents that Plaintiffs claim supports their position on any issue in this Litigation and/or that Plaintiffs intend to rely on at trial.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify any and all United States Food and Drug Administration (FDA) or other regulatory documents that Plaintiffs claim support their position on any issue in this Litigation and/or that

6

Plaintiffs intend to rely on at trial, including but not limited to communications, newsletters, alerts, notices, rules, regulations, guidance documents, reports, minutes, presentations, or database information.

**ANSWER:**

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents relating to any testing, analysis or evaluations performed on any VCDs identified in response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents you received from any source that refer or relate in any way to the VCDs that Plaintiffs used or purchased, including but not limited to advertising or promotional material, informational booklets, pamphlets or brochures, warnings, labels, letters or notices, and any other documents relating to any VCDs Plaintiffs used or purchased.

**REQUEST FOR PRODUCTION NO. 3:**

Produce copies of any and all chain of custody documents created or maintained that are associated with any of the Plaintiffs' VCDs.

**REQUEST FOR PRODUCTION NO. 4:**

Produce a copy of all communications between Bellwether Plaintiffs, putative class representative Plaintiffs and/or their representatives, and any agent, employee, subsidiary, or affiliate of Defendant(s).

**REQUEST FOR PRODUCTION NO. 5:**

Produce a copy of all communications between Bellwether Plaintiffs, putative class representative Plaintiffs and/or their representatives, and any agent, employee, subsidiary, or affiliate of the United States Food and Drug Administration.

**REQUEST FOR PRODUCTION NO. 6:**

Produce copies of all medical or scientific literature, articles, studies, standards, regulations, or guidance documents that Plaintiffs claim support their position on any issue in this

Litigation and/or that Plaintiffs intend to rely on at trial, as identified in response to Interrogatory No. 5.

**REQUEST FOR PRODUCTION NO. 7:**

Produce copies of all FDA or other regulatory documents that Plaintiffs claim support their position on any issue in this Litigation and/or that Plaintiffs intend to rely on at trial, as identified in response to Interrogatory No. 6.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents relating to the insurance agreements identified in response to Interrogatory No. 3, including copies of any applicable policies, demand letters, and evidence of any payments received from any insurer.

**REQUEST FOR PRODUCTION NO. 9:**

Produce copies of all patents that Plaintiffs claim support their position on any issue in this Litigation and/or that Plaintiffs intend to rely on at trial, as identified in response to Interrogatory No. 4.

Date: May 24, 2021                                  Respectfully submitted,

*s/ Alexandra B. Lagos*
Alexandra B. Lagos (Fla. Bar No. 30035)
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue
Miami, FL 33131
Tel: (305) 579-0813
Fax: (305) 579-0717
E-mail: lagosa@gtlaw.com

*Attorney for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2021, I served the foregoing **Defendants' Global Interrogatories and Requests for Production to Plaintiffs** on the parties' liaison counsel via email for distribution to all counsel of record.

*/s/ Alexandra B. Lagos*
Alexandra B. Lagos

**VIA E-MAIL ONLY TO**

valpec@kirtlandpackard.com
Ruben Honik, ruben@honiklaw.com
Adam Slater, aslater@mazieslater.com
Daniel Nigh, dnigh@levinlaw.com
Conlee Whiteley, c.whiteley@kanner-law.com
David J. Stanoch, d.stanoch@kanner-law.com
Jessica Priselac, Esq., JPriselac@duanemorris.com *for distribution to Defendants' Counsel*)
Seth A. Goldberg, Esq., sagoldberg@duanemorris.com
Clem C. Trischler, Esq., CCT@pietragallo.com
Sarah E. Johnston, Esq., sjohnston@btlaw.com
Lori G. Cohen, Esq., cohenl@gtlaw.com