# EXHIBIT F

**Subject:** Re: Valsartan MDL - Plaintiffs' Request for Wholesale De-Designation

**Date:** Friday, May 28, 2021 at 4:54:48 PM Eastern Daylight Time

**From:** ASlater@mazieslater.com

**To:** harkinss@gtlaw.com

**CC:** valpec@kirtlandpackard.com, CohenL@gtlaw.com, lockardv@gtlaw.com, rubensteinb@gtlaw.com, JPriselac@duanemorris.com, SAGoldberg@duanemorris.com, KABonner@duanemorris.com, cct@pietragallo.com, JMR@Pietragallo.com, FHS@Pietragallo.com, alexia.brancato@kirkland.com, Brittney.nagle@kirkland.com, jheinz@c-wlaw.com, eabraham@hillwallack.com

**\*EXTERNAL TO GT\***

Hi Steven:

Thank you for your email.

Other than in the case of ZHP, Plaintiffs did not take the position that the Order entered by Judge Vanaskie itself compels the Defendants to automatically de-designate. Instead, Plaintiffs have requested that each of the Defendants who were not the subject of the Order withdraw the massively overbroad confidentiality designations on a wholesale basis, and to use Judge Vanaskie's Order and Judge Schneider's prior entered Order as a guide to which documents should be de-designated. Please note that Judge Schneider's Order required Torrent to do so already and Plaintiffs believe that Torrent is in violation of that Order for failing to affirmatively de-designate all documents that the Order required.

If your position that Plaintiffs must take the time to challenge every document individually is adopted by the Court, Plaintiffs will seek sanctions for the time spent challenging any document that Defendants should have affirmatively de-designated. In fact, to the extent that documents are not de-designated affirmatively, and Plaintiffs later challenge those documents and prevail, Plaintiffs reserve their rights as well.

We hope that the Defendants will reconsider their position in light of this email and commit to affirmatively curing the over-designation of documents as confidential as requested by Plaintiffs.

Thank you,

Adam Slater

> On May 28, 2021, at 9:47 AM, harkinss@gtlaw.com wrote:
>
> Counsel,
>
> As you know, this week certain of the Manufacturer Defendants received a request to "begin the process of wholesale de-designation of all documents marked as confidential" from various Plaintiffs' counsel. The Manufacturer Defendants disagree with Plaintiffs' assertion that such a "process" is required or even contemplated by Judge Vanaskie's order on ZHP's motion to seal.

Judge Vanaskie's order applies only to the specific documents identified therein. Nothing in the language of the order is intended to compel Defendants to conduct a wholesale re-review of millions of pages of documents in the absence of a single particularized challenge. Judge Vanaskie specifically stated: "It is hoped that this detailed approach will provide the parties guidance on **future** designations of confidentiality and challenges under the Protective Order." (emphasis added).

The parties can use Judge Vanaskie's rulings when addressing future, particularized, confidentiality challenges, and will endeavor to avoid burdening the Court with disputes over similar documents. However, requiring defendants to re-review hundreds of thousands of documents across their entire productions at this stage of the litigation – with no basis to believe that any of the individual documents will be challenged or a realistic framework for assessing whether the revised designation will avoid a later challenge – would thwart the purpose of both the Protective Order and Judge Vanaskie's order itself.

The heavily negotiated Protective Order in this case requires that the party challenging a confidentiality designation do so by serving a written objection to the particular confidentiality designation. (Doc. 139 ¶ 20(a)). Judge Vanaskie's order noted in the context of ZHP's motion to seal that while categorization of documents may be helpful, "categorization does not obviate a document-by-document review of the documents at issue . . ." (Doc. 1268 at 9 n.5). Nothing in the order alters this fundamental requirement.

We similarly disagree that the Defendants should or are in any way obligated to revisit their specific designations to deposition transcripts in the absence of particularized challenges to those designations. Once again, we will evaluate challenges to those designations in light of the Court's rulings on similar documents and issues, but disagree that "wholesale" de-designations are required or appropriate.

We would like to raise this issue and get clarity from Judge Vanaskie at next week's Case Management Conference. Accordingly, unless you agree to withdraw this request, please propose some times in the next week to meet and confer.

Best,

**Steven M. Harkins**
Associate

Greenberg Traurig, LLP
Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2312 | F +1 678.553.2441
harkinss@gtlaw.com | www.gtlaw.com | View GT Biography

<image001.png>

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.