# EXHIBIT G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN DIVISION

| | | |
|---|---|---|
| In re: Valsartan Products Liability Litigation | | MDL No. 2875<br>Case No.: 1:19-md-02875-RBK-JS |
| This Document Relates to All Actions | | |

### CASE MANAGEMENT ORDER NO. ___

The Parties having agreed to a protocol for treating physician communications and their depositions in actions filed or transferred to MDL No. 2875, and in the interest of efficiency and judicial economy,

IT IS HEREBY ORDERED that:

The following will govern the parties' interactions with an MDL Plaintiff's treating physicians and other licensed health care providers. "Health Care Provider," is defined broadly to include any doctor (including a Doctor of Medicine (MD) or Doctor of Osteopathic Medicine (DO)), Advanced Practice Registered Nurse (APRN), Physician's Assistant (PA) or similar person authorized to administer health care services or prescribe medication. The term "treating physician" in this protocol is defined broadly to include health care providers.

A. **Ex Parte Communications with Treating Physicians**

1. Defendants' counsel should not communicate *ex parte* with Plaintiffs' treating physicians regarding an individual Plaintiff's medical history or condition, with the exceptions contained in this Paragraph and Paragraph D below. A non-attorney acting on behalf of Defendants' counsel may communicate with an individual Plaintiff's treating physician's office to schedule a deposition or to address other administrative issues such as payment for the physician and logistics for the deposition. Contact between Defendants' representatives and a treating physician or his/her office and staff for purposes of sales and marketing activities in the normal course of business activities

1

shall not be considered *ex parte* communications as long as there is no communication about an individual plaintiff's treatment or medical condition. Contact between Defendants' representatives and a treating physician or his/her office and staff for purpose of Medical Device Reporting pursuant to 21 CFR 803 shall not be considered *ex parte* communications.

2. Plaintiffs' counsel may communicate *ex parte* with a treating physician regarding an individual Plaintiff's medical history or condition if the physician is willing. In attempting to engage in any *ex parte* communication, Plaintiffs' counsel shall inform that treating physician that any such communication or meeting (1) is voluntary, (2) will not include counsel for Defendants, and (3) may be the subject of inquiry at any deposition.

3. Before providing or showing a treating physician any confidential documents or the contents thereof, the Plaintiffs' counsel is required to first obtain the physician's written consent to be bound by the Confidentiality and Protective Order entered in this litigation. Plaintiffs' counsel may not provide or show a treating physician medical records not generated by or maintained by the physician, his/her practice, or his/her former practice, absent a specific request by the physician to view such records. Plaintiffs' counsel or their staff and/or agents may communicate with an individual Plaintiff's treating physician's office to schedule a deposition.

B. **Depositions of Treating Physicians**

1. Either party may issue a notice for deposition of any treating physician.

2. The Parties agree that each party will have the opportunity to use up to half of the total available time for deposition of any treating physician. The Parties further agree that they will share equally any fees charged by the treating physician for time in deposition, regardless of the time actually spent by each party.

3. In questioning a treating physician noticed by the opposing party, a party will not be limited by the scope of the opposing party's prior questioning under Fed. R. Evid. 611(b).

4. Absent good cause shown, no treating physician will be deposed more than once for discovery purposes in each case.

C. **Disclosures Prior to Deposition of Treating Physicians**

1. With respect to any *ex parte* communications, at least 48 hours before the deposition of a Plaintiff's treating physician, Plaintiffs' counsel shall disclose to Defendants' counsel each of the following: a) the date(s) of each such *ex parte* communication; b) the approximate duration of each such *ex parte* communication; c) the location of each such *ex parte* communication; d) the participants in each such *ex parte* communication; and e) the identity of any documents, photographs, or other materials, other than the physician's records of treatment, that were shown or provided to the treating physician

by Plaintiffs' counsel in connection with each *ex parte* communication. Plaintiffs' counsel shall identify any documents by production Bates number or by providing a copy if no such Bates numbers exist.

2. For *ex parte* meetings or communications with a treating physician that are planned to take place within forty-eight (48) hours of the noticed start of the deposition, at least forty-eight (48) hours prior to the noticed start of the deposition Plaintiffs' counsel shall identify by production Bates number, or by providing a copy if no such Bates numbers exist, to Defendants' counsel all documents that counsel in good faith expects to provide, show, read from, or otherwise specifically describe to the witness, other than the physician's records of treatment. Then, as soon as practicable after the meeting, Plaintiff shall disclose to opposing counsel all documents that were provided, shown, read from or otherwise specifically described to the witness, other than the physician's records of treatment, along with the other disclosures required in paragraph C(1), above.

3. If any Plaintiff fails to make the disclosures described in paragraphs 1 and 2 above, the Plaintiff may, in the discretion of the Court, be precluded from relying upon the deposition or trial testimony of the treating physician with whom *ex parte* communications were made.

D. **Use of Treating Physicians as Expert Witnesses**

1. Defendants shall not use a treating physician as a retained expert in a case where such physician's current or former patient is the plaintiff in the specific case. Subject to Paragraph D.2, Defendants are not precluded from retaining such a physician in connection with the case of another plaintiff.

2. Subject to Paragraph D.1, if Defendants retain as an expert a physician who has treated or is currently treating another plaintiff in another case in this case coordinated action, then Defendants shall not communicate with the physician about any plaintiff the physician has treated or is currently treating. Defendants are responsible for staying informed of the identified treating physicians in cases selected for case-specific workup to avoid any *ex parte* communication with such treating physicians in connection with expert retention for other cases.

3. Defendants shall not use a Plaintiff Fact Sheet or other discovery provided by Plaintiffs to locate or identify an expert for this litigation.

4. Communications with a retained expert or in connection with potential retention as an expert shall not be considered *ex parte* communications for the purpose of Paragraph A.1.

5. Nothing in this Order is intended to limit a party's right to use treating physicians as non-retained experts.

3

**IT IS SO ORDERED.**

Date: _____       _____
HON. ROBERT B. KUGLER
UNITED STATES DISTRICT JUDGE