# EXHIBIT I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN DIVISION

| | | |
|---|---|---|
| In re: Valsartan Products Liability Litigation <br><br><br> This Document Relates to All Actions | | MDL No. 2875 <br> Case No.: 1:19-md-02875-RBK-JS |

## CASE MANAGEMENT ORDER NO. ___

The Parties having agreed to a protocol for treating physician communications and their depositions in actions filed or transferred to MDL No. 2875, and in the interest of efficiency and judicial economy,

IT IS HEREBY ORDERED that:

The following will supplement the existing Fact Deposition Protocol, and shall together govern the parties' interactions with an MDL Plaintiff's treating physicians and other licensed health care providers. "Health Care Provider," is defined broadly to include any doctor (including a Doctor of Medicine (MD) or Doctor of Osteopathic Medicine (DO)), Advanced Practice Registered Nurse (APRN), Physician's Assistant (PA) or similar person authorized to administer health care services or prescribe medication. The term "treating physician" in this protocol is defined broadly to include health care providers.

    A.    **Ex Parte Communications with Treating Physicians**

        1. Defendants' counsel shall not communicate *ex parte* with Plaintiffs' treating physicians regarding an individual Plaintiff's medical history or condition, with the exceptions contained in this Paragraph and Paragraph D below. A non-attorney acting on behalf of Defendants' counsel may communicate with an individual Plaintiff's treating physician's office to schedule a deposition or to address other administrative issues

1

such as payment for the physician and logistics for the deposition. Contact between Defendants' representatives and a treating physician or his/her office and staff for purposes of sales and marketing activities in the normal course of business activities shall not be considered *ex parte* communications as long as there is no communication about an individual plaintiff's lawsuit, treatment or medical condition. Contact between Defendants' representatives and a treating physician or his/her office and staff for purpose of Medical Device Reporting pursuant to 21 CFR 803 shall not be considered prohibited *ex parte* communications.

2. Plaintiffs' counsel may communicate *ex parte* with a treating physician regarding an individual Plaintiff's medical history or condition if the physician is willing to do so, as well as any other matters related to the Plaintiff's medical condition or lawsuit, except as explicitly limited herein. Defendants are permitted to explore the extent of a treating physician's contacts with plaintiffs' counsel at the time of the treating physician's deposition.

3. Before providing or showing a treating physician any confidential documents or the contents thereof during an *ex parte* communication, Plaintiffs' counsel is required to first obtain the physician's written consent to be bound by the Confidentiality and Protective Order entered in this litigation. Plaintiffs' counsel or their staff and/or agents may communicate with an individual Plaintiff's treating physician's office to schedule a deposition or with regard to logistics.

B. **Depositions of Treating Physicians**

1. Either party may issue a notice for deposition of any treating physician.

2. The Parties agree that each party will have the opportunity to use up to half of the total available time for deposition of any treating physician. The Parties further agree that they will share equally any fees charged by the treating physician for time in deposition for each bellwether case.

3. In questioning a treating physician noticed by the opposing party, a party will not be limited by the scope of the opposing party's prior questioning under Fed. R. Evid. 611(b).

4. Absent good cause shown, no treating physician will be deposed more than once for discovery purposes in each case.

C. **Disclosures Prior to Deposition of Treating Physicians**

1. Before a plaintiff's treating physician is deposed plaintiff shall document any pre-deposition communications they had with the physician, other than an inquiry regarding obtaining medical records or deposition scheduling. Plaintiffs must identify when the communication occurred, the means (in-person, telephone, email,

2

   etc.), its approximate duration, the participants, and the identity of any documents or electronically stored information shown, provided to or otherwise described to the physician. All written communications shall be produced.

2. This discovery shall be produced to defendants at least 48 hours before the physician's deposition.

3. *For ex parte* meetings or communications with a treating physician that are planned to take place within forty-eight (48) hours of the noticed start of the deposition, as soon as practicable after the meeting/communication, Plaintiff shall disclose to opposing counsel all disclosures required in paragraph C(1), above.

