# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°

°Member of N.J. & N.Y. Bars

June 2, 2021

**VIA ECF**
TIV@stevenslee.com
Hon. Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

Re: *In re Valsartan, Losartan, and Irbesartan Liability Litigation*,
Case No. 1:19-md-02875-RBK (D.N.J.)

Dear Judge Vanaskie:

Plaintiffs write to address an issue raised in Defendants' agenda letter, ZHP's motion to strike Plaintiffs' motion for sanctions, that Plaintiffs were not told would be included.  Plaintiffs therefore did not address the issue in their agenda letter, and do so here.

Defendant ZHP's motion to strike Plaintiffs' motion for sanctions for Defendant ZHP's obstruction and failure to provide responsive deposition testimony is written as if the issues presented in the motion have been raised for the first time.  In point of fact, these issues have been discussed by counsel numerous times, including a call between Adam Slater and Seth Goldberg prior to the deposition of Peng Dong, discussions on and off the record during the depositions, and

Hon. Thomas I. Vanaskie, Special Master
June 2, 2021
Page 2

the Court has heard the positions of the Parties on these issues at three separate hearings. During the course of those hearings, the Court authorized Plaintiffs to file motions for sanctions:

> **It may be that you have to present it – then I hate to put more work on you – by way of a motion on the particular matter that requires that the matter be deemed admitted, for example, because of the evasiveness of the witness,** or it gets presented – the questions, as I saw them, were seeking confirmation, his confirmation of something that was in a document. Isn't it correct that this document said this, something like that. And, well, the document says what it says. I don't think you need to push that point too far. I will give counsel, Mr. Goldberg, leeway to instruct the witness after a question has been asked three different times, to say, you don't have to answer that anymore, **and if you need to present it by way of a motion, then we'll take it by way of a motion**. But let's get through these depositions.
>
> * * *
>
> **JUDGE VANASKIE: Well, I agree with you. That, you know, it could be abused, this kind of approach that I've suggested, is subject to abuse, but I think we have enough –**
>
> **MR. GOLDBERG: Your honor –**
>
> **JUDGE VANASKIE: Enough weapons – please let me finish. – enough weapons in our arsenal of sanctions to say, if that happens, it is sanctionable conduct. If a witness is being told that they don't have to answer a question that clearly should be answered, I think that could be the basis for sanctions.**

(3/29/2021 Tr., commencing at 3:00 P.M. at 27:2-29:17, 31:1-16, emphasis added).

ZHP's argument is tone deaf to what has already occurred. Moreover, what does ZHP suggest it expects to accomplish in the meet and confer it requests? It is highly doubtful that ZHP intends to consent to the requested relief. If ZHP truly wants to make a concrete offer and meet and confer, it can easily do so **during the pendency of this motion**. However, striking the motion so the parties can engage in a doomed discussion, where the Court has already heard extensive arguments from both sides, on multiple occasions, and has already told Plaintiffs that they may file such motions, would not be reasonable. It is apparent that this motion from ZHP is yet another

Hon. Thomas I. Vanaskie, Special Master
June 2, 2021
Page 3

effort to use a meet and confer process to slow the pace of the litigation. In this context, ZHP is not candid with the Court. After reviewing the motion, Plaintiffs' counsel reached out to ZHP on June 1, 2021, to determine whether ZHP was seriously contemplating agreeing to the sanctions sought on the motion. The email stated: "We have reviewed your motion to strike Plaintiffs' motion for sanctions. Because the parties had discussed the issues arising during the depositions of ZHP witnesses multiple times, and the Court held three hearings on the issue and advised Plaintiffs that their next step would be the filing of a motion, Plaintiffs did not believe that there was a need to meet and confer before filing the motion. However, without prejudice, and just to be certain, we are reaching out to ask whether ZHP will consent to imposition of the relief requested in Plaintiffs' motion, and identify which parts you will agree to." ZHP has ignored that email, and failed to advise the Court of it. This is because ZHP is not going to agree to the relief, rendering a meet and confer futile.

Finally, aside from the futility of a meet and confer, Defendants' own brief demonstrates that the parties have satisfied the requirement to present the issues to the Court before filing the motion. Per Defendants' brief: "Similarly, Local Rule 37.1(a)(1) of the United States District Court for the District of New Jersey states "**Counsel shall confer to resolve any discovery dispute**. Any such dispute not resolved shall be presented by telephone conference call or letter to the Magistrate Judge. **This presentation shall precede any formal motion**." D.N.J. L.R. 37.1(a)(1)(emphasis added)." Three hearings have already been conducted by the Court, and the Court has already advised Plaintiffs that their next step was to file a motion for sanctions. Again, this is not a new issue being raised for the first time and cannot be treated that way.

Plaintiffs request that ZHP's motion to strike be denied during the June 3, 2021 conference. The alternative would be a futile meet and confer followed by the re-filing of the motion, which

Hon. Thomas I. Vanaskie, Special Master
June 2, 2021
Page 4

will only inject further delay.  Plaintiffs can submit a certification to this effect as well, if deemed necessary.

      Thank you for your consideration.

                                            Respectfully,

                                            Adam M. Slater