# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE VALSARTAN,** : | **MDL No. 19-2875(RBK/KW)** |
| **LOSARTAN, AND IRBESARTAN** : | |
| **PRODUCTS LIABILITY** : | |
| **LITIGATION** : | |
| : | |

**This Order Relates to all Cases**

## SPECIAL MASTER ORDER NO. 22

### June 8, 2021

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiffs served third-party subpoenas on two consultants retained by Defendant Aurobindo Pharma Ltd. ("Aurobindo") – Meridan Consulting ("Meridan") and ToxRox Consulting, LLC ("ToxRox"). Aurobindo moved to quash the subpoenas on a number of grounds, including that the documents sought by Plaintiffs were protected from discovery by the attorney work product doctrine and/or the attorney-client privilege. (Doc. 608). The Hon. Joel Schneider resolved most of the objections to the subpoena during a January 5, 2021 hearing, (Doc. 719 at 46-50), but reserved ruling on the work product and attorney-client privilege issues. The parties subsequently reached an agreement to have Aurobindo produce the requested documents on behalf of Meridan and ToxRox, subject to their ability to withhold documents claimed to be covered by the attorney-client privilege and work product doctrine. (*See* Doc. 1011 at 24.) Aurobindo has identified the withheld

documents on a privilege log attached as Exhibit W to Plaintiffs' March 9, 2021 conference agenda letter (Doc. 1011-23).

It appears that documents withheld on the basis of the work product doctrine fall into two categories: (1) documents prepared to assist Aurobindo in responding to an FDA warning letter, and (2) documents prepared to assist Aurobindo in responding to an FDA 483 letter. Plaintiffs, citing, *inter alia*, *In re Riddell Concussion Reduction Litig.*, Civ. No. 13-7585 (JBS/JS). 2016 WL 7108455 (D. N.J., Dec. 5, 2016), contend that the documents cannot be covered by the work product doctrine because they were not prepared in anticipation of litigation. Aurobindo, citing, *inter alia*, *In re Niaspan Antitrust Litig.*, MDL No. 2460, 2017 WL 3668907 (E.D. Pa., Aug. 24, 2017), contends that the withheld documents can be regarded as having been prepared in anticipation of litigation. Aurobindo also asserts that the documents are protected by the attorney-client privilege because they reflect communications made by Aurobindo lawyers to the consultants for the purpose of rendering legal advice to Aurobindo.

It is difficult to resolve these competing contentions without having an opportunity to conduct an *in camera* review the documents in question. It is also difficult to address this matter based upon the privilege log at Doc. 1011-23, presented as it is in non-native format. Finally, resolution of the long-simmering issue will be facilitated by oral argument.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**:

1. By **June 11, 2021**, Aurobindo shall produce in electronic format for *in camera* review the documents identified in footnotes 7 and 8 of Plaintiffs' March 9, 2021 agenda letter, (Doc. 1011). Aurobindo shall also produce in native format by **June 11, 2021** its privilege log for the Meridan and ToxRox documents it has withheld from discovery.

2. Oral argument via Zoom shall be held on the attorney work product and attorney client issues raised by Aurobindo with respect to the Meridan and ToxRox documents on **Monday, June 14, 2021 at 2:00 p.m.**

        *s/ Thomas I. Vanaskie*
        Hon. Thomas I. Vanaskie (Ret.)
        Special Master