**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler |
| This document relates to:<br>*All Actions* | |

**PLAINTIFFS' MOTION AND  MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR RECONSIDERATION OF COURT'S GUIDANCE
ON PRIVILEGE DOCUMENTS**

Co-Lead Plaintiffs' Counsel, on behalf of the Plaintiffs' Executive Committee, pursuant to the Court's Protective Order (D.E. 139),[1] respectfully file this Motion and Memorandum of Law in Support of their Motion for Reconsideration on the Court's Ruling on Teva Privileged Documents ("Clawback Documents").  Specifically, this Motion relates to Teva's proposed redactions to a single document (an email chain).  While Plaintiffs do not dispute that a single email from Teva in-house counsel in a large email chain can be privileged, Plaintiffs contest Teva's argument that other emails in the chain sent from non-lawyer Teva employee ███████, are privileged.  *See* Ex. A.

---

[1] Following a meet and confer, "[i]n the event the parties are unable to resolve the dispute [over the document at issue], either Party may contact the Court for the Scheduling of a telephone conference call with counsel to review whether the designated Documents are rightfully subject to a lawfully recognized privilege."  D.E. 139 at ¶ 21.  "In the event the Court resolves the dispute, either Party may petition the Court via formal Notice of Motion within ten (10) days from the date of the conference call; otherwise the Court's resolution of the issue shall stand."  *Id.*  This motion falls under the last sentence.

## I.    **BACKGROUND**

Plaintiffs marked the document at issue, TEVA-MDL2875-00650876 (Ex. A), at the deposition of Teva employee and non-lawyer Claire Lyons on April 27, 2021. Plaintiffs' counsel questioned Ms. Lyons about this document without any objection from Teva's counsel. *See* Lyons Tr. at 170-176 (Ex. B). On May 5, 2021, Teva wrote Plaintiffs to attempt to clawback TEVA-MDL2875-00650876. Later that same day, pursuant to Paragraph 21 of the Discovery Confidentiality Order, Plaintiffs disputed Teva's claim of privilege and asked to meet and confer.

The parties conferred on Friday, May 14, 2021 about TEVA-MDL2875-00650876 as well as several other documents Teva was attempting to clawback. On Monday, May 17, 2021, Plaintiffs wrote to Teva and proposed the following compromise as to TEVA-MDL2875-00650876: Teva could redact ██████████████████████████████████████,[2] but the remainder of the email thread (particularly earlier-in-time emails sent by non-attorney Teva employees to many colleagues), should remain unredacted.

By letter dated May 25, 2021, Teva rejected Plaintiffs' offer. Instead, Teva proposed redacting not only the one email in the thread from Teva's in-house counsel (which Plaintiffs agreed could be redacted), but also to redact another three earlier-in-time emails in the thread. On May 27, 2021, Plaintiffs again agreed to the redaction of the one email from Teva's in-house counsel, but could not agree to Teva's other proposed redactions. The parties subsequently agreed by phone to raise the matter at the next CMC.

During the June 3, 2021, Case Management Conference with the Court, the Parties raised the issue of the Clawback Document at issue in this Motion. Due to Teva's concerns regarding

---

[2] This particular email in the larger email thread appears to have inconsistent metadata and appearance. On its face, the email is "from" ████████████████████████████████████████████████████████████████████ Teva has never explained this discrepancy.

confidentiality of the open proceeding, Plaintiffs were prevented from fully arguing why TEVA-MDL2875-00650876 should not be considered a privileged document under the law. After conducting a cursory in camera review, the Special Maser found the document to the privileged. Plaintiffs then notified the Special Master of their intent to file a formal motion, as provided under the Discovery Confidentiality Order in the case, in order to fully brief the question of whether the first three emails contained within TEVA-MDL2875-00650876 were privileged. This Motion is filed pursuant to Paragraph 21 of the Discovery Confidentiality Order.

## II.  <u>LEGAL STANDARD</u>

The burden of demonstrating the applicability of the attorney-client privilege rests on the party asserting the privilege. *See Matter of Bevill, Bresler &* Schulm*an Asset Mgmt. Corp*., 805 F.2d 120, 126 (3d Cir. 1986); *In re Avandia Mktg., Sales Pracs. & Prods. Liab.*, No. 07-md-01871, 2009 WL 4807253, at *9-10 (E.D. Pa. Oct. 2, 2009). In assessing whether a document is privileged, the Court has clearly laid out the following maxims related to the privilege claim:

> (a) underlying facts are never privileged, (b) communications made to an attorney by a client seeking business advice are not privileged; (c) merely copying a lawyer on an e-mail does not, by itself, make the e-mail privileged, (d) merely attaching something to a privileged document does not, by itself, make the attachment privileged, (e) the party arguing that a document is privileged has the burden of establishing privilege with respect to each and every document; and (f) claims of attorney-client privilege must be asserted on a document by document basis.

