# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
_____
*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
_____
°Member of N.J. & N.Y. Bars

June 15, 2021

**VIA CM/ECF**
Honorable Thomas I. Vanaskie, Special Master
Stevens & Lee, P.C.
1500 Market Street, East Tower, 18th Floor
Philadelphia, Pennsylvania 19103

      Re:    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
               No. 1:19-md-02875-RBK-JS (D.N.J.)

Dear Judge Vanaskie:

Plaintiffs respectfully submit this letter summarizing the issues in advance of the upcoming June 16, 2021 status conference.

    **1.  Status of ZHP Supplemental Document Production**

ZHP's supplemental discovery production was due this past Friday.  (6/03/2021 Tr. 47:9-10).  However, ZHP has not provided Plaintiffs with a production letter setting forth each discovery request and an accounting of which bates numbers are responsive to which requests.  Plaintiffs should not have to figure out which documents are responsive to which request.  Moreover, even though ZHP has not confirmed this, it is clear that the production is not yet complete.

Hon. Thomas I. Vanaskie, Special Master
June 15, 2021
Page 2

Although Plaintiffs are still assessing ZHP's most recent productions, there are already clear deficiencies – or clear red flags as the case may be. First, ZHP has not produced the July 27, 2017 email for any of the new custodians - including Jinsheng Lin, the author of the email. Second, ZHP has not produced the report addressing nitrosamine impurities in Irbesartan, which was discussed in the July 27, 2017 email and presumably would contain further discussion of the nitrosamine impurities known to be in valsartan. That is the report that Min Li (Jinsheng Lin's boss at CEMAT) ultimately halted because it was focused on a "sensitive impurity." Third, the custodial files that have been produced appear to be incomplete, and the majority of documents produced have been post recall. For example, on Friday ZHP produced custodial documents for Jinsheng Lin which consisted of a total of 204 documents, many of which were dated from 2018 to the present. Fourth, there are clear deficiencies in the metadata such as the lack of Created and Modified Dates and the failure to identify duplicate custodians.

ZHP's lack of transparency in making these productions needs to be addressed. ZHP should be ordered to provide a letter cataloguing all of the requests at issue, and identifying the documents produced in response to each by bates number, and to confirm as to each request whether the production is complete and to the extent incomplete advising what remains to be produced. In light of the passage of the already extended deadline for this production, Plaintiffs request that the balance of the production be ordered to be made no later than June 17, 2021.

2. **Motion for Protective Order Precluding Production of Baohua Chen Custodial File**

The Court has compelled production of the custodial file. (ECF 1315). Plaintiffs now request that ZHP disclose the number of documents and pages in the forthcoming production (the Court very clearly instructed ZHP to commence the collection and preparation of the custodial file for production despite the pending motions), the number of documents that may be withheld as

Hon. Thomas I. Vanaskie, Special Master
June 15, 2021
Page 3

privileged or state secrets, and a timeline for production. (*See* 5/03/2021 Tr. 28:22-25 (stating, "[I]f I order the production of Mr. Chen's custodial file, I'll expect it to be produced forthwith."); *id.* at 32:6-12 (ordering, "I am going to direct that ZHP start collecting, gathering the custodial file of Mr. Chen. …. [I]n the meantime, they certainly should start gathering that custodial file.")).

3. **Motion for Protective Order Precluding Deposition of Baohua Chen**

This motion is fully briefed. In the event the Court denies ZHP's motion, Plaintiffs will be requesting the rescheduling of the current June 21, 2021 deposition date to permit adequate time to review the entire custodial file, including any documents that Plaintiffs may have to obtain through motion practice.

4. **Hetero Discovery and Privilege Log Update**

At the last discovery conference, Hetero told plaintiffs and this Court that it agreed to complete all remaining productions addressing Plaintiffs' discovery issues by June 7. Although Hetero produced a few documents on June 7, and told Plaintiffs that some documents did not exist on that date, numerous deficiencies remained. Plaintiffs sent to Hetero the attached meet & confer letter (Ex. A hereto) on June 10th reiterating these deficiencies. The parties met and conferred via phone on June 14th and intend to further meet & confer on June 15th after this letter is sent to the Court. Hetero also produced or identified a few documents on June 14th and stated during the June 14th meet and confer that it intended to make a further production on June 15th.

These are not documents newly requested by Plaintiffs, but are documents that have been specifically and repeatedly requested by Plaintiffs for months now, and have been the subject of multiple updates to this Court at previous discovery conferences. These are also documents which are clearly responsive to Plaintiffs' requests for production and should have been produced in November 2020, but still have not been produced seven months later. Plaintiffs believe that these

Hon. Thomas I. Vanaskie, Special Master
June 15, 2021
Page 4

sanctions are appropriate and proportional to Hetero's continuing failure to meet its discovery obligations. Plaintiffs have already been prejudiced in their ability to take complete depositions and in being able to prepare their expert witness reports, which are due shortly. The time for Hetero to continue to fail to produce documents without consequences must come to an end.

In light of the fact that all of this discovery was ordered to be produced in November 2020, the good faith efforts by the Plaintiffs to obtain these productions for months including many meet and confers and Court hearings, and Hetero's unfulfilled promises and repeated inaccurate representations to the Court that the production was complete or would be complete imminently (including at the last conference), Plaintiffs request that the Court grant the following relief for the continued non-production and the failure to make disclosures and cooperate in discovery: (1) preclude Hetero and its witnesses from relying on or referencing any documents produced after the date of this conference in defending the claims in this litigation, and (2) direct Hetero to complete all outstanding productions within seven days, and (4) direct substantial monetary sanctions against Hetero in recognition of the significant amount of work Plaintiffs have been required to perform in policing Hetero's incomplete productions and in preparing for and arguing these issues repeatedly before the Court. Plaintiffs explicitly reserve the right to seek further sanctions, including the striking and suppression of Hetero's Answer and Defenses, further monetary sanctions, and/or a request for an adverse inference, at a future time.

**5. Humana's Proposed Motion**

Humana is a member of the third-party payor class, and its subsidiary is potentially a retailer defendant. Humana filed suit as a cautious step to ensure tolling of its claims under the statute of limitations. Defendants have refused to agree that no discovery or other work up of the

Hon. Thomas I. Vanaskie, Special Master
June 15, 2021
Page 5

case need take place now.  In light of the refusal by Defendants to agree, Plaintiffs request that the Court confirm that discovery and other proceedings in that case are stayed pending further Order.

    Thank you for your courtesies and consideration.

                            Respectfully,

                            ADAM M. SLATER

cc:    All Counsel (via CM/ECF)