IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation<br><br>HUMANA INC.,<br><br>    Plaintiff,<br><br>  vs.<br><br>TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., ARROW PHARM MALTA LTD., ACTAVIS LLC, ACTAVIS PHARMA, INC., HETERO LABS, LTD., HETERO DRUGS, LTD., HETERO USA INC., CAMBER PHARMACEUTICALS, INC., AUROBINDO PHARMA, LTD., AUROBINDO PHARMA USA, INC., AUROLIFE PHARMA, LLC, TORRENT PRIVATE LIMITED, TORRENT PHARMACEUTICALS, LTD., and TORRENT PHARMA, INC.,<br><br>    Defendants. | Master Docket No. 19-2875 (RBK/JS)<br><br>Honorable Robert B. Kugler, District Judge<br><br>Honorable Karen M. Williams, Magistrate Judge<br><br>Honorable Thomas Vanaskie (Ret.), Special Discovery Master<br><br>**PLAINTIFF HUMANA INC.'S MOTION TO STAY ALL PROCEEDINGS**<br><br>Civil Action No. 20-10170 |

**PLAINTIFF HUMANA INC.'S MOTION TO STAY ALL PROCEEDINGS**

Plaintiff Humana Inc. ("Humana") hereby moves to stay all proceedings in this action (No. 20-10170, the "Humana Action") pending resolution of class certification issues with regard to the Economic Loss Master Complaint ("ELMC"). Humana is a third-party payor ("TPP") and pharmacy services provider that was harmed by Defendants' sale and subsequent recall of contaminated valsartan, irbesartan, and losartan containing drugs. Humana's subsidiary, Humana Pharmacy Inc., is a reseller of certain of the Manufacturer Defendants' recalled products and also happened to be named as a defendant by certain of the plaintiffs in the ELMC. Last year, Humana

reached out to the Manufacturer Defendants requesting to toll its claims against them in order to avoid having its corporate entities appear as both plaintiff and defendant in these cases. Some Manufacturer Defendants agreed, the ones named in this suit would not agree. Since the very beginning of these conversations, Humana has been clear that it does not seek to inefficiently duplicate the efforts of the class, but merely seeks to preserve its claims during the pendency of the litigation up until the class certification decision is reached and the parties begin to litigate the merits of the putative class members' claims.

There is no question that Humana is a member of the putative class of TPPs defined in the proposed amended ELMCs. The claims in Humana's complaint are not materially different from those made on behalf of the TPP class in the ELMCs. Humana's interests at this point are entirely aligned with those of the TPP class. On this basis, Humana asked Defendants if they would oppose a joint request to stay proceedings pending this Court's decision on class certification. Unfortunately, Defendants refused to meaningfully engage in any discussion with Humana on this issue for more than two months, declining to say whether they would oppose or not oppose the request. Then on June 10, 2021, Defendants changed course and flatly told Humana that they oppose the request, telling Humana that it must prosecute its case regardless of any inefficiencies to the Court or the parties in doing so.

Contrary to Defendants' position, it is Humana's view that staying proceedings until after the Court's decision on class certification would be the most efficient procedural step for the Court and all parties. Taking this step would place Humana in the same position as all other putative class members. Placing Humana in the same position as any other member of the class is not only what Humana desires, but it will also ensure that this case proceeds efficiently by placing litigation of all merits issues for similarly situated class members on the same schedule.

**LEGAL STANDARD**

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "A court considering a motion to stay proceedings . . . 'must weigh competing interests and maintain an even balance.'" *Iowa Network Servs., Inc. v. AT&T Corp.*, No. 3:14-cv-3439 (PGS) (LHG), 2019 WL 4861438, at *6 (D.N.J. Oct. 2, 2019) (quoting *Landis*, 299 U.S. at 254–55).

**ARGUMENT**

On March 13, 2020, consumer and TPP plaintiffs brought a Consolidated Second Amended Economic Loss Class Action Complaint (the "2d Am. ELMC") [MDL Dkt. 398], asserting claims on behalf of a putative class of TPPs, like Humana, against a number of drug manufacturers (the "Manufacturer Defendants"), including the Defendants in this Humana Action, who were involved in voluntary recalls of valsartan-containing drugs that were contaminated with carcinogens. In addition to the TPP claims, the 2d Am. ELMC also asserts claims on behalf of a putative class of consumer plaintiffs against the Manufacturer Defendants as well as a number of retail pharmacies, including Humana's subsidiary, Humana Pharmacy, Inc.

