[Dkt. No. 707]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN N-NITROSODIMETHYLAMINE (NDMA) CONTAMINATION PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| | Case No. 1:19-md-02875-RBK-KMW |
| *This document relates to:* *Pearleatha Gatewood v. Prinston Pharmaceuticals, Inc., et al.* Case No. 1:20-cv-06879-RBK | |

**ORDER**

THIS MATTER having come before the Court on the Motion of Gregory Gatewood [Dkt. No. 707] seeking (i) to substitute Gregory Gatewood as Administrator of the Estate of Pearleatha Gatewood a/k/a/ Pearleatha Gatewood-Dave, as Plaintiff in place of Plaintiff Pearleatha Gatewood a/k/a/ Pearleatha Gatewood-Dave ("Plaintiff Pearleatha Gatewood")in this matter pursuant to Federal Rule of Civil Procedure 25(a), and (ii) leave to file a First Amended Short Form Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2); and there being no opposition to the Motion; and the Court having considered Gregory Gatewood's submissions; and

THE COURT NOTING that in support of his Motion, Gregory Gatewood presents evidence that Plaintiff Pearleatha Gatewood died on July 12, 2020, a Notice and Statement Noting Death was filed on November 2, 2020, and Gregory Gatewood was appointed Personal

Representative/Administrator of the Estate of Plaintiff Pearleatha Gatewood on December 15, 2020; and

THE COURT NOTING that the Motion is governed by Federal Rule of Civil Procedure 25(a), which provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1); and

THE COURT FINDING that Fed R. Civ. P. 25(a)(1)'s 90-day timeliness requirement for substitution is satisfied because the Motion was filed on January 4, 2021, which was within 90-days of November 2, 2020, when the Notice and Statement Noting Death was filed, which noted the death of Plaintiff Pearleatha Gatewood; and

THE COURT FINDING that Defendants would not suffer any prejudice from this substitution; and

THE COURT NOTING that no opposition has been filed to the substitution or request for leave to amend the complaint.

Accordingly, IT IS on this **23rd** day of **June, 2021,** hereby,

**ORDERED** that the Motion [Dkt. No. 707] is **GRANTED.** The Motion to Substitute Gregory Gatewood as Plaintiff is hereby **GRANTED**, and Gregory Gatewood as Administrator of the Estate of Plaintiff Pearleatha Gatewood is hereby **SUBSTITUTED** in place of Plaintiff Pearleatha Gatewood; and it is further

**ORDERED** that the Clerk of the Court shall amend the case caption accordingly; and it is further

**ORDERED** that Plaintiff's Motion [Dkt. No. 707] for leave to amend the Complaint is **GRANTED**[1].  Plaintiff shall file the Amended Complaint, in the form attached to the Motion, within seven (7) days of receipt of this Order and shall serve same in accordance with the Federal Rules of Civil Procedure.

s/ Karen M. Williams
KAREN M. WILLIAMS
United States Magistrate Judge

cc:  Hon. Robert B. Kugler

---

[1] The Court notes that while motions to amend pleadings in this District typically require the moving party to attach "a copy of the proposed amended pleading," L.Civ.R. 15.1, with which movant has not complied.  Although the Court acknowledges that Plaintiff provided a redlined version of the proposed Short Form Complaint that shows the proposed changes from the original complaint, this does not cure the procedural deficiency.  However, given the nature of an MDL matter, as well as the use of the Short Form Complaint in this matter, the Court will waive this requirement.