# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| In re: Valsartan Products Liability Litigation | | MDL No. 2875 Case No.: 1:19-md-02875-RBK-JS |
|---|---|---|
| This Document Relates to All Actions | | |

**CASE MANAGEMENT ORDER NO.** <mark>  </mark>

The Parties having <mark>agreed</mark> to a protocol for treating physician communications and their depositions in actions filed or transferred to MDL No. 2875, and in the interest of efficiency and judicial economy,

IT IS HEREBY ORDERED that:

The following will supplement the existing Fact Deposition Protocol, and shall together govern the parties' interactions with an MDL Plaintiff's treating physicians and other licensed health care providers. "Health Care Provider," is defined broadly to include any doctor (including a Doctor of Medicine (MD) or Doctor of Osteopathic Medicine (DO)), Advanced Practice Registered Nurse (APRN), Physician's Assistant (PA) or similar person authorized to administer health care services or prescribe medication. The term "treating physician" in this protocol is defined broadly to include health care providers.

A. **Ex Parte Communications with Treating Physicians**

1. Defendants' counsel shall not communicate *ex parte* with Plaintiffs' treating physicians regarding an individual Plaintiff's medical history or condition, with the exceptions contained in this Paragraph and Paragraph D below. A non-attorney acting on behalf of Defendants' counsel may communicate with an individual Plaintiff's treating physician's office to schedule a deposition or to address other administrative issues

1

such as payment for the physician and logistics for the deposition~~, however Plaintiffs' counsel should be given the opportunity to address logistics in the first instance~~. Contact between Defendants' ~~sales and marketing~~ representatives and a treating physician or his/her office and staff for purposes of sales and marketing activities in the normal course of business activities shall not be considered ~~prohibited~~ *ex parte* communications as long as ~~the dates and subjects of such communications are disclosed to Plaintiffs no later than 7 days prior to a scheduled deposition, and~~ there is no communication about an individual plaintiff's lawsuit, treatment or medical condition. Defendants shall notify Plaintiffs within 7 days after any such communication but in no event less than 7 days prior to the treating physician's deposition, or within a shorter time if a deposition of that treating physician is scheduled to go forward in a shorter period of time, and provide the Defendant's documentation of such contact at the same time (i.e. notes or emails regarding a sales call). Contact between Defendants' representatives and a treating physician or his/her office and staff for purpose of ~~Defendants' receipt of~~ Medical Device Reporting pursuant to 21 CFR 803 shall not be considered prohibited *ex parte* communications~~, as long as all such communications are disclosed in full no later than 7 days prior to a scheduled deposition~~.

2. Plaintiffs' counsel may communicate *ex parte* with a treating physician regarding an individual Plaintiff's medical history or condition if the physician is willing to do so, as well as any other matters related to the Plaintiff's medical condition or lawsuit, except as explicitly limited herein. Defendants are permitted to explore the extent and substance of a treating physician's contacts with plaintiffs' counsel at the time of the treating physician's deposition.

3. Before providing or showing a treating physician any confidential documents or the contents thereof during an *ex parte* communication, Plaintiffs' counsel is required to first obtain the physician's written consent to be bound by the Confidentiality and Protective Order entered in this litigation. Plaintiffs' counsel or their staff and/or agents may communicate with an individual Plaintiff's treating physician's office to schedule a deposition or with regard to logistics.

B.  **Depositions of Treating Physicians**

1. Either party may issue a notice for deposition of any treating physician.

2. The Parties agree that each party will have the opportunity to use up to half of the total available time for deposition of any prescribing or treating physician. The Parties further agree that they will share equally any fees charged by the first prescriber's and first treater's time in deposition for each bellwether case. All other fees associated with physicians' depositions will be paid by the party noticing such deposition(s). Costs and fees charged for any additional noticed physicians' depositions will be paid by the party noticing such deposition(s).

3. In questioning a treating physician noticed by the opposing party, a party will not be limited by the scope of the opposing party's prior questioning under Fed. R. Evid. 611(b).

4. Absent good cause shown, no treating physician will be deposed more than once for discovery purposes in each case.

C. **Disclosures Prior to Deposition of Treating Physicians**

   1. ~~Before a plaintiff's treating or prescribing physician is deposed plaintiff shall document any pre-deposition communications they had with the physician, other than communications regarding a plaintiff's diagnosis, treatment or medical condition, or an inquiry regarding obtaining medical records or deposition scheduling. Plaintiffs must identify when the communication occurred, the means (in person, telephone, email, etc.), its approximate duration, the participants, and the identity of any documents or electronically stored information shown, provided to or otherwise described to the physician. All written communications shall be produced.~~

   ~~This discovery shall be produced to defendants at least 48 hours before the physician's deposition.~~

   ~~*For ex parte* meetings or communications with a treating physician that are planned to take place within forty-eight (48) hours of the noticed start of the deposition, as soon as practicable after the meeting/communication, Plaintiff shall disclose to opposing counsel all disclosures required in paragraph C(1), above.~~

D. **Use of Treating Physicians as Expert Witnesses**

   1. Defendants shall not use a treating physician as a retained expert in a case where such physician's current or former patient is the plaintiff in the specific case. Subject to Paragraph D.2, Defendants are not precluded from retaining such a physician in connection with the case of another plaintiff, or using the report or testimony of the physician in cases involving other plaintiffs.  Defendants shall provide Plaintiffs with at least 7 days advance notice in the event that Defendants intend to communicate with a known treating physician as to potential consultation or retention as an expert.

