[Dkt. No. 3]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NABIL HANNA,<br><br>            Plaintiff,<br><br>      v.<br><br>MYLAN LABORATORIES LTD., et al.,<br><br>            Defendants. | Civil No. 20-14570-RBK-KMW |

**ORDER**

THIS MATTER having come before the Court on the Motion of Counsel for Plaintiff [Dkt. No. 3] seeking (i) to substitute Mary Hanna as surviving child and personal representative of the estate of Nabil Hanna, as Plaintiff in place of Plaintiff Nabil Hanna in this matter pursuant to Federal Rule of Civil Procedure 25(a), and (ii) leave to file a First Amended Short Form Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to add Plaintiff Lucy Sargios and add survival, wrongful death, and loss of consortium claims; and there being no opposition to the Motion; and the Court having considered the submissions; and

THE COURT NOTING that in support of his Motion, Counsel presents evidence that Plaintiff Nabil Hanna died on or about November 24, 2020, a Notice and Suggestion of Death was filed on

May 21, 2021, and Mary Hanna was appointed fiduciary for authority to administer the decedent's estate on March 31, 2021; and

THE COURT NOTING that the Motion is governed by Federal Rule of Civil Procedure 25(a), which provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1); and

THE COURT FINDING that Fed R. Civ. P. 25(a)(1)'s 90-day timeliness requirement for substitution is satisfied because the Notice and Suggestion of Death was filed on May 21, 2021, concurrently with the Motion, which noted the death of Plaintiff Nabil Hanna; and

THE COURT FINDING that Defendants would not suffer any prejudice from this substitution; and

THE COURT NOTING that no opposition has been filed to the substitution or request for leave to amend the complaint.

Accordingly, IT IS on this **23rd** day of **June, 2021,** hereby,

**ORDERED** that the Motion [Dkt. No. 3] is **GRANTED.** The Motion to Substitute Mary Hanna as Plaintiff is hereby **GRANTED,** and Mary Hanna as fiduciary of the Estate of Nabil Hanna is hereby **SUBSTITUTED** in place of Plaintiff Nabil Hanna; and it is further

**ORDERED** that the Clerk of the Court shall amend the case caption accordingly; and it is further

**ORDERED** that Plaintiff's Motion [Dkt. No. 3] for leave to amend the Complaint is **GRANTED**[1]. Plaintiff shall file the Amended Complaint, in the form attached to the Motion, within seven (7) days of receipt of this Order and shall serve same in accordance with the Federal Rules of Civil Procedure.


                                    s/ Karen M. Williams
                                    KAREN M. WILLIAMS
                                    United States Magistrate Judge

cc: Hon. Robert B. Kugler

---

[1] The Court notes that while motions to amend pleadings in this District typically require the moving party to attach "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added," L.Civ.R. 15.1(a)(2), with which movant has not complied. Although the Court acknowledges that Plaintiff provided a copy of the proposed amended pleading, this does not cure the procedural deficiency. However, given the nature of an MDL matter, as well as the use of the Short Form Complaint in this matter, the Court will waive this requirement.