# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN DIVISION

|  |  |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | No. 1:19-md-2875-RBK<br>Hon. Robert B. Kugler<br>Hon. Karen M. Williams<br><br>(Document Filed Electronically) |

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MODIFY SPECIAL MASTER ORDER NO. 23

---

# **TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................1

STATEMENT OF THE FACTS ...............................................................................3

STANDARD OF REVIEW .......................................................................................7

ARGUMENT ..........................................................................................................10

I.     JUDGE SCHNEIDER DID NOT PROHIBIT FURTHER
       INTERROGATORIES NOR REQUESTS FOR PRODUCTION ON
       PLAINTIFFS ................................................................................................10

II.    THERE IS NO OTHER PROCESS, ORDER, OR RULING THAT BARS
       THE REQUESTS OR RENDERS THEM UNTIMELY. ..............................12

III.   DEFENDANTS CAN SHOW GOOD CAUSE TO ALLOW THE
       REQUESTS FOR PRODUCTION. ..............................................................12

CONCLUSION .......................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Crowley v. Chait*, No. 85-2411 (HAA), 2005 U.S. Dist. LEXIS 2741,
    *13 (D.N.J. Feb. 18, 2005) ..............................................................8, 10

*Evolution, Inc. v. Suntrust Bank*, Civ. No. 01-2409, 2004 U.S. Dist.
    LEXIS 20490 (D. Kan. Sept. 29, 2004).................................................9

*Hite v. Peters*, 07-4492-RMB-AMD, 2009 U.S. Dist. LEXIS 51894,
    *9-11 (D.N.J. June 19, 2009) ...............................................................13

*McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 57 (E.D. Pa. 1979)..........................13

*Medtronic Sofamar Danek, Inc. v. Michelson*, Civ. No. 01-2373 & 03-
    2055, 2004 WL 2905399 (W.D. Tenn. May 3, 2004)...................................9, 10

*Nippon Steel & Sumitomo Metal Corp. v. POSCO*, No. 12-2429
    (SRC), 2014 U.S. Dist. LEXIS 42444, *1 (D.N.J. Mar. 26, 2014) .................7, 9

*Ramos v. Banner Health*, No. 15-cv-2556-WJM-MJW, 2018 U.S.
    Dist. LEXIS 138101, *6 (D. Colo. Aug. 8, 2018) ..............................................8

*Tele-Radio Sys. Ltd. v. De Forest Elec.*, 92 F.R.D. 371, 375 (D.N.J.
    1981) ...............................................................................................13

*United States v. Int'l Bus. Mach. Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y.
    1974) ...............................................................................................13

*Wachtel v. Guardian Life Ins.*, 2005 U.S. Dist. LEXIS 51523, *9
    (D.N.J. Aug. 31, 2005)......................................................................14

**Other Authorities**

Fed. R. Civ. P. 26 ................................................................................................13

Fed. R. Civ. P. 53 ...........................................................................................*passim*

The Manufacturer Defendants respectfully submit this Memorandum of Law in support of their Motion to Modify Special Master Order No. 23, pursuant to Rule 53(f) of the Federal Rules of Civil Procedure.

## **INTRODUCTION**

Defendants bring this motion seeking a modification of Special Master Order No. 23. (Dkt. 1304.)   That order disallowed Defendants' First Set of Global Interrogatories and Requests for Production (*see id.* ¶ 4), which consisted solely of six (6) interrogatories and nine (9) requests for production of documents to Plaintiffs as a whole. (Dkt. 1287-10.)  The requests were designed to elicit information that Plaintiffs' counsel and their experts will rely upon at the trial of the case, such as testing, literature, and publicly available documents, as opposed to information that must be gathered directly from all individual Plaintiffs during the fact sheet process.

In disallowing these limited discovery requests, Defendants respectfully submit that Special Master Vanaskie misinterpreted the prior ruling of Judge Schneider and this Court's scheduling order, CMO-23 (Dkt. 863).  Specifically, Special Master Vanaskie noted the following during the June 3, 2021 Case Management Conference:

> Yes, I think Judge Schneider was very clear, no interrogatories, was to be handled through fact sheets, and we are at a stage of the case where this is being raised near the close of this phase of discovery.

