# Duane Morris®

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

*FIRM and AFFILIATE OFFICES*

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
*E-MAIL:* SAGoldberg@duanemorris.com

*www.duanemorris.com*

July 2, 2021

**VIA ECF**

The Honorable Thomas Vanaskie
Special Discovery Master
Stevens & Lee

    **Re:**   ***In re Valsartan, Losartan, and Irbesartan Products Liability
         Litigation*, Case No. 1:19-md-02875-RBK-KW**

Dear Judge Vanaskie:

    We write on behalf of Defendants Zhejiang Huahai Pharmaceutical Co., Ltd.

("ZHP"), Prinston Pharmaceutical Inc. ("Prinston"), Huahai U.S. Inc. ("Huahai

U.S.") and Solco Healthcare US, LLC ("Solco", and collectively with ZHP, Huahai

U.S., and Prinston, "the ZHP Parties") to notify the Court of a discovery dispute,

consistent with our obligations under Paragraph 20(b) of the Confidentiality and

Protective Order (the "Protective Order"), entered by the Honorable Robert B.

Kugler on June 26, 2019 (ECF No. 139), and L. Civ. R. 37.1(a).

DuaneMorris

July 2, 2021
Page 2

Paragraph 20(b) of the Protective Order provides that if there is a dispute as to the confidentiality "designation of a document or item of information [that] cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1)[.]" *See* ECF No. 139 ¶ 20(b). The disputed material "shall be treated as originally designated pending resolution of the dispute." *See* ECF No. 139¶ 20(b).

As the Court was made aware during the telephonic case management conference on June 25, 2021 (the "June 25 CMC"), the parties have serious and fundamental disputes concerning the confidentiality of a document that Plaintiffs challenged while the Court's decision on the ZHP Parties' Motion to Seal (ECF No. 859) was pending. On Wednesday, June 30, 2021, the ZHP Parties learned that this dispute extends to ***almost all confidentiality designations that Plaintiffs challenged during the Court's deliberations***, despite the fact that the Court granted in part the ZHP Parties' Motion to Seal.

Namely, Plaintiffs allege, without legal basis, that the ZHP Parties have waived confidentiality as to no fewer than ***eighty-two documents***, every single confidentiality designation for the deposition transcripts and exhibits of John Iozzia and Lijie Wang, and portions of the deposition transcripts of Eric Gu, Qiangming

DuaneMorris

July 2, 2021
Page 3

Li, Min Lin, and Hai Wang. *See* email from Cheryll Calderon dated June 30, 2021, attached hereto as **Exhibit A**. The ZHP Parties also learned that Plaintiffs have no intention of meeting and conferring to narrow or otherwise resolve these disputes. *See id.*

As noted during the June 25 CMC, the Court anticipates hearing argument from both sides on confidentiality challenges during a hearing to be scheduled on Plaintiffs' anticipated motion to compel. *See* June 25, 2021 Tr. 21:16-22:6 ("I will schedule a Zoom hearing … it certainly will encompass the July 27, 2017, email, and the parties should be expected to address the question of whether the email itself is entitled to protection under the confidentiality order that was issued by the Court in this matter, or whether any protection under that order has been lost or waived."). Nevertheless, given the expanded scope of the dispute, under Paragraph 20(b) of the Protective Order, the ZHP Parties respectfully invoke the Court's intervention under L.Civ.R. 37.1(a).

The ZHP Parties respectfully request that the Court order briefing on the issue of any purported waiver of the ZHP Parties' confidentiality designations for the challenged documents and transcript designations discussed herein in advance of any hearing on the ZHP Parties' supplemental discovery efforts.

We thank the Court for its courtesies and consideration of this request.

DuaneMorris

July 2, 2021
Page 4

Respectfully submitted,

*/s/ Seth A. Goldberg*

Seth A. Goldberg

cc:    Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
       Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
       Sarah Johnston, Esq. (*via email*)
       Jeffrey Geoppinger, Esq. (*via email*)
       Lori G. Cohen, Esq. (*via email*)
       Clem C. Trischler, Esq. (*via email*)