# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
_____

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
_____

°Member of N.J. & N.Y. Bars

July 5, 2021

**VIA CM/ECF**
Honorable Thomas I. Vanaskie, Special Master
Stevens & Lee, P.C.
1500 Market Street, East Tower, 18th Floor
Philadelphia, Pennsylvania 19103

   Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
      No. 1:19-md-02875-RBK-JS (D.N.J.)

Dear Judge Vanaskie:

  Plaintiffs respectfully submit this letter in response to ZHP's letter requesting separate briefing on its waiver of confidentiality designations, prior to any hearing concerning Plaintiffs' motion to compel ZHP's supplemental production. (ECF 1366).  This would simply drag out a straightforward issue and continue to unnecessarily and unfairly burden the Court and Plaintiffs with these over-designated documents.

  Plaintiffs note that ZHP's letter misrepresents Plaintiffs' actions and legal position on this issue.  Plaintiffs' June 30, 2021 email clearly presents that information for the Court's review. (ECF 1366-1, pp. 1-2 (also attached hereto as Exhibit A).  For example, on June 17, 2021, Plaintiffs were the last party to reach out to meet and confer on these now waived confidentiality

Hon. Thomas I. Vanaskie, Special Master
July 5, 2021
Page 2

designations, and ZHP did not respond until after its deadline to file a motion to seal had passed and the issue had been raised with the Court. (ECF 1366-1, p. 6)

During the June 25, 2021 case management conference, the Court stated that "it may be, Mr. Slater, that they have missed the deadline in terms of seeking to seal a particular document or documents and the consequences for that would be that it is no longer protected, I understand that ; but this has to be presented to me in an appropriate fashion and over the -- having it presented to me via telephone conference doesn't enable me to make a decision with a great deal of confidence." (6/25/2021 Tr. 21:13-19). The Court also said that it would address ZHP's waiver at the hearing concerning Plaintiffs' upcoming motion to compel ZHP's supplemental production. (6/25/2021 Tr. 21:20-22:3 (stating "So I will schedule a Zoom hearing on the adequacy of the ZHP production of a document related to the new discovery requests, this supplemental production, so it won't be limited to the July 27, 2017, email, it certainly will encompass the July 27, 2017, email, **and the parties should be expected to address the question of whether the email itself is entitled to protection under the confidentiality order that was issued by the Court in this matter, or whether any protection under that order has been lost or waived**.")).

As stated in their June 30, 2021 email to ZHP (ECF 1366-1), Plaintiffs intend to fully brief this issue as part of their motion to compel in order to establish that any hearing concerning that motion should be public, as ZHP has waived the confidentiality of the factual basis for ZHP's supplemental production. This is entirely in line with what the Court stated during the last case management conference, and ZHP will have the opportunity to respond to Plaintiffs' arguments in its opposition. Not surprisingly, Plaintiffs agree with ZHP that the Court should rule on ZHP's waiver before the hearing concerning the motion. However, ordering separate briefing is entirely

Hon. Thomas I. Vanaskie, Special Master
July 5, 2021
Page 3

unnecessary and actually contradicts the Court's guidance at the last case management conference.

Therefore, Plaintiffs respectfully ask the Court to deny ZHP's request.

    Thank you for your courtesies and consideration.

           Respectfully,

           ADAM M. SLATER

cc:    All Counsel (via CM/ECF)