**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| THIS DOCUMENT RELATES TO:<br><br>*Humana Inc.*.<br><br>*v.*<br><br>*Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Arrow Pharm Malta Ltd., Actavis LLC, Actavis Pharma, Inc., Hetero Labs, Ltd., Hetero Drugs, Ltd., Hetero USA Inc., Camber Pharmaceuticals, Inc., Aurobindo Pharma, Ltd., Aurolife Pharma, LLC, Torrent Private Limited, and Torrent Pharmaceuticals, Ltd., and Torrent Pharma, Inc.* | Civil Action No. 20-10170 |

## <u>DEFENDANTS' OPPOSITION TO HUMANA INC.'S MOTION TO STAY</u>

Humana Inc. ("Humana") seeks to stay its *own claims*—ten months after filing them—to avoid its obligation to meet upcoming discovery and pretrial deadlines in this MDL. Although this MDL has been pending for more than two years, Humana waited over a year and a half to file its Complaint. It was well aware of the schedule in this MDL when it filed its Complaint directly into the MDL and as the schedule developed in the subsequent months. Yet now Humana asks the Court to stay its case until after the other MDL Plaintiffs complete discovery and the Court rules on class certification.

Humana's Motion to Stay fails for two primary reasons:

***First***, there is no authority supporting Humana's motion to stay its *own claims* and delay related discovery pending a ruling on class certification in this MDL.

*Second*, staying Humana's claims would prejudice Defendants and waste judicial resources. A stay would not eliminate "inefficient, duplicative litigation"—it would only defer it to a later date. *See* Mot. to Stay at 6. If the class is not certified (or if Humana opts out), the parties would then need to go back and expend additional time and resources needed to engage in duplicative discovery proceeding now as to other plaintiffs. Humana seeks to act as a free rider and to remove itself from consolidated pretrial proceedings, and in so doing, disregards the purpose of an MDL (i.e., "to avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary.") *See Overview,* United States Judicial Panel on Multidistrict Litigation, https://www.jpml.uscourts.gov/overview-panel-0 (last visited June 28, 2021). Humana's requested relief would also cause further delay once any stay is lifted.

Humana's Motion to stay proceedings will prejudice Defendants, waste judicial resources, and disrupt the schedule that the non-Humana parties and this Court have worked hard to maintain. Humana's Motion to Stay should be denied, and the Court should require Humana to comply with the current deadlines in this MDL or, if it does not wish to do so, voluntarily dismiss its Complaint.

## BACKGROUND

On August 7, 2020, Humana filed its Complaint (the "Humana Action") against Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Arrow Pharm Malta Ltd., Actavis LLC, Actavis Pharma, Inc. (collectively the "Teva Defendants") directly in *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*, Case No. 1:19-md-2875 (RBK/JS) (the "MDL").

On December 18, 2020, Humana amended its Complaint to name Hetero Labs, Ltd., Hetero Drugs, Ltd., Hetero USA Inc., Camber Pharmaceuticals, Inc., Aurobindo Pharma, Ltd., Aurobindo Pharma USA, Inc., Aurolife Pharma, LLC, Torrent Private Limited, Torrent Pharmaceuticals, Ltd.,

and Torrent Pharma, Inc. as additional defendants and to include claims relating to Losartan and Irbesartan after being granted leave to make such amendments.  [Dkt. 20, 21.]

On January 11, 2021, the Court entered Revised Case Management Order No. 22, which set out deadlines for the first phase of fact discovery.  This phase included depositions of the Manufacturer Defendants, personal injury bellwether plaintiffs, class representatives from the putative economic loss and medical monitoring classes, expert discovery on general causation and class certification issues and related Daubert motion practice, and class certification briefing. [MDL Dkt. 726.]  Case Management Order No. 23 extended these deadlines by 60 days.  [MDL Dkt. 863.]  Under the current schedule, the deadline to complete the first phase of fact discovery passed on June 1, 2021, the deadline for Plaintiffs to submit expert reports on general causation issues is July 6, 2021, the deadline for Plaintiffs to submit their motions for class certification and expert reports in support thereof is November 3, 2021, and briefing on all class certification issues will be complete by May 18, 2022.  [MDL Dkt. 863.]

