# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
———————
*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
———————
°Member of N.J. & N.Y. Bars

July 12, 2021

**VIA CM/ECF**
Honorable Thomas I. Vanaskie, Special Master
Stevens & Lee, P.C.
1500 Market Street, East Tower, 18th Floor
Philadelphia, Pennsylvania 19103

    Re:    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
                No. 1:19-md-02875-RBK-JS (D.N.J.)

Dear Judge Vanaskie:

Plaintiffs respectfully submit this letter summarizing the issues in advance of the upcoming July 13, 2021 status conference.

### 1. In-Person Depositions of Bellwether Plaintiffs

After meeting and conferring regarding Defendants' desire to attend personal injury Plaintiff's depositions in-person, the Parties agreed that a deponent would be able to decide whether they want to attend a deposition in-person or virtually. Defendants appeared concerned that Plaintiffs' counsel were appearing in-person with their client for a remote deposition. To alleviate that concern, the parties agreed that Plaintiffs' counsel and Plaintiffs would appear remotely for depositions where Defendants had originally requested in-person appearances but the deponent required remote attendance.

Hon. Thomas I. Vanaskie, Special Master
July 12, 2021
Page 2

A Plaintiff preferred that the noticed deposition be taken remotely. Their counsel agreed to also remotely attend the deposition. Defendants insisted that Plaintiff provide reasons why the deposition should be taken remotely and then stated that this matter would be added to the agenda. Aside from asserting their preference to conduct this deposition in-person, Defendants have also not given any reason why in-person attendance is required.

Both sides spent many weeks negotiating a remote deposition protocol with this Court's help to provide for safety and security of witnesses, court reporters, and attorneys while maintaining rights of the parties involved. However, now that dozens of depositions have occurred and Defendant's fact witnesses depositions are substantially complete, Defendants claim a right to attend personal injury plaintiff's depositions in person. Specifically, they insist that Plaintiff's provide assumingly sufficient reasons why immune-compromised cancer patients travel to unfamiliar locations, spend hours with multiple strangers, and undergo the same questioning that has successfully been conducted remotely. Other defense attorneys have honored this agreement since the meet and confer, and Plaintiffs are unaware of why certain defense counsel are choosing to raise an issue that Plaintiffs considered to be resolved.

Thank you for your courtesies and consideration.

Respectfully,

ADAM M. SLATER

cc:   All Counsel (via CM/ECF)