

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA 15219
412.263.2000    FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.: 412.263.1816
DIRECT FAX NO: 412.263.4246
FILE NO.: MYLAN-112578
EMAIL: cct@pietragallo.com

July 12, 2021

**Via ECF**
Special Master the Hon. Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower, 18th Floor
Philadelphia, PA 19103

      Re:    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
             USDC, District of New Jersey, No. 1:19-md-2875-RBK-KMW

Dear Judge Vanaskie:

I write on behalf of the Defendants' Executive Committee to provide Defendants' positions with respect to the sole topic on the agenda for the conference with the Court on Tuesday, July 13, 2021.

**<u>Defendants' Request to Take In-person Depositions of Certain Bellwether Plaintiffs</u>**

Defendants seek the Court's guidance with respect to ongoing disputes over whether Defendants are entitled to take Bellwether Plaintiff depositions in person, when such depositions can be conducted safely and within the parameters of current public health guidelines. The parties met and conferred on this issue and agreed that the parties would proceed on a case-by-case basis, taking into account individualized circumstances; however ,to date, Plaintiffs have been unyielding in their position that virtually no defense counsel can appear in person at depositions and have failed to provide a good faith basis for precluding in-person attendance at certain Plaintiff depositions.

Special Master the Honorable Thomas Vanaskie
July 12, 2021
Page 2

### A. Background

Since nearly the inception of bellwether Plaintiff depositions, in April, multiple depositions have taken place with Plaintiffs' counsel present in person with Plaintiffs, while Defendants' counsel appeared remotely. To date, six (6) of eleven (11) bellwether Plaintiff depositions have taken place with at least one Plaintiffs' counsel present in person. In the instances in which Plaintiffs' counsel were present, Plaintiff appeared most frequently from counsel's office (Plaintiffs Murga, Roberts, and Ganim all appeared from a conference room at Plaintiffs' counsel's office). Plaintiff Pate and his counsel appeared together from a hotel conference room. For the deposition of Plaintiff Gaston Roberts, Plaintiff Roberts and two (2) Plaintiffs' lawyers were present in the room together at Plaintiffs' counsel's office.

In some instances, the current paradigm has been disruptive. For example, during the deposition of Plaintiff Roberts, Roberts and his personal attorney were whispering throughout the deposition. From Defendants' perspective, the depositions proceed more efficiently and with less technological and document-related complications when both parties can appear in person, assuming it is safe to do so. Accordingly, defense counsel began requesting to take bellwether Plaintiff depositions in person. Defense counsel proposed various safety protocols, such as only one vaccinated defense counsel present and the use of a large conference room to allow for social distancing. The initial requests were granted and several depositions were noticed to take place in person. Members of Plaintiffs' Executive Committee, however, resisted (including counsel who had been present in the room for multiple Plaintiff depositions), giving only the explanation that they objected to any bellwether Plaintiff depositions taking place in person.

Plaintiff and Defense leadership participated in a global meet and confer regarding the issue on June 29, 2021. Plaintiffs' counsel expressed that some of their clients are

Special Master the Honorable Thomas Vanaskie
July 12, 2021
Page 3

immunocompromised and do not feel comfortable with an in-person deposition. Defense counsel stated that they would be responsive to such individual concerns, particularly where such depositions would be conducted fully remote. The parties agreed to meet and confer regarding individual Plaintiff depositions.

Following this meet and confer, defense counsel proceeded with attempting to schedule Plaintiff depositions. It soon became apparent that Plaintiffs' counsel considered "individual concerns" to mean that a Plaintiff had expressed a preference for a remote deposition, for any reason or no reason at all. The first request following the meet and confer was for the deposition of Plaintiff Sandra Meeks to take place in person. Plaintiffs' counsel's initial response was that Ms. Meeks would prefer a remote deposition, so the deposition would proceed remotely. Defense counsel proposed a meet and confer on the issue, particularly given that Plaintiff Meeks is an estate representative and not a cancer survivor. Ex. 1, 2021.07.01 email chain re: Sandra Meeks Deposition. The deposition was ultimately noticed to take place in person—after Plaintiffs' counsel followed up with their client and learned that she had planned to appear for the deposition from a personal counsel's office. During the parties' meet and confer, Plaintiffs' counsel candidly acknowledged that Plaintiff Meeks had no concerns related to COVID-19 (and in fact had previously had the virus) but had simply expressed a general preference for a remote deposition.

