**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation<br><br>HUMANA INC.,<br><br>    Plaintiff,<br><br>  vs.<br><br>TEVA PHARMACEUTICALS USA, INC., et al.,<br><br>    Defendants. | Master Docket No. 19-2875 (RBK/JS)<br><br>**PLAINTIFF HUMANA INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS**<br><br>Civil Action No. 20-10170 |

<u>**PLAINTIFF HUMANA INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS**</u>

  Plaintiff Humana Inc. ("Humana") submits this reply in support of its Motion to Stay All Proceedings to address a number of erroneous assertions and glaring omissions in Manufacturer Defendants' Opposition (ECF No. 1369). Manufacturer Defendants' primary argument appears to be that a stay should be denied because Humana, as a plaintiff, requested it and in their view a plaintiff must litigate its claims as quickly as possible, even if doing so would be grossly inefficient. That is wrong. Manufacturer Defendants' fallback argument appears to be that a stay is not warranted because it would be inefficient and prejudicial to them, but these arguments lack any form of support. If the Court assesses Humana's motion on the merits, by assessing the actual efficiencies and lack of any identifiable prejudice, Humana's motion should easily be granted.

  <u>Humana's request is efficient</u>. As explained in Humana's Motion, its claims are substantially similar to those of the TPP economic loss class and, in fact, Manufacturer Defendants appear to admit that it is a putative member of the TPP economic loss class. As this Court is well

aware, the operative schedule only authorized discovery of "class representative" plaintiffs in that matter, presumably in connection with briefing on class certification scheduled to occur this fall. *See* ECF No. 863, at 1-2. No discovery into the merits of individual putative class members' claims is contemplated before class certification in the current Scheduling Order, and presumably any such discovery will await this Court's decision on class certification. Requiring Humana to engage in discovery into the merits of it claims *now* when all or nearly all other discovery into the merits of putative class members' claims will occur after class certification is a recipe for inefficiency. Humana identified this mismatched and inefficient timing in its Motion; Manufacturer Defendants' opposition contained no response.

Manufacturer Defendants' argument, instead, is that Humana's proposal "would eliminate the advantages of MDL centralization by dissipating the benefits of coordinated discovery" and "would necessarily result in duplicative discovery and pretrial litigation" (ECF No. 1369, at 5), but they fail entirely to explain how this is the case. Humana nowhere suggested that it intends to seek duplicative discovery at some later date. In fact, Humana said exactly the opposite: that it was largely content to rely on the discovery that had already been taken by class counsel and merely sought the opportunity to litigate its individual claims, as any other putative class member would be entitled to do, after this Court renders a decision on class certification. Nothing about that position dissipates the benefits of coordinated discovery in an MDL or creates unnecessary duplication of effort. If further discovery of Manufacturer Defendants is needed at the merits stage, such need may exist for any putative TPP class member—not just Humana. If such discovery is needed, it can be coordinated and streamlined among all parties at the merits stage. Requiring Humana to conduct such discovery now, only to have others do so again after this Court issues a certification decision, would be wasteful.

Humana's request is not prejudicial. As Manufacturer Defendants acknowledge and as explained in Humana's motion, Manufacturer Defendants have been on notice of the unique procedural posture of Humana's claims since early 2020. Humana explained that, by virtue of Humana Pharmacy Inc.'s status as an MDL defendant, Manufacturer Defendants might argue that Humana's claims were not part of the class definition pled in the economic loss master complaint. Humana sought tolling of its claims from Manufacturer Defendants, which they refused, thereby underscoring the risk that Humana would face the argument that its claims were time barred if it did not act to preserve them. Humana therefore filed suit in August 2020, but it saw no need then—and still sees no need now—to engage in discovery of Manufacturer Defendants that is duplicative of the putative class representatives' discovery, which was already well underway by August 2020. Humana therefore filed suit with the understanding and expectation that its role in the case would not begin in earnest until after the issue of class certification had been decided and the merits of all plaintiffs' claims were at issue.

