**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MANUFACTURER DEFENDANTS' MOTION TO RECONSIDER SPECIAL MASTER ORDER NO. 23**

Plaintiffs, by and through the Plaintiffs' Executive Committee, file this memorandum of law in opposition to Manufacturer Defendants' Motion for Reconsideration of Special Master Order No. 23 (ECF 1360).

**I.    INTRODUCTION**

This Court should summarily deny Manufacturer Defendants' motion to reconsider Special Master Order No. 23 (ECF 1304). In that Order, the Special Master denied Defendants' request to propound additional "global" written discovery – interrogatories and document requests – focused on expert and contention issues. The Special Master was well within his discretion to disallow Defendants' untimely, unsanctioned additional discovery requests, propounded outside the operative Scheduling Order – which Defendants should have sought to include in the mountain of discovery items negotiated and addressed by the parties at multiple junctures over the past two years. Moreover, this would contravene the explicit ruling by Magistrate Judge Schneider that interrogatories would not be utilized.

The Special Master rightly disallowed this unsanctioned, prejudicial discovery, the service of which contravened the word and spirit of Magistrate Judge Schneider's prior rulings. Taking

1

into account Magistrate Judge Schneider's prior rulings and statements, but also evaluating the entire posture of the litigation at present, the Special Master made his own determination after oral argument, and disallowed Defendants' attempt to open new avenues of discovery in the face of all the discovery the parties are already contending with, and which has now transitioned in large part to the expert discovery and Daubert phase of the case.  If permitted, Plaintiffs would have to turn from preparing experts for depositions and addressing defense expert reports and deposition, to responding to interrogatories, which would be grossly inefficient and unfair.  As previously argued, and again argued here, the litigation has been closely managed and injecting this new discovery would distract and unduly prejudice Plaintiffs.

The Special Master's decision was as sound as Magistrate Judge Schneider's same decision nearly three years ago.  Since the outset, the expectation has been that lengthy, heavily-negotiated, court-ordered Plaintiff Fact Sheets would be the only written device to elicit facts and documents from plaintiffs.  The Special Master's affirmation of this was correct, and certainly was not an abuse of discretion.

## II.     BACKGROUND

On May 24, 2021, Manufacturer Defendants propounded what they styled "Defendants' First Set of Global Interrogatories and Requests for Production to Plaintiffs." (See Ex. A hereto). These new interrogatories and document requests appear to be directed at all plaintiffs, in all three master actions (personal injury, economic loss, and medical monitoring), and seek to elicit information that is entirely or nearly so expert discovery and contention discovery.

The parties discussed this in their respective pre-CMC letters of June 2, 2021.  As Plaintiffs' CMC letter (ECF 1286) explained, Defendants' unilateral decision to propound this new written discovery at the end of Phase 1 of fact discovery would open a whole new phase of discovery –

2

the time for which has long passed – and contravene the years-old decisions and practice set out by Magistrate Judge Schneider, in which he flatly ruled that Defendants' written discovery of Plaintiffs would come in the form of Plaintiff Fact Sheets, not interrogatories or requests.

The Special Master heard oral argument on the matter during the June 3, 2021 CMC, after which he entered Special Master Order No. 23 disallowing Defendants' discovery. *See* ECF 1304. Defendants filed their motion to reconsider on June 30, 2021. *See* ECF 1360.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 53 permits the Court to appoint a Special Master "to address pretrial and posttrial matters." Fed. R. Civ. P. 53(a)(1)(C). The Court's appointment order of December 22, 2020 (ECF 692) in this matter authorizes the Special Master to "oversee the schedule for completion of discovery and all discovery disputes and motions….The authority of the Special Master hereunder shall be coextensive with that of a United States Magistrate Judge." *See* 12/22/20 Order (ECF 692). An appeal of a Special Master's order is generally subject to an abuse of discretion standard, especially when it relates to procedural or non-dispositive issues such as the discovery matter currently at hand. *Valeant Pharms. Int'l Inc. v. AIG Ins. Co. of Canada*, No. 18-493, 2020 WL 7768405, at *4 (D.N.J. Dec. 30, 2020).

