# EXHIBIT B

```
 1                  UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
 2

 3   _____
                                         CIVIL ACTION NUMBER:
     IN RE:  VALSARTAN PRODUCTS
 4   LIABILITY LITIGATION                1:19-md-02875-RBK-JS

 5   _____      STATUS CONFERENCE

 6                                       Pages 1 - 61
          Mitchell H. Cohen Building & U.S. Courthouse
 7        4th & Cooper Streets
          Camden, New Jersey  08101
 8        Wednesday, June 26, 2019
          Commencing at 10:15 a.m.
 9
     B E F O R E:          THE HONORABLE JOEL SCHNEIDER,
10                         UNITED STATES MAGISTRATE JUDGE

11   A P P E A R A N C E S:

12       LEVIN PAPANTONIO
         BY:  DANIEL A. NIGH, ESQUIRE
13       316 S. Baylen, Suite 600
         Pennsacola, Florida 32502
14       For the Plaintiff

15       GOLOMB & HONIK PC
         BY:  RUBEN HONIK, ESQUIRE
16            DAVID JOHN STANOCH, ESQUIRE
         1835 Market Street, Suite 2900
17       Philadelphia, Pennsylvania 19103
         For the Plaintiff
18
         KANNER & WHITELEY LLC
19       BY:  CONLEE S. WHITELEY, ESQ.
         701 Camp Street
20       New Orleans, Louisiana 70130
         For the Plaintiff
21

22

23           Karen Friedlander, Official Court Reporter
                   friedlanderreporter@gmail.com
24                      (856) 756-0160

25       Proceedings recorded by mechanical stenography;
       transcript produced by computer-aided transcription.
```

*United States District Court*
*Camden, New Jersey*

*1* be, you know, one meeting, the API manufacturers would be a
*2* different meeting.  And to the extent there's some overlap in
*3* a single supply chain, you know, that could also be another
*4* way of breaking it up.
*5*          THE COURT:  Okay.  I thought -- we thought that that
*6* was one of the reasons we did the core discovery early because
*7* once you got those documents, that would help you frame the
*8* discovery you request in this case, it would give you a head
*9* start on identifying the appropriate custodians.
*10*          So your meetings with the defendants would likely
*11* take place after the core discovery is produced, right?
*12*          MR. PAREKH:  Correct, that would be the suggestion.
*13*          THE COURT:  Right.  So if we had a -- let's just
*14* ballpark a time frame and maybe a target about where we're
*15* headed in the case.  When -- let's see.  According to -- the
*16* supplemental -- let's see.  The supplemental insurance
*17* disclosures are due in mid-July.  I think, am I right, the
*18* supplemental core discovery is the end of July?
*19*          MR. GOLDBERG:  Mid-July.
*20*          THE COURT:  Mid-July.  Okay.  So August to meet and
*21* confer with the defendants about this?
*22*          MR. PAREKH:  We need to get a handle on the volume of
*23* documents that's going to be produced in core discovery and
*24* until we -- we're going to get a large number of them actually
*25* this Friday, I believe, and then once we see the volume and

*1* the type of documents and what's in there, we'll have a better
*2* idea. But I think targeting the end of August for a meeting
*3* would make the most sense to give us enough time to actually
*4* absorb what's in those documents.
*5*     MR. GOLDBERG: Your Honor, it seems like we're
*6* missing a step. I mean, I think we would expect there to be
*7* document requests served, Interrogatories served, based on --
*8*     THE COURT: No Interrogatories. We do the fact
*9* sheets.
*10*     MR. GOLDBERG: Okay, that's fine. But document
*11* requests served so that we can then have these discussions in
*12* the context of those requests.
*13*     THE COURT: What do you think, plaintiffs? This is
*14* important. Now pretty soon we're going to be finished with
*15* the organization, we're doing a great job getting all that
*16* done. Now this is the meat and potatoes of the case. So what
*17* do you think about that?
*18*     MR. PAREKH: We think serving formal document
*19* requests is fine. We're happy to do that. It was just sort
*20* of saying what happened in Benicar was that they got served,
*21* they got answered and then they got put aside.
*22*     THE COURT: I'm sorry, say that again, they got
*23* served --
*24*     MR. PAREKH: There was a formal written response.
*25*     THE COURT: Yeah, they object.