**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION

This document relates to:
*All Actions*

No. 1:19-md-2875-RBK

Hon. Robert B. Kugler
Hon. Karen M. Williams
Hon. Thomas I. Vanaskie

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ZHP'S WAIVER OF CERTAIN CONFIDENTIALITY DESIGNATIONS**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

LEGAL ARGUMENT ................................................................................................. 2

I. ZHP HAS WAIVED THE CONFIDENTIALITY OF ECF 826, 967, 1189, AND 1250 ........................................................................................ 2

II. THE JULY 27, 2017 EMAIL WOULD NOT BE CONFIDENTIAL, EVEN IF ZHP HAD FILED THE REQUISITE MOTION TO SEAL IN TIME ........................................................................................................ 8

III. ZHP HAS ALSO WAIVED THE CONFIDENTIALITY OF THE JOHN IOZZIA AND LIJIE WANG DEPOSITIONS ........................................ 9

CONCLUSION ........................................................................................................ 11

## TABLE OF AUTHORITIES

**CASES**

*In re Avandia Mktg., Sales, and Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019)........................................................................... *passim*

*In re Valsartan N-Nitrosodimethylamine (NDMA), Losartan, and Irbesartan Prods. Liab. Litig.*, --- F. Supp. 3d ----, 2021 WL 75258, (D.N.J. Jan. 8, 2021) ......................................4

## INTRODUCTION

Plaintiffs explicitly challenged the confidentiality of ECF 826 (filed February 1, 2021), 967 (filed February 23, 2021), 1189 (filed April 27, 2021), and 1250 (filed May 17, 2021) at the time of filing, and ZHP failed to file motions to seal these court submissions within thirty days of the completion of briefing on the respective issues, as the Confidentiality and Protective Order required. This all takes into account the Court's March 10, 2021 stay pending ZHP's first and only motion to seal in this case. ZHP has thus waived the confidentiality of ECF 826, 967, 1189, and 1250.

Plaintiffs also challenged the confidentiality of John Iozzia's and Lijie Wang's deposition transcripts on February 22 and 26, 2021, respectively. Again, ZHP failed to file a motion to seal these transcripts within the required time period, taking into account the Court's stay, and it has therefore waived their confidentiality.

As the Court knows, both Torrent and ZHP have previously waived confidentiality designations in this matter, and ZHP has even filed a motion to seal earlier court submissions. ZHP has no excuse for failing to comply with the terms of the Court's Confidentiality and Protective Order. The Court should therefore issue an order confirming ZHP's waiver of the confidentiality of the four court submissions and the two transcripts.

## LEGAL ARGUMENT

## I.

## ZHP HAS WAIVED THE CONFIDENTIALITY OF ECF 826, 967, 1189, AND 1250

The Court's Confidentiality and Protective order gives ZHP thirty days after the completion of the relevant briefing to file a motion to seal court filings:

> **COURT SUBMISSIONS CONTAINING "PROTECTED INFORMATION"**
>
> 31. .... Within ten (10) business days of the completion of briefing related to the filing, the filing party and Producing Party shall confer to determine whether they can agree upon non-confidential redacted or excerpted pages of materials containing "PROTECTED INFORMATION" to attach to the filing in place of the Bates number designations or redacted materials. **If the parties are unable to reach an agreement, then the designating party must file a motion to seal the materials containing "PROTECTED INFORMATION" pursuant to the requirements for doing so as set forth in Local Rule 5.3(c), and within thirty (30) days of the completion of briefing related to the original motion, or else waive confidentiality as to the materials containing "PROTECTED INFORMATION" at issue**. If the Producing Party waives confidentiality as to the materials at issue, the filing party may replace the Bates number designations or redacted materials with the full text of the documents at issue.

(ECF 139).[1] This provision's thirty-day deadline is only conditioned on "[i]f the parties are unable to reach an agreement" on the confidentiality of the court submissions at issue. **Thus, the default is that court submissions will become public unless the Parties reach agreement that they are confidential, or a party files a motion to seal within the designated timeframe and the Court grants that motion.**

---

[1] The Court should note that this provision is completely distinct from the one concerning a challenge to the confidentiality of discovery materials that have not been filed with the Court. (*See* ECF 139, ¶ 20). That provision has different requirements for initiating and responding to a confidentiality challenge.

