# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Karen M. Williams, Magistrate Judge<br><br>Honorable Thomas Vanaskie (Ret.), Special Discovery Master |

**THE ZHP PARTIES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' CONTENTIONS THAT THE ZHP PARTIES WAIVED CERTAIN CONFIDENTIALITY DESIGNATIONS**

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................1

II. PERTINENT FACTUAL BACKGROUND.................................................2

    A. Plaintiffs' Confidentiality Challenges While The ZHP Parties' Motion To Seal Was Being Briefed ......................................................2

    B. Plaintiffs' Confidentiality Challenges Were Stayed By The Court Pending Its Ruling On The ZHP Parties' Motion To Seal .........2

    C. The Parties' Negotiations Following The Motion To Seal Ruling ..............................................................................................4

III. ARGUMENT ............................................................................................5

    A. The ZHP Parties Have Not Waived Confidentiality As To The Challenged Designations ..................................................................5

        1. The ZHP Parties Complied With Paragraph 20(a) Of The Protective Order ...................................................................5

        2. Paragraph 31 Is Inapplicable To The Challenges Relating To ECF Nos. 826, 967, 1189, and 1250 ............................................6

        3. The Court Should Exercise Its Inherent Authority To Allow The Parties To Continue Meeting And Conferring In An Attempt To Amicably Resolve These Disputes ..........................9

    B. The Propriety Of The ZHP Parties' Underlying Confidentiality Designations Is Not Ripe For Briefing ..................................................10

    C. Plaintiffs' Brief Should Be Stricken As Untimely ...............................12

IV. CONCLUSION........................................................................................13

# **TABLE OF AUTHORITIES**

**Federal Cases**

*ADAPT of Phila. v. Phila. Hous. Auth.,* 511 F. Supp. 2d 510 (E.D. Pa. 2007) ............................................................................................................12

*Drippe v. Tobelinski,* 604 F.3d 778 (3d Cir. 2010) ............................................ 11-12

*In re Fine Paper Antitrust Litig.*, 685 F.2d 810 (3d Cir. 1982) .................................9

*Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 870 (1990) ....................................................12

**Rules**

Fed. R. Civ. P. 6(b) ...................................................................................................12

Fed. R. Civ. P. 6(b)(1)(B) ................................................................................... 12-13

Local Civil Rule 37.1(a)..............................................................................................5

I.      **PRELIMINARY STATEMENT**

Plaintiffs' assertions that the ZHP Parties waived their confidentiality designations as to certain documents are incorrect given the Court's orders (i) holding Plaintiffs' confidentiality challenges in abeyance while the Court resolved a motion to seal filed by the ZHP Parties (Mar. 10, 2021 CMC Tr. at. 19:11-20:1) and (ii) requiring the parties to meet and confer to resolve confidentiality challenges before filing motions to seal (ECF No. 139 at ¶¶ 20(a) and 31).

Although the ZHP Parties attempted to adhere to those orders by initiating a meet and confer process following the Court's decision on the ZHP Parties' motion to seal, Plaintiffs unilaterally terminated that process by attempting to disclose a document marked "Restricted Confidential" during a telephonic case management conference attended by a reporter from Bloomberg News. Plaintiffs asserted during that conference, for the first time, that the ZHP Parties waived confidentiality. But the Court's rulings and the ZHP Parties' attempts to meet and confer, which gave the ZHP Parties until July 8, 2021 to state the grounds for asserting that the challenged documents were and should remain confidential, *see* ECF No. 139 at 20(a), betray Plaintiffs' assertions of waiver as unquestionably incorrect. Moreover, Plaintiffs' brief should be stricken as improper and untimely as it seeks rulings on certain confidentiality designations for which there is no ripe dispute and, as it was filed late, without any excusable basis.

Accordingly, for these reasons, as discussed more fully below, Plaintiffs' motion should be denied.

