# EXHIBIT I

**Bonner, Kelly**

| | |
|---|---|
| **From:** | Bonner, Kelly |
| **Sent:** | Tuesday, June 29, 2021 1:13 PM |
| **To:** | 'Cheryll Calderon' |
| **Cc:** | Christopher Geddis |
| **Subject:** | RE: ZHP Confidentiality Challenges |

Dear Cheryl,

Thank you for your email.

During our status conference on March 10, 2021, Judge Vanaskie ruled that any deadlines for motions to seal be held in abeyance until his decision on the Motion to Seal (ECF No. 859). Following Judge Vanaskie's decision on the Motion to Seal (ECF No. 1269), I approached you about resuming the parties' meet and confer efforts with respect to confidentiality disputes, including those that we stayed pending Judge Vanaskie's order. Further to that goal, we agreed to identify the challenged documents and our respective positions. On June 17, 2021, you advised that the Plaintiffs stand on all of their objections. However, such statement did not somehow conclude the meet and confer process, resolve any of the disputes as to these matters, and affect any disposition of the ZHP Parties confidentiality designations. Consequently, it was improper, and factually and legally incorrect, for Mr. Slater to take the position during Friday's CMC that the ZHP Parties waived confidentiality designations with respect to certain documents challenged by Plaintiffs that are the subject of the very meet and confer process ordered by the Court and not yet concluded, unless Plaintiffs' statement on June 17 should be construed as their unilateral withdrawal from meeting and conferring.

It is our intention, as we believe is consistent with the Court's preferences, to avoid unnecessary and duplicative motion practice, and to resolve these disputes without court intervention. The ZHP Parties reject any argument that they waived any confidentiality designations. The ZHP Parties have identified the following requests by Plaintiffs to de-designate documents, and for each, seek Plaintiffs' responses either in writing or through a teleconference.

1. Plaintiffs' February 1, 2021 request to de-designate documents filed as exhibits to their opposition to ZHP's motion for a protective order
    a. In his email, Chris Geddis generally challenges the confidentiality of forty-three documents.
    b. **For each document, please identify the specific grounds for Plaintiffs' challenges.**

| | | | | |
|---|---|---|---|---|
| ZHP00291945 | ZHP01870977 | ZHP00246515 | ZHP00320410 | ZHP00320441 |
| ZHP00291945 | ZHP00021455 | ZHP00271397 | ZHP00325056 | ZHP00352121 |
| ZHP01843066 | ZHP01523947 | ZHP01907462 | ZHP02385354 | ZHP00358575 |
| ZHP00016117 | ZHP00088944 | ZHP02503597 | ZHP01937518 | ZHP00325765 |
| ZHP00332356 | ZHP02211431 | ZHP01990527 | ZHP00306319 | ZHP00337032 |
| ZHP00332903 | ZHP00670999 | ZHP00343409 | ZHP00341377 | ZHP00351971 |
| ZHP01377828 | ZHP00865174 | ZHP00324681 | ZHP00309217 | ZHP00352112 |
| ZHP00249181 | ZHP00865188 | ZHP01120762 | ZHP00303912 | ZHP00330623 |
| ZHP02500007 | ZHP02493784 | ZHP00827480 | ZHP00301610 | |

2. Confidentiality Designations in connection with the deposition of John Iozzia (February 22, 2021)

   a. Mr. Slater's email challenging the ZHP Parties' designations of Mr. Iozzia's transcript and exhibits does not identify which specific designations Plaintiffs challenge, or for each challenge, provide a rationale.
   b. **Please identify which specific designations of Mr. Iozzia's testimony Plaintiffs seek to challenge.**

3. Confidentiality Designations in connection with the deposition of Lijie Wang (February 26, 2021)
   c. Mr. Slater's email challenging the ZHP Parties' designations of Ms. Wang's transcript and exhibits does not identify which specific designations Plaintiffs challenge, or for each challenge, provide a rationale.
   d. **Please identify which specific designations of Ms. Wang's testimony Plaintiffs seek to challenge.**

4. Plaintiffs' April 27, 2021 CMC submission
   a. In his email, Mr. Geddis states that "Some of the exhibits to Plaintiffs' letter are subject to your current motion for a protective order . . . Plaintiffs challenge the confidentiality of the remaining exhibits as described in their letter."
   b. The ZHP Parties cannot determine, based on this description, which documents Plaintiffs are challenging. **Are Plaintiffs challenging the confidentiality of all of the exhibits to Plaintiffs' CMC submission?**
      i. If so, for each document Plaintiffs challenge, please identify the specific grounds on which Plaintiffs base their challenges.

5. Plaintiffs' May 17, 2021 Letter to Judge Vanaskie regarding Plaintiffs' request for production of Baohua Chen's custodial file.
   a. In his email, Mr. Geddis states that "Some of the exhibits to Plaintiffs' letter are subject to your current motion for a protective order . . . Plaintiffs challenge the confidentiality of the remaining exhibits as described in their letter."
   b. The ZHP Parties cannot determine, based on this description, which documents Plaintiffs are challenging. **Are Plaintiffs challenging the confidentiality of all of the exhibits to Plaintiffs' CMC submission?** If so, for each document Plaintiffs challenge, please identify the specific grounds on which Plaintiffs base their challenges.

Providing further clarification to Plaintiffs' challenges will allow us to review the documents and decide which documents warrant de-designating or redacting consistent with Judge Vanaskie's recent decision.

Please let us know if you would like to have a call to discuss the above. Otherwise, we will look forward to receiving your written response. The ZHP Parties reserve all rights with respect to their confidentiality designations.

Thank you,
Kelly

**Kelly A. Bonner**
Associate

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
**P:** +1 215 979 1158
**F:** +1 215 689 4916

2

C: +1 973 713 2029

KABonner@duanemorris.com
www.duanemorris.com

**From:** Cheryll Calderon <ccalderon@mazieslater.com>
**Sent:** Thursday, June 17, 2021 5:12 PM
**To:** Bonner, Kelly <KABonner@duanemorris.com>
**Cc:** Christopher Geddis <CGeddis@mazieslater.com>
**Subject:** ZHP Confidentiality Challenges

Hi Kelly,

Per the call this week, I've discussed plaintiffs' objections to ZHP's confidentiality designations with our side and we stand on our objections. Please let me know which documents, if any, you agree to de-designate and which you will be maintaining as confidential. If you'd like to discuss, please let me know.

Thanks,
Cheryll

Cheryll A. Calderon, Esq.
**Mazie Slater Katz & Freeman, LLC**
103 Eisenhower Parkway
Roseland, NJ 07068

(973) 228 - 0423 (direct)
(973) 228 - 9898 (main office)
(973) 228 - 0303 (fax)

ccalderon@mazieslater.com

www.mazieslater.com



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Mazie Slater Katz & Freeman, LLC (Tel: 973.228-9898) immediately and delete this message, along with any attachments, from your computer. Thank you.