# EXHIBIT J

**Bonner, Kelly**

---

| | |
|---|---|
| **From:** | Cheryll Calderon <ccalderon@mazieslater.com> |
| **Sent:** | Wednesday, June 30, 2021 2:40 PM |
| **To:** | Bonner, Kelly; Goldberg, Seth A.; Priselac, Jessica |
| **Cc:** | Christopher Geddis; Adam Slater; valpec@kirtlandpackard.com |
| **Subject:** | RE: ZHP Confidentiality Challenges |

Hi Kelly,

Preliminarily, Plaintiffs note that ZHP has the burden to establish the confidentiality of its documents at all times. ZHP cannot act otherwise in an attempt to create onerous and unnecessary work for Plaintiffs, even after ZHP's own deadlines for maintaining its confidentiality designations have long passed.

As you acknowledge, the Court's May 24, 2021 order lifted the stay on ZHP's obligation to file motions to seal documents filed with the Court. In accordance with the Confidentiality and Protective Order, ZHP must file a motion to seal documents filed with the Court "within thirty (30) days of the completion of briefing related to the original motion, or else waive confidentiality as to the materials containing 'PROTECTED INFORMATION' at issue." It is also noteworthy that the Confidentiality and Protective Order's provisions regarding court filings do not even require a party to challenge the confidentiality of such filings or provide a written description supporting such a challenge. The default is that such filings are not confidential unless the Parties reach agreement that they are confidential, or a party files a motion to seal within the designated timeframe and the Court grants that motion. Your request for overly specific challenges seems based on an exaggerated interpretation of the process for challenging the confidentiality designations of discovery materials that have not been filed with the Court.

Nevertheless, Plaintiffs explicitly challenged the confidentiality of ECF 826 (filed February 1, 2021), 967 (filed February 23, 2021), 1189 (filed April 27, 2021), 1250 (filed May 17, 2021), including their exhibits, almost immediately after they were filed, and explained that the public health and safety interests in those filings obviated against their confidentiality. Before the stay was enacted, Plaintiffs offered to meet and confer when the documents were filed. Once you requested and obtained a stay pending the Court's decision, Plaintiffs noted their challenges and then waited for ZHP to respond once the stay was lifted. Plaintiffs even emailed ZHP on June 17, 2021, to reiterate their prior challenges and offer to meet and confer on them. *ZHP did not respond to that email, which Plaintiffs voluntarily sent prior to ZHP's deadline to file a motion to seal ECF 1189 and 1250 on June 23, 2021.* Having declined to file a motion to seal by that date, ZHP has unequivocally waived the confidentiality of these court filings. Plaintiffs were certainly not in a position to second guess ZHP's decision not to file a motion to seal documents that were clearly not confidential, especially under the *Avandia* standard for assessing the confidentiality of court records.

The Court is familiar with the above arrangement. During the June 25, 2021 case management conference, the Court stated that "it may be, Mr. Slater, that they have missed the deadline in terms of seeking to seal a particular document or documents and the consequences for that would be that it is no longer protected, I understand that ; but this has to be presented to me in an appropriate fashion and over the -- having it presented to me via telephone conference doesn't enable me to make a decision with a great deal of confidence." 6/25/2021 Tr. 21:13-19. The Court also said that it would address ZHP's waiver at the hearing concerning Plaintiffs' upcoming motion to compel ZHP's supplemental production. 6/25/2021 Tr. 21:20-22:3 (stating "So I will schedule a Zoom hearing on the adequacy of the ZHP production of a document related to

1

the new discovery requests, this supplemental production, so it won't be limited to the July 27, 2017, email, it certainly will encompass the July 27, 2017, email, and the parties should be expected to address the question of whether the email itself is entitled to protection under the confidentiality order that was issued by the Court in this matter, or whether any protection under that order has been lost or waived."). As a result, Plaintiffs decline your invitation to meet and confer further on the propriety of ZHP's waived confidentiality designations. Instead, Plaintiffs will present ZHP's clear waiver to the Court in their upcoming motion as the Court has directed.

