# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>*All Actions* | No. 1:19-md-2875-RBK<br><br>Hon. Robert B. Kugler<br>Hon. Karen M. Williams<br>Hon. Thomas I. Vanaskie |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ZHP'S SUPPLEMENTAL PRODUCTION**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

LEGAL ARGUMENT ..........................................................................................................2

    I.    ZHP'S CURRENT SUPPLEMENTAL PRODUCTION IS PATENTLY DEFICIENT ....................................................................................2

        A.    Deficiencies in the custodial productions establish a failure to preserve or produce documents crucial to this litigation ............................2

        B.    ZHP has ignored the Court's order to produce Xiaofang (Maggie) Kong's custodial file ......................................................................................8

        C.    No new documents with the search term "TC-201729" have been produced, and the production related to that investigation, which led to the July 27, 2017 email, is otherwise grossly deficient .............................9

        D.    ZHP has not produced documents allowing Plaintiffs to determine whether it has properly produced all of Min Li's and Hong (Eric) Gu's documents from "broken" devices as well as "personal" ones used for ZHP-related business .......................................................................9

        E.    ZHP has not produced the emails, meeting minutes, and calendar invites related to the meetings Min Li attended with Baohua Chen following the disclosure of NDMA in ZHP's sartans and the QC department meetings organized or attended by Qiangming Li. .....................11

        F.    ZHP's nitrosamine testing production is grossly deficient ...........................11

        G.    ZHP has not produced documents related to his meeting with "multi-national companies" where the decision was made by ZHP to limit its investigation of unknown peaks smaller than 20 ......................................12

    II.    GIVEN THESE DEFICIENCIES, ZHP MUST PRODUCE ITS LITIGATION HOLDS AND DOCUMENT RETENTION POLICIES .............12

CONCLUSION...................................................................................................................15

## **TABLE OF AUTHORITIES**

**CASES**

*Major Tours, Inc. v. Colorel*,
  No. 05-3091, 2009 WL 2413631 (D.N.J. Aug. 4, 2009) .............................................. 12

*Mitsui O.S.K. Lines v. Continental Shipping Line Inc.*,
  No. 04–CV–2278 (SDW), 2007 WL 1959250 (D.N.J. June 29, 2007) ........................ 12

**INTRODUCTION**

The Court has ordered ZHP to supplement its original production. Unfortunately, ZHP has not complied with the terms of those orders in seven respects. First, ZHP's Supplemental Production contains demonstrably deficient custodial files and fails to cure the deficiencies in its earlier custodial productions. Second, ZHP has not produced Xiaofang (Maggie) Kong's custodial file. Third, the production related to the July 27, 2017 email fails to provide any information establishing the basis for the very clear statements in the email that ██████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████. Fourth, ZHP has not demonstrated its compliance with the ESI Protocol's requirement to search all "Apps (data from smartphone applications used in the normal course of business)" for Min Li, Hong (Eric) Gu, Jun Du, or its other custodians. Fifth, the Supplemental Production does not contain the emails, meeting minutes, and calendar invites related to the meetings Min Li attended with Baohua Chen as well as the QC department meetings organized or attended by Qiangming Li once the nitrosamine contamination was disclosed at the insistence of Novartis. Sixth, ZHP's nitrosamine testing production remains grossly deficient. Seventh, ZHP has not produced documents related to Min Li's meeting with "multi-national companies" where the decision was made to not investigate unknown peaks smaller than 20.

These significant ongoing discovery deficiencies demonstrate that ZHP is unwilling or unable to comply with its discovery obligations. As a result, Plaintiffs need to review ZHP's litigation holds and document retention policies to assess and understand ZHP's admitted failure to secure and produce required ESI. Importantly, as of December 30, 2019, at least seven of the

1

custodians involved in ZHP's Supplemental Production had not even received litigation holds, including Jinsheng Lin.

Plaintiffs therefore request entry of an Order compelling ZHP to produce the discovery previously ordered, and produce all of its litigation hold letters and its complete document retention policies, including complete production of all final versions of the standard management or operating procedures which discuss or detail document retention. Plaintiffs reserve their rights to request additional relief in the event ZHP fails to comply once again.

