IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | No. 1:19-md-2875-RBK<br>Hon. Robert B. Kugler<br>Hon. Karen M. Williams<br><br>(Document Filed Electronically) |

**MANUFACTURER DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO MODIFY SPECIAL MASTER ORDER NO. 23**

The Manufacturer Defendants respectfully submit this Reply Memorandum of Law in further support of their Motion to Modify Special Master Order No. 23 to address three points raised in Plaintiffs' opposition.

First, to clarify, Defendants are only seeking a modification of Special Master Order No. 23 to allow the requests for production of documents that were propounded on Plaintiffs, not the interrogatories. Plaintiffs dedicate the majority of their opposition brief to arguing that interrogatories were disallowed in this litigation, based on Judge Schneider's statement during the June 26, 2019 Case Management Conference prohibiting interrogatories in favor of fact sheets. (*See* Dkt. 1383 at 4-7.) Therefore, Plaintiffs argue, the discovery requests *collectively* should be disallowed. Defendants are not seeking to modify the order to serve the

interrogatories, however. Defendants noted this repeatedly in their opening brief and in their notice of motion (*See* Dkt. 1360; 1360-1.) Defendants highlighted Judge Schneider's statement regarding interrogatories in their opening brief to make the point that Judge Schneider only intended to prohibit interrogatories as it concerned the discovery Plaintiffs wished to obtain from Defendants. "Defendants respectfully submit that Special Master Vanaskie misinterpreted the prior ruling of Judge Schneider and this Court's Scheduling Order, CMO-23 . . . . Judge Schneider's comments at the June 26, 2019 CMC regarding 'no interrogatories,' however, was in direct response to an inquiry about *Plaintiffs* seeking discovery from *Defendants*." (*See* Dkt. 1360-1 at 1-2.) Plaintiffs' focus on Judge Schneider's statement disallowing interrogatories or arguments related to the substance of the interrogatories fails to address the instant motion, i.e., whether the subject *requests for production of documents* should be allowed.

Second, Plaintiffs' characterization of the instant motion as an untimely challenge to Judge Schneider's ruling regarding interrogatories and to Case Management Order 23 is baseless. Defendants are not challenging Judge Schneider's ruling regarding interrogatories or the operative scheduling order. Defendants are challenging Judge Vanaskie's interpretation of Judge Schneider's ruling regarding Plaintiff fact sheets and any additional discovery permitted to be served at this stage. As noted, Judge Schneider's ruling did not serve as a prohibition

of the discovery that Defendants could serve on Plaintiffs. Judge Schneider's statement "No interrogatories. We do the fact sheets." was made during the discussion of the discovery Plaintiffs could seek from Defendants. Judge Schneider made it clear that his ruling regarding Plaintiff fact sheets was "without prejudice to defendants' right to seek additional information, documents, authorizations, for good cause shown" at the bellwether stage. (*See* Dkt. 175 at 56.)

As a practical matter, there would be absolutely no need for Defendants to challenge Judge Schneider's ruling regarding Plaintiff fact sheets or the operative scheduling order (Case Management Order No. 23) as neither prohibits the discovery that Defendants seek from Plaintiffs. Judge Schneider specifically held open the possibility that Defendants could seek additional discovery from Plaintiffs at this stage in the litigation upon a showing of good cause. Similarly, Case Management Order No. 23 does not prohibit Defendants from serving additional written discovery at this stage. Fact discovery ends on October 4, 2021, under Case Management Order No. 23. (*See* Dkt. 863.) That Order does not set a separate deadline for the completion of written discovery, and there is no other order or ruling that does so. The instant motion is about Judge Vanaskie's interpretation of Judge Schneider's ruling, not a challenge of those rulings.

Third, and finally, the Court should review this matter de novo. The standard of review decision cited by Plaintiffs, *Valeant Pharms. Int'l v. AIG Ins. Co. of*

*Canada*, No. 18-493-MAS-LHG, 2020 U.S. Dist. LEXIS 244479, *8 (D.N.J. Dec. 30, 2020) is not instructive. That case deals with a different situation than the one presented here. In *Valeant*, the Court applied abuse of discretion review because the district judge's appointment order specifically called for abuse of discretion review of non-dispositive issues. "Pursuant to Paragraph 9 of the Appointment Order, appeals of findings of fact and conclusions of law are to be reviewed de novo, whereas non-dispositive issues are to be reviewed under an abuse of discretion standard." *Valeant Pharms. Int'l*, 2020 U.S. Dist. LEXIS 244479 at *8. In the present case, the appointment order does not specify a standard of review. Therefore, the standards set forth in Rule 53 apply. The Court should apply the principles set forth in the cases cited in Defendants' opening brief and determine that de novo review applies here. *See, e.g.*, *Medtronic Sofamar Danek, Inc. v. Michelson*, Civ. No. 01-2373 & 03-2055, 2004 WL 2905399 (W.D. Tenn. May 3, 2004) (noting that even discretionary decisions concerning discovery are subject to de novo review where the special master was not assigned to make the specific decision at issue).

## CONCLUSION

Based on the above-cited authority, and the authority cited by Defendants' in their initial brief, Defendants respectfully request that the Court modify Special Master Order No. 23 to allow the nine requests for production of documents served in Defendants' First Set of Global Interrogatories and Requests for Production

(1287-10.)

Dated: July 26, 2021

        **GREENBERG TRAURIG, LLP**

        */s/ Lori. G. Cohen*
Lori G. Cohen
Victoria Davis Lockard
Steve M. Harkins

Terminus 200
3333 Piedmont Rd., NE
Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, PA 19103
Tel: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

**WALSH PIZZI O'REILLY FALANGA, LLP**

*/s/ Liza M. Walsh*
Liza M. Walsh
Christine I. Gannon
Three Gateway Center
100 Mulberry Street
15th Floor
Newark, New Jersey 07102
Tel: (973) 757-1100

Fax: (973) 757-1090
lwalsh@walsh.law
cgannon@walsh.law

*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis Pharma, Inc., and Actavis LLC*

**DUANE MORRIS LLP**
Seth A. Goldberg, *Lead Counsel and Liaison Counsel for Defendants*
Jessica Priselac
Barbara A. Schwartz
30 South 17th Street
Philadelphia, Pennsylvania 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
JPriselac@duanemorris.com
BASchwartz@duanemorris.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co, Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
Clem C. Trischler
Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, Pennsylvania 15219
Tel: (412) 263-2000
Fax: (412) 263-2001
CCT@PIETRAGALLO.com

*Attorneys for Mylan Laboratories, Ltd. and Mylan Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 26, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

*/s/ Gerond J. Lawrence*
Gerond J. Lawrence