# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
_____
*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

July 27, 2021

**VIA CM/ECF**
Honorable Thomas I. Vanaskie, Special Master
Stevens & Lee, P.C.
1500 Market Street, East Tower, 18th Floor
Philadelphia, Pennsylvania 19103

      Re:    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
               No. 1:19-md-02875-RBK-JS (D.N.J.)

Dear Judge Vanaskie:

Plaintiffs respectfully submit this letter brief in advance of the upcoming July 28, 2021 status conference.

### I.    ZHP Waiver of Certain Confidentiality Designations

Plaintiffs' motion on ZHP's waiver of certain confidentiality designations (ECF 1405) is fully briefed pursuant to Special Master Order No. 31 (ECF 1376), including Plaintiffs' motion for leave to file a reply brief, which remains pending (ECF 1407, 1408).

### II.    Hetero Privilege Log

Hetero originally withheld 407 documents on the basis of privilege in its original privilege log dated December 17, 2020. Following several meet and confers, exchanges of information between the parties, and challenges by Plaintiffs, Hetero provided an updated privilege log on June

Hon. Thomas I. Vanaskie, Special Master
July 27, 2021
Page 2

28, 2021 ("the Log") (*See* Ex. A hereto). Of the 407 communications that Hetero originally maintained were privileged, Hetero now asserted that only 186 of the 407 communications were privileged. According to the Log, 40 entries were asserted to be entirely privileged and 146 entries were to be produced in redacted form. Hetero withdrew its privilege assertions on 218 Log entries and made no privilege assertion relating to 3 additional Log entries (line numbers 210, 310, 389 on the Log).

On July 9, 2021, Plaintiffs specifically challenged certain remaining Log entries to which Hetero asserted complete privilege. On July 22, 2021 Hetero responded and advised that it was preparing production of Log numbers 2, 5, 17 and 32, but that it continued to assert its privileges relating to the other disputed entries. At this time, the parties have reached an impasse as to the remaining disputed Log entries. Given the small number of documents at issue, Plaintiffs respectfully submit that the quickest and easiest method to resolve the dispute is for the Court to conduct an *in camera* review of the remaining 20 disputed documents. Specifically, Plaintiffs continue to challenge Log entries 1, 3, 6, 20, 31, 32, 40, 45, 47, 56, 61, 113, 216, 219, 220, 231, 269, 300, 322 and 399, including any attachments referenced therein, from Hetero's June 28, 2021 privilege log and respectfully request the Court to order those documents produced to the Court *in camera* for review.

### III. Plaintiffs' Rule 30(b)(6) Deposition Notices to Retail Pharmacy and Wholesaler Defendants

Plaintiffs and Wholesaler Defendants continue to meet and confer concerning Plaintiffs' proposed Rule 30(b)(6) Notice of Deposition to Wholesaler Defendants ("the Notice"). Wholesaler Defendants anticipate that the parties are closing in on an agreement to a set of topics for the Notice. If the parties are unable to finalize an agreement on a set of topics for the

Hon. Thomas I. Vanaskie, Special Master
July 27, 2021
Page 3

Notice by July 30th, the parties intend to request an off-cycle telephonic conference during the week of August 2nd to address any issues that remain in dispute.

### IV. General Causation Expert Reports From Non-PSC Counsel

Plaintiffs' leadership served five general causation expert reports on July 6, 2021. Two other plaintiff firms who are not members of the Plaintiffs' leadership also served general causation expert reports – two from one law firm addressing the risk of cancer, and another addressing a single case alleging that the plaintiff was caused to suffer ALS. Defendants asked Plaintiffs' leadership to agree that those reports were somehow improper since not served by the leadership, and that they be pushed aside and not be subject to ongoing deadlines. Plaintiffs' leadership did not agree, and advised that to the extent those law firms obtained experts and wish to proceed, there is nothing that should preclude this. It is Plaintiffs' understanding that dates have been offered to depose the two experts addressing general causation of cancer, during August 2021 in accordance with the Court's ordered schedule, and that dates have been offered or will be shortly for the expert addressing ALS. Plaintiffs recognize that ALS is not cancer, and that to their knowledge there is only one such case in the MDL, but Plaintiffs still believe that plaintiff should be permitted to proceed with that case in light of the severity and mortality of ALS.

During the meet and confers, Defendants requested a two week extension of time to provide their counter reports and Plaintiffs did not agree. It is critical that any general causation reports to be served by the Defendants addressing cancer be served timely, no later than August 2, 2021, so that Plaintiffs' experts can review those reports and prepare. Plaintiffs' experts are scheduled to begin being deposed during the first week of August, 2021.

Hon. Thomas I. Vanaskie, Special Master
July 27, 2021
Page 4

### V. Defendants' Sur-Replies on Plaintiffs' Motion for Leave to Amend

Last night at ~7:41pm eastern, Defendants for the first time raised the issue of page limits for their forthcoming sur-replies on Plaintiffs' motion for leave to amend the master complaints. Defendants stated they wanted a response from Plaintiffs by noon eastern today, and otherwise would be raising the matter at tomorrow's CMC to request 18 pages for each tier of defendant (manufacturer, wholesaler, and retail pharmacy), or 54 pages total.

The abruptness of Defendants' request aside, the Local Rules already provide that sur-replies are limited to 15 pages. Plaintiffs believe 45 pages across the three groups of defendants is more than sufficient, given that these sur-replies are in addition to Defendants' 132+ pages of existing briefing on this motion (Plaintiffs' opening brief was 3 only pages and their omnibus reply brief was only 67 pages).

Respectfully,

ADAM M. SLATER

cc:   All Counsel (via CM/ECF)