**GT** GreenbergTraurig

Lori G. Cohen
Tel 678.553.2385
Fax 678.553.2386
cohenl@gtlaw.com

July 27, 2021

**VIA ECF**

The Honorable Robert B. Kugler
United States District Court Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

Special Master the Honorable Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

> Re:    **In re Valsartan, Losartan, and Irbesartan Products Liability Litigation**
> **Case No. 1:19-md-02875-RBK-JS**

Dear Judge Kugler and Special Master Vanaskie:

This letter is to provide Defendants' positions with respect to the topics on the agenda for the Case Management Conference with the Court on July 28, 2021. The parties have conferred and do not expect the need to discuss any confidential materials as part of these agenda items. .

1. **ZHP's Alleged Waiver of Certain Confidentiality Designations**

On July 16, 2021, Plaintiffs filed their brief in support of their contentions that the ZHP Parties waived certain confidentiality designations. This was two days after the Court-ordered deadline for the submission of this brief. The ZHP Parties filed their brief in response on July 22, 2021. Consequently, from the ZHP Parties' perspective, this motion has been fully briefed and awaits the Court's decision on the papers or following oral argument. On July 23, 2021, Plaintiffs filed a letter seeking leave to file a reply brief to respond to the ZHP Parties' contention that

**GT** GreenbergTraurig

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 2

Plaintiffs' opening brief was untimely. *See* letter from Adam Slater dated July 23, 2021 (ECF No. 1406). For the reasons set forth in the ZHP Parties' letter in response to Mr. Slater's letter of July 23, dated July 26, 2021 (ECF No. 1407), the Court should deny Plaintiffs' request to file a reply brief. Alternatively, should the Court permit the submission of plaintiffs' reply brief, the ZHP Parties respectfully request that any such reply brief be limited solely to the issue of the timeliness of Plaintiffs' initial brief. (*See* ECF No. 1406.)

2. **Hetero Privileged Documents Dispute**

Defendants Hetero Drugs Ltd. and Hetero Labs Ltd. (collectively, "HLL") have been engaged in ongoing discussions with Plaintiffs regarding its privilege log and have thus far made four document productions to de-designate documents previously deemed privileged. Currently, there is a narrow, discreet set of documents for which HLL will continue to assert its privilege or partial privilege designations.

On July 9, 2021, Plaintiffs raised specific objections with respect to documents deemed privileged, or partially privileged with redactions, in HLL's privilege log. In response, on July 26, 2021, HLL made a document production de-designating 4 documents that were previously deemed privileged. Presently at issue are 26 documents and emails contained in HLL's privilege log for which HLL asserts a privilege, or a partial privilege with redactions. These documents include attorney communications setting forth strategy, attorney work product and drafts, as well as attorney mental impressions. HLL will continue to assert its privilege designations with respect to these 26 documents, which Plaintiffs have failed to set forth a basis to require de-designation.



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 3

**3. Retail Pharmacy Defendant Draft Deposition Notice**

The Retail Pharmacy Defendants have conferred with Plaintiffs on several occasions regarding Plaintiffs' draft 30(b)(6) notice, and believe they are close to agreement with Plaintiffs regarding the draft topics. If the parties cannot agree to the notices by July 30, the parties intend to ask Your Honor for an off-cycle telephonic conference the week of August 2nd to address any lingering issues so the notices can be finalized and entered by the Court.

**4. Wholesaler Defendant Draft Deposition Notice**

Plaintiffs and Wholesaler Defendants continue to meet and confer concerning Plaintiffs' proposed Rule 30(b)(6) Notice of Deposition to Wholesaler Defendants ("the Notice"). Wholesaler Defendants anticipate that the parties are closing in on an agreement to a set of topics for the Notice. If the parties are unable to finalize an agreement on a set of topics for the Notice by July 30th, the parties intend to ask Your Honor for an off-cycle telephonic conference during the week of August 2nd to address any issues that remain in dispute.

