UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Actions | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Karen Williams, Magistrate Judge |

**DEFENDANTS' NOTICE OF VIDEOTAPED
DEPOSITION OF STEPHEN LAGANA, MD**

PLEASE TAKE NOTICE that, in accordance with Rule 30 of the Federal Rules of Civil Procedure, and for all purposes authorized by the Federal Rules of Civil Procedure and all other purposes allowed by law, Defendants, through their counsel of record, will take the deposition upon oral examination of Plaintiffs' disclosed expert Stephen Lagana, MD, for the purposes of discovery and use at trial. The deposition will take place as follows:

| | |
|---|---|
| Day/Date: | Friday, August 13, 2021 |
| Time: | 9:00 am ET |
| Location: | GREENBERG TRAURIG, LLP<br>445 Hamilton Avenue<br>9th Floor<br>White Plains, NY 10601 |

The deposition shall be recorded stenographically and by video before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. The deposition will continue from day to day until completed. The deponent is directed to produce the items listed in the attached "Exhibit A" seven (7) days in advance of the deposition.

Dated: August 2, 2021                    Respectfully submitted,

                                         On Behalf of the Defense Executive Committee

Page 1

**GREENBERG TRAURIG, LLP**

*/s/ Lori G. Cohen*
Lori G. Cohen
Victoria Davis Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, Pennsylvania 19103
Tel: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive,
Suite 3100
Chicago, Illinois 60601
Tel: (312) 476-5056
ostfeldg@gtlaw.com

**WALSH PIZZI O'REILLY FALANGA, LLP**

/s/*Liza M. Walsh*
Liza M. Walsh
Christine I. Gannon
Three Gateway Center
100 Mulberry Street
15th Floor
Newark, New Jersey 07102
Tel: (973) 757-1100
Fax: (973) 757-1090
lwalsh@walsh.law
cgannon@walsh.law

*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis Pharma, Inc., and Actavis LLC*

# EXHIBIT A

## DEFINITIONS

1. "Person" as used in these Requests means any natural person or any business, legal or governmental entity or association, including corporations, partnerships, trusts, or other associations, and all other entities.

2. "You" and "your" as used in these Requests means Stephen Lagana, MD, and his consulting group and their representatives, administrative or personal assistants, agents, legal representatives, employees, and all other persons acting on their behalf or under their direction or supervision.

3. The term "Product" shall refer to the valsartan containing drug products that are the subject of this Case.

4. "Document" or "Documents" shall refer to all writings and recordings, including, but not limited to, all written, typewritten, recorded, graphic or photographic matter, hard-copy or electronic file, email, cellular telephone texts, however produced or reproduced, pertaining in any manner to the subject matter indicated, and includes, without limiting the generality of the foregoing, all originals, copies, telefaxes, emails, text messages, papers, letters, notes, handwritten or typed notes, manuals, order forms, memoranda reports, contracts, agreements, diaries, calendars, appointment books, telephone slips, time sheets, records of telephone calls, telegrams, cables, photographs, microfilm, prints, records, transaction confirmations, transcriptions, and floppy diskettes, but does not include documents related to communications with Plaintiffs' counsel, or drafts of your final report.

5. "Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise by any means including, but not limited to, in person conversations, phone conversations, messages, letters, emails or any other forms of writing or verbal communications, except communications with Plaintiffs' counsel.

6. "Identify" as used with reference to a person shall mean to provide the name, present or last known address, telephone number or email address, and present or last known place of employment of the person. "Identify" as used with respect to Documents shall mean to provide the type, general subject matter, date, author, addressee, and recipient of the Document. "Identify" as used with reference to a communication, shall mean to state the date, names of participants, and nature of the communication (e.g., personal meeting or telephone call).

7. "Relating to" and "related to" shall mean mentioning, describing, discussing, memorializing, concerning, consisting of, containing, evidencing, pertaining to, reflecting, depicting or referring in any way, directly or indirectly, to the subject matter of the request.

8. The singular form of a word shall refer to the plural, and words used in the

Page 4

masculine gender shall also include the feminine or neutral, and vice versa.

9. "And" means "and/or" and "or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used here includes the feminine. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

10. "Case" shall mean the litigation identified as *In Re Valsartan, Losartan, and Irbesartan Products Liability Litigation*, Case No. 1:19-md-2875.

