UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Actions | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Karen M. Williams, Magistrate Judge<br><br>Honorable Thomas Vanaskie (Ret.), Special Discovery Master |

**THE ZHP PARTIES' MOTION TO REDACT AND SEAL A PORTION OF PLAINTIFFS' BRIEF IN OPPOSITION TO THE ZHP PARTIES' MOTION FOR A PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF BAOHUA CHEN AND ACCOMPANYING EXHIBIT**

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), Prinston Pharmaceutical Inc. ("Prinston"), Huahai U.S. Inc. ("Huahai U.S.") and Solco Healthcare U.S., LLC ("Solco", and collectively with ZHP, Huahai U.S., and Prinston, "the ZHP Parties"), by and through their counsel, respectfully move to seal a portion of Plaintiffs' brief in opposition to the ZHP Parties' motion for a protective order precluding the deposition of Baohua Chen (ECF No. 1298), and Exhibit KK thereto, pursuant to Local Civil Rule 5.3(c).

In support of this motion, the ZHP Parties will rely on the Declaration of Kelly Bonner, Esq., dated August 5, 2021 (the "Bonner Declaration"), and the Declaration

1

of Jun Du of Prinston (the "Du Declaration"). A proposed form of order, including Proposed Findings of Fact and Conclusions of Law pursuant to Local Civil Rule 5.3(c)(6), is also submitted herewith.

Pursuant to Local Civil Rule 7.1(d)(4), no legal brief is required because the relevant proposed findings of fact and conclusions of law required by Local Civil Rule 5.3(c)(2) are contained in the Proposed Order and supported by the Bonner Declaration and the Du Declaration, which describe with particularity: (a) the nature of the documents at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the transcript and accompanying documents in the pending action; (f) the identity of any party or nonparty known to be objecting to the sealing request; (g) the materials to which there is an objection; (h) the basis for the objection; and (i) if the material or information was previously sealed by the Court in the pending action, why the materials should not be maintained under seal.

Dated: August 5, 2021

                                                Respectfully submitted,

                                                */s/ Seth A. Goldberg*
                                                      Seth A. Goldberg, Esq.
                                                      *Lead Counsel and Liaison*
                                                      *Counsel for Defendants*

                                              DUANE MORRIS LLP

                                              Seth A. Goldberg
                                              Rebecca Bazan
                                              Kelly Bonner
                                              30 South 17th Street
                                              Philadelphia, Pennsylvania 19103
                                              Tel.: (215) 979-1000
                                              Fax: (215) 979-1020
                                              SAGoldberg@duanemorris.com

                                              *Attorneys for Zhejiang Huahai*
                                              *Pharmaceutical Co, Ltd., Prinston*
                                              *Pharmaceutical Inc., Huahai U.S. Inc.,*
                                              *and Solco Healthcare U.S., LLC*