**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Karen Williams Magistrate Judge<br><br>Honorable Thomas Vanaskie (Ret.), Special Discovery Master |

**DECLARATION OF KELLY A. BONNER
PURSUANT TO LOCAL RULE 5.3(c)(3)**

I, Kelly A. Bonner, of full age, hereby declare as follows:

1.    I am an attorney at law of the State of New York and the Commonwealth of Pennsylvania, a member of good standing of the bars of the United States Courts of Appeals for the Second and Ninth Circuits, the United States District Court for the Eastern District of Pennsylvania, and this Court pending pro hac vice admission, and am employed with the law firm of Duane Morris, LLP, counsel to Defendants Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), Prinston Pharmaceutical Inc. ("Prinston"), Huahai U.S. Inc. ("Huahai U.S."), and Solco Healthcare U.S. LLC ("Solco", and collectively with ZHP, Huahai U.S., and Prinston, "the ZHP Parties").

1

2.       I make this Declaration on behalf of the ZHP Parties in support of their

Motion to Seal Pursuant to Local Rule 5.3(c).

3.       The ZHP Parties seek to seal Exhibit KK to Plaintiffs' brief in

opposition to the ZHP Parties' motion for a protective order precluding the

deposition of Baohua Chen (ECF No. 1298), and the related paragraph of Plaintiffs'

brief discussing Exhibit KK.

4.       Exhibit KK discloses the contents of documents produced by the ZHP

Parties designated as "RESTRICTED CONFIDENTIAL INFORMATION" under

the Confidentiality and Protective Order (the "Protective Order"), entered by the

Honorable Robert B. Kugler on June 26, 2019 (ECF No. 139), which specifically

allows for the confidential treatment of such information..

5.       In support of the Motion to Seal and in accordance with Local Civil

Rule 5.3(c)(3), the ZHP Parties have prepared and have submitted a Declaration of

Jun Du of Prinston (the "Du Declaration"), which describes with particularity: (a)

the nature of the documents to be sealed; (b) the legitimate  interest which warrants

the relief sought; (c) the clearly defined and serious injury that would result if the

relief sought is not granted.

6.       A True and correct copy of the Du Declaration, with personal

knowledge of the documents described in Exhibit KK, and attesting to the

confidential nature of those documents, is attached to this Declaration as **Exhibit A**.

7.    A True and correct copy of the index required by Local Rule 5.3(c)(3) is attached hereto as **Exhibit B**.

8.    There is no less restrictive alternative to moving to seal Exhibit KK or the paragraphs of Plaintiffs' Opposition Brief referencing Exhibit KK. The ZHP Parties have carefully analyzed Exhibit KK to identify which information should be sealed, and seek to redact only those portions of Exhibit KK that disclose the contents of the emails designated as "RESTRICTED CONFIDENTIAL."

9.    There is no prior order sealing Exhibit KK or Plaintiffs' Opposition Brief, or the underlying documents discussed therein in the pending action.

10.    Plaintiffs have objected to the sealing request on the grounds that confidential treatment is not justified under the Protective Order in light of what they describe as a public health interest. But in the parties' communications regarding Plaintiffs' objection, Plaintiffs did not state how the results of an internal audit from 2010, would have any impact on the public's awareness of issues relating to health and safety.

I, Kelly A. Bonner, declare under penalty of perjury that the foregoing is true and correct.


Executed on August 5, 2021.

/s/ Kelly A. Bonner
Kelly A. Bonner, Esq.


3