IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____ :
                                        :
IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN  :   MDL No. 2875 (RBK-KMW)
PRODUCTS LIABILITY LITIGATION           :   Special Discovery Master
                                        :   Honorable (Ret.) Thomas Vanaskie
                                        :
                                        :   **OPINION & ORDER RE**
                                        :   Manufacturer Defendants' Motion (Doc.
                                        :   1360) to Modify Special Master Order No.
                                        :   23  (Doc. 1304)
                                        :
*This Document Relates To All Actions.*  :
_____  :

KUGLER, United States District Judge:

    Before the Court in this Multi-District Litigation ["MDL"] concerning the sale in the U.S. of generic, prescription Valsartan pharmaceuticals, found by the Food and Drug Administration ["FDA"] to contain cancer-causing contaminants, is a motion (Doc. 1360) under Fed. R. Civ. Proc. ["FRCP"] 53(f) ['the motion"] by Manufacturer Defendants ["defendants" or "Ds"] to modify a ruling in Special Master Order No. 23 ["SMO 23"] (Doc. 1304) dated 9 June 2021.

    D's motion seeks to amend para. 4 of SMO 23, which disallowed Defendants' First Set of Global Interrogatories and Requests for Production (Doc. 1287-10) propounded to plaintiffs 24 May 2021.

    **HAVING** considered the parties' submissions including Ds brief (Doc. 1360-1), plaintiffs' opposition (Doc.1393), and Ds reply (Doc.1415) without oral argument pursuant to L. Civ. R.78.1(b) and for the reasons stated below, and for good cause shown,

    **The COURT DENIES** the motion; and

    **ORDERS** Special Master Order No. 23 in all paragraphs and aspects remain unchanged.

    As FRCP 53(f)(3) - (4) calls for, the Court has reviewed defendants' objections to the special master's factual findings and legal conclusions *de novo*.  Focusing on statements made by Magistrate Judge Schneider in transcripts from the June 2019 Case Management Conference ["CMCs"] and from the July 2019 CMC, defendants assert Magistrate Judge Schneider's rulings there did not prohibit defendants from serving additional written discovery especially in the form of interrogatories at a later stage of discovery.  Defendants therefore argue the Special Master misinterpreted Judge Schneider's rulings in SMO 23.

As for interrogatories, plaintiffs assert Judge Schneider did indeed issue a blanket prohibition against them in this MDL.  Moreover, plaintiffs argue the absence of interrogatories from Judge Schneider's rulings in 2019 until now can only confirm the parties' expectations of allowable discovery.

As for Ds interrogatories and document production requests, plaintiffs assert these should have been served in February when the parties, the Special Master, and this Court engaged in considerable back and forth to amend the MDL Discovery Schedule.  They argue the case management process itself has also rooted the parties' discovery expectations, which are exemplified by the parties' hammering out plaintiffs' document production requests propounded in December 2019 for several months in early 2020. This process received regular court oversight and forged the parties' expectations for the execution of document requests.

Plaintiffs also argue the surprise springing of defendants' document production requests was done during the last throes of document production in this MDL, is unjustified, done without notice or a meet and confer process, and therefore prejudices them.

The Court has reviewed *de novo* Magistrate Judge Schneider's statements in two transcripts of hearings held in mid-2019.  It is telling that both parties assert the following: that Magistrate Judge Schneider's emphasized that interrogatories were NOT the mechanism for collecting information--fact sheets were—and that he would consider granting a request for interrogatories, <u>only</u> for good cause shown.

The Court has also reviewed the context of this MDL in its entirety to find that document production requests this close to the end of discovery emerge as an unthought-out afterthought.  The Court has considered the parties' and the Special Master's efforts to hammer out and amend discovery schedules, not once, but twice, earlier this year as well as the parties' active engagement throughout this year to work through the scheduling of depositions, expert reports and other key discovery.  The Court finds the defendants could have raised their discovery requests earlier when the parties were conferring actively.

The Court **DENIES the Motion and LEAVES SMO 23 INTACT IN ITS ENTIRETY.**

Dated:  9 August 2021                                         s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge