IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| _____ | : | |
| | : | |
| IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN | : | MDL No. 2875 (RBK-KMW) |
| PRODUCTS LIABILITY LITIGATION | : | AND Special Discovery Master |
| | : | Honorable (Ret.) Thomas Vanaskie |
| | : | |
| | : | **OPINION / ORDER RE:** |
| | : | ZHP PARTIES' MOTION TO VACATE |
| | : | SPECIAL MASTER ORDER NO. 28 |
| | : | (Doc. 1386) |
| | : | |
| *This Document Relates To All Actions.* | : | |
| _____ | : | |

KUGLER, United States District Judge:

Before the Court in this Multi-District Litigation ["MDL"] that concerns the sale in the U.S. of generic, prescription Valsartan pharmaceuticals, found by the Food and Drug Administration ["FDA"] to contain cancer-causing contaminants, is Defendant ZHP Parties'[1] motion to vacate (Doc. 1386) Special Master Order No. 28 ["SMO 28"] under Fed. R. Civ. Proc. ["FRCP"] 53(f).

Specifically, ZHP seeks not only to vacate SMO 28 dated 21 Jun 2021, which denied ZHP's Motion for Protective Order Precluding the Deposition of ZHP President Mr. Baohua Chen, but also to preclude the deposition.[2]

**THE COURT HAVING REVIEWED**

ZHP's brief (Doc. 1386-1), plaintiffs' opposition (Doc. 1453 and Exhs. 1-23), and ZHP's reply (Doc. 1472) without a hearing in accordance with Local Rule ["LR"] 78.1 (b), and for the reasons stated below, and for good cause shown:

**AFFIRMS** SMO 28 in its entirety;

**DENIES** ZHP's motion to vacate SMO 28; and

**ORDERS** that the deposition of Mr. Baohua Chen shall take place at a time and location agreed upon by the parties.

After reviewing *de novo* the law and facts argued in the parties' submissions (*see* footnote 2), the Court finds the ZHP defendants have failed to demonstrate any clearly defined or serious injury they will incur by Mr. Chen's deposition. Plaintiffs marshalled information that suggests:

---

[1] Collectively, Zhejiang Huahai Pharmaceutical Co, Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC are termed ZHP herein.
[2] The procedural history of ZHPs motion to vacate is:

-Mr. Chen is and has been closely involved in ZHP operations and in the decision-making to change the API solvent(s);

-These operational changes appear to have precipitated the contamination of ZHP's API; and

-Mr. Chen's was involved in responding to the FDA's recalls.

This information supports plaintiffs' contention that Mr. Chen has specific information to impart concerning his active involvement.

Contrary to defendants' argument, the apex doctrine does not require plaintiffs to identify the precise information Mr. Chen will offer. To so require creates a tautology impossible to satisfy. That is, plaintiffs cannot know what Mr. Chen will say specifically about the API contamination and his role in it until he is deposed.

It was ZHP's burden to demonstrate the need for preclusion. ZHPs' disagreement that plaintiffs have shown Mr. Chen's active involvement insufficiently bears that burden, especially when considering defendants have asserted, but not demonstrated, that Mr. Chen's testimony will be duplicative, let alone injurious to the ZHP defendants. *See especially*, *In Re Lincoln National COI Litigation*, 2019 WL 7581176, Nos. 16-cv-6605 & 17-cv-2592 (GJP) at *3 (E.D. Pa. 05 Dec 2019).[3] *See also, Glenmede Trust Company v. Thompson et al.*, 56 F.3d 476 (3d Cir. 1995).[4]

Accordingly, the Court **AFFIRMS** SMO 28, **DENIES** ZHP's motion to vacate SMO 28 (Doc. 1386), and **ORDERS** Mr. Chen's deposition to take place upon the parties' agreement of when and where.

Dated: 10 August 2021               s/ Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge

| Date | ECF Doc. No. | Event |
|---|---|---|
| 17 May 21 | 1247 | ZHPs Motion to Preclude Mr. Chen's Deposition ["MTP DEP"] |
| 03 Jun 21 | 1295 | ZHPs Supplemental Brief in support of the MTP-DEP |
| 07 Jun 21 | 1298 | Plaintiffs Opposition to MTP-DEP |
| 10 Jun 21 | 1307 | ZHPs Reply Brief in support of the MTP-DEP |
| 22 Jun21 | 1330 | Special Master Order 28 denying the MTP-DEP |
| 13 Jul 21 | 1386 | ZHPs Motion to Vacate SMO 28 ["MTV"] |
| 02 Aug 21 | 1453 | Plaintiffs Opposition to MTV |
| 09 Aug 21 | 1472 | ZHPs Reply in support of the MTV |

[3]    " As was made clear in *Hunt v. Cont'l Cas. Co.*, 2015 WL 1518067 (N.D. Cal. Apr. 3, 2015), the fact that parties may disagree 'regarding the facts that will ultimately be proven and the inference to be drawn from them' is not a basis, under the 'Apex Doctrine' or otherwise, for precluding entirely a requested deposition. *Id. At *3*. Put another way, it is possible that some or more of the arguments advanced by Defendants for why they believe that any information likely to be adduced at a deposition of Glass would not support Plaintiffs' claims may, in the fullness of time, turn out to be correct, but it is impractical if not impossible for those arguments to, in effect, be adjudicated and pre-judged at this time in the guise of a ruling on Defendants' requested Protective Order. "
*In Re Lincoln National COI Litigation*, 2019 WL 7581176, Nos. 16-cv-6605 & 17-cv-2592 (GJP) at *3 (E.D. Pa. 05 Dec 2019).

[4]    " A party seeking a protective order over discovery materials must demonstrate that 'good cause' exists for the protection of that material. Fed.R.Civ.P. 26(c); *Pansy [v. Borough of Stroudsburg]*, 23 F.3d [772] at 786 [(3d Cir.1994)]. 'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury. *Id.* " *Glenmede Trust Company*, 56 F.3d at 483.