# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN
PRODUCTS LIABILITY LITIGATION                              MDL No. 2875

## TRANSFER ORDER

**Before the Panel:** Plaintiff in the action listed on Schedule A (*Payne*) moves under Panel Rule 7.1 to vacate the order conditionally transferring the action to MDL No. 2875. All responding defendants[1] oppose the motion and support transfer.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 2875, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2875 involve common factual questions arising from allegations that generic formulations of valsartan, losartan, and irbesartan contain nitrosamine impurities[2] and that the nitrosamines present a risk of cancer and other injuries. *See In re Valsartan Prods. Liab. Litig.*, 433 F. Supp. 3d 1349, 1352-53 (J.P.M.L. 2019). The *Payne* action undisputedly involves the same factual issues.

In support of the motion to vacate, plaintiff principally argues that his action was improperly removed and that the interest of efficiency is best served by allowing the transferor court to rule on the jurisdictional objections raised in his motion for remand to state court. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[3] Additionally, plaintiff's motion for remand to state court recently was denied by the transferor court, undercutting the basis for his objection to transfer.[4]

---

[1] Camber Pharmaceuticals, Inc., Prinston Pharmaceutical Inc., Solco Healthcare U.S. LLC, Hetero USA, Inc., and Torrent Pharma, Inc.

[2] The nitrosamines at issue include N-Nitrosodimethylamine (NDMA), N-Nitrosodiethylamine (NDEA), and N-Nitroso-N-methyl-4-aminobutyric acid (NMBA).

[3] *See, e.g., In re Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.,* 939 F. Supp. 2d 1376, 1377 (J.P.M.L. 2013) ("We have often held . . . that jurisdictional issues, such as a claimed lack of diversity or absence of a federal question, do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge").

[4] *See Payne v. Camber Pharmaceuticals Inc.,* Doc. No. 14, Order (N.D. Ala. June 1, 2021).

Plaintiff also argues that transfer will be inconvenient and impose an undue hardship. In deciding transfer, the Panel "look[s] to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012). Here, the overall interests of convenience and efficiency will be served by transferring *Payne*, as the action shares significant factual questions with the actions in the MDL, and likely will benefit from the common discovery and the transferee judge's expertise on the issues.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Robert B. Kugler for inclusion in the coordinated or consolidated pretrial proceedings.

            PANEL ON MULTIDISTRICT LITIGATION

            _____
            Karen K. Caldwell
            Chair

| Catherine D. Perry | Nathaniel M. Gorton |
|---|---|
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN
PRODUCTS LIABILITY LITIGATION**  MDL No. 2875

## SCHEDULE A

<u>Northern District of Alabama</u>

PAYNE v. CAMBER PHARMACEUTICALS, INC., ET AL., C.A. No. 7:21−00495