**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

IN RE: VALSARTAN PRODUCTS
LIABILITY LITIGATION

CIVIL ACTION NUMBER:

19-md-02875-RBK-KMW

_____

STATUS CONFERENCE VIA
REMOTE ZOOM VIDEOCONFERENCE

    Mitchell H. Cohen Building & U.S. Courthouse
    4th & Cooper Streets
    Camden, New Jersey  08101
    August 11, 2021
    Commencing at 4:00 p.m.

**B E F O R E:**    THE HONORABLE THOMAS I. VANASKIE (RET.)
              SPECIAL MASTER

**A P P E A R A N C E S:**

    KIRTLAND & PACKARD LLP
    BY:  BEHRAM V. PAREKH, ESQUIRE
    1638 South Pacific Coast Highway
    Redondo Beach, California  90277
    For the Plaintiffs

    HILL WALLACK, LLP
    BY:  ERIC I. ABRAHAM, ESQUIRE
    BY:  NAKUL Y. SHAH, ESQUIRE
    21 Roszel Road
    Princeton, New Jersey 08540
    For the Defendants, Hetero Drugs and Hetero Labs

**ALSO PRESENT:**

    LORETTA SMITH, ESQUIRE
    Judicial Law Clerk to The Honorable Robert B. Kugler
    Larry MacStravic, Courtroom Deputy

        Camille Pedano, Official Court Reporter
                camillepedano@gmail.com
                    609-774-1494
Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

1  (PROCEEDINGS held via remote Zoom videoconference before The
2  Honorable Thomas I. Vanaskie (Ret.), Special Master, at 4:00
3  p.m.)
4          JUDGE VANASKIE:  All right.  I think we'll get
5  started.
6          Now is the time that we've set aside to address the
7  documents withheld by Hetero on the Hetero -- identified on the
8  Hetero privilege log.  As I understand it, there are 20
9  documents that are at issue.  Of those documents, a number have
10 been produced but in redacted format or redacted form.
11         Do I have that correct, Mr. Shah?
12         MR. SHAH:  Yes, that's correct, Your Honor.
13         JUDGE VANASKIE:  All right.  Now, the documents have
14 been submitted to me for *in camera* review.
15         Am I also correct in understanding that the portions of
16 the documents that are highlighted in yellow, that's the
17 information that has been redacted?
18         MR. SHAH:  Yes, that's correct, Your Honor.
19         JUDGE VANASKIE:  All right. And, Mr. Parekh, as I
20 understand the position taken by the plaintiffs in this case,
21 the position is, or part of the position is that because there
22 were at least consultants involved in some of the
23 communications that either the attorney-client privilege does
24 not attach or has otherwise been waived by including non-Hetero
25 staff, non-Hetero employees in the communications.

*1*    MR. PAREKH:  Yes, that's at least one of the bases for
*2* the challenge.
*3*    JUDGE VANASKIE:  All right.  Now, I know another basis
*4* -- I believe another basis for the challenge is that there's
*5* some indication that the documents may disclose facts which
*6* should be produced and, therefore, those parts of the documents
*7* that are just facts should be produced.
*8*    Am I correctly understanding that?
*9*    MR. PAREKH:  Yes, absolutely.
*10*   JUDGE VANASKIE:  All right.  But do you acknowledge as
*11* well that some facts have been produced in those documents that
*12* were produced with redactions?
*13*   MR. PAREKH:  Yes.  I mean, because we don't --
*14* obviously can't see the unredacted portions, that's why we're
*15* asking for review.
*16*   JUDGE VANASKIE:  Yes.  I've reviewed each of the
*17* documents in question.  It seems to me that only privileged
*18* information has been withheld and that factual information has
*19* been provided.  So, you know, I'm having a little -- I know you
*20* haven't seen the documents so I know it's important for you to
*21* state your position, but I have to say that based upon my
*22* *in camera* review of the documents, I'm not inclined to order
*23* the production of any of the documents in question or those
*24* parts that have been redacted.  It does seem to me that Hetero
*25* has been operating in good faith in terms of what it has

*1* produced thus far and those parts of the documents that have
*2* been withheld, and in some cases there are entire documents
*3* that have been withheld, it did seem to me that they fell
*4* within the attorney-client privilege.
*5* Now, there were also some documents that were withheld
*6* on the basis of the work-product doctrine but, Mr. Shah, were
*7* you asserting both privilege and work-product protection for
*8* those documents that only a few I think were withheld on the
*9* basis of the work-product protection?
*10* MR. SHAH: Yes, that's correct, Your Honor. In the
*11* letter that we submitted along with the secure file link to the
*12* documents themselves, we indicated which particular documents
*13* would fall under both categories of the work-product doctrine
*14* as well as the attorney-client privilege. As Your Honor's
*15* likely aware, they're mainly draft versions of documents
*16* authored by outside counsel.
*17* JUDGE VANASKIE: Right. All right. Well, you know,
*18* we're going to make this very quick. Those are about all the
*19* questions I have.
*20* I'll issue a written ruling promptly but it's going to
*21* be a very concise decision.
*22* I will say this: I find that the fact that certain
*23* documents were shared with the consultants of Hetero did not
*24* destroy the privilege. I think that was appropriate and it is
*25* appropriate in some instances to have a communication outside

1  the direct employees of the client itself, the corporate client
2  itself.
3         So having said all of that, I'll issue a written
4  decision in the next couple of days and we'll move forward with
5  the case.
6         Is there anything else anybody wanted to bring to my
7  attention at this time?
8         MR. PAREKH:  No, Your Honor.  Thank you.
9         And the reason we asked you to look at these 20 is, you
10 know, because these were the sort of -- you know, out of the
11 400 initial documents, these were the things where we couldn't
12 reach agreement.  So we appreciate your time.
13        JUDGE VANASKIE:  And I could understand why you
14 couldn't reach agreement.  And I wanted to commend both sides
15 really for working through and reaching agreements so that we
16 were down to 20 documents.  That's not bad.  And it can be --
17 and the most expeditious way of reviewing them, most efficient,
18 is to do *in camera* rather than talking in the abstract.
19        As I said, I've looked at each of the 20 documents and I
20 will be issuing an order that denies the request for access to
21 the documents.  All right?
22        MR. PAREKH:  Thank you, Your Honor.
23        MR. SHAH:  Thank you, Your Honor.
24        JUDGE VANASKIE:  Thank you.  Thank you very much.
25        (The proceedings concluded at 4:08 p.m.)

1  I certify that the foregoing is a correct transcript
2  from the record of proceedings in the above-entitled matter.
3
4  /S/ Camille Pedano, CCR, RMR, CRR, CRC, RPR
   Court Reporter/Transcriber
5
6  August 11, 2021
        Date
7