IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| IN RE: VALSARTAN : | |
| LOSARTAN, and IRBESARTAN : | MDL No. 19-2875 (RBK/KW) |
| PRODUCTS LIABILITY LITIGATION : | |
| : | |
| This Order Relates to all Cases : | ORDER |

### SPECIAL MASTER ORDER NO. 36

### August 13, 2021

Having conducted an *in camera* review of the twenty (20) documents withheld from discovery in whole or in part by Defendants Hetero Drugs Ltd and Hetero Labs Ltd. ("HLL") based upon the attorney-client privilege[1] that have been challenged by Plaintiffs on several bases;[2] and having considered carefully the arguments of counsel in their letters of August 3 and 4, 2021 (Docs. 1457 and 1464); and having heard argument on August 11, 2021 (*see* Doc. 1480); and finding that the communications at issue fall well within the parameters of the attorney-client privilege in that the communications were made for the purpose of the client (HLL) obtaining informed legal advice, *see Westinghouse Elec. Corp. v. Republic of Philippines,* 951 F.2d 1414, 1423–24 (3d Cir. 1991), and were not routine business communications and did not involve "funneling" information through counsel to obtain the attorney client privilege cloak, **IT IS HEREBY ORDERED THAT** Plaintiffs' challenge to the twenty documents identified in HLL's

---

[1] In addition to the attorney-client privilege, three (3) of the documents (numbered 20, 32 and 399 on HLL's privilege log) were also withheld on the basis of the attorney work product doctrine.

[2] Plaintiffs' letter of August 3, 2021 (Doc. 1457) asserted that the log for the documents in question indicated that they concerned communications with outside consultants, routine business communications, "mixed" purpose communications, and communications on which counsel was merely copied, sometimes referred to as "funneling."  *See* Paul R. Rice*, Electronic Evidence Law and Practice* 260 (2d ed. 2008).  Plaintiffs maintain that such communications do not merit attorney-client protection.  Plaintiffs also assert that the communication logged at number 45 on the HLL privilege log did not involve counsel, but inspection of the document shows that HLL only redacted that part of this email thread that included an attorney communication, leaving the balance of the thread intact.

letter of August 4, 2021 (Log Entries 1, 3, 6, 20, 31, 32, 40, 45, 47, 56, 61, 113, 216, 219, 220, 231, 269, 300, 322, and 399)[3] is **DENIED.**

<u>s/ Thomas I. Vanaskie</u><br>
Hon. Thomas I. Vanaskie (Ret.)<br>
Special Master

---

[3] Plaintiffs' letter of August 3, 2021 (Doc. 1457) also asserted that the privilege had been waived as to Log Entries 210, 310, and 389, presumably because HLL had previously failed to invoke the privilege as to them, although the attorney-client privilege was plainly raised on the privilege log presented in connection with this dispute. The documents (to Log Entries 210, 310, and 389) were not submitted for *in camera* review, and Plaintiffs did not otherwise develop any argument pertaining to Log Entries 210, 310, and 389. Accordingly, the question of whether those documents are protect by the attorney-client privilege will not be addressed at this time.

2