# EXHIBIT E

```
 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
 2

 3   ****************************
                                        MDL No. 2875
 4   IN RE:  VALSARTAN, LOSARTAN,
     AND IRBESARTAN PRODUCTS         HON ROBERT B.
 5   LIABILITY LITIGATION            KUGLER
 6   ****************************
 7   THIS DOCUMENT APPLIES TO ALL
     CASES
 8
     ****************************
 9            - CONFIDENTIAL INFORMATION -
              SUBJECT TO PROTECTIVE ORDER
10
11            Remote Videotaped via Zoom
12   Deposition of HAI WANG, commencing at 9:03
13   a.m., on the 10th of March, 2021, before
14   Maureen O'Connor Pollard, Registered
15   Diplomate Reporter, Realtime Systems
16   Administrator, Certified Shorthand Reporter.
17
18                       - - -
19
              GOLKOW LITIGATION SERVICES
20       877.370.3377 ph | 917.591.5672 fax
                 deps@golkow.com
21
22
23
24
```

Confidential Information Subject to Protective Order

1           which is if you have the litigation
2           hold letter, you can provide it and he
3           can talk about it.  You're asking him
4           to remember something he's told you
5           happened a long time ago, and that he
6           doesn't recall the specific date.
7                   MR. SLATER:  Are you testifying
8           now?
9                   MR. GOLDBERG:  I'm just --
10          I'm --
11                  MR. SLATER:  You're obstructing
12          this deposition.
13                  MR. GOLDBERG:  No.
14                  MR. SLATER:  This is not
15          a free-for-all.  Please stop this.
16          I'm asking you kindly to stop
17          obstructing the deposition making
18          improper objections under the Federal
19          Rules.
20     BY MR. SLATER:
21          Q.    Mr. Wang, how many computers
22     did you work on between 2014 and 2019?
23          A.    2014 to 2019, just the one
24     computer.

Confidential Information Subject to Protective Order

1  Q. Tell me the name of the
2  computer. What brand.
3  A. It's a MacBook Pro.
4  Q. Do you still have that computer
5  today?
6  A. I still have that computer
7  today. It's broken screen unfortunately.
8  Q. Do you use that computer?
9  A. Not today. Just replaced this
10 year.
11 Q. Okay. Did you take all the
12 memory and move it onto your new computer?
13 A. I did not.
14 Q. Did anybody ever sweep that
15 computer to take all the data off as part of
16 the production in this litigation?
17         MR. GOLDBERG: Objection to
18    form.
19 A. Yeah, there's a -- the -- I
20 think that the law firm appointed a
21 third-party contract, had collected all the
22 documents from my computer.
23 BY MR. SLATER:
24 Q. Who did that? Who collected

1    the documents from your computer?
2         A.    I do not know the specific
3    technician's name.
4         Q.    How about hard copy documents,
5    do you keep any hard copies like notes or
6    notebooks or pads or anything with notes --
7         A.    I do not.
8         Q.    -- during the routine course of
9    your business?
10              I'm sorry, did -- did you
11   answer that?
12        A.    I did not have the hard copy of
13   the documents, because everything electronic
14   nowadays.
15        Q.    Was everything electronic going
16   back to 2014?
17        A.    Yes, sir, or even longer.
18        Q.    Was -- do you use a phone, an
19   electronic phone?
20        A.    I do.  I have a cell phone.
21        Q.    What type?
22        A.    I'm sorry?
23        Q.    What type of phone; iPhone, a
24   Samsung?  What type?

Confidential Information Subject to Protective Order

1  you send an e-mail from your gmail account in
2  the United States it cannot be received in
3  China?
4      A.    No, I did not say that.  I just
5  say gmail cannot be used in China.  The only
6  time --
7      Q.    Go ahead.
8      A.    Okay.  The only time you need a
9  personal account is -- is likelihood when the
10 business account not be able to receiving
11 e-mails, but I need to send an instruction
12 out.
13     Q.    Was your gmail searched to
14 provide responsive documents and information
15 in this case?
16         MR. GOLDBERG:  Objection to
17     form.  Calls for attorney work product
18     information.
19     A.    I have no clue.  He's -- the
20 technician collect all the data on this
21 computer.
22 BY MR. SLATER:
23     Q.    Is that the only computer,
24 that -- that MacBook Pro that you talked

Confidential Information Subject to Protective Order

1  about, was that the only computer you would
2  have sent or received gmail e-mails about
3  work from?
4          A.    That's correct.
5              MR. SLATER:  Cheryll, please
6       put the deposition notice up, First
7       Amended Notice to Take Videotaped Oral
8       Deposition.
9              (Whereupon, Exhibit Number
10      ZHP-107 was marked for
11      identification.)
12             MR. SLATER:  What exhibit is
13      this, what number?
14             THE STENOGRAPHER:  I believe
15      it's 107.
16 BY MR. SLATER:
17      Q.    Mr. Wang, do you see the
18 deposition notice in front of you which we've
19 marked as Exhibit 107?
20      A.    Yes, I do.
21      Q.    Have you seen that document
22 prior to now?
23      A.    I did.
24      Q.    Did you read the entire