# EXHIBIT M

```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY


_____
                                    CIVIL ACTION NUMBER:
IN RE:  VALSARTAN PRODUCTS
LIABILITY LITIGATION                19-md-02875-RBK-KMW

_____        STATUS CONFERENCE
                                    VIA REMOTE ZOOM
                                    VIDEOCONFERENCE

     Mitchell H. Cohen Building & U.S. Courthouse
     4th & Cooper Streets
     Camden, New Jersey  08101
     May 12, 2021
     Commencing at 4:00 p.m.

B E F O R E:            SPECIAL MASTER THE HONORABLE
                        THOMAS I. VANASKIE

A P P E A R A N C E S:

     MAZIE SLATER KATZ & FREEMAN, LLC
     BY:  ADAM M. SLATER, ESQUIRE
     103 Eisenhower Parkway
     Roseland, New Jersey  07068
     For the Plaintiffs

     KIRTLAND & PACKARD, LLP
     BY:  BEHRAM V. PAREKH, ESQUIRE
     1638 South Pacific Coast Highway
     Redondo Beach, California  90277
     For the Plaintiffs

     GOLDENBERG LAW, LLC
     BY:  MARLENE J. GOLDENBERG, ESQUIRE
     800 Lasalle Avenue, Suite 2150
     Minneapolis, Minnesota  55402
     For the Plaintiffs


           Camille Pedano, Official Court Reporter
                  camillepedano@gmail.com
                       609-774-1494

   Proceedings recorded by mechanical stenography; transcript
           produced by computer-aided transcription.
```

1  soon after this -- from soon after the discovery of valsartan
2  -- of nitrosamines in valsartan and reaching out to their
3  attorneys.  So there's a very small timeframe here where she
4  would have non-privileged documents related to this issue.
5           JUDGE VANASKIE:  You say "presumably," that's where I
6  have a little bit of trouble because we don't know.  We're
7  presuming right now --
8           MS. PRISELAC:  That's true.
9           JUDGE VANASKIE:  -- in terms of what the burden would
10 be.
11          Mr. Slater, anything else on this issue?
12          MR. SLATER:  I apologize, I muted myself.
13          I don't believe so, Your Honor.
14          JUDGE VANASKIE:  All right.  Well, here's what I'm
15 going to direct.  I'm going to direct that Ms. Kong be added as
16 a custodian, for her custodial file to be reviewed.  If there
17 then is a proportionality objection to be asserted based upon
18 what volume of documents we're looking at and some evidentiary
19 basis for the assertion that the overwhelming majority of those
20 documents would be privileged, then I'd be willing to say
21 nothing needs to be produced, that on proportionality grounds,
22 it doesn't need to be produced.  But right now I don't have an
23 adequate evidentiary foundation to make that conclusion, and
24 the only way that we can get there is to at least identify
25 Maggie Kong as a custodian, review her custodial file and let

```
 1   us know what the volumes look like.
 2             MS. PRISELAC:  Your Honor, would it be possible for us
 3   to modify the current collection parameters to limit her
 4   collection to end essentially the day the first complaint was
 5   filed in this case?  That might help us in terms of the
 6   attorney-client privilege.
 7             JUDGE VANASKIE:  Mr. Slater?
 8             MR. SLATER:  I'm not really sure.  They want -- if Ms.
 9   Priselac -- I'm assuming what she's saying, from what I just
10   heard, they don't want to collect documents that predate the
11   filing of the first complaint or that don't postdate the
12   filing --
13             MS. PRISELAC:  Postdate.  Postdate.
14             MR. SLATER:  It's hard to say because there are
15   meetings that have been going on for years after this was
16   disclosed and there's been discourse within the company about
17   this problem for years.  So I think that perhaps once the
18   collection's made, if there's certain proportionality arguments
19   that apply differently to pre or post the first complaint, I --
20   then maybe we can talk about it.  I'm not sure what the date of
21   that first complaint is, so that might help also for us to
22   understand.
23             Are we talking sometime in 2019?
24             MS. PRISELAC:  Yes.
25             MR. SLATER:  Maybe if counsel, once they make their
```