

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA 15219
412.263.2000    FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.: 412.263.1816
DIRECT FAX NO: 412.263.4246
FILE NO.: MYLAN-112578
EMAIL:  cct@pietragallo.com

August 24, 2021

**Via ECF**

| | |
|---|---|
| The Hon. Robert J. Kugler<br>United States District Judge<br>USDC, District of New Jersey<br>Mitchell H. Cohen Building & U.S. Courthouse<br>4th & Cooper Streets, Room 1050<br>Camden, NJ 08101 | Special Master the Hon. Thomas Vanaskie<br>Stevens & Lee<br>1500 Market Street, East Tower, 18th Floor<br>Philadelphia, PA 19103 |

The Hon. Karen M. Williams
United States Magistrate Judge
USDC, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

    Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
       USDC, District of New Jersey, No. 1:19-md-2875-RBK-KMW

Dear Judge Kugler and Judge Vanaskie:

I write on behalf of the Defendants' Executive Committee to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on Wednesday, August 25, 2021.

## 1. Request for Briefing Schedule on Unresolved Challenges to Teva's Confidentiality Designations

As noted in the Teva Defendants' August 17, 2021 letter to Your Honor, there is a dispute as to certain of Teva's confidentiality designations which cannot be resolved by agreement. *See* B. Rubenstein Ltr. to Judge Vanaskie, 08/17/2021, attached as **Ex. A**. Plaintiffs' counsel initially challenged the Teva Defendants' confidentiality designations for 126 documents. The parties met

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 2

and conferred twice by phone and through numerous emails. Plaintiffs' counsel agreed to withdraw certain challenges, and the Teva Defendants agreed to downgrade certain documents. These efforts allowed the parties to narrow the pool of documents at issue to 26. Pursuant to paragraph 20 of the Confidentiality and Protective Order (D.N. 139), the Teva Defendants now request the Court's guidance on a briefing and hearing schedule and preferred method for providing the 26 disputed documents to the Court for in camera review.

### 2. Plaintiffs' Motion for Sanctions Against ZHP

Plaintiffs' motion for sanctions regarding the ZHP Parties' depositions is fully briefed. The ZHP Parties will be prepared to argue this motion should the Court deem such argument necessary.

### 3. Plaintiffs' Motion to Compel ZHP's Supplemental Production

Plaintiffs filed a motion to compel additional documents from the ZHP Parties, and the ZHP Parties filed their opposition thereto on August 13, 2021. Dkt. 1405 and 1485, respectively. The deadline for Plaintiffs to file a reply brief has passed. Due to the confidential nature of certain of the documents at issue, the ZHP Parties respectfully request that, to the extent the Court believes oral argument is necessary, a confidential Zoom conference be separately scheduled as the Court indicated it was inclined to do at the June 25, 2021 conference. 6/25/21 Tr. at 32:12-13.

### 4. Modifications to Class Briefing and Discovery Schedules

Defendants have diligently engaged in significant discovery efforts to date. They have completed the depositions of all 18 current individual economic loss and 10 medical monitoring

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 3

putative class representatives, have taken 5 third-party payor Rule 30(b)(6) depositions, have taken 23 personal injury bellwether plaintiff depositions, and have scheduled 3 more (the 2 that remain unscheduled are cases in which an estate representative is anticipated to be the deponent but has not yet been named).

CMO 23 currently sets October 4, 2021 as the deadline for the second phase of fact discovery, including (1) depositions of treaters/prescribers; (2) any new putative economic loss class representative allowed by the Court; and (3) discovery of wholesalers and retailer/pharmacy defendants. Dkt. 863. The deadline for Plaintiffs to file their motion(s) for class certification is currently scheduled for November 1, 2021. *Id.* Because the pleadings are still in flux and given how the second phase of discovery has proceeded so far, Defendants believe that adjustments to the current schedule are necessary. Given that the next monthly CMC will likely be conducted just one week before the October 4, 2021, deadline, Defendants believe it prudent to raise this issue now in order to obtain the Court's guidance as to a possible extension of the deadlines, by which Plaintiffs have said they will abide.

