# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°

°Member of N.J. & N.Y. Bars

August 24, 2021

***VIA ECF***

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US
Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, New Jersey 08101

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

Re:    ***In re Valsartan, Losartan, and Irbesartan Liability Litigation***,
**Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler and Judge Vanaskie:

Please accept this letter on behalf of Plaintiffs in advance of the August 25, 2021 Discovery Hearing and Case Management Conference.

## 1. Modifications to Class Briefing and Discovery Schedules

The Court should reject Defendants' eleventh-hour request to modify the amended scheduling order (ECF 863) and further prolong this case.

As the Court will recall, it entered the operative amended scheduling order (ECF 863) on February 11, 2021, after extensive input from all parties.  That order, among other things, set two pertinent deadlines:  (i) October 4, 2021 for the completion of "phase two" fact discovery, which

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 24, 2021
Page 2

included further discovery of Wholesaler and Retail Pharmacy Defendants; and (ii) November 3, 2021 for Plaintiffs to file motion(s) for class certification and to serve class expert reports.

On August 18, 2021, Defendants for the first time reached out to Plaintiffs to suggest that the deadline for the completion of phase two fact discovery of Wholesaler and Retail Pharmacy Defendants, and the deadline for Plaintiffs' class certification submissions, should be extended. Defendants' purported bases for their requested extension are that (i) not all Wholesaler and Retail Pharmacy Defendants can offer dates for corporate designees' depositions prior to the October 4 deadline, and (ii) proposed additional named plaintiffs have yet to be deposed. Neither of these presents good cause to modify the October 4 and November 3 deadlines.

*First*, Wholesaler and Retail Pharmacy Defendants' professed inability to present their designees for deposition by October 4 is implausible, and even if this deadline poses challenges, they are of Defendants' own making. By way of background, Plaintiffs served their draft Rule 30(b)(6) deposition notices (and second sets of document requests) on Wholesaler and Retail Pharmacy Defendants on December 8, 2020 – more than eight months ago. Notably, at that time, there was an April 1, 2021 deadline for the completion of all fact discovery. Plaintiffs repeatedly told these Defendants that the draft notices and document requests had to be finalized by June 1, because that was the end date for "phase one" fact discovery and the presumptive start of "phase two" fact discovery, per the amended scheduling order. (*See* ECF 863, at 1-2). Nevertheless, at these Defendants' behest, the Special Master first directed the Parties to negotiate the second set of document requests, which were finally entered by the Special Master on June 8, 2021 (ECF 1306). Only then did all Downstream Defendants fully engage with Plaintiffs about the draft deposition notices. The notices were finally agreed-upon by the Parties and entered by the Special

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 24, 2021
Page 3

Master on August 5, 2021 (ECF 1465). Later that same day, Plaintiffs asked Downstream Defendants to proffer deposition dates by August 13, so that all of the depositions could be completed by the October 4 deadline. Defendants, however, took the (erroneous) position that CMO 20 (ECF 632), which provides that a party must reveal the *identities* of their corporate designees 14 days prior to a corporate deposition, meant that they did not even need to provide dates until August 23. Based upon the dates provided by some Retail Pharmacy Defendants as of today, and the meet and confers on the remaining dates, Defendants have represented that the earliest any depositions of Retail Pharmacy Defendants can begin is the latter half of September, six weeks after the formal notices were issued. As of this letter, only five of the nine Retail Pharmacy Defendants, and no Wholesaler Defendant, have proffered any deposition dates in (the second half of) September.

