IN THE UNITED STATES DISTRICT
COURTFOR THE DISTRICT OF NEW
JERSEY CAMDEN DIVISION

| | |
|---|---|
| IN RE: VALSARTAN LOSARTAN, and IRBESARTAN PRODUCTS LIABILITY LITIGATION : : : : : | MDL No. 19-2875 (RBK/KW) |
| This Order Relates to all Cases : | |

## SPECIAL MASTER ORDER NO. 41

THIS MATTER having been brought before the Court by way of a "Motion to Redact and Seal a Portion of Plaintiffs' Brief in Opposition to the ZHP Parties' Motion for a Protective Order Precluding the Deposition of Baohua Chen and Accompanying Exhibit," (the "Motion to Seal," ECF No. 1468[1]), filed by Defendants Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), Prinston Pharmaceutical Inc. ("Prinston"), Huahai U.S. Inc. ("Huahai U.S."), and Solco Healthcare US, LLC ("Solco,") (collectively "ZHP" or the "ZHP Parties") pursuant to Local Civil Rule 5.3(c), and each of the documents that the ZHP Parties seek to redact and seal having been carefully considered in the context of the parties' submissions, the factors contained in Local Civil Rule 5.3(c)(2), and the applicable case law; and the standards set forth therein having not been met, the following Findings are made[2]:

---

[1] Throughout this Order, the designation "ECF No. ___" shall refer to the document number of a particular filing in the Court's ECF system.

[2] This is ZHP's second motion to seal. Its first motion (ECF No. 859) was granted in part and denied in part by Order filed on May 24, 2021 (ECF No. 1269). The background findings in this Order are drawn from the May 24, 2021 Order.

1. The parties negotiated the terms of an agreed-upon order to maintain the confidentiality of any materials so designated by a party. On June 26, 2019, the Honorable Robert B. Kugler entered the agreed-upon self-executing "Confidentiality and Protective Order" (the "Protective Order") (ECF No. 139).

2. The Protective Order permits the producing party to safeguard information by designating a document either "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION." If a document does not contain one of these designations, then the information contained therein may be considered publicly accessible.

3. The Protective Order defines the type of information that warrants a confidentiality designation:

> The term "CONFIDENTIAL INFORMATION" as used in this Protective Order means all information produced by any party in the course of discovery or other proceedings in this case (electronic or otherwise) which is proprietary, trade secret and/or highly sensitive commercial information, and which is believed in good faith by the Producing Party to have the potential, if disclosed, for causing competitive harm to it or giving a competitive advantage to others, and/or which is not publicly available and which a party believes in good faith to be subject to federal, state, or foreign data protection laws or other similar privacy obligations imposed by law.
> ***
> "RESTRICTED CONFIDENTIAL INFORMATION" means Documents that a Party has designated as "RESTRICTED CONFIDENTIAL" in accordance with this Protective Order and includes Documents a Party reasonably believes contain, describe, identify, or refer to highly confidential commercial, business, financial, or competitive information including proprietary manufacturing and production information (including formulation); business and prospective marketing plans; trade secrets; customer lists; pricing, market share, product cost and

> projected sales data; data relating to mergers and acquisitions; other information of a highly sensitive nature about the Party, which is not publicly available, the disclosure of which could cause the Producing Party competitive harm . . .

(ECF No. 139, ¶¶ 9(B), (M).)

4. Recognizing that in a case of this nature, complexity, and business sensitivity, liberal designation of documents as confidential is anticipated, the Protective Order states that "nothing herein shall be construed to prevent a Producing Party from designating documents as 'CONFIDENTIAL INFORMATION' in order to expedite the flow of discovery and to facilitate discovery. . . ." (*Id*. ¶ 9(B)).

5. Pursuant to the Protective Order, the ZHP Parties move to redact and seal a portion of Plaintiffs' Brief in opposition to the ZHP Parties' motion for a protective order precluding the deposition of Boahua Chen[3] ("Plaintiffs' Brief," ECF No. 1298) and Exhibit KK thereto (excerpts from the deposition of Dr. Xiaodi Guo taken on May 20, 2021).[4]

6. Because the ZHP Parties had designated the excerpt of Dr. Guo's deposition testimony as "confidential," Plaintiffs filed Ex. KK under seal while at the same time asserting a challenge to that designation. *See* ECF No. 1298-14.

---

[3] In Special Master Order No. 28, filed on June 22, 2021 (ECF No. 1330), ZHP's motion to preclude Mr. Chen's deposition was denied. ZHP's motion to vacate Special Master Order No. 28 was denied on August 10, 2021. (ECF No. 1475.)

[4] The excerpt of the brief in question references Dr. Guo's deposition testimony designated as "confidential" by the ZHP Parties.

3

In this regard, the Protective Order provides that a receiving party may serve a written objection to a confidentiality designation, in which event the producing party is to provide a written justification for the designation within twenty-one days. *Id.* ¶ 20(a).

