IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | Hon. Robert. B. Kugler |
| This Document Relates To:<br>*All Actions* | Civ. No. 19-2875 (RBK) |

**PLAINTIFFS' NOTICE OF VIDEOTAPED DEPOSITION TO ALBERTSON'S LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)**

TO:  Jonathan D. Janow
 Buchanan Ingersoll Rooney PC
 1700 K Street, N.W., Suite 300
 Washington, DC 20006

 *Counsel for Defendant Albertson's LLC*

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs will take the deposition upon oral examination of one or more designated corporate representatives with regard to the topics set forth on Exhibit A attached hereto. The deposition(s) will commence on September 22, 2021, at 9:00 a.m. local, at a location to be determined, and to continue from day to day as needed.

The deposition(s) will be taken upon oral examination before an officer authorized to administer oaths and will continue from day to day, until completed. Testimony given during the deposition will be recorded by sound video recording and stenographic means.

DATED this 31st day of August, 2021

                                      **PLAINTIFFS' CO-LEAD COUNSEL**

By:   /s/ *Adam M. Slater*
       Adam M. Slater
       103 Eisenhower Parkway, Suite 207
       Roseland, New Jersey 07068
       Telephone: 973-228-9898

***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I, David J. Stanoch, hereby certify that on August 31, 2021, I caused true and correct copies of the foregoing to be transmitted via ECF to all counsel having registered an appearance on ECF.

*/s/ David J. Stanoch*
David J. Stanoch

EXHIBIT A

"**Active Pharmaceutical Ingredient**" ("**API**") is defined as any substance that is intended for incorporation into a finished drug product and is intended to furnish pharmacological activity or other direct effect in the diagnosis, cure, mitigation, treatment, or prevention of disease, or to affect the structure or any function of the body. Active pharmaceutical ingredient does not include intermediates used in the synthesis of the substance. 21 C.F.R. § 207.1; see also 21 C.F.R. § 314.3.

"**Manufacturer Defendants**" is defined as any entity identified as a Defendant in Plaintiffs' Master Complaints that manufactures the active pharmaceutical ingredient (API) for, or the finished dose formulation of, valsartan.

"**Communication(s)**" means the transmittal of information, in the form of facts, ideas, inquiries, documents or otherwise, and includes all transmissions of information received or transmitted by you, including correspondence, regardless of whether you are an author or addressee of such transmittal.

**Relevant Time Period:** Unless otherwise specified, the relevant time period applicable to all requests is January 1, 2012 through the December 31, 2019.

"**Retail Pharmacy Defendants**" refers to any and all entities listed by name as "Retail Pharmacy Defendants" in Plaintiffs' March 13, 2020 Consolidated Second Amended Economic Loss Class Action Complaint (Dkt. 398), including any agents or predecessor entities.

"**Valsartan**" or "**VCDs**" means any drug with valsartan as an active ingredient. For purposes of these Requests, "Valsartan" or "VCDs" is limited to only those drugs with a National Drug Code (NDC) associated with any of the Manufacturer Defendants identified in Plaintiffs' Master Complaints.

"**Recalled Valsartan**" or "**Recalled VCDs**" means any drug with valsartan as an active ingredient, as well as all finished drug formulations of valsartan, including any valsartan containing drug, that was subject to a voluntary or mandatory recall, to the extent identifiable from Documents kept by the Wholesaler Defendant(s) in the ordinary course of business.

"**You,**" "**your**" or "**defendant**" shall be used interchangeably and refers to the parties to which these requests are directed.

"**Drug Supply Chain Security Act**" refers to Pub. L. 113-54 and regulations promulgated thereunder.

"**Wholesaler Defendants**" refers to Amerisource Bergen Corporation, Cardinal Health, Inc., or McKesson Corporation, as identified in Plaintiffs' March 13, 2020 Consolidated Second Amended

Economic Loss Class Action Complaint (Dkt. No. 398), including any agents, employees, or predecessor entities.

**"FIFO"** means a first-in, first-out inventory method.

**"LIFO"** means a last-in, first-out inventory method.

**"JIT"** means just-in-time inventory method.

### TOPICS

1. The testing of the VCDs for nitrosamines or the results of any such testing, whether performed by you or provided to you, if any.

2. Your understanding of the reason(s) for the recall of the VCDs.

3. Your communication with any Manufacturer Defendant or Wholesaler Defendant relating to the recall of the VCDs.

4. Instructions you received from the Manufacturer and/or Wholesaler Defendants regarding the recall of the VCDs, and the contents of communications directed to pharmacy customers regarding those recalls.

5. Representations and warranties, if any, you received from any Manufacturer or Wholesaler Defendants from whom you purchased the VCDs at issue in this litigation. To the extent Plaintiffs intend to rely on any representation or warranty contained in any document produced by any defendant or party other than you during the deposition, Plaintiffs will provide a copy of that document to Counsel no fewer than seven (7) business days prior to the deposition, and the Parties will endeavor to meet and confer as soon as practicable after receipt of the documents to discuss.

6. Information – including representations and warranties (if any) – relating to the VCDs provided by you to pharmacy customers at the point of sale.

7. Your retention, sequestration, return or destruction of the VCDs after their recall.

8. Your sourcing of the VCDs.

9. The information you maintain, if any, regarding NDC, lot, batch, quantity, and expiration date for the VCDs sold by you to consumers in the United States.

10. The sales data produced by you in this litigation, including the quantity/units of VCDs sold in the United States.

11. The purchase data produced by you in this litigation.

12. Your policies and practices for seeking and issuing refunds or credits for any VCDs returned to or returned by you following their recall, including whether you generally sought any such refunds or credits, whether you generally issued any such refunds or credits, and whether and how any such refunds or credits would be recorded by you.

13. Your final inventory management policies, procedures, and practices (e.g., FIFO, LIFO, JIT, turnover ratio, replenishment/re-order triggers), if any, pertinent to the VCDs.

14. Those provisions in your purchase and/or supply agreements with the Manufacturing Defendants and Wholesaler Defendants concerning representations and warranties, auditing and inspection rights, recall and return rights or requirements, and stock life and purchasing triggers, if any. To the extent Plaintiffs intend to rely on any agreement produced by any defendant or party other than You during the deposition, Plaintiffs will meet and confer with Your counsel and will provide a copy of that document no fewer than seven (7) business days prior to the deposition.

15. The organizational charts or other documents/information produced by you in this litigation in response to Request No. 4 of Plaintiffs' Second Set of Requests for Production of Documents to Retail Pharmacy Defendants [Dkt. 1306].

16. Those indemnity provisions produced by you in response to Request No. 21 of Plaintiffs' Second Amended Set of Requests for Production of Documents to Retailer and Dispensing Defendants [Dkt. 508].

17. Indemnification requests made by you, or indemnification requests of you, in connection with the VCDs.