# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION, | MDL NO. 2875 |
| THIS DOCUMENT RELATES TO: | HON. ROBERT B. KUGLER DISTRICT JUDGE |

*Bonmon v. Aurobindo Pharma Ltd., et al.,*
*(Case No. 1:20-cv-09207-RBK-JS)*

## NOTICE OF VIDEOTAPED DEPOSITION OF LOWELL B. ANTHONY, M.D.

PLEASE TAKE NOTICE that, in accordance with Rule 30 of the Federal Rules of Civil Procedure and the Fact Witness Deposition Protocol in this case (Case Management Order #20, filed November 17, 2020 - Document 632), Defendants Teva Pharmaceuticals USA, Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc. (collectively, "Teva") will take the deposition upon oral examination of Dr. Lowell B. Anthony, on **September 20, 2021, at 9:00 a.m. EDT,** and continuing until completion, **via remote deposition**. The deposition will be videotaped and recorded stenographically, and will continue from day to day until completed before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. Remote access using audio-visual conference technology will be available to permit counsel for the parties to participate from various, separate locations.

The deponent is further requested to bring to the deposition those items requested in Exhibit A attached hereto.

Additionally, in accordance with paragraph B(1) of C.M.O 20 (Dkt. 632), notice is hereby given that the undersigned will be the lead questioning attorney during the deposition.

//

1

Date: September 1, 2021              Respectfully submitted,

/s/ Tiffany M. Andras
Tiffany M. Andras
GREENBERG TRAURIG, LLP
77 W. Wacker Dr., Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400
E-mail: andrast@gtlaw.com

*Attorney for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September 2021, I caused a true and correct copy of the foregoing Notice of Videotaped Deposition of Dr. Lowell Anthony to be filed with the Court's ECF system and served upon counsel of record. I further certify that a copy of the foregoing was served on the following Plaintiff's counsel by e-mail, with a copy served on all parties via MDL Centrality, on September 1, 2021. Per agreement by the parties, Plaintiff's counsel has agreed to serve a copy of the foregoing on Dr. Lowell Anthony via e-mail.

This 1st day of September 2021.

*/s/ Tiffany M. Andras*
*Attorney for Teva Pharmaceuticals USA, Inc.,*
*Teva Pharmaceutical Industries Ltd., Actavis*
*LLC, and Actavis Pharma, Inc.*

## Exhibit A

## DEFINITIONS

1. "You," "your," and any variants thereof means Lowell B. Anthony, M.D., his representatives, administrative or personal assistants, agents, legal representatives, and all other persons acting on his behalf or under his supervision.

2. "Plaintiff" shall refer to Plaintiff Yolanda Bonmon.

3. "Defendants" shall refer to named defendants in this case, including Defendants Teva Pharmaceutical Industries, Ltd.; Actavais, LLC; Actavis Pharma, Inc.; Teva Pharmaceuticals USA, Inc.; and any of their directors, agents, servants, employees, and representatives.

4. "Lawsuit" shall refer to the litigation captioned *Bonmon v. Aurobindo Pharma Ltd., et al.*, (Case No. 1:20-cv-09207-RBK-JS), currently pending in the United States District Court for the District of New Jersey.

5. "Document" shall refer to all writings and recordings, including, but not limited to, any kind of written, printed, typed, electronic, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent, received, or neither, including originals, all copies, and all drafts, and both sides thereof, and including papers, photographs, films, recordings, memoranda, books, pamphlets, corporate manuals, records, accounts, analyses, communications, and all retrievable information in computer storage. Each copy of any such document which bears or omits distinct writings shall be deemed a separate document subject to production hereunder.

6. "Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise by any means including, but not limited to, in person conversations,

4

phone conversations, messages, letters, emails or any other forms of writing or verbal communications.

    7.    "Person" shall include any natural person or any business, legal or governmental entity or association.

    8.    "Relating to" and "related to" shall mean mentioning, describing, discussing, memorializing, concerning, consisting of, containing, evidencing, pertaining to, reflecting, depicting or referring in any way, directly or indirectly, to the subject matter of the request.

    9.    "Concerning" shall mean containing, evidencing, regarding, referring to, relating to, pertaining to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

    10.    The singular form of a word shall refer to the plural, and words used in the masculine gender shall also include the feminine or neutral, and vice-versa whenever necessary to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

## REQUESTS

You shall bring to the deposition the following documents that are in your possession, control or custody:

    1.    Your current and up-to-date resume or *Curriculum Vitae*.

    2.    All medical records of Plaintiff, including but not limited to, all images (x-rays, films, photographs, videotapes, etc.), tissue slides and samples, other pathology specimens, prescription records, written statements, patient questionnaire and intake forms, employment records, wage records, insurance records, Medicaid, Medicare and disability records, and medical bills.

3. All documents in your possession, custody, or control relating to the claims or defenses raised in the lawsuit, including, without limitation, any and all correspondence or documents or materials you received from or provided to Plaintiff or Plaintiff's attorneys in the lawsuit.

4. All documents relating to Plaintiff's medical treatment, including but not limited to medical records, films, test results, notes, call logs, prescription charts, patient notes, CDs, DVDs, and calendar entries.

5. All billing records, including all statements, itemized bills and insurance records relating to the Plaintiff or this lawsuit.

6. All medical information, records and reports, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office records, handwritten notes by doctors and medical personnel and records received from other physicians or healthcare providers relating to the Plaintiff or this lawsuit.

7. All laboratory, histology, cytology, pathology, radiology, CT Scan, MRI or other studies or tests relating to the Plaintiff or this lawsuit.

8. All pharmacy/prescription records, including NDC numbers and drug information handouts/monographs, relating to the Plaintiff or this lawsuit.

9. All documents you reviewed, referred to, or relied upon in arriving at any of Your medical opinions concerning your treatment and care of Plaintiff or this lawsuit.

10. All documents created by you or for you related to and/or summarizing the medical history of Plaintiff.

11. All documents reviewed by you in preparation for this deposition.

12. All photographs or videos of Plaintiff maintained by you and taken at any time.

13. All correspondence and documents reflecting communications between you and Plaintiff.

14. All documents received by you from any other physician, health care professional, or healthcare facility from any source, including any of the named Defendants, regarding the lawsuit, the recall of valsartan, valsartan, or any valsartan containing drugs.

15. Any and all documents received from or provided to Farr, Farr, Emerich, Hackett, Carr & Holmes, P.A., or any other law firm purporting to represent Plaintiff in this lawsuit, including but not limited to any emails, written communications, correspondence, calendar entries, journal articles, medical studies, appointments, or notes regarding Plaintiff or the lawsuit.

16. Any invoices, statements, or bills, sent to or records of payment made by any attorneys representing Plaintiff, including but not limited to Farr, Farr, Emerich, Hackett, Carr & Holmes, P.A., or any other law firm purporting to represent Plaintiff in this lawsuit.

17. All documents referencing or referring to the valsartan or valsartan containing drugs at issue, including, but not limited to, brochures, clinical studies, journal articles, reference books, DVDs and any other information you have on the valsartan or valsartan containing drugs.

18. All professional educational materials you have received from any of the Defendants and/or any other sources concerning the valsartan or valsartan containing drugs at issue.

19. All documents, medical literature, or other correspondence you have received from Plaintiff or his counsel.

20. All documents, medical literature, journal articles, medical studies, or other correspondence you have reviewed relating to NDMA, NDEA, or any other N-nitrosamine.