**GT GreenbergTraurig**

Lori G. Cohen
Tel 678.553.2385
Fax 678.553.2386
cohenl@gtlaw.com

September 7, 2021

**VIA ECF**

Special Master the Honorable Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

      Re:    **In re Valsartan, Losartan, and Irbesartan Products Liability Litigation**
                **Case No. 1:19-md-02875-RBK-JS**

Dear Special Master Vanaskie:

      This letter is to provide Defendants' positions with respect to the topics on the agenda for the Teleconference with the Court on September 8, 2021. The parties have conferred and do not expect the need to discuss any confidential materials as part of these agenda items.

      **1.  Counsel's Right to be Present In-Person When Defending Expert Witness Depositions**

      As the Court is well aware, the parties in this litigation have negotiated extensively over how to handle in-person depositions of witnesses in light of the Covid-19 pandemic. During the July 13, 2021 Teleconference with Your Honor, the parties addressed whether the status quo negotiated pursuant to CMO 20 for fact witness depositions needed to be revised. (07/13/2021 Hrg. Trans. at 5-15). The current dispute pertains not to whether a deposing party has the right to take a witness's deposition in person, but whether counsel has the right to be present in person to defend an expert witness's deposition. Defense counsel has confirmed that their witnesses are comfortable and ready to appear in-person. Defense counsel have notified Plaintiffs that we intend to defend these depositions in-person, and Plaintiffs have, thus far, declined the invitation to appear



Special Master the Honorable Thomas Vanaskie
Page 2

and take these depositions in-person. Defendants believe that in addition to the fundamental fairness of permitting counsel to be present with a witness who is willing to sit for an in-person deposition, the crux of this dispute has already been raised and decided both by agreement of the parties and by Your Honor.

CMO 20 states: "All depositions in the above-captioned MDL may be noticed to take place remotely unless or until the Court terminates these COVID-19 protocols or the Parties agree to terminate these protocols." (Doc. No. 632 at 19). It is this provision that the parties discussed in the context of the bellwether depositions. However, CMO 20 further stipulated that **"[n]othing in this Order prevents counsel for a witness from being present in-person to represent that witness. Unless otherwise agreed, the inability to do so shall not be a basis to postpone or cancel a deposition**." (*Id.* (emphasis added)). While CMO 20 applies to fact witness depositions, the parties have been guided by these agreed principles in scheduling and attending not only fact witness depositions, but also depositions of Defendants' 30(b)(6) witnesses and those of Plaintiffs' experts.

In setting forth the time and attendance parameters for expert witnesses in this litigation, Your Honor heard argument from the parties and stated: "[T]he guidance I would provide to you on this is that the side of the litigation taking the deposition may have up to but no more than three persons who have been vaccinated, fully vaccinated, present in the room appropriately spaced apart. . . . **The other side, the side defending the deposition, can have up to two vaccinated persons present for it.**" (08/05/2021 Hrg. Trans. at 6:9-17 (emphasis added)).

To date, Defendants have been present in person to defend numerous fact and corporate witness depositions, even when those depositions were being taken by Plaintiffs' counsel



Special Master the Honorable Thomas Vanaskie
Page 3

remotely.[1] Plaintiffs counsel were present in person to defend the depositions of Plaintiffs' experts David Madigan, PhD and Stephen Lagana, M.D., both of which were conducted with a limited number of in-person counsel present in the room from both sides, and numerous other attendees participating via Zoom. Defendants believe the clear intent of CMO 20 and the Court's guidance on expert witness depositions permits a party to be present in-person during the deposition of their witness, regardless of how the deposing party chooses to participate in the deposition.

Plaintiffs have taken the position that "protocols [were] implemented for the depositions of Plaintiffs' experts . . . including for example that the witness will be alone and not in communication with anyone else during the questioning via zoom." (A. Slater email to S. Harkins on 8.31.2021, attached as Exh. A). Defendants are unaware of any such protocols or communications purporting to document these protocols. Moreover, it would be directly contrary to CMO 20, the Court's guidance noted above, and the parties' collective behavior in scheduling and defending fact, 30(b)(6), and expert witness depositions in this case to allow Plaintiffs' decision to take a deposition remotely to deprive Defendants' expert witnesses of the right to have their counsel present, in-person, during questioning. Accordingly, Defendants ask the Court to affirm that counsel representing Defendants' expert witnesses may be present in-person, regardless of whether the deposition is taken remotely, subject to the reasonable limitations on in-person attendance previously described by Your Honor.

---

[1] A non-comprehensive list of such depositions includes those of Teva witnesses Daniel Barreto and Tony Binsol, which were conducted remotely with defense counsel defending in-person. Similarly, the deposition of ZHP witness Jun Du was taken remotely, with defense counsel defending in-person and an associate from Plaintiffs' counsel's firm present in-person to monitor.



Special Master the Honorable Thomas Vanaskie
Page 4

### 2. Update on Newly Named Plaintiff Fact Sheets

Plaintiffs are in the process of filing Plaintiff Fact Sheets ("PFS") for the newly named class representatives. Currently, some but not all of these Plaintiffs have fact sheets available for Defendants to review on MDL Centrality. Defendants intend to reach out to Plaintiffs to request confirmation of when all of the fact sheets will be filed, and to determine when Defendants can expect to receive documents responsive to the approved Requests For Production directed to economic loss and medical monitoring class representatives.

Given the timeline established by Special Master Order No. 40 (Doc. No. 1514), Defendants have also assigned the work up for each of the newly named class representatives to one of the six Manufacturer Defendants, and will offer to share these assignments with Plaintiffs and identify a primary point of contact at each defense firm. Defendants' will offer to expedite our review of these PFSs within the current timeframe for initial review, and have asked Plaintiffs to commit to providing substantially complete fact sheets and supporting documentation within an expedited deadline to respond to Defendants' deficiency notice. Defendants will further commit to reviewing these updated fact sheet submissions within three business days, so that any potential issues with complying with Special Master Order No. 40 can be raised with the Court as early as possible. Defendants note that the parties have not been able to meaningfully meet and confer on the foregoing proposal, but hope that a framework such as this can be agreed upon to expedite receipt and review of substantially complete PFSs for these newly named Plaintiffs.

**GT GreenbergTraurig**

Special Master the Honorable Thomas Vanaskie
Page 5

                                                  Respectfully submitted,

                                                  */s/ Lori G. Cohen*

                                                Lori G. Cohen

cc:     Adam Slater, Esq. (*via email*, *for distribution to Plaintiffs' Counsel*)
         Jessica Priselac, Esq. (*via email*, *for distribution to Defendants' Counsel*)
         Seth A. Goldberg, Esq. (*via email*)
         Clem C. Trischler, Esq. (*via email*)
         Sarah Johnston, Esq. (*via email*)
         Jeffrey Geoppinger, Esq. (*via email*)