# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*All Actions* | Hon. Robert. B. Kugler<br><br>Civ. No. 19-2875 (RBK/JS) |

## PLAINTIFFS' NOTICE OF VIDEOTAPED DEPOSITION TO AMERISOURCEBERGEN CORPORATION PURSUANT TO FED. R. CIV. P. 30(b)(6)

TO: Jeffrey Geoppinger
Ulmer & Berne LLP
600 Vine St. #2800
Cincinnati, OH 45202

*Counsel for Defendant AmerisourceBergen Corp.*

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs will take the deposition upon oral examination of one or more designated corporate representatives with regard to the topics set forth on Exhibit A attached hereto. The deposition(s) will commence on September 23 and September 30, 2021, at 9:00 a.m. local time each day, at a location to be determined, and continue from day to day as needed.

The deposition(s) will be taken upon oral examination before an officer authorized to administer oaths and will continue from day to day, until completed. Testimony given during the deposition will be recorded by sound video recording and stenographic means.

DATED this 8th day of September, 2021

                **MAZIE SLATER KATZ & FREEMAN, LLC**

      By:   /s/ *Adam M. Slater*
            Adam M. Slater
            103 Eisenhower Parkway, Suite 207
            Roseland, New Jersey 07068
            Telephone: 973-228-9898

            ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I, David J. Stanoch, hereby certify that on September 8, 2021, I caused true and correct copies of the foregoing to be transmitted via ECF to all counsel having registered an appearance on ECF.

                                                                             */s/ David J. Stanoch*
                                                                             David J. Stanoch

EXHIBIT A

"**Active Pharmaceutical Ingredient**" ("**API**") is defined as any substance that is intended for incorporation into a finished drug product and is intended to furnish pharmacological activity or other direct effect in the diagnosis, cure, mitigation, treatment, or prevention of disease, or to affect the structure or any function of the body. Active pharmaceutical ingredient does not include intermediates used in the synthesis of the substance. 21 C.F.R. § 207.1; see also 21 C.F.R. § 314.3.

"**Manufacturer Defendants**" is defined as any entity identified as a Defendant in Plaintiffs' Master Complaints that manufactures the active pharmaceutical ingredient (API) for, or the finished dose formulation of, valsartan.

"**Communication(s)**" means the transmittal of information, in the form of facts, ideas, inquiries, documents or otherwise, and includes all transmissions of information received or transmitted by you, including correspondence, regardless of whether you are an author or addressee of such transmittal.

**Relevant Time Period:** Unless otherwise specified, the relevant time period applicable to all requests is January 1, 2012 through the December 31, 2019.

"**Retail Pharmacy Defendants**" refers to any and all entities listed by name as "Retail Pharmacy Defendants" in Plaintiffs' June 17, 2019 Master Personal Injury Complaint (Dkt. No. 121), including any agents, employees, or predecessor entities.

"**Valsartan**" or "**VCDs**" means any drug with valsartan as an active ingredient. For purposes of these Requests, "Valsartan" or "VCDs" is limited to only those drugs with a National Drug Code (NDC) associated with any of the Manufacturer Defendants identified in Plaintiffs' Master Complaints.

"**Recalled Valsartan**" or "**Recalled VCDs**" means any drug with valsartan as an active ingredient, as well as all finished drug formulations of valsartan, including any valsartan containing drug, that was subject to a voluntary or mandatory recall, to the extent identifiable from Documents kept by the Wholesaler Defendant(s) in the ordinary course of business.

"**You**," "**your**" or "**defendant**" shall be used interchangeably and refers to the parties to which these requests are directed.

"**Drug Supply Chain Security Act**" refers to Pub. L. 113-54 and regulations promulgated thereunder.

"**Wholesaler Defendants**" refers to Amerisource Bergen Corporation, Cardinal Health, Inc., or McKesson Corporation, as identified in Plaintiffs' March 13, 2020 Consolidated Second Amended

Economic Loss Class Action Complaint (Dkt. No. 398), including any agents, employees, or predecessor entities.

"**Supply/Distribution Agreement**" means the agreements between You and any of the Manufacturer Defendants or Retailer Defendants for your purchase or distribution of VCDs, produced by you in this litigation.

**It is understood that You are not required to investigate custodial files in order to appropriately prepare for this deposition.**

**TOPICS**

1. The VCD testing and testing results of VCDs provided to you, if any, or the VCD testing and testing results of VCDs prepared by or for you, if any.

2. Your understanding of the reason(s) for the recall of VCDs.

3. Your formal communications with any Manufacturer Defendant, Retail Pharmacy Defendant, or regulatory authority (including but not limited to the FDA) relating to contamination of VCDs with nitrosamines including NDMA.

4. Your formal communications with any Retail Pharmacy Defendant, consumer or third-party payor, relating to contamination of VCDs with nitrosamines including NDMA.

5. The general interpretation of standard Supply/Distribution Agreement representations and warranties provided to you by Manufacturer Defendants regarding VCD quality, purity, content, or contamination issues.

6. The general interpretation of standard Supply/Distribution Agreement representations and warranties provided by or passed on by you to Retail Pharmacy Defendants regarding VCD quality, purity, content, or contamination issues.

7. Your general process for product recalls applicable to the recall for VCDs, including the retention, sequestration, return, or destruction of product as a result of such recall.

8. Your general process for the sourcing of VCDs (e.g., how you choose a supplier, the criteria if any the supplier must meet, whether you retain the right to audit or inspect the supplier or products sourced from them, etc.).

9. Your general process for providing to Defendant Retail Pharmacies DCSCA data, package inserts and labeling for VCDs that You sold to Defendant Retail Pharmacies.

10. The quantity/units of VCDs sold by you to Defendant Retail Pharmacies in the United States.

11. The general interpretation of the purchase and sales data produced by you in this litigation (sample documents to be provided ahead of deposition during meet and confer process).

12. The general process by which you issue to Retailer Pharmacy Defendants refunds or credits in connection with the return or recall of VCDs sold in the United States, including whether and how any such refunds or credits would be recorded by you. This topic will not include amounts or specifics of any sales, returns or refunds of VCDs.

13. The general process by which you receive from Manufacturer Defendants refunds or credits in connection with the return of VCDs purchased or recalled in the United States, including whether and how any such refunds or credits would be recorded by you. This topic will not include amounts or specifics of any purchases, returns or refunds of VCDs.

14. The general interpretation of inventory management policies produced by You in this litigation pertinent to Your purchases and sales of VCDs.

15. The general interpretation of indemnity and other un-redacted standard provisions of the Supply/Distribution Agreements. It is understood that if there are specific agreements not produced by You or otherwise upon which more detailed testimony is sought, such agreements will be identified and provided to Wholesalers at least fourteen days prior to the deposition, or as soon as reasonably thereafter following the production of such agreement by a Wholesaler or Retail Pharmacy Defendant.

16. The existence and general status (whether resolved or still pending) of indemnification requests made by you or to you, to or from Manufacturer Defendants or Retail Pharmacy Defendants in this litigation.

17. The organizational charts and other information produced in response to Request for Production No. 8 in Plaintiffs' Second Set of Requests for Production of Documents to Wholesaler Defendants.