# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Rita Crawford v. Mylan Lab. Ltd., et al.*<br><br>Case No. 1:20-cv-00763-RBK-JS | MDL NO. 2875<br><br>HON. ROBERT B. KUGLER |

## NOTICE OF VIDEOTAPED DEPOSITION OF AMR MOHAMED, M.D.

**PLEASE TAKE NOTICE** that, in accordance with Rule 30 of the Federal Rules of Civil Procedure and the Fact Witness Deposition Protocol in this case (Case Management Order #20, filed November 17, 2020 - Document 632), Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc., will take the deposition upon oral examination of Amr Mohamed, M.D., on **October 13, 2021 at 1:00 p.m. EDT**, and continuing until completion at **UHCare Oncology and UH Cleveland Medical Center, 11100 Euclid Ave., Cleveland, OH 44106** or other location agreed to by the parties. Counsel who wish to attend remotely will have the option to do so using audio-visual conference technology and should contact Veritext at valsartan@veritext.com to arrange for login credentials to be sent to them prior to the deposition. The deposition shall be videotaped and recorded stenographically, and will continue from day to day until completed before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. The court reporter and videographer will be an employee or agent of Veritext Legal Solutions.

The attorney contact for the deposition is:

Alyson W. Lotman<br>
Duane Morris LLP<br>
30 S. 17th Street<br>
Philadelphia, PA 19103<br>
215-979-1177<br>
alotman@duanemorris.com

September 10, 2021                                     Respectfully submitted,

                                                                               */s/ Alyson W. Lotman*
                                                                               Alyson W. Lotman

                                                                               Duane Morris LLP
                                                                               30 S. 17th Street
                                                                               Philadelphia, PA 19103
                                                                               Tel: 215-979-1177
                                                                               Fax: 215-689-4961

                                                                               alotman@duanemorris.com

                                                                              *Attorney for Zhejiang Huahai Pharmaceutical Co., Ltd., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc.*

<b><u>CERTIFICATE OF SERVICE</u></b>

      I hereby certify that on this 10th day of September, 2021, I caused a true and correct copy of the foregoing Notice of Videotaped Deposition of Plaintiff James Stephens to be filed with the Court's ECF system and served upon counsel of record. I further certify that a copy of

the foregoing was originally served on the following Plaintiff's counsel by e-mail, with copies by e-mail to Counsel for Defendants:

Marlene Goldenberg, Esq. (counsel for Plaintiff Rita Crawford)

Adam Slater, Esq. (via email, for distribution to Plaintiffs' Counsel)

Ruben Honik, Esq. (via email)

David Stanoch, Esq. (via email)

Conlee Whiteley, Esq. (via email)

Jessica Priselac, Esq. (via email, for distribution to Defendants' Counsel)

Seth A. Goldberg, Esq. (via email)

Clem C. Trischler, Esq. (via email)

Sarah E. Johnston, Esq. (via email)

Veritext Legal Solutions (via email)

/s/ Alyson W. Lotman
Alyson W. Lotman

Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
Tel: 215-979-1177
Fax: 215-689-4961

alotman@duanemorris.com

*Attorney for Zhejiang Huahai Pharmaceutical Co., Ltd., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc.*

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| Rita Crawford<br>*Plaintiff* | )<br>)<br>) | |
| v. | ) | Civil Action No. 1:20-cv-00763-RBK |
| Zhejiang Huahai Pharmaceutical Co., Ltd., et al.<br>*Defendant* | )<br>)<br>) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Amr Mohamed, M.D.
   11100 Euclid Avenue, Cleveland, OH  44106

*(Name of person to whom this subpoena is directed)*

☒ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:<br>UHCare Oncology and UH Cleveland Medical Center<br>11100 Euclid Ave.<br>Cleveland, OH  44106 OR remotely with consent of all parties | Date and Time:<br>October 13, 2021 1:00 pm EST |
|---|---|

The deposition will be recorded by this method: by stenographic means and videotape

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/10/21

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | /s/ Alyson Walker Lotman<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Zhejiang Huahai Pharmaceutical Co., Ltd._____, who issues or requests this subpoena, are:

Alyson W. Lotman, Esq., 30 S. 17th Street Philadelphia, PA, 19103 ALotman@duanemorris.com 215-979-1177



**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ;or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



American LegalNet, Inc.
www.FormsWorkFlow.com

# SCHEDULE "A"

# DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to each and every part of this Schedule as if fully set forth therein:

1. "Amr Mohamed," "You," and "Your" mean Amr Mohamed, M.D. and Amr Mohamed, M.D.'s, agents, employees, attorneys, representatives, and all other persons acting on his behalf.

2. "Plaintiff" means Plaintiff Rita Crawford and her agents, employees, attorneys, representatives, and all other persons acting on their behalf.

4. "Relate to" (or a form thereof) means referencing, constituting, reflecting, supporting, contradicting, referring to, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, regarding, or relevant to.

5. "Communication" means any exchange, transmission, or receipt of information (whether as listener, addressee, person called, or otherwise), whether such exchange, transmission, or receipt be oral, written, or otherwise, and includes, without limitation, any meeting, conversation, telephone call, letter, telegram, exchange, transmission, or receipt of any document of any kind whatsoever.

6. "Document" means any handwritten, printed, typed, recorded, photographic, computer-generated, or other graphic matter of any kind of nature, however produced or reproduced, including, but not limited to, books, ledgers, notebooks, letters, faxes, telexes, correspondence, telegrams, contracts, agreements, notes, memoranda, analyses, reports, projections, charts, graphs, drawings, photographs, videotapes, movies, audiotapes, checks, statements, statements of accounts, inter-office and intra-office communications, offers, notes of conversations, notes of meetings, notes of telephone calls, bulletins, computer programs, computer printouts, teletypes, invoices, work sheets, work papers, diaries, calendars, minutes, reports of investigations, office manuals, and any other communications fixed in a tangible medium, including, but not limited to, material stored electronically or electromagnetically, as well as all mechanical and electronic sound records, or transcripts thereof, from which information can be obtained; "document" shall also include all drafts, alterations, modifications, changes, and amendments of any of the foregoing; "documents" shall also include any and all things subject to discovery; "document" shall also include all "documents" (as defined herein) now in the possession, custody, or control of defendants, jointly and/or severally, and shall also include all "documents" (as defined herein) known by defendants to exist, jointly and/or severally,whether or not ever in the possession of defendants, jointly and/or severally; "document" shall also include all copies of all documents by whatever means made. Any document bearing on anysheet or side thereof, any marks, including, without limitation, initials, stamped indicia, comments, or notations of any character which are not part of the original or text, or any reproduction thereof, is to be considered a separate document.

7. As used herein, the conjunctions "and" and "or" shall be interpreted conjunctivelyor disjunctively, as appropriate, so as not to exclude any documents or information otherwise within the scope of these requests.

8. The term "action" means the case of *Rita Crawford v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.* pending in the United States District Court, District of New Jersey, Case Number 1:20-cv-00763-RBK.

## **DOCUMENTS TO PRODUCE**

1. A current copy of your curriculum vitae or resume.

2. A list of all your publications (if not contained within curriculum vitae).

3. Any and all notes relating to Plaintiff that are not contained within Plaintiff's medical records.

4. All documents reviewed by you in preparation for this deposition.

5. Any documents received from or provided to Goldenberg Law, PLLC, including by not limited to, any emails, written communications, correspondence, journal articles, medical studies or literature, appointments, or notes regarding Plaintiff or the lawsuit.

6. Any invoices, statements, or bills sent to or records of payments made by any attorneys representing Plaintiff, including but not limited to Goldenberg Law, PLLC.