# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** <br><br> **This Document Relates to All Actions** | MDL No. 2875 <br><br> Honorable Robert B. Kugler, District Court Judge <br><br> Honorable Thomas Vanaskie (Ret.), Special Discovery Master |

## THE ZHP PARTIES' REPLY BRIEF IN FURTHER SUPPORT OF THEIR OBJECTION TO SPECIAL MASTER ORDER NO. 35 COMPELLING THE PRODUCTION OF DOCUMENTS PROHIBITED FROM PRODUCTION UNDER CHINESE LAW

## <u>TABLE OF CONTENTS</u>

**Page**

I. PRELIMINARY STATEMENT ....................................................................1

II. ARGUMENT..............................................................................................1

    A.    The ZHP Parties would be forced to violate Chinese law if this Court orders an *in camera* review of the documents at issue. ..............1

    B.    Plaintiffs' assertion that the documents at issue do not contain state secrets amounts to mere speculation and guesswork....................3

    C.    Plaintiffs mischaracterize and misapply the relevant *Aerospatiale* and *Richmark* factors. .....................................................6

III. CONCLUSION............................................................................................7

# TABLE OF AUTHORITIES

**Federal Cases**

*Autodesk, Inc. v. ZWCAD Software Co.,* 2015 WL 1928184 (N.D. Cal. Mar. 27, 2015) ...................................................................................................7

*Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468 (9th Cir. 1992) ..................................................................................................1, 6

*Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct., S.D. Iowa,* 482 U.S. 522 (1987) .......................................................................1, 6

**Rules**

Fed. R. Civ. P. 53 ......................................................................................................2

**Other Authorities**

9A Charles A. Wright & Arthur R. Miller, FED. PRAC. & PROC. CIV. § 2444 Proof of Foreign Law (3d ed.) ....................................................................4

## I.    PRELIMINARY STATEMENT

Plaintiffs' Opposition fails to cite a single case in which a court granted a motion to compel under the facts presented here.  *See* Dkt. 1570 at 3-24.  Granting Plaintiffs' motion in the circumstances of this case—*i.e.*, where each and every *Aerospatiale* and *Richmark* factor weighs heavily in favor of non-disclosure; the Plaintiffs have failed to present expert testimony; the documents at issue represent **.00621%** of the total document production; and the information at issue is not vital to Plaintiffs' claims—would be unprecedented.

Plaintiffs' Opposition, much like its previous filings on this issue, continues to rest on pure speculation about Chinese law and mischaracterizes the documents at issue.  *See* Dkt. 1570 at 3-24; *see also* Dkt. 1231 at 2-17 (Plaintiffs' Motion to Compel); Dkt. 1273 at 2-13 (Plaintiffs' Reply Brief in Support of Motion to Compel).  For these reasons, and as stated more fully below, the ZHP Parties respectfully request that this Court vacate Special Master Order 35 ("SMO 35"), and grant the ZHP Parties' motion for protective order to preclude the production of the twenty-three (23) documents prohibited from production under Chinese law.

## II.    ARGUMENT

### A.    The ZHP Parties would be forced to violate Chinese law if this Court orders an *in camera* review of the documents at issue.

Chinese law prohibits the ZHP Parties from producing documents that fall within the scope of China's state secrecy laws.  *See* Exhibit A at ¶ 34(3) (Yang

Declaration)[1] ("[w]hoever steals, secretly gathers, purchases, or *illegally provides state secrets* or intelligence for an organization, institution, or personnel *outside the country* is to be sentenced from not less than five years to not more than 10 years of fixed-term." (emphasis added)).  Not only does this prohibit the ZHP Parties' U.S.-based counsel from viewing these documents **but it also prohibits an *in camera* review of these documents**.  Additionally, "with the implementation of the Data Security Law, the 23 documents at issue *cannot be produced to any foreign court* without approval of the PRC government."[2]  *See* Exhibit A at ¶ 17 (Yang Declaration) (emphasis added).

Notwithstanding the fact that the ZHP Parties' Chinese counsel prepared a detailed State Secret Log ("SSR Log") and met and conferred for over four hours with Plaintiffs to answers any questions they had regarding the documents—

---

[1] Ms. Xueyu Yang is an attorney qualified to practice law in China and the State of New York.

