# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Thomas I. Vanaskie (Ret.), Magistrate Judge |

## <u>DECLARATION OF YANG XUEYU</u>

1.      I am a partner of Yun Zheng Law Firm (in association with Hui Zhong Law Firm, collectively "Hui Zhong").

2.      I graduated *magna cum laude* from Wuhan University and obtained a bachelor's degree in law in 1999.  I obtained master's degrees in law from Zhejiang University and the University of Wisconsin – Madison in 2002 and 2004, respectively. I am an attorney qualified to practice law in China and the State of New York since 2002 and 2005, respectively.

3.      Hui Zhong is a China-based boutique law firm specializing in domestic and international dispute resolution.  Hui Zhong provides services to domestic and international clients from offices in Beijing, Shanghai, Shenzhen and Hong Kong. The lawyers of Hui Zhong have substantial experience in representing clients in Chinese litigation and arbitration proceedings, international arbitration proceedings,

investment treaty arbitration proceedings, as well providing expert opinions or other advisory opinions in foreign jurisdictions on matters of the laws of the People's Republic of China ("PRC") laws.

4.    In connection with this litigation, Hui Zhong was initially retained by Defendant Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP") to review documents collected in response to Plaintiffs' document requests for information which would be subject to China's laws related to state secrecy.  The documents reviewed by Hui Zhong were maintained by ZHP and two of its non-party China-based subsidiaries, Prinbury Biopharm Co., Ltd. ("Prinbury") and Shanghai Syncores Technologies, Inc. ("Syncores").

5.    I specialize in cross-border commercial arbitration and litigation, especially complex contentious matters involving multiple jurisdictions.  I have advised both domestic and foreign clients in a broad range of sectors such as real estate, construction, IT, biotechnology, hi-tech, and automobiles in proceedings conducted at the ICSID, PCA, ICC, HKIAC, SIAC, CIETAC, BAC and different levels of domestic courts including the Supreme People's Court of China.

6.    I submit this declaration in support of Memorandum of Law in Support of the ZHP Parties' Objection to Special Master Order No. 35.

## BACKGROUND OF CHINA'S STATE SECRECY LAWS

7.     China has enacted a system of laws and regulations intended to guard and keep confidential its state secrets, which mainly consists of the PRC Constitution, the PRC Law on Guarding State Secrets ("Guarding State Secrets Law"), the PRC Criminal Law, the PRC National Security Act, the PRC Cyber Security Law, the Implementing Regulations of the Law on Guarding State Secrets and the PRC Regulations on Disclosure of Government Information ("Regulations on Disclosure of Government Information"), with the Guarding State Secrets Law at the center of this system of laws and regulations.

8.     The scope of what constitutes state secrecy under these PRC laws, while broad, is clearly-defined. As determined by the nature of the state secrecy, almost all of the documents that may potentially involve state secrets are documents made, produced, reviewed, circulated, or preserved by a government organ, or are documents made by non-government entities but contain or reflect state secrecy information obtained from a government organ.

9.     These concepts are reflected in the Guarding State Secret Law as well as the Regulations on Disclosure of Government Information, specifically:

-     Article 2 of the Guarding State Secrets Law provides: "[s]*tate secrets refer to **matters which relate to the national security and interests** as determined under statutory procedures and to which access is vested in a*

3

*limited scope of persons during a given period of time.*"  The English version of the Guarding State Secrets Law is annexed to this Declaration (*see* Annex 1 hereto).

- Article 9 of the Guarding State Secrets Law provides: "The following matters which relate to the national security and interests and the leakage of which may damage the national security and interests in the field of politics, economy, national defense, foreign affairs, etc. shall be determined as state secrets*: (1) Classified matters involved in the key policy decisions on state affairs; (2) Classified matters involved in the national defense construction and armed force activities; (3) Classified matters involved in the diplomatic and foreign affair activities and classified matters involved in the state's international obligation of secrecy; (4)* **Classified matters involved in the national economic and social development***; (5) Classified matters involved in science and technology; (6) Classified matters involved in the activities of maintaining national security and investigating criminal offences; and (7) Others classified matters as determined by the state secrecy administrative department*."

- Article 2 of the Regulations on Disclosure of Government Information provides: "*[f]or the purposes of these Regulations,* **the term "government**

4

*information" shall mean the information prepared or obtained by administrative organs in the process of performance of administrative duties and functions and recorded and preserved in a certain form*."

10.    Several PRC cases shed light on the scope of state secrecy. For example, information that has been classified as state secret information includes: the unpublished industrial statistics in the possession of the National Statistics Bureau; unpublished data legally obtained in an expert consulting meeting; government documents marked as "confidential"; the case files made by a court; and questions on a national exam illegally obtained before the exam took place.

11.    The power of classification is solely vested in the PRC government. Under Article 13 of the Guarding State Secrets Law, the PRC government has the power to classify government documents or policies as state secrets proactively or retroactively. Further, under the Regulations on Disclosure of Government Information, the government organ involved in the formation of the information has the authority to decide whether to disclose the information either on its own initiative or upon application.

12.    As disclosing government information is a matter determined by the government organ involved, the government organ would apply laws and regulations related to state secrets when making a decision regarding disclosure, specifically:

- Article 27 of the Implementing Regulations of the Law on Guarding State Secrets provides: "*[t]he entity that holds a meeting or organizes any other activity that involves State secrets shall take the following confidentiality measures: (1) It shall determine the classification level of the meeting or activity according to its contents, work out the confidentiality plan and limit the scope of participants; (2) It shall use the premises, equipment and facilities that are in compliance with the confidentiality provisions and standards of the State; (3) It shall manage carriers of State secrets in accordance with the confidentiality provisions of the State; and (4) It shall impose specific confidentiality requirements on the participants*."

- Article 10 of the Regulations on Disclosure of Government Information provides: "*[g]overnment information prepared by an administrative organ shall be disclosed by the administrative organ preparing such government information. The government information obtained by an administrative organ from citizens, legal persons and other organizations shall be disclosed by the administrative organ preserving such government information; the government information obtained by an administrative organ from other administrative organs shall be disclosed by the administrative organ*

6

*preparing or originally obtaining such government information. Where the authority for disclosing government information is otherwise provided for by laws and regulations, such provisions shall prevail. A dispatched office or internal department of administrative organs, if externally performing administrative duties and functions in its own name in accordance with laws and regulations, may be responsible for disclosing the government information relating to the administrative duties and functions performed thereby. The government information prepared by two or more administrative organs jointly shall be disclosed by the administrative organ taking the lead in the preparation.*"

- Article 13 of the Regulations on Disclosure of Government Information provides: "*[g]overnment information other than that prescribed in Article 14, Article 15 and Article 16 hereof shall be disclosed. Administrative organs shall disclose government information by way of disclosure on their own initiatives and disclosure upon application*."

- Article 14 of the Regulations on Disclosure of Government Information provides: "*The government information legally determined as the State's secrets, the government information*

7

*prohibited to be disclosed under laws and administrative regulations and the government information of which the disclosure may endanger the national security, public security, economic security or social stability shall not be disclosed*."

- Article 16 of the Regulations on Disclosure of Government Information provides: "*[i]nformation on the internal affairs of administrative organs, including the information on personnel management, logistics management, internal work process and other aspects, may not be disclosed. The records of discussions, process drafts, consultation letters, instruction request reports and other process-related information formed by administrative organs during performance of administrative duties and functions as well as the information on administrative law enforcement case files may not be disclosed. However if disclosure of such information is required under the provisions of laws, regulations or rules, the provisions shall prevail.*"

- Article 17 of the Regulations on Disclosure of Government Information provides: "*[a]dministrative organs shall set up and improve the government information disclosure review mechanism and specify the procedures and responsibilities for the review.*

8

> *Administrative organs shall, in accordance with the Law of the People's Republic of China on Guarding State Secrets as well as other laws, regulations and the relevant provisions of the State, review the government information to be disclosed. If an administrative organ cannot determine whether or not the relevant government information may be disclosed, it shall, in accordance with laws, regulations and the relevant provisions of the State, report such matter to the relevant competent department or the secret-guarding administrative department for decision.*"

13.    Where any person or entity is found to have improperly disclosed state secret information which is classified as such by the PRC government either proactively or retroactively, the individual and/or entity may be subject to severe penalties ranging from administrative fines to a criminal sentence.

## BACKGROUND OF CHINA'S DATA SECURITY LAW

14.    China's Data Security Law came into force on September 1, 2021.

15.    Due to the rapid growth and massive aggregation of various types of data, data security has become a major issue concerning economic and social development in China. The Chinese legislature views data as the "*fundamental strategic resource*" of China. Data sovereignty and security is deemed a crucial part of national sovereignty and security. A news article published by the Chinese

legislature – the National People's Congress is attached hereto as Annex 2. It was against this backdrop that the Data Security Law was passed. Article 2 of the law provides that "*[t]his Law is formulated with a view to regulating data processing activities, ensuring data security, promoting data development and utilization, protecting the legitimate rights and interests of individuals and organizations, and safeguarding national sovereignty, security and development interests*" (emphasis added). A copy of the Data Security Law is attached hereto as Annex 3.

16.    It is unequivocal that implementation of the Data Security Law will have a direct impact on any form of provision of data to foreign judicial or law enforcement departments. Specifically:

(1) Article 31 of Data Security Law provides: "*[a]s to the exit security management of important data collected and generated by operators of critical information infrastructure during operations within the territory of the People's Republic of China, the provisions of the Cybersecurity Law of the People's Republic of China shall apply; the exit security management measures for important data collected and generated by other data processors during operations within the territory of the People's Republic of China shall be formulated by the State Cyberspace Administration of China in conjunction with relevant departments of the State Council.*"

10

(2) Article 36 of Data Security Law provides: "*[t]he competent authority of the People's Republic of China shall handle the requests for data provision by foreign judicial or law enforcement organizations in accordance with relevant laws and international treaties and conventions concluded or acceded to by the People's Republic of China, or under the principle of equality and reciprocity.* **Without the approval of the competent authority of the People's Republic of China, domestic organizations and individuals shall not provide the data stored within the territory of the People's Republic of China to foreign judicial** *or law enforcement organizations*" (emphasis added).

(3) Article 48 of the Data Security Law provides: "*[w]hoever violates Article 36 herein and provides data to foreign judicial or law enforcement organizations without the approval of the competent department, shall be warned by the relevant competent department, and be given a fine of not less than RMB 100,000 but not more than RMB one million concurrently; and, the person-in-charge who is subject to direct liabilities and other personnel subject to direct liabilities may be given a fine of not less than RMB 10,000 but not more than RMB 100,000; where serious consequences are caused, a fine of not less than RMB 1 million but not more than RMB 5 million may be imposed; the relevant competent*

*authority may order to suspend relevant business, stop doing business for*

*internal rectification, or revoke the relevant operation license or business*

*license; and the person-in-charge who is subject to direct liabilities and*

*other personnel directly liable shall be given a fine of not less than RMB*

*50,000 but not more than RMB 500,000.*"

17.    The 23 documents at issue are all qualified as data under Article 3 of the Data Security Law and stored in China.  In my view, the production of these documents as part of these proceedings, as well as their potential use as evidence in these proceedings, falls within the scope of Article 36 of the Data Security Law as a form of provision of data to a foreign court. Therefore, with the implementation of the Data Security Law, the 23 documents at issue cannot be produced to any foreign court without approval of the PRC government. The power of approval is solely vested in the PRC government.

18.    Where any person or entity is found to have improperly provided data stored within the territory of China without approval of the competent authority, the individual and/or entity may be subject to penalties including substantial fines and revocation of operation license or business licenses, both of which could be significant hardship to the disclosing party.

## REVIEW OF DOCUMENTS COLLECTED FROM ZHP, PRINBURY, AND SYNCORES

19.    Prior to Hui Zhong's review of the documents at issue, ZHP engaged two separate China-based law firms to perform a first level review of documents collected in response to Plaintiffs' document requests to determine if the documents were subject to China's state secrecy laws.  Documents that these firms determined were subject to China's state secrecy laws were logged by the firms.

20.    After this review was complete, Hui Zhong performed a second level review of the documents logged during the first level review as a quality check of the work performed by the other two law firms.

21.    I have personally reviewed the 23 documents listed in Plaintiffs' Motion to Compel.

22.    The 23 documents at issue all concern information that arose from ZHP's communications with different government organs on different occasions. Some documents were prepared and sent to ZHP by the government organs, whilst others were made by ZHP that memorialize or summarize the government information. They include ways that different government organs carry out their work in the course of their duties of regulating and supervising matters that concern national economic and social development.

23.    ZHP's communications with different levels of government authorities regarding the government's regulatory responses to and views of the recall of valsartan (a matter of public health and the pharmaceutical industry, both of which

13

are subject to the PRC government's state secrecy classifications), I am of the view that the PRC government organs whose information is reflected in the logged documents would consider the information contained therein to be "*matters which relate to the **national security and interests***" under Article 2 of the Guarding State Secrets Law, and, specifically, "***Classified matters involved in the national economic and social development***" under Article 9 (4) of the Guarding State Secrets Law.

24.    As noted above, the PRC government has broad power to classify governmental documents or policies as state secrets *proactively* or *retroactively*. Accordingly, the fact that only 1 out of the 23 documents at issue has been expressly classified as confidential does not mean that the remaining documents do not contain or reflect state secrets, as a document does not need to be expressly marked confidential by a government organ in order to be considered state secret information.

25.    In addition, because these documents were made either by government organs (through the acts of government officials) or memorialize or summarize the communications between ZHP and PRC government organs, they are also considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.  ZHP is therefore required to follow the procedure set out in the Regulations on Disclosure of Government Information and is barred from

disclosing such government information without prior approval from the government.

26.    To confirm my understanding of the laws, regulations and practice, I instructed three Hui Zhong lawyers who were involved in the document review to approach two regulators of the pharmaceutical industry by telephone and obtained the regulators' views on the production of the documents at issue. The response of the department of policy and regulation of Zhejiang Medical Products Administration was that it is not proper for a privately-owned entity like ZHP to make the decision on disclosure in U.S. litigation proceedings on its own. Similarly, the response from the National Medical Products Administration was that ZHP should consult the opinion of the specific department from which the documents concern. While Hui Zhong is continuing to pursue different avenues to seek government approval for the disclosure of the documents at issue, Hui Zhong is not able to provide an opinion as to if and/or when the relevant PRC government departments will provide such approval.

27.    In conclusion, based on the laws, regulations and cases mentioned above, I arrived at the conclusion that the 23 documents at issue may implicate state secrecy information and therefore should not be produced by ZHP without prior consent given by the relevant PRC government organs.

