UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Thomas Vanaskie (Ret.), Special Discovery Master |

### DECLARATION OF KELLY A. BONNER PURSUANT TO LOCAL RULE 5.3(g)

I, Kelly A. Bonner, of full age, hereby declare as follows:

1. I am an attorney at law of the State of New York and the Commonwealth of Pennsylvania, a member of good standing of the bars of the United States Courts of Appeals for the Second and Ninth Circuits, the United States District Court for the Eastern District of Pennsylvania, and this Court pending *pro hac vice* admission, and am employed with the law firm of Duane Morris LLP, counsel to Defendants Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), Prinston Pharmaceutical Inc. ("Prinston"), Huahai U.S. Inc. ("Huahai U.S."), and Solco Healthcare U.S. LLC ("Solco", and collectively with ZHP, Huahai U.S., and Prinston, "the ZHP Parties").

1

2. I make this Declaration on behalf of the ZHP Parties in support of their Motion to Seal Pursuant to Local Rule 5.3(g).

3. On September 13, 2021, the ZHP Parties received the transcript of the hearing before Special Discovery Master Judge Vanaskie dated September 10, 2021 on Plaintiffs' Motion to Compel (Dkt. No. 1405) (the "Sept. 10 Transcript").

4. This hearing was conducted *in camera* at the request of the parties so they could freely discuss documents designated as "RESTRICTED CONFIDENTIAL INFORMATION" by the ZHP Parties.[1] Consequently, the Sept. 10 Transcript was temporarily sealed pending any further Order by this Court.

5. The ZHP Parties seek to redact and seal portions of the Sept. 10 Transcript in which the parties disclosed the contents of documents produced by the ZHP Parties designated as "RESTRICTED CONFIDENTIAL INFORMATION" under the Confidentiality and Protective Order (the "Protective Order"), entered by the Honorable Robert B. Kugler on June 26, 2019 (Dkt. No. 139).

---

[1] Plaintiffs have acknowledged that their oral argument in support of their Motion to Compel could include information designated as confidential pursuant to the protective order. *See* Plaintiffs' Letter to the Court dated August 24, 2021 (Dkt. No. 1498 at 7) ("Plaintiffs' Motion to Compel ZHP's Supplemental Production (Oral Argument Could Potentially Include Confidential Information)"); *see also* 8-25-21 Hrg. Tr. at 11:8-10 (THE COURT: "But if it's covered by the confidentiality order, then it will be conducted *in camera*. All right?" ADAM SLATER: "Yes, Your Honor.").

6. In support of the Motion to Seal and in accordance with Local Civil Rule 5.3(c)(3), the ZHP Parties have prepared and have submitted a Declaration of Dr. Min Li (the "Dr. Lin Declaration"), which describes with particularity: (a) the nature of the document and related deposition testimony to be sealed; (b) the legitimate interest which warrants the relief sought; (c) the clearly defined and serious injury that would result to the ZHP Parties if the relief sought is not granted.

7. A true and correct copy of the Dr. Lin Declaration, with personal knowledge of the Sept. 10 Transcript and the confidential information described therein, and attesting to the confidential nature of those documents, is attached to this Declaration as **Exhibit A**.

8. A true and correct copy of the index required by Local Rule 5.3(c)(3) is attached hereto as **Exhibit B**.

9. There is no less restrictive alternative to moving to redact and seal portions of the Sept. 10 Transcript. The ZHP Parties have carefully analyzed the Sept. 10 Transcript to identify which information should be sealed, and now seek to redact only those portions of the Sept. 10 Transcript which disclose the contents of the documents designated as "RESTRICTED CONFIDENTIAL" by the ZHP Parties pursuant to the Protective Order.

10. There is no prior Order sealing the Sept. 10 Transcript, or the confidential information discussed therein.

11. Plaintiffs have previously objected to this sealing request on the grounds that confidential treatment is not justified under the Protective Order in light of their belief that the ZHP Parties have waived confidentiality as to the July 27, 2017 email and what they have ascribed to that email as a "public health interest."

12. The ZHP Parties dispute Plaintiffs' allegation that they have waived confidentiality as to the July 27, 2017 email, and this issue has been fully briefed and is currently *sub judice*. Until such time as the Court issues its ruling on the Plaintiffs' motion, the ZHP Parties have and do now retain their confidentiality designation of the July 27, 2017 email and related references to it in deposition testimony or otherwise, and their right to designate transcripts discussing, identifying, or disclosing its contents as "RESTRICTED CONFIDENTIAL INFORMATION" pursuant to Paragraph 17(B) of the Protective Order.

13. Nor have Plaintiffs delineated how the results of an investigation into research and development efforts internally to improve and optimize ZHP's irbesartan API manufacturing processes have any impact on public health or safety, or possess any current value to the general public.

I, Kelly A. Bonner, declare under penalty of perjury that the foregoing is true and correct.

Executed on September 27, 2021.

/s/ Kelly A. Bonner
Kelly A. Bonner