Exhibit 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of New Jersey  [▾]

| | | |
|---|---|---|
| In re: Valsartan, Losartan, Irbesartan Products Liability | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL No. 19-2875 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Summacare Health Plan c/o Summacare Inc., 10 N. Main St. Akron, OH 44308, its Registered Agent

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment 1 and Exhibit A.

| Place:Duane Morris LLP, attn: Drew Dorner<br>505 9th Street, N.W., Suite 1000, Washington, DC 20004 | Date and Time:<br><br>09/30/2021 5:00 p.m. EDT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/10/2021

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Zhejiang Huahai Pharmaceutical, Inc. _____ , who issues or requests this subpoena, are:
Drew T. Dorner; 505 9th Street, N.W., Suite 1000, Washington, DC 20004-2166; (202) 776-5291

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL No. 19-2875

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT 1**

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to each and every part of this Attachment as if fully set forth therein:

1.      "Action" shall mean the consolidated litigation captioned *In re: Valsartan, Losartan, Irbesartan Products Liability Litigation*, MDL No. 19-2875, pending in the United States District Court for the District of New Jersey.

2.      "Blood pressure medication" means any drug or pharmaceutical product listed on Exhibit A and which is not a VCD.

3.      "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations, or recordings of any sort regarding conversations, telephone calls, meetings, or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representation of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures, and electronic, magnetic, mechanical, or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is originally kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. The term "Document" is inclusive of the term "electronically stored information" as referenced in Federal Rule of Civil Procedure 34.

4.      "Formulary" and "Preferred Drug List" mean the formulary, preferred drug list, or other list of prescription drugs that are covered by any Plan or Group Insurance Policies, including any tiers or levels of preference in which drugs are categorized, and all amendments, modifications, supplements, or revisions thereto.

5.      "Group Insurance Policy" means any and all health or drug insurance policies that are intended to be able to provide for multiple individuals' payment, reimbursement, and/or coverage for prescription drugs, offered by Summacare to or on behalf of any employer, employee beneficiaries, participants, or other third parties.

1

6.      "Insureds" or "members" mean employees, employers, members, subscribers, policyholders, participants, group beneficiaries, and/or insured persons (including family/dependents) under any Plan and/or the Group Insurance Policies through which Summacare provided some form of prescription drug coverage, payment, or reimbursement.

7.      "MSP" means Plaintiff MSP Recovery Claims Series, LLC, and its past or present officers, directors, employees, partners, principals, members, agents, representatives, attorneys, parents, subsidiaries, affiliates, related entities (including any series which has assigned, or which has been assigned, any rights or claims related to the Action), assigns, predecessors-in-interest, successors-in-interest, and every person acting or who has acted on its behalf.

8.      The "Plan" or "Plans" means any and all health benefits, care, drug, or insurance plans or plans offered by, sponsored by, or in any way provided through Summacare to or on behalf of the government; employers, employee organizations, or their employees; unions or their members; and/or other sponsors and their policyholders, subscribers, beneficiaries, participants, or other third parties, which provide for the payment, reimbursement, and/or coverage for prescription drugs, including but not limited to any single-employer plan, multiemployer plan, multiple employers welfare arrangement.

9.      "Relate to," "related to," or "relating to" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

10.     "Relevant Time Period" shall mean January 1, 2012 through the present and all document requests specified in Attachment 1, unless otherwise specified, are limited to the Relevant Time Period. The definition and scope of the term Relevant Time Period does not constitute an admission by defendants in the Action or evidence with respect to the appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving VCDs or other blood pressure medications.

11.     "Summacare," "You," and "Your" means Summacare, Inc., and its past or present officers, directors, employees, partners, principals, members, agents, representatives, attorneys, parents, subsidiaries, affiliates, related entities, assigns, predecessors-in-interest, successors-in-interest, and every person acting or who has acted on its behalf.

12.     "VCD" means any drug or combination drug containing valsartan, *e.g.*, valsartan, valsartan-hydrochlorothiazide, amlodipine-valsartan, and amlodipine-valsartan-hydrochlorothiazide.

