# Exhibit 3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

CASE NO.: 3:21-MC-75

CONNECTICARE, INC.,
a Connecticut corporation,

      Plaintiff,

vs.

ZHEJIANG HUAHAI PHARMACEUTICAL, INC.,
a foreign corporation

      Defendant.

_____/

## CONNECTICARE, INC.'S MOTION TO QUASH NON-PARTY SUBPOENA FOR DOCUMENTS OR IN THE ALTERNATIVE TO MODIFY THE SUBPOENA AND FOR ENLARGEMENT OF TIME TO OBJECT OR OTHERWISE RESPOND

CONNECTICARE, INC. ("**ConnectiCare**"), resident in Connecticut with a principal place of business at 175 Scott Swamp Road, Farmington, CT, as a non-party to the case pending in the United States District Court for the District of New Jersey styled *In re: Valsartan, Losartan, Irbesartan Products Liability Litigation*, MDL No. 19-2875 (the "MDL Litigation"), and pursuant Fed. R. Civ. P. 45, hereby moves the Court for an order quashing the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action served by ZHEJIANG HUAHAI ("**ZH**") (the "**Subpoena**")[1] or in the alternative modifying the Subpoena, and to extend the time in which to object or otherwise respond. As set forth more fully below, ConnectiCare's Motion should be granted on the grounds that the

---

[1] ConnectiCare files this Motion in this Court as this district is the proper district for compliance with the Subpoena, and motions directed to the Subpoena are properly brought here. *See generally*, Rules 45(c)(1), 45(d)(1), 45(d)(2)(B)(i), 45(d)(3), 45(3)(A) and 45(3)(B). The Subpoena incorrectly purports to designate the place of compliance well more than 100 miles away, at the office of the subpoenaing counsel, located in Washington, D.C.

{W3346610}        1

Subpoena meets all four criteria in Rule 45(d)(3)(A) for the granting of a Motion to Quash. More specifically, the Subpoena (i) fails to allow for a reasonable time to comply in that it provides only twenty days to produce sixteen categories of documents relating to hundreds of separate drugs, spanning nearly a decade; (ii) requires compliance beyond the geographical limits specified in Rule 45(c) in that it requires ConnectiCare to produce documents in Washington, D.C., well outside the 100-mile radius of Rule 45; (iii) requires the disclosure of privileged or other protected matter; and (iv) subjects ConnectiCare to an undue burden given the subpoena's vast scope.

1.  Unfortunately, ConnectiCare is forced to file this Motion and seek the Court's intervention because, as explained below, the subpoenaing party (ZH) took the unreasonable position of not permitting ConnectiCare <u>any</u> extension to Rule 45's fourteen day deadline to interpose objections and other responses to the Subpoena.

2.  The Subpoena was served on ConnectiCare via its registered agent on September 10, 2021. A copy of the Subpoena is attached as **Exhibit "A."** The date and time for ConnectiCare to respond, as listed in the Subpoena, is September 30, 2021, but pursuant to Rule 45, objections directed to the Subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Accordingly, ConnectiCare's deadline to object is currently September 24, 2021.

3.  ConnectiCare retained counsel to represent it on or around September 22, 2021, after informal attempts to address the Subpoena failed.

4.  The underlying case is a multi-district litigation arising from a mass tort committed by ZH and other defendants, and involves complicated, technical, and unique issues. Thus, the subject matters of the Subpoena are similarly technical and complicated.

5. The Subpoena is extensive. The Subpoena purports to span 9 years (*see* Subpoena p. 2, "Relevant Time Period,"). The Definitions necessary to simply attempt to explain the subject requests in the Subpoena are expansive, complicated and technical (*see*, for example, Definitions for (i) "Blood Pressure Medication (referring to an extensive list on the Subpoena's attached Exhibit A that encompasses 181 separate drugs and other items that purport to be within the scope of the Subpoena)," (ii) "Formulary," (iii) "Preferred Drug List," (iv) "Group Insurance Policy," (v) "Plan," and (vi) "VCD").

6. The Subpoena includes sixteen complex and far-reaching requests, each of which include technical and expansive terms and definitions, and involve the technical and unique issues raised in the underlying case.

7. As the Court can readily observe from even a cursory review of the Subpoena, this is not a "run of the mill" subpoena seeking a reasonably understood and defined group of business documents. Thus, counsel reasonably requires sufficient time to (1) digest and understand the Subpoena; (2) understand the underlying case issues; (3) coordinate with ConnectiCare; and (4) meet and confer with ZH on objections, responses, and any subsequent production, and then, if warranted, (5) file any necessary motions.

8. Accordingly, ConnectiCare's counsel contacted ZH's counsel that served the Subpoena, and explained that to properly respond, counsel and ConnectiCare require additional time to review the Subpoena and underlying pleadings, to analyze, coordinate, and discuss the Subpoena with ConnectiCare, and allow sufficient time to meet and confer in hopes of avoiding unnecessary motion practice. The undersigned requested a twenty-five (25) day enlargement,[2] through and including October 18, 2021, to respond to the Subpoena.

