# Exhibit 4

UNITED STATES DISTRICT COURT
FOR THE NORTH DISTRICT OF OHIO

CASE NO.: _____

SUMMACARE INC.,
an Ohio corporation,

     Plaintiff,

vs.

ZHEJIANG HUAHAI,
a foreign corporation

     Defendant.

_____/

**SUMMACARE, INC.'S MOTION TO QUASH NON-PARTY SUBPOENA FOR DOCUMENTS OR IN THE ALTERNATIVE TO MODIFY THE SUBPOENA AND FOR ENLARGEMENT OF TIME TO OBJECT OR OTHERWISE RESPOND**

Now comes SUMMACARE, INC. ("**SummaCare**"), by and through counsel, as a corporation of Ohio with a principal place of business at 1200 East Market Street, Suite 400, Akron, Ohio 44305, as a non-party to the case pending in the United States District Court for the District of New Jersey styled *In re: Valsartan, Losartan, Irbesartan Products Liability Litigation,* MDL No. 19-2875 (the "MDL Litigation"), and pursuant to Fed. R. Civ. P. 45, hereby moves the Court for an order quashing the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action served by Defendant, ZHEJIANG HUAHAI ("**ZH**") (the "**Subpoena**"),[1] or in the alternative modifying the Subpoena, and to extend the time in which to object or otherwise respond. As set forth more fully below,

---

[1] SummaCare files this Motion in this Court as this district is the proper district for compliance with the Subpoena, and motions directed to the Subpoena are properly brought here. *See generally,* Rules 45(c)(1), 45(d)(1), 45(d)(2)(B)(i), 45(d)(3), 45(3)(A) and 45(3)(B). The Subpoena incorrectly purports to designate the place of compliance well more than 100 miles away, at the office of the subpoenaing counsel, located in Washington, D.C.

SummaCare's Motion should be granted on the grounds that the Subpoena meets all four criteria in Rule 45(d)(3)(A) for the granting of a Motion to Quash.  More specifically, the Subpoena (i) fails to allow for a reasonable time to comply in that it provides only twenty days to produce eighteen categories of documents relating to hundreds of separate drugs, spanning nearly a decade; (ii) requires compliance beyond the geographical limits specified in Rule 45(c) in that it requires SummaCare to produce documents in Washington, D.C., well outside the 100-mile radius of Rule 45; (iii) requires the disclosure of privileged or other protected matter; and (iv) subjects SummaCare to an undue burden given the subpoena's vast scope.

1.  Unfortunately, SummaCare is forced to file this Motion and seek the Court's intervention because, as explained below, the subpoenaing party (ZH) took the unreasonable position of not permitting SummaCare any extension to Rule 45's fourteen-day deadline to interpose objections and other responses to the Subpoena.

2.  The Subpoena was served on SummaCare via the office of the general counsel on September 13, 2021. A copy of the Subpoena is attached as **Exhibit "A."** The date and time for SummaCare to respond, as listed in the Subpoena, is September 30, 2021, but pursuant to Federal Rule of Civil Procedure 45, objections must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Accordingly, the response date is currently September 27, 2021.

3.  SummaCare retained counsel to represent it on or around September 22, 2021, after informal attempts to address the Subpoena failed. Local counsel was not secured until September 24, 2021.

4. The underlying case is a multi-district litigation arising from a mass tort committed by ZH and other defendants, and involves complicated, technical, and unique issues. Thus, the subject matters of the Subpoena are similarly technical and complicated.

5. The Subpoena is extensive. The Subpoena purports to span 9 years (*see* Subpoena p. 2, "Relevant Time Period,"). The Definitions necessary to simply attempt to explain the subject requests in the Subpoena are expansive, complicated and technical (*see*, for example, Definitions for (i) "Blood Pressure Medication (referring to an extensive list on the Subpoena's attached Exhibit A that encompasses 181 separate drugs and other items that purport to be within the scope of the Subpoena)," (ii) "Formulary," (iii) "Preferred Drug List," (iv) "Group Insurance Policy," (v) "Plan," and (vi) "VCD").

6. The Subpoena includes eighteen complex and far-reaching requests, each of which include technical and expansive terms and definitions and involve the technical and unique issues raised in the underlying case.

7. As the Court can readily observe from even a cursory review of the Subpoena, this is not a "run of the mill" subpoena seeking a reasonably understood and defined group of business documents. Thus, counsel reasonably requires sufficient time to (1) digest and understand the Subpoena; (2) understand the underlying case issues; (3) coordinate with SummaCare; and (4) meet and confer with ZH on objections, responses, and any subsequent production, and then, if warranted, (5) file any necessary motions.

8. Accordingly, SummaCare's counsel contacted ZH's counsel that served the Subpoena, and explained that to properly response, counsel and SummaCare require additional time to review the Subpoena and underlying pleadings, to analyze, coordinate, and discuss the Subpoena with SummaCare, and allow sufficient time to meet and confer in hopes of avoiding

unnecessary motion practice. The undersigned requested a twenty (20) day enlargement,[2] through and including October 18, 2021, to respond to the Subpoena.

