# DuaneMorris®

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

*FIRM and AFFILIATE OFFICES*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
E-MAIL  SAGoldberg@duanemorris.com

*www.duanemorris.com*

September 28, 2021

<u>**VIA ECF**</u>

The Honorable Robert Kugler                    The Honorable Karen M. Williams
Senior United States District Court Judge      United States Magistrate Judge
District of New Jersey                          District of New Jersey

The Honorable Thomas Vanaskie
Special Discovery Master
Stevens & Lee

Re:   <u>In re Valsartan, Losartan, and Irbesartan Products Liability Litigation</u>
      <u>Case No. 1:19-md-02875-RBK-KW</u>

Dear Judges Kugler, Williams, and Vanaskie:

This letter is to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on September 29, 2021.

## 1.     Motion for Completion of Panigrahy Deposition

On September 9th and 10th, the Defendants conducted the deposition of Dr. Dipak Panigrahy, one of Plaintiffs' proffered general causation experts. Pursuant to the Court's prior rulings, two attorneys coordinated their questioning and deposed Dr. Panigrahy on behalf of the Joint Defense Group over the course of 10 hours on the record. Unlike Plaintiffs' other general causation experts – and through no fault of Defendants – Dr. Panigrahy's deposition could not be

September 28, 2021
Page 2

DuaneMorris

completed during the allotted time. Accordingly, Defendants respectfully request leave of Court for an additional three hours of record time to complete the deposition of Dr. Panigrahy.

There are two reasons why Dr. Panigrahy's deposition could not be completed in 10 hours. First, and most significantly, Dr. Panigrahy deliberately obstructed the deposition by refusing to provide responsive testimony to counsels' questions. Moreover, Dr. Panigrahy's non-responsiveness was accompanied by egregious filibustering, which served no other purpose than to waste time. Second, unlike Plaintiffs' other general causation experts, whose reports ranged from approximately 30-50 pages, Dr. Panigrahy's report spanned 222 pages in length and contained 586 citations (not counting the numerous references in the text that were not properly cited). Likewise, Dr. Panigrahy produced a file that consisted of hundreds of pages of scientific studies and other materials. As a result of these factors, Defendants were unable to complete Dr. Panigrahy's deposition in the allotted 10 hours of record time.

Even considering the breadth of his report and accompanying materials, Defendants would nevertheless have been able to complete the deposition in 10 hours if not for Dr. Panigrahy's deliberate effort to frustrate the deposition process through obstruction. The transcript is replete with examples of this. Indeed, rather than listen to the question and provide a response, Dr. Panigrahy returned again and again to a set of pre-packaged talking points:



September 28, 2021
Page 3



September 28, 2021
Page 4



(Panigrahy Transcript, Sept. 10, 2021 at 27:17-30:17.)



September 28, 2021
Page 5



September 28, 2021
Page 6



DuaneMorris

September 28, 2021
Page 7



(Panigrahy Transcript, Sept. 10, 2021 at 359:15-365:4.)

September 28, 2021
Page 8



Duane Morris



(Panigrahy Transcript, Sept. 10, 2021 at 504:2-506:19.)

Notably, these three examples alone wasted nearly 15 minutes of record time.

For the Court's ease of reference, the transcripts from both days of Dr. Panigrahy's testimony are appended hereto as **Exhibit A**. Defendants have endeavored to highlight instances where Dr. Panigrahy provided a non-responsive and/or protracted answer, which can only be construed as a deliberate attempt to run out the clock. This annotation is not exhaustive, but illustrates the extent of Dr. Panigrahy's filibustering. When viewed in totality, the transcript plainly demonstrates that Dr. Panigrahy did not act in good faith to provide responsive testimony during

September 28, 2021
Page 10

DuaneMorris

the deposition, and this deprived Defendants of the opportunity to complete their inquiry into Dr. Panigrahy's general causation opinions.

Following the deposition, Defendants have reviewed the transcript and have attempted to streamline the remaining questions to the greatest extent possible. Nevertheless, Defendants believe that an additional three hours of record time will be required to complete this deposition. Therefore, Defendants request that the Court enter an order requiring Dr. Panigrahy to complete his deposition as soon as possible given the upcoming deadlines for Rule 702 motions.

