**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE**

| | |
|---|---|
| **In re: Valsartan Products Liability Litigation** : : : : | |
| _____ : **This document relates to:** : : **Plaintiffs, George and Esperanza Gines, h/w** : : _____ : | **MDL No. 2875** <br><br> No. 1:19-md-2875 -RBK |

**ORDER**

**AND NOW**, on this _____ day of _____, 2021, upon consideration of the Motion for Stay of Proceedings and for Leave to Withdraw as Counsel, and any response thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Counsel for the Plaintiffs, The Beasley Firm, Peter J. Johnsen, Esquire and Louis F. Tumolo, Esquire shall withdraw as Counsel.

**IT IS FURTHER ORDERED** that proceedings shall be stayed ninety (90) days and new expert, pre-trial, and trial deadlines be provided to counsel or George Gines *pro se* at that time of entry of appearance by counsel or George Gines *pro se*.

**BY THE COURT:**

_____
, J.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: Valsartan Products Liability Litigation | MDL No. 2875 |
| This document relates to: | No. 1:19-md-2875 -RBK |
| Plaintiffs, George and Esperanza Gines, h/w | |

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL
AND FOR A STAY OF PROCEEDINGS**

Counsel for Plaintiffs hereby file this Motion for Leave to Withdraw as Counsel and for Stay of Proceedings.

Plaintiffs' counsel seeks leave to withdraw as counsel as an insurmountable difference of opinion has developed between Plaintiffs and the undersigned regarding continued representation. A continuation of this relationship and involvement in this case would require movants' counsel to violate the New Jersey Rules of Professional Conduct. Plaintiffs' counsel respectfully requests an *in-camera* discussion with the Court to communicate the irreconcilable differences between Plaintiffs and their present counsel, and permission to withdraw as counsel for Plaintiffs.

Accordingly, Plaintiffs request a stay of proceedings to permit Plaintiffs to obtain substitute counsel and new expert, pre-trial, and trial deadlines.

**[this space is intentionally left blank]**

1

**WHEREFORE**, Plaintiffs' Counsel respectfully request this Honorable Court grant the Motion for Leave to Withdraw as Counsel and for a Stay of Proceedings.

Dated: October 1, 2021                                          Respectfully submitted,

**THE BEASLEY FIRM, LLC**

/s/*Louis F. Tumolo, Esq.*
Peter J. Johnsen, Esq.
Louis F. Tumolo, Esq.
The Beasley Firm
1125 Walnut Street
Philadelphia. PA 19107
Tel: 215-592-1000
Fax: 215-592-8360
Peter.Johnsen@beasleyfirm.com
Louis.Tumolo@beasleyfirm.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In re: Valsartan Products Liability Litigation** | |
| | **MDL No. 2875** |
| **This document relates to:** | **No. 1:19-md-2875 -RBK** |
| **Plaintiffs, George and Esperanza Gines, h/w** | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND FOR A STAY OF PROCEEDINGS**

**I.   INTRODUCTION**

Plaintiffs' counsel seeks leave to withdraw as counsel as an insurmountable difference of opinion has developed between Plaintiffs and the undersigned counsel regarding continued representation. A continuation of this relationship and involvement in this case would require counsel to violate the New Jersey Rules of Professional Conduct. Plaintiffs' counsel respectfully requests an *in-camera* discussion with the Court to communicate the irreconcilable differences between Plaintiffs and the undersigned, and permission to withdraw as counsel.

Accordingly, Plaintiffs request a stay of proceedings to permit Plaintiffs to obtain new counsel to litigate this matter on their behalf and new expert, pre-trial, and trial deadlines.

**II.   QUESTIONS PRESENTED**

**Question One**: Should this Honorable Court grant counsel leave to withdraw where requiring counsel to continue representing Plaintiffs would result in a violation of the New Jersey Rules of Professional Conduct?

**Suggested Answer**: Yes.

**Question Two**: Should this Honorable Court grant Plaintiffs a stay of proceedings to permit plaintiffs to obtain substitute counsel?

**Suggested Answer**: Yes.

III. **ARGUMENT**

    A. **The Undersigned Should Be Permitted To Withdraw Where Irreconcilable Differences Cannot Be Resolved**

Pursuant to L. Civ. R. 102.1, leave of court is required to withdraw an appearance. In deciding whether to permit an attorney to withdraw, the Court should consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Rusinow v. Kamara*, 920 F.Supp. 69, 71 (D.N.J. 1996). In addition to these factors, the Court must consider the Rules of Professional Conduct. *Rnc Sys. V. Modern Techs. Group*, Civ. No. 08-1036-JBS-KMW, 2013 U.S. Dist. LEXIS 208585 (D.N.J. 2013) (permitting counsel to withdraw where continuing representation would violate the New Jersey Rules of Professional Conduct). Notably, the New Jersey Rules of Professional Conduct Rule 1.16(a) provide "a lawyer **shall** withdraw from representation of a client if the representation will result in a violation of the Rules of Professional Conduct." *See* N.J.R.P.C. 1.16(a).[1]

Here, requiring the undersigned to continue representing Plaintiffs would force counsel to violate the New Jersey Rules of Professional Conduct. In order to establish the irreconcilable difference between the undersigned and Plaintiffs, the undersigned

---

[1] L.Civ.R. 103.1 provides "[t]he Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court[.]"

2

requests an *in-camera* hearing. Following that hearing, the undersigned respectfully request permission to withdraw as counsel.

### B. A Stay Of Proceedings Is Appropriate Where The Court Permits A Party's Counsel To Withdraw

A stay is appropriate where the court permits withdraw of counsel in order to give the client an opportunity to retain new counsel. *See Magargal v. New Jersey*, Civ. No. 07-3531, 2011 U.S. Dist. LEXIS 130949 (D.N.J. 2011) (granting stay of proceedings following withdraw of counsel); *see also Global Creditors Corp. v. Diamond Logistics, Inc.*, Civ. No. 2:13-184, 2014 U.S. Dist. LEXIS 118227 (D.N.J. 2014) (discussing staying proceedings to permit party to find new counsel after withdrawal).

If this Court grants the undersigned's Motion for Leave to Withdraw as Counsel, the Plaintiffs respectfully request a 90-day extension to find new counsel and new expert, pre-trial, and trial deadlines.

### IV. <u>CONCLUSION</u>

The undersigned respectfully requests this Honorable Court grant Leave to Withdraw as Counsel and Stay Proceedings for 90-days to permit Plaintiffs to find new counsel.

Dated: October 1, 2021                                  Respectfully submitted,

**THE BEASLEY FIRM, LLC**

<u>/s/*Louis F. Tumolo, Esq.*</u>
Peter J. Johnsen, Esq.
Louis F. Tumolo, Esq.
The Beasley Firm
1125 Walnut Street
Philadelphia. PA 19107
Tel: 215-592-1000
Fax: 215-592-8360
Peter.Johnsen@beasleyfirm.com
Louis.Tumolo@beasleyfirm.com

3