IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| IN RE: Valsartan N-Nitrosodimethylamine (NDMA), and Irbesartan Products Liability Litigation<br><br>This Document Relates to All Actions | MDL No. 2875<br>Civil No. 19-02875 (RBK) |

## SPECIAL MASTER ORDER NO. 47

Plaintiffs have challenged the confidentiality designations of documents produced during discovery by Defendant Teva.[1] By Special Master Order No. 38, Teva was directed to provide the documents in question for *in camera* review and to submit a letter brief explaining why the documents should remain outside the public view. Teva did so on September 1, 2021, presenting 23 documents grouped into six categories that it claimed were properly designated as "Confidential Information" or "Restricted Confidential," along with a statement of reasons in support of the designations.[2] Plaintiffs replied by letter brief submitted on

---

[1] As used herein, Teva refers to Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.

[2] It bears mentioning that none of the 23 documents has been submitted to the Court in connection with any motion. Thus, a presumption of public access does not attach to any of the documents. The only issue here is whether Teva has a reasonable basis for having the documents treated as confidential under the parties agreed-upon Confidentiality and Protective Order, ECF No. 139

September 9, 2021.  Argument on the matter was conducted on September 13, 2021.

Rulings on all but two of the documents were made during the course of the argument.  Specifically, it was determined that four of the documents should not be kept as confidential.[3]  It was also determined that Attachments 2 and 3 to 415117 need not remain confidential.  Documents bearing ending bates numbers 006479; 008430; 020166;  021073; 042637; 158698; 400391; 247059; 318831; 320639; 399168; 118147; 018210; 244215; 244725; and 318608 were found be deserving of protection under the Confidentiality and Protective Order entered in this matter at ECF No. 139.

The two remaining documents have been assessed carefully.  TEVA-MDL2875-00158463 is a 7-page email chain spanning the period from July 21, 2015 to June 15, 2016 that concerns testing methods and costs.  Teva has demonstrated that this information is not shared with its competitors and is regarded as having economic significance.  The fact that the document is somewhat dated does not destroy its competitive significance.  Accordingly, Teva will not be required to make this document public.

The final document, TEVA-MDL2875-00950663, is a 2013 risk

---

[3] Those documents have the following ending Bates Numbers: 101997; 073283; 158540; and 225213.

assessment concerning Valsartan.  The document bears the legend, "Controlled Document – DO NOT COPY without permission."  Teva maintains that "[a]bsent the confidentiality designation, Teva's competitors would be able to use Teva's risk assessments to inform competitive business decisions related to Teva's suppliers and pharmaceutical product sourcing."  Given this representation and the contents of the document, it will remain, at least for now, protected by the Confidentiality and Protective Order entered in this matter.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Teva shall remove the confidentiality designations for the following documents: TEVA-MDL2875-00101997; TEVA-MDL2875-00073283; TEVA-MDL2875-00244213; and TEVA-MDL2875-00158540.  Teva shall also remove the confidentiality designations for Attachments 2 and 3 to TEVA-MDL2875-00415117.  **IT IS FURTHER ORDERED THAT** Plaintiffs' request that Teva be compelled to remove the confidentiality designations on the other 18 documents at issue is **DENIED**.

s/ Thomas I. Vanaskie  
Hon. Thomas I. Vanaskie (Ret.)  
Special Master

October 7, 2021