# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Thomas I. Vanaskie (Ret.), Magistrate Judge |

## DECLARATION OF MI XU

1. I am Associate Vice President with Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), formerly Senior Director, with responsibility for ZHP's European API markets, generic accounts, and market development. I submit this declaration in support of the motion to seal certain confidential documents filed by Defendants ZHP, Prinston Pharmaceutical Inc. ("Prinston") and Huahai U.S. Inc. ("Huahai U.S.").

2. I state that I have reviewed each of the below documents Plaintiffs intended to file as Exhibits 4, 5, 6, 7, and 9 to ECF No. 1405, and that this declaration is made on the basis of my personal knowledge.

3. **ZHP02471924** (ECF No. 1405, Ex. 4) (designated "RESTRICTED CONFIDENTIAL INFORMATION") and **ZHP02734637** (ECF No. 1405, Ex. 5) (designated "RESTRICTED CONFIDENTIAL INFORMATION"): These documents consist of a letter and its duplicate from one of the ZHP Parties' API customers, Novartis International Pharmaceuticals Ltd., Branch Ireland ("NIPBI"), to Minda Cai dated July 19, 2018 regarding the return of valsartan API delivered to NIPBI.

4.  These documents summarize a management meeting between NIPBI and the ZHP Parties that took place on July 6, 2018, and describe in detail the product to be returned, including the delivery date, the quantity delivered, and the quantity consumed by NIPBI.

5.  These documents are subject to a mutual Confidential Disclosure Agreement between Novartis and the ZHP dated July 24, 2017 (the "CDA"). The CDA expressly prohibits the disclosure of NIPBI's confidential and proprietary information relating to valsartan to third parties without prior authorization from NIPBI, and requires the ZHP Parties to take all reasonable precautions to prevent disclosure of confidential information for a period of ten (10) years from the effective date of the CDA (July 24, 2017).

6.  Deliberate disclosure of the two letters, without a court order or prior authorization, would subject the ZHP Parties to legal liability for breach of the CDA, resulting in significant financial harm to the ZHP Parties in the form of litigation costs, contract damages, and equitable relief, including injunction and specific performance for any breach.

7.  **ZHP02490581** (ECF No. 1405, Ex. 6) (designated "RESTRICTED CONFIDENTIAL INFORMATION") and **ZHP02735368** (ECF No. 1405, Ex. 7) (designated "RESTRICTED CONFIDENTIAL INFORMATION"): These documents consist of a letter and its duplicate from Sandoz AG and Sandoz Pvt. Ltd. (collectively "Sandoz") to ZHP employees dated January 15, 2019 regarding a notification of claims and actions involving the affiliates of Sandoz related to the ZHP Parties' API, which was not intended for the U.S. market.

8.  These documents are subject to a confidentiality provision in the API frame supply agreement between Sandoz and the ZHP Parties (the "Supply Agreement"), which broadly defines confidential information as any kind of business, commercial, or technical

2

information and data disclosed in connection with the business relationship between Sandoz and the ZHP Parties.

9. Under the Supply Agreement, the ZHP Parties shall not disclose any confidential information to any third party, and shall be liable for any breach of the confidentiality obligations set forth therein for a period of not less than five (5) years from the termination or expiration of the Supply Agreement.

10. Deliberate disclosure of the letters, without a court order or prior authorization, would subject the ZHP Parties to legal liability for breach of the Supply Agreement, resulting in significant financial harm to the ZHP Parties in the form of litigation costs and contract damages.

11. **ZHP00180427** (ECF No. 1405, Ex. 9) (designated "RESTRICTED CONFIDENTIAL INFORMATION"): These documents consist of emails dated April 28 through May 3, 2017 between employees from the ZHP Parties and those of the ZHP Parties' customer, MacLeods Pharmacy ("MacLeods"), regarding chromatography testing of the ZHP Parties' valsartan KSM.

12. At the time of their sending and receipt (2017), these documents were subject to an extremely robust mutual confidential disclosure agreement (the "CDA") between the ZHP Parties and MacLeods, which defines confidential information to include the parties' research, development, data and results, and scientific and technical strategies.

13. The CDA expressly prohibited the disclosure of the parties' confidential information absent a court order, and obligates the parties to protect the confidentiality of such information, with the ZHP Parties being liable for all damages incurred by MacLeods as a result of any breach of the CDA.

14. The parties' ongoing obligations under the CDA expired on or about December 17, 2020 (five years after the effective date of the CDA). However, the parties' obligation to maintain the confidentiality of technical or business information related to the purchase or negotiation of the sale of valsartan API remain in effect pursuant to Section 11 of the Terms and Conditions governing the relevant purchase orders.

15. Deliberate disclosure of the emails, without a court order or prior authorization, would subject the ZHP Parties to legal liability for breach of Section 11 of the Terms and Conditions , resulting in significant financial harm to the ZHP Parties in the form of litigation costs and contract damages, as well as possible injunctive relief.

16. **ZHP02628144** (ECF No. 1405, Ex. 10) (designated "CONFIDENTIAL INFORMATION"): This document consists of non-public communications between the ZHP Parties and a potential business partner from November-December 2017 regarding a draft valsartan synthesis process development contract. In these emails, the ZHP Parties and their intended business partner discuss the draft agreement and proposed revisions to the contact prior to its implementation, including whether the agreement should include four pharmaceutical products not related to valsartan, and whether their intended business partner has the technical capability to include the additional products subject to the ZHP Parties' specifications. The communications also discuss considerations for future collaborations and material cost calculations.

17. Because the communications detail the ZHP Parties' proprietary manufacturing processes prior to implementation, and reveal material cost calculations, the disclosure of this information to the ZHP Parties' direct competitors would cause significant competitive harm by

4

allowing the ZHP Parties' direct competitors to replicate or undercut the ZHP Parties' business strategies.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT TO THE BEST OF MY KNOWLEDGE THE FOREGOING IS TRUE AND CORRECT.

Executed on October 12, 2021 in _Linhai_ (city), _China_ (state).

_____, Declarant

5