# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEYCAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Thomas Vanaskie (Ret.), Special Discovery Master |

## DECLARATION OF BRIAN H. RUBENSTEIN IN SUPPORT OF MOTION TO REDACT TRANSCRIPT PURSUANT TO LOCAL CIVIL RULE 5.3(g) AND STATEMENT IN LIEU OF BRIEF PURSUANT TO LOCAL CIVIL RULE 7.1(d)(4)

Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Activas LLC, and Actavis Pharma, Inc. (collectively "Teva") respectfully submit this Declaration of Brian H. Rubenstein in Support of Teva's Motion to Redact and Statement in Lieu of Brief in accordance with Local Civil Rules 7.1(d)(4), 5.3(g), and 5.3(c).

I, Brian H. Rubenstein, hereby declare as follows:

1.    I am an attorney at law in the Commonwealth of Pennsylvania, where I am a member of good standing of the bar. I am employed with the law firm of Greenberg Traurig, LLP, counsel for Teva in this matter.

2.    I make this Declaration based upon my knowledge in support of

Teva's Motion to Redact portions of the electronic transcript for the September 13, 2021 hearing ("Sept. 13 Transcript") before the Honorable Special Master Judge Thomas Vanaskie on Teva's letter brief in support of certain confidentiality designations.

3.      Local Civil Rule 5.3(c)(1) requires "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials . . . shall ordinarily be made on notice, by a single consolidated motion on behalf of all parties . . . . The single, consolidated motion shall include all information required by (c)(3) below." In other words, the motion papers shall describe: "(a) the nature of the materials . . . at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identify of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3).

4.      The portions of the Sept. 13 Transcript that Teva seeks to redact describe the contents of documents that Teva produced and designated as either "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL" under the Confidentiality and Protective Order (the "Protective Order"), entered by the Honorable United States District Judge Robert B. Kugler on June 26, 2019

(Dkt. No. 139), and that Judge Vanaskie ordered in Special Master Order No. 47 dated October 8, 2021 (Dkt. No. 1616) (the "Oct. 8 Order") to retain either their CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL designation.

5.    Teva has a strong and legitimate interest in protecting the confidential information about Teva and its third-party suppliers from being disclosed to the public. *See, e.g., Bed Bath & Beyond Inc. v. Sears Brands, LLC*, Civil Action No. 08-5839-SDW-MCA, at *7 (D.N.J. Sep. 10, 2012) (quoting *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004)) ("A well-settled exception to the right of access is 'the "protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm. The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure."'"); *In re Valsartan, Losartan, and Irbesartan Prods. Liab. Litig.*, Civil No. 19-2875, at *10 (D.N.J. May 24, 2021) (finding the producing party's "representation that disclosure would harm its relationship with the third party suffice to overcome the presumption of public access").

6.    Disclosure of the portions of the Sept. 13 Transcript which describe either CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL

information would cause Teva irreparable harm because it would place Teva at a competitive disadvantage if its competitors secured the information. The information sought to be redacted provides insight into Teva's proprietary internal processes, which would allow Teva's competitors to analyze and/or adopt those processes and better compete with Teva. Disclosure of certain information would also damage Teva's relationships with its suppliers because it includes confidential information about Teva's suppliers.

7.       As counsel for Teva, I have carefully and thoroughly reviewed the Sept. 13 Transcript to identify only those portions of the Sept. 13 Transcript that discuss the contents of documents designated as either CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL and subject to the Oct. 8 Order that such documents shall remain so designated. It is therefore believed that no less restrictive means is available or practicable to protect Teva's CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL information and that there are no alternative means to protect against the disclosure of this confidential information.

8.       There is no prior Order sealing the Sept. 13 Transcript, or the confidential information discussed therein.

9.       Specifically, the following portions of the Sept. 13 Transcript contain confidential information, which is also identified with specificity in Teva's Index

in Support of Teva's Motion to Redact and Seal Portions of the Hearing Transcript of September 13, 2021 Pursuant to Local Civil Rule 5.3(g)[1]:

- Page 11, line 20 – Page 12, line 1

- Page 17, line 2 – Page 17, line 4

- Page 17, line 7 – Page 17, line 9

- Page 17, line 25

- Page 19, line 3 – Page 19, line 8

- Page 19, line 14 – Page 19, line 17

- Page 20, line 5 – Page 20, line 6

- Page 20, line 9 – Page 20, line 11

- Page 20, line 23 – Page 20, line 24

- Page 21, line 3

- Page 21, line 6 – Page 21, line 15

- Page 21, line 19 – Page 21, line 25

- Page 22, line 10 – Page 22, line 16

- Page 24, line 24 – Page 25, line 3

- Page 26, line 14 – Page 26, line 16

- Page 31, line 9 – Page 31, line 10

---

[1] The specific portions of each line sought to be redacted were identified in a proposed redacted version of the transcript submitted to Chambers pursuant to Local Civil Rule 5.3(g)(2).

- Page 31, line 15 – Page 31, line 17

- Page 31, line 19 – Page 31, line 22

- Page 32, line 2 – Page 32, line 5

- Page 32, line 7 – Page 32, line 9

- Page 32, line 18 – Page 32, line 23

- Page 32, line 25 – Page 33, line 1

- Page 33, line 10 – Page 33, line 15

- Page 33, line 22 – Page 33, line 25

- Page 35, line 17

- Page 35, line 21 – Page 36, line 1

- Page 36, line 5 – Page 36, line 7

- Page 36, line 22 – Page 36, line 25

10.    On October 11, 2021, counsel for Teva notified Plaintiffs' Executive Committee ("PEC") of Teva's intent to redact portions of the Sept. 13 Transcript, identified the specific pages and lines sought to be redacted and asked for a meet and confer prior to October 15, 2021 if the PEC had any objection to these portions of the Sept. 13 Transcript being redacted. As of this date, Teva has not received a response to its notice and is not aware of any party or nonparty objecting to the redaction request.

11.    A redacted version of the Sept. 13 Transcript is being concurrently

submitted to Chambers, in accordance with Local Civil Rule 5.3(g)(2).

I, Brian H. Rubenstein, declare under penalty of perjury that the foregoing is true and correct.

Executed on October 15, 2021.                    */s/ Brian H. Rubenstein*
                                                          Brian H. Rubenstein