UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Thomas Vanaskie (Ret.), Special Discovery Master<br><br>**ORDER GRANTING MOTION TO SEAL PURSUANT TO L. CIV. R. 5.3(g)** |

THIS MATTER having been open to the Court by application of Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc. (collectively "Teva") seeking an order sealing portions of the September 13, 2021 hearing transcript (the "Sept. 13 Transcript"); the Court having considered the papers submitted by Teva in support of the Motion; and any papers in reply thereto; and the Court having considered and adopted the Declaration and Statement in Lieu of Brief of Brian H. Rubenstein, counsel for Teva, pursuant to Local Civil Rule 7.1(d)(4); and the Court having further found that the standards for Local Civil Rules 5.3(g) and 5.3(c) have been met and support redacting confidential information; and for other good cause having been shown, the Court hereby finds:

1

## FINDINGS OF FACT

1.  On June 26, 2019, the Honorable United States District Judge Robert Kugler entered the parties' Confidentiality and Protective Order (the "Protective Order"). (Dkt. No. 139). The Protective Order allows the parties to designate documents as "CONFIDENTIAL INFORMATION." (*Id.* ¶¶ 9(B), 22).

2.  The Protective Order further provides that "[a]ll portions of any . . . hearing transcript taken in the Litigation, wherein the Documents themselves, or the contents of the Documents, designated as PROTECTED INFORMATION are identified, discussed, or disclosed, shall also be designated as PROTECTED INFORMATION and shall be subject to the terms of this Protective Order." *Id.* at ¶ 17(B).

3.  Under Paragraph 17(B) of the Protective Order, Teva has thirty (30) days following the receipt of a transcript to designate such portions that are confidential, and provide notice of same to all parties. Until expiration of the thirty-day period, "the entire transcript will be treated as RESTRICTED CONFIDENTIAL INFORMATION subject to protection against disclosure under this Protective Order." *See id.*

4.  On September 15, 2021, Teva received the Sept. 13 Transcript of the hearing before Special Discovery Master Judge Vanaskie regarding Teva's letter brief in support of certain challenged confidentiality designations. (Dkt. No. 1561).

5.  Because the Sept. 13 Transcript identifies, discusses, and discloses

documents designated as either "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL" pursuant to Paragraphs 9(B) and 9(M) of the Protective Order, Teva formally moved to redact and seal portions of the Sept. 13 Transcript pursuant to Paragraph 17(B) of the Protective Order, as well as Local Civil Rule 5.3(g).

6. Teva seeks to redact and seal only those portions of the Sept. 13 Transcript that describe the contents of documents designated by Teva as either "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL" pursuant to the Protective Order.

7. Specifically, the following portions of the Sept. 13 Transcript contain confidential information, which was identified with specificity in Teva's Index in Support of Teva's Motion to Redact and Seal Portions of the Hearing Transcript of September 13, 2021 Pursuant to Local Civil Rule 5.3(g)[1]:

- Page 11, line 20 – Page 12, line 1
- Page 17, line 2 – Page 17, line 4
- Page 17, line 7 – Page 17, line 9
- Page 17, line 25
- Page 19, line 3 – Page 19, line 8
- Page 19, line 14 – Page 19, line 17

---

[1] The specific portions of each line sought to be redacted were identified in a proposed redacted version of the transcript submitted to Chambers pursuant to Local Civil Rule 5.3(g)(2).

- Page 20, line 5 – Page 20, line 6
- Page 20, line 9 – Page 20, line 11
- Page 20, line 23 – Page 20, line 24
- Page 21, line 3
- Page 21, line 6 – Page 21, line 15
- Page 21, line 19 – Page 21, line 25
- Page 22, line 10 – Page 22, line 16
- Page 24, line 24 – Page 25, line 3
- Page 26, line 14 – Page 26, line 16
- Page 31, line 9 – Page 31, line 10
- Page 31, line 15 – Page 31, line 17
- Page 31, line 19 – Page 31, line 22
- Page 32, line 2 – Page 32, line 5
- Page 32, line 7 – Page 32, line 9
- Page 32, line 18 – Page 32, line 23
- Page 32, line 25 – Page 33, line 1
- Page 33, line 10 – Page 33, line 15
- Page 33, line 22 – Page 33, line 25
- Page 35, line 17
- Page 35, line 21 – Page 36, line 1

- Page 36, line 5 – Page 36, line 7
- Page 36, line 22 – Page 36, line 25

8. The Court further finds that the information sought to be redacted is confidential, proprietary business information that is not generally known to the public.

9. The Court further finds that Teva has a legitimate interest in protecting its confidential information.

10. The Court further finds Teva will experience competitive harm if the Court does not permit the redaction of the Sept. 13 Transcript as proposed by Teva.

11. The Court further finds that a less restrictive alternative to the relief sought herein is not available.

## CONCLUSIONS OF LAW

1. Under Local Civil Rule 5.3(c), which sets forth the requirements for a motion to redact a transcript pursuant to Local Civil Rule 5.3(g)(4), documents may be filed and maintained under seal upon a showing of good cause. *See* D.N.J. L. Civ. R. 5.3(c). The moving party must show that the following factors weigh in favor of sealing the information at issue: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants therelief sought; (3) the clearly defined and serious injury that would result if the reliefsought is not granted; and (4) why a less restrictive alternative to the relief sought isnot available. *Id.* This Court has discretion in balancing the factors for and against access to court

5

documents. *See Pansy v. Stroudsburg*, 23 F. 3d 772, 791 (3d Cir. 1994).

2. Based upon the Court's findings of fact, Teva satisfies the criteria for redacting and sealing set forth in Local Civil Rules 5.3(c) and 5.3(g).

3. Teva has a legitimate interest in maintaining the confidentiality of its proprietary testing and other internal processes, which have been designated as either CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL pursuant to Paragraphs 9(B) and 9(M) of the Protective Order and upheld as confidential by the Court.

4. "A well-settled exception to the right of access is 'the "protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm. The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure."'" *Bed Bath & Beyond Inc. v. Sears Brands, LLC*, Civil Action No. 08-5839-SDW-MCA, at *7 (D.N.J. Sep. 10, 2012) (quoting *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004)). Additionally, this Court has recognized the need to protect from disclosure the confidential information of third parties. *In re Valsartan, Losartan, and Irbesartan Prods. Liab. Litig.*, Civil No. 19-2875, at *10 (D.N.J. May 24, 2021) (finding the "representation that disclosure would harm its relationship with the third party suffice to overcome the presumption of public access").

5. The portions of the Sept. 13 Transcript that Teva seeks to redact contain

6

commercially sensitive, proprietary information that, if disclosed, would cause Teva clearly defined and serious injury.

6. There is no less restrictive alternative available other than to redact and seal portions of the Sept. 13 Transcript.

7. There is no prior Order sealing the Sept. 13 Transcript, or the confidential information discussed therein.

8. No party or nonparty has objected to the redaction and sealing request.

9. Pursuant to the foregoing Findings of Fact and Conclusions of Law, and for good cause shown:

**IT IS** on this _____ day of _____, 2021, hereby **ORDERED** that Teva's Motion to Redact is hereby **GRANTED**; and **IT IS FURTHER ORDERED** that those portions of the Sept. 13 Transcript identified by Teva as describing the contents of documents designated as **CONFIDENTIAL INFORMATION** shall be redacted and remain sealed.

**IT IS FURTHER ORDERED** that a copy of this Order shall be served on all counsel of record within days of Plaintiffs' liaison counsel's receipt of this Order.

**Dated:**_____

By the Court:

_____
Hon. Thomas Vanaskie (Ret.)
Special Discovery Master