IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| IN RE: Valsartan N-Nitrosodimethylamine (NDMA), and Irbesartan Products Liability Litigation<br><br>This Document Relates to All Actions | MDL No. 2875<br>Civil No. 19-02875 (RBK) |

## SPECIAL MASTER ORDER NO. 49

Contending that the ZHP Defendants waived the confidentiality designations for (a) more than 80 documents presented as part of court filings, (b) the deposition testimony and related exhibits of two witnesses, and (c) an email produced during discovery along with related deposition testimony, Plaintiffs have requested that the waiver be confirmed. (ECF No. 1392.) Plaintiffs' contentions for each of the three categories of documents will be considered in turn.

### A. Documents Filed under Seal

Plaintiffs assert that the ZHP Parties failed to comply with the provisions of paragraph 31 of the Confidentiality and Protective Order entered in this matter (ECF No. 139) as to documents that have been filed with the Court at ECF No. 826 (Plaintiffs' Memorandum of Law in Opposition to ZHP's Motion for a Protective Order and accompanying exhibits); ECF No. 967 (Plaintiffs' February 23, 2021 Agenda letter and accompanying exhibits A through P); ECF No. 1189 (Plaintiffs'

April 27, 2021 Agenda letter and accompanying exhibits A through FF); and ECF

No. 1250 (Plaintiffs' May 17, 2021 letter and accompanying exhibits 1 through 28[1]

submitted in reply to ZHP's opposition to the request for production of Baohua

Chen's custodial file).  Plaintiffs' request for confirmation of waiver of

confidentiality implicates paragraph 31 of the Confidentiality and Protective Order,

ECF No. 139.  Paragraph 31, titled "Court Submissions Containing 'Protected

Information,'" in relevant part, and with emphasis supplied, provides:

> Any documents that a Party wishes to file with the Court during
> this Action which have previously been designated as
> "PROTECTED INFORMATION" (or which contain
> CONFIDENTIAL INFORMATION or RESTRICTED
> CONFIDENTIAL INFORMATION), and all pleadings and
> memoranda purporting to reproduce or paraphrase such
> "PROTECTED INFORMATION," shall be filed in a manner that
> preserves the confidentiality of such information. To the extent
> possible, parties shall attempt to avoid the need to file materials
> under seal by working with the Producing Party to create non-
> confidential, redacted or excerpted pages of materials containing
> "PROTECTED INFORMATION" to attach to filings. Where the
> filing party has not had an opportunity to confer with the Producing
> Party, in advance of a filing, the filing party shall not attach
> materials containing "PROTECTED INFORMATION" to its filing
> but shall instead designate by Bates number the materials
> containing "PROTECTED INFORMATION" that would have been
> attached or completely redact all "PROTECTED INFORMATION"
> from such materials. . . . *Within ten (10) business days of the*
> *completion of briefing related to the filing, the filing party and*
> *Producing Party shall confer to determine whether they can agree*
> *upon non-confidential redacted or excerpted pages of materials*
> *containing "PROTECTED INFORMATION" to attach to the filing*

---

[1] It bears noting that Exhibits 19, 21, and 22 were designated as confidential by the Teva defendants.

> *in place of the Bates number designations or redacted materials. If the parties are unable to reach an agreement, then the designating party must file a motion to seal the materials containing "PROTECTED INFORMATION" pursuant to the requirements for doing so as set forth in Local Rule 5.3(c), and within thirty (30) days of the completion of briefing related to the original motion, or else waive confidentiality as to the materials containing "PROTECTED INFORMATION" at issue.* If the Producing Party waives confidentiality as to the materials at issue, the filing party may replace the Bates number designations or redacted materials with the full text of the documents at issue.

In an email dated February 1, 2021, Plaintiffs challenged the confidentiality of the documents they were appending to their Memorandum of Law in Opposition to ZHP's Motion for a Protective Order. The February 1, 2021 email asserted that "there is nothing about the documents that justifies treatment as confidential under the protective order, especially given the public health interests involved. Nevertheless, Plaintiffs are available to meet and confer regarding the confidentiality designations of these documents, as required before [the filing of] ZHP's motion to seal pursuant to the protective order." (ECF No. 1404-1 at 3.) In an email dated February 23, 2021, Plaintiffs made the same assertion with respect to the documents attached to their agenda letter of the same date. (ECF No. 1404-2 at 2.) In the meantime, on February 10, 2021, the ZHP Parties moved to seal other documents labeled confidential that were part of court filings and that Plaintiffs had challenged. (ECF No. 859.) During a Case Management Conference conducted on March 10, 2021, the ZHP Parties requested that the confidentiality

issues be deferred and that "any deadlines for motions to seal be held in abeyance until such time as the Court issues its decision on the outstanding motion to seal." (ECF No. 1404-5 at 6.)  This request was granted.

