**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION**

**CIVIL ACTION NUMBER:**

**19-md-02875-RBK-KMW**

**TELEPHONE CONFERENCE**

Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101
October 8, 2021
Commencing at 1:00 p.m.

**B E F O R E:** **THE HONORABLE THOMAS I. VANASKIE (RET.)**
**SPECIAL MASTER**

**A P P E A R A N C E S:**

**GOLDENBERG LAW, LLC**
**BY: MARLENE J. GOLDENBERG, ESQUIRE**
**800 Lasalle Avenue, Suite 2150**
**Minneapolis, Minnesota 55402**
**For the Plaintiffs**

**LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY PROCTOR, P.A.**
**BY: DANIEL A. NIGH, ESQUIRE**
**316 S. Baylen, Suite 600**
**Pensacola, Florida 32502**
**For the Plaintiffs**

Ann Marie Mitchell, Official Court Reporter
AnnMarie@AMreporting.com
856-906-8171

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

**A P P E A R A N C E S (Continued):**

GREENBERG TRAURIG LLP
BY: VICTORIA DAVIS LOCKARD, ESQUIRE
BY: VICTORIA J. LANGTON, ESQUIRE
BY: GREGORY COATES, ESQUIRE
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
For the Defendants, Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., Actavis LLC, and Actavis Pharma, Inc.

**ALSO PRESENT:**

Larry MacStravic, Courtroom Deputy

(Proceedings called to order at 1:00 p.m.)

THE COURT: This is a fairly straightforward issue, just one of scheduling, but I wanted to try to get it resolved as quickly as possible. And I thank you for all being available on such short notice to try to resolve this.

It came to my attention as a result of an email from Ms. Goldenberg yesterday around 5:00, and then there was an email earlier this morning from Ms. Lockard. And I thought, let's try to get this resolved because it deals with scheduling and impacts on vacations and things of that nature and the scheduling of a physician's deposition.

I've read the emails. I don't know what more you need to provide me with. I'm hoping that there's some way we can get this resolved satisfactorily. But if I have to make a decision, certainly that's what I'm here for.

Has there been any other discussion or any other effort to try to get this resolved?

I guess I'll ask that first of you, Ms. Goldenberg.

MS. GOLDENBERG: Sure, Your Honor. And for the record, this is Marlene Goldenberg.

No. There has been -- I did email defense counsel once more after getting their email saying they were unwilling to move the deposition to ask if they were willing to reconsider their position. They told me they were not. And here we are.

THE COURT: Yeah. Part of the problem, as I see it -- and then I'll hear from you, Ms. Lockard. But part of the problem as I see it is this doctor canceled his appointments for the day. And now -- you know, I know that's a disruption.

MS. GOLDENBERG: It is, Your Honor, and -- I'm sorry. Go ahead.

THE COURT: That's all right. Go ahead.

MS. GOLDENBERG: It certainly is unfortunate, and it's especially unfortunate in light of the fact that I told the defendants from the very beginning I was unavailable on that date. And I'm not really sure why they decided to tell the doctor this was the date this was going to happen and it worked for everyone. But I -- I feel badly for the doctor, but I can't -- I'm going to be on a plane during that time.

MS. LOCKARD: Your Honor, if I just may be heard on this, and for the record.

THE COURT: You certainly may.

MS. LOCKARD: Thank you.

We are not trying to ruin anyone's vacation here. You know, we all work hard and deserve some time off. I understand that. It's not our normal practice to be difficult on these matters.

We do have a Court-imposed deadline of November 4th to get these treaters deposed. And frankly, that was because plaintiffs would not agree to anything longer.

But be that as it may, that's where we are. And we contacted this treater. October 14th was the only date she gave us. She's quite difficult to deal with, this physician. We did not ask her -- you know, we did not represent that plaintiff's counsel was either available nor unavailable. We followed up with Ms. Goldenberg, who did -- she was very clear she was not available on the 14th. And we asked, are there others who could cover or are there other dates within the deadline that Ms. Goldenberg could cover when she returns from vacation on the 25th. We were not provided with any other dates.

So with the deadline looming, we did not feel we could unilaterally agree to disregard the Court's deadline and push this, particularly given that this treater -- this physician is very difficult to deal with and we needed to get this scheduled.

So we noticed it for the only available date, with the expectation that plaintiffs should have resources to cover this deposition among the many lawyers they have working on this case, or they could go to the Court and seek an exception, which they've done.

