**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION, | MDL NO. 2875<br><br>HON. ROBERT B. KUGLER |

THIS DOCUMENT RELATES TO:

*Fields v. Mylan lab. Ltd., et al.*

Case No. 1:20-cv-00683-RBK-JS

### NOTICE OF VIDEOTAPED DEPOSTITION OF BRIAN FRANCIS, MD

**PLEASE TAKE NOTICE** that, in accordance with Rule 30 of the Federal Rules of Civil Procedure and the Fact Witness Deposition Protocol in this case (Case Management Order #20, filed November 17, 2020 – document 632), Plaintiff Tivis Fields will take the deposition upon oral examination of Brian Francis, MD on **November 12, 2021 at 1:30 pm EST**, and continuing until completion, via remote deposition while the witness is at his home or office or other location agreed to by the parties.

Please take further notice that: the deposition will be conducted remotely, using audio-visual conference technology; the court reporter will report the deposition from a location separate from the witness; counsel for the parties will be participating from various, separate locations; the court reporter will administer the oath to the witness remotely; and the witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera. The deposition shall be videotaped and recorded stenographically. The deponent shall produce any of the documents and tangible things listed on **Exhibit A,** attached hereto at the deposition that is in their possession, custody, and control.

The deposition will continue from day to day until completed before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. The court reporter and videographer will be an employee or agent of Golkow Global Litigation Services. The attorney contact for the deposition is:

Sejal K. Brahmbhatt
WILLIAMS HART BOUNDAS EASTERBY LLP
8441 Gulf Freeway Ste 600
Houston, TX 77017
(713) 230-2227
sbrahmbhatt@whlaw.com

Dated: October 27, 2021

Respectfully submitted:

/s/*Sejal K. Brahmbhatt*
Sejal K. Brahmbhatt
**Williams Hart Boundas Easterby LLP**
8441 Gulf Freeway Ste 600
Houston, TX 77017
Phone: (713) 230-2200
Fax: (713) 643-6226
Email: sbrahmbhatt@whlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October 2021, I caused a true and correct copy of the foregoing Notice of Videotaped Deposition of Brian Francis, MD to be filed with the Court's ECF system and served upon counsel of record. I further certify that a copy of the foregoing was served on the following Defendants' counsel by e-mail:

Gregory Herrold, Esq. (via email, for distribution to Defendants' Counsel)

Golkow Global Litigation Services (via email)

/s/*Sejal K. Brahmbhatt*
Sejal K. Brahmbhatt
**Williams Hart Boundas Easterby LLP**
8441 Gulf Freeway Ste 600
Houston, TX 77017
Phone: (713) 230-2200
Fax: (713) 643-6226
Email: sbrahmbhatt@whlaw.com

*Counsel for Plaintiff*

# EXHIBIT A

# DEFINITIONS AND INSTRUCTIONS

    The following Definitions and Instructions shall apply to the Notice of Deposition. To the extent a term commonly in use in the medical device industry is not defined herein, it shall be understood to be consistent with the meaning commonly ascribed to that term in the medical device industry.

1. "Document" means and includes the original and all non-identical copies or drafts of the following items: agreements; drafts; e-mails; communications; correspondence; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants' work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2. "Communication" means every manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, written, electronic, or by document or otherwise, and whether face-to-face, in a meeting, by telephone, mail, telex, discussion, release, personal delivery, or otherwise. Documents that typically reflect a "communication" include letters, electronic-mail, instant messages, handwritten notes, call logs, telephone memoranda, slips, daily appointment books and diaries, bills, checks, correspondence, and memoranda, and includes all drafts of such documents.

3. "Person" means any natural or artificial person, including business entities and other legal entities.

4. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

5. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

6. "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, alluding to, referring to, contradicting, compromising or concerning.

7. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to you, or your attorneys, representatives, or other agents.

8. All documents are to be produced in their entirety, without abbreviation or redaction, including both front and back thereof, and all attachments or other matters affixed thereto.

9. These requests shall be deemed continuing so as to require further and supplemental production by you in the event you obtain or discover additional documents between the time of responding to this subpoena and the time of any hearing or trial.

## **DOCUMENT REQUESTS**

From any electronic or physical files kept, maintained, controlled or accessible by the deponent, please produce the following:

1. A copy of the current resume and/or curriculum vitae for the deponent.

2. Your complete file and medical records regarding Plaintiff Tivis Fields, to the extent not already produced.