# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge |

## MEMORANDUM OF LAW IN SUPPORT OF MANUFACTURER DEFENDANTS' MOTION TO ADOPT IN PART AND OBJECTIONS IN PART TO SPECIAL MASTER'S REPORT ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND MASTER COMPLAINTS AND SPECIAL MASTER ORDER NO. 46 PURSUANT TO FED. R. CIV. P. 53(f)

## **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................1

II.     BACKGROUND ....................................................................................4

    A.      The Valsartan Litigation ...............................................................4

    B.      Defendants' Motions to Dismiss ...................................................4

    C.      The Courts' Six MTD Opinions and MTD Orders ..........................5

    D.      The Motion to Amend and Special Master's Report and Order ..........7

III.    ARGUMENT ........................................................................................9

    A.      Legal Standard ..............................................................................9

    B.      The Special Master's Report Should Be Adopted in Part to the
        Extent It Properly Construes and Enforces the Court's Prior
        Dismissal Orders ..........................................................................11

    C.      Defendants Object in Part to the Special Master's Report and
        Order Because the Special Master Should Not Reconsider This
        Court's Well-Reasoned Ruling on Out-of-State Standing .................11

            1.      This Court Considered and Rightly Rejected Plaintiffs'
                  Position on Out-of-State Standing in MTD Opinion 2.............15

            2.      The Special Master's Report Provides Insufficient
                  Grounds to Treat Out-of-State Standing as a Rule 23 Issue
                  Rather Than an Article III Standing Question.........................22

            3.      Plaintiffs Did Not Timely Seek and Have Failed to Satisfy
                  the Stringent Standard for Reconsideration of MTD
                  Opinion 2.................................................................................25

IV.     CONCLUSION......................................................................................28

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Amchem Prods. Inc. v. Windsor*,
    521 U.S. 591 (1997)............................................................................18

*Bey v. Stumpf*,
    825 F. Supp. 2d 537 (D.N.J. 2011).................................................20

*Blum v. Yaretsky*,
    457 U.S. 991 (1982)............................................................................20

*Blunt v. Lower Merion Sch. Dist.*,
    767 F.3d 247 (3d Cir. 2014) ...........................................................10

*Crowley v. Chait*,
    No. 85-2441 (HAA), 2005 WL 8165115 (D.N.J. Feb. 22, 2005) .....................10

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332 (2006)...............................................................12, 18, 19, 24

*In re Franklin Mut. Funds Fee Litig.*,
    388 F. Supp. 2d 451 (D.N.J. 2005)................................................20

*Freedom from Religion Found., Inc. v. Cnty. Of Lehigh*,
    933 F.3d 275 (3d Cir. 2019) ...........................................................10

*Green v. Green Mountain Coffee Roasters, Inc.*,
    279 F.R.D. 275 (D.N.J. 2011).........................................................20

*Gress v. Freedom Mortg. Corp.*,
    386 F. Supp. 3d 455 (M.D. Pa. 2019)............................................14

*K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*,
    No. CV 14-145, 2020 WL 3542305 (D.N.J. June 30, 2020)............................26

*Koronthaly v. L'Oreal USA, Inc.*,
    No. 07-5588, 2008 WL 2938045 (D.N.J. July 29, 2008), *aff'd*, 374
    Fed. Appx. 257 (3d Cir.2010)........................................................20

*Lewis v. Casey*,
    518 U.S. 343 (1996)..................................................................12, 19, 24

*Lieberson v. Johnson & Johnson Consumer Cos., Inc.*,
    865 F. Supp. 2d 529 (D.N.J. 2011) ....................................................20

*In re Magnesium Oxide*,
    2011 WL 5008090 ..............................................................18, 19, 24

*Neale v. Volvo Cars of N. Am., LLC*,
    794 F.3d 353 (3d Cir. 2015) ........................................................14, 22

*NL Indus., Inc. v. Commercial Union Ins.*,
    935 F. Supp. 513 (D.N.J. 1996)....................................................26, 27

*North River Ins. Co. v. CIGNA Reinsurance Co.*,
    52 F.3d 1194 (3d Cir. 1995) ................................................................27

*Ortiz v. Fibreboard Corp.*,
    527 U.S. 815 (1999)..............................................................................18

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)........................................................................14, 23

*Ponzio v. Mercedes-Benz USA, LLC*,
    447 F. Supp. 3d 194 (D.N.J. 2020)...................................2, 13, 16, 24

*In re Schering Plough Corp. Intron/Temodar Consumer Class
    Actions*,
    678 F.3d 235 (3d Cir. 2012) .........................................................12, 19

*Simon v. Eastern Ky. Welfare Rights Org.*,
    426 U.S. 26 (1976)................................................................................20

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)..............................................................................20

*In re Subaru Battery Drain Prod. Liab. Litig.*,
    No. 1:20-CV-03095-JHR-JS, 2021 WL 1207791 (D.N.J. Mar. 31,
    2021) .....................................................................................................20

*U.S. v. Raddatz*,
    447 U.S. 667 (1980) (Stewart, J., dissenting)....................................10

*Valeant Pharm. Int'l, Inc. v. AIG Ins. Co.*,
    No. 18-493 (MAS)(LHG), 2020 WL 7768405 (D.N.J. Dec. 30,
    2020) ...........................................................................................................10

## Other Authorities

Fed. R. Civ. P. 53 .........................................................................................9, 10

Local Civ. Rule 7.1(i) .........................................................................................26

## I.    INTRODUCTION

The Special Master's Report [ECF No. 1614] (the "Report") on Plaintiffs' Motion for Leave to Amend Master Complaints [ECF No. 1148] (the "Motion to Amend") recommends this Court grant in part and deny in part Plaintiffs' request to amend their three Master Complaints. The accompanying Special Master Order No. 46 [ECF No. 1615] (the "Order") memorializes the Report's recommendations. The Manufacturer Defendants[1] move this Court to adopt Paragraphs 1 through 11 of the Order, each of which is consistent with this Court's prior rulings. Order ¶¶ 1-11.

