UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>This Document Relates to All Actions | MDL No. 2875<br><br>Honorable Robert B. Kugler,<br>District Court Judge |

**MEMORANDUM OF LAW IN SUPPORT OF PHARMACY DEFENDANTS' MOTION TO ADOPT IN PART AND OBJECTIONS IN PART TO SPECIAL MASTER'S REPORT ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND MASTER COMPLAINTS AND SPECIAL MASTER ORDER NO. 46 PURSUANT TO FED. R. CIV. PRO. 53(F)**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

BACKGROUND ...................................................................................................2

ARGUMENT .........................................................................................................3

    I.    The Pharmacy Defendants Request Adoption of the Special Master's Report Denying Leave to Amend Numerous Claims against the Pharmacies. ...............................................................3

        A.    Express Warranty Claims ...........................................................4

        B.    Implied Warranty Claims ...........................................................4

        C.    Fraud-Based Claims ...................................................................5

        D.    Negligence Claims .....................................................................6

        E.    Medical Monitoring Claim ........................................................7

        F.    Strict Liability Claims ................................................................8

        G.    Other Claims ............................................................................10

    II.    The Pharmacy Defendants Object to the Special Master's Standing Orders. ..............................................................................11

CONCLUSION ....................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

Special Master's Report [ECF No. 1614] ………………………………… *passim*

Special Master Order No. 46 [ECF No. 1615] …………………………… *passim*

ii

## INTRODUCTION

The Special Master's Report [ECF No. 1614] (the "Report") on Plaintiffs' Motion for Leave to Amend Master Complaints [ECF No. 1148] (the "Motion to Amend") recommends this Court grant in part and deny in part Plaintiffs' request to amend their three Master Complaints. The accompanying Special Master Order No. 46 [ECF No. 1615] (the "Order") memorializes the Report's recommendations.

Pursuant to Federal Rule of Civil Procedure 53(f), the Pharmacy Defendants hereby move the Court to adopt Paragraphs 1-11 of the Order, along with further elaboration of the Report's rulings consistent with this Court's prior Orders, as set forth below.

The Pharmacy Defendants object, however, to those portions of the Report and Order granting Plaintiffs leave to amend to pursue economic loss and medical monitoring claims "under the laws of all fifty states, the District of Columbia, and Puerto Rico," including claims "based upon the laws of the jurisdictions where a named Plaintiff neither resided nor was injured." Report at 8; *see also* Order ¶¶ 12-13 (granting Motion to Amend to the extent not otherwise denied). That ruling is directly contrary to this Court's well-reasoned determination in MTD Opinion 2 [ECF No. 728] that Plaintiffs lack standing to assert such out-of-state claims, and therefore should not be adopted for the reasons the Manufacturer Defendants explain in their Objection, which the Pharmacy Defendants join in full. *See* ECF No. 1690.

1

# BACKGROUND

The Pharmacy Defendants join in the background section of the Manufacturer Defendants' Motion and Objection. [ECF No. 1690-1 at 4-9.] Additionally, the Pharmacy Defendants note the following specific rulings this Court made regarding claims brought against the Pharmacy Defendants:

- MTD Opinion 3 [ECF No. 775] and MTD Order 3 [ECF No. 776] dismissed Plaintiffs' claims for breach of express warranty in all master complaints against the Pharmacy Defendants; and dismissed Plaintiffs' claims for breach of implied warranty in all master complaints against the Pharmacy Defendants arising under the laws of Alabama, Arizona, Arkansas, California, the District of Columbia, Florida, Georgia, Hawaii, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Pennsylvania, Puerto Rico, South Carolina, Tennessee, Texas, Vermont, Virginia, Washington, West Virginia, and Wisconsin;

- MTD Opinion 4 [ECF No. 818] and MTD Opinion 4 [ECF No. 819] dismissed Plaintiffs' fraud-based claims and negligent misrepresentation claims in all three Master Complaints against the Pharmacies, including fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, fraud by omission, and state consumer protection statute claims that sound in fraud;

- MTD Opinion 5 [ECF No. 838] and MTD Order 5 [ECF No. 839] dismissed Plaintiffs' negligence claims against the Pharmacy Defendants; and

- MTD Order 5 dismissed Plaintiffs' strict liability claims against the Pharmacy Defendants in any complaint for those states "that unequivocally prohibit such claims," with prejudice, which MTD Opinion 5 defined as including Alabama, Arizona, Arkansas, California, Connecticut, District of Columbia, Florida, Georgia, Hawaii, Illinois, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Pennsylvania, Tennessee,

2

Utah, Virginia, Washington, and West Virginia, though MTD Opinion 5 noted this dismissal was without prejudice.[1]

In most instances, other than those claims dismissed with prejudice, the MTD Opinions and MTD Orders afforded Plaintiffs an opportunity to seek leave to amend to address the identified deficiencies. Plaintiffs moved to amend on April 12, 2021. [ECF No. 1148]. The Special Master issued his Report and Order on October 7 and 8, 2021. [ECF Nos. 1614, 1615].

