# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Actions | No. 1:19-md-2875-RBJ<br>Honorable Robert B. Kugler<br><br>**[PROPOSED] ORDER** |

**THIS MATTER** having come before the Court upon the Pharmacy Defendants' Motion to Adopt in Part and Objections in Part to Special Master's Report on Plaintiffs' Motion for Leave to Amend Master Complaints and Special Master Order No. 46 Pursuant to Fed. R. Civ. P. 53(f) (the "Motion and Objections"), and the papers submitted by Plaintiffs in opposition, if any, and the Court having heard oral argument, if any, and the Court having considered the matter and good cause having been shown, IT IS HEREBY **ORDERED** that the Pharmacy Defendants' Motion and Objections are **GRANTED**. Specifically:

1. The Court adopts paragraphs 1 through 11 of Special Master Order No. 46.

2. The Court **DISMISSES WITH PREJUDICE** the following claims against the Pharmacy Defendants:

   A. All express warranty claims, including those pleaded in

1

Count 1 of the Proposed Third Amended Economic Loss Class Action Complaint [ECF No. 1382-4] (the "PELMC"); Count 7 of the Proposed Consolidated Seconded Amended Medical Monitoring Class Action Complaint [ECF No. 1382-6] (the "PMMMC"); and Count 7 of the Proposed Second Amended Master Valsartan Personal Injury Complaint [ECF No. 1382-1] (the "PPIMC");

  B. Implied warranty claims arising under the laws of Alabama, Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida, Georgia, Hawaii, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Pennsylvania, Puerto Rico, South Carolina, Tennessee, Texas, Vermont, Virginia, Washington, West Virginia, and Wisconsin, including implied warranty claims arising under the laws of those states as pleaded in Count 3 of the PELMC, Count 6 of the PMMMC, and Count 7 of the PPIMC;

  C. All fraud-based claims, including those pleaded in Counts 5 and 7 of the PELMC, Counts 3 and 8 of the PMMMC, and Counts 8 and 9 of the PPIMC; as well as Count 9 of the PELMC and Count 10

of the PPIMC, unless Plaintiffs specifically explain in their Amended Complaints how a particular state's consumer protection act claim does *not* sound in fraud;

    D.    All negligence claims, including those pleaded in Counts 13 and 15 of the PELMC, Counts 1 and 2 of the PMMMC, and Counts 4 and 5 of the PPIMC;

    E.    An independent medical monitoring claim as pleaded in the first count denominated as Count 4 of the PMMMC (what the parties have referred to as Count 4(a)), except as arising under the laws of the states of Florida, Illinois, and Kansas; and

    F.    Strict liability warranty claims arising under the laws of Alabama, Arizona, Arkansas, California, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Illinois, Indiana, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia; including strict liability claims arising under the laws of those states as pleaded in the second count denominated as Count 4 of the PMMMC (what the parties have referred to as Count 4(b)), and Counts

1, 2, and 3 of the PPIMC.

3. The Court does not adopt Paragraphs 12 and 13 of the Special Master's Order No. 46, or the Report on Plaintiffs' Motion for Leave to Amend Master Complaints, to the extent it recommends granting Plaintiffs leave to amend to pursue economic loss and medical monitoring claims "under the laws of all fifty states, the District of Columbia, and Puerto Rico," including claims "based upon the laws of the jurisdictions where a named Plaintiff neither resided nor was injured." The Court denies Plaintiffs leave to amend to pursue claims based upon the laws of the jurisdictions where a named Plaintiff neither resided nor was injured based on the Court's ruling in MTD Opinion 2 and MTD Order 2 that Plaintiffs lack standing to assert such claims.

4. The Plaintiffs shall file amended complaints consistent with this Order within two weeks of the date of this Order.

This _____ day of _____, 2021.

_____
Robert B. Kugler
United States District Judge