# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| **IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION**<br><br><br><br>**This Documents Relates to All Actions** | Case No. 19-md-2875-RBK<br>MDL No. 2875<br><br>Hon. Robert B. Kugler, District Judge<br><br>Hon. Karen M. Williams, Magistrate<br><br>Hon. Thomas Vanaskie (Ret.), Special Master |

**[PROPOSED] ORDER ADOPTING IN PART SPECIAL MASTER'S REPORT ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND MASTER COMPLAINTS AND SPECIAL MASTER ORDER NO. 46 WITH RESPECT TO WHOLESALER DEFENDANTS AND SUSTAINING WHOLESALER DEFENDANTS' OBJECTIONS**

**THIS MATTER** having come before the Court upon Defendants AmerisourceBergen Corporation, Cardinal Health, Inc., and McKesson Corporation's (hereinafter referred to as "Wholesaler Defendants") Motion to Adopt in Part and Objections in Part to Special Master's Report on Plaintiffs' Motion for Leave to Amend Master Complaints and Special Master Order No. 46 Pursuant to Fed. R. Civ. P. 53 (the "Motion to Adopt and Objections"), and the papers submitted by Plaintiffs in opposition, if any, and the Court having heard

oral argument, if any, and the Court having considered the matter and good cause having been shown,

**IT IS HEREBY ORDERED** that pursuant to Fed. R. Civ. P. 53, the Court hereby adopts paragraphs 2, 3, 5, 7, 8, and 9 of Special Master Order No. 46, and pursuant to the reasoning as set forth in the Report, the Court denies with prejudice Plaintiffs' Motion for Request for Leave to Amend (Dkt. 1148) the following claims asserted against Wholesaler Defendants in the proposed Amended Personal Injury Master Complaint ("PPIMC") (Dkt. No. 1382-1), the proposed Amended Economic Loss Master Complaint ("PELMC") (Dkt. No. 1382-4), and/or the proposed Amended Medical Monitoring Master Complaint ("PMMMC") (Dkt. No. 1382-6) (hereinafter the "proposed Amended Master Complaints"):

1. Breach of express warranty claims against Wholesaler Defendants in all three proposed Amended Master Complaints (PPIMC Count VI; PELMC Counts I and II; PMMMC Count VII);

2. Breach of implied warranty claim against Wholesaler Defendants in the PPIMC under Kentucky law (PPIMC Count VII);

3. Breach of implied warranty claims against Wholesaler Defendants in the PELMC and PMMMC under the laws of Arizona, Connecticut, Georgia, Idaho, Illinois, Kentucky, New York, Oregon, Tennessee, Vermont, and Wisconsin (PELMC Counts III and IV and PMMMC Count VI);

4. Fraud-based claims against Wholesaler Defendants in all three proposed Amended Master Complaints (PPIMC Count VIII and IX; PELMC Counts V, VI, VII, and VIII; PMMMC Counts III and VIII);

5. Claim for medical monitoring under Mississippi law (PMMMC, Count IV);

6. Negligence claims against Wholesaler Defendants in all three proposed Amended Master Complaints (PPIMC Counts IV and V; PELMC Counts XIII, XIV, XV, and XVI; PMMMC Counts I and II);

7. State law product liability act claims against Wholesaler Defendants in the PPIMC and PMMMC brought pursuant to the product liability statutes of Connecticut, Indiana, Kansas, Louisiana, Mississippi, New Jersey, North Carolina, Ohio, Tennessee, and Washington to the extent those state law product liability act claims are premised upon theories of negligence, negligence per se, breach of express warranty, fraud, and negligent misrepresentation (PPIMC Count XI and PMMMC Count IX).

**IT IS HEREBY FURTHER ORDERED** that, consistent with the foregoing denials of leave to amend the Master Complaints, the Court now dismisses with prejudice the following claims asserted against Wholesaler Defendants in this MDL:

1. Plaintiffs' claims for breach of express warranty against Wholesaler Defendants in Count VI of the operative Master Personal Injury Complaint

(Dkt. 122); in Counts I and II of the operative Consolidated Second Amended Economic Loss Class Action Complaint (Dkt. 398); and in Count VIII of the operative Consolidated Amended Medical Monitoring Class Action Complaint (Dkt. 123).

2. Plaintiffs' claim for breach of implied warranty under the law of Kentucky against Wholesaler Defendants in Count VII of the operative Master Personal Injury Complaint (Dkt. 122).

3. Plaintiffs' claims for breach of implied warranty under the laws of Arizona, Connecticut, Georgia, Idaho, Illinois, Kentucky, New York, Oregon, Tennessee, Vermont, and Wisconsin against Wholesaler Defendants in Count VII of the operative Consolidated Second Amended Economic Loss Class Action Complaint (Dkt. 398), and in Count VII of the operative Consolidated Amended Medical Monitoring Class Action Complaint (Dkt. 123).

4. Plaintiffs' claims for fraud and other fraud-based claims against Wholesaler Defendants in Counts VII and VIII of the operative Master Personal Injury Complaint (Dkt. 122); in Counts VII, VIII, IX, and X of the operative Consolidated Second Amended Economic Loss Class Action Complaint (Dkt. 398); and in Count IX of the operative Consolidated Amended Medical Monitoring Class Action Complaint (Dkt. 123).

5. Plaintiffs' claim for medical monitoring under Mississippi law against Wholesaler Defendants in Count III of the operative Consolidated Amended Medical Monitoring Class Action Complaint (Dkt. 123).

6. Plaintiffs' claims for negligence against Wholesaler Defendants in Counts IV and V of the operative Master Personal Injury Complaint (Dkt. 122); in Counts XV, XVI, XVII, and XVIII of the operative Consolidated Second Amended Economic Loss Class Action Complaint (Dkt. 398); and in Counts I and II of the operative Consolidated Amended Medical Monitoring Class Action Complaint (Dkt. 123).

**IT IS HEREBY FURTHER ORDERED** that, Wholesaler Defendants objections to the Special Master's Report and Order are **SUSTAINED**, and the Court does not adopt those portions of the Report and Order (1) granting Plaintiffs leave to amend to pursue economic loss and medical monitoring claims "under the laws of all fifty states, the District of Columbia, and Puerto Rico," including claims "based upon the laws of the jurisdictions where a named Plaintiff neither resided nor was injured,"; (2) granting Plaintiffs leave to amend to pursue economic loss and medical monitoring claims "under the laws of all fifty states, the District of Columbia, and Puerto Rico" on the additional grounds of the lack of the traceability element of standing; and (3) granting Plaintiffs leave to amend the PPIMC and the PELMC to assert claims for violations of state consumer

protections statutes that may only require deceptive or unfair conduct and resultant damages, and denies Plaintiffs' request for leave to amend to assert those claims.

Entered this \_\_\_\_\_ day of _____, 2021.

_____
Robert B. Kugler
United States District Court Judge