**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION**

**CIVIL ACTION NUMBER:**

**19-md-02875-RBK-KMW**

**CASE MANAGEMENT CONFERENCE VIA TELECONFERENCE**

Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101
October 27, 2021
Commencing at 10:00

**B E F O R E:** **THE HONORABLE ROBERT B. KUGLER, UNITED STATES DISTRICT JUDGE**
**THE HONORABLE THOMAS I. VANASKIE (RET.) SPECIAL MASTER**

**A P P E A R A N C E S:**

MAZIE SLATER KATZ & FREEMAN, LLC
BY: ADAM M. SLATER, ESQUIRE
103 Eisenhower Parkway
Roseland, New Jersey 07068
For the Plaintiffs

KANNER & WHITELEY, LLC
BY: CONLEE S. WHITELEY, ESQUIRE
BY: DAVID J. STANOCH, ESQUIRE
701 Camp Street
New Orleans, Louisiana 70130
For the Plaintiffs

GOLDENBERG LAW, LLC
BY: MARLENE J. GOLDENBERG, ESQUIRE
800 Lasalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
For the Plaintiffs

Camille Pedano, Official Court Reporter
camillepedano@gmail.com
609-774-1494

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

**A P P E A R A N C E S (Continued):**

WATTS, GUERRA, LLP
BY: PAIGE BOLDT, ESQUIRE
4 Dominion Drive, Building 3, Suite 100
San Antonio, Texas 78257
For the Plaintiffs

RHEINGOLD GIUFFRA RUFFO & PLOTKIN, LLP
BY: DAVID RHEINGOLD, PARALEGAL
551 5th Avenue, 29th Floor
New York, New York 10017
For the Plaintiffs

DUANE MORRIS LLP
BY: SETH A. GOLDBERG, ESQUIRE
30 South 17th Street
Philadelphia, Pennsylvania 19103
For the Defendants, Prinston Pharmaceuticals, Solco Healthcare U.S. LLC, and Zhejiang Huahai Pharmaceuticals Ltd.

GREENBERG TRAURIG LLP
BY: VICTORIA DAVIS LOCKARD, ESQUIRE
BY: STEVEN M. HARKINS, ESQUIRE
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
For the Defendants, Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., Actavis LLC, and Actavis Pharma, Inc.

**ALSO PRESENT:**

LORETTA SMITH, ESQUIRE
Judicial Law Clerk to The Honorable Robert B. Kugler

Larry MacStravic, Courtroom Deputy

Anna Edney, Reporter with Bloomberg News

(PROCEEDINGS held via teleconference before The Honorable Robert B. Kugler, United States District Judge, and The Honorable Thomas I. Vanaskie (Ret.), Special Master, at 10:00 a.m.)

JUDGE VANASKIE: All right. Let's get started then.

Who will be speaking on behalf of the plaintiffs during this call?

MR. SLATER: Hello, Your Honor. Adam Slater for the plaintiffs. There will be multiple people from our team that will be addressing the various issues.

JUDGE VANASKIE: Very well. Great.

Who will be the lead spokesperson for the defense?

MR. GOLDBERG: Your Honor, this is Seth Goldberg for the defense; and we'll also have other defense counsel speaking up today.

JUDGE VANASKIE: Very well. Good morning, Mr. Goldberg.

MR. GOLDBERG: Good morning.

JUDGE VANASKIE: I will ask that we follow the protocol that we've followed for these calls, and that is that unless you are speaking, please mute your phone or computer so that we're not getting any background noise.

All right. We'll get started then. It looks like this shouldn't take too much time today.

The first item I wanted to discuss was the deposition or

the scheduling of the deposition of Mr. Chen. The agenda letters that I received indicated that on October 25th the defense was informed that the Chinese government is denying permission for Mr. Chen to travel to Macao for purposes of having his deposition taken, but that the defense was still pursuing the matter.

Is there any update on this, Mr. Goldberg?

MR. GOLDBERG: Your Honor, since Monday evening, I do not have an update on this. As indicated in the letter that we submitted, I hope to be able to provide an update at the next conference.

JUDGE VANASKIE: All right. Do the plaintiffs want to be heard on this?

MR. SLATER: Yes, Your Honor. This is Adam Slater.

Your Honor, you ordered this deposition a long time ago. We asked for a deadline so that this deposition will be taken, or, for whatever reason, Mr. Chen won't appear, well, then we can go to the next step if there's a violation of a court order. But whether or not Mr. Chen is a part of the Chinese government, we've seen nothing in writing about the Chinese government's decision not to issue him a travel permit; and, frankly, that's of no moment in the United States Federal District Court proceeding. We have orders, we have rules, he needs to either appear for his deposition forthwith or we will then consider our options and make the appropriate motions if

he is in violation of the order.

So we ask for an order that he has to be deposed shortly, certainly by the middle of December.

And I will say there's a few things that we're still waiting for. I know Your Honor is slogging through some of those motions but that should give plenty of time for the Maggie Kong production to be made to us, which, I'm not sure if Your Honor's aware, we still have never gotten that even though Your Honor told the defense on the record that was going to be produced.

So we have a right to depose this person, you've already ordered it and we would ask for a date certain so that it must be done by December 15th; and if he's not produced by then, then we can go to the next step.

MR. GOLDBERG: Your Honor, if I may, this is Seth Goldberg.

JUDGE VANASKIE: Yes, Mr. Goldberg.

MR. GOLDBERG: I would respectfully request that Your Honor not issue a deadline for the deposition. I think there are a few things that are important with respect to that request.

You know, one, our client is trying to work through the issue with the Chinese government. And there are multiple levels of government at issue. We have local government, we have national government and it takes time, just like it would

take time in dealing with the local and federal government in the U.S.

Two, there's no prejudice to plaintiffs in having to wait so that we can sort through this. There's nothing on the Court's calendar that requires this deposition with any urgency at all. In fact, all of the fact discovery and all of the expert discovery is now complete, so there would be no prejudice in allowing the ZHP parties the time to navigate this issue. And we will work through it, we will provide an update to the Court next month and, hopefully, we'll have more information then.

JUDGE VANASKIE: Well, I find that setting deadlines is usually helpful in moving matters along. And so I am going to grant the plaintiffs' request that the deposition of Mr. Chen be taken by December 15. That's another six weeks away. I believe that does give you adequate time.

You can report to your counterparts in China that the Court has ordered that the deposition be taken by December 15th so that they understand that there is a deadline in place and hopefully this deadline can be accommodated.

Now, having said that, Mr. Goldberg, I will issue the order that his deposition be taken by December 15th but if there's some need for additional time, I'll certainly be open to considering the request; but I think it's important right now that we do set a deadline. We've let this matter kind of

meander for a bit of time now, and all we have right now is an understanding that there's been a verbal denial of permission to travel, nothing in writing, and I think we need to move it along.

So I don't think that's an unreasonable request on the part of the plaintiffs. It's not asking for the deposition next week. So I will issue an order to that effect.

All right. The next item I wanted to address is the update on the newly named, I'll call them newly named -- having trouble getting that out -- plaintiffs' class representatives.

My understanding is that there are still some Plaintiffs' Fact Sheets that are incomplete.

Has that moved forward at all, the Plaintiffs' Fact Sheets? In other words, where do we stand on being able to get these depositions completed? I think we set a deadline of December 3rd. Am I wrong on that, Mr. Slater?

MR. SLATER: Your Honor, I think someone else on our side is going to answer that question who's been more close to the depositions on these specific cases and the specific plaintiffs.

JUDGE VANASKIE: Very well.

MR. STANOCH: Good morning, Your Honor. David Stanoch for the plaintiffs. I can address your issue.

The short answer, Your Honor, is yes, we're working to make sure all of the fact sheet information is provided and

that it's materially complete and that the depositions are scheduled.

I think fact sheets and attendant documents have been submitted for all of these "new named" plaintiffs. As so-called deficiencies come up, we're dealing with them immediately with the defense counsel who reach out to us.

In our view, a number of the so-called deficiencies are nonmaterial or things that do not affect substantial completion or deposition. We're talking about things like, oh, well, you left the question blank and the answer was really N/A, not applicable, could you fix that; or you gave us the required blank authorizations, but now this provider requires you to sign their own specific authorization.

We're working through that and we're doing it and we're going to get back to them as fast as we can and we don't think the depositions are going to be a problem. Most, if not all, are scheduled and if there are a couple of stragglers because the defendants don't believe they have records from third parties, we'll work with them and we'll figure it out and get all these people deposed, Judge.

JUDGE VANASKIE: All right, very well.

Who's addressing this issue for the defense?

MS. LOCKARD: Hi, Judge. It's Victoria Lockard from Greenberg Traurig on behalf of the defense and the Teva defendants.

I don't think we necessarily have a bone to pick today with plaintiffs over this. You know, I'd agree the parties are working together but we do want to just flag the issue. You know, if we don't get substantially complete Plaintiff Fact Sheets, including the correct authorizations, then we can't get the records for these plaintiffs, which may impact the ability to take the deposition.

I don't think we're there yet. We're all working together with the goal of trying to complete these, I think it can be done, but we'll just continue to update the Court. If it becomes a problem, we'll let you -- let you know.

JUDGE VANASKIE: All right, very well. Thank you.

I did want to ask, are you happy in Atlanta today? Are you in Atlanta, Victoria?

MS. LOCKARD: Yes, let's go, Bravos. Thank you for acknowledging it. It's been a long time coming for us here. Sorry for all you Mets fans or Astros.

JUDGE VANASKIE: I'm a Phillies fan. I was disappointed lots of times by the Braves.

All right. The next item I wanted to address was an update on the bellwether plaintiffs and treater depositions. I'm a little confused, having read the agenda letters for today, in terms of how many depositions still need to be taken.

And the letter from the defense was helpful because it identified by name of bellwether plaintiff depositions that

still need to be taken.

So let me talk to the defense first. Let me ask, where do we stand with respect to these bellwether depositions, either of the bellwether plaintiffs or their physicians?

MS. LOCKARD: Yes, it's Victoria Lockard again.

So on the plaintiff bellwethers themselves, all but one deposition has been taken or is scheduled to take place by the deadline. The only outstanding is in the Ochs case because of a medical condition of the plaintiff, and there's been discussions over substituting the anticipated estate representative. We've agreed with plaintiffs to take that deposition on November 19th. So it is scheduled shortly after the deadline. And, you know, so that shouldn't be a problem as long as we get the Court's blessing to do that. As we said in the past, we want to make sure we're not reaching side agreements without the Court's knowledge; but I think that should be able to proceed with no problem on the 19th.

JUDGE VANASKIE: All right.

MS. LOCKARD: Would you like me to go on to the treaters?

JUDGE VANASKIE: Yes, let's go on to the treaters then.

MS. LOCKARD: Okay. So on the treaters, so, of course, there are two cases, Garcia and Crawford, that Your Honor previously granted leave to take outside of the

deposition deadline and those were Marlene Goldenberg's cases. So I think that's taken care of. But then by our count, we have six cases in addition where the physicians cannot take -- cannot provide dates prior to the deposition cutoff next week or where we're working to try to get those scheduled and we're unclear whether or not they will be able to be deposed by the deadline. And maybe plaintiffs have information on one or more that I don't have as I sit here, but those are in the Ochs, O-C-H-S, Ramirez, Fields, Svebeck, Hanna and Welch cases.

JUDGE VANASKIE: S-V-E-B-E-K?

MS. LOCKARD: Yes, S-V-E-B-E-C-K, I believe.

JUDGE VANASKIE: Okay.

