# Exhibit C

## Medical Monitoring Class Definitions

Plaintiffs Berkson, Kruk, Rives, Rodich-Annese, and R. Tasker bring this action on behalf of themselves and, under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3), (g), and (c)(4), as representatives of the Medical Monitoring Independent Claim Class defined as follows:

> All individuals residing in Alaska, Arizona, Colorado, Delaware, District of Columbia, Florida, Hawaii, Idaho, Illinois, Iowa, Maine, Massachusetts, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Mexico, New York, North Dakota, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Vermont, West Virginia, Wyoming and who consumed a sufficiently high Lifetime Cumulative Threshold of NDMA, NDEA, or other nitrosamine, in generic valsartan-containing drugs manufactured by or for Defendants and marketed in the United States and its territories and possessions, at least since January 1, 2012. This is the "Medical Monitoring Independent Claim Class."

All Plaintiffs bring this action on behalf of themselves and, under Federal Rule of Civil Procedure 23(a), (b)(2), (g), and (c)(4), as representatives of the Medical Monitoring Remedy Class defined as follows:

> All individuals residing in every state, territory, and possessions of the United States of America except Mississippi who consumed a sufficiently high Lifetime Cumulative Threshold of NDMA, NDEA, or other nitrosamine, in generic valsartan-containing drugs manufactured by or for Defendants and marketed in the United States and its territories and possessions, at least since January 1, 2012. This is the "Medical Monitoring Remedy Class."

For both the Medical Monitoring Independent Claim Class and Medical Monitoring Remedy Classes, the determination of whether the class member consumed a Lifetime Cumulative Threshold sufficient for class membership is based on objective and ascertainable factors.

Specifically, (A) at a dose of 320 mg, the class member needs to have taken a combination of three (3) months of ZHP API, OR 18 months of Hetero API, OR 54 months of Mylan and/or Aurobindo API; (B) at a dose of 160 mg, the class member needs to have taken a

1

combination of six (6) months of ZHP API, OR 32 months of Hetero API, OR 108 months of Mylan and/or Aurobindo API; (C) at a dose of 80 mg, the class member needs to have taken a combination of 12 months of ZHP API, OR 64 months of Hetero API, OR 216 months of Mylan and/or Aurobindo API; and (D) at a dose of 40 mg, the class member needs to have taken a combination of 24 months of ZHP API, OR 128 months of Hetero API, OR 432 months of Mylan and/or Aurobindo API.

The reference to combination above means that the class member need not have only taken valsartan manufactured by only one manufacturer. For example, by way of illustration only, a class member who was prescribed 320 mg and who consumed two (2) months of ZHP APO and six (6) months of Hetero API qualifies.

Excluded from the Independent Claim and Remedy Classes, and from the other additional and alternative classes defined below, are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from the Classes to the extent any class is an opt-out class or a hybrid opt-out class; governmental entities; and any judicial officers who preside over this case and their immediate family members. Also excluded from the Classes are those consumers of VCDs who have been diagnosed with cancers as a result of taking Defendants' NDMA-, NDEA-, or other nitrosamine-contaminated VCDs.