# Exhibit 2

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| THIS DOCUMENT RELATES TO ALL CASES | HON. ROBERT B. KUGLER CIVIL NO. 19-2875 (RBK)(KMW) |

## STATE GROUPINGS AND LEGAL AUTHORITIES TABLES IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

## Table of Contents

**I.   EXPRESS WARRANTIES – MANUFACTURER DEFENDANTS**................................**3**

   **A.  Express Warranties State Groupings Table** ................................................**3**

   **B.  Express Warranties Legal Authorities Table** ..............................................**6**

**II.  IMPLIED WARRANTIES – MANUFACTURER AND RETAIL PHARMACY DEFENDANTS** ................................................................................................**17**

   **A.  Manufacturer Defendants Implied Warranties State Groupings Table** ...................**17**

   **B.  Retail Pharmacy Defendants Implied Warranties State Groupings Table** ..............**21**

   **C.  Implied Warranties Legal Authorities Table**................................................**22**

**III.  COMMON LAW FRAUD – MANUFACTURER DEFENDANTS** ...........................**30**

   **A.  Common Law Fraud State Groupings Table** ..............................................**30**

   **B.  Common Law Fraud Legal Authorities Table** ............................................**34**

**IV.  CONSUMER PROTECTION ACT – MANUFACTURER DEFENDANTS AND RETAIL PHARMACY DEFENDANTS** ................................................................**40**

   **A.  Manufacturer Defendants Consumer Protection Act State Groupings Table** ..........**40**

   **B.  Retail Pharmacy Defendants Consumer Protection Act State Groupings Table**......**46**

   **C.  Consumer Protection Act Legal Authorities Table** .......................................**51**

**V.   UNJUST ENRICHMENT – RETAIL PHARMACY DEFENDANTS AND WHOLESALER DEFENDANTS** ..............................................................................**125**

**A.**  **Wholesaler Defendant Unjust Enrichment State Groupings Table** ..........................**125**

**B.**  **Retail Pharmacy Defendants Unjust Enrichment State Grouping Table** ...............**127**

**C.**  **Unjust Enrichment Legal Authorities Table** .............................................................**130**

## I.    EXPRESS WARRANTIES – MANUFACTURER DEFENDANTS

### A.    Express Warranties State Groupings Table

| API-based FDF Defendant(s) | Subclass Name | States | State Law Features | Named Representatives[1] |
|---|---|---|---|---|
| ZHP, Torrent, Teva Express Warranty State Grouping No. 1 | ZHPTORTEVEW1 | Alaska; Arizona; California; Colorado; Delaware; D.C.; Florida; Hawaii; Idaho; Illinois; Indiana; Iowa; Kansas; Kentucky; Maine; Massachusetts; Minnesota Missouri; New Jersey; New Mexico; Oklahoma; Pennsylvania; Puerto Rico; Rhode Island; South Carolina; South Dakota; Virginia; Washington; West Virginia; Wyoming | Privity Not Required; Pre-Suit Notice Not Required | Charlie Johnston (CA); Brian Wineinger (IN); Raleigh Wolfe (IN); Glenda Cooper (KY); Georgia Fatigato (IL); Marlin Anderson (IL); Jennifer Johnson (MN); James Childs (NJ); Radhakrishna Shetty (NJ); Billy Joe Bruner (NM); Lawrence Semmel (PA); Cheryl Mullins (VA); Miranda Dudley (NC); Mary McLean (VA); |
| ZHP, Torrent, Teva Express Warranty State Grouping No. 2 | ZHPTORTEVEW2 | Alabama; Arkansas; Georgia; Mississippi Montana; Nebraska; Nevada; New Hampshire; New York; North Carolina; North Dakota; Ohio; Oregon; Tennessee; Texas; Utah; Vermont; Wisconsin | Privity Not Required; Pre-Suit Notice May Be Required | Sandra Kelly (AL); Evelyn Rice (AR); Dennis Kaplan (OH); Lubertha Powell (GA); Flora McGilvery (MS); Alphonse Borkowski (NY); Joseph Cacaccio (NY); John Duffy (NY); Gerald Nelson (NY); Gary Burnett (NC); Miranda Dudley (NC); Eric Erwin (TX); Samuel Cisneros (TX); |

---

[1] The Court has found that plaintiffs may represent absent class members of other states provided the requirements of Rule 23 are met. (Dkt. No. 1614, at 8-12.) Additionally, Teva class representatives (Eric Erwin, Miranda Dudley, Brittney Means, Robin Roberts, Mary McLean) are sorted based on whether the Teva products purchased were ZHP or Mylan.

| | | | | Jynona Gail Lee (TX) |
|---|---|---|---|---|
| Mylan, Teva Express Warranty State Grouping No. 1 | MYLTEVEW1 | Alaska; California; Delaware; D.C.; Florida; Hawaii; Idaho; Illinois; Indiana; Iowa; Kansas; Kentucky; Maine; Massachusetts; Minnesota; Missouri; New Jersey; New Mexico; Oklahoma; Pennsylvania; Puerto Rico; Rhode Island; South Carolina; South Dakota; Virginia; Washington; West Virginia; Wyoming | Privity Not Required; Pre-Suit Notice Not Required | Marzanna Glab (NJ); James Lawson (NJ); James Childs (NJ); Mary McLean (VA); Jay Meader (CA); Mark Hays (CA); Glenda Cooper (KY); Robin Roberts (VA); |
| Mylan, Teva Express Warranty State Grouping No. 2 | MYLTEVEW2 | Alabama; Arkansas; Georgia; Mississippi Montana; Nebraska; Nevada; New Hampshire; New York; North Carolina; North Dakota; Ohio; Oregon; Tennessee; Texas; Utah; Vermont; Wisconsin | Privity Not Required; Pre-Suit Notice May Be Required | Asha Lamy (AL); Lawrence Edwards (GA); Joseph Cacaccio (NY); Gerald Nelson (NY); Eric Erwin (TX); Brittney Means (TX) |
| Hetero Express Warranty State Grouping No. 1 | HETEW1 | Alaska; California; Delaware; D.C.; Florida; Hawaii; Idaho; Illinois; Indiana; Iowa; Kansas; Kentucky; Maine; Massachusetts; Minnesota; Missouri; New Jersey; New Mexico; Oklahoma; Pennsylvania; Puerto Rico; Rhode Island; South Carolina; South Dakota; | Privity Not Required; Pre-Suit Notice Not Required | Veronica Longwell (MA); James Childs (NJ); Mark Hays (CA); Leland Gildner (IN) |

4

| | | Virginia; Washington; West Virginia; Wyoming | | |
|---|---|---|---|---|
| Hetero Express Warranty State Grouping No. 2 | HETEW2 | Connecticut | Privity May Be Required; Pre-Suit Notice Not Required | Peter O'Brien (CT) |
| Aurobindo Express Warranty State Grouping No. 1 | AUREW1 | Alaska; California; Delaware; D.C.; Florida; Hawaii; Idaho; Illinois; Indiana; Iowa; Kansas; Kentucky; Maine; Massachusetts; Minnesota; Missouri; New Jersey; New Mexico; Oklahoma; Pennsylvania; Puerto Rico; Rhode Island; South Carolina; South Dakota; Virginia; Washington; West Virginia; Wyoming | Privity Not Required; Pre-Suit Notice Not Required | Marlin Anderson (IL); Joseph Kessinger (KS); Linda Crocker (ME); Veronica Longwell (MA); Marzanna Glab (NJ); Antoinette Sims (NJ); James Lawson (NJ); James Childs (NJ); Mark Hays (CA); Merilyn Andre (CA); Elenora Deutenberg/Feijoo (FL); |
| Aurobindo Express Warranty State Grouping No. 2 | AUREW2 | Alabama; Arkansas; Georgia; Mississippi Montana; Nebraska; Nevada; New Hampshire; New York; North Carolina; North Dakota; Ohio; Oregon; Tennessee; Texas; Utah; Vermont; Wisconsin | Privity Not Required; Pre-Suit Notice May Be Required | Evelyn Rice (AR); Dennis Kaplan (OH); Lawrence Edwards (GA); Jennifer Johnson (MN); Joseph Cacaccio (NY); Gerald Nelson (NY); Eric Erwin (TX) |

**B.  Express Warranties Legal Authorities Table**

| State | Plaintiffs' Proposed Grouping | Legal Authorities | Manufacturer Defendants' Position (from Dkt. No. 520-5) |
|---|---|---|---|
| Alabama | Privity Not Required; Pre-Suit Notice May Be Required | *Johnson v. Anderson Ford*, 686 So.2d 224, 228 (Ala.1996) (taking note of the general rule that "a plaintiff must prove privity of contract in an action on an express warranty where only economic harm is involved," unless, e.g., there is evidence that the seller intended to extend the express warranty directly to the ultimate purchaser); *Smith v. Apple, Inc.*, No. 08cv1498, 2009 WL 3958096, at *1 (N.D. Ala. Nov. 4, 2009) (Pre-Suit Notice May Be Required for economic loss express warranty claims) | Agreement |
| Alaska | Privity Not Required; Pre-Suit Notice Not Required | *Morrow v. New Moon Homes*, 548 P.2d 279, 288-89 (Alaska 1976) ("There is no longer any requirement in Alaska that privity exist between the buyer and seller for recovery of property damage or economic loss under a breach of warranty theory."); *Shooshanian v. Wagner*, 672 P.2d 455 (Alaska 1983) ("Allowing a consumer's complaint to serve as notice will not prevent a defendant manufacturer from raising the issue of timeliness if it has been prejudiced by an unreasonable delay. A consumer unfamiliar with commercial practices should not be barred from pursuing a meritorious claim because he was unaware of the need to notify a remote seller of breach before bringing suit.") | Agreement |
| Arizona | Privity Not Required; Pre-Suit Notice Not Required | *Flory v. Silvercrest Indus., Inc.*, 129 Ariz. 574, 580, 633 P.2d 383, 389 (1981) (holding that "[n]o privity of contract [is] required for recovery based on [ ] non-U.C.C. express warranties") | Agreement |
| Arkansas | Privity Not Required; Pre-Suit | *Mack Trucks of Ark., Inc. v. Jet Asphalt & Rock Co.*, 246 Ark. 101, 437 S.W.2d 459 (Ark. 1969) ("Act 35 of 1965 (Ark.Stat.Ann. S85-2-318.1 (Supp.1967)) eliminated lack of privity | Agreement |

| | Notice May Be Required | as a defense in any action brought against the manufacturer or seller of goods for breach of warranty, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods."). | |
|---|---|---|---|
| California | Privity Not Required; Pre-Suit Notice Not Required | *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 941 (N.D. Cal. 2018 (quoting *Burr v. Sherwin Williams Co.*, 268 P.2d 1041, 1049 (Ca. 1954)) (privity not required "where representations are made by means of labels or advertisements."); *Greenman v. Yuba Power Prods., Inc.*, 377 P.2d 897, 900 (1963) ("As a general matter, a 'buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of the breach or be barred from any remedy.' Cal. Com. Code sec 2607(3)(A)…but notice is not required in an action by consumers 'against manufacturers with whom they have not dealt.'"); *see also Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1142 & n.8 (N.D. Cal. 2010) ("Timely notice of breach is not required where the buyers did not purchase the product from the manufacturer directly."). | Agree on No Privity May Be Required; Disagree on Pre-Suit Notice Not Required |
| Colorado | Privity Not Required; Pre-Suit Notice Not Required | Privity legislatively abrogated by Colo. Rev. Stat. Ann. § 4-2-318; *Hawkinson v. A.H. Robins Co., Inc.*, 595 F.Supp.1290, 1313 (D. Colo. 1984) ("The 'seller' as the term is used in C.R.S. sec. 4-2-607(3)(a) refers to the immediate seller who delivered the goods to the buyer. Timely notice of the breach to the immediate seller is all that is required. Separate notice to the seller's supplier or the manufacturer is not necessary."). | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| Connecticut | Privity May Be Required; Pre-Suit Notice Not Required | Spencer v. Star Steel Structures, Inc., 900 A.2d 42, 45 (Conn. Ct. App. 2006) ("The only party entitled to notice under the statute is "the seller" of the goods."). | Agreement on Privity May Be Required; Disagreement on Pre-Suit Notice Not Required |
| Delaware | Privity Not | *Cline v. Prowler Indus. of Md.*, 418 A.2d 968 (Del. 1980) ("The requirement of notice has | Agreement on Privity Not |

7

| | | | |
|---|---|---|---|
| | Required; Pre-Suit Notice Not Required | been greatly liberalized to reflect the differences between commercial buyers and consumers"); Official Cmts. 4 and 5 to Del. Code Ann. 6 § 2–607(3)(a) ("[T]he rule requiring notification is designed to defeat commercial bad faith, not to deprive a good faith consumer of his remedy ..."). | Required; Disagreement on Pre-Suit Notice Not Required |
| District of Columbia | Privity Not Required; Pre-Suit Notice Not Required | | Agreement |
| Florida | Privity Not Required; Pre-Suit Notice Not Required | *Karhu v. Vital Pharm., Inc.*, No. 13cv60768, 2013 WL 4047016, at *6 (S.D. Fla. Aug. 9, 2013) (applying Florida law to a pharmaceutical defendant and stating that "express warranties … were contained on the packaging and in the advertisements, both clearly directed toward the end-purchaser. Accordingly, based on the facts of this case, privity is not required to state a claim for breach of express warranty[.]");*See PB Prop. Mgmt., Inc. v. Goodman Mfg. Co.*, 2014 WL 12640371, at *3–4 (M.D. Fla. Aug. 14, 2014) ("Plaintiffs are correct in their assertion that notice is required to be given to the seller, not the manufacturer, under Florida law." (emphasis in original)). | Disagreement |
| Georgia | Privity Not Required; Pre-Suit Notice May Be Required | *Terrill v. Electrolux Home Prod., Inc.*, 753 F. Supp. 2d 1272, 1288 (S.D. Ga. 2010) ("The Court therefore holds that, under Georgia law, a manufacturer who extends an express warranty to a retail buyer is in privity of contract with the buyer." (citing cases)). | Disagreement on Privity Not Required; Agreement on Pre-Suit Notice May Be Required |
| Hawaii | Privity Not Required; Pre-Suit Notice Not Required | Lack of privity is not required for an express warranty claim (see Haw. Rev. Stat. § 490:2-313). | Agreement |
| Idaho | Privity Not | *Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 544 P.2d 306 (Idaho | Agreement |

| | | | |
|---|---|---|---|
| | Required; Pre-Suit Notice Not Required | 1975) (pre-suit notice not required for remote manufacturer) | |
| Illinois | Privity Not Required; Pre-Suit Notice Not Required | *In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953, 957 (N.D. Ill. 2007) ("Plaintiffs argue they are exempt from alleging privity because McDonald's expressly warranted its goods to the ultimate consumers and this was the basis for the bargain and relied upon by plaintiffs … Defendant concedes this exception exists in some jurisdictions, including California and Illinois …."); *see also id.* at 956 ("Direct notice is not required when (1) the seller has actual knowledge of the defect of the particular product …."). | Disagreement |
| Indiana | Privity Not Required; Pre-Suit Notice Not Required | *Prairie Production, Inc. v. Agchem Division–Pennwalt Corp.*, 514 N.E.2d 1299 (Ind.App.1987) (holding that where a manufacturer has made representations to a buyer in the chain of distribution in advertisements or on product labels, and the buyer relied on those representations, the buyer could assert a breach of express warranty claim notwithstanding the lack of privity between plaintiff and defendant); *In re Nexus 6P Products Liability Litigation*, 293 F.Supp.3d 888 (2018) ("Indiana law, too, requires that the buyer give notice to the seller before bringing suit for breach of warranty. Ind. Code Ann. Sec. 26-1-2-607(3)(1). But unlike similar provisions in other states, Indiana's notification law 'is satisfied if the seller has 'actual knowledge' that the goods are nonconforming.'"). | Disagreement |
| Iowa | Privity Not Required; Pre-Suit Notice | *Des Moines Flying Serv., Inc. v. Aerial Servs. Inc.*, 880 N.W.2d 212, 222 (Iowa 2016) ("If a defective product results only in economic loss, we only allow the buyer to bring a claim under an express warranty for | Disagreement |

| | Not Required | direct economic losses against a remote seller[.]");*In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 977 (N.D. Cal. 2014) ("Under Iowa law, notice to the manufacturer is not required."). | |
|---|---|---|---|
| Kansas | Privity Not Required; Pre-Suit Notice Not Required | *Wichita v. U.S. Gypsum Co.*, 828 F.Supp. 851, 856–57 (D.Kan.1993) ("In applying the U.C.C., this court has previously held that § 84–2–607 does not require notice when the buyer is a consumer rather than a merchant."); *Carson v. Chevron Chemical Co.*, 6 Kan.App.2d 776, 785, 635 P.2d 1248, 1256, 24 A.L.R.4th 258, 269 (1981) (in ordinary buyer-seller transaction, section 2–607(3)(a) requires notice of breach only to immediate seller) | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| Kentucky | Privity Not Required; Pre-Suit Notice Not Required | *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727, 739-40 (W.D. Ky. 2013) ("The Court anticipates that Kentucky state courts would hold that an express warranty action can be maintained in cases such as this, where Unilever's alleged written, express warranties were clearly intended for the product's consumers."). | Disagreement on Privity Not Required; Agreement on Pre-Suit Notice Not Required |
| Maine | Privity Not Required; Pre-Suit Notice Not Required | | Agreement |
| Maryland | Privity May Be Required; Pre-Suit Notice May Be Required | | Agreement |
| Massachusetts | Privity Not Required; Pre-Suit | *In re Ford Motor Co. E-350 Van Prod. Liab. Litig. (No. II)*, No. CIV. A. 03-4558, 2010 WL 2813788, at *78 (D.N.J. July 9, 2010), amended, No. CIV.A. 03-4558 GEB, | Agreement on Privity Not Required; Disagreement |

| | Notice Not Required | 2011 WL 601279 (D.N.J. Feb. 16, 2011) (finding that notice by way of filing a complaint or joining litigation is sufficient" (citing and quoting *Delano Growers' Co-op Winery v. Supreme Wine Co.*, 473 N.E. 2d 1066, 1072 (Mass. 1985)). | on Pre-Suit Notice Not Required |
|---|---|---|---|
| Michigan | Privity May Be Required; Pre-Suit Notice May Be Required | *Montgomery v. Kraft Foods Glob., Inc.,* 822 F.3d 304, 308 (6th Cir. 2016) (privity of contract is necessary for a remote purchaser to enforce a manufacturer's express warranty under Michigan law). | Disagreement on Privity May Be Required; Agreement on Pre-Suit Notice May Be Required |
| Minnesota | Privity Not Required; Pre-Suit Notice Not Required | *Church of the Nativity v. Watpro, Inc.,* 474 N.W.2d 605, 609–610 (Minn.App.1991) (notice need go only to immediate seller and not to others in distribution chain) | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| Mississippi | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Missouri | Privity Not Required; Pre-Suit Notice Not Required | Ragland Mills, Inc. v. General Motors Corp.,763 S.W.2d 357, 361 (Mo.Ct. App., 1989) (in general, buyer required to give notice of breach of warranty only to immediate seller) | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| Montana | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Nebraska | Privity Not Required; | | Agreement |

| | | | |
|---|---|---|---|
| | Pre-Suit Notice May Be Required | | |
| Nevada | Privity Not Required; Pre-Suit Notice May Be Required | *Hiles Co. v. Johnston Pump Co. of Pasadena, Cal.*, 93 Nev. 73, 560 P.2d 154 (1977) ("Instead, we believe that lack of privity between the buyer and manufacturer does not preclude an action against the manufacturer for the recovery of economic losses caused by breach of warranties."); | Disagreement on Privity May Be Required; Agreement on Pre-Suit Notice May Be Required |
| New Hampshire | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| New Jersey | Privity Not Required; Pre-Suit Notice Not Required | *Coyle v. Hornell Brewing Co.*, No. CIV.08-02797 (JBS), 2010 WL 2539386, at *6 (D.N.J. June 15, 2010) ("We agree with the reasoning in *Strzakowski* and find that notice of breach of either express or implied warranty is not required in an action against a remote manufacturer who is not the immediate seller of a product."). | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| New Mexico | Privity Not Required; Pre-Suit Notice Not Required | *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prod. Liab. Litig.*, 288 F. Supp. 3d 1087, 1272 (D.N.M. 2017) (The Court determines that the Supreme Court of New Mexico is likely to agree with the Supreme Court of California's reasoning that notice should not be required in these suits, because "[t]he injured consumer is seldom steeped in the business practice which justifies the rule, and at least until he has had legal advice it will not occur to him to give notice to one with whom he has had no dealings."). | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| New York | Privity Not Required; Pre-Suit Notice | | Agreement |

| | | | |
|---|---|---|---|
| | May Be Required | | |
| North Carolina | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| North Dakota | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Ohio | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Oklahoma | Privity Not Required; Pre-Suit Notice Not Required | | Agreement |
| Oregon | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Pennsylvania | Privity Not Required; Pre-Suit Notice Not Required | *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 914 (N.D. Cal. 2018) ("Pennsylvania state courts have held that the filing of a complaint may satisfy the notice requirement for a breach of warranty claim. *See Precision Towers, Inc. v. Nat–Com, Inc.*, No. 2143, 2002 WL 31247992, at *5 (Pa. Com. Pl. Sept. 23, 2002) ("The filing of a complaint has been held to satisfy the notice | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |

| | | | |
|---|---|---|---|
| | | requirement for a breach of warranty claim."); *cf. Yates v. Clifford Motors, Inc.*, 283 Pa.Super. 293, 423 A.2d 1262, 1270 (1980) (holding that the filing of the complaint constituted adequate notice that the plaintiff consumer was rejecting the truck at issue")." | |
| Rhode Island | Privity Not Required; Pre-Suit Notice Not Required | *DiPetrillo v. Dow Chem. Co.*, 729 A.2d 677, 683 (R.I. 1999) | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| South Carolina | Privity Not Required; Pre-Suit Notice Not Required | *Seaside Resorts Inc. v. Club Car, Inc.,* 308 S.C. 47, 416 S.E.2d 655, 663 (S.C.Ct.App.1992) | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| South Dakota | Privity Not Required; Pre-Suit Notice Not Required | | Agreement |
| Tennessee | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Texas | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Utah | Privity Not Required; | | Agreement |

