# Exhibit 186

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br><br><br>This Documents Relates to All Actions | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Judge |

## STIPULATION

WHEREAS, in response to Wholesaler Defendants' written responses to Request Nos. 5 and 7 in Plaintiffs' Rule 34 Requests for Production of Documents to Wholesaler Defendants (McKesson, AmeriSourceBergen Corporation, and Cardinal Health), Plaintiffs in the above-captioned action have requested that Wholesaler Defendants each produce an exemplar of a "form T3" that corresponds to a purchase of a Valsartan Containing Drug ("VCD") from a Manufacturer Defendant and a sale of a VCD to a Retail Pharmacy Defendant;

WHEREAS, Wholesaler Defendants have stated in their written responses to Requests Nos. 5 and 7 that section 360eee-1(c)(1)(A)(v)(II) of the Drug Supply Chain Security Act ("DSCSA") requires Wholesaler Defendants to "maintain the confidentiality of the transaction information (including any lot level information consistent with the requirements of this section), transaction history, and transaction statement [collectively, "T3 data"] for a product in a manner that prohibits disclosure to any person other than the Secretary or other appropriate Federal or State official. . ."; and it is their position that the DSCSA prohibits the disclosure of any T3 data, including exemplars of such, by Wholesaler Defendants to Plaintiffs;

WHEREAS, Plaintiffs have advised Wholesaler Defendants that they disagree with Wholesaler Defendants' position as to whether the DSCSA immunizes T3 data from discovery in this or any other litigation, and that it is Plaintiffs' position that Wholesaler Defendants have waived any basis to refuse

production of exemplars of a "form T3" that corresponds to a purchase of a VCD from a Manufacturer Defendant and a sale of a VCD to a Retail Pharmacy Defendant;

WHEREAS, subject to all parties preserving their respective positions on the discoverability of T3 data and the related scope of DSCSA preemption in this context, the parties agree to enter into this stipulation; and

WHEREAS, the parties agree that a stipulation, which generally identifies the data fields corresponding to the purchase of a VCD by a Wholesaler Defendant and the data fields corresponding to the sale of a VCD by a Wholesaler Defendant, will provide Plaintiffs sufficient information about the kinds of T3 data exchanged and maintained by Wholesaler Defendants, while maintaining the confidentiality of Wholesalers' T3 data, to obviate the need for any production by Wholesaler Defendants of any exemplars of T3 data and/or a "form T3" corresponding to any purchase of a VCD from a Manufacturer Defendant or sale of a VCD to a Retail Pharmacy Defendant in response to Plaintiffs' Rule 34 Requests for Production of Documents to the Wholesaler Defendants;

NOW THEREFORE, Wholesaler Defendants and Plaintiffs, by and through counsel, stipulate as follows:

1. Since January 1, 2015, Wholesaler Defendants have received from Manufacturer Defendants an electronic or paper transmission of T3 data, as that data is described in the DSCSA, corresponding to each purchase of a VCD by a Wholesaler Defendant.

2. The T3 data corresponding to each purchase of a VCD by a Wholesaler Defendant from a Manufacturer Defendant contains the following data required by the DSCSA: Product Name, Product Strength, Product Dosage Form, NDC Number, Container Size, Number of Containers, Lot Number, Transaction Date, Shipment Date (if greater than 24 hours from transaction date), Seller Name and Address, Buyer Name and Address, Transaction History (Manufacturer Name and Address), and Transaction Statement.

3. Each Wholesaler Defendant maintains a record of the T3 data corresponding to the purchase of a VCD by a Wholesaler Defendant from a Manufacturer Defendant for a period of six years.

4. Each Wholesaler Defendant has a record of the T3 data corresponding to purchases of the VCD NDCs at issue in this litigation by a Wholesaler Defendant from a Manufacturer Defendant for the period of January 1, 2015 through December 31, 2019, as collected in the regular course of business, and will maintain such records through the pendency of this litigation, including exhaustion of any appeals, for the purposes of this litigation only.

5. Since July 1, 2015, Wholesaler Defendants have transmitted to Retail Pharmacy Defendants an electronic or paper transmission of T3 data, as that data is described in the DSCSA, corresponding to each sale of a VCD by a Wholesaler Defendant.

6. The T3 data corresponding to each sale of a VCD by a Wholesaler Defendant to a Retail Pharmacy Defendant contains the following data required by the DSCSA: Product Name, Product Strength, Product Dosage Form, NDC Number, Container Size, Number of Containers, Transaction Date, Shipment Date (if greater than 24 hours from transaction date), Seller Name and Address, Buyer Name and Address, Transaction History (Manufacturer Name and Address), and Transaction Statement.

7. Pursuant to the provisions of the DSCSA, Wholesaler Defendants are not required to and do not transmit Lot Number data to Retail Pharmacy Defendants with the sale of a direct purchased VCD, which includes, all VCDs purchased by a Wholesaler Defendant from a Manufacturer Defendant.

8. Each Wholesaler Defendant maintains a record of the T3 data corresponding to the sale of a VCD by a Wholesaler Defendant to a Retail Pharmacy Defendant for a period of six years.

9. Each Wholesaler Defendant has a record of the T3 data corresponding to sales of the VCD NDCs in issue in this litigation by a Wholesaler Defendant to a Retail Pharmacy Defendant for the period of January 1, 2015 through December 31, 2019, as collected in the regular course of business, and will maintain such records through the pendency of this litigation, including exhaustion of any appeals, for the purposes of this litigation only; and

10. This stipulation is in lieu of discovery of a T3 exemplar and/or a "form T3." Nothing in this stipulation prohibits Plaintiffs from seeking T3 data at a later

time. Plaintiffs and Wholesaler Defendants each preserve all arguments pertaining to the discoverability of T3 data.

Dated:  February 11, 2021

/s/ *Jeffrey D. Geoppinger*
Jeffrey D. Geoppinger
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH  45202-2409
(513) 698-5038
(513) 698-5039 FAX
jgeoppinger@ulmer.com
**Attorney for AmerisourceBergen Corporation**

/s/ *Marie S. Dennis*
Marie S. Dennis
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2538
mdennis@crowell.com
**Attorney for Defendant Cardinal Health, Inc.**

/s/ *D'Lesli M. Davis*
D'Lesli M. Davis
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201-7932
(214) 855-8221
(214) 855-8200 FAX
dlesli.davis@nortonrosefulbright.com
**Attorney for Defendant McKesson Corporation**

/s/ *David J. Stanoch*
David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
d.stanoch@kanner-law.com
***Attorney for Plaintiffs***