# Exhibit 193

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler |

## ECONOMIC LOSS TRIAL MANAGEMENT PLAN AND STRUCTURE

**I.   Introduction**

A class trial is a manageable way to litigate Plaintiffs' and other Class Members' claims. Plaintiffs respectfully submit the following trial plan in support of their motion for class certification to identify the proposed phases of trial, the common elements of their claims to be tried, and the attendant common evidence.

Plaintiffs submit this proposed Trial Management Plan outlining how they intend to try the claims of the proposed classes. Because of the common issues and class-wide evidence to be reviewed by the Court and jurors in this case, a single trial is the most efficient and effective means to resolve all Class Members' claims. *See, e.g.*, Multidistrict Litigation Manual, App'x K (2020) (discussing trial preparation after class certification has been addressed).

Plaintiffs propose a three-phase trial for establishing Defendants' liability, and the availability of compensatory and non-compensatory damages and/or civil penalties (jury determination) and equitable relief (bench determination). *See, e.g.*, Manual for Complex Litigation (Fourth) ("MCL"), § 32.45 (2004). For Phase I, Plaintiffs propose a joint bench/jury

1

trial where the jurors (as to legal claims) and the Court (as to equitable claims) will determine liability, award compensatory damages, and determine entitlement to non-compensatory damages and/or civil penalties, as applicable. Plaintiffs will jointly present all common evidence concerning Defendants' unlawful actions to the jury (as to legal claims) and to the Court (as to equitable claims). *Id.* at § 11.632. Outside the presence of the jury, the Court will receive common evidence concerning restitution and/or disgorgement related to Plaintiffs' equitable claims, as well as any supplementary common liability evidence for the equitable claims, if necessary. The common evidence adduced in support of the legal and equitable claims will largely overlap. Plaintiffs will also present all common evidence concerning the calculation of compensatory damages (which the jury will determine). A jury will determine entitlement to non-compensatory damages and/or civil penalties as to all applicable legal claims. *Id.* at § 22.93. The parties and the Court will craft appropriate jury questionnaires so as to receive these jury determinations.

Assuming all common evidence has been presented to the jury and to the Court, and assuming liability and entitlement to compensatory and non-compensatory damages and/or civil penalties have been established in Phase I, the trial will then proceed to Phase II. In Phase II, the jury and/or the Court will determine the amount of non-compensatory damages and/or civil penalties owed by Defendants. Then, in Phase III, damages will be apportioned amongst Defendants. Finally, after trial, damages will be allocated to individual Class Members though a claims administration process (which, potentially, could be overseen by the Special Master in addition to a professional claims administration services firm).

    **II.**    **Details of Trial Management Plan**

**A. Phase I: Proof of Liability, Determination of Compensatory Damages, and Determination of Entitlement to Non-Compensatory Damages and/or Civil Penalties**

    1. Proof presented

### a. Proof of liability

In Phase I, a single jury will hear liability common evidence on the legal claims, *viz.*, those claims reflected in the state law groupings filed herewith. The theories can be summarized as follows, but see the state law groupings for additional detail:

- Manufacturer Defendants' breach of express warranty – existence and nature of warranties; product divergence from warranties
- Manufacturer Defendants and Retail Pharmacy Defendants' breach of implied warranty – existence and nature of warranties; product divergence from warranties
- Manufacturer Defendants' fraud – nature and content of actionable statements or omissions; veracity of same
- Manufacturer Defendants' and Retail Pharmacy Defendants' violation of state consumer protection laws – nature and content of unfair or deceptive acts
- Retail Pharmacy Defendants' and Wholesaler Defendants' unjust enrichment – nature and receipt of benefits; unjustness of retention of same

Further, in its discretion, the Court will hear liability common evidence on all equitable claims, as determined in the lead-up to trial and at the final pretrial conference.

Both the jury and the Court will hear common evidence on core issues that will concurrently prove Defendants' liability under each of the claims asserted. Because the claims brought on behalf of the respective Classes will be predicated on common facts, all of the Classes' claims can be jointly prosecuted in a single trial with a jury making findings on the legal claims, and the Court making findings on the equitable claims. *See* MCL § 11.631.

