# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

—————
*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°

—————
°Member of N.J. & N.Y. Bars

November 22, 2021

***VIA ECF***

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, New Jersey 08101

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

Re:     ***In re Valsartan, Losartan, and Irbesartan Liability Litigation***,
        **Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler and Judge Vanaskie:

Please accept this letter on behalf of Plaintiffs in advance of the November 24, 2021 Case Management Conference.

## 1.  Status of Baohua Chen's Deposition

Plaintiffs request that ZHP provide an update on the status of their effort to comply with the Order compelling the deposition of Baohua Chen.  Plaintiffs have heard nothing from ZHP since the last conference with the Court.

## 2.  Special Master Order No. 54

On November 18, 2021, ZHP wrote to Plaintiffs to request Plaintiffs' consent to delay the deadlines set forth in Special Master Order 54. A copy of that email is attached as Exhibit A. As

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
November 22, 2021
Page 2

the Court is well aware, the matters addressed in that Order have been at issue for months without

resolution.  Plaintiffs agreed to an extension of the November 22, 2021 deadline for ZHP to provide

additional information regarding the litigation hold notices and document retention policies to

December 1, 2021.  Plaintiffs note that although the Order indicates that the hold notices "appear

to be comprehensive and sufficient on their face," the earliest hold notice issued by any ZHP entity

appears from the Order to have been issued on September 12, 2018 - more than three months after

the NDMA contamination was disclosed to regulatory authorities, which raises serious concerns

that should not be overlooked.

　　　　ZHP also stated that it was seeking what amounts to an indefinite stay of its obligations to

produce the balance of the discovery based on a recently implemented "Data Security Law" in

China, while China puts into place an administrative structure to consider and determine ZHP's

apparent request to comply with this Court's Order.    Plaintiffs advised that they are not in a

position to agree.  Plaintiffs have been running a gauntlet of obstructive Chinese laws throughout

this case, including a great deal of work to overcome Chinese state secret laws, the ordered

deposition of Baohua Chen remains blocked, and now there is an assertion that no documents can

be provided without Chinese government approval - despite this Court's Order directing that

discovery.  The Court should not countenance any further delays and the Order should be enforced.

ZHP reaped the benefits of selling its drugs in the United States for years, including contaminated,

adulterated drugs, and cannot be permitted to evade the burdens of selling those drugs in the United

States.  *Richmark Corp. v. Timber Falling Consultants*, 956 F.2d 1468, 1478-79 (9th Cir. 1992)

(requiring the disclosure of information after the Chinese government specifically ordered a party

"not to disclose or provide the information and documents requested by the United States District

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
November 22, 2021
Page 3

Court for the District of Oregon," and warned that the party "shall bear any or all legal consequences should you not comply with this order").

In the context of this request, it is important to note that this issue is entirely the fault of ZHP for resisting and failing to comply with legitimate discovery requests and applicable orders for many months. The documents at issue were requested and ordered to be produced before this new obstructive law was apparently passed, and in most cases many months prior. (See the Court's May 11, 2021 Order Addressing Plaintiffs' Initial Requests, ECF 1233; 5/12/2021 Tr. 32:15-33:1 (where the Court ordered the production of Xiaofang (Maggie) Kong's custodial file)). In fact, ZHP noted that this law was potentially going to be passed before that time, yet failed to produce this discovery until after the law went into effect. Moreover, it is Plaintiffs' understanding that the law was passed September 1, 2021 but was not put into effect until November 1, 2021. Such a deliberate delay by ZHP, creating this situation, cannot be rewarded.

### 3. "New" Named Plaintiff Updates

Nothing requires the Court's attention at this time. Plaintiffs provided an update to Special Master Vanaskie about the status of certain new named plaintiffs' depositions or PFS issues on November 17, 2021; specifically, all issues have been resolved (save for one, an estate issue, that is in-process). Depositions of new named plaintiffs continue apace. Some depositions took place last week, and remaining depositions are scheduled for this week and after the Thanksgiving holiday.

Plaintiffs have asked Defendants to inform them of any purportedly material PFS deficiencies *before* raising them with the Court, so any such issues can be addressed promptly and

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
November 22, 2021
Page 4

informally. Defendants have informed Plaintiffs they have no PFS issues they intend to raise at this week's CMC.

Plaintiffs do note that they have encountered some potentially worrisome situations in which it appears Defendants have not requested records from third-parties for several weeks or months after Plaintiffs identified those parties and provided authorizations. Hopefully this does not become an issue, but Plaintiffs would take issue in the event Defendants seek to extend any class certification deadlines to collect records (which, in Plaintiffs' view, are irrelevant or immaterial) that Defendants do not have because of their own lack of diligence.

### 4. Teva Privilege Log Issues

While Plaintiffs hope to avoid seeking court intervention about the status of Teva's ongoing privilege log deficiencies, the matter may require such after the Thanksgiving holiday. For both sides' and the Special Master's planning purposes, Plaintiffs seek the Special Master's guidance on the format and logistics for any briefing that may be required (e.g., formal motion papers versus letter briefing; electronic copies of Teva's privilege logs, etc.).

### 5. Deposition Dates Offered by Plaintiffs for Class Certification Experts

Plaintiffs provided deposition dates for all of their class certification experts at the same time they filed their class certification papers filed on November 10, 2021, as required by the operating scheduling order. Defendants finally provided feedback on those dates today, only after learning that the issue had been placed on the agenda. Given the number of other deadlines in this case, and to ensure adherence to the operative case schedule, Plaintiffs request that Defendants be required to confirm the deposition dates provided by Plaintiffs for their class certification experts.

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
November 22, 2021
Page 5

Respectfully,

ADAM M. SLATER