NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

# Duane Morris®

*FIRM and AFFILIATE OFFICES*

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
*E-MAIL:* SAGoldberg@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

November 22, 2021

**VIA ECF**

The Honorable Robert Kugler
Senior United States District Court Judge
District of New Jersey

The Honorable Thomas Vanaskie
Special Discovery Master
Stevens & Lee

Re:   **In re Valsartan, Losartan, and Irbesartan Products Liability Litigation**
      **Case No. 1:19-md-02875-RBK-KW**

Dear Judges Kugler and Vanaskie:

This letter is to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on November 23, 2021.

**1.   Update Regarding Class Representatives Depositions**

The parties have been working cooperatively to schedule the depositions for the new class representatives. Of the thirty-four (34) new class representatives, defendants plan to have taken twenty-two (22) of their depositions by December 3, 2021.

DuaneMorris

November 22, 2021
Page 2

The parties have also been able to schedule an additional six (6) depositions shortly after December 3rd,[1] and are working together to schedule the rest. As of the date of this submission, the following class representative depositions have not yet been scheduled:

1. Raleigh Wolfe – Defendants understand that due to medical issues, Mr. Wolfe is unable to sit for a deposition now or at any identifiable time in the future.

2. Estate of Deutenberg – This deposition has not been able to be scheduled due to issues with converting the Estate. This delay could have been avoided had Plaintiffs addressed those issues in a timely fashion. Ms. Deutenberg passed away in June of 2020, and Plaintiffs produced documents signed by the proposed representative, Fernando Feijoo, in November of 2020. It was not until October 2021 (after the submission of the PFS, deficiency notice, and deficiency response), when counsel for Defendants contacted the Dade County Probate Court, that it was determined that Mr. Feijoo was only appointed for summary purposes. Plaintiffs were informed of this in October 2021 but, upon information and belief, waited for more than a month before filing out the requisite Estate paperwork.

3. James Lawson – Plaintiffs and Defendants are in the process of setting a date for this deposition.

4. Peter O'Brien – Plaintiffs and Defendants are in the process of setting a date for this deposition.[2]

With the exception of Mr. Wolfe and potentially the Estate of Deutenberg, Defendants do not anticipate that there will be an issue conducting the above depositions in December.

---

[1] As Mr. Stanoch mentioned in his November 17, 2021 letter, the parties have scheduled depositions for Georgia Fatigato and Jennifer Johnson for December 7, 2021. The parties have further scheduled the depositions of Jo Ann Hamel for December 8, 2021, Glenda Cooper for December 10, 2021, and Mary McLean and Joseph Kessinger for December 14, 2021.

[2] While Plaintiffs also identified Roland Butler and Anthony Martinez as putative class representatives in their medical monitoring master complaint, ECF 1709 ¶¶ 22, 23, they have affirmatively withdrawn them and did not identify them as medical monitoring plaintiffs in their class certification motion. ECF 1747 at 1 n. 3 (identifying the medical monitoring plaintiffs, not including Roland Butler or Anthony Martinez). As such, Defendants do not intend to take their depositions at this time.

DuaneMorris

November 22, 2021
Page 3

### 2. Status of Baohua Chen Deposition

As noted in the ZHP Parties' submissions in connection with the October 27 and November 10 Case Management Conferences, *see* ECF Nos. 1673 and 1739, and discussed at those conferences, and as set forth below with additional detail, although Mr. Chen made the necessary and required request to travel outside of mainland China so that his deposition might be taken in this litigation, the government of the People's Republic of China ("PRC") has denied Mr. Chen's request to travel outside of mainland China to be deposed in this action.

As the ZHP Parties have previously explained, Chinese law prohibits the taking of a deposition (including by Zoom or videoconference) of a Chinese citizen in mainland China for use in a foreign proceeding, such as this action, without approval from the Chinese government through the Hague Convention Protocols; absent such approval a Chinese citizen residing in mainland China would have to voluntarily travel outside of mainland China to be deposed in a foreign proceeding. *See e.g.*, ECF Nos. 637 at p. 7-10 and 701, entitled "Supplemental Protocol Governing Depositions of Chinese Nationals Residing in Mainland China," at Ex. 1 ¶ 2. Plaintiffs have never sought nor obtained such approval from the Chinese government through the Hague Convention Protocols for the depositions of any ZHP Party employees living in China in this litigation. Nevertheless, 11 ZHP Party employees residing in China obtained travel permits and traveled voluntarily to Macau to be deposed in this action.

