# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

November 23, 2021

**<u>VIA ECF</u>**

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, New Jersey 08101

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

Re: ***In re Valsartan, Losartan, and Irbesartan Liability Litigation***,
**Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler and Judge Vanaskie:

Please accept this supplemental letter on behalf of Plaintiffs in advance of today's Discovery Hearing and Case Management Conference to update the Court on an issue that has arisen with regard to the New Jersey state court litigation.

1. **Status of New Jersey State Court Litigation**

The New Jersey Superior Court currently has at least eighteen personal injury cases related to the nitrosamine contamination of valsartan on its docket. Until yesterday, Defendants were consenting to "hold this matter in abeyance until an MCL application is made and ruled upon, or until the Court in the MDL issues a coordination order, at which time the parties will jointly request a

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
November 23, 2021
Page 2

conference with the Court." (*See, i.e.*, Judge Happa's Aug. 26, 2020 Order in *Dessoye v. ZHP*, No. MID-L-4614-20, Ex. A hereto).

At the insistence of the Teva and Aurobindo entities, and in order to avoid a lack of prosecution deadline, Plaintiffs were forced to agree to the entry of a consent order yesterday limiting the abeyance of *Vance v. ZHP*, No. MID-L-002907-21, "until an MCL application is ruled upon, or until the Court in the MDL issues a coordination order, **or until April 1, 2022**, whichever comes first, at which time the parties will jointly request a conference with the Court." (*See* Ex. B hereto (emphasis added)). The Teva entities also required a modification to the language providing that the state court actions be coordinated with the MDL, now placing that in question. (*Compare* Ex. A, ¶2, *with* Ex. B, ¶2).

Plaintiffs only agreed to this language because of the impending dismissal deadline and had no intention of altering the status quo, and Plaintiffs were never provided any clarification or rationale from Teva or any other defendant, all of whom agreed to the new language and thus presumably are in agreement with it. Plaintiffs believed that it was imperative that we advise the Court of this development.

Respectfully,

ADAM M. SLATER