

Victoria D. Lockard
Tel 678.553.2385
Fax 678.553.2386
lockardv@gtlaw.com

November 23, 2021

**VIA ECF**

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, New Jersey 08101

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

    Re:    *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation.*, U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-RBK-JS

Dear Judge Kugler and Judge Vanaskie:

I write on behalf of Teva and in response to Plaintiffs' extraneous letter submitted at 10:52 AM this morning before today's CMC. As an initial matter, Plaintiffs' complaints are misplaced since the parties have agreed to hold the New Jersey state court cases in abeyance just as Plaintiffs have requested.

More concerning, however, are the misrepresentations Plaintiffs make to the Court about the history of the prior consent orders. Plaintiffs say that "[u]ntil yesterday, Defendants were consenting to 'hold this matter in abeyance until an MCL application is made and ruled upon, or until the Court in the MDL issues a coordination order, at which time the parties will jointly request

a conference with the court.'" However, this is incorrect as Teva had never previously been a party to any such stipulations. Indeed, Teva's US entities was only just served in the first of these cases on November 12, 2021.[1]

Once Teva was served and was asked to join in a consent order, Teva asked that instead of the open-ended and indefinite abeyance order that Plaintiffs and certain Defendants, but not Teva, had entered into previously, that an endpoint of April 1, 2022, be included, with the express provision that the abeyance could be extended if appropriate. While the original language of the consent orders certainly may have been reasonable nearer to the time that these cases were filed, and an MCL seemed imminent, the cases have now been lingering for 1-2 years with no end in sight. Moreover, Plaintiffs' contention that they were "forced to agree" to these edits to avoid a lack of prosecution deadline is wholly misplaced. Any urgency Plaintiffs felt was caused by their decision to wait to serve these cases on Teva until such prosecution deadlines were imminent. Indeed, prior to agreeing to the April 1, 2022 endpoint, Plaintiffs did not propose an alternative date and ultimately agreed and consented to this language being filed in state court, which they now choose to complain about to this MDL court.

Ultimately it will be up to the assigned state court judges to determine the length of the abeyance. But these cases were first filed on July 12, 2019, and Plaintiffs have offered no plan or explanation for how or when they intend to litigate them, file for MCL or not, or coordinate them with this MDL. While Teva is agreeable to an abeyance and to appropriate coordination with this MDL as is made clear form the proposed consent order, (attached as **Exhibit A**), Teva would also like some assurances that it will not be litigating valsartan cases indefinitely and it is well within its right to refuse to enter an indefinite, open ended, and one-sided abeyance. In any event, this is

---

[1] Teva Pharmaceutical Industries Ltd. has not yet been properly served and reserves all of its available rights and defenses.

2

not the appropriate forum for Plaintiffs' complaint about the language of a state court consent order which they already agreed to and filed on the state court docket.

We will be available to discuss these issues at the CMC on behalf of Teva.

Respectfully submitted,

*/s/ Victoria D. Lockard*
Lori G. Cohen
Victoria D. Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Rd., NE
Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
lagosa@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*

Attachment

Cc: Adam Slater, Esq. (via email, for distribution to Plaintiffs' Counsel)
Seth A. Goldberg, Esq. (via email)
Jessica Priselac, Esq. (via email, for distribution to Defendants' Counsel)
Sarah Johnston, Esq. (via email)
Jeffrey Geoppinger, Esq. (via email)
Lori G. Cohen, Esq. (via email)
Clem C. Trischler, Esq. (via email)

3