# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | Case No. 19-md-2875-RBK<br>MDL No. 2875<br><br>Honorable Robert B. Kugler,<br>District Court Judge |

### PHARMACY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTION TO SPECIAL MASTER REPORT AND ORDER NO. 46

# TABLE OF CONTENTS

                                                                                      **Page**

I.     Background ............................................................................................... 1

II.    Argument ................................................................................................. 3

        A.     Plaintiffs Cannot State Negligence Claims Against the Pharmacy Defendants. ............................................................................................ 3

        B.     Plaintiffs State-Law Implied Warranty Claims Fail in the States Identified by this Court and the Special Master. .................................... 5

III.   Conclusion ............................................................................................. 10

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Bieda v. CNH Industrial Am. LLC*,
   518 F. Supp. 3d 863 (W.D. Pa. 2021)..................................................................9

*Brodie v. Green Spot Foods, LLC*,
   503 F. Supp. 3d 1 (S.D.N.Y. 2020) .....................................................................9

*Dzielak v. Whirlpool Corp.*,
   26 F. Supp. 3d 304 (D.N.J. 2014)........................................................................9

*Lee v. Kitchables Prods.*,
   No. 21-cv-1913, 2021 WL 3173253 (N.D. Cal. July 2021) ...............................9

*In re Rezulin Litig.*,
   133 F. Supp. 2d 272 (S.D.N.Y. 2001) .................................................................9

*Salisbury v. Purdue Pharma, L.P.*,
   166 F. Supp. 2d 546 (E.D. Ky. 2001) .................................................................9

*Siedlik v. Stanley Work, Inc.*,
   205 F. Supp. 2d 762 (E.D. Mich. 2002) .............................................................9

*In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*,
   692 F. Supp. 2d 1025 (S.D. Ill. 2020).................................................................8

*Zottola v. Eisai, Inc.*,
   2021 WL 4460563 (S.D.N.Y. Sept. 29, 2021) ....................................................5

Plaintiffs object to Special Master Order No. 46 on two bases as to the Pharmacy Defendants: (1) they object to the denial of leave to amend to assert negligence claims against the Pharmacy and Wholesaler Defendants; and (2) they object to the denial of leave to amend to assert implied warranty claims against the Pharmacy Defendants "under various states' and territories' laws." (ECF No. 1694 at 1). These objections are not well taken. As the Special Master correctly concluded, Plaintiffs failed to cure any basis for the Court's original dismissal of the negligence claims, and implied warranty claims in most states, against the Pharmacy Defendants. Plaintiffs' objection should be overruled in full.

## I.     Background

Plaintiffs filed a motion for leave to amend the master complaints on April 12, 2021 (ECF No. 1148). The Pharmacy Defendants opposed that motion (ECF No. 1280) and filed a surreply in support of their opposition (ECF No. 1452). Following referral, the Special Master issued a report (ECF No. 1614) and order (ECF No. 1615), granting Plaintiffs leave to amend to assert many claims and disallowing others.

On November 1, 2021, Plaintiffs filed amended complaints that purport to comply with the Special Master's Order (ECF Nos. 1707, 1708, & 1709)[1] and recently submitted motions for class certification based on those complaints. The complaints and class certification motions do not pursue negligence claims against the Pharmacy Defendants, and the implied warranty claims against Pharmacy Defendants are limited to those states where the Special Master allowed such claims to proceed. *See* Economic Loss Class Memorandum (ECF No. 1748) at 70, 107;[2] EL Class Definitions Table (ECF No. 1748-5) at 35-60; EL State Groupings (ECF No. 1748-6) at 22); Medical Monitoring List of Claims for Relief and Applicable States and Defendant Groups (ECF No. 1750-1).

On October 29, 2021, Plaintiffs filed their Objection (ECF No. 1694) to the Special Master's Report and recommendation ("Report"), arguing that the Special Master has improperly denied leave to assert claims of **(A)** negligence (under all jurisdictions' laws) and **(B)** implied warranty (under the laws of 38 jurisdictions) against the Pharmacy Defendants. This brief responds solely to those two objections.

