UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler |

**PLAINTIFFS' RESPONSE TO MANUFACTURER DEFENDANTS' OBJECTION IN PART TO SPECIAL MASTER REPORT AND ORDER NO. 46**

Plaintiffs, by and through the Plaintiffs' Executive Committee, respectfully file this response to Manufacturer Defendants' Objection in Part to the Special Master Report and Order No. 46 (ECF 1690).

### I. Introduction

Manufacturer Defendants object only to one aspect of the Special Master's Report and Order No. 46: the Special Master's granting Plaintiffs leave amended Economic Loss and Medical Monitoring Master Complaints to assert "claims under the laws of states where named Plaintiffs do not reside and have not been injured, but will need to establish the absence of a conflict between the laws where they live and the laws of states that do not have named class representatives." Report (ECF 1614) at 11-12. That is, the Special Master correctly ruled that Plaintiffs may assert claims on behalf of absent class members in other states to the extent those states' laws do not conflict with named plaintiffs' home states' laws.

The Special Master got it right. This Court's MTD Order No. 2 specifically invited Plaintiffs to address via amendment out-of-state absent class members, *viz.*, the extent to which named plaintiffs who live in certain states could represent absent class members in other states.

1

The now-operative amended Economic Loss and Medical Monitoring Master Complaints do this. Each amended complaint specifically states that it is *not* attempting to have named plaintiffs in certain states seek to recover themselves under the laws of other states in which they do not live. For example, a named plaintiff from Texas is not trying to *recover* under the laws of Alabama, but only under Texas law. What the amended Master Complaints do allege – rightly – is that a named class plaintiff from State *X* may represent persons from State *X*, *as well as* persons in states whose laws do not conflict with the laws of State *X*. But each class member would only *recover* under their respective home states' laws. This was unclear in the original master complaints. The amendments clarified it.

After canvassing binding Supreme Court and Third Circuit law, the Special Master correctly found that these allegations differentiate the amended Master Complaints from their predecessors which lacked such clarification. Further, as a practical matter, in just two days, Plaintiffs' class certification papers the states for which any "false conflicts" of laws exist.

Manufacturer Defendants' objection does not argue any new law or intervening change in controlling law. Rather, it simply rehashes the same arguments made months ago in the 150+ collective pages of Defendants' opposition briefing and sur-replies submitted to the Special Master. Defendants are not entitled to another bite at the apple. The Special Master's ruling is consonant with Supreme Court and Third Circuit law, as well as this Court's prior MTD ruling, and thus should not be disturbed.

Finally, Manufacturer Defendants are incorrect that Plaintiffs should have moved for reconsideration of MTD Order No. 2. Nothing about the amended Economic Loss or Medical Monitoring Master Complaints implicates reconsideration. MTD Order No. 2 dismissed various claims without prejudice, and explicitly granted Plaintiffs leaves to file amended complaints to

address certain issues, including standing. Given that Plaintiffs were expressly invited to amend, there was nothing to "reconsider" at that time. As discussed above, Plaintiffs' amendments made clear what they were doing and why, and the Special Master rightly allowed these amendments.

For these reasons, as discussed more fully below, Manufacturer Defendants' objection in part to the Special Master Report and Order No. 46 should be overruled.

## II.     Background

For brevity, and for purposes of these pleadings only and without any waiver of any rights, Plaintiffs generally accept Manufacturer Defendants' recitation of the background and procedural history pertinent to the matter currently before the Court. *See* ECF 1690-1 at 4-9.

## III.    Standard of Review

Federal Rule of Civil Procedure 53 permits the Court to appoint a Special Master "to address pretrial and posttrial matters." Fed. R. Civ. P. 53(a)(1)(C). The Court's appointment order of December 22, 2020 (ECF 692) in this matter authorizes the Special Master to "oversee the schedule for completion of discovery and all discovery disputes and motions….The authority of the Special Master hereunder shall be coextensive with that of a United States Magistrate Judge." *See* 12/22/20 Order (ECF 692). While an abuse of discretion generally applies to procedural or non-dispositive issues decided by a special master, *Valeant Pharms. Int'l Inc. v. AIG Ins. Co. of Canada*, No. 18-493, 2020 WL 7768405, at *4 (D.N.J. Dec. 30, 2020), a court should review de novo all objections to conclusions of law or findings of fact. *In re Johnson & Johnson Derivative Litig.*, Nos. 10-233, 11-4993, 11-2511, 2013 WL 6163858, at *3 (D.N.J. Nov. 25, 2013).

