# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates to All Cases** | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler<br>Hon. Thomas Vanaskie<br><br>**DEFENDANTS' RULE 26 DISCLOSURE OF EXPERT WITNESSES FOR GENERAL CAUSATION** |

**DEFENDANTS' RULE 26 DISCLOSURE OF**
**EXPERT WITNESSES FOR GENERAL CAUSATION**

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and Case Management Order No. 23 (ECF No. 863), the Defendants' Executive Committee on behalf of all Defendants submits the following Disclosure of Expert Witnesses for General Causation and Reservations of Rights pursuant to Rule 702, 703, or 705 of the Federal Rules of Evidence ("Disclosure").

**I.      SCOPE OF DISCLOSURE**

Pursuant to Case Management Order No. 23, Defendants' experts disclosed herein are identified for purposes of rendering opinions as to general causation issues and rebutting the general causation opinions of the general causation experts disclosed by the Plaintiffs' Executive Committee. This Disclosure and the reports herein are provided without limitation and pursuant to the reservation of rights set forth below in Section III.  Defendants also expressly reserve the right to supplement these reports and/or provide additional reports on remaining issues including, but not limited to, class certification, liability, specific causation, and damages. Moreover, pursuant to the Court's ruling at the July 28, 2021 Case Management Conference, Defendants specifically reserve the right to submit supplemental or additional expert reports fully responding to and

addressing the opinions of Nagi Kumar, Ph.D., Steven B. Bird, M.D. and Nachman Brautbar, M.D., as well as the liability opinions of Stephen Hecht, M.D., should the litigation proceed to those stages or the case specific stage or otherwise as the Court shall determine.

## II.     RETAINED EXPERT WITNESSES

      1)     **Michael Bottorff, PharmD, FCCP, FNLA, CLS**
              **(Pharmacokinetics/Pharmacology)**

              **Manchester University**
              **College of Pharmacy**
              **10627 Diebold Road**
              **Fort Wayne, IN 46845**

Defendants refer Plaintiffs to Dr. Bottorff's Expert Report, and all subparts and attachments thereto, which set forth his opinions and the reasons and bases for them. Dr. Bottorff's Expert Report and corresponding attachments set forth the facts, data and information considered by Dr. Bottorff in forming his opinions, exhibits that Dr. Bottorff may use to support his opinions, Dr. Bottorff's qualifications, publications, testimonial history for the previous four years, and his compensation as an expert witness. Defendants incorporate herein by reference Dr. Bottorff's Expert Report and all subparts and attachments thereto.

      2)     **Janice K. Britt, Ph.D.**
              **(Toxicology)**

              **ToxStrategies, Inc.**
              **2910 Kerry Forest Parkway**
              **Suite D4-163**
              **Tallahassee, FL 32309**

Defendants refer Plaintiffs to Dr. Britt's Expert Report, and all subparts and attachments thereto, which set forth her opinions and the reasons and bases for them. Dr. Britt's Expert Report and corresponding attachments contain the facts, data and information considered by Dr. Britt in forming her opinions, exhibits that Dr. Britt may use to support her opinions, Dr. Britt's qualifications, publications, testimonial history for the previous four years, and her compensation

as an expert witness. Defendants incorporate herein by reference Dr. Britt's Expert Report and all subparts and attachments thereto.

    3)    **Daniel Catenacci, MD**
             **(Oncology)**

        **The University of Chicago**
        **Medical Center & Biological Sciences**
        **900 East 57th Street**
        **KCBD Building, Office 7128**
        **Chicago, IL 60637**

Defendants refer Plaintiffs to Dr. Catenacci's Expert Report, and all subparts and attachments thereto, which set forth his opinions and the reasons and bases for them. Dr. Catenacci's Expert Report and corresponding attachments contain the facts, data and information considered by Dr. Catenacci in forming his opinions, exhibits that Dr. Catenacci may use to support his opinions, Dr. Catenacci's qualifications, publications, testimonial history for the previous four years, and his compensation as an expert witness. Defendants incorporate herein by reference Dr. Catenacci's Expert Report and all subparts and attachments thereto.

    4)    **Lewis Chodosh, M.D.**
             **(Cancer Biology)**

        **Perelman School of Medicine**
        **University of Pennsylvania**
        **614 BRB II/III**
        **421 Curie Blvd.**
        **Philadelphia, PA 19104**

Defendants refer Plaintiffs to Dr. Chodosh's Expert Report, and all subparts and attachments thereto, which set forth his opinions and the reasons and bases for them. Dr. Chodosh's Expert Report and corresponding attachments contain the facts, data and information considered by Dr. Chodosh in forming his opinions, exhibits that Dr. Chodosh may use to support his opinions, Dr. Chodosh's qualifications, publications, testimonial history for the previous four years, and his compensation as an expert witness. Defendants incorporate herein by reference Dr.

