**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Motion Day: December 6, 2021 |

**REPLY IN SUPPORT OF MANUFACTURER DEFENDANTS'**
**OBJECTIONS IN PART TO SPECIAL MASTER'S**
**REPORT ON PLAINTIFFS' MOTION FOR LEAVE TO**
**AMEND MASTER COMPLAINTS AND SPECIAL MASTER**
**ORDER NO. 46 PURSUANT TO FED. R. CIV. P. 53(f)**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ..........................................................................................1

II.     ARGUMENT................................................................................................3

      A.      Plaintiffs Mischaracterize MTD Opinion 2 and MTD Order 2 and Ignore This Court's Well-Reasoned Ruling on Out-of-State Standing..............................................................................................3

      B.      Plaintiffs Fail to Address the Standing Defects in Plaintiffs' Amendments and the Special Master's Report ...................................8

      C.      Plaintiffs Fail to Satisfy the Standard for Reconsideration of MTD Opinion 2 and MTD Order 2 ...................................................14

III.    CONCLUSION............................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Adams Pointe I, L.P. v. Tru-Flex Metal Hose Corp.*,
No. 2:16-CV-00750-CB, 2020 WL 4199557 (W.D. Pa. July 17, 2020) ................................................................................................6

*Cole v. NIBCO, Inc.*,
No. 3:13-CV-07871 FLW, 2015 WL 2414740 (D.N.J. May 20, 2015) ...................................................................................................6

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006).........................................................5, 10, 12, 13

*In re FieldTurf Artificial Mktg. & Sales Prac. Litig.*,
No. 17-2779, 2018 WL 4188459 (D.N.J. Aug. 31, 2018) ..................13

*Fox v. Ritz-Carlton Hotel Co.*,
L.L.C., 977 F.3d 1039 (11th Cir. 2020)..............................................13

*Freedom from Religion Found., Inc. v. Cnty. Of Lehigh*,
933 F.3d 275 (3d Cir. 2019) ..............................................................11

*In re Generic Pharms. Pricing Antitrust Litig.*,
368 F. Supp. 3d 814 (E.D. Pa. 2019)..................................................13

*Gress v. Freedom Mortgage Corporation*,
386 F. Supp. 3d 455 (M.D. Pa. 2019).......................................9, 10, 13

*Harper v. LG Elecs., USA, Inc.*,
595 F. Supp. 2d 486 (D.N.J. 2009).....................................................13

*Hartig Drug Co. Inc. v. Senju Pharm. Co.*,
836 F.3d 261 (3d Cir. 2016) ..............................................................14

*In re K-Dur Antitrust Litig.*,
338 F. Supp. 2d 517 (D.N.J. 2004).....................................................13

*Langan v. Johnson & Johnson Consumer Cos., Inc.*,
897 F.3d 88 (2d Cir. 2018) ................................................................13

i

*Lewis v. Casey*,
    518 U.S. 343 (1996)..........................................................................*passim*

*In re Liquid Aluminum Sulfate Antitrust Litig.*,
    No. 16-md-2687, 2017 WL 3131977 (D.N.J. July 20, 2017)...........................13

*Neale v. Volvo Cars of N. Am., LLC*,
    794 F.3d 353 (3d Cir. 2015) ...........................................................9, 10

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)......................................................................9, 10

*Ponzio v. Mercedes-Benz USA, LLC*,
    447 F. Supp. 3d 194 (D.N.J. 2020). MTD Opinion 2................................*passim*

*In re Prudential Ins. Co.*,
    148 F.3d 283 (3d Cir. 1998) .................................................................7

*Ramirez v. STI Prepaid LLC*,
    644 F. Supp. 2d 496 (D.N.J. Mar. 18, 2009) ...........................................13

*Rickman v. BMW of N. Am.*,
    No. CV 18-4363(KM)(JBC), 2020 WL 3468250 (D.N.J. June 25, 2020)..............................................................................................13

*Rolland v. Spark Energy LLC*,
    No. 17-2680, 2019 WL 1903990 (D.N.J. Apr. 29, 2019) ...............................13

*In re Schering Plough Corp. Intron/Temodar Consumer Class Actions*,
    678 F.3d 235 (3d Cir. 2012) .................................................................7

*Selective Ins. Co. of Am. v. Christeyns Laundry Tech., LLC*,
    No. CV1911723RMBAMD, 2020 WL 6194015 (D.N.J. Oct. 22, 2020)...............................................................................................10

