# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Actions | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge |

**PHARMACY DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTION TO AND MOTION TO MODIFY AND ADOPT SPECIAL MASTER REPORT AND ORDER NO. 46**

Dated: December 2, 2021

**BARNES & THORNBURG LLP**

By: /s/ *Sarah E. Johnston*
Sarah E. Johnston
Kara Kapke
Kristen L. Richer
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067
(310) 284-3798
(310) 284-3894

*Liaison Counsel for Pharmacy Defendants and Counsel for CVS Pharmacy, Inc. (incorrectly named as CVS Health Corporation) and Rite-Aid Corporation*

# **TABLE OF CONTENTS**

I. This Court's Standing Decision Should be Upheld, and the Special Master's Order Regarding Standing Should Be Reversed. .............................1

II. The Pharmacy Defendants Are Entitled to Modification of the Special Master's Order. ...................................................................................................1

III. Plaintiffs Did Not Follow the Spirit or Letter of Prior Rulings in Certain Aspects of the Amended Complaints. ............................................................2

    A. Strict Liability Claims in the Personal Injury Master Complaint .........5
    B. Negligence Per Se Claims in the Personal Injury Master Complaint ...................................................................................................10
    C. Independent Medical Monitoring Claim.............................................11
    D. Connecticut and Louisiana PLA Claims in the Medical Monitoring Complaint........................................................................13
    E. Consumer Protection Claims in the Economic Loss Complaint.........13

IV. Conclusion ......................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashworth v. Albers Medical, Inc.*,
   395 F.Supp.2d 395 (S.D.W. Va. 2005) ............................................................. 11

*Duran v. Equifirst Corp.*, No. 09-3856,
   2010 WL 918444 (D.N.J. Mar. 12, 2010) ........................................................... 9

*Ferrante v. Amgen, Inc.*,
   No. 13–7344, 2014 WL 1092555, at *7 (D.N.J. Mar. 18, 2014) ......................... 8

*Fogarty v. Household Fin. Corp. III*,
   No. 14-4525, 2015 WL 852071 (D.N.J. Feb. 25, 2015) ...................................... 8

*Griglak v. CTX Mortg. Co., LLC*,
   No. 09-5247, 2010 WL 1424023 (D.N.J. Apr. 8, 2010) ...................................... 9

*Leisure Pass N. Am., LLC v. Leisure Pass Group, Ltd.*,
   No. 12–3375, 2013 WL 4517841 (D.N.J. Aug. 26, 2013) ................................... 9

*Thomas v. Wyeth*,
   No. Civ. A. 5:05-0094, 2005 WL 3754203 (S.D.W. Va. June 16,
   2005) ................................................................................................................. 11

**Statutes**

W.Va. Code § 30-5-21 ................................................................................................ 11

**Other Authorities**

Federal Rule of Civil Procedure 53(f) ......................................................................... 2

Special Master Order No. 46 ............................................................................. *passim*

Although the Pharmacy Defendants and Plaintiffs are largely in agreement regarding what claims remain following this Court's Motion to Dismiss decisions and the Special Master's Report and Order on the Plaintiffs' Motion for Leave to Amend, a few material disagreements remain, necessitating this reply brief. Plaintiffs' filing of their amended master complaints in the middle of the briefing on the Pharmacy Defendants' Rule 53 motion confirms why the Pharmacy Defendants' motion should be granted.

### I. This Court's Standing Decision Should be Upheld, and the Special Master's Order Regarding Standing Should Be Reversed.

The parties obviously disagree on the propriety of the Special Master's standing ruling. The Pharmacy Defendants incorporate by reference all arguments made by the Manufacturer and Wholesaler Defendants in their opening and reply briefs, but for efficiency's sake will not repeat those arguments here.

### II. The Pharmacy Defendants Are Entitled to Modification of the Special Master's Order.

Although Plaintiffs claim that the Pharmacy Defendants "do not . . . seek any relief" regarding their request to "confirm the specific state claims that should or should not be alleged against them in the now-filed amended master complaints," (ECF No. 1782 at 1-2), that is simply untrue.

