UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| **IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION** | Case No. 19-md-2875-RBK MDL No. 2875 |
| | Hon. Robert B. Kugler, District Judge |
| | Hon. Thomas Vanaskie (Ret.), Special Master |
| **This Documents Relates to All Actions** | |

**REPLY IN SUPPORT OF WHOLESALER DEFENDANTS' OBJECTION
IN PART TO SPECIAL MASTER REPORT AND ORDER NO. 46**

# **TABLE OF CONTENTS**

Page

I.  Summary of the Joined Issues ..........................................................1

II. *TransUnion LLC* and recent cases call into question the best interpretation of *Neale, Haas* and *In Re Franklin Mut. Funds Fee Litig* on class standing requirements regarding residence, place of injury and traceability..................................................................................2

    A.  The various seemingly conflicting decisions on standing .................3

        1.  Putative class member standing .................................................3

        2.  Ability to pursue claims for jurisdictions in which no named plaintiff resides or was injured .......................................3

        3.  Ability to pursue claims where there is no allegation of traceable conduct causing injury to putative class members ....................................................................................4

    B.  The Special Master's rulings on standing ...........................................5

    C.  Recent 2021 case law makes clear that Named Plaintiffs lack standing to act as nationwide class representatives, and state subclasses must be dismissed, where there is no Named Plaintiff who resides or was injured in those states ............................6

III. Even under *Haas* and *In re Franklin Mut. Funds Litig.*, Plaintiffs do not plead traceability with appropriate specificity to establish standing or state a claim ............................................................................10

IV. Plaintiffs' waiver argument regarding state consumer protection statutory claims fails ..................................................................................14

V.  Conclusion ..........................................................................................14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abraham v. WPX Prod. Prods.*,
LLC, 184 F. Supp. 3d 1150 (D.N.M. 2016) ......................................................10

*In re Allergan Biocell Textured Breast Implant Prods. Liab. Litig*,
2021 BL 99994 (D.N.J. Mar. 19, 2021)................................................................7

*Carpenter v. Petsmart, Inc.*,
441 F. Supp. 3d 1028 (S.D. Cal. 2020)................................................................8

*In re Fieldturf Artificial Turf Mktg. & Sales Practices Litig.*,
2018 BL 316191 (D.N.J. Aug. 31, 2018) ............................................................7

*Ford v. NYLCare Health Plans of Gulf Coast, Inc.*,
301 F.3d 329 (5th Cir. 2002) ..............................................................................10

*In re Franklin Mut. Funds Fee Litig*,
388 F. Supp. 2d 451 (D.N.J. 2005)................................................................5, 10

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,
528 U. S. 167 (2000)..............................................................................................9

*Gress v. Freedom Mortg. Corp*,
386 F. Supp. 3d 455 (M.D. Pa. 2019)..................................................................4

*Haas v. Pittsburgh National Bank*,
536 F. 3d 1083 (3d Cir. 1975) ..............................................................................5

*In re Insulin Pricing Litig*.
No. 3:17-CV-0699-BRM-LHG, 2019 WL 643709 (D.N.J. Feb 15, 2019) .....................................................................................................................4

*Lujan v. Defenders of Wildlife*,
504 U. S. 555 (1992)..............................................................................................9

*In re Magnesium Oxide Antitrust Litig.*,
No. 10-CV-5943, 2011 WL 5008090 (D.N.J. Oct. 20, 2011) ......................5, 10

i

*McGuire v. BMW of N. Am. LLC*,
  No. 13-7356 (JLL), 2014 WL 2566132 (D.N.J. June 6, 2014) ...........................4

*Neale v. Volvo Cars of N. Am. LLC*,
  794 F. 3d 353 (3d Cir. 2015) ......................................................................3, 6, 9

*Patterson v. Novartis Pharm. Corp.*,
  451 F. App'x 495 (6th Cir. 2011).......................................................................12

