**GT GreenbergTraurig**

Lori G. Cohen
Tel 678.553.2385
Fax 678.553.2386
cohenl@gtlaw.com

December 14, 2021

<u>**VIA ECF**</u>

Special Master the Honorable Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

    Re:    <u>**In re Valsartan, Losartan, and Irbesartan Products Liability Litigation**</u>
              <u>**Case No. 1:19-md-02875-RBK-JS**</u>

Dear Special Master Vanaskie:

    This letter is to provide Defendants' positions with respect to the topics on the agenda for the Teleconference with Your Honor on December 15, 2021. The parties do not expect the need to discuss any confidential materials as part of these agenda items.

    **1. Parties' Proposed Agreement on Font Size for Class Certification Briefing**

    Pursuant to Local Rule 7.2(d), briefs are to be filed using 14-point font, and if 12-point proportional font is used the respective page limit is to be reduced by 25 percent. The class certification briefs filed by Plaintiffs utilized 12-point font without a corresponding reduction in pages. Rather than requesting that Plaintiffs refile these briefs in the appropriate font size, Defendants proposed, subject to the approval of the Court, that Defendants be permitted to file their opposition briefing in 12-point font, and Plaintiffs agreed. The parties request approval of this compromise and, if granted, ask the Court's guidance on whether to submit a proposed order memorializing this agreement.



Special Master the Honorable Thomas Vanaskie
Page 2

### 2. Dismissal of Withdrawn Class Representatives

Defendants understand that Plaintiffs have withdrawn five (5) individuals as putative class representatives identified in Plaintiffs' master putative class action complaints. In response, Defendants requested that Plaintiffs' counsel file notices of voluntary dismissal (consistent with previous practice for Plaintiffs who opt to no longer pursue their cases) pursuant to Rule 41. (Attached as Exhibit A). Plaintiffs' counsel have not responded. So that Defendants do not waste resources unnecessarily on further discovery and briefing of these individuals' claims, or burden the Court with unnecessary motion practice, Defendants seek written, on-the-record confirmation that Plaintiffs will formally dismiss those five individuals' claims within seven (7) days.

As background, Plaintiffs named 63 putative individual class representatives in their most recent class complaints—46 consumer economic loss and 17 medical monitoring. ECF [1708](#) ("ELMC") at ¶¶ 14-59 (identifying 46 consumer economic loss class representatives); ECF [1709](#) ("MMMC") at ¶¶ 11-28 (identifying 17 medical monitoring class representatives). Five of those representatives have apparently since been withdrawn:

- Three of the putative medical monitoring class representatives were withdrawn when Plaintiffs filed their class certification motion. *Compare* MMMC at ¶¶ 21, 22, 23 (identifying (1) Judy Tasker, (2) Roland Butler, and (3) Anthony Martinez as medical monitoring class representatives) *with* ECF [1747](#) at 1 n.3 (identifying the "Medical Monitoring Plaintiffs," not including (1) Judy Tasker, (2) Roland Butler, or (3) Anthony Martinez).

- Plaintiffs later withdrew a fourth medical monitoring class representative—Kenneth Berkson—after Defendants informed Plaintiffs' counsel that Mr. Berkson



Special Master the Honorable Thomas Vanaskie
Page 3

> fell outside of Plaintiffs' new medical monitoring class definition, which required Mr. Berkson (and all class members) to have ingested a certain amount of valsartan to potentially be included in the medical monitoring class definition. (Attached as Exhibit B).

- On December 9, 2021, Plaintiffs also withdrew putative economic loss class representative Evelyn Rice. (Attached as Exhibit C).

Defendants are in the process of attempting to complete all class representative depositions and preparing their oppositions to Plaintiffs' class certification motions, and need confirmation that these individuals are no longer acting as putative class representatives so that Defendants are not forced to expend resources unnecessarily. Defendants therefore request that Plaintiffs be instructed to formalize these withdrawals and file Rule 41 dismissals of their claims on the docket within seven (7) days.

### 3. Time Allotted for the Depositions of Plaintiffs' Class Certification Experts

The Parties have worked together to schedule the upcoming depositions of Plaintiffs' class certification experts. Based on the Court's prior ruling permitting a total of 10 hours for each expert deposition at the general causation phase, with the right to seek more time for good cause shown, (*see* Aug. 5, 2021 Hrg. Trans.), Defendants reasonably anticipated the parties would continue to apply the same 10-hour time limit for expert depositions during the class certification phase. In connection with finalizing deposition dates for Plaintiffs' experts, defense counsel emailed on December 10th to request confirmation that the experts were holding a total of two days in the event the parties require a second day to complete the respective deposition. Plaintiffs' counsel responded that no more than 7 hours would be needed for any of the experts and that additional



Special Master the Honorable Thomas Vanaskie
Page 4

days were not being held. (*See* 12/13/2021 Email from C. Whiteley to V. Lockard attached as Exhibit D).

Defendants request the Court's confirmation that the parties will be permitted a total of 10 hours' time on the record for depositions of the class certification experts. While Defendants do not anticipate needing or taking this full time for all experts, the breadth of the class certification experts' opinions, many of which contain individualized allegations against various Defendants or address lengthy and complex damages calculations, is likely to require more than 7 hours' time on the record. The Court is well aware of the complexity of this litigation and the large number of Defendants – at all levels of the supply chain – who have a legitimate interest in fairly and fully exploring these experts' opinions. This is exceedingly true here, perhaps even more so than in the general causation phase, because several of the class certification experts have levied a host of individualized factual assertions, opinions, and criticisms as to specific Defendants, which are not common to all. As previously shown in the general causation phase, where Defendants finished at least two of the five Plaintiffs' expert depositions in under or around 7 hours rather than taking the full 10 hours, Defendants will only use as much of the allotted time as needed for a given expert, taking into account the length of their report and the breadth and complexity of their opinions.

As this Court previously indicated, an additional three hours' time to depose Plaintiffs' experts regarding their opinion and conclusions and the bases therefor is reasonable, non-prejudicial, and proportionate to the needs of the case, "given the complexity of the matter, given the importance of the matter, given the number of parties, especially the number of defendants in this case." (*See* Aug. 5, 2021 Hrg. Trans. 23:18-25). Accordingly, the prior ruling permitting



Special Master the Honorable Thomas Vanaskie
Page 5

10 hours of record time for expert depositions, with the right to seek more time for good cause shown, should continue to apply to the parties' forthcoming class certification expert depositions.

We appreciate the Court's consideration of these issues.

                                            Respectfully submitted,

                                            */s/ Lori G. Cohen*

                                            Lori G. Cohen

cc:    Adam Slater, Esq. (*via email*, *for distribution to Plaintiffs' Counsel*)
        Jessica Priselac, Esq. (*via email*, *for distribution to Defendants' Counsel*)
        Seth A. Goldberg, Esq. (*via email*)
        Clem C. Trischler, Esq. (*via email*)
        Sarah Johnston, Esq. (*via email*)
        Jeffrey Geoppinger, Esq. (*via email*)