# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

December 14, 2021

**VIA CM/ECF**
Honorable Thomas I. Vanaskie, Special Master
Stevens & Lee, P.C.
1500 Market Street, East Tower, 18th Floor
Philadelphia, Pennsylvania 19103

  Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
     No. 1:19-md-02875-RBK (D.N.J.)

Dear Judge Vanaskie:

Plaintiffs respectfully submit this letter in advance of the December 15, 2021 status conference.

### 1. Time Allotted for the Depositions of Class Certification Experts

F.R.C.P. 30(d)(1) contemplates that a deposition is *limited* to 1 day of 7 hours. Defendants wish to abrogate the limit in this rule and conduct 10 hours of examination over 2 days as to all of Plaintiffs' class certification experts. Plaintiffs object and, further, seek to limit the duration of certain of these experts' depositions as follows:

| Expert Deponent | Area of Expertise | Length of Report | Proposed Duration |
| --- | --- | --- | --- |
| Conti | health economist/ damage model | 35 pages | 7 hours |
| Craft | drug supply chain/ ascertainability | 48 pages | 7 hours |
| Quick | cGMP | 37 pages | 7 hours |

Hon. Thomas I. Vanaskie, Special Master
December 14, 2021
Page 2

| Kaplan | oncology/medical screening | 7 pages | 4 hours |
| --- | --- | --- | --- |
| Song | internal medicine/ screening cost | 27 pages | 4 hours |
| Panagos | TPP industry | 11 pages | 2 hours |
| Najafi | chemistry | 7 pages | 2 hours |

Plaintiffs' counsels' collective experience in conducting depositions of class certification experts is that they can be completed well within the seven-hour limit and, in many instances, well under seven hours. Plaintiffs remind the Court that these experts *have not provided merits reports* – which are to follow after a certification ruling and another opportunity for Defendants to depose on the merits – and several of these experts have offered extremely narrow opinions limited to one or two points over just a few pages of writing. Dr. Najafi, just to cite one example, has narrowly opined that contaminated valsartan is chemically different than uncontaminated Valsartan as approved in the ANDA, a point that is hardly controversial and likely can be agreed to by Defendants. Why would more than 2 hours be required to examine this witness as to this narrow, limited opinion?

Accordingly, Plaintiffs propose the duration for the conduct of these depositions as set forth above with the clear understanding that upon good cause, not to be unreasonably withheld if requested of Plaintiffs by Defendants (and vice versa), the duration of these examinations can be enlarged under F.R.C.P. 30(d)(3)(A).

**2. Parties' Proposed Agreement on Font Size for Class Certification Briefing**

The Parties have agreed to allow Defendants to use 12-point font for their oppositions to Plaintiffs' motions for certification.

**3. Dismissal of Withdrawn Class Representatives**

On Friday afternoon, Defendants demanded for the first time that Plaintiffs agree to file notices of dismissal for withdrawn class representatives. Conceptually, Plaintiffs do not oppose

Hon. Thomas I. Vanaskie, Special Master
December 14, 2021
Page 3

filing such notices after fully assessing the status of all proposed class representatives.

Accordingly, Plaintiffs do not believe this issue warrants the Court's attention at this time.

    Thank you for your courtesies and consideration.

                                              Respectfully,

                                              ADAM M. SLATER

cc:      All Counsel (via CM/ECF)