# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
_____
*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson
_____
°Member of N.J. & N.Y. Bars

December 15, 2021

**VIA ECF**
Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, New Jersey 08101

      Re:    ***In re Valsartan, Losartan, and Irbesartan Liability Litigation*, Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler:

Please accept this letter on behalf of Plaintiffs with regard to the question of whether the Court should direct Defendants to retain settlement counsel, separate and apart from litigation counsel. Plaintiffs submit that the engagement of settlement counsel by Defendants would be a prudent, positive step in this litigation, and Plaintiffs would welcome the opportunity to engage in serious settlement discussions with separate settlement counsel for each Defendant.

The course of this litigation demonstrates the need for settlement counsel to be separately appointed by each Defendant, whether voluntarily or by Court order. Despite the extensive litigation to date, the many depositions taken, the exchange of expert reports and the current *Daubert* briefing, and the Court's extensive rulings on the motions to dismiss, which provided a great deal of guidance to the Parties as to the Court's view of the applicable law, Defendants have

Honorable Robert Kugler, U.S.D.J.
December 15, 2021
Page 2

not indicated a willingness to engage in settlement discussions. Of note, Defendants' litigation counsel appear to be proceeding in near lockstep demonstrating their indifference to settlement talks, despite material differences in their litigation positions, damages assessments, and other interests should, for example, the class cases be certified and advance to trial.[1] This is why each Defendant needs to have its own settlement counsel, taking only a single Defendant's interests into account, rather than a global defense settlement counsel speaking for the group.

It is Plaintiffs' perception that at every turn, litigation counsel for Defendants points to the next event on the horizon before talks may ensue. Plaintiffs heard early in the case that the motions to dismiss needed to be decided before there could be any movement, yet the motions were decided and no talks ensued. This apparent pattern of moving the goal posts began with the motions to dismiss, then the expert reports and expert depositions, then *Daubert* and general causation, next will be the class certification motions, and then likely dispositive motions. Objectively viewed, the Court's clear discussion of the applicable law, as well as the damaging evidence that has been obtained in discovery, together with the potential for substantial class action, personal injury, and punitive damage verdicts would typically motivate Defendants to seek resolution. The fact that this has not occurred indicates the need for the Court to intervene if Defendants are unwilling to structure their representation to permit for serious settlement talks apart from their joint litigation activity. The Court need only look to the fact that two Special Masters were appointed to facilitate settlement discussions, and the lack of activity despite those appointments.

---

[1] Plaintiffs are still in the dark as to the indemnification agreements as between the various defendants, especially with regard to payment of settlements or judgments that may be entered in this litigation.

Honorable Robert Kugler, U.S.D.J.
December 15, 2021
Page 3

Settlement counsel for Defendants would bring a completely different dimension to the litigation, inserting counsel with no interest in the litigation continuing for its own sake. Plaintiffs do not know the extent of the expenditures that Defendants have directed to their litigation counsel; however, it is certain that the numbers are substantial, and ongoing litigation leading to trial preparation and trial will only multiply those numbers. Settlement counsel's role is to protect the client's business interests, which is quite different from litigation counsel. Settlement counsel would advise Defendants as to business considerations, and would be able to engage in discussions with Plaintiffs with a focus on finding a reasonable path to resolution, apart from the back and forth of the litigation activities. Moreover, as the Court is well aware, the Court's Orders on the upcoming *Daubert* and Class Certification motions will likely result in a hardening of positions as leverage in the litigation becomes more defined.

The retention of settlement counsel in MDL litigation is common. One need only look to the *Benicar* MDL litigation, which settled only after the primary defendant in that litigation retained settlement counsel who negotiated a settlement directly with Plaintiffs' leadership, without the involvement of litigation counsel. That prudent business decision undoubtedly saved those defendants substantial litigation costs, and permitted the parties to establish the framework for a global resolution that ended the litigation. That model, or something close to it, is needed in order to establish the possibility of resolution with each Defendant here.[2]

---

[2] Plaintiffs did not understand the Court's request for briefs to suggest the potential direction for Plaintiffs to retain separate settlement counsel as well. Plaintiffs submit that this is unnecessary, as Plaintiffs' leadership has demonstrated that it is fully invested in bringing this litigation to a reasonable resolution, and has been doing what it can to attempt to facilitate such discussions. Insertion of settlement counsel on the Plaintiffs' side, outside of Plaintiffs' leadership, would be inefficient and disruptive to Plaintiffs. This is a completely different situation than on the defense side, as Plaintiffs' leadership are stakeholders in this litigation, having made a

Honorable Robert Kugler, U.S.D.J.
December 15, 2021
Page 4

    Thank you for your courtesies and consideration.

                                      Respectfully,

                                      Adam M. Slater

Cc: Attorneys of Record (via ECF)

---

significant investment of time and money in this litigation, and has every incentive to achieve resolution and hasten recovery to their clients.