# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN DIVISION

| | |
|---|---|
| IN RE: Valsartan N-Nitrosodimethylamine (NDMA), and Irbesartan Products Liability Litigation<br><br>This Document Relates to All Actions | MDL No. 2875<br>Civil No. 19-02875 (RBK/JS) |

# SPECIAL MASTER ORDER NO. 58
## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

By Special Master Order No. 49, issued on October 25, 2021 (ECF No. 1667), Plaintiffs' request to confirm that the ZHP Parties had waived their confidentiality designations for documents presented in connection with various court filings was denied. Special Master Order No. 49 further directed the parties to "meet and confer with respect to the confidentiality designations for the documents attached to ECF Nos. 826, 967, 1189, and 1250, as well as the confidentiality designations for the deposition testimony of Lijie Wang and John Iozzia (and the exhibits to those depositions), and report in writing the results of their discussions. . . ." On December 17, 2021, counsel for the ZHP Parties filed a comprehensive status report. (ECF No. 1823.) Her report states that (a) the ZHP Parties agreed to remove the confidentiality designations on thirty-nine (39) documents; (b) Plaintiffs

agreed to redactions on ten (10) documents and were considering whether to accept the ZHP Parties' proposed redactions on another four (4) documents; (c) both sides agreed that two (2) of the documents designated by the ZHP Parties as confidential should remain confidential; (d) the ZHP Parties are considering Plaintiffs' challenges to redactions on 45 documents "to determine whether an amicable compromise can be reached"; (e) the parties agreed that seven (7) documents are the subject of a pending motion to seal (ECF No. 1584); (f) the parties are continuing to confer with respect to the confidentiality designations for the deposition transcripts of Lijie Wang and John Iozzia as well as two exhibits to the Wang deposition; and (g) the parties disagreed as to the confidentiality designations on fourteen (14) documents.[1]

The parties are commended for the progress made in narrowing this dispute pertaining to the confidentiality of various documents submitted to the Court as part of the adjudicatory process. With respect to the matters that remain in dispute, **IT IS HEREBY ORDERED THAT:**

1. The parties shall address in their agenda letters for the January 5, 2022 Case Management Conference the status of ongoing discussions referenced above in parts (b), (d), and (f).

---

[1] The documents are identified by the Exhibit Number to the ECF filing, e.g., "ECF No. 826, Ex. 49."

2. The January 5, 2022 Case Management Conference will include oral argument on the confidentiality designations of the fourteen (14) documents referenced in part (g) above and identified by ECF Number and Exhibit Number in section VII of the ZHP Parties' status report (ECF No. 1823). If available, English translations for those documents identified in Section VII of the ZHP Parties' status report that are not in English shall be provided to the Special Master by January 3, 2022.

s/ Thomas I. Vanaskie  
Hon. Thomas I. Vanaskie (Ret.)  
Special Master