

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA  15219
412.263.2000    FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.:  412.263.1816
DIRECT FAX NO:  412.263.4246
FILE NO.:  MYLAN-112578
EMAIL:  cct@pietragallo.com

January 4, 2022

**Via ECF**

The Hon. Robert J. Kugler                              Special Master the Hon. Thomas Vanaskie
United States District Judge                           Stevens & Lee
USDC, District of New Jersey                        1500 Market Street, East Tower, 18th Floor
Mitchell H. Cohen Building & U.S. Courthouse    Philadelphia, PA 19103
4th & Cooper Streets, Room 1050
Camden, NJ 08101

<blockquote>Re:  <em>In re Valsartan, Losartan, and Irbesartan Products Liability Litigation</em><br>USDC, District of New Jersey, No. 1:19-md-2875-RBK-KMW</blockquote>

Dear Judge Kugler and Judge Vanaskie:

I write on behalf of the Defendants' Executive Committee to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on Wednesday, January 5, 2022.

1. **Defendants' Proposed Expedited Briefing Schedule Concerning Request for Additional Time to Depose Plaintiffs' Experts John Quick and Rena Conti.**

At the December 15, 2021 Teleconference with Special Master Vanaskie, the parties addressed proposed deposition time for Plaintiffs' class certification experts. Defendants proposed that the same 10-hour presumptive limit on total deposition time which had been put in place for the parties' respective general causation experts should apply to the class certification experts, including those yet to be disclosed by Defendants. In Plaintiffs' position statement to the Court, they proposed, for the first time, that the time for these depositions be limited beyond the 7 hours contemplated by the Federal Rules, such that Defendants would have only 4 or 2 hours to depose the majority of Plaintiffs' experts. The Court ruled that the standard 7 hours permitted by the

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
January 4, 2022
Page 2

Federal Rules would apply.  The Court also recognized that if Defendants identified witnesses in advance they believed would require more than 7 hours to depose, they could file a motion in advance of said deposition seeking additional time. (*See* 12/15/2021 Hrg. Trans. at 23:20-24:15).

Per Defendants' review of the class certification expert reports served by Plaintiffs, Defendants have determined that additional time will be required for the depositions of two of Plaintiffs' class certification experts – John Quick and Rena Conti. Defendants emailed Plaintiffs on December 29, 2021, to notify them that they intended to seek 10 total hours of deposition time for both of those experts, and Defendants requested a meet and confer to discuss whether Plaintiffs would oppose those requests and, assuming opposition, to discuss an expedited briefing schedule. (12/29/2021 – 12/30/2021 Email Chain, attached as Exhibit A). Plaintiffs responded that in their view Judge Vanaskie had already stated no determination about additional time could be made in advance of the deposition and that the parties were to proceed under the 7-hour framework of the Federal Rules. (*Id.*). Defendants replied and noted that the Court had specifically recommended briefing in advance of the depositions under these circumstances, and Defendants again requested to meet and confer. (*Id.*).

The parties met and conferred on this issue on January 4, 2022. Defendants noted that they would not seek additional time for any other class certification expert depositions beyond Quick and Conti. Plaintiffs' counsel was very clear that Plaintiffs oppose any request in advance of the deposition for additional time beyond 7 hours and again took the position that the Court had already decided and did not want any briefing on requests for additional time in advance of the expert depositions. Defense counsel pointed to the relevant discussion on pages 23 and 24 of the hearing transcript, and read aloud the quote from Judge Vanaskie at the December 15, 2021

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
January 4, 2022
Page 3

Teleconference, where the parties were specifically instructed: "So I would encourage, I'm not requiring it, but I would encourage the defendants to file in advance a motion per deponent or a motion that identifies the deponents that they believe will require more than seven hours, and you'll, obviously, Mr. Honik, have an opportunity to respond and explain why seven hours is sufficient, and then we'll make a decision and everybody will know going into the deposition." (12/15/2021 Hrg. Trans. at 24:6-12). Despite those clear instructions from the Court, Plaintiffs' counsel, Ruben Honik, stated that such briefing would be "pointless" and a "waste of time."

