# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN DIVISION

| | |
|---|---|
| IN RE: Valsartan N-Nitrosodimethylamine (NDMA), and Irbesartan Products Liability Litigation<br><br>This Document Relates to All Actions | MDL No. 2875<br>Civil No. 19-02875 (RBK/JS)<br><br>Civil No. 20-10170 |

## SPECIAL MASTER ORDER NO. 60

### January 10, 2022

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Unable to reach agreement to have the running of the statute of limitations tolled pending the outcome of a motion for certification of a class of parties who purportedly suffered economic loss as a result of the alleged contamination of blood pressure medication, Plaintiff Humana Inc. ("Humana") commenced a separate action in this Multi-District Litigation against Teva Pharmaceuticals USA, Inc. and the related entities of Teva Pharmaceutical Industries Ltd., Arrow Pharm Malta Ltd., Actavis, LLC, and Actavis Pharma, Inc. on August 7, 2020. This action is docketed to Civil No. 20-10170. Thereafter, Humana sought and was granted leave to amend its complaint, adding as Defendants Hetero Labs, Ltd., Hetero Drugs, Ltd., Hetero USA Inc., Camber Pharmaceuticals, Inc., Aurobindo Pharma, Ltd.,

Aurobindo Pharma USA, Inc., Aurolife Pharma, LLC, Torrent Private Limited, Torrent Pharmaceuticals, Ltd., and Torrent Pharma, Inc. (collectively, the "Defendants"). (ECF No. 22 in Civil No. 20-10170.) Humana then unsuccessfully sought the agreement of the Defendants to stay all proceedings in this action pending the Court's ruling on a motion in the MDL to certify a class of economic loss plaintiffs, a class that presumably will include Humana. On June 16, 2021, Humana moved to stay all proceedings in Civil No. 20-10170 pending resolution of class certification issues concerning an economic loss master complaint in the MDL. (ECF No. 1321 in MDL No. 19-2875 and ECF No. 23 in No. 20-10170.) Briefing on the stay motion has been completed and oral argument via Zoom was conducted on January 7, 2022. At the conclusion of the argument, I stated that the motion to stay will be granted, and now provide the following reasons for granting the motion.

Ordinarily, the statute of limitations does not run against a party falling within the definition of putative class of plaintiffs, as does Humana here, while a class certification motion is pending. *See generally Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547–49 (1974). In this regard, a federal-court class action is "a truly representative suit designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions." *Id.* at 550. Those who fall within the

definition of the putative class are "parties to the suit until and unless they receive[] notice thereof and [choose] not to continue." *Id.* at 551. "Not until the existence and limits of the class have been established and notice of membership has been sent does a class member have any duty to take note of the suit or to exercise any responsibility with respect to it in order to profit from the eventual outcome of the case." *Id.* at 552.

Application of the holding in *American Pipe* to Humana, however, is complicated by the fact that its subsidiary, Humana Pharmaceuticals, Inc., was a named defendant in the original economic loss master complaint. (*See* ECF No. 398 at ¶¶ 110-11.) Although Humana Pharmaceuticals is no longer a named defendant in the latest iteration of Plaintiffs' proposed economic loss master complaint, Humana remains concerned that it may be prejudiced by the running of the statute of limitations given the fact that its subsidiary was a defendant when this action was brought. It seeks to minimize the inefficiencies and waste of scarce judicial resources resulting from duplicative litigation by staying all proceedings in the action that it brought and docketed to Civil No. 20-10170.

"It is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' *if there is 'even a fair possibility' that the stay would work damage on another party*." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075–76 (3d Cir. 1983) (citation omitted;

3

emphasis added). In this case, Defendants have made no showing that they will incur any harm by staying proceedings in the case brought by Humana. Indeed, Defendants are in the same position they would have occupied had Humana not brought a separate action because, absent the complication of its subsidiary originally being named a defendant, Humana could have awaited the outcome of the class certification motion before deciding whether to proceed as part of the class (if one is certified) or proceeding on its own, regardless of the outcome of the class certification motion. "Under these circumstances . . . staying this action pending resolution of class certification . . . promotes judicial economy and does not prejudice Defendants." *McDaniels v. Stewart*, 315CV05943BHSDWC, 2017 WL 132454, at *2 (W.D. Wash. Jan. 13, 2017).

Defendants' assertion that they are harmed by the delay in the pursuit of Humana's claims is belied by the fact that they did not seek discovery from Humana until after Humana moved to stay proceedings, almost one year after Humana brought its action. On the other hand, requiring Humana to engage in costly and extensive discovery while its status is uncertain (member of a class of plaintiffs vs. a plaintiff on its own) is unfair. "[T]he potential cost of discovery establishes a specific and substantiated risk of harm" that favors granting a stay of the proceedings. *Actelion Pharm. Ltd. v. Apotex Inc.*, CIV. 12-5743 NLH/AMD, 2013 WL 5524078, at *4 (D.N.J. Sept. 6, 2013).

Weighing the pertinent factors of "(1) the length of the requested stay; (2) the hardship the movant would face if the stay was not granted; (3) the injury that a stay would inflict on the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy," *Germann v. Watts Regulator Co.*, 1:15-CV-1037, 2015 WL 9182805, at *2 (M.D. Pa. Dec. 17, 2015), I conclude that a stay is warranted here. The stay is of limited duration, expiring upon resolution of the motion for class certification, and briefing on the motion is scheduled to be completed in May of this year. As noted above, Humana would incur significant burdens in terms of time and money if it must engage now in what may be unnecessary fact and expert witness discovery. There is no palpable injury to Defendants. And a stay will certainly serve the interests of judicial economy.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT** Humana's Motion to Stay Proceedings (ECF No. 1321 in MDL No. 19-2875 and ECF No. 23 in No. 20-10170) is **GRANTED.** All proceedings in No. 20-10170 are stayed until further Order of the Court. Any party may file objections to this Order within twenty-one days of the entry of this Order. *See* Fed. R. Civ. P. 53(f)(2).

s/ Thomas I. Vanaskie
Hon. Thomas I. Vanaskie (Ret.)
Special Master
