**GT GreenbergTraurig**

Victoria Davis Lockard
Tel 678.553.2100
Fax 678.553.2212
lockardv@gtlaw.com

January 10, 2022

**VIA ECF AND E-MAIL**

Hon. Thomas I. Vanaskie, Special Master
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

      Re:    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
              Case No. 1:19-md-02875-RBK-JS

Dear Special Master Vanaskie:

      Defendants respectfully submit this letter brief in support of their motion for additional time to depose two of Plaintiffs' seven class certification experts, John L. Quick and Rena Conti, Ph.D.[1] Mr. Quick offers opinions on *each* of the Manufacturer Defendants' specific compliance with current Good Manufacturing Practices (cGMPs) and the Federal Food Drug and Cosmetics Act (FDCA). *See generally* Exhibit A. His deposition is currently set for January 27, 2022. Dr. Conti offers damages opinions directed at the different classes of Defendants and utilizes complex damages calculations in reaching her opinions. *See generally* Exhibit B. Her report is extremely significant on the issue of class certification and potentially impacts every defendant individually. Accordingly, Defendants hereby **move the Court for an additional three (3) hours** to complete each deposition (for a total of ten (10) hours of deposition time for each witness).[2]

      Under Rule 30 of the Federal Rules of Civil Procedure, depositions (in even the most simple cases) may last for up to seven hours. *See* Fed. R. Civ. P. 30(d)(1). Understanding, however, that the complexities of a case may require a deposition to exceed the standard seven-hour time limit, Rule 30 requires courts to grant additional deposition time in certain circumstances to ensure a fair examination. "The court *must allow* additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent . . . ." Fed. R. Civ. P. 30(d)(1) (emphasis added). The

---

[1] Mr. Quick's Report has been filed on the docket at Dkt. 1748-4 and is attached hereto as Exhibit A. Dr. Conti's Report has been filed at Dkt. 1748-1 and is attached hereto as Exhibit B.

[2] Defendants' request for an additional three hours of deposition time for Mr. Quick and Dr. Conti is made subject to and without waiving Defendants' rights under Rule 30 to seek additional time for these witnesses if at the conclusion of their depositions Defendants believe additional time is needed to complete a fair examination of the witness.



Hon. Thomas I. Vanaskie, Special Master
Page 2

circumstances presented here justify at least an additional three hours to complete the depositions of Mr. Quick and Dr. Conti. Mr. Quick's opinions are *defendant-specific*, and his examination will require Defendants to explore each of his opinions against each of the manufacturer defendants, including the defendant-specific documents, facts, and assumptions upon which Mr. Quick relied in forming his opinions. Dr. Conti's report and attached substantive tables run 123 pages long and she purports to calculate, or be able to calculate, ▮▮▮▮▮▮▮▮ in damages applicable to nearly every one of the defendants in this MDL, at all levels of the supply chain. Basic fairness dictates that Defendants be afforded a full and fair opportunity to explore Dr. Conti's opinions impacting each of the Defendants at her deposition, currently scheduled for February 10, 2022. Defendants will make efforts to streamline questioning and limit the number of questioners where possible. Defendants' request for three additional hours to complete these depositions is reasonable in light of the circumstances and will ensure a fair examination sufficient to address the needs of each of the interested Defendants and consistent with the intent of Rule 30.

### *Precedent for Allowing Additional Deposition Time in This Litigation*

The Court has recognized throughout this action the complexities presented by this litigation and has historically allowed the parties time beyond the standard seven-hour time limit imposed by Rule 30 when necessary to allow the parties a meaningful deposition. During the depositions of the parties' general causation experts, as the Court no doubt recalls, the time limit for expert depositions was extended to ten hours. "[W]hen expert witness depositions have to be taken, the presumptive limit will be ten hours." *See* Transcript of Aug. 5, 2021 Case Management Conference, Dkt. 1473, at 14:22-23. In making that decision, the Court gave specific consideration to the number of defendants involved and the complexity and importance of the case. *See id.* at 23:22-25 ("[G]iven the complexity of the matter, given the importance of the matter, given the number of parties, especially the number of defendants in this case, I think that ten hours is reasonable and so ruled.").[3]

