# HONIK LLC
## 1515 Market Street, Suite 1100
## Philadelphia, PA 19102
## (267) 435-1300

**Attorneys**
Ruben Honik
David J. Stanoch, Of Counsel

January 14, 2022

*Via ECF* **[Redacted Version]**

Hon. Thomas I. Vanaskie, Special Master
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

    Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
       Case No. 1:19-md-02875-RBK-JS

Dear Special Master Vanaskie:

  The seven (7) hours of deposition testimony allotted to the Defendants under the Federal Rules of Civil Procedure for deposing Plaintiffs' Class Certification experts Dr. Conti and Mr. Quick are sufficient. Defendants should not be permitted to preemptively receive more time, without any kind of credible demonstration of need. This is especially so given that Defendants have not made any showing that they have made *any* effort amongst themselves already to try to coordinate and allot the time permitted for deposition under Federal Rule 30.

  **I.**  **Courts Adhere to Rule 30's Presumptive Limit of Seven Hours**

  There can be no dispute that Federal Rule of Civil Procedure 30 establishes a seven-hour limit for depositions. This limit applies to experts. Contrary to Defendants' insinuation, the seven-hour limit also applies in larger, complicated, or multi-party cases. *See, e.g.*, *Curtis v. Level Up, Inc.*, No. 20-cv-01873, 2021 WL 4947274, at *6 (D. Colo. Sept. 20, 2021) (18-count case against more than 13 defendants); *In re Zimmer ML Taper Hip Prosthesis or ML Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prods. Liab. Litig.*, MDL No. 2859, 2021 WL 363964, at *3 (S.D.N.Y. Feb. 3, 2021) (large, multi-party MDL). Defendants' request to enlarge the presumptive seven-hour limit also is expressly bound by Federal Rule 26(b)(1) & (2)'s general provisions concerning a court's obligation to ensure against discovery that is unduly burdensome, unreasonably cumulative, costly, disproportionate to the needs of the case or issue at hand, where a party has opportunity enough to explore the issue, or if it is harassing or vexatious. *See* Fed. R. Civ. P. 30(d)(1) (referencing Rule 26(b)(1) and (2)).

    *a.* *Defendants' Caselaw is Inapposite*

  Notably, none of Defendants' three cases involved any request for additional time to depose a *class certification* expert, who may be deposed a second time anyway at the merits stage. One of Defendants' cases involved the one and only deposition of the singular named plaintiff.

*Moore v. CVS Corp.*, No. 7:04-cv-054, 2005 WL 581357, at *2 (W.D. Va. Mar. 11, 2005). Another involved the deposition of an elderly lead inventor in Italy, who required an interpreter, in a deposition involving a patent case and a related case brought by an entirely different party, and where the inventor's counsel produced 800 additional documents in between the first and second days of the inventor's deposition. *Boston Scientific Corp. v. Cordis Corp.*, No. 5:02-cv-1474, 2004 WL 1945643, at *1-3 (N.D. Cal. Sept. 1, 2004). Defendants' final case is actually the only one that involved an expert deposition at all, and there the court allowed additional time between phases of a trial because the expert being deposed had issued a supplemental damages report in light of the verdict at the liability phase and after a remand and reinstatement of the original damages award. *Indep. Park Apts. v. United States*, 59 Fed. Cl. 765, 768-69 (2004). None of these situations come close to that here.

## II. Defendants Make No Showing That They Have Taken Any Efforts to Self-Coordinate

Defendants' raison d'étre for preemptively seeking more time to depose Dr. Conti and Mr. Quick is that different defendants *may* want to ask their own questions and they *may* want to focus on different aspects of these experts' reports. *See, e.g.*, Def. Ltr. at 4 ("Retail Pharmacy and Wholesaler Defendants each *may* need to probe . . . ") (emphasis added). Speculation or potential contingencies, however, do not establish the good cause necessary for the Court to depart from the seven-hour limit. It is incumbent on Defendants to demonstrate with particularity what they seek to achieve in the additional time requested and how that does not run afoul of Rule 26(b). They also must demonstrate the steps they have agreed to amongst themselves to ensure efficient, non-duplicative, non-overlapping questioning. *See, e.g.*, Fed. R. Civ. P. 30, Committee Notes on Rules – 2000 Amendments ("…duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest.").

