# Duane Morris®

*FIRM and AFFILIATE OFFICES*

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
*E-MAIL:* SAGoldberg@duanemorris.com

www.duanemorris.com

January 17, 2022

**VIA ECF**

The Honorable Thomas Vanaskie
Special Discovery Master
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19102

      Re:    **In re Valsartan, Losartan, and Irbesartan Products Liability Litigation**
                 Case No. 1:19-md-02875-RBK-KW

Dear Judge Vanaskie:

This letter is to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on January 18, 2022. Defendants anticipate that discussion on Topic Number 3, the Parties' Outstanding Confidentiality Disputes, will concern confidential and restricted confidential information and Defendants therefore request a separate closed discussion on this topic.

**1.    Certain Defendants' Dismissal from Medical Monitoring Master Complaint.**

Two specific pharmacy defendants, Rite Aid and Walgreens, requested Plaintiffs dismiss them from the Medical Monitoring Master Complaint ("MMMC"), as Plaintiffs' recent voluntary

DuaneMorris

January 17, 2022
Page 2

dismissal of two putative class representatives means that no putative class representative alleges that he or she filled a valsartan prescription from those pharmacies. Today, Plaintiffs' Executive Committee agreed to the dismissal, and the parties expect to file dismissal paperwork, including a proposed order, forthwith.

**2.     Deposition Logistics for Plaintiffs' Class Certification Experts.**

Defendants seek the Court's guidance on several logistical issues related to the upcoming depositions of Plaintiffs' class certification experts, with specific emphasis on in-person attendance of defense counsel. The parties have exchanged emails, if not formally met and conferred, on each of these topics.

First, Plaintiffs' counsel has indicated that two of the expert witnesses – Ron Najafi on February 3rd and Laura Craft on February 9th – would like to be deposed remotely due to the current COVID-19 situation. Defendants responded and indicated that due to the fluidity of this situation, these preferences should be re-evaluated closer to the date of each deposition. (1/10/2022 Email Chain re: Najafi Deposition, attached as **Exhibit A**; 12/6/2021 – 1/5/2022 Email Chain re: Valsartan - Craft Deposition, attached as **Exhibit B**). Consistent with our position throughout this litigation, Defendants continue to prefer to conduct in-person depositions where the witness is comfortable appearing live with a limited number of participants and any other reasonable safeguards. Though Defendants will of course respect witnesses' preferences, given the rapidly-changing environment, with case counts already falling dramatically in parts of the country, Defendants request that the witnesses' preferences be assessed one week prior to each deposition to confirm whether the deposition can proceed in-person or if a remote deposition is required due

DuaneMorris

January 17, 2022
Page 3

to COVID-19 concerns. Additionally, should a witness prefer a remote deposition due to health-related concerns, counsel defending the deposition should also participate remotely.

Second, the Defendant-specific allegations made by certain of Plaintiffs' experts will likely require questioning by multiple defense counsel. The Court previously permitted in-person attendance by "up to but no more than three persons who have been vaccinated" during the general causation expert phase. *See* 08/05/2021 Hrg. Trans., at 6:9-13. Consistent with the parties' practice during the general causation expert phase, Defendants will adhere to the Court's guidance on limiting the number of attendees in the room at any one time. Defendants request confirmation, however, that the limitation on "three persons who have been vaccinated" allows defense counsel to change over the course of the deposition so long as no more than three vaccinated persons are present with the witness at any one time. As with the general causation experts, Defendants will work to streamline the questioning and handle background and general issues through a single lead questioner, but it is imperative that counsel for other Defendants have the option to examine these witnesses on behalf of their clients in the same manner as the lead questioner and explore Defendant-specific issues.

3. **The Parties' Outstanding Confidentiality Disputes**

   A. **The Status of the Parties' Ongoing Meet and Confer Efforts As To The Confidentiality Disputes Identified in SMO No. 58 (ECF No. 1826)**

In SMO No. 58 (ECF No. 1826, Dec. 20, 2021), Your Honor requested that the parties report on the status of their ongoing confidentiality disputes. *See* SMO No. 58 at 2. These include: (1) whether Plaintiffs agreed to accept the ZHP Parties' proposed redactions as to four (4) documents; (2) the ZHP Parties' position as to Plaintiffs' challenges to redactions on forty-five (45) documents "to determine whether an amicable compromise can be reached"; and (3) the

DuaneMorris

January 17, 2022
Page 4

parties' efforts to meet and confer with respect to the confidentiality designations for the deposition transcripts and exhibits of Lijie Wang and John Iozzia. *See id.*

Since December 20, 2021, the parties have reached the following results:

1. On January 14, 2022, Plaintiffs objected to the ZHP Parties' proposed redactions as to four (4) documents (ECF No. 826, Exhibits 24 and 39, and ECF No. 1189, Exhibits C and J) in light of what they perceive as the presumption of the public's right to access them as court records. The ZHP Parties are determining their positions with respect to whether to maintain their redactions as to these documents.

