# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Thomas I. Vanaskie (Ret.), Magistrate Judge |

## DECLARATION OF MI XU

1. I am Associate Vice President with Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), formerly Senior Director, with responsibility for ZHP's European API markets, generic accounts, and market development.

2. I submit this declaration in support of maintaining as confidential certain documents produced by Defendants Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), Prinston Pharmaceutical Inc. ("Prinston"), Huahai U.S. Inc. ("Huahai U.S.") and Solco Healthcare U.S., LLC ("Solco", and collectively with ZHP, Huahai U.S., and Prinston, "the ZHP Parties").

3. I state that I have reviewed each of the below documents Plaintiffs intended to file as respectively Exhibit 49 to ECF No. 826, Exhibit CC to ECF No. 1189, and Exhibits 5-8, 16-17, 20, and 28 to ECF No. 1250, and that this declaration is made on the basis of my personal knowledge.

4. **ZHP02500007 (ECF No. 826, Ex. 49)** (designated "RESTRICTED CONFIDENTIAL INFORMATION"): This document is an undated draft of a confidential settlement agreement and release (the "Draft Agreement") between the ZHP Parties and their customer, Teva Pharmaceutical Industries Ltd. ("Teva"), which appears to have been generated in

2019. The Draft Agreement contains non-public information about the parties' business relationship, which would be of significant competitive value to the ZHP Parties' direct competitors if disclosed. Moreover, the parties intended to restrict the dissemination of this document by calling it a "Confidential Settlement Agreement" and providing that "the existence of this Agreement, the terms of this Agreement, and the negotiations leading up to this Agreement shall remain **strictly confidential, and the Parties shall not disclose the existence, negotiations or terms of the Agreement except as specifically provided herein**." (emphasis added). Any disclosure of the Draft Agreement without prior authorization by the parties thereto would jeopardize the ZHP Parties' relationship with its customer and be considered a breach of the terms of the Draft Agreement. The document also bears a "draft" stamp on each page of the document, and contains internal comments and revisions by the ZHP Parties, which were not intended for dissemination to third parties.

    5.    **ZHP02324745 (ECF No. 1189, Ex. CC)** (designated "RESTRICTED CONFIDENTIAL INFORMATION"): This document is an excerpt from the final joint inspection report dated September 11, 2018 of the ZHP Parties' Chuannan and Xunqiao facilities prepared by the European Medical Association (the "EMA") and the European Directorate for the Quality of Medicines & HealthCare (the "EDQM"). The document was prepared following the EMA and EDQM's assessment of the ZHP Parties' corrective action plan, and summarizes their review of documents provided by the ZHP Parties, including investigation reports and standard operating procedures. It contains confidential, competitively sensitive information regarding the ZHP Parties' proprietary manufacturing, quality control, and testing procedures. Disclosure of this information to the ZHP Parties' direct competitors, many of whom are defendants in this litigation, would result

2

in competitive harm by providing them with an overview of ZHP's internal procedures and allowing them to capitalize on any perceived deficiencies..

6. **ZHP02579748** (ECF No. 1250, Ex. 5) (designated "RESTRICTED CONFIDENTIAL INFORMATION"): This document is an internal summary of the ZHP Parties' API process improvement meetings, which were conducted on November 1 and 8, 2013. The summary contains confidential information relating to ongoing project costs and calculations, which are highly confidential and competitively sensitive, and were not intended for dissemination to third parties. Furthermore, the disclosure of this information to the ZHP Parties' direct competitors would cause significant competitive harm to the ZHP Parties.

7. **SOLCO00012089** (ECF No. 1250, Ex. 6) (designated "RESTRICTED CONFIDENTIAL INFORMATION"): This document consists of emails between Solco's Vice President of Marketing and Business Development, Chris Keith, and Solco's President, Hai Wang, dated April 25, 2017, regarding Solco's bid analysis for Valsartan HCTZ. The emails contain non-public information regarding Solco's bidding strategies as to specific customers, as well as its analysis of IMS data relating to Solco's market share. Solco's pricing strategies and market analyses are highly confidential and commercially sensitive, the disclosure of which would result in significant competitive harm to Solco by allowing its direct competitors (many of whom are parties to this litigation) to understand and undercut Solco's pricing strategies with respect to the identified customers, and reap the benefit of Solco's market analysis.

