# Duane Morris®

*FIRM and AFFILIATE OFFICES*

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
AUSTIN
HANOI
HO CHI MINH CITY

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO
AND SRI LANKA

SETH A. GOLDBERG
DIRECT DIAL: +1 215 979 1175
PERSONAL FAX: +1 215 689 2198
E-MAIL: SAGoldberg@duanemorris.com

www.duanemorris.com

January 18, 2022

VIA ECF

The Honorable Thomas I. Vanaskie,
Special Master
Stevens & Lee, P.C.
1500 Market Street
East Tower, Suite 1800
Philadelphia, PA  19102

> Re: ***In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*, MDL 2875, ZHP's Update on Efforts to Implement Special Master Order No. 56**

Dear Judge Vanaskie:

We write on behalf of ZHP to provide the Court with a report on the progress of the parties' discussions regarding the additional discovery ZHP will provide under Special Master Order No. 56 ("SMO 56" or "Order"), and to request the Court's guidance with respect to three related issues the parties have been unable to resolve: (i) the length of the additional 30(b)(6) deposition testimony ZHP will be providing under the Order; (ii) the exhibits to be introduced during such additional testimony; and (iii) the date such additional testimony should be provided.

DUANE MORRIS LLP
30 SOUTH 17TH STREET   PHILADELPHIA, PA 19103-4196                    PHONE: +1 215 979 1000   FAX: +1 215 979 1020

DuaneMorris

The Hon. Thomas I. Vanaskie, Special Master
January 18, 2022
Page 2

I. **The Scope of the 30(b)(6) Testimony to be Provided Under SMO 56 is Limited.**

As Your Honor will recall, SMO 56 directs ZHP to provide additional information that is responsive to the specific matters set forth in 24 excerpts[1] of testimony from the depositions of Peng Dong, Min Li, Eric Gu, and Linda Lin. *See* Dkt. 1811 at 20. Specifically, the Order states that ZHP may produce a "knowledgeable person . . . to provide a direct response to the matters covered in [these] excerpts" in response "to straightforward questions," or ZHP may "admit facts covered by" those excerpts. *See* Dkt. 1811 at 20. The Order further states that any additional testimony the ZHP Parties provide shall be limited to the *"specific matters"* set forth in the 24 excerpts. *Id.*

The "Specific Matters" presented in the questions in the 24 excerpts (*see* Attachment A to Exhibit 1) are, as follows:

- Specific Matter #1: ZHP's evaluation and knowledge of the health risks of NDMA or NDEA. *See* Min Li Excerpts 2-11, 15-16.

- Specific Matter #2: ZHP's risk assessment regarding the zinc chloride process change and the solvent DMF, if any, in connection with the change to the zinc chloride process in 2011. *See* Peng Dong Excerpts 4 and Eric Gu Excerpts 2-7.

- Specific Matter #3: The "Explanation Section" and "Section 3" of ZHP 195 at the pages bates labeled ZHP01843067-70. *See* Peng Dong Excerpts 1-3.

- Specific Matter #4: Whether ZHP knew on July 27, 2017, that when valsartan was quenched with sodium nitrite NDMA could be formed. *See* Min Li Excerpt 12.

- Specific Matter #5: ZHP's understanding of the meaning of the term "adulterated." *See* Linda Lin Excerpt 9.

---

[1] The page and line citations for the 24 excerpts of deposition testimony are set forth in Attachment A to Exhibit 1 to this letter. They are each referred to by the numbering set forth in SMO 56, such as Peng Dong Excerpt 1, Peng Dong Excerpt 2, and so on.

DuaneMorris

The Hon. Thomas I. Vanaskie, Special Master
January 18, 2022
Page 3

      SMO 56 is unambiguous in limiting the scope of the additional testimony to be provided thereunder. Rather than provide Plaintiffs with a complete "do-over" on entire 30(b)(6) topics, as Plaintiffs apparently believe is the case, SMO 56 directs Plaintiffs to ask "straightforward questions" and ZHP to provide "direct responses" regarding the Specific Matters reflected in the 24 excerpts. The ZHP Parties have already provided more than 100 hours of 30(b)(6) testimony (not inclusive of translation time) covering thousands of questions and answers regarding Plaintiffs fifty-nine 30(b)(6) topics, and Plaintiffs never claimed that any witness was unprepared to cover one of its 30(b)(6) topics, or that Plaintiffs were somehow prevented from covering such a topic adequately. Thus, SMO 56 solely affords Plaintiffs the opportunity to obtain "direct responses" to "straightforward questions" that Plaintiffs were unable to obtain due to the specific responses the Court found wanting.

      This limitation is important because, in originally setting the length of each of the ten 30(b)(6) depositions previously ordered, Judge Schneider was guided by the number and scope of entire 30(b)(6) topics, not specific facts Plaintiffs might try to establish or lines of questioning Plaintiffs might ask in exploring those topics. For example, Judge Schneider ordered that Lijie Wang would provide up to seven hours of 30(b)(6) testimony on seven 30(b)(6) topics. *See* Dkt. 743 (setting deposition time limits, including limit of one day for Lijie Wang's testimony); Dkt. 730-7 (ZHP's Disclosure of 30(b)(6) witnesses for certain topics, including designation of Lijie Wang for seven 30(b)(6) topics).

