# EXHIBIT 2

# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

| | |
|---|---|
| David A. Mazie* | Karen G. Kelsen° |
| Adam M. Slater*° | Adam M. Epstein° |
| Eric D. Katz*° | Cory J. Rothbort*° |
| David M. Freeman | Michael R. Griffith° |
| Beth G. Baldinger | Christopher J. Geddis |
| Matthew R. Mendelsohn° | Samuel G. Wildman |
| David M. Estes | Julia S. Slater° |
| | Trevor D. Dickson |

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

January 3, 2022

**<u>VIA EMAIL</u>**
SAGoldberg@duanemorris.com
Seth A. Goldberg, Esq.
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196

    RE: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation,*
       **No. 1:19-md-02875**

Dear Mr. Goldberg:

  I am writing pursuant to Special Master Report and Order No. 56, and in follow up to the meet and confer on December 20, 2021.

  First, with regard to your apparent decision to produce a 30(b)(6) witness or witnesses to answer questions per the Order, rather than conceding that the questions should be admitted, please advise as to which witness or witnesses will be provided to answer each question at issue.  Please also advise as to your proposal for the scheduling of that deposition or those depositions.

  Second, in order to ensure that we are all on the same page, Plaintiffs read the Order to require answers to the following excerpts as listed in the Order:

  Peng Dong: excerpts 1-4
  Min Li:  excerpts 1-12, 15-16
  Eric Gu:  excerpts 2-7
  Linda Lin: excerpts 6-7, 9

Please confirm whether you agree with this list, and if not, what you disagree with.

Seth A. Goldberg, Esq.
Duane Morris LLP
January 3, 2022
Page 2

  Third, you proposed a total time of one hour (potentially extended if an interpreter(s) is/are needed) to be allocated between topics and any time not used on a topic would be forfeited. We do not agree that is a reasonable approach. The Order does not provide for time limits, and we believe that the imposition of the obviously inadequate parameters you suggested are intended to prejudice Plaintiffs' ability to conduct the questioning provided by the Order. Moreover, imposition of such time limits will inject unnecessary artificial pressure on the Parties. Plaintiffs cannot contemplate what the witnesses will say in response to the questions at issue, which address significant subjects in this case, and do not agree with your apparent understanding that follow-up questions are not permitted.

  The improper objections and evasive, non-responsive testimony identified in the Order, which the Special Master found to have impeded the fair examination of the witnesses, has been sanctioned. Plaintiffs do not believe the Court envisioned a remedy that would benefit ZHP by restricting Plaintiffs' questioning through artificial and arbitrary time limits. If you insist that a time limit should be imposed, we propose the standard 7-hour time limit for a deposition. Plaintiffs do not expect that 7 hours will be needed, and do not want to spend more time on this process than is necessary. Plaintiffs hope that direct responsive testimony will be provided such that the questioning can be conducted efficiently and reasonably.

  Please advise of your responses to the points in this letter, and let us know if you would like to meet and confer further.

  Thank you for your attention to this matter.

              Very Truly Yours,

              Adam M. Slater