# EXHIBIT 3

| | |
|---|---|
| **From:** | Priselac, Jessica |
| **Sent:** | Tuesday, January 11, 2022 5:55 PM |
| **To:** | Adam Slater |
| **Cc:** | Christopher Geddis; Hill, Coleen W.; Layne Hilton; George T. Williamson; Goldberg, Seth A. |
| **Subject:** | RE: Valsartan MDL: SMO #56 |

Adam,

Following up on yesterday's meet and confer, and in anticipation of Friday's call, I'm writing to summarize the progress we've made so far as well as the issues that we are stilling trying to resolve.

- We informed you of our intention to have Jucai Ge provide the additional deposition testimony as a 30(b)(6) witness for all excerpts at issue, and to likely have Linda Lin as a back-up 30(b)(6) witness if Jucai Ge is unable to testify.

- We agree on all excerpts at issue except for Min Li Excerpt 1 and Linda Lin Excerpts 6-7. We noted that SMO 56 does not mention requiring additional testimony on these excerpts and that Plaintiffs did not request such relief in their motion. You indicated Plaintiffs will get back to us as to whether you agree that these three excerpts are not at issue.

- Although we expanded our original suggestion of up to 60 minutes of deposition time to 3-3.5 hours, which becomes approximately 5 hours with the addition of translation time, Plaintiffs maintain needing a full 7-hour deposition plus additional time for translation. As we noted, the 5-hour block we have proposed would be consistent with our prior ZHP party deposition practice in which a "deposition day" typically ran from 7:00 pm-12:00 pm Eastern Standard Time. In our view, this amount of time would permit Plaintiffs to fully question the witness on the "specific matters" identified in the excerpts at issue, with sufficient time for reasonable follow up questions, while limiting the burden on the ZHP witness, who will need to travel to Macau for the deposition.

- We reconsidered our original proposal to allocate the deposition in proportion to the amount of time originally covered by the testimony on the excerpts at issue, so that Plaintiffs would not be constrained by such limits. However, we do think it would make our preparing for the deposition and the deposition itself more efficient if Plaintiffs would agree to some general allocation of timing for each topic.

- Although our view is that Plaintiffs should be limited to the specific exhibits that were used to question the witnesses on the specific matters at issue, Plaintiffs maintain no restrictions should be placed on the scope of the exhibits they would use. As we noted, we would consider agreeing to Plaintiffs using additional documents available during the original deposition period (beyond those that were used in connection with the at-issue excerpts), if Plaintiffs would share the identity of those exhibits in advance to allow the corporate designee to fully and adequately prepare.

- Finally, we asked that this additional deposition take place in late April or early May. This timeframe would allow the parties to get through any Daubert hearing on the parties' experts' general causation opinions, the depositions of the parties' class certification experts, and the beginning of the class certification expert Daubert briefing. We understand Plaintiffs need additional time to discuss the timing of the deposition.

1

We remain hopeful we can reach agreement on the deposition length, scope of exhibits, and timeframe for the deposition before the Jan. 18 case management conference, and look forward to continuing our discussion on Friday at 2pm.

Thanks,

Jessica

**Jessica Priselac**
Attorney at Law

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
**P:** +1 215 979 1159
**F:** +1 215 827 5486
**C**: +1 650 224 9097

JPriselac@duanemorris.com
www.duanemorris.com

---

**From:** Goldberg, Seth A. <SAGoldberg@duanemorris.com>
**Sent:** Monday, January 10, 2022 1:03 PM
**To:** Adam Slater <ASlater@mazieslater.com>
**Cc:** Christopher Geddis <CGeddis@mazieslater.com>; Priselac, Jessica <JPriselac@duanemorris.com>; Hill, Coleen W. <CWHill@duanemorris.com>; Layne Hilton <l.hilton@kanner-law.com>; George T. Williamson <gwilliamson@farr.com>; Conlee Whiteley <c.whiteley@kanner-law.com>; Ruben Honik <ruben@honiklaw.com>; Daniel Nigh <dnigh@levinlaw.com>; Rapone, Donna M. <Rapone@duanemorris.com>
**Subject:** RE: Valsartan MDL: SMO #56

Thanks.  Let's plan on talking at 6:00.  We'll circulate a number.

