# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

January 18, 2022

**VIA CM/ECF**
Honorable Thomas I. Vanaskie, Special Master
Stevens & Lee, P.C.
1500 Market Street, East Tower, 18th Floor
Philadelphia, Pennsylvania 19103

  Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
     No. 1:19-md-02875-RBK (D.N.J.)

Dear Judge Vanaskie:

Please accept this letter on behalf of the Plaintiffs, pursuant to the instructions set forth in SMO 56.

**<u>Re-Deposition Parameters</u>**

The Parties have met and conferred in an effort to reach agreement on the logistics of the re-depositions of corporate witnesses, as ZHP has advised that it will not be admitting any of the questions identified by the Court. Plaintiffs will thus be asking questions that the witnesses will be able to fully prepare to answer, and Plaintiffs will have to prepare in order to have the necessary documents and lines of follow up questions ready for the various potential responses that may be elicited.

Hon. Thomas I. Vanaskie, Special Master
January 18, 2022
Page 2

ZHP, recognizing that the required re-depositions accords them a significant advantage in answering the questions now, as opposed to at the time they were asked during the depositions, seeks to further benefit by imposing constrictive parameters on Plaintiffs. During the meet and confer, ZHP proposed a one-hour time limit on the entire re-deposition(s), with a pre-ordained allocation of the time for each question to be followed up on. ZHP also requested that Plaintiffs disclose the exhibits to be used in advance, notwithstanding that this is not required by the deposition protocol. Following the last two meet and confers, ZHP proposed a total of five hours (not five hours on the record), with no extra time due to the need for translators, with some undetermined level of time allocation to the questions, and with a continued request for prior production of the exhibits.

Plaintiffs believe that the imposition of a time limit shorter than the seven hours accorded by the Rules, with or without the allocation of time from question to question, would be extremely prejudicial. This would impose artificial time pressure that will inevitably lead to colloquy and stress between counsel with regard to the time spent questioning, and answering, and the ultimate time available. The most reasonable parameter to be set is to allocate the standard seven hours, increased as required by the protocol due to the need for an interpreter. Plaintiffs do not anticipate needing that full amount of time, but cannot project since they have no idea what responses will be provided. Some of the questions may not require much or any follow up to direct answers, however some of the questions may require extensive questioning, for example the series of questions not answered by Min Li regarding the health risks to those who took the contaminated valsartan. The uncertainty is compounded by the fact that ZHP has selected Jucai Ge, who was

Hon. Thomas I. Vanaskie, Special Master
January 18, 2022
Page 3

not the witness in any of the depositions at issue, to answer all questions, including the risk-based questions that Min Li, with a Johns Hopkins Ph.D. in organic chemistry, was unable to answer.[1]

On the other hand, ZHP likely knows all or nearly all of the answers to be given, but declined to even indicate those questions to which the witness will provide a straightforward yes or assent, so that the preparation and deposition time could be more streamlined. ZHP was sanctioned and should not be empowered to set parameters that will artificially exert pressure on Plaintiffs in questioning at the re-depositions. Should ZHP believe the questioning is unnecessarily lengthy, that issue can of course be brought to the Court.

The issue of providing exhibits in advance was litigated long ago, and the Court determined that this would not be required, per the Fact Deposition Protocol. There is no basis to require this here, as this would reward ZHP with Plaintiffs' work product in advance, something that was not available to ZHP during the initial depositions. This on top of ZHP already knowing the questions to be asked.

Finally, in terms of scheduling, Plaintiffs do not believe it would be reasonable to target the scheduling of the deposition in late April or May, as suggested by ZHP. This would drag out these depositions farther and farther while the litigation continues to advance. Plaintiffs believe that a more reasonable target would be in 45 days, in early March 2022. However, the complicating factor is the imminent scheduling of the *Daubert* hearings, which the Court was targeting for late February or early March. Thus, if it is not feasible to schedule either in late

---

[1] ZHP's backup witness (in case Jucai Ge cannot testify for some reason) is Linda Lin, who was asked only one of the questions at issue. Plaintiffs have significant concerns about the ability of these witnesses to provide the level of knowledge needed to testify on the topics at issue, but have no ability to dictate to ZHP, and nor does the Order require the same witnesses to testify once again.

Hon. Thomas I. Vanaskie, Special Master
January 18, 2022
Page 4

February/early March in advance of the *Daubert* hearings, or in later March after those hearings, then Plaintiffs will acquiesce to April, but request scheduling in mid-April if that is the case.

