# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL NO. 2875<br><br>HON. ROBERT B. KUGLER |
| THIS DOCUMENT RELATES TO:<br>All Actions | |

## DEFENDANTS' NOTICE OF VIDEOTAPED
## DEPOSTION OF ZIRUI SONG, M.D., PH.D

PLEASE TAKE NOTICE that, in accordance with Rules 26 and 30 of the Federal Rules of Civil Procedure, and for all purposes authorized by the Federal Rules of Civil Procedure and all other purposes allowed by law, Defendants, through their counsel of record, will take the deposition upon oral examination of Plaintiffs' disclosed expert Zirui Song, M.D., Ph.D., for the purposes of discovery and use at trial. The deposition will take place as follows:

**Date:** February 8, 2022

**Time:** 9:00 am EST

**Location:** Duane Morris LLP
100 High Street
Suite 2400
Boston, MA 02110

The deposition shall be recorded stenographically and by video before a person duly authorized to administer oaths who is not counsel or interested in the events of this case. The deposition will continue from day to day until completed but will not take place over more than two days without leave of court. The deponent is directed to produce the items listed in the attached "Exhibit A" not less than 48 hours in advance of the deposition.

Date: January 27, 2022

Respectfully submitted,

Pietragallo Gordon Alfano
 Bosick & Raspanti, LLP


s/ *Clem C. Trischler*
Clem C. Trischler
Jason M. Reefer
Frank H. Stoy
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
(412) 263-1816
cct@pietragallo.com
jmr@pietragallo.com
fhs@pietragallo.com


*Attorneys for Defendants Mylan Laboratories Ltd. and Mylan Pharmaceuticals Inc.*

# EXHIBIT A

## DEFINITIONS

1. "Person" as used in these Requests means any natural person or any business, legal or governmental entity or association, including corporations, partnerships, trusts, or other associations, and all other entities.

2. "You" and "your" as used in these Requests means Zirui Song, and his representatives, administrative or personal assistants, agents, legal representative, employees, predecessors, and all other persons acting on his behalf or under his direction or supervision.

3. The term "Product" shall refer to the valsartan containing drug products that are the subject of this Case.

4. "Document" or "Documents" shall refer to all writings and recordings, including, but not limited to, all written, typewritten, recorded, graphic or photographic matter, hard-copy or electronic file, email, cellular telephone texts, however produced or reproduced, pertaining in any manner to the subject matter indicated, and includes, without limiting the generality of the forgoing, all originals, copies, telefaxes, emails, text messages, papers, letters, notes, handwritten or typed notes, manuals, order forms, memoranda reports, contracts, agreements, diaries, calendars, appointment books, telephone slips, time sheets, records of telephone calls, telegrams, cables, photographs, microfilm, prints, records, transaction confirmations, transcriptions, and floppy diskettes. "Document" or "documents" do not included drafts of your final report or documents related to communications with Plaintiffs' counsel which do not relate to your compensation for your study or testimony, facts or data that Plaintiffs' counsel provided and that you considered in forming your opinions to be expressed, or assumptions that Plaintiffs' counsel provided and that you relied on in forming your opinions to be expressed.

5. "Communication" shall mean the transmittal of information in the form of facts, ideas, inquires, or otherwise by any means including, but not limited to, in person conversations, phone conversations, messages, letters, emails of any other forms of writing or verbal communications, except communications with Plaintiffs' counsel which do not relate to your compensation for your study or testimony, facts or data that Plaintiffs' counsel provided and that you considered in forming your opinions to be expressed, or assumptions that Plaintiffs' counsel provided and that you relied on in forming your opinions to be expressed.

6. "Identify" as used with reference to a person shall mean to provide the name, present or last known address, telephone number or email address, and present or last known place of employment of the person. "Identify" as used with respect to Documents shall mean to provide the type, general subject matter, date, author, addressee, and recipient of the Document. "Identify" as used with reference to a communication, shall mean to state the date, names of participants, and nature of the communication (e.g., personal meeting or telephone call).

7. "Related to" and "related to" shall mean mentioning, describing, discussing, memorializing, concerning, consisting of, containing, evidencing, pertaining to, reflecting, depicting or referring in any way, directly or indirectly, to the subject matter of the request.

8. The singular form of a word shall refer to the plural, and words used in the masculine gender shall also include the feminine or neutral, and vice versa.

9. "And" means "and/or" and "or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used here includes the feminine. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

10. "Case" shall mean the litigation identified as *In Re Valsartan, Losartan, and Irbesartan Products Liability Litigation,* Case No. 1:19-md-2875.

