# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>This Document Relates to All Actions | MDL No. 2875<br><br>Honorable Robert B. Kugler,<br>District Court Judge |

### DEFENDANTS' AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF RENA M. CONTI, PH.D.

PLEASE TAKE NOTICE that, in accordance with Rules 26 and 30 of the Federal Rules of Civil Procedure, and for all purposes authorized by the Federal Rules of Civil Procedure and all other purposes allowed by law, Defendants, through their counsel of record, will take the deposition upon oral examination of Plaintiffs' disclosed expert Rena M. Conti, Ph.D., for the purposes of discovery and use at trial. The deposition will take place as follows:

**Date:** February 10-11, 2022
**Time:** 10:00 am EST
**Location:** Zoom

The deposition shall be recorded stenographically and by video before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. In accordance with Special Master Order No. 61 (Dkt. 1882), the length of the deposition may be up to ten hours. The deposition will continue from day to day until completed but will not take place over more than two days without leave of court. *Id.* The deponent is directed to produce the items listed in the attached "Exhibit A" not less than 72 hours in advance of the deposition.

Respectfully submitted,

*On Behalf of the Defendants' Executive Committee By:*

*/s/ Seth A. Goldberg*
Seth A. Goldberg, Esq.
*Liaison Counsel for Defendants*

**DUANE MORRIS LLP**

Seth A. Goldberg
Dana B. Klinges
30 South 17th Street
Philadelphia, Pennsylvania 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
SAGoldberg@duanemorris.com
DKlinges@duanemorris.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co, Ltd., Prinston Pharmaceutical Inc., Huahai U.S. Inc., and Solco Healthcare U.S., LLC*

## **EXHIBIT A**

### **DEFINITIONS**

1. "Person" as used in these Requests means any natural person or any business, legal or governmental entity or association, including corporations, partnerships, trusts, or other associations, and all other entities.

2. "You" and "your" as used in these Requests means Rena M. Conti, and her representatives, administrative or personal assistants, agents, legal representatives, employees, predecessors, and all other persons acting on her behalf or under her direction or supervision.

3. The term "Product" shall refer to the valsartan containing drug products that are the subject of this Case.

4. "Document" or "Documents" shall refer to all writings and recordings, including, but not limited to, all written, typewritten, recorded, graphic or photographic matter, hard-copy or electronic file, email, cellular telephone texts, however produced or reproduced, pertaining in any manner to the subject matter indicated, and includes, without limiting the generality of the foregoing, all originals, copies, telefaxes, emails, text messages, papers, letters, notes, handwritten or typed notes, manuals, order forms, memoranda reports, contracts, agreements, diaries, calendars, appointment books, telephone slips, time sheets, records of telephone calls, telegrams, cables, photographs, microfilm, prints, records, transaction confirmations, transcriptions, and floppy diskettes. "Document" or "documents" do not include drafts of your final report or documents related to communications with Plaintiffs' counsel which do not relate to your compensation for your study or testimony, facts or data that Plaintiffs' counsel provided and that you considered in forming your opinions to be expressed, or assumptions that Plaintiffs' counsel provided and that you relied on in forming your opinions to be expressed.

5. "Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise by any means including, but not limited to, in person conversations, phone conversations, messages, letters, emails or any other forms of writing or verbal communications, except communications with Plaintiffs' counsel which do not relate to your compensation for your study or testimony, facts or data that Plaintiffs' counsel provided and that you considered in forming your opinions to be expressed, or assumptions that Plaintiffs' counsel provided and that you relied on in forming your opinions to be expressed.

6. "Identify" as used with reference to a person shall mean to provide the name, present or last known address, telephone number or email address, and present or last known place of employment of the person. "Identify" as used with respect to Documents shall mean to provide the type, general subject matter, date, author, addressee, and recipient of the Document. "Identify" as used with reference to a communication, shall mean to state the date, names of participants, and nature of the communication (e.g., personal meeting or telephone call).

7. "Relating to" and "related to" shall mean mentioning, describing, discussing, memorializing, concerning, consisting of, containing, evidencing, pertaining to, reflecting, depicting or referring in any way, directly or indirectly, to the subject matter of the request.

8. The singular form of a word shall refer to the plural, and words used in the masculine gender shall also include the feminine or neutral, and vice versa.

9. "And" means "and/or" and "or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used here includes the feminine. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

10. "Case" shall mean the litigation identified as *In Re Valsartan, Losartan, and Irbesartan Products Liability Litigation*, Case No. 1:19-md-2875.

## REQUESTS

1. Your current and up-to-date résumé or *Curriculum Vitae*, to the extent it differs from any résumé or *Curriculum Vitae* accompanying any expert report you have provided in this Case and/or to the extent you have engaged in any activities warranting an update to your résumé or *Curriculum Vitae* accompanying any expert report you have provided in this Case.

2. A list of all articles, abstracts, studies, reports, seminar materials, presentations, publications, or other writings authored or co-authored by you from 2012 to the present, that relate to (1) use of data to ascertain members of a proposed class in a class action; or (2) use of pharmaceutical data in furtherance of any calculation of damages allegedly suffered by any person or class of persons, or (3) any other data, opinion or topic contained within your report, including (a) the name of the article, (b) the name of the publication in which it appeared or the seminar or conference at which it was presented, and (c) the date on which it was published or presented. This request excludes articles, abstracts, studies, reports, seminar materials, presentations, publications, or other writings authored or co-authored by you from 2012 to the present which have been disclosed in any résumé or *Curriculum Vitae* accompanying any expert report you have provided in this Case.

