# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

| | |
|---|---|
| David A. Mazie* | Karen G. Kelsen° |
| Adam M. Slater*° | Cory J. Rothbort*° |
| Eric D. Katz*° | Michael R. Griffith° |
| David M. Freeman | Christopher J. Geddis |
| Beth G. Baldinger | Samuel G. Wildman |
| Matthew R. Mendelsohn*° | Julia S. Slater° |
| David M. Estes | Trevor D. Dickson |
| Adam M. Epstein° | |

°Member of N.J. & N.Y. Bars

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

February 1, 2022

**VIA ECF**

| | |
|---|---|
| Honorable Robert Kugler, U.S.D.J. | Honorable Thomas I. Vanaskie (Ret.) |
| U.S. District Court - District of New Jersey | Special Master |
| Mitchell S. Cohen Building & US Courthouse | Stevens & Lee |
| 1 John F. Gerry Plaza, Courtroom 4D | 1500 Market St., East Tower, Suite 1800 |
| 4th and Cooper Streets | Philadelphia, Pennsylvania 19103-7360 |
| Camden, New Jersey 08101 | |

Re: *In re Valsartan, Losartan, and Irbesartan Liability Litigation*,
**Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler and Judge Vanaskie:

Please accept this letter on behalf of Plaintiffs in advance of tomorrow's discovery hearing and case management conference.

1. **Depositions of Defense Experts Bottorff, Britt, Chodosh, and Flack.**

Defendants' deadline for the disclosure of class certification expert reports was January 12, 2022.  *See* ECF 1679.  Defendants collectively disclosed eighteen different so-called class certification experts on January 12.  At that time, Defendants were required to provide deposition dates and locations for all of their class certification experts, as Plaintiffs must depose all such experts by March 10, 2022.  *See id.*  Despite this, Defendants did not provide deposition dates for

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
February 1, 2022
Page 2

four defense experts – Dr. Michael Bottorff, Dr. Janice Britt, Dr. Lewis Chodosh, and Dr. John Flack initially. Plaintiffs followed up, and Defendants finally responded with dates and times, on January 31, 2022. Based on the dates provided, one or more of these depositions are being offered while the parties will likely be engaged in the *Daubert* hearings, so there may be a need to reschedule, and to the extent this impacts the deadline, Plaintiffs will seek the Court's approval.

**2. Outstanding Class Representative Depositions.**

Plaintiffs believe that only three proposed class representative depositions remain outstanding: Georgia Fatigato, the Estate of Eleonora Deutenberg, and Raleigh Wolfe. Plaintiffs will be voluntarily dismissing Ms. Fatigato as a proposed class representative. The county finally issued the necessary paperwork for the Estate of Eleonora Deutenberg, and Plaintiffs have informed Defendants that the appointed administrator will be made available for deposition in late February. As previously reported, Mr. Wolfe passed away last fall. Plaintiffs imminently will inform Defendants whether they will be dismissing Mr. Wolfe's claims entirely or substituting his Estate in his stead; if the latter, Plaintiffs will work with Defendants to schedule the administrator's deposition promptly.

**3. Potential Dismissal of Claims of Medical Monitoring Class Representatives Daring and O'Neill.**

Last week, Defendants asked Plaintiffs to dismiss two proposed class representatives from the medical monitoring action, Celestine Daring and Richard O'Neill. Defendants contend these two plaintiffs do not meet the exposure criteria set forth in Plaintiffs' proposed medical monitoring class definition. Plaintiffs have told Defendants that they are assessing this request, and will respond in due course. It is Plaintiffs' view that nothing here requires the Special Master's

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
February 1, 2022
Page 3

intervention. Plaintiffs have a proven track record of acting very professionally, reasonably, practically, and in good faith on similar requests in the past. As case in point, Plaintiffs have agreed to voluntarily dismiss several named plaintiffs or defendants to streamline this litigation, all when Plaintiffs were under no compulsion to do so. Plaintiffs will approach Defendants' most recent request in the same fashion as prior requests. There is absolutely no prejudice to Defendants, given that their class certification brief is not due for another seven-and-a-half weeks, Plaintiffs are under no compulsion to voluntarily dismiss anyone, and the 'worst case' here is that Defendants merely present their argument for dismissal as to these two plaintiffs in Defendants' forthcoming class certification brief.

   **4. Rule 702/*Daubert* Hearing Schedule for General Causation Experts.**

Plaintiffs look forward to the Court's guidance regarding the *Daubert* hearings, and will be prepared to discuss the process and scheduling.

   **5. Update on Settlement Counsel.**

Plaintiffs are in the process of complying with the Court's directions regarding settlement counsel, and request a one-week extension to make their formal submission to the Court. Plaintiffs do not think that an additional three weeks is needed. Plaintiffs also request that the Parties' submissions identifying potential settlement counsel be submitted ex parte to protect counsel's work product and decision making on this narrow issue.

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
February 1, 2022
Page 4

6. **Plaintiff Fact Sheet Show Cause Submissions.**

Plaintiffs will be prepared to address this issue during the case management conference.

Respectfully,

ADAM M. SLATER

Cc:   All Counsel (via ECF)