**GT** GreenbergTraurig

Lori G. Cohen
Tel 678.553.2385
Fax 678.553.2386
cohenl@gtlaw.com

February 1, 2022

<u>**VIA ECF**</u>

The Honorable Robert B. Kugler
United States District Court Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

Special Master the Honorable Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

Re:    <u>In re Valsartan, Losartan, and Irbesartan Products Liability Litigation</u>
       Case No. 1:19-md-02875-RBK-JS

Dear Judge Kugler and Special Master Vanaskie:

This letter is to provide Defendants' positions with respect to the topics on the agenda for the Case Management Conference ("CMC") with the Court on February 2, 2022. The first item identified, "Outstanding Class Representative Depositions," addresses confidential information and will need to be discussed during the confidential portion of the CMC.

**1.  Outstanding Class Representative Depositions**

Depositions of the new putative class representatives were ordered to be completed by December 3, 2021.  (Doc. 1514).  This deadline was set in part based on Judge Vanaskie's conclusion that depositions up to that date could be allowed "without affecting other class certification deadlines[.]"  (*Id.*).

**GT** GreenbergTraurig

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 2

Almost two months after that deadline, and despite Defendants pursuing these depositions diligently, Plaintiffs have failed to provide deposition dates for two putative class representatives—Georgia Fatigato and Raleigh Wolfe.

As to Ms. Fatigato, the parties originally agreed to conduct Ms. Fatigato's deposition on November 10, 2021, which was cancelled at Plaintiff's request. *See* Exhibit A, attached hereto. The deposition was re-scheduled for December; however, Plaintiffs canceled again because Ms. Fatigato was scheduled for emergency surgery. Despite many requests from Defendants' counsel to re-schedule to accommodate Ms. Fatigato and her counsel (*see* Exhibit A), Defendants have been unable to obtain a deposition date for Ms. Fatigato, and Ms. Fatigato's counsel did not respond to Defendants' requests to finalize a deposition date or withdraw Ms. Fatigato's claims.

As to Mr. Wolfe, Defendants' counsel attempted to schedule his deposition in November 2021. *See* Exhibit B, attached hereto. Shortly thereafter, Plaintiffs' counsel stated that, due to Mr. Wolfe's health, Plaintiffs would not be moving forward with scheduling his deposition and would advise when they had more information. *See id.* Defendants' counsel followed up at the end of November, at which point Plaintiffs' counsel revealed that Mr. Wolfe had passed away. *See* Exhibit C, attached hereto. Since then, Defendants' counsel has reached out five times to inquire as to whether an estate representative will appear for Mr. Wolfe or if Plaintiffs will dismiss Mr. Wolfe's case, and have not received an answer. *See* Exhibit C.

Defendants request that Plaintiffs be ordered to produce Ms. Fatigato and an estate representative for Mr. Wolfe for deposition by February 25, 2022, or to dismiss their claims. Defendants have respectfully but diligently pursued these depositions and have given Plaintiffs nearly two months of additional time beyond the Court-ordered deadline to produce these plaintiffs



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 3

for deposition in light of their situations. However, at this point, allowing this uncertainty to proceed beyond February 25, 2022 will prejudice Defendants' ability to properly oppose class certification by the March 22, 2022 deadline. (Doc. 1679).

**2. Limited Depositions of Defendants' Experts Drs. Bottorff, Britt, Chodosh, and Flack**

Plaintiffs informed Defendants they intended to add an agenda item related to these defense expert depositions, without identifying any issues they intend to raise. On January 31, 2022, Defendants' provided dates and locations for the limited depositions of the following joint defense experts who have provided expert reports related to class certification issues: Michael Bottorff, PharmD, FCCP, FNLA, CLS; Janice K. Britt, Ph.D.; Lewis Chodosh, M.D.; and John M. Flack, M.D., MPH, FAHA, FASH MACP. (*See* 1/31/2022 Email from C. Hill to Plaintiffs' Executive Committee, attached as Exhibit D). Each of these witnesses also provided expert reports during the general causation phase and were thoroughly deposed on those causation opinions, as well as their background, qualifications, and credibility. Given that each of these defense experts has previously sat for a deposition of up to 10 hours, Defendants object to any attempt to re-plow ground already covered with these experts in this litigation, including but not limited to questioning on background, qualifications, general causation opinions, and any other items that were covered in Plaintiffs' prior deposition of these experts. Accordingly, Defendants ask that the Court limit the depositions to new matters only.

