UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Thomas I. Vanaskie (Ret.), Magistrate Judge |

### DECLARATION OF SIHAN LU

1. I am Sihan Lu. I work at Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), and have responsibility for company administrative work.

2. I make this declaration for the purpose of providing the Court with my personal knowledge and information regarding the efforts taken by myself and ZHP to facilitate Mr. Chen's deposition for this case.

3. Due to his various governmental positions, Mr. Chen was required to obtain permissions from the relevant PRC governmental departments to travel outside of mainland China to be deposed. I was responsible for the preparation of Mr. Chen's application. After preliminary communication with the Taizhou Federation of Industry and Commerce regarding Mr. Chen's application, in early June 2021, I was informed by a phone call from the Taizhou Federation of Industry and Commerce that to travel outside of mainland China to be deposed, Mr. Chen was required to fill out the application form. I was asked to go to the Taizhou City Federation of Industry and Commerce to pick up such form.

4. I went to the Taizhou City Federation of Industry and Commerce to pick up Approval Form for Leading Cadres to leave China (border) for Private Purposes and was

1

informed that, after completing, this form should be returned to the Taizhou City Federation of Industry and Commerce for further relevant approval process.

5. I am informed that ZHP has previously identified for the Court (see ECF No. 1244-10) that Mr. Chen holds numerous important government and associated positions. These positions include:

   a. Deputy to the 13th National People's Congress (NPC);
   b. Member of the Standing Committee of the 16th People's Congress of Linhai City;
   c. Vice President of Zhejiang Chamber of Commerce;
   d. Standing Director of Zhejiang Pharmaceutical Organization;
   e. Standing Member of the 5th Taizhou Municipal Committee of the Chinese People's Political Consultative Conference (CPPCC);
   f. Chairman of the Taizhou Federation of Industry and Commerce (General Chamber of Commerce); and
   g. Member of the Fourth Council of Linhai Charity Federation.

6. After filling out the information required in Approval Form for Leading Cadres to leave China (border) for Private Purposes, on June 9, 2021, I submitted Mr. Chen's request to Party Committee within ZHP to obtain permission to travel outside of mainland China to be deposed in this litigation.

7. On June 10, 2021, Party Committee within ZHP granted Mr. Chen's request.

8. On June 14, 2021, I further submitted Mr. Chen's request to the Taizhou Federation of Industry and Commerce for permission to travel outside of mainland China to be deposed in this litigation.

9. After the submission, I followed up with Taizhou Federation of Industry and Commerce from time to time on the application status.

10. On October 21, 2021, Taizhou Federation of Industry and Commerce verbally informed ZHP that Mr. Chen's request would not be granted.

11. Following the verbal denials, I conducted further discussions with Taizhou Federation of Industry and Commerce, to determine if the restriction on Mr. Chen's travel could be lifted or modified.

12. ZHP's efforts to obtain a waiver or modification of Mr. Chen's travel restriction were unsuccessful, and the Taizhou Exit-Entry Administration of the Public Security Bureau, and the Taizhou Federation of Industry and Commerce provided ZHP with the written denial of Mr. Chen's request on November 12, 2021. A copy of the written denial and a certified translation are attached hereto as Exhibits 1 and 2.

13. On January 19, 2022, I checked with the Taizhou Federation of Industry and Commerce to see whether the above-mentioned copy could be disclosed to the public beyond the use of the Court, and was informed that it could only be disclosed to the Court, and the denial was stamped by the Taizhou Federation of Industry and Commerce as being under seal and not to be publicly disclosed.

14. By contrast, given that they did not hold positions such as those held by Mr. Chen, the other ZHP Chinese employees who were granted permission to travel to Macao to be deposed as ZHP witnesses in this litigation were not required to submit Approval Form for Leading Cadres to leave China (border) for Private Purposes to obtain pre-approvals from Party Committee within ZHP, Taizhou Federation of Industry and Commerce and Taizhou Exit-Entry Administration of the Public Security Bureau,.

15. In summary, to travel outside of mainland China to be deposed in this litigation, Mr. Chen was required to obtain the permissions of the Party Committee within ZHP, the

3

Taizhou Federation of Industry and Commerce and the Taizhou Exit-Entry Administration of the Public Security Bureau of the city where he lives, Taizhou, China. ZHP exerted every possible effort to secure permission from the relevant authorities. Unfortunately, ZHP did not achieve the desired result.

I AFFIRM UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Executed on February 2, 2022 in ___LinHai___ (city), ___Zhejiang___ (province)

_____
Sihan Lu, Declarant