UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| THIS DOCUMENT RELATES TO ALL CASES | HON. ROBERT B. KUGLER |

### NOTICE TO TAKE VIDEOTAPED ORAL DEPOSITION

TO:   **Seth Goldberg, Esq.**
**Duane Morris**
**30 S. 17th Street**
**Philadelphia, PA 19103**

*Attorneys for Defendants*

Please take notice that pursuant to Federal Rule of Civil Procedure 30, and other applicable Rules, including the Local Civil Rules, and the applicable Orders of the Court, Plaintiffs, by and through their counsel, will take the videotaped deposition via Zoom, of Dr. Punam Keller, on March 10, 2022, at 9:00 a.m. Eastern time, and continuing until completion, at 100 High Street, Suite 2400, Boston, MA 02110, in accordance with the Fact Witness Deposition Protocol, Case Management Order #20, filed November 17, 2020 (Document 632). The witness shall produce the documents requested at Exhibit A, attached hereto, at least two days in advance of the deposition, to the extent not already served upon Plaintiffs.

**TAKING ATTORNEY FOR PLAINTIFFS:**

JOHN R. DAVIS
Slack Davis Sanger LLP
6001 Bold Ruler Way, Ste 100
Austin, Texas 78746
Telephone: 512-795-8686
Fax: 512-795-8787
jdavis@slackdavis.com

      The videotaped deposition will be taken before a person authorized by law to administer oaths, pursuant to Rule 28 of the Federal Rules of Civil Procedure.

February 25, 2022

                                    **PLAINTIFFS' PEC COUNSEL**

                                    By:   /s/John R. Davis
                                    JOHN R. DAVIS
                                    Slack Davis Sanger LLP
                                    6001 Bold Ruler Way, Ste 100
                                    Austin, Texas 78746
                                    Telephone: 512-795-8686
                                    Fax: 512-795-8787
                                    jdavis@slackdavis.com

# EXHIBIT A

## DOCUMENT REQUESTS

1) Copies of all invoices for work performed in connection with any consultation or expert work performed for or on behalf of any defendant or their counsel with regard to any issues in this MDL, including but not limited to for the review of documents, review and consultation with regard to plaintiff experts, preparation of Dr. Keller's report, and preparation for deposition or trial.

2) All communications between Dr. Keller and employees of the Analysis Group (referenced in Paragraph 6 of Dr. Keller's Report).

3) All Documents reflecting any work done by the Analysis Group for or at the direction of Dr. Keller, including but not limited to all invoices submitted by the Analysis Group to Dr. Keller or to Defendants in this litigation, and all backup data, worksheets, and calculations.

4) Any notes, i.e. written or electronic, reflecting consulting or litigation work that has not been documented in invoices.

5) Any articles, presentations, seminars, classes, or other similar documents (including PowerPoint-type slides) authored by Dr. Keller regarding any aspect of healthcare decisionmaking.

6) Copies of any documents or articles relied upon or considered for the opinions set forth in the report served.

7) Copies of all notes, annotations, or highlights of transcripts of any testimony reviewed by or on behalf of Dr. Keller considered for Dr. Keller's Report;

8) All "real-world evidence" of which Dr. Keller is aware that At-Issue VCDs "held value" as stated on Page 30 of Dr. Keller's Report, whether or not actually referenced or discussed in Dr. Keller's Report;

9) Copies of any documents or articles reviewed in connection with the report served, whether or not listed in the report or attachments thereto.

10) Copies of all Publications and Presentations listed in Dr. Keller's CV, which is Exhibit A to his Expert Report.

11) Any illustrations, PowerPoints, images, charts, tables or demonstrative exhibits that may be used by or with Dr. Keller in connection with a Daubert hearing or trial testimony in this litigation.

12) Documentation of any prior work Dr. Keller has done as a consultant for any of the Defendants in this action.

13) Any documents or other communications the witness has received from any person or entity with regard to nitrosamine impurities in any angiotensin II receptor blocker or other drug, outside of information provided by counsel who retained the witness.

14) Any communications from the witness to any person or entity with regard to nitrosamine impurities in any angiotensin II receptor blocker or other drug, outside of communications to counsel who retained the witness.

15) Any textbook referenced by the witness in forming his opinions.

16) Copies of all transcripts of testimony under oath given by Dr. Keller in the last 10 years.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| THIS DOCUMENT RELATES TO ALL CASES | HON. ROBERT B. KUGLER |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

        PLAINTIFFS' PEC COUNSEL

        By: /s/John R. Davis
        JOHN R. DAVIS
        Slack Davis Sanger LLP
        6001 Bold Ruler Way, Ste. 100
        Austin, Texas 78746
        Telephone: 512-795-8686
        Fax: 512-795-8787
        jdavis@slackdavis.com