# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
_____
*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson
_____
°Member of N.J. & N.Y. Bars

February 25, 2022

**<u>VIA ECF</u>**

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, New Jersey 08101

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

Re: ***In re Valsartan, Losartan, and Irbesartan Liability Litigation*,
**Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler and Judge Vanaskie:

Please accept this letter on behalf of Plaintiffs in advance of Monday's case management conference.

1. ***Daubert* Hearing Schedule.**

The Parties met and conferred on February 25, 2022, to discuss scheduling and their respective understanding as to the logistics for the hearings.  Plaintiffs confirmed that the three expert witnesses they will be presenting—Dr. Lagana, Dr. Etminan, and Dr. Panigrahy—are available to testify on March 3, 2022.  Defendants advised that the two expert witnesses they will be presenting are available later in the month and proposed March 15, 2022, for Dr. Botoroff, and March 29, 2022, for Dr. Johnson.  Those dates work for Plaintiffs.

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
February 25, 2022
Page 2

During the call, the Parties confirmed a common understanding from the Court's prior discussion of the hearings. Specifically, that the cross-examination is expected to be narrowly confined to the scope of the written Certification/Declaration, and should not stray beyond the specific point(s) of the submission. Based on this understanding, Plaintiffs expect that all three of their experts should be able to be completed on March 3, 2022.

Defendants also advised that they would be submitting argument in their agenda letter in support of an objection to the process delineated by the Court. From the discussion, it is Plaintiffs' understanding that Defendants will be requesting that the Court reconsider and significantly alter the plan to direct that every witness challenged be required to provide full testimony on the full scope of opinions held, including regarding their methodology, the foundation for their opinions, and how they arrived at their opinions. They also suggested that the direct testimony, and testimony elicited on cross-examination could be supplemented by "other evidence" with regard to the reliability of the expert's opinions.

Plaintiffs submit that the Court's already delineated process fully comports with the purposes of a *Daubert* hearing, and that there is no good cause to alter the plan. Each side had a fair opportunity to depose the other side's experts on their opinions, and to file extensive opening and reply briefs seeking to preclude the adverse experts. What Defendants now seek is unnecessary and would largely duplicate what was or should have been addressed during the depositions. Most important, the purpose of the *Daubert* hearing is for a party defending against an attack on his or her methodology to present that expert to testify to highlight, clarify, or defend the opinions, as the case may be. This is so that the party will not be able to later complain that it was deprived of the opportunity to present the expert's testimony to the Court in the event a

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
February 25, 2022
Page 3

*Daubert* motion is granted in whole or in part. The purpose is not for the adverse party to compel the other side's witness(es) to testify in order to obtain a second opportunity to question the expert(s) after having had the chance to fully depose the expert and file two extensive briefs in support of their Daubert motion. The process established here is well within the Court's discretion.

For these reasons, Plaintiffs submit that the hearings should proceed as already directed by the Court, on March 3, 2022, with no changes to the ground rules.

2. **Marker Group's Data Breach**

Plaintiffs have recently learned that the medical records vendor used by Defendants, the Marker Group, was the victim of a widespread and unprecedented cyber-attack and data breach. The Marker Group is in possession of Plaintiffs' personal health and confidential information contained within Plaintiffs' Fact Sheets and medical records.

Because Plaintiffs do not have a direct contractual relationship with the Marker Group, Plaintiffs have made inquiries with the Defendants to try and ascertain the scope of the data breach, and any potential impact it may have on any one plaintiff's confidential identifying or personal health information. Only today did Counsel for Plaintiffs learn from Defendants that 88 of the individual plaintiffs in this litigation had their data compromised in this breach. (*See* Ex .A hereto).

At this time, the Plaintiffs are not seeking any relief or assistance from the Court, but merely include this item to keep the Court abreast of an evolving and fluid situation.

3. **Dismissal of CVS from the Medical Monitoring Master Complaint**

Retail Pharmacy Defendant CVS has requested it be dismissed from the Medical Monitoring Class Complaint. CVS bases this request on Plaintiffs' recent agreement to withdraw other proposed class representatives, resulting in what CVS claims is a "gap" now in whether the

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
February 25, 2022
Page 4

remaining proposed class representatives purchased valsartan from CVS.  As with Defendants' prior attempts to obtain early dismissal of parties or claims, Plaintiffs are evaluating CVS's request in good faith and will respond accordingly.  Plaintiffs note – again – that in the interest of efficiency Plaintiffs have agreed to voluntarily dismiss multiple claims or named plaintiffs in the past, where appropriate.  In the meantime, it is improper for any Defendant to force a premature facts-based, merits decision in the context of these recurring CMCs.  As previously discussed with the Special Master, Plaintiffs cannot be compelled to dismiss any plaintiff or claim prematurely, especially when CVS is free to raise its arguments at class certification or summary judgment.  Therefore, Plaintiffs submit there is nothing for the Special Master or the Court to address here at this time.

   **4. Plaintiff Fact Sheet Show Cause Submissions.**

Plaintiffs will be prepared to address this issue during the case management conference.

Respectfully,

ADAM M. SLATER

Encl.

Cc: All counsel of record (via ECF)