# Exhibit 1

| | |
|---|---|
| **From:** | Kapke, Kara |
| **Sent:** | Wednesday, February 23, 2022 11:46 AM |
| **To:** | David J. Stanoch; Nicholas Migliaccio; Geman, Rachel; Springer, Alice; cgeddis@mazieslater.com; mgriffith@mazieslater.com |
| **Cc:** | valpec@kirtlandpackard.com; Richer, Kristen; Johnston, Sarah |
| **Subject:** | FW: Letter from K. Kapke to PEC re Dismissal of CVS in MMMC.docx |
| **Attachments:** | 2022-02-17-Letter from K. Kapke to PEC re Dismissal of CVS in MMMC.pdf; Stipulation and Proposed Order Dismissing Claims Against CVS in MMMC.docx |

Counsel: I'm following up on my letter below, requesting dismissal of CVS from the Medical Monitoring Complaint.

*Kara M. Kapke* | Partner

Mobile (317) 509-9545 | Fax (317) 231-7433
Direct (317) 231-6491 | Twitter @KaraKapke
http://www.btlaw.com/kara-kapke/
she/her/hers

 

Atlanta | California | Chicago | Delaware | Indiana | Michigan | Minneapolis
Ohio | Raleigh | Salt Lake City | Texas | Washington, D.C.

**From:** Kapke, Kara
**Sent:** Thursday, February 17, 2022 1:43 PM
**To:** David J. Stanoch <d.stanoch@kanner-law.com>; Nicholas Migliaccio <nmigliaccio@classlawdc.com>; Geman, Rachel <rgeman@lchb.com>; Adam Slater <aslater@mazieslater.com>; 'cgeddis@mazieslater.com' <cgeddis@mazieslater.com>; 'mgriffith@mazieslater.com' <mgriffith@mazieslater.com>
**Cc:** Richer, Kristen <Kristen.Richer@btlaw.com>; Johnston, Sarah <Sarah.Johnston@btlaw.com>; Behrens, Beth <Beth.Behrens@btlaw.com>; valpec@kirtlandpackard.com
**Subject:** Letter from K. Kapke to PEC re Dismissal of CVS in MMMC.docx

Counsel:

Please see attached letter requesting dismissal of CVS from the Medical Monitoring Complaint. A proposed order that follows the template used for Walgreens and Rite Aid is also attached for your convenience.

Please let me know if you have any questions.

Thanks,
Kara

*Kara M. Kapke* | Partner

Mobile (317) 509-9545 | Fax (317) 231-7433
Direct (317) 231-6491 | Twitter @KaraKapke
http://www.btlaw.com/kara-kapke/
she/her/hers

 

1

Atlanta | California | Chicago | Delaware | Indiana | Michigan | Minneapolis
Ohio | Raleigh | Salt Lake City | Texas | Washington, D.C.



11 S. Meridian Street
Indianapolis, IN 46204-3535
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

Kara M. Kapke
Partner
(317) 231-6491
Kara.Kapke@btlaw.com

February 17, 2022

| | |
|---|---|
| David Stanoch, Esq.<br>Kanner & Whiteley, LLC<br>d.stanoch@kanner_law.com | Nicholas Migliaccio, Esq.<br>Migliaccio & Rathod LLP<br>nmigliaccio@classlawdc.com |
| Adam Slater, Esq.<br>Christopher Geddis, Esq.<br>Griffith Michael, Esq.<br>Mazie, Slater, Katz & Freeman LLC<br>ASlater@mazieslater.com<br>CGeddis@mazieslater.com<br>mgriffith@mazieslater.com | Rachel Geman, Esq.<br>Lieff Cabraser Heimann & Bernstein, LLP<br>rgeman@lchb.com |

Re:   *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation,* **U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-RBK-JS**

Dear Counsel:

Following the recent voluntary dismissals of medical monitoring class representatives Richard O'Neill and Celestine Daring (Dkt. Nos. 1913 and 1914, respectively), I write on behalf of CVS Pharmacy, Inc. ("CVS") to request formal dismissal of CVS from the medical monitoring master complaint ("MMMC").

