# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Honorable Thomas I. Vanaskie (Ret.), Special Discovery Master |

## ZHP'S SUR-REPLY BRIEF TO CORRECT FACTUAL INACCURACIES IN PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR RULE 37 SANCTIONS

## **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ........................................................................................1

II. ARGUMENT ..............................................................................................1

    A.  Plaintiffs' Reply Mischaracterizes ZHP's Good-Faith Efforts To Make Mr. Chen Available For Deposition..............................................1

    B.  Plaintiffs' Misstatements Regarding The Court's Orders Related To ZHP's Supplemental Document Production Demonstrate That Plaintiffs, Not ZHP, Are Acting In Bad Faith. .............................4

III. CONCLUSION............................................................................................6

CERTIFICATE OF SERVICE .................................................................................8

## I. INTRODUCTION

Plaintiffs' reply brief seeks to justify their bid for draconian sanctions and avoid litigating their claims on the merits by professing to be experts in Chinese administrative law and blaming ZHP for the decision by the People's Republic of China ("PRC") not to permit ZHP's Chief Executive Officer to travel out of China to be deposed in this litigation. In addition, Plaintiffs continue to mischaracterize ZHP's written discovery efforts. Plaintiffs' various misstatements and attacks do not come close to supporting their sweeping request to strike ZHP's defenses or deem claims admitted.

## II. ARGUMENT

### A. Plaintiffs' Reply Mischaracterizes ZHP's Good-Faith Efforts To Make Mr. Chen Available For Deposition.

Plaintiffs' reply contains multiple misstatements regarding ZHP's attempt to secure permission for Mr. Chen to leave China. For example:

**Plaintiffs' statement that the parties scheduled Mr. Chen's deposition for May 31, 2021, but that ZHP unreasonably delayed in seeking permission for Mr. Chen's deposition until June 2021 is misleading**. (Pls.' Reply at 7.) Plaintiffs ignore that on May 3, 2021, this Court postponed Mr. Chen's deposition until June 21-23, 2021, so that ZHP's motion for a protective order under the "apex" witness doctrine could be supplemented with the deposition testimony of

former ZHP Vice Chairman, Jun Du. As Judge Vanaskie stated during the May 3, 2021 Case Management Conference:

> Now, I know what that means and that means we're going to have to postpone Mr. Chen's deposition, but I'm not going to postpone it for more than a couple of weeks. If I were to grant -- if I were to allow you to defer filing that motion until after Mr. Du's deposition's taken, we won't have briefing on the motion completed until near the end of June. So, we'll -- I think you asked for Mr. Chen's deposition to be deferred until the week of June 21st. That's what we'll do. We'll defer that to the week of June 21st.

(Status Conf. Tr. 45:10-18, May 3, 2021 (ECF No. 1220).)

Given the postponement of Mr. Chen's deposition on May 3, 2021, ZHP did not file the application for Mr. Chen's travel permit until closer to the rescheduled date of his deposition of June 21-23, 2021. ZHP submitted the travel permit application to the ZHP Communist Party Committee on June 9, 2021, and the permit was approved the next day. (Decl. of Sihan Lu ("Lu Decl.") ¶ 6.)

**Plaintiffs falsely state that Sihan Lu's declaration shows that she was previously unaware of the requirement of submitting a travel permit application and unfairly attacks ZHP for tasking Ms. Lu with such an "important application."** (Pls.' Reply at 2.) There is nothing in Ms. Lu's declaration that suggests she was unfamiliar with any aspect of the process for submitting an application for a permit to travel out of China. To the contrary, the declaration details the steps Ms. Lu took to apply for Mr. Chen's travel permit,

2

provides the information she received from the different approval authorities as she was doing so, and shows that she fully and competently completed the application process. (*See* Lu Decl. ¶¶ 4-15.)

**Plaintiffs erroneously accuse ZHP of submitting an "incomplete" application by omitting the "Country/Region" and the "Opinions from the leader in charge."** (Pls.' Reply at 7.) Plaintiffs are neither experts in completing the travel application form nor knowledgeable with respect to the procedures involved in submitting travel permit applications; nor do they even attempt to cite anything suggesting that the application required these pieces of information. Plaintiffs also fail to understand what is meant by "Opinions from the leader in charge," much less what opinions were supposedly necessary. As the highest-ranking official at ZHP, Mr. Chen *is* the "leader in charge"; thus, there is no person at ZHP who oversees him and could have provided an opinion regarding the application. That is why those parts of the application were left blank. In any event, Plaintiffs have no basis to conclude that the absence of such as-yet-undefined information could have had any bearing on the PRC's decision to deny a travel permit for Mr. Chen.

