# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

March 2, 2022

**VIA CM/ECF**
Honorable Thomas I. Vanaskie, Special Master
Stevens & Lee, P.C.
1500 Market Street, East Tower, 18th Floor
Philadelphia, Pennsylvania 19103

Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
No. 1:19-md-02875-RBK (D.N.J.)

Dear Judge Vanaskie:

Plaintiffs respectfully submit this letter in opposition to ZHP's motion to file a sur-reply in opposition to Plaintiffs' motion for Rule 37 sanctions, filed on Monday, which the docket currently states is returnable on April 4, 2022. Plaintiffs acknowledge that the Court has granted this motion, but given today's *Daubert* hearing and the requisite preparation earlier this week, Plaintiffs have not been able to respond until now, albeit not as thoroughly as had previously been planned. Thus, we are asking the Court to consider this opposition, and to vacate and deny the Order permitting the sur-reply.

ZHP claims that the motion is necessary "to correct these fundamental factual inaccuracies and mischaracterizations before the Court considers and adjudicates Plaintiffs' pending motion." (ECF 1942, p.1). However, ZHP's proposed sur-reply does not identify any such inaccuracies or

Hon. Thomas I. Vanaskie, Special Master
March 2, 2022
Page 2

mischaracterizations.  Instead, it seeks to excuse the inexcusable: ZHP's continued disregard for this Court's numerous discovery orders.

ZHP first argues that it did not "unreasonably delay[] … seeking permission for Mr. Chen's deposition until June 2021." (ECF 1942-2, p. 1).  As already established, the Court ordered Mr. Chen's deposition in December 2020, and the Parties scheduled his deposition for May 31, 2021.  The Court cannot reach any other conclusion besides bad faith given the fact that ZHP waited until June 2021 to seek logistical authority for the deposition to occur.

Second, ZHP claims, "There is nothing in Ms. Lu's declaration that suggests she was unfamiliar with any aspect of the process for submitting an application for a permit to travel out of China." (*Id.* at 2).  This is inaccurate.  Ms. Lu did not even know she needed to submit a form for Baohua Chen to leave China.  Instead, she called the Taizhou Federation of Industry and Commerce (where Baohua Chen is the Chair) and was informed she needed to submit a form, which she did not even have, so she needed to go to the Federation and obtain it.  Thus, Ms. Lu's "knowledge" of how to obtain permission for Baohua Chen to leave the country was limited to which agency to contact and nothing more.

ZHP also argues that its application was complete. (*Id.* at 3).  To be clear, ZHP has the burden on this issue.  Nevertheless, ZHP contends that Plaintiffs cannot review the application for completeness because, "Plaintiffs are neither experts in completing the travel application form nor knowledgeable with respect to the procedures involved in submitting travel permit applications; nor do they even attempt to cite anything suggesting that the application required these pieces of information." (*Id.*).  Yet, ZHP has not proffered any expert on the completeness of this form or ZHP's inability to obtain permission for Baohua Chen to leave mainland China for his deposition.  Nor does ZHP explain why Baohua Chen as the "leader in charge" failed to provide his opinion in

the application as required. Without such evidence, ZHP failed to meet its burden on this issue, and the reasonable conclusion is that ZHP acted in bad faith.

Fourth, ZHP baldly dismisses Plaintiffs' argument that the application contains an "astonishingly generic explanation of the 'Reasons for application and period.'" (*Id.* 3). The application speaks for itself, and it says basically nothing in terms of the reason for and importance of the travel or the period of the travel. ZHP cannot credibly contend that "the reasons for the application were conveyed to—and understood by—the PRC government." (*Id.* at 4).

Fifth, Plaintiffs do not contend, as ZHP states, that "Mr. Chen could unilaterally grant himself a travel permit, or override the divisions of the PRC government that denied that permit." (*Id.*). Rather, the record shows Baohua Chen is a billionaire with ties at every level of government (including his senior position in the entity receiving the application at issue in this motion), who has previously traveled to New Jersey on behalf of ZHP. ZHP's scant proffer on its inability to obtain permission for Baohua Chen to leave mainland China is not credible in the context of the rest of the record. As explained above and in Plaintiffs' prior briefing, ZHP's half-hearted efforts demonstrate its bad faith in trying to schedule Baohua Chen's deposition and warrant Rule 37 sanctions.

Last, ZHP has the temerity to accuse Plaintiffs' of acting in bad faith with respect to its failure to produce its full Supplemental Production concerning, in significant part, the July 27, 2017 email that was likely intended to be withheld despite its significance. That email was mistakenly produced as demonstrated to the Court previously, as part of one custodian's file, despite it being sent to a total of seven custodians, none of whom were listed as duplicate custodians. (*Id.* at 4-6; Ex. 1 hereto (the English translation followed by the original email, both redacted pursuant to ECF 1871)). Of note, the email was not even included in the custodial

Hon. Thomas I. Vanaskie, Special Master
March 2, 2022
Page 4

production of its author, who was not listed as a duplicate custodian and was never issued a litigation hold notice.

ZHP claims that Plaintiffs had an obligation to meet and confer on the production of the testing results that should have been part of its original discovery production in late 2020. However, the time for meeting and conferring on core discovery has long passed. Plaintiffs are entitled to these Court ordered documents. ZHP intentionally omitted them from its original production. Once the Court ordered the production again, ZHP continued to withhold the documents. After Plaintiffs obtained a motion to compel the production, ZHP has continued to withhold the documents on a basis that the Court has explicitly rejected as legally unfounded.[1] This continuing violation of the Court's Orders establishes ZHP's bad faith, if not willful contempt.

Given that ZHP's proffered basis for filing a sur-reply—which was a pretense for ZHP to try to get in the last word on this motion—and the sur-reply's failure to establish that basis, it is submitted that the Court should vacate its order granting ZHP's motion and then deny the motion. If not, this letter confirming what has actually occurred, should be considered as well.

Thank you for your courtesies and consideration.

Respectfully,

ADAM M. SLATER

Encl.
cc:   All Counsel (via CM/ECF)

---

[1] ZHP also discusses the procedural history of the Court's orders for the production of Xiaofang (Maggie) Kong's custodial file. (ECF 1942-2, p. 5-6). This is confusing because ZHP claims the motion concerning the Supplemental Production is entirely moot, and Plaintiffs essentially conceded that point for Ms. Kong's file, without prejudice, at least for the time being until ZHP produces its privilege log for the custodial file, which may raise new issues. To the extent Plaintiffs' brief is somehow unclear, Plaintiffs do not allege that ZHP was responsible for producing Ms. Kong's custodial file as part of its primary discovery production.