IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| _____ ) | |
| *In Re*: Valsartan, Losartan, and Irbesartan ) | **19-MD-2875** |
| Products Liability Litigation ) | |
| ) | **Honorable Robert B. Kugler, District Judge** |
| ) | **Honorable Sharon A. King, Magistrate Judge** |
| *This document applies to all cases.* ) | |
| _____ ) | |

**KUGLER, District Judge:**

    <u>**CASE MANAGEMENT ORDER NO. 25**: Appointment of Parties' Settlement Counsel</u>

    **IT APPEARING TO THE COURT** that a fair and equitable way to advance settlement negotiations in this Multi-District Litigation ["MDL"] is to ask each party to nominate settlement counsel to represent it in MDL settlement negotiations conducted by the Settlement Special Masters: the Honorable (Ret.) Gregory M. Sleet, and the Honorable (Ret.) Lawrence F. Stengel,

    **IT ALSO APPEARING TO THE COURT** that asking each party to so nominate not only furthers the settlement process in this MDL but also respects the preferences of each party,

    **IT ALSO APPEARING TO THE COURT** that, according to the Local Rules of this Court (See Appendix 1.0 hereinbelow), the Settlement Special Masters have authority to appoint formally settlement counsel for each party, and

    **EACH PARTY HAVING NOMINATED** its own settlement counsel, as listed in Appendix 2.0 hereinbelow,

    **IT IS HEREBY ORDERED** on this 3rd day of March 2022 that pursuant to the authority granted to the Settlement Special Masters:

 each settlement counsel nominated in Appendix 2.0 is appointed formally as such for the corresponding party; and

    **IT IS FURTHER ORDERED** that the Court consents to the Settlement Special Masters' appointment of settlement counsel for each party.

s/Lawrence J. Stengel  
Honorable (Ret.) Lawrence J. Stengel  
Special Master

s/Gregory M. Sleet  
Honorable (Ret.) Gregory M. Sleet  
Special Master

s/Robert B. Kugler  
Honorable Robert B. Kugler  
United States District Judge

**APPENDIX 1.0        Authority of Special Masters to Appoint Settlement Counsel**

    **1.1        Local Rules of the District of New Jersey**

The authority of the Settlement Special Masters to appoint settlement counsel for each party arises specifically from Local Rule 301.1 (f) in concert with Appendix Q of the Local Rules, which states:

*(f) Guidelines for Mediation:*

*The Court, the Clerk, the parties, attorneys and mediators are hereby referred to the Guidelines for Mediation (Appendix Q to these Rules) for their information and guidance in civil actions referred to mediation pursuant to this Rule. Said Guidelines for Mediation shall have the same force and effect as the provisions of this Rule.*

    **1.2        Appendix Q Of The Local Civil Rules.  Guidelines For Mediation**

Appendix Q states:

*II.        Mediator's Responsibility for Managing the Mediation Process*

*A. When a case is referred to mediation the compliance judge shall designate a mediator or co-mediators as may be appropriate. With the designation of a mediator the Court has delegated to him or her the authority to control and regulate the mediation process, including: …*

*(3) Determining and designating the appropriate representatives of parties, including individuals with settlement authority or other specific individuals, to attend mediation sessions.*

Inasmuch as the Court has appointed Settlement Special Masters in this MDL and has asked them to regulate settlement negotiations, which is a mediation process, the Court has delegated to the Special Masters the authority to determine and designate settlement counsel for the parties.

    **1.3        District of New Jersey's Mediation website**

Further support for the authority of the Settlement Special Masters also arises from the District of New Jersey's Mediation website, found at https://www.njd.uscourts.gov/mediation , which provides the following guidance to parties litigating before this Court:

*"Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil*

> *Rule 26.1, one of the topics that must be addressed is the eligibility of a civil action for participation in ADR.*
>
> *A civil action may be referred to mediation at any time." ...*
>
> *"If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator."*

In summary, the Local Rules and the Court's guidance to litigants, taken together, authorizes the Court to refer a matter to mediation even without the parties' consent. Nonetheless, this Court has not acted without the parties' consent or arbitrarily. To the contrary, this Court has named eminently qualified mediators as Settlement Special Masters, afforded the parties' consent by inviting them to nominate their own preferred attorneys as settlement counsel, and then ensured these preferred attorneys were appointed as settlement counsel by the Settlement Masters.

