IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| _____ ) | |
| *In Re*: Valsartan, Losartan, and Irbesartan )<br>Products Liability Litigation ) | **19-MD-2875 (RBK-SAK)** |
| ) | |
| ) | *DAUBERT* **HEARING ORDER 1:** |
| ) | **REGARDING PARTIES' MOTIONS TO PRECLUDE** |
| ) | **TESTIMONY BY EXPERT WITNESSES** |
| ) | |
| *This document applies to all cases.* ) | |
| _____ ) | |

**KUGLER, District Judge:**

**THIS MATTER HAVING COME BEFORE** the Court upon the parties' motions *in limine* pursuant to Federal Rules of Evidence 702, 403, and 104 to preclude testimony of various experts, especially upon:

**Motions by all Defendants** to preclude the testimony of Plaintiffs' experts:

Stephen Hecht, Ph.D.         (Doc. Nos. 1714, 1793, and 1854);

David Madigan, Ph.D.       (Doc. Nos. 1715, 1797, and 1851);

Dipak Panigrahy, M.D.      (Doc. Nos. 1716, 1794, and 1852);

Mahyar Etminan, Pharm.D., M.S.   (Doc. Nos. 1717, 1795, and 1850);

Stephen Lagana, M.D.       (Doc. Nos. 1718, 1792, and 1853);                     and

**Motions by all Plaintiffs** to preclude the testimony of Defendants' experts:

Lee-Jen Wei, Ph.D.         (Doc. Nos. 1703, 1788, and 1859);

Janice K. Britt, Ph.D.       (Doc. Nos. 1704, 1787, and 1857);

John M. Flack, M.D.        (Doc Nos. 1706, 1791, and 1858);

Jon P. Fryzek, MPH, Ph.D.  (Doc. Nos. 1713, 1786, and 1862);

**THE COURT HAVING SET FORTH PROCEDURE** for two *Daubert*[1] hearings, which:

Required those experts selected to testify at the *Daubert* hearings to submit sworn certifications as the accuracy of their opinions ["the Certifications"]; and

---

[1] Following *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786 (1993), in which the Supreme Court required federal district courts to make a "preliminary assessment" of the admissibility of expert testimony. *Id.* at 2796.

Authorized that the *Daubert* hearings would elicit only cross-examination testimony relating to only the opinions in the Certifications;

**THE COURT HAVING HELD** a first *Daubert* hearing on 2 March 2022 for the Cross-Examination of Plaintiffs' selected experts;

**THE COURT HAVING CONSIDERED** the parties' briefs, oppositions and replies in the above Motions, the submitted Certifications, and the cross-examination testimony elicited at the *Daubert* hearing on 2 March 2022; and

for the reasons expressed on the record at the 2 March 2022 *Daubert* hearing;

**IT IS HEREBY ORDERED** regarding the Motions to Preclude the Testimony of Plaintiffs' Experts**:**

As to the opinions of **Stephen Lagana**, M.D., Defendants' Motion to Preclude is **DENIED**;

As to the opinions of **Dipak Panigrahy**, M.D., which concern NDMA and all cancers as well as NDEA and pancreatic cancer, Defendant's Motion to Preclude is **DENIED**;

However, as to the opinions of **Dipak Panigrahy**, M.D., which concern NDEA and all other cancers, Defendant's Motion to Preclude is **GRANTED**;

As to the opinions of **Mahyar Etminan**, Pharm.D., M.S., which concern NDMA and all cancers as well as NDEA and pancreatic cancer, Defendant's Motion to Preclude is **DENIED**;

However, as to the opinions of **Mahyar Etminan**, Pharm.D., M.S., which concern NDEA and all other cancers, Defendant's Motion to Preclude is **GRANTED**;

As to the opinions of **Stephen Hecht**, Ph.D., Defendant's Motion to Preclude is **DENIED**;

As to the opinions of **David Madigan**, Ph.D., which concern NDMA and all cancers, Defendant's Motion to Preclude is **DENIED**;

However, as to the opinions of **David Madigan**, Ph.D., which concern NDEA and all cancers, Defendant's Motion to Preclude is **GRANTED**;

**AND**

**IT IS FURTHER ORDERED** regarding the Motions to Preclude the Testimony of Defendants' Experts**:**

As to the opinions of **John Flack**, M.D., Plaintiff's Motion to Preclude is **GRANTED**, except as to Dr. Flack's testimony regarding that those persons exhibiting hypertension ["hypertensives"] have a higher incidence of cancer, and that hypertensives who are obese have an even higher risk of cancer because of these underlying conditions;

As to the opinions of **Janice Britt**, Ph.D., Plaintiff's Motion to Preclude is **GRANTED**;

As to the opinions of **Jon Fryzek**, MPH, Ph.D., Plaintiff's Motion to Preclude is **DENIED**;

As to the opinions of **Lee-Jen Wei**, Ph.D., which concern NDMA  and all cancers as well as NDEA and all cancers,  Plaintiff's Motion to Preclude is **GRANTED;**

However, as to the opinions of **Lee-Jen Wei**, Ph.D., which concern only scientifically appropriate use of statistical techniques, Plaintiff's Motion to  Preclude is **DENIED.**

Dated: 4 March 2022                                        s/ Robert B. Kugler
                                                                      Honorable Robert B. Kugler
                                                                      United States District Judge