**PIETRAGALLO**
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
ATTORNEYS AT LAW

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA 15219
412.263.2000   FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.: 412.263.1816
DIRECT FAX NO: 412.263.4246
FILE NO.: MYLAN-112578
EMAIL: cct@pietragallo.com

April 12, 2022

**Via ECF**

Special Master the Hon. Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower, 18th Floor
Philadelphia, PA 19103
TIV@stevenslee.com

      Re:    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
             USDC, District of New Jersey, No. 1:19-md-2875-RBK-KMW

Dear Judge Vanaskie:

I write on behalf of the Defendants' Executive Committee to provide Defendants' position with respect to the topic on the agenda for the conference with the Court on Wednesday, April 13, 2022. Defendants do not expect the need to discuss any confidential materials as part of this agenda item, but reserve the right to move to a confidential setting should the need arise.

**Status of Meet and Confers regarding Defendants' Indemnification Agreements.**

This issue was first raised with the Court at the February 2, 2022 Case Management Conference. *See* Defendants' 2/1/22 Position Statement, [Dkt, 1897](). At that time, Defendants indicated their willingness to meet and confer with Plaintiffs regarding indemnification agreements. On March 17, 2022, Plaintiffs sent Defendants a letter requesting specific information from each tier of Defendants. *See* Ex. A, Letter from G. Williamson to S. Goldberg. Generally, Defendants have agreed to advise Plaintiffs whether the information previously provided during fact discovery remains accurate, and to supply updated information where applicable. Defendants

Special Master the Honorable Thomas Vanaskie
April 12, 2022
Page 2

do not agree, however, to respond to continued periodic demands to update this information, or to produce documents or information that the Court has already excluded from discovery.

In an effort to efficiently address this issue, Defendants are in the process of meeting and conferring with Plaintiffs on an individual basis. *See* Ex. B, Email from S. Harkins to G. Williamson. The following is an update on the status of these meet and confers between Plaintiffs and specific Defendants.

   a. **ZHP**

Plaintiffs and ZHP had an initial meet-and-confer on April 12, 2022, and a follow-up meet-and-confer is scheduled for April 20 to continue the discussions.

   b. **Teva**

On April 8, 2022, counsel for Teva met and conferred with Plaintiffs' counsel on the requests directed to Teva in Plaintiffs' March 17, 2022 letter regarding indemnification agreements. Counsel for Teva confirmed that the information provided during the 30(b)(6) testimony of Teva's corporate designee Jens Nassall on such agreements remains accurate. Counsel for Teva do not believe there are any outstanding requests for information, and remain available to meet and confer as needed.

   c. **Mylan**

Plaintiffs and Mylan are scheduled to discuss this issue on Friday, April 15. Mylan anticipates that any issues related to this topic will be resolved as a result of the meet and confer.

   d. **Aurobindo**

Aurobindo will schedule a meet and confer with Plaintiffs, and anticipates that any outstanding issues related to this topic will be resolved.

Special Master the Honorable Thomas Vanaskie
April 12, 2022
Page 3

### e. Torrent

Torrent is in the process of scheduling a meet and confer with Plaintiffs on Monday, April 18th, and anticipates that any outstanding issues related to this topic will be resolved.

### f. Wholesaler Defendants

Wholesaler Defendants previously responded to Plaintiffs' requests for this information regarding indemnification agreements via prior Rule 34 productions. Indemnity issues were also negotiated to be the subject of 30(b)(6) testimony provided by Wholesaler Defendants' witnesses, and witnesses for each Wholesaler Defendant provided specific information regarding the status of requests for indemnification. Wholesaler Defendants also understand that the Manufacturer Defendants—who also have access to much of this same information—are or will be meeting and conferring with Plaintiffs on these issues. In light of Wholesaler Defendants' prior responses and depositions, which included some of the same information requested in Plaintiffs' counsel's correspondence of March 17, 2022, and the availability of information from the Manufacturer Defendants and the ongoing discussions with Manufacturer Defendants, it is Wholesaler Defendants' understanding that additional or supplemental aggregated information regarding indemnification is not directly requested or needed from Wholesaler Defendants at this time. Wholesaler Defendants each remain open to further discussions with Plaintiffs if they choose to reach out to counsel for specific Wholesaler Defendants.

### g. Retail Pharmacy Defendants

The Retail Pharmacy Defendants previously responded to Plaintiffs' request for this information in January of this year, noting that their prior Rule 34 productions covered certain of this information and that indemnity issues were also the subject of 30(b)(6) testimony. The Retail Pharmacy Defendants understand that the Manufacturer Defendants—who also have access to this

Special Master the Honorable Thomas Vanaskie
April 12, 2022
Page 4

information—are or will be meeting and conferring with Plaintiffs on these issues. Given the Retail Pharmacy Defendants' prior responses and the availability of information from the Manufacturing Defendants, the Pharmacy Defendants do not believe any information is being sought directly from them at this point, but are open to individualized further discussions with Plaintiffs if they choose to reach out to counsel for specific Pharmacy Defendants.

                                                    Respectfully submitted,

                                                    Clem C. Trischler

c:       All counsel of record (via ECF)