# FARR LAW FIRM
FARR, FARR, EMERICH, HACKETT, CARR & HOLMES, P.A. | 1924

Earl D. Farr (1900-1988)
Earl Drayton Farr, Jr. (1926-2010)

99 Nesbit Street, Punta Gorda, FL 33950 | 941.639.1158 | f: 941.639.0028
4130 Woodmere Park Blvd. #12, Venice, FL 34293 | 941.484.1996 | f: 941.497.7636
240 Nokomis Avenue South, Suite 200, Venice, FL 34285 | 941.488.7751 | f: 941.485.0311

| | | | |
|---|---|---|---|
| Guy S. Emerich, LL.M.* | Dorothy L. Korszen | Kelsey J. Veitengruber | * FL Bar Board Certified in Wills, Trusts & Estates |
| Jack O. Hackett II** | Will W. Sunter† | Brady H. Sharrer, Of Counsel | ** FL Bar Board Certified in Real Estate |
| Darol H. M. Carr† | Forrest J. Bass, LL.M.* | Noah A. Fischer, LL.M. | † Certified Circuit Court Mediator |
| David A. Holmes† | George T. Williamson | Nicole S. Peet | |
| Roger H. Miller III** | Brett H. Sifrit, CPA | Winston S. Hudson | |

March 17, 2022

**<u>VIA EMAIL</u>**
SAGoldberg@duanemorris.com
Seth A. Goldberg, Esq.
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196

        **RE:**    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation,*
                *No. 1:19-md-02875*

Dear Counsel:

      As discussed at the February 2, 2022 Case Management Conference, Plaintiffs lack material information regarding Defendants' defense and indemnity agreements and obligations, including what if any payments have been made, and whether there are any ongoing disputes. Plaintiffs require this information to engage in the fulsome settlement negotiations contemplated by the Court. As such, Plaintiffs write to confirm the status of the various defend and indemnify obligations that exist between the Defendants, and request that Defendants provide responses to the following:

Manufacturers

    ZHP**:**

1. Plaintiffs understand that Prinston, Solco, and Huahai US have agreed to indemnify downstream customers. (Hai Wang Dep. 340:21-342:11). For each downstream customer, please identify whether you have undertaken their defense and/or whether you have agreed to reimburse the costs of defense, and whether and the amount of any payments that have been made to date.

2. With respect to the downstream customers identified in response to question no. 1 above, please identify whether you have agreed to indemnify the customer for the cost of any settlement or judgment that may be obtained against the customer in

Wills, Trusts & Estates   |   Real Estate & Title Insurance   |   Business & Corporate   |   Personal Injury & Wrongful Death   |   Litigation   |   Asset Protection
Marital & Family   |   Elder Law   |   Guardianship   |   Defective Drugs & Devices   |   Mediation   |   Physician Services   |   Local Government   |   Tax Law

 farr.com

Seth A. Goldberg, Esq.
March 17, 2022
2 | Page

    this matter, and whether and the amount of any payments that have been made to date. (Hai Wang Dep. 342:14-343:5).

3. With respect to your downstream customers, please identify any disputes with regard to defense and/or indemnification and if a formal claim or proceeding has been initiated, identify the forum and status.

4. Plaintiffs understand that ZHP has agreed to defend and indemnify Prinston, Solco, and Huahai US for all defense costs, and against any settlement or judgment that may be entered against them in this matter. Please confirm this is accurate, and advise of the status of all indemnification requests or payments to date.

5. Confirm that your settlement agreement with Teva, dated 12/20/2019, (ZHP ex. 409) is the only settlement agreement between any of the ZHP parties (including ZHP, Prinston, Solco, Huahai US) and any other party related to the valsartan contamination and/or recall, with the exception of Torrent.

6. Identify by Bates number or produce a copy of your final settlement agreement with Torrent. (Jie Wang Dep. 318-320).

7. Plaintiffs understand that ZHP was engaged with Sandoz in arbitration regarding the valsartan recall, please confirm and provide plaintiffs with the status of the proceedings, and if there has been a resolution, please provide the documentation thereof.

