**APPENDIX F**

**STATE LAW VARIATIONS – BREACH OF EXPRESS WARRANTY**

Plaintiffs have submitted a three-page table purporting to show that three groupings of states have identical privity and notice requirements for claims for breach of express warranty.[1] The tables below identify: (1) states that are improperly grouped according to Plaintiffs' criteria (privity and notice); and (2) legal variations that Plaintiffs failed to consider.[2] The variations identified in these tables are the very sorts of variations that have led to the denial of class certification in other cases, including the following:

- *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 455-62 (D.N.J. 1998) (denying certification of multi-state breach of express warranty class in lawsuit involving recalled automobiles due to state law variations, including whether **manifestation of a purported defect** is required to sustain a claim for breach of warranty);

- *Darisse v. Nest Laby's, Inc.*, No. 14-CV-01363, 2016 WL 4385849, at *11-12 (N.D. Cal. Aug. 15, 2016) (declining to certify a multi-state express warranty class because the differences in **privity**, **reliance** and **notice** requirements across the states varied in material ways);

- *Rikos v. Procter & Gamble Co.*, No. 1:11-CV-226, 2012 WL 641946, at *6 (S.D. Ohio Feb. 28, 2012) (rejecting multi-state express warranty class where "[n]o discovery will change the simple fact that different states have different elements for claims of breach of express warranty," such as different **privity**, **reliance** and **notice** requirements);

---

[1] Plaintiffs effectively focus only on purported variations of the pre-suit notice element, as they only identify a single state – Connecticut – where "[p]rivity [m]ay [b]e [r]equired." *See* Pls.' Exhibit 2, at 5. All other states, according to Plaintiffs, do not require privity. *Id.*

[2] This appendix reflects additional research undertaken since Defendants filed their motion to dismiss. In addition, although Defendants deny that they made any express warranty regarding valsartan or valsartan-containing-drugs to consumers, *see* Defs.' Mem. § I.B.1.a, Defendants assume the existence of an express warranty for purposes of evaluating the variations in the other elements and standards relevant to Plaintiffs' claims for breach of express warranty.

- *Alligood v. Taurus Int'l Mfg., Inc.*, No. CV 306-003, 2009 WL 8387645, at *4-9 (S.D. Ga. Mar. 4, 2009) (rejecting nationwide express warranty class because the "variations in state law related to the issues of **reliance**, **manifestation of defect**, and **notice** . . . overwhelm the common issues of fact and law");

- *In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 324 (S.D. Ill. 2007) (rejecting multi-state express warranty class as "unwieldy" due to "significant variations with respect to the law of warranty among the states," including **reliance** standards);

- *Kaczmarek v. Int'l Bus. Machs. Corp.*, 186 F.R.D. 307, 312 (S.D.N.Y. 1999) (declining to certify common law and Magnuson-Moss express warranty classes where governing state law differed substantially on issues of **privity** and **reliance**);

- *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 177 F.R.D. 360, 369 (E.D. La. 1997) (rejecting certification of proposed express and implied warranty classes where "the various states have different vertical **privity** requirements as well as other variations concerning the scope and application of such claims").

