## APPENDIX H

## STATE LAW VARIATION – COMMON LAW FRAUD

Plaintiffs have submitted a four-page table purporting to show that three groupings of states have identical scienter requirements for common law fraud claims. The table below identifies: (1) states that are improperly grouped according to Plaintiffs' own criteria; and (2) legal variations among states that Plaintiffs failed to consider or take into account in their groupings. The additional variations identified in this table have led to the denial of class certification in other cases alleging common law fraud, including:

- *Agostino v. Quest Diagnostics, Inc.*, 256 F.R.D. 437, 468-69 (D.N.J. 2009) (denying certification of multi-state common law fraud class based on "divergence among state laws"; "several elements of Plaintiffs' common law fraud claims require individual treatment," including **false representation of material fact and reliance**);

- *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 455-62 (D.N.J. 1998) (denying certification of a fraud class for recalled product; "class-wide disposition of the claims would essentially be impossible" due to state law variations with respect to **reliance**);

- *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 743 n.15 (5th Cir. 1996) (decertifying a multi-state common law fraud class because of variations in state laws, including differences with respect to the **reliance** element of common law fraud);

- *Darisse v. Nest Lab'ys, Inc.*, No. 5:14-CV-01363-BLF, 2016 WL 4385849, at *14 (N.D. Cal. Aug. 15, 2016) (denying certification of proposed fraud class due to of variations in state law regarding **reliance and burden-of-proof** requirements);

- *Makaeff v. Trump Univ., LLC*, No. 10-CV-0940, 2014 WL 688164, at *17 (S.D. Cal. Feb. 21, 2014) (finding that common legal issues do not predominate in proposed multi-state fraud class due to variations in state law with respect to the **reliance** element of common law fraud);

- *CC Invs. Corp. v. Raytheon Co.*, No. 03-114, 2005 WL 1026904, at *2 (D. Del. Apr. 22, 2005) (denying certification of a multi-state common law fraud class because of variations in state law, including with respect to **burden of proof**, as well as the need to resolve individualized questions related to the issue of **reliance**);

- *Lewis Tree Serv., Inc. v. Lucent Tech. Inc.*, 211 F.R.D. 228, 236 (S.D.N.Y. 2002) (denying certification of a multi-state common law fraud class because common issues of law cannot predominate when "the elements of fraud vary greatly from state to state, with respect to elements including **mitigation, causation, damages, reliance, and the duty to disclose**") (emphasis added);

- *In re Ford Motor Co. Bronco II*, 177 F.R.D. 360, 371-72 (E.D. La. 1998) (finding that variations in state laws with respect to the **scienter requirement**, in the **definition of a misstatement**, and in the **standard for reliance** precluded a finding that common questions of law predominate with respect to proposed multi-state fraud class); and

- *In re Ford Motor Co. Vehicle Paint Litig.*, 182 F.R.D. 214, 222 (E.D. La. 1998) (rejecting certification of multi-state common law fraud class; "state law variations" with respect to, *inter alia* **burden of proof, duty to disclose, materiality reliance, and the measure of damages** would necessitate "multiple jury charges").

