# APPENDIX I

## STATE LAW VARIATION – CONSUMER PROTECTION ACTS

Plaintiffs have submitted a table purporting to show that five groupings of states have identical violation, intent and notice requirements for statutory consumer protection claims.[1] The tables below identify: (1) states that are improperly grouped according to Plaintiffs' own criteria (violation, intent and notice); and (2) legal variations among states that Plaintiffs failed to consider or take into account in their groupings. The variations identified in this table are the very sorts of variations that have led to the denial of class certification in other cases, including the following:

- *Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 175, 183-84 (3d Cir. 2014) (rejecting plaintiffs' attempt to group 42 state consumer protection statutes into two subclasses where plaintiffs "failed to provide a sufficient, or virtually any, analysis describing how the grouped state laws might apply to the facts of this case");

- *Agostino v. Quest Diagnostics Inc.*, No. 04-4362, 2010 WL 5392688, at *11-13 (D.N.J. Dec. 22, 2010) (noting "**varying elements of reliance, state of mind, and causation, to name a few**," among state consumer fraud statutes and rejecting proposed grouping based on whether state laws proscribe "unfair or deceptive acts or practices" or "false, misleading and/or deceptive (but not unfair) acts and practices") (emphasis added);

- *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 341-51 (D.N.J. 1997) (finding that differences in states' consumer protection laws defeated predominance).

---

[1] Notably, Plaintiffs' proposed groupings, as complex as they are, do not even apply to all Defendants. For example, Plaintiffs assert claims under the laws of Arkansas, Colorado, Kentucky, Nevada, New Mexico, South Dakota, Utah and Virginia (i.e., Plaintiffs' Group 4, below) against Defendants ZHP, Torrent, Teva, Mylan and Aurobindo, ***but not*** against Defendant Hetero, further complicating their class proposals.

- *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2020 WL 1180550, at *57 (D. Kan. Mar. 10, 2020) (describing varying state standards and tests with respect to conduct that qualifies as a violation of state consumer protections acts and concluding that "variations among state consumer protection laws preclude predominance and thus make it inappropriate to certify the state consumer protection claims as a class action");

- *Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-cv-00035-VAP-KSx, 2020 WL 1289549, at *12 (C.D. Cal. Mar. 3, 2020) (denying class certification due to the unmanageable task of applying consumer protection laws of 50 different states; "these laws vary widely in terms of **reliance and scienter requirements, statutes of limitations periods and accrual, pre-suit notice requirements, and even *whether* class actions are allowed for consumer protection claims**. The Court is persuaded these differences are material—in some cases, likely dispositive") (emphasis added);

- *Andren v. Alere, Inc.*, No. 16CV1255-GPC(AGS), 2017 WL 6509550, at *17 (S.D. Cal. Dec. 20, 2017) (denying class certification in part due to material differences among state consumer protection laws regarding "**the elements of proof of injury, need for proof of actual deception, whether scienter is required, whether reliance is required, whether relief is limited to equitable relief or damages, whether pre-filing notice is required and the varying statute of limitations**") (emphasis added);

- *Darisse v. Nest Laby's, Inc.*, No. 14-CV-01363, 2016 WL 4385849, at *9-10 (N.D. Cal. Aug. 15, 2016) (cataloguing differences across "[t]he 50 states' consumer protection statutes" including "with respect to the **statutes of limitations; reliance requirement; what constitutes actionable conduct; and the available remedies**," and concluding that "[t]hese differences in the states' laws plainly are material") (emphasis added);

- *In re Celexa & Lexapro Mktg. & Sales Pracs. Litig.*, 291 F.R.D. 13, 19 (D. Mass. 2013) ("Courts have been particularly unwilling to certify classes under the laws of multiple states in cases involving state consumer-protection laws on the grounds that those laws vary widely state to state and 'courts must respect these differences rather than apply one state's law to sales in other states with different rules.'") (quoting *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002));

- *Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1100-01 (C.D. Cal. 2012) (refusing to certify nationwide class based on material differences between states' consumer protection laws; "[1] states have different injury and deception requirements . . . [2] at least nine states require some degree of scienter for a consumer protection claim . . . Other states, such as Pennsylvania, require **knowledge or reckless disregard** . . . [3] **statutes of limitations** for consumer protection laws vary significantly from one to ten years among the states . . . [and 4] there are material variations in the **remedies** available under the states' consumer protection laws");

- *In re Zyprexa Prods. Liab. Litig.*, No. 04-MD-1596, 2008 WL 2696916, at *138 (E.D.N.Y. July 2, 2008) ("The application of various state laws to a class, which would be required here, presents both predominance and manageability issues. . . . Even if the various states recognize similar causes of action with similar elements, it does not follow that the laws are in fact the same.");

- *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 584-85 (N.D. Ill. 2008) ("[S]tate consumer fraud laws differ with regard to several key issues—the type of **prohibited conduct, proof of injury-in-fact, available remedies, scienter, statute of limitations, and reliance**. . . . 'Because these claims must be adjudicated under the law of so many jurisdictions, a single nationwide class is not manageable.'") (citations omitted) (emphasis added);

3

- *In re Worldcom, Inc.*, 343 B.R. 412, 427 (Bankr. S.D.N.Y. 2006) (predominance requirement not satisfied because court "would be required to apply diverse laws and varied burdens of proof to the individual Class members' claims"; noting "substantial differences regarding **scienter, reliance, statute of limitations, and proof of injury**");

- *In re Prempro Prods. Liab. Litig.*, 230 F.R.D. 555, 565-68 (E.D. Ark. 2005) ("Both consumer fraud and unfair competition laws of the states differ with regard to the defendant's **state of mind, type of prohibited conduct, proof of injury-in-fact, available remedies, and reliance**, just to name a few differences.");

- *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1120 (8th Cir. 2005) (reversing certification of multi-state class in part because "[s]tate consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules") (quoting *In re Bridgestone/Firestone, Inc.,* 288 F.3d 1012, 1018 (7th Cir. 2002));

- *Carnegie v. Household Int'l, Inc.*, 220 F.R.D. 542, 549 (N.D. Ill. 2004) (noting that it is "impossible for one jury to take into account the nuances" of the applicable standards of multiple states);

- *In re Paxil Litig.*, 212 F.R.D. 539, 551 (C.D. Cal. 2003) (concluding that "differing standards of liability required by laws of various states preclude a finding that common questions of law predominate");

- *Carpenter v. BMW of N. Am., Inc.*, No. 99-CV-214, 1999 WL 415390, at *3 (E.D. Pa. June 21, 1999) (rejecting "overly simplistic" groupings of state consumer protection claims; the "problem of sorting out these individual issues at trial weighs against granting class certification");

- *Tylka v. Gerber Prods. Co.*, 178 F.R.D. 493, 498 (N.D. Ill. 1998) (denying certification of proposed multi-state consumer protection class; "a brief review of the applicable [consumer] statutes reveals not only nuances, but differing standards of proof, procedure, substance, and remedies");

- *Clement v. Am. Honda Fin. Corp.*, 176 F.R.D. 15, 23 (D. Conn. 1997) (denying certification of multi-state consumer protection claim, in part because "the propriety and nature of" the "class members' state law unfair trade practices claims . . . will vary according to the state in which each individual class member brings his or her claim").

**Plaintiffs' Group 1: States That Purportedly Do Not Require Intent, Use Standardized Violation Language And Do Not Require Pre-Suit Notice ("Alaska CP Grouping")**

