# APPENDIX K

# STATE LAW PATTERN JURY INSTRUCTIONS – EXPRESS WARRANTY

## TABLE OF CONTENTS

| Jurisdiction[1] | Page | Title of Instructions |
|---|---|---|
| Alabama | K-1 | APJI 32.00. Introduction—Multiple Counts<br>APJI 32.18. Breach of Warranty—Express Warranty—Elements<br>APJI 32.19. Breach of Warranty—Express Warranty—Definition |
| Alaska | K-5 | 07.01. Products Liability—Plaintiff's Claims |
| Arizona | K-7 | RAJI (CIVIL) 7th Contract 22, Measure of Damages (Breach of Warranty) |
| Arkansas | K-9 | AMI 301 Negligence, Fault, and Ordinary Care—Fault—Definition<br>AMI 1012 Products Liability—Issues—Breach of Express Warranty<br>AMI 1013 Products Liability—Issues—Claims involving Two or More Theories of Liability<br>AMI 2501 Issues—UCC Sales Contract Formation<br>AMI 2507 Issues—Breach of UCC Warranty<br>AMI 2508 Express Warranties<br>AMI 2517 Acceptance of Goods<br>AMI 2520 Buyer's Damages for Accepted Goods—Breach of Warranty<br>AMI 2529 Limitation or Modification of Remedies for Breach of Warranty |
| California | K-22 | CACI 1230 Express Warranty—Essential Factual Elements<br>CACI 1240 Affirmative Defense to Express Warranty—Not "Basis of Bargain"<br>CACI 1241 Affirmative Defense—Exclusion or Modification of Express Warranty<br>MB300C.58 Liability of Agent for Breach of Warranty of Authority<br>MB300H.140 Warranties in General<br>MB300H.145 Express Warranties Defined |

---

[1] Defendants were unable to locate any general civil pattern jury instructions for Louisiana, Puerto Rico and South Dakota, and were unable to locate any civil pattern jury instructions relating to breach of express warranty claims for Connecticut, Idaho, Kentucky, and Oklahoma.

| | | |
|---|---|---|
| | | MB300H.146 Statement of Fact Distinguished From Expression of Opinion<br>MB300H.147 Express Warranties Arising From a Course of Dealing or Usage of Trade<br>MB300H.148 Breach of Express Warranty—Burden of Proof<br>MB300H.155 Notice of Breach of Warranty<br>MB300H.157 Disclaimer of Express Warranties<br>MB300H.255 Buyer's Consequential Damages<br>MB300H.258 Buyer's Damages for Accepted Goods and for Breach of Warranty |
| Colorado | K-37 | 6:14. Multiple Recovery Prohibited (When Plaintiff Suing on Alternative but Duplicative Claims for Relief)<br>14:5. Presumptions—Noncompliance with Governmental Standards<br>14:5A. Presumptions—Compliance with Governmental Standards<br>14:5B. Presumptions—Ten-Year Use of Product<br>14:8. Breach of Express Warranty Under UCC—Elements of Liability<br>14:9. Express Warranty—Defined<br>14:15. Notice of Breach of Warranty—What Constitutes<br>14:25 Affirmative Defense—Unreasonable, Knowing Use of Defective Product or Product Not in Compliance with Warranty<br>14:28. Affirmative Defense—Comparative Fault Based on Unreasonable, Knowing Use of Product Involving Negligently Created Risk, Product Not in Compliance with Warranty, or Defective or Misrepresented Product |
| Delaware | K-47 | § 9.11. Improper Use by Plaintiff<br>§ 9.12. Express Warranty—Generally<br>§ 9.13. Express Warranty—After Sale<br>§ 9.14. Statement of Opinion<br>§ 9.15. Revocation of Acceptance of Goods<br>§ 9.18. Scope of Warranty—Secondary Users of Product<br>§ 9.19. Exclusion of Warranties<br>§ 9.24. Notice of Breach |
| District of Columbia | K-56 | §. 23.05. Failure to Warn<br>§. 23.06. Express Warranty<br>§. 23.10. Circumstantial Evidence of Product Defect in Breach of Warranty or Strict Liability<br>§. 23.12. Misuse<br>§. 23.13. Strict Liability—Assumption of Risk |
| Florida | K-62 | 403.4. Express Warranty<br>403.15. Issues on Main Claim |
| Georgia | K-66 | § 18.052. Warranty, Breach of; Personalty |

| | | § 26.512. Fraud and Deceit; Buyer's Consequential Damages |
|---|---|---|
| Hawaii | K-69 | Instruction No. 12.1: Breach of Express Warranty—Elements<br>Instruction No. 12.2: "Seller, "Buyer," "Sale," and "Goods"<br>Instruction No. 12.3: Descriptions, Samples and Particular Words<br>Instruction No. 12.4: Basis of the Bargain<br>Instruction No. 12.5: Disclaimer of All Express Warranties<br>Instruction No. 12.6: Disclaimer of Some but Not All Express Warranties<br>Instruction No. 12.7: Notice of Breach Required<br>Instruction No. 12.8: Statute of Limitations<br>Instruction No. 13.5: Third Party Beneficiaries of Express and Implied Warranties<br>Instruction No. 13.6: No Disclaimer of Liability for Personal Injuries to a Third Party to Whom an Express or Implied Warranty Extends<br>Instruction No. 13.7: Exclusion or Limitation of Warranties |
| Illinois | K-83 | 34.03. Buyer<br>34.04. Merchant and Transactions Between Merchants<br>34.140. Warranties in General<br>100.20. Issues Introduction—Breach of Warranty<br>100.21. Persons to Whom Express or Implied Warranties Extend<br>100.24. Burden of Proof on the Issues—Breach of Implied Warranty of Merchantability<br>100.25. Definition of Merchant<br>100.58. Disclaimer of Warranty<br>100.59. Lack of Notice of Breach of Warranty |
| Indiana | K-97 | 2501 Issues for Trial; Burden of Proof<br>2503 Breach of Warranty—Elements<br>2505 Responsible Cause (Proximate Cause)—Definition<br>2506 Foreseeable—Defined<br>2507 Definitions for Breach of Warranty Claims<br>2509 Express Warranties by Statement, Promise, Description or Sample<br>2511 Warranty Not Created by Mere Opinion or Commendation<br>2521 Exclusion or Modification of Warranties<br>2523 Cumulation and Conflict of Warranties Express or Implied<br>2525 Third Party Beneficiaries of Warranties<br>2527 Measure of Damages—Warranty Cases<br>3313 Measure of Damages |

| Iowa | K-112 | 400.1. Fault—Defined<br>1100.1. Essentials for Recovery—Express Warranty<br>1100.2. Express Warranty—Defined<br>1100.3. Reliance on Express Warranty<br>1100.4. Breach of Express Warranty<br>1100.7. Fitness—Particular Purpose<br>1100.8. Reliance—Particular Purpose<br>1100.12. Merchant—Definition<br>1100.13. Merchantability—Definition<br>1600.13. Express Warranty—Duty of Physician Including Specialist |
|---|---|---|
| Kansas | K-123 | 106.01. Issues and Burden of Proof—Plaintiff's Claim—Defendant's Defense<br>128.12. Express Warranties by Affirmation, Promise, Description or Sample<br>128.13. Measure of Damages—Warranty Cases<br>128.14. Express or Implied Warranty—Unreasonable Use as a Defense—Comparative Fault<br>128.16. Express or Implied Warranty—Unreasonable Use as a Defense—Comparative Fault<br>128.20. Products Liability—Right to Recover Limited to Useful Safe Life of Products<br>128.22. Single or Multiple Theories of Liability |
| Maine | K-132 | § 7-24. Breach of Express Warranties. Instruction. |
| Maryland | K-134 | 26:6. Express Warranty—Defined<br>26:9. Notice of Breach of Warranty<br>26:10. Warranty—Defenses |
| Massachusetts | K-138 | § 11.2.3. Duty—Design<br>§ 11.2.4. Duty to Warn<br>§ 11.3. Breach of Warranty<br>§ 11.3.1. Elements<br>§ 11.3.3. Foreseeable Use<br>§ 11.3.4. Defect--Causation<br>§ 12.6.5. Damages<br>§ 14.3.4. Express Warranties<br>§ 14.9.5 UCC Remedies |
| Michigan | K-156 | 25.01 Definition of Proximate Cause--Warranty<br>25.02 More Than One Proximate Cause--Warranty<br>25.03 Causation--Multiple Defendants with Warranty and Negligence Count<br>25.04 Causation--Multiple Defendants with Warranty Counts Only<br>25.11 Express Warranty--Definition |

| | | |
|---|---|---|
| | | 25.12 Express Warranty--Burden of Proof<br>25.45 Breach of Warranty: Comparative Fault--Burden of Proof<br>(To Be Used in Cases Filed on or After March 28, 1996)<br>42.05 Allocation of Fault of Parties and Identified Nonparties<br>140.41 Contract Action--UCC: Express Warranty--Definition<br>140.42 Contract Action--UCC: Express Warranty--Burden of Proof<br>141.01 UCC: Seller's Breach by Delivery of Nonconforming Goods<br>Which the Buyer Accepts—Buyer's Damages |
| Minnesota | K-168 | CIVJIG 22.10 Express Warranty<br>CIVJIG 22.15 Express Warranty by Description<br>CIVJIG 22.20 Express Warranty by Sample or Model<br>CIVJIG 22.40 Exclusion or Modification of Warranties<br>CIVJIG 22.50 Express Warranty—Breach<br>CIVJIG 22.65 Causation<br>CIVJIG 22.70 Warranty—Damages |
| Mississippi | K-176 | § 3604. Products Liability—Breach of Express Warranty |
| Missouri | K-180 | 4.17. Breach of Warranty Under Uniform Commercial Code—Accepted Goods<br>25.04. Strict Liability—Product Defect<br>25.07. Breach of Express Warranty Under Uniform Commercial Code |
| Montana | K-184 | 7.00. Preface Strict Liability - Burden of Proof<br>14.00. Transition<br>14.01. Warranty—Express Warranty (General)<br>14.02. Warranty—Express Warranty (Formal Words Not Required)<br>14.03. Warranty—Express Warranty (Statement of Opinion)<br>14.04. Warranty—Express Warranty (Buyer's Examination of Goods)<br>14.12. Warranty—Notice of Breach |
| Nebraska | K-194 | 4.40. General Instruction on Damages for Breach of Contract<br>4.59. Damages for Breach of Contract—Actual, Consequential, or Special Damages<br>11.25. Strict Liability of Manufacturer—Misuse as a Defense<br>11.40. Breach of Express Warranty—Burden of Proof<br>11.41. Express Warranty Defined<br>11.45. Notice of Breach of Warranty |
| Nevada | K-201 | 7.9: Breach of Warranty in General<br>7.10: Causation in General<br>7.12: Express Warranty: Elements<br>7.13: Exclusion or Modification of Warranties |

| | | 7.16: Notice of a Breach of Warranty<br>7.17: Privity |
|---|---|---|
| New Hampshire | K-208 | 15.1. Indemnity—Strict Liability/Warranty<br>23.10. Warranty—Definition<br>23.11. Notice of Breach<br>23.12. Express Warranty—Definition<br>23.13. Express Warranty—Creation by Advertisement, Sample, or Description |
| New Jersey | K-214 | NJ CV JI 4.21. Breach of Express Warranty on Sale of Goods (Contract Charges)<br>NJ CV JI 5.40M. Express Warranty |
| New Mexico | K-217 | 13-302A Statement of theory(ies) for recovery<br>13-1428 Creation and breach of express warranty |
| New York | K-220 | PJI 2:120.2. Strict Products Liability [Supplemental Instruction]<br>PJI 2:140. Manufacturer's Liability for Breach of Express Warranty<br>PJI 4:1.1. Contracts—Elements [Supplemental Instruction] |
| North Carolina | K-224 | 504.18. Contracts—Issue of UCC Remedy—Buyer's Damages After Acceptance and Retention of Goods.<br>741.00. Warranties in Sales of Goods<br>741.05. Warranties in Sales of Goods—Issue of Existence of Express Warranty<br>741.10. Warranties in Sales of Goods—Issue of Breach of Express Warranty<br>741.60. Warranties in Sales of Goods—Remedy for Breach of Warranty Where Accepted Goods are Retained—Damages |
| North Dakota | K-233 | § 2.80. Definition of "Fault"<br>§ 74.08. Measure of Damages (Breach of Warranty—Accepted Goods) |
| Ohio | K-236 | CV 505.11 Express Warranties<br>CV 505.17 Exclusion or Modification of Express Warranties<br>CV 505.45 Buyer's Damages for Breach of Warranty of Accepted Goods |
| Oregon | K-241 | § 67.01. Warranties in General (UCC)<br>§ 67.02. Creation of Express Warranties (UCC)<br>§ 67.03. Breach of Express Warranty (UCC)<br>§ 67.06. Merchantability (UCC) |

| Pennsylvania | K-246 | 20.10. Express Warranty<br>20.20. Exclusion or Modification of Express Warranties<br>20.80. Acceptance<br>20.90. Revocation of Acceptance |
|---|---|---|
| Rhode Island | K-251 | 2007. Breach of Express Warranty<br>2010.1. Notice |
| South Carolina | K-254 | § 32-2. Products Liability—Case Brought Under Three Theories—Introductory Charge<br>§ 32-11. Products Liability—Design Defect—In General<br>§ 32-31. Products Liability—Breach of Warranty—Elements<br>§ 32-32. Products Liability—Warranty—Defined<br>§ 32-33. Products Liability—Express Warranty<br>§ 32-36. Products Liability—Warranty—Extension to Natural Persons<br>§ 32-37. Products Liability—Disclaimer of Warranties<br>§ 32-38. Products Liability—Design Defect—Warranty<br>§ 32-39. Products Liability—Breach of Warranty—Personal Injuries<br>§ 32-40. Products Liability—Breach of Warranty—Buyer's Incidental & Consequential Damages |
| Tennessee | K-267 | § 10.20. Breach of Warranty Introduction<br>§ 10.21. Notice of Breach<br>§ 10.22. Express Warranty<br>§ 10.23. Exclusion of Express Warranty<br>§ 10.24. Buyer's Examination<br>§ 14.60. Introduction<br>§ 14.63. Buyer's Consequential Damages<br>§ 14.64. Buyer's Damages for Breach in Regard to Accepted Goods—Diminished Value |
| Texas | K-276 | PJC 70.2 Proximate Cause--Breach of Warranty<br>PJC 71.12 Breach of Express Warranty<br>PJC 102.8 Question and Instructions on Warranty<br>PJC 102.9 Express Warranty--Goods or Services<br>PJC 102.21 Question and Instructions on Knowing or Intentional Conduct |
| Utah | K-282 | CV201 "Fault" Defined<br>CV211 Allocation of Fault<br>CV506 Creation of a Warranty<br>CV507 Breach of Warranty Essential Elements<br>CV1023 Breach of Warranty. Definition of "Warranty"<br>CV1024 Breach of Express Warranty. Creation of an Express Warranty |

| | | |
|---|---|---|
| | | CV1025 Breach of Express Warranty. Description of Goods<br>CV1026 Breach of Express Warranty. What is Not Required to Create an Express Warranty<br>CV1027 Breach of Express Warranty. Objective Standard to Create an Express Warranty<br>CV1028 Breach of Express Warranty. Elements of claim. (Contract)<br>CV1029 Breach of Express Warranty. Elements of claim. (Tort)<br>CV1037 Breach of Warranty. Improper Use<br>CV1038 Breach of Warranty. Effect of Buyer's Examination<br>CV1039 Breach of Warranty. Exclusion or Modification of Express Warranties by Agreement<br>CV1041 Breach of Warranty. Notice of Breach<br>CV1042 Breach of Warranty. Definition of "goods"<br>CV1043 Breach of Warranty. Definition of "sale" (Contract)<br>CV1044 Breach of Warranty. Definition of "sample" or "model" (Contract) |
| Vermont | K-301 | § 6.11. Notes about Product Liability Cases Based on Negligence and Allegations of Breach of Warranty |
| Virginia | K-303 | Instruction No. 34.000 Definition of Warranty<br>Instruction No. 34.010 Notice of Breach<br>Instruction No. 34.020 Express Warranty<br>Instruction No. 34.030 Express Warranty: Creation by Advertisement, Sample or Description<br>Instruction No. 34.100 Misuse or Unintended Use<br>Instruction No. 34.140 Manufacturer's Duty: Design and Construction<br>Instruction No. 34.190 Unsafe Use of Product |
| Washington | K-311 | WPI 110.01.01 Manufacturer's Duty--Express Warranties<br>WPI 110.04 Seller--Manufacturer--Defined<br>WPI 110.07 Seller Other than a Manufacturer<br>WPI 110.10 Assumption of Risk--Contributory Negligence<br>WPI 110.20.01 Burden of Proof—Warranties—No Affirmative Defense<br>WPI 110.22.01 Burden of Proof—Warranties—Assumption of Risk or Contributory Negligence |
| West Virginia | K-316 | § 401. Product Liability—Plaintiff's Causes of Action<br>§ 408. Product Liability—Strict Liability<br>§ 429. Product Liability—Warranties<br>§ 431. Product Liability—Warranties<br>§ 432. Product Liability—Warranties<br>§ 433. Product Liability—Warranties |

| Wisconsin | K-323 | JI-3220 Express Warranty: General<br>JI-3222 Express Warranty: No Duty of Inspection<br>JI-3225 Express Warranty:  Statement of Opinion<br>JI-3230 Express Warranty: Express Warranty Under the Uniform Commercial Code |
|-----------|-------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| Wyoming | K-328 | 10.01. Comparative Fault<br>13.01. Express Warranties Involving Transactions in Goods Covered by the UCC<br>13.04. Exclusion or Modification of Express Warranty Under UCC<br>13.05. Exclusion of Implied Warranty Through Disclaimer or Examination Under UCC<br>13.06. Notice of Breach of Warranty Under UCC<br>13.07. Third Party Beneficiaries of Warranties Under UCC<br>13.08. Damages Recoverable for Breach of Warranty Under UCC<br>13.09. Express Warranties in Non-UCC Transactions—General Statement |

# ALABAMA

1 Ala. Pattern Jury Instr. Civ. 32.00, 32.18, 32.19 (3d ed.)

APJI 32.00. Introduction—Multiple Counts

APJI 32.18. Breach of Warranty—Express Warranty—Elements

APJI 32.19. Breach of Warranty—Express Warranty—Definition

**2 Ala. Pattern Jury Instr. Civ. 32.00 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 32. Products Liability—AEMLD [PL]**

# APJI 32.00 Introduction—Multiple Counts [PL]

Plaintiff (name of plaintiff) says that a (name the product) which was (made/designed/sold/distributed/supplied/marketed) by the Defendant (name of defendant) caused (him/her/name of deceased) (harm/death) on (insert date of event). (Name of plaintiff) makes several different claims in this case:

1. (Name of plaintiff) says that the (name the product) was (made/designed/sold/distributed/supplied/marketed) in a defective condition and caused the (harm/death). This claim is made under the Alabama Extended Manufacturers' Liability Doctrine.

2. (Name of plaintiff) says that (name of defendant) negligently (made/designed/sold/distributed/supplied/marketed) the (name the product), and caused the (harm/death). This claim is known as a negligence claim.

3. (Name of plaintiff) says that (name of defendant) wantonly (made/designed/sold/distributed/supplied/marketed) the (name the product), and caused the (harm/death). This claim is known as a wantonness claim.

4. (Name of plaintiff) says that (name of defendant) gave a promise, known in the law as "a warranty," to (him/her/name of deceased) about the (use/features/suitability) of the (name the product), and that the promise or warranty was broken, resulting in (harm/death). This claim is known as a breach of warranty claim.

(Name of defendant) denies that these claims are true.

I will now explain each of (name of plaintiff)'s claims and the defenses raised by (name of defendant). You must decide each claim separately.

**2 Ala. Pattern Jury Instr. Civ. 32.18 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 32. Products Liability—AEMLD [PL]**

# APJI 32.18 Breach of Warranty—Express Warranty—Elements [PL]

Plaintiff (name of plaintiff) says that (name the product) did not conform to the express warranty given by defendant (name of defendant), and that as a result (name of plaintiff) was harmed. To recover damages for breach of the express warranty, (name of plaintiff) must prove to your reasonable satisfaction the following:

1. (Name of defendant) sold the (name the product) and made an express warranty about the (name the product);

2. The (name the product) did not conform to the express warranty; and

3. (Name of plaintiff) was harmed as a result of the (name the product)'s failure to conform to the express warranty.

WESTLAW   © 2022 Thomson Reuters. No claim to original U.S. Government Works.

**2 Ala. Pattern Jury Instr. Civ. 32.19 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 32. Products Liability—AEMLD [PL]**

# APJI 32.19 Breach of Warranty—Express Warranty—Definition [PL]

An express warranty is:

1. A statement of fact or a promise about the product made by the seller that is part of the sale; or

2. Any description of the (name the product), including any sample or model, that is part of the sale.

It is not necessary that the words "warrant" or "guarantee" be used, or that (name of defendant) have a specific intention to make a warranty. However, a statement of value or opinion by (name of defendant) about the (name the product) does not create an express warranty.

# ALASKA

Alaska Civil Pattern Jury Instructions § 07.01

§ 07.01. Products Liability—Plaintiff's Claims

*Alaska Civil Pattern Jury Instructions 07.01*

*Alaska Civil Pattern Jury Instructions  >  Article 7 Products Liability*

## § 07.01 Products Liability - Plaintiff's Claims (Rev. 1995)

In this case, the plaintiff claims that a product (manufactured) (sold) (rented to (insert lessee)) by the defendant (injured) (damaged) the plaintiff.

[The plaintiff's claim is based upon (insert number of legal theories) separate theories. These theories are:

(1) defect in a product;

(2) negligence of the defendant; and

(3) the defendant's breach of warranty.

I will instruct you separately on each of these theories and you must decide each theory separately.] In order to recover, the plaintiff must establish [the elements of this claim] [the elements of at least one of these theories] by a preponderance of the evidence. I will now explain preponderance of the evidence to you.

# ARIZONA

RAJI (CIVIL) 7th Contract 22

RAJI (CIVIL) 7th Contract 22, Measure of Damages (Breach of Warranty)

*Alaska Civil Pattern Jury Instructions 07.01*

*Alaska Civil Pattern Jury Instructions  >  Article 7 Products Liability*

## § 07.01 Products Liability - Plaintiff's Claims (Rev. 1995)

In this case, the plaintiff claims that a product (manufactured) (sold) (rented to (insert lessee)) by the defendant (injured) (damaged) the plaintiff.

[The plaintiff's claim is based upon (insert number of legal theories) separate theories. These theories are:

(1) defect in a product;

(2) negligence of the defendant; and

(3) the defendant's breach of warranty.

I will instruct you separately on each of these theories and you must decide each theory separately.] In order to recover, the plaintiff must establish [the elements of this claim] [the elements of at least one of these theories] by a preponderance of the evidence. I will now explain preponderance of the evidence to you.

# ARKANSAS

Arkansas Model Jury Instructions - Civil (AMI) 301, 1012-13, 2501, 2507-08, 2517, 2520, 2529

AMI 301 Negligence, Fault, and Ordinary Care—Fault—Definition

AMI 1012 Products Liability—Issues—Breach of Express Warranty

AMI 1013 Products Liability—Issues—Claims involving Two or More Theories of Liability

AMI 2507 Issues—Breach of UCC Warranty

AMI 2508 Express Warranties

AMI 2517 Acceptance of Goods

AMI 2520 Buyer's Damages for Accepted Goods—Breach of Warranty

AMI 2529 Limitation or Modification of Remedies for Breach of Warranty

*Arkansas Model Jury Instructions - Civil (AMI) 301*

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 3 NEGLIGENCE, FAULT, AND ORDINARY CARE*

# AMI 301 FAULT--DEFINITION

When I use the word "fault" in these instructions, I mean  *[negligence] [and] [assumption of risk] [and] [breach of warranty] [and] [willful misconduct] [and] [supplying a product in a defective condition]*.

*Arkansas Model Jury Instructions - Civil (AMI) 1012*

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 10 PRODUCTS LIABILITY*

# AMI 1012 PRODUCTS LIABILITY--ISSUES--BREACH OF EXPRESS WARRANTY

(Plaintiff)    *[also]* claims damages from on the (defendant) ground that (defendant) made and breached certain express warranties concerning the (product).

[Any affirmation of fact or promise made by the (defendant) to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.]

[Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.]

[Any sample or model which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the sample or model.]

[It is not necessary to the creation of an express warranty (that (defendant) use formal words such as "warrant" or "guarantee")    *(or) (that [he][she] have a specific intention to make a warranty.)* (On the other hand, an affirmation merely of the value of the goods or a statement purporting to be merely defendant's opinion or commendation of the goods does not create a warranty.)]

In order to recover for breach of an express warranty, (plaintiff)    has the burden of proving each of six essential propositions:

First, that   *[he][she]* has sustained damages.

Second, that an express warranty was created by [one of] the means I have just mentioned.

Third, that the (product) did not conform to the express warranty created.

Fourth, that failure of the (product) to conform to the express warranty was the proximate cause of (plaintiff)'s damages;

Fifth, (plaintiff)that was a person whom (defendant) might reasonably expect to    *[use] [consume] [or] [be affected by]* the (goods or product); and

Arkansas Model Jury Instructions - Civil (AMI) 1012

[Sixth, that (plaintiff) notified (defendant) of the breach within a reasonable time after *[he][she]* discovered or should have discovered it.]

[If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for (plaintiff) (against the party or parties which made and breached the express warranty); but if, on the other hand, you find from the evidence that any of the propositions has not been proved, then your verdict should be for (defendant(s))].

*Arkansas Model Jury Instructions - Civil (AMI) 1013*

*Arkansas Model Jury Instructions - Civil >  CHAPTER 10 PRODUCTS LIABILITY*

# AMI 1013 PRODUCTS LIABILITY--ISSUES--CLAIMS INVOLVING TWO OR MORE THEORIES OF LIABILITY

Plaintiff) asserts (number) separate grounds for the recovery of damages: First, that [a defective (product) was *(manufactured) (or) (assembled) (or) (sold) (or)  (leased) (or) ((otherwise distributed)) (by (defendant))] [and] [the other] [second]* that [there was negligence on the part of ((defendant))]  *[and] [third]* [that (defendant(s)) breached an implied warranty that (defendant's (s'1) (product) was not fit at the time (defendant) sold it for the ordinary purposes for which such goods are used  *[and was not adequately contained, packaged, and labeled] [and did not conform to any promises or affirmations of fact made on the container or label] [and] [fourth]* [that an implied warranty of fitness for a particular purpose was breached (by  *(defendant))] [and] [fifth]* [that an

express warranty was breached (by (defendant))].

[With respect to the  *(manufacture) (or) (assembly) (or) (sale) (or) (lease) (or) ((other distribution))* of a defective product, (plaintiff) (claims damages from (defendant) and) has the burden of proving each of four essential propositions:

First: That  *[he][she]* has sustained damages;

Second: That (defendant)  *(was) (were)* engaged in the business of  *(manufacturing) (or) (assembling) (or) (selling) (or) (leasing) (or) ((otherwise distributing))* (product),

Third: That the (product) was supplied by (defendant) in a defective condition, which rendered it unreasonably dangerous; and

Fourth: That the defective condition was a proximate cause of (plaintiff)'s damages.]

[With respect to proof of a defective condition, if you find that in the normal course of events no  *(injury) (death) (or) (property damage)* would have occurred in the absence of some defect, then you are permitted, but not required, to infer that a defect existed.]

[With respect to the claim of negligence, (plaintiff) has the burden of proving each of three essential propositions:

First: That  *[he][she]* has sustained damages;

Second: That (defendant) was negligent; and

Arkansas Model Jury Instructions - Civil (AMI) 1013

Third: That such negligence was a proximate cause of (plaintiff)'s damages.]

[In order to recover for breach of an implied warranty that (defendant's) (product) was not fit at the time (defendant) sold it for the ordinary purposes for which such goods are used *[and was not adequately contained, packaged, and labeled]* [and did not conform to any promises or affirmations of fact made on the container or label, (plaintiff) has the burden of proving each of five essential propositions:

First: That  *[he][she]* has sustained damages;

Second: That (defendant) sold a (product) which was not fit at the time (defendant) sold it for the ordinary purposes for which such goods are used  *[and was not adequately contained, packaged, and labeled]* [and did not conform to any promises or affirmations of fact made on the container or label];

Third: That this condition was a proximate cause of (plaintiff)'s damages;

Fourth: That plaintiff was a person whom (defendant) might reasonably expect to  *(use) (consume) (or) (be affected by)* the product; and

[Fifth, that (plaintiff) notified (defendant) of the breach of this implied warranty within a reasonable time after *[he][she]* discovered or should have discovered it.].]

[With respect to the asserted breach of a warranty of fitness for a particular purpose, has (plaintiff) the burden of proving seven essential propositions:

First: That  *[he][she]* has sustained damages;

Second: That at the time of contracting (defendant) had reason to know the particular purpose for which the (product)  *(was) (were)* required;

Third: That (defendant) knew that the buyer was relying on (defendant)'s skill or judgment to select or furnish  *a* suitable (product);

Fourth: That the (product)  *(was) (were)* not fit for the particular purpose for which  *(it was) (they were)* required;

Fifth: That this unfitness of the (product) was a proximate cause of (plaintiff)'s damages;

Sixth: That (plaintiff) was a person whom  *(defendant)* would reasonably have expected to  *(use) (consume)  (or) (be affected by)* the (product); and

[Seventh, that (plaintiff) notified (defendant) within a reasonable time after  *[heJfshe]* discovered or should have discovered that the (product)  *[was][were]* not fit for the particular purpose for which  *[it][they] [was]fwere]* required.].]

[With respect to the asserted breach of an express warranty:

K-14

Arkansas Model Jury Instructions - Civil (AMI) 1013

(Any affirmation of fact or promise made by (defendant) to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.)

(Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to that description.)

(Any sample or model which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the sample or model.)

(It is not necessary to the creation of an express warranty [that (defendant) use formal words such as "warrant" or "guarantee"] *[or]* [that (defendant) have a specific intention to make a warranty.]) (On the other hand, an affirmation merely of the value of the goods or a statement purporting to be merely (defendant's) opinion or commendation of the goods does not create a warranty.)

