# APPENDIX L

# STATE LAW PATTERN JURY INSTRUCTIONS – IMPLIED WARRANTY

# TABLE OF CONTENTS

| Jurisdiction[1] | Page | Title of Instructions |
|---|---|---|
| Alabama | L-1 | APJI 32.00 Introduction—Multiple Counts<br>APJI 32.20 Breach of Warranty—Implied Warranty of Fitness for a Particular Purpose<br>APJI 32.21 Breach of Warranty—Implied Warranty of Merchantability |
| Alaska | L-5 | § 07.01. Products Liability—Plaintiff's Claims |
| Arizona | L-7 | RAJI (CIVIL) 7th Contract 22, Measure of Damages (Breach of Warranty) |
| Arkansas | L-9 | AMI 301 Negligence, Fault, and Ordinary Care—Fault—Definition<br>AMI 1010 Breach of Implied Warranty of Merchantability - Burden of Proof<br>AMI 1011 Breach of Implied Warranty of Fitness for a Particular Purpose<br>AMI 1013 Claims Involving Two or More Theories of Liability<br>AMI 2507 Breach of UCC Warranty<br>AMI 2509 Implied Warranty of Merchantability<br>AMI 2510 Implied Warranty from Course of Dealing or Usage of Trade<br>AMI 2513 Implied Warranty of Fitness for a Particular Purpose<br>AMI 2514 Defense - Exclusion or Modification of Implied Warranties<br>AMI 2517 Acceptance of Goods<br>AMI 2520 Buyer's Damages for Accepted Goods—Breach of Warranty<br>AMI 2529 Limitation or Modification of Remedies for Breach of Warranty |
| California | L-23 | CACI 1231 Implied Warranty of Merchantability—Essential Factual Elements<br>CACI 1232 Implied Warranty of Fitness for a Particular Purpose—Essential Factual Elements |

---

[1] Defendants were unable to locate any civil pattern jury instructions for Louisiana, Puerto Rico and South Dakota, and were unable to locate any civil pattern jury instructions relating to breach of implied warranty claims for Connecticut, Idaho, Kentucky, Mississippi and Oklahoma.

| Jurisdiction | Page | Title of Instructions |
|---|---|---|
| | | CACI 1233 Implied Warranty of Merchantability for Food—Essential Factual Elements<br>CACI 1242 Affirmative Defense—Exclusion of Implied Warranties<br>CACI 1243 Notification/Reasonable Time<br>MB300H.140 Warranties in General<br>MB300H.146 Statement of Fact Distinguished from Expression of Opinion<br>MB300H.149 Implied Warranties of Fitness for Purpose Defined<br>MB300H.150 Seller's Knowledge of Buyer's Particular Purpose<br>MB300H.151 Buyer's Reliance on Seller's Skill<br>MB300H.152 Breach of Implied Warranty of Fitness<br>MB300H.153 Implied Warranty of Merchantability Defined<br>MB300H.155 Notice of Breach of Warranty<br>MB300H.156 Disclaimer of Implied Warranties<br>MB300H.255 Buyer's Consequential Damages<br>MB300H.258 Buyer's Damages for Accepted Goods and for Breach of Warranty |
| Colorado | L-41 | 6:14. Multiple Recovery Prohibited (When Plaintiff Suing on Alternative but Duplicative Claims for Relief)<br>14:10. Breach of Implied Warranty of Merchantability - Elements of Liability<br>14:11. Implied Warranty of Merchantability Defined<br>14:13. Breach of Implied Warranty of Fitness for a Particular Purpose - Elements of Liability<br>14:14. Implied Warranty of Fitness for a Particular Purpose Defined<br>14:15. Notice of Breach of Warranty—What Constitutes<br>14:16. Implied Warranties - Creation and Exclusion or Modification<br>14:25. Affirmative Defense—Unreasonable, Knowing Use of Defective Product or Product Not in Compliance with Warranty<br>14:28. Affirmative Defense—Comparative Fault Based on Unreasonable, Knowing Use of Product Involving Negligently Created Risk, Product Not in Compliance with Warranty, or Defective or Misrepresented Product |
| Delaware | L-51 | § 9.11. Improper Use by Plaintiff<br>§ 9.14. Statement of Opinion<br>§ 9.16. Implied Warranty of Merchantability<br>§ 9.17. Implied Warranty of Fitness for a Particular Purpose<br>§ 9.18. Scope of Warranty—Secondary Users of Product<br>§ 9.19. Exclusion of Warranties<br>§ 9.20. Exclusion of Implied Warranties<br>§ 9.21. Exclusion of Implied Warranty of Merchantability<br>§ 9.22. Exclusion of Warranty for Fitness for a Particular |

| Jurisdiction | Page | Title of Instructions |
|---|---|---|
| District of Columbia | L-62 | § 23.02. Breach of Warranty, Implied Warranty - Merchantability<br>§ 23.03. Breach of Warranty, Implied Warranty - Fitness for a Particular Purpose<br>§ 23.04. Implies Warranty - Exclusion or Limitation<br>§ 23.05. Failure to Warn<br>§ 23.10. Circumstantial Evidence of Product Defect in Breach of Warranty or Strict Liability<br>§ 23.12. Misuse |
| Florida | L-70 | 403.5. Implied Warranty of Merchantability<br>403.6. Implied Warranty of Fitness for a Particular Purpose<br>403.15. Issues on Main Claim—Implied Warranty of Fitness for a Particular Purpose |
| Georgia | L-75 | § 18.052. Warranty, Breach of; Personalty |
| Hawaii | L-77 | Instruction No. 12.2. "Seller, "Buyer," "Sale," and "Goods"<br>Instruction No. 12.3. Descriptions, Samples and Particular Words<br>Instruction No. 12.4. Basis of the Bargain<br>Instruction No. 13.1. Implied Warranty of Merchantability—Elements<br>Instruction No. 13.2. Implied Warranty of Merchantability—Defective Product<br>Instruction No. 13.3. Implied Warranty of Merchantability—Reliance Not Required<br>Instruction No. 13.4. Implied Warranty of Fitness for a Particular Purpose—Elements<br>Instruction No. 13.5. Third Party Beneficiaries of Express and Implied Warranties<br>Instruction No. 13.6. No Disclaimer of Liability for Personal Injuries to a Third Party to Whom an Express or Implied Warranty Extends<br>Instruction No. 13.7. Exclusion or Limitation of Warranties |
| Illinois | L-89 | § 34.03. Buyer<br>§ 34.04. Merchant and Transactions Between Merchants<br>§ 34.140. Warranties in General<br>§ 100.20. Issues Introduction—Breach of Warranty<br>§ 100.21. Persons to Whom Express or Implied Warranties Extend<br>§ 100.24. Burden of Proof - Breach of Implied Warranty of Merchantability<br>§ 100.25. Definition of Merchant<br>§ 100.26. Burden of Proof—Breach of Implied Warranty of Fitness for Particular Purpose<br>§ 100.58. Disclaimer of Warranty<br>§ 100.59. Lack of Notice of Breach of Warranty |

| Jurisdiction | Page | Title of Instructions |
|---|---|---|
| Indiana | L-103 | 2501. Burden of Proof<br>2503. Breach of Warranty - Elements<br>2505. Responsible Cause (Proximate Cause) - Definition<br>2506. Foreseeable Defined<br>2507. Definitions for Breach of Warranty Claims<br>2511. Warranty Not Created by Mere Opinion or Commendation<br>2513. Types of Implied Warranties<br>2515. Implied Warranty of Merchantability<br>2517. Implied Warranties Arising from Course of Dealing or Use of Trade<br>2519. Implied Warranty of Fitness for a Particular Purpose<br>2521. Exclusion or Modification of Warranties<br>2523. Cumulation and Conflict of Warranties Express or Implied<br>2525. Third Party Beneficiaries of Warranties<br>2527. Measure of Damages, Warranty Cases |
| Iowa | L-119 | § 400.1. Fault—Defined<br>§ 1100.5. Implied Warranty of Fitness for Particular Purpose—Definition<br>§ 1100.6. Essentials for Recovery - Implied Warranty of Fitness for Particular Purpose<br>§ 1100.7. Fitness—Particular Purpose<br>§ 1100.8. Reliance—Particular Purpose<br>§ 1100.9. Implied Warranty of Fitness for Particular Purpose Contract for Services<br>§ 1100.10. Implied Warranty of Merchantability—Defined<br>§ 1100.11. Essentials for Recovery—Implied Warranty of Merchantability<br>§ 1100.12. Merchant—Definition<br>§ 1100.13. Merchantability—Definition |
| Kansas | L-130 | 106.01. Issues and Burden of Proof—Plaintiff's Claim—Defendant's Defense<br>128.10. Implied Warranty of Fitness for Particular Purpose<br>128.11. Implied Warranty of Merchantability<br>128.13. Measure of Damages—Warranty Cases<br>128.14. Express or Implied Warranty—Unreasonable Use as a Defense—Comparative Fault<br>128.15. Implied Warranty of Fitness—Foreseeability—Multiple Causes<br>128.16. Express or Implied Warranty—Unreasonable use as a Defense—Comparative Fault<br>128.22. Single or Multiple Theories of Liability |
| Maine | L-140 | § 7-23. Breach of Implied Warranty of Merchantability—Instruction |

iv

| Jurisdiction | Page | Title of Instructions |
|---|---|---|
| Maryland | L-142 | MPJI-CV 26:7. Implied Warranty of Merchantability<br>MPJI-CV 26:8. Implied Warranty of Fitness for a Particular Purpose<br>MPJI-CV 26:9. Notice of Breach of Warranty<br>MPJI-CV 26:10. Warranty Defenses |
| Massachusetts | L-147 | § 11.3. Breach of Warranty<br>§ 11.3.1. Elements<br>§ 14.3.5. Implied Warranties<br>§ 14.3.6. Implied Warranty Modifications and Disclaimers<br>§ 14.9.5. UCC Remedies |
| Michigan | L-157 | 25.01. Definition of Proximate Cause—Warranty<br>25.02. More Than One Proximate Cause—Warranty<br>25.03. Causation—Multiple Defendants with Warranty and Negligence Count<br>25.04. Causation—Multiple Defendants with Warranty Counts Only<br>25.21. Implied Warranty—Definition<br>25.22. Implied Warranty—Burden of Proof<br>25.45. Breach of Warranty: Comparative Fault—Burden of Proof<br>140.43. Implied Warranty of Merchantability—Definition<br>140.44. Implied Warranty of Merchantability—Elimination or Modification<br>140.45. Implied Warranty of Merchantability—Burden of Proof<br>141.01. UCC: Seller's Breach by Delivery of Nonconforming Goods Which the Buyer Accepts—Buyer's Damages |
| Minnesota | L-169 | CIVJIG 22.25 Implied Warranty of Merchantability<br>CIVJIG 22.30 Implied Warranty—Course of Dealing<br>CIVJIG 22.35 Implied Warranty of Fitness for a Particular Purpose<br>CIVJIG 22.40 Exclusion or Modification of Warranties<br>CIVJIG 22.45 Implied Warranty—Exclusion or Modification by a Course of Dealing or Usage of Trade<br>CIVJIG 22.55 Implied Warranty of Merchantability—Breach<br>CIVJIG 22.60 Implied Warranty of Fitness for a Particular Purpose—Breach<br>CIVJIG 22.65 Causation<br>CIVJIG 22.70 Warranty—Damages |
| Missouri | L-179 | 4.17. Breach of Warranty Under Uniform Commercial Code—Accepted Goods<br>25.02. Breach of Common Law Implied Warranty of Fitness for Consumption<br>25.03. Breach of Common Law Implied Warranty of Fitness for a Particular Purpose Under UCC |

| Jurisdiction | Page | Title of Instructions |
|---|---|---|
| | | 25.08. Breach of Implied Warranty of Merchantability Under Uniform Commercial Code<br>32.25. Warranty—Exclusion of Implied Warranty Under UCC |
| Montana | L-185 | 14.00. Transition<br>14.05. Implied Warranty (Generally)<br>14.06. Implied Warranty (Merchantability)<br>14.07. Implied Warranty (Particular Purpose)<br>14.09. Implied Warranty (Course of Dealing or Usage of Trade)<br>14.10. Implied Warranty (Failure to Examine Product)<br>14.11. Implied Warranty (Disclaimer)<br>14.12. Warranty—Notice of Breach |
| Nebraska | L-195 | 11.42. Breach of Implied Warranty of Merchantability - Burden of Proof<br>11.43. Implied Warranty of Merchantability Defined<br>11.44. Breach of Implied Warranty of Fitness for a Particular Purpose - Burden of Proof<br>11.45. Notice of Breach of Warranty<br>11.46. Implied Warranties—Exclusion or Modification |
| Nevada | L-203 | 7.9. Breach of Warranty in General<br>7.10. Causation in General<br>7.11. Implied Warranty of Merchantability<br>7.13. Exclusion or Modification of Warranties<br>7.14. Implied Warranty of Fitness for a Particular Purpose<br>7.15. Buyer's Examination<br>7.16. Notice of a Breach of Warranty |
| New Hampshire | L-211 | 23.10. Warranty—Definition<br>23.11. Notice of Breach<br>23.14. Implied Warranty of Fitness for a Particular Purpose<br>23.15. Implied Warranty of Merchantability<br>23.101. Implied Warranty—Exclusion or Limitation |
| New Jersey | L-218 | NJ CV JI 4.22A Breach of Implied Warranty of Fitness for a Particular Purpose Under UCC<br>NJ CV JI 4.22B Breach of Implied Warranty of Merchantability Under UCC |
| New Mexico | L-223 | 13-302A. Statement of theory(ies) for recovery<br>13-1429. Creation of Implied Warranty of Merchantability<br>13-1430. Breach of Implied Warranty of Merchantability<br>13-1431. Creation of Implied Warranty of Fitness for a Particular Purpose |

| Jurisdiction | Page | Title of Instructions |
|---|---|---|
| | | 13-1432. Breach of Implied Warranty of Fitness for a Particular Purpose<br>13-1433. Exclusion of Implied Warranties |
| New York | L-230 | PJI 2:142 Liability for Breach of Implied Warranty<br>PJI 4:40 Warranty—Implied Warranty of Fitness for a Particular Purpose |
| North Carolina | L-234 | 741.00. Warranties in Sales of Goods<br>741.15. Issue of Existence of Implied Warranty of Merchantability<br>741.16. Issue of Seller's Defense of Modification of Implied Warranty of Merchantability<br>741.17. Issue of Seller's Defense of Exclusion of Implied Warranty of Merchantability<br>741.18. Issue of Seller's Defense of Buyer's Actual or Constructive Knowledge of Defects—Implied Warranty of Merchantability<br>741.20. Issue of Breach of Implied Warranty of Merchantability<br>741.25. Issue of Existence of Implied Warranty of Fitness for a Particular Purpose<br>741.26. Issue of Seller's Defense of Modification of Implied Warranty of Fitness for a Particular Purpose<br>741.27. Issue of Seller's Defense of Exclusion of Implied Warranty of Fitness for a Particular Purpose<br>741.28. Issue of Seller's Defense of Buyer's Actual or Constructive Knowledge of Defects—Implied Warranty of Fitness for a Particular Purpose<br>741.30. Issue of Breach of Implied Warranty of Fitness for a Particular Purpose<br>741.31. Issue of Existence of Implied Warranty Created by Course of Dealing or by Usage of Trade<br>741.32. Issue of Seller's Defense of Exclusion of Implied Warranty Crated by Course of Dealing or by Usage of Trade<br>741.33. Issue of Seller's Defense of Buyer's Actual or Constructive Knowledge of Defects—Implied Warranty Created by Course or Dealing or by Usage of Trade<br>741.34. Issue of Breach of Implied Warranty Created by Course of Dealing or Usage of Trade<br>741.60. Warranties in Sales of Goods—Remedy for Breach of Warranty Where Accepted Goods are Retained—Damages |
| North Dakota | L-254 | § 2.80. Definition of "Fault"<br>§ 74.08. Measure of Damages (Breach of Warranty—Accepted Goods) |
| Ohio | L-257 | CV 451.17 Common Law Breach of Implied Warranty |

| Jurisdiction | Page | Title of Instructions |
|---|---|---|
| | | CV 505.13 Implied Warranty—Merchantability—Usage of Trade<br>CV 505.15 Implied Warranty—Fitness for a Particular Purpose<br>CV 505.19 Exclusion or Modification of Implied Warranties<br>CV 505.45 Buyer's Damages for Breach of Warranty of Accepted Goods |
| Oregon | L-263 | § 67.01. Warranties in General (UCC)<br>§ 67.04. Implied Warranty of Fitness for a Particular Purpose<br>§ 67.05. Breach of Implied Warranty of Fitness for a Particular Purpose<br>§ 67.06. Merchantability (UCC) |
| Pennsylvania | L-268 | 20.30. Implied Warranty of Merchantability<br>20.40. Exclusion of Implied Warranty of Merchantability<br>20.50. Implied Warranty of Fitness for a Particular Purpose<br>20.60. Exclusion of Implied Warranty of Fitness for a Particular Purpose<br>20.80. Acceptance<br>20.90. Revocation of Acceptance |
| Rhode Island | L-277 | § 2008.1. Breach of Implied Warranty of Merchantability<br>§ 2008.2. Breach of Implied Warranty of Fitness for a Particular Purpose<br>§ 2010.1. Notice<br>§ 2010.2. Exclusions |
| South Carolina | L-282 | § 32-2. Products Liability—Case Brought Under Three Theories—Introductory Charge<br>§ 32-31. Products Liability—Breach of Warranty—Elements<br>§ 32-32. Products Liability—Warranty—Defined<br>§ 32-34. Implied Warranty of Merchantability<br>§ 32-35. Implied Warranty of Fitness for a Particular Purpose<br>§ 32-36. Products Liability—Warranty—Extension to Natural Persons<br>§ 32-40. Products Liability—Breach of Warranty—Buyer's Incidental & Consequential Damages |
| Tennessee | L-291 | § 10.20. Breach of Warranty Introduction<br>§ 10.21. Notice of Breach<br>§ 10.24. Buyer's Examination<br>§ 10.30. Implied Warranty of Fitness<br>§ 10.31. Implied Warranty of Merchantability<br>§ 10.32. Warranty Implied by Course of Dealing or Usage of Trade<br>§ 10.34. Disclaimer of Implied Warranty<br>§ 14.60. Introduction<br>§ 14.63. Buyer's Consequential Damages |

| Jurisdiction | Page | Title of Instructions |
|---|---|---|
| | | § 14.64. Buyer's Damages for Breach in Regard to Accepted Goods—Diminished Value |
| Texas | L-302 | PJC 70.2 Proximate Cause—Breach of Warranty<br>PJC 71.9 Breach of Implied Warranty of Merchantability<br>PJC 71.10 Breach of Implied Warranty of Merchantability<br>PJC 71.11 Breach of Implied Warranty of Fitness for a Particular Purpose<br>PJC 102.8 Question and Instructions on Warranty<br>PJC 102.10 Implied Warranty of Merchantability—Goods<br>PJC 102.11 Implied Warranty of Fitness for a Particular Purpose—Goods |
| Utah | L-310 | CV201 "Fault" Defined<br>CV211 Allocation of Fault<br>CV506 Creation of a Warranty<br>CV507 Breach of Warranty Essential Elements<br>CV1023 Breach of Warranty. Definition of "Warranty"<br>CV1030 Elements of Implied Warranty of Merchantability Claim<br>CV1031 Elements of Implied Warranty of Merchantability Claim<br>CV1032 Creation of an Implied Warranty of Fitness for a Particular Purpose<br>CV1033 Elements of Claim for Breach of an Implied Warranty of Fitness for a Particular Purpose (Contracts)<br>CV1034 Elements of Claim for Breach of an Implied Warranty of Fitness for a Particular Purpose (Tort)<br>CV1035 Warranty Implied by Course of Dealing or Usage of Trade (Contract)<br>CV1037 Breach of Warranty. Improper Use<br>CV1038 Breach of Warranty. Effect of Buyer's Examination<br>CV1041 Breach of Warranty. Notice of Breach<br>CV1042 Breach of Warranty. Definition of "goods"<br>CV1043 Breach of Warranty. Definition of "sale" (Contract)<br>CV1044 Breach of Warranty. Definition of "sample" or "model" (Contract) |
| Vermont | L-329 | § 6.11. Notes about Product Liability Cases Based on Negligence and Allegations of Breach of Warranty |
| Virginia | L-331 | Instruction No. 34.000. Definition of Warranty<br>Instruction No. 34.010. Notice of Breach<br>Instruction No. 34.040. Implied Warranty—Fitness for a Particular Purpose<br>Instruction No. 34.050. Implied Warranty—Fitness for a Particular Purpose - Reliance |

| Jurisdiction | Page | Title of Instructions |
|---|---|---|
| | | Instruction No. 34.060. Implied Warranty—Merchantability<br>Instruction No. 34.070. Implied Warranty—Merchantability—Labeling; Without Objection in the Trade<br>Instruction No. 34.100. Misuse or Unintended Use<br>Instruction No. 34.110. Obvious Unfitness<br>Instruction No. 34.120. Obvious Unfitness—Pre-Contact (Statutory)<br>Instruction No. 34.130. Obvious Unfitness—Post-Contact (Statutory)<br>Instruction No. 34.140. Manufacturer's Duty: Design and Construction |
| Washington | L-343 | WPI 110.04 Seller--Manufacturer--Defined<br>WPI 110.07 Seller Other than a Manufacturer<br>WPI 110.10 Assumption of Risk--Contributory Negligence<br>WPI 110.20.01 Burden of Proof—Warranties—No Affirmative Defense<br>WPI 110.22.01 Burden of Proof—Warranties—Assumption of Risk or Contributory Negligence |
| West Virginia | L-349 | § 401. Product Liability—Plaintiff's Causes of Action<br>§ 408. Product Liability—Strict Liability<br>§ 430. Implied Warranty of Merchantability - Essential Factual Elements<br>§ 431. Implied Warranty of Fitness for a Particular Purpose—Essential Factual Elements<br>§ 434. Affirmative Defense—Exclusion of Implied Warranties |
| Wisconsin | L-355 | JI-3201 Implied Warranty—Merchantability Defined<br>JI-3202 Implied Warranty—Fitness for Particular Purpose<br>JI-3203 Implied Warranty—By Reason of Course of Dealing or Usage of Trade<br>JI-3205 Implied Warranty—Exclusion or Modification<br>JI-3206 Implied Warranty—Exclusion by Reason of Course of Dealing or Usage of Trade<br>JI-3207 Implied Warranty—Use of Product After the Defect Known<br>JI-3208 Implied Warranty—Failure to Examine Product<br>JI-3210 Implied Warranty—Improper Use<br>JI-3211 Implied Warranty—Notice of Breach |
| Wyoming | L-365 | § 10.01. Comparative Fault<br>§ 13.05. Exclusion of Implied Warranty Through Disclaimer or Examination Under UCC<br>§ 13.06. Notice of Breach of Warranty Under UCC<br>§ 13.07. Third Party Beneficiaries of Warranties Under UCC<br>§ 13.08. Damages Recoverable for Breach of Warranty Under UCC |

# ALABAMA

1 Ala. Pattern Jury Instr. Civ. 32.00, 32.120, 32.21 (3d ed.)

APJI 32.00 Introduction—Multiple Counts

APJI 32.20 Breach of Warranty—Implied Warranty of Fitness for a Particular Purpose

APJI 32.21 Breach of Warranty—Implied Warranty of Merchantability

**2 Ala. Pattern Jury Instr. Civ. 32.00 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 32. Products Liability—AEMLD [PL]**

# APJI 32.00 Introduction—Multiple Counts [PL]

Plaintiff (name of plaintiff) says that a (name the product) which was (made/designed/sold/distributed/supplied/marketed) by the Defendant (name of defendant) caused (him/her/name of deceased) (harm/death) on (insert date of event). (Name of plaintiff) makes several different claims in this case:

1. (Name of plaintiff) says that the (name the product) was (made/designed/sold/distributed/supplied/marketed) in a defective condition and caused the (harm/death). This claim is made under the Alabama Extended Manufacturers' Liability Doctrine.

2. (Name of plaintiff) says that (name of defendant) negligently (made/designed/sold/distributed/supplied/marketed) the (name the product), and caused the (harm/death). This claim is known as a negligence claim.

3. (Name of plaintiff) says that (name of defendant) wantonly (made/designed/sold/distributed/supplied/marketed) the (name the product), and caused the (harm/death). This claim is known as a wantonness claim.

4. (Name of plaintiff) says that (name of defendant) gave a promise, known in the law as "a warranty," to (him/her/name of deceased) about the (use/features/suitability) of the (name the product), and that the promise or warranty was broken, resulting in (harm/death). This claim is known as a breach of warranty claim.

(Name of defendant) denies that these claims are true.

I will now explain each of (name of plaintiff)'s claims and the defenses raised by (name of defendant). You must decide each claim separately.

Case 1:19-md-02875-RMB-SAK    Document 2008-13    Filed 04/12/22    Page 13 of 380
PageID: 59237
APJI 32.20 Breach of Warranty—Implied Warranty of..., 2 Ala. Pattern Jury...

**2 Ala. Pattern Jury Instr. Civ. 32.20 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 32. Products Liability—AEMLD [PL]**

# APJI 32.20 Breach of Warranty—Implied Warranty of Fitness for a Particular Purpose [PL]

Plaintiff (name of plaintiff) says that Defendant (name of defendant) breached its promise or warranty that the (name the product) was suitable for a particular purpose. To recover damages on this claim, (name of plaintiff) must prove to your reasonable satisfaction all of the following:

1. (Name of defendant) was a seller of (type of product);

2. (Name of defendant) had reason to know the particular purpose that (name of plaintiff/name of purchaser) was buying the (name the product) from (name of defendant);

3. (Name of defendant) knew that (name of plaintiff/name of purchaser) was relying on (name of defendant)'s skill or judgment to select or provide a suitable (type of product);

4. The (name of product) was not suitable or fit for the particular purpose for which it was bought; and

5. (Name of plaintiff/name of defendant) was caused (harm/death) by the breach of the promise or warranty.

Case 1:19-md-02875-RMB-SAK    Document 2008-13    Filed 04/12/22    Page 14 of 380
PageID: 59238
APJI 32.21 Breach of Warranty—Implied Warranty of..., 2 Ala. Pattern Jury...

**2 Ala. Pattern Jury Instr. Civ. 32.21 (3d ed.)**

**Alabama Pattern Jury Instructions Civil**   |   December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 32. Products Liability—AEMLD [PL]**

# APJI 32.21 Breach of Warranty—Implied Warranty of Merchantability [PL]

Plaintiff (name of plaintiff) says that Defendant (name of defendant) breached its promise or warranty that the (name the product) was fit for the ordinary purposes for which (type of product) are used. (Name of plaintiff) must prove to your reasonable satisfaction all of the following:

1. (Name of defendant) was regularly in the business of selling (type of product);

2. (Name of defendant) sold the (name the product) to (name of plaintiff/name of purchaser);

3. The (name of product) was not suitable or fit for the ordinary purpose for which (type of product) is used; and

4. (Name of plaintiff/name of defendant) was caused (harm/death) by the breach of the promise or warranty.

# ALASKA

Alaska Civil Pattern Jury Instructions § 07.01

§ 07.01. Products Liability—Plaintiff's Claims

*Alaska Civil Pattern Jury Instructions 07.01*

*Alaska Civil Pattern Jury Instructions  >  Article 7 Products Liability*

## § 07.01 Products Liability - Plaintiff's Claims (Rev. 1995)

In this case, the plaintiff claims that a product (manufactured) (sold) (rented to (insert lessee)) by the defendant (injured) (damaged) the plaintiff.

[The plaintiff's claim is based upon (insert number of legal theories) separate theories. These theories are:

(1) defect in a product;

(2) negligence of the defendant; and

(3) the defendant's breach of *warranty*.

I will instruct you separately on each of these theories and you must decide each theory separately.] In order to recover, the plaintiff must establish [the elements of this claim] [the elements of at least one of these theories] by a preponderance of the evidence. I will now explain preponderance of the evidence to you.

# ARIZONA

RAJI (CIVIL) 7th Contract 22

RAJI (CIVIL) 7th Contract 22, Measure of Damages (Breach of Warranty)

*RAJI (CIVIL) 7th Contract 22*

*Arizona Jury Instructions - Civil > CONTRACT INSTRUCTIONS*

## CONTRACT 22 Measure of Damages (Breach of *Warranty*)

The measure of damages for breach of ***warranty*** is the difference between the value of goods at the time of delivery and the value they would have had if they had been as warranted.

# ARKANSAS

### Arkansas Model Jury Instructions - Civil (AMI) 301, 1010-11, 1013, 2507, 2509, 2510, 2513, 2514, 2517, 2520, 2529

AMI 301 Negligence, Fault, and Ordinary Care—Fault—Definition

AMI 1010 Breach of Implied Warranty of Merchantability - Burden of Proof

AMI 1011 Breach of Implied Warranty of Fitness for a Particular Purpose

AMI 1013 Claims Involving Two or More Theories of Liability

AMI 2507 Breach of UCC Warranty

AMI 2509 Implied Warranty of Merchantability

AMI 2510 Implied Warranty from Course of Dealing or Usage of Trade

AMI 2513 Implied Warranty of Fitness for a Particular Purpose

AMI 2514 Defense - Exclusion or Modification of Implied Warranties

AMI 2517 Acceptance of Goods

AMI 2520 Buyer's Damages for Accepted Goods—Breach of Warranty

AMI 2529 Limitation or Modification of Remedies for Breach of Warranty

## *Arkansas Model Jury Instructions - Civil (AMI) 301*

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 3 NEGLIGENCE, FAULT, AND ORDINARY CARE*

# AMI 301 FAULT--DEFINITION

When I use the word "fault" in these instructions, I mean   *[negligence] [and] [assumption of risk] [and] [breach of warranty] [and] [willful misconduct] [and] [supplying a product in a defective condition]*.

## Arkansas Model Jury Instructions - Civil (AMI) 1010

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 10 PRODUCTS LIABILITY*

# AMI 1010 PRODUCTS LIABILITY--ISSUES--BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY--BURDEN OF PROOF

In this case _____ claims damages on the ground that _____ breached an implied warranty in that _____ was not fit at the time _____ sold it for the ordinary purposes for which such goods are used   *[and was not adequately contained, packaged, and labeled] [and did not conform to any promises or affirmations of fact made on the container or label]*. In order to recover, _____ must prove each of five essential propositions:

First, that  *[he][she]* has sustained damages;

Second, that _____ sold a _____ which was not fit at the time _____ sold it for the ordinary purposes for which such goods are used   *[and was not adequately contained, packaged, and labeled] [and did not conform to any promises or affirmations of fact made on the container or label]*;

Third, that such condition of the _____ was a proximate cause of _____ 's damages;

Fourth, that _____ was a person whom _____ might reasonably expect to  *[use] [consume] [or] [be affected by]* the _____; and

[Fifth, that _____ notified _____ within a reasonable time after (plaintiff) discovered or should have discovered the breach of this implied warranty.]

 [If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for (plaintiff) (against the party or parties you find to have breached this implied warranty); but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for (defendant) (on the issue whether (defendant) breached this implied warranty).]

# Arkansas Model Jury Instructions - Civil (AMI) 1011

*Arkansas Model Jury Instructions - Civil > CHAPTER 10 PRODUCTS LIABILITY*

# AMI 1011 PRODUCTS LIABILITY--ISSUES--BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

(Plaintiff)  claims damages from (defendant) on the ground that the (product)  *[was] [were]* not fit for the particular purpose for which  *[it was] [they were]* intended.

In order to recover (plaintiff) has the burden of proving seven essential propositions:

One, that  *[he][she]* has sustained damages.

Second, that at the time of contracting (defendant.) had reason to know the particular purpose for which the (product)  *[was] [were]* required.

Third, that (defendant) had reason to know that the buyer was relying on (defendant)'s skill or judgment to select or furnish a suitable (product).

Fourth, that the (product)  *[was] [were]* not fit for the particular purpose for which  *[it was] [they were]* required.

Fifth, that this unfitness of the (product) was a proximate cause of (plaintiff)'s damages;

Sixth, that (plaintiff) was a person whom (defendant) would reasonably have expected to  *[use] [consume] [or] [be affected by]* the (product); and

[Seventh, that (plaintiff) notified (defendant) within a reasonable time after (plaintiff) discovered or should have discovered that the (product)  *[was][were]* not fit for the particular purpose for which  *(itJ[they] [was](were)* required.]

[If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for (plaintiff) (against the party you find to have breached this duty); but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for (defendant)].

## Arkansas Model Jury Instructions - Civil (AMI) 1013

*Arkansas Model Jury Instructions - Civil >  CHAPTER 10 PRODUCTS LIABILITY*

# AMI 1013 PRODUCTS LIABILITY--ISSUES--CLAIMS INVOLVING TWO OR MORE THEORIES OF LIABILITY

Plaintiff) **asserts** (number)  **separate grounds for the recovery of damages: First, that [a defective** (product)  **was** *(manufactured) (or) (assembled) (or) (sold) (or)  (leased) (or) ((otherwise distributed)) (by (defendant))] [and] [the other] [second]* that [there was negligence on the part of ((defendant))]  *[and] [third]* [that (defendant(s)) breached an implied warranty that (defendant's (s'1) (product) was not fit at the time (defendant) sold it for the ordinary purposes for which such goods are used  *[and was not adequately contained, packaged, and labeled] [and did not conform to any promises or affirmations of fact made on the container or label] [and] [fourth]* [that an implied warranty of fitness for a particular purpose was breached (by  *(defendant))] [and] [fifth]* [that an

express warranty was breached (by (defendant))].

[With respect to the  *(manufacture) (or) (assembly) (or) (sale) (or) (lease) (or) ((other distribution))* of a defective product, (plaintiff) (claims damages from (defendant) and) has the burden of proving each of four essential propositions:

First: That  *[he][she]* has sustained damages;

Second: That (defendant)  *(was) (were)* engaged in the business of  *(manufacturing) (or) (assembling) (or) (selling) (or) (leasing) (or) ((otherwise distributing))* (product),

Third: That the (product) was supplied by (defendant) in a defective condition, which rendered it unreasonably dangerous; and

Fourth: That the defective condition was a proximate cause of (plaintiff)'s damages.]

[With respect to proof of a defective condition, if you find that in the normal course of events no  *(injury) (death) (or) (property damage)* would have occurred in the absence of some defect, then you are permitted, but not required, to infer that a defect existed.]

[With respect to the claim of negligence, (plaintiff) has the burden of proving each of three essential propositions:

First: That  *[he][she]* has sustained damages;

Second: That (defendant) was negligent; and

Arkansas Model Jury Instructions - Civil (AMI) 1013

Third: That such negligence was a proximate cause of (plaintiff)'s damages.]

[In order to recover for breach of an implied warranty that (defendant's) (product) was not fit at the time (defendant) sold it for the ordinary purposes for which such goods are used  *[and was not adequately contained, packaged, and labeled]* [and did not conform to any promises or affirmations of fact made on the container or label, (plaintiff) has the burden of proving each of five essential propositions:

First: That  *[he][she]* has sustained damages;

Second: That (defendant) sold a (product) which was not fit at the time (defendant) sold it for the ordinary purposes for which such goods are used  *[and was not adequately contained, packaged, and labeled]* [and did not conform to any promises or affirmations of fact made on the container or label];

Third: That this condition was a proximate cause of (plaintiff)'s damages;

Fourth: That plaintiff was a person whom (defendant) might reasonably expect to  *(use) (consume) (or) (be affected by)* the product; and

[Fifth, that (plaintiff) notified (defendant) of the breach of this implied warranty within a reasonable time after *[he][she]* discovered or should have discovered it.].]

[With respect to the asserted breach of a warranty of fitness for a particular purpose, has (plaintiff) the burden of proving seven essential propositions:

First: That  *[he][she]* has sustained damages:

Second: That at the time of contracting (defendant) had reason to know the particular purpose for which the (product)  *(was) (were)* required;

Third: That (defendant) knew that the buyer was relying on (defendant)'s skill or judgment to select or furnish  *a* suitable (product);

Fourth: That the (product)  *(was) (were)* not fit for the particular purpose for which  *(it was) (they were)* required;

Fifth: That this unfitness of the (product) was a proximate cause of (plaintiff)'s damages;

Sixth: That (plaintiff) was a person whom  *(defendant)* would reasonably have expected to  *(use) (consume)  (or) (be affected by)* the (product); and

[Seventh, that (plaintiff) notified (defendant) within a reasonable time after  *[he/she]* discovered or should have discovered that the (product)  *[was][were]* not fit for the particular purpose for which  *[it][they] [was/were]* required.].]

[With respect to the asserted breach of an express warranty:

L-14

Arkansas Model Jury Instructions - Civil (AMI) 1013

(Any affirmation of fact or promise made by (defendant) to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.)

(Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to that description.)

(Any sample or model which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the sample or model.)

(It is not necessary to the creation of an express warranty [that (defendant) use formal words such as "warrant" or "guarantee"]  *[or]* [that (defendant) have a specific intention to make a warranty.]) (On the other hand, an affirmation merely of the value of the goods or a statement purporting to be merely (defendant's) opinion or commendation of the goods does not create a warranty.)

In order to recover for breach of an express warranty, (plaintiff) has the burden of proving each of six essential propositions:

First: That  *[he][she]* has sustained damages;

Second: That an express warranty was created by (one of) the means I have just mentioned;

Third: That the (product) did not conform to the express warranty created;

Fourth: That failure of the (product) to conform to the express warranty was a proximate cause of (plaintiff's) damages; and

Fifth: That (plaintiff) was a person whom (defendant) might reasonably expect to  *(use) (consume) (or) (be affected by)* the (product); and

[Sixth, that (plaintiff) notified (defendant) of the breach within a reasonable time after  *[he][she]* discovered or should have discovered it.].]

[It will be necessary for you to consider separately each asserted ground for recovery. If you find from the evidence that every essential proposition with respect to any one ground for recovery has been proved, then your verdict should be for (plaintiff) (and against the party or parties against whom that ground for recovery is asserted); but if you find from the evidence that any essential proposition with respect to any one ground for recovery has not been proved, then your verdict with respect to that ground for recovery should be for ((defendant)) (the party or parties against whom that ground for recovery is asserted).]

# Arkansas Model Jury Instructions - Civil (AMI) 2507

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 25 UCC SALES CONTRACTS*

# AMI 2507 ISSUES--BREACH OF UCC WARRANTY

(Plaintiff)    **claims damages from** (defendant)    **for breach of warranty and has the burden of proving each of** (number)    **essential propositions:**

**First, that [he][she][it] sustained damages**;

**[(Second), that** (plaintiff)    **and** (defendant)    **entered into a contract for the sale of goods;]**

*[Second] [Third], that there [was] [were] [an] [express] [and] [or] [implied] warranty[ies] from*    (defendant)    **to** (plaintiff);

**[**    *(Third) (Fourth)*, **that** (plaintiff)    **did what the parties' contract required of [him][her][it] to claim the warranty(ies)]**;

*[Fourth] [Fifth]*, that the goods failed to conform to the warranty(ies);    *[and]*

**[**    *(Fifth) (Sixth)*, that the failure to conform proximately caused [plaintiff]'    s damages;]    *[and]*

**[**    *(Sixth) (Seventh)*, **that** (plaintiff)    **gave notice of the failure of the goods to conform to the warranty to** (defendant)    **within a reasonable time;]    *[and]***

**[**    *(Seventh) (Eighth)*, **that (plaintiff) was a person whom** (defendant)    **might reasonably expect to**    *(use) (consume) (or) (be affected by)* **the product.]**

**[If you find that** (plaintiff)    **has proved each of these propositions, then your verdict should be for** (plaintiff).    **If, however**, (plaintiff)    **has failed to prove any one or more of these propositions, then your verdict should be for** (defendant).**]**

# Arkansas Model Jury Instructions - Civil (AMI) 2509

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 25 UCC SALES CONTRACTS*

## AMI 2509 IMPLIED WARRANTY OF MERCHANTABILITY

[Unless excluded or modified,] a warranty that the goods shall be merchantable is implied in a contract for their sale [if the seller is a merchant with respect to goods of that kind.]

To be merchantable, goods must be at least such as are fit for the ordinary purposes for which they are used [and:]

[Pass without objection in the trade under the contract description;] [and]

[In the case of fungible goods, are of fair average quality within the description;] [and]

[Run, within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved;] [and]

[Are adequately contained, packaged, and labeled as the agreement may require;] [and]

[Conform to the promises or affirmations of fact made on the container or label if any.]

["Fungible goods" are  *(either)* goods of which any unit is, by nature or usage of trade, the equivalent of any other like unit  *(or) (goods that are treated as equivalent by agreement.)*]

Arkansas Model Jury Instructions - Civil (AMI) 2510

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 25 UCC SALES CONTRACTS*

# AMI 2510 IMPLIED WARRANTY FROM COURSE OF DEALING OR USAGE OF TRADE

[Unless excluded or modified,] an implied warranty may arise from the parties'  *[course of dealing] [or] [usage of trade]*.

Arkansas Model Jury Instructions - Civil (AMI) 2513

*Arkansas Model Jury Instructions - Civil > CHAPTER 25 UCC SALES CONTRACTS*

## AMI 2513 IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

[Unless excluded or modified,] where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is an implied warranty that the goods shall be fit for such purpose.

## Arkansas Model Jury Instructions - Civil (AMI) 2514

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 25 UCC SALES CONTRACTS*

# AMI 2514 DEFENSE--EXCLUSION OR MODIFICATION OF IMPLIED WARRANTIES

(Defendant)  **contends that the implied warranty(ies) of** (specify the implied warranties in question)  *[was] [were] [modified] [excluded]* and has the burden of proving:

[that the buyer before entering into the contract  *(examined the goods or the sample or model as fully as the buyer desired) (or) (refused to examine the goods)*, and an examination ought in the circumstances to have revealed the defect to the buyer]; or

[that the warranty was  *(excluded) (modified)* by the  *(parties' course of dealing), (course of performance) (or) (usage of trade)]*.

## Arkansas Model Jury Instructions - Civil (AMI) 2520

*Arkansas Model Jury Instructions - Civil >  CHAPTER 25 UCC SALES CONTRACTS*

# AMI 2520 BUYER'S DAMAGES FOR ACCEPTED GOODS—BREACH OF WARRANTY

[If you decide for ___ (buyer) on the question of _____ (insert particular issue involved)] [If an interrogatory requires you to assess the damages of _____ (buyer)], you must then fix the amount of money that will reasonably and fairly compensate [him][her][it] for [any of] the following _____ (number) element  *(s)* of damage:

[(First:) [The difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted (unless special circumstances show proximately caused damages in a different amount)] [The loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable] [and]

[(Second:) Any  *(incidental) (or) (consequential)* damages as explained in these instructions.]

Whether  *[this] [(either) (any) of these]* element  *(s)* of damage has been proved by the evidence is for you to determine.

[Any damages recoverable by _____ (buyer) are to be reduced by any expenses saved in consequence of the breach by _____ (seller).]

*Arkansas Model Jury Instructions - Civil (AMI) 2529*

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 25 UCC SALES CONTRACTS*

# AMI 2529 LIMITATION OR MODIFICATION OF REMEDIES FOR BREACH OF WARRANTY

____ (Seller)   has raised the defense that the parties' contract provided an exclusive limited remedy for breach of warranty.

_____ (Buyer)   contends that the limited remedy provided by ____ (seller) failed of its essential purpose and has the burden of proving [any one of] the following essential proposition  *[s]*:

[That the _____ (specify the goods in question) cannot be repaired or its part  *(s)* replaced so that it is made free or defects;]  *[or]*

[That the limitation of remedy available to _____ (buyer) deprived [him][her][it] of the substantial value of [his][her][its] bargain;]  *[or]*

[That _____ (seller), when given the opportunity to do so, failed to correct the defect within a reasonable time.]

[If you so find, then the limited remedy is not enforceable by ____ (seller) in this case and you may award such damages as you find from the evidence under the instructions given to you.

If you find that the limited remedy did not fail of its essential purpose, then   *(your verdict should be for _____) (you should award only those damages provided for by the limited remedy).]*

# CALIFORNIA

1 CACI 1231-33, 1242-43 (2022)

2 California Forms of Jury Instruction MB300H.140, MB300H.149-53,
MB300H.155-56, MB300H.255, MB300H.258 (2022)

CACI 1231 Implied Warranty of Merchantability—Essential Factual Elements

CACI 1232 Implied Warranty of Fitness for a Particular Purpose—Essential Factual Elements

CACI 1233 Implied Warranty of Merchantability for Food—Essential Factual Elements

CACI 1242 Affirmative Defense—Exclusion of Implied Warranties

CACI 1243 Notification/Reasonable Time

MB300H.140 Warranties in General

MB300H.146 Statement of Fact Distinguished from Expression of Opinion

MB300H.149 Implied Warranties of Fitness for Purpose Defined

MB300H.150 Seller's Knowledge of Buyer's Particular Purpose

MB300H.151 Buyer's Reliance on Seller's Skill

MB300H.152 Breach of Implied Warranty of Fitness

MB300H.153 Implied Warranty of Merchantability Defined

MB300H.155 Notice of Breach of Warranty

MB300H.156 Disclaimer of Implied Warranties

MB300H.255 Buyer's Consequential Damages

MB300H.258 Buyer's Damages for Accepted Goods and for Breach of Warranty

## 1 CACI 1231

*Judicial Council of California Civil Jury Instructions (CACI)  >  Series 1200 PRODUCTS LIABILITY*

# 1231 Implied Warranty of Merchantability—Essential Factual Elements

[*Name of plaintiff*] [also] claims that [he/she/*nonbinary pronoun*/it] was harmed by the [*product*] that [he/she/*nonbinary pronoun*/it] bought from [*name of defendant*] because the [*product*] did not have the quality that a buyer would expect. To establish this claim, [*name of plaintiff*] must prove all of the following:

   1. That [*name of plaintiff*] bought the [*product*] from [*name of defendant*];

   2. That, at the time of purchase, [*name of defendant*] was in the business of selling these goods [or by [his/her/*nonbinary pronoun*/its] occupation held [himself/herself/*nonbinary pronoun*/itself] out as having special knowledge or skill regarding these goods];

   3. That the [*product*] [*insert one or more of the following:*]

     [was not of the same quality as those generally acceptable in the trade;]

     [was not fit for the ordinary purposes for which such goods are used;]

     [did not conform to the quality established by the parties' prior dealings or by usage of trade;]

     [*other ground as set forth in* California Uniform Commercial Code section 2314(2);]

   4. [That [*name of plaintiff*] took reasonable steps to notify [*name of defendant*] within a reasonable time that the [*product*] did not have the expected quality;]

   5. That [*name of plaintiff*] was harmed; and

   6. That the failure of the [*product*] to have the expected quality was a substantial factor in causing [*name of plaintiff*]'s harm.

*[1 CACI 1232](#)*

*Judicial Council of California Civil Jury Instructions (CACI)  >  Series 1200 PRODUCTS LIABILITY*

## 1232 Implied Warranty of Fitness for a Particular Purpose—Essential Factual Elements

[*Name of plaintiff*] claims that [he/she/*nonbinary pronoun*/it] was harmed by the [*product*] that [he/she/*nonbinary pronoun*/it] bought from [*name of defendant*] because the [*product*] was not suitable for [*name of plaintiff*]'s intended purpose. To establish this claim, [*name of plaintiff*] must prove all of the following:

1. That [*name of plaintiff*] bought the [*product*] from [*name of defendant*];

2. That, at the time of purchase, [*name of defendant*] knew or had reason to know that [*name of plaintiff*] intended to use the product for a particular purpose;

3. That, at the time of purchase, [*name of defendant*] knew or had reason to know that [*name of plaintiff*] was relying on [his/her/*nonbinary pronoun*/its] skill and judgment to select or furnish a product that was suitable for the particular purpose;

4. That [*name of plaintiff*] justifiably relied on [*name of defendant*]'s skill and judgment;

5. That the [*product*] was not suitable for the particular purpose;

6. [That [*name of plaintiff*] took reasonable steps to notify [*name of defendant*] within a reasonable time that the [*product*] was not suitable;]

7. That [*name of plaintiff*] was harmed; and

8. That the failure of the [*product*] to be suitable was a substantial factor in causing [*name of plaintiff*]'s harm.

## *1 CACI 1233*

*Judicial Council of California Civil Jury Instructions (CACI)  >  Series 1200 PRODUCTS LIABILITY*

## 1233 Implied Warranty of Merchantability for Food—Essential Factual Elements

[*Name of plaintiff*] claims that [he/she/*nonbinary pronoun*] was harmed by the [*food product*] that was sold by [*name of defendant*] because the [*food product*] was not fit for human consumption. To establish this claim, [*name of plaintiff*] must prove all of the following:

1. That [*name of plaintiff*] [ate/drank] a [*food product*] sold by [*name of defendant*];

2. That, at the time of purchase, [*name of defendant*] was in the business of selling the [*food product*] [or by [his/her/*nonbinary pronoun*] occupation held [himself/herself/*nonbinary pronoun*/itself] out as having special knowledge or skill regarding this [*food product*]];

3. That the [*food product*] was harmful when consumed;

4. That the harmful condition would not reasonably be expected by the average consumer;

5. That [*name of plaintiff*] was harmed; and

6. That the [*food product*] was a substantial factor in causing [*name of plaintiff*]'s harm.

*1 CACI 1242*

*Judicial Council of California Civil Jury Instructions (CACI)  >  Series 1200 PRODUCTS LIABILITY*

## 1242 Affirmative Defense—Exclusion of Implied Warranties

[*Name of defendant*] claims that [he/she/*nonbinary pronoun*/it] is not responsible for any harm to [*name of plaintiff*] because [*name of defendant*] eliminated any implied representations relating to [the quality that a buyer would expect from the [*product*]] [or] [the [*product*]'s fitness for a particular purpose]. To succeed, [*name of defendant*] must prove:

[*Insert one or more of the following*:]

[That the sale of the [*product*] included notice using words such as "with all faults," "as is," or other language that would have made a buyer aware that the [*product*] was being sold without any guarantees.]

[That, before entering into the contract, [*name of plaintiff*] examined the [product/sample/model] as fully as desired and that a complete examination would have revealed the [*product*]'s deficiency.]

[That [*name of plaintiff*] refused, after a demand by [*name of defendant*], to examine the [product/sample/model] and that such examination would have revealed the [*product*]'s deficiency.]

[That the parties' prior dealings, course of performance, or usage of trade had eliminated any implied representations.]

*1 CACI 1243*

*Judicial Council of California Civil Jury Instructions (CACI)  >  Series 1200 PRODUCTS LIABILITY*

## 1243 Notification/Reasonable Time

If a buyer is required to notify the seller that a product [is not as represented] [does not have the expected quality] [is not suitable] [is in a harmful condition], [he/she/*nonbinary pronoun*/it] must do so within a reasonable time after [he/she/*nonbinary pronoun*/it] discovers or should have discovered this. A reasonable time depends on the circumstances of the case. In determining whether notice was given within a reasonable time, you must apply a more relaxed standard to a retail consumer than you would to a merchant buyer. A buyer notifies a seller by taking such steps as may be reasonably required to inform the seller [regardless of whether the seller actually receives the notice].

## *2 California Forms of Jury Instruction MB300H.140*

*California Forms of Jury Instruction  >  CHAPTER 3H Matthew Bender Commercial Code Sales Contracts Instructions  >  PART G. GENERAL OBLIGATIONS  >  3. Warranties*

# MB300H.140Warranties in General·

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

Contracts for the sale of goods may contain warranties regarding the character or fitness of the goods sold. A warranty is a promise by the seller that the goods will conform to the description or standard contained in the warranty.

An express warranty is a statement or affirmation of fact about the goods made by the seller to the buyer. An implied warranty is one that arises from the circumstances of the sale and does not require a statement or affirmation by the seller.

In this case, Plaintiff contends that the following warranties apply to the parties' transaction: _____ [*list express and/or implied warranties claimed*]. Plaintiff claims that Defendant has breached these warranties.

*2 California Forms of Jury Instruction MB300H.146*

*California Forms of Jury Instruction > CHAPTER 3H Matthew Bender Commercial Code Sales Contracts Instructions > PART G. GENERAL OBLIGATIONS > 3. Warranties*

## MB300H.146Statement of Fact Distinguished From Expression of Opinion˙

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

As I have explained, a statement of fact relating to the goods sold may create an express warranty. However, a statement that merely expresses the seller's opinion about the goods is not considered in law to be a statement of fact and cannot create an express warranty. One of the things you must decide in this case is whether Defendant's statement that _____ [*quote, paraphrase, or describe statement*] was a statement of fact or a statement of Defendant's opinion.

The term "statement of fact," as used in these instructions, refers to any positive statement of fact made by the seller concerning the goods sold. A statement that a seller makes about the goods sold must be considered to be a statement of fact unless it is shown that the buyer could only have reasonably understood the statement as a statement of the seller's opinion.

The term "statement of opinion," as used in these instructions, refers to a statement that is merely an expression of the seller's subjective impression, belief, conclusion, or judgment and that does not claim to be based on any special knowledge. In determining whether a particular statement was a statement of fact or merely the expression of opinion, you may consider the circumstances under which it was made, the manner in which it was made, and the ordinary meaning of the words used. You may also consider the relationship of the parties and the subject matter of the statement.

## *2 California Forms of Jury Instruction MB300H.149*

*California Forms of Jury Instruction > CHAPTER 3H Matthew Bender Commercial Code Sales*

*Contracts Instructions > PART G. GENERAL OBLIGATIONS > 3. Warranties*

## MB300H.149Implied Warranties of Fitness for Purpose Defined.

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

A warranty that goods are fit for a particular purpose is implied by law in a contract for their sale, if the seller, at the time the contract is made, has reason to know both of the following:

    1. The buyer requires the goods for a particular purpose; and

    2. The buyer is relying on the seller's skill and judgment to select or furnish goods suitable for that purpose.

## *2 California Forms of Jury Instruction MB300H.150*

*California Forms of Jury Instruction  >  CHAPTER 3H Matthew Bender Commercial Code Sales Contracts Instructions  >  PART G. GENERAL OBLIGATIONS  >  3. Warranties*

## MB300H.150Seller's Knowledge of Buyer's Particular Purpose.

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

As used in these instructions, the buyer's "particular purpose" refers to the buyer's intended use and specific requirements for the goods in question. For example, shoes may be purchased by the buyer for the particular purpose of mountain climbing, rather than the ordinary purpose of walking.

Plaintiff must prove that Defendant had reason to know of the particular purpose for which the Plaintiff intended the goods. Plaintiff need not show actual knowledge on Defendant's part, if, from all the facts and circumstances known to the Defendant at the time of contracting, you conclude that Defendant had sufficient reason to know of Plaintiff's particular purpose.

## *2 California Forms of Jury Instruction MB300H.151*

*California Forms of Jury Instruction  >  CHAPTER 3H Matthew Bender Commercial Code Sales
Contracts Instructions  >  PART G. GENERAL OBLIGATIONS  >  3. Warranties*

## MB300H.151Buyer's Reliance on Seller's Skill·

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

As used in these instructions, "buyer's reliance on the seller's skill and judgment" refers to the Defendant's recommendation of the goods as suitable for Plaintiff's particular purpose and Plaintiff's reliance on the recommendation.

Plaintiff must prove that [he/she/it] relied on Defendant's skill or judgment in selecting or furnishing suitable goods. Whether Plaintiff relied on Defendant's skill and judgment is a question of fact for you to decide based on the facts of this case. However, it is not necessary for Plaintiff to prove that Defendant had actual knowledge of Plaintiff's reliance, if the circumstances were such that Defendant had reason to realize that Plaintiff was relying on Defendant's skill and judgment.

*2 California Forms of Jury Instruction MB300H.152*

*California Forms of Jury Instruction > CHAPTER 3H Matthew Bender Commercial Code Sales Contracts Instructions > PART G. GENERAL OBLIGATIONS > 3. Warranties*

## MB300H.152Breach of Implied Warranty of Fitness·

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

For Plaintiff to recover from the Defendant on Plaintiff's claim of breach of the implied warranty of fitness for a particular purpose, Plaintiff must prove all of the following:

1. That Defendant sold the _____ [*description of goods in issue*];

2. That Defendant impliedly warranted the _____ [*goods in issue*] would be suitable for the particular purpose of _____ [*plaintiff's claimed purposes*];

3. That the _____ [*goods in issue*] were not suitable for the particular purpose as warranted by defendant;

[*EITHER (See Use of Instruction)*]

4. That Plaintiff was the buyer of the goods;

[*OR*]

4. That a member of Plaintiff's family was the buyer of the goods;

[*OR*]

4. That Plaintiff's employer was the buyer of the goods;

[*CONTINUE INSTRUCTION*]

## *2 California Forms of Jury Instruction MB300H.153*

*California Forms of Jury Instruction > CHAPTER 3H Matthew Bender Commercial Code Sales
Contracts Instructions > PART G. GENERAL OBLIGATIONS > 3. Warranties*

## MB300H.153Implied Warranty of Merchantability Defined·

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

A warranty that goods are merchantable is implied in a contract for the sale of the goods if the seller is a merchant dealing in goods that are of the same kind as those sold to the buyer.

To be merchantable, goods must meet all of the following standards:

1. Be fit for the ordinary purposes for which the goods are used;

2. Pass without objection in the trade under the description in the contract;

[*CHOOSE FROM THE FOLLOWING (See Use of Instruction)*]

3. If the goods are interchangeable, be of average quality within the description in the contract;

4. Within the limits permitted by the contract, be of even kind, quality, and quantity within each unit and among all units;

5. Be adequately contained, packaged, and labeled in the manner required in the contract; and

6. Conform to the promises or affirmations of fact made on the container or label.

In this case, Plaintiff contends and must prove that the goods were not merchantable because _____ [*list deviations from merchantability*].

## *2 California Forms of Jury Instruction MB300H.155*

*California Forms of Jury Instruction  >  CHAPTER 3H Matthew Bender Commercial Code Sales*
*Contracts Instructions  >  PART G. GENERAL OBLIGATIONS  >  3. Warranties*

## MB300H.155Notice of Breach of Warranty.

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

A buyer must notify the seller of a breach of warranty within a reasonable time after the buyer discovers, or should have discovered, a breach of warranty. The notice need not be specific as to the nature of the breach or type of damage. However, the notice must be adequate to warn the seller that there is a problem with the goods. The notice may be in writing or oral; no particular form of notice is required.

Whether the notice is within a reasonable time depends on the circumstances of the transaction, the type of goods, and the nature of the buyer. Whether the buyer's notice was adequate and within a reasonable time is for you to decide based on the evidence in this case.

*2 California Forms of Jury Instruction MB300H.156*

*California Forms of Jury Instruction > CHAPTER 3H Matthew Bender Commercial Code Sales Contracts Instructions > PART G. GENERAL OBLIGATIONS > 3. Warranties*

## MB300H.156Disclaimer of Implied Warranties`

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

Defendant is not liable for breach of implied warranty if Defendant proves:

[*CHOOSE FROM THE FOLLOWING (See Use of Instruction)*]

That [he/she/it] expressly informed Plaintiff that the sale was without warranty by _____ [*describe conduct or language excluding implied warranties e.g.,* stating that the sale was "as is" *or* "with all faults"].

[*OR*]

That Plaintiff, before entering into the contract has examined _____ [the goods *or* the sample *or* the model] as fully as desired and the defect claimed should have been revealed by the examination.

[*OR*]

That Plaintiff refused to examine _____ [the goods *or* the sample *or* the model] and the defect claimed would have been revealed by the examination.

[*OR*]

That there was _____ [a course of dealing *or* a usage of trade *or* a course of performance] that should have made it clear to Plaintiff that there were no implied warranties.

*2 California Forms of Jury Instruction MB300H.255*

*California Forms of Jury Instruction  >  CHAPTER 3H Matthew Bender Commercial Code Sales Contracts Instructions  >  PART L. DAMAGES AND OTHER REMEDIES*

## MB300H.255Buyer's Consequential Damages.

[1] Instruction

[*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

If you find for Plaintiff, you must also award Plaintiff, as additional damages, the amount necessary to compensate [him/her/it] for any loss that Plaintiff has proven

[*EITHER*]

resulted from Defendant's failure to fulfill general or specific requirements and needs of Plaintiff that Defendant had reason to know about at the time of contracting [*optional (see Use of Instruction):* minus the amount of any (loss/losses) that Defendant has proven could reasonably have been prevented by cover or otherwise].

[*OR*]

resulted from an injury to person or property that was caused by Defendant's breach of warranty. Under the law, Defendant's breach of warranty caused Plaintiff's loss if that breach was a substantial factor in bringing about the loss. Therefore, in instructing you that Plaintiff must have proven that Defendant's breach caused the loss, I mean that Plaintiff must have proven that the breach was a substantial factor in bringing about the loss.

[*CONTINUE INSTRUCTION*]

These additional damages are called consequential damages.

## 2 California Forms of Jury Instruction MB300H.258

*California Forms of Jury Instruction > CHAPTER 3H Matthew Bender Commercial Code Sales Contracts Instructions > PART L. DAMAGES AND OTHER REMEDIES*

## MB300H.258 Buyer's Damages for Accepted Goods and for Breach of Warranty

[1] Instruction

### [*PLAINTIFF'S/DEFENDANT'S*] PROPOSED INSTR. NO. _____

If you find in favor of Plaintiff on [his/her/its] claim for damages on account of Defendant's breach and you find further that Plaintiff gave adequate notice to Defendant of a claim of breach regarding the goods, then you should award to Plaintiff:

### [*EITHER (See Use of Instruction)*]

Damages for the loss to Plaintiff that resulted, in the ordinary course of events, from Defendant's breach, including incidental [and consequential] damages.

### [*OR*]

Damages calculated as follows at the time and place of acceptance:

1. The difference between the value the accepted goods would have had if they had been as warranted and minus the value of the goods accepted;

2. Plus incidental damages;

### [*OPTIONAL (See Use of Instruction)*]

3. Plus consequential damages;

4. Minus any amount of the contract price that was withheld as a set-off against damages.

### [*OR*]

Damages that Plaintiff has proven were caused by a loss due to Defendant's breach of warranty.

Under the law, Defendant's breach of warranty caused Plaintiff's loss if that breach was a substantial factor in bringing about the loss. Therefore, in instructing you that Plaintiff must have proven that Defendant's breach

2 California Forms of Jury Instruction MB300H.258

caused the loss, I mean that Plaintiff must have proven that the breach was a substantial factor in bringing about the loss.

# COLORADO

CJI-Civ 6:14, 14:10-11, 14.13-16, 14.25, 14.28

6:14. Multiple Recovery Prohibited (When Plaintiff Suing on Alternative but Duplicative Claims for Relief)

14:10. Breach of Implied Warranty of Merchantability - Elements of Liability

14:11. Implied Warranty of Merchantability Defined

14:13. Breach of Implied Warranty of Fitness for a Particular Purpose - Elements of Liability

14:14. Implied Warranty of Fitness for a Particular Purpose Defined

14:15. Notice of Breach of Warranty—What Constitutes

14:16. Implied Warranties - Creation and Exclusion or Modification

14:25. Affirmative Defense—Unreasonable, Knowing Use of Defective Product or Product Not in Compliance with Warranty

14:28. Affirmative Defense—Comparative Fault Based on Unreasonable, Knowing Use of Product Involving Negligently Created Risk, Product Not in Compliance with Warranty, or Defective or Misrepresented Product

## *CJI-Civ 6:14*

*Colorado Jury Instructions for Civil Trials > CHAPTER 6. DAMAGES FOR INJURIES TO PERSONS OR PROPERTY > C. MULTIPLE RECOVERY*

## 6:14 MULTIPLE RECOVERY PROHIBITED (WHEN PLAINTIFF SUING ON ALTERNATIVE BUT DUPLICATIVE CLAIMS FOR RELIEF)

The plaintiff, *(name)*, has sued for the same (injuries) (damages) (losses) on *(number)* different claims for relief. The claims for relief on which the plaintiff has sued and on which you have been instructed are: *(insert appropriate description of each of the plaintiff's claims)*.

If you find for the plaintiff on more than one claim for relief, you may award (him) (her) damages only once for the same (injuries) (damages) (losses).

## CJI-Civ 14:10

*Colorado Jury Instructions for Civil Trials > CHAPTER 14. PRODUCT LIABILITY > B. PRODUCT
LIABILITY FOR BREACH OF WARRANTY*

# 14:10 BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY -- ELEMENTS OF LIABILITY

For the plaintiff, *(name),* to recover from the defendant, *(name),* on (his) (her) (its) claim of breach of implied warranty of merchantability, you must find all of the following have been proved by a preponderance of the evidence:

1. The defendant sold the *(insert description of article);*

2. The plaintiff is a person who was reasonably expected to use, consume or be affected by the product;

3. The defendant was a merchant with respect to the type of product involved;

4. The *(description of article)* was not of merchantable quality at the time of sale;

5. This breach of warranty caused the plaintiff (injuries) (damages) (losses); and

6. Within a reasonable time after the plaintiff discovered or should have discovered the alleged breach of warranty, the plaintiff notified the defendant of such breach.

If you find that any one or more of these *(number)* statements has not been proved, then your verdict (on this claim) must be for the defendant.

On the other hand, if you find that all of these *(number)* statements have been proved, (then your verdict must be for the plaintiff) (then you must consider the defendant's affirmative defense(s) of *[insert any affirmative defense that would be a complete defense to plaintiff's claim]* ).

If you find that (this affirmative defense has) (any one or more of these affirmative defenses have) been proved by a preponderance of the evidence, then your verdict must be for the defendant.

However, if you find that (this affirmative defense has not) (none of these affirmative defenses have) been proved, then your verdict must be for the plaintiff.

CJI-Civ 14:11

*Colorado Jury Instructions for Civil Trials > CHAPTER 14. PRODUCT LIABILITY > B. PRODUCT LIABILITY FOR BREACH OF WARRANTY*

# 14:11 IMPLIED WARRANTY OF MERCHANTABILITY -- DEFINED

Where a   *(description of article)*   is sold by a merchant who deals with that product, the law impliedly warrants to any person who is reasonably expected to use, consume or be affected by the product that it is merchantable. The warranty need not be expressed in any fashion, as it is implied by law from such sale.

To be merchantable, the   *(description of article)*   must have

(1. Been such as would pass without objection in the trade under the description provided for in the contract) (and)

(2. Been of fair average quality within the description provided for in the contract) (and)

(3. Been fit for the ordinary purposes for which such   *[insert description of the article]*   [is] [are] used) (and)

(4. Been within the variations permitted by the agreement, of uniform kind, quality, and quantity within each unit and among all units involved) (and)

(5. Been adequately contained, packaged, and labeled as the agreement may have required) (and)

(6. Conformed to the promises or statements of fact, if any, made on the container or label).

## CJI-Civ 14:13

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 14. PRODUCT LIABILITY  >  B. PRODUCT LIABILITY FOR BREACH OF WARRANTY*

# 14:13 BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE -- ELEMENTS OF LIABILITY

For the plaintiff,  *(name),*  to recover from the defendant,  *(name),*  on (his) (her) (its) claim of breach of implied warranty of fitness for a particular purpose, you must find all of the following have been proved by a preponderance of the evidence:

1. The defendant sold the  *(insert description of article)*;

2. The defendant impliedly warranted the  *(description of article)*  to be (suitable) (fit) for the particular purpose of *(insert description of the particular purpose claimed by the plaintiff)*;

3. The plaintiff is a person who was reasonably expected to use, consume or be affected by the  *(description of article)*;

4. The  *(description of article)*  was not (suitable) (fit) for the particular purpose for which it was warranted;

5. This breach of warranty caused the plaintiff (injuries) (damages) (losses); and

6. Within a reasonable time after the plaintiff discovered or should have discovered the alleged breach of warranty, the plaintiff notified the defendant of such breach.

If you find that any one or more of these  *(number)*  statements has not been proved, then your verdict (on this claim) must be for the defendant.

On the other hand, if you find that all of these  *(number)*  statements have been proved, (then your verdict must be for the plaintiff) (then you must consider the defendant's affirmative defense(s) of  *[insert any affirmative defense that would be a complete defense to plaintiff's claim]* ).

If you find that (this affirmative defense has) (any one or more of these affirmative defenses have) been proved by a preponderance of the evidence, then your verdict must be for the defendant.

However, if you find that (this affirmative defense has not) (none of these affirmative defenses have) been proved, then your verdict must be for the plaintiff.

## CJI-Civ 14:14

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 14. PRODUCT LIABILITY  >  B. PRODUCT LIABILITY FOR BREACH OF WARRANTY*

# 14:14 IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE -- DEFINED

An implied warranty that goods are fit or suitable for a particular purpose is created if:

1. At the time the seller makes the contract of sale, (he) (she) (it) has reason to know of any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods for that purpose; and

2. The buyer in fact relies on the skill or judgment of the seller.

*CJI-Civ 14:15*

*Colorado Jury Instructions for Civil Trials > CHAPTER 14. PRODUCT LIABILITY > B. PRODUCT LIABILITY FOR BREACH OF WARRANTY*

## 14:15 NOTICE OF BREACH OF WARRANTY -- WHAT CONSTITUTES

Plaintiff, *(name)*, cannot recover for breach of warranty unless (he) (she) (it) notified the defendant, *(name)*, of the breach within a reasonable time after the plaintiff discovered or should have discovered the breach. You must decide what is a reasonable time based upon the facts and circumstances.

Notice may be oral or written. No particular form of notice is required as long as it informs the defendant of the breach.

# CJI-Civ 14:16

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 14. PRODUCT LIABILITY  >  B. PRODUCT LIABILITY FOR BREACH OF WARRANTY*

# 14:16 IMPLIED WARRANTIES -- CREATION AND EXCLUSION OR MODIFICATION

An implied warranty is one created by operation of law and is not dependent upon the intent of the (manufacturer) (wholesaler) (retailer).

An implied warranty of (merchantability) (or) (fitness) may, however, be excluded or modified.

(1. Any implied warranty is excluded by a [manufacturer] [wholesaler] [retailer] if the [manufacturer] [wholesaler] [retailer] used expressions like "as is," or "with all faults," or used other language that in common understanding would call the buyer's attention to the exclusion of warranty and make it clear there was no implied warranty.)

(2. Any implied warranty may be excluded or modified by a [course of dealing] [or] [course of performance] [or] [usage of the trade].)

(3. Any implied warranty is excluded as to defects that a reasonable examination would have revealed to the buyer under the circumstances if, before entering into the contract, the buyer examined the goods [or a sample or model of the goods] as fully as the buyer desired or if, upon demand of the seller, the buyer refused to make such an examination when the buyer had a reasonable opportunity to do so.)

(4. [Unless an implied warranty of merchantability has been excluded or modified in (the manner just described) (one or more of the ways just described), to] [To] exclude or modify an implied warranty of merchantability or any part of it, the language must, whether spoken or in writing, mention merchantability.)

(5. [Unless an implied warranty of fitness has been excluded or modified in (the manner just described) (one or more of the ways just described), to] [To] exclude or modify an implied warranty of fitness, the exclusion must be by a writing. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that, "There are no warranties that extend beyond the description on the face hereof.")

*CJI-Civ 14:25*

*Colorado Jury Instructions for Civil Trials > CHAPTER 14. PRODUCT LIABILITY > E. AFFIRMATIVE
DEFENSES AND DEFENSE CONSIDERATIONS*

## 14:25 AFFIRMATIVE DEFENSE -- UNREASONABLE, KNOWING USE OF DEFECTIVE PRODUCT OR PRODUCT NOT IN COMPLIANCE WITH WARRANTY

The voluntary and unreasonable use of a defective product with knowledge of the specific danger created by a defect is an affirmative defense.

The defendant, *(name)*, is not legally responsible to the plaintiff, *(name)*, on the plaintiff's claim of damages for (sale of a defective product) (breach of warranty) if this affirmative defense is proved. This affirmative defense is proved if you find all of the following:

1. At the time the plaintiff (was) (claims to have been) (injured) (damaged), (he) (she) (it) had actual knowledge of the specific danger created by the defect, and knew that this specific danger created a risk of (injury) (damage);

2. The plaintiff voluntarily and unreasonably exposed (himself) (herself) (itself) to the risk of (injury) (damage); and

3. The plaintiff's (use) (continued use) of the product was a cause of the plaintiff's claimed (injuries) (damages).

*CJI-Civ 14:28*

*Colorado Jury Instructions for Civil Trials > CHAPTER 14. PRODUCT LIABILITY > E. AFFIRMATIVE DEFENSES AND DEFENSE CONSIDERATIONS*

# 14:28 AFFIRMATIVE DEFENSE -- COMPARATIVE FAULT BASED ON UNREASONABLE, KNOWING USE OF PRODUCT INVOLVING NEGLIGENTLY CREATED RISK, PRODUCT NOT IN COMPLIANCE WITH WARRANTY, OR DEFECTIVE OR MISREPRESENTED PRODUCT

A form of comparative fault is the voluntary and unreasonable use of a defective product with knowledge of the specific danger created by a defect. Such comparative fault is an affirmative defense that is proved if you find all of the following by a preponderance of the evidence:

1. At the time the plaintiff, *(name),* (was) (claims to have been) injured, (he) (she) had actual knowledge of the specific danger created by the defect, and knew that this specific danger created a risk of (injury) (damages);

2. The plaintiff voluntarily and unreasonably exposed (himself) (herself) to the risk of injury; and

3. The plaintiff's (use) (continued use) of the product after acquiring such knowledge was a cause of (his) (her) claimed injuries.

# DELAWARE

Del. P.J.I. Civ. §§ 9.11, 9.14, 9.16-19.22, 9.24

§ 9.11. Improper Use by Plaintiff

§ 9.14. Statement of Opinion

§ 9.16. Implied Warranty of Merchantability

§ 9.17. Implied Warranty of Fitness for a Particular Purpose

§ 9.18. Scope of Warranty—Secondary Users of Product

§ 9.19. Exclusion of Warranties

§ 9.20. Exclusion of Implied Warranties

§ 9.21. Exclusion of Implied Warranty of Merchantability

§ 9.22. Exclusion of Warranty for Fitness for a Particular Purpose

§ 9.24. Notice of Breach

*Del. P.J.I. Civ. § 9.11*

*Delaware Pattern Jury Instructions - Civil > CHAPTER 9 PRODUCTS LIABILITY*

## § 9.11 IMPROPER USE BY PLAINTIFF

**MISUSE OF PRODUCT**

[***Defendant's name***] claims that [***plaintiff's name***] misused [__describe product__]. If you find that [__describe alleged misuse of product__] was not a use reasonably foreseen by the manufacturer, and if you find that this misuse was an intervening or superseding cause of [***plaintiff's name***]'s injuries, you must find for [***defendant's name***].

*Del. P.J.I. Civ. § 9.14*

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

# § 9.14 STATEMENT OF OPINION

**STATEMENT OF OPINION**

If you find that [***seller's name***] merely affirmed the value of the goods, or merely made a statement purporting to be [***his/her/its***] opinion or commendation of the product, then you should not find that a warranty was created.

Del. P.J.I. Civ. § 9.16

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

# § 9.16 IMPLIED WARRANTY OF MERCHANTABILITY

**IMPLIED WARRANTY OF MERCHANTABILITY**

In every contract for the sale of goods, there is an implied promise that the goods are merchantable. In order to be merchantable, the goods must:

[*Instruct on each element as applicable*]

! pass without objection in the trade under the contract description; and

! if they're fungible goods, (goods that are commercially interchangeable) be of fair average quality within their contract description; and

! be fit for the ordinary purposes for which the goods are used; and

! be, within the variations permitted by the contract, of even kind, quality, and quantity within each unit and among all units involved; and

! be adequately contained, packaged, and labeled as the contract requires; and

! conform to the factual promises or affirmations, if any, made on the container or label.

If you find that any one of the above elements did not exist for the goods in this contract, then you must find that [***defendant's name***] breached its implied promise that the goods would be merchantable.

## Del. P.J.I. Civ. § 9.17

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

# § 9.17 IMPLIED WARRANTY OFFITNESS FOR A PARTICULAR PURPOSE

IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

[*Plaintiff/buyer's name*] has alleged that [*defendant/seller's name*] has breached an implied promise that the product in question was fit for a particular purpose. If you find that when the contract was formed [*defendant/seller's name*] should have known about a particular purpose for which [*plaintiff/buyer's name*] was going to use the goods and that [*plaintiff/buyer's name*] was relying on [his/her/its] skill or judgment to select or furnish goods suitable for that purpose, then [*defendant/seller's name*] has impliedly warranted that the goods would be suitable for that purpose.

*Del. P.J.I. Civ. § 9.18*

*Delaware Pattern Jury Instructions - Civil > CHAPTER 9 PRODUCTS LIABILITY*

# § 9.18 SCOPE OF WARRANTY - SECONDARY USERS OF PRODUCT

**SCOPE OF WARRANTY - SECONDARY USERS**

A seller's warranty, whether express or implied, extends to any person who might reasonably be expected to use or be affected by the goods and who is injured by a breach of the warranty.

A secondary purchaser or user of a product is subject to the same warranties and the same disclaimers, modifications, or remedy-limitation clauses that were part of the underlying sales agreement between the original buyer and the seller.

If you find that [__describe the warranty, disclaimer, modification, or remedy limitation__] was a part of the original sale of the product, then you must apply the [__describe the warranty, disclaimer, modification, or remedy limitation__] to [*plaintiff's name*]'s claim under [__describe basis for claim__].

*Del. P.J.I. Civ. § 9.19*

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

## § 9.19 EXCLUSION OF WARRANTIES

**EXCLUSION OR MODIFICATION OF EXPRESS WARRANTIES**

If you find that [*seller's name*] has used words or conduct tending to create an express warranty and has also used words or conduct tending to exclude or limit the warranty, you must try to interpret them as being consistent with each other. But if you find that they cannot reasonably be reconciled, you must disregard the words or conduct tending to exclude or limit the warranty.

# Del. P.J.I. Civ. § 9.20

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

## § 9.20 EXCLUSION OF IMPLIED WARRANTIES

**EXCLUSION OF IMPLIED WARRANTIES - "AS IS"**

A seller such as [*seller's name*] may generally prevent the creation of an implied warranty by making clear to the buyer that the goods are sold "as is" or "with all faults," or by other language that by common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty.

If the buyer, before entering into the contract or accepting or purchasing the goods, has examined the goods fully, or has refused to examine the goods upon the seller's demand, there is no implied warranty for defects that an examination should have revealed.

An implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade. [__*Define these terms if necessary*.__]

Implied warranties are not disclaimed where circumstances indicate otherwise. If the seller's words or conduct are ambiguous or conflict with an attempted exclusion of warranties, then the attempted exclusion is not effective.

You must decide whether the implied warranty claimed by [*plaintiff's name*] has been excluded in any manner by [*defendant's name*].

*Del. P.J.I. Civ. § 9.21*

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

## § 9.21 EXCLUSION OF IMPLIED WARRANTY OF MERCHANTABILITY

**EXCLUSION OF IMPLIED WARRANTY OF MERCHANTABILITY**

[**Comment**: *A seller may exclude or modify the implied warranty of merchantability, or any part of it, by using the word "merchantability" and, in the case of a writing, the language using the word merchantability must be conspicuous. The exclusion or modification of the implied warranty of merchantability in this manner is a matter of law for the court to decide.*]

Source:

DEL. CODE ANN. tit. 6, ' 2-316(2) (1999).

**Source:** Delaware State Courts

Delaware Pattern Jury Instructions - Civil

*Del. P.J.I. Civ. § 9.22*

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

# § 9.22 EXCLUSION OF WARRANTY FOR FITNESS FOR A PARTICULAR PURPOSE

**EXCLUSION OF WARRANTY FOR FITNESS FOR A PARTICULAR PURPOSE**

[**Comment**: *All implied warranties of fitness for a particular purpose may be excluded by language that states: "there are no warranties which extend beyond the description on the face hereof." The exclusion of an implied warranty of fitness for a particular purpose in this manner is a matter of law for the court to decide.*]

Source:

DEL. CODE ANN. tit. 6, ' 2-316(2) (1999).

**Source:** Delaware State Courts

Delaware Pattern Jury Instructions - Civil

*Del. P.J.I. Civ. § 9.24*

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

## § 9.24 NOTICE OF BREACH

**REQUIREMENT OF NOTIFICATION OF BREACH -- COMMERCIAL SALES**

To recover for a breach of warranty, [*buyer's name*] must notify [*seller's name*] of the breach within a reasonable time after [*he/she/it*] discovers or should have discovered the breach. A buyer notifies a seller by taking reasonable steps to inform the seller under ordinary circumstances, regardless of whether the seller actually comes to know of the alleged breach. No particular words or forms are required. Notice need not be written. Conversations, conferences, and correspondence that call [*seller's name*]'s attention to the defect in the product can constitute notice of [*seller's name*]'s breach.

# DISTRICT OF COLUMBIA

1 Civil Jury Instructions for DC §§ 23.02-23.05, 23.10, 23.12 (2021)

§ 23.02. Breach of Warranty, Implied Warranty - Merchantability

§ 23.03. Breach of Warranty, Implied Warranty - Fitness for a Particular Purpose

§ 23.04. Implies Warranty - Exclusion or Limitation

§ 23.05. Failure to Warn

§ 23.10. Circumstantial Evidence of Product Defect in Breach of Warranty or Strict Liability

§ 23.12. Misuse

# 1 Civil Jury Instructions for DC § 23.02

*Standardized Civil Jury Instructions for the District of Columbia* > *CHAPTER 23 PRODUCTS LIABILITY*

## §23.02BREACH OF WARRANTY, IMPLIED WARRANTY—MERCHANTABILITY

[1] Instruction 23-2

Breach of Warranty, Implied Warranty—Merchantability (D.C. Std. Civ. Jury Instr. No. 23-2)

A person who regularly sells goods like those involved in this case is called a merchant. A merchant has a legal obligation concerning the fitness of the goods that he or she sells. This obligation is called an implied warranty of merchantability. This warranty means that the merchant implicitly promises or assures users of the goods that the following factors are true about the goods he or she sells:

[*Use only the applicable portions of the following, and number accordingly*]

First, the goods meet at least the contract description of them, and would be acceptable to others in the same industry or business as fulfilling that contract description;

Second, if the goods are fungible or interchangeable, the goods are of fair average quality within the description.

Third, the goods are at least fit for the ordinary purposes for which such goods are used.

Fourth, the goods at least match the characteristics of kind, quality and quantity consistently in each unit and among all units, as the parties agreed, within the variations allowed by the parties' agreement, if any.

Fifth, the goods are at least adequately contained, packaged, and labeled as the parties agreed.

Sixth, the goods at least match the promises or statements of fact made on the container or label (if any).

You must find the defendant breached the implied warranty if you find both that the defendant was a merchant in these goods, and that these goods did not fulfill all of these factors. When considering whether the defendant did breach this implied warranty, it makes no difference whether or not the defendant was negligent. Also, it makes no difference whether the plaintiff and defendant in this case had any contractual relationship between them.

To establish that the defendant is liable to the plaintiff for breach of implied warranty in the manufacture or sale of the product, the plaintiff must prove both the following three things:

First, that the defendant was a merchant in these goods;

Second, that the goods did not conform to the factors just described; and

Third, that the problem with the product's condition caused the plaintiff's injuries.

# 1 Civil Jury Instructions for DC § 23.03

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 23 PRODUCTS LIABILITY*

# §23.03 BREACH OF WARRANTY, IMPLIED WARRANTY—FITNESS FOR PARTICULAR PURPOSE

[1] Instruction 23-3

Breach of Implied Warranty—Fitness for Particular Purpose (D.C. Std. Civ. Jury Instr. No. 23-3)

When a seller sells goods to a buyer, the seller may give the buyer certain promises or assurances about the nature and quality of the goods. Where the seller at the time of the sale has reason to know the particular purposes for which the goods are required, and to know that the buyer is relying upon the seller's skill or judgment to select or furnish suitable goods, the law implies a warranty of fitness for a particular purpose. In effect, the law holds the seller responsible just as if the seller had expressly promised or assured the buyer that the goods [he] [she] is selling will fit the buyer's specific purposes.

The defendant is liable for the plaintiff's damages only if you find both that the defendant breached this implied warranty of fitness for a particular purpose, and that the breach caused the plaintiff's damages.

In deciding defendant's liability for breach of this implied warranty of fitness for a particular purpose, it makes no difference whether or not the defendant was negligent.

# 1 Civil Jury Instructions for DC § 23.04

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 23 PRODUCTS LIABILITY*

# §23.04 IMPLIED WARRANTY—EXCLUSION OR LIMITATION

[1] Instruction 23-4

Implied Warranty—Exclusion or Limitation (D.C. Std. Civ. Jury Instr. No. 23-4)

### IMPLIED WARRANTY OF MERCHANTABILITY:

Sometimes the parties can exclude, limit, modify or waive the implied warranty of merchantability.

You may find that the implied warranty of merchantability has been excluded, limited, modified or waived if one or more of the following things occurred:

(1) The parties expressly agreed to waive or limit the warranty.

(2) [FOR CONSUMER GOODS:] There was a written notice of particular defects and limitations on the goods [or services] provided at the time of sale.

(3) [FOR NON-CONSUMER GOODS SALES:] There was a written or oral statement given to the buyer containing language calling the buyer's attention to the exclusion of the warranty and making plain there is no implied warranty. Expressions like "as is" and "with all faults" are examples of language that excludes all warranties. Language such as "There are no warranties which extend beyond the description on the face hereof" is sufficient to exclude any warranty of fitness.

(4) [FOR NON-CONSUMER GOODS SALES:] The buyer was provided with an oral or written statement that modifies or excludes the warranty, and the statement mentions "merchantability" specifically.

(5) [FOR NON-CONSUMER GOODS SALES:] If, before entering into a contract, the buyer either examined the goods as much as he or she desired, or refused to examine the goods, then by law there is no implied warranty covering defects that the buyer woudl have found by an examination under the circumstances.

(6) [FOR NON-CONSUMER GOODS SALES:] The implied warranty is ordinarily excluded or modified by the course of dealing or usage of the trade.

### IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE:

1 Civil Jury Instructions for DC § 23.04

Sometimes the parties can exclude, limit, modify or waive the implied warranty of fitness for a particular purpose.

You may find that the implied warranty of fitness for a particular purpose has been excluded, limited, modified or waived if one or more of the following things occurred:

(1) The parties expressly agreed to waive or limit the warranty.

(2) [*FOR CONSUMER GOODS*:] There was a written notice of particular defects and limitations on the goods [or services] provided at the time of sale.

(3) [*FOR NON-CONSUMER GOODS SALES*:] There was a written statement given to the buyer containing language calling the buyer's attention to the exclusion of the warranty and making plain there is no implied warranty. Expressions like "as is" and "with all faults" are examples of language that excludes all warranties. Language such as "There are no warranties which extend beyond the description on the face herof" is sufficient to exclude any warranty of fitness.

(4) [*FOR NON-CONSUMER GOODS SALES*:] If, before entering into a contract, the buyer either examined the goods as much as he or she desired, or refused to examine the goods, then by law there is no implied warranty covering defects that the buyer would have found by an examination under the circumstances.

(5) [*FOR NON-CONSUMER GOODS SALES*:] The implied warranty is ordinarily excluded or modified by the course of dealing or usage of the trade.

## *1 Civil Jury Instructions for DC § 23.05*

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 23 PRODUCTS LIABILITY*

# §23.05 FAILURE TO WARN

[1] Form 23-5

Failure to Warn (D.C. Std. Civ. Jury Instr. No. 23-5)

If a product could cause foreseeable harm to the user of that product, then the manufacturer or seller of the product has a legal duty to give a warning to the user. The manufacturer or seller's warning must do two things:

First, the warning must adequately advise of risks in using the product that might not be obvious to the user, and

Second, the warning must provide specific directions for safe use.

If you find that the defendant failed to give a warning that did either or both of these two things, then you should find the defendant liable for all damages that were caused by that failure. [If you find that the warning was inadequate, you may presume that the product was defective and caused the plaintiff's damages.]

There are two exceptions to this rule when the plaintiff's own knowledge or conduct may excuse the defendant's alleged failure. I will instruct you about those two exceptions shortly.

# 1 Civil Jury Instructions for DC § 23.10

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 23 PRODUCTS LIABILITY*

# §23.10CIRCUMSTANTIAL EVIDENCE OF PRODUCT DEFECT IN BREACH OF WARRANTY OR STRICT LIABILITY

[1] Instruction 23-10

Circumstantial Evidence of Product Defect in Breach of Warranty or Strict Liability (D.C. Std. Civ. Jury Instr. No. 23-10)

[*FOR BREACH OF WARRANTY THEORY ONLY*]:

The plaintiff alleges that the defendant breached a warranty concerning [this product]. The plaintiff does not have to prove a specific defect in [the product] for you to decide that the defendant breached

[an express warranty;]

[*OR*]

[an implied warranty of merchantability;]

[*OR*]

[an implied warranty of fitness for intended use.]

It is sufficient proof of breach of warranty if you find that there was an obvious or hidden defect in the product when it left the defendant, and that the defect caused [describe what happened to the product which caused the accident].

[*FOR BOTH BREACH OF WARRANTY AND STRICT LIABILITY*]:

The plaintiff may prove a defect in a product solely by circumstantial evidence. [To make this proof, the plaintiff must present evidence showing that some defect must have caused the damages, that there are no other possible causes of the damages except the defect, and that the defendant is responsible for the defect in the product.] The plaintiff [does not have to prove exactly the way in which the product is defective, and] does not have to prove the defect by specific, physical evidence.

## *1 Civil Jury Instructions for DC § 23.12*

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 23 PRODUCTS LIABILITY*

# §23.12 MISUSE

[1] Instruction 23-12

Misuse (D.C. Std. Civ. Jury Instr. No. 23-12)

The defendant contends that the plaintiff's injury occurred as a result of plaintiff's misuse of [the product]. Misuse of a product occurs when a person uses the product in a manner that the manufacturer or seller could not reasonably foresee. A manufacturer or seller is entitled to expect that its product will be used in a normal manner.

You must, therefore, determine whether at the time [the plaintiff incurred his or her injuries] [the accident occurred], the plaintiff was using [the product] in a manner not reasonably foreseeable to the defendant.

If the plaintiff's injuries occurred because the plaintiff used [the product] in a manner not reasonably foreseeable to the defendant, then the plaintiff cannot recover damages.

# FLORIDA

1 Florida Standard Jury Instructions in Civil Cases §§ 403.5, 403.6, 403.15 (2020)

§ 403.5. Implied Warranty of Merchantability

§ 403.6. Implied Warranty of Fitness for a Particular Purpose

§ 403.15. Issues on Main Claim - Implied Warranty of Fitness for a Particular Purpose

# 1 Florida Standard Jury Instructions in Civil Cases 403.15

*Florida Standard Jury Instructions in Civil Cases > SECTION 403 — PRODUCTS LIABILITY*

## 403.15 ISSUES ON MAIN CLAIM

**The [next] issues you must decide on** (claimant's) **claim against** (defendant) **are:**

*a. Express Warranty:*

**whether** (the product) **failed to conform to representations of fact made by** (defendant)**, orally or in writing, in connection with the [sale] [transaction], on which** (name) **relied in the [purchase and] use of the product, and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

*b. Implied Warrant of Merchantability:*

**whether** (the product) **was not reasonably fit for either the uses intended or the uses reasonably foreseeable by** (defendant) **and, if so, whether that lack of fitness was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

*c. Implied Warranty of Fitness for Particular Purpose:*

**whether** (the product) **was not reasonably fit for the specific purpose for which** (defendant) **knowingly sold** (the product) **and for which** (claimant) **bought** (the product) **in reliance on the judgment of** (defendant) **and, if so, whether that lack of fitness was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

*d. Strict Liability—Manufacturing Defect:*

**whether** (the product) **[was made differently than its intended design and thereby failed to perform as safely as intended and** (the product) **reached** (claimant) **without substantial change affecting the condition and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

*e. Strict Liability—Design Defect:*

**whether [**(the product) **failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer] [and] [or] [the risk of danger in the design of the product outweighs the benefits of the product] and** (the product) **reached** (claimant) **without substantial change affecting the**

1 Florida Standard Jury Instructions in Civil Cases 403.15

condition and, if so, whether that failure was a legal cause of the [loss] [injury] or [damage] to (claimant, decedent, or person for whose injury claim is made).

*f. Strict Liability—Failure to Warn:*

whether the foreseeable risks of harm from (the product) could have been reduced or avoided by providing reasonable instructions or warnings and the failure to provide those warnings made (the product) unreasonably dangerous and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

*g. Negligence:*

whether (defendant) was negligent in (describe alleged negligence), and, if so, whether that was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

*h. Negligent Failure to Warn:*

whether (defendant) negligently failed to warn about particular risks involved in the use of (the product), and, if so, whether that failure to warn was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

(Adopted March 26, 2015)

Florida Standard Jury Instructions in Civil Cases
Copyright 2022, The Florida Bar. All Rights Reserved.

# 1 Florida Standard Jury Instructions in Civil Cases 403.5

*Florida Standard Jury Instructions in Civil Cases* > *SECTION 403 — PRODUCTS LIABILITY*

## 403.5 IMPLIED WARRANTY OF MERCHANTABILITY

A product is defective if it is not reasonably fit for either the uses intended or the uses reasonably foreseeable by (defendant).

(Adopted March 26, 2015)

Florida Standard Jury Instructions in Civil Cases

Copyright 2022, The Florida Bar. All Rights Reserved.

# 1 Florida Standard Jury Instructions in Civil Cases 403.6

*Florida Standard Jury Instructions in Civil Cases  >  SECTION 403 — PRODUCTS LIABILITY*

## 403.6 IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

**A product is defective if it is not reasonably fit for the specific purpose for which** (defendant) **knowingly sold the product and for which, in reliance on the judgment of** (defendant)**, the purchaser bought the product.**

(Adopted March 26, 2015)

Florida Standard Jury Instructions in Civil Cases

Copyright 2022,  The Florida Bar.  All Rights Reserved.

# GEORGIA

1 Ga. Jury Instructions - Civil § 18.052

§ 18.052. Warranty, Breach of; Personalty

*1 Ga. Jury Instructions - Civil § 18.052*

*Georgia Suggested Pattern Jury Instructions, Civil Cases > CONTRACT DAMAGES*

## § 18.052. WARRANTY, BREACH OF; PERSONALTY

If the buyer has accepted goods and given notification (O.C.G.A. § 11-2-607(3)), the buyer may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner that is reasonable.

The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value the goods would have been if they had been as warranted, unless special circumstances show proximate damages of a different amount.

In a proper case, any incidental and consequential damages under the next section may also be recovered.

The buyer on notifying the seller of the intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract.

# HAWAII

1 Hawaii Standard Civil Jury Instruction Nos. 12.2-12.4, 13.1-13.7

Instruction No. 12.2. "Seller," "Buyer," "Sale," and "Goods"

Instruction No. 12.3. Descriptions, Samples and Particular Words

Instruction No. 12.4. Basis of the Bargain

Instruction No. 13.1. Implied Warranty of Merchantability—Elements

Instruction No. 13.2. Implied Warranty of Merchantability—Defective Product

Instruction No. 13.3. Implied Warranty of Merchantability—Reliance Not Required

Instruction No. 13.4. Implied Warranty of Fitness for a Particular Purpose—Elements

Instruction No. 13.5. Third Party Beneficiaries of Express and Implied Warranties

Instruction No. 13.6. No Disclaimer of Liability for Personal Injuries to a Third Party to Whom an Express or Implied Warranty Extends

Instruction No. 13.7. Exclusion or Limitation of Warranties

INSTRUCTION NO. 12.2

"SELLER," "BUYER," "SALE," AND "GOODS"

As used in these instructions, the word "seller" means a person who sells or contracts to sell goods. The word "seller" includes the manufacturer(s) and each distributor, retailer or other participant in the chain of distribution of the goods. The word "buyer" means a person who buys or contracts to buy goods. A "sale of goods" is the passing of title or ownership of "goods" from the seller to a buyer for a price.

(As used in these instructions, the word "lessor" means a person who leases or contracts to lease goods. A "lease of goods" is a transfer of the right of possession and use of "goods" to a lessee for a price.)

"Goods" means movable things that are not attached to buildings or real estate, or that can be removed from buildings or real estate without material harm.

INSTRUCTION NO. 12.3

DESCRIPTIONS, SAMPLES, AND PARTICULAR WORDS

Any representation, affirmation of fact, or promise made by seller(s)/lessor(s) to buyer(s)/lessee(s) which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the representation, affirmation of fact, or promise.

Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

No particular word or form of expression is necessary to create an express warranty, nor is it necessary that seller(s)/lessor(s) has/have a specific intention to make a warranty or use formal words such as "warrant" or "guarantee."

INSTRUCTION NO. 12.4

BASIS OF THE BARGAIN

To prove that a representation, affirmation of fact, or promise regarding the goods was part of the basis of the bargain:

1.    Plaintiff(s) must prove that seller(s)/lessor(s) made the representation, affirmation of fact, or promise during the bargaining process; and

2.    Seller(s)/lessor(s) must fail to prove that the resulting bargain did not rest at all on seller's(s')/lessor's(s') representation, affirmation of fact, or promise.

Some statements by seller(s)/lessor(s) cannot fairly be viewed as having become a basis of the bargain, such as statements about the general value of the goods, or about seller's(s')/lessor's(s') general opinion regarding that value, or even  seller's(s')/ lessor's(s') exaggerated claims about the superiority of his/her/its/their goods, sometimes known as "puffing."

Whether a statement of opinion regarding the goods is a representation, affirmation of fact, or promise that created an express warranty depends upon all of the circumstances surrounding the statement.  A statement of opinion that is the

<u>INSTRUCTION NO. 13.1</u>

IMPLIED WARRANTY OF MERCHANTABILITY – ELEMENTS

To prevail on the claim for breach of an implied warranty of merchantability, plaintiff(s) must prove all of the following elements:

1.    Defendant(s) was/were a seller(s)/lessor(s) in a sale/lease of goods; and

2.    Plaintiff(s) was/were reasonably expected to use, consume or be affected by the product; and

3.    Any one of the following:

(a)  The product would not pass without objection in the trade under the contract description; or

(b)  In the case of fungible goods, the product was not of fair average quality within the description; or

(c)  The product was not fit for the ordinary purposes for which such goods are used; or

(d)  The product did not run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; or

(e)  The product was not adequately contained, packaged, and labeled as the agreement required; or

(f)  The product did not conform to the promises or affirmations of fact made on the container or label if any; and

4.  The way in which the product was not fit for its ordinary purpose was a legal cause of damage to plaintiff(s).

INSTRUCTION NO. 13.2

IMPLIED WARRANTY OF MERCHANTABILITY – DEFECTIVE PRODUCT

If a product is "defective" for purposes of strict products liability, it is automatically not fit for its ordinary purpose.

<u>INSTRUCTION NO. 13.3</u>

IMPLIED WARRANTY OF MERCHANTABILITY – RELIANCE NOT REQUIRED

To prevail on the claim for breach of the implied warranty of merchantability, it is not necessary for plaintiff(s) to prove that he/she/it/they relied upon the implied warranty.

INSTRUCTION NO. 13.4

IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE – ELEMENTS

To prevail on the claim for breach of an implied warranty of fitness for a particular purpose against defendant(s), plaintiff(s) must prove all of the following elements:

1.    Defendant(s) sold or leased the product or otherwise participated in the chain of distribution of the product; and

2.    When the contract for sale/lease was entered into by defendant(s), he/she/it/they had reason to know:

     a.    a particular purpose for which plaintiff(s) obtained the product; and

     b.    buyer(s)/lessee(s) was/were relying on the skill or judgment of defendant(s) to select or furnish a suitable product; and

3.    Buyer(s)/lessee(s) did in fact rely on defendant(s) to select or furnish a product suitable for the particular purpose for which plaintiff(s) obtained the product; and

4.    The product was not fit for that particular purpose; and

5.    The way in which the product was not fit for that particular purpose was a legal cause of damage to plaintiff(s).

INSTRUCTION NO. 13.5

THIRD PARTY BENEFICIARIES OF EXPRESS AND IMPLIED WARRANTIES

An express or implied warranty made by any seller/lessor of a product extends not only to buyer(s)/lessee(s) of that product, but also to any person who may reasonably be expected to use, consume or be affected by the product and who suffers personal injury caused by breach of the warranty.

<u>INSTRUCTION NO. 13.6</u>

NO DISCLAIMER OF LIABILITY FOR PERSONAL INJURIES TO A THIRD
PARTY TO WHOM AN EXPRESS OR IMPLIED WARRANTY EXTENDS

Seller(s)/lessor(s) of a product may not exclude or limit

his/her/its/their liability for personal injury to a third

party—other than buyer(s)/lessee(s) of the product—who may be

reasonably expected to use, consume, or be affected by the

product and who suffers personal injury caused by breach of the

warranty.

INSTRUCTION NO. 13.7

EXCLUSION OR LIMITATION OF WARRANTIES[1]

No exclusion or limitation of an express warranty is
effective if it is based upon an unreasonable interpretation of
the party's/parties' words or conduct.

The following general rules apply to the exclusion or
limitation of warranties:

1.    To exclude or limit the implied warranty of
merchantability, the language must mention "merchantability,"
and, if in writing, it must be conspicuous.  "Conspicuous" means
that a written disclaimer or limitation must be in a larger
print or typeface so as to stand out from the other portions of
the document in which it is contained.

2.    To exclude or limit any warranty of fitness (either
express or implied), the language must be both in writing and
conspicuous.

3.    All implied warranties of fitness can be excluded by a
single disclaimer that complies with all of the applicable
rules.

The following special rules apply to the exclusion or
limitation of warranties:

---

[1] This instruction may not apply or may require modification in
personal injury cases.

# ILLINOIS

1 Illinois Forms of Jury Instruction §§ 34.03, 34.04, 34.140 (2022)

3 Illinois Forms of Jury Instruction §§ 100.20, 100.21, 100.24-100.26, 100.58, 100.59 (2022)

§ 34.03. Buyer

§ 34.04. Merchant and Transactions Between Merchants

§ 34.140. Warranties in General

§ 100.20. Issues Introduction—Breach of Warranty

§ 100.21. Persons to Whom Express or Implied Warranties Extend

§ 100.24. Burden of Proof - Breach of Implied Warranty of Merchantability

§ 100.25. Definition of Merchant

§ 100.26. Burden of Proof—Breach of Implied Warranty of Fitness for Particular Purpose

§ 100.58. Disclaimer of Warranty

§ 100.59. Lack of Notice of Breach of Warranty

# 1 Illinois Forms of Jury Instruction § 34.03

*Illinois Forms of Jury Instruction > II BREACH OF CONTRACT ACTIONS > Division B Specific Types of Contracts > CHAPTER 34 COMMERCIAL CODE SALES CONTRACTS > Part A. DEFINITIONS FOR SALE OF GOODS CONTRACTS*

## § 34.03 Buyer

[1] Instruction

[PLAINTIFF/DEFENDANT]'S   PROPOSED INSTRUCTION NO. '   NOT IN IPI

As used in these instructions, "buyer" means a person who buys or contracts to buy goods. The buyer in this case is _____ [*name of party*].

| | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

# 1 Illinois Forms of Jury Instruction § 34.04

*Illinois Forms of Jury Instruction  >  II BREACH OF CONTRACT ACTIONS  >  Division B Specific Types of Contracts  >  CHAPTER 34 COMMERCIAL CODE SALES CONTRACTS  >  Part A. DEFINITIONS FOR SALE OF GOODS CONTRACTS*

## §34.04Merchant and Transactions Between Merchants

[1] Instruction

[PLAINTIFF/DEFENDANT]'S   PROPOSED INSTRUCTION NO.    NOT IN IPI

[*CHOOSE ONE OF THE FOLLOWING*

*(see Use of Instruction):*]

A "merchant" is one who engages in a trade, a business, or a type of commerce to such an extent that he or she has or should have knowledge of common business practices.

[*OR:*]

A "merchant" is one who deals in goods of the kind involved in the type of transaction present in this case between _____ [*name of buyer*] and _____ [*name of seller*].

[*OR:*]

A "merchant" is one whose occupation indicates that he or she has particular knowledge of, or skill in, the practice or goods involved in the transaction.

[*OR:*]

Persons are considered "merchants" when they hire an agent, broker, or other person to act for them, and the occupation of the [person/organization] employed indicates a particular knowledge about, or skill in, the practice or goods involved in the transaction.

[*CONTINUE WITH:*]

A transaction is "between merchants" when both parties to the transaction are merchants under the definition that you have just been given.

Given    _____

Given as Modified    _____

# 1 Illinois Forms of Jury Instruction § 34.140

*Illinois Forms of Jury Instruction > II BREACH OF CONTRACT ACTIONS > Division B Specific Types of Contracts > CHAPTER 34 COMMERCIAL CODE SALES CONTRACTS > Part G. GENERAL OBLIGATIONS > 3. Warranties*

# § 34.140 Warranties in General

[1] Instruction

[PLAINTIFF/DEFENDANT]'S   PROPOSED INSTRUCTION NO.    NOT IN IPI

Contracts for the sale of goods may contain warranties regarding the character or fitness of the goods sold. A warranty is a promise by the seller that the goods will conform to the description or standard contained in the warranty.

An express warranty is a statement or affirmation of fact about the goods made by the seller to the buyer. An *implied warranty* arises from the circumstances of the sale and does not require a statement or affirmation by the seller.

In this case, Plaintiff contends that the following warranties apply to the parties' transaction: _____ [*list any express and implied warranties claimed*]. Plaintiff claims that Defendant has breached these warranties.

Given  _____

Given as Modified  _____

Refused  _____

Withdrawn  _____

# 3 Illinois Forms of Jury Instruction § 100.20

*Illinois Forms of Jury Instruction > III TORT ACTIONS > Division C Actions Against Specific Defendants > CHAPTER 100 PRODUCTS LIABILITY > Part B. BREACH OF WARRANTY*

## § 100.20 Issues Instruction—Breach of Warranty.

[1] Instruction

[PLAINTIFF/DEFENDANT]'S  PROPOSED INSTRUCTION NO.   NOT IN IPI

Plaintiff claims that [he/she] was injured [while using/as a result of the use of] the _____ [*describe product*] and that the _____ [*describe product*], in causing the injury to plaintiff, did not operate as defendant had promised it would. Plaintiff claims that defendant made the following [promise/promises] or [warranty/warranties] about the _____ [*describe product*] that were untrue and that caused injury to plaintiff in that _____ [*describe facts alleged by plaintiff to show causation*]:

[*OPTIONAL (see Use of Instruction):*]

(1) Plaintiff claims that defendant made an express warranty regarding the performance of the [*describe product*] in [*describe conduct of defendant that allegedly gave rise to express warranty, e.g.,* showing plaintiff a sample set of safety glasses that did not break or chip on being impacted by a pellet shot from a pellet gun]. Plaintiff further claims that [he/she] and defendant discussed [*describe how defendant's statements, display of samples, or other action became a basis of the parties' bargain, e.g.,* the strength of the sample safety glasses and how they had withstood the impact of shots from a pellet gun and that this discussion was the reason plaintiff purchased the glasses that (he/she) was wearing at the time of the incident at issue].

_____

_____

_____

[*CHOOSE ONE OR BOTH OF THE FOLLOWING:*]

_____

. Chapter updated by Eleonora di Liscia in 2019; previously updated by the Honorable James C. Murray, First District, Appellate Court.

3 Illinois Forms of Jury Instruction § 100.20

[*If plaintiff alleges breach of <u>implied warranty</u> of merchantability, use:*]

) Plaintiff claims that Defendant made a warranty called an *<u>implied warranty</u>* of merchantability regarding the performance of the [*describe product*] in that Defendant is a merchant of that kind of product and because

(_____

_____

     (1) the [*describe product*] could not have passed without objection in the trade in view of the description of the [*describe product*] contained in the parties' contract;

       _____

       _____

     (2) the [*describe product*] was not fit for the ordinary purposes for which such goods are used;

       _____

[*CHOOSE FROM THE FOLLOWING (see Use of Instruction):*]

[*describe fungible product*] was not of fair average quality within the description in the parties' contract;

(_____) the

_____

[*OR*]

[*describe product group*] did not run of even kind, quality, and quantity within each unit and among all units involved;

(_____) the

_____

[*OR*]

the [*describe product*] was not adequately contained, packaged, and labeled as the parties' agreement required;

_____

[*OR*]

the [*describe product*] did not conform to the promises or affirmations of fact made on the container or label;

_____

[*OR*]

the [*describe product*] did not conform to the quality expected by [plaintiff/the buyer of the (*describe product*)] based on past course of dealing with Defendant.

_____

L-94

3 Illinois Forms of Jury Instruction § 100.20

_____

[*CONTINUE WITH:*]

[*If plaintiff alleges breach of <u>implied warranty</u> of fitness for a particular purpose, use:*]

) Plaintiff claims that Defendant made a warranty called an <u>implied warranty</u> of fitness for a particular purpose regarding the performance of the [*describe product*] in that Defendant [knew/had reason to know] the purpose for which [Plaintiff/the buyer of the (*describe product*)] was purchasing the [*describe product*] and that [Plaintiff/the buyer of the (*describe product*)] was relying on Defendant's [skill/judgment] to [select/furnish] suitable goods for that purpose.

(_____

_____

_____

_____

_____

) Plaintiff further claims that one or more of the foregoing was a legal cause of [his/her] injuries.

(_____

() Defendant denies that [he/she/it] made [the warranty/any of the warranties] that Plaintiff claims [he/she/it] made.

_____

[*CHOOSE FROM THE FOLLOWING:*]

() **Defendant also denies that Plaintiff is a** [state status claimed by nonbuyer Plaintiff, e.g., household member of the buyer's] and therefore, Defendant claims, Plaintiff is not covered under any warranty made by Defendant.

_____

_____

() **Defendant also denies that any warranty that Plaintiff claims** [he/she/it] **made was a legal cause of Plaintiff's injuries.**

_____

[*OR*]

) Defendant also claims that [*set forth in simple form without undue emphasis or repetition the affirmative allegations in the answer that have not been withdrawn or ruled out by the court and that are supported by the evidence*].

(_____

_____

) [*Add if applicable:* Defendant claims that one or more of the foregoing was a legal cause of Plaintiff's injury.

(_____

3 Illinois Forms of Jury Instruction § 100.20

) [*Add if applicable:* Plaintiff denies that [he/she] [*summarize affirmative defense allegations, e.g.,* failed to give notice of Defendant's breach of warranty].

(_____

_____

[*OR*]

) Defendant also denies that Plaintiff sustained damages to the extent claimed.

(_____

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

# 3 Illinois Forms of Jury Instruction § 100.21

*Illinois Forms of Jury Instruction > III TORT ACTIONS > Division C Actions Against Specific Defendants > CHAPTER 100 PRODUCTS LIABILITY > Part B. BREACH OF WARRANTY*

## § 100.21 Persons to Whom Express or Implied Warranties Extend·

[1] Instruction

[PLAINTIFF/DEFENDANT]'S  PROPOSED INSTRUCTION NO.   NOT IN IPI

The court instructs you that, as a matter of law, any express or *implied warranty* made by Defendant to the person who purchased the _____ [*describe product*] also extends to any individual who is [a family member of the buyer/a member of the buyer's household/a guest in the buyer's household/an employee of the buyer] if it is reasonable to expect that the individual may use, consume, or be affected by the product, and the individual sustains personal injury by breach of the warranty.

[*OPTIONAL (see Use of Instruction)·*]

If you determine that Plaintiff was, at the time of the incident complained of, [a family member of the buyer/a member of the buyer's household/a guest in the buyer's household/an employee of the buyer], and if you determine that it was reasonable to expect that Plaintiff might use, consume, or be affected by the product sold by Defendant, then you must determine whether any breach by Defendant of an [express/*implied] warranty* was the legal cause of the injury sustained by Plaintiff.

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

# 3 Illinois Forms of Jury Instruction § 100.24

*Illinois Forms of Jury Instruction > III TORT ACTIONS > Division C Actions Against Specific Defendants > CHAPTER 100 PRODUCTS LIABILITY > Part B. BREACH OF WARRANTY*

## § 100.24 Burden of Proof on the Issues—Breach of *Implied Warranty* of Merchantability˙

[1] Instruction

[PLAINTIFF/DEFENDANT]'S  PROPOSED INSTRUCTION NO.  NOT IN IPI

Plaintiff has the burden of proving each of the following propositions:

(1) First, that Defendant is a merchant of products like [*describe product*].

_____

(2) Second, that the [*describe product*] was not fit for the ordinary purposes or uses intended or reasonably foreseeable by Defendant.

_____

(3) Third, that the failure of the [*describe product*] to be fit for its ordinary use was a legal cause of [loss/injury/damage] to [Plaintiff *or name of person for whose injury claim is made*].

_____

(4) Fourth, that [Plaintiff *or name of person for whose injury claim is made*] gave proper notice of the product defect to Defendant.

_____

If you find from your consideration of the evidence that each of these propositions has been proved, then your verdict should be for Plaintiff. But if, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved, then your verdict should be for Defendant.

Given _____

Given as Modified _____

_____

˙Chapter updated by Eleonora di Liscia in 2019; previously updated by the Honorable James C. Murray, First District, Appellate Court.

# 3 Illinois Forms of Jury Instruction § 100.25

*Illinois Forms of Jury Instruction > III TORT ACTIONS > Division C Actions Against Specific Defendants > CHAPTER 100 PRODUCTS LIABILITY > Part B. BREACH OF WARRANTY*

# § 100.25 Definition of Merchant

[1] Instruction

[PLAINTIFF/DEFENDANT]'S  PROPOSED INSTRUCTION NO.  NOT IN IPI

In my prior instruction to you, I explained what Plaintiff has to prove to prevail in this action. The first item I said Plaintiff has to prove is that Defendant is a merchant of products like _____ [*describe product*]. To find that Defendant is a merchant of products like _____ [*describe product*], you must find that Defendant is a professional seller of the particular kind of good that is involved in this action. [*Optional (see Use of Instruction):*Making an isolated sale of goods does not render a person a merchant of that type of goods.]

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

## 3 Illinois Forms of Jury Instruction § 100.26

*Illinois Forms of Jury Instruction > III TORT ACTIONS > Division C Actions Against Specific Defendants > CHAPTER 100 PRODUCTS LIABILITY > Part B. BREACH OF WARRANTY*

## §100.26 Burden of Proof on the Issues—Breach of *Implied Warranty* of Fitness for Particular Purpose.

[1] Instruction

[PLAINTIFF/DEFENDANT]'S  PROPOSED INSTRUCTION NO.   NOT IN IPI

Plaintiff has the burden of proving each of the following propositions:

(1) First, that Defendant, at the time of selling the [*describe product*], had reason to know the particular purpose for which [Plaintiff/the buyer] required the [*describe product*].

_____

_____

(2) Second, that Defendant had reason to know that [Plaintiff/the buyer] was relying on Defendant's skill or judgment to select or furnish a suitable product.

(3) Third, that the [*describe product*] was defective because it was not reasonably fit for that particular purpose.

_____

(4) Fourth, that the defect was a legal cause of [loss/injury/damage] to [Plaintiff *or name of person for whose injury claim is made*].

(5) Fifth, that [Plaintiff *or name of person for whose injury claim is made*] gave proper notice of the product defect to Defendant.

_____

# 3 Illinois Forms of Jury Instruction § 100.58

*Illinois Forms of Jury Instruction > III TORT ACTIONS > Division C Actions Against Specific Defendants > CHAPTER 100 PRODUCTS LIABILITY > Part D. DEFENSES*

# §100.58 Disclaimer of Warranty

[1] Instruction

DEFENDANT'S PROPOSED INSTRUCTION NO.  NOT IN IPI

You should find that Defendant is not liable for breach of an *implied warranty* if the evidence proves

[*SELECT FROM THE FOLLOWING (see Use of Instruction):*]

that Defendant expressly informed _____ [the buyer/Plaintiff] that the sale of _____ [*describe allegedly defective product*] was without warranty by _____ [*describe language excluding implied warranties, e.g.,* stating that the sale was "as is" *or* stating that the sale was "with all faults."

[*OR:*]

that _____ [the buyer/Plaintiff], before entering into the contract, _____ [examined the _____ (goods/sample/model) as fully as (he/she) desired *or* refused to examine the _____ (goods/sample/model)] and that the examination _____ [should/would] have revealed the alleged defect to [him/her].

[*OR:*]

that there was a _____ [*specify* course of dealing/usage of trade/course of performance] that should have made it clear to _____ [the buyer/Plaintiff] that there were no implied warranties.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

# 3 Illinois Forms of Jury Instruction § 100.59

*Illinois Forms of Jury Instruction  >  III TORT ACTIONS  >  Division C Actions Against Specific
Defendants  >  CHAPTER 100 PRODUCTS LIABILITY  >  Part D. DEFENSES*

## §100.59 Lack of Notice of Breach of Warranty·

[1] Instruction

DEFENDANT'S  PROPOSED INSTRUCTION NO.   NOT IN IPI

A buyer must notify the seller of a breach of warranty within a reasonable time after the buyer discovered or should have discovered the breach. The notice must be adequate to warn the seller that there is a problem with the goods, although it need not specify the nature of the breach or the type of damage. The notice may either be oral or in writing.

You must decide whether Plaintiff notified Defendant of the asserted breach of [warranty/contract] within a reasonable time after [he/she] discovered or should have discovered the breach. In determining whether the plaintiff gave the defendant a timely and adequate notice, you should consider the facts of the case and the circumstances of the parties as presented by the evidence.

[*CHOOSE ONE OF THE FOLLOWING (see Use of*

*Instruction)*:]

If you determine that Plaintiff's actions in _____ [*describe actions that Plaintiff contends constitute notice*] were not sufficient to put Defendant on notice of the alleged breach, then you should find for Defendant on the breach of warranty claim.

[*OR*:]

If you determine that Plaintiff's actions in _____ [*describe actions that Plaintiff contends constitute notice*] were either not sufficient to put Defendant on notice of the alleged breach or were not done within a reasonable time after the breach was discovered or should have been discovered, then you should find for Defendant on this defense.

Given _____

# INDIANA

1 Indiana Model Civil Jury Instructions 2501, 2503, 2405-07, 2511-27 (2021)

2501. Burden of Proof

2503. Breach of Warranty - Elements

2505. Responsible Cause (Proximate Cause) - Definition

2506. Foreseeable Defined

2507. Definitions for Breach of Warranty Claims

2511. Warranty Not Created by Mere Opinion or Commendation

2513. Types of Implied Warranties

2515. Implied Warranty of Merchantability

2517. Implied Warranties Arising from Course of Dealing or Use of Trade

2519. Implied Warranty of Fitness for a Particular Purpose

2521. Exclusion or Modification of Warranties

2523. Cumulation and Conflict of Warranties Express or Implied

2525. Third Party Beneficiaries of Warranties

2527. Measure of Damages, Warranty Cases

## *1 Indiana Model Civil Jury Instructions 2501*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2501 Issues for Trial; Burden of Proof

The Plaintiff, _____, sued _____, the Defendant

[*Plaintiff*] claims that [*defendant*][*insert claimed action(s)*]. [*Plaintiff*] must prove [his][her][its] claims by the greater weight of the evidence.

[*Defendant*] denies [*plaintiff*]'s claims. [*Defendant*] is not required to disprove [*plaintiff*]'s claims.

[*Defendant*] has claimed certain defenses. [*Defendant*] must prove [his][her][its] defense[s] of [*specify affirmative defense(s)*] by the greater weight of the evidence.

[(*Plaintiff*) also claims (he)(she)(it) is entitled to an award of punitive damages because (*insert brief statement of claim for punitive damages*). (*Plaintiff*) must prove this claim by clear and convincing evidence.]

*1 Indiana Model Civil Jury Instructions 2503*

*Indiana Model Civil Jury Instructions > CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2503 Breach of Warranty—Elements

To recover damages from [*defendant*], [*plaintiff*] must prove all of the following by the greater weight of the evidence:

(1) a warranty existed;

(2) [*defendant*] breached the warranty; and

(3) the breach of warranty was a responsible cause of [*plaintiff*]'s loss.

*1 Indiana Model Civil Jury Instructions 2505*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2505 Responsible Cause (Proximate Cause)—Definition

A person's conduct is legally responsible for causing [an injury][property damage][a death] if:

(1) the [injury][property damage][a death] would not have occurred without the conduct, and

(2) the [injury][property damage][a death] was a natural, probable, and foreseeable result of the conduct.

This is called a "responsible cause."

[There can be more than one responsible cause for an injury.]

## *1 Indiana Model Civil Jury Instructions 2506*

*Indiana Model Civil Jury Instructions > CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2506 Foreseeable—Defined

[An injury][Property damage][A death] is "foreseeable" when a person should realize that [his][her] act or failure to act might cause harm.

## *1 Indiana Model Civil Jury Instructions 2507*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2507 Definitions for Breach of Warranty Claims

"Buyer" means a person who buys or contracts to buy goods.

"Course of Dealing" means a sequence of previous conduct between the parties to a particular transaction that establishes a common basis of understanding for interpreting their conduct and communications.

"Fungible goods or securities" are those of which any unit is the equivalent of any other like unit because of its nature or trade usage. Goods that are not fungible shall be considered fungible to the extent that a particular agreement or document treats unlike units as equivalents.

"Goods" mean all things that can be moved at the time they are identifiable as goods to which the contract refers.

[Goods also include money, but only when the parties treat money as a commodity, not when it is merely the price to be paid under the contract.]

[Goods also include investment securities.]

[Goods also include the right to bring a lawsuit based on contract or right to possess personal property.]

[Goods also include growing crops and the unborn young of animals.]

"Merchant" means a person:

(1) who deals in the type of goods involved in the transaction at issue;

(2) who otherwise by [his][her] occupation holds [himself][herself] out as having knowledge or skill peculiar to the practices or goods involved in the transaction; or

(3) who employs an agent, broker, or other intermediary who by [his][her] occupation holds [himself][herself] out as having that knowledge or skill.

"Merchantable Goods"—To be merchantable, goods must at least:

(1) pass without objection in the trade under the contract description;

(2) in the case of fungible goods, be of fair, average quality within the description;

(3) be fit for the ordinary purposes for which such goods are used;

1 Indiana Model Civil Jury Instructions 2507

 (4) run, within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved;

 (5) be adequately contained, packaged, and labeled as the agreement may require; and

 (6) conform to any promises or statements of fact made on the container or label.

"Seller" means a person who sells or contracts to sell goods.

"Trade usage" ["Usage of trade"] is a common and regular practice or method of dealing in a place, vocation, or trade that justifies an expectation by the parties to a transaction that the same practice or method of dealing will apply to their transaction.

"Warranty" is an assurance or guaranty, either express, in the form of a statement by a seller of goods, or implied by law, having reference to and ensuring the goods' character, quality, or fitness for a particular purpose.

## *1 Indiana Model Civil Jury Instructions 2511*

*Indiana Model Civil Jury Instructions  >   CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2511 Warranty Not Created by Mere Opinion or Commendation

To create an express warranty, the seller does not have to use formal words such as "warrant" or "guarantee," or have a specific intention to make a "warranty." However, neither a seller's mere affirmation of the value of the goods nor the seller's opinion or praise of the goods creates a warranty.

*1 Indiana Model Civil Jury Instructions 2513*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2513 Types of Implied Warranties

There are three types of implied warranties:

(1) the implied warranty of merchantability;

(2) the implied warranty of fitness for a particular purpose; and

(3) warranties arising from a course of dealing or trade usage.

## *1 Indiana Model Civil Jury Instructions 2515*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2515 Implied Warranty of Merchantability

Unless excluded or modified, a warranty that the goods are merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

[The serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.]

*1 Indiana Model Civil Jury Instructions 2517*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2517 Implied Warranties Arising from Course of Dealing or Use of Trade

A course of dealing or trade usage may create implied warranties, unless those warranties are excluded or modified.

A course of dealing or trade usage of which the parties are or should be aware may give particular meaning to, and supplement or qualify, terms of an agreement.

Wherever reasonable, you must interpret the express terms of an agreement and an applicable course of dealing or trade usage as consistent with each other. However, if that interpretation is unreasonable, the express terms of the agreement are controlling.

When interpreting the agreement, use the applicable trade usage in the place where the parties perform any part of the agreement.

*1 Indiana Model Civil Jury Instructions 2519*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2519 Implied Warranty of Fitness for a Particular Purpose

Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is an implied warranty that the goods will be fit for that purpose.

## *1 Indiana Model Civil Jury Instructions 2521*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2521 Exclusion or Modification of Warranties

[*Subject to the issue in this case, select the appropriate paragraph(s) noted below* .]

[*General rule of construction* ]

When reasonable, interpret words or conduct relevant to the creation of an express warranty as consistent with words or conduct that tends to deny or limit that warranty. If you cannot do this, the attempt to deny or limit the warranty has no effect.

[*Implied warranty of merchantability* ]

To exclude or modify the implied warranty of merchantability or any part of it, a merchant's language must mention merchantability and, if in writing, must be conspicuous.

[*Implied warranty of fitness for a particular purpose* ]

A merchant's exclusion or modification of the implied warranty of fitness for a particular purpose must be in writing and conspicuous. [A (seller)(merchant) can exclude all warranties of fitness for a particular purpose by writing, for example, "There are no warranties that extend beyond the description on the face hereof."]

["*As is,*" *etc.* ]

Unless the circumstances indicate otherwise, a merchant excludes all implied warranties by conspicuously writing "as is," "with all faults," or other language that in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there are no implied warranties.

[*Examination of Goods by Buyer* ]

If the buyer, before entering into the agreement, examined the goods [or a sample or model] as fully as the buyer desired, or refused to examine the goods, there is no implied warranty regarding defects that the buyer's examination should have revealed.

[*Course of Dealing, Course of Performance, Trade Usage* ]

An implied warranty may be excluded or modified by [course of dealing][course of performance][trade usage].

## *1 Indiana Model Civil Jury Instructions 2523*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2523 Cumulation and Conflict of Warranties Express or Implied

You must interpret express and implied warranties as consistent with each other and as cumulative. However, if that interpretation is unreasonable, the parties' intent determines which warranty is controlling. To determine that intent, the following rules apply:

(1) exact or technical specifications replace an inconsistent sample, model, or general language of description,

(2) a sample from an existing bulk replaces inconsistent general language of description, and

(3) express warranties replace inconsistent implied warranties other than an implied warranty of fitness for a particular purpose.

*1 Indiana Model Civil Jury Instructions 2525*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2525 Third Party Beneficiaries of Warranties

A seller's express or implied warranty applies to a person injured by the breach of the warranty if it is reasonable to expect that person may use, consume, or be affected by the goods, and the person is a member of the buyer's family or household, or is a guest in the buyer's home. A seller may not exclude or limit the operation of this rule.

*1 Indiana Model Civil Jury Instructions 2527*

*Indiana Model Civil Jury Instructions  >  CHAPTER 2500 PRODUCT LIABILITY: WARRANTY*

## 2527 Measure of Damages—Warranty Cases

If you decide from the greater weight of the evidence that [*defendant*] is liable to [*plaintiff*], then you must decide the amount of money that will fairly compensate [*plaintiff*].

In deciding the amount of money you award, you may consider:

1. The difference between the value of the goods at the time of delivery and the value had the goods complied with the warranty; and,

2. Any additional loss that [*defendant*] knew or had reason to know that [*plaintiff*] would suffer as result of the breach of warranty.

# IOWA

Iowa J.I. Civ. §§ 400.1, 1100.5-1100.13

§ 400.1. Fault—Defined

§ 1100.5. Implied Warranty of Fitness for Particular Purpose—Definition

§ 1100.6. Essentials for Recovery - Implied Warranty of Fitness for Particular Purpose

§ 1100.7. Fitness—Particular Purpose

§ 1100.8. Reliance—Particular Purpose

§ 1100.9. Implied Warranty of Fitness for Particular Purpose Contract for Services

§ 1100.10. Implied Warranty of Merchantability—Defined

§ 1100.11. Essentials for Recovery—Implied Warranty of Merchantability

§ 1100.12. Merchant—Definition

§ 1100.13. Merchantability—Definition

## *Iowa J.I. Civ. § 400.1*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 400 COMPARATIVE FAULT*

## 400.1 Fault - Defined

In these instructions I will be using the term "fault". Fault means one or more acts or omissions towards [the person] [the property] of the actor or of another which constitutes [negligence] [recklessness] [subjects a person to strict tort liability] [breach of warranty] [unreasonable assumption of risk not constituting an enforceable express consent] [misuse of a product for which the defendant otherwise would be liable] [unreasonable failure to avoid an injury] [unreasonable failure to mitigate damages].

# Iowa J.I. Civ. § 1100.5

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 1100 WARRANTY*

## 1100.5 Implied Warranty Of Fitness For Particular Purpose - Definition

Where at the time of contracting, the seller has reason to know the particular purpose for which the [product or service] is required and the buyer is relying on the seller's skill or judgment to select or furnish a suitable [product or service,] there is an implied warranty the goods shall be fit for the particular purpose.

# Iowa J.I. Civ. § 1100.6

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 1100 WARRANTY*

## 1100.6 Essentials For Recovery – Implied Warranty Of Fitness For Particular Purpose

Plaintiffs must prove all of the following propositions:

1. At the time of the sale the defendant had reason to know the particular purpose of the [product or service].

2. The defendant had reason to know the plaintiff was relying on the defendant's skill or judgment to [select] [furnish] [product or service].

3. The plaintiff relied upon the defendant's skill or judgment.

4. The [product or service] was not fit for the particular purpose.

5. The failure of the [product or service] to fit the particular purpose was a cause of the plaintiff's damage.

6. Notice was given to the defendant. [Add this element only when appropriate.]

7. The amount of damage.

If the plaintiff has failed to prove any of these propositions, the plaintiff is not entitled to damages. If the plaintiff has proved all of these propositions, the plaintiff is entitled to damages in some amount.

*Iowa J.I. Civ. § 1100.7*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 1100 WARRANTY*

## 1100.7 Fitness - Particular Purpose

When the ordinary purpose of a product is the same as the buyer's particular purpose, the buyer must still prove the seller knew the buyer's particular purpose and the buyer was relying on the seller's skill and judgment to furnish a suitable product or service.

No specific conversation between the parties is necessary with respect to the particular purpose. The particular purpose may arise from the facts and circumstances surrounding the transaction or past transactions between the parties.

## *Iowa J.I. Civ. § 1100.8*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 1100 WARRANTY*

## 1100.8 Reliance - Particular Purpose

It is not enough that the buyer relied upon the general reputation or integrity of the seller. It must appear the seller had special skill or judgment regarding the product and its intended use, and the buyer relied upon the seller's special skills or judgment.

The buyer's reliance on the seller's skill or judgment need not be a total reliance. The buyer may rely partly on their own judgment and partly on the seller's skill and judgment.

# Iowa J.I. Civ. § 1100.9

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 1100 WARRANTY*

## 1100.9 Implied Warranty Of Fitness For Particular Purpose Contract For Services - Definition

When a contractor agrees to build, install or perform work, there is an implied agreement that the building, installation or work performed will be sufficient for the particular purpose desired or to accomplish a certain result.

# Iowa J.I. Civ. § 1100.10

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 1100 WARRANTY*

## 1100.10 Implied Warranty Of Merchantability - Defined

When the seller is a merchant, and a contract for the sale of goods exists between the buyer and the seller, there is an implied warranty that the goods shall be merchantable.

# Iowa J.I. Civ. § 1100.11

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 1100 WARRANTY*

## 1100.11 Essentials For Recovery - Implied Warranty Of Merchantability

The plaintiff must prove all of the following propositions:

1. Defendant was a merchant as defined in Instruction No._____, at the time [he, she or they] sold [description of the product or service.]

2. The [description of the product or service] was not merchantable as defined in Instruction No._____.

3. Notice was given to the defendant. [Add this element only when appropriate.]

4. The lack of merchantability was a cause of the plaintiff's damage.

5. The amount of damage.

If the plaintiff has failed to prove any of these propositions, the plaintiff is not entitled to damages. If the plaintiff has proved all of these propositions, the plaintiff is entitled to damages in some amount.

*Iowa J.I. Civ. § 1100.12*

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 1100 WARRANTY*

## 1100.12 Merchant - Definition

Merchants are persons [who deal in products or services of the kind in question] [who hold] themselves out as having knowledge or skill specific or particular to the practices or products or services in question] [whose knowledge or skill [specific or particular] to the practices, products or services in question may be attributed to them by their employment of an agent or other intermediary] [who by their occupation hold themselves out as having such knowledge or skill].

The term merchant does not include a casual or inexperienced seller.

*Iowa J.I. Civ. § 1100.13*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 1100 WARRANTY*

## 1100.13 Merchantability - Definition

Merchantable means [set forth applicable statutory definition of "merchantability" under *Iowa Code section 554.2314(2)*].

Iowa Civil Jury Instructions Copyright © 2018 The Iowa State Bar Association All Rights Reserved.

# KANSAS

PIK Civ. 4th 106.01, 128.10, 128.11, 128.13-128.16, 128.22

106.01. Issues and Burden of Proof—Plaintiff's Claim—Defendant's Defense

128.10. Implied Warranty of Fitness for Particular Purpose

128.11. Implied Warranty of Merchantability

128.13. Measure of Damages—Warranty Cases

128.14. Express or Implied Warranty—Unreasonable Use as a Defense—Comparative Fault

128.15. Implied Warranty of Fitness—Foreseeability—Multiple Causes

128.16. Express or Implied Warranty—Unreasonable use as a Defense—Comparative Fault

128.22. Single or Multiple Theories of Liability

*PIK Civ. 4th 106.01*

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 106.00 ISSUES AND BURDEN OF PROOF THEREON*

# 106.01  ISSUES AND BURDEN OF PROOF--PLAINTIFF'S CLAIM--DEFENDANT'S DEFENSE

The plaintiff claims:

[that *(he) (she)* was injured due to the defendant's fault in the following respects: (Set forth concisely the specific grounds of negligence that are supported by the evidence)].

[that *(he) (she)* was damaged due to the defendant's *(breach of contract) (fraud) (breach of warranty)* in the following respects: (Set forth concisely the specific grounds of *(breach of contract) (fraud) (breach of warranty)* that are supported by the evidence)].

The plaintiff's burden of proof:

The plaintiff has the burden to prove that *(his) (her)* claims are more probably true than not true. [It is not necessary that each of you agree upon a specific claim.]

The defendant admits:

[State briefly any facts admitted or not disputed.]

The defendant denies:

[that *(he) (she)* was at fault.]

[that plaintiff was injured or damaged to the extent claimed.]

[generally, plaintiff's claims.]

The defendant claims:

[that the plaintiff was at fault in the following respects: (Set forth concisely the specific grounds of negligence that are supported by the evidence)].

The defendant's burden of proof:

PIK Civ. 4th 106.01

The defendant has the burden to prove that *(his) (her)* claims are more probably true than not true. [It is not necessary that each of you agree upon a specific claim.]

PIK Civ. 4th 128.10

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 128.00 PRODUCTS LIABILITY*

## 128.10  IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

When a seller at the time of contracting for a sale has reason to know of any particular purpose for which the *(products) (goods)* are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable *(products) (goods)*, there is an implied warranty that the *(products) (goods)* shall be fit for that purpose.

A seller who breaches this warranty is liable to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured as a result.

PIK Civ. 4th 128.11

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 128.00 PRODUCTS LIABILITY*

## 128.11  IMPLIED WARRANTY OF MERCHANTABILITY

A merchant impliedly warrants the merchantability of goods the merchant customarily sells. In order for goods to be merchantable they must:

(pass without objection in the trade under the contract description)

(in the case of fungible goods, be of fair average quality within the description)

(be fit for the ordinary purposes for which such goods are used)

(be of even run in quality and quantity within each unit and among all units involved)

(be adequately contained, packaged, and labeled)

(conform to the promises or affirmations of fact made on the container or label)

A seller who breaches this warranty is liable to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured as a result.

PIK Civ. 4th 128.13

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 128.00 PRODUCTS LIABILITY*

## 128.13  MEASURE OF DAMAGES--WARRANTY CASES

The measure of damages for breach of an express or implied warranty is the difference between the value of the goods at the time of delivery and the value had they conformed to the warranty. Damages may not exceed the sum of $ __.

## PIK Civ. 4th 128.14

*Pattern Instructions for Kansas - Civil 4th > CHAPTER 128.00 PRODUCTS LIABILITY*

## 128.14  EXPRESS OR IMPLIED WARRANTY--UNREASONABLE USE AS A DEFENSE--COMPARATIVE FAULT

It is not a defense to an action for a breach of an express warranty that some independent force damaged or altered the product when the occurrence or effect of such independent force could have been reasonably foreseen by the *(seller) (manufacturer)*.

PIK Civ. 4th 128.15

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 128.00 PRODUCTS LIABILITY*

## 128.15  IMPLIED WARRANTY OF FITNESS--FORESEEABILITY--MULTIPLE CAUSES

In order for a *(manufacturer) (seller)* of a product to be liable for breach of an implied warranty it must be shown that the product was defective in a way which breached the warranty at the time it left the hands of the *(manufacturer) (seller)*. The *(manufacturer) (seller)* is liable if *(he) (she)* could reasonably foresee that the person injured would in normal circumstances be exposed to the product and that the defective condition in itself or in conjunction with a foreseeable independent force or event could result in injury to the person exposed.

PIK Civ. 4th 128.16

*Pattern Instructions for Kansas - Civil 4th > CHAPTER 128.00 PRODUCTS LIABILITY*

## 128.16  EXPRESS OR IMPLIED WARRANTY--UNREASONABLE USE AS A DEFENSE--COMPARATIVE FAULT

It is a defense to an action for breach of an *(express) (implied)* warranty that the person injured discovered the defect in the product, became aware of the danger, and unreasonably continued to use the product.

Unreasonable use of the product may be considered in determining the comparative fault of the parties.

# PIK Civ. 4th 128.22

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 128.00 PRODUCTS LIABILITY*

## 128.22  SINGLE OR MULTIPLE THEORIES OF LIABILITY

The claim(s) of the plaintiff *(is) (are)* based on the fault *(theory) (alternative theories)* of *(negligence) (implied warranty) (strict liability)*. Under *(this theory) (each alternative theory)* the plaintiff has the burden of proving the following:

1.  The product was a defective product,

2.  The defect must have existed at the time it left the *(manufacturer's) (seller's)* possession or control,

3.  The plaintiff suffered damages as a result of the defect, and

4.  The elements necessary to impose liability upon the defendant are present under *(at least one of)* the fault *(theory) (theories)* of *(negligence) (implied warranty) (strict liability)* as set forth in Instruction(s) __.

If you find the plaintiff proved *(the theory) (any one or more of the theories)* you should next consider the question of comparative fault as outlined in other instructions. *(It is not necessary for the plaintiff to prove each theory of liability upon which the plaintiff brings the action.)*

Each party has the burden of proving its claims of fault against any other party.

# MAINE

1 Maine Jury Instruction Manual § 7-23 (2021)

§ 7-23. Breach of Implied Warranty of Merchantability—Instruction

# 1 Maine Jury Instruction Manual § 7-23

*Maine Jury Instruction Manual  >  CHAPTER 7 REPRESENTATIVE CIVIL INSTRUCTIONS  >*
*CONTRACTS, WARRANTY, PRODUCT LIABILITY*

## §7-23 Breach of Implied Warranty of Merchantability. Instruction.

The plaintiff claims that the defendants have breached an implied warranty of merchantability with respect to the
_____[product]. When products are sold they come with an implied warranty that they are
merchantable. To be considered merchantable, the product must conform to its contract description, be of fair
average quality within that description and must be fit for the ordinary purposes for which products of that type are
used.

To prevail on a breach of implied warranty claim, the plaintiff must prove by a preponderance of the evidence that:
(1) the _____[product in this case] was defective at the time it was sold; and (2) the defect
rendered the _____[product] either not of fair average quality or not fit for the ordinary purposes
for which _____[product] are used.

If you find that there was a breach of the implied warranty of merchantability, then the defendants are liable for all
damages resulting from that breach of implied warranty.

# MARYLAND

## MPJI-CV 26:7-26:10

MPJI-CV 26:7 Implied Warranty of Merchantability

MPJI-CV 26:8 Implied Warranty of Fitness for a Particular Purpose

MPJI-CV 26:9 Notice of Breach of Warranty

MPJI-CV 26:10 Warranty Defenses

## *MPJI-Cv 26:9*

*Maryland Civil Pattern Jury Instructions (MSBA) > CHAPTER 26 PRODUCTS LIABILITY > B. LIABILITY FOR WARRANTY > NOTICE OF BREACH OF WARRANTY*

A buyer must give the seller or manufacturer notice of a breach of warranty within a reasonable time after the buyer knows or should have known that the breach occurred. What amounts to a reasonable time depends on the circumstances and the kind of product involved.

Notice may be oral or in writing. No particular form of notice is required. The seller or manufacturer must merely be informed of the alleged breach of warranty or defect in the goods. A seller or manufacturer is not liable for a breach of warranty unless notice is given.

**Source:** MICPEL

Maryland Civil Pattern Jury Instructions
Copyright 2018 by The Maryland State BarAssociation, Inc.

## *MPJI-Cv 26:10*

*Maryland Civil Pattern Jury Instructions (MSBA) > CHAPTER 26 PRODUCTS LIABILITY > B. LIABILITY FOR WARRANTY > WARRANTY--DEFENSES*

---

a. Effect of User's Allergy

A person may not recover damages for breach of warranty if (1) the injury or damage resulted from an allergy or physical sensitivity and (2) the seller had no reason to know of that allergy or physical sensitivity.

b. Effect of Improper Use

A person may not recover damages for breach of warranty if the injury or damage resulting from a use of the produce in a manner that was not reasonably foreseeable by the seller.

If a person knew or should have known of a defect or condition that he or she now claims resulted from a breach of warranty, he or she may not recover for injuries caused by that defect or condition unless the continued use of the product was reasonable under the circumstances.

**Source:** MICPEL

Maryland Civil Pattern Jury Instructions
Copyright 2018 by The Maryland State BarAssociation, Inc.

# MPJI-Cv 26:9

*Maryland Civil Pattern Jury Instructions (MSBA) > CHAPTER 26 PRODUCTS LIABILITY > B. LIABILITY FOR WARRANTY > NOTICE OF BREACH OF WARRANTY*

A buyer must give the seller or manufacturer notice of a breach of warranty within a reasonable time after the buyer knows or should have known that the breach occurred. What amounts to a reasonable time depends on the circumstances and the kind of product involved.

Notice may be oral or in writing. No particular form of notice is required. The seller or manufacturer must merely be informed of the alleged breach of warranty or defect in the goods. A seller or manufacturer is not liable for a breach of warranty unless notice is given.

**Source:** MICPEL

Maryland Civil Pattern Jury Instructions
Copyright 2018 by The Maryland State BarAssociation, Inc.

# MPJI-Cv 26:10

*Maryland Civil Pattern Jury Instructions (MSBA)  >  CHAPTER 26 PRODUCTS LIABILITY  >  B.*
*LIABILITY FOR WARRANTY  >  WARRANTY--DEFENSES*

### a. Effect of User's Allergy

A person may not recover damages for breach of warranty if (1) the injury or damage resulted from an allergy or physical sensitivity and (2) the seller had no reason to know of that allergy or physical sensitivity.

### b. Effect of Improper Use

A person may not recover damages for breach of warranty if the injury or damage resulting from a use of the produce in a manner that was not reasonably foreseeable by the seller.

### c. Effect of Use After Defect Is or Should Be Known

**Source:** MICPEL

Maryland Civil Pattern Jury Instructions
Copyright 2018 by The Maryland State BarAssociation, Inc.

# MASSACHUSETTS

Massachusetts Superior Court Civil Practice Jury Instructions §§ 11.3, 11.31, 14.3.5, 14.3.6, 14.9.5

§ 11.3. Breach of Warranty

§ 11.3.1. Elements

§ 14.3.5. Implied Warranties

§ 14.3.6. Implied Warranty Modifications and Disclaimers

§ 14.9.5. UCC Remedies

*Massachusetts Superior Court Civil Practice Jury Instructions § 11.3*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME I > CHAPTER 11.*
*PRODUCT LIABILITY > § 11.3 BREACH OF WARRANTY*

---

# § 11.3 BREACH OF WARRANTY

---

The plaintiff also seeks to recover under a theory of breach of warranty. When any goods are sold, the law in Massachusetts implies a warranty, or promise, by the manufacturer that the goods are fit for the ordinary purposes for which such goods are used.[n1] An implied warranty is a promise which arises by operation of law; that is, it does not depend on whether the manufacturer made any actual statements or representations about its product.[n2] The manufacturer [n3] warrants that its product is fit for its ordinary purposes, which include both those uses which the manufacturer intended and those uses and misuses which are reasonable foreseeable.[n4] If a product is in a defective condition and thus unreasonably dangerous, then it is not fit for the product's ordinary purposes, and the merchant has breached the warranty.[n5]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS
Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

## *Massachusetts Superior Court Civil Practice Jury Instructions § 11.3.1*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME I > CHAPTER 11. PRODUCT LIABILITY > § 11.3 BREACH OF WARRANTY*

---

## § 11.3.1 Elements

---

In order to prevail on the claim that the defendant breached the implied warranty of merchantability, the plaintiff has the burden of proving four essential elements of the claim. The plaintiff must prove each element by a preponderance of the evidence.

First, the plaintiff must prove that the defendant manufactured and sold the product in question.[n1]

Second, the plaintiff must prove that, at the time of [his/her] injury, [he/she] was a person whom the manufacturer might reasonably have expected to use, consume or be affected by the product in a manner that the defendant intended or reasonably could have foreseen.[n2]

Third, the plaintiff must prove that a defective condition rendering the product unreasonably dangerous existed at the time the product left the hands of the defendant, so that the product was not reasonably suitable for the ordinary uses for which goods of that kind and description were sold.[n3]

Fourth, the plaintiff must prove that the defective condition which existed at the time of the sale of the product was a cause of [his/her] injury.[n4]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS
Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 14.3.5

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 14.*
*BASIC CONTRACT CASES > § 14.3 TERMS OF CONTRACT*

---

## § 14.3.5 Implied Warranties [n1]

---

**(a)** *Implied Warranty of Merchantability*

The plaintiff is claiming that the defendant violated an implied warranty of merchantability.[n3]

The term "warranty of merchantability" means that the seller[n4] automatically promised, at the time of the sale,[n5] that the product is: (1) of at least average quality, (2) fit to be used for any purposes that the seller intended such products to be used for, as well as any other purposes that such items are ordinarily used for or that were reasonably foreseeable, [n6] and that the product (3) conforms to any statement of fact or any promises made on its label, container, or in any written or oral communication made by the seller. [n7] That is, that the

product is reasonably safe and fit for the purposes for which the seller intended or that were reasonably foreseeable to the seller. There is no implied warranty that the product will be accident-free.[n8]

*[If relevant (inadequate warning):]*

In order for a product to be fit for ordinary use, foreseeable uses must be addressed by adequate warnings or instructions of dangers associated with their use and adequate instructions and warnings for proper use.[n9]A seller is required to give warning against the danger, if [he/she/it] has knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge, of the danger.[n10]

*[If relevant (design defect):]*

In order to prove a design defect existed, the plaintiff must prove that a reasonable alternative design was, or reasonably could have been, available at the time of sale or distribution that would have reduced the foreseeable risks of harm posed by the product at reasonable cost, and that the defendant's failure to adopt the safer alternative was unreasonable.

In determining whether a product is unreasonably dangerous, you may consider the following factors: (1) the gravity of the danger posed by the challenged design; (2) the likelihood that such danger would occur; (3) the mechanical feasibility of a safer alternative design; (4) the financial cost of an improved design; and (5) the adverse consequences to the product and to the consumer that would result from an alternative design.

In determining whether a reasonable alternative design was practicable, you may consider whether the alternative design is in actual use and whether it is common practice in the industry. However, if expert testimony establishes that a reasonable alternative design could practically have been adopted, you may conclude that the product was defective notwithstanding the fact that such a design was not adopted by any manufacturer, or even considered for commercial use, at the time of sale.[n11]

Massachusetts Superior Court Civil Practice Jury Instructions § 14.3.5

**(b)** *Implied Warranty of Fitness for a Particular Purpose*

The plaintiff is claiming that the defendant violated an implied warranty that [product] was fit for the particular purpose of[purpose].

This implied warranty automatically exists in the contract if: (1) the seller has reason to know that a buyer is looking for an item for a particular purpose, (2) the seller has reason to know that the buyer is relying on the seller's skill or judgment in selecting an item suitable to that purpose, and (3) if the buyer actually relied on the seller's selection or recommendation of an item for that purpose. If those conditions are met, the sale also includes an implied warranty that the item is fit for that particular purpose.[n13]

As an example, shoes are generally used for walking on ordinary ground. As part of every sale of shoes by a merchant, there is an automatic warranty that the shoes are fit for walking on ordinary ground. That is the warranty of fitness for ordinary purposes. However, if the seller should know that a particular pair of shoes is being selected to be used for climbing mountains, and that the buyer is relying on the seller's expertise in selecting or recommending a pair of shoes for that purpose, then there is also this warranty that the shoes are fit for the particular purpose of mountain climbing.[n14]

If the defendant in this case knew or had reason to know that the plaintiff wanted the item for a particular purpose and was relying on the defendant's skill to guide the selection, and that the plaintiff actually relied on the defendant's selection or recommendation of the item for a particular use, then by law the sale included a warranty by the defendant that the item was fit for that particular purpose.

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

## Massachusetts Superior Court Civil Practice Jury Instructions § 14.3.6

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 14.*
*BASIC CONTRACT CASES > § 14.3 TERMS OF CONTRACT*

---

## § 14.3.6 Implied Warranty Modifications and Disclaimers

---

The defendant contends that [he/she/it] effectively [disclaimed/modified] the implied warranty of [merchantability/fitness for a particular purpose] and thus made [no such implied warranty/only a limited warranty] at the time the goods were sold. The law permits a seller of goods to [disclaim/modify] implied warranties under certain circumstances.[n1] By this, I mean that the law permits the seller to [avoid making/limit] any implied warranty by making certain oral or written [n2] statements or by certain conduct.[n3]

*[Warranty of merchantability]*

If a seller seeks to [disclaim/limit] the implied warranty of merchantability by making a statement, then the seller must generally use the word "merchantability" as part of the statement; for example, the seller must say something like, "I disclaim the warranty of merchantability."[n4]

*[Warranty of fitness]*

If the seller seeks to [disclaim/modify] the implied warranty of fitness for a particular purpose, the [disclaimer/modification] generally must be in writing and clearly conspicuous.[n5]

Massachusetts Superior Court Civil Practice Jury Instructions § 14.3.6

However, unless the circumstances indicate otherwise, a seller may [avoid making/limit] any implied warranty by making any oral or written statements that in common understanding clearly call the buyer's attention to the exclusion of any implied warranties and make plain that there is no implied warranty. For instance, if the seller states that the product is being sold "as is" or "with all faults," then no implied warranty has been made, unless the circumstances surrounding the sale otherwise indicate.

*[Warranty by conduct]*

To disclaim an implied warranty by conduct, the seller must give the buyer an opportunity to examine the goods, or a fair sample of them, before the seller and the buyer agree on the sale of those goods. If the seller gave the plaintiff an opportunity to inspect the goods, and the buyer either inspected the product or declined to do so, then the seller made no warranty of merchantability with respect to any defects in the product that the buyer should have observed during the inspection the defendant offered.

With respect to disclaimers, the defendant has the burden of proof.

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# *Massachusetts Superior Court Civil Practice Jury Instructions § 14.9.5*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 14. BASIC CONTRACT CASES > § 14.9 DAMAGES*

---

# § 14.9.5 UCC Remedies

(a) *Transactions Involving Goods: The Uniform Commercial Code*

(b) *Seller's Remedies Under the UCC*

**Unfinished Goods**

A seller may in good faith salvage unfinished goods and expend reasonable funds to complete the goods ordered by the buyer, and then sell the goods to another purchaser. The seller's damages are the difference between the contract sale price and the price paid by the new purchaser, plus any incidental damages, and less any expenses saved by the buyer's breach. The breaching buyer has the burden of proving the unreasonableness of the seller's action.[n1]

**Resale**

The seller may resell the goods, publicly or privately, in good faith and in a commercially reasonable manner. The seller's damages are the difference between the contract price and resale price, plus any incidental damages, and less expenses saved due to the buyer's breach.[n2]

**Contract-Market Price**

The seller is entitled to the difference between the contract price and market price at the time and place for tender, plus any incidental damages and less expenses saved because of buyer's breach.[n3]

The seller is entitled to the contract price for the goods delivered and accepted by the buyer, for which the buyer has not paid.[n4]

(c) *Buyer's Remedies Under the UCC*

**Cover Costs**

The buyer's damages are the difference between the contract price and the cost of purchasing reasonable substitute goods, plus any incidental and consequential damages.[n5]

**Contract-Market Price--Buyer's Damages**

The buyer's damages are the difference between the market price at the time of the breach and the contract price, plus any incidental or consequential damages.[n6]

**Warranty Damages**

In a claim for breach of warranty, when the buyer chooses to retain the defective goods, the buyer's damages are the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, plus any incidental or consequential damages, as I have previously described.[n7]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# MICHIGAN

M Civ JI 25.01-25.04, 25.21, 25.22, 25.45, 140.43-140.45, 141.01

25.01. Definition of Proximate Cause—Warranty

25.02. More Than One Proximate Cause—Warranty

25.03. Causation—Multiple Defendants with Warranty and Negligence Count

25.04. Causation—Multiple Defendants with Warranty Counts Only

25.21. Implied Warranty—Definition

25.22. Implied Warranty—Burden of Proof

25.45. Breach of Warranty: Comparative Fault—Burden of Proof

140.43. Implied Warranty of Merchantability—Definition

140.44. Implied Warranty of Merchantability—Elimination or Modification

140.45. Implied Warranty of Merchantability—Burden of Proof

141.01. UCC: Seller's Breach by Delivery of Nonconforming Goods Which the Buyer Accepts—Buyer's Damages

# M Civ JI 25.01

*Michigan Model Civil Jury Instructions  >  CHAPTER 25: PRODUCTS LIABILITY*

## Definition of Proximate Cause--Warranty

When I use the words "proximate cause" I mean first, that the failure of the product to conform to the warranty must have been a cause of plaintiff's injury, and second, that the occurrence which is claimed to have produced plaintiff's injury must have been of a type that is a natural and probable result of the failure of the product to conform to the warranty.

## *M Civ JI 25.02*

*Michigan Model Civil Jury Instructions  >  CHAPTER 25: PRODUCTS LIABILITY*

## More Than One Proximate Cause--Warranty

There may be more than one proximate cause. A cause may be proximate although it and another cause act at the same time or in combination to produce the occurrence. To be a proximate cause, the claimed [failure / failures] of the [product / products] to meet the warranty need not be the only cause nor the last cause.

© 2015 Michigan Supreme Court Committee on Model Civil Jury Instructions. All Rights Reserved

## *M Civ JI 25.03*

*Michigan Model Civil Jury Instructions  >  CHAPTER 25: PRODUCTS LIABILITY*

## Causation--Multiple Defendants with Warranty and Negligence Counts

Each defendant is entitled to separate consideration as to whether [[his / her] conduct / or / the failure of [his / her] product to meet the warranty] was a proximate cause of the occurrence. If you decide that a defendant [was negligent / or / failed to meet the warranty] and that such [negligence / or / failure] was a proximate cause of the occurrence, it is not a defense that another [defendant / or / defendant's product] also may have been a cause of the occurrence.

© 2015 Michigan Supreme Court Committee on Model Civil Jury Instructions. All Rights Reserved

*M Civ JI 25.04*

*Michigan Model Civil Jury Instructions  >  CHAPTER 25: PRODUCTS LIABILITY*

## Causation--Multiple Defendants with Warranty Counts Only

If you decide that [one / one or more] of the products failed to meet the warranty and that such failure was a proximate cause of the occurrence, it is not a defense that [the other / another] defendant's product also may have been a cause of the occurrence.

© 2015 Michigan Supreme Court Committee on Model Civil Jury Instructions. All Rights Reserved

# M Civ JI 25.21

*Michigan Model Civil Jury Instructions* > *CHAPTER 25: PRODUCTS LIABILITY*

## Implied Warranty--Definition

When I use the words "implied warranty," I mean a duty imposed by law which requires that the manufacturer's product be reasonably fit for the [purpose / purposes] and [use / uses] intended or reasonably foreseeable by the manufacturer.

# M Civ JI 25.22

*Michigan Model Civil Jury Instructions  >  CHAPTER 25: PRODUCTS LIABILITY*

## Implied Warranty--Burden of Proof

The plaintiff has the burden of proof on each of the following:

(a) that the [*name of product*] was not reasonably fit for the [use / uses] or [purpose / purposes] anticipated or reasonably foreseeable by the defendant, in one or more of the ways claimed by the plaintiff

(b) that the [*name of product*] was not reasonably fit for the [use / uses] or [purpose / purposes] anticipated or reasonably foreseeable by the defendant at the time it left the defendant's control

(c) that [plaintiff / plaintiff's decedent] [was injured / sustained damage]

(d) that the [*description of claimed defect*] was a proximate cause of the [injuries / damages] to [plaintiff / plaintiff's decedent].

* (Your verdict will be for the plaintiff if you decide that all of these have been proved.)

* (Your verdict will be for the defendant if you decide that any one of these has not been proved.)

*M Civ JI 25.45*

*Michigan Model Civil Jury Instructions  >  CHAPTER 25: PRODUCTS LIABILITY*

# Breach of Warranty: Comparative Fault--Burden of Proof (To Be Used in Cases Filed on or After March 28, 1996)

The defendant has the burden of proof on [his / her / its] claim that the plaintiff was negligent, and that such negligence was a proximate cause of the [injuries / damages] to the plaintiff.

* Likewise, the defendant has the burden of proof on [his / her / its] claim that [name of nonparty] was negligent, and that the negligence of [*name of nonparty*] was a proximate cause of the [injuries / damages] to the plaintiff.

Negligence on the part of the plaintiff or a nonparty does not bar recovery by the plaintiff against the defendant. However, the percentage of negligence attributable to the plaintiff or the nonparty will be used by the Court to reduce the amount of recoverable damages.

If your verdict is for the plaintiff, then using 100 percent as the total fault of all persons that contributed to the plaintiff's [injuries / damages], you must determine the percentage of fault for each party or nonparty whose fault was a proximate cause of plaintiff's [injuries / damages], including the plaintiff.

The Court will furnish a Special Verdict Form to assist you in your duties. Your answers to the questions in the Special Verdict Form will provide the basis on which this case will be resolved.

# M Civ JI 140.43

*Michigan Model Civil Jury Instructions* > *CHAPTER 140: CONTRACT ACTION--UCC*

## Contract Action--UCC: Implied Warranty of Merchantability--Definition

In every contract of sale by a merchant who regularly sells goods of the same kind as those purchased by the buyer, the law implies a warranty that the goods shall be merchantable.

Merchantable means that the goods:

(a) are fit for the ordinary purpose(s) for which such goods are used, and

(b) are acceptable in the trade under the contract description, and

(c) *(are of fair, average quality, and)

(d) are of even kind, quality, and quantity within each unit and among all units +(within variations permitted by the agreement), and

(e) ++(are adequately contained, packaged, and labeled as required by the agreement, and)

(f) ++(conform to any statement of fact made upon their container or label.)

# M Civ JI 140.44

*Michigan Model Civil Jury Instructions  >  CHAPTER 140: CONTRACT ACTION--UCC*

## Contract Action--UCC: Implied Warrranty of Merchantability--Elimination or Modification

The seller claims that the implied warranty of merchantability was changed or eliminated.

* (If, before entering the contract, the buyer examined the goods or the sample or model as fully as [he / she / it] desired, or refused to examine the goods, there is no implied warranty regarding defects that would have been discovered by an examination.)

* (Unless the circumstances indicate otherwise, the warranty is eliminated by expressions like "as is" or "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty.)+

The implied warranty of merchantability may *(also) be changed or eliminated by:

(a) *(specific language, if it includes the word "merchantability"++);

(b) *(the course of prior dealings between the buyer and seller);

(c) *(the way the buyer and seller have performed this contract);

(d) *(custom in the trade).

## M Civ JI 140.45

*Michigan Model Civil Jury Instructions*  >  *CHAPTER 140: CONTRACT ACTION--UCC*

## Contract Action--UCC: Implied Warranty of Merchantability--Burden of Proof

The buyer has the burden of proving that:

(a) at the time of [tender of delivery / delivery], the goods were not merchantable, and

(b) the buyer notified the seller that the goods were not merchantable within a reasonable time after [he / she / it] discovered or should have discovered it, and

(c) as a result of the nonmerchantability, the buyer sustained damages.

Goods can be not merchantable at the time of [tender of delivery / delivery] even though the defect does not manifest itself until later. It is for you to determine whether the goods were merchantable at the time of [tender of delivery / delivery].

* (The seller has the burden of proving that the implied warranty of merchantability was changed or eliminated.)

Your verdict will be for the buyer if you find that the goods were not merchantable at the time of [tender of delivery / delivery], the buyer gave the seller notice within a reasonable time, and as a result of the nonmerchantability, the buyer sustained damages *(and if you also find that the implied warranty of merchantability was not changed or eliminated).

Your verdict will be for the seller if you find that the goods were merchantable at the time of [tender of delivery / delivery], or that the buyer did not give the seller notice within a reasonable time, or that the buyer did not sustain damages *(or if you find that the implied warranty of merchantability was changed or eliminated).

*M Civ JI 141.01*

*Michigan Model Civil Jury Instructions  >  CHAPTER 141: CONTRACT DAMAGES--UCC*

## UCC: Seller's Breach by Delivery of Nonconforming Goods Which the Buyer Accepts--Buyer's Damages

If you find that the seller has breached the contract, you must compute the buyer's damages as follows:

(a) First, you must determine the value of the goods at the time and place of acceptance--their actual value.

(b) Second, you must determine the value the goods would have had at the time and place of acceptance if they had conformed to the requirements of the contract.

(c) Then you must subtract the actual value of the goods from the value the goods would have had if they had conformed to the contract.

(d) *(You must add to this amount any of the following damages you find the buyer had:

(i) any reasonable expenses incident to the seller's delay or other breach such as [*specify expenses that are claimed and in issue*],

(ii) other losses that you find resulted from the seller's breach, such as [*insert consequential damages that are claimed and in issue*], if you find that the seller at the time of contracting had reason to know of them, and the buyer could not reasonably have prevented them,

(iii) any injury to person or property proximately resulting from any breach of warranty.)

# MINNESOTA

4 Minn. Prac., Jury Instr. Guides - Civil CIVJIG 22.25-22.45, 22.55-22.70 (6th ed.)

CIVJIG 22.25 Implied Warranty of Merchantability

CIVJIG 22.30 Implied Warranty—Course of Dealing

CIVJIG 22.35 Implied Warranty of Fitness for a Particular Purpose

CIVJIG 22.40 Exclusion or Modification of Warranties

CIVJIG 22.45 Implied Warranty—Exclusion or Modification by a Course of Dealing or Usage of Trade

CIVJIG 22.55 Implied Warranty of Merchantability—Breach

CIVJIG 22.60 Implied Warranty of Fitness for a Particular Purpose—Breach

CIVJIG 22.65 Causation

CIVJIG 22.70 Warranty—Damages

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.25 (6th ed.)**

**Minnesota Practice Series TM**  |  September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part II. General Areas of Law**

**Division A. Contract and Warranty**

**Category 22. Warranty**

# CIVJIG 22.25 Implied Warranty of Merchantability

**Definition of "warranty of merchantability"**

The law implies that the seller warrants or guarantees that the purchased goods:

*[Would pass without objection in the trade under the contract description.]*

*[In the case of fungible goods, must be of average quality within the description. "Fungible goods" are goods that are interchangeable.]*

*[Are fit for the ordinary purposes for which the goods are used.]*

*[Run within the variations of evenness of kind, quality, and quantity permitted by the agreement within each unit and among all units involved.]*

*[Are adequately contained, packaged, and labeled as required in the agreement.]*

*[Conform to the promises or stated facts on the container or label.]*

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.30 (6th ed.)**

Minnesota Practice Series TM    |    September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

Part II. General Areas of Law

Division A. Contract and Warranty

Category 22. Warranty

# CIVJIG 22.30 Implied Warranty—Course of Dealing

An implied warranty may arise from *(a course of dealing between the parties(usage of trade.*

**Definition of a "course of dealing"**

[A "course of dealing" is the past pattern of conduct between the parties that fairly establishes a common basis of understanding.

This past course of dealing may be used to interpret what the parties did and said in this transaction.]

**Definition of "usage of trade"**

[A "usage of trade" is any practice or method of dealing that is regularly used in a place, vocation or trade.

This usage of trade justifies the expectation that it will apply to a transaction.]

Case 1:19-md-02875-RMB-SAK    Document 2008-13    Filed 04/12/22    Page 182 of 380
CIVJIG 22.35 Implied Warranty of Fitness for a Particular..., 4 Minn. Prac., Jury...
PageID: 59406

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.35 (6th ed.)**

Minnesota Practice Series TM      September 2021 Update

Jury Instruction Guides - Civil
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

Part II. General Areas of Law

Division A. Contract and Warranty

Category 22. Warranty

# CIVJIG 22.35 Implied Warranty of Fitness for a Particular Purpose

**Definition of "Implied warranty of fitness for a particular purpose"**

There is an implied warranty that the goods are fit for a particular purpose if, at the time of the sale:

1. The seller knew or had reason to know the particular purpose the goods were being used for,

2. The seller knew or had reason to know the buyer would rely on the seller's skill and judgment in selecting or providing goods suitable for that purpose, and

3. The buyer relied on the seller's skill or judgment in selecting or providing goods suitable for that purpose.

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.40 (6th ed.)**

**Minnesota Practice Series TM** | September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part II. General Areas of Law**

**Division A. Contract and Warranty**

**Category 22. Warranty**

# CIVJIG 22.40 Exclusion or Modification of Warranties

**Excluding or modifying warranties**

*[The implied warranty of merchantability may be excluded or modified if the seller lets the buyer know this at the time of sale.]*

[The implied warranty of fitness for a particular purpose may be excluded or modified if the seller gives written notice.

The seller must use the following or similar language in the notice: "There are no warranties that extend beyond the description of the goods."]

[There are no implied warranties when "as is," "with all faults," or other commonly understood language:

1. Calls the buyer's attention to the fact that implied warranties are excluded; and

2. Makes it plain that there is no implied warranty.
This is the case unless the circumstances show otherwise.]

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.45 (6th ed.)**

**Minnesota Practice Series TM** | September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part II. General Areas of Law**

**Division A. Contract and Warranty**

**Category 22. Warranty**

# CIVJIG 22.45 Implied Warranty—Exclusion or Modification by a Course of Dealing or Usage of Trade

An implied warranty can be excluded or modified by a *(course of dealing)(usage of the trade)*.

**Definition of a "course of dealing"**

[A "course of dealing" is the past pattern of conduct between the parties that fairly establishes a common basis of understanding.

This past course of dealing may be used to interpret what the parties did and said in this transaction.]

**Definition of "usage of trade"**

[A "usage of trade" is any practice or method of dealing that is regularly used in a place, vocation or trade.

This usage of trade justifies the expectation that it will apply to a transaction.]

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.55 (6th ed.)**

Minnesota Practice Series TM  |  September 2021 Update

Jury Instruction Guides - Civil
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

Part II. General Areas of Law

Division A. Contract and Warranty

Category 22. Warranty

# CIVJIG 22.55 Implied Warranty of Merchantability—Breach

**Breach of implied warranty of merchantability**

The implied warranty of merchantability is breached if the purchased goods:

*[Would not pass without objection in the trade under the contract description.]*

[In the case of fungible goods, these are not of average quality within the description.]

["Fungible goods" are goods that are interchangeable.]

*[Are not fit for the ordinary purposes for which the goods are used.]*

*[Do not run within the variations of evenness of kind, quality, and quantity permitted by the agreement within each unit and among all units involved.]*

*[Are not adequately contained, packaged, and labeled as required in the agreement.]*

*[Do not conform to the promises or stated facts on the container or label.]*

Case 1:19-md-02875-RMB-SAK    Document 2008-13    Filed 04/12/22    Page 186 of 380
PageID: 59410
CIVJIG 22.60 Implied Warranty of Fitness for a Particular... 4 Minn. Prac., Jury...

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.60 (6th ed.)**

**Minnesota Practice Series TM**  |  September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part II. General Areas of Law**

**Division A. Contract and Warranty**

**Category 22. Warranty**

# CIVJIG 22.60 Implied Warranty of Fitness for a Particular Purpose—Breach

**Breach of an implied warranty of fitness for a particular purpose**

An implied warranty of fitness for a particular purpose is breached if the goods or product are not fit for the particular purpose specified by the buyer at the time of sale.

Westlaw. © 2021 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.65 (6th ed.)**

**Minnesota Practice Series TM**  |  September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part II. General Areas of Law**

**Division A. Contract and Warranty**

**Category 22. Warranty**

# CIVJIG 22.65 Causation

**Definition of "direct cause"**

A direct cause is a cause that had a substantial part in bringing about the damage.

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 22.70 (6th ed.)**

**Minnesota Practice Series TM**   |   September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part II. General Areas of Law**

**Division A. Contract and Warranty**

**Category 22. Warranty**

# CIVJIG 22.70 Warranty—Damages

**Calculation of warranty damages**

A buyer's damages for breach of warranty are the difference between:

1. The value of the goods accepted; and

2. The value of the goods if they had been as warranted.
*[The buyer also is entitled to consequential and incidental damages resulting from the seller's breach of warranty.]*

**[Definition of "consequential damages"**

"Consequential damages" include:

1. Losses resulting from general or particular requirements and needs of the buyer if:

a. The seller had reason to know about these requirements and needs when the contract was made; and

b. The buyer could not reasonably have prevented these damages.

2. Injury to persons or property as a direct result of any breach of warranty.**]**

**[Definition of "incidental damages"**

"Incidental damages" include:

1. Reasonable expenses for inspection, receipt, transportation, and care and custody of goods rightfully rejected, and

2. Any commercially reasonable charges, expenses, or commissions in connection with minimizing loss. *[Include any other reasonable expense resulting from the breach of warranty.]*

# MISSOURI

Missouri Approved Jury Instructions - Civil (MAI) 4.17, 25.02, 25.03, 25.08, 32.25

4.17. Breach of Warranty Under Uniform Commercial Code—Accepted Goods

25.02. Breach of Common Law Implied Warranty of Fitness for Consumption

25.03. Breach of Common Law Implied Warranty of Fitness for a Particular Purpose Under UCC

25.08. Breach of Implied Warranty of Merchantability Under Uniform Commercial Code

32.25. Warranty—Exclusion of Implied Warranty Under UCC

## Missouri Approved Jury Instructions - Civil (MAI) 4.17

*Missouri Approved Jury Instructions - Civil  >  4.00 DAMAGES—GENERAL*

# 4.17 [1980 New] Breach of Warranty Under Uniform Commercial Code—Accepted Goods

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe was the difference between the fair market value [1] of *(describe the article or product)* when plaintiff discovered or should have discovered [it did not conform] [2] [it was unfit] [3] and its fair market value [1] had it been as represented by defendant [plus such sum as you believe will fairly and justly compensate plaintiff for any other damage plaintiff sustained as a direct result of *(describe the article or product)* [failing to conform] [2] [being unfit]. [3] ] [4]

**Missouri Approved Jury Instructions - Civil (MAI) 25.02**

*Missouri Approved Jury Instructions - Civil  >  25.00 VERDICT DIRECTING--BREACH OF WARRANTY AND PRODUCT LIABILITY*

## 25.02 [1981 Revision] Breach of Common Law Implied Warranty of Fitness for Consumption

Your verdict must be for plaintiff if you believe:

First, defendant sold  *(describe substance)* for [human] [animal][1] consumption, and

Second, [plaintiff] [plaintiffs (describe animals such as "cows")][1] [ate] [drank][1] the  *(describe the substance)*, and

Third, the  *(describe substance)* when sold by defendant was not fit for [human] [animal]1 consumption, and

Fourth, as a direct result thereof plaintiff was damaged.

\* [unless you believe plaintiff is not entitled to recover by reason of Instruction Number_____  *(here insert number of affirmative defense instruction)* ].

## Missouri Approved Jury Instructions - Civil (MAI) 25.03

*Missouri Approved Jury Instructions - Civil > 25.00 VERDICT DIRECTING--BREACH OF WARRANTY AND PRODUCT LIABILITY*

## 25.03 [1980 Revision] Breach of Common Law Implied Warranty of Fitness for a Particular Purpose Under Uniform Commercial Code

Your verdict must be for plaintiff if you believe:

First, defendant sold1 the   *(describe the article or product)*, and

Second, defendant then knew or should have known of the use for which the   *(describe the article or product)* was purchased, and

Third, plaintiff reasonably relied upon defendant's judgment that the   *(describe the article or product)* was fit for such use, and

Fourth, when sold1 by defendant, the   *(describe the article or product)* was not fit for such use, and

Fifth, within a reasonable time after plaintiff knew or should have known the product was not fit for such use, plaintiff gave defendant notice thereof,2 and

Sixth, as a direct result of   *(describe the article or product)* being unfit for such use, plaintiff was damaged.

* [unless you believe plaintiff is not entitled to recover by reason of Instruction Number_____   *(here insert number of affirmative defense instruction) ]*.

## Missouri Approved Jury Instructions - Civil (MAI) 25.08

*Missouri Approved Jury Instructions - Civil > 25.00 VERDICT DIRECTING--BREACH OF WARRANTY AND PRODUCT LIABILITY*

## 25.08 [1980 New] Breach of Implied Warranty of Merchantability Under Uniform Commercial Code

Your verdict must be for plaintiff if you believe:

First, defendant sold[1] and plaintiff[2] purchased[1] *(describe the article or product)*, and

Second, when sold by defendant *(describe the article or product)* was not fit for one of its ordinary purposes,[3] and

Third, plaintiff used such *(describe the article or prod uct)* for such a purpose, and[4]

Fourth, within a reasonable time after plaintiff knew or should have known the product was not fit for such purpose, plaintiff gave defendant notice thereof, and

Fifth, as a direct result of such *(describe the article or product)* being unfit for such purpose, plaintiff was damaged.

\* [unless you believe plaintiff is not entitled to recover by reason of Instruction Number _____ *(here insert number of affirmative defense instruction)*].

## Missouri Approved Jury Instructions - Civil (MAI) 32.25

*Missouri Approved Jury Instructions - Civil  >  32.00 AFFIRMATIVE DEFENSES*

## 32.25 [1981 New] Warranty--Exclusion of Implied Warranty Under UCC

Your verdict must be for defendant if you believe [either]:  *(insert one or more<1> of the following)*

defendant [here set out or describe the statement or writing relied on by defendant to exclude the warranty],<2> or

defendant sold  *(describe the article or product)* "as is",<3> or

the warranty was excluded by the course of dealings<4> between plaintiff and defendant, or

[plaintiff examined and accepted the goods] [plaintiff refused to examine the goods]<5> and the failure of the goods to conform was the type of defect which an examination by plaintiff ought to have revealed.

# MONTANA

Montana Pattern Civil Jury Instructions (MPI) 14.00, 14.04-14.12

14.00. Transition

14.05. Implied Warranty (Generally)

14.06. Implied Warranty (Merchantability)

14.07. Implied Warranty (Particular Purpose)

14.09. Implied Warranty (Course of Dealing or Usage of Trade)

14.10. Implied Warranty (Failure to Examine Product)

14.11. Implied Warranty (Disclaimer)

14.12. Warranty—Notice of Breach

*Montana Pattern Civil Jury Instructions (MPI) 14.00*

*Montana Pattern Civil Jury Instructions  >  CHAPTER 14 WARRANTY*

## 14.00 Transition

INSTRUCTION NO. _____

In this case, plaintiff seeks to establish liability on different theories, one of which is breach of warranty. A breach of warranty may be established without proof of negligence on the part of the defendant.

GIVEN:

District Judge

Proposed by P(#____), D(#____), Ct(#____)

Disposition G____R____W____

Montana Pattern Civil Jury Instructions

# Montana Pattern Civil Jury Instructions (MPI) 14.05

*Montana Pattern Civil Jury Instructions  >  CHAPTER 14 WARRANTY*

## 14.05 Warranty - Implied Warranty (Generally)

INSTRUCTION NO. _____

An implied warranty arises by operation of law from the acts of the parties or circumstances of the transaction; it requires no intent or particular language or action by the seller to create it.

GIVEN:_____

District Judge

Montana Pattern Civil Jury Instructions

## Montana Pattern Civil Jury Instructions (MPI) 14.06

*Montana Pattern Civil Jury Instructions* > *CHAPTER 14 WARRANTY*

## 14.06 Warranty - Implied Warranty (Merchantability)

INSTRUCTION NO. _____

Where goods are sold by a merchant who deals with such products, there is an implied warranty that the goods are at least reasonably fit for the ordinary purpose for which they are used, and

[would pass without objection in the trade under the contract description]

[in the case of fungible goods, such as is present here, are of fair average quality within the description]

[are fit for the ordinary purposes for which such goods are used]

[run within the variation permitted by the agreement, are of even kind, quality and quantity within each unit and among all units involved]

[are adequately contained packaged and labeled as the agreement may require]

[conform to the promises or affirmations of fact made on the container or label if any].

This is known as the implied warranty of merchantability.

GIVEN:_____

District Judge

Montana Pattern Civil Jury Instructions

## Montana Pattern Civil Jury Instructions (MPI) 14.07

*Montana Pattern Civil Jury Instructions  >  CHAPTER 14 WARRANTY*

## 14.07 Warranty - Implied Warranty (Particular Purpose)

INSTRUCTION NO. _____

When the seller at the time of sale has reason to know any particular purpose for which the goods [product] are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods [product], there is an implied warranty that the goods [product] shall be fit for such purpose. This is known as the implied warranty of fitness for particular purpose.

GIVEN:_____

District Judge

Montana Pattern Civil Jury Instructions

## Montana Pattern Civil Jury Instructions (MPI) 14.08

*Montana Pattern Civil Jury Instructions  >  CHAPTER 14 WARRANTY*

## 14.08 Warranty - Implied Warranty (Builder-Seller)

INSTRUCTION NO. _____

A builder-seller of a house impliedly warrants that it is constructed in a workmanlike manner and is suitable for habitation. This warranty applies to structural defects and defects in the land underlying the home which are made worse by the construction. If you find that plaintiff's house is not suitable for habitation as a result of such defects, then the builder-seller is liable, whether or not the builder-seller acted negligently and even though the plaintiff knew that such defects might exist at the time of the sale.

GIVEN:_____

District Judge

Montana Pattern Civil Jury Instructions

## Montana Pattern Civil Jury Instructions (MPI) 14.09

*Montana Pattern Civil Jury Instructions  >  CHAPTER 14 WARRANTY*

## 14.09 Warranty - Implied Warranty (Course of Dealing or Usage of Trade)

INSTRUCTION NO. _____

An implied warranty that a product as sold is of a particular quality or fit for a particular purpose may arise from [may be excluded or modified by] a [course of dealing] [usage of the trade].

[A "course of dealing" is previous conduct between the parties which establishes a common basis of understanding between them.]

[A "usage of trade" is any practice or method of dealing which is so regularly observed as to justify an expectation that it will be followed.]

GIVEN:_____

District Judge

Montana Pattern Civil Jury Instructions

## Montana Pattern Civil Jury Instructions (MPI) 14.10

*Montana Pattern Civil Jury Instructions* > *CHAPTER 14 WARRANTY*

## 14.10 Warranty - Implied Warranty (Failure to Examine Product)

INSTRUCTION NO. _____

If the buyer before making the purchase has examined the goods [or the sample] [or model] as fully as desired or has refused to make such examination when demanded by seller, there is no implied warranty from the seller as to defects which a reasonable examination ought in the circumstances to have revealed. The examination or refusal to examine will not, however, relieve the seller from liability for defects which could not have been discovered by a reasonable inspection.

GIVEN:_____

District Judge

Montana Pattern Civil Jury Instructions

## Montana Pattern Civil Jury Instructions (MPI) 14.11

*Montana Pattern Civil Jury Instructions  >  CHAPTER 14 WARRANTY*

## 14.11 Warranty - Implied Warranty (Disclaimer)

INSTRUCTION NO. _____

Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is", "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties.

[The implied warranty of merchantability, may also be excluded or modified, if, at the time of the sale, the seller specifically informs the buyer that any implied warranty as to merchantability is excluded or modified.]

[However, the implied warranty of fitness for a particular purpose may be excluded or modified only by a notice in writing to that effect or to the effect that there are no warranties which extend beyond the description of the goods.]

Any written exclusion or modification of an implied warranty set forth in writing must be plain and be conspicuous or it is of no effect.

GIVEN:_____

District Judge

Montana Pattern Civil Jury Instructions

## *Montana Pattern Civil Jury Instructions (MPI) 14.12*

*Montana Pattern Civil Jury Instructions  >  CHAPTER 14 WARRANTY*

## 14.12 Warranty - Notice of Breach

INSTRUCTION NO. _____

A seller is not liable for a breach of warranty unless the buyer, within a reasonable time after he/she discovers or should have discovered any breach, notifies the seller of the breach. What is reasonable time depends upon the nature of the contract, the kind of goods involved and all the surrounding circumstances. The notice need not be in any particular form and it may be either oral or written. It must, however, fairly inform the seller of a breach of warranty and that the buyer looks to the seller for damages.

GIVEN:_____

District Judge

Montana Pattern Civil Jury Instructions

# NEBRASKA

NJI 2d Civ. 11.42-11.46

11.42. Breach of Implied Warranty of Merchantability - Burden of Proof

11.43. Implied Warranty of Merchantability Defined

11.44. Breach of Implied Warranty of Fitness for a Particular Purpose - Burden of Proof

11.45. Notice of Breach of Warranty

11.46. Implied Warranties—Exclusion or Modification

# NJI 2d Civ. 11.42

*Nebraska Jury Instructions, Civil > Volume 1 > Chapter 11: Liability of Suppliers of Personal Property for Damages Caused by the Chattel Supplied > E. Liability for Breach of Warranty Under the Uniform Commercial Code*

## 11.42 Breach of Implied Warranty of Merchantability--Burden of Proof

Before the plaintiff can recover against the defendant [on (his, her, its) claim of breach of implied warranty of merchantability], the plaintiff must prove, by the greater weight of the evidence, each and all of the following:

1. That the defendant sold the (here insert word(s) identifying the specific goods in question);

2. That, at the time of the sale, the defendant was a merchant with respect to (goods) of that kind;

3. That, at the time the (goods) were (delivered, turned over, tendered, et cetera) by the defendant, they were not merchantable;

4. That, within a reasonable time after the plaintiff discovered [or should have discovered] the breach, (he, she, it) gave the defendant notice of breach;

5. That the (breach of this warranty, noncompliance with this warranty, failure of the goods to perform as warranted) was a proximate cause of some damage to the plaintiff; and

6. The nature and extent of that damage.

# NJI 2d Civ. 11.43

*Nebraska Jury Instructions, Civil > Volume 1 > Chapter 11: Liability of Suppliers of Personal Property for Damages Caused by the Chattel Supplied > E. Liability for Breach of Warranty Under the Uniform Commercial Code*

## 11.43 Implied Warranty of Merchantability Defined

To be merchantable, (goods) must:

1. Be such as would pass without objection in the trade as (goods) of the kind described [or otherwise designated];

2. In the case of (fungible, interchangeable, generic) goods, be of fair average quality for (goods) of the kind described [or otherwise designated] in the contract;

3. Be fit for the ordinary purposes for which such (goods) are used;

4. Within the variations permitted by the agreement, be of even kind, quality, and quantity, within each unit and among all of the units involved;

5. Be adequately contained, packaged, and labeled as the agreement may require; and

6. Conform to the promises or affirmations of fact made on the container or the label, if any.

## NJI 2d Civ. 11.44

*Nebraska Jury Instructions, Civil > Volume 1 > Chapter 11: Liability of Suppliers of Personal Property for Damages Caused by the Chattel Supplied > E. Liability for Breach of Warranty Under the Uniform Commercial Code*

---

## 11.44 Breach of Implied Warranty of Fitness for a Particular Purpose--Burden of Proof

Before the plaintiff can recover against the defendant [on (his, her, its) claim of breach of implied warranty of fitness for a particular purpose], the plaintiff must prove, by the greater weight of the evidence, each and all of the following:

1. That the defendant sold the (here insert word(s) identifying the specific goods in question);

2. That, when the contract for sale was made, the plaintiff purchased the (goods) for (here insert the particular purpose claimed) and the defendant had reason to know that;

3. That, when the contract of sale was made, the plaintiff was relying on the defendant's skill or judgment to (select, furnish) (goods) suitable for that particular purpose and the defendant had reason to know of this reliance;

4. That at the time the (goods) were (delivered, turned over, tendered, et cetera) by the defendant, they were not fit for the particular purpose in question;

5. That, within a reasonable time after the plaintiff discovered [or should have discovered] that the (goods) were not fit for the particular purpose in question, (he, she, it) gave the defendant notice of breach;

6. That the breach of this warranty was a proximate cause of some damage to the plaintiff; and

7. The nature and extent of that damage.

# NJI 2d Civ. 11.45

*Nebraska Jury Instructions, Civil > Volume 1 > Chapter 11: Liability of Suppliers of Personal Property for Damages Caused by the Chattel Supplied > E. Liability for Breach of Warranty Under the Uniform Commercial Code*

## 11.45 Notice of Breach of Warranty

As I said in Instruction No ____, in order to recover for breach of (here specify the kind of warranty involved or insert the word warranty), the plaintiff must prove that (he, she, it) notified the defendant of the breach, and that (he, she, it) did so within a reasonable time after (he, she, it) discovered [or should have discovered] the breach.

You must determine what amount of time is reasonable. In doing so, take into consideration the circumstances shown by the evidence in this case and the nature of the act to be done, that is, giving notice.

The notice may be oral or written. It does not have to be in any particular form and it does not have to use any particular words. Notice is sufficient if it informs the defendant of the alleged (breach of warranty, defect).

## NJI 2d Civ. 11.46

*Nebraska Jury Instructions, Civil > Volume 1 > Chapter 11: Liability of Suppliers of Personal Property for Damages Caused by the Chattel Supplied > E. Liability for Breach of Warranty Under the Uniform Commercial Code*

## 11.46 Implied Warranties--Exclusion or Modification

*(What follows are two different instructions on the exclusion or modification of an implied warranty. The first alternative presents exclusion of implied warranty as an element of plaintiff's case; the second, as an affirmative defense. For reasons explained in the Comment, it is not clear which of these instructions is a proper statement of Nebraska law. Although the instruction is to be used in a case involving either exclusion or modification, for simplicity sake the pattern uses the word exclusion. The Comment explains how to adapt the instruction in a case involving modification.)*

FIRST ALTERNATIVE--AN ELEMENT OF PLAINTIFF'S CASE

The defendant claims (here insert a statement of the claim regarding the exclusion of implied warranty).

A seller may exclude an implied warranty in any of the following ways:

1. Implied warranties are excluded by language that, as commonly understood, calls the buyer's attention to the exclusion of the warranty and makes it plain that there is no implied warranty. This includes expressions like "as is" and "with all faults."

2. When a buyer, before entering into a contract, examines (the goods, a sample or model of the goods) as fully as (he, she) desires, or refuses to examine the goods, then there is no implied warranty with regard to defects that an examination ought in the circumstances to have revealed to (him, her).

3. An implied warranty may be excluded by (a course of dealing, a course of performance, usage of the trade). A ("course of dealing", "course of performance") is defined as a series of previous dealings between the parties involved, which establishes an understanding between them for interpreting their subsequent dealings. A "usage of trade" is defined as a practice [or method of dealing] that is so regularly observed in a place, a vocation, or a trade as to justify an expectation that it will be observed with respect to the transaction in question.

NJI 2d Civ. 11.46

4. Unless it has been excluded in one of the ways stated above, the exclusion of all or part of an implied warranty of merchantability must be done in language that mentions merchantability and, if it is in writing, in language that is conspicuous.

5. Unless it has been excluded in one of the ways stated above, the exclusion of all or part of an implied warranty of fitness for a particular purpose must be in writing and must be conspicuous.

Remember, the plaintiff has the burden of proving the terms of the warranty; that includes the burden of proving that no such exclusion existed.

SECOND ALTERNATIVE--AFFIRMATIVE DEFENSE

A. ISSUES

In defense to the plaintiff's claim (here insert a statement of plaintiff's claim), the defendant claims (here insert a statement of the claim regarding the exclusion of implied warranty).

The plaintiff admits (here state what the plaintiff admits, by pleading or otherwise, if anything).

The plaintiff denies (here state what the plaintiff denies).

B. BURDEN OF PROOF

The defendant has the burden of proving, by the greater weight of the evidence, (his, her, its) claim that the warranty [if necessary or helpful, here specify the warranty involved] was excluded. A warranty may be excluded in one of the following ways:

1. Implied warranties are excluded by language that, as commonly understood, calls the buyer's attention to the exclusion of the warranty and makes it plain that there is no implied warranty. This includes expressions like "as is" and "with all faults."

2. When a buyer, before entering into a contract, examines (the goods, a sample or model of the goods) as fully as (he, she) desires, or refuses to examine the goods, then there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to (him, her).

3. An implied warranty may be excluded by (a course of dealing, a course of performance, usage of the trade). A ("course of dealing", "course of performance") is defined as a series of previous dealings between the parties involved, which establishes an understanding between them for interpreting their subsequent dealings. A "usage of trade" is defined as a practice [or method of dealing] that is so regularly observed in a place, a vocation, or a trade as to justify an expectation that it will be observed with respect to the transaction in question.

4. Unless it has been excluded in one of the ways stated above, the exclusion of all or part of an implied warranty of merchantability must be done in language that mentions merchantability and, if it is in writing, in language that is conspicuous.

NJI 2d Civ. 11.46

5. Unless it has been excluded in one of the ways stated above, the exclusion of all or part of an implied warranty of fitness for a particular purpose must be in writing and must be conspicuous.

## C. EFFECT OF FINDINGS

If the defendant has proved by the greater weight of the evidence that the [claimed] warranty was excluded in one of these ways, then your verdict [on this claim] must be for the defendant[, and this is true even if you find that the plaintiff has met (his, her, its) burden of proof].

If the defendant has not met this burden of proof, you must disregard the defense of exclusion of the

warranty.

# NEVADA

1 Nevada Pattern Jury Instructions Civil 7.9-7.11, 7.13-7.16 (2019)

7.9. Breach of Warranty in General

7.10. Causation in General

7.11. Implied Warranty of Merchantability

7.13. Exclusion or Modification of Warranties

7.14. Implied Warranty of Fitness for a Particular Purpose

7.15. Buyer's Examination

7.16. Notice of a Breach of Warranty

# 1 Nevada Pattern Jury Instructions Civil 7.9

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 7 Product Liability Instructions*

## 7.9: Breach of Warranty in General

To establish a claim of breach of warranty, the plaintiff must prove:

1. The seller [defendant] and buyer [plaintiff] entered into a contract for the sale of goods; and

2. Defendant [expressly] or [impliedly] warranted the goods sold;

3. The goods did not conform to the [express] or [implied] warranty;

4. The warranty was not appropriately excluded or modified;

5. The breach of warranty was the legal cause of the plaintiff's damage, loss or harm; and

6. The plaintiff gave defendant timely notice of the breach of warranty.

## *1 Nevada Pattern Jury Instructions Civil 7.10*

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 7 Product Liability Instructions*

## 7.10: Causation in General

A legal cause of injury, damage, loss or harm is a cause which is a substantial factor in bringing about the injury, damage, loss or harm.

Evidence of an unexpected, dangerous malfunction gives rise to an inference of a manufacturing defect. Therefore, the malfunctioning of a product is circumstantial evidence of a defective condition in spite of the lack of evidence of any specific defect in the product.

# 1 Nevada Pattern Jury Instructions Civil 7.11

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 7 Product Liability Instructions*

## 7.11: Implied Warranty of Merchantability

The plaintiff [also] claims that [he][she][it] was harmed by the [product] that [he][she][it] bought from [name of defendant] because the [product] did not have the quality that a buyer would expect. To establish this claim, [name of plaintiff] must prove all of the following:

1. That [name of plaintiff] bought the [product] from [name of defendant];

2. That, at the time of purchase, [name of defendant] was in the business of selling these goods [or by [his][her][its] occupation held [himself][herself][itself] out as having special knowledge or skill regarding these goods];

3. That the [product] [insert one or more of the following]:

   [was not of the same quality as those generally acceptable in the trade];

   [was not fit for the ordinary purposes for which such goods are used];

   [did not conform to the quality established by the parties' prior dealings or by usage of trade];

4. That [name of plaintiff] took reasonable steps to notify [name of defendant] within a reasonable time that the [product] did not have the expected quality;

5. That [name of plaintiff] was harmed; and

6. That the failure of the [product] to have the expected quality was a substantial factor in causing [name of plaintiff]'s harm.

*1 Nevada Pattern Jury Instructions Civil 7.13*

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 7 Product Liability Instructions*

## 7.13: Exclusion or Modification of Warranties

The law allows sellers to limit warranties with exclusions or modifications. In order for the seller [defendant] to establish that an exclusion or modification of an express warranty is applicable and appropriate, the defendant must show:

1. The exclusion or modification is made with good faith;

2. The exclusion or modification does not impose unconscionable terms upon a party; and either

3. Before entering the contract, (a) the buyer [plaintiff] either examined the goods as fully as he or she desired; or (b) before entering the contract, the buyer [plaintiff] refused to examine the goods; or (c) the language modifying or excluding the warranty was insufficiently conspicuous for a reasonable person to have noticed it.

If the express warranty and the language of the exclusion or modification cannot be interpreted to be consistent with one another, then the exclusion or modification is inoperative to the extent that the two conflict.

## 1 Nevada Pattern Jury Instructions Civil 7.14

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 7 Product Liability Instructions*

## 7.14: Implied Warranty of Fitness for a Particular Purpose

In order to establish that the defendant impliedly warranted that the product would be fit for a particular purpose, the plaintiff must show:

1. The buyer [plaintiff] purchased the product from the seller [defendant]; and

2. The seller [defendant] had reason to know at the time of contracting that the buyer [plaintiff] required the goods for a particular purpose; and

3. The buyer was relying on the seller's skill or judgment to select or furnish goods suitable for the particular purpose.

# 1 Nevada Pattern Jury Instructions Civil 7.15

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 7 Product Liability Instructions*

## 7.15: Buyer's Examination

The buyer's examination or refusal to examine a product may void an implied warranty under some circumstances. For a seller [defendant] to establish that an implied warranty is void, the seller must show:

1. The buyer has either examined the goods, sample, or model as fully as he or she desired, or refused to examine the product when demanded by the seller; and

2. The defect was such that a reasonable examination ought to have revealed its presence.

*1 Nevada Pattern Jury Instructions Civil 7.16*

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 7 Product Liability Instructions*

## 7.16: Notice of a Breach of Warranty

The seller is relieved of liability if the buyer does not give timely notice of a breach of warranty. For the seller [defendant] to establish that timely notice was not given [he][she][it] must show:

The buyer [plaintiff] purchased the goods from the seller [defendant] and

1. The buyer [plaintiff] discovered or reasonably should have discovered a defect or nonconformity in the product within a certain period of time; and

2. The buyer [plaintiff] failed to provide notice to the seller [defendant] within a reasonable period of time with regard to the defect or nonconformity discovered.

# NEW HAMPSHIRE

1 New Hampshire Civil Jury Instruction 23.10, 23.11, 23.14, 23.15, 23.101 (2020)

23.10. Warranty—Definition

23.11. Notice of Breach

23.14. Implied Warranty of Fitness for a Particular Purpose

23.15. Implied Warranty of Merchantability

23.101. Implied Warranty—Exclusion or Limitation

## *1 New Hampshire Civil Jury Instruction 23.10*

*New Hampshire Civil Jury Instruction > CHAPTER 23 Products Liability > PART A. STANDARD CAUTIONARY INSTRUCTIONS FOR PRODUCTS LIABILITY*

## 23.10 Warranty—Definition

A warranty is a promise or guarantee by a manufacturer or seller that his/her product is of a certain quality or character. There are several different kinds of warranties. The word "seller" includes a manufacturer and all others who sell a product.

# 1 New Hampshire Civil Jury Instruction 23.11

*New Hampshire Civil Jury Instruction > CHAPTER 23 Products Liability > PART A. STANDARD CAUTIONARY INSTRUCTIONS FOR PRODUCTS LIABILITY*

## 23.11 Notice of Breach

The plaintiff must prove that he/she gave notice to the seller of the claimed breach of warranty within a reasonable time after he/she discovered or should have discovered the breach.

Notice need not be in any particular form. Notice is sufficient if it informs the seller that the buyer claims there has been a breach of warranty so that the seller and buyer may attempt to settle their differences. If the plaintiff failed to give notice, he/she cannot recover for breach of warranty.

# 1 New Hampshire Civil Jury Instruction 23.14

*New Hampshire Civil Jury Instruction > CHAPTER 23 Products Liability > PART A. STANDARD CAUTIONARY INSTRUCTIONS FOR PRODUCTS LIABILITY*

## 23.14 Implied Warranty of Fitness for a Particular Purpose

If a seller knows or should know that the product he/she is selling is to be used for a particular purpose and that the buyer is relying on the seller's skill or judgment in selecting or furnishing a product suitable for that purpose, the seller creates an implied warranty that the product will be fit for that particular purpose.

# 1 New Hampshire Civil Jury Instruction 23.15

*New Hampshire Civil Jury Instruction > CHAPTER 23 Products Liability > PART A. STANDARD CAUTIONARY INSTRUCTIONS FOR PRODUCTS LIABILITY*

## 23.15 Implied Warranty of Merchantability

In every sale of goods by a merchant if goods of that kind, there is an implied warranty that the goods will be reasonably fit for the purposes that they are ordinarily used. Implied warranties are limited to latent defects discoverable within a reasonable period of time.

# 1 New Hampshire Civil Jury Instruction NS23.101

*New Hampshire Civil Jury Instruction  >  CHAPTER 23 Products Liability  >  PART B. NONSTANDARD CAUTIONARY INSTRUCTIONS FOR PRODUCTS LIABILITY*

## NS23.101Implied Warranty—Exclusion or Limitation

**Implied Warranty of Merchantability:**

Sometimes parties can exclude, limit, modify, or waive the implied warranty of merchantability.

You may find that the implied warranty of merchantability has been excluded, limited, modified, or waived if one or more of the following things occurred:

(1) The parties expressly agreed to waive or limit the warranty.

(2) [For Consumer Goods:] There was a written notice of particular defects and limitations on the goods [or services] provided at the time of sale.

(3) [For Non-Consumer Goods Sales:] There was a written or oral statement given to the buyer containing language calling the buyer's attention to the exclusion of the warranty and making plain there is no implied warranty. Expressions like "as is" and "with all faults" are examples of language that excludes all warranties. Language such as "There are no warranties which extend beyond description on the face hereof" is sufficient to exclude any warranty of fitness.

(4) [For Non-Consumer Goods Sales:] The buyer was provided with an oral or written statement that modifies or excludes the warranty, and the statement mentions "merchantability" specifically.

(5) [For Non-Consumer Goods Sales:] If, before entering into a contract, the buyer either examined the goods as much as he desired, or refused to examine the goods, then by law there is no implied warranty covering defects that the buyer would have found by an examination under the circumstances.

(6) [For Non-Consumer Goods Sales:] The implied warranty is ordinarily excluded or modified by the course of dealing or usage of the trade.

**Implied Warranty of Fitness for a Particular Purpose:**

Sometimes, the parties can exclude, limit, modify, or waive the implied warranty of fitness for a particular purpose.

You may find that the implied warranty of fitness for a particular purpose has been excluded, limited, modified, or waived if one or more of the following things occurred:

1 New Hampshire Civil Jury Instruction NS23.101

(1) The parties expressly agreed to waive or limit the warranty.

(2) [For Consumer Goods:] There was a written notice of particular defects and limitations on the goods [or services] provided at the time of sale.

(3) [For Non-Consumer Goods Sales:] There was a written statement given to the buyer containing language calling the buyer's attention to the exclusion of the warranty and making plain there is no implied warranty. Expressions like "as is" and "with all faults" are examples of language that excludes all warranties. Language such as "There are no warranties which extend beyond the description on the face hereof" is sufficient to exclude any warranty of fitness.

(4) [For Non-Consumer Goods Sales:] If, before entering into a contract, the buyer either examined the goods as much as he or she desired, or refused to examine the goods, then by law there is no implied warranty covering defects that the buyer would have found by an examination under the circumstances.

(5) [For Non-Consumer Goods Sales:] The implied warranty is ordinarily excluded or modified by the course of dealing or usage of the trade.

# NEW JERSEY

NJI 2d Civ. 4.22A, 4.22B

NJ CV JI 4.22A Breach of Implied Warranty of Fitness for a Particular Purpose Under UCC

NJ CV JI 4.22B Breach of Implied Warranty of Merchantability Under UCC

*NJ CV JI 4.22A*

*New Jersey Model Civil Jury Charges  >  CHAPTER FOUR  >  CONTRACT CHARGES  >  BILATERAL CONTRACTS*

## 4.22A BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE UNDER U.C.C. (Approved before 1984)

Where at the time of contracting a seller has reason to know that the buyer requires the goods for a particular purpose and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, the law implies a warranty by the seller that the goods are fit for that purpose.

Therefore, the first question for you to determine is whether plaintiff in fact relied upon defendant's skill or judgment as distinguished from his/her own skill or judgment in buying [*describe the goods*].

In making that determination you should consider all the facts and circumstances, both what was said and what was done, at the time of the sale, (including, if you find that to be the fact, the reference to the [*describe the goods*] by trade or brand name, but I charge you that the use of a trade or brand name is but one of the circumstances for you to consider in determining whether plaintiff relied upon seller's skill or judgment rather than upon his/her own judgment). If you find that plaintiff did not rely on defendant's skill or judgment your verdict must be for defendant.

If you find that plaintiff did in fact rely upon defendant's skill or judgement, you must next determine whether under all of the facts and circumstances existing at the time of the sale, defendant had reason to know that plaintiff required [*the goods*] for a particular purpose and was relying on defendant's skill, or judgment.

It is not necessary that plaintiff have stated his/her purpose in so many words; it is enough that the circumstances gave defendant reason to know of plaintiff's purpose and that plaintiff was relying upon defendant's skill or judgment.

If you find that defendant did not have reason to know those facts, your verdict will be for defendant.

If you find that plaintiff did in fact rely upon defendant and that defendant had reason to know that plaintiff was relying upon him/her and that plaintiff required [*the goods*] for a particular purpose, you must next consider whether [*the goods*] was/were fit for that purpose. If you find that [*the goods*] was/were fit for the particular purpose your verdict will be for defendant.

If you find that [*the goods*] was/were not, you must then determine whether plaintiff gave notice of that fact to defendant within a reasonable time after he/she discovered or should have discovered that [*the goods*] was/were not fit for the particular purpose. When plaintiff should have discovered the defect depends upon all the facts and

NJ CV JI 4.22A

circumstances, including the nature of the defect, the time when [*the goods*] was/were put in use and whether the defect was discoverable by customary and reasonable inspections.

Notice will be sufficient in form if it informed the defendant that the buyer claimed that [*the goods*] was/were defective. If you find that plaintiff did not give such notice or did not give it within a reasonable time[1] after he/she discovered or should have discovered the defect, your verdict will be for defendant. If you find that notice was given within a reasonable time after plaintiff discovered or should have discovered the defect, your verdict will be for plaintiff and you will proceed to consider the measure of damages.

New Jersey Model Civil Jury Charges (2021)

*NJ CV JI 4.22B*

*New Jersey Model Civil Jury Charges > CHAPTER FOUR > CONTRACT CHARGES > BILATERAL
CONTRACTS*

## 4.22B BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER U.C.C. (Approved 06/2018)

Every contract with a merchant for the sale of goods contains an implied warranty that the goods are fit for ordinary purposes for which the goods are used. A "merchant" is a person who deals in goods or has knowledge or skill peculiar to goods involved in the transaction. A merchant also can be one who employs others who have such knowledge or skill. As the name suggests, the implied warranty of merchantability need not be specifically mentioned in a contract, instead, it arises by operation of law.

Plaintiff claims that defendant breached the implied warranty of merchantability. To be entitled to recover, plaintiff must prove that:

1. The defendant is a merchant and is in the business of selling goods of the kind involved.

2. The goods were not "merchantable" at the time of sale.

3. The plaintiff suffered injury/loss/harm.

4. The injury/loss/harm to plaintiff was proximately caused by the defective nature of the goods.

5. Notice was given to the seller of the injury/loss/harm.

If you find that defendant did not sell [*the goods*], your verdict must be for defendant. If you find that defendant did sell [*the goods*] and was in the business of selling goods of the kind involved, you must next decide whether [*the goods*] was/were "merchantable" at the time of the sale.

To determine whether a good is "merchantable" at the time of the sale, you must determine by a preponderance of the evidence that the goods, at a minimum, accomplish the following:

1. Pass without objection in the trade;

2. Are of fair average quality, in the case of fungible (interchangeable) goods;

3. Are fit for the ordinary purposes for which such goods are used;

4. Run [within the variations permitted by the agreement between the parties] of even kind, quality and quantity;

NJ CV JI 4.22B

5. Are adequately contained, packaged, and labeled; and

6. Conform to promises or affirmations of fact on the container or label.

If you find [*the goods*] was/were "merchantable" at the time of sale, your verdict must be for defendant. If you find [*the goods*] was/were not "merchantable" at the time of sale, you must next consider whether plaintiff suffered injury/loss/harm.

If you find that plaintiff did not suffer injury/loss/harm, your verdict must be for defendant. If you find that plaintiff did suffer injury/loss/harm you must next consider whether the injury/loss/harm was proximately caused by the defective nature of the goods.

If you find that the injury/loss/harm was not proximately caused by the defective nature of the goods, your verdict must be for defendant. If you find that the injury/loss/harm was proximately caused by the defective nature of the goods, you must next consider whether there was notice to the seller of injury/loss/harm.

If you find that there was no notice to the seller of the injury within a reasonable time after plaintiff discovered or should have discovered the alleged breach of warranty, your verdict must be for defendant. If there was notice to the seller of the injury within a reasonable time after plaintiff discovered or should have discovered the alleged breach of warranty, your verdict must be for plaintiff.

*NOTE TO JUDGE*

The above charge is based on *N.J.S.A.* 12A:2-314 and 12A:2-607. Note that the above charge deals with fitness for an <u>ordinary</u> purpose whereas the implied warranty of fitness for particular purpose under *N.J.S.A.* 12A:2-315 deals with fitness for the particular purposes for which the goods are used. As to damages for breach of warranty under the U.C.C., *see N.J.S.A.* 12A:2-714 and 2-715; *see also* "cover" as defined by *N.J.S.A.* 12A:2-712. Note there is commentary under each of the U.C.C. statutes that the judge may wish to incorporate into the charge if it would be helpful in explaining the facts of the particular case. Where circumstances give rise to possible exclusion or modification of the warranty, *see N.J.S.A.* 12A:2-316.

New Jersey Model Civil Jury Charges (2021)

# NEW MEXICO

13-302A NMRA, 13-1429 to 13-1433 NMRA

13-302A. Statement of theory(ies) for recovery

13-1429. Creation of Implied Warranty of Merchantability

13-1430. Breach of Implied Warranty of Merchantability

13-1431. Creation of Implied Warranty of Fitness for a Particular Purpose

13-1432. Breach of Implied Warranty of Fitness for a Particular Purpose

13-1433. Exclusion of Implied Warranties

## *13-302A NMRA*

*Uniform Jury Instructions - Civil > UNIFORM JURY INSTRUCTIONS--CIVIL > CHAPTER 3. ISSUES; BURDEN OF PROOF; CAUSATION; EVIDENCE > PART A. STATEMENT OF ISSUES, BURDEN OF PROOF*

## 13-302A Statement of theory(ies) for recovery

In this case the plaintiff(s)              (name of each plaintiff)

seek(s) compensation from the defendant(s)              (name of each

defendant)  for damages that plaintiff(s) say(s) were caused by

    (Negligence, [and]

    A Defective Product, [and]

    Breach of Warranty, [and]

    Breach of Contract, [and]

    Fraudulent Misrepresentation, [and]

    Etc.)

# 13-1429 NMRA

*Uniform Jury Instructions - Civil  >  UNIFORM JURY INSTRUCTIONS--CIVIL  >  CHAPTER 14. PRODUCTS LIABILITY*

## 13-1429 Creation of implied warranty of merchantability

*[Unless excluded], a supplier who regularly deals in [goods] [products] of the kind that [he] [she] is selling or holds [himself] [herself] out as having special knowledge or skill concerning the [goods] [products], warrants that the [goods] [products] shall be merchantable. The warranty of merchantability is implied by law and exists independent of any statement made by the seller to the buyer.*

*[The warranty of merchantability is included in any sale or service of food or drink.]*

Michie's Annotated Rules of New Mexico   Copyright: 2021  by Matthew Bender & Company, Inc.    a member of the LexisNexis Group.    All rights reserved.

## 13-1430 NMRA

*Uniform Jury Instructions - Civil  >  UNIFORM JURY INSTRUCTIONS--CIVIL  >  CHAPTER 14.
PRODUCTS LIABILITY*

## 13-1430 Breach of implied warranty of merchantability

*A supplier breaches the implied warranty of merchantability:*

*[1. If the goods sold would be rejected by someone knowledgeable in the trade for failure to meet the contract description]; [or]*

*[2. If goods sold in bulk are not of fair average quality for the type of goods described by the contract. The goods need not be the best quality but they must pass without objection in the trade]; [or]*

*[3. If the [goods] [products] are not fit for the ordinary purposes for which such [goods] [products] are used]; [or]*

*[4. If the goods do not run within variations permitted by the contract for the reason that there are wide differences in type, quality and quantity within delivered units and among all units involved]; [or]*

*[5. If the [goods] [products] are not adequately contained, packaged and labeled as required by the contract]; [or]*

*[6. If the [goods] [products] do not conform to the promises or statements made by the seller on the container or label]; [or]*

*[7. If the food or drink is unwholesome or unfit for human consumption].*

## 13-1431 NMRA

*Uniform Jury Instructions - Civil  >  UNIFORM JURY INSTRUCTIONS--CIVIL  >  CHAPTER 14.
PRODUCTS LIABILITY*

## 13-1431 Creation of implied warranty of fitness for particular purpose

---

 *If the seller has reason to know at the time the contract is made that the [goods] [products] are purchased for any
particular purpose and that the buyer is relying on the seller's skill or judgment to select or furnish suitable [goods]
[products], there is an implied warranty that the [goods] [products] are fit for the purpose [unless the warranty is
excluded]. The warranty is implied by law in the seller's and buyer's contract and may exist independent of anything
said by the seller.*

13-1432 NMRA

*Uniform Jury Instructions - Civil  >  UNIFORM JURY INSTRUCTIONS--CIVIL  >  CHAPTER 14.
PRODUCTS LIABILITY*

## 13-1432 Breach of implied warranty of fitness for particular purpose

*A supplier breaches the implied warranty of fitness for a particular purpose if the [goods] [products], though not defective, are unsuitable for the particular purpose for which they were purchased.*

## 13-1433 NMRA

*Uniform Jury Instructions - Civil  >  UNIFORM JURY INSTRUCTIONS--CIVIL  >  CHAPTER 14. PRODUCTS LIABILITY*

## 13-1433 Exclusion of implied warranties

*[Implied warranties do not exist if the seller has excluded them by understandable language which would alert the reasonably prudent buyer that warranties are excluded. Thus, if, in discussing the [goods] [products], the seller tells the buyer that the [goods] [products] are being sold "as is" or "with all faults," there is no implied warranty.]*

*[A supplier may exclude the implied warranty of merchantability, or any particular element of that warranty, by using understandable language which mentions merchantability.]*

*[General language is sufficient to exclude the implied warranty of fitness for particular purpose. For example, the warranty is excluded by a conspicuous statement that: "There are no warranties which extend beyond the description on the face of the document".]*

*[If a buyer of [goods] [products] is given an opportunity to examine the [goods] [products] before agreeing to buy and refuses to examine the [goods] [products], or if [he] [she] [it] conducts an examination, there is no implied warranty with respect to defects which a reasonable examination should have revealed.]*

Michie's Annotated Rules of New Mexico   Copyright: 2021  by Matthew Bender & Company, Inc.    a member of the LexisNexis Group.    All rights reserved.

# NEW YORK

NY PJI 2:142, 4:40

PJI 2:142 Liability for Breach of Implied Warranty

PJI 4:40 Warranty—Implied Warranty of Fitness for a Particular Purpose

# NY PJI 2:142

*New York Pattern Jury Instructions - Civil > DIVISION 2. NEGLIGENCE ACTIONS > G. SPECIFIC NEGLIGENCE ACTIONS > 3. Products Liability > c. Breach of Warranty*

## PJI 2:142. Liability for Breach of Implied Warranty

The law implies a warranty by a manufacturer (wholesaler, retailer) that places a product on the market that it is reasonably fit for the ordinary purposes for which such product is used. If the product is not reasonably fit to be used for its ordinary purposes, the warranty is breached.

   Plaintiff AB claims that Defendant CD's [ *state product*]   was not fit for its ordinary purposes because [ *state claim*].   If you find that the product was fit for its ordinary purposes, you will find there was no breach of warranty, and you will find for CD on this issue. If you find that the [ *state product*]   was not fit for its ordinary purposes, you will find that CD breached its implied warranty.

## NY PJI 4:40

*New York Pattern Jury Instructions - Civil > DIVISION 4. CONTRACTS > B. SPECIFIC CONTRACT ACTIONS > 2. WARRANTY*

## PJI 4:40. Contracts--Warranty--Implied Warranty of Fitness for a Particular Purpose

Plaintiff AB is suing defendant CD for damages that AB claims (he, she, it) sustained because the [[ *state basis of defendant's claim as:--*] machine) that AB bought from CD was not fit for the purpose for which AB bought it.

When a seller of a product has reason to know that the buyer wants the product for a particular purpose and is relying upon the seller's skill or judgment that the product will be satisfactory for that purpose, the law implies that an actual promise was made by the seller to the buyer that the product will be fit for the purpose for which the buyer wants it. If it turns out that the product is not fit for the buyer's purpose and the buyer sustains damages as a result, (he, she, it) may recover those damages provided (he, she, it) notifies the seller within a reasonable time after the buyer discovers, or should have discovered, that the product is not fulfilling that purpose.

AB has the burden of proving six elements: first, that AB purchased the (machine) for a particular purpose; second, that CD knew or had reason to know that *AB* wanted the (machine) for a particular purpose; third, that AB justifiably relied on CD's skill or judgment in buying the (machine); fourth, that CD knew that AB was relying on CD; fifth, that the (machine) was not fit for the particular purpose; and sixth, that AB notified CD within a reasonable time after AB discovered or should have discovered that the (machine) was not fit for the particular purpose. In arriving at your decision, it will be necessary for you to answer certain questions on a verdict form that you will be given.

The first question for you to decide is whether AB purchased the (machine) for a particular purpose. If you decide that (he, she, it) did not purchase the (machine) for a particular purpose you will find for CD and proceed no further.

If you decide that AB did purchase it for a particular purpose, you must next decide whether because of the discussions and negotiations leading up to the sale, CD knew or had reason to know that AB wanted the (machine) for a particular purpose. AB did not have to expressly tell CD what that purpose was. It is enough that the circumstances gave CD reason to know the purpose. If you decide that CD did not know or have reason to know what the particular purpose was, you will find for CD and proceed no further.

If you decide that CD knew what the particular purpose was, you must next consider whether AB, in buying the (machine), justifiably relied on CD's skill or judgment. In making that decision, you should examine the facts and circumstances of the entire transaction, including what was said and done before and at the time the sale was

NY PJI 4:40

made. [[ *Add, if appropriate, the following three sentences*:] You may take into consideration whether AB asked for the (machine) by its trade or brand name. However, AB's reference to a trade or brand name would not by itself resolve the question. It is only one of the facts you may consider in deciding whether AB justifiably relied on CD's skill or judgment, or whether AB, instead, relied only on the trade or brand name, or (his, her, its) own judgment.) If you decide that AB did not justifiably rely on CD's skill or judgment, you will find for CD and proceed no further.

If you decide that AB did justifiably rely on CD's skill or judgment in buying the (machine), you must then decide whether CD knew or had reason to know that AB was relying on CD. If you decide that CD did not know or have reason to know that AB was relying on CD, you will find for CD and proceed no further.

If you decide that CD knew or had reason to know that AB was relying on CD, you must next decide whether the (machine) was fit for its particular purpose. If you decide that it was fit for that particular purpose, you will find for CD and proceed no further.

If you decide that the (machine) was not fit for its particular purpose, you must next decide whether AB notified CD within a reasonable time after AB discovered or should have discovered that the (machine) was not fit for that purpose. What is a reasonable time in which AB should have discovered the (machine's) unfitness depends upon the circumstances, including the nature of the failure of the (machine), the time when it was put into use and whether the (machine's) failure to fulfill its particular purpose was discoverable by customary or reasonable inspection after it was received. If you decide that AB did not give notice to CD within a reasonable time, you will find for CD and proceed no further. If you decide that AB gave notice to CD within a reasonable time, you will then decide what, if any, damages AB sustained because the (machine) was not fit for the particular purpose.

As I mentioned, you will be provided with a written verdict form. You will follow the instructions and answer the questions on the verdict form, as follows:

# NORTH CAROLINA

N.C.P.I. - 741.00, 741.15-741.18, 741.20, 741.25-741.28, 741.30-741.741.34, 741.60

741.00. Warranties in Sales of Goods

741.15. Issue of Existence of Implied Warranty of Merchantability

741.16. Issue of Seller's Defense of Modification of Implied Warranty of Merchantability

741.17. Issue of Seller's Defense of Exclusion of Implied Warranty of Merchantability

741.18. Issue of Seller's Defense of Buyer's Actual or Constructive Knowledge of Defects—Implied Warranty of Merchantability

741.20. Issue of Breach of Implied Warranty of Merchantability

741.25. Issue of Existence of Implied Warranty of Fitness for a Particular Purpose

741.26. Issue of Seller's Defense of Modification of Implied Warranty of Fitness for a Particular Purpose

741.27. Issue of Seller's Defense of Exclusion of Implied Warranty of Fitness for a Particular Purpose

741.28. Issue of Seller's Defense of Buyer's Actual or Constructive Knowledge of Defects - Implies Warranty of Fitness for a Particular Purpose

741.30. Issue of Breach of Implied Warranty of Fitness for a Particular Purpose

741.31. Issue of Existence of Implied Warranty Created by Course of Dealing or by Usage of Trade

741.32. Issue of Seller's Defense of Exclusion of Implied Warranty Crated by Course of Dealing or by Usage of Trade

741.33. Issue of Seller's Defense of Buyer's Actual or Constructive Knowledge of Defects—Implied Warranty Created by Course or Dealing or by Usage of Trade

741.34. Issue of Breach of Implied Warranty Created by Course of Dealing or Usage of Trade

741.60. Warranties in Sales of Goods—Remedy for Breach of Warranty Where Accepted Goods are Retained—Damages

# NORTH CAROLINA

N.C.P.I. - 741.00, 741.15-741.18, 741.20, 741.25-741.28, 741.30-741.741.34, 741.60

741.00. Warranties in Sales of Goods

741.15. Issue of Existence of Implied Warranty of Merchantability

741.16. Issue of Seller's Defense of Modification of Implied Warranty of Merchantability

741.17. Issue of Seller's Defense of Exclusion of Implied Warranty of Merchantability

741.18. Issue of Seller's Defense of Buyer's Actual or Constructive Knowledge of Defects—Implied Warranty of Merchantability

741.20. Issue of Breach of Implied Warranty of Merchantability

741.25. Issue of Existence of Implied Warranty of Fitness for a Particular Purpose

741.26. Issue of Seller's Defense of Modification of Implied Warranty of Fitness for a Particular Purpose

741.27. Issue of Seller's Defense of Exclusion of Implied Warranty of Fitness for a Particular Purpose

741.28. Issue of Seller's Defense of Buyer's Actual or Constructive Knowledge of Defects—Implied Warranty of Fitness for a Particular Purpose

741.30. Issue of Breach of Implied Warranty of Fitness for a Particular Purpose

741.31. Issue of Existence of Implied Warranty Created by Course of Dealing or by Usage of Trade

741.32. Issue of Seller's Defense of Exclusion of Implied Warranty Crated by Course of Dealing or by Usage of Trade

741.33. Issue of Seller's Defense of Buyer's Actual or Constructive Knowledge of Defects—Implied Warranty Created by Course or Dealing or by Usage of Trade

741.34. Issue of Breach of Implied Warranty Created by Course of Dealing or Usage of Trade

741.60. Warranties in Sales of Goods—Remedy for Breach of Warranty Where Accepted Goods are Retained—Damages

*N.C.P.I. - Civil 741.00*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY >  Chapter 1. Warranties in Sales of Goods*

## 741.00 Warranties in Sales of Goods

*Warranty Series Preface*

The instructions relating to warranties in the sale of goods previously appeared in numerous charges spread between N.C.P.I.- Civil 701.10 and 731.40. All of the prior charges have been re written or deleted. The replacement instructions are collected in a single section-741.00 et. *seq.*

These warranty instructions have been edited to eliminate rare jury issues such as whether the plaintiff is a "buyer" under Article 2 of North Carolina's Uniform Commercial Code.

Use of the Uniform Commercial Code warranty provisions should be carefully coordinated with the series on statutory products liability situations (N.C.P.I.-Civil 743.05 et. *seq.* and 744.05 et. *seq.*) and the "Lemon Law" series (N.C.P.I. 745.01 et. *seq.*).

North Carolina Pattern Jury Instructions for Civil Cases
Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

N.C.P.I. - Civil 741.15

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY >  Chapter 1. Warranties in Sales of Goods*

## 741.15 Warranties in Sales of Goods--Issue of Existence of Implied Warranty of Merchantability

The (*state number*) issue reads: "Did the defendant impliedly warrant to the plaintiff that the (*name good*) was merchantable?"[1]

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that when the defendant sold the (*name good*) to the plaintiff, the defendant was a merchant with respect to merchandise like the (*name good*).[2]

A "merchant" deals in merchandise of the kind sold, or holds himself out by his occupation as having knowledge or skill peculiar to the practices or merchandise involved in the transaction.[3] A merchant impliedly warrants the merchandise he sells is merchantable, that is, such merchandise

[is sufficient to pass without objection in the trade under the contract description][4]

[is of fair average quality within the description][5]

[is fit for the ordinary purposes for which such merchandise is used][6]

[runs of even kind, quality and quantity within each unit and among units involved within variations permitted by the agreement][7]

[is adequately contained, packaged and labeled as the agreement may require][8]

[conforms to the promises or representations of fact made on the container or label, if any].[9]

Finally, as to this (*state number*) issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant impliedly warranted to the plaintiff that the (*name good*) was merchantable, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

N.C.P.I. - Civil 741.16

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY  >  Chapter 1. Warranties in Sales of Goods*

## 741.16 Warranties in Sales of Goods--Issue of Seller's Defense of Modification of Implied Warranty of Merchantability

The (*state number*) issue reads:

"Did the defendant modify the implied warranty of merchantability in the sale of the (*name good*) to the plaintiff?"

You will answer this issue only if you have answered the (*state number*) issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, that the defendant modified the implied warranty of merchantability in the sale of the (*name good*) to the plaintiff.

A seller modifies[1] the implied warranty of merchantability by making a change[2] to it in which the word "merchantability"[3] is actually used.

Finally, as to this (*state number*) issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the defendant modified the implied warranty of merchantability in the sale of the (*name good*) to the plaintiff, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

North Carolina Pattern Jury Instructions for Civil Cases

## N.C.P.I. - Civil 741.17

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY  >  Chapter 1. Warranties in Sales of Goods*

## 741.17 Warranties in Sales of Goods--Issue of Seller's Defense of Exclusion of Implied Warranty of Merchantability

The (*state number*) issue reads:

"Did the defendant exclude the implied warranty of merchant ability from the sale of the (*name good*) to the plaintiff?"

You will answer this issue only if you have answered the (*state number*) issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, that the defendant excluded the implied warranty of merchantability from the sale of the (*name good*) to the plaintiff.

A seller excludes[1] the implied warranty of merchantability by [stating that the (*name good*) is being sold "as is" or "with all faults" or similar words)[2]

[calling to the buyer's attention that warranties are being excluded and making plain to the buyer that there is no implied warranty of merchantability][3]

[making a disclaimer[4] of the implied warranty of merchant ability in which the word "merchantability"[5] is actually used].

Finally, as to this (*state number*) issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the defendant excluded the implied warranty of merchantability from the sale of the (*name good*) to the plaintiff, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

North Carolina Pattern Jury Instructions for Civil Cases

N.C.P.I. - Civil 741.18

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY  >  Chapter 1. Warranties in Sales of Goods*

## 741.18 Warranties in Sales of Goods--Issue of Seller's Defense of Buyer's Actual or Constructive Knowledge of Defects--Implied Warranty of Merchantability

The (*state number*) issue reads:

"[Did the plaintiff know] [Should the plaintiff have known] of the defects in the (*name good*) before entering into the contract of purchase with the defendant?"[1]

You will answer this issue only if you have answered the (*state number*) issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, that before entering into the contract of purchase with the defendant, the plaintiff

[examined the [(*name good*)] [sample or model of the (*name good*)] as fully as the plaintiff desired and the defect(s) in (*name good*) complained of [became known to *him*] [should, under the circumstances, have been discovered by *him*]]

[refused to examine the (*name good*) and the defect(s) in the (*name good*) complained of [became known to *him*] [would, under the circumstances, have been discovered by *him*]].

Finally, as to this (*state number*) issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the plaintiff [knew] [should have known] of the defect(s) in the (*name good*) before entering into the contract of purchase with the defendant, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

## N.C.P.I. - Civil 741.20

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY  >  Chapter 1. Warranties in Sales of Goods*

## 741.20 Warranties in Sales of Goods--Issue of Breach of Implied Warranty of Merchantability

The (*state number*) issue reads:

"Did the defendant breach the implied warranty of merchant ability made to the plaintiff?"

You will answer this issue only if you have answered the (*state number*) issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant breached the implied warranty of merchantability made to the plaintiff.

A breach of the implied warranty of merchantability occurs if the (*name good*)

[does not pass without objection in the trade under the contract description][1]

[is not of fair average quality within the description][2]

[is not fit for the ordinary purposes for which such merchandise is used][3]

[does not run of even kind, quality and quantity within each unit and among units involved within the variations permitted by the agreement][4]

[is not adequately contained, packaged and labeled as the agreement may require][5]

[does not conform to the promises or representations of fact made on the container or label, if any].[6]

Finally, as to this (*state number*) issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant breached the implied warranty of merchantability made to the plaintiff, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases

## N.C.P.I. - Civil 741.25

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY >  Chapter 1. Warranties in Sales of Goods*

## 741.25 Warranties in Sales of Goods--Issue of Existence of Implied Warranty of Fitness for a Particular Purpose

The (*state number*) issue reads:

"Did the defendant impliedly warrant to the plaintiff that the (*name good*) was fit for a particular purpose required by the plaintiff?"[1]

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, two things:

First, that, at the time of contracting, the defendant had reason to know any particular purpose for which the (*name good*) was required by the plaintiff.[2]

Second, that, at the time of contracting, the defendant had reason to know that the plaintiff was relying on the defendant's skill or judgment to select or furnish a suitable (*name good*).[3]

Finally, as to this (*state number*) issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant impliedly warranted to the plaintiff that the (*name good*) was fit for a particular purpose required by the plaintiff, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

N.C.P.I. - Civil 741.26

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY >  Chapter 1. Warranties in Sales of Goods*

## 741.26 Warranties in Sales of Goods--Issue of Seller's Defense of Modification of Implied Warranty of Fitness for a Particular Purpose

The (*state number*) issue reads:

"Did the defendant modify the implied warranty of fitness for a particular purpose in the sale of the (*name good*) to the plaintiff?"

You will answer this issue only if you have answered the (*state number*) issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, that the defendant modified the implied warranty of fitness for a particular purpose in the sale of the (*name good*) to the plaintiff.

A seller modifies[1] the implied warranty of fitness for a particular purpose by making a written change[2] to it.[3]

Finally, as to this (*state number*) issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the defendant modified the implied warranty of fitness for a particular purpose in the sale of the (*name good*) to the plaintiff, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

North Carolina Pattern Jury Instructions for Civil Cases

N.C.P.I. - Civil 741.27

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY >  Chapter 1. Warranties in Sales of Goods*

## 741.27 Warranties in Sales of Goods--Issue of Seller's Defense of Exclusion of Implied Warranty of Fitness for a Particular Purpose

The (*state number*) issue reads:

"Did the defendant exclude the implied warranty of fitness for a particular purpose from the sale of the (*name good*) to the plaintiff?"

You will answer this issue only if you have answered the (*state number*) issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, that the defendant excluded the implied warranty of fitness for a particular purpose from the sale of the (*name good*) to the plaintiff.

A seller excludes[1] the implied warranty of fitness for a particular purpose by

[stating that the (*name good*) is being sold "as is" or "with all faults" or similar words][2]

[calling to the buyer's attention that warranties are being excluded and making plain to the buyer that there is no implied warranty of fitness for a particular purpose][3]

[making a written disclaimer[4] of the implied warranty of fitness for a particular purpose. (A written disclaimer is sufficient if it states, for example, that "there are no warranties that extend beyond the face hereof.")][5]

Finally, as to this (*state number*) issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the defendant excluded the implied warranty of fitness for a particular purpose in the sale of the (*name good*) to the plaintiff, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

North Carolina Pattern Jury Instructions for Civil Cases

## N.C.P.I. - Civil 741.28

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY  >  Chapter 1. Warranties in Sales of Goods*

## 741.28 Warranties in Sales of Goods--Issue of Seller's Defense of Buyer's Actual or Constructive Knowledge of Defects--Implied Warranty of Fitness for a Particular Purpose

The (*state number*) issue reads:

"[Did the plaintiff know] [Should the plaintiff have known] of the defects in the (*name good*) before entering into the contract of purchase with the defendant?"[1]

You will answer this issue only if you have answered the (*state number*) issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, that, before entering into the contract of purchase with the defendant, the plaintiff

[examined the [(*name good*)] [sample or model of the (*name good*)] as fully as the plaintiff desired and the defect(s) in the (*name good*) complained of [became known to *him*] [should, under the circumstances, have been discovered by *him*]]

[refused to examine the (*name good*) and the defect(s) in the (*name good*) complained of became known to *him*].

Finally, as to this (*state number*) issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the plaintiff [knew] [should have known] of the defect(s) in the (*name good*) before entering into the contract of purchase with the defendant, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

North Carolina Pattern Jury Instructions for Civil Cases
  Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

## N.C.P.I. - Civil 741.30

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY >  Chapter 1. Warranties in Sales of Goods*

## 741.30 Warranties in Sales of Goods--Issue of Breach of Implied Warranty of Fitness for a Particular Purpose

The (*state number*) issue reads:

"Did the defendant breach the implied warranty of fitness for a particular purpose made to the plaintiff?"

You will answer this issue only if you have answered the (*state number*) issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant breached the implied warranty of fitness for a particular purpose made to the plaintiff.

A breach occurs if the (*name good*) fails in any respect to conform to the implied warranty of fitness for a particular purpose given by a seller - that is, the good is not fit for the particular purpose for which it is required by the buyer.[1]

Finally, as to this (*state number*) issue, on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant breached the implied warranty of fitness for a particular purpose made to the plaintiff, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

## N.C.P.I. - Civil 741.31

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY  >  Chapter 1. Warranties in Sales of Goods*

# 741.31 Warranties in Sales of Goods--Issue of Existence of Implied Warranty Created by Course of Dealing or by Usage of Trade

The *(state number)* issue reads:

"Did the defendant by [course of dealing] [usage of trade] impliedly warrant to the plaintiff that the *(name good)* was *(state nature of contended warranty)*?"[1]

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that when the defendant sold the *(name good)* to the plaintiff, the defendant by [course of dealing] [usage of trade] impliedly warranted to the plaintiff that the *(name good) was (state nature of contended warranty)*.

A warranty that *(state nature of contended warranty)* may become part of the parties) contract of sale through a [course of dealing] [usage of trade].

[A course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding between them for interpreting their expression and other conduct. Whether such course of dealing existed between the plaintiff and the defendant and, if so, whether it fairly created an understanding that the defendant warranted that *(state nature of contended warranty)* is for you to determine from the evidence.][2]

[A usage of trade is any practice or method of dealing having such regularity of observation in a place, vocation or trade as to justify an expectation that it will be observed with respect to the transaction in question. Whether such

N.C.P.I. - Civil 741.31

usage of trade existed between the plaintiff and the defendant and, if so, whether it justified an expectation that the defendant warranted that *(state nature of contended warranty) is* for you to determine from the evidence.][3]

Finally, as to this *(state number)* issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant by [course of dealingl [usage of trade] impliedly warranted to the plaintiff that the *(name good)* was *(state nature of contended warranty)*, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

## N.C.P.I. - Civil 741.32

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY  >  Chapter 1. Warranties in Sales of Goods*

## 741.32 WARRANTIES IN SALES OF GOODS-ISSUE OF SELLER'S DEFENSE OF EXCLUSION OF IMPLIED WARRANTY CREATED BY COURSE OF DEALING OR BY USAGE OF TRADE[1]

The *(state number)* issue reads:

"Did the defendant exclude the implied warranty created by [course of dealing] [usage of trade] from the sale of the *(name good)* to the plaintiff?"

You will answer this issue only if you have answered the *(state number)* issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, that the defendant excluded the implied warranty created by [course of dealing] [usage of trade] from the sale of the *(name good)* to the plaintiff.

A seller excludes[2] the implied warranty created by [course of dealing] [usage of trade] by

[stating that the *(name good)* is being sold "as is" or "with all faults" or similar words][3]

[calling to the buyer's attention that warranties are being excluded and making plain to the buyer that there is no implied warranty][4]

Finally,[5] as to this *(state number)* issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the defendant excluded the implied warranty created by [course of dealing] [usage of trade] from the sale of the *(name good)* to the plaintiff, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

North Carolina Pattern Jury Instructions for Civil Cases

N.C.P.I. - Civil 741.33

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY  >  Chapter 1. Warranties in Sales of Goods*

## 741.33 Warranties in Sales of Goods--Issue of Seller's Defense of Buyer's Actual or Constructive Knowledge of Defects--Implied Warranty Created by Course of Dealing or by Usage of Trade

The *(state number)* issue reads:

"[Did the plaintiff know] [Should the plaintiff have known] of the defects in the *(name good)* before entering into the contract of purchase with the defendant?"[1]

You will answer this issue only if you have answered the *(state number)* issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, that before entering into the contract of purchase with the defendant, the plaintiff

[examined the *[(name good)]* [sample or model of the *(name good)]* as fully as the plaintiff desired and the defect(s) in *(name good)* complained of [became known to *him*] [should, under the circumstances, have been discovered by *him]]*

[refused to examine the *(name good)* and the defect(s) in the *(name good)* complained of [became known to *him*] [would, under the circumstances, have been discovered by *him]]*.

Finally, as to this (state *number)* issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the plaintiff [knew] [should have known] of the defect(s) in the *(name good)* before entering into the contract of purchase with the defendant, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

North Carolina Pattern Jury Instructions for Civil Cases
  Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

## N.C.P.I. - Civil 741.34

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY  >  Chapter 1. Warranties in Sales of Goods*

## 741.34 Warranties in Sales of Goods--Issue of Breach of Implied Warranty Created by Course of Dealing or Usage of Trade

The *(state number)* issue reads:

"Did the defendant breach the implied warranty made to the plaintiff by [course of dealing] [usage of trade]?"

You will answer this issue only if you have answered the *(state number)* issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant breached the implied warranty made to the plaintiff by [course of dealing] [usage of trade].

A breach of the implied warranty occurs if the *(name good)* does not conform to the *(state nature of contended warranty)* created by the [course of dealing] [usage of trade].

Finally, as to this *(state number)* issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant breached the implied warranty made to the plaintiff by [course of dealing] [usage of trade], then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases
  Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

*N.C.P.I. - Civil 741.60*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART III. WARRANTIES AND PRODUCTS LIABILITY  >  Chapter 1. Warranties in Sales of Goods*

## 741.60 Warranties in Sales of Goods--Remedy for Breach of Warranty Where Accepted Goods are Retained--Damages

The *(state number)* issue reads:

"What amount of money damages is the plaintiff entitled to recover from the defendant for breach of warranty?"

If you have answered the *(state number)* issue "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

The plaintiff may also be entitled to recover actual damages.[1] On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of damages sustained, if any, as a result of the breach.

A person injured by a breach of warranty is entitled to be placed, insofar as this can be done by money, in the same position he would have occupied if there had been no breach of the warranty.

You may determine these damages this way:[2]

(1) first, find what the value of the *(name good)* would have been at the time and place of acceptance if it had been as it was warranted to be, and

(2) second, find what the value of the *(name good)* actually was at the time and place of acceptance, and

(3) third, subtract the second figure from the first figure,[3] and add to the difference all incidental and

consequential damages if any, sustained by the plaintiff.[4]

(Incidental damages recoverable by a buyer include expenses reasonably incident to delay or other breach.)

(Consequential damages recoverable by a buyer include any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably have been prevented by the purchase of substitute goods or otherwise, and injury to person or property proximately resulting from any breach of warranty.)

The plaintiff's damages are to be reasonably determined from the evidence presented in the case. The plaintiff is not required to prove with mathematical certainty the extent of the financial injury in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. However, an award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. You may not award any damages based upon mere speculation or conjecture.

Finally, as to this *(state number)* issue upon which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of damages sustained by the plaintiff by reason of the defendant's breach of warranty, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

# NORTH DAKOTA

ND. J.I. Civ. §§ 2.80, 74.08

§ 2.80. Definition of "Fault"

§ 74.08. Measure of Damages (Breach of Warranty—Accepted Goods)

## *ND. J.I. Civ. § 2.80*

*North Dakota Pattern Jury Instructions - Civil  >  NORTH DAKOTA PATTERN JURY INSTRUCTIONS-CIVIL  >  TORT LIABILITY*

## § C - 2.80 Definition of "Fault" 2000

The term "fault" as used in these instructions means [strict liability for product defect] [breach of warranty] [negligence] [assumption of risk] [misuse of a product for which the Defendant otherwise would be liable] [dram shop liability] [failure to exercise reasonable care to avoid an injury or to mitigate damages].

*ND. J.I. Civ. § 74.08*

*North Dakota Pattern Jury Instructions - Civil > NORTH DAKOTA PATTERN JURY INSTRUCTIONS-CIVIL > DAMAGES*

## § C - 74.08 Measure of Damages (Breach of Warranty - Accepted Goods) (2004)

The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

# OHIO

1 OJI CV 451.17, 451.23, 505.13, 505.15, 505.19, 505.45 (2020)

CV 451.17 Common Law Breach of Implied Warranty

CV 451.23 Interrogatories

CV 505.13 Implied Warranty—Merchantability—Usage of Trade

CV 505.15 Implied Warranty—Fitness for a Particular Purpose

CV 505.19 Exclusion or Modification of Implied Warranties

CV 505.45 Buyer's Damages for Breach of Warranty of Accepted Goods

# OHIO

1 OJI CV 451.17, 505.13, 505.15, 505.19, 505.45 (2020)

CV 451.17 Common Law Breach of Implied Warranty

CV 505.13 Implied Warranty—Merchantability—Usage of Trade

CV 505.15 Implied Warranty—Fitness for a Particular Purpose

CV 505.19 Exclusion or Modification of Implied Warranties

CV 505.45 Buyer's Damages for Breach of Warranty of Accepted Goods

1 OJI CV 505.13

*Ohio Jury Instructions  >  I Civil Instructions  >  Title 5 Civil Subject Matter Instructions: Contract-Related Issues  >  Chapter CV 505 UNIFORM COMMERCIAL CODE [SALES]  >  II. WARRANTIES; CREATION AND EXCLUSION*

## CV 505.13 Implied warranty; merchantability; usage of trade R.C. 1302.27 *[Rev. 5-7-11]*

# 1 OJI CV 505.13

*Ohio Jury Instructions > I Civil Instructions > Title 5 Civil Subject Matter Instructions: Contract-Related Issues > Chapter CV 505 UNIFORM COMMERCIAL CODE [SALES] > II. WARRANTIES; CREATION AND EXCLUSION*

## CV 505.13 Implied warranty; merchantability; usage of trade R.C. 1302.27 *[Rev. 5-7-11]*

1. MERCHANTABILITY WARRANTIES. When a merchant sells goods, a warranty is implied that the goods will be merchantable. You will decide whether the goods were merchantable. To be merchantable, the goods must

(*Use appropriate alternative[s]*)

(A) pass without objection in the trade under the contract description;

(*or*)

(B) be of fair average quality within the description;

(*or*)

(C) be fit for the ordinary purposes for which such goods are used;

(*or*)

(D) be, with the variations permitted by the agreement, of the same kind, quality and quantity, within each (*described unit*) and among all (*described units*) involved;

(*or*)

(E) be adequately contained, packaged, and labeled as required by the agreement;

(*or*)

(F) conform to the promises or affirmations of fact made on the container or label, if any.

2. WARRANTIES FROM COURSE OF DEALING OR USAGE OF TRADE. In a contract for the sale of goods, there is a warranty that the goods conform to the (parties' prior course of dealing) (usage of the trade in which the parties are engaged). You will decide if a (course of dealing) (usage of trade) existed that created an implied warranty.

OJI

2021 (c) The Ohio Judicial Conference.

# 1 OJI CV 505.15

*Ohio Jury Instructions  >  I Civil Instructions  >  Title 5 Civil Subject Matter Instructions: Contract-Related Issues  >  Chapter CV 505 UNIFORM COMMERCIAL CODE [SALES]  >  II. WARRANTIES; CREATION AND EXCLUSION*

## CV 505.15 Implied warranty; fitness for a particular purpose R.C. 1302.28 *[Rev. 5-7-11]*

1. GENERAL. An implied warranty of fitness for a particular purpose is created if you find

(A) that the seller had reason to know the intended use of the (*describe goods*);

(B) that the seller had reason to know that the buyer was relying on the seller to furnish (*describe goods*) that would perform the intended use; and

(C) that the buyer did, in fact, rely on the seller's skill and judgment in furnishing (*describe goods*).

The buyer need not have told the seller that the buyer intended to use the (*describe goods*) to (*describe particular purpose*); nor is the buyer required to have told the seller that the buyer was relying on the seller's skill and judgment to furnish the (*describe goods*) to (*describe particular purpose*). It is sufficient that the seller have reason to know these facts.

OJI
2021 (c) The Ohio Judicial Conference.

# 1 OJI CV 505.19

*Ohio Jury Instructions  >  I Civil Instructions  >  Title 5 Civil Subject Matter Instructions: Contract-Related Issues  >  Chapter CV 505 UNIFORM COMMERCIAL CODE [SALES]  >  II. WARRANTIES; CREATION AND EXCLUSION*

## CV 505.19 Exclusion or modification of implied warranties R.C. 1302.29(B) and (C)

1. GENERAL. Whether the implied warranty of (merchantability) (fitness for a particular purpose) was (excluded) (modified) depends upon whether the (exclusion) (modification) was known, or reasonably should have been known, by the buyer prior to the time of the contract for the sale of the goods. The (exclusion) (modification) is effective if you find that the buyer knew or reasonably should have known of the (exclusion) (modification) prior to the contract for sale. Otherwise, the (exclusion) (modification) is not effective.

2. "AS IS" LANGUAGE. The seller claims that the implied warranty of (merchantability) (fitness for a particular purpose) was excluded by the statement: (*insert contract language* ). The statement excludes all implied warranties if the statement, as commonly understood, was adequate to call the buyer's attention to the exclusion of warranties and made it plain that there were no implied warranties. Otherwise, the statement did not exclude all implied warranties.

(*Use when the goods were, or could have been, examined by the buyer* .)

3. EXAMINATION. If you find that the buyer, before entering into the contract, examined (the goods) (a [sample] [model] of the goods) as fully as the buyer desired or if the buyer refused to examine the goods on the seller's demand, there is no implied warranty with regard to defects which an examination should have revealed to the buyer.

4. OTHER MODIFICATION. The implied warranty of (merchantability) (fitness for a particular purpose) may be (excluded) (modified) by a (course of dealing) (course of performance) (usage of the trade).

# OREGON

Or. UCJI §§ 67.01, 67.04-67.06

§ 67.01. Warranties in General (UCC)

§ 67.04. Implied Warranty of Fitness for a Particular Purpose

§ 67.05. Breach of Implied Warranty of Fitness for a Particular Purpose

§ 67.06. Merchantability (UCC)

# Or. UCJI § 67.01

*Oregon Uniform Civil Jury Instructions > UNIFORM COMMERCIAL CODE WARRANTIES > 067 UNIFORM COMMERCIAL CODE WARRANTIES*

## § 67.01 - Warranties in General (UCC)

Contracts for the sale of goods may contain warranties. A warranty can be express or implied.

Oregon Uniform Civil Jury Instructions

Copyright © 2020 Oregon State Bar. All Rights Reserved.

## Or. UCJI § 67.04

*Oregon Uniform Civil Jury Instructions* > *UNIFORM COMMERCIAL CODE WARRANTIES*

## § 67.04 - Implied Warranty of Fitness for a Particular Purpose (UCC)

An implied warranty of fitness for a particular purpose arises, regardless of the seller's intent, whenever the seller at the time of contracting has reason to know that:

(1)  The goods are required for a particular purpose; and

(2)  The buyer is relying on the seller's skill or judgment to select or furnish suitable goods.

Oregon Uniform Civil Jury Instructions

Copyright © 2020 Oregon State Bar. All Rights Reserved.

## Or. UCJI § 67.05

*Oregon Uniform Civil Jury Instructions  >  UNIFORM COMMERCIAL CODE WARRANTIES*

## § 67.05 - Breach of Implied Warranty of Fitness for a Particular Purpose (UCC)

To recover damages for breach of an implied warranty of fitness for a particular purpose, the buyer must prove the following elements:

(1)  The seller sold the [*specify goods*] to the buyer;

(2)  The seller impliedly warranted that the [*specify goods*] would be suitable for the particular purpose of [*specify purpose*];

(3)  The [*specify goods*] were not suitable for the particular purpose warranted;

(4)  The buyer notified the seller of the breach within a reasonable time after the buyer discovered or should have discovered the breach; and

(5)  The buyer sustained damages resulting from the seller's breach.

Oregon Uniform Civil Jury Instructions

Copyright © 2020 Oregon State Bar. All Rights Reserved.

Or. UCJI § 67.06

*Oregon Uniform Civil Jury Instructions  >  UNIFORM COMMERCIAL CODE WARRANTIES*

## § 67.06 - Merchantability (UCC)

In order to be merchantable, goods must at least:

(1)  Pass without objection in the trade under the contract description;

(2)  Be fit for the ordinary purposes for which such goods are used;

(3)  Run, within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved;

(4)  Be adequately contained, packaged, and labeled as the agreement may require;

(5)  Conform to the promises or affirmations of fact made on the container or label, if any; and

(6)  In the case of fungible goods, be of fair average quality within the description.

Oregon Uniform Civil Jury Instructions

Copyright © 2020 Oregon State Bar. All Rights Reserved.

# PENNSYLVANIA

Pa. SSJI (Civ) 20.30-20.60, 20.80, 20.90

20.30. Implied Warranty of Merchantability

20.40. Exclusion of Implied Warranty of Merchantability

20.50. Implied Warranty of Fitness for a Particular Purpose

20.60. Exclusion of Implied Warranty of Fitness for a Particular Purpose

20.80. Acceptance

20.90. Revocation of Acceptance

Pa. SSJI (Civ) 20.30

*Pennsylvania Suggested Standard Civil Jury Instructions  >  CHAPTER 20 WARRANTY--UCC ARTICLE 2*

## 20.30 IMPLIED WARRANTY OF MERCHANTABILITY

*[Name of buyer]* claims that  *[name of seller]* breached what the law calls an "implied warranty of merchantability."

Every product sold has an implied warranty of merchantability.

It means that the product can be used for its ordinary and general purpose(s).

To prove that  *[name of seller]* breached this implied warranty of merchantability,  *[name of buyer]* must prove the product could  *not* be used for its ordinary and general purposes.

An example is if one sells a pen, the implied warranty of merchantability means, simply, that the pen will write. If it does not, the seller has breached the implied warranty of merchantability.

# Pa. SSJI (Civ) 20.40

*Pennsylvania Suggested Standard Civil Jury Instructions > CHAPTER 20 WARRANTY--UCC ARTICLE 2*

## 20.40 * EXCLUSION OF IMPLIED WARRANTY OF MERCHANTABILITY  <sup>SN</sup>

A seller may exclude a product's implied warranty of merchantability.

*[Written exclusion:]*

To prove  *[name of seller]* excluded the product's implied warranty of merchantability in writing, [he] [she] [they] [it] must prove the following:

1. the writing clearly stated there was no implied warranty of merchantability, specifically using the word "merchantability"; and

2. the writing was "conspicuous."

"Conspicuous" means it was written in a way that a reasonable person should have noticed it under the circumstances.

To determine if it was "conspicuous," you should consider the following:

1. where the words appeared in the writing;

2. the size of the print; and

3. whether the words were highlighted, printed in all capital letters, or in a type style or color different from the other words in the writing.

*[Exclusion by conduct or words:]*

To prove that  *[name of seller]* excluded [his] [her] [their] [its] product's implied warranty of merchantability by conduct or words,  *[name of seller]* must prove the following:

---

<sup>SN</sup>  * Renumbered (former 20.70).

Pa. SSJI (Civ) 20.40

1. *[name of seller]* clearly told *[name of buyer]* that the goods were sold "as-is" or "with all faults" or by other language a reasonable person should have understood meant the goods did *not* have an implied warranty of merchantability; and

2. *[name of buyer]* could have discovered the defects following reasonable examination of the goods before [entering into the contract] [accepting the goods] [purchasing the goods], because:

    a. *[name of buyer]* examined [the goods] [the sample or model] as fully as [he] [she] [they] desired; or

    b. *[name of buyer]* refused to fully examine the goods upon *[name of seller]*'s demand.

*[Exclusion by course of dealing or trade usage:]*

An implied warranty of merchantability can be excluded or modified by the parties' [history and course of dealing with each other] [trade usage].

In order to prove that *[name of seller]* excluded [his] [her] [their] [its] product's implied warranty of merchantability, [he] [she] [they] [it] must prove that as a result of *[name of seller]* and *[name of buyer]*'s [history and course of dealing with each other] [trade usage], *[name of buyer]* reasonably should have known that the product did not have an implied warranty of merchantability.

"Trade usage" means a trade practice that is common and customary in a region or type of business that a reasonable party would expect to be observed in this transaction.

"Course of dealing" means the conduct between the parties that occurred on a repeated basis in their previous transactions.

*[Exclusion by course of performance:]*

An implied warranty of merchantability can be excluded or modified by conduct between the buyer and seller in the performance of the present contract, which conduct occurred repeatedly and which the buyer knew about and did not object to.

## Pa. SSJI (Civ) 20.50

*Pennsylvania Suggested Standard Civil Jury Instructions > CHAPTER 20 WARRANTY--UCC ARTICLE 2*

## 20.50 * IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE [SN]

*[Name of buyer]* claims that *[name of seller]* breached what the law calls an "implied warranty of fitness for a particular purpose." To prove that *[name of seller]* created an implied warranty of fitness for a particular purpose, *[name of buyer]* must prove the following:

1. at the time the parties entered into their contract for the purchase of *[insert type of goods], [name of seller]* had reason to know *[name of buyer]*'s particular intended purpose and use of the product; and

2. *[name of buyer]* relied on *[name of seller]*'s skill or judgment in selecting the product [he] [she] [they] [it] bought.

To prove *[name of seller]* breached the implied warranty of fitness for a particular purpose, *[name of buyer]* must prove the product *[name of seller]* provided cannot be used for that particular purpose.

For example, if one asks a seller to sell them a wristwatch to wear while scuba diving 100 feet underwater and the watch sold is merely "water resistant" only while taking a shower, and therefore cannot endure being underwater, the seller has breached the implied warranty of the watch's fitness for that buyer's particular purpose.

## Pa. SSJI (Civ) 20.60

*Pennsylvania Suggested Standard Civil Jury Instructions > CHAPTER 20 WARRANTY--UCC ARTICLE 2*

# 20.60 EXCLUSION OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

*[To be given in conjunction with Instruction 20.50, Implied Warranty of Fitness for a Particular Purpose:]*

*[Name of buyer]* claims    *[name of seller]* breached what the law calls an "implied warranty of fitness for a particular purpose."

*[Name of seller]* claims that [he] [she] [they] [it] excluded an "implied warranty of fitness for a particular purpose."

*[Excluded in writing:]*

An implied warranty of fitness for a particular purpose may be excluded or modified by a writing that is conspicuous.

To prove that    *[name of seller]* excluded or modified [his] [her] [their] [its] product's implied warranty of fitness for a particular purpose, [he] [she] [they] [it] must prove that at the time the parties entered into the contract the exclusion or modification disclaimer was in writing and was conspicuous.

"Conspicuous" means it was written in a way that a reasonable person should have noticed it under the circumstances.

To determine if the writing was conspicuous, you should consider the following:

1. where the words appeared in the writing;

2. the size of the print; and

3. whether the words were highlighted, printed in all capital letters, or in a type style or color different from the other words in the writing.

*[Exclusion by course of dealing or trade usage:]*

An implied warranty can be excluded or modified by the parties' "course of dealing" or "trade usage." "Course of dealing" refers to the conduct between the parties that occurred on a repeated basis in their previous transactions.

Pa. SSJI (Civ) 20.60

"Trade usage" means a trade practice that is common and customary in a region or type of business.

To prove that *[name of seller]* excluded or modified [his] [her] [their] [its] product's implied warranty of fitness for a particular purpose, [he] [she] [they] [it] must prove that as a result of *[name of seller]* and *[name of buyer]*'s [history and course of dealing with each other] [common trade usage], *[name of buyer]* reasonably should have known that the product did not have an implied warranty for a particular purpose.

*[Exclusion by course of performance:]*

An implied warranty can be excluded or modified by conduct between the parties in the performance of the present contract, which conduct occurred repeatedly and which the buyer knew about and did not object to.

## *Pa. SSJI (Civ) 20.80*

*Pennsylvania Suggested Standard Civil Jury Instructions > CHAPTER 20 WARRANTY--UCC ARTICLE 2*

## 20.80 ACCEPTANCE

*[Name of seller]* claims *[name of buyer]* accepted the [product] [goods] as delivered. If you find that *[name of buyer]* accepted the [product] [goods], then *[name of buyer]* had a duty to pay for [it] [them].

*[Name of buyer]* accepted the [products] [goods] if, after a reasonable opportunity to inspect the [products] [goods], [he] [she] [they] [it] did any of the following:

    1. advised *[name of seller]* that the [product] [goods] [was] [were] acceptable;

    2. advised *[name of seller]* that [he] [she] [they] [it] would take the [product] [goods] despite defects;

    3. failed to advise *[name of seller]* that [he] [she] [they] [it] rejected the [product] [goods]; or

    4. acted as if [he] [she] [they] [it] now owned the [property] [goods].

If you find that *[name of buyer]* accepted the [product] [goods], *[name of buyer]* may still recover damages for breach of warranty if, within a reasonable time after *[name of buyer]* discovered or should have discovered any breach, [he] [she] [they] [it] notified *[name of seller]* of breach.

*Pa. SSJI (Civ) 20.90*

*Pennsylvania Suggested Standard Civil Jury Instructions > CHAPTER 20 WARRANTY--UCC ARTICLE 2*

## 20.90 REVOCATION OF ACCEPTANCE

*[Name of buyer]* claims that [he] [she] [they] [it] revoked acceptance of the [product] [goods].

You may find *[name of buyer]* properly revoked acceptance of the [product] [goods] if *[name of buyer]* proves the following:

1. the breach of warranty substantially impairs the [product's] [goods'] value to *[name of buyer]*; and

2. *[name of buyer]* within a reasonable time notified *[name of seller]* [he] [she] [they] [it] rejected the products based upon a breach of warranty after discovering the breach of warranty; and either:

a. *[name of buyer]* could not reasonably have discovered the breach of warranty prior to acceptance of the product; or

b. *[name of buyer]* accepted the product reasonably believing *[name of seller]* would correct the problem within the time remaining under the contract for *[name of seller]* to deliver the [product] [goods]; or

c. *[name of seller]*'s assurances led *[name of buyer]* to fail to discover the breach of warranty.

# RHODE ISLAND

RI Jury Instructions Civil §§ 2008.1, 2008.2, 2010.1, 2010.2

§ 2008.1. Breach of Implied Warranty of Merchantability

§ 2008.2. Breach of Implied Warranty of Fitness for a Particular Purpose

§ 2010.1. Notice

§ 2010.2. Exclusions

# RI Jury Instructions Civil § 2008.1

*Model Civil Jury Instructions for Rhode Island > CHAPTER 2000- PRODUCT LIABILITY > 2008 Breach of Implied Warranty*

## 2008.1 Breach of Implied Warranty of Merchantability

Plaintiff alleges defendant is liable because of a breach of an implied warranty. When a manufacturer or a distributor sells a product, there is implied in the sale a warranty by the manufacturer or distributor that the product is of a merchantable quality. That means that the product is of fair, average quality and is reasonably fit for the intended purpose. The term "reasonably fit for the intended purpose" means that the product is free of defects which would make it unreasonably dangerous for normal use. The warranty does not have to be spoken or written and the ultimate user of the product does not have to be the same person who originally purchased the product.

# RI Jury Instructions Civil § 2008.2

*Model Civil Jury Instructions for Rhode Island > CHAPTER 2000- PRODUCT LIABILITY > 2008 Breach of Implied Warranty*

## 2008.2 Implied Warranty of Fitness for a Particular Purpose

An implied warranty of fitness for a particular purpose arises where the seller of the product has reason to know the particular purpose for which the product will be used, and the buyer relies on the seller's skill and judgment in selecting the product. In such a case, if the product is unfit for that purpose, and the plaintiff is injured as a result, then the seller is liable to the plaintiff for his/her injuries.

*RI Jury Instructions Civil § 2010.1*

*Model Civil Jury Instructions for Rhode Island > CHAPTER 2000- PRODUCT LIABILITY > 2010 Defenses to Warranty Claims*

## 2010.1 Notice

A plaintiff must notify the seller of a breach of warranty claim within a reasonable time or the claim is barred. Whether the notice is sufficient to apprise the seller that a claim has arisen and whether the notice was provided to the seller within a reasonable time after the plaintiff discovered the breach or should have discovered the breach is for the jury to determine based on the evidence submitted at the time of trial.

# RI Jury Instructions Civil § 2010.2

*Model Civil Jury Instructions for Rhode Island > CHAPTER 2000- PRODUCT LIABILITY > 2010 Defenses to Warranty Claims*

## 2010.2 Exclusions

Implied warranties of merchantability and of fitness for a particular purpose are excluded by language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there are no implied warranties. In order to exclude implied warranties of merchantability, language such as "there are no warranties of merchantability" and/or language such as "there are no implied warranties and you are purchasing a product 'as is' or 'with all faults'" will exclude an implied warranty of merchantability. An implied warranty of fitness for a particular purpose also can be excluded by a writing that is conspicuous and which states "there are no warranties which extend beyond the description on the face [of the document]."

# SOUTH CAROLINA

## SC JI CIVIL §§ 32-2, 32-31, 32-32, 32-34 to 32-36, 32-40

§ 32-2. Products Liability—Case Brought Under Three Theories—Introductory Charge

§ 32-31. Products Liability—Breach of Warranty—Elements

§ 32-32. Products Liability—Warranty—Defined

§ 32-34. Implied Warranty of Merchantability

§ 32-35. Implied Warranty of Fitness for a Particular Purpose

§ 32-36. Products Liability—Warranty—Extension to Natural Persons

§ 32-40. Products Liability—Breach of Warranty—Buyer's Incidental & Consequential Damages

## *SC JI CIVIL § 32-2*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 32
PRODUCTS LIABILITY  >  A. Generally*

## § 32-2 Products Liability - Case Brought Under Three Theories - Introductory Charge

The plaintiff's claim in this case is based upon three alternative or concurrent theories: (1) negligence; (2) breach of warranty; and (3) strict liability. The plaintiff is not required to prove all three of these theories in order to recover. Proof of his claim under any one of these theories would enable you to find that he is entitled to a verdict in his favor.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

# SC JI CIVIL § 32-31

*South Carolina Requests to Charge - Civil > PART II. SUBSTANTIVE CHARGES > CHAPTER 32*
*PRODUCTS LIABILITY > C. Warranty Cause of Action*

## § 32-31 Products Liability - Breach of Warranty - Elements

In a products liability case, the plaintiff is required to prove:

(1) he was injured by the product;

(2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; and

(3) that the product at the time of the accident was in essentially the same condition as when it left the hands of the defendant.

The plaintiff's complaint alleges implied warranties, express warranties, or both. To recover under a cause of action for breach of warranty, the plaintiff must prove four essential elements:

(1) the existence of an express or implied warranty;

(2) a breach of the defendant's express or implied warranty;

(3) a causal connection between the defendant's breach and the plaintiff's injury or damage; and

(4) the extent of loss proximately caused by the defendant's breach.

If you find that there was an implied warranty or an express warranty, or both, then you would go to the second element. If there was a warranty of any kind, express or implied, was the warranty breached? If you conclude that the warranty was breached, then you determine if the plaintiff was injured [and sustained property loss] as a proximate result of the breach of warranty. Liability is imposed for an injury proximately caused by a breach of warranty.

## *SC JI CIVIL § 32-32*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 32 PRODUCTS LIABILITY  >  C. Warranty Cause of Action*

## § 32-32 Products Liability - Warranty - Defined

Under its warranty theory, the plaintiff claims the defendant breached certain express and implied warranties made in connection with the sale of the [name the product].

A warranty is a statement or representation made by the seller of goods, contemporaneously with and as a part of the contract of sale, although collateral to the express object of the sale, having reference to the character, quality, fitness, or title of the goods, and by which the seller promises or undertakes to insure that certain facts are or shall be as he then represents them.

A warranty is express when the seller makes an affirmation with respect to the article to be sold, pending the contract of sale, upon which it is intended that the buyer shall rely in making the purchase. A warranty is implied when the law derives it by implication or inference from the nature of the transaction or the relative situation or circumstances of the parties.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

# SC JI CIVIL § 32-34

*South Carolina Requests to Charge - Civil > PART II. SUBSTANTIVE CHARGES > CHAPTER 32 PRODUCTS LIABILITY > C. Warranty Cause of Action*

## § 32-34 Products Liability - Implied Warranty of Merchantability

As to implied warranty, the plaintiff claims that the defendant breached the implied warranty that the product was merchantable. If the goods are not merchantable, then the seller has breached an implied warranty.

South Carolina Code section 36-2-314, entitled "Implied warranty; Merchantability; usage of trade," provides:

(1) Unless excluded or modified . . ., a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section, the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as

(a) pass without objection in the trade under the contract description; and

(b) in the case of fungible goods, are of fair average quality within the description; and

(c) are fit for the ordinary purposes for which such goods are used; and

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) are adequately contained, packaged, and labeled as the agreement may require.

(3) Unless excluded or modified..., other implied warranties may arise from course of dealing or usage of trade.

The law implies that in every sale of a product by a merchant with respect to products of that kind the seller warrants to the buyer that the product shall be merchantable or fit for the ordinary purposes for which such products are used. If the product is not fit for such purposes because its use for those purposes is or is likely to be detrimental because of a defect, then and in that event the seller has breached its warranty of merchantability and is liable to the buyer or any other person who may be expected to use or be affected by the product and who is damaged as a direct and proximate result of that breach. To be merchantable, a product must be at least such as would pass without objection in the trade under the contract description.

SC JI CIVIL § 32-34

An implied warranty of merchantability is breached when the product is defective to a normal buyer making ordinary use of the product.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

# SC JI CIVIL § 32-35

*South Carolina Requests to Charge - Civil* > *PART II. SUBSTANTIVE CHARGES* > *CHAPTER 32 PRODUCTS LIABILITY* > *C. Warranty Cause of Action*

## § 32-35 Products Liability - Implied Warranty of Fitness for a Particular Purpose

As to implied warranty, the plaintiff claims the defendant breached the implied warranty that the product was fit for the particular purpose for which the defendant knew it was to be used.

South Carolina Code section 36-2-315, entitled "Implied warranty: Fitness for particular purpose," provides:

Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified . . . an implied warranty that the goods shall be fit for such purpose.

Where the seller at the time of contracting knows or has reason to know any particular purpose for which a product is required and that the buyer is relying on the seller's skill or judgment to select or furnish a suitable product, this implies that the seller warrants to the buyer and any other person who may be expected to use or be affected by the product that the product shall be fit for such purpose unless this implied warranty is excluded or modified. If the product is not fit for this purpose because its use is or is likely to be dangerous due to a defect in design, manufacture or lack of adequate warning, then the seller has breached its warranty of fitness for a particular purpose and is liable to any person who may be expected to use or be affected by the product and who is damaged as a direct and proximate result of the breach.

The claim for breach of warranty of fitness for a particular purpose will fail unless the plaintiff is able to prove that he was depending on the seller's knowledge in selecting the product for a particular purpose.

To recover for breach of the implied warranty of fitness for a particular purpose, the plaintiff must show:

 (1) that he made known to the seller the purpose for which the product was purchased;

 (2) that the purchaser relied on the seller's skill and judgment;

 (3) that there was some defect in the product sold that rendered it unfit for that purpose;

 (4) proximate cause; and

 (5) damages.

## *SC JI CIVIL § 32-36*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 32 PRODUCTS LIABILITY  >  C. Warranty Cause of Action*

## § 32-36 Products Liability - Warranty - Extension to Natural Persons

*South Carolina Code section 36-2-318*, entitled "Third party beneficiaries of warranties express or implied," provides:

A seller's warranty, whether express or implied, extends to any natural person who may be expected to use, consume or be affected by the goods and whose person or property is damaged by breach of the warranty. A Seller may not exclude or limit the operation of this section.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

# SC JI CIVIL § 32-40

*South Carolina Requests to Charge - Civil > PART II. SUBSTANTIVE CHARGES > CHAPTER 32 PRODUCTS LIABILITY > C. Warranty Cause of Action*

## § 32-40 Products Liability - Breach of Warranty - Buyer's Incidental and Consequential Damages

South Carolina Code section 36-2-715 states:

(1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

(2) Consequential damages resulting from the seller's breach include

(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

(b) injury to person or property proximately resulting from any breach of warranty.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL © 2016 South Carolina Bar, Continuing Legal Education Division.

# TENNESSEE

T.P.I. Civil §§ 10.20, 10.21, 10.24, 10.30-10.32, 10.34, 14.60, 14.63, 14.64

§ 10.20. Breach of Warranty Introduction

§ 10.21. Notice of Breach

§ 10.24. Buyer's Examination

§ 10.30. Implied Warranty of Fitness

§ 10.31. Implied Warranty of Merchantability

§ 10.32. Warranty Implied by Course of Dealing or Usage of Trade

§ 10.34. Disclaimer of Implied Warranty

§ 14.60. Introduction

§ 14.63. Buyer's Consequential Damages

§ 14.64. Buyer's Damages for Breach in Regard to Accepted Goods—Diminished Value

## *T.P.I. Civil 10.20*

*Tennessee Pattern Jury Instructions - Civil > CHAPTER 10 PRODUCTS LIABILITY > D. Warranty Liability*

# § 10.20 BREACH OF WARRANTY INTRODUCTION

In this case plaintiff seeks to establish liability on a breach of warranty. A breach of warranty may be established without proof of negligence on the part of the defendant and usually occurs in connection with a sale of goods.

A sale is the transfer of ownership of goods from a seller to a buyer for a price. "Goods" means any movable property and is interchangeable with the terms "product" or "article". "Seller" includes the manufacturer, fabricator, producer, compounder, processor, assembler, retailer, wholesaler, distributor, lessor, or bailor.

"Buyer" includes the user or consumer of the product.

In this case, it has been alleged that a sale of    was made by   , as seller, to   , as buyer.

*T.P.I. Civil 10.21*

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 10 PRODUCTS LIABILITY  >  D. Warranty Liability*

## § 10.21 NOTICE OF BREACH

In order to recover for a breach of warranty, the buyer must have given the seller notice of the breach within a reasonable time after the buyer knew or, using reasonable care, should have known of the alleged defect. Determination of a reasonable time depends upon the circumstances and the kind of product involved.

While no particular form of notice is required, it must inform the seller of the alleged breach and the buyer's intent to seek damages. Whether that notice was given within a reasonable time is for you to determine.

# T.P.I. Civil 10.24

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 10 PRODUCTS LIABILITY  >  D. Warranty Liability*

## § 10.24 BUYER'S EXAMINATION

If, before making the purchase, the buyer examined the goods [a sample of the goods] [a model of the goods] to the buyer's satisfaction or refused to examine them, there is no implied warranty as to a defect that a reasonable examination should have revealed. If the defect could not have been discovered upon a reasonable inspection, the buyer's examination or refusal to examine the goods will not relieve the seller of responsibility for the defect.

If the defect is latent or concealed, a buyer may rely on an express warranty even though there has been an examination or an opportunity to examine the goods before making a purchase. If the buyer has actual knowledge, however, that the goods are defective, the buyer may not rely on an express warranty.

COPYRIGHT © 2022, By Tennessee State Courts    All Rights Reserved.

## T.P.I. Civil 10.30

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 10 PRODUCTS LIABILITY  >  E. Implied Warranties*

## § 10.30 IMPLIED WARRANTY OF FITNESS

Unless excluded or modified by agreement, there is an implied warranty that goods shall be fit for the particular purpose for which the goods are required if, at the time of sale, the seller has reason to know the purpose and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods for that purpose.

T.P.I. Civil 10.31

*Tennessee Pattern Jury Instructions - Civil > CHAPTER 10 PRODUCTS LIABILITY > E. Implied Warranties*

# § 10.31 IMPLIED WARRANTY OF MERCHANTABILITY

[Unless excluded or modified by agreement of the parties,][a] A sale of goods contains an implied warranty that goods are merchantable. This warranty requires that the goods:

[Pass without objection in the trade for goods of the description agreed upon in the contract between the parties].

[In the case of fungible goods, are of fair average quality for goods as described in the agreement between the parties. Goods are fungible if any unit, by its nature or usage of trade, is the equivalent of any other unit].

[Are fit for the ordinary purposes for which such goods are used].

[Run within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved].

[Are adequately contained, packaged, and labeled as the agreement may require].

[Conform to the promises or affirmations of fact made on the container or label, if any].

# T.P.I. Civil 10.32

*Tennessee Pattern Jury Instructions - Civil > CHAPTER 10 PRODUCTS LIABILITY > E. Implied Warranties*

## § 10.32 WARRANTY IMPLIED BY COURSE OF DEALING OR USAGE OF TRADE

[Unless excluded or modified by agreement of the parties,][a] A sale of goods may contain an implied warranty that the goods would be of a particular quality or would be fit for a particular purpose. This warranty may arise [from the course of dealing between the seller and the buyer] [by a usage of trade]. [A course of dealing is a series of previous transactions between these parties that may fairly be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.] [A usage of trade is any practice or method of dealing having such regularity of observance in a locale, vocation or trade as to justify an expectation that it will be observed with respect to the transaction in question.]

COPYRIGHT © 2022, By Tennessee State Courts     All Rights Reserved.

T.P.I. Civil 10.34

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 10 PRODUCTS LIABILITY  >  E. Implied Warranties*

## § 10.34 DISCLAIMER OF IMPLIED WARRANTIES

Unless the circumstances indicate otherwise, implied warranties are excluded by expressions like "as is", "with all faults" or other language that calls the buyer's attention to the absence of warranties and makes it clear that there are no such warranties.

  [For the implied warranty of merchantability to be excluded or modified, the seller must specifically make this fact known to the buyer and, if this information is contained in a writing, it must be conspicuous.]

  [A warranty may also be excluded by a course of dealing between the seller and the buyer or a usage of trade. A course of dealing is a series of previous transactions between these parties that may fairly be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct. A usage of trade is any practice or method of dealing having such regularity of observance in a locale, vocation or trade as to justify an expectation that it will be observed with respect to the transaction in question.]

*T.P.I. Civil 14.60*

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 14 DAMAGES  >  C. Contract - Warranty - Sale of Goods*

## § 14.60 INTRODUCTION

If you find the plaintiff is entitled to a verdict against the defendant for breach of a contract or warranty, you must award damages in an amount that will reasonably compensate the plaintiff for each of the following elements of claimed loss or harm, provided you find it was [or will be] suffered by the plaintiff as a result of the defendant's breach. The amount of such award shall include:

*T.P.I. Civil 14.63*

*Tennessee Pattern Jury Instructions - Civil > CHAPTER 14 DAMAGES > C. Contract - Warranty - Sale of Goods*

## § 14.63 BUYER'S CONSEQUENTIAL DAMAGES

Any loss resulting to the buyer from requirements and needs known to the seller at the time of contracting provided the loss could not have been prevented by the buyer having timely purchased or contracted to purchase substitute goods.

Injury to a person or property resulting from any breach of

warranty.

L-300

*T.P.I. Civil 14.64*

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 14 DAMAGES  >  C. Contract - Warranty - Sale of Goods*

# § 14.64 BUYER'S DAMAGES FOR BREACH IN REGARD TO ACCEPTED GOODS - DIMINISHED VALUE

The difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted.

# TEXAS

PJC 70.2, 71.9-71.12, 102.8-102.11, 102.21

PJC 70.2 Proximate Cause—Breach of Warranty

PJC 71.9 Breach of Implied Warranty of Merchantability

PJC 71.10 Breach of Implied Warranty of Merchantability

PJC 71.11 Breach of Implied Warranty of Fitness for a Particular Purpose

PJC 102.8 Question and Instructions on Warranty

PJC 102.10 Implied Warranty of Merchantability—Goods

PJC 102.11 Implied Warranty of Fitness for a Particular Purpose—Goods

## *PJC 70.2*

*Texas Civil Pattern Jury Charges  >  Malpractice, Premises & Products 2020 Edition  >  CHAPTER 70
PRODUCTS LIABILITY--DEFINITIONS, INSTRUCTIONS, AND PRELIMINARY QUESTIONS*

## PJC 70.2 Proximate Cause--Breach of Warranty

"Proximate cause" means a cause that was a substantial factor in bringing about an [ *injury* ] [ *occurrence* ], and without which cause such [ *injury* ] [ *occurrence* ] would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the [ *injury* ] [ *occurrence* ], or some similar [ *injury* ] [ *occurrence* ], might reasonably result therefrom. There may be more than one proximate cause of an [ *injury* ] [ *occurrence* ].

## PJC 71.9

*Texas Civil Pattern Jury Charges > Malpractice, Premises & Products 2020 Edition > CHAPTER 71
PRODUCTS LIABILITY--THEORIES OF RECOVERY*

## PJC 71.9 Breach of Implied Warranty of Merchantability (Tex. UCC § 2.314(b)(3)) (Design Defect)

QUESTION _____

Was the [ *good or product*] supplied by *ABC Company* unfit for the ordinary purposes for which such [ *goods or products*] are used because of a defect, and, if so, was such unfit condition a proximate cause of the [ *injury*] [ *occurrence*] in question?

A "defect" means a condition of the [ *good or product*] that renders it unfit for the ordinary purposes for which such [ *goods or products*] are used because of a lack of something necessary for adequacy.

For a defect in the design of the [ *good or product*] to exist, there must have been a safer alternative design.

"Safer alternative design" means a design other than the one actually used that in reasonable probability--

    1. would have prevented or significantly reduced the risk of the [ *injury*] [ *occurrence*] in question without substantially impairing the utility of the [ *good or product*] and

    2. was economically and technologically feasible at the time the [ *good or product*] left the control of *ABC Company* by the application of existing or reasonably achievable scientific knowledge.

Answer "Yes" or "No."

Answer: _____

## PJC 71.10

*Texas Civil Pattern Jury Charges  >  Malpractice, Premises & Products 2020 Edition  >  CHAPTER 71
PRODUCTS LIABILITY–THEORIES OF RECOVERY*

# PJC 71.10 Breach of Implied Warranty of Merchantability (Tex. UCC § 2.314(b)(1), (b)(2), (b)(4), (b)(6))

QUESTION _____

Was there a breach of the implied warranty of merchantability, and, if so, was such breach a proximate cause of the [ *injury*] [ *occurrence*] in question?

A warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

There is a breach of an implied warranty of merchantability if the goods in question fail to at least--

1. pass without objection in the trade under the contract description; and

2. in the case of fungible goods, be of a fair average quality within the description; and

3. run, within the variations permitted by agreement, of even kind, quality, and quantity within each unit and among all units involved; and

4. conform to the promises or affirmations of fact made on the container or label, if any.

Answer "Yes" or "No."

Answer: _____

# PJC 71.11

*Texas Civil Pattern Jury Charges > Malpractice, Premises & Products 2020 Edition > CHAPTER 71 PRODUCTS LIABILITY—THEORIES OF RECOVERY*

## PJC 71.11 Breach of Implied Warranty of Fitness for a Particular Purpose (Tex. UCC § 2.315)

QUESTION _____

Was there a breach of an implied warranty of fitness for a particular purpose, and, if so, was such breach a proximate cause of the [ *injury*] [ *occurrence*] in question?

A warranty that the goods are fit for a particular purpose is implied if at the time of contracting--

    1. the seller had reason to know the particular purpose for which the goods are required; and

    2. the seller had reason to know that the buyer was relying on the seller's skill and judgment to select or furnish suitable goods.

There is a breach of an implied warranty of fitness for a particular purpose if at the time of sale the goods supplied by the seller are unfit for the particular purpose for which the goods were purchased.

Answer "Yes" or "No."

Answer: _____

*PJC 102.8*

*Texas Civil Pattern Jury Charges > Business, Consumer, Insurance & Employment 2020 Edition >
CHAPTER 102 THE TEXAS DECEPTIVE TRADE PRACTICES ACT AND CHAPTER 541 OF THE
TEXAS INSURANCE CODE*

## PJC 102.8 Question and Instructions on Warranty (DTPA § 17.50(a)(2); Tex. UCC §§ 2.313–.315)

QUESTION _____

Was the failure, if any, of *Don Davis* to comply with a warranty a producing cause of damages to *Paul Payne?*

"Producing cause" means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.

"Failure to comply with a warranty" means any of the following:

*[Insert appropriate instructions.]*

Answer "Yes" or "No."

Answer: _____

PJC 102.10

*Texas Civil Pattern Jury Charges > Business, Consumer, Insurance & Employment 2020 Edition >*
*CHAPTER 102 THE TEXAS DECEPTIVE TRADE PRACTICES ACT AND CHAPTER 541 OF THE*
*TEXAS INSURANCE CODE*

# PJC 102.10 Implied Warranty of Merchantability--Goods (DTPA § 17.50(a)(2); Tex. UCC § 2.314(b)(3))

Furnishing goods that, because of a lack of something necessary for adequacy, were not fit for the ordinary purposes for which such goods are used [ *or*]

# PJC 102.11

*Texas Civil Pattern Jury Charges > Business, Consumer, Insurance & Employment 2020 Edition >*
*CHAPTER 102 THE TEXAS DECEPTIVE TRADE PRACTICES ACT AND CHAPTER 541 OF THE*
*TEXAS INSURANCE CODE*

## PJC 102.11 Implied Warranty of Fitness for Particular Purpose--Goods (DTPA § 17.50(a)(2); Tex. UCC § 2.315)

Furnishing or selecting goods that were not suitable for a particular purpose if *Don Davis* had reason to know the purpose and also had reason to know that *Paul Payne* was relying on *Don Davis*'s skill or judgment to furnish or select suitable goods [ *or*]

# UTAH

MUJI 2d CV CV201, 211, 506-07, 1023, 1030-35, 1037-38, 1041-44

CV201 "Fault" Defined

CV211 Allocation of Fault

CV506 Creation of a Warranty

CV507 Breach of Warranty Essential Elements

CV1023 Breach of Warranty. Definition of "Warranty"

CV1030 Elements of Implied Warranty of Merchantability Claim

CV1031 Elements of Implied Warranty of Merchantability Claim

CV1032 Creation of an Implied Warranty of Fitness for a Particular Purpose

CV1033 Elements of Claim for Breach of an Implied Warranty of Fitness for a Particular Purpose (Contracts)

CV1034 Elements of Claim for Breach of an Implied Warranty of Fitness for a Particular Purpose (Tort)

CV1035 Warranty Implied by Course of Dealing or Usage of Trade (Contract)

CV1037 Breach of Warranty. Improper Use

CV1038 Breach of Warranty. Effect of Buyer's Examination

CV1041 Breach of Warranty. Notice of Breach

CV1042 Breach of Warranty. Definition of "goods"

CV1043 Breach of Warranty. Definition of "sale" (Contract)

CV1044 Breach of Warranty. Definition of "sample" or "model" (Contract)

## *MUJI 2d CV CV201*

*Model Utah Jury Instructions, Second Edition - Civil  >  Negligence*

## CV201 "Fault" defined.

Your goal as jurors is to decide whether [name of plaintiff] was harmed and, if so, whether anyone is at fault for that harm. If you decide that more than one person is at fault, you must then allocate fault among them.

Fault means any wrongful act or failure to act. The wrongful act or failure to act alleged in this case is [negligence, etc.]

Your answers to the questions on the verdict form will determine whether anyone is at fault. We will review the verdict form in a few minutes.

## *MUJI 2d CV CV211*

*Model Utah Jury Instructions, Second Edition - Civil  >  Negligence*

## CV211 Allocation of fault.

[Name of party] claims that more than one person's fault was a cause of the harm. If you decide that more than one person is at fault, you must decide each person's percentage of fault that caused the harm. This allocation must total 100%.

You may also decide to allocate a percentage to the plaintiff. [Name of plaintiff]'s total recovery will be reduced by the percentage that you attribute to [him]. If you decide that [name of plaintiff]'s percentage is 50% or greater, [name of plaintiff] will recover nothing.

When you answer the questions on damages, do not reduce the award by [name of plaintiff]'s percentage. I will make that calculation later.

*MUJI 2d CV CV506*

*Model Utah Jury Instructions, Second Edition - Civil > Professional Liability: Design Professionals*

## CV506 Creation of a warranty.

[Name of plaintiff] claims that [name of defendant] owes damages for breach of warranty. A warranty is an assurance or promise of a certain fact or condition regarding [name of defendant]'s [work/service]. A warranty that is expressed in written or oral words is an express warranty. A warranty that is made by law is known as an implied warranty. You must decide whether [name of defendant] made a warranty of [his] [work/service] to [name of plaintiff].

## *MUJI 2d CV CV507*

*Model Utah Jury Instructions, Second Edition - Civil  >  Professional Liability: Design Professionals*

## CV507 Breach of warranty essential elements.

To prove breach of warranty [name of plaintiff] must prove all of the following:

(1) [name of defendant] made a warranty [describe warranty]; and

(2) [name of plaintiff] relied on the warranty; and

(3) [name of defendant] reasonably expected that [name of plaintiff] would rely on the warranty; and

(4) [name of defendant]'s services were not as promised in the warranty; and

(5) [name of defendant]'s breach of warranty caused [name of plaintiff]'s harm; and

(6) it was reasonably foreseeable at the time the warranty was made that [name of plaintiff] would be harmed if [name of defendant]'s services were not performed as promised in the warranty.

[To establish breach of an express warranty, [name of plaintiff] does not also have to prove that the [name of defendant] breached the standard of care.]

# MUJI 2d CV CV1023

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1023 Breach of Warranty. Definition of "Warranty."

[Name of plaintiff] claims that [name of defendant] breached a warranty. A warranty is a promise or guarantee about the condition or performance of a product.

# MUJI 2d CV CV1030

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1030 Breach of Implied Warranty. Elements of implied warranty of merchantability claim. (Contract).

In this case, [name of plaintiff] claims that [name of defendant] breached an implied warranty that the [product] was merchantable. To establish this claim, [name of plaintiff] must prove all of the following:

(1) that at the time of the purchase, [name of defendant] was in the business of selling these [products] or by [his] occupation held [himself] out as having special knowledge or skill regarding these [products];

(2) that the [product]:

[(a) was not reasonably fit for the ordinary purposes for which such [products] are used;] or

[(b) was not of the same kind and quality as other [products] with which it was sold;] or

[(c) would not pass without objection in the industry;]

(3) that [name of plaintiff] was harmed;

(4) that the failure of the [product] to have the expected quality was a cause of [name of plaintiff]'s harm; and

(5) that [name of plaintiff] could have reasonably been expected to use or be affected by the [product].

# MUJI 2d CV CV1031

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1031 Breach of Implied Warranty. Elements of implied warranty of merchantability claim. (Tort).

In this case, [name of plaintiff] claims that [name of defendant] breached an implied warranty that the [product] was merchantable. To establish this claim, [name of plaintiff] must prove all of the following:

(1) that [name of defendant] sold the [product;]

(2) that at the time of sale, the [product]:

[(a) was not reasonably fit for the ordinary purposes for which such [products] are used;] or

[(b) was not of the same kind and quality as other [products] with which it was sold;] or

[(c) would not pass without objection in the industry;]

(3) that this condition rendered the [product] defective and unreasonably dangerous;

(4) that [name of plaintiff] was harmed;

(5) that the defective condition of the [product] was a cause of [name of plaintiff]'s harm.

# MUJI 2d CV CV1032

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1032 Breach of Implied Warranty. Creation of an implied warranty of fitness for a particular purpose.

Unless excluded or modified, an implied warranty of fitness for a particular purpose exists if at the time of sale:

(1) [name of seller] has reason to know that [name of buyer] was buying the [product] for a particular purpose, and

(2) [name of buyer] was relying on [name of seller]'s skill or judgment to select or furnish a suitable [product].

# MUJI 2d CV CV1033

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1033 Breach of Implied Warranty. Elements of claim for breach of an implied warranty of fitness for a particular purpose. (Contract).

In this case, [name of plaintiff] claims that [name of defendant] made an implied warranty that the [product] was fit for [describe the particular purpose]. To establish this claim, [name of plaintiff] must prove all of the following:

(1) that [name of defendant] knew or had reason to know that [name of plaintiff] was buying the [product] for a particular purpose;

(2) that [name of defendant] knew or had reason to know that [name of plaintiff] was relying on [name of defendant]'s skill or judgment to select or furnish a suitable [product];

(3) that the [product] was unfit for the particular purpose [name of plaintiff] bought it for;

(4) that [name of plaintiff] was harmed, and

(5) that the failure of the [product] to conform to the warranty was a cause of [name of plaintiff]'s harm.

## MUJI 2d CV CV1034

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1034 Breach of Implied Warranty. Elements of claim for breach of an implied warranty of fitness for a particular purpose. (Tort).

In this case, [name of plaintiff] claims that [name of defendant] made an implied warranty that the [product] was fit for [describe the particular purpose]. To establish this claim, [name of plaintiff] must prove all of the following:

(1) that [name of defendant] knew or had reason to know that [name of plaintiff] was buying the [product] for a particular purpose;

(2) that [name of defendant] knew or had reason to know that [name of plaintiff] was relying on [name of defendant]'s skill or judgment to select or furnish a suitable [product];

(3) that the [product] was defective, unreasonably dangerous, and unfit for the particular purpose [name of plaintiff] bought it for;

(4) that [name of plaintiff] was harmed, and

(5) that the defective condition was a cause of [name of plaintiff]'s harm.

# MUJI 2d CV CV1035

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1035 Breach of Implied Warranty. Warranty implied by course of dealing or usage of trade. (Contract).

[Name of plaintiff] claims that [name of defendant] breached a warranty implied from a course of dealing or a usage of trade.

Unless excluded or modified, an implied warranty may arise from a course of dealing or usage of trade.

A "course of dealing" is prior conduct between [name of plaintiff] and [name of defendant] that shows their understanding or provides a basis for interpreting their statements or conduct.

A "usage of trade" is any practice or method of dealing that is so regularly followed in a particular trade, vocation or place that one would expect it to be observed in this case.

To establish a claim for breach of a warranty implied by course of dealing or usage of trade, [name of plaintiff] must prove all of the following:

(1) That the prior conduct between [name of plaintiff] and [name of defendant] or the practices regularly followed in the trade or place gave rise to an implied warranty that [describe the alleged warranty];

(2) That the [product] did not conform to this warranty;

(3) That [name of plaintiff] was harmed, and

(4) That the failure of the [product] to conform to the implied warranty was a cause of [name of plaintiff]'s harm.

A warranty will not be implied contrary to a course of dealing between [name of plaintiff] and [name of defendant] [or] [a usage of trade].

# MUJI 2d CV CV1036

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1036 Breach of Warranty. Allergic reaction or hypersensitivity.

Any warranty that the [product] had certain characteristics or was suitable for a certain purpose was based on the assumption that the [product] would be used by a normal person. If you find that [name of plaintiff]' s injuries in this case resulted from an allergy or physical hypersensitivity that most people do not have and [name of defendant] did not know about, then there is no breach of warranty.

# MUJI 2d CV CV1037

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1037 Breach of Warranty. Improper use.

Any warranty was based on the assumption that the [product] would be used in a reasonable manner, appropriate for the purpose for which it was intended. If you find that [name of plaintiff]'s improper use of the [product] was a cause of [his] harm, then you must find that [name of plaintiff] was at fault, and [name of plaintiff]'s fault must be compared with any fault on the part of [name of defendant] [or others], according to the other instructions I [will give] [have given] you.

# MUJI 2d CV CV1038

*Model Utah Jury Instructions, Second Edition - Civil > Product Liability*

## CV1038 Breach of Warranty. Effect of buyer's examination.

If [name of plaintiff] examined the [product] [sample/model of the product] as much as [he] wanted before buying it, or if [name of defendant] demanded that [name of plaintiff] examine the product and [name of plaintiff] refused to examine it, then there is no implied warranty as to defects that a reasonable examination under the circumstances should have discovered. However, [name of defendant] is still responsible for defects that could not have been discovered by a reasonable examination.

[Name of plaintiff] may rely on an express warranty even though [he] may have had an opportunity to examine the [product] before [he] bought it. If [name of plaintiff] actually examined the [product], [he] may still rely on [name of defendant]'s express warranty rather than on [his] own examination as to any defect that was not obvious or was concealed.

## *MUJI 2d CV CV1041*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1041 Breach of Warranty. Notice of breach.

A seller is not liable for a breach of warranty unless the buyer gave the seller notice of the breach within a reasonable time after the buyer knew, or in the exercise of reasonable care should have known, of the alleged [defect in goods] [breach of warranty]. What amounts to a reasonable time depends on the circumstances and the kind of product involved.

Notice may be oral or in writing; no particular form of notice is required. The notice must inform the seller of the alleged breach of warranty and buyer's intention to look to the seller for damages. Whether the buyer gave this information to the seller and, if so, whether the buyer acted within a reasonable time are for you to determine.

## *MUJI 2d CV CV1042*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1042 Breach of Warranty. Definition of "goods."

"Goods" means all tangible things, including specially manufactured products or articles, which are moveable and are the subject of the contract for sale.

## *MUJI 2d CV CV1043*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1043 Breach of Warranty. Definition of "sale." (Contract)

A "sale" consists in the passing of ownership in goods from the seller to the buyer for a price.

*MUJI 2d CV CV1044*

*Model Utah Jury Instructions, Second Edition - Civil  >  Product Liability*

## CV1044 Breach of Warranty. Definition of "sample" or "model." (Contract)

A "sample" is drawn from the bulk of the goods which is the subject matter of the sale. A "model" is a specially created item offered for inspection and has not been drawn from the bulk of the goods.

# VERMONT

VT Civil Jury Instructions § 6-6.11

§ 6.11. Notes about Product Liability Cases Based on Negligence and Allegations of Breach of Warranty

# VT Civil Jury Instructions § 6-6.11

*Vermont Civil Jury Instructions  >  6 Products Liability*

## Author

Vermont Trial Court Criminal Jury Instruction Committee

## § 6.11 Notes about Product Liability Cases Based on Negligence and Allegations of Breach of Warranty

While lawyers representing plaintiffs in product liability cases in Vermont often plead a cause of action based on strict liability, negligence and breach of warranty, it is probably simplest for the jury in lawsuits brought to recovery damages for property damage or personal injury to instruct the jury on the law of strict liability in tort. To quote the Vermont Supreme Court in Webb v. Navistar Intern. Transp. Corp., 166 Vt. 119, 125-26 (1996),

> The doctrine of strict products liability was first developed by the California Supreme Court in Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897, 901 (1963), and then set forth in the RESTATEMENT (SECOND) OF TORTS § 402A (1965). This doctrine was created in response to the limitations of traditional negligence and warranty actions for injuries caused by defective consumer goods. Butaud v. Suburban Marine & Sporting Goods, Inc., 555 P.2d 42, 44 (Alaska 1976). In negligence actions, plaintiffs were unable to isolate the negligence of the manufacturer as manufacturing processes became more complex. *Id.* In actions based on warranty theories, plaintiffs confronted defenses of disclaimer, notice of breach and lack of privity, also problematic in complex distribution systems. Id.*; see also* O'Brien v. Comstock Foods, Inc., 125 Vt. 158, 162, 212 A.2d 69, 72 (1965) (abolishing privity requirement to prove liability of food producer). Strict products liability removed the difficulties plaintiffs faced in proving warranty or negligence claims against mass producers and distributors by imposing liability upon them without regard to fault or privity of contract. See W. Keeton, et al., Prosser and Keeton on the Law of Torts § 98, at 692 (5th ed.1984). The purpose of this judicially created doctrine is to lessen the burden of proof for plaintiffs injured by defective products. Daly v. General Motors Corp., 20 Cal.3d 725, 144 Cal.Rptr. 380, 386, 575 P.2d 1162, 1168 (1978); see also Zaleskie v. Joyce, 133 Vt. 150, 154-55, 333 A.2d 110, 113 (1975) (one reason to adopt strict products liability is to respond to problems of availability of proof).

Vermont Civil Jury Instructions Copyright © 2008 Vermont Plain English Civil Jury Instruction Committee

# VIRGINIA

## 1 Virginia Model Jury Instructions - Civil Instruction Nos. 34.000, 34.010, 34.040-34.070, 34.100-34.140 (2021)

Instruction No. 34.000. Definition of Warranty

Instruction No. 34.010. Notice of Breach

Instruction No. 34.040. Implied Warranty—Fitness for a Particular Purpose

Instruction No. 34.050. Implied Warranty—Fitness for a Particular Purpose - Reliance

Instruction No. 34.060. Implied Warranty—Merchantability

Instruction No. 34.070. Implied Warranty—Merchantability—Labeling; Without Objection in the Trade

Instruction No. 34.100. Misuse or Unintended Use

Instruction No. 34.110. Obvious Unfitness

Instruction No. 34.120. Obvious Unfitness—Pre-Contact (Statutory)

Instruction No. 34.130. Obvious Unfitness—Post-Contract (Statutory)

Instruction No. 34.140. Manufacturer's Duty: Design and Construction

## 1 Virginia Model Jury Instructions - Civil Instruction No. 34.000

*Virginia Model Jury Instructions - Civil  >  Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.000  Definition of Warranty

A warranty is a promise or guarantee by a manufacturer or seller that the product is of a certain quality or character. There are several different kinds of warranties; you will receive instructions on each type of warranty that you need to consider. The word "seller" includes a manufacturer and all others who sell a product.

### 1 Virginia Model Jury Instructions - Civil Instruction No. 34.010

*Virginia Model Jury Instructions - Civil > Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.010  Notice of Breach

The plaintiff must prove by the greater weight of the evidence that he gave notice to the seller of the claimed breach of warranty within a reasonable time after he discovered, or should have discovered, it. If the plaintiff fails to do so, he cannot recover.

[Notice need not be in any particular form. Notice is sufficient if it informs the seller that the buyer claims there has been a breach of warranty so that the seller and buyer may attempt to settle their differences.]

# 1 Virginia Model Jury Instructions - Civil Instruction No. 34.040

*Virginia Model Jury Instructions - Civil  >  Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.040  Implied Warranty: Fitness for a Particular Purpose

When a seller knows, or should know, that the product he is selling is to be used for a particular purpose and that the buyer is relying on the seller's skill or judgment in selecting or furnishing a product suitable for that purpose, then the seller creates an implied warranty that the product will be fit for that particular purpose.

# 1 Virginia Model Jury Instructions - Civil Instruction No. 34.050

*Virginia Model Jury Instructions - Civil  >  Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.050  Implied Warranty: Fitness for a Particular Purpose—Reliance

In deciding whether the seller should have known that the buyer was relying on the seller's skill or judgment, you should consider all the facts surrounding the sale, including:

    (1) whether the buyer had any control over the selection of the product;

    (2) whether the buyer insisted on a particular brand or product;

    (3) whether the buyer gave detailed and complete specifications for the product; and

    (4) any other relevant circumstances.

# 1 Virginia Model Jury Instructions - Civil Instruction No. 34.060

*Virginia Model Jury Instructions - Civil  >  Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.060  Implied Warranty: Merchantability

There is an implied warranty by a seller that his product will be fit for the purposes for which it is ordinarily used.

## 1 Virginia Model Jury Instructions - Civil Instruction No. 34.070

*Virginia Model Jury Instructions - Civil > Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.070  Implied Warranty: Merchantability—Labeling; Without Objection in the Trade

**There is an implied warranty by the seller that the product** [will pass without objection in the trade under the contract description; is adequately contained, packaged, and labeled as the agreement may require; conforms to the promises or affirmations of fact made on the container or label].

1 Virginia Model Jury Instructions - Civil Instruction No. 34.100

*Virginia Model Jury Instructions - Civil > Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.100  Misuse or Unintended Use

A plaintiff cannot recover for breach of a warranty if he misused the product in a way not reasonably foreseeable by the defendant.

# 1 Virginia Model Jury Instructions - Civil Instruction No. 34.110

*Virginia Model Jury Instructions - Civil > Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.110  Obvious Unfitness (Common Law)

When there has been an examination of the product by the buyer before purchase and the [unfitness; unwholesomeness] of the product becomes known to the buyer or is visible or obvious, there is no implied warranty of [fitness; wholesomeness].

## *1 Virginia Model Jury Instructions - Civil Instruction No. 34.120*

*Virginia Model Jury Instructions - Civil  >  Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.120  Obvious Unfitness: Pre-Contract (Statutory)

When the buyer [examines the product as fully as he desires; refuses to examine the product] before purchasing the product, there is no implied warranty as to defects that the examination [should; would] have revealed under the circumstances.

# 1 Virginia Model Jury Instructions - Civil Instruction No. 34.130

*Virginia Model Jury Instructions - Civil  >  Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.130  Obvious Unfitness: Post-Contract (Statutory)

If you believe by the greater weight of the evidence that the plaintiff [discovered the product was unfit before he used it; unreasonably failed to inspect the product when an inspection would have revealed the defect], then the plaintiff's injury was not proximately caused by breach of the implied warranty and he cannot recover.

## 1 Virginia Model Jury Instructions - Civil Instruction No. 34.140

*Virginia Model Jury Instructions - Civil  >  Chapter 34 PRODUCTS LIABILITY*

## Instruction No. 34.140  Manufacturer's Duty: Design and Construction

A manufacturer has a duty to use ordinary care to [design; manufacture; construct] a product that will be reasonably safe for its intended purpose and for any other reasonably foreseeable purpose.

If a manufacturer fails to perform this duty, then it is negligent.

# WASHINGTON

## Washington Pattern Jury Instructions - Civil (WPI) 110.04, 110.07, 110.10, 110.20.01, 110.22.01

WPI 110.04 Seller--Manufacturer--Defined

WPI 110.07 Seller Other than a Manufacturer

WPI 110.10 Assumption of Risk--Contributory Negligence

WPI 110.20.01 Burden of Proof—Warranties—No Affirmative Defense

WPI 110.22.01 Burden of Proof—Warranties—Assumption of Risk or Contributory Negligence

*Washington Pattern Jury Instructions - Civil (WPI) 110.04*

*Washington Pattern Jury Instructions - Civil > PART IX PARTICULARIZED STANDARDS OF CONDUCT > CHAPTER 110 PRODUCT LIABILITY*

## WPI 110.04 Seller--Manufacturer--Defined

[The defendant (name) is **a manufacturer of the** (fill in product).]

[The defendant (name)   **is a product seller of the** (fill in product).]

[A product seller is any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use and consumption. The term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product. [The term also includes a party who is in the business of leasing products.]]

["Manufacturer" includes a product seller who designs, produces, makes, fabricates, constructs, or remanufactures the relevant product or component part of a product before its sale to a user or consumer. [The term also includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer.]]

*Washington Pattern Jury Instructions - Civil (WPI) 110.07*

*Washington Pattern Jury Instructions - Civil > PART IX PARTICULARIZED STANDARDS OF
CONDUCT > CHAPTER 110 PRODUCT LIABILITY*

## WPI 110.07 Seller Other than a Manufacturer

(No special instruction is set forth. Use negligence instructions from Part II of 6 Washington Practice, Washington
Pattern Jury Instructions: Civil (7th ed.), or draft instructions to fit the particular case.)

## *Washington Pattern Jury Instructions - Civil (WPI) 110.10*

*Washington Pattern Jury Instructions - Civil > PART IX PARTICULARIZED STANDARDS OF CONDUCT > CHAPTER 110 PRODUCT LIABILITY*

## WPI 110.10 Assumption of Risk--Contributory Negligence

[Assumption of risk occurs when a person knows of a specific risk associated with using a product, understands the nature of the risk, voluntarily chooses to accept the risk by using the product, and impliedly consents to relieve the defendant of a duty of care owed to the person in relation to the specific risk.]

[Contributory negligence is negligence on the part of a person claiming injury or damage that is a proximate cause of the injury or damage complained of.]

If you find [assumption of risk] [or] [contributory negligence] by the plaintiff, you must determine the degree, expressed as a percentage, to which plaintiff's [assumption of risk] [and] [contributory negligence] contributed to the claimed injury or damage. The court will furnish you a special verdict form for this purpose. Your answers to the questions in the special verdict form will furnish the basis by which the court will apportion damages, if any.

## *Washington Pattern Jury Instructions - Civil (WPI) 110.20.01*

*Washington Pattern Jury Instructions - Civil > PART IX PARTICULARIZED STANDARDS OF CONDUCT > CHAPTER 110 PRODUCT LIABILITY*

## WPI 110.20.01 Burden of Proof--Warranties--No Affirmative Defense

The plaintiff has the burden of proving each of the following propositions:

First, that the defendant [was a manufacturer and] supplied a product that was not reasonably safe because it did not conform to the manufacturer's express warranty;

Second, that the [plaintiff was injured] [and] [or] [plaintiff's property was damaged]; and

Third, that the unsafe condition of the product was a proximate cause of the plaintiff's [injury] [and] [or] [damage].

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for the plaintiff. On the other hand, if any of these propositions has not been proved, your verdict should be for the defendant.

## Washington Pattern Jury Instructions - Civil (WPI) 110.22.01

*Washington Pattern Jury Instructions - Civil > PART IX PARTICULARIZED STANDARDS OF CONDUCT > CHAPTER 110 PRODUCT LIABILITY*

## WPI 110.22.01 Burden of Proof--Warranties--Assumption of Risk or Contributory Negligence

The plaintiff has the burden of proving each of the following propositions:

First, that the defendant [was a manufacturer and] supplied a product that was not reasonably safe because it did not conform to the manufacturer's express warranty;

Second, that the [plaintiff was injured] [and] [or] [plaintiff's property was damaged]; and

Third, that the unsafe condition of the product was a proximate cause of the plaintiff's [injury] [and] [or] [damage].

The defendant has the burden of proving [both] [all] of the following propositions:

[First, that the plaintiff assumed the risk of injury or damage from the product;]

[Second, that the plaintiff's assumption of risk was a proximate cause of the plaintiff's own injuries or damages;]

[[Third] [First], that the plaintiff acted, or failed to act, in one of the ways claimed by the defendant, and that in so acting or failing to act, the plaintiff was negligent;]

[[Fourth] [Second], that the negligence of the plaintiff was a proximate cause of the plaintiff's own injuries or damages and was therefore contributory negligence.]

# WEST VIRGINIA

W.Va.P.J.I. §§ 401, 408, 430-31, 434

§ 401. Product Liability—Plaintiff's Causes of Action

§ 408. Product Liability—Strict Liability

§ 430. Implied Warranty of Merchantability - Essential Factual Elements

§ 431. Implied Warranty of Fitness for a Particular Purpose—Essential Factual Elements

§ 434. Affirmative Defense—Exclusion of Implied Warranties

## *W.Va.P.J.I. § 401*

*West Virginia Pattern Jury Instructions for Civil Cases > SECTION 400 - PRODUCT LIABILITY > Plaintiff's Cause(s) of Action*

[*Name of plaintiff*] claims that a [*name of product*] [*distributed/manufactured/sold*] by [*name of defendant*] injured [*him/her*]. [*Name of plaintiff*]'s case is based on [*one/two/three*] separate claim(s) against defendant. [*This/These*] claim(s) [*is/are*]:

1. That there was a defect in the [*name of product*]; and/or

2. That [*name ofdefendant*] was negligent; and/or

3. That [*name of defendant*] breached a warranty covering [*name of product*].

I will instruct you and explain the law regarding each of these claims separately. You will then consider and decide each separately.

## *W.Va.P.J.I. § 408*

*West Virginia Pattern Jury Instructions for Civil Cases > SECTION 400 - PRODUCT LIABILITY > Strict Liability*

In the course of this trial, evidence has been introduced that the [*name of product*] [*manufactured/distributed/sold*] by [*name of defendant*] complied with certain federal or state laws or administrative regulations. When you are determining the issue(s) of [*strict liability/negligence/breach of warranty*] you may consider [*name of defendant*]'s compliance with any federal or state law or administrative regulation that prescribed standards for the manufacture of the [*name of product*] existing at the time the [*name of product*] was manufactured.

# W.Va.P.J.I. § 430

*West Virginia Pattern Jury Instructions for Civil Cases  >  SECTION 400 - PRODUCT LIABILITY >
Warranties*

[*Name of plaintiff*] claims that [*he/she*] was injured by the [*name of product*] because the product did not have the quality that a buyer would expect. To establish this claim, [*name of plaintiff*] must prove all of the following:

1. [*Name of plaintiff*] [*purchased the product/ was a member or guest of the purchaser's family or household, if reasonable to expect that such person may use, consume or be affected by the product*]; and

2. That, at the time of purchase, [*name of defendant*] was in the business of selling these goods or by [*his /her/its*] occupation held [*himself/herself/itself*] out as having special knowledge or skill regarding these goods; and

3. That the [*name of product*] (*insert one or more of the following*): [*was not of the same quality as those generally acceptable in the trade/was not fit for the ordinary purposes for which such goods are used/did not conform to the quality established by the parties' prior dealings or by usage of trade/other grounds as set forth in W. Va. Code, 46-2-314(2)*]; and

4. That [*name of plaintiff*] was injured; and

5. That the failure of the [*name of product*] to have the expected quality was a substantial factor in causing [*name of plaintiff*]'s injury.

# W.Va.P.J.I. § 431

*West Virginia Pattern Jury Instructions for Civil Cases  >  SECTION 400 - PRODUCT LIABILITY  >*
*Warranties*

[*Name of plaintiff*] claims that [*he/she*] was injured by the [*name of product*] because the [*name of product*] was not suitable for [*name of plaintiff*]'s intended purpose. To establish this claim, [*name of plaintiff*] must prove all of the following:

1. That [*name of plaintiff*] [*purchased the product/was a member or guest of the purchaser's family or household, if reasonable to expect that such person may use, consume or be affected by the product*]; and

2. That, at the time of purchase, [*name of defendant*] knew or had reason to know that [*name of plaintiff/purchaser of the product*] intended to use the product for a particular purpose; and

3. That, at the time of purchase, [*name of defendant*] knew or had reason to know that [*name of plaintiff/purchaser of the product*] was relying on [*name of defendant*]'s skill and judgment to select or furnish a product that was suitable for the particular purpose; and

4. That [*name of plaintiff/purchaser of the product*] justifiably relied on [*name of defendant*]'s skill and judgment; and

5. That the [*name of product*] was not suitable for the particular purpose; and

6. That [*name of plaintiff*] was injured; and

7. That the failure of the [*name of product*] to be suitable was a substantial factor in causing [*name of plaintiff*]'s injury.

# W.Va.P.J.I. § 434

*West Virginia Pattern Jury Instructions for Civil Cases > SECTION 400 - PRODUCT LIABILITY > Warranties*

[*Name of defendant*] claims that [*he/she/it*] is not responsible for any injury to [*name of plaintiff*] because [*name of defendant*] eliminated any implied representations relating to [*the quality that a buyer would expect from the product/the product's fitness for a particular purpose*]. To succeed on this claim, [*name of defendant*] must prove one or more of the following:

(Insert one or more of the following):

1. That the sale of the [*name of product*] included notification or warning words such as "with all faults," "as is," or other language that would have made a buyer aware that the [*name of product*] was being sold without any guarantees; and/or

2. That, before entering into the contract, [*name of plaintiff/purchaser of the product*] examined the [*product/sample/model*] as fully as desired and that a complete examination would have revealed the [*name of product*]'s deficiency; and/or

3. That [*name of plaintiff or the purchaser of the product*] refused, after a demand by [*name of defendant*], to examine the [*product/sample/model*] and that such examination would have revealed the [*product/sample/model*]'s deficiency; and/or

4. That the parties prior dealings, course of performance, or usage of trade had eliminated any implied representations.

# WISCONSIN

Wis JI-Civil 3201-03, 3205-11

JI-3201 Implied Warranty—Merchantability Defined

JI-3202 Implied Warranty—Fitness for Particular Purpose

JI-3203 Implied Warranty—By Reason of Course of Dealing or Usage of Trade

JI-3205 Implied Warranty—Exclusion or Modification

JI-3206 Implied Warranty—Exclusion by Reason of Course of Dealing or Usage of Trade

JI-3207 Implied Warranty—Use of Product After the Defect Known

JI-3208 Implied Warranty—Failure to Examine Product

JI-3210 Implied Warranty—Improper Use

JI-3211 Implied Warranty—Notice of Breach

## Wis JI-Civil 3201

*Wisconsin Civil Jury Instructions > CONTRACTS > Breach of Warranty*

## JI-3201 IMPLIED WARRANTY: MERCHANTABILITY DEFINED

An "implied warranty" is a warranty which arises by operation of law from the acts of the parties or circumstances of the transaction. It requires no intent or particular language or action by the seller to create it.

A warranty that the goods (product) shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. "Merchantability" means reasonable fitness for the general purpose for which the goods (product) are (is) sold. When a purchase is made, the seller warrants or guarantees that the goods (product) purchased:

[would pass without objection in the trade under the contract description;]

[in the case of bulk goods, are of average quality within the description;]

[are fit for the ordinary purposes for which such goods are used;]

[run, within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved;]

[are adequately contained, packaged, and labeled as the agreement may require;]

[conform to the promises or affirmations of fact made on the container or label if

any.]

## Wis JI-Civil 3202

*Wisconsin Civil Jury Instructions  >  CONTRACTS  >  Breach of Warranty*

## JI-3202 IMPLIED WARRANTY: FITNESS FOR PARTICULAR PURPOSE

An "implied warranty" is a warranty which arises by operation of law from the acts of the parties or circumstances of the transaction. It requires no intent or particular language or action by the seller to create it.

When the seller at the time of sale has reason to know any particular purpose for which the goods (product) are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods (product), there is an implied warranty that the goods (product) shall be fit for such purpose. In determining whether the goods (product) were fit for such purpose, you will consider its use in the light of common knowledge of the nature of the goods (product) sold. [A warranty of this kind does not mean that the goods (product) can be used with absolute safety, or that they are perfectly adapted to the intended use, but only that they shall be fit for such purpose.]

## Wis JI-Civil 3203

*Wisconsin Civil Jury Instructions  >  CONTRACTS  >  Breach of Warranty*

## JI-3203 IMPLIED WARRANTY: BY REASON OF COURSE OF DEALING OR USAGE OF TRADE

An implied warranty that a product as sold is of a particular quality or fit for a particular purpose may arise from a (course of dealing) or (usage of trade).

(A "course of dealing" is defined as a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.)

(A "usage of trade" is defined as any practice or method of dealing having such regularity of observance in a place, vocation, or trade as to justify an expectation that it will be observed with respect to the transaction.)

# Wis JI-Civil 3205

*Wisconsin Civil Jury Instructions  >  CONTRACTS  >  Breach of Warranty*

## JI-3205 IMPLIED WARRANTY: EXCLUSION OR MODIFICATION

The seller may exclude or modify an implied warranty of merchantability, or any part of the warranty, provided, at the time of the sale, the seller specifically informs the buyer that any implied warranty as to merchantability is to be excluded or modified.

Any written exclusion or modification of an implied warranty set forth in any contract, advertisement, label, or brochure must, at the time of sale, be called directly to the attention of the buyer.

Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions such as "with all faults," "as is," or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty.

## Wis JI-Civil 3206

*Wisconsin Civil Jury Instructions  >  CONTRACTS  >  Breach of Warranty*

## JI-3206 IMPLIED WARRANTY: EXCLUSION BY REASON OF COURSE OF DEALING OR USAGE OF TRADE

---

An implied warranty can be excluded or modified by (a course of dealing or course of performance) or (usage of the trade). This means that a warranty will not be implied if the conduct of the parties by reason of a (course of dealing or course of performance) or (usage of the trade) indicates that no warranty existed.

(A "course of dealing" is defined as a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.)

(A "usage of trade" is defined as any practice or method of dealing having such regularity or observance in a place, vocation, or trade as to justify an expectation that it will be observed with respect to the transaction in question.)

## Wis JI-Civil 3207

*Wisconsin Civil Jury Instructions > CONTRACTS > Breach of Warranty*

# JI-3207 IMPLIED WARRANTY: USE OF PRODUCT AFTER THE DEFECT KNOWN

When a buyer of a product knows or in the exercise of ordinary care should have known that the product was defective and in spite of this knowledge uses the product and as a result of using it sustains injury or damage, then there is no breach of warranty.

## Wis JI-Civil 3208

*Wisconsin Civil Jury Instructions  >  CONTRACTS  >  Breach of Warranty*

## JI-3208 IMPLIED WARRANTY: FAILURE TO EXAMINE PRODUCT

When a buyer before entering into the contract has examined the goods (product) or the sample or model as fully as he or she desired or has refused to examine the goods (product), there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him or her.

# Wis JI-Civil 3210

*Wisconsin Civil Jury Instructions  >  CONTRACTS  >  Breach of Warranty*

## JI-3210 IMPLIED WARRANTY: IMPROPER USE

An "implied warranty" is a warranty which arises by operation of law from the acts of the parties or circumstances of the transaction. It requires no intent or particular language or action by the seller to create it.

Any warranty of a product sold is based on the assumption that such product will be used in a manner suitable to its intended use. The seller is entitled to assume, in the absence of information to the contrary, that a use will be made of the product, for the purpose for which it is intended and in accordance with directions properly given. There is no breach of warranty if the product sold is put to a use for which the product was not intended or used not in accordance with the directions given as to its use.

# Wis JI-Civil 3211

*Wisconsin Civil Jury Instructions > CONTRACTS > Breach of Warranty*

## JI-3211 IMPLIED WARRANTY: NOTICE OF BREACH

A seller is not liable for a breach of warranty unless the buyer notifies the seller of the breach (defect) within a reasonable time after he or she discovers or should have discovered any breach. What is a reasonable time depends upon the nature of the act to be done, the nature of the contract, and the facts and circumstances of the transaction. The notice need not be in any particular form and it may be oral or written. It must, however, fairly inform the seller of a breach of warranty (defect).

# WYOMING

## WJI Civil §§ 10.01, 13.05-13.08

§ 10.01. Comparative Fault

§ 13.05. Exclusion of Implied Warranty Through Disclaimer or Examination Under UCC

§ 13.06. Notice of Breach of Warranty Under UCC

§ 13.07. Third Party Beneficiaries of Warranties Under UCC

§ 13.08. Damages Recoverable for Breach of Warranty Under UCC

10.01. COMPARATIVE FAULT

I am now going to instruct you on comparative fault. Your goal as jurors is to decide whether [name of plaintiff] was harmed and, if so, whether anyone is at fault for that harm. If you decide that more than one person is at fault, you must then assign fault among them. ["Person" can mean an individual or a business.] You may only consider the conduct of the following persons:

LIST EACH PLAINTIFF, DEFENDANT, AND NON-PARTY ACTOR AS APPROPRIATE

[Name of plaintiff] claims that [name of defendant] is at fault. [Name of defendant] claims that [name of plaintiff/name of non-party] is/are at fault. A person is at fault when that person's [negligence][strict liability][manufacture, sale, distribution, assembly, etc. a defective product][breach of warranty] [misuse/alteration of a product],[assumption of the risk of injury], [violation of the standard of care], [etc.] is a cause of the harm claimed. The terms ["negligent"]["strictly liable"]["manufactured, sold, distributed, assembled, etc. a defective product"]["breached a warranty"], [misused/altered a product], [assumed the risk of injury], [standard of care], [etc.] and "cause" are explained in other instructions.

The verdict form provided to you includes spaces for you to record your determination of each person's comparative fault, if any, on a percentage basis. [Name of plaintiff]'s total damages will be reduced by the percentage of [name of plaintiff/name of non-party]'s fault, if any. If you assign more than 50% of fault to [name of plaintiff], [name of plaintiff] will not receive any damages. The liability of each defendant is limited by the percentage of fault, if any, that you find is attributable to that particular defendant.

If you [find] [assign] fault, the percentages must total 100 percent.

The verdict form also contains a space for you to record your determination of the total damages sustained. [If you find the plaintiff is fifty percent (50%) at fault or less] You will make a separate finding of [name of plaintiff]'s total damages. You must carefully follow the instructions on the verdict form. Do not reduce your determination of total damages by any percentage of fault you have attributed to the plaintiff, the defendant[s], or any non-party actor. The court, and not the jury, will reduce the total amount of damages by the percentage of fault you have attributed to the plaintiff [and non-party].

## 13.05. EXCLUSION OF IMPLIED WARRANTY THROUGH DISCLAIMER OR EXAMINATION UNDER UNIFORM COMMERCIAL CODE

Unless the circumstances indicate otherwise, an implied warranty of [merchantability] [fitness for a particular purpose] is excluded by conspicuous expressions like "as is," "with all faults," or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain there is no implied warranty. [When a buyer before entering into a sales contract has examined the [goods] [sample] [model] as fully as desired [or has refused to examine the goods], there is no implied warranty with regard to defects which an examination ought to have revealed to the buyer under the circumstances.]

Case 1:19-md-02875-RMB-SAK   Document 2008-13   Filed 04/12/22   Page 378 of 380
PageID: 59602
13.06 Notice of Breach of Warranty under Uniform Commercial
Code (Wyoming Civil Pattern Jury Instructions (2021 Edition))

## 13.06. NOTICE OF BREACH OF WARRANTY UNDER UNIFORM COMMERCIAL CODE

A seller is not liable for a breach of warranty unless the buyer within a reasonable time after he discovers or should have discovered any breach notifies the seller of the [breach] [defect]. What is a reasonable time depends upon the nature of the act to be done, the nature of the contract, and all the circumstances. The notice need not be in any particular form and it may be oral or written. It must, however, fairly inform the seller of a [breach of warranty] [defect].

## 13.07. THIRD PARTY BENEFICIARIES OF WARRANTIES UNDER UNIFORM COMMERCIAL CODE

A seller's warranty, whether express or implied, extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is damaged by breach of the warranty.

## 13.08. DAMAGES RECOVERABLE FOR BREACH OF WARRANTY UNDER UNIFORM COMMERCIAL CODE

A buyer may recover money damages from the seller based upon the seller's breach of warranty. In general, the buyer may recover for any loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable. The measure of damages for breach of warranty is the difference between the value of the goods accepted and the value they would have had if they had been as warranted.