D. **Use of Treating Physicians as Expert Witnesses**

1. Defendants shall not use a treating physician as a retained expert in a case where such physician's current or former patient is the plaintiff in the specific case. Subject to Paragraph D.2, Defendants are not precluded from retaining such a physician in connection with the case of another plaintiff, or using the report or testimony of the physician in cases involving other plaintiffs.

2. Subject to Paragraph D.1, if Defendants retain as an expert a physician who has treated or is currently treating another plaintiff in another case in this case coordinated action, then Defendants shall not communicate with the physician about any plaintiff the physician has treated or is currently treating. Defendants are responsible for staying informed of the identified treating physicians in cases selected for case-specific workup to avoid any *ex parte* communication with such treating physicians in connection with expert retention for other cases.

3. Defendants shall not use a Plaintiff Fact Sheet or other discovery provided by Plaintiffs to locate or identify an expert for this litigation.

4. Communications with a retained expert or in connection with potential retention as an expert shall not be considered prohibited *ex parte* communications for the purpose of Paragraph A.1.

5. Nothing in this Order is intended to limit a party's right to use treating physicians as non-retained experts.

E. **Location of Depositions**

3

*ACTIVE 57675417v1*

*DM1\12097151.1*

1. The witnesses will be deposed in the federal judicial district where they live, or such other place as agreed to by all counsel and the witness.

**F.    Order of Questioning**

1. For treating physicians, the parties shall alternate who leads off questioning during the course of the depositions, with the order of questioning at the first deposition in each bellwether case commencing according to the chart below:

| **Plaintiff** | | |
|---|---|---|
| 1) Bonmon, Yolanda 1:20-cv-09207 | Defendant | |
| 2) Briones, Joe 1:20-cv-16551 | Plaintiff | |
| 3) Brown, Janice 1:19-cv-17394 | Defendant | |
| 4) Crawford, Rita 1:20-cv-00763 | Plaintiff | |
| 5) Dawson, Nellie 1:20-cv-01493 | Defendant | |
| 6) Dufrene, Lana 1:19-cv-15633 | Plaintiff | |
| 7) Fields, Tivis 1:20-cv-00683 | Defendant | |
| 8) Ganim, Bambi 1:20-cv-07523 | Plaintiff | |
| 9) Garcia, Robert 1:20-cv-07957 | Defendant | |
| 10) Guillory, Maxine 1:19-cv-10044 | Plaintiff | |
| 11) Hanna, Nabil 1:20-cv-14570 | Defendant | |
| 12) Kennedy, Paulette 1:20-cv-07638 | Plaintiff | |
| 13) Kinkela, Silvano 1:20-cv-02880 | Defendant | |
| 14) Lee, Robert 1:20-cv-15324 | Plaintiff | |
| 15) Meeks, Estate of Ronald 1:19-cv-16209 | Defendant | |
| 16) Murawski, Georgia 1:20-cv-14302 | Plaintiff | |
| 17) Murga, Crusita 1:20-cv-03596 | Defendant | |
| 18) Ochs, Marvella 1:20-cv-00323 | Plaintiff | |
| 19) Pate, Eugene 1:20-cv-01248 | Defendant | |
| 20) Pizzolato, Brad 1:20-cv-02820 | Plaintiff | |
| 21) Ramirez, Richard 1:20-cv-05595 | Defendant | |
| 22) Roberts, Gaston 1:20-cv-00946 | Plaintiff | |
| 23) Smalls, Evon 1:20-cv-08199 | Defendant | |
| 24) Stephens, James 1:20-cv-07143 | Plaintiff | |
| 25) Svebek, Michael 1:19-cv-20609 | Defendant | |
| 26) Suits, James 1:20-cv-06547 | Plaintiff | |
| 27) Welch, Durl 1:20-cv-07999 | Defendant | |
| 28) Weygandt, Robert 1:19-cv-20970 | Plaintiff | |

4

IT IS SO ORDERED.

Date: May ??, 2021.                              /s/ Robert B. Kugler
                                                 United States District Judge

**IT IS SO ORDERED.**

Date: _____            _____
                                                              HON. ROBERT B. KUGLER
                                                              UNITED STATES DISTRICT JUDGE

ACTIVE 57675417v1

DM1\12097151.1