*In re Hum. Tissue Prod. Liab. Litig.,* 255 F.R.D. 151, 162 (D.N.J. 2008).

As the privilege relates specifically to communications that include in-house counsel, an email is not deemed to be privileged if an in-house attorney: (1) is a mere recipient of that email; and (2) did not actively participate in providing legal advice as part of that email. *See In re Riddell Concussion Reduction Litig.*, No. 13-07585, 2016 WL 7108455, at *3 (D.N.J. Dec. 5,

2016).  The mere fact that a party's counsel has been copied on an email does not establish that a document is privileged. To hold otherwise would permit parties to evade the limitations of the privilege concerning the production of relevant discovery by simply copying an attorney on all company-generated emails to protect them from discovery, regardless of whether legal services were sought or who the other recipients of the email were. *In re Riddell*, 2016 WL 7108455, at *3; *see also Spiniello Cos. v. Hartford Fire Ins. Co.*, No. 07-02689, 2008 WL 2775643, at *2 (D.N.J. July 14, 2008) (simply copying or "cc'ing" an in-house or outside attorney on an email is not enough to demonstrate the privilege).

The fact that an email appears to include in-house counsel does not mean it "should not be privileged, unless the email is directed to the attorney or sent by the attorney." *Shipyard Assocs., L.P. v. City of Hoboken*, No. 14-01145, 2015 WL 4623470, at *5 (D.N.J. Aug. 3, 2015) (internal quotation marks and citations omitted); *see also In re Human Tissue Prods. Liab. Litig.*, 255 F.R.D. 151, 164 (D.N.J. 2008) (magistrate judge holding that merely copying a lawyer on an email does not, by itself, make the email privileged), *aff'd by district judge*, MDL No. 1763, 2009 WL 1097671 (D.N.J. Apr. 23, 2009). Communications between non-lawyers that do not otherwise specifically reflect a request or the provision of legal advice cannot be withheld on the basis of attorney-client privilege.  *See, e.g.*, *In re Avandia*, 2009 WL 4807253, at *9-10.

Because in-house counsel often acts in both a legal capacity as well as a business capacity, when looking at communications that include in-house counsel, the inquiry is focused on whether the communication is "designed to meet problems which can fairly be characterized as predominately legal." *See In re Bristol-Myers Squibb Sec. Litig.*, 2003 WL 25962198, at *5 (D.N.J. June 25, 2003).

In a situation such as this, where an in-house counsel is one of many persons copied on an email, the onus is on the party asserting the claim of privilege to demonstrate that the communication in question was made for the express purpose of securing legal and not business advice. *See Kramer v. Raymond Corp.*, 1992 WL 122856, at *1 (E.D. Pa. May 29, 1992). To be privileged, the primary purpose of a communication must be for the express purpose of seeking or rendering legal advice. *Id.* at *4. To prevent corporate in-house counsel from abusing the attorney client privilege, the onus is on the party asserting the privilege to demonstrate that the communication would not have occurred "but for the client's need for legal advice or services." *La. Mun. Police Emps. Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 306 (D.N.J. 2008) (internal quotations and citation omitted).

## III.    <u>ARGUMENT</u>

Of the four emails Teva seeks to redact, Plaintiff dispute three of them for the following reasons.



██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

████████████████████████████    ████████████

██████████████████████████████████████████████

██████████████████

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion should be granted.


Dated: June 14, 2021                                    Respectfully Submitted,


/s/ Ruben Honik                                          /s/ Daniel Nigh
Ruben Honik                                              Daniel Nigh
GOLOMB & HONIK, P.C.                                     LEVIN, PAPANTONIO, THOMAS, MITCHELL
1835 Market Street, Ste. 2900                             RAFFERTY & PROCTOR, P.A.
Philadelphia, PA 19103                                   316 South Baylen Street
Phone (215) 985-9177                                     Pensacola, FL 32502
rhonik@golombhonik.com                                   Phone: (850) 435-7013
                                                         dnigh@levinlaw.com


/s/ Adam Slater                                          /s/ Conlee S. Whiteley

Adam Slater                                              Conlee S. Whiteley
MAZIE, SLATER, KATZ & FREEMAN, LLC                       KANNER & WHITELEY, LLC

103 Eisenhower Pkwy, 2nd Flr.                    701 Camp Street
Roseland, NJ 07068                               New Orleans, LA 70130
Phone (973) 228-9898                             Phone: (504)-524-5777
aslater@mazieslater.com                          c.whiteley@kanner-law.com

*MDL Plaintiffs' Co-Lead Counsel, on behalf of the Plaintiffs' Executive Committee and all Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021, a true and correct copy of the foregoing was filed and served upon all counsel via operation of the CM/ECF system for the United States District Court for the District of New Jersey.

                                    */s/ David J. Stanoch*
                                    David J. Stanoch

8