In July 2020, Humana reached out to the Manufacturer Defendants to explain that Humana sought to toll its claims against them to avoid the risk of the running of the statute of limitations. Humana was reluctant to rely on the doctrine of class-action tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), because the naming of its subsidiary, Humana Pharmacy Inc., as a defendant meant that it would potentially appear on both sides of this "case" (i.e. the actions consolidated in this MDL). In particular, the class definitions in prior iterations of the ELMC excluded "affiliates" of defendants and although Humana was not named as a defendant

3

in the counts brought by the TPPs, it was listed as a defendant on the case caption. Although Humana was likely a member of the class for purposes of *American Pipe* tolling, Defendants refused to toll Humana's claims, even though such request would have been superfluous if Defendants also viewed Humana as a class member. Humana thus felt it had no choice but to file this suit in order to ensure that its claims were properly preserved.

Therefore, on August 7, 2020, Humana brought this action against Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Arrow Pharm Malta Ltd., Actavis LLC, and Actavis Pharma, Inc. (collectively, "Teva"). [Dkt. 1.] On December 18, 2020, after being granted leave to amend, Humana amended its Complaint to name as additional Defendants Hetero Labs, Ltd., Hetero Drugs, Ltd., Hetero USA Inc., Camber Pharmaceuticals, Inc., Aurobindo Pharma, Ltd., Aurobindo Pharma USA, Inc., Aurolife Pharma, LLC, Torrent Private Limited, Torrent Pharmaceuticals, Ltd., and Torrent Pharma, Inc. and to include claims relating to Losartan and Irbesartan. [Dkt. 20, 21.] On January 27, 2021, Humana further amended its complaint [Dkt. 22] in light of this Court's second order and opinion on Defendants' Motions to Dismiss [MDL Dkt. 728, 729].

On April 12, 2021, Plaintiffs filed a motion for leave to amend the Economic Loss Master Complaint. [MDL Dkt. 1148.] Humana is a member of the putative TPP class as defined in the proposed Third Amended Consolidated Economic Loss Class Action Complaint ("3d Am. ELMC") [MDL Dkt. 1148-3.] Notably, the 3d Am. ELMC removes the language excluding "affiliates" of Defendants from the class definition. [*Compare* MDL Dkt. 398 ¶ 426, *with* MDL Dkt. 1148-3 ¶ 610.] In their opposition to Plaintiffs' motion to amend the complaint, the Manufacturer Defendants do not state any opposition to Class Plaintiffs' changes to their class definition. [MDL Dkt. 1277.]

On January 11, 2021, the Court entered a Revised Case Management Order No. 22, setting deadlines for the orderly commencement of the first phase of fact discovery (including depositions of the Manufacturer Defendants, class representatives from the putative economic loss and medical monitoring classes, and personal injury bellwether plaintiffs), expert discovery on general causation issues and class certification issues and related Daubert motions, and briefing on class certification.  [MDL Dkt. 726.]  On February 11, 2021, the Court entered Case Management Order No. 23 ("CMO-23"), extending the deadlines in the prior case management order by 60 days.  [MDL Dkt. 863.]  Under the current operative schedule in CMO-23, the deadline to complete the first phase of fact discovery passed on June 1, 2021, the deadline for Plaintiffs to submit expert reports on general causation issues is July 6, 2021, the deadline for Plaintiffs to submit their motions for class certification and expert reports in support thereof is November 3, 2021, and briefing on all class certification issues will be complete by May 18, 2022.  [MDL Dkt. 863.]

With the understanding that Humana brought this action solely to preserve the timeliness of its claims pending this Court's decision on class certification issues, both Humana and the Defendants have proceeded as if the Humana Action were not subject to the deadlines in CMO-23.  Defendants have not yet answered Humana's Second Amended Complaint.  Defendants have not produced any documents to Humana, nor have they requested any documents from Humana.  Defendants have not noticed depositions of any representatives from Humana and Humana has not deposed any of Defendants' witnesses, nor has it been consulted on or invited to participate in the depositions of the Manufacturer Defendants' witnesses taken by the Plaintiffs. In short, Humana's case has not advanced beyond the filing of the complaint.