   2. Subject to Paragraph D.1, if Defendants retain as an expert a physician who has treated or is currently treating another plaintiff in another case in this case coordinated action, then Defendants shall not communicate with the physician about any plaintiff the physician has treated or is currently treating. Defendants are responsible for staying informed of the identified treating physicians in cases as to which Plaintiffs have disclosed that the physician treated a plaintiff, ~~selected for case-specific workup~~ to

3

avoid any *ex parte* communication with such treating physicians in connection with expert retention for other cases.

~~3.     Defendants are responsible for assuring that they physicians they contact know the identities of the plaintiffs in this MDL and the related state court litigation.~~

~~4.   Defendants shall not use a Plaintiff Fact Sheet or other discovery provided by Plaintiffs to locate or identify an expert for this litigation.~~

~~5.~~3.Communications with a retained expert or in connection with potential retention as an expert shall not be considered prohibited *ex parte* communications for the purpose of Paragraph A.~~1, as long as the communications occur after the physician has been deposed in the case of his or her own patient.~~1, as long as all protections in this Order are observed.

~~6.     No substantive communications may take place before the physician expresses a bona fide interest in being considered as a retained consultant or expert.~~

~~7.~~4.Nothing in this Order is intended to limit a party's right to use treating physicians as non-retained experts.

~~8.     Defendants may only contact up to 25 of plaintiffs' treating or prescribing physicians.~~

E.   **Location of Depositions**

1. The witnesses will be deposed in the federal judicial district where they live, or such other place as agreed to by all counsel and the witness.

~~F.~~   **Number of Depositions**

~~1.~~   During the first phase of bellwether discovery, the parties are limited to one prescribing physician deposition and one treating physician deposition.

~~G.~~F.   **Order of Questioning**

1. For ~~prescribers and treaters~~treating physicians, the parties shall alternate who leads off questioning during the course of the ~~deposition, the parties shall alternate who leads off as follows:~~ depositions, with the order of questioning at the first deposition in each bellwether case commencing according to the chart below:

| Plaintiff | Prescriber | Treater |
|---|---|---|

4

| | | |
|---|---|---|
| 1) Bonmon, Yolanda 1:20-cv-09207 | Defendant | Plaintiff |
| 2) Briones, Joe 1:20-cv-16551 | Plaintiff | Defendant |
| 3) Brown, Janice 1:19-cv-17394 | Defendant | Plaintiff |
| 4) Crawford, Rita 1:20-cv-00763 | Plaintiff | Defendant |
| 5) Dawson, Nellie 1:20-cv-01493 | Defendant | Plaintiff |
| 6) Dufrene, Lana 1:19-cv-15633 | Plaintiff | Defendant |
| 7) Fields, Tivis 1:20-cv-00683 | Defendant | Plaintiff |
| 8) Ganim, Bambi 1:20-cv-07523 | Plaintiff | Defendant |
| 9) Garcia, Robert 1:20-cv-07957 | Defendant | Plaintiff |
| 10) Guillory, Maxine 1:19-cv-10044 | Plaintiff | Defendant |
| 11) Hanna, Nabil 1:20-cv-14570 | Defendant | Plaintiff |
| 12) Kennedy, Paulette 1:20-cv-07638 | Plaintiff | Defendant |
| 13) Kinkela, Silvano 1:20-cv-02880 | Defendant | Plaintiff |
| 14) Lee, Robert 1:20-cv-15324 | Plaintiff | Defendant |
| 15) Meeks, Estate of Ronald 1:19-cv-16209 | Defendant | Plaintiff |
| 16) Murawski, Georgia 1:20-cv-14302 | Plaintiff | Defendant |
| 17) Murga, Crusita 1:20-cv-03596 | Defendant | Plaintiff |
| 18) Ochs, Marvella 1:20-cv-00323 | Plaintiff | Defendant |
| 19) Pate, Eugene 1:20-cv-01248 | Defendant | Plaintiff |
| 20) Pizzolato, Brad 1:20-cv-02820 | Plaintiff | Defendant |
| 21) Ramirez, Richard 1:20-cv-05595 | Defendant | Plaintiff |
| 22) Roberts, Gaston 1:20-cv-00946 | Plaintiff | Defendant |
| 23) Smalls, Evon 1:20-cv-08199 | Defendant | Plaintiff |
| 24) Stephens, James 1:20-cv-07143 | Plaintiff | Defendant |
| 25) Svebek, Michael 1:19-cv-20609 | Defendant | Plaintiff |
| 26) Suits, James 1:20-cv-06547 | Plaintiff | Defendant |
| 27) Welch, Durl 1:20-cv-07999 | Defendant | Plaintiff |
| 28) Weygandt, Robert 1:19-cv-20970 | Plaintiff | Defendant |

IT IS SO ORDERED.

Date: May ??, 2021.                                        /s/ Robert B. Kugler
                                                           United States District Judge

5

**IT IS SO ORDERED.**

Date: _____    _____
HON. ROBERT B. KUGLER
UNITED STATES DISTRICT JUDGE