(Dkt. 1299 at 94.)  Judge Schneider's comments at the June 26, 2019 CMC regarding

"no interrogatories," however, was in direct response to an inquiry about *Plaintiffs* seeking discovery from *Defendants*. (Dkt. 144 at 16-17.)    With respect to Defendants' ability to seek additional Plaintiff discovery at the Bellwether Plaintiff discovery stage, Judge Schneider was clear that entry of the order entering the form of Plaintiffs' fact sheets was "without prejudice" to Defendants right to seek additional discovery of Plaintiffs, as he stated at the CMC that he would make clear "this order is entered without prejudice to defendants' right to seek additional information, documents, authorizations, for good cause shown." (Dkt. 175 at 56.)  A review of the transcripts establishes that the Plaintiff fact sheets were intended as a means to discover relevant information across the Plaintiff pool at large, whereas further discovery was contemplated once the parties entered the Bellwether discovery phase, which is exactly where we are.

The parties are not near the close of any applicable fact discovery cutoff.  To the contrary, while the corporate defendant phase of discovery is coming to a close, CMO-23 provides that fact discovery as to Plaintiffs and third-party witnesses continues through October 4, 2021. (Dkt. 863).  There is no applicable order or fair notice of *any* discovery cutoff that would prohibit Defendants from serving the present discovery.  Accordingly, Defendants hereby respectfully request that the Court modify the Special Master's order to allow the Manufacturer Defendants' Requests for Production served on Plaintiffs.

Finally, the requests for production are highly relevant, narrowly tailored, and would not be unduly burdensome to respond to as the information requested within the nine limited requests for production is within the possession of Plaintiffs' counsel.  To the extent Plaintiffs argue the discovery sought will be produced during the expert disclosure process, then Plaintiffs can simply refer to such disclosures in their responses. However, without an operative request requiring production of this critical material, such as testing, literature and publicly available information, Defendants cannot be assured that such highly relevant materials will be disclosed. The Court should, therefore, modify Special Master Order 23, pursuant to Rule 53(f)(1), and allow Defendants to serve the subject requests for production upon Plaintiffs and require the parties to meet and confer to narrow any objections related to said requests.

## STATEMENT OF THE FACTS

This Multi-District Litigation was initiated in this Court on February 14, 2019. On June 26, 2019, the parties participated in a Case Management Conference before Hon. Joel Schneider.  (Dkt. 144.)  During that CMC, Judge Schneider set forth the timing, form, and scope of discovery that Plaintiffs would be permitted to seek from Defendants.  During a discussion to set a time for the parties to meet and confer following the production of core discovery, defense counsel raised the question of whether interrogatories and requests for production of documents would be served.

3

THE COURT [Magistrate Judge Schneider]: So your meetings with the defendants would likely take place after the core discovery is produced, right?

MR. PAREKH [for plaintiffs]: Correct, that would be the suggestion.

. . .

MR. PAREKH [for plaintiffs]: We need to get a handle on the volume of documents that's going to be produced in core discovery and until we – we're going to get a large number of them actually this Friday, I believe, and then once we see the volume and the type of documents and what's in there, we'll have a better idea. But I think targeting the end of August for a meeting would make the most sense to give us enough time to actually absorb what's in those documents.

MR. GOLDBERG [for defendants]: Your Honor, it seems like we're missing a step. I mean, I think we would expect there to be document requests served, Interrogatories served, based on –

THE COURT [Magistrate Judge Schneider]: No Interrogatories. We do the fact sheets.

MR. GOLDBERG [for defendants]: Okay, that's fine. But document requests served so that we can then have these discussions in the context of those requests.

(Dkt. 144 at 16-17.) There was no statement from Judge Schneider during the June 26, 2019 CMC prohibiting interrogatories outside of the context of discovery to be served on Defendants. There likewise was no statement from Judge Schneider prohibiting Defendants from seeking additional information not provided via the fact sheet.