 On April 6, 2021, Humana asked if Defendants would object to a request to stay proceedings in the Humana Action pending the outcome of class certification.  Humana later shared a draft joint motion to stay proceedings on May 3, 2021.  Following a meet-and-confer process, on May 12, 2021, counsel for Teva relayed that Defendants' would not agree to a joint motion to stay all deadlines in the Humana Action until after class certification is resolved.  On June 10, 2021, Defendants further informed counsel for Humana that Defendants would oppose Humana's motion for a stay.  Humana filed its Motion to stay proceedings on June 16, 2021.

## **ARGUMENT**

I.   **HUMANA'S MOTION TO STAY ITS OWN CLAIMS IN THIS MDL IS UNSUPPORTED AND ILLOGICAL.**

Humana, as a plaintiff, is master of its Complaint, including the timing of its decision to file. No precedent and no logic support a plaintiff's decision to commence an action in its own name for its own interest and then seek a stay pending the resolution of the status of a putative class it may or may not join. If Humana is content to be represented as an unnamed class member, it should not have filed its Complaint and should voluntarily dismiss. If it believes it must pursue its individual interests separate from any class, there is no logic in awaiting a class certification decision before holding Humana to its discovery obligations. In either event, a stay is unwarranted.

Notably, Humana does not cite a single case in its argument to support a plaintiff's stay of its *own* claims, filed in its *own* name and interest, pending the outcome of class certification of a putative class the plaintiff may or may not join. Instead, Humana cites two cases for the proposition that a court has broad discretion to control its own docket and may weigh competing interests in considering a motion to stay proceedings. *See* Mot. to Stay at 3. Tellingly, neither case cited involves (1) a stay sought by a plaintiff or (2) class action claims consolidated in an MDL proceeding. No such case exists.

It would be illogical to permit a party to file a claim in its own name for its own individual interest after the commencement of putative class actions asserting the same claims, to agree to consolidate its claims into an MDL, and then to request to stay proceedings until after class certification is decided in the earlier-filed class actions. As Humana acknowledges, it is a Third Party Payor ("TPP") and a member of the putative TPP class as presently defined. It knew this when it filed its Complaint. *See* Mot. to Stay at 6. Yet Humana opted to file its own individual Complaint. Humana offers no rationale, having elected to file its own individual action separate

4

from the putative TPP class, for why it should be allowed to sit back while counsel for other plaintiffs engage in discovery before it decides how it will proceed following class certification. Humana chose to file this action; now it must litigate it or voluntarily dismiss.

Humana disregards the purpose of MDL consolidation in this case and incorrectly suggests that Defendants will not be prejudiced if Humana does not participate in consolidated discovery and pretrial proceedings until class certification is settled.  As explained below, Humana's requested stay would create—not avoid—duplication of discovery, waste judicial resources, and impede the efficient resolution of the claims in this MDL.

## II.    HUMANA'S PROPOSED STAY WOULD PREJUDICE DEFENDANTS AND WASTE COURT RESOURCES.

Contrary to Humana's suggestion, Defendants would in fact suffer material prejudice and hardship if the Humana Action was stayed pending class certification resolution.  *See* Mot. to Stay at 7.  A stay would eliminate the advantages of MDL centralization by dissipating the benefits of coordinated discovery.  As Humana admits, its claims against Defendants overlap with the claims made by other TPPs in the Economic Loss Master Complaint ("ELMC").  *Id.* at 2.  Humana's and the other TPPs' economic loss claims involve the same discovery from Defendants, third parties, and experts.  The claims also involve many of the same substantive legal issues.  Delaying litigation of Humana's claims until after the resolution of class certification in this MDL would necessarily result in duplicative discovery and pretrial litigation.

Humana points to its own failure to engage in discovery as evidence that its "case has not advanced beyond the filing of the complaint" and that there is no harm in staying the proceedings.[1]

---

[1]    Plaintiffs also point to the fact that Defendants have not answered Humana's Second Amended Complaint as evidence that the case has not moved forward.  *See* Mot to Stay at 5.  What Humana fails to point out is that this is true of every complaint in the MDL, and per the Court's order, Defendants are not required to file answers to Plaintiffs' complaints.  [Dkt. 72.]