Defense counsel also proceeded with attempting to schedule the deposition of Plaintiff Robert Garcia to take place in person. Defense counsel was again informed that Plaintiff Garcia had expressed a preference for a remote deposition, so the deposition would take place remotely. Defense counsel again proposed a meet and confer, seeking to understand Plaintiff's concern and proposing solutions such as a remote court reporter and videographer and just a single vaccinated defense counsel present. Plaintiffs' counsel declined to confer, stating, "[t]he only question I asked

Special Master the Honorable Thomas Vanaskie
July 12, 2021
Page 4

our client was which option would make him the most comfortable, and he told me he would prefer the deposition to take place remotely." Plaintiffs' counsel asserted that this preference is a sufficient basis for the deposition to take place remotely. Ex. 2, 2021.07.09 email chain re: deposition of Robert Garcia.

### B. Defendants' Position

CMO 20 contemplates depositions occurring remotely in the context of public health directives limiting in-person contact during the pandemic, and was entered at a time when vaccines for COVID-19 were unavailable. Dkt. No. 632. Remote depositions are provided for under the section of the CMO entitled "COVID-19 protocols," which reads in part, "[d]ue to various governmental directives aimed to facilitate social distancing and to protect the health and safety of the public in light of the COVID-19 pandemic, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via videoconference via Zoom." CMO 20 also provides that remote depositions may occur only until "the Court terminates these COVID-19 protocols or the Parties agree to terminate these protocols." CMO 20 does not contemplate remote depositions apart from considerations arising from the COVID-19 pandemic, nor does CMO 20 contemplate that remote depositions will be the "norm" during the entirety of the litigation.

CMO 20 was entered in November 2020, at a time when COVID-19 infection rates, hospitalizations, and deaths were high – and still rising. Much was unknown about the virus, and vaccines were unavailable. The COVID-19 protocols were consistent with CDC and governmental guidelines at that time recommending and/or requiring social distancing. Now, in July 2021, safe, effective COVID-19 vaccines are available to any adult American who wishes to be vaccinated. The CDC has revised its public health guidance accordingly. Current CDC guidance for vaccinated individuals states: "You can resume activities that you did prior to the pandemic. You can resume

Special Master the Honorable Thomas Vanaskie
July 12, 2021
Page 5

activities without wearing a mask or staying 6 feet apart." Ex. 3, "When You've Been Fully Vaccinated" (June 17, 2021). On July 8, 2021, the CDC reiterated, "People who are fully vaccinated are protected from severe disease and death, including from the variants currently circulating in the country such as Delta." Ex. 4, Joint CDC and FDA Statement on Vaccine Boosters, July 8, 2021. In accordance with such guidelines, nearly all state and local public health measures requiring social distancing, masking, and other safety precautions have been lifted.

Despite the foregoing, Defendants understand that the public health risk has not completely resolved, and there may be reason that certain depositions, on both sides, need to be conducted remotely. Defense counsel are likewise sensitive to individual Plaintiff health concerns and circumstances, and have expressed willingness to confer with Plaintiffs regarding the same. Defense counsel's position, however, is that there should be some loosening and ability to take some depositions in person, where it can be safe to do so. Defense counsel have also offered a variety of concessions to ensure both safety and Plaintiff comfort, including the limiting of in-person attendance to vaccinated counsel, and the continued use of remote court reporters and videographers. Defendants maintain that in light of current public health guidance, counsel should be permitted to notice certain bellwether Plaintiff depositions to take place in person absent factors or circumstances justifying remote only attendance. Counsel should confer regarding any such situations and raise the issue with the Court if agreement cannot be reached—although again, defense counsel assure both Plaintiffs' counsel and the Court that they will be receptive to reasonable health-related concerns.

Special Master the Honorable Thomas Vanaskie
July 12, 2021
Page 6

                                                   Respectfully submitted,

                                                 Clem C. Trischler

c:       All counsel of record (via ECF)

Case 1:19-md-02875-RMB-SAK   Document 1380   Filed 07/12/21   Page 6 of 6 PageID: 30474