Manufacturer Defendants' Opposition misrepresents statements in Humana's Motion that it had not participated in class plaintiffs' discovery as implying that Humana has acted as a "free rider." That is false. Those statements were intended to support the *common understanding* of the parties that Humana's claims were awaiting the merits phase of the case after this Court's adjudication of class certification. Manufacturer Defendants do not argue that they had a different understanding or that they attempted to engage Humana in the class certification discovery process, because they did not do so. In further support of this understanding, Humana noted the fact that Manufacturer Defendants had not served any discovery requests on Humana and had no need to do so until the merits of putative class members' claims were at issue. Manufacturer Defendants feebly attempted to undermine this argument by serving merits discovery requests

3

"contemporaneously with the filing" of their Opposition. Not even one of these requests is necessary or even allowed under the operative schedule in this phase of the litigation, and the fact that Manufacturer Defendants waited 11 months to serve these requests, only after Humana requested a stay, is proof of that. Manufacturer Defendants make no attempt to explain what prejudice they will suffer if merits discovery of Humana is stayed until after this Court rules on the TPP class certification motion.

Humana's request is proper. Humana moved for this stay pending class certification because it is logical, efficient, and consistent with the parties' prior conduct of this litigation. Manufacturer Defendants appear to oppose this requested stay primarily on the principle that Humana is the one requesting it. They say that Humana did not cite any legal authority that a plaintiff may seek to stay the litigation of its own claims, and they claim that no such authority exists. Humana is puzzled by this argument since Manufacturer Defendants cite no authority for the proposition that a plaintiff may *not* seek a stay. Not only do federal courts consider and grant stays requested by plaintiffs, see, e.g., Actelion Pharm. Ltd. v. Apotex Inc., No. 12-5743 (NLH/AMD), 2013 WL 5524078 (D.N.J. Sept. 6, 2013) (granting plaintiff's motion to stay discovery); Novartis AG v. HEC Pharm Co., No. 15-1647 (CCC), 2015 WL 5440821, at *1-2 (D.N.J. Sept. 14, 2015) (granting plaintiff's opposed motion to stay the case pending ongoing litigation between same parties in another district, where it would be "plainly contrary to judicial economy, time, and energy for the same parties to litigate the same patent in two different district courts"); Martino v. Wolff Shoes, No. 06-3913, 2007 WL 710108, at *2 (E.D. Pa. Mar. 5, 2007) (granting plaintiff's motion to stay the action), but they also grant stays pending rulings on class certification, see, e.g., McDaniels v. Stewart, No. 3:15-CV-05943-BHS-DWC, 2017 WL 132454, at *2 (W.D. Wash. Jan. 13, 2017) (granting plaintiffs' motion to stay pending class certification

and noting that "[p]laintiff may elect to be a member of the class if it is certified, or opt-out and proceed with his own case"). These cases demonstrate that Humana's request is not only legally proper and appropriate under the circumstances of this case, but it is also a request of the type that courts grant when a class certification decision is anticipated.

*   *   *   *

There is no dispute that Humana is a member of the proposed TPP economic loss class. There can be no dispute that discovery into the merits of putative TPP class members claims has not commenced and will not commence until class certification is decided and putative class members have an opportunity to evaluate the outcome of that decision. Entering a stay of Humana's case until such time, so that it may proceed apace with all other putative class members' claims, is both efficient and non-prejudicial. Therefore, Humana respectfully requests that the Court grant its Motion and stay all proceedings in this case pending a ruling on the TPP class certification motion.

Dated: July 12, 2021

Respectfully submitted,

/s/ *Benjamin E. Waldin*

Benjamin E. Waldin
Sarah H. Catalano
**EIMER STAHL LLP**
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
Phone: (312) 660-7600
Fax: (312) 692-1718
bwaldin@eimerstahl.com
scatalano@eimerstahl.com

*Counsel for Plaintiff Humana Inc.*