### IV.  ARGUMENT

The Court should deny Defendants' motion because the Special Master was well within his discretion to disallow Defendants' unilaterally served, untimely, unsanctioned written discovery, for the following reasons.

*First*, the operative scheduling order does not provide for Defendants' service of new written discovery, and no such discovery was requested by Defendants when the Defendants advised the Plaintiffs and the Court of all discovery that needed to be scheduled/rescheduled earlier

3

this year when the deposition deadline was moved to June 1, 2021. *See* 2/11/2021 Order (ECF 863).

*Second*, contrary to the years-long practice in this litigation, Defendants made no effort to meet and confer with Plaintiffs about these new requests. As the Court is aware, Judge Schneider instituted a process at the outset of this litigation under which the Parties are to exchange draft/proposed discovery requests before formally serving them; then the Parties should meet and confer; and any lingering disputes are brought to the Court during a case management conference; and finally, the final set of requests is entered by the Court. Your Honor will recall this most recently in the context of Plaintiffs' negotiation of proposed document requests to Retail Pharmacy and Wholesalers Defendants. Plaintiffs served draft document requests on these defendants in December 2019, and were required to confer with those defendants for months before finalizing and formally serving the requests. Manufacturer Defendants' unilateral service of new interrogatories and documents, without any discussion with Plaintiffs or the Court beforehand, violates the norm in this case. Thus, the Special Master properly disallowed Defendants' new interrogatories and requests.

*Third*, Defendants arguably waived their right to seek to serve additional interrogatories and document requests on top of the Plaintiff Fact Sheets back when Magistrate Judge Schneider disallowed them nearly three years ago. At best, Defendants should have sought relief when the Court entered the operative amended Scheduling Order in February 2021. They did not. Accordingly, they have foregone their opportunity to challenge Magistrate Judge Schneider's years-old original decisions, or the Court's months-old Scheduling Order that does not provide for additional interrogatories or document requests directed to parties.

*Fourth*, and more to the point, interrogatories are disallowed in this litigation, which is yet

4

another reason to strike these new discovery requests. Judge Schneider established very early in this litigation that Parties are not to serve interrogatories. In lieu of interrogatories, the Court ordered both sides to complete fact sheets. For example, in discussing the timeframe for Plaintiff to serve written discovery on Defendants, Magistrate Judge Schneider made clear there will not be any interrogatories in this case, which was the same practice he and Judge Kugler followed in the Benicar MDL:

> MR. PAREKH [for plaintiffs]: We need to get a handle on the volume of documents that's going to be produced in core discovery and until we -- we're going to get a large number of them actually this Friday, I believe, and then once we see the volume and the type of documents and what's in there, we'll have a better idea. But I think targeting the end of August for a meeting would make the most sense to give us enough time to actually absorb what's in those documents.
>
> MR. GOLDBERG [for defendants]: Your Honor, it seems like we're missing a step. I mean, I think we would expect there to be document requests served, Interrogatories served, based on –
>
> THE COURT [Magistrate Judge Schneider]: **No Interrogatories. We do the fact sheets.**
>
> MR. GOLDBERG [for defendants]: Okay, that's fine. But document requests served so that we can then have these discussions in the context of those requests.

Ex. B (6/26/2019 Tr.) at 16-17 (emphasis added); *see also* Ex. C (3/27/2019 Tr.) at 24-25 (Magistrate Judge Schneider explaining: "What I think we contemplate in this case is that once we get the pleadings straightened out, that there will be what we call fact sheets, similar to what we call questionnaires that the plaintiffs will be required to fill out *in lieu of interrogatories*." (emphasis added)).