Plaintiffs explicitly challenged the confidentiality of ECF 826 (Plaintiffs' Opposition to ZHP's Motion for a Protective Order Precluding Depositions of Certain Employees, filed February 1, 2021), 967 (Plaintiffs' Agenda Letter Addressing the same Motion from ZHP, filed February 23, 2021), 1189 (Plaintiffs' Agenda Letter Requesting Baohua Chen's Custodial File, filed April 27, 2021), 1250 (Plaintiffs' Reply Letter Brief in Support of the Same Request, filed May 17, 2021), including their exhibits, and explained that the documents did not merit confidentiality and the public health and safety interests in those filings obviated against their confidentiality. (Ex. 1 hereto, p. 2-3; Ex. 2 hereto, p. 2-3; Ex. 3 hereto, p. 2-3; Ex. 4 hereto, p. 1, respectively). Before the Court issued a stay on Plaintiffs' unresolved confidentiality disputes with ZHP, Plaintiffs offered to meet and confer on the "confidentiality" of ECF 826 and 967 at the time of filing, and even reminded ZHP of its potential obligation to file a motion to seal these filings. (Ex. 1 & 2 hereto). In response to the ECF 826 challenge, ZHP simply wrote, "We look forward to meeting and conferring regarding these documents." (Ex. 1 hereto, p. 1). After receiving notice of the challenge to ECF 967, ZHP simply "object[ed] to that information being filed publicly." (Ex. 2 hetero, p. 1-2).

On March 10, 2021, at ZHP's requested "that these issues be deferred and that any deadlines for motions to seal be held in abeyance until such time as the Court issues its decision on the outstanding motion to seal," and the Court granted this request. (3/10/2021 Tr. 19:12-20:3). After the enactment of the stay, Plaintiffs noted their confidentiality challenges and then waited for ZHP to respond once the stay was lifted, and ZHP was able to assess its confidentiality designations using the Court's guidance. (Exs. 3-4 hereto). On May 24, 2021, the Court issued its order on ZHP's first motion to seal, denying the motion for twenty-four of twenty-nine documents and lifting the stay on ZHP's remaining obligations under the Confidentiality and Protective Order. (ECF 1269).

Prior to ZHP's thirty-day deadline to file a motion to seal ECF 1189 and 1250 on June 23, 2021, Plaintiffs even emailed ZHP on June 17, 2021, to reiterate their prior challenges and offer to meet and confer on them. (Ex. 5 hereto, p. 5-6). ZHP did not respond to that email until after its June 23, 2021 deadline had long passed and Plaintiffs had raised the issue with the Court. (Ex. 5 hereto, p. 3-5). Nor did ZHP file a motion to seal ECF 826, 967, 1189, or 1250 by that date (or the earlier dates required for court records filed before the May 10, 2021 stay). Importantly, Plaintiffs were certainly not inclined to second guess ZHP's decision not to file a motion to seal these court filings, as they clearly did not merit confidentiality designations, especially under the *Avandia* standard for assessing the confidentiality of court records. *In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019).

The Court is familiar with the consequences of failing to file a motion to seal pursuant to its Confidentiality and Protective Order. On January 8, 2021, the Court ruled that Torrent waived its confidentiality designations after failing to request a preliminary conference and file a motion to seal its documents. *In re: Valsartan N-Nitrosodimethylamine (NDMA), Losartan, and Irbesartan Prods. Liab. Litig.*, --- F.Supp.3d ----, 2021 WL 75258, at *4 (D.N.J. 2021) (ECF 717, p. 10-11). The Court explained: "**Torrent's oversight is not inconsequential. Plaintiffs undoubtedly would prefer to devote their resources to important substantive issues. Also, plaintiffs had no choice but to raise this dispute with the Court when it was rightly Torrent's responsibility. Chaos will result if the parties do not adhere to the Court's Orders.**" *Id.* at *4 n.5 (ECF 717, p. 11). The efficiencies intended by this self-executing provision would be squandered if ZHP can evade waiver here.

Even ZHP has faced the consequences of the Confidentiality and Protective Order's waiver provisions. In its order deciding ZHP's prior motion to seal and lifting the March 10, 2021 stay, the Court quoted the above language regarding the thirty-day deadline to file a motion to seal and

the waiver of any confidentiality designations if the motion is not filed in time. (ECF 1269, p. 5). The Court also noted that Plaintiffs had attached numerous documents that ZHP had failed to include in their motion to seal. *Id.* at 6. During the June 25, 2021 case management conference, the Court stated that "it may be, Mr. Slater, that they have missed the deadline in terms of seeking to seal a particular document or documents and the consequences for that would be that it is no longer protected, I understand that." (6/25/2021 Tr. 21:13-16).