## II. PERTINENT FACTUAL BACKGROUND

### A. Plaintiffs' Confidentiality Challenges While The ZHP Parties' Motion To Seal Was Being Briefed

On February 10, 2021, the ZHP Parties moved to seal certain documents challenged by Plaintiffs. *See* ECF No. 859. While the parties were briefing that motion, Plaintiffs challenged the confidentiality of fifty-nine documents attached as exhibits to ECF Nos. 826 and 967. *See, e.g.*, emails from C. Geddis dated February 1, 2021 and February 23, 2021, attached hereto as **Exhibits A-B**. Additionally, Plaintiffs challenged every confidentiality designation made to the deposition transcripts and exhibits for ZHP Party deponents John Iozzia and Lijie Wang. *See* emails from A. Slater dated February 22, 2021 and February 26, 2021, attached hereto as **Exhibits C-D**.[1]

### B. Plaintiffs' Confidentiality Challenges Were Stayed By The Court Pending Its Ruling On The ZHP Parties' Motion To Seal

The ZHP Parties requested that Plaintiffs' challenges be held in abeyance pending the Court's decision on the motion to seal in order to allow the Court to provide guidance and avoid unnecessary and duplicative sealing motions. *See* Mar.

---

[1] Plaintiffs did not challenge a single designation on an individualized basis. Instead, Plaintiffs asserted the same blanket objection for all of them: they did not believe that confidential treatment was justified "given the public health interest involved." *See, e.g.*, Ex. B.

2

10, 2021 CMC Tr. 19:11-19, attached hereto as **Exhibit E** (MS. BONNER: "[T]he ZHP parties respectfully request that these issues be deferred and that any deadlines for motions to seal be held in abeyance until such time as the Court issues its decision on the outstanding motion to seal, which was fully briefed on Monday."). The Court agreed that any deadlines be held in abeyance until the Court's decision. *See id.* at 19:25-20:1 (THE COURT: "So, Mr. Slater, I think we can proceed and then get a ruling from me on the motion to seal.").

Following this decision, Plaintiffs challenged the confidentiality of additional documents attached to Plaintiffs' April 27, 2021 CMC submission (ECF No. 1189) and May 17, 2021 reply in support of Plaintiffs' request for the production of Baohau Chen's custodial file (ECF No. 1250). *See, e.g.*, emails from C. Geddis dated April 27, 2021 and May 17, 2021, attached hereto as **Exhibits F-G**.

In total, Plaintiffs challenged the confidentiality of eighty-three produced documents and portions of the deposition transcripts of Eric Gu, Min Li, Hai Wang, and Qiangming Li attached as exhibits to ECF Nos. 826, 967, 1189, and 1250, and the entirety of the John Iozzia and Lijie Wang deposition transcripts and exhibits that are at issue in this briefing.

## C. The Parties' Negotiations Following The Motion To Seal Ruling

On May 24, 2021, the Court granted in part and denied in part ZHP's motion to seal (ECF No. 1269). Following the Court's decision, counsel for the ZHP Parties reached out to Plaintiffs' counsel by phone to resume meet and confer efforts.[2] The parties agreed to identify all outstanding challenged documents, and their respective positions regarding those challenges.

Notwithstanding the parties' agreement, on June 17, 2021, counsel for Plaintiffs advised that, "per the parties' call, [counsel] discussed plaintiffs' objections to ZHP's confidentiality designations with our side and we stand on our objections." *See* email from C. Calderon dated June 17, 2021, attached hereto as **Exhibit H**.[3]

Thereafter, the ZHP Parties undertook efforts to identify each document they believed to be challenged by Plaintiffs since February 10, 2021. This process was well under way as of the June 25 CMC[4] when, in the presence of a Bloomberg

---

[2] Plaintiffs acknowledge that the ZHP Parties initiated the resumption of meet and confer efforts regarding Plaintiffs' outstanding confidentiality challenges following the sealing order. *See* letter from A. Slater dated July 5, 2021 (ECF No. 1368).

[3] Plaintiffs could not in good faith stand on all of their blanket objections because they included documents that the Court held were **entitled to confidential treatment** in partially granting the ZHP Parties' motion to seal. *See* ECF No. 1269 at 10, 18.