Plaintiffs also disagree with your position regarding their challenge to your confidentiality designations of the John Iozzia and Lijie Wang deposition transcripts. Plaintiffs explicitly challenged all of your designations, as they were overreaching and ignored the public health and safety concerns at issue, on February 22 and 26, 2021, respectively. ZHP never "respond[ed] in writing to such objection within twenty-one (21) days of receiving the written objection, and … state[d] with particularity the grounds for asserting that the document or information is CONFIDENTIAL or ATTORNEYS' EYESONLY," as required by the Confidentiality and Protective Order. Moreover, even if ZHP had, it would need to file a motion to seal within twenty-one days of such a response. As already noted, the Court stayed this issue on March 10, 2021, at ZHP's request, and the Court lifted that stay on March 24, 2021. There were twelve days between Plaintiffs' last transcript challenge and the stay, and as already noted, thirty days have passed since the stay was lifted. Thus, more than forty-two days have passed since Plaintiffs challenged these confidentiality designations, and ZHP has waived these designations. Plaintiffs do not see a need to meet and confer on these waived confidentiality challenges either.

Thank you,
Cheryll


Cheryll A. Calderon, Esq.
**Mazie Slater Katz & Freeman, LLC**
103 Eisenhower Parkway
Roseland, NJ 07068

(973) 228 - 0423 (direct)
(973) 228 - 9898 (main office)
(973) 228 - 0303 (fax)

ccalderon@mazieslater.com

www.mazieslater.com



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Mazie Slater Katz & Freeman, LLC (Tel: 973.228-9898) immediately and delete this message, along with any attachments, from your computer. Thank you.

**From:** Bonner, Kelly <KABonner@duanemorris.com>
**Sent:** Tuesday, June 29, 2021 1:13 PM
**To:** Cheryll Calderon <ccalderon@mazieslater.com>
**Cc:** Christopher Geddis <CGeddis@mazieslater.com>
**Subject:** RE: ZHP Confidentiality Challenges

Dear Cheryl,

Thank you for your email.

During our status conference on March 10, 2021, Judge Vanaskie ruled that any deadlines for motions to seal be held in abeyance until his decision on the Motion to Seal (ECF No. 859). Following Judge Vanaskie's decision on the Motion to Seal (ECF No. 1269), I approached you about resuming the parties' meet and confer efforts with respect to confidentiality disputes, including those that we stayed pending Judge Vanaskie's order. Further to that goal, we agreed to identify the challenged documents and our respective positions. On June 17, 2021, you advised that the Plaintiffs stand on all of their objections. However, such statement did not somehow conclude the meet and confer process, resolve any of the disputes as to these matters, and affect any disposition of the ZHP Parties confidentiality designations. Consequently, it was improper, and factually and legally incorrect, for Mr. Slater to take the position during Friday's CMC that the ZHP Parties waived confidentiality designations with respect to certain documents challenged by Plaintiffs that are the subject of the very meet and confer process ordered by the Court and not yet concluded, unless Plaintiffs' statement on June 17 should be construed as their unilateral withdrawal from meeting and conferring.

It is our intention, as we believe is consistent with the Court's preferences, to avoid unnecessary and duplicative motion practice, and to resolve these disputes without court intervention. The ZHP Parties reject any argument that they waived any confidentiality designations. The ZHP Parties have identified the following requests by Plaintiffs to de-designate documents, and for each, seek Plaintiffs' responses either in writing or through a teleconference.

1. Plaintiffs' February 1, 2021 request to de-designate documents filed as exhibits to their opposition to ZHP's motion for a protective order
   a. In his email, Chris Geddis generally challenges the confidentiality of forty-three documents.
   b. **For each document, please identify the specific grounds for Plaintiffs' challenges.**

| ZHP00291945 | ZHP01870977 | ZHP00246515 | ZHP00320410 | ZHP00320441 |
| --- | --- | --- | --- | --- |
| ZHP00291945 | ZHP00021455 | ZHP00271397 | ZHP00325056 | ZHP00352121 |
| ZHP01843066 | ZHP01523947 | ZHP01907462 | ZHP02385354 | ZHP00358575 |
| ZHP00016117 | ZHP00088944 | ZHP02503597 | ZHP01937518 | ZHP00325765 |
| ZHP00332356 | ZHP02211431 | ZHP01990527 | ZHP00306319 | ZHP00337032 |
| ZHP00332903 | ZHP00670999 | ZHP00343409 | ZHP00341377 | ZHP00351971 |
| ZHP01377828 | ZHP00865174 | ZHP00324681 | ZHP00309217 | ZHP00352112 |
| ZHP00249181 | ZHP00865188 | ZHP01120762 | ZHP00303912 | ZHP00330623 |
| ZHP02500007 | ZHP02493784 | ZHP00827480 | ZHP00301610 | |