## LEGAL ARGUMENT

### I.

### ZHP'S CURRENT SUPPLEMENTAL PRODUCTION IS PATENTLY DEFICIENT

**A. Deficiencies in the custodial productions establish a failure to preserve or produce documents crucial to this litigation.**

On May 11, 2021, the Court ordered ZHP to make custodial productions for Jinsheng Lin, Tianpei Huang, Wangwei Chen, and Dan Li. (ECF 1233). At the same time, it ordered ZHP to review its custodial productions for Guojon Fang, Peng Liu, Wei Wang, Wenquan Zhu, Wenbin Chen, Peng Wang, Wenling Zhang, Jucai Ge, Min Li, Peng Dong, Lihong Lin, and Yanfeng Liu, and then supplement them as necessary. *Id.* On June 22, 2021, the Court also ordered the production of Baohua Chen's custodial file. (ECF 1315).

Though ZHP has repeatedly indicated that their production is substantially complete, three of the new custodians had less than 120 documents in their custodial file, with one having literally no documents produced. Moreover, no document predates 2018 for these new custodians. As the Court knows, these new custodians were added based on their relationship with the July 27, 2017 email, so the complete absence of documents during that time period cannot be logically justified. The twelve other custodial files also remain deficient, because for example the dates of their first

2

document produced significantly post-dates their start date at ZHP, and the custodial files lack numerous emails found elsewhere in the production.

This is the breakdown of the document production for the four new custodians and the twelve that the Court ordered ZHP to review and supplement:

| Custodian | Dates of Employment* | Date of First Document** | Documents Produced*** |
|---|---|---|---|
| Baohua Chen | 1989-Present | January 24, 2018 | 326 |
| Jinsheng Lin | July 2012-Present | January 13, 2018 | 562 |
| Tianpei Huang | July 2016-March 2019 | July 17, 2018 | 49 |
| Wangwei Chen | July 2011-August 2017 | None | 0 |
| Dan Li | August 2016-Present | October 23, 2018 | 76 |
| Guojun Fang | April 2015-January 2019 | March 23, 2018 | 118 |
| Peng Liu | July 2015-April 2018 | None | 0 |
| Wei Wang | July 2016-Present | September 12, 2018 | 3,901 |
| Wenquan Zhu | July 2006-Present | August 25, 2010 | 5,371 |
| Wenbin Chen | November 2013-Present | February 26, 2014 | 183 |
| Peng Wang | July 2004-March 2020 | July 10, 2015 | 4,299 |
| Wenling Zhang | July 2008-April 2020 | December 5, 2017 | 369 |
| Jucai Ge | July 2000-Present | February 4, 2013 | 11,118 |
| Min Li | September 2014-Present | March 22, 2012 | 6,089 |
| Peng Dong | July 2006-Present | April 14, 2010 | 11,828 |
| Lihong Lin | September 1997-Present | January 28, 2010 | 29,650 |
| Yanfeng Liu | June 2003-Present | March 14, 2010 | 2,183 |

\* Except for Baohua Chen, these dates are from ZHP, which produced them on the day Plaintiffs' motion was originally due, despite agreeing to do so weeks before. (Ex. 1 hereto).
\*\* These dates are based on ZHP's metadata and are in red if they significantly post-date their start date.
\*\*\* These numbers represent ZHP's entire production. If someone is listed as a duplicate custodian on a document, then Plaintiffs considered it part of that person's custodial file and included it in the above chart as such.

3

Plaintiffs inquired of ZHP as to the mere 326 documents in Baohua Chen's custodial file, all post-dating January 24, 2018. (Ex. 2 hereto). ZHP responded that "the ESI protocol dictates that deduplication be applied to all documents produced; accordingly, it should come as no surprise that documents that were previously produced have not been produced, again, in duplicate form." (Ex. 3 hereto). However, this is confusing because the purported custodial file contains many copies of documents that were already produced, including documents used in support of obtaining Mr. Chen's custodial file. (*Compare* ZHP02471924 (ECF 1250, Ex. 26, Ex 4 hereto), *with* ZHP02734637 (part of Mr. Chen's custodial file, Ex. 5 hereto); *compare* ZHP02490581 (ECF 1250, Ex. 27, Ex. 6 hereto), *with* ZHP02735368 (Ex. 7 hereto)). In fact, when Plaintiffs searched Mr. Chen's custodial production for the subject lines of these letters, they found 79 documents related to this correspondence, nearly all of which were produced as part of other custodial productions earlier in the litigation. Thus, ZHP's explanation is facially inaccurate, and the 326 document custodial production actually contains far less documents if the duplicates are not counted.