**5. Experts Kumar and Bird disclosed by Individual Plaintiff Counsel Parafinczuk**

Separate from the five general causation expert reports submitted by the Plaintiffs' Executive Committee, the Parafinczuk Wolf law firm submitted the expert reports of Nagi Kumar, Ph.D., R.D., FADA, and Steven Bird, M.D. on behalf of a small subset of Plaintiffs represented exclusively by that firm. In disclosing Drs. Kumar and Bird, the Parafinczuk Wolf law firm specifically stated that "Plaintiffs *represented by undersigned counsel* . . . hereby file their Notice of Serving Expert Report Addressing General Causation and Availability for Deposition." (ECF No. 1364) (emphasis added); (ECF No. 1365) (emphasis added). Additionally, when Plaintiffs' Executive Committee provided a report to this Court summarizing their expert disclosures, they



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 4

listed the five PEC disclosed experts but did not reference Drs. Kumar or Bird to the Court (or Dr. Brautbar, for that matter).

When the issues related to the general causation expert reports were previously heard by the Court, Plaintiffs did not raise the possibility that individual plaintiffs or their counsel would be submitting their own reports on general causation.  *See generally*, 11-24-20 Hrg. Tr.  As expressly stated in the Order creating this MDL, "centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation[,]" and, importantly, "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary."   (ECF No. 1.)  The Manual on Complex Litigation further emphasizes with respect to discovery that "[p]resumptive limits should be set early in the litigation[,]" and "[i]n determining appropriate limits, the court will need to balance efficiency and economy against the parties' need to develop an adequate record for summary judgment or trial." Manual on Complex Litigation (4th Ed.) at 53, *available at* https://www.uscourts.gov/sites/default/files/mcl4.pdf.

Defendants attempted to meet and confer over these reports with both the Plaintiffs' Executive Committee and the Parafinczuk Wolf law firm, to no avail. As Defendants expressed, in addition to being inconsistent with this Court's prior instruction, the expert reports are in part duplicative of those that the Plaintiffs' Executive Committee submitted, and Plaintiffs' counsel have made no attempt to coordinate, compare or reconcile the reports.  Plaintiffs' Lead Executive Counsel readily admitted during the meet and confer that he had not even read the Kumar and Bird reports submitted by the Parafinczuk Wolf law firm. In an effort to avoid a dispute concerning



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 5

these reports, Defendants proposed a compromise wherein Defendants would include these reports in the current phase of expert discovery and respond now if the parties could agree on a modest adjustment to the expert deadline and work together to schedule the depositions of Drs. Kumar and Bird. Unfortunately, Defendants' proposal was rejected and Defendants must now seek the Court's guidance as to how to proceed given the schedule did not contemplate the service of expert reports by individual plaintiffs or their counsel.

6.  **Expert Brautbar disclosed by Individual Plaintiff Counsel Bonanno in the *Colon* Case**

On July 6, 2020, counsel for Plaintiff Danny Colon served the expert report of Nachman Brautbar, M.D., who presented his opinion that exposure to NDMA increases an individual's risk of developing amyotrophic lateral sclerosis ("ALS"). To Defendants' and Counsel Bonanno's knowledge, this is the *only* case in the entire MDL alleging ALS.  Defendants have communicated to Plaintiff Colon's counsel and to the Plaintiffs' Executive Committee that Defendants are not required to respond to Dr. Brautbar's report at this time, as the Court's scheduling order related to general causation did not contemplate service of expert reports related to diseases other than cancer. At the November 24, 2020 hearing setting the schedule for general causation expert reports and the related *Daubert* briefing, there was no discussion or argument related to general causation of diseases other than cancer. *See generally*, 11-24-20 Hrg. Tr. Indeed, one of the primary issues resolved by the Court at that hearing related to whether Plaintiffs were required to go a step further and disclose the specific types of cancer that would be the subject of the expert reports prior to the service thereof:

> I do agree the plaintiffs need to start delineating very soon the cancers which they believe were caused by . . . these substances. We need an identification of where the plaintiffs think this is going to go.



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 6

11-24-20 Hrg. Tr. at 13:15-21. Thereafter, Plaintiffs were ordered to disclose the types of cancer on which they would offer expert opinions, and did so on December 31, 2021. (*See* ECF No. 706.)