## REQUESTS

1. Your current and up-to-date resume or *Curriculum Vitae*.

2. A list of all articles, abstracts, studies, reports, seminar materials, presentations, publications, or other writings authored or co-authored by you from 2011 to the present, including (a) the name of the article, (b) the name of the publication in which it appeared or the seminar or conference at which it was presented, and (c) the date on which it was published or presented.

3. All papers, books, articles, abstracts, publications, studies, reports or other documents authored in whole or in part by you related to (1) drug safety and cancer risk; (2) nitrosamines; or (3) any other data, opinions or topic contained within your report.

4. All Documents, including presentations, speeches, slides, notes, handouts, or posters, regarding any presentation or speech or other speaking engagement by you relating to (1) drug safety and cancer risk; (2) nitrosamines; or (3) any other data, opinion or topic contained within your report.

5. A list of all cases in which you have, during the past four years, provided to the court or to counsel an expert disclosure or expert report, or in which you have given a deposition or testified in court, including (a) the jurisdiction in which each case was filed or venued, (b) the case number, and (c) the party and attorney for whom you acted as an expert witness. **For each of these cases, please provide any transcripts of the depositions or trial testimony in your possession**.

6. Your COMPLETE AND ENTIRE FILE for this Case, including, without limitation,

    a) All materials and documents provided to you or received by you in connection with the Case, including, without limitation,

        i. all materials and documents produced by the parties,

        ii. all records, imaging, photographs, notes, reports, correspondence, and test protocols or results, including any materials, documents or statements you received,

        iii. all articles, studies, sources, references, treatises, guidelines, standards, and regulations,

        iv. all deposition or trial transcripts and exhibits,

        v. all FDA, EPA, WHO, EMA, IARC, or other regulatory guidance, regulations, policies, notices, data or publications, and

    vi. any and all other documents or materials you received from plaintiffs, plaintiffs' attorneys or any other source, not including any work-product protected under the federal rules.

  b) All notes, calculations, memoranda, drawings, models, illustrations, diagrams recordings or records generated or utilized by you in connection with your involvement in the Case, whether hand-written or in electronic format;

  c) All materials and documents that you have reviewed at any time and from any source that relate to the facts of this Case, your opinions in this Case, valsartan or nitrosamines;

  d) All materials and documents you relied upon and/or may rely upon in reaching your opinions in the Case, including any reference materials;

  e) All research done by you, at your direction or provided to you in connection with your involvement in the Case;

  f) A list of all persons and background sources, if any, that you consulted and/or rely upon in connection with your review of or opinions in the Case;

  g) All interviews and statements taken by you or at your direction concerning this Case, including any notes, transcriptions, video, and/or audio recordings associated with such;

  h) All other documents that reflect, refer or relate to the testimony you will provide in this Case.

7. All communications authored or received by you concerning the issues in this Case, nitrosamines, or valsartan, other than with Plaintiffs' counsel. This includes but is not limited to communications with health authorities, U.S. Food and Drug Administration or any other governmental, federal, state, or local agency, patients, physicians, researchers, scientists, other retained experts, and other third-parties.

8. To the extent you rely for your opinions in the Case on specific patient experience, all records pertaining to such experience, with any confidential patient identifying information redacted.

9. All invoices, bills, billing records, time records, and expense records connected with your involvement in the Case, including information sufficient to identify (a) your hourly rate, (b) the amount of time you have spent in connection with your involvement in this Case, (c) the nature of the activity or work your performed in connection with your involvement in this Case, and (d) the dates on which such activity or work was performed.

10. All consulting contracts or retention letters concerning your involvement in this Case between you and any other person or entity, including but not limited to the Plaintiffs' lawyers and any other organization.

11. Any other information, documents, studies, texts, treatises, objects or anything else that you will use at trial.

12. All other documents reviewed by you in preparation for the deposition other than communications with Plaintiffs' counsel.

13. Any other information, Documents, objects, or anything else that you claim supports your opinions in the Case.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2021, I caused a true and correct copy of the foregoing Defendants' Notice of Videotaped Deposition of Stephen Lagana, MD, to be filed with the Court's ECF system and served upon counsel of record. I further certify that a copy of the foregoing was served on the following by e-mail on August 2, 2021:

    Plaintiffs' Executive Committee (via email)
    Defendants' Executive Committee (via email)

                                                     */s/ Gerond J. Lawrence*
                                                     Gerond J. Lawrence,
                                                     Greenberg Traurig, LLP