As to the depositions of treaters and prescribers, while the parties have made significant progress in completing the depositions of the plaintiffs themselves, they have encountered great difficulty in scheduling the depositions of their treaters and prescribers, who have generally been uncooperative and/or unresponsive. Defendants have begun issuing subpoenas for the treaters' depositions where the treaters were not responsive. Defendants suggested to Plaintiffs that an extension of a couple of months would be appropriate. Plaintiffs represented that they would confer among themselves and inform Defendants of their position. As of the time of this filing, they have not yet provided their position to Defendants.

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 4

As to phase two discovery in anticipation of class certification briefing, the status of the putative class representatives is clearly in flux. CMO 23 set the deadline for completion of the "depositions of any new putative economic loss class representative allowed by the Court" in February of 2021, when Plaintiffs' December 2020 motion for leave to amend to add putative class representatives to the economic loss master complaint was pending, and Plaintiffs had not yet sought to add putative medical monitoring class representatives (and therefore the current CMO 23 makes no provision for the depositions of any new putative medical monitoring class representatives). *See* Dkt. 669. The Court did not rule on that motion.

Further, since the entry of CMO 23, the Court completed its rulings on the Defendants' motions to dismiss, which dismissed the wholesaler defendants entirely from the economic loss and medical monitoring actions, and drastically reduced the claims against the retailer/pharmacy defendants. Thereafter, Plaintiffs sought leave to amend all of the master complaints by, among other things, adding 27 putative economic loss class representatives, and 7 putative medical monitoring class representatives. *See* Dkt. 1148-3, 1148-5; Dkt. 1382-4, Dkt. 1382-6. At this time, such amendment has not been approved by the Court. Nor have Plaintiffs provided a substantially complete Plaintiff Fact Sheet with the requisite records for any of the proposed new putative class representatives, so the multi-month process for completing their discovery (including Defendant Fact Sheets for defendants at each stage of the supply chain) has not begun.

During the parties' meet and confer on the issue, Defendants suggested that the discovery and deposition schedule as to any additional putative class representatives, and therefore the class certification briefing schedule, should be extended to accommodate any additional putative class

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 5

representatives allowed by the Court. Plaintiffs took the position that the current October 4th deadline for the depositions of any new putative economic loss class representative allowed by the Court and the class certification briefing deadlines did not need to be adjusted, but would heed any guidance provided by the Court.

As to downstream defendant discovery, the parties are in the process of working to schedule the 30(b)(6) depositions for all of the wholesalers and retailer/pharmacy defendants, but the claims against those defendants remain in flux. Prior to producing corporate representations for depositions, the downstream defendants should know which, if any allegations, apply to them. Further, given the broad range of 30(b)(6) topics, many of the downstream defendants must prepare and make available multiple different witnesses. If the class certification briefing schedule is modified as discussed above, there is no reason that the depositions of the downstream defendants must be completed by October 4th, and instead could be completed after the pleadings are set and the parties know which claims, if any, remain against the downstream defendants. Plaintiffs have refused to agree to extend the schedule, but have agreed to work with the downstream defendants to extend the deadline beyond October 4th as necessary.

**5. Timing of Additional Fact Witness Depositions**

CMO 23 also sets October 4, 2021 as the Deadline to complete the second phase of fact discovery, including "Depositions of third parties identified by defendants and plaintiffs (including treaters/prescribers)" for the Bellwether cases. Dkt. 863. The Parties have agreed that certain third-party witnesses, including but not limited to spouses, family, friends, employers, and additional providers for which there is good cause shown, may need to be deposed prior to

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 6

the trial of these Bellwether cases. Recognizing that such case-specific depositions are not immediately needed and can be more efficiently handled once those Bellwether cases are set for trial, the Parties have jointly agreed, and request that the Court confirm, that such depositions may be allowed to proceed closer in time to trial, rather than in the immediate phase two of fact discovery, which currently expires on October 4th.