Downstream Defendants have not established good cause to modify the phase two fact discovery deadline and pushback the class certification deadlines because they cannot proffer their own corporate designees. This deadline does not come as a surprise. They have known about the October 4 deadline for months. They have had plenty of opportunity to identify and prepare their corporate designees, as Defendants have had Plaintiffs' draft deposition topics since December 2020. Through the ensuing eight months the topics have only narrowed, not expanded. Plaintiffs repeatedly reminded Defendants and the Special Master that these depositions had to be completed by the operative deadline. *See, e.g.*, Pls.' Jan. 12, 2021 Ltr. to Magistrate Judge Schneider (ECF 731) ("Notwithstanding this, it is Plaintiffs' expectation that the parties should continue to meet and confer so that Plaintiffs' additional discovery requests and deposition notices can be finalized, and any disputes relating thereto resolved by the Court, prior to the [then-operative] April 1, 2021

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 24, 2021
Page 4

deadline to complete the first phase of fact discovery. Plaintiffs wish to avoid a scenario by which all negotiations with Retail Pharmacy and Wholesaler Defendants come to halt until April 1 [the then-current deadline to begin 'phase II' discovery); Pls.' Apr. 23, 2021 Ltr. to Special Master (ECF 1180) at 3 ("the point of 'phase II' discovery starting on June 1, 2021 was to buy the parties some breathing room to focus first on discovery of Manufacturer Defendants (which Plaintiffs have been doing intensely for the last few months), and to prepare ahead of time the discovery to occur in 'phase II.'"); 3/10/2021 Tr. 52:11-14 ("So we think that we've already lost all of the time between December and now, which we had gained from the parties' frantic efforts to have Judge Kugler grant an extension, and that we need to get going with [discovery of Downstream Defendants]"); 6/03/2021 Tr. at 72:20-25 ("we're now in the second phase of discovery and all discovery against the retailer and wholesaler defendants must be completed by October 4th. And so we would suggest that now is the time to wrap up any additional discovery, including this, so that we can have it completed in time.").

*Second*, Defendants' excuse to delay class certification briefing because proposed additional named plaintiffs have yet to be deposed is both non-material and a complication of their own making. In late 2020, when there was an April 1, 2021 fact discovery deadline, Plaintiffs told Defendants they intended to add additional named plaintiffs, and that Plaintiff Fact Sheets (PFSs) and available deposition dates for the new proposed named plaintiffs would be provided simultaneously therewith. *See, e.g.*, 12/10/2021 Pls.' email to Defs. (Ex. A hereto) (Plaintiffs' informing Defendants that they can provide PFSs and deposition dates for proposed new named plaintiffs "next week" with anticipated motion for leave to amend, and identifying all proposed new named plaintiffs); 12/21/2020 Pls.' email to Defs. (Ex. B hereto) (Plaintiffs' providing

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 24, 2021
Page 5

deposition availability for *all* existing and proposed new named plaintiffs through March 26, ahead

of the then-operative April 1, 2021 fact discovery deadline).   Defendants rebuffed that idea

because, among other reasons, they claimed they needed to know which claims and which named

plaintiffs and states were "in" the case or not.

On April 12, 2021, Plaintiffs filed their motion for leave to amend, which definitively

identified all proposed new named plaintiffs.  Notably, Plaintiffs' proposed amendments did not

alter the claims in this case.  And while Plaintiffs proposed additional ~27 named plaintiffs to the

Economic Loss Master Complaint (and less than a third of that to the Medical Monitoring Master

Complaint), the vast majority of them were from the same states as existing named plaintiffs,

meaning that the states from which named plaintiffs collectively hailed did not markedly change.

While that motion remains pending, Defendants have sat by silently for months, having

never asked to depose any of the new proposed named plaintiffs (or to seek any documents or PFSs

from these plaintiffs), even though they were well aware of the October 4 phase two fact discovery

deadlines (which included depositions of new named plaintiffs) and the November 3 class

certification deadline.  Now, with that latter deadline less than three months away, Defendants

claim the entire class certification schedule needs to be pushed back until (i) the Court rules on

Plaintiffs' motion for leave to amend, (ii) new named plaintiffs serve fact sheets, and, presumably,

(iii) Defendants' vendor begins collecting these plaintiffs' records.

Defendants cannot claim surprise or prejudice about the October 4 and November 3

deadlines they have known about since February 11, 2021, and identities of proposed new named

plaintiffs they have known about at least since April 12, 2021, when Plaintiffs filed their motion

(and even as far back as December 2020, when Plaintiffs offered to make any proposed new named

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 24, 2021
Page 6

plaintiffs available for deposition before the then-operative April 1, 2021 deadline). Nothing prevented them from obtaining information and deposing proposed new named plaintiffs even while Plaintiffs' motion for leave to amend remained pending.