7. The Protective Order also establishes the procedures to be followed when material designated as "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION" is submitted as part of a court filing. Specifically, the Protective Order provides that "[w]here the filing party has not had an opportunity to confer with the Producing Party, in advance of a filing, the filing party shall not attach materials containing 'PROTECTED INFORMATION' to its filing but shall instead designate by Bates number the materials containing 'PROTECTED INFORMATION' that would have been attached or completely redact all 'PROTECTED INFORMATION' from such materials." *Id.* The Protective Order then requires the filing and producing parties to confer "to determine whether they can agree upon non-confidential redacted or excerpted pages of materials containing 'PROTECTED INFORMATION' to attach to the filing in place of the Bates number designations or redacted materials." *Id.* If the parties are unable to agree, "the designating party must file a motion to seal the materials containing 'PROTECTED INFORMATION' pursuant to the requirements for doing so as set forth in Local Rule 5.3(c)." *Id.*

4

8. The ZHP Parties, as the designating party, have moved to seal Ex. KK and the first full paragraph of page 22 of Plaintiffs' Brief opposing the ZHP Parties' motion to preclude the deposition of Mr. Chen. (ECF No. 1298.)

9. The ZHP Parties' motion is supported by an index, as required by Local Rule 5.3(c), identifying the material to be sealed, the basis for sealing, the injury that may result if sealing is denied, why a less restrictive alternative to sealing is not appropriate, and the bases for Plaintiffs' opposition to sealing. (Ex. A to Bonner Declaration, ECF No. 1468-5.) Also submitted in support of the Motion to Seal is the Declaration of Jun Du, the CEO of Prinston Pharmaceuticals and Vice Chairman of ZHP, which itself was filed as a sealed document.[5]

10. The Third Circuit has identified the following as a non-exhaustive and non-mandatory list of factors to consider when deciding a motion to seal:

   a. Whether disclosure would violate any privacy interests;

---

[5] Plaintiffs ask that ZHP be compelled to file this Declaration on the public docket. Local Rule 5.3(c)(1) provides:

> Any motion *and supporting papers* to seal or otherwise restrict public access *shall be available for review by the public*. In a motion that relies on materials designated as confidential material, only the specific relevant portions cited in the motion, as may be necessary to preserve the context, are to be part of the filing. Uncited confidential materials should not be included as part of the filing. [Emphasis added.]

It appears that the Du Declaration should be part of the public docket. Out of an abundance of caution, however, ZHP shall have seven (7) days to show cause why the Du Declaration should not be unsealed.

    b. whether the information is being sought for a legitimate purpose or for an improper purpose;

    c. whether disclosure would cause a party embarrassment;

    d. whether confidentiality is being sought over information important to public health and safety;

    e. whether the sharing of information among litigants will promote fairness and efficiency;

    f. whether a party benefitting from the order of confidentiality is a public entity or official; and

    g. whether the case involves issues important to the public.

*In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019) (quoting *Glenmede Tr. Co. v. Thompson*, 56 F.3 476, 483 (3d Cir. 1995).

11. The foregoing factors are applied in the context of materials that are not part of the "court record." However, a "more rigorous common law right of access" applies when, as here, the discovery materials are filed with the court. *Avandia*, 924 F.3d at 670. "In addition to recognizing fewer reasons to justify the sealing of court records, the public right of access -- unlike a Rule 26 inquiry -- begins with a presumption in favor of public access." *Id*. (citing *Goldstein v. Forbes* (*In re Cendant Corp.*), 260 F.3d 183, 192-93 (3d Cir. 2001).

6

12. The common law right of access applies to a "judicial record." A "judicial record" is a document that "has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Avandia*, 924 F.3d at 672. "Once a document becomes a judicial record, a presumption of access attaches." *Id*.

13. "The party seeking to overcome the presumption of access bears the burden of showing 'that the interest in secrecy outweighs the presumption.' The movant must show 'that the material is the kind of in-formation that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id*.

14. ZHP seeks to seal Ex. KK and the related excerpt at page 22 of Plaintiffs' brief on the ground that the results of ZHP's internal audits would be revealed, chilling its employees and auditors from being forthright in drawing conclusions and providing recommendations. ZHP also asserts that disclosure of the contested material could harm it since many of its co-defendants in this litigation are its competitors.

15. Assuming that information revealed in an internal audit may be sealed to protect an entity's self-evaluation processes, disclosure of Ex. KK and the related excerpt on page 22 of Plaintiffs' Brief would not threaten the important interests in full and candid disclosure. No internal audit report is part of Ex. KK and the questioning did not reveal any matter of substance.

Dr. Guo's testimony at Ex. KK consists primarily of an unremarkable lack of recollection of attachments to an email sent in early 2010, more than 11 years before the deposition was taken. Dr. Guo was not provided with the referenced attachments to the emails, and the content of those attachments is not summarized in the questioning. The contested excerpt in Plaintiffs' Brief is even more nondescript, accurately observing that Dr. Guo had been unable to recall the contents of the attachments referenced in an email. Neither Ex. KK nor the three-sentence paragraph in Plaintiffs' Brief could conceivably cause the kind of harm that could warrant sealing a court record.

**NOW, THEREFORE, this 30th Day of August, 2021,** in accordance with the foregoing Findings, **IT IS HEREBY ORDERED THAT** ZHP's Motion to Seal (ECF No. 1468) is **DENIED. IT IS FURTHER ORDERED** that ZHP shall show cause within seven (7) days from the date of this Order why the declaration of Jun Du should not be unsealed.

s/ Thomas I. Vanaskie
Hon. Thomas I. Vanaskie (Ret.)
Special Master