[2] Although Plaintiffs' argue that China's Data Security Law is not properly before this Court because it was not raised before the Special Master (*see* Dkt. 1570 at 24), the reviewing Court can consider new evidence when reviewing a Special Master's order, including Ms. Yang's declaration.  *See* Fed. R. Civ. P. 53(f)(1) ("In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; *may receive evidence*; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions.") (emphasis added).

provided the answer did not violate Chinese law[3]—Plaintiffs claim they are "extremely limited" by the SSR Log and suggest that this Court order the production of the documents for its *in camera* review. Dkt. 1570 at 9, n.5. However, as Plaintiffs know, if this Court were to order production of these documents for its *in camera* review, the ZHP Parties would be forced to violate both Chinese state secret law and the newly enacted Data Security Law, which would subject ZHP and its employees to civil and criminal penalties.

### B. Plaintiffs' assertion that the documents at issue do not contain state secrets amounts to mere speculation and guesswork.

There is no basis for Plaintiffs' claim that the documents at issue do not contain state secrets.[4] As a matter of general principle, Plaintiffs are not equipped to opine on China's state secrecy laws. "[J]udges expect adequate expert testimony on foreign law and the failure to produce it may be quite damaging to a litigant's

---

[3] During the meet and confer, Ms. Yang only refused to answer two questions on the basis that the answer would divulge a state secret. *See* Dkt. 1550, Exhibit D (3-26-21 Meet and Confer Tr.) at 128:7-9; 159:21-23.

[4] Plaintiffs argue that "the Court should completely disregard ZHP's attempted criticism of the Special Master for ordering the production of documents that it explicitly ordered could be withheld." Dkt. 1570 at 16. As explained in the ZHP Parties' Objection to SMO 35 and acknowledged in Plaintiffs' Opposition, this Court's review of the Special Master's Order is subject to *de novo* review. *See* Dkt. 1550 at 6; *see also* Dkt. 1570 at 2. Accordingly, the ZHP Parties provided a thorough analysis of each document—including those that the Special Master ordered need not be produced. *See* Dkt. 1550 at 8-22.

case."  9A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2444 Proof of Foreign Law (3d ed.).

Not relying on an expert, Plaintiffs' base their "document-by-document analysis" on their own, wholly unsupported, interpretation of Chinese laws.  *See* Dkt. 1570 at 9-17.  After a description of the document at issue, Plaintiffs simply provide a one sentence conclusory statement as to why the document should be produced.  For example:[5]

- For ZHP02605097, Plaintiffs state that the description of the document on the SSR Log "does not satisfy the criteria to be withheld." Dkt. 1570 at 11.  Yet Ms. Yang provided a thorough explanation as to why the names of Chinese officials and their viewpoints need to be redacted from this document.  Exhibit A at ¶ 31(f) (Yang Declaration).  Notably, in their analysis Plaintiffs exclude the fact that the ZHP Parties provided this document in redacted form *and only redacted the names of the Chinese officials and their official viewpoints*.  *Id.*

- For ZHP02605629, Plaintiffs state "[t]here is no basis for this document to be withheld." Dkt. 1570 at 11.  However, Ms. Yang explained that this document must be withheld because it contains matters that relate to national security and memorializes *information received from and prepared for* the National Medical Products Administration.  Exhibit A at ¶ 31(g) (Yang Declaration).

- For ZHP02636529, Plaintiffs state "[t]here is nothing in this document that meets the definition of a protected Chinese state secret." Dkt. 1570 at 15.  Plaintiffs' unsupported statement is directly contradicted by Ms. Yang's declaration, in which she states that this document includes *viewpoints and recommendations from the Chinese government*.

---

[5] For a description of each document at issue and a detailed explanation of why it is prohibited from production under Chinese law, please refer to Exhibit A ¶ 31 (Yang Declaration) and Exhibit 4 attached thereto (State Secret Log).

Exhibit A at ¶ 31(t) (Yang Declaration).  Plaintiffs again fail to mention that this document was provided in redacted form.  *Id.*

For other documents, Plaintiffs simply allege that since the information contained within the document is "public," the documents must be produced.  *See* Dkt. 1570 at 13-14 (ZHP02622056: "It is public and cannot constitute a protected Chinese state secret."); *id.* at 14 (ZHP02622059:[6] "Both the FDA's warning letter and the 'information published online' are public."); *id.* at 15 (ZHP02622064:[7] "This information is public and thus cannot be withheld.").  Whether the underlying information in the document is "public" is not the standard for determining whether it is considered a protected state secret under Chinese law.  Rather, as Ms. Yang explained in her declaration, the standard is information that is "made, produced, reviewed, circulated, or preserved by a government organ" or "made by non-government entities but contain or reflect state secrecy information obtained from a government organ."  Exhibit A at ¶ 8 (Yang Declaration).