## CHINA'S INTERESTS IN THE 23 DOCUMENTS AT ISSUE

28.    Among the 23 documents, 5 documents were created by the PRC government.

- Document ZHP02557672 is an invitation for a seminar held by the Center for Drug Evaluation (CDE) of the China National Medical Products Administration, in which CDE **expressly required ZHP to keep confidential**.

- Document ZHP02608269 is an email chain from and to the Director General of China Food and Drug Administration of Zhejiang Province regarding the Administration's requirements for information that should be included in an NDMA announcement in valsartan.

- Document ZHP02608270 is part of the email chain of Document ZHP02608269 and thus duplicative.

- Document ZHP02622051 is a report from Zhejiang Medical Products Administration to ZHP regarding an on-site inspection.

- Document ZHP02622054 is an inspection summary of experts from National Institute for Food and Drug Control, Center for Drug Evaluation, and the Zhejiang Food and Drug Administration.

29.    While the remaining 18 documents were not the PRC government's own documents, they fall within the definition of Article 9 (4) of the Guarding State Secrets Law, i.e., "**[c]lassified matters involved in the national economic and social development**". An updated log of the 23 documents is attached hero as Annex 4. As long as state secrecy is concerned, it is a matter of "(China's) national security and interests", according to Article 2 of the Guarding State Secrets Law.

30.    In the applicable statutes and regulations outlined herein, the PRC government has articulated what it deems to bet its national interests.

31.    Indeed, the small number of documents at issue are those which squarely fall within China's state secrecy laws.  Specifically:

a. **PRINBURY00142827 (produced in redacted form):** This document contains meeting minutes of a meeting dated June 12, 2017 between ZHP and the CDE, discussing the feasibility of using US standards when seeking generic drug approvals in China.  The document includes a discussion of how the Chinese government agency is trying to perform its functions to regulate the Chinese pharmaceutical market. The redacted portions reflect the Chinese government's viewpoints on how to improve the Chinese regulatory system.  Because the CDE is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received from and prepared for the CDE, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

b. **PRINBURY00148044**: This document is ZHP meeting minutes discussing the preparation of materials and the division of work for a meeting with the CDE regarding a deficiency letter (from the CDE) regarding valsartan tablets to be sold in the Chinese market.  This document reflects certain governmental requirements and information relayed from the CDE to ZHP, as well ZHP's draft communications to the CDE.  The content of deficiency letter is not mentioned.  The information does not involve the US market.  The document does not mention impurities, chromatography, nitrosamine or patient safety. Because the CDE is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which

relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received from and prepared for the CDE, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

c. **ZHP02459190 (produced in redacted form)**: This document is meeting minutes of a meeting between ZHP and the Taizhou Medical Products Administration ("TMPA") concerning genotoxic impurities detected in irbesartan in 2019 (i.e., after the valsartan impurity was disclosed to the FDA). The redacted portions are questions raised by Chinese government officials regarding ZHP's testing method and results, as well as ZHP's responses to the Chinese government's questions. Because the TMPA is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received from and prepared for the TMPA, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

d. **ZHP02557672 (produced in redacted form)**: This document is an invitation for a seminar on quality control of genotoxic impurities of chemical drugs, in which the CDE expressly required ZHP to keep the information contained therein confidential. Because the CDE is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received from and

18

prepared for the CDE, and because the CDE expressly required the information to be kept confidential, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

e. **ZHP02604526 (produced in redacted form)**: Meeting minutes of a meeting between ZHP, the National Medical Products Administration, and the Zhejiang Medical Products Administration, concerning feedback given after an inspection of a ZHP site. The redacted portions are the viewpoints of Chinese government officials. Because the both agencies are PRC government organs, and its information is reflected on this document through the viewpoints of their officials, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received from and prepared for these agencies, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

f. **ZHP02605097 (produced in redacted form)**: Meeting minutes of a meeting between ZHP and the National Medical Products Administration concerning the new manufacturing process for irbesartan API intended to eliminate nitrosamine impurities. The redacted portions are the names of officials and their viewpoints on ZHP's filings related to the new process for manufacturing irbesartan. Because the agency is a PRC government organ, and its information, including the viewpoints of government officials, is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received from and prepared for this agency, this document would also be considered "government information" under Article 2 of the

Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

g. **ZHP02605629**: This is a report on the detection of NDMA impurities in the valsartan API prepared for the National Medical Products Administration and requesting certain guidance from the agency. Because the agency is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received from and prepared for this agency, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

h. **ZHP02608269**: Email communications to and from the Director General of China's Food and Drug Administration of Zhejiang Province regarding the Administration's requirements for information that should be included in an announcement regarding the discovery of NDMA in valsartan. Because the agency is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received from and prepared for this agency, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

i. **ZHP02608270**: This document contains information that is nearly duplicative of that contained in ZHP02608269.

j. **ZHP02608279 (produced in redacted form)**: This document contains questions raised by the Zhejiang Medical Products Administration

regarding the discovery of nitrosamine impurities in valsartan and ZHP's responses thereto.  Because the agency is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law.  In addition, because this document memorializes information received from and prepared for these agencies, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

k. **ZHP02613610 (produced in redacted form)**: Communications regarding the meeting between ZHP and the officials from Center of Drug Evaluation dated June 12, 2017. The redacted portions are advice from CDE officials on how to improve dissolution testing in products for the Chinese market, which is part of the advice also recorded in PRINBURY00142827. This document reflects the actions of a Chinese government agency trying to perform its functions to regulate the Chinese market. Because the CDE is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law.  In addition, because this document memorializes information received from and prepared for this agency, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

l. **ZHP02615167**:  A summary table recording the title, time, sender and recipient information of reports provided to domestic regulatory government organs, including information of officials.  No case-related factual information is included in the table itself. **All reports attached to the table have been produced**.  Because these agencies are PRC government organs, and their information is reflected on this document,

it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law.  In addition, because this document memorializes information received from and prepared for these agencies, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

m. **ZHP02621763 (produced in redacted form)**: This document is a report intended for the Zhejiang Medical Products Administration on potential document collection in valsartan-related litigation, seeking the Chinese government's view about compliance with China's state secrecy laws, and reflects government information regarding state secrecy statutes.  The redacted portions are not relevant to the factual issues of this case.  Because the agency is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law.  In addition, because this document memorializes information received from and prepared for these agencies, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

n. **ZHP02622051 (produced in redacted form)**: This document is a report from the Zhejiang Medical Products Administration to ZHP regarding an on-site inspection. Because the agency is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law.  In addition, because this document memorializes information received from and

prepared for these agencies, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

o. **ZHP02622054 (produced in redacted form)**: This document is an inspection summary of experts from National Institute for Food and Drug Control, Center for Drug Evaluation, Zhejiang Food and Drug Administration regarding irbesartan.  Because the agency is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law.  In addition, because this document memorializes information received from and prepared for these agencies, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

p. **ZHP02622056**: This document is a report to the Taizhou municipal government regarding public sentiment and misleading information about ZHP published online, and reflects government information related to the regulation of online information.  It does not mention valsartan or valsartan impurities. Because the municipal-level government is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received from and prepared for the government, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

q. **ZHP02622057**: This document is a report to the Taizhou municipal government regarding the discovery of nitrosamines in valsartan,

23

including a detailed record of measures taken, views expressed, and requests made by different levels of Chinese government authorities regarding the discovery. Because the municipal-level government is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received from and prepared for the government, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

r. **ZHP02622059 (produced in redacted form)**: This document is a report to the Taizhou Administration for Market Regulation regarding an update on untrue and misleading information from media regarding ZHP. The redacted portions are not relevant to the facts of the case. The report is responsive because it also briefed the progress of NDEA impurity detection of irbesartan API, which is information that has already been provided to Plaintiffs. Because the agency is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received from and prepared for the agency, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

s. **ZHP02622064 (produced in redacted form)**: This document is a report to the Taizhou municipal government regarding an update on untrue and misleading information from the media regarding the discovery of nitrosamines in valsartan. The redacted portions are not relevant to the facts of this case. Because the agency is a PRC government organ, and its information is reflected on this document, it

is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law.  In addition, because this document memorializes information received from and prepared for the government, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

t.  **ZHP02636529 (produced in redacted form)**: This document is a report to the Taizhou municipal government regarding 1) a summary of an EDQM inspection report, *which has been provided to Plaintiff*s; and 2) a summary of an on-site visit from Taizhou government, including the Chinese government officials' viewpoints and recommendations.  The redacted portions are not relevant to the facts of this case. Because the municipal-level government is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law.  In addition, because this document memorializes information received from and prepared for the government, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

u.  **ZHP02636533 (produced in redacted form)**: This document is a report to the Zhejiang Medical Products Administration regarding: 1) US FDA and EU inspections, *copies of which have already been produced to Plaintiffs*; 2) ZHP's product distribution in the U.S. and European markets, *information which has already been produced to Plaintiffs*; and 3) seeking guidance from the Chinese government on the untrue information published by the media. Because the agency is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national

security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received from and prepared for this agency, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

v. **ZHP02636534**: This document is a report to the Taizhou Commerce Bureau regarding the US and EU import bans of ZHP's products, including why the import ban occurred and what steps the company has taken in response. This information has already been produced to Plaintiffs through the production of communications with the FDA and EU authorities. Because the agency is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received from and prepared for this agency, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

w. **ZHP02649530**: This document is a report sent to the Chinese National Food and Drug Administration regarding NDMA in valsartan, and which is duplicative of ZHP02615168*, a document that has already been produced to Plaintiffs*. The only difference being the two documents is that this document contains information about the government official who received the report. Because the agency is a PRC government organ, and its information is reflected on this document, it is my view that the PRC government would consider the information contained therein to be "matters which relate to the national security and interests" under Article 2 of the Guarding State Secrets Law, and, specifically, "secrets in the national economic and social development" under Article 9 (4) of the Guarding State Secrets Law. In addition, because this document memorializes information received

26

from and prepared for the agency, this document would also be considered "government information" under Article 2 of the Regulations on Disclosure of Government Information, meaning that government approval is a prerequisite for disclosure.

32.     It is undisputed that the 23 documents at issue are data stored in China. As mentioned above, Article 1 of the Data Security Law provides that the purpose of the law is to safeguard "(China's) national sovereignty, security and development interests". Articles 31, 36 and 48 further declare China's national interest by prohibiting data stored in China from being provided to foreign courts without approval of the PRC government.

33.     The Guarding State Secrets Law as well as the Data Security Law have expressed China's interests in state secrets and data security, respectively. The mere fact that the 18 documents were not issued by the PRC government does not mean that they involve inferior national interests, as each of the 18 documents still involve the actions, communications, and viewpoints of Chinese governmental authorities.

## **HARDSHIP ON DISCLOSING PARTY**

34.     Non-compliance with the Data Security Law and state secret-related laws, as noted above, can have very serious consequences. The disclosing party may be subject to disciplinary measures such as warnings, administrative fines, revocation of operation license or business license, as well as criminal liabilities.

(1) As mentioned above, Article 36 of the Data Security Law prohibits data stored in China from being provided to foreign courts without approval of the PRC government. Producing the 23 documents to this Court without approval may constitute a violation of Article 36 and therefore ZHP will be subject to disciplinary measures under Article 48. Article 48 of the Data Security Law provides that "*[w]hoever violates Article 36 herein and provides data to foreign judicial or law enforcement organizations without the approval of the competent department, shall be warned by the relevant competent department, and be given a fine of not less than RMB 100,000 but not more than RMB one million concurrently; and, the person-in-charge who is subject to direct liabilities and other personnel subject to direct liabilities may be given a fine of not less than RMB 10,000 but not more than RMB 100,000.* **Where serious consequences are caused, a fine of not less than RMB 1 million but not more than RMB 5 million may be impos**ed; the **relevant competent authority may order to suspend relevant business, stop doing business for internal rectification, or revoke the relevant operation license or business license; and the person-in-charge who is subject to direct liabilities and other personnel directly liable shall be given a fine of not less than RMB 50,000 but not more than RMB 500,000**" (emphasis added). As the 23 documents may

contain state secrecy information, it is very likely that producing such information would result in "*serious consequences*" and therefore serious measures provided in Article 48 of the Data Security Law should be applicable.

(2) Producing the 23 documents may constitute "transferring" or "transmitting" state secret carriers under Article 48 of the Guarding State Secrecy Law. Article 48 of the Guarding State Secrecy Law provides that "*[w]hoever commits any of the following conduct in violation of this Law shall be subject to a disciplinary action; and if a crime is constituted, be subject to criminal liability:…… (2) Purchasing, selling, **transferring** or privately destroying any state secret carrier;…… (4) Sending any state secret carrier out of this country by mail or consignment or carrying or **transmitting any state secret carrier out of this country without the approval of the relevant competent authorities;** ……*" (emphasis added).While the Guarding State Secrecy Law does not specify what disciplinary actions a Chinese administrative agency may take or what criminal liabilities may be invoked, those disciplinary actions or criminal liabilities can be found in other legislations (for example, Article 48 of the Data Security Law as mentioned in paragraph 35(1) above and Article 111 of the PRC Criminal Law as mentioned in paragraph 35(3) below).

(3) Producing the 23 documents may further constitute illegally providing
state secrets under Article 111 of the PRC Criminal Law, which provides
that "*[w]hoever steals, secretly gathers, purchases, or **illegally provides
state secrets** or intelligence for an organization, institution, or personnel
outside the country is to be sentenced from not less than five years to not
more than 10 years of fixed-term*" (emphasis added).

35.    In light of the laws mentioned above, I arrive at the conclusion that
producing the 23 documents at issue without approval of the PRC government will
place hardship on ZHP and its employees by exposing them to potential civil and
criminal penalties. As China has attached great importance to data security and
national security, it is reasonable to anticipate that China will enforce its national
security law in a strict way.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF
THE UNITED STATES THAT TO THE BEST OF MY KNOWLEDGE THE
FOREGOING IS TRUE AND CORRECT.

Executed on September 8, 2021 in Maryland, USA.