13.     Each request shall be construed to being inclusive rather than exclusive. The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all issues that might otherwise be construed to be outside of

its scope. The present tense shall include the past and future tenses. The singular shall include the plural, and the plural shall include the singular.

14.    To the extent any Document contains information protected by any federal or state statute or regulation (e.g., HIPAA), such information may be de-identified in order to preserve the confidentiality of any patient's or Insured's protected health information. Information that does not qualify as protected health information shall not be de-identified.

15.    To the extent any Documents constitute Electronically Stored Information and relate to particular Insured (for example, a record of a claim for the purchase of VCDs), such Documents may be de-identified, but a substitute identifier should be added so as to allow the receiving party to differentiate between Insured(s) (*e.g.*, a unique numerical identifier would replace an Insured's name and member ID number). Alternatively, Documents relating to a different insured could be produced under a separate category (named e.g., "Insured B," etc.), and so on. Any other ESI shall be produced in a way that corresponds to the request(s) to which it is responsive. *See* Fed. R. Civ. P. 45(e)(1)(B) (permitting serving party to specify a form for producing electronically stored information and requiring electronically stored information to be produced in a reasonably usable form or forms).

16.    To the extent any Documents responsive to the requests herein contain confidential information, the party requesting production stipulates that any confidential information will be subject to the Confidentiality and Protective Order (Dkt. 139) that has been entered in the Action and will provide a copy of that order at Summacare's request.

17.    You are requested to produce documents responsive to this request no later than September 30, 2021, via electronic transmission.

## DOCUMENTS TO PRODUCE

1.    All claims data that was transferred from Summacare to MSP in native format, and any communications or documents reflecting transmittal of same to MSP.

2.    Documents reflecting detailed claims data for replacement blood pressure medications or replacement VCDs purchased by Insureds following the recall of VCDs. For the purposes of this request, the relevant time period is restricted to July 2018 to the present and is not limited to claims under Medicare Plans.

3.    For any Medicare Plan or Group Insurance Policy under which You assigned claims to MSP, all applicable Formularies, and their substantive equivalents, and any amendments thereto, for any Plans or Group Insurance Policies offered by Summacare for the year 2014.

4.    Documents relating to any preferred pharmacy networks for any Plan, Group Insurance Policy, or other insurance product offered by Summacare that covered VCDs or blood pressure medications during the Relevant Time Period.

3

5.      Documents related to any audits of MedImpact performed by Summacare on claims data for the Relevant Time Period.

6.      Documents related to any sanctions and subsequent remedial measures taken by Summacare that related to prescription drugs payments in response to the August 11, 2014 Notice of Immediate Imposition of Intermediate Sanctions that CMS issued to Summacare, including any documents referring to whether those sanctions and/or remedial measure related to coverage, claims, or payments for VCDs.

7.      All Documents which reflect, refer to and/or relate to the gross and net prices Summacare paid for VCD or blood pressure medication prescriptions covered by any Plan or Group Insurance Policy offered by Summacare, and all Documents which reflect, refer to and relate to any other components of, credits to, and/or fees associated with such VCD or blood pressure medication purchase and coverage transactions ("transactions"), including but not limited to, rebates, refunds, and subsidies received by Summacare in relation to such transactions, whether through CMS, a Pharmacy Benefits Manager, or any third-party entity all cost-sharing arrangements related to such transactions; co-pays (or co-insurance) associated with such transactions; and/or a breakdown of cost or pricing component of any transaction(s), including but not limited to any claims processing fees associated with each transaction.

8.      Documents related to whether Summacare covered the entire portion of the cost of any replacement blood pressure medications or replacement VCDs due to the recall of VCDs beginning July 1, 2018 to the present.

9.      Documents showing Medicare or other subsidies received by You that were intended to or applied to cover or offset a portion of the cost of VCDs.