---

[2] ZH also served a nearly identical subpoena on another non-party MAO, SummaCare, Inc., which also retained the undersigned. SummaCare was served with its subpoena on September

9. Despite ConnectiCare's timely request for this enlargement, counsel for ZH unreasonably refused to agree to <u>any</u> enlargement of time for ConnectiCare to move to quash or raise objections to the Subpoena, referencing in its September 22, 2021 response email "the tight schedule the [MDL] Court has put in place." However, the only reason the schedule is "tight," as ZH claims, is due to ZH's own unreasonable delay in serving the Subpoena in the first place.

10. Indeed, from what the undersigned can presently discern, this is not a new issue to ZH or its counsel.

11. Nearly a year ago, on December 2, 2020, the parties to the underlying case entered into a Stipulation Regarding Discovery, whereby the Plaintiff, MSP Recovery Claims Series, LLC ("**MSPRC**"), completed a Fact Sheet regarding the claims assigned to it by certain Medicare Advantage Organizations ("MAOs"), including ConnectiCare. *See* Stipulation attached as **Exhibit "B."**

12. In connection with the Stipulation and the Fact Sheet, ConnectiCare provided documents to the Defendants in the MDL, including ZH. After that production, the Defendants in the underlying case raised issues regarding ConnectiCare's production, and the undersigned understands that MSPRC worked with ConnectiCare to cure any claimed deficiencies. The undersigned further understands that the issues raised by Defendants as to the production of documents by ConnectiCare had been addressed.[3]

---

13, 2021, making its response due on September 27, 2021. Undersigned has asked for an extension, through and including October 18, 2021, to file objections for both subpoenas. ZH unreasonably refused to provide any extension to either subpoenaed party to object or move to quash.

[3] Although the undersigned has not yet had the opportunity to fully evaluate the requests in the Subpoena, counsel believes that there is significant overlap between the requests and documents that have already been provided to Defendants in the MDL proceeding, including ZH, pursuant to the Fact Sheet and Stipulation.

{W3346610} 4

13. Moreover, the "tight" schedule relied upon by ZH as justification for its outright refusal for any enlargement of time to raise objections, has been in place since **February 22, 2021**, when the Court entered Case Management Order No. 23, setting forth the following deadlines:

   a. October 4, 2021: Deadline to complete second phase of fact discovery;

   b. November 1, 2021: Deadline to file Daubert motions regarding general causation experts;

   c. November 3, 2021: Deadline for plaintiffs to file motion(s) for class certification and serve expert reports.

Case Management Order No. 23, attached as **Exhibit "C."**

14. ZH has been aware of the "tight" schedule it now complains of for seven months (since February 2021), has known the identity of ConnectiCare, has known what documents ConnectiCare has already produced in the underlying case, and yet despite that information, has admittedly waited until the last minute to serve the Subpoena at issue, which undersigned counsel understands requests documents that ZH either (1) already has in its possession, or (2) are documents that would not be proper subjects of discovery in the first place because they relate to claims that neither MSPRC, nor ConnectiCare, are asserting in the case..

15. ZH unreasonably waited until September 13, 2021 to serve the Subpoena on ConnectiCare. ZH should not be permitted to prejudice and burden ConnectiCare in order to compensate for its delay in serving a Subpoena it has had months to serve by refusing a reasonable request for extension under any circumstances, and particularly those presented here.

16. ConnectiCare should not be put to extraordinary expense and disruption because ZH slept on its rights and waited until the last minute (as it freely admits) to serve the Subpoena.

17. For the foregoing reasons, specifically those related to the limited time in which to respond to the subpoena and the breadth of the requests, ConnectiCare further requests additional time in which to submit a privilege log with this Motion should one be necessary.

**WHEREFORE**, ConnectiCare respectfully requests that the Court enter an Order quashing the Subpoena or in the alternative modifying the Subpoena to provide ConnectiCare with additional time in which to object or otherwise respond to the Subpoena and for such other and further relief in favor of ConnectiCare as this Court deems just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Counsel for ConnectiCare met and conferred with counsel for ZH regarding the relief sought in this Motion on September 22, 2021. ZH's counsel advised that it would not agree to any enlargement for ConnectiCare to quash, modify, object, or otherwise move or respond to the Subpeona.

Respectfully Submitted,

CONNECTICARE, INC.,

Jason R. Gagnon
Federal Bar No. ct28333
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06702
Phone: 203 575-2622
Fax: 203 575-2600
Email: jgagnon@carmodylaw.com

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
CitiGroup Center, 27th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 379 9000
Fax: (305) 379 3428

By: *s/ Steve I. Silverman*
Steve I. Silverman
Florida Bar No. 516831
ssilverman@klugerkaplan.com
Micayla C. Mancuso
Florida Bar No. 125708
mmancuso@klugerkaplan.com

Counsel for ConnectiCare, Inc. to be admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2021 a copy of the foregoing document was filed with the court and served by mail on the following party:

Drew Dorner
Daune Morris LLP
505 9th Street, N.W.
Suite 1000
Washington, DC 20004

Counsel for Zhejiarng Huahai