9. Despite SummaCare's timely request for this enlargement, counsel for ZH unreasonably refused to agree to <u>any</u> enlargement of time for SummaCare to move to quash or raise objections to the Subpoena, referencing in its September 22, 2021 response email "the tight schedule the [MDL] Court has put in place." However, the only reason the schedule is "tight," as ZH claims, is due to ZH's own unreasonable delay in serving the Subpoena in the first place.

10. Indeed, from what the undersigned can presently discern, this is not a new issue to ZH or its counsel.

11. Nearly a year ago, on December 2, 2020, the parties to the underlying case entered into a Stipulation Regarding Discovery, whereby the Plaintiff, MSP Recovery Claims Series, LLC ("**MSPRC**") completed a Fact Sheet regarding the claims assigned to it by certain Medicare Advantage Organizations ("MAOs"), including SummaCare. *See* Stipulation attached as **Exhibit "B."**

12. In connection with the Stipulation and the Fact Sheet, SummaCare provided documents to the Defendants in the MDL, including ZH. After that production, the Defendants in the underlying case raised issues regarding SummaCare's production, and the undersigned understands that MSPRC worked with SummaCare to cure any claimed deficiencies. The

---

[2] ZH also served a nearly identical subpoena on another non-party MAO, ConnectiCare, Inc., which also retained the undersigned. ConnectiCare was served with its subpoena on September 10, 2021, making its response due on September 24, 2021. Undersigned has asked for an extension, through and including October 18, 2021, to file objections for both subpoenas. ZH unreasonably refused to provide any extension to either subpoenaed party to object or move to quash.

undersigned further understands that the issues raised by Defendants as to the production of documents by SummaCare had been addressed.[3]

13. Moreover, the "tight" schedule relied upon by ZH as justification for its outright refusal for any enlargement of time to raise objections, has been in place since **February 22, 2021**, when the Court entered Case Management Order No. 23, setting forth the following deadlines:

   a. October 4, 2021: Deadline to complete second phase of fact discovery;

   b. November 1, 2021: Deadline to file Daubert motions regarding general causation experts;

   c. November 3, 2021: Deadline for plaintiffs to file motion(s) for class certification and serve expert reports.

Case Management Order No. 23, attached as **Exhibit "C."**

14. ZH has been aware of the "tight" schedule it now complains of for seven months (since February 2021), has known the identity of SummaCare, has known what documents SummaCare has already produced in the underlying case, and yet despite that information, has admittedly waited until the last minute to serve the Subpoena at issue, which undersigned counsel understands requests documents that ZH either (1) already has in its possession, or (2) are documents that would not be proper subjects of discovery in the first place because they refer to claims that neither MSPRC, nor SummaCare, are asserting in the case.

15. ZH unreasonably waited until September 13, 2021 to serve the Subpoena on SummaCare. ZH should not be permitted to prejudice and burden SummaCare in order to

---

[3] Although the undersigned has not yet had the opportunity to fully evaluate the requests in the Subpoena, counsel believes that there is significant overlap between the requests and documents that have already been provided to Defendants in the MDL proceeding, including ZH, pursuant to the Fact Sheet and Stipulation.

compensate for its delay in serving a Subpoena it has had months to serve by refusing a reasonable request for extension under any circumstances, and particularly those presented here.

16. SummaCare should not be put to extraordinary expense and disruption because ZH slept on its rights and waited until the last minute (as it freely admits) to serve the Subpoena.

17. For the foregoing reasons, specifically those related to the limited time in which to respond to the Subpoena and the breadth of the requests, SummaCare further requests additional time in which to submit a privilege log with this Motion should one be necessary.

**WHEREFORE**, SummaCare respectfully requests that the Court enter an Order quashing the Subpeona or in the alternative modifying the Subpoena to provide SummaCare with additional time in which to object or otherwise respond to the Subpoena and for such other and further relief in favor of SummaCare as this Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Counsel for SummaCare met and conferred with counsel for ZH regarding the relief sought in this Motion on September 22, 2021. ZH's counsel advised that it would not agree to any enlargement for SummaCare to quash, modify, object, or otherwise move or respond to the Subpeona.

Respectfully submitted,

*/s/ Justin D. Harris*
JUSTIN D. HARRIS (0078252)
HANNAH R. DUSCHL (0100681)
REMINGER CO., L.P.A.
237 W. Washington Row, 2nd Floor
Sandusky, Ohio 44870
Phone: 419-609-1311
Fax:    419-626-6805
E-Mail: jharris@reminger.com
            hduschl@reminger.com

*Local Counsel for Summacare, Inc.*

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
CitiGroup Center, 27th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 379 9000
Fax: (305) 379 3428

By: *s/ Steve I. Silverman*
Steve I. Silverman
Florida Bar No. 516831
ssilverman@klugerkaplan.com
Micayla C. Mancuso
Florida Bar No. 125708
mmancuso@klugerkaplan.com

Counsel for SummaCare, Inc. to be admitted *Pro Hac Vice*