2.    **Outstanding Subpoenas Served on Anthem, SummaCare, ConnectiCare, and Emblem Health**

Defendants issued Rule 45 subpoenas to third-parties affiliated with the putative TPP class representatives which have relevant information relating to the putative class claims in this action. On September 3, 2021, consistent with their obligation under Fed. R. Civ. P. 30(b)(6), Defendants prepared a list of examination topics and shared that list with Anthem, which administers MADA's health plan. Counsel for MADA and Defendants have productively met-and-conferred on two occasions regarding the topics for deposition, and are working on finalizing a date in mid-October for Anthem's deposition based on the availability of the witnesses and counsel.

On September 10, 2021, Defendants issued and properly noticed document subpoenas to Connecticare, Emblem Health, Summacare, which are the three MSP Recovery Claims Series LLC ("MSP") assignors whose claims are being litigated by MSP in its capacity as a putative class representative. Those subpoenas listed a response date of <u>September 30, 2021</u>. The registered agents of each entity were served with the subpoenas on the following dates, respectively: Connecticare, September 10; Summacare, September 13; and Emblem, September 23. Given that

September 28, 2021
Page 11

**Duane**Morris

these entities assigned MSP their claims for valsartan payments that were made under their respective Medicare plans, Defendants issued the document subpoenas directly to the assignors in order to obtain information regarding those third-party payors' *non-assigned* valsartan claims, which would not be in the possession, custody, or control of MSP. MSP purports to assert claims as a putative class representative on behalf of third-party payors that made payments on behalf of their members for valsartan, but the putative class definition is not limited to third-party payors who paid for valsartan under Medicare plans only. Accordingly, the only way for Defendants to discover relevant information regarding the totality of valsartan payments made by each of these third-party payors are through Rule 45 subpoenas.

On September 17, 2021, counsel for MSP and defense counsel had a meet-and-confer regarding the noticed subpoenas and discussed the possibility of narrowing the subpoena topics to the extent there was any overlap with the Rule 34 requests to MSP that the court had previously authorized. On September 22, 2021, defense counsel was contacted by Steve Silverman, who indicated that he was being retained by Connecticare and Summacare in relation to their subpoenas. Mr. Silverman requested an extension until October 18, 2021 to respond to the subpoenas. Defense counsel responded by agreeing to extend the time period for producing documents, but indicated that to the extent that the subpoenaed entities would be asserting far-reaching objections or blanket refusals to produce documents, defense counsel could not agree to extend the objection period as it would delay resolution of such objections beyond the bounds of the current schedule. Notably, defense counsel requested a meet-and-confer in order to narrow the scope of requests, but Mr. Silverman refused the meet-and-confer offer fewer than three minutes of receiving it via e-mail, proposed no alternative, and further indicated that he would seek relief from the court instead, *see* email dated September 22, 2021, attached as **Exhibit B**.

**Duane**Morris

September 28, 2021
Page 12

On September 27, 2021, Mr. Silverman filed a motion to quash on behalf of Connecticare in the U.S. District Court for the District of Connecticut. Mr. Silverman has also informed defense counsel that he will not consent to transfer the motion to quash to this court for resolution, *see* email dated September 27, 2021, attached as **Exhibit C.** Defendants' response to the motion to quash pending in the U.S. District Court for the District of Connecticut will be <u>due on October 15, 2021</u>. Defendants intend to seek a transfer of the motion to quash, or any other motions to quash that may be filed on behalf of Summacare or Emblem, to this court for resolution.

3.     **Parties' Agreement on the Deadline for the ZHP Parties to Move to Seal Documents Challenged by Plaintiffs' Counsel in Connection With Their Motion to Compel**

Plaintiffs filed their Motion to Compel the ZHP Parties' Supplemental Production (<u>Dkt. 1405</u>) on July 23, 2021, and the ZHP Parties filed their Opposition thereto (<u>Dkt. 1485</u>) on August 13, 2021. Oral argument was heard on the motion on September 10, 2021. Plaintiffs challenged certain ZHP Parties' confidentiality designations in connection with their Motion to Compel the ZHP Parties' Supplemental Production. The Parties have reached an agreement stipulating that the deadline for the ZHP Parties to resolve these challenges or move to seal such documents is October 12, 2021.