Plaintiffs subsequently challenged the confidentiality designations of documents attached to their April 27, 2021 Agenda letter and May 17, 2021 letter reply in support of their request for the production of Mr. Chen's custodial file. (*See* ECF No. 1404-6 (Plaintiffs' email dated April 27, 2021) and ECF No. 1404-7 (Plaintiffs' email dated May 17, 2021).)  These challenges were held in abeyance pending a ruling on the ZHP Parties' motion to seal.   The ruling on ZHP's Motions to Seal was issued on May 24, 2021.  (ECF No. 1269.)  Of the 29 documents at issue on ZHP's motion to seal, five were ordered sealed.

After the May 24, 2021 Order, the ZHP Parties offered to meet and confer on the confidentiality designations for the more than 80 documents that were attached to ECF Nos. 826, 967, 1189, and 1250.  Plaintiffs responded in an email dated June 17, 2021, declaring "we stand on our objections."  (ECF No. 1404-8 at 2.)  Consequently, there was no meaningful meet and conferral process.

Contending that the 30-day time period for moving to seal the documents in question provided by paragraph 31 of the Confidentiality  and Protective Order expired on June 23, 2021, i.e., 30 days after the May 24th Order, Plaintiffs maintain that the ZHP Defendants waived their confidentiality designations by not

4

presenting a motion to seal.  The ZHP Parties insist that they have not waived

confidentiality, either intentionally or inadvertently, and request that Plaintiffs be

directed to meet and confer on the confidentiality designations.

In an email date June 29, 2021, ZHP's counsel summarized her view of the

chronology of events:

> During our status conference on March 10, 2021, Judge Vanaskie
> ruled that any deadlines for motions to seal be held in abeyance
> until his decision on the Motion to Seal (ECF No. 859). Following
> Judge Vanaskie's decision on the Motion to Seal (ECF No. 1269), I
> approached you about resuming the parties' meet and confer efforts
> with respect to confidentiality disputes, including those that were
> stayed pending Judge Vanaskie's order. Further to that goal, we
> agreed to identify the challenged documents and our respective
> positions. On June 17, 2021, you advised that the Plaintiffs stand on
> all of their objections. However, such statement did not somehow
> conclude the meet and confer process, resolve any of the disputes
> as to these matters, and affect any disposition of the ZHP Parties
> confidentiality designations. Consequently, it was improper, and
> factually and legally incorrect, for [Plaintiffs] to take the position
> . . . that the ZHP Parties waived confidentiality designations with
> respect to certain documents challenged by Plaintiffs that are the
> subject of the very meet and confer process ordered by the Court
> and not yet concluded, unless Plaintiffs' statement on June 17
> should be construed as their unilateral withdrawal from meeting
> and conferring.

(ECF No. 1404-9 at 2.)  The June 29, 2021 email then requested a more precise

statement of Plaintiffs' positions with respect to the documents in question.

Plaintiffs responded the following day, stating that they had been willing to

meet and confer, but that the ZHP Defendants had not accepted Plaintiffs' offer to

meet before the June 23, 2021 deadline to file a motion to seal.  (ECF No. 1404-

10.)  Plaintiffs concluded by stating, "we decline your invitation to meet and confer on the propriety of ZHP's waived confidentiality designations.  Instead, we will present ZHP's clear waiver to the Court. . . ."  (ECF No. 1404-10 at 3.)  The parties were then ordered to submit briefing on the question of whether the ZHP Parties waived their confidentiality designations.  (ECF No. 1376.)  This briefing was completed on July 22, 2021.

The decisive issue in this dispute is whether the parties should have engaged in a meaningful meet and confer with respect to the documents attached to court filings.  Plaintiffs insist that ZHP was obligated to move to seal within the 30-day time period specified in paragraph 31 of the Confidentiality and Protective Order because the parties had been unable to reach agreement on confidentiality.  The ZHP Parties maintain that paragraph 31 does not govern here due to the stay imposed while ZHP's first motion to seal was pending.  The ZHP Parties ague that paragraph 20(a) of the Confidentiality and Protective Order controls, and under that provision ZHP had twenty-one days to respond to Plaintiffs' confidentiality challenges, or to July 8, 2021.[2]  As Plaintiffs sought confirmation of waiver before

---

[2] Paragraph 20(a) provides:

> Counsel for the objecting party shall serve on the Producing Party or third party, and to Plaintiffs' and Defendants' Liaison Counsel, a written objection to such [confidentiality] designation which shall describe with particularity the documents or information in question and shall state the grounds for objection.

the 21-day period had expired, the ZHP Parties argue that the request for confirmation of waiver should be denied.