That said, the physician has cleared her schedule. She is asking for a 50 percent cancellation fee, which is roughly $1,875 of her typical fee.

So if it is to be rescheduled and the Court is to

allow that exception outside of the Court-imposed deadline, we will make ourselves available; but in that event, we believe that plaintiffs should have to pay that fee that is owing to the doctor, because she did clear off her schedule.

So that's sort of where we are at this point.

THE COURT: All right. Well, let's hear now from Ms. Goldenberg.

MS. GOLDENBERG: Yes, Your Honor.

And just for the record, I did actually check with my partners to see if there was someone who could cover this deposition, and there just isn't. We're a small firm.

But the cancellation fee is a problem of the defendant's creation. They, again, called the doctor, noticed the deposition.

I did email last week and asked defense counsel if they would agree to me emailing the Court and asking for an extension and saying it was my schedule, because it is, and instead, they noticed the deposition. So there was never any indication on my part that this date was going to work.

And to the point that we should be able to find somebody else to cover this, this is different than a deposition that the PSC is taking. This is a deposition of a doctor who treated my personal client who I represent on an individual basis. The Court would never agree to say, Teva, you have to cover a deposition for Hetero because Hetero's

counsel is unavailable. That's not their client. And I am the only person who represents this client, and my firm should be the one at this deposition.

THE COURT: All right. Anything else, Ms. Lockard?

MS. LOCKARD: Only that this is one of the bellwether plaintiffs, so it's not just a matter of it being a client of Ms. Goldenberg. But no, I think we've made the record clear on our position.

THE COURT: Well, I believe that plaintiffs should pay the cancellation fee if they want to have this deposition taken on another day or even after the November 4 deadline. I don't see a need to move the November 4 deadline, and I'm not inclined to do that, but would allow an exception to have the deposition of this particular physician taken after the November 4 deadline.

But it's the plaintiff's vacation schedule that is at issue here. And if plaintiffs want to take -- want to get on -- Ms. Goldenberg, if you want to get on that flight and start your vacation on time, which I don't blame you, we all do work hard and we all are entitled to vacation, but we have tight deadlines in this case for very good reasons. And this is a matter -- I don't think it's a matter of the defense making -- from what I've been told, this physician did schedule -- did clear her schedule or his schedule for this date. And I've been -- it's been represented to me that this

physician -- as many, many physicians in my dated personal experience -- can be difficult in terms of scheduling depositions.

I just think the fair thing here is if you want to take it after -- on another date and we have this 50 percent cancellation fee, which is not unusual, because physicians clear their days, I think it should be paid for by the plaintiffs. If plaintiffs are unwilling to do that, then the deposition will go forward as scheduled on the 14th of October.

Go ahead.

MS. GOLDENBERG: I'm sorry. I certainly understand your position. If I may, you know, the only reason that this cancellation fee was incurred was because the defendants went ahead and scheduled this on a date that was never going to work in the first place.

If that is the precedent that's being set, then parties are going to be allowed to notice depositions regardless of each other's schedule, and it sends a message that we don't need to work together on scheduling things in the future, which I think up until now we've always been really good at doing. But we have moved things around for other counsel's vacations. We have moved hearings, we have moved scheduling conferences, and this would be the first time that anyone has been forced to pay a fee for that, for something that they were clear from the beginning wasn't workable.

THE COURT: Is this the first time that a fee has been incurred as a result of moving things around?

MS. GOLDENBERG: I believe so. But the defendants knew that this date wasn't workable, noticed it anyway, and the fact that there is a fee here is only because they decided not to work together for a schedule or not wait for us to jointly approach the Court to seek an extension.

MS. LOCKARD: I have to say, though, I don't think that is a fair representation, because our response was not that we don't care, we're noticing it; our response was give us any other date in this five-week period since we've been trying to schedule this, and we got no alternative dates from plaintiffs. No alternative dates, one date from the treater and a deadline. I don't think this is comparable to the other situations. We are always willing to work together on things, but we have to be given alternatives. In this case we just weren't.

MS. GOLDENBERG: What defendants haven't mentioned is that the other dates that are available are taken up by other treater depositions that are scheduled at the end of October and beginning of November. And I don't think those defense attorneys are on the call right now, but I get back the 25th. There are about four business days between then and the deadline. And on two of those dates there are already depositions scheduled, so it's not like we've been sitting

around, not doing anything. And this date wasn't requested until the end of the September in the first place.

I can promise you, there's been no lack of diligence. I have personally taken six depositions of -- in this MDL in the last two weeks.