The Manufacturer Defendants object, however, to those portions of the Report and Order granting Plaintiffs leave to amend to pursue economic loss and medical monitoring claims "under the laws of all fifty states, the District of Columbia, and Puerto Rico," including claims "based upon the laws of the jurisdictions where a named Plaintiff neither resided nor was injured." Report at 8; *see also* Order ¶¶ 12-13 (granting Motion to Amend to the extent not otherwise denied). That ruling is contrary to this Court's well-reasoned determination in MTD Opinion 2 [ECF No.

---

[1] The Manufacturer Defendants are Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceutical, Inc., d/b/a Solco Healthcare LLC, Hetero Labs, Ltd., Hetero Drugs, Limited, Hetero USA Inc., Camber Pharmaceuticals, Inc., Mylan Laboratories, Ltd., Mylan N.V., Mylan Pharmaceuticals, Inc., Aurobindo Pharma, Ltd., Aurobindo Pharma USA, Inc., Aurolife Pharma, LLC, Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., Arrow Pharm Malta Ltd., Actavis Pharma, Inc., Actavis, LLC, Torrent Pharmaceuticals, Ltd., and Torrent Pharma, Inc.

1

728] that Plaintiffs lack standing to assert such out-of-state claims. The Report acknowledges this Court's prior decision, which followed the line of authority represented by, among other cases, *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 223 (D.N.J. 2020), holding that Plaintiffs "lack standing to assert claims on behalf of unnamed plaintiffs in jurisdictions where Plaintiffs have suffered no alleged injury." Report at 9-10. Yet the Special Master concluded this Court "did not take into account" certain points, leading the Special Master to find that there "appears to be no reason" why Plaintiffs should not be given leave to amend to assert out-of-state claims on behalf of unnamed plaintiffs in jurisdictions in which they do not reside and were not injured. *Id*. at 10-12.

Defendants respectfully submit the Special Master erred in recommending this Court grant Plaintiffs leave to amend to add the same out-of-state claims the Court held they lack standing to assert in MTD Opinion 2, for three reasons.

First, this Court correctly decided the issue of out-of-state standing in MTD Opinion 2. Whether Plaintiffs can assert claims under the laws of states in which they do not reside and were not injured is an Article III standing issue, not a Rule 23 class certification issue. This Court carefully considered that exact question and the competing authorities in MTD Opinion 2. The Court correctly determined that a named plaintiff must have individual standing in his or her own right to assert each claim presented in the complaint, and the requirement of individual standing does

not change in the class action context. The question, in short, is not whether
***unnamed class members*** have standing; it is whether the ***named Plaintiffs
themselves*** have standing to assert claims under the laws of states in which they do
not reside and were not injured. They do not.

Second, the Special Master's reasons for departing from MTD Opinion 2 do
not support granting Plaintiffs leave to amend to assert claims in states in which they
do not reside and were not injured. The Report mistakenly indicates this Court failed
to consider legal principles it clearly considered and addressed in MTD Opinion 2,
and relies on inapposite and unpersuasive precedent over both governing and more
persuasive authority.

Third, while the Special Master ultimately recommended a ruling contrary to
this Court's ruling in MTD Opinion 2, the salient fact is Plaintiffs did not timely
seek and have not satisfied the rigorous standard for reconsideration of this Court's
prior determination. If Plaintiffs disagreed with MTD Opinion 2, their remedy was
to move this Court to reconsider—not to attempt an end-run around the Court's
ruling through their Motion to Amend.

Accordingly, the Manufacturer Defendants respectfully object to and move
this Court not to adopt the Report and Order to the extent they grant Plaintiffs leave
to amend to pursue economic loss and medical monitoring claims based upon the
laws of jurisdictions where a named Plaintiff neither resided nor was injured.

## II.    BACKGROUND

### A.    The Valsartan Litigation

This litigation centers around the alleged presence of nitrosamines in the Manufacturer Defendants' generic valsartan and valsartan combination prescription drugs. Plaintiffs seek leave to file three amended Master Complaints to replace the three operative master pleadings: a Proposed Second Amended Master Valsartan Personal Injury Complaint [ECF No. 1382-1] ("PPIMC"); a Proposed Third Amended Consolidated Economic Loss Class Action Complaint [ECF No. 1382-4] ("PELMC"); and a Proposed Consolidated Second Amended Medical Monitoring Class Action Complaint [ECF No. 1382-6] ("PMMMC") (collectively, the "Proposed Master Complaints").[2] Plaintiffs to the PPIMC allege that they developed cancer as a result of ingesting Defendants' valsartan. Plaintiffs to the PELMC and PMMMC assert claims on behalf of putative classes: (1) seeking reimbursement of amounts paid for Defendants' valsartan; and (2) seeking the establishment of a fund to provide medical monitoring for those that have ingested valsartan.

### B.    Defendants' Motions to Dismiss

The Manufacturer Defendants filed a Motion to Dismiss on July 17, 2020 [ECF No. 520], seeking to dismiss Plaintiffs' then-operative Master Complaints on

---

[2] Plaintiffs submitted the current versions of the Proposed Master Complaints with their reply brief in support of the Motion to Amend, replacing earlier versions submitted with the Motion to Amend. [ECF Nos. 1148-1, 1148-3, and 1148-5].

various grounds, including: (1) lack of standing; (2) lack of traceability; (3) lack of privity for breach of warranty claims; (4) subsumption; (5) preemption and primary jurisdiction; (6) inadequacy to plead fraud; (7) failure to allege design defect and failure-to-warn product liability claims; (8) failure to properly plead claims regarding negligence *per se*; (9) failure to properly plead express and implied warranty claims; (10) failure to adequately plead unjust enrichment; and (11) failure to adequately plead wrongful death, survival actions, loss of consortium, and claims for punitive damages. The Wholesaler Defendants and Pharmacy Defendants filed their own Motions to Dismiss [ECF Nos. 522 and 523, respectively] presenting similar and additional grounds to dismiss the claims against them.