## ARGUMENT

The Pharmacy Defendants fully adopt Part III.A of the Manufacturer Defendants' Motion and Objection regarding the legal standard for motions under Federal Rule of Civil Procedure 53. [ECF No. 1690-1 at 9-10.]

**I.    The Pharmacy Defendants Request Adoption of the Special Master's Report Denying Leave to Amend Numerous Claims against the Pharmacies.**

The Pharmacy Defendants also join Part III.B of the Manufacturer Defendants' Motion and Objection, and request an Order dismissing with prejudice those claims against the Pharmacy Defendants this Court and the Special Master

---

[1] The Special Master's Report treats these dismissals as *with* prejudice. *See* Report at 19.

have determined are not viable, so that the parties may better focus their efforts, and so that the record is clear, going forward.[2]

### A. Express Warranty Claims

The Special Master denied Plaintiffs' motion for leave to plead express warranty claims against the Pharmacy Defendants. *See* Report at 16-17; Order at ¶ 1. The Pharmacy Defendants request this part of the Special Master's Report be adopted in full, such that Plaintiffs do not have leave to assert Count 1 of the PELMC, Count 7 of the PMMMC, and Count 6 of the PPIMC. The Pharmacy Defendants further request that all express warranty claims against them be dismissed with prejudice.

### B. Implied Warranty Claims

The Special Master denied Plaintiffs' motion for leave to plead implied warranty claims against the Pharmacy Defendants under the laws of Alabama, Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida,

---

[2] The Pharmacy Defendants note that the Special Master explained that "it may be that this Report and accompanying Order did not resolve all issues (or perhaps raised other issues)," and further that "[a]ny questions or concerns with respect to this Report and accompany Order may also be raised in the parties' agenda letters for the regularly scheduled conferences." Report at 47 n.30. The Pharmacy Defendants do not object to that procedure, but the timing of any objection or request to modify the Special Master's Report—due before the Plaintiffs file their proposed amended complaints—does not permit use of that procedure. Timing has also prevented confirmation from the Plaintiffs regarding what claims they intend to assert in each of the amended complaints in advance of the deadline for this Objection, though the Pharmacy Defendants did attempt to meet and confer with Plaintiffs on these points.

4

Georgia, Hawaii, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Pennsylvania, Puerto Rico, South Carolina, Tennessee, Texas, Vermont, Virginia, Washington, West Virginia, and Wisconsin.  *See* Report at 26-27; Order ¶ 6.  The Pharmacy Defendants request adoption of this recommendation, such that Plaintiffs do not have leave to assert Count 3 of the PELMC, Count 6 of the PMMMC, and Count 7 of the PPIMC against the Pharmacy Defendants, under the laws of any of the aforementioned states.  The Pharmacy Defendants further request that all implied warranty claims against them arising under the laws of Alabama, Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida, Georgia, Hawaii, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Pennsylvania, Puerto Rico, South Carolina, Tennessee, Texas, Vermont, Virginia, Washington, West Virginia, and Wisconsin be dismissed with prejudice.

    **C.**    **Fraud-Based Claims**

The Special Master denied Plaintiffs leave to amend the Master Complaints to plead fraud-based claims, including negligent misrepresentation, against the Pharmacy Defendants.  *See* Report at 30; Order ¶ 7.  The Pharmacy Defendants

5

request adoption of this recommendation, such that Plaintiffs do <u>not</u> have leave to assert Counts 5 and 7 of the PELMC, Counts 3 and 8 of the PMMMC, and Counts 8 and 9 of the PPIMC against the Pharmacy Defendants.  The Pharmacy Defendants further request that all fraud or negligent misrepresentation claims against them be dismissed with prejudice.