MS. LOCKARD: So three of those are set in November, and then the remaining three, by our count, we -- yeah, the remaining three we need to confirm with the treater deposition dates. At least one of those could not provide dates before November 18th. So, again, I don't think this is through any fault of any of the parties necessarily, and I do believe we are all working together to get these scheduled, but in some cases, just extenuating circumstances scheduling with the treaters' practices are preventing that from happening. But if we could get approval to move forward with those in November, I think we should be able to get those knocked out within the next month.

JUDGE VANASKIE: All right. And who will be

addressing this matter for the plaintiffs?

MS. BOLDT: Your Honor, this is Paige Boldt for the plaintiffs.

THE COURT: All right.

MS. BOLDT: Your Honor, I agree with Ms. Lockard that we have a handful of case-by-case-specific issues that I think the parties are amicably trying to resolve, as long as we're able to. And it looks like everything should be on track to complete by the end of November, based off of kind of what we're hearing for these individual doctors and make sure our schedules work out.

JUDGE VANASKIE: Okay. And if you require an order from me with respect to completing these depositions by the end of November, just confer and submit to me an agreed-upon order. You certainly have the permission to do so. You've worked diligently to get these matters concluded, and it seems like there's good cooperation in moving forward to get this done. And I'll let that to you to confer whether you want the benefit of an order, the protection of an order, to take these depositions. And if that's what you decide, submit it to me and we'll promptly have it entered.

MS. LOCKARD: Thank you, Judge.

MS. BOLDT: Thank you, Your Honor.

MS. LOCKARD: If I may, Your Honor, it's Victoria Lockard again.

The only other statement I wanted to just make in response is, in plaintiffs' submission, you know, they initiated the discussion by saying the parties had agreed to take two depositions for each bellwether plaintiff, and I just need to correct the record that defendants have not agreed to that. We argued this before Judge Kugler. We did not agree to that.

Judge Kugler ordered that the parties proceed with two treaters per bellwether plaintiff and that defendants or plaintiffs, if conditions warranted and for good cause, we could certainly come back and request additional depositions of the treaters. And in many cases that will certainly happen between now and trial.

I just want to make the record clear on that, that we're not -- we have not agreed and do not agree that this will be the end of the treater depositions and we do intend to present good cause for taking additional ones.

JUDGE VANASKIE: All right. I do recall that conversation with Judge Kugler and the decision that he made on that matter, and I believe you are correct that you can come back in and seek leave to take more than two physician depositions per bellwether plaintiff. So your record has been made and we'll proceed from there.

MS. LOCKARD: Thank you.

JUDGE VANASKIE: All right. The next issue deals with

the deadline for, I take it, moving for class certification. And who will be addressing this issue on behalf of the plaintiffs?

MS. WHITELEY: I will, Your Honor. This is Conlee Whiteley.

JUDGE VANASKIE: All right.

MS. WHITELEY: Your Honor, we did ask defendants about this yesterday and they did not have a chance to respond and so we do not know if we have agreement yet, so we would like to hear about that. But, basically, our request is to bump all the dates back that go through May by one week.

And the reason for that, I mean, I think the Court is well aware of the schedule, but we have the modifications to the report and recommendation. If any party plans to file a request for modification, I believe that's due tomorrow, on the 28th.

There is a discrepancy in when the order was signed and filed by the 28th or the 29th, so I guess we'd like to get some clarity on that for all the parties.

But beyond that, the amended complaints are due on November 1st, the *Daubert* motions are due on November 1st, and then the motion for the class certification is due on November 3rd. And just given the back-to-back dates, the plaintiffs could use a little bit more time to have it fully organized because there are a lot of moving pieces.

JUDGE VANASKIE: All right. And who will be addressing this issue for the defense?

MS. LOCKARD: Your Honor, it's Victoria Lockard again for the defense.

We received this request yesterday afternoon and have not had a chance to speak fully to all of the defendants, but in discussing this, our position is this: You know, these dates have been in place since February of this year. Judge Kugler issued CMO 23. We're talking about the entire back-half of the CMO schedule, nine deadlines. This is not just one briefing deadline, it's nine deadlines that they would be seeking: All class cert expert reports, all class cert briefing, all class cert *Daubert* 702 motions.

And so it is a -- you know, whereas I understand it's a tight schedule, everyone knew that going in. Initially, we wanted to push -- the defendants wanted to push out class certification for that reason and the plaintiffs rejected it. Mr. Honik fought vehemently to keep class cert up front and early. So, you know, now here we are a week before the deadlines drop and plaintiffs are wanting to move them.

So, I mean, we're not in a position where we think these need to be moved. Everybody was aware of these. Judge Kugler has said, you know, get your resources together, it's going to be a lot of work, get your lawyers lined up, and we all knew this going in. So we don't want to, you know, seem

uncooperative. We haven't been presented with any good-faith reason to move these deadlines that have been in place since February.

That said, if the Court's inclined to give relief on this, we do think all nine of those deadlines need to be pushed back by the same amount in order to keep us on the same cadence that Judge Kugler ordered.

JUDGE VANASKIE: And so to be clear, the request is to move the deadline for the class certification motion one week, and then move all other deadlines by one week. Am I correct in understanding that?

MS. WHITELEY: Yes, Your Honor. So the end date would be May 25th instead of May 18th for the last deadline related to this.

JUDGE VANASKIE: All right.

MS. WHITELEY: Again, this is Conlee Whiteley responding.

Much of what Ms. Lockard says is very true. We were vehement about the schedule, but, you know, some of the things -- and as it turns out, just everything that has to be filed within basically a seven-day period, some of that was not anticipated and so we don't think asking for another week really jars the schedule to any extent. There's certainly no prejudice. And I imagine there's a couple of these dates that, if moved out, will benefit the defendants a bit, particularly

the January 5th deadline.

JUDGE VANASKIE: All right. What I'd like to do is confer with Judge Kugler on this, he set the schedule in place, and be guided by his judgment in terms of moving all of these deadlines by one week.

I certainly understand the basis for it. You are correct, Ms. Whiteley, to point out that you've got some moving deadlines now as a result of intervening rulings, so I certainly am sympathetic to what you're facing right now in terms of the immediate deadlines.

But let me confer with Judge Kugler on this and we'll issue an order promptly.

MS. WHITELEY: Okay. Thank you, Your Honor.

JUDGE VANASKIE: All right?

Now, I did want to talk about a couple of the other -- this is not on the agenda but, you are correct, you did raise the question about Special Master Order 46, which implemented the recommendations of the report dealing with the motion for leave to amend the Master Complaints and there appears to be -- I know I dated it October 7th but it may not have been docketed until October 8th.

MS. WHITELEY: Yes, Your Honor. This is Conlee Whiteley.

JUDGE VANASKIE: Okay. And so you want clarification on whether your deadline is tomorrow or Friday, I take it?

MS. WHITELEY: Yes. I think that applies to any party that would, you know, be filing something. So we would like to have all the parties be on the same page in that regard.

JUDGE VANASKIE: Sure. Does anybody want to address this for the defense?

(No response).

JUDGE VANASKIE: All right. Not hearing anything, yes, I think it would be fair to give you until Friday. You get the benefit of the full 21-day period that way. So that the deadline for filing, as I understand it, objections would be Friday, October 29th, or to seek modification of the order and the accompanying report.

Now, having said that, and I know you're not obligated to inform us of this, but is anybody planning on filing modifications or objections to that report and order?

I'll ask from the plaintiffs' perspective first. Anybody addressing this for the plaintiffs? If you say you're not in a position because you haven't made a decision yet, I certainly understand that.

MR. STANOCH: Your Honor, this is David Stanoch for plaintiffs.

I think the answer is we're not sure yet. We may not do anything at all but I can't say for certain.

JUDGE VANASKIE: Okay. And on the defense side, Mr. Goldberg, or do you have a spokesperson on this?

MR. GOLDBERG: Yes, Your Honor. I do expect that the defendants will be filing something, whether it's a part of the report and recommendation, but I do expect we will be filing something.

JUDGE VANASKIE: All right. The reason why I'm asking that is that I did set a fairly tight deadline for the Amended Master Complaints to be filed, and that is November 1st, which is Monday. And so if objections are filed on Friday, what should be done with respect to that November 1st deadline?

I'll ask first for the defense to comment.

MR. GOLDBERG: Your Honor, this is Seth Goldberg.

You know, I hadn't really anticipated your asking me that question, and I'd want to confer with my colleagues who are really closer to this issue about the timing on the filing of the motion -- of the amended complaint.

JUDGE VANASKIE: All right. Mr. Slater, is anybody on your side prepared to address this? Have you thought about that?

MR. SLATER: Your Honor, I think our -- this is Adam Slater, for the record.

I think that our assumption was that we would go ahead and file it, because that's what Your Honor ordered, and then to the extent that there's any appeal to Judge Kugler from your R and R, I suppose that can be addressed at a later stage.

I don't know if anyone on my side disagrees, but that

was our working assumption, that we were going to file this regardless of what challenges may be filed because we have to have something on file, and we figured we would comply and then if something needed to be modified later, that could be done at a later date.

JUDGE VANASKIE: Well, I am relieved to hear that. That's what I anticipated. So I think that makes the most sense to get those Amended Master Complaints in so we can get closer to finalizing the pleadings from the plaintiffs' -- on the plaintiffs' side here; and if objections come in, well, then, they'll be addressed as part of Judge Kugler's rulings. And if there has to be some adjustment about what can be filed and what cannot be filed, well, it would occur after Judge Kugler has a chance to address the matter. So let's proceed on that basis.

The other thing I wanted to address, again, not part of the agenda letters, is the Special Master Order I issued with respect to the request to confirm waiver of confidentiality.

I've asked that you all meet and confer with respect to the confidentiality designations, and I also have a brief that is due tomorrow -- or Friday, I'm sorry, on behalf of the ZHP parties dealing with this July 27, 2017, email.

I'm not going to get into any substance here. But my point that I wanted to make today is that I think these are issues that you should be able to resolve. And I'm not talking

about agreeing that there was a waiver. I think these are issues that you can agree whether certain items should be maintained as confidential and certain items should not be maintained as confidential.

So I ask that you take that directive that you meet and confer with respect to these confidentiality designations very seriously and see really what you can agree to.

Having to resolve whether something should be confidential or not is not a welcome task, I'll put it that way, but one I understand has to be done and will be done. But if you can peek through these things very carefully and come to some agreement, I think that would be great. I think both sides have to have an open mind in undertaking these discussions and go from there.

All right. Is there anything --

MR. GOLDBERG: Your Honor?

JUDGE VANASKIE: Yes, go ahead. Let's hear from plaintiffs first.

MR. SLATER: Your Honor, it's Adam Slater.

I don't think there's any response that we have to that. We, obviously, will take into account what Your Honor just said and we will look forward to talking to the defense and seeing what their positions are.

I can't say I'm fully optimistic that we're going to reach agreement on everything, but certainly your guidance is

understood.

JUDGE VANASKIE: Yes, I'm hoping, from the plaintiffs' perspective, or speaking to you as the plaintiffs' counsel, and speaking to all plaintiffs' counsel, that you just don't rely upon the assertion about -- and this is, it's a very important matter and it does involve public health and safety, I understand that; but I hope there's a little more meaningful discussion or much more meaningful discussion than simply making that assertion.

Let's hear from the defense.

MR. GOLDBERG: Your Honor --

MS. LOCKARD: Yes, Your Honor --

MR. GOLDBERG: Your Honor, this is Seth Goldberg.

We certainly hear Your Honor and we'll work with plaintiffs to try to resolve these issues without having the Court have to do it for us.

I had spoken up a second ago, I jumped the gun because there was one more issue that we wanted to raise with Your Honor.

JUDGE VANASKIE: All right. What is that issue, Mr. Goldberg?