14

| | | | |
|---|---|---|---|
| | Pre-Suit Notice May Be Required | | |
| Vermont | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Virginia | Privity Not Required; Pre-Suit Notice Not Required | Virginia legislatively abrogated privity. "Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods[.]" section VA Code Ann. 8.2-318 Beard Plumbing and Heating, Inc. v. Thompson Plastics, Inc., 254 Va.240, 491 S.E.2d 731 (1997); Yates v. Pitman Mfg., Inc., 257 Va. 601, 605, 514 S.E.2d 605, 607 (1999) ("We hold, therefore, that only buyers; i.e., those who buy or contract to buy goods from a seller, Code § 8.2–103(a), must give notice of breach of warranty to the seller as a prerequisite to recovery. Consequently, the trial court erred in ruling that Yates was required to have given Pitman such notice."). | Disagreement |
| Washington | Privity Not Required; Pre-Suit Notice Not Required | | Agreement |
| West Virginia | Privity Not Required; Pre-Suit Notice | Belville v. Ford Motor Co., 60 F. Supp. 3d 690, 702 (S.D.W. Va. 2014) | Agreement on Privity Not Required; Disagreement on Pre-Suit |

15

| | Not Required | | | Notice Not Required |
|---|---|---|---|---|
| Wisconsin | Privity Not Required; Pre-Suit Notice May Be Required | *Paulson v. Olson Implement,* 107 Wis.2d at 517, 319 N.W.2d 855 (Wis. 1982) (a manufacturer not a party to the sales contract was held liable for breach of its express warranty under a theory that a distinct unilateral contract arose between the ultimate purchaser and the manufacturer providing the express warranty); *Midwhey Powder Co. v. Clayton Industries,* 157 Wis.2d 585, 592, 460 N.W.2d 426 (Ct.App.1990) (where the buyer was aware of the manufacturer's warranty and relied on it at the time of purchase the courts have held it bound to the warranty even though the manufacturer was not party to the sales contract); *see also Ball v. Sony Elecs. Inc.,* No. 05-C-307-S, 2005 WL 2406145, at *5 (W.D. Wis. Sept. 28, 2005). | | Disagreement on Privity Not Required; Agreement on Pre-Suit Notice May Be Required |
| Wyoming | Privity Not Required; Pre-Suit Notice Not Required | | | Agreement |
| Puerto Rico | Privity Not Required; Pre-Suit Notice Not Required | | | Agreement |

## II.    IMPLIED WARRANTIES – MANUFACTURER AND RETAIL PHARMACY DEFENDANTS

### A.  Manufacturer Defendants Implied Warranties State Groupings Table

| API-based FDF Defendant(s) | Subclass Name | States | State Law Features | Named Representatives[2] |
|---|---|---|---|---|
| ZHP, Torrent, Teva Implied Warranty State Grouping No. 1 | ZHPTORTEVIW1 | Alaska; California; Colorado; Delaware; D.C.; Hawaii; Indiana; Maine; Massachusetts; Minnesota; Missouri; New Jersey; New Mexico; Oklahoma; Pennsylvania; Puerto Rico; Rhode Island; South Carolina; South Dakota; Virginia; West Virginia; | Privity Not Required; Pre-Suit Notice Not Required | Charlie Johnston (CA); Jennifer Johnson (MN); James Childs (NJ); Radhakrishna Shetty (NJ); Billy Joe Bruner (NM); Lawrence Semmel (PA); Brian Wineinger (IN); Raleigh Wolfe (IN); Mary McLean (VA); |
| ZHP, Torrent, Teva Implied Warranty State Grouping No. 2 | ZHPTORTEVIW2 | Arkansas; Georgia; Maryland; Michigan; Mississippi; Montana; Nebraska; Nevada; New Hampshire; North Dakota; Texas; Wyoming | Privity Not Required; Pre-Suit Notice May Be Required | Evelyn Rice (AR); Lubertha Powell (GA); Flora McGilvery (MS); Eric Erwin (TX); Cheryl Mullins (VA); Jynona Gail Lee (TX); Samuel Cisneros (TX) |
| ZHP, Torrent, Teva Implied Warranty State Grouping No. 3 | ZHPTORTEVIW3 | Arizona; Connecticut; Florida; Idaho; Illinois; Iowa; Kansas; Kentucky; New York; North Carolina; Washington | Privity May Be Required; Pre-Suit Notice Not Required | Ron Molinaro (FL); Elenora Deutenberg/Feijoo (FL); Georgia Fatigato (IL); Marlin Anderson (IL); Alphonse Borkowski (NY); Joseph Cacaccio (NY); John Duffy (NY); Gerald Nelson (NY); Gary |

---

[2] The Court has found that plaintiffs may represent absent class members of other states provided the requirements of Rule 23 are met. (Dkt. No. 1614, at 8-12.) Additionally, Teva class representatives (Eric Erwin, Miranda Dudley, Brittney Means, Robin Roberts, Mary McLean) are sorted based on whether the Teva products purchased were ZHP or Mylan.

| | | | | Burnett (NC); Miranda Dudley (NC) |
|---|---|---|---|---|
| ZHP, Torrent, Teva Implied Warranty State Grouping No. 4 | ZHPTORTEVIW4 | Alabama; Ohio; Oregon; Tennessee; Utah; Vermont | Privity May Be Required; Pre-Suit Notice May Be Required | Sandra Kelly (AL); Dennis Kaplan (OH) |
| ZHP, Torrent, Teva Implied Warranty State Grouping No. 5 | ZHPTORTEVIW5 | Louisiana (redhibition claim) | | Talsie Neal (LA) |
| Mylan, Teva Implied Warranty State Grouping No. 1 | MYLTEVIW1 | Alaska; California; Colorado; Delaware; D.C.; Hawaii; Indiana; Maine; Massachusetts; Minnesota; Missouri; New Jersey; New Mexico; Oklahoma; Pennsylvania; Puerto Rico; Rhode Island; South Carolina; South Dakota; Virginia; West Virginia; | Privity Not Required; Pre-Suit Notice Not Required | Jay Meader (CA); Mark Hays (CA); Marzanna Glab (NJ); James Lawson (NJ); James Childs (NJ); Robin Roberts (VA); |
| Mylan, Teva Implied Warranty State Grouping No. 2 | MYLTEVIW2 | Arkansas; Georgia; Maryland; Michigan; Mississippi; Montana; Nebraska; Nevada; New Hampshire; North Dakota; Texas; Wyoming | Privity Not Required; Pre-Suit Notice May Be Required | Lawrence Edwards (GA); Mary McLean (VA); Eric Erwin (TX); Brittney Means (TX); |
| Mylan, Teva Implied Warranty State Grouping No. 3 | MYLTEVIW3 | Arizona; Connecticut; Florida; Idaho; Illinois; Iowa; Kansas; Kentucky; New York; North Carolina; Washington | Privity May Be Required; Pre-Suit Notice Not Required | Joseph Cacaccio (NY); Gerald Nelson (NY); |

| | | | | |
|---|---|---|---|---|
| Mylan, Teva Implied Warranty State Grouping No. 4 | MYLTEVIW4 | Alabama; Ohio; Oregon; Tennessee; Utah; Vermont | Privity May Be Required; Pre-Suit Notice May Be Required | Asha Lamy (AL) |
| Hetero Implied Warranty State Grouping No. 1 | HETIW1 | Alaska; California; Colorado; Delaware; D.C.; Hawaii; Indiana; Maine; Massachusetts; Minnesota; Missouri; New Jersey; New Mexico; Oklahoma; Pennsylvania; Puerto Rico; Rhode Island; South Carolina; South Dakota; Virginia; West Virginia; | Privity Not Required; Pre-Suit Notice Not Required | Mark Hays (CA); James Childs (NJ); Leland Gildner (IN); Veronica Longwell (MA) |
| Hetero Implied Warranty State Grouping No. 2 | HETIW2 | Arizona; Connecticut; Florida; Idaho; Illinois; Iowa; Kansas; Kentucky; New York; North Carolina; Washington | Privity May Be Required; Pre-Suit Notice Not Required | Peter O'Brien (CT); |
| Aurobindo Implied Warranty State Grouping No. 1 | AURIW1 | Alaska; California; Colorado; Delaware; D.C.; Hawaii; Indiana; Maine; Massachusetts; Minnesota; Missouri; New Jersey; New Mexico; Oklahoma; Pennsylvania; Puerto Rico; Rhode Island; South Carolina; South Dakota; Virginia; West Virginia | Privity Not Required; Pre-Suit Notice Not Required | Mark Hays (CA); Merilyn Andre (CA); Marzanna Glab (NJ); Antoinette Sims (NJ); James Lawson (NJ); James Childs (NJ); Linda Crocker (ME); Veronica Longwell (MA); |
| Aurobindo Implied Warranty State | AURIW2 | Arkansas; Georgia; Maryland; Michigan; Mississippi; Montana; Nebraska; | Privity Not Required; Pre-Suit | Evelyn Rice (AR); Lawrence Edwards (GA); Jennifer |

| | | | | |
|---|---|---|---|---|
| Grouping No. 2 | | Nevada; New Hampshire; North Dakota; Texas; Wyoming | Notice May Be Required | Johnson (MN); Eric Erwin (TX) |
| Aurobindo Implied Warranty State Grouping No. 3 | AURIW3 | Arizona; Connecticut; Florida; Idaho; Illinois; Iowa; Kansas; Kentucky; New York; North Carolina; Washington | Privity May Be Required; Pre-Suit Notice Not Required | Elenora Deutenberg/Feijoo (FL); Marlin Anderson (IL); Joseph Cacaccio (NY); Gerald Nelson (NY); |
| Aurobindo Implied Warranty State Grouping No. 4 | AURIW4 | Alabama; Ohio; Oregon; Tennessee; Utah; Vermont | Privity May Be Required; Pre-Suit Notice May Be Required | Dennis Kaplan (OH) |
| Aurobindo Implied Warranty State Grouping No. 5 | AURIW5 | Louisiana (redhibition claim) | | Sandy Bell (LA) |

**B. Retail Pharmacy Defendants Implied Warranties State Groupings Table**

| Subclass Name | Group Name | States[3] | State Law Features | Named Representatives[4] |
|---|---|---|---|---|
| Walgreens Implied Warranty State Grouping No. 1 | WALIW1 | Alaska; Colorado; Delaware; Indiana; Oklahoma; Rhode Island | Privity Not Required; Pre-Suit Notice Not Required | Raleigh Wolfe (IN) |
| Walmart Implied Warranty State Grouping No. 1 | WMTIW1 | Alaska; Colorado; Delaware; Indiana; Oklahoma; Rhode Island | Privity Not Required; Pre-Suit Notice Not Required | Brian Wineinger (IN) |
| Kroger Implied Warranty State Grouping No. 1 | KROIW1 | Alaska; Colorado; Delaware; Indiana; Oklahoma; Rhode Island | Privity Not Required; Pre-Suit Notice Not Required | Leland Gildner (IN) |

[3] The R&R denied leave to amend to assert implied warranty claims against the Retailer Defendants in the following states: Alabama; Arizona; Arkansas; California; Connecticut; D.C.; Florida; Georgia; Hawaii; Illinois; Iowa; Kansas; Kentucky; Louisiana; Maine; Maryland; Massachusetts; Michigan; Minnesota; Mississippi; Missouri; New Hampshire; New Jersey; New Mexico; New York; North Carolina; North Dakota; Ohio; Pennsylvania; Puerto Rico; South Carolina; Tennessee; Texas; Vermont; Virginia; Washington; West Virginia; and Wisconsin. (Dkt. No. 1614, at 27-28.)

[4] The Court has found that plaintiffs may represent absent class members of other states provided the requirements of Rule 23 are met. (Dkt. No. 1614, at 8-12.)

21

### C. **Implied Warranties Legal Authorities Table**

| State | Plaintiffs' Proposed Grouping | Legal Authorities | Manufacturer Defendants' Position (from Dkt. No. 520-5) |
|---|---|---|---|
| Alabama | Privity May Be Required; Pre-Suit Notice May Be Required | | Agreement |
| Alaska | Privity Not Required; Pre-Suit Notice Not Required | | Agreement |
| Arizona | Privity May Be Required; Pre-Suit Notice Not Required | | Agreement |
| Arkansas | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| California | Privity Not Required; Pre-Suit Notice Not Required | *Greenman v. Yuba Power Prods., Inc.*, 377 P.2d 897, 900 (1963) ("As a general matter, a 'buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of the breach or be barred from any remedy.' Cal. Com. Code sec 2607(3)(A)…but notice is not required in an action by consumers 'against manufacturers with whom they have not dealt.'"); *see also Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1142 & n.8 (N.D. Cal. 2010) ("Timely notice of breach is not required where the buyers did not purchase the product from the manufacturer directly."). | Agree on No Privity May Be Required; Disagree on Pre-Suit Notice Not Required |
| Colorado | Privity Not Required; Pre-Suit Notice Not Required | *Hawkinson v. A.H. Robins Co., Inc.*, 595 F.Supp.1290, 1313 (D. Colo. 1984) ("The 'seller' as the term is used in C.R.S. sec. 4-2-607(3)(a) refers to the immediate seller who delivered the goods to the buyer. Timely notice of the breach to the | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |

| | | immediate seller is all that is required. Separate notice to the seller's supplier or the manufacturer is not necessary."). | |
|---|---|---|---|
| Connecticut | Privity May Be Required; Pre-Suit Notice Not Required | Spencer v. Star Steel Structures, Inc., 900 A.2d 42, 45 (Conn. Ct. App. 2006) ("The only party entitled to notice under the statute is "the seller" of the goods."). | Agreement on Privity May Be Required; Disagreement on Pre-Suit Notice Not Required |
| Delaware | Privity Not Required; Pre-Suit Notice Not Required | *Cline v. Prowler Indus. of Md.*, 418 A.2d 968 (Del. 1980) ("The requirement of notice has been greatly liberalized to reflect the differences between commercial buyers and consumers"); Official Cmts. 4 and 5 to Del. Code Ann. 6 § 2–607(3)(a) ("[T]he rule requiring notification is designed to defeat commercial bad faith, not to deprive a good faith consumer of his remedy ..."). | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| District of Columbia | Privity Not Required; Pre-Suit Notice Not Required | | Agreement |
| Florida | Privity May Be Required; Pre-Suit Notice Not Required | | Agreement |
| Georgia | Privity Not Required; Pre-Suit Notice May Be Required | *Terrill v. Electrolux Home Prod., Inc.*, 753 F. Supp. 2d 1272, 1288 (S.D. Ga. 2010) ("The Court therefore holds that, under Georgia law, a manufacturer who extends an express warranty to a retail buyer is in privity of contract with the buyer. Electrolux's Motion is therefore DENIED with respect to Boyd's breach of the implied warranty of merchantability claim."). | Disagreement on Privity Not Required; Agreement on Pre-Suit Notice May Be Required |
| Hawaii | Privity Not Required; Pre-Suit Notice Not Required | | Agreement |
| Idaho | Privity May Be Required; Pre-Suit Notice Not Required | | Agreement |

| Illinois | Privity May Be Required; Pre-Suit Notice Not Required | | Agreement |
|---|---|---|---|
| Indiana | Privity Not Required; Pre-Suit Notice Not Required | *In re Nexus 6P Products Liability Litigation*, 293 F.Supp.3d 888 (2018) ("Indiana law, too, requires that the buyer give notice to the seller before bringing suit for breach of warranty. Ind. Code Ann. Sec. 26-1-2-607(3)(1). But unlike similar provisions in other states, Indiana's notification law 'is satisfied if the seller has 'actual knowledge' that the goods are nonconforming.'"). | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| Iowa | Privity May Be Required; Pre-Suit Notice Not Required | *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 977 (N.D. Cal. 2014) ("Under Iowa law, notice to the manufacturer is not required."). | Agreement on Privity May Be Required; Disagreement on Pre-Suit Notice Not Required |
| Kansas | Privity May Be Required; Pre-Suit Notice Not Required | *Wichita v. U.S. Gypsum Co., 828 F.Supp.* 851, 856–57 (D.Kan.1993) ("In applying the U.C.C., this court has previously held that § 84–2–607 does not require notice when the buyer is a consumer rather than a merchant."); *Carson v. Chevron Chemical Co.,* 6 Kan.App.2d 776, 785, 635 P.2d 1248, 1256, 24 A.L.R.4th 258, 269 (1981) (in ordinary buyer-seller transaction, section 2–607(3)(a) requires notice of breach only to immediate seller) | Agreement on Privity May Be Required; Disagreement on Pre-Suit Notice Not Required |
| Kentucky | Privity May Be Required; Pre-Suit Notice Not Required | | Agreement |
| Louisiana | Redhibition Claim (not grouped with any other states) | *N/a* | N/a |
| Maine | Privity Not Required; Pre-Suit Not Notice Required | | Agreement |

| Maryland | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
|---|---|---|---|
| Massachusetts | Privity Not Required; Pre-Suit Notice Not Required | *In re Ford Motor Co. E-350 Van Prod. Liab. Litig. (No. II)*, No. CIV. A. 03-4558, 2010 WL 2813788, at *78 (D.N.J. July 9, 2010), <u>amended,</u> No. CIV.A. 03-4558 GEB, 2011 WL 601279 (D.N.J. Feb. 16, 2011) (finding that notice by way of filing a complaint or joining litigation is sufficient" (citing and quoting *Delano Growers' Co-op Winery v. Supreme Wine Co.*, 473 N.E. 2d 1066, 1072 (Mass. 1985)). | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| Michigan | Privity Not Required; Pre-Suit Notice May Be Required | *Zanger v. Gulf Stream Coach, Inc.*, No. 05-CV-72300-DT, 2005 WL 3163392, at *6 (E.D. Mich. Nov. 28, 2005) ("conclude[ing] that vertical privity no longer is required in Michigan to pursue a breach of implied warranty claim against a remote manufacturer"). | Disagreement on Privity Not Required; Agreement on Pre-Suit Notice May Be Required |
| Minnesota | Privity Not Required; Pre-Suit Notice Not Required | *Church of the Nativity v. Watpro, Inc*., 474 N.W.2d 605, 609–610 (Minn. App. 1991) (notice need go only to immediate seller and not to others in distribution chain). | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| Mississippi | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Missouri | Privity Not Required; Pre-Suit Notice Not Required | Ragland Mills, Inc. v. General Motors Corp.,763 S.W.2d 357, 361 (Mo.Ct. App., 1989) (in general, buyer required to give notice of breach of warranty only to immediate seller) | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |

| Montana | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Nebraska | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Nevada | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| New Hampshire | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| New Jersey | Privity Not Required; Pre-Suit Notice Not Required | *Coyle v. Hornell Brewing Co.*, No. CIV.08-02797 (JBS), 2010 WL 2539386, at *6 (D.N.J. June 15, 2010) ("We agree with the reasoning in *Strzakowski* and find that notice of breach of either express or implied warranty is not required in an action against a remote manufacturer who is not the immediate seller of a product."). | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| New Mexico | Privity Not Required; Pre-Suit Notice Not Required | *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prod. Liab. Litig.*, 288 F. Supp. 3d 1087, 1272 (D.N.M. 2017) (The Court determines that the Supreme Court of New Mexico is likely to agree with the Supreme Court of California's reasoning that notice should not be required in these suits, because "[t]he injured consumer is seldom steeped in the business practice which justifies the rule, and at least until he has had legal advice it will not occur to him to give notice to one with whom he has had no dealings."). | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| New York | Privity May Be Required; Pre-Suit Notice Not Required | | Agreement |

| | | | |
|---|---|---|---|
| North Carolina | Privity May Be Required; Pre-Suit Notice May Be Required | | Agreement |
| North Dakota | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Ohio | Privity May Be Required; Pre-Suit Notice May Be Required | | Agreement |
| Oklahoma | Privity Not Required; Pre-Suit Notice Not Required | | Agreement |
| Oregon | Privity May Be Required; Pre-Suit Notice May Be Required | | Agreement |
| Pennsylvania | Privity Not Required; Pre-Suit Notice Not Required | *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 914 (N.D. Cal. 2018) ("Pennsylvania state courts have held that the filing of a complaint may satisfy the notice requirement for a breach of warranty claim. *See Precision Towers, Inc. v. Nat–Com, Inc.*, No. 2143, 2002 WL 31247992, at *5 (Pa. Com. Pl. Sept. 23, 2002) ("The filing of a complaint has been held to satisfy the notice requirement for a breach of warranty claim."); *cf. Yates v. Clifford Motors, Inc.*, 283 Pa.Super. 293, 423 A.2d 1262, 1270 (1980) (holding that the filing of the complaint constituted adequate notice that the plaintiff consumer was rejecting the truck at issue).") | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| Rhode Island | Privity Not Required; Pre-Suit Notice Not Required | *DiPetrillo v. Dow Chem. Co.*, 729 A.2d 677, 683 (R.I. 1999) | Agreement on Privity Not Required; Disagreement on Pre-Suit |

27

| | | | |
|---|---|---|---|
| | | | Notice Not Required |
| South Carolina | Privity Not Required; Pre-Suit Notice Not Required | *Seaside Resorts Inc. v. Club Car, Inc.,* 308 S.C. 47, 416 S.E.2d 655, 663 (S.C.Ct.App.1992) | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| South Dakota | Privity Not Required; Pre-Suit Notice Not Required | | Agreement |
| Tennessee | Privity May Be Required; Pre-Suit Notice May Be Required | | Agreement |
| Texas | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Utah | Privity May Be Required; Pre-Suit Notice May Be Required | | Agreement |
| Vermont | Privity May Be Required; Pre-Suit Notice May Be Required | | Agreement |
| Virginia | Privity Not Required; Pre-Suit Notice Not Required | Virginia legislatively abrogated privity. "Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods[.]" section VA Code Ann. 8.2-318  Beard Plumbing and Heating, Inc. v. Thompson Plastics, Inc., 254 Va.240, 491 S.E.2d 731 (1997); Yates v. Pitman | Disagreement |

28

| | | Mfg., Inc., 257 Va. 601, 605, 514 S.E.2d 605, 607 (1999) ("We hold, therefore, that only buyers; i.e., those who buy or contract to buy goods from a seller, Code § 8.2–103(a), must give notice of breach of warranty to the seller as a prerequisite to recovery. Consequently, the trial court erred in ruling that Yates was required to have given Pitman such notice."). | |
|---|---|---|---|
| Washington | Privity May Be Required; Pre-Suit Notice Not Required | | Agreement |
| West Virginia | Privity Not Required; Pre-Suit Notice Not Required | Belville v. Ford Motor Co., 60 F. Supp. 3d 690, 702 (S.D.W. Va. 2014) | Agreement on Privity Not Required; Disagreement on Pre-Suit Notice Not Required |
| Wisconsin | Privity May Be Required; Pre-Suit Notice May Be Required | | Agreement |
| Wyoming | Privity Not Required; Pre-Suit Notice May Be Required | | Agreement |
| Puerto Rico | Privity Not Required; Pre-Suit Notice Not Required | | Agreement |

### III.    COMMON LAW FRAUD – MANUFACTURER DEFENDANTS

#### A.    Common Law Fraud State Groupings Table

| API-based FDF Defendant(s) | Subclass Name | States | State Law Features | Named Representatives[5] |
|---|---|---|---|---|
| ZHP, Torrent, Teva Fraud State Grouping No. 1 | ZHPTORTEVFR1 | Alaska; California; Connecticut; Delaware; Georgia; Indiana; Kansas; Kentucky; Maine; Maryland; Massachusetts;[6] Michigan; Nebraska; New Hampshire; New Mexico; North Carolina; Ohio; Pennsylvania; South Carolina; South Dakota; Texas; Utah; West Virginia; Wisconsin | Recklessness Standard | Charlie Johnston (CA); Lubertha Powell (GA); Brian Wineinger (IN); Raleigh Wolfe (IN); Glenda Cooper (KY); Billy Joe Bruner (NM); Dennis Kaplan (OH); Lawrence Semmel (PA); Eric Erwin (TX); Jynona Gail Lee (TX); Samuel Cisneros (TX); Gary Burnett (NC); Miranda Dudley (NC) |
| ZHP, Torrent, Teva Fraud State Grouping No. 2 | ZHPTORTEVFR2 | Alabama; Arizona; Arkansas; Hawaii; Idaho; Illinois; Minnesota; Mississippi; Missouri; Montana; Nevada; Oregon; Tennessee | Ignorance of Truth Standard | Sandra Kelly (AL); Evelyn Rice (AR); Georgia Fatigato (IL); Marlin Anderson (IL); Jennifer Johnson (MN); Flora McGilvery (MS) |
| ZHP, Torrent, Teva Fraud State Grouping No. 3 | ZHPTORTEVFR3 | Colorado; D.C.; Florida; Iowa; Louisiana; New Jersey; New York; North Dakota; Oklahoma; Rhode | Actual Knowledge Standard | Ron Molinaro (FL); Talsie Neal (LA); James Childs (NJ); Radhakrishna Shetty (NJ); Alphonse |

---

[5] The Court has found that plaintiffs may represent absent class members of other states provided the requirements of Rule 23 are met. (Dkt. No. 1614, at 8-12.)

[6] Under Massachusetts law, the claims of common law fraud (which requires actual knowledge) and intentional misrepresentation (which imposes a recklessness standard) are merged. For example, the Massachusetts Superior Court Model jury instruction for common law fraud and intentional misrepresentation is one and the same. *See* https://www.mass.gov/doc/superior-court-model-civil-jury-instructions-misrepresentation-pdf/download ("Intentional Misrepresentation or Fraud" instruction and setting forth a recklessness standard in the model instruction) (last visited Oct. 25, 2021).

| | | | | Borkowski (NY); Joseph Cacaccio (NY); John Duffy (NY); Gerald Nelson (NY); Cheryl Mullins (VA); Mary McLean (VA) |
|---|---|---|---|---|
| Mylan, Teva Fraud State Grouping No. 1 | MYLTEVFR1 | Alaska; California; Connecticut; Delaware; Georgia; Indiana; Kansas; Kentucky; Maine; Maryland; Massachusetts;[7] Michigan; Nebraska; New Hampshire; New Mexico; North Carolina; Ohio; Pennsylvania; South Carolina; South Dakota; Texas; Utah; West Virginia; Wisconsin | Recklessness Standard | Jay Meader (CA); Mark Hays (CA); Lawrence Edwards (GA); Glenda Cooper (KY); Eric Erwin (TX); Brittney Means (TX) |
| Mylan, Teva Fraud State Grouping No. 2 | MYLTEVFR2 | Alabama; Arizona; Arkansas; Hawaii; Idaho; Illinois; Minnesota; Mississippi; Missouri; Montana; Nevada; Oregon; Tennessee | Ignorance of Truth Standard | Asha Lamy (AL) |
| Mylan, Teva Fraud State Grouping No. 3 | MYLTEVFR3 | Colorado; D.C.; Florida; Iowa; Louisiana; New Jersey; New York; North Dakota; Oklahoma; Rhode Island; Vermont; Virginia; Washington; | Actual Knowledge Standard | Marzanna Glab (NJ); James Lawson (NJ); James Childs (NJ); Joseph Cacaccio (NY); Gerald Nelson (NY); Mary McLean (VA); Robin Roberts (VA) |

---

[7] *See* n.2, *supra.*

| | | Wyoming; Puerto Rico | | |
|---|---|---|---|---|
| Hetero Fraud State Grouping No. 1 | HETFR1 | Alaska; California; Connecticut; Delaware; Georgia; Indiana; Kansas; Kentucky; Maine; Maryland; Massachusetts;[8] Michigan; Nebraska; New Hampshire; New Mexico; North Carolina; Ohio; Pennsylvania; South Carolina; South Dakota; Texas; Utah; West Virginia; Wisconsin | Recklessness Standard | Mark Hays (CA); Peter O'Brien (CT); Leland Gildner (IN); Veronica Longwell (MA) |
| Hetero Fraud State Grouping No. 2 | HETFR2 | Colorado; D.C.; Florida; Iowa; Louisiana; New Jersey; New York; North Dakota; Oklahoma; Rhode Island; Vermont; Virginia; Washington; Wyoming; Puerto Rico | Actual Knowledge Standard | James Childs (NJ) |
| Aurobindo Fraud State Grouping No. 1 | AURFR1 | Alaska; California; Connecticut; Delaware; Georgia; Indiana; Kansas; Kentucky; Maine; Maryland; Massachusetts;[9] Michigan; Nebraska; New Hampshire; New Mexico; North Carolina; Ohio; Pennsylvania; | Recklessness Standard | Mark Hays (CA); Merilyn Andre (CA); Lawrence Edwards (GA); Joseph Kessinger (KS); Dennis Kaplan (OH); Eric Erwin (TX); Veronica Longwell (MA); Linda Crocker (ME); |

---

[8] *See* n.2, *supra.*
[9] *See* n.2, *supra.*

| | | | | |
|---|---|---|---|---|
| | | South Carolina; South Dakota; Texas; Utah; West Virginia; Wisconsin | | |
| Aurobindo Fraud State Grouping No. 2 | AURFR2 | Alabama; Arizona; Arkansas; Hawaii; Idaho; Illinois; Minnesota; Mississippi; Missouri; Montana; Nevada; Oregon; Tennessee | Ignorance of Truth Standard | Evelyn Rice (AR); Marlin Anderson (IL); Jennifer Johnson (MN); |
| Aurobindo Fraud State Grouping No. 3 | AURFR3 | Colorado; D.C.; Florida; Iowa; Louisiana; New Jersey; New York; North Dakota; Oklahoma; Rhode Island; Vermont; Virginia; Washington; Wyoming; Puerto Rico | Actual Knowledge Standard | Elenora Deutenberg/Feijoo (FL); Sandy Bell (LA); Marzanna Glab (NJ); Antoinette Sims (NJ); James Lawson (NJ); Joseph Cacaccio (NY); Gerald Nelson (NY); |

B.  **Common Law Fraud Legal Authorities Table**

| State | Plaintiffs' Proposed Grouping | Legal Authorities | Manufacturer Defendants' Position (from Dkt. No. 520-5) |
|---|---|---|---|
| Alabama | Ignorance of Truth Standard | *Brown Mach. Works & Supply, Inc. v. Ins. Co. of N. Am.*, 951 F. Supp. 988, 995 (M.D. Ala. 1996) ("To succeed on a fraud claim based upon a misrepresentation, a plaintiff must show: (1) a false representation of a material existing fact made *intentionally, recklessly or innocently*; (2) action by the plaintiff in justifiable reliance upon the misrepresentation; and (c) damage to the plaintiff proximately resulting from his or her reliance." (emphasis added) (citing Ala.Code § 6–5–101 (1975)); see also Salter v. Alfa Ins. Co., 561 So.2d 1050, 1053 (Ala.1990). | Agreement[10] |
| Alaska | Recklessness Standard | *Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1285 (Alaska 1985); *see also Larson v. Hugill*, 15 Alaska 348, 356 (D. Alaska 1954) ("To make out a case of fraud the party must prove every element necessary to constitute such, including knowledge of falsity or reckless disregard for truth, intent to deceive, reliance upon such representations, the materiality thereof and damage resulting therefrom, which must concur with the fraud."). | Disagreement |
| Arizona | Ignorance of Truth Standard | *Marcus v. Fox,* 150 Ariz. 342, 344, 723 P.2d 691, 693 (App.1985), *vacated in part by* 150 Ariz. 333, 723 P.2d 682 (1986); *Comerica Bank v. Mahmoodi,* 224 Ariz. 289, 291–92, 229 P.3d 1031, 1033–34 (Ct. App. 2010) | Disagreement |
| Arkansas | Ignorance of Truth Standard | *Jewell v. Fletcher,* 2010 Ark. 195, 377 S.W.3d 176; *Muccio v. Hunt,* 2016 Ark. 178, 4–5, 490 S.W.3d 310, 312–13 (2016) | Disagreement |

---

[10] Defendants do not recognize a third "Ignorance of Truth" alternative standard, but since this State does not appear either in their "Actual Knowledge" chart or their "Reckless" chart, Plaintiffs assume Defendants' agreement as to the classification. (*See* Dkt. No. 520-5, at 23-25.)

| California | Recklessness Standard | Graham v. Bank of Am., N.A., 226 Cal. App. 4th 594, 605-06 (2014) (internal quotation marks and citation omitted). | Disagreement |
|---|---|---|---|
| Colorado | Actual Knowledge Standard | | Agreement |
| Connecticut | Recklessness Standard | *Tuzinkiewicz v. Steckel*, No. FSTCV126016035S, 2013 WL 1849279, at *2 (Conn. Super. Ct. Apr. 10, 2013) ("The elements of common-law fraud include the possibility that the false representation was made recklessly, therefore counts two and three may be considered together."). | Disagreement |
| Delaware | Recklessness Standard | | Agreement |
| District of Columbia | Actual Knowledge Standard | | Agreement |
| Florida | Actual Knowledge Standard | | Agreement |
| Georgia | Recklessness Standard | *Abrams & Wofsy v. Renaissance Inv. Corp.*, 820 F. Supp. 1519, 1530 (N.D. Ga. 1993) ("Under Georgia law, the scienter requirement encompasses either actual knowledge or recklessness." (citing *American Viking Contractors, Inc. v. Scribner Equip. Co., Inc.*, 745 F.2d 1365, 1372 (11th Cir.1984) and *Grizzle v. Guarantee Ins. Co.*, 602 F.Supp. 465, 467 (N.D. Ga.1984) and *Irvin v. Lowe's of Gainesville, Inc.*, 165 Ga. App. 828, 830, 302 S.E.2d 734 (1983))). | Disagreement |
| Hawaii | Ignorance of Truth Standard | *Miyashiro v. Roehrig, Roehrig, Wilson & Hara*, 122 Haw. 461, 482–83, 228 P.3d 341, 362–63 (Ct. App. 2010) (scienter element stated as "with knowledge of their falsity (*or without knowledge of their truth or falsity*)" (emphasis added)). | Disagreement |
| Idaho | Ignorance of Truth Standard | *Frontier Dev. Grp., LLC v. Caravella*, 157 Idaho 589, 594, 338 P.3d 1193, 1198 (2014) (scienter element "the speaker's knowledge about its falsity *or ignorance of its truth*" (emphasis added)). | Agreement[11] |

[11] *See* n. 1, *supra*.

| Illinois | Ignorance of Truth Standard | *Duran v. Leslie Oldsmobile, Inc.*, 229 Ill.App.3d 1032, 1039, 171 Ill.Dec. 835, 594 N.E.2d 1355 (1992) (scienter element "that was known or believed by the speaker to be untrue *or made in culpable ignorance of its truth or falsity*" (emphasis added)). | Disagreement |
| Indiana | Recklessness Standard | | Agreement |
| Iowa | Actual Knowledge Standard | | Agreement |
| Kansas | Recklessness Standard | | Agreement |
| Kentucky | Recklessness Standard | | Agreement |
| Louisiana | Actual Knowledge Standard | | Agreement |
| Maine | Recklessness Standard | | Agreement |
| Maryland | Recklessness Standard | | Agreement |
| Massachusetts | Recklessness Standard[12] | *Welch v. Barach*, 84 Mass. App. Ct. 113, 120, n.11, 993 N.E.2d 742, 748 (2013) ("In Massachusetts, the prima facie elements of intentional misrepresentation (or "deceit") are (a) an intentional or reckless (b) misstatement (c) of an existing fact (d) of a material nature, (e) causing intended reasonable reliance and (f) financial harm to the plaintiff."). | Disagreement |
| Michigan | Recklessness Standard | | Agreement |
| Minnesota | Ignorance of Truth Standard | *U.S. Bank N.A. v. Cold Spring Granite Co.*, 802 N.W.2d 363, 373 (Minn. 2011) ("To establish common law fraud, the Moores must prove: (1) a false representation of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the | Agreement[13] |

---

[12] Under Massachusetts law, the claims of common law fraud (which requires actual knowledge) and intentional misrepresentation are merged. For example, the Massachusetts Superior Court Model jury instructions merge the claims. *See https://www.mass.gov/doc/superior-court-model-civil-jury-instructions-misrepresentation-pdf/download* ("Intentional Misrepresentation or Fraud" instruction and setting forth a recklessness standard in the model instruction).