### b. Proof of compensatory damages

Also in Phase I, Plaintiffs will present class-wide proof of aggregate damages (both compensatory and equitable), using an economic worthlessness methodology as outlined in Dr. Conti's Declaration.

3

2. **Phase I trial stages**

Phase I of the trial will include the below stages.

   a. **Preliminary instructions to the jury**

At the commencement of Phase I, jurors will be provided with a summary of the key factual and legal issues that will be at issue during the trial. *See* MCL § 12.432. Although the final instructions given to the jurors at the end of each phase will govern the jurors' deliberations, these preliminary instructions will orient the jurors to the common evidence they will see and hear throughout trial. The jury will be presented with a detailed jury questionnaire regarding certain specific findings they may need to make for purposes of certain claims and/or non-compensatory damages and/or civil penalties.

   b. **Opening statements**

The parties will present opening statements regarding common core liability evidence, compensatory damages, and non-compensatory damages and/or civil penalties entitlement issues that are common to all Plaintiffs' claims.

   c. **Presentation of common liability evidence**

To prove their claims, Plaintiffs will submit common evidence to the jury and to the Court, *see* MCL § 11.631, on the following issues common to all Plaintiffs:

- Defendants' conduct applicable to all claims
- Breach of express warranty – existence and nature of warranties; product divergence from warranties
- Breach of implied warranty – existence and nature of warranties; product divergence from warranties
- Fraud – nature and content of actionable statements or omissions; the veracity, and if applicable the materiality, of same; deception of class members
- Violation of state consumer protection laws – nature and content of unfair or deceptive acts
- Unjust enrichment – nature and receipt of benefits; unjustness of retention of same

4

All common evidence Plaintiffs will present will come from a discrete number of sources common to the Classes, including Defendants' documents, communications, omissions, and corporate testimony; Defendants' regulatory submissions; regulatory statements or findings; Plaintiffs' testimony; and expert testimony.

### d. Presentation of common evidence regarding compensatory damages

Plaintiffs will present common evidence and expert analysis establishing the aggregate amount of class-wide compensatory damages. *See* MCL § 22.93. *First*, Plaintiffs will prove that Defendants' conduct harmed all Class Members, in part because Class Members would not (and could not) have paid anything for VCDs. *Second*, Plaintiffs will prove that Defendants' conduct harmed Class Members such that they should be issued recompense for having purchased the economically worthless VCDs. The common evidence Plaintiffs will present to prove aggregate compensatory damages will come from a discrete number of sources common to the Classes, including Defendants' documents, communications and testimony; documents from third-party sources; Defendants' regulatory submissions; regulatory statements or findings; Plaintiffs' testimony; and expert testimony.

### e. Closing arguments

The parties will present closing arguments summarizing the common evidence presented throughout trial and the main issues that the jury and the Court will decide.

### f. Equitable claims

Outside the presence of the jury, Plaintiffs will present common evidence to the Court concerning the proper amount of restitution and/or disgorgement to award, as well as any other common evidence needed to establish their equitable claims that was not already presented during

5

the jury proceedings. At the Court's discretion, it may later charge the jury on certain issues pertinent to equitable claims, on which the jury could render an advisory verdict.

### g. Final instructions

Jurors will be provided with jury instructions, and a detailed jury questionnaire regarding specific factual determinations they may need to make, and make factual findings for the Class Members' claims. *See* MCL § 12.434. The jury will also make findings as to the aggregate amount of compensatory damages to be awarded to the Classes (subject to automatic doubling or trebling, as appropriate), as well as the entitlement to non-compensatory damages and/or civil penalties. The Court will make all findings as to Plaintiffs' equitable claims, including the amount of restitution and/or disgorgement owed.

## B. Phase II: Proof of Non-Compensatory Damages and/or Civil Penalties

Based on the jury's and the Court's findings in Phase I, in Phase II the jury and/or the Court (as appropriate based on the substantive law) will determine the aggregate amount of non-compensatory damages and/or civil penalties to be awarded. *See* MCL § 23.37.