Due to his roles at various levels of Chinese official organizations, which we previously identified for the Court, *see* ECF No. 1244 at 9, Mr. Chen was required to obtain the permission of the Communist Party Committee within ZHP to travel outside of mainland China to be deposed in this action, and he was also required to obtain similar permission from the Taizhou Public Security Bureau, Exit-Entry Administration and the Taizhou Federation of Industry and

DuaneMorris

November 22, 2021
Page 4

Commerce. We understand that the Communist Party Committee within ZHP granted Mr. Chen's request on June 10, 2021. However, both the Taizhou Public Security Bureau, Exit-Entry Administration and the Taizhou Federation of Industry and Commerce denied Mr. Chen's travel request on October 27, 2021, and, as counsel for ZHP we learned last week that, after further discussions between ZHP and the PRC government, those denials were confirmed to ZHP on November 11, 2021.

The denial of Mr. Chen's request for permission to travel outside mainland China to be deposed in this litigation is indicative of the unique geopolitical forces that have been the backdrop for many of the discovery issues the ZHP Parties and Plaintiffs have confronted in this action. Regrettably, notwithstanding Mr. Chen's desire to appear for a deposition in this action, and the actions he initiated towards that end, specifically his request for permission to travel outside mainland China to be deposed as other ZHP witnesses have been deposed, as a result of the PRC government's denial of that request, Mr. Chen is not permitted to travel outside mainland China to be deposed in this litigation.

3.      **Special Master Order No. 54**

On November 12, 2021, Special Master Vanaskie issued Special Master No. 54 regarding Plaintiffs' motion to compel certain documents and information from the ZHP Parties. ECF Doc. 1753. Certain aspects of the order require the ZHP Parties to provide declarations to the Court and to meet and confer with Plaintiffs regarding certain documents, and the ZHP Parties are working to comply with those aspects of the order. However, to the extent the order requires the production of documents located in China, it is not possible for the ZHP Parties to comply with the Court's order at this time due to a change in Chinese law that went into effect earlier this year.

DuaneMorris

November 22, 2021
Page 5

Specifically, China recently enacted the Data Security Law, which came into force on September 1, 2021. *See* Exhibit A at ¶¶ 14-18 (Yang Declaration).[3] Article 36 of the Data Security Law provides:

> The ***competent authority*** of the People's Republic of China shall handle the requests for data provision by foreign judicial or law enforcement organizations in accordance with relevant laws and international treaties and conventions concluded or acceded to by the People's Republic of China, or under the principle of equality and reciprocity. ***Without the approval of the competent authority of the People's Republic of China, domestic organizations and individuals shall not provide the data stored within the territory of the People's Republic of China to foreign judicial or law enforcement organizations.***

(emphasis added). Exhibit A at ¶ 16 (Yang Declaration). Thus, the new law requires that ZHP obtain the government's permission prior to producing any additional documents intended for use in this litigation. *Id.* at ¶ 17.

Although ZHP and its counsel in China have endeavored to determine the specific "competent authority" that can grant ZHP permission to resume its document production in this matter, to date, their efforts have been unsuccessful. This is due, in part, to the fact that although the Data Security Law has passed and is in force, the implementing regulations have yet to be issued by the government. Accordingly, the ZHP Parties have requested a meet and confer with Plaintiffs to see if the parties can come to an amicable resolution regarding the deadlines for document production set forth in Special Master Order No. 54. If the parties are unable to reach

---

[3] The attached declaration of Ms. Xueyu Yang was previously submitted to the Court in support of the ZHP Parties' objection to Special Master No. 35 compelling the production of documents prohibited from production under Chinese law. ECF Doc. 1583 at Exhibit A. The implementation of China's new data security and data privacy laws, and the severe penalties for their violation, have also been extensively covered by U.S. news outlets, *see, e.g.*, Eva Xiao, *China Set to Pass One of the World's Strictest Data-Privacy Laws*, THE WALL STREET JOURNAL (August 17, 2021, 8:05 AM), https://www.wsj.com/articles/china-set-to-pass-one-of-the-worlds-strictest-data-privacy-laws-11629201927.