---

[1] The Pharmacy Defendants maintain that not all of the amended complaints comport with the Special Master's Order and preserve all rights to challenge portions of some or all of the amended complaints for that reason.

[2] Throughout this brief, all page numbers are to the page number at the top of the electronically added header, rather than the internal page number of the cited document.

## II. Argument

Plaintiffs' Objection to the Report does not point to a single allegation in the proposed (now filed) amended complaints that this Court did not already consider in dismissing the negligence and implied warranty claims against the Pharmacy Defendants. Plaintiffs' Objection merely amounts to a late and baseless motion to reconsider. It should be overruled.

### A. Plaintiffs Cannot State Negligence Claims Against the Pharmacy Defendants.

In previously dismissing Plaintiffs' negligence claims against the Pharmacy Defendants, this Court told Plaintiffs what they needed to do to plead negligence sufficiently—articulate ***non-conclusory facts*** in support of a ***legally recognized*** duty and the specific breach that occurred. MTD Opinion 5 (ECF No. 838) at 32. This Court held that Plaintiffs failed to do that in the previous Complaints, even though they had argued that the Pharmacy Defendants "breached their common law duties to appropriately vet their generic manufacturer suppliers." *Id.* (quoting MTD Opposition (ECF No. 577) at 81). In response, Plaintiffs alleged ***no new facts*** against the Pharmacy Defendants in their proposed negligence counts. *See* Redlined PPIMC (ECF No. 1148-2) at 135-137; Redlined PELMC (ECF No. 1148-4) at 218-220; Redlined PMMMC (ECF No. 1148-6) at 192-196. Further, their attempt to add allegations scattered throughout the master complaints did not include legally cognizable duties or how any such duty was actually breached. The

3

Special Master conducted a "careful review of the proposed Amended Master Complaints [to] confirm[] the defense assertions" that Plaintiffs did not present plausible negligence claims. Special Master Report (ECF No. 1614) at 35.

In response to the Special Master's thorough analysis, Plaintiffs argue exactly what they argued before—that the Pharmacy and Wholesaler Defendants had a duty to vet their suppliers and prevent distribution of ultimately recalled product. But this Court, and the Special Master, have considered and correctly rejected that argument. Plaintiffs offer no basis to reconsider these decisions.

The Pharmacy Defendants incorporate by reference the arguments made by the Wholesaler Defendants in their response to Plaintiffs' Objection. (ECF No. 1773.) The arguments the Wholesalers Defendants make regarding the existence of a legal duty, constructive knowledge, and conclusory allegations are equally applicable to the Pharmacy Defendants. Indeed, the Special Master noted that the "deficiencies [in the amended complaints] are even more pronounced with respect to the negligence claims asserted against the Pharmacy Defendants." Special Master Report (ECF No. 1614) at 35.

Further, the Pharmacy Defendants adopt and incorporate the arguments the Wholesaler Defendants make in Part II of their brief regarding the arguments Plaintiffs make for the first time in their Objection regarding sourcing of non-recalled valsartan following the first recalls and alleged "slow-playing" of

discovery. The Wholesaler Defendants' arguments apply equally to the Pharmacy Defendants. The Pharmacy Defendants appropriately responded to discovery and timely produced corporate witnesses. Nowhere in the Objection do Plaintiffs articulate how new information from depositions or the document productions could possibly support a negligence claim. The Court's initial decision dismissing the negligence claims against the Pharmacy Defendants should be upheld, as the Special Master correctly found that Plaintiffs had added nothing to their amended complaints to cure the deficiencies that led to the dismissal of the negligence claims in the first place. *See Zottola v. Eisai, Inc.*, 2021 WL 4460563, at *11-*12 (S.D.N.Y. Sept. 29, 2021) (dismissing claims against pharmacy with prejudice and refusing to allow amendment where plaintiff did not advise how the defects in the complaint would be cured).