IV.     **Argument**

   A. **The Special Master Report and Order No. 46 Accurately Addressed Named Plaintiffs' Standing to Represent Absent Class Members in Other States Whose Laws Present a "False Conflict"**

The Special Master thoughtfully examined Supreme Court and Third Circuit precedent, and correctly found that "unnamed, putative class member need not establish Article III standing. Instead, the 'cases or controversies' requirement is satisfied so long as *a* class representative has standing…."  ECF 1614 at 10 (emphasis original) (quoting *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 362 (3d Cir. 2015)).  This comports with "the Supreme Court's recognition that in a multistate class action, like this one, a particular state's law may be applied where it does not conflict with the law of the state where members of the class resided."  ECF 16140 at 10 (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 816 (1985) ("There can be no injury in applying Kansas law if it is not in conflict with that of any other jurisdiction connected to this suit.")).  The Special Master continued:

> There thus appears to be no reason why a named plaintiff from state X could not serve as a class representative for unnamed plaintiffs from state Y where the laws of both states are not in conflict. The "key" is that "a class action is a *representative* action brought by a named plaintiff or plaintiffs. Named plaintiffs are the individuals who seek to invoke the court's jurisdiction and they are held accountable for satisfying jurisdiction." *Neale*, 794 F.3d at 364. "Requiring individual standing of all class members would eviscerate the representative nature of the class action. It would also fail to recognize that the certified class is treated as a legally distinct entity even though the outcome of such an action is binding on the class." *Id.*

ECF 1614 at 10-11.

The Special Master concluded by correctly noting that the matter of "'Plaintiffs' capacity to state claims under the laws of other states on behalf of putative class members, who themselves likely would have standing to raise those claims, is a matter to be decided under the rubric of Rule 23, not constitutional standing under Article III.'"  ECF 1614 at 11 (quoting *Gress v. Freedom*

*Mortg. Corp.*, 386 F. Supp. 3d 455, 462 (M.D. Pa. 2019)).

### B. Manufacturer Defendants Do Not Cite Any New Law or Intervening Change in Controlling Law

Manufacturer Defendants' objection largely regurgitates the same legal arguments and caselaw they presented in their briefing on Plaintiffs' motion for leave to amend the master complaints a few months ago. The few additional unpublished cases they now cite[1] were all available prior to their submission of their opposition brief, and therefore do not constitute any new law, let alone an intervening change in controlling law. Further, Defendants arguably waived the opportunity to argue any cases or arguments that were available at the time of their briefing before the Special Master. *In re NCAA Student Loan Trusts 2003-1, 2004-1, 2005-1, 2005-2, 2005-3,* 971 F.3d 433, 444 (3d Cir. 2020) ("Arguments not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived.").

In any event, nothing Manufacturer Defendants argue to this Court now is new, or requires setting aside the Special Master's ruling. Because Manufacturer Defendants rehash the same arguments they made to the Special Master, Plaintiffs set forth below their argument presented to the Special Master as well.

Manufacturer Defendants mistakenly argue that Article III standing must be assessed claim-by-claim at the 12(b)(6) stage. Defendants then double-down and stake the position that not only must a class representative's standing be assessed on a defendant-by-defendant inquiry, but the standing should also be assessed on state-by-state inquiry. In so doing, Defendants essentially "mix up the class representative standing inquiry…[by] conflat[ing] the requirements of individual

---

[1] *In re Subaru Battery Drain Prod. Liab. Litig.*, No. 1:20-cv-03095-JHR-JS, 2021 WL 1207791 (D.N.J. Mar. 31, 2021); *Valeant Pharm. Int'l, Inc. v AIG Ins.*, Co., No. 18-493, 2020 WL 7768405 (D.N.J. Dec. 30, 2020); *K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. Of Educ.*, No. CV 14-145, 2020 WL 3542305 (D.N.J. June 30, 2020).

standing with those for a class representative." *Fox v. Ritz-Carlton Hotel Co.*, L.L.C., 977 F.3d 1039, 1047 (11th Cir. 2020). Indeed, "whether a plaintiff can bring a class action under the state laws of multiple states is a question of predominance under Rule 23(b)(3), not a question of standing under Article III." *Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 96 (2d Cir. 2018).