Chodosh's Expert Report and all subparts and attachments thereto.

   **5)**  **John M. Flack, M.D, MPH, FAHA, FASH, MACP**
      **(Internal Medicine/Hypertension)**

      **Southern Illinois University School of Medicine**
      **701 N. First Street**
      **Springfield, IL 62702**

  Defendants refer Plaintiffs to Dr. Flack's Expert Report, and all subparts and attachments thereto, which set forth his opinions and the reasons and bases for them. Dr. Flack's Expert Report and corresponding attachments contain the facts, data and information considered by Dr. Flack in forming his opinions, exhibits that Dr. Flack may use to support his opinions, Dr. Flack's qualifications, publications, testimonial history for the previous four years, and his compensation as an expert witness. Defendants incorporate herein by reference Dr. Flack's Expert Report and all subparts and attachments thereto.

   **6)**  **Jon Fryzek, Ph.D., MPH**
      **(Epidemiology)**

      **EpidStrategies**
      **Johns Hopkins Campus**
      **9601 Medical Center Dr.**
      **Rockville, MD 20850**

  Defendants refer Plaintiffs to Dr. Fryzek's Expert Report, and all subparts and attachments thereto, which set forth his opinions and the reasons and bases for them. Dr. Fryzek's Expert Report and corresponding attachments contain the facts, data and information considered by Dr. Fryzek in forming his opinions, exhibits that Dr. Fryzek may use to support his opinions, Dr. Fryzek's qualifications, publications, testimonial history for the previous four years, and his compensation as an expert witness. Defendants incorporate herein by reference Dr. Fryzek's Expert Report and all subparts and attachments thereto.

    7)      **Herman J. Gibb, Ph.D. MPH**
            **(Epidemiology)**

            **Gibb Epidemiology Consulting, LLC**
            **3033 Wilson Blvd. Suite 700**
            **Arlington, VA 22201**

Defendants refer Plaintiffs to Dr. Gibb's Expert Report, and all subparts and attachments thereto, which set forth his opinions and the reasons and bases for them. Dr. Gibb's Expert Report and corresponding attachments contain the facts, data and information considered by Dr. Gibb in forming his opinions, exhibits that Dr. Gibb may use to support his opinions, Dr. Gibb's qualifications, publications, testimonial history for the previous four years, and his compensation as an expert witness. Defendants incorporate herein by reference Dr. Gibb's Expert Report and all subparts and attachments thereto.

    8)      **George Johnson, Ph.D.**
            **(Genetic Toxicology)**

            **Swansea University Medical School**
            **Singleton Campus**
            **Swansea, Wales, UK**

Defendants refer Plaintiffs to Dr. Johnson's Expert Report, and all subparts and attachments thereto, which set forth his opinions and the reasons and bases for them. Dr. Johnson's Expert Report and corresponding attachments contain the facts, data and information considered by Dr. Johnson in forming his opinions, exhibits that Dr. Johnson may use to support his opinions, Dr. Johnson's qualifications, publications, testimonial history for the previous four years, and his compensation as an expert witness. Defendants incorporate herein by reference Dr. Johnson's Expert Report and all subparts and attachments thereto.

      **9)**    **Lee-Jen Wei, Ph.D.**
              **(Biostatistics)**

              **Harvard T.H. Chan School of Public Health**
              **Department of Biostatistics**
              **Harvard University**
              **677 Huntington Avenue**
              **Boston, MA 02115**

Defendants refer Plaintiffs to Dr. Wei's Expert Report, and all subparts and attachments thereto, which set forth his opinions and the reasons and bases for them. Dr. Wei's Expert Report and corresponding attachments contain the facts, data and information considered by Dr. Wei in forming his opinions, exhibits that Dr. Wei may use to support his opinions, Dr. Wei's qualifications, publications, testimonial history for the previous four years, and his compensation as an expert witness. Defendants incorporate herein by reference Dr. Wei's Expert Report and all subparts and attachments thereto.

### III.    RESERVATIONS

1. Defendants reserve the right to elicit testimony, either through direct examination or cross-examination, of all witnesses disclosed or identified by Plaintiffs or Defendants or who have been deposed in this litigation as an expert or person with specialized knowledge, training, or experience pursuant to FRE 702, 703, or 705, including retained or non-retained experts disclosed by Plaintiffs.

2. Defendants further reserve the right, as allowed by Rule 26(e) of the Federal Rules of Civil Procedure, to supplement or amend this Disclosure of Expert Witnesses through the discovery process upon receiving additional discovery including, but not limited to, expert depositions, fact depositions, exhibits used in depositions, documents produced, newly identified, collected, and/or produced medical records, testing, and any supplemental expert disclosures or reports by any party.