*In re Thalomid and Revlimid Antitrust Litig.*,
    No. 14-6997, 2015 WL 9589217 (D.N.J. Oct. 29, 2015)................................13

*Thorne v. Pep Boys Manny Moe & Jack Inc.*,
    980 F.3d 879 (3d Cir. 2020) ..................................................................5

*Valeant Pharm. Int'l, Inc. v. AIG Ins. Co.*,
    No. 18-493 (MAS)(LHG), 2020 WL 7768405 (D.N.J. Dec. 30,
    2020) ...............................................................................................................12

## Other Authorities

Fed. R. Civ. P.Rule 23 ................................................................5, 8, 10, 12

Fed. R. Civ. P.Rule 53 .............................................................................11

# I.    INTRODUCTION

Plaintiffs' Response to Manufacturer Defendants' Objection in Part to Special Master Report and Order No. 46 [ECF No. 1781] ("Response" or "Resp.") misstates this Court's prior ruling in MTD Opinion 2 [ECF No. 728], makes multiple erroneous assertions of law, and mischaracterizes the Manufacturer Defendants' prior briefs—all in an attempt to lend support to the Special Master's ruling granting Plaintiffs leave to amend to assert claims under the laws of states where Plaintiffs do **not** reside and have **not** been injured. *See* Special Master's Report [ECF No. 1614] (the "Report") at 11-12. But Plaintiffs' arguments still fail to address the two core "principles of law" articulated by the U.S. Supreme Court that guided this Court's earlier, correct ruling: (1) a plaintiff "must demonstrate standing for each claim he seeks to press"; and (2) class actions "do not change the requirements of standing." MTD Opinion 2 at 19 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 337 (2006); *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). On that basis alone, together with the well-reasoned authority this Court followed in MTD Opinion 2, the Court should not adopt the Special Master's ruling.

Plaintiffs thoroughly misconstrue this Court's prior decision on out-of-state standing. Disregarding the substance of MTD Opinion 2 and the two principles on which it rests, Plaintiffs initially and wrongly insist that MTD Order 2 [ECF No. 729] "specifically invited" Plaintiffs to "address via amendment" the "extent to which named plaintiffs who live in certain states could represent absent class

members in other states." Resp. at 1-2. But that is the very approach this Court expressly rejected when it held that Plaintiffs must demonstrate standing for each claim they seek to press. Neither MTD Opinion 2 nor MTD Order 2 "invited" Plaintiffs to persist in asserting out-of-state claims they lack standing to bring, and Plaintiffs' failure to address the substance of MTD Opinion 2 is revealing.

Beyond misreading this Court's earlier ruling, the Response largely ignores the arguments and authorities in the Manufacturer Defendants' Objection in Part to Special Master's Order on Plaintiffs' Motion for Leave to Amend Master Complaints [ECF No. 1690] (the "Objection"). Indeed, most of the Response is, by Plaintiffs' own admission, a "rehash" of Plaintiffs' earlier briefs. *See* Resp. at 5. That approach, however, leaves unanswered most of the Manufacturer Defendants' direct challenges to the specific content and reasoning of the Special Master's Report. Instead, Plaintiffs merely repeat earlier recitations of inapposite and unpersuasive cases while failing even to mention the clear, contrary authority this Court followed in MTD Opinion 2 as the better-reasoned view. Plaintiffs' decision to ignore compelling precedent and to treat out-of-state standing as a mere "conflicts of law" issue places them on the wrong side of the split of authority on out-of-state standing.

Plaintiffs' assertion that they need not satisfy the rigorous standard for reconsideration because the Manufacturer Defendants "never raised" the issue before the Special Master is false. Resp. at 12. Likewise, Plaintiffs' insistence that

2

reconsideration was "unnecessary" because the Court granted leave to amend ignores the substance of MTD Opinion 2 and the Special Master's Report. *Id*.

At bottom, by any standard, Plaintiffs have failed to make a case for asserting out-of-state claims they lack standing to press. Accordingly, Defendants respectfully request that the Court not adopt the Special Master's Report and Order to the extent they granted Plaintiffs leave to amend to pursue claims based upon the laws of jurisdictions where a named Plaintiff neither resided nor was injured.