The Pharmacy Defendants specifically requested "modification" of Special Master Order No. 46, such that the Court would further clarify that Plaintiffs did not

1

have leave to amend claims that this Court previously dismissed, when neither Judge Vanaskie nor Plaintiffs addressed those claims, and further issue orders dismissing disallowed claims with prejudice. (ECF No. 1692 at 2).

The Pharmacy Defendants' request to modify Special Master Order No. 46 is an entirely proper use of Federal Rule of Civil Procedure 53(f), which states that "[a] party may file objections to—or a motion to adopt or modify—the master's order, report or recommendations." Plaintiffs do not claim that the Pharmacy Defendants' request for dismissal of disallowed claims is improper or argue against it in any way, and there is no reason for this Court *not* to dismiss the disallowed and/or unpleaded claims with prejudice.

### III. Plaintiffs Did Not Follow the Spirit or Letter of Prior Rulings in Certain Aspects of the Amended Complaints.

Most of the Pharmacy Defendants' requests for dismissals with prejudice were confirmation of explicit orders within Special Master Order No. 46, and of claims that are now largely unpleaded, but some of the requests for dismissal (and modification) were based on the fact that the Special Master did not explicitly include certain claims or jurisdictions in its Order when denying leave to amend. (*See, e.g.*, ECF No. 1692-1 at 8). As the Pharmacy Defendants explained, these requests were not a "re-consideration of this Court's or the Special Master's ruling, but rather a confirmation of prior rulings." (*Id.* at 9). The Pharmacy Defendants also explicitly noted that the due date for a request to modify the Special Master's

2

recommendation under Rule 53 precluded raising issues about the scope of its ruling directly before the Special Master. (*Id.* at 4 n.2). In response, Plaintiffs do not in any way challenge the *specific* claims outlined by the Pharmacy Defendants where they believed this Court's or the Special Master's rulings warranted dismissal, even though the Special Master may not have explicitly denied leave to amend in Special Master Order No. 46 by name.

Between the Pharmacy Defendants' filing of their opening Rule 53 motion and now, Plaintiffs have filed their amended master complaints. Plaintiffs claim any discrepancies between the Special Master's report and what they pleaded in the amended complaints was "inadvertent." (ECF No. 1782 at 2). Whether "inadvertent" or not, there are discrepancies between the Special Master's Report and Order and the three complaints, which further elucidate why additional clarity is needed and why the Court should grant the Pharmacy Defendants' motion and dismiss the prohibited claims with prejudice. Specifically, the Pharmacy Defendants request this Court dismiss with prejudice the following claims against the Pharmacy Defendants that Plaintiffs erroneously pleaded in contravention of prior orders:

A. Counts 1, 2, and 3 of the Personal Injury Master Complaint for strict liability under the laws of Alabama, Arizona, Arkansas, California, District of Columbia, Florida, Georgia, Hawaii, Illinois, Indiana,[1]

---

[1] Plaintiffs include Indiana in the list of exempted states for Count 1 (manufacturing defect), but not Counts 2 and 3 (failure to warn and design defect). MTD Opinion 5 dismissed the "common law claims for strict liability (all variants)"

3

   Louisiana, Maine, Maryland, Michigan, Missouri,[2] New Hampshire, New Mexico, New York, Oklahoma, Utah, Virginia, and West Virginia;

B. Count 5 of the Personal Injury Master Complaint for negligence per se;

C. Count 4 of the Medical Monitoring Complaint for medical monitoring under the laws of all jurisdictions but Illinois, Florida, and Kansas, or, in the alternative, at least under the laws of West Virginia; and

D. Count 10 of the Medical Monitoring Complaint for violations of the Connecticut and Louisiana state product liability acts under the laws of the Connecticut and Louisiana PLAs.

The Pharmacy Defendants further request that Plaintiffs be ordered to file amended complaints conforming the pleadings to the above dismissals.

  Finally, the Pharmacy Defendants request, consistent with Plaintiffs' admissions, that consumer protection claims under the laws of Arkansas, Colorado, Indiana, Iowa, Kentucky, Louisiana, Michigan, Nevada, Rhode Island, South Dakota, Utah, Virginia, and Wyoming be dismissed with prejudice.

---

under Indiana law *with prejudice* as subsumed by the Indiana PLA. (*See* ECF No. 838 at 19).