*Ponzio v. Mercedes-Benz USA*,
  LLC, 447 F. Supp 3d 194 (D.N.J. 2020) .............................................................4

*Rickman v. BMW of N. Am.*,
  CV 18-4363...........................................................................................................4

*TransUnion LLC v Ramirez*,
  141 S. Ct. 2190 (2021)......................................................................................8, 9

*Withrow v. FCA US LLC*,
  No. 19-13214, 2021 BL 230619 (E.D. Mich. June 21, 2021).............................8

## I.     Summary of the Joined Issues

Recent case law, unavailable to the Court at the time of its earlier rulings, confirms that the Court got it right in the first place: Named Plaintiffs lack standing to pursue claims under state law where a Named Plaintiff neither resides nor was injured. And the Court was also correct in determining that Named Plaintiffs' vague allegations do not meet the requisite traceability standard required to properly plead a direct claim under each of the state law claims. Finally, the Special Master's Order denying Plaintiffs leave to amend to assert negligence, negligent misrepresentation, fraud, and express warranty causes of action should logically prohibit Plaintiffs leave to amend to plead state law consumer protection claims that mirror those same types of actions. Plaintiffs' arguments to the contrary are unavailing.

There are three discrete issues remaining as to Wholesalers after the extensive briefing exercise with regard to Plaintiffs' class action pleadings, which includes Wholesalers' Motion to Dismiss (ECF 522), Wholesalers' Opposition to Plaintiffs' Leave to Amend the PELMC and PMMMC (ECF 1281), Wholesalers' Objection to the Report and Order of the Special Master (ECF 1695), Plaintiffs' Responses and Motions related thereto (ECF 1783), the Court's Order on Motion to Dismiss No. 2 (Standing) (ECF 728) and the Report and Order of the Special Master on Plaintiffs' Motion for Leave to Amend (ECF 1614 and 1615):

(1)     whether, under 2021 case law unavailable to the District Court at the time of its Motion to Dismiss Orders, a state law claim alleged in a

nationwide class or state subclass action complaint may survive a motion to dismiss if there is no Named Plaintiff alleged to have standing to pursue it either:

    a) because there is no Named Plaintiff who resides or was injured in that state;[1] or

    b) because there is no Named Plaintiff who pled, pursuant to the laws of that state, an injury traceable to the conduct of each particular Wholesaler;

(2) whether Plaintiffs alleged their PELMC and PMMMC injuries are sufficiently traceable to the conduct of each particular Wholesaler under *Haas* and *Franklin Brothers* to survive a motion to dismiss; and

(3) whether prior rulings of the Court and Special Master that there are no viable claims against Wholesalers for negligence, breach of express warranty and fraud require that the Plaintiffs' PELMC and PMMMC state consumer protection claims based on similar types of claims would fail to survive a motion to dismiss.

Of course, if none of the above-referenced claims would survive a motion to dismiss, any amendment is futile and the Court should deny leave to amend to add such claims. Below, Wholesalers succinctly respond to the most salient questions.

## II. *TransUnion LLC* and recent cases call into question the best interpretation of *Neale, Haas* and *In Re Franklin Mut. Funds Fee Litig* on class standing requirements regarding residence, place of injury and traceability

There has long been a split among circuits on the question of whether all members of a class, including absent class members, must have standing to bring the

---

[1] The Manufacturer Defendants' Reply to Plaintiffs' Response to Manufacturer Defendants' Objection in Part to Special Master Report and Order No. 46 addresses this argument. In the interest of brevity, Wholesaler Defendant do not re-recite these arguments here, but instead expressly rely on and incorporate those arguments as if set forth fully herein.

claims alleged or whether standing is required of only Named Plaintiffs. As discussed below, the Special Master's decision to overrule the District Court's original holding on standing did not have the benefit of the latest case law, which puts the issue to rest: Named Plaintiffs lack standing to assert such claims under laws where Named Plaintiffs do not reside and have suffered no injury.