Defendants will be filing briefs on their requests for additional time for these two experts. (*See* 12/15/2021 Hrg. Trans. at 24:24-25:5 ("MS. LOCKARD: Understood, Your Honor. We'll take a hard look at the individual experts and we will, in fact, brief any or all that we believe will be entitled to more than seven. JUDGE VANASKIE: Yes, and that's true, Ms. Lockard, if you think all of them are going to require more than seven hours, you certainly can go ahead and make that showing and we'll make a decision. All right?")). Defendants hoped to discuss a proposed expedited briefing schedule during their meet and confer on January 4th, but Plaintiffs indicated they were opposed to any such briefing at all. While Defendants could simply move for additional time, given that the Quick deposition is currently set for January 27, 2022, it behooves the parties to undertake expedited briefing so the Court can issue a ruling sufficiently far in advance of the deposition. As the Court stated in recommending that Defendants identify experts who will require more than 7 hours and submit advanced briefing: "it's good to know going into a deposition what the parameters are, what the duration parameters are." (*Id.* at 24:13-15).

Accordingly, Defendants request that the Court order expedited briefing, limited to 5 pages per side submitted via a single letter brief, on Defendants' request for expansion of time for the

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
January 4, 2022
Page 4

depositions of John Quick and Rena Conti. While Defendants recognize that the Court's discussion

at the December 15 conference contemplated briefing by Defendants followed by a response from

Plaintiffs, (*see id.* at 24:6-12), given the timing of the Quick deposition and that the parties'

positions on the issue are well-known and have already been subject to a meet and confer,

Defendants propose that simultaneous letter briefs would be sufficient, and could be submitted by

January 12, 2022. Alternatively, if the Court prefers sequential briefing, Defendants propose they

could submit their 5-page letter brief by January 10, 2022, with Plaintiffs' response due January

14, 2022.

2. <u>**Plaintiffs' Request to Modify the Parameters for Disclosing ZHP's Alleged State
Secrets**</u>

On December 20, 2021, Judge Kugler issued an Opinion and Order (the "Opinion and

Order") denying ZHP's motion to vacate Special Master Order No. 35 (ECF No. 1825). As noted

therein, this ruling was the culmination of almost a year of litigation regarding the 300 documents

that ZHP originally designated as being prohibited from production in this case under the state

secret laws of the People's Republic of China ("PRC"). The 33-page Opinion and Order details

the good faith and prudent efforts of ZHP to attempt to comply with those laws in light of the

potential they carry for criminal penalties, as well ZHP's efforts to comply with U.S. law and the

decisions of this Court regarding the discovery of such information. *See e.g.*, Opinion and Order

at 28. The Court weighed the factors set forth in *Société Nationale Industrielle Aérospatiale v. U.S.

Dist. Court for Southern Dist. Of Iowa*, 482 .S. 522, 107 S.Ct. 254, 296 L.Ed.2d 461 (1987) as to

the 20 documents that remained at issue after meetings between the parties and briefing before the

Special Discovery Master, and ultimately rendered a decision that balanced the interests of

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
January 4, 2022
Page 5

Plaintiffs with the real and immediate concerns of ZHP with respect to the potential penalties it

faces under Chinese law.

Throughout the Opinion and Order the Court acknowledged ZHP's obvious and legitimate

concerns about the risk of criminal penalties and monetary sanctions under Chinese law due to the

public disclosure in this case of the 20 documents at issue, and the "dilemma" for ZHP resulting

from having to attempt to comply with the competing laws of the two countries. *See e.g.*, Opinion

and Order at 28 ("I acknowledge that ZHP perceives disclosure of any of these documents risks

its liability under the SSL in terms of money fines and criminal sanctions. Further, by disclosing

these documents, ZHP may risk liability of violating 2 other Chinese laws relating to data security

and the protection of personal information."). Accordingly, in affirming the Special Discovery

Master's order requiring the production of the 20 documents, the Court carefully established very

specific and detailed restrictions intended to prevent their public disclosure at this point in the

litigation in order "temper the harsh reality that ZHP finds itself in." *Id*. at 32 ("To temper the

harsh reality that ZHP finds itself in, the parties' utmost cooperation is required to prevent public

disclosure of these documents at this point in the litigation.").