### *Good Cause for Allowing Defendants Three (3) Additional Hours to Depose John Quick*

As noted, the Court cited the complexity of the case, the importance of the case, the number of parties involved, and the number of defendants when granting Defendants' request for ten hours of deposition time for the general causation experts. *See* Dkt. 1473 at 23:22-25. In addition to these reasons deemed sufficient by the Court to establish good cause for more deposition time for the general causation experts—all factors which are still present at this stage in the case—the need for

---

[3] If more than ten hours were required, the Court provided that additional time would be granted for good cause shown. "[T]he limit on the deposition will be ten hours unless otherwise extended for good cause shown. I think the nature of this case, Mr. Slater, gives me sufficient basis for saying there is good cause here." *See* Dkt. 1473 at 14:13-17. In fact, in one instance, the Court allowed an additional three hours (*i.e.*, a total of thirteen hours of deposition time) given the special circumstances surrounding one of Plaintiffs' experts. *See* Dkt. 1590.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
Terminus 200 Building, 3333 Piedmont Road NE, 25th Floor ■ Atlanta, Georgia 30305 ■ Tel 678.553.2100 ■ Fax 78.553.2212



Hon. Thomas I. Vanaskie, Special Master
Page 3

additional time for Mr. Quick's deposition is further compounded by the particular, defendant-specific opinions he offers.

Unlike the general causation experts that offered opinions which applied broadly across defendants and classes of defendants, Mr. Quick's opinions here go beyond cGMPs generally and are much more targeted and specific to particular defendants. The obvious consequence is that Defendants will inevitably need to spend time exploring the issues unique to each manufacturer during the deposition. This will include Mr. Quick's opinions with respect to each manufacturer, the manufacturer-specific documents upon which Mr. Quick relied in formulating his opinions against each manufacturer, the organizational structure of each manufacturer as it relates to his criticisms of each manufacturer's practices, the policies of each manufacturer as it relates to his criticisms of each manufacturer's practices, and other topics unique to each manufacturer.

In his Report, Mr. Quick addresses each manufacturer's alleged failure to comply with cGMPs. *See* Exhibit A ¶¶ 103-186. Most of Mr. Quick's targeted criticisms—which Mr. Quick claims only represent "a small sampling of the cGMP violations that were observed at the Manufacturer Defendants' facilities" (*see id.* ¶ 187)—are not applicable to Defendants as a whole and to a large extent are not even applicable to multiple manufacturer defendants. The alleged shortcomings of one manufacturer's specific practices, policies, or organizational structure, for example, would not necessarily implicate another manufacturer defendant. Accordingly, each of Mr. Quick's defendant-specific opinions will need to be explored to ensure that each Defendant's interests are adequately protected.

> **In multi-party cases, the need for each party to examine the witness may warrant additional time**, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest. Similarly, should the lawyer for the witness want to examine the witness, that may require additional time. Finally, **with regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies**.

*See* Advisory Committee Notes to the 2000 Amendments of Rule 30(d) (emphasis added). As courts have noted, "the Federal Rules, including [Rule 30(d)], were crafted to serve the interests of justice and to allow for 'a fair examination of the deponent.'" *Moore v. CVS Corp.*, No. 7:04-cv-054, 2005 U.S. Dist. LEXIS 3798, *5, (W.D. Va. Mar. 11, 2005) (granting a defendant's request for three additional hours of deposition time in a two-defendant case to allow the defendant to address the claims against him after the other defendant exhausted over six hours of deposition time).

Here, a modest extension of three hours is appropriate given the wide-ranging nature of Mr. Quick's opinions. There are no fewer than eighty defendants in this litigation and six manufacturer defendants, all with related but distinct interests. It would be beyond difficult for



Hon. Thomas I. Vanaskie, Special Master
Page 4

Defendants to be able to conduct a thorough deposition of Mr. Quick in only seven hours and ensure that the distinct interests of each Defendant are protected. Accordingly, Defendants respectfully request that the Court grant their request for an additional three hours of deposition time for Mr. Quick (for a total of ten hours of deposition time) to allow Defendants a fair examination of Mr. Quick. "The court must allow additional time . . . if needed to fairly examine the deponent . . . ." Fed. R. Civ. P. 30(d)(1). *See also Independence Park Apartments v. United States*, 59 Fed. Cl. 765, 769 (2004) (granting additional time for pivotal expert deposition and noting that extra time must be given under the Rule where good cause is shown); *Boston Scientific Corp. v. Cordis Corp.*, No. 5:02-cv-1474 JW (RS), 2004 U.S. Dist. LEXIS 18098, **9-10 (N.D. Ca. Sept. 1, 2004) (recognizing the seven-hour limit may be exceeded where additional time is needed for a fair examination of the deponent).