Defendants have not carried their burden. Aside from a fleeting reference as to Dr. Conti (Def. Ltr. at 4), they do not specifically state that they have coordinated amongst themselves how they will allocate time, or how many questioners they will have, for the Quick and Conti depositions. *See, e.g.*, *Curtis*, 2021 WL 4947274, at *6 (refusing to allow multiple defendants more than seven hours of questioning with plaintiff's expert and requiring defendants to confer amongst themselves to split time and inform plaintiff of decision on same; absent agreement, the court would split time amongst defendants). Simply granting a lump reward of an extra three hours, untethered to issues or parties, does not comport with the dictates of Rules 26 and 30.[1]

## III. Defendants' Request is Premature

Plaintiffs have already said they will not reasonably end the depositions of Dr. Conti and Mr. Quick if Defendants genuinely require some additional time after seven hours. Yet, given that the depositions have yet to be completed, the Court and the parties are without a record on which to base the decision as to whether additional time is necessary to explore issues that Defendants did not have a fair opportunity to reach within the presumptive seven hours. Absent such record,

---

[1] Were the Court inclined to grant any extra time for these two expert depositions – which is not warranted here – the Court should require that Defendants agree to a specific allocation of time amongst themselves, as well as on a single questioner, and inform Plaintiffs of same one week prior to the depositions.

it cannot be said that three more hours is necessary. The Court should deny Defendants' request without prejudice to their ability to re-raise it after completing the depositions of Dr. Conti and Mr. Quick, so this Court can make an informed decision on whether Defendants appropriately and efficiently used their seven hours of allotted time. Because if they do not, then they should not be entitled to additional time.

### IV. Class Certification Experts Are *Not* Merits Experts

Throughout their entire letter, Defendants conveniently side-step the fact that that these are not merits reports (at which point Defendants will argue that they have another 7 hours to depose Dr. Conti and Mr. Quick). Dr. Conti's and Mr. Quick's current reports are in support of class certification, aimed solely at demonstrating the suitability of this case for class treatment pursuant to Rule 23. Indeed, the entirety of Defendants' letter appears to argue that the extra time they need is specifically to explore areas of inquiry which are more suitable for trial testimony and merits than it is for class certification. Defendants' attempt to convert the class certification inquiry into a full exploration of the underlying merits of the case is now even more obvious given the staggering nineteen (19) supposed "class certification" expert reports Defendants served upon Plaintiffs on January 12, 2022, many of which opine on merits-related issues without regard to the current posture of this case (*i.e.*, class certification). As set forth below, Mr. Quick's and Dr. Conti's current reports are relatively succinct and speak to Rule 23 issues, which when combined with the fact that merits reports are not yet due and these experts may be subject to deposition again at the merits stage, refute the existence of good cause for an additional three hours of deposition now.

#### a. Mr. Quick is Not Opining on the Ultimate Question of Whether Defendants' Conduct Violated cGMPs

As an example of the overbreadth and immateriality of a great many of these 19 expert reports to Rule 23 class certification issues, the ZHP, Mylan, Teva, Torrent, and Aurobindo Defendants have collectively served nine (9) expert reports to counter the Mr. Quick's Declaration's observations, and which seek to put forth opinions of the fulsomeness of each Defendant's own compliance and cGMP issues in a favorable light.[2] That is, Defendants appear to want to argue and prove now, at the class certification stage, that they will prevail on the merits as they relate to Defendants' cGMP compliance *vel non*.

This is procedurally improper. It also is inconsistent with tenor of Mr. Quick's report. Mr. Quick's Declaration merely asserts that issues of regulatory and cGMP compliance present as *common issues* subject to classwide adjudication. None of the nine (9) Defendant-specific experts nor any of the remaining ten (10) joint experts express any opinion that contradicts Mr. Quick's Declaration. As Mr. Quick stated in his Declaration, his observations were that regulatory and CGMP compliance "would have impacted all Valsartan product equally" and any examples of

---

[2] As one example of Defendants' wide-ranging inquiry on the fact-specific merits of the case, Teva's expert Steven Baertschi discusses the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Another Teva expert states that he has been asked to opine on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Defendants' respective CGMP failures were intended to be "demonstrative, and not exhaustive." Defendants should not get two bites at the apple through extensive merits-related questioning on a not-yet-submitted expert report; the Court should limit Mr. Quick's examination to the presumptive seven (7) hours on topics his Declaration actually addresses. Defendants will have another opportunity when Plaintiffs submit a merits expert report that exhaustively catalogues each Defendant's regulatory and cGMP failures that resulted in their VCDs' contamination or the failure to prevent and/or detect such contamination.