2. The ZHP Parties have agreed to de-designate five (5) documents to which they proposed redactions:

   a. ZHP00016118 (ECF No. 826, Ex. 9)

   b. ZHP00332358 (ECF No. 826, Ex. 10)

   c. ZHP0249183 (ECF No. 826, Ex. 13)

   d. ZHP00330625 (ECF No. 826, Ex. 48)

   e. SOLCO00033301 (ECF No. 1250, Ex. 9)

   f. The ZHP Parties are proposing revised redactions with respect to the remaining documents, and will provide Plaintiffs with their updated positions.

3. On January 14, 2022, Plaintiffs provided the ZHP Parties with their non-exhaustive objections as to the ZHP Parties' revised designations as to the transcript and exhibits for John Iozzia, and will provide the same as to the deposition transcript and exhibits for Lijie Wang shortly.

4. Following the parties' determinations as to the revised redactions referenced in Section 2(g) and 3, the parties will meet and confer to finalize their positions and identify any remaining disputes that cannot be resolved amicably.

We thank the Court for its courtesies and consideration, as well as the opportunity to resolve these disputes amicably, and will submit a follow-up report following the parties' meet and confer, as well as any outstanding disputes.

DuaneMorris

DuaneMorris

January 17, 2022
Page 5

### B. The ZHP Parties Seek to Maintain Their Confidentiality Documents for Eleven Documents Scheduled for Oral Argument on January 18, 2022

The ZHP Parties seek to maintain their confidentiality designations for eleven[1] documents (the "Challenged Documents") because they contain highly sensitive, non-public information that was designated in good faith pursuant to the parties' Confidentiality and Protective Order (ECF No. 139, amended ECF No. 1661) (the "Protective Order"), and fall into the categories of non-public information contained in the Court's May 24, 2021 order on the ZHP Parties' Motion to Seal (ECF No. 1269) ( the "May 24 Order").

#### 1. The Challenged Documents Contain Highly Sensitive Competitive Information Designated in Good Faith Under the Confidentiality and Protective Order

As described in the accompanying declarations of Dr. Min Li and Mi Xu, attached as **Exhibits C** and **D**, the Challenged Documents contain non-public commercial, financial, and proprietary information, which is believed in good faith by the ZHP Parties to have the potential, if disclosed, for causing significant competitive harm. This harm takes the form of: (1) wasted research and development costs; (2) enabling the ZHP Parties' competitors to undercut the ZHP Parties' prices as to specific customers and reduce the ZHP Parties' market share; (3) and damaged customer relationships, as well as litigation costs and contract damages for willfully breaching applicable confidentiality agreements.

---

[1] The ZHP Parties have agreed to de-designate the following additional three documents: ZHP01662332 (ECF No. 1250, Ex. 1); ZHP01633850 (ECF No. 1250, Ex. 2); and ZHP01458548 (ECF No. 1250, Ex. 3).

DuaneMorris

January 17, 2022
Page 6

The Protective Order permits the parties to designate documents as either "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION," consistent with the following criteria:

> "CONFIDENTIAL INFORMATION" … means all information produced by any party in the course of discovery or other proceedings in this case (electronic or otherwise) which is proprietary, trade secret and/or highly sensitive commercial information, and which is believed in good faith by the Producing Party to have the potential, if disclosed, for causing competitive harm to it or giving a competitive advantage to others, and/or which is not publicly available and which a party believes in good faith to be subject to federal, state, or foreign data protection laws or other similar privacy obligations imposed by law.
>
> ***
>
> "RESTRICTED CONFIDENTIAL INFORMATION" means Documents that a Party has designated as "RESTRICTED CONFIDENTIAL" in accordance with this Protective Order and includes Documents a Party reasonably believes contain, describe, identify, or refer to highly confidential commercial, business, financial, or competitive information including proprietary manufacturing and production information (including formulation); business and prospective marketing plans; trade secrets; customer lists; pricing, market share, product cost and projected sales data; data relating to mergers and acquisitions; other information of a highly sensitive nature about the Party, which is not publicly available, the disclosure of which could cause the Producing Party competitive harm . . .