8. **SOLCO00189499** (ECF No. 1250, Ex. 7) (designated "RESTRICTED CONFIDENTIAL INFORMATION"): This document consists of emails between ZHP's Executive Vice President, Jun Du, and Solco employees in March 2016 regarding Solco's sales performance. The emails, which were not intended for dissemination outside of the company,

3

contain highly confidential, competitively sensitive information regarding Solco's pricing strategies, sales and marketing data, and information regarding Solco's inventory management and potential backorders. If disclosed, this information would result in significant competitive harm to Solco by allowing its direct competitors (many of whom are parties to this litigation) to replicate or undercut Solco's pricing and inventory management strategies, while reaping the benefit of Solco's sales and marketing data.

9. **SOLCO00025179 (ECF No. 1250, Ex. 8)** (designated "RESTRICTED CONFIDENTIAL INFORMATION"): This document consists of emails between Hai Wang and ZHP's President and General Manager, Baohua Chen, in June 2017 regarding the ZHP Parties' pricing strategies and market analysis. These emails, which were internal to the ZHP Parties, and not intended for external dissemination, disclose confidential and competitively sensitive information regarding the ZHP Parties' pricing strategies as to specific customers. If disclosed, this information would result in significant competitive harm to the ZHP Parties' by allowing its direct competitors (many of whom are parties to this litigation) to replicate or undercut the ZHP Parties' pricing strategies, and reap the benefit of the ZHP Parties' proprietary market analysis.

10. **ZHP02385482 (ECF No. 1250, Ex. 16)** (designated "RESTRICTED CONFIDENTIAL INFORMATION"): This document is an undated OneNote file that contains internal notes plainly not intended for public dissemination regarding various topics, including the ZHP Parties' 2019 budget and development strategies as to a project referred to as "Bro-OTBN." Informal or draft information regarding the ZHP Parties' budgets as to various projects is highly confidential and competitively sensitive. If disclosed, this information would result in significant competitive harm to the ZHP Parties' by allowing its direct competitors (many of whom are parties

4

to this litigation) to replicate or undercut the ZHP Parties' strategies, and reap the benefit of the ZHP Parties' proprietary and internal financial analyses.

11. **ZHP01423197 (ECF No. 1250, Ex. 17)** (designated "RESTRICTED CONFIDENTIAL INFORMATION"): This document is an unsigned, undated draft of a letter that purports to be from ZHP President/General Manager Chen, to Dr. Keitel of the EDQM. The draft concerns a proposed meeting with the EDQM, and contains an update as to the ZHP Parties' investigation into the nitrosamine impurity in valsartan and subsequent corrective actions. There is no indication that this draft originated from President Chen, or that it was ever finalized, let alone disseminated externally. Moreover, the draft contains commercially sensitive, nonpublic information relating to the ZHP Parties' testing of products besides valsartan, as well as the ZHP Parties' internal risk assessment procedures. Disclosure of this information to the ZHP Parties' direct competitors—many of whom are defendants in this litigation—would result in competitive harm by providing them with an overview of ZHP's proprietary testing and risk assessment procedures.

12. **ZHP01224767 (ECF No. 1250, Ex. 20)** (designated "**Confidential Information**"): These documents consist of emails from August 2019 between the ZHP Parties and LCM Trading S.p.A. ("LCM"), an agent and distributor of the ZHP Parties' customer, Menarini Manufacturing Logistics and Services s.r.l. ("Menarini") regarding proposed meetings to discuss the ZHP Parties' valsartan products. These communications were made pursuant to trade secrecy and mutual confidentiality agreements between the ZHP Parties and LCM/Menarini, which designate the receipt of all information from Menarini relating to valsartan as "strictly confidential" and prohibit the disclosure of such information without prior authorization to any third party for a period of ten (10) years, starting from the date of the receipt of the information.

5

The deliberate disclosure of these communications, without prior authorization from Menarini, would subject the ZHP Parties to liability for breach of the agreements in Italy, authorizing Menarini to commence legal proceedings in order to protect its information, and resulting in significant financial harm to the ZHP Parties in the form of litigation costs and contract damages.

13.  **ZHP02666849 (ECF No. 1250, Ex. 28)** (designated "RESTRICTED CONFIDENTIAL INFORMATION"): This document is an undated internal document containing notes from several meetings in May 2019 regarding customer satisfaction issues. The document describes the ZHP Parties' material cost calculations; production, packaging, and processing costs; and pricing for individual customers. There is no indication that this document was ever finalized or disseminated externally. Because the document reveals customer pricing information and material cost calculations, the disclosure of this information to the ZHP Parties' direct competitors would cause significant competitive harm by providing such confidential information to the ZHP Parties' direct competitors.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT TO THE BEST OF MY KNOWLEDGE THE FOREGOING IS TRUE AND CORRECT.

Executed on January 17, 2022 in ___Linhai___ (city), ___China___ (state).

_____, Declarant