      Juxtaposing the limited scope of the additional testimony directed under SMO 56 with the length of time Judge Schneider ordered for testimony regarding entire 30(b)(6) topics, its seems plain that SMO 56 was not intended to provide Plaintiffs with yet <u>another</u> full seven-hour

DuaneMorris

The Hon. Thomas I. Vanaskie, Special Master
January 18, 2022
Page 4

deposition. Instead, SMO 56 appears intended to provide Plaintiffs with no more than the time required to obtain "direct responses" to "straightforward questions" regarding the five Specific Matters reflected in the questions asked in the 24 excerpts at issue.

**II.     Plaintiffs Nonetheless Now Insist on Seven Hours of Additional Testimony Under SMO 56.**

In a letter dated December 17, 2021, ZHP informed Plaintiffs that it had elected to provide additional testimony on the Specific Matters under the Order, and proposed a framework for such additional testimony. *See* Exhibit 1. Given that, in total, the duration of the 24 excerpts at issue was only approximately 40 minutes (inclusive of translation time) during the original depositions, ZHP nonetheless proposed up to 60 minutes of additional deposition testimony, plus 75% for translation, and ZHP proposed Plaintiffs be limited to introducing only those exhibits that were introduced during the 24 excerpts at issue. *See id*.

In a letter dated January 3, 2022, Plaintiffs flatly rejected this proposal, insisting that they could not be limited to less than a seven-hour deposition, plus 75% for translation time, nor could they be limited to introducing the certain exhibits introduced during the 24 excerpts. *See* Exhibit 2. Importantly, due to time zone differences, the parties have adopted the practice of conducting five-hour deposition days, from 7:00 p.m. to 12:00 a.m. Eastern time, or 7:00 a.m. to 12:00 p.m. Shanghai time, for Chinese witnesses who travel to Macao to be deposed. Thus, a seven-hour deposition that requires 75% more time due to translation, totaling 12 hours and 15 minutes, must be conducted over three separate deposition days.

In an attempt to reach a compromise in order to put this issue to rest, during a meet and confer on January 10, 2022, ZHP proposed "meeting in the middle" of ZHP's original proposal of

DuaneMorris

The Hon. Thomas I. Vanaskie, Special Master
January 18, 2022
Page 5

60 minutes, and Plaintiffs' counter-proposal of seven hours, and offered Plaintiffs up to three and a half hours of additional testimony under SMO 56.[2] *See* Exhibit 3 (email memorializing ZHP offer post-meet and confer). As ZHP noted, the additional time, plus 75% for translation, would correspond to an *entire day* of testimony under the above protocol for the deposition of a Chinese witnesses traveling to Macao to be deposed.

In addition, rather than be limited to the exhibits previously introduced during the 24 excerpts, which ZHP maintains would be appropriate under SMO 56, ZHP proposed that Plaintiffs provide ZHP with advance notice of any additional documents they intended to introduce as exhibits during the additional testimony in order to enhance the efficiency of the deposition by affording ZHP the opportunity to prepare to testify about those exhibits. Given the vast amount of work the parties must complete over the next few months with respect to Plaintiffs' class certification motion, ZHP also suggested the additional testimony be provided in late April or early May.

During a meet and confer on January 14, 2022, Plaintiffs flatly rejected ZHP's revised proposal, again insisting that they could not be limited to less than a seven-hour deposition, plus

---

[2] During this meet and confer, ZHP informed Plaintiffs that the witness who will provide the additional testimony will likely be Jucai Ge, ZHP's Quality Assurance Director of the API Division, who has already provided 18.4 hours of 30(b)(6) testimony in this case (*see* Dkt. 743, ordering 1.5 days for Jacie [sic] Ge), inclusive of translation time, and who, as with her previous testimony, will be required to obtain a travel permit to leave China in order to be deposed. As ZHP has informed Plaintiffs, should Ms. Jucai be unavailable for the additional testimony for some reason, such as COVID-19 or the denial of her travel permit, Linda Lin, ZHP's Regulatory Affairs Director, may be a back-up. Ms. Lin previously provided 18.4 hours of 30(b)(6) testimony in this matter (see Dkt. 743, ordering 1.5 days for Linda Liu [sic]), inclusive of translation time, and like Ms. Jucai, would be required to obtain a travel permit to leave China in order to provide additional testimony.

DuaneMorris

The Hon. Thomas I. Vanaskie, Special Master
January 18, 2022
Page 6

75% for translation time, nor could they be limited to introducing the certain exhibits introduced during the 24 excerpts. This would be as much in "additional time" for questioning on the Specific Matters as Judge Schneider had originally authorized for Lijie Wang's seven-hour 30(b)(6) deposition on seven 30(b)(6) topics in full. Plaintiffs also insisted that the deposition be conducted in late February or early March but provided no basis for such demand.