Best,
Seth



www.duanemorris.com
**Seth A. Goldberg**
Partner
Duane Morris LLP          **P:** +1 215 979 1175
30 South 17th Street      **F:** +1 215 689 2198
Philadelphia, PA 19103-4196  **C**: +1 267 632 1620
E-MAIL | BIO | VCARD

---

**From:** Adam Slater <ASlater@mazieslater.com>
**Sent:** Monday, January 10, 2022 12:35 PM
**To:** Goldberg, Seth A. <SAGoldberg@duanemorris.com>
**Cc:** Christopher Geddis <CGeddis@mazieslater.com>; Priselac, Jessica <JPriselac@duanemorris.com>; Hill, Coleen W. <CWHill@duanemorris.com>; Layne Hilton <l.hilton@kanner-law.com>; George T. Williamson <gwilliamson@farr.com>;

2

Conlee Whiteley <c.whiteley@kanner-law.com>; Ruben Honik <ruben@honiklaw.com>; Daniel Nigh <dnigh@levinlaw.com>
**Subject:** Re: Valsartan MDL: SMO #56

How is either 4 eastern or 6 eastern? If either works please let us know.

Thank you.

> On Jan 10, 2022, at 8:04 AM, Goldberg, Seth A. <SAGoldberg@duanemorris.com> wrote:
>
> Counsel:
>
> Could you please let us know a few times today that might work for you for a call to discuss your letter regarding SMO #56.
>
> Best,
> Seth

<image001.jpg>
www.duanemorris.com
**Seth A. Goldberg**
Partner
Duane Morris LLP          P: +1 215 979 1175
30 South 17th Street      F: +1 215 689 2198
Philadelphia, PA 19103-4196   C: +1 267 632 1620
E-MAIL | BIO | VCARD

**From:** Christopher Geddis <CGeddis@mazieslater.com>
**Sent:** Monday, January 3, 2022 2:49 PM
**To:** Goldberg, Seth A. <SAGoldberg@duanemorris.com>
**Cc:** Priselac, Jessica <JPriselac@duanemorris.com>; Hill, Coleen W. <CWHill@duanemorris.com>; Adam Slater <ASlater@mazieslater.com>; Layne Hilton <l.hilton@kanner-law.com>; George T. Williamson <gwilliamson@farr.com>; Conlee Whiteley <c.whiteley@kanner-law.com>; Ruben Honik <ruben@honiklaw.com>; Daniel Nigh <dnigh@levinlaw.com>
**Subject:** RE: Valsartan MDL: SMO #56

Seth,

Please see attached for Adam's letter regarding Special Master Order 56.

Best,
Chris

**From:** Goldberg, Seth A. <SAGoldberg@duanemorris.com>
**Sent:** Monday, December 20, 2021 9:08 PM
**To:** Adam Slater <ASlater@mazieslater.com>
**Cc:** Priselac, Jessica <JPriselac@duanemorris.com>; Hill, Coleen W. <CWHill@duanemorris.com>; Christopher Geddis <CGeddis@mazieslater.com>; Layne Hilton <l.hilton@kanner-law.com>; George T. Williamson <gwilliamson@farr.com>
**Subject:** Re: Valsartan MDL: SMO #56

Adam,

As discussed today, the ZHP Parties are not opposed to a three week extension of each of the deadlines in CMO #56, if you would like to make that request of Judge Vanaskie. We'd ask that you get the Plaintiffs counter-proposal to the proposal that I sent to you on Friday as soon as possible, and no later than January 4 so that we can have sufficient time to evaluate it with our client and meet and confer, as directed by the Court, before having to report on January 11. Also, as discussed today, we may come back to you on a request to reorder the deadlines.

Seth

Seth A. Goldberg
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
215-979-1175 direct
267-632-1620 mobile
sagoldberg@duanemorris.com

> On Dec 17, 2021, at 6:09 PM, Adam Slater <aslater@mazieslater.com> wrote:
>
> We can speak at 2 pm on Monday. Thank you.
>
> Adam M. Slater
> Mazie Slater Katz & Freeman
>
> Sent from my iPhone
>
>> On Dec 17, 2021, at 12:22 PM, Goldberg, Seth A. <SAGoldberg@duanemorris.com> wrote:
>>
>> Adam: Please see the attached letter regarding SMO #56.
>>
>> Best,
>> Seth

4

www.duanemorris.com

**Seth A. Goldberg**
Partner

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196

**P:** +1 215 979 1175
**F:** +1 215 689 2198
**C:** +1 267 632 1620

E-MAIL | BIO | VCARD

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.