Therefore, Plaintiffs request the following parameters be applied to the re-depositions pursuant to SMO 56:

- The time for the questioning provided in SMO 56 will be up to seven hours, plus the required increase by 75% if a translator is utilized.

- The time will not be allocated to and among particular questions.

- Plaintiffs are not required to disclose or preview exhibits for use in the depositions.

- The deposition is to be scheduled in late February or early March, or late March if necessary, depending on the scheduling of the *Daubert* hearings. Should the Court determine that there is too much uncertainty as to the scheduling of the *Daubert* hearings in or about March 2022, the deposition should be scheduled in mid-April 2022.

## Monetary Sanctions

SMO 56 requires that Plaintiffs request monetary sanctions in accordance with the Order.

First, with regard to ZHP's repeated use of the "speaks for itself" objection during the Linda Lin deposition (conducted by two different Plaintiff attorneys), Plaintiffs have taken into account the number of assertions of this objection in this deposition alone, 68. The Court ruled: "The repeated assertion of 'the document speaks for itself' objection had the effect of impeding the fair examination of Ms. Lin, and a monetary award is warranted under the circumstances." (SMO 56 at 23-24). In addition, Plaintiffs have also factored in the scope and extent of the litigation, the potential damages, and the subject matter of the deposition, which was Court ordered. Finally, Plaintiffs have considered the amount necessary to ensure that the sanctions are not perceived by ZHP to be a symbolic slap on the wrist, which would defeat the entire rationale

Hon. Thomas I. Vanaskie, Special Master
January 18, 2022
Page 5

for assessing the sanctions in the first place. Taking these factors into account, Plaintiffs submit that a sanction of $1000 per each of the 68 improper objections, for a total of $68,000, would be warranted. Should the Court have any concern about that proposed amount, it is important to keep in mind that reduction will result in what defendant will likely perceive as a nominal award. For example, a $20,000 lump sum would come to $294.00 per each of the 68 improper, obstructive objections.

Second, with regard to the fees and expenses expended on the motion, Plaintiffs have considered the total time spent on the motion, the import of the disruption of the depositions at issue, and the extent to which the Court granted relief. The total amount of time spent on the motion by all attorneys was 210.5 hours. The motion necessitated the analysis of 16 days of depositions. The motion also involved extensive research and writing, with Plaintiffs filing briefs of 46 pages and 20 pages supported by extensive exhibits, and Defendants filing a 32 page brief along with a 40 page appendix that contained argument on every excerpt raised by Plaintiffs.[2] The Court calculated that Plaintiffs prevailed on 25 of 44 excerpts presented to the Court for decision (Plaintiffs only submitted examples and never represented that the examples submitted were comprehensive of all instances of obstruction). Thus, Plaintiffs request a fee award in that same proportion, 25/44 or 57% of the fees expended in connection with the motion.

Third, following entry of the Order, all time spent relative to the motion, including in preparing this submission and participating in the ongoing meet and confer, is attributable to the

---

[2] This time is not broken down in more detail here, and the contents of the relevant time records are not discussed, as this constitutes work product which Plaintiffs do not want to disclose to defendant in the midst of the litigation. Should the Court require submission of further information breaking down and illustrating the time records we request leave to submit in camera to avoid disclosure of work product.

Hon. Thomas I. Vanaskie, Special Master
January 18, 2022
Page 6

improper objections and nonresponsive testimony; thus, that amount should be recoverable. As that process is ongoing, Plaintiffs request leave to submit that amount within 30 days after the re-deposition occurs.

    Finally, the decision provides that Plaintiffs are to be compensated for the expense of having to re-depose witnesses. Plaintiffs request leave to submit that amount in a fee application to address the time and expenses (primarily court reporting and videographer related expenses, and expenses of translators) to be spent preparing for and conducting the re-deposition, as all of that time is due to the improper objections and non-responsive testimony. It would be incongruous for Plaintiffs to be forced to shoulder those expenses, where ZHP successfully impeded the lines of questioning at issue, and now has the opportunity to have a re-do with a witness who knows what questions are coming. Plaintiffs request 30 days from completion of that deposition to submit that application.

    Thank you for your courtesies and consideration.

                              Respectfully,

                              ADAM M. SLATER

cc:    All Counsel (via CM/ECF)