### REQUESTS

1. Your current and up-to-date résumé or *Curriculum Vitae*, to the extent it differs from any résumé or *Curriculum Vitae* accompanying any expert report you have provided in this Case and/or to the extent you have engaged in any activities warranting an update to your résumé or *Curriculum Vitae* accompanying any expert report you have provided in this Case.

2. All papers, books, articles, abstracts, publications, studies, reports or other documents authored in whole or in part by you related to (1) drug safety and cancer risk; (2) nitrosamines; (3) the use of data to ascertain members of a proposed class in a class action; (4) public health related particularly to cancer screening and/or diagnostics; or (5) any other data, opinions or topic contained within your report.

3. All slides, notes, presentation materials, hand-outs, or other texts used in any course(s) you have taught from 2012 to the present. This request excludes any slides, notes, presentation materials, hand-outs, or other texts used in any course(s) you have taught from 2012 to the present which have been produced as part of any expert report you have provided in this Case.

4. All Documents, including presentations, speeches, slides, notes, handouts, or posters, regarding any presentation or speech or other speaking engagement by you relating to (1) drug safety and cancer risk; (2) nitrosamines; (3) the use of data to ascertain members of a proposed class in a class action; (4) public health related particularly to cancer screening and/or diagnostics; or (5) any other data, opinions or topic contained within your report.

5. A list of all cases in which you have, during the past four years, provided to the court or to counsel an expert disclosure or expert report, or in which you have given a deposition or testified in court, including (a) the jurisdiction in which each case was filed or venued, (b) the case number, and (c) the party and attorney for whom you acted as an expert

witness. **For each of these cases, please provide any transcripts of the depositions or trial testimony in your possession.**

6. Your complete and entire file for this case, including, without limitation, all materials and documents provided to you, reviewed by you, or received by you in connection with the Case, such as (by way of example only, and not limited to):

    a. all materials and documents produced by any of the parties to this Case,

    b. all records, imaging, photographs, notes, reports, correspondence, and test protocols or results, including any materials, documents or statements you received,

    c. all articles, studies, sources, references, treatises, guidelines, standards, and regulations,

    d. all deposition or trial transcripts and exhibits,

    e. all FDA, EPA, WHO, EMA, IARC, or other regulatory guidance, regulations, policies, notices, data or publications, and

    f. any and all other documents or materials you received from plaintiffs, plaintiffs' attorneys or any other source, not including any work-products protected under the Federal Rules of Civil Procedure.

7. All notes, calculations, memoranda, drawings, models, illustrations, diagrams, recordings, or records generated or utilized by you in connection with your involvement in the Case, whether hand-written or in electronic format. This request excludes any Documents deemed to be work product pursuant to Fed. R. Civ. P. 26(b)(4)(A-C).

8. All materials and Documents that you have reviewed at any time and from any source that relate to the facts of this Case, your opinions in this Case, valsartan, or nitrosamines.

9. All materials and Documents you relied upon and/or may rely upon in reaching your opinions in the Case, including any reference materials, except materials and Documents which have been produced previously as part of any expert report you have provided in this Case.

10. A list of all person and background sources, if any, that your consulted and/or rely upon in connection with your review of or opinions in the Case.

11. All interviews and statements taken by you or at your direction concerning this Case, including any notes, transcriptions, video, and/or audio recordings associated with such.

12. All Communications authored or received by you concerning the issues in this Case, nitrosamines, the identification of proposed class members, or valsartan. This includes but is not limited to Communications with health authorities, U.S. Food and Drug

Administration or any other governmental, federal, state, or local agency, patients, physicians, pharmacies, pharmacy benefits managers, insurance providers, researchers, scientists, other retained experts, and other third-parties.

13. All invoices, bills, billing records, time records, and expense records connected with your involvement in the Case, including information sufficient to identify (a) your hourly rate, (b) the amount of time your have spent in connection with your involvement in this Case, (c) the nature of the activity or work your performed in connection with your involvement in this Case, and (d) the dates on which such activity or work was performed.

14. All consulting contracts or retention letters concerning your involvement in this Case between you and any other person or entity, including but not limited to the Plaintiffs' lawyers and any other organization.

15. Any other information, Documents, studies, texts, treatises, objects or anything else that you intend to use at trial.

16. Any other information, Documents, objects, or anything else that your believe supports your opinions in this Case.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2022, I caused a true and correct copy of the foregoing Defendants' Notice of Videotaped Deposition of Zirui Song M.D., Ph.D., to be filed with the Court's ECF system and served upon counsel of record. I further certify that a copy of the foregoing was served on the following by e-mail:

**Plaintiffs' Executive Committee (via email)**

**Defendants' Executive Committee (via email)**

*s/ Clem C. Trischler*
Clem C. Trischler