3. All slides, notes, presentation materials, hand-outs, or other texts used in any course(s) you have taught from 2012 to the present. This request excludes any slides, notes, presentation materials, hand-outs, or other texts used in any course(s) you have taught from 2012 to the present which have been produced as part of any expert report you have provided in this Case.

4. All papers, books, articles, abstracts, publications, studies, reports or other documents authored in whole or in part by you related to (1) use of data to ascertain members of a proposed class in a class action; or (2) use of pharmaceutical data in furtherance of any calculation of damages allegedly suffered by any person or class of persons; or (3) any other data, opinions or topic contained within your report. Separate and apart from any lists

provided heretofore, this request calls for the production of the actual papers, books, articles, abstracts, publications, studies, reports or other documents to the extent they have not already been provided to Defendants' counsel.

5. All Documents, including presentations, speeches, slides, notes, handouts, or posters, regarding any presentation or speech or other speaking engagement by you relating to (1) use of data to ascertain members of a proposed class in a class action; or (2) use of pharmaceutical data in furtherance of any calculation of damages allegedly suffered by any person or class of persons; or (3) any other data, opinion or topic contained within your report. Separate and apart from any lists provided heretofore, this request calls for the production of the actual presentations, speeches, slides, notes, handouts, or posters to the extent they have not already been provided to Defendants' counsel.

6. A list of all cases in which you have, during the past four years, provided to the court or to counsel an expert disclosure or expert report, or in which you have given a deposition or testified in court, including (a) the jurisdiction in which each case was filed or venued, (b) the case number, and (c) the party and attorney for whom you acted as an expert witness, to the extent it differs from any list set forth in any résumé or *Curriculum Vitae* accompanying any expert report you have provided in this Case.

7. Your complete and entire file for this case, including, without limitation, all materials and documents provided to you, reviewed by you, or received by you in connection with the Case, such as (by way of example only, and not limited to):

    a. all materials and documents produced by any of the parties to this Case,

    b. all records, imaging, photographs, notes, reports, correspondence, and test protocols or results, including any materials, documents or statements you received,

    c. all articles, studies, sources, references, treatises, guidelines, standards, and regulations,

    d. all deposition or trial transcripts and exhibits,

    e. all FDA, EPA, WHO, EMA, IARC, or other regulatory guidance, regulations, policies, notices, data or publications, and

    f. any and all other documents or materials you received from plaintiffs, plaintiffs' attorneys or any other source, not including any work-product protected under the Federal Rules of Civil Procedure.

8. All notes, calculations, memoranda, drawings, models, illustrations, diagrams, recordings, or records generated or utilized by you in connection with your involvement in the Case, whether hand-written or in electronic format. This request excludes any Documents deemed to be work product pursuant to Fed. R. Civ. P. 26(b)(4)(A-C).

9. All materials and Documents that you have reviewed at any time and from any source that relate to the facts of this Case, your opinions in this Case, valsartan, or nitrosamines.

10. All materials and Documents you relied upon and/or may rely upon in reaching your opinions in the Case, including any reference materials, except materials and Documents which have been produced previously as part of any expert report you have provided in this Case.

11. A list of all persons and background sources, if any, that you consulted and/or rely upon in connection with your review of or opinions in the Case.

12. All interviews and statements taken by you or at your direction concerning this Case, including any notes, transcriptions, video, and/or audio recordings associated with such.

13. All Communications authored or received by you concerning the issues in this Case, nitrosamines, the identification of proposed class members, or valsartan. This includes but is not limited to Communications with health authorities, U.S. Food and Drug Administration or any other governmental, federal, state, or local agency, patients, physicians, pharmacies, pharmacy benefits managers, insurance providers, researchers, scientists, other retained experts, and other third-parties.

14. All invoices, bills, billing records, time records, and expense records connected with your involvement in the Case, including information sufficient to identify (a) your hourly rate, (b) the amount of time you have spent in connection with your involvement in this Case, (c) the nature of the activity or work your performed in connection with your involvement in this Case, and (d) the dates on which such activity or work was performed.

15. All consulting contracts or retention letters concerning your involvement in this Case between you and any other person or entity, including but not limited to the Plaintiffs' lawyers and any other organization.

16. Any other information, Documents, studies, texts, treatises, objects or anything else that you intend to use at trial.

17. Any other information, Documents, objects, or anything else that you believe supports your opinions in the Case.

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2022, I caused a true and correct copy of the foregoing Defendants' Amended Notice of Videotaped Deposition of Rena M. Conti, Ph.D., to be filed with the Court's ECF system and served upon counsel of record. I further certify that a copy of the foregoing was served on the following by e-mail:

        Plaintiffs' Executive Committee (via email)
        Defendants' Executive Committee (via email)

                                      */s/ Coleen W. Hill*
                                      Coleen W. Hill
                                      **Duane Morris LLP**

DM1\12769856.2