**3. Requested Dismissal of Claims of Medical Monitoring Class Representatives Daring and O'Neill**

When Plaintiffs filed their latest version of the Medical Monitoring Master Complaint ("MMMC"), Doc. 1709, they included for the first time as a component of the class definition that

**GT** GreenbergTraurig

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 4

the class member be exposed to a "sufficiently high Lifetime Cumulative Threshold" of valsartan-containing drugs manufactured by or for Defendants.  MMMC ¶¶ 538, 539.  In other words, to be within the medical monitoring class, a class member had to have taken at-issue valsartan for at least a minimum duration, as defined by Plaintiffs.  Defendants of course dispute that even these threshold doses would be sufficient to cause any of the injuries Plaintiffs have alleged in connection with any of their claims, including those asserted in the MMMC.

Plaintiffs added this "threshold" requirement to their class definition nearly three years into this case and after they had already identified their putative medical monitoring class representatives.  It has been revealed, however, that many of these putative class representatives do not meet the current class definition because they did not consume enough at-issue valsartan.  Plaintiffs have already dismissed the claims of four such putative class representatives—Kenneth Berkson, Anthony Martinez, Roland Butler, and Judy Tasker.  (*See* Docs. 1829-1832).

Defendants have identified two additional putative medical monitoring class representatives, Celestine Daring and Richard O'Neill, who also do not meet Plaintiffs' class definition because they did not consume enough at-issue valsartan.  On January 24, 2022, Defendants' counsel wrote to Plaintiffs' counsel informing them of this, attaching the relevant records that demonstrate that Ms. Daring and Mr. O'Neill do not meet the class definition, and requesting that Plaintiffs withdraw their claims.  *See* Exhibit E, attached hereto.  On January 27, 2022, Plaintiffs' counsel responded that they were assessing Defendants' request and would respond following their assessment.  As of the date of this submission, Plaintiffs have not provided any further response.

**GT** GreenbergTraurig

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 5

Defendants request that Plaintiffs proceed with voluntary dismissals of Ms. Daring and Mr. O'Neill, as they have with previous putative medical monitoring class representatives who did not meet the class definition. This is the most efficient method to proceed for the parties and for the Court, and dismissals should proceed without delay given that class certification expert depositions and briefing are underway.

### 4. PFS Deficiencies and Orders to Show Cause

On January 5, 2022, the Court issued five show cause orders returnable at the February 2, 2022 Case Management Conference:

- *Shylaine Louissant v. Mylan, et al.* – 21-cv-07797
- *Charlene Mills v. Actavis, et al.* – 21-cv-13611
- *Alice Byrnes v. Aurobindo Pharma, et al.* – 21-cv-13325
- *Rick Maedler v. Aurobindo Pharma, et al.* – 21-cv-16471
- *Jimmie Thorn v. Mylan, et al.* – 20-cv-20603

The issues in the *Byrnes* and *Maedler* matters are resolved, and those show cause orders may be withdrawn. The issues in the *Mills* matter remains unresolved, and Defendants request that this matter be dismissed.

The *Louissant* matter was previously listed for an order to show cause returnable on January 5, 2022, but Defendants agreed to defer action on this order at that time. Defendants have agreed to defer this order to show cause for another month. Similarly, the parties continue to discuss the *Thorn* matter. Accordingly, Defendants have agreed to defer these orders to show cause to the next monthly CMC.

At Plaintiffs' counsel's request, Defendants agreed to continue the first and second listing cases identified at last month's CMC for one month. Defendants will resume providing first and



The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 6

second listing cases, as well a requesting additional orders to show cause, at the next scheduled

CMC.

### 5.  Update on Settlement Counsel

On January 27, 2022, the Manufacturer Defendants requested an extension until February

23, 2022 to inform the Court of their respective selections of settlement counsel to enable the

defendants to clear conflicts for their candidates, and for ZHP specifically, given the Lunar New

Year holiday that requires ZHP and its Chinese counsel to close their offices from January 28 to

February 6, 2022.  (1/27/2022 Letter from S. Goldberg to Judge Kugler).