As of today's date, the only medical monitoring class representatives with claims asserted against CVS in the MMMC are Paulette Silberman and Sylvia Cotton. *See* MMMC ¶ 27-28, 545(j). Per our prior email correspondence dated November 8, 2021, and CVS's Amended DFS, CVS itself did not sell or dispense any Affected Drugs to Ms. Silberman. *See* Exs. 1 and 2 (Nov. email and DFS). As noted therein, Ms. Silberman herself testified that she filled valsartan at a pharmacy within a Quick Chek grocery store and never received valsartan from a CVS store. *See* Silberman Tr. at 49 ("It was always QuickChek."); *see also id.* at 131-132. Ms. Silberman also received prescriptions through the mail from Express Scripts and has named them in the MMMC. *See id.* at 39, 51-52; *see also* MMMC ¶ 84-88.

Adam Slater
Christopher Geddis
Griffith Michael
David Stanoch
Nicholas Migliaccio
Rachel Geman
February 17, 2022
Page 2

It is axiomatic that "a class representative must be part of the class" that he or she purports to represent. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011). Thus, Ms. Silberman is not a proper class representative for any medical monitoring claims against CVS.

Likewise, Ms. Cotton is identified as a representative of a medical monitoring sub-class for the State of Texas. However, Plaintiffs do not have any claims against CVS (or any pharmacy defendant) under Texas law. *See, e.g.*, Ex. A to Plaintiffs' Medical Monitoring Class Certification Motion, ECF No. 1750-1. A highlighted excerpt is provided below for your convenience:

| Medical Monitoring | All Defendants | All States Except Alabama, Arkansas, California, Connecticut, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Michigan, Mississippi, Nebraska, New Jersey, Ohio, Oklahoma, South Carolina, Tennessee, Texas, Virginia, Washington, and Wisconsin |
|---|---|---|
| Breach of Implied Warranty of Merchantability | Manufacturer Defendants | All States Except Alabama, Arizona, Idaho, Kentucky, North Carolina, Ohio, Tennessee |
| | Wholesaler Defendants | All States Except Arizona, Connecticut, Georgia, Idaho, Illinois, Kentucky, New York, Oregon, Tennessee, Vermont, Wisconsin |
| | Retail Pharmacy Defendants | All States Except Alabama, Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida, Georgia, Hawaii, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Pennsylvania, Puerto Rico, South Carolina, Tennessee, Texas, Vermont, Virginia, Washington, West Virginia, and Wisconsin |

This Exhibit also references the independent state law product liability act claims brought against all defendants, but Texas is not included in that list. This Exhibit is consistent with rulings made by the Court, including the Court's dismissal of independent medical monitoring claims under Texas law (as well as various other states) and dismissal of breach of implied warranty claims against the pharmacy defendants under Texas law (as well as various other states). *See* ECF No. 775 at 4; *see also* ECF No. 776 at 3; ECF No. 838 at 32-33; and ECF No. 839 at 5. Therefore, Ms. Cotton is also not a proper medical monitoring class representative *as to the pharmacy defendants* and her claims against CVS should likewise be dismissed.

Adam Slater
Christopher Geddis
Griffith Michael
David Stanoch
Nicholas Migliaccio
Rachel Geman
February 17, 2022
Page 3

      Based on the foregoing, and given that there are no class representatives with live medical monitoring claims against CVS in the MMMC, dismissal of CVS from the MMMC is warranted. Please let me know whether Plaintiffs agree to dismiss CVS from the MMMC. I have enclosed a proposed stipulation and order dismissing CVS from the MMMC. If Plaintiffs will not timely agree, we will include this as an agenda item for the next Case Management Conference.

                              Very truly yours,

                              Kara Kapke

                              Kara M. Kapke

cc: valpec@kirtlandpackard.com

Enclosures

BARNES&THORNBURG LLP

# Exhibit 1

| | |
|---|---|
| **From:** | Adam Slater <ASlater@mazieslater.com> |
| **Sent:** | Monday, November 8, 2021 1:16 PM |
| **To:** | Johnston, Sarah |
| **Cc:** | Kapke, Kara; Richer, Kristen; Behrens, Beth; Christopher Geddis |
| **Subject:** | [EXTERNAL]Re: Valsartan - DFS for P. Silberman |

Adding Chris who runs this day to day. Thanks.