**Plaintiffs erroneously assert that the application contains an "astonishingly generic explanation of the 'Reasons for application and period.'"** (Pls.' Reply at 7.) As previously noted, neither Plaintiffs nor their counsel

3

are qualified to opine on the sufficiency of a form submitted on behalf of a Chinese citizen and government member, requesting travel out of China. Moreover, Ms. Lu clearly stated in her declaration that the approval authority understood that Mr. Chen was seeking to travel out of China for a deposition. (*See* Lu Decl. ¶ 3.) Accordingly, the reasons for the application were conveyed to—and understood by—the PRC government.

**Plaintiffs falsely suggest that Mr. Chen "presumably could obtain approval if he truly wanted" because he "heads" one of the two government entities that denied the application.** (Pls.' Reply at 7-8.) The notion that Mr. Chen could unilaterally grant himself a travel permit, or override the divisions of the PRC government that denied that permit, is rank speculation. Moreover, Mr. Chen is not a member of the other PRC government agency, which manages immigration affairs in China and denied the travel permit application, further refuting Plaintiffs' speculation that the decision was somehow in Mr. Chen's control.

> **B.     Plaintiffs' Misstatements Regarding The Court's Orders Related To ZHP's Supplemental Document Production Demonstrate That Plaintiffs, Not ZHP, Are Acting In Bad Faith.**

Plaintiffs' reply also contains various attacks on ZHP's efforts to produce the remaining documents subject to Special Master Order No. 54 ("SMO 54"). Most fundamentally, they ignore that ZHP's ongoing efforts to comply with the Court's

4

Order are subjecting ZHP to the risk of incurring penalties under China's Data Security Law, which itself belies Plaintiffs' charges of bad faith. Plaintiffs also overlook that it is they who have failed to meet and confer in good faith to discuss ZHP's proposals to produce the documents in question—the majority of which are hard-copy nitrosamine testing records for valsartan API batches *that were never even sold in the United States*. As ZHP has repeatedly told Plaintiffs (and as the Court recognized in SMO 54), this undertaking is extremely burdensome and labor-intensive, because it involves the identification, tagging and scanning of hard-copy documents involving more than 5,800 batches. ZHP and its vendor have already been working on this project for several weeks, but there have been several unfortunate delays caused by stringent COVID-19 policies in China and the Chinese New Year. ZHP expects that these documents will be produced to Plaintiffs by March 18, 2022.

Finally, Plaintiffs' two purported bases for claiming that ZHP has acted in bad faith with respect to its supplemental document production are not true. Specifically:

- Plaintiffs assert that while the Court ordered production of Ms. Kong's custodial file on May 12, 2021, ZHP waited until after China's new Data Security Law went into effect on September 1, 2021 to assert that it was precluded from producing documents from that file. (*See* Pls.' Reply at 8.) That is false. According to the Court's own order, Ms. Kong's custodial file was not ordered to be produced until *November 12, 2021*. (*See* SMO 54 (ECF No. 1753 at 5)).

- Plaintiffs also claim that the documents in Ms. Kong's custodial file "never should have been the subject of an Order since they were owed as part of the

5

primary productions." (Pls.' Reply at 8.) This is not true either. Ms. Kong was never on the list of Court-ordered custodians that comprised ZHP's "primary production," which is why ZHP was not under any obligation to produce Ms. Kong's file until November 12, 2021. (*Compare* List of ZHP Custodians Approved by Magistrate Judge Schneider (ECF No. 328) and SMO 54 (ECF No. 1753 at 5) ("ZHP will be ordered to produce the relevant, non-privileged parts of Ms. Kong's custodial file, and the impact of China's recently-adopted privacy law will be addressed if raised as a ground for withholding from discovery this potentially significant source of discovery.").)

The reality is that by next month, ZHP will have complied with each and every one of this Court's Orders regarding the production of documents, despite the significant obstacles presented by China's Data Security Law, demonstrating ZHP's good faith and further proving that Plaintiffs' request for sanctions is improper.

### III. CONCLUSION

For the foregoing reasons, and those set forth in its prior briefing, ZHP respectfully requests that the Court deny Plaintiffs' motion for sanctions in connection with the deposition of Mr. Chen and ZHP's supplemental production of documents.

Dated: February 28, 2022

                                          Respectfully submitted,

                                          By: <u>/s/ Seth A. Goldberg</u>

                                          DUANE MORRIS LLP
                                          Seth A. Goldberg
                                          30 South 17th Street
                                          Philadelphia, Pennsylvania 19103
                                          Tel.: (215) 979-1000

Fax: (215) 979-1020
SAGoldberg@duanemorris.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co, Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

*/s/ Seth A. Goldberg*
Seth A. Goldberg

DM1\12902092.1