**APPENDIX 2.0        SETTLEMENT COUNSEL APPOINTED HEREWITH**

| PARTY | SETTLEMENT COUNSEL |
|---|---|
| **Plaintiffs** | ROBERT GILBERT<br>Kopelowitz, Ostrow, Ferguson, Weiselberg & Gilbert<br>2800 Ponce de Leon Blvd, Suite 1100<br>Coral Gables, FL 33134<br>(305) 384-7270<br>gilbert@kolawyers.com |
| **Manufacturer Defendants**<br>ZHP Parties | SEAN FAHEY<br>Troutman Pepper<br>3000 Two Logan Square 18th & Arch Streets Philadelphia, PA 19103<br>(215) 981.4296<br>sean.fahey@troutman.com<br><br>RONNI FUCHS<br>Troutman Pepper<br>301 Carnegie Center, Suite 400<br>Princeton, NJ 08540<br>(609) 951.4183<br>ronni.fuchs@troutman.com |
| Aurobindo Pharmaceuticals | MICHAEL SCOTT<br>Mike Scott Law<br>2138 Race Street<br>Philadelphia, PA 19103<br>(215) 518-8695<br>mike@mikescottlaw.com |
| Hetero Labs/Drugs, Hetero USA, and Camber | JOHN SHIPP<br>Shipp \| ADR<br>8150 N. Central Expressway, II-South Tower, Dallas, Texas 75206<br>(214) 543-4095<br>john@shippadr.com |
| Mylan Pharmaceuticals | STU WILLIAMS<br>Wilson Sonsini Goodrich & Rosati<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>(212) 999-5801<br>williams@wsgr.com |

| | |
|---|---|
| The Teva Parties | LIZA WALSH<br>Walsh Pizzi O'Reilly Falanga<br>3 Gateway Center,<br>100 Mulberry Street, 15th Floor<br>Newark, NJ 07102<br>(973) 757.1101, Cell:(862) 485.5834<br>lwalsh@walsh.law |
| Torrent Pharma Inc. & Torrent Pharmaceuticals | JAY SPIEVACK<br>Cohen Tauber Spievack and Wagner<br>420 Lexington Ave., Suite 24<br>New York NY 10170-2499<br>(212) 381-8735<br>jspievack@ctswlaw.com |

### Wholesaler Defendants

| | |
|---|---|
| Cardinal Health, Inc. | JOYCE GIST<br>Lewis, Krevolin, Horst, LLC<br>1201 Peachtree Street, NW Suite 3250<br>Atlanta, GA 30309<br>(404) 978-0066<br>jlewis@khlawfirm.com |
| AmerisourceBergen Corp. | LAUREN O'DONNELL & LARRY (BUZZ) WOOD, JR.<br>Blank Rome<br>One Logan Square, 130 North 18th Street<br>Philadelphia, PA 19103-6998<br>(215) 569-5735    lauren.odonnell@blankrome.com<br>(215) 569-5659    larry.wood@blankrome.com |
| McKesson Corporation | CLEA LIQUARD<br>Covington & Burling LLP,<br>New York Times Building, 620 Eighth Avenue<br>New York, NY 10018-1405<br>(212) 841-1173<br>cliquard@cov.com |

### Retailer Defendants

| | |
|---|---|
| | HARLEY RATLIFF<br>Shook Hardy & Bacon<br>2555 Grand Blvd.<br>Kansas City, Missouri 64108<br>(816) 474-6550<br>hratliff@shb.com |