8. Identify any past or present litigation, arbitration, mediation, or other alternative dispute resolution proceeding, between ZHP (or any ZHP entity) and Teva, or Torrent, in connection with the valsartan contamination and/or recall, and please provide plaintiffs with the status of the proceedings, and all documentation thereof.

Torrent:

1. Identify by Bates number or produce a copy of your settlement agreement with ZHP. (Gegenheimer Dep. 232:24-31).

2. For each downstream customer, please identify whether you have undertaken their defense and/or whether you have agreed to reimburse the costs of defense, and whether and the amount of any payments that have been made to date. (Gegenheimer Dep. 220:9-224:13; 227:18-23).

3. For each downstream customer, identify whether you have agreed to indemnify the customer for any settlement or judgment that may be obtained against the customer

Wills, Trusts & Estates  |  Real Estate & Title Insurance  |  Business & Corporate  |  Personal Injury & Wrongful Death  |  Litigation  |  Asset Protection
Marital & Family  |  Elder Law  |  Guardianship  |  Defective Drugs & Devices  |  Mediation  |  Physician Services  |  Local Government  |  Tax Law

farr.com

Seth A. Goldberg, Esq.
March 17, 2022
3 | Page

    4. in this matter, and whether and the amount of any payments that have been made to date. (Gegenheimer Dep. 220:9-224:13; 227:18-23).

    4. With respect to your downstream customers, please identify any disputes with regard to defense and/or indemnification and if a formal claim or proceeding has been initiated, identify the forum and status.

Teva

1. Confirm that your settlement agreement with ZHP (TEVA-MDL2875-00492240), dated 12/20/2019, is the only settlement agreement between the parties related to contaminated valsartan.

2. Confirm that there has still been no agreement between Teva and Mylan regarding Mylan's duty to defend and/or indemnify Teva related to contaminated valsartan. If an agreement has been reached, please identify it by Bates number or produce a copy of the agreement. (Jens Nassall Dep. 324:10-21).

3. Identify any past or present litigation, arbitration, mediation, or other alternative dispute resolution, between Teva and ZHP, or Mylan, arising out of the valsartan contamination and/or recall, and please provide plaintiffs with the status of the proceedings.

4. For each downstream customer, please identify whether you have undertaken their defense and/or whether you have agreed to reimburse the costs of defense, and whether and the amount of any payments that have been made to date.

5. For each downstream customer, identify whether you have agreed to indemnify the customer for any settlement or judgment that may be obtained against the customer in this matter, and whether and the amount of any payments that have been made to date.

6. With respect to your downstream customers, please identify any disputes with regard to defense and/or indemnification and if a formal claim or proceeding has been initiated, identify the forum and status.

Mylan

1. Confirm that there has still been no agreement between Mylan and Teva regarding Mylan's duty to defend and/or indemnify Teva related to contaminated valsartan. If an agreement has been reached, please identify it by Bates number or produce a copy of the agreement. (Glover Dep. Vol. 4, 782-796).

Wills, Trusts & Estates  |  Real Estate & Title Insurance  |  Business & Corporate  |  Personal Injury & Wrongful Death  |  Litigation  |  Asset Protection
Marital & Family  |  Elder Law  |  Guardianship  |  Defective Drugs & Devices  |  Mediation  |  Physician Services  |  Local Government  |  Tax Law

farr.com

Seth A. Goldberg, Esq.
March 17, 2022
4 | Page

2. For each downstream customer, please identify whether you have undertaken their defense and/or whether you have agreed to reimburse the costs of defense, and whether and the amount of any payments that have been made to date. (Glover Dep. Vol. 4, 782-796).

3. For each downstream customer, identify whether you have agreed to indemnify the customer for any settlement or judgment that may be obtained against the customer in this matter, and whether and the amount of any payments that have been made to date. (Glover Dep. Vol. 4, 782-796).

4. With respect to your downstream customers, please identify any disputes with regard to defense and/or indemnification and if a formal claim or proceeding has been initiated, identify the forum and status.

Aurobindo

1. For each downstream customer, please identify whether you have undertaken their defense and/or whether you have agreed to reimburse the costs of defense, and whether and the amount of any payments that have been made to date. (Steve Lucas Dep. 212-213).