**Plaintiffs' Group 1: States That Purportedly Do Not Require Privity Or Pre-Suit Notice ("Alaska EW Grouping")**

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Alaska | Yes. | N/A | Yes. *See Cusack v. Abbott Lab'ys, Inc.*, No. 3:16-CV-00166-SLG, 2017 WL 3688149, at *4 (D. Alaska Jan. 17, 2017).<br><br>No caselaw identified suggesting that reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Alaska Stat. Ann. § 45.02.725; *Armour v. Alaska Power Auth.*, 765 P.2d 1372, 1374 (Alaska 1988); *Bauman v. Day*, 892 P.2d 817, 827 (Alaska 1995). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Arizona | No as to privity.<br><br>Privity is required to state a claim of breach of express warranty in Arizona. *See Flory v. Silvercrest Indus., Inc.*, 129 Ariz. 574, 578 (1981). The portion of this opinion that plaintiffs cite only applies to ***non-***UCC express warranties. *See Seekings v. Jimmy GMC of Tucson, Inc.*, 130 Ariz. 596, 601 (1981) (the "opinion in *Flory* . . . precludes a U.C.C. warranty claim" where plaintiff "is not in privity with" the defendant). | N/A | Yes. *See Yagudayev v. BMW of N. Am., LLC*, No. CV 20-897, 2020 WL 6689799, at *6 (D.N.J. Nov. 13, 2020) (applying Arizona law); *Murphy v. Nat'l Iron & Metal Co.*, 71 Ariz. 323, 227 P.2d 219 (1951).<br><br>No caselaw identified suggesting that reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Ariz. Rev. Stat. Ann. § 47-2725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| California | Yes. | N/A | State law in conflict. *Watkins v. MGA Ent., Inc.*, No. 21-CV-00617-JCS, 2021 WL 5865529, at *6 (N.D. Cal. Dec. 10, 2021) ("No consensus on that question has emerged.").<br><br>Some courts require reliance, others hold reliance is never required, and still others require reliance only in the absence of privity. *See id.*<br><br>Courts sometimes presume reliance where consumers were exposed to or viewed warranties even if they were received after the negotiation process concluded. *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227, 103 Cal. Rptr. 3d 614, 626 (2010) ("The statute thus creates a presumption that the seller's affirmations go to the basis of the bargain."). | State law in conflict.<br><br>*Compare Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 536 (C.D. Cal. 2012) (plaintiffs must show "that all class vehicles are substantially certain to manifest the excessive and premature tire wear and loud and disruptive noise alleged in the complaint"), *with Cohen v. Guidant Corp.*, No. VCV-05-8070-R, 2011 WL 637472, at *2 (C.D. Cal. Feb. 15, 2011) ("A plaintiff's claims are actionable under California law only if the plaintiff alleges that an actual manifestation of a defect results in an injury."). | Four years after tender, with no applicable discovery rule. *See* Cal. Com. Code § 2725. | California federal courts have implicitly rejected such damages theories where a drug has provided benefits to plaintiffs in addition to alleged risks. *Woodard v. Labrada*, No. EDCV 16-189 JGB (SPx), 2021 WL 4499184, at *38 (C.D. Cal. Aug. 31, 2021) (stating that "damages could easily be reduced to account for any observed benefit from the Products"). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Colorado | Yes. | N/A | No. *See Haynes Mech. Sys., Inc. v. Bluon Energy, LLC*, No. 18-CV-03004-KLM, 2021 WL 3128652, at *10 (D. Colo. July 23, 2021). | No caselaw identified allowing lawsuits without manifestation of a defect. | Three years after tender, with no applicable discovery rule. *See* Colo. Rev. Stat. Ann. § 4-2-725; Colo. Rev. Stat. Ann. § 13-80-101(1)(a). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Delaware | Yes. | N/A | Yes. *See Barba v. Carlson*, No. CV N11C-08-050 MMJ, 2014 WL 1678246, at *5 (Del. Super. Ct. Apr. 8, 2014).<br><br>No caselaw identified suggesting that reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Del. Code Ann. tit. 6, § 2-725; *Amoroso v. Joy Mfg. Co.*, 531 A.2d 619, 620-21 (Del. Super. Ct. 1987). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| District of Columbia | No as to pre-suit notice.<br><br>At least one D.C. federal court has held that "separate notice" – besides the filing of a complaint – "*is* required" under D.C. Code Ann. § 28:2-607(3)(a). *Wesley Theological Seminary of the United Methodist Church v. U.S. Gypsum Co.*, No. 85-1606, 1988 WL 288978, at *5 (D.D.C. Jan. 5, 1988), *rev'd sub nom. on other grounds Wesley Theological Seminary of the United Methodist Church v. U.S. Gypsum Co.*, 876 F.2d 119 (D.C. Cir. 1989). | Constructive notice, such as inquiries into potential health hazards associated with a product, may be sufficient. *See Witherspoon v. Philip Morris Inc.*, 964 F. Supp. 455, 464-65 (D.D.C. 1997); *Quality Air Servs., LLC v. Milwaukee Valve Co.*, 671 F. Supp. 2d 36, 47-48 (D.D.C. 2009). | No. *See Rock Creek Ginger Ale Co. v. Thermice Corp.*, 352 F. Supp. 522, 526-27 (D.D.C. 1971). | No. *See Quality Air Servs., LLC v. Milwaukee Valve Co.*, 671 F. Supp. 2d 36, 46 (D.D.C. 2009) (rejecting defendant's argument that it was entitled to summary judgment on express warranty claims related to HVAC valves that had not yet failed). | Four years after tender, with no applicable discovery rule. *See* D.C. Code Ann. § 28:2-725; *Hull v. Eaton Corp.*, 825 F. 2d 448, 455-57 (D.C. Cir. 1987). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Florida | No as to pre-suit notice and privity.<br><br>Pre-suit notice is required under Florida law. *Lamb v. Graco Children's Prods., Inc.*, No. 4:11-cv-477, 2012 WL 12871963, at *2 (N.D. Fla. Jan. 24, 2012).<br><br>"Florida law is not clear on whether privity is required for express warranty claims." *Badawi v. Brunswick Corp.*, No. 8:21-CV-1825-TPB-AAS, 2022 WL 613807, at *2 (M.D. Fla. Mar. 2, 2022). Some courts have imposed a privity requirement. *Baker v. Brunswick Corp.*, No. 2:17-cv-572-FtM-99MRM, 2018 WL 1947433, at *3-4 (M.D. Fla. Apr. 25, 2018) ("general rule requires privity"). | Courts generally require notice to the immediate seller, even in claims against a manufacturer. *Lalli v. FCA US, LLC (In re FCA US, LLC Monostable Elec. Gearshift Litig.)*, 446 F. Supp. 3d 218, 225-28 (E.D. Mich. 2020) (discussing divergent pre-suit notice decisions under Florida law and noting that both lines of decisions require notice to the immediate seller).<br><br>"Where the buyer gives some notice of the breach, the issues of timeliness and sufficiency are questions of fact." *Lalli v. FCA US, LLC (In re FCA US, LLC Monostable Elec. Gearshift Litig.)*, 446 F. Supp. 3d 218, 227 (E.D. Mich. 2020). | Yes. *See Thursby v. Reynolds Metals Co.*, 466 So. 2d 245, 250 (Fla. Dist. Ct. App. 1984); *Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla.*, 637 So. 2d 968, 970 (Fla. Dist. Ct. App. 1994).<br><br>No caselaw identified suggesting that reliance may be presumed. | Yes. *See PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, No. 3:12-CV-1366-HES-JBT, 2016 WL 7666179, at *20 (M.D. Fla. May 12, 2016) ("Florida courts have clearly held that manifestation of a defect is required to maintain a claim for breach of warranty, either privately or on behalf of a class."); *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-61686-CIV, 2013 WL 6328734, at *2 (S.D. Fla. Dec. 5, 2013). | Five years, starting "when the defect giving rise to the cause of action is discovered or should have been discovered." *McKissic v. Country Coach, Inc.*, No. 8:07-CV-1488-T-17EAJ, 2009 WL 500502, at *9 (M.D. Fla. Feb. 27, 2009). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Hawaii | No as to pre-suit notice.<br><br>Relevant authority suggests that pre-suit notice is required under Hawaii law. *See Hawaiian Fishing Co. v. M.D.R. Inc.*, No. 94–15993, 1996 WL 280068, at *1 (9th Cir. May 24, 1996) (interpreting Hawaii law and affirming dismissal where plaintiff "did not provide adequate notice to [defendant] or afford [defendant] the opportunity to repair or replace the defective engine"). | What constitutes adequate notice is a question of fact specific to each case. *See Hawaiian Fishing Co. v. M.D.R. Inc.*, No. 94–15993, 1996 WL 280068, at *1 (9th Cir. May 24, 1996). | Reliance not specifically required, but the buyer's potential non-reliance is relevant "to show that the seller's statements did not become a part of the basis of the bargain between the buyer and seller." *Torres v. Nw. Eng'g Co.*, 86 Haw. 383, 392-93 (Ct. App. 1997). | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Haw. Rev. Stat. Ann. § 490:2-725; *Torres v. Nw. Eng'g Co.*, 86 Haw. 383, 399 (Ct. App. 1997). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Idaho | No as to privity.<br><br>The Supreme Court of Idaho noted recently that it "has never answered the question of whether privity is required for express warranty actions." *W. Cmty. Ins. Co. v. Burks Tractor Co.*, 164 Idaho 215, 221 n.2 (2018). | N/A | No. *See Jensen v. Seigel Mobile Homes Grp.*, 105 Idaho 189, 195 (1983). | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Idaho Code Ann. § 28-2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Illinois | No as to pre-suit notice.<br><br>Under Illinois law, "*[o]nly* a consumer plaintiff *who suffers a personal injury* may satisfy the section 2-607 notice requirement by filing a complaint." *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 495 (1996) (emphases added). Plaintiffs' own authority implicitly recognizes this fact, stating that one "exception[]" to the pre-suit notice requirement exists when "a consumer plaintiff suffers a personal injury, in which case the notice requirement could be satisfied *by filing a lawsuit* against the seller." *In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953, 956 (N.D. Ill. 2007) (emphasis added). | Direct notice of the troublesome nature of the particular transaction is required, unless a defendant has "actual knowledge" of a defect or where a consumer plaintiff alleges personal injury. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 494 (1996). Actual knowledge of a defect suffices "only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer"; general awareness of issues with a product line does not suffice. *Id.* | Affirmations of fact are presumed to become part of the basis of the bargain regardless of a buyer's reliance, but a seller may rebut that presumption with proof that the representation did not become part of the basis of the bargain. *See Felley v. Singleton*, 302 Ill. App. 3d 248, 254 (1999). | Yes. *See N. Ins. Co. of N.Y. v. Silverton Marine Corp.*, No. 10 CV 345, 2010 WL 2574225, at *2 (N.D. Ill. June 23, 2010); *Tokar v. Crestwood Imports, Inc.*, 177 Ill. App. 3d 422, 430-33 (1988). | Four years after tender, with no applicable discovery rule. *See* 810 Ill. Comp. Stat. Ann. 5/2-725; *Hagen v. Richardson-Merrell, Inc.*, 697 F. Supp. 334, 341-42 (N.D. Ill. 1988). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Indiana | No as to pre-suit notice.<br><br>Plaintiffs' own authority states that "Indiana law . . . requires that the buyer give notice to the seller *before* bringing suit for breach of warranty." *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 913 (N.D. Cal. 2018) (emphasis added). | The notice requirement may be satisfied where a defendant has "actual knowledge" that the goods are nonconforming. General awareness that a purchaser is dissatisfied with or that there are some problems with the goods can constitute sufficient knowledge. *See Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 782 (7th Cir. 2011); *Agrarian Grain Co. v. Meeker*, 526 N.E.2d 1189, 1193 (Ind. Ct. App. 1988); *McClure Oil Corp. v. Murray Equip., Inc.*, 515 N.E.2d 546, 554 (Ind. Ct. App. 1987). | No. *See Carpetland U.S.A. v. Payne*, 536 N.E.2d 306, 309 (Ind. Ct. App. 1989). | No cases identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Ind. Code Ann. § 26-1-2-725. | No. *See Schroeder v. Barth, Inc.*, 969 F.2d 421, 424 (7th Cir. 1992) ("[R]ecapture of the purchase price is not an available remedy under section 26-1-2-714(2). It is appropriate only when the buyer has rejected the goods or revoked acceptance."). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Iowa | Yes. | N/A | Reliance is required at some point in the transactional chain. *See Nationwide Agribusiness Ins. Co. v. SMA Elevator Constr. Inc.*, 816 F. Supp. 2d 631, 686 (N.D. Iowa 2011); *Nicholson v. Biomet, Inc.