**Plaintiffs' Group 1: States That Purportedly Use A Recklessness Standard ("Alaska CLF Grouping")**

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Alaska | No. | Actual knowledge of falsity. *See City of Fairbanks v. Amoco Chem. Co.*, 952 P.2d 1173, 1176 (Alaska 1998) ("The scienter element requires that the defendant know the falsity of the representation. The tort of fraudulent misrepresentation requires proof that the maker knew of the untrue character of his or her representation."); *see also Shehata v. Salvation Army*, 225 P.3d 1106, 1114 (Alaska 2010) (common law fraud requires "knowledge of the falsity of the representation"). | Preponderance of the evidence. *See Williams v. Baker*, 446 P.3d 336, 340 (Alaska 2019). | Reliance is required. *See McIntyre v. BP Expl. & Prod., Inc.*, No. 3:13-CV-149 RRB, 2015 WL 999092, at *4 (D. Alaska Mar. 5, 2015) (dismissing fraud claim because plaintiff failed to plead justifiable reliance). Rebuttable inference of reliance may arise where it is shown that alleged misrepresentation was material and action was taken based on it. *State v. First Nat'l Bank of Anchorage*, 660 P.2d 406, 422 n.26 (Alaska 1982). | Objective test. *See Diblik v. Marcy*, 166 P.3d 23, 28 (Alaska 2007) (defining a material fact as one to which a "reasonable man might be expected to attach importance in making his choice of action"). | Alaska allows for either out-of-pocket damages or benefit-of-the-bargain-damages. *See Turnbull v. LaRose*, 702 P.2d 1331, 1335-36 (Alaska 1985) ("A [fraud] plaintiff should have the opportunity to use either measure [of damages]."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| California | No. | State law in conflict, with some courts using an actual knowledge standard and others using a recklessness standard. *Compare In re Tobacco II Cases*, 207 P.3d 20, 29 (Cal. 2009) (noting that common law fraudulent deception must be "known to be false by the perpetrator"), *with Graham v. Bank of Am., N.A.*, 172 Cal. Rptr. 3d 218, 228 (Ct. App. 2014) (element of fraud is that "the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth"). | Preponderance of the evidence. *See Grubb Co. v. Dep't of Real Est.*, 124 Cal. Rptr. 3d 894, 900-01 (Ct. App. 2011) ("It is now clearly established that a verdict finding liability for fraud or misrepresentation—even knowing misrepresentation—need not be based on clear and convincing evidence, but only on a preponderance of the evidence."). | Reliance is required. *See In re Tobacco II Cases*, 207 P.3d 20, 29 (Cal. 2009) (fraudulent misrepresentation must be "reasonably relied upon by a victim who incurs damages").<br><br>No presumption of reliance for plaintiffs who have never seen or heard the misrepresentation. *Mirkin v. Wasserman*, 858 P.2d 568, 584 (Cal. 1993) (declining to incorporate the fraud-on-the-market doctrine into common law fraud). | Objective test. *See Wood v. Kalbaugh*, 114 Cal. Rptr. 673, 676 (Ct. App. 1974) (A misrepresentation is material "if it would be likely to affect the conduct of a reasonable man with reference to the transaction in question."). | Both out-of-pocket and benefit-of-the-bargain damages can be recovered. *See Lazar v. Superior Court*, 909 P.2d 981, 990 (Cal. 1996) ("[F]raud plaintiffs may recover 'out-of-pocket' damages in addition to benefit-of-the-bargain damages."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Connecticut | Yes. | Misrepresentation made knowingly or without belief in its truth, or recklessly made and for the purpose of inducing action upon it. *See Sturm v. Harb Dev., LLC*, 2 A.3d 859, 872 (Conn. 2010). | Clear and convincing evidence. *See Kilduff v. Adams, Inc.*, 593 A.2d 478, 485 (Conn. 1991) ("It is well established that common law fraud must be proven by a higher standard than a fair preponderance of the evidence."); *see also Stuart v. Freiberg*, 316 Conn. 809, 821, 116 A.3d 1195, 1203 (Conn. 2015) (clear and convincing evidence standard). | Actual reliance required. *See Sturm v. Harb Dev., LLC*, 2 A.3d 859, 872 (Conn. 2010) ("[T]he party to whom the false representation was made [must] claim to have relied on that representation and to have suffered harm as a result of the reliance.").<br><br>No cases allowing a presumption of reliance for fraud claims identified. | Subjective test. *See Capp Indus., Inc. v. Schoenberg*, 932 A.2d 453, 465 (Conn. Ct. App. 2007) (to be material, a "representation must prejudice the party relying upon it"). | If defrauded plaintiff is buyer, courts use "benefit of the bargain" theory. *See Leisure Resort Tech., Inc. v. Trading Cove Assocs.*, 889 A.2d 785, 793 (Conn. 2006). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Delaware | Yes. | Actual knowledge of falsity or recklessness. *See Valley Joist BD Holdings, LLC v. EBSCO Indus., Inc.*, No. 105, 2021, 2021 WL 6012466, at *3 (Del. Super. Ct. Dec. 20, 2021) (a necessary element of fraud is that "the defendant knew or believed the representation was false or was recklessly indifferent to its truth"). | Preponderance of the evidence. *See Air Prod. & Chemicals, Inc. v. Wiesemann*, 237 F. Supp. 3d 192, 215 (D. Del. 2017) ("It is plaintiff's burden at trial to prove the elements of common law fraud by a preponderance of the evidence."). | Justifiable reliance required. *See Valley Joist BD Holdings, LLC v. EBSCO Indus., Inc.*, No. 105, 2021, 2021 WL 6012466, at *3 (Del. Super. Ct. Dec. 20, 2021).<br><br>Reliance cannot be presumed in a class action case. *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 474 (Del. 1992) ("A class action may not be maintained in a purely common law or equitable fraud case since individual questions of law or fact, particularly as to the element of justifiable reliance, will inevitably predominate over common questions of law or fact."). | Objective test. *See S.C. Johnson & Son, Inc. v. DowBrands, Inc.*, 294 F. Supp. 2d 568, 592 (D. Del. 2003) ("A matter is material if 'a reasonable man would attach importance to its existence in determining his choice of action in the transaction in question.'") (citation omitted), *rev'd on other grounds*, 111 F. App'x 100 (3d Cir. 2004). | Out-of-pocket rule. *See LCT Cap., LLC v. NGL Energy Partners LP*, 249 A.3d 77, 94 (Del. 2021) ("[I]n the absence of an enforceable contract, the default remedy for fraud is out-of-pocket damages."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Georgia | Yes. | Actual knowledge of falsity or recklessness. *Levine v. SunTrust Robinson Humphrey*, 740 S.E.2d 672, 678 (Ga. Ct. App. 2013) (fraud requires a "material representation of an existing fact with knowledge that it was false or with reckless disregard as to whether it was true"). | Preponderance of the evidence. *Matter of Clark*, 591 B.R. 99, 111 (Bankr. N.D. Ga. 2018) (party claiming fraud bears "the burden of proof of establishing her entitlement to relief on her fraud claim by a preponderance of the evidence"). | Actual reliance required, and may not be presumed in a class action. *Wells v. HBO & Co.*, 813 F. Supp. 1561, 1569 (N.D. Ga. 1992) ("Georgia courts have always required proof of actual reliance, and have not adopted a fraud on the market theory that would allow a court to presume reliance."). | Objective test. *See Shea v. Best Buy Homes, LLC*, 533 F. Supp. 3d 1321, 1337 (N.D. Ga. 2021) ("[A] fact is material if its existence or nonexistence is a matter to which a reasonable man would attach importance in determining his choice or action in the transaction in question."). | Benefit-of-the-bargain rule. *See BDO Seidman, LLP v. Mindis Acquisition Corp.*, 578 S.E.2d 400, 401 (Ga. 2003) (Georgia law uses "out-of-pocket standard for negligent misrepresentation and the benefit-of-the-bargain standard for fraudulent misrepresentation"). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Indiana | Yes. | Actual knowledge of falsity or recklessness. *See Reed v. Reid*, 980 N.E.2d 277, 292 (Ind. 2012) (fraud requires a misrepresentation "made with knowledge or reckless ignorance of the falseness"). | Preponderance of the evidence. *See Ohio Farmers Ins. Co. v. Ind. Drywall & Acoustics, Inc.*, 970 N.E.2d 674, 683 (Ind. Ct. App. 2012) ("The burden of proving by a preponderance of the evidence all of the elements of fraud rests upon the party alleging it."). | Rightful reliance is required. *See Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013) (listing among the elements of fraud whether the statement "was rightfully relied upon by the complaining party"). No cases allowing presumption of reliance for fraud claims identified. | Subjective test. *See Insuremax Ins. Co. v. Bice*, 879 N.E.2d 1187, 1191-92 (Ind. Ct. App. 2008) (misrepresentation "is material if it caused [plaintiff] to take a substantially different position in responding to his potential liability"). | Benefit-of-the-bargain rule. *See Lightning Litho, Inc. v. Danka Indus., Inc.*, 776 N.E.2d 1238, 1243 (Ind. Ct. App. 2002) ("[W]e join those jurisdictions that measure damages in fraudulent inducement and fraudulent misrepresentation cases by the benefit of the bargain rule."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Kansas | Yes. | Actual knowledge of falsity or recklessness. *See Kelly v. VinZant*, 287 Kan. 509, 515 (2008) (statements must be "known to be false by the party making them or were recklessly made without knowledge concerning them"). | Clear and convincing evidence. *See Kelly v. VinZant*, 287 Kan. 509, 515 (2008). | Reasonable reliance is required. *See Kelly v. VinZant*, 197 P.3d 803, 808 (Kan. 2008) (listing among the elements of fraud whether "the other party reasonably relied and acted upon the representations made"). Reliance cannot be presumed in class actions. *In re Cessna 208 Series Aircraft Prod. Liab. Litig.*, No. 05-MD-1721-KHV, 2009 WL 274509, at *6 (D. Kan. Feb. 5, 2009) (declining to read presumption of reliance into common law fraud claims under Kansas law). | Subjective test. *See Stechschulte v. Jennings*, 298 P.3d 1083, 1096 (Kan. 2013) ("A representation is material when it relates to some matter that is so substantial as to influence the party to whom it is made."). | Benefit-of-the-bargain rule. *See Fisher v. Mr. Harold's Hair Lab, Inc.*, 215 Kan. 515, 527 (1974) ("[I]n this state the 'benefit of the bargain' rule obtains instead of the 'out-of-pocket' rule."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Kentucky | Yes. | Recklessness standard. *See Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009) (fraud requires "that the declarant knew the representation was false or made it recklessly"). | Clear and convincing evidence. *See Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009). | Reasonable reliance is required. *See Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009) ("The plaintiff[']s reliance, of course, must be reasonable."). No cases allowing presumption of reliance for fraud claims identified. | Objective test. *See Faulkner Drilling Co. v. Gross*, 943 S.W.2d 634, 638 (Ky. Ct. App. 1997) ("As to what constitutes a material fact, the question is whether it is likely to affect the conduct of a reasonable man and be an inducement of the contract."). | Out-of-pocket rule. *See Yung v. Grant Thornton, LLP*, 563 S.W.3d 22, 59 (Ky. 2018) ("The measure of damages for [fraud] is generally limited to actual pecuniary compensation for the injury sustained or 'out-of-pocket' damages[.]"). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Maine | Yes. | Actual knowledge of falsity or recklessness. *See Barr v. Dyke*, 49 A.3d 1280, 1286 (Me. 2012) (stating that a misrepresentation must be "made with knowledge of its falsity or in reckless disregard of whether it was true or false"). | Clear and convincing evidence. *See Me. Eye Care Assocs. P.A. v. Gorman*, 890 A.2d 707, 712 (Me. 2006) (reversing the trial court decision because trial court applied preponderance-of-the evidence standard to fraud claim rather than the correct "clear and convincing evidence" standard). | Justifiable reliance is required. *See Barr v. Dyke*, 49 A.3d 1280, 1287 (Me. 2012) (fraud required proof that "[t]he other party justifiably relied upon the representation as true and acted upon it to the party's damage"). <br><br> Reliance cannot be presumed in class actions. *See In re One Bancorp Sec. Litig.*, 136 F.R.D. 526, 533 (D. Me. 1991) (no presumption of reliance on state law fraud claims). | Objective test. *See Goldberg Realty Grp. v. Weinstein*, 669 A.2d 187, 191 (Me. 1996) ("Information is material to the transaction if a person with a degree of business acumen would want that information before proceeding."). | Benefit-of-the-bargain rule. *See Horner v. Flynn*, 334 A.2d 194, 204 (Me. 1975) ("The measure of his loss is determined by the difference between the actual value of the property at the time of the purchase, and its value if it had been as represented (the 'benefit-of-the bargain' rule)."), *overruled on other grounds*. |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Maryland | Yes. | Actual knowledge of falsity or recklessness. *See Gourdine v. Crews*, 405 Md. 722, 758 (2008) (fraud plaintiff must show that a misrepresentation's "falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth"). | Clear and convincing evidence. *See Gourdine v. Crews*, 405 Md. 722, 758 (2008). | Reliance is required and plaintiff must have the right to rely on the misrepresentation. *Gourdine v. Crews*, 405 Md. 722, 758 (2008) (requiring that "the plaintiff relied on the misrepresentation and had the right to rely on it"). <br><br> Reliance cannot be presumed in a class action. *See In re Medimmune, Inc. Sec. Litig.*, 873 F. Supp. 953, 968 (D. Md. 1995) (holding "there is no reason to suppose Maryland courts" would apply the fraud-on-the-market concept in connection with common law fraud claims). | Maryland recognizes both the objective test and the subjective test. *See Rozen v. Greenberg*, 886 A.2d 924, 930 (Md. 2005) ("To be actionable, misrepresentations must be material to the transaction at issue, either because it would be material to reasonable people generally or because it was material to the plaintiff."). | Maryland has a flexible theory of damages where the defrauded party can either claim out-of-pocket damages or benefit-of-the-bargain damages, if proven with sufficient certainty. *See Hinkle v. Rockville Motor Co.*, 278 A.2d 42, 47 (Md. 1971). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Massachusetts | No. | Actual knowledge of falsity. *See Nemirovsky v. Daikin N. Am., LLC*, 177 N.E.3d 901, 913 (Mass. 2021) (fraud plaintiff must show that the defendant made a "false representation of a material fact with knowledge of its falsity"). | Preponderance of the evidence. *See St. Paul Fire & Marine Ins. Co. v. Ellis & Ellis*, 262 F.3d 53, 63 (1st Cir. 2001) ("[U]nder Massachusetts law, the burden of proving fraud by a preponderance of the evidence rests on the party alleging it."). | Reasonable reliance is required. *See Nemirovsky v. Daikin N. Am., LLC*, 488 Mass. 712, 724, (2021) (fraud plaintiffs must show that they reasonably relied on the misrepresentation and acted upon it to their detriment).<br><br>No cases allowing presumption of reliance for fraud claims identified. | Objective test. *See St Paul Fire & Marine Ins. Co. v Ellis & Ellis*, 262 F.3d 53, 62 n.9 (1st Cir. 2001) (noting that materiality is determined by a reasonable person standard). | Benefit-of-the-bargain rule is usually applied, except where the plaintiff is content with out-of-pocket damages or benefit-of-the-bargain damages are too speculative. *See Crawford-Brunt v. Kruskall*, 489 F. Supp. 3d 1, 3 (D. Mass. 2020) ("The 'benefit of the bargain' measure is usually applied in cases of fraudulent misrepresentation in Massachusetts."); *see also Rice v. Price*, 340 Mass. 502, 510 (1960). |