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Alaska<br><br>Alaska Stat. § 45.50.471 | Yes, for alleged affirmative misrepresent-ations. | Alaska prohibits both "unfair" and "deceptive" acts, and provides both a non-exclusive lists of acts and a catchall provision. Alaska Stat. § 45.50.471. Section 12 prohibits "knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived, or damaged." Alaska Stat. § 45.50.471. | Intent not required for alleged affirmative misrepresentations.<br><br>However, claims based on alleged omissions require intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods. *Odom v. Fairbanks Mem'l Hosp.*, 999 P.2d 123, 132 (Alaska 2000). | Reliance is not required. *See Kenai Chrysler Ctr., Inc., Denison*, 167 P.3d 1240 (Alaska 2007). | Yes. *See W. Star Trucks, Inc. v. Big Iron Equip. Serv., Inc.*, 101 P.3d 1047, 1048 (Alaska 2004). | Statute of limitations is two years from when plaintiff discovers or reasonably should have discovered the alleged misconduct. Alaska Stat. § 45.50.531(f); *see also Weimer v. Cont'l Car & Truck, LLC*, 237 P.3d 610, 615 (Alaska 2010) ("[T]he UTPA's statute of limitations begins to run when a consumer discovers or reasonably should have discovered the prohibited conduct caused a loss."). | Yes. *Van v. LLR, Inc.*, No. 3:18-CV-0197-HRH, 2021 WL 4238988, at *12 (D. Alaska Sept. 16, 2021), appeal pending. |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Arizona<br><br>Ariz. Rev. Stat. § 44-1522 | Yes, for alleged affirmative misrepresent-ations. | Statute broadly prohibits both "deceptive" and "unfair" acts. Ariz. Rev. Stat. § 44-1522. Claims require a false promise or misrepresentation. *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 823 (D. Ariz. 2016).<br><br>Materiality is required for claims of omission. *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 825-26 (D. Ariz. 2016). | For claims based on alleged affirmative representations, "the only showing of intent required by [Ariz. Rev. Stat. §] 44-1522 is an intent to do the act involved. It is not necessary to show a specific intent to deceive." *State ex rel. Babbit v. Goodyear Tire & Rubber Co.*, 626 P.2d 1115, 1118 (Ariz. Ct. App. 1981).<br><br>An omission-based claim requires proof that the omission was made with intent that a consumer rely thereon. Ariz. Rev. Stat. § 44-1522(A); *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 825-26 (D. Ariz. 2016). | Reliance is required. *See Kuehn v. Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2004) ("[R]eliance is a required element under Arizona's consumer fraud statute.").<br><br>Reliance can be presumed. *Siemer v. Assocs. First Cap. Corp.*, No. CV97-281TUCJMRJCC, 2001 WL 35948712, at *26 (D. Ariz. Mar. 30, 2001). | Yes. *Waste Mfg. & Leasing Corp. v. Hambicki*, 900 P.2d 1220, 1224 (Ariz. Ct. App. 1995). | Statute of limitations is one year from discovery of the misstatement of omission. Ariz. Rev. Stat. § 12-541(5); *see Gustafson v. Goodman Mfg. Co. L.P.*, No. 3:13-CV-8274-HRH, 2014 WL 1669069, at *5 (D. Ariz. Apr. 28, 2014) (holding that the statute of limitations under the ACFA begins to run "when the consumer knows whose products were involved and that the products were not performing as expected"). | Yes. *Siemer v. Assocs. First Cap. Corp.*, No. CV97-281TUCJMRJCC, 2001 WL 35948712, at *4 (D. Ariz. Mar. 30, 2001). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| California<br><br>Cal. Bus. & Prof. Code § 17200. | Yes. | Statute prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Claims are governed by a "reasonable consumer" test that asks whether "members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citations omitted).<br><br>The standard for materiality is whether a reasonable person would have considered the defendant's representation material. *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592, 612 (N.D. Cal. 2018). | N/A | Reliance is required. *Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 687-88 (Ct. App. 2010) ("actual reliance is an element of the claim").<br><br>A presumption of reliance for a UCL claim is available where the defendant so pervasively disseminated material misrepresentations that all plaintiffs must have been exposed to them. *Walker v. Life Ins. Co. of Sw.*, 953 F.3d 624, 631 (9th Cir. 2020).<br><br>UCL requires showing of ascertainable injury. *Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1024 (N.D. Cal. 2011). | Yes. *BladeRoom Grp. Ltd.* v. *Facebook, Inc.*, 219 F. Supp. 3d 984, 995 (N.D. Cal. 2017). | Statute of limitations is four years, and discovery rule may apply. Cal. Bus. & Prof. Code § 17208; *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 878 (Cal. 2013) ("[T]he UCL is governed by common law accrual rules to the same extent as any other statute"). | Yes. *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 892 (Cal. 2011). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Connecticut<br><br>Conn. Gen. Stat. § 42-110a *et seq.* | Yes. | Statute prohibits both "unfair" and "deceptive" acts. Conn. Gen. Stat. § 42-110b(a).<br><br>A material omission may qualify as an actionable "deceptive" act. *Smithfield Assocs., LLC v. Tolland Bank*, 860 A.2d 738, 749 (Conn. App. Ct. 2004). A fact is material if it prejudices the party that actually relied upon it. *McCann Real Equities Series XXII, LLC v. David McDermott Chevrolet, Inc.*, 890 A.2d 140, 162 (Conn. 2006). | N/A | Reliance is not required. *See Izzarelli v. R.J. Reynolds Tobacco Co.*, 117 F. Supp. 2d 167, 176 (D. Conn. 2000). | Yes. *Dow & Condon, Inc. v. Anderson*, 525 A.2d 935, 939 (Conn. 1987). | Statute of limitations is three years from the violation. *See* Conn. Gen. Stat. § 42-110g(f); *see also Navin v. Essex Sav. Bank*, 843 A.2d 679, 683 (Conn. App. Ct. 2004) ("[A]n action alleging unfair trade practices under CUTPA 'may not be brought more than three years after occurrence of a violation'"); *Fichera v. Mine Hill Corp.*, 541 A.2d 472, 475 (Conn. 1988) (rejecting application of the discovery rule to the statute of limitations for a CUTPA claim). | Yes. Conn. Gen. Stat. § 42-110g(b).<br><br>However, statute requires proposed class members to be residents of the state or injured in it. Conn. Gen. Stat. § 42-110g(b); *see also Fraiser v. Stanley Black & Decker, Inc.*, 109 F. Supp. 3d 498, 505 (D. Conn. 2015) (holding that *Shady Grove* rule preempting procedural limitations on class actions does not apply to preempt the statutory residency requirement). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| D.C.<br><br>D.C. Code § 28-3904 | No.<br><br>Statute requires a "knowing and deliberate" violation. | Statute prohibits both "unfair" and "deceptive" practices. D.C. Code § 28-3904. "Misrepresenting a material fact is among those unfair trade practices explicitly prohibited by the act." *Osbourne v. Cap. City Mortg. Corp.*, 727 A.2d 322, 325 (D.C. 1999). | A "knowing and deliberate misrepresentation of goods and services." *In re Dawson*, 411 B.R. 1, 54 (Bankr. D.D.C. 2008). | Reliance is not required. *See Wells v. Allstate Ins. Co.*, 210 F.R.D. 1 (D.D.C. 2002) (2000 amendments eliminated requirement of injury in fact and causation; even before amendments, reliance unnecessary for nondisclosure claim); *Athridge v. Aetna Cas. & Sur. Co.*, 351 F.3d 1166, 1175 (D.D.C. 2003) (it is a violation of the UDAP statute "whether or not a consumer is in fact misled [or] deceived"). | No. *Clifton Terrace Assocs., Ltd. v. United Techs. Corp.*, 728 F. Supp. 24, 34 (D.D.C. 1990) ("This Court has held that the legislative history of the CPPA, along with a consistent reading of its provisions, unequivocally indicates that the CPPA was intended to protect consumer-plaintiffs only, and not corporations.") *vacated on other grounds* 929 F.2d 714 (D.C. Cir. 1991). | Statute of limitations is three years from the discovery of the violation. D.C. Code § 12-301(8); *see Hancock v. Home Servicing Corp.*, No. 05-0307 (PLF), 2007 WL 1238746, at *6 (D.D.C. Apr. 27, 2007) ("[Plaintiffs] had to have either actual or inquiry notice of the facts underlying each claim—or the injury they suffered giving rise to the claims"). | Yes. *Dist. Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714 (D.C. Ct. App. 2003). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Florida<br><br>Fla. Stat. § 501.204 | Yes, for alleged affirmative misrepresent-ations. | Statute prohibits "unconscionable," "deceptive" and "unfair" acts. Fla. Stat. § 501.204. A practice is deceptive when "there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Harrison v. Lee Auto Holdings, Inc.*, 295 So. 3d 857, 862 (Fla. Dist. Ct. App. 2020). | Intent is not required for alleged affirmative misrepresentations.<br><br>Omission-based claims, however, require intent. *See Horton v. Hoosier Racing Tire Corp.*, No. 8:15-cv-1453, 2015 WL 12859316, at *3 (M.D. Fla. Dec. 15, 2015) (noting courts recognize consumer protection claims based on allegations that a defendant "knowingly and intentionally conceal[ed] . . . the fact that the [products] suffer from a design defect, which was not readily discoverable"). | Reliance is not required. *See State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1309-10 (S.D. Fla. 2018).<br><br>Causation is required. *See State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1306 (S.D. Fla. 2018). | Yes. *United Feature Syndicate, Inc. v. Sunrise Mold Co.*, 569 F. Supp. 1475, 1481 (S.D. Fla. 1983). | Statute of limitations is four years from the violation, and no discovery rule applies. *See* Fla. Stat. § 95.11(f); *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip., Co.*, 793 So. 2d 1127, 1128 (Fla. Dist. Ct. App. 2001) (holding that the delayed discovery doctrine does not apply to unfair trade practice claims). | Yes. *Snyder v. Green Roads of Fla. LLC*, 430 F. Supp. 3d 1297, 1308 (S.D. Fla. 2020). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Hawaii<br><br>Haw. Rev. Stat. § 480-2 | Yes. | Statute broadly prohibits both "unfair" and "deceptive" acts. Haw. Rev. Stat. § 480-2(a), (d). A practice is unfair where it offends established public policy, immorality and is substantially injurious to consumers, and a deceptive act or practice is a material representation, omission or practice that is likely to mislead the consumer. *Ryan v. Salisbury*, 382 F. Supp. 3d 1031, 1053 (D. Haw. 2019).<br><br>Objective test for materiality applies, asking whether the deception is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product. *Courbat v. Dahana Ranch, Inc.*, 141 P.3d 427, 435 (2006). | N/A | Reliance is not required. *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1093 (9th Cir. 2010) (abrogated on other grounds). | No. *See* Haw. Rev. Stat. § 480-1 (defining consumers who can bring suit under 480-2 as a "natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment."); *Tok Cha Kim v. CB Richard Ellis Haw., Inc.*, 288 F. App'x 312, 314 (9th Cir. 2008). | Statute of limitations is four years from the violation of the act. Haw. Rev. Stat. § 480-24(a); *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1289 (D. Haw. 2007) (holding that the "occurrence rule" is the correct date when the statute of limitation begins to run). | Yes. W*illcox v. Lloyds TSB Bank, PLC*, No. CV 13-00508 ACK-RLP, 2016 WL 4975196, at *1 (D. Haw. Sept. 16, 2016). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Idaho<br><br>Idaho Code § 48-603 | Yes. | Statute broadly prohibits both deception and unconscionable acts. Idaho Code §§ 48-603(17) and (18); 48-603C.<br><br>"[C]laims brought under the ICPA must be based on a contractual relationship." *See Tricore Invs., LLC v. Estate of Warren*, 485 P.3d 92, 114 (Idaho 2021) (citation omitted). | N/A | Reliance is not required. *See State ex rel. Kidwell v. Master Distribs., Inc.*, 615 P.2d 116 (Idaho 1980) (applying F.T.C. "tendency or capacity to deceive" test; need not show that consumers relied on standardized misleading home sales script). | Yes. *Tricore Invs., LLC v. Estate of Warren*, 485 P.3d 92, 113 (Idaho 2021). | Statute of limitations is two years from accrual. Idaho Code § 48-619; *Bafus v. Aspen Realty, Inc.*, No. CV-04-121-S-BLW, 2006 WL 318779, at *4 (D. Idaho Feb. 8, 2006) (statute of limitations is based on the "accrual rule"). | Yes. Idaho Code § 48-608(1).<br><br>However, there is a $1,000 statutory cap on damages for each consumer in a class action. Idaho Code § 48-608(1). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Illinois<br><br>815 Ill. Comp. Stat. 505/2 | No.<br><br>Statute requires intent that others rely on the act. | Statute prohibits both "unfair" and "deceptive" acts. 815 Ill. Comp. Stat. 505/2. Only omissions of "material" facts are actionable. *Id.* A material fact is one where the buyer would act differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase. *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 595 (Ill. 1996). | Intent that consumers rely upon misrepresentation or omission is required. *See Totz v. Cont'l DuPage Acura*, 602 N.E.2d 1374 (Ill. App. Ct. 1992) (intent that consumer rely on nondisclosure must be shown); *see also People ex rel. Madigan v. United Constr. of Am., Inc.*, 981 N.E.2d 404 (Ill. App. Ct. 2012) (intent that others rely must be shown for alleged affirmative misrepresentations). | Actual reliance is not required. *See Guvenoz v. Target Corp.*, 30 N.E.3d 404, 426 (Ill. App. Ct. 2015).<br><br>Proximate causation is required. *Cocroft v. HSBC Bank USA, N.A.*, 796 F.3d 680, 687 (7th Cir. 2015); *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584 (Ill. 1996) (proximate cause, but not reliance, must be shown). | Yes, if the alleged conduct is addressed to the market generally or implicates consumer protection concerns. *Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.*, 190 Ill. App. 3d 524, 534, 546 N.E.2d 33, 40-41 (1989). | Statute of limitations is three years from when plaintiff knew or reasonably should have known that injury occurred and was wrongfully caused.<br><br>815 Ill. Comp. Stat. 505/10a(e); *Gredell v. Wyeth Lab'ys, Inc.*, 346 Ill. App. 3d 51, 58, 803 N.E.2d 541, 546 (2004) ("The discovery rule has been applied in actions filed pursuant to the Consumer Fraud Act."); *Sommer v. United Sav. Life Ins. Co.*, 128 Ill. App. 3d 808, 819 (1984) (accrual rule). | Yes. *Ballard RN Ctr., Inc. v. Kohl's Pharmacy & Homecare, Inc.