In order to recover for breach of an express warranty, (plaintiff) has the burden of proving each of six essential propositions:

First: That *[he][she]* has sustained damages;

Second: That an express warranty was created by (one of) the means I have just mentioned;

Third: That the (product) did not conform to the express warranty created;

Fourth: That failure of the (product) to conform to the express warranty was a proximate cause of (plaintiff)'s damages; and

Fifth: That (plaintiff) was a person whom (defendant) might reasonably expect to *(use) (consume) (or) (be affected by)* the (product); and

[Sixth, that (plaintiff) notified (defendant) of the breach within a reasonable time after *[he][she]* discovered or should have discovered it.].]

[It will be necessary for you to consider separately each asserted ground for recovery. If you find from the evidence that every essential proposition with respect to any one ground for recovery has been proved, then your verdict should be for (plaintiff) (and against the party or parties against whom that ground for recovery is asserted); but if you find from the evidence that any essential proposition with respect to any one ground for recovery has not been proved, then your verdict with respect to that ground for recovery should be for ((defendant)) (the party or parties against whom that ground for recovery is asserted).]

*Arkansas Model Jury Instructions - Civil (AMI) 2507*

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 25 UCC SALES CONTRACTS*

# AMI 2507 ISSUES--BREACH OF UCC WARRANTY

(Plaintiff)    claims damages from (defendant)    for breach of warranty and has the burden of proving each of (number)   essential propositions:

First, that [he][she][it] sustained damages;

[(Second), that (plaintiff)   and (defendant)    entered into a contract for the sale of goods;]

*[Second] [Third], that there [was] [were] [an] [express] [and] [or] [implied] warranty[ies] from*   (defendant)   to (plaintiff);

[  *(Third) (Fourth)*, that (plaintiff)    did what the parties' contract required of [him][her][it] to claim the warranty(ies)];

*[Fourth] [Fifth]*, that the goods failed to conform to the warranty(ies);   *[and]*

[  *(Fifth) (Sixth)*, that the failure to conform proximately caused [plaintiff)' s damages;]   *[and]*

[  *(Sixth) (Seventh)*, that (plaintiff)    gave notice of the failure of the goods to conform to the warranty to (defendant)   within a reasonable time;]   *[and]*

[  *(Seventh) (Eighth)*, that (plaintiff) was a person whom (defendant)    might reasonably expect to   *(use) (consume) (or) (be affected by)* the product.]

[If you find that (plaintiff)   has proved each of these propositions, then your verdict should be for (plaintiff).   If, however, (plaintiff)    has failed to prove any one or more of these propositions, then your verdict should be for (defendant).]

## *Arkansas Model Jury Instructions - Civil (AMI) 2508*

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 25 UCC SALES CONTRACTS*

# AMI 2508 EXPRESS WARRANTIES

Express warranties are created by a seller as follows:

[Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.]

[Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.]

[Any sample or model which is made part of the basis of the bargain creates an express warranty that the *(whole of the)* goods shall conform to the sample or model.]

[It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that [he][she] have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.]

[When the buyer is not influenced by a  *(statement) (description) (sample) (model)* in making the purchase, the *(statement) (description) (sample) (model)* is not a basis of the bargain.]

*Arkansas Model Jury Instructions - Civil (AMI) 2517*

*Arkansas Model Jury Instructions - Civil > CHAPTER 25 UCC SALES CONTRACTS*

# AMI 2517 ACCEPTANCE OF GOODS

A buyer accepts goods when:

*[after having had a reasonable opportunity to inspect the goods, the buyer signifies to a seller that the goods are conforming or that (he) (she) will take them in spite of their not conforming] [or]*

*[after having had a reasonable opportunity to inspect the goods, the buyer fails to make an effective rejection of the goods] [or]*

*[a buyer does any act that is inconsistent with the seller's ownership] [, such act is wrongful as against the seller and the seller ratifies such act]* .

## *Arkansas Model Jury Instructions - Civil (AMI) 2520*

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 25 UCC SALES CONTRACTS*

# AMI 2520 BUYER'S DAMAGES FOR ACCEPTED GOODS—BREACH OF WARRANTY

[If you decide for ___ (buyer) on the question of _____ (insert particular issue involved)] [If an interrogatory requires you to assess the damages of _____ (buyer)], you must then fix the amount of money that will reasonably and fairly compensate [him][her][it] for [any of] the following _____ (number) element *(s)* of damage:

[(First:) [The difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted (unless special circumstances show proximately caused damages in a different amount)] [The loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable] [and]

[(Second:) Any *(incidental) (or) (consequential)* damages as explained in these instructions.]

Whether *[this] [(either) (any) of these]* element *(s)* of damage has been proved by the evidence is for you to determine.

[Any damages recoverable by _____ (buyer) are to be reduced by any expenses saved in consequence of the breach by _____ (seller).]

*Arkansas Model Jury Instructions - Civil (AMI) 2529*

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 25 UCC SALES CONTRACTS*

# AMI 2529 LIMITATION OR MODIFICATION OF REMEDIES FOR BREACH OF WARRANTY

____ (Seller)   has raised the defense that the parties' contract provided an exclusive limited remedy for breach of warranty.

_____ (Buyer)   contends that the limited remedy provided by ____ (seller) failed of its essential purpose and has the burden of proving [any one of] the following essential proposition  *[s]*:

[That the _____ (specify the goods in question) cannot be repaired or its part  *(s)* replaced so that it is made free or defects;]  *[or]*

[That the limitation of remedy available to _____ (buyer) deprived [him][her][it] of the substantial value of [his][her][its] bargain;]  *[or]*

[That _____ (seller), when given the opportunity to do so, failed to correct the defect within a reasonable time.]

[If you so find, then the limited remedy is not enforceable by ____ (seller) in this case and you may award such damages as you find from the evidence under the instructions given to you.

If you find that the limited remedy did not fail of its essential purpose, then  *(your verdict should be for _____) (you should award only those damages provided for by the limited remedy).]*

# CALIFORNIA

1 CACI 1230, 1240-41, 1243 (2022)

2 California Forms of Jury Instruction MB300H.140, MB300H.145-48, 300H.148, MB300H.155, MB300H.157, MB300H.255, MB300H.258 (2022)

CACI 1230 Express Warranty—Essential Factual Elements

CACI 1240 Affirmative Defense to Express Warranty—Not "Basis of Bargain"

CACI 1241 Affirmative Defense—Exclusion or Modification of Express Warranty

CACI 1243 Notification/Reasonable Time

MB300H.140 Warranties in General

MB300H.145 Express Warranties Defined

MB300H.146 Statement of Fact Distinguished From Expression of Opinion

MB300H.147 Express Warranties Arising From a Course of Dealing or Usage of Trade

MB300H.148 Breach of Express Warranty—Burden of Proof

MB300H.155 Notice of Breach of Warranty

MB300H.157 Disclaimer of Express Warranties

MB300H.255 Buyer's Consequential Damages

MB300H.258 Buyer's Damages for Accepted Goods and for Breach of Warranty

## *2 California Forms of Jury Instruction 1230*

*California Forms of Jury Instruction  >  CHAPTER 12 California Judicial Council Products Liability Instructions*

# 1230 Express Warranty—Essential Factual Elements

[*Name of plaintiff*] claims that [he/she/*nonbinary pronoun*/it] was harmed by the [*product*] because [*name of defendant*] represented, either by words or actions, that the [*product*] [*insert description of alleged express warranty, e.g., "was safe"*], but the [*product*] was not as represented. To establish this claim, [*name of plaintiff*] must prove all of the following:

    1. That [*name of defendant*] [*insert one or more of the following:*]

        [gave [*name of plaintiff*] a written warranty that the [*product*] [*insert description of written warranty*];] [or]

        [made a [statement of fact/promise] [to/received by] [*name of plaintiff*] that the [*product*] [*insert description of alleged express warranty*];] [or]

        [gave [*name of plaintiff*] a description of the [*product*];] [or]

        [gave [*name of plaintiff*] a sample or model of the [*product*];]

    2. That the [*product*] [*insert one or more of the following:*]

        [did not perform as [stated/promised];] [or]

        [did not meet the quality of the [description/sample/model];]

    [3. That [*name of plaintiff*] took reasonable steps to notify [*name of defendant*] within a reasonable time that the [*product*] was not as represented, whether or not [*name of defendant*] received such notice;]

    4. That [*name of defendant*] failed to [repair/*specify other remedy provided by warranty*] the [*product*] as required by the warranty;

    5. That [*name of plaintiff*] was harmed; and

    6. That the failure of the [*product*] to be as represented was a substantial factor in causing [*name of plaintiff*]'s harm.

[Formal words such as "warranty" or "guarantee" are not required to create a warranty. It is also not necessary for [*name of defendant*] to have specifically intended to create a warranty. But a warranty is not created if [*name of defendant*] simply stated the value of the goods or only gave [his/her/*nonbinary pronoun*] opinion or recommendation regarding the goods.]

*2 California Forms of Jury Instruction 1240*

*California Forms of Jury Instruction > CHAPTER 12 California Judicial Council Products Liability Instructions*

## 1240 Affirmative Defense to Express Warranty—Not "Basis of Bargain"

[*Name of defendant*] is not responsible for any harm to [*name of plaintiff*] if [*name of defendant*] proves that [his/her/*nonbinary pronoun*/its] [statement/description/sample/model/*other*] was not a basis of the parties' bargain.

The [statement/description/sample/model/*other*] is presumed to be a basis of the bargain. To overcome this presumption, [*name of defendant*] must prove that the resulting bargain was not based in any way on the [statement/description/sample/model/*other*].

If [*name of defendant*] proves that [*name of plaintiff*] had actual knowledge of the true condition of the [*product*] before agreeing to buy, the resulting bargain was not based in any way on the [statement/description/sample/model/*other*].

*2 California Forms of Jury Instruction 1241*

*California Forms of Jury Instruction  >  CHAPTER 12 California Judicial Council Products Liability Instructions*

## 1241 Affirmative Defense—Exclusion or Modification of Express Warranty

[*Name of defendant*] claims that [he/she/*nonbinary pronoun*/it] is not responsible for any harm to [*name of plaintiff*] because [*name of defendant*], by words or conduct, limited [his/her/*nonbinary pronoun*/its] representations regarding the [*product*]. To succeed, [*name of defendant*] must prove that [he/she/*nonbinary pronoun*/it] clearly limited the representations regarding [*insert alleged warranty, e.g., "seaworthiness"*].

## *1 CACI 1243*

*Judicial Council of California Civil Jury Instructions (CACI) > Series 1200 PRODUCTS LIABILITY*

## 1243 Notification/Reasonable Time

If a buyer is required to notify the seller that a product [is not as represented] [does not have the expected quality] [is not suitable] [is in a harmful condition], [he/she/*nonbinary pronoun*/it] must do so within a reasonable time after [he/she/*nonbinary pronoun*/it] discovers or should have discovered this. A reasonable time depends on the circumstances of the case. In determining whether notice was given within a reasonable time, you must apply a more relaxed standard to a retail consumer than you would to a merchant buyer. A buyer notifies a seller by taking such steps as may be reasonably required to inform the seller [regardless of whether the seller actually receives the notice].

*1 California Forms of Jury Instruction MB300C.58*

*California Forms of Jury Instruction > CHAPTER 3C Matthew Bender Contract Party Instructions > PART C. PRINCIPAL AND AGENT*

## MB300C.58 Liability of Agent for Breach of Warranty of Authority

[1] Instruction

Liability of Agent for Breach of Warranty of Authority

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

Plaintiff has [also] sued _____ [*agent*] for breach of warranty of [his/her/its] authority to act as _____ [*principal*]'s agent.

Normally an agent is not responsible for the breach of a contract made on behalf of the agent's principal. Therefore, if _____ [*agent*] acted within [his/her/its] authority, [he/she/it] will not be responsible to Plaintiff, even if you find that the contract was breached. In such a situation, only _____ [*principal*] will be responsible.

If, on the other hand, you find that _____ [*agent*] _____ [acted without authority *or* exceeded (his/her/its) authority], then _____ [*agent*] will be obligated to Plaintiff for whatever damages Plaintiff sustained because of [his/her/its] lack of authority.

_____ _____ _____

*2 California Forms of Jury Instruction MB300H.140*

*California Forms of Jury Instruction  >  CHAPTER 3H Matthew Bender Commercial Code Sales Contracts Instructions  >  PART G. GENERAL OBLIGATIONS  >  3. Warranties*

# MB300H.140Warranties in General·

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

Contracts for the sale of goods may contain warranties regarding the character or fitness of the goods sold. A warranty is a promise by the seller that the goods will conform to the description or standard contained in the warranty.

An express warranty is a statement or affirmation of fact about the goods made by the seller to the buyer. An implied warranty is one that arises from the circumstances of the sale and does not require a statement or affirmation by the seller.

In this case, Plaintiff contends that the following warranties apply to the parties' transaction: _____ [*list express and/or implied warranties claimed*]. Plaintiff claims that Defendant has breached these warranties.

## *2 California Forms of Jury Instruction MB300H.145*

*California Forms of Jury Instruction  >  CHAPTER 3H Matthew Bender Commercial Code Sales Contracts Instructions  >  PART G. GENERAL OBLIGATIONS  >  3. Warranties*

# MB300H.145Express Warranties Defined·

[1] Instruction

#### [*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

It is not necessary for the seller to use formal words such as "warranty" or "guarantee" to create an express warranty, nor is it necessary for the seller to specifically intend to make a warranty. An express warranty may be found in the written or oral statements of the seller or in the conduct of the parties, including their course of dealing. Whether the seller gave an express warranty is for you to decide considering the facts of this case in light of the following instructions.

#### [*CHOOSE ONE OR BOTH (See Use of Instruction)*]

A [description *or* sample *or* model] of the goods that is made a part of the basis of the bargain creates an express warranty.

#### [*OR*]

A seller's statement of fact or promise to the buyer that relates to the goods and becomes part of the basis of the parties' bargain creates an express warranty that the goods will conform to the seller's statement or promise.

## *2 California Forms of Jury Instruction MB300H.146*

*California Forms of Jury Instruction > CHAPTER 3H Matthew Bender Commercial Code Sales*
*Contracts Instructions > PART G. GENERAL OBLIGATIONS > 3. Warranties*

## MB300H.146Statement of Fact Distinguished From Expression of Opinion·

[1] Instruction

### [*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

As I have explained, a statement of fact relating to the goods sold may create an express warranty. However, a statement that merely expresses the seller's opinion about the goods is not considered in law to be a statement of fact and cannot create an express warranty. One of the things you must decide in this case is whether Defendant's statement that _____ [*quote, paraphrase, or describe statement*] was a statement of fact or a statement of Defendant's opinion.

The term "statement of fact," as used in these instructions, refers to any positive statement of fact made by the seller concerning the goods sold. A statement that a seller makes about the goods sold must be considered to be a statement of fact unless it is shown that the buyer could only have reasonably understood the statement as a statement of the seller's opinion.

The term "statement of opinion," as used in these instructions, refers to a statement that is merely an expression of the seller's subjective impression, belief, conclusion, or judgment and that does not claim to be based on any special knowledge. In determining whether a particular statement was a statement of fact or merely the expression of opinion, you may consider the circumstances under which it was made, the manner in which it was made, and the ordinary meaning of the words used. You may also consider the relationship of the parties and the subject matter of the statement.

*2 California Forms of Jury Instruction MB300H.147*

*California Forms of Jury Instruction  >  CHAPTER 3H Matthew Bender Commercial Code Sales Contracts Instructions  >  PART G. GENERAL OBLIGATIONS  >  3. Warranties*

## MB300H.147 Express Warranties Arising From a Course of Dealing or Usage of Trade·

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

An express warranty that the goods conform to a particular standard or quality arises when:

[*CHOOSE FROM THE FOLLOWING (See Use of Instruction)*]

A course of dealing between the buyer and seller can be fairly regarded as establishing a common basis of understanding that the goods will conform to that standard or quality.

[*OR*]

A usage of trade, practice, or method of dealing is so regularly observed in a place, business, or trade that it is reasonable to expect that the goods will conform to that usual standard or quality.

[*OR*]

A course of performance between the buyer and seller fairly indicates that the parties have modified their agreement to include an understanding that the goods will conform to that standard or quality.

_____                    _____

*2 California Forms of Jury Instruction MB300H.148*

*California Forms of Jury Instruction > CHAPTER 3H Matthew Bender Commercial Code Sales*
*Contracts Instructions > PART G. GENERAL OBLIGATIONS > 3. Warranties*

## MB300H.148 Breach of Express Warranty—Burden of Proof

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

For Plaintiff to recover from Defendant on Plaintiff's claim of breach of an express warranty, Plaintiff must prove all of the following:

1. Defendant sold the _____ [*description of goods in issue*];

[*EITHER (See Use of Instruction)*]

2. Defendant made an affirmation of fact or promise to the buyer relating to the goods that became a part of the basis of the parties' bargain;

[*OR*]

2. Defendant's description of the goods was a part of the basis of the parties' bargain;

[*OR*]

2. Defendant's sample or model was a part of the basis of the parties' bargain;

[*CONTINUE INSTRUCTION*]

3. The _____ [*description of goods in issue*] did not conform to _____ [Defendant's affirmation of fact or promise *or* Defendant's description *or* the sample or model];

4. Plaintiff notified Defendant of the breach within a reasonable time; and

5. Plaintiff's damage was caused by the breach.

*2 California Forms of Jury Instruction MB300H.155*

*California Forms of Jury Instruction > CHAPTER 3H Matthew Bender Commercial Code Sales*
*Contracts Instructions > PART G. GENERAL OBLIGATIONS > 3. Warranties*

# MB300H.155Notice of Breach of Warranty˙

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

A buyer must notify the seller of a breach of warranty within a reasonable time after the buyer discovers, or should have discovered, a breach of warranty. The notice need not be specific as to the nature of the breach or type of damage. However, the notice must be adequate to warn the seller that there is a problem with the goods. The notice may be in writing or oral; no particular form of notice is required.

Whether the notice is within a reasonable time depends on the circumstances of the transaction, the type of goods, and the nature of the buyer. Whether the buyer's notice was adequate and within a reasonable time is for you to decide based on the evidence in this case.

*2 California Forms of Jury Instruction MB300H.157*

*California Forms of Jury Instruction > CHAPTER 3H Matthew Bender Commercial Code Sales*
*Contracts Instructions > PART G. GENERAL OBLIGATIONS > 3. Warranties*

## MB300H.157 Disclaimer of Express Warranties·

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

In determining the effect of words or conduct by the parties that would limit or negate express warranties, the following rules apply:

1. Wherever it is reasonable to do so, words or conduct that create express warranties must be understood to be consistent with words or conduct that limit or negate warranties; but

2. If the words or conduct are not reasonably consistent, the limitations or negation of the express warranties are of no effect and the express warranties are a part of the contract.

## *2 California Forms of Jury Instruction MB300H.255*

*California Forms of Jury Instruction > CHAPTER 3H Matthew Bender Commercial Code Sales Contracts Instructions > PART L. DAMAGES AND OTHER REMEDIES*

## MB300H.255Buyer's Consequential Damages·

[1] Instruction

### [*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

If you find for Plaintiff, you must also award Plaintiff, as additional damages, the amount necessary to compensate [him/her/it] for any loss that Plaintiff has proven

### [*EITHER*]

resulted from Defendant's failure to fulfill general or specific requirements and needs of Plaintiff that Defendant had reason to know about at the time of contracting [*optional (see Use of Instruction):* minus the amount of any (loss/losses) that Defendant has proven could reasonably have been prevented by cover or otherwise].

### [*OR*]

resulted from an injury to person or property that was caused by Defendant's breach of warranty. Under the law, Defendant's breach of warranty caused Plaintiff's loss if that breach was a substantial factor in bringing about the loss. Therefore, in instructing you that Plaintiff must have proven that Defendant's breach caused the loss, I mean that Plaintiff must have proven that the breach was a substantial factor in bringing about the loss.

### [*CONTINUE INSTRUCTION*]

These additional damages are called consequential damages.

*2 California Forms of Jury Instruction MB300H.258*

*California Forms of Jury Instruction  >  CHAPTER 3H Matthew Bender Commercial Code Sales Contracts Instructions  >  PART L. DAMAGES AND OTHER REMEDIES*

## MB300H.258 Buyer's Damages for Accepted Goods and for Breach of Warranty˙

[1] Instruction

### [*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

If you find in favor of Plaintiff on [his/her/its] claim for damages on account of Defendant's breach and you find further that Plaintiff gave adequate notice to Defendant of a claim of breach regarding the goods, then you should award to Plaintiff:

### [*EITHER (See Use of Instruction)*]

Damages for the loss to Plaintiff that resulted, in the ordinary course of events, from Defendant's breach, including incidental [and consequential] damages.

### [*OR*]

Damages calculated as follows at the time and place of acceptance:

1. The difference between the value the accepted goods would have had if they had been as warranted and minus the value of the goods accepted;

2. Plus incidental damages;

### [*OPTIONAL (See Use of Instruction)*]

3. Plus consequential damages;

4. Minus any amount of the contract price that was withheld as a set-off against damages.

### [*OR*]

Damages that Plaintiff has proven were caused by a loss due to Defendant's breach of warranty.

Under the law, Defendant's breach of warranty caused Plaintiff's loss if that breach was a substantial factor in bringing about the loss. Therefore, in instructing you that Plaintiff must have proven that Defendant's breach

2 California Forms of Jury Instruction MB300H.258

caused the loss, I mean that Plaintiff must have proven that the breach was a substantial factor in bringing about the loss.

# COLORADO

CJI-Civ 46:14, 14:5, 14:5A, 14:8, 14:9, 14:15, 14:25, 14:28

6:14. Multiple Recovery Prohibited (When Plaintiff Suing on Alternative but Duplicative Claims for Relief)

14:5. Presumptions—Noncompliance with Governmental Standards

14:5A. Presumptions—Compliance with Governmental Standards

14:8. Breach of Express Warranty Under UCC—Elements of Liability

14:9. Express Warranty—Defined

14:15. Notice of Breach of Warranty—What Constitutes

14:25 Affirmative Defense—Unreasonable, Knowing Use of Defective Product or Product Not in Compliance with Warranty

14:28. Affirmative Defense—Comparative Fault Based on Unreasonable, Knowing Use of Product Involving Negligently Created Risk, Product Not in Compliance with Warranty, or Defective or Misrepresented Product

## *CJI-Civ 6:14*

*Colorado Jury Instructions for Civil Trials > CHAPTER 6. DAMAGES FOR INJURIES TO PERSONS OR PROPERTY > C. MULTIPLE RECOVERY*

# 6:14 MULTIPLE RECOVERY PROHIBITED (WHEN PLAINTIFF SUING ON ALTERNATIVE BUT DUPLICATIVE CLAIMS FOR RELIEF)

The plaintiff, *(name)*, has sued for the same (injuries) (damages) (losses) on *(number)* different claims for relief. The claims for relief on which the plaintiff has sued and on which you have been instructed are: *(insert appropriate description of each of the plaintiff's claims)*.

If you find for the plaintiff on more than one claim for relief, you may award (him) (her) damages only once for the same (injuries) (damages) (losses).

K-38

*CJI-Civ 14:5*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 14. PRODUCT LIABILITY  >  A. STRICT
PRODUCT LIABILITY*

# 14:5 PRESUMPTIONS -- NONCOMPLIANCE WITH GOVERNMENTAL STANDARDS

"Presumptions" are legal rules based on experience or public policy. They are established in the law to assist the jury in ascertaining the truth.

In this case, if you find that at the time   *(name of defendant if a "manufacturer") (name of "manufacturer" if other than defendant)*   sold   *(description of product),*   (1) the product did not comply with any applicable code, standard, or regulation of the United States or the State of Colorado or any of their agencies, and (2) that the lack of compliance was a cause of the plaintiff's claimed (injuries) (damages) (losses), then the law presumes that (the *[description of product]*   was defective) (the   *[name of defendant]*   was negligent) (the   *[description of product]* did not comply with any warranty of   *[insert description]*  ).

You must consider this presumption together with all the other evidence in the case in deciding whether (the *[description of product]*   was defective) (the [name of defendant] was negligent) (the   *[description of product]* complied with any warranty of   *[insert description]*  ).

*CJI-Civ 14:5A*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 14. PRODUCT LIABILITY  >  A. STRICT
PRODUCT LIABILITY*

# 14:5A PRESUMPTIONS -- COMPLIANCE WITH GOVERNMENTAL STANDARDS

"Presumptions" are legal rules based on experience or public policy. They are established in the law to assist the jury in determining the truth.

In this case, if you find that at the time  *(name of defendant if a "manufacturer") (name of "manufacturer" if other than defendant)*  sold  *(description of product),*  (1) the product complied with any applicable code(s), standard(s) or regulation(s) of the United States or the State of Colorado or any of their agencies, then the law presumes that (the  *[description of product]*  was not defective) (the  *[name of defendant]*  was not negligent) (the  *[description of product]*  did not fail to comply with any warranty of  *[insert description]*  ).

You must consider this presumption together with all the other evidence in the case in deciding whether (the *[description of product]*  was defective) (the  *[name of defendant]*  was negligent) (the  *[description of product]*  complied with any warranty of  *[insert description]*  ).

## *CJI-Civ 14:8*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 14. PRODUCT LIABILITY  >  B. PRODUCT
LIABILITY FOR BREACH OF WARRANTY*

# 14:8 BREACH OF EXPRESS WARRANTY UNDER U.C.C. -- ELEMENTS OF LIABILITY

For the plaintiff, *(name)*, to recover from the defendant, *(name)*, on (his) (her) (its) claim of breach of express warranty, you must find all of the following have been proved by a preponderance of the evidence:

1. The defendant sold the  *(insert description of article)*;

2. The defendant expressly warranted the  *(description of article)*  to  *(insert express warranty claimed by the plaintiff)*;

3. The plaintiff is a person who was reasonably expected to use, consume or be affected by the  *(description of article)*;

4. The  *(description of article)*  was not as warranted;

5. This breach of warranty caused the plaintiff (injuries) (damages) (losses); and

6. Within a reasonable time after the plaintiff discovered or should have discovered the alleged breach of warranty, the plaintiff notified the defendant of such breach.

If you find that any one or more of these  *(number)*  statements has not been proved, then your verdict (on this claim) must be for the defendant.

On the other hand, if you find that all of these  *(number)*  statements have been proved, (then your verdict must be for the plaintiff) (then you must consider the defendant's affirmative defense(s) of  *[insert any affirmative defense that would be a complete defense to plaintiffs claim]* ).

If you find that (this affirmative defense has) (any one or more of these affirmative defenses have) been proved by a preponderance of the evidence, then your verdict must be for the defendant.

However, if you find that (this affirmative defense has not) (none of these affirmative defenses have) been proved, then your verdict must be for the plaintiff.

## *CJI-Civ 14:9*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 14. PRODUCT LIABILITY  >  B. PRODUCT
LIABILITY FOR BREACH OF WARRANTY*

## 14:9 EXPRESS WARRANTY -- DEFINED

(1) Express warranties by a seller are created as follows:

(a) Any promise or statement of fact made by the seller to the buyer about the goods that becomes part of the basis of the sale, creates an express warranty that the goods shall conform to the promise or statement.

(b) Any description of the goods that is made part of the basis of the sale creates an express warranty that the goods shall conform to the description.

(c) Any sample or model that is made part of the basis of the sale creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) To create an express warranty, it is not necessary for the seller to use formal words such as "warrant" or "guarantee" or for the seller to have a specific intention to make a warranty. However, a statement that is only about the value of the goods or that is only the seller's opinion or endorsement of the goods does not create a warranty.

## *CJI-Civ 14:15*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 14. PRODUCT LIABILITY  >  B. PRODUCT LIABILITY FOR BREACH OF WARRANTY*

## 14:15 NOTICE OF BREACH OF WARRANTY -- WHAT CONSTITUTES

Plaintiff, *(name),* cannot recover for breach of warranty unless (he) (she) (it) notified the defendant, *(name),* of the breach within a reasonable time after the plaintiff discovered or should have discovered the breach. You must decide what is a reasonable time based upon the facts and circumstances.

Notice may be oral or written. No particular form of notice is required as long as it informs the defendant of the breach.

## CJI-Civ 14:25

*Colorado Jury Instructions for Civil Trials > CHAPTER 14. PRODUCT LIABILITY > E. AFFIRMATIVE DEFENSES AND DEFENSE CONSIDERATIONS*

## 14:25 AFFIRMATIVE DEFENSE -- UNREASONABLE, KNOWING USE OF DEFECTIVE PRODUCT OR PRODUCT NOT IN COMPLIANCE WITH WARRANTY

The voluntary and unreasonable use of a defective product with knowledge of the specific danger created by a defect is an affirmative defense.

The defendant, *(name)*, is not legally responsible to the plaintiff, *(name)*, on the plaintiff's claim of damages for (sale of a defective product) (breach of warranty) if this affirmative defense is proved. This affirmative defense is proved if you find all of the following:

1. At the time the plaintiff (was) (claims to have been) (injured) (damaged), (he) (she) (it) had actual knowledge of the specific danger created by the defect, and knew that this specific danger created a risk of (injury) (damage);

2. The plaintiff voluntarily and unreasonably exposed (himself) (herself) (itself) to the risk of (injury) (damage); and

3. The plaintiff's (use) (continued use) of the product was a cause of the plaintiff's claimed (injuries) (damages).

## CJI-Civ 14:28

*Colorado Jury Instructions for Civil Trials > CHAPTER 14. PRODUCT LIABILITY > E. AFFIRMATIVE DEFENSES AND DEFENSE CONSIDERATIONS*

## 14:28 AFFIRMATIVE DEFENSE -- COMPARATIVE FAULT BASED ON UNREASONABLE, KNOWING USE OF PRODUCT INVOLVING NEGLIGENTLY CREATED RISK, PRODUCT NOT IN COMPLIANCE WITH WARRANTY, OR DEFECTIVE OR MISREPRESENTED PRODUCT

A form of comparative fault is the voluntary and unreasonable use of a defective product with knowledge of the specific danger created by a defect. Such comparative fault is an affirmative defense that is proved if you find all of the following by a preponderance of the evidence:

1. At the time the plaintiff, *(name),* (was) (claims to have been) injured, (he) (she) had actual knowledge of the specific danger created by the defect, and knew that this specific danger created a risk of (injury) (damages);

2. The plaintiff voluntarily and unreasonably exposed (himself) (herself) to the risk of injury; and

3. The plaintiff's (use) (continued use) of the product after acquiring such knowledge was a cause of (his) (her) claimed injuries.