On April 6, 2021, Humana asked if Defendants would object to Humana's request to stay proceedings in its case pending the Court's resolution of class certification.  No Defendant

5

responded with any objection.  On May 3, 2021, Humana circulated to Defendants' counsel a draft joint motion to stay proceedings in the Humana Action.  On May 12, 2021, Defendants finally provided a collective response that they "do not agree to a joint motion to stay all deadlines until class certification is resolved by the Court."  Humana's counsel sought clarification on whether Defendants objected to Humana's request and, if so, on what basis.  Humana's counsel spoke several times with Defendants' de-facto liaison Brian Rubenstein, counsel for Teva. But Mr. Rubenstein was unable or unwilling to provide any additional information about whether Defendants objected to Humana's request or any other actual or potential concerns that Defendants might have. Humana's counsel expressed a desire to avoid bringing a potentially disputed issue to the Court without attempting to understand and resolve the dispute. On June 10, 2021, more than two months after Humana first requested Defendants' position on whether they opposed a stay pending the outcome of class certification, Mr. Rubenstein and Alexia Brancato, counsel for Torrent, informed Humana's counsel that Defendants would oppose Humana's motion on the perfunctory ground that Humana must prosecute its case because it chose to file it. Defendants' counsel were indifferent to the multitude of inefficiencies that their position creates.

      Based on the foregoing discussion, good cause exists to stay proceedings in the Humana Action pending this Court's resolution of class certification issues related to the proposed TPP class contemplated in the ELMC.  Humana is a member of the putative TPP class and there is no benefit to requiring the Parties and the Court to engage in inefficient, duplicative litigation related to Humana's claims against Defendants that is already being pursued by other counsel. At the moment, all of the litigation on behalf of the class is equally applicable to Humana and there is no reason why Humana should waste the time of the Court, its own attorneys, the Defendants, and witnesses to retread the same ground. Until this MDL reaches the stage at which the merits of the

plaintiffs' claims are being litigated, there is no reasonable grounds to require Humana's case to proceed.

Defendants will not suffer any prejudice or hardship if the Humana Action is stayed pending resolution of class certification issues. Humana's case has not progressed beyond the filing of the complaint. No party has indicated to Humana that there is some important and timely discovery that they would be denied if a stay were entered. Moreover, the discovery being taken of Defendants now is equally applicable to Humana as it is to any other member of the putative class. Furthermore, there are no issues related to "general causation" that are specific to Humana that must be resolved before the court considers issues of class certification.[1] On the contrary, requiring Humana to submit its own expert report on causation when Defendants have not answered Humana's complaint or produced any documents to Humana will prejudice Humana and unnecessarily burden the Parties and the Court with duplicative efforts.

## CONCLUSION

For the foregoing reasons, Plaintiff Humana Inc. respectfully requests that this Court grant its motion to stay all proceedings in this action pending the Court's ruling on class certification issues in the Economic Loss Master Complaint.

---

[1] Humana views the issue of the cause of its economic losses to be simple and straightforward. As this Court aptly summarized in its Third Opinion on Defendants' Motions to Dismiss: "plaintiffs contend a defective drug made dangerous because of carcinogenic contaminants is worthless, regardless whether it lowered consumers' blood pressure. Consequently, the purchase of a drug made worthless because of such danger incurs economic harm[.] . . . This Court finds that contaminated drugs are economically worthless at the point of sale by virtue of the dangerousness caused by their contamination, regardless whether the sold VCDs actually achieved the medical purpose of lowering blood pressure." [MDL Dkt. No. 775, at 19-20.] Humana does not believe that this theory requires expert testimony regarding causation because the causal chain is not based on any "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702(a).

7

<table>
<tr><td>DATED: June 16, 2021</td><td>Respectfully submitted,<br><br>/s/ <u>*Benjamin E. Waldin*</u><br><br>Benjamin E. Waldin<br>Sarah H. Catalano<br>**EIMER STAHL LLP**<br>224 South Michigan Avenue<br>Suite 1100<br>Chicago, IL 60604<br>Phone: (312) 660-7600<br>Fax: (312) 692-1718<br>bwaldin@eimerstahl.com<br>scatalano@eimerstahl.com<br><br>*Counsel for Plaintiff Humana Inc.*</td></tr>
</table>