On July 24, 2019, the parties again appeared before Judge Schneider to argue the content of the fact sheets. During this CMC, Judge Schneider noted that with

4

respect to Defendants' ability to seek additional Plaintiff discovery at the Bellwether

Plaintiff discovery stage, Defendants would be allowed to seek additional

information for good cause shown.

> THE COURT [Magistrate Judge Schneider]: You know what, when we enter the order, like we'll enter an order saying this is the court-approved fact sheet, I could add something that says, this order is entered without prejudice to defendants' right to seek additional information, documents, authorizations, for good cause shown. I'll do that in the order.
>
> MS. LOCKARD [For Defendants]: Or during the Bellwether process once we select Bellwethers.
>
> . . .
>
> THE COURT [Magistrate Judge Schneider]: I agree with that. Like I said, if it's relevant, you're going to get it.
>
> . . .
>
> MR. SLATER [For Plaintiffs]: Just one thing. Just – the order is going to say for good cause shown during the Bellwether process, not automatic.
>
> THE COURT [Magistrate Judge Schneider]: Oh, yes, of course.

(Dkt. 175 at 56-57.)

On February 11, 2021, the Court entered Case Management Order No. 23

(Dkt. 863) providing deadlines to ensure the orderly completion of discovery. Under

that Case Management Order, the deadline to complete fact discovery is October 4,

2021. Case Management Order No. 23 does not include a cutoff for written

discovery or provide for a written discovery phase.

On December 22, 2020, the Court appointed Hon. Thomas I. Vanaskie (retired) to serve as Special Master for Discovery, pursuant to Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure. (*See* Dkt. 692) ("[Appointment] of a Special Master is necessary to address pretrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of this district."). In that appointment order, the Court specified that "[t]he Special Master shall oversee the schedule for completion of discovery and all discovery disputes and motions related thereto pursuant to procedures for practice that the Special Master may establish and modify as necessary. The authority of the Special Master hereunder shall be coextensive with that of a United States Magistrate Judge." (Dkt. 692 ¶ 1.)

On May 24, 2021, the Manufacturer Defendants served Defendants' First Set of Global Interrogatories and Requests for Production to Plaintiffs. (Dkt. 1287-10.) Those discovery requests included six interrogatories and nine requests for production. (*Id.*) The requests for production specifically requested the following information, inter alia: (1) communications between Plaintiffs and agents, employees, subsidiaries, and affiliates of Defendants (RPD No. 4); (2) copies of all medical or scientific literature Plaintiffs claim support their position (RPD No. 6); (3) FDA or other regulatory documents that Plaintiffs claim support their position (RPD No. 7); (4) all patents Plaintiffs claim support their position (RPD No. 9). (*Id.*) Before even attempting to meet and confer on these straightforward discovery

requests, Plaintiffs requested the discovery requests be stricken outright.  (Dkt. 1286 ¶ 11.)

The matter was added to the agenda for the June 3rd Case Management Conference and addressed before Special Master Vanaskie.  (Dkt. 1299 at 90-94.) On June 9, 2021, the Special Master issued Special Master Order 23 disallowing the Manufacturer Defendants' First Set of Global Interrogatories and Requests for Production, citing the discussion on the record at the June 3, 2021 Case Management Conference. (Dkt. 1304 ¶ 4.)  The Special Master's ruling was based on his findings that Judge Schneider had previously determined there would be no interrogatories; that allowing the discovery requests would be inconsistent with the approach to discovery that has been followed in the case and the current "phase" of discovery; and that the information sought would come out during expert discovery phase or, if the information does not come out during expert discovery, it should have been handled sooner. (Dkt. 1299 at 94.)  Defendants respectfully seek modification of this order pursuant to Rule 53(f) of the Federal Rules of Civil Procedure to allow the nine requests for production of documents.