*See* Mot. to Stay at 5.  This does not hold water.  As Humana acknowledges, Humana has been involved in this litigation since at least March 2020.  *Id*. at 3.  Humana has been on notice that the Defendants were engaged in document discovery for well over a year.  Defendants have produced millions of documents to Plaintiffs.  As a putative TPP class member, Humana could have worked with Plaintiffs' leadership counsel to gain access to all of the documents Defendants have produced in this litigation.  Humana also could have asked Defendants to send their productions to Humana directly.[2]  But it has not.

Humana also suggests that a stay is appropriate because it "has not deposed any of Defendants' witnesses, nor has it been consulted on or invited to participate in the depositions of the Manufacturer Defendants' witnesses taken by Plaintiffs."  *See* Mot. to Stay at 5.  This failure is entirely of Humana's own making.  Humana could have participated in depositions at any point in time in accordance with this Court's standing deposition procedures.  Deposition notices for all witnesses are filed on the MDL docket, and all parties are given an opportunity to attend and ask questions.  The fact that Humana chose not to do so does not support its argument that there is no prejudice in staying its claims—and certainly does not support re-convening depositions for duplicative discovery after class certification is decided.  Defendants should not have to engage in duplicative discovery after class certification briefing because Humana decided not to engage in discovery or follow the schedule and procedures set forth by the Court after lengthy negotiations among the Parties.  Humana's request for a stay is nothing more than an attempt to act as a free rider and stall having to spend any time or money litigating its claims while passively monitoring

---

[2]    Defendants intend to serve Humana with their first set of Requests for Production contemporaneously with this filing.

the proceedings—all to Humana's advantage and at the prejudicial expense of Defendants and this Court.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court deny Humana's Motion to Stay.

Dated: July 6, 2021

/s/ *Devora W. Allon*
KIRKLAND & ELLIS LLP
Jay P. Lefkowitz, P.C.*
Devora W. Allon, P.C.*
Alexia R. Brancato*
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
jay.lefkowitz@kirkland.com
devora.allon@kirkland.com
alexia.brancato@kirkland.com
*admitted pro hac vice*
*Counsel for Defendants Torrent Pharmaceuticals*
*Ltd. and Torrent Pharma, Inc.*


s/ *Lori G. Cohen*
Lori G. Cohen
Victoria D. Lockard
Steven M. Harkins
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
Tel.:  (678) 553-2385
Fax:  (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel.:  (312) 476-5056
Fax:  (312) 899-0420
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel.:  (215) 988-7864
Fax:  (215) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA Inc.,*
*Teva Pharmaceutical Industries, Ltd., Actavis LLC,*
*and Actavis Pharma, Inc.*

*s/ Eric I. Abraham*
Eric I. Abraham
HILL WALLACK**,** LLP
21 Roszel Road
Princeton, NJ 08543
Tel: (609) 924-0808
eabraham@hillwallack.com
*Attorneys for Defendants Hetero Drugs, Ltd. and*
*Hetero Labs, Ltd.*

*s/ Megan E. Grossman*
Megan E. Grossman
LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
Tel: (215) 977-4100
Fax: (215) 977-4101
Megan.Grossman@lewisbrisbois.com
*Attorneys for Camber Pharmaceuticals, Inc.*

*s/ Jessica M. Heinz*
Jessica M. Heinz
CIPRIANI & WERNER PC
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
Tel: (610) 567-0700
*Attorneys for Aurobindo Pharma, Ltd., Aurobindo*
*Pharma USA, Inc., and Aurolife Pharma, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Devora W. Allon, hereby certify that this document was electronically filed with the Clerk of the Court for the District of New Jersey by using the CM/ECF System, which will provide notification of such filing on all registered CM/ECF users and electronic copies will be sent to those indicated as non-registered ECF participants on this 6th day of July, 2021.

Dated: July 6, 2021

/s/ *Devora W. Allon*
Devora W. Allon