Consistent with this early ruling, none of the parties have served any interrogatories in this case in the last three years – until Manufacturer Defendants' un-negotiated new interrogatories addressed to experts and contentions of May 24, 2021. For this reason alone, Manufacturer

5

Defendants' new interrogatories are improper. Alternatively, if the Court were to consider a change in practice to allow interrogatories, then the Parties would need to meet and confer about a schedule for the timing, exchange, and answering of interrogatories and new document requests propounded by both sides, and the substance thereof. This process would clearly inject a new unanticipated distraction into the case just as the Plaintiffs are focused on finishing manufacturer depositions, continuing to police inadequate productions, and the critical phase of the case we have entered with the recent service of all of Plaintiffs' expert reports on general causation. In this context, Plaintiffs have a number of material questions they would have asked Defendants via interrogatories in this matter, but have not done so because of Magistrate Judge Schneider's directive and the scheduling order not allowing it. If this is no longer the case, then Plaintiffs should have just as much an opportunity to propound interrogatories as Manufacturer Defendants. **At the end of the day, the litigation has moved beyond interrogatories, and they should not be permitted at this juncture.**

*Fifth*, without getting too much into the merits of Manufacturer Defendants' new interrogatories and requests, they suffer from a number of facial infirmities. The interrogatories are contention-style and largely aimed at unearthing Plaintiffs' case theories, expert opinions and the bases thereof, and facts mustered for same by Plaintiffs' attorneys, not Plaintiffs themselves. Most if not all of the information sought will be disclosed under the scheduling order at the appropriate time, e.g., along with the expert reports already served, and the expert depositions to come. To require Plaintiffs to answer these premature questions now will be prejudicial to them, as it would require Plaintiffs to divert resources from taking the remaining depositions scheduled (all of which should have been completed by June 1, but will not be because of Manufacturer Defendants' requests for later dates or failure to timely produce documents), and to meet the court-

ordered deadlines for expert discovery, as well as the briefing on the motion to amend, and multiple other issues that are playing out already.

Additionally, many of the new document requests to Plaintiffs are duplicative of the lengthy, heavily negotiated, court-ordered Plaintiff Fact Sheets, and to the extent they are not that is because they are improper, unduly prejudicial contention, and constitute expert witness discovery. Other substantive issues exist with Defendants' new interrogatories and requests, but because they were not negotiated beforehand, Plaintiffs will reserve their other substantive objections until the appropriate time directed by the Court, if the requests are not stricken, which is Plaintiffs' primary request.

## V.     CONCLUSION

For the above-stated reasons, the Court should deny Defendants' motion in its entirety and leave intact Special Master Order No. 23.

Dated: July 12, 2021                              Respectfully submitted,

*/s/ Ruben Honik*                                  */s/ Daniel Nigh*
Ruben Honik                                        Daniel Nigh
Honik LLC                                          LEVIN, PAPANTONIO, THOMAS,
1515 Market Street, Ste. 1100                      MITCHELL RAFFERTY & PROCTOR,
Philadelphia, PA 19102                             P.A.
Phone: (267) 435-1300                              316 South Baylen Street
ruben@honiklaw.com                                 Pensacola, FL 32502
                                                   Phone: (850) 435-7013
                                                   dnigh@levinlaw.com

| | |
|---|---|
| */s/ Adam Slater* | */s/ Conlee S. Whiteley* |
| Adam Slater | Conlee S. Whiteley |
| MAZIE, SLATER, KATZ & FREEMAN, LLC | KANNER & WHITELEY, LLC |
| 103 Eisenhower Pkwy, 2nd Flr. | 701 Camp Street |
| Roseland, NJ 07068 | New Orleans, LA 70130 |
| Phone: (973) 228-9898 | Phone: (504)-524-5777 |
| aslater@mazieslater.com | c.whiteley@kanner-law.com |

***MDL Plaintiffs' Co-Lead Counsel***

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2021, I caused a true and correct copy of the foregoing to be filed and served upon all counsel of record by operation of the Court's CM/ECF system.

*/s/ David J. Stanoch*
David J. Stanoch