As already noted, ECF 826 (filed February 1, 2021) and 967 (filed February 23, 2021) concerned ZHP's motion for a protective order precluding the depositions of certain employees. ECF 967 was the last part of the briefing on this issue, so fifteen days elapsed before the Court's March 10, 2021 stay, giving ZHP fifteen additional days after May 24, 2021, to file its motion to seal these court filings, which would be June 8, 2021. ECF 1189 (filed April 27, 2021) and 1250 (filed May 17, 2021) concerned Plaintiffs' motion to compel the production of Baohua Chen's custodial file, and ECF 1250 was Plaintiffs' reply brief.[2] Therefore, ZHP had until June 23, 2021 to file a motion to seal these court submissions. ZHP did not file motions to seal by either of these deadlines. The Court should therefore issue an order confirming ZHP's waiver of the confidentiality of these court submissions and directing that the complete filings, with no redactions, be filed on ECF.

Despite the clear consequences of failing to file motions to seal within the requisite thirty days of the completion of briefing, ZHP is expected to make at least three arguments against its waiver under the Court's Confidentiality and Protective Order. First, ZHP has indicated that the

---

2 Plaintiffs note that in its decision ordering the production of Baohua Chen's custodial file, the Court wrote, "While there is a pending Motion for Protective Order Precluding the Deposition of Baohua Chen (Doc. 1247), that motion and the within Motion, although related, *ultimately present distinct issues*." (ECF 1315, p. 2 n.2). Thus, the briefing of each motion was "distinct" from the other.

thirty-day deadline only begins when the Court decides an issue, not at "the completion of briefing," as the Order actually states. The Court should reject such a plainly strained and self-serving interpretation of its Confidentiality and Protective Order.

Second, ZHP has claimed that Plaintiffs inadequately described the basis of their confidentiality challenges. However, Plaintiffs repeatedly explained that the public's right to access court records and the public's health and safety interests obviated against the confidentiality of ECF 826, 967, 1189, and 1250. Moreover, Paragraph 31 of the Order addresses the confidentiality of "COURT SUBMISSIONS CONTAINING 'PROTECTED INFORMATION'" and does not require the overly detailed description of Plaintiffs' position that ZHP has demanded. Instead, Paragraph 20, which addresses the confidentiality designations of unfiled discovery material, requires "a written objection to such designation which shall describe with particularity the documents or information in question and shall state the grounds for objection." To be clear, Paragraph 20 does not apply to ECF 826, 967, 1189, and 1250, only Paragraph 31 does. However, even if it did apply, Plaintiffs clearly and specifically challenged the confidentiality of the redacted portions of ECF 826, 967, 1189, and 1250 as well as the related exhibits, and explained the basis for their position. ZHP was on notice of Plaintiffs position, even if it did not agree with it. More importantly, Paragraph 31's thirty-day deadline is only conditioned on "[i]f the parties are unable to reach an agreement" on the confidentiality of the court submissions at issue. Plaintiffs have never agreed to the confidentiality of ECF 826, 967, 1189, and 1250, so ZHP had to file a motion to seal those documents within thirty days "of the completion of briefing or else waive confidentiality as to the materials." That is the plain meaning and obvious intent of the Order.

Third, in response to Plaintiffs notifying the Court of ZHP's waiver, ZHP has objected, "[W]e have not had the opportunity to meet and confer with plaintiffs on this." (6/25/2021 Tr. 18:11-12). This once again overlooks the language of the Confidentiality and Protective Order,

which required ZHP's to file a motion to seal thirty days after "the completion of briefing" "[i]f the parties are unable to reach an agreement." If ZHP needed more time to meet and confer on these confidentiality designations, then ZHP was obligated to obtain a stay, as it has previously done, or ask for an extension to file its motion, as Plaintiffs have previously granted for earlier submissions and have recently granted with respect to ECF 1298 (Plaintiff's Opposition to ZHP's Motion for a Protective Order Precluding the Deposition of Baohua Chen, filed June 7, 2021).[3] (Ex. 6 hereto, p. 2). ZHP did not meet and confer within the appointed time period, seek a stay, request an extension, or file any motions to seal ECF 826, 967, 1189, or 1250. Moreover, ZHP had plenty of time to meet and confer with Plaintiffs on the confidentiality of these filings, and it did not once make a proffer on their confidentiality. Instead, ZHP asked Plaintiffs to essentially brief their opposition to its unfiled motion to seal without knowing why ZHP insisted on the court records remaining confidential. Neither the Confidentiality Order nor the law of this Circuit