[4] In furtherance of the Court's decision, the ZHP Parties have taken affirmative steps to identify and de-designate more than 600 documents produced by the ZHP Parties as (1) duplicates of documents that the Court ruled to be not properly

4

DM1\12250590.8

News reporter, Plaintiffs' counsel began discussing a document marked "Restricted Confidential." Plaintiffs' counsel then claimed—*for the first time*—that the ZHP Parties waived confidentiality as to all of the documents previously the subject of the parties' discussion and negotiation.

On June 29, 2021, the ZHP Parties challenged Plaintiffs' assertion that the ZHP Parties had waived confidentiality as to documents on which they were presently meeting and conferring. *See* email from K. Bonner dated June 29, 2021, attached hereto as **Exhibit I**. On June 30, 2021, Plaintiffs reiterated that Plaintiffs considered all confidentiality designations challenged by Plaintiffs during the Court's deliberations waived. *See* email from C. Calderon dated June 30, 2021, attached hereto as **Exhibit J**. Consequently, the ZHP Parties notified the Court of a discovery dispute on July 2, 2021, consistent with their obligations under Paragraph 20(b) of the Protective Order and Local Civil Rule 37.1(a). *See* ECF No 1366.

### III. ARGUMENT

    **A. The ZHP Parties Have Not Waived Confidentiality As To The Challenged Designations**

        **1. The ZHP Parties Complied With Paragraph 20(a) Of The Protective Order**

---

designated as confidential in its May 24 Order, or (2) Establishment Inspection Reports addressed by footnote 10 of the May 24 Order.

5

Paragraph 20(a), dealing with general confidentiality disputes, provides that the proponent of a confidentiality designation has twenty-one days to respond to a challenging party's written objections and state the grounds for maintaining confidentiality. *See* ECF No. 139 at ¶ 20(a). On June 17, 2021, Plaintiffs' counsel stated that, "per the parties' call, [counsel] discussed plaintiffs' objections to ZHP's confidentiality designations with our side and we stand on our objections." *See* Ex. H. Consequently, under Paragraph 20(a), the ZHP Parties would have had twenty-one days from Plaintiffs' email—until **July 8, 2021**—to respond to all of Plaintiffs' confidentiality challenges and state the grounds for either maintaining confidentiality, or agree to de-designate. *See* ECF No. 139 at ¶ 20(a).[5] The ZHP Parties thus had not waived their designations as of the June 25 CMC when Plaintiffs made their waiver pronouncement.

### 2. Paragraph 31 Is Inapplicable To The Challenges Relating To ECF Nos. 826, 967, 1189, and 1250

Plaintiffs argue that the ZHP Parties waived confidentiality by not moving to seal within the deadlines provided by Paragraph 31 of the Protective Order, i.e.,

---

[5] The ZHP Parties' active negotiations on Plaintiffs' challenges and the fact that they informed the Court of the dispute in conformance with Paragraph 20 of the Protective Order makes Plaintiffs' comparison to the Court's January 8 decision regarding Torrent inapt. *See* Pl. Br. at 1, 4. As the Court noted, Torrent "was notified that it was required to bring the parties' dispute to the Court's attention and failed to do so pursuant to Paragraph 20." *See* ECF No. 717; ECF No. 1366 (ZHP Parties' notification to Court of discovery dispute pursuant to Paragraph 20).

6

within thirty days of the completion of each underlying filing. *See* Pl. Br. at 4. Plaintiffs base their argument on the fact that Paragraph 31 is the mechanism for challenging documents attached to public filings, while Paragraph 20(a) applies to general confidentiality challenges. *See id*. But the ZHP Parties met and conferred with Plaintiffs pursuant to Paragraph 20(a) because Paragraph 31 does not apply to this dispute.