2. Confidentiality Designations in connection with the deposition of John Iozzia (February 22, 2021)
   a. Mr. Slater's email challenging the ZHP Parties' designations of Mr. Iozzia's transcript and exhibits does not identify which specific designations Plaintiffs challenge, or for each challenge, provide a rationale.

      b. **Please identify which specific designations of Mr. Iozzia's testimony Plaintiffs seek to challenge.**

3. Confidentiality Designations in connection with the deposition of Lijie Wang (February 26, 2021)
    c. Mr. Slater's email challenging the ZHP Parties' designations of Ms. Wang's transcript and exhibits does not identify which specific designations Plaintiffs challenge, or for each challenge, provide a rationale.
    d. **Please identify which specific designations of Ms. Wang's testimony Plaintiffs seek to challenge.**

4. Plaintiffs' April 27, 2021 CMC submission
    a. In his email, Mr. Geddis states that "Some of the exhibits to Plaintiffs' letter are subject to your current motion for a protective order . . . Plaintiffs challenge the confidentiality of the remaining exhibits as described in their letter."
    b. The ZHP Parties cannot determine, based on this description, which documents Plaintiffs are challenging. **Are Plaintiffs challenging the confidentiality of all of the exhibits to Plaintiffs' CMC submission?**
        i. If so, for each document Plaintiffs challenge, please identify the specific grounds on which Plaintiffs base their challenges.

5. Plaintiffs' May 17, 2021 Letter to Judge Vanaskie regarding Plaintiffs' request for production of Baohua Chen's custodial file.
    a. In his email, Mr. Geddis states that "Some of the exhibits to Plaintiffs' letter are subject to your current motion for a protective order . . . Plaintiffs challenge the confidentiality of the remaining exhibits as described in their letter."
    b. The ZHP Parties cannot determine, based on this description, which documents Plaintiffs are challenging. **Are Plaintiffs challenging the confidentiality of all of the exhibits to Plaintiffs' CMC submission?** If so, for each document Plaintiffs challenge, please identify the specific grounds on which Plaintiffs base their challenges.

Providing further clarification to Plaintiffs' challenges will allow us to review the documents and decide which documents warrant de-designating or redacting consistent with Judge Vanaskie's recent decision.

Please let us know if you would like to have a call to discuss the above. Otherwise, we will look forward to receiving your written response. The ZHP Parties reserve all rights with respect to their confidentiality designations.

Thank you,
Kelly

**Kelly A. Bonner**
Associate

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
**P:** +1 215 979 1158
**F:** +1 215 689 4916
**C**: +1 973 713 2029

KABonner@duanemorris.com
www.duanemorris.com

**From:** Cheryll Calderon <ccalderon@mazieslater.com>
**Sent:** Thursday, June 17, 2021 5:12 PM
**To:** Bonner, Kelly <KABonner@duanemorris.com>
**Cc:** Christopher Geddis <CGeddis@mazieslater.com>
**Subject:** ZHP Confidentiality Challenges

Hi Kelly,

Per the call this week, I've discussed plaintiffs' objections to ZHP's confidentiality designations with our side and we stand on our objections. Please let me know which documents, if any, you agree to de-designate and which you will be maintaining as confidential. If you'd like to discuss, please let me know.

Thanks,
Cheryll

Cheryll A. Calderon, Esq.
**Mazie Slater Katz & Freeman, LLC**
103 Eisenhower Parkway
Roseland, NJ 07068

(973) 228 - 0423 (direct)
(973) 228 - 9898 (main office)
(973) 228 - 0303 (fax)

ccalderon@mazieslater.com

www.mazieslater.com



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Mazie Slater Katz & Freeman, LLC (Tel: 973.228-9898) immediately and delete this message, along with any attachments, from your computer. Thank you.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.