Moreover, Baohua Chen was not added as a duplicate custodian in the metadata for any documents in the original production, as the ESI protocol would have required in order to withhold a document as a duplicate from his custodial file. (ECF 127, III.C.(iii)). Thus, Plaintiffs are unable to discern which documents produced as part of other custodial productions were also part of his custodial file if the documents were not produced once again with the Baohua Chen custodial file.

Jinsheng Lin—the author of the July 27, 2017 email—had only 562 documents produced. His earliest document is dated **January 13, 2018**, five and a half years after he started working at ZHP, and nearly six months after he sent the July 27, 2017 email. That email was not even produced within Dr. Lin's custodial file. As the Court is already aware, Plaintiffs only learned about the email because a **copy** of the email was found in Dr. Lin's boss Min Li's custodial file

4

(not the original electronic version)—with an incorrect date created in June 2018 indicated in the metadata. Nor was the email produced in the custodial files of any of the other recipients of the email, and nobody was named as a duplicate custodian. On top of this, no documents have been produced relative to how Dr. Lin knew ███████████████████.

ZHP shrugs these troubling facts off with a "nothing to see here" mantra, claiming █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

ZHP also continues to pretend that the obviously irregular manner in which the email was produced is not a real issue, but objectively viewed, it is apparent that the email was not meant to be produced (along with everything related) but slipped through due to the metadata error for the copy that was produced. Based on this, all of ZHP's explanations for missing documents and information and facially inadequate productions are presumptively suspect and should not be credited at face value.

ZHP's obfuscations have consistently failed to withstand scrutiny. Another excuse for the unreasonably limited custodial productions is that ZHP does not issue "low level" employees email addresses. Plaintiffs consequently asked ZHP to produce the dates each of these custodians received an email address. The Supplemental Production's discrepancies become even more pronounced when you search a custodians' email address within his or her custodial production and compare it to a search in the entire production:

| Custodian | Date Issued Email Address* | Date of First Email in Custodial File | Date of First Email in Entire Production*** | Number of Emails before First Email in Custodial File |
|---|---|---|---|---|
| Baohua Chen | Unknown | January 24, 2018 | January 21, 2010 | 150 |
| Jinsheng Lin | August 2012 | January 13, 2018 | May 3, 2017 | 29 |
| Tianpei Huang | 2016 | July 17, 2018 | December 25, 2017 | 29 |
| Wangwei Chen | ** | None | September 12, 2013 | 12 |
| Dan Li | January 2017 | October 23, 2018 | August 1, 2018 | 2 |
| Guojun Fang | 2015 | March 23, 2018 | December 25, 2017 | 14 |
| Peng Liu | 2017 | None | None | None |
| Wei Wang | 2017 | September 12, 2018 | September 12, 2018 | 0 |
| Wenquan Zhu | 2007 | December 7, 2017 | July 16, 2010 | 123 |
| Wenbin Chen | November 2013 | May 27, 2019 | June 12, 2014 | 935 |
| Peng Wang | 2006 | December 27, 2017 | October 24, 2011 | 276 |
| Wenling Zhang | 2009 | December 5, 2017 | August 13, 2015 | 26 |
| Jucai Ge | 2014 | October 7, 2016 | August 7, 2010 | 77 |
| Min Li | 2014 | December 5, 2017 | December 22, 2014 | 413 |
| Peng Dong | 2009 | December 12, 2017 | April 24, 2014 | 76 |
| Lihong Lin | 2000 | February 7, 2011 | February 5, 2010 | 77 |
| Yanfeng Liu | June 2003 | January 8, 2016 | January 27, 2010 | 35 |
| | | | **Total:** | **2,274** |

\* These dates are from ZHP, which produced them on the day Plaintiffs' motion was originally due, despite agreeing to do so weeks before. (Ex. 1 hereto). Plaintiffs' searches used the email addresses and other information provided by ZHP, including its metadata. If someone is listed as a duplicate custodian on a document, then Plaintiffs considered it part of that person's custodial file and included it in the above chart as such.