Not only does the report of Dr. Brautbar fall outside of the scope of the Court's order on general causation, it raises the question as to whether Plaintiff Colon's claims are properly before this Court given the JPML's order that centralized personal injury claims be related to cancer:

> Although all pending actions on the motion before us are putative consumer class actions seeking economic damages, we received extensive briefing and oral argument on whether the MDL should include personal injury actions. Based on this record, we believe that the centralized proceedings should include the related personal injury actions *alleging that plaintiffs developed cancer* as a result of using valsartan containing NDMA or NDEA impurities.

(ECF No. 1 at 3 (emphasis added)). Because ALS is an individualized and specific injury to a single Plaintiff, Defendants submit that Dr. Brautbar's report, deposition and any response or rebuttal thereto is more appropriately dealt with at the specific causation phase of the case. Accordingly, Defendants respectfully request that the Court clarify that Dr. Brautbar's report does not fall within the general causation scheduling order and that any deadline to respond to Dr. Brautbar's report be held in abeyance.

**7. Page Limits on Defendants' Surreplies to Plaintiff's Motion to Amend**

On May 4, the Court granted Defendants' request for leave to file surreply briefs to Plaintiffs' Motion for Leave to Amend the Master Complaints. (ECF No. 1217). That order did not specify the number of pages of surreply briefing allowed for each defense group. Defendants therefore considered the 15-page limit afforded for reply briefs under the Court's local rules to govern page limits for the forthcoming surreplies.



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 7

Given the upcoming August 2 deadline to file surreplies, on July 26, Defendants reached out to Plaintiffs regarding this issue, and to see if Plaintiffs would consent to the Manufacturer Defendants, Wholesaler Defendants and Pharmacy Defendants each being afforded up to 18 pages for their respective surreplies. This request reflected Defendants' determination, after having considered the issues raised by Plaintiffs' motion and spent considerable time preparing initial drafts of their own briefs, of the number of pages each defense tier might reasonably require to address Plaintiffs' reply briefs. Plaintiffs responded that they do not consent, and believe that the 15-page limit for reply briefs under the local rules should govern.

Defendants respectfully request that the Court grant each defense group permission to file surreplies up to 18 pages in length (i.e. an additional 3 pages of briefing for each brief). Defendants submit that this request is very reasonable, given the significance of this briefing to the litigation as a whole, and given the number of issues raised by the parties' briefing to date.

**8. Plaintiff Fact Sheet Show Cause Submissions**

**<u>Cases Addressed at the June 25, 2021 Case Management Conference:</u>**

The Court issued two show cause orders returnable at the July 28, 2021 Case Management Conference:

- *Stone, Alan v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.* - 20-cv-15654
- *Stewart, Pamela v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.* - 20-cv-03788

Defendants reached out to individual counsel for both of these cases and have been available for further meet and confers as needed. Pursuant to those communications, the issues in the *Stone* matter are resolved and that show cause order may be withdrawn. The *Stewart* matter is not resolved, and Defendants request the show cause hearing proceed in this matter.



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 8

**Second Listing Cases – Order to Show Cause Requested:**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these three cases were previously listed on the agenda for a prior CMC. In lieu of a global meet and confer, Defendants reached out to individual counsel for each case and have been available for further meet and confers as needed. Accordingly, Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why the case should not be dismissed.

Defense counsel will be prepared to address the individual issues with respect to each of these cases, to the extent necessary, during the July 28, 2021 Case Management Conference:

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Notice Sent |
|---|---|---|---|---|---|
| 1. | Henton, Cassandra v. Aurobindo Pharma, Ltd., et al. | 21-cv-02338 | Nabers Law Firm | I.C.10 – Failed to provide any response to the request to identify the repackager for the sixth identified product (with usage dates of 12/2014-01/2016). I.C.12 – Failed to provide the end date for the third identified Valsartan product (with an identified start date of 08/2016) or for the fourth identified Valsartan product (with an identified start date of 07/2016). III.C.5.a-III.C.5.b – Plaintiff's response of "N/A" in the Amended PFS is an insufficient answer to state whether Plaintiff was undergoing treatment that lasted for a minimum of 6 months for any | 5/11/2021 |