6. **Plaintiff Fact Sheet Show-Cause Submission**

**Cases Addressed at the July 28, 2021 Case Management Conference:**

Defendants note that the Court issued two show cause orders returnable at the August 25, 2021 Case Management Conference:

- *Henton, Cassandra v. Aurobindo Pharma, Ltd., et al.* - 21-cv-02238
- *Righteous, Worikeena v. Mylan Pharmaceuticals, Inc., et al.* - 20-cv-00414

The issues in the *Henton* matter are resolved and that show cause order may be withdrawn.

The issues in the *Righteous* matter are not completely resolved, but the parties are actively working towards a resolution. The pending order to show cause may be withdrawn at this time, but Defendants reserve the right to request a new order to show cause if the remaining issues cannot be resolved.

**Second Listing Cases – Order to Show Cause Requested:**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these 10 cases were previously listed on the agenda for a prior CMC. This list was provided to Plaintiff leadership on August 18, 2021, and a global meet and confer was held on August 20, 2021. Defendants have also been available for

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 7

further discussion as needed. Accordingly, Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why the case should not be dismissed.

Defense counsel will be prepared to address the individual issues with respect to each of these cases, to the extent necessary, during the August 25, 2021 Case Management Conference:

|    | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|----|-----------|------------------|----------|--------------|-----------------|
| 1. | Russell, Sandra v. Camber Pharmaceuticals, et al.1 | 21-cv-10021 | Curtis Law Group | I.C.8 – Camber is still identified as an API Manufacturer in the Second Amended PFS. However, Camber is not a manufacturer. This is inconsistent with the SFC. Please clarify.<br><br>I.D.2 – No medical records were produced for Plaintiff's treatment with the identified physicians who prescribed Valsartan to Plaintiff, specifically: Balogh Atila and J. Race. Please produce complete medical records for Plaintiff's treatment in relation to the alleged injury(ies).<br><br>II.F.1.d – Please clarify whether the identified workers' compensation claim was also submitted to a government agency or not. Plaintiff has answered "no" | 6/15/2021 |

Case 1:19-md-02875-RMB-SAK   Document 1497   Filed 08/24/21   Page 8 of 16 PageID: 34003

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 8

| | | | | | |
|---|---|---|---|---|---|
| | | | | to the requests as to whether she has ever filed a workers' compensation claim in the Third Amended PFS, however Plaintiff previously identified a workers' compensation claim in the prior PFS.<br><br>III.C.2.a-III.C.2.e – Plaintiff failed to respond to the requests to identify each non-cancer physical injury claimed in this lawsuit, including: the non-cancer physical injury, illness or disability; when this/these injury(ies) or illness first occurred; the approximate date(s) of the hospital admission; the approximate date(s) of discharge from the hospital; and the hospital name(s) and addresses in the Third Amended PFS.<br><br>XI.A.1 – No health care authorization was produced for: Methodist Dallas Medical Center; The Liver Institute; and Texas Oncoloy. Please produce properly executed and undated health care authorizations for the foregoing treatment facilities<br><br>XI.A.4 – Plaintiff produced one workers' compensation authorization for an unspecified entity with the Second Amended PFS. Please a properly executed workers' compensation | |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 9

| | | | | | |
|---|---|---|---|---|---|
| | | | | authorization for each respective entity. Also, it is still unclear whether Plaintiff submitted the workplace injury claim that was identified in the prior Plaintiff Fact Sheets to a government agency or not. If Plaintiff did file a workers' compensation claim with a government agency, please produce properly executed workers' compensation authorizations for the respective government agency(ies). | |
| 2. | Pina, Flora, Individually and Surving Spouse and next of kin of Enrique Pina, Deceased v. Hetero Drugs, Ltd., etal. | 21-cv-08045 | Fears Nachawati | I.C.1 – The produced pharmacy records do not contain any NDC codes. Please produce complete pharmacy records that contain NDC codes.<br><br>XI.B.2 – The produced pharmacy records do not contain NDC codes. Please produce complete pharmacy records that contain NDC codes. | 6/21/2021 |
| 3. | Thomas Lloyd v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-12010 | Rheingold Giuffra Ruffo Plotkin LLP | Failed to respond to deficiency notice | 7/1/2021 |
| 4. | Billy Hupp v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al | 21-cv-04900 | Levin Papantonio | III.G.c - Failed to state medical expenses. | 6/23/2021 |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 10