Regardless, there is no reason to disrupt the existing deadlines for these depositions. Plaintiffs were and remain willing to submit PFSs for the new named plaintiffs and make them available for deposition immediately. Defendants' class certification responses are not even due under the operative schedule until March 15, 2022, which leaves ample time for them to evaluate new named plaintiffs' PFSs, request additional records, and take their depositions. If for some reason Defendants cannot complete all depositions in the *next seven months*, Plaintiffs will not oppose Defendants' request to supplement their opposition briefs with additional facts or arguments arising out of a deposition taken after the March 15, 2022 deadline.

**2. Request for Briefing Schedule on Unresolved Challenges to Teva's Confidentiality Designations**

Plaintiffs originally challenged Teva's confidentiality designations of approximately 129 documents. As referenced in Teva's August 16, 2021 letter to Your Honor, through the meet and confer process, Plaintiffs worked with Teva to narrow down the number of documents in dispute to approximately 26. Presumably, the same process Your Honor employed before with respect to Plaintiffs' challenges to ZHP's confidentiality designations – i.e., the designating party (in this case, Teva) submits *in camera* a short submission justifying its designations along with copies of the ~26 documents, after which Plaintiff shall submit a response – should be followed here as well.

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 24, 2021
Page 7

**3. Timing of Additional Fact Witness Depositions Related to Plaintiffs**

On August 13, 2021, Defendants requested to take the deposition of the sister of bellwether plaintiff Yolonda Bonmon. This was the first request by Defendants to depose a non-physician fact witness in a bellwether case. Since the Parties have not discussed in detail the mechanics of non-physician fact witness depositions, and mindful of the October 4, 2021 deadline contained in CMO 23, the Parties jointly propose that the right to take such depositions be preserved until the issuance of a trial scheduling order or such time as the Court deems proper so that the parties can focus on completion of physician and expert depositions.

Defendants have also requested an extension to take treater depositions, separate and apart from their requests as to the class discovery and briefing. Plaintiffs and Defendants are still discussing this issue, and it is premature for the issue to be addressed by the Court.

**4. Plaintiffs' Motion for Sanctions Against ZHP for its Deposition Misconduct (Oral Argument Could Potentially Include Confidential Information)**

The Parties have fully briefed this motion. Plaintiffs will be prepared to discuss the motion at the hearing if requested by the Court. Plaintiffs would appreciate confirmation that the motion will be argued at the hearing if that is the Court's intent.

**5. Plaintiffs' Motion to Compel ZHP's Supplemental Production (Oral Argument Could Potentially Include Confidential Information)**

Plaintiffs filed their motion to compel on July 23, 2021. (ECF 1405). That motion showed that ZHP's Supplemental Production had seven deficiencies:

(1) Based on ZHP's own employment dates and a cross-reference with other custodial files, ZHP's custodial files are missing years' worth of documents; for example, Baohua Chen's custodial file has a mere 326 documents, none from predate 2018;

(2) ZHP has not produced the custodial file of Xiaofang (Maggie) Kong;

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 24, 2021
Page 8

(3) ZHP's production related the July 17, 2017 is patently incomplete and does not shed any light on the basis for its statements concerning the contamination of ZHP's valsartan;

(4) The Supplemental Production does not show that ZHP produced all of Min Li's, Hong (Eric) Gu's, and its other custodians' documents from "broken" devices as well as "personal" ones used for ZHP-related business;

(5) ZHP has not produced the emails, meeting minutes, and calendar invites related to the meetings Min Li attended with Baohua Chen following the disclosure of NDMA in ZHP's sartans and the QC department meetings organized or attended by Qiangming Li after the disclosure of the contamination;

(6) ZHP's nitrosamine testing production violated ECF 1233; and

(7) ZHP has not produced documents related to Min Li's meeting with "multi-national companies" where the decision was made by ZHP to limit its investigation of unknown peaks smaller than 20.