Plaintiffs are not experts on Chinese law.  They have failed to proffer an expert or any other evidence of Chinese law to oppose the declaration of Ms. Yang.

---

[6] Plaintiffs again fail to mention that the ZHP Parties produced this document in redacted form and "[t]he redacted portions are not relevant to the facts of the case." Exhibit A at ¶ 31(r) (Yang Declaration).

[7] The ZHP Parties also produced this document in redacted form.  *See* Exhibit A at ¶ 31(s) (Yang Declaration).

Therefore, to the extent Plaintiffs' interpretation of Chinese law conflicts with Ms. Yang's, Plaintiffs' interpretation should be rejected by this Court.

### C. Plaintiffs mischaracterize and misapply the relevant *Aerospatiale* and *Richmark* factors.

As explained fully in the ZHP Parties' Objection to SMO 35, each and every *Aerospatiale* and *Richmark* factor weighs in favor of non-disclosure of the documents at issue. *See* Dkt. 1550 at 7-22. In a transparent attempt to avoid the applicable legal standards that favor the ZHP Parties, Plaintiffs' mischaracterize and misapply the relevant factors set forth in *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct., S.D. Iowa,* 482 U.S. 522 (1987) and *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468 (9th Cir. 1992). For example:[8]

- The second *Aerospatiale* factor directs the court to consider "the degree of specificity of the request[.]" *Aerospatiale,* 482 U.S. at 544, n.28. Plaintiffs' argument that the document requests were "Court ordered" has no bearing on the whether the requests were specific. *See* Dkt. 1570 at 21. Here, it is uncontested that Plaintiffs requested more than ninety-five categories of documents from the ZHP Parties, which have resulted in more than 3.5 million pages of documents produced.

- The third factor directs the court to consider whether the information originated in China or abroad, not whether certain information contained within the document has been "distributed throughout the world" as argued by Plaintiffs. Dkt. 1570 at 22. As Special Master Vanaskie properly found (*see* SMO 35 at 14), it is uncontested that the information at issue originated in China.

---

[8] For a full analysis of each *Aerospatiale* and *Richmark* factor, please refer to the ZHP's Objection to SMO 35. *See* Dkt. 1550 at 7-22.

- As to whether Plaintiffs can obtain the information at issue by other means, it is undisputed that the ZHP Parties have produced 350,000 documents regarding the discovery of and investigation into the nitrosamine impurity—*including real-time internal communications and extensive testing data*, which are inherently more comprehensive than any summary report provided to Chinese regulators. To the extent Plaintiffs claim that communications with the Chinese regulatory authorities could potentially demonstrate that ZHP "sought to influence foreign regulators" (*see* Dkt. 1570 at 22-23) through the Chinese government, even if this allegation were proven to be true, it would have no bearing whatsoever on the ZHP Parties' potential liability for Plaintiffs' claims.

- Finally, for the hardship factor, Plaintiffs cite *Autodesk, Inc. v. ZWCAD Software Co.,* 2015 WL 1928184 (N.D. Cal. Mar. 27, 2015) in an attempt to argue that the ZHP Parties will not face hardship. *See* Dkt. 1570 at 23-24. However, *Autodesk* does not support that proposition. In a notable role reversal, the plaintiff in *Autodesk* supported its motion to compel documents with expert testimony on Chinese state secret law, and the defendant from whom the documents were sought did not proffer any expert testimony in rebuttal. *Autodesk, Inc.,* 2015 WL 1928184, at *4. Here, Plaintiffs do not support their motion to compel with any expert testimony. Unlike the defendant in *Autodesk,* the ZHP Parties have presented ***unrebutted evidence*** through the declaration of Ms. Yang of the ***criminal and civil penalties*** that ZHP would be at risk of facing if the documents at issue were produced.

## III.   <u>CONCLUSION</u>

For all of the foregoing reasons, the ZHP Parties respectfully request that the Court vacate and reverse Special Master Order No. 35, deny Plaintiffs' Motion to Compel, and grant the ZHP Parties' Motion for a Protective Order.

September 27, 2021

Respectfully submitted,

By: /s/ *Seth A. Goldberg*

DUANE MORRIS LLP
Seth A. Goldberg
Jessica Priselac
Lauren Pugh
30 South 17th Street
Philadelphia, Pennsylvania 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
JPriselac@duanemorris.com
LPugh@duanemorris.com

*Attorneys for Zhejiang Huahai*
*Pharmaceutical Co, Ltd., Huahai*
*U.S., Inc., Prinston Pharmaceutical*
*Inc., and Solco Healthcare US, LLC*