Yang Xueyu, Declarant

# EXHIBIT 1



[CLI Code]: CLI.1.129605(EN)

# Law of the People's Republic of China on Guarding State Secrets (2010 Revision)
## 中华人民共和国保守国家秘密法(2010 修订)

| | |
|---|---|
| Order of the President of the People's Republic of China | 中华人民共和国主席令 |
| (No.28) | （第 28 号） |
| The Law of the People's Republic of China on Guarding State Secrets, as amended, was adopted at the 14th meeting of the Standing Committee of the 11th National People's Congress of the People's Republic of China on April 29, 2010, is hereby promulgated, and shall come into force on October 1, 2010. | 《中华人民共和国保守国家秘密法》已由中华人民共和国第十一届全国人民代表大会常务委员会第十四次会议于 2010 年 4 月 29 日修订通过，现将修订后的《中华人民共和国保守国家秘密法》公布，自 2010 年 10 月 1 日起施行。 |
| Hu Jintao, President of the People's Republic of China | 中华人民共和国主席 胡锦涛 |
| April 29, 2010 | 2010 年 4 月 29 日 |
| Law of the People's Republic of China on Guarding State Secrets | 中华人民共和国保守国家秘密法 |
| (Adopted at the 3rd meeting of the Standing Committee of the 7th National People's Congress on September 5, 1988 and amended at the 14th meeting of the Standing Committee of the 11th National People's Congress of the People's Republic of China on April 29, 2010) | （1988 年 9 月 5 日第七届全国人民代表大会常务委员会第三次会议通过 2010 年 4 月 29 日第十一届全国人民代表大会常务委员会第十四次会议修订） |

Contents

目录

| | |
|---|---|
| Chapter I General Provisions | 第一章 总则 |
| Chapter II Scope and Classification of State Secrets | 第二章 国家秘密的范围和密级 |
| Chapter III Secrecy Provisions | 第三章 保密制度 |
| Chapter IV Supervision and Administration | 第四章 监督管理 |
| Chapter V Legal Liability | 第五章 法律责任 |
| Chapter VI Supplementary Provisions | 第六章 附则 |

| | |
|---|---|
| Chapter I General Provisions | 第一章 总则 |
| **Article 1** This Law is formulated to guard state secrets, protect the national security | **第一条** 为了保守国家秘密，维护国 |



[CLI Code]: CLI.1.129605(EN)

and interests and guarantee the smooth implementation of reform, opening up and socialist construction.

家安全和利益，保障改革开放和社会主义建设事业的顺利进行，制定本法。

**Article 2** State secrets refer to matters which relate to the national security and interests as determined under statutory procedures and to which access is vested in a limited scope of persons during a given period of time.

**第二条**　国家秘密是关系国家安全和利益，依照法定程序确定，在一定时间内只限一定范围的人员知悉的事项。

**Article 3** State secrets shall be protected by law.

**第三条**　国家秘密受法律保护。

All state organs, armed forces, political parties, social organizations, enterprises, public institutions and citizens shall have the obligation of guarding state secrets.

一切国家机关、武装力量、政党、社会团体、企业事业单位和公民都有保守国家秘密的义务。

Any conduct endangering the safety of state secrets must be subject to legal liability.

任何危害国家秘密安全的行为，都必须受到法律追究。

**Article 4** The work of guarding state secrets (hereinafter referred to as the "secrecy work") shall be carried out under the guideline of "actively preventing leakage, giving prominence to key matters and managing state secrets according to law", so that state secrets are kept safe while information resources are reasonably utilized.

**第四条**　保守国家秘密的工作（以下简称保密工作），实行积极防范、突出重点、依法管理的方针，既确保国家秘密安全，又便利信息资源合理利用。

Matters that shall be disclosed as required by laws and administrative regulations shall be disclosed according to law.

法律、行政法规规定公开的事项，应当依法公开。

**Article 5** The state secrecy administrative department shall be responsible for the secrecy work throughout the country. The local secrecy administrative departments at and above the county level shall be responsible for the secrecy work within their respective administrative regions.

**第五条**　国家保密行政管理部门主管全国的保密工作。县级以上地方各级保密行政管理部门主管本行政区域的保密工作。

**Article 6** A state organ or an entity involved in any state secret (hereinafter referred to as "organ or entity") shall administer the secrecy work of the organ or entity.

**第六条**　国家机关和涉及国家秘密的单位（以下简称机关、单位）管理本机关和本单位的保密工作。

A central state organ shall, within its functions, administer or guide the secrecy work within its system.

中央国家机关在其职权范围内，管理或者指导本系统的保密工作。

**Article 7** An organ or entity shall apply a responsibility system for its secrecy work, establish complete secrecy management rules, improve its secrecy measures, carry out publicity and education on secrecy, and strengthen secrecy inspection.

**第七条**　机关、单位应当实行保密工作责任制，健全保密管理制度，完善保密防护措施，开展保密宣传教育，加强保密检查。

**Article 8** The state shall reward entities or individuals which have made extraordinary contributions to guarding or protecting state secrets as well as improving secrecy

**第八条**　国家对在保守、保护国家秘密以及改进保密技术、措施等方面成

Saved on: 05-13-2021



[CLI Code]: CLI.1.129605(EN)

techniques, measures, etc.

绩显著的单位或者个人给予奖励。

Chapter II Scope and Classification of State Secrets

第二章 国家秘密的范围和密级

**Article 9** The following matters which relate to the national security and interests and the leakage of which may damage the national security and interests in the field of politics, economy, national defense, foreign affairs, etc. shall be determined as state secrets:

**第九条** 下列涉及国家安全和利益的事项，泄露后可能损害国家在政治、经济、国防、外交等领域的安全和利益的，应当确定为国家秘密：

1. Classified matters involved in the key policy decisions on state affairs;

（一）国家事务重大决策中的秘密事项；

2. Classified matters involved in the national defense construction and armed force activities;

（二）国防建设和武装力量活动中的秘密事项；

3. Classified matters involved in the diplomatic and foreign affair activities and classified matters involved in the state's international obligation of secrecy;

（三）外交和外事活动中的秘密事项以及对外承担保密义务的秘密事项；

4. Classified matters involved in the national economic and social development;

（四）国民经济和社会发展中的秘密事项；

5. Classified matters involved in science and technology;

（五）科学技术中的秘密事项；

6. Classified matters involved in the activities of maintaining national security and investigating criminal offences; and

（六）维护国家安全活动和追查刑事犯罪中的秘密事项；

7. Others classified matters as determined by the state secrecy administrative department.

（七）经国家保密行政管理部门确定的其他秘密事项。

A political party's classified matters which conform to the provisions of the preceding paragraph shall be state secrets.

政党的秘密事项中符合前款规定的，属于国家秘密。

**Article 10** State secrets shall be classified into three levels: top-secret, secret and confidential.

**第十条** 国家秘密的密级分为绝密、机密、秘密三级。

State secrets at the top-secret level are the most important state secrets, the leakage of which would cause extraordinarily serious damage to the national security and interests; state secrets at the secret level are important state secrets, the leakage of which would cause serious damage to the national security and interests; state secrets at the confidential level are ordinary state secrets, the leakage of which would cause damage to the national security and interests.

绝密级国家秘密是最重要的国家秘密，泄露会使国家安全和利益遭受特别严重的损害；机密级国家秘密是重要的国家秘密，泄露会使国家安全和利益遭受严重的损害；秘密级国家秘密是一般的国家秘密，泄露会使国家安全和利益遭受损害。

**Article 11** The specific scope of state secrets and scope of each classification level shall be determined by the state secrecy administrative department respectively with the foreign affairs department, the public security department, the national security department and other relevant central organs.

**第十一条** 国家秘密及其密级的具体范围，由国家保密行政管理部门分别会同外交、公安、国家安全和其他中央有关机关规定。



[CLI Code]: CLI.1.129605(EN)

The scope of state secrets in the military field and the scope of each classification level shall be determined by the Central Military Commission.

军事方面的国家秘密及其密级的具体范围，由中央军事委员会规定。

Provisions on the specific scope of state secrets and scope of each classification level shall be published within a certain range and adjusted in light of changes of situations.

国家秘密及其密级的具体范围的规定，应当在有关范围内公布，并根据情况变化及时调整。

**Article 12** The person in charge of an organ or entity or any person designated by him shall be the state secret decider responsible for the determination, change and declassification of state secrets of the organ or entity.

**第十二条** 机关、单位负责人及其指定的人员为定密责任人，负责本机关、本单位的国家秘密确定、变更和解除工作。

To determine, change or declassify a state secret of an organ or entity, the handling person shall put forward a specific proposal subject to the examination and approval of the state secret decider.

机关、单位确定、变更和解除本机关、本单位的国家秘密，应当由承办人提出具体意见，经定密责任人审核批准。

**Article 13** The classification levels of state secrets shall be determined within the powers to determine state secrets.

**第十三条** 确定国家秘密的密级，应当遵守定密权限。

Central state organs, provincial organs and organs or entities authorized by them shall have the powers to determine state secrets at the top-secret level, the secret level and the confidential level. Organs of districted cities and autonomous prefectures and organs or entities authorized by them shall have the powers to determine state secrets at the secret level and the confidential level. The specific powers to determine state secrets and scope of authorization shall be prescribed by the state secrecy administrative department.

中央国家机关、省级机关及其授权的机关、单位可以确定绝密级、机密级和秘密级国家秘密；设区的市、自治州一级的机关及其授权的机关、单位可以确定机密级和秘密级国家秘密。具体的定密权限、授权范围由国家保密行政管理部门规定。

Where an organ or entity executes a state secrete determined by its superior and needs to classify the state secret, it shall follow the classification level of the executed state secret. Where an organ or entity considers that the determination of classification level of a state secret which arises in the organ or entity is within the powers of its superior, it shall take secrecy measures in advance and report it immediately to the superior for determination. If it has no superior, it shall immediately apply to the competent business department or secrecy administrative department which has the corresponding determination powers.

机关、单位执行上级确定的国家秘密事项，需要定密的，根据所执行的国家秘密事项的密级确定。下级机关、单位认为本机关、本单位产生的有关定密事项属于上级机关、单位的定密权限，应当先行采取保密措施，并立即报请上级机关、单位确定；没有上级机关、单位的，应当立即提请有相应定密权限的业务主管部门或者保密行政管理部门确定。

The public security and national security organs shall, within their respective scopes of work, determine the classification levels of state secrets within the prescribed powers.

公安、国家安全机关在其工作范围内按照规定的权限确定国家秘密的密级。

Saved on: 05-13-2021



[CLI Code]: CLI.1.129605(EN)

**Article 14** An organ or entity shall determine the classification level of a state secret arising in the organ or entity pursuant to the provisions on the specific scope of state secrets and scopes of classification levels, as well as the secrecy period and access scope.

**第十四条** 机关、单位对所产生的国家秘密事项，应当按照国家秘密及其密级的具体范围的规定确定密级，同时确定保密期限和知悉范围。

**Article 15** The secrecy period of a state secret shall be a necessary period of time set according to the nature and characteristics of the matter and the needs for maintaining the national security and interests. Where it is impossible to determine the secrecy period, the conditions for declassification shall be determined.

**第十五条** 国家秘密的保密期限，应当根据事项的性质和特点，按照维护国家安全和利益的需要，限定在必要的期限内；不能确定期限的，应当确定解密的条件。

Unless it is otherwise provided for, the secrecy period of a state secret shall not exceed 30 years at the top-secret level, 20 years at the secret level or 10 years at the confidential level.

国家秘密的保密期限，除另有规定外，绝密级不超过三十年，机密级不超过二十年，秘密级不超过十年。

Organs and entities shall determine the specific secrecy period, declassification time or declassification conditions according to their respective work needs.

机关、单位应当根据工作需要，确定具体的保密期限、解密时间或者解密条件。

Where an organ or entity, for its work needs, decides to disclose a matter which has been determined as a classified matter in the process of deciding or handling the relevant matters, the matter shall be deemed declassified once it is officially disclosed.

机关、单位对在决定和处理有关事项工作过程中确需要保密的事项，根据工作需要决定公开的，正式公布时即视为解密。

**Article 16** The access scope of a state secret shall be minimized according to the work needs.

**第十六条** 国家秘密的知悉范围，应当根据工作需要限定在最小范围。

When possible, the access to a state secret shall be granted to specific persons; otherwise, shall be granted to specific organs or entities which specify the persons to have access thereto.

国家秘密的知悉范围能够限定到具体人员的，限定到具体人员；不能限定到具体人员的，限定到机关、单位，由机关、单位限定到具体人员。

Where any person outside the access scope of a state secret needs to have access to the state secret due to his work, his access shall be subject to the approval of the person in charge of the relevant organ or entity.

国家秘密的知悉范围以外的人员，因工作需要知悉国家秘密的，应当经过机关、单位负责人批准。

**Article 17** Organs and entities shall put a state secret label on the paper, optic, electromagnetic and other media carrying state secrets (hereinafter referred to as "state secret carriers") as well as equipment and products which are state secrets.

**第十七条** 机关、单位对承载国家秘密的纸介质、光介质、电磁介质等载体（以下简称国家秘密载体）以及属于国家秘密的设备、产品，应当做出国家秘密标志。

Those not being state secrets shall not be labeled state secrets.

不属于国家秘密的，不应当做出国家



[CLI Code]: CLI.1.129605(EN)

秘密标志。

**Article 18** The classification levels, secrecy periods and access scopes of state secrets shall be timely modified in light of changes of situations. The modification of the classification level, secrecy period and access scope of a state secret shall be decided by the organ or entity which originally determined the state secret or by its superior.

**第十八条** 国家秘密的密级、保密期限和知悉范围，应当根据情况变化及时变更。国家秘密的密级、保密期限和知悉范围的变更，由原定密机关、单位决定，也可以由其上级机关决定。

Where any modification is made to the classification level, secrecy period or access scope of a state secret, a written notice shall be given to the organs, entities or persons within the access scope in a timely manner.

国家秘密的密级、保密期限和知悉范围变更的，应当及时书面通知知悉范围内的机关、单位或者人员。

**Article 19** A state secret shall be automatically declassified at the expiry of its secrecy period.

**第十九条** 国家秘密的保密期限已满的，自行解密。

Organs and entities shall examine the state secrets determined by them at regular intervals. A state secret shall be timely declassified if it is no longer treated as state secret due to adjustment of the scope of classified matters or it no longer needs to be kept secret as its disclosure would not damage the national security or interests. If it is necessary to extend the secrecy period of a state secret, its secrecy period shall be re-determined before the expiry of the original secrecy period. The early declassification or the extension of secrecy period of a state secret shall be decided by the organ or entity which originally determined the state secret or by its superior.