10.     Documents containing data sufficient to identify the following for any Insured who filled a prescription for VCDs during the Relevant Time Period: a (de-identified) patient ID; the Insured's applicable Plan (Plan ID); the type of Plan (*e.g.*, Medicare Part D, Medicare Part C/Medicare Advantage, fully insured commercial, or self-insured commercial); Dispensed as Written ("DAW") codes (*e.g.*, substitution not allowed, substitution allowed – patient requested product dispensed, substitution allowed – pharmacy requested product dispensed, substitution allowed – brand dispensed as generic, etc.); payment information, including amount paid by the member, the Plan sponsor, Summacare, and by any third party; Deductible information (amount applied towards deductible and deductible remaining) and total out-of-pocket spending (amount applied towards out-of-pocket spending, accumulated out-of-pocket spending, and remaining out-of-pocket spending) information, or data otherwise sufficient to identify the member's phase of coverage. This type of data is sometimes known as accumulator data. For the purposes of this request, if any deductibles and/or phases of coverage depend on both pharmaceutical drug spending and medical spending, data sufficient to determine combined deductible and out-of-pocket spending or phase of coverage.

4

11.     Documents containing claims data sufficient to identify Medicare coverage phase (*i.e.*, deductible, Initial Coverage Period, Donut Hole, and Catastrophic Benefit) for each claim for VCDs made during the Relevant Time Period.

12.     Documents reflecting detailed claims data for the Relevant Time Period for VCD prescriptions which were not assigned to MSP (*i.e.*, non-Medicare VCD payments).

13.     Documents related to any processes or policies for responding to recalls of VCDs related to any Plans offered by Summacare during the Relevant Time Period.

14.     Documents or communications relating to Insureds who obtained replacement blood pressure medications or replacement VCDs after the recall but prior to the time period for an allowable prescription refill under any Plan, including whether such Insureds would have been subject to any applicable copay or cost-sharing arrangements under the applicable Plan, or whether You provided reimbursements for any replacement medications purchased by Your members following the recall of VCDs.

15.     Documents related to any processes, policies, formulary changes, or coverage determination decisions relating to or affected by the recall of VCDs for any Plan offered by Summacare.

16.     All documents and communications between Emblem and MSP from 2017 to the present that relate to the assignment of claims to MSP or related entities, the transmittal of claims' data, Emblem's claims or potential claims arising from its payments for VCDs, this Action, or any payments that arise or may arise from the assignment of claims.

17.     Documents sufficient to identify the total payments by Summacare made on behalf of its Insureds for VCDs and replacement blood pressure medications during the relevant time period which were not assigned to MSP.

18.     Any documents or communications with insurers relating to claims or potential claims arising from losses incurred or costs attributable to the recall of VCDs. For the purposes of this request the relevant time period is restricted to July 2018 to the present.

## EXHIBIT A

ARBs:

1. AMLODIPINE AND OLMESARTAN MEDOXOMIL
2. AMLODIPINE BESYLATE AND VALSARTAN
3. AMLODIPINE BESYLATE, VALSARTAN AND HYDROCHLOROTHIAZIDE
4. AMLODIPINE BESYLATE; HYDROCHLOROTHIAZIDE; OLMESARTAN MEDOXOMIL
5. AMLODIPINE BESYLATE; OLMESARTAN MEDOXOMIL
6. AMLODIPINE BESYLATE; VALSARTAN
7. ATACAND
8. ATACAND HCT
9. AVALIDE
10. AVAPRO
11. AZOR
12. BENICAR
13. BENICAR HCT
14. BYVALSON
15. CANDESARTAN CILEXETIL
16. CANDESARTAN CILEXETIL AND HYDROCHLOROTHIAZIDE
17. CANDESARTAN CILEXETIL; HYDROCHLOROTHIAZIDE
18. COZAAR
19. DIOVAN
20. DIOVAN HCT
21. EDARBI
22. EDARBYCLOR
23. ENTRESTO
24. EPROSARTAN MESYLATE
25. EXFORGE
26. EXFORGE HCT
27. HYDROCHLOROTHIAZIDE; OLMESARTAN MEDOXOMIL
28. HYDROCHLOROTHIAZIDE; TELMISARTAN
29. HYZAAR
30. IRBESARTAN
31. IRBESARTAN AND HYDROCHLOROTHIAZIDE
32. LOSARTAN
33. LOSARTAN POTASSIUM
34. LOSARTAN POTASSIUM AND HYDROCHLOROTHIAZIDE
35. MICARDIS
36. MICARDIS HCT
37. OLMESARTAN MEDOXOMIL
38. OLMESARTAN MEDOXOMIL AND HYDROCHLOROTHIAZIDE
39. TELMISARTAN