4.     **Parties' Stipulation on Class Certification Briefing Page Limits**

The parties have agreed on the following page lengths for the briefing related to Plaintiffs' forthcoming motion for class certification pursuant to the economic loss and medical monitoring class action master complaints, as follows:

1. Plaintiffs' Opening Briefing – 160 pages total

2. Defendants' Opposition Briefing – 160 pages total

3. Plaintiffs' Reply Briefing – 80 pages total.



September 28, 2021
Page 13

5.    **Status Update on Newly Named Class Representatives**

This agenda item is included to apprise the Court of the progress on completion of the discovery ordered by Special Master Order No. 40. Dkt. 1514. The parties are working to facilitate completion of the depositions of the 34 newly-named class representative plaintiffs by the December 3, 2021 deadline set by the Court. *Id.* Currently 32 of the 34 newly-named class representatives have filed Plaintiff Fact Sheets ("PFS") corresponding to their status in the amended complaints. Of the 32 Plaintiffs who have filed a PFS, 13 are substantially complete. Defendants have received deposition dates for numerous Plaintiffs and are scheduling those depositions with Plaintiffs' counsel, beginning in October. Defendants will continue to work with Plaintiffs' counsel to obtain PFSs and cure deficient PFSs so that these depositions may proceed on time. Based on progress to date, Defendants do not anticipate any issues substantially completing this discovery by the aforementioned deadline.

6.    **Request for Hearing with Live Expert Testimony on Rule 702 Motion**

As the Court is aware, CMO 23 provides that the Parties' Rule 702 (Daubert) Motions as to general causation experts are due on November 1, 2021, with the Reply briefs to be filed on January 3, 2022. The Parties are in the process of completing the depositions of the fourteen (14) general causation experts who have been disclosed and whose testimony may be the subject of such motions. Given the complexity of the scientific issues involved and the importance of general causation to this MDL as a whole, Defendants submit that a formal hearing to include oral argument, along with the presentation of live testimony under cross-examination of the expert witnesses, or a subset thereof, would be beneficial. While it is within the Court's sound discretion whether to conduct a hearing with live testimony, the practice is commonly accepted and has been found to be helpful in a number of MDL litigations. *See, e.g., In re Viagra (Sildenafil Citrate) &*

DuaneMorris

*Cialis (Tadalafil) Prods. Liab. Litig.*, 424 F. Supp. 3d 781, 786 (N.D. Cal. 2020) (over the course of four days the parties presented live testimony from a subset of their respective expert witnesses); *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, No. 3:16-md-2734, 2019 U.S. Dist. LEXIS 219982, at \*9-10 (N.D. Fla. Dec. 6, 2019) (over four days the parties presented the live testimony of eight expert witnesses); *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2327, 2016 U.S. Dist. LEXIS 116804, at \*26-29, 35-36, 38 (S.D. W.Va. Aug. 25, 2016) ("[T]he critical gatekeeping function permitting or denying expert testimony on decisive issues in these cases is best made with a live expert on the witness stand subject to vigorous examination); *see also* Minutes of Proceeding, *Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, No. 3:16-md-02738-FLW-LHG (D.N.J. July 23-26, 29, 30 2019) (Judge Wolfson presided over Rule 702 hearings for seven days, where testimony from seven experts was heard); Pretrial Order 115, *In re: Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1871 07-md-01871 (E.D. Pa. Sept. 15, 2010) (three day hearing set with the opportunity to present live testimony of a subset of witnesses). Accordingly, Defendants respectfully request that the Court schedule a hearing on the Parties' Rule 702 motions, with time allotted for expert testimony, as soon as the Court's schedule permits upon closing of the briefing in January 2022.