Given the unique procedural posture in which this dispute has arisen, the ZHP Parties' position makes better sense. The stay directed as a result of the pendency of ZHP's initial motion to seal altered the framework set forth in the Protective and Confidentiality Order. The thirty-day period from completion of briefing does not make sense once the stay was entered because there no longer was a need to expedite the confidentiality determination. The parties were then in the context of a challenge to confidentiality designations covered by paragraph 20(a). Accordingly, the request for confirmation of waiver based upon paragraph 31 of the Confidentiality and Protective Order will be denied.[3]

> Counsel for the Producing Party or third party shall respond in writing to such objection within twenty-one (21) days of receiving the written objection, and shall state with particularity the grounds for asserting that the document or information is CONFIDENTIAL . . . . If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the Producing Party or third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith within fourteen (14) days of the date when the Producing Party's written response is dated in an effort to resolve the dispute.

[3] Applicable here is the "hoary maxim that 'the law abhors a forfeiture.'" *United States v. Lavin,* 942 F.2d 177, 182 (3d Cir.1991) (citation omitted). It is evident that the ZHP Parties did not intend to waive their confidentiality designations and did not allow the time period for moving to seal to slip by inadvertently. Instead, they acted reasonably and in good faith in insisting that paragraph 31 was not

This determination leaves undecided the challenge to the confidentiality designations for the more than 80 documents attached to court filings. Their status has been in limbo for a good deal of time while attention was focused on waiver. Because it is now clear that the ZHP Parties have not waived their confidentiality designations, the parties are returned to the stage of dispute resolution that requires that they meet and confer on the confidentiality designations before seeking a determination from the Court. Accordingly, the parties will be directed to meet promptly on the confidentiality of the documents in question and report in writing to the Court within fourteen (14) days on the results of their discussions.

## B. Deposition Testimony of Lijie Wang and John Iozzia

The challenge to the confidentiality designations for the testimony of Lijie Wang and John Iozzia clearly fall within paragraph 20(a) of the Confidentiality and Protective Order. The operation of this provision, however, was also impacted by the stay imposed while ZHP's initial motion to seal was pending. Accordingly, Plaintiffs and the ZHP Parties will directed to meet and confer on an expedited basis and provide within fourteen (14) days a written report of the results of the parties' efforts to resolve the confidentiality issues, identifying with particularity

---

controlling. Plaintiffs' position also reflected a reasonable view of the provisions of the Confidentiality and Protective Order. In this regard, it should be noted that, but for the stay imposed in March of 2021, the 30-day deadline from completion of briefing would have applied.

the testimony and exhibits that remain contested.

### C. The July 27, 2017 Email

Plaintiffs argue that, irrespective of waiver, the July 27, 2017 email, along with the deposition testimony of Min Li concerning that email, should be made public.  Plaintiffs point to the fact that a "more rigorous common law right of access" applies to discovery material that has been presented as part of the adjudicatory process, such as the July 27, 2017 email.  *Avandia Mktg., Sales Practices and Products Liab. Litig.,* 924 F.3d 662, 670 (3d Cir. 2019)).  Plaintiffs then proceed to argue the merits of their position.  (ECF No. 1392 at 8-9.)

The ZHP Parties abstain from addressing the merits, relying upon the fact that Special Master Order 31 limited briefing to the question of "whether the ZHP Parties waived confidentiality as to the challenged documents."  (ECF No. 1376 at 1.)  They also argue that "[t]here is no justification for Plaintiffs to single out one document for early briefing on the merits."  (ECF No. 1404 at 11.)

Because Special Master Order 31 limited briefing to the waiver question, the confidentiality vel non of the July 27, 2017 email and the related deposition testimony of Min Li will not be addressed in this Order.  Because of the significance of that document and related testimony, however, the ZHP Parties will be directed to respond to the arguments at pages 8-9 of Plaintiffs' Memorandum of Law in Support of ZHP's Waiver of Certain Confidentiality Designations within

seven (7) days from the date of this Order, addressing the question of the need for confidentiality as to the email and related deposition testimony.

## NOW, THERFORE, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' request to confirm the ZHP Parties' waiver of confidentiality designations (ECF No. 1392) is **DENIED.**

2. The parties shall meet and confer with respect to the confidentiality designations for the documents attached to ECF Nos. 826, 967, 1189, and 1250, as well as the confidentiality designations for the deposition testimony of Lijie Wang and John Iozzia (and the exhibits to those depositions), and report in writing the results of their discussions within fourteen (14) days of the date of this Order.

3. Within seven (7) days from the date of this Order the ZHP Parties shall submit a brief addressing the need for confidentiality of the July 27, 2017 email and the deposition testimony of Min Li concerning that document.

s/ Thomas I. Vanaskie<br>
Hon. Thomas I. Vanaskie (Ret.)<br>
Special Master

October 22, 2021