THE COURT: I know there's been no lack of diligence on either side. But you had a looming deadline.

Is it true that you didn't suggest another date? I know you didn't have another date available before November 4th, but did you float out there the possibility of a date after November 4th?

MS. GOLDENBERG: I did. I provided -- I'm sorry.

Yes, Your Honor, I did. I provided two or three additional dates after the deadline, and those were rejected by defendants.

MS. LOCKARD: Because they were after the deadline. And I don't feel comfortable unilaterally agreeing to do things after deadlines that Judge Kugler has issued on the scheduling order.

THE COURT: Sure. I understand that.

No. My ruling stands. I think the deposition may be rescheduled, and you'll have an exception to take it after the November 4 deadline, but plaintiffs will have to pay the cancellation fee.

Anything else?

MS. GOLDENBERG: No, Your Honor. I appreciate you being available for the call.

MS. LOCKARD: Not from us, Your Honor. Thank you.

THE COURT: All right. Do you need an order --

MS. GOLDENBERG: No, I don't think that's necessary.

THE COURT: -- or is this sufficient?

Okay. This will be sufficient.

All right. I expect that you'll confer to get another date, and the plaintiffs will pay the cancellation or the deposition will occur on the 14th of October.

Thank you very much.

(Proceedings concluded at 1:15 p.m.)

\- - - - - - - - - - - - - - -

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/S/ Ann Marie Mitchell, CCR, CRR, RDR, RMR, RPR*
*Court Reporter/Transcriber*