## C.    The Courts' Six MTD Opinions and MTD Orders

Between December 2020 and March 2021, the Court entered six MTD Opinions [ECF Nos. 675, 728, 775, 818, 838, and 1019] ("MTD Opinions 1-6") and six MTD Orders [ECF Nos. 676, 729, 776, 819, 839, and 1020] ("MTD Orders 1-6"), granting in part and denying in part Defendants' motions to dismiss. The MTD Opinions and MTD Orders identify numerous defects in Plaintiffs' pleadings and offer guidance for Plaintiffs to fix the deficiencies with respect to the Manufacturer Defendants' grounds for dismissal, including:

- MTD Opinion 2 [ECF No. 728] and MTD Order 2 [ECF No. 729] dismissed Plaintiffs' out-of-state claims and one of Plaintiffs' economic loss theories for lack of standing, and dismissed Plaintiffs' claims against various Defendants for lack of traceability;

- MTD Opinion 3 [ECF No. 775] and MTD Order 3 [ECF No. 776] dismissed Plaintiffs' claims in the PIMC for breach of implied warranty under the laws of Kentucky and Wisconsin, as well as Plaintiffs' breach of implied warranty claims in the ELMC and MMMC under the laws of Alabama, Arizona, Idaho, Iowa, Kansas, Kentucky, Michigan, North Carolina, Ohio, Oregon, Tennessee, Utah, and Wisconsin, due to a lack of privity;

- MTD Opinion 3 and MTD Order 3 also dismissed Plaintiffs' claims under the Magnuson-Moss Warranty Act in all three Master Complaints with prejudice;

- MTD Opinion 5 [ECF No. 838] and MTD Order 5 [ECF No. 839] dismissed Plaintiffs' Louisiana law claims in the ELMC as subsumed, and further dismissed as subsumed Plaintiffs' claims in the MMMC and PIMC under the laws of Connecticut, Indiana (except as to warranty and consumer protection claims), Kansas (except as to consumer protection claims), Louisiana, Mississippi (except as to fraud and consumer protection claims), New Jersey (except as to express warranty), Ohio (except for fraud), Tennessee (except as to consumer protection claims), and Washington (except as to fraud and consumer protection claims), and further dismissed as subsumed Plaintiffs' strict liability claims in the PIMC under the laws of North Carolina (except as to express warranty) as against all Defendants;

- MTD Opinion 5 and MTD Order 5 also dismissed Plaintiffs' negligence *per se* claims with prejudice under the laws of Arkansas, Arizona, California, Massachusetts, Maine, Nebraska, Rhode Island, and Texas; and

- MTD Opinion 6 [ECF No. 1019] and MTD Order 6 [ECF No. 1020] dismissed Plaintiffs' unjust enrichment claims arising under the laws of Alabama, Florida, Hawaii, Idaho, Illinois, Iowa, Kansas, Louisiana, Massachusetts, Mississippi, Oklahoma, South Carolina, and West Virginia.

In most instances, other than those claims dismissed with prejudice, the MTD Opinions and MTD Orders afforded Plaintiffs an opportunity to seek leave to amend to address the identified deficiencies.

**D.      The Motion to Amend and Special Master's Report and Order**

Plaintiffs filed their Motion to Amend on April 12, 2021, and submitted earlier versions of the Proposed Master Complaints purporting to address the issues identified by the Court in the MTD Opinions and MTD Orders. [ECF No. 1148]. The Manufacturer, Wholesaler, and Pharmacy Defendants filed their respective oppositions to the Motion to Amend on May 27, 2021, identifying multiple deficiencies in the Proposed Master Complaints. [ECF Nos. 1277, 1280, and 1281]. Plaintiffs submitted their reply in support of the Motion to Amend on July 12, 2021, together with revised Proposed Master Complaints. [ECF No. 1382]. The Manufacturer, Wholesaler, and Pharmacy Defendants filed their sur-replies on August 2, 2021. [ECF Nos. 1451, 1452, and 1454].

The Special Master issued his Report and Order on October 7 and 8, 2021. [ECF Nos. 1614 and 1615]. The Report recommends the Motion to Amend be granted in part and denied in part, and the Order memorializes its recommendations as follows:

> 1. Plaintiffs are denied leave to amend the Master Complaints to assert breach of express warranty claims against the Pharmacy Defendants.
>
> 2. Plaintiffs are denied leave to amend the Master Complaints to assert breach of express warranty claims against the Wholesaler Defendants.
>
> 3. Plaintiffs are denied leave to amend the [PPIMC] to assert a claim for breach of implied warranty against the Manufacturer and Wholesaler Defendants under the law of Kentucky.

7

4. Plaintiffs are denied leave to amend the Master Complaints to assert claims for breach of implied warranties against the Manufacturer Defendants under the laws of Alabama, Arizona, Idaho, North Carolina, Ohio, and Tennessee.

5. Plaintiffs are denied leave to amend the [PELM] and [PMMMC] to assert breach of implied warranty claims against the Wholesaler Defendants under the laws of Arizona, Connecticut, Georgia, Idaho, Illinois, Kentucky, New York, Oregon, Tennessee, Vermont, and Wisconsin.

6. Plaintiffs are denied leave to amend the Master Complaints to assert breach of implied warranty claims against the Pharmacy Defendants under the laws of Alabama, Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida, Georgia, Hawaii, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Pennsylvania, Puerto Rico, South Carolina, Tennessee, Texas, Vermont, Virginia, Washington, West Virginia, and Wisconsin.

7. Plaintiffs are denied leave to amend the Master Complaints to present fraud-based claims against the Pharmacy and Wholesaler Defendants.

8. Plaintiffs are denied leave to amend the [PMMMC] to assert a claim for medical monitoring under Mississippi law.

9. Plaintiffs are denied leave to amend the Master Complaints to assert negligence claims against the Pharmacy and Wholesaler Defendants.

10. Plaintiffs are denied leave to amend the [PPIMC] to assert strict liability claims against the Pharmacy Defendants under the laws of Connecticut, Mississippi, Missouri, South Carolina, and Texas.

11. No later than October 28, 2021, Plaintiffs shall show cause why the claims asserted against Humana Pharmacy, Inc., Arrow Pharma Malta, Torrent Pharmaceuticals, and Torrent Pharma in the [PELMC] and the claims asserted against Albertson's, LLC, Humana Pharmacy, Inc., the Kroger Co., OptumRx, Arrow Pharma Malta, Torrent Pharmaceuticals, and Torrent Pharma in the [PMMMC] should not be dismissed with prejudice.

12. In all other respects, Plaintiffs' Motion [to Amend] [ECF No. 1148] is GRANTED.

13. Plaintiffs shall file amended master complaints consistent with [the Report and Order] no later than November 1, 2021.