Consistent with this Court's MTD Opinion and Order 4 and the Special Master's Report and Order, Plaintiffs should also be denied leave to plead consumer protection claims (Count 9 of the PELMC and Count 10 of the PPIMC) against the Pharmacy Defendants under the laws of any state where those claims sound in fraud. *See* MTD Opinion 4 at 8; Report at 27-30; Order ¶ 7.  The Pharmacy Defendants expressly request that this Court order Plaintiffs to identify in their amended complaints the *specific* states that they allege allow consumer protection claims not sounding in fraud, so that the Pharmacy Defendants may assess and potentially challenge such claims.

### D.     Negligence Claims

The Special Master denied Plaintiffs leave to amend the Master Complaints to plead negligence claims against the Pharmacies.  *See* Report at 34-37; Order ¶ 9. The Pharmacy Defendants request adoption of this recommendation, such that Plaintiffs do <u>not</u> have leave to assert Counts 13 and 15 of the PELMC, Counts 1 and 2 of the PMMMC, and Counts 4 and 5 of the PPIMC against the Pharmacy

Defendants. The Pharmacy Defendants further request that all negligence claims against them be dismissed with prejudice.

### E.     Medical Monitoring Claim

The Special Master, in ruling on Plaintiffs' argument that they could pursue a medical monitoring claim against the Pharmacy Defendants under the laws of California, Florida, Illinois, Kansas, Maryland, and Texas, held that Plaintiffs should be granted leave to plead a medical monitoring claim against the Pharmacy Defendant as to Florida, Illinois, and Kansas. Report at 33-34. The Pharmacy Defendants request adoption of this recommendation, such that Plaintiffs do <u>not</u> have leave to assert Count 4(a)[3] of the PMMMC against the Pharmacy Defendants other than as to the laws of Florida, Illinois, and Kansas. The Pharmacy Defendants further request that all independent medical monitoring claims against them other than those under Florida, Illinois, or Kansas law be dismissed with prejudice, noting that this does not affect the viability of medical monitoring as a remedy in states where there are other viable claims against the Pharmacy Defendants.

---

[3] Plaintiffs' Proposed Medical Monitoring Master Complaint, ECF No. 1148-5, identifies two "Count 4s." The Pharmacy Defendants refer to the first "Count 4"— the medical monitoring cause of action—as Count 4(a), and refer to the second "Count 4"—the strict liability manufacturing defect claim—as Count 4(b). *See* ECF No. 1148-5 at pages 200 & 204.

### F.   Strict Liability Claims

The Pharmacy Defendants do not object to the Special Master's recommendation that Plaintiffs should be granted leave to amend the PPIMC to plead strict liability claims under the laws of Iowa and North Dakota. Report at 44.

As the Special Master noted, besides Iowa and North Dakota, the Court's MTD Opinion No. 5 dismissed the strict liability claims in any of the Master Complaints against the Pharmacy Defendants under the laws of all but Alaska, Colorado, Idaho, Kentucky, Minnesota, Missouri, Montana, Nebraska, Nevada, Oregon, Puerto Rico, Rhode Island, South Carolina, South Dakota, Texas, Vermont, Wisconsin, and Wyoming. Report at 43. Earlier, the Special Master noted that dismissal of implied warranty claims under certain state laws was based on this Court's analysis of the caselaw. *Id.* at 24. There, as here, "Plaintiffs have not pointed to any averments in the proposed Amended Master Complaints that affect the Court's original conclusion" regarding claims against pharmacies. *See id.* Thus, the Pharmacy Defendants respectfully request that this ruling be adopted with respect to the strict liability claims against the Pharmacy Defendants.

The Special Master's Order denies Plaintiffs the ability to plead strict liability claims in the PPIMC under the laws of Connecticut, Mississippi, Missouri, South Carolina, and Texas, because those were the only states at issue in the motion for leave briefing. But the Pharmacy Defendants request further confirmation that

8

Plaintiffs be denied leave to amend to assert Counts 1, 2, and 3 of the PPIMC, and Counts 4(b) and 5 of the PPMMC against the Pharmacy Defendants, as to claims arising under the laws of Alabama, Arizona, Arkansas, California, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Illinois, Indiana, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Tennessee, Utah, Virginia, Washington, and West Virginia, pursuant to the Court's prior orders, as well as Missouri, South Carolina, and Texas, pursuant to the Special Master's Report.

The Pharmacy Defendants further request confirmation that all strict liability claims against them arising under the laws of Alabama, Arizona, Arkansas, California, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Illinois, Indiana, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia be dismissed with prejudice. This request is not a re-consideration of this Court's or the Special Master's ruling, but rather a confirmation of prior rulings.