MR. GOLDBERG: Your Honor, this has to do with the Rule 702 motions that the defendants will be filing to exclude the plaintiffs' experts on general causation. Those motions are due on November 1st. The defendants will be filing five

 separate motions, one for each of the experts. And under the rules, we would get I believe it's 40 pages per brief for a total of 200 pages of briefing.

We had proposed to plaintiffs yesterday and requested that they consent to our having an additional ten pages for one of the briefs so that we can use that brief for an expanded discussion of facts and law that are common to all of the other briefs, and we would then, in those other briefs, incorporate by reference or refer to that expanded discussion of facts and law, which would allow us to streamline the briefing for the Court and actually file shorter briefs by way of that cross-referencing; and that, in our estimation, we think it's very likely that by doing so, we would have a total of less than 200 pages of briefing.

Plaintiffs, unfortunately, did not agree to allowing us to have that ten additional pages, and their view was that it's too late to make that request, even though this isn't being filed until November 1; and also that they would have done something similar, I suppose, or that somehow they felt the parties should have the same approach.

Of course, you know, how the parties decide to file their briefs is really an independent determination. They could have chosen to file no *Daubert* briefs, file all of them, or have different page limits or different requests as to pages. We don't see how there can be any complaint here since

the total number of pages will be less than 200.

And so we would ask Your Honor to grant our request to have ten additional pages for one of our Rule 702 briefs.

JUDGE VANASKIE: And have you decided, Mr. Goldberg, which brief that would be?

MR. GOLDBERG: Well, we haven't yet. You know, we have -- we think it's likely to be related to an expert by the name of Hecht, H-E-C-H-T, only because the issues related to his report are a little more straightforward and so we can put the expanded facts and law section nicely into that brief and the other briefs, again, will cross-reference to that expanded facts and law section, which we think makes a lot of sense for the Court, rather than hear the same facts and law in five different briefs.

JUDGE VANASKIE: All right. Mr. Slater, are you addressing this?

MR. SLATER: Yes, I am, Your Honor.

Weeks and weeks ago, the defense reached out to us and said they wanted to discuss something about the briefing on *Daubert*. We said, what's the issue, when do you want to talk, and then they dropped the issue.

We're filing *Daubert* briefs I believe against every single one of their experts, which I believe is about eight experts, and our briefs are, obviously, well along, because we've been working on these for quite awhile, and written

pursuant to the rules and pursuant to what we're supposed to do, which is file a separate brief against each expert.

To now say, days before the brief is due, that the defense wants to change the paradigm to something that would be very favorable to anybody if we knew long in advance that we're going to be able to put some common legal argument and common factual discussion in one brief and not have to repeat it across the board, that would have been nice to know, but it's too late for us to do that now. It would take so much work to re-engineer, we can't do it.

Counsel has pointed out 40 pages, I think it's 40 pages of certain type of font and 30 pages of a different type of font; in any event, those pages are more than sufficient to address each expert. There's been no showing that there's a need for more pages.

Again, this would have to be done in an equitable way with enough notice that both sides could take advantage of this type of a modification, and we're not in a position to do so at this point.

So we'd just ask that -- I mean, these are affirmative briefs, which the same rules apply to both sides, we just are limited to the rule -- to the page limit set forth by the local rules and, certainly, we're not hearing that there's not enough room in any of these briefs to fit this in. We're not being told by the defense that without this common ten pages, they

can't fit what they need to fit into the briefs; it's just a matter of just trying to, for their own convenience; but we're not able to do that. So I don't think it would be equitable at this point to modify the briefing days before it's due when both sides are subject to the same rules and the same deadline.

MR. GOLDBERG: Your Honor, this is Seth Goldberg, if I may.

There's no rule that the format of one side's brief needs to be the same as the formatting of the other. There is a page limit, it's 40 pages for the font that we're using, and if plaintiffs wanted to do this, they could have done this. They didn't have to bring it to our attention. We're -- we're simply asking for their consent to the ten pages but, certainly, Your Honor could grant the request if they're not going to.

And, in fact, in any of these briefs that we file, the likelihood of having this expanded facts and law section in the brief and not exceed that 40-page limit is why we're making the request, because in order to have that discussion, we will need a few additional pages.

We're now at that point where we're finalizing all of these briefs. Of course, this isn't something we could have raised sooner. And we're -- we've organized this in a way that's going to be more efficient for the Court and we don't really see how -- why plaintiffs would be challenging this.

And we'd ask Your Honor to grant that request for the ten additional pages for one of our briefs, knowing that the total amount of pages will still be under the 200 that we would be permitted for all five briefs.

JUDGE VANASKIE: All right. Thank you.

Yes, I will grant that request. I would ask for submission of a proposed order that grants that request and specific as to which brief will be expanded by ten pages.

In other words, as I understand the request, you're asking that one of the briefs be allowed to reach up to 50 pages.

MR. GOLDBERG: Correct, Your Honor.

JUDGE VANASKIE: And what I would ask, so that it's clear on the record, you submit to me a proposed order that grants that request. The order should provide that the limitation is expanded only for that one brief and in all other respects, the page limits that have been imposed here remain the same.

Now, I know it's too late, Mr. Slater, for you to adjust how your briefs are constructed, but if you wanted to extend by ten pages the length of one brief, well, you'd be granted that request. All right?

MR. SLATER: Thank you, Judge. And it's understood.

Just one clarification. Defense counsel said that this will not change the total amount of pages that they're going to

use, which I guess would be 200 pages. So I'd just appreciate that that would also be in the order. So the Hecht brief, if that's the one they choose to append the extra ten pages on, can be 50, but, accordingly, still, the total would be 200. That's what Mr. Goldberg represented.

JUDGE VANASKIE: Is that agreeable, Mr. Goldberg?

MR. GOLDBERG: Your Honor, we have no objection to that. We've got, you know, four, we've got page limits for each of these briefs and we appreciate Your Honor extending the one brief by ten pages.

JUDGE VANASKIE: All right. So in the order that you send to me, Mr. Goldberg, please specify that the aggregate number of pages of the briefs will not exceed 200. Okay?

MR. GOLDBERG: Will do, Your Honor. Thank you.

JUDGE VANASKIE: Thank you.

All right. Is there anything else before we get Judge Kugler on the phone?

MR. GOLDBERG: Nothing from the defense.

MR. SLATER: Nothing from plaintiffs.

JUDGE VANASKIE: All right. Very well.

I am going to hang up now, place a call to Judge Kugler and rejoin you all in a few minutes.

Thank you all very much.

MR. GOLDBERG: Thank you.

MR. SLATER: Thanks.

(Brief recess taken from 10:44 a.m. until 10:48 a.m.)

JUDGE KUGLER: Good morning. It's Judge Kugler. I assume that Camille, the court reporter, is on.

Camille, are you on?

THE COURT REPORTER: Yes. Good morning, Judge.

JUDGE KUGLER: Good morning.

Is Judge Vanaskie back on the call yet?

JUDGE VANASKIE: Yes, I am on the call.

JUDGE KUGLER: Okay, great.

How is everybody doing?

MR. SLATER: Well, Your Honor. How are you?

MR. GOLDBERG: Good morning, Your Honor.

MS. LOCKARD: Good morning, Your Honor.

JUDGE KUGLER: Other than being a Philadelphia Eagles fan, I'm doing fine.

MR. SLATER: Some of us are in the same boat.

JUDGE KUGLER: There's always next year, right? Well, you Jets fans and people like that know what I'm talking about.

Anyway, I don't see there's a whole lot for me to do today.

There's three orders to show cause that were returnable in the Landau, Rice and Phillips cases, but those are resolved so we can dismiss those orders to show cause, correct?

MR. HARKINS: Good morning, Your Honor. This is Steve Harkins with Greenberg Traurig for the defendants.

That is correct, we can dismiss all three of the orders to show cause currently pending.

JUDGE KUGLER: Mr. Harkins, you are seeking an order to show cause in the Denton, Martinez and Johnston matters. Any update on those?

MR. HARKINS: No updates from the defense, Your Honor. We would request orders to show cause in those three cases returnable at the November CMC.

JUDGE KUGLER: Any response from any of the plaintiffs' counsel on these three?

MS. GOLDENBERG: Your Honor, this is Marlene Goldenberg on behalf of the plaintiffs. I don't know if the individual attorneys are on the call.

I'll just note that in the list of deficiencies that we received from defense counsel earlier in the week, we did notice that a number of them pertain to cases that were solely losartan or irbesartan cases, and we have tried to catch those between the individual plaintiff's counsel and defense counsel to make sure that those were taken off the list; and I'll just ask that defense counsel confirm that none of these three fall into that category. Beyond that, I don't have specific information on these three cases.

JUDGE KUGLER: Mr. Harkins.

MR. HARKINS: Your Honor, I can confirm for the three cases where we are requesting an order to show cause, none of

those fall in that category. We will certainly make sure to remove any offending cases from the first listings going forward.

JUDGE KUGLER: All right. Denton, Martinez and Johnston will be listed returnable at the next conference order to show cause why they should not be dismissed for failure to comply with discovery requirements.

And then there are 18 you seek a listing for, Mr. Harkins. Any update on those?

MR. HARKINS: No updates from the defendants on these 18. We would ask that they be carried forward to the next agenda.

JUDGE KUGLER: Any response from the plaintiffs' side on any of these 18? All we're doing is just re-listing them in a month.

(No response).

JUDGE KUGLER: Okay. Those 18, which are McLean, Louissaint, L-O-U-I-S-S-A-I-N-T, Bourne, B-O-U-R-N-E, hyphen Boateng, B-O-A-T-E-N-G, Hinrichs, H-I-N-R-I-C-H-S, Craigie, C-R-A-I-G-I-E, Cahall, C-A-H-A-L-L, another Johnston, Andre, A-N-D-R-E, Fatigato, F-A-T-I-G-A-T-O, Dickinson, Vaughn, Kelly, Chacon, C-H-A-C-O-N, Patrick, McVeigh, M-c-V-E-I-G-H, Jordan, Harris, Knowles, they will all be listed next time.

Is there anything else you need me to do today from any side?

MS. GOLDENBERG: Your Honor, this is Marlene Goldenberg for the plaintiffs.

I did want to flag for you, and believe David Rheingold is on the call this morning, he had the case that was dismissed I believe at the prior CMC, and there was that issue and you had indicated to him that he could file a motion if he believed that the issue had been cured.

To the best of my knowledge, his motion is on file. I think he's here and prepared to address it if you wanted to talk about it today.

JUDGE KUGLER: Okay. Which case is it?

MR. RHEINGOLD: This is David Rheingold, I'm appearing, and it's the Lloyd case.

JUDGE KUGLER: What's the plaintiff's first name?

MR. RHEINGOLD: Let me get that name. Thomas Lloyd.

JUDGE KUGLER: Who's the lead defendant in your case?

MR. RHEINGOLD: Mr. Harkins I've been talking with, with regard to the deficiency, most recently.

MR. HARKINS: Your Honor, this is Steve Harkins for the defendants.

We have reviewed the PFS that was submitted in connection with this motion. We can inform the Court that it's our position the fact sheet is now substantially complete and we have no opposition to the motion.

JUDGE KUGLER: All right. The order of dismissal will

be vacated. It will be reinstated.

MR. RHEINGOLD: Thank you. And I appreciate everyone's cooperation on this.

JUDGE KUGLER: Anything else you want to talk about today?

(No response).

JUDGE KUGLER: All right. Well, let me raise an issue, it's in the back of my mind. I don't want any response; I don't need any response. But we've all seen the J&J bankruptcy. It perhaps brought that MDL mass tort case to a halt. That seems to be in vogue these days in these mass tort cases, the defendants entering bankruptcy.