[13] *See* n.1, *supra*.

| | | falsity of the representation or made without knowing whether it was true or false; (3) with the intention to induce action in reliance thereon; (4) that the representation caused action in reliance thereon; and (5) pecuniary damages as a result of the reliance."); Fraud may also be established by concealment of the truth. *Estate of Jones v. Kvamme,* 449 N.W.2d 428, 431 (Minn.1989). | |
|---|---|---|---|
| Mississippi | Ignorance of Truth Standard | *Watson Labs. Inc. v. State,* 241 So. 3d 573, 594 (Miss. 2018) (scienter element as "the speaker's knowledge of its falsity or ignorance of its truth"). | Agreement[14] |
| Missouri | Ignorance of Truth Standard | Heberer v. Shell Oil Co., 744 S.W.2d 441, 443 (Mo. 1988) (*en banc*) (scienter element as "the speaker's knowledge of its falsity, or his ignorance of its truth"). | Agreement[15] |
| Montana | Ignorance of Truth Standard | *Stanley v. Holms*, 1999 MT 41, ¶ 33, 293 Mont. 343, 353, 975 P.2d 1242, 1248 (Mt. 1999) (scienter element as "the speaker's knowledge of its falsity or ignorance of its truth"). | Agreement[16] |
| Nebraska | Recklessness Standard | | Agreement |
| Nevada | Ignorance of Truth Standard | *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105, 825 P.2d 588, 592 (1992) (scienter element as "the defendant's knowledge or belief that the representation was false (or an insufficient basis for making the representation)"). | Agreement[17] |
| New Hampshire | Recklessness Standard | | Agreement |
| New Jersey | Actual Knowledge Standard | | Agreement |
| New Mexico | Recklessness Standard | | Agreement |

[14] *See* n.1, *supra*.
[15] *See* n.1, *supra*.
[16] *See* n.1, *supra*.
[17] *See* n.1, *supra*.

| New York | Actual Knowledge Standard | | Agreement |
|---|---|---|---|
| North Carolina | Recklessness Standard | | Agreement |
| North Dakota | Actual Knowledge Standard | | Agreement[18] |
| Ohio | Recklessness Standard | | Agreement |
| Oklahoma | Actual Knowledge Standard | | Agreement |
| Oregon | Ignorance of Truth Standard | *Webb v. Clark*, 274 Or. 387, 391, 546 P.2d 1078 (Or. 1976) (scienter element as "the speaker's knowledge of its falsity or ignorance of its truth"). | Agreement[19] |
| Pennsylvania | Recklessness Standard | *Gruenwald v. Advanced Computer* 730 A.2d 1004, 1014 (Pa.Super.1999) (scienter element as "made falsely, with knowledge of its falsity or recklessness as to whether it is true or false"). | Disagreement |
| Rhode Island | Actual Knowledge Standard | | Agreement |
| South Carolina | Recklessness Standard | | Agreement |
| South Dakota | Recklessness Standard | | Agreement |
| Tennessee | Ignorance of Truth Standard | *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn.Ct.App.1990) (citations omitted) (scienter element as "knowledge that the representation was false—that the misrepresentation was made knowingly or recklessly *or without belief or regard for its truth*" (emphasis added)). | Agreement[20] |
| Texas | Recklessness Standard | | Agreement |
| Utah | Recklessness Standard | | Agreement |

---

[18] Defendants take no position regarding the scienter element of fraud in North Dakota.

[19] *See* n.1, *supra*.

[20] *See* n.1, *supra*.

| | | | |
|---|---|---|---|
| Vermont | Actual Knowledge Standard | | Agreement |
| Virginia | Actual Knowledge Standard | | Agreement |
| Washington | Actual Knowledge Standard | | Agreement |
| West Virginia | Recklessness Standard | *Cordial v. Ernst & Young*, 199 W. Va. 119, 130, 483 S.E.2d 248, 259 (W. Va. 1996) (approving of a jury instruction with "reckless" standard and stating, "by definition, fraud does not require in all circumstances that its perpetrator have actual knowledge of the material falsity of a statement"). | Agreement[21] |
| Wisconsin | Recklessness Standard | | Agreement |
| Wyoming | Actual Knowledge Standard | | Agreement[22] |
| Puerto Rico | Actual Knowledge Standard | | Agreement[23] |

---

[21] Defendants take no position regarding the scienter element of fraud in West Virginia.
[22] Defendants take no position regarding the scienter element of fraud in Wyoming.
[23] Defendants take no position regarding the scienter element of fraud in Puerto Rico.

IV.    **CONSUMER PROTECTION ACT – MANUFACTURER DEFENDANTS AND RETAIL PHARMACY DEFENDANTS**

A. **Manufacturer Defendants Consumer Protection Act State Groupings Table**

| API-based FDF Defendant(s) | Subclass Name | States | State Law Features | Named Representatives[24] |
|---|---|---|---|---|
| ZHP, Torrent, Teva Consumer Protection Act State Grouping No. 1 | ZHPTORTEVCPA1 | Alaska; Arizona; California (17200 UCL); Connecticut; D.C.; Florida; Hawaii; Idaho; Illinois; Louisiana; Maryland; Missouri; Montana; Nebraska; New Hampshire; New York; North Carolina; North Dakota; Ohio; Oklahoma; Oregon; Pennsylvania; Puerto Rico; South Carolina; Tennessee; Vermont; Washington; West Virginia; | Intent Not Required / Standardized Violation Language or FTC-guided / Pre-Suit Notice Not Required | Charlie Johnston (CA); Ron Molinaro (FL); Elenora Deutenberg/Feijoo (FL); Marlin Anderson (IL); Georgia Fatigato (IL); Talsie Neal (LA); Alphonse Borkowski (NY); Joseph Cacaccio (NY); John Duffy (NY); Gerald Nelson (NY); Gary Burnett (NC); Miranda Dudley (NC); Dennis Kaplan (OH); Lawrence Semmel (PA) |
| ZHP, Torrent, Teva Consumer Protection Act State Grouping No. 2 | ZHPTORTEVCPA2 | Delaware; Kansas; Minnesota; New Jersey; Wisconsin | Intent Not Required / Non-Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | Jennifer Johnson (MN); James Childs (NJ); Radhakrishna Shetty (NJ) |

[24] The Court has found that plaintiffs may represent absent class members of other states provided the requirements of Rule 23 are met. (Dkt. No. 1614, at 8-12.)

| ZHP, Torrent, Teva Consumer Protection Act State Grouping No. 3 | ZHPTORTEVCPA3 | Alabama; Georgia; Maine; Massachusetts; Mississippi; Texas; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Required | Sandra Kelly (AL); Lubertha Powell (GA); Flora McGilvery (MS); Eric Erwin (TX); Brittney Means (TX); Samuel Cisneros (TX); Jynona Gail Lee (TX) |
|---|---|---|---|---|
| ZHP, Torrent, Teva Consumer Protection Act State Grouping No. 4 | ZHPTORTEVCPA4 | Arkansas; Colorado; Kentucky; Nevada; New Mexico; South Dakota; Utah; Virginia | Intent Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | Evelyn Rice (AR); Glenda Cooper (KY); Billy Joe Bruner (NM); Lawrence Semmel (PA); Cheryl Mullins (VA); Robin Roberts (VA); Mary McLean (VA) |
| ZHP, Torrent, Teva Consumer Protection Act State Grouping No. 5 | ZHPTORTEVCPA5 | Indiana; Wyoming | Intent Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Required | Brian Wineinger (IN); Raleigh Wolfe (IN) |
| Mylan, Teva Consumer Protection Act State Grouping No. 1 | MYLTEVCPA1 | Alaska; Arizona; California (17200 UCL); Connecticut; D.C.; Florida; Hawaii; Idaho; Illinois; Louisiana; Maryland; Missouri; Montana; Nebraska; New Hampshire; New York; North Carolina; North Dakota; Ohio; Oklahoma; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | Jay Meader (CA); Mark Hays (CA); Peter O'Brien (CT); Joseph Cacaccio (NY); Gerald Nelson (NY) |

| | | Oregon; Pennsylvania; Puerto Rico; South Carolina; Tennessee; Vermont; Washington; West Virginia; | | |
|---|---|---|---|---|
| Mylan, Teva Consumer Protection Act State Grouping No. 2 | MYLTEVCPA2 | Delaware; Kansas; Minnesota; New Jersey; Wisconsin | Intent Not Required / Non-Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | Marzanna Glab (NJ); James Lawson (NJ); James Childs (NJ); |
| Mylan, Teva Consumer Protection Act State Grouping No. 3 | MYLTEVCPA3 | Alabama; Georgia; Maine; Massachusetts; Mississippi; Texas; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Required | Asha Lamy (AL); Lawrence Edwards (GA); Eric Erwin (TX); Brittney Means (TX); |
| Mylan, Teva Consumer Protection Act State Grouping No. 4 | MYLTEVCPA4 | Arkansas; Colorado; Kentucky; Nevada; New Mexico; South Dakota; Utah; Virginia | Intent Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | Glenda Cooper (KY); Mary McLean (VA); Robin Roberts (VA); |
| Mylan, Teva Consumer Protection Act State Grouping No. 5 | MYLTEVCPA5 | Indiana; Wyoming | Intent Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Required | Leland Gildner (IN) |

| Hetero Consumer Protection Act State Grouping No. 1 | HETCPA1 | Alaska; Arizona; California (17200 UCL); Connecticut; D.C.; Florida; Hawaii; Idaho; Illinois; Louisiana; Maryland; Missouri; Montana; Nebraska; New Hampshire; New York; North Carolina; North Dakota; Ohio; Oklahoma; Oregon; Pennsylvania; Puerto Rico; South Carolina; Tennessee; Vermont; Washington; West Virginia; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | Mark Hays (CA); Peter O'Brien (CT); |
| Hetero Consumer Protection Act State Grouping No. 2 | HETCPA2 | Delaware; Kansas; Minnesota; New Jersey; Wisconsin | Intent Not Required / Non-Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | James Childs (NJ) |
| Hetero Consumer Protection Act State Grouping No. 3 | HETCPA3 | Indiana; Wyoming | Intent Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Required | Leland Gildner (IN) |
| Aurobindo Consumer | AURCPA1 | Alaska; Arizona; California (17200 | Intent Not Required / | Mark Hays (CA); Merilyn Andre |

| | | UCL); Connecticut; D.C.; Florida; Hawaii; Idaho; Illinois; Louisiana; Maryland; Missouri; Montana; Nebraska; New Hampshire; New York; North Carolina; North Dakota; Ohio; Oklahoma; Oregon; Pennsylvania; Puerto Rico; South Carolina; Tennessee; Vermont; Washington; West Virginia; | Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | (CA); Elenora Deutenberg/Feijoo (FL); Marlin Anderson (IL); Sandy Bell (LA); Joseph Cacaccio (NY); Gerald Nelson (NY); Dennis Kaplan (OH) |
|---|---|---|---|---|
| Protection Act State Grouping No. 1 | | | | |
| Aurobindo Consumer Protection Act State Grouping No. 2 | AURCPA2 | Delaware; Kansas; Minnesota; New Jersey; Wisconsin | Intent Not Required / Non-Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | Joseph Kessinger (KS); Jennifer Johnson (MN); Marzanna Glab (NJ); Antoinette Sims (NJ); James Lawson (NJ); James Childs (NJ) |
| Aurobindo Consumer Protection Act State Grouping No. 3 | AURCPA3 | Alabama; Georgia; Maine; Massachusetts; Mississippi; Texas; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Required | Lawrence Edwards (GA); Linda Crocker (ME); Veronica Longwell (MA); Eric Erwin (TX); |
| Aurobindo Consumer Protection Act State | AURCPA4 | Arkansas; Colorado; Kentucky; Nevada; New | Intent Required / Standardized Violation | Evelyn Rice (AR) |

| Grouping No. 4 | | Mexico; South Dakota; Utah; Virginia | Language or FTC guided / Pre-Suit Notice Not Required | |
|---|---|---|---|---|

**B.  Retail Pharmacy Defendants Consumer Protection Act State Groupings Table**

| Defendant(s) | Subclass Name | States | State Law Features | Named Representatives[25] |
|---|---|---|---|---|
| CVS Consumer Protection Act State Grouping No. 1 | CVSCPA1 | Alaska; Arizona; California (17200 UCL); Connecticut; D.C.; Florida; Hawaii; Idaho; Illinois; Louisiana; Maryland; Missouri; Montana; Nebraska; New Hampshire; New York; North Carolina; North Dakota; Ohio; Oklahoma; Oregon; Pennsylvania; Puerto Rico; South Carolina; Tennessee; Vermont; Washington; West Virginia; | Intent Not Required / Standardized Violation Language or FTC-guided / Pre-Suit Notice Not Required | Jay Meader (CA); Mark Hays (CA); Peter O'Brien (CT); Ron Molinaro (FL); Elenora Deutenberg/Feijoo (FL); Marlin Anderson (IL); Sandy Bell (LA); Lawrence Semmel (PA); |
| CVS Consumer Protection Act State Grouping No. 2 | CVSCPA2 | Delaware; Kansas; Minnesota; New Jersey; Wisconsin | Intent Not Required / Non-Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | Marzanna Glab (NJ); James Lawson (NJ) |
| CVS Consumer Protection Act State Grouping No. 3 | CVSCPA3 | Alabama; Georgia; Maine; Massachusetts; Mississippi; Texas; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Required | Lawrence Edwards (GA); Veronica Longwell (MA); Brittney Means (TX) |
| Walgreens Consumer | WALCPA1 | Alaska; Arizona; California (17200 | Intent Not Required / | Elenora Deutenberg/Feijoo |

---

[25] The Court has found that plaintiffs may represent absent class members of other states provided the requirements of Rule 23 are met. (Dkt. No. 1614, at 8-12.)

| | | | | |
|---|---|---|---|---|
| Protection Act State Grouping No. 1 | | UCL); Connecticut; D.C.; Florida; Hawaii; Idaho; Illinois; Louisiana; Maryland; Missouri; Montana; Nebraska; New Hampshire; New York; North Carolina; North Dakota; Ohio; Oklahoma; Oregon; Pennsylvania; Puerto Rico; South Carolina; Tennessee; Vermont; Washington; West Virginia; | Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | (FL); Georgia Fatigato (IL); John Duffy (NY); |
| Walgreens Consumer Protection Act State Grouping No. 2 | WALCPA2 | Delaware; Kansas; Minnesota; New Jersey; Wisconsin | Intent Not Required / Non-Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | Radhakrishna Shetty (NJ); |
| Walgreens Consumer Protection Act State Grouping No. 3 | WALCPA3 | Alabama; Georgia; Maine; Massachusetts; Mississippi; Texas; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Required | Lubertha Powell (GA); Eric Erwin (TX); Brittney Means (TX); |
| Rite-Aid Consumer Protection Act State Grouping No. 1 | RITCPA1 | Alaska; Arizona; California (17200 UCL); Connecticut; D.C.; Florida; Hawaii; Idaho; Illinois; Louisiana; Maryland; Missouri; Montana; Nebraska; New Hampshire; New York; North | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | Alphonse Borkowski (NY); Joseph Cacaccio (NY); Gerald Nelson (NY); Dennis Kaplan (OH) |

| | | Carolina; North Dakota; Ohio; Oklahoma; Oregon; Pennsylvania; Puerto Rico; South Carolina; Tennessee; Vermont; Washington; West Virginia; | | |
|---|---|---|---|---|
| Rite-Aid Consumer Protection Act State Grouping No. 2 | RITCPA2 | Alabama; Georgia; Maine; Massachusetts; Mississippi; Texas; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Required | Lawrence Edwards (GA) |
| Walmart Consumer Protection Act State Grouping No. 1 | WMTCPA1 | Alaska; Arizona; California (17200 UCL); Connecticut; D.C.; Florida; Hawaii; Idaho; Illinois; Louisiana; Maryland; Missouri; Montana; Nebraska; New Hampshire; New York; North Carolina; North Dakota; Ohio; Oklahoma; Oregon; Pennsylvania; Puerto Rico; South Carolina; Tennessee; Vermont; Washington; West Virginia; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | Talsie Neal (LA); Gary Burnett (NC); |
| Walmart Consumer Protection Act State Grouping No. 2 | WMTCPA2 | Delaware; Kansas; Minnesota; New Jersey; Wisconsin | Intent Not Required / Non-Standardized Violation Language or FTC guided / Pre-Suit | Jennifer Johnson (MN) |

| | | | Notice Not Required | |
|---|---|---|---|---|
| Walmart Consumer Protection Act State Grouping No. 3 | WMTCPA3 | Alabama; Georgia; Maine; Massachusetts; Mississippi; Texas; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Required | Flora McGilvery (MS); Jynona Gail Lee (TX); Samuel Cisneros (TX) |
| Express Scripts Consumer Protection Act State Grouping No. 1 | ESICPA1 | Alaska; Arizona; California (17200 UCL); Connecticut; D.C.; Florida; Hawaii; Idaho; Illinois; Louisiana; Maryland; Missouri; Montana; Nebraska; New Hampshire; New York; North Carolina; North Dakota; Ohio; Oklahoma; Oregon; Pennsylvania; Puerto Rico; South Carolina; Tennessee; Vermont; Washington; West Virginia; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | Mark Hays (CA); Merilyn Andre (CA) |
| Kroger Consumer Protection Act State Grouping No. 1 | KROCPA1 | Alabama; Georgia; Maine; Massachusetts; Mississippi; Texas; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Required | Asha Lamy (AL) |
| OptumRx Consumer Protection Act State Grouping No. 1 | OPTCPA1 | Alaska; Arizona; California (17200 UCL); Connecticut; D.C.; Florida; Hawaii; Idaho; Illinois; Louisiana; Maryland; Missouri; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit | Charlie Johnston (CA) |

| | | Montana; Nebraska; New Hampshire; New York; North Carolina; North Dakota; Ohio; Oklahoma; Oregon; Pennsylvania; Puerto Rico; South Carolina; Tennessee; Vermont; Washington; West Virginia; | Notice Not Required | |
| --- | --- | --- | --- | --- |
| Albertson's Consumer Protection Act State Grouping No. 1 | ALBCPA1 | Alaska; Arizona; California (17200 UCL); Connecticut; D.C.; Florida; Hawaii; Idaho; Illinois; Louisiana; Maryland; Missouri; Montana; Nebraska; New Hampshire; New York; North Carolina; North Dakota; Ohio; Oklahoma; Oregon; Pennsylvania; Puerto Rico; South Carolina; Tennessee; Vermont; Washington; West Virginia; | Intent Not Required / Standardized Violation Language or FTC guided / Pre-Suit Notice Not Required | Merilyn Andre (CA) |

C.  **Consumer Protection Act Legal Authorities Table**

| State & Citation | Violations Premised on Uniform Consumer Sales Practices Act (1970) or Uniform Deceptive Trade Practices Act (1966) | Intent/Knowledge Req'd | Look to FTC Act for Interpretation | Pre-Suit Notice Req'd | Other Unique Feature |
|---|---|---|---|---|---|
| Alabama<br><br>Ala. Code § 8-19-1 *et seq.* | Yes … The following deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful: …<br><br>(2) Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.<br><br>(3) Causing confusion or misunderstanding as to the affiliation, connection, or association with, or certification by another, provided that this section shall not prohibit the private labeling of goods or services. | No … via FTC Act interpretation.<br><br>*Beneficial Corp. v. F.T.C.*, 542 F.2d 611, 617 (3d Cir. 1976) ("An intent to deceive is not an element of a deceptive advertising charge under s 5."). | Yes … Ala. Code § 8-19-6 | Yes … (e) At least 15 days prior to the filing of any action under this section, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be communicated to any prospective respondent by placing in the United States mail or otherwise.<br><br>Ala. Code § 8-19-10 |  |

| | | | | | |
|---|---|---|---|---|---|
| | (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.<br><br>(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.<br><br>(9) Advertising goods or services with intent not to sell them as advertised.<br><br>(27) Engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce.<br><br>Ala. Code § 8-19-5 | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Alaska<br><br>Alaska Stat. § 45.50.471 *et seq.* | (3) causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval, or another person's affiliation, connection, or association with or certification of goods or services;<br><br>(4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;<br><br>(6) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; | No … *State v. O'Neill Investigations, Inc.*, 609 P.2d 520 (Ak. 1980). | Yes … In interpreting AS 45.50.471 due consideration and great weight should be given the interpretations of 15 U.S.C. 45(a)(1) (§ 5(a)(1) of the Federal Trade Commission Act).<br><br>Alaska Stat. Ann. § 45.50.545 (West) | No | |

| | | | | | |
|---|---|---|---|---|---|
| | (8) advertising goods or services with intent not to sell them as advertised;<br><br>(12) using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived, or damaged; | | | | |
| Arizona<br><br>Arizona Rev. Stat. § 44-1522 *et seq.* | The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with | No … via FTC Act interpretation.<br><br>*Beneficial Corp. v. F.T.C.*, 542 F.2d 611, 617 (3d Cir. 1976) ("An intent to deceive is not an element of a deceptive advertising charge under s 5."); *see also State ex rel. Horne v.* | Yes … C. It is the intent of the legislature, in construing subsection A, that the courts may use as a guide interpretations given by the federal trade commission and the federal courts to 15 | No | |

| | intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.<br><br>Ariz. Rev. Stat. Ann. § 44-1522 | *AutoZone, Inc. (App. Div.1 2011)* 227 Ariz. 471, 258 P.3d 289, review granted in part, vacated in part 229 Ariz. 358, 275 P.3d 1278. | United States Code §§ 45, 52 and 55(a)(1).<br><br>Ariz. Rev. Stat. Ann. § 44-1522 | | |
| Arkansas<br><br>Ark. Code § 4-88-101 *et seq.* | (a) Deceptive and unconscionable trade practices made unlawful and prohibited by this chapter include, but are not limited to, the following:<br><br>(1) Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services or as to whether goods are original or new or of a | Yes ... *Midfirst Bank v. Sumpter*, 2016, 508 S.W.3d 69 (2016) | No | No | |

| | | | | |
|---|---|---|---|---|
| | particular standard, quality, grade, style, or model;<br><br>(3) Advertising the goods or services with the intent not to sell them as advertised;<br><br>(10) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade;<br><br>(12) Knowingly facilitating, assisting, intermediating, or in any way aiding the operation or continuance of an act or practice that is in violation of this chapter.<br><br>(b) The deceptive and unconscionable trade practices listed in this section are in addition to and do not limit the types of unfair trade practices actionable at common law or under other | | | |

| | | | | |
|---|---|---|---|---|
| | statutes of this state.<br><br>Ark. Code Ann. § 4-88-107 (West) | | | |
| California<br><br>California Consumers Legal Remedies Act,<br>Cal. Civ. Code §§ 1750 *et seq.*<br><br>Cal. Bus. Prof. Code § 17200 (UCL) | 1770(a): The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer are unlawful: …<br><br>(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.<br><br>(3) Misrepresenting the affiliation, connection, or association with, or certification by, another.<br><br>(5) Representing that goods or services have sponsorship, approval, characteristics, | Yes for CLRA …<br><br>Knowledge of an undisclosed defect is required for a claim of misrepresentation to lie under the CLRA.<br><br>*Beyer v. Symantec Corp.*, 333 F. Supp. 3d 966, 981 (N.D. Cal. 2018)<br><br>No for 17200 UCL claim …<br><br>*Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1133, 167 Cal. Rptr. 3d 832, 856 (2014), as modified on denial of reh'g (Feb. 27, 2014) ("Traditional fraud requirements, such as intent or actual reliance, are inapplicable to the UCL.") (citing *Massachusetts Mutual Life Ins. Co. v. Superior Court* (2002) 97 Cal.App.4th 1282, | No | Yes for CLRA … (a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:<br>(1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.<br>(2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770. | |