### 1. Phase II trial stages

Phase II will include the following stages.

#### a. Opening statements

The parties will present opening statements regarding their methodologies for determining aggregate non-compensatory damages and/or civil penalties.

#### b. Presentation of common evidence regarding aggregate non-compensatory damages and/or civil penalties

Plaintiffs will present common evidence and expert analysis regarding the aggregate amount of class-wide non-compensatory damages and/or civil penalties. All of the common evidence Plaintiffs will present to prove aggregate non-compensatory damages and/or civil

6

penalties will come from a discrete number of sources common to the Classes, including Defendants' documents, communications and testimony; documents from third-party sources; Defendants' regulatory submissions; regulatory statements or findings; Plaintiffs' testimony; and expert testimony.

### c. Closing arguments

The parties will present closing arguments regarding Plaintiffs' method for calculating aggregate non-compensatory damages and/or civil penalties.

### d. Final instructions

Jurors will be provided with final jury instructions, and a detailed jury questionnaire for appropriate predicate factual findings, and will return their verdict in which they will find the aggregate non-compensatory damages and/or civil penalties incurred by the Classes as available by law. For any non-compensatory damages and/or civil penalties wherein the substantive law vests the award of non-compensatory damages and/or civil penalties in the Court's discretion, the Court will issue a ruling on non-compensatory damages and/or civil penalties as well.

## C. Phase III: Damages Apportionment

In Phase III, the jury will hear common evidence to decide how to apportion among Defendants the aggregate damages awarded by the jury in Phases I and II, and restitution and disgorgement awarded by the Court in Phase I. The common evidence Plaintiffs will present on apportionment will come from a discrete number of sources common to the Classes, including Defendants' documents, communications and testimony; documents from third-party sources; Defendants' regulatory submissions; regulatory statements or findings; Plaintiffs' testimony; and expert testimony.

### D. Post-Trial: Claims Administration

Aggregate damages awarded by the jury during Phases I and II, and restitution and disgorgement awarded by the Court in Phase I, as apportioned by the jury in Phase III, will be allocated through an administrative posttrial process and the submission of claim forms and/or direct conveyance to Class Members their allocated share of the aggregate recovery. The allocation of damages will not involve any issues related to Defendants or their liability, but will instead only address issues that are internal to the Classes. Potentially, the current Special Master can be utilized to supervise or assist the process.

After the conclusion of Phase II, Plaintiffs will submit a Claims Administration Protocol. The Protocol will involve either the submission of claims or the direct distribution to Class Members of their allocated share of the aggregate recovery. To the extent the Protocol is based on claims submitted, it will call for Class Members to submit information germane to the claims for which liability; compensatory damages, restitution, and disgorgement; and entitlement to non-compensatory damages and/or civil penalties have been determined. To the extent the Protocol involves a direct distribution, the Claims Administrator will identify Class Members based on available data sources (e.g., Retail Pharmacy dispensing data), and calculate each Class Member's share of the aggregate recovery for purposes of a direct distribution. Plaintiffs may recommend the appointment of allocation counsel or other designees (e.g., the current Special Master) charged with reviewing the forms and information submitted by Class Members and resolving any individualized damages issues. Plaintiffs will then submit an itemized report the Court that recommends a specific damages allocation among Class Members. Class Members will have the opportunity to contest or comment upon the allocation recommendation prior to the Court entering final judgment.

### III. The Court May Modify the Trial Management Plan If Needed

Plaintiffs will be prepared to address any case management concerns the Court may have as they arise. To the extent events occur during the course of litigation or trial that would require modification of the Trial Management Plan, the Court may, in its discretion, modify the trial plan.[1]

Plaintiffs also reserve the right to suggest modifications to this Trial Management Plan in advance of trial as may become necessary.

---

[1] The Court has broad discretion to manage the conduct of a trial and the evidenced presented by the parties. *See, e.g.*, *Stich v. United States*, 730 F.2d 115, 117 (3d Cir. 1984);