November 22, 2021
Page 6

an agreement, the ZHP Parties intend to move for a protective order requesting that the Court hold the production deadlines in abeyance until such time as the ZHP Parties obtain the permission of the PRC government to resume their production of documents physically located in China.

4. **Deposition Dates for Plaintiffs' Class Certification Experts**

Defendants have now responded to each of the dates proposed by Plaintiffs' counsel for their class certification experts' depositions, and four of the expert deposition dates are now confirmed. The parties are working to confirm the remaining depositions dates and expect to be able to do so this week.

5. **Update Regarding Teva Privilege Log**

Teva attempted to work in good faith with Plaintiffs to discuss any issues Plaintiffs may have had with Teva's privilege log in the spring and summer of this year. Plaintiffs' May 4, 2021 letter regarding alleged deficiencies with Teva's privilege logs, sent four months after Teva provided its first privilege log to Plaintiffs and more than six weeks after providing its second log, effectively challenged every entry on Teva's logs based upon vague and conclusory characterizations of Teva's log entries. Teva responded on May 12 making clear that Teva did not intend, nor was it required, to do a wholesale re-review of all of the documents listed on its logs and requested that Plaintiffs provide more specificity about particular entries that Plaintiffs found problematic and/or more details about how the requested information would assist Plaintiffs in assessing Teva's claims of privilege. Plaintiffs responded on May 24 but failed to provide any additional specificity. On June 2, 2021, Teva responded and provided responses to several of Plaintiffs' concerns and further downgraded certain documents to not privileged for production. Thereafter on June 18, the parties met and conferred regarding the privilege log issues and Plaintiffs counsel identified an issue with a mismatch in privilege log numbers between the two

DuaneMorris

November 22, 2021
Page 7

logs. Over the following weeks, Teva worked to correct this issue and served an updated single consolidated log on August 9. Teva also worked to address Plaintiffs' questions regarding distribution lists and shared mailboxes listed on Teva's logs and provided that data to Plaintiffs on August 8.

Plaintiffs were silent on this issue for over three months, until last week when they sent Teva an extensive letter requesting that Teva re-review nearly every single document on its log within a 10 day span over the Thanksgiving holiday. Using one example, Plaintiffs asked that Teva review 13,130 privilege log entries because Plaintiffs claim that "Teva does not adequately describe the attorney who requested the advice" in the entries. As an example of the types of documents improperly included in Plaintiffs' non-specific, categorical challenges—Document PL0003907—is a spreadsheet sent from a Teva employee to inside and outside counsel as a result of a call involving legal advice on electronic discovery in this matter. Pursuant to the procedure established by the Confidentiality and Protective Order, it is Plaintiffs' obligation to bring specific challenges to individual entries on Defendants' privilege log, which they have continually refused to do. Not only are Plaintiffs' challenges wildly overbroad, but Plaintiffs waived the ability to challenge Teva's privilege log given that discovery has now closed. Plaintiffs' own unreasonable delay in raising these issues should not now work to Plaintiffs' benefit. It is premature for the Court to address anything having to do with Teva's privilege log before the parties have the opportunity to meet and confer over Plaintiffs' most recent November 17th letter. And, to the extent the Court is inclined to address Teva's privilege log during the case management conference, it should be focused on why Plaintiffs have failed to raise this issue with the Court given that it has been nearly one year since Teva produced its initial privilege log on December 30, 2020.

November 22, 2021
Page 8

DuaneMorris

**6.     Plaintiffs Fact Sheets/Show Cause Listings**

<u>Cases Addressed at the October 27, 2021 Case Management Conference:</u>

The Court issued three show cause orders returnable at the November 23, 2021 Case Management Conference:

- *Denton v. Solco Healthcare U.S., LLC* - 21-cv-11255
- *Shawna Martinez v. Zhejiang Huahai Pharmaceutical Co., et al.* – 21-cv-12152
- *Stephen Gregory Johnston v. Zhejiang Huahai Pharmaceutical Co., et al.* - 21-cv-12713

The issues in the *Denton* and *Johnston* matters are resolved, and those show cause orders may be withdrawn. A PFS is yet to be filed in the *Martinez* matter and Defendants request its dismissal.