### B. Plaintiffs State-Law Implied Warranty Claims Fail in the States Identified by this Court and the Special Master.

Plaintiffs' Objection on implied warranty claims against Pharmacy Defendants is nothing more than a motion for reconsideration of the Court's order dismissing those claims in certain states. Plaintiffs have had three opportunities to brief this issue, and have not once substantively challenged this Court's careful state-by-state rulings regarding implied warranty claims against pharmacies. As this Court and the Special Master recognized, even using this Court's "liberality," there are 38 jurisdictions where pharmacies are simply not subject to warranty

5

liability for dispensing prescriptions.  *See* MTD Opinion 3 (ECF No. 775) at 23; Special Master Report (ECF No. 1614) at 25-26; Wholesaler Defendants' Response (ECF No. 1773) at 8-11.  And with respect to those rulings, Plaintiffs do not point in their Objection to a single jurisdiction where the Pharmacy Defendants, this Court, or the Special Master got the law wrong.  Plaintiffs' Objection does not even attempt to pick these rulings apart and instead stays opaquely general, arguing that they should be permitted to assert implied warranty claims against the Pharmacy Defendants "under various states' and territories' laws," and that "additional implied warranty claims" lie against them (ECF No. 1694 at 1, 6), without identifying which ones.  Moreover, Plaintiffs do not point to a single allegation or averment in their amended complaints that alters the Court's prior analysis.  Therefore, the Court should affirm the Report on this point.

Nothing in Plaintiffs' six-paragraph Objection provides a basis to overturn this Court's, or the Special Master's, recommendation regarding implied warranty claims against the pharmacies.

*First*, Plaintiffs argue that they addressed the Pharmacy Defendants' cited caselaw in their briefing.  Objection (ECF No. 1694) at 6.  This misses the point.  The point is not that Plaintiffs failed to raise arguments.  The point is that Plaintiffs' arguments failed to persuade  This Court has already done the work here.  It correctly assessed the arguments made by Plaintiffs in response to the

6

Pharmacy Defendants' cited caselaw and Motion to Dismiss Table 2 (ECF No. 523-3).  Specifically, Plaintiffs argued that the cited cases involved design defects, not manufacturing defects.  Plaintiffs' MTD Opposition (ECF No. 577) at 78.  This Court *expressly* considered this argument and even denied the Pharmacy Defendants' motion to dismiss in several jurisdictions based on the Plaintiffs' argument, but granted it in many others.  The argument in Plaintiffs' Objection that all of these claims, or "various" of them, should continue and is due to be rejected.

Plaintiffs also claim that they "certainly did address these 38 jurisdictions in the motion for leave briefing as well," citing ECF No. 1382 at internal pages 31-35.  Objection (ECF No. 1694) at 6.  Oddly, however, the only caselaw relevant to pharmacies that Plaintiffs discussed in that briefing was as to Oklahoma and Utah—*not* part of the 38 jurisdictions where leave to amend was denied, and *not* part of any Objection.  *See* Plaintiffs' Reply on Leave to Amend (ECF No. 1382) at 49-50.  Indeed, in the Reply in support of the motion for leave, Plaintiffs *praised* this Court's prior analysis in Motion to Dismiss Opinion 3 and requested that it apply the same analysis to Oklahoma and Utah (*see id.*), which the Special Master did (*see* Special Master Report (ECF No. 1614) at 26), and which the Pharmacy Defendants do not challenge.

**Second**, Plaintiffs complain that the Pharmacy Defendants conflate strict liability and warranty theories.  Objection (ECF No. 1694) at 6-7.  This argument

7

gets them nowhere. Warranty liability *is* a faultless theory of liability, as Plaintiffs previously admitted, noting that "warranty claims sound in strict liability" and "do not depend on a showing of fault." Plaintiffs' MTD Opposition (ECF No. 577) at 78, 86. Regardless, the Pharmacy Defendants briefed warranty liability independently from strict liability claims and cited numerous cases discussing warranty liability. Pharmacy MTD (ECF No. 523-1) at 21-24. Likewise, this Court independently analyzed warranty liability against pharmacies and ruled accordingly. *See* MTD Opinion 3 (ECF No. 775) at 23-24.