A multi-state class action need not have a class representative from every possible state so long as the interests of class members from each state are aligned.[2] In the Third Circuit, "once threshold individual standing by the class representative is met, a proper party to raise a particular issue before the court, [] there remains no further separate class standing requirement in the constitutional sense." *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 306-07 (3d Cir. 1998). Plaintiffs' burden at this stage is to establish standing for each claim, not for each state. Plaintiffs have met this burden.

### 1. Class Plaintiffs May Represent Absent Class Members From Other States Where a "False Conflict" of Laws Exist

Plaintiffs accepted the Court's MTD Order No. 2 insofar as it held that a named plaintiff from State *X,* asserting claims under State *X*'s law for injuries sustained in State *X*, cannot assert claims under State *Y*'s laws. For instance, Plaintiff Burnett, a North Carolina resident who bought and ingested VCDs in North Carolina, is only asserting claims under North Carolina law.

Plaintiffs' proposed amendments, however, present a different situation: that a named plaintiff of State *X* may represent persons from State *X*, *as well as* persons in states whose laws do

---

[2] *See, e.g., O'Neill v. Standard Homeopathic Co.*, 346 F. Supp. 3d 511 (S.D.N.Y. Sept. 28, 2018) (putative consumer class representatives had standing to assert claims related to products they themselves did not purchase); *In re Asacol Antitrust Litig.*, 907 F.3d 42 (1st Cir. 2018) (named plaintiffs in certain states had standing to assert claims on behalf of absent class members in other states).

not conflict with the laws of State *X*. *See* PELMC ¶ 607; PMMMC ¶ 560. This is consistent with *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985). In *Shutts*, the Supreme Court held that a class representative of one state may represent absent class members in different states provided there is a "false conflict" of law. *Id.* at 816 ("There can be no injury in applying Kansas law if it is not in conflict with that of any other jurisdiction connected to this suit."). The *Shutts* court remanded the matter for the lower courts to conduct a choice-of-law analysis.

Plaintiffs do not attempt to suggest to the Court that this inquiry should continue to be delayed in perpetuity. There is, indeed, a clear time in which courts routinely conduct an analyses of whether a "false conflict" exists – at the class certification stage. Countless cases in this District and Circuit hold this (see below bullets).

Further, in any event, since the filing of Defendants' objections, Plaintiffs have filed their motions for class certification, which specifically address the extent to which various states' laws are substantially similar and do not conflict with each other. There is no more guessing or waiting now. Plaintiffs have set forth the particular states' laws under which they seek class certification and for which they contend "false conflicts" exist. Defendants can respond to Plaintiffs' class certification papers in turn. The now-filed class certification papers essentially moot any belated argument by Defendants now, rightly rejected by the Special Master earlier, that the choice-of-law decision should have happened sooner.

Nevertheless, for completeness, Plaintiffs set forth here the many cases in this District and Circuit holding that class certification is the appropriate time to address "false conflict" issues:

- *Rickman v. BMW of N. Am.*, No. CV 18-4363(KM)(JBC), 2020 WL 3468250, at *11 (D.N.J. June 25, 2020) (declining to address whether named plaintiff had standing to assert claims in under various state laws because the "more prudent approach would be to defer consideration of this argument until the certification stage… I here follow the lead of other cases that have declined to address similar issues in advance of class

7

certification.")

- *Rolland v. Spark Energy LLC*, No. 17-2680, 2019 WL 1903990, at *5 n. 6 (D.N.J. Apr. 29, 2019) (rejecting the defendant's arguments that class representatives lacked standing to bring nationwide class claims under various states' laws on behalf of putative out-of-state class members as "unpersuasive" when denying a motion to dismiss).

- *Gress v. Freedom Mortg. Corp.*, 386 F. Supp. 3d 455, 462 (M.D. Pa. 2019) ("[p]laintiffs' capacity to state claims under the laws of other states on behalf of putative class members…is a matter to be decided under the rubric of Rule 23, not constitutional standing under Article III.")