3. Defendants also reserve the right to disclose and call witnesses necessitated by Plaintiffs' identification of certain witnesses and proposed evidence.

4. Defendants reserve the right to disclose and call witnesses necessitated by depositions taken subsequent to the date of this Disclosure, including the depositions of Plaintiffs, and Plaintiffs' treating physicians or family members, to the extent not yet completed, and any additional proffered experts.

5. Defendants reserve the right to disclose additional expert witnesses and/or supplement this Disclosure and Defendants' expert reports should Plaintiffs supplement, with or without leave of the Court, their expert reports or offer rebuttal experts, or to address newly available studies or literature.

6. Defendants reserve the right to strike any and all of Plaintiffs' experts prior to deposition and/or trial.

7. Defendants reserve the right to amend this Disclosure to identify or substitute additional expert witnesses or to strike any of their experts.

8. Defendants reserve the right to supplement or amend this witness list based upon any rulings of the Court or of any other court that affect the scope of evidence in this trial or in the event Plaintiffs alter or amend their witness lists or pleadings.

9. Defendants reserve the right to elicit any expert testimony at trial from any qualified person that would be of benefit to the jury to determine material issues of fact pursuant to the Federal Rules of Civil Procedure.

10. Defendants reserve the right to solicit opinions from Defendants' current and former employees identified through the course of discovery, as well as those corporate witnesses previously disclosed or deposed in this MDL, who may provide both lay and expert testimony

regarding matters within their areas of professional responsibility, gained through their experience at work, and their particularized and specialized respective knowledge, experience, education, and training and who may only be contacted through counsel for Defendants.

10. By identifying an area of testimony or issue in this Disclosure or any of the expert reports referenced herein, Defendants do not waive, and expressly reserve, any and all objections to the relevancy and admissibility of evidence or testimony concerning the same.

Dated: August 2, 2021

Respectfully submitted,

On behalf of the Defense Executive Committee

By: */s/ Seth A. Goldberg*
Seth A. Goldberg, Esq.
 *Lead Counsel and Liaison Counsel for Defendants*

**DUANE MORRIS LLP**

Seth A. Goldberg
Jessica Priselac
Coleen W. Hill
30 South 17th Street
Philadelphia, Pennsylvania 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
JPriselac@duanemorris.com
CWHill@duanemorris.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co, Ltd., Prinston Pharmaceutical Inc., Huahai U.S. Inc., and Solco Healthcare U.S., LLC*

**GREENBERG TRAURIG, LLP**

By: */s/ Lori G. Cohen*
Lori G. Cohen
Victoria Davis Lockard
Steven M. Harkins
Terminus 200

8

3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Brian H. Rubenstein
1717 Arch Street
Suite 400
Philadelphia, Pennsylvania 19103
Tel: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

Gregory E. Ostfeld
77 West Wacker Drive,
Suite 3100
Chicago, Illinois 60601
Tel: (312) 476-5056
ostfeldg@gtlaw.com

**WALSH PIZZI O'REILLY FALANGA, LLP**

Liza M. Walsh
Christine I. Gannon
Three Gateway Center
100 Mulberry Street
15th Floor
Newark, New Jersey 07102
Tel: (973) 757-1100
Fax: (973) 757-1090
lwalsh@walsh.law
cgannon@walsh.law

*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis Pharma, Inc., and Actavis LLC*

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**

Clem C. Trischler
Jason M. Reefer

9

One Oxford Centre
38th Floor
Pittsburgh, Pennsylvania 15219
Tel: (412) 263-2000
Fax: (412) 263-2001
CCT@PIETRAGALLO.com
JMR@Pietragallo.com

*Attorneys for Mylan Laboratories,
Ltd. and Mylan Pharmaceuticals, Inc.*

**ULMER & BERNE LLP**

Jeffrey D. Geoppinger
600 Vine Street
Suite 2800
Cincinnati, Ohio 45202
Tel: (513) 698-5000
Fax: (513) 698-5001
jgeoppinger@ulmer.com

*Counsel for AmerisourceBergen Corporation*

**BARNES & THORNBURG LLP**

Sarah E. Johnson
Kristen L. Richer
2029 Century Park East
Suite 300
Los Angeles, CA 90067
Tel: (310) 284-3798
Fax: (310) 284-3894
sjohnston@btlaw.com

Kara Kapke
11 S. Meridian Street
Indianapolis, IN 46204-3535
Tel: (317) 231-6491
Fax: (317) 231-7433
kara.kapke@btlaw.com

*Counsel for CVS Pharmacy, Inc.
(incorrectly named as CVS Health Corporation)*

10