## II.    ARGUMENT

### A.    Plaintiffs Mischaracterize MTD Opinion 2 and MTD Order 2 and Ignore This Court's Well-Reasoned Ruling on Out-of-State Standing

Plaintiffs' opening assertion that MTD Opinion 2 and MTD Order 2 "specifically invited" Plaintiffs to "address via amendment out-of-state absent class members" and "the extent to which named plaintiffs who live in certain states could represent absent class members in other states" (Resp. at 1), is directly at odds with this Court's express ruling. MTD Opinion 2 and MTD Order 2 contain no such "invitation," and indeed are squarely to the contrary.[1]

---

[1] Plaintiffs also inaccurately assert that each amended complaint now "specifically states that it is not attempting to have named plaintiffs in certain states seek to recover themselves under the laws of other states in which they do not live." Resp. at 2. No such "specific statement" is anywhere to be found, under Plaintiffs' descriptions or anywhere else, in the operative Third Amended Consolidated Economic Loss Class Action Complaint [ECF 1708] ("TAELC") or Consolidated Third Amended Medical Monitoring Class Action Complaint [ECF 1709] ("TAMMC"). *See* TAELC ¶¶ 14-73; TAMMC ¶¶ 11-28. To the contrary, unchanged from their predecessor pleadings, Plaintiffs continue to assert *every* multi-state cause

3

MTD Opinion 2 explicitly holds that Plaintiffs lack standing "to assert claims under the laws of states where they do not reside and were not injured[.]" MTD Opinion 2 at 19. The Court found this outcome "flow[s] from" the Supreme Court's holdings in *DaimlerChryler* and *Lewis*, which "have made … clear" that "a plaintiff must demonstrate standing for each claim he seeks to press" and "class actions do not change the requirements of standing." *Id*. (citing *DaimlerChrysler*, 547 U.S. at 337; *Lewis*, 518 U.S. at 357). Accordingly, for named Plaintiffs to "raise[] multiple causes of action" they "must demonstrate standing for **each claim**." *Id*. (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Actions*, 678 F.3d 235, 245 (3d Cir. 2012) (emphasis added). Because Plaintiffs could not demonstrate standing to assert claims under the laws of states in which they do not reside and were not injured, the Court dismissed Plaintiffs' out-of-state claims. *Id*. MTD Order 2 likewise granted Defendants' Motions to Dismiss "for the issue of standing" with respect to, *inter alia*, "Defendants' argument that the named Plaintiffs in the economic loss and medical monitoring class actions ***cannot raise claims outside of the states where they reside or were injured***." MTD Order 2 ¶ 3 (emphasis added).

Tellingly, this Court expressly aligned itself in MTD Opinion 2 with *Ponzio*

---

of action on behalf of themselves individually ***and*** absent class members under the laws of ***every*** listed state, with no statement that named Plaintiffs only seek to recover individually in their home states. *See, e.g.,* TAELC ¶¶ 620, 626-27, 634-36, 653-55, 671-73, 689-90, 704-05, 721-23, 741-73, 761-63, 781-82, 790-91, 799-800, 810-12; TAMMC ¶¶ 559, 572, 581, 597, 614, 622, 629-630, 647, 652, 659, 680-712.

*v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194 (D.N.J. 2020). MTD Opinion 2 at 19. That is significant, as the court in *Ponzio* directly considered and rejected the exact same argument Plaintiffs advance here—that "a standing analysis is premature at this stage and more suited as a class certification issue under Rule 23"—holding that the issue must be addressed at the standing stage because plaintiffs "are required to establish standing for each claim asserted in the complaint" and "lack standing to assert claims on behalf of unnamed plaintiffs in jurisdictions where Plaintiffs have suffered no alleged injury." 447 F Supp. 3d at 222-23. Thus, far from "inviting" Plaintiffs to revisit the issue "via amendment," this Court made clear that Plaintiffs can only assert claims on behalf of unnamed plaintiffs in jurisdictions where the named Plaintiffs themselves have demonstrated standing, and that the issue is a threshold Article III standing matter, not a Rule 23 question. The fact that MTD Order 2 dismissed the out-of-state claims without prejudice cannot plausibly be construed as an "invitation" to reconsider this ruling; dismissal for lack of standing is always without prejudice because it "reflects a lack of jurisdiction[.]" *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020).