 [2] Plaintiffs include Missouri in the list of exempted states for Counts 2 and 3 (failure to warn and design defect), but not Count 1 (manufacturing defect). Judge Vanaskie's order denied leave to amend the Master Personal Injury Complaint to assert strict liability claims, plural, against the Pharmacy Defendants under Missouri law, without any distinction between the variants. (*See* ECF No. 1615 ¶ 10).

4

### A. Strict Liability Claims in the Personal Injury Master Complaint

As the Pharmacy Defendants argued in their opening motion, Plaintiffs should be prohibited from pursuing strict liability claims against the Pharmacy Defendants under the laws of states that this Court previously dismissed, and those claims should be dismissed with prejudice. (ECF No. 1692-1 at 10-11). Demonstrating why such an order is necessary, Plaintiffs' Second Amended Personal Injury Master Complaint (ECF No. 1707, "PIMC"), includes four issues with the strict liability claims pleaded against the Pharmacy Defendants, all of which are in direct contravention of express orders from the Special Master and/or this Court.

First, Plaintiffs purport to assert strict liability-manufacturing defect claims under Missouri law (*see* ECF No. 1707 at 129), even though the Special Master *expressly* disallowed leave to do so (*see* ECF No. 1615 at ¶ 10). Second, Plaintiffs purport to assert strict liability-design defect and failure to warn claims under Indiana law (*see* ECF No. 1707 at 131, 133), even though MTD No. 5 dismissed all variants of strict liability claims *with prejudice* (*see* ECF No. 838 at 19). Third, Plaintiffs purport to bring strict liability claims against the Pharmacy Defendants under Louisiana law (*see* ECF No. 1707 at 129, 131, 133), even though MTD Order No. 5 dismissed all claims under Louisiana law *with prejudice* as subsumed (*see* ECF No. 838 at 21-22). The Court's MTD Order explicitly applied to the Pharmacy Defendants. (ECF No. 838 at 21).

Finally, despite this Court's prior ruling dismissing strict liability claims in a number of states, and despite not challenging the ability to re-assert strict liability claims in those states before the Special Master, Plaintiffs nevertheless plead strict liability claims against the Pharmacy Defendants in those states. The Special Master's Report on the strict liability claims against the Pharmacy Defendants explains this history:

> MTD Opinion No. 5 **_dismissed_**, without prejudice, **_the strict liability claims_** in any of the Master Complaints asserted against the Pharmacy Defendants **_under the laws of all but_** Alaska; Colorado; Idaho; Kentucky; Minnesota; Missouri; Montana; Nebraska; Nevada; Oregon; Puerto Rico; Rhode Island; South Carolina; South Dakota; Texas; Vermont; Wisconsin; and Wyoming. (ECF No. 838 at 35.) MTD Opinion No. 5 was silent as to North Dakota and was inconsistent as to Iowa, both granting and denying the Pharmacy Defendants' motion to dismiss the strict liability claims. (*Id.*) Plaintiffs contend that they can pursue strict liability failure to warn and design defect claims against the Pharmacy Defendants under the laws of those two jurisdictions, and the Pharmacy Defendants contest this assertion.
> . . . Plaintiffs will be granted leave to amend the PIMC to assert strict liability design defect and failure to warn claims against the Pharmacy Defendants under Iowa and North Dakota law. Plaintiffs' Reply Brief stated that strict liability failure to warn and design defect claims were asserted against the Pharmacy Defendants under the laws of Connecticut, Mississippi, Missouri, South Carolina, and Texas. The PPIMC, however, lists Mississippi, Missouri, South Carolina, and Texas as jurisdictions excepted from the strict liability failure to warn and design defect claims against the Pharmacy Defendants. Accordingly, Plaintiffs will be denied leave to amend the PIMC to assert strict liability claims against the Pharmacy Defendants under the laws of Mississippi, Missouri, South Carolina, and Texas. Because the Court dismissed *with prejudice* as subsumed by the Connecticut PLA all claims asserted in the PIMC against the Pharmacy Defendants, Plaintiffs also will be denied leave to amend the PIMC to present strict

> liability claims against the Pharmacy Defendants under Connecticut law.