### A.    The various seemingly conflicting decisions on standing

#### 1.    Putative class member standing

There is a longstanding schism between circuits on the question of Named Plaintiff standing with respect to absent class members. In one case on which the Special Master heavily relied in his Report, the Third Circuit determined that only Named Plaintiffs need have standing.  "[U]nnamed, putative class members need not establish Article III standing. Instead, the 'cases or controversies' requirement is satisfied so long as *a* class representative has standing." *Neale v. Volvo Cars of N. Am. LLC*, 794 F. 3d 353, 362 (3d Cir. 2015); Special Master Report at 10 (ECF 1614).

#### 2.    Ability to pursue claims for jurisdictions in which no named plaintiff resides or was injured

Similarly, there is an apparent split between courts on the question of whether, in a class action, a Named Plaintiff with standing as to one claim may represent absent class members on claims for which he admittedly does not have standing. This conflict has arisen close to home, with (1) *Ponzio v. Mercedes-Benz USA,* LLC,

447 F. Supp 3d 194, 222-223 (D.N.J. 2020), *In re Insulin Pricing Litig*. No. 3:17-CV-0699-BRM-LHG, 2019 WL 643709, at *16 (D.N.J. Feb 15, 2019) and *McGuire v. BMW of N. Am. LLC*, No. 13-7356 (JLL), 2014 WL 2566132, at *2, 5  (D.N.J. June 6, 2014) seeming to conclude that Named Plaintiffs lack standing to assert claims on behalf of unnamed Plaintiffs in jurisdictions where Named Plaintiffs suffered no alleged injury, (2) *Rickman v. BMW of N. Am.*, CV 18-4363 (KM (JBC), 202 WL 3468250, at *11 (D.N.J. June 25, 2020) seeming to determine the question of standing to pursue claims under the laws of states where no Named Plaintiff lives could be deferred to class certification stage, and (3) *Gress v. Freedom Mortg. Corp,* 386 F. Supp. 3d 455, 461-62 (M.D. Pa. 2019) deciding that the question is not one of standing, but rather, predominance.

### 3.    Ability to pursue claims where there is no allegation of traceable conduct causing injury to putative class members

Finally, there is confusion regarding the interpretation of the traceability element of standing and specifically whether, in a class action, a Named Plaintiff with standing as to one claim may bring different claims on behalf of absent class members where there is no allegation of traceability from an injury to a particular defendant's conduct as to those claims. In *In re Magnesium Oxide Antitrust Litig*., No. 10-CV-5943, 2011 WL 5008090, at *7-9, 25-26 (D.N.J. Oct. 20, 2011) the court determined that, pre-class certification, Named Plaintiffs are required to establish standing for each and every claim set forth in a class action complaint and that it was

not sufficient to establish standing for a single claim by the Named Plaintiff. However, in a pre-*In re Magnesium Oxide* case, *Haas v. Pittsburgh National Bank*, 536 F. 3d 1083, 1088-89 (3d Cir. 1975), the Third Circuit appeared to determine a Named Plaintiff with standing as to his own claim may bring such other claims. The *Haas* holding was followed and discussed in *In re Franklin Mut. Funds Fee Litig*, 388 F. Supp. 2d 451, 461 (D.N.J. 2005), as amended (Sept 22, 2005), with the court holding that the ability existed only where the Named Plaintiff's claims are "closely related direct claims against that defendant" and "only to the extent that the named plaintiffs properly pleaded direct claims against those defendants."