Those restrictions, which are an integral part of the Opinion and Order, (i) limit the

disclosure of the 20 documents "***only to select*** members of plaintiffs' executive committee

["PEC"] having an immediate need to know, as determined by Plaintiffs' Lead Counsel;" (ii)

require the PEC to "create and maintain Disclosure Log from the date of the next CMC, which in

real time records and archives disclosure details, that is, which attorneys of the PEC have been

given access; what document(s); and the date of disclosure; and (iii) provide that "no member of

the PEC nor other of plaintiffs' attorneys shall distribute, disclose, or recite any, or any portion, of

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
January 4, 2022
Page 6

these 20 disclosed documents to other plaintiffs' attorneys who are not members of the PEC

without first making a motion for such disclosure to the Special Master for ***exceptional cause***." *Id.*

at 32-33. As the Court explained:

> ZHP and the plaintiffs together can minimize disclosure of the information in the
> 20 documents at issue. Effective means include confidentiality agreements, court-
> ordered sealing protections, and cooperative efforts to reduce transmission among
> the parties before trial. Such cooperative efforts have been adopted in similar
> situations involving blocking statutes. Further, if the parties resolve a settlement
> before any of the documents are used at trial, these will not enter the public record.
> Thus, by taking active measures to avoid public disclosure, the parties can together
> confirm ZHP's efforts to navigate the legal (and possibly political) dilemma in
> which it now finds itself, which may lessen its exposure under the SSL, and
> correspondingly lessens the weight of this factor.

*Id*. at 27.

All this notwithstanding, and despite the Court's explicit effort to prevent the public

disclosure of these documents "at this point in the litigation" and "before trial," Plaintiffs are now

asking to modify those restrictions. Although Plaintiffs raised this issue with the ZHP Parties

yesterday for the first time without any explanation of, or legal basis for, the modifications they

intend to seek, the ZHP Parties respectfully submit that any such modification should only be made

on a motion for reconsideration to Judge Kugler, as he established the restrictions based on his

analysis of the documents under *Aérospatiale*. Moreover, there have been no factual developments

in the two weeks since the Court issued the Opinion and Order that would satisfy the "***exceptional***

***cause***" standard for disclosure even to Plaintiffs' attorneys who are not members of the PEC, which

disclosure itself could have only been requested in a separate motion, let alone that warrant a

modification to the restrictions that would permit disclosure to the general public now.

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
January 4, 2022
Page 7

Accordingly, ZHP respectfully requests that any request to modify the restrictions on disclosure of the 20 documents set forth in the Opinion and Order be denied at the January 5 case management conference.

### 3. Plaintiff Fact Sheet Show-Cause Submission

**Cases Addressed at the November 23, 2021 Case Management Conference:**

The Court issued five show cause orders returnable at the January 5, 2022 Case Management Conference:

- *Shylaine Louissant v. Mylan, et al.* – 21-cv-07797
- *Stephanie Cahall v. Solco, et al.* – 21-cv-12122
- *Richard Chacon v. Zhejiang Huahai Pharmaceutical Co., et al.* – 21-cv-13513
- *Leroy Patrick v. Zhejiang Huahai Pharmaceutical Co., et al.* – 21-cv-13580
- *Deborah Harris v. Zhejiang Huahai Pharmaceutical Co., et al.* – 21-cv-06395

The issues in the *Patrick* and *Harris* matters are resolved, and those show cause orders may be withdrawn. Additionally, the parties have agreed to an extension of time to cure the issues in the *Louissant* matter and Defendants do not request its dismissal at this time.