### *Good Cause for Allowing Defendants Three (3) Additional Hours to Depose Dr. Conti*

Dr. Conti's report purports to support her opinion that class damages are calculable in the total amount of [REDACTED] against Manufacturers. *See* Exhibit B at ¶ 9. Dr. Conti also posits that Retailers are liable to the putative classes for a total amount of [REDACTED], depending on the theory of liability, with an individual calculation for each Retailer. *Id.* She does not offer a specific numerical damages calculation against Wholesalers, but she claims to be able to calculate unjust enrichment damages for each Defendant Wholesaler based on their individual profits if provided "the appropriate input data." *Id.* at ¶¶ 85-86. Defendants each need adequate time to probe the methodology and foundation Dr. Conti uses and relies upon to calculate these multiple sets of figures.

To support her damages calculations, Dr. Conti also opines that the valsartan at issue in this litigation had no economic value. *Id.* at ¶¶ 39-46. This novel opinion must be subjected to cross examination regarding its reliability, methodology, and the applicability of such an opinion across the class, including the variables that Dr. Conti has considered or omitted in reaching her opinion. Defendants have appointed a lead questioner to handle these types of questions generally, as applicable to all Defendants, and it is anticipated that general questioning of Dr. Conti will take up substantially all, if not all, of the standard seven hours of deposition questioning provided for by Fed. R. Civ. P. 30. As such, the necessary additional supply-chain-specific or defendant-specific questioning will require additional time beyond seven hours.

For example, counsel for the Retail Pharmacy Defendants and Wholesaler Defendants each may need to probe Dr. Conti's opinions, given the difference in how her "no value" opinion affects a standard negligence claim compared to an unjust enrichment claim. This is because Dr. Conti's opinions regarding unjust enrichment damages apply only to Retail Pharmacy Defendants and Wholesaler Defendants, and critically, are the only basis for Plaintiffs' request for class certification against Wholesaler Defendants. Similarly, Dr. Conti's opinions and complex calculations differ greatly between each level of the supply chain. Dr. Conti relies on different data to support her calculations for Manufacturers (IQVIA data) than she does for Retailers (pharmacy productions), which necessitates individualized questioning. She offers five different formulas to



Hon. Thomas I. Vanaskie, Special Master
Page 5

calculate unjust enrichment damages against the Wholesalers and Retailers. Indeed, even as between the Wholesalers and the Retail Pharmacy Defendants, Dr. Conti's methodology for calculating or proposing to calculate unjust enrichment damages varies. These differences must be explored at her deposition.

Finally, Defendants anticipate that specific, individual Defendants will ask Dr. Conti questions about her calculations of individual damages purportedly owed by each defendant. Dr. Conti purports to make defendant-specific calculations of damages, which are based on IQVIA data and documents produced by the eight Retail Pharmacies identified as defendants in the Economic Loss and Medical Monitoring Complaints. *See id.* Tables 1-3; Attachment B (citing as reliance materials data produced by different retail pharmacies). She attaches 89 pages of tables with claim-by-claim state and defendant subclass groupings with damages she purportedly calculated using a multi-faceted formula. *See id.* Attachments C-I. Given the potential magnitude of Dr. Conti's calculations, if credited by the Court, Defendants should be afforded full opportunity to ask Dr. Conti questions about her use of their data, and her calculations of their alleged liability, without being limited by the substantial amount of general and defense-tier-specific questioning that also needs to occur at Dr. Conti's deposition.

Therefore, pursuant to Fed. R. Civ. P. 30, Defendants respectfully submit, given the issues at stake, that an additional three hours of deposition questioning of Dr. Conti is necessary to afford all Defendants an opportunity to fairly examine Dr. Conti on her opinions and the bases for those opinions.

We appreciate the Court's consideration of this request.

Respectfully submitted,

Victoria Davis Lockard

cc:   Adam Slater, Esq. (*via email*, *for distribution to Plaintiffs' Counsel*)
      Jessica Priselac, Esq. (*via email*, *for distribution to Defendants' Counsel*)