### b. Defendants Improperly Seek to Probe the Merits of Dr. Conti's Still-Forthcoming Ultimate Damages Calculations, Not the Uniform Methodology She Proposes at This Stage

Dr. Conti likewise is not being offered to provide a final merits-based opinion on the actual calculation of damages for each Defendant as would occur if, and when, Dr. Conti serves a merits report. For the purposes of Class Certification, Dr. Conti is merely opining that a common calculation can be done on a class-wide basis, using evidence common to the class. She uses the same approach, with the same evidence, as to each type of defendant. That she attaches exhibits to 'show her work' – e.g., different spreadsheets that apply the same approach, but for each different state or group of states (*see, e.g.*, Def. Ltr. at 5) – does not mean Defendants need more time to understand and explore her common approach as to each and every page of each and every spreadsheet. Consequently, Defendants' argument that they require additional time to probe her about the "defendant-specific calculations of damages" falls flat, as the methodology applied by Dr. Conti in conducting these calculations (for the purposes of demonstrating such calculations can be done), is exactly the same for the various Defendants and has not yet been presented in final form (as it will be in a merits opinion Dr. Conti submits later in the case).

## V. Wholesaler and Retail Pharmacy Defendants Do Not Require Additional Time Beyond the 7 Hours

Defendants also argue that they should be entitled to probe Dr. Conti and Mr. Quick for additional time because of the complexities of having different tiers of Defendants who, they argue, are situated differently. However, as Defendants' Class Certification Expert Reports now make clear, the various tiers of Defendants (Manufacturers, Wholesalers, and Retailers) are actually making a uniform challenge that have no distinction between the various entities in the overarching drug supply chain. That is, Retail Pharmacy and Wholesaler Defendants did not submit *any* class expert reports unique to them earlier this week; they join in the common defense expert reports shared amongst all Defendants. Moreover, much of the testimony Wholesaler and Retail Pharmacy Defendants claim they need separate and apart from other Defendants is actually completely outside the scope of the Expert's role, and appears to be an end-run to usurp the judge's role in determining matters of law.

### a. Manufacturer, Wholesaler and Retail Pharmacy Defendants Uniformly Challenge Dr. Conti's Opinion that the VCDs were Economically Worthless

Defendants' so-called "class certification" expert reports also belie their arguments as to why they should be entitled to addition time with Dr. Conti. For instance, Defendants argue they should be entitled to depose Dr. Conti for 10 hours because the Wholesalers, Retailers, and Manufacturers all require their own time to probe their own criticisms of Dr. Conti's opinion.

However, as is now made clear by the Defendants' expert reports, the reality is that the Defendants are uniformly and collectively challenging one specific aspect of Dr. Conti's opinion – that the drugs were economically worthless. This attack appears to be singularly focused on deposition testimony for the various class representatives about how they (laypeople) would describe the value of the drug, and makes absolutely no distinction based upon whether the Defendant is a Manufacturer, Wholesaler, or Retailer.

### b. *Wholesaler and Retail Pharmacy Defendants Are Seeking Extra Time to Depose Dr. Conti on Legal Questions, and not her Expert Opinions*

Moreover, as the Wholesaler and Retail Pharmacy Defendants preview in their own letter, they seek the additional time to depose Dr. Conti in order to probe her with questions that are absolutely outside the scope of her expert opinion, and manifestly inappropriate to be asking an expert. For instance, the Retail Pharmacy Defendants and Wholesaler Defendants claim they "each may need to probe Dr. Conti's opinion, given how her 'no value' opinion affects a standard negligence claim compared to an unjust enrichment claim." *See* Defs. Tr. at 4. Apart from being another example of the speculative nature of Defendants' request, Dr. Conti's opinion is that the drugs were economically worthless. The question of how this valuation applies to the law is a question for the Court to decide (and it has already provided significant guidance on that point), not Dr. Conti.

## VI. Conclusion

Defendants have made no showing that their preemptive request for additional time to depose Plaintiffs' damages and cGMP experts is anything but an obvious attempt to convert this class certification expert discovery process and turn it into a premature and prejudicial merits exploration. To allow Defendants additional time before such a showing is made is not only prejudicial to Plaintiffs (because it is obvious Defendants are seeking to inappropriately obtain testimony on merits opinions which have not yet been given), but also a waste of resources.

Plaintiffs respectfully asks that this Court deny the Defendants' request. The Defendants should be required to undertake necessary work to coordinate, avoid duplicative discovery, and attempt to take a 7-hour deposition. Once there is a full record showing that the Defendants have not engaged in duplicative, inappropriate, premature or objectionable questioning, Defendants can then make the requisite application for additional time.

Very truly yours,

Ruben Honik
HONIK LLC
1515 Market Street, Suite 1100
Philadelphia, PA 19102
267.435.1300
ruben@honiklaw.com

cc: Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)