(ECF. No. 1661, ¶¶ 9(B), (M)) (emphasis added).

The Challenged Documents reflect the ZHP Parties' sensitive commercial, manufacturing, pricing, project development and strategic development information. This is particularly true where, as here, the ZHP Parties are competitors not only with the other manufacturer defendants in this MDL, but also with companies not included in this MDL, in the highly competitive generic drug marketplace across multiple aspects of the business, including price, manufacturing and

DuaneMorris

January 17, 2022
Page 7

testing processes, business development strategy and future growth strategies. For this reason, and those set forth in the accompanying declarations, the interests weigh strongly in favor of retaining the confidentiality designation for these eleven documents.

> **2. The Challenged Documents Fall Into the Categories Identified in the Court's May 24 Order as Properly Confidential**

As demonstrated below, each of the Challenged Documents fall into five (5) categories of confidential information recognized by the Court in its comprehensive May 24 Order on the ZHP Parties' Motion to Seal.

**(a)** Five of the Challenged Documents (ECF No. 826, Ex. 49 and ECF No. 1250, Exs. 5, 16-17, 28) are internal drafts and/or information notes that were plainly not intended for public dissemination. *See* May 24 Order at 18-19 (granting motion to seal "internal meeting notes" not intended for public dissemination).

**(b)** Three of the Challenged Documents (ECF No. 1250, Ex. 6-8) discuss the ZHP Parties' pricing and business development strategies with respect to specific customers. *See id.* at 22 (granting motion to seal "communications … regarding ZHP's sales targets and forecasts … in light of the business and proprietary nature of the information contained in the communications.").

**(c)** One of the Challenged Documents (ECF No. 1189, Ex. X) discusses the ZHP Parties' development of test methods and strategies for nitrosamine impurities. S*ee id.* at 24-25 (granting motion to seal emails revealing testing methods and details where "disclosure will cause a clearly defined and serious injury to the party seeking closure") (citations omitted); *see also In re: Valsartan, Losartan and Irbesartan Prods. Liab. Litig.,* MDL No. 2875, Special Master Order No. 47 dated Oct. 8, 2021 at 2 (Vanaskie, J.) (denying Plaintiffs' request to de-designate as confidential documents concerning Teva's testing methods and costs where "Teva demonstrated that this information is not shared with its competitors and is regarded as having economic significance.") (ECF No. 1616).

**(d)** One of the Challenged Documents (ECF No. 1189, Ex. CC) discusses the ZHP Parties' proprietary manufacturing and quality control procedures ((*see id.* at 18-19) (granting motion to seal notes regarding the ZHP's API process optimization strategies where disclosure "would result in significant

DuaneMorris

January 17, 2022
Page 8

        competitive harm by allowing [competitors] to benefit from ZHP's proprietary research and development."

**(e)**    One of the Challenged Documents (ECF No. 1250, Ex. 20) contains non-public communications with the ZHP Parties' customer that are subject to a confidentiality agreement restricting their dissemination without prior authorization or a court order. *See id.* at 9-10 (granting motion to seal supplier report subject to a confidentiality agreement where "the third party's designation of the document as confidential coupled with ZHP's representation that disclosure would harm its relationship with the third party suffice to overcome the presumption of public access.").

For all of the reasons set forth herein and that will be addressed during the scheduled oral argument, the ZHP Parties maintain their good faith designations for these documents. The Challenged Documents contain highly sensitive, non-public information and were designated consistent with the Court's guidance and should be upheld.

**4.**    **Plaintiffs' requested sanctions against ZHP under SMO 56.**

In accordance with the joint status report dated January 11, 2022, ZHP will be submitting the issues that Plaintiffs and ZHP were unable to resolve during the meet and confer process to Your Honor, in writing, by noon on January 18, 2022.

        Respectfully submitted,

        */s/ Seth A. Goldberg*

        Seth A. Goldberg

cc:    Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
        Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
        Sarah Johnston, Esq. (*via email*)
        Jeffrey Geoppinger, Esq. (*via email*)
        Lori G. Cohen, Esq. (*via email*)

DuaneMorris

January 17, 2022
Page 9

    Clem C. Trischler, Esq. (*via email*)

Case 1:19-md-02875-RMB-SAK   Document 1873   Filed 01/17/22   Page 9 of 9 PageID: 56972

January 17, 2022
Page 9