### III. The Parameters for the Additional Testimony Should Reflect the Limited Scope Directed Under SMO 56.

As set forth below, three and a half hours of testimony, plus 75% for translation, *i.e.*, an entire deposition day under the protocols previously established, and the re-introduction of only those exhibits introducing during the 24 excerpts at issue corresponds to the Court's objective of providing Plaintiffs with the opportunity to obtain "direct responses" to "straightforward questions" on the Specific Matters. Accordingly, ZHP respectfully requests that the Court order that (1) the duration of the additional testimony should be up to five hours, inclusive of translation time; (2) Plaintiffs should introduce only those exhibits previously introduced in connection with the at-issue excerpts; and (3) the deposition shall occur after the completion of class certification briefing in late April or early May.

#### A. The Duration of the Additional Testimony

The duration of the testimony set forth in the 24 excerpts for which ZHP will offer additional testimony totaled only approximately **40 minutes**, *inclusive of translation time*. The entire "deposition day" of testimony, *i.e.*, five hours of deposition time, inclusive of translation time, ZHP has proposed should be more than sufficient to provide Plaintiffs with the opportunity to ask "straightforward questions" and obtain "direct responses" regarding the five Specific

DuaneMorris

The Hon. Thomas I. Vanaskie, Special Master
January 18, 2022
Page 7

Matters, plus ample follow up questions. Given that, under Judge Schneider's previous rulings, Plaintiffs were required to cover multiple 30(b)(6) topics in a seven-hour deposition, their claim to needing seven hours for the limited additional testimony under SMO 56, which is focused on specific facts, not entire 30(b)(6) topics, is not supportable. Moreover, by limiting the additional testimony to one five-hour session, as opposed to the seven hours Plaintiffs insist upon, the witness and the parties will not be saddled with three separate deposition days to complete the additional testimony. Thus, ZHP requests the Court order the additional testimony to be for up to five hours, inclusive of translation time.

        **B.**      **<u>Exhibits to be Introduced During the Additional Testimony</u>**

Plaintiffs have never claimed, nor could they, that they were ever prevented from introducing any documents as exhibits during any ZHP Party depositions. During some of the 24 excerpts at issue, Plaintiffs asked questions based on or about certain documents introduced as exhibits. *See* Exhibit 1 at p. 3 (listing exhibit used in connection with each at-issue excerpt). In issuing SMO 56, the Court deemed the answers in the 24 excerpts regarding those exhibits deficient, and has sought to afford Plaintiffs the opportunity to obtain "direct responses" to "straightforward questions" about those Specific Matters at issue in the 24 excerpts. Limiting Plaintiffs to re-introducing only those exhibits introduced during the 24 excerpts, where they were never prevented from introducing any other exhibits at the original depositions, would correspond to the limited scope of testimony directed under SMO 56. However, in the event the Court permits Plaintiffs to introduce additional deposition exhibits, ZHP requests the Court order Plaintiffs to identify those exhibits in advance of the additional testimony to enhance the efficiency of the

DuaneMorris

The Hon. Thomas I. Vanaskie, Special Master
January 18, 2022
Page 8

deposition by affording the witness an opportunity to prepare to answer questions about those exhibits.[3]

### C. Timeframe for the Additional Testimony

By March 10, the parties must complete the depositions of Plaintiffs' seven class certification experts and Defendants' ten joint class certification experts. Just 12 days later, on March 22, Defendants must file their responses to Plaintiffs' three class certification motions. Then, less than one month later, on April 12, the parties must file any Rule 702 challenges as to any of the class certification experts, and that briefing does not conclude until May 25. Clearly, there is a significant amount of work to be completed by the parties over the next few months.

Further, given the rising number of COVID cases in China, there are travel restrictions within regions in China that any witness will need to contend with in order to travel to Macao. *See* https://www.cnn.com/travel/article/china-travel-covid-19/index.html (discussing regional tourism suspension and lockdown in at least one province, noting that every COVID variant has caused regional lockdowns in China). In addition, ZHP will need time to request and obtain the required travel permit in order for its witness to leave China, and the Chinese New Year occurs from Tuesday, February 1, 2022 through Tuesday, February 15, 2022.

Plaintiffs have not presented any basis for insisting the additional deposition testimony be provided in late February or early March. There is no claim that this additional testimony will be relevant to any of the general causation Rule 702 issues that may heard by Judge Kugler in late

---

[3] Given the parties' previous disputes regarding Chinese documents requiring translation, such advance notice would permit the translation of documents written in Chinese prior to the deposition, which could avoid further disputes regarding untranslated documents.

DuaneMorris

The Hon. Thomas I. Vanaskie, Special Master
January 18, 2022
Page 9

February or early March, nor is there any claim that this additional testimony would have any bearing on any of the class certification issues that are on the Court's calendar between now and April.  *See* CMO 23 at Dkt. 863, as revised at Dkt. 1679.  Accordingly, ZHP requests that the additional testimony under SMO 56 be scheduled in the late April to early May timeframe.

Respectfully submitted,

Seth A. Goldberg

SAG
Enclosures