On January 28, 2022, the Wholesaler Defendants and Retail Pharmacy Defendants

("Downstream Defendants") requested that they be excused from the requirement to appoint

independent settlement counsel at this time.  (1/28/2022 Letter from S. Johnston and J. Geoppinger

to Judge Kugler).  For the reasons stated in their letter, Downstream Defendants anticipate that any

settlement negotiated by the independent settlement counsel for the Manufacturer Defendants

would encompass the claims against the Downstream Defendants as well, making appointment of

independent settlement counsel by Downstream Defendants unnecessary and unduly expensive.

### 6.  Plaintiffs' Renewed Request for Production of Indemnification Agreements

Shortly after the Downstream Defendants sent their letter referenced in section 5 above to

Judge Kugler (copying Plaintiffs), on January 28, 2022, Plaintiffs sent all defense counsel a

renewed request for production of "all indemnification agreements, oral or written, between and

among the defendants." (1/28/2022 A. Slater email to Defense Executive Committee, attached as

Exhibit F). Plaintiffs' counsel further requested that Defendants "please disclose any public or

GT GreenbergTraurig

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 7

private litigation, arbitration, claims, or other proceedings between and among any defendants with regard to the subject of indemnification or who will pay any settlement or judgment," along with a demand that Defendants agree to make this production within 10 days. (*Id.*).

As a preliminary matter, the parties have not met and conferred on this request and Defendants believe it is premature to raise this issue with the Court, particularly since it is unclear if Plaintiffs' request is intended to expand upon the Court's prior orders on disclosure of indemnification information or simply seeking confirmation that the information previously provided by Defendants remains accurate.

Retailer Liaison Counsel, however, responded to Plaintiffs and confirmed that Plaintiffs had previously requested indemnity provisions in Rule 34 discovery served on the retailers, and the Retail Pharmacy Defendants had produced all such indemnification provisions in response to those Requests. Counsel pointed out that indemnification requests more generally were also a topic for the Retail Pharmacy 30(b)(6) depositions.

With respect to the Manufacturer Defendants, Plaintiffs' first sought production of indemnification agreements in 2020, referencing Rule 26(a)(1)'s provisions requiring production of insurance information and the Court-approved Requests for Production of Documents ("RFPs") to the Manufacturer Defendants. Magistrate Judge Schneider heard oral argument and denied Plaintiffs' request, finding that Rule 26 did not encompass such documents and the RFPs did not contemplate production of this material. (12/9/2020 Hrg. Trans. 8:18-9:21; Doc. 648). The same arguments presented in opposition to Plaintiffs' initial request apply in this instance, to the extent it is premised on similar grounds.

**GT** GreenbergTraurig

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 8

However, Defendants further note that the Court-approved Rule 30(b)(6) topics included a topic on: "All credits, indemnification, refunds, and/or penalties paid or provided by or to [Defendant] in connection with the nitrosamine contamination of valsartan." Accordingly, each of the Manufacturer Defendants offered a 30(b)(6) witness on the topic of indemnification agreements and gave sworn testimony as to the status of any such agreements actually in place. To the extent Plaintiffs simply seek confirmation that this information remains accurate, Defendants are available to meet and confer over the best means of providing such confirmation, but note that continued periodic demands to update this information, or to produce documents that the Court has already excluded from discovery, are an unnecessary burden on Defendants and the Court.

   7.  **Scheduling of and Format for Rule 702/Daubert Hearings for General Causation Experts**

During the January 5, 2022 Case Management Conference, Judge Kugler indicated that Rule 702/*Daubert* hearings on the parties' general causation experts would be held in late February or early March and that more details would be forthcoming at this month's CMC. (1/5/2022 Hrg. Trans. 19:2-7, 20:7-11). Defendants look forward to further discussing the format and potential dates for these proceedings with the Court in order to ensure both counsel and the experts are adequately prepared.

Respectfully submitted,

*/s/ Lori G. Cohen*

Lori G. Cohen

**GT** GreenbergTraurig

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
Page 9


cc:    Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
        Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
        Seth A. Goldberg, Esq. (*via email*)
        Clem C. Trischler, Esq. (*via email*)
        Sarah Johnston, Esq. (*via email*)
        Jeffrey Geoppinger, Esq. (*via email*)