Adam M. Slater
Mazie Slater Katz & Freeman

Sent from my iPhone

> On Nov 8, 2021, at 1:06 PM, Johnston, Sarah <Sarah.Johnston@btlaw.com> wrote:
>
> Dear Adam:
>
> We write to amend the DFS for Paulette Silberman, a medical monitoring Plaintiff. Per the attached amendment, we have checked "no" to Question II.A, whether CVS sold or dispensed any Affected Drug. We previously checked "yes" to this question, as CVS does possess records for Ms. Silberman, which we have produced. These records, identified by Bates label CVS_MDL2875_DFS_SILBP0000000001, reference the QuickChek pharmacy and its Passaic location. As we now understand, however, CVS itself did not sell or dispense any Affected Drugs to Ms. Silberman. Ms. Silberman herself testified to this effect, as she filled valsartan at a pharmacy within a Quick Chek grocery store. *See* Silberman Tr. at 49 ("It was always QuickChek."). Ms. Silberman testified that she has never received valsartan from a CVS and has never spoken to a pharmacist at CVS about valsartan. *Id.* at 131-132.
>
> Consistent with this testimony and our understanding, we will be serving the amended DFS for Ms. Silberman today. And given that Ms. Silberman has not purchased valsartan from CVS, we respectfully request that you withdraw her as a potential class representative *against CVS*, leaving only her claims against the other defendants in Paragraph 27 of the Third Amended Medical Monitoring Class Action Complaint.
>
> Please let us know if you would like to discuss further.
>
> Thank you,
> Sarah
>
> **Sarah Johnston** | Partner
> Barnes & Thornburg LLP
> 2029 Century Park East Suite 300, Los Angeles, CA 90067
> Direct: (310) 284-3798 | Mobile: (310) 600-5530
>
> <image001.png>  <image002.png>  <image003.jpg>  <image004.png>  <image005.jpg>

1

\<image006.jpg\>

[Visit our Subscription Center to sign up for legal insights and events.](#)
```
CONFIDENTIALITY NOTICE: This email and any attachments are
for the exclusive and confidential use of the intended recipient. If
you are not the intended recipient, please do not read, distribute
or take action in reliance upon this message. If you have received
this in error, please notify us immediately by return email and
promptly delete this message and its attachments from your
computer system. We do not waive attorney-client or work product
privilege by the transmission of this message.
```
\<Second Amended DFS Response - Paulette Silberman - CVS Retail(21295831.1).pdf\>

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler<br>Hon. Joel Schneider<br><br>**PHARMACY DEFENDANTS' SECOND AMENDED EXEMPLAR DEFENDANT FACT SHEET** |

      In accordance with the Court's August 6, 2020 Order (Dkt. 546), within 60 days of completion of a Plaintiff's Fact Sheet, each Pharmacy or Retailer Defendant ("Pharmacy Defendant") identified in the applicable Plaintiff Fact Sheet ("PFS") must complete and serve this Exemplar Defendant Fact Sheet ("EDFS") on each Plaintiff's counsel identified in the PFS and on the Plaintiffs' Executive Committee through MDL Centrality. This EDFS applies only to those cases specifically referenced in the Court's January 30, 2020 Order (Dkt. 360), which limited the Pharmacy Defendants' Fact Sheet obligations to: (1) Defendant Fact Sheets produced in response to Plaintiff Fact Sheets submitted by putative class representatives; and (2) to a representative group of 20 personal injury plaintiffs, to be identified by the Plaintiffs' Executive Committee.[1]