2. For each downstream customer, identify whether you have agreed to indemnify the customer for any settlement or judgment that may be obtained against the customer in this matter, and whether and the amount of any payments that have been made to date. (Steve Lucas Dep. 212-213).

3. With respect to your downstream customers, please identify any disputes with regard to defense and/or indemnification and if a formal claim or proceeding has been initiated, identify the forum and status.

Hetero

1. For each downstream customer, please identify whether you have undertaken their defense and/or whether you have agreed to reimburse the costs of defense, and whether and the amount of any payments that have been made to date.

2. For each downstream customer, identify whether you have agreed to indemnify the customer for any settlement or judgment that may be obtained against the customer in this matter, and whether and the amount of any payments that have been made to date.

Wills, Trusts & Estates  |  Real Estate & Title Insurance  |  Business & Corporate  |  Personal Injury & Wrongful Death  |  Litigation  |  Asset Protection
Marital & Family  |  Elder Law  |  Guardianship  |  Defective Drugs & Devices  |  Mediation  |  Physician Services  |  Local Government  |  Tax Law

farr.com

Seth A. Goldberg, Esq.
March 17, 2022
5 | Page

3. With respect to your downstream customers, please identify any disputes with regard to defense and/or indemnification and if a formal claim or proceeding has been initiated, identify the forum and status.

## Wholesalers

1. For each entity you purchased contaminated valsartan from, identify whether the entity, or some other entity on their behalf, is contractually obligated to indemnify you for any losses, costs of defense, or any damages, settlement, or judgment that may be entered in the litigation.

2. For each entity you purchased contaminated valsartan from, identify whether the entity, or some other entity on their behalf, has agreed to indemnify you for any losses, costs of defense, or any damages, settlement, or judgment that may be entered in the litigation.

3. For each entity you purchased contaminated valsartan from, identify whether the entity, or some other entity on their behalf, has undertaken your defense or reimbursed your costs of defense, and where reimbursements made, state the amount.

4. For each downstream customer, please identify whether you have undertaken their defense and/or whether you have agreed to reimburse the costs of defense, and whether and the amount of any payments that have been made to date.

5. For each downstream customer, identify whether you have agreed to indemnify the customer for any settlement or judgment that may be obtained against the customer in this matter, and whether and the amount of any payments that have been made to date.

6. With respect to your downstream customers, please identify any disputes with regard to defense and/or indemnification and if a formal claim or proceeding has been initiated, identify the forum and status.

## Retailers

1. For each entity you purchased contaminated valsartan from, identify whether the entity, or some other entity on their behalf, is contractually obligated to indemnify you for any losses, costs of defense, or any damages, settlement, or judgment that may be entered in the litigation.

2. For each entity you purchased contaminated valsartan from, identify whether the entity, or some other entity on their behalf, has agreed to indemnify you for any losses, costs of defense, or any damages, settlement, or judgment that may be entered in the litigation.

Wills, Trusts & Estates  |  Real Estate & Title Insurance  |  Business & Corporate  |  Personal Injury & Wrongful Death  |  Litigation  |  Asset Protection
Marital & Family  |  Elder Law  |  Guardianship  |  Defective Drugs & Devices  |  Mediation  |  Physician Services  |  Local Government  |  Tax Law

farr.com

Seth A. Goldberg, Esq.
March 17, 2022
6 | Page

3. For each entity you purchased contaminated valsartan from, identify whether the entity, or some other entity on their behalf, has undertaken your defense or reimbursed your costs of defense, and where reimbursements made, state the amount.

Of course, Plaintiffs are available to meet and confer regarding the requested information. Should you have any questions or concerns, please do not hesitate to contact my office. I look forward to your reply.

Respectfully,

George T. Williamson
For the Firm

cc: DECValsartan@btlaw.com

Wills, Trusts & Estates  |  Real Estate & Title Insurance  |  Business & Corporate  |  Personal Injury & Wrongful Death  |  Litigation  |  Asset Protection
Marital & Family  |  Elder Law  |  Guardianship  |  Defective Drugs & Devices  |  Mediation  |  Physician Services  |  Local Government  |  Tax Law

farr.com