*, No. 18-CV-3057-CJW-KEM, 2020 WL 3399899, at *18 (N.D. Iowa Mar. 6, 2020) (granting summary judgment "[b]ecause plaintiffs cannot produce any evidence that either Dr. Li or Nicholson viewed any material from defendants, or that they relied on the materials"). <br><br> Reliance has been presumed where a hospital was the initial purchaser of allegedly defective medical product later used by plaintiff. *See Sec. Nat'l Bank of Sioux City, Iowa v. Abbott Lab'ys*, No. 11-CV-4017-DEO, 2012 WL 327863, at *17 (N.D. Iowa Feb. 1, 2012). | No caselaw identified allowing lawsuits without manifestation of a defect. | Five years after tender, with no applicable discovery rule. *See* Iowa Code Ann. § 554.2725; *Sparks v. Wright Med. Tech. Inc.*, No. 12-CV-84-LRR, 2013 WL 1729211, at *4 (N.D. Iowa Apr. 22, 2013); *Evans v. Wright Med. Tech., Inc.*, 436 F. Supp. 3d 1207, 1213 (N.D. Iowa 2020). | No. *See Vorthman v. Keith E. Myers Enters.*, 296 N.W.2d 772, 778 (Iowa 1980) (holding that damages for a claim for breach of warranty must account for any benefits or residual value provided to Plaintiff in allegedly defective products or animals); *see also Nachazel v. Miraco Mfg.*, 432 N.W.2d 158, 164 (Iowa 1988) (requiring reduction in any damages amounts for the value provided to plaintiffs in allegedly defective animal huts). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Kansas | Yes. | N/A | No. *See Pro. Serv. Indus., Inc. v. Kimbrell*, 834 F. Supp. 1305, 1310 (D. Kan. 1993). | No. *Nieberding v. Barrette Outdoor Living, Inc.*, 302 F.R.D. 600, 611-12 (D. Kan. 2014) ("Thus, the Court concludes manifestation of the breach is not required to justify certification of a class action."); *see also Flaherty v. CNH Indus. Am., LLC*, 56 Kan. App. 2d 1317, 1345-46 (2019). | Four years after tender, with no applicable discovery rule. *See* Kan. Stat. Ann. § 84-2-725; *Golden v. Den-Mat Corp.*, 47 Kan. App. 2d 450, 466-67 (2012). | Kansas courts have implicitly rejected such theories. *See Griffitts & Coder Custom Chopping, LLC v. CNH Indus. Am. LLC*, 438 F. Supp. 3d 1206, 1256 n.34 (D. Kan. 2020) (the court had "meaningful doubt" as to whether plaintiffs could recover full amounts paid for tractors where evidence showed allegedly defective tractors had been used by the plaintiffs). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Kentucky | No as to privity.<br><br>Privity is required in cases alleging economic loss. *See Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 965-66 (E.D. Ky. 2019).<br><br>Plaintiffs' own authority acknowledges privity is generally required in claims for breach of express warranty and that Kentucky courts have not considered cases involving direct representations to consumers. *See Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727, 738-740 (W.D. Ky. 2013). | N/A | Reliance is required. *See Overstreet v. Norden Lab'ys, Inc.*, 669 F.2d 1286, 1290-91 (6th Cir. 1982); *Young v. Stock Yard Farm & Dairy Supply Inc.*, No. 1:10-CV-00186-R, 2011 WL 864834, at *4 (W.D. Ky. Mar. 10, 2011).<br><br>No caselaw identified suggesting that reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Ky. Rev. Stat. § 355.2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Maine | Yes. | N/A | Yes. *See Phillips v. Ripley & Fletcher Co.*, 541 A.2d 946, 949-50 (Me. 1988); *Me. Farmers Exch. v. McGillicuddy*, 1997 ME 153, ¶ 7, 697 A.2d 1266, 1268-69; *Unicomp, Inc. v. Elementis Pigments, Inc.*, No. CIV97-55-P-H, 1999 WL 1995400, at *17 (D. Me. Feb. 10, 1999).<br><br>No caselaw identified suggesting that reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule, for economic loss claims. *See* Me. Rev. Stat. tit. 11, § 2-725; *Oceanside at Pine Point Condo. Owners Ass'n v. Peachtree Doors, Inc.*, 659 A.2d 267, 272 (Me. 1995). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Massach-usetts | Yes. | N/A | Yes. *See Taupier v. Davol, Inc.*, 490 F. Supp. 3d 430, 438 (D. Mass. 2020); *Pershouse v. L.L. Bean, Inc.*, 368 F. Supp. 3d 185, 190 (D. Mass. 2019); *Hiller v. DaimlerChrysler Corp.*, No. 02-681, 2007 WL 3260199, at *4 (Mass. Super. Ct. Sept. 25, 2007).<br><br>Some Massachusetts law suggests reliance may be presumed where there is proof the buyer was aware of the statements at issue. *See Fahey v. R.J. Reynolds Tobacco Co.*, No. CA 927221, 1995 WL 809837, at *3-4 (Mass. Super. Ct. June 12, 1995) (noting that analogous cases have held that where the buyer became aware of the affirmation, there is a rebuttable presumption of reliance). | Yes. *Watkins v. Omni Life Sci., Inc.*, 692 F. Supp. 2d 170, 176-77 (D. Mass. 2010) (holding that an "[a]pprehension of a heightened risk stemming from an allegedly defective product that has not failed or caused harm is insufficient as a matter of law to support a claim"); *see also Rule v. Fort Dodge Animal Health, Inc.*, 604 F. Supp. 2d 288, 295 (D. Mass. 2009), *aff'd*, 607 F.3d 250 (1st Cir. 2010). | Four years after tender, with no applicable discovery rule. *See* Mass. Gen. Laws ch. 106, § 2-725; *see also Garick v. Mercedes-Benz USA, LLC*, No. 17-CV-12042-IT, 2019 WL 3815178, at *4 (D. Mass. Mar. 29, 2019), *aff'd*, 790 F. App'x 230 (1st Cir. 2020). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Minnesota | No as to pre-suit notice.<br><br>Plaintiffs must provide notice to **some** party in the chain of distribution. *See Drobnak v. Andersen Corp.*, No. CIV 07-2249 PAM/JSM, 2008 WL 80632, at *6 (D. Minn. Jan. 8, 2008), *aff'd*, 561 F.3d 778 (8th Cir. 2009).<br><br>Plaintiffs' own authority recognizes that so long as notice is provided to the seller, the seller "can be expected to notify the manufacturer . . . ." *Church of the Nativity of Our Lord v. WatPro, Inc.*, 474 N.W.2d 605, 610 (Minn. Ct. App. 1991), *aff'd*, 491 N.W.2d 1 (Minn. 1992). | The bar for sufficiency of notice is low in Minnesota. No specific form of notice is required. For example, a plaintiff merely "report[ing] his concerns" with a product was found to have provided sufficient notice to maintain an express warranty claim. *In re Hardieplank Fiber Cement Siding Litig.*, No. 12-MD-2359, 2013 WL 3717743, at *8-9 (D. Minn. July 15, 2013). | State law in conflict as to whether reliance required. *See Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 544 (Minn. 2014) ("The parties disagree as to the vitality of the reliance rule . . . it is not necessary for us to resolve this disagreement."). *Compare Krause v. City of Elk River*, No. A14-1575, 2015 WL 3823093, at *3, n.2 (Minn. Ct. App. June 22, 2015) (declining to require reliance), *with Hendricks v. Callahan*, 972 F.2d 190, 194-95 (8th Cir. 1992) (appellants must show "some form of reliance").<br><br>No caselaw identified suggesting that reliance may be presumed. | Yes. *Cannon Techs., Inc. v. Sensus Metering Sys., Inc.*, 734 F. Supp. 2d 753, 763 (D. Minn. 2010) ("Accordingly, even if Cannon were correct that the iCon Meters were 'defective' when purchased, its express-warranty claim would still fail because that defect did not manifest itself until after the warranty period had ended."); *Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.*, 789 F. Supp. 2d 1148, 1155 (D. Minn. 2011), *aff'd*, 703 F.3d 1104 (8th Cir. 2013). | Four years after tender, with no applicable discovery rule. *See* Minn. Stat. § 336.2-725; *Thunander v. Uponor, Inc.*, 887 F. Supp. 2d 850, 866 (D. Minn. 2012). | Maybe. *Louis DeGidio Oil & Gas Burner Sales & Serv., Inc. v. Ace Eng'g Co.*, 302 Minn. 19, 28-29 (1974) (affirming award of the full cost of defective burners where there was "testimony . . . that the equipment was of no value" despite the fact that all but one of the burners were still in use by the plaintiffs up to the time of trial). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Missouri | No as to pre-suit notice.<br><br>"Missouri courts have not directly addressed the issue" of pre-suit notice, and federal courts have predicted that Missouri would require it. *Ridings v. Maurice*, No. 15-00020-CV-W-JTM, 2019 WL 4888910, at *11 (W.D. Mo. Aug. 12, 2019), *on reconsideration*, No. 15-00020-CV-W-JTM, 2019 WL 8223599 (W.D. Mo. Oct. 20, 2019).<br><br>Plaintiffs' own case requires notice to an immediate seller. *Ragland Mills, Inc. v. Gen. Motors Corp.*, 763 S.W.2d 357, 361 (Mo. Ct. App. 1989) ("The plaintiff cannot escape the notice requirement even though it chose to sue only the manufacturer."). | Any act or series of acts imparting notice of a buyer's claim constitutes sufficient pre-suit notice. *See Ragland Mills, Inc. v. Gen. Motors Corp.*, 763 S.W.2d 357, 361 (Mo. Ct. App. 1989). Buyer must provide notice to the defendant, and general awareness of a product line's defects because of similar lawsuits does not suffice. *See Budach v. NIBCO, Inc.*, No. 2:14-CV-04324-NKL, 2015 WL 6870145, at *4 (W.D. Mo. Nov. 6, 2015). | Yes. *See Johnson v. Atkins Nutritionals, Inc.*, No. 2:16-CV-04213-MDH, 2018 WL 3398162, at *5 (W.D. Mo. July 12, 2018); *Bayes v. Biomet, Inc.*, No. 4:13-CV-00800-SRC, 2020 WL 5095346, at *14 (E.D. Mo. Aug. 28, 2020).<br><br>Reliance may be presumed in cases involving contracts reduced to writing that contain warranties. *Walker v. Woolbright Motors, Inc.*, 620 S.W.2d 451, 453 (Mo. Ct. App. 1981) ("where a contract is reduced to writing and the warranty is one of its terms, it is presumed that the buyer relied on the warranty when he purchased the goods"). | Yes. *See Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 89 (Mo. Ct. App. 2011) (lack of uniformity among plaintiffs with respect to manifestation of defect precluded class certification on predominance grounds). | Four years after tender, with no applicable discovery rule. *See* Mo. Ann. Stat. § 400.2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| New Jersey | Yes. | N/A | No. *See Smith v. Merial Ltd.*, No. CIV. 10-439, 2011 WL 2119100, at *7 (D.N.J. May 26, 2011). | Yes. *See Little v. Kia Motors Am., Inc.*, 242 N.J. 557, 586-87, 233 A.3d 377, 394-95 (2020) (affirming trial court decision to de-certify class where the class at issue would be overbroad because many potential class members never experienced problems with the allegedly defective brake); *see also Yost v. Gen. Motors Corp.*, 651 F. Supp. 656, 658 (D.N.J. 1986) (dismissing claim for breach of warranty under New Jersey law where plaintiff did not allege any actual mechanical difficulties with his vehicle). | Four years after tender, with no applicable discovery rule. *See* N.J. Stat. Ann. § 12A:2-725; *see also Coyle v. Hornell Brewing Co.*, No. CIV.08-02797 (JBS), 2010 WL 2539386, at *6-7 (D.N.J. June 15, 2010). | New Jersey federal courts have implicitly rejected such damages theories. *See Lamond v. Pepsico, Inc.*, No. CIV 06-3043 RMB, 2007 WL 1695401, at *7 (D.N.J. June 8, 2007) (holding that a plaintiff would not be able to recover the amounts spent on allegedly contaminated soft drinks under a warranty theory because "the legal vehicle by which she has brought that claim requires a deduction for the amount of value received, an amount that has yet to be established here"). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| New Mexico | No as to pre-suit notice.<br><br>State law suggests filing a complaint is not sufficient notice. *See Badilla v. Wal-Mart Stores E., Inc.*, 2017-NMCA-021, ¶ 11 (dismissing claims for lack of "adequate or timely notice"); *Thornton v. Tyson Foods, Inc.*, 482 F. Supp. 3d 1147, 1161-62 (D.N.M. 2020) ("lack of pre-suit notice was unreasonable" where plaintiff "had capable and experienced counsel"), *aff'd*, No. 20-2124, 2022 WL 727628 (10th Cir. Mar. 11, 2022); *but see Thornton v. Kroger Co.*, No. CIV 20-1040 JB/JFR, 2022 WL 488932, at *104 (D.N.M. Feb. 17, 2022) ("Thornton's failure to provide the Defendants with pre-suit notice does not bar her claims"). | Long delays between discovering the breach and providing notice will bar recovery. *See Badilla v. Wal-Mart Stores E., Inc.*, 2017-NMCA-021, ¶ 13; *Willis v. Smith*, No. 16 CV 167 JAP/LF, 2016 WL 9281447, at *5 (D.N.M. Dec. 14, 2016) (rejecting argument that the filing of a class action complaint in a different state covering the same alleged defect would be sufficient notice for the same manufacturer defendant). | No. *See Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1200, 1211 (D.N.M. 2011); *Porcell v. Lincoln Wood Prod., Inc.