H-13

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Michigan | Yes. | Actual knowledge of falsity or recklessness, without any knowledge of truth as a positive assertion. *See Meemic Ins. Co. v. Fortson*, 506 Mich. 287, 307 n.12 (2020). | Clear, satisfactory and convincing evidence. *See Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976) ("Fraud will not be presumed but must be proven by clear, satisfactory and convincing evidence."). | Reasonable reliance is required. *See Cummins v. Robinson Twp.*, 283 Mich. Ct. App. 677, 696 (2009).<br><br>Reliance may not be presumed. *O'Neil v. Appel*, 165 F.R.D. 479, 504-05 (W.D. Mich. 1996) ("The Michigan Supreme Court has never adopted a fraud-on-the-market theory or other presumption that would relieve a plaintiff of the burden of proving individual reliance in this case."). | Subjective test. *See Zine v. Chrysler Corp.*, 600 N.W.2d 384, 398 (Mich. Ct. App. 1999) ("To be material, the representation need not relate to the sole or major reason for the transaction, but it must relate to a material or important fact.") (internal punctuation omitted). | Benefit-of-the-bargain rule. *See Ohst v. Crehan*, No. 350787, 2021 WL 2390036, at *11 (Mich. Ct. App. June 10, 2021) ("Fraud damages are not limited to actual out-of-pocket losses, but are instead designed to provide the deceived party the 'full benefit of the bargain.'"). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Nebraska | Yes. | Actual knowledge of falsity or recklessness. *See Nathan v. McDermott*, 306 Neb. 216, 236 (2020). | Clear and convincing evidence. *See Schuelke v. Wilson*, 250 Neb. 334, 342 (1996) ("[T]he party alleging fraud must prove all elements by clear and convincing evidence."). | Plaintiff must establish that it justifiably relied on the misrepresentation, and that "an investigation would be required to discover the truth." *Nathan v. McDermott*, 306 Neb. 216, 236 (2020). No cases allowing presumption of reliance for fraud claims identified. | Objective test. *See Lincoln Ben. Life Co. v. Edwards*, 45 F. Supp. 2d 722, 748 (D. Neb. 1999) ("A misrepresentation is material if it would be likely to induce a reasonable person to manifest his assent, or if the maker knows that it would be likely to induce the recipient to do so."). | Generally, out-of-pocket damages apply, but benefit-of-the-bargain damages may be warranted in some circumstances. *See Tolliver v. Visiting Nurse Ass'n of Midlands*, 278 Neb. 532, 539-40 (2009) ("For misrepresentation claims, a defendant's liability for pecuniary losses is generally limited to the plaintiff's out-of-pocket losses or sometimes benefit-of-the-bargain losses, depending upon the context and type of misrepresentation."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| New Hampshire | No. | Knowledge of falsity or conscious indifference to the truth. *See Tessier v. Rockefeller*, 33 A.3d 1118, 1124 (N.H. 2011) ("The tort of intentional misrepresentation, or fraud, must be proved by showing that the representation was made with knowledge of its falsity or with conscious indifference to its truth and with the intention of causing another person to rely on the representation.") (quoting *Patch v. Arsenault*, 653 A.2d 1079, 1083-84 (N.H. 1995)). | Clear and convincing evidence. *See Ridlon v. N.H. Bureau of Sec. Regul.*, 214 A.3d 1196, 1204 (N.H. 2019). | Justifiable reliance is required. *See Ridlon v. N.H. Bureau of Sec. Regul.*, 214 A.3d 1196, 1203 (N.H. 2019).<br><br>No cases allowing presumption of reliance for fraud claims identified. | Subjective test. *See Inv. Almaz v. Temple-Inland Forest Prod. Corp.*, 243 F.3d 57, 80 (1st Cir. 2001) (rejecting concealment claim because "any argument that the improperly concealed information was material to [the plaintiff] would rest on sheer speculation"). | Benefit-of-the-bargain, unless plaintiff specifically seeks out-of-pocket losses. *See Eno Brick Corp. v. Barber-Greene Co.*, 245 A.2d 545, 548 (N.H. 1968). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| New Mexico | Yes. | Actual knowledge of the falsity of the representation or recklessness. *See Papatheofanis v. Allen*, 242 P.3d 358, 361 (N.M. Ct. App. 2010). | Clear and convincing evidence. *See Encinias v. Whitener L. Firm, P.A.*, 310 P.3d 611, 620 (N.M. 2013). | Justifiable reliance is required. *See Cain v. Champion Window Co. of Albuquerque, LLC*, 164 P.3d 90, 97 (N.M. Ct. App. 2007).<br><br>Reliance cannot be presumed in class actions. *In re Mesa Airlines Sec. Litig.*, No. 94-690 JC/WWD, 1996 WL 33419894, at *19 (D.N.M. May 31, 1996) (dismissing common law fraud claims because plaintiffs failed to adequately plead reliance). | Subjective test. *See Bennett v. Finley*, 215 P.2d 1013, 1015 (N.M. 1950) (finding a representation material based on its bearing on a party's willingness to contract). | Benefit-of-the-bargain damages are available in intentional misrepresentation cases. *See Banks v. R.E. Williams Constr. Servs. Co.*, No. CV 02-445 BB/WWD, 2003 WL 27385511, at *2 (D.N.M. Jan. 24, 2003) ("While damages for negligent misrepresentation are defined by unforeseeable out-of-pocket losses, a victim of intentional misrepresentation in a business transaction may be entitled to benefit of the bargain damages."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| North Carolina | No. | Intent to deceive. *See Cummings v. Carroll*, 866 S.E.2d 675, 693 (N.C. 2021); *see also Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 374 S.E.2d 385, 392 (N.C. 1988) (holding that "intent to deceive" is an "essential element" in a fraud claim). | Preponderance of the evidence. *See Hudgins v. Wagoner*, 694 S.E.2d 436, 446 n.8 (N.C. Ct. App. 2010). | Reasonable reliance is required *See Cummings v. Carroll*, 866 S.E.2d 675, 693 (N.C. 2021).