*, 48 N.E.3d 1060, 1071 (Ill. 2015). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Louisiana<br><br>La. Rev. Stat. § 51:1405 | No.<br><br>Statute requires intent, and it does not include standardized violation language. | Statute prohibits both "unfair" and "deceptive" acts, but does not list qualifying categories of conduct. La. Rev. Stat. § 51:1405(A). "Unfair" conduct "offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1059 (La. 2010) (citations omitted). "Deceptive" conduct "amounts to fraud, deceit, or misrepresentation." *Mixon v. Iberia Surgical, L.L.C.*, 956 So. 2d 76, 80 (La. Ct. App. 2007). | Defendant's "actions must have been taken with the specific purpose of harming the competition" *See Monroe v. McDaniel*, 207 So. 3d 1172, 1180 (La. Ct. App. 2016). | Louisiana courts have not addressed whether reliance is required.<br><br>However, plaintiffs must show a causal connection between the unlawful practice and an ascertainable loss. La. Rev. Stat. § 51:1409(a). | Yes. *See* La. Rev. Stat. § 51:1402(8) (defining "person" who may bring an action under Unfair Trade Practices and Consumer Protection Law as "a natural person, corporation, trust, partnership, incorporated or unincorporated association, and any other legal entity"). | Statute of limitations is one year from occurrence or discovery. La. Rev. Stat. § 51:1409(E); *Mayo v. Simmon*, 646 So. 2d 973, 976 (La. Ct. App. 1994), *reh'g denied* (Jan. 18, 1995) (occurrence rule). | Class actions are not permitted. La. Rev. Stat. § 51:1409(A); *Grant v. Houser*, No. CIV.A. 10-805, 2010 WL 3303853, at *6 (E.D. La. Aug. 17, 2010) ("LUTPA prohibits class action claims."). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Maryland<br><br>Md. Code Ann., Com. Law § 13-301 | Yes. | Statute prohibits both unfair and deceptive acts. Md. Code Ann., Com. Law § 13-301(1), (3); § 13-303. Representations or omission of fact must be material to be actionable, meaning that it concerns information that is important to consumers and, hence, likely to affect their choice of a product. *Hoffman v. Stamper*, 843 A.2d 153, 191 (Md. Ct. Spec. App 2004) *reversed in part on other grounds* 867 A.2d 276 (Md. 2005).<br><br>Prescribed drug purchases are statutorily exempt. *Pease v. Abbott Labs., Inc.*, No. JKB-12-1844, 2013 WL 174478, at *2 (D. Md. Jan, 16, 2013) ("Similarly, the Humira used by Mrs. Pease was selected by her physician and prescribed for her, not as a consumer good, but as part of her course of medical treatment. Thus, this would seem to fit into the statutory exemption."). | N/A | Reliance is required. *Goss v. Bank of Am., N.A.*, 917 F. Supp. 2d 445, 450 (D. Md. 2013) ("To state a claim under the MCPA, 'the consumer must have suffered an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance on the sellers' misrepresent-ation.'").<br><br>Courts have not yet addressed whether or in what circumstances a presumption of reliance could be available. *See Stanley v. Cent. Garden & Pet Corp.*, 891 F. Supp. 2d 757, 772 (D. Md. 2012) (declining to reach the issue). | Yes. A person authorized bring an action under Section 12-408 (a) of the Maryland Consumer Protection Act "includes an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity." Md. Code Ann., Com. Law § 13-101(h). | Statute of limitations is three years from when plaintiffs discovered their injury, or reasonably should have. Md. Code Ann., Com. Law § 13-301; *Walton v. Network Sols.*, 110 A.3d 756, 767 (Md. Ct. Spec. App. 2015) (accrual rule); *Poole v. Coakley & Williams Constr., Inc.*, 31 A.3d 212, 236 (Md. 2011) (cause of action does not accrue until "the potential plaintiff either discovers his or her injury, or should have discovered it through the exercise of due diligence"). | Yes. *See Marshall v. James B. Nutter & Co.*, 816 F. Supp. 2d 259 (D. Md. 2011). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Missouri<br><br>Mo. Rev. Stat. § 407.020 | Yes. | Statute prohibits "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact." Mo. Rev. Stat. § 407.020(1). A material fact is one that a reasonable consumer would likely consider important in making a purchasing decision, or would be likely to induce a person to manifest his/her assent, or that the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would be likely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner. Mo. Code Regs. Ann. tit. 15, § 60-9.010.<br><br>Courts determine whether an act is deceptive on a case-by-case basis. *In re Geiler*, 398 B.R. 661, 672 (Bankr. E.D. Mo. 2008). | N/A | Reliance is not required. *Plubell v. Merck & Co.*, 289 S.W.3d 707, 713 (Mo. Ct. App. 2009) ("The MMPA 'supplements the definition of common law fraud, eliminating the need to prove an intent to defraud or reliance.'"). | No. *Fabas Consulting Int'l, Inc. v. Jet Midwest, Inc.*, 74 F. Supp. 3d 1026, 1031 (W.D. Mo. 2015) (noting statute only authorizes suit by "[a]ny person who purchases or leases merchandise primarily for personal, family or household purposes," meaning "a business entity is essentially unable to sue another business for an unfair or deceptive trade practice") (citation omitted). | Statute of limitations is five years from when the cause of action accrues.<br><br>Mo. Rev. Stat. § 516.120 (2), the general statute of limitations, applies. *Ulrich v. CADCO, Inc.*, 244 S.W.3d 772, 778 n.3 (Mo. Ct. App. 2008); *see also Owen v. Gen. Motors Corp.*, 533 F.3d 913, 921 n.6 (8th Cir. 2008); *Ellison v. Fry*, 437 S.W.3d 762, 769 (Mo. 2014). | Yes. Mo. Rev. Stat. § 407.025(2). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Montana<br><br>Mont. Code § 30-14-103 | Class actions are not permitted. | Statute broadly prohibits unfair and deceptive acts. Mont. Code § 30-14-103. Montana courts have not imposed a materiality requirement. | N/A | Reliance is likely not required. The only court to address the question concluded that it is not. *PNC Bank v. Wilson*, No. CV 14-80-BU-DWM-JCL, 2015 WL 3887602 (D. Mont. June 23, 2015). | No. Only a "consumer" may bring a claim under the act. Mont. Code § 30-14-133. A consumer is defined as a "person who purchases or leases goods, services, real property, or information primarily for personal, family, or household purposes." *Id.* § 30-14-102(1). | Statute of limitations is two years from discovery or when facts should have been discovered in the exercise of due diligence. Mont. Code § 27-2-211; *Osterman v. Sears, Roebuck & Co.*, 2003 80 P.3d 435, 441 (Mont. 2003) ("As a general rule, the statute of limitations for actions based on fraud begins to run when the fraud occurs"); *see also Hein v. Sott*, 353 P.3d 494 (Mont. 2015). | Class actions are not permitted. *See* Mont. Code § 30-14-133(1); *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 416 (D.N.J. 2018) ("the class action bars incorporated in the Montana, Tennessee, and Utah consumer protection laws are not preempted by Rule 23."); *see also In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 844 (E.D. Pa. 2019). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Nebraska<br><br>Neb. Rev. Stat. § 59-1602 | Yes. | Statute prohibits both "unfair" and "deceptive" acts. Neb. Rev. Stat. § 59-1602. A practice is "unfair" if it (1) breaks the law or established concept of unfairness; and (2) is immoral, and is "deceptive" if it possessed the tendency to mislead. *Raad v. Wal-Mart Stores, Inc.*, 13 F. Supp. 2d 1003, 1018 (D. Neb. 1998). Nebraska courts have not imposed a materiality requirement. | N/A | Reliance is not required. Statute does not include a reliance requirement, and there are no cases holding that such a requirement applies. | Yes. "Persons" who can bring a civil claim include "natural persons, corporations, trusts, unincorporated associations, partnerships, and limited liability companies." Neb. Rev. Stat. § 59-1601. | Statute of limitations runs four years from the accrual of the cause of action. Neb. Rev. Stat. § 59-1612; *Siegel v. Deutsche Bank Nat'l Tr. Co.*, No. 8:08CV517, 2009 WL 3254491, at *3 (D. Neb. Oct. 8, 2009), *aff'd*, 409 F. App'x 975 (8th Cir. 2011). | Yes. *Arthur v. Microsoft Corp.*, 676 N.W.2d 29 (Neb. 2004). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| New Hampshire<br><br>N.H. Rev. Stat. § 358-A:2 | No.<br><br>Intent is required. | Statute prohibits "unfair" and "deceptive" acts. N.H. Rev. Stat. § 358-A:2.<br><br>In addition to the practices enumerated in the statute, a practice is unfair if it (1) breaks a law or an established concept of fairness; (2) is immoral; and (3) causes substantial injury to consumers. *Ne. Lumber Mfrs. Assoc. v. N. States Pallet Co.*, 710 F. Supp. 2d 179, 188 (D.N.H. 2010). | Plaintiffs must show some level of "rascality," and a misrepresentation made without knowledge or any reason to suspect that it is untrue is not a violation. *Kelton v. Hollis Ranch, LLC*, 927 A.2d 1242 (N.H. 2007). However, intent to deceive or actual knowledge is not a requirement.<br><br>Intent, however, is required to obtain multiple damages (double, treble). *See Unit Owners Ass'n of Summit Vista Lot 8 Condo. v. Miller*, 677 A.2d 138, 141-42 (N.H. 1996). | Reliance is likely not required. *See Hair Excitement, Inc. v. L'Oreal U.S.A., Inc.*, 965 A.2d 1032, 1038 (N.H. 2009); *Mulligan v. Choice Mortg. Corp.*, No. CIV. 96-596-B, 1998 WL 544431 (D.N.H. Aug. 11, 1998). | Yes. N.H. Rev. Stat. § 358-A:1; *Geroge v. Al Hoy & Sons, Inc.*, 27 A.3d 697, 704 (N.H. 2011) ("Thus, by its plain language, the CPA clearly provides a private right of action to business entities."). | Statute of limitations is three years from occurrence of the violation. N.H. Rev. Stat. § 358-A:3.<br><br>Discovery rule applies. *Donna M. King, Individually & as Ex'x of the Est. of Harry E. King, Jr., v. Philip Morris, Inc.*, No. 99-C-856, 2000 WL 34016358, at *13 (N.H. Super. Nov. 2, 2000). | Yes. N.H. Rev. Stat. § 358-A:10-a; *see LaChance v. U.S. Smokeless Tobacco Co.*, 931 A.2d 571 (N.H. 2007). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| New York<br><br>N.Y. Gen. Bus. Law §§ 349 and 350 | Yes. | Statute only prohibits deceptive acts, not unfair ones. N.Y. Gen. Bus. Law §§ 349(a), 350-a(1).<br><br>To state a claim, plaintiffs must allege that "(1) 'the challenged act or practice was consumer-oriented'; (2) the act or practice 'was misleading in a material way'; and (3) 'the plaintiff suffered injury as result of the deceptive act.'" *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 357, 360 (E.D.N.Y. 2014).<br><br>Plaintiffs must also show materiality. *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892 (N.Y. 1999). A materially misleading representation or omission is one "likely to mislead a reasonable consumer acting reasonably under the circumstances." *People ex rel. Schneiderman v. One Source Networking, Inc.*, 3 N.Y.S.3d 505, 508 (4th Dep't 2015). | Although it is not necessary under the statute that a plaintiff establish the defendant's intent to defraud or mislead, proof of scienter permits the court to treble the damages up to $1,000 (General Business Law § 349 [h])." *Pension Fund v. Marine Bank*, 85 N.Y.S.2d 20, 26 (1995). | Reliance is not required. *Koch v. Acker, Merrall & Condit Co.*, 967 N.E.2d 675, 676 (N.Y. Ct. App. 2012); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741 (N.Y. 1995). | Yes. *See Vitolo v. Dow Corning Corp.*, 166 Misc. 2d 717, 724, 634 N.Y.S.2d 362, 366 (Sup. Ct. 1995) (noting statute "gives *any person* who has been injured due to a violation thereof the right to bring an action. The definition of 'person' is much broader than 'consumer,' embracing all possible plaintiffs, including business persons").<br><br>However, businesses only have standing if they are directly harmed as consumers or competitors. *UnitedHealthcare Servs., Inc. v. Asprinio*, 16 N.Y.S.3d 139, 150-51 (N.Y. Sup. Ct. 2015). | Statute of limitations is three years from time of injury, and no discovery rule applies. N.Y. Gen. Bus. Law § 349; McKinney's CPLR § 214; *see Gaidon v Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 210 (2001) (accrual rule); *Wender v. Gilberg Agency*, 276 A.D.2d 311, 312, 716 N.Y.S.2d 40 (1st Dep't 2000) (noting "date of discovery rule is not applicable and cannot serve to extend that limitations period"). | Yes. *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337 (S.D.N.Y. 2020).<br><br>A business must be a "bona-fide and nationally recognized organization" to represent a class under either statute. *N.Y. Pub. Interest Research Grp., Inc. by Wathen v. Ins. Info. Inst.*, 531 N.Y.S.2d 1002, 1007-08 (N.Y. Sup. Ct. 1988). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| North Carolina<br><br>N.C. Gen. Stat. § 75-1.1 | Yes. | Statute prohibits both "unfair" and "deceptive" acts. N.C. Gen. Stat. § 75-1.1(a). "An act is deceptive if it has a tendency or capacity to deceive. An act is unfair 'if it offends established public policy,' 'is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers,' or 'amounts to an inequitable assertion of . . . power or position.'" *Champion Pro Consulting Grp., Inc. v. Impact Sports Football, LLC*, 845 F.3d 104, 109 (4th Cir. 2016) (citations omitted). | N/A | A "plaintiff must show actual reliance on the alleged misrepresentation in order to establish that the alleged misrepresentation proximately caused the injury of which [the] plaintiff complains." *Fazzari v. Infinity Partners, LLC*, 762 S.E.2d 237, 243-44 (N.C. Ct. App. 2014).<br><br>Such reliance cannot be presumed. *Fazzari v. Infinity Partners, LLC*, 762 S.E.2d 237, 244 (N.C. Ct. App. 2014) ("Where a plaintiff cannot forecast evidence of actual reliance, summary judgment for the defendants is proper."). | Yes. N.C. Gen. Stat. § 75-16 ("[S]uch person, firm or corporation so injured shall have a right of action on account of such injury done . . . ."). | Statute of limitations is four years from discovery or the time discovery should have occurred with the exercise of reasonable diligence. N.C. Gen. Stat. § 75-16.2; *Page v. Lexington Ins. Co.*, 628 S.E.2d 427, 430 (N.C. Ct. App. 2006) (occurrence rule); *see also Dreamstreet Invs. Inc. v. MidCountry Bank*, 842 F.3d 825, 830 (4th Cir. 2016); *Jones v. BMW of N. Am., LLC*, No. 1:20-CV-00057, 2020 WL 5752808 (M.D.N.C. Sept. 25, 2020) (discovery rule applies). | Yes. *Crow v. Citicorp Acceptance Co., Inc.*, 354 S.E.2d 459 (N.C. 1987). |