# DELAWARE

Del. P.J.I. Civ. §§ 9.11-0.15, 9.18, 9.19, 9.24

§ 9.11. Improper Use by Plaintiff

§ 9.12. Express Warranty—Generally

§ 9.13. Express Warranty—After Sale

§ 9.14. Statement of Opinion

§ 9.15. Revocation of Acceptance of Goods

§ 9.18. Scope of Warranty—Secondary Users of Product

§ 9.19. Exclusion of Warranties

§ 9.24. Notice of Breach

*Del. P.J.I. Civ. § 9.11*

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

## § 9.11 IMPROPER USE BY PLAINTIFF

**MISUSE OF PRODUCT**

[*Defendant's name*] claims that [*plaintiff's name*] misused [__describe product__]. If you find that [__describe alleged misuse of product__] was not a use reasonably foreseen by the manufacturer, and if you find that this misuse was an intervening or superseding cause of [*plaintiff's name*]'s injuries, you must find for [*defendant's name*].

*Del. P.J.I. Civ. § 9.12*

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

# § 9.12 EXPRESS WARRANTY - GENERALLY

**EXPRESS WARRANTY**

[*Plaintiff's name*] has alleged that [*defendant's name*] made an express warranty that [*his/her/its*] product was [__identify promise, description, etc.__]. An express warranty is created in one of three ways:

(1) if [*defendant's name*] made a promise or factual representation about the product to [*buyer's name*] and that promise or representation became a basis of the parties' bargain;

(2) if [*defendant's name*] described the product in a certain manner to [*buyer's name*], and that description became a basis of the parties' bargain; or

(3) if [*defendant's name*] offered a sample or model of the product to [*buyer's name*], and that sample or model became a basis of the parties' bargain.

No formal words are necessary to create a warranty. Nor does [*defendant's name*] have to intend to make a warranty.

If you find that any one of these three circumstances existed in this case, then you must find that [*defendant's name*] warranted that the product would conform to the promise, description, or model.

## *Del. P.J.I. Civ. § 9.13*

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

# § 9.13 EXPRESS WARRANTY - AFTER SALE

**CREATION OF AN EXPRESS WARRANTY - AFTER SALE**

An express warranty may be created after a sale if the warranty language used after the contract negotiation is a valid modification. This means that if a written agreement says that any modifications to it must also be in writing, then modifications are valid only if they're in writing. But if the original agreement was not in writing, or if the agreement did not require that modifications be in writing, then oral modifications may suffice. No additional consideration for a modification is necessary.

## *Del. P.J.I. Civ. § 9.14*

*Delaware Pattern Jury Instructions - Civil > CHAPTER 9 PRODUCTS LIABILITY*

# § 9.14 STATEMENT OF OPINION

**STATEMENT OF OPINION**

If you find that [**seller's name**] merely affirmed the value of the goods, or merely made a statement purporting to be [**his/her/its**] opinion or commendation of the product, then you should not find that a warranty was created.

*Del. P.J.I. Civ. § 9.15*

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

# § 9.15 REVOCATION OF ACCEPTANCE OF GOODS

**REVOCATION OF ACCEPTANCE OF GOODS**

One of the buyer's remedies for breach of express warranty is known as "revocation of acceptance." To effectively revoke [his/her/its] acceptance of the goods, [*buyer's name*] must establish all of the following elements:

(1) when the product was delivered, it had a [non-conformity / defect] that could not reasonably have been discovered by [*buyer's name*];

(2) the [non-conformity / defect] substantially impaired the value of the product to [*buyer's name*], in light of [his/her/its] needs and circumstances and considering whether a reasonable person would consider the value of the product to be impaired under these circumstances;

(3) [*Buyer's name*] notified either [*defendant's name*] or one of [his/her/its] agentss that [he/she/it] did not want to keep the product;

(4) the notification occurred within a reasonable time after [*buyer's name*] discovered or should have discovered the [non-conformity / defect]; and

(5) the revocation occurred before there was any substantial change in the product's condition that was not caused by the [non-conformity / defect]. In this regard, a buyer may work with a seller in attempting to have the [non-conformity / defect] repaired but may then timely revoke acceptance if the [non-conformity / defect] is not satisfactorily cured.

If you find that [*buyer's name*] has established all of the above elements by a preponderance of the evidence, then you must find that [*buyer's name*] effectively revoked [his/her/its] acceptance of the product.

*Del. P.J.I. Civ. § 9.18*

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

# § 9.18 SCOPE OF WARRANTY - SECONDARY USERS OF PRODUCT

**SCOPE OF WARRANTY - SECONDARY USERS**

A seller's warranty, whether express or implied, extends to any person who might reasonably be expected to use or be affected by the goods and who is injured by a breach of the warranty.

A secondary purchaser or user of a product is subject to the same warranties and the same disclaimers, modifications, or remedy-limitation clauses that were part of the underlying sales agreement between the original buyer and the seller.

If you find that [__describe the warranty, disclaimer, modification, or remedy limitation__] was a part of the original sale of the product, then you must apply the [__describe the warranty, disclaimer, modification, or remedy limitation__] to [*plaintiff's name*]'s claim under [__describe basis for claim__].

## *Del. P.J.I. Civ. § 9.19*

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

# § 9.19 EXCLUSION OF WARRANTIES

**EXCLUSION OR MODIFICATION OF EXPRESS WARRANTIES**

If you find that [***seller's name***] has used words or conduct tending to create an express warranty and has also used words or conduct tending to exclude or limit the warranty, you must try to interpret them as being consistent with each other. But if you find that they cannot reasonably be reconciled, you must disregard the words or conduct tending to exclude or limit the warranty.

*Del. P.J.I. Civ. § 9.24*

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

## § 9.24 NOTICE OF BREACH

**REQUIREMENT OF NOTIFICATION OF BREACH -- COMMERCIAL SALES**

To recover for a breach of warranty, [***buyer's name***] must notify [***seller's name***] of the breach within a reasonable time after [***he/she/it***] discovers or should have discovered the breach. A buyer notifies a seller by taking reasonable steps to inform the seller under ordinary circumstances, regardless of whether the seller actually comes to know of the alleged breach. No particular words or forms are required. Notice need not be written. Conversations, conferences, and correspondence that call [***seller's name***]'s attention to the defect in the product can constitute notice of [***seller's name***]'s breach.

# DISTRICT OF COLUMBIA

1 Civil Jury Instructions for DC §§ 23.05, 23.06; 23.10; 23.12 (2021)

§. 23.05. Failure to Warn

§. 23.06. Express Warranty

§. 23.10. Circumstantial Evidence of Product Defect in Breach of Warranty or Strict Liability

§. 23.12. Misuse

# *1 Civil Jury Instructions for DC § 23.05*

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 23 PRODUCTS LIABILITY*

# §23.05 FAILURE TO WARN

[1] Form 23-5

Failure to Warn (D.C. Std. Civ. Jury Instr. No. 23-5)

If a product could cause foreseeable harm to the user of that product, then the manufacturer or seller of the product has a legal duty to give a warning to the user. The manufacturer or seller's warning must do two things: First, the warning must adequately advise of risks in using the product that might not be obvious to the user, and

Second, the warning must provide specific directions for safe use.

If you find that the defendant failed to give a warning that did either or both of these two things, then you should find the defendant liable for all damages that were caused by that failure. [If you find that the warning was inadequate, you may presume that the product was defective and caused the plaintiff's damages.]

There are two exceptions to this rule when the plaintiff's own knowledge or conduct may excuse the defendant's alleged failure. I will instruct you about those two exceptions shortly.

## *1 Civil Jury Instructions for DC § 23.06*

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 23 PRODUCTS LIABILITY*

# §23.06EXPRESS WARRANTY

[1] Instruction 23-6

Express Warranty (D.C. Std. Civ. Jury Instr. No. 23-6)

An express warranty is created when a seller or manufacturer makes a statement to a buyer concerning a fact, a promise or a description of a product. The statement may be oral or in writing. To create an express warranty, the seller or manufacturer does not need to use any particular words such as "warrant" or "guaranty." It does not matter whether the seller or manufacturer specifically intended to create a warranty.

For you to find that the seller or manufacturer created an express warranty, you must find that the statement was part of the basis of the bargain between the parties. Any sample or model of the product, which is made part of the basis of the bargain, creates an express warranty that all other units of the same product type will conform to the sample or model. A statement, however, that is merely the seller's positive opinion about the quality or value of the goods, does not create an express warranty.

If you find that the defendant made an express warranty, and that the defendant breached this warranty, that is, that the product did not live up to the statement or promise made by the defendant, then the defendant is liable for all damages proximately caused by the breach of this warranty.

_1 Civil Jury Instructions for DC § 23.10_

_Standardized Civil Jury Instructions for the District of Columbia_ > _CHAPTER 23 PRODUCTS LIABILITY_

# §23.10CIRCUMSTANTIAL EVIDENCE OF PRODUCT DEFECT IN BREACH OF WARRANTY OR STRICT LIABILITY

[1] Instruction 23-10

Circumstantial Evidence of Product Defect in Breach of Warranty or Strict Liability (D.C. Std. Civ. Jury Instr. No. 23-10)

[_FOR BREACH OF WARRANTY THEORY ONLY_]:

The plaintiff alleges that the defendant breached a warranty concerning [this product]. The plaintiff does not have to prove a specific defect in [the product] for you to decide that the defendant breached

[an express warranty;]

[_OR_]

[an implied warranty of merchantability;]

[_OR_]

[an implied warranty of fitness for intended use.]

It is sufficient proof of breach of warranty if you find that there was an obvious or hidden defect in the product when it left the defendant, and that the defect caused [describe what happened to the product which caused the accident].

[_FOR BOTH BREACH OF WARRANTY AND STRICT LIABILITY_]:

The plaintiff may prove a defect in a product solely by circumstantial evidence. [To make this proof, the plaintiff must present evidence showing that some defect must have caused the damages, that there are no other possible causes of the damages except the defect, and that the defendant is responsible for the defect in the product.] The plaintiff [does not have to prove exactly the way in which the product is defective, and] does not have to prove the defect by specific, physical evidence.

## 1 Civil Jury Instructions for DC § 23.12

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 23 PRODUCTS LIABILITY*

# §23.12MISUSE

[1] Instruction 23-12

Misuse (D.C. Std. Civ. Jury Instr. No. 23-12)

The defendant contends that the plaintiff's injury occurred as a result of plaintiff's misuse of [the product]. Misuse of a product occurs when a person uses the product in a manner that the manufacturer or seller could not reasonably foresee. A manufacturer or seller is entitled to expect that its product will be used in a normal manner.

You must, therefore, determine whether at the time [the plaintiff incurred his or her injuries] [the accident occurred], the plaintiff was using [the product] in a manner not reasonably foreseeable to the defendant.

If the plaintiff's injuries occurred because the plaintiff used [the product] in a manner not reasonably foreseeable to the defendant, then the plaintiff cannot recover damages.

# FLORIDA

1 Florida Standard Jury Instructions in Civil Cases §§ 403.15, 403.4 (2020)

403.15. Issues on Main Claim

403.4. Express Warranty

*1 Florida Standard Jury Instructions in Civil Cases 403.15*

*Florida Standard Jury Instructions in Civil Cases  >  SECTION 403 —  PRODUCTS LIABILITY*

# 403.15 ISSUES ON MAIN CLAIM

The [next] issues you must decide on (claimant's) claim against (defendant) are:

*a. Express Warranty:*

whether (the product) failed to conform to representations of fact made by (defendant), orally or in writing, in connection with the [sale] [transaction], on which (name) relied in the [purchase and] use of the product, and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

*b. Implied Warrant of Merchantability:*

whether (the product) was not reasonably fit for either the uses intended or the uses reasonably foreseeable by (defendant) and, if so, whether that lack of fitness was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

*c. Implied Warranty of Fitness for Particular Purpose:*

whether (the product) was not reasonably fit for the specific purpose for which (defendant) knowingly sold (the product) and for which (claimant) bought (the product) in reliance on the judgment of (defendant) and, if so, whether that lack of fitness was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

*d. Strict Liability—Manufacturing Defect:*

whether (the product) [was made differently than its intended design and thereby failed to perform as safely as intended and (the product) reached (claimant) without substantial change affecting the condition and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

*e. Strict Liability—Design Defect:*

whether [(the product) failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer] [and] [or] [the risk of danger in the design of the product outweighs the benefits of the product] and (the product) reached (claimant) without substantial change affecting the

1 Florida Standard Jury Instructions in Civil Cases 403.15

condition and, if so, whether that failure was a legal cause of the [loss] [injury] or [damage] to (claimant, decedent, or person for whose injury claim is made).

*f. Strict Liability—Failure to Warn:*

whether the foreseeable risks of harm from (the product) could have been reduced or avoided by providing reasonable instructions or warnings and the failure to provide those warnings made (the product) unreasonably dangerous and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

*g. Negligence:*

whether (defendant) was negligent in (describe alleged negligence), and, if so, whether that was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

*h. Negligent Failure to Warn:*

whether (defendant) negligently failed to warn about particular risks involved in the use of (the product), and, if so, whether that failure to warn was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

(Adopted March 26, 2015)

Florida Standard Jury Instructions in Civil Cases
Copyright 2022, The Florida Bar. All Rights Reserved.

## *1 Florida Standard Jury Instructions in Civil Cases 403.4*

*Florida Standard Jury Instructions in Civil Cases  >  SECTION 403 — PRODUCTS LIABILITY*

## 403.4 EXPRESS WARRANTY

A product is defective if it does not conform to representations of fact made by (defendant), orally or in writing, in connection with the [sale] [transaction] on which (name) relied in the [purchase and] use of the product. [The representation must be one of fact, rather than opinion.]

(Adopted March 26, 2015)

Florida Standard Jury Instructions in Civil Cases

Copyright 2022,  The Florida Bar.  All Rights Reserved.

# GEORGIA

1 Ga. Jury Instructions - Civil § 18.052

§ 18.052. Warranty, Breach of; Personalty

*1 Ga. Jury Instructions - Civil § 18.052*

*Georgia Suggested Pattern Jury Instructions, Civil Cases > CONTRACT DAMAGES*

## § 18.052. WARRANTY, BREACH OF; PERSONALTY

If the buyer has accepted goods and given notification (O.C.G.A. § 11-2-607(3)), the buyer may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner that is reasonable.

The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value the goods would have been if they had been as warranted, unless special circumstances show proximate damages of a different amount.

In a proper case, any incidental and consequential damages under the next section may also be recovered.

The buyer on notifying the seller of the intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract.

# HAWAII

1 Hawaii Standard Civil Jury Instruction Nos. 12.1-12.8, 13.5-13.7

Instruction No. 12.1: Breach of Express Warranty—Elements

Instruction No. 12.2: "Seller, "Buyer," "Sale," and "Goods"

Instruction No. 12.3: Descriptions, Samples and Particular Words

Instruction No. 12.4: Basis of the Bargain

Instruction No. 12.5: Disclaimer of All Express Warranties

Instruction No. 12.6: Disclaimer of Some but Not All Express Warranties

Instruction No. 12.7: Notice of Breach Required

Instruction No. 12.8: Statute of Limitations

Instruction No. 13.5: Third Party Beneficiaries of Express and Implied Warranties

Instruction No. 13.6: No Disclaimer of Liability for Personal Injuries to a Third Party to Whom an Express or Implied Warranty Extends

Instruction No. 13.7: Exclusion or Limitation of Warranties

INSTRUCTION NO. 12.1

BREACH OF EXPRESS WARRANTY – ELEMENTS

To prevail on the claim for breach of an express warranty against defendant(s), plaintiff(s) must prove all of the following elements:

1.   Defendant(s) was/were seller(s)/lessor(s) in a sale/lease of goods; and

2.   Plaintiff(s) was/were reasonably expected to use, consume or be affected by the goods; and

3.   A representation, affirmation of fact, or promise regarding the goods was made to buyer(s)/lessee(s) by defendant(s) or an authorized agent of defendant(s); and

4.[1]   That representation, affirmation of fact, or promise became part of the basis of the bargain between seller(s)/lessor(s) and buyer(s)/lessee(s); and

5.   The goods as delivered did not conform to that representation, affirmation of fact, or promise; and

6.   The non-conformance of the goods with the representation, affirmation of fact, or promise was a legal cause of injury to plaintiff(s).

INSTRUCTION NO. 12.2

"SELLER," "BUYER," "SALE," AND "GOODS"

As used in these instructions, the word "seller" means a person who sells or contracts to sell goods.  The word "seller" includes the manufacturer(s) and each distributor, retailer or other participant in the chain of distribution of the goods. The word "buyer" means a person who buys or contracts to buy goods.  A "sale of goods" is the passing of title or ownership of "goods" from the seller to a buyer for a price.

(As used in these instructions, the word "lessor" means a person who leases or contracts to lease goods.  A "lease of goods" is a transfer of the right of possession and use of "goods" to a lessee for a price.)

"Goods" means movable things that are not attached to buildings or real estate, or that can be removed from buildings or real estate without material harm.

INSTRUCTION NO. 12.3

DESCRIPTIONS, SAMPLES, AND PARTICULAR WORDS

Any representation, affirmation of fact, or promise made by seller(s)/lessor(s) to buyer(s)/lessee(s) which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the representation, affirmation of fact, or promise.

Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

No particular word or form of expression is necessary to create an express warranty, nor is it necessary that seller(s)/lessor(s) has/have a specific intention to make a warranty or use formal words such as "warrant" or "guarantee."

INSTRUCTION NO. 12.4

BASIS OF THE BARGAIN

To prove that a representation, affirmation of fact, or promise regarding the goods was part of the basis of the bargain:

1.    Plaintiff(s) must prove that seller(s)/lessor(s) made the representation, affirmation of fact, or promise during the bargaining process; and

2.    Seller(s)/lessor(s) must fail to prove that the resulting bargain did not rest at all on seller's(s')/lessor's(s') representation, affirmation of fact, or promise.

Some statements by seller(s)/lessor(s) cannot fairly be viewed as having become a basis of the bargain, such as statements about the general value of the goods, or about seller's(s')/lessor's(s') general opinion regarding that value, or even  seller's(s')/ lessor's(s') exaggerated claims about the superiority of his/her/its/their goods, sometimes known as "puffing."

Whether a statement of opinion regarding the goods is a representation, affirmation of fact, or promise that created an express warranty depends upon all of the circumstances surrounding the statement.  A statement of opinion that is the

expression of an individual's conclusion or personal judgment, but does not purport to be based on actual knowledge, does not create a warranty.

In determining whether a particular statement was a representation, affirmation of fact, or promise that created an express warranty—as opposed to an affirmation of the general value of the goods or "puffing" that did not create a warranty— you may consider the surrounding circumstances under which the statement was made, the manner in which the statement was made, and the ordinary effect of the words used.

You may also consider the relationship of the parties and the subject matter with which the statement was concerned.

INSTRUCTION NO. 12.5

DISCLAIMER OF ALL EXPRESS WARRANTIES[1]

Buyer(s)/lessee(s) and seller(s)/lessor(s) may agree that there will be no express warranties relating to the goods.

INSTRUCTION NO. 12.6

DISCLAIMER OF SOME BUT NOT ALL EXPRESS WARRANTIES[1]

Buyer(s)/lessee(s) and seller(s)/lessor(s) may agree that only certain warranties apply and all others are excluded.  If buyer(s)/lessee(s) and seller(s)/lessor(s) have agreed that only certain warranties apply, there can be no express warranty contrary to the agreement's terms unless you find that the warranty that was given failed of its essential purpose.

A warranty fails of its essential purpose if plaintiff(s) prove(s) that there is a latent defect that was not discoverable upon receipt and reasonable inspection of goods, or that the seller's(s')/lessor's(s') action or inaction prevented the remedy in any warranty that was given from achieving its essential purpose.

INSTRUCTION NO. 12.7

NOTICE OF BREACH REQUIRED[1]

Seller(s)/lessor(s) is/are not liable for a breach of an express or implied warranty unless seller(s)/lessor(s) received notice of the claimed breach within a reasonable time after plaintiff(s) knew or should have known of the alleged breach of warranty.  What amounts to a reasonable time is for you to decide based upon all the circumstances of this case.

Notice may be oral or in writing; no particular form of notice is required.  It must have informed defendant(s) of the alleged breach of warranty and plaintiff's(s') intention to look to defendant(s) for damages.  Whether plaintiff(s) gave this information to defendant(s) within a reasonable time in this case is for you to determine.

If plaintiff(s) fail/fails to prove that he/she/it/they gave such notice within a reasonable time, then plaintiff(s) cannot recover on the claim for breach of warranty.

INSTRUCTION NO. 12.8

STATUTE OF LIMITATIONS

Plaintiff(s) must file the lawsuit on the claim for breach
of warranty within four years after the statute of limitations
starts to run.  The statute of limitations on a claim for breach
of warranty starts to run when the breach occurs.  Normally, a
breach of warranty occurs when the goods are delivered.  If
defendant(s) prove(s) that the breach occurred more than four
years before this lawsuit was filed, then you must find for
defendant(s) on plaintiff's(s') breach of warranty claim.[1]

INSTRUCTION NO. 13.5

THIRD PARTY BENEFICIARIES OF EXPRESS AND IMPLIED WARRANTIES

An express or implied warranty made by any seller/lessor of a product extends not only to buyer(s)/lessee(s) of that product, but also to any person who may reasonably be expected to use, consume or be affected by the product and who suffers personal injury caused by breach of the warranty.

INSTRUCTION NO. 13.6

NO DISCLAIMER OF LIABILITY FOR PERSONAL INJURIES TO A THIRD
PARTY TO WHOM AN EXPRESS OR IMPLIED WARRANTY EXTENDS

Seller(s)/lessor(s) of a product may not exclude or limit

his/her/its/their liability for personal injury to a third

party—other than buyer(s)/lessee(s) of the product—who may be

reasonably expected to use, consume, or be affected by the

product and who suffers personal injury caused by breach of the

warranty.

INSTRUCTION NO. 13.7

EXCLUSION OR LIMITATION OF WARRANTIES[1]

No exclusion or limitation of an express warranty is effective if it is based upon an unreasonable interpretation of the party's/parties' words or conduct.

The following general rules apply to the exclusion or limitation of warranties:

1.   To exclude or limit the implied warranty of merchantability, the language must mention "merchantability," and, if in writing, it must be conspicuous.  "Conspicuous" means that a written disclaimer or limitation must be in a larger print or typeface so as to stand out from the other portions of the document in which it is contained.

2.   To exclude or limit any warranty of fitness (either express or implied), the language must be both in writing and conspicuous.

3.   All implied warranties of fitness can be excluded by a single disclaimer that complies with all of the applicable rules.

The following special rules apply to the exclusion or limitation of warranties:

1.    Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's(s')/lessee's(s') attention to the exclusion of warranties and makes it plain that there is no implied warranty.

2.    When buyer(s)/lessee(s), before entering into the contract or lease, has/have examined the product as fully as he/she/they desired—or has/have refused to examine the product—there is no implied warranty with regard to defects which a reasonable examination should, in the circumstances, have revealed.

3.    An implied warranty can also be excluded or limited by course of dealing or course of performance or usage of trade.

If they are in conflict, the special rules take priority over the general rules.

# ILLINOIS

1 Illinois Forms of Jury Instruction §§ 34.03, 34.04, 34.140 (2022)

3 Illinois Forms of Jury Instruction §§ 100.20, 100.21, 100.25, 100.58, 100.59 (2022)

§ 34.03. Buyer

§ 34.04. Merchant and Transactions Between Merchants

§ 34.140. Warranties in General

§ 100.20. Issues Introduction—Breach of Warranty

§ 100.21. Persons to Whom Express or Implied Warranties Extend

§ 100.25. Definition of Merchant

§ 100.58. Disclaimer of Warranty

§ 100.59. Lack of Notice of Breach of Warranty

# 1 Illinois Forms of Jury Instruction § 34.03

*Illinois Forms of Jury Instruction  >  II BREACH OF CONTRACT ACTIONS  >  Division B Specific Types of Contracts  >  CHAPTER 34 COMMERCIAL CODE SALES CONTRACTS  >  Part A. DEFINITIONS FOR SALE OF GOODS CONTRACTS*

# § 34.03 Buyer

[1] Instruction

[PLAINTIFF/DEFENDANT]'S   PROPOSED INSTRUCTION NO. '   NOT IN IPI

As used in these instructions, "buyer" means a person who buys or contracts to buy goods. The buyer in this case is _____ [*name of party*].

Given  _____

Given as Modified  _____

Refused  _____

Withdrawn  _____

# 1 Illinois Forms of Jury Instruction § 34.04

*Illinois Forms of Jury Instruction > II BREACH OF CONTRACT ACTIONS > Division B Specific Types of Contracts > CHAPTER 34 COMMERCIAL CODE SALES CONTRACTS > Part A. DEFINITIONS FOR SALE OF GOODS CONTRACTS*

## §34.04 Merchant and Transactions Between Merchants

[1] Instruction

[PLAINTIFF/DEFENDANT]'S   PROPOSED INSTRUCTION NO.   NOT IN IPI

[*CHOOSE ONE OF THE FOLLOWING*

*(see Use of Instruction):*]

A "merchant" is one who engages in a trade, a business, or a type of commerce to such an extent that he or she has or should have knowledge of common business practices.

[*OR:*]

A "merchant" is one who deals in goods of the kind involved in the type of transaction present in this case between _____ [*name of buyer*] and _____ [*name of seller*].

[*OR:*]

A "merchant" is one whose occupation indicates that he or she has particular knowledge of, or skill in, the practice or goods involved in the transaction.

[*OR:*]

Persons are considered "merchants" when they hire an agent, broker, or other person to act for them, and the occupation of the [person/organization] employed indicates a particular knowledge about, or skill in, the practice or goods involved in the transaction.

[*CONTINUE WITH:*]

A transaction is "between merchants" when both parties to the transaction are merchants under the definition that you have just been given.

Given   _____

Given as Modified   _____

# 1 Illinois Forms of Jury Instruction § 34.140

*Illinois Forms of Jury Instruction > II BREACH OF CONTRACT ACTIONS > Division B Specific Types of Contracts > CHAPTER 34 COMMERCIAL CODE SALES CONTRACTS > Part G. GENERAL OBLIGATIONS > 3. Warranties*

# §34.140Warranties in General

[1] Instruction

[PLAINTIFF/DEFENDANT]'S    PROPOSED INSTRUCTION NO.    NOT IN IPI

Contracts for the sale of goods may contain warranties regarding the character or fitness of the goods sold. A warranty is a promise by the seller that the goods will conform to the description or standard contained in the warranty.

An express warranty is a statement or affirmation of fact about the goods made by the seller to the buyer. An *implied warranty* arises from the circumstances of the sale and does not require a statement or affirmation by the seller.

In this case, Plaintiff contends that the following warranties apply to the parties' transaction: _____ [*list any express and implied warranties claimed*]. Plaintiff claims that Defendant has breached these warranties.

| | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

# 3 Illinois Forms of Jury Instruction § 100.20

*Illinois Forms of Jury Instruction  >  III TORT ACTIONS  >  Division C Actions Against Specific Defendants  >  CHAPTER 100 PRODUCTS LIABILITY  >  Part B. BREACH OF WARRANTY*

## § 100.20 Issues Instruction—Breach of Warranty·

[1] Instruction

[PLAINTIFF/DEFENDANT]'S  PROPOSED INSTRUCTION NO.   NOT IN IPI

Plaintiff claims that [he/she] was injured [while using/as a result of the use of] the _____ [*describe product*] and that the _____ [*describe product*], in causing the injury to plaintiff, did not operate as defendant had promised it would. Plaintiff claims that defendant made the following [promise/promises] or [warranty/warranties] about the _____ [*describe product*] that were untrue and that caused injury to plaintiff in that _____ [*describe facts alleged by plaintiff to show causation*]:

[*OPTIONAL (see Use of Instruction):*]

(1) Plaintiff claims that defendant made an express warranty regarding the performance of the [*describe product*] in [*describe conduct of defendant that allegedly gave rise to express warranty, e.g.,* showing plaintiff a sample set of safety glasses that did not break or chip on being impacted by a pellet shot from a pellet gun]. Plaintiff further claims that [he/she] and defendant discussed [*describe how defendant's statements, display of samples, or other action became a basis of the parties' bargain, e.g.,* the strength of the sample safety glasses and how they had withstood the impact of shots from a pellet gun and that this discussion was the reason plaintiff purchased the glasses that (he/she) was wearing at the time of the incident at issue].

_____

_____

_____

[*CHOOSE ONE OR BOTH OF THE FOLLOWING:*]

_____

· Chapter updated by Eleonora di Liscia in 2019; previously updated by the Honorable James C. Murray, First District, Appellate Court.

3 Illinois Forms of Jury Instruction § 100.20

[*If plaintiff alleges breach of implied warranty of merchantability, use:*]

) Plaintiff claims that Defendant made a warranty called an *implied warranty* of merchantability regarding the performance of the [*describe product*] in that Defendant is a merchant of that kind of product and because

(_____

_____

    (1) the [*describe product*] could not have passed without objection in the trade in view of the description of the [*describe product*] contained in the parties' contract;

      _____

      _____

    (2) the [*describe product*] was not fit for the ordinary purposes for which such goods are used;

      _____

[*CHOOSE FROM THE FOLLOWING (see Use of Instruction):*]

[*describe fungible product*] was not of fair average quality within the description in the parties' contract;

(_____) the

_____

[*OR*]

[*describe product group*] did not run of even kind, quality, and quantity within each unit and among all units involved;

(_____) the

_____

[*OR*]

the [*describe product*] was not adequately contained, packaged, and labeled as the parties' agreement required;

_____

[*OR*]

the [*describe product*] did not conform to the promises or affirmations of fact made on the container or label;

_____

[*OR*]

the [*describe product*] did not conform to the quality expected by [plaintiff/the buyer of the (*describe product*)] based on past course of dealing with Defendant.

_____

K-85

3 Illinois Forms of Jury Instruction § 100.20

_____

**[*CONTINUE WITH:*]**

**[*If plaintiff alleges breach of <u>implied warranty</u> of fitness for a particular purpose, use:*]**

) Plaintiff claims that Defendant made a warranty called an <u>implied warranty</u> of fitness for a particular purpose regarding the performance of the [*describe product*] in that Defendant [knew/had reason to know] the purpose for which [Plaintiff/the buyer of the (*describe product*)] was purchasing the [*describe product*] and that [Plaintiff/the buyer of the (*describe product*)] was relying on Defendant's [skill/judgment] to [select/furnish] suitable goods for that purpose.