## STANDARD OF REVIEW

The Court's appointment of a Special Master, and the review of a Special Master's decisions are governed by Federal Rule of Civil Procedure 53.  *See, e.g.*, *Nippon Steel & Sumitomo Metal Corp. v. POSCO*, No. 12-2429 (SRC), 2014 U.S.

Dist. LEXIS 42444, *1 (D.N.J. Mar. 26, 2014).  Under Rule 53, unless the Court sets a different time, a party may move to modify a special master's order no later than 21 days after a copy of the order is served.  *See* Fed. R. Civ. P. 53(f)(2). All objections to the findings of fact made by the special master must be decided de novo, unless the parties stipulate that the findings will be reviewed for clear error. *See* Fed. R. Civ. P. 53(f)(3). "Even where a party does not object to a recommendation, a court may elect to review a special master recommendation de novo." *Ramos v. Banner Health*, No. 15-cv-2556-WJM-MJW, 2018 U.S. Dist. LEXIS 138101, *6 (D. Colo. Aug. 8, 2018).  "Upon review, the Court may 'adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions.'" *Id.*

With respect to rulings on procedural matters, the Court may set aside a special master's ruling only for an abuse of discretion, unless the order appointing the special master establishes a different standard of review.[1]  *See* Fed. R. Civ. P. 53(f)(5).  "A district court must look to the type of conclusion or decision made by a special master, as opposed to the circumstances surrounding the decision, to determine whether an abuse of discretion or de novo standard is appropriate." *Crowley v. Chait*, No. 85-2411 (HAA), 2005 U.S. Dist. LEXIS 2741, *13 (D.N.J.

---

[1] Here, the order appointing the Special Master does not specify a standard of review.  (*See* Dkt. 692.)

8

Feb. 18, 2005). *Compare Medtronic Sofamar Danek, Inc. v. Michelson,* Civ. No. 01-2373 & 03-2055, 2004 WL 2905399 (W.D. Tenn. May 3, 2004) (finding a special master's order regarding discoverable electronic documents to go beyond the scope of his appointment and thus reviewable de novo); *Evolution, Inc. v. Suntrust Bank*, Civ. No. 01-2409, 2004 U.S. Dist. LEXIS 20490 (D. Kan. Sept. 29, 2004) (finding that report made by special master regarding complicated discovery issue was reviewed de novo based on the type of conclusion drawn in the special master's report); and *Nippon Steel & Sumitomo Metal Corp.*, 2014 U.S. Dist. LEXIS 42444, at *2 (finding special master's order denying discovery of prior art manufacturing process in patent infringement action was procedural, and subject to abuse of discretion review, when party seeking discovery failed to disclose an invalidity contention based on that prior art).

De novo review should apply here. The Court's order appointing the Special Master granted the Special Master permission to "oversee the schedule for completion of discovery and all discovery disputes and motions related thereto." (*See* Dkt. 692 ¶ 1.) The appointment order did not give the Special Master the authority to proscribe any specific type of discovery that a party is ordinarily entitled to serve under the federal rules. (*Id.*) The Court should, therefore, review the Special

Master's order prohibiting the subject requests for production de novo.[2]  A proper

de novo review allows the Court to consider the basis of the special master's decision

without any particular deference.  *Crowley*, 2005 U.S. Dist. LEXIS 2741, at *14.

## ARGUMENT

## I.    JUDGE SCHNEIDER DID NOT PROHIBIT FURTHER INTERROGATORIES NOR REQUESTS FOR PRODUCTION ON PLAINTIFFS.

As an initial matter, Defendants acknowledge that Judge Schneider previously

disallowed interrogatories *against Defendants* in this action in favor of fact sheets,

but disagree that these comments applied to *Defendants'* ability to seek further

discovery at the Bellwether phase.  Specifically, the entire discussion leading up to

Judge Schneider's comments regarding "no interrogatories" was in the context of

Plaintiffs' counsel's discussion of the discovery they wanted from Defendants:

> MR. PAREKH [for plaintiffs]: We need to get a handle on the volume of documents that's going to be produced in core discovery and until we – we're going to get a large number of them actually this Friday, I believe, and then once we see the volume and the type of documents and what's in there, we'll have a better idea. But I think targeting the end of August for a meeting would make the most sense to give us enough time to actually absorb what's in those documents.