[3] In each slip sheet for the confidential exhibits, Plaintiffs wrote, "Plaintiffs hereby challenge those designations." (*See, i.e.*, ECF 1298-14). Thus, ZHP was on notice of Plaintiffs' position on the confidentiality of this court submission, which relied on only three new exhibits (JJ, KK, and LL), all of which were short deposition excerpts. On July 7, 2021, given its confusion regarding its obligations under the Confidentiality and Protective Order during the June 25, 2021 case management conference, Plaintiffs emailed ZHP to reiterate their challenge to the confidentiality of ECF 1298. (Ex. 6 hereto, p. 6). Two days later, ZHP wrote: "We assume that any motion to seal would need to be filed within thirty (30) days of the completion of the briefing related to the original motion, i.e., by July 22. Consequently, we propose to meet and confer by no later than Monday, July 12. Please propose dates and times." *Id.* The same day, Plaintiffs explained that ZHP had filed its reply brief on this motion on June 10, 2021, so any motion to seal ECF 1298 would be due on July 12, 2021, as July 10, 2021 fell on a weekend. *Id.* at 4. When ZHP demanded an extension until July 22, 2021, to file its motion to seal or else bring the issue to the Court immediately that Friday afternoon, Plaintiffs agreed to the extension. *Id.* at 2. During the meet and confer the following Monday, ZHP conceded that Exhibit LL is not confidential and said that it would consider the remaining two exhibits further before taking a final position. Given the limited information contained in those two exhibits and the witnesses' inability to answer the substantive questions being asked, Plaintiffs hope that ZHP can agree to the public's right to access these exhibits without the need for Court intervention as well.

require this, and the expiration of the thirty days with no action taken by ZHP is determinative – ZHP certainly cannot believe it could extend the deadline by doing nothing.

As the Court knows, ZHP has the burden of proving and maintaining its confidentiality designations at all times. *In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019). Thus, ZHP has no excuse for failing to comply with the Confidentiality and Protective Order and thus waiving the confidentiality of ECF 826, 967, 1189, and 1250. The Court should issue an order confirming this waiver.

**II.**

**THE JULY 27, 2017 EMAIL WOULD NOT BE CONFIDENTIAL, EVEN IF ZHP HAD FILED THE REQUISITE MOTION TO SEAL IN TIME**

Even if ZHP had not waived the above-reference confidentiality designations, the public has a compelling interest in accessing ZHP's July 27, 2017 email as a court record in this multidistrict litigation, along with the deposition testimony confirming the details of the email. ECF 1189 attached the email as Exhibit S and relied on Exhibit A (4/20/2021 Tr. of Min Li Dep. 84:3-107:14) to confirm what the email said and discuss the substance.

This Court has previously held that "a 'more rigorous common law right of access' applies when, as here, the discovery materials are filed with the court." (ECF 1269, p. 7 (citing *In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019)). For such court records, "a presumption in favor of public access" applies, and "'[t]he party seeking to overcome the presumption of access bears the burden of showing 'that the interest in secrecy outweighs the presumption.'" *Id.* at 7-8 (citing *Avandia*, at 670, 672). "The movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* at 7-8 (citing *Avandia*, at 672). Importantly, the Third Circuit has "repeatedly said that **concern about a company's public image, embarrassment, or reputational injury, without more, is insufficient to rebut the**

**presumption of public access**." *Avandia*, at 677 (emphasis added) (collecting cases). Moreover, **the public's "interests are particularly important in a case such as this one, which implicates the public's trust in a well-known and (formerly) widely-used drug.**" *Id.* (emphasis added). That language quite clearly applies here.

ZHP's July 27, 2017 email unequivocally states as a known fact that [redacted] To be clear, this entire litigation concerns the nitrosamine contamination of valsartan, losartan, and irbesartan, all of which are Sartans. Of note, the Vice Chairman of ZHP's Board of Directors and CEO of Huahai US, Prinston, and Solco—Jun Du—refused to commit during his deposition to whether ZHP or its U.S. subsidiaries would [redacted]. (Jun Du 5/28/2021 Dep. Tr. 261:17-65:3, Ex. 7 hereto). The public has a right to this information, which is at the heart of the massive worldwide recall of contaminated drugs. To the extent ZHP has not waived the confidentiality of the document already, the Court should consequently issue an order unsealing the portions of ECF 1189 discussing the July 27, 2017 email as well as the exhibits supporting those discussions (Exs. A & S).