Paragraph 31 contemplates a process for meeting and conferring and moving to seal for contemporaneous filings. Its deadlines are queued off the date of the underlying filing. *See* ECF No. 139 at ¶ 31 (parties must meet and confer within ten business days of a filing; if meet and confer unsuccessful, a motion to seal is required within thirty days of "the completion of the briefing related to the original motion."). Here, Paragraph 31 does not apply because the Court held all deadlines relating to motions to seal in abeyance pending its decision on the ZHP Parties' motion to seal. *See* Ex. E at 19:11-19. Thus, any briefing involving the challenged documents had been long completed by the time the Court issued its order on the motion to seal, obviating the parties' need to expeditiously meet and confer regarding the use of the challenged documents in filings, or brief a motion to seal.[6]

---

[6] There is no basis for Plaintiffs' claim that the ZHP Parties should deduct the time elapsed between the completion of Plaintiffs' filings, or Plaintiffs' challenges, and the Court's March 10 abeyance from the amount of time to file a motion to seal. *See* Pl. Br. at 5 (calculating the ZHP Parties' deadline to move to seal documents as June 8, 2021 to account for the time elapsed between the Plaintiffs' completion

7

Further, even if Paragraph 31 applied, it provides for a motion to seal within thirty days "if the parties are unable to reach an agreement" regarding the challenged documents. *See* ECF No. 139 at ¶ 30. On the purported dates that Plaintiffs claim that any motion to seal would have been due under Paragraph 31 (respectively June 8 and June 23), the ZHP Parties were still trying to confirm with Plaintiffs which of their confidentiality challenges were outstanding following the Court's order on the motion to seal, including which of those challenges had been mooted by the Court's decision to grant the motion as to certain documents. *See* Ex. H (email from Plaintiffs' counsel refusing to identify what, if any challenges remained outstanding and merely affirming, "we stand on our objections."); Ex. I (email from K. Bonner asking Plaintiffs to confirm what designations were being challenged). The ZHP Parties had not even had an opportunity to identify which of Plaintiff' objections were still live, let alone reach an impasse on those objections, before Plaintiffs unilaterally terminated the meet and confer process by declaring all confidentiality designations waived.

---

of filings and the Court's ordering of an abeyance—a mere fifteen days after the Courts' May 24 Order). Not only is there no substantive basis for this argument anywhere in the Protective Order, it would be unfair, if not impossible, to implement. For example, had twenty-nine days elapsed between the completion of Plaintiffs' filings and the March 10 abeyance, following Plaintiffs' logic, the ZHP Parties would have had only **one day's time** to file their motion to seal dozens of documents, incorporating the Court's extensive sealing rulings. This cannot be what was contemplated by the Protective Order.

8

### 3. The Court Should Exercise Its Inherent Authority To Allow The Parties To Continue Meeting And Conferring In An Attempt To Amicably Resolve These Disputes

Regardless of whether Paragraph 20(a) or Paragraph 31 should apply, the parties were within the applicable meet and confer period, and the ZHP Parties were actively attempting to preserve their confidentiality designations, when Plaintiffs made their inaccurate waiver pronouncement at the June 25 CMC. Plaintiffs have not articulated any substantive difference between Paragraph 20(a) and 31, nor have they demonstrated why they would be prejudiced by following the procedural mechanisms of Paragraph 20(a). The ZHP Parties therefore respectfully request that the Court exercise its inherent authority over case management to allow the parties to continue meeting and conferring in an effort to resolve this dispute.

Judges are accorded great deference with regard to issues of case management. *See, e.g.*, *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817-818 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court. We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." (citation and quotation omitted)).

9

It is to the benefit of all involved for the parties to resolve Plaintiffs' challenges without Court intervention in light of the comprehensive guidance provided by the Court in the May 24 order on the ZHP Parties' motion to seal. *See* ECF No. 1269 n. 6 ("It is hoped that this detailed approach will provide the parties guidance on future designations of confidentiality and challenges under the Protective Order.")

At no time following the issuance of that order did the ZHP Parties reject any of Plaintiffs' challenges or refuse to meet and confer. Rather, counsel for the ZHP Parties sought to clarify Plaintiffs' challenges for the sole purpose of "review[ing] the documents and decid[ing] which documents warrant de-designating or redacting consistent with [the Court's] recent decision." *See* Ex. I. This process was, and is, under way. The ZHP Parties believe that many of these outstanding confidentiality disputes can be resolved without the need for motion practice. Should a motion to seal be necessary, allowing for a genuine meet and confer would narrow any motion to seal to only those documents presenting a genuine issue of first impression for the Court.