\*\* According to ZHP: "Although he was assigned an email address by the IT department, he was never given access to an email account or a computer."

\*\*\* The below dates are in red if they predate the emails from the custodian's own file.

6

**As shown in this chart, only one of the sixteen custodians involved in the Supplemental Production has his or her earliest email in his or her own custodial file, and there are at least 2,274 emails missing from these custodial productions.** This is unacceptable.

Most egregiously in light of his upcoming deposition, **ZHP has failed to include eight years' worth of his emails in Mr. Chen's custodial production.** As explained above, ZHP does not have a legitimate excuse for this grossly deficient production.

Jinsheng Lin's production is also clearly deficient. His email address first appears in an email dated January 13, 2018. (ZHP02731217, Ex. 8 hereto). However, his email address is listed as a recipient of emails in other custodial productions as early as May 3, 2017. (ZHP00180427, Ex. 9). If this were not troubling enough, Jinsheng Lin has had a ZHP email since August 2012.

Min Li—a recipient of the July 27, 2017 email—does not have an email with metadata pre-dating December 5, 2017 in his custodial file. However, the entire production has 413 emails involving Min Li before that date.

Peng Dong, one of the recipients of the July 27, 2017 email, has similar discrepancies with his emails. His email address first appears in his production in a December 12, 2017 email. (ZHP02628144, Ex. 10 hereto). In the entire production, his email address appears in an email from over three years earlier, on April 24, 2014. (ZHP02192072, Ex. 11 hereto). Like Jinsheng Lin, Peng Dong received a ZHP email address years before his first produced email, in 2009. This is not the first time Plaintiffs have raised issues with the production of Peng Dong's emails, and the Court has already ordered ZHP to correct its production accordingly.

Another clear illustration of the lack of ZHP's lack of credibility is that ZHP's production includes an email to custodian Jucai Ge (who also received the July 27, 2017 email) from August 7, 2010. (SOLCO00183958, Ex 12 hereto). **This is four years before Jucai Ge even had a ZHP email address according to ZHP**. Moreover, the first email in her own production is dated

7

October 7, 2016.  (ZHP00271302, Ex. 13 hereto).  The remaining production has 77 emails involving Jucai Ge from before that date.

The document counts and dates as well as the demonstrably deficient email productions establish that ZHP has failed to preserve and/or produce documents crucial to this litigation.  As discussed in Part II below, the Court should order ZHP to produce these documents as well as their litigation holds and document retention policies so that Plaintiffs can assess these deficiencies more fully.

> **B.    ZHP has ignored the Court's order to produce Xiaofang (Maggie) Kong's custodial file.**

On May 12, 2021, the Court ordered:

> **I'm going to direct that Ms. Kong be added as a custodian**, for her custodial file to be reviewed.  **If there then is a proportionality objection to be asserted based upon what volume of documents we're looking at and some evidentiary basis for the assertion that the overwhelming majority of those documents would be privileged, then I'd be willing to say nothing needs to be produced, that on proportionality grounds, it doesn't need to be produced.**  But right now I don't have an adequate evidentiary foundation to make that conclusion, and the only way that we can get there is to at least identify Maggie Kong as a custodian, review her custodial file and let us know what the volumes look like.

(5/12/2021 Tr. 32:15-33:1).  During the June 16, 2021 status conference, ZHP asked the Court to extend its deadline for producing Mr. Chen's and Ms. Kong's custodial files to July 12, 2021. (6/16/2021 Tr. 14:19-15-24).  ZHP never made the proffer as to a proportionality issue, and its deadline for producing her custodial file has long passed.  The Court should therefore order the production of Ms. Kong's custodial file within five days of the entry of its order on this motion inasmuch as the custodial was already required to have been collected and produced.