**GT** GreenbergTraurig

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 9

| | | | | other conditions at the time Plaintiff was diagnosed with injury(ies) she attributes to Valsartan use.<br>III.G.c – Failed to state the monetary amount of each of the identified claimed medical expenses.<br>XI.A.1 – Plaintiff produced one health care authorization for an unspecified health care provider. Please produce properly executed and undated health care authorizations for each identified health care provider, treatment facility, and pharmacy.<br>XI.A.3 – Plaintiff asserted a wage loss claim in the PFS, however no employment record authorizations were produced. Please produce properly executed and undated employment record authorizations.<br>XI.A.6 – Failed to produce any insurance records authorizations. Please produce properly executed and undated insurance records for each identified insurance carrier.<br>XI.B.4 – Failed to respond.<br>XI.B.17 – Plaintiff asserted a wage loss claim, however no corresponding W-2's or tax returns were produced.<br>XI.B.18 – No corresponding billing records were produced for Plaintiff's claimed medical expenses. | |
|---|---|---|---|---|---|
| 2. | Righteous, Worikeena v. Mylan et al. | 20-cv-414 | PWB Law Group, LLC | Incomplete PFS, no authorizations or records | 4/23/21 |

**First Listing Cases – Remaining Core Deficiencies:**

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
Terminus 200 Building, 3333 Piedmont Road NE, 25th Floor ■ Atlanta, Georgia 30305 ■ Tel 678.553.2100 ■ Fax 78.553.2212



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 10

The following Plaintiff Fact Sheets contains core deficiencies which remain unresolved.

This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not

requesting orders to show cause with respect to any of the below cases at this time and will continue

to meet and confer to resolve these deficiencies.

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Russell, Sandra v. Camber Pharmaceuticals, et al. | 21-cv-10021 | Curtis Law Group | I.C.8 – Camber is still identified as an API Manufacturer in the Second Amended PFS. However, Camber is not a manufacturer. This is inconsistent with the SFC. Please clarify. I.D.2 – No medical records were produced for Plaintiff's treatment with the identified physicians who prescribed Valsartan to Plaintiff, specifically: Balogh Atila and J. Race. Please produce complete medical records for Plaintiff's treatment in relation to the alleged injury(ies). II.F.1.d – Please clarify whether the identified workers' compensation claim was also submitted to a government agency or not. III.C.2.a-III.C.2.e – Plaintiff identified a herniated disk/slip and fall injury in response to the requests to identify each non-cancer physical injury claimed in this lawsuit, including: the non-cancer physical injury, illness or disability; when this/these injury(ies) or illness | 6/15/2021 |

**GT GreenbergTraurig**

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 11

| | | | | first occurred; the approximate date(s) of the hospital admission; the approximate date(s) of discharge from the hospital; and the hospital name(s) and addresses, however this identified injury of a herniated disk in 1994-1995 is approximately 22 years before Plaintiff's first identified Valsartan usage date in 2016. Please clarify. III.G.a-III.G.c – Plaintiff failed to respond to the requests to identify her claimed medical expenses in the Second Amended PFS. Please clarify whether Plaintiff is asserting any claimed medical expenses or not. XI.A.1 – One health care authorization for an unspecified health care provider was produced with the Second Amended PFS. Please produce properly executed and undated health care authorizations for all identified health care providers, treatment facilities, and pharmacies. XI.A.4 – Plaintiff produced one workers' compensation authorization for an unspecified entity with the Second Amended PFS. Please a properly executed workers' compensation authorization for each respective entity. Also, it is unclear whether Plaintiff submitted the identified workplace injury claim to a government agency or not. If Plaintiff did file a workers' compensation claim with a government agency, please produce properly executed workers' compensation | |
|---|---|---|---|---|---|