| | Case | Docket No. | Firm | Deficiency | Date |
|---|---|---|---|---|---|
| 5. | Hector Rivera v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-10037 | Morgan & Morgan | XI.A.1, 6 - Failed to provide properly signed, undated, and completed authorization. | 7/1/2021 |
| 6. | Burlia Abdullahi v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-02885 | Morgan & Morgan | XI.A.1, 4-6 - Failed to provide properly signed, undated, and completed authorization. | 7/1/2021 |
| 7. | Velma Hurst v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-04901 | Levin Papantonio | III.G.c - Failed to state medical expenses. | 7/7/2021 |
| 8. | Debra Wright v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-01675 | Levin Papantonio | III.G.c - Failed to state medical expenses. | 7/14/2021 |
| 9. | Benita Smiley | 20-cv-20604 | Serious Injury Law Group, Gerald Brooks, Esq. | No SFC or PFS filed | PFS Due - 02/13/2021 |
| 10. | Jimmie Thorn | 20-cv-20603 | Serious Injury Law Group, Gerald Brooks, Esq. | No SFC or PFS filed | PFS Due - 02/13/2021 |

**First Listing Cases – Remaining Core Deficiencies:**

The following Plaintiff Fact Sheets contains core deficiencies which remain unresolved. This list was provided to Plaintiff leadership on August 18, 2021 and a global meet and confer was held on August 20, 2021. Defendants have also been available for further discussion as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 11

|   | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Ernest Sumpter | 21-cv-06949 | Douglas & London | Failed to respond to deficiency notice | 7/16/2021 |
| 2. | Tamara Ledkins | 21-cv-10940 | Moll Law Group | Plaintiff failed to provide medical expenses, photograph of the container, properly completed authorizations for David Bray, health insurance carriers, and pharmacies. | 8/4/2021 |
| 3. | Donald Bailey | 21-cv-11142 | Parafinczuk Wolf, P.A. | Plaintiff failed to provide pharmacy records, photograph of the container, and properly completed authorizations for Dr. Bernhard Birnbaum and health insurance carriers. | 8/3/2021 |
| 4. | Harold Sanders | 21-cv-11891 | Parafinczuk Wolf, P.A. | Plaintiff failed to provide properly completed authorizations for Dr. Yevgeniy Apostoloy, William Burnham, and health insurance carriers. | 8/3/2021 |
| 5. | Rex Phillips |  | Levin Papantonio | VIII. A.1<br>-Failed to provide complete information.<br>-Please provide last name. Plaintiff responded "Plaintiff is not claiming fraud"; however, this is the section on family medical history. Plaintiff failed to provide the last name of the aunt mentioned in this section. | 8/6/2021 |

Case 1:19-md-02875-RMB-SAK Document 1497 Filed 08/24/21 Page 12 of 16 PageID: 34007

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 12

| | | | | | |
|---|---|---|---|---|---|
| | | | | VIII. A.6<br>-Failed to provide complete information.<br>-Please provide the type of treatment.<br>Plaintiff responded "Plaintiff is not claiming fraud"; however, this is the section on family medical history. Plaintiff failed to provide the type of treatment received by the aunt mentioned in this section.<br><br>XI.A.3<br>-Failed to provide properly signed, dated, and completed authorization.<br>-Authorization is not completed.<br>Plaintiff provided a signed authorization, but the top portion of the authorization is not completed (name and address of employer, employee name, DOB, SSN, address, etc.)<br><br>XI.A.5<br>-Failed to provide properly signed, dated, and completed authorization.<br>Plaintiff provided a signed authorization for release of disability claims records, but the top portion of the authorization is not completed. | |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 13