Instead of explaining these deficiencies or pointing Plaintiffs and the Court to the responsive documents, ZHP chose to fill its opposition with aspersions and baseless claims that Plaintiffs have not looked at its production hard enough. Nevertheless, ZHP did represent that "[a]s part of their ongoing quality control efforts, the ZHP Parties have identified a limited number of additional documents related to the irbesartan improvement project that it will produce to Plaintiffs on or before August 18, 2021." (ECF 1485, p. 23). Unfortunately, this production contained a mere 58 documents, many of which simply stated, "Document Cannot Be Rendered." More importantly, the production failed to cure any of the above deficiencies.

Another issue has arisen related to ZHP's Supplemental Production. On August 16, 2021, after the thirty-day deadline for the production of privilege and state secret logs had passed, Plaintiffs asked ZHP to confirm that it would not be producing any such logs related to its Supplemental Productions. The next day, ZHP confirmed that no such logs would be produced.

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 24, 2021
Page 9

This is especially concerning for Baohua Chen's custodial file, which ZHP repeatedly claimed was filled with copious amounts of Chinese state secrets.  (12/18/2019 Tr. 7:20-8:22, 14:20-15:2; 5/03/2021 Tr. 13:21-14:16, 29:23-25).  Moreover, ZHP confirmed with the Court that Xiaofang (Maggie) Kong "was the principal conduit between ZHP's lawyers and Mr. Chen," and ZHP now wants the Court to issue a protective order from the production of her custodial file due to how many privileged documents its analysis has shown it may contain.  (5/12/2021 29:21-24).  How can the conduit between ZHP's lawyers and its CEO have so many privileged documents, but the CEO has none?  In fact, both of their custodial files were so sensitive that ZHP had to delay their collection to obtain "air-gapped" laptops to transport them.  (6/16/2021 Tr. 14:20-15:1).  Once again, ZHP's positions contradict one another and raise serious questions about its Supplemental Production.  In order to ensure a complete picture of what Baohua Chen and his office knew about ZHP's contaminated valsartan and when they knew it, this Court should order ZHP to review its production of his custodial file for completeness and order the immediate production of Xiaofang (Maggie) Kong's custodial file as well.

Ultimately, ZHP claims that Plaintiffs' motion is "devoid of merit, as the law is clear that spoliation cannot be inferred where a custodian's purportedly 'lost' document is produced from another custodian."  (ECF 1405, p. 4).  Put differently, if Plaintiffs know about it, then they have nothing to complain about.  ZHP cites *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 328 F.R.D. 543, 552 (N.D. Cal. 2018), in support of this defense to Plaintiffs' motion to compel.  Aside from the fact that Plaintiffs have not made any request for spoliation sanctions at this time, that case simply sought sanctions for emails that were in one custodial file but not in another, and the defendant explained that those emails were deleted before any obligation to preserve the emails

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 24, 2021
Page 10

took hold.  *Id.*  Here, among other deficiencies, Plaintiffs have demonstrated that years' worth of documents are missing from numerous custodians' files, only some of which are in other custodial files, and ZHP has not explained these deficiencies, on top of the failure to provide litigation hold notices to many key employees.  In order to evaluate the Supplemental Production further, Plaintiffs have asked the Court to order ZHP to reevaluate its production and supplement it in accordance with its prior orders.  Plaintiffs have also requested ZHP's litigation holds and document retention policies so that they can evaluate what further relief to request.  As the Court knows, custodians as important as Jinsheng Lin had not received a litigation hold as recently as December 2019.  The record thus shows that it is ZHP and its attorneys that failed to adequately apprise themselves of the facts of this case and the extent of its discovery obligations.  Given these startling deficiencies and ZHP's surprising representation that it did not collect a single document containing a privilege or state secret related to its Supplemental Production, the Court should order the relief requested in Plaintiffs' original motion to compel.

**6. Plaintiff Fact Sheets/Show Cause Listings**

Plaintiffs will be prepared to discuss this issue at the case management conference.

Respectfully,

ADAM M. SLATER