机关、单位应当定期审核所确定的国家秘密。对在保密期限内因保密事项范围调整不再作为国家秘密事项，或者公开后不会损害国家安全和利益，不需要继续保密的，应当及时解密；对需要延长保密期限的，应当在原保密期限届满前重新确定保密期限。提前解密或者延长保密期限的，由原定密机关、单位决定，也可以由其上级机关决定。

**Article 20** Where any organ or entity is confused or raises any question about whether a matter is a state secret or at which classification level a state secret is, it shall be determined by the state secrecy administrative department or the secrecy administrative department of the relevant province, autonomous region or municipality directly under the Central Government.

**第二十条** 机关、单位对是否属于国家秘密或者属于何种密级不明确或者有争议的，由国家保密行政管理部门或者省、自治区、直辖市保密行政管理部门确定。

Chapter III Secrecy Provisions

第三章 保密制度

**Article 21** The making, sending, receiving, delivery, use, reproduction, keeping, maintenance and destruction of state secret carriers shall be in conformity with the state secrecy provisions.

**第二十一条** 国家秘密载体的制作、收发、传递、使用、复制、保存、维修和销毁，应当符合国家保密规定。

Carriers of state secrets at the top secret level shall be kept in the facilities or equipment which reaches the secrecy standards of the state, and special personnel shall be assigned to manage them. Without the approval of the original organ or entity which determined a state secret or its superior, no one shall copy or extract them.

绝密级国家秘密载体应当在符合国家保密标准的设施、设备中保存，并指定专人管理；未经原定密机关、单位或者其上级机关批准，不得复制和摘

Saved on: 05-13-2021



Special personnel shall be assigned to be responsible for the sending, receiving, delivery and carrying of such carriers, and necessary security measures shall be taken.

抄；收发、传递和外出携带，应当指定人员负责，并采取必要的安全措施。

**Article 22** The research, development, production, transport, use, keeping, maintenance and destruction of equipment and products which are state secrets shall be in conformity with the state secrecy provisions.

**第二十二条** 属于国家秘密的设备、产品的研制、生产、运输、使用、保存、维修和销毁，应当符合国家保密规定。

**Article 23** Computer information systems used to store and process state secrets (hereinafter referred to as "secret-related information systems") shall be protected at different grades based on the degree of involvement with state secrets.

**第二十三条** 存储、处理国家秘密的计算机信息系统（以下简称涉密信息系统）按照涉密程度实行分级保护。

Secrecy facilities and equipment shall be provided for a secret-related information system according to the state secrecy standards. Secrecy facilities and equipment shall be planned, constructed and put to use simultaneously with the secret-related information system.

涉密信息系统应当按照国家保密标准配备保密设施、设备。保密设施、设备应当与涉密信息系统同步规划，同步建设，同步运行。

A secret-related information system may be put to use only after it has passed the prescribed inspection.

涉密信息系统应当按照规定，经检查合格后，方可投入使用。

**Article 24** Organs and entities shall strengthen the management of secret-related information systems, and no organization or individual shall:

**第二十四条** 机关、单位应当加强对涉密信息系统的管理，任何组织和个人不得有下列行为：

1. Connect any secret-related computer or storage device to the Internet or any other public information network;

（一）将涉密计算机、涉密存储设备接入互联网及其他公共信息网络；

2. Exchange message between a secret-related information system and the Internet or any other public information network without taking any protective measures;

（二）在未采取防护措施的情况下，在涉密信息系统与互联网及其他公共信息网络之间进行信息交换；

3. Store or process state secret information by using any computer or storage device which is not a secret-related computer or storage device;

（三）使用非涉密计算机、非涉密存储设备存储、处理国家秘密信息；

4. Uninstall or modify the security technique program or management program of a secret-related information system without permission; or

（四）擅自卸载、修改涉密信息系统的安全技术程序、管理程序；

5. Present, sell, abandon or use for any other purpose any secret-related computer or storage device which has ceased to be used but not undergone treatment by security techniques.

（五）将未经安全技术处理的退出使用的涉密计算机、涉密存储设备赠送、出售、丢弃或者改作其他用途。

**Article 25** Organs and entities shall strengthen the management of state secret carriers, and no organization or individual shall:

**第二十五条** 机关、单位应当加强对国家秘密载体的管理，任何组织和个人不得有下列行为：

1. Illegally acquire or hold any state secret carrier;

（一）非法获取、持有国家秘密载体；



[CLI Code]: CLI.1.129605(EN)

2. Purchase, sell, transfer or privately destroy any state secret carrier;

（二）买卖、转送或者私自销毁国家秘密载体；

3. Transmit any state secret carrier by ordinary mail, express mail or any other channel without secrecy safeguards;

（三）通过普通邮政、快递等无保密措施的渠道传递国家秘密载体；

4. Send any state secret carrier out of this country by mail or consignment; or

（四）邮寄、托运国家秘密载体出境；

5. Carry or transmit any state secret carrier out of this country without the approval of the relevant competent authorities.

（五）未经有关主管部门批准，携带、传递国家秘密载体出境。

**Article 26** It shall be prohibited to illegally reproduce, record or store any state secret.

**第二十六条**　禁止非法复制、记录、存储国家秘密。

It shall be prohibited to transmit any state secret on the Internet or any other public information network or in any wire or radio communication without secrecy safeguards.

禁止在互联网及其他公共信息网络或者未采取保密措施的有线和无线通信中传递国家秘密。

It shall be prohibited to refer to any state secret in private contact or correspondence.

禁止在私人交往和通信中涉及国家秘密。

**Article 27** The relevant secrecy provisions shall be observed in the editing, publication, printing and issuance of newspapers, periodicals, books, audio and video recordings and electronic publications, in the making and broadcasting of radio programs, TV programs and films, and in the editing and publication of information on the Internet, mobile communication network or any other public information network or medium.

**第二十七条**　报刊、图书、音像制品、电子出版物的编辑、出版、印制、发行，广播节目、电视节目、电影的制作和播放，互联网、移动通信网等公共信息网络及其他传媒的信息编辑、发布，应当遵守有关保密规定。

**Article 28** Operators and service providers of the Internet or any other public information network shall cooperate with the public security organs, the national security organs and the procuratorial organs in the investigation of secret leakage cases. Where any operator or service provider finds that any information disclosed via the Internet or any other public information network involves any state secret, it shall immediately stop transmitting it, keep the relevant records, and report to the public security organ, national security organ or secrecy administrative department. Operators and service providers shall delete information which involves state secrets as required by the public security organs, the national security organs or the secrecy administrative departments.

**第二十八条**　互联网及其他公共信息网络运营商、服务商应当配合公安机关、国家安全机关、检察机关对泄密案件进行调查；发现利用互联网及其他公共信息网络发布的信息涉及泄露国家秘密的，应当立即停止传输，保存有关记录，向公安机关、国家安全机关或者保密行政管理部门报告；应当根据公安机关、国家安全机关或者保密行政管理部门的要求，删除涉及泄露国家秘密的信息。

**Article 29** Organs and entities shall observe the secrecy provisions when disclosing information to the public or conducting procurement for projects, goods or services which involve state secrets.

**第二十九条**　机关、单位公开发布信息以及对涉及国家秘密的工程、货物、服务进行采购时，应当遵守保密规定。

**Article 30** Where an organ or entity needs to provide any state secret in foreign contact or cooperation or any overseas person appointed or employed by an organ or entity

**第三十条**　机关、单位对外交往与合作中需要提供国家秘密事项，或者任



[CLI Code]: CLI.1.129605(EN)

needs to have access to any state secret due to his work, the organ or entity shall report to the competent department of the State Council or the people's government of the relevant province, autonomous region or municipality directly under the Central Government for approval, and enter into a secrecy agreement with the other party.

用、聘用的境外人员因工作需要知悉国家秘密的，应当报国务院有关主管部门或者省、自治区、直辖市人民政府有关主管部门批准，并与对方签订保密协议。

**Article 31** The sponsor of a meeting or any other activity which involves any state secret shall take secrecy measures, provide secrecy education to attendees and specify the secrecy requirements.

**第三十一条** 举办会议或者其他活动涉及国家秘密的，主办单位应当采取保密措施，并对参加人员进行保密教育，提出具体保密要求。

**Article 32** Organs and entities shall determine their institutions involving state secrets at the top secret level or a relatively large amount of state secrets at the secret or confidential level as vital institutions in the secrecy work, determine their places exclusively used for producing, storing and keeping state secret carriers as vital places in the secrecy work, and arrange and use necessary technical protection facilities and equipment according to the state secrecy provisions and standards.

**第三十二条** 机关、单位应当将涉及绝密级或者较多机密级、秘密级国家秘密的机构确定为保密要害部门，将集中制作、存放、保管国家秘密载体的专门场所确定为保密要害部位，按照国家保密规定和标准配备、使用必要的技术防护设施、设备。

**Article 33** For forbidden military zones and other sites or positions which are state secrets and not open to the public, secrecy measures shall be taken, and no one shall decide to open them to the public or widen the area open to the public without the approval of the relevant authorities.

**第三十三条** 军事禁区和属于国家秘密不对外开放的其他场所、部位，应当采取保密措施，未经有关部门批准，不得擅自决定对外开放或者扩大开放范围。

**Article 34** Enterprises or public institutions engaging in the production, reproduction, maintenance or destruction of state secret carriers, the integration of secret-related information systems, the scientific research or manufacturing of weaponry or any other business involving state secrets shall be subject to secrecy vetting. The specific measures shall be formulated by the State Council.

**第三十四条** 从事国家秘密载体制作、复制、维修、销毁，涉密信息系统集成，或者武器装备科研生产等涉及国家秘密业务的企业事业单位，应当经过保密审查，具体办法由国务院规定。

An organ or entity which entrusts any of the above-mentioned businesses to an enterprise or a public institution shall enter into a secrecy agreement with the latter, clarify the secrecy requirements and take secrecy measures.

机关、单位委托企业事业单位从事前款规定的业务，应当与其签订保密协议，提出保密要求，采取保密措施。

**Article 35** Personnel who work at posts involving state secrets (hereinafter referred to as secret-related personnel) shall be divided into core, important and ordinary secret-related personnel according to the degree of involvement in state secrets, and be subject to categorized management.

**第三十五条** 在涉密岗位工作的人员（以下简称涉密人员），按照涉密程度分为核心涉密人员、重要涉密人员和一般涉密人员，实行分类管理。

Vetting shall be made pursuant to the relevant provisions before appointing or employing secret-related personnel.

任用、聘用涉密人员应当按照有关规定进行审查。

Secret-related personnel shall have a good political quality, good characters and the working competency required by their secret-related posts.

涉密人员应当具有良好的政治素质和品行，具有胜任涉密岗位所要求的工

Saved on: 05-13-2021



作能力。

The legitimate rights and interests of secret-related personnel shall be protected by law.

涉密人员的合法权益受法律保护。

**Article 36** Secret-related personnel shall receive secrecy education and training before taking posts, have secrecy knowledge and skills, sign a secrecy commitment statement, strictly abide by the secrecy rules and regulations, and never divulge state secrets in any way.

**第三十六条** 涉密人员上岗应当经过保密教育培训，掌握保密知识技能，签订保密承诺书，严格遵守保密规章制度，不得以任何方式泄露国家秘密。

**Article 37** Secret-related personnel to leave this country shall apply to the relevant authorities for approval. Where the relevant authority believes that such a person's leaving this country would endanger the national security or cause material losses to the national interests, it shall not approve his application for leaving the country.

**第三十七条** 涉密人员出境应当经有关部门批准，有关机关认为涉密人员出境将对国家安全造成危害或者对国家利益造成重大损失的，不得批准出境。

**Article 38** Secret-related personnel shall be deprived of access to state secrets for a period of time before leaving his post or quitting his job. During that period, secret-related personnel shall perform the secrecy obligation according to the relevant provisions, and shall not violate employment provisions or divulge state secretes in any way.

**第三十八条** 涉密人员离岗离职实行脱密期管理。涉密人员在脱密期内，应当按照规定履行保密义务，不得违反规定就业，不得以任何方式泄露国家秘密。

**Article 39** Organs and entities shall establish sound management rules for secret-related personnel, clarify their rights and post duties and requirements, and conduct routine supervision and inspection on their performance of duties.

**第三十九条** 机关、单位应当建立健全涉密人员管理制度，明确涉密人员的权利、岗位责任和要求，对涉密人员履行职责情况开展经常性的监督检查。

**Article 40** Where a state functionary or any other citizen finds that a state secret has been or may be divulged, he shall immediately take repair measures and report to the relevant organ or entity. The organ or entity shall, immediately after receiving the report, handle the situation and report to the secrecy administrative department.

**第四十条** 国家工作人员或者其他公民发现国家秘密已经泄露或者可能泄露时，应当立即采取补救措施并及时报告有关机关、单位。机关、单位接到报告后，应当立即作出处理，并及时向保密行政管理部门报告。

Chapter IV Supervision and Administration

第四章 监督管理

**Article 41** The state secrecy administrative department shall make secrecy rules and national secrecy standards pursuant to laws and administrative regulations.

**第四十一条** 国家保密行政管理部门依照法律、行政法规的规定，制定保密规章和国家保密标准。

**Article 42** The secrecy administrative departments shall organize and carry out secrecy publicity and education, secrecy inspection, secrecy technique protection, investigation of secret leakage cases and other work according to law, and guide and supervise the secrecy work of organs and entities.

**第四十二条** 保密行政管理部门依法组织开展保密宣传教育、保密检查、保密技术防护和泄密案件查处工作，对机关、单位的保密工作进行指导和监督。



[CLI Code]: CLI.1.129605(EN)

**Article 43** Where a secrecy administrative department finds that any state secret is inappropriately determined, modified or declassified, it shall timely notify the relevant organ or entity to correct.

**Article 44** When a secrecy administrative department conducts an inspection on an organ's or entity's compliance with the secrecy provisions, the organ or entity shall cooperate. If the secrecy administrative department finds that the organ or entity has any hidden risk of leakage of state secrets, it shall require the organ or entity to take measures and make rectification within a certain time limit, and order the organ or entity to stop using the facility, equipment or place with a hidden risk of leakage of state secrets. The secrecy administrative department shall suggest that the relevant organ or entity take disciplinary actions against secret-related personnel who have seriously violated the secrecy provisions and remove them from the secret-related posts. If leakage of any state secret is suspected, the secrecy administrative department shall urge and direct the relevant organ or entity to investigate and handle it. If anyone is suspected of a crime, the secrecy administrative department shall transfer the case to the judicial organ.

**Article 45** The secrecy administrative departments shall capture the illegally acquired or held state secret carriers found in secrecy inspections.

**Article 46** Where an organ handling a state secret leakage case needs to identify whether the matter in question is a state secret and the classification level, the identification shall be conducted by the state secrecy administrative department or the secrecy administrative department of the relevant province, autonomous region or municipality directly under the Central Government.