40. TELMISARTAN AND AMLODIPINE
41. TELMISARTAN AND HYDROCHLOROTHIAZIDE
42. TEVETEN
43. TRIBENZOR
44. TWYNSTA
45. VALSARTAN
46. VALSARTAN AN HYDROCHLOROTHIAZIDE

Non-ARB Medications:

(Diuretics)

1. amiloride hydrochloride hydrochlorothiazide
2. Aldactazide
3. Aldactone
4. amiloride
5. bumetanide
6. Bumex
7. chlorthalidone
8. chlorothiazide
9. Diuril
10. Dyazide
11. Dyrenium
12. Esidrix
13. furosemide
14. hydrochloride
15. hydrochlorothiazide
16. Hydrodiuril
17. Hygroton
18. Indapamide
19. Lasix
20. Lozol
21. Maxzide
22. metolazone
23. Microzide
24. Midamar
25. Moduretic
26. Mykrox
27. spironolactone
28. spironolactone hydrochlorothiazide
29. Zaroxolyn

(Beta Blockers)

1. acebutol

2. atenolol
3. Betapace
4. betaxolol
5. bisoprolol fumarate
6. Blocadren
7. carteolol hydrochloride
8. Cartrol
9. Corgard
10. hydrochlorothiazide and bisoprolol
11. Inderal
12. Kerlone
13. Levatol
14. Lopressor
15. metoprolol tartrate
16. metoprolol succinate
17. nadolol
18. penbutolol sulfate
19. pindolol
20. propranolol hydrochloride
21. Sectral
22. solotol hydrochloride
23. Tenormin
24. timolol maleate
25. Toprol-XL
26. Visken
27. Zebeta
28. Ziac

(ACE Inhibitors)

1. Accupril
2. Aceon
3. Altace
4. benazepril hydrochloride
5. Capoten
6. captopril
7. enalapril maleate
8. fosinopril sodium
9. lisinopril
10. Lotensin
11. Mavik
12. moexipril
13. Monopril
14. perindopril

15. Prinivel
16. quinapril hydrochloride
17. ramipril
18. trandolapril
19. Univasc
20. Vasotec
21. Zestril

(Calcium Channel Blockers)

1. amlodipine besylate
2. Adalat CC
3. bepridil
4. Calan SR
5. Cardene SR
6. Cardizem CD
7. Cardizem SR
8. Covera HS
9. diltiazem hydrochloride
10. Dilacor XR
11. DynaCirc
12. DynaCirc CR
13. felodipine
14. Isoptin SR
15. isradipine
16. Lotrel
17. nicardipine
18. nifedipine
19. nisoldipine
20. Norvasc
21. Plendil
22. Procardia XL
23. Sular
24. Tiazac
25. Vasocor
26. verapamil hydrochloride
27. Verelan

(Alpha blockers)

1. Cardura
2. doxazosin mesylate
3. Hytrin
4. Minipress
5. prazosin hydrochloride

6. terazosin hydrochloride

(Alpha-2 receptor agonist)

1. Methyldopa

(Combined alpha and beta-blockers)

1. Carvedilol
2. Coreg
3. labetalol hydrochloride
4. Normodyne
5. Trandate

(Central agonists)

1. Aldomet
2. alpha methyldopa
3. Catapres
4. clonidine hydrochloride
5. Tenex
6. Wytensin

(Peripheral adrenergic inhibitors)

1. guanadrel
2. guanethidine
3. Hylorel
4. Ismelin
5. monosulfate
6. reserpine
7. Serpasil

(Vasodilators)

1. Apresoline
2. hydralazine hydrochloride
3. Loniten
4. minoxidil