## 7.    Third-Party Fact Witnesses Deposition Attendance

Defendants do not agree that Court intervention is required on the purported dispute regarding in-person versus remote treating physician depositions, as the Parties previously reached a compromise on this issue. Defendants' preference is to take treating physician depositions in person, unless the treater raises concerns surrounding COVID-19 and affirmatively requests the deposition take place by Zoom for that reason. Plaintiffs' preference seems to be that all treater

DuaneMorris

September 28, 2021
Page 15

depositions be taken remotely. During a meet and confer regarding treating physician depositions, the Parties reached a compromise that each side will offer the treaters whose depositions it schedules the option of a deposition in person or by Zoom. However, Defendants were clear with Plaintiffs that Defendants would tell treaters that Defendants prefer the deposition to take place in person, but can arrange for it to take place by Zoom if the treater wants to avoid in-person contact due to COVID-19 concerns. Although the Court has not specifically addressed the issue of conducting treating physician depositions in person versus virtually, the Parties' compromise is consistent with the guidance Judge Vanaskie has offered on this issue in the context of expert depositions, which is that witness preference should be a primary consideration.

Consistent with the Parties' compromise, Defendants have told each treater whose deposition they have scheduled that Defendants prefer the deposition to take place in person but can arrange for it to take place remotely if the treater wants to avoid in-person contact due to COVID-19 concerns. Many treaters have not expressed any concerns with an in-person deposition, but some have requested a remote deposition, which the Parties have accommodated. In fact, to date at least half of the treater depositions taken by the Parties have been remote.

Plaintiffs recently asserted that one of the treaters deposed in the Bonmon case, Nurse Allen, was not given the option of a remote deposition because when asked during her deposition if she had been told the deposition could be taken remotely, she responded, "I don't think so." However, a nurse paralegal at Greenberg Traurig handled the scheduling of this deposition and has confirmed that she did indeed tell Nurse Allen that the deposition could be taken remotely to accommodate any COVID-19 concerns, and that Nurse Allen never requested a remote deposition. In fact, Nurse Allen indicated she had technological issues that may have made a remote deposition unworkable. Greenberg Traurig confirmed to Plaintiffs' counsel that its office provided Nurse

September 28, 2021
Page 16

**DuaneMorris**

Allen, and has provided all treaters, the option of a remote deposition consistent with the Parties' compromise, and will continue to do so.

To the extent the Court makes a ruling on this issue, Defendants respectfully request that treating physician depositions continue to proceed according to the compromise previously reached by the Parties.

## 8.    Plaintiffs Fact Sheets/Show Cause Listings

### Cases Addressed at the August 25, 2021 Case Management Conference:

The Court issued six show cause orders returnable at the September 29, 2021 Case Management Conference:

- *Lloyd, Thomas v. Optum RX, Inc., et al.* - 21-cv-12010
- *Rivera, Hector v. Zhejiang Huahai Pharmaceutical Co., et al.* – 21-cv-06831
- *Abdullahi, Burlia v. Zhejiang Huahai Pharmaceutical Co., et al.* – 21-cv-02885
- *Russell, Sandra v. Camber Pharmaceuticals Inc., et al.* – 21-cv-10021
- *Smiley, Benita v. Aurobindo Pharma U.S.A., Inc., et al.* – 20-cv-20604
- *Thorn, Jimmie v. Mylan Pharmaceutical Inc., et al.* – 20-cv-20603

The issues in the *Rivera, Abdullahi, Russell, Smiley,* and *Thorn* matters are resolved, and those show cause orders may be withdrawn.

The issues in the *Lloyd* matter remain unresolved and Defendants request the order to show cause hearing proceed in that matter.

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Thomas Lloyd v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | 21-cv-12010 | Rheingold Giuffra Ruffo Plotkin LLP | I.D.1<br><br>Failed to attach records. Documents demonstrating claimed injury<br><br>I.D.4 - Failed to respond. | 7/1/2021 |

DuaneMorris

| | | | | Medical records and section VII indicate prostate cancer. Please clarify.<br><br>IV.A.4 - Failed to respond.<br><br>Reasons for consultation by all physicians<br><br>V.F.1 - Failed to respond.<br><br>Medical records and section VII indicated prostate cancer<br><br>VI.B.3 - Failed to respond.<br><br>Approximate dates/years taken for all medication listed.<br><br>VI.B.4 - Failed to respond.<br><br>Dosage and frequency of use for all medications listed.<br><br>VI.B.5 - Failed to respond.<br><br>Reason for Use for all medications listed<br><br>XI.A.1 - Failed to provide properly signed, undated, and completed authorization.<br><br>XI.A.6 - Failed to provide properly signed, undated, and completed authorization. | |