*October 12, 2021*
*Date*

**$1,875** *[1] - 5:24*
**/S** *[1] - 11:19*
**12** *[1] - 11:21*
**14th** *[4] - 5:2, 5:7, 8:9, 11:10*
**1:00** *[1] - 3:1*
**1:15** *[1] - 11:12*
**2021** *[1] - 11:21*
**25th** *[2] - 5:10, 9:22*
**4** *[4] - 7:11, 7:12, 7:15, 10:23*
**4th** *[3] - 4:23, 10:10, 10:11*
**50** *[2] - 5:23, 8:5*
**5:00** *[1] - 3:7*
**able** *[1] - 6:20*
**above-entitled** *[1] - 11:17*
**additional** *[1] - 10:14*
**agree** *[4] - 4:25, 5:13, 6:16, 6:24*
**agreeing** *[1] - 10:17*
**ahead** *[4] - 4:6, 4:7, 8:10, 8:14*
**allow** *[2] - 6:1, 7:13*
**allowed** *[1] - 8:17*
**alternative** *[2] - 9:12, 9:13*
**alternatives** *[1] - 9:16*
**Ann** *[1] - 11:19*
**anyway** *[1] - 9:4*
**appointments** *[1] - 4:3*
**appreciate** *[1] - 11:1*
**approach** *[1] - 9:7*
**attention** *[1] - 3:6*
**attorneys** *[1] - 9:22*
**available** *[8] - 3:5, 5:5, 5:7, 5:17, 6:2, 9:19, 10:9, 11:2*
**badly** *[1] - 4:13*
**basis** *[1] - 6:24*
**beginning** *[3] - 4:10, 8:25, 9:21*
**bellwether** *[1] - 7:5*
**between** *[1] - 9:23*
**blame** *[1] - 7:19*
**business** *[1] - 9:23*
**canceled** *[1] - 4:3*
**cancellation** *[7] - 5:23, 6:12, 7:10, 8:6, 8:13, 10:24, 11:9*
**care** *[1] - 9:10*
**case** *[3] - 5:20, 7:21, 9:16*
**CCR** *[1] - 11:19*
**certainly** *[4] - 3:15, 4:8, 4:17, 8:11*
**certify** *[1] - 11:16*
**check** *[1] - 6:9*
**clear** *[6] - 5:6, 6:4, 7:7, 7:24, 8:7, 8:25*
**cleared** *[1] - 5:22*
**client** *[4] - 6:23, 7:1, 7:2, 7:6*
**comfortable** *[1] - 10:17*
**comparable** *[1] - 9:14*
**concluded** *[1] - 11:12*
**confer** *[1] - 11:8*
**conferences** *[1] - 8:23*
**contacted** *[1] - 5:2*
**correct** *[1] - 11:16*
**counsel** *[4] - 3:21, 5:5, 6:15, 7:1*
**counsel's** *[1] - 8:22*
**Court** *[3] - 4:23, 6:1, 11:19*
**Court's** *[1] - 5:13*
**Court-imposed** *[2] - 4:23, 6:1*
**cover** *[6] - 5:8, 5:9, 5:18, 6:10, 6:21, 6:25*
**creation** *[1] - 6:13*
**CRR** *[1] - 11:19*
**date** *[16] - 4:11, 4:12, 5:2, 5:17, 6:19, 7:25, 8:5, 8:14, 9:4, 9:11, 9:13, 10:1, 10:8, 10:9, 10:10, 11:9*
**Date** *[1] - 11:21*
**dated** *[1] - 8:1*
**dates** *[7] - 5:8, 5:11, 9:12, 9:13, 9:19, 9:24, 10:14*
**days** *[2] - 8:7, 9:23*
**deadline** *[14] - 4:23, 5:9, 5:12, 5:13, 6:1, 7:11, 7:12, 7:15, 9:14, 9:24, 10:7, 10:14, 10:16, 10:23*
**deadlines** *[2] - 7:21, 10:18*
**deal** *[2] - 5:3, 5:15*
**deals** *[1] - 3:9*
**decided** *[2] - 4:11, 9:5*
**decision** *[1] - 3:15*
**defendant's** *[1] - 6:13*
**defendants** *[5] - 4:10, 8:13, 9:3, 9:18, 10:15*
**defense** *[4] - 3:21, 6:15, 7:22, 9:21*
**deposed** *[1] - 4:24*
**deposition** *[15] - 3:11, 3:23, 5:19, 6:11, 6:14, 6:18, 6:22, 6:25, 7:3, 7:10, 7:14, 8:9, 10:21, 11:10*
**depositions** *[5] - 8:3, 8:17, 9:20, 9:25, 10:4*
**deserve** *[1] - 4:20*
**different** *[1] - 6:21*
**difficult** *[4] - 4:21, 5:3, 5:15, 8:2*
**diligence** *[2] - 10:3, 10:6*
**discussion** *[1] - 3:16*
**disregard** *[1] - 5:13*
**disruption** *[1] - 4:4*
**doctor** *[6] - 4:3, 4:12, 4:13, 6:4, 6:13, 6:23*
**done** *[1] - 5:21*
**during** *[1] - 4:14*
**effort** *[1] - 3:17*
**either** *[2] - 5:5, 10:7*
**email** *[5] - 3:6, 3:8, 3:21, 3:22, 6:15*
**emailing** *[1] - 