14. In accordance with Fed. R. Civ. P. 53(f)(2), any party may object to or seek modification of [the] Order and/or the accompanying Report within twenty-one (21) days of the date of [the] Order.

Order ¶¶ 1-14.

The Manufacturer Defendants have timely filed their motion to adopt in part and their objections in part to the Report and Order.

## III.    ARGUMENT

### A.    Legal Standard

Federal Rule of Civil Procedure 53 requires notice and an opportunity to be heard before the Court may act on a special master's order, report, or recommendations, and authorizes the Court to "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). The Manufacturer Defendants "may file objections to—or a motion to adopt or modify—the master's order, report, or recommendations no later than 21 days after a copy is served, unless the court sets a different time." Fed. R. Civ. P. 53(f)(2). The Court decides *de novo* "all objections to findings of fact made or recommended by a master," unless the parties stipulate to a clear error standard. Fed. R. Civ. P. 53(f)(3). The Court likewise "must decide *de novo* all objections to conclusions of law made or recommended by a master." Fed. R. Civ. P. 53(f)(4). Rulings on procedural matters may be set aside "only for an abuse of discretion."

9

Fed. R. Civ. P. 53(f)(6). *See also Crowley v. Chait*, No. 85-2441 (HAA), 2005 WL 8165115, at *3-4 (D.N.J. Feb. 22, 2005) (summarizing standard of review).

When this Court reviews the Special Master's rulings, the *de novo* standard of review connotes "an independent determination of a controversy that accords no deference to any prior resolution of the same controversy." *Valeant Pharm. Int'l, Inc. v. AIG Ins. Co.*, No. 18-493 (MAS)(LHG), 2020 WL 7768405, at *4 (D.N.J. Dec. 30, 2020) (quoting *Net2Phone, Inc. v. eBay, Inc.*, Civ. No. 06-2469, 2008 WL 8183187, at *4 (D.N.J. June 26, 2008); *U.S. v. Raddatz*, 447 U.S. 667, 690 (1980) (Stewart, J., dissenting)). Even where the standard is abuse of discretion, the Advisory Committee Notes to Rule 53 "contemplate that due to 'the subordinate role of the master … the trial court's review for abuse of discretion may be more searching than the review that an appellate court makes of a trial court.'" *Crowley*, 2005 WL 8165115, at *3 (quoting Fed. R. Civ. P. 53 Advisory Committee Notes).

Here, the Manufacturer Defendants object to the Special Master's conclusion of law that Plaintiffs have standing to assert claims under the laws of states where they do not reside and were not injured. Report at 8-12. A party's standing to bring suit is a question of law and is reviewed *de novo*. *See Freedom from Religion Found., Inc. v. Cnty. Of Lehigh*, 933 F.3d 275, 279 (3d Cir. 2019); *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 266 (3d Cir. 2014).

10

**B.    The Special Master's Report Should Be Adopted in Part to the Extent It Properly Construes and Enforces the Court's Prior Dismissal Orders**

At the outset, the Manufacturer Defendants agree with the Special Master's proposed rulings set forth in paragraphs 1 through 11 of the Order, denying leave to amend with respect to certain claims and certain Defendants, and requiring Plaintiffs to show cause why the claims they have asserted against Defendants to whom no Plaintiff has traced an injury should not be dismissed with prejudice. Order ¶¶ 1-11. Each of these rulings is consistent with and carries out this Court's rulings in MTD Opinions 2 through 6 and MTD Orders 2 through 6. The Special Master correctly found that Plaintiffs' amendments fail to overcome the deficiencies identified in MTD Opinions 2 through 6 and MTD Orders 2 through 6 with respect to the claims and parties listed in paragraphs 1 through 11. Accordingly, the Manufacturer Defendants move the Court to adopt paragraphs 1 through 11 of the Order.

**C.    Defendants Object in Part to the Special Master's Report and Order Because the Special Master Should Not Reconsider This Court's Well-Reasoned Ruling on Out-of-State Standing**

The Manufacturer Defendants respectfully disagree with and object in part to the Report and paragraphs 12 and 13 of the Order to the extent the Special Master recommends granting leave to amend contrary to this Court's ruling in MTD Opinion 2 with respect to out-of-state standing. MTD Opinion 2 held that the named Plaintiffs lack standing "to assert claims under the laws of states where they do not reside and were not injured[.]" MTD Opinion 2 at 19. In so ruling, the Court was

11

explicit that it was ***not*** requiring Plaintiffs to establish Article III standing on behalf of "unnamed, putative class members." *Id*. at 18. Rather, the question was "whether the ***named*** plaintiffs have standing to assert their claims, and more precisely, whether they have standing to assert claims under the laws of states where they do not reside and were not injured[.]" *Id*. at 19 (emphasis in original). The Court correctly held that, "the answer flowing from Supreme Court precedent would be no." *Id*. The Court found this conclusion followed from two "principles of law" that "[t]he Supreme Court's standing cases have made … clear": "first a plaintiff ***must demonstrate standing for each claim he seeks to press***; and second, ***class actions do not change the requirements of standing***." *Id*. at 19 (emphases added) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 337 (2006); *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). Consequently, a named plaintiff "who raises multiple causes of action must demonstrate standing for each claim." *Id*. (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Actions*, 678 F.3d 235, 245 (3d Cir. 2012)).

The Court concluded Plaintiffs failed to meet their burden of establishing standing for each of the claims they sought to assert under the laws of all fifty states, the District of Columbia and Puerto Rico. Named Plaintiffs at the time represented twenty-one states, and lacked standing to assert claims in the thirty-one other states

12

and territories in which no Plaintiff resides or alleges he or she suffered an injury.[3] MTD Opinion 2 at 19. The Court therefore dismissed Plaintiffs' out-of-state claims, aligning itself with *Ponzio* and its line of precedent holding that named plaintiffs lack standing to assert claims for themselves or unnamed putative class members in jurisdictions where they do not reside and have suffered no alleged injury. *Id*. (citing *Ponzio*, 447 F. Supp. 3d at 224).