9

### G.    Other Claims

Consistent with this Court's Motion to Dismiss Orders and the Special Master's Report, at this point, the Pharmacy Defendants do not seek reconsideration of the rulings, from this Court or Special Master Vanaskie, that allow Plaintiffs the ability to amend their complaints to plead: an unjust enrichment claim in Count 11 of the PELMC; claims arising under eight specific state Product Liability Acts as set forth in Count 11 of the PPIMC; or the derivative claims in Counts 12-15 of the PPIMC.  In so doing, the Pharmacy Defendants reserve all rights to challenge the availability and propriety of these claims at a later date pursuant to a different procedural vehicle.  The Pharmacy Defendants also preserve their rights to challenge the specific implied warranty and strict liability claims that remain in the limited states against them in Count 3 of the PELMC, Count 6 of the PMMMC, and Count 7 of the PPIMC (implied warranty)[4]; and Counts 4(b) and 5 of the PMMMC, and Counts 1-3 of the PPIMC (strict liability)[5]; and the independent medical monitoring claim in Count 4(a) of the PMMMC under the laws of Florida, Illinois, or Kansas.

---

[4] Pursuant to the prior orders, those states are: Alaska, Colorado, Delaware, Idaho, Indiana, Montana, Nebraska, Nevada, Oklahoma, Oregon, Rhode Island, South Dakota, Utah, and Wyoming.  *See* Report at 27.

[5] Pursuant to the prior orders, those states are: Alaska, Colorado, Idaho, Iowa, Kentucky, Minnesota, Montana, Nebraska, Nevada, North Dakota, Oregon, Puerto Rico, Rhode Island, South Dakota, Vermont, Wisconsin, and Wyoming.  *See* MTD Order No. 5; Report at 44.

## II. The Pharmacy Defendants Object to the Special Master's Standing Orders.

The Pharmacy Defendants fully adopt Part III.C of the Manufacturer Defendants' Motion and Objection regarding standing. [ECF No. 1690-1 at 11-28.]

Plaintiffs should not be permitted to conjure claims against individual defendants in the jurisdictions where there is no named plaintiff with standing to bring them. Plaintiffs did not name a medical monitoring class representative or trace an injury to any Pharmacy Defendant in 44 jurisdictions. Plaintiffs did not name an economic loss class representative or trace an injury to any Pharmacy Defendant in 32 jurisdictions. And Plaintiffs failed to trace their injuries to multiple individual Pharmacy Defendants in those states where a named plaintiff may have identified purchases from some other defendant. The Special Master's decision contradicting the Court's standing ruling has tremendous consequences as to the scope of the case for the Pharmacy Defendants, and they should not be subjected to litigation in jurisdictions where no class representative has standing. These are not issues that should be saved for class certification, and the Pharmacy Defendants fully support and adopt the Manufacturer Defendants' objection, as well as any applicable arguments made by the Wholesaler Defendants in their objection.

## CONCLUSION

The Special Master's Report and Order should be adopted and further elaborated upon to the extent they faithfully applied this Court's MTD Opinions and

11

MTD Orders to Plaintiffs' Proposed Master Complaints, as detailed above.

The Report and Order are in error and should be rejected, however, to the extent they seek to reconsider and overrule this Court's ruling in MTD Opinion 2 that Plaintiffs lack standing to assert claims under the laws of states where they neither reside nor were injured.

Accordingly, the Pharmacy Defendants respectfully request that this Court modify the Special Master's Report and Order by issuing an opinion that: (1) adopts paragraphs 1 through 11 of the Special Master's Order and the accompanying parts of the Special Master's Report; (2) modifies the Special Master's Order by dismissing with prejudice claims against the Pharmacy Defendants as denoted above; (3) rejects and overrules paragraphs 12 and 13 of the Special Master's Order and the accompanying parts of the Special Master's Report to the extent they would grant Plaintiffs leave to amend to pursue economic loss and medical monitoring claims based upon the laws of jurisdictions where a named Plaintiff neither resided nor was injured; and (4) grants such other and further relief as the Court deems necessary or appropriate.

Dated: October 29, 2021               Respectfully submitted,

/s/ *Sarah E. Johnston*
Sarah E. Johnston
Kara Kapke
Kristen L. Richer
BARNES & THORNBURG LLP
2029 Century Park East
Suite 300
Los Angeles, CA 90067
(310) 284-3798
(310) 284-3894

*Counsel for CVS Pharmacy, Inc.* (incorrectly named as CVS Health Corporation) *and Rite-Aid Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2021, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.

*/s/ Sarah E. Johnston*
Sarah E. Johnston

13