I don't have any inside information on our case, but I think it's not too early to start giving some thought to what might happen if one of the defendants in this case goes that route. So, anyway, we'll see what happens, hopefully.

And if there is nothing else, we'll talk to you in a month. Good luck. Thanks, everybody. Take care.

MR. HARKINS: Thank you.

MR. SLATER: Thank you, Your Honor.

(The proceedings concluded at 10:55 a.m.)

- - - - - - - - - - - - - - -

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/S/ Camille Pedano, CCR, RMR, CRR, CRC, RPR*
*Court Reporter/Transcriber*

*October 28, 2021*
*Date*

**/**

**/S** [1] - 34:4

**0**

**07068** [1] - 1:15
**08101** [1] - 1:8

**1**

**1** [1] - 23:18
**100** [1] - 2:3
**10017** [1] - 2:6
**103** [1] - 1:14
**10:00** [2] - 1:9, 3:3
**10:44** [1] - 29:1
**10:48** [1] - 29:1
**10:55** [1] - 33:21
**15** [1] - 6:15
**15th** [3] - 5:13, 6:18, 6:22
**17th** [1] - 2:9
**18** [4] - 31:8, 31:11, 31:14, 31:17
**18th** [2] - 11:17, 16:13
**19-md-02875-RBK-KMW** [1] - 1:4
**19103** [1] - 2:9
**19th** [2] - 10:12, 10:17
**1st** [5] - 14:21, 19:7, 19:9, 22:25

**2**

**200** [7] - 23:3, 23:14, 24:1, 27:3, 28:1, 28:4, 28:13
**2017** [1] - 20:22
**2021** [2] - 1:8, 34:6
**21-day** [1] - 18:9
**2150** [1] - 1:21
**23** [1] - 15:9
**2500** [1] - 2:13
**25th** [2] - 4:2, 16:13
**27** [2] - 1:8, 20:22
**28** [1] - 34:6
**28th** [2] - 14:16, 14:18
**29th** [3] - 2:6, 14:18, 18:11

**3**

**3** [1] - 2:3
**30** [2] - 2:9, 25:12
**30305** [1] - 2:14
**3333** [1] - 2:13
**3rd** [2] - 7:16, 14:23

**4**

**4** [1] - 2:3
**40** [4] - 23:2, 25:11, 26:10
**40-page** [1] - 26:18
**46** [1] - 17:17
**4th** [1] - 1:7

**5**

**50** [2] - 27:10, 28:4
**551** [1] - 2:6
**55402** [1] - 1:21
**5th** [2] - 2:6, 17:1

**6**

**609-774-1494** [1] - 1:24

**7**

**701** [1] - 1:18
**70130** [1] - 1:18
**702** [3] - 15:13, 22:23, 24:3
**78257** [1] - 2:3
**7th** [1] - 17:20

**8**

**800** [1] - 1:21
**8th** [1] - 17:21

**A**

**a.m** [4] - 3:4, 29:1, 33:21
**ability** [1] - 9:6
**able** [9] - 4:10, 7:14, 10:17, 11:6, 11:23, 12:8, 20:25, 25:6, 26:3
**above-entitled** [1] - 34:2
**accommodated** [1] - 6:20
**accompanying** [1] - 18:12
**accordingly** [1] - 28:4
**account** [1] - 21:21
**acknowledging** [1] - 9:16
**Actavis** [2] - 2:15, 2:15
**ACTION** [1] - 1:3
**Adam** [4] - 3:8, 4:14, 19:19, 21:19
**ADAM** [1] - 1:14
**addition** [1] - 11:3
**additional** [8] - 6:23, 13:11, 13:17, 23:5, 23:16, 24:3, 26:20, 27:2
**address** [9] - 7:8, 7:23, 9:20, 18:4, 19:17, 20:14, 20:16, 25:14, 32:9
**addressed** [2] - 19:24, 20:11
**addressing** [7] - 3:10, 8:22, 12:1, 14:2, 15:2, 18:17, 24:16
**adequate** [1] - 6:16
**adjust** [1] - 27:19
**adjustment** [1] - 20:12
**advance** [1] - 25:5
**advantage** [1] - 25:17
**affect** [1] - 8:8
**afternoon** [1] - 15:5
**agenda** [5] - 4:1, 9:22, 17:16, 20:17, 31:12
**aggregate** [1] - 28:12
**ago** [3] - 4:15, 22:17, 24:18
**agree** [7] - 9:2, 12:5, 13:6, 13:15, 21:2, 21:7, 23:15
**agreeable** [1] - 28:6
**agreed** [5] - 10:11, 12:14, 13:3, 13:5, 13:15
**agreed-upon** [1] - 12:14
**agreeing** [1] - 21:1
**agreement** [3] - 14:9, 21:12, 21:25
**agreements** [1] - 10:16
**ahead** [2] - 19:21, 21:17
**aided** [1] - 1:25
**allow** [1] - 23:10
**allowed** [1] - 27:10
**allowing** [2] - 6:8, 23:15
**ALSO** [1] - 2:17
**amend** [1] - 17:19
**amended** [2] - 14:20, 19:15
**Amended** [2] - 19:6, 20:8
**amicably** [1] - 12:7
**amount** [3] - 16:6, 27:3, 27:25
**Andre** [1] - 31:20
**ANDRE** [1] - 31:21
**Anna** [1] - 2:20
**answer** [4] - 7:18, 7:24, 8:10, 18:22
**anticipated** [4] - 10:10, 16:22, 19:12, 20:7
**Antonio** [1] - 2:3
**anyway** [2] - 29:19, 33:16
**appeal** [1] - 19:23
**appear** [2] - 4:17, 4:24
**appearing** [1] - 32:13
**append** [1] - 28:3
**applicable** [1] - 8:11
**applies** [1] - 18:1
**apply** [1] - 25:21
**appreciate** [3] - 28:1, 28:9, 33:2
**approach** [1] - 23:20
**appropriate** [1] - 4:25
**approval** [1] - 11:22
**argued** [1] - 13:6
**argument** [1] - 25:6
**assertion** [2] - 22:5, 22:9
**assume** [1] - 29:3
**assumption** [2] - 19:21, 20:1
**Astros** [1] - 9:17
**Atlanta** [3] - 2:14, 9:13, 9:14
**attendant** [1] - 8:3
**attention** [1] - 26:12
**attorneys** [1] - 30:13
**authorization** [1] - 8:13
**authorizations** [2] - 8:12, 9:5
**Avenue** [2] - 1:21, 2:6
**aware** [3] - 5:8, 14:13, 15:22
**awhile** [1] - 24:25

**B**

**back-half** [1] - 15:9
**back-to-back** [1] - 14:23
**background** [1] - 3:22
**bankruptcy** [2] - 33:10, 33:12
**based** [1] - 12:9
**basis** [2] - 17:6, 20:15
**becomes** [1] - 9:11
**behalf** [5] - 3:6, 8:24, 14:2, 20:21, 30:12
**bellwether** [7] - 9:21, 9:25, 10:3, 10:4, 13:4, 13:9, 13:22
**bellwethers** [1] - 10:6
**benefit** [3] - 12:18, 16:25, 18:9
**best** [1] - 32:8
**between** [2] - 13:13, 30:18
**beyond** [2] - 14:20, 30:21
**bit** [3] - 7:1, 14:24, 16:25
**blank** [2] - 8:10, 8:12
**blessing** [1] - 10:14
**Bloomberg** [1] - 2:20
**board** [1] - 25:8
**boat** [1] - 29:16
**Boateng** [1] - 31:19
**BOATENG** [1] - 31:19
**Boldt** [1] - 12:2
**BOLDT** [4] - 2:2, 12:2, 12:5, 12:23
**bone** [1] - 9:1
**Bourne** [1] - 31:18
**BOURNE** [1] - 31:18
**Braves** [1] - 9:19
**Bravos** [1] - 9:15
**Brief** [1] - 29:1
**brief** [15] - 20:20, 23:2, 23:6, 24:5, 24:10, 25:2, 25:3, 25:7, 26:8, 26:18, 27:8, 27:16, 27:21, 28:2, 28:10
**briefing** [7] - 15:11, 15:13, 23:3, 23:10, 23:14, 24:19, 26:4
**briefs** [22] - 23:6, 23:8, 23:11, 23:22, 23:23, 24:3, 24:11, 24:14, 24:22, 24:24, 25:21, 25:24, 26:1, 26:16, 26:22, 27:2, 27:4, 27:10, 27:20, 28:9, 28:13
**bring** [1] - 26:12
**brought** [1] - 33:10
**Building** [2] - 1:7, 2:3
**bump** [1] - 14:10
**BY** [9] - 1:14, 1:17, 1:17, 1:20, 2:2, 2:5, 2:8, 2:12, 2:13

**C**

**cadence** [1] - 16:6
**Cahall** [1] - 31:20
**CAHALL** [1] - 31:20
**calendar** [1] - 6:5
**Camden** [1] - 1:8
**Camille** [4] - 1:23, 29:3, 29:4, 34:4
**camillepedano@gmail.com** [1] - 1:23
**Camp** [1] - 1:18
**cannot** [3] - 11:3, 11:4, 20:13
**care** [2] - 11:2, 33:18
**carefully** [1] - 21:11
**carried** [1] - 31:11
**case** [10] - 10:8, 12:6, 32:4, 32:11, 32:13, 32:16, 33:10, 33:13, 33:15