57

| | | | | |
|---|---|---|---|---|
| | ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have. | 1288, 119 Cal.Rptr.2d 190)). | | The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California. |
| | (9)    Advertising goods or services with intent not to sell them as advertised. | | | Cal. Civ. Code § 1782 (West) |
| | (16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. | | | No for UCL |
| | ….. | | | |
| | 17200: As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 | | | |

| | | | | | |
|---|---|---|---|---|---|
| | (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code. | | | | |
| Colorado<br><br>Colo. Rev. Stat. § 6-1-105 *et seq.* | (1) A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person:<br><br>(b) Either knowingly or recklessly makes a false representation as to the source, sponsorship, approval, or certification of goods, services, or property;<br><br>(c) Either knowingly or recklessly makes a false representation as to affiliation, connection, or association with or certification by another;<br><br>(e) Either knowingly or recklessly makes a false representation as to the | Yes … "knowingly or recklessly"<br><br>Colo. Rev. Stat. Ann. § 6-1-105 (West) | No | No | |

| | | | | |
|---|---|---|---|---|
| | characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith;<br><br>(g) Represents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another;<br><br>(i) Advertises goods, services, or property with intent not to sell them as advertised;<br><br>Colo. Rev. Stat. Ann. § 6-1-105 (West) | | | |
| Connecticut<br><br>Conn. Gen. Stat. § 42-110a *et seq.* | (a) No person shall engage in unfair methods of competition and unfair or deceptive acts or | No … Under Connecticut Unfair Trade Practices Act (CUTPA), plaintiff is not required to | Yes … (b) It is the intent of the legislature that in construing subsection (a) | No |

| | practices in the conduct of any trade or commerce.<br><br>Conn. Gen. Stat. Ann. § 42-110b (West) | establish that defendant had intent to deceive or knowingly made misrepresentation. Lawrence v. Richman Group Capital Corp., D.Conn.2005, 358 F.Supp.2d 29, on reconsideration 2005 WL 1949864. | of this section, the commissioner and the courts of this state shall be guided by interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 USC 45(a)(1)), as from time to time amended.<br><br>Conn. Gen. Stat. Ann. § 42-110b (West) | | | |
|---|---|---|---|---|---|---|
| Delaware<br><br>6 Del. Code § 2511 *et seq.* | (a) The act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale, lease, receipt, or | No … Fraudulent intent in connection with practice forbidden by the consumer fraud statute is not requisite to the availability of the remedies of the statute. 6 Del.C. §§ 2511(b), 2512, 2513, 2513(a). Nash v. Hoopes, 1975, 332 A.2d 411. | No | No | | |

| | | | | | |
|---|---|---|---|---|---|
| | advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is an unlawful practice. It shall also be an unlawful practice to misrepresent the geographic location of a business or supplier which raises or sells flowers and/or ornamental plants by any of the following:<br><br>Del. Code Ann. tit. 6, § 2513 (West) | | | | |
| District of Columbia<br><br>D.C. Code § 28-3901 *et seq.* | It shall be a violation of this chapter for any person to engage in an unfair or deceptive trade practice, whether or not any consumer is in fact misled, deceived, or damaged thereby, including to:<br>(a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, | No … Under the District of Columbia Consumer Protection Procedures Act (CPPA), a plaintiff does not have to establish intentional misrepresentation in order to make out a claim under the provisions establishing a violation for a person who misrepresents as to a material fact which has a tendency to | Yes … (d) In construing the term "unfair or deceptive trade practice" due consideration and weight shall be given to the interpretation by the Federal Trade Commission and the federal courts of the term "unfair or deceptive act or practice," as employed in section 5(a) of An Act To | No | |

| | ingredients, uses, benefits, or quantities that they do not have; (b) represent that the person has a sponsorship, approval, status, affiliation, certification, or connection that the person does not have; (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another; (e) misrepresent as to a material fact which has a tendency to mislead; (f) fail to state a material fact if such failure tends to mislead; (h) advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered; D.C. Code Ann. § 28-3904 (West) | mislead and making it illegal to fail to state a material fact if such failure tends to mislead, and making it illegal to use innuendo or ambiguity as to a material fact, which has a tendency to mislead. E.M. v. Shady Grove Reproductive Science Center P.C., 2020, 2020 WL 6158575. | create a Federal Trade Commission, to define its powers and duties, and for other purposes, approved September 26, 1914 (38 Stat. 719; 15 U.S.C. § 45(a)). D.C. Code Ann. § 28-3901 (West) | | |
| Florida | (1) Unfair methods of competition, unconscionable | No … The Florida Supreme Court has noted that "deception occurs | Yes … (2) It is the intent of the Legislature that, in | No | |

| Fla. Stat. § 501.201 *et seq.* | acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. Fla. Stat. Ann. § 501.204 (West) | if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So.2d 773, 777 (Fla.2003) *Zlotnick v. Premier Sales Grp., Inc.,* 480 F.3d 1281, 1284 (11th Cir. 2007) | construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2017. Fla. Stat. Ann. § 501.204 (West) | | |
|---|---|---|---|---|---|
| Georgia  Ga. Code Ann. § 10-1-392 (West) | (a) Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful.  (b) By way of illustration only and without limiting the scope of subsection (a) of this Code section, the following practices are declared unlawful: | No … Proving a violation of the Fair Business Practices Act (FBPA) through unfair or deceptive acts or practices, within the meaning of the FBPA, does not require proof of intentional conduct on the defendants' part. *Henderson v. Gandy*, 2004, 270 Ga.App. 827, 608 S.E.2d 248, certiorari granted, affirmed on other grounds 280 Ga. 95, 623 S.E.2d 465 | Yes … (b) It is the intent of the General Assembly that this part be interpreted and construed consistently with interpretations given by the Federal Trade Commission in the federal courts pursuant to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. Section 45(a)(1)), as | Yes … (b) At least 30 days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be delivered to any prospective respondent. Any person receiving such | |

| | | | | |
|---|---|---|---|---|
| | … <br><br> (2) Causing actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of goods or services; <br><br> (3) Causing actual confusion or actual misunderstanding as to affiliation, connection, or association with or certification by another; <br><br> (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have; <br><br> (7) Representing that goods or services are of a particular standard, quality, or grade or that | | from time to time amended. <br><br> Ga. Code Ann. § 10-1-391 (West) | a demand for relief who, within 30 days of the delivering of the demand for relief, makes a written tender of settlement which is rejected by the claimant may, in any subsequent action, file the written tender and an affidavit concerning this rejection and thereby li <br><br> Ga. Code Ann. § 10-1-399 (West) | |

| | goods are of a particular style or model, if they are of another;<br><br>(9) Advertising goods or services with intent not to sell them as advertised;<br><br>Ga. Code Ann. § 10-1-393 (West) | | | |
|---|---|---|---|---|
| Hawaii<br><br>Haw. Rev. Stat. § 480-1 *et seq.* | (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.<br><br>Haw. Rev. Stat. Ann. § 480-2 (West) | No … To demonstrate unfair or deceptive practice in violation of Hawai'i's Unfair or Deceptive Acts or Practices (UDAP), plaintiff need not establish an intent to deceive on the part of defendant, nor any actual deceit. *Newcomb v. Cambridge Home Loans, Inc.*, 2012, 861 F.Supp.2d 1153 | Yes … (b) In construing this section, the courts and the office of consumer protection shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.<br><br>Haw. Rev. Stat. Ann. § 480-2 (West) | No | |
| Idaho | The following unfair methods of | No … Proof of intention to | Yes … This act is to be | No | |

| Idaho Code § 48-601 *et seq.* | competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know, that he has in the past, or is:<br><br>(2)    Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;<br>(3)    Causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;<br><br>(5)  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, | deceive is not required for finding that an act is unfair or deceptive under the Idaho Consumer Protection Act (ICPA); the offending party must be a person who knows, or in the exercise of due care should know, that he has in the past, or is committing an act or practice declared unlawful under the ICPA. *Tricore Investments, LLC v. Estate of Warren through Warren*, 2021, 2021 WL 1395903. | construed uniformly with federal law and regulations. In any action instituted under this act it shall be an absolute defense to show the challenged practices are subject to and comply with statutes administrated by the federal trade commission, or any duties, regulations or decisions interpreting such statutes.<br><br>Idaho Code Ann. § 48-618 (West) | | |

| | | | | | |
|---|---|---|---|---|---|
| | approval, status, affiliation, connection, qualifications or license that he does not have;<br><br>(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;<br><br>(9) Advertising goods or services with intent not to sell them as advertised;<br><br>(17) Engaging in any act or practice that is otherwise misleading, false, or deceptive to the consumer;<br><br>Idaho Code Ann. § 48-603 (West) | | | | |
| Illinois<br><br>815 Ill. Comp. Stat. Ann. 505/1 *et seq.* | Sec. 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, | No … The deceptive act and intent requirements of the Illinois Consumer Fraud Act (ICFA) can be satisfied by innocent misrepresentations of a defendant; to satisfy the intent requirement, plaintiff need not | Yes … In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) | No | |

| | | | | |
|---|---|---|---|---|
| | misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act. | show that defendant intended to deceive the plaintiff, but only that the defendant intended the plaintiff to rely on the intentionally or unintentionally deceptive information given. Chow v. Aegis Mortg. Corp., N.D. Ill.2003, 286 F.Supp.2d 956. | of the Federal Trade Commission Act.2<br><br>815 Ill. Comp. Stat. Ann. 505/2 | | |
| Indiana | Sec. 3. (a) The following acts, | Yes … Absent evidence that | No | Yes … Sec. 5. (a) No action | |

| Ind. Code Ann. § 24-5-0.5-1 (West) | and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts:<br><br>(1) That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have.<br><br>(2) That such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not.<br><br>(7) That the supplier has a sponsorship, approval, or affiliation in such | recreational vehicle (RV) manufacturer acted with an intent to deceive, manufacturer was not liable for fraud or commission of an "incurable" deceptive act under Indiana Deceptive Consumer Sales Act (IDCA) based on its delivery of vehicle with a 360 horsepower engine, rather than one advertised as having a 425 horsepower engine. Anderson v. Gulf Stream Coach, Inc., C.A.7 (Ind.) 2011, 662 F.3d 775, rehearing denied. | | may be brought under this chapter, except under section 4(c) of this chapter, unless (1) the deceptive act is incurable or (2) the consumer bringing the action shall have given notice in writing to the supplier within the sooner of (i) six (6) months after the initial discovery of the deceptive act, (ii) one (1) year following such consumer transaction, or (iii) any time limitation, not less than thirty (30) days, of any period of warranty applicable to the transaction, which notice shall state fully the nature of the alleged deceptive act and the actual damage suffered therefrom, and unless such deceptive act shall have become an | |

| | | | | |
|---|---|---|---|---|
| | consumer transaction the supplier does not have, and which the supplier knows or should reasonably know that the supplier does not have.<br><br>(11) That the consumer will be able to purchase the subject of the consumer transaction as advertised by the supplier, if the supplier does not intend to sell it.<br><br>(b) Any representations on or within a product or its packaging or in advertising or promotional materials which would constitute a deceptive act shall be the deceptive act both of the supplier who places such representation thereon or therein, or who authored such materials, and such other suppliers who shall state orally or in writing that such representation is true if such other | | | uncured deceptive act.<br><br>Ind. Code Ann. § 24-5-0.5-5 (West) | |

| | supplier shall know or have reason to know that such representation was false.<br><br>Ind. Code Ann. § 24-5-0.5-3 (West) | | | | |
|---|---|---|---|---|---|
| Kansas<br><br>Kan. Stat. Ann. § 50-623 (West) | (a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.<br>(b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:<br><br>(A) Property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have;<br>(B) the supplier has a sponsorship, approval, status, affiliation or connection that | No … Intent to deceive is not an element necessary to prove a deceptive act or practice under the Kansas Consumer Protection Act; it is sufficient to prove that the representation was made "knowingly or with reason to know." K.S.A. 50-626(b)(1). Moore v. Bird Engineering Co., P.A., 2002, 41 P.3d 755, 273 Kan. 2. | No | No | |

| | the supplier does not have;<br>(D) property or services are of particular standard, quality, grade, style or model, if they are of another which differs materially from the representation;<br><br>(2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact;<br><br>(3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact;<br><br>(5) offering property or services without intent to sell them;<br><br><br>Kan. Stat. Ann. § 50-626 (West) | | | | |
| Kentucky<br><br>Ky. Rev. Stat. Ann. § | (1) Unfair, false, misleading, or deceptive acts or practices in the conduct of any | Yes … There was no evidence that manufacturer of insulin pump intentionally, | No | No | |

| | | | | |
|---|---|---|---|---|
| 367.110 (West) | trade or commerce are hereby declared unlawful.<br><br>(2)  For the purposes of this section, unfair shall be construed to mean unconscionable. | knowingly, or in bad faith took malign actions affecting consumer, as required for consumer's claims against manufacturer for violations of the Kentucky Consumer Protection Act (KCPA). Dalton v. Animas Corp. (W.D.Ky. 2012) 913 F.Supp.2d 370. | | |
| Louisiana<br><br>La. Stat. Ann. § 51:1401 | A. Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.<br><br>B. The attorney general may make rules and regulations interpreting the provisions of this Chapter consistent with the provisions in R.S. 51:1 through 461.1. Such rules and regulations shall be adopted in the form and manner prescribed by R.S. 49:951 et seq. The validity or applicability of | No … Due to the inherent difficulties of proving intent, an aggrieved party is not required to offer direct evidence of a defendant's intent to deceive under the Louisiana Unfair Trade Practices Act (LUTPA). Balthazar v. Hensley R. Lee Contracting, Inc., App. 4 Cir.2017, 214 So.3d 1032, 2016-0925, 2016-0924, 2016-0927, 2016-09, rehearing denied, writ denied 228 So.3d 741, 2017-0777 (La. 9/22/17). | Yes … As the court of appeal in the instant case noted, this 1972 legislation was modeled after the Federal Trade Commission Act of 1914 (FTC).  In the 1950s, state legislatures began adopting "little FTCs" in an effort to supplement the FTC in areas where the federal agency did not have the resources to enforce the federal act. | No |

| | | | | |
|---|---|---|---|---|
| | a rule may be determined in an action for declaratory judgment in the district court of the parish in which the division is located or in the parish in which the plaintiff resides or is domiciled. Appeals may be had from any ruling of a district court in accordance with the Code of Civil Procedure, except that such appeals shall be given preference and heard in priority to other appeals.<br><br>La. Stat. Ann. § 51:1405 | | *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.,* 2009-1633 (La. 4/23/10), 35 So. 3d 1053, 1056 | |
| Maine<br><br>Me. Rev. Stat. tit. 5, § 205-A | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.<br><br>Me. Rev. Stat. tit. 5, § 207 | No … Act or practice may be deceptive, within meaning of state Unfair Trade Practices Act (UTPA), regardless of a defendant's good faith or lack of intent to deceive. State v. Weinschenk (2005) Me., 868 A.2d 200, on remand 2005 WL 6231166. | Yes … 1. Intent. It is the intent of the Legislature that in construing this section the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to Section 45(a)(1) of the | Yes … 1-A. Settlement offer. At least 30 days prior to the filing of an action for damages, a written demand for relief, identifying the claimant and reasonably describing the unfair and deceptive act or practice relied upon and the |

| | | | | | |
|---|---|---|---|---|---|
| | | | Federal Trade Commission Act (15 United States Code 45(a)(1)), as from time to time amended. Me. Rev. Stat. tit. 5, § 207 | injuries suffered, must be mailed or delivered to any prospective respondent at the respondent's last known address. A person receiving a demand for relief, or otherwise a party to any litigation arising from the claim that is the subject of the court action, may make a written tender of settlement or, if a court action has been filed, an offer of judgment. If the judgment obtained in court by a claimant is not more favorable than any rejected tender of settlement or offer of judgment, the claimant may not recover attorney's fees or costs incurred after the more favorable tender of | |

| | | | | settlement or offer of judgment. Me. Rev. Stat. tit. 5, § 213 | |
|---|---|---|---|---|---|
| Maryland<br><br>Md. Code Ann., Com. Law § 13-101 (West) | Unfair, abusive, or deceptive trade practices include any:<br><br>(1) False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers;<br><br>(2) Representation that:<br>(i) Consumer goods, consumer realty, or consumer services have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit, or quantity which they do not have;<br>(ii) A merchant has a sponsorship, approval, status, affiliation, or connection which he does not have; | No … To violate the Maryland Consumer Protection Act (MCPA), a defendant need not intend to deceive the consumer; rather, whether a statement is misleading is judged from the point of view of a reasonable, but unsophisticated consumer. *Allen v. Bank of America, N.A.*, 2013, 933 F.Supp.2d 716. | Yes … This title shall be construed and applied liberally to promote its purpose. It is the intent of the General Assembly that in construing the term "unfair or deceptive trade practices", due consideration and weight be given to the interpretations of § 5 (a)(1) of the Federal Trade Commission Act1 by the Federal Trade Commission and the federal courts.<br><br>Md. Code Ann., Com. Law § 13-105 (West) | No | |

| | | | | |
|---|---|---|---|---|
| | (iv) Consumer goods, consumer realty, or consumer services are of a particular standard, quality, grade, style, or model which they are not;<br>(5) Advertisement or offer of consumer goods, consumer realty, or consumer services:<br>(i) Without intent to sell, lease, or rent them as advertised or offered; or<br><br>(9) Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with:<br>(i) The promotion or sale of any consumer goods, consumer realty, or consumer service;<br><br>Md. Code Ann., Com. Law § 13-301 (West) | | | |

| | | | | |
|---|---|---|---|---|
| Massachusetts | (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.<br><br>Mass. Gen. Laws Ann. ch. 93A, § 2 (West) | No … An intent to deceive is not required for conduct to be deceptive under the Massachusetts Consumer Protection Act (MCPA). *Weiner v. Rushmore Loan Management Services, LLC*, D.Mass.2019, 424 F.Supp.3d 163. | Yes … (b) It is the intent of the legislature that in construing paragraph (a) of this section in actions brought under sections four, nine and eleven, the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.<br><br>Mass. Gen. Laws Ann. ch. 93A, § 2 (West) | Yes … (3) At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.<br><br>Mass. Gen. Laws Ann. ch. 93A, § 9 (West) | |
| Minnesota<br><br>Minn. Stat. Ann. § 325F.68 & Minn. Stat. Ann. § 8.31 | Subdivision 1. Fraud, misrepresentation, deceptive practices. The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading | No … Liability, under the Minnesota Consumer Fraud Act (MCFA) for fraud or misrepresentation with intent that others' rely on false promise in purchasing merchandise, does not require that the | No | No | |

| | | | | |
|---|---|---|---|---|
| | statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided in section 325F.70.<br><br>Minn. Stat. Ann. § 325F.69 (West)<br><br>Subd. 3a. Private remedies. In addition to the remedies otherwise provided by law, any person injured by a violation of any of the laws referred to in subdivision 1 may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court. The court may, as appropriate, enter | false statement be intentional; however, a successful claimant must prove that he or she relied on the falsehood to show causation. 301 Clifton Place L.L.C. v. 301 Clifton Place Condominium Ass'n, App.2010, 783 N.W.2d 551. | | |

| | | | | |
|---|---|---|---|---|
| | a consent judgment or decree without the finding of illegality. In any action brought by the attorney general pursuant to this section, the court may award any of the remedies allowable under this subdivision.<br><br>Minn. Stat. Ann. § 8.31 (West) | | | |
| Mississippi<br><br>Miss. Code. Ann. § 75-24-1 *et seq.* | (1) Unfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce are prohibited. Action may be brought under Section 75-24-5(1) only under the provisions of Section 75-24-9.<br><br>(2) Without limiting the scope of subsection (1) of this section, the following unfair methods of competition and unfair or deceptive trade practices or acts in the conduct of any | No ... Providing false information is deceptive and violates the Consumer Protection Act (CPA). *In re Mississippi Medicaid Pharmaceutical Average Wholesale Price Litigation* (Miss. 2015) 190 So.3d 829, rehearing denied. | Yes ... (c) It is the intent of the Legislature that in construing what constitutes unfair or deceptive trade practices that the courts will be guided by the interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 USCS 45(a)(1)) as from time to time amended. | Yes ... (2) In any private action brought under this chapter, the plaintiff must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General.<br><br>Miss. Code. Ann. § 75-24-15 (West) | |

| | trade or commerce are hereby prohibited:

(b) Misrepresentation of the source, sponsorship, approval, or certification of goods or services; (c) Misrepresentation of affiliation, connection, or association with, or certification by another; (e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have; (g) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; (i) Advertising goods or services | | Miss. Code. Ann. § 75-24-3 (West) | | |
|---|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| | with intent not to sell them as advertised;<br><br>Miss. Code. Ann. § 75-24-5 (West) | | | |
| Missouri<br><br>Mo. Ann. Stat. § 407.010 *et seq.* | 1. The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice. The use by any person, in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as | No ... Unlike common law fraud claims, to recover under the Missouri Merchandising Practices Act (MMPA), a consumer-purchaser need not prove that the seller had actual knowledge of an undisclosed material fact, or reliance by the consumer-purchaser, or the seller's intent to induce reliance. *Huffman v. Credit Union of Texas*, C.A.8 (Mo.)2014, 758 F.3d 963, rehearing and rehearing en banc denied. | No | No | |

| | | | | |
|---|---|---|---|---|
| | defined in section 407.453, in or from the state of Missouri of the fact that the attorney general has approved any filing required by this chapter as the approval, sanction or endorsement of any activity, project or action of such person, is declared to be an unlawful practice. Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.<br><br>Mo. Ann. Stat. § 407.020 (West) | | | |
| Montana<br><br>Mont. Code Ann. § 30-14-101 *et seq.* | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.<br><br>Mont. Code Ann. § 30-14-103 (West) | No | Yes … (1) It is the intent of the legislature that in construing 30-14-103 due consideration and weight shall be given to the interpretations of the federal trade commission and the federal | No | |

| | | | courts relating to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C., 45(a)(1)), as amended.<br><br>Mont. Code Ann. § 30-14-104 (West) | | |
|---|---|---|---|---|---|
| Nebraska<br><br>Neb. Rev. Stat. Ann. § 59-1602 *et seq.* | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful.<br><br>Neb. Rev. Stat. Ann. § 59-1602 (West) | No … Under Nebraska's Consumer Protection Act, as predicted by federal court, in order to prove a "deceptive practice" when merchants have entered into a contract, the plaintiff must prove that the practice possessed the tendency or capacity to mislead, or created the likelihood of deception; fraud, misrepresentation, and similar conduct are examples of what is prohibited. Neb.Rev.St. § 59-1602. Raad v. Wal-Mart Stores, Inc., 1998, 13 F.Supp.2d 1003. | No | No | |
| Nevada<br><br>Nev. Rev. Stat. Ann. § | A person engages in a "deceptive trade practice" if, in the course of his | Yes … Car buyer did not have cause of action against dealer for deceit | No | No | |

| | | | | | |
|---|---|---|---|---|---|
| 598.0903 *et seq.* | or her business or occupation, he or she:<br><br>2. Knowingly makes a false representation as to the source, sponsorship, approval or certification of goods or services for sale or lease.<br>3. Knowingly makes a false representation as to affiliation, connection, association with or certification by another person.<br><br>5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith.<br><br>7. Represents that goods or services for sale or lease are of a particular | under Nevada law where there was no evidence that dealer intentionally deceived buyer in the sale of the vehicle. Scaffidi v. United Nissan, 2005, 425 F.Supp.2d 1172 | | | |

| | | | | |
|---|---|---|---|---|
| | standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade, style or model.<br><br>9.    Advertises goods or services with intent not to sell or lease them as advertised.<br><br>15.    Knowingly makes any other false representation in a transaction.<br><br>Nev. Rev. Stat. Ann. § 598.0915 (West) | | | |
| New Hampshire<br><br>N.H. Rev. Stat. Ann. § 358-A:1 *et seq.* | It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state. Such unfair method of competition or unfair or deceptive act or practice shall include, but is not | No … "We conclude that the defendant's reckless disregard for the truth of his statements satisfies the degree of knowledge or intent required by Kelton."<br><br>Beer v. Bennett, 160 N.H. 166, 171, 993 A.2d 765, 769 (2010) | Yes … It is the intent of the legislature that in any action or prosecution under this chapter, the courts may be guided by the interpretation and construction given Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), by the Federal | No | |

| | | | |
|---|---|---|---|
| | limited to, the following:<br><br>II.    Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;<br>III.    Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;<br><br>V.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that such person does not have;<br><br>VII. Representing that goods or services are of a particular standard, quality, or grade, or that | | Trade Commission and the federal courts.<br><br>N.H. Rev. Stat. Ann. § 358-A:13 | |

| | goods are of a particular style or model, if they are of another;<br><br>IX.   Advertising goods or services with intent not to sell them as advertised;<br><br>N.H. Rev. Stat. Ann. § 358-A:2 | | | | |
|---|---|---|---|---|---|
| New Jersey<br><br>N.J. Stat. Ann. § 56:8-1 (West) | The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived | No … The Consumer Fraud Act (CFA) establishes three categories of unlawful practices; the first category is an affirmative misrepresentation, even if not made with knowledge of its falsity or an intent to deceive, the second category is the knowing omission or concealment of a material fact, accompanied by an intent that others rely upon the omission or concealment, and the third category is a violation of a specific regulation promulgated under the CFA. Stoecker v. Echevarria, 408 N.J.Super. 597, 975 A.2d 975 (A.D.2009), | No | No | | |

| | | | | |
|---|---|---|---|---|
| | or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser. The advertisement of merchandise as part of a plan or scheme not to sell the item or service so advertised or not to sell the same at the advertised price is an unlawful practice and a violation of the act to which this act is a supplement. | certification denied 200 N.J. 549, 985 A.2d 647. | | | |

| | N.J. Stat. Ann. § 56:8-2 (West)<br><br>The advertisement of merchandise as part of a plan or scheme not to sell the item or service so advertised or not to sell the same at the advertised price is an unlawful practice and a violation of the act to which this act is a supplement.<br><br>N.J. Stat. Ann. § 56:8-2.2 (West) | | | | |
| New Mexico<br><br>N.M. Stat. Ann. § 57-12-1 (West) | Unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful.<br><br>N.M. Stat. Ann. § 57-12-3 (West) | Yes … The knowingly-made requirement for a claim under the New Mexico Unfair Practices Act (NMUPA) is met if the defendant was actually aware that the statement was false or misleading when made, or in the exercise of reasonable diligence should have been aware that the statement was false or misleading. New Mexico v. Capital One Bank (USA) N.A., 2013, 980 F.Supp.2d 1314. | Yes … It is the intent of the legislature that in construing Section 3 of the Unfair Practices Act the courts to the extent possible will be guided by the interpretations given by the federal trade commission and the federal courts.<br><br>N.M. Stat. Ann. § 57-12-4 (West) | No | |
| New York | (a) Deceptive acts or practices in | No … Violation of statute prohibiting | No | No | |

91

| N.Y. Gen. Bus. Law § 349 *et seq.* <br><br> N.Y. Gen. Bus. Law § 350 *et seq.* | the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful. <br><br> N.Y. Gen. Bus. Law § 349 <br><br> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful. <br><br> 1. The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only | deceptive practices does not require showing that defendant's practices and acts were intentional, fraudulent or even reckless, nor does plaintiff have to prove reliance on defendant's deceptive practices. Griffin-Amiel v. Frank Terris Orchestras, 1998, 178 Misc.2d 71, 677 N.Y.S.2d 908; see also Plaintiff asserting claim under New York's consumer protection laws need not demonstrate that defendant acted intentionally or with scienter. Leider v. Ralfe, 2005, 387 F.Supp.2d 283 | | | |

| | representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual. For purposes of this article, with respect to the advertising of an employment opportunity, it shall be deemed "misleading in a material respect" to either fail to reveal whether the employment available or being offered requires or is conditioned upon the purchasing or leasing of supplies, material, | | | | |
|---|---|---|---|---|---|

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | equipment or other property or whether such employment is on a commission rather than a fixed salary basis and, if so, whether the salaries advertised are only obtainable if sufficient commissions are earned.<br><br>N.Y. Gen. Bus. Law § 349 |  |  |  |  |
| North Carolina<br><br>N.C. Gen. Stat. Ann. § 75-1.1 *et seq.* | (a) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful. | No … To recover damages under North Carolina deceptive trade practices statute, plaintiff need not show fraud, bad faith, or intentional misrepresentation. In re Bozzano, 1995, 183 B.R. 735. | Yes … In view of fact that the statute which makes unlawful unfair methods of competition and unfair or deceptive trade practices uses language similar to that employed by the parallel section of the Federal Trade Commission Act, it is appropriate for the court to look to federal decisions interpreting the FTC Act for guidance in construing the state enactment. | No |  |

| | | | Johnson v. Phoenix Mut. Life Ins. Co., 1980, 266 S.E.2d 610, 300 N.C. 247. | | |
|---|---|---|---|---|---|
| North Dakota<br><br>N.D. Cent. Code Ann. § 51-15-01 *et seq.* | The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice. The act, use, or employment by any person of any act or practice, in connection with the sale or advertisement of any merchandise, which is unconscionable or which causes or is likely to cause substantial injury to a person which is not reasonably avoidable by the injured person and not outweighed by | No … If the court finds the defendant knowingly committed the conduct, the court may order that the person commencing the action recover up to three times the actual damages proven and the court must order that the person commencing the action recover costs, disbursements, and actual reasonable attorney's fees incurred in the action.<br><br>N.D. Cent. Code Ann. § 51-15-09 (West) | No | No |

| | | | | |
|---|---|---|---|---|
| | countervailing benefits to consumers or to competition, is declared to be an unlawful practice.<br><br>N.D. Cent. Code Ann. § 51-15-02 (West) | | | |
| Ohio<br><br>Ohio Rev. Code Ann. § 1345.01 *et seq.* | (A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.<br><br>(B) Without limiting the scope of division (A) of this section, the act or practice of a supplier in representing any of the following is deceptive:<br><br>(1) That the subject of a consumer transaction has sponsorship, approval, performance characteristics, | No … Intent to deceive is not an element required for a violation of the deceptive practices portion of the Consumer Sales Practices Act. Rose v. Zaring Homes, Inc. (Ohio App. 1 Dist., 09-19-1997) 122 Ohio App.3d 739, 702 N.E.2d 952, appeal not allowed 81 Ohio St.3d 1421, 688 N.E.2d 1046. | Yes … (C) In construing division (A) of this section, the court shall give due consideration and great weight to federal trade commission orders, trade regulation rules and guides, and the federal courts' interpretations of subsection 45 (a)(1) of the "Federal Trade Commission Act," 38 Stat. 717 (1914), 15 U.S.C.A. 41, as amended.<br><br>Ohio Rev. Code Ann. § 1345.02 (West) | No |

| | | | | |
|---|---|---|---|---|
| | accessories, uses, or benefits that it does not have;<br><br>(2) That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not;<br><br>(5) That the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not, except that the act of a supplier in furnishing similar merchandise of equal or greater value as a good faith substitute does not violate this section;<br><br>(9) That the supplier has a sponsorship, approval, or affiliation that the supplier does not have;<br><br>Ohio Rev. Code Ann. § 1345.02 (West) | | | |
| Oklahoma | A person engages in a practice | No … A person can commit a | No | No | |

| | | | | | |
|---|---|---|---|---|---|
| Okla. Stat. Ann. tit. 15, § 751 *et seq.* | which is declared to be unlawful under the Oklahoma Consumer Protection Act when, in the course of the person's business, the person:<br>1. Represents, knowingly or with reason to know, that the subject of a consumer transaction is of a particular make or brand, when it is of another;<br>2. Makes a false or misleading representation, knowingly or with reason to know, as to the source, sponsorship, approval, or certification of the subject of a consumer transaction;<br>3. Makes a false or misleading representation, knowingly or with reason to know, as to affiliation, connection, association with, or certification by another;<br>5. Makes a false representation, knowingly or with reason to know, as to the | "nonwillful" violation of the DTPA.<br><br>*Trotter v. Am. Mod. Select Ins. Co.*, 220 F. Supp. 3d 1266, 1269 (W.D. Okla. 2016) | | | |

| | characteristics, ingredients, uses, benefits, alterations, or quantities of the subject of a consumer transaction or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith; 7. Represents, knowingly or with reason to know, that the subject of a consumer transaction is of a particular standard, style or model, if it is of another; 8. Advertises, knowingly or with reason to know, the subject of a consumer transaction with intent not to sell it as advertised; Okla. Stat. Ann. tit. 15, § 753 (West) | | | | |
| --- | --- | --- | --- | --- | --- |
| Oregon Or. Rev. Stat. Ann. § | A person engages in an unlawful trade practice if in the course of the person's business, | No ... Plaintiffs, in order to recover under unlawful Trade Practices Act, need not | No | No | |

| | | | | |
|---|---|---|---|---|
| 646.605 *et seq.* | vocation or occupation the person:<br><br>(1) Employs any unconscionable tactic in connection with selling, renting or disposing of real estate, goods or services, or collecting or enforcing an obligation.<br><br>Or. Rev. Stat. Ann. § 646.607 (West)<br><br>(1) A person engages in an unlawful practice if in the course of the person's business, vocation or occupation the person does any of the following:<br>(b) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of real estate, goods or services.<br>(c) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, | prove that the complained of representation was made directly by defendant to plaintiffs or to a third party with intent that it be transmitted to plaintiffs. Raudebaugh v. Action Pest Control, Inc., 1982, 59 Or.App. 166, 650 P.2d 1006. | | |

| | | | | |
|---|---|---|---|---|
| | or certification by, another. (e) Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that the real estate, goods or services do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection that the person does not have. (g) Represents that real estate, goods or services are of a particular standard, quality, or grade, or that real estate or goods are of a particular style or model, if the real estate, goods or services are of another. (i) Advertises real estate, goods or services with intent not to provide the real estate, goods or services as advertised, or with intent not to supply reasonably | | | |

| | | | | |
|---|---|---|---|---|
| | expectable public demand, unless the advertisement discloses a limitation of quantity. (u) Engages in any other unfair or deceptive conduct in trade or commerce.<br><br>Or. Rev. Stat. Ann. § 646.608 (West) | | | | |
| Pennsylvania<br><br>73 Pa. Stat. § 201-1 *et seq.* | (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by subclauses (i) through (xxi) of clause (4) of section 21 of this act and regulations promulgated under section 3.12 of this act are hereby declared unlawful.<br><br>73 Pa. Stat. Ann. § 201-3 (West)<br><br>(4) "Unfair methods of competition" and "unfair or deceptive acts or practices" mean | No … The absence of any reference to the actor's state of mind in the catch-all provision demonstrates that the legislature did not intend to require proof of the actor's state of mind.<br><br>Gregg v. Ameriprise Fin., Inc., 245 A.3d 637, 650 (Pa. 2021) | No | No | |

| | any one or more of the following:

(ii)    Causing likelihood    of confusion  or  of misunderstanding as to the source, sponsorship, approval    or certification    of goods or services; (iii)    Causing likelihood    of confusion  or  of misunderstanding as  to  affiliation, connection    or association   with, or certification by, another; (v)   Representing that    goods    or services    have sponsorship, approval, characteristics, ingredients, uses, benefits    or quantities    that they do not have or  that a  person has a sponsorship, approval,   status, affiliation,    or connection that he does not have; (vii) Representing that    goods    or services  are of a particular standard,   quality or  grade,  or that goods   are  of  a particular style or | | | | |
|---|---|---|---|---|

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | model, if they are of another;<br>(ix) Advertising goods or services with intent not to sell them as advertised;<br><br>(xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.<br><br>73 Pa. Stat. Ann. § 201-2 (West) |  |  |  |  |
| Puerto Rico<br><br>23 L.P.R.A. § 1001 *et seq.* | Every type or kind of act, practice, advertisement or publicity is hereby prohibited which constitutes or tends to constitute fraud or deceit, where the article, product or service is falsely represented or which creates in the consumer an image or erroneous impression on the brand, price, amount, size, quality, grade, salubrity or any other characteristics of the product, article or service. | No … The intent to mislead or confuse the public, although it may be inferred from the deceptive act in many cases, needs not be proved for a violation to exist.<br><br>Garage Ruben, Inc. v. Tribunal Superior, 101 P.R. Dec. 236 (1973) | Yes … It is not necessary for the Federal Trade Commission to show that there was intent to deceive or mislead in order to conclude that violation of the law in question has been incurred, Regina Corp. v. F.T.C., 322 F.2d 765 (3d Cir. 1963), nor to show that someone was actually deceived by an advertisement or practice, Montgomery | No | 23 L.P.R.A. § 1001 |

| | | | | | |
|---|---|---|---|---|---|
| | § 1014 Prohibited acts, practices, advertisements and publicity, 23 L.P.R.A. § 1014 | | Ward & Co. v. F.T.C. 379 F.2d 66 (7th Cir. 1967). That the attached practice was generally followed by the other members of the industry involved cannot be raised as defense either, Times-Picayune Publishing Co. v. United States, 345 U.S. 594 (1953). <br><br> Garage Ruben, Inc. v. Tribunal Superior, 101 P.R. Dec. 236 (1973) | | |
| Rhode Island | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful. <br><br> 6 R.I. Gen. Laws Ann. § 6-13.1-2 (West) <br><br> (6) "Unfair methods of | No … The deception supporting claim for violation of Deceptive Trade Practices Act (DTPA) need not be made with intent to deceive; it is enough that the representations or practices were likely to mislead consumers acting reasonably. Long v. Dell, Inc., 93 A.3d 988 (2014). | Yes … It is the intent of the legislature that in construing §§ 6-13.1-1 and 6-13.1-2 due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating | | Regulation exemption may foreclose claim. <br><br> "Private actions, however, are precluded when the complained of activity is subject to regulation by a |

| | competition and unfair or deceptive acts or practices" means any one or more of the following: (ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (iii) Causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another; (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have; (vii) Representing that goods or services are of a particular standard, quality, | | to § 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), as from time to time amended.<br><br>6 R.I. Gen. Laws Ann. § 6-13.1-3 (West) | | government agency." *Chavers v. Fleet Bank (RI), N.A.,* 844 A.2d 666, 670 (R.I. 2004) |

| | | | | | |
|---|---|---|---|---|---|
| | ~~or grade, or that goods are of a particular style or model, if they are of another;~~<br>~~(ix) Advertising goods or services with intent not to sell them as advertised;~~<br>~~(xii) Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding;~~<br>~~(xiii) Engaging in any act or practice that is unfair or deceptive to the consumer;~~<br>~~(xiv) Using any other methods, acts, or practices that mislead or deceive members of the public in a material respect;~~<br><br>~~6 R.I. Gen. Laws Ann. § 6-13.1-1 (West)~~ | | | | |
| South Carolina<br><br>S.C. Code Ann. § 39-5-10 *et seq.* | (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. | No … The Unfair Trade Practices Act should not be construed to increase a plaintiff's burden of proving liability since its purpose is to give additional protection to victims of unfair trade practices, not to make a case | Yes … (b) It is the intent of the legislature that in construing paragraph (a) of this section the courts will be guided by the interpretations given by the Federal Trade | No | |

| | S.C. Code Ann. § 39-5-20 | harder to prove than it would be under the common law principles. Consistent with this policy, actual knowledge of the principle is not necessary to hold the principle liable for the acts of his or her agents committed within the scope of the agent's authority. Young v. Century Lincoln-Mercury, Inc. (S.C.App. 1989) 302 S.C. 320, 396 S.E.2d 105, affirmed in part, reversed in part 309 S.C. 263, 422 S.E.2d 103. | Commission and the Federal Courts to § 5(a) (1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended. S.C. Code Ann. § 39-5-20 | | |
|---|---|---|---|---|---|
| South Dakota S.D. Codified Laws § 37-24-1 *et seq.* | It is a deceptive act or practice for any person to: (1) Knowingly act, use, or employ any deceptive act or practice, fraud, false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been misled, | Yes … *Brookings Mun. Utilities, Inc. v. Amoco Chemical Co.*, 2000, 103 F.Supp.2d 1169. | No | No | |

| | deceived, or damaged thereby; S.D. Codified Laws § 37-24-6 | | | | |
|---|---|---|---|---|---|
| Tennessee