<u>Second Listing Cases – Order to Show Cause Requested:</u>

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these cases were previously listed on the agenda for a prior CMC. This list was provided to Plaintiffs' leadership on November 17, 2021, and a global meet and confer was held on November 19, 2021. Defendants have also been available for further discussion as needed. Accordingly, Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why these cases should not be dismissed.

Defense counsel will be prepared to address the individual issues with respect to each of these cases, to the extent necessary, during the November 23, 2021 Case Management Conference:

DuaneMorris

November 22, 2021
Page 9

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Louissaint, Shylaine v. Aurobindo Pharma, Ltd., et al | 21-CV-07797 | Nagle Rice | PFS substantially incomplete, no authorizations, medical records, tax forms, or pharmacy records. Please see deficiency notice for complete listing. | 9/13/2021 |
| 2. | Stephanie Cahall v. Solco, et al | 21-cv-12122 | Stark & Stark | Failed to respond to DN | 9/28/2021 |
| 3. | Georgia Fatigato v. ZHP, et al. | EL Class Rep | Barton and Burrows, LLC | I.C.2. - Failed to attach records demonstrating product use.<br><br>I.C.9. - Failed to provide complete information.<br><br>Beginning and end dates for all Valsartan listed.<br><br>IV.A.3. - Failed to provide complete information.<br><br>Beginning and end dates for Valsartan and Hydrochlorothiazide.<br><br>IV.A.6. - Failed to respond.<br><br>Name of pharmacy that filled prescriptions for Lisinopril and Hydrochlorothiazide | 9/22/2021 |
| 4. | Venus Dickinson v. ZHP, et al. | 21-cv-13477 | Parafinczuk Wolf, P.A. | XI.A.1, 6 - Failed to provide properly signed, undated, and completed authorization. | 9/7/2021 |

| 5. | Paulette Vaughn v. ZHP, et al | 21-cv-13606 | Parafinczuk Wolf, P.A. | I.D.1 - Failed to attach records showing injury.<br><br>IV.D.1 - Failed to respond. Insurance Carriers<br><br>VII.A.2.a - Failed to respond. Oncologist and treatment facility.<br><br>XI.A.1 - Failed to provide properly signed, undated, and completed authorization.<br><br>XI.A.6 - Failed to provide properly signed, undated, and completed authorization | 9/7/2021 |
| --- | --- | --- | --- | --- | --- |
| 6. | Richard Chacon v. Aurobindo Pharma, Ltd., et al | 21-cv-13513 | Levin Papantonio | No PFS filed | PFS due – 09/07/2021 |
| 7. | Leroy Patrick v. Aurobindo Pharma, Ltd., et al | 21-cv-13580 | Douglas & London | No PFS filed | PFS due – 09/11/2021 |
| 8. | Stephenie Jordan v. Aurobindo Pharma, Ltd., et al | 21-cv-14430 | Levin Papantonio | No PFS filed | PFS due – 09/28/2021 |
| 9. | Deborah Harris v. Aurobindo Pharma, Ltd., et al | 21-cv-06395 | Arnold & Itkin, LLP | No PFS filed | PFS due – 05/22/2021 |

**First Listing Cases – Remaining Core Deficiencies:**

The following Plaintiff Fact Sheets contain core deficiencies which remain unresolved. This list was provided to Plaintiffs' leadership on November 17, 2021, and a global meet and confer was held on November 19, 2021. Defendants have also been available for further discussion