*Third*, Plaintiffs argue that consumers may bring warranty claims against retail stores. A central point of the motion to dismiss briefing, however, was that pharmacies dispensing prescriptions are *not* traditional retailers, but rather are service providers. *See* Pharmacy MTD (ECF No. 523-1) at 21-24 & Table B (ECF No. 523-3). As explained therein, a pharmacy does not "sell" a "good" subject to implied warranties because the pharmacist is "a necessary step in completing the treatment regimen selected by the patient's physician." *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 692 F. Supp. 2d 1025, 1036-37 (S.D. Ill. 2020). The cases cited in Plaintiffs' Objection are irrelevant because none of them involves a pharmacy or the dispensing of medications. They involve washing machines and home improvement stores (*Dzielak*), glass teacups and pasta substitutes sold on Amazon (*Lee* and *Brodie*), and industrial machinery

8

sold by dealers (*Bieda* and *Siedlik*).[3]  These type of cases have nothing to do with the "national consensus" that rejects warranty liability for pharmacies when dispensing medication.  *See Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 551 (E.D. Ky. 2001).  Indeed, "almost every state that has considered the issue has declined to find pharmacists liable for breach of either implied or express warranty with respect to properties of prescription drugs." *In re Rezulin Litig.,* 133 F. Supp. 2d 272, 292 (S.D.N.Y. 2001).  Plaintiffs do not address this caselaw.

  *Fourth*, Plaintiffs suggest that they could cure the defects in their implied warranty claims and it was therefore improper for the Pharmacy Defendants to oppose leave to amend at all.  But the Special Master rejected this argument by noting that Plaintiffs do not "point[] to any averments in the proposed [now filed] Amended Master Complaints that affect the Court's original conclusion with respect to the implied warranty claims against the Pharmacy Defendants under the laws of the" relevant jurisdictions.  Special Master Report (ECF No. 1614) at 25-26.  That observation remains true—Plaintiffs do not, and cannot, point to anything in the amended complaints that relates to their implied warranty cause of action

---

[3] *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 328 (D.N.J. 2014); *Lee v. Kitchables Prods.*, No. 21-cv-1913, 2021 WL 3173253, at *4 (N.D. Cal. July 2021); *Brodie v. Green Spot Foods, LLC*, 503 F. Supp. 3d 1, 8-9 (S.D.N.Y. 2020); *Bieda v. CNH Industrial Am. LLC*, 518 F. Supp. 3d 863 (W.D. Pa. 2021); *Siedlik v. Stanley Work, Inc.*, 205 F. Supp. 2d 762, 764-65 (E.D. Mich. 2002).

against the Pharmacy Defendants. This Objection is nothing more than a request to re-argue MTD Opinion 3.

*Finally*, Plaintiffs argue that the Pharmacy Defendants raised innocent seller statutes as a reason to deny leave to amend in certain jurisdictions. But both this Court and the Special Master rejected any reliance on those defenses. *See* MTD Opinion 5 (ECF No. 838) at 34 (noting it did not consider "arguments regarding innocent seller statutes" in review of strict liability caselaw); MTD Opinion 4 (ECF No. 818) at 27-28 (denying motion to dismiss on the basis of innocent seller arguments); Special Master Report (ECF No. 1614) at 44 (rejecting pharmacy argument about North Dakota and Iowa law because it relied on innocent seller defense). The innocent seller defense has nothing to do with Plaintiffs' inability to state implied warranty claims against pharmacies in the 38 jurisdictions for which leave to amend was denied, and that defense provides no basis for overturning this Court's, or the Special Master's, rulings on those claims.

### III.   Conclusion

Plaintiffs' Objection to the Special Master Report and Order No. 46 should be overruled.

| | |
|---|---|
| Dated: November 24, 2021 | Respectfully submitted, |
| | /s/ *Sarah E. Johnston* |
| | Sarah E. Johnston |
| | Kara Kapke |
| | Kristen L. Richer |
| | BARNES & THORNBURG LLP |
| | 2029 Century Park East, Suite 300 |
| | Los Angeles, CA 90067 |
| | (310) 284-3798 |
| | (310) 284-3894 |
| | *Counsel for CVS Pharmacy, Inc.* (incorrectly named as CVS Health Corporation) *and Rite-Aid Corporation* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of November, 2021, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.

*/s/ Sarah E. Johnston*
Sarah E. Johnston