- *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 831, n. 56 (E.D. Pa. 2019) ("whether a plaintiff can bring a class action under the state laws of multiple states is a question of predominance under Rule 23(b)(3), not a question of standing") (internal quotations omitted).

- *In re FieldTurf Artificial Mktg. & Sales Prac. Litig.*, No. 17-2779, 2018 WL 4188459, at *8-9 (D.N.J. Aug. 31, 2018) (deferring choice-of-law analysis for putative nationwide class where no named plaintiff resided in 43 of 50 states).[3]

- *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-2687, 2017 WL 3131977, at *28 (D.N.J. July 20, 2017) (refusing to dismiss claims under Utah law where no named plaintiff resided in Utah).

- *In re Thalomid and Revlimid Antitrust Litig.*, No. 14-6997, 2015 WL 9589217, at * 19 (D.N.J. Oct. 29, 2015) ("attack on plaintiffs' standing to pursue state law claims on behalf of absent class members is not an Article III jurisdictional issue.")

- *Harper v. LG Elecs., USA, Inc.*, 595 F. Supp. 2d 486, 491 (D.N.J. 2009) (deferring choice of law analysis until after motion to dismiss, and for full factual record to be developed).

- *Ramirez v. STI Prepaid LLC*, 644 F. Supp. 2d 496, 505 (D.N.J. Mar. 18, 2009) (" the fact that the named Plaintiffs may not have individual standing to allege violations of consumer protection laws in states other than those in which they purchased Defendants' calling cards is immaterial").

---

[3] *See also In re FieldTurf*, 2018 WL 4188459, at *8-9 ("Prior to the class certification stage, it is premature to examine the named plaintiffs' standing to pursue claims on behalf of absent class members of the nationwide class . . .in states other than those in which they were injured," because that inquiry is one of "predominance [under Rule 23].").

8

- *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517 (D.N.J. 2004) ("A choice of law analysis would be premature at this stage of the proceeding").[4]

The same is the norm in other sister Circuits.[5]

*Rickman*, which is the most recent case in this District addressing this topic, cites to a string of authority justifying why claims brought by plaintiffs in states in which no named plaintiff resides should not be dismissed, deciding it was not a standing issue as Defendants assert, but rather a decision that should be deferred until the class certification stage. *See Rickman*, 2020 WL 3468250, at *11.[6] At a minimum, a choice-of-law analysis should be conducted on a separate, full

---

[4] Courts outside this Circuit have also upheld the standing of named plaintiffs to bring claims on behalf of absent class members residing in other states.

[5] *See, e.g.*, *Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 96 (2d Cir. 2018) ("whether a plaintiff can bring a class action under the state laws of multiple states, is a question of predominance under Rule 23(b)(3), not a question of standing under Article III."); *In re Opana ER Antritrust Litig.*, 162 F. Supp. 3d 704, 722 (N.D. Ill. 2016) ("Whether the named plaintiffs "may assert the rights of absent class members is neither a standing issue nor an Article III case or controversy issue but depends rather on meeting the prerequisites of Rule 23 governing class actions."). *See, e.g.*, *Hoving v. Transnation Title Ins. Co.*, 545 F. Supp. 2d 662 (E.D. Mich. 2008) (upholding standing of eight represented states to bring claims on behalf of remaining states); *Jepson v. Ticor Title Ins. Co.*, No. C06-1723, 2007 WL 2060856, at *1 (W.D. Wash. May 1, 2007) (finding that a plaintiff could bring claims on behalf of absent class members residing in other states because "there [was] no question that the proposed class would have standing to assert [other states'] claims if it were certified."); *Pecanha v. The Hain Celestial Grp., Inc.*, 2018 WL 534299, at *9 (N.D. Cal. Jan. 24, 2018) (denying motion to dismiss and finding that standing to bring claims arising in other states could be deferred until certification).