Plaintiffs' failure to confront the substance of MTD Opinion 2 is reason enough to reject Plaintiffs' Response and to decline to adopt the Special Master's Report on this issue, as Plaintiffs have offered this Court no justification to change its ruling. The Response does not even mention *DaimlerChrysler* or *Lewis*. It

references *Ponzio* only once on the unrelated prudential question of "expensive nationwide discovery," which matters but is secondary to the threshold jurisdictional question. Resp. at 10.  Indeed, Plaintiffs barely even attempt to grapple with the underlying principles that they must demonstrate standing for each claim they seek to press and that class actions do not change the requirements of standing. The Response refers to the first principle one time in passing, asserting that "Plaintiffs' burden at this stage is to establish standing for each claim, not for each state." Resp. at 6. The Response does not address the second principle at all.

Plaintiffs' assertion that they need only demonstrate standing for "each claim, not for each state" is meaningless. Each cause of action is a ***separate*** claim under ***each state's*** laws; thus, a putative class representative's standing to proceed under his or her home state's laws only demonstrates standing as to that one state, not every state. *See, e.g., Cole v. NIBCO, Inc.*, No. 3:13-CV-07871 FLW, 2015 WL 2414740, at *11 (D.N.J. May 20, 2015) (holding a "laundry list of duties" does not suffice "for asserting ***separate negligence claims*** under Plaintiffs' ***respective home states***") (emphases added); *Adams Pointe I, L.P. v. Tru-Flex Metal Hose Corp.*, No. 2:16-CV-00750-CB, 2020 WL 4199557, at *10 (W.D. Pa. July 17, 2020) (holding putative class representatives' claims "are separate causes of action under each state law with separate elements of proof"), *report and recommendation adopted*, No. CV 16-750, 2020 WL 4937455 (W.D. Pa. Aug. 24, 2020), *aff'd*, No. 20-3528, 2021 WL

6

3612155 (3d Cir. Aug. 16, 2021). Plaintiffs' own pleadings acknowledge this reality. For example, Plaintiffs concede they do not have one umbrella claim for "breach of express warranty," but rather separate and distinct claims under the warranty laws of *each* state. *See* TAELC ¶¶ 626-27 (listing express warranty claims under the laws of 51 states and territories and stating "[t]his count also excludes any *claim* under Louisiana law") (emphasis added); *id*. ¶¶ 635-36 (listing express warranty claims under the laws of 46 states and territories and stating "this count excludes any *claim* under the laws of Alabama, Arizona, Idaho, North Carolina, and Tennessee," as well as Louisiana) (emphasis added); *see also id*. ¶¶ 654-55, 672-73, 690, 705, 722-23, 742-43, 762-63, 782, 791, 800, 811-12.

As this Court found in MTD Opinion 2, because Plaintiffs "raise[] multiple causes of action" they "must demonstrate standing for each claim [they] seek[] to press." *In re Schering Plough*, 678 F.3d at 245 (quoting *DaimlerChrysler*, 547 U.S. at 352). Plaintiffs' authority does not disagree. It states that standing "is determined vis-à-vis the named parties." *In re Prudential Ins. Co.*, 148 F.3d 283, 306 (3d Cir. 1998). So it is. And class actions "do not change the requirements of standing." *Lewis*, 518 U.S. at 357. Here, the named Plaintiffs cannot demonstrate standing outside of their home states, and asserting claims as putative class representatives does not relieve them of the obligation to do so. As the Response silently concedes, Plaintiffs "cannot litigate each other's claims *jus tertii*: ***each Plaintiff must establish***

7

*her own standing to prosecute her own claims*." Objection at 20 (quoting *Bey v. Stumpf*, 825 F. Supp. 2d 537, 560 (D.N.J. 2011) (emphasis in original)). Accordingly, this Court correctly dismissed Plaintiffs' out-of-state claims for lack of standing, and Defendants respectfully submit the Special Master erred in recommending Plaintiffs be granted leave to amend to assert such claims.

## B.    Plaintiffs Fail to Address the Standing Defects in Plaintiffs' Amendments and the Special Master's Report

Apart from Plaintiffs' ill-conceived assertion that they were "invited" to amend to pursue out-of-state claims in contradiction of MTD Opinion 2, the Response is tellingly silent as to nearly every argument raised in the Manufacturer Defendants' Objection. The Objection, for example, defends MTD Opinion 2 based on its alignment with well-reasoned authority in this District, which has repeatedly considered and rejected the identical position asserted by Plaintiffs here, holding that out-of-state standing is a threshold jurisdictional question and not a Rule 23 class certification issue. *See* Objection at 15-21 (citing *Ponzio*, 447 F. Supp. 3d at 222-23; *In re Insulin Pricing Litigation*, No. 3:17-CV-0699-BRM-LHG, 2019 WL 643709, at *16-17 (D.N.J. Feb. 15, 2019); *McGuire v. BMW of North America, LLC*, No. 13-7356 (JLL), 2014 WL 2566132, at *2, *5-7 (D.N.J. June 6, 2014); *In re Magnesium Oxide Antitrust Litig.,* No. 10-cv-5943, 2011 WL 5008090, at *7-8, *10, *25-26 (D.N.J. Oct. 20, 2011); *Cooper v. Medimetriks Pharms., Inc*., No. 18-11987, 2019 WL 1370414, at *4 (D.N.J. Mar. 25, 2019)). Other than one fleeting mention of