(ECF No. 1614 at 43-44) (emphasis added).

As the Pharmacy Defendants stated in their opening motion—which the Plaintiffs do not rebut—they seek confirmation of these prior rulings that Plaintiffs may not pursue strict liability claims against the Pharmacy Defendants under the laws of ***all but,*** as the Special Master stated, Alaska; Colorado; Idaho; Iowa; Kentucky; Minnesota; Montana; Nebraska; Nevada; North Dakota; Oregon; Puerto Rico; Rhode Island; South Dakota; Vermont; Wisconsin; and Wyoming.  This list removes Missouri, South Carolina, and Texas (as the Special Master explicitly denied leave to amend under those states), but adds North Dakota and Iowa (as the Special Master granted leave to amend under those states).

That means Plaintiffs cannot pursue strict liability claims under the laws of Alabama, Arizona, Arkansas, California, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Illinois, Indiana, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia.

But the PIMC does not follow this Court's order and the Special Master's recommendation on strict liability.  Instead, Plaintiffs assert strict liability claims

7

against the Pharmacy Defendants in 37 jurisdictions, many of which the Court ruled Plaintiffs could not pursue.[3]

In response to the Pharmacy Defendants' argument to the Special Master, the Plaintiffs *never once* argued that they could in fact bring strict liability claims under the laws of Alabama, Arizona, Arkansas, California, District of Columbia, Florida, Georgia, Hawaii, Illinois, Maine, Maryland, Michigan, New Hampshire, New Mexico, New York, Oklahoma, Utah, Virginia, or West Virginia.  Plaintiffs *still* do not substantively respond to the Pharmacy Defendants' argument that, consistent with this Court's Opinion and Order on MTD No. 5, strict liability claims are not allowed against the Pharmacy Defendants in these jurisdictions.  They have substantively waived any argument regarding these states.  *See, e.g.*, *Fogarty v. Household Fin. Corp. III*, No. 14-4525, 2015 WL 852071, at *8 (D.N.J. Feb. 25, 2015) (holding that a plaintiff who failed to address defendants' arguments advanced in support of a motion to dismiss in her opposition resulted in waiver and dismissal with prejudice of that claim), *citing Ferrante v. Amgen, Inc.*, No. 13–7344, 2014 WL 1092555, at *7 (D.N.J. Mar. 18, 2014) (noting that "Courts in this District have held

---

[3] Plaintiffs do not include Connecticut, Kansas, Mississippi, New Jersey, North Carolina, Ohio, Tennessee, and Washington in the list of states in which they purport to bring strict liability claims against the Pharmacy Defendants, as they bring PLA claims against the Pharmacy Defendants instead.  Plaintiffs also exclude Delaware, Massachusetts, Pennsylvania, South Carolina, Virginia, and Texas.

that the failure to respond to an argument advanced in support of a motion to dismiss results in a waiver of the claim sought to be dismissed."); *Leisure Pass N. Am., LLC v. Leisure Pass Group, Ltd.*, No. 12–3375, 2013 WL 4517841, at *4 (D.N.J. Aug. 26, 2013) ("Plaintiff has waived its opposition to this argument by failing to respond to it."). *See also*, *Griglak v. CTX Mortg. Co., LLC*, No. 09-5247, 2010 WL 1424023, *3 (D.N.J. Apr. 8, 2010) (explaining that the failure to respond to a substantive argument to dismiss a count when a party otherwise files a response in opposition will result in a waiver of that count); *Duran v. Equifirst Corp.*, No. 09-3856, 2010 WL 918444, *3 (D.N.J. Mar. 12, 2010) (agreeing with defendant that plaintiffs waived those causes of action that defendant moved to dismiss but that plaintiff failed to address).

All strict liability claims except those specifically allowed should be dismissed with prejudice, and the Plaintiffs should be ordered to file a conforming PIMC that does not bring strict liability claims, as the PIMC currently does, under the laws of Alabama, Arizona, Arkansas, California, District of Columbia, Florida, Georgia, Hawaii, Illinois, Louisiana, Maine, Maryland, Michigan, Missouri, New Hampshire, New Mexico, New York, Oklahoma, Utah, Virginia, and West Virginia. A vague offer to meet and confer about these issues, as belatedly offered by Plaintiffs for the first time in their Rule 53 opposition, is insufficient, which is why the

Pharmacy Defendants requested dismissal with prejudice and an order to file conforming amended complaints.