### B.     The Special Master's rulings on standing

The District Court, in ruling on the Wholesalers' Motion to Dismiss on the issue of standing, chose the approach that, even at the time, was already the better-reasoned approach based on past precedent, and determined that Named Plaintiffs lacked standing to assert claims on behalf of unnamed Plaintiffs in jurisdictions where Named Plaintiffs do not reside and have suffered no injury, and that such claims must be dismissed. ECF 728 at 19.  However, upon Plaintiffs' Motion for Leave to Amend, the Special Master elected a different (and, Wholesalers submit, the less-supported) approach, overruled the District Court, expressly relying on *Neale* to do so, and allowed Plaintiffs to amend their PELMC and PMMMC to allege

state law claims arising in jurisdictions where no Named Plaintiff resides or suffered

an alleged injury:

> This conflict in the law had been presented to the Court on the original
> motions to dismiss, and MTD Opinion #2 opted to follow *Ponzio* and the
> line of authority on which it is premised. *But the Court's decision did not
> take into account the fact that "unnamed, putative class members need not
> establish Article III standing. Instead the "cases or controversies'
> requirement is satisfied so long as a class representative has standing…"*
> *Neale v. Volvo Cars of N. Am. LLC*, 794 F. 3d 353, 362 (3d Cir. 2015)
> (emphasis supplied).

ECF 1614 at 10.

The Special Master additionally overruled Wholesalers' traceability standing

argument, holding simply that, based on *Haas* and *In re Franklin Mut. Funds Fee

Litig.*, "in order to establish standing in the class action context, for each named

defendant, at least one named plaintiff must be able to allege an injury traceable to

that defendant." MTD Op. 2 (ECF 728 at 17). "But the standard is not whether each

named Plaintiff has traced her injuries to each Defendant. Instead, the test is whether

*a* named Plaintiff has traced her injury to a particular Defendant. The PPELMC and

PPMMMC satisfy this standard for the Wholesaler Defendants. (See PPELMC, ECF

No. 1382-4 §§ 153, 156, and 159; PPMMMC, ECF No. 1382-6 ¶¶ 501, 503, 505.)"

SM Report (ECF 1614 at 7).

**C.    Recent 2021 case law makes clear that Named Plaintiffs lack
standing to act as nationwide class representatives, and state subclasses**

**must be dismissed, where there is no Named Plaintiff who resides or was injured in those states**

Wholesalers urge the Court to consider the several recently-rendered cases that address the formerly apparent conflict regarding the standing required of a Named Plaintiff to pursue claims under state law where he neither resides nor was injured.

In *In re Allergan Biocell Textured Breast Implant Prods. Liab. Litig.*, the district court distinguished the issue based on whether the question relates to a nationwide class or a state subclass, holding that a Named Plaintiff with standing in his home state may so represent the class on the other claims from a standing perspective, but that ability will be tested at the predominance stage of the class certification question. 2021 BL 99994, at *59-61 (D.N.J. Mar. 19, 2021). On the other hand, *with regard to state subclasses*, the Named Plaintiff has no such ability, and the state subclasses should be dismissed at the motion to dismiss stage. [2] And, a nationwide class action may just be a bunch of state subclasses in sheep's clothing: in *Withrow v. FCA US LLC,* the district court found that a "nationwide class action," much like the one Plaintiffs bring here, was no such thing – instead it was an amalgam of 110 claims arising under the law of the 50 different states and the two Named Plaintiffs, hailing from only two states, did not have standing to pursue

---

[2] Note that in 2018 the court in *In re Field Turf* similarly determined that such state subclasses must be dismissed.  *In re Fieldturf Artificial Turf Mktg. & Sales Practices Litig*., 2018 BL 316191, at *11 (D.N.J. Aug. 31, 2018).

claims arising outside their home jurisdiction. *Withrow v. FCA US LLC*, No. 19-13214, 2021 BL 230619, at *8-9 (E.D. Mich. June 21, 2021). Calling the proposed class a "nationwide class" did not make it so. *Id.* at *30*; see also Carpenter v. Petsmart, Inc.,* 441 F. Supp. 3d 1028, 1038-40 (S.D. Cal. 2020) (the district court held that since the "nationwide" class claims were governed by the law of the individual states – a California named plaintiff did not have ability to represent nationwide class beyond California law).