The issues in the *Cahall* and *Chacon* matters remain unresolved, and Defendants request dismissal of these actions.

**Second Listing Cases – Order to Show Cause Requested:**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these cases were previously listed on the agenda for a prior CMC. This list was provided to Plaintiffs' leadership on December 23, 2021, and a global meet and confer was held on January 3, 2022. Defendants have also been available for further discussion as needed. Accordingly, Defendants request that an Order to Show Cause be

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
January 4, 2022
Page 8

entered in each of these cases, returnable at the next case management conference, as to why these

cases should not be dismissed.

Defense counsel will be prepared to address the individual issues with respect to each of

these cases, to the extent necessary, during the January 5, 2022 Case Management Conference:

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Jimmie Thorn | 20-cv-000442 | Serious Law Injury Group | Incomplete PFS, no authorizations. See deficiency notice for complete listing | 10/12/2021 |
| 2. | Charlene Mills v. ZHP, et al | 21-cv-13611 | Bachus & Schanker, LLC | I.C.11 - Failed to respond. Start and End Date for all Valsartan listed II.H.2 - Failed to respond. State and County in which claim was filed for both lawsuits listed. II.H.3 - Failed to respond. The caption, case name and/or names of adverse parties for both cases listed. II.H.4 - Failed to respond. Civil Action or Docket Number for both lawsuits listed. II.H.5 - Failed to respond. Attorney who represented you in both lawsuits listed. II.H.6 - Failed to respond. Current Status of both lawsuits listed. | 11/3/2021 |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
January 4, 2022
Page 9

| | | | | | |
|---|---|---|---|---|---|
| | | | | III.E.2 - Failed to respond. E.2 (if plaintiff is claiming a diagnosed mental or emotional injury)<br><br>V.D1.c – Inconsistent response<br>Plaintiff claims 1970 to 1985 is greater than 2 years. Please clarify.<br><br>VI.A.1 - Failed to respond. Information related to prescriptions medications taken.<br><br>VI.B.1 - Failed to respond. Information related to OTC medications taken<br><br>XI.A.1, 4-7 - Failed to provide properly signed, undated, and completed authorizations<br><br>XII.  Failed to provide signed and dated declaration for amended PFS. | |
| 3. | William Byrnes | 21-cv-13325 | Stark & Stark | No PFS filed | PFS due – 10/31/2021 |
| 4. | Rick Maedler | 21-cv-16471 | Levin Papantonio | No PFS filed | PFS due – 11/01/2021 |

**First Listing Cases – Remaining Core Deficiencies:**

The following Plaintiff Fact Sheets contain core deficiencies which remain unresolved.

This list was provided to Plaintiff leadership on December 23, 2021 and a global meet and confer

was held on January 3, 2022. Defendants have also been available for further discussion as needed.

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
January 4, 2022
Page 10

This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not

requesting orders to show cause with respect to any of the below cases at this time and will continue

to meet and confer to resolve these deficiencies.

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Walter Billingy | 21-cv-16996 | Gregory Cannata & Associates | Authorizations are dated, missing authorization for Aetna | 12/10/2021 |
| 2. | Montevaldo v. Zhejiang Huahai Pharmaceutical Co., Ltd. Et al | 1:21-cv-17383 | Hollis Law Firm | II. D. 2. Incomplete information for prior work<br><br>II. D. 3 Discrepancy between employment status and dates out of work<br><br>II. H. Discrepancy between other lawsuits and information provided<br><br>See deficiency notice for additional issues and amend where information is known. | 12/13/2021 |
| 3. | Joyce B. Murphy, on behalf of the Estate of James P. Murphy vs. Aurobindo Pharma, Ltd., et al. | 1:21-cv-17382 | Hollis Law Firm | Failed to Provide authorizations for providers Herbert ehman MD, Gallatin VA Clinic, and Michael C. Chang, MD. | 12/13/2021 |
| 4. | Robert Cook v. ZHP, et al. | 1:21-cv-17184 | Watts Guerra | IV.E.3 - Failed to provide complete information. Naquoia Cook is identified as Plaintiff's daughter but is not | 11/26/2021 |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
January 4, 2022
Page 11