      The 60-day time period for each Pharmacy Defendant to prepare and produce an EDFS shall begin no earlier than (1) August 15 for the putative class representative plaintiffs; and (2) August 31 for the personal injury plaintiffs, provided Plaintiffs' Executive Committee has identified those plaintiffs to counsel for the Pharmacy Defendants by that date. Further, and consistent with the terms of the Court-approved PFS, entered October 28, 2019 (Dkt. 283), no Defendant will be required to serve an EDFS until Plaintiff supplies a substantially completed and verified PFS. The determination whether a PFS is "substantially complete" shall be made in accordance with the process set forth in the Court-approved PFS (CMO 16). Plaintiffs understand that the Pharmacy Defendants have coordinated with all Wholesaler and Manufacturer Defendants in any cases in which they are named to review Plaintiff Fact Sheets and identify any deficiencies, and that the Defendants have and will continue to serve joint deficiency notices as to each PFS served. Defendants will continue to use this coordinated process for identifying PFS deficiencies, and nothing shall prohibit the Pharmacy Defendants from continuing to rely on a coordinated deficiency notice for purposes of arguing that a PFS is not substantially complete.

---

[1] The Pharmacy Defendants' position is that the questions set forth herein may be unduly burdensome if the Pharmacy Defendants are required to answer these same questions for all Plaintiffs in this litigation, rather than the initial small subset contemplated by the Court's January 30 Order. The Parties agree to meet and confer on the scope and/or deadlines associated with this DFS if the Court orders Defendants to respond to all Plaintiffs' PFS.

Each response must provide the substantive information requested to the extent the information is reasonably accessible to the responding Defendant as maintained in the responding Defendant's central, non-custodial files, and as maintained in the ordinary course of business. The responding Defendant need not search store-level or custodial data for purposes or responding to this DFS. Defendants represent that the information sought herein ordinarily is kept in non-custodial, centrally stored databases, to the extent the information is maintained at all. If applicable, and in lieu of answering the questions set forth below, the responding Defendant may produce and cite to produced documents or business records by Bates number in accordance with Federal Rule of Civil Procedure 33(d).

In filling out this form, Defendants must respond on the basis of information and/or documents that are reasonably available to the Defendant and use the following definitions:

**"AFFECTED DRUGS":** The Valsartan-containing drugs identified in the PFS and confirmed by attached pharmacy records, to the extent National Drug Code(s) (NDC) or other identifiers allow confirmation of drug source. For purposes of the EDFS, "Affected Drugs" is limited to only those drugs with a NDC associated with any of the Manufacturer Defendants identified in Plaintiffs' Master Complaints. If a Pharmacy Defendant cannot conclude that it sold the Valsartan-containing drug identified in a Plaintiff's PFS, it shall so state herein.

**"AFFECTED API":** The Valsartan API for any Affected Drug(s).

**"DOCUMENTS":** "Documents" as used in this request is coextensive with the meaning of the terms "documents," "electronically stored information" and "tangible things" as used in the Federal Rules of Civil Procedure, and shall have the broadest possible meaning and interpretation ascribed to those terms. To the extent "Documents" refers to electronically stored information, the scope shall be interpreted as consistent with the scope of communications contemplated by the Electronic Discovery Protocol (Dkt. 127) agreed to by the parties.

**"PLAINTIFF":** Means the Plaintiff who took the Affected Drug in the individual action to which this DFS relates. Plaintiff does not include any estate representative, spouse or other individual asserting derivative or representative claims on behalf of the individual who took the Affected Drugs identified in the PFS.

**"YOU," "YOUR," or "YOURS":** Means the responding Defendant.

I. **CASE INFORMATION**

    **This DFS pertains to the following case:** Paulette Silberman, No. 19-md-2875

    **Date that this DFS was completed:** November 8, 2021

    **Defendant completing this DFS:** CVS Pharmacy, Inc. ("CVS")

II. **PHARMACY DEFENDANTS**

    A. **Based on the information provided by Plaintiff through the PFS, can you determine that you sold and/or dispensed any Affected Drug(s)?**

        Yes \_\_\_\_ No \_\_X\_\_

    B. **If your answer to Question II(A) was "yes," please produce dispensing records and/or provide information from your centrally stored records sufficient to identify the following information. To the extent the dispensing records in your possession responsive to this question are identical to those already produced by the Plaintiff with his/her PFS and contain the information set forth below, you may state as much below.[2]**

        1. **The NDC of the Affected Drug(s) you determined that you sold and/or dispensed to Plaintiff, and the entity to whom the NDC is registered;**

Not Applicable.