*, 713 F. Supp. 2d 1305, 1319 (D.N.M. 2010). | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* N.M. Stat. Ann. § 55-2-725; *see also Badilla v. Wal-Mart Stores E. Inc.*, 2015-NMSC-029, ¶ 25. | Yes. *See Manouchehri v. Heim*, 1997-NMCA-052, ¶¶ 14-15 (affirming direct damages award constituting full payment price where x-ray machine at issue had been used by plaintiff and continued to function as a lower quality x-ray machine). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Oklahoma | Yes. | N/A | Yes. *See Thompson v. Peters*, 885 P.2d 686 (Okla. Ct. App. 1994); *Alexander v. Smith & Nephew, P.L.C.*, 98 F. Supp. 2d 1310, 1321-22 (N.D. Okla. 2000).<br><br>No caselaw identified suggesting that reliance may be presumed. | Undecided. *See Hess v. Volkswagen of Am., Inc.*, 2009 OK CIV APP 84 ¶ 23, 221 P.3d 132, 139 ("This raises the question of whether a breach of warranty action can be brought by a plaintiff for an allegedly defective product that has a 'potential' for damage, but which has not yet 'manifested' damage. Oklahoma and Michigan have not yet answered this question."). | Five years after tender, with no applicable discovery rule. *See* Okla. Stat. Ann. tit. 12A, § 2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Pennsyl-vania | No as to pre-suit notice.<br><br>State law regarding whether filing a complaint is sufficient notice is in conflict. *Compare Precision Towers, Inc. v. Nat-Com, Inc.*, No. 2143, 2002 WL 31247992, at *5 (Pa. Com. Pl. Sept. 23, 2002) ("The filing of a complaint has been held to satisfy the notice requirement for a breach of warranty claim."), *with Lisowski v. Henry Thayer Co.*, 501 F. Supp. 3d 316, 330-31 (W.D. Pa. 2020), *on reconsideration in part*, No. CV 19-1339, 2021 WL 1185924 (W.D. Pa. Mar. 30, 2021) (neither constructive notice nor the filing of the lawsuit satisfied the pre-suit notice requirement). | In cases where notice has been required, general knowledge of the defect at issue does not vitiate the requirement that plaintiffs affirmatively notify the specific defendant. *See Incubadora Mexicana, SA de CV v. Zoetis, Inc.*, 310 F.R.D. 166, 174 (E.D. Pa. 2015); *Crockett v. Luitpold Pharms., Inc.*, No. CV 19-276, 2020 WL 433367, at *12 (E.D. Pa. Jan. 28, 2020). | Yes. *See Mazur v. Milo's Kitchen, LLC*, No. 12-cv-1011, 2013 U.S. Dist. LEXIS 89126, at *14 (W.D. Pa. May 24, 2013); *Oppenheimer v. York Int'l*, No. 4348 MARCHTERM 2002, 2002 WL 31409949, at *3 (Pa. Com. Pl. Oct. 25, 2002).<br><br>Reliance may be inferred depending on the facts of the case. *Mazur v. Milo's Kitchen, LLC*, No. 12-cv-1011, 2013 WL 3245203, at *6 (W.D. Pa. June 25, 2013) (inferring reliance where "[p]laintiff has identified the statements made by [d]efendants regarding their product that constitutes the express warranty and alleged that she purchased the product"). | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* 13 Pa. Cons. Stat. Ann. § 2725(a-b); *Keller v. Volkswagen of Am., Inc.*, 1999 PA Super. 153, 733 A.2d 642, 645 (1999). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Puerto Rico | Yes. | N/A | Level of reliance required to maintain an action for breach of express warranty has not been addressed under the law of Puerto Rico. Federal courts have indirectly suggested reliance may be required. *Simonet v. SmithKline Beecham Corp.*, 506 F. Supp. 2d 77, 89 (D.P.R. 2007) ("Whether GSK's representations actually created an express warranty and whether Simonet in fact relied on the express warranty are issues better decided by a jury or, perhaps, on summary judgment.").<br><br>No caselaw identified suggesting that reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Six months from date of delivery, with no applicable discovery rule. *See* 31 L.P.R.A. § 3847. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Rhode Island | No as to pre-suit notice.<br><br>Pre-suit notice is required. *See Saber v. Dan Angelone Chevrolet*, 811 A.2d 644, 653 (R.I. 2002); *Hyde v. Philip Morris, Inc.*, No. C.A. 97-0359ML, 1998 WL 656074, at *7 (D.R.I. May 1, 1998). Plaintiffs' authority regarding notice is inapposite because it does not involve a claim for breach of express warranty. *See DiPetrillo v. Dow Chem. Co.*, 729 A.2d 677, 683 (R.I. 1999). | Whether notice is adequate is generally a question of fact, and a phone call by the plaintiff or the plaintiff's attorney informing the defendant that he or she considers the warranty in breach may be sufficient under appropriate circumstances. *See Saber v. Dan Angelone Chevrolet*, 811 A.2d 644, 653 (R.I. 2002). | Yes. *See Ralston Dry-Wall Co. v. U.S. Gypsum Co.*, 740 F. Supp. 926, 929 (D.R.I. 1990); *Thomas v. Amway Corp.*, 488 A.2d 710, 716 (R.I. 1985).<br><br>No caselaw identified suggesting that reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* R.I. Gen. Laws § 6A-2-725.<br><br>Notwithstanding any other provisions allowing longer SOL period, all actions "must be commenced within ten (10) years after the date the product was first purchased for use or consumption." *Id.* | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| South Carolina | No as to pre-suit notice.<br><br>Pre-suit notice is required. *Sandviks v. PhD Fitness, LLC*, No. 1:17-CV-00744-JMC, 2018 WL 1393745, at *2-3 (D.S.C. Mar. 20, 2018) ("After the acceptance of goods, 'the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.'"); *Dilly v. Pella Corp.*, No. 2:14-CV-03307-DCN, 2016 WL 53828, at *11 (D.S.C. Jan. 4, 2016).<br><br>The case Plaintiffs cite is governed by **North** Carolina substantive law. *See Seaside Resorts Inc. v. Club Car, Inc.*, 308 S.C. 47, 416 S.E.2d 655, 663 (S.C. Ct. App. 1992). | Filing a complaint or sending a letter two days before filing is not sufficient notice. *See Sandviks v. PhD Fitness, LLC*, No. 1:17-CV-00744-JMC, 2018 WL 1393745, at *2-3 (D.S.C. Mar. 20, 2018); *Dilly v. Pella Corp.*, No. 2:14-CV-03307-DCN, 2016 WL 53828, at *11 (D.S.C. Jan. 4, 2016). | Yes. *See Fields v. Melrose Ltd. P'ship*, 312 S.C. 102, 105 (Ct. App. 1993).<br><br>No caselaw identified suggesting that reliance may be presumed. | Yes. *See Wilson v. Style Crest Prod., Inc.*, 367 S.C. 653, 657-58 (2006). | Six years after tender, with no applicable discovery rule. *See* S.C. Code Ann. § 36-2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| South Dakota | No as to pre-suit notice.<br><br>A buyer "must notify the seller of any breach within a reasonable time after he discovers or should have discovered the breach or be barred from any remedy." S.D. Codified Laws § 57A-2-607; *Hepper v. Triple U Enters., Inc.*, 388 N.W.2d 525, 527 (S.D. 1986).<br><br>"Notice is an element that must be specifically proven; it is not an affirmative defense." *Hepper v. Triple U Enters., Inc.*, 388 N.W.2d 525, 527 (S.D. 1986). | The plaintiff must inform the defendant both that he or she considers the warranty to be breached, and that the plaintiff will look to that specific Defendant for damages. *See Hepper v. Triple U Enters., Inc.*, 388 N.W.2d 525, 527 (S.D. 1986). Moreover, notice provided more than a year after the sale at issue and more than a year after the plaintiff knew there was a defect is unreasonable as a matter of law. *See id.* at 528. | Reliance is required. *See Dakota Style Foods, Inc. v. SunOpta Grains & Foods, Inc.*, 329 F. Supp. 3d 794 (D.S.D. 2018); *Schmaltz v. Nissen*, 431 N.W.2d 657, 660 (S.D. 1988); *Swenson v. Chevron Chem. Co.*, 89 S.D. 497, 503, 234 N.W.2d 38 (1975).<br><br>No caselaw identified suggesting that reliance may be presumed. | No. Increased risk of injury alone can constitute a defect, regardless of whether the risk manifests. *See Dakota Style Foods, Inc. v. SunOpta Grains & Foods, Inc.*, 329 F. Supp. 3d 794, 806 (D.S.D. 2018) ("In light of South Dakota law . . . this court holds that, where food product recalls are at issue, the recall notice serves as evidence of an increased risk of injury, and that such increased risk constitutes a defect, regardless of whether the risk manifests itself."). | Four years after tender, with no applicable discovery rule. *See* S.D. Codified Laws. § 57A-2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Virginia | No as to pre-suit notice.<br><br>Pre-suit notice is required from buyers. *See Stockinger v. Toyota Motor Sales USA Inc*, No. LACV1700035VAPKLS X, 2017 WL 10574372, at *9 (C.D. Cal. July 7, 2017); *Banh v. Am. Honda Motor Co.*, No. 2:19-CV-05984-RGK-AS, 2019 WL 8683361 (C.D. Cal. Dec. 17, 2019); *Kerr v. Hunter Div.*, 32 Va. Cir. 497 (1981).<br><br>Plaintiffs' own case states that notice is required where the plaintiff was the purchaser of the product. *See Yates v. Pitman Mfg., Inc.*, 257 Va. 601, 605 (1999). | Actual knowledge by the defendant that the product has a defect does not obviate the requirement that the plaintiff notify the defendant that it considers the warranty in breach. *See Aqualon Co. v. Mac Equip., Inc.*, 149 F.3d 262, 267 (4th Cir. 1998). A delay of three years is unreasonable as a matter of law. *See id.* at 270. | No. *See Yates v. Pitman Mfg., Inc.*, 257 Va. 601, 606 (1999); *Daughtrey v. Ashe*, 243 Va. 73, 77-78 (1992); *Martin v. Am. Med. Sys.*, 116 F.3d 102, 105 (4th Cir. 1997). | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Va. Code Ann. § 8.2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Washington | No as to pre-suit notice.<br><br>Notice may be required to an immediate seller. *See* Wash. Rev. Code Ann. § 62A.2-607(3); *Cats v. Monaco RV, LLC*, 2016 WL 5253204, at *4 (W.D. Wash. Sept. 22, 2016).<br><br>Federal courts have noted that it is not clear whether pre-suit notice is an absolute requirement. *See Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012); *Stockinger v. Toyota Motor Sales USA Inc*, No. LACV 17-00035-VAP (KLSx), 2017 WL 10574372, at *11 (C.D. Cal. July 7, 2017). | Notice must be reasonable. Reasonable time for notice depends on the nature, purpose and circumstances of such action; this is usually a mixed question of law and fact left to the trier of fact to decide. *See Flooring Assocs., Inc. v. Design Mfg. Int'l, LLC.*, No. 2:20-cv-00057-JCC-JRC, 2021 WL 1551473, at *10 (W.D. Wash. Apr. 1, 2021), *report and recommendation adopted sub nom. Flooring Assocs., Inc. v. Design Mfg. Int'l, LLC*, No. C20-0057-JCC, 2021 WL 1546093 (W.D. Wash. Apr. 20, 2021); *Jarstad v. Tacoma Outdoor Recreation, Inc.*, 10 Wash. App. 551, 558 (1974). | Reliance is not required, but plaintiff must at least be aware of the statements in order to recover. *See Baughn v. Honda Motor Co.*, 107 Wn. 2d 127, 727 P.2d 655, 669 (Wash. 1986); *Jungemann v. Pac. Nw. Prop. Inspections, Inc.*, 88 Wash. App. 1073 (1998). | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. Wash. Rev. Code Ann. § 62A.2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| West Virginia | Yes. | N/A | Yes. *See Michael v. Wyeth, LLC*, 2011 WL 2150112, at *7 (S.D. W. Va. May 25, 2011).<br><br>At least one federal court anticipated West Virginia would apply a rebuttable presumption that any statements by the manufacturer were relied upon. *See id.* at *8-9. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* W. Va. Code § 46-2-725.<br><br>But statute of limitations is two years where "plaintiff seeks to recover damages for personal injuries alleged to be caused by a defective product." *Taylor v. Ford Motor Co.*, 185 W. Va. 518, 521-22, 408 S.E.2d 270, 273-274 (1991). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Wyoming | No as to pre-suit notice.<br><br>Pre-suit notice is likely required. *See Petro-Chem, Inc. v. A.E. Staley Mfg. Co.*, 686 P.2d 589, 593 (Wyo. 1984). | The notice must inform the seller that the transaction is still troublesome and that the transaction is claimed to involve a breach. *Petro-Chem, Inc. v. A.E. Staley Mfg. Co.*, 686 P.2d 589, 592 (Wyo. 1984).<br><br>"While the buyer's conduct is a factor to be taken into consideration in deciding whether the notice was properly given or whether it was reasonable and timely, these determinations are generally questions of fact for the jury." *Id.* at 593. | Reliance is required. *See Tribe v. Peterson*, 964 P.2d 1238, 1241 (Wyo. 1998); *McLaughlin v. Michelin Tire Corp.*, 778 P.2d 59, 90 (Wyo. 1989); *Garriffa v. Taylor*, 675 P.2d 1284, 1286 (Wyo. 1984).<br><br>No caselaw identified suggesting that reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Wyo. Stat. § 34.1-2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