Reliance may not be presumed on a class-wide basis. *See Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 341 (4th Cir. 1998) (finding fraud claims "not readily susceptible to class-wide proof," because "[u]nder North Carolina law, these claims turn on whether each [plaintiff] reasonably relied on [defendant's] representations.") (citing *Helms v. Holland*, 478 S.E.2d 513, 517 (N.C. Ct. App. 1996) & *Carlson v. Branch Banking & Trust Co.*, 473 S.E.2d 631, 637 (N.C. Ct. App. 1996)). | Subjective test. *See Latta v. Rainey*, 689 S.E.2d 898, 909 (N.C. Ct. App. 2010) ("A misrepresentation or omission is 'material' if, had it been known to the party, it would have influenced the party's judgment or decision to act."). | Benefit-of-the-bargain rule. *See Shaver v. N.C. Monroe Constr. Co.*, 306 S.E.2d 519, 526 (N.C. Ct. App. 1983). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|-------|-----------------------------------------------|------------------------------------------|------------------------------|-------------------------------------------|-----------------------------------|---------------------------------------------|
| Ohio | No. | Actual knowledge of falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred. *See White v. Durrani*, 168 N.E.3d 597, 604 (Ohio 2021). | Preponderance of the evidence. *See Navistar, Inc. v. Dutchmaid Logistics, Inc.*, 171 N.E.3d 851, 866 (Ohio 2021) ("A party seeking an equitable remedy, such as declaratory judgment, reformation or rescission of a contract, must prove a fraud claim with clear and convincing evidence, while a party seeking a monetary remedy must prove fraud by the preponderance of the evidence."). | Justifiable reliance is required. *See White v. Durrani*, 168 N.E.3d 597, 604 (Ohio 2021). <br><br> Reliance may be presumed in certain cases, including where defendant acted intentionally in omitting to disclose information required by law. *Cope v. Metro. Life Ins. Co.*, 696 N.E.2d 1001, 1007-08 (Ohio 1998) (permitting a class-wide inference of reliance and inducement if plaintiffs could establish by common proof that the defendant intentionally omitted the state-mandated written disclosure warnings). | Objective test. *See Davis v. Sun Ref. & Mktg. Co.*, 671 N.E.2d 1049, 1058 (Ohio Ct. App. 1996) ("In determining whether a fact is material, the court must determine if the fact would be likely, under the circumstances, to affect the conduct of a reasonable person with reference to the transaction in question."). | Benefit-of-the-bargain rule. *See Wright v. Spaghetti Place, Inc.*, No. 81-661, 1984 WL 4413, at *5 (Ohio Ct. App. May 8, 1984) ("In allowing recovery under the benefit-of-the-bargain measure of damages, the burden of proof is upon the plaintiff to establish his loss of profit by sufficiently definite evidence."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Pennsylvania | Yes. | Actual knowledge of falsity or recklessness. *See Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 646 (Pa. 2021). | Clear, precise and convincing evidence. *See Snell v. Com., State Examining Bd.*, 416 A.2d 468, 470 (Pa. 1980) ("Moreover, fraud or intent to defraud is never presumed, and must be proved by evidence that is clear, precise and convincing."). | Justifiable reliance is required. *See Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 646 (Pa. 2021).<br><br>Reliance cannot be presumed in a class action. *See Rosenstein v. CPC Int'l, Inc.*, No. 90-4970, 1991 WL 1783, at *5 (E.D. Pa. Jan. 8, 1991) ("In light of the fact that reliance is an essential element that must be proven in a fraud case, the court finds that individual questions of reliance predominate over any common questions with respect to the pendent fraud cause of action precluding certification pursuant to Rule 23(b)(3)."). | Subjective test. *See In re Passarelli Fam. Tr.*, 242 A.3d 1257, 1270 (Pa. 2020) ("A misrepresentation is material when it is of such a character that if it had not been made, the transaction would not have been entered into."). | Out-of-pocket damages. *Burns v. Stratos*, No. CV 14-2134, 2022 WL 212303, at *5 (E.D. Pa. Jan. 24, 2022) ("But the law in Pennsylvania has not changed—benefit-of-the-bargain damages remain unavailable for fraud, negligent misrepresentation, unfair competition, aiding and abetting, conspiracy, and breach of fiduciary duty."), *appeal pending*. |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| South Carolina | Yes. | Actual with knowledge of falsity or recklessness. *See Beneficial Fin. I, Inc. v. Windham*, 847 S.E.2d 793, 801 (S.C. Ct. App. 2020). | Clear, cogent and convincing evidence. *Beneficial Fin. I, Inc. v. Windham*, 847 S.E.2d 793, 801 (Ct. App. 2020). | Actual reliance is required. *See Beneficial Fin. I, Inc. v. Windham*, 847 S.E.2d 793, 801 (Ct. App. 2020). No cases allowing presumption of reliance for fraud claims identified. | Objective test. *See United Prop. & Cas. Ins. v. Couture*, No. 2:19-CV-01856-DCN, 2022 WL 624806, at *9 (D.S.C. Mar. 3, 2022) (applying a "reasonable person" standard to determine if a misrepresentation is material). | Benefit-of-the-bargain rule. *Schnellmann v. Roettger*, 645 S.E.2d 239, 241 (S.C. 2007) ("It is the well-settled law of this state that the proper method in such a case is the benefit of the bargain approach, according to which the plaintiff is entitled to the difference between the value he would have received if the defendant's representations had been true and the value he actually received, together with any proximately caused consequential or special damages."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| South Dakota | No. | Actual knowledge of falsity or recklessness with the intent to deceive. *See Est. of Johnson ex rel. Johnson v. Weber*, 898 N.W.2d 718, 729 (S.D. 2017) (fraud requires proof that "the defendant knew the representation was untrue or he made the representation recklessly" and "made the representation with intent to deceive the plaintiff and for the purpose of inducing the plaintiff to act upon it"). | Preponderance of the evidence. *See Sejnoha v. City of Yankton*, 622 N.W.2d 735, 739 (S.D. 2001). | Reliance is required. *See Est. of Johnson ex rel. Johnson v. Weber*, 898 N.W.2d 718, 729 (S.D. 2017) (elements of fraud include the "plaintiff justifiably relied on the representation").<br><br>No cases allowing presumption of reliance for fraud claims identified. | No cases specifying a test for materiality of a misrepresentation identified. | Benefit-of-the-bargain damages. *See Engels v. Ranger Bar, Inc.*, 604 N.W.2d 241, 247 (S.D. 2000); *see also* S.D. Codified Laws § 20-10-1 ("One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Texas | Yes. | Actual knowledge of falsity or recklessness. *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (listing among the elements of fraud that the defendant "knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth"). | Preponderance of the evidence. *See Fossier v. Morgan*, 474 S.W.2d 801, 803 (Tex. Civ. App. 1971). | Actual and justifiable reliance is required. *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (listing among the elements of fraud: "the plaintiff actually and justifiably relied upon the representation and suffered injury as a result"). No presumption of reliance permitted under Texas law. *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 3d 511, 644 (S.D. Tex. 2003) ("Texas law requires actual reliance; the presumption of reliance under the theory of fraud on the market does not apply."). | State law in conflict regarding the test for materiality. *Compare Marburger v. Seminole Pipeline Co.*, 957 S.W.2d 82, 86 n.4 (Tex. App. 1997) ("A misrepresentation is material if it induced the complaining party to enter into the contract."), *with Spicer, Tr. for Est. of Brady v. Maxus Healthcare Partners, LLC*, 616 S.W.3d 59, 119 (Tex. App. 2020) ("A fact is material if it would likely affect the conduct of a reasonable person concerning the transaction in question."). | Texas recognizes two measures of damages for common law fraud: benefit-of-the-bargain damages and out-of-pocket damages. *See Ghosh v. Grover*, 412 S.W.3d 749 (Tex. App. 2013). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Utah | Yes. | Actual knowledge of falsity or recklessness. *See Robinson v. Robinson*, 368 P.3d 105, 113 (Utah Ct. App. 2016) (listing among the elements of fraud: a representation "which the representor either knew to be false or made recklessly, knowing that there was insufficient knowledge upon which to base such a representation"). | Clear and convincing evidence. *See Territorial Sav. & Loan Ass'n v. Baird*, 781 P.2d 452, 462 (Utah Ct. App. 1989). | Reasonable reliance is required. *See Conder v. A.L. Williams & Assocs., Inc.*, 739 P.2d 634, 638 (Utah Ct. App. 1987) ("Reasonable reliance must be considered with reference to the facts of each case."). No cases allowing presumption of reliance for fraud claims identified. | Subjective test. *See In re Guardianship of A.T.I.G.*, 293 P.3d 276, 287 (Utah 2012) ("[A] fact is material only if it is significant or essential to the issue or matter at hand.") (internal punctuation omitted). | Benefit-of-the-bargain rule. *See Terry v. Panek*, 631 P.2d 896, 897 (Utah 1981) ("The measure of damages for fraud is the difference between the value of property received and the value it would have had if the representations were true."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| West Virginia | Yes. | Actual knowledge of falsity or recklessness. *See Lengyel v. Lint*, 280 S.E.2d 66, 69 (W. Va. 1981) ("An action for fraud may lie where the defendant either knows the statement to be false, makes the statement without knowledge as to its truth or falsity, or makes it under circumstances such that he should have known of its falsity."). | Clear and distinct proof. *See Bowens v. Allied Warehousing Servs., Inc.*, 729 S.E.2d 845, 851 (W. Va. 2012). | Reliance is required. *See Bowens v. Allied Warehousing Servs., Inc.*, 729 S.E.2d 845, 851 (W. Va. 2012) (listing among the elements of fraud: "that plaintiff relied upon" the fraudulent act).<br><br>No cases allowing presumption of reliance for fraud claims identified. | No cases specifying a test for materiality of a misrepresentation identified. | Out-of-pocket rule. *See Persinger v. Peabody Coal Co.*, 474 S.E.2d 887, 899 (W. Va. 1996) ("It is axiomatic that the plaintiff's measure of damages in a cause of action in fraud would be any injury incurred as a result of the defendant's fraudulent conduct."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Wisconsin | No. | Actual knowledge of falsity or recklessness and with the intent to defraud. *See Ramsden v. Farm Credit Servs. of N. Cent. Wis. ACA*, 590 N.W.2d 1, 7 (Wis. Ct. App. 1998) (listing among the elements of fraud: "the defendant either made the representation knowing it was untrue or made it recklessly without caring whether it was true or false" and the representation was "made with intent to defraud and to induce another to act upon it"). | Clear and convincing evidence. *See Korhumel Steel Corp. v. Wandler*, 600 N.W.2d 592, 595 (Wis. Ct. App. 1999). | Justifiable reliance is required. *See Hennig v. Ahearn*, 601 N.W.2d 14, 22 (Wis. Ct. App. 1999) ("In order to prevail on any misrepresentation claim, [plaintiff] must establish . . . that [he] justifiably relied on the misrepresentation.").<br><br>Wisconsin does not recognize a presumption of reliance for fraud claims. *See Staudt v. Artifex Ltd.*, 16 F. Supp. 2d 1023, 1031 (E.D. Wis. 1998). | Objective test. *See Radford v. J.J.B. Enters., Ltd.*, 472 N.W.2d 790, 794 (Wis. Ct. App. 1991) ("A representation is material if a reasonable person would attach importance to the existence of the matter or if the maker knows or has reason to know that the recipient regards it as important."). | Benefit-of-the-bargain rule. *See Luebke v. Miller Consulting Eng'rs*, 496 N.W.2d 753, 755 (Wis. Ct. App. 1993). |