22

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| North Dakota<br><br>N.D. Cent. Code § 51-15 (CPA) | No.<br><br>Statute requires intent. | Statute provides: "The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice." N.D. Cent. Code § 51-15-02.<br><br>Only material facts give rise to viable claims based on misrepresentations. *Staal v. Scherping Enters., Inc.*, 466 F. Supp. 3d 1030, 1035 (D.N.D. 2020). | Intent that others rely on the defendant's deception is required. N.D. Cent. Code § 51-15-02.<br><br>Plaintiffs seeking double or treble damages must prove a "knowing violation." N.D. Cent. Code § 51-15-09 (multiple damages for "knowing" violations); *DJ Coleman, Inc. v. Nufarm Americas, Inc.*, 693 F. Supp. 2d 1055, 1076-77 (D.N.D. 2010). | North Dakota courts have not decided whether actual reliance (as opposed to intent that others rely) is required. | Yes. N.D. Cent. Code §§ 51-15-09; 51-15-01 ("'Person' means . . . partnership, corporation, limited liability company, company, trust, business entity, or association."); *Staal v. Scherping Enters., Inc.*, 466 F. Supp. 3d 1030, 1034 (D.N.D. 2020) (statute not limited solely to "consumer" transactions). | Statute of limitations is four years from discovery. N.D. Cent. Code § 51-15-12 ("The period of limitation for a claim for relief may not be deemed to have accrued until the aggrieved party discovers the facts constituting the violation of this chapter."). | Yes. *Hanson v. Acceleration Life Ins. Co.*, No. CIV A3-97-152, 1999 WL 33283345 (D.N.D. Mar. 16, 1999).<br><br>However, no action for damages is available. *DJ Coleman, Inc. v. Nufarm Americas, Inc.*, 693 F. Supp. 2d 1055, 1074-75 (D.N.D. 2010). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Ohio<br><br>Ohio Rev. Code § 1345.02 | Yes. | Statute broadly prohibits unfair, unconscionable and deceptive acts. Ohio Rev. Code § 1345.02.<br><br>Materiality is a required element. *Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280, 297 (N.D. Ohio 2020) ("In order to make out a prima facie claim under the OCSPA, the plaintiff must 'show a material misrepresentation, deceptive act or omission' that impacted his decision to purchase the item at issue'"). | Intent is not required.<br><br>If, however, the plaintiff seeks to proceed on a theory that the defendant engaged in unconscionable acts, proof of knowledge is required. Ohio Rev. Code § 1345.03. | Reliance is not required. *Nessle v. Whirlpool Corp.*, No. 1:07CV3009, 2008 WL 2967703 (N.D. Ohio July 25, 2008); *Guth v. Allied Home Mortg. Cap. Corp.*, No. CA2007-02-029, 2008 WL 2635521, at *7 (Ohio Ct. App. July 7, 2008). | No. *Toledo Metro Fed. Credit Union v. Ted Papenhagen Oldsmobile, Inc.*, 381 N.E.2d 1337, 1339 (Ohio Ct. App. 1978) ("[W]e hold that, for purposes of R.C. 1345.01(A), the term 'individual' means a natural person, and does not include a corporation"). | Statute of limitations is two years from the occurrence of the violation; no discovery rule. Ohio Rev. Code § 1345.10(c); *Weaver v. Armando's, Inc.*, No. 02 CA 153, 2003 WL 22071470, at *6 (Ohio Ct. App. Sept. 3, 2003) (noting occurrence rule applies, and that "[t]his is an absolute time limit to which the discovery rule does not apply"). | Yes. Ohio Rev. Code § 1345.09(B). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Oklahoma<br><br>Okla. Stat. tit. 15, § 753 | Yes. | Statute prohibits both unfair and deceptive acts. Okla. Stat. tit. 15, §§ 753, 752(13), (14).<br><br>Plaintiffs must show that the challenged practice occurred in the course of defendant's business. *Patterson v. Beall*, 19 P.3d 839, 846-47 (Okla. 2000).<br><br>Oklahoma courts have not addressed whether materiality is required. | N/A | Oklahoma courts have not addressed whether reliance is required.<br><br>Causation is required. *Patterson v. Beall*, 19 P.3d 839, 846-47 (Okla. 2000). | Yes. Okla. Stat. tit. 15, § 752 ("'Person' means a natural person, corporation, trust, partnership, incorporated or unincorporated association, or any other legal entity"). | Statute of limitations is three years, and the discovery rule applies. Okla. Stat. tit. 12, § 95(2); *Brashears v. Sight 'N Sound Appliance Centers, Inc.*, 981 P.2d 1270, 1274 (Okla. Ct. Civ. App. 1999) (Oklahoma's general limitations statute for civil actions applies); *Erikson v. Farmers Grp., Inc.*, 151 F. App'x 672, 676 (10th Cir. 2005) (noting that the Oklahoma discovery rule "tolls the limitation period only until a plaintiff learns of an injury and, through prudent investigation, can obtain sufficient facts to state a cause of action"). | Yes. *Fuller v. Sight 'N Sound Appliance Ctrs., Inc.*, 982 P.2d 528 (Okla. Ct. Civ. App. 1999). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Oregon<br><br>Or. Rev. Stat. § 646.605 | No.<br><br>Intent is required. | Both unfair and deceptive acts are prohibited. Unconscionable acts are prohibited, but consumers may not enforce that prohibition. Or. Rev. Stat. § 646.607(1). And "any other unfair or deceptive conduct in trade or commerce" is prohibited, but consumers may not enforce that unless the Attorney General has "first established a rule . . . declaring the conduct to be unfair or deceptive in trade or commerce." Or. Rev. Stat. § 646.608(1)(u).<br><br>"An allegation that an unlawful practice . . . involves misrepresentation . . . requires proof that the unlawful practice is one that would materially affect consumers' buying decisions." *State ex rel. Rosenblum v. Living Essentials, LLC*, 313 Or. App. 176, 197, 497 P.3d 730, 743-44 (2021). | Conduct must be willful to be actionable. *Luedeman v. Tri-West Const. Co.*, 592 P.2d 281, 282 (Or. Ct. App. 1979). | Reliance is required for claims based on certain causal theories and cannot be presumed in such cases. *Pearson v. Philip Morris, Inc.*, 361 P.3d 3, 27-28 (Or. 2015) (explaining that statute "effectively requires that the unlawful trade practice cause the ascertainable loss on which a UTPA plaintiff relies . . . Although reliance is not, in and of itself, an element of a UTPA claim, it is a natural theory to establish the causation of the loss (i.e., the "injury" in a UTPA claim) for a purchaser seeking a refund based on having purchased a product believing it had a represented characteristic that it did not have."). | Yes. *See* Or. Rev. Stat. § 646.605 ("'Person' means natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations and any other legal entity except bodies or officers acting under statutory authority of this state or the United States"). | Statute of limitations is one year from discovery. Or. Rev. Stat. § 646.638(6); *Pearson v. Philip Morris, Inc.*, 361 P.3d 3, 33 (Or. 2015) ("[The statute of limitations] runs in this case from when the plaintiffs and the members of the plaintiff class either actually knew or should have known that the representation . . . was not true"). | Yes. *Smith v. Martorello*, No. 3:18-cv-01651-AC, 2021 WL 1257941, at *5 (D. Or. Jan. 5, 2021). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Pennsylvania<br><br>73 Pa. Cons. Stat. § 201-1 | Yes. | Statute prohibits both unfair and deceptive acts, but limits unfair acts to a small number of enumerated acts. 73 Pa. Cons. Stat. § 201-3.<br><br>To bring a fraud claim under the UTPCPL, a plaintiff must show: (1) a misrepresentation, (2) material to the transaction, (3) made falsely, (4) with the intent of misleading another to rely on it, (5) justifiable reliance resulted, and (6) injury was proximately caused by the reliance. *Schwartz v. Lawyers Title Ins. Co.*, 680 F. Supp. 2d 690, 713 (E.D. Pa. 2010). | Certain prohibited acts require that the misrepresentation be made with intent not to sell the goods as advertised or not to supply reasonably expectable public demand. *See* Pa. Stat. § 201-2(4)(ix)-x). | Reliance is required. *Lisowski v. Henry Thayer Co.*, 501 F. Supp. 3d 316, 332 (W.D. Pa. 2020) ("[P]laintiff must show . . . that plaintiff justifiably relied on defendant's deceptive conduct"), *on reconsideration in part*; *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186 (Pa. 2007).<br><br>No caselaw suggesting that reliance may be presumed. | Yes. *See* 73 Pa. Cons. Stat. § 201-1 ("'Person' means natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entities"). | Statute of limitations is six years. 42 Pa. Cons. Stat. § 5527; *Gabriel v. O'Hara*, 534 A.2d 488, 494 (Pa. Super. Ct. 1987) (actions brought under the consumer protection act fall within the six-year catchall statute).<br><br>A narrow version of the discovery rule tolls the statute of limitations until a plaintiff knows, or, "exercising reasonable diligence," should have known that: (1) she was injured; and (2) that the injury was caused by another. *Adams v. Zimmer US, Inc.*, 943 F.3d 159, 163 (3d Cir. 2019 ) (citing *Coleman v. Wyeth Pharms.*, 6 A.3d 502, 510-11 (Pa. Super. Ct. 2010)). | Yes. *Lisowski v. Henry Thayer Co.*, 501 F. Supp. 3d 316, 332 (W.D. Pa. 2020). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Puerto Rico<br><br>23 L.P.R.A. § 1001 | No.<br><br>There is no private right of action under the statute Plaintiffs rely on. | Statute provides: "Every type or kind of act, practice, advertisement or publicity is hereby prohibited which constitutes or tends to constitute fraud or deceit, where the article, product or service is falsely represented or which creates in the consumer an image or erroneous impression on the brand, price, amount, size, quality, grade, salubrity or any other characteristics of the product, article or service." 23 L.P.R.A. § 1014. | N/A – There is no private right of action under the statute. | N/A – There is no private right of action under the statute. | N/A – There is no private right of action under the statute. | N/A – There is no private right of action under the statute. | Class actions are not permitted; Puerto Rico "does not permit an independent substantive cause of action regarding consumer protections." *Flaherty v. Brighthouse Life Ins. Co.*, No. 20-CV-00460-REB-GPG, 2021 WL 7368161, at *7 (D. Colo. Mar. 1, 2021); *Simonet v. SmithKline Beecham Corp.*, 506 F. Supp. 2d 77, 91 (D.P.R. 2007) (same). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| South Carolina<br><br>S.C. Code § 39-5-10 | No.<br><br>Class actions are not permitted under this statute. | Statue prohibits both "unfair" and "deceptive" acts. S.C. Code § 39-5-20(a). "[A] deceptive act is any act which has a tendency to deceive," and "an act is 'unfair' when it is offensive to public policy or when it is immoral, unethical, or oppressive." *Wright v. Craft*, 640 S.E.2d 486, 500 (S.C. Ct. App. 2006). | Intent is not required generally, but treble damages are only available for willful or knowing violations. S.C. Code § 39-5-140(a); *Wright v. Craft*, 640 S.E.2d 486, 498 (S.C. Ct. App. 2006). | South Carolina courts have not addressed whether reliance is required.<br><br>Ascertainable damages are required. *Gault v. Thacher*, 367 F. Supp. 3d 469, 485 (D.S.C. 2018). | Yes. *See* S.C. Code § 39-5-10 ("'Person' shall include natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations and any other legal entity"). | Statute of limitations is three years from discovery. S.C. Code § 39-5-150; *Prestwick Golf Club, Inc. v. Prestwick Ltd. P'ship*, 503 S.E.2d 184, 188 (S.C. Ct. App. 1998) ("[W]ithin three years of discovery of the unlawful conduct"). | Class actions are not permitted. S.C. Code § 39-5-140(a); *Stalvey v. Am. Bank Holdings, Inc.*, No. No. 4:13-cv-714, 2013 WL 6019320 at *4 (D.S.C., Nov. 13, 2013) (holding that class action prohibition is part of the "substantive portions of South Carolina law and [is] not trumped by Federal Rule of Civil Procedure 23, even in light of the *Shady Grove* decision"); *see also Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 678 S.E.2d 430, 434 (S.C. 2009) ("SCUTPA claims may not be maintained in a class action law suit."). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Tennessee<br><br>Tenn. Code Ann. § 47-18-101 | No.<br><br>Class actions are not permitted under this statute. | The statute prohibits both unfair and deceptive conduct. Tenn. Code Ann. § 47-18-104(a). However, consumers may only enforce those prohibitions as to the specific acts and practices listed in the statute. Tenn. Code Ann. § 47-18-109(a)(1).<br><br>Materiality is required. *Snead v. Nationwide Prop. & Cas. Ins. Co.*, 653 F. Supp. 2d 823, 830 (W.D. Tenn. 2009). | Intent is not required. *Menuskin v. Williams*, 145 F.3d 755, 767 (6th Cir. 1998). | Reliance is not required. *See, e.g., Nickell v. Bank of Am.*, No. 11-2006-STA-dkv, 2012 WL 394467, at *7 (W.D. Tenn. Feb. 26, 2002); *Fleming v. Murphy*, No. W2006-00701-COA-R3-CV, 2007 WL 2050930 (Tenn. Ct. App. July 19, 2007) ("[A]lthough the TCPA does not require reliance, plaintiffs are required to show that the defendant's wrongful conduct proximately caused their injury.").<br><br>Proximate cause required. *White v. Early*, 211 S.W.3d 723, 741 (Tenn. Ct. App. 2006). | Yes. Tenn. Code Ann. § 47-18-104 ("'Person' means a natural person, individual, governmental agency, partnership, corporation, trust, estate, incorporated or unincorporated association, and any other legal or commercial entity however organized"); *ATS Se., Inc. v. Carrier Corp.*, 18 S.W.3d 626, 627 (Tenn. 2000) ("[W]e conclude that corporations do, indeed, have standing."). | The statute of limitations is one year from discovery but no more than five years from the date of the transaction. Tenn. Code Ann. § 47-18-110 ("Any action commenced pursuant to [the state consumer protection laws] shall be brought within one (1) year from a person's discovery of the unlawful act or practice, but in no even shall an action . . . be brought more than five (5) years after the date of the consumer transaction giving rise to the claim for relief"); *see also Am. Addiction Ctrs., Inc. v. Nat'l Ass'n of Addiction Treatment Providers*, 515 F. Supp. 3d 820, 838 (M.D. Tenn. 2021). | Class actions are not permitted. Tenn. Code Ann. § 47-18-109(a)(1), (g); *In re Effexor*, 357 F. Supp. 3d 363, 389-90 (D.N.J. 2008) (dismissing Tennessee class claims because "the class action bar incorporated in Tennessee's consumer protection law is not preempted by Rule 23" given its substantive nature); *Bearden v. Honeywell Int'l, Inc.*, No. 3:09–1035, 2010 WL 3239285, at *10 (M.D. Tenn. Aug. 16, 2010) (Tennessee Consumer Protection Act limitation on class actions is not preempted by Rule 23). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Vermont<br><br>Vt. Stat. tit. 9, § 2451 | Yes. | Statute prohibits both unfair and deceptive acts. Vt. Stat. tit. 9, § 2453(a).<br><br>Materiality is required for fraud (deceptive) claims. *Madowitz v. Woods at Killington Owners' Ass'n, Inc.*, 93 A.3d 571, 579 (Vt. 2014). | N/A | *Either* reliance or causation is required. Vt. Stat. tit. 9, § 2461(b) (requiring either reliance or that consumer "sustain damages or injury as a result of" a prohibited practice); *Dernier v. Mortg. Network, Inc.*, 87 A.3d 465, 481 (Vt. 2013) (consumer must show either reliance on a deceptive act or injury caused by an unfair or deceptive act). | Yes. *Rathe Salvage, Inc. v. R. Brown & Sons, Inc.*, 965 A.2d 460, 467 (Vt. 2008) ("[W]e hold unequivocally that business entities are entitled to the same rights under the Act as other consumers."). | Statute of limitations is six years from discovery. Vt. Stat. tit. 12, § 511; *Galfetti v. Berg, Carmolli & Kent Real Estate Corp.*, 756 A.2d 1229, 1231-32 (Vt. 2000) ("This notice constituted information that would put a reasonable person on inquiry"). | Yes. *Elkins v. Microsoft Corp.*, 817 A.2d 9 (Vt. 2002). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Washington<br><br>Wash. Rev. Code § 19.86.010 | Yes. | Statute broadly prohibits both "unfair" and "deceptive" acts. Wash. Rev. Code § 19.86.020. Plaintiffs must show (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to the Plaintiffs' business or property; and (5) involves a causal link between the practice and the injury. *Reichert v. Keefe Commissary Network, L.L.C.*, 332 F.R.D. 541, 553 (W.D. Wash. 2019).<br><br>Materiality is required. *Holiday Resort Comm. Ass'n v. Echo Lake Assocs., LLC*, 135 P.3d 499, 507 (Wash. Ct. App. 2006) ("Implicit in the definition of 'deceptive' under the CPA is the understanding that the practice misleads or misrepresents something of material importance"). | Proof of intent is not required if the conduct "has the capacity to deceive a substantial portion of the purchasing public." *McRae v. Bolstad*, 101 Wn. 2d 161, 167 (Wash. 1984). | Reliance is not required. *Schnall v. AT&T Wireless Servs., Inc.*, 259 P.3d 129, 137 (Wash. 2011).<br><br>Causation and injury to business or property is required. *Garza v. Nat'l R.R. Passenger Corp.*, 418 F. Supp. 3d 644, 655 (W.D. Wash. 2019). | Yes. Wash. Rev. Code § 19.86.010 ("'Person' shall include, where applicable, natural persons, corporations, trusts, unincorporated associations and partnerships"). | Statute of limitations is four years from when the plaintiff knew or should have known of the violation. Wash. Rev. Code § 19.86.120 (" Any action to enforce a claim for damages . . . shall be forever barred unless commenced within four years after the cause of action accrues").<br><br>Discovery rule applies. *Shepard v. Holmes*, 345 P.3d 786, 739-40 (Wash. Ct. App. 2014) (CPA claim accrued at time of purchase). | Yes. *Dix v. ICT Grp., Inc.*, 161 P.3d 1016 (Wash. 2007). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| West Virginia<br><br>W. Va. Code § 46A-6-101 | No.<br><br>Pre-suit notice of 20 days is required. W. Va. Code § 46A-5-108; *see Heater v. Gen. Motors, LLC*, No. 1:21CV24, 2021 WL 4896546, at *2 (N.D. W. Va. Oct. 10, 2021) ("'plaintiff's failure to comply with the mandatory prerequisite set forth in Section 46A-6-106(b) bars him from bringing a WVCCPA claim'"); *see also Bennett v. Skyline Corp.*, 52 F. Supp. 3d 796, 812 (N.D. W. Va. 2014). | Statute prohibits both unfair and deceptive acts. W. Va. Code §§ 46A-6-102(7) (prefatory language), 46A-6-104.<br><br>Statute specifically prohibits an "omission of any material fact." *Id.* § 46A-6-104(M).<br><br>Statute does not apply to prescription drug purchases. *White v. Wyeth*, 705 S.E.2d 828, 837-38 (W. Va. 2010) ("Prescription drug cases are not the type of private causes of action contemplated under the terms and purposes of the WVCCPA because the consumer can not [sic] and does not decide what product to purchase"). | Certain prohibited acts require that the misrepresentation be made with intent not to sell the goods as advertised or not to supply reasonably expectable public demand. *See* W. Va. Code § 46A-6-102(7)(I)-(J). | Reliance is necessary to show a causal connection for affirmative representations, but not for nondisclosure claims. *White v. Wyeth*, 705 S.E.2d 828 (W. Va. 2010).<br><br>Ascertainable loss and proximate cause are required. *Bennett v. Skyline Corp.*, 52 F. Supp. 3d 796, 812 (N.D. W. Va. 2014). | Courts are divided as to whether only a "consumer," defined as "a natural person," W. Va. Code § 46A-6-102(2) can sue. *Compare In re Interior Molded Doors Indirect Purchaser Antitrust Litig.*, No. 3:18-CV-00850-JAG, 2020 WL 2110931, at *4 (E.D. Va. May 4, 2020), *with Cather v. Seneca-Upshur Petroleum, Inc.*, No. 1:09CV139, 2010 WL 3271965, at *7 (N.D. W. Va. Aug. 18, 2010); *Any Occasion, LLC v. Florists' Transworld Delivery, Inc.*, No. 5:10CV44, 2010 WL 3584411, at *3 (N.D. W. Va. Sept. 13, 2010). | Statute of limitations is four years from occurrence of the violation. W. Va. Code § 46A-5-101; *Harper v. Jackson Hewitt, Inc.*, 706 S.E.2d 63, 72-75 (W. Va. 2010) ("[For] practices specifically identified in W. Va. Code § 46A-6-104, the applicable statute of limitations is four years"). | Yes. *Jones v. Sears Roebuck & Co.*, 301 F. App'x 276 (4th Cir. 2008).<br><br>Punitive damages are unavailable. *Virden v. Altria Grp., Inc.*, 304 F. Supp. 2d 832, 850 (N.D. W. Va. 2004). |