(_____

_____

_____

_____

_____

) Plaintiff further claims that one or more of the foregoing was a legal cause of [his/her] injuries.

(_____

() Defendant denies that [he/she/it] made [the warranty/any of the warranties] that Plaintiff claims [he/she/it] made.

_____

**[*CHOOSE FROM THE FOLLOWING:*]**

**() Defendant also denies that Plaintiff is a** [state status claimed by nonbuyer Plaintiff, e.g., household member of the buyer's] and therefore, Defendant claims, Plaintiff is not covered under any warranty made by Defendant.

_____

_____

**() Defendant also denies that any warranty that Plaintiff claims [he/she/it] made was a legal cause of Plaintiff's injuries.**

_____

**[*OR*]**

) Defendant also claims that [*set forth in simple form without undue emphasis or repetition the affirmative allegations in the answer that have not been withdrawn or ruled out by the court and that are supported by the evidence*].

(_____

_____

) [*Add if applicable:* Defendant claims that one or more of the foregoing was a legal cause of Plaintiff's injury.

(_____

3 Illinois Forms of Jury Instruction § 100.20

) [*Add if applicable:* Plaintiff denies that [he/she] [*summarize affirmative defense allegations, e.g.,* failed to give notice of Defendant's breach of warranty].

(_____

_____

[*OR*]

) Defendant also denies that Plaintiff sustained damages to the extent claimed.

(_____

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

# 3 Illinois Forms of Jury Instruction § 100.21

*Illinois Forms of Jury Instruction > III TORT ACTIONS > Division C Actions Against Specific Defendants > CHAPTER 100 PRODUCTS LIABILITY > Part B. BREACH OF WARRANTY*

## § 100.21 Persons to Whom Express or Implied Warranties Extend·

[1] Instruction

[PLAINTIFF/DEFENDANT]'S  PROPOSED INSTRUCTION NO.   NOT IN IPI

The court instructs you that, as a matter of law, any express or *implied warranty* made by Defendant to the person who purchased the _____ [*describe product*] also extends to any individual who is [a family member of the buyer/a member of the buyer's household/a guest in the buyer's household/an employee of the buyer] if it is reasonable to expect that the individual may use, consume, or be affected by the product, and the individual sustains personal injury by breach of the warranty.

[*OPTIONAL (see Use of Instruction):*]

If you determine that Plaintiff was, at the time of the incident complained of, [a family member of the buyer/a member of the buyer's household/a guest in the buyer's household/an employee of the buyer], and if you determine that it was reasonable to expect that Plaintiff might use, consume, or be affected by the product sold by Defendant, then you must determine whether any breach by Defendant of an [express/*implied] warranty* was the legal cause of the injury sustained by Plaintiff.

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

## 3 Illinois Forms of Jury Instruction § 100.24

*Illinois Forms of Jury Instruction > III TORT ACTIONS > Division C Actions Against Specific Defendants > CHAPTER 100 PRODUCTS LIABILITY > Part B. BREACH OF WARRANTY*

## § 100.24 Burden of Proof on the Issues—Breach of *Implied Warranty* of Merchantability˙

[1] Instruction

[PLAINTIFF/DEFENDANT]'S  PROPOSED INSTRUCTION NO.   NOT IN IPI

Plaintiff has the burden of proving each of the following propositions:

(1) First, that Defendant is a merchant of products like [*describe product*].

———————————————

(2) Second, that the [*describe product*] was not fit for the ordinary purposes or uses intended or reasonably foreseeable by Defendant.

———————————————

(3) Third, that the failure of the [*describe product*] to be fit for its ordinary use was a legal cause of [loss/injury/damage] to [Plaintiff *or name of person for whose injury claim is made*].

———————————————

(4) Fourth, that [Plaintiff *or name of person for whose injury claim is made*] gave proper notice of the product defect to Defendant.

———————————————

If you find from your consideration of the evidence that each of these propositions has been proved, then your verdict should be for Plaintiff. But if, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved, then your verdict should be for Defendant.

Given ———————————————

Given as Modified ———————————————

———————————————————

˙ Chapter updated by Eleonora di Liscia in 2019; previously updated by the Honorable James C. Murray, First District, Appellate Court.

# 3 Illinois Forms of Jury Instruction § 100.25

*Illinois Forms of Jury Instruction  >  III TORT ACTIONS  >  Division C Actions Against Specific Defendants  >  CHAPTER 100 PRODUCTS LIABILITY  >  Part B. BREACH OF WARRANTY*

## § 100.25 Definition of Merchant

[1] Instruction

[PLAINTIFF/DEFENDANT]'S  PROPOSED INSTRUCTION NO.   NOT IN IPI

In my prior instruction to you, I explained what Plaintiff has to prove to prevail in this action. The first item I said Plaintiff has to prove is that Defendant is a merchant of products like _____ [*describe product*]. To find that Defendant is a merchant of products like _____ [*describe product*], you must find that Defendant is a professional seller of the particular kind of good that is involved in this action. [*Optional (see Use of Instruction)*: Making an isolated sale of goods does not render a person a merchant of that type of goods.]

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

## 3 Illinois Forms of Jury Instruction § 100.26

*Illinois Forms of Jury Instruction  >  III TORT ACTIONS  >  Division C Actions Against Specific Defendants  >  CHAPTER 100 PRODUCTS LIABILITY  >  Part B. BREACH OF WARRANTY*

## §100.26Burden of Proof on the Issues—Breach of *Implied Warranty* of Fitness for Particular Purpose.

[1] Instruction

[PLAINTIFF/DEFENDANT]'S  PROPOSED INSTRUCTION NO.   NOT IN IPI

Plaintiff has the burden of proving each of the following propositions:

(1) First, that Defendant, at the time of selling the [*describe product*], had reason to know the particular purpose for which [Plaintiff/the buyer] required the [*describe product*].

———————————

———————————

(2) Second, that Defendant had reason to know that [Plaintiff/the buyer] was relying on Defendant's skill or judgment to select or furnish a suitable product.

(3) Third, that the [*describe product*] was defective because it was not reasonably fit for that particular purpose.

———————————

(4) Fourth, that the defect was a legal cause of [loss/injury/damage] to [Plaintiff *or name of person for whose injury claim is made*].

(5) Fifth, that [Plaintiff *or name of person for whose injury claim is made*] gave proper notice of the product defect to Defendant.

———————————

# 3 Illinois Forms of Jury Instruction § 100.58

*Illinois Forms of Jury Instruction  >  III TORT ACTIONS  >  Division C Actions Against Specific Defendants  >  CHAPTER 100 PRODUCTS LIABILITY  >  Part D. DEFENSES*

## § 100.58 Disclaimer of Warranty

[1] Instruction

DEFENDANT'S  PROPOSED INSTRUCTION NO.  NOT IN IPI

You should find that Defendant is not liable for breach of an *implied warranty* if the evidence proves

[*SELECT FROM THE FOLLOWING (see Use of Instruction)*:]

that  Defendant  expressly  informed  _____  [the  buyer/Plaintiff]  that  the  sale  of _____  [*describe  allegedly  defective  product*]  was  without  warranty  by _____ [*describe language excluding implied warranties, e.g.,* stating that the sale was "as is" *or* stating that the sale was "with all faults."

[*OR*:]

that _____ [the buyer/Plaintiff], before entering into the contract, _____ [examined  the  _____  (goods/sample/model)  as  fully  as  (he/she)  desired  *or*  refused  to examine  the  _____  (goods/sample/model)]  and  that  the  examination _____ [should/would] have revealed the alleged defect to [him/her].

[*OR*:]

that there was a _____ [*specify* course of dealing/usage of trade/course of performance] that should have made it clear to _____ [the buyer/Plaintiff] that there were no implied warranties.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

K-92

# 3 Illinois Forms of Jury Instruction § 100.59

*Illinois Forms of Jury Instruction  >  III TORT ACTIONS  >  Division C Actions Against Specific Defendants  >  CHAPTER 100 PRODUCTS LIABILITY  >  Part D. DEFENSES*

## § 100.59 Lack of Notice of Breach of Warranty·

[1] Instruction

DEFENDANT'S  PROPOSED INSTRUCTION NO.   NOT IN IPI

A buyer must notify the seller of a breach of warranty within a reasonable time after the buyer discovered or should have discovered the breach. The notice must be adequate to warn the seller that there is a problem with the goods, although it need not specify the nature of the breach or the type of damage. The notice may either be oral or in writing.

You must decide whether Plaintiff notified Defendant of the asserted breach of [warranty/contract] within a reasonable time after [he/she] discovered or should have discovered the breach. In determining whether the plaintiff gave the defendant a timely and adequate notice, you should consider the facts of the case and the circumstances of the parties as presented by the evidence.

[*CHOOSE ONE OF THE FOLLOWING (see Use of*

*Instruction):*]

If you determine that Plaintiff's actions in _____ [*describe actions that Plaintiff contends constitute notice*] were not sufficient to put Defendant on notice of the alleged breach, then you should find for Defendant on the breach of warranty claim.

[*OR:*]

If you determine that Plaintiff's actions in _____ [*describe actions that Plaintiff contends constitute notice*] were either not sufficient to put Defendant on notice of the alleged breach or were not done within a reasonable time after the breach was discovered or should have been discovered, then you should find for Defendant on this defense.

Given _____

# INDIANA

1 Indiana Model Civil Jury Instructions 2501, 2503, 2405-07, 2509, 2511, 2521-27

2501 Issues for Trial; Burden of Proof

2503 Breach of Warranty—Elements

2505 Responsible Cause (Proximate Cause)—Definition

2506 Foreseeable Defined

2507 Definitions for Breach of Warranty Claims

2509 Express Warranties by Statement, Promise, Description or Sample

2511 Warranty Not Created by Mere Opinion or Commendation

2521 Exclusion or Modification of Warranties

2523 Cumulation and Conflict of Warranties Express or Implied

2525 Third Party Beneficiaries of Warranties

2527 Measure of Damages—Warranty Cases

## *1 Indiana Model Civil Jury Instructions 2501*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2501 Issues for Trial; Burden of Proof

The Plaintiff, _____, sued _____, the Defendant

[*Plaintiff*] claims that [*defendant*][*insert claimed action(s)*]. [*Plaintiff*] must prove [his][her][its] claims by the greater weight of the evidence.

[*Defendant*] denies [*plaintiff*]'s claims. [*Defendant*] is not required to disprove [*plaintiff*]'s claims.

[*Defendant*] has claimed certain defenses. [*Defendant*] must prove [his][her][its] defense[s] of [*specify affirmative defense(s)*] by the greater weight of the evidence.

[(*Plaintiff*] also claims (he)(she)(it) is entitled to an award of punitive damages because (*insert brief statement of claim for punitive damages*). (*Plaintiff*) must prove this claim by clear and convincing evidence.]

## *1 Indiana Model Civil Jury Instructions 2503*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2503 Breach of Warranty—Elements

To recover damages from [*defendant*], [*plaintiff*] must prove all of the following by the greater weight of the evidence:

(1) a warranty existed;

(2) [*defendant*] breached the warranty; and

(3) the breach of warranty was a responsible cause of [*plaintiff*]'s loss.

*1 Indiana Model Civil Jury Instructions 2505*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2505 Responsible Cause (Proximate Cause)—Definition

A person's conduct is legally responsible for causing [an injury][property damage][a death] if:

(1) the [injury][property damage][a death] would not have occurred without the conduct, and

(2) the [injury][property damage][a death] was a natural, probable, and foreseeable result of the conduct.

This is called a "responsible cause."

[There can be more than one responsible cause for an injury.]

*1 Indiana Model Civil Jury Instructions 2506*

*Indiana Model Civil Jury Instructions > CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2506 Foreseeable—Defined

[An injury][Property damage][A death] is "foreseeable" when a person should realize that [his][her] act or failure to act might cause harm.

## *1 Indiana Model Civil Jury Instructions 2507*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2507 Definitions for Breach of Warranty Claims

"Buyer" means a person who buys or contracts to buy goods.

"Course of Dealing" means a sequence of previous conduct between the parties to a particular transaction that establishes a common basis of understanding for interpreting their conduct and communications.

"Fungible goods or securities" are those of which any unit is the equivalent of any other like unit because of its nature or trade usage. Goods that are not fungible shall be considered fungible to the extent that a particular agreement or document treats unlike units as equivalents.

"Goods" mean all things that can be moved at the time they are identifiable as goods to which the contract refers.

[Goods also include money, but only when the parties treat money as a commodity, not when it is merely the price to be paid under the contract.]

[Goods also include investment securities.]

[Goods also include the right to bring a lawsuit based on contract or right to possess personal property.]

[Goods also include growing crops and the unborn young of animals.]

"Merchant" means a person:

(1) who deals in the type of goods involved in the transaction at issue;

(2) who otherwise by [his][her] occupation holds [himself][herself] out as having knowledge or skill peculiar to the practices or goods involved in the transaction; or

(3) who employs an agent, broker, or other intermediary who by [his][her] occupation holds [himself][herself] out as having that knowledge or skill.

"Merchantable Goods"—To be merchantable, goods must at least:

(1) pass without objection in the trade under the contract description;

(2) in the case of fungible goods, be of fair, average quality within the description;

(3) be fit for the ordinary purposes for which such goods are used;

1 Indiana Model Civil Jury Instructions 2507

(4) run, within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved;

(5) be adequately contained, packaged, and labeled as the agreement may require; and

(6) conform to any promises or statements of fact made on the container or label.

"Seller" means a person who sells or contracts to sell goods.

"Trade usage" ["Usage of trade"] is a common and regular practice or method of dealing in a place, vocation, or trade that justifies an expectation by the parties to a transaction that the same practice or method of dealing will apply to their transaction.

"Warranty" is an assurance or guaranty, either express, in the form of a statement by a seller of goods, or implied by law, having reference to and ensuring the goods' character, quality, or fitness for a particular purpose.

## *1 Indiana Model Civil Jury Instructions 2509*

*Indiana Model Civil Jury Instructions  >   CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2509 Express Warranties by Statement, Promise, Description or Sample

A seller creates an "express warranty" in the following ways:

(1) any statement of fact or promise made by the seller to the buyer that relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods will conform to the statement or promise;

(2) any description of the goods that is made part of the basis of the bargain creates an express warranty that the goods will conform to the description; or

(3) any sample or model that is made part of the basis of the bargain creates an express warranty that all of the goods will conform to the sample or model.

## *1 Indiana Model Civil Jury Instructions 2511*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2511 Warranty Not Created by Mere Opinion or Commendation

To create an express warranty, the seller does not have to use formal words such as "warrant" or "guarantee," or have a specific intention to make a "warranty." However, neither a seller's mere affirmation of the value of the goods nor the seller's opinion or praise of the goods creates a warranty.

## 1 Indiana Model Civil Jury Instructions 2521

Indiana Model Civil Jury Instructions > CHAPTER 2500 PRODUCT LIABILITY: WARRANTY

## 2521 Exclusion or Modification of Warranties

[*Subject to the issue in this case, select the appropriate paragraph(s) noted below*.]

[*General rule of construction*]

When reasonable, interpret words or conduct relevant to the creation of an express warranty as consistent with words or conduct that tends to deny or limit that warranty. If you cannot do this, the attempt to deny or limit the warranty has no effect.

[*Implied warranty of merchantability*]

To exclude or modify the implied warranty of merchantability or any part of it, a merchant's language must mention merchantability and, if in writing, must be conspicuous.

[*Implied warranty of fitness for a particular purpose*]

A merchant's exclusion or modification of the implied warranty of fitness for a particular purpose must be in writing and conspicuous. [A (seller)(merchant) can exclude all warranties of fitness for a particular purpose by writing, for example, "There are no warranties that extend beyond the description on the face hereof."]

[*"As is," etc.*]

Unless the circumstances indicate otherwise, a merchant excludes all implied warranties by conspicuously writing "as is," "with all faults," or other language that in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there are no implied warranties.

[*Examination of Goods by Buyer*]

If the buyer, before entering into the agreement, examined the goods [or a sample or model] as fully as the buyer desired, or refused to examine the goods, there is no implied warranty regarding defects that the buyer's examination should have revealed.

[*Course of Dealing, Course of Performance, Trade Usage*]

An implied warranty may be excluded or modified by [course of dealing][course of performance][trade usage].

[*Livestock*]

1 Indiana Model Civil Jury Instructions 2521

There is no implied warranty that cattle, hogs, or sheep are free from disease, if the seller shows compliance with all state and federal regulations concerning animal health.

## *1 Indiana Model Civil Jury Instructions 2523*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2523 Cumulation and Conflict of Warranties Express or Implied

You must interpret express and implied warranties as consistent with each other and as cumulative. However, if that interpretation is unreasonable, the parties' intent determines which warranty is controlling. To determine that intent, the following rules apply:

(1) exact or technical specifications replace an inconsistent sample, model, or general language of description,

(2) a sample from an existing bulk replaces inconsistent general language of description, and

(3) express warranties replace inconsistent implied warranties other than an implied warranty of fitness for a particular purpose.

## *1 Indiana Model Civil Jury Instructions 2525*

*Indiana Model Civil Jury Instructions > CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2525 Third Party Beneficiaries of Warranties

A seller's express or implied warranty applies to a person injured by the breach of the warranty if it is reasonable to expect that person may use, consume, or be affected by the goods, and the person is a member of the buyer's family or household, or is a guest in the buyer's home. A seller may not exclude or limit the operation of this rule.

## *1 Indiana Model Civil Jury Instructions 2527*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2527 Measure of Damages—Warranty Cases

If you decide from the greater weight of the evidence that [*defendant*] is liable to [*plaintiff*], then you must decide the amount of money that will fairly compensate [*plaintiff*].

In deciding the amount of money you award, you may consider:

1. The difference between the value of the goods at the time of delivery and the value had the goods complied with the warranty; and,

2. Any additional loss that [*defendant*] knew or had reason to know that [*plaintiff*] would suffer as result of the breach of warranty.

# IOWA

Iowa J.I. Civ. §§ 400.1, 1100.1-1100.4, 1100.7, 1100.8, 1100.12, 1100.13

§ 400.1. Fault—Defined

§ 1100.1. Essentials for Recovery—Express Warranty

§ 1100.2. Express Warranty—Defined

§ 1100.3. Reliance on Express Warranty

§ 1100.4. Breach of Express Warranty

§ 1100.7. Fitness—Particular Purpose

§ 1100.8. Reliance—Particular Purpose

§ 1100.12. Merchant—Definition

§ 1100.13. Merchantability—Definition

## *Iowa J.I. Civ. § 400.1*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 400 COMPARATIVE FAULT*

## 400.1 Fault - Defined

In these instructions I will be using the term "fault". Fault means one or more acts or omissions towards [the person] [the property] of the actor or of another which constitutes [negligence] [recklessness] [subjects a person to strict tort liability] [breach of warranty] [unreasonable assumption of risk not constituting an enforceable express consent] [misuse of a product for which the defendant otherwise would be liable] [unreasonable failure to avoid an injury] [unreasonable failure to mitigate damages].

## *Iowa J.I. Civ. § 1100.1*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 1100 WARRANTY*

## 1100.1 Essentials For Recovery - Express Warranty

The plaintiff must prove all of the following propositions:

1. The defendant sold [description of the product or service sold] and expressly warranted [the particulars alleged by plaintiff].

2. The plaintiff made the purchase relying on the express warranty.

3. The [description of the product or service] did not conform to the express warranty.

4. The breach of express warranty was a cause of the plaintiff's damage.

5. The amount of damage.

If the plaintiff has failed to prove any of these propositions, the plaintiff is not entitled to damages. If the plaintiff has proved all of these propositions, the plaintiff is entitled to damages in some amount.

*Iowa J.I. Civ. § 1100.2*

*IOWA CIVIL JURY INSTRUCTIONS >   CHAPTER 1100 WARRANTY*

## 1100.2 Express Warranty - Defined

An express warranty is any [affirmation of fact] [promise] by a seller about a product or service which naturally or ordinarily leads the buyer to purchase the product or service, and the buyer purchases the product or service relying upon the [affirmation] [promise].

In order for an [affirmation of fact] [promise] to be an express warranty, no particular form of words have to be used, nor do the terms "warrant" or "guarantee" have to be used, nor does the seller have to intend to make a warranty. The warranty must relate to a fact and not an opinion about the quality or condition of the product or service sold. An expression of opinion or belief only, a statement of value, or mere words of praise do not create a warranty.

## *Iowa J.I. Civ. § 1100.3*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 1100 WARRANTY*

## 1100.3 Reliance On Express Warranty

The fact that a buyer may, to some extent, rely upon their own judgment in purchasing the goods does not prevent them from also relying upon an express warranty made by the seller.

## *Iowa J.I. Civ. § 1100.4*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 1100 WARRANTY*

## 1100.4 Breach Of Express Warranty

A breach of express warranty occurs when defects are substantial and sufficiently serious so that the [product] [service] fails to materially comply with the express warranty. It is not enough if the defects are small, minor or insignificant [or that the defects are only the natural result of the age of a used product].

Iowa Civil Jury Instructions Copyright © 2018 The Iowa State Bar Association All Rights Reserved.

*Iowa J.I. Civ. § 1100.7*

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 1100 WARRANTY*

## 1100.7 Fitness - Particular Purpose

When the ordinary purpose of a product is the same as the buyer's particular purpose, the buyer must still prove the seller knew the buyer's particular purpose and the buyer was relying on the seller's skill and judgment to furnish a suitable product or service.

No specific conversation between the parties is necessary with respect to the particular purpose. The particular purpose may arise from the facts and circumstances surrounding the transaction or past transactions between the parties.

## *Iowa J.I. Civ. § 1100.8*

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 1100 WARRANTY*

## 1100.8 Reliance - Particular Purpose

It is not enough that the buyer relied upon the general reputation or integrity of the seller. It must appear the seller had special skill or judgment regarding the product and its intended use, and the buyer relied upon the seller's special skills or judgment.

The buyer's reliance on the seller's skill or judgment need not be a total reliance. The buyer may rely partly on their own judgment and partly on the seller's skill and judgment.

## *Iowa J.I. Civ. § 1100.12*

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 1100 WARRANTY*

## 1100.12 Merchant - Definition

Merchants are persons [who deal in products or services of the kind in question] [who hold] themselves out as having knowledge or skill specific or particular to the practices or products or services in question] [whose knowledge or skill [specific or particular] to the practices, products or services in question may be attributed to them by their employment of an agent or other intermediary] [who by their occupation hold themselves out as having such knowledge or skill].

The term merchant does not include a casual or inexperienced seller.

*Iowa J.I. Civ. § 1100.13*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 1100 WARRANTY*

## 1100.13 Merchantability - Definition

Merchantable means [set forth applicable statutory definition of "merchantability" under *Iowa Code section 554.2314(2)*].

Iowa Civil Jury Instructions Copyright © 2018 The Iowa State Bar Association All Rights Reserved.

# KANSAS

PIK Civ. 4th 106.01, 128.12-128.14, 128.16, 128.22

106.01. Issues and Burden of Proof—Plaintiff's Claim—Defendant's Defense

128.12. Express Warranties by Affirmation, Promise, Description or Sample

128.13. Measure of Damages—Warranty Cases

128.14. Express or Implied Warranty—Unreasonable Use as a Defense—Comparative Fault

128.16. Express or Implied Warranty—Unreasonable Use as a Defense—Comparative Fault

128.22. Single or Multiple Theories of Liability

## *PIK Civ. 4th 106.01*

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 106.00 ISSUES AND BURDEN OF PROOF THEREON*

# 106.01  ISSUES AND BURDEN OF PROOF--PLAINTIFF'S CLAIM--DEFENDANT'S DEFENSE

The plaintiff claims:

[that *(he) (she)* was injured due to the defendant's fault in the following respects: (Set forth concisely the specific grounds of negligence that are supported by the evidence)].

[that *(he) (she)* was damaged due to the defendant's *(breach of contract) (fraud) (breach of warranty)* in the following respects: (Set forth concisely the specific grounds of *(breach of contract) (fraud) (breach of warranty)* that are supported by the evidence)].

The plaintiff's burden of proof:

The plaintiff has the burden to prove that *(his) (her)* claims are more probably true than not true. [It is not necessary that each of you agree upon a specific claim.]

The defendant admits:

[State briefly any facts admitted or not disputed.]

The defendant denies:

[that *(he) (she)* was at fault.]

[that plaintiff was injured or damaged to the extent claimed.]

[generally, plaintiff's claims.]

The defendant claims:

[that the plaintiff was at fault in the following respects: (Set forth concisely the specific grounds of negligence that are supported by the evidence)].

The defendant's burden of proof:

PIK Civ. 4th 106.01

The defendant has the burden to prove that *(his) (her)* claims are more probably true than not true. [It is not necessary that each of you agree upon a specific claim.]

## *PIK Civ. 4th 128.12*

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 128.00 PRODUCTS LIABILITY*

# 128.12  EXPRESS WARRANTIES BY AFFIRMATION, PROMISE, DESCRIPTION, OR SAMPLE

In the sale of goods, express warranties by a seller may be created in the following situation(s):

(Any representation of fact or promise that relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods will conform to the representation or promise.)

(Any description of the goods that is made part of the basis of the bargain creates an express warranty that the goods will conform to the description.)

(Any sample or model that is made part of the basis of the bargain creates an express warranty that the goods will conform to the sample or model.)

A statement pertaining to the value of the goods or purporting only to be a *(seller's) (manufacturer's)* opinion does not create a warranty.

A *(seller) (manufacturer)* who breaches an express warranty is liable to any injured person who may reasonably be expected to use, consume, or be affected by the goods.

*PIK Civ. 4th 128.13*

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 128.00 PRODUCTS LIABILITY*

## 128.13  MEASURE OF DAMAGES--WARRANTY CASES

The measure of damages for breach of an express or implied warranty is the difference between the value of the goods at the time of delivery and the value had they conformed to the warranty. Damages may not exceed the sum of $ __.

*PIK Civ. 4th 128.14*

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 128.00 PRODUCTS LIABILITY*

## 128.14  EXPRESS OR IMPLIED WARRANTY--UNREASONABLE USE AS A DEFENSE--COMPARATIVE FAULT

It is not a defense to an action for a breach of an express warranty that some independent force damaged or altered the product when the occurrence or effect of such independent force could have been reasonably foreseen by the *(seller) (manufacturer)*.

*PIK Civ. 4th 128.16*

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 128.00 PRODUCTS LIABILITY*

## 128.16  EXPRESS OR IMPLIED WARRANTY--UNREASONABLE USE AS A DEFENSE--COMPARATIVE FAULT

It is a defense to an action for breach of an *(express) (implied)* warranty that the person injured discovered the defect in the product, became aware of the danger, and unreasonably continued to use the product.

Unreasonable use of the product may be considered in determining the comparative fault of the parties.

## *PIK Civ. 4th 128.22*

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 128.00 PRODUCTS LIABILITY*

# 128.22  SINGLE OR MULTIPLE THEORIES OF LIABILITY

The claim(s) of the plaintiff *(is) (are)* based on the fault *(theory) (alternative theories)* of *(negligence) (implied warranty) (strict liability)*. Under *(this theory) (each alternative theory)* the plaintiff has the burden of proving the following:

1.  The product was a defective product,

2.  The defect must have existed at the time it left the *(manufacturer's) (seller's)* possession or control,

3.  The plaintiff suffered damages as a result of the defect, and

4.  The elements necessary to impose liability upon the defendant are present under *(at least one of)* the fault *(theory) (theories)* of *(negligence) (implied warranty) (strict liability)* as set forth in Instruction(s) __.

If you find the plaintiff proved *(the theory) (any one or more of the theories)* you should next consider the question of comparative fault as outlined in other instructions. *(It is not necessary for the plaintiff to prove each theory of liability upon which the plaintiff brings the action.)*

Each party has the burden of proving its claims of fault against any other party.

# MAINE

1 Maine Jury Instruction Manual § 7-24 (2021)

§ 7-24. Breach of Express Warranties. Instruction.

*1 Maine Jury Instruction Manual § 7-24*

*Maine Jury Instruction Manual  >  CHAPTER 7 REPRESENTATIVE CIVIL INSTRUCTIONS  >*
*CONTRACTS, WARRANTY, PRODUCT LIABILITY*

## §7-24 Breach of Express Warranties. Instruction.

The plaintiff claims that the defendants have breached express warranties that were made at the time of the sale of the _____[product involved in this case]. Any oral or written statement made by the seller to the buyer which relates to the product and becomes part of the basis of the bargain creates an express warranty that the product conforms to the statement by the seller. Any description of the product which is made part of the basis of the bargain creates an express warranty that the product conforms to the description. When a product is sold by a merchant to a consumer, the description of the product constitutes a statement that the product is fit for the ordinary purposes for which it is used.

The seller need not intend to make a warranty or use particular words such as "warranty" and/or "guarantee" to create an express warranty. You may find an express warranty in verbal statements, in promotional material prepared by or on behalf of the defendants, in patent applications and descriptions and in advertising copy prepared by or on behalf of the defendants. On the other hand, a statement merely of the general value of the product or the seller's opinion of the product does not create a warranty.

To prevail on a breach of express warranty claim, the plaintiff must prove by a preponderance of the evidence that:

1. the defendants made statements or representations amounting to express warranties concerning the quality and fitness of the _____[product];

2. the _____[product] did not possess the quality and fitness to the extent warranted by the defendants;

3. these express warranties were part of the bargain by which the defendants sold the product; and

4. The breach of express warranty was a cause of damages to the plaintiff.

If you find that the defendants have breached an express warranty to the plaintiff, then the defendants are liable for all damages resulting from that breach of warranty.

# MARYLAND

MPJI-Cv 26:6, 26:9, 26:10

MPJI-Cv 26:6. Express Warranty—Defined

MPJI-Cv 26:9. Notice of Breach of Warranty

MPJI-Cv 26:10. Warranty—Defenses

## *MPJI-Cv 26:6*

*Maryland Civil Pattern Jury Instructions (MSBA)  >  CHAPTER 26 PRODUCTS LIABILITY  >  B. LIABILITY FOR WARRANTY  >  EXPRESS WARRANTY--DEFINED*

An express warranty is a representation about a product made by the seller to a buyer who relies upon the representation in purchasing the product.

Any statement of fact made by the seller to the buyer about the product is an express warranty that the product conforms to the statement made. Such a statement may be made either orally or in writing.