---

[2] *See, e.g.*, *Medtronic Sofamar Danek, Inc. v. Michelson,* Civ. No. 01-2373 & 03-2055, 2004 WL 2905399 (W.D. Tenn. May 3, 2004) (noting that where the special master had not been assigned to make determinations as to whether the parties could be compelled to produce deleted electronic files and e-mails, the order was subject to de novo review as beyond the special master's authority, even though the decision was discretionary).

MR. GOLDBERG [for defendants]: Your Honor, it seems like we're missing a step. I mean, **I think we would expect there to be document requests served, Interrogatories served, based on** –

THE COURT [Magistrate Judge Schneider]: **No Interrogatories. We do the fact sheets**.

MR. GOLDBERG [for defendants]: Okay, that's fine. But document requests served so that we can then have these discussions in the context of those requests.

(Dkt. 144 at 16-17) (Emphasis added). To the contrary, Judge Schneider was clear that his order on Plaintiff fact sheets was "without prejudice to defendants' right to seek additional information, documents, authorizations, for good cause shown" at the bellwether stage. (Dkt. 175 at 56.) The record is clear that Judge Schneider's prohibition on interrogatories related to Plaintiffs, not Defendants, and it certainly did **not** prohibit requests for production of documents.

## II.    THERE IS NO OTHER PROCESS, ORDER, OR RULING THAT BARS THE REQUESTS OR RENDERS THEM UNTIMELY

There is no ruling, order, or other process in this case that bars Defendants' discovery requests. Case Management Order 23 sets the deadline for the completion of fact discovery as October 4, 2021. (*See* Dkt. 863.) It does *not* set a deadline for the completion of written discovery apart from this deadline. In fact, there is no ruling, order, or other procedure in the case limiting Defendants from serving written discovery within the discovery period outlined in the Case Management Order. The

11

parties are not near the close of any applicable fact discovery cutoff.  As such, they were permitted to serve their discovery requests on Plaintiffs.

It is common practice in MDLs to proceed with fact sheets of all Plaintiffs, but to also allow for more tailored discovery once the bellwether pool is selected. That is exactly what was contemplated in this case.  Here, Plaintiffs have not even attempted to meet and confer on the discovery requests that were served.  All nine requests for production are relevant, within the possession of Plaintiffs' counsel, and can be produced without any meaningful delay or burden on Plaintiffs.  The Court should allow the nine requests for production for this reason alone.  At the very least, the Court should direct the parties to meet and confer on any objections Plaintiffs have with respect to the requests for production, as has been the case with other written discovery served in the case to date.  Requests for production of documents are not inconsistent with the approach by which discovery has proceeded in this case. Failing to meet and confer and work through any objections on proposed discovery is inconsistent with the discovery framework adopted in the case.

## III.    DEFENDANTS CAN SHOW GOOD CAUSE TO ALLOW THE REQUESTS FOR PRODUCTION

Judge Schneider was clear that Defendants could seek additional discovery for good cause shown.  This is consistent with the general scope of discovery contemplated under the Federal Rules of Civil Procedure and the case law in this Circuit.  "Parties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The Court may also permit for 'good cause' discovery of matters that are 'relevant to the subject matter involved in the action.'" *Hite v. Peters*, 07-4492-RMB-AMD, 2009 U.S. Dist. LEXIS 51894, *9-11 (D.N.J. June 19, 2009). The party resisting discovery "has the burden of clarifying, explaining and supporting its objections." *Hite*, 2009 U.S. Dist. LEXIS 51894, at *11 *Id.* (citing *Tele-Radio Sys. Ltd. v. De Forest Elec.*, 92 F.R.D. 371, 375 (D.N.J. 1981)). Once the party resisting discovery meets this requirement, however, the burden is placed on the proponent of the discovery request to show that the information sought is relevant. *See id.* (citing *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 57 (E.D. Pa. 1979); *United States v. Int'l Bus. Mach. Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y. 1974)).