## III.

## ZHP HAS ALSO WAIVED <br>THE CONFIDENTIALITY OF THE JOHN IOZZIA AND LIJIE WANG DEPOSITIONS

Plaintiffs explicitly challenged all of ZHP's confidentiality designations of the John Iozzia and Lijie Wang deposition transcripts, as they were overreaching and ignored the public health

and safety concerns at issue, on February 22 and 26, 2021, respectively. (Ex. 8 hereto, p. 8; Ex. 9 hereto, p. 1). ZHP responded to the John Iozzia challenges on February 25, 2021, but never responded directly regarding the Lijie Wang challenges. (Ex. 8 hereto). After Plaintiffs' numerous attempts to schedule a meet and confer on the John Iozzia transcript, ZHP insisted that the challenges should wait until after the Court decided its motion to seal court records. (Ex. 8 hereto, p. 1-6). ZHP's position was confusing because different standards apply to court records and unfiled discovery material, but Plaintiffs abided by the Court's March 10, 2021 stay. As already noted, the Court lifted that stay on May 24, 2021.

Paragraph 21 of the Confidentiality and Protective Order requires a producing party to respond to a challenge within twenty-one days, and "[i]f no timely written response is made to the objection, the challenged designation will be deemed to be void." (ECF 139). Additionally, "the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1 (a)(l), within twenty-one (21) days of the date when the Producing Party's written response is dated) before filing a formal motion for an order regarding the challenged designation." *Id.* Crucially, "[f]ailure to request said conference, or to file the motion shall operate as a waiver of the disputed designation." *Id.*

There were twelve days between Plaintiffs' last transcript challenge and the stay, and as already noted, thirty days have passed since the stay was lifted. Thus, more than forty-two days have passed since Plaintiffs challenged these confidentiality designations or ZHP responded. ZHP has unequivocally waived these designations.

ZHP is expected to argue that Plaintiffs' original challenges were somehow deficient and did not start the clock on its obligation under the Order. However, Plaintiffs' emails clearly challenged all the designations and explained that the public health and safety interests outweighed ZHP's limited interests in keeping the records confidential. Plaintiffs' position was entirely

reasonable under *Avandia*'s standard for evaluating unfiled discovery material. *See In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d 662, 671 n.5 (3d Cir. 2019) (holding that even after the issuance of an umbrella protective order, "'the party seeking to maintain the seal' must justify the continued sealing of those documents," and "the district court must conduct a document-by-document review" using the *Glenmede/Pansy* factors). ZHP was on notice of Plaintiffs' position, even if it did not agree with it – and was obligated to notify the Court of the dispute – or waive the designations. Plaintiffs repeatedly attempted to meet and confer further on the issue, but ZHP requested and obtained a stay instead. After the Court lifted the stay, ZHP declined to request a meet and confer or otherwise comply with the terms of the Confidentiality and Protective Order. Again, Plaintiffs were not in a position to second guess this decision, given that the transcripts should not be confidential under the applicable legal standard. The Court should therefore issue an order confirming ZHP's waiver of the confidentiality designations relative to these depositions and the exhibits identified therein.

## CONCLUSION

For the foregoing reasons, the Court should issue an order determining that ZHP has waived the confidentiality designations of ECF 826, 967, 1189, and 1250 as well as the deposition transcripts and referenced exhibits of the depositions of John Iozzia and Lijie Wang.

Dated: July 16, 2021

Respectfully Submitted,

*/s/ Ruben Honik*
Ruben Honik
GOLOMB & HONIK, P.C.
1835 Market Street, Ste. 2900
Philadelphia, PA 19103
Phone (215) 985-9177
rhonik@golombhonik.com

*/s/ Daniel Nigh*
Daniel Nigh
LEVIN, PAPANTONIO, THOMAS, MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street
Pensacola, FL 32502
Phone: (850) 435-7013
dnigh@levinlaw.com

*/s/ Adam Slater*
Adam Slater
MAZIE, SLATER, KATZ & FREEMAN, LLC
103 Eisenhower Pkwy, 2nd Flr.
Roseland, NJ 07068
Phone (973) 228-9898
aslater@mazieslater.com

*/s/ Conlee S. Whiteley*
Conlee S. Whiteley
KANNER & WHITELEY, LLC
701 Camp Street
New Orleans, LA 70130
Phone: (504)-524-5777
c.whiteley@kanner-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2021, a true and correct copy of the foregoing was filed and served upon all counsel via operation of the CM/ECF system for the United States District Court for the District of New Jersey.

*/s/ Adam M. Slater*
Adam M. Slater