**B.    The Propriety Of The ZHP Parties' Underlying Confidentiality Designations Is Not Ripe For Briefing**

Special Master Order ("SMO") 31 is clear that this briefing is limited to the issue of "whether the ZHP Parties waived confidentiality as to the challenged documents." ECF No. 1376 at 1. Despite this, Plaintiffs' brief argues that,

10

irrespective of whether the ZHP Parties waived confidentiality, one document—the July 27, 2017 email by Jinsheng Lin, designated "Restricted Confidential," that Plaintiffs began to disclose during the June 25 CMC, as well as deposition testimony regarding this email—would not be confidential. *See* Pl. Br. at 8. This argument is premature, and goes to the underlying merits of the parties' dispute, which the Court has not ordered the parties to brief at this time.

Furthermore, the July 27, 2017 email is not the only document for which confidentiality is in dispute. Plaintiffs have challenged the confidentiality of eighty-three documents and several transcript designations since the filing of the ZHP Parties' motion to seal on the basis that they relate to issues of public health and safety. There is no justification for Plaintiffs to single out one document for early briefing on the merits. For Plaintiffs to require the ZHP Parties to brief the confidentiality of every document and designation challenged by Plaintiffs, or select and defend only those that could be considered most newsworthy, exceeds the scope of SMO 31, and would needlessly waste judicial resources. This was the very situation the ZHP Parties sought to avoid by meeting and conferring to narrow the parties' disputes before filing a motion to seal.[7]

---

[7] If the Court believes that supplemental briefing on the sole issue of whether the July 27 email and related testimony would be helpful to the Court's consideration of these issues and its decision, the ZHP Parties respectfully request a brief extension of one week to appropriately brief this issue.

11

### C. Plaintiffs' Brief Should Be Stricken As Untimely

A court may strike untimely papers as part of its inherent authority to manage its docket. *See Drippe v. Tobelinski,* 604 F.3d 778, 783 (3d Cir. 2010); *see also Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 870, 898 (1990) (trial court properly rejected as untimely affidavits filed without a motion demonstrating excusable neglect); Fed. R. Civ. P. 6(b)(1)(B) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Courts routinely refuse to accept untimely filings even where the delay is minor and no prejudice would result. *See, e.g., Drippe,* 604 F.3d at 784-85 (holding that District Court violated Rule 6(b) by granting party's belated motion absent a showing of excusable neglect); *ADAPT of Phila. v. Phila. Hous. Auth.,* 511 F. Supp. 2d 510, 515 (E.D. Pa. 2007) ("If the moving party does not seek an extension until after the time limit has expired, the court may exercise its discretion only if a motion is made and the moving party proves its failure to comply with the applicable deadline was the result of excusable neglect." (citing *Lujan*, 497 U.S. at 896 n.5)).

SMO 31 clearly provided that Plaintiffs' brief was due by July 14, 2021. *See* ECF No. 1376 ("Plaintiffs shall file a brief in support of their position … no later than July 14, 2021."). Despite the Court's deadline, Plaintiffs neglected to file their

12

brief until the evening of July 16, 2021, without any explanation for the delay, let alone a showing of "excusable neglect," and without seeking the Court's permission or the ZHP Parties' consent for their late filing. *See* email from C. Geddis dated July 16, 2021, attached hereto as **Exhibit K**. Accordingly, Plaintiffs' brief should be stricken as untimely and improper under Federal Rule of Civil Procedure 6(b)(1)(B).

### IV.   CONCLUSION

For all of the foregoing reasons, the ZHP Parties respectfully request that the Court order the parties to continue to meet and confer in a good faith effort to resolve all outstanding confidentiality disputes, and that any motions to seal be due within thirty (30) days of the Court's order.

July 22, 2021

          Respectfully submitted,

          By: /s/ Seth A. Goldberg

          DUANE MORRIS LLP
          Seth A. Goldberg
          Rebecca Bazan
          Kelly Bonner
          30 South 17th Street
          Philadelphia, Pennsylvania 19103
          Tel.: (215)979-1000
          Fax: (215) 979-1020
          SAGoldberg@duanemorris.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co, Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

14