8

**C.  No new documents with the search term "TC-201729" have been produced, and the production related to that investigation, which led to the July 27, 2017 email, is otherwise grossly deficient.**

The irbesartan contamination investigation that led to the July 27, 2017 email was given the code "TC-201729." As a result, the Court ordered it added as a search term. (ECF 1233). The Court also ordered the production of "any responsive, non-privileged documents related to tab 3, row 54 of ZHP01391683," a spreadsheet which concerned the same investigation. Unfortunately, ZHP has only produced a few lab notes and a single draft of the report, and none of these documents or any other newly produced documents even reference "TC-201729." (ZHP02710347, Ex. 14 hereto; ZHP02710344, Ex. 15 hereto; ZHP02710242, Ex. 16 hereto). Plaintiffs also note that ZHP produced the draft report as a PDF scan of a hard copy without useful metadata, despite the fact that the format of the draft report shows that it was created using a computer program. Last, the production to date merely parrots the July 27, 2017 email and completely fails to shed light on that emails completely accurate assessment ███ ████████████████████████████████████████████████ ████████████████████████. Plaintiffs are entitled to all drafts of the report as well as all related documents in their native format with all metadata—in compliance with the ESI Protocol. The Court should order ZHP to produce these documents—again.

**D.  ZHP has not produced documents allowing Plaintiffs to determine whether it has properly produced all of Min Li's and Hong (Eric) Gu's documents from "broken" devices as well as "personal" ones used for ZHP-related business.**

The Court has ordered ZHP to produce "all responsive and non-privileged documents, including personnel files if necessary, associated with broken company issued cell phones and/or laptop computers for Eric GU and Min LI, including the date of occurrence and when and how the device was replaced, and location and status of the broken device." (ECF 1233). To date, ZHP has only provided limited information regarding Min Li's laptops. (ZHP02730423 (June 6, 2018

9

payment request from a third party for "technical service" related to a laptop), Ex. 17 hereto; ZHP02730425 (June 5, 2018 invoice for hard drive data retrieval), Ex. 18 hereto; ZHP02730424 (a September 18, 2014 ZHP corporate laptop custodial agreement), Ex. 19 hereto). This limited production does not satisfy the Court's order—and the dates in June 2018 raise serious issues since June 5, 2018 is the date that Novartis advised ZHP that it had identified NDMA in the ZHP valsartan API.

Moreover, the ZHP witness testified that their cellular phones had not even been collected, let alone searched for responsive ESI, in violation of the ESI Protocol. (Min Li 4/20/2021 Dep. Tr. 54:20-55:4, Ex. 20 hereto; Jun Du 5/27/2021 Dep. Tr. 20:11-14, 20:19-23, Ex. 21 hereto; Yuelin Hu 5/12/2021 Dep. Tr. 39:2-7, Ex. 22 hereto; Jie (Jay) Wang 5/18/2021 Dep. Tr. 25:9-14, Ex. 23 hereto; Hai Wang 3/10/2021 Dep. Tr. 25:9-14, Ex. 24 hereto; Lijie Wang 1/26/2021 Dep. Tr. 25:6-13, Ex. 25 hereto; Xiaodi Guo 5/20/2021 Dep. Tr. 52:10-17, Ex. 26 hereto; John Iozzia 1/20/2021 Dep. Tr. 376:13-377:4, Ex. 27 hereto). The record is thus clear that ZHP violated the Court's ESI Order, which required the production of all "Apps (data from smartphone applications used in the normal course of business)."

The Court should order ZHP to comply with the ESI Protocol and collect and search all custodians' cellular phones. ZHP should also be ordered to comply with the Court's May 11, 2021 order and produce the documents and/or information necessary for Plaintiffs to determine what happened to the "cell phones and/or laptop computers for Eric GU and Min LI, including the date of occurrence and when and how the device was replaced, and location and status of the broken device."

> **E.     ZHP has not produced the emails, meeting minutes, and calendar invites related to the meetings Min Li attended with Baohua Chen following the disclosure of NDMA in ZHP's sartans and the QC department meetings organized or attended by Qiangming Li after the disclosure of the contamination.**

On May 11, 2021, the Court ordered ZHP to "produce any additional responsive and non-privileged emails, meeting minutes, and calendar invites related to the meetings Min LI attended with Baohua Chen concerning the discovery of NDMA in ZHP sartans and the QC department meetings organized or attended by Q[]iangming LI." (ECF 1233). ZHP's Supplemental Production does not contain any such documents. ZHP should be ordered to produce these documents once again.