**GT** GreenbergTraurig

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 12

| | | | | | |
|---|---|---|---|---|---|
| | | | | authorizations for the respective government agency(ies). XI.A.6 – One insurance records authorization for an unspecified entity was produced with the Second Amended PFS. Please produce properly executed and undated insurance records authorizations for each identified insurance carrier. XI.B.18 – Failed to provide billing records. | |
| 2. | Pina, Flora, Individually and Surving Spouse and next of kin of Enrique Pina, Deceased v. Hetero Drugs, Ltd., etal. | 21-cv-08045 | Fears Nachawati | I.C.1 – The produced pharmacy records do not contain any NDC codes. Please produce complete pharmacy records that contain NDC codes. II.D.4.d – Plaintiff's answers to the requests to provide the date of exposures in Plaintiff's diet including red and/or processed meats and including smoked foods, salted meat and fish, and/or pickled vegetables in the Second Amended PFS is incomplete and is cut off on the form. Please provide the complete responses and include a supplemental page, if necessary. III.G.a-III.G.c – Failed to provide any substantive responses to the requests to identify Plaintiff's claimed medical expenses; the date for each claimed medical expense; and the monetary amount of each claimed medical expense. IV.B.1-IV.B.4 – Plaintiff's answer "N/A" is an insufficient response to the requests to identify the facilities where Plaintiff has received treatment, as Plaintiff identified receiving treatment at MD Anderson Cancer Center elsewhere in the Second Amended PFS. | 6/21/2021 |

**GT GreenbergTraurig**

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 13

| | | | | | |
|---|---|---|---|---|---|
| | | | | XI.A.1 – No health care authorizations were produced for the following: Wal-Mart (at both identified locations); Nadya Martinez; Elizabeth M. Sanders, MD; and Dr. Gumaro Garza. Please produce properly executed and undated health care authorizations for each of the foregoing health care providers, treatment facilities, and pharmacies.<br>XI.B.2 – The produced pharmacy records do not contain NDC codes. Please produce complete pharmacy records that contain NDC codes.<br>XI.B.18 – Please produce complete billing records in relation to Plaintiff's claimed medical expenses. | |
| 3. | Chambers, Emily v. Aurobindo Pharma, Ltd., et al. | 21-cv-08458 | Watts Guerra, LLP | I.C.8 – Plaintiff's response "Not applicable" is an insufficient answer to the request to describe Plaintiff's reasonable good faith efforts to identify the manufacturer of the Valsartan products used in her treatment, as Plaintiff stated "unknown" as the API Manufacturer for the fourth identified Valsartan product (with usage dates of 1/2/2015-7/31/2015).<br>III.B.3.a – Plaintiff did not state whether the referenced packaging inserts and/or written instructions are in her possession. If so, please produce a copy of said packaging inserts and/or written instructions.<br>III.B.4.a – Plaintiff did not provide the monetary amount for the identified claimed medical expenses from First Medicare Direct. | 7/2/2021 |

**GT GreenbergTraurig**

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 14

| | | | | IV.A.3 – Plaintiff did not provide the approximate start date for her treatment with Dr. Dierdre Young-Cadore. Also, Plaintiff did not provide the approximate end date for her treatment with Dr. Nortin Hadler.<br>IV.B.3 – Plaintiff did not provide the approximate start date for her treatment with The Sandhills Medical Group.<br>IV.D.3 – Plaintiff did not provide the approximate start date for her coverage wit First Medicare Direct.<br>XI.A.1 – One health care authorization was produced for an unspecified health care provider. Please produce properly executed an undated health care authorizations for each identified health care provider, treatment facility, and pharmacy.<br>XI.A.5 – Plaintiff produced one disability records authorization for records from "Emily Chambers." Please produce properly executed and undated disability records authorizations for each respective entity.<br>XI.A.6 – Plaintiff produce one insurance records authorization for records from "Emily Chambers." Please produce properly executed and undated insurance records authorizations for each identified insurance carrier.<br>XI.B.18 – No corresponding billing records produced for the identified claimed medical expenses from First Medicare Direct. | |