|   |   |   |   |   |   |
|---|---|---|---|---|---|
|   |   |   |   | XI.B.1 -Failed to respond. XI.B.7 -Failed to provide records requested. - The version of pharmacy records that have already been uploaded is legible and is the only copy we have available, as that was how the records came to us. This is not a request for pharmacy records. Plaintiff failed to attach records relating to WC or disability claims. |   |
| 6. | Valentin Landau v. Aurobindo Pharma, LTD., et al. | 21-CV-11228 | Dell and Dean PLLC | Incomplete PFS, failed to provide medical records, authorizations, or pharmacy records. Please see deficiency notice. | 7/31/2021 |
| 7. | Linda Kountz, v. Hetero Drugs, Ltd., et al. | 21-cv-10701 | Williams Hart Boundas Easterby, LLP | XII – No executed declaration produced with the First Amended PFS. | 7/23/2021 |
| 8. | Gloria Knight v. Hetero Drugs, Ltd., et al. | 21-cv-06383 | Williams Hart Boundas Easterby, LLP | III.G.c – Plaintiff still did not provide the specific monetary amount of the identified claimed medical expenses from Piedmont Cancer Institute. XI.B.18 – No corresponding billing records were produced for the identified claimed medical expenses from Piedmont Cancer Institute. | 6/11/2021 |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 14

| | | | | | |
|---|---|---|---|---|---|
| 9. | James Rigdon v. Hetero Labs, Ltd., et al. | 21-cv-11127 | Parafinczuk Wolf PA | I.C.3 – The Valsartan products identified in the First Amended PFS do not match the Valsartan usage dates in the produced pharmacy records. Specifically, the last identified usage date in the First Amended PFS is May 23, 2021, however the produced pharmacy records only show Valsartan usage through February 12, 2021. Please amend and produce updated records that correspond to the identified Valsartan dates accordingly.<br><br>I.C.17 – Plaintiff failed to respond to the request to describe Plaintiff's good faith efforts to identify the manufacturer of the Valsartan products used in his treatments, as Plaintiff stated "N/A" as the API Manufacturer for the fourth identified product (with usage dates of 2/18/2020-5/13/2021) and for the fifth identified product (with usage dates of 7/30/2018-1/23/2019).<br><br>VI.A.3 – Failed to provide the end date Plaintiff stopped using the following medications: Strattera; Levitra; and Ambien.<br><br>VI.B.1-VI.B.6 – Failed to respond. | 7/30/2021 |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 15

|  |  |  |  |  | XI.A.1 – No health care authorizations were produced. Please produce properly executed and undated health care authorizations for each identified health care provider, treatment facility, and pharmacy.<br><br>XI.A.6 – No insurance records authorizations were produced. Please produce properly executed and undated insurance records authorizations for each identified insurance carrier.<br><br>XI.A.7 – Plaintiff asserted a claimed emotional injury; however no mental health records authorizations were produced. Please produce properly executed and undated mental health records authorizations for each health care provider where Plaintiff has received mental health treatment in relation to the claimed emotional injury.<br><br>XI.B.18 – No corresponding billing records were produced for the identified claimed medical expenses. |  |
|---|---|---|---|---|---|---|
| 10. | Helen Rice v. ZHP, et al. | 21-cv-10906 |  | Moll Law Group | Failed to respond to deficiency notice | 7/30/2021 |

**First Listing Cases – Failure to File Plaintiff Fact Sheet:**

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
The Honorable Karen Williams
August 24, 2021
Page 16

The following Plaintiffs have failed to file a timely Plaintiff Fact Sheet. A list of these cases was provided to Plaintiff leadership on August 18, 2021, and a global meet and confer was held on August 20, 2021. Defendants have also been available for further discussion as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

|    | Plaintiff | Civil Action No. | Law Firm | Deficiencies | PFS Due Date |
|----|-----------|------------------|----------|--------------|--------------|
| 1. | Joseph Franch | 21-cv-11622 | Levin Papantonio | No PFS Filed | PFS Due – 7/20/2021 |
| 2. | Joseph Lovell | 21-cv-11618 | Levin Papantonio | No PFS Filed | PFS Due – 7/20/2021 |

Respectfully submitted,

*Clem C. Trischler*

Clem C. Trischler

c:  All counsel of record (via ECF)