**Article 47** Where an organ or entity fails to take disciplinary actions against its personnel violating the secrecy provisions, the secrecy administrative department shall suggest that the organ or entity make a correction. If the organ or entity refuses to correct, the secrecy administrative department shall request its immediate superior or the supervisory organ to deal with the responsible leaders and directly liable persons of the organ or entity according to law.

Chapter V Legal Liability

**Article 48** Whoever commits any of the following conduct in violation of this Law shall be subject to a disciplinary action; and if a crime is constituted, be subject to criminal liability:

1. Illegally acquiring or holding any state secret carrier;

**第四十三条** 保密行政管理部门发现国家秘密确定、变更或者解除不当的，应当及时通知有关机关、单位予以纠正。

**第四十四条** 保密行政管理部门对机关、单位遵守保密制度的情况进行检查，有关机关、单位应当配合。保密行政管理部门发现机关、单位存在泄密隐患的，应当要求其采取措施，限期整改；对存在泄密隐患的设施、设备、场所，应当责令停止使用；对严重违反保密规定的涉密人员，应当建议有关机关、单位给予处分并调离涉密岗位；发现涉嫌泄露国家秘密的，应当督促、指导有关机关、单位进行调查处理。涉嫌犯罪的，移送司法机关处理。

**第四十五条** 保密行政管理部门对保密检查中发现的非法获取、持有的国家秘密载体，应当予以收缴。

**第四十六条** 办理涉嫌泄露国家秘密案件的机关，需要对有关事项是否属于国家秘密以及属于何种密级进行鉴定的，由国家保密行政管理部门或者省、自治区、直辖市保密行政管理部门鉴定。

**第四十七条** 机关、单位对违反保密规定的人员不依法给予处分的，保密行政管理部门应当建议纠正，对拒不纠正的，提请其上一级机关或者监察机关对该机关、单位负有责任的领导人员和直接责任人员依法予以处理。

第五章 法律责任

**第四十八条** 违反本法规定，有下列行为之一的，依法给予处分；构成犯罪的，依法追究刑事责任：

（一）非法获取、持有国家秘密载体的；

Saved on: 05-13-2021



[CLI Code]: CLI.1.129605(EN)

2. Purchasing, selling, transferring or privately destroying any state secret carrier;

（二）买卖、转送或者私自销毁国家秘密载体的；

3. Transmitting any state secret carrier via ordinary mail, express mail or any other channel without secrecy safeguards;

（三）通过普通邮政、快递等无保密措施的渠道传递国家秘密载体的；

4. Sending any state secret carrier out of this country by mail or consignment or carrying or transmitting any state secret carrier out of this country without the approval of the relevant competent authorities;

（四）邮寄、托运国家秘密载体出境，或者未经有关主管部门批准，携带、传递国家秘密载体出境的；

5. Illegally reproducing, recording or storing any state secret;

（五）非法复制、记录、存储国家秘密的；

6. Referring to any state secret in private contact or correspondence;

（六）在私人交往和通信中涉及国家秘密的；

7. Transmitting any state secret on the Internet or any other public information network or in any wire or radio communication without secrecy safeguards;

（七）在互联网及其他公共信息网络或者未采取保密措施的有线和无线通信中传递国家秘密的；

8. Connecting any secret-related computer or storage device to the Internet or any other public information network;

（八）将涉密计算机、涉密存储设备接入互联网及其他公共信息网络的；

9. Exchanging message between a secret-related information system and the Internet or any other public information network without taking any safeguard measures;

（九）在未采取防护措施的情况下，在涉密信息系统与互联网及其他公共信息网络之间进行信息交换的；

10. Storing or processing state secret information by using any computer or storage device which is not a secret-related computer or storage device;

（十）使用非涉密计算机、非涉密存储设备存储、处理国家秘密信息的；

11. Uninstalling or modifying the safety technique program or management program of a secret-related information system without permission; or

（十一）擅自卸载、修改涉密信息系统的安全技术程序、管理程序的；

12. Presenting, selling, abandoning or using for any other purpose any secret-related computer or storage device which has ceased to be used but not undergone treatment by security techniques.

（十二）将未经安全技术处理的退出使用的涉密计算机、涉密存储设备赠送、出售、丢弃或者改作其他用途的。

If any of the above-mentioned conduct committed by a person does not constitute a crime and disciplinary actions are not applicable to him, the secrecy administrative department shall urge the organ or entity where he works to properly deal with him.

有前款行为尚不构成犯罪，且不适用处分的人员，由保密行政管理部门督促其所在机关、单位予以处理。

**Article 49** Where any serious secret leakage case occurs in an organ or entity violating this Law, it shall take disciplinary actions according to law against the directly liable person in charge and other directly liable persons. For persons to whom disciplinary actions are not applicable, the secrecy administrative department shall urge the competent department to deal with them.

**第四十九条** 机关、单位违反本法规定，发生重大泄密案件的，由有关机关、单位依法对直接负责的主管人员和其他直接责任人员给予处分；不适用处分的人员，由保密行政管理部门督促其主管部门予以处理。

Saved on: 05-13-2021



[CLI Code]: CLI.1.129605(EN)

Where, in violation of this Law, an organ or entity fails to determine a matter as a state secret which it shall determine as a state secret or determines a matter as a state secret which it shall not determine as a state secret, causing serious consequences, the organ or entity shall take disciplinary actions against the directly liable person in charge and other directly liable persons.

机关、单位违反本法规定，对应当定密的事项不定密，或者对不应当定密的事项定密，造成严重后果的，由有关机关、单位依法对直接负责的主管人员和其他直接责任人员给予处分。

**Article 50** Where any operator or service provider of the Internet or any other public information network violates Article 28 of this Law, the public security organ, the national security organ or the competent industry and information technology department shall impose punishment within its scope of functions.

**第五十条** 互联网及其他公共信息网络运营商、服务商违反本法第二十八条规定的，由公安机关或者国家安全机关、信息产业主管部门按照各自职责分工依法予以处罚。

**Article 51** Where any staff member of a secrecy administrative department abuses his powers, neglects his duties, practices favoritism or makes falsehood in performing his secrecy administrative functions, he shall be subject to disciplinary actions; and if any crime is constituted, be subject to criminal liability.

**第五十一条** 保密行政管理部门的工作人员在履行保密管理职责中滥用职权、玩忽职守、徇私舞弊的，依法给予处分；构成犯罪的，依法追究刑事责任。

Chapter VI Supplementary Provisions

第六章 附则

**Article 52** The Central Military Commission shall formulate the secrecy regulation of the Chinese People's Liberation Army according to this Law.

**第五十二条** 中央军事委员会根据本法制定中国人民解放军保密条例。

**Article 53** This Law shall come into force on October 1, 2010.

**第五十三条** 本法自 2010 年 10 月 1 日起施行。

Saved on: 05-13-2021



[CLI Code]: CLI.1.129605(EN)

© Pkulaw (www.pkulaw.com) provides various professional solutions in such fields as legal information, law knowledge and legal software. Pkulaw provides you with abundant reference materials. When you invoke articles of laws and regulations, please check them with the standard texts.

You are welcome to view all our products and services.  Pkulaw Express: How to quickly find information you need? What are the new features of Pkulaw V6?



Scan QR Code for instant access to the original text.

**Original Link:** https://www.pkulaw.com/en_law/64aaf242e65550f4bdfb.html

Saved on: 05-13-2021

# EXHIBIT 2

2021年8月31日 星期二 | 全国人大全媒体

  

首页 | 宪法 | 人大机构 | 栗战书委员长 | 代表大会会议 | 常委会会议 | 委员长会议 | 权威发布 | 立法 | 监督 | 代表
对外交往 | 选举任免 | 法律研究 | 理论 | 机关工作 | 地方人大 | 图片 | 视频 | 直播 | 专题 | 资料库 | 国旗 | 国歌 | 国徽

新闻 ▼

当前位置：首页 ▶ 专题集锦 ▶ 立法 ▶ 数据安全法立法 ▶ 常委会审议

## 数据安全法：护航数据安全 助力数字经济发展

来源：新华网　　浏览字号：大 中 小　　　　　　　　　　2021年06月10日 20:07:12

　　新华社北京6月10日电 随着信息技术和人类生产生活交汇融合，各类数据迅猛增长、海量聚集，对经济发展、人民生活都产生了重大而深刻的影响。数据安全已成为事关国家安全与经济社会发展的重大问题。党中央对此高度重视，就加强数据安全工作和促进数字化发展作出一系列部署。按照党中央决策部署和贯彻总体国家安全观的要求，全国人大常委会积极推动数据安全立法工作。经过三次审议，2021年6月10日，十三届全国人大常委会第二十九次会议通过了数据安全法。这部法律是数据领域的基础性法律，也是国家安全领域的一部重要法律，将于2021年9月1日起施行。

　　制定数据安全法是维护国家安全的必然要求。数据是国家基础性战略资源，没有数据安全就没有国家安全。数据安全法贯彻落实总体国家安全观，聚焦数据安全领域的风险隐患，加强国家数据安全工作的统筹协调，确立了数据分类分级管理、数据安全审查，数据安全风险评估、监测预警和应急处置等基本制度。通过建立健全各项制度措施，提升国家数据安全保障能力，有效应对数据这一非传统领域的国家安全风险与挑战，切实维护国家主权、安全和发展利益。

　　制定数据安全法是维护人民群众合法权益的客观需要。数字经济为人民群众生产生活提供了很多便利，同时各类数据的拥有主体更加多样，处理活动更加复杂，一些企业、机构忽视数据安全保护、利用数据侵害人民群众合法权益的问题也十分突出，社会反映强烈。数据安全法明确了相关主体依法依规开展数据活动，建立健全数据安全管理制度，加强风险监测和及时处置数据安全事件等义务和责任，通过严格规范数据处理活动，切实加强数据安全保护，让广大人民群众在数字化发展中获得更多幸福感、安全感。

　　制定数据安全法是促进数字经济健康发展的重要举措。近年来，我国不断推进网络强国、数字中国、智慧社会建设，以数据为新生产要素的数字经济蓬勃发展，数据的竞争已成为国际竞争的重要领域。数据安全法坚持安全与发展并重，在规范数据活动的同时，对支持促进数据安全与发展的措施、推进政务数据开放利用等作出相应规定，通过促进数据依法合理有效利用，充分发挥数据的基础资源作用和创新引擎作用，加快形成以创新为主要引领和支撑的数字经济，更好服务我国经济社会发展。

編　辑：李倩文

责　编：余 晨

### 图片报道　　　　　　　更多>>

 
 

### 立法

个人信息保护有法可依
新修改的安全生产法9月1日起施行...
一图读懂！新行政处罚法之首违不...
为个人信息安全上"保护锁"
保障和惩罚两手抓，这部法律给医...

### 监督

全国人大财经干部培训广覆盖多形...
史耀斌：坚持全口径审查全过程监...
郭庆平：依法抓实抓好政府债务审...
欧文汉：将政府债务分类纳入预算...
王陆进：积极服务人大监督，共同...

### 代表

代表燕赵行 感受司法为民初心
王一君：联合五级人大代表同心为...
王欣会：当好未成年人的青春守卫...
张家祥：关注阳区谋发展 拓...
于合文："石刻走进教材，我特别...

### 专题集锦

学习习近平总书记关于民法典重要...
全过程人民民主
建党百年 新时代人大工作巡礼
用好红色资源 传承好红色基...
第十三届全国人民代表大会常务委...

# Data Security Law:

## Escort Data Security, Assist Digital Economy

Xinhua News Agency, Beijing, June 10 -- With the convergence of information technology and human production and life, various types of data are growing rapidly and gathering massively, which have a significant and profound impact on economic development and people's lives. Data security has become a major issue related to national security and economic and social development. The Central Committee of Communist Party of China attaches great importance to this issue and has made a series of arrangements to strengthen data security and promote digital development. In accordance with decision of the Central Committee and requirement of the overall national security concept, the Standing Committee of the National People's Congress actively promote the legislation of data security. After three deliberations, the twenty-ninth meeting of the Standing Committee of the Thirteenth National People's Congress adopted the Data Security Law on June 10, 2021. This law is a fundamental law in the field of data and an important law in the field of national security, which will come into force on September 1, 2021.

The enactment of Data Security Law is a necessity of maintaining national security. Data is a fundamental strategic resource of the country. Without data security, there would be no national security. The Data Security Law implements the overall national security concept, focuses on the risks of data security, strengthens the cooperation of national data security work and sets up a basic system including data classification management, data security review, data security risk assessment, monitoring and early warning and emergency response. The establishment and development of various institutional measures will enhance the national data security capacity, respond to national security risks and challenges in this non-traditional area effectively, and safeguard national sovereignty, security and development interests.

The enactment of Data Security Law is an objective need to safeguard the legitimate rights and interests of the people. The digital economy provides much convenience for people's life, but at the same time, as the owners of various types of data become more diverse and processing of data become more complicated, some companies and institutions ignore data security protection and use data to infringe the legitimate rights and interests of the people. The society reacts strongly on this issue. The Data security law clarifies that relevant parties carry out data activities in accordance with the law, establish and improv data security management system, strengthen risk monitoring and timely disposal of data security incidents and other obligations and responsibilities. The law strictly regulates data processing activities and strengthens data security protection, so that the public have a greater sense of happiness and security in the development of digitalization.

The enactment of Data Security Law is an important step to promote the healthy development of the digital economy. In recent years, China has continued to promote the construction of a strong cyber, digital country and intelligent society, the digital economy with data as a new

factor of production has flourished, and the competition of data has become an important area of international competition. The Data Security Law insists on the equal importance of security and development. While regulating data activities, it makes corresponding provisions on measures to support and promote data security and development, and promoting the open use of government data. By promoting effective use of data in accordance with laws, Data Security Law gives full play to the role of data as a fundamental resource and an engine of innovation, accelerates the formation of a digital economy led and supported mainly by innovation, and better serves the economic and social development of China.