**Second Listing Cases – Order to Show Cause Requested:**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these four cases were previously listed on the agenda for a prior CMC. This list was provided to Plaintiffs' leadership on September 21, 2021, and a global meet

**Duane**Morris

and confer was held on September 24, 2021. Defendants have also been available for further discussion as needed. Accordingly, Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why these cases should not be dismissed.

Defense counsel will be prepared to address the individual issues with respect to each of these cases, to the extent necessary, during the September 29, 2021 Case Management Conference:

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Tamara Ledkins | 21-cv-10940 | Moll Law Group | Plaintiff failed to provide medical expenses, properly completed authorizations for David Bray, health insurance carriers, and pharmacies. | 8/4/2021 |
| 2. | Rex Phillips | 21-cv-9137 | Levin Papantonio | VIII. A.1 -Failed to provide complete information. -Please provide last name. Plaintiff responded "Plaintiff is not claiming fraud"; however, this is the section on family medical history. Plaintiff failed to provide the last name of the aunt mentioned in this section. VIII. A.6 -Failed to provide complete information. -Please provide the type of treatment. Plaintiff responded "Plaintiff is not claiming fraud"; however, this is the section on family medical history. Plaintiff failed to provide the type of treatment received by the aunt mentioned in this section. | 8/6/2021 |

DuaneMorris

September 28, 2021
Page 19

| | | | | | XI.A .3 -Failed to provide properly signed, dated, and completed authorization. -Authorization is not completed. Plaintiff provided a signed authorization, but the top portion of the authorization is not completed (name and address of employer, employee name, DOB, SSN, address, etc.)<br><br>XI.A .5 -Failed to provide properly signed, dated, and completed authorization. Plaintiff provided a signed authorization for release of disability claims records, but the top portion of the authorization is not completed.<br><br>XI.B.1 -Failed to respond.<br><br>XI.B.7 -Failed to provide records requested. - The version of pharmacy records that have already been uploaded is legible and is the only copy we have available, as that was how the records came to us. This is not a request for pharmacy records. Plaintiff failed to attach records relating to WC or disability claims. | |

DuaneMorris

September 28, 2021
Page 20

| 3. | Valentin Landau v. Aurobindo Pharma, LTD., et al. | 21-CV-11228 | Dell and Dean PLLC | Incomplete PFS, failed to provide medical records, authorizations, or pharmacy records. Please see deficiency notice. | 7/31/2021 |
|---|---|---|---|---|---|
| 4. | Helen Rice v. ZHP, et al. | 21-cv-10906 | Moll Law Group | I.B.3 - Failed to provide complete information.<br><br>Address - PO Box is not responsive.<br><br>I.C.1 - Failed to respond.<br><br>Failed to attached records demonstrating product use.<br><br>I.D.1 - Failed to attach records demonstrating injury.<br><br>III.A.1.a - Failed to respond.<br><br>When were you first diagnosed with hypertension?<br><br>III.A.1.b - Failed to provide complete information.<br><br>Please identify medication.<br><br>III.E.2.d - Failed to respond.<br><br>Complete dates treated for all providers listed.<br><br>III.E.2.e - Failed to respond.<br><br>Medications prescribed for all conditions listed.<br><br>III.F.1.b - Failed to respond.<br><br>Total time lost from work from 12/2017.<br><br>III.F.2.b - Failed to respond. | 7/30/2021 |