6:16*
**emails** *[1] - 3:12*
**end** *[2] - 9:20, 10:2*
**entitled** *[2] - 7:20, 11:17*
**especially** *[1] - 4:9*
**event** *[1] - 6:2*
**exception** *[4] - 5:20, 6:1, 7:13, 10:22*
**expect** *[1] - 11:8*
**expectation** *[1] - 5:18*
**experience** *[1] - 8:2*
**extension** *[2] - 6:17, 9:7*
**fact** *[2] - 4:9, 9:5*
**fair** *[2] - 8:4, 9:9*
**fairly** *[1] - 3:2*
**fee** *[11] - 5:23, 5:24, 6:3, 6:12, 7:10, 8:6, 8:13, 8:24, 9:1, 9:5, 10:24*
**firm** *[2] - 6:11, 7:2*
**first** *[5] - 3:18, 8:15, 8:23, 9:1, 10:2*
**five** *[1] - 9:11*
**five-week** *[1] - 9:11*
**flight** *[1] - 7:18*
**float** *[1] - 10:10*
**followed** *[1] - 5:6*
**forced** *[1] - 8:24*
**foregoing** *[1] - 11:16*
**forward** *[1] - 8:9*
**four** *[1] - 9:23*
**frankly** *[1] - 4:24*
**future** *[1] - 8:20*
**given** *[2] - 5:14, 9:16*
**Goldenberg** *[8] - 3:7, 3:18, 3:20, 5:6, 5:9, 6:7, 7:7, 7:18*
**GOLDENBERG** *[10] - 3:19, 4:5, 4:8, 6:8, 8:11, 9:3, 9:18, 10:12, 11:1, 11:5*
**guess** *[1] - 3:18*
**hard** *[2] - 4:20, 7:20*
**hear** *[2] - 4:2, 6:6*
**heard** *[1] - 4:15*
**hearings** *[1] - 8:22*
**Hetero** *[1] - 6:25*
**Hetero's** *[1] - 6:25*
**Honor** *[7] - 3:19, 4:5, 4:15, 6:8, 10:13, 11:1, 11:3*
**hoping** *[1] - 3:13*
**impacts** *[1] - 3:10*
**imposed** *[2] - 4:23, 6:1*
**inclined** *[1] - 7:13*
**incurred** *[2] - 8:13, 9:2*
**indication** *[1] - 6:19*
**individual** *[1] - 6:24*
**instead** *[1] - 6:18*
**issue** *[2] - 3:2, 7:17*
**issued** *[1] - 10:18*
**jointly** *[1] - 9:6*
**Judge** *[1] - 10:18*
**Kugler** *[1] - 10:18*
**lack** *[2] - 10:3, 10:6*
**last** *[2] - 6:15, 10:5*
**lawyers** *[1] - 5:19*
**light** *[1] - 4:9*
**Lockard** *[3] - 3:8, 4:2, 7:4*
**LOCKARD** *[6] - 4:15, 4:18, 7:5, 9:8, 10:16, 11:3*
**looming** *[2] - 5:12, 10:7*
**Marie** *[1] - 11:19*
**Marlene** *[1] - 3:20*
**matter** *[4] - 7:6, 7:22, 11:17*
**matters** *[1] - 4:22*
**MDL** *[1] - 10:4*
**mentioned** *[1] - 9:18*
**message** *[1] - 8:18*
**Mitchell** *[1] - 11:19*
**morning** *[1] - 3:8*
**move** *[2] - 3:23, 7:12*
**moved** *[3] - 8:21, 8:22*
**moving** *[1] - 9:2*
**MS** *[16] - 3:19, 4:5, 4:8, 4:15, 4:18, 6:8, 7:5, 8:11, 9:3, 9:8, 9:18, 10:12, 10:16, 11:1, 11:3, 11:5*
**nature** *[1] - 3:10*
**necessary** *[1] - 11:5*
**need** *[4] - 3:12, 7:12, 8:19, 11:4*
**needed** *[1] - 5:15*
**never** *[3] - 6:18, 6:24, 8:14*
**normal** *[1] - 4:21*
**notice** *[2] - 3:5, 8:17*
**noticed** *[4] - 5:17, 6:13, 6:18, 9:4*
**noticing** *[1] - 9:10*
**November** *[8] - 4:23, 7:11, 7:12, 7:15, 9:21, 10:9, 10:11, 10:23*
**occur** *[1] - 11:10*
**October** *[5] - 5:2, 8:9, 9:20, 11:10, 11:21*
**once** *[1] - 3:22*
**one** *[4] - 3:3, 7:3, 7:5, 9:13*
**order** *[3] - 3:1, 10:19, 11:4*
**ourselves** *[1] - 6:2*
**outside** *[1] - 6:1*
**owing** *[1] - 6:3*
**p.m** *[2] - 3:1, 11:12*
**paid** *[1] - 8:7*
**part** *[3] - 4:1, 4:2, 6:19*
**particular** *[1] - 7:14*
**particularly** *[1] - 5:14*
**parties** *[1] - 8:17*
**partners** *[1] - 6:10*
**pay** *[5] - 6:3, 7:9, 8:24, 10:23, 11:9*
**percent** *[2] - 5:23, 8:5*
**period** *[1] - 9:11*
**person** *[1] - 7:2*
**personal** *[2] - 6:23, 8:1*
**personally** *[1] - 10:4*