The PELMC and PMMMC defy MTD Opinion 2 by reasserting claims for breach of express and implied warranty and violation of state consumer protection laws under the laws of all fifty states, Washington, D.C., and Puerto Rico. (*See* PELMC ¶¶ 629, 641, 648, 667, 745, 763; PMMMC ¶¶ 641, 662). Plaintiffs' redlines confirm that the out-of-state allegations in the Proposed Amended Complaints are materially unchanged from those this Court previously dismissed for lack of standing. (*See* ECF No. 1382-5 ¶¶ 629, 641, 648, 667, 745, 763; ECF No. 1382-7 ¶¶ 641, 662). The Special Master's Report acknowledges Plaintiffs' unvarying allegations, noting, "Plaintiffs persist in their pursuit of claims on behalf of putative class members under the laws of states where the named Plaintiffs do not reside and were not injured." Report at 9. The Report further recognizes that the issue "had

---

[3] The Proposed Master Complaints have added only one State to that list, Arkansas. *See* PELMC ¶ 49; PMMC ¶ 403. Nothing else has changed with respect to out-of-state standing.

13

been presented to the Court on the original motions to dismiss, and MTD Opinion #2 opted to follow *Ponzio* and the line of authority on which it is premised." *Id.*

Yet the Report recommends the opposite outcome, recommending that this Court effectively reconsider and reverse its ruling in MTD Opinion 2. Report at 10-12. The Report states that this Court's ruling in MTD Opinion 2 "did not take into account the fact that 'unnamed, putative class members need not establish Article III standing.'" *Id.* at 10 (quoting *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 362 (3d Cir. 2015)). It further states that MTD Opinion 2 "also did not consider the Supreme Court's recognition that in a multistate class action, like this one, a particular state's law may be applied where it does not conflict with the law of the state where members of the class resided." *Id.* (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 816 (1985)). On these grounds, the Special Master saw "no reason why a named plaintiff from state X could not serve as a class representative for unnamed plaintiffs from state Y where the laws of both states are not in conflict." *Id.* Accordingly, the Report recommends granting leave to amend in opposition to MTD Opinion 2, finding that Plaintiffs' capacity to state claims under the laws of other states on behalf of putative class members "is a matter to be decided under the rubric of Rule 23, not constitutional standing under Article III." *Id.* at 11 (quoting *Gress v. Freedom Mortg. Corp.*, 386 F. Supp. 3d 455, 462 (M.D. Pa. 2019)). The Report thus recommends that Plaintiffs "be granted leave to file their PELMC and

14

PMMMC asserting claims under the laws of states where the named Plaintiffs do not reside and have not been injured[.]" *Id*. at 11-12.

The Manufacturer Defendants respectfully object to the Special Master's ruling with respect to out-of-state standing. This Court ruled correctly on out-of-state standing in MTD Opinion 2, the Special Master's reasons for recommending a different outcome directly contrary to this Court previous ruling in MTD Opinion 2 are erroneous, and Plaintiffs have failed to satisfy the stringent standard for reconsideration of MTD Opinion 2. Accordingly, the Manufacturer Defendants request that the Court not adopt the Special Master's Report and Order to the extent they grant Plaintiffs leave to amend to assert claims "under the laws of all fifty states, the District of Columbia, and Puerto Rico," including claims "based upon the laws of the jurisdictions where a named Plaintiff neither resided nor was injured."

### 1.    This Court Considered and Rightly Rejected Plaintiffs' Position on Out-of-State Standing in MTD Opinion 2.

The Manufacturer Defendants initially object to the Special Master's recommended standing ruling for a basic, but important, reason: MTD Opinion 2 already considered the exact same question and reached the correct conclusion. In fact, numerous courts in this District have confronted the identical issue and have arrived at the same result this Court did in MTD Opinion 2, contrary to the Report, that named plaintiffs seeking to sue on behalf of themselves and putative class members lack standing to assert claims under the laws of states where they do not

15

reside and were not injured.

In *Ponzio*, plaintiffs' complaint asserted state-specific claims under the laws of all fifty states and the District of Columbia, but the named plaintiffs collectively represented only six of those states. 447 F. Supp. 3d at 222. The court reviewed the "unresolved" split among district courts and concluded, applying reasoning very similar to this Court's analysis in MTD Opinion 2, that plaintiffs "are required to establish standing for each claim asserted in the complaint" and "lack standing to assert claims on behalf of unnamed plaintiffs in jurisdictions where Plaintiffs have suffered no alleged injury." *Id*. at 222-23. The court rejected plaintiffs' position that "a standing analysis is premature at this stage and more suited as a class certification issue under Rule 23," finding that the authority supporting this view "pertained to 'unnamed' members" and does not "squarely address" the relevant question of whether named plaintiffs have standing to assert out-of-state claims. *Id*.

In *In re Insulin Pricing Litigation*, plaintiffs asserted seventeen claims under the laws of states in which no named plaintiff resided or purchased the subject insulin product. No. 3:17-CV-0699-BRM-LHG, 2019 WL 643709, at *16 (D.N.J. Feb. 15, 2019). The court held that a plaintiff raising multiple causes of action "must demonstrate standing for each claim he seeks to press," and followed "district courts within the Third Circuit and throughout the nation" in holding "that named plaintiffs in a class action 'lack standing to bring claims on behalf of putative classes under

16

the laws of states where no named plaintiff is located and where no named plaintiff purchased the product at issue.'" *Id*. at *17 (citations omitted).

In *McGuire v. BMW of North America, LLC*, a New Jersey plaintiff sought to assert breach of warranty and consumer protection claims under the laws of all states in which putative class members purchased or leased the vehicle at issue. No. 13-7356 (JLL), 2014 WL 2566132, at *2 (D.N.J. June 6, 2014). The court agreed the plaintiff "lacks standing to invoke the laws of other jurisdictions." *Id*. at *5. Similar to this Court's reasoning in MTD Opinion 2, the court held that a named plaintiff must establish his own individual standing with respect to each claim he seeks to assert on behalf of a putative class. *Id*. at *5. The court "carefully consider[ed]" contrary authority treating out-of-state standing as a predominance question under Rule 23, and rejected that approach, stating that it "agrees that the Plaintiff here lacks standing to assert claims under the laws of the states in which he does not reside, or in which he suffered no injury." *Id*. at *6. The court concluded that it must "review the standing of actual, not proposed plaintiffs to assert the claims in a class action complaint" to avoid allowing plaintiffs to proceed with claims where they have "no injuries in relation to the laws of certain states referenced in their complaint[.]" *Id*. (citations and internal quotations omitted). The court also found "unpersuasive" the arguments for "deferring the standing issue until after class certification," because Supreme Court precedent "does not permit a court to defer such analysis when

17

standing issues do not revolve around absent class members but rather around the plaintiff himself." *Id*. at \*7 (citing *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999)).