**CASE** [1] - 1:5
**case-by-case-specific** [1] - 12:6
**cases** [15] - 7:19, 10:24, 11:1, 11:3, 11:9, 11:20, 13:12, 29:22, 30:7, 30:16, 30:17, 30:22, 30:25, 31:2, 33:12
**catch** [1] - 30:17
**category** [2] - 30:21, 31:1
**causation** [1] - 22:24
**CCR** [1] - 34:4
**cert** [4] - 15:12, 15:13, 15:18
**certain** [5] - 5:12, 18:23, 21:2, 21:3, 25:12
**certainly** [14] - 5:3, 6:23, 12:15, 13:11, 13:12, 16:23, 17:6, 17:9, 18:19, 21:25, 22:14, 25:23, 26:14, 31:1
**certification** [4] - 14:1, 14:22, 15:17, 16:9
**certify** [1] - 34:1
**Chacon** [1] - 31:22
**CHACON** [1] - 31:22
**challenges** [1] - 20:2
**challenging** [1] - 26:25
**chance** [3] - 14:8, 15:6, 20:14
**change** [2] - 25:4, 27:25
**Chen** [5] - 4:1, 4:4, 4:17, 4:19, 6:15
**China** [1] - 6:17
**Chinese** [4] - 4:3, 4:19, 4:20, 5:23
**choose** [1] - 28:3
**chosen** [1] - 23:23
**circumstances** [1] - 11:20
**CIVIL** [1] - 1:3
**clarification** [2] - 17:24, 27:24
**clarity** [1] - 14:19
**class** [9] - 7:10, 14:1, 14:22, 15:12, 15:13, 15:16, 15:18, 16:9
**clear** [3] - 13:14, 16:8, 27:14
**Clerk** [1] - 2:18
**client** [1] - 5:22
**close** [1] - 7:18
**closer** [2] - 19:14, 20:9
**CMC** [2] - 30:8, 32:5
**CMO** [2] - 15:9, 15:10
**Cohen** [1] - 1:7
**colleagues** [1] - 19:13
**coming** [1] - 9:16
**Commencing** [1] - 1:9
**comment** [1] - 19:10
**common** [4] - 23:7, 25:6, 25:25
**complaint** [2] - 19:15, 23:25
**Complaints** [3] - 17:19, 19:7, 20:8
**complaints** [1] - 14:20
**complete** [6] - 6:7, 8:1, 9:4, 9:9, 12:9, 32:23
**completed** [1] - 7:15
**completing** [1] - 12:13
**completion** [1] - 8:8
**comply** [2] - 20:3, 31:7
**computer** [2] - 1:25, 3:21
**computer-aided** [1] - 1:25
**concluded** [2] - 12:16, 33:21
**condition** [1] - 10:9
**conditions** [1] - 13:10
**confer** [7] - 12:14, 12:18, 17:3, 17:11, 19:13, 20:19, 21:6
**conference** [2] - 4:11, 31:5
**CONFERENCE** [1] - 1:5
**confidential** [3] - 21:3, 21:4, 21:9
**confidentiality** [3] - 20:18, 20:20, 21:6
**confirm** [4] - 11:15, 20:18, 30:20, 30:24
**confused** [1] - 9:22
**CONLEE** [1] - 1:17
**Conlee** [3] - 14:4, 16:16, 17:22
**connection** [1] - 32:22
**consent** [2] - 23:5, 26:13
**consider** [1] - 4:25
**considering** [1] - 6:24
**constructed** [1] - 27:20
**continue** [1] - 9:10
**Continued** [1] - 2:1
**convenience** [1] - 26:2
**conversation** [1] - 13:19
**Cooper** [1] - 1:7
**cooperation** [2] - 12:17, 33:3
**correct** [10] - 9:5, 13:5, 13:20, 16:10, 17:7, 17:16, 27:12, 29:23, 30:1, 34:1
**counsel** [11] - 3:14, 8:6, 22:3, 22:4, 25:11, 27:24, 30:10, 30:15, 30:18, 30:20
**count** [2] - 11:2, 11:14
**counterparts** [1] - 6:17
**couple** [3] - 8:17, 16:24, 17:15
**course** [3] - 10:24, 23:21, 26:22
**court** [2] - 4:18, 29:3
**COURT** [3] - 1:1, 12:4, 29:5
**Court** [12] - 1:23, 4:23, 6:10, 6:18, 9:10, 14:12, 22:16, 23:11, 24:13, 26:24, 32:22, 34:4
**Court's** [4] - 6:5, 10:14, 10:16, 16:4
**Courthouse** [1] - 1:7
**Courtroom** [1] - 2:19
**Craigie** [1] - 31:19
**CRAIGIE** [1] - 31:20
**Crawford** [1] - 10:24
**CRC** [1] - 34:4
**cross** [2] - 23:12, 24:11
**cross-reference** [1] - 24:11
**cross-referencing** [1] - 23:12
**CRR** [1] - 34:4
**cured** [1] - 32:7
**cutoff** [1] - 11:4

## D

**date** [3] - 5:12, 16:12, 20:5
**Date** [1] - 34:6
**dated** [1] - 17:20
**dates** [7] - 11:4, 11:16, 14:11, 14:23, 15:8, 16:24
**Daubert** [5] - 14:21, 15:13, 23:23, 24:20, 24:22
**David** [4] - 7:22, 18:20, 32:3, 32:12
**DAVID** [2] - 1:17, 2:5
**DAVIS** [1] - 2:12
**days** [3] - 25:3, 26:4, 33:11
**deadline** [20] - 4:16, 5:19, 6:19, 6:20, 6:25, 7:15, 10:8, 10:13, 11:1, 11:7, 14:1, 15:11, 16:9, 16:13, 17:1, 17:25, 18:10, 19:6, 19:9, 26:5
**deadlines** [10] - 6:12, 15:10, 15:11, 15:20, 16:2, 16:5, 16:10, 17:5, 17:8, 17:10
**dealing** [4] - 6:1, 8:5, 17:18, 20:22
**deals** [1] - 13:25
**December** [6] - 5:3, 5:13, 6:15, 6:18, 6:22, 7:16
**decide** [2] - 12:20, 23:21
**decided** [1] - 24:4
**decision** [3] - 4:21, 13:19, 18:18
**defendant** [1] - 32:16
**Defendants** [2] - 2:10, 2:14
**defendants** [16] - 8:18, 8:25, 13:5, 13:9, 14:7, 15:6, 15:16, 16:25, 19:2, 22:23, 22:25, 29:25, 31:10, 32:20, 33:12, 33:15
**defense** [27] - 3:12, 3:14, 4:3, 4:5, 5:9, 8:6, 8:22, 8:24, 9:24, 10:2, 15:2, 15:4, 18:5, 18:24, 19:10, 21:22, 22:10, 24:18, 25:4, 25:25, 27:24, 28:18, 30:6, 30:15, 30:18, 30:20
**deficiencies** [3] - 8:5, 8:7, 30:14
**deficiency** [1] - 32:18
**denial** [1] - 7:2
**Denton** [2] - 30:4, 31:4
**denying** [1] - 4:3
**depose** [1] - 5:11
**deposed** [3] - 5:2, 8:20, 11:6
**deposition** [19] - 3:25, 4:1, 4:5, 4:15, 4:16, 4:24, 5:19, 6:5, 6:14, 6:18, 6:22, 7:6, 8:9, 9:7, 10:7, 10:12, 11:1, 11:4, 11:15
**depositions** [14] - 7:15, 7:19, 8:1, 8:16, 9:21, 9:23, 9:25, 10:3, 12:13, 12:20, 13:4, 13:11, 13:16, 13:22
**Deputy** [1] - 2:19
**designations** [2] - 20:20, 21:6
**determination** [1] - 23:22
**Dickinson** [1] - 31:21
**different** [4] - 23:24, 24:14, 25:12
**diligently** [1] - 12:16
**directive** [1] - 21:5
**disagrees** [1] - 19:25
**disappointed** [1] - 9:19
**discovery** [3] - 6:6, 6:7, 31:7
**discrepancy** [1] - 14:17
**discuss** [2] - 3:25, 24:19
**discussing** [1] - 15:7
**discussion** [7] - 13:3, 22:8, 23:7, 23:9, 25:7, 26:19
**discussions** [2] - 10:10, 21:14
**dismiss** [2] - 29:23, 30:1
**dismissal** [1] - 32:25
**dismissed** [2] - 31:6, 32:4
**District** [2] - 3:2, 4:23
**DISTRICT** [3] - 1:1, 1:1, 1:10
**docketed** [1] - 17:20
**doctors** [1] - 12:10
**documents** [1] - 8:3
**Dominion** [1] - 2:3
**done** [10] - 5:13, 9:10, 12:17, 19:9, 20:4, 21:10, 23:18, 25:16, 26:11
**Drive** [1] - 2:3
**drop** [1] - 15:20
**dropped** [1] - 24:21
**DUANE** [1] - 2:8
**due** [8] - 14:15, 14:20, 14:21, 14:22, 20:21, 22:25, 25:3, 26:4
**during** [1] - 3:6

## E

**Eagles** [1] - 29:14
**early** [2] - 15:19, 33:14
**Edney** [1] - 2:20
**effect** [1] - 7:7
**efficient** [1] - 26:24

**eight** [1] - 24:23
**Eisenhower** [1] - 1:14
**either** [2] - 4:24, 10:4
**email** [1] - 20:22
**end** [4] - 12:9, 12:13, 13:16, 16:12
**engineer** [1] - 25:10
**entered** [1] - 12:21
**entering** [1] - 33:12
**entire** [1] - 15:9
**entitled** [1] - 34:2
**equitable** [2] - 25:16, 26:3
**ESQUIRE** [9] - 1:14, 1:17, 1:17, 1:20, 2:2, 2:8, 2:12, 2:13, 2:18
**estate** [1] - 10:10
**estimation** [1] - 23:12
**evening** [1] - 4:8
**event** [1] - 25:13
**exceed** [2] - 26:18, 28:13
**exclude** [1] - 22:23
**expanded** [7] - 23:6, 23:9, 24:10, 24:11, 26:17, 27:8, 27:16
**expect** [2] - 19:1, 19:3
**expert** [5] - 6:7, 15:12, 24:7, 25:2, 25:14
**experts** [4] - 22:24, 23:1, 24:23, 24:24
**extend** [1] - 27:20
**extending** [1] - 28:9
**extent** [2] - 16:23, 19:23
**extenuating** [1] - 11:20
**extra** [1] - 28:3

### F

**facing** [1] - 17:9
**Fact** [3] - 7:12, 7:13, 9:4
**fact** [6] - 6:6, 7:25, 8:3, 26:16, 32:23
**facts** [6] - 23:7, 23:9, 24:10, 24:12, 24:13, 26:17
**factual** [1] - 25:7
**failure** [1] - 31:6
**fair** [1] - 18:8
**fairly** [1] - 19:6
**faith** [1] - 16:1
**fall** [2] - 30:20, 31:1
**fan** [2] - 9:18, 29:15
**fans** [2] - 9:17, 29:18
**fast** [1] - 8:15
**Fatigato** [1] - 31:21
**FATIGATO** [1] - 31:21
**fault** [1] - 11:18
**favorable** [1] - 25:5
**February** [2] - 15:8, 16:3
**federal** [1] - 6:1
**Federal** [1] - 4:22
**felt** [1] - 23:19
**few** [4] - 5:4, 5:20, 26:20, 28:22
**Fields** [1] - 11:9
**figure** [1] - 8:19
**figured** [1] - 20:3
**file** [12] - 14:14, 19:22, 20:1, 20:3, 23:11, 23:21, 23:23, 25:2, 26:16, 32:6, 32:8
**filed** [8] - 14:18, 16:21, 19:7, 19:8, 20:2, 20:12, 20:13, 23:18
**filing** [9] - 18:2, 18:10, 18:14, 19:2, 19:3, 19:14, 22:23, 22:25, 24:22
**finalizing** [2] - 20:9, 26:21
**fine** [1] - 29:15
**first** [7] - 3:25, 10:2, 18:16, 19:10, 21:18, 31:2, 32:14
**fit** [3] - 25:24, 26:1
**five** [3] - 22:25, 24:13, 27:4
**fix** [1] - 8:11
**flag** [2] - 9:3, 32:3
**Floor** [1] - 2:6
**follow** [1] - 3:19
**followed** [1] - 3:20
**font** [3] - 25:12, 25:13, 26:10
**FOR** [1] - 1:1
**foregoing** [1] - 34:1
**format** [1] - 26:8
**formatting** [1] - 26:9
**forth** [1] - 25:22
**forthwith** [1] - 4:24
**forward** [6] - 7:13, 11:22, 12:17, 21:22, 31:3, 31:11
**fought** [1] - 15:18
**four** [1] - 28:8
**frankly** [1] - 4:22
**FREEMAN** [1] - 1:13
**Friday** [5] - 17:25, 18:8, 18:11, 19:8, 20:21
**front** [1] - 15:18
**full** [1] - 18:9
**fully** [3] - 14:24, 15:6, 21:24

### G

**Garcia** [1] - 10:24
**general** [1] - 22:24
**Georgia** [1] - 2:14
**GIUFFRA** [1] - 2:5
**given** [1] - 14:23
**goal** [1] - 9:9
**Goldberg** [15] - 3:13, 3:17, 4:7, 5:16, 5:17, 6:21, 18:25, 19:11, 22:13, 22:21, 24:4, 26:6, 28:5, 28:6, 28:12
**GOLDBERG** [20] - 2:8, 3:13, 3:18, 4:8, 5:15, 5:18, 19:1, 19:11, 21:16, 22:11, 22:13, 22:22, 24:6, 26:6, 27:12, 28:7, 28:14, 28:18, 28:24, 29:12
**Goldenberg** [2] - 30:12, 32:2
**GOLDENBERG** [4] - 1:20, 1:20, 30:11, 32:1
**Goldenberg's** [1] - 11:1
**good-faith** [1] - 16:1
**government** [7] - 4:3, 4:20, 5:23, 5:24, 5:25, 6:1
**government's** [1] - 4:21
**grant** [5] - 6:14, 24:2, 26:14, 27:1, 27:6
**granted** [2] - 10:25, 27:21
**grants** [2] - 27:7, 27:15
**great** [3] - 3:11, 21:12, 29:9
**Greenberg** [2] - 8:24, 29:25
**GREENBERG** [1] - 2:12
**GUERRA** [1] - 2:2
**guess** [2] - 14:18, 28:1
**guidance** [1] - 21:25
**guided** [1] - 17:4
**gun** [1] - 22:17