Tenn. Code Ann. § 47-18-101 *et seq.* | (a) Unfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts or practices and are Class B misdemeanors. (b) The following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part: (2) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services. This subdivision (b)(2) does not prohibit the private labeling of goods and services; (3) Causing likelihood of confusion or misunderstanding | No … Under Consumer Protection Act, to be considered "deceptive," an act is not necessarily required to be knowing or intentional; negligent misrepresentations may be found to be violations of the Act. Fayne v. Vincent, 2009, 301 S.W.3d 162. | Yes … This part, being deemed remedial legislation necessary for the protection of the consumers of the state of Tennessee and elsewhere, shall be construed to effectuate the purposes and intent. It is the intent of the general assembly that this part shall be interpreted and construed consistently with the interpretations given by the federal trade commission and the federal courts pursuant to § 5(A)(1) of the Federal Trade Commission Act, codified in 15 U.S.C. § 45(a)(1). | No | |

| | as to affiliation, connection or association with, or certification by, another. This subdivision (b)(3) does not prohibit the private labeling of goods or services; (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have; (7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; (9) Advertising goods or services with intent not to sell them as advertised; | | Tenn.    Code Ann.  §  47-18-115 (West) | | |
|---|---|---|---|---|---|

| | Tenn. Code Ann. § 47-18-104 (West) | | | | |
|---|---|---|---|---|---|
| Texas<br><br>Tex. Bus. & Com. Code Ann. § 17.41 *et seq.* | (a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code. (b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts: (2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another; | No … Under the Deceptive Trade Practices Act (DTPA), a party is not required to prove intent to make a misrepresentation; making the false representation is itself actionable. Munters Corp. v. Swissco-Young Industries, Inc. (App. 1 Dist. 2002) 100 S.W.3d 292, review dismissed. | Yes … (c)(1) It is the intent of the legislature that in construing Subsection (a) of this section in suits brought under Section 17.47 of this subchapter the courts to the extent possible will be guided by Subsection (b) of this section and the interpretations given by the Federal Trade Commission and federal courts to Section 5(a)(1) of the Federal Trade Commission Act [15 U.S.C.A. § 45(a)(1) ].<br><br>Tex. Bus. & Com. Code Ann. § 17.46 (West) | Yes … (a) As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 of this subchapter against any person, a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant. During the 60-day period a written request | |

111

| | | | | |
|---|---|---|---|---|
| | (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not; (7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; (9) advertising goods or services with intent not to sell them as advertised; (24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into | | | to inspect, in a reasonable manner and at a reasonable time and place, the goods that are the subject of the consumer's action or claim may be presented to the consumer.<br><br>Tex. Bus. & Com. Code Ann. § 17.505 (West) | |

| | | | | |
|---|---|---|---|---|
| | which the consumer would not have entered had the information been disclosed;<br><br>Tex. Bus. & Com. Code Ann. § 17.46 (West) | | | |
| Utah<br><br>Utah Code Ann. § 13-11-1 *et seq.* | (1) A deceptive act or practice by a supplier in connection with a consumer transaction violates this chapter whether it occurs before, during, or after the transaction.<br>(2) Without limiting the scope of Subsection (1), a supplier commits a deceptive act or practice if the supplier knowingly or intentionally:<br><br>(a) indicates that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not; | Yes … "knowingly or intentionally …."<br><br>Utah Code Ann. § 13-11-4 (West) | Yes … This act shall be construed liberally to promote the following policies:<br><br>(4) to make state regulation of consumer sales practices not inconsistent with the policies of the Federal Trade Commission Act relating to consumer protection;<br><br>Utah Code Ann. § 13-11-2 (West) | No |

| | | | | | |
|---|---|---|---|---|---|
| | (b) indicates that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not;<br><br>(e) indicates that the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not;<br><br>Utah Code Ann. § 13-11-4 (West) | | | | |
| Vermont | (a) Unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce are hereby declared unlawful.<br><br>Vt. Stat. Ann. tit. 9, § 2453 (West) | No … Representations susceptible to multiple reasonable interpretations may violate the Consumer Fraud Act as long as one of those interpretations is false; notably, no intent to deceive or mislead need be proven because the Act requires only proof of an intent to publish. Inkel v. Pride Chevrolet-Pontiac, Inc., 2008, 945 A.2d 855, 183 Vt. 144. | Yes … (b) It is the intent of the Legislature that in construing subsection (a) of this section, the courts of this State will be guided by the construction of similar terms contained in Section 5(a)(1) of the Federal Trade Commission Act1 as from time to time amended by the Federal Trade Commission and the courts | No | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | of the United States.<br><br>Vt. Stat. Ann. tit. 9, § 2453 (West) | | | |
| Virginia | A. The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful:<br><br>2. Misrepresenting the source, sponsorship, approval, or certification of goods or services;<br><br>3. Misrepresenting the affiliation, connection, or association of the supplier, or of the goods or services, with another;<br><br>5. Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits;<br><br>6. Misrepresenting that goods or | Yes … To satisfy the Virginia Consumer Protection Act (VCPA), a misrepresentation must be a false representation, of material fact, made intentionally and knowingly, with intent to mislead. Synergistic Intern., LLC v. Korman, 2005, 402 F.Supp.2d 651, 77 U.S.P.Q.2d 1599, affirmed in part, vacated in part and remanded 470 F.3d 162, 81 U.S.P.Q.2d 1054, on remand 2007 WL 517677. | No | No | |

| | | | | | |
|---|---|---|---|---|---|
| | services are of a particular standard, quality, grade, style, or model;<br><br>8.    Advertising goods or services with intent not to sell them as advertised, or with intent not to sell at the price or upon the terms advertised.<br><br>14.  Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction; | | | | |
| Washington | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.<br><br>Wash. Rev. Code Ann. § 19.86.020 (West) | No    …    Neither intent to deceive, proof of specific party being deceived, nor possibility of future deception by business was necessary predicate to finding violation of Consumer Protection Act. State v. A.N.W. Seed Corp. (1991) 116 Wash.2d 39, 802 P.2d 1353. | Yes    … Washington's CPA was initially adopted in 1961 and modeled generally after section 5 of the Federal Trade Commission Act (FTCA), 15 U.S.C. § 45(a)(1); Hangman Ridge, 105 Wash.2d at 783, 719 P.2d 531. As with | No | |

116

|  |  |  | the CPA, the FTCA *17 broadly prohibits "unfair or deceptive acts or practices." The CPA was intended to "complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts or practices." RCW 19.86.920. As such, "in construing this act, the courts [should] be guided by final decisions of the federal courts and final orders of the federal trade commission." RCW 19.86.920; State v. Black, 100 Wash.2d 793, 799, 676 P.2d 963 (1984) ("When the Legislature enacted **866 the Consumer Protection Act, it anticipated that our courts |  |  |
|--|--|--|--|--|--|

| | | | would be guided by the interpretation given by federal courts to their corresponding federal statutes."). State v. Living Essentials, LLC, 8 Wash. App. 2d 1, 16–17, 436 P.3d 857, 865–66, review denied, 193 Wash. 2d 1040, 449 P.3d 658 (2019), and cert. denied, 141 S. Ct. 234, 208 L. Ed. 2d 14 (2020) | | |
| West Virginia | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. W. Va. Code Ann. § 46A-6-104 (West) (7) "Unfair methods of competition and unfair or deceptive acts or practices" means and includes, but | Likely No | Yes … It is the intent of the Legislature that, in construing this article, the courts be guided by the policies of the Federal Trade Commission and interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade | No | |

| | | | | |
|---|---|---|---|---|
| | is not limited to, any one or more of the following:<br><br>(B) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;<br>(C) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another;<br>(E) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;<br>(G) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or | | Commission Act (15 U. S. C. § 45(a)(1)), as from time to time amended, and to the various other federal statutes dealing with the same or similar matters.<br><br>W. Va. Code Ann. § 46A-6-101 (West) | |

| | | | | |
|---|---|---|---|---|
| | model if they are of another;<br>(I)     Advertising goods or services with intent not to sell them as advertised;<br>(M) The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby;<br><br>W. Va. Code Ann. § 46A-6-102 (West) | | | |
| Wisconsin | (1) Methods of competition in business and trade practices in business shall be fair. Unfair methods of | No … In prosecution under this section state did not have to prove intentional conduct by defendants in all | No | No | |

| | | | | |
|---|---|---|---|---|
| | competition in business and unfair trade practices in business are hereby prohibited.<br><br>Wis. Stat. Ann. § 100.20 (West)<br><br>(1)  No  person, firm,  corporation or association, or agent or employee thereof,  with intent  to  sell, distribute, increase  the consumption of or in  any  wise dispose of any real estate, merchandise, securities, employment, service,  or anything  offered by  such  person, firm,  corporation or association, or agent or employee thereof, directly or indirectly,  to  the public  for  sale, hire,  use  or other distribution,  or with  intent  to induce  the  public in any  manner to enter  into  any contract  or obligation relating to  the  purchase, sale,  hire,  use  or lease  of any  real estate, | charged circumstances for a conviction.  State v.  Stepniewski (1982)  314 N.W.2d  98,  105 Wis.2d 261. | | | |

| | merchandise, securities, employment or service, shall make, publish, disseminate, circulate, or place before the public, or cause, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper, magazine or other publication, or in the form of a book, notice, handbill, poster, bill, circular, pamphlet, letter, sign, placard, card, label, or over any radio or television station, or in any other way similar or dissimilar to the foregoing, an advertisement, announcement, statement or representation of any kind to the public relating to such purchase, sale, hire, use or lease of such real estate, merchandise, securities, service or employment or to the terms or | | | | |
|---|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| | conditions thereof, which advertisement, announcement, statement or representation contains any assertion, representation or statement of fact which is untrue, deceptive or misleading.<br><br>Wis. Stat. Ann. § 100.18 (West)<br><br>(2) No person may advertise the availability of any drug or publish or circulate such an advertisement with the intent of selling, increasing the consumption of or generating interest in the drug if the advertisement contains any untrue, deceptive or misleading representations material to the effects of the drug.<br><br>Wis. Stat. Ann. § 100.182 (West) | | | |
| Wyoming | (a) A person engages in a deceptive trade practice unlawful under this act | Yes … To establish case of fraudulent misrepresentation in consumer sales | No | No | |

| | | | | |
|---|---|---|---|---|
| | when, in the course of his business and in connection with a consumer transaction, he knowingly: (i) Represents that merchandise has a source, origin, sponsorship, approval, accessories or uses it does not have; (ii) Represents that he has a sponsorship, approval or affiliation he does not have; (iii) Represents that merchandise is of a particular standard, grade, style or model, if it is not; (x) Advertises merchandise with intent not to sell it as advertised; (xv) Engages in unfair or deceptive acts or practices; Wyo. Stat. Ann. § 40-12-105 (West) | transaction, consumer must establish that seller knowingly made false representation of material fact with intent of inducing her to purchase the product, and that she was induced to make the purchase, to her detriment, by her reasonable reliance upon the seller's statements. Big-O Tires, Inc. v. Santini, 1992, 838 P.2d 1169. | | | |

## V.    UNJUST ENRICHMENT – RETAIL PHARMACY DEFENDANTS AND WHOLESALER DEFENDANTS

### A.  Wholesaler Defendant Unjust Enrichment State Groupings Table

| Wholesaler Defendant(s) | Subclass Name | States | State Law Features | Named Representatives[26] |
|---|---|---|---|---|
| Wholesaler Defendants Unjust Enrichment State Grouping No. 1 | WHUE1 | Texas | Higher "Unjust" Burden; Primary Claim; DB Required | Eric Erwin (TX); Brittney Means (TX); Jynona Gail Lee (TX); Samuel Cisneros (TX) |
| Wholesaler Defendants Unjust Enrichment State Grouping No. 2 | WHUE2 | Alabama; Montana; | Higher "Unjust" Burden; Alternative Claim; DB NOT Required | Asha Lamy (AL); Sandra Kelly (AL) |
| Wholesaler Defendants Unjust Enrichment State Grouping No. 3 | WHUE3 | Arizona; Arkansas; Connecticut; Maryland; Minnesota; Rhode Island; Vermont; Wyoming; | Normal UE Burden; Primary Claim; DB NOT Required | Peter O'Brien (CT); Jennifer Johnson (MN); |
| Wholesaler Defendants Unjust Enrichment State Grouping No. 4 | WHUE4 | Alaska; Delaware; Florida; Georgia; Idaho; Nebraska; New Jersey; North Dakota; Ohio; Pennsylvania; Virginia; Washington; | Normal UE Burden; Alternative Claim; DB Required | Ron Molinaro (FL); Elenora Deutenberg/Feijoo (FL); Lawrence Edwards (GA); Lubertha Powell (GA); Marzanna Glab (NJ); Antoinette Sims (NJ); James Lawson (NJ); James Childs (NJ); Radhakrishna Shetty (NJ); Dennis Kaplan (OH); Lawrence Semmel (PA); Robin Roberts (VA); Mary McLean (VA); Cheryl Mullins (VA); |

---

[26] The Court has found that plaintiffs may represent absent class members of other states provided the requirements of Rule 23 are met. (Dkt. No. 1614, at 8-12.)

| | | | | |
|---|---|---|---|---|
| Wholesaler Defendants Unjust Enrichment State Grouping No. 5 | WHUE5 | California; Colorado; D.C.; Hawaii; Illinois; Indiana; Iowa; Kansas; Louisiana; Maine; Massachusetts; Mississippi; Missouri; Nevada; New Mexico; New York; North Carolina; Oklahoma; Oregon; South Carolina; South Dakota; Tennessee; Utah; Puerto Rico | Normal UE Burden; Alternative Claim; DB NOT Required | Jay Meader (CA); Mark Hays (CA); Merilyn Andre (CA); Charlie Johnston (CA); Marlin Anderson (IL); Georgia Fatigato (IL); Brian Wineinger (IN); Raleigh Wolfe (IN); Joseph Kessinger (KS); Talsie Neal (LA); Sandy Bell (LA); Linda Crocker (ME); Veronica Longwell (MA); Flora McGilvery (MS); Billy Joe Bruner (NM); Alphonse Borkowski (NY); John Duffy (NY); Gerald Nelson (NY); Joseph Cacaccio (NY); Gary Burnett (NC); Miranda Dudley (NC); |
| Wholesaler Defendants Unjust Enrichment State Grouping No. 5 | WHUE6 | Kentucky | Higher UE Burden; Alternative Claim; DB Required | Glenda Cooper (KY) |

**B. Retail Pharmacy Defendants Unjust Enrichment State Grouping Table**

| Subclass Name | Group Name | States | State Law Features | Named Representatives[27] |
|---|---|---|---|---|
| CVS Unjust Enrichment Grouping No. 1 | CVSUE1 | Texas | Higher "Unjust" Burden; Primary Claim; DB Required | Brittney Means (TX) |
| CVS Unjust Enrichment Grouping No. 2 | CVSUE2 | Arizona; Arkansas; Connecticut; Maryland; Minnesota; Rhode Island; Vermont; Wyoming; | Normal UE Burden; Primary Claim; DB NOT Required | Peter O'Brien (CT); |
| CVS Unjust Enrichment Grouping No. 3 | CVSUE3 | Alaska; Delaware; Florida; Georgia; Idaho; Nebraska; New Jersey; North Dakota; Ohio; Pennsylvania; Virginia; Washington; | Normal UE Burden; Alternative Claim; DB Required | Marzanna Glab (NJ); James Lawson (NJ); Ronald Molinaro (FL); Larry Semmel (PA); Lawrence Edwards (GA); Fernando Feijoo (son of Elenora Deutenberg) (FL) |
| CVS Unjust Enrichment Grouping No. 4 | CVSUE4 | California; Colorado; D.C.; Hawaii; Illinois; Indiana; Iowa; Kansas; Louisiana; Maine; Massachusetts; Mississippi; Missouri; Nevada; New Mexico; New York; North Carolina; Oklahoma; Oregon; South Carolina; South Dakota; Tennessee; Utah; Puerto Rico | Normal UE Burden; Alternative Claim; DB NOT Required | Marlin Anderson (IL); Sandy Bell (LA); Mark Hays (CA); Joseph Kessinger (KS); Jay Meader (CA); Veronica Longwell (MA) |
| Walgreens Unjust Enrichment Grouping No. 1 | WALUE1 | Texas | Higher "Unjust" Burden; Primary Claim; DB Required | Eric Erwin (TX); Brittney Means (TX) |
| Walgreens Unjust Enrichment | WALUE2 | Alaska; Delaware; Florida; Georgia; Idaho; Nebraska; New Jersey; North Dakota; | Normal UE Burden; Alternative | Lubertha Powell (GA); Fernando Feijoo (son of |

---

[27] The Court has found that plaintiffs may represent absent class members of other states provided the requirements of Rule 23 are met. (Dkt. No. 1614, at 8-12.)