DuaneMorris

November 22, 2021
Page 11

as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

|   | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Jimmie Thorn v. Mylan Pharmaceutical, Inc., et al. | 20-cv-20603 | Serious Law Injury Group | Incomplete PFD, no authorizations. See deficiency notice for complete listing | 10/12/2021 |
| 2. | John Benton v. Aurobindo, et al | 21-cv-15149 | Farr, Farr, Emerich, Hackett, Carr & Holmes P.A. | III.G - Failed to respond Medical Expenses<br><br>XI.A.1 - No authorization provided for former primary oncologist, Konstantin Kovtun | 10/28/2021 |
| 3. | Charlene Mills v. ZHP, et al | 21-cv-13611 | Bachus & Schanker, LLC | I.C.11 - Failed to respond. Start and End Date for all Valsartan listed<br><br>II.H.2 - Failed to respond. State and County in which claim was filed for both lawsuits listed.<br><br>II.H.3 - Failed to respond. The caption, case name and/or names of adverse parties for both cases listed.<br><br>II.H.4 - Failed to respond. Civil Action or Docket Number for both lawsuits listed. | 11/3/2021 |

![DuaneMorris]

November 22, 2021
Page 12

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | II.H.5 - Failed to respond. Attorney who represented you in both lawsuits listed.<br><br>II.H.6 - Failed to respond. Current Status of both lawsuits listed.<br><br>III.E.2 - Failed to respond. E.2 (if plaintiff is claiming a diagnosed mental or emotional injury)<br><br>V.D1.c – Inconsistent response<br>Plaintiff claims 1970 to 1985 is greater than 2 years. Please clarify.<br><br>VI.A.1 - Failed to respond. Information related to prescriptions medications taken.<br><br>VI.B.1 - Failed to respond. Information related to OTC medications taken<br><br>XI.A.1, 4-7 - Failed to provide properly signed, undated, and completed authorizations<br><br>XII. Failed to provide signed and dated declaration for amended PFS. | |
| 4. | Kenneth Brooks v. ZHP., et al | 21-cv-12862 | Pittman, Dutton & Hellums, P.C. | | IV.D.1 - Failed to respond. Information related to supplemental insurance.<br><br>VII.A.2.d - Failed to respond. Information related to treatment facility | 10/13/2021 |

Case 1:19-md-02875-RMB-SAK    Document 1766    Filed 11/22/21    Page 13 of 14 PageID: 45904

November 22, 2021
Page 13

DuaneMorris

| | | | | | |
|---|---|---|---|---|---|
| 5. | Judith Duncan v. ZHP, et al | 21-cv-14414 | Bernstein Liebhard LLP | XI.A.6 - Failed to provide properly signed, undated, and completed insurance authorizations | 10/18/2021 |
| 6. | Alvin Hawkins v. ZHP, et al | 21-cv-14245 | Hollis Law Firm, P.A | I.C.14 - Failed to respond. Name and Address of Prescribing Physician for NDC codes 00781-5952-92 and 00591-2319-19 | 10/26/2021 |
| 7. | Roy Oliphant v. Aurobindo Pharma Ltd., et al | 21-cv-14434 | Williams Hart Boundas Easterby, LLP | III.G.b - Failed to provide complete information. Complete date; only year listed.<br><br>III.G.c - Failed to provide itemized expenses. Listed approximate total amount only | 10/26/2021 |
| 8. | William Byrnes v. Aurobindo Pharma, Ltd., et al | 21-cv-13325 | Stark & Stark | No PFS filed | PFS due – 10/31/2021 |
| 9. | Rick Maedler v. Aurobindo Pharma, Ltd., et al | 21-cv-16471 | Levin Papantonio | No PFS filed | PFS due – 11/01/2021 |
| 10. | Denise Kadish v. Aurobindo Pharma, Ltd., et al | 21-cv-16239 | Levin Papantonio | No PFS filed | PFS due – 10/30/2021 |
| 11. | Thomas Parker v. Zhejiang Huahai Pharmaceutical Co., Ltd. et al | 21-cv-16451 | Levin Papantonio | No PFS filed | PFS due – 11/08/2021 |

DuaneMorris

November 22, 2021
Page 14

                                      Respectfully submitted,

                                      */s/ Seth A. Goldberg*

                                      Seth A. Goldberg

cc:    Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
         Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
         Sarah Johnston, Esq. (*via email*)
         Jeffrey Geoppinger, Esq. (*via email*)
         Lori G. Cohen, Esq. (*via email*)
         Clem C. Trischler, Esq. (*via email*)