[6] *See, e.g., Sheet Metal Workers Nat. Health Fund v. Amgen Inc.*, No. 07–5295, 2008 WL 3833577 at *9 (D.N.J. Aug.13, 2008) (declining to address argument that plaintiff lacks standing to bring claims under laws of states in which plaintiff failed to allege an injury and explaining that "because class certification creates the jurisdictional issue, the Court must treat the statutory standing issue before it deals with Article III standing, as instructed by Ortiz") (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999)); *In re Hypodermic Prods. Antitrust Litig.*, No. 05-1602, 2007 WL 1959225 at *15 (D.N.J. June 29, 2007) (deferring consideration of argument that "Plaintiffs do not enjoy standing to raise state antitrust claims in jurisdictions in which they do not reside" until after class certification issues have been resolved); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 204 (D.N.J. 2003) (considering it appropriate to decide class certification before resolving Article III standing challenges where defendant had unpersuasively argued that "Clark does not enjoy standing to

record after the Rule 12 stage and before the Rule 23 stage. *See, e.g.*, *Amato v. Subaru of Am., Inc.*, No. 18-16118, 2021 WL 21549876, at *5 (D.N.J. May 27, 2021); *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691 (D.N.J. 2011).

Plaintiffs' approach in the amended Economic Loss and Medical Monitoring Master Complaints is not only consistent with the caselaw, but it also provides the most judicial efficiency. On a separate record, at or before class certification, the parties would have the opportunity to fully brief the choice-of-law question.[7] A Rule 15 motion is not an appropriate vehicle to do so, especially when Defendants in this litigation do not even mention choice-of-law in their 150 pages of briefing.[8] Further, this approach resulted in zero prejudice to Defendants, such as "expensive nationwide discovery," *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 223 (D.N.J. 2020), because document discovery is nationwide in this MDL, and was largely complete as "Phase I" discovery ended in June.

### 2. Class TPP Plaintiffs Properly Allege Out-of-State Standing and Traceability

---

assert claims on behalf of class members regarding restaurants that Clark has not visited, or in states Clark has not visited").

[7] As these issues may relate to choice of law in the class certification context, "[a] court should exercise caution prior to class certification when asked to resolve choice-of-law questions in a nationwide class action where an array of factors beyond the residence of the class members must be considered, including the location of the parties and the purchased items." *In re Thalomid & Revlimid Antitrust Litig.*, No. 14-6997, 2015 WL 9589217, at *19 (D.N.J. Oct. 29, 2015) (Hayden, J.) (denying motion to dismiss and "defer[ing] its decision regarding the validity of any claims under particular state laws until the facts are further developed about the residence of putative class members or the state where they purchased or reimbursed their members for the price of Thalomid and Revlimid, and where the absent class members suffered an injury.").

[8] Arguably, Defendants' failure to even acknowledge the choice-of-law issue in their original briefing before the Special Master, as expressly pleaded in the PELMC and PMMMC, constitutes a waiver. *Williams v. BASF Catalysts LLC* 765 F.3d 306, 316 (3d Cir. 2014) ("All U.S. Courts of Appeals to have addressed the issue have held that choice-of-law issues may be waived.").

10

The TPP Plaintiffs (MADA and MSPRC) likewise have standing for purchases made by absent putative TPP class members. While Manufacturer Defendants argue that "MSPRC has alleged no factual basis to assert out-of-state claims under the laws of any state other than Connecticut, Ohio, and New York," and that "MADA has alleged no factual basis to assert out-of-state claims under the laws of any state other than Maine" (Manuf. Opp'n to Amendment (ECF 1277) at 16), this Court has previously rejected a similar argument. *See In re Liquid Aluminum Sulfate Antitrust Litig.* No. CV 16-MD-2687 (JLL), 2017 WL 3131977, at *19 (D.N.J. July 20, 2017) ("[t]he Court also rejects Defendants' argument that the named IPP Plaintiffs lack standing to bring state law claims under the laws of a state in which they do not reside. As [plaintiffs] correctly note, the United States Supreme Court has made it clear that District Courts should defer addressing standing questions concerning putative class members who are not named until after class certification when certification of the class is "logically antecedent" to the issue of standing.") (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612 (1997)).