*Ponzio* on an unrelated point, the Response does not address any of these authorities, all of which are contrary to Plaintiffs' position.[2] *See* Resp. at 10.

Further, the Response is entirely silent on the Objection's respectful points of disagreement with the Special Master's Report. *See* Objection at 22-25. The Objection argues, for example, that the Special Master's finding that MTD Opinion 2 "did not take into account" the Third Circuit's ruling in *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353 (3d Cir. 2015), missed this Court's express accounting for *Neale* and its conclusion that *Neale* deals with the separate question of unnamed class member standing, rather than the salient question of "whether the named plaintiffs have standing to assert their claims[.]" Objection at 22-23 (quoting MTD Opinion 2 at 18-19 & n.9). The Objection likewise addresses the Report's erroneous reliance on *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 816 (1985)), noting that it was a conflicts of law ruling that dealt with the propriety of applying ***one*** state's law (Kansas) to out-of-state class members' claims in the absence of a conflict, ***not*** a putative class representative's clear lack of standing to assert claims under ***all*** states' laws. Objection at 23-24. The Objection further discusses the Special Master's error in relying on *Gress v. Freedom Mortgage Corporation*, 386 F. Supp.

---

[2] The Manufacturer Defendants also adopt and incorporate by reference the arguments set forth in Sections II and III of the Reply in Support of Wholesaler Defendants' Objection in Part to Special Master Report and Order No. 46.

3d 455, 462 (M.D. Pa. 2019), and similar precedent treating out-of-state standing as a Rule 23 predominance issue, noting that *Gress* failed to account for the holdings of *DaimlerChrysler* and *Lewis*. Objection at 24-25.

The Response fails to address any of these errors. Instead, it parrots the Special Master's ruling and references *Neale*, *Phillips Petroleum*, and *Gress* without confronting their inapplicability or deficiencies as articulated by the Objection. Resp. at 4-5. The Response's complete silence with respect to each of the Objection's substantive arguments tacitly concedes each point. *See Selective Ins. Co. of Am. v. Christeyns Laundry Tech., LLC*, No. CV1911723RMBAMD, 2020 WL 6194015, at *5 (D.N.J. Oct. 22, 2020) (noting that failure to address argument in response brief conceded it). Even if Plaintiffs had not conceded the points, the Objection's arguments are well-founded and Plaintiffs have offered no reason for this Court to rule otherwise.

Plaintiffs offer a peculiar rationale for their decision to ignore nearly the entire substance of the Objection. The Response asserts that the Objection "does not argue any new law or intervening change in controlling law" but "simply rehashes the same arguments made months ago" and "regurgitates the same legal arguments and caselaw they presented" in the briefing submitted to the Special Master. Resp. at 2, 5. Plaintiffs insist the Manufacturer Defendants "are not entitled to another bite of the apple." *Id*. at 2. Plaintiffs also point to this supposed "rehash" as the justification

for Plaintiffs to repeat, word-for-word, "their argument presented to the Special Master as well," rather than actually responding to the Objection. *Id*. at 5.[3]

Plaintiffs' "second bite of the apple" argument is wholly misplaced in the context of a Rule 53 objection, where this Court's review of the Special Master's Report is *de novo* with respect to "all objections to conclusions of law made or recommended by a master." Fed. R. Civ. P. 53(f)(4). The Special Master's conclusion that Plaintiffs have standing to assert out-of-state claims on behalf of unnamed class members is unquestionably a conclusion of law subject to *de novo* review. *See Freedom from Religion Found., Inc. v. Cnty. Of Lehigh*, 933 F.3d 275, 279 (3d Cir. 2019). The Manufacturer Defendants are thus entitled to "an independent determination" of their Objection "that accords no deference to any