### B. Negligence Per Se Claims in the Personal Injury Master Complaint

In their opening motion, the Pharmacy Defendants requested that the Court adopt the Special Master's recommendation to deny Plaintiffs leave to amend the Master Complaints to plead negligence claims against the pharmacies, and dismiss the negligence and negligence per se claims with prejudice. (ECF No. 1692-1 at 8). Plaintiffs do not dispute that they cannot bring negligence claims against the Pharmacy Defendants and do not substantively challenge the Pharmacy Defendants' assertion that the Court's ruling dismissing the negligence claims necessarily included the negligence per se claim. And, indeed, there is no reason to dispute that assertion—when general negligence claims are insufficiently pleaded, negligence per se claims are likewise insufficiently pleaded.

Recognizing that dismissal of *negligence* claims against the Pharmacy Defendants would necessarily include dismissal of a subset of negligence claims—negligence per se—Plaintiffs do not assert negligence per se claims against the Pharmacy Defendants in the economic loss or medical monitoring master complaints. Despite this, the PIMC still purports to assert a negligence per se claim against the Pharmacy Defendants. All negligence and negligence per se claims against the Pharmacy Defendants should be dismissed with prejudice, and Plaintiffs

10

should be ordered to file an amended PIMC excluding the negligence per se claim against the Pharmacy Defendants.

### C. Independent Medical Monitoring Claim

In the briefing on Plaintiffs' motion for leave to amend, Plaintiffs only argued that they should be permitted to pursue an independent medical monitoring claim as to three states—Florida, Illinois, and Kansas. Indeed, in their motion to amend Reply Brief on this issue, Plaintiffs explicitly stated that they "pursue medical monitoring as a cause of action (and remedy) in Florida, Illinois, and Kansas while simultaneously pursuing the remedy of medical monitoring in California, Maryland, New Jersey, and Texas." (ECF No. 1382 at 77). Notably absent from Plaintiffs' list is West Virginia, perhaps in recognition of the Pharmacy Defendants' repeated argument that claims against the Pharmacy Defendants under West Virginia law are futile, given the statutory immunity pharmacies are given in West Virginia. *See* W.Va. Code § 30-5-21; *Ashworth v. Albers Medical, Inc.*, 395 F.Supp.2d 395, 405 (S.D.W. Va. 2005) (statute immunizes pharmacies "from all claims based upon the quality of drug" once "repackaged for retail," even in light of allegations repackaged drugs were counterfeit); *see also Thomas v. Wyeth*, No. Civ. A. 5:05-0094, 2005 WL 3754203, *3 (S.D.W. Va. June 16, 2005), cited at ECF No. 1280 at 48; *see also* ECF No. 1452 at 15 n. 7 (arguing Plaintiffs provided no response to the arguments regarding West Virginia law, and therefore, had conceded it).

11

Because the motion for leave briefing was limited to a handful of states and because the Special Master recommended that Plaintiffs be granted leave to plead a medical monitoring claim against the Pharmacy Defendants as to Florida, Illinois, and Kansas, in their Rule 53 motion, the Pharmacy Defendants requested that the Court adopt this recommendation, allow Plaintiffs leave to plead a medical monitoring claim against the Pharmacy Defendants as to Florida, Illinois, and Kansas, and that all other medical monitoring claims against the Pharmacy Defendants be dismissed with prejudice. (ECF No. 1692-1 at 9). Plaintiffs did not respond to this argument in their opposition. *See generally* ECF No. 1782.

Despite this, the newly filed Medical Monitoring Master Complaint ("MMMC") asserts an independent claim of medical monitoring against the Pharmacy Defendants in all jurisdictions except under the laws of Alabama, Arkansas, California, Connecticut, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Michigan, Mississippi, Nebraska, New Jersey, Ohio, Oklahoma, South Carolina, Tennessee, Texas, Virginia, Washington, and Wisconsin. *See* MMMC (ECF No. 1709 at 597).