Finally, the U.S. Supreme Court opinion in *TransUnion LLC v Ramirez*, 141 S. Ct. 2190 (2021), unavailable to the Valsartan District Court at the time of its original standing ruling, is instructive regarding the sufficiency of Named Plaintiffs' standing allegations. Manufacturer Defendants cite *TransUnion LLC* for the proposition that where Named Plaintiffs do not include a single person alleging a "separate concrete harm" under the law of the numerous states, *i.e.*, where there is no Named Plaintiff who claims to reside or have been injured in such state, there is no standing for those state claims. Wholesalers believe the ramifications are broader still. In *TransUnion LLC*, the U.S. Supreme Court directly called into question *Neale*: "Every class member must have Article III standing in order to recover individual damages. Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." *TransUnion*, 141 S. Ct. at 2208 (internal quotations and citations omitted); cf. *Neale, 794 F.3d at 362* ("We now

- 8 -

squarely hold that unnamed, putative class members need not establish Article III standing, [which] is satisfied so long as the class representative has standing[.]").

In a 5-4 decision, the Court held that most of the certified class lacked Article III standing and therefore could not recover damages. Justice Kavanaugh, writing for the Court, stated:

> Some preliminaries: As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have standing. See *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 561 (1992). **Every class member must have Article III standing in order to recover individual damages… plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)**. *Davis*, 554 U. S., at 734; *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U. S. 167, 185 (2000).

*TransUnion*, 141 S. Ct. at 2207-08.

Simply put, *TransUnion LLC* contradicts the statement of the *Neale* court that "unnamed, putative class members need not establish Article III standing" and thereby undermines the *Neale* court's conclusion that "[i]nstead, the 'cases or controversies requirement is satisfied so long as *a* class representative has standing." Neale, 794 F. 3d at 362. As the *Neale* holding is the express basis for the Special Master's decision to reverse course from the District Court's original holding that Named Plaintiffs lack standing to assert claims on behalf of unnamed Plaintiffs in jurisdictions where Named Plaintiffs do not reside and have suffered no injury, and as the latest case law makes clear that standing on state law claims requires more

than one named plaintiff with standing as to his own home state claims, the District Court should reinstate its original determination on that point. [3]

## III. Even under *Haas* and *In re Franklin Mut. Funds Litig.*, Plaintiffs do not plead traceability with appropriate specificity to establish standing or state a claim

Even assuming, *arguendo*, that the Third Circuit permits Named Plaintiffs to pursue in a representative capacity state law claims for which they do not have standing, that ability is not unfettered. The *Haas* case, as interpreted by *In re Franklin Mut. Funds Fee Litig*, allows such representation only if the Named Plaintiff's claims are: (1) "closely related direct claims against that defendant[;]" and (2) "only to the extent that the named plaintiffs properly pleaded direct claims against those defendants." *In re Franklin Mut. Funds Fee Litig*, 388 F. Supp. 2d at 461.

This requisite specificity and directness are glaringly absent from Plaintiffs' PELMC and PMMMC. Plaintiffs, in their Response to Wholesalers' Objection, cite New York Named Plaintiff Alphonse Borkowski as their best example of standing

---

[3] Admittedly, the *TransUnion LLC* court reserved the question of whether the trial court needed to make this standing determination as to the class *before* class certification. Under most prevailing authority, however, the courts have emphasized that the standing issue is jurisdictional and necessarily should precede the certification decision. *Neale, 794 F. 3d at 375 n.4 , In re Magnesium Oxide Antitrust Litig.,* No. 10-cv-5943, 2011 WL 5008090, at *7-10, *27 (D.N.J. Oct. 20, 2011); *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 333 (5th Cir. 2002); *Abraham v. WPX Prod. Prods.*, LLC, 184 F. Supp. 3d 1150, 1200 (D.N.M. 2016).

allegations against Wholesalers. ECF 1783 at 8. The allegations below are the extent of their allegedly "proper pleading:"