| | | | | | |
|---|---|---|---|---|---|
| | | | | listed under children in Section II.B.3<br><br>VII.A.1.a - Plaintiff checked box "No" for ever having been diagnosed with cancer more than once but Plaintiff's claimed injury is Colon Cancer (I.D.3) and medical records and Death Certificate indicate Plaintiff was diagnosed with non-Hodgkin's lymphoma (see X.A.). Please clarify apparent inconsistency. | |
| 5. | Martin Scott v. ZHP, et al. | 1:21;-cv-17216 | Watts Guerra | No insurance or worker's compensation and/or disability authorizations were provided | 11/26/2021 |
| 6. | Tracy Whitfield v. ZHP, et al. | 1:21-cv-15076 | Oliver Law Group | Failed to respond to numerous deficiencies identified in Notice – only provided some acceptable authorizations | 12/2/2021 |
| 7. | Thomas Parker v. ZHP, et al. | 1:21-cv-16451 | Levin Papantonio | XI.B.5 - Plaintiff did not include any letters, diaries, calendar, journals, logs, etc. related to use of medications in past 10 years, but checked box indicating Responsive records were attached. Plaintiff's response indicated he needs additional time due to hospitalization | 12/15/2021 |
| 8. | Curtis McCall | 21-cv-13859 | Serious Injury Law Group, P.C. | No SFC or PFS filed | PFS due – 11/06/2021 |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
January 4, 2022
Page 12

| 9. | Deborah Harris | 20-cv-19164 | Serious Injury Law Group, P.C. | No SFC or PFS filed | PFS due – 02/13/2021 |
|---|---|---|---|---|---|
| 10. | Elnita Brooks | 21-cv-18001 | Levin Papantonio | No PFS filed | PFS due – 11/30/2021 |
| 11. | Paul Raymond | 21-cv-18337 | Hollis Law Firm, P.A. | No PFS filed | PFS due – 12/10/2021 |
| 12. | Sanders, Cornel v. Hetero Drugs, Ltd., et al | 21-cv-17996 | Hollis Law Firm, P.A. | No PFS Filed. | PFS due – 11/30/2021 |
| 13. | Stewart, Laurie v. Hetero Drugs, Ltd., et al | 21-cv-17230 | Levin Papantonio | No PFS Filed. | PFS due – 12/8/2021 |
| 14. | Anderson, Robert v. Hetero Drugs, Ltd., et al | 21-cv-18338 | Hollis Law Firm, P.A. | No PFS Filed. | PFS due – 12/7/2021 |
| 15. | Margaret Tolley v. Mylan Pharmaceuticals., et al. | 1:21-cv-10130 | DeGaris Wright McCall | No PFS Filed. | PFS due – 12/14/2021 |
| 16. | Katherine Delores Peyton, Robert Lee Peyton, Jr. v. Mylan Pharmaceuticals., et al. | 1:21-cv-09063 | DeGaris Wright McCall | No PFS Filed. | PFS due – 12/14/2021 |
| 17. | Donna King – Estate of Bernard King v. Mylan Pharmaceuticals., et al. | 1:20-cv-08814 | Parafinczuk Wolf Susen | No PFS Filed. | PFS due – 12/14/2021 |
| 18. | Ernestine Williams v. Mylan Pharmaceuticals., et al | 1:21-cv-06946 | Douglas and London | No PFS Filed. | PFS due – 11/9/2021 |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
January 4, 2022
Page 13

Respectfully submitted,

Clem C. Trischler

c:      All counsel of record (via ECF)