        2. **Identify the manufacturer of the Affected API.**

Not Applicable.

        3. **The name and address of the stores (or remote order fulfilment location) that dispensed the Affected Drug(s), including any store identifiers (e.g., Pharmacy No. 123);**

Not Applicable.

        4. **The date(s) on which the Affected Drug(s) were dispensed.**

Not Applicable.

---

[2] To the extent you rely on this provision in lieu of producing dispensing records, you must agree to stipulate to the authenticity of the dispensing records.

3

> **5.  The batch number, lot number, and expiry date for Affected Drugs dispensed on each dispensation date;**

Not Applicable.

> **6.  The quantity of Affected Drug(s) dispensed on each dispensation date.**

Not Applicable.

> **7.  The amounts paid by Plaintiff for the Affected Drug(s) on each dispensation date; and**

Not Applicable.

> **8.  Which of the Affected Drug(s) were recalled by you, if any, and the date(s) of recall.**

Not Applicable.

> **C.  Identify the entity or entities from which you purchased each Affected Drug(s) listed in response to Question II(A) and (B), the full chain of distribution as high in the distribution chain as your records or other information available to you demonstrate for each Affected Drug. In responding to this question, you may refer to any purchase records produced by you in response to Request for Production No. 1 of Plaintiffs' Second Amended Set of Requests for Production of Documents to the Retail Pharmacy Defendants (Dkt. 508-1). To the extent you refer to any such production, your response should contain sufficient information to permit the reviewing party to locate the data contained in any document referred to in your response.**

Not Applicable.

> **D.  Did you send any recall communication to the Plaintiff regarding any recall of Valsartan and/or any potential Valsartan impurities? If yes, provide the date(s) on which you sent such communication to the Plaintiff. If available, provide a copy of the communication(s), letter(s), or template letter(s) sent to the Plaintiff relating to any recall of Valsartan and/or any potential Valsartan impurities. If no such copy of the communication(s) or letter(s) sent to the Plaintiff is available, state as much in your response to this question.**

Not Applicable.

  **E.** **Did Plaintiff return any Affected Drugs listed in response to Question II.A or II.B to you due to any product recall?**

   Yes____ No____ Don't know____

   **If yes, please identify and produce:**

   a. The date you regained possession or control of the drugs, if returned to you;

   b. The current location of the drugs; and

   c. The date and result of any nitrosamine-related testing, if any, done by you on the returned or retained drugs, as by the Court's Order on macro discovery (Dkt. 303, ¶ 8).

Not Applicable.

  **F.** **To the extent you performed testing on the returned Affected Drug, as referenced in Question II.E.c, state whether you supplied each test result identified in response to Question II.E.c to the FDA or to any other entity or person (*e.g.*, your actual or prospective customers), and, if so, identify the test result, and provide the recipient of the test result, date of communication and content of the communication.**

Not Applicable.

  **G.** *Answer only if Plaintiffs answered "yes" and provided sufficient information in response to question III.B.7 and its subparts in the PFS:* **Have you ever been contacted through the customer call or contact centers by Plaintiff or by anyone acting on behalf of Plaintiff (other than Plaintiff's counsel) regarding the Affected Drugs at any time from the date Plaintiff began taking valsartan-containing drugs through the present?**
**Yes____ No____ Don't know ____**

**If yes, produce all Documents evidencing that contact, including video or audio recording of such contacts.**

Not Applicable.

  **H.** **Produce any document created before the filing of this lawsuit that refers to Plaintiff and the contamination or recall of Valsartan, other than documents received or produced in discovery in this matter. You need not search for or produce record authorization requests in responding to this question. In responding to this request, Defendants will search and produce responsive**

5

>    **documents from their customer call center records, customer contact center records, and central complaint files.**

Not Applicable.