**Plaintiffs' Group 2: States That Purportedly Do Not Require Privity But May Require Notice ("Alabama EW Grouping")[3]**

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Alabama | It is settled law in Alabama that the filing of the complaint does **not** constitute sufficient pre-suit notice in claims alleging economic loss. *See Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1285 (M.D. Ala. 2001); *Simmons v. Clemco Indus.*, 368 So. 2d 509, 513 (Ala. 1979). | Whether the notice given is sufficient is a fact-specific determination in each case, but written notice or notice threatening litigation is not required. Notice is sufficient where it "comports with the notice an ordinary tort-feasor would have of his breach of duty." *Page v. Camper City & Mobile Home Sales*, 292 Ala. 562, 565 (1974); *see also Barrington Corp. v. Patrick Lumber Co.*, 447 So. 2d 785, 789 (Ala. Civ. App. 1984). | No. *See Massey-Ferguson, Inc. v. Laird*, 432 So. 2d 1259, 1261-62 (Ala. 1983). | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule, for economic loss claims. *See* Ala. Code § 7-2-725; *Simmons v. Clemco Indus.*, 368 So. 2d 509, 512 (Ala. 1979). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

---

[3] It is unclear what Plaintiffs mean in stating that certain states "may require" notice, but it appears that Plaintiffs are conceding that these states' laws vary with respect to the notice requirement. For this reason as well, Plaintiffs' proposed grouping of these states as having common legal elements for a claim for breach of express warranty is inappropriate.

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Arkansas | Pre-suit notice is "essential" under Arkansas law. *Howard v. Bayer Corp.*, No. 4:10-CV-1662-DPM, 2011 WL 13224118, at *2 (E.D. Ark. July 22, 2011); *see also Williams v. Mozark Fire Extinguisher Co.*, 318 Ark. 792, 797 (1994) ("We have additionally stated that the notice must be more than a complaint."). | No particular form of notice is required, but it must inform the seller that the transaction involved a breach to open the way for negotiation of a settlement. For example, a plaintiff simply seeking to "return or exchange" the troublesome product would constitute sufficient notice, as would a call from the purchaser complaining that the goods did not meet the promised specifications. *See Jarrett v. Panasonic Corp. of N. Am.*, 8 F. Supp. 3d 1074, 1083 (E.D. Ark. 2013); *Indus. Elec. Supply, Inc. v. Lytle Mfg., L.L.C.*, 94 Ark. App. 81, 86 (2006). | Yes. *See Madden v. Mercedes-Benz USA, Inc.*, 481 S.W.3d 455, 463 (Ark. Ct. App. 2016).<br><br>No caselaw identified suggesting that reliance may be presumed. | Federal courts have predicted that manifestation of the defect is required. *Brooks v. Remington Arms Co.*, No. 1:09-CV-01054, 2010 WL 6971894, at *4 (W.D. Ark. Oct. 27, 2010), *report and recommendation adopted sub nom. Rodgers v. Remington Arms Co.*, No. 09-CV-1054, 2011 WL 2746150 (W.D. Ark. July 12, 2011) (dismissing case where plaintiffs did not allege "that *their rifles* have actually accumulated any dust or debris or otherwise 'manifested a defect'"). | Four years after tender, with no applicable discovery rule. *See* Ark. Code Ann. § 4-2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