**Plaintiffs' Group 2: States That Purportedly Use An Ignorance Of Truth Standard ("Alabama CLF Grouping")**

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Alabama | Yes. | Ignorance of truth. *See Smith v. Reynolds Metals Co.*, 497 So. 2d 93, 95 (Ala. 1986) ("An innocent misrepresentation is as much a legal fraud as an intended misrepresentation and the good faith of a party in making what proves to be a material misrepresentation is immaterial as to the question whether there was an actionable fraud if the other party acted on the misrepresentation to his detriment."). | Substantial evidence. *See Hunt Petrol. Corp. v. State*, 901 So. 2d 1, 4 (Ala. 2004). | Reasonable reliance is required. *See Mantiply v. Mantiply*, 951 So. 2d 638, 658 (Ala. 2006) ("An essential element of any fraud claim is 'reasonable reliance.'").<br><br>Alabama has rejected a presumption of reliance. *See Ex parte Household Retail Servs. Inc.*, 744 So. 2d 871, 878-82 (Ala. 1999) (denying certification of a fraud class and noting the "only way to prove the subjective reliance of each class member would be to have thousands of 'minitrials,' and this would make the class action unmanageable"). | Subjective test. *See Bank of Red Bay v. King*, 482 So. 2d 274, 282 (Ala. 1985) ("A 'material fact,' within the meaning of the Alabama fraud statutes, is a fact of such a nature as to induce action on the part of the complaining party"). | Benefit-of-the-bargain rule. *See Reynolds v. Mitchell*, 529 So. 2d 227, 233 (Ala. 1988). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Arizona | Yes. | Actual knowledge of falsity or ignorance of truth. *See Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 291 (Ct. App. 2010). | Clear and convincing evidence. *See Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 291 (Ct. App. 2010). | Rightful reliance is required. *See Dawson v. Withycombe*, 163 P.3d 1034, 1048 (Ariz. Ct. App. 2007) ("Mere reliance is not enough to support a claim for fraud; [plaintiff] was required to show that he had the right to rely upon the representations."). <br><br> No presumption of reliance. *See Hoexter v. Simmons*, 140 F.R.D. 416, 424 (D. Ariz. 1991) (declining to certify a class on state law fraud claims "because those claims will require individual proof of reliance under Arizona law"). | Subjective test. *See St. Joseph's Hosp. & Med. Ctr. v. Rsrv. Life Ins. Co.*, 742 P.2d 808, 817 (Ariz. 1987) (considering whether the representation "had a material influence upon the plaintiff's conduct or was a substantial factor in bringing about his or her action"). | Out-of-pocket damages. *See Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 345 (Ariz. Ct. App. 1996), *as corrected on denial of reconsideration* (Jan. 13, 1997). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Arkansas | No. | Knowledge of falsity or knowledge that there was insufficient evidence upon which to make the representation. *See Muccio v. Hunt*, 490 S.W.3d 310, 312-13 (Ark. 2016). | Preponderance of the evidence. *See Hampton v. Taylor*, 887 S.W.2d 535, 539 (Ark. 1994). | Justifiable reliance is required. *See Muccio v. Hunt*, 490 S.W.3d 310, 313 (Ark. 2016).<br><br>Reliance cannot be presumed, but questions related to individual reliance will not necessarily defeat class certification. *SEECO, Inc. v. Hales*, 954 S.W.2d 234, 240 (Ark. 1997). | Subjective test. *See Ellis v. Liter*, 841 S.W.2d 155, 156 (Ark. 1992) ("To prove materiality of a misrepresentation, it is only necessary to show the misrepresented fact was a material *influence* on the decision[.]"). | Either benefit-of-the-bargain damages or out-of-pocket-damages are available. *See Smith v. Walt Bennett Ford, Inc.*, 864 S.W.2d 817, 823-24 (Ark. 1993). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|-------|-----------------------------------------------|------------------------------------------|------------------------------|-------------------------------------------|-----------------------------------|---------------------------------------------|
| Hawaii | Yes. | Actual knowledge of falsity or ignorance of truth. *See Hawaii's Thousand Friends vs. Anderson*, 768 P.2d 1293, 286 (Haw. 1989). | Clear and convincing evidence. *See Hawaii's Thousand Friends vs. Anderson*, 70 Haw. 276, 286 (1989). | Reasonable reliance is required. *See Matsuura v. E.I. du Pont de Nemours & Co.*, 73 P.3d 687, 701 (Haw. 2003). ("[T]o prevail on a claim of fraudulent inducement, plaintiffs must prove that their reliance upon a defendant's representations was reasonable."). No cases allowing a presumption of reliance for fraud claims identified. | Objective test. *TSA Int'l Ltd. v. Shimizu Corp.*, 990 P.2d 713, 725 (Haw. 1999) ("An omitted fact is material if there is a substantial likelihood that, under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of the reasonable shareholder.") (internal punctuation omitted), *as amended on denial of reconsideration* (Dec. 30, 1999). | Out-of-pocket rule. *See Zanakis-Pico v. Cutter Dodge, Inc.*, 47 P.3d 1222, 1234 (Haw. 2002). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Idaho | No. | State law is in conflict as to whether actual knowledge of falsity is required or if ignorance of its truth is sufficient. *Compare SRM Arms, Inc. v. GSA Direct, LLC*, 494 P.3d 744, 755 (Idaho 2021) (listing the elements of fraud as including "the speaker's knowledge of [the false statement's] falsity"), *with Budget Truck Sales, LLC v. Tilley*, 419 P.3d 1139, 1145 (Idaho 2018) (describing elements of fraud as including "the speaker's knowledge about [the false statement's] falsity or ignorance of its truth"). | Clear and convincing evidence. *See Country Cove Dev., Inc. v. May*, 150 P.3d 288, 293 (Idaho 2006). | Justifiable reliance is required. *See Watson v. Weick*, 112 P.3d 788, 795 (Idaho 2005) ("One of the elements that must be proven in order to establish fraud is justifiable reliance upon a false statement or representation."). <br><br> No presumption of reliance permitted. *Gerstein v. Micron Tech.*, No. CIV. 89-1262, 1993 WL 735031, at *9 (D. Idaho Jan. 9, 1993) (granting summary judgment on common law fraud claims on the basis of an "absence of Idaho authority permitting the court to apply the 'fraud on the market' presumption in this context"). | Subjective test. *See Choice Feed, Inc. v. Montierth*, 481 P.3d 78, 96 (Idaho 2021) ("Materiality refers to the importance of the misrepresentation in determining the plaintiff's course of action.") (quoting *Watts v. Krebs*, 131 962 P.2d 387, 390 (Idaho 1998)). | Court can apply whichever of the benefit-of-the-bargain rule and the out-of-pocket-rule that will best provide compensation for damages that were the "natural and proximate" result of the fraud. *Walston v. Monumental Life Ins. Co.*, 923 P.2d 456, 462-63 (Idaho 1996). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Illinois | No. | Knowledge or belief in the falsity of the representation. *See DeHart v. DeHart*, 986 N.E.2d 85, 97 (Ill. 2013) ("To constitute fraud in the inducement, the defendant must have made a false representation of material fact, knowing or believing it to be false and doing it for the purpose of inducing one to act."). | Clear and convincing evidence. *Metro. Cap. Bank & Tr. v. Feiner*, 179 N.E.3d 847, 856 (Ill. Ct. App. 2020). | Justifiable reliance is required. *See Doe v. Dilling*, 888 N.E.2d 24, 36 (Ill. 2008).<br><br>State law not clear as to whether presumption of reliance permitted in proposed class actions, but courts have held that individualized questions of reliance do not always preclude class certification. *Phillips v. Ford Motor Co.*, No. 99-L-1041, 2003 WL 23353492, at *6 (Ill. Cir. Ct. Sept. 15, 2003) (rejecting argument that variations in state laws on the element of reliance precluded a finding that common issues predominate). | Both subjective and objective tests recognized. *Miller v. William Chevrolet/GEO, Inc.*, 762 N.E.2d 1, 7 (Ill. Ct. App. 2001) ("[A] misrepresentation is 'material' if the plaintiff would have acted differently had he been aware of it, or if it concerned the type of information upon which he would be expected to rely when making his decision to act."), *as modified on denial of reh'g* (Nov. 27, 2001). | Benefit-of-the-bargain theory of damages may be appropriate, especially if no out-of-pocket losses suffered. *Kirkruff v. Wisegarver*, 697 N.E.2d 406, 414 (Ill. Ct. App. 1998).<br><br>Generally benefit-of-the-bargain measure of damages used in misrepresentation cases. *Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 538 N.E.2d 530, 538 (Ill. 1989). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Minnesota | No. | Actual knowledge of falsity or reckless disregard as to truthfulness. *See Driscoll v. Standard Hardware, Inc.*, 785 N.W.2d 805, 810-11 (Minn. Ct. App. 2010). | Clear and convincing evidence. *See Hous. & Redevelopment Auth. of City of St. Paul v. Alexander*, 437 N.W.2d 97, 100 (Minn. Ct. App. 1989). | Reasonable reliance is required. *See Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 369 (Minn. 2009).<br><br>No cases allowing a presumption of reliance for fraud claims identified. | Objective test, unless there is a special reason to believe subjective test should be used. *Carpenter v. Vreeman*, 409 N.W.2d 258, 261 (Minn. Ct. App. 1987) ("A misrepresentation is material if it would be likely to induce a reasonable person to manifest his or her assent or the maker knows that for some special reason it is likely to induce the particular recipient to manifest such assent."). | Generally out-of-pocket measure used, but benefit-of the-bargain damages allowed in economic loss cases. *See Williams v. Heins, Mills & Olson, PLC*, No. A09-1757, 2010 WL 3305017, at *5 (Minn. Ct. App. Aug. 24, 2010). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Mississippi | Yes. | Actual knowledge of falsity or ignorance of truth. *See Watson Lab'ys, Inc. v. State*, 241 So. 3d 573, 584 (Miss. 2018). | Clear and convincing evidence. *See Watson Lab'ys, Inc. v. State*, 241 So. 3d 573, 584 (Miss. 2018). | Justifiable reliance is required. *See Est. of L. v. L.*, 852 So. 2d 33, 37 (Miss. Ct. App. 2002) ("Not every spoken untruth is actionable as fraud. It is only if that untruth by design and effect induced the hearer to change his position in justifiable reliance on the information."), *rev'd on other grounds sub nom. In re Est. of L.*, 869 So. 2d 1027 (Miss. 2004).<br><br>No cases allowing a presumption of reliance for fraud claims identified. | Objective test. *See Est. of L. v. L.*, 852 So. 2d 33, 37 (Miss. Ct. App. 2002) ("'[M]ateriality' is an objective matter, unrelated to what the person deceived actually thought."), *rev'd on other grounds sub nom. In re Est. of L.*, 869 So. 2d 1027 (Miss. 2004). | Three measures recognized: benefit-of-the-bargain; reasonable cost of repair; or out-of-pocket recovery. *See Browder v. Williams*, 765 So. 2d 1281, 1286 (Miss. 2000). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Missouri | Yes. | Actual knowledge of falsity or ignorance of truth. *See Sanders v. Ins. Co. of N. Am.*, 42 S.W.3d 1, 9 (Mo. Ct. App. 2000). | Clear and convincing evidence. *See Centerre Bank of Indep., N.A. v. Bliss*, 765 S.W.2d 276, 284 (Mo. Ct. App. 1988). | Justifiable reliance is required. *See Stander v. Szabados*, 407 S.W.3d 73, 83 (Mo. Ct. App. 2013).<br><br>No presumption of reliance permitted, but reliance may be proven by circumstantial evidence. *Chesus v. Watts*, 967 S.W.2d 97, 113 (Mo. Ct. App. 1998). | Objective test. *See Stander v. Szabados*, 407 S.W.3d 73, 82 (Mo. Ct. App. 2013) ("The test of materiality is objective and not subjective."). | Benefit-of-the-bargain rule. *Craft v. Philip Morris Cos.*, No. 002-00406A, 2003 WL 23139381, at *9 (Mo. Cir. Ct. Dec. 31, 2003). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Montana | Yes. | Actual knowledge of falsity or ignorance of truth. *See Durbin v. Ross*, 916 P.2d 758, 762 (Mont. 1996). | Preponderance of the evidence, unless the plaintiff is seeking punitive damages, which requires clear and convincing evidence. *Barrett v. Holland & Hart*, 845 P.2d 714, 717 (Mont. 1992); *Cartwright v. Equitable Life Assur. Soc. of U.S.*, 914 P.2d 976, 993 (Mont. 1996). | Rightful reliance is required. *Fossen v. Fossen*, 180, 311 P.3d 743, 747 (Mont. 2013) ("Fraud claims must establish both that a hearer relies on the representation and that the hearer has a right to rely on the representation."). <br><br> No cases allowing a presumption of reliance for fraud claims identified. | Subjective test. *See W. Sec. Bank v. Eide Bailly LLP*, 249 P.3d 35, 46 (Mont. 2010) (finding materiality adequately pled where plaintiff "described the significance of the representations to its credit decisions"). | Benefit-of-the-bargain rule. *See Bokma Farms, Inc. v. State*, 14 P.3d 1199, 1201 (Mont. 2000). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Nevada | No. | Knowledge or belief that a representation is false or that the representation is without sufficient foundation. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). | Clear and convincing evidence. *See J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). | Justifiable reliance is required. *See Collins v. Burns*, 741 P.2d 819, 821 (Nev. 1987) ("Lack of justifiable reliance bars recovery in an action at law for damages for the tort of deceit."), *appeal pending*.<br><br>Nevada has not recognized a presumption of reliance. *Kelley v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark*, 373 P.3d 932 (Nev. 2011) (declining to extend the doctrine of presumed reliance where individualized questions of reliance exist). | Objective test. *See Collins v. Burns*, 741 P.2d 819, 821 (Nev. 1987) ("The test is whether the recipient has information which would serve as a danger signal and a red light to any normal person of his intelligence and experience."). | Benefit-of-the-bargain method is often used for fraud cases, but court can determine appropriate damages in other ways if benefit-of-the-bargain is unworkable. *See Davis v. Beling*, 278 P.3d 501, 513 (Nev. 2012). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Oregon | Yes. | Actual knowledge of falsity or ignorance of truth. *Smallwood v. Fisk*, 934 P.2d 557, 559 (Or. 1997). | Clear and convincing evidence. *Oregon Pub. Emps.' Ret. Bd. ex rel. Oregon Pub. Emps.' Ret. Fund v. Simat, Helliesen & Eichner*, 83 P.3d 350, 359 (Or. 2004). | Reliance is required, including for all proposed class members. *Strawn v. Farmers Ins. Co. of Oregon*, 258 P.3d 1199, 1213 (Or. 2011).