**Plaintiffs' Group 2: States That Purportedly Do Not Require Intent, Use Non-Standardized Violation Language And Do Not Require Pre-Suit Notice**
**("Delaware CP Grouping")**

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Delaware<br><br>6 Del. Code § 2511 *et seq.* | Yes, for alleged affirmative misrepresent-ations. | Statute's substantive provisions prohibit only "deceptive" acts. Del. Code tit. 6, § 2513. The statute lists specific types of prohibited conduct.<br><br>Only omissions of "material" facts are actionable. Del. Code tit. 6, § 2513; *see Teamsters Loc. 237 Welfare Fund v. AstraZeneca Pharms. LP*, 136 A.3d 688, 693 (Del. 2016). | Intent not generally required for claims based on alleged affirmative misrepresentations.<br><br>For claims based on concealment, suppression, or omission of a material fact, however, intent that others rely on the concealment, suppression, or omission is required. Del. Code tit. 6, § 2513 (2010) (using "intent to rely upon" standard); *see also State ex rel. Brady v. 3-D Auto World, Inc.*, 2000 WL 140854 (Del. Super. Ct. Jan. 19, 2000) (plaintiff must show that defendant intended that others rely on omission). | Reliance is not required. *See Teamsters Loc. 237 Welfare Fund v. AstraZeneca Pharms. LP*, 136 A.3d 688, 693 (Del. 2016) (noting "an unlawful practice . . . is committed regardless of actual reliance by the plaintiff"). | Yes. *See* 6 Del. Code § 2525; *Arcelik A.S v. E. I. du Pont De Nemours & Co.*, No. CV 15-961-LPS, 2018 WL 1401327, at *8 (D. Del. Mar. 20, 2018) (noting DCFA "expressly provides a private right of action 'to any victim of a violation of the statute'"). | Statute of limitations is three years, generally from the time of the violation. 10 Del. Code § 8106; *State ex rel. Brady v. Pettinaro Enters.*, 870 A.2d 513, 526 n.24 (Del. Ch. 2005).<br><br>However, the discovery rule may apply. *Altenbaugh v. Benchmark Builders Inc.*, No. 120, 2021, 2022 WL 176292, at *2 (Del. Jan. 20, 2022). | Yes. *Teamsters Loc. 237 Welfare Fund v. AstraZeneca Pharms. LP*, 136 A.3d 688, 691 (Del. 2016). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Kansas<br><br>Kan. Stat. § 50-623 *et seq.* | No.<br><br>Knowing/willful action required. | Statute prohibits both "deceptive" and "unconscionable" acts. Kan. Stat. § 50-626 (prohibiting deceptive acts); *id.* § 50-627 (2010) (prohibiting unconscionable acts).<br><br>Only omissions of "material" facts are actionable. Kan. Stat. § 50-626(3); *Stechschulte v. Jennings*, 297 Kan. 2, 28, 298 P.3d 1083, 1100 (2013). | The required level of knowledge/intent varies depending on which statutory provision was allegedly violated. *See, e.g.*, Kan. Stat. §§ 50-626(b)(1), (4), (7), (8), (9), (10) (plaintiff alleging various types of alleged misrepresentations must prove defendant acted "knowingly or with reason to know"); *id.* §§ (b)(2), (3) (imposing liability for "willful" for omission of or an "exaggeration, falsehood, innuendo or ambiguity" as to a material fact); *see also Via Christi Reg'l Med. Ctr., Inc. v. Reed*, 298 Kan. 503, 521, 314 P.3d 852, 865 (2013) ("the 'knowingly or with reason to know' standard of K.S.A. 50-626(b)(1) is a more forgiving one . . . when compared with the willfulness standard of K.S.A. 50-626(b)(2) and (b)(3)"). | Reliance is not required, but some showing of causation is required. *See Benedict v. Altria Grp., Inc.*, 241 F.R.D. 668, 677-680 (D. Kan. 2007) (holding that Kansas Consumer Protection Act's "as a result of" language imposes causation requirement, and denying certification where plaintiffs could not establish causation with common proof); *Welch v. Centex Home Equity Co.*, 178 P.3d 80 (Kan. Ct. App. 2008) (table, text at 2008 WL 713690) (requirement of causal connection does not mean that reliance is required). | Businesses may not sue under the statute. Relief is only available to a "consumer," defined as "an individual, husband and wife, sole proprietor, or family partnership who seeks or acquires property or services for personal, family, household, business or agricultural purposes." Kan. Stat. § 50-624(b); *see Staley v. Gilead Scis., Inc.*, 446 F. Supp. 3d 578, 639 (N.D. Cal. 2020). | Statute of limitations is three years from the violation, with no applicable discovery rule. Kan. Stat. 60-512; *Campbell v. Hubbard*, 201 P.3d 702, 706 (Kan. Ct. App. 2008); *Griffin v. Sec. Pac. Auto. Fin. Servs. Corp.*, 25 F. Supp. 2d 1214, 1217 (D. Kan. 1998) ("KCPA actions for actual damages are governed by the three-year statute of limitations."). | Yes. Kan. Stat. §§ 50-634(c), (d). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Minnesota<br><br>Minn. Stat. § 325F.68 *et seq.* | No.<br><br>Intent required. | Statute focuses on "deceptive" practices. *See* Minn. Stat. § 325F.69.<br><br>Statute applies to acts "that tend to deceive or mislead a person," including affirmative misrepresentations or material omissions. *Graphic Commc'ns Loc. 1B Health & Welfare Fund "A" v. CVS Caremark Corp.*, 850 N.W.2d 682, 695 (Minn. 2014) ("[F]or an omission to be actionable, it must be material to the transaction.").<br><br>A showing that the challenged act affected the consuming public is required. *See Ly v. Nystrom*, 615 N.W.2d 302 (Minn. 2000). | Plaintiff must prove that the defendant had an "intent that others rely" on the alleged misstatement at issue. *See* Minn. Stat. § 325F.69 ("intent that others rely"). The Minnesota Supreme Court has interpreted this requirement "to have imposed on [the plaintiff] the additional requirements of proving that any misleading statements or deceptive practices were knowingly made or employed." *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 727 (Minn. 1983) (superseded on other grounds). | Reliance is required for damages. Minn. Stat. § 8.31(3a); *Grp. Health Plan, Inc. v. Philip Morris, Inc.*, 621 N.W.2d 2 (Minn. 2001) (causal connection between the deceptive conduct and the loss must necessarily include proof of reliance). However, "direct proof of reliance is not required to establish a causal nexus." *State v. Minn. Sch. of Bus., Inc.*, 935 N.W.2d 124, 137 (Minn. 2019). "[T]here are times when the materiality and pervasiveness of consumer fraud is relevant to support a court's finding that a causal nexus exists between the fraud and the consumer's decision to purchase the product." *Id.*<br><br>Additionally, "justifiable" is not a required element. *See Wiegand v. Walser Auto. Groups, Inc.*, 683 N.W.2d 807 (Minn. 2004). | Yes. *See* Minn. Stat. § 325F.68(3); 8.31; *Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000). | Statute of limitations is six years, and no applicable discovery rule applies. Minn. Stat. § 541.05; *Parkhill v. Minn. Mut. Life Ins. Co.*, 174 F. Supp. 2d 951, 956 (D. Minn. 2000). | Yes. *Wiegand*, 683 N.W.2d 807; *Gordon v. Microsoft Corp.*, 2003 WL 23105550 (Minn. Dist. Ct. 2003). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| New Jersey<br><br>N.J. Stat. § 56:8-1 *et seq.* | Yes, as to alleged affirmative misrepresen-tations. | Statute prohibits "unconscionable" commercial practices, deception, and the "concealment, suppression, or omission of any material fact." N.J. Stat. § 56:8-2.<br><br>Both objective and subjective tests apply to determine whether fact is material. *Mango v. Pierce-Coombs*, 370 N.J. Super. 239, 251 (App. Div. 2004). | Intent generally is not required for alleged affirmative misrepresentation and fraud claims. *See Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 366 (N.J. 1997).<br><br>However, intent to deceive is required for claims based on alleged omissions. *See Vagias v. Woodmont Props., L.L.C.*, 384 N.J. Super. 129, 132-33 (App. Div. 2006) (distinguishing between claims based on affirmative fraudulent acts and claims based on acts of fraudulent omission, and stating that the former do not require proof of intent to mislead or intent to induce reliance, but the latter do); *Harris v. Pfizer, Inc.*, No. 21cv6789 (DLC), 2022 U.S. Dist. LEXIS 28089 (S.D.N.Y. Feb. 16, 2022) (same). | Reliance is not required. *See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076, 1086 (N.J. 2007).<br><br>However, a plaintiff must prove causation and "ascertainable loss." *See Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 464 (N.J. 1994) ("causation provision" requires plaintiff "to prove that the unlawful consumer fraud caused his loss"); *Fink v. Ricoh Corp.*, 839 A.2d 942, 976-77 (N.J. Super. 2003) ("But for" test applies for proximate cause determination); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076, 1086 (N.J. 2007) (UDAP statute "replaces reliance, an element of proof traditional to any fraud claim, with the requirement that plaintiff prove ascertainable loss"). | Businesses can sue to the extent they act as a consumer with respect to the transaction in question. N.J. Stat. §§ 56:8-1(d); 56:8-19; *Trans USA Prod., Inc. v. Howard Berger Co.*, No. CIV. A. 07-5924 (JAP), 2008 WL 3154753, at *6 (D.N.J. Aug. 4, 2008) (noting "a corporation may qualify as a person under the Act when it finds itself in a consumer oriented situation . . . to be a consumer respecting the transaction in question, the business entity must be one who uses (economic) goods, and so diminishes or destroys their utilities") (citations omitted). | Statute of limitations is six years from injury and "ascertainable loss," or from discovery. N.J. Stat. § 2A:14-1; *Kominsky v. C.B. Plan. Servs. Corp.*, No. A-1344-09T3, 2010 WL 3516808, at *3 (N.J. Super. Ct. App. Div. Sept. 9, 2010). | Yes. *Laufer v. U.S. Life Ins. Co.*, 896 A.2d 1101 (N.J. Super. Ct. App. Div. 2006).<br><br>Damages are limited to a party's "ascertainable loss of moneys or property." No punitive damages, but treble damages mandatory once plaintiff proves unlawful practice under Act and resulting ascertainable loss. N.J. Stat. § 56:8-19. |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Wisconsin<br><br>Wis. Stat. § 100.01 *et seq.* | No.<br><br>Certain prohibited acts require an intent to induce a purchase. | Claims must be based on an "assertion, representation or statement of fact which is untrue, deceptive or misleading." Wis. Stat. § 100.18(1). Under this statute, "a label is deceptive if it is likely to mislead a reasonable consumer in a material respect." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020).<br><br>Omissions are not actionable. *See Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 246 (Wis. 2004); *Wisconsin v. McGuire*, 735 N.W.2d 555, 564 (Wis. Ct. App. 2007) ("§ 100.18 prohibits only affirmative assertions") (citation omitted). | Certain prohibited acts require that the misrepresentation be made with intent to induce the purchase of the property at issue. *See* Wis. Stat. § 100.18(1) (prohibiting deceptive conduct made "with intent to induce the public in any manner to enter into any contract or obligation relating to the purchase" of an item or property); *Reuben v. Koppen*, 784 N.W.2d 703 (Wis. Ct. App. 2010) (noting that proof of "intent to induce the purchase" at issue "is necessary for the WIS. STAT. § 100.18 cause of action"). | Actual reliance is required, but reasonable reliance is not. *See Spacesaver Corp. v. Marvel Grp., Inc.*, 621 F. Supp. 2d 659, 663 (W.D. Wis. 2009) ("Reliance is an aspect of the third element [of a claim under § 100.18], whether a representation caused the plaintiff's pecuniary loss.") (alteration in original) (quoting *Novell v. Migliaccio*, 749 N.W.2d 544, 553 (Wis. 2008)); *St. Paul Mercury Ins. Co. v. Viking Corp.*, No. 04-C-1124, 2007 WL 129063 (E.D. Wis. Jan. 12, 2007) (holding that a plaintiff asserting a claim under § 100.18 is not required to prove that he or she reasonably relied on the representation, but the plaintiff must show actual reliance on the representation).<br><br>No caselaw suggesting that reliance may be presumed. | Neither the statute nor Wisconsin courts have clearly addressed the issue. | Statute of limitations is three years, with no applicable discovery rule. Wis. Stat. § 100.18(11)(b)(3); *see also Selzer v. Brunsell Bros., Ltd.*, 652 N.W.2d 806 (Wis. Ct. App. 2002); *Skrupky v. Elbert*, 189 Wis. 2d 31, 54, 526 N.W.2d 264, 273 (Ct. App. 1994) (holding that the discovery rule does not apply to Wis. Stat. § 100.18(11)(b)(3)). | Yes. *Gallego v. Wal-Mart Stores, Inc.*, 707 N.W.2d 539 (Wis. App. 2005).<br><br>Consumers can enforce the broad prohibition on unfair trade practices in Wis. Stat. § 100.20 only if the defendant violated a rule prohibiting the specific practice. *See id.* § 100.20(5); *PTP OneClick, LLC v. Avalara, Inc.*, 413 F. Supp. 3d 1050, 1069 (W.D. Wash. 2019). |