No particular words are necessary to create an express warranty, nor is it necessary that the seller use formal words such as "warrant" or "guarantee," nor is it necessary that the seller have a specific intention to make a warranty.

**Source:** MICPEL

Maryland Civil Pattern Jury Instructions

Copyright 2018 by The Maryland State BarAssociation, Inc.

*MPJI-Cv 26:9*

*Maryland Civil Pattern Jury Instructions (MSBA)  >  CHAPTER 26 PRODUCTS LIABILITY  >  B.
LIABILITY FOR WARRANTY  >  NOTICE OF BREACH OF WARRANTY*

A buyer must give the seller or manufacturer notice of a breach of warranty within a reasonable time after the buyer knows or should have known that the breach occurred. What amounts to a reasonable time depends on the circumstances and the kind of product involved.

Notice may be oral or in writing. No particular form of notice is required. The seller or manufacturer must merely be informed of the alleged breach of warranty or defect in the goods. A seller or manufacturer is not liable for a breach of warranty unless notice is given.

**Source:** MICPEL

Maryland Civil Pattern Jury Instructions

Copyright 2018 by The Maryland State BarAssociation, Inc.

## *MPJI-Cv 26:10*

*Maryland Civil Pattern Jury Instructions (MSBA)  >  CHAPTER 26 PRODUCTS LIABILITY  >  B.
LIABILITY FOR WARRANTY  >  WARRANTY--DEFENSES*

---

**a. Effect of User's Allergy**

A person may not recover damages for breach of warranty if (1) the injury or damage resulted from an allergy or physical sensitivity and (2) the seller had no reason to know of that allergy or physical sensitivity.

**b. Effect of Improper Use**

A person may not recover damages for breach of warranty if the injury or damage resulting from a use of the produce in a manner that was not reasonably foreseeable by the seller.

If a person knew or should have known of a defect or condition that he or she now claims resulted from a breach of warranty, he or she may not recover for injuries caused by that defect or condition unless the continued use of the product was reasonable under the circumstances.

**Source:** MICPEL

Maryland Civil Pattern Jury Instructions
Copyright 2018 by The Maryland State BarAssociation, Inc.

# MASSACHUSETTS

Massachusetts Superior Court Civil Practice Jury Instructions §§ 11.3, 11.3.1, 14.3.4, 14.9.5

§ 11.3. Breach of Warranty

§ 11.3.1. Elements

§ 14.3.4. Express Warranties

§ 14.9.5 UCC Remedies

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME I > CHAPTER 11.*
*PRODUCT LIABILITY > § 11.3 BREACH OF WARRANTY*

## § 11.3 BREACH OF WARRANTY

The plaintiff also seeks to recover under a theory of breach of warranty. When any goods are sold, the law in Massachusetts implies a warranty, or promise, by the manufacturer that the goods are fit for the ordinary purposes for which such goods are used.[n1] An implied warranty is a promise which arises by operation of law; that is, it does not depend on whether the manufacturer made any actual statements or representations about its product. [n2] The manufacturer [n3] warrants that its product is fit for its ordinary purposes, which include both those uses which the manufacturer intended and those uses and misuses which are reasonable foreseeable. [n4] If a product is in a defective condition and thus unreasonably dangerous, then it is not fit for the product's ordinary purposes, and the merchant has breached the warranty.[n5]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS
Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# *Massachusetts Superior Court Civil Practice Jury Instructions § 11.3.1*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME I > CHAPTER 11. PRODUCT LIABILITY > § 11.3 BREACH OF WARRANTY*

## § 11.3.1 Elements

In order to prevail on the claim that the defendant breached the implied warranty of merchantability, the plaintiff has the burden of proving four essential elements of the claim. The plaintiff must prove each element by a preponderance of the evidence.

First, the plaintiff must prove that the defendant manufactured and sold the product in question.[n1]

Second, the plaintiff must prove that, at the time of [his/her] injury, [he/she] was a person whom the manufacturer might reasonably have expected to use, consume or be affected by the product in a manner that the defendant intended or reasonably could have foreseen.[n2]

Third, the plaintiff must prove that a defective condition rendering the product unreasonably dangerous existed at the time the product left the hands of the defendant, so that the product was not reasonably suitable for the ordinary uses for which goods of that kind and description were sold.[n3]

Fourth, the plaintiff must prove that the defective condition which existed at the time of the sale of the product was a cause of [his/her] injury.[n4]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

## *Massachusetts Superior Court Civil Practice Jury Instructions § 14.3.4*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 14. BASIC CONTRACT CASES > § 14.3 TERMS OF CONTRACT*

---

## § 14.3.4 Express Warranties [n1]

---

The plaintiff is claiming that the defendant violated an express warranty or guarantee that *[fill in nature of affirmation or promise]*. An express warranty is created whenever a seller makes any clear and definite promise or statement of fact, either orally or in writing, about some essential quality of an item, and that promise or statement of fact becomes part of the basis of the bargain[n2] between the buyer and the seller.[n3]

*[If relevant:]*

Any description of the product, or any sample or model of the product that is made part of the basis of the bargain between the seller and the buyer creates an express warranty that the goods will conform to the description, sample or model.[n4]

In order to prove that the defendant made an express warranty in this case, the defendant's words and actions must be a definite promise or statement of fact to the plaintiff with respect to the product. However, you do not need to find that the defendant actually used the words "guarantee," "warranty," or "promise."[n5]

In determining whether the defendant made an express warranty, it is important to distinguish between "statements of fact" or "promises" and mere expressions of opinion or recommendations. If the defendant was *only* expressing an opinion about the product, affirming its value, recommending it, or making a prediction about the product, or engaging in "sales talk" or "puffery," then the defendant did not create an express warranty.[n6] For example, statements such as "this product is wonderful" and "you will like this product," are merely "sales talk" or "puffery" and do not create an express warranty.[n7]

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

## *Massachusetts Superior Court Civil Practice Jury Instructions § 14.9.5*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 14.
BASIC CONTRACT CASES  >  § 14.9 DAMAGES*

# § 14.9.5 UCC Remedies

(a) *Transactions Involving Goods: The Uniform Commercial Code*

(b) *Seller's Remedies Under the UCC*

Unfinished Goods

A seller may in good faith salvage unfinished goods and expend reasonable funds to complete the goods ordered by the buyer, and then sell the goods to another purchaser. The seller's damages are the difference between the contract sale price and the price paid by the new purchaser, plus any incidental damages, and less any expenses saved by the buyer's breach. The breaching buyer has the burden of proving the unreasonableness of the seller's action.[n1]

Resale

The seller may resell the goods, publicly or privately, in good faith and in a commercially reasonable manner. The seller's damages are the difference between the contract price and resale price, plus any incidental damages, and less expenses saved due to the buyer's breach.[n2]

Contract-Market Price

The seller is entitled to the difference between the contract price and market price at the time and place for tender, plus any incidental damages and less expenses saved because of buyer's breach.[n3]

The seller is entitled to the contract price for the goods delivered and accepted by the buyer, for which the buyer has not paid.[n4]

(c) *Buyer's Remedies Under the UCC*

Cover Costs

The buyer's damages are the difference between the contract price and the cost of purchasing reasonable substitute goods, plus any incidental and consequential damages.[n5]

Contract-Market Price--Buyer's Damages

The buyer's damages are the difference between the market price at the time of the breach and the contract price, plus any incidental or consequential damages.[n6]

Warranty Damages

In a claim for breach of warranty, when the buyer chooses to retain the defective goods, the buyer's damages are the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, plus any incidental or consequential damages, as I have previously described.[n7]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# MICHIGAN

M Civ JI 25.01-25.04, 25.11, 25.12, 25.45, 140.41, 140.42, 141.01

25.01 Definition of Proximate Cause--Warranty

25.02 More Than One Proximate Cause--Warranty

25.03 Causation--Multiple Defendants with Warranty and Negligence Count

25.04 Causation--Multiple Defendants with Warranty Counts Only

25.11 Express Warranty--Definition

25.12 Express Warranty--Burden of Proof

25.45 Breach of Warranty: Comparative Fault--Burden of Proof (To Be Used in Cases Filed on or After March 28, 1996)

140.41 Contract Action--UCC: Express Warranty--Definition

140.42 Contract Action--UCC: Express Warranty--Burden of Proof

141.01 UCC: Seller's Breach by Delivery of Nonconforming Goods Which the Buyer Accepts—Buyer's Damages

*M Civ JI 25.01*

*Michigan Model Civil Jury Instructions  >  CHAPTER 25: PRODUCTS LIABILITY*

## Definition of Proximate Cause--Warranty

When I use the words "proximate cause" I mean first, that the failure of the product to conform to the warranty must have been a cause of plaintiff's injury, and second, that the occurrence which is claimed to have produced plaintiff's injury must have been of a type that is a natural and probable result of the failure of the product to conform to the warranty.

*M Civ JI 25.02*

*Michigan Model Civil Jury Instructions  >  CHAPTER 25: PRODUCTS LIABILITY*

## More Than One Proximate Cause--Warranty

There may be more than one proximate cause. A cause may be proximate although it and another cause act at the same time or in combination to produce the occurrence. To be a proximate cause, the claimed [failure / failures] of the [product / products] to meet the warranty need not be the only cause nor the last cause.

© 2015 Michigan Supreme Court Committee on Model Civil Jury Instructions. All Rights Reserved

## *M Civ JI 25.03*

*Michigan Model Civil Jury Instructions  >  CHAPTER 25: PRODUCTS LIABILITY*

## Causation--Multiple Defendants with Warranty and Negligence Counts

Each defendant is entitled to separate consideration as to whether [[his / her] conduct / or / the failure of [his / her] product to meet the warranty] was a proximate cause of the occurrence. If you decide that a defendant [was negligent / or / failed to meet the warranty] and that such [negligence / or / failure] was a proximate cause of the occurrence, it is not a defense that another [defendant / or / defendant's product] also may have been a cause of the occurrence.

© 2015 Michigan Supreme Court Committee on Model Civil Jury Instructions. All Rights Reserved

*M Civ JI 25.04*

*Michigan Model Civil Jury Instructions  >  CHAPTER 25: PRODUCTS LIABILITY*

## Causation--Multiple Defendants with Warranty Counts Only

If you decide that [one / one or more] of the products failed to meet the warranty and that such failure was a proximate cause of the occurrence, it is not a defense that [the other / another] defendant's product also may have been a cause of the occurrence.

© 2015 Michigan Supreme Court Committee on Model Civil Jury Instructions. All Rights Reserved

## *M Civ JI 25.11*

*Michigan Model Civil Jury Instructions* > *CHAPTER 25: PRODUCTS LIABILITY*

## Express Warranty--Definition

An express warranty is a representation or statement, made in writing, orally or by any other means, by a [manufacturer / seller], that his or her product has certain characteristics or will meet certain standards.

* (An expression of opinion which cannot reasonably be believed or relied upon is sales talk or trade puffing and is not a representation or statement of an express warranty.)

*M Civ JI 25.12*

*Michigan Model Civil Jury Instructions  >  CHAPTER 25: PRODUCTS LIABILITY*

## Express Warranty--Burden of Proof

The plaintiff has the burden of proving each of the following:

(a) that the defendant expressly warranted the product in one or more of the ways claimed by the plaintiff

(b) that the [plaintiff / plaintiff's decedent] [relied upon / or / was protected by] the warranty

(c) that the product [*description of alleged failure to meet express warranty*]

(d) that the product [*description of alleged failure to meet express warranty*] at the time it left defendant's control

(e) that the [plaintiff / plaintiff's decedent] [was injured / sustained damage]

(f) that the [*description of alleged failure to meet express warranty*] was a proximate cause of the [injuries / damages] to [plaintiff / plaintiff's decedent].

Your verdict will be for the plaintiff if you decide that all of these have been proved.

Your verdict will be for the defendant if you decide that any one of these has not been proved.

*M Civ JI 25.45*

*Michigan Model Civil Jury Instructions > CHAPTER 25: PRODUCTS LIABILITY*

## Breach of Warranty: Comparative Fault--Burden of Proof (To Be Used in Cases Filed on or After March 28, 1996)

The defendant has the burden of proof on [his / her / its] claim that the plaintiff was negligent, and that such negligence was a proximate cause of the [injuries / damages] to the plaintiff.

* Likewise, the defendant has the burden of proof on [his / her / its] claim that [name of nonparty] was negligent, and that the negligence of [*name of nonparty*] was a proximate cause of the [injuries / damages] to the plaintiff.

Negligence on the part of the plaintiff or a nonparty does not bar recovery by the plaintiff against the defendant. However, the percentage of negligence attributable to the plaintiff or the nonparty will be used by the Court to reduce the amount of recoverable damages.

If your verdict is for the plaintiff, then using 100 percent as the total fault of all persons that contributed to the plaintiff's [injuries / damages], you must determine the percentage of fault for each party or nonparty whose fault was a proximate cause of plaintiff's [injuries / damages], including the plaintiff.

The Court will furnish a Special Verdict Form to assist you in your duties. Your answers to the questions in the Special Verdict Form will provide the basis on which this case will be resolved.

## *M Civ JI 140.41*

*Michigan Model Civil Jury Instructions  >  CHAPTER 140: CONTRACT ACTION--UCC*

## Contract Action--UCC: Express Warranty--Definition

An express warranty is a statement, promise, or description made in writing, orally, or through other means by the seller to the buyer that the goods have certain characteristics or will meet certain standards, which becomes part of the basis of the bargain. A description of the goods, a sample, or a model, which is made a part of the basis of the bargain, creates an express warranty that all of the goods will conform to that description, sample, or model.

A seller can create an express warranty without intending to make a warranty, or without using words such as "warranty" or "guarantee."

An expression of the seller's opinion, a statement of value or recommendation is sales talk or trade puffing and is not an express warranty.

M Civ JI 140.41 was added January 1987.

© 2015 Michigan Supreme Court Committee on Model Civil Jury Instructions. All Rights Reserved

*M Civ JI 140.42*

*Michigan Model Civil Jury Instructions  >  CHAPTER 140: CONTRACT ACTION--UCC*

## Contract Action--UCC: Express Warranty--Burden of Proof

The buyer has the burden of proving that:

(a) the seller made an express warranty, and

(b) the goods did not conform to the warranty at the time of sale or within the time period covered by the warranty, and

(c) the buyer notified the seller of the nonconformity within a reasonable time after [he / she / it] discovered or should have discovered the nonconformity, and

(d) as a result of the nonconformity the buyer sustained damages.

Your verdict will be for the buyer if you find that the buyer has proved all of these elements.

Your verdict will be for the seller if you find that the buyer has not proved one or more of these elements.

© 2015 Michigan Supreme Court Committee on Model Civil Jury Instructions. All Rights Reserved

## *M Civ JI 141.01*

*Michigan Model Civil Jury Instructions  >  CHAPTER 141: CONTRACT DAMAGES--UCC*

# UCC: Seller's Breach by Delivery of Nonconforming Goods Which the Buyer Accepts--Buyer's Damages

If you find that the seller has breached the contract, you must compute the buyer's damages as follows:

(a) First, you must determine the value of the goods at the time and place of acceptance--their actual value.

(b) Second, you must determine the value the goods would have had at the time and place of acceptance if they had conformed to the requirements of the contract.

(c) Then you must subtract the actual value of the goods from the value the goods would have had if they had conformed to the contract.

(d) *(You must add to this amount any of the following damages you find the buyer had:

(i) any reasonable expenses incident to the seller's delay or other breach such as [*specify expenses that are claimed and in issue*],

(ii) other losses that you find resulted from the seller's breach, such as [*insert consequential damages that are claimed and in issue*], if you find that the seller at the time of contracting had reason to know of them, and the buyer could not reasonably have prevented them,

(iii) any injury to person or property proximately resulting from any breach of warranty.)

# MINNESOTA

4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.10, 22.15, 22.20, 22.50, 22.65, 22.70 (6th ed.)

CIVJIG 22.10 Express Warranty

CIVJIG 22.15 Express Warranty by Description

CIVJIG 22.20 Express Warranty by Sample or Model

CIVJIG 22.50 Express Warranty—Breach

CIVJIG 22.65 Causation

CIVJIG 22.70 Warranty—Damages

CIVJIG 22.10 Express Warranty, 4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.10...

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.10 (6th ed.)**

**Minnesota Practice Series TM**    |    September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part II. General Areas of Law**

**Division A. Contract and Warranty**

**Category 22. Warranty**

# CIVJIG 22.10 Express Warranty

Proof of express warranty by affirmation or promise

An express warranty by affirmation is created if:

1. The seller makes an affirmation of fact or promise to a buyer, and

2. The affirmation or promise relates to the goods, and

3. The affirmation or promise becomes part of the basis for the bargain.

**Definition of "affirmation"**

An "affirmation of fact" is a statement of facts relating to the subject matter of the sale.

**Basis of the bargain**

A statement of facts or promise is part of the "basis of the bargain" if it played a part in the agreement between the seller and the buyer.

**Effect of the express warranty by affirmation or promise**

With the express warranty by affirmation or promise, the seller warrants to the buyer that the goods will conform to the affirmation or promise.

(b) Any description of the goods that is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model that is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.15 (6th ed.)**

Minnesota Practice Series TM    |    September 2021 Update

Jury Instruction Guides - Civil
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

Part II. General Areas of Law

Division A. Contract and Warranty

Category 22. Warranty

# CIVJIG 22.15 Express Warranty by Description

**Proof of express warranty by description**

An express warranty by description is created if:

1. The buyer describes the goods to the seller, and

2. The description of the goods becomes part of the basis of the bargain.

**Basis of the bargain**

A description of goods is part of the "basis of the bargain" if it played a part in the agreement between the seller and the buyer.

**Effect of the express warranty by description**

With the express warranty by description, the seller warrants to the buyer that the goods will conform to the description.

Case 1:19-md-02875-RMB-SAK    Document 2008-12    Filed 04/12/22    Page 162 of 307
PageID: 59079
CIVJIG 22.20 Express Warranty by Sample or Model, 4 Minn. Prac., Jury Instr....

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.20 (6th ed.)**

**Minnesota Practice Series TM** | September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part II. General Areas of Law**

**Division A. Contract and Warranty**

**Category 22. Warranty**

# CIVJIG 22.20 Express Warranty by Sample or Model

**Proof of warranty by sample or model**

An express warranty by sample or model is created if:

1. The seller uses a sample or model of the goods, and

2. The sample or model becomes part of the basis for the bargain.

**Basis of the bargain**

A sample or model is part of the "basis of the bargain" if it played a part in the agreement between the seller and the buyer.

**Existence of an express warranty by sample or model**

It must appear that the buyer and seller made the agreement with the understanding that all the goods would be like the sample or model.

The sale is by sample if the quality is identified by reference to a sample or model.

Without this reference, whether a sale is by sample or model is determined by the intent of the parties as shown by:

1. The terms of the contract, and

2. The circumstances around the transaction.

**Effect of the express warranty by description**

With the express warranty by sample or model, the seller warrants to the buyer that the whole of the goods will conform to the sample or model.

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.50 (6th ed.)**

**Minnesota Practice Series TM** | September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part II. General Areas of Law**

**Division A. Contract and Warranty**

**Category 22. Warranty**

# CIVJIG 22.50 Express Warranty—Breach

**Breach of express warranty by affirmation or promise**

An express warranty by affirmation or promise is breached or broken if the goods do not conform to the affirmation or promise made by the seller.

**Breach of express warranty by description**

An express warranty by description is breached or broken if the goods do not conform to the description given by the seller.

**Breach of express warranty by sample or model**

An express warranty by sample or model is breached or broken if the whole of the goods does not conform to the sample or model used by the seller.

**Use Note**

This instruction covers breach of an express warranty. The warranty is breached if it does not conform to the affirmation or promise made by the seller.

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.65 (6th ed.)**

Minnesota Practice Series TM    |    September 2021 Update

Jury Instruction Guides - Civil
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

Part II. General Areas of Law

Division A. Contract and Warranty

Category 22. Warranty

# CIVJIG 22.65 Causation

**Definition of "direct cause"**

A direct cause is a cause that had a substantial part in bringing about the damage.

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.70 (6th ed.)**

**Minnesota Practice Series TM**  |  September 2021 Update

**Jury Instruction Guides - Civil**

Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part II. General Areas of Law**

**Division A. Contract and Warranty**

**Category 22. Warranty**

# CIVJIG 22.70 Warranty—Damages

**Calculation of warranty damages**

A buyer's damages for breach of warranty are the difference between:

1. The value of the goods accepted; and

2. The value of the goods if they had been as warranted.
*[The buyer also is entitled to consequential and incidental damages resulting from the seller's breach of warranty.]*

**[Definition of "consequential damages"**

"Consequential damages" include:

1. Losses resulting from general or particular requirements and needs of the buyer if:

a. The seller had reason to know about these requirements and needs when the contract was made; and

b. The buyer could not reasonably have prevented these damages.

2. Injury to persons or property as a direct result of any breach of warranty.**]**

**[Definition of "incidental damages"**

"Incidental damages" include:

1. Reasonable expenses for inspection, receipt, transportation, and care and custody of goods rightfully rejected, and

2. Any commercially reasonable charges, expenses, or commissions in connection with minimizing loss. *[Include any other reasonable expense resulting from the breach of warranty.]*

# MISSISSIPPI

Miss. Model Jury Instr. Civil § 3604

§ 3604. Products Liability—Breach of Express Warranty

*Miss. Model Jury Instr. Civil § 3604*

*Mississippi Model Jury Instructions - Civil > OTHER ACTIONS > Chapter 36: Products Liability > A. General Liability Instructions*

## 3604 Products Liability - Breach of Express Warranty

General Instruction

[Name of plaintiff] claims that [he/she] was harmed by [a/an] _____ [specify the product] [manufactured/designed/sold] by [name of defendant] because the _____ [specify the product] failed to [work/perform] as its actual warranty stated it would or that it failed to [work/perform] as [name of defendant] [claimed/stated] it would, and that [name of defendant] is legally responsible for [name of plaintiff]'s damages. To establish this claim, [name of plaintiff] must prove all of the following are more likely true than not true:

1. [Name of defendant] [manufactured/designed/sold] the _____ [specify the product]; and

2. When the _____ [specify the product] left [name of defendant]'s control, [name of defendant] [claimed/stated] that the _____ [specify the product] would _____ [describe the product's warranty] and [name of defendant]'s [claims/statements] were either an actual warranty of how the _____ [specify the product] would [work/perform] or [name of plaintiff] reasonably relied on these [claims/statements of fact] when deciding to use the _____ [specify the product]; and

3. The [actual warranty/claims/statements of fact] [was/were] false, which made the _____ [specify the product] defective; and

4. The _____ [specify the product]'s defective condition made the _____ [specify the product] unreasonably dangerous for [name of plaintiff] to use; and

5. [Name of plaintiff] was harmed by the _____ [specify the product]; and

6. The _____ [specify the product]'s defective condition was a substantial factor in causing [name of plaintiff]'s damages.

Verdict Form

We answer the questions submitted to us as follows:

1. Did [name of defendant] [manufacture/design/sell] the _____ [specify the product]?

YES _____ NO _____

K-158

Miss. Model Jury Instr. Civil § 3604

If your answer to question 1 is YES, then answer question 2. If you answered NO, stop here and tell the bailiff.

2. When the _____ [specify the product] left [name of defendant]'s control, did [name of defendant] [claim/state] that the _____ [specify the product] would _____ [describe the product's warranty] and were [name of defendant]'s [claims/statements] either an actual warranty of how the _____ [specify the product] would [work/perform] or did [name of plaintiff] reasonably rely on these [claims/statements of fact] when deciding to use the _____ [specify the product]?

YES _____ NO _____

If your answer to question 2 is YES, then answer question 3. If you answered NO, stop here and tell the bailiff.

3. [Was/Were] the [actual warranty/claims/statements of fact] false and this made the _____ [specify the product] defective?

YES _____ NO _____

If your answer to question 3 is YES, then answer question 4. If you answered NO, stop here and tell the bailiff.

4. Did the _____ [specify the product]'s defective condition make the _____ [specify the product] unreasonably dangerous for [name of plaintiff] to use?

YES _____ NO _____

If your answer to question 4 is YES, then answer question 5. If you answered NO, stop here and tell the bailiff.

5. Was [name of plaintiff] harmed by the _____ [specify the product]?

YES _____ NO _____

If your answer to question 5 is YES, then answer question 6. If you answered NO, stop here and tell the bailiff.

6. Was the _____ [specify the product]'s defective condition a substantial factor in causing [name of plaintiff]'s damages?

YES _____ NO _____

If your answer to question 6 is YES, then answer question 7. If you answered NO, stop here and tell the bailiff.

7. What are [name of plaintiff]'s damages?

$ _____ TOTAL

After you have filled out the verdict form, please tell the bailiff that you have reached a verdict.

Sources

Miss. Model Jury Instr. Civil § 3604

Mississippi Model Jury Instruction - Civil 16:1.

Miss. Code Ann. § 11-1-63(a)(i)(4) (Section 11-1-63 was amended in 2014 to include "designer.").

Practice Note: If damages need to be specified, please use Instruction 5044 Specifying Damages.

Mississippi Plain Language Model Jury Instructions - Civil Copyright © 2019 Mississippi Judicial College All Rights Reserved.

# MISSOURI

Missouri Approved Jury Instructions - Civil (MAI) 4.17, 32.25

4.17. Breach of Warranty Under Uniform Commercial Code—Accepted Goods

32.25. Warranty—Exclusion of Implied Warranty Under UCC

## *Missouri Approved Jury Instructions - Civil (MAI) 4.17*

*Missouri Approved Jury Instructions - Civil  >  4.00 DAMAGES—GENERAL*

## 4.17 [1980 New] Breach of Warranty Under Uniform Commercial Code—Accepted Goods

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe was the difference between the fair market value [1] of   *(describe the article or product)* when plaintiff discovered or should have discovered [it did not conform] [2] [it was unfit] [3] and its fair market value [1] had it been as represented by defendant [plus such sum as you believe will fairly and justly compensate plaintiff for any other damage plaintiff sustained as a direct result of   *(describe the article or product)* [failing to conform] [2] [being unfit]. [3] ] [4]

*Missouri Approved Jury Instructions - Civil (MAI) 25.07*

*Missouri Approved Jury Instructions - Civil  >  25.00 VERDICT DIRECTING--BREACH OF WARRANTY AND PRODUCT LIABILITY*

## 25.07 [1991 Revision] Breach of Express Warranty Under Uniform Commercial Code

Your verdict must be for plaintiff if you believe:

First, defendant sold[1] and plaintiff[2] purchased[1]  *(here describe the article or product)*, and

Second, defendant represented [by  *(here insert conduct claimed to have constituted a representation)*][3] that  *(here insert the representation claimed to be an express warranty under § 400.2–313, RSMo)*, and

Third, such representation [was made to induce plaintiff to purchase][1] [or] [was a material factor in plain tiffs decision to purchase][1] the  *(describe the article or product)*,[4] and

Fourth, the  *(describe the article or product)* did not conform to such representation made by defendant, and

Fifth, within a reasonable time after plaintiff knew or should have known of such failure to conform, plaintiff gave defendant notice thereof, and

Sixth, as a direct result of such failure to conform, plaintiff was damaged.

 * [unless you believe plaintiff is not entitled to recover by reason of Instruction Number _____  *(here insert number of affirmative defense instruction) ]*.

# MONTANA

Montana Pattern Civil Jury Instructions (MPI) 14.00-14.04, 14.12

14.00. Transition

14.01. Warranty—Express Warranty (General)

14.02. Warranty—Express Warranty (Formal Words Not Required)

14.03. Warranty—Express Warranty (Statement of Opinion)

14.04. Warranty—Express Warranty (Buyer's Examination of Goods)

14.12. Warranty—Notice of Breach

*Montana Pattern Civil Jury Instructions (MPI) 14.00*

*Montana Pattern Civil Jury Instructions  >  CHAPTER 14 WARRANTY*

## 14.00 Transition

INSTRUCTION NO. _____

   In this case, plaintiff seeks to establish liability on different theories, one of which is breach of warranty. A breach of warranty may be established without proof of negligence on the part of the defendant.

   GIVEN:

   District Judge

   Proposed by P(#_____), D(#_____), Ct(#_____)

   Disposition G_____R_____W_____

Montana Pattern Civil Jury Instructions

*Montana Pattern Civil Jury Instructions (MPI) 14.01*

*Montana Pattern Civil Jury Instructions > CHAPTER 14 WARRANTY*

## 14.01 Warranty - Express Warranty (General)

INSTRUCTION NO. _____

Any direct and positive representation of a fact made orally or in writing by the seller to the buyer which relates to the goods, which becomes part of the basis of the bargain between the buyer and seller, constitutes an express warranty that the goods shall conform to the representation.

[Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.]

[Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.]

GIVEN:

District Judge

Source: *Section 30-2-313(1), MCA.*

Proposed by P(#_____), D(#_____), Ct(#_____)

Disposition G_____R_____W_____

Montana Pattern Civil Jury Instructions

*Montana Pattern Civil Jury Instructions (MPI) 14.02*

*Montana Pattern Civil Jury Instructions > CHAPTER 14 WARRANTY*

## 14.02 Warranty - Express Warranty (Formal Words Not Required)

INSTRUCTION NO. _____

An express warranty may be created even though the seller does not use formal words such as "warrant" or "guarantee" and even though the seller does not have a specific intention to make a warranty.

GIVEN:_____

District Judge

Source: *Section 30-2-313(2), MCA.*

Proposed by P(#_____), D(#_____), Ct(#_____)

Disposition G_____R_____W_____

Montana Pattern Civil Jury Instructions

*Montana Pattern Civil Jury Instructions (MPI) 14.03*

*Montana Pattern Civil Jury Instructions  >  CHAPTER 14 WARRANTY*

## 14.03 Warranty - Express Warranty (Statement of Opinion)

INSTRUCTION NO. _____

A statement purporting to be merely the seller's opinion or belief with respect to the transaction, or commendation of the goods does not create an express warranty. In determining whether statements made by the seller were an expression of opinion, as opposed to statements of fact, you may consider the surrounding circumstances under which the statement was made, the manner in which the statement was made and the ordinary effect of the words used. You may also consider the relationship of the parties and the subject matter with which the statement was concerned.