Here, the denial was based on procedural grounds, without any finding whether good cause exists for the request. Defendants maintain, however, that good cause is apparent: there is no question that the nine requests for production seek relevant, non-duplicative information that Plaintiffs would rely upon at trial. The requests for production seek items such as communications between Plaintiffs and Defendants' agents and employees (RPD No. 4); medical or scientific literature Plaintiffs may use to support their position (RPD No. 6); FDA or other regulatory documents that Plaintiffs claim support their position (RPD No. 7); and all patents Plaintiffs claim support their position (RPD No. 9). (*See* Dkt. 1287-10.) The

13

information sought is not duplicative of prior discovery and has not been previously requested, though it is of the type that is commonly produced in product liability cases. Moreover, this discovery cannot be obtained otherwise.

It would not be burdensome in the least for Plaintiffs to produce the requested documents. The requests are narrowly tailored, relevant to the issues in the case, and the documents are all in Plaintiff counsel's possession. Moreover, allowing the requests for production will eliminate surprise and prejudice to Defendants. For example, Plaintiffs have questioned Defendants' witnesses about numerous previously unproduced articles, guidances, and other literature during recent depositions. Request for Production No. 6 seeks the production of any such articles Plaintiffs claim supports their case and which are rightfully discoverable. (*See* Dkt. 1287-10.) Request for Production No. 1 seeks testing results, which are otherwise not subject to any individual Plaintiff fact sheet inquiry or other discovery request. (*Id.*) A central purpose of the exchange of information during the discovery process is to avoid trial by ambush. *See, e.g.*, *Wachtel v. Guardian Life Ins.*, 2005 U.S. Dist. LEXIS 51523, *9 (D.N.J. Aug. 31, 2005). If Plaintiffs intend to disclose the requested information along with expert reports, Plaintiffs can simply refer to such reports in their responses. However, Defendants are otherwise left without assurance that such materials will be produced and will be severely prejudiced at trial.

To the extent Defendants' Motion is denied and Plaintiffs are not obligated to produce the requested discovery in advance of trial, Defendants alternatively request an order prohibiting Plaintiffs from relying on non-disclosed literature, guidances, publicly available information, testing and/or other evidence at the trial of any case.

## **CONCLUSION**

Based on the above-cited authority, Defendants respectfully request that the Court modify Special Master Order No. 23 to allow the nine requests for production of documents served in Defendants' First Set of Global Interrogatories and Requests for Production (1287-10.)  There has been no prohibition against serving requests for production of documents in the case.  The requests are relevant.  And Plaintiffs can easily respond to the requests without any meaningful burden or delay to the discovery schedule.

Dated: June 30, 2021

**GREENBERG TRAURIG, LLP**

*/s/ Lori. G. Cohen*
Lori G. Cohen
Victoria Davis Lockard

Terminus 200
3333 Piedmont Rd., NE
Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals
USA, Inc., Teva Pharmaceutical
Industries Ltd., Actavis Pharma, Inc.,
and Actavis LLC*

DUANE MORRIS LLP
Seth A. Goldberg, *Lead Counsel and
Liaison Counsel for Defendants*
Jessica Priselac
Barbara A. Schwartz
30 South 17th Street
Philadelphia, Pennsylvania 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
JPriselac@duanemorris.com
BASchwartz@duanemorris.com

*Attorneys for Zhejiang Huahai
Pharmaceutical Co, Ltd., Huahai
U.S., Inc., Prinston Pharmaceutical
Inc., and Solco Healthcare US, LLC*

PIETRAGALLO GORDON
ALFANO BOSICK &
RASPANTI, LLP
Clem C. Trischler
Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, Pennsylvania 15219
Tel: (412) 263-2000

16

Fax: (412) 263-2001
CCT@PIETRAGALLO.com

*Attorneys for Mylan Laboratories,*
*Ltd. and Mylan Pharmaceuticals, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 30, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

*/s/ Gerond J. Lawrence*
Gerond J. Lawrence