> **F.     ZHP's nitrosamine testing production is grossly deficient.**

The Court has ordered that "ZHP Defendants shall produce … any additional responsive and non-privileged documents relating to the batch testing referenced in PRINSTON0075797." (ECF 1233). PRINSTON0075797 references test results for 7,000 valsartan API batches and summarizes them as follows:



11

(PRINSTON0075838, Ex. 28 hereto). In response to these requests, ZHP has repeatedly directed Plaintiffs to Production ZHP017. (6/25/2021 Tr. 33:25-34:7). However, that production only includes USDMF grade valsartan. (*Id.*) The above chart summarizes results for EDMF, CP, and USP grades. In accordance with the Court's prior order which explicitly did not limit the productions to USDMF, ZHP must produce these results. (ECF 1233).

> **G.    ZHP has not produced documents related to Min Li's meeting with "multi-national companies" where the decision was made by ZHP to limit its investigation of unknown peaks smaller than 20.**

On May 12, 201, ZHP agreed to produce "records and documentation associated with Min Li's meeting with 'multi-national companies' where the decision was made by ZHP to limit its investigation of unknown peaks smaller than 20." (ECF 1233; 5/12/2021 Tr. 41:17-42:5). Once again, ZHP has not produced anything in accordance with this agreement. The Court should order it to do so.

## II.

### GIVEN THESE DEFICIENCIES, ZHP MUST PRODUCE ITS LITIGATION HOLDS AND DOCUMENT RETENTION POLICIES

"[W]hen spoliation occurs[, litigation hold] letters are discoverable." *Major Tours, Inc. v. Colorel*, No. 05-3091, 2009 WL 2413631, at *2 (D.N.J. Aug. 4, 2009). "Spoliation of evidence is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *Id.* (quoting *Mitsui O.S.K. Lines v. Continental Shipping Line Inc.*, No. 04–CV–2278 (SDW), 2007 WL 1959250, at *6 (D.N.J. June 29, 2007)). In *Major Tours*, the Court ordered the production of litigation hold letters based on "a preliminary showing of spoliation of evidence." *Id.* at *3. A party's document retention/destruction policies form the background upon which spoliation and litigation hold letter are assessed. *Id.* at *2.

12

Here, Plaintiffs have established significant gaps in ZHP's Supplemental Production that clearly amount to "a preliminary showing of spoliation of evidence." *Id.* This includes the clearly deficient production specifically related to the July 27, 2017 email – which based on the circumstances was never supposed to be produced. Plaintiffs are thus entitled to review these discovery deficiencies in the context of ZHP's litigation hold letters and document retention/destruction policies. **In fact**, **according to ZHP's litigation hold disclosures, Jinsheng Lin, Tianpei Huang, Wangwei Chen, Dan Li, Guojon Fang, Peng Liu, Wei Wang never received litigation hold letters**, **which is outrageous, and undercuts any argument by ZHP that its document collection and production was adequate**. (Ex. 29 hereto). This also makes ZHP's document retention/destruction policies that much more important as well.[1] The Court

---

[1]  ZHP has produced the following standard management or operating procedures regarding the retention of certain types of documents:

**SMP-002 - Corporate Documentation System**
SMP-002.01           not produced
SMP-002.02 to .07    not produced
SMP-002.08           ZHP00692282

**SMP-004 - Quality Record Management System**
SMP-004.01           ZHP02385368
SMP-004.02           not produced
SMP-004.03           not produced
SMP-004.04           not fully produced – ZHP00336173 2 pages only
SMP-004.05           ZHP00703012
SMP-004.06           ZHP01866627
SMP-004.07           not produced

**SMP-012 - Returned Products Management Procedure**
SMP-012.01           ZHP01793693
SMP-012.02           not produced
SMP-012.03           ZHP00245573
SMP-012.04           not produced
SMP-012.05           ZHP01428178