**GT GreenbergTraurig**

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 15

| | | | | | |
|---|---|---|---|---|---|
| 4. | Orr, Helen v. Aurobindo Pharma, Ltd., et al. | 21-cv-05481 | Williams Hart Boundas Easterby, LLP | III.G.c – Plaintiff did not identify the monetary amount of the identified claimed medical expenses. XI.B.18 – Plaintiff did not produce any correspondence billing records in relation to the identified claimed medical expenses. | 6/4/2021 |
| 5. | Thomas Lloyd v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-12010 | Rheingold Giuffra Ruffo Plotkin LLP | FAILED TO RESPOND TO DEFICIENCY NOTICE | 7/1/2021 |
| 6. | Lucinda Laughlin v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-08068 | Williams Hart Boundas Easterby, LLP | III.G.c - Failed to state medical expenses for facilities listed. | 6/23/2021 |
| 7. | Billy Hupp v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-04900 | Levin Papantonio | III.G.c - Failed to state medical expenses. | 6/23/2021 |
| 8. | Hector Rivera v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-10037 | Morgan & Morgan | III.B.6.a - Failed to respond. Identify the advertisement or commercial, state the nature and content of each advertisement or commercial, and approximately when you saw the advertisement III.D.1 - Failed to respond. Current symptoms XI.A.1, 6 - Failed to provide properly signed, undated, and completed authorization. | 7/1/2021 |
| 9. | Burlia Abdullahi v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-02885 | Morgan & Morgan | XI.A.1, 4-6 - Failed to provide properly signed, undated, and completed authorization. | 7/1/2021 |
| 10. | Estate of McClaskey v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-10037 | Watts Guerra | III.G.c - Failed to state medical expenses. | 7/2/2021 |

**GT** GreenbergTraurig

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 16

| | | | | | |
|---|---|---|---|---|---|
| 11. | Marcia Ridley v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-10045 | Watts Guerra | III.G.c - Failed to state medical expenses. | 7/2/2021 |
| 12. | Velma Hurst v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-04901 | Levin Papantonio | III.G.c - Failed to state medical expenses. | 7/7/2021 |
| 13. | Debra Wright v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-01675 | Levin Papantonio | III.G.c - Failed to state medical expenses. | 7/14/2021 |

**<u>First Listing Cases – Failure to File Plaintiff Fact Sheet:</u>**

The following Plaintiffs have failed to file a timely Plaintiff Fact Sheet. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | PFS Due Date |
|---|---|---|---|---|---|
| 1. | Shylaine Louissant | 21-cv-07797 | Nagel Rice | No PFS Filed | 06/12/2021 |
| 2. | Abraham Agustin | 21-cv-04480 | Levin Papantonio | No PFS Filed | 05/07/2021 |
| 3. | Robert Smith | 21-cv-09163 | Levin Papantonio | No PFS Filed | 06/12/2021 |
| 4. | Benita Smiley | 20-cv-20604 | Serious Injury Law Group, Gerald Brooks, Esq. | No SFC or PFS filed | 02/13/2021 |

**GT GreenbergTraurig**

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 17

| 5. | Jimmie Thorn | 20-cv-20603 | Serious Injury Law Group, Gerald Brooks, Esq. | No SFC or PFS filed | 02/13/2021 |
|---|---|---|---|---|---|
| 6. | Daniel Craigie | 20-cv-12396 | Bruce M. Danner, LLC | No SFC or PFS filed | 11/01/2020 |
| 7. | Padrta, Lynda, Individually and as Anticipated Representative of E.O. Alan Martin, Deceased v. Hetero Drugs, Ltd., et al. | 21-cv-10480 | Morgan & Morgan | No PFS Filed. | 6/29/2021 |

Respectfully submitted,

*/s/ Lori G. Cohen*

Lori G. Cohen

cc:    Adam Slater, Esq. (*via email*, *for distribution to Plaintiffs' Counsel*)
Jessica Priselac, Esq. (*via email*, *for distribution to Defendants' Counsel*)
Seth A. Goldberg, Esq. (*via email*)
Clem C. Trischler, Esq. (*via email*)
Sarah Johnston, Esq. (*via email*)
Jeffrey Geoppinger, Esq. (*via email*)