# EXHIBIT 3



# 中华人民共和国数据安全法

# Data Security Law of the People's Republic of China

| | |
|---|---|
| **颁布机关:** | 全国人民代表大会常务委员会 |
| **Promulgating Institution:** | Standing Committee of the National People's Congress |
| **文　　号:** | 中华人民共和国主席令第八十四号 |
| **Document Number:** | Order No. 84 of the President of the People's Republic of China |
| **颁布时间:** | 06/10/2021 |
| **Promulgating Date:** | 06/10/2021 |
| **实施时间:** | 09/01/2021 |
| **Effective Date:** | 09/01/2021 |
| **效力状态:** | 未生效 |
| **Validity Status:** | Forthcoming |

中华人民共和国主席令

第八十四号

《中华人民共和国数据安全法》已由中华人民共和国第十三届全国人民代表大会常务委员会第二十九次会议于2021年6月10日通过，现予公布，自2021年9月1日起施行。

中华人民共和国主席　习近平

2021年6月10日

**Order No. 84 of the President of the People's Republic of China**

The Data Security Law of the People's Republic of China, adopted at the 29th Session of the Standing Committee of the 13th National People's Congress of the People's Republic of China on June 10, 2021, is hereby promulgated and shall come into force on September 1, 2021.

President of the People's Republic of China Xi Jinping

June 10, 2021

中华人民共和国数据安全法

(2021年6月10日第十三届全国人民代表大会常务委员会第二十九次会议通过)

目录

第一章 总则

第二章 数据安全与发展

第三章 数据安全制度

第四章 数据安全保护义务

第五章 政务数据安全与开放

第六章 法律责任

第七章 附则

**Data Security Law of the People's Republic of China**



(Adopted at the 29th Session of the Standing Committee of the 13th National People's Congress on June 10, 2021)

Table of Contents

Chapter 1: General Provisions
Chapter 2: Data Security and Development
Chapter 3: Data Security Systems
Chapter 4: Data Security Protection Obligations
Chapter 5: Security and Disclosure of Government Data
Chapter 6: Legal Liabilities
Chapter 7: Supplementary Provisions

第一章 总则

**Chapter 1: General Provisions**

**第一条** 为了规范数据处理活动,保障数据安全,促进数据开发利用,保护个人、组织的合法权益,维护国家主权、安全和发展利益,制定本法。

**Article 1**     This Law is formulated with a view to regulating data processing activities, ensuring data security, promoting data development and utilization, protecting the legitimate rights and interests of individuals and organizations, and safeguarding national sovereignty, security and development interests.

**第二条** 在中华人民共和国境内开展数据处理活动及其安全监管,适用本法。

在中华人民共和国境外开展数据处理活动,损害中华人民共和国国家安全、公共利益或者公民、组织合法权益的,依法追究法律责任。

**Article 2**     This Law shall apply to data processing activities carried out within the territory of the People's Republic of China and the security supervision thereof.

Data processing activities carried out outside the territory of the People's Republic of China which damage the national security and public interests of the People's Republic of China, or the legitimate rights and interests of the citizens and organizations thereof shall be investigated for legal liabilities pursuant to the law.

**第三条** 本法所称数据,是指任何以电子或者其他方式对信息的记录。

数据处理,包括数据的收集、存储、使用、加工、传输、提供、公开等。

数据安全,是指通过采取必要措施,确保数据处于有效保护和合法利用的状态,以及具备保障持续安全状态的能力。

**Article 3**     For the purpose of this Law, data shall refer to any record of information in electronic or other form.

Data processing shall include the collection, storage, use, processing, transmission, provision, disclosure, etc. of data.

Data security shall mean taking necessary measures to ensure that data are under the state of effective protection and in lawful use, and having the ability to keep the data in constantly secure state.

**第四条** 维护数据安全,应当坚持总体国家安全观,建立健全数据安全治理体系,提高数据安全保障能力。

**Article 4**     To safeguard data security, it is imperative to adhere to the overall national security

concept, establish and improve the data security governance system, and enhance capabilities to safeguard data security.

**第五条**  中央国家安全领导机构负责国家数据安全工作的决策和议事协调,研究制定、指导实施国家数据安全战略和有关重大方针政策,统筹协调国家数据安全的重大事项和重要工作,建立国家数据安全工作协调机制。

**Article 5**     The State security leadership organ at the central level shall be responsible for the decision-making and deliberation coordination of the national data security work, study, formulate and guide the implementation of national data security strategies and relevant major guidelines and policies, make overall coordination of major issues and important tasks of national data security, and establish a national data security work coordination mechanism.

**第六条**  各地区、各部门对本地区、本部门工作中收集和产生的数据及数据安全负责。

工业、电信、交通、金融、自然资源、卫生健康、教育、科技等主管部门承担本行业、本领域数据安全监管职责。

公安机关、国家安全机关等依照本法和有关法律、行政法规的规定,在各自职责范围内承担数据安全监管职责。

国家网信部门依照本法和有关法律、行政法规的规定,负责统筹协调网络数据安全和相关监管工作。

**Article 6**     Each region or department shall be responsible for the data collected and generated in its work and the security of such data.

Competent departments in charge of industry, telecommunications, transportation, finance, natural resources, health, education, science and technology and other industries shall bear the responsibilities for regulating data security in their respective industry or field.

Public security organs, State security organs, etc. shall, in accordance with this Law and other relevant laws and administrative regulations, bear the responsibilities for regulating data security within their respective scope of duties.

The State cyberspace administration shall, in accordance with this Law and other relevant laws and administrative regulations, be responsible for the overall coordination of online data security and related regulatory work.

**第七条**  国家保护个人、组织与数据有关的权益,鼓励数据依法合理有效利用,保障数据依法有序自由流动,促进以数据为关键要素的数字经济发展。

**Article 7**     The State shall protect the data-related rights and interests of individuals and organizations, encourage the reasonable and effective use of data pursuant to the law, guarantee the orderly and free flow of data pursuant to the law, and promote the development of the digital economy with data as the key element.

**第八条**  开展数据处理活动,应当遵守法律、法规,尊重社会公德和伦理,遵守商业道德和职业道德,诚实守信,履行数据安全保护义务,承担社会责任,不得危害国家安全、公共利益,不得损害个人、组织的合法权益。

**Article 8**     To carry out data processing activities, it is imperative to comply with laws and regulations, respect social morals and ethics, abide by business and professional ethics, upon honesty and integrity, perform data security protection obligations, bear social responsibilities, and refrain from endangering national security and public interests or prejudicing the legitimate rights and interests of individuals or organizations.



第九条　国家支持开展数据安全知识宣传普及,提高全社会的数据安全保护意识和水平,推动有关部门、行业组织、科研机构、企业、个人等共同参与数据安全保护工作,形成全社会共同维护数据安全和促进发展的良好环境。

**Article 9**　The State shall support the promotion and popularization of data security knowledge to raise the awareness and level of data security protection of the whole society, and shall promote relevant departments, industry organizations, research institutions, enterprises, individuals, etc. to jointly participate in data security protection work, and form a favorable environment whereby the whole society jointly safeguard data security and promote development.

第十条　相关行业组织按照章程,依法制定数据安全行为规范和团体标准,加强行业自律,指导会员加强数据安全保护,提高数据安全保护水平,促进行业健康发展。

**Article 10**　The relevant industry associations shall, in accordance with the articles of association, formulate data security codes of conduct and group standard pursuant to the law, strengthen industry self-discipline, guide their members to strengthen data security protection, improve data security protection levels, and promote the healthy development of the industry.

第十一条　国家积极开展数据安全治理、数据开发利用等领域的国际交流与合作,参与数据安全相关国际规则和标准的制定,促进数据跨境安全、自由流动。

**Article 11**　The State shall actively carry out international exchanges and cooperation in the fields of data security governance and data development and utilization,, participate in the formulation of international rules and standards related to data security, and promote the secure and free flow of data across borders.

第十二条　任何个人、组织都有权对违反本法规定的行为向有关主管部门投诉、举报。收到投诉、举报的部门应当及时依法处理。

有关主管部门应当对投诉、举报人的相关信息予以保密,保护投诉、举报人的合法权益。

**Article 12**　Any individual or organization shall be entitled to lodge complaints or tip-offs to relevant competent departments against violations of this Law. The departments that receive such complaints or tip-offs shall promptly deal with the same pursuant to the law.

Relevant competent departments shall keep confidential the relevant information of complainants and informants, and protect the lawful rights and interests of complainants and informants.

第二章 数据安全与发展

**Chapter 2: Data Security and Development**

第十三条　国家统筹发展和安全,坚持以数据开发利用和产业发展促进数据安全,以数据安全保障数据开发利用和产业发展。

**Article 13**　The State shall coordinate development and security, always promote data security with data development and utilization and industrial development, and support data development and utilization and industrial development with data security.

第十四条　国家实施大数据战略,推进数据基础设施建设,鼓励和支持数据在各行业、各领域的创新应用。

省级以上人民政府应当将数字经济发展纳入本级国民经济和社会发展规划,并根据需要制定数字经



济发展规划。

**Article 14**　　The State shall implement a big data strategy, promote the construction of data infrastructure, encourage and support the innovative application of data in various industries and fields.

People's governments at and above the provincial level shall incorporate digital economy development into their national economic and social development plans at the same level, and formulate digital economy development plan where it is necessary.

**第十五条**　　国家支持开发利用数据提升公共服务的智能化水平。提供智能化公共服务,应当充分考虑老年人、残疾人的需求,避免对老年人、残疾人的日常生活造成障碍。

**Article 15**　　The State shall support the development and utilization of data to improve the intelligence level of public services. To provide the intelligent public services, it is imperative to fully consider the needs of the elderly and the disabled, and avoid causing obstacles to the daily lives of the elderly and the disabled.

**第十六条**　　国家支持数据开发利用和数据安全技术研究,鼓励数据开发利用和数据安全等领域的技术推广和商业创新,培育、发展数据开发利用和数据安全产品、产业体系。

**Article 16**　　The State shall support the research of the technology for data development and utilization and data security, encourage technology promotion and business innovation in fields such as data development and utilization and data security, and nurture and develop data development and utilization and data security products and industrial systems.

**第十七条**　　国家推进数据开发利用技术和数据安全标准体系建设。国务院标准化行政主管部门和国务院有关部门根据各自的职责,组织制定并适时修订有关数据开发利用技术、产品和数据安全相关标准。国家支持企业、社会团体和教育、科研机构等参与标准制定。

**Article 17**　　The State shall promote the development of data development and utilization technologies and data security standards. The competent standardization administrative department of the State Council and other relevant departments of the State Council shall, according to their respective responsibilities, organize the formulation and timely revision of relevant standards for data development and utilization technologies, products and data security. The State shall support enterprises, social groups, and education and research institutes, etc. to participate in the formulation of standards.

**第十八条**　　国家促进数据安全检测评估、认证等服务的发展,支持数据安全检测评估、认证等专业机构依法开展服务活动。

国家支持有关部门、行业组织、企业、教育和科研机构、有关专业机构等在数据安全风险评估、防范、处置等方面开展协作。

**Article 18**　　The State shall promote the development of data security testing and evaluation, certification and other services, and support professional organizations such as those for data security testing and evaluation, certification, etc. to carry out services in accordance with the law.

The State shall support relevant departments, industry organizations, enterprises, education and scientific research institutions, and relevant professional institutions to collaborate in terms of data security risk assessment, prevention, and disposal.

**第十九条**　　国家建立健全数据交易管理制度,规范数据交易行为,培育数据交易市场。

**Article 19**　　The State shall establish and improve a data transaction management system,



regulate data transaction activities, and cultivate a data transaction market.

**第二十条**　国家支持教育、科研机构和企业等开展数据开发利用技术和数据安全相关教育和培训,采取多种方式培养数据开发利用技术和数据安全专业人才,促进人才交流。

**Article 20**　The State shall support education, research institutions, and enterprises, etc. to provide education and training on data development and utilization technologies and data security, adopt various methods to train professionals for data development and utilization technologies and data security, and promote exchange of talents.

第三章　数据安全制度
## Chapter 3: Data Security Systems

**第二十一条**　国家建立数据分类分级保护制度,根据数据在经济社会发展中的重要程度,以及一旦遭到篡改、破坏、泄露或者非法获取、非法利用,对国家安全、公共利益或者个人、组织合法权益造成的危害程度,对数据实行分类分级保护。国家数据安全工作协调机制统筹协调有关部门制定重要数据目录,加强对重要数据的保护。

关系国家安全、国民经济命脉、重要民生、重大公共利益等数据属于国家核心数据,实行更加严格的管理制度。

各地区、各部门应当按照数据分类分级保护制度,确定本地区、本部门以及相关行业、领域的重要数据具体目录,对列入目录的数据进行重点保护。

**Article 21**　The State shall establish the data classified and categorized protection system to protect data in a classified and categorized manner based on the degree of importance of data in economic and social development, as well as the extent of damage caused to national security, public interests or the legitimate rights and interests of individuals and organizations once data are tampered with, destroyed, leaked or illegally obtained or illegally used. The national data security work coordination mechanism shall coordinate relevant departments to formulate the catalogue of important data and strengthen the protection of important data.

Data related to national security, the lifeline of the national economy, important people's livelihood, and major public interests are the State's core data, and shall be subject to stricter management system.

All regions and departments shall, in accordance with the data classified and categorized protection system, determine the specific catalogue of important data for protection of their respective region, department and relevant industry, and protect the data included in such catalogues on a priority basis.

**第二十二条**　国家建立集中统一、高效权威的数据安全风险评估、报告、信息共享、监测预警机制。国家数据安全工作协调机制统筹协调有关部门加强数据安全风险信息的获取、分析、研判、预警工作。

**Article 22**　The State shall establish a centralized, uniform, efficient and authoritative mechanism for assessment, reporting, information sharing, monitoring and early warning of data security risks. The national data security work coordination mechanism shall coordinate relevant departments to strengthen the access, analysis, study, judgment and early warning of information on data security risks.

**第二十三条**　国家建立数据安全应急处置机制。发生数据安全事件,有关主管部门应当依法启动应急预案,采取相应的应急处置措施,防止危害扩大,消除安全隐患,并及时向社会发布与公众有关的警示信息。

**Article 23**　The State shall establish a data security emergency response mechanism. In the event of a data security incident, the relevant competent department shall activate an emergency

Westlaw. CHINA

response plan in accordance with the law, take corresponding emergency response measures to prevent the aggravation of hazards and eliminate hidden safety hazards, and promptly make public warning information concerning the public.

**第二十四条** 国家建立数据安全审查制度,对影响或者可能影响国家安全的数据处理活动进行国家安全审查。

依法作出的安全审查决定为最终决定。

**Article 24**    The State shall establish a data security review system to conduct national security review of data processing activities that affect or may affect national security.

Security review decisions made in accordance with the law shall be final.

**第二十五条** 国家对与维护国家安全和利益、履行国际义务相关的属于管制物项的数据依法实施出口管制。

**Article 25**    The State shall impose export control pursuant to the law on data belonging to controlled items related to safeguarding national security and interests and fulfilling international obligations.