September 28, 2021
Page 21

DuaneMorris

| | | | | Annual gross income for 2010, 2011, 2012, and 2015 | |
|---|---|---|---|---|---|
| | | | | III.F.3.b - Failed to respond. | |
| | | | | Annual gross income for 2016 and 2017. | |
| | | | | III.F.4 - Failed to respond. | |
| | | | | The total amount of income you claim you lost as a result of any condition you claim was caused by Valsartan. | |
| | | | | III.G.a - Failed to respond. | |
| | | | | Medical expenses. | |
| | | | | IV.B.3 - Failed to respond. | |
| | | | | Dates for Cancer Rehabilitation and Neuro team. | |
| | | | | IV.C.2 - Failed to respond. | |
| | | | | Addresses for Optum RX and HyVee Pharmacies. | |
| | | | | IV.E.2 - Failed to respond. | |
| | | | | Addressees for Stefanie and Rick Gilbert. | |
| | | | | Address for Michelle Burger. | |
| | | | | IV.E.4 - Failed to respond. | |
| | | | | Information you believe all listed witnesses possess. | |
| | | | | V.G.3 - Failed to respond. | |

DuaneMorris

September 28, 2021
Page 22

| | | | | Onset dates for hyperlipidemia and hypertension. | |
|---|---|---|---|---|---|
| | | | | V.G.4 - Failed to respond. | |
| | | | | Treatment Received and Outcome for pulmonary embolism, hyperlipidemia and hypertension. | |
| | | | | VI.A.6 - Failed to respond. | |
| | | | | VI.B.2 - Failed to respond. | |
| | | | | Healthcare provider(s) that prescribed/recommended the products listed. | |
| | | | | VI.B.3 - Failed to respond. | |
| | | | | Approximate dates/years listed products were taken. | |
| | | | | VI.B.4 - Failed to respond. | |
| | | | | Dosage | |
| | | | | VI.B.6 - Failed to respond. | |
| | | | | Pharmacy/Store where listed products were purchased. | |
| | | | | VII.A.2.b - Failed to respond. | |
| | | | | Information related to primary oncologist and treatment facility. | |
| | | | | XI.A.1-3 - Failed to provide properly signed, undated, and completed authorization. | |
| | | | | XI.A.6 - Failed to provide properly signed, undated, and completed authorization. | |

DuaneMorris

| | | | | XI.A.7 - Failed to provide properly signed, undated, and completed authorization.<br><br>XII - Failed to provide signed and dated, declaration. | |
|---|---|---|---|---|---|

**First Listing Cases – Remaining Core Deficiencies:**

The following Plaintiff Fact Sheets contain core deficiencies which remain unresolved. This list was provided to Plaintiff leadership on September 21, 2021 and a global meet and confer was held on September 24, 2021. Defendants have also been available for further discussion as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Denton v. Solco Healthcare U.S., LLC | 21-cv-11255 | Dunken Law Firm | Must submit undated health insurance authorizations | 8/13/21 |
| 2. | Achkov v. Aurobindo Pharma, Ltd., et al | 21-cv-10355 | Johnson, Sztykiel & Hunt, P.C. | Failed to respond to deficiency notice | 08/16/2021 |

**First Listing Cases – Failure to File Plaintiff Fact Sheet:**

The following Plaintiffs have failed to file a timely Plaintiff Fact Sheet. A list of these cases was provided to Plaintiff leadership on September 21, 2021, and a global meet and confer was held on September 24, 2021. Defendants have also been available for further discussion as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

September 28, 2021
Page 24

DuaneMorris

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Shawna Martinez | 21-cv-12152 | Arnold & Itkin, LLP | No PFS filed | PFS due – 08/03/2021 |
| 2. | Kevin Howard | 21-cv-12959 | Levin Papantonio | No PFS filed | PFS due – 08/23/2021 |
| 3. | Stephen Gregory Johnston | 21-cv-12713 | Terrell Hogan | No PFS filed | PFS due – 08/24/2021 |
| 4. | Cook, Beverly v. Hetero Drugs, Ltd., et al. | 21-cv-09041 | Hollis Law Firm, P.A. | No PFS Filed | PFS due – 08/21/2021 |

Respectfully submitted,

*/s/ Seth A. Goldberg*

Seth A. Goldberg

cc:    Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
       Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
       Sarah Johnston, Esq. (*via email*)
       Jeffrey Geoppinger, Esq. (*via email*)
       Lori G. Cohen, Esq. (*via email*)
       Clem C. Trischler, Esq. (*via email*)