***physician*** *[6] - 5:3, 5:14, 5:22, 7:14, 7:23, 8:1*
***physician's*** *[1] - 3:11*
***physicians*** *[2] - 8:1, 8:6*
***place*** *[2] - 8:15, 10:2*
***plaintiff's*** *[2] - 5:5, 7:16*
***plaintiffs*** *[11] - 4:25, 5:18, 6:3, 7:6, 7:9, 7:17, 8:8, 9:13, 10:23, 11:9*
***plane*** *[1] - 4:14*
***point*** *[2] - 6:5, 6:20*
***position*** *[3] - 3:24, 7:8, 8:12*
***possibility*** *[1] - 10:10*
***possible*** *[1] - 3:4*
***practice*** *[1] - 4:21*
***precedent*** *[1] - 8:16*
***problem*** *[3] - 4:1, 4:3, 6:12*
***proceedings*** *[1] - 11:17*
***Proceedings*** *[2] - 3:1, 11:12*
***promise*** *[1] - 10:3*
***provide*** *[1] - 3:13*
***provided*** *[3] - 5:10, 10:12, 10:13*
***PSC*** *[1] - 6:22*
***push*** *[1] - 5:13*
***quickly*** *[1] - 3:4*
***quite*** *[1] - 5:3*
***RDR*** *[1] - 11:19*
***read*** *[1] - 3:12*
***really*** *[2] - 4:11, 8:20*
***reason*** *[1] - 8:12*
***reasons*** *[1] - 7:21*
***reconsider*** *[1] - 3:24*
***record*** *[5] - 3:20, 4:16, 6:9, 7:7, 11:17*
***regardless*** *[1] - 8:18*
***rejected*** *[1] - 10:14*
***Reporter/Transcriber*** *[1] - 11:19*
***represent*** *[2] - 5:4, 6:23*
***representation*** *[1] - 9:9*
***represented*** *[1] - 7:25*
***represents*** *[1] - 7:2*
***requested*** *[1] - 10:1*
***rescheduled*** *[2] - 5:25, 10:22*
***resolve*** *[1] - 3:5*
***resolved*** *[4] - 3:3, 3:9, 3:14, 3:17*
***resources*** *[1] - 5:18*
***response*** *[2] - 9:9, 9:10*
***result*** *[2] - 3:6, 9:2*
***returns*** *[1] - 5:9*
***RMR*** *[1] - 11:19*
***roughly*** *[1] - 5:24*
***RPR*** *[1] - 11:19*
***ruin*** *[1] - 4:19*
***ruling*** *[1] - 10:21*
***satisfactorily*** *[1] - 3:14*
***schedule*** *[10] - 5:22, 6:4, 6:17, 7:16, 7:24, 8:18, 9:6, 9:12*
***scheduled*** *[5] - 5:16, 8:9, 8:14, 9:20, 9:25*
***scheduling*** *[7] - 3:3, 3:9, 3:11, 8:2, 8:19, 8:23, 10:18*
***see*** *[4] - 4:1, 4:3, 6:10, 7:12*
***seek*** *[2] - 5:20, 9:7*
***sends*** *[1] - 8:18*
***September*** *[1] - 10:2*
***set*** *[1] - 8:16*
***short*** *[1] - 3:5*
***side*** *[1] - 10:7*
***sitting*** *[1] - 9:25*
***situations*** *[1] - 9:15*
***six*** *[1] - 10:4*
***small*** *[1] - 6:11*
***someone*** *[1] - 6:10*
***sorry*** *[3] - 4:5, 8:11, 10:12*
***sort*** *[1] - 6:5*
***stands*** *[1] - 10:21*
***start*** *[1] - 7:19*
***straightforward*** *[1] - 3:2*
***sufficient*** *[2] - 11:6, 11:7*
***suggest*** *[1] - 10:8*
***terms*** *[1] - 8:2*
***Teva*** *[1] - 6:24*
***The Court*** *[17] - 3:2, 4:1, 4:7, 4:17, 5:20, 5:25, 6:6, 6:16, 6:24, 7:4, 7:9, 9:1, 9:7, 10:6, 10:20, 11:4, 11:6*
***they've*** *[1] - 5:21*
***three*** *[1] - 10:13*
***tight*** *[1] - 7:21*
***together*** *[3] - 8:19, 9:6, 9:15*
***transcript*** *[1] - 11:16*
***treated*** *[1] - 6:23*
***treater*** *[4] - 5:2, 5:14, 9:13, 9:20*
***treaters*** *[1] - 4:24*
***true*** *[1] - 10:8*
***try*** *[4] - 3:3, 3:5, 3:9, 3:17*
***trying*** *[2] - 4:19, 9:11*
***two*** *[3] - 9:24, 10:5, 10:13*
***typical*** *[1] - 5:24*
***unavailable*** *[3] - 4:10, 5:5, 7:1*
***unfortunate*** *[2] - 4:8, 4:9*
***unilaterally*** *[2] - 5:13, 10:17*
***unusual*** *[1] - 8:6*
***unwilling*** *[2] - 3:22, 8:8*
***up*** *[3] - 5:6, 8:20, 9:19*
***vacation*** *[5] - 4:19, 5:10, 7:16, 7:19, 7:20*
***vacations*** *[2] - 3:10, 8:22*
***wait*** *[1] - 9:6*
***week*** *[2] - 6:15, 9:11*
***weeks*** *[1] - 10:5*
***willing*** *[2] - 3:23, 9:15*
***workable*** *[2] - 8:25, 9:4*
***yesterday*** *[1] - 3:7*