In *In re Magnesium Oxide Antitrust Litig.,* plaintiffs sought to assert claims under the antitrust and consumer protection laws of up to 25 states in which plaintiffs did not purchase the chemical at issue. No. 10-cv-5943, 2011 WL 5008090, at \*7-8, \*25-26 (D.N.J. Oct. 20, 2011). The court considered the exact question at issue here: "whether, pre-class certification, named plaintiffs are required to establish standing for each and every claim set forth in a class action complaint, or whether it is sufficient to establish standing for a single claim because a court will determine if the named plaintiffs have standing to represent the unnamed class members seeking redress under the balance of asserted claims during the class certification process pursuant to Federal Rule of Civil Procedure 23." *Id*. at \*8. The court concluded this was an Article III standing issue, not a Rule 23 class certification issue, because where the court is "presented solely with the issue" of whether the named plaintiffs' have standing to assert their out-of-state causes of action, the named plaintiff "must demonstrate standing for each claim he seeks to press." *Id*. at \*10 (quoting *DaimlerChrysler*, 547 U.S. at 335). "Otherwise, a plaintiff would be able to bring a class action complaint under the laws of nearly every state in the Union without having to allege concrete, particularized injuries relating to those states, thereby

18

dragging defendants into expensive nationwide class discovery, potentially without a good-faith basis." *Id*.; *see also id*. at *25-26.

In *Cooper v. Medimetriks Pharms., Inc*., plaintiff sought to assert claims under New Jersey law in connection with alleged fax advertisements received by plaintiff in Ohio. No. 18-11987, 2019 WL 1370414, at *4 (D.N.J. Mar. 25, 2019). The court held she lacked standing, because she was not a New Jersey resident and did not suffer any alleged injuries in New Jersey, and thus had no individual claim under New Jersey state law that would supply her with the requisite standing to represent a putative class of New Jersey fax recipients. *Id*.

This line of authority represents both the predominant and the better-reasoned view in this District, for essentially the same two reasons this Court already expressed in MTD Opinion 2. First, standing is claim-specific; it cannot be asserted in group fashion over clusters of purportedly similar but distinct claims. Because "'standing is not dispensed in gross' … a plaintiff who raises multiple causes of action 'must demonstrate standing for each claim he seeks to press.'" *In re Schering Plough*, 678 F.3d at 245 (quoting *Lewis*, 518 U.S. at 358 n.6; *DaimlerChrysler*, 547 U.S. at 352); *see also McGuire*, 2014 WL 2566132, at *7; *In re Magnesium Oxide*, 2011 WL 5008090, at *25-26. "It is not enough that the conduct of which the plaintiff complains will injure someone. The complaining party must also show that he is within the class of persons who will be concretely affected. Nor does a plaintiff

19

who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982). Plaintiffs "cannot litigate each other's claims *jus tertii*: **each Plaintiff must establish her own standing to prosecute her own claims**." *Bey v. Stumpf*, 825 F. Supp. 2d 537, 560 (D.N.J. 2011) (emphasis in original).

Second, the assertion of claims on behalf of unnamed putative class members changes nothing with respect to Plaintiffs' obligation to establish individual standing as to each claim asserted by each named Plaintiff. "Standing for an individual plaintiff 'cannot be predicated on an injury which the plaintiff has not suffered.'" *In re Subaru Battery Drain Prod. Liab. Litig.*, No. 1:20-CV-03095-JHR-JS, 2021 WL 1207791, at *8 (D.N.J. Mar. 31, 2021) (quoting *In re Franklin Mut. Funds Fee Litig.*, 388 F. Supp. 2d 451, 461 (D.N.J. 2005)). "That a suit may be a class action ... adds nothing to the question of standing[.]" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40, n. 20 (1976)). Standing cannot "be acquired through the back door of a class action." *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 280 (D.N.J. 2011) (quoting *Koronthaly v. L'Oreal USA, Inc.*, No. 07-5588, 2008 WL 2938045, at *4 (D.N.J. July 29, 2008), *aff'd*, 374 Fed. Appx. 257 (3d Cir.2010)); *see also Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 537 (D.N.J. 2011).

20

Plaintiffs' efforts to assert breach of warranty and consumer protection claims under the laws of all fifty states, the District of Columbia, and Puerto Rico, including states and territories in which no Plaintiff resides and in which no Plaintiff alleges injury, represent an impermissible end run around these two principles. That a plaintiff residing in and allegedly injured in New Jersey can assert a claim under New Jersey warranty or consumer protection law does not mean the same plaintiff has standing to assert a claim under the warranty or consumer protection laws of Hawaii, or North Dakota, or Puerto Rico, or any other state or territory in which that plaintiff does not reside and was not allegedly injured. Thus, the plaintiff's standing to assert a claim under her home state's laws does not translate *jus tertii* into standing to assert similar claims under the laws of **every** state and **every** territory. The fact that the same plaintiff wishes to assert these out-of-state claims on behalf of unnamed putative class members adds nothing to the standing inquiry, as the plaintiff must establish standing to proceed on each claim in her own right before she can attempt to represent unnamed class members. Thus, as this Court correctly held in MTD Opinion 2, Plaintiffs' claims must be dismissed for want of standing in the 28 states and territories unrepresented by any PELMC plaintiff and the 41 states and territories unrepresented by any PMMMC plaintiff. MTD Opinion 2 at 19.

21

2.      **The Special Master's Report Provides Insufficient Grounds to Treat Out-of-State Standing as a Rule 23 Issue Rather Than an Article III Standing Question.**

The Manufacturer Defendants also respectfully submit that the Special Master's recommendation that Plaintiffs be granted leave to amend to assert claims contrary to this Court's out-of-state standing ruling in MTD Opinion 2 is incorrect on the grounds presented. This Court reached the correct result in MTD Opinion 2, and the Report offers erroneous grounds to depart from the Court's ruling and to recommend that this Court grant Plaintiffs leave to amend to assert claims under the laws of states in which they do not reside and were not injured.