### H

**half** [1] - 15:9
**halt** [1] - 33:11
**handful** [1] - 12:6
**hang** [1] - 28:21
**Hanna** [1] - 11:9
**happy** [1] - 9:13
**Harkins** [6] - 29:25, 30:3, 30:23, 31:9, 32:17, 32:19
**HARKINS** [7] - 2:13, 29:24, 30:6, 30:24, 31:10, 32:19, 33:19
**Harris** [1] - 31:23
**health** [1] - 22:6
**Healthcare** [1] - 2:10
**hear** [6] - 14:10, 20:6, 21:17, 22:10, 22:14, 24:13
**heard** [1] - 4:13
**hearing** [3] - 12:10, 18:7, 25:23
**Hecht** [2] - 24:8, 28:2
**HECHT** [1] - 24:8
**held** [1] - 3:1
**hello** [1] - 3:8
**helpful** [2] - 6:13, 9:24
**hi** [1] - 8:23
**Hinrichs** [1] - 31:19
**HINRICHS** [1] - 31:19
**Honik** [1] - 15:18
**Honor** [56] - 3:8, 3:13, 4:8, 4:14, 4:15, 5:5, 5:9, 5:15, 5:19, 7:17, 7:22, 7:24, 10:25, 12:2, 12:5, 12:23, 12:24, 14:4, 14:7, 15:3, 16:12, 17:13, 17:22, 18:20, 19:1, 19:11, 19:19, 19:22, 21:16, 21:19, 21:21, 22:11, 22:12, 22:13, 22:14, 22:19, 22:22, 24:2, 24:17, 26:6, 26:14, 27:1, 27:12, 28:7, 28:9, 28:14, 29:11, 29:12, 29:13, 29:24, 30:6, 30:11, 30:24, 32:1, 32:19, 33:20
**Honor's** [1] - 5:8
**HONORABLE** [2] - 1:10, 1:11
**Honorable** [3] - 2:18, 3:1, 3:3
**hope** [2] - 4:10, 22:7
**hopefully** [3] - 6:10, 6:20, 33:16
**hoping** [1] - 22:2
**Huahai** [1] - 2:11
**hyphen** [1] - 31:18

### I

**identified** [1] - 9:25
**imagine** [1] - 16:24
**immediate** [1] - 17:10
**immediately** [1] - 8:6
**impact** [1] - 9:6
**implemented** [1] - 17:17
**important** [3] - 5:20, 6:24, 22:5
**imposed** [1] - 27:17
**IN** [1] - 1:4
**Inc** [2] - 2:15, 2:15
**inclined** [1] - 16:4
**including** [1] - 9:5
**incomplete** [1] - 7:12
**incorporate** [1] - 23:8
**independent** [1] - 23:22
**indicated** [3] - 4:2, 4:9, 32:6
**individual** [3] - 12:10, 30:13, 30:18
**Industries** [1] - 2:14
**inform** [2] - 18:14, 32:22
**information** [5] - 6:11, 7:25, 11:7, 30:22, 33:13
**informed** [1] - 4:3
**initiated** [1] - 13:3
**inside** [1] - 33:13
**instead** [1] - 16:13
**intend** [1] - 13:16
**intervening** [1] - 17:8
**involve** [1] - 22:6
**irbesartan** [1] - 30:17
**issue** [22] - 4:21, 5:19, 5:23, 5:24, 6:9, 6:21, 7:7, 7:23, 8:22, 9:3, 13:25, 14:2, 15:2, 17:12, 19:14, 22:18, 22:20, 24:20, 24:21, 32:5, 32:7, 33:8
**issued** [2] - 15:9, 20:17
**issues** [6] - 3:10, 12:6, 20:25, 21:2, 22:15, 24:8
**item** [3] - 3:25, 7:8, 9:20
**items** [2] - 21:2, 21:3

### J

**J&J** [1] - 33:9
**January** [1] - 17:1
**jars** [1] - 16:23
**JERSEY** [1] - 1:1
**Jersey** [2] - 1:8, 1:15
**Jets** [1] - 29:18
**Johnston** [3] - 30:4, 31:5, 31:20
**Jordan** [1] - 31:22
**Judge** [21] - 3:2, 8:20, 8:23, 12:22, 13:6, 13:8, 13:19, 15:8,

15:22, 16:7, 17:3, 17:11, 19:23, 20:11, 20:13, 27:23, 28:16, 28:21, 29:2, 29:5, 29:7
**JUDGE** [62] - 1:10, 3:5, 3:11, 3:16, 3:19, 4:12, 5:17, 6:12, 7:21, 8:21, 9:12, 9:18, 10:18, 10:21, 11:10, 11:12, 11:25, 12:12, 13:18, 13:25, 14:6, 15:1, 16:8, 16:15, 17:2, 17:14, 17:24, 18:4, 18:7, 18:24, 19:5, 19:16, 20:6, 21:17, 22:2, 22:20, 24:4, 24:15, 27:5, 27:13, 28:6, 28:11, 28:15, 28:20, 29:2, 29:6, 29:8, 29:9, 29:14, 29:17, 30:3, 30:9, 30:23, 31:4, 31:13, 31:17, 32:11, 32:14, 32:16, 32:25, 33:4, 33:7
**judgment** [1] - 17:4
**Judicial** [1] - 2:18
**July** [1] - 20:22
**jumped** [1] - 22:17

### K

**KANNER** [1] - 1:16
**KATZ** [1] - 1:13
**keep** [2] - 15:18, 16:6
**Kelly** [1] - 31:21
**kind** [2] - 6:25, 12:9
**knocked** [1] - 11:23
**knowing** [1] - 27:2
**knowledge** [2] - 10:16, 32:8
**Knowles** [1] - 31:23
**Kong** [1] - 5:7
**KUGLER** [18] - 1:10, 29:2, 29:6, 29:9, 29:14, 29:17, 30:3, 30:9, 30:23, 31:4, 31:13, 31:17, 32:11, 32:14, 32:16, 32:25, 33:4, 33:7
**Kugler** [15] - 2:18, 3:2, 13:6, 13:8, 13:19, 15:9, 15:22, 16:7, 17:3, 17:11, 19:23, 20:14, 28:17, 28:21, 29:2
**Kugler's** [1] - 20:11

### L

**Landau** [1] - 29:22
**larry** [1] - 2:19
**Lasalle** [1] - 1:21
**last** [1] - 16:13
**late** [3] - 23:17, 25:9, 27:19
**LAW** [1] - 1:20
**law** [6] - 23:7, 23:10, 24:10, 24:12, 24:13, 26:17
**Law** [1] - 2:18
**lawyers** [1] - 15:24
**lead** [2] - 3:12, 32:16
**least** [1] - 11:16
**leave** [3] - 10:25, 13:21, 17:19
**left** [1] - 8:10
**legal** [1] - 25:6
**length** [1] - 27:21
**less** [2] - 23:13, 24:1
**letter** [2] - 4:9, 9:24
**letters** [3] - 4:2, 9:22, 20:17
**levels** [1] - 5:24
**LIABILITY** [1] - 1:4
**likelihood** [1] - 26:17
**likely** [2] - 23:13, 24:7
**limit** [3] - 25:22, 26:10, 26:18
**limitation** [1] - 27:16
**limited** [1] - 25:22
**limits** [3] - 23:24, 27:17, 28:8
**lined** [1] - 15:24
**list** [2] - 30:14, 30:19
**listed** [2] - 31:5, 31:23
**listing** [2] - 31:8, 31:14
**listings** [1] - 31:2
**LITIGATION** [1] - 1:4
**LLC** [5] - 1:13, 1:16, 1:20, 2:10, 2:15
**Lloyd** [2] - 32:13, 32:15
**LLP** [4] - 2:2, 2:5, 2:8, 2:12
**local** [3] - 5:24, 6:1, 25:22
**LOCKARD** [14] - 2:12, 8:23, 9:15, 10:5, 10:19, 10:23, 11:11, 11:13, 12:22, 12:24, 13:24, 15:3, 22:12, 29:13
**Lockard** [6] - 8:23, 10:5, 12:5, 12:25, 15:3, 16:18
**look** [1] - 21:22
**looks** [2] - 3:23, 12:8
**LORETTA** [1] - 2:18
**losartan** [1] - 30:17
**Louisiana** [1] - 1:18
**Louissaint** [1] - 31:18
**LOUISSAINT** [1] - 31:18
**Ltd** [2] - 2:11, 2:14
**luck** [1] - 33:18

### M

**Macao** [1] - 4:4
**MacStravic** [1] - 2:19
**Maggie** [1] - 5:7
**maintained** [2] - 21:3, 21:4
**MANAGEMENT** [1] - 1:5
**Marlene** [3] - 11:1, 30:11, 32:1
**MARLENE** [1] - 1:20
**Martinez** [2] - 30:4, 31:4
**mass** [2] - 33:10, 33:11
**MASTER** [1] - 1:11
**Master** [6] - 3:3, 17:17, 17:19, 19:7, 20:8, 20:17
**materially** [1] - 8:1
**matter** [8] - 4:6, 6:25, 12:1, 13:20, 20:14, 22:6, 26:2, 34:2
**matters** [3] - 6:13, 12:16, 30:4
**MAZIE** [1] - 1:13
**McLean** [1] - 31:17
**McVeigh** [1] - 31:22
**MCVEIGH** [1] - 31:22
**MDL** [1] - 33:10
**mean** [3] - 14:12, 15:21, 25:20
**meander** [1] - 7:1
**meaningful** [2] - 22:7, 22:8
**mechanical** [1] - 1:25
**medical** [1] - 10:9
**meet** [2] - 20:19, 21:5
**Mets** [1] - 9:17
**middle** [1] - 5:3
**might** [1] - 33:15
**mind** [2] - 21:13, 33:8
**Minneapolis** [1] - 1:21
**Minnesota** [1] - 1:21
**minutes** [1] - 28:22
**Mitchell** [1] - 1:7
**modification** [3] - 14:15, 18:11, 25:18
**modifications** [2] - 14:13, 18:15
**modified** [1] - 20:4
**modify** [1] - 26:4
**moment** [1] - 4:22
**Monday** [2] - 4:8, 19:8
**month** [4] - 6:10, 11:24, 31:15, 33:18
**morning** [10] - 3:16, 3:18, 7:22, 29:2, 29:5, 29:6, 29:12, 29:13, 29:24, 32:4
**MORRIS** [1] - 2:8
**most** [3] - 8:16, 20:7, 32:18
**motion** [8] - 14:22, 16:9, 17:18, 19:15, 32:6, 32:8, 32:22, 32:24
**motions** [7] - 4:25, 5:6, 14:21, 15:13, 22:23, 22:24, 23:1
**move** [6] - 7:3, 11:22, 15:20, 16:2, 16:9, 16:10
**moved** [3] - 7:13, 15:22, 16:25
**moving** [6] - 6:13, 12:17, 14:1, 14:25, 17:4, 17:7
**MR** [43] - 3:8, 3:13, 3:18, 4:8, 4:14, 5:15, 5:18, 7:17, 7:22, 18:20, 19:1, 19:11, 19:19, 21:16, 21:19, 22:11, 22:13, 22:22, 24:6, 24:17, 26:6, 27:12, 27:23, 28:7, 28:14, 28:18, 28:19, 28:24, 28:25, 29:11, 29:12, 29:16, 29:24, 30:6, 30:24, 31:10, 32:12, 32:15, 32:17, 32:19, 33:2, 33:19, 33:20
**MS** [25] - 8:23, 9:15, 10:5, 10:19, 10:23, 11:11, 11:13, 12:2, 12:5, 12:22, 12:23, 12:24, 13:24, 14:4, 14:7, 15:3, 16:12, 16:16, 17:13, 17:22, 18:1, 22:12, 29:13, 30:11, 32:1
**multiple** [2] - 3:9, 5:23
**must** [1] - 5:12
**mute** [1] - 3:21