| Grouping No. 2 | | Ohio; Pennsylvania; Virginia; Washington; | Claim; DB Required | Elenora Deutenberg) (FL); Robin Roberts (VA); Radhakrishna Shetty (NJ) |
|---|---|---|---|---|
| Walgreens Unjust Enrichment Grouping No. 3 | WALUE3 | California; Colorado; D.C.; Hawaii; Illinois; Indiana; Iowa; Kansas; Louisiana; Maine; Massachusetts; Mississippi; Missouri; Nevada; New Mexico; New York; North Carolina; Oklahoma; Oregon; South Carolina; South Dakota; Tennessee; Utah; Puerto Rico | Normal UE Burden; Alternative Claim; DB NOT Required | Marlin Anderson (IL); Billy Joe Bruner (NM); John Duffy (NY); Georgia Fatigato (IL); Raleigh Wolfe (IN) |
| Rite-Aid Unjust Enrichment Grouping No. 1 | RITUE1 | Alaska; Delaware; Florida; Georgia; Idaho; Nebraska; New Jersey; North Dakota; Ohio; Pennsylvania; Virginia; Washington; | Normal UE Burden; Alternative Claim; DB Required | Dennis Kaplan (OH); Lawrence Edwards (GA) |
| Rite-Aid Unjust Enrichment Grouping No. 2 | RITUE2 | California; Colorado; D.C.; Hawaii; Illinois; Indiana; Iowa; Kansas; Louisiana; Maine; Massachusetts; Mississippi; Missouri; Nevada; New Mexico; New York; North Carolina; Oklahoma; Oregon; South Carolina; South Dakota; Tennessee; Utah; Puerto Rico | Normal UE Burden; Alternative Claim; DB NOT Required | Alphonse Borkowski (NY); Joseph Cacaccio (NY); Gerald Nelson (NY) |
| Walmart Unjust Enrichment Grouping No. 1 | WMTUE1 | Texas | Higher "Unjust" Burden; Primary Claim; DB Required | Samuel Cisneros (TX); Jyona Gail Lee (TX); |
| Walmart Unjust Enrichment Grouping No. 2 | WMTUE2 | Arizona; Arkansas; Connecticut; Maryland; Minnesota; Rhode Island; Vermont; Wyoming; | Normal UE Burden; Primary Claim; DB NOT Required | Jennifer Johnson (MN); |
| Walmart Unjust Enrichment Grouping No. 3 | WMTUE3 | Alaska; Delaware; Florida; Georgia; Idaho; Nebraska; New Jersey; North Dakota; Ohio; Pennsylvania; Virginia; Washington; | Normal UE Burden; Alternative Claim; DB Required | Robin Roberts (VA); |

| Walmart Unjust Enrichment Grouping No. 4 | WMTUE4 | California; Colorado; D.C.; Hawaii; Illinois; Indiana; Iowa; Kansas; Louisiana; Maine; Massachusetts; Mississippi; Missouri; Nevada; New Mexico; New York; North Carolina; Oklahoma; Oregon; South Carolina; South Dakota; Tennessee; Utah; Puerto Rico | Normal UE Burden; Alternative Claim; DB NOT Required | Gary Burnett (NC); Flora McGilvery (MS); Talsie Neal (LA); Brian Wineinger (IN) |
|---|---|---|---|---|
| Express Scripts Unjust Enrichment Grouping No. 1 | ESIUE1 | California; Colorado; D.C.; Hawaii; Illinois; Indiana; Iowa; Kansas; Louisiana; Maine; Massachusetts; Mississippi; Missouri; Nevada; New Mexico; New York; North Carolina; Oklahoma; Oregon; South Carolina; South Dakota; Tennessee; Utah; Puerto Rico | Normal UE Burden; Alternative Claim; DB NOT Required | Merilyn Andre (CA); Mark Hays (CA); Veronica Longwell (MA) |
| Kroger Unjust Enrichment Grouping No. 1 | KROUE1 | California; Colorado; D.C.; Hawaii; Illinois; Indiana; Iowa; Kansas; Louisiana; Maine; Massachusetts; Mississippi; Missouri; Nevada; New Mexico; New York; North Carolina; Oklahoma; Oregon; South Carolina; South Dakota; Tennessee; Utah; Puerto Rico | Normal UE Burden; Alternative Claim; DB NOT Required | Merilyn Andre (CA); Leland Gildner (IN); |
| Optum Rx Unjust Enrichment Grouping No. 1 | OPTUE1 | California; Colorado; D.C.; Hawaii; Illinois; Indiana; Iowa; Kansas; Louisiana; Maine; Massachusetts; Mississippi; Missouri; Nevada; New Mexico; New York; North Carolina; Oklahoma; Oregon; South Carolina; South Dakota; Tennessee; Utah; Puerto Rico | Normal UE Burden; Alternative Claim; DB NOT Required | Charlie Johnston (CA); |
| Albertson's Unjust Enrichment Grouping No. 1 | ALBUE1 | California; Colorado; D.C.; Hawaii; Illinois; Indiana; Iowa; Kansas; Louisiana; Maine; Massachusetts; Mississippi; Missouri; Nevada; New Mexico; New | Normal UE Burden; Alternative Claim; DB NOT Required | Merilyn Andre (CA) |

129

| | | York; North Carolina; Oklahoma; Oregon; South Carolina; South Dakota; Tennessee; Utah; Puerto Rico | |
|---|---|---|---|

## C.  Unjust Enrichment Legal Authorities Table

| State | Plaintiffs' Proposed Grouping | Legal Authorities | Wholesaler & Retailer Defendants' Position (from Dkt. Nos. 522-2 & 523-4) |
|---|---|---|---|
| Alabama | Higher "Unjust" Burden; Alternative Claim; DB NOT Required | *Abernathy v. Church of God*, No. 4:11-CV-2761-VEH, 2011 WL 13135285, at *2 (N.D. Ala. Nov. 28, 2011) (stating that "any notion that *Hancock-Hazlett* requires proof of a direct benefit in order to sustain an unjust enrichment claim under Alabama law is misplaced at best"); *Univalor Tr., SA v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 382 (S.D. Ala. 2016) ("unjust enrichment is an equitable remedy only to be invoked where there is no available remedy at law") | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Disagreed (Wholesalers) |
| Alaska | Normal UE Burden; Alternative Claim; DB Required | *Nystrom v. Buckhorn Homes, Inc.*, 778 P.2d 1115, 1125–26 (Ak. 1989); *Haines v. Comfort Keepers, Inc.*, 393 P.3d 422, 428–29 (Ak. 2017) | Burden: Agreed Alt. Claim: Agreed DB Required: Agreed |
| Arizona | Normal UE Burden; Primary Claim; DB NOT Required | *Pyeatte v. Pyeatte*, 135 Ariz. 346, 352, 661 P.2d 196, 202 (Ct. App. 1982) ("Unjust enrichment does not depend upon the existence of a valid contract, ... nor is it necessary that plaintiff suffer a loss corresponding to the defendant's gain for there to be valid claim for an unjust enrichment..."); *Isofoton, S.A. v. Giremberk*, No. CV–04–0798–PHX–ROS, 2006 WL 1516026, at *3 (D.Ariz. | Burden: Agreed Primary Claim[28]: Disagreed (Wholesalers) DB Not Required: Agreed |

---

[28] *See also* MTD Op. 6, at 29 & n.30 (Dkt. No. 1019): "The Court has reviewed each of the cases cited in footnote 29 and finds the cases cited under Arizona law and North Dakota law do not support the proposition that a plaintiff must plead there is no adequate remedy in the law for the unjust enrichment claims and discusses its disagreement in footnote 30."

| | | | |
|---|---|---|---|
| | | May 30, 2006) ("An unjust enrichment count should not be dismissed unless it [is] insufficient apart from its inconsistency with the other counts."). | |
| Arkansas | Normal UE Burden; Primary Claim; DB NOT Required | *Thompson v. Bayer Corp.*, 2009 WL 362982, at *5 (E.D. Ark. Feb. 12, 2009) ("[A]lthough the enrichment to the defendant must be at the expense of the plaintiff, the enrichment need not come directly from the plaintiff. The enrichment may come from a third party."); *see also id.* (primary claim) | Burden: Agreed Primary Claim: Agreed DB NOT Required: Agreed |
| California | Normal UE Burden; Alternative Claim; DB NOT Required | *St. Paul Fire & Marine Ins. Co v. Insurance Co. of the State of Pennsylvania*, 2016 WL 1191808, at *7 (N.D. Cal. Mar. 28, 2016) ("[C]laims based upon unjust enrichment do not depend upon a direct contractual duty between the [parties]."); | Burden: Disagreed[29] (Wholesalers) Alt. Claim: Agreed DB NOT Required: Agreed |
| Colorado | Normal UE Burden; Alternative Claim; DB NOT Required | *Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008) (holding unjust enrichment "does not depend in any way upon a promise or privity between the parties"); *Redd Iron, Inc. v. Int'l Sales & Servs. Corp.*, 200 P.3d 1133, 1138 (Colo. App. 2008) (providing discussion of issue and stating that "malfeasance need not invariably be shown to establish unjust enrichment"). | Burden: Disagreed (Wholesalers) Alt. Claim: Agreed DB NOT Required: Agreed |
| Connecticut | Normal UE Burden; Primary Claim; DB NOT Required | *Bank of New York Mellon v. Fidelity National Title Ins. Co.*, 2013 WL 5663263, at *4 (Conn. Super. Ct. Sept. 20, 2013) ("The elements of a cause of action for unjust enrichment [] do not include a contractual privity requirement."); *Dicin Elec. Co., Inc. v. O & G Indus., Inc.*, No. HHDCV166070813S, 2017 WL 2764752, at *2 (Conn. Super. Ct. May 25, 2017) (argument that absence of | Burden: Disagreed (Wholesalers) Primary Claim: Disagreed DB NOT Required: Agreed |

---

[29] The Wholesaler Defendants' own citation shows that wrongdoing is not required on the part of the unjust enrichment defendant. (*See* Dkt. No. 522-2, at 2 (case citation stating that unjust enrichment claim will lie under California law where the defendant has been unjustly enriched through "mistake").)

| | | adequate remedy at law was required was "incorrect") | |
|---|---|---|---|
| Delaware | Normal UE Burden; Alternative Claim; DB Required | *United States v. Children's Advoc. Ctr. of Delaware*, No. CV 15-442-GMS, 2017 WL 4161975, at *3 (D. Del. Sept. 20, 2017) ("A claim of unjust enrichment requires the plaintiff to show that "the party against whom recovery is sought either wrongfully secured *or passively received the benefit that would be unconscionable for the party to retain* without compensating the provider." (emphasis added)). | Burden: Disagreed (Wholesalers) Alt. Claim: Agreed DB Required: Agreed |
| District of Columbia | Normal UE Burden; Alternative Claim; DB NOT Required | *Movahedi v. U.S. Bank, N.A.*, 853 F. Supp. 2d 19, 29 (D.D.C. 2012) ("A claim of unjust enrichment does not require fault on the part of the recipient of the benefit." (citation omitted)). | Burden: Disagreed (Wholesalers) Alt. Claim: Agreed DB Not Required: Agreed |
| Florida | Normal UE Burden; Alternative Claim; DB Required | | Burden: Disagreed[30] (Wholesalers) Alt. Claim: Agreed DB Required: Agreed |
| Georgia | Normal UE Burden; Alternative Claim; DB Required | | Burden: Agreed Alt. Claim: Agreed DB Required: Agreed |
| Hawaii | Normal UE Burden; Alternative Claim; DB NOT Required | *See Joslin v. Ota Camp-Makiba Ass'n*, 2019 WL 1500008, at *9-10 (Haw. Ct. App. Apr. 5, 2019) (plaintiff "conferred a benefit upon [defendant] by causing [an insurer] to issue an undisputed payment") | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Agreed |
| Idaho | Normal UE Burden; Alternative | | Burden: Agreed Alt. Claim: Agreed DB Required: Agreed |

---

[30] The Wholesaler Defendants' own citation shows that wrongdoing is not required on the part of the unjust enrichment defendant. (*See* Dkt. No. 522-2, at 3 (case citation stating that unjust enrichment claim will lie under Florida law where the defendant has been unjustly enriched through "mistake").)

132

| | | | |
|---|---|---|---|
| | Claim; DB Required | | |
| Illinois | Normal UE Burden; Alternative Claim; DB NOT Required | *Kremers v. Coca-Cola Co.*, 712 F. Supp. 2d 759, 775 (S.D. Ill. 2010) ("Illinois law does not require wrongful conduct as a necessary element of a claim for unjust enrichment.") | Burden: Disagreed Alt. Claim: Agreed DB NOT Required: Agreed |
| Indiana | Normal UE Burden; Alternative Claim; DB NOT Required | | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Agreed |
| Iowa | Normal UE Burden; Alternative Claim; DB NOT Required | *State, Dep't of Hum. Servs. ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154 (Iowa 2001) ("The doctrine of unjust enrichment serves as a basis for restitution. Smith, 325 N.W.2d at 94. It may arise from contracts, torts, or other predicate wrongs, or it may also serve as independent grounds for restitution in the absence of mistake, wrongdoing, or breach of contract.") | Burden: Disagreed Alt. Claim: Agreed DB NOT Required: Agreed |
| Kansas | Normal UE Burden; Alternative Claim; DB NOT Required | | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Agreed |
| Kentucky | Higher UE Burden; Alternative Claim; DB Required | | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Agreed |
| Louisiana | Normal UE Burden; Alternative Claim; DB NOT Required | | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Agreed |
| Maine | Normal UE Burden; Alternative | | Burden: Agreed Alt. Claim: Agreed |

| | | | |
|---|---|---|---|
| | Claim; DB NOT Required | | DB NOT Required: Agreed |
| Maryland | Normal UE Burden; Primary Claim; DB NOT Required | | Burden: Agreed Primary Claim: Agreed DB NOT Required: Agreed |
| Massachusetts | Normal UE Burden; Alternative Claim; DB NOT Required | *Brandt v. Wand Partners*, 242 F.3d 6, 16 (1st Cir. 2001) ("Brandt appears to be right that under Massachusetts law unjust enrichment does not always require a finding of wrongdoing by the defendant."). | Burden: Disagreed Alt. Claim: Agreed DB NOT Required: Agreed |
| Minnesota | Normal UE Burden; Primary Claim; DB NOT Required | *Kranz v. Koenig*, 484 F. Supp. 2d 997, 1001 (D. Minn. 2007) ("At least two Minnesota Court of Appeals cases indicate that a plaintiff may maintain an unjust enrichment claim against the entity who benefits from the wrongdoing committed by another."). | Burden: Disagreed Primary Claim: Agreed DB NOT Required: Agreed |
| Mississippi | Normal UE Burden; Alternative Claim; DB NOT Required | | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Agreed |
| Missouri | Normal UE Burden; Alternative Claim; DB NOT Required | *Brown v. Brown*, 152 S.W.3d 911, 918 (Mo. Ct. App. 2005) (stating that "it is not necessary that the unjustly enriched party be found to have engaged in legal wrongdoing or have had wrongful or malicious intent"). | Burden: Disagreed Alt. Claim: Agreed DB NOT Required: Agreed |
| Montana | Higher "Unjust" Burden; Alternative Claim; DB NOT Required | | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Agreed |

| Nebraska | Normal UE Burden; Alternative Claim; DB Required | *Infogroup, Inc. v. Database LLC*, 95 F. Supp. 3d 1170, 1198 (D. Neb. 2015) ("The Nebraska Supreme Court has adopted the Restatement (Third) view of unjust enrichment."); *see also* Restatement (Third) of Restitution and Unjust Enrichment § 5 (2011) ("A transfer induced by invalidating mistake is subject to rescission and restitution."). | Burden: Disagreed Alt. Claim: Agreed DB Required: Agreed |
| North Carolina | Normal UE Burden; Alternative Claim; DB NOT Required | *Dean v. Mattox*, 250 N.C. 246, 249, 108 S.E.2d 541, 544 (1959) ("The right of recovery does not presuppose a wrong by the person who received the money, and the presence of actual fraud is not essential to the right of recovery."). | Burden: Disagreed Alt. Claim: Agreed DB NOT Required: Agreed |
| Nevada | Normal UE Burden; Alternative Claim; DB NOT Required | | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Agreed |
| New Jersey | Normal UE Burden; Alternative Claim; DB Required | *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 331 (D.N.J. 2014) (finding that plaintiffs stated unjust enrichment claim against retailer defendants for sale of faulty appliances without having to allege fault or wrongdoing by retailers). | Burden: Disagreed Alt. Claim: Agreed DB Required: Agreed |
| New Mexico | Normal UE Burden; Alternative Claim; DB NOT Required | | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Agreed |
| New York | Normal UE Burden; Alternative Claim; DB NOT Required | *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 471 (E.D.N.Y. 2013) ("Under New York law, unjust enrichment does not require a direct relationship between the parties.") | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Disagreed |
| North Carolina | Normal UE Burden; Alternative Claim; DB NOT Required | *Dean v. Mattox*, 250 N.C. 246, 249, 108 S.E.2d 541, 544 (1959) ("The right of recovery does not presuppose a wrong by the person who received the money, and the presence of actual fraud is not essential to the right of recovery."). | Burden: Disagreed Alt. Claim: Agreed DB NOT Required: Agreed |
| North Dakota | Normal UE Burden; | *Sykeston Twp. v. Wells Cty.*, 356 N.W.2d 136, 140 (N.D. 1984) ("Fraud or other | Burden: Disagreed Alt. Claim: Agreed |

| | Alternative Claim; DB Required | misconduct on the part of the person alleged to have been unjustly enriched need not be shown.") | DB Required: Agreed |
|---|---|---|---|
| Ohio | Normal UE Burden; Alternative Claim; DB Required | *Est. of Cowling v. Est.of Cowling*, 2006-Ohio-2418, ¶ 19, 109 Ohio St. 3d 276, 281, 847 N.E.2d 405, 411 ("[A] constructive trust may also be imposed where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud."). | Burden: Disagreed Alt. Claim: Agreed DB Required: Agreed |
| Oklahoma | Normal UE Burden; Alternative Claim; DB NOT Required | | Burden: Agreed Alt. Claim: Agreed DB Required: Agreed |
| Oregon | Normal UE Burden; Alternative Claim; DB NOT Required | *Webb v. Clark*, 274 Or. 387, 391, 546 P.2d 1078 (Or. 1976) (scienter element as "the speaker's knowledge of its falsity or ignorance of its truth"). | Burden: Disagreed[31] Alt. Claim: Agreed DB NOT Required: Agreed |
| Pennsylvania | Normal UE Burden; Alternative Claim; DB Required | | Burden: Agreed Alt. Claim: Agreed DB Required: Agreed |
| Rhode Island | Normal UE Burden; Primary Claim; DB NOT Required | | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Agreed |
| South Carolina | Normal UE Burden; Alternative Claim; DB NOT Required | | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Agreed |

---

[31] The Wholesaler Defendants' own citation shows that wrongdoing is not required on the part of the unjust enrichment defendant. (*See* Dkt. No. 522-2, at 7 (case citation stating that unjust enrichment claim will lie under Oregon law where the defendant has been unjustly enriched through "mistake").)

| | | | |
|---|---|---|---|
| South Dakota | Normal UE Burden; Alternative Claim; DB NOT Required | | Burden: Agreed<br>Alt. Claim: Agreed<br>DB NOT Required: Agreed |
| Tennessee | Normal UE Burden; Alternative Claim; DB NOT Required | | Burden: Agreed<br>Alt. Claim: Agreed<br>DB NOT Required: Agreed |
| Texas | Higher "Unjust" Burden; Primary Claim; DB Required | | Burden: Agreed<br>Primary Claim: Agreed<br>DB Required: Agreed |
| Utah | Normal UE Burden; Alternative Claim; DB NOT Required | | Burden: Agreed<br>Alt. Claim: Agreed<br>DB NOT Required: Agreed |
| Vermont | Normal UE Burden; Primary Claim; DB NOT Required | | Burden: Agreed<br>Primary Claim: Agreed<br>DB NOT Required: Agreed |
| Virginia | Normal UE Burden; Alternative Claim; DB Required | *James G. Davis Constr. Corp. v. FTJ, Inc.*, 298 Va. 582, 591, 841 S.E.2d 642, 647 (Va. 2020) ("Typical examples of unjust enrichment involve a payment or overpayment under a mistake of fact, Central Nat. Bank of Richmond v. First & Merchants Nat. Bank of Richmond, 171 Va. 289, 311, 198 S.E. 883 (1938)[.]"). | Burden: Disagreed<br>Alt. Claim: Agreed<br>DB NOT Required: Agreed |
| Washington | Normal UE Burden; Alternative Claim; DB Required | | Burden: Agreed<br>Alt. Claim: Agreed<br>DB NOT Required: Agreed |

| | | | |
|---|---|---|---|
| Wyoming | Normal UE Burden; Primary Claim; DB NOT Required | | Burden: Agreed Primary Claim: Agreed DB NOT Required: Agreed |
| Puerto Rico | Normal UE Burden; Alternative Claim; DB NOT Required | | Burden: Agreed Alt. Claim: Agreed DB NOT Required: Agreed |