Just as the Consumer Plaintiffs are permitted under the law to assert claims on behalf of the unnamed putative class members at the Rule 12(b)(6) stage, so too, are TPP Plaintiffs. *See In re Liquid Aluminum Sulfate Antitrust Litig.*, 2017 WL 3131977, at *28 (class representative asserted claims under Utah law *on behalf of* class members who were citizens or residents of Utah and made purchases in Utah, with the court finding that despite class representative not being citizens of Utah, that "[i]ndeed, allegations that members of the putative class *presumably include* Utah citizens and residents are sufficient to overcome a motion to dismiss indirect purchase[r]s claims under the Utah Antitrust Act when said allegations assert that said members of the putative classes made purchases in Utah.") (emphasis added) (internal quotations omitted).

11

### C. The Reconsideration Standard Is Inapplicable

Manufacturer Defendants' belated attempt to invoke the reconsideration standard should be rejected summarily for two reasons.

First, they never raised this argument in their side's collective 150 pages of opening briefs in opposition to Plaintiffs' motion for leave to amend, or in their many pages of sur-replies. Accordingly, they waived this argument. *See, e.g., In re NCAA Student Loan Trust,* 971 F.3d at 444 ("Arguments not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived."); *Washington v. Gilmore*, No. 17-988, 2021 WL 688088, at *2 (W.D. Pa. Feb. 23, 2021) (collecting cases) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Second, reconsideration was unnecessary. This Court's MTD orders dismissed various claims without prejudice, and explicitly directed Plaintiffs to file an omnibus motion for leave to file amended master complaints in April 2021. Plaintiffs did just that, and Plaintiffs' amendments addressed the issues (including standing) identified in the Court's MTD rulings. A dismissal without prejudice, with an invitation to seek amendment, meant there was no preclusive, final ruling that warranted any request for reconsideration. Amendments that restate and clarify claims dismissed without prejudice are the norm and do not require reconsideration. *See, e.g.*, *Prudential Ins Co. of Am. v. Bank of Am., Nat'l Ass'n*, No, 13-1586, 2014 WL 2999065, at *1 (D.N.J. July 2, 2014) (granting reconsideration to switch dismissal with prejudice to without prejudice, to allow plaintiff to seek amendment to re-allege all claims, without the need for reconsideration of order dismissing claims without prejudice).

## V. Conclusion

The parties extensively briefed Plaintiffs' motion for leave to amend the master complaints. Defendants filed more than 200 pages of opposition briefs and sur-replies. The Special Master thoughtfully evaluated all of the briefing and the applicable law. On the issue of standing, he correctly granted Plaintiffs leave to amend the Master Economic Loss and Master Medical Monitoring Complaints consistent with Supreme Court and Third Circuit law, as well as this Court's MTD rulings. Those amended Economic Loss and Medical Monitoring Master Complaints were filed on November 1, 2021. Manufacturer Defendants present no valid reasons to disturb the Special Master's Report and Order No. 46. Accordingly, Manufacturer Defendant's objection in part to the Special Master's Report and Order No. 46 should be denied.

Dated: November 24, 2021                    Respectfully submitted,


*/s/ Ruben Honik*                           */s/ Daniel Nigh*
Ruben Honik                                 Daniel Nigh
Honik LLC                                   LEVIN, PAPANTONIO, THOMAS,
1515 Market Street, Suite 1100              MITCHELL RAFFERTY & PROCTOR, P.A
Philadelphia, PA 19102                      316 South Baylen Street
Phone: (267) 435-1300                       Pensacola, FL 32502
ruben@honiklaw.com                          Phone: (850) 435-7013
                                            dnigh@levinlaw.com

| | |
|---|---|
| */s/ Adam Slater* | */s/ Conlee S. Whiteley* |
| Adam Slater | Conlee S. Whiteley |
| MAZIE, SLATER, KATZ & FREEMAN, LLC | KANNER & WHITELEY, LLC |
| 103 Eisenhower Pkwy, 2nd Flr. | 701 Camp Street |
| Roseland, NJ 07068 | New Orleans, LA 70130 |
| Phone: (973) 228-9898 | Phone: (504)-524-5777 |
| aslater@mazieslater.com | c.whiteley@kanner-law.com |

***MDL Plaintiffs' Co-Lead Counsel***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November, 2021, I caused a true and correct copy of the foregoing to be filed and served upon all counsel of record by operation of the Court's CM/ECF system.

*/s/ David J. Stanoch*
David J. Stanoch