---

[3] In apparent contradiction of their assertion that the Objection is merely a "rehash," Plaintiffs also insist the Manufacturer Defendants "arguably waived the opportunity to argue any cases or arguments that were available at the time of their briefing before the Special Master." Resp. at 5 (citing *In re NCAA Student Loan Trusts*, 971 F.3d 433, 444 (3d Cir. 2020)). Oddly, one of the cases Plaintiffs criticize as "new" addresses the standard of review for this Court's review of the Special Master's ruling, which was not previously at issue. *See* Resp. at 5 n.1 (citing *Valeant Pharm. Int'l, Inc. v. AIG Ins. Co.*, No. 18-493 (MAS)(LHG), 2020 WL 7768405 (D.N.J. Dec. 30, 2020)). Another case is just additional authority supporting a previously-argued point on individual standing. *See id*. (citing *In re Subaru Battery Drain Prod. Liab. Litig.*, No. 1:20-CV-03095-JHR-JS, 2021 WL 1207791 (D.N.J. Mar. 31, 2021)). The third case deals with the standard for reconsideration, and was previously cited in the Manufacturer Defendants' Sur-Reply. *See id*. (citing *K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*, No. CV 14-145, 2020 WL 3542305 (D.N.J. June 30, 2020)); *compare* Manufacturer Defendants' Sur-Reply [ECF No. 1451] ("Sur-Reply") at 4, 10.

prior resolution of the same controversy" by the Special Master. *Valeant Pharm. Int'l, Inc. v. AIG Ins. Co.*, No. 18-493 (MAS)(LHG), 2020 WL 7768405, at \*4 (D.N.J. Dec. 30, 2020) (citations omitted).

Moreover, Plaintiffs' description of the Objection as a mere "rehash" is noticeably at odds with the Response's wholesale failure to address nearly all of the Objection's substantive arguments and authorities, including its specific grounds for not adopting the Special Master's Report with respect to out-of-state standing and the multiple decisions in this District rejecting Plaintiffs' same argument based on the Supreme Court's holdings in *DaimlerChrysler* and *Lewis*. In lieu of responding, Plaintiffs merely recite a laundry list of authorities from the other side of the split.

A list of cases, however, cannot carry the day. The fact that a split of authority exists with respect to the assertion of out-of-state claims in a class action is not in dispute. The question this Court already confronted and decided in MTD Opinion 2 is which side of the split is correct. The Court properly answered that question by reference to the Supreme Court's binding holding in *DaimlerChrysler*, which has gone largely unaddressed by cases erroneously treating out-of-state standing as a Rule 23 predominance issue rather than an out-of-state standing issue. Indeed, much like Plaintiffs' Response, ***none*** of the authorities on which Plaintiffs rely make any mention of *DaimlerChrysler*'s requirement that a plaintiff must demonstrate standing for each claim he seeks to press, and many also address either federal claims

12

or limited state law claims, rather than claims under all states' laws.[4]

Many of these same authorities were already before this Court when it previously rejected Plaintiffs' identical argument and dismissed Plaintiffs' out-of-state claims. *See* Plaintiffs' Consolidated Memorandum of Law in Opposition to Defendants' Motions to Dismiss [ECF No. 577] at 38-39 (citing *Neale*; *Langan*; *Rolland*; *Gress*; *In re Prudential*)). A longer list of authorities suffering from the same basic error does not improve Plaintiffs' position.