Plaintiffs did not argue that they should be granted leave to amend as to any of those states other than Florida, Illinois, and Kansas, and therefore should not be granted leave as to any other states, and claims under all other jurisdiction's laws should be dismissed with prejudice. To the extent that this Court does not adopt that

12

request, the Pharmacy Defendants request in the alternative that the independent medical monitoring claim under West Virginia law be dismissed, and not allowed, as Plaintiffs have not substantively challenged that aspect of the Pharmacy Defendants' briefing.

### D. Connecticut and Louisiana PLA Claims in the Medical Monitoring Complaint

The Medical Monitoring Complaint also improperly asserts claims under the Connecticut and Louisiana PLAs. *See* MMMC (ECF No. 1709 at ¶¶ 682-684 (Connecticut) and ¶¶ 692-694 (Louisiana)). In their Reply in Support of their Motion for Leave to Amend, Plaintiffs stated they "hereby withdraw the claims asserted under the Connecticut [PLA] and Louisiana [PLA] as to the Retail Pharmacy Defendants." (*See* ECF No. 1382 at 66). The Special Master expressly noted this withdrawal. *See* Report (ECF 1614 at 43 n.27). Accordingly, those claims against the Pharmacy Defendants should be dismissed with prejudice and Plaintiffs should be required to file a conforming complaint.

### E. Consumer Protection Claims in the Economic Loss Complaint

Plaintiffs' recently filed Economic Loss Master Complaint ("ELMC") largely complies with Special Master Order No. 46. With respect to consumer protection act claims, Plaintiffs explicitly exclude *only* Louisiana from Count 9 against the pharmacies. ELMC (ECF No. 1708 ¶ 762). However, in their list of consumer protection statutes at issue (¶ 763), Plaintiffs omit reference to any law from twelve

13

additional jurisdictions, specifically Arkansas, Colorado, Indiana, Iowa, Kentucky, Michigan, Nevada, Rhode Island, South Dakota, Utah, Virginia, and Wyoming. (*Id.* at ¶ 763). Plaintiffs' motion to certify an economic loss class action similarly omits these twelve jurisdictions, as well as New Mexico, from their Class Definitions and Exclusions Table for the pharmacies. (ECF No. 1708-5 at 38-47).

The Pharmacy Defendants have not fully evaluated whether claims in the jurisdictions listed in the ELMC in ¶ 763 sound in fraud or the accuracy of the Plaintiffs' state-law tables in the class certification motion. They will save arguments regarding specific states for the class certification briefing or subsequent motion practice. For now, the Pharmacy Defendants seek confirmation only that Plaintiffs do not bring consumer protection claims against the Pharmacy Defendants under the laws of Arkansas, Colorado, Indiana, Iowa, Kentucky, Louisiana, Michigan, Nevada, Rhode Island, South Dakota, Utah, Virginia, and Wyoming, pursuant to the omission of those states from the list of consumer protection statutes at issue. In so doing, the Pharmacy Defendants do not waive, and expressly preserve, future arguments regarding whether claims under additional states sound in fraud.

## IV. Conclusion

For the foregoing reasons, as well as the arguments in their initial brief, briefing before the Special Master, and the Manufacturers' and Wholesalers' arguments, the Pharmacy Defendants respectfully request that this Court adopt the

proposed order submitted with initial brief (ECF No. 1692-2), or, in the alternative, adopt that order all except for Paragraph E, which would be replaced with (thus dismissing) "An independent medical monitoring claim under the laws of Alabama, Arkansas, California, Connecticut, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Michigan, Mississippi, Nebraska, New Jersey, Ohio, Oklahoma, South Carolina, Tennessee, Texas, Virginia, Washington, West Virginia, and Wisconsin," and they pray for all other relief just and appropriate.

Dated: December 2, 2021            Respectfully submitted,

/s/ *Sarah E. Johnston*
Sarah E. Johnston
Kara Kapke
Kristen L. Richer
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067
(310) 284-3798
(310) 284-3894

*Liaison Counsel for Pharmacy Defendants and Counsel for CVS Pharmacy, Inc. (incorrectly named as CVS Health Corporation) and Rite-Aid Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of December, 2021, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.

*/s/ Sarah E. Johnston*
Sarah E. Johnston