> Plaintiff Borkowski paid money for one or more of Defendants VCDs including purchases of VCDs manufactured, distributed or sold by one or more ZHP Defendants…This product bore a unique NDC…At least some of this ZHP product ultimately purchased by Plaintiff Borkowski was purchased from Defendant ZHP by Defendant McKesson who then distributed and resold that ZHP Product to Defendant Rite Aid (among other Retail Pharmacy Defendants)…Each Defendant mentioned in this paragraph expressly and impliedly warranted to Plaintiff Borkowski (either directly, or indirectly by adopting warranties that were passed along to and incorporate by another Defendant further downstream and mentioned in this paragraph) that their respective generic VCDs were the same as their RLDs. But in fact, Plaintiff Borkowski purchased a product that was not the same to the RLD….had these Defendants' deception about the impurities within their products been made known earlier, Plaintiff Borkowski would not have paid for these Defendants' VCDs.

Surely Wholesaler Defendant McKesson can be forgiven its confusion over the actual facts of the New York claim against it: there is some unidentified product McKesson purchased during some unknown time period from some ZHP Defendant and then resold during some unknown time period to some unidentified Rite Aid Pharmacy that then sold the unidentified product to Plaintiff Borkowski during some unknown time period. Through those unidentified purchases and sales, McKesson somehow passed along to Plaintiff Borkowski and incorporated through some undescribed deception some unidentified warranties that these unidentified products were the same as their unidentified RLDs. This is not the specificity required of a properly pleaded direct claim. *See Patterson v. Novartis Pharm. Corp.*, 451 F. App'x

495, 497 (6th Cir. 2011) (relying on *Twombly* to hold that the complaint alleged only a possibility that the infusions Plaintiff received were manufactured by Novartis, and that the complaint did not allege when plaintiff received the infusions, how many infusions she received, or any other facts specific to her treatment). Moreover, in their pleadings with respect to numerous purported representative class members, Plaintiffs fail to identify any Wholesaler at all, or name only John Doe Wholesalers. Thus, Named Plaintiffs do not meet the traceability and pleading standard required to properly plead a direct claim under each of the state law claims pressed and each form of relief sought. ECF 1695-1 at 17-18.

And these vague allegations by Named Plaintiff Borkowski are as close to factual detail for Wholesalers as Named Plaintiffs get. In fact, **no Named Plaintiff alleges facts sufficient to identify any specific product allegedly distributed by any Wholesaler to any class member upon which the state law claims are based.**[4] In ruling on Wholesalers' argument on this point in their briefing opposing Plaintiffs' Motion for Leave to Amend, the Special Master found that:

> Plaintiffs persuasively respond that they have alleged the unique National Drug Code ("NDC") numbers for VCDs that they purchased, that the VCD numbers will enable identification of the wholesalers and retailers, and that discovery on this aspect of the case is continuing. Under these circumstances, dismissal of claims under certain state laws for which there is a named Plaintiff simply because there is not a named Plaintiff who

---

[4] This identification would, of course, be the National Drug Code or NDC number of the Valsartan-containing drug purchased or ingested by Plaintiffs. Plaintiffs acknowledge the NDC numbers are available to the Named Plaintiffs. ECF 1783 at 11. Inexplicably, they refuse to follow the Court's order to identify them.

alleges buying VCDs from each…Wholesaler Defendant in that state would be premature.

ECF 1614 at 12 fn 9.

Plaintiffs' representations upon which the Special Master relied may sound good at first, but, putting aside the inaccuracy of the representations regarding just what an NDC can and cannot reveal,[5] the facts are that the PPELMC does not list even one NDC number purchased by any class member, named or otherwise, and the PPMMC lists only one. In their Response to Wholesalers' Objection, Plaintiffs are a little more candid with the Court, admitting they only pled that they purchased and/or consumed VCDs "bearing the same NDC code as that distributed by each Wholesaler Defendant" and requesting that the Court take as true these allegations as to "common NDC codes." Pltfs Objection at 11 (ECF 1783).  Aside from the fact that NDC codes do not identify Wholesalers, and whatever "common NDC codes" may be, the phrase National Drug Code and/or a 10 to 11 digit number that looks like an NDC code do not appear in Plaintiffs' Complaints. *Id.*

Plaintiffs' failure to plead traceability with the requisite detail and specificity is fatal to their standing and their ability to state a claim for relief.