>   **I.     Subject to limitations set forth in this fact sheet concerning timeframes and categories of relevant information, please produce any recall advisory communication regarding the Affected Drug sent to or received from any of Plaintiff's Prescribing Health Care Providers identified in the PFS and/or Primary Treating Physician identified in the PFS. To the extent the exact copy of any such communication is not reasonably available, please produce the template of any such letter.**

Not Applicable.

*     *     *

Discovery in this matter is ongoing. CVS reserves the right to supplement its response at a later date, if applicable.

## VERIFICATION

    I am Legal Counsel for CVS Pharmacy, Inc., a Defendant named in this litigation. I am authorized by this Defendant to execute this certification on each corporation's behalf. I hereby certify that the information provided in the accompanying Response to Defendants' Fact Sheet is not within my personal knowledge, but the facts state therein have been assembled by authorized employees and counsel, upon which I relied. I hereby certify, in my authorized capacity, that the responses to the aforementioned Defendants' Fact Sheet are true and complete to the best of my knowledge on information and belief.

Date: November 8, 2021

_____
Signature

Name: Sarah E. Johnston

Employer: Barnes & Thornburg LLP

Title: Partner

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br><br>**This Document Relates to All Actions** | Case No. 19-md-2875-RBK<br>MDL No. 2875<br><br>Honorable Robert B. Kugler,<br>District Court Judge |

## JOINT STIPULATION REGARDING DISMISSAL OF CVS PHARMACY, INC. FROM THE MEDICAL MONITORING MASTER COMPLAINT

WHEREAS, Plaintiffs have named CVS Pharmacy, Inc. ("CVS") as a defendant in the Consolidated Third Amended Medical Monitoring Class Action Complaint, ECF 1709 ("Medical Monitoring Master Complaint");

WHEREAS, on February 14, 2021, putative medical monitoring class representative Richard O'Neill voluntarily dismissed his case, ECF 1913;

WHEREAS, on February 14, 2021, putative medical monitoring class representative Celestine Daring voluntarily dismissed her case, ECF 1914;

WHEREAS, with the dismissal of Plaintiffs O'Neill and Daring, none of the putative medical monitoring class representatives filled an at-issue prescription at CVS and/or have any live medical monitoring claims asserted against CVS; and

WHEREAS, Plaintiffs will stipulate to the voluntary dismissal of CVS from the Medical Monitoring Master Complaint.

It is hereby STIPULATED AND AGREED by and among the undersigned counsel as follows:

1. Plaintiffs will dismiss CVS from the Medical Monitoring Master Complaint.

2. This dismissal shall be without prejudice, with each party to bear its own attorneys' fees and costs.

**IT IS SO STIPULATED.**

DATED: February 16, 2020   By: _____
Adam Slater
MAZIE, SLATER, KATZ &FREEMAN LLC
*Liaison Counsel for Plaintiffs*
103 Eisenhower Pkwy, 2nd Flr.Roseland, NJ 07068
Phone (973) 228-9898
ASlater@mazieslater.com

DATED: February 16, 2022   By: _____
Sarah Johnston
Kara Kapke
BARNES & THORNBURG LLP
*Attorneys for CVS Pharmacy, Inc.*
2029 Century Park E., Suite 300
Los Angeles, CA 90067
Phone (310) 284-3798
Sarah.Johnston@btlaw.com
Kara.Kapke@btlaw.com

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | Case No. 19-md-2875-RBK<br>MDL No. 2875<br><br>Honorable Robert B. Kugler,<br>District Court Judge |

### [PROPOSED] ORDER

**AND NOW,** on this _____ day of _____ 2022, upon consideration of the attached Stipulation, which applies to Civil Action No. 19-md-2875, it is hereby **ORDERED** that the Stipulation is **APPROVED** and CVS Pharmacy, Inc. is hereby dismissed from the Medical Monitoring Master Complaint without prejudice, with each party to bear its own attorneys' fees and costs.

It is so **ORDERED**.

Dated: _____

                                                                                       Hon. Robert B. Kugler