F-34

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Georgia | Yes. | Sufficiency of notice is ordinarily a question of fact. *Int'l Multifoods Corp. v. Nat'l Egg Prods., Div. of Hudson Foods, Inc.*, 202 Ga. App. 263, 266 (1991) ("The question of reasonableness of notice is ordinarily a factual one."); *Dermatology Specialists of Augusta, Inc. v. Daikin Applied Ams. Inc.*, No. CV 116-058, 2019 WL 97831, at *3 (S.D. Ga. Jan. 3, 2019) ("The issue of whether notice was reasonably given and sufficient to provide the defendant with an opportunity to cure, however, is generally reserved for summary judgment or trial."). | Yes. *See Servais v. Philbrick*, 190 Ga. App. 861, 862 (1989). <br><br> No caselaw identified suggesting that reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Ga. Code Ann. § 11-2-725; *Pulmonary Assocs. of Charleston PLLC v. Greenway Health, LLC*, 508 F. Supp. 3d 1268, 1281 (N.D. Ga. 2020). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Mississippi | Pre-suit notice is required under Mississippi law and must be provided within a reasonable time after discovery of the breach. *See Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 368 (5th Cir. 2002); *see also Steel Dynamics Columbus, LLC v. Altech Env't USA Corp.*, 273 F. Supp. 3d 627, 644 (N.D. Miss. 2017), *aff'd sub nom. Steel Dynamics Columbus, L.L.C. v. Altech Env't USA Corp.*, 734 F. App'x 234 (5th Cir. 2018). | While notice must be provided within a reasonable time after breach, it need not identify a specific damages claim or assertion of legal rights. *See Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 368 (5th Cir. 2002); *see also Steel Dynamics Columbus, LLC v. Altech Env't USA Corp.*, 273 F. Supp. 3d 627, 644 (N.D. Miss. 2017), *aff'd sub nom. Steel Dynamics Columbus, L.L.C. v. Altech Env't USA Corp.*, 734 F. App'x 234 (5th Cir. 2018). | Yes. *See Glob. Truck & Equip. Co. v. Palmer Mach. Works, Inc.*, 628 F. Supp. 641, 652 (N.D. Miss. 1986).<br><br>No caselaw identified suggesting reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Six years after tender, with no applicable discovery rule. *See* Miss. Code. Ann. § 75-2-725; *see also Killen v. Johnson & Johnson*, No. 3:20-CV-829-KHJ-MTP, 2022 WL 330995, at *3 (S.D. Miss. Feb. 3, 2022). | Yes. *See Royal Lincoln-Mercury Sales, Inc. v. Wallace*, 415 So. 2d 1024, 1029 (Miss. 1982) (allowing for full recovery of the vehicle purchase price where it was clear it had been driven for years by Plaintiffs and contained value despite alleged defects). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Montana | Montana law requires pre-suit notice even in the context of consumer suits against remote manufacturers. *See Kaparich v. Ethicon, Inc.*, No. CV 20-77-M-DWM, 2020 WL 4784687, at *1-2 (D. Mont. Aug. 18, 2020) ("As Kaparich notes, some states have dispensed with the pre-suit notice requirement in certain contexts . . . Montana has not."); *see also Potter v. Ethicon, Inc.*, No. CV 20-95-BLG-SPW, 2021 WL 6498267, at *3 (D. Mont. Feb. 19, 2021). | Notice is sufficient where it informs a seller that the transaction is troublesome and should be watched, but there need not be any specific form or content to the notice. For example, a pattern of repeated complaints from a customer to the fire alarm seller has been considered sufficient notice. *See Fire Supply & Serv., Inc. v. Chico Hot Springs*, 196 Mont. 435, 442-43 (1982). | State law in conflict. *Compare Woodahl v. Matthews*, 196 Mont. 445, 450 (1982) ("There can be no express warranty without reliance."), *with Glacier Gen. Assur. Co. v. Cas. Indem. Exch.*, 435 F. Supp. 855, 860 (D. Mont. 1977) ("The problems of a reliance, and a right to rely, on the representations do not appear when the action is grounded in warranty."). No caselaw identified suggesting reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Mont. Code Ann. § 30-2-725; *see also In re ZF-TRW Airbag Cont. Units Prod. Liab. Litig.*, No. LA ML19-02905 JAK (FFMx), 2022 WL 522484, at *123 (C.D. Cal. Feb. 9, 2022). | Yes. *See Fire Supply & Serv., Inc. v. Chico Hot Springs*, 196 Mont. 435, 443 (1982) (affirming award granting full amount expended on a defective fire alarm system installed in the plaintiff's resort notwithstanding the fact that the plaintiff had derived substantial use from the system for months). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Nebraska | Federal courts have predicted that Nebraska courts would require pre-suit notice. *See Langner v. Bos. Sci. Corp.*, 492 F. Supp. 3d 925, 936 (D. Neb. 2020) ("Given the Nebraska caselaw and the Nebraska Supreme Court's iteration of the policy goals of § 2-607(3)(a), the Court concludes the Nebraska Supreme Court would strictly construe the notice provision in § 2-607(3)(a) and require a plaintiff to provide the defendant pre-suit notice of the warranty issue. Langner's claim is barred under § 2-607(3)(a) because she did not provide notice."). | State law strictly construes the notice requirement, and the buyer must timely provide details to the seller generally showing a problem with the transaction to satisfy the requirement. *See Creighton Univ. v. Gen. Elec. Co.*, No. 4:08CV460, 2009 WL 756206, at *10 (D. Neb. Mar. 18, 2009) (holding the notice requirement was satisfied where plaintiffs had notified the defendant of specific system issues on multiple occasions prior to filing the complaint); *see also Langner v. Bos. Sci. Corp.*, 492 F. Supp. 3d 925, 936 (D. Neb. 2020). | Yes. *See Hillcrest Country Club v. N.D. Judds Co.*, 236 Neb. 233, 241 (1990).<br><br>No caselaw identified suggesting reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Neb. Rev. Stat. UCC § 2-725; *see also Neb. Popcorn, Inc. v. Wing*, 258 Neb. 60, 65 (1999). | Courts have implicitly approved of such damages theories where there was evidence that the alleged defect in tubing rendered the warranted product "worthless," even where plaintiff had used the product without issue in some instances. *See Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 464-65 (8th Cir. 2016) (upholding jury verdict granting full value of tubing as damages despite evidence showing some value conferred on plaintiff). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Nevada | No as to pre-suit notice. Nevada law is clear that pre-suit notice is required, and failure to provide some form of notice bars express warranty claims. *See Flores v. Merck & Co.*, No. 3:21-cv-00166-MMD-CLB, 2022 WL 798374, at *6 (D. Nev. Mar. 16, 2022) ("Flores has not alleged that she provided Merck with pre-suit notice, and the plain language of the statute does not provide for an exception where there is a lack of privity between the parties."); *see also Heath v. Tristar Prod., Inc.*, No. 2:17-CV-2869-GMN-BNW, 2019 WL 4738004, at *8 (D. Nev. Sept. 27, 2019). | Fact-specific inquiry. For example, one court held that a letter provided three months after the incident (and six months before filing of suit) that discussed the plaintiff's injuries and the date they occurred constituted sufficient pre-suit notice. *Heath v. Tristar Prod., Inc.*, No. 2:17-CV-2869-GMN-BNW, 2019 WL 4738004, at *8 (D. Nev. Sept. 27, 2019). | Not required, but a buyer's knowledge of the inaccuracy of a warranty may defeat an express warranty claim. *See Allied Fid. Ins. Co. v. Pico*, 99 Nev. 15, 17-18 (1983) (noting that if buyer were aware that the representations on an invoice were false, those representations "did not form a part of the basis of the bargain" and thus "might not constitute express warranties which would be actionable if breached"). No caselaw identified suggesting reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Nev. Rev. Stat. § 104.2725; *see also Tutor-Saliba Corp. v. Continental Fire Sprinkler Co.*, No. 13A678648, 2018 WL 1612035, at *1-2 (Nev. Dist. Ct. Feb. 16, 2018). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| New Hampshire | Yes. | Sufficiency of notice is ordinarily a fact question to be determined from all the surrounding circumstances. *See Precourt v. Fairbank Reconstruction Corp.*, 856 F. Supp. 2d 327, 340 (D.N.H. 2012) (collecting cases) ("Under New Hampshire law, the determination of whether defendants received sufficient notice is ordinarily a question of fact to be determined by a jury based on the surrounding circumstances."). | There is a presumption of reliance as long as the consumer has been exposed to the statements or materials at issue. *See Kelleher v. Marvin Lumber & Cedar Co.*, 152 N.H. 813, 843 (2005). <br><br> This presumption can be overcome upon proof the buyer had previous knowledge of the defect, proof the buyer did not believe the seller's statement, or proof the consumer received the statement at issue after the sale. *See id.* at 844. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* N.H. Rev. Stat. Ann. § 382-A:2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| New York | No as to privity. Privity is not required for **_personal injury-based_** express warranty claims, but New York courts are split as to whether privity is required for economic loss-based claims. *See Brady v. Anker Innovations Ltd.*, No. 18-CV-11396 (NSR), 2020 WL 158760, at *10 (S.D.N.Y. Jan. 13, 2020).<br><br>In addition, pre-suit notice is required for economic loss express warranty claims. *See Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 590 (S.D.N.Y. 2021) ("Plaintiff's failure to satisfy the pre-suit notice requirement is fatal to his breach of express warranty claim."). | Neither actual knowledge nor the existence of complaints from other consumers suffices to establish notice. *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 590 (S.D.N.Y. 2021) ("[T]he existence of prior complaints by other consumers cannot satisfy the notice requirement for this suit"); *see also Petrosino v. Stearn's Prods., Inc.*, No. 16-CV-7735, 2018 WL 1614349, at *2 (S.D.N.Y. Mar. 30, 2018) (explaining that "[p]roper factual allegations should, at least, include the date and method by which [the] **_[p]laintiff_** afforded [pre-suit] notice to [the] [d]efendant") (emphasis added). | Yes. *See Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 286 (E.D.N.Y. 2009); *see also Kyszenia v. Ricoh USA, Inc.*, No. 20-CV-2215 (AMD) (VMS), 2022 WL 326981, at *7 (E.D.N.Y. Feb. 3, 2022).<br><br>No caselaw identified suggesting reliance may be presumed. | Yes. *See In re Toyota Motor Corp.*, No. 8:10ML 02151 JVS (FMOx), 2012 WL 12929769, at *13 (C.D. Cal. May 4, 2012) ("[T]he only Plaintiffs who may assert actionable claims under New York law are those that have either experienced a manifested defect, or have experienced a recognized loss on sale as a result of the unmanifested defect."); *see also Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 99 (S.D.N.Y. 1997). | Four years after tender, with no applicable discovery rule. *See* N.Y. U.C.C. § 2-725; *see also Baker v. Stryker Corp.*, 770 F. App'x 12, 15 (2d Cir. 2019); *Coakley v. Regal Cinemas, Inc.*, 188 A.D.3d 796, 799 (2020). | Yes. *See Smith v. Nikolayevskiy*, 23 Misc. 3d 1133(A), 889 N.Y.S.2d 507, at *1-2 (Civ. Ct. 2009) (granting damages award for the full purchase price of a defective car where it still contained some residual value and had been used by Plaintiff before reselling it). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| North Carolina | The law on whether pre-suit notice is required in express warranty claims against a manufacturer is unsettled. *See Halprin v. Ford Motor Co.*, 107 N.C. App. 423, 426, 420 S.E.2d 686, 688-89 (1992). However, some federal courts applying North Carolina law have required pre-suit notice to the manufacturer. *E.g.*, *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 547 (C.D. Cal. 2012) (" It appears, . . . that North Carolina may require that a plaintiff provide notice even when suing a manufacturer as opposed to a seller"); *Butcher v. DaimlerChrysler Co., LLC*, No. 1:08CV207, 2008 WL 2953472, at *3 (M.D.N.C. July 29, 2008). | Reasonableness of notice is a case-by-case determination based on facts and policy considerations. *See Bryant v. Adams*, 116 N.C. App. 448, 470 (N.C. Ct. App. 1994). Pre-suit notice "need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation." *Halprin v. Ford Motor Co.*, 107 N.C. App. 423, 430 S.E.2d 686, 691 (1992) (quoting N.C.G.S. § 25-2-607 Official Comment 4 (1986)). | Yes. *See Harbor Point Homeowners' Ass'n, Inc. ex rel. Bd. of Directors v. DJF Enters., Inc.*, 206 N.C. App. 152, 162 (2010); *see also Yancey v. Remington Arms Co., LLC*, No. 1:10CV918, 2013 WL 5462205, at *8 (M.D.N.C. Sept. 30, 2013), *report and recommendation adopted in part sub nom. Maxwell v. Remington Arms Co.*, No. 1:10CV918, 2014 WL 5808795 (M.D.N.C. Nov. 7, 2014). No caselaw identified suggesting reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule for economic loss claims. N.C. Gen. Stat. § 25-2-725; *see also Diop v. BMW of N. Am., LLC*, 511 F. Supp. 3d 679, 684-85 (E.D.N.C. 2021). | North Carolina courts have implicitly rejected this theory. *See Riley v. Ken Wilson Ford, Inc.*, 109 N.C. App. 163, 173, 426 S.E.2d 717, 723 (1993) (reversing award of full purchase price and remanding to trial court for a determination of the "actual value" of the car where Plaintiff asserted it was worthless to him but conflicting testimony suggested there was value remaining in the vehicle at issue). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| North Dakota | Plaintiffs cite no authority in support of their argument that privity is not required for economic loss claims, and, as one federal court has noted, North Dakota has not yet decided whether to abolish the privity requirement for express warranty claims based on economic losses. *See Falcon for Imp. & Trade Co. v. N. Cent. Commodities, Inc.*, No. CIV. A2-01-138, 2004 WL 224676, at *2 (D.N.D. Jan. 30, 2004). | Notice that a transaction is "troublesome" may suffice in a consumer case. *See Stamper Black Hills Gold Jewelry, Inc.*, 414 N.W.2d 601, 605 (N.D. 1987) ("mere notice that a transaction is 'troublesome' may be sufficient in the case of a consumer's claim"). | No. *See Stroklund v. Thompson/Ctr. Arms Co.*, No. 4:06 CV-08, 2007 WL 4191740, at *7-8 (D.N.D. Nov. 21, 2007) (denying summary judgment on express warranty claim even though plaintiffs conceded they did not even receive "an express warranty at the time of the purchase"). | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* N.D. Cent. Code Ann. § 41-02-104; *Spieker v. Westgo, Inc.*, 479 N.W.2d 837, 848 (N.D. 1992). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Ohio | Yes. | "[W]e stress the well-established rule that the 'determination of a reasonable time and the adequacy of notice to the seller are ordinarily questions of fact.'" *See Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 636 (Ohio 1989). | No. *See Norcold, Inc. v. Gateway Supply Co.*, 154 Ohio App. 3d 594, 596 (2003); *see also Nat'l Mulch & Seed, Inc. v. Rexius Forest By-Prod. Inc.*, No. 2:02-CV-1288, 2007 WL 894833, at *16 (S.D. Ohio Mar. 22, 2007); *Traxler v. PPG Indus., Inc.*, 158 F. Supp. 3d 607, 618 (N.D. Ohio 2016). | No. *Daffin v. Ford Motor Co.*, No. C-1-00-458, 2004 WL 5705647, at *7-8 (S.D. Ohio July 15, 2004) (granting class certification even though no injury or breach occurred with respect to some proposed class members' vehicles because it was possible they could recover for economic losses regardless of such a manifestation), *aff'd*, 458 F.3d 549 (6th Cir. 2006). | Four years after tender, with no applicable discovery rule. *See* Ohio Rev. Code Ann. § 1302.98; *see also Timken Co. v. MTS Sys. Corp.*, 539 F. Supp. 3d 770, 790 (N.D. Ohio 2021). | No. *See Xpedx v. Customer Printing, Inc.*, 2011-Ohio-2473, ¶¶ 18-21, 196 Ohio App. 3d 225, 229-30 (reversing award of full purchase price because the plaintiff had clearly continued to use allegedly defective system and had even resold it); *Cain v. Clark & Day, Inc.*, No. 88-T-4140, 1989 WL 75084, at *1-3 (Ohio Ct. App. July 7, 1989) (noting that the mere fact that a product is defective does not make it "worthless" and requiring evidence showing product contained no value at all before an award granting full payment price damages would be proper). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Oregon | Notice is required, and lack of pre-suit notice can be fatal to claims. *See Parkinson v. Novartis Pharms. Corp.*, 5 F. Supp. 3d 1265 (D. Or. 2014); *see also Allen v. G.D. Searle & Co.*, 708 F. Supp. 1142, 1160 (D. Or. 1989); *Redfield v. Mead, Johnson & Co.*, 266 Or. 273, 284 (1973). | Filing the complaint is insufficient notice under Oregon law; more is required. *Parkinson v. Novartis Pharms. Corp.*, 5 F. Supp. 3d 1265, 1277 (D. Or. 2014) ("Finally, to the extent that Plaintiff asserts commencement of this action constituted notice under § 72.6070, the Court notes this argument has been rejected by several courts"). | Yes. *See Newman v. Tualatin Dev. Co.*, 597 P.2d 800, 804 (Or. 1978).<br><br>A presumption of reliance may be allowed in appropriate class action cases. *See Strawn v. Farmers Ins. Co. of Or.*, 350 Or. 336, 356 *adhered to on reconsideration*, 350 Or. 521 (2011) (suggesting a presumption of reliance is allowed if "the same misrepresentation was made to all individual class members and was sufficiently material" that all would have been induced by it). | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Or. Rev. Stat. Ann § 72.7250. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Tennessee | Privity is required in the economic loss context. *See Messer Griesheim Indus., Inc. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 463 (Tenn. Ct. App. 2003); *Memphis-Shelby Cnty. Airport Auth. v. Ill. Valley Paving Co.*, No. 01-3041 B, 2006 WL 3041492, at *2-3 (W.D. Tenn. Oct. 26, 2006).<br><br>In addition, pre-suit notice is required in the economic loss context. *See Bunn v. Navistar, Inc.*, 797 F. App'x 247, 253 (6th Cir. 2020); *Smith v. Pfizer Inc.*, 688 F. Supp. 2d 735, 750 (M.D. Tenn. 2010). | Buyer must notify seller that the transaction "claimed to involve a breach, and thus open the way for normal settlement through negotiation," rather than merely stating that a defect occurred. *Bunn v. Navistar, Inc.*, 797 F. App'x 247, 254-55 (6th Cir. 2020) (citation omitted). | Reliance is required. *See Fletcher v. Coffee Cnty. Farmers Coop.*, 618 S.W.2d 490, 493 (Tenn. Ct. App. 1981), *superseded on other grounds*; *Kelly v. Nordyne, Inc.*, No. 107-CV-235, 2008 WL 11342578, at *5 (E.D. Tenn. Sept. 8, 2008).<br><br>No caselaw identified suggesting that reliance may be presumed. | Yes. *See Venture Express, Inc. v. Vanguard Nat'l Trailer Corp.*, No. 3:19-CV-00657, 2022 WL 453534, at *14-15 (M.D. Tenn. Feb. 14, 2022) ("Because Venture has not submitted any proof of actual damage to the specific trailers in Rows 48-430 . . . Venture's breach of warranty claim as it relates to those trailers fails, and Vanguard is entitled to summary judgment on this point."). | Four years after tender, with no applicable discovery rule. *See* Tenn. Code Ann. § 47-2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Texas | Pre-suit notice is required. *See Ackermann v. Wyeth Pharms.*, 471 F. Supp. 2d 739, 745 (E.D. Tex. 2006); *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 199 (Tex. App. 2003). | "The manufacturer must be made aware of a problem with a particular product purchased by a particular buyer." *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 202 (Tex. App. 2003).<br><br>In Texas, it is unclear which party bears the burden of proof on the issue of notice. *Compare Integrated Title Data Sys. v. Dulaney*, 800 S.W.2d 336, 342 (Tex. App. 1990) (buyer's failure to give seller notice is an affirmative defense), *with U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 200 (Tex. App. 2003) (plaintiff has burden of proving notice under Texas law). | Reliance is required. *See Ackermann v. Wyeth Pharms.*, 471 F. Supp. 2d 739, 744 (E.D. Tex. 2006); *Compaq Comput. Corp. v. Lapray*, 135 S.W.3d 657, 676 (Tex. 2004); *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997)<br><br>Reliance may not be presumed under Texas law. *See McManus v. Fleetwood Enters., Inc.*, 320 F.3d 545, 549 (5th Cir. 2003). | Yes. *See, e.g., Rosa v. Am. Water Heater Co.*, 177 F. Supp. 3d 1025, 1053 (S.D. Tex. 2016) (dismissing claims by plaintiffs based on water heaters that had not manifested defects; "extensive body of case law indicat[es] that Texas law does not permit plaintiffs to recover unless they have experienced some injury to a product with a limited usable life"). | Four years after tender, with no applicable discovery rule. *See* Tex. Bus. & Com. Code Ann. § 2.725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Utah | Pre-suit notice is required. *See Salt Lake City Corp. v. Kasler Corp.*, 855 F. Supp. 1560, 1567 (D. Utah 1994); *Callegari v. Blendtec, Inc.*, No. 2:18-cv-308, 2018 WL 5808805, at *6 (D. Utah Nov. 6, 2018).<br><br>Utah "places an affirmative burden on a would-be plaintiff prior to his filing suit, rather than merely requiring that a defendant be on notice of a breach." *Callegari v. Blendtec, Inc.*, No. 2:18-cv-308, 2018 WL 5808805, at *6 (D. Utah Nov. 6, 2018). | "'[T]he content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched,' . . . there is no requirement that the notice the buyer provides 'must include a clear statement of all objections that will be relied on by the buyer.'" *Johnson v. Blendtec, Inc.*, 500 F. Supp. 3d 1271, 1290 (D. Utah 2020) (quoting Utah Code Ann. § 70A-2-607 cmt. 4). | Reliance is required. *See Mgmt. Comm. of Graystone Pines Homeowners Ass'n on Behalf of Owners of Condos. v. Graystone Pines, Inc.*, 652 P.2d 896, 900 (Utah 1982).<br><br>No caselaw identified suggesting that reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Utah Code Ann. § 70A-2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Vermont | Pre-suit notice is required. *See Agway, Inc. v. Teitscheid*, 144 Vt. 76, 79, 472 A.2d 1250, 1252 (1984); *Mainline Tractor & Equip. Co. v. Nutrite Corp.*, 937 F. Supp. 1095, 1108-09 (D. Vt. 1996); *Ehlers v. Ben & Jerry's Homemade Inc.*, No. 2:19-cv-00194, 2020 WL 2218858, at *8 (D. Vt. May 7, 2020). | Timeliness of notification is ordinarily a question of fact. *Ehlers v. Ben & Jerry's Homemade Inc.*, No. 2:19-cv-00194, 2020 WL 2218858, at *8 (D. Vt. May 7, 2020).<br><br>The notification must inform the seller that there is a specific alleged breach with respect to a specific transaction at issue. *See Mainline Tractor & Equip. Co. v. Nutrite Corp.*, 937 F. Supp. 1095, 1108-09 (D. Vt. 1996) (quoting Vt. Stat. Ann. tit. 9A, § 2-607 cmt. 4). Such notification must express more than just "present dissatisfaction." *Agway, Inc. v. Teitscheid*, 144 Vt. 76, 79, 472 A.2d 1250, 1252 (1984). | No. Vt. Stat. Ann. tit. 9A § 2-313 cmt. 3; *Mainline Tractor & Equip. Co. v. Nutrite Corp.*, 937 F. Supp. 1095, 1106-07 (D. Vt. 1996); *Centrella v. Ritz-Craft Corp. of Pa., Inc.*, No. 2:14-CV-111-JMC, 2016 WL 4444759, at *8 (D. Vt. Aug. 23, 2016). | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Vt. Stat. Ann. tit. 9A, § 2-725. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Wisconsin | Pre-suit notice is a requirement under Wisconsin law, serving the purpose of "enabl[ing] the seller to take corrective action and ***avoid*** litigation." *Brame v. Gen. Motors LLC*, 535 F. Supp. 3d 832, 839 (E.D. Wis. 2021) ("[U]nder Wisconsin law, service of a summons and complaint cannot function as the notice required by UCC 2-607."). Plaintiffs' only case recognizes the same principle. *See Paulson v. Olson Implement Co.*, 107 Wis. 2d 510, 525-27 (1982). | Notice must be reasonably timely. Delays of two, five and seven months after discovery of the breach would be unreasonable absent "circumstances excusing or justifying" the delay. *Wilson v. Tuxen*, 2008 WI App 94, ¶¶ 42-43 (collecting cases).<br><br>Notice is sufficient where it alerts the seller of the breach such as to enable the seller to cure the defect. *See Kessler v. Samsung Elecs. Am. Inc.*, No. 17-C-0082, 2018 WL 7502913, at *5 (E.D. Wis. Feb. 16, 2018) (phone calls to customer support line complaining about product sufficed); *Paulson v. Olson Implement Co.*, 107 Wis. 2d 510, 526 (1982) (complaints to seller about product performance sufficed). | Yes. *See Selzer v. Brunsell Bros.*, 2002 WI App 232, ¶ 13.<br><br>No caselaw identified suggesting that reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Six years after tender, with no applicable discovery rule. *See* Wis. Stat. Ann. § 402.725; *Selzer v. Brunsell Bros.*, 2002 WI App 232, ¶ 19. | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |

F-50

**Plaintiffs' Group 3: State That Purportedly May Require Privity But Does Not Require Pre-Suit Notice**

| State | Does State Fit Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | Is Reliance Required? Can It Be Presumed? | Is Manifestation Of Defect Required? | What Is Statute Of Limitations? Does Discovery Rule Apply? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? |
|---|---|---|---|---|---|---|
| Connecticut | Privity is required for claims of breach of express warranty alleging economic loss under Connecticut law. *See Cavanaugh v. Subaru of Am., Inc.*, No. MMXCV166015243, 2017 WL 2293124, at *3 (Conn. Super. Ct. May 4, 2017); *Dubois v. Maritimo Offshore Pty. Ltd.*, 422 F. Supp. 3d 545, 559 (D. Conn. 2019). | N/A | Yes. *Criteria, II Ltd. v. Co-Opportunity Precision Wood Prod., Inc.*, No. CV000803309S, 2001 WL 1178333, at *1 (Conn. Super. Ct. Aug. 30, 2001). No caselaw identified suggesting that reliance may be presumed. | No caselaw identified allowing lawsuits without manifestation of a defect. | Four years after tender, with no applicable discovery rule. *See* Conn. Gen. Stat. Ann. § 42a-2-725; *Collins v. A-1 Auto Serv., Inc.*, No. NNHCV1060 15352S, 2013 WL 541389, at *3-6 (Conn. Super. Ct. Jan. 15, 2013). | No caselaw identified allowing "zero-value" damages theories where plaintiff obtained some benefit from the product. |