Inference of reliance arises when the same misrepresentation is made without material variation to the class, and class members logically would have had a common understanding, and naturally would have relied on it to the same degree and in the same way. *Strawn v. Farmers Ins. Co. of Oregon*, 258 P.3d 1199, 1213 (Or. 2011). | Objective test. *Teegarden v. State ex rel. Or. Youth Auth.*, 348 P.3d 273, 278 (Or. 2015) ("A misrepresentation is material where it would be likely to affect the conduct of a reasonable [person] with reference to a transaction with another person.") (internal punctuation omitted). | Both out-of-pocket and benefit-of-the-bargain damages are used. *See McLean v. Charles Ellis Realty, Inc.*, 76 P.3d 661, 667 (Or. 2003). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Tennessee | No. | Actual knowledge of falsity, belief the representation is not true, or recklessness without knowledge of truth or falsity. *Hodge v. Craig*, 382 S.W.3d 325, 343 (Tenn. 2012). | Preponderance of the evidence when seeking damages only. *Elchlepp v. Hatfield*, 294 S.W.3d 146, 151 (Tenn. Ct. App. 2008). | Reliance is required. *Hodge v. Craig*, 382 S.W.3d 325, 343 (Tenn. 2012).<br><br>No cases allowing a presumption of reliance for fraud claims identified. | Generally, an objective standard is used, but misrepresentations are also material when "the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining a choice of action, although a reasonable person would not so regard it." *See Homestead Grp., LLC v. Bank of Tenn.*, 307 S.W.3d 746, 752 (Tenn. Ct. App. 2009). | Benefit-of-the-bargain measure. *Elchlepp v. Hatfield*, 294 S.W.3d 146, 152 (Tenn. Ct. App. 2008). |

**Plaintiffs' Group 3: States That Purportedly Use An Actual Knowledge of Falsity Standard (The "Colorado CLF Grouping")**

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Colorado | Yes. | Actual knowledge of falsity. *See Kinsey v. Preeson*, 746 P.2d 542, 550 (Colo. 1987). | Clear and convincing evidence. *See McWhinney Holding Co. v. Poag*, No. 17-CV-02853-RBJ, 2021 WL 1056496, at *14 (D. Colo. Mar. 19, 2021). | Reliance is required. *See Nelson v. Gas Rsch. Inst.*, 121 P.3d 340, 343 (Colo. App. 2005) ("Unless the speaker making the representations deliberately falsified his or her intention to induce reliance, statements of future events are not actionable."). Colorado law does not allow presumption of reliance for fraud claims; it requires proof of each plaintiff's individual reliance. *See In re Synergen, Inc. Sec. Litig.*, 154 F.R.D. 265, 267 (D. Colo. 1994); *Garcia v. Medved Chevrolet, Inc.*, 240 P.3d 371, 381 (Colo. App. 2009), *aff'd*, 263 P.3d 92 (Colo. 2011). | Objective test. *See Rocky Mountain Expl., Inc. v. Davis Graham & Stubbs LLP*, 420 P.3d 223, 234 (Colo. 2018) ("A fact is material if a reasonable person under the circumstances would attach importance to it in determining his or her course of action."). | Colorado allows both benefit-of-the-bargain and out-of-pocket damages for fraud. *See Ballow v. PHICO Ins. Co.*, 878 P.2d 672, 677 (Colo. 1994) ("[R]ecovery in fraud is only allowed to the extent that the value of the contractual benefits conferred falls short of the value as represented, plus any other damages naturally and proximately caused by the misrepresentation."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| D.C. | No. | Actual knowledge of falsity with the intent to deceive. *See Remeikis v. Boss & Phelps, Inc.*, 419 A.2d 986, 988 (D.C. 1980). | Clear and convincing evidence. *See Pearson v. Chung*, 961 A.2d 1067, 1074 (D.C. 2008). | Reliance is required. *See Remeikis v. Boss & Phelps, Inc.*, 419 A.2d 986, 988 (D.C. 1980) (listing among the elements of fraud: "action taken in reliance upon the misrepresentation"). No cases allowing a presumption of reliance for fraud claims identified. | Objective test. *See Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1131 (D.C. 2015) ("A misrepresentation is material if it would be likely to induce a reasonable person to manifest his assent, or if the maker knows that it would be likely to induce the recipient to do so.") (citation omitted). | Flexible approach. *See Ludwig & Robinson, PLLC v. BiotechPharma, LLC*, 186 A.3d 105, 114-115 (D.C. 2018) (D.C. allows fraud liability for "damages as naturally and proximately resulted from the fraud, and the proximate result rule should be employed in a flexible manner") (quoting *Espaillat v. Berlitz Schs. of Languages of Am., Inc.*, 383 F.2d 220, 222 (D.C. Cir. 1967)). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Florida | Yes. | Actual knowledge of falsity. *See Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010). | Preponderance of the evidence. *See JDI Holdings, LLC v. Jet Mgmt., Inc.*, 732 F. Supp. 2d 1205, 1233 (N.D. Fla. 2010). | Reliance is required, but need not be justifiable. *See Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010). Presumption of reliance is unavailable in Florida. *See In re Sahlen & Assocs., Inc. Sec. Litig.*, 773 F. Supp. 342, 371 (S.D. Fla. 1991); *see also Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. Dist. Ct. App. 2000) (noting that common law fraud requires subjective evidence of reliance). | Subjective test. *See Ribak v. Centex Real Est. Corp.*, 702 So. 2d 1316, 1317 (Fla. Dist. Ct. App. 1997) ("Under Florida law, a fact is material if, but for the misrepresentation, the aggrieved party would not have entered into the contract."). | In Florida, either the benefit-of-the-bargain rule or the out-of-pocket rule may be used. *See Kind v. Gittman*, 889 So. 2d 87, 90 (Fla. Dist. Ct. App. 2004). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Iowa | No. | Actual knowledge of falsity with the intent to deceive. *See Dier v. Peters*, 815 N.W.2d 1, 7 (Iowa 2012). | Preponderance of clear, satisfactory, and convincing proof. *See Lloyd v. Drake Univ.*, 686 N.W.2d 225, 233 (Iowa 2004). | Justifiable reliance is required. *See Dier v. Peters*, 815 N.W.2d 1, 7 (Iowa 2012) (listing among the elements of fraud: "the plaintiff acted in justifiable reliance on the truth of the representation").<br><br>Presumption of reliance is unavailable in Iowa. *See Vos v. Farm Bureau Life Ins. Co.*, 667 N.W.2d 36, 54 (Iowa 2003) (affirming the district court's refusal to apply a presumption of reliance to fraud claims); *see also Rakes v. Life Invs. Ins. Co. of Am.*, 622 F. Supp. 2d 755, 768 (N.D. Iowa 2008) (noting that Iowa does not recognize a presumption of reliance for fraud claims). | Iowa recognizes both a subjective and an objective test. *See Dier v. Peters*, 815 N.W.2d 1, 8 (Iowa 2012) ("We have said that a fact is material if it substantially affects the interest of the party alleged to have been defrauded. We have also said that a fraudulent misrepresentation is material if it is likely to induce a reasonable person to act."). | Iowa recognizes two measures of damages for fraud cases: (1) benefit-of-the-bargain plus consequential damages; and (2) out-of-pocket expenses. *See Midwest Home Distrib., Inc. v. Domco Indus. Ltd.*, 585 N.W.2d 735, 739 (Iowa 1998). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Louisiana | No. | Actual knowledge of falsity with the intent to deceive. *See Sys. Eng'g & Sec. Inc. v. Sci. & Eng'g Ass'ns*, 962 So. 2d 1089, 1091 (La. Ct. App. 2007). | Preponderance of the evidence. *See Mills v. Tarver*, No. 2021-0666 2021 WL 6328320 (La. App. 1 Cir. Dec. 30, 2021) ("The party asserting a claim of fraud has the burden of proving fraud by a preponderance of the evidence, whether direct or circumstantial."); *see also* La. Civ. Code. Ann. art. 1957 ("Fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence."). | Justifiable reliance is required. *See Sys. Eng'g & Sec. Inc. v. Sci. & Eng'g Ass'ns*, 962 So. 2d 1089, 1091 (La. Ct. App. 2007) (listing among the elements of fraud: "causing justifiable reliance with resulting injury"). No cases allowing a presumption of reliance for fraud claims identified. | No cases specifying a test for materiality of a misrepresentation identified. | No cases specifying a measure of damages identified. |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| New Jersey | Yes. | Actual knowledge of falsity. *See Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997). | Clear and convincing evidence. *See Weil v. Express Container Corp.*, 824 A.2d 174, 182 (N.J. Super. Ct. App. Div. 2003). | Reliance is required. *See Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997) (listing among the elements of fraud reasonable reliance on the misrepresentation).<br><br>Presumption of reliance is unavailable under New Jersey law. *See Faktor v. Am. Biomaterials Corp.*, No. CIV. A. 90-2018, 1991 WL 336922, at *7 (D.N.J. May 28, 1991). | Objective test. *See Voilas v. Gen. Motors Corp.*, 170 F.3d 367, 376 (3d Cir. 1999). | Both benefit-of-the-bargain and out-of-pocket damages for fraud are available under New Jersey law. *See Finderne Mgmt. Co. v. Barrett*, 955 A.2d 940, 956-57 (N.J. Super. Ct. App. Div. 2008).<br><br>Specific rules for calculating damages "must be subordinated to the basic objective of making the injured party whole." *See Correa v. Maggiore*, 482 A.2d 192, 198 (N.J. Super. Ct. App. Div. 1984). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| New York | Yes. | Actual knowledge of falsity. *See Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 106 N.E.3d 1176, 1182 (N.Y. 2018). | Clear and convincing evidence. *See Tanzman v. La Pietra*, 8 A.D.3d 706, 707 (N.Y. Sup. Ct. App. Div. 2004). | Justifiable reliance is required. *See Pasternack v. Lab'y Corp. of Am. Holdings*, 59 N.E.3d 485, 491 (N.Y. 2016) (listing justifiable reliance among the elements of fraud). Reliance cannot be presumed. *See Stellema v. Vantage Press, Inc.*, 470 N.Y.S.2d 507, 511 (N.Y. Sup. 1983); *Redtail Leasing, Inc. v. Bellezza*, No. 95 CIV. 5191 (JFK), 1997 WL 603496, at *7 (S.D.N.Y. Sept. 30, 1997). | Objective test. *See Greenberg v. Chrust*, 282 F. Supp. 2d 112, 119 (S.D.N.Y. 2003) ("A misrepresentation is material to a fraud claim only if it is the type of misrepresentation likely to be deemed significant to a reasonable person considering whether to enter into the transaction."). | Out-of-pocket rule. *See Lama Holding Co. v. Smith Barney Inc.*, 668 N.E.2d 1370 (N.Y. 1996); *see also Hense v. Baxter*, 79 A.D.3d 814 (N.Y. Sup. Ct. App. Div. 2010) ("Damages for fraud are limited to actual loss, not to provide compensation for a possible gain."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| North Dakota | No. | Actual knowledge of falsity with the intent to deceive. *See Ward Farms P'ship v. Enerbase Co-op. Res.*, 863 N.W.2d 868, 872 (N.D. 2015). | Clear and convincing evidence. *See Ward Farms P'ship v. Enerbase Co-op. Res.*, 863 N.W.2d 868, 872 (N.D. 2015). | Reliance is required. *See Northstar Founders, LLC v. Hayden Cap. USA, LLC*, 855 N.W.2d 614, 626 (N.D. 2014) (listing among the elements of fraud: "reliance on the false or misleading representation").<br><br>"Fraud is never presumed, but must be proved by evidence that is clear, satisfactory, and convincing. However, inducement and reliance may be inferred when there is nondisclosure of a material fact." *See Sargent Cnty. Bank v. Wentworth*, 500 N.W.2d 862, 875 (N.D. 1993) (citation omitted). | No cases specifying a test for materiality of a misrepresentation identified. | North Dakota recognizes both the out-of-pocket and benefit-of-the-bargain rules. *See Eckmann v. Nw. Fed. Sav. & Loan Ass'n*, 436 N.W.2d 258, 261 (N.D. 1989). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Oklahoma | Yes. | Actual knowledge of falsity. *See Key Fin., Inc. v. Koon*, 371 P.3d 1133, 1137 (Okla. Civ. App. 2015). | Clear and convincing evidence. *See Citizens Bank & Tr. Co. of Vivian, La. v. Tomlin*, 852 P.2d 803, 805 (Okla. Civ. App. 1993). | Reliance is required. *See Key Fin., Inc. v. Koon*, 371 P.3d 1133, 1137 (Okla. Civ. App. 2015) (listing reliance among the elements of fraud).<br><br>Oklahoma courts do not recognize a presumption of reliance in common law fraud actions. *See Miller v. Farmers Ins. Grp.*, No. CIV-10-466-F, 2012 WL 8017244, at *12 n.8 (W.D. Okla. Mar. 22, 2012). | State law is in conflict regarding the test for materiality. *Compare Copeland v. Anderson*, 707 P.2d 560, 569 (Okla. Civ. App. 1985) ("A material misrepresentation as used in the law of deceit is one that is so substantial and important as to significantly affect or influence the party to whom it is made."), *overruled on other grounds by Cooper v. Parker-Hughey*, 894 P.2d 1096 (Okla. 1995), *with Cleveland v. Dyn-A-Mite Pest Control, Inc.*, 57 P.3d 119, 130 (Okla. Civ. App. 2002) (finding a misrepresentation material "because a reasonably careful person would attach importance to" it). | Benefit-of-the-bargain rule. *See Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009); *see also LeFlore v. Reflections of Tulsa, Inc.*, 708 P.2d 1068, 1077 (Okla. 1985) ("Oklahoma, by decisional law, has adopted a form of the benefit of the bargain measure in fraud actions, allowing the plaintiff to recover the difference between the actual value received and the value the defrauded party would have had if it had been as represented."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Rhode Island | No. | Actual knowledge of falsity with the intent to deceive. *See Guilbeault v. R.J. Reynolds Tobacco Co.*, 84 F. Supp. 2d 263, 268 (D.R.I. 2000). | Preponderance of the evidence. *See Halpert v. Rosenthal*, 267 A.2d 730, 737 (R.I. 1970). | Reliance is required. *See Guilbeault v. R.J. Reynolds Tobacco Co.*, 84 F. Supp. 2d 263, 268 (D.R.I. 2000) (listing among the elements of fraud: "the plaintiff relied to his detriment").<br><br>Rhode Island has rejected a presumption of reliance. *See Zarella v. Minn. Mut. Life Ins. Co.*, No. CIV A 96-2782, 1999 WL 226223, at *8 (R.I. Super. Ct. Apr. 14, 1999) (finding "a presumption of reliance is clearly not warranted" where the element of reliance requires individualized determinations). | Objective test. *See Nisenzon v. Sadowski*, 689 A.2d 1037, 1046 (R.I. 1997) ("A misrepresentation becomes material when it is likely to affect the conduct of a reasonable person with reference to a transaction with another person.") (quoting *Dudzik v. Leesona Corp.*, 473 A.2d 762, 766-67 (R.I. 1984)). | Benefit-of-the-bargain rule. *See Caseau v. Belisle*, No. PC 01-4441, 2005 WL 2354135, at *9 (R.I. Super. Ct. Sept. 26, 2005) ("It is axiomatic that the 'benefit of the bargain' rule is the proper measure of damages in a claim for fraud or misrepresentation."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Vermont | Yes. | Actual knowledge of falsity. *See Felis v. Downs Rachlin Martin PLLC*, 133 A.3d 836, 842 (Vt. 2015). | Clear and convincing evidence. *See Fuller v. Banknorth Mortg. Co.*, 788 A.2d 14, 16 (Vt. 2001). | Justifiable reliance is required. *See Sugarline Assocs. v. Alpen Assocs.*, 586 A.2d 1115, 1120 (Vt. 1990) (recovery for fraud "requires that the party claiming fraud justifiably relied on the statements or conduct of the other"). <br><br> No cases allowing a presumption of reliance for fraud claims identified. | Objective test. *See Sarvis v. Vt. State Colls.*, 772 A.2d 494, 498 (Vt. 2001) (materiality "may be proved where the statement is likely to induce a reasonable person to manifest his assent, or if the maker knows that it would be likely to induce such assent") (citation omitted). | Benefit-of-the-bargain rule. *See Cushman v. Kirby*, 536 A.2d 550, 554 (Vt. 1987). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Virginia | No. | Actual knowledge of falsity with the intent to mislead. *See Owens v. DRS Auto. Fantomworks, Inc.*, 764 S.E.2d 256, 260 (Va. 2014) (pleading common law fraud requires a material misrepresentation "made intentionally and knowingly . . . with intent to mislead"). | Clear and convincing evidence. *See Owens v. DRS Auto. Fantomworks, Inc.*, 764 S.E.2d 256, 260 (Va. 2014). | Reliance is required. *See Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 507 S.E.2d 344, 346 (Va. 1998) (listing among the elements of fraud "reliance by the party misled").<br><br>Virginia does not recognize "presumed reliance" for tort claims. *See Fentress Fams. Tr. v. Va. Elec. & Power Co.*, 81 Va. Cir. 67 (2010); *see also Henderson v. Henderson*, 495 S.E.2d 496, 499 (Va. 1998) ("Fraud, whether actual or constructive, is never presumed and must be strictly proved as alleged."). | Subjective test. *See Packard Norfolk v. Miller*, 95 S.E. 2d 207, 211-12 (Va. 1956) ("[A] fact is material when it influences a person to enter into a contract, when it deceives him and induces him to act, or when without it the transaction would not have occurred."). | Out-of-pocket rule. *See Murray v. Hadid*, 238 Va. 722, 731, 385 S.E.2d 898, 904 (1989) ("The usual remedy in an action for fraud is to restore the defrauded party to the position he held prior to the fraud."); *see also Lane Constr. Corp. v. Brown & Root, Inc.*, 29 F. Supp. 2d 707, 727 (E.D. Va. 1998) ("Damages for fraud are measured by the extent of any detrimental reliance by the plaintiff on the representations of the defendant."), *rev'd in part on other grounds sub nom. Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717 (4th Cir. 2000). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Washington | Yes. | Actual knowledge of falsity. *See Adams v. King County*, 192 P.3d 891, 902 (Wash. 2008). | Clear, cogent and convincing evidence. *See Baker Boyer Nat'l Bank v. Foust*, 436 P.3d 382, 386 (Wash. Ct. App. 2018). | Reliance is required. *See Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996) (listing among the elements of fraud: "plaintiff's reliance on the truth of the representation").<br><br>Washington courts have not recognized a presumption of reliance for fraud claims. *See Deegan v. Windermere Real Est./Ctr.-Isle, Inc.*, 391 P.3d 582, 588 (Wash. App. 2017). | Objective test. *See Aventa Learning, Inc. v. K12, Inc.*, 830 F. Supp. 2d 1083, 1099 (W.D. Wash. 2011) ("A material misrepresentation is one to which a reasonable person would attach importance when determining whether to participate in a transaction."). | Benefit-of-the-bargain rule. *See Enger v. Richards*, 134 Wash. App. 1068 (2006). *But see McRae v. Bolstad*, 178, 646 P.2d 771, 775 (Wash. App. 1982) ("When [a plaintiff] seeks to recover damages not inherent in the 'benefit of bargain' rule, he will be awarded damages for all losses proximately caused by the defendant's fraud."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Wyoming | Yes. | Actual knowledge of falsity. *See Singer v. Lajaunie*, 339 P.3d 277, 285 (Wyo. 2014). | Clear and convincing evidence. *See Rogers v. Wright*, 366 P.3d 1264, 1271 (Wyo. 2016). | Reliance is required. *See Claman v. Popp*, 279 P.3d 1003, 1016 (Wyo. 2012) (listing among the elements of fraud: "plaintiff suffered damages in relying on the false representation"). <br><br> No cases allowing a presumption of reliance for fraud claims identified. | No cases specifying a test for materiality of a misrepresentation identified. | Benefit-of-the-bargain rule. *See Alexander v. Meduna*, 47 P.3d 206, 218 (Wyo. 2002) ("[Damages] are designed to make the individual whole; that is, to place him in the condition he would have been in if the other party had adequately performed the duty owed."). |

| State | Does State Fit Plaintiffs' Grouping Criteria? | What Is The Required Level Of Scienter? | What Is The Burden Of Proof? | Is Reliance Required? Can It Be Presumed? | What Is The Test For Materiality? | What Is The Appropriate Measure Of Damages? |
|---|---|---|---|---|---|---|
| Puerto Rico | Yes. | Actual knowledge of falsity. *See Valle-Ortiz v. R.J. Reynolds Tobacco Co.*, 385 F. Supp. 2d 126, 133 (D.P.R. 2005). | Preponderance of evidence. *See Huongsten Prod. Imp. & Exp. Co. v. Sanco Metals LLC*, 810 F. Supp. 2d 418, 432 (D.P.R. 2011). | Reasonable and foreseeable reliance is required. *See Wadsworth, Inc. v. Schwarz-Nin*, 951 F. Supp. 314, 323 (D.P.R. 1996) (fraud claim requires proof that "plaintiff reasonably and foreseeably relied" on the false representation).<br><br>Reliance cannot be presumed. Plaintiffs must produce actual evidence of individual reliance. *See Valle-Ortiz v. R.J. Reynolds Tobacco Co.*, 385 F. Supp. 2d 126, 133 (D.P.R. 2005). | No cases specifying a test for materiality of a misrepresentation identified. | No cases specifying a measure of damages identified. |

H-54