**Plaintiffs' Group 3: States That Purportedly Do Not Require Intent And Use Standardized Violation Language And Require Pre-Suit Notice ("Alabama CP Grouping")**

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Alabama<br><br>Ala. Code § 8-19-1 *et seq.* | No.<br><br>Class actions are not permitted. | Statute focuses on "deceptive" acts or practices. Ala. Code § 8-19-5. However, it contains a catchall provision prohibiting "any other unconscionable, false, misleading, or deceptive act or practice." Ala. Code § 8-19-5(27). In light of the catchall provision, "a plaintiff may base an ADTPA claim on an 'alleged concealment, suppression, or omission.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 406 (S.D.N.Y. 2017) (quoting *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 915-16 (N.D. Ill. 2013)). | Claims based on alleged omissions require intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods. *See Suchanek v. Sturm Foods, Inc.*, No. 11-CV-565-NJR-RJD, 2018 WL 6617106, at *4 (S.D. Ill. July 3, 2018). | It appears that reliance is not required. *See Suchanek v. Sturm Foods, Inc.*, No. 11-CV-565-NJR-RJD, 2018 WL 6617106, at *6 (S.D. Ill. July 3, 2018) (noting an "underwhelming amount of information" about the elements of an ADTPA claim; declining to "require an individual showing of reliance").<br><br>Causation is required. *See Jones v. Coty Inc.*, 362 F. Supp. 3d 1182, 1215 (S.D. Ala. 2018) ("Simply put, Bowden's ADTPA claim fails as a matter of law because she did not read the allegedly misleading warning; therefore, she cannot show a causal link between the allegedly deceptive practice and the injury."). | Businesses may not sue except in narrow circumstances inapplicable here. Statute limits private right of action in most circumstances to a "consumer," defined as "[a]ny natural person who buys goods or services for personal, family, or household use." Ala. Code §§ 8-19-3(4); 8-19-10(a); *Way Int'l v. Church of the Way Int'l*, No. 7:15-CV-370-RDP, 2017 WL 432466, at *9 (N.D. Ala. Feb. 1, 2017). | Statute of limitations is one year from discovery, but no later than four years after the incident, unless the contract or warrant is for more than three years then no more than one year from the date of expiration or more than one year after discovery, whichever occurs first. Ala. Code § 8-19-14. | Class actions are not permitted. "A consumer or other person bringing an action under this chapter may not bring an action on behalf of a class. The limitation in this subsection is a substantive limitation and allowing a consumer or other person to bring a class . . . would abridge, enlarge, or modify the substantive rights created by this chapter." Ala. Code § 8-19-10(f); *see also Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427 (NGG) (ST), 2017 WL 5201079, at *10 (E.D.N.Y. Nov. 8, 2017) (dismissing class claims due to the "class action bar incorporated in the Alabama . . . consumer protection laws"). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Georgia<br><br>Ga. Code § 10-1-370 *et seq.* | No.<br><br>Class actions are not permitted. | Statute focuses narrowly on "deceptive" behavior. Ga. Code § 10-1-372 (prohibiting deceptive practices). Statute includes 12 types of explicitly prohibited acts or practices and also includes a general catchall provision. *See* Ga. Code § 10-1-372(12) ("Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding."). | Certain prohibited acts require that the misrepresentation be made with intent not to sell the goods as advertised or not to supply reasonably expectable public demand. *See* Ga. Code § 10-1-372(a)(9)-10). | Reliance and causation are required. *See Tiismann v. Linda Martin Homes Corp.*, 637 S.E.2d 14, 16 (Ga. 2006) (holding reliance is required for misrepresentation claims as well as omission claims); *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1375 (M.D. Ga. 2011) ("[A] claimant who alleges the FBPA was violated as a result of a misrepresentation must demonstrate that he was injured as the result of the reliance upon the alleged misrepresentation.").<br><br>No caselaw suggesting that reliance may be presumed. | Yes. *See* Ga. Code §§ 10-1-399(a); 10-1-392(24) (defining "person" to include a "corporation, trust, partnership, incorporated or unincorporated association, or any other legal entity"). | Statute of limitations is two years from discovery. Ga. Code § 10-1-401(a); *Tiismann v. Linda Martin Homes Corp.*, 610 S.E.2d 68, 69 (Ga. 2005). | Class actions are not permitted. Ga. Code §10-1-399(a); *see also Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427 (NGG) (ST), 2017 WL 5201079, at *10 (E.D.N.Y. Nov. 8, 2017) (dismissing class claims due to the "class action bar incorporated in the . . . Georgia . . . consumer protection laws"); *Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772, 798 (E.D. Mich. 2019). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Maine<br><br>Me. Rev. Stat. tit. 5, § 205-A *et seq.* | Yes. | Statute prohibits both "unfair" and "deceptive" acts or practices. Me. Rev. Stat. tit. 5, § 207. The "definition of 'unfair' and 'deceptive' under the UTPA may be established using a subjective or objective standard." *Larsen v. Vizio, Inc.*, No. SACV 14-01865-CJC(JCGx), 2017 WL 11633132, at *7 (C.D. Cal. Apr. 27, 2017) (applying Maine law). | N/A | Reliance is required and may not be presumed. *See Sanford v. Nat'l Ass'n for Self-Employed, Inc.*, 264 F.R.D. 11 (D. Me. 2010) (denying class certification because reliance was not subject to class-wide proof); *GxG Mgmt., LLC v. Young Bros. & Co.*, 457 F. Supp. 2d 47, 50-51 (D. Me. 2006) (granting summary judgment on UTPA claim where plaintiff could not show evidence of detrimental reliance); *Larsen v. Vizio, Inc.*, No. SACV 14-01865-CJC(JCGx), 2017 WL 11633132, at *8 (C.D. Cal. Apr. 27, 2017) (citing "Maine precedent indicating that such reliance may not be presumed"). | Businesses may not sue unless their transactions were made "primarily for personal, family or household purposes." Me. Rev. Stat. tit. 5, § 213(1); *see C-B Kenworth, Inc. v. Gen. Motors Corp.*, 706 F. Supp. 952, 957 (D. Me. 1988); *Seacoast RV, Inc. v. Sawdran, LLC*, 58 A.3d 1135, 1137 (Me. 2013) (concluding the plaintiff did not purchase a car "primarily for personal purposes, and, therefore, cannot bring a private cause of action pursuant to the [M]UTPA"). | Statute of limitations is six years from discovery. Me. Rev. Stat. tit. 14, § 752; *McKinnon v. Honeywell Int'l, Inc.*, 977 A.2d 420, 424 (Me. 2009). | Yes. *Oceanside at Pine Point Condo. Owners Ass'n v. Peachtree Doors, Inc.*, 659 A.2d 267 (Me. 1995). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Massachusetts<br><br>Mass. Gen. Laws ch. 93A, § *et seq.* | Yes. | Statute prohibits both "unfair" and "deceptive" practices. Mass. Gen. Laws ch. 93A, § 2. Courts have adopted broad standards for determining whether acts are prohibited. *See Mass. Farm Bureau Fed'n, Inc. v. Blue Cross of Mass., Inc.*, 532 N.E.2d 660, 664 (Mass. 1989) ("Conduct may [constitute an unfair practice] . . . if it is 'within at least the penumbra of some common-law, statutory, or other established concept of unfairness . . . [or] is immoral, unethical, oppressive, or unscrupulous.'").<br><br>Deceptive act must be material, which involves a subjective inquiry. *See Casavant v. Norwegian Cruise Line, Ltd.*, 919 N.E.2d 165, 170 (Mass. Ct. App. 2009). | Intent and knowledge are not required, except knowledge must be proven to obtain treble damages. *Aspinall v. Philip Morris Cos., Inc.*, 813 N.E.2d 476 (Mass. 2004).<br><br>In addition, what a defendant or plaintiff knew or should have known may be relevant in determining unfairness. *Billingham v. Dornemann*, 771 N.E.2d 166, 174 (Mass. App. Ct. 2002). | Reliance is not required. *See Sebago, Inc. v. Bearer E., Inc.*, 18 F. Supp. 2d 70, 103 (D. Mass. 1998) (proof of actual reliance on a misrepresentation is not required for Massachusetts consumer protection claim).<br><br>However, causation is required. *See Casavant v. Norwegian Cruise Line Ltd.*, 460 Mass. 500, 503 (2011) (plaintiff must show "a causal connection between the deception and the loss and that the loss was foreseeable as a result of the deception.") (citation omitted). | Yes. *See* Mass. Gen. Laws ch. 93A, § 11; *H1 Lincoln, Inc. v. S. Wash. St., LLC*, 179 N.E.3d 545, 557 (Mass. 2022) (noting that § 11 "giv[es] a private right of action to businesses harmed by another business's unlawful conduct"). | Statute of limitations is four years from discovery. Mass. Gen. Laws. Ch. 260 § 5A; *Micera v. Neworld Bank*, 592 N.E.2d 1294, 1296 (Mass. 1992); *Taygeta Corp. v. Varian Assoc., Inc.*, 436 Mass. 217 (2002); *In re Mass. Diet Drug Litig.*, 338 F. Supp. 2d 198, 208 (D. Mass. 2004). | Yes. Mass. Gen. Laws ch. 93A, § 9(2).<br><br>Plaintiffs may recover actual damages or $25 (whichever is greater) and double to treble damages for "willful or knowing" violations. Attorney's fees mandatory in class actions unless a reasonable settlement was rejected. Mass. Gen. Laws ch. 93A, § 9(4); Mass. Gen. Laws ch. 93A, § 9(3); *Aspinall v. Philip Morris Cos., Inc.*, 813 N.E.2d 476, 479 (Mass. 2004). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Mississippi<br><br>Miss. Code § 75-24-5 *et seq.* | No.<br><br>Class actions are not permitted. | Statute addresses both "unfair" and "deceptive" acts. Miss. Code § 75-24-5 (prohibiting unfair or deceptive acts). Courts have interpreted this provision to include omissions. *See In re Intel Corp. CPU Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 3:18-MD-2828-SI, 2020 WL 1495304, at *27 (D. Or. Mar. 27, 2020). It appears that only omissions of "material" fact are actionable. *See Watson Lab'ys, Inc. v. State*, 241 So. 3d 573, 591 (Miss. 2018); *In re Ford Motor Co. Ignition Switch Prod. Liab. Litig.*, No. 96-1814(JBS), 2001 WL 1266317, at *7 (D.N.J. Sept. 30, 1997). | Certain prohibited acts require that the misrepresentation be made with intent not to sell the goods as advertised or not to supply reasonably expectable public demand. Miss. Code § 75-24-5(2)(i)-(j). | Reliance is required. *See* Miss. Code § 75-24-15 (granting private right of action to "any person who . . . thereby suffers any ascertainable loss"); *In re Ford Motor Co. Ignition Switch Prod. Liab. Litig.*, No. 96-1814(JBS), 2001 WL 1266317, at *7 (D.N.J. Sept. 30, 1997) (concluding "[f]rom the plain language of [Miss. Code § 75-24-15]" that "detrimental reliance" is a "necessary element" of a claim); *Mayberry v. Bristol-Meyers Squibb Co.*, Nos. 07-942 (FLW), 07-1099(FLW), 2009 WL 5216968, at *8-9 (D.N.J. Dec. 30, 2009).<br><br>No caselaw suggesting that reliance may be presumed. | Businesses may not sue, at least insofar as they are not purchasing a good primarily for someone else's personal use. *See* Miss. Code § 75-24-15 (limiting relief to "any person who purchases or leases goods or services primarily for personal, family or household purposes"); *Medison Am., Inc. v. Preferred Med. Sys. LLC*, 357 F. App'x 656, 663 (6th Cir. 2009) (citing § 75-24-15 and holding plaintiff "is not such a person – it is a business – so this claim fails"). | Statute of limitations is three years. Miss. Code § 15-1-49; *CitiFinancial Mortg. Co. v. Washington*, 967 So. 2d 16 (Miss. 2007). The limitations period starts to run when the right to sue vests or when the breach is discovered or should have been discovered with reasonable diligence. Miss. Code § 15-1-49(2); *Anderson v. LaVere*, 136 So. 3d 404, 411 (Miss. 2014). | Class actions are not permitted. "Nothing in this chapter shall be construed to permit any class action or suit, but every private action must be maintained in the name of and for the sole use and benefit of the individual person." Miss. Code § 75-24-15(2), (4); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 349 F. Supp. 3d 881, 922 (N.D. Cal. 2018) (dismissing Mississippi CPA claims); *In re Insulin Pricing Litig.*, No. 3:17-cv-699 (BRM) (LHG), 2020 WL 831552, at *9 (D.N.J. Feb. 20, 2020). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Texas<br><br>Tex. Bus. & Com. Code § 17.41 *et seq.* | Yes, for alleged affirmative misrepresent-ations. | Statute prohibits "false, misleading, or deceptive" acts. *See* Tex. Bus. & Com. Code §§ 17.46(b)(1)-(27). Statute also lists 27 types of covered acts or practices. *Id.* Statute uses an objective standard that defines deception based on the perspective of the least sophisticated consumer. *Spradling v. Williams*, 566 S.W.2d 561, 562-63 (Tex. 1978); *see also Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 479-80 (Tex. 1995).<br><br>Texas's "learned intermediary" doctrine applies to claims brought by consumers of prescription drugs. *See In re Norplant Contraceptive Prods. Litig.*, 165 F.3d 374, 377-78 (5th Cir. 1999). | Claims based on alleged omissions require intent that others rely upon the omission. *See,* Tex. Bus. & Com. Code § 17.46(24) (addressing failure to disclose and requiring "inten[t] to induce consumer into transaction"); *see also Bradford v. Vento*, 48 S.W.3d 749, 760 (Tex. App. 2001).<br><br>Violations that were committed "knowingly" qualify for additional damages. Tex. Bus. & Com. Code § 17.50(b)(1). | Reliance and causation are required. An act or practice must be a "producing cause" of damages and "relied on by a consumer to the consumer's detriment." Tex. Bus. & Com. Code § 17.50(a); *Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 823 (Tex. 2012) (noting that reliance is a necessary element of a DTPA claim; "[a] consumer loses without proof that he relied to his detriment on the deceptive act"). However, "the DTPA does not require proof of justifiable reliance." *Jasek v. Tex. Farm Bureau Underwriters*, No. 14-19-00759-CV, 2022 WL 364050, at *4 (Tex. App. Feb. 8, 2022).<br><br>No caselaw suggesting that reliance may be presumed. | Businesses may not sue unless they act as consumers and have assets of less than $25 million. *See* Tex. Bus. & Com. Code § 17.45(4); *Eckman v. Centennial Sav. Bank*, 784 S.W.2d 672, 674 (Tex. 1990) ("A plaintiff must be a 'consumer' to maintain a private action under the DTPA . . . business consumers, whether individuals or businesses, with assets of $25,000,000 or more are excluded from DTPA coverage."). | Statute of limitations is two years after occurrence or discovery by reasonable diligence. Tex. Bus. & Com. Code § 17.565; *Holmes v. P.K. Pipe & Tubing, Inc.*, 856 S.W.2d 530 (Tex. App. 1993). | Yes. Tex. Bus. & Com. Code § 17.501; *see also Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352 (Tex. 2001). |

**Plaintiffs' Group 4: Plaintiffs' Proposed Grouping Of States That Purportedly Require Intent, Use Standardized Violation Language And Do Not Require Pre-Suit Notice ("Arkansas CP Grouping")**

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Arkansas<br><br>Ark. Code § 4-88-101 *et seq.* | No.<br><br>Class actions are not permitted. | Statute prohibits "deceptive" and "unconscionable" trade practices. Statute provides examples as well as a catchall provision. Ark. Code § 4-88-107(a). A deceptive act must be "misleading in a material respect." *Skalla v. Canepari*, 430 S.W.3d 72, 82 (Ark. 2013).<br><br>A plaintiff must prove that "the defendant engaged in a practice that has the capacity to deceive a reasonable consumer." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 156 (5th Cir. 2010). | In general, a plaintiff "need not prove that the defendant was knowingly or intentionally deceptive." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 156 (5th Cir. 2010). However, the statute requires "knowing[]" conduct with respect to claims based on several of the prohibited practices. *See, e.g.,* Ark. Code §§ 4-88-107(a)(1) (prohibiting "[k]nowingly making a false representation as to the characteristics" of a product). | Reliance and causation are required. Ark. Code § 4-88-113(f); *see also Mounce v. CHSPSC, LLC*, No. 5:15-CV-05197, 2017 WL 4392048, at *7 (W.D. Ark. Sept. 29, 2017); *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, No. 18-MD-2819 (NG) (LB), 2018 WL 5928143 at *4 (E.D.N.Y. Nov. 13, 2018); *Jarrett v. Panasonic Corp. of N. Am.*, 8 F. Supp. 3d 1074, 1084 (E.D. Ark. 2013) ("[A]n ADTPA claim requires each class member to prove reliance on the allegedly fraudulent conduct and that such fraudulent conduct caused damage.").<br><br>No caselaw suggesting that reliance may be presumed. | Only in their capacity as consumers. *See* Ark. Code Ann. §§ 4-88-113(f)(1)(A); 4-88-102(5); *Apprentice Info. Sys., Inc. v. DataScout, LLC*, 544 S.W.3d 536, 539 (Ark. 2018) (plaintiff lacked standing under the ADPA where the plaintiff and defendant "were competitors in the market of selling counties' public data, and there is simply no 'consumer-oriented act' as required for a cause of action under the ADTPA"). | Statute of limitations is five years, and no discovery rule applies. Ark. Code § 4-88-115; *Sheppard v. Orkin Exterminating Co.*, No. 4:07CV01183 BSM, 2009 WL 1850312, at *2 (E.D. Ark. June 26, 2009). | Class actions are not permitted. "A private class action under this subsection is prohibited unless the claim is being asserted for a violation of Arkansas Constitution, Amendment 89 [which provides the maximum interest rates a lender may impose]." Ark. Code § 4-88-113(f)(1)(B); *see also Parnell v. FanDuel, Inc.*, 591 S.W.3d 315 (Ark. 2019) (noting that the ADTPA expressly prohibits private class actions). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Colorado<br><br>Colo. Rev. Stat. § 6-1-101 *et seq.* | No.<br><br>Class actions are not permitted. | Statute prohibits "deceptive" trade practices. *See* Colo. Rev. Stat. §§ 6-1-105(1)(a)-(bbb). A deceptive act must be material, which is determined by reference to a purely subjective standard. *See Briggs v. Am. Nat'l Prop. & Cas. Co.*, 209 P.3d 1181, 1186 (Colo. App. 2009) (Under Colorado statute, "[u]ndisclosed facts are 'material' if the consumer's decision might have been different had the truth been disclosed"). | The pre-2019 Colorado statute (which is applicable to this case) requires a showing of knowledge for many of its substantive prohibitions. *See, e.g.*, Colo. Rev. Stat. § 6-1-105(1)(a), (b), (c), (e), (f), (g), and (o) (claims related to false representations about characteristics of goods and services); *see also State ex rel. Suthers v. Mandatory Poster Agency, Inc.*, 260 P.3d 9, 14 (Colo. App. 2009).<br><br>In 2019, "knowingly" was replaced with "knowingly or recklessly." Colo. Laws 2019, Ch. 268, amending Colo. Rev. Stat. § 6-1-105. | Reliance is not required. *See Hall v. Walter*, 969 P.2d 224, 224 (Colo. 1998). However, "reliance often provides a key causal link between a consumer's injury and a defendant's deceptive practice." *Garcia v. Medved Chevrolet, Inc.*, 263 P.3d 92, 98 (Colo. 2011).<br><br>Causation is required. Colo. Rev. Stat. § 6-1-113(1)(a) (plaintiff must have been "injured as a result of [a] deceptive trade practice."); *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-147 (Colo. 2003). | Yes. *See* Colo. Rev. Stat. §§ 6-1-113; 6-1-102(6) (defining "person" to include a "corporation, business trust, estate, trust, partnership, unincorporated association, or two or more thereof having a joint or common interest, or any other legal or commercial entity"); *Hall*, 969 P.2d at 235. | Statute of limitations is three years from when the act or practice occurred, or from when discovery occurred or should have occurred. Colo. Rev. Stat. § 6-1-115; *Stiff v. BilDen Homes, Inc.*, 88 P.3d 639, 642 (Colo. App. 2003). | Class actions are not permitted. Colo. Rev. Stat. § 6-1-113(2); *see also Friedman v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-cv-02432-WYD-KMT, 2015 WL 8479746, at *2-5 (D. Colo. Dec. 10, 2015) ("[T]he class action restriction in the CCPA . . . is enforceable."); *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1218 (D. Colo. 2012) ("[T]he CCPA creates no statutory liability for a defendant in a private class action."). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Kentucky  Ky. Rev. Stat. § 367.110 *et seq.* | No.  Class actions not permitted. | Statute prohibits "unfair," "false," "misleading," or "deceptive" acts or practices. Ky. Rev. Stat. § 367.110.  Contractual privity is generally required, including for claims based on prescription drug purchases. *See Skilcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*, 836 S.W.2d 907 (Ky. Ct. App. 1992); *Anderson v. Merck & Co.*, 417 F. Supp. 2d 842, 848 (E.D. Ky. 2006) (no consumer protection claim against pharmaceutical sales representatives because representatives did not sell the medications directly to plaintiffs). | Intentional or grossly negligent conduct is required. *See Scanlan v. Sunbeam Prod., Inc.*, 690 F. App'x 319, 333 (6th Cir. 2017) ("In order to establish a violation of the KCPA, plaintiffs must show that the defendant's actions were either (1) intentional or (2) grossly negligent.") (citation omitted); *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012) ("Plaintiffs have not alleged facts upon which a reasonable jury could find Defendant intentionally, knowingly, or in bad faith took malign actions affecting Plaintiffs. Therefore, Plaintiffs' KCPA claim fails as a matter of law."). | Reliance is not required. *See Corder v. Ford Motor Co.*, 869 F. Supp. 2d 835 (W.D. Ky. 2012) (reliance is not required under UDAP); *see also Brown v. Tax Ease Lien Servicing, LLC*, 2015 WL 7431044, at *10 (W.D. Ky. Nov. 20, 2015) (showing of reliance unnecessary).  Proof of a causal nexus is required. *See Corder v. Ford Motor Co.*, 869 F. Supp. 2d 835 (W.D. Ky. 2012) (UDAP requires proof of a causal nexus between plaintiff's loss and defendant's allegedly deceitful practices). | No. *See* Ky. Rev. Stat. Ann. § 367.220(1) (private right of action available only to a "person who purchases or leases goods or services primarily for personal, family or household purposes"); *see also Corder v. Ford Motor Co.*, 283 F.R.D. 337, 342 (W.D. Ky. 2012) (denying class certification where a significant portion of the trucks at issue were purchased for commercial purposes). | Statute of limitations is one year beginning after any action of the Attorney General has been terminated or two years beginning with the violation, whichever is later. Ky. Rev. Stat. § 367.220; *Cook v. State Farm Mut. Auto. Ins. Co.*, No. 2002-CA-000801-MR, 2004 WL 2011375, at *3 (Ky. Ct. App. Sept. 10, 2004).  The discovery rule does not apply. *See Est. of Laird v. Mills Health & Rehab Ctr., Inc.*, No. 2017-CA-000288-MR, 2019 WL 2406380, at *3 (Ky. Ct. App. June 7, 2019) (discovery rule does not apply to consumer protection claims). | Class actions may not be permitted. *See Arnold v. Microsoft Corp.*, No. 00-CI-00123, 2000 WL 36114007, at *6 (Ky. Cir. Ct. July 21, 2000) ("The Court also does not believe that [the KCPA] was meant to be a vehicle for Class Action suits."); *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 999-1001 (N.D. Cal. 2016) (dismissing class action under KCPA); *but see Kempf v. Lumber Liquidators, Inc.*, No. 3:16-CV-492-DJH, 2017 WL 4288903, at *4 (W.D. Ky. Sept. 27, 2017) ("Notwithstanding *Arnold*, class actions under the KCPA have been previously certified by this Court and Kentucky state courts on several occasions."). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Nevada<br><br>Nev. Rev. Stat. § 598.0903 *et seq.* | Yes. | Statute prohibits "deceptive" trade practices. Nev. Rev. Stat. § 598.0915. Both objective and subjective tests apply to determine whether deceptive act is material. *See Poole v. Nev. Auto Dealership Invs., LLC*, 449 P.3d 479, 487 (Nev. App. 2019) (adopting "both the objective and subjective definitions" of materiality for Nevada statute). | Many statutory prohibitions covering various categories of representations, include a "knowingly" requirement. *See* Nev. Rev. Stat. §§ 598.0915(1)-(3), (5)-(7) *see also Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1185 (D. Nev. 2005) (granting summary judgment because of insufficient evidence that defendant "knowingly made a false representation"). Other prohibitions require a specific intent. *See, e.g., id.* § 598.0915(9) (intent not to sell as advertised). | A showing of reliance may be required, at least when the claim involves an affirmative misrepresentation. *See Motogolf.com, LLC v. Top Shelf Golf, LLC*, 528 F. Supp. 3d 1168, 1178 (D. Nev. 2021), *reconsideration denied*, No. 2:20-cv-00674-APG-EJY, 2022 WL 834790 (D. Nev. Mar. 21, 2022); *Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, L.L.C.*, No. 2:10-cv-00510-GMN-NJK, 2013 WL 3270430 (D. Nev. June 26, 2013).<br><br>No caselaw suggesting that reliance may be presumed.<br><br>Plaintiffs must "show a defendant engaged in a consumer fraud of which the plaintiff was a victim." *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 657 (D. Nev. 2009). | Yes. *See S. Serv. Corp. v. Excel Bldg. Servs., Inc.*, 617 F. Supp. 2d 1097, 1100 (D. Nev. 2007) ("Nevada law allows a competitor to sue under the consumer fraud statutes when that competitor can demonstrate it was directly harmed by the defendant's deceptive trade practices.") (citing Nev. Rev. Stat. § 41.600). | Statute of limitations is four years, accruing from the date facts constituting deceptive trade practices were discovered or should have been discovered. Nev. Rev. Stat. § 11.190; *Nev. Power Co. v. Eighth Judicial Dist. Court of Nev. ex rel. County of Clark*, 102 P.3d 578, 588 (Nev. 2004) ("NRS 41.600, however, provides for a private cause of action by a person who is a victim of consumer fraud and defines 'consumer fraud' to include '[a] deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.'"). | Yes. *Nev. Power Co. v. Eighth Judicial Dist. Court of Nev. ex rel. County of Clark*, 102 P.3d 578 (Nev. 2004). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| New Mexico<br><br>N.M. Stat. § 57-12-1 *et seq.* | Yes. | Statute prohibits "unfair," "deceptive," and "unconscionable" trade practices. N.M. Stat. § 57-12-3.<br><br>Material omissions are actionable, and materiality is determined by an objective test. *See Azar v. Prudential Ins. Co.*, 68 P.3d 909, 930 (N.M. Ct. App. 2003) (an omission is material if it "would have induced a reasonable consumer in [p]laintiffs' shoes to enter into [the transaction in question]"). | To qualify as unfair or deceptive, a representation must be "knowingly made." N.M. Stat. § 57-12-2; *see also Richardson Ford Sales, Inc. v. Johnson*, 676 P.2d 1344, 1347-48 (N.M. Ct. App. 1984) (seller must be aware of non-disclosure because Unfair Practices Act explicitly applies to claims "knowingly made"). | Reliance is not required. *See Shaykin v. Progressive Cas. Ins. Co.*, No. A-1-CA-37651, 2020 WL 7042858, at *2 (N.M. Ct. App. Nov. 30, 2020) ("Section 57-12-10(B) of the UPA requires a causal connection to, rather than reliance on, the alleged deceptive practice").<br><br>No causation is required to obtain minimum statutory damages. *See Jones v. Gen. Motors Corp.*, 124 N.M. 606, 953 P.2d 1104, 1109 (N.M. Ct. App. 1998) ("In the absence of actual losses, [a] [p]laintiff is still entitled under [the New Mexico consumer protection statute] to recover the statutory damages of one hundred dollars"). | Yes. *See* N.M. Stat. §§ 57-12-10(B); 57-12-2(A) (defining "person" as it is used in the statute to include, "natural persons, corporations, trusts, partnerships, associations, cooperative associations, clubs, companies, firms, joint ventures, or syndicates"); *Gandydancer, LLC v. Rock House CGM, LLC*, 453 P.3d 434, 438 (N.M. 2019). | Statute of limitations is four years, with no applicable discovery rule. N.M. Stat. § 37-1-4; *Nance v. L.J. Dolloff Assocs., Inc.*, 126 P.3d 1215, 1220 (N.M. Ct. App. 2005) (noting general four-year limitations period applies to statutory consumer protection claims); *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996). | Yes. N.M. Stat. § 57-12-10(E). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| South Dakota<br><br>S.D. Codified Laws § 37-24-1 *et seq.* | Yes. | Statute focuses narrowly on "deceptive" behavior. S.D. Codified Laws § 37-24-6 (prohibiting deceptive acts). Material omissions are actionable. *Id.* | A plaintiff must show that the defendant acted both "[k]nowingly and intentionally." S.D. Codified Laws § 37-24-6(1); *see also Nw. Pub. Serv. v. Union Carbide*, 236 F. Supp. 2d 966 (D.S.D. 2002). | Reliance may be required. *See Nygaard v. Sioux Valley Hosps. & Health Sys.*, 731 N.W.2d 184, 196 (S.D. 2007) (rejecting a claim of deception where defendant did not make any representation that induced a belief by the plaintiffs that caused them to select the defendant hospitals); *Rainbow Play Sys., Inc. v. Backyard Adventure, Inc.*, No. CIV. 06-4166, 2009 WL 3150984 (D.S.D. Sept. 28, 2009) (construing *Nygaard* to impose a reliance requirement).<br><br>No caselaw suggesting that reliance may be presumed. | Yes. *See* S.D. Codified Laws § 37-24-31 (providing a private right of action to "[a]ny person who claims to have been adversely affected by any act or a practice declared to be unlawful by" the statute); S.D. Codified Laws § 37-24-1 (defining "person" to include "a natural person or his legal representative, a partnership, a limited liability company (domestic or foreign), a corporation (domestic or foreign), a trust, an incorporated or unincorporated association, and any other legal entity"). | Statute of limitations is four years after the occurrence or discovery of the conduct. S.D. Codified Laws § 37-24-33. | Yes. *Nygaard v. Sioux Valley Hosps. & Health Sys.*, 731 N.W.2d 184 (S.D. 2007). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Utah<br><br>Utah Code § 13-11-1 *et seq.* | No.<br><br>Class actions not permitted for claims like those here. | Statute prohibits both "deceptive" and "unconscionable" acts. Utah Code §§ 13-11-4, 13-11-5. Statute does not appear to prohibit omissions. *See Drover v. LG Elecs. USA, Inc.*, No. 2:12-CV-510 JCM VCF, 2014 WL 5307927, at *5 (D. Nev. Oct. 15, 2014). | Statute expressly requires intent to deceive. Utah Code § 13-11-4(2)(b); *Rawson v. Conover*, 20 P.3d 876 (Utah 2001) (knowing or intentional deception is required because of 1985 amendment to statute). | Utah courts have not addressed whether reliance is required, but existing precedent suggests that it is not. *See Andreason v. Felsted*, 137 P.3d 1, 4 (Utah App. 2006) (construing requirement that the consumer suffer loss liberally in favor of the consumer). | Possibly, but only in the business's capacity as a consumer and not a supplier. *See Icon Health & Fitness, Inc. v. ConsumerAffairs. com*, No. 1:16-CV-00168-DBP, 2018 WL 1183372, at *5 (D. Utah Mar. 6, 2018) ("[T]he UCSPA clearly sets forth a cause of action for a consumer, but affords no such relief for a supplier, particularly against another supplier."); *see also* Utah Code Ann. § 13-11-19(1) (providing a private right of action only for a "consumer"). | Statute of limitations is two years from when the alleged deceptive practice or misrepresentation occurred, with no applicable discovery rule. Utah Code § 13-11-19; *Miller v. Corinthian Colls., Inc.*, 769 F Supp. 2d 1336 (D. Utah 2011). | Class actions are not permitted, except in narrow circumstances that do not apply here. "A consumer who suffers loss as a result of a violation of this chapter may recover, but not in a class action, actual damages or $2,000, whichever is greater, plus court costs." Utah Code § 13-11-19; *see also Callegari v. Blendtec, Inc.*, No. 2:18-cv-308-DB, 2018 WL 5808805, at *4 (D. Utah Nov. 6, 2018) (dismissing class claims because statutory requirements for class actions are "substantive state law" and do not conflict with Rule 23). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Virginia<br><br>Va. Code § 59.1-196 *et seq.* | Yes. | Statute focuses on deceptive acts, and prohibits a list of practices constituting "fraudulent acts or practices committed by a supplier in connection with a consumer transaction." Va. Code § 59.1-200.<br><br>Material omissions are actionable. *See Lambert v. Downtown Garage, Inc.*, 553 S.E.2d 714, 718 (Va. 2001).<br><br>Learned intermediary doctrine applies, potentially barring certain claims based on prescription drug purchases. *See Hart v. Savage*, No. L-04-1663, 2006 WL 3021110, at *1-2 (Va. Cir. Ct. Oct. 19, 2006). | Intent is required. *See Clark v. Ourisman Fairfax, Inc.*, 59 Va. Cir. 129 (Va. Cir. Ct. 2002) (interpreting Virginia UDAP statute to exclude unintentional violations). | Reliance is required. *See Owens v. DRS Automotive Fantomworks, Inc.*, 764 S.E.2d 256 (Va. 2014) (although VCPA claim does not require proof of common law fraud, it does require proof "in misrepresentation cases of the elements of reliance and damages"; must show that plaintiff suffered a loss as a result of reliance on the false statements).<br><br>No caselaw suggesting that reliance may be presumed. | Yes, for damages suffered in the capacity of a consumer. *See* Va. Code Ann. § 59.1-204(A) (providing a cause of action for "[a]ny person who suffers loss as the result of a violation of" the statute); Va. Code Ann. § 59.1-198 ("'Person' means any natural person, corporation, trust, partnership, association and any other legal entity."); *Portfolio Recovery Assocs., Inc. v. Portfolio Recovery Grp., LLC*, No. 2:12CV649, 2013 WL 5723869, at *8 (E.D. Va. Oct. 18, 2013) (no cause of action for commercial competitors under the Virginia Consumer Protection Act). | Statute of limitations is two years from injury. Va. Code § 59.1-204.1.<br><br>However, claims sounding in fraud accrue when the fraud is discovered or when it should have been discovered by the exercise of due diligence. *Peter Farrell Supercars, Inc. v. Monsen*, 82 F. App'x 293, 299 (4th Cir. 2003) (citing Va. Code § 8.01-249.1). | Class actions are not permitted as a matter of state procedure. *See Pearsall v. Va. Racing Comm'n*, 494 S.E.2d 879, 883 (Va. App. 1998). This prohibition does **not** apply in federal court. |

**Plaintiffs' Group 5: Plaintiffs' Proposed Grouping Of States That Purportedly Require Intent, Use Standardized Violation Language And Require Pre-Suit Notice ("Indiana CP Grouping")**

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Indiana<br><br>Ind. Code § 24-5-0.5-0.1 *et seq.* | Yes. | Statute focuses on "deceptive" acts, but treats certain "unconscionable" acts as deceptive. *See* Ind. Code § 24-5-0.5-3; Ind. Code § 24-5-0.5-10 (unconscionable acts). "After [a 2014] amendment, deceptive acts are broadly defined to include non-disclosures or omissions." *Gasbi, LLC v. Sanders*, 120 N.E.3d 614, 618 (Ind. Ct. App. 2019).<br><br>A deceptive act is actionable only if it is "incurable" or "uncured." *See* Ind. Code § 24-5-0.5-4(a); *see also Gasbi, LLC v. Sanders*, 120 N.E.3d 614, 618 (Ind. Ct. App. 2019). | Statute explicitly requires knowledge for some substantive prohibitions. Ind. Code § 24-5-0.5-3(b) (knowledge required for claims related to characteristics, standard, quality, age, quantity, need for repair, price advantage, sponsorship, warranty, inability to complete, authorization for repairs, recall status); *see also Rainbow Realty Grp., Inc. v. Carter*, 131 N.E.3d 168 (Ind. 2019); *McKinney v. State*, 693 N.E.2d 65 (Ind. 1998). | Reliance is required. Ind. Code § 24-5-0.5-4 requires a showing of reliance, in that it provides a private right of action for "a person relying upon an uncured or incurable deceptive act." *See also Crum v. SN Servicing Corp.*, No. 1:19-cv-02045-JRS-TAB, 2021 WL 3514153, at *4 (S.D. Ind. Aug. 10, 2021).<br><br>No caselaw suggesting that reliance may be presumed. | No, consumer transactions do not include commercial transactions. *Galveston, LLC v. Morris Inv., LLC*, No. 1:19-cv-02676-SEB-TAB, 2020 WL 5798160, at *7 (S.D. Ind. Sept. 29, 2020) (dismissing Indiana Deceptive Consumer Sales Act claims because the transactions "at issue here do not constitute consumer transactions, because the purchases were for primarily commercial purposes—not 'purposes that are primarily personal, familial, charitable, agricultural, or household'") (quoting Ind. Code § 24-5-0.5-2(a)(1)). | Statute of limitations is two years from the occurrence of act, with no applicable discovery rule. Ind. Code § 24-5-0.5-5(b); *Himan v. Thor Indus., Inc.*, No. 3:21-CV-239 JD, 2022 WL 683650, at *13 (N.D. Ind. Mar. 8, 2022) (noting Indiana's limitations period "does not leave room for application of the discovery rule"). | Yes. Ind. Code § 24-5-0.5-4.<br><br>Treble damages are available in certain circumstances. Ind. Code §§ 24-5-0.5-2(a)(7), (8), 24-5-0.5-4(a), (i) (allowing court to award treble damages for an "uncured deceptive act," i.e., one that the defendant has not resolved despite notice from the consumer, or an "incurable deceptive act," i.e., one made with intent to defraud; also specifically allowing older person to bring action to recover treble damages "if appropriate"). |

| State | Does Grouping Fit Plaintiffs' Criteria? | What Constitutes A Prohibited Act? | What Level Of Intent Is Required? | Is Reliance Required? Can It Be Presumed? | Can A Business Sue Under The Statute? | What Is The Statute Of Limitations? Is There A Discovery Rule? | Are Statutory Consumer Protection Class Actions Permitted? |
|---|---|---|---|---|---|---|---|
| Wyoming<br><br>Wyo. Stat. § 40-12-101 *et seq.* | Yes. | Statute prohibits both "unfair" and "deceptive" practices. Wyo. Stat. §§ 40-12-105(a)(i)-(xv). "Although the WCPA does not define these terms, a 'deceptive practice' has broadly been understood as one that is likely to mislead consumers, and an 'unfair practice' as one that 'offends established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.'" *Nicklas v. Pro. Assistance, LLC*, No. 18-CV-0066-SWS, 2018 WL 8619646, at *3 (D. Wyo. Sept. 26, 2018) (quoting 152 Am. Jur. Proof of Facts 3d 409 § 11 (2016)). | The definition of unlawful practices in Wyo. Stat. § 40-12-105 requires that the defendant act knowingly. | Reliance is required. Statute requires the plaintiff to prove reliance on a prohibited act or omission to state a cause of action. Wyo. Stat. § 40-12-108(a) ("[a] person relying upon an uncured unlawful deceptive trade practice may bring an action").<br><br>No caselaw suggesting that reliance may be presumed. | No, consumer transactions must be for personal, family or household purposes. *See* Wyo. Stat. Ann. § 40-12-102(a)(2) ("'Consumer transactions' means the advertising, offering for sale, sale or distribution of any merchandise to an individual for purposes that are primarily personal, family or household . . . ."); *see also In re Smitty's/CAM2 303 Tractor Hydraulic Fluid Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 4:20-MD-02936-SRB, 2022 WL 710192, at *25 (W.D. Mo. Mar. 9, 2022) (dismissing Wyoming Consumer Protection Act claim because the plaintiffs failed to plead that they purchased the product for personal use). | Statute of limitations is one year from discovery or two years from the occurrence, whichever is first. Wyo. Stat. § 40-12-109. | Yes. Wyo. Stat. § 40-12-108(b). |