GIVEN:_____

District Judge

Montana Pattern Civil Jury Instructions

*Montana Pattern Civil Jury Instructions (MPI) 14.04*

*Montana Pattern Civil Jury Instructions  >  CHAPTER 14 WARRANTY*

## 14.04 Warranty - Express Warranty (Buyer's Examination of Goods)

INSTRUCTION NO. _____

The buyer may rely on an express warranty even though he/she had the opportunity to but did not examine the goods before making the purchase. If he/she actually examined them, he/she may still rely on the seller's express warranty rather than his/her own examination as to any defect which is latent and concealed.

GIVEN:_____

District Judge

Montana Pattern Civil Jury Instructions

## *Montana Pattern Civil Jury Instructions (MPI) 14.12*

*Montana Pattern Civil Jury Instructions  >  CHAPTER 14 WARRANTY*

## 14.12 Warranty - Notice of Breach

INSTRUCTION NO. _____

A seller is not liable for a breach of warranty unless the buyer, within a reasonable time after he/she discovers or should have discovered any breach, notifies the seller of the breach. What is reasonable time depends upon the nature of the contract, the kind of goods involved and all the surrounding circumstances. The notice need not be in any particular form and it may be either oral or written. It must, however, fairly inform the seller of a breach of warranty and that the buyer looks to the seller for damages.

GIVEN:_____

District Judge

Montana Pattern Civil Jury Instructions

# NEBRASKA

NJI 2d Civ. 11.40, 11.41, 11.45

11.40. Breach of Express Warranty—Burden of Proof

11.41. Express Warranty Defined

11.45. Notice of Breach of Warranty

*NJI 2d Civ. 11.40*

*Nebraska Jury Instructions, Civil > Volume 1 > Chapter 11: Liability of Suppliers of Personal Property for Damages Caused by the Chattel Supplied > E. Liability for Breach of Warranty Under the Uniform Commercial Code*

## 11.40 Breach of Express Warranty--Burden of Proof

Before the plaintiff can recover against the defendant [on (his, her, its) claim of breach of express warranty], the plaintiff must prove, by the greater weight of the evidence, each and all of the following:

1. That the defendant sold the (here insert word(s) identifying the goods in question);

2. That the defendant expressly warranted (here insert the express warranty claimed by the plaintiff);

3. That the plaintiff is a (person, party) who could have been expected to use, consume, or be affected by the (goods);

4. That the (goods) (did not conform to the warranty, were not in compliance with the warranty, were not as they were warranted to be, failed to perform as warranted, et cetera);

5. That, within a reasonable time after the plaintiff discovered [or should have discovered] the breach, (he, she, it) gave the defendant notice of breach;

6. That the (breach of this warranty, noncompliance with this warranty, failure of the goods to perform as warranted) was a proximate cause of some damage to the plaintiff; and

7. The nature and extent of that damage.

## *NJI 2d Civ. 11.41*

*Nebraska Jury Instructions, Civil > Volume 1 > Chapter 11: Liability of Suppliers of Personal Property for Damages Caused by the Chattel Supplied > E. Liability for Breach of Warranty Under the Uniform Commercial Code*

## 11.41 Express Warranty Defined

An express warranty is created in any of the following ways:

1. If the seller makes a statement of fact or a promise to the buyer, which relates to the goods and becomes part of the basis of the bargain, that creates an express warranty that the goods will conform to the statement of fact or promise.

2. If a description of the goods is part of the basis of the bargain, that creates an express warranty that the goods will conform to the description.

3. If a sample or model of the goods is part of the basis of the bargain, that creates an express warranty that the whole of the goods will conform to the sample or model.

An express warranty may be created even if formal words such as "warranty" or "guarantee" are not used, and even if the seller does not have a specific intention to make a warranty. On the other hand, a statement of the value of the goods or a statement purporting to be the seller's opinion or commendation of the goods, does not, by itself, create a warranty.

## *NJI 2d Civ. 11.45*

*Nebraska Jury Instructions, Civil > Volume 1 > Chapter 11: Liability of Suppliers of Personal Property for Damages Caused by the Chattel Supplied > E. Liability for Breach of Warranty Under the Uniform Commercial Code*

---

## 11.45 Notice of Breach of Warranty

As I said in Instruction No _____, in order to recover for breach of (here specify the kind of warranty involved or insert the word warranty), the plaintiff must prove that (he, she, it) notified the defendant of the breach, and that (he, she, it) did so within a reasonable time after (he, she, it) discovered [or should have discovered] the breach.

You must determine what amount of time is reasonable. In doing so, take into consideration the circumstances shown by the evidence in this case and the nature of the act to be done, that is, giving notice.

The notice may be oral or written. It does not have to be in any particular form and it does not have to use any particular words. Notice is sufficient if it informs the defendant of the alleged (breach of warranty, defect).

# NEVADA

1 Nevada Pattern Jury Instructions Civil 7.9, 7.10, 7.12, 7.13, 7.16, 7.17 (2019)

7.9: Breach of Warranty in General

7.10: Causation in General

7.12: Express Warranty: Elements

7.13: Exclusion or Modification of Warranties

7.16: Notice of a Breach of Warranty

7.17: Privity

## 1 Nevada Pattern Jury Instructions Civil 7.9

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 7 Product Liability Instructions*

## 7.9: Breach of Warranty in General

To establish a claim of breach of warranty, the plaintiff must prove:

1. The seller [defendant] and buyer [plaintiff] entered into a contract for the sale of goods; and

2. Defendant [expressly] or [impliedly] warranted the goods sold;

3. The goods did not conform to the [express] or [implied] warranty;

4. The warranty was not appropriately excluded or modified;

5. The breach of warranty was the legal cause of the plaintiff's damage, loss or harm; and

6. The plaintiff gave defendant timely notice of the breach of warranty.

## 1 Nevada Pattern Jury Instructions Civil 7.10

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 7 Product Liability Instructions*

## 7.10: Causation in General

A legal cause of injury, damage, loss or harm is a cause which is a substantial factor in bringing about the injury, damage, loss or harm.

Evidence of an unexpected, dangerous malfunction gives rise to an inference of a manufacturing defect. Therefore, the malfunctioning of a product is circumstantial evidence of a defective condition in spite of the lack of evidence of any specific defect in the product.

## *1 Nevada Pattern Jury Instructions Civil 7.12*

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 7 Product Liability Instructions*

## 7.12: Express Warranty: Elements

To establish a claim of breach of warranty the plaintiff must show that the seller [defendant] warranted the product. In order to show that the defendant expressly warranted the product, the plaintiff must show that the buyer [plaintiff] purchased the product from the seller [defendant]; and

1. The seller [defendant] made an affirmation of fact relating to the goods and that affirmation became a part of the basis for the bargain;

2. The seller [defendant] gave a description of the goods and that description became a part of the basis for the bargain; or

3. The seller [defendant] provided a sample or model purporting that the goods conform therewith and that sample or model became a part of the basis for the bargain.

It is not necessary for formal words such as "guarantee" or "warrantee" to be stated to create an express warranty. All statements of the seller become a basis of the bargain unless there is good reason shown to the contrary.

Mere opinion, puffery, or commendations of the goods are not sufficient to form an express warranty.

The plaintiff is not required to demonstrate actual reliance on an express warranty in order to establish a breach of warranty.

*1 Nevada Pattern Jury Instructions Civil 7.13*

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 7 Product Liability Instructions*

## 7.13: Exclusion or Modification of Warranties

The law allows sellers to limit warranties with exclusions or modifications. In order for the seller [defendant] to establish that an exclusion or modification of an express warranty is applicable and appropriate, the defendant must show:

1. The exclusion or modification is made with good faith;

2. The exclusion or modification does not impose unconscionable terms upon a party; and either

3. Before entering the contract, (a) the buyer [plaintiff] either examined the goods as fully as he or she desired; or (b) before entering the contract, the buyer [plaintiff] refused to examine the goods; or (c) the language modifying or excluding the warranty was insufficiently conspicuous for a reasonable person to have noticed it.

If the express warranty and the language of the exclusion or modification cannot be interpreted to be consistent with one another, then the exclusion or modification is inoperative to the extent that the two conflict.

*1 Nevada Pattern Jury Instructions Civil 7.16*

*Nevada Pattern Jury Instructions Civil > CHAPTER 7 Product Liability Instructions*

## 7.16: Notice of a Breach of Warranty

The seller is relieved of liability if the buyer does not give timely notice of a breach of warranty. For the seller [defendant] to establish that timely notice was not given [he][she][it] must show:

The buyer [plaintiff] purchased the goods from the seller [defendant] and

1. The buyer [plaintiff] discovered or reasonably should have discovered a defect or nonconformity in the product within a certain period of time; and

2. The buyer [plaintiff] failed to provide notice to the seller [defendant] within a reasonable period of time with regard to the defect or nonconformity discovered.

*1 Nevada Pattern Jury Instructions Civil 7.17*

*Nevada Pattern Jury Instructions Civil > CHAPTER 7 Product Liability Instructions*

## 7.17: Privity

A seller's warranty, whether express or implied, extends to any natural person who is a family member or guest in the household of the buyer, who may be reasonably expected to use, consume or be affected by the product.

# NEW HAMPSHIRE

1 New Hampshire Civil Jury Instruction 23.10-23.13 (2020)

23.10. Warranty—Definition

23.11. Notice of Breach

23.12. Express Warranty—Definition

23.13. Express Warranty—Creation by Advertisement, Sample, or Description

*1 New Hampshire Civil Jury Instruction 23.10*

*New Hampshire Civil Jury Instruction > CHAPTER 23 Products Liability > PART A. STANDARD CAUTIONARY INSTRUCTIONS FOR PRODUCTS LIABILITY*

## 23.10 Warranty—Definition

A warranty is a promise or guarantee by a manufacturer or seller that his/her product is of a certain quality or character. There are several different kinds of warranties. The word "seller" includes a manufacturer and all others who sell a product.

*1 New Hampshire Civil Jury Instruction 23.11*

*New Hampshire Civil Jury Instruction > CHAPTER 23 Products Liability > PART A. STANDARD CAUTIONARY INSTRUCTIONS FOR PRODUCTS LIABILITY*

## 23.11 Notice of Breach

The plaintiff must prove that he/she gave notice to the seller of the claimed breach of warranty within a reasonable time after he/she discovered or should have discovered the breach.

Notice need not be in any particular form. Notice is sufficient if it informs the seller that the buyer claims there has been a breach of warranty so that the seller and buyer may attempt to settle their differences. If the plaintiff failed to give notice, he/she cannot recover for breach of warranty.

## 1 New Hampshire Civil Jury Instruction 23.12

*New Hampshire Civil Jury Instruction > CHAPTER 23 Products Liability > PART A. STANDARD CAUTIONARY INSTRUCTIONS FOR PRODUCTS LIABILITY*

## 23.12Express Warranty—Definition

When a seller makes a statement that relates to the goods and becomes a part of the basis of the bargain, he/she creates an express warranty that the product will conform to his/her statement. It doesn't make any difference if the statement is made in writing or orally.

New Hampshire Civil Jury Instruction

Copyright 2022, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

## *1 New Hampshire Civil Jury Instruction 23.13*

*New Hampshire Civil Jury Instruction  >  CHAPTER 23 Products Liability  >  PART A. STANDARD CAUTIONARY INSTRUCTIONS FOR PRODUCTS LIABILITY*

## 23.13 Express Warranty—Creation by Advertisement,  Sample, or Description

A seller may create an express warranty by advertising the product, showing the buyer a sample or describing the product.

# NEW JERSEY

NJI 2d Civ. 4.21, 5.40M

NJ CV JI 4.21. Breach of Express Warranty on Sale of Goods (Contract Charges)

NJ CV JI 5.40M. Express Warranty

*NJ CV JI 4.21*

*New Jersey Model Civil Jury Charges > CHAPTER FOUR > CONTRACT CHARGES > BILATERAL CONTRACTS*

## 4.21 BREACH OF EXPRESS WARRANTY ON SALE OF GOODS[SN]

Plaintiff-buyer claims breach of an express warranty contending that [the goods] did not conform to an affirmation of fact [or promise] made by the defendant-seller to the plaintiff-buyer, about the goods. In that regard I charge you that any affirmation of fact [or promise] made by the defendant-seller to the plaintiff-buyer which related to [the goods] and became part of the basis of the bargain created an express warranty that the goods would conform to the affirmation [or promise]. In this case the affirmation of fact [or promise] was [state the affirmation of fact or promise].

If you find that [the goods] in fact conformed to that express warranty your verdict will be for defendant-seller. If you find that [the goods] did not conform to that express warranty you must then determine whether plaintiff-buyer gave notice of that fact to defendant-seller within a reasonable time after he/she discovered or should have discovered that [the goods] did not conform to the express warranty. When plaintiff should have discovered that [the goods] did not conform depends upon all the facts and circumstances, including the nature of the nonconformity, the time when [the goods] were put in use and whether the nonconformity was discoverable by customary and reasonable inspections.

Notice will be sufficient in form if it informed the defendant-seller that plaintiff-buyer claimed that [the goods] were nonconforming. If you find that plaintiff-buyer did not give such notice or did not give it within a reasonable time after he/she discovered the nonconformity or should have discovered the nonconformity, your verdict will be for defendant-seller. If you find that notice was given within a reasonable time after plaintiff-buyer discovered or should have discovered the nonconformity, your verdict will be for plaintiff-buyer and you will proceed to consider the measure of damages.

*NJ CV JI 5.40M*

*New Jersey Model Civil Jury Charges  >   CHAPTER FIVE  >   NEGLIGENCE CHARGES  >   PRODUCTS LIABILITY*

## 5.40M EXPRESS WARRANTY[SN]

Plaintiff also seeks to recover against the defendant(s) on the theory that certain express warranties made by the defendant(s) to the plaintiff have been breached. Such warranties are as follows:

*[Read the claimed express warranty or warranties.]*

*N.J.S.A.* 12A:2-313 provides that an express warranty is created by an express promise made to a buyer, which relates to the goods sold, to the effect that the goods shall conform to the promise. The promise becomes part of the inducement for the purchaser. In making such an express warranty, it is not necessary that formal words, such as "warranty" or "guarantee," be used.

If you find from a preponderance of the credible evidence that express warranties have been made and thereafter the goods fail to meet that promise, or that the defendant(s) refuses to perform in accordance with such warranties, such defendant(s) have thereby breached these express warranties and may be held liable for the plaintiff's (s') injuries proximately resulting from the breach.[n1]

New Jersey Model Civil Jury Charges (2009)

# NEW MEXICO

## 13-302A NMRA, 13-1428 NMRA

13-302A Statement of theory(ies) for recovery

13-1428 Creation and breach of express warranty

*13-302A NMRA*

*Uniform Jury Instructions - Civil > UNIFORM JURY INSTRUCTIONS--CIVIL > CHAPTER 3. ISSUES;*
*BURDEN OF PROOF; CAUSATION; EVIDENCE > PART A. STATEMENT OF ISSUES, BURDEN OF*
*PROOF*

## 13-302A Statement of theory(ies) for recovery

In this case the plaintiff(s)             (name of each plaintiff)

 seek(s) compensation from the defendant(s)             (name of each

 defendant)  for damages that plaintiff(s) say(s) were caused by

        (Negligence, [and]

        A Defective Product, [and]

        Breach of Warranty, [and]

        Breach of Contract, [and]

        Fraudulent Misrepresentation, [and]

        Etc.)

*13-1428 NMRA*

*Uniform Jury Instructions - Civil  >  UNIFORM JURY INSTRUCTIONS--CIVIL  >  CHAPTER 14.
PRODUCTS LIABILITY*

## 13-1428 Creation and breach of express warranty

A supplier's [description] [statement of fact] about [goods] [a product] which [he] [she] [it] sells, creates a warranty that the [goods] [product] will conform to the [description] [statement of fact], if,

(1) the supplier communicated the [description] [statement of fact] under circumstances which make it fair to regard it as part of the contract, and

(2) the [description] [statement of fact] is of a kind which would influence the buyer's decision to buy the [goods] [product].

[A warranty is not created by sales talk which a reasonably prudent buyer would interpret as merely a salesperson's recommendation or opinion.]

[A sample or model of the [goods] [product] may be used to create a warranty that the [goods] [product] will conform to the sample or model.]

A supplier breaches an express warranty if the [goods] [product] do not conform to the supplier's [description] [statement of fact] of their condition or promised performance.

# NEW YORK

## NY PJI 2:140, 4:1.1

PJI 2:140 Manufacturer's Liability for Breach of Express Warranty

PJI 4:1.1 Contracts—Elements [Supplemental Instruction]

*NY PJI 2:140*

*New York Pattern Jury Instructions - Civil  >  DIVISION 2. NEGLIGENCE ACTIONS  >  G. SPECIFIC NEGLIGENCE ACTIONS  >  3. Products Liability  >  c. Breach of Warranty*

## PJI 2:140. Manufacturer's Liability for Breach of Express Warranty

A manufacturer which in (advertising, labeling) its product represents the quality to the public in such a way as to induce purchase or use, thereby makes an express warranty that it will conform to the representation. If the product does not conform to the representation, the warranty is breached.

Plaintiff claims that in its (advertisement, label) defendant represented that its [ *state product* ] was [ *state representation* ] and that the [ *state product* ] did not conform to the representation in that [ *state how failed to conform* ]. If you find that defendant did not so represent the [ *state product* ], or that the [ *state product* ] in fact conformed to the representation, you will find that there was no breach of warranty and your verdict will be for defendant on this issue. If you find that the representation was made and the [ *state product* ] did not conform, you will find that defendant breached an express warranty.

In such case you will find for plaintiff on this issue provided that you additionally find all of the following: (1) that at the time of the occurrence plaintiff was using the

[ *state product* ] for the purpose and in the manner intended, (2) that plaintiff by the use of reasonable care would not have both discovered the breach and realized its danger, (3) that the breach of warranty was a substantial factor in bringing about plaintiff's injury. If you find that plaintiff misused the [ *state product* ], or knew or by the use of reasonable care would have discovered the breach and realized its danger, or that the breach was not a substantial factor in bringing about plaintiff's injury, you will find for defendant on this issue.

*NY PJI 4:1.1*

*New York Pattern Jury Instructions - Civil > DIVISION 4. CONTRACTS > A. GENERALLY > 1. Elements*

## PJI 4:1.1. Contracts--Elements [Supplemental Instruction]

AB claims that CD [ *state words or conduct on which plaintiff relies*] and that those (words, conduct) show that CD intended to be obligated by (his, her, its) (words, conduct). CD claims that (he, she, it) did not [ *state as appropriate*: say those words, engage in that conduct, intend to be obligated by (his, her, its) (words, conduct)].

The intent of the parties is determined by considering their relationship, what they said and what they did and all of the surrounding circumstances. A person's secret intent has no bearing; only the intent indicated by (his, her) (words, conduct) may be considered.

If you decide that CD did not [ *state words or conduct on which plaintiff relies*] or that CD's (statements, actions) do not show an intention to be obligated by (his, her, its) (words, conduct), you will find for CD [ *state as appropriate*: on this issue] and report your verdict to the court. If you decide that CD did [ *state words or conduct on which plaintiff relies*] and that CD's (statements, actions) show an intention to be obligated by (his, her, its) (words, conduct), you will find for AB [ *state as appropriate*: on this issue] and you will go on to consider [ *set forth next issue to be considered*].

# NORTH CAROLINA

N.C.P.I. - 741.00, 741.05, 741.10, 741.60

741.00. Warranties in Sales of Goods

741.05. Warranties in Sales of Goods—Issue of Existence of Express Warranty

741.10. Warranties in Sales of Goods—Issue of Breach of Express Warranty

741.60. Warranties in Sales of Goods—Remedy for Breach of Warranty Where Accepted Goods are Retained—Damages

## *N.C.P.I. - Civil 741.00*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY >  Chapter 1. Warranties in Sales of Goods*

# 741.00 Warranties in Sales of Goods

---

### *Warranty Series Preface*

The instructions relating to warranties in the sale of goods previously appeared in numerous charges spread between N.C.P.I.- Civil 701.10 and 731.40. All of the prior charges have been re written or deleted. The replacement instructions are collected in a single section-741.00 et. *seq.*

These warranty instructions have been edited to eliminate rare jury issues such as whether the plaintiff is a "buyer" under Article 2 of North Carolina's Uniform Commercial Code.

Use of the Uniform Commercial Code warranty provisions should be carefully coordinated with the series on statutory products liability situations (N.C.P.I.-Civil 743.05 et. *seq.* and 744.05 et. *seq.*) and the "Lemon Law" series (N.C.P.I. 745.01 et. *seq.*).

North Carolina Pattern Jury Instructions for Civil Cases
  Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

*N.C.P.I. - Civil 741.05*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY >  Chapter 1. Warranties in Sales of Goods*

## 741.05 Warranties in Sales of Goods--Issue of Existence of Express Warranty

The (*state number*) issue reads:

"Did the defendant expressly warrant to the plaintiff that the (*name good*) would conform to a [promise or representation of fact] [description] [sample or model]?[1] On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant expressly warranted that the (*name good*) would conform to a [promise or representation of fact] [description] [sample or model].

To create an express warranty, a seller need not use such formal words such as "warrant" or "guarantee," or even have a specific intention to create a warranty. Moreover, a warranty is not created by a mere statement of the value of a (*name good*) or a seller's mere opinion or commendation of a (*name good*).[2]

An express warranty may be created in several ways. [A seller creates an express warranty by making a promise or representation of fact to the buyer which relates to the (*name good*) being sold and which becomes part of the basis of the bargain between them. An express warranty created this way requires the (*name good*) being sold to conform to the seller's promise or representation of fact.][3]

N.C.P.I. - Civil 741.05

[A seller (also) creates an express warranty by making a description of the (*name good*) being sold part of the basis of the bargain with the buyer. An express warranty created this way requires the (*name good*) being sold to conform to the seller's description.][4]

[A seller (also) creates an express warranty by showing or demonstrating to the buyer a sample or model of the (*name good*) being sold. An express warranty created this way requires the (*name good*) being sold to conform to the seller's sample or model.[5]

Finally, as to this (state *number*) issue, on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant expressly warranted to the plaintiff that the (*name good*) would conform to a [promise or representation of fact] [description] [sample or model], then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

## *N.C.P.I. - Civil 741.10*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY  >  Chapter 1. Warranties in Sales of Goods*

## 741.10 Warranties in Sales of Goods--Issue of Breach of Express Warranty

The (*state number*) issue reads:

"Did the defendant breach the express warranty made to the plaintiff?"

You will answer this issue only if you have answered the (*state number*) issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant breached the express warranty made to the plaintiff.

A breach occurs when a (*name good*) fails in any respect to conform to the express warranty made by the seller. That is, the (name good)

[does not conform to the promise or representation of fact made by the seller to the buyer which related to the (*name good*) and became part of the basis of the bargain between them]

[does not conform to the description of the (*name good*) which was made part of the basis of the bargain between the buyer and the seller]

[does not conform to the sample or model which was made part of the basis of the bargain between the buyer and the seller].

Finally, as to this (*state number*) issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant breached the express warranty made to the plaintiff, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases

  Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

*N.C.P.I. - Civil 741.60*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY  >  Chapter 1. Warranties in Sales of Goods*

## 741.60 Warranties in Sales of Goods--Remedy for Breach of Warranty Where Accepted Goods are Retained--Damages

The *(state number)* issue reads:

"What amount of money damages is the plaintiff entitled to recover from the defendant for breach of warranty?"

If you have answered the *(state number)* issue "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

The plaintiff may also be entitled to recover actual damages.[1] On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of damages sustained, if any, as a result of the breach.

A person injured by a breach of warranty is entitled to be placed, insofar as this can be done by money, in the same position he would have occupied if there had been no breach of the warranty.

You may determine these damages this way:[2]

  (1) first, find what the value of the *(name good)* would have been at the time and place of acceptance if it had been as it was warranted to be, and

  (2) second, find what the value of the *(name good)* actually was at the time and place of acceptance, and

  (3) third, subtract the second figure from the first figure,[3] and add to the difference all incidental and

consequential damages if any, sustained by the plaintiff.[4]

(Incidental damages recoverable by a buyer include expenses reasonably incident to delay or other breach.)

(Consequential damages recoverable by a buyer include any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably have been prevented by the purchase of substitute goods or otherwise, and injury to person or property proximately resulting from any breach of warranty.)

The plaintiff's damages are to be reasonably determined from the evidence presented in the case. The plaintiff is not required to prove with mathematical certainty the extent of the financial injury in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. However, an award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. You may not award any damages based upon mere speculation or conjecture.

Finally, as to this *(state number)* issue upon which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of damages sustained by the plaintiff by reason of the defendant's breach of warranty, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

# NORTH DAKOTA

ND. J.I. Civ. §§ 2.80, 74.08

§ 2.80. Definition of "Fault"

§ 74.08. Measure of Damages (Breach of Warranty—Accepted Goods)

## *ND. J.I. Civ. § 2.80*

*North Dakota Pattern Jury Instructions - Civil > NORTH DAKOTA PATTERN JURY INSTRUCTIONS-CIVIL > TORT LIABILITY*

## § C - 2.80 Definition of "Fault" 2000

The term "fault" as used in these instructions means [strict liability for product defect] [breach of warranty] [negligence] [assumption of risk] [misuse of a product for which the Defendant otherwise would be liable] [dram shop liability] [failure to exercise reasonable care to avoid an injury or to mitigate damages].

*ND. J.I. Civ. § 74.08*

*North Dakota Pattern Jury Instructions - Civil  >  NORTH DAKOTA PATTERN JURY INSTRUCTIONS-
CIVIL  >  DAMAGES*

## § C - 74.08 Measure of Damages (Breach of Warranty - Accepted Goods) (2004)

The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

# OHIO

1 OJI CV 505.11, 505.17, 505.45 (2020)

CV 505.11 Express Warranties

CV 505.17 Exclusion or Modification of Express Warranties

CV 505.45 Buyer's Damages for Breach of Warranty of Accepted Goods

*1 OJI CV 505.11*

*Ohio Jury Instructions  >  I Civil Instructions  >  Title 5 Civil Subject Matter Instructions: Contract-Related Issues  >  Chapter CV 505 UNIFORM COMMERCIAL CODE [SALES]  >  II. WARRANTIES; CREATION AND EXCLUSION*

## CV 505.11 Express warranties R.C. 1302.26

1. INTRODUCTION. There are two types of warranties that may accompany a sale of goods: the first is the express warranty, arising from the agreed terms of the sale; the second is the implied warranty, arising only from the fact that a sale was made. Both may exist in the same sale. If the seller defaults under either type of warranty, the buyer has remedies which will be discussed later.

2. FORMATION OF EXPRESS WARRANTY. If you find that (a) a (promise) (affirmation of fact) was made by the (seller) (the seller's representative) and (b) the (promise) (affirmation of fact) became a part of the basis of the bargain between the parties, then the agreement contains an express warranty that the goods will conform to the (promise) (affirmation of fact).

3. PROMISE OR AFFIRMATION OF FACT. The seller has made a (promise) (affirmation of fact) if, from the facts and circumstances in evidence, you find that a reasonable person in the position of the buyer would believe that the seller had made (a promise) (affirmation of fact) about the goods.

4. BASIS OF THE BARGAIN. It is not necessary that the promise or affirmation be the motivating factor of the sale or be relied upon by the buyer; it is sufficient if the (promise) (affirmation of fact) is one of the bases of the bargain. If you find, however, that the buyer did rely on the (promise) (affirmation of fact), the (promise) (affirmation of fact) would then be part of the basis of the bargain.

5. WARRANTY VS. PUFFING. No special words are needed to create an express warranty. There is no requirement that the words "warranty" or "guaranty" be used, nor must the seller intend to create a warranty. An express warranty is created if a reasonable person in the position of the buyer would understand that the seller was making a promise as to the performance of the goods or asserting a fact about the condition of the goods. If you

1 OJI CV 505.11

find, however, from all of the facts and circumstances in evidence that a reasonable person in the position of the buyer would understand that the statement was only an opinion or commendation of the goods by the seller, that statement is not an express warranty.

6. THE SELLER'S KNOWLEDGE. An express warranty has been formed by the (promise) (affirmation of fact) whether or not the seller knew the affirmation of fact was untrue or intended that the promise would be performed.

7. TIME OF MAKING THE PROMISE OR AFFIRMATION. The (promise) (affirmation of fact) need not be made before the sale is made. A (promise) (affirmation of fact) made after the sale creates an express warranty if you find that the (promise) (affirmation of fact) became a part of the basis of the bargain.

8. GOODS SOLD BY DESCRIPTION. If you find that the goods were described and that the description became a part of the basis of the bargain between the parties, the agreement contains an express warranty that the goods will conform to the description. It is not necessary that the description be the sole basis of the bargain; it is sufficient if the description is one of the bases of the bargain.

9. GOODS SOLD BY SAMPLE OR MODEL. If you find that a (sample) (model) became a part of the basis of the bargain between the parties, the agreement contains an express warranty that all of the goods will conform to that (sample) (model). It is not necessary that the (sample) (model) be the sole basis of the bargain; it is sufficient if the (sample) (model) is one of the bases of the bargain.

10. SAMPLE. A "sample" is an item drawn from the bulk of the goods which are the subject of the sale.

11. MODEL. A "model" is an item offered for inspection when the goods which are the subject matter of the sale are not at hand and which has not been drawn from the bulk of the goods which are the subject matter of the sale.

OJI
2021 (c) The Ohio Judicial Conference.

*1 OJI CV 505.17*

*Ohio Jury Instructions  >  I Civil Instructions  >  Title 5 Civil Subject Matter Instructions: Contract-Related Issues  >  Chapter CV 505 UNIFORM COMMERCIAL CODE [SALES]  >  II. WARRANTIES; CREATION AND EXCLUSION*

## CV 505.17 Exclusion or modification of express warranties R.C. 1302.29(A)

1. GENERAL. The seller claims that the disclaimer language contained in the contract document(s) (prevented an express warranty from arising) (limited the extent of the express warranty which was given).

2. DISCLAIMER EFFECTIVE. The disclaimer is effective only if you find that, at the time of the formation of this contract, the buyer knew, or reasonably should have known, that the disclaimer language was in the document and that the disclaimer language was intended to (negate) (limit) the (words) (conduct) which otherwise would have given rise to an express warranty.

3. DISCLAIMER CONSTRUCTION. You must read the disclaimer language as consistent with the (words) (conduct) which created the express warranty, if you can reasonably do so; if you cannot do so, the disclaimer is ineffective.

*1 OJI CV 505.45*

*Ohio Jury Instructions > I Civil Instructions > Title 5 Civil Subject Matter Instructions: Contract-Related Issues > Chapter CV 505 UNIFORM COMMERCIAL CODE [SALES] > V. BUYER'S REMEDIES*

## CV 505.45 Buyer's damages for breach of warranty of accepted goods R.C. 1302.88(B)

1. GENERAL. If you find that the seller breached a warranty and the buyer accepted the goods, the buyer is entitled to the difference between the value of the goods at the time and place the buyer accepted them and the value they would have had if they had been as the seller warranted. To measure these damages you first must determine the value of the goods as warranted. Then subtract the value of the goods as accepted. The difference is the seller's damages.

2. INCIDENTAL DAMAGES. *OJI-CV 505.51*.

OJI

2021 (c) The Ohio Judicial Conference.

# OREGON

Or. UCJI §§ 67.01-67.03, 67.06

§ 67.01. Warranties in General (UCC)

§ 67.02. Creation of Express Warranties (UCC)

§ 67.03. Breach of Express Warranty (UCC)

§ 67.06. Merchantability (UCC)

*Or. UCJI § 67.01*

*Oregon Uniform Civil Jury Instructions > UNIFORM COMMERCIAL CODE WARRANTIES > 067 UNIFORM COMMERCIAL CODE WARRANTIES*

## § 67.01 - Warranties in General (UCC)

Contracts for the sale of goods may contain warranties. A warranty can be express or implied.

Oregon Uniform Civil Jury Instructions

Copyright © 2020 Oregon State Bar. All Rights Reserved.

## Or. UCJI § 67.02

*Oregon Uniform Civil Jury Instructions  >  UNIFORM COMMERCIAL CODE WARRANTIES  >  067
UNIFORM COMMERCIAL CODE WARRANTIES*

# § 67.02 - Creation of Express Warranties (UCC)

In this matter the [plaintiff/defendant] is the seller and the [plaintiff/defendant] is the buyer. You must determine whether the seller created an express warranty.

[*choose one or both*]

[1]  If the seller made an affirmation of fact or promise to the buyer that related to the [*specify goods*] and was part of the basis of the parties' bargain, then the seller created an express warranty that the [*specify goods*] would conform to the affirmation or promise.

[and/or]

[2]  If the seller provided a [description, sample, and/or model] of the *goods* that was part of the basis of the parties' bargain, then the seller created an express warranty that the goods would conform to the [description, sample, and/or model].

An express warranty may be created without using formal words such as *warrant* or *guarantee*. The seller does not need to specifically intend to create an express warranty. However, an affirmation merely of the value of the goods or a statement presented as merely the seller's opinion or commendation of the goods does not create an express warranty.

Oregon Uniform Civil Jury Instructions

Copyright © 2020 Oregon State Bar. All Rights Reserved.

*Or. UCJI § 67.03*

*Oregon Uniform Civil Jury Instructions > UNIFORM COMMERCIAL CODE WARRANTIES*

## § 67.03 - Breach of Express Warranty (UCC)

To recover damages for breach of an express warranty, the buyer must prove all of the following elements:

(1)  The seller made one or more express warranties relating to the [*specify goods*];

(2)  The seller breached one or more of the express warranties because the [*specify goods*] did not conform to one or more of the express warranties;

(3)  The buyer notified the seller of the breach within a reasonable time after the buyer discovered or should have discovered the breach; and

(4)  The buyer sustained damages resulting from the seller's breach.

Oregon Uniform Civil Jury Instructions

Copyright © 2020 Oregon State Bar. All Rights Reserved.

*Or. UCJI § 67.06*

*Oregon Uniform Civil Jury Instructions  >  UNIFORM COMMERCIAL CODE WARRANTIES*

# § 67.06 - Merchantability (UCC)

In order to be merchantable, goods must at least:

(1)  Pass without objection in the trade under the contract description;

(2)  Be fit for the ordinary purposes for which such goods are used;

(3)  Run, within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved;

(4)  Be adequately contained, packaged, and labeled as the agreement may require;

(5)  Conform to the promises or affirmations of fact made on the container or label, if any; and

(6)  In the case of fungible goods, be of fair average quality within the description.

Oregon Uniform Civil Jury Instructions

Copyright © 2020 Oregon State Bar. All Rights Reserved.

# PENNSYLVANIA

Pa. SSJI (Civ) 20.10, 20.20, 20.80, 20.90

20.10. Express Warranty

20.20. Exclusion or Modification of Express Warranties

20.80. Acceptance

20.90. Revocation of Acceptance

*Pa. SSJI (Civ) 20.10*

*Pennsylvania Suggested Standard Civil Jury Instructions  >  CHAPTER 20 WARRANTY--UCC ARTICLE 2*

## 20.10 EXPRESS WARRANTY

  *[Name of buyer]* claims that  *[name of seller]* breached an express warranty under their contract.

  An express warranty is a representation that the product will have certain characteristics or that it will perform in a certain way.

   *[If existence of express warranty presents a factual question:]*

  To find that  *[name of seller]* created an express warranty,  *[name of buyer]* must prove that  *[name of seller]* represented, verbally or in writing, that  *[describe the characteristics or capabilities the buyer claims]*.

  To prove  *[name of seller]* breached an express warranty,  *[name of buyer]* must prove the product did not have the characteristic or capability  *[name of seller]* represented.

*Pa. SSJI (Civ) 20.20*

*Pennsylvania Suggested Standard Civil Jury Instructions  >  CHAPTER 20 WARRANTY--UCC ARTICLE 2*

## 20.20 * EXCLUSION OR MODIFICATION OF EXPRESS WARRANTIES <sup>SN</sup>

*[Name of buyer]* claims that  *[name of seller]* warranted that  *[describe good(s)]* [was] [were]  *[describe claim]*. *[Name of seller]* claims that [he] [she] [they] [it] [excluded] [modified]  *[describe warranty]*, by  *[describe language or acts claimed by the seller]*.

Only if both a seller's words and conduct are consistent may a seller [exclude] [modify] an express warranty.

If you find that  *[name of seller]*'s words and conduct are inconsistent, you must disregard the words or conduct tending to [exclude] [modify] the warranty.

*Pa. SSJI (Civ) 20.80*

*Pennsylvania Suggested Standard Civil Jury Instructions  >  CHAPTER 20 WARRANTY--UCC ARTICLE 2*

## 20.80 ACCEPTANCE

*[Name of seller]* claims  *[name of buyer]* accepted the [product] [goods] as delivered. If you find that  *[name of buyer]* accepted the [product] [goods], then  *[name of buyer]* had a duty to pay for [it] [them].

*[Name of buyer]* accepted the [products] [goods] if, after a reasonable opportunity to inspect the [products] [goods], [he] [she] [they] [it] did any of the following:

    1. advised  *[name of seller]* that the [product] [goods] [was] [were] acceptable;

    2. advised  *[name of seller]* that [he] [she] [they] [it] would take the [product] [goods] despite defects;

    3. failed to advise  *[name of seller]* that [he] [she] [they] [it] rejected the [product] [goods]; or

    4. acted as if [he] [she] [they] [it] now owned the [property] [goods].

If you find that  *[name of buyer]* accepted the [product] [goods],  *[name of buyer]* may still recover damages for breach of warranty if, within a reasonable time after  *[name of buyer]* discovered or should have discovered any breach, [he] [she] [they] [it] notified  *[name of seller]* of breach.

*Pa. SSJI (Civ) 20.90*

*Pennsylvania Suggested Standard Civil Jury Instructions > CHAPTER 20 WARRANTY--UCC ARTICLE 2*

## 20.90 REVOCATION OF ACCEPTANCE

*[Name of buyer]* claims that [he] [she] [they] [it] revoked acceptance of the [product] [goods].

You may find *[name of buyer]* properly revoked acceptance of the [product] [goods] if *[name of buyer]* proves the following:

1. the breach of warranty substantially impairs the [product's] [goods'] value to *[name of buyer]*; and

2. *[name of buyer]* within a reasonable time notified *[name of seller]* [he] [she] [they] [it] rejected the products based upon a breach of warranty after discovering the breach of warranty; and either:

    a. *[name of buyer]* could not reasonably have discovered the breach of warranty prior to acceptance of the product; or

    b. *[name of buyer]* accepted the product reasonably believing *[name of seller]* would correct the problem within the time remaining under the contract for *[name of seller]* to deliver the [product] [goods]; or

    c. *[name of seller]*'s assurances led *[name of buyer]* to fail to discover the breach of warranty.

# RHODE ISLAND

RI Jury Instructions Civil §§ 2007, 2010.1

2007. Breach of Express Warranty

2010.1. Notice

*RI Jury Instructions Civil § 2007*

*Model Civil Jury Instructions for Rhode Island  >  CHAPTER 2000- PRODUCT LIABILITY*

# 2007 Breach of Express Warranty

The seller of a product is liable for the harm caused by his/her/its breach of warranty that the product is fit for a particular purpose where the statements or representations forming the warranty induced the consumer to purchase the product and the consumer relied upon those statements or representations.

An express warranty by the seller of a product is created by a statement of fact or promise made by the seller to the buyer that relates to the goods sold. It becomes part of the basis of the bargain and creates an express warranty that the goods shall conform to the affirmation or promise. Any description of the goods that is made part of the basis of the bargain creates an express warranty that the goods shall conform to the product's description. It is not necessary to the creation of an express warranty that the seller use formal words such as "warranty" or "guarantee" or that they have a specific intention to make a warranty.

[However, a statement or affirmation merely of the value of the goods or a statement proposing to be merely the seller's opinion or commendation of the goods does not create an express warranty.]

*RI Jury Instructions Civil § 2010.1*

*Model Civil Jury Instructions for Rhode Island > CHAPTER 2000- PRODUCT LIABILITY > 2010 Defenses to Warranty Claims*

## 2010.1 Notice

A plaintiff must notify the seller of a breach of warranty claim within a reasonable time or the claim is barred. Whether the notice is sufficient to apprise the seller that a claim has arisen and whether the notice was provided to the seller within a reasonable time after the plaintiff discovered the breach or should have discovered the breach is for the jury to determine based on the evidence submitted at the time of trial.

# SOUTH CAROLINA

## SC JI CIVIL §§ 32-2, 32-31, 32-32, 32-33, 32-36, 32-37, 32-40

§ 32-2. Products Liability—Case Brought Under Three Theories—Introductory Charge

§ 32-31. Products Liability—Breach of Warranty—Elements

§ 32-32. Products Liability—Warranty—Defined

§ 32-33. Products Liability—Express Warranty

§ 32-36. Products Liability—Warranty—Extension to Natural Persons

§ 32-37. Products Liability—Disclaimer of Warranties

§ 32-40. Products Liability—Breach of Warranty—Buyer's Incidental & Consequential Damages

## *SC JI CIVIL § 32-2*

*South Carolina Requests to Charge - Civil > PART II. SUBSTANTIVE CHARGES > CHAPTER 32 PRODUCTS LIABILITY > A. Generally*

## § 32-2 Products Liability - Case Brought Under Three Theories - Introductory Charge

The plaintiff's claim in this case is based upon three alternative or concurrent theories: (1) negligence; (2) breach of warranty; and (3) strict liability. The plaintiff is not required to prove all three of these theories in order to recover. Proof of his claim under any one of these theories would enable you to find that he is entitled to a verdict in his favor.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL © 2016 South Carolina Bar, Continuing Legal Education Division.

## *SC JI CIVIL § 32-31*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 32*
*PRODUCTS LIABILITY  >  C. Warranty Cause of Action*

## § 32-31 Products Liability - Breach of Warranty - Elements

In a products liability case, the plaintiff is required to prove:

(1) he was injured by the product;

(2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; and

(3) that the product at the time of the accident was in essentially the same condition as when it left the hands of the defendant.

The plaintiff's complaint alleges implied warranties, express warranties, or both. To recover under a cause of action for breach of warranty, the plaintiff must prove four essential elements:

(1) the existence of an express or implied warranty;

(2) a breach of the defendant's express or implied warranty;

(3) a causal connection between the defendant's breach and the plaintiff's injury or damage; and

(4) the extent of loss proximately caused by the defendant's breach.

If you find that there was an implied warranty or an express warranty, or both, then you would go to the second element. If there was a warranty of any kind, express or implied, was the warranty breached? If you conclude that the warranty was breached, then you determine if the plaintiff was injured [and sustained property loss] as a proximate result of the breach of warranty. Liability is imposed for an injury proximately caused by a breach of warranty.

## SC JI CIVIL § 32-32

*South Carolina Requests to Charge - Civil > PART II. SUBSTANTIVE CHARGES > CHAPTER 32 PRODUCTS LIABILITY > C. Warranty Cause of Action*

## § 32-32 Products Liability - Warranty - Defined

Under its warranty theory, the plaintiff claims the defendant breached certain express and implied warranties made in connection with the sale of the [name the product].

A warranty is a statement or representation made by the seller of goods, contemporaneously with and as a part of the contract of sale, although collateral to the express object of the sale, having reference to the character, quality, fitness, or title of the goods, and by which the seller promises or undertakes to insure that certain facts are or shall be as he then represents them.

A warranty is express when the seller makes an affirmation with respect to the article to be sold, pending the contract of sale, upon which it is intended that the buyer shall rely in making the purchase. A warranty is implied when the law derives it by implication or inference from the nature of the transaction or the relative situation or circumstances of the parties.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL © 2016 South Carolina Bar, Continuing Legal Education Division.

*SC JI CIVIL § 32-33*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 32*
*PRODUCTS LIABILITY  >  C. Warranty Cause of Action*

## § 32-33 Products Liability - Express Warranty

As to express warranty, the plaintiff claims the defendant, during the course of the sale of the [name the product], made express warranties regarding the product and that these warranties were breached to the plaintiff's damage.

*South Carolina Code section 36-2-313*, entitled "Express warranties by affirmation, promise, description, sample," provides:

(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise, including those on containers or labels, made by the seller to the buyer, whether directly or indirectly, which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

Any affirmation of fact or promise, whether oral or written, made by the seller to the buyer, whether directly or indirectly, which relates to the product and becomes part of the basis of the bargain between the seller and the buyer concerning the product creates an express warranty that the product conforms to the affirmation or promise. Moreover, any description of the product that is made part of the basis of the bargain between the seller and the buyer creates an express warranty that the product shall conform to the description.

SC JI CIVIL § 32-33

It is not necessary to the creation of an express warranty that the seller, or its agents/employees, use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the product or a statement purporting to be merely the seller's opinion or commendation of the product does not create a warranty.

An express warranty by the seller to the buyer can be created by any affirmation of fact that relates to the goods and becomes part of the basis of the bargain. The warranty is that the goods will conform to the affirmation or promise. When goods do not conform to a promise or an affirmation of fact made by a seller, or the goods do not conform to a description, sample, or model, which is made part of the basis of the bargain, then a seller has breached an express warranty.

Before liability on a theory of express warranty can be imposed on a defendant in a products liability case, the plaintiff must establish the following elements:

(1) an affirmation of fact or a promise by the seller;

(2) the natural tendency of the affirmation or promise was to induce the buyer to purchase the goods;

(3) such affirmation of fact or promise became a part of the basis of the bargain;

(4) the buyer purchased the goods in reliance thereon;

(5) a breach of the express warranty by the seller; and

(6) the breach proximately caused injury to the plaintiff.

In other words, if you should find that the defendant made an affirmation of fact or promise relating to the product or a description of the product, as distinguished from an affirmation merely of the value of the product or a statement purporting to be merely the defendant's opinion of the product, and this affirmation of fact or promise or description became at least part of the bargain between the buyer and the seller, an express warranty results therefrom. In the event you should further find that the product was not as promised or described, then the defendant breached its express warranty and the plaintiff would be entitled to recover on this claim if the breach proximately caused injury to the plaintiff.

*SC JI CIVIL § 32-36*

*South Carolina Requests to Charge - Civil > PART II. SUBSTANTIVE CHARGES > CHAPTER 32 PRODUCTS LIABILITY > C. Warranty Cause of Action*

## § 32-36 Products Liability - Warranty - Extension to Natural Persons

*South Carolina Code section 36-2-318*, entitled "Third party beneficiaries of warranties express or implied," provides:

A seller's warranty, whether express or implied, extends to any natural person who may be expected to use, consume or be affected by the goods and whose person or property is damaged by breach of the warranty. A Seller may not exclude or limit the operation of this section.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

*SC JI CIVIL § 32-40*

*South Carolina Requests to Charge - Civil > PART II. SUBSTANTIVE CHARGES > CHAPTER 32
PRODUCTS LIABILITY > C. Warranty Cause of Action*

## § 32-40 Products Liability - Breach of Warranty - Buyer's Incidental and Consequential Damages

*South Carolina Code section 36-2-715* states:

(1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

(2) Consequential damages resulting from the seller's breach include

(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

(b) injury to person or property proximately resulting from any breach of warranty.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL © 2016 South Carolina Bar, Continuing Legal Education Division.

# TENNESSEE

T.P.I. Civil 10.20-10.24, 14.60, 14.63, 14.64

§ 10.20. Breach of Warranty Introduction

§ 10.21. Notice of Breach

§ 10.22. Express Warranty

§ 10.23. Exclusion of Express Warranty

§ 10.24. Buyer's Examination

§ 14.60. Introduction

§ 14.63. Buyer's Consequential Damages

§ 14.64. Buyer's Damages for Breach in Regard to Accepted Goods—Diminished Value

*T.P.I. Civil 10.20*

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 10 PRODUCTS LIABILITY  >  D. Warranty Liability*

## § 10.20 BREACH OF WARRANTY INTRODUCTION

In this case plaintiff seeks to establish liability on a breach of warranty. A breach of warranty may be established without proof of negligence on the part of the defendant and usually occurs in connection with a sale of goods.

  A sale is the transfer of ownership of goods from a seller to a buyer for a price. "Goods" means any movable property and is interchangeable with the terms "product" or "article". "Seller" includes the manufacturer, fabricator, producer, compounder, processor, assembler, retailer, wholesaler, distributor, lessor, or bailor.

  "Buyer" includes the user or consumer of the product.

  In this case, it has been alleged that a sale of   was made by   , as seller, to   , as buyer.

*T.P.I. Civil 10.21*

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 10 PRODUCTS LIABILITY  >  D. Warranty Liability*

## § 10.21 NOTICE OF BREACH

In order to recover for a breach of warranty, the buyer must have given the seller notice of the breach within a reasonable time after the buyer knew or, using reasonable care, should have known of the alleged defect. Determination of a reasonable time depends upon the circumstances and the kind of product involved.

  While no particular form of notice is required, it must inform the seller of the alleged breach and the buyer's intent to seek damages. Whether that notice was given within a reasonable time is for you to determine.

*T.P.I. Civil 10.22*

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 10 PRODUCTS LIABILITY  >  D. Warranty Liability*

## § 10.22 EXPRESS WARRANTY

A sale of goods may include a positive statement of fact or promise by the seller that the goods possess certain characteristics. An affirmation of fact or a promise is called a warranty. A warranty may be made orally or in writing, or it may be implied from the circumstances of the sale.

An affirmation of fact or promise made by the seller to the buyer that relates to the goods and upon which the buyer relies in making the decision to buy creates an express warranty that the goods shall conform to the affirmation or promise. [A sample or model upon which the buyer relies in making a decision to buy creates an express warranty that all of the goods will conform to the sample or model.] No particular word or expression is necessary to create an express warranty. It is not necessary for the seller use formal words such as "warranty" or "guaranty" or that the seller have a specific intention to make a warranty.

A statement that is merely the seller's opinion or commendation of the goods shall not be construed to create a warranty. An opinion is the expression of a conclusion or judgment that does not purport to be based on actual knowledge. To determine whether a particular statement was a statement of fact or merely an expression of opinion, you may consider:

1. The circumstances under which the statement was made;

2. The manner in which the statement was made;

3. The ordinary effect, inference, and implication of the words used;

4. The relationship of the parties, including the history of the relationship; and

5. The subject matter of the statement.

*T.P.I. Civil 10.23*

*Tennessee Pattern Jury Instructions - Civil > CHAPTER 10 PRODUCTS LIABILITY > D. Warranty Liability*

## § 10.23 EXCLUSION OF EXPRESS WARRANTY

The buyer and seller may agree that there shall be no express warranties relating to the goods or they may agree that only certain warranties shall apply and all others be excluded. If such an agreement has been made, there can be no express warranty contrary to its terms.

*T.P.I. Civil 10.24*

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 10 PRODUCTS LIABILITY  >  D. Warranty Liability*

## § 10.24 BUYER'S EXAMINATION

If, before making the purchase, the buyer examined the goods [a sample of the goods] [a model of the goods] to the buyer's satisfaction or refused to examine them, there is no implied warranty as to a defect that a reasonable examination should have revealed. If the defect could not have been discovered upon a reasonable inspection, the buyer's examination or refusal to examine the goods will not relieve the seller of responsibility for the defect.

 If the defect is latent or concealed, a buyer may rely on an express warranty even though there has been an examination or an opportunity to examine the goods before making a purchase. If the buyer has actual knowledge, however, that the goods are defective, the buyer may not rely on an express warranty.

## *T.P.I. Civil 14.60*

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 14 DAMAGES  >  C. Contract - Warranty - Sale of Goods*

# § 14.60 INTRODUCTION

If you find the plaintiff is entitled to a verdict against the defendant for breach of a contract or warranty, you must award damages in an amount that will reasonably compensate the plaintiff for each of the following elements of claimed loss or harm, provided you find it was [or will be] suffered by the plaintiff as a result of the defendant's breach. The amount of such award shall include:

*T.P.I. Civil 14.63*

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 14 DAMAGES  >  C. Contract - Warranty - Sale of Goods*

## § 14.63 BUYER'S CONSEQUENTIAL DAMAGES

Any loss resulting to the buyer from requirements and needs known to the seller at the time of contracting provided the loss could not have been prevented by the buyer having timely purchased or contracted to purchase substitute goods.

Injury to a person or property resulting from any breach of

warranty.

*T.P.I. Civil 14.64*

*Tennessee Pattern Jury Instructions - Civil > CHAPTER 14 DAMAGES > C. Contract - Warranty - Sale of Goods*

## § 14.64 BUYER'S DAMAGES FOR BREACH IN REGARD TO ACCEPTED GOODS - DIMINISHED VALUE

The difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted.

# TEXAS

PJC 70.2, 71.12, 102.8, 102.9

PJC 70.2 Proximate Cause--Breach of Warranty

PJC 71.12 Breach of Express Warranty

PJC 102.8 Question and Instructions on Warranty

PJC 102.9 Express Warranty--Goods or Services

*PJC 70.2*

*Texas Civil Pattern Jury Charges  >  Malpractice, Premises & Products 2020 Edition  >  CHAPTER 70
PRODUCTS LIABILITY--DEFINITIONS, INSTRUCTIONS, AND PRELIMINARY QUESTIONS*

## PJC 70.2 Proximate Cause--Breach of Warranty

"Proximate cause" means a cause that was a substantial factor in bringing about an [ *injury* ] [ *occurrence* ], and without which cause such [ *injury* ] [ *occurrence* ] would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the [ *injury* ] [ *occurrence* ], or some similar [ *injury* ] [ *occurrence* ], might reasonably result therefrom. There may be more than one proximate cause of an [ *injury* ] [ *occurrence* ].

# *PJC 71.12*

*Texas Civil Pattern Jury Charges > Malpractice, Premises & Products 2020 Edition > CHAPTER 71
PRODUCTS LIABILITY–THEORIES OF RECOVERY*

## PJC 71.12 Breach of Express Warranty (Tex. UCC § 2.313)

QUESTION _____

Did *the power brakes fail to function normally with the engine not running,* and, if so, was such failure a proximate cause of the [ *injury*] [ *occurrence*] in question?

Answer "Yes" or "No."

Answer: _____

# *PJC 102.8*

*Texas Civil Pattern Jury Charges > Business, Consumer, Insurance & Employment 2020 Edition > CHAPTER 102 THE TEXAS DECEPTIVE TRADE PRACTICES ACT AND CHAPTER 541 OF THE TEXAS INSURANCE CODE*

## PJC 102.8 Question and Instructions on Warranty (DTPA § 17.50(a)(2); Tex. UCC §§ 2.313-.315)

QUESTION ______

Was the failure, if any, of *Don Davis* to comply with a warranty a producing cause of damages to *Paul Payne?*

"Producing cause" means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.

"Failure to comply with a warranty" means any of the following:

*[Insert appropriate instructions.]*

Answer "Yes" or "No."

Answer: ______________

*PJC 102.9*

*Texas Civil Pattern Jury Charges  >  Business, Consumer, Insurance & Employment 2020 Edition  >*
*CHAPTER 102 THE TEXAS DECEPTIVE TRADE PRACTICES ACT AND CHAPTER 541 OF THE*
*TEXAS INSURANCE CODE*

## PJC 102.9 Express Warranty--Goods or Services (DTPA § 17.50(a)(2); Tex. UCC § 2.313)

Failing to comply with an express warranty.

An express warranty is any affirmation of fact or promise made by   *Don Davis* that relates to the [ *describe particular goods*] and becomes part of the basis of the bargain. It is not necessary that formal words such as "warrant" or "guarantee" be used or that there be a specific intent to make a warranty.

 *[or]*

# UTAH

MUJI 2d CV CV201, 211, 506-07, 1023-29, 1037-39, 1041-44

CV201 "Fault" Defined

CV211 Allocation of Fault

CV506 Creation of a Warranty

CV507 Breach of Warranty Essential Elements

CV1023 Breach of Warranty. Definition of "Warranty"

CV1024 Breach of Express Warranty. Creation of an Express Warranty

CV1025 Breach of Express Warranty. Description of Goods

CV1026 Breach of Express Warranty. What is Not Required to Create an Express Warranty

CV1027 Breach of Express Warranty. Objective Standard to Create an Express Warranty

CV1028 Breach of Express Warranty. Elements of claim. (Contract)

CV1029 Breach of Express Warranty. Elements of claim. (Tort)

CV1037 Breach of Warranty. Improper Use

CV1038 Breach of Warranty. Effect of Buyer's Examination

CV1039 Breach of Warranty. Exclusion or Modification of Express Warranties by Agreement

CV1041 Breach of Warranty. Notice of Breach

CV1042 Breach of Warranty. Definition of "goods"

CV1043 Breach of Warranty. Definition of "sale" (Contract)

CV1044 Breach of Warranty. Definition of "sample" or "model" (Contract)

## *MUJI 2d CV CV201*

*Model Utah Jury Instructions, Second Edition - Civil  >  Negligence*

## CV201 "Fault" defined.

Your goal as jurors is to decide whether [name of plaintiff] was harmed and, if so, whether anyone is at fault for that harm. If you decide that more than one person is at fault, you must then allocate fault among them.

Fault means any wrongful act or failure to act. The wrongful act or failure to act alleged in this case is [negligence, etc.]

Your answers to the questions on the verdict form will determine whether anyone is at fault. We will review the verdict form in a few minutes.

## *MUJI 2d CV CV211*

*Model Utah Jury Instructions, Second Edition - Civil  >  Negligence*

## CV211 Allocation of fault.

[Name of party] claims that more than one person's fault was a cause of the harm. If you decide that more than one person is at fault, you must decide each person's percentage of fault that caused the harm. This allocation must total 100%.

You may also decide to allocate a percentage to the plaintiff. [Name of plaintiff]'s total recovery will be reduced by the percentage that you attribute to [him]. If you decide that [name of plaintiff]'s percentage is 50% or greater, [name of plaintiff] will recover nothing.

When you answer the questions on damages, do not reduce the award by [name of plaintiff]'s percentage. I will make that calculation later.

## *MUJI 2d CV CV506*

*Model Utah Jury Instructions, Second Edition - Civil  >  Professional Liability: Design Professionals*

## CV506 Creation of a warranty.

[Name of plaintiff] claims that [name of defendant] owes damages for breach of warranty. A warranty is an assurance or promise of a certain fact or condition regarding [name of defendant]'s [work/service]. A warranty that is expressed in written or oral words is an express warranty. A warranty that is made by law is known as an implied warranty. You must decide whether [name of defendant] made a warranty of [his] [work/service] to [name of plaintiff].

## *MUJI 2d CV CV507*

*Model Utah Jury Instructions, Second Edition - Civil  >  Professional Liability: Design Professionals*

## CV507 Breach of warranty essential elements.

To prove breach of warranty [name of plaintiff] must prove all of the following:

(1) [name of defendant] made a warranty [describe warranty]; and

(2) [name of plaintiff] relied on the warranty; and

(3) [name of defendant] reasonably expected that [name of plaintiff] would rely on the warranty; and

(4) [name of defendant]'s services were not as promised in the warranty; and

(5) [name of defendant]'s breach of warranty caused [name of plaintiff]'s harm; and

(6) it was reasonably foreseeable at the time the warranty was made that [name of plaintiff] would be harmed if [name of defendant]'s services were not performed as promised in the warranty.

[To establish breach of an express warranty, [name of plaintiff] does not also have to prove that the [name of defendant] breached the standard of care.]

## MUJI 2d CV CV1023

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1023 Breach of Warranty. Definition of "Warranty."

[Name of plaintiff] claims that [name of defendant] breached a warranty. A warranty is a promise or guarantee about the condition or performance of a product.

## *MUJI 2d CV CV1024*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1024 Breach of Express Warranty. Creation of an express warranty.

An express warranty is created if:

(1) The seller makes a promise or statement of fact about the [product] that reasonably persuades the other party to rely on the promise or statement. In that case, the seller has made an express warranty that the [product] will conform to the promise or statement.

(2) A description of the [product] is made part of the basis for the sale. In that case there is an express warranty that the goods will conform to the description.

(3) A sample or model is made part of the basis for the sale. In that case, there is an express warranty that the [product] will conform to the sample or model.

## MUJI 2d CV CV1025

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1025 Breach of Express Warranty. Description of goods.

A description of goods may be by words or may be expressed in any other manner, such as use of technical specifications or blueprints, which may be more exact than language. As long as the description is made part of the basis for entering into the transaction, the goods must conform to that description.

*MUJI 2d CV CV1026*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1026 Breach of Express Warranty. What is not required to create an express warranty.

A warranty does not require any particular words. Formal words such as "warrant" or "warranty" or "guarantee" are not necessary to create a warranty.

Also, [name of defendant] does not have to specifically intend to create a warranty for a warranty to exist.

But a warranty is not created simply because [name of defendant] stated the value of the [product], gave [his] opinion about the [product] or recommended the [product].

## *MUJI 2d CV CV1027*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1027 Breach of Express Warranty. Objective standard to create an express warranty.

You must consider any [statement of fact/promise/description of the product] as a reasonable person would have understood it. If a reasonable person would have relied on the [statement/promise/description] in buying the [product], then you may find that the [statement/promise/description] created an express warranty.

In deciding whether a reasonable person would have relied on the [statement/promise/description], you should consider such facts as:

(1) the ability of a reasonable buyer to see and understand whether the [product] conformed to the [statement/promise/description];

(2) how specific or vague the [statement/promise/description] was; and

(3) how believable the [statement/promise/description] was.

## *MUJI 2d CV CV1028*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1028 Breach of Express Warranty. Elements of claim. (Contract).

In this case, [name of plaintiff] claims that [name of defendant] made an express warranty that [describe the alleged warranty]. To establish this claim, [name of plaintiff] must prove all of the following:

(1) that [name of defendant] made an express warranty [that became part of the basis of the parties' bargain] [upon which [name of plaintiff] relied];

(2) that the [product] did not conform to this warranty;

(3) that [name of plaintiff] was harmed;

(4) that the failure of the [product] to conform to the warranty was a cause of [name of plaintiff]'s harm; and

(5) that [name of plaintiff] could have reasonably been expected to use or be affected by the [product].

[Name of plaintiff] does not have to prove that [name of defendant] knew or should have known that the representation or promise [he] was making was false. [Name of defendant] may be at fault for breach of warranty even if [he] exercised reasonable care in making the statement. Similarly, [name of plaintiff] can recover even though [he] did nothing to determine whether or not the statement was true.

*MUJI 2d CV CV1029*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1029 Breach of Express Warranty. Elements of claim. (Tort)

In this case, [name of plaintiff] claims that [name of defendant] made an express warranty that [describe the alleged warranty]. To establish this claim, [name of plaintiff] must prove all of the following:

(1) that [name of defendant] made an express warranty about the [product] [that became part of the basis of the parties' bargain] [upon which [name of plaintiff] relied];

(2) that the [product] did not conform to this warranty, resulting in a defective and unreasonably dangerous condition;

(3) that [name of plaintiff] was harmed;

(4) that the defective condition and failure of the [product] to conform to the warranty was a cause of [name of plaintiff]'s harm; and

(5) that [name of plaintiff] could have reasonably been expected to use or be affected by the [product].

[Name of plaintiff] does not have to prove that [name of defendant] knew or should have known that the representation or promise [he] was making was false. [Name of defendant] may be at fault for breach of warranty even if [he] exercised reasonable care in making the statement.

## *MUJI 2d CV CV1037*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1037 Breach of Warranty. Improper use.

Any warranty was based on the assumption that the [product] would be used in a reasonable manner, appropriate for the purpose for which it was intended. If you find that [name of plaintiff]'s improper use of the [product] was a cause of [his] harm, then you must find that [name of plaintiff] was at fault, and [name of plaintiff]'s fault must be compared with any fault on the part of [name of defendant] [or others], according to the other instructions I [will give] [have given] you.

*MUJI 2d CV CV1038*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1038 Breach of Warranty. Effect of buyer's examination.

If [name of plaintiff] examined the [product] [sample/model of the product] as much as [he] wanted before buying it, or if [name of defendant] demanded that [name of plaintiff] examine the product and [name of plaintiff] refused to examine it, then there is no implied warranty as to defects that a reasonable examination under the circumstances should have discovered. However, [name of defendant] is still responsible for defects that could not have been discovered by a reasonable examination.

[Name of plaintiff] may rely on an express warranty even though [he] may have had an opportunity to examine the [product] before [he] bought it. If [name of plaintiff] actually examined the [product], [he] may still rely on [name of defendant]'s express warranty rather than on [his] own examination as to any defect that was not obvious or was concealed.

## *MUJI 2d CV CV1039*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1039 Breach of Warranty. Exclusion or modification of express warranties by agreement.

The buyer and seller may agree that there are no express warranties relating to the goods [or they may agree that only certain warranties apply and all others are excluded]. If such an agreement was made, there is no express warranty contrary to the terms of the agreement.

## *MUJI 2d CV CV1041*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1041 Breach of Warranty. Notice of breach.

A seller is not liable for a breach of warranty unless the buyer gave the seller notice of the breach within a reasonable time after the buyer knew, or in the exercise of reasonable care should have known, of the alleged [defect in goods] [breach of warranty]. What amounts to a reasonable time depends on the circumstances and the kind of product involved.

Notice may be oral or in writing; no particular form of notice is required. The notice must inform the seller of the alleged breach of warranty and buyer's intention to look to the seller for damages. Whether the buyer gave this information to the seller and, if so, whether the buyer acted within a reasonable time are for you to determine.

## *MUJI 2d CV CV1042*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1042 Breach of Warranty. Definition of "goods."

"Goods" means all tangible things, including specially manufactured products or articles, which are moveable and are the subject of the contract for sale.

*MUJI 2d CV CV1043*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1043 Breach of Warranty. Definition of "sale." (Contract)

A "sale" consists in the passing of ownership in goods from the seller to the buyer for a price.

## *MUJI 2d CV CV1044*

*Model Utah Jury Instructions, Second Edition - Civil > Product Liability*

## CV1044 Breach of Warranty. Definition of "sample" or "model." (Contract)

A "sample" is drawn from the bulk of the goods which is the subject matter of the sale. A "model" is a specially created item offered for inspection and has not been drawn from the bulk of the goods.

# VERMONT

VT Civil Jury Instructions § 6-6.11

§ 6.11. Notes about Product Liability Cases Based on Negligence and Allegations of Breach of Warranty

## *VT Civil Jury Instructions § 6-6.11*

*Vermont Civil Jury Instructions  >  6 Products Liability*

## Author

Vermont Trial Court Criminal Jury Instruction Committee

## § 6.11 Notes about Product Liability Cases Based on Negligence and Allegations of Breach of Warranty

While lawyers representing plaintiffs in product liability cases in Vermont often plead a cause of action based on strict liability, negligence and breach of warranty, it is probably simplest for the jury in lawsuits brought to recovery damages for property damage or personal injury to instruct the jury on the law of strict liability in tort. To quote the Vermont Supreme Court in *Webb v. Navistar Intern. Transp. Corp., 166 Vt. 119, 125-26 (1996),*

The doctrine of strict products liability was first developed by the California Supreme Court in *Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897, 901 (1963),* and then set forth in the *RESTATEMENT (SECOND) OF TORTS § 402A* (1965). This doctrine was created in response to the limitations of traditional negligence and warranty actions for injuries caused by defective consumer goods. *Butaud v. Suburban Marine & Sporting Goods, Inc., 555 P.2d 42, 44 (Alaska 1976).* In negligence actions, plaintiffs were unable to isolate the negligence of the manufacturer as manufacturing processes became more complex. *Id.* In actions based on warranty theories, plaintiffs confronted defenses of disclaimer, notice of breach and lack of privity, also problematic in complex distribution systems. Id.*; see also* *O'Brien v. Comstock Foods, Inc., 125 Vt. 158, 162, 212 A.2d 69, 72 (1965)* (abolishing privity requirement to prove liability of food producer). Strict products liability removed the difficulties plaintiffs faced in proving warranty or negligence claims against mass producers and distributors by imposing liability upon them without regard to fault or privity of contract. See W. Keeton, et al., Prosser and Keeton on the Law of Torts § 98, at 692 (5th ed.1984). The purpose of this judicially created doctrine is to lessen the burden of proof for plaintiffs injured by defective products. *Daly v. General Motors Corp., 20 Cal.3d 725, 144 Cal.Rptr. 380, 386, 575 P.2d 1162, 1168 (1978);* see also *Zaleskie v. Joyce, 133 Vt. 150, 154-55, 333 A.2d 110, 113 (1975)* (one reason to adopt strict products liability is to respond to problems of availability of proof).

Vermont Civil Jury Instructions Copyright © 2008 Vermont Plain English Civil Jury Instruction Committee

# VIRGINIA

1 Virginia Model Jury Instructions - Civil Instruction No. 34.000-34.030, 34.100
(2021)

Instruction No. 34.000 Definition of Warranty

Instruction No. 34.010 Notice of Breach

Instruction No. 34.020 Express Warranty

Instruction No. 34.030 Express Warranty: Creation by Advertisement, Sample or Description

Instruction No. 34.100 Misuse or Unintended Use

*1 Virginia Model Jury Instructions - Civil Instruction No. 34.000*

*Virginia Model Jury Instructions - Civil  >  Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.000  Definition of Warranty

A warranty is a promise or guarantee by a manufacturer or seller that the product is of a certain quality or character. There are several different kinds of warranties; you will receive instructions on each type of warranty that you need to consider. The word "seller" includes a manufacturer and all others who sell a product.

*1 Virginia Model Jury Instructions - Civil Instruction No. 34.010*

*Virginia Model Jury Instructions - Civil > Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.010  Notice of Breach

The plaintiff must prove by the greater weight of the evidence that he gave notice to the seller of the claimed breach of warranty within a reasonable time after he discovered, or should have discovered, it. If the plaintiff fails to do so, he cannot recover.

[Notice need not be in any particular form. Notice is sufficient if it informs the seller that the buyer claims there has been a breach of warranty so that the seller and buyer may attempt to settle their differences.]

## 1 Virginia Model Jury Instructions - Civil Instruction No. 34.020

*Virginia Model Jury Instructions - Civil  >  Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.020  Express Warranty

When a seller makes a statement, either orally or in writing, which relates to the goods and becomes a part of the basis of the bargain, he creates an express warranty that the product will conform to his statement.

## *1 Virginia Model Jury Instructions - Civil Instruction No. 34.030*

*Virginia Model Jury Instructions - Civil* > *Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.030  Express Warranty: Creation by Advertisement, Sample or Description

**When a seller gives a description of the** [goods; product; (name of product)]**, orally or in writing, which relates to the** [goods; product; (name of product)] **and becomes a part of the basis of the bargain, he creates an express warranty that the** [goods; product; (name of product)] **shall conform to the description.**

[When a seller provides a sample or model of the [goods; product; (name of product)] which relates to the [goods; product; (name of product)] and becomes a part of the basis of the bargain, he creates an express warranty that the [goods; product; (name of product)] shall conform to the sample or model.]

### *1 Virginia Model Jury Instructions - Civil Instruction No. 34.100*

*Virginia Model Jury Instructions - Civil > Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.100  Misuse or Unintended Use

A plaintiff cannot recover for breach of a warranty if he misused the product in a way not reasonably foreseeable by the defendant.

# WASHINGTON

Washington Pattern Jury Instructions - Civil (WPI) 111.01, 110.01.01, 110.04, 110.07, 110.10, 110.20.01, 110.22.01

WPI 110.01.01 Manufacturer's Duty--Express Warranties

WPI 110.04 Seller--Manufacturer--Defined

WPI 110.07 Seller Other than a Manufacturer

WPI 110.10 Assumption of Risk--Contributory Negligence

WPI 110.20.01 Burden of Proof—Warranties—No Affirmative Defense

WPI 110.22.01 Burden of Proof—Warranties—Assumption of Risk or Contributory Negligence

*Washington Pattern Jury Instructions - Civil (WPI) 110.01.01*

*Washington Pattern Jury Instructions - Civil > PART IX PARTICULARIZED STANDARDS OF CONDUCT > CHAPTER 110 PRODUCT LIABILITY*

## WPI 110.01.01 Manufacturer's Duty--Express Warranties

A manufacturer has a duty to supply products that are reasonably safe. A product may be not reasonably safe because it does not conform to he manufacturer's express warranty.

A product is not reasonably safe because it did not conform to the manufacturer's express warranty, if:

(1) the warranty is made part of the basis of the bargain;

(2) the warranty relates to a material fact or facts concerning the product; and

(3) the warranty turns out to be untrue.

If you find that the product was not reasonably safe because the product did not conform to the manufacturer's express warranty, and that this was a proximate cause of the plaintiff's [injury] [and] [or] [damage], then the manufacturer is [subject to liability] [at fault].

## *Washington Pattern Jury Instructions - Civil (WPI) 110.04*

*Washington Pattern Jury Instructions - Civil  >  PART IX PARTICULARIZED STANDARDS OF CONDUCT  >  CHAPTER 110 PRODUCT LIABILITY*

## WPI 110.04 Seller--Manufacturer--Defined

[The defendant (name) is  a manufacturer of the (fill in product).]

   [The defendant (name)   is a product seller of the (fill in product).]

   [A product seller is any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use and consumption. The term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product. [The term also includes a party who is in the business of leasing products.]]

   ["Manufacturer" includes a product seller who designs, produces, makes, fabricates, constructs, or remanufactures the relevant product or component part of a product before its sale to a user or consumer. [The term also includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer.]]

*Washington Pattern Jury Instructions - Civil (WPI) 110.07*

*Washington Pattern Jury Instructions - Civil > PART IX PARTICULARIZED STANDARDS OF CONDUCT > CHAPTER 110 PRODUCT LIABILITY*

## WPI 110.07 Seller Other than a Manufacturer

(No special instruction is set forth. Use negligence instructions from Part II of 6 Washington Practice, Washington Pattern Jury Instructions: Civil (7th ed.), or draft instructions to fit the particular case.)

*Washington Pattern Jury Instructions - Civil (WPI) 110.10*

*Washington Pattern Jury Instructions - Civil > PART IX PARTICULARIZED STANDARDS OF CONDUCT > CHAPTER 110 PRODUCT LIABILITY*

## WPI 110.10 Assumption of Risk--Contributory Negligence

[Assumption of risk occurs when a person knows of a specific risk associated with using a product, understands the nature of the risk, voluntarily chooses to accept the risk by using the product, and impliedly consents to relieve the defendant of a duty of care owed to the person in relation to the specific risk.]

[Contributory negligence is negligence on the part of a person claiming injury or damage that is a proximate cause of the injury or damage complained of.]

If you find [assumption of risk] [or] [contributory negligence] by the plaintiff, you must determine the degree, expressed as a percentage, to which plaintiff's [assumption of risk] [and] [contributory negligence] contributed to the claimed injury or damage. The court will furnish you a special verdict form for this purpose. Your answers to the questions in the special verdict form will furnish the basis by which the court will apportion damages, if any.

*Washington Pattern Jury Instructions - Civil (WPI) 110.20.01*

*Washington Pattern Jury Instructions - Civil  >  PART IX PARTICULARIZED STANDARDS OF CONDUCT  >  CHAPTER 110 PRODUCT LIABILITY*

## WPI 110.20.01 Burden of Proof--Warranties--No Affirmative Defense

The plaintiff has the burden of proving each of the following propositions:

First, that the defendant [was a manufacturer and] supplied a product that was not reasonably safe because it did not conform to the manufacturer's express warranty;

Second, that the [plaintiff was injured] [and] [or] [plaintiff's property was damaged]; and

Third, that the unsafe condition of the product was a proximate cause of the plaintiff's [injury] [and] [or] [damage].

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for the plaintiff. On the other hand, if any of these propositions has not been proved, your verdict should be for the defendant.

*Washington Pattern Jury Instructions - Civil (WPI) 110.22.01*

*Washington Pattern Jury Instructions - Civil  >  PART IX PARTICULARIZED STANDARDS OF CONDUCT  >  CHAPTER 110 PRODUCT LIABILITY*

# WPI 110.22.01 Burden of Proof--Warranties--Assumption of Risk or Contributory Negligence

The plaintiff has the burden of proving each of the following propositions:

First, that the defendant [was a manufacturer and] supplied a product that was not reasonably safe because it did not conform to the manufacturer's express warranty;

Second, that the [plaintiff was injured] [and] [or] [plaintiff's property was damaged]; and

Third, that the unsafe condition of the product was a proximate cause of the plaintiff's [injury] [and] [or] [damage].

The defendant has the burden of proving [both] [all] of the following propositions:

[First, that the plaintiff assumed the risk of injury or damage from the product;]

[Second, that the plaintiff's assumption of risk was a proximate cause of the plaintiff's own injuries or damages;]

[[Third] [First], that the plaintiff acted, or failed to act, in one of the ways claimed by the defendant, and that in so acting or failing to act, the plaintiff was negligent;]

[[Fourth] [Second], that the negligence of the plaintiff was a proximate cause of the plaintiff's own injuries or damages and was therefore contributory negligence.]

# WEST VIRGINIA

### W.Va.P.J.I. §§ 401, 408, 431-33

§ 401. Product Liability—Plaintiff's Causes of Action

§ 408. Product Liability—Strict Liability

§ 431. Product Liability—Warranties

§ 432. Product Liability—Warranties

§ 433. Product Liability—Warranties

## *W.Va.P.J.I. § 401*

*West Virginia Pattern Jury Instructions for Civil Cases > SECTION 400 - PRODUCT LIABILITY > Plaintiff's Cause(s) of Action*

[*Name of plaintiff*] claims that a [*name of product*] [*distributed/manufactured/sold*] by [*name of defendant*] injured [*him/her*]. [*Name of plaintiff*]'s case is based on [*one/two/three*] separate claim(s) against defendant. [*This/These*] claim(s) [*is/are*]:

   1. That there was a defect in the [*name of product*]; and/or

   2. That [*name of defendant*] was negligent; and/or

   3. That [*name of defendant*] breached a warranty covering [*name of product*].

I will instruct you and explain the law regarding each of these claims separately. You will then consider and decide each separately.

## *W.Va.P.J.I. § 408*

**West Virginia Pattern Jury Instructions for Civil Cases > SECTION 400 - PRODUCT LIABILITY > Strict Liability**

In the course of this trial, evidence has been introduced that the [*name of product*] [*manufactured/distributed/sold*] by [*name of defendant*] complied with certain federal or state laws or administrative regulations. When you are determining the issue(s) of [*strict liability/negligence/breach of warranty*] you may consider [*name of defendant*]'s compliance with any federal or state law or administrative regulation that prescribed standards for the manufacture of the [*name of product*] existing at the time the [*name of product*] was manufactured.

## *W.Va.P.J.I. § 431*

***West Virginia Pattern Jury Instructions for Civil Cases > SECTION 400 - PRODUCT LIABILITY > Warranties***

[*Name of plaintiff*] claims that [*he/she*] was injured by the [*name of product*] because the [*name of product*] was not suitable for [*name of plaintiff*]'s intended purpose. To establish this claim, [*name of plaintiff*] must prove all of the following:

1. That [*name of plaintiff*] [*purchased the product/was a member or guest of the purchaser's family or household, if reasonable to expect that such person may use, consume or be affected by the product*]; and

2. That, at the time of purchase, [*name of defendant*] knew or had reason to know that [*name of plaintiff/purchaser of the product*] intended to use the product for a particular purpose; and

3. That, at the time of purchase, [*name of defendant*] knew or had reason to know that [*name of plaintiff/purchaser of the product*] was relying on [*name of defendant*]'s skill and judgment to select or furnish a product that was suitable for the particular purpose; and

4. That [*name of plaintiff/purchaser of the product*] justifiably relied on [*name of defendant*]'s skill and judgment; and

5. That the [*name of product*] was not suitable for the particular purpose; and

6. That [*name of plaintiff*] was injured; and

7. That the failure of the [*name of product*] to be suitable was a substantial factor in causing [*name of plaintiff*]'s injury.

## *W.Va.P.J.I. § 432*

***West Virginia Pattern Jury Instructions for Civil Cases > SECTION 400 - PRODUCT LIABILITY > Warranties***

[*Name of defendant*] is not responsible for any injury to [*name of plaintiff*] if [*name of defendant*] proves that [*his/her/its*] [*statement/ description/sample/model/other*] was not a basis of the bargain between [*name of plaintiff*] and [*name of defendant*] or between [*the purchaser of the product*] and [*name of defendant*]. "Basis of bargain" means the foundation or main part of an agreement or deal.

The [*statement/description/sample/model/other*] is presumed to be a basis of the bargain or agreement. To overcome this presumption, [*name of defendant*] must prove that the resulting bargain or deal was not based on the [*description/sample/model/other*].

If [*name of defendant*] proves that [*name of plaintiff/purchaser of the product*] had actual acknowledge of the true condition of the [*name of product*] before agreeing to buy, the resulting bargain was not based on the [*statement/description/sample/model/other*].

## *W.Va.P.J.I. § 433*

*West Virginia Pattern Jury Instructions for Civil Cases  >  SECTION 400 - PRODUCT LIABILITY >*
*Warranties*

[*Name of defendant*] claims that [*he/she/it*] is not responsible for any injury to [*name of plaintiff*] because [*name of defendant*], by words or conduct, limited [*his/her/its*] representations regarding the [*name of product*]. To succeed on this claim, [*name of defendant*] must prove that [*he/she/it*] clearly limited the representations regarding [*insert alleged limited warranty, e.g., "warranty expires 30 days from purchase"*].

# WISCONSIN

Wis JI-Civil 3220, 3222, 3225, 3230

JI-3220 Express Warranty: General

JI-3222 Express Warranty: No Duty of Inspection

JI-3225 Express Warranty:  Statement of Opinion

JI-3230 Express Warranty: Express Warranty Under the Uniform Commercial Code

*Wis JI-Civil 3220*

*Wisconsin Civil Jury Instructions  >  CONTRACTS  >  Breach of Warranty*

## JI-3220 EXPRESS WARRANTY: GENERAL

An "express warranty" is an express statement of fact material to the transaction which is a part of the contract between the parties (and collateral to the express object of such contract). Any direct and positive representation of a fact (affirmation of a fact) (or acts equivalent to such affirmation) made by the seller to the purchaser during the negotiations to effect a sale respecting the quality of the article or the efficiency of the property sold, constitutes a warranty if relied upon by the purchaser in making the purchase.

The principal elements of an express warranty are: (1) (affirmation of a material fact) (a direct and positive representation of a fact) (a promise material to the transaction by the seller); (2) inducement to the buyer; (3) reliance thereon by the buyer. The test in determining whether   (name) made an express warranty is not whether the seller actually intended to be bound by the statement but whether he or she made (an affirmation of a material fact) (a direct and positive representation of a fact) (a promise material to the transaction), the natural tendency of which was to induce a sale and which in fact did induce a sale.

In your consideration of the question as to whether   (name) made an express warranty [here set out the purported warranty], you will take into consideration what the parties said at the time of the negotiations of the sale; the relation between the parties and what both parties fairly understood by the language that was used at the time of the sale, together with all other credible evidence in this case bearing upon this subject matter.

No particular form of words or expression is necessary to constitute an express warranty; nor is it necessary that the seller use formal words such as "warrant" or "guarantee," or other words of precisely the same meaning. Any word of affirmation used in such a manner as to show that one party expects or desires that the other party rely thereon as a matter of fact, instead of taking it as an expression of opinion or mere sales talk, constitutes a warranty. But a statement purporting to be merely the seller's opinion or belief with respect to the transaction, not amounting to a positive statement or affirmation of fact, does not create a warranty.

## *Wis JI-Civil 3222*

*Wisconsin Civil Jury Instructions > CONTRACTS > Breach of Warranty*

## JI-3222 EXPRESS WARRANTY: NO DUTY OF INSPECTION

If you find that there existed an express warranty by the seller, then there is no duty of inspection on the buyer. Even though the buyer may be negligent in failing to discover a defect in the goods purchased, he or she may, nevertheless, rely on the representations and on the warranty of the seller.

*Wis JI-Civil 3225*

*Wisconsin Civil Jury Instructions  >  CONTRACTS  >  Breach of Warranty*

## JI-3225 EXPRESS WARRANTY: STATEMENT OF OPINION

A statement which is not based on actual knowledge but is a mere expression of a conclusion or judgment is an opinion. If the statement deals with a matter of common knowledge, it is generally an opinion since the parties to the agreement are both deemed to know facts of common knowledge. Where the thing represented is susceptible of actual knowledge, it is one of fact. A seller may resort to "puffing" his or her goods, provided his or her salesmanship remains within the range of "dealer's talk" and constitutes a mere expression of opinion.

"Puffing" refers generally to an expression of opinion not made as a representation of fact.

If the statement, although it is "puffing" or an opinion, is stated as a material fact and is made for the purpose of inducing a sale, and does in fact induce the sale, then such statement becomes an express warranty. In determining whether the statement made by the seller is mere "puffing" or an expression of opinion or a statement of fact, you will consider the surrounding circumstances under which it was made, the way the statement was made, and the usual effect and meaning of the words used in such statement.

*Wis JI-Civil 3230*

*Wisconsin Civil Jury Instructions  >  CONTRACTS  >  Breach of Warranty*

## JI-3230 EXPRESS WARRANTY UNDER THE UNIFORM COMMERCIAL CODE

Any affirmation of fact (or promise) made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation (or promise).

(Any description of goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.)

(Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model. In order to constitute a sale by sample, it must appear that the parties contracted with reference to the sample, with the understanding that the whole was like it. Whenever the designation of the quality is by reference to a sample, the sale is by sample. Otherwise, whether a sale is by sample is determined by the intent of the parties as shown by the terms of the contract and the circumstances surrounding the transaction.)

# WYOMING

WJI Civil §§ 10.01, 13.01, 13.04, 13.06-13.09

§. 10.01. Comparative Fault

§. 13.01. Express Warranties Involving Transactions in Goods Covered by the UCC

§. 13.04. Exclusion or Modification of Express Warranty Under UCC

§. 13.06. Notice of Breach of Warranty Under UCC

§. 13.07. Third Party Beneficiaries of Warranties Under UCC

§. 13.08. Damages Recoverable for Breach of Warranty Under UCC

§. 13.09. Express Warranties in Non-UCC Transactions—General Statement

## 10.01. COMPARATIVE FAULT

I am now going to instruct you on comparative fault. Your goal as jurors is to decide whether [name of plaintiff] was harmed and, if so, whether anyone is at fault for that harm. If you decide that more than one person is at fault, you must then assign fault among them. ["Person" can mean an individual or a business.] You may only consider the conduct of the following persons:

LIST EACH PLAINTIFF, DEFENDANT, AND NON-PARTY ACTOR AS APPROPRIATE

[Name of plaintiff] claims that [name of defendant] is at fault. [Name of defendant] claims that [name of plaintiff/name of non-party] is/are at fault. A person is at fault when that person's [negligence][strict liability][manufacture, sale, distribution, assembly, etc. a defective product][breach of warranty] [misuse/alteration of a product],[assumption of the risk of injury], [violation of the standard of care], [etc.] is a cause of the harm claimed. The terms ["negligent"]["strictly liable"]["manufactured, sold, distributed, assembled, etc. a defective product"]["breached a warranty"], [misused/altered a product], [assumed the risk of injury], [standard of care], [etc.] and "cause" are explained in other instructions.

The verdict form provided to you includes spaces for you to record your determination of each person's comparative fault, if any, on a percentage basis. [Name of plaintiff]'s total damages will be reduced by the percentage of [name of plaintiff/name of non-party]'s fault, if any. If you assign more than 50% of fault to [name of plaintiff], [name of plaintiff] will not receive any damages. The liability of each defendant is limited by the percentage of fault, if any, that you find is attributable to that particular defendant.

If you [find] [assign] fault, the percentages must total 100 percent.

The verdict form also contains a space for you to record your determination of the total damages sustained. [If you find the plaintiff is fifty percent (50%) at fault or less] You will make a separate finding of [name of plaintiff]'s total damages. You must carefully follow the instructions on the verdict form. Do not reduce your determination of total damages by any percentage of fault you have attributed to the plaintiff, the defendant[s], or any non-party actor. The court, and not the jury, will reduce the total amount of damages by the percentage of fault you have attributed to the plaintiff [and non-party].

K-292

## 13.01. EXPRESS WARRANTIES INVOLVING TRANSACTIONS IN GOODS COVERED BY THE UNIFORM COMMERCIAL CODE

In the sale of goods, express warranties by a seller are created in the following situations: [Any representation of fact or promise that relates to the goods and becomes a part of the basis of the bargain creates an express warranty that the goods will conform to the representation or promise.] [Any description of the goods that is a part of the basis of the bargain creates an express warranty that the goods will conform to the description.] [Any sample or model that is made a part of the basis of the bargain creates an express warranty that the whole of the goods will conform to the sample or model.]

No particular word or form of expression is necessary to create an express warranty, nor is it necessary that the seller use such formal words as "warranty" or "guarantee" or that the seller have a special intention to make a warranty. However, a statement that is merely the seller's opinion of the value or merely the seller's commendation of the goods does not create a warranty.

13.04. EXCLUSION OR MODIFICATION OF EXPRESS
WARRANTY UNDER UNIFORM COMMERCIAL CODE

An express warranty may be limited or excluded entirely through words or
conduct that is inconsistent with the giving of the warranty in question.
However, words or conduct tending to create an express warranty must be
construed, wherever reasonable, to be consistent with the words or conduct
tending to limit or exclude a warranty.

## 13.06. NOTICE OF BREACH OF WARRANTY UNDER UNIFORM COMMERCIAL CODE

A seller is not liable for a breach of warranty unless the buyer within a reasonable time after he discovers or should have discovered any breach notifies the seller of the [breach] [defect]. What is a reasonable time depends upon the nature of the act to be done, the nature of the contract, and all the circumstances. The notice need not be in any particular form and it may be oral or written. It must, however, fairly inform the seller of a [breach of warranty] [defect].

## 13.07. THIRD PARTY BENEFICIARIES OF WARRANTIES UNDER UNIFORM COMMERCIAL CODE

A seller's warranty, whether express or implied, extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is damaged by breach of the warranty.

## 13.08. DAMAGES RECOVERABLE FOR BREACH OF WARRANTY UNDER UNIFORM COMMERCIAL CODE

A buyer may recover money damages from the seller based upon the seller's breach of warranty. In general, the buyer may recover for any loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable. The measure of damages for breach of warranty is the difference between the value of the goods accepted and the value they would have had if they had been as warranted.

## 13.09. EXPRESS WARRANTIES IN NON-UCC TRANSACTIONS - GENERAL STATEMENT

An express warranty is created when the seller asserts a fact about the thing sold to the buyer and that assertion becomes part of the basis of the bargain. In order for an express warranty to exist, there must be some positive and unequivocal statement of fact concerning the thing sold that is relied on by the buyer and which is understood to be an assertion of fact concerning the items sold and not an opinion. A representation that expresses the seller's opinion, belief, judgment, or estimate does not constitute an express warranty. For an express warranty to exist, it is not necessary that the word "warranty" be used by the seller.