13

SMP-012.06          ZHP00070216

**SMP-035 - Data Integrity Management System**
SMP-035.01          ZHP00702047
SMP-035.02          not produced (per ZHP01547406, execution date was July 20, 2018)
SMP-035.03          not produced (per ZHP00875010, effective August 15, 2019)

**SOP IT-001 - Management of the Confidential Documents for Production Process, SOP and Process Validation**
SOP IT-001-1        not produced
SOP IT-001-2        ZHP02672612

**SOP QC-001 - QC Laboratory Management Regulations**
SOP QC-001-1        ZHP01793877
SOP QC-001-2 to -7  not produced
SOP QC-001-8        not fully produced – ZHP02667068 3 pages
SOP QC-001-10       not produced

**SOP QC-021 - Recording and Review Procedure for Laboratory's Record**
SOP QC-021-1 to -7  not produced
SOP QC-021-8        ZHP02379205
SOP QC-021-9        ZHP00702183
SOP QC-021-10       not produced
SOP QC-021-11       not produced
SOP QC-021-12       ZHP00494126
SOP QC-021-13       ZHP00859527

**SOP QC-011  API Management Procedure of Test Record and Test Report**
SOP QC-011-01       ZHP01793953
SOP QC-011-02       not produced
SOP QC-011-03       not produced
SOP QC-011-04       not produced
SOP QC-011-05       not produced
SOP QC-011-06       not produced

**SOP QA-004  Auxiliary records management regulations**
SOP QA-004-01       not produced

**SOP QA-003  Issue, Review, File of Batch Record**
SOP QA-003-1        not produced
SOP QA-003-2        not produced
SOP QA-003-3        ZHP00275565

should consequently order ZHP to produce all of its litigation hold letters and its complete document retention policies, including complete production of all final versions of the standard management or operating procedures which discuss or detail document retention.

## CONCLUSION

For the foregoing reasons, Plaintiffs' request entry of the attached proposed Order compelling ZHP to cure the above-described deficiencies and produce all of its litigation hold letters and its complete document retention policies, including complete production of all final versions of the standard management or operating procedures which discuss or detail document retention. (Ex. 30 hereto).

Dated: July 23, 2021                                          Respectfully Submitted,

/s/ Ruben Honik                                               /s/ Daniel Nigh
Ruben Honik                                                   Daniel Nigh
GOLOMB & HONIK, P.C.                                          LEVIN, PAPANTONIO, THOMAS, MITCHELL
1835 Market Street, Ste. 2900                                   RAFFERTY & PROCTOR, P.A.
Philadelphia, PA 19103                                        316 South Baylen Street
Phone (215) 985-9177                                          Pensacola, FL 32502
rhonik@golombhonik.com                                        Phone: (850) 435-7013
                                                              dnigh@levinlaw.com

**SOP QA-018  The Adverse Drug Reaction Documentation Archiving and Keeping Procedure**
SOP QA-018-1        not produced

**SOP RD-002  Record Management of API R&D Lab**
SOP RD-002-1        not produced
SOP RD-002-2        not produced

**SOP IT-002   Computer Hardware Replacement and Management Procedure**
No copies produced.

**SOP IT-003   Computerized System Data Backup and Recovery Management Procedure**
No copies produced.

However, Plaintiffs need all versions of these SMPs and SOPs as well as all other policies regarding the retention of ZHP's documents. In fact, the Court already ordered the production of these documents. (ECF 328, Ex. A, VII., ¶ 16).

15

| | |
|---|---|
| */s/ Adam Slater* | */s/ Conlee S. Whiteley* |
| Adam Slater | Conlee S. Whiteley |
| MAZIE, SLATER, KATZ & FREEMAN, LLC | KANNER & WHITELEY, LLC |
| 103 Eisenhower Pkwy, 2nd Flr. | 701 Camp Street |
| Roseland, NJ 07068 | New Orleans, LA 70130 |
| Phone (973) 228-9898 | Phone: (504)-524-5777 |
| aslater@mazieslater.com | c.whiteley@kanner-law.com |

16

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2021, a true and correct copy of the foregoing was filed and served upon all counsel via operation of the CM/ECF system for the United States District Court for the District of New Jersey.

                                                               */s/ Adam M. Slater*
                                                               Adam M. Slater