**第二十六条** 任何国家或者地区在与数据和数据开发利用技术等有关的投资、贸易等方面对中华人民共和国采取歧视性的禁止、限制或者其他类似措施的，中华人民共和国可以根据实际情况对该国家或者地区对等采取措施。

**Article 26**    The People's Republic of China may, in light of actual situations, take equal measures against any country or region that imposes discriminatory prohibition, restriction or other similar measures on the People's Republic of China in terms of investment or trade related to data, data development and utilization technologies, etc.

第四章 数据安全保护义务

**Chapter 4: Data Security Protection Obligations**

**第二十七条** 开展数据处理活动应当依照法律、法规的规定,建立健全全流程数据安全管理制度,组织开展数据安全教育培训,采取相应的技术措施和其他必要措施,保障数据安全。利用互联网等信息网络开展数据处理活动,应当在网络安全等级保护制度的基础上,履行上述数据安全保护义务。

重要数据的处理者应当明确数据安全负责人和管理机构,落实数据安全保护责任。

**Article 27**    To carry out data processing activities, it is imperative to comply with laws and regulations, establish and improve a whole-process data security management system, organize data security education and training, and take corresponding technical and other necessary measures to ensure data security. To carry out data processing activities by making use of Internet and other information networks, it is imperative to perform the above-mentioned data security protection obligations on the basis of the network security classified protection system.

Processors of important data shall specify persons-in-charge and management bodies for data security to enforce data security protection responsibilities.

**第二十八条** 开展数据处理活动以及研究开发数据新技术,应当有利于促进经济社会发展,增进人民福祉,符合社会公德和伦理。

**Article 28**    The development of data processing activities and the research and development of new data technologies shall be conducive to promoting economic and social development, improve

![Westlaw China logo]

people's well-being, and be compliant with social morals and ethics.

**第二十九条** 开展数据处理活动应当加强风险监测,发现数据安全缺陷、漏洞等风险时,应当立即采取补救措施;发生数据安全事件时,应当立即采取处置措施,按照规定及时告知用户并向有关主管部门报告。

**Article 29**    To carry out data processing activities, it is imperative to strengthen risk monitoring, and immediately take remedial measures when data security flaws, vulnerabilities and other risks are detected; and, in the event of a data security incident, it is imperative to take immediate disposal measures; users shall be notified in a timely manner and reports shall be submitted to relevant competent departments in accordance with relevant provisions.

**第三十条** 重要数据的处理者应当按照规定对其数据处理活动定期开展风险评估,并向有关主管部门报送风险评估报告。

风险评估报告应当包括处理的重要数据的种类、数量,开展数据处理活动的情况,面临的数据安全风险及其应对措施等。

**Article 30**    A processor of important data shall regularly carry out risk assessment of its data processing activities in accordance with relevant provisions and submit risk assessment reports to the relevant competent department.

Such a risk assessment report shall cover the types and volume of important data processed, data processing activities carried out, the data security risks faced, the measures taken in response, etc.

**第三十一条** 关键信息基础设施的运营者在中华人民共和国境内运营中收集和产生的重要数据的出境安全管理,适用《中华人民共和国网络安全法》的规定;其他数据处理者在中华人民共和国境内运营中收集和产生的重要数据的出境安全管理办法,由国家网信部门会同国务院有关部门制定。

**Article 31**    As to the exit security management of important data collected and generated by operators of critical information infrastructure during operations within the territory of the People's Republic of China, the provisions of the Cybersecurity Law of the People's Republic of China shall apply; the exit security management measures for important data collected and generated by other data processors during operations within the territory of the People's Republic of China shall be formulated by the State Cyberspace Administration of China in conjunction with relevant departments of the State Council.

**第三十二条** 任何组织、个人收集数据,应当采取合法、正当的方式,不得窃取或者以其他非法方式获取数据。

法律、行政法规对收集、使用数据的目的、范围有规定的,应当在法律、行政法规规定的目的和范围内收集、使用数据。

**Article 32**    Any organization or individual that collects data shall do so in a lawful and legitimate manner, and shall not obtain data by stealing or other illegal means.

Where laws and administrative regulations contain provisions on the purposes and scope of data collection and use, organizations and individuals shall collect and use data within the purposes and scope prescribed by laws and administrative regulations.

**第三十三条** 从事数据交易中介服务的机构提供服务,应当要求数据提供方说明数据来源,审核交易双方的身份,并留存审核、交易记录。

**Article 33**    When providing services, an agency engaging in data transaction intermediary services shall require data providers to explain the sources of data, verify the identity of both parties to

Westlaw CHINA

the transactions, and retain verification and transaction records.

**第三十四条**　法律、行政法规规定提供数据处理相关服务应当取得行政许可的,服务提供者应当依法取得许可。

**Article 34**　Where laws and regulations require the provision of data processing related services shall be subject to administrative license, the service provider shall obtain the license according to law.

**第三十五条**　公安机关、国家安全机关因依法维护国家安全或者侦查犯罪的需要调取数据,应当按照国家有关规定,经过严格的批准手续,依法进行,有关组织、个人应当予以配合。

**Article 35**　Where public security organs or State security organs need to access data for the purpose of safeguarding national security or investigating crimes pursuant to the law, they shall go through strict approval procedures pursuant to relevant provisions of the State and access such data pursuant to the law, in which case relevant organizations and individuals shall render cooperation.

**第三十六条**　中华人民共和国主管机关根据有关法律和中华人民共和国缔结或者参加的国际条约、协定，或者按照平等互惠原则，处理外国司法或者执法机构关于提供数据的请求。非经中华人民共和国主管机关批准,境内的组织、个人不得向外国司法或者执法机构提供存储于中华人民共和国境内的数据。

**Article 36**　The competent authority of the People's Republic of China shall handle the requests for data provision by foreign judicial or law enforcement organizations in accordance with relevant laws and international treaties and conventions concluded or acceded to by the People's Republic of China, or under the principle of equality and reciprocity. Without the approval of the competent authority of the People's Republic of China, domestic organizations and individuals shall not provide the data stored within the territory of the People's Republic of China to foreign judicial or law enforcement organizations.

第五章 政务数据安全与开放
**Chapter 5: Security and Disclosure of Government Data**

**第三十七条**　国家大力推进电子政务建设,提高政务数据的科学性、准确性、时效性,提升运用数据服务经济社会发展的能力。

**Article 37**　The State shall vigorously promote the development of e-government, improve the scientific nature, accuracy and timeliness of government data, and enhance the ability to use data to serve economic and social development.

**第三十八条**　国家机关为履行法定职责的需要收集、使用数据,应当在其履行法定职责的范围内依照法律、行政法规规定的条件和程序进行;对在履行职责中知悉的个人隐私、个人信息、商业秘密、保密商务信息等数据应当依法予以保密,不得泄露或者非法向他人提供。

**Article 38**　State organs shall collect and use data for the purpose of performing statutory duties in accordance with the conditions and procedures prescribed by laws and administrative regulations within the scope of performing their statutory duties. The personal privacy, personal information, business secrets, confidential business information and other data coming to knowledge during the performance of duties shall be kept confidential in accordance with the law, and shall not be divulged or illegally provided to others.

**第三十九条**　国家机关应当依照法律、行政法规的规定,建立健全数据安全管理制度,落实数据安全保



护责任,保障政务数据安全。

**Article 39**    State organs shall, in accordance with laws and administrative regulations, establish and improve a data security management system, enforce data security protection responsibilities, and ensure the security of government data.

**第四十条**  国家机关委托他人建设、维护电子政务系统,存储、加工政务数据,应当经过严格的批准程序,并应当监督受托方履行相应的数据安全保护义务。受托方应当依照法律、法规的规定和合同约定履行数据安全保护义务,不得擅自留存、使用、泄露或者向他人提供政务数据。

**Article 40**    To entrust others to construct and maintain electronic government affairs system, store or process government data, State organs shall go through strict approval procedures, and supervise the entrusted party to fulfill corresponding data security protection obligations. The entrusted party shall perform its data security protection obligations in accordance with the provisions of laws, regulations and contractual agreements, and shall not retain, use, or divulge the government data or provide the same to others without authorization.

**第四十一条**  国家机关应当遵循公正、公平、便民的原则,按照规定及时、准确地公开政务数据。依法不予公开的除外。

**Article 41**    State organs shall follow the principles of impartiality, fairness and convenience for the people to disclose government data in a timely and accurate manner in accordance with relevant provisions, except for data that are not disclosed pursuant to the law.

**第四十二条**  国家制定政务数据开放目录,构建统一规范、互联互通、安全可控的政务数据开放平台,推动政务数据开放利用。

**Article 42**    The State shall formulate a catalogue for government data disclosure, and build a unified, standardized and interconnected government data disclosure platform that is secure and controllable, to promote the disclosure and use of government data.

**第四十三条**  法律、法规授权的具有管理公共事务职能的组织为履行法定职责开展数据处理活动,适用本章规定。

**Article 43**    This Chapter shall apply to organizations with public affairs administration functions authorized by laws and regulations carrying out data processing activities for the purpose of performing their statutory duties.

第六章 法律责任
**Chapter 6: Legal Liabilities**

**第四十四条**  有关主管部门在履行数据安全监管职责中,发现数据处理活动存在较大安全风险的,可以按照规定的权限和程序对有关组织、个人进行约谈,并要求有关组织、个人采取措施进行整改,消除隐患。

**Article 44**    Relevant competent departments that detect greater security risks in data processing activities while performing data security regulatory duties may arrange regulatory talks with relevant organizations and individuals according to the prescribed authority and procedures, and request the relevant organizations and individuals to take measures as required to make rectification and eliminate hidden hazards.

**第四十五条**  开展数据处理活动的组织、个人不履行本法第二十七条、第二十九条、第三十条规定



的数据安全保护义务的,由有关主管部门责令改正,给予警告,可以并处五万元以上五十万元以下罚款,对直接负责的主管人员和其他直接责任人员可以处一万元以上十万元以下罚款;拒不改正或者造成大量数据泄露等严重后果的,处五十万元以上二百万元以下罚款,并可以责令暂停相关业务、停业整顿、吊销相关业务许可证或者吊销营业执照,对直接负责的主管人员和其他直接责任人员处五万元以上二十万元以下罚款。

违反国家核心数据管理制度,危害国家主权、安全和发展利益的,由有关主管部门处二百万元以上一千万元以下罚款,并根据情况责令暂停相关业务、停业整顿、吊销相关业务许可证或者吊销营业执照;构成犯罪的,依法追究刑事责任。

**Article 45**     An organization or individual carrying out data processing activities that fails to fulfill the data security protection obligations under Article 27, Article 29 or Article 30 herein shall be ordered by the relevant competent department to make correction, be given a warning, and may be concurrently given a fine of not less than RMB 50,000 but not more than RMB 500,000; the person-in-charge who is subject to direct liabilities and other personnel directly liable may be given a fine of not less than RMB 10,000 but not more than RMB 100,000; and, if the said organization or individual refuses to make correction or causes the leakage of a large volume of data or other serious consequences, the organization or individual shall be given a fine of not less than RMB 500,000 but not more than RMB two million, and may be ordered to suspend relevant businesses or stop doing business for internal rectification; the relevant operation license or business license can be revoked, and the person-in-charge who is subject to direct liabilities and other personnel subject to direct liabilities shall be given a fine of not less than RMB 50,000 but not more than RMB 200,000.

For those who violate the national core data management system, endangering national sovereignty, security and development interests, the relevant competent authority shall impose a fine of not less than RMB 2 million but not more than RMB 10 million, and may order to suspend the relevant business, stop doing business for internal rectification, or revoke the relevant operation license or business license, depending on the circumstances; if a crime is constituted, criminal responsibility shall be investigated in accordance with the law.

第四十六条     违反本法第三十一条规定,向境外提供重要数据的,由有关主管部门责令改正,给予警告,可以并处十万元以上一百万元以下罚款,对直接负责的主管人员和其他直接责任人员可以处一万元以上十万元以下罚款;情节严重的,处一百万元以上一千万元以下罚款,并可以责令暂停相关业务、停业整顿、吊销相关业务许可证或者吊销营业执照,对直接负责的主管人员和其他直接责任人员处十万元以上一百万元以下罚款。

**Article 46**     For those who violate Article 31 herein and provide important data overseas, the relevant competent authority shall order to make corrections, give a warning, and may also impose a fine of not less than RMB 100,000 but not more than RMB 1 million concurrently; the person-in-charge who is subject to direct liabilities and other personnel directly liable may be given a fine of not less than RMB 10,000 but not more than RMB 100,000; in serious circumstances, a fine of not less than RMB 1 million but not more than RMB 10 million may be imposed; the relevant competent authority may order to suspend relevant business, stop doing business for internal rectification, or revoke the relevant operation license or business license; and the person-in-charge who is subject to direct liabilities and other personnel directly liable may be given a fine of not less than RMB 100,000 but not more than RMB 1 million.

第四十七条     从事数据交易中介服务的机构未履行本法第三十三条规定的义务的,由有关主管部门责令改正,没收违法所得,处违法所得一倍以上十倍以下罚款,没有违法所得或者违法所得不足十万元的,处



十万元以上一百万元以下罚款,并可以责令暂停相关业务、停业整顿、吊销相关业务许可证或者吊销营业执照;对直接负责的主管人员和其他直接责任人员处一万元以上十万元以下罚款。

**Article 47**　　Where an organization engaging in data transaction intermediary service fails to fulfill its obligations under Article 33 herein, the relevant competent authority shall order the data transaction intermediary to make correction, confiscate its illegal gains, and impose thereon a fine of not less than one time but not more than ten times the amount of the illegal gains or a fine of not less than RMB 100,000 but not more than RMB one million if there is no illegal gain or the illegal gain is less than RMB 100,000, and it can be ordered to suspend relevant business or stop doing business for internal rectification; the relevant operation license or business license can be revoked; and, the person-in-charge who is subject to direct liabilities and other personnel subject to direct liabilities shall be given a fine of not less than RMB 10,000 but not more than RMB 100,000.

第四十八条　　违反本法第三十五条规定,拒不配合数据调取的,由有关主管部门责令改正,给予警告,并处五万元以上五十万元以下罚款,对直接负责的主管人员和其他直接责任人员处一万元以上十万元以下罚款。

违反本法第三十六条规定,未经主管机关批准向外国司法或者执法机构提供数据的,由有关主管部门给予警告,可以并处十万元以上一百万元以下罚款,对直接负责的主管人员和其他直接责任人员可以处一万元以上十万元以下罚款;造成严重后果的,处一百万元以上五百万元以下罚款,并可以责令暂停相关业务、停业整顿、吊销相关业务许可证或者吊销营业执照,对直接负责的主管人员和其他直接责任人员处五万元以上五十万元以下罚款。

**Article 48**　　Whoever violates Article 35 herein and refuses to cooperate in data retrieval shall be ordered to make correction or be warned by the relevant competent department, and be given a fine of not less than RMB 50,000 but not more than RMB 500,000 concurrently; and, the person-in-charge who is subject to direct liabilities and other personnel subject to direct liabilities shall be given a fine of not less than RMB 10,000 but not more than RMB 100,000.

Whoever violates Article 36 herein and provides data to foreign judicial or law enforcement organizations without the approval of the competent department, shall be warned by the relevant competent department, and be given a fine of not less than RMB 100,000 but not more than RMB one million concurrently; and, the person-in-charge who is subject to direct liabilities and other personnel subject to direct liabilities may be given a fine of not less than RMB 10,000 but not more than RMB 100,000; where serious consequences are caused, a fine of not less than RMB 1 million but not more than RMB 5 million may be imposed; the relevant competent authority may order to suspend relevant business, stop doing business for internal rectification, or revoke the relevant operation license or business license; and the person-in-charge who is subject to direct liabilities and other personnel directly liable shall be given a fine of not less than RMB 50,000 but not more than RMB 500,000.

第四十九条　　国家机关不履行本法规定的数据安全保护义务的,对直接负责的主管人员和其他直接责任人员依法给予处分。

**Article 49**　　Where a State organ fails to fulfill data security protection obligations prescribed herein, the person-in-charge who is subject to direct liabilities and other personnel subject to direct liabilities shall be given disciplinary sanctions pursuant to the law.

第五十条　　履行数据安全监管职责的国家工作人员玩忽职守、滥用职权、徇私舞弊的,依法给予处分。

**Article 50**　　Staff members of State organs bearing data security regulatory duties shall be given disciplinary sanctions pursuant to the law if they neglect duties, abuse powers or practice favoritism for

Westlaw CHINA

personal gains.

**第五十一条** 窃取或者以其他非法方式获取数据,开展数据处理活动排除、限制竞争,或者损害个人、组织合法权益的,依照有关法律、行政法规的规定处罚。

**Article 51**    Whoever excludes or restricts competition, or prejudices the legitimate rights and interests of individuals or organizations through stealing data or obtaining data by other illegal ways to carry out data processing activities shall be punished in accordance with relevant laws and administrative regulations.

**第五十二条** 违反本法规定,给他人造成损害的,依法承担民事责任。

违反本法规定,构成违反治安管理行为的,依法给予治安管理处罚;构成犯罪的,依法追究刑事责任。

**Article 52**    Whoever violates this Law and causes damage to others shall bear civil liabilities pursuant to the law.

Whoever violates this Law and constitutes violations of provisions on public security administration shall be given public security administration punishments pursuant to the law; and, whoever violates this Law and constitutes a crime shall be investigated for criminal liabilities pursuant to the law.

第七章 附则
**Chapter 7: Supplementary Provisions**

**第五十三条** 开展涉及国家秘密的数据处理活动,适用《中华人民共和国保守国家秘密法》等法律、行政法规的规定。

在统计、档案工作中开展数据处理活动,开展涉及个人信息的数据处理活动,还应当遵守有关法律、行政法规的规定。

**Article 53**    Carrying out data processing activities involving State secrets shall be governed by the Law of the People's Republic of China on Guarding State Secrets and other relevant laws and administrative regulations.

To carry out data processing activities in statistics and archives work, and carry out data processing activities involving personal information, it is imperative to comply with relevant laws and administrative regulations as well.

**第五十四条** 军事数据安全保护的办法,由中央军事委员会依据本法另行制定。

**Article 54**    Measures for the security protection of military data shall be separately formulated by the Central Military Commission in accordance with this Law.

**第五十五条** 本法自2021年9月1日起施行。

**Article 55**    This Law shall come into effect on September 1, 2021.

# EXHIBIT 4

| FIRST BATES | DATE SENT | DOCUMENT DATE | DATE CREATED | BASIS FOR WITHHOLDING | DESCRIPTION | DUPLICATE DOCUMENT(S) |
|---|---|---|---|---|---|---|
| PRINBURY00142827 | | 7/9/2017 | | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Art. 27 of Implementing Regulations regarding the State Secrets Protection Law of the People's Republic of China. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | Meeting minutes of a meeting dated 12 June 2017 between ZHP and Chinese Center for Drug Evaluation, discussing the feasibility of using US standards when seeking approvals in China. The document includes a discussion of the Chinese government agency trying to perform its functions to regulate the Chinese market. The redacted portions reflect the Chinese government's viewpoints on how to improve the Chinese regulatory system. | Document 4 (PRINBURY00142830); Document 5 (PRINBURY00144241); Document 22 (ZHP02606474); Document 23 (ZHP02606475); Document 24 (ZHP02606612); Document 25 (ZHP02606613); Document 26 (ZHP02606614); Document 27 (ZHP02606615); Document 40 (ZHP02613611); Document 45 (ZHP02613651); Document 46 (ZHP02613656); Document 47 (ZHP02613659); Document 48 (ZHP02614160); Document 49 (ZHP02614172); Document 50 (ZHP02614174); Document 51 (ZHP02614402); Document 54 (ZHP02614593); Document 55 (ZHP02614891); Document 84 (PRINSTON00281865) |
| PRINBURY00148044 | | 6/1/2017 | 5/18/2017 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | This document is ZHP meeting minutes discussing the preparation of materials and the division of work for a meeting with the CDE regarding a deficiency letter (from the CDE) regarding valsartan tablets to be sold in the Chinese market. This document reflects certain governmental requirements and information relayed from the CDE to ZHP, as well ZHP's draft communications to the CDE. The content of deficiency letter is not mentioned. The information does not involve the US market. The document does not mention impurities, chromatography, nitrosamine or patient safety. | NONE |

| FIRST BATES | DATE SENT | DOCUMENT DATE | DATE CREATED | BASIS FOR WITHHOLDING | DESCRIPTION | DUPLICATE DOCUMENT(S) |
|---|---|---|---|---|---|---|
| ZHP02459190 | | 1/8/2019 | | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Art. 27 of Implementing Regulations regarding the State Secrets Protection Law of the People's Republic of China Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | Meeting minutes of a meeting between ZHP and the Taizhou Medical Products Administration concerning impurities detected in irbesartan. The redacted portions are questions raised by Chinese government officials regarding ZHP's testing method and results, and ZHP's responses to the Chinese government's questions. | Document 85 (ZHP02649226) |
| ZHP02557672 | | 11/1/2019 | 11/1/2019 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Art. 27 of Implementing Regulations regarding the State Secrets Protection Law of the People's Republic of China Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | Document concerning an invitation for a seminar on quality control of genotoxic impurities of chemical drugs, in which the Center for Drug Evaluation (CDE) of the China National Medical Products Administration expressly required the Company to keep confidential. | Document 11 (ZHP02565439) |
| ZHP02604526 | | 2/8/2019 | | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Art. 27 of Implementing Regulations regarding the State Secrets Protection Law of the People's Republic of China. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | Meeting minutes of a meeting between ZHP, the National Medical Products Administration, and the Zhejiang Medical Products Administration, concerning feedback given after an inspection of a ZHP site. The redacted portions are the viewpoints of Chinese government officials. | Document 14 (ZHP02605151); Document 18 (ZHP02605370); Document 74 (ZHP02622088) |
| ZHP02605097 | | 7/17/2019 | 7/17/2019 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Art. 27 of Implementing Regulations regarding the State Secrets Protection Law of the People's Republic of China. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information | Meeting minutes of a meeting between ZHP and the National Medical Products Administration concerning the new manufacturing process for irbesartan API intended to eliminate nitrosamine impurities. The redacted portions are the names of officials and their viewpoints on ZHP's filings related to the new process for manufacturing irbesartan. | Document 87 (ZHP02649416) |

| FIRST BATES | DATE SENT | DOCUMENT DATE | DATE CREATED | BASIS FOR WITHHOLDING | DESCRIPTION | DUPLICATE DOCUMENT(S) |
|---|---|---|---|---|---|---|
| ZHP02605629 | | 7/14/2018 | 4/3/2019 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | A report on the detection of NDMA impurities in the valsartan API, prepared to send to National Medical Products Administration. | NONE |
| ZHP02608269 | 7/31/2018 | 7/31/2018 | | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | Email communications to and from the Director General of China's Food and Drug Administration of Zhejiang Province regarding the Administration's requirements for information that should be included in an announcement regarding the discovery of NDMA in valsartan. | Document 30 (ZHP02608270); Document 31 (ZHP02608273); Document 32 (ZHP02608277); Document 57 (ZHP02615297); Document 58 (ZHP02615298); Document 59 (ZHP02615303); Document 60 (ZHP02615306) |
| ZHP02608270 | 7/29/2018 | 7/29/2018 | | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | Email communications to and from the Director General of China's Food and Drug Administration of Zhejiang Province regarding the Administration's requirements for information that should be included in an announcement regarding the discovery of NDMA in valsartan.  ZHP02608270 is part of the email chain of ZHP02608269. | Document 29 (ZHP02608269) |
| ZHP02608279 | 7/29/2018 | 7/29/2018 | | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | Questions raised by the Zhejiang Medical Products Administration regarding the discovery of nitrosamines in valsartan and ZHP's responses thereto. | NONE |

| FIRST BATES | DATE SENT | DOCUMENT DATE | DATE CREATED | BASIS FOR WITHHOLDING | DESCRIPTION | DUPLICATE DOCUMENT(S) |
|---|---|---|---|---|---|---|
| ZHP02613610 | 6/30/2017 | 6/30/2017 | | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Art. 27 of Implementing Regulations regarding the State Secrets Protection Law of the People's Republic of China. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | Communications regarding the meeting between ZHP and the officials from Center of Drug Evaluation dated June 12, 2017. The redacted portions are advice from CDE officials on how to improve dissolution testing issue in products for the Chinese market, which is part of the advice recorded in PRINBURY00142827. This document reflects the actions of a Chinese government agency trying to perform its functions to regulate the Chinese market. | Document 41 (ZHP02613630); Document 42 (ZHP02613631); Document 43 (ZHP02613632); Document 44 (ZHP02613633); Document 52 (ZHP02614403); Document 53 (ZHP02614592) |
| ZHP02615167 | | 7/14/2018 | | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | A summary table recording the title, time, sender and recipient information of reports provided to domestic regulatory government organs, including information of officials. No case-related factual information or comment is included in the table itself. All reports attached to the table have been produced. | NONE |
| ZHP02621763 | | 5/7/2020 | | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | A report intended for Zhejiang Medical Products Administration on a potential document collection request from a U.S. court, seeking the Chinese government's view about compliance with the national state secrecy law. The redacted parts are not relevant to the facts of this case. | NONE |
| ZHP02622051 | | 8/3/2018 | 8/4/2018 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | A report from Zhejiang Medical Products Administration to ZHP regarding on-site inspection | NONE |

| FIRST BATES | DATE SENT | DOCUMENT DATE | DATE CREATED | BASIS FOR WITHHOLDING | DESCRIPTION | DUPLICATE DOCUMENT(S) |
|---|---|---|---|---|---|---|
| ZHP02622054 | | 1/11/2019 | 1/11/2019 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Art. 27 of Implementing Regulations regarding the State Secrets Protection Law of the People's Republic of China. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | Inspection summary of experts from National Institute for Food and Drug Control, Center for Drug Evaluation, Zhejiang Food and Drug Administration etc. between Jan. 10-Jan. 11, 2019 | Document 66 (ZHP02622055) |
| ZHP02622056 | | 12/17/2018 | 12/17/2018 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | A report to the Taizhou municipal government regarding untrue and misleading information from media regarding ZHP. It does not mention valsartan or valsartan impurities. | NONE |
| ZHP02622057 | | 7/29/2018 | 7/29/2018 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | A report to Taizhou municipal government regarding valsartan event including a detailed record of measures taken, views expressed, and requests made by different levels of Chinese government authorities in the event. | Document 78 (ZHP02636528); Document 80 (ZHP02636532) |
| ZHP02622059 | | 1/7/2019 | 1/9/2019 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | Report to the Taizhou Administration for Market Regulation regarding an update on untrue and misleading information from media regarding ZHP. The redacted portions are not relevant to the facts of the case. The report is responsive only because it also briefed the progress of NDEA impurity detection of irbesartan API, which is duplicative information that has already been provided to Plaintiffs. | NONE |

| FIRST BATES | DATE SENT | DOCUMENT DATE | DATE CREATED | BASIS FOR WITHHOLDING | DESCRIPTION | DUPLICATE DOCUMENT(S) |
|---|---|---|---|---|---|---|
| ZHP02622064 | | 11/5/2018 | 11/5/2018 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | A report to Taizhou municipal government regarding an update on untrue and misleading information from media regarding valsartan.  The redacted portions are not relevant to the facts of this case. | NONE |
| ZHP02636529 | | 10/22/2018 | 12/18/2018 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | A report to Taizhou municipal government regarding an update, recording 1. a brief of EDQM inspection report, which has been provided to Plaintiffs; 2. a brief of an on-site visit from Taizhou government, including officials' advice to ZHP's follow-up work, which has been redacted.  The redacted portions are not relevant to the facts of this case. | NONE |
| ZHP02636533 | | 9/29/2018 | 12/18/2018 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | A report to Zhejiang Medical Products Administration regarding: 1. US FDA and EU inspections, which has been provided to Plaintiffs; 2. product distribution in ZHP's US and European markets, which has been provided to Plaintiffs; 3. seeking guidance from the Chinese government on the untrue information from media. | NONE |
| ZHP02636534 | | 9/29/2018 | 12/18/2018 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | A report to Taizhou Commerce Bureau regarding the import ban of ZHP product, including why the import ban occurred and what steps the company has taken. | NONE |
| ZHP02649530 | | 7/12/2018 | 8/15/2019 | Arts. 2, 9 and 48 of the Law of the People's Republic of China on Protecting State Secrets. Arts. 2, 10, 16 and 17 of the Regulations of the People's Republic of China on the Disclosure of Government Information. | A report sent to the Chinese National Food and Drug Administration regarding NDMA in valsartan, and which is duplicative of ZHP02615168, a document that has been produced to Plaintiffs. The only difference being the two documents is that this documents contains information about the government official who received the report. | NONE |