<u>First</u>, the Report is mistaken in its finding that this Court "did not take into account" the ruling in *Neale* that "unnamed, putative class members need not establish Article III standing.'" Report at 10 (quoting *Neale*, 794 F.3d at 362). MTD Opinion 2 expressly quotes *Neale* for that exact proposition. MTD Opinion 2 at 18 & n.9. But MTD Opinion 2 then correctly notes that this ruling "does not squarely address the issue before the Court," which is "whether the ***named*** plaintiffs have standing to assert their claims, and more precisely, whether they have standing to assert claims under the laws of states where they do not reside and were not injured[.]" *Id*. at 18-19 (emphasis in original). As to that issue, this Court appropriately followed *Ponzio* and like cases, recognizing that ***named*** plaintiffs must establish ***individual*** standing for each claim they seek to assert, including out-of-

22

state claims, and that the assertion of such claims on behalf of unnamed putative class members changes nothing. *See* § III.C.1, *supra*.

Second, the Report errs in relying on *Phillips Petroleum* to find that "in a multistate class action, like this one, a particular state's law may be applied where it does not conflict with the law of the state where members of the class resided." Report at 10. That was a ***conflicts of law*** ruling, not a standing ruling and not a Rule 23 predominance ruling. In *Phillips Petroleum*, the Kansas courts had applied Kansas contract and equity law to every gas lease royalty claim at issue in the case, even though the vast majority of the gas leases had no apparent connection to Kansas. 472 U.S. at 814-15. Thus, *Phillips Petroleum* presented the converse of the present case; the named plaintiffs, whose standing was ***not*** in dispute, sought to apply ***one*** state's law to ***all*** class members' claims—not the law of fifty separate states and two territories to unnamed class members' claims in each state. The Supreme Court found this permissible so long as Kansas law does not "conflict[] in any material way with any other law which could apply." *Id.* at 816. But that is not the question before this Court; the question, as MTD Opinion 2 found, is whether the named Plaintiffs have ***individual*** standing in their own right to assert 52 ***separate*** claims, including under the laws of states in which they do not reside and were not injured. MTD Opinion 2 at 18-19. The Supreme Court has separately addressed that point, declaring unambiguously that a plaintiff "must demonstrate standing for each

23

claim he seeks to press." *DaimlerChrysler*, 547 U.S. at 335.

Third, the Report errs in following *Gress* and treating out-of-state standing as a Rule 23 predominance inquiry rather than an Article III standing issue. In *Gress*, two Pennsylvania plaintiffs sought to assert claims under eleven states' consumer protection laws. 386 F. Supp. 3d at 459 n.1. The Middle District of Pennsylvania took note of the split of authority on this issue, elected not to follow the predominant authority of the District of New Jersey, *see* § III.C.1, *supra*, and instead treated out-of-state standing as a Rule 23 predominance issue. *Id*. at 461-62. But *Gress* confronted neither of the principles this Court followed in MTD Opinion 2 based on governing U.S. Supreme Court precedent, that a plaintiff "must demonstrate standing for each claim he seeks to press," and that "class actions do not change the requirements of standing." MTD Opinion 2 at 19 (citing *DaimlerChrysler*, 547 U.S. at 337; *Lewis*, 518 U.S. at 357). Applying these well-settled principles, the courts of this District have concluded at least three times that out-of-state standing must be addressed as an Article III standing issue and not as a Rule 23 predominance question. *See Ponzio*, 447 F. Supp. 3d at 222-23; *McGuire*, 2014 WL 2566132, at *6-7; *In re Magnesium Oxide Antitrust Litig.,* 2011 WL 5008090, at *10.

Moreover, the Pennsylvania court's decision in *Gress*, like the decision in *Neale*, was already before this Court when it issued MTD Opinion 2. Plaintiffs cited *Gress* (as well as *Neale*) in their opposition to Defendants' previous motions to

24

dismiss. *See* ECF No. 577 at 38-39. Thus, contrary to the Special Master's Report, the decision in *Gress* is not one this Court "did not take into account" or "did not consider." Report at 10. The Court considered the split in authority, found more persuasive the line of authority treating out-of-state standing as an Article III standing issue, and correctly determined the answer "flowing from Supreme Court precedent" was that Plaintiffs lack standing to assert claims under the laws of states where they do not reside and were not injured. MTD Opinion 2 at 19. Thus, the Manufacturer Defendants respectfully submit that the Special Master erred in recommending that Plaintiffs' amendments be allowed contrary to MTD Opinion 2.

### 3. Plaintiffs Did Not Timely Seek and Have Failed to Satisfy the Stringent Standard for Reconsideration of MTD Opinion 2.

Lastly, even allowing for the Special Master's recommended ruling contrary to the Court's determination of out-of-state standing in MTD Opinion 2, Plaintiffs cannot use a motion for leave to amend as a backdoor (and untimely) motion to reconsider without satisfying the stringent standard for reconsideration. Because Plaintiffs did not and cannot satisfy the reconsideration standard, the Manufacturer Defendants respectfully submit that the Report should not have recommended granting them leave to amend to assert claims contrary to this Court's operative ruling in MTD Opinion 2.

The Court ruled unambiguously in MTD Opinion 2 that the named Plaintiffs lack standing "to assert claims under the laws of states where they do not reside and

were not injured[.]" MTD Opinion 2 at 19. Yet the PELMC and PMMMC flout this ruling, reasserting essentially identical claims for breach of warranty and consumer protection under the laws of every state, Washington, D.C., and Puerto Rico. (*See* PELMC ¶¶ 629, 641, 648, 667, 745, 763; PMMMC ¶¶ 641, 662). MTD Opinion 2 was not framed as a suggestion; it was meant to be followed. To the extent Plaintiffs did not wish to comply, their remedy was not to ignore the Court's ruling and to try to shoehorn disallowed claims back into the case by rearguing the same issue in their Motion to Amend. Rather, Plaintiffs should have timely asked this Court to reconsider MTD Opinion 2. They did not.

The reason Plaintiffs did not pursue reconsideration is because they could not satisfy the "high" standard of demonstrating that the Court "overlooked" any legal issue that "may alter the disposition" of MTD Opinion 2, or "the need to correct a clear error of law or fact or to prevent manifest injustice." *K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*, No. CV 14-145, 2020 WL 3542305, at *1 (D.N.J. June 30, 2020). In this Court, a motion for reconsideration "shall be served and filed within 14 days after the entry of the order or judgment on the original motion" for which reconsideration is sought, setting forth the "matter or controlling decisions" the party believes the Court "has overlooked[.]" Local Civ. Rule 7.1(i). Reconsideration "is an extraordinary remedy," and requests for reconsideration are granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins.*,

26

935 F. Supp. 513, 516 (D.N.J. 1996) (quoting *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986)). "Accordingly, such motions will be granted only where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." *Id*. (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

The Court decided MTD Opinion 2 on January 12, 2021. [ECF No. 728]. Plaintiffs did not seek reconsideration within 14 days. Instead, they filed their Motion to Amend three months later, on April 12, 2021, simply reasserting the out-of-state claims the Court already held in MTD Opinion 2 they lacked standing to assert. [ECF No. 1148]. Three months after that, on July 12, 2021, Plaintiffs filed their reply memorandum in which they insisted that they "accept" MTD Opinion 2, but then proceeded to offer arguments reasserting a lengthier version of the same arguments, with many of the same authorities the Court has already rejected in MTD Opinion 2. [ECF No. 1382 at 14-19].

Plaintiffs' belated challenge to MTD Opinion 2 argued no intervening change in the law, presented no new evidence, and argued no need to correct a clear error of law or to prevent a manifest injustice. In short, Plaintiffs had no valid basis to seek reconsideration of the Court's ruling in MTD Opinion 2, so instead they simply ignored it and reargued the same points they lost at the motion to dismiss stage. By

27

ruling that this Court "did not take into account" certain legal authorities in MTD Opinion 2 (though it had, *see* § III.C.2, *supra*), the Report effectively recommends untimely reconsideration of MTD Opinion 2 on erroneous grounds and without any of the requisite showings to grant such extraordinary relief. For that reason as well, the Court should not adopt the Report's recommended ruling directly contrary to this Court's previous out-of-state standing determination in MTD Opinion 2.

## IV.    CONCLUSION

The Special Master's Report and Order should be adopted to the extent they faithfully applied this Court's MTD Opinions and MTD Orders to Plaintiffs' Proposed Master Complaints. They are in error and should not be adopted, however, to the extent they seek to reconsider and recommend an outcome directly contrary to this Court's previous ruling in MTD Opinion 2 that Plaintiffs lack standing to assert claims under the laws of states where they neither reside nor were injured. Accordingly, the Manufacturer Defendants respectfully request that this Court: (1) adopt paragraphs 1 through 11 of the Special Master's Order and the accompanying parts of the Special Master's Report; (2) not adopt paragraphs 12 and 13 of the Special Master's Order and the accompanying parts of the Special Master's Report to the extent they would grant Plaintiffs leave to amend to pursue economic loss and medical monitoring claims based upon the laws of jurisdictions where a named Plaintiff neither resided nor was injured; and (3) grant such other and further relief

as the Court deems necessary or appropriate.

Dated: October 29, 2021

Respectfully submitted,

By: */s/ Lori G. Cohen*
    Lori G. Cohen, Esq.
    *Lead Counsel for Defendants*

GREENBERG TRAURIG, LLP
Lori G. Cohen, *Lead Counsel for Defendants*
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Rd., NE,
Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive,
Suite 3100
Chicago, Illinois 60601
Tel: (312) 476-5056
ostfeldg@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, Pennsylvania
Tel: (215) 988-7864
Fax: (214) 689-4419

rubensteinb@gtlaw.com

Liza M. Walsh
Christine I. Gannon
William T. Walsh, Jr.
WALSH PIZZI O'REILLY
FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
LWalsh@walsh.law
CGannon@walsh.law
Wwalsh@walsh.law

> *Attorneys for Teva*
> *Pharmaceuticals USA, Inc.,*
> *Teva Pharmaceutical Industries*
> *Ltd., Actavis LLC, and Actavis*
> *Pharma, Inc.*

DUANE MORRIS LLP
Seth A. Goldberg, *Lead Counsel and*
*Liaison Counsel for Defendants*
Jessica Priselac
30 South 17th Street
Philadelphia, Pennsylvania 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
JPriselac@duanemorris.com

> *Attorneys for Zhejiang Huahai*
> *Pharmaceutical Co, Ltd.,*
> *Huahai U.S., Inc., Prinston*
> *Pharmaceutical Inc., and*
> *Solco Healthcare US, LLC*

PIETRAGALLO GORDON
ALFANO BOSICK &
RASPANTI, LLP
Clem C. Trischler

30

Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, Pennsylvania 15219
Tel: (412) 263-2000
Fax: (412) 263-2001
CCT@pietragallo.com

*Attorneys for Mylan*
*Laboratories, Ltd. and Mylan*
*Pharmaceuticals, Inc.*

KIRKLAND & ELLIS LLP
Devora W. Allon
Alexia R. Brancato
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-5967
Fax: (212) 446-6460
devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Attorneys for Torrent*
*Pharmaceuticals Ltd.*

LEWIS BRISBOIS BISGAARD &
SMITH LLP
Walter H. Swayze, III
Megan E. Grossman
550 E. Swedesford Road, Suite 270,
Wayne, Pennsylvania 19087
Tel: (215) 977-4100
Fax: (215) 977-4101
Pete.Swayze@lewisbrisbois.com
Megan.Grossman@lewisbrisbois.com

*Attorneys for Camber*
*Pharmaceuticals, Inc.*

31

HILL WALLACK LLP
Eric I. Abraham
Nakul Y. Shah
21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
Tel.: (609) 734-6358
Fax: (609) 452-1888
eabraham@hillwallack.com
nshah@hillwallack.com

*Attorneys for Hetero Drugs,*
*Ltd. and Hetero Labs Ltd.*

HARDIN KUNDLA MCKEON &
POLETTO
Janet L. Poletto, Esq.
Robert E. Blanton, Jr., Esq.
673 Morris Ave.
Springfield, NJ 07081
Tel. (973) 912-5222
Fax (973) 912-9212
jpoletto@hkmpp.com
rblanton@hkmpp.com

*Attorneys for Hetero USA Inc.*

32

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 29, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

*/s/ Gerond J. Lawrence*
Gerond J. Lawrence,
Greenberg Traurig, LLP