### N

**N/A** [1] - 8:10
**name** [4] - 9:25, 24:8, 32:14, 32:15
**named** [3] - 7:9, 8:4
**national** [1] - 5:25
**navigate** [1] - 6:8
**NE** [1] - 2:13
**necessarily** [2] - 9:1, 11:18
**need** [13] - 6:23, 7:3, 9:23, 10:1, 11:15, 13:5, 15:22, 16:5, 25:15, 26:1, 26:19, 31:24, 33:9
**needed** [1] - 20:4
**needs** [2] - 4:24, 26:9
**never** [1] - 5:8
**new** [1] - 8:4
**NEW** [1] - 1:1
**New** [5] - 1:8, 1:15, 1:18, 2:6
**newly** [2] - 7:9
**News** [1] - 2:20
**next** [14] - 4:10, 4:18, 5:14, 6:10, 7:7, 7:8, 9:20, 11:4, 11:24, 13:25, 29:17, 31:5, 31:11, 31:23
**nice** [1] - 25:8
**nicely** [1] - 24:10
**nine** [3] - 15:10, 15:11, 16:5
**noise** [1] - 3:22
**none** [2] - 30:20, 30:25
**nonmaterial** [1] - 8:8
**note** [1] - 30:14
**nothing** [6] - 4:20, 6:4, 7:3, 28:18, 28:19, 33:17
**notice** [2] - 25:17, 30:16
**November** [14] - 10:12, 11:13, 11:17, 11:22, 12:9, 12:14, 14:21, 14:22, 19:7, 19:9, 22:25, 23:18, 30:8
**NUMBER** [1] - 1:3
**number** [4] - 8:7, 24:1, 28:13, 30:16

### O

**objection** [1] - 28:7
**objections** [4] - 18:10, 18:15, 19:8, 20:10
**obligated** [1] - 18:13
**obviously** [2] - 21:21, 24:24
**occur** [1] - 20:13
**Ochs** [2] - 10:8, 11:8
**OCHS** [1] - 11:9
**October** [6] - 1:8, 4:2,

17:20, 17:21, 18:11, 34:6
**OF** [1] - 1:1
**offending** [1] - 31:2
**Official** [1] - 1:23
**one** [25] - 5:22, 10:6, 11:7, 11:16, 14:11, 15:10, 16:9, 16:10, 17:5, 21:10, 22:18, 23:1, 23:5, 24:3, 24:23, 25:7, 26:8, 27:2, 27:10, 27:16, 27:21, 27:24, 28:3, 28:10, 33:15
**ones** [1] - 13:17
**open** [2] - 6:23, 21:13
**opposition** [1] - 32:24
**optimistic** [1] - 21:24
**options** [1] - 4:25
**Order** [2] - 17:17, 20:17
**order** [24] - 4:19, 5:1, 5:2, 6:22, 7:7, 12:12, 12:14, 12:19, 14:17, 16:6, 17:12, 18:11, 18:15, 26:19, 27:7, 27:14, 27:15, 28:2, 28:11, 30:3, 30:25, 31:5, 32:25
**ordered** [6] - 4:15, 5:12, 6:18, 13:8, 16:7, 19:22
**orders** [5] - 4:23, 29:21, 29:23, 30:1, 30:7
**organized** [2] - 14:24, 26:23
**Orleans** [1] - 1:18
**outside** [1] - 10:25
**outstanding** [1] - 10:8
**own** [2] - 8:13, 26:2

**P**

**page** [6] - 18:3, 23:24, 25:22, 26:10, 27:17, 28:8
**pages** [27] - 23:2, 23:3, 23:5, 23:14, 23:16, 23:25, 24:1, 24:3, 25:11, 25:12, 25:13, 25:15, 25:25, 26:10, 26:13, 26:20, 27:2, 27:3, 27:8, 27:11, 27:21, 27:25, 28:1, 28:3, 28:10, 28:13
**Paige** [1] - 12:2
**PAIGE** [1] - 2:2
**paradigm** [1] - 25:4
**PARALEGAL** [1] - 2:5
**Parkway** [1] - 1:14
**part** [5] - 4:19, 7:6, 19:2, 20:11, 20:16
**particularly** [1] - 16:25
**parties** [12] - 6:8, 8:19, 9:2, 11:18, 12:7, 13:3, 13:8, 14:19, 18:3, 20:22, 23:20, 23:21
**party** [2] - 14:14, 18:1
**past** [1] - 10:15
**Patrick** [1] - 31:22
**Pedano** [2] - 1:23, 34:4
**peek** [1] - 21:11
**pending** [1] - 30:2
**Pennsylvania** [1] - 2:9
**people** [3] - 3:9, 8:20, 29:18
**per** [3] - 13:9, 13:22, 23:2
**perhaps** [1] - 33:10
**period** [2] - 16:21, 18:9
**permission** [3] - 4:4, 7:2, 12:15
**permit** [1] - 4:21
**permitted** [1] - 27:4
**person** [1] - 5:11
**perspective** [2] - 18:16, 22:3
**pertain** [1] - 30:16
**PFS** [1] - 32:21
**Pharma** [1] - 2:15
**Pharmaceutical** [1] - 2:14
**Pharmaceuticals** [3] - 2:10, 2:11, 2:15
**Philadelphia** [2] - 2:9, 29:14
**Phillies** [1] - 9:18
**Phillips** [1] - 29:22
**phone** [2] - 3:21, 28:17
**physician** [1] - 13:21
**physicians** [2] - 10:4, 11:3
**pick** [1] - 9:1
**pieces** [1] - 14:25
**Piedmont** [1] - 2:13
**place** [6] - 6:19, 10:7, 15:8, 16:2, 17:3, 28:21
**Plaintiff** [1] - 9:4
**plaintiff** [6] - 9:25, 10:6, 10:9, 13:4, 13:9, 13:22
**plaintiff's** [2] - 30:18, 32:14
**Plaintiffs** [5] - 1:15, 1:19, 1:22, 2:4, 2:7
**plaintiffs** [32] - 3:6, 3:9, 4:12, 6:3, 7:6, 7:20, 7:23, 8:4, 9:2, 9:6, 9:21, 10:4, 10:11, 11:7, 12:1, 12:3, 13:10, 14:3, 14:23, 15:17, 15:20, 18:17, 18:21, 21:18, 22:15, 23:4, 23:15, 26:11, 26:25, 28:19, 30:12, 32:2
**Plaintiffs'** [2] - 7:12, 7:13
**plaintiffs'** [12] - 6:14, 7:10, 13:2, 18:16, 20:9, 20:10, 22:2, 22:3, 22:4, 22:24, 30:10, 31:13
**planning** [1] - 18:14
**plans** [1] - 14:14
**pleadings** [1] - 20:9
**plenty** [1] - 5:6
**PLOTKIN** [1] - 2:5
**point** [5] - 17:7, 20:24, 25:19, 26:4, 26:21
**pointed** [1] - 25:11
**position** [5] - 15:7, 15:21, 18:18, 25:18, 32:23
**positions** [1] - 21:23
**practices** [1] - 11:21
**prejudice** [3] - 6:3, 6:8, 16:24
**prepared** [2] - 19:17, 32:9
**PRESENT** [1] - 2:17
**present** [1] - 13:16
**presented** [1] - 16:1
**preventing** [1] - 11:21
**previously** [1] - 10:25
**Prinston** [1] - 2:10
**problem** [4] - 8:16, 9:11, 10:13, 10:17
**proceed** [4] - 10:17, 13:8, 13:23, 20:14
**proceeding** [1] - 4:23
**proceedings** [2] - 33:21, 34:2
**PROCEEDINGS** [1] - 3:1
**Proceedings** [1] - 1:25
**produced** [3] - 1:25, 5:10, 5:13
**production** [1] - 5:7
**PRODUCTS** [1] - 1:4
**promptly** [2] - 12:21, 17:12
**proposed** [3] - 23:4, 27:7, 27:14
**protection** [1] - 12:19
**protocol** [1] - 3:20
**provide** [5] - 4:10, 6:9, 11:4, 11:16, 27:15
**provided** [1] - 7:25
**provider** [1] - 8:12
**public** [1] - 22:6
**purposes** [1] - 4:4
**pursuant** [2] - 25:1
**pursuing** [1] - 4:6
**push** [2] - 15:16
**pushed** [1] - 16:5
**put** [3] - 21:9, 24:9, 25:6

**Q**

**quite** [1] - 24:25

**R**

**raise** [3] - 17:16, 22:18, 33:7
**raised** [1] - 26:23
**Ramirez** [1] - 11:9
**rather** [1] - 24:13
**RE** [1] - 1:4
**re** [2] - 25:10, 31:14
**re-engineer** [1] - 25:10
**re-listing** [1] - 31:14
**reach** [3] - 8:6, 21:25, 27:10
**reached** [1] - 24:18
**reaching** [1] - 10:15
**read** [1] - 9:22
**really** [7] - 8:10, 16:23, 19:12, 19:14, 21:7, 23:22, 26:25
**reason** [5] - 4:17, 14:12, 15:17, 16:2, 19:5
**received** [3] - 4:2, 15:5, 30:15
**recently** [1] - 32:18
**recess** [1] - 29:1
**recommendation** [2] - 14:14, 19:3
**recommendations** [1] - 17:18
**record** [7] - 5:9, 13:5, 13:14, 13:22, 19:20, 27:14, 34:2
**recorded** [1] - 1:25
**records** [2] - 8:18, 9:6
**refer** [1] - 23:9
**reference** [2] - 23:9, 24:11
**referencing** [1] - 23:12
**regard** [2] - 18:3, 32:18
**regardless** [1] - 20:2
**reinstated** [1] - 33:1
**rejected** [1] - 15:17
**rejoin** [1] - 28:22
**related** [3] - 16:13, 24:7, 24:8
**relief** [1] - 16:4
**relieved** [1] - 20:6
**rely** [1] - 22:4
**remain** [1] - 27:17
**remaining** [2] - 11:14, 11:15
**remove** [1] - 31:2
**repeat** [1] - 25:7
**report** [7] - 6:17, 14:14, 17:18, 18:12, 18:15, 19:3, 24:9
**Reporter** [2] - 1:23, 2:20
**reporter** [1] - 29:3
**REPORTER** [1] - 29:5
**Reporter/ Transcriber** [1] - 34:4
**reports** [1] - 15:12
**representative** [1] - 10:11
**representatives** [1] - 7:10
**represented** [1] - 28:5
**request** [22] - 5:18, 5:21, 6:14, 6:24, 7:5, 13:11, 14:10, 14:15, 15:5, 16:8, 20:18, 23:17, 24:2, 26:14, 26:19, 27:1, 27:6, 27:7, 27:9, 27:15, 27:22, 30:7
**requested** [1] - 23:4
**requesting** [1] - 30:25
**requests** [1] - 23:24
**require** [1] - 12:12
**required** [1] - 8:11
**requirements** [1] - 31:7
**requires** [2] - 6:5, 8:12
**resolve** [4] - 12:7, 20:25, 21:8, 22:15
**resolved** [1] - 29:22
**resources** [1] - 15:23
**respect** [7] - 5:20, 10:3, 12:13, 19:9, 20:18, 20:19, 21:6
**respectfully** [1] - 5:18
**respects** [1] - 27:17
**respond** [1] - 14:8
**responding** [1] - 16:17
**response** [6] - 13:2, 21:20, 30:9, 31:13,

33:8, 33:9
**response)** [3] - 18:6, 31:16, 33:6
**result** [1] - 17:8
**RET** [1] - 1:11
**Ret** [1] - 3:3
**returnable** [3] - 29:21, 30:8, 31:5
**reviewed** [1] - 32:21
**Rheingold** [2] - 32:3, 32:12
**RHEINGOLD** [6] - 2:5, 2:5, 32:12, 32:15, 32:17, 33:2
**Rice** [1] - 29:22
**RMR** [1] - 34:4
**Road** [1] - 2:13
**ROBERT** [1] - 1:10
**Robert** [2] - 2:18, 3:2
**room** [1] - 25:24
**Roseland** [1] - 1:15
**route** [1] - 33:16
**RPR** [1] - 34:4
**RUFFO** [1] - 2:5
**rule** [2] - 25:22, 26:8
**Rule** [2] - 22:23, 24:3
**rules** [6] - 4:23, 23:2, 25:1, 25:21, 25:23, 26:5
**rulings** [2] - 17:8, 20:11

### S

**safety** [1] - 22:6
**San** [1] - 2:3
**schedule** [6] - 14:13, 15:10, 15:15, 16:19, 16:23, 17:3
**scheduled** [6] - 8:2, 8:17, 10:7, 10:12, 11:5, 11:19
**schedules** [1] - 12:11
**scheduling** [2] - 4:1, 11:20
**second** [1] - 22:17
**section** [3] - 24:10, 24:12, 26:17
**see** [5] - 21:7, 23:25, 26:25, 29:19, 33:16
**seeing** [1] - 21:22
**seek** [3] - 13:21, 18:11, 31:8
**seeking** [2] - 15:12, 30:3
**seem** [1] - 15:25
**send** [1] - 28:12
**sense** [2] - 20:8, 24:12
**separate** [2] - 23:1, 25:2
**seriously** [1] - 21:7
**set** [6] - 6:25, 7:15, 11:13, 17:3, 19:6, 25:22
**Seth** [5] - 3:13, 5:15, 19:11, 22:13, 26:6
**SETH** [1] - 2:8
**setting** [1] - 6:12
**seven** [1] - 16:21
**seven-day** [1] - 16:21
**sheet** [2] - 7:25, 32:23
**Sheets** [3] - 7:12, 7:14, 9:5
**sheets** [1] - 8:3
**short** [1] - 7:24
**shorter** [1] - 23:11
**shortly** [2] - 5:3, 10:12
**show** [7] - 29:21, 29:23, 30:2, 30:4, 30:7, 30:25, 31:6
**showing** [1] - 25:14
**side** [8] - 7:18, 10:15, 18:24, 19:17, 19:25, 20:10, 31:13, 31:25
**side's** [1] - 26:8
**sides** [4] - 21:13, 25:17, 25:21, 26:5
**sign** [1] - 8:13
**signed** [1] - 14:17
**similar** [1] - 23:19
**simply** [2] - 22:8, 26:13
**single** [1] - 24:23
**sit** [1] - 11:8
**six** [2] - 6:15, 11:3
**Slater** [8] - 3:8, 4:14, 7:16, 19:16, 19:20, 21:19, 24:15, 27:19
**SLATER** [14] - 1:13, 1:14, 3:8, 4:14, 7:17, 19:19, 21:19, 24:17, 27:23, 28:19, 28:25, 29:11, 29:16, 33:20
**slogging** [1] - 5:5
**SMITH** [1] - 2:18
**so-called** [2] - 8:5, 8:7
**Solco** [1] - 2:10
**solely** [1] - 30:16
**someone** [1] - 7:17
**sooner** [1] - 26:23
**sorry** [2] - 9:17, 20:21
**sort** [1] - 6:4
**South** [1] - 2:9
**speaking** [5] - 3:6, 3:14, 3:21, 22:3, 22:4
**SPECIAL** [1] - 1:11
**Special** [3] - 3:3, 17:17, 20:17
**specific** [6] - 7:19, 8:13, 12:6, 27:8, 30:21
**specify** [1] - 28:12
**spoken** [1] - 22:17
**spokesperson** [2] - 3:12, 18:25
**stage** [1] - 19:24
**stand** [2] - 7:14, 10:3
**STANOCH** [3] - 1:17, 7:22, 18:20
**Stanoch** [2] - 7:22, 18:20
**start** [1] - 33:14
**started** [2] - 3:5, 3:23
**statement** [1] - 13:1
**STATES** [2] - 1:1, 1:10
**States** [2] - 3:2, 4:22
**stenography** [1] - 1:25
**step** [2] - 4:18, 5:14
**Steve** [2] - 29:24, 32:19
**STEVEN** [1] - 2:13
**still** [8] - 4:5, 5:4, 5:8, 7:11, 9:23, 10:1, 27:3, 28:4
**stragglers** [1] - 8:17
**straightforward** [1] - 24:9
**streamline** [1] - 23:10
**Street** [2] - 1:18, 2:9
**Streets** [1] - 1:7
**subject** [1] - 26:5
**submission** [2] - 13:2, 27:7
**submit** [3] - 12:14, 12:20, 27:14
**submitted** [3] - 4:10, 8:4, 32:21
**substance** [1] - 20:23
**substantial** [1] - 8:8
**substantially** [2] - 9:4, 32:23
**substituting** [1] - 10:10
**sufficient** [1] - 25:13
**Suite** [3] - 1:21, 2:3, 2:13
**suppose** [2] - 19:24, 23:19
**supposed** [1] - 25:1
**Svebeck** [1] - 11:9
**SVEBECK** [1] - 11:11
**SVEBEK** [1] - 11:10
**sympathetic** [1] - 17:9

### T

**task** [1] - 21:9
**team** [1] - 3:9
**teleconference** [1] - 3:1
**TELECONFERENCE** [1] - 1:6
**ten** [10] - 23:5, 23:16, 24:3, 25:25, 26:13, 27:2, 27:8, 27:21, 28:3, 28:10
**terms** [3] - 9:23, 17:4, 17:10
**Teva** [3] - 2:14, 2:15, 8:24
**Texas** [1] - 2:3
**THE** [5] - 1:1, 1:10, 1:11, 12:4, 29:5
**themselves** [1] - 10:6
**third** [1] - 8:18
**Thomas** [2] - 3:3, 32:15
**THOMAS** [1] - 1:11
**three** [10] - 11:13, 11:14, 11:15, 29:21, 30:1, 30:7, 30:10, 30:20, 30:22, 30:24
**tight** [2] - 15:15, 19:6
**timing** [1] - 19:14
**today** [10] - 3:15, 3:24, 9:1, 9:13, 9:23, 20:24, 29:20, 31:24, 32:10, 33:5
**together** [4] - 9:3, 9:9, 11:19, 15:23
**tomorrow** [3] - 14:15, 17:25, 20:21
**tort** [2] - 33:10, 33:11
**total** [6] - 23:3, 23:13, 24:1, 27:3, 27:25, 28:4
**track** [1] - 12:8
**transcript** [2] - 1:25, 34:1
**transcription** [1] - 1:25
**Traurig** [2] - 8:24, 29:25
**TRAURIG** [1] - 2:12
**travel** [3] - 4:4, 4:21, 7:3
**treater** [3] - 9:21, 11:15, 13:16
**treaters** [5] - 10:20, 10:21, 10:23, 13:9, 13:12
**treaters'** [1] - 11:21
**trial** [1] - 13:13
**tried** [1] - 30:17
**trouble** [1] - 7:10
**true** [1] - 16:18
**try** [2] - 11:5, 22:15
**trying** [4] - 5:22, 9:9, 12:7, 26:2
**turns** [1] - 16:20
**two** [5] - 6:3, 10:24, 13:4, 13:8, 13:21
**type** [3] - 25:12, 25:18

### U

**U.S** [3] - 1:7, 2:10, 6:2
**unclear** [1] - 11:6
**uncooperative** [1] - 16:1
**under** [2] - 23:1, 27:3
**understood** [2] - 22:1, 27:23
**undertaking** [1] - 21:13
**unfortunately** [1] - 23:15
**United** [2] - 3:2, 4:22
**UNITED** [2] - 1:1, 1:10
**unless** [1] - 3:21
**unreasonable** [1] - 7:5
**up** [7] - 3:15, 8:5, 15:18, 15:24, 22:17, 27:10, 28:21
**update** [9] - 4:7, 4:9, 4:10, 6:9, 7:9, 9:10, 9:21, 30:5, 31:9
**updates** [2] - 30:6, 31:10
**urgency** [1] - 6:5
**USA** [1] - 2:15

### V

**vacated** [1] - 33:1
**VALSARTAN** [1] - 1:4
**Vanaskie** [2] - 3:3, 29:7
**VANASKIE** [45] - 1:11, 3:5, 3:11, 3:16, 3:19, 4:12, 5:17, 6:12, 7:21, 8:21, 9:12, 9:18, 10:18, 10:21, 11:10, 11:12, 11:25, 12:12, 13:18, 13:25, 14:6, 15:1, 16:8, 16:15, 17:2, 17:14, 17:24, 18:4, 18:7, 18:24, 19:5, 19:16, 20:6, 21:17, 22:2, 22:20, 24:4, 24:15, 27:5, 27:13, 28:6, 28:11, 28:15, 28:20, 29:8
**various** [1] - 3:10
**Vaughn** [1] - 31:21
**vehement** [1] - 16:19
**vehemently** [1] - 15:18
**verbal** [1] - 7:2
**via** [1] - 3:1

***VIA*** *[1] - 1:6*
***Victoria*** *[5] - 8:23, 9:14, 10:5, 12:24, 15:3*
***VICTORIA*** *[1] - 2:12*
***view*** *[2] - 8:7, 23:16*
***violation*** *[2] - 4:18, 5:1*
***vogue*** *[1] - 33:11*

**W**

***wait*** *[1] - 6:4*
***waiting*** *[1] - 5:5*
***waiver*** *[2] - 20:18, 21:1*
***wants*** *[1] - 25:4*
***warranted*** *[1] - 13:10*
***WATTS*** *[1] - 2:2*
***week*** *[9] - 7:7, 11:4, 14:11, 15:19, 16:9, 16:10, 16:22, 17:5, 30:15*
***weeks*** *[3] - 6:15, 24:18*
***Welch*** *[1] - 11:9*
***welcome*** *[1] - 21:9*
***whereas*** *[1] - 15:14*
***Whiteley*** *[4] - 14:5, 16:16, 17:7, 17:23*
***WHITELEY*** *[9] - 1:16, 1:17, 14:4, 14:7, 16:12, 16:16, 17:13, 17:22, 18:1*
***whole*** *[1] - 29:19*
***words*** *[2] - 7:14, 27:9*
***writing*** *[2] - 4:20, 7:3*
***written*** *[1] - 24:25*

**Y**

***year*** *[2] - 15:8, 29:17*
***yesterday*** *[3] - 14:8, 15:5, 23:4*
***York*** *[2] - 2:6*

**Z**

***Zhejiang*** *[1] - 2:11*
***ZHP*** *[2] - 6:8, 20:21*