---

[4] *See Fox v. Ritz-Carlton Hotel Co.*, L.L.C., 977 F.3d 1039, 1047 (11th Cir. 2020) (no mention of *DaimlerChrysler*; claims under Florida law only); *Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 96 (2d Cir. 2018) (no mention of *DaimlerChrysler*; claims under 20 states' laws); *Rickman v. BMW of N. Am.*, No. CV 18-4363(KM)(JBC), 2020 WL 3468250, at *11 (D.N.J. June 25, 2020) (no mention of *DaimlerChrysler*; failed to address standing); *Rolland v. Spark Energy LLC*, No. 17-2680, 2019 WL 1903990, at *5 n. 6 (D.N.J. Apr. 29, 2019) (no mention of *DaimlerChrysler*; claims primarily in New Jersey "and other states"); *Gress*, 386 F. Supp. 3d at 462 (no mention of *DaimlerChrysler*; claims under federal and 11 states' laws); *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 831 & n.56 (E.D. Pa. 2019) (no mention of *DaimlerChrysler*; federal antitrust and state claims); *In re FieldTurf Artificial Mktg. & Sales Prac. Litig.*, No. 17-2779, 2018 WL 4188459, at *8-9 (D.N.J. Aug. 31, 2018) (no mention of *DaimlerChrysler*; deferred consideration of out-of-state standing until after determination of nationwide class); *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-2687, 2017 WL 3131977, at *28 (D.N.J. July 20, 2017) (no mention of *DaimlerChrysler*; claims under Rhode Island and Utah law only); *In re Thalomid and Revlimid Antitrust Litig.*, No. 14-6997, 2015 WL 9589217, at *19 (D.N.J. Oct. 29, 2015) (no mention of *DaimlerChrysler*; federal and state claims); *Harper v. LG Elecs., USA, Inc.*, 595 F. Supp. 2d 486, 491 (D.N.J. 2009) (no mention of *DaimlerChrysler*; plaintiff asserted New Jersey law governed all claims); *Ramirez v. STI Prepaid LLC*, 644 F. Supp. 2d 496, 505 (D.N.J. Mar. 18, 2009) (no mention of *DaimlerChrysler*); *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517 (D.N.J. 2004) (no mention of *DaimlerChrysler*; declined to address individual state standing).

Plaintiffs' insistence that "judicial efficiency" would be served by deferring the "choice-of-law" question to the class certification stage (Resp. at 10) is also unavailing. Article III standing "is essential to federal subject matter jurisdiction" and is thus a "threshold issue" to be addressed prior to prudential concerns. *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 269 (3d Cir. 2016) (citation omitted). This Court did so, and rightly dismissed Plaintiffs' out-of-state claims. Plaintiffs have provided no basis to rethink that ruling, and consequently the Special Master should have denied leave to amend to assert such claims.

## C.    Plaintiffs Fail to Satisfy the Standard for Reconsideration of MTD Opinion 2 and MTD Order 2

The Response does not dispute the reality that Plaintiffs do not and cannot satisfy the standard for reconsideration of MTD Opinion 2 and MTD Order 2. *See* Objection at 25-28; *compare* Resp. at 12. That is not surprising, as Plaintiffs did not timely seek reconsideration, nor can they satisfy its stringent standard. *See id*.

Plaintiffs instead incorrectly argue that the Court should "summarily reject[]" application of the reconsideration standard because the Manufacturer Defendants purportedly "never raised this argument" in briefing before the Special Master. Resp. at 12. That is not true. In their opening Opposition to Plaintiffs' motion for leave to amend, the Manufacturer Defendants argued Plaintiffs should be denied leave to amend because they continued to assert out-of-state claims "unequivocally" dismissed by MTD Opinion 2. ECF No. 1277 at 9-10. When Plaintiffs sought to

14

reargue the issue on reply, the Manufacturer Defendants' Sur-Reply contested Plaintiffs' improper attempt to use the amendment process to "seek reconsideration of unfavorable rulings," specifically citing the reconsideration standard. ECF No. 1451 at 1-2, 4, 7. Plaintiffs' assertion of a "waiver" is thus unfounded.

Plaintiffs alternatively argue that "reconsideration was unnecessary" because they were granted leave to amend. Resp. at 12. But leave to amend is not a license to ignore MTD Order 2, which expressly disallowed claims "outside of the states where [Plaintiffs] reside or were injured." MTD Order 2 at ¶ 3. Now, contrary to that Order, "Plaintiffs persist in their pursuit of claims on behalf of putative class members under the laws of states where the named Plaintiffs do not reside and were not injured." Report at 9. As the Special Master recognized, the same issue "had been presented to the Court on the original motions to dismiss, and MTD Opinion #2 opted to follow *Ponzio* and the line of authority on which it is premised." *Id*. The Special Master's Report thus dispels Plaintiffs' pretense. Regardless, by any standard, Plaintiffs' amendment should have been denied for lack of standing.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court not adopt the Special Master's Report and Order to the extent they granted Plaintiffs leave to amend to pursue economic loss and medical monitoring claims based upon the laws of jurisdictions where a named Plaintiff neither resided nor was injured.

Dated: December 2, 2021                    Respectfully submitted,

                                           By: */s/ Lori G. Cohen*
                                                Lori G. Cohen, Esq.

                                           GREENBERG TRAURIG, LLP
                                            Lori G. Cohen
                                            Victoria D. Lockard
                                            Steven M. Harkins
                                            Terminus 200
                                            3333 Piedmont Rd., NE,
                                            Suite 2500
                                            Atlanta, Georgia 30305
                                            Tel: (678) 553-2385
                                            Fax: (678) 553-2386
                                            cohenl@gtlaw.com
                                            lockardv@gtlaw.com
                                            harkinss@gtlaw.com

                                            Gregory E. Ostfeld
                                            77 West Wacker Drive,
                                            Suite 3100
                                            Chicago, Illinois 60601
                                            Tel: (312) 476-5056
                                            ostfeldg@gtlaw.com

                                            Brian H. Rubenstein
                                            1717 Arch Street
                                            Suite 400
                                            Philadelphia, Pennsylvania
                                            Tel: (215) 988-7864
                                            Fax: (214) 689-4419
                                            rubensteinb@gtlaw.com

                                            Liza M. Walsh
                                            Christine I. Gannon
                                            William T. Walsh, Jr.
                                            WALSH PIZZI O'REILLY
                                            FALANGA LLP
                                            Three Gateway Center
                                            100 Mulberry Street, 15th Floor

LWalsh@walsh.law
CGannon@walsh.law
Wwalsh@walsh.law

> *Attorneys for Teva*
> *Pharmaceuticals USA, Inc.,*
> *Teva Pharmaceutical Industries*
> *Ltd., Actavis LLC, and Actavis*
> *Pharma, Inc.*

DUANE MORRIS LLP
Seth A. Goldberg, *Liaison Counsel*
*for Defendants*
Jessica Priselac, *Liaison Counsel for*
*Defendants*
30 South 17th Street
Philadelphia, Pennsylvania 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
JPriselac@duanemorris.com

> *Attorneys for Zhejiang Huahai*
> *Pharmaceutical Co, Ltd.,*
> *Huahai U.S., Inc., Prinston*
> *Pharmaceutical Inc., and*
> *Solco Healthcare US, LLC*

PIETRAGALLO GORDON
ALFANO BOSICK &
RASPANTI, LLP
Clem C. Trischler
Jason M. Reefer
38th Floor, One Oxford Centre
Pittsburgh, Pennsylvania 15219
Tel: (412) 263-2000
Fax: (412) 263-2001
CCT@pietragallo.com

> *Attorneys for Mylan*
> *Laboratories, Ltd. and Mylan*

*Pharmaceuticals, Inc.*

KIRKLAND & ELLIS LLP
Devora W. Allon
Alexia R. Brancato
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-5967
Fax: (212) 446-6460
devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Attorneys for Torrent*
*Pharmaceuticals Ltd.*

LEWIS BRISBOIS BISGAARD &
SMITH LLP
Walter H. Swayze, III
Megan E. Grossman
550 E. Swedesford Road, Suite 270,
Wayne, Pennsylvania 19087
Tel: (215) 977-4100
Fax: (215) 977-4101
Pete.Swayze@lewisbrisbois.com
Megan.Grossman@lewisbrisbois.com

*Attorneys for Camber*
*Pharmaceuticals, Inc.*

HILL WALLACK LLP
Eric I. Abraham
Nakul Y. Shah
21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
Tel.: (609) 734-6358
Fax: (609) 452-1888
eabraham@hillwallack.com
nshah@hillwallack.com

18

*Attorneys for Hetero Drugs, Ltd. and Hetero Labs Ltd.*

HARDIN KUNDLA MCKEON & POLETTO
Janet L. Poletto, Esq.
Robert E. Blanton, Jr., Esq.
673 Morris Ave.
Springfield, NJ 07081
Tel. (973) 912-5222
Fax (973) 912-9212
jpoletto@hkmpp.com
rblanton@hkmpp.com

*Attorneys for Hetero USA Inc.*

CIPRIANI & WERNER, P.C.
Ernest F. Koschineg, III, Esq.
Jessica M. Heinz, Esq.
Jill Fertel, Esq.
Ethan Feldman, Esq.
Amanda Ruggieri, Esq.
450 Sentry Parkway East, Suite 200
Blue Bell, PA 19422
Tel. (610) 567-0700
Fax (610) 862-1929
ekoschineg@c-wlaw.com
jheinz@c-wlaw.com
jfertel@c-wlaw.com
efeldman@c-wlaw.com
aruggieri@c-wlaw.com

*Attorneys for Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC*

19

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 2, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

*/s/ Gerond J. Lawrence*

Gerond J. Lawrence,

Greenberg Traurig, LLP