---

[5] An NDC code reflects the identity of the relevant Manufacturer, not the Wholesaler. ECF 1783 at 6.

## IV.   Plaintiffs' waiver argument regarding state consumer protection statutory claims fails

Plaintiffs muster no substantive response to Wholesalers' argument that the Special Master's ruling allowing Plaintiffs' leave to amend to plead state law consumer protection claims that do not require allegations of fraudulent conduct stands in direct contradiction to his rulings denying Plaintiffs leave to amend to assert claims for negligence, negligent misrepresentation, fraud, and express warranty. Instead, Plaintiffs merely argue no case law was cited and Wholesalers' argument was somehow waived as untimely. This does not make sense. Wholesalers could not argue the Special Master's rulings were contradictory until they knew the Special Master's rulings specifically, when the Special Master confirmed that Plaintiffs would not be allowed to plead conduct-based claims like negligence, negligent misrepresentation, express warranty, and fraud. At that point, and only then, was it evident that state consumer protection statute claims that rely on conduct – even if the statute does not require a heightened showing of fraud – should logically, and consistently, be dismissed too. Wholesalers raised the argument at the first opportunity in their timely-filed Objection to the Special Master's Report and Order. ECF 1695 at 1-2. Plaintiffs' waiver argument is unavailing.

## V.   Conclusion

For the above-described reasons, allowing Plaintiffs leave to amend the PMMMC at all, and to amend the PMMMC and PELMC to assert the state law

claims for which there is no standing (because there is no Named Plaintiff who resides or was injured in the subject state or because the Plaintiffs have failed to allege the traceability element of standing with sufficient specificity to establish standing or even to state a claim) would be futile. Similarly, allowing Plaintiffs leave to amend to assert claims for which the Court has already determined the Wholesalers' conduct does not provide the requisite fault for relief (the consumer protection state law claims) would be futile. All such claims would be subject to dismissal upon a motion to dismiss. As a result, the Court should sustain the Wholesalers' Objections to the Report and Order of the Special Master.

Dated: December 2, 2021                    Respectfully submitted,

                                           /s/    Jeffrey D. Geoppinger
                                           Jeffrey D. Geoppinger, Esq.
                                           Liaison Counsel for Wholesalers
                                           ULMER & BERNE LLP
                                           600 Vine Street, Suite 2800
                                           Cincinnati, OH 45202-2409
                                           Tel.: (513) 698-5038
                                           Fax: (513) 698-5039
                                           Email: jgeoppinger@ulmer.com

                                           **Counsel for Amerisource Bergen**

                                           Andrew D. Kaplan
                                           Daniel T. Campbell
                                           Marie S. Dennis
                                           CROWELL & MORING
                                           1001 Pennsylvania Avenue NW
                                           Washington., D.C. 20004

Tel.: (202)624-1000
Fax: (202) 628-5116
Email: akaplan@crowell.com
Email: dcampbell@crowell.com
Email: mdennis@crowell.com

***Counsel for Cardinal Health, Inc.***

D'Lesli M. Davis
Ellie K. Norris
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Tel: (214) 855-8221
Fax: (214) 855-8200
Email: dlesli.davis@nortonrosefulbright.com
Email: ellie.norris@nortonrosefulbright.com

***Counsel for McKesson Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2021, I filed the foregoing

**REPLY IN SUPPORT OF WHOLESALER DEFENDANTS' OBJECTION IN PART TO SPECIAL MASTER REPORT AND ORDER NO. 46** electronically through the CM/ECF system, which will send notice of filing to all CM/ECF participants.

/s/ Jeffrey D. Geoppinger
Jeffrey D. Geoppinger