# APPENDIX M

## STATE LAW PATTERN JURY INSTRUCTIONS – FRAUD

### TABLE OF CONTENTS

| Jurisdiction[1] | Page | Title of Instructions |
|---|---|---|
| Alabama | M-1 | APJI 18.00. Introduction<br>APJI 18.01. Intentional False Statement<br>APJI 18.02. Reckless False Statement<br>APJI 18.03. Mistaken False Statement<br>APJI 18.04. Deceit<br>APJI 18.05. Concealment<br>APJI 18.06. Concealment—Obligation to Make Known As Jury Issue<br>APJI 18.07. Promissory Fraud<br>APJI 18.08. Definition of Important Fact/Promise<br>APJI 18.09. Opinions as Statements of Fact<br>APJI 18.10. Reliance<br>APJI 18.11. Defense—Statute of Limitations<br>APJI 18.12. Future Act |
| Alaska | M-15 | 17.01. Intentional Misrepresentation<br>17.02. Knowledge that a Statement is False or Misleading<br>17.03. Justifiable Reliance<br>17.05. Negligent Misrepresentation<br>17.06. Nondisclosure<br>17.07. Duty to Disclose |
| Arizona | M-22 | RAJI (CIVIL) 7th Commercial Torts 24, Common Law Fraud |
| Arkansas | M-24 | Civil AMI 402: Issues—Claim for Damages Based Upon Deceit—Burden of Proof. |
| California | M-26 | CACI 1900. Intentional Misrepresentation<br>CACI 1901. Concealment<br>CACI 1902. False Promise<br>CACI 1903. Negligent Misrepresentation<br>CACI 1904. Opinions as Statements of Fact<br>CACI 1906. Misrepresentations Made to Persons Other Than the Plaintiff<br>CACI 1907. Reliance<br>CACI 1908. Reasonable Reliance |

---

[1] Defendants were unable to locate any civil pattern jury instructions for Louisiana, Puerto Rico and South Dakota, and were unable to locate any civil pattern jury instructions relating to common law fraud claims for Vermont.

| | | |
|---|---|---|
| | | CACI 1921. Buyer's Damages for Purchase or Acquisition of Property—Lost Profits<br>CACI 1922. Seller's Damages for Sale or Exchange of Property<br>CACI 1923. Damages—"Out of Pocket" Rule<br>CACI 1924. Damages—"Benefit of the Bargain" Rule |
| Colorado | M-39 | 19.1. False Representation – Elements of Liability<br>19.2. Nondisclosure or Concealment – Elements of Liability<br>19.3. False Representation – Defined<br>19.4. Material Fact – Defined<br>19.5. Nondisclosure – Duty to Disclose<br>19.6. Concealment – Defined<br>19.7. False Representation – Reliance – Defined<br>19.8. Justifiable Reliance on False Representation - Defined<br>19.9. Justifiable Reliance – Nondisclosure or Concealment – Defined<br>19.10. Justifiable Reliance – No General Duty to Investigate<br>19.11. Reliance After Investigation<br>19.12. Statements of Future Intention or Promises as False Representations<br>19.13. Statements About the Future as False Representations<br>19.14. Statements of Law as False Representations<br>19.15. Statements of Opinion as False representations<br>19.16. Affirmative Defense – Waiver by Plaintiff Before Plaintiff's Complete Performance<br>19.17. Actual Damages |
| Connecticut | M-58 | 3.16-2. Fraud or Intentional Misrepresentation. |
| Delaware | M-60 | 16.1. Fraud Defined<br>16.2. Expression of Opinion<br>16.3 Intentional Concealment<br>16.4 Nondisclosure of Known Facts |
| District of Columbia | M-65 | 20.01. Fraudulent Misrepresentation – Elements of the Claim<br>20.02. Fraudulent Misrepresentation – Elements Defined<br>20.03. Fraudulent Misrepresentation – Burden of Proof<br>20.04. Fraudulent Misrepresentation – Determination of Liability and Damages<br>20.05. Fraudulent Misrepresentation – Misrepresentation Made Through Third Person<br>20.06. Fraudulent Misrepresentation – Plaintiff's Reliance Upon Own Investigation<br>20.07. Fraudulent Misrepresentation – Reliance on Actionability of Misrepresentation<br>20.08. Fraudulent Misrepresentation – Fraud – Opinion<br>20.09. Fraudulent Misrepresentation – Fraud – Predictions |

| | | 20.10. Reliance Where Falsity Obvious – Duty to Investigate |
|---|---|---|
| Florida | M-77 | 409.7. Issues on Plaintiff's Claim – Fraudulent Misrepresentation |
| Georgia | M-79 | § 26.010. Fraud and Deceit; Definitions; Presumptions and Proof<br>§ 26.020. Fraud and Deceit; Contracts, Effect On<br>§ 26.030. Fraud and Deceit; Diligence Required of Plaintiff<br>§ 26.040. Fraud and Deceit; Misrepresentation and Concealment<br>§ 26.050. Fraud and Deceit; Rescission and Restitution; Generally<br>§ 26.100. Fraud and Deceit; Goods, Sale of; Generally<br>§ 26.110. Fraud and Deceit; Goods, Sale of; Trover<br>§ 26.200. Fraud and Deceit; Releases<br>§ 26.400. Fraud and Deceit; Goods, Sale of; Generally (Commercial Code)<br>§ 26.500. Fraud and Deceit; Damages; Generally (Commercial Code)<br>§ 26.510. Fraud and Deceit; Buyer's Incidental and Consequential Damages (Commercial Code)<br>§ 26.511. Fraud and Deceit; Buyer's Incidental Damages<br>§ 26.512. Fraud and Deceit; Buyer's Consequential Damages<br>§ 26.520. Fraud and Deceit; Seller's Incidental Damages (Commercial Code) |
| Hawaii | M-94 | 1 Hawaii Standard Civil Jury Instruction No. 15.27 |
| Idaho | M-96 | § 4.60. Fraud—Issues (Contracts)<br>§ 6.27.1. Fraud (Torts) |
| Illinois | M-99 | 800.01. Fraud and Deceit – Fraudulent Misrepresentation—Issues Made by the Pleadings—Fraud—One Defendant<br>800.02A. Fraud and Deceit—Burden of Proof on the Issues—Alternative One—Fraudulent Misrepresentation—One Plaintiff and One Defendant—Clear and Convincing Evidence Only as to Certain Elements<br>800.02B. Fraud and Deceit—Burden of Proof on the Issues—Alternative Two—Fraudulent Misrepresentation—One Plaintiff and One Defendant—Clear and Convincing Evidence<br>800.03. Fraud and Deceit—Clear and Convincing Evidence—Definition<br>800.04. Fraud and Deceit—Material Fact—Definition<br>800.05. Fraud and Deceit—Measure of Damages<br>800.06. Fraud and Deceit—Punitive/Exemplary Damages—Willful and Wanton Conduct—Malicious and Willful Conduct—Violation of Trust and Confidence<br>800.07. Fraud and Deceit—Punitive/Exemplary Damages—Liability of Corporate Principal for the Act of an Agent |

| | | |
|---|---|---|
| | | 800.08. Fraud and Deceit—Fraudulent Concealment—Issues Made by the Pleadings—One Defendant<br>800.09A. Fraud and Deceit—Burden of Proof on the Issues—Alternative One—Fraudulent Concealment—One Plaintiff and One Defendant—Clear And Convincing Evidence Only as to Certain Elements<br>800.09B. Fraud and Deceit—Burden of Proof on the Issues—Alternative Two—Fraudulent Concealment—One Plaintiff and One Defendant—Clear and Convincing Evidence |
| Indiana | M-111 | 3101. Issues for Trial; Burden of Proof<br>3103. Fraud—Definition<br>3105. Fraud—Elements—Burden of Proof<br>3107. Fraud—Promise of Future Events<br>3109. Fraud—Reliance<br>3111. Constructive Fraud—Definition and Elements—Burden of Proof |
| Iowa | M-118 | 810.1. Fraudulent Misrepresentation - Essentials For Recovery.<br>810.2. Fraudulent Nondisclosure - Essentials For Recovery.<br>810.3. Fraudulent Misrepresentation - Definition Of Representation.<br>810.4. Fraudulent Misrepresentation - Material - Definition.<br>810.5. Fraudulent Misrepresentation - Knowledge Of Falsity (Scienter) - Definition.<br>810.6. Fraudulent Misrepresentation - Definition Of Intent To Deceive.<br>810.7. Fraudulent Misrepresentation - Intent To Deceive - Persons Affected.<br>810.8. Fraudulent Misrepresentation - Reliance - Generally.<br>810.9. Fraudulent Misrepresentation - Reliance - Opinion.<br>810.10. Fraudulent Misrepresentation - Reliance - Opinion. |
| Kansas | M-129 | 127.40 Fraud—Elements<br>127.41 Fraud Through Silence—Elements<br>127.42 Fraud—Promise of Future Events<br>127.43 Negligent Misrepresentation |
| Kentucky | M-134 | 31.12 Fraud by Omission; Duty to Disclose; Damages |
| Maine | M-136 | 7-30. Fraud Elements. Instruction.<br>7-30A. Fraudulent Concealment. Instruction. |
| Maryland | M-139 | 11:1. Fraud or Deceit<br>11:2. Non-disclosure or Concealment<br>11:3. False Representation—Defined<br>11:4. Material Fact—Defined |

| Massachusetts | M-144 | § 20.1 Intentional Misrepresentation (Fraud/Deceit)—Elements<br>§ 20.1.1 Subject of Misrepresentation--False Statement of Fact<br>§ 20.1.2 Subject of Misrepresentation--False Statement Relating to Opinion<br>§ 20.1.3 Subject of Misrepresentation--Materiality of Statement<br>§ 20.1.4 False Statement--Half-Truths, Silence, and Statements and Conduct Calculated to Mislead<br>§ 20.1.5 Knowledge of Falsity, or Willful Disregard of Truth or Falsity<br>§ 20.1.6 Intention that Plaintiff Would Rely upon False Statement<br>§ 20.1.7 Reasonable Reliance<br>§ 20.1.8 Reliance--Contractual Disclaimers<br>§ 20.1.9 Damages |
|---|---|---|
| Michigan | M-158 | 128.01. Fraud Based on False Representation<br>128.02. Fraud Based on Failure to Disclose Facts (Silent Fraud)<br>128.03. Fraud Based on Bad-Faith Promise<br>128.04. Innocent Misrepresentation<br>128.10. Material Fact--Definition<br>128.11. Reliance—Definition |
| Minnesota | M-165 | CIVJIG 57.10. Fraud and Misrepresentation<br>CIVJIG 57.15. Fraud—Reasonable Reliance<br>CIVJIG 57.20. Negligent Misrepresentation<br>CIVJIG 57.25. Fraud and Misrepresentation—Damages<br>CIVJIG 57.30. Duty to Disclose Material Facts |
| Mississippi | M-171 | 1700. Fraud—Definition<br>1701. Fraud—General Instruction and Verdict Form |
| Missouri | M-176 | 23.05. Fraudulent Misrepresentation—Pecuniary Loss |
| Montana | M-178 | 9.29. Fraud<br>9.30. Constructive Fraud<br>13.10. Duress, Fraud, Misrepresentation<br>25.64. Damages - Punitive Damages (Fraud) |
| Nebraska | M-183 | 9.01. Fraudulent Misrepresentation<br>9.02. Fraudulent Concealment--Vendor/Purchaser Setting<br>9.02. Fraudulent Concealment--Vendor/Purchaser Setting<br>9.03. Definition of Material Fact<br>15.08. Definition of Fraudulent Representation |
| Nevada | M-188 | 10.1: Fraudulent Misrepresentation: Introductory Instruction<br>10.2: Intentional Misrepresentation<br>10.3: False Promise<br>10.4: Concealment |

| | | |
|---|---|---|
| | | 10.5: Fraud by Nondisclosure (Silence)<br>10.6: Duty to Disclose<br>10.7: Negligent Misrepresentation<br>10.8: Clear and Convincing Evidence<br>10.9: Justifiable Reliance<br>10.10: Statements of Fact vs. Opinion |
| New Hampshire | M-199 | 22.1. Fraudulent Misrepresentation<br>32.27. Fraud<br>32.184. Effect of Defrauded Party's Failure to Investigate |
| New Jersey | M-203 | 3.30E. Fraud—Deceit |
| New Mexico | M-207 | 13-304. Burden of proof; greater weight of the evidence; clear and convincing evidence<br>13-834. Misrepresentation<br>13-1633. Fraud |
| New York | M-211 | PJI 1:64. General Instruction - Burden of Proof - Clear and Convincing Evidence<br>PJI 2:278. Damages-Punitive<br>PJI 3:20. Intentional Torts—Fraud and Deceit<br>PJI 3:20.1. Intentional Torts—Fraud and Deceit<br>PJI 3:20.2. Intentional Torts—Fraud and Deceit—Fraudulent Omission<br>PJI 3:21. Negligent Misrepresentation<br>PJI 3:21. SV Special Verdict Form<br>PJI 4:10. Contracts—Consent—Fraud in the Execution |
| North Carolina | M-227 | 800.00. Fraud<br>800.00A. Fraud—Statute of Limitations<br>800.005. Constructive Fraud<br>800.006. Constructive Fraud—Rebuttal by Proof of Openness, Fairness and Honesty<br>800.007. Fraud: Damages<br>800.10. Negligent Misrepresentation<br>800.11. Negligent Misrepresentation: Damages |
| North Dakota | M-238 | 50.12. Contracts - Mutual Consent<br>50.34. Constructive Fraud<br>72.10. Exemplary or Punitive Damages<br>72.12. Fraud as a Basis for Exemplary Damages |

| Ohio | M-243 | CV 449.01 Introduction; fraud defined<br>CV 449.03 Elements of fraud<br>CV 449.05 Types of representations not fraudulent<br>CV 449.07 Expert expressions of opinion<br>CV 449.09 Duty to investigate, inspect<br>CV 449.11 Duty to speak—partial disclosure<br>CV 449.17 Conclusion |
|---|---|---|
| Oklahoma | M-252 | 18.1 False Representation—Elements of Liability<br>18.2 Nondisclosure or Concealment—Elements of Liability<br>18.8 Statements About the Future as False Representatives<br>18.9 Statements of Law as False Representatives<br>23.33 Fraud |
| Oregon | M-258 | § 42.01. Fraudulent Misrepresentation/Deceit/Fraud-General<br>§ 42.02. Fraudulent Misrepresentation-Material<br>§ 42.03. Fraudulent Misrepresentation-False Representation-Failure to Disclose (Special Relationship)<br>§ 42.04. Fraudulent Misrepresentation-False Representation-Half-Truth<br>§ 42.05. Fraudulent Misrepresentation-False Representation-Concealment<br>§ 42.06. Fraudulent Misrepresentation-Reasonable Reliance<br>§ 42.07. Fraudulent Misrepresentation-Statement of Opinion<br>§ 42.08. Fraudulent Misrepresentation-Representations Made to Persons Other Than Plaintiff<br>§ 42.09. Fraudulent Misrepresentation-Promise of Future Performance<br>§ 42.11. Fraudulent Misrepresentation-Burden of Persuasion |
| Pennsylvania | M-270 | 17.240. Fraud<br>17.250. Damages—Fraud<br>17.260 Fraudulent Misrepresentation or Nondisclosure<br>17.270 Damages—Fraudulent Misrepresentation or Nondisclosure |
| Rhode Island | M-275 | 2501.1. Elements of Fraud<br>2505.1. Elements of Conscious Misrepresentation Involving Risk of Physical Harm<br>2506 Concealment - Liability for Nondisclosure<br>2507.1 Misrepresentation Defined<br>2507.2 Misrepresentation Defined - Nondisclosure Equivalent to an Assertion<br>2507.3 Material Fact Defined<br>2507.4 Reasonable Reliance Defined |

| South Carolina | M-283 | § 10-1 Breach of Contract Accompanied by Fraudulent Act—"Fraudulent" Defined<br>§ 10-2 Breach of Contract Accompanied by Fraudulent Act—"Fraudulent Act" Defined<br>§ 10-3 Breach of Contract Accompanied by Fraudulent Act—Breach and Fraud Must be Logically Connected<br>§ 10-4 Breach of Contract Accompanied by Fraudulent Act—Damages<br>§ 18-1 Fraud—Defined<br>§ 18-2 Fraud—Elements<br>§ 18-3 Fraud—Knowledge of Falsity<br>§ 18-4 Fraud—Nondisclosure as Representation<br>§ 18-5 Fraud—Right to Rely<br>§ 18-6 Fraud—Future Promises<br>§ 18-7 Fraud—Constructive Fraud<br>§ 18-8 Fraud—Burden of Proof<br>§ 18-9 Fraud—Nominal Damages<br>§ 18-10 Fraud—Actual Damages<br>§ 18-11 Fraud—Punitive Damages |
|---|---|---|
| Tennessee | M-302 | 8.36. Intentional Misrepresentation<br>8.39. Nondisclosure of Known Facts<br>8.41. Promissory Fraud<br>8.45. Persons to Whom Representations Made<br>8.46. Reliance<br>10.18. Misrepresentation—Products |
| Texas | M-308 | PJC 105.1 Question on Common-Law Fraud—Intentional Misrepresentation<br>PJC 105.2 Instruction on Common-Law Fraud—Intentional Misrepresentation<br>PJC 105.4 Instruction on Common-Law Fraud—Failure to Disclose When There Is Duty to Disclose<br>PJC 105.5 Question on Statute of Limitations—Common Law Fraud<br>PJC 115.19 Question and Instruction on Direct Damages Resulting from Fraud<br>PJC 115.20 Question and Instruction on Consequential Damages Caused by Fraud |
| Utah | M-315 | CV1801 Elements of fraud.<br>CV1802 Elements of negligent misrepresentation.<br>CV1803 Reckless false statement.<br>CV1804 Recovery for misrepresentation of fact.<br>CV1805 Promises and statements of future performance.<br>CV1806 Important statement of fact.<br>CV1807 Duty to speak the whole truth. |

| | | |
|---|---|---|
| | | CV1808 Intent to induce reliance.<br>CV1809 Intent.<br>CV1810 Reasonable reliance.<br>CV1811 Concealment or fraudulent non-disclosure.<br>CV1812 Compensatory damages.<br>CV1899 Special verdict form.<br>CV2124 Fraudulent inducement. |
| Virginia | M-329 | Instruction No. 39.000 Definition of Actual Fraud: Intentional Misrepresentation<br>Instruction No. 39.010 Definition of Misrepresentation<br>Instruction No. 39.020 Definition of Material Fact<br>Instruction No. 39.030 Definition of Reliance<br>Instruction No. 39.040 Definition of Constructive Fraud<br>Instruction No. 39.045 Duty to Take Prompt Action<br>Instruction No. 39.050 Duty to Investigate<br>Instruction No. 39.060 Fact Versus Opinion<br>Instruction No. 39.070 Burden of Proof on Common Law Fraud: Clear and Convincing<br>Instruction No. 39.080 Factors that May Be Considered<br>Instruction No. 39.090 Finding Instruction Common Law: Actual Fraud<br>Instruction No. 39.100 Finding Instruction Common Law: Constructive Fraud<br>Instruction No. 39.110 Finding Instruction Common Law: Actual and Constructive Fraud<br>Instruction No. 45.480 Fraud in the Inducement |
| Washington | M-344 | WPI 160.01 Elements of Fraud<br>WPI 160.02 Fraud—Burden of Proof<br>WPI 160.03 Fraud—Burden of Proof--Combined with Preponderance of Evidence<br>WPI 160.04 Fraud—Burden of Proof on The Issues<br>WPI 165.03.01 Duty To Disclose—Mixed Issues of Fact and Law<br>WPI 165.03.02 Duty to Disclose—Mixed Issues of Fact and Law—Special Verdict Form |
| West Virginia | M-351 | § 1109. Consent |
| Wisconsin | M-353 | JI-2400 Misrepresentation: Bases for Liability and Damages<br>JI-2401 Misrepresentation:<br>JI-2402 Misrepresentation:<br>JI-2403 Misrepresentation:<br>JI-3068 Voidable Contracts: Duress, Fraud, Misrepresentation |

| Wyoming | M-372 | 17.01 Fraud/Intentional Misrepresentation—Elements<br>17.02 Measure of Damages—Fraud<br>17.04 Justifiable Reliance—Defined<br>17.05 Constructive Fraud –Defined |
|---|---|---|

# ALABAMA

1 Ala. Pattern Jury Instr. Civ. 18.00 to 18.12 (3d ed.)

APJI 18.00. Introduction

APJI 18.01. Intentional False Statement

APJI 18.02. Reckless False Statement

APJI 18.03. Mistaken False Statement

APJI 18.04. Deceit

APJI 18.05. Concealment

APJI 18.06. Concealment—Obligation to Make Known As Jury Issue

APJI 18.07. Promissory Fraud

APJI 18.08. Definition of Important Fact/Promise

APJI 18.09. Opinions as Statements of Fact

APJI 18.10. Reliance

APJI 18.11. Defense—Statute of Limitations

APJI 18.12. Future Act

APJI 18.00 Introduction [PL], 1 Ala. Pattern Jury Instr. Civ. 18.00 (3d ed.)

Case 1:19-md-02875-RMB-SAK    Document 2008-14    Filed 04/12/22    Page 12 of 386
PageID: 59616

**1 Ala. Pattern Jury Instr. Civ. 18.00 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 18. Fraud [PL]**

# APJI 18.00 Introduction [PL]

Plaintiff (name of plaintiff) says that (he/she) was harmed by the false statements of defendant (name of defendant). A false statement may be spoken, written or other conduct. (Name of plaintiff) says the false statement is (describe claim). (Name of defendant) denies (describe defense).

**1 Ala. Pattern Jury Instr. Civ. 18.01 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 18. Fraud [PL]**

# APJI 18.01 Intentional False Statement [PL]

Plaintiff (name of plaintiff) says that defendant (name of defendant) intentionally made a false statement that harmed (him/her/it). To recover damages on this claim, (name of plaintiff) must prove to your reasonable satisfaction all of the following:

1. That (name of defendant) intentionally stated to (name of plaintiff) that a present or past important fact was true;

2. That (name of defendant)'s statement was false;

3. That (name of defendant) knew that the statement was false when (he/she/it) made it and (name of plaintiff) did not know it was false;

4. That (name of defendant) intended that (name of plaintiff) rely on the statement;

5. That (name of plaintiff) reasonably relied on the statement; and

6. That (name of plaintiff) (acted/did not act) and was harmed.
If (name of plaintiff) proves all these things, you must find for (him/her/it) and then you must determine what amount of money to award (him/her/it) for the harm. If (name of plaintiff) does not prove all these things, you must find for (name of defendant).

**M-3**

**1 Ala. Pattern Jury Instr. Civ. 18.02 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 18. Fraud [PL]**

# APJI 18.02 Reckless False Statement [PL]

Plaintiff (name of plaintiff) says that defendant (name of defendant) recklessly made a false statement that harmed (him/her/it). To recover damages on this claim, (name of plaintiff) must prove to your reasonable satisfaction all of the following:

1. That (name of defendant) recklessly stated to (name of plaintiff) that a present or past important fact was true;

2. That (name of defendant)'s statement was false;

3. That (name of defendant) made the statement without knowing whether it was true when (he/she/it) made it and (name of plaintiff) did not know it was false;

4. That (name of defendant) intended that (name of plaintiff) rely on the statement;

5. That (name of plaintiff) reasonably relied on the statement; and

6. That (name of plaintiff) (acted/did not act) and was harmed.
If (name of plaintiff) proves all these things, you must find for (him/her/it) and then you must determine what amount of money to award (him/her/it) for the harm. If (name of plaintiff) does not prove all these things, you must find for (name of defendant).

M-4

**1 Ala. Pattern Jury Instr. Civ. 18.03 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 18. Fraud [PL]**

# APJI 18.03 Mistaken False Statement [PL]

Plaintiff (name of plaintiff) says that defendant (name of defendant) by mistake and innocently made a false statement that harmed (him/her/it). To recover damages on this claim, (name of plaintiff) must prove to your reasonable satisfaction all of the following:

1. That (name of defendant) stated to (name of plaintiff) that a present or past important fact was true;

2. That (name of defendant)'s statement was false;

3. That (name of defendant) intended that (name of plaintiff) rely on the statement;

4. That (name of plaintiff) reasonably relied on (name of defendant)'s statement; and

5. That (name of plaintiff) (acted/did not act) and was harmed.
If (name of plaintiff) proves all these things, you must find for (him/her/it) and then you must determine what amount of money to award (him/her/it) for the harm. If (name of plaintiff) does not prove all these things, you must find for (name of defendant).

**1 Ala. Pattern Jury Instr. Civ. 18.04 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 18. Fraud [PL]**

# APJI 18.04 Deceit [PL]

Plaintiff (name of plaintiff) says that defendant (name of defendant) intentionally made a false statement that harmed (him/her/it). To recover damages on this claim, (name of plaintiff) must prove to your reasonable satisfaction all of the following:

1. That (name of defendant) intentionally stated to (name of plaintiff) that a present or past important fact was true;

2. That (name of defendant)'s statement was false;

3. That (name of defendant) knew that the statement was false when (he/she/it) made it and (name of plaintiff) did not know it was false;

4. That (name of plaintiff) (acted/did not act) and was harmed.
If (name of plaintiff) proves all these things, you must find for (him/her/it) and then you must determine what amount of money to award (him/her/it) for the harm. If (name of plaintiff) does not prove all these things, you must find for (name of defendant).

**1 Ala. Pattern Jury Instr. Civ. 18.05 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 18. Fraud [PL]**

# APJI 18.05 Concealment [PL]

Plaintiff (name of plaintiff) says that (he/she/it) was harmed because defendant (name of defendant) hid or withheld important fact(s) from (him/her/it). To recover, (name of plaintiff) must prove to your reasonable satisfaction by all the evidence all of the following:

1. That (state the disputed fact(s) the trial judge has determined, if true, impose a duty to disclose on the defendant);

2. (Name of defendant) hid or withheld an important fact from (name of plaintiff);

3. (Name of plaintiff) did not know of the important fact; and,

4. Because (name of plaintiff) did not know the important fact, (name of plaintiff) (acted/did not act) and was harmed.
If (name of plaintiff) proves all these things, you must find for (him/her/it); and then you must determine what amount of money to award (him/her/it) for the harm. If (name of plaintiff) does not prove all these things, you must find for (name of defendant).

Revised March 7, 2014

**1 Ala. Pattern Jury Instr. Civ. 18.06 (3d ed.)**

**Alabama Pattern Jury Instructions Civil**  |  December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 18. Fraud [PL]**

# APJI 18.06 Concealment—Obligation to Make Known As Jury Issue [PL]

Plaintiff (name of plaintiff) must prove to your reasonable satisfaction that Defendant (name of defendant) was under an obligation to make known the important fact to (name of plaintiff). In deciding whether (name of defendant) was under an obligation to make known the important fact, you can consider the parties (intelligence, educational background, experience, knowledge and power) and whether (name of defendant) had knowledge, power or expertise not shared by (name of plaintiff).

**1 Ala. Pattern Jury Instr. Civ. 18.07 (3d ed.)**

**Alabama Pattern Jury Instructions Civil**  |  December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 18. Fraud [PL]**

# APJI 18.07 Promissory Fraud [PL]

Plaintiff (name of plaintiff) says the defendant (name of defendant) promised (describe the promise) in the future. To recover damages on this claim, (name of plaintiff) must prove to your reasonable satisfaction all of the following:

1. That (name of defendant) made the promise;

2. That when (name of defendant) made the promise (he/she/it) intended to deceive (name of plaintiff) by not keeping the promise;

3. That (name of plaintiff) (acted/did not act) and was harmed.
If (name of plaintiff) proves all these things, you must find for (him/her/it) and then you must determine what amount of money to award (him/her/it) for the harm. If (name of plaintiff) does not prove all these things, you must find for (name of defendant).

**1 Ala. Pattern Jury Instr. Civ. 18.08 (3d ed.)**

**Alabama Pattern Jury Instructions Civil**  |  December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 18. Fraud [PL]**

# APJI 18.08 Definition of Important Fact/Promise [PL]

A (fact/promise) is important if it would cause plaintiff (name of plaintiff) to (act/not act). A (fact or promise) is important if the person who (represents/makes) it knows that the person to whom the (statement/promise) is made is likely to (act/not act).

M-10

Case 1:19-md-02875-RMB-SAK    Document 2008-14    Filed 04/12/22    Page 21 of 386
PageID: 59625
APJI 18.09 Opinions as Statements of Fact [PL], 1 Ala. Pattern Jury Instr. Civ. 18.09...

**1 Ala. Pattern Jury Instr. Civ. 18.09 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 18. Fraud [PL]**

# APJI 18.09 Opinions as Statements of Fact [PL]

An opinion is a person's belief that a fact exists, a statement regarding a future event, or a judgment about quality, value or similar matters. Ordinarily, an opinion is not considered a statement of fact. However, defendant (name of defendant)'s opinion is considered a statement of fact if plaintiff (name of plaintiff) proves that:

(Name of defendant) claimed to have special knowledge about the business at hand that (name of plaintiff) did not have; or

(Name of defendant) made a statement, not as a casual expression of belief, but in a way that assured that the statement is true; or

(Name of defendant) had a relationship of trust and confidence with (name of plaintiff); or

(Name of defendant) had some other special reason to expect that (name of plaintiff) would place full confidence in his or her opinion.

**M-11**

**1 Ala. Pattern Jury Instr. Civ. 18.10 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 18. Fraud [PL]**

# APJI 18.10 Reliance [PL]

A plaintiff suing for fraud must have reasonably relied on the important fact(s) by (acting/not acting) on the important fact(s). You must take into account all the circumstances that existed at the time in deciding if plaintiff (name of plaintiff) reasonably relied on the important fact(s). Among the circumstances you may consider are (see examples in Notes on Use and References).

In Foremost, the Alabama Supreme Court stated that "a return to the 'reasonable reliance' standard will once again provide a mechanism, which was available before Hickox, whereby the trial court can enter a judgment as a matter of law in a fraud case

M-12

**1 Ala. Pattern Jury Instr. Civ. 18.11 (3d ed.)**

**Alabama Pattern Jury Instructions Civil**    December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 18. Fraud [PL]**

# APJI 18.11 Defense—Statute of Limitations [PL]

The law requires that (name of plaintiff) must have filed this lawsuit within two years of the fraud or within two years from when (name of plaintiff) discovered or should have reasonably discovered the fraud.

(Name of defendant) says (name of plaintiff) must have filed this lawsuit by (date) because (state the defendant's reason(s)). This lawsuit was filed (date).

(Name of defendant) must reasonably satisfy you from the evidence that (name of plaintiff) did not timely file this lawsuit. If (he/she/it) does, you must find for (name of defendant).

Revised Oct. 7, 2016

Copyright © 1993-2020 by Alabama Pattern Jury Instructions Committee

M-13

Case 1:19-md-02875-RMB-SAK    Document 2008-14    Filed 04/12/22    Page 24 of 386
PageID: 59628

APJI 18.12 Future Act [PL], 1 Ala. Pattern Jury Instr. Civ. 18.12 (3d ed.)

**1 Ala. Pattern Jury Instr. Civ. 18.12 (3d ed.)**

**Alabama Pattern Jury Instructions Civil** | December 2020 Update
Prepared by the Alabama Pattern Jury Instructions Committee-Civil

**Chapter 18. Fraud [PL]**

# APJI 18.12 Future Act [PL]

The plaintiff's fraud claim is based upon an alleged promise (to perform or abstain from) an act in the future. In order to recover, the plaintiff must reasonably satisfy you from the evidence that the promise was made, that at the time the promise was made the defendant did not intend to carry out the promise and that the defendant had a present intent to deceive.

Copyright © 1993-2020 by Alabama Pattern Jury Instructions Committee

# ALASKA

Alaska Civil Pattern Jury Instructions §§ 17.01 to 17.07

17.01. Intentional Misrepresentation

17.02. Knowledge that a Statement is False or Misleading

17.03. Justifiable Reliance

17.05. Negligent Misrepresentation

17.06. Nondisclosure

17.07. Duty to Disclose

*Alaska Civil Pattern Jury Instructions 17.01*

*Alaska Civil Pattern Jury Instructions > Article 17 Fraud and Negligent Misrepresentation*

## § 17.01 Intentional Misrepresentation (2010)

The plaintiff claims that [he][she] was harmed because the defendant made an intentional misrepresentation to the plaintiff. In order to win on this claim, the plaintiff must prove it is more likely true than not true that:

(1) the defendant made a false or misleading statement to the plaintiff;

(2) the defendant knew the statement was false or misleading when [he] [she] made it;

(3) the defendant intended or had reason to expect that the plaintiff would rely on the statement;

(4) the plaintiff justifiably relied on the statement;

(5) the plaintiff suffered a monetary loss; and

(6) the plaintiff's reliance on the statement was a substantial factor in causing the plaintiff's loss.

*Alaska Civil Pattern Jury Instructions 17.02*

*Alaska Civil Pattern Jury Instructions  >  Article 17 Fraud and Negligent Misrepresentation*

## § 17.02 Knowledge that a Statement is False or Misleading (2010)

The defendant knew that the statement was false or misleading if, at the time it was made:

(1) the defendant knew or believed the matter was not as [he][she] represented;

(2) the defendant did not have the confidence in the accuracy of the statement that [he][she] stated or implied; or

(3) the defendant knew [he][she] did not have the basis for the statement that [he][she] stated or implied.

*Alaska Civil Pattern Jury Instructions 17.03*

*Alaska Civil Pattern Jury Instructions > Article 17 Fraud and Negligent Misrepresentation*

## § 17.03 Justifiable Reliance (2010)

The plaintiff justifiably relied on the statement if:

(1) a reasonable person would consider the statement important when deciding whether to act; or

(2) the defendant knew or had reason to know that this particular plaintiff would consider the statement important when deciding whether to act.

*Alaska Civil Pattern Jury Instructions 17.05*

*Alaska Civil Pattern Jury Instructions  >  Article 17 Fraud and Negligent Misrepresentation*

## § 17.05 Negligent Misrepresentation (2010)

The plaintiff claims that [he][she] was harmed because the defendant made a negligent misrepresentation to the plaintiff. To win on this claim, the plaintiff must prove it is more likely true than not true that:

(1) the defendant made a statement in the course of business, employment, or some other enterprise or transaction in which [he][she] had a financial interest;

(2) the statement was false at the time it was made;

(3) the defendant failed to use reasonable care when making the statement;

(4) the plaintiff justifiably relied on the statement to [his][her] detriment;

(5) the plaintiff suffered a monetary loss; and

(6) the plaintiff's reliance on the statement was a substantial factor in causing the plaintiff's loss.

*Alaska Civil Pattern Jury Instructions 17.06*

*Alaska Civil Pattern Jury Instructions > Article 17 Fraud and Negligent Misrepresentation*

# § 17.06 Nondisclosure (2010)

The plaintiff alleges that [he][she] was harmed because the defendant failed to disclose information related to a transaction. To win on this claim, the plaintiff must prove it is more likely true than not true that:

(1) the defendant had a duty to disclose information to the plaintiff regarding the transaction;

(2) the defendant failed to take reasonable steps to disclose this information to the plaintiff;

(3) the information was known to the defendant before the transaction was completed;

(4) the defendant knew that the information could affect the plaintiff's decision about the transaction;

(5) the plaintiff justifiably relied on an understanding of the transaction that was based on the absence of the information;

(6) the plaintiff suffered a monetary loss; and

(7) the defendant's failure to disclose the information was a substantial factor in causing the plaintiff's loss.

*Alaska Civil Pattern Jury Instructions 17.07*

*Alaska Civil Pattern Jury Instructions  >  Article 17 Fraud and Negligent Misrepresentation*

## § 17.07 Duty to Disclose (2010)

You must decide whether the defendant had a duty to disclose information to the plaintiff. A party to a transaction has a duty to use reasonable care to disclose information to the other party before the transaction is completed if:

(1) there is a fiduciary relationship or other relation of trust and confidence between the parties; or

(2) the defendant has information that [he][she] knows is necessary to prevent the plaintiff from misunderstanding the facts as presented by the defendant; or

(3) the defendant acquires information that [he][she] knows will make the defendant's previous statement untrue or misleading; or

(4) The defendant made a false or misleading statement without expecting that the plaintiff would rely on the statement, but the defendant later learns that the plaintiff is about to rely on the statement; or

(5) the defendant knows the plaintiff is about to enter into the transaction based upon a mistake concerning a basic fact, and the plaintiff would reasonably expect the defendant to correct the mistake because of the plaintiff's relationship to the defendant, customs of the trade, or other circumstances. A basic fact is an important fact that is assumed by the parties and that relates to a fundamental element of the transaction.

# ARIZONA

RAJI (CIVIL) 7th Commercial Torts, Chapter 24.

RAJI (CIVIL) 7th Commercial Torts 24, Common Law Fraud

## *RAJI (CIVIL) 7th Commercial Torts 24*

*Arizona Jury Instructions - Civil  >  COMMERCIAL TORTS INSTRUCTIONS*

# COMMERCIAL TORTS 24 Common Law Fraud

[ *Name of plaintiff*] claims that [ *name of defendant*] defrauded [ *name of plaintiff*]. To establish this claim, [ *name of plaintiff*] must prove by clear and convincing evidence:

1. [ *Name of defendant*] made a representation to [ *name of plaintiff*]     [1];

2. The representation was false;

3. The representation was material, which means that it was sufficiently important to influence [ *name of plaintiff*]'s [a reasonable person's]     [2] actions;

4. [ *Name of defendant*] knew that the representation was false;

5. [ *Name of defendant*] intended that [ *name of plaintiff*] would act upon the representation in the manner reasonably contemplated by [ *name of defendant*];

6. [ *Name of plaintiff*] did not know that the representation was false;

7. [ *Name of plaintiff*] relied on the truth of the representation;

8. [ *Name of plaintiff*]'s reliance was reasonable and justified under the circumstances; and

9. As a result, [ *name of plaintiff*] was damaged.

# ARKANSAS

Arkansas Model Jury Instructions - Civil (AMI) 402

Civil AMI 402: Issues—Claim for Damages Based Upon Deceit—Burden of Proof.

## *Arkansas Model Jury Instructions - Civil (AMI) 402*

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 4 INTENTIONAL TORTS AND DEFAMATION*

# AMI 402 ISSUES--CLAIM FOR DAMAGES BASED UPON DECEIT--BURDEN OF PROOF

(Plaintiff)  claims damages from (defendant)  for deceit and has the burden of proving each of the following five essential propositions:

First, that  *[he][she]* has sustained damages;

Second, that a false representation of a material fact was made by (defendant);

Third, that (defendant)  *[either] [knew or believed that the representation was false], [or] [(he)(she)* knew or believed that  *(he)(she)* did not have a sufficient basis of information to make the representation]

Fourth, that (defendant)  intended to induce (plaintiff)  *[to act] [or] [to refrain from acting]* in reliance upon the misrepresentation; and

Fifth, that (plaintiff)  justifiably relied upon the representation in  *[acting] [or] [refraining from acting]* and as a result sustained damages.

A fact or statement of fact is material if it was a substantial factor in influencing (plaintiff)  's decision. It is not necessary, however, that it be the paramount or decisive factor, but only one that a reasonable person would attach importance to in making a decision.

[If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for (plaintiff)  (against the party or parties who made the false representation); but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for (defendant).  ]

# CALIFORNIA

6 California Forms of Jury Instruction 1900-04, 1906-08, 1921-24 (2022)

CACI 1900. Intentional Misrepresentation

CACI 1901. Concealment

CACI 1902. False Promise

CACI 1903. Negligent Misrepresentation

CACI 1904. Opinions as Statements of Fact

CACI 1906. Misrepresentations Made to Persons Other Than the Plaintiff

CACI 1907. Reliance

CACI 1908. Reasonable Reliance

CACI 1921. Buyer's Damages for Purchase or Acquisition of Property—Lost Profits

CACI 1922. Seller's Damages for Sale or Exchange of Property

CACI 1923. Damages—"Out of Pocket" Rule

CACI 1924. Damages—"Benefit of the Bargain" Rule

## 1900. Intentional Misrepresentation

[*Name of plaintiff*] **claims that** [*name of defendant*] **made a false representation that harmed** [**him/her**/*nonbinary pronoun*/**it**]**. To establish this claim,** [*name of plaintiff*] **must prove all of the following:**

1. **That** [*name of defendant*] **represented to** [*name of plaintiff*] **that a fact was true;**

2. **That** [*name of defendant*]**'s representation was false;**

3. **That** [*name of defendant*] **knew that the representation was false when** [**he/she**/*nonbinary pronoun*] **made it, or that** [**he/she**/*nonbinary pronoun*] **made the representation recklessly and without regard for its truth;**

4. **That** [*name of defendant*] **intended that** [*name of plaintiff*] **rely on the representation;**

5. **That** [*name of plaintiff*] **reasonably relied on** [*name of defendant*]**'s representation;**

6. **That** [*name of plaintiff*] **was harmed; and**

7. **That** [*name of plaintiff*]**'s reliance on** [*name of defendant*]**'s representation was a substantial factor in causing** [**his/her**/*nonbinary pronoun*/**its**] **harm.**

Copyright Judicial Council of California

## 1901. Concealment

[*Name of plaintiff*] **claims that** [**he/she/***nonbinary pronoun*] **was harmed because** [*name of defendant*] **concealed certain information. To establish this claim,** [*name of plaintiff*] **must prove all of the following:**

[**1. (a) That** [*name of defendant*] **and** [*name of plaintiff*] **were** [*insert type of fiduciary relationship, e.g., "business partners"*]**; and**

**(b) That** [*name of defendant*] **intentionally failed to disclose certain facts to** [*name of plaintiff*]**;]**

*[or]*

[**1. That** [*name of defendant*] **disclosed some facts to** [*name of plaintiff*] **but intentionally failed to disclose** [**other/another**] **fact[s], making the disclosure deceptive;]**

*[or]*

[**1. That** [*name of defendant*] **intentionally failed to disclose certain facts that were known only to** [**him/her/***nonbinary pronoun***/it**] **and that** [*name of plaintiff*] **could not have discovered;]**

*[or]*

[**1. That** [*name of defendant*] **prevented** [*name of plaintiff*] **from discovering certain facts;]**

**2. That** [*name of plaintiff*] **did not know of the concealed fact[s];**

**3. That** [*name of defendant*] **intended to deceive** [*name of plaintiff*] **by concealing the fact[s];**

**4. That had the omitted information been disclosed,** [*name of plaintiff*] **reasonably would have behaved differently;**

**5. That** [*name of plaintiff*] **was harmed; and**

**6. That** [*name of defendant*]**'s concealment was a substantial factor in causing** [*name of plaintiff*]**'s harm.**

Copyright Judicial Council of California

## 1902. False Promise

---

[*Name of plaintiff*] **claims [he/she/***nonbinary pronoun***] was harmed because** [*name of defendant*] **made a false promise. To establish this claim, [***name of plaintiff***] must prove all of the following:**

1. **That [***name of defendant***] made a promise to [***name of plaintiff***];**

2. **That [***name of defendant***] did not intend to perform this promise when [he/she/***nonbinary pronoun***] made it;**

3. **That [***name of defendant***] intended that [***name of plaintiff***] rely on this promise;**

4. **That [***name of plaintiff***] reasonably relied on [***name of defendant***]'s promise;**

5. **That [***name of defendant***] did not perform the promised act;**

6. **That [***name of plaintiff***] was harmed; and**

7. **That [***name of plaintiff***]'s reliance on [***name of defendant***]'s promise was a substantial factor in causing [his/her/***nonbinary pronoun***/its] harm.**

---

Copyright Judicial Council of California

## 1903. Negligent Misrepresentation

---

[*Name of plaintiff*] **claims [he/she/***nonbinary pronoun***/it] was harmed because [***name of defendant***] negligently misrepresented a fact. To establish this claim, [***name of plaintiff***] must prove all of the following:**

1. **That [***name of defendant***] represented to [***name of plaintiff***] that a fact was true;**

2. **That [***name of defendant***]'s representation was not true;**

3. **That [although [***name of defendant***] may have honestly believed that the representation was true,] [[***name of defendant***]/he/she/***nonbinary pronoun***] had no reasonable grounds for believing the representation was true when [he/she/***nonbinary pronoun***] made it;**

4. **That [***name of defendant***] intended that [***name of plaintiff***] rely on this representation;**

5. **That [***name of plaintiff***] reasonably relied on [***name of defendant***]'s representation;**

6. **That [***name of plaintiff***] was harmed; and**

7. **That [***name of plaintiff***]'s reliance on [***name of defendant***]'s representation was a substantial factor in causing [his/her/***nonbinary pronoun***/its] harm.**

---

Copyright Judicial Council of California

## 1904. Opinions as Statements of Fact

---

**Ordinarily, an opinion is not considered a representation of fact. An opinion is a person's belief that a fact exists, a statement regarding a future event, or a judgment about quality, value, authenticity, or similar matters. However, [*name of defendant*]'s opinion is considered a representation of fact if [*name of plaintiff*] proves that:**

> **[[*Name of defendant*] claimed to have special knowledge about the subject matter that [*name of plaintiff*] did not have;] [or]**

> **[[*Name of defendant*] made a representation, not as a casual expression of belief, but in a way that declared the matter to be true;] [or]**

> **[[*Name of defendant*] had a relationship of trust and confidence with [*name of plaintiff*];] [or]**

> **[[*Name of defendant*] had some other special reason to expect that [*name of plaintiff*] would rely on the defendant's opinion.]**

---

Copyright Judicial Council of California
**M-31**

## 1906. Misrepresentations Made to Persons Other Than the Plaintiff

---

[*Name of defendant*] **is responsible for a representation that was not made directly to** [*name of plaintiff*] **if** [**he/she**/*nonbinary pronoun*/**it**] **made the representation** [**to a group of persons including** [*name of plaintiff*]] [**or**] [**to another person, intending or reasonably expecting that it would be repeated to** [*name of plaintiff*]]**.**

---

Copyright Judicial Council of California

## 1907.  Reliance

---

[*Name of plaintiff*] **relied on** [*name of defendant*]**'s [misrepresentation/concealment/false promise] if:**

1. **The [misrepresentation/concealment/false promise] substantially influenced [him/her/**nonbinary pronoun**/it] to** [*insert brief description of the action, e.g., "buy the house"*]**; and**

2. **[He/She/**Nonbinary pronoun**/It] would probably not have** [*e.g., bought the house*] **without the [misrepresentation/concealment/false promise].**

**It is not necessary for a [misrepresentation/concealment/false promise] to be the only reason for** [*name of plaintiff*]**'s conduct.**

---

Copyright Judicial Council of California
**M-33**

### 1908. Reasonable Reliance

In determining whether [*name of plaintiff*]'s reliance on the [misrepresentation/concealment/false promise] was reasonable, [he/she/ *nonbinary pronoun*/it] must first prove that the matter was material. A matter is material if a reasonable person would find it important in deciding what to do.

If you decide that the matter is material, you must then decide whether it was reasonable for [*name of plaintiff*] to rely on the [misrepresentation/ concealment/false promise]. In making this decision, take into consideration [*name of plaintiff*]'s intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a [misrepresentation/ concealment/false promise] that is preposterous. It also is not reasonable for anyone to rely on a [misrepresentation/concealment/false promise] if facts that are within [his/her/*nonbinary pronoun*] observation show that it is obviously false.

Copyright Judicial Council of California

### 1921. Buyer's Damages for Purchase or Acquisition of Property—Lost Profits

---

[*Name of plaintiff*] **may recover damages for profits [or other gains] [he/she/***nonbinary pronoun***/it] would have made if the property had been as represented. [*Name of plaintiff*] can recover these profits [or other gains] only if [he/she/***nonbinary pronoun***/it] has proved all of the following:**

   1. **That [*name of plaintiff*] acquired the property for the purpose of using or reselling it for a [profit/gain];**

   2. **That [*name of plaintiff*] reasonably relied on [*name of defendant*]'s [false representation/failure to disclose/promise] in entering into the transaction and in anticipating [profits/gains] from the use or sale of the property; and**

   3. **That [*name of defendant*]'s [false representation/failure to disclose/promise] and [*name of plaintiff*]'s reliance on it were both substantial factors in causing the lost profits.**

**You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.**

---

Copyright Judicial Council of California

**M-35**

## 1922. Seller's Damages for Sale or Exchange of Property

If you decide that [*name of plaintiff*] has proved [**his/her**/*nonbinary pronoun*/**its**] claim against [*name of defendant*], you also must decide how much money will reasonably compensate [*name of plaintiff*] for the harm. This compensation is called "damages."

[*Name of plaintiff*] must prove the amount of [**his/her**/*nonbinary pronoun*/**its**] damages. However, [*name of plaintiff*] does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by [*name of plaintiff*]:

1. The difference between the fair market value of the property at the time of sale and [the amount that [*name of plaintiff*] received] [or] [the fair market value of what [*name of plaintiff*] received in exchange for the property];

2. Amounts that [*name of plaintiff*] reasonably spent in reliance on [*name of defendant*]'s [false representation/failure to disclose/promise] if those amounts would not otherwise have been spent in the sale or exchange of the property;

3. Loss of use and enjoyment of the property from [*insert beginning date*] to [*insert end date*], to the extent that [*name of defendant*]'s [false representation/failure to disclose/promise] was a substantial factor in causing that loss of use and enjoyment of the property;

4. Profits or other gains from [*insert beginning date*] to [*insert end date*], that [*name of plaintiff*] might reasonably have earned by use of the property if [**he/she**/*nonbinary pronoun*] had kept it; and

5. Any additional damage arising from the particular transaction.

Copyright Judicial Council of California

## 1923. Damages—"Out of Pocket" Rule

---

If you decide that [*name of plaintiff*] has proved [his/her/*nonbinary pronoun*/its] claim against [*name of defendant*], you also must decide how much money will reasonably compensate [*name of plaintiff*] for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that [*name of defendant*] was a substantial factor in causing, even if the particular harm could not have been anticipated.

[*Name of plaintiff*] must prove the amount of [his/her/*nonbinary pronoun*/its] damages. However, [*name of plaintiff*] does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To decide the amount of damages you must determine the [fair market] value of what [*name of plaintiff*] gave and subtract from that amount the [fair market] value of what [he/she/*nonbinary pronoun*/it] received.

["Fair market value" is the highest price that a willing buyer would have paid on the date of the transaction to a willing seller, assuming:

1.  That there is no pressure on either one to buy or sell; and

2.  That the buyer and seller know all the uses and purposes for which the [*insert item*] is reasonably capable of being used.]

[*Name of plaintiff*] may also recover amounts that [he/she/*nonbinary pronoun*/it] reasonably spent in reliance on [*name of defendant*]'s [false representation/failure to disclose/false promise] if those amounts would not otherwise have been spent.

---

## 1924. Damages—"Benefit of the Bargain" Rule

If you decide that [*name of plaintiff*] has proved [his/her/*nonbinary pronoun*/its] claim against [*name of defendant*], you also must decide how much money will reasonably compensate [*name of plaintiff*] for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that [*name of defendant*] was a substantial factor in causing, even if the particular harm could not have been anticipated.

[*Name of plaintiff*] must prove the amount of [his/her/*nonbinary pronoun*/its] damages. However, [*name of plaintiff*] does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To determine the amount of damages, you must:

1. Determine the fair market value that [*name of plaintiff*] would have received if the representations made by [*name of defendant*] had been true; and

2. Subtract the fair market value of what [he/she/*nonbinary pronoun*/it] did receive.

The resulting amount is [*name of plaintiff*]'s damages. "Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1. That there is no pressure on either one to buy or sell; and

2. That the buyer and seller know all the uses and purposes for which the [*insert item*] is reasonably capable of being used.

Fair market value must be determined as of the date that [*name of plaintiff*] discovered [*name of defendant*]'s [false representation/ failure to disclose].

[*Name of plaintiff*] may also recover amounts that [he/she/*nonbinary pronoun*/it] reasonably spent in reliance on [*name of defendant*]'s [false representation/failure to disclose/false promise] if those amounts would not otherwise have been spent.

# COLORADO

### CJI-Civ 19:1 to 19:17

19.1. False Representation – Elements of Liability

19.2. Nondisclosure or Concealment – Elements of Liability

19.3. False Representation – Defined

19.4. Material Fact – Defined

19.5. Nondisclosure – Duty to Disclose

19.6. Concealment – Defined

19.7. False Representation – Reliance – Defined

19.8. Justifiable Reliance on False Representation - Defined

19.9. Justifiable Reliance – Nondisclosure or Concealment – Defined

19.10. Justifiable Reliance – No General Duty to Investigate

19.11. Reliance After Investigation

19.12. Statements of Future Intention or Promises as False Representations

19.13. Statements About the Future as False Representations

19.14. Statements of Law as False Representations

19.15. Statements of Opinion as False representations

19.16. Affirmative Defense – Waiver by Plaintiff Before Plaintiff's Complete Performance

19.17. Actual Damages

## *CJI-Civ 19:1*

*Colorado Jury Instructions for Civil Trials  >   CHAPTER 19. DECEIT BASED ON FRAUD*

# 19:1 FALSE REPRESENTATION -- ELEMENTS OF LIABILITY

For the plaintiff,   *(name)*,   to recover from the defendant,   *(name)*,   on (his) (her) claim of deceit based on fraud, you must find all of the following have been proved by a preponderance of the evidence:

      1. The defendant made a false representation of a past or present fact;

      2. The fact was material;

      3. At the time the representation was made, the defendant:

          (a) knew the representation was false; or

          (b) was aware that (he) (she) did not know whether the representation was true or false;

      4. The defendant made the representation with the intent that (the plaintiff) (a group of persons of which the plaintiff was a member) would rely on the representation;

      5. The plaintiff relied on the representation;

      6. The plaintiff's reliance was justified; and

      7. This reliance caused (injuries) (damages) (losses) to the plaintiff.

If you find that any one or more of these   *(number)*   statements has not been proved, then your verdict must be for the defendant.

On the other hand, if you find that all of these   *(number)*   statements have been proved, (then your verdict must be for the plaintiff) (then you must consider the defendant's affirmative defense(s) of   *[insert any affirmative defense that would be a complete defense to plaintiff's claim]*).

If you find that (this affirmative defense has) (any one or more of these affirmative defenses have) been proved by a preponderance of the evidence, then your verdict must be for the defendant.

However, if you find that (this affirmative defense has not) (none of these affirmative defenses have) been proved, then your verdict must be for the plaintiff.

## *CJI-Civ 19:2*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 19. DECEIT BASED ON FRAUD*

## 19:2 NONDISCLOSURE OR CONCEALMENT -- ELEMENTS OF LIABILITY

For the plaintiff,   *(name)*,   to recover from the defendant,   *(name)*,   on (his) (her) claim of deceit based on fraud, you must find all of the following have been proved by a preponderance of the evidence:

1. The defendant (concealed a past or present fact) (failed to disclose a past or present fact which [he] [she] had a duty to disclose);

2. The fact was material;

3. The defendant (concealed it) (failed to disclose it) with the intent of creating a false impression of the actual facts in the mind of the plaintiff;

4. The defendant (concealed) (failed to disclose) the fact with the intent that the plaintiff take a course of action (he) (she) might not take if (he) (she) knew the actual facts;

5. The plaintiff took such action or decided not to act relying on the assumption that the (concealed) (undisclosed) fact did not exist or was different from what it actually was;

6. The plaintiff's reliance was justified; and

7. This reliance caused (injuries) (damages) (losses) to the plaintiff.

If you find that any one or more of these   *(number)*   statements has not been proved, then your verdict must be for the defendant.

On the other hand, if you find that all of these   *(number)*   statements have been proved, (then your verdict must be for the plaintiff) (then you must consider the defendant's affirmative defense(s) of   *[insert any affirmative defense that would be a complete defense to plaintiff's claim]*).

If you find that (this affirmative defense has) (any one or more of these affirmative defenses have) been proved by a preponderance of the evidence, then your verdict must be for the defendant.

However, if you find that (this affirmative defense has not) (none of these affirmative defenses have) been proved, then your verdict must be for the plaintiff.

*CJI-Civ 19:3*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 19. DECEIT BASED ON FRAUD*

## 19:3 FALSE REPRESENTATION -- DEFINED

A false representation is any oral or written words, conduct, or combination of words and conduct that creates an untrue or misleading impression in the mind of another.

*CJI-Civ 19:4*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 19. DECEIT BASED ON FRAUD*

## 19:4 MATERIAL FACT -- DEFINED

A fact is material if a reasonable person under the circumstances would regard it as important in deciding what to do.

A fact may also be material even though a reasonable person might not regard it as important, if (the person stating it knows that) (the person concealing it knows that) the person receiving the information would regard it as important in deciding what to do.

## *CJI-Civ 19:5*

*Colorado Jury Instructions for Civil Trials  >   CHAPTER 19. DECEIT BASED ON FRAUD*


# 19:5 NONDISCLOSURE -- DUTY TO DISCLOSE

The defendant,   *(name)*,   had a duty to disclose material facts if (he) (she) knew about them and if:

(1. The defendant and the plaintiff were in a [confidential] [or] [fiduciary] relationship) (or)

(2. The defendant stated some facts, but not all material facts, knowing that they would create a false impression in the mind of the plaintiff) (or)

(3. The defendant knew that by [his] [her] own unclear or deceptive words or conduct that [he] [she] created a false impression of the actual facts in the mind of the plaintiff) (or)

(4. The defendant knew that the plaintiff was not in a position to discover the facts for [himself] [herself]) (or)

(5. The defendant communicated material facts that were true or that [he] [she] believed were true at the time the time they were communicated. Later, the defendant learned that the material facts were [not] [no longer] true and knew that the plaintiff was acting under the impression that the facts were true) (or)

(6. The defendant promised to perform an act or communicated an intention to perform an act knowing that undisclosed facts made [his] [her] performance unlikely.)

*CJI-Civ 19:6*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 19. DECEIT BASED ON FRAUD*

# 19:6 CONCEALMENT -- DEFINED

The defendant,  *(name)*,  concealed a fact that (he) (she) knew, if, by conduct, or by written or oral words, or by a combination of conduct and words, (he) (she) created a false impression of the actual fact in the mind of the plaintiff,  *(name)*:

(1. By covering up the truth) (or)

(2. By preventing the plaintiff from discovering the actual fact for [himself] [herself]).

*CJI-Civ 19:7*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 19. DECEIT BASED ON FRAUD*

# 19:7 FALSE REPRESENTATION -- RELIANCE -- DEFINED

The plaintiff,    *(name)*,    relied on the claimed representation if (he) (she) believed it was true, and based on that representation:

(1. Took action [he] [she] otherwise would not have taken) (or)

(2. Decided not to take action [he] [she] otherwise would have taken.)

## *CJI-Civ 19:8*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 19. DECEIT BASED ON FRAUD*

## 19:8 JUSTIFIABLE RELIANCE ON FALSE REPRESENTATION -- DEFINED

A person is justified in assuming that a representation is true if a person of the same or similar intelligence, education, or experience would rely on that representation.

*CJI-Civ 19:9*

*Colorado Jury Instructions for Civil Trials  >   CHAPTER 19. DECEIT BASED ON FRAUD*

## 19:9 JUSTIFIABLE RELIANCE -- NONDISCLOSURE OR CONCEALMENT -- DEFINED

When dealing with someone else, a person is justified in assuming that the other person will not intentionally (fail to disclose a past or present material fact which the other person knows and has a duty to disclose) (conceal a material fact).

However, a person is not justified in relying on this assumption when someone of the same or similar intelligence, education, or experience would not rely on it.

*CJI-Civ 19:10*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 19. DECEIT BASED ON FRAUD*

## 19:10 JUSTIFIABLE RELIANCE -- NO GENERAL DUTY TO INVESTIGATE

A person's reliance is justified even though (he) (she) did not make an investigation that would have revealed the facts unless:

1. (He) (she) knew specific facts that would have caused a person of the same or similar intelligence, education or experience to be suspicious and investigate; and

2. (He) (she) had a reasonable opportunity to investigate.

*CJI-Civ 19:11*

*Colorado Jury Instructions for Civil Trials > CHAPTER 19. DECEIT BASED ON FRAUD*

## 19:11 RELIANCE AFTER INVESTIGATION

The defendant's (representation) (or) (concealment of a material fact) is not the cause of plaintiff's damages if the plaintiff substantially relied and acted on (his) (her) own investigation rather than on the defendant's (representation) (or) (concealment).

## *CJI-Civ 19:12*

*Colorado Jury Instructions for Civil Trials  >   CHAPTER 19. DECEIT BASED ON FRAUD*

# 19:12 STATEMENTS OF FUTURE INTENTION OR PROMISES AS FALSE REPRESENTATIONS

(A promise to do something in the future is a false representation if the person making the promise did not intend to keep the promise when (he) (she) made it.)

(A statement of intent to do something in the future is a false representation if the person making the statement did not intend to do it when (he) (she) made the statement.)

*CJI-Civ 19:13*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 19. DECEIT BASED ON FRAUD*

## 19:13 STATEMENTS ABOUT THE FUTURE AS FALSE REPRESENTATIONS

A statement about what (will) (or) (will not) happen in the future is a false representation only if it turns out to be false and the person making the statement:

(1. Claimed to have special knowledge to support the statement that he or she did not have;) (or)

(2. Had special knowledge that he or she failed to disclose and that he or she knew would make the future event unlikely to happen).

*CJI-Civ 19:13*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 19. DECEIT BASED ON FRAUD*

## 19:13 STATEMENTS ABOUT THE FUTURE AS FALSE REPRESENTATIONS

A statement about what (will) (or) (will not) happen in the future is a false representation only if it turns out to be false and the person making the statement:

(1. Claimed to have special knowledge to support the statement that he or she did not have;) (or)

(2. Had special knowledge that he or she failed to disclose and that he or she knew would make the future event unlikely to happen).

*CJI-Civ 19:14*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 19. DECEIT BASED ON FRAUD*

## 19:14 STATEMENTS OF LAW AS FALSE REPRESENTATIONS

A statement about the law is an expression of opinion and is not a false representation of fact.

*CJI-Civ 19:15*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 19. DECEIT BASED ON FRAUD*

# 19:15 STATEMENTS OF OPINION AS FALSE REPRESENTATIONS

A statement that is made and reasonably understood to be only an opinion is not a false representation of a past or present fact.

However, a statement in the form of an opinion is a false representation of a past or present fact if:

1. The statement is intended by the speaker and reasonably understood by the listener to be a statement of a past or present fact; and

2. The statement is false.

*CJI-Civ 19:16*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 19. DECEIT BASED ON FRAUD*

## 19:16 AFFIRMATIVE DEFENSE -- WAIVER BY PLAINTIFF BEFORE PLAINTIFF'S COMPLETE PERFORMANCE

The defendant, *(name)*, is not legally responsible to the plaintiff, *(name)*, on (his) (her) claim of deceit based on fraud if the affirmative defense of waiver is proved. This defense is proved if you find both of the following:

1. The plaintiff learned the actual facts after (he) (she) began *[insert description of course of action]*, but before (he) (she) completed *[insert description of course of action]* ; and

2. The plaintiff continued *[insert description of course of action]* with full knowledge of the actual facts when a reasonable person under the same or similar circumstances would not have done so.

*CJI-Civ 19:17*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 19. DECEIT BASED ON FRAUD*

## 19:17 ACTUAL DAMAGES

Plaintiff,  *(name)*,  has the burden of proving the nature and extent of (his) (her) damages by a preponderance of the evidence. If you find in favor of the plaintiff, you must determine the total dollar amount of the plaintiff's damages, if any, that were caused by the  *(insert appropriate description, e.g., "false representation[s]" or "deceit")*  of the defendant(s),  *(name[s])*,  (and the  *[insert appropriate description, e.g., "negligence"]*,  if any, of any designated nonparties).

In determining these damages, you shall consider the following:

(1. The difference between the market value of the property and what its value would have been had the representation been true) (and)

(2.  *[Insert any other consequential damages the jury might reasonably find the plaintiff sustained as a proximate result of the defendant's false representation, concealment or nondisclosure.]*).

# CONNECTICUT

Connecticut Judicial Branch Civil Jury Instructions § 3.16-2

3.16-2. Fraud or Intentional Misrepresentation.

*Connecticut Judicial Branch Civil Jury Instructions § 3.16-2*

*Connecticut Judicial Branch Jury Instructions - Civil  >  PART 3: TORTS  >  3.16 MISRE
PRESENTATION*

## 3.16-2 Fraud or Intentional Misrepresentation [SN]

The plaintiff claims that the defendant committed fraud when (he/she/it) *< insert relevant facts>*. First, the plaintiff
must prove that the defendant made a false representation as a statement of fact. Second, the plaintiff must prove
that the statement was untrue and known to be untrue by the defendant or that the defendant made the statement
with reckless disregard for the truth of the matter. Third, the plaintiff must prove that the defendant made the
statement to induce the plaintiff to act on it. Fourth, the plaintiff must prove that the plaintiff did act on the statement
to (his/her/its) injury. The plaintiff must prove the first three elements by clear and convincing evidence and the
fourth element by a preponderance of the evidence. [n1] $=>

# DELAWARE

Del. P.J.I. Civ. §§ 16.1 to 16.4

16.1. Fraud Defined

16.2. Expression of Opinion

16.3 Intentional Concealment

16.4 Nondisclosure of Known Facts

*Del. P.J.I. Civ. § 16.1*

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 16 FRAUD AND DECEIT*

# § 16.1 FRAUD DEFINED

FRAUD

Fraud consists of the following five elements:

1) the false representation of a fact that is important to another;

2) the knowledge or belief that this representation was false, or was made with reckless indifference to the truth, or [__had a special duty to know whether the representation was false__];

3) the intent to induce [*plaintiff's name*] to act on the false representation, or to decline to act;

4) the fact that [*Plaintiff's name*] acted, or declined to act, in justifiable reliance on the false representation; and

5) damage to [*Plaintiff's name*] as a result of this reliance.

A false representation may be asserted by words or by conduct. A fact is important if it would cause a reasonable person to decide to act in a particular way, or if the maker of the misrepresentation knew another person would regard it as important.

If you find that [*plaintiff's name*] has proved all of the above elements by a preponderance of the evidence, then [*defendant's name*] is liable for fraud.

*Del. P.J.I. Civ. § 16.2*

*Delaware Pattern Jury Instructions - Civil > CHAPTER 16 FRAUD AND DECEIT*

# § 16.2 EXPRESSION OF OPINION

**EXPRESSION OF OPINION**

An expression of an opinion or a speculation about future events, when clearly made as such, is not considered fraud or misrepresentation even if the opinion or speculation turns out to be untrue. But if an opinion or speculation is false and made with the intent to deceive, then it is fraudulent just as a misstatement of fact is fraudulent.

*Del. P.J.I. Civ. § 16.3*

*Delaware Pattern Jury Instructions - Civil > CHAPTER 16 FRAUD AND DECEIT*

# § 16.3 INTENTIONAL CONCEALMENT

**INTENTIONAL CONCEALMENT OF FACTS**

Fraud does not merely consist of overt misrepresentations. Fraud may also occur when someone deliberately conceals facts important to a transaction, causing [*plaintiff's name*] to rely on the deception to [*his/her/its*] detriment. This concealment can occur by a person's silence in the face of a duty to disclose the facts or by some action taken to prevent [*plaintiff's name*] from discovering the facts important to the transaction.

*Del. P.J.I. Civ. § 16.4*

*Delaware Pattern Jury Instructions - Civil > CHAPTER 16 FRAUD AND DECEIT*

# § 16.4 NONDISCLOSURE OF KNOWN FACTS

**NONDISCLOSURE OF FACTS ALREADY KNOWN TO PLAINTIFF**

If [*plaintiff's name*] was aware of the true facts of the transaction, even if they were concealed by the other party, or if [*plaintiff's name*] did not rely on the concealment of these facts, then there is no fraud.

# DISTRICT OF COLUMBIA

1 Civil Jury Instructions for DC §§ 20.01 to 20.10 (2021)

20.01. Fraudulent Misrepresentation – Elements of the Claim

20.02. Fraudulent Misrepresentation – Elements Defined

20.03. Fraudulent Misrepresentation – Burden of Proof

20.04. Fraudulent Misrepresentation – Determination of Liability and Damages

20.05. Fraudulent Misrepresentation – Misrepresentation Made Through Third Person

20.06. Fraudulent Misrepresentation – Plaintiff's Reliance Upon Own Investigation

20.07. Fraudulent Misrepresentation – Reliance on Actionability of Misrepresentation

20.08. Fraudulent Misrepresentation – Fraud – Opinion

20.09. Fraudulent Misrepresentation – Fraud – Predictions

20.10. Reliance Where Falsity Obvious – Duty to Investigate

*1 Civil Jury Instructions for DC § 20.01*

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 20 FRAUD AND MISREPRESENTATION*

# §20.01 FRAUDULENT MISREPRESENTATION—ELEMENTS OF THE CLAIM

[1] Instruction 20-1

Fraudulent Misrepresentation—Elements of the Claim (D.C. Std. Civ. Jury Instr. No. 20-1)

The plaintiff [name] has alleged that the defendant [name] committed fraudulent misrepresentation. To receive damages for fraudulent misrepresentation, the plaintiff must prove each of the following elements of the claim:

(1) that the defendant made a false representation of a material fact;

(2) that the defendant either made the representation knowing that the representation was false, or made the representation recklessly without knowing if it was true;

(3) that the defendant made the representation with the intent to deceive the plaintiff;

(4) [that the plaintiff justifiably relied on the representation];
and

(5) that the plaintiff suffered damages as a result of [his] [her] reliance on the representation.

*1 Civil Jury Instructions for DC § 20.02*

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 20 FRAUD AND MISREPRESENTATION*

# §20.02FRAUDULENT MISREPRESENTATION—ELEMENTS DEFINED

[1] Instruction 20-2

Fraudulent Misrepresentation—Elements Defined (D.C. Std. Civ. Jury Instr. No. 20-2)

A. A person can make a fraudulent misrepresentation by written or spoken words, or by conduct amounting to an assertion. Words or acts asserting the existence of a fact constitute a misrepresentation if the fact does not exist. A statement that is literally true may still be a fraudulent misrepresentation if the person makes it to create a false impression. If a person owes a duty to disclose a material fact, the failure to disclose that fact may be a fraudulent misrepresentation.

B. To be fraudulent, a misrepresentation must be of a material fact. A fact is material if it would influence a reasonable person to act or not to act. A fact is material if it is a fact that the maker of the representation knew would likely be important to the person to whom it is made, even if a reasonable person would not think that fact it was important.

C. For the maker of a statement to be liable for fraud, the maker must have known or believed that the statement was false. If the maker of a representation makes it recklessly without knowledge of its truth, then the maker is deemed to have known it was false.

D. Intent to deceive means that the maker of the statement must have specifically intended that the representation be made, that it be made to the person to who actually received it, that it should convey a certain meaning, that it be believed by the person to whom it was made, and that it be acted upon in a certain way by the person to whom it was made. Intent means that a person had the purpose to do something. In other words, to do an act with intent means to do it consciously and voluntarily and not inadvertently or accidentally. Intent ordinarily cannot be proved directly, because there is no way to look inside another person's mind, but you may infer intent from the surrounding circumstances. You may consider any statement made, or act done or omitted, by the person making the representation, and all other evidence which indicates his state of mind. You may assume that a person ordinarily intends the kinds of likely results following from that person's knowing actions or inaction.

E. A person who receives a false representation can receive damages from its maker for harm caused by his reliance upon it only if his reliance is justifiable. A person is not justified in relying upon a false representation if he knows it is false, if its falsity is obvious to him, or if he had no confidence in the representation. For a

1 Civil Jury Instructions for DC § 20.02

person's reliance to be justified, his conduct must not be so unreasonable, in light of all of the information available to him and the circumstances of the transaction, that it is proper to decide that his loss is his own responsibility.

F. For the maker of the misrepresentation to be liable for damages, the fraudulent misrepresentation must directly cause damage to the person who justifiably relies on it. For damages to be the direct result of a false representation, it must be shown that the misrepresentation caused the person to act or not to act, thus causing his loss.

*1 Civil Jury Instructions for DC § 20.03*

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 20 FRAUD AND MISREPRESENTATION*

# §20.03 FRAUDULENT MISREPRESENTATION—BURDEN OF PROOF

[1] Instruction 20-3

Fraudulent Misrepresentation—Burden of Proof (D.C. Std. Civ. Jury Instr. No. 20-3)

Ordinarily in a civil case, the plaintiff must prove the elements of a claim by a preponderance of the evidence. The rule is different with a fraudulent misrepresentation claim. The Plaintiff [name] must prove every element of [his] [her] [its] claim for fraudulent misrepresentation by clear, convincing and unequivocal evidence.

Mere proof of suspicious circumstances, however, cannot establish fraudulent misrepresentation.

Fraudulent misrepresentation cannot be established by evidence which is just as consistent with honesty as with dishonesty.

The law does not require the elements of fraudulent misrepresentation be proved by direct evidence. Fraudulent misrepresentation may be established by reasonable inferences drawn from circumstantial evidence. Regardless of whether the evidence is direct or circumstantial or both, every essential element of fraudulent misrepresentation must be proved by clear, convincing and unequivocal evidence before the defendant may be held liable to the plaintiff.

## 1 Civil Jury Instructions for DC § 20.04

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 20 FRAUD AND MISREPRESENTATION*

# §20.04 FRAUDULENT MISREPRESENTATION—DETERMINATION OF LIABILITY AND DAMAGES

[1] Instruction 20-4

Fraudulent Misrepresentation—Determination of Liability and Damages (D.C. Std. Civ. Jury Instr. No. 20-4)

If you find that the plaintiff has failed to prove by clear, convincing, and unequivocal evidence any one or more of the essential elements of fraudulent misrepresentation, then your verdict must be for the defendant. If you find that the plaintiff has proved by clear, convincing, and unequivocal evidence all of the essential elements of the claim for fraudulent misrepresentation, then your verdict must be for the plaintiff. If your verdict is for the plaintiff, then you should award the plaintiff damages in an amount that you believe will fairly and adequately compensate [him] [her] [it] for the loss that resulted directly from the fraudulent misrepresentation.

To arrive at a fair compensation for fraud, you may award damages that the plaintiff suffered as a consequence of the [his] [her] [its] reliance upon the truth of the representation. [In other words, the plaintiff is entitled to [his] [her] [its] "out of pocket" losses resulting from the fraud.]

[In addition, you may award damages to the plaintiff for mental suffering caused by the defendant's fraudulent misrepresentation.]

[If the fraud occurred when the plaintiff bought some thing, then you may award the difference between the amount [he] [she] [it] paid and the actual market value of the thing acquired.]

*1 Civil Jury Instructions for DC § 20.05*

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 20 FRAUD AND MISREPRESENTATION*

# §20.05FRAUDULENT MISREPRESENTATION—MISREPRESENTATION MADE THROUGH THIRD PERSON

[1] Instruction 20-5

Fraudulent Misrepresentation—Misrepresentation Made Through Third Person (D.C. Std. Civ. Jury Instr. No. 20-5)

The maker of a fraudulent misrepresentation is liable to the persons [he] [she] intends to influence, regardless of whether [he] [she] makes the misrepresentation to them directly or conveys the information through some other person or means.

*1 Civil Jury Instructions for DC § 20.06*

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 20 FRAUD AND MISREPRESENTATION*

# §20.06 FRAUDULENT MISREPRESENTATION—PLAINTIFF'S RELIANCE UPON OWN INVESTIGATION

[1] Instruction 20-6

Fraudulent Misrepresentation—Plaintiff's Reliance Upon Own Investigation (D.C. Std. Civ. Jury Instr. No. 20-6)

If the person to whom a fraudulent misrepresentation is made decides to act or not to act as a result of his or her own independent investigation and not as a result of the misrepresentation, then the maker of the misrepresentation is not liable for any losses suffered.

The maker of the misrepresentation would still be liable, however, if the maker intentionally prevents the investigation from being effective by false statements or other means.

### *1 Civil Jury Instructions for DC § 20.07*

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 20 FRAUD AND MISREPRESENTATION*

# §20.07FRAUDULENT MISREPRESENTATION—RELIANCE ON ACTIONABILITY OF MISREPRESENTATION

[1] Instruction 20-7

Fraudulent Misrepresentation—Reliance on Actionability of Misrepresentation (D.C. Std. Civ. Jury Instr. No. 20-7)

The maker of a fraudulent misrepresentation is not liable to a person who does not rely upon the truth of the representation, but who relies instead upon the expectation that the maker will have to pay damages for the false representation.

## 1 Civil Jury Instructions for DC § 20.08

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 20 FRAUD AND MISREPRESENTATION*

# §20.08FRAUD—OPINION

[1] Instruction 20-8

Fraud—Opinion (D.C. Std. Civ. Jury Instr. No. 20-8)

A representation can be either of fact or of opinion. A representation is one of fact if it is a positive statement that the fact is true. A representation is one of opinion if it expresses the belief of the maker, or if it expresses his or her judgment about quality or value.

A person cannot justifiably rely on a representation of opinion. Therefore, a representation of opinion cannot form the basis of a claim of fraudulent misrepresentation.

*1 Civil Jury Instructions for DC § 20.09*

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 20 FRAUD AND MISREPRESENTATION*

# §20.09 FRAUD—PREDICTIONS

[1] Instruction 20-9

Fraud—Predictions

If a person positively states that something is to occur, and [he] [she] actually knows the opposite to be true, then the statement is a misrepresentation. On the other hand, a prophecy or prediction of something which the maker merely hopes or expects will occur in the future is not a misrepresentation if it does not occur.

*1 Civil Jury Instructions for DC § 20.10*

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 20 FRAUD AND MISREPRESENTATION*

# §20.10 RELIANCE WHERE FALSITY OBVIOUS—DUTY TO INVESTIGATE

[1] Instruction 20-10

Reliance Where Falsity Obvious—Duty to Investigate (D.C. Std. Civ. Jury Instr. No. 20-10)

Where the recipient of a false representation knows that it is false, or where the truth or falsity of the representation is obvious on its face, the recipient is not justified in relying on the representation. If, under all the circumstances, it would be reasonable to rely solely on the representation made, the recipient need not investigate the representation.

# FLORIDA

1 Florida Standard Jury Instructions in Civil Cases § 409.7 (2020)

409.7. Issues on Plaintiff's Claim – Fraudulent Misrepresentation

*1 Florida Standard Jury Instructions in Civil Cases 409.7*

*Florida Standard Jury Instructions in Civil Cases > SECTION 409 — MISREPRESENTATION*

# 409.7 ISSUES ON PLAINTIFF'S CLAIM — FRAUDULENT MISREPRESENTATION

**The issues for you to decide on** (claimant's) **claim [for fraudulent misrepresentation] are:**

*The bracketed language should be used for clarity when there are also claims for negligent misrepresentation and/or negligently supplying false information for the guidance of others.*

**First, whether** (defendant) **[intentionally]\* made a false statement concerning a material fact;**

*\*The word "intentionally" should be used for clarity when there is also a claim for negligent misrepresentation.*

**Second, whether** (defendant) **knew the statement was false when [he] [she] [it] made it or made the statement knowing [he] [she] [it] did not know whether it was true or false;**

**Third, whether** (defendant) **intended that another would rely on the false statement;**

**Fourth, whether** (claimant) **relied on the false statement; and, if so,**

**Fifth, whether the false statement was a legal cause of [loss] [injury] [or] [damage] to** (claimant).

**[On this claim for fraudulent misrepresentation, the]\*\*** (claimant) **may rely on a false statement, even though its falsity could have been discovered if** (claimant) **had made an investigation. However,** (claimant) **may not rely on a false statement if [he] [she] [it] knew it was false or its falsity was obvious to [him] [her] [it].**

*\*\*The bracketed language should be used for clarity when there is also a claim for negligent misrepresentation.*

# GEORGIA

### 1 Ga. Jury Instructions - Civil §§ 26.010 to 26.520

§ 26.010. Fraud and Deceit; Definitions; Presumptions and Proof

§ 26.020. Fraud and Deceit; Contracts, Effect On

§ 26.030. Fraud and Deceit; Diligence Required of Plaintiff

§ 26.040. Fraud and Deceit; Misrepresentation and Concealment

§ 26.050. Fraud and Deceit; Rescission and Restitution; Generally

§ 26.100. Fraud and Deceit; Goods, Sale of; Generally

§ 26.110. Fraud and Deceit; Goods, Sale of; Trover

§ 26.200. Fraud and Deceit; Releases

§ 26.400. Fraud and Deceit; Goods, Sale of; Generally (Commercial Code)

§ 26.500. Fraud and Deceit; Damages; Generally (Commercial Code)

§ 26.510. Fraud and Deceit; Buyer's Incidental and Consequential Damages (Commercial Code)

§ 26.511. Fraud and Deceit; Buyer's Incidental Damages

§ 26.512. Fraud and Deceit; Buyer's Consequential Damages

§ 26.520. Fraud and Deceit; Seller's Incidental Damages (Commercial Code)

*1 Ga. Jury Instructions - Civil § 26.010*

*Georgia Suggested Pattern Jury Instructions, Civil Cases > FRAUD AND DECEIT*

## § 26.010. FRAUD AND DECEIT; DEFINITIONS; PRESUMPTION AND PROOF[SN]

A person commits fraud when that person makes a misrepresentation that is intended to deceive and that does deceive.

[Fraud may be actual or constructive. Actual fraud consists of any method by which another is deceived. Constructive fraud consists of any act done (or not done that should have been done) contrary to legal or equitable duty, trust, or confidence upon which another person relies to the injury of that person. Actual fraud implies moral guilt, while constructive fraud may be consistent with innocence.] *(Give bracketed paragraph only when constructive fraud is alleged.)*

Fraud may not be presumed, but slight circumstances may be enough to prove its existence. To prove fraud, the following elements are required:

   1) a false representation,

   2) intent to deceive,

   3) an intention to induce the plaintiff to act or refrain from acting in reliance on the false representation,

   4) justifiable reliance by the plaintiff on the false representation, and

   5) damage to the plaintiff.

---

[SN] (*Note: Constructive fraud is an equitable doctrine only and will not support an action for money damages. In order to support an action for damages, a misrepresentation must be made either knowingly or with reckless disregard for the consequences. See Nalley Northside Chevrolet v. Herring, 215 Ga. App. 185 (1994). See Consolidated American Insurance Company v. Spears, 218 Ga. App. 478 (1995).*)

*1 Ga. Jury Instructions - Civil § 26.020*

*Georgia Suggested Pattern Jury Instructions, Civil Cases > FRAUD AND DECEIT*

## § 26.020. FRAUD AND DECEIT; CONTRACTS, EFFECT ON

Fraud renders contracts voidable at the choice of the injured party.

*1 Ga. Jury Instructions - Civil § 26.030*

*Georgia Suggested Pattern Jury Instructions, Civil Cases  >  FRAUD AND DECEIT*

## § 26.030. FRAUD AND DECEIT; DILIGENCE REQUIRED OF PLAINTIFF

Before a person is entitled to relief on the ground of fraud, deceit, or misrepresentation, it must appear that the person used ordinary care to find out the facts and protect against loss, unless a confidential relationship existed between the parties.

*(The remainder of the charge should only be given if applicable to the facts.)*

When one person is placed in such relationship to another that they both become interested in any subject or property, they are prohibited from acquiring rights in that subject or property in conflict with each other.

Any relations shall be considered confidential when one party is so situated as to exercise a controlling influence over the will, conduct, or interest of another or when from such relation of mutual confidence the law requires utmost good faith.

*1 Ga. Jury Instructions - Civil § 26.040*

*Georgia Suggested Pattern Jury Instructions, Civil Cases > FRAUD AND DECEIT*

## § 26.040. FRAUD AND DECEIT; MISREPRESENTATION AND CONCEALMENT

Misrepresentation of a material fact, if acted on by the opposite party, constitutes legal fraud, whether the misrepresentation was intentional or not.

If there is a willful misrepresentation of a material fact, which was made to induce another person to act and causes that person to act and the person is injured, then the person who is injured has a right of action. Mere concealment of a fact, unless done in a manner to deceive and mislead, will not support an action.

In all cases of deceit, knowledge of the falsehood constitutes an essential element. However, fraudulent or reckless misrepresentation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood.

*1 Ga. Jury Instructions - Civil § 26.050*

*Georgia Suggested Pattern Jury Instructions, Civil Cases  >  FRAUD AND DECEIT*

## § 26.050. FRAUD AND DECEIT; RESCISSION AND RESTITUTION; GENERALLY

A contract may be rescinded at the instance of the party defrauded, but in order to rescind, the person seeking to rescind must promptly, upon discovery of the fraud, return whatever that person has received by virtue of the contract, if it is of any value.

Exceptions to the requirement of return exist when the party is entitled to keep the consideration because of damages already sustained because of the fraud, the defrauding party has made restoration impossible, or when restoration would be unreasonable. Reasonableness is a question for you, the jury, to decide.

*1 Ga. Jury Instructions - Civil § 26.100*

*Georgia Suggested Pattern Jury Instructions, Civil Cases  >  FRAUD AND DECEIT*

## § 26.100. FRAUD AND DECEIT; GOODS, SALE OF; GENERALLY

When a buyer of personal property makes a material representation that is false and the seller relies upon the misrepresentation and delivers possession of goods, such a misrepresentation amounts to a fraud in law and voids the sale. Equity may then rescind the contract and restore the parties to their original positions, even though the party making such misrepresentation was not aware that the statement was false.

*1 Ga. Jury Instructions - Civil § 26.110*

*Georgia Suggested Pattern Jury Instructions, Civil Cases  >  FRAUD AND DECEIT*

## § 26.110. FRAUD AND DECEIT; GOODS, SALE OF; TROVER

In a contract of sale of personalty, if there was a simple warranty, title would pass. If there was a fraudulent representation that induced the plaintiff to act to the injury, title would not pass. The injured party could then treat the contract as rescinded and proceed to recover the property.

## *1 Ga. Jury Instructions - Civil § 26.200*

*Georgia Suggested Pattern Jury Instructions, Civil Cases  >  FRAUD AND DECEIT*

# § 26.200. FRAUD AND DECEIT; RELEASES

If a release is obtained by fraud, it is void and has no effect. However, a person, who for a valuable consideration has released another from all further liability cannot obtain a rescission of such contract of release and recover upon the original cause of action without first restoring or offering to restore what was received for such release.

*1 Ga. Jury Instructions - Civil § 26.400*

*Georgia Suggested Pattern Jury Instructions, Civil Cases  >  FRAUD AND DECEIT*

## § 26.400. FRAUD AND DECEIT; GOODS, SALE OF; GENERALLY (COMMERCIAL CODE)[SN]

When there is a claim of material misrepresentation of fraud about a sale of goods, the defrauded party is entitled to an appropriate remedy. The right of the defrauded party to void the contract of sale or return the goods does not prevent the defrauded party from making a claim for damages or pursuing other remedies under the law.

*(Note: The entire Part 7 [O.C.G.A. § 11-2-701 et seq.] of the article on sales [O.C.G.A. § 11-2101 et seq.] deals with remedies of parties in cases involving sales of goods, and it will be necessary to apply whatever part of the law applies to the factual situation in any given case. The most likely code sections to be used will be those relating to incidental or consequential damages to the buyer [O.C.G.A. § 11-2-715] or seller [O.C.G.A. § 11-2-710], which are set out as the following two charges. For certain equitable relief in cases of misrepresentation or fraud, see 16.220 Contracts; Accident and Mistake.)*

---

[SN] *(For applicability of this charge, see definition of goods in O.C.G.A. § 11-2-105.)*

*1 Ga. Jury Instructions - Civil § 26.500*

*Georgia Suggested Pattern Jury Instructions, Civil Cases > FRAUD AND DECEIT*

# § 26.500. FRAUD AND DECEIT; DAMAGES; GENERALLY (COMMERCIAL CODE)

Fraud ordinarily gives the injured party the right to rescind (that is, void the contract) or to affirm the contract and sue for damages, provided that the buyer has notified the seller within a reasonable time after discovering the fraud. You would determine whether the plaintiff gave the defendant proper legal notice, and if so, you would then determine if there should be a recovery and what the amount of the recovery should be.

## 1 Ga. Jury Instructions - Civil § 26.510

*Georgia Suggested Pattern Jury Instructions, Civil Cases > FRAUD AND DECEIT*

# § 26.510. FRAUD AND DECEIT; BUYER'S INCIDENTAL AND CONSEQUENTIAL DAMAGES (COMMERCIAL CODE)[SN]

Georgia Suggested Pattern Jury Instructions, Civil Cases

---

[SN] *(See 26.511-26.520.)*

*1 Ga. Jury Instructions - Civil § 26.511*

*Georgia Suggested Pattern Jury Instructions, Civil Cases  >  FRAUD AND DECEIT*

## § 26.511. FRAUD AND DECEIT; BUYER'S INCIDENTAL DAMAGES

Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation, and care and custody of goods rightfully rejected and commercially reasonable charges, expenses, or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

Georgia Suggested Pattern Jury Instructions, Civil Cases

*1 Ga. Jury Instructions - Civil § 26.512*

*Georgia Suggested Pattern Jury Instructions, Civil Cases  >  FRAUD AND DECEIT*

## § 26.512. FRAUD AND DECEIT; BUYER'S CONSEQUENTIAL DAMAGES

Consequential damages resulting from the seller's breach include

1) any loss resulting from general or particular requirements and needs of which the seller at the time of the contracting had reason to know and which could not reasonably be prevented by cover or otherwise, and

2) injury to person or property proximately resulting from any breach of warranty.

"Cover," for the purpose of this lawsuit, means the right of the buyer, in good faith and without unreasonable delay, to buy or contract to buy goods that are a reasonable substitute for those claimed to be due from the seller. The measure of damages is the difference between the cost of the substitution purchase and the contract price, together with any incidental or consequential damages as they have been defined to you.

*1 Ga. Jury Instructions - Civil § 26.520*

*Georgia Suggested Pattern Jury Instructions, Civil Cases  >  FRAUD AND DECEIT*

# § 26.520. FRAUD AND DECEIT; SELLER'S INCIDENTAL DAMAGES (COMMERCIAL CODE)

Incidental damages to a seller include any commercially reasonable charges, expenses, or commissions incurred in stopping delivery; in the transportation, care, and custody of goods after the buyer's breach; in connection with return or resale of the goods; or otherwise resulting from the breach.

# HAWAII

1 Hawaii Standard Civil Jury Instruction No. 15.27

1 Hawaii Standard Civil Jury Instruction No. 15.27

INSTRUCTION NO. 15.27

CONTRACT – FRAUD

Defendant(s) assert(s) the affirmative defense that he/she/it/they is/are excused from performing under the contract because plaintiff(s) fraudulently induced defendant(s) to enter into the contract.

To prevail on the affirmative defense of fraudulent inducement, defendant(s) must prove all of the following elements by clear and convincing evidence:

(1)  Plaintiff(s) represented a material fact; and

(2)  The representation was false when it was made; and

(3)  Plaintiff(s) knew the representation to be false or was/were reckless in making the representation without knowing whether it was true or false; and

(4)  Plaintiff(s) intended that defendant(s) rely upon the representation; and

(5)  Defendant(s) relied upon the representation by entering into the contract; and

(6)  Defendant's(s') reliance upon the representation was reasonable.

The representation must relate to a past or existing material fact, and not to the happening of a future event, except as to a promise of future conduct which plaintiff(s) did not intend to fulfill at the time it was made.  A fact is material if a reasonable person would want to know it before deciding whether to enter into the contract.

Hawai'i Civil Jury Instructions

**M-95**

# IDAHO

IDJI §§ 4.60 and 6.27.1

§ 4.60. Fraud – Issues (Contracts)

§ 6.27.1. Fraud (Torts)

*IDJI 4.60*

*Idaho Civil Jury Instructions  >  SECTION 4.00- OTHER AND SPECIFIC TORTS*

# IDJI 4.60 - Fraud - issues

INSTRUCTION NO. __

The plaintiff has the burden of proving each of the following propositions by clear and convincing evidence:

1. That the defendant stated a fact to the plaintiff;

2. The statement was false;

3. The statement was material;

4. The defendant either knew the statement was false or was unaware of whether the statement was true at the time the statement was made.

5. The plaintiff did not know that the statement was false;

6. The defendant intended for the plaintiff to rely upon the statement and act upon it in a manner reasonably contemplated;

7. The plaintiff did rely upon the truth of the statement;

8. The plaintiff's reliance was reasonable under all the circumstances;

9. The plaintiff suffered damages proximately caused by reliance on the false statement.

10. The nature and extent of the damages to the plaintiff, and the amount thereof.

If you find from your consideration of all the evidence that the elements of fraud have been proved by clear and convincing evidence, then your verdict should be for the plaintiff on this issue. If you find from your consideration of all the evidence that any of the foregoing propositions has not been proved by clear and convincing evidence, then your verdict should be for the defendant.

Copyright © 2013 Idaho State Judiciary Idaho Civil Jury Instructions

*IDJI 6.27.1*

*Idaho Civil Jury Instructions  >  SECTION 6.00 INSTRUCTIONS - CONTRACTS*

# IDJI 6.27.1 - Fraud

INSTRUCTION NO. __

To establish the defense of fraud, the defendant has the burden proving by clear and convincing evidence each of the following propositions:

l. The plaintiff made a representation of a past or present fact;

2. The representation was false;

3. The represented fact was important;

4. The plaintiff knew the representation was false (or acted with a reckless disregard of the truth of the representation);

5. The defendant was not aware of the falsity of the representation;

6. The plaintiff intended that defendant rely upon the representation in agreeing to enter into the contract;

7. The defendant did rely upon the representation;

8. The defendant's reliance was justified; and

9. The defendant [has returned] [has offered to return] to the plaintiff (whatever the defendant would be legally obligated to return in order to prevent his being unjustly enriched.

If you find from your consideration of all the evidence in the case that each of the foregoing propositions has been proved, your verdict should be for the defendant. If you find that any of the propositions has not been proved, then your verdict should be for the plaintiff.

Copyright © 2013 Idaho State Judiciary Idaho Civil Jury Instructions

# ILLINOIS

1 Illinois Pattern Jury Instructions Civil CHAPTER 800.01 to 800.09B (2021)

800.01. Fraud and Deceit – Fraudulent Misrepresentation—Issues Made by the Pleadings—Fraud—One Defendant

800.02A. Fraud and Deceit—Burden of Proof on the Issues—Alternative One—Fraudulent Misrepresentation—One Plaintiff and One Defendant—Clear and Convincing Evidence Only as to Certain Elements

800.02B. Fraud and Deceit—Burden of Proof on the Issues—Alternative Two—Fraudulent Misrepresentation—One Plaintiff and One Defendant—Clear and Convincing Evidence

800.03. Fraud and Deceit—Clear and Convincing Evidence—Definition

800.04. Fraud and Deceit—Material Fact—Definition

800.05. Fraud and Deceit—Measure of Damages

800.06. Fraud and Deceit—Punitive/Exemplary Damages—Willful and Wanton Conduct—Malicious and Willful Conduct—Violation of Trust and Confidence

800.07. Fraud and Deceit—Punitive/Exemplary Damages—Liability of Corporate Principal for the Act of an Agent

800.08. Fraud and Deceit—Fraudulent Concealment—Issues Made by the Pleadings—One Defendant

800.09A. Fraud and Deceit—Burden of Proof on the Issues—Alternative One—Fraudulent Concealment—One Plaintiff and One Defendant—Clear And Convincing Evidence Only as to Certain Elements

800.09B. Fraud and Deceit—Burden of Proof on the Issues—Alternative Two—Fraudulent Concealment—One Plaintiff and One Defendant—Clear and Convincing Evidence

*1 Illinois Pattern Jury Instructions □ Civil 800.01*

*Illinois Pattern Jury Instructions □ Civil  >  CONTRACTS  >  CHAPTER 800.00 FRAUD AND DECEIT*

## 800.01 Fraud and Deceit—Fraudulent Misrepresentation—Issues Made by the Pleadings—Fraud—One Defendant

The plaintiff claims that the defendant made the following statement[s]:

*[Here insert or paraphrase the allegedly fraudulent statement or statements that the defendant is claimed to have made.]*

The plaintiff further claims that the statement[s] [was a] [were] false statement[s] of material fact[s].

The plaintiff further claims that the defendant [knew the statement(s) (was) (were) false] [or] [believed the statement(s) to be false] [or] [made the statement(s) in reckless disregard of whether (it was) (they were) true or false].

The plaintiff further claims that the defendant made the statement[s] with the intent to induce the plaintiff to [act] [describe what the plaintiff did, e.g., "buy the farm"].

The plaintiff further claims that he reasonably believed the statement[s] and [acted] [describe what the plaintiff did, e.g., "bought the farm"] in justifiable reliance on the truth of the statement[s].

The plaintiff further claims that he sustained damages as the result of his reliance.

The defendant [denies that he made (a) false statement(s) of (a) fact(s),] [denies that any (claimed) statement(s) (was) (were) material,] [denies that he (knew) (or) (believed) the (claimed) statement(s) to be false,] [denies that any (claimed) statement(s) (was) (were) made in reckless disregard of the statement('s) (s') truth or falsity,] [denies that he intended to induce the plaintiff to act ([describe what the plaintiff did, e.g., "buy the farm"]),] [denies that the plaintiff reasonably believed the claimed) statement(s) or (acted) ([describe what the plaintiff did, e.g., "bought the farm"] in justifiable reliance on the truth of the statement(s),] [and] [denies that damage resulted to the plaintiff from his reliance].

## *1 Illinois Pattern Jury Instructions □ Civil 800.02A*

*Illinois Pattern Jury Instructions □ Civil > CONTRACTS > CHAPTER 800.00 FRAUD AND DECEIT*

## 800.02A Fraud and Deceit—Burden of Proof on the Issues—Alternative One— Fraudulent Misrepresentation—One Plaintiff and One Defendant—Clear and Convincing Evidence Only as to Certain Elements

The plaintiff has the burden of proving each of the following propositions by clear and convincing evidence:

First, the defendant made [a] false statement[s] of [a] material fact[s];

Second, [the defendant (knew) (or) (believed) the statement(s) (was) (were) false] [or] [the defendant made the statement(s) in reckless disregard of whether (it was) (they were) true or false].

The plaintiff has the burden of proving that each of the following propositions is more probably true than not true:

Third, the defendant made the statement[s] with the intent to induce the plaintiff to [act] [describe what the plaintiff did, e.g., "buy the farm"];

Fourth, the plaintiff reasonably believed the statement[s] and [acted] [describe what the plaintiff did, e.g., "bought the farm"] in justifiable reliance on the truth of the statement[s];

Fifth, the plaintiff's damages resulted from his reliance.

If you find from your consideration of all the evidence that propositions First and Second have been proved by clear and convincing evidence and that propositions Third, Fourth, and Fifth are more probably true than not true, then your verdict should be for the plaintiff.

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as required in this instruction, then your verdict should be for the defendant.

*1 Illinois Pattern Jury Instructions □ Civil 800.02B*

*Illinois Pattern Jury Instructions □ Civil > CONTRACTS > CHAPTER 800.00 FRAUD AND DECEIT*

## 800.02B Fraud and Deceit—Burden of Proof on the Issues—Alternative Two—Fraudulent Misrepresentation—One Plaintiff and One Defendant—Clear and Convincing Evidence

The plaintiff has the burden of proving each of the following propositions by clear and convincing evidence:

First, the defendant made [a] false statement[s] of [a] material fact[s];

Second, [the defendant (knew) (or) (believed) the statement(s) (was) (were) false] [or] [the defendant made the statement(s) in reckless disregard of whether (it was) (they were) true or false];

Third, the defendant made the statement[s] with the intent to induce the plaintiff to [act] [describe what the plaintiff did, e.g., "buy the farm"];

Fourth, the plaintiff reasonably believed the statement[s] and [acted] [describe what the plaintiff did, e.g., "bought the farm"] in justifiable reliance on the truth of the statement[s];

Fifth, the plaintiff's damages resulted from his reliance.

If you find from your consideration of all the evidence that each of these propositions has been proved by clear and convincing evidence, then your verdict should be for the plaintiff. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved by clear and convincing evidence, then your verdict should be for the defendant.

*1 Illinois Pattern Jury Instructions □ Civil 800.03*

*Illinois Pattern Jury Instructions □ Civil >   CONTRACTS >   CHAPTER 800.00 FRAUD AND DECEIT*

## 800.03 Fraud and Deceit—Clear and Convincing Evidence—Definition

The committee recommends that no definition of "clear and convincing evidence" be given.

## *1 Illinois Pattern Jury Instructions □ Civil 800.04*

*Illinois Pattern Jury Instructions □ Civil > CONTRACTS > CHAPTER 800.00 FRAUD AND DECEIT*

## 800.04 Fraud and Deceit—Material Fact—Definition

When I use the word "material" I mean the [misrepresented] [concealed] [withheld] fact [s] must have been an essential element to the transaction, and had the plaintiff been aware of the truth, he would have acted differently.

*1 Illinois Pattern Jury Instructions □ Civil 800.05*

*Illinois Pattern Jury Instructions □ Civil  >   CONTRACTS  >   CHAPTER 800.00 FRAUD AND DECEIT*

## 800.05 Fraud and Deceit—Measure of Damages

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the conduct of the defendant.

*[Here insert the elements of recoverable damages which have a basis in the evidence.]*

Whether any of these elements of damages has been proved by the evidence is for you to determine.

*1 Illinois Pattern Jury Instructions □ Civil 800.07*

*Illinois Pattern Jury Instructions □ Civil > CONTRACTS > CHAPTER 800.00 FRAUD AND DECEIT*

## 800.07 Fraud and Deceit—Punitive/Exemplary Damages—Liability of Corporate Principal for the Act of an Agent

The defendant [name of corporate defendant] is a corporation and can act only through its officers and employees. As to plaintiff's claim for compensatory damages against [name of corporate defendant], any act or omission of an officer or employee within the scope of his employment is the action or omission of the defendant [name of corporate defendant].

As to plaintiff's claim for punitive damages against [name of corporate defendant], a different rule applies. Punitive damages may be awarded against [name of corporate defendant] only if (1) you find in favor of the plaintiff and against [name of corporate defendant] under Count _____ of the complaint, and (2) you find the officer's or employee's conduct was [willful and wanton] [malicious and willful] [a violation of trust or confidence], and (3) you find that, as to the act(s) or omission(s) giving rise to liability under Count _____, [state condition (a), (b), (c), or (d)] [one or more of] [both of] the following condition[s] [is] [are] met:

[(a)] [The corporation, through its management, authorized the doing and the manner of the act or omission] [; or]

[(b)] [The employee responsible for the act or omission was unfit, and the corporation was reckless in employing him] [; or]

[(c)] [The act or omission was that of a managerial employee who was acting in the scope of his employment] [; or]

[(d)] [The corporation, through its management or a managerial employee, ratified or approved the act or omission].

If you find for the plaintiff and against the defendant under Count _____ of the complaint, and if you further find that the officer's or employee's conduct was [willful and wanton] [malicious and willful] [a violation of trust or confidence], and if you further find that [restate condition (a), (b), (c), or (d)] [one or (more) (both) of these conditions (is) (are) met], and if you further believe that justice and the public good require it, you may, in addition to any other damages to which you find the plaintiff entitled, award an amount which will serve to punish [name of corporate defendant] and to deter [name of corporate defendant] and others from similar conduct.

### *1 Illinois Pattern Jury Instructions □ Civil 800.06*

*Illinois Pattern Jury Instructions □ Civil  >   CONTRACTS  >   CHAPTER 800.00 FRAUD AND DECEIT*

## 800.06 Fraud and Deceit—Punitive/Exemplary Damages—Willful and Wanton Conduct—Malicious and Willful Conduct—Violation of Trust and Confidence

If you find for the plaintiff and if you find the defendant's conduct was [willful and wanton] [malicious and willful] [a violation of trust or confidence] and caused damage to the plaintiff, and if you believe that justice and the public good require it, you may, in addition to any other damages to which you find the plaintiff entitled, award an amount which will serve to punish the defendant and to deter the defendant and others from similar conduct.

## *1 Illinois Pattern Jury Instructions □ Civil 800.08*

*Illinois Pattern Jury Instructions □ Civil  >   CONTRACTS  >   CHAPTER 800.00 FRAUD AND DECEIT*

## 800.08 Fraud and Deceit—Fraudulent Concealment—Issues Made by the Pleadings—One Defendant

The plaintiff claims that the defendant knowingly [concealed from] [withheld from] the plaintiff the following fact[s]:

*[Here insert or paraphrase the alleged fact(s) claimed to have been concealed or withheld.]*

The plaintiff further claims that the fact[s] [concealed] [withheld] [was] [were] [a] material fact[s].

The plaintiff further claims that the defendant [concealed] [withheld] the fact[s] with the intent to deceive the plaintiff and to induce the plaintiff to [act] [describe what the plaintiff did, e.g., "buy the farm"].

The plaintiff further claims that he [acted] [describe what the plaintiff did, e.g., "bought the farm"] in justifiable reliance on the facts as he knew them.

The plaintiff further claims that he sustained damages as a result of the [concealment] [withholding] of [a] material fact[s] by the defendant.

The defendant [denies that he knowingly (concealed) (withheld) any material fact(s) from the plaintiff,] [denies that he (concealed) (withheld) any fact(s) with the intent to deceive the plaintiff or to induce the plaintiff to (act) ([describe what the plaintiff did, e.g., "buy the farm"]),] [denies that the plaintiff (acted) ([describe what the plaintiff did, e.g., "bought the farm"]) in justifiable reliance on the facts as he knew them,] [and] [denies that damage resulted to the plaintiff from his reliance on the facts as he knew them].

*1 Illinois Pattern Jury Instructions □ Civil 800.09A*

*Illinois Pattern Jury Instructions □ Civil  >   CONTRACTS  >   CHAPTER 800.00 FRAUD AND DECEIT*

## 800.09A Fraud and Deceit—Burden of Proof on the Issues—Alternative One—Fraudulent Concealment—One Plaintiff and One Defendant—Clear And Convincing Evidence Only as to Certain Elements

The plaintiff has the burden of proving each of the following propositions by clear and convincing evidence:

First, the defendant knowingly [concealed] [withheld] from the plaintiff [a] material fact[s];

Second, that the defendant [concealed] [withheld] the fact[s] with the intent to deceive the plaintiff and induce the plaintiff to [act] [describe what the plaintiff did, e.g., "buy the farm"].

The plaintiff has the burden of proving each of the following propositions is more probably true than not true:

Third, the plaintiff [acted] [describe what the plaintiff did, e.g., "bought the farm"] in justifiable reliance on the facts as he knew them;

Fourth, the plaintiff's damages resulted from the [concealment] [withholding] of [a] material fact[s] by the defendant.

If you find from your consideration of all the evidence that propositions First and Second have been proved by clear and convincing evidence and that propositions Third and Fourth are more probably true than not true, then your verdict should be for the plaintiff. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as required in this instruction, then your verdict should be for the defendant.

*1 Illinois Pattern Jury Instructions □ Civil 800.09B*

*Illinois Pattern Jury Instructions □ Civil  >   CONTRACTS  >   CHAPTER 800.00 FRAUD AND DECEIT*

## 800.09B Fraud and Deceit—Burden of Proof on the Issues—Alternative Two—Fraudulent Concealment—One Plaintiff and One Defendant—Clear and Convincing Evidence

The plaintiff has the burden of proving each of the following propositions by clear and convincing evidence:

First, the defendant knowingly [concealed] [withheld] from the plaintiff [a] material fact[s];

Second, that the defendant [concealed] [withheld] the fact[s] with the intent to deceive the plaintiff and induce the plaintiff to [act] [describe what the plaintiff did, e.g., "buy the farm"];

Third, the plaintiff [acted] [describe what the plaintiff did, e.g., "bought the farm"] in justifiable reliance on the facts as he knew them;

Fourth, the plaintiff's damages resulted from the [concealment] [withholding] of [a] material fact[s] by the defendant.

If you find from your consideration of all the evidence that each of these propositions has been proved by clear and convincing evidence, then your verdict should be for the plaintiff. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved by clear and convincing evidence, then your verdict should be for the defendant.

# INDIANA

1 Indiana Model Civil Jury Instructions 3101 to 3111

3101. Issues for Trial; Burden of Proof

3103. Fraud—Definition

3105. Fraud—Elements—Burden of Proof

3107. Fraud—Promise of Future Events

3109. Fraud—Reliance

3111. Constructive Fraud—Definition and Elements—Burden of Proof

*1 Indiana Model Civil Jury Instructions 3101*

*Indiana Model Civil Jury Instructions > CHAPTER 3100 INTENTIONAL TORTS > A.
Fraud/Constructive Fraud*

## 3101 Issues for Trial; Burden of Proof

The Plaintiff, _____, sued _____, the Defendant.

[*Plaintiff*] claims that [*defendant*][*insert claimed action(s)*]. [*Plaintiff*] must prove [his][her][its] claims by the greater weight of the evidence.

[*Defendant*] denies [*plaintiff*]'s claims. [*Defendant*] is not required to disprove [*plaintiff*]'s claims.

[*Defendant*] has claimed certain defenses. [*Defendant*] must prove [his][her][its] defense[s] of [*specify affirmative defense(s)*] by the greater weight of the evidence.

[(*Plaintiff*) also claims (he)(she)(it) is entitled to an award of punitive damages because (*insert brief statement of claim for punitive damages*). (*Plaintiff*) must prove this claim by clear and convincing evidence.]

## *1 Indiana Model Civil Jury Instructions 3103*

*Indiana Model Civil Jury Instructions > CHAPTER 3100 INTENTIONAL TORTS > A. Fraud/Constructive Fraud*

## 3103 Fraud—Definition

Fraud is an act, course of action, omission, or concealment by which a person cheats or deceives another person.

"Omission" means leaving out.

"Concealment" means hiding.

## *1 Indiana Model Civil Jury Instructions 3105*

*Indiana Model Civil Jury Instructions  >  CHAPTER 3100 INTENTIONAL TORTS  >  A. Fraud/Constructive Fraud*

# 3105 Fraud—Elements—Burden of Proof

To recover damages for fraud, [*plaintiff*] must prove by the greater weight of the evidence that:

    (1) [*defendant*] made false statement[s] of material past or existing fact[s];

    (2) [*defendant*] knew the statement[s] were false, or made them recklessly without knowing whether they were true or false;

    (3) [*defendant*] made the statement[s] to cause [*plaintiff*] to act upon it/[them];

    (4) [*plaintiff*] justifiably or reasonably relied and acted upon the statement[s]; and

    (5) [*plaintiff*] was damaged as a result.

## *1 Indiana Model Civil Jury Instructions 3107*

*Indiana Model Civil Jury Instructions  >  CHAPTER 3100 INTENTIONAL TORTS  >  A. Fraud/Constructive Fraud*

## 3107 Fraud—Promise of Future Events

Fraud cannot be based on unfulfilled promises or on statements concerning future events.

## *1 Indiana Model Civil Jury Instructions 3109*

*Indiana Model Civil Jury Instructions  >  CHAPTER 3100 INTENTIONAL TORTS  >  A. Fraud/Constructive Fraud*

## 3109 Fraud—Reliance

[*Plaintiff*] must use reasonable care in guarding against fraud.

Reasonable care means being careful and using good judgment and common sense.

*1 Indiana Model Civil Jury Instructions 3111*

*Indiana Model Civil Jury Instructions  >  CHAPTER 3100 INTENTIONAL TORTS  >  A. Fraud/Constructive Fraud*

## 3111 Constructive Fraud—Definition and Elements—Burden of Proof

[*Defendant*] was obligated to deal fairly with [*plaintiff*][if][because] a [special][fiduciary] relationship existed between them. To recover damages for constructive fraud, [*plaintiff*] must prove by the greater weight of the evidence that:

(1) A [special][fiduciary] relationship existed between [*defendant*] and [*plaintiff*];

(2) [*defendant*] violated the obligation to deal fairly by misrepresenting material past or present facts or by remaining silent when [he][she] had an obligation to speak;

(3) [*plaintiff*] justifiably relied on [*defendant*]'s representations or silence;

(4) [*defendant*] gained an advantage at the expense of [*plaintiff*]; and

(5) [*plaintiff*] was damaged as a result.

To recover damages from [*defendant*], [*plaintiff*] does not need to prove that [*defendant*] was dishonest or intended to deceive [*plaintiff*].

# IOWA

Iowa J.I. Civ. §§ 810.1 to 810.10

810.1. Fraudulent Misrepresentation - Essentials For Recovery.

810.2. Fraudulent Nondisclosure - Essentials For Recovery.

810.3. Fraudulent Misrepresentation - Definition Of Representation.

810.4. Fraudulent Misrepresentation - Material - Definition.

810.5. Fraudulent Misrepresentation - Knowledge Of Falsity (Scienter) - Definition.

810.6. Fraudulent Misrepresentation - Definition Of Intent To Deceive.

810.7. Fraudulent Misrepresentation - Intent To Deceive - Persons Affected.

810.8. Fraudulent Misrepresentation - Reliance - Generally.

810.9. Fraudulent Misrepresentation - Reliance - Opinion.

810.10. Fraudulent Misrepresentation - Reliance - Opinion.

## *Iowa J.I. Civ. § 810.1*

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 800 MISREPRESENTATION > Fraudulent Misrepresentation*

# 810.1 Fraudulent Misrepresentation - Essentials For Recovery.

The plaintiff must prove the following propositions by a preponderance of clear, satisfactory and convincing evidence:

1. The defendant on or about the _____ day of _____, 20_____, made a representation to [plaintiff] [plaintiff as one of a class of persons] that [set forth the representation made].

2. The representation was false.

3. The representation was material.

4. The defendant knew the representation was false.

5. The defendant intended to deceive [plaintiff] [plaintiff as one of a class of persons].

6. The plaintiff acted in reliance on the truth of the representation and was justified in relying on the representation.

7. The representation was a cause of the plaintiff's damage.

8. The amount of damage.

If the plaintiff has failed to prove any of these propositions, the plaintiff cannot recover damages. If the plaintiff has proved all of these propositions, the plaintiff is entitled to recover damages in some amount. [If an affirmative defense is submitted, delete the second sentence and insert the following: If the plaintiff has proved all of these propositions, you will consider the defense of _____, as explained in Instruction No. _____.]

*Iowa J.I. Civ. § 810.2*

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 800 MISREPRESENTATION > Fraudulent Misrepresentation*

## 810.2 Fraudulent Nondisclosure - Essentials For Recovery.

The plaintiff must prove all of the following propositions by a preponderance of clear, satisfactory, and convincing evidence:

1. Special circumstances existed which gave rise to a duty of disclosure between the plaintiff and the defendant. (Describe the relationship found to give rise to a duty of disclosure.)*

2. While such relationship existed, the defendant [was aware of the following facts] [intended the following course of action] (state the facts or intent alleged to have been withheld).

3. While such relationship existed, the defendant concealed or failed to disclose [the knowledge or intent alleged to have been withheld].

4. The undisclosed information was material to the transaction.

5. The defendant knowingly failed to make the disclosure.

6. The defendant intended to deceive the plaintiff by withholding such information.

7. The plaintiff acted in reliance upon the defendant's failure to disclose and was justified in such reliance.

8. The failure to disclose was a cause of the plaintiff's damage.

9. The nature and extent of the plaintiff's damage.

If the plaintiff has failed to prove any of these propositions, the plaintiff cannot recover damages. If the plaintiff has proved all of these propositions, the plaintiff is entitled to recover damages in some amount.

## *Iowa J.I. Civ. § 810.3*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 800 MISREPRESENTATION  >  Fraudulent Misrepresentation*

## 810.3 Fraudulent Misrepresentation - Definition Of Representation.

Concerning proposition no. 1 of Instruction No. [810.1], "a representation" is any word or conduct asserting the existence of a fact. [It may include silence if the defendant fails to disclose information which the defendant has a duty to disclose and which the (plaintiff) (plaintiff as one of a class) has reason to believe will be disclosed.] [A seller's statement of the amount of (land) (goods) being sold is representation of fact, even if the words "more or less" are used. The words "more or less" indicate that the amount of (land) (goods) being sold is substantially the same as stated by the seller.] [A representation of fact includes an opinion expressed for the deliberate purpose of deceiving another.] [A representation of fact includes a promise to perform a future act.]

A representation also includes an opinion. An opinion is a statement of a person's belief that a fact exists or their judgment as to quality, value, authenticity, or similar matter. A representation of fact implies that the maker has definite knowledge or information supporting their statement; a representation of opinion does not. You must consider all of the surrounding circumstances, including the exact words used, in deciding whether a representation is one of fact or opinion.

*Iowa J.I. Civ. § 810.4*

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 800 MISREPRESENTATION > Fraudulent Misrepresentation*

## 810.4 Fraudulent Misrepresentation - Material - Definition.

Concerning proposition [No. 3 of Instruction 810.1], [No. 4 of Instruction No. [810.2]], a representation is "material" if:

1.  A reasonable person would consider it as important in making a decision.

2.  The defendant knows or has reason to know that the [plaintiff] [plaintiff as one of a class of persons] considers, or is likely to consider, the representation as important in making a decision.

3.  The representation influences a person to enter into a transaction which would not have occurred otherwise.

*Iowa J.I. Civ. § 810.5*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 800 MISREPRESENTATION  >  Fraudulent Misrepresentation*

## 810.5 Fraudulent Misrepresentation - Knowledge Of Falsity (Scienter) - Definition.

Concerning proposition [No. 4 of Instruction No. [810.1]] [No. 5 of Instruction No. 810.2]], the defendant knew the representation was false if any of the following situations existed:

1.  The defendant actually knew or believed the representation was false.

2.  The defendant made the representation without belief in its truth or in reckless disregard of whether it was true or false.

3.  The defendant falsely stated or implied that the representation was based on [his] [her] personal knowledge or investigation.

4.  The defendant made a representation which [he] [she] knew or believed was materially misleading because it left out unfavorable information.

5.  The defendant stated [his] [her] intention to do or not to do something when [he] [she] did not actually have that intention.

6.  The defendant knew the representation could be understood in both a true and false manner, and made the representation (a) intending that it be understood in the false sense, (b) having no belief as to how it would be understood, or (c) in reckless disregard of how it would be understood.

7.  The defendant's [special relationship of trust and confidence to the plaintiff] [special source of information] made it the defendant's duty to know whether the representation was true or false.

*Iowa J.I. Civ. § 810.6*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 800 MISREPRESENTATION  >  Fraudulent Misrepresentation*

## 810.6 Fraudulent Misrepresentation - Definition Of Intent To Deceive.

Concerning proposition [No. 5 of Instruction No. [810.1]], [No. 6 of Instruction No. 810.2]], the defendant intended to deceive the plaintiff if any of the following situations existed when [he] [she] made a representation:

1.  The defendant wanted to deceive the plaintiff or believed that the plaintiff would in all likelihood be deceived.

2.  The defendant had information from which a reasonable person would conclude that the plaintiff would be deceived.

3.  The defendant made the representation without concern for the truth.

## *Iowa J.I. Civ. § 810.7*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 800 MISREPRESENTATION  >  Fraudulent Misrepresentation*

## 810.7 Fraudulent Misrepresentation - Intent To Deceive - Persons Affected.

Concerning proposition [No. 5 of Instruction No. [810.1]] [No. 6 of Instruction No. 810.2]], the defendant is liable only to a person or group of persons whom [he] [she] intended or had reason to expect would act or refrain from acting in reliance on the representation. [It is not necessary that the defendant knew the plaintiff's name so long as the defendant intended or had reason to expect that the representation would be received and relied upon by a group of persons including the plaintiff.] A person has reason to expect a result if [he] [she] has information from which a reasonable person would conclude that the result will follow.

The defendant is liable only to those persons who rely on the representation in the type of transaction in which the defendant intends or has reason to expect the conduct of others will be affected.

*Iowa J.I. Civ. § 810.8*

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 800 MISREPRESENTATION > Fraudulent Misrepresentation*

## 810.8 Fraudulent Misrepresentation - Reliance - Generally.

Concerning proposition [No. 6 of Instruction No. [810.1]] [No. 7 of Instruction No. [810.2]], the plaintiff must rely on the representation and the reliance must be justified.

It is not necessary that the representation be the only reason for the plaintiff's action. It is enough if the representation was a substantial factor in bringing about the action.

Whether reliance is justified depends on what the plaintiff can reasonably be expected to do in light of their own information and intelligence. Reliance is not justified if the representation is of an unimportant fact or is obviously false.

## *Iowa J.I. Civ. § 810.9*

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 800 MISREPRESENTATION > Fraudulent Misrepresentation*

# 810.9 Fraudulent Misrepresentation - Reliance - Opinion.

Concerning proposition No. [6 of Instruction No. [810.1]] [No. 7 of Instruction No. [810.2]], the plaintiff is justified in relying on the defendant's representation of opinion only if one or more of the following situations exist:

1. The defendant has or claims to have special knowledge of the matter that the plaintiff does not have.

2. The defendant has a fiduciary or other similar relation of trust and confidence with the plaintiff.

3. The defendant has successfully tried to gain the plaintiff's confidence.

4. The defendant knows of some special reason to expect that the plaintiff will rely on the opinion.

*Iowa J.I. Civ. § 810.10*

*IOWA CIVIL JURY INSTRUCTIONS > CHAPTER 800 MISREPRESENTATION > Fraudulent Misrepresentation*

## 810.10 Fraudulent Misrepresentation - Reliance - Opinion.

Concerning proposition No. 6 of Instruction No. [810.1]] [No. 7 of Instruction No. [810.2]], a person is presumed to be able to form their own opinion about the quality or value of ordinary merchandise or the wisdom of entering into a routine transaction. A buyer of ordinary merchandise is not justified in relying upon the seller's "puffing," "sales talk," or other general opinion of quality or value. A buyer may be justified in relying upon a statement that the merchandise is satisfactory for the buyer's announced purpose.

# KANSAS

PIK Civ. 4th 127.40 to 127.43

127.40 Fraud—Elements

127.41 Fraud Through Silence—Elements

127.42 Fraud—Promise of Future Events

127.43 Negligent Misrepresentation

*PIK Civ. 4th 127.40*

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 127.00 INTENTIONAL TORTS AND NEGLIGENT MISREPRESENTATIONS  >  D. FRAUD*

## 127.40  FRAUD--ELEMENTS

The essential elements required to sustain an action for fraud are:

   1.  That false or untrue representations were made as a statement of existing and material fact.

   2.  That the representations were known to be false or untrue by the party making them, or were recklessly made without knowledge concerning them.

   3.  That the representations were intentionally made for the purpose of inducing another party to act upon them.

   4.  That the other party reasonably relied and acted upon the representations made.

   5.  That the other party sustained damage by relying upon them.

A representation is material when it relates to some matter that is so substantial as to influence the party to whom it was made.

## PIK Civ. 4th 127.41

*Pattern Instructions for Kansas - Civil 4th > CHAPTER 127.00 INTENTIONAL TORTS AND NEGLIGENT MISREPRESENTATIONS > D. FRAUD*

# 127.41  FRAUD THROUGH SILENCE--ELEMENTS

The plaintiff claims fraud through silence on the part of the defendant. To constitute fraud by silence the plaintiff must prove:

1.  The defendant has knowledge of material facts which plaintiff did not have and which the plaintiff could not have discovered by the exercise of reasonable diligence;

2.  The defendant was under an obligation to communicate the material facts to the plaintiff;

3.  The defendant intentionally failed to communicate to plaintiff the material facts;

4.  The plaintiff justifiably relied upon the defendant to communicate the material facts to the plaintiff; and

5.  The plaintiff sustained damages as a result of the defendant's failure to communicate this to the plaintiff.

A fact is material if it is one to which a reasonable man would attach importance in determining *(his) (her)* choice of action in the transaction in question.

A party is justified in relying without investigation upon another to communicate the facts material to a transaction unless *(he) (she)* knows or has reason to know of facts which make *(his) (her)* reliance unreasonable.

*PIK Civ. 4th 127.42*

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 127.00 INTENTIONAL TORTS AND NEGLIGENT MISREPRESENTATIONS  >  D. FRAUD*

## 127.42  FRAUD--PROMISE OF FUTURE EVENTS

The essential elements required to sustain an action for the fraudulent promise of future events are:

1.  The promisor *(defendant)* had no intention of performing *(his) (her)* promise at the time *(he) (she)* made it;

2.  The promisor *(defendant)* did not perform *(his) (her)* promise as *(he) (she)* represented that *(he) (she)* would;

3.  The promisor *(defendant)* made the promise with the intent to deceive and for the purpose of inducing the plaintiff to act upon the promise;

4.  The plaintiff reasonably relied and acted upon the promise;

5.  The plaintiff sustained damages relying upon the promise of the promisor *(defendant)*.

## *PIK Civ. 4th 127.43*

*Pattern Instructions for Kansas - Civil 4th > CHAPTER 127.00 INTENTIONAL TORTS AND NEGLIGENT MISREPRESENTATIONS > D. FRAUD*

## 127.43  NEGLIGENT MISREPRESENTATION

One who, in the course of *[(his) (her)] [(business) (profession) (employment) (any transaction in which [he] [she] has a pecuniary interest)]*, supplies false information for the guidance of another person in such other person's business transactions, is liable for damages suffered by such other person caused by reasonable reliance upon the false information if:

1.  The person supplying the false information failed to exercise reasonable care or competence in obtaining or communicating the false information; and,

2.  The person who relies upon the information is *(the person or one of a group of persons for whose benefit and guidance the information is supplied) (a person or one of a group of persons to whom the person supplying the information knew the information would be communicated by another)*; and,

3.  The damages are suffered in *(a transaction that the person supplying the information intends to influence or in a substantially similar transaction) (a transaction that the person supplying the information knew that another intended to influence)*.

# KENTUCKY

2 Cetrulo, Kentucky Instructions to Juries - Civil § 31.12 (2019)

31.12 Fraud by Omission; Duty to Disclose; Damages

## *2 Cetrulo, Kentucky Instructions to Juries - Civil § 31.12*

*Cetrulo, Kentucky Instructions to Juries - Civil (Palmore)  >   CHAPTER 31 FRAUD AND NEGLIGENT MISREPRESENTATION*

# §31.12 Fraud by Omission; Duty to disclose; Damages

1. You will find for P [purchaser] if you are satisfied by clear and convincing evidence as follows:

   (a) that before P purchased the van, D did not inform him of its history of repairs to correct its stalling at highway speeds;

   (b) that D either performed the repairs or was otherwise aware of them.

   (c) that D's failure to inform P of the repairs induced P to purchase the van, which he otherwise would not have done;

   AND

   (d) that the fair market value of the van at the time it was sold to P was less than it would have been had the repairs for the stalling condition not been necessary.

   Otherwise you will find for D.

   "Fair market value" as mentioned in these instructions is the price that a person who is willing but not compelled to buy would pay and a seller who is willing but not forced to sell would accept for the property in question.

2. If you find for P you will determine from the evidence and award him a sum of money that will fairly and reasonably compensate him for the difference between the fair market value of the van with and without the disclosure of the repair history, not to exceed $_____.

3. [Number of jurors required for a verdict. *See* §52.02 *below*.]

# MAINE

1 Maine Jury Instruction Manual §§ 7-30 and 7-30A (2021)

7-30. Fraud Elements. Instruction.

7-30A. Fraudulent Concealment. Instruction.

## 1 Maine Jury Instruction Manual § 7-30

*Maine Jury Instruction Manual  >  CHAPTER 7 REPRESENTATIVE CIVIL INSTRUCTIONS  >   FRAUD,
BREACH OF TRUST, CONVERSION*

# §7-30 Fraud Elements. Instruction.

[_____ The plaintiff] is claiming damages for fraud [_____ fraudulent misrepresentation]. To prevail in this action for fraud [_____ fraudulent misrepresentation] [_____ the plaintiff] must prove the following facts by clear and convincing evidence:

1. [_____ the defendant] made a false representation;

2. of a material fact;

3. with knowledge of its falsity or with reckless disregard of whether it was true or false;

4. for the purpose of inducing [_____ the plaintiff] to act or to refrain from acting in reliance on the representation; and

5. [_____ the plaintiff] justifiably relied on the representation as true and acted on it, causing [_____ him] economic loss.

A plaintiff may justifiably rely on the fraudulent misrepresentation of a defendant without investigating the truth or falsity of the representation. Reliance by the plaintiff is unjustified only if the plaintiff knows the representation is false or its falsity is obvious to him.

[A material fact is a fact that, if correctly stated, would influence a person's decision to act, or to refrain from acting, regarding the transaction at issue.]

The burden is on [_____ the plaintiff] to show that [_____ he] was actually harmed and that [_____ his] economic loss was caused by [_____ his] reliance on the alleged misrepresentation of [_____ the defendant].

If you find that [_____ the plaintiff] has proven each of these elements, by clear and convincing evidence, you shall award a verdict to [_____ the plaintiff].

If you find that [_____ the plaintiff] has failed to establish any one or more of these elements by clear and convincing evidence, you must find for [_____ the defendant].

## *1 Maine Jury Instruction Manual § 7-30A*

*Maine Jury Instruction Manual > CHAPTER 7 REPRESENTATIVE CIVIL INSTRUCTIONS > FRAUD, BREACH OF TRUST, CONVERSION*

## §7-30A Fraudulent Concealment. Instruction.

[The plaintiff] is claiming damages for fraudulent concealment. To prevail in this action for fraudulent concealment, [the plaintiff] must prove the following facts by clear and convincing evidence:

1. [the defendant], had a [special relationship] with the [plaintiff] [the defendant was the plaintiff's doctor] [classroom teacher] [mental health care-giver];

2. [the defendant] was aware of facts that, without disclosure to [the plaintiff] [the plaintiff's parent], could cause harm to the [plaintiff];

3. [the defendant] failed to disclose to [plaintiff] a material fact;

4. with the intent of inducing [the plaintiff] to act or to refrain from acting in reliance on the non-disclosure; and

5. [the plaintiff] relied on the non-disclosure and acted [choose not to act] on it, causing [him][harm][damage].

A plaintiff may justifiably rely on the silence of a defendant who has a duty to disclose without independently investigating to determine whether the undisclosed material fact exists. Reliance by the plaintiff is unjustified only if the plaintiff is on notice that the undisclosed material fact exists or its existence is obvious to him.

[A material fact is a fact that, if disclosed, would influence a person's decision to act, or to refrain from acting, regarding the transaction at issue.]

If you find that [the plaintiff] has proven each of these elements, by clear and convincing evidence, you shall award a verdict to [the plaintiff].

If you find that [the plaintiff] has failed to establish any one or more of these elements, by clear and convincing evidence, you must find for [the defendant].

# MARYLAND

## MPJI-Cv 11:1 to 11:4

11:1. Fraud or Deceit

11:2. Non-disclosure or Concealment

11:3. False Representation—Defined

11:4. Material Fact—Defined

*MPJI-Cv 11:1*

*Maryland Civil Pattern Jury Instructions (MSBA)  >  CHAPTER 11 DECEIT  >  FRAUD OR DECEIT*

MPJI-Cv 11:1

To recover damages for deceit, it must be shown that:

(1) the defendant made a false representation of a material fact;

(2) the defendant knew of its falsity or made it with such reckless indifference to the truth that it would be reasonable to charge the defendant with knowledge of its falsity;

(3) the defendant intended that the plaintiff would act in reliance on such statements;

(4) plaintiff did justifiably rely on the representations of the defendant; and

(5) plaintiff suffered damages as a result of that reliance.

**Source:** MICPEL

Maryland Civil Pattern Jury Instructions

Copyright 2018 by The Maryland State BarAssociation, Inc.

## *MPJI-Cv 11:2*

*Maryland Civil Pattern Jury Instructions (MSBA)  >  CHAPTER 11 DECEIT  >  NON-DISCLOSURE OR CONCEALMENT*

To recover damages for deceit by nondisclosure or concealment, it must be shown:

(1) that defendant intentionally concealed a material fact that he or she had a duty to disclose;

(2) with the intent to induce the plaintiff to act differently from how the plaintiff would have acted had he or she known the true facts;

(3) that because of the concealment the plaintiff acted in a manner dif fer ent from how he or she would have acted had the plaintiff known the true facts; and

(4) plaintiff suffered damages as a result of that reliance.

**Source:** MICPEL

Maryland Civil Pattern Jury Instructions

Copyright 2018 by The Maryland State BarAssociation, Inc.

## *MPJI-Cv 11:3*

*Maryland Civil Pattern Jury Instructions (MSBA)  >  CHAPTER 11 DECEIT  >  FALSE REPRESENTATION--DEFINED*

A false representation is a statement, conduct, or act by which one intentionally misleads another person about a material fact.

A statement of opinion, judgment, prediction of a future event, or promise may constitute false representation of a material fact.

A promise to do something may be a false representation if the person did not intend to do the promised act when the promise was made.

**Source:** MICPEL

Maryland Civil Pattern Jury Instructions

Copyright 2018 by The Maryland State BarAssociation, Inc.

## *MPJI-Cv 11:4*

*Maryland Civil Pattern Jury Instructions (MSBA)  >  CHAPTER 11 DECEIT  >  MATERIAL FACT--*
*DEFINED*

A fact is material if under the circumstances a reasonable person would rely upon it in making his or her decision.

A fact may also be material, even though a reasonable person might not regard it as important, if the person stating or concealing it knows that the person with whom he or she is dealing probably will use the fact in determining his or her course of action.

**Source:** MICPEL

Maryland Civil Pattern Jury Instructions
Copyright 2018 by The Maryland State Bar Association, Inc.

# MASSACHUSETTS

Massachusetts Superior Court Civil Practice Jury Instructions § 20.1 to 20.1.9

§ 20.1 Intentional Misrepresentation (Fraud/Deceit)—Elements

§ 20.1.1 Subject of Misrepresentation--False Statement of Fact

§ 20.1.2 Subject of Misrepresentation--False Statement Relating to Opinion

§ 20.1.3 Subject of Misrepresentation--Materiality of Statement

§ 20.1.4 False Statement--Half-Truths, Silence, and Statements and Conduct Calculated to Mislead

§ 20.1.5 Knowledge of Falsity, or Willful Disregard of Truth or Falsity

§ 20.1.6 Intention that Plaintiff Would Rely upon False Statement

§ 20.1.7 Reasonable Reliance

§ 20.1.8 Reliance--Contractual Disclaimers

§ 20.1.9 Damages

*Massachusetts Superior Court Civil Practice Jury Instructions § 20.1*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 20. MISREPRESENTATION > § 20.1 INTENTIONAL MISREPRESENTATION (FRAUD/DECEIT)-- ELEMENTS*

# § 20.1 INTENTIONAL MISREPRESENTATION (FRAUD/DECEIT)--ELEMENTS

In this case, the plaintiff claims that the defendant intentionally misrepresented an important fact, and as a result, the plaintiff [insert relevant facts], which the plaintiff says [he/she] would not have done if [he/she] had known the true state of affairs. The defendant denies that [he/she] misrepresented any important fact to the plaintiff. The plaintiff may recover money damages from the defendant if and only if [he/she] proves the following by a preponderance of the credible evidence:

1. that the defendant made a false statement to the plaintiff, and that statement concerned some fact that a reasonable person would consider important, or material, to the decision that the plaintiff was about to make; [n1]

2. that when the defendant made the statement, the defendant either knew that the statement was false, or recklessly made the statement by willfully disregarding its truth or falsity;

3. that the defendant made the false statement with the intention that the plaintiff would rely on that statement in making [his/her] decision;

4. that in making the plaintiff's decision, [he/she] did in fact rely on the defendant's statement as true, and that [his/her] reliance was reasonable under the circumstances; and

5. that plaintiff suffered some financial loss as a result of relying on the defendant's false statement.

Massachusetts Superior Court Civil Practice Jury Instructions § 20.1

**If the plaintiff has proved these five things by a preponderance of the credible evidence, your verdict will be for the plaintiff, and you must then go on to determine the amount of money damages to be awarded to the plaintiff. If the plaintiff has failed to prove any one of these five things, then your verdict must be for the defendant.** [n2]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

## *Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.1*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 20. MISREPRESENTATION > § 20.1 INTENTIONAL MISREPRESENTATION (FRAUD/DECEIT)-- ELEMENTS*

---

# § 20.1.1 Subject of Misrepresentation--False Statement of Fact

---

The defendant can be held responsible for an intentional misrepresentation about an existing fact. [n1]A fact, as opposed to an opinion, estimate, or intention, is a statement whose truth or falsity can be determined with certainty. Generally, the defendant cannot be held responsible for a statement about a future event, [n2]although there is an exception to that rule if the defendant had greater expertise about the particular future event that was being discussed. [n3]

The defendant can also be held responsible for intentionally misrepresenting what the law is if [he/she] used [his/her] superior knowledge to take advantage of the plaintiff's relative ignorance of the law. [n4]Fraud may be perpetrated by an implied as well as an express representation.

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

---

*Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.2*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 20.*
*MISREPRESENTATION > § 20.1 INTENTIONAL MISREPRESENTATION (FRAUD/DECEIT)--*
*ELEMENTS*

---

## § 20.1.2 Subject of Misrepresentation--False Statement Relating to Opinion

---

Generally, a defendant cannot be held liable for a statement of opinion, as opposed to a statement of verifiable fact.
[n1]However, a statement that, in form, is one of opinion, in some circumstances may be reasonably interpreted by
the recipient as implying undisclosed facts that would justify the opinion. In this case, it is for you the jury to
determine whether the statement made by the defendant was one of fact or opinion. [n2]

In addition, a defendant may be held responsible for a misrepresentation about [his/her] own opinion, estimate, or
intention, but only if [he/she] intentionally misrepresented what [his/her] opinion, estimate, or intention actually was
at the time of the statement.

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS
Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

---

## *Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.3*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 20. MISREPRESENTATION > § 20.1 INTENTIONAL MISREPRESENTATION (FRAUD/DECEIT)-- ELEMENTS*

---

# § 20.1.3 Subject of Misrepresentation--Materiality of Statement

---

A "material" fact is one to which a reasonable person would attribute importance for his or her decision in the transaction at issue. It must be one of the principal grounds, but not necessarily the sole ground, causing the plaintiff's decision. [n1]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

---

*Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.4*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 20.*
*MISREPRESENTATION > § 20.1 INTENTIONAL MISREPRESENTATION (FRAUD/DECEIT)--*
*ELEMENTS*

## § 20.1.4 False Statement--Half-Truths, Silence, and Statements and Conduct Calculated to Mislead

The defendant can be held responsible not only for outright untrue statements, but also for giving misleading partial information or for telling half-truths. [n1]The defendant cannot, however, be held responsible to the plaintiff based solely on [his/her] silence on a matter about which [he/she] was not asked. [n2]Although the defendant was under no duty to volunteer information, if the defendant spoke on a given point, either voluntarily or at the plaintiff's request, [he/she] must have spoken honestly and must have divulged all material facts of which [he/she] knew bearing upon the point. [n3]

Additionally, deception need not be direct to come within the reach of the law. If you find that the defendant's statements and conduct combined were calculated to mislead the plaintiff, that they did, in fact, mislead the plaintiff, and that the plaintiff was acting reasonably, then this is enough to constitute intentional misrepresentation. [n4]

*Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.5*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 20. MISREPRESENTATION > § 20.1 INTENTIONAL MISREPRESENTATION (FRAUD/DECEIT)-- ELEMENTS*

---

## § 20.1.5 Knowledge of Falsity, or Willful Disregard of Truth or Falsity

---

The defendant is liable for deceit if [he/she] made a false statement of fact, knowing it to be false. [n1]Likewise, if the defendant made an unqualified statement about facts, the truth or falsity of which the defendant could have determined with certainty, and gave the plaintiff the reasonable impression that [he/she] was speaking of [his/her] own knowledge, then the defendant may also be liable for deceit even if the defendant was ignorant as to the statement's falsity. [n2]In other words, the plaintiff need not establish that the defendant knew the statement was false, as long as the defendant could have easily found out the truth and failed to do so. [n3]The law regards such willful disregard of the facts as equivalent to an intentional misrepresentation. The plaintiff need not prove actual intent to deceive. [n4]

## *Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.6*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 20. MISREPRESENTATION > § 20.1 INTENTIONAL MISREPRESENTATION (FRAUD/DECEIT)-- ELEMENTS*

---

## § 20.1.6 Intention that Plaintiff Would Rely upon False Statement

---

The plaintiff must prove that the defendant intended that the plaintiff would rely on the misrepresentation. [n1]

Where the plaintiff has not dealt with the defendant on a one-on-one basis, the plaintiff must prove that [he/she] is a person, or one of a class of persons, whom the defendant had reason to expect would act or refrain from acting on the misrepresentation. [n2]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

---

*Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.7*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 20.
MISREPRESENTATION  >  § 20.1 INTENTIONAL MISREPRESENTATION (FRAUD/DECEIT)--
ELEMENTS*

## § 20.1.7 Reasonable Reliance

The plaintiff must prove that [he/she] relied on the defendant's misrepresentation. Furthermore, the plaintiff may recover only if [his/her] reliance on the defendant's statement was reasonable and justifiable under the circumstances. [n1]Ordinarily, the plaintiff is not required to investigate the truth of assertions that are made to [him/her]. The recipient of a fraudulent misrepresentation of fact is ordinarily justified in relying on its truth, although [he/she] might have ascertained the falsity of the representation had [he/she] made an investigation. [n2]On the other hand, the plaintiff is not entitled to rely on what in the circumstances was obviously meant as puffery or sales talk, nor may [he/she] rely upon misrepresentations that are preposterous or palpably false. [n3]

Plaintiff is not entitled to rely on a representation that [he/she] knows to be false or if its falsity is obvious to [him/her]. If a mere cursory glance would have disclosed the falsity of the representation, its falsity is regarded as obvious. [n4]A person claiming justifiable reliance is required to use his senses, and cannot recover if [he/she] blindly

Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.7

relies upon a misrepresentation the falsity of which would be obvious if [he/she] utilized the opportunity to make a cursory examination or investigation. [n5]

If the defendant's representations were such as to induce the plaintiff not to undertake an independent examination of the pertinent facts, lulling [him/her] into placing confidence in the defendant's assurances, then the plaintiff's failure to ascertain the truth through investigation does not preclude recovery. [This is so even though the defendant's representations were not consciously false.][n6]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

## *Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.8*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 20. MISREPRESENTATION > § 20.1 INTENTIONAL MISREPRESENTATION (FRAUD/DECEIT)-- ELEMENTS*

---

## § 20.1.8 Reliance--Contractual Disclaimers

---

In this case, the parties agree that their written contract included the following statement: "[insert disclaimer language]." Such a disclaimer is not an automatic defense to a claim of misrepresentation. [n1] In some cases, people sign form agreements stating that no representations have been made to them, while at the same time believing and relying upon representations that, in fact, have been made.

Of course, you may consider such a written disclaimer as some evidence that no representations were made by the defendant. However, the presence of such a disclaimer is not conclusive on that issue. It is for you to determine based on all the evidence, including the disclaimer, whether any representations were, in fact, made.

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

---

*Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.9*

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 20.*
*MISREPRESENTATION > § 20.1 INTENTIONAL MISREPRESENTATION (FRAUD/DECEIT)--*
*ELEMENTS*

## § 20.1.9 Damages

If the plaintiff has proved the five elements as explained earlier by a preponderance of the credible evidence, then you must go on and determine the amount of money damages to be awarded to the plaintiff. By instructing you on damages, I am not suggesting how you should decide this case; I am only informing you what the law is in the event that you reach the issue of damages. In a case where there has been an intentional or reckless misrepresentation, the law provides that the plaintiff may recover the benefit of what [he/she] was promised by the defendant. Thus, you are to award the plaintiff an amount of money that is the difference between what the [property] was actually worth on the open market at the time of sale and what [the defendant told the plaintiff that it was worth] [it would have been worth if it had been as the defendant described it]. [n1]

In other words, if you reach the issue of damages, you should award the plaintiff a sufficient amount of money to put [him/ her] in the position that [he/she] would have been in if the situation had been as represented by the defendant. The plaintiff is entitled to recover damages sufficient to give [him/her] the benefit of the bargain with the defendant if those damages are proved with reasonable certainty. Mathematical certainty is not required. [n2]

Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.9

Where a person has been induced to purchase shares of stock in reliance on a false representation, the measure of damages is the difference between the price paid and the value of the item received, as measured by the market value of the shares at the time the misrepresentation has been discovered. [n3]

In addition, if the misrepresentation caused the plaintiff to incur any additional expenses that were reasonably foreseeable as a result of the defendant's misrepresentation, then you are to award the plaintiff an additional amount of money that will compensate [him/her] for those additional expenses that [he/ she] incurred. [n4]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# MICHIGAN

M Civ JI 128.01 to 128.04, 128.10, 128.11

128.01. Fraud Based on False Representation

128.02. Fraud Based on Failure to Disclose Facts (Silent Fraud)

128.03. Fraud Based on Bad-Faith Promise

128.04. Innocent Misrepresentation

128.10. Material Fact--Definition

128.11. Reliance--Definition

*M Civ JI 128.01*

*Michigan Model Civil Jury Instructions  >  CHAPTER 128: FRAUD AND MISREPRESENTATION*

# Fraud Based on False Representation

Plaintiff claims that defendant defrauded [him / her / it]. To establish fraud, plaintiff has the burden of proving each of the following elements by clear and convincing evidence:

(a) Defendant made a representation of [a material fact / material facts].

(b) The representation was false when it was made.

(c) Defendant knew the representation was false when [he / she / it] made it, or defendant made it recklessly, that is, without knowing whether it was true.

(d) Defendant made the representation with the intent that plaintiff rely on it.

(e) Plaintiff relied on the representation.

(f) Plaintiff was damaged as a result of [his / her / its] reliance.

Your verdict will be for the plaintiff (on the claim of fraud) if you decide that plaintiff has proved each of these elements by clear and convincing evidence.

Your verdict will be for the defendant (on the claim of fraud) if you decide that plaintiff has failed to prove any one of these elements by clear and convincing evidence.

*M Civ JI 128.02*

*Michigan Model Civil Jury Instructions  >  CHAPTER 128: FRAUD AND MISREPRESENTATION*

## Fraud Based on Failure to Disclose Facts (Silent Fraud)

Plaintiff claims that defendant defrauded [him / her / it] by failing to disclose material facts. To establish this, plaintiff has the burden of proving each of the following elements by clear and convincing evidence:

(a) Defendant failed to disclose [a material fact / material facts] about [*insert subject matter of the claim*].

(b) Defendant had actual knowledge of the [fact / facts].

(c) Defendant's failure to disclose the [fact / facts] caused plaintiff to have a false impression.

(d) When defendant failed to disclose the [fact / facts], defendant knew the failure would create a false impression.

(e) When defendant failed to disclose the [fact / facts], defendant intended that plaintiff rely on the resulting false impression.

(f) Plaintiff relied on the false impression.

(g) Plaintiff was damaged as a result of [his / her / its] reliance.

Your verdict will be for the plaintiff (on the claim of fraud) if you decide that plaintiff has proved each of these elements by clear and convincing evidence.

Your verdict will be for the defendant (on the claim of fraud) if you decide that plaintiff has failed to prove any one of these elements by clear and convincing evidence.

*M Civ JI 128.03*

*Michigan Model Civil Jury Instructions  >  CHAPTER 128: FRAUD AND MISREPRESENTATION*

## Fraud Based on Bad-Faith Promise

Plaintiff claims that defendant defrauded [him / her / it] by making a promise of future conduct. To establish this, plaintiff has the burden of proving each of the following elements by clear and convincing evidence:

(a) Defendant promised that [*describe promise alleged by plaintiff*].

(b) At the time defendant made the promise, [he / she / it] did not intend to keep it.

(c) Defendant made the promise with the intent that plaintiff rely on it.

(d) Plaintiff relied on the promise.

(e) Plaintiff was damaged as a result of [his / her / its] reliance.

Your verdict will be for the plaintiff (on the claim of fraud) if you decide that plaintiff has proved each of these elements by clear and convincing evidence.

Your verdict will be for the defendant (on the claim of fraud) if you decide that plaintiff has failed to prove any one of these elements by clear and convincing evidence.

*M Civ JI 128.04*

*Michigan Model Civil Jury Instructions  >  CHAPTER 128: FRAUD AND MISREPRESENTATION*

## Innocent Misrepresentation

Plaintiff claims that defendant made an innocent misrepresentation of material fact. To establish this, plaintiff has the burden of proving each of the following elements:

(a) Defendant made a representation of [a material fact / material facts].

(b) The representation was made in connection with the making of a contract between plaintiff and defendant.

(c) The representation was false when it was made.

(d) Plaintiff would not have entered into the contract if defendant had not made the representation.

(e) Plaintiff had a loss as a result of entering into the contract.

(f) Plaintiff's loss benefited the defendant.

Your verdict will be for the plaintiff (on the claim of innocent misrepresentation) if you decide that plaintiff has proved each of these elements.

Your verdict will be for the defendant (on the claim of innocent misrepresentation) if you decide that plaintiff has failed to prove any one of these elements.

## *M Civ JI 128.10*

*Michigan Model Civil Jury Instructions  >  CHAPTER 128: FRAUD AND MISREPRESENTATION*

## Material Fact--Definition

A material fact cannot be an opinion, belief, speculation or prediction. It must relate to something past or present that can be proved or disproved.

A material fact must be of enough importance in the matter that a reasonable person would be likely to rely on it.

## M Civ JI 128.11

*Michigan Model Civil Jury Instructions  >  CHAPTER 128: FRAUD AND MISREPRESENTATION*

## Reliance--Definition

When I use the word relied, I mean that plaintiff would not have [entered into the contract / [*describe other action*]] if defendant had not made the [representation / false impression / promise], even if the [representation / false impression / promise] was not the only reason for plaintiff's action.

# MINNESOTA

4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 57.10 to 57.30 (6th ed.)

CIVJIG 57.10. Fraud and Misrepresentation

CIVJIG 57.15. Fraud—Reasonable Reliance

CIVJIG 57.20. Negligent Misrepresentation

CIVJIG 57.25. Fraud and Misrepresentation—Damages

CIVJIG 57.30. Duty to Disclose Material Facts

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 57.10 (6th ed.)**

Minnesota Practice Series TM  |  September 2021 Update

Jury Instruction Guides - Civil
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

Part III. Topical Areas of Law

Category 57. Fraud and Misrepresentation

# CIVJIG 57.10 Fraud and Misrepresentation

Fraud by misrepresentation must include all five of these elements:

**False representation**

1. *(Defendant)* falsely represented a past or present material fact to *(plaintiff)*.
   A fact is "material" if it would have influenced the other person's judgment or decision had *(he)(she)* known about it.

   *[The fact must be something that is knowable. This means it must be possible to discover the fact.]*

**Knowledge**

2. At the time the false representations were made, *(defendant)*

   a. *[Knew the representations were false]*

   b. *[Represented that (he) (she) knew about these facts when (he) (she) did not know if they were true or false.]*

**Intent**

3. The false representations were made by *(defendant)* intending that *(plaintiff)* would rely on them.

**Reliance**

4. *(Plaintiff)* relied and acted on the false representations.

**Harm occurred**

5. *(Plaintiff)* was harmed as a direct result of relying on the false representations.

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 57.15 (6th ed.)**

**Minnesota Practice Series TM**   |   September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part III. Topical Areas of Law**

**Category 57. Fraud and Misrepresentation**

# CIVJIG 57.15 Fraud—Reasonable Reliance

**Reasonable reliance on information**

A person is negligent in relying on information provided by another person if a reasonable person would not have relied on that information.

Case 1:19-md-02875-RMB-SAK    Document 2008-14    Filed 04/12/22    Page 178 of 386
PageID: 59782

CIVJIG 57.20 Negligent Misrepresentation, 4 Minn. Prac., Jury Instr. Guides--Civil...

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 57.20 (6th ed.)**

**Minnesota Practice Series TM** | September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part III. Topical Areas of Law**

**Category 57. Fraud and Misrepresentation**

# CIVJIG 57.20 Negligent Misrepresentation

**Definition of "negligent misrepresentation"**

"Negligent misrepresentation" occurs when a person *[in the course of his or her (business) (profession) (employment)][during a transaction in which he or she has a financial interest]*:

1. Supplies false information to another person to guide them in that person's own business transactions, and

2. Fails to use reasonable care or competence in obtaining the information or communicating it to that person, and

3. The other person relied on the information, and

4. The other person was justified in relying on that information, and

5. The other person was financially harmed by relying on the information.
"Reasonable care" is the care a reasonable person would use in the same or similar circumstances.

Case 1:19-md-02875-RMB-SAK    Document 2008-14    Filed 04/12/22    Page 179 of 386
PageID: 59783

CIVJIG 57.25 Fraud and Misrepresentation—Damages, 4 Minn. Prac., Jury Instr....

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 57.25 (6th ed.)**

**Minnesota Practice Series TM** | September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part III. Topical Areas of Law**

**Category 57. Fraud and Misrepresentation**

# CIVJIG 57.25 Fraud and Misrepresentation—Damages

**Deciding damages for fraud and misrepresentation**

In deciding damages, decide the amount of money that will fairly and adequately compensate *(plaintiff)* for the damages directly caused by relying on *(defendant's)* misrepresentation.

Damages for fraud or misrepresentation are limited to:

1. *The difference between* the actual value of the property received and the price paid for it, and

2. Any other damages that were directly caused by relying on the fraud or misrepresentation.

M-169

Case 1:19-md-02875-RMB-SAK    Document 2008-14    Filed 04/12/22    Page 180 of 386
PageID: 59784

CIVJIG 57.30 Duty to Disclose Material Facts, 4 Minn. Prac., Jury Instr. Guides--Civil...

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 57.30 (6th ed.)**

**Minnesota Practice Series TM**  |  September 2021 Update

**Jury Instruction Guides - Civil**
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

**Part III. Topical Areas of Law**

**Category 57. Fraud and Misrepresentation**

# CIVJIG 57.30 Duty to Disclose Material Facts

**Duty to disclose material facts**

There is no duty to disclose material facts to another person. However:

[a. A person who speaks must say enough to prevent his or her words from misleading the other person]

[b. A person who has special knowledge of material facts that the other person is unable to get has a duty to disclose these facts]

[c. A person who stands in a confidential or fiduciary relationship has a duty to disclose material facts].

**Fiduciary relationship**

[A "fiduciary relationship" exists when one person places confidence in another person who, as a result of having this confidence placed in him or her, assumes a position of superiority and influence.

The relationship may be legal, moral, social, domestic, or merely personal.]

# MISSISSIPPI

Miss. Model Jury Instr. Civil § 1700-01

1700. Fraud—Definition

1701. Fraud—General Instruction and Verdict Form

*Miss. Model Jury Instr. Civil § 1700*

*Mississippi Model Jury Instructions - Civil >  INTENTIONAL TORT ACTIONS >  Chapter 17: Fraud*

## 1700 Fraud - Definition

Fraud is when a [person/business/corporation] intentionally makes a false statement; the statement concerns an important or material fact; the [person/business/corporation] knows or reasonably should know that the statement is false; the [person/business/corporation] intends that the [person/business/corporation] to [whom/which] the statement is made will reasonably act upon the statement; the [person/business/corporation] to [whom/which] the statement is made does not know that the statement is false; the [person/business/corporation] to [whom/which] the statement is made relies on the statement; the [person/business/corporation] to [whom/which] the statement is made has a right to rely on the statement; and the [person/business/corporation] to [whom/which] the statement is made suffers damages as a result of [his/her/its] reliance on the statement.

*Miss. Model Jury Instr. Civil § 1701*

*Mississippi Model Jury Instructions - Civil >  INTENTIONAL TORT ACTIONS >  Chapter 17: Fraud*

# 1701 Fraud - General Instruction and Verdict Form

*General Instruction*

[Name of plaintiff] claims that [name of defendant] committed fraud and that [name of defendant] is legally responsible for [name of plaintiff]'s damages. To establish this claim, [name of plaintiff] must prove all of the following by clear and convincing evidence:

1. [Name of defendant] stated _____ [describe defendant's alleged false statement];

2. This statement was false;

3. This statement concerned an important or material fact;

4. [Name of defendant] knew or reasonably should have known that the statement was false;

5. [Name of defendant] intended that [name of plaintiff] would reasonably act upon the statement;

6. [Name of plaintiff] did not know that the statement was false;

7. [Name of plaintiff] relied on the statement;

8. [Name of plaintiff] had a right to rely on the statement; and

9. [Name of plaintiff] suffered damages as a result of [his/her/its] reliance on the statement.

*Verdict Form*

We answer the questions submitted to us as follows:

1. Do you find by clear and convincing evidence that [name of defendant] stated _____ [describe defendant's alleged false statement]?

YES _____   NO _____

If your answer to question 1 is YES, then answer question 2. If you answered NO, stop here and tell the bailiff.

2. Do you find by clear and convincing evidence that this statement was false?

YES _____   NO _____

Miss. Model Jury Instr. Civil § 1701

If your answer to question 2 is YES, then answer question 3. If you answered NO, stop here and tell the bailiff.

3. Do you find by clear and convincing evidence that this statement concerned an important or material fact?

YES _____   NO _____

If your answer to question 3 is YES, then answer question 4. If you answered NO, stop here and tell the bailiff.

4. Do you find by clear and convincing evidence that [name of defendant] knew or reasonably should have known that the statement was false?

YES _____   NO _____

If your answer to question 4 is YES, then answer question 5. If you answered NO, stop here and tell the bailiff.

5. Do you find by clear and convincing evidence that [name of defendant] intended that [name of plaintiff] would reasonably act upon the statement?

YES _____   NO _____

If your answer to question 5 is YES, then answer question 6. If you answered NO, stop here and tell the bailiff.

6. Do you find by clear and convincing evidence that [name of plaintiff] did not know that the statement was false?

YES _____   NO _____

If your answer to question 6 is YES, then answer question 7. If you answered NO, stop here and tell the bailiff.

7. Do you find by clear and convincing evidence that [name of plaintiff] relied on the statement?

YES _____   NO _____

If your answer to question 7 is YES, then answer question 8. If you answered NO, stop here and tell the bailiff.

8. Do you find by clear and convincing evidence that [name of plaintiff] had a right to rely on the statement?

YES _____   NO _____

If your answer to question 8 is YES, then answer question 9. If you answered NO, stop here and tell the bailiff.

9. Do you find by clear and convincing evidence that [name of plaintiff] suffered damages as a result of [his/her/its] reliance on the statement?

YES _____   NO _____

If your answer to question 9 is YES, then answer question 10. If you answered NO, stop here and tell the bailiff.

10. What are [name of plaintiff]'s damages?

Miss. Model Jury Instr. Civil § 1701

$_____ TOTAL

After you have filled out the verdict form, please tell the bailiff that you have reached a verdict.

# MISSOURI

Missouri Approved Jury Instructions - Civil (MAI) 23.05

23.05. Fraudulent Misrepresentation—Pecuniary Loss

*Missouri Approved Jury Instructions - Civil (MAI) 23.05*

*Missouri Approved Jury Instructions - Civil > 23.00 VERDICT DIRECTING--INTENTIONAL TORTS*

## 23.05 [2007 Revision] Fraudulent Misrepresentations--Pecuniary Loss

Your verdict must be for plaintiff if you believe:

First, defendant *(describe act such as "represented to plaintiff that the motor vehicle was never in an accident")*, and

Second, such representation was made by defendant with the intent that plaintiff rely on such representation in *(purchasing the motor vehicle)*, and

Third, the representation was false, and

Fourth, [defendant knew that it was false] [defendant knew that it was false at the time the representation was made] [defendant made the representation without knowing whether it was true or false]<1>, and

Fifth, the representation was material to the *(purchase of the motor vehicle)*, and

Sixth, plaintiff relied on the representation in *(making the purchase)*, and such reliance was reasonable under the circumstances, and

Seventh, as a direct result of such representation, plaintiff sustained damage.

 * [unless you believe plaintiff is not entitled to recover by reason of Instruction Number _____ *(here insert number of affirmative defense instruction) ].*

# MONTANA

Montana Pattern Civil Jury Instructions (MPI) 9.29, 9.30, 13.10, and 25.64

9.29. Fraud

9.30. Constructive Fraud

13.10. Duress, Fraud, Misrepresentation

25.64. Damages - Punitive Damages (Fraud)

*Montana Pattern Civil Jury Instructions (MPI) 9.29*

*Montana Pattern Civil Jury Instructions* > *CHAPTER 9 INTENTIONAL TORTS*

# 9.29 Fraud

INSTRUCTION NO. _____

The plaintiff has alleged fraud. To establish this claim he/she must prove:

(1) a representation was made;

(2) the representation was false;

(3) the representation was material;

(4) the defendant knew the representation was false or was ignorant of whether it was true;

(5) the defendant intended the plaintiff would rely upon the representation;

(6) the plaintiff was ignorant of the falsity of the representation;

(7) the plaintiff relied upon the representation;

(8) the plaintiff had a right to rely on the representation; and

(9) the plaintiff was damaged by reliance on the representation.


GIVEN: _____

District Judge

*Montana Pattern Civil Jury Instructions (MPI) 9.30*

*Montana Pattern Civil Jury Instructions  >  CHAPTER 9 INTENTIONAL TORTS*

# 9.30 Constructive Fraud

INSTRUCTION NO. _____

Plaintiff claims constructive fraud. To establish this claim, plaintiff must prove (1) the defendant breached a duty by [specify the duty breached], (2) such breach misled the plaintiff to his/her detriment [or the detriment of someone claiming under him/her) (3) resulting in an advantage to the defendant [or anyone claiming under him/her]. It is not necessary to prove that the defendant acted with fraudulent intent or with intent to deceive.

GIVEN: _____

District Judge

## *Montana Pattern Civil Jury Instructions (MPI) 13.10*

*Montana Pattern Civil Jury Instructions  >  CHAPTER 13 CONTRACTS*

## 13.10 Duress, Fraud, Misrepresentation

INSTRUCTION NO. _____

   There must be real and free consent by the parties to the terms of a contract. Consent is not real or free if it is obtained through [duress] [menace] [fraud] [undue influence] [mistake].

   GIVEN:_____

   District Judge

## *Montana Pattern Civil Jury Instructions (MPI) 25.64*

*Montana Pattern Civil Jury Instructions  >  CHAPTER 25 DAMAGES*

## 25.64 Damages - Punitive Damages (Fraud)

INSTRUCTION NO._____

In punitive damage cases the law defines fraud as either the making of a representation by the defendant with knowledge of its falsity or concealing a material fact with the purpose of depriving the plaintiff of his/her property or legal rights or otherwise causing him/her injury.

Fraud for punitive damages exists only where the plaintiff has a right to rely upon the representation of the defendant and suffers injury to his/her property or legal rights or is otherwise damaged as a result of such reliance.

GIVEN: _____

District Judge

# NEBRASKA

NJI 2d Civ. 9.01 to 9.03, and 15.08

9.01. Fraudulent Misrepresentation

9.02. Fraudulent Concealment--Vendor/Purchaser Setting

9.02. Fraudulent Concealment--Vendor/Purchaser Setting

9.03. Definition of Material Fact

15.08. Definition of Fraudulent Representation

*NJI 2d Civ. 9.01*

*Nebraska Jury Instructions, Civil  >  Volume 1  >  Chapter 9: Miscellaneous Civil Actions*

---

## 9.01 Fraudulent Misrepresentation

Before the plaintiff can recover against the defendant [on (his, her, its) claim of (misrepresentation, fraudulent misrepresentation, false representation, deceit)], the plaintiff must prove, by the greater weight of the evidence, each and all of the following:

1. That the defendant made the claimed representation;

2. That the representation was false;

3. That the representation was made fraudulently;

4. That, when (he, she, it) made the representation, the defendant intended that the plaintiff would rely on it;

5. That the plaintiff did rely on the representation;

6. That the plaintiff's reliance on the representation was reason able;

7. That this representation was a proximate cause of some dam age to the plaintiff; and

8. The nature and extent of that damage.

*NJI 2d Civ. 9.02*

*Nebraska Jury Instructions, Civil > Volume 1 > Chapter 9: Miscellaneous Civil Actions*

---

## 9.02 Fraudulent Concealment--Vendor/Purchaser Setting

Before the plaintiff can recover against the defendant [on (his, her, its) claim of fraudulent concealment], the plaintiff must prove, by the greater weight of the evidence, each and all of the following:

1. That the defendant knew (here insert a statement of the fact in question);

2. That this was a material fact;

3. That the defendant (concealed, suppressed) this material fact;

4. That this was not something the plaintiff knew or should have known, had (he, she, it (his, her, its) agent) been reasonably observant;

5. That the defendant (concealed, suppressed) this fact with the intent to (deceive, mislead) the plaintiff as to the true condition of the (property);

6. That the plaintiff was reasonably so (deceived, misled);

7. That this (concealment, suppression) was a proximate cause of some damage to the plaintiff; and

8. The nature and extent of that damage.

*NJI 2d Civ. 9.03*

*Nebraska Jury Instructions, Civil  >  Volume 1  >  Chapter 9: Miscellaneous Civil Actions*

## 9.03 Definition of Material Fact

A material fact is one that is either:

1. Likely to change a reasonable person's mind regarding entering into a contract; or

2. For some reason known to the defendant, likely to change the plaintiff's mind regarding entering into a contract.

*NJI 2d Civ. 15.08*

*Nebraska Jury Instructions, Civil > Volume 1 > Chapter 15: Contracts > B. Definitions*

---

## 15.08 Definition of Fraudulent Representation

A representation is made fraudulently if it is made either:

1. With knowledge that it is false; or

2. Both as a positive assertion and recklessly, without knowledge of its truth.

# NEVADA

1 Nevada Pattern Jury Instructions Civil 10.1 to 10.10 (2019)

10.1: Fraudulent Misrepresentation: Introductory Instruction

10.2: Intentional Misrepresentation

10.3: False Promise

10.4: Concealment

10.5: Fraud by Nondisclosure (Silence)

10.6: Duty to Disclose

10.7: Negligent Misrepresentation

10.8: Clear and Convincing Evidence

10.9: Justifiable Reliance

10.10: Statements of Fact vs. Opinion

*1 Nevada Pattern Jury Instructions Civil 10.1*

*Nevada Pattern Jury Instructions Civil > CHAPTER 10 Fraud and Misrepresentation Instructions*

## 10.1: Fraudulent Misrepresentation: Introductory Instruction

The plaintiff seeks to recover damages based upon a claim of fraud. Conduct may be fraudulent if any of the following occur:

1. An intentional misrepresentation;

2. A false promise;

3. The concealment of information (where there is a duty not to conceal);

4. A failure to disclose information (where there is a duty to disclose).

*1 Nevada Pattern Jury Instructions Civil 10.2*

*Nevada Pattern Jury Instructions Civil > CHAPTER 10 Fraud and Misrepresentation Instructions*

## 10.2: Intentional Misrepresentation

In order to establish a claim of fraud based on an intentional misrepresentation, the plaintiff must show clear and convincing evidence that establishes:

1. The defendant made a representation as to a past or existing material fact;

2. This representation was false;

3. The defendant knew the representation was false when it was made; or

4. The defendant knew that [he] [she] did not hold sufficient information to make the representation;

5. The defendant intended to induce the plaintiff to rely upon the false representation and act or to refrain from acting accordingly;

6. The plaintiff was unaware of the falsity of the representation;

7. The plaintiff acted in reliance upon the truth of the representation;

8. The plaintiff was justified in relying upon the representation; and

9. The plaintiff sustained damages as a result of [his] [her] reliance on the misrepresentation.

## *1 Nevada Pattern Jury Instructions Civil 10.3*

*Nevada Pattern Jury Instructions Civil > CHAPTER 10 Fraud and Misrepresentation Instructions*

## 10.3: False Promise

In order to establish a claim of fraud based on a false promise, the plaintiff must show clear and convincing evidence that establishes:

1. The defendant made a promise as to a material matter; and

2. At the time it was made, the defendant did not intend to perform;

3. The defendant made the promise with the intent to induce plaintiff to rely upon it and act or refrain from acting accordingly;

4. The plaintiff was unaware of the defendant's intention not to perform the promise;

5. The plaintiff acted in reliance upon the promise;

6. The plaintiff was justified in relying upon the promise; and

7. The plaintiff sustained damages as a result of plaintiff's reliance on defendant's promise.

## *1 Nevada Pattern Jury Instructions Civil 10.4*

*Nevada Pattern Jury Instructions Civil > CHAPTER 10 Fraud and Misrepresentation Instructions*

## 10.4: Concealment

In order to establish a claim of fraud based on concealment, the plaintiff must show by clear and convincing evidence that:

1. The defendant assumed the responsibility to give information;

2. The defendant concealed or suppressed a material fact;

3. The defendant was under a duty to disclose the fact to the plaintiff;

4. The defendant knew [he] [she] [it] was concealing the fact;

5. The defendant intended to induce the plaintiff to act or refrain from acting in a manner different than the plaintiff would have done had [he] [she] [it] known the truth;

6. The plaintiff was unaware of the fact and would not have acted as [he] [she] [it] did had [he] [she] [it] known of the concealed or suppressed fact; and

7. The concealment or suppression of the fact caused the plaintiff to sustain damage.

*1 Nevada Pattern Jury Instructions Civil 10.5*

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 10 Fraud and Misrepresentation Instructions*

## 10.5: Fraud by Nondisclosure (Silence)

In order to establish a claim of fraud based on nondisclosure, the plaintiff must show by clear and convincing evidence that:

1. The defendant assumed the responsibility to give information;

2. The defendant was silent regarding a material fact;

3. The defendant was under a duty to disclose the fact to the plaintiff;

4. The defendant knew [he] [she] [it] was omitting the fact;

5. The defendant intended to induce the plaintiff to act or refrain from acting in a manner different than the plaintiff would have done had [he] [she] [it] known the truth;

6. The plaintiff was unaware of the fact and would not have acted as [he] [she] [it] did had [he] [she] [it] known of the omitted fact; and

7. The omission of the fact caused the plaintiff to sustain damage.

*1 Nevada Pattern Jury Instructions Civil 10.6*

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 10 Fraud and Misrepresentation Instructions*

## 10.6: Duty to Disclose

To recover for fraud based on nondisclosure or concealment, the plaintiff must show that the defendant is under a duty to exercise reasonable care to disclose the facts at issue.

To establish that the defendant had a duty to disclose, the plaintiff must show:

There was a special relationship between the parties. Special relationships are found in situations where:

   a. One party gives confidence in the other because of the person's position, experience, or knowledge; and

   b. The person in confidence is aware that the other party is giving that confidence.

*1 Nevada Pattern Jury Instructions Civil 10.7*

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 10 Fraud and Misrepresentation Instructions*

## 10.7: Negligent Misrepresentation

In order to establish a claim of negligent misrepresentation, the plaintiff must show clear and convincing evidence that establishes:

1. The defendant made a representation;

2. While in the course of his business, profession, employment or other action of pecuniary interest;

3. The defendant failed to exercise reasonable care or competence in obtaining or communicating the representation to the plaintiff;

4. The representation was false;

5. The representation was supplied for the purpose of guiding the plaintiff in its business transactions;

6. The plaintiff justifiably relied on the false information; and

7. The plaintiff sustained a loss due to the false information.

## 1 Nevada Pattern Jury Instructions Civil 10.8

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 10 Fraud and Misrepresentation Instructions*

## 10.8: Clear and Convincing Evidence

In order for the plaintiff to establish a fraud claim, there are several elements that must be proven by clear and convincing evidence. Clear and convincing evidence is proof that the factual element is highly probable. The proof must be so strong and cogent as to satisfy the mind and conscience of a common person, and so to convince [him] [her] that [he] [she] would venture to act upon that conviction in matters of the highest concern and importance to his or her own interest. It need not possess such a degree of force as to be irresistible, but there must be evidence of tangible facts from which a legitimate inference may be drawn.

## *1 Nevada Pattern Jury Instructions Civil 10.9*

*Nevada Pattern Jury Instructions Civil  >  CHAPTER 10 Fraud and Misrepresentation Instructions*

# 10.9: Justifiable Reliance

The plaintiff must show by clear and convincing evidence that [he] [she] [it] justifiably relied on a misrepresentation or false promise in order to recover under a claim of fraud.

In order for the plaintiff to establish that [he] [she] [it] justifiably relied on the false representation or promise, the plaintiff must show:

1. The representation or promise played a substantial and material part in influencing the plaintiff's course of action; and

2. None of the facts surrounding the transaction would serve as a danger signal indicating a falsehood to a normal person of the plaintiff's intelligence and experience;

3. The misrepresentation or promise need not be the sole cause of the plaintiff's actions if it appears that the reliance upon the representation or promise substantially influenced the party's action, even though other influences operated as well; and

4. The plaintiff does not have a duty to investigate if there are no facts in the surrounding circumstances that should alert the plaintiff of potential fraud.

The plaintiff may not recover for fraud if the defense can show:

1. The plaintiff was aware that the statements were false at the time of making [his] [her] [its] decision; or

2. The plaintiff was unaware that the statement was false, but [he] [she] [it] was not influenced by it in any way and [he] [she] [it] would have done the same thing without the false statement for other reasons.

## *1 Nevada Pattern Jury Instructions Civil 10.10*

*Nevada Pattern Jury Instructions Civil > CHAPTER 10 Fraud and Misrepresentation Instructions*

## 10.10: Statements of Fact vs. Opinion

Expressions of opinion, estimates based on experience, commendatory sales talk, or puffing are not actionable in fraud. In order to establish a claim of fraud, the plaintiff must show that the defendant's assertions were assertions of fact.

# NEW HAMPSHIRE

1 New Hampshire Civil Jury Instruction 22.1, 32.37, and 32.184 (2020)

22.1. Fraudulent Misrepresentation

32.27. Fraud

32.184. Effect of Defrauded Party's Failure to Investigate

## *1 New Hampshire Civil Jury Instruction 22.1*

*New Hampshire Civil Jury Instruction > CHAPTER 22 Misrepresentation > PART A. STANDARD INSTRUCTIONS FOR MISREPRESENTATION*

## 22.1 Fraudulent Misrepresentation

In order to recover for fraudulent misrepresentation or deceit, the plaintiff must prove by clear and convincing evidence all of the following:

1. The defendant misrepresented a material fact to the plaintiff;

2. With a fraudulent intent;

3. That the plaintiff relied upon it;

4. That the plaintiff, honestly believing the misrepresentation, justifiably relied upon it; and

5. As a result of the plaintiff's reliance upon the misrepresentation he/she sustained damages.

*1 New Hampshire Civil Jury Instruction 32.27*

*New Hampshire Civil Jury Instruction > CHAPTER 32 Contracts > PART A. STANDARD CAUTIONARY INSTRUCTIONS FOR CONTRACTS*

## 32.27 Fraud

A party to a contract may be excused from performing its promises if it was induced to enter into the agreement by fraud.

Fraud occurs when one party knowingly misrepresents an important fact to the other party, with the purpose of persuading the other party to enter into an agreement in reliance on the misrepresentation. The law imposes upon the parties to all contracts an obligation to act in good faith. For that reason, if one party engages in fraud, the other party is not bound by the agreement that results.

A party who makes a representation that is true at the time it is made is under a duty to correct the statement if it turns out to be erroneous, or is later discovered to have been false at the time it was made, before the transaction is completed.

*1 New Hampshire Civil Jury Instruction NS32.184*

*New Hampshire Civil Jury Instruction  >  CHAPTER 32 Contracts  >  PART B. NONSTANDARD CAUTIONARY INSTRUCTIONS FOR CONTRACTS*

## NS32.184Effect of Defrauded Party's Failure to Investigate

If the representation that _____ [rescinding party] claims _____ [other party] made was such that under the circumstances it was absurd for _____ [rescinding party] to accept it as true without checking further, then _____ [rescinding party] may not cancel the contract based on a claim of fraud. In deciding whether it was absurd for _____ [rescinding party] not to have checked out the facts independently, you must look at the situation from _____ [rescinding party]'s point of view in light of his or her experience, knowledge, and intelligence. You should not decide this issue based on what you or someone else would have done.

# NEW JERSEY

## NJ CV JI 3.30E

3.30E. Fraud—Deceit

**3.30E          FRAUD — DECEIT**

Plaintiff seeks to recover damages which he/she claims he/she sustained as a result of a misrepresentation made to him/her by the defendant.  One who represents as true that which is false with the intent to deceive the person to whom the representation is made is liable to that person if he/she, believing the representation to be true (acts, refrains from acting) in justifiable reliance upon it and suffers damage as a result.

The burden of proof is on the plaintiff to establish by clear and convincing evidence each of the following elements.  First, that defendant made a false representation of fact to him/her.  Second, that defendant knew or believed it to be false.  Third, that defendant intended to deceive plaintiff.  Fourth, that plaintiff believed and justifiably relied upon the statement and was induced by it to (action taken or omitted).  Fifth, that as a result of plaintiff's reliance upon the statement, he/she sustained damage.

The first question for you to determine is what defendant said to the plaintiff.  If it was a statement of opinion rather than a statement of fact, defendant cannot be held responsible, for opinions are matters of judgment for which under the circumstances of this case, the law does not impose liability and your verdict will be for the defendant.  If on the other hand you find that defendant stated in

words or substance that (recite the representations claimed) your finding will be that defendant made a representation of fact.

If you find that defendant made a representation of fact, you will next consider whether that representation was true or false. If you find it was true, your verdict will be for the defendant. If you find it was false, you will then determine whether defendant knew or believed it was false and made the representation with intent to deceive the plaintiff. A false statement is made with intent to deceive if it is made with knowledge that it is false.

Whether the plaintiff was justified in relying on the representation depends upon whether the fact represented is one that a reasonable man would consider important in reaching a decision in the transaction in question. Even though it is not such an important fact, reliance may be justified if the defendant in making the representation knew that the plaintiff considered it important and would rely upon it.

If you ultimately conclude that there was no justifiable reliance by the plaintiff or even if there was not a substantial factor in plaintiff's decision to enter into the transaction, your verdict will be for the defendant.

**CHARGE 3.30E — Page 3 of 3**

If you find that a reasonable person would have considered the representation important in deciding whether to proceed with the transaction or that defendant knew that plaintiff considered the fact important and would rely on it, and you find that plaintiff's belief of the representation was a substantial factor in his/her decision to engage in the transaction, your verdict would be for the plaintiff and your attention would then turn to the nature and extent of plaintiff's damage.

# NEW MEXICO

NMRA 13-304, 834, and 1633

13-304. Burden of proof; greater weight of the evidence; clear and convincing evidence

13-834. Misrepresentation

13-1633. Fraud

## *13-304 NMRA*

*Uniform Jury Instructions - Civil  >  UNIFORM JURY INSTRUCTIONS--CIVIL  >  CHAPTER 3. ISSUES;
BURDEN OF PROOF; CAUSATION; EVIDENCE  >  PART B. BURDEN OF PROOF*

## 13-304 Burden of proof; greater weight of the evidence; clear and convincing evidence

A party seeking a recovery [or a party relying upon a defense] has the
burden of proving every essential element of the claim [or defense] by the
greater weight of the evidence.

   To prove by the greater weight of the evidence means to establish that
something is more likely true than not true. [When I say, in these
instructions, that the party has the burden of proof on
(theory(ies) of recovery by name) , I mean that you must be persuaded that
what is sought to be proved is more probably true than not true. Evenly
balanced evidence is not sufficient.]

   On            (*fraud*, etc.) , however, a higher degree of proof is
required. Plaintiff has the burden of proving            by clear and
convincing evidence.]

## *13-834 NMRA*

*Uniform Jury Instructions - Civil  >  UNIFORM JURY INSTRUCTIONS--CIVIL  >  CHAPTER 8.
CONTRACTS AND UCC SALES*

# 13-834 Misrepresentation.

( *name of defendant*) claims that the contract upon which     ( *name of plaintiff*) relies is void because of misrepresentation by     ( *name of plaintiff*).

To establish the defense of misrepresentation,     ( *name of defendant*) must prove all of the following:

1. That     ( *name of plaintiff*) made a misrepresentation;

2. That the misrepresentation was [fraudulent] [or] [material];

3. That     ( *name of defendant*) would not have entered into the contract if [he][she][it] had known that the representation was untrue; and

4. That     ( *name of defendant*)'s reliance on the misrepresentation was justified.

[A material misrepresentation is any untrue statement upon which the other party did in fact rely in entering into the contract, and without which the other party would not have entered into the agreement.]

[A misrepresentation is fraudulent if one party makes it with the intent to deceive and to cause the other party to act on it. If a fraudulent misrepresentation is at issue, it must be proven by clear and convincing evidence.]

## *13-1633 NMRA*

*Uniform Jury Instructions - Civil  >  UNIFORM JURY INSTRUCTIONS--CIVIL  >  CHAPTER 16. TORT LAW -- NEGLIGENCE*

## 13-1633 Fraud

A party is liable for damages proximately caused by [his] [her] fraudulent misrepresentation.  To prove fraud,              (party claiming fraud)  must prove:

First, a representation of fact was made which was not true;

Second, either the falsity of the representation was known to the party making it or the representation was recklessly made;

Third, the representation was made with the intent to deceive and to induce              (party claiming fraud)  to rely on the representation; and

Fourth,              (party claiming fraud)  did in fact rely on the representation.

Each of these elements must be proved by clear and convincing evidence.

# NEW YORK

NY PJI 1:64, 2:278, 3:20 to 3:21 and 4:10

PJI 1:64. General Instruction - Burden of Proof - Clear and Convincing Evidence

PJI 2:278. Damages-Punitive

PJI 3:20. Intentional Torts—Fraud and Deceit

PJI 3:20.1. Intentional Torts—Fraud and Deceit

PJI 3:20.2. Intentional Torts—Fraud and Deceit—Fraudulent Omission

PJI 3:21. Negligent Misrepresentation

PJI 3:21. SV Special Verdict Form

PJI 4:10. Contracts—Consent—Fraud in the Execution

*NY PJI 1:64*

*New York Pattern Jury Instructions - Civil > DIVISION 1. GENERAL CHARGES > C. GENERAL INSTRUCTIONS NOT APPLICABLE TO ALL CASES > 3. Burden of Proof*

## PJI 1:64. General Instruction--Burden of Proof--Clear and Convincing Evidence

The burden is on the plaintiff to prove   *[here state the ultimate issue to be decided]*   (e.g., *fraud*, malice, mistake, a gift, the contract between the plaintiff and the deceased, incompetency, addiction) by clear and convincing evidence. This means evidence that satisfies you that there is a high degree of probability that there was (e.g., *fraud*, malice, mistake, a gift, a contract between the plaintiff and the deceased, incompetency, addiction), as I (have defined, will define) it for you.

To decide for the plaintiff it is not enough to find that the preponderance of the evidence is in the plaintiff's favor. A party who must prove (his, her) case by a preponderance of the evidence only need satisfy you that the evidence supporting (his, her) case more nearly represents what actually happened than the evidence which is opposed to it. But a party who must establish (his, her) case by clear and convincing evidence must satisfy you that the evidence makes it highly probable that what (he, she) claims is what actually happened.

If, upon all the evidence, you are satisfied that there is a high probability that there was (e.g., *fraud*, malice, mistake, a gift, a contract between the plaintiff and the deceased, incompetency, addiction) as I (have defined, will define) it for you, you must decide for the plaintiff. If you are not satisfied that there is such a high probability, you must decide for the defendant.

## *NY PJI 2:278*

*New York Pattern Jury Instructions - Civil  >   DIVISION 2. NEGLIGENCE ACTIONS  >   J. DAMAGES  >
2. Punitive*

# PJI 2:278. Damages-Punitive

In addition to awarding damages to compensate the plaintiff AB for (his, her) injuries, you may, but you are not required to, award AB punitive damages if you find that the act(s) of the defendant CD that caused the injury complained of (was, were)   *([use applicable phrase or term:]*   (wanton and reckless, malicious). Punitive damages may be awarded for conduct that represents a high degree of immorality   *[add where applicable:]*   (and shows such wanton dishonesty as to imply a criminal indifference to civil obligations). The purpose of punitive damages is not to compensate the plaintiff but to punish the defendant for (wanton and reckless, malicious) acts and thereby to discourage the defendant and other (people, companies) from acting in a similar way in the future.

   *[Use whichever of the following sentences apply:]*

   An act is malicious when it is done deliberately with knowledge of the plaintiff's rights, and with the intent to interfere with those rights. An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of its effect upon the health, safety and rights of others. If you find that CD's act(s) (was, were) not wanton and reckless or malicious, you need proceed no further in your deliberations on this issue. On the other hand, if you find that CD's act(s) (was, were) wanton and reckless or malicious, you may award AB punitive damages.

   *[If the jury determines that defendant's acts were wanton and reckless, or malicious, the court should proceed to charge the jury on the factors it should consider in determining the amount of punitive damages.]*

   In arriving at your decision as to the amount of punitive damages you should consider the nature and reprehensibility of what CD did. That would include the character of the wrongdoing,   *([state the factors that are applicable, such as:]*   whether CD's conduct demonstrated an indifference to, or a reckless disregard of, the health, safety or rights of others, whether the act(s) (was, were) done with an improper motive or vindictiveness, whether the act or acts constituted outrageous or oppressive intentional misconduct, how long the conduct went on, CD's awareness of what harm the conduct caused or was likely to cause, any concealment or covering up of the wrongdoing, how often CD had committed similar acts of this type in the past and the actual and potential harm created by CD's conduct   *[add where appropriate:]*   (including the harm to individuals or entities other than plaintiff AB. However, although you may consider the harm to individuals or entities other than plaintiff AB in determining the extent to which CD's conduct was reprehensible, you may not add a specific amount to your punitive damages award to punish CD for the harm CD caused to others.)

NY PJI 2:278

The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by AB, and to the compensatory damages you awarded AB. The reprehensibility of CD's conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by AB and the compensatory damages you have awarded AB.

*[State where appropriate:*   You have heard evidence that CD   *[specify claimed out-of-state conduct]*   in the state(s) of   *[identify state(s) in which claimed conduct occurred].*   That conduct is not against the law in *[specify state(s) in which claimed conduct occurred].*   Therefore, if you decide to award punitive damages in this case and if you find that CD   *[specify claimed out-of-state conduct]*   in   *[identify state(s) in which claimed conduct occurred]*,   you may not add a specific amount to your punitive damages award to punish CD for the out-of-state conduct.

You may also consider the defendant CD's financial condition and the impact your punitive damages award will have on CD.

In reporting your verdict, you will state the amount awarded by you as punitive damages.

*NY PJI 3:20*

*New York Pattern Jury Instructions - Civil > DIVISION 3. TORTS OTHER THAN NEGLIGENCE > C. FRALTD AND DECEIT*

## PJI 3:20. Intentional Torts-Fraud And Deceit

As you have heard, the plaintiff AB seeks to recover damages that (he, she, it) claims were caused by a fraud committed by the defendant CD. Specifically, AB claims that [ *state AB's claims*].    CD denies that (he, she, it) committed fraud and contends that [ *state CD's contentions*].

In order to recover for fraud, AB must prove by clear and convincing evidence that (1) CD made a statement of material fact; (2) the statement was false; (3) CD either knew that the statement was false or made the statement recklessly without regard to whether it was true or false; (4) CD made the statement to convince AB to rely upon it; (5) AB did rely on CD's statement; (6) AB's reliance on CD's statement was justifiable; and (7) AB sustained damages because of (his, her, its) reliance on CD's statement.

Clear and convincing evidence means evidence that satisfies you that there is a high degree of probability that there was fraud as I have defined it for you. To decide for AB by clear and convincing evidence, it is not enough to find that the evidence supporting (his, her, its) case more nearly represents what actually happened than the evidence that is opposed to it. AB must satisfy you that the evidence makes it highly probable that what (he, she) claims is what actually happened.

If, upon all the evidence, you are satisfied that there is a high probability that there was fraud, you must decide for AB. If you are not satisfied that there is such a high probability, you must decide for CD.

The first question you will be asked to decide is whether CD stated [ *state representation on which AB's claim is based*].  If you decide that CD did not state [ *state representation on which AB's claim is based*],  you need proceed no further on the claim of fraud. If you decide that CD did state [ *state representation on which AB's claim is based*],  the next question you must decide is whether that statement was material. A statement of fact is material if a reasonable person would consider it important. If you decide that CD's statement was not material, you need proceed no further on the claim of fraud. If you decide that CD's statement was material, you must next decide whether the statement was false.

The next question you will be asked to decide is whether CD's statement was false. A statement is false if, taken as a whole, it communicates something that is untrue when considered from the viewpoint of an ordinary person. If you decide that the statement was true, you need proceed no further on the claim of fraud. If you decide that the statement was false, you must next decide whether CD either knew it was false or made the

NY PJI 3:20

statement recklessly without regard to whether it was true or false. A statement is made recklessly if it is made when the person making it does not have an honest and reasonable belief in its truth.

If you decide that CD did not know that the statement was false and that CD did not make the statement recklessly, you need proceed no further on the claim of fraud. If you decide that CD did know that the statement was false or that CD acted recklessly in making the statement, you must next decide whether the statement was made to convince AB to [ *state action taken or omitted*].

If you decide that CD did not make the statement in order to convince AB to [ *state action taken or omitted*], you need proceed no further on the claim of fraud. If you decide that CD did make the statement in order to convince AB to [ *state action taken or omitted*],   you must next decide whether AB relied on the statement.

The next question you will be asked to decide is whether AB relied on CD's statement in [ *state action taken or omitted*].   If you decide that AB did not rely on CD's statement in [ *state action taken or omitted*],   you need proceed no further on the claim of fraud. If you decide that CD did rely on CD's statement in [ *state action taken or omitted*],   you must next decide whether AB was justified in relying on the statement.

Whether a person is justified in relying on a statement depends on whether a reasonable person would [ *state action taken or omitted*]   without further effort to determine the truth or accuracy of the statement. If you decide that AB was not justified in relying on CD's statement, you need proceed no further on the claim of fraud. If you decide that AB was justified in relying on the statement, you must next decide whether AB sustained damages because (he, she, it) relied on CD's statement.

If you decide that AB did not sustain any damage as a result of the fraud, you will find for CD on the claim of fraud. If you decide that AB did sustain damage as a result of the fraud, you must next decide the actual monetary loss sustained. In determining the amount of damages AB sustained, you should consider only the actual amounts that AB spent [ *state where appropriate*:   or incurred] in reliance on CD's false statement [ *substitute where appropriate*:   the difference between the actual amounts that AB spent in reliance on CD's false statement and the value, if any, of the ( *state benefit or property plaintiff received*)   at the time AB received it]. You should not consider any lost profits or other amounts that AB may have expected to, but did not, receive because CD's statement was false.

*NY PJI 3:20.1*

*New York Pattern Jury Instructions - Civil  >  DIVISION 3. TORTS OTHER THAN NEGLIGENCE  >  C. FRALTD AND DECEIT*

## PJI 3:20.1. Intentional Torts-Fraud And Deceit [Suplemental Instruction]

If you decide that CD did state [ *state representation on which AB's claim is based*],   you must decide whether it was a statement of fact or whether (he, she, it) merely gave an opinion. If you decide that the statement was merely an opinion rather than a statement of fact, CD is not liable. In deciding whether a statement was a mere opinion or statement of fact, you should consider how definite or indefinite the statement was, whether the statement relates to a concrete fact or a past or existing event, whether the statement can be proven to be true or false and whether the statement was made in response to a question or concern expressed by AB. If you decide that CD's statement was no more than an expression of (his, her, its) opinion, you will proceed no further on the claim of fraud. If you decide that CD did make a statement of fact rather than opinion, you will next decide whether that statement was true or false.

*NY PJI 3:20.2*

*New York Pattern Jury Instructions - Civil > DIVISION 3. TORTS OTHER THAN NEGLIGENCE > C. FRALTD AND DECEIT*

## PJI 3:20.2. Intentional Torts-Fraud And Deceit-Fraudulent Omissison [Suplemental Instruction]

As you have heard, the plaintiff AB seeks to recover damages that (he, she, it) claims were caused by a fraud committed by the defendant CD. Specifically, AB claims that [ *state AB's claims*].   CD denies that (he, she, it) committed fraud and contends that [ *state CD's contentions*].

In order to recover for fraud, AB must prove by clear and convincing evidence that **(1)** CD failed to disclose [ *state omitted fact(s)*];   **(2)** CD knew [ *state omitted fact(s)*];   **(3)** [ *state where plaintiff's claim is based on a duty to disclose arising from defendant's superior knowledge of the facts*:] [ *state omitted fact(s)*]   **(was, were) not also known to AB and could not have been discovered by AB through the use of ordinary intelligence]; (4)** CD failed to disclose [ *state omitted fact(s)*]   **because (he, she, it) believed that AB would not** [ *identify the transaction in issue*] **if (he, she, it) knew** [ *state omitted fact(s)*];   **(5)** AB would not have [ *identify the transaction in issue*]   **if (he, she, it) knew** [ *state omitted fact(s)*];   **and (6)** AB sustained damages because of [ *identify the transaction in issue*].

Clear and convincing evidence means evidence that satisfies you that there is a high degree of probability that there was fraud as I have defined it for you. To decide for AB by clear and convincing evidence, it is not enough to find that the evidence supporting (his, her, its) claim(s) more nearly represents what actually happened than the evidence that is opposed to it. AB must satisfy you that it is highly probable that what (he, she, it) claims is what actually happened.

If, upon all the evidence, you are satisfied that there is a high probability that there was fraud, you must decide for AB. If you are not satisfied that there is such a high probability, you must decide for CD.

The first question you will be asked to decide is whether CD failed to disclose [ *state omitted fact(s)*].   If you decide that CD did disclose [ *state omitted fact(s)*],   you need proceed no further on the claim of fraud. If you decide that CD did not disclose [ *state omitted fact(s)*],   the next question you must decide is whether CD knew [ *state omitted fact(s)*].

[ *State where plaintiff's claim is based on a duty to disclose arising from defendant's superior knowledge of the facts*:]

If you decide that CD did not know [ *state omitted fact(s)*],   you need proceed no further on the claim of fraud. If you decide that CD did know [ *state omitted fact(s)*],   you must next decide whether [ *state omitted fact(s)*]   **(was,**

**M-218**

NY PJI 3:20.2

were) not known to AB and could not have been discovered by AB through the use of ordinary intelligence. If you decide that [ *state omitted fact(s)*] (was, were) also known to AB or could have been discovered by AB through the use of ordinary intelligence, you need proceed no further on the claim of fraud. If you decide that [ *state omitted fact(s)* ] (was, were) not known to AB and could not have been discovered by AB through the use of ordinary intelligence, the next question you must decide is whether CD failed to disclose [ *state omitted fact(s)*] because (he, she, it) believed that AB would not [ *identify the transaction in issue*] if (he, she, it) knew [ *state omitted fact(s)*].

[ *State where defendant's duty to disclose is not based on superior knowledge of the facts and the court has previously determined, as a matter of law, that a duty to disclose existed*:]

If you decide that CD did not know [ *state omitted fact(s)*], you need proceed no further on the claim of fraud. If you decide that CD did know [ *state omitted fact(s)*], the next question you must decide is whether CD failed to disclose [ *state omitted fact(s)* ] because (he, she, it) believed that AB would not [ *identify the transaction in issue*] if (he, she, it) knew [ *state omitted fact(s)*].

If you decide that AB would have [ *identify the transaction in issue*] even if (he, she, it) knew [ *state omitted fact(s)*], you need proceed no further on the claim of fraud. If you decide that AB would not have [ *identify the transaction in issue*] if (he, she, it) knew [ *state omitted fact(s)*], the next question you must decide is whether AB sustained damages as a result of [ *identify the transaction in issue*].

In determining whether AB sustained damages as a result of [ *identify the transaction in issue*] and, if so in determining the amount of damages AB sustained, you should consider only the actual amounts that AB spent [ *state where appropriate*: or incurred] in [ *identify the transaction in issue] [substitute where appropriate*: the difference between the actual amounts that AB spent in ( *identify the transaction in issue*) and the value, if any, of the ( *state benefit or property plaintiff received*) at the time AB received it]. You should not consider any lost profits or other amounts that AB may have expected to, but did not, receive from [ *identify the transaction in issue*].

If you decide that AB did not sustain damages as result of [ *identify the transaction in issue*], you need proceed no further on the claim of fraud. If you decide that AB did sustain damages as a result of [ *identify the transaction in issue*], you must next decide the actual monetary loss sustained.

*NY PJI 3:21*

*New York Pattern Jury Instructions - Civil  >  DIVISION 3. TORTS OTHER THAN NEGLIGENCE  >  C. FRALTD AND DECEIT*

## PJI 3:21. Negligent Misrepresentation

As you have heard, the plaintiff AB seeks to recover the damages that (he, she, it) claims were caused by (his, her, its) reliance on incorrect statement(s) that were negligently made by the defendant CD. Specifically, AB claims [ *state plaintiff's claim(s)* ].    CD denies [ *set forth elements of plaintiff's claim(s) that defendant denies* ] **and contends** [ *state defendant's contentions* ].

Where a person makes a statement that (he, she, it) knows or should know will be relied upon by another, that person is under a duty to the other person to take reasonable care that the statement is correct. Reasonable care means that degree of care that a reasonably prudent person would use under the same circumstances. When a person takes an action or makes a decision in reliance on an incorrect statement and the reliance was reasonable, that person is entitled to recover the damages (he, she, it) sustained as a result.

To recover, AB has the burden of proving, by a preponderance of the evidence, that (1) CD stated [ *set forth statement(s) that plaintiff claims were made* ];    (2) the statement was incorrect; (3) CD failed to use reasonable care to ensure that the statement was correct; (4) AB (heard, read) CD's statement; (5) CD knew or a reasonable person in CD's position would have known that AB would rely on the statement in [ *state action that plaintiff took or decision plaintiff made in alleged reliance on the statement* ];    (6) AB relied on CD's statement in [ *state action that plaintiff took or decision plaintiff made in alleged reliance on the statement* ]; (7) AB's reliance on CD's statement was reasonable; and (8) as a result of (his, her, its) reliance, AB suffered damage.

You will find for CD and proceed no further [ *state where appropriate:  on this claim* ] if you decide that (1) CD did not state [ *set forth statement(s) that plaintiff claims were made* ];    or (2) the statement was correct; or (3) CD used reasonable care to ensure that the statement was correct; or (4) AB did not (hear, read) CD's statement; or (5) CD did not know and a reasonable person in CD's position would not have known that AB would rely on the statement in [ *state action that plaintiff took or decision plaintiff made in alleged reliance on the statement* ];    or (6) AB did not rely on CD's statement in [ *state action that plaintiff took or decision plaintiff made in alleged reliance on the statement* ];    or (7) AB's reliance on CD's statement was not reasonable; or (8) AB did not suffer damage as a result of (his, her, its) reliance on CD's statement.

On the other hand, you will find for AB if you decide that (1) CD did state [ *set forth statement(s) that plaintiff claims were made* ];    and (2) CD's statement was incorrect; and (3) CD failed to use reasonable care to ensure

NY PJI 3:21

that the statement was correct; and (4) AB (heard, read) CD's statement; and (5) CD knew or a reasonable person in CD's position would have known that AB would rely on the statement in [ *state action that plaintiff took or decision plaintiff made in alleged reliance on the statement*];   and (6) AB relied on CD's statement in [ *state action that plaintiff took or decision plaintiff made in alleged reliance on the statement*];   and (7) AB's reliance on CD's statement was reasonable; and (8) AB suffered damage as a result of (his, her, its) reliance on CD's statement. If you have found for AB, you will proceed to determine AB's damages.

In deciding the amount of AB's damages, you must award (him, her, it) [ *state as appropriate*;   the amount equal to the difference (he, she, it) paid, [ *where supported by evidence*]   plus interest, and the value of what AB acquired.

## *NY PJI 3:21 SV*

*New York Pattern Jury Instructions - Civil > DIVISION 3. TORTS OTHER THAN NEGLIGENCE > C. FRALTD AND DECEIT*

## Special Verdict Form PJI 3:21 SV

1. Did AB state [ *set forth statement(s) that plaintiff claims were made*]?

 At least five jurors must agree on the answer to this question.

 Yes   No

 *[Insert signature lines]*

 If your answer to this question is "No," proceed no further and report to the Court. If your answer is "Yes," proceed to Question No. 2.

 2. Was CD's statement incorrect?

 At least five jurors must agree on the answer to this question.

 Yes   No

 *[Insert signature lines]*

 If your answer to this question is "No," proceed no further and report to the Court. If your answer is "Yes," proceed to Question No. 3.

 3. Did CD fail to use reasonable care in ensuring that (his, her, its) statement was correct?

 At least five jurors must agree on the answer to this question.

 Yes   No

 *[Insert signature lines]*

 If your answer to this question is "No," proceed no further and report to the Court. If the answer to this question is "Yes," proceed to Question No. 4.

 4. Did AB (hear, read) CD's statement?

 At least five jurors must agree on the answer to this question.

NY PJI 3:21 SV

Yes   No

*[Insert signature lines]*

If your answer to this question is "No," proceed no further and report to the Court. If your answer is "Yes," proceed to Question No. 5.

5. Did CD know or would a reasonable person in CD's position have known that AB would rely on the statement in [ *state action that plaintiff took or decision plaintiff made in alleged reliance on the statement*]?

At least five jurors must agree on the answer to this question.

Yes   No

*[Insert signature lines]*

If your answer to this question is "No," proceed no further and report to the Court. If your answer is "Yes," proceed to Question No. 6.

6. Did AB rely on CD's statement in [ *set forth action that plaintiff took or decision plaintiff made in alleged reliance on the statement]*?

At least five jurors must agree on the answer to this question.

Yes   No

*[Insert signature lines]*

If your answer to this question is "No," proceed no further and report to the Court. If your answer is "Yes," proceed to Question No. 7.

7. Was AB's reliance on CD's statement reasonable?

At least five jurors must agree on the answer to this question.

Yes   No

*[Insert signature lines]*

If your answer to this question is "No," proceed no further and report to the Court. If your answer is "Yes," proceed to Question No. 8.

8. Did AB suffer damage as a result of (his, her, its) reliance on CD's statement?

At least five jurors must agree on the answer to this question.

Yes   No

NY PJI 3:21 SV

Yes   No

*[Insert signature lines]*

If your answer to this question is "No," proceed no further and report to the Court. If your answer is "Yes," proceed to Question No. 5.

5. Did CD know or would a reasonable person in CD's position have known that AB would rely on the statement in [ *state action that plaintiff took or decision plaintiff made in alleged reliance on the statement*]?

At least five jurors must agree on the answer to this question.

Yes   No

*[Insert signature lines]*

If your answer to this question is "No," proceed no further and report to the Court. If your answer is "Yes," proceed to Question No. 6.

6. Did AB rely on CD's statement in [ *set forth action that plaintiff took or decision plaintiff made in alleged reliance on the statement]?*

At least five jurors must agree on the answer to this question.

Yes   No

*[Insert signature lines]*

If your answer to this question is "No," proceed no further and report to the Court. If your answer is "Yes," proceed to Question No. 7.

7. Was AB's reliance on CD's statement reasonable?

At least five jurors must agree on the answer to this question.

Yes   No

*[Insert signature lines]*

If your answer to this question is "No," proceed no further and report to the Court. If your answer is "Yes," proceed to Question No. 8.

8. Did AB suffer damage as a result of (his, her, its) reliance on CD's statement?

At least five jurors must agree on the answer to this question.

Yes   No

NY PJI 3:21 SV

*[Insert signature lines]*

If your answer to this question is "No," proceed no further and report to the Court. If your answer is "Yes," proceed to Question No. 9.

9. State the amount of AB's damages.

At least five jurors must agree on the answer to this question.

Amount $

*[Insert signature lines]*

*NY PJI 4:10*

*New York Pattern Jury Instructions - Civil >  DIVISION 4. CONTRACTS >  A. GENERALLY >  3. CONSENT >  a. FRAUD IN THE EXECUTION*

## PJI 4:10. Contracts--Consent--Fraud In the Execution

Plaintiff AB is suing to recover for personal injuries that AB claims were caused by the negligence of the defendant CD. CD contends that AB signed a release settling (his, her) claim against CD. AB agrees that the signature is (his, hers), but claims that CD represented to (him, her) that the paper was   *[state claimed misrepresentation, as:] a* claim form that CD's insurance company required.) AB further contends that AB relied on CD's representations and signed the paper without reading it, believing it to be (an insurance claim form). CD denies telling AB that the release was (an insurance claim form).

   Generally, a person who signs a document is bound to its terms whether (he, she) has read the document or not. There is an exception to that rule when the nature or contents of the document is intentionally misrepresented to (him, her) and (he, she) signs in reliance on that misrepresentation and under mistake as to the true nature or contents of the document.

   CD has the burden of proving, by a fair preponderance of the evidence, that CD did not state that the paper was [   *state claimed misrepresentation]*.   If you find that CD represented to AB that the document was an (insurance claim form), that AB relied on that representation and believed that (he, she) was signing an (insurance claim form), you will find for AB on this issue. If you find that CD did not represent to AB that the document was an (insurance claim form) or that although CD did so represent, AB did not rely upon the representation in signing the document, you will find for CD.

# NORTH CAROLINA

N.C.P.I. – Civil 800.00 to 800.11

800.00. Fraud

800.00A. Fraud—Statute of Limitations

800.005. Constructive Fraud

800.006. Constructive Fraud—Rebuttal by Proof of Openness, Fairness and Honesty

800.007. Fraud: Damages

800.10. Negligent Misrepresentation

800.11. Negligent Misrepresentation: Damages

*N.C.P.I. - Civil 800.00*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART IV. MISCELLANEOUS TORTS  >
Chapter 1. Fraud*

# 800.00 FRAUD[1]

The (*state number*) issue reads:

"Was the plaintiff damaged by the fraud of the defendant?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, six things[2]:

First, that the defendant [made a false representation of] [concealed] a material past or existing fact.[3]

(A statement of opinion, belief, recommendation, future prospects or a promise ordinarily is not a representation of fact.[4] However, a promise can be a false representation of fact if, at the time it is made, the person making the promise has no intention of carrying it out.[5])

(A concealment occurs when a person fails to disclose that which, under the circumstances, *he* should disclose. A person has a duty to disclose all facts material to a transaction or event when [*he* is a fiduciary][6] [he has made a partial or incomplete representation][7] [*he* is specifically questioned about them][8] [in an arm's length transaction, *he* has taken affirmative steps to conceal material facts from the other party][9] [*state any other situation where a duty to disclose is imposed by law*]).

Second, that the [false representation] [concealment] was reasonably calculated to deceive.[10] [A representation is calculated to deceive when the person who makes it knows it to be false, or makes it recklessly, without any knowledge of its truth or falsity, as a positive assertion.[11]] [A concealment is calculated to deceive when the person who makes it knows there is a duty to disclose, or is recklessly indifferent to a duty to disclose].

Third  that the [false representation was made] [concealment was done] with the intent[12] to deceive[13] and with the intent that it be acted upon.[14]

Fourth, that the plaintiff was, in fact, deceived by the [false representation] [concealment] and acted upon it.[15]

Fifth, that the plaintiff's reliance upon the [false representation] [concealment] was reasonable.[16] The plaintiff's reliance would be reasonable if, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care for *his* own welfare, [would have relied on the false representation] [would not have discovered the concealment].[17]

And Sixth, that the plaintiff suffered damages proximately caused by the defendant's [false representation] [concealment].[18]

Proximate cause is a cause which in a natural and continuous sequence produces a person's damage, and is a cause which a reasonable and prudent person could have foreseen would probably produce such damage or some similar injurious result.

There may be more than one proximate cause of damage. Therefore the plaintiff need not prove that the defendant's [false representation] [concealment] was the sole proximate cause of the plaintiff's damages. The plaintiff must prove, by the greater weight of the evidence, only that the defendant's [false representation] [concealment] was a proximate cause.

Finally, as to the (*state number*) issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant [made a false representation of] [concealed] a past or existing material fact, that the [false representation] [concealment] was reasonably calculated to deceive, that the [false representation was made] [concealment was done] with the intent to deceive and with the intent that it be acted upon, that the plaintiff was deceived by the [false representation] [concealment] and acted upon it, that the plaintiff's reliance upon the [false representation] [concealment] was reasonable, and that the plaintiff suffered damages proximately caused by the [false representation] [concealment], then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

## *N.C.P.I. - Civil 800.00A*

*North Carolina Pattern Jury Instructions for Civil Cases   >   PART IV. MISCELLANEOUS TORTS   >
Chapter 1. Fraud*

# 800.00A Fraud-Statute of Limitations

The (*state number*) issue reads:

"Did the plaintiff file this action within three years after discovery of the facts constituting the fraud?"

If you have answered the (*state number*) issue "Yes" in favor of the plaintiff, the plaintiff's claim may nonetheless be legally barred by what is called the statute of limitations.[1] The law provides that a lawsuit claiming fraud must be filed within three years after discovery of the facts constituting the fraud.[2] The plaintiff filed the present lawsuit on (*state date of filing of fraud    action*).

On this issue, the burden of proof is on the plaintiff.[3] This means that the plaintiff must prove, by the greater weight of the evidence, that the plaintiff filed this action within three years after discovery of the facts constituting the fraud. A person discovers facts constituting a fraud when *he* becomes aware of facts or circumstances which, in the exercise of reasonable diligence, would have enabled *him* to discover the defendant's [false representation] [concealment].[4]

The law imposes a duty on a plaintiff to exercise reasonable diligence to discover the [false representation] [concealment] that forms the basis for *his* claim.[5] A plaintiff's obligation to investigate begins when an event occurs that raises *his* suspicion, or would have raised the suspicion of a reasonable and prudent person in the same or similar circumstances as the plaintiff.[6]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence, that the plaintiff filed this action within three years after discovery of the facts constituting the fraud, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

*N.C.P.I. - Civil 800.005*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART IV. MISCELLANEOUS TORTS  > Chapter 1. Fraud*

# 800.005 Constructive Fraud

The (*state number*) issue reads:

"Did the defendant take advantage of a position of trust and confidence to bring about (*identify transaction*)?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, two things:[1]

First, that a relationship of trust and confidence existed between the plaintiff and the defendant. Such a relationship exists where one person places special confidence in someone else who, in equity and good conscience, must act in good faith and with due regard for such person's interests.[2] (*Use where a presumptive fiduciary relationship is shown by the      evidence:* In this case, members of the jury, the plaintiff and the defendant had a relationship of (*name presumptive fiduciary relationship, e.g., attorney     and client, trustee and beneficiary, guardian and ward, agent and principal, etc.*) You are instructed that, under such circumstances, a relationship of trust and confidence existed.)

And Second, that the defendant used *his* position of trust and confidence to bring about (*identify transaction*) to the detriment of the plaintiff[3] and for the benefit of the defendant.[4]

Finally as to the (*state number*) issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant took advantage of a position of trust and confidence to bring about (*identify transaction*), then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases

  Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

*N.C.P.I. - Civil 800.006*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART IV. MISCELLANEOUS TORTS  > Chapter 1. Fraud*

## 800.006 Constructive Fraud--Rebuttal by Proof of Openness, Fairness and Honesty

The (*state number*) issue reads:

"Did the defendant act openly, fairly and honestly in bringing about (identify transaction)?"[1]

(You are to answer this issue only if you have answered the (*state number*) issue "Yes" in favor of the plaintiff.)

On this issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, that, with regard to (*identify transaction*), the defendant made a full, open disclosure of material facts, that he dealt with the plaintiff fairly, without oppression, imposition or fraud, and that he acted honestly.[2]

Finally, as to the (*state number*) issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the defendant acted openly, fairly and honestly in bringing about (*identify transaction*), then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

*N.C.P.I. - Civil 800.007*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART IV. MISCELLANEOUS TORTS  >
Chapter 1. Fraud*

## 800.007 Fraud: Damages

The (state number) issue reads:

"What amount is the plaintiff entitled to recover from the defendant as damages for fraud?"

If you have answered the (*state number*) issue "Yes" in favor of the plaintiff, then the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of a technical injury to the plaintiff.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages caused[1] by the fraud of the defendant.

Damages recoverable for fraud consist of the amount of money that, in so far as possible, will put the plaintiff in the same position or condition as if the fraud had not occurred.[2] That amount may include the difference between the value of what was received and the value of what was promised.[3] Thus, a person acquiring property by virtue of a commercial transaction, who has been defrauded by [a] false representation[s], may recover as damages the difference between the actual value of the property at the time of the transaction and the value it would have had if the representation[s] had been true.[4] [That amount may also include financial or monetary loss suffered otherwise by the plaintiff as a result of the fraud.[5]]

The plaintiff's damages are to be reasonably determined from the evidence presented. Your award must be fair and just. You may not award any damages based upon speculation or conjecture.[6]

Finally, as to the (*state number*) issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of actual damages caused by the fraud of the defendant, then it would be your duty to write that number in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as one dollar in the blank space provided.

North Carolina Pattern Jury Instructions for Civil Cases

 Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

*N.C.P.I. - Civil 800.10*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART IV. MISCELLANEOUS TORTS  >
Chapter 1. Fraud*

## 800.10 NEGLIGENT MISREPRESENTATION[1]

The (*state number*) issue reads:

"Was the plaintiff financially damaged by a negligent misrepresentation of the defendant?"

A person has a duty to exercise reasonable care or competence in obtaining or communicating information to other persons, or groups of persons [who *he* intends will rely] [who *he* knows will rely] [who *he* knows his client intends will rely] on information supplied by him.[2] A breach of this duty is a negligent misrepresentation.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, six things:

First, that in the course of [his business] [his profession] [his employment] [a transaction in which he had a financial interest], the defendant supplied information to [the plaintiff] [a limited group of persons of which the plaintiff was a member] [his client with the knowledge that his client intended to supply the information to [the plaintiff] [a limited group of persons of which the plaintiff was a member]].

Second, that the defendant    [intended for the plaintiff]

[intended for a person within a limited group of which the plaintiff was a member] [knew that *his* client intended for [the plaintiff] [a person within a limited group of which the plaintiff was a member]]

to rely on that information for guidance or benefit in a particular business transaction (or one substantially similar to it).

Third, that the informati    supplied by the defendant was false.

Fourth  that the defendant failed to exercise reasonable care or competence in obtaining or communicating the false information. [Reasonable care or competence means that degree of care, knowledge, intelligence or judgment which a prudent person would use under the same or similar circumstances.] [Reasonable care or competence in the case of a (*state category of business person or professional, e.g., lawyer, accountant, appraiser, engineer*) is (*state standard of care applicable to the particular profession*).[3]

Fifth  that the plaintiff actually relied on the false information supplied by the defendant, and that the plaintiff's reliance was justifiable.[4] Actual reliance is direct reliance upon false information.[5] Reliance is justifiable if, under the

N.C.P.I. - Civil 800.10

same or similar circumstances, a reasonable person, in the exercise of ordinary care, [would have relied on the false information] [would not have discovered the information was false].

    <u>Sixth</u>  that such reliance proximately caused the plaintiff to incur financial damage.[6] Proximate cause is a cause which in a natural and continuous sequence produces a person's damage, and is a cause which a reasonable and prudent person could have foreseen would probably produce such damage or some similar injurious result.

    There may be more than one proximate cause of damage. Therefore the plaintiff need not prove that the defendant's [false representation] [concealment] was the sole proximate cause of the plaintiff's damages. The plaintiff must prove, by the greater weight of the evidence, only that the defendant's [false representation] [concealment] was a proximate cause.

    Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff was financially damaged by a negligent misrepresentation of the defendant, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

    If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases

  Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

*N.C.P.I. - Civil 800.11*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART IV. MISCELLANEOUS TORTS  >
Chapter 1. Fraud*

## 800.11 Negligent Misrepresentation: Damages

The (*state number*) issue reads:

"What amount is the plaintiff entitled to recover from the defendant as damages for negligent misrepresentation?"

If you have answered the (*state number*) issue "Yes" in favor of the plaintiff, then the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of a technical injury to the plaintiff.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages proximately[1] caused by the negligent misrepresentation of the defendant.

Proximate cause is a cause which in a natural and continuous sequence produces a person's damage, and is a cause which a reasonable and prudent person could have foreseen would probably produce such damage or some similar injurious result.

There may be more then one proximate cause of damage. Therefore the plaintiff need not prove that the negligent misrepresentation of the defendant was the *sole* proximate cause of the damage. The plaintiff must prove, by the greater weight of the evidence, only that the negligent misrepresentation of the defendant was *a* proximate cause.

The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for *his* pecuniary loss proximately caused by the misrepresentation of the defendant.[2] Pecuniary loss is a financial or monetary loss suffered by the plaintiff. [Pecuniary loss may include [the difference between the value of what the plaintiff has received in the transaction and its purchase price or other value given for it][3] [and] [financial or monetary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation[4]].][5]

The plaintiff's damages are to be reasonably determined from the evidence presented. Your award must be fair and just. You may not award any damages based upon speculation or conjecture.[6]

N.C.P.I. - Civil 800.11

Finally, as to the (*state number*) issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of actual damages proximately caused by the negligent misrepresentation of the defendant, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as one dollar in the blank space provided.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

# NORTH DAKOTA

ND. J.I. Civ. §§ 50.12, 50.34, 72.10, and 72.12

50.12. Contracts - Mutual Consent

50.34. Constructive Fraud

72.10. Exemplary or Punitive Damages

72.12. Fraud as a Basis for Exemplary Damages

## *ND. J.I. Civ. § 50.12*

*North Dakota Pattern Jury Instructions - Civil  >  NORTH DAKOTA PATTERN JURY INSTRUCTIONS-CIVIL  >  CONTRACTS*

## § C - 50.12 Contracts - Mutual Consent (2014)

One of the essential elements of a contract is the consent of the parties. This consent must be free, mutual, and communicated by each to the other.

An apparent consent is not real or free if it is obtained through duress, menace, fraud, undue influence, or mistake.

Consent is not mutual unless all the parties agree upon the same thing in the same sense. Consent can be effectively communicated only by some act or omission of the contracting party by which the party intends to communicate consent, or which necessarily tends to communicate consent.

North Dakota Pattern Jury Instructions -Civil Copyright © 2019 State Bar Association of North Dakota All Rights Reserved.

*ND. J.I. Civ. § 50.34*

*North Dakota Pattern Jury Instructions - Civil > NORTH DAKOTA PATTERN JURY INSTRUCTIONS-CIVIL > CONTRACTS*

## § C - 50.34 Constructive Fraud (2014)

Constructive fraud consists:

1) of a breach of duty which, without an actual fraudulent intent, gains an advantage to the person at fault or anyone claiming under that person, by misleading another to that person's prejudice or to the prejudice of anyone claiming under that person; or

2) of an act or omission which the law specifically declares to be fraudulent without respect to actual fraud.

Constructive fraud arises from a breach of a duty which is owed because of a fiduciary, confidential, or other special relationship between the parties. A fiduciary or confidential relationship is one which induces the trusting party to relax the care and vigilance the party would ordinarily exercise. Constructive fraud is based on a relationship between the parties which gives rise to a duty of disclosure. Silence may be as misleading as a positive misrepresentation of fact. The suppression of a material fact which a party is bound in good faith to disclose, is equivalent to a false representation. One's implicit faith in another's honesty and integrity is insufficient to establish a fiduciary relationship as regarding constructive fraud.

[A fiduciary or confidential or other special relationship does not ordinarily exist when business persons deal with each other at arm's length.]

*ND. J.I. Civ. § 72.00*

*North Dakota Pattern Jury Instructions - Civil > NORTH DAKOTA PATTERN JURY INSTRUCTIONS-CIVIL > DAMAGES*

## § C - 72.00 Exemplary or Punitive Damages (2006)

If you find by clear and convincing evidence that the Defendant acted with [oppression] [*fraud*] [or] [actual malice] as defined in these instructions, then you may, in your discretion, award a reasonable sum as exemplary or punitive damages. These damages are different from the damages awarded to compensate for an injury or loss. These damages permit you to make an example to others or to punish a wrongdoer.

 If you decide to use your discretion to award a reasonable sum as exemplary or punitive damages, then you must also find by clear and convincing evidence that:

   1) The amount awarded bears a reasonable relationship to any harm that is likely to result from the Defendant's conduct and any harm that actually has occurred; and

    2) The amount awarded is consistent with the degree of reprehensibility of the Defendant's conduct and its duration.

 [Further, in considering an award of exemplary or punitive damages, you must also consider:

   1) The extent to which the Defendant was aware of the conduct or concealed it;

    2) The extent to which the Defendant profited from the conduct and whether or not it would be desirable to remove that profit or have the Defendant also sustain a loss; and

    3) The extent to which the Defendant has already been punished for the same conduct by criminal sanctions.]

## *ND. J.I. Civ. § 72.12*

*North Dakota Pattern Jury Instructions - Civil > NORTH DAKOTA PATTERN JURY INSTRUCTIONS-CIVIL > DAMAGES*

## § C - 72.12 Fraud as a Basis for Exemplary Damage (1995)

As a basis for awarding exemplary damages, "fraud" is:

1) the suggestion as fact of that which is not true by one who does not believe it to be true;

2) the assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true;

3) the suppression of a fact by one who is bound to disclose it, or who gives information that is likely to mislead because that fact was not communicated; or

4) a promise made without any intention of performing.

# OHIO

1 OJI CV 449.01, 449.03, 449.05, 449.07, 449.09, 449.11, 449.17 (2020)

CV 449.01 Introduction; fraud defined

CV 449.03 Elements of fraud

CV 449.05 Types of representations not fraudulent

CV 449.07 Expert expressions of opinion

CV 449.09 Duty to investigate, inspect

CV 449.11 Duty to speak—partial disclosure

CV 449.17 Conclusion

Case 1:19-md-02875-RMB-SAK    Document 2008-14    Filed 04/12/22    Page 254 of 386
PageID: 59858

## *1 OJI CV 449.01*

*Ohio Jury Instructions > I Civil Instructions > Title 4 Civil Subject Matter Instructions: Tort-Related Issues > Chapter CV 449 FRAUD*

## CV 449.01 Introduction; fraud defined

1. INTRODUCTION. The plaintiff claims that the defendant(s) committed certain fraudulent acts against the plaintiff, upon which plaintiff relied to his damage.

Specifically, the plaintiff claims (*describe*):

......................

The defendant (denies) (claims) (*describe*):

......................

2. FRAUD DEFINED. Fraud is a civil wrong. It is a deception practiced with a view to gaining an unlawful or unfair advantage.

*1 OJI CV 449.03*

*Ohio Jury Instructions > I Civil Instructions > Title 4 Civil Subject Matter Instructions: Tort-Related Issues > Chapter CV 449 FRAUD*

## CV 449.03 Elements of fraud

1. ELEMENTS. The plaintiff must prove by the greater weight of the evidence each of the following elements:

(*Use appropriate alternative*)

(A)(1) A false representation of fact was made with knowledge of its falsity or with utter disregard and recklessness about its falsity that knowledge may be (concluded) (found).

(*or*)

(A)(2) A knowing concealment of fact which was done (when) (where) there was a duty to disclose.

(*and*)

(B) The (representation) (concealment) was material to the transaction.

(C) The (representation) (concealment) was made with the intent of misleading plaintiff into relying upon it.

(D) The plaintiff was justified in relying on the (representation) (concealment), and did, in fact, so rely.

(E) The plaintiff was injured and the injury was (proximately) (directly) caused by his reliance on the (representation) (concealment).

2. MATERIAL REPRESENTATION. The representation must be material; that is, it must be important, necessary or having influence on the transaction. It must be so substantial and important that it influenced the person (to whom it was made) (from whom it was concealed).

1 OJI CV 449.03

3. FALSE. A representation is false when it is not substantially true. The truth or falsity of a representation depends on the natural and obvious meanings of the words taking into consideration all the surrounding circumstances.

4. KNOWLEDGE. A person knows a representation is false when he is aware it is not substantially true.

5. RECKLESS. A representation is made with utter disregard and recklessness when the person who makes the representation is (totally) (completely) careless or indifferent to the consequences or the risk that the representation will cause the person to whom it is made to do or not do certain things. If a person has no knowledge of fact, but asserted it as true when it was false, you may find that he made the representation with utter disregard and recklessness. A representation recklessly made without knowledge of the truth is the same as a false representation knowingly made.

6. DUTY TO DISCLOSE.

7. INTENT TO MISLEAD. A person intends to mislead another to rely on a representation when it is his purpose to mislead. A person's intent is known only to himself unless he expresses it to others or indicates it by his conduct. Intent is determined from the way in which the representation is made, the means used and all the facts and circumstances in evidence.

8. JUSTIFIABLE RELIANCE. There is a justifiable reliance in a (representation) (concealment) when a person of ordinary care would rely on it under the same or similar circumstances.

9. RESULTING DAMAGE. The plaintiff must be directly damaged by the reliance on the (representation) (concealment). This means that the damage was caused by the (representation) (concealment) in a natural and continuous sequence and without which the damage would not have occurred.

10. BURDEN OF PROOF. *OJI-CV 303.03*.

11. PREPONDERANCE. *OJI-CV 303.05*.

12. PROXIMATE CAUSE, CAUSATION. *OJI-CV 405.01*.

OJI

2021 (c) The Ohio Judicial Conference.

*1 OJI CV 449.05*

*Ohio Jury Instructions  >  I Civil Instructions  >  Title 4 Civil Subject Matter Instructions: Tort-Related Issues  >  Chapter CV 449 FRAUD*

## CV 449.05 Types of representations not fraudulent

1. FUTURE ACT. Generally, fraud must be based on a false representation of a present or past fact. The exception to this rule is when the promise to perform a future act is made with the present intent by the (plaintiff) (defendant) not to perform. For example, if a purchaser has no expectation of being able to pay for goods or services, it is the same as an intention not to pay. The burden to prove such an intention is on the one claiming fraud.

2. OPINIONS. Expressions of opinions, even though false, are not a basis for fraud.

3. LAW. Everyone is presumed to know the law and representations as to the law are mere opinions and not fraud

4. PUFFING. Boastful assertions or highly exaggerated descriptions or claims are puffing or bragging and are not false representation, which would constitute fraud. It is sometimes called dealer's talk or trade talk.

OJI

2021 (c) The Ohio Judicial Conference.

## *1 OJI CV 449.07*

*Ohio Jury Instructions  >  I Civil Instructions  >  Title 4 Civil Subject Matter Instructions: Tort-Related Issues  >  Chapter CV 449 FRAUD*

## CV 449.07 Expert expressions of opinion

---

1. PROFESSIONAL EXPRESSIONS. Ordinarily expressions of opinion, even though false, do not constitute fraud. However, where one is employed to give advice on matters within the scope of his professional capacity, he commits fraud if he expresses an opinion which he knows to be false or which he gives with utter disregard and recklessness as to its falsity.

*1 OJI CV 449.09*

*Ohio Jury Instructions  >  I Civil Instructions  >  Title 4 Civil Subject Matter Instructions: Tort-Related Issues  >  Chapter CV 449 FRAUD*

## CV 449.09 Duty to investigate, inspect

1. FAILURE TO INVESTIGATE. The defendant claims that the plaintiff had a duty to investigate and was not justified in relying on the representation or failure to disclose. Where a person has the opportunity to (investigate) (inspect) (inquire) and when circumstances would cause a person of ordinary care to (investigate) (inspect) (inquire) and he fails to do so, the element of justifiable reliance has not been proved and plaintiff cannot recover.

2. RELIANCE ON OWN INVESTIGATION. If plaintiff investigates the facts (represented) (concealed) and relies on this investigation and does not rely on facts (represented) (concealed), then plaintiff is not entitled to recover.

3. MISREPRESENTATION CAUSED FAILURE. If representations were made by defendant with an intention to deceive or mislead the plaintiff, causing him to (fail to make) (refrain from making) an (investigation) (inspection) (inquiry) which, in the use of ordinary care, he would have made, there is no duty to investigate, and the plaintiff may justifiably rely on defendant's representations.

OJI

2021 (c) The Ohio Judicial Conference.

*1 OJI CV 449.11*

*Ohio Jury Instructions > I Civil Instructions > Title 4 Civil Subject Matter Instructions: Tort-Related Issues > Chapter CV 449 FRAUD*

## CV 449.11 Duty to speak—partial disclosure

1. If a person has a duty to speak, he must make a full and fair disclosure of the material facts. A partial disclosure is a concealment and may be fraud.

OJI

2021 (c) The Ohio Judicial Conference.

*1 OJI CV 449.17*

*Ohio Jury Instructions > I Civil Instructions > Title 4 Civil Subject Matter Instructions: Tort-Related Issues > Chapter CV 449 FRAUD*

## CV 449.17 Conclusion

If you find that the plaintiff has proved by the greater weight of the evidence all of the elements of fraud, your verdict must be for the plaintiff and you will then consider damages.

However, if you find that the plaintiff has failed to prove by the greater weight of the evidence any one or more of the elements of fraud or if you are unable to determine what happened, your verdict must be for the defendant.

OJI

2021 (c) The Ohio Judicial Conference.

# OKLAHOMA

OUJI-CI §§ 18.1, 18.2, 18.8, 18.9, 23.33

18.1 False Representation—Elements of Liability

18.2 Nondisclosure or Concealment—Elements of Liability

18.8 Statements About the Future as False Representatives

18.9 Statements of Law as False Representatives

23.33 Fraud

*OUJI 3d (Rev. 2009) § 18.1*

*Oklahoma Civil Jury Instructions  >  CHAPTER 18 DECEIT  >  INSTRUCTION NO. 18.1*

## § 18.1FALSE REPRESENTATION -- ELEMENTS OF LIABILITY

In order for [**Plaintiff**] to recover from [**Defendant**] on [**his/her**] claim of deceit, you must find that all of the following have been established by clear and convincing evidence:

1. That [**Defendant**] made a material representation;

2. That it was false;

3. That [**Defendant**] made it when [**he/she**] knew it was false, or made it as a positive assertion recklessly, without any knowledge of its truth;

4. That [**Defendant**] made it with the intention that it should be acted upon by [**Plaintiff**];

5. That [**Plaintiff**] acted in reliance upon it; and

6. That [**Plaintiff**] thereby suffered injury.

*OUJI 3d (Rev. 2009) § 18.2*

*Oklahoma Civil Jury Instructions > CHAPTER 18 DECEIT > INSTRUCTION NO. 18.2*

## § 18.2NONDISCLOSURE OR CONCEALMENT -- ELEMENTS OF LIABILITY

In order for [**Plaintiff**] to recover from [**Defendant**] on [**his/her**] claim of deceit, you must find that all of the following have been established by clear and convincing evidence:

1. That [**Defendant**] concealed or failed to disclose a past or present fact which he had a duty to disclose;

2. That the fact was material;

3. That [**Defendant**] concealed or failed to disclose it with the intent of creating a false impression of the actual facts in the mind of [Plaintiff];

4. That [**Defendant**] concealed or failed to disclose it with the intention that it should be acted upon by [**Plaintiff**];

5. That [**Plaintiff**] acted in reliance upon it; and

6. That [**Plaintiff**] thereby suffered injury.

*OUJI 3d (Rev. 2009) § 18.8*

*Oklahoma Civil Jury Instructions  >  CHAPTER 18 DECEIT  >  INSTRUCTION NO. 18.8*

## § 18.8 STATEMENTS ABOUT THE FUTURE AS FALSE REPRESENTATIVES

To constitute actionable *fraud*, false representations must generally relate to present or pre-existing fact, and cannot ordinarily be predicated on representations or statements which involve matters that [(may)/(may not)] occur in the future. However, if a promise about the future is made with an intention not to perform it, and is made for the purpose of deceiving the person to whom it was made, and inducing [him/her] to act, such actions constitute *fraud*.

*OUJI 3d (Rev. 2009) § 18.9*

*Oklahoma Civil Jury Instructions  >  CHAPTER 18 DECEIT  >  INSTRUCTION NO. 18.9*

## § 18.9 STATEMENTS OF LAW AS FALSE REPRESENTATIVES

A statement about the law or about the legal effect or consequence of a ([course of conduct)/(document)] does not constitute a false representation of a past or present fact unless

[1. It is an intentionally false statement about the past or present law, and the parties are in a [confidential/fiduciary] relationship], or

[2. It is an intentionally false statement about the past or present law, and the person making the statement has or professes to have special or superior knowledge about the law, and such knowledge is not reasonably available to the person to whom the statement is made.]

*OUJI-CI § 23.33*

*Oklahoma Civil Jury Instructions  >  CHAPTER 23  >  ARTICLE PART FOUR*

## Instruction No. 23.33 *FRAUD*

*Fraud* relieves a party of the duty to perform a contract. *Fraud* includes any statement [or act] that is intended to deceive another party in order to influence [him/her] to enter into the contract. In addition, the party must have relied on the fraudulent statement [or act] in entering into the contract. *Fraud* consists of:

1. A suggestion, as a fact, of something that is not true, when the person making the suggestion does not believe it to be the truth; or

2. A positive statement of something that is not true, when the person making it had no reasonable basis for the statement; or

3. A person's concealing something that [he/she] knows is the truth; or

4. A promise made without any intention of performing it; or

5. A person's remaining silent when [he/she] had a duty to speak. [Plaintiff] had a duty to tell [Defendant] about [the information that was not disclosed] because [give the specific reason for this duty of disclosure]; or

6. Any other statement [or act] intended to deceive.

*Fraud* must be proven by clear and convincing evidence. This means you must be persuaded, considering all the evidence in the case, it is highly probable and free from serious doubt that the contract was obtained through *fraud*.

# OREGON

## Or. UCJI § 42.01 to 42.11

§ 42.01. Fraudulent Misrepresentation/Deceit/Fraud-General

§ 42.02. Fraudulent Misrepresentation-Material

§ 42.03. Fraudulent Misrepresentation-False Representation-Failure to Disclose (Special Relationship)

§ 42.04. Fraudulent Misrepresentation-False Representation-Half-Truth

§ 42.05. Fraudulent Misrepresentation-False Representation-Concealment

§ 42.06. Fraudulent Misrepresentation-Reasonable Reliance

§ 42.07. Fraudulent Misrepresentation-Statement of Opinion

§ 42.08. Fraudulent Misrepresentation-Representations Made to Persons Other Than Plaintiff

§ 42.09. Fraudulent Misrepresentation-Promise of Future Performance

§ 42.11. Fraudulent Misrepresentation-Burden of Persuasion

*Or. UCJI § 42.01*

*Oregon Uniform Civil Jury Instructions  >  MISCELLANEOUS TORTS*

## § 42.01 - Fraudulent Misrepresentation/Deceit/Fraud-General

To prevail on a claim of [fraudulent misrepresentation / deceit / fraud], the plaintiff must prove all of the following:

(1) The defendant made a false representation of a material matter;

(2) The defendant [knew that the representation was false / recklessly made the representation without knowing if it was true or false];

(3) The defendant [intended to mislead the plaintiff / knew that (he / she) was misleading the plaintiff / recklessly disregarded whether (he / she) was misleading the plaintiff];

(4) The plaintiff reasonably relied on the representation; and

(5) The plaintiff was damaged as a direct result of [his / her] reliance on the representation.

## Or. UCJI § 42.02

*Oregon Uniform Civil Jury Instructions* > *MISCELLANEOUS TORTS*

## § 42.02 - Fraudulent Misrepresentation-Material

A false representation of a material matter is one that would be likely to affect the conduct of a reasonable person with regard to a transaction with another person.

*Or. UCJI § 42.03*

*Oregon Uniform Civil Jury Instructions  >  MISCELLANEOUS TORTS*

## § 42.03 - Fraudulent Misrepresentation-False Representation-Failure to Disclose (Special Relationship)

[The court has determined that a (*specify type of relationship*) relationship existed between the parties and as a result / If you find there was a special relationship between the plaintiff and the defendant], the defendant had a duty to disclose to the plaintiff all material matters of which the defendant had knowledge and silence or failure to disclose a material matter may be a false representation.

*Or. UCJI § 42.04*

*Oregon Uniform Civil Jury Instructions  >  MISCELLANEOUS TORTS*

## § 42.04 - Fraudulent Misrepresentation-False Representation-Half-Truth

A person who makes a representation in the nature of a half-truth assumes the affirmative obligation to make a full and fair disclosure of the whole truth. The failure to make a full and fair disclosure of the whole truth may be a false representation.

*Or. UCJI § 42.05*

*Oregon Uniform Civil Jury Instructions  >  MISCELLANEOUS TORTS*

## § 42.05 - Fraudulent Misrepresentation-False Representation-Concealment

A person may make a false representation of a material matter by concealing the truth. A false representation by concealment occurs when a person, by any word or act, conceals a material matter either by creating a false impression covering up the truth, or by removing an opportunity that might otherwise have led to the discovery of the truth.

*Or. UCJI § 42.06*

*Oregon Uniform Civil Jury Instructions  >  MISCELLANEOUS TORTS*

## § 42.06 - Fraudulent Misrepresentation-Reasonable Reliance

In determining whether the plaintiff's reliance on the statements of the defendant was reasonable, you must consider the totality of the parties' circumstances and conduct. In doing so, you may consider factors such as:

(1)  Any information known or obvious to the plaintiff to confirm or refute the defendant's statement;

(2)  The relative status, knowledge, and experience of the plaintiff and the defendant;

(3)  The previous experience of the plaintiff and the defendant in similar transactions;

(4)  Whether the statement wasspecific sp0,1096 or general; and

(5)  -Whether the statement was a statement of fact or the expression of an opinion.

*Or. UCJI § 42.07*

*Oregon Uniform Civil Jury Instructions > MISCELLANEOUS TORTS*

## § 42.07 - Fraudulent Misrepresentation-Statement of Opinion

In deciding whether a statement is a statement of an opinion or a representation of fact, you should consider the circumstances under which the statement was made. If you determine that the statement was a statement of opinion, it may be a false representation if:

(1) A special relationship existed between the parties; or

(2) The parties were not on equalfooting and did not have equal knowledge or means of knowledge about the subject of the statement.

*Or. UCJI § 42.08*

*Oregon Uniform Civil Jury Instructions  >  MISCELLANEOUS TORTS*

## § 42.08 - Fraudulent Misrepresentation-Representations Made to Persons Other Than Plaintiff

A false representation does not have to be made directly to the plaintiff. If you find that the defendant made a false representation to another person or a group of people with the intention that it would be communicated to the plaintiff or a person like the plaintiff, then you may find that the defendant made a false representation to the plaintiff.

## *Or. UCJI § 42.09*

*Oregon Uniform Civil Jury Instructions > MISCELLANEOUS TORTS*

## § 42.09 - Fraudulent Misrepresentation-Promise of Future Performance

The plaintiff has alleged fraud based on the defendant's promise to do something in the future. To prevail, the plaintiff must prove two things:

(1)  A promise was made but not performed; and

(2)  At the time the promise was made the defendant [did not intend to perform in the future / made the promise with reckless disregard as to whether (he / she) could perform the promise in the future].

## *Or. UCJI § 42.10*

*Oregon Uniform Civil Jury Instructions  >  MISCELLANEOUS TORTS  >  042 FRAUD*

## § 42.10 - Fraudulent Misrepresentation--Burden of Proof

The plaintiff must prove the elements of fraud by clear and convincing evidence.

*Or. UCJI § 42.11*

*Oregon Uniform Civil Jury Instructions  >  MISCELLANEOUS TORTS*

## § 42.11 - Fraudulent Misrepresentation-Burden of Persuasion-Damages

If you find that the plaintiff has proved the elements of fraud by clear and convincing evidence, you must next consider the issue of the plaintiff's damages. The plaintiff must prove damages by a preponderance of the evidence.

# PENNSYLVANIA

Pa. SSJI (Civ) 17.240 to 17.270.

17.240. Fraud

17.250. Damages—Fraud

17.260 Fraudulent Misrepresentation or Nondisclosure

17.270 Damages—Fraudulent Misrepresentation or Nondisclosure

*Pa. SSJI (Civ) 17.240*

*Pennsylvania Suggested Standard Civil Jury Instructions > CHAPTER 17 INTENTIONAL TORTS*

# 17.240 * FRAUD  <sup>SN</sup>

(1) A person who makes a fraudulent misrepresentation of material fact to another person is responsible for all injuries resulting from that other person's reliance on the fraudulent misrepresentation. In order for *[name of plaintiff]* to recover against *[name of defendant]*, you must find (a) that *[name of defendant]* made a misrepresentation to *[name of plaintiff]*, (b) that the misrepresentation made by *[name of defendant]* to *[name of plaintiff]* was fraudulent, (c) that the misrepresentation was of a material fact, (d) that *[name of defendant]* intended that *[name of plaintiff]* rely on *[name of defendant]*'s misrepresentation, (e) that *[name of plaintiff]* relied on *[name of defendant]*'s misrepresentation, and (f) that *[name of plaintiff]*'s reliance on *[name of defendant]*'s misrepresentation was a factual cause of the harm suffered by *[name of plaintiff]*.

(2) A misrepresentation is any assertion, by words or conduct, that is not in accordance with the facts. An assertion by words may, for example, arise from statements contained in the labeling or in the advertising of a product. An assertion by conduct may, for example, arise from a usage of trade or a course of dealing. A usage of trade is any practice or method of dealing that has been regularly observed among persons in a particular place, trade, or vocation. Because a usage of trade is so regularly observed, a buyer may justifiably expect it to be observed by the seller in any sale. A course of dealing arises from the previous conduct between the buyer and seller. The course of dealing establishes a common basis for understanding each other's expressions or conduct. An assertion by conduct may also arise when the seller knows the particular purpose for which the user or consumer requires the goods or product, and the seller furnishes the goods or product for that particular purpose.

(3) A misrepresentation is fraudulent when the person making the misrepresentation (a) knows that it is untrue, or (b) does not believe it is true or is indifferent as to whether it is true, or (c) by reason of special circumstance has a duty to know whether it is true.

(4) A fact is material if it is one that would be of importance to a reasonable person in determining a choice of action. A material fact need not be the sole or even a substantial factor in inducing or influencing a reasonable person's decision. A fact is also material if the maker of the misrepresentation knows that the person to whom it is made is likely to regard it as important even though a reasonable person would not regard it as important.

"Reliance" means a person would not have acted (or would not have failed to act) as they did unless they considered the misrepresentation to be true.

---

<sup>SN</sup>  * Renumbered (former 13.22).

*Pa. SSJI (Civ) 17.250*

*Pennsylvania Suggested Standard Civil Jury Instructions > CHAPTER 17 INTENTIONAL TORTS*

## 17.250 * DAMAGES--FRAUD <sup>SN</sup>

*[Name of plaintiff]* is entitled to be fairly and adequately compensated [(1) in an amount measured by the difference between the value [he] [she] [they] gave and the value [he] [she] [they] received in this transaction, and (2) for all monetary losses otherwise suffered as a result of the fraud.] [in an amount measured by the difference between the value [he] [she] [they] gave and the value [he] [she] [they] [was] [were] promised in this transaction sufficient to give [him] [her] [them] the benefit of [his] [her] [their] contract.]

---

<sup>SN</sup>  * Renumbered (former 13.23).

*Pa. SSJI (Civ) 17.260*

*Pennsylvania Suggested Standard Civil Jury Instructions > CHAPTER 17 INTENTIONAL TORTS*

## 17.260 * FRAUDULENT MISREPRESENTATION OR NONDISCLOSURE  [SN]

A person must use reasonable care to disclose a material fact if:

*First*, the person knows they are making or later learns they have made a misrepresentation, or

*Second*, the person knows they are making or later learns they have made a misleading representation, or

*Third*, the person knows they are making a misrepresentation or misleading representation or later learns that another is about to act in reliance upon it. If that person fails to do so, they are responsible for all harm resulting from that other person's reliance on the misrepresentation or misleading representation.

A misrepresentation is any assertion by words or conduct that is not in accordance with the facts.

A misleading representation is an assertion by words or conduct that is likely to mislead another regarding the facts.

An assertion by words may, for example, arise from statements contained in the labeling or in the advertising of a product. An assertion by conduct may, for example, arise from a usage of trade or course of dealing. A usage of trade is any practice or method of dealing that has been regularly observed among persons in a particular place, trade, or vocation. Because a usage of trade is so regularly observed, a buyer may justifiably expect it to be observed by the seller in any sale. A course of dealing arises from the previous conduct between the buyer and seller. The course of dealing establishes a common basis for understanding each other's expressions or conduct. An assertion by conduct may also arise when the seller knows the particular purpose for which the user or consumer requires the goods or product, and the seller furnishes the goods or product for that particular purpose.

A fact is material if it is one that would be of importance to a reasonable person in determining a choice of action. A material fact, however, need not be the sole or even a substantial factor in inducing or influencing a reasonable person's decision. A fact is also material if the person who fails to disclose it knows that the person to whom it is made is likely to regard it as important even though a reasonable person would not regard it as important.

"Reliance" means a person would not have acted as they did or would not have failed to act unless they considered the misrepresentation or misleading representation to be true.

---

[SN]  * Renumbered (former 13.24).

*Pa. SSJI (Civ) 17.270*

*Pennsylvania Suggested Standard Civil Jury Instructions  >  CHAPTER 17 INTENTIONAL TORTS*

# 17.270 * DAMAGES--FRAUDULENT MISREPRESENTATION OR NONDISCLOSURE [SN]

---

*[Name of plaintiff]* is entitled to be fairly and adequately compensated for the actual monetary loss [he] [she] [they] [has] [have] suffered. Actual monetary loss includes:

   1. the difference between the value [he] [she] [they] gave or amount [he] [she] [they] paid and the actual, real, or intrinsic value of what [he] [she] [they] received at the time of the transaction; and

   2. all other monetary loss suffered as a consequence of the misrepresentation or nondisclosure, including the additional expenses and losses incurred as a result of the misrepresentation or nondisclosure, [but not including,] [and including, if *[name of plaintiff]* is in the business of engaging in the type of transaction involved,] the profit *[name of plaintiff]* [has shown to a reasonable certainty that [he] [she] [they]] would have made.

# RHODE ISLAND

RI Jury Instructions Civil §§ 2501.1, 2505.1 2506, 2607.1 to 2507.4

2501.1. Elements of Fraud

2505.1. Elements of Conscious Misrepresentation Involving Risk of Physical Harm

2506 Concealment - Liability for Nondisclosure

2507.1 Misrepresentation Defined

2507.2 Misrepresentation Defined - Nondisclosure Equivalent to an Assertion

2507.3 Material Fact Defined

2507.4 Reasonable Reliance Defined

*RI Jury Instructions Civil § 2501.1*

*Model Civil Jury Instructions for Rhode Island > CHAPTER 2500- MISREPRESENTATION, FRAUD & DECEIT > 2501 Fraudulent Misrepresentation*

## 2501.1 Elements of Fraud

In this case the plaintiff has made a claim for fraudulent misrepresentation. Specifically, the plaintiff alleges that the defendant [detail the allegations concerning the specific misrepresentation and the conduct alleged to be fraudulent]. In order to prevail on this claim the plaintiff must prove certain elements.

The plaintiff must prove that the defendant made a false representation about a material fact concerning the contract/transaction/existing circumstances, that the defendant knew his/her representation was false when made, that the defendant intended to deceive the plaintiff by inducing the plaintiff to rely on the false representation in [entering into the contract/transaction] [engaging in the activity], that the plaintiff did rely on the false representation, that the plaintiff's reliance on the false representation was reasonable under the circumstances, and that the plaintiff suffered some loss or harm as a proximate result of the defendant's representation.

*RI Jury Instructions Civil § 2505.1*

*Model Civil Jury Instructions for Rhode Island  >  CHAPTER 2500- MISREPRESENTATION, FRAUD &
DECEIT  >  2505 Conscious Misrepresentation Involving Risk of Physical Harm*

## 2505.1 Elements of Conscious Misrepresentation Involving Risk of Physical Harm

The plaintiff has made a claim that the defendant made a conscious misrepresentation to him/her and that as a result of that misrepresentation, the plaintiff suffered physical harm.

In order for the defendant to be held liable, the plaintiff must prove that the defendant made a representation that the defendant intended or should have realized was likely to induce [the plaintiff or a third person] to take action that involved an unreasonable risk of harm to plaintiff. The plaintiff must also prove that the defendant knew the representation was false or that he/she did not have the knowledge he/she professed to have. Finally, the plaintiff must prove that he/she was harmed as a proximate result of the defendant's conduct.

The plaintiff does not have to prove that the defendant intended to mislead [plaintiff/third person] but only that the defendant was conscious that the representations were false or that he/she did not have the knowledge that he/she professed to have. The defendant's liability is based upon the unreasonable risk of physical harm which is involved in the misrepresentation, and not upon the fact that the misrepresentations are intended to mislead.

## *RI Jury Instructions Civil § 2506*

*Model Civil Jury Instructions for Rhode Island  >   CHAPTER 2500- MISREPRESENTATION, FRAUD & DECEIT*

# 2506 Concealment - Liability for Non-disclosure

In this case, the plaintiff contends that the defendant failed to exercise reasonable care in disclosing certain facts or information to plaintiff. Generally, a person is not required to disclose facts or information to another person. However, there are circumstances under which a person will have an affirmative duty to speak and, in those, situations, that person is liable for the harm caused by his/her [silence/concealment of facts/information]. In this case, the special relationship between the plaintiff and defendant imposed a duty on the defendant to provide information to the plaintiff.

A person who is under a duty to speak and is liable for nondisclosure if he/she fails to exercise reasonable care to disclose a material or important fact which may justifiably induce the other person to act or refrain from acting and the non disclosing one knows or should know that the failure to disclose such information to the other party may put the other person at risk.

*RI Jury Instructions Civil § 2507.1*

*Model Civil Jury Instructions for Rhode Island  >  CHAPTER 2500- MISREPRESENTATION, FRAUD & DECEIT  >  2507 Definitions*

## 2507.1 Misrepresentation Defined

A misrepresentation is defined as any manifestation by words or other conduct by one person to another that, under the circumstances, amounts to an assertion not in accordance with the true facts.

A misrepresentation must be one of an existing fact, that is, statements of opinion are not representations of existing facts and may not form the basis of a claim for misrepresentation.

A misrepresentation may take the form of an oral statement or it may be conduct or a course of conduct clearly intended to deceive as to the fact, circumstance or conditions actually existing.

[Additional charge concerning silence/non-disclosure may appropriately be given here.]

*RI Jury Instructions Civil § 2507.2*

*Model Civil Jury Instructions for Rhode Island > CHAPTER 2500- MISREPRESENTATION, FRAUD & DECEIT > 2507 Definitions*

## 2507.2 Misrepresentation Defined - Nondisclosure Equivalent to an Assertion

Generally, mere silence does not constitute a misrepresentation. However, there are circumstances under which a person will have a duty to speak and, in those, situations, that person's [silence/concealment of facts/information] will amount to an assertion.

A person's non-disclosure of a fact or information known to him/her is equivalent to an assertion that the fact or information does not exist where:

[he/she knows that disclosure of the fact or information is necessary to prevent some previous assertion from being [a misrepresentation/fraudulent/material].

[he/she knows that disclosure of the fact would correct a mistake of the other party as to a basic assumption on which that party is entering into the transaction and if the nondisclosure of the fact or information amounts to a failure to act in good faith and in accordance with reasonable standards of fair dealing.]

[he/she knows that disclosure of the fact or information would correct a mistake of the other party as to the contents or effect of a writing, evidencing or embodying an agreement in whole or in part.]

[where the other person is entitled to know the fact or information because of a relation of trust and confidence between them.]

Before a person's silence is deemed to be conduct amounting to an assertion it must be proved that the person had knowledge of the true facts as well as the opportunity to speak.

*RI Jury Instructions Civil § 2507.3*

*Model Civil Jury Instructions for Rhode Island  >  CHAPTER 2500- MISREPRESENTATION, FRAUD & DECEIT  >  2507 Definitions*

## 2507.3 Material Fact Defined

A material fact [or information] is a fact [or information] that is likely to affect the conduct of a reasonable person [entering into the contract/transaction] [engaging in the activity] in question. It is a fact [or information] that would induce a reasonable person either to act or not act in the context of the undertaking at issue.

A misrepresentation of fact or information becomes material when it is likely to affect the conduct of a reasonable person with respect to a transaction with another person.

*RI Jury Instructions Civil § 2507.4*

*Model Civil Jury Instructions for Rhode Island > CHAPTER 2500- MISREPRESENTATION, FRAUD & DECEIT > 2507 Definitions*

## 2507.4 Reasonable Reliance Defined

Plaintiff must prove that he/she reasonably relied on the false representation alleged to have been made by the defendant. Plaintiff may not be said to have reasonably relied on the defendant's representation when the evidence shows it was obvious, or should been obvious, that the representation was indeed false. The reasonableness or unreasonableness of the plaintiff's reliance is to be measured against the circumstances as were confronting the plaintiff at the time. Whether the plaintiff's reliance on the defendant's representation was reasonable is for the jury to determine based on all of the facts and circumstances that you find were proved at trial.

# SOUTH CAROLINA

## SC JI CIVIL § 10-1 to 10-4 and 18-1 to 18-11

§ 10-1 Breach of Contract Accompanied by Fraudulent Act—"Fraudulent" Defined

§ 10-2 Breach of Contract Accompanied by Fraudulent Act—"Fraudulent Act" Defined

§ 10-3 Breach of Contract Accompanied by Fraudulent Act—Breach and Fraud Must be Logically Connected

§ 10-4 Breach of Contract Accompanied by Fraudulent Act—Damages

§ 18-1 Fraud—Defined

§ 18-2 Fraud—Elements

§ 18-3 Fraud—Knowledge of Falsity

§ 18-4 Fraud—Nondisclosure as Representation

§ 18-5 Fraud—Right to Rely

§ 18-6 Fraud—Future Promises

§ 18-7 Fraud—Constructive Fraud

§ 18-8 Fraud—Burden of Proof

§ 18-9 Fraud—Nominal Damages

§ 18-10 Fraud—Actual Damages

§ 18-11 Fraud—Punitive Damages

*SC JI CIVIL § 10-1*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 10
BREACH OF CONTRACT ACCOMPANIED BY FRAUDULENT ACT*

---

## § 10-1 Breach of Contract Accompanied by Fraudulent Act - "Fraudulent" Defined

---

A statement, or claim, or document is "fraudulent" if it was falsely made, or caused to be made, with the intent to deceive.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

---

## *SC JI CIVIL § 10-2*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 10 BREACH OF CONTRACT ACCOMPANIED BY FRAUDULENT ACT*

---

## § 10-2 Breach of Contract Accompanied by Fraudulent Act - "Fraudulent Act" Defined

A fraudulent act is of like character to a fraudulent intention but imports some definite act looking to the perpetration of the fraud.

A misrepresentation made in reckless disregard of the truth will support an action for breach of contract accompanied by a fraudulent act.

A fraudulent act is one characterized by dishonesty in fact, unfair dealing, or the unlawful appropriation of another's property by design. The fraudulent act may be prior to, contemporaneous with, or subsequent to the breach of contract, but it must be connected with the breach itself and cannot be too remote in either time or character.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

---

## *SC JI CIVIL § 10-3*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 10*
*BREACH OF CONTRACT ACCOMPANIED BY FRAUDULENT ACT*

---

## § 10-3 Breach of Contract Accompanied by Fraudulent Act - Breach and Fraud Must be Logically Connected

The breach and the fraud do not have to be the same act, though they may be. The fraudulent act may occur before the breach. What is required is that they be logically connected, the one being attendant upon the other.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

## *SC JI CIVIL § 10-4*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 10
BREACH OF CONTRACT ACCOMPANIED BY FRAUDULENT ACT*

## § 10-4 Breach of Contract Accompanied by Fraudulent Act - Damages

In an action for breach of contract, the motives of the wrongdoer are not to be considered in arriving at the amount of damages. The fact that such contract is breached with willful or fraudulent intent will not alter the rule that the wrongdoer is only liable for such damages as are the natural and proximate result of the wrongful act. The mere fact that a contract is breached does not carry with it the stigma of fraud, bad faith, malice or wantonness. Punitive damages may not be recovered for breach of a contract unless the breach is accompanied by a fraudulent act, as distinguished from a fraudulent intent.

A person may recover punitive damages for breach of contract accompanied by a fraudulent act. However, mere breach of a contract, even if willful or with fraudulent purpose, is not sufficient to entitle a plaintiff to a punitive damages award. It is the accompanying fraudulent act that allows recovery for punitive damages. Absent a fraudulent act accompanying the breach, there can be no recovery for punitive damages.

To recover punitive damages for breach of contract accompanied by a fraudulent act, the plaintiff must prove three elements by clear and convincing evidence:

(1) A breach of contract;

(2) Fraudulent intent relating to the breaching of the contract and not merely to its making; such proof may or may not involve false representations; fraudulent intent is normally proved by circumstances surrounding the breach; and

(3) A fraudulent act accompanying the breach; a fraudulent act is one characterized by dishonesty in fact, unfair dealing, or the unlawful appropriation of another's property by design; the fraudulent act may be prior to, contemporaneous with, or subsequent to the breach of contract, but it must be connected with the breach itself and cannot be too remote in either time or character.

While fraudulent intent is a necessary element, a fraudulent intent or purpose in breaching the contract does not itself give rise to punitive damages. Such damages are recoverable only where, in addition to or independently of the fraudulent intent that brought about the breach, there was some fraudulent act on the part of the defendant

SC JI CIVIL § 10-4

accompanying the breach. Even if there is a willful and fraudulent breach of contract, only actual damages can be recovered, unless there is clear and convincing evidence of a fraudulent act accompanying the breach of contract.

In an action for breach of contract accompanied by a fraudulent act, there must be proof of actual damages, or at least nominal damages, to support a verdict awarding punitive damages.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

## *SC JI CIVIL § 18-1*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 18 FRAUD*

---

# § 18-1 Fraud - Defined

Fraud has been defined as an intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right. Fraud is a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his legal injury.

Actual fraud consists of deceit, artifice, trick, design, some direct and active operation of the mind. It includes cases of the intentional and successful employment of any cunning, deception or artifice used to circumvent or cheat another. It is something said, done, or omitted by a person with the design of perpetrating what he knows to be a cheat or deception.

Fraud occurs where one person or party intentionally deceives another by word or conduct for the purpose of inducing that other party to part with some property or surrender some legal right and the party thereby accomplishes his purpose. It involves the elements of dishonesty and deceit. Fraud involves deceitful practices in depriving or endeavoring to deprive another of his known rights by means of some artful device or plan contrary to the plain rules of common honesty.

Fraud, in its general sense, comprises anything calculated to deceive, including all acts, omissions and concealments involving a breach of legal or equitable duty, trust, or confidence justly reposed and resulting in damage to another.

## *SC JI CIVIL § 18-2*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 18 FRAUD*

---

# § 18-2 Fraud - Elements

To establish fraud [sometimes referred to as a cause of action for fraud and deceit], the plaintiff must prove the following nine elements:

(1) a representation;

(2) the falsity of the representation;

(3) the materiality of the representation;

(4) the speaker's knowledge of its falsity or a reckless disregard for its truth or falsity;

(5) the speaker's intent that the representation be acted upon by the person hearing the representation;

(6) the hearer's ignorance of its falsity;

(7) the hearer's reliance on its truth;

(8) the hearer's right to rely thereon; and

(9) the hearer's consequent and proximate injury.

Each and every one of these elements must be proven by clear, cogent, and convincing evidence. The failure to prove any element of fraud is fatal to recovery. Fraud is never presumed in the law.

Were the representations made which the plaintiff claims? The defendants say they were not. If you find that no statements or representations were made to the plaintiff, you need not consider the case further. There would be no basis for fraud.

To establish actionable fraud, there must first be a false representation. The representation must be a statement or a set of actions which concerns an existing or preexisting fact. The false representation must be one of fact as distinguished from the mere expression of an opinion. The false representation must be predicated upon misstatements of fact rather than upon an expression of opinion, an expression of intention, or an expression of confidence that a bargain will be satisfactory. The distinction between a matter of fact and a matter of opinion is generally characterized by what is susceptible of exact knowledge when the statement is made. Statements of

M-290

SC JI CIVIL § 18-2

opinion, predictions of future events, mere puffing, sales talk, and broken promises normally do not amount to fraud. As a general rule, fraud cannot be predicated on a statement that constitutes an expression of an intention. An exception to the general rule is recognized for unfulfilled promises which were made by a party who never intended to fulfill the promise and only made it to induce the performance of another party.

An actionable representation cannot consist of a mere broken promise, even if a party acts in reliance on the promise. An action in fraud, however, can be based on an unfulfilled promise to perform in the future made with a present undisclosed intention not to perform, which is made for the purpose of inducing one to sign a paper or do some other act.

The representation must be false. A fraudulent act is characterized by dishonesty in fact, unfair dealing, or unlawful appropriation of another's property by design. Bad faith is the test of fraud. Nondisclosure, or silence, becomes fraudulent when it is the duty of the party having knowledge of the facts to uncover them to the other. The truth or falsity of a representation must be determined as of the time it was made or acted on and not at some later date.

The representation must be material. If an objective, reasonable person using the misrepresentation would have viewed the representation as sufficiently important and significant that it would have played a role in the decision to enter into a contractual relationship, the representation may be deemed material. The matter is material if:

(1) a reasonable person would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question; or

(2) the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it.

The knowledge of falsity extends to statements made in reckless disregard of the truth. Reckless disregard exists where one makes a statement and knows he lacks the knowledge necessary to be confident that the statement is true.

A defendant may be held liable for misrepresentations made to the persons or class of persons whom he intends or has reason to expect to act or to refrain from action in reliance upon the fraudulent misrepresentation.

To recover for fraud, the plaintiff must have relied on the misrepresentation. If the plaintiff knew the misrepresentation was false, there is no cause of action because there could not have been any reliance on the truth of the statement. A victim of fraud has a right to rely on a misrepresentation so long as his reliance is not reckless or grossly negligent. The legitimacy of the plaintiff's reliance on the misrepresentation is an issue to be decided by you, the jury.

There is no cause of action for a fraudulent statement unless the plaintiff is injured.

## *SC JI CIVIL § 18-3*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 18 FRAUD*

---

# § 18-3 Fraud - Knowledge of Falsity

It is not necessary, in order to establish fraud, to prove that the person making the allegedly false representation had actual knowledge of its falsity. Knowledge of the falsity of a representation is legally inferable where one makes it as of his personal knowledge, realizing that he is without information as to its truth, and recklessly disregarding that lack of information. Fraud may be established with either knowledge of falsity or reckless disregard for the truth.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

---

End of Document

## *SC JI CIVIL § 18-4*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 18
FRAUD*

---

# § 18-4 Fraud - Nondisclosure as Representation

A fraudulent or intentional misrepresentation may be made either by an affirmative statement that is itself false, or by concealing or not disclosing certain facts that render the facts that are disclosed misleading. Generally, the failure to disclose is not necessarily a misrepresentation. Yet, at times, nondisclosure may serve as the "representation" underlying fraud. This can occur in four ways:

(1) If the defendant chooses to speak, he must disclose enough of what he knows to prevent his words from being misleading. In situations where the defendant has made an incomplete or ambiguous statement or half truth that he knew was misleading, he is then under a duty to clarify and to disclose the whole truth.

(2) If the defendant subsequently acquires new information that makes his original statement misleading, he is under a duty to disclose the afteracquired facts.

(3) If there is a confidential or fiduciary relationship, the disclosure requirements may be greater. A duty to disclose may arise when one party has information the other party has a right to know because of a fiduciary or other relation of trust or confidence between them. If the plaintiff and the defendant are in some special fiduciary relationship to each other, there is a duty of full disclosure.

(4) The defendant may be held to a higher standard if he has a special knowledge not available to the plaintiff and such knowledge would probably affect the plaintiff's decision. A duty to disclose can arise when one party to a transaction has superior knowledge of certain information and that information is not readily available to the other party and the first party knows the second party is acting on the basis of the mistaken knowledge.

A misrepresentation in words is not required. A misrepresentation need not be express. It may be implied or inferred from circumstances that are, in fact, equivalent to a positive representation.

It is not essential that a misrepresentation be directly made in order to find fraud. If a false impression is made by words or acts in order to mislead and has such effect, it may be sufficient. Fraudulent representations may also be by arts or artifices which are calculated to deceive. Concealment, when a duty to disclose is imposed on the defendant, may form the basis of a charge of fraud, as in the case of active misrepresentations.

SC JI CIVIL § 18-4

Nondisclosure becomes fraudulent only when it is the duty of the party having knowledge of the facts to uncover them to the other party to the transaction. Thus, nondisclosure is fraudulent when there is a duty to speak. The duty to disclose may be reduced to three distinct classes:

(1) where it arises from a pre-existing definite fiduciary relation between the parties;

(2) where one party expressly reposes a trust and confidence in the other with reference to the particular transaction in question, or else from the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence in the particular case is necessarily implied;

(3) where the very contract or transaction itself, in its essential nature, is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure without regard to any particular intention of the parties.

Where either party to a transaction conceals some material fact within his own knowledge, which it is his duty to disclose, he is guilty of actual fraud. Nondisclosure becomes fraudulent concealment only when it is the duty of the party having knowledge of the facts to make them known to the other party to the transaction. The concealment of material facts that one is bound to disclose may constitute fraud. Suppression of a material fact which one is duty bound to disclose is equivalent to a false misrepresentation. Fraud may be committed by a suppression of the truth as well as by the suggestion of falsehood.

Where material facts are accessible to the seller only and he knows that they are not within the reach of the diligent attention, observation and judgment of the purchaser, the seller is bound to disclose such facts and make them known to the purchaser. When in such a situation the seller fails to disclose these facts to the buyer, the seller's nondisclosure of these facts is equivalent to fraudulent concealment.

Concealment of material facts or latent defects in property sold which, under the circumstances, one is bound to disclose may constitute fraud.

## *SC JI CIVIL § 18-5*

*South Carolina Requests to Charge - Civil > PART II. SUBSTANTIVE CHARGES > CHAPTER 18
FRAUD*

---

# § 18-5 Fraud - Right to Rely

The right to rely on the representation is a necessary element that must be proved in a fraud action. The right to rely must be determined in light of the plaintiff's duty to use reasonable prudence and diligence under the circumstances in ascertaining the truth with respect to the representations made to him.

The principle of the right of reliance upon representations is closely bound up with a duty on the part of the plaintiff to use some measure of protection and precaution to safeguard his own interest. With respect to the right to rely upon representations, every person must use reasonable diligence for his own protection. In other words, a plaintiff must exercise reasonable prudence for his own protection even if the defendant made representations that were false and fraudulent. The plaintiff cannot rely on the misstatement of fact if the truth is easily within his reach.

There is no right to rely, as required to establish fraud, where there is no confidential or fiduciary relationship and there is an arm's length transaction between mature, educated people. This is especially true in circumstances where one should have utilized precaution and protection to safeguard one's interests.

If you find that the plaintiff relied upon the statements, you must determine:

    (1) whether reliance upon the representation was justifiable or excusable;

    (2) what constitutes reasonable prudence and diligence with respect to such reliance; and

    (3) what conduct constitutes a reckless or conscious failure to exercise such prudence.

In making these determinations, you may take into consideration:

    (1) the form and materiality of the representation;

    (2) the respective intelligence, experience, age, mental and physical conditions of the parties; and

    (3) the relation and respective knowledge and means of knowledge of the parties.

If you find from the testimony that the defendant committed fraud, but then you also find the plaintiff failed to exercise ordinary diligence or due care in protecting himself, the plaintiff would not be permitted to recover. Every person must use reasonable prudence and diligence for his own protection.

## *SC JI CIVIL § 18-6*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 18
FRAUD*

---

# § 18-6 Fraud - Future Promises

Ordinarily, a fraudulent representation must relate to a present or pre-existing fact and cannot be based on unfulfilled promises or statements about future events. However, a fraudulent misrepresentation of a fact occurs when a person promises to do a certain thing and, at the time, has no intention of keeping the promise. Accordingly, a promise made with an existing intention not to perform for the purpose of inducing another to perform an act may constitute actionable fraud. A future promise is not fraudulent unless such a future promise was part of a general design or plan existing at the time, made as part of a general scheme to induce the signing of a paper or to make one act, as he otherwise would not have acted, to his injury.

A mere breach of a contract does not normally constitute fraud. In order to raise a failure to perform under the terms of a contract as an element of actionable fraud, there must be a clear showing that the party had no intent to perform and induced the contract on this basis.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

---

*SC JI CIVIL § 18-7*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 18
FRAUD*

---

## § 18-7 Fraud - Constructive Fraud

Constructive fraud is a breach of a legal or equitable duty which, irrespective of the moral guilt of the person committing fraud, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests.

To establish constructive fraud, all elements of actual fraud, except the element of intent, must be established. The plaintiff must prove every element of his case by clear, cogent and convincing evidence.

Constructive fraud is distinguished from fraud by the absence of the element of intent to deceive. Unlike actual fraud, neither actual dishonesty of purpose nor intent to deceive is an element of constructive fraud. Instead, it is sufficient that it be alleged the defendant ought to have known the falsity of the misrepresentation.

In a constructive fraud case involving an arm's length transaction between mature, educated individuals, there is no right to rely absent a confidential or fiduciary relationship. This is especially true in circumstances where one should have utilized precaution and protection to safeguard his interests.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

## *SC JI CIVIL § 18-8*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 18 FRAUD*

# § 18-8 Fraud - Burden of Proof

In order to recover in an action for fraud, the plaintiff must prove the elements of fraud by clear, cogent and convincing evidence.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

End of Document

*SC JI CIVIL § 18-9*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 18 FRAUD*

---

## § 18-9 Fraud - Nominal Damages

If, based on the evidence, you find no definite ascertainable actual damages in the case, but find that there has been fraud, the plaintiff would be entitled to what is known as "nominal damages." Nominal damages are some slight, trivial amount given to vindicate the invasion of a private right.

SOUTH CAROLINA REQUESTS TO CHARGE - CIVIL  © 2016 South Carolina Bar, Continuing Legal Education Division.

## *SC JI CIVIL § 18-10*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 18
FRAUD*

---

## § 18-10 Fraud - Actual Damages

The proper method for calculation for damages in a fraud action is the benefit of the bargain approach, according to which the plaintiff is entitled to the difference between the value he would have received if the defendant's representations had been true and the value he actually received, together with any proximately caused consequential or special damages.

The measure of actual damages in an action for fraud is the difference between the value the plaintiff would have received if the facts had been as represented and the value he actually received, together with any special or consequential loss which is the natural and proximate result of the fraud. The defrauded plaintiff may recover miscellaneous consequential losses which are the direct and natural consequence of his acting on the faith of the representations.

The measure of damages for fraud is the actual pecuniary loss sustained. Thus, as a general rule, one injured by the commission of fraud is entitled to recover such damages as will compensate him for the loss or injury actually sustained and place him in the same position that he would have occupied had he not been defrauded.

The recovery is restricted to such damages as were the natural and proximate consequences of the fraud, and such as can be clearly defined and ascertained, including those which were actually or presumptively within the contemplation of the parties when the fraud was committed. You should not speculate as to the actual damages, but rather award an amount that can be clearly defined and ascertained by the evidence.

The burden is on the plaintiff to prove the measure of his damages.

## *SC JI CIVIL § 18-11*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 18
FRAUD*

---

## § 18-11 Fraud - Punitive Damages

In this case, the plaintiff also asks for punitive damages.

In an action for fraud, punitive damages are warranted where the defendant knows the representation to be false, or where a false representation is recklessly made, as a positive assertion, without knowing or caring whether it is true or false. In the latter instance, liability for punitive damages is dependent upon whether the defendant was conscious or chargeable with consciousness of his wrongdoing.

The recovery of punitive damages is not limited to cases where the false representations were actually known to be false at the time of the making of the representations. That is to say, knowledge by the defendant that his representations were false is not required for an award of punitive damages. It is only necessary that the defendant was conscious, or chargeable with consciousness, of his wrongdoing.

To award punitive damages, you must find by clear and convincing evidence that the fraud was committed in such a manner or under such circumstances that a person of ordinary reason or prudence would have been conscious of it as an invasion of the plaintiff's rights.

# TENNESSEE

T.P.I. Civil 8.36, 8.39, 8.41, 8.45, 8.46, 10.18, 11.47

8.36. Intentional Misrepresentation

8.39. Nondisclosure of Known Facts

8.41. Promissory Fraud

8.45. Persons to Whom Representations Made

8.46. Reliance

10.18. Misrepresentation—Products

*T.P.I. Civil 8.36*

*Tennessee Pattern Jury Instructions - Civil > CHAPTER 8 INTENTIONAL TORTS > E. Misrepresentation*

# § 8.36 INTENTIONAL MISREPRESENTATION

1. The defendant made a representation of a present or past material fact; and

2. The representation was false; and

3. The defendant knew that the representation was false when it was made [or the defendant made the representation recklessly without knowing whether it was true or false]; and

4. The defendant intended that the plaintiff rely upon the representation and act or not act in reliance on it; and

5. The plaintiff did not know that the representation was false and was justified in relying upon the truth of the representation; and

6. As a result of plaintiff's reliance upon the truth of the representation, the plaintiff sustained damage.

*T.P.I. Civil 8.41*

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 8 INTENTIONAL TORTS  >  E. Misrepresentation*

# § 8.41 PROMISSORY FRAUD

[Plaintiff] seeks to recover damages for the alleged promissory fraud of [Defendant]. To recover under this theory, [Plaintiff] must prove by a preponderance of the evidence each of the following:

  1. [Defendant] made a promise as to a material matter to [Plaintiff]; and

  2. At the time the promise was made, [Defendant] did not intend to perform it; and

  3. [Defendant] made the promise with an intent to deceive, in other words, [Defendant] made the promise to induce [Plaintiff] to rely upon it and to act or not act in reliance upon it; and

  4. [Plaintiff] was unaware that [Defendant] did not intend to perform the promise; and

  5. [Plaintiff] acted in reliance upon the promise; and

  6. [Plaintiff] was justified in relying upon the promise made by [Defendant]; and

  7. As a result of the reliance upon [Defendant]'s promise, [Plaintiff] has sustained damage.

  Evidence of the defendant's conduct before or after the promise was made may be considered in determining whether the defendant intended to perform when the promise was made.

  A party seeking recovery for promissory fraud must have relied upon the promise. In other words, the plaintiff would not have entered into the transaction without the promise. You must decide whether reliance upon the promise substantially influenced the party's action, even though other influences may have operated as well.

  Reliance upon a promise may be shown by direct evidence or may be inferred from the circumstances.

  A person claiming to have been damaged by promissory fraud must not only have acted in reliance on the promise but must have been justified in that reliance. That is, it must be reasonable for the person, in the light of the circumstances and that person's intelligence, experience, and knowledge, to accept the promise without making an independent inquiry or investigation.

*T.P.I. Civil 8.45*

*Tennessee Pattern Jury Instructions - Civil > CHAPTER 8 INTENTIONAL TORTS > E. Misrepresentation*

## § 8.45 PERSONS TO WHOM REPRESENTATIONS MADE

[A person is subject to liability only to those persons to whom the person making the representation intends to induce to act in reliance upon the representation. If others become aware of the representation and act upon it, there is no liability even though the party who made the representation should reasonably have foreseen such a possibility.]

[A person does not need to make a representation directly to the person whom the defendant intends will act upon it. The defendant may make the representation to a third person intending that the third person communicate the representation to the person whom the defendant intends will act upon it.]

[A person who makes a representation intending to defraud the public or a particular class of persons, is considered in law to have intended to defraud every individual in the same category who was actually misled by the representation.]

*T.P.I. Civil 8.46*

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 8 INTENTIONAL TORTS  >  E.
Misrepresentation*

# § 8.46 RELIANCE

A party seeking recovery for [intentional] [negligent] misrepresentation must have relied upon the representation. In other words, the plaintiff would not have entered into the transaction without the representation. You must determine whether reliance upon the representation substantially influenced the party's action, even though other influences operated as well.

Reliance upon a representation may be shown by direct evidence or may be inferred from the circumstances.

*T.P.I. Civil 10.18*

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 10 PRODUCTS LIABILITY  >  C. Misrepresentation - Products*

## § 10.18 MISREPRESENTATION - PRODUCTS

To recover for a claim of misrepresentation concerning a product, the plaintiff must prove:

1. Defendant's business included selling the product;

2. The defendant represented that the product [line] [was of a certain quality or character] [would perform (a) certain task(s)];

3. This representation was not merely opinion and was made to the general public or to those expected to buy [or use] the product;

4. The representation was not true;

5. The plaintiff knew of the representation but did not know it was untrue;

6. The plaintiff justifiably relied on the representation by [purchasing the product] [using the product consistent with the representation]; and

7. Plaintiff's reliance on the representation was a substantial factor in causing plaintiff's damages.

If the plaintiff proves all the above factors, the plaintiff has established the defendant's fault even though the defendant's misrepresentation was not intentionally or negligently made.

# TEXAS

## PJC 105.1, 105.2, 105.4, 105.5, 115.19, 115.20

PJC 105.1 Question on Common-Law Fraud—Intentional Misrepresentation

PJC 105.2 Instruction on Common-Law Fraud—Intentional Misrepresentation

PJC 105.4 Instruction on Common-Law Fraud—Failure to Disclose When There Is Duty to Disclose

PJC 105.5 Question on Statute of Limitations—Common Law Fraud

PJC 115.19 Question and Instruction on Direct Damages Resulting from Fraud

PJC 115.20 Question and Instruction on Consequential Damages Caused by Fraud

## *PJC 105.1*

*Texas Civil Pattern Jury Charges  >  Business, Consumer, Insurance & Employment 2020 Edition  >
CHAPTER 105 FRAUD AND NEGLIGENT MISREPRESENTATION*

## PJC 105.1 Question on Common-Law Fraud--Intentional Misrepresentation

QUESTION _____

Did  *Don Davis* commit fraud against  *Paul Payne*?

*[Insert appropriate instructions.]*

Answer "Yes" or "No."

Answer: _____

---

End of Document

*PJC 105.2*

*Texas Civil Pattern Jury Charges  >  Business, Consumer, Insurance & Employment 2020 Edition  >*
*CHAPTER 105 FRAUD AND NEGLIGENT MISREPRESENTATION*

## PJC 105.2 Instruction on Common-Law Fraud--Intentional Misrepresentation

Fraud occurs when--

1. a party makes a material misrepresentation, and

2. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

3. the misrepresentation is made with the intention that it should be acted on by the other party, and

4. the other party [ *justifiably*] relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means--

*[Insert appropriate definitions from PJC 105.3A-105.3E.]*

## *PJC 105.4*

*Texas Civil Pattern Jury Charges  >  Business, Consumer, Insurance & Employment 2020 Edition  >
CHAPTER 105 FRAUD AND NEGLIGENT MISREPRESENTATION*

## PJC 105.4 Instruction on Common-Law Fraud--Failure to Disclose When There Is Duty to Disclose

Fraud occurs when--

1.  a party fails to disclose a material fact within the knowledge of that party,

and

2.  the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth, and

3.  the party intends to induce the other party to take some action by failing to disclose the fact, and

4.  the other party suffers injury as a result of acting without knowledge of the undisclosed fact.

*PJC 105.5*

*Texas Civil Pattern Jury Charges  >  Business, Consumer, Insurance & Employment 2020 Edition  >*
*CHAPTER 105 FRAUD AND NEGLIGENT MISREPRESENTATION*

## PJC 105.5 Question on Statute of Limitations--Common-Law Fraud

If you answered "Yes" to Question _____ [ *105.1*], then answer the following question. Otherwise, do not answer the following question.

QUESTION _____

By what date should *Paul Payne*, in the exercise of reasonable diligence, have discovered the fraud of *Don Davis*?

Answer with a date in the blank below.

Answer: _____

*PJC 115.19*

*Texas Civil Pattern Jury Charges > Business, Consumer, Insurance & Employment 2020 Edition > CHAPTER 115 DAMAGES*

## PJC 115.19 Question and Instruction on Direct Damages Resulting from Fraud

*[Insert predicate, PJC 115.1.]*

QUESTION _____

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate *Paul Payne* for *his* damages, if any, that resulted from such fraud?

Consider the following elements of damages, if any, and none other.

*[Insert appropriate instructions. See sample instructions in PJC 115.4 and 115.10 for format.]*

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1. [ *Element A*] sustained in the past.

Answer: _____

2. [ *Element A*] that, in reasonable probability, will be sustained in the future.

Answer: _____

3. [ *Element B*] sustained in the past.

Answer: _____

4. [ *Element B*] that, in reasonable probability, will be sustained in the future.

Answer: _____

## *PJC 115.20*

*Texas Civil Pattern Jury Charges  >  Business, Consumer, Insurance & Employment 2020 Edition  >*
*CHAPTER 115 DAMAGES*

## PJC 115.20 Question and Instruction on Consequential Damages Caused by Fraud

[Insert predicate, PJC 115.1.]

QUESTION _____

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate *Paul Payne* for *his* damages, if any, that were proximately caused by such fraud?

[Insert definition of proximate cause, PJC 100.13.]

Consider the following elements of damages, if any, and none other.

[Insert appropriate instructions. See sample instructions in PJC 115.4 and 115.10 for format, and see PJC 115.5.]

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1. [ *Element A*] sustained in the past.

Answer: _____

2. [ *Element A*] that, in reasonable probability, will be sustained in the future.

Answer: _____

3. [ *Element B*] sustained in the past.

Answer: _____

4. [ *Element B*] that, in reasonable probability, will be sustained in the future.

Answer: _____

# UTAH

## MUJI 2d CV CV 1801 to 1899 and 2124

CV 1801 Elements of fraud.

CV 1802 Elements of negligent misrepresentation.

CV 1803 Reckless false statement.

CV 1804 Recovery for misrepresentation of fact.

CV 1805 Promises and statements of future performance.

CV 1806 Important statement of fact.

CV 1807 Duty to speak the whole truth.

CV 1808 Intent to induce reliance.

CV 1809 Intent.

CV 1810 Reasonable reliance.

CV 1811 Concealment or fraudulent non-disclosure.

CV 1812 Compensatory damages.

CV 1899 Special verdict form.

CV 2124 Fraudulent inducement.

*MUJI 2d CV CV1801*

*Model Utah Jury Instructions, Second Edition - Civil  >  Fraud and Negligent Misrepresentation*

## CV1801 Elements of fraud.

[Name of plaintiff] claims that [name of defendant] defrauded [him] by making a false [oral/written], statement of fact that caused [him] harm. To succeed in this claim, [name of plaintiff] must prove each of the following by clear and convincing evidence:

(1) [name of defendant] made a false statement about an important fact; and

(2) either [name of defendant] made the statement knowing it was false, or [he] made the statement recklessly and without regard for its truth; and

(3) [name of defendant] intended that [name of plaintiff] would rely on the statement; and

(4) [name of plaintiff] reasonably relied on the statement; and

(5) [name of plaintiff] suffered damages as a result of relying on the statement.

I will provide you with more information about each of these in the following instructions.

*MUJI 2d CV CV1802*

*Model Utah Jury Instructions, Second Edition - Civil  >  Fraud and Negligent Misrepresentation*

## CV1802 Elements of negligent misrepresentation.

[Name of plaintiff] claims [he] was harmed when [name of defendant] negligently misrepresented an important fact. To succeed in this claim [name of plaintiff] must prove that:

(1) [name of defendant] represented to [name of plaintiff] that an important fact was true;

(2) [name of defendant]'s representation of fact was not true;

(3) [name of defendant] failed to use reasonable care to determine whether the representation was true;

(4) [name of defendant] was in a better position than [name of plaintiff] to know the true facts;

(5) [name of defendant] had a financial interest in the transaction;

(6) [name of plaintiff] relied on the representation and it was reasonable for [him] to do so; and

(7) [name of plaintiff] suffered damage as a result of relying on the representation.

*MUJI 2d CV CV1803*

*Model Utah Jury Instructions, Second Edition - Civil  >  Fraud and Negligent Misrepresentation*

## CV1803 Reckless false statement.

A false statement is made recklessly if [name of defendant] knew that [he] did not have sufficient knowledge to make the statement.

*MUJI 2d CV CV1804*

*Model Utah Jury Instructions, Second Edition - Civil  >  Fraud and Negligent Misrepresentation*

## CV1804 Recovery for misrepresentation of fact.

You must decide whether the defendant's statement was a representation of fact as opposed to an opinion. Generally, a plaintiff may recover for fraud only if the defendant's statements were misrepresentations of facts.

## *MUJI 2d CV CV1805*

*Model Utah Jury Instructions, Second Edition - Civil  >  Fraud and Negligent Misrepresentation*

## CV1805 Promises and statements of future performance.

A promise about a future act is a false statement of fact if [name of plaintiff] proves that [name of defendant]:

(1) never intended to keep the promise; and

(2) made the promise for the purpose of deceiving [name of plaintiff].

## *MUJI 2d CV CV1806*

*Model Utah Jury Instructions, Second Edition - Civil  >  Fraud and Negligent Misrepresentation*

## CV1806 Important statement of fact.

A statement of fact is important if knowing that it is false would influence a reasonable person's judgment, or [his] decision to act or not to act.

## *MUJI 2d CV CV1808*

*Model Utah Jury Instructions, Second Edition - Civil  >  Fraud and Negligent Misrepresentation*

## CV1808 Intent to induce reliance.

You must decide whether [name of defendant] intended [name of plaintiff] to rely on a false statement, even though [name of defendant] did not make it directly to [name of plaintiff].

[Name of defendant] intended [name of plaintiff] to rely on the false statement if

[(1) [Name of defendant] made the statement to a group of people that included [name of plaintiff]].

[(2) [Name of defendant] made the statement to another person, with the intent or the belief that it would be communicated to [name of plaintiff]].

## *MUJI 2d CV CV1809*

*Model Utah Jury Instructions, Second Edition - Civil  >  Fraud and Negligent Misrepresentation*

## CV1809 Intent.

Intent ordinarily cannot be proved directly because there is no way to read people's minds. However, you may determine intent from the surrounding circumstances and find that [name of defendant] intended the natural and probable consequences of acts done knowingly. You may consider any statement made or acts done by [name of defendant] and all other facts and circumstances that may show intent.

*MUJI 2d CV CV1810*

*Model Utah Jury Instructions, Second Edition - Civil  >  Fraud and Negligent Misrepresentation*

## CV1810 Reasonable reliance.

In deciding whether [name of plaintiff]'s reliance on the false statement was reasonable, you must take into account all relevant circumstances, such as [his] age, mental capacity, knowledge, experience, and [his] relationship to [name of defendant].

## *MUJI 2d CV CV1811*

*Model Utah Jury Instructions, Second Edition - Civil  >  Fraud and Negligent Misrepresentation*

## CV1811 Concealment or fraudulent non-disclosure.

I have determined that [name of plaintiff] was in a [type of relationship] that gave [name of defendant] a duty to disclose an important fact to [name of plaintiff]. You must decide whether [name of defendant] failed to disclose an important fact. To establish that [name of defendant] failed to disclose an important fact, [name of plaintiff] must prove all of the following:

(1) that [name of defendant] knew [describe the important fact] and failed to disclose it to [name of plaintiff];

(2) that [name of plaintiff] did not know [describe the important fact]; and

(3) that [name of defendant]'s failure to disclose [describe the important fact] was a substantial factor in causing [name of plaintiff]'s damages.

## *MUJI 2d CV CV1812*

*Model Utah Jury Instructions, Second Edition - Civil  >  Fraud and Negligent Misrepresentation*

# CV1812 Compensatory damages.

If you decide that [name of defendant] defrauded [name of plaintiff], then you must also decide how much money is needed to fairly compensate [name of plaintiff] for any damages caused by the fraud.

You may award damages for the harm [name of plaintiff] experienced because of [name of defendant]'s fraud as long as you determine that the damages were reasonably foreseeable, and that [name of plaintiff] has proven these damages with reasonable certainty. [Name of plaintiff] claims the following damages:

[(1) the difference between the value of the property that [name of plaintiff] [bought/sold] and the value the same property would have had if [name of defendant]'s statements about it had been true.]

[(2) loss of good will;]

[(3) expenditures in mitigation of damages;]

[(4) lost earnings;]

[(5) loss of interest on loans required to finance [describe the loss]]

[(6) lost profits;]

[(7) emotional distress;]

[(8) describe other items claimed.]

*MUJI 2d CV CV2124*

*Model Utah Jury Instructions, Second Edition - Civil  >  Commercial Contracts*

## CV2124 Fraudulent inducement.

[Name of defendant] claims that no contract was created because [he] was induced to enter into the contract by fraud. To succeed on this claim, [name of defendant] must prove all of the following by clear and convincing evidence:

(1) [Name of plaintiff] made the following representation: [insert the representation];

(2) The representation was about a presently existing fact that was important;

(3) The representation was false and [Name of plaintiff] either knew that the representation was false or made the representation recklessly without sufficient knowledge upon which to base the representation;

(4) [Name of plaintiff] made the representation to induce [name of defendant] to agree to the contract

(5) [Name of defendant] reasonably relied on this representation without knowledge of its falsity;

(5) [Name of defendant] entered into the contract;

(6) [Name of defendant] would not have entered into the contract if [he] had known that the representation was not true.

## *MUJI 2d CV CV1899*

*Model Utah Jury Instructions, Second Edition - Civil  >  Fraud and Negligent Misrepresentation*

## CV1899 Special verdict form.

Please answer the following questions based on the instructions the court has given you.

(1) Do you find by clear and convincing evidence that [name of defendant] committed fraud on [name of plaintiff]?

Yes__ No__

(2) If you answered "yes" to question (1), do you find by clear and convincing evidence that such conduct was a cause of damage to [name of plaintiff]?

Yes__ No__

(3) If you answered "yes" to question number (2), what if any damages do you award [name of plaintiff]? (Counsel should specify the type of economic and non-economic damages so the judge can calculate prejudgment interest.)

Economic Damages $ __

Non-Economic Damages $ __

__

Date Jury Foreperson

Model Utah Jury Instructions - Civil

---

End of Document

# VIRGINIA

1 Virginia Model Jury Instructions - Civil Instruction No. 39.000 to 39.110 and 45.480 (2021)

Instruction No. 39.000 Definition of Actual Fraud: Intentional Misrepresentation

Instruction No. 39.010 Definition of Misrepresentation

Instruction No. 39.020 Definition of Material Fact

Instruction No. 39.030 Definition of Reliance

Instruction No. 39.040 Definition of Constructive Fraud

Instruction No. 39.045 Duty to Take Prompt Action

Instruction No. 39.050 Duty to Investigate

Instruction No. 39.060 Fact Versus Opinion

Instruction No. 39.070 Burden of Proof on Common Law Fraud: Clear and Convincing

Instruction No. 39.080 Factors that May Be Considered

Instruction No. 39.090 Finding Instruction Common Law: Actual Fraud

Instruction No. 39.100 Finding Instruction Common Law: Constructive Fraud

Instruction No. 39.110 Finding Instruction Common Law: Actual and Constructive Fraud

Instruction No. 45.480 Fraud in the Inducement

## *1 Virginia Model Jury Instructions - Civil Instruction No. 39.000*

*Virginia Model Jury Instructions - Civil  >  Chapter 39 FRAUD*

## Instruction No. 39.000  Definition of Actual Fraud: Intentional Misrepresentation

Actual fraud is a misrepresentation of a material fact, knowingly and intentionally made, with the intent to mislead another person, which that person relied upon with the result that he was damaged by it.

## *1 Virginia Model Jury Instructions - Civil Instruction No. 39.010*

*Virginia Model Jury Instructions - Civil  >  Chapter 39 FRAUD*

## Instruction No. 39.010  Definition of Misrepresentation

A misrepresentation is any words or conduct which produce a false or misleading impression of fact in the mind of another. The misrepresentation must be made concerning an actually existing or past fact. A promise, an expression of interest, or an expectation or opinion concerning the future is not a misrepresentation.

A misrepresentation may result from silence or from the suppression of facts as well as from an affirmative representation.

## *1 Virginia Model Jury Instructions - Civil Instruction No. 39.020*

*Virginia Model Jury Instructions - Civil  >  Chapter 39 FRAUD*

## Instruction No. 39.020  Definition of Material Fact

A material fact is one which influences a person to act or not to act.A

## *1 Virginia Model Jury Instructions - Civil Instruction No. 39.030*

*Virginia Model Jury Instructions - Civil  >  Chapter 39 FRAUD*

## Instruction No. 39.030  Definition of Reliance

**Reliance is a belief that a representation is true which causes a person** [to take action he would not otherwise have taken; not to take action he otherwise would have taken]**.**

*1 Virginia Model Jury Instructions - Civil Instruction No. 39.040*

*Virginia Model Jury Instructions - Civil  >  Chapter 39 FRAUD*

## Instruction No. 39.040  Definition of Constructive Fraud

Constructive fraud is a misrepresentation of a material fact, innocently or negligently made, with the intent that a person will rely on it and which that person relied upon with the result that he was damaged by it.

## *1 Virginia Model Jury Instructions - Civil Instruction No. 39.045*

*Virginia Model Jury Instructions - Civil  >  Chapter 39 FRAUD*

## Instruction No. 39.045  Duty to Take Prompt Action

If a party discovers he has been defrauded, he has a duty to take reasonably prompt action to repudiate the contract.

## *1 Virginia Model Jury Instructions - Civil Instruction No. 39.050*

*Virginia Model Jury Instructions - Civil  >  Chapter 39 FRAUD*

## Instruction No. 39.050  Duty to Investigate

A person to whom a misrepresentation was made has no duty to investigate unless he had or obtained information about the representation which would cause a reasonably prudent person to investigate.

If a person has a duty to investigate a representation and fails to investigate to the extent that a reasonably prudent person would, then he is bound by all knowledge that such an investigation of that representation would have disclosed.

## 1 Virginia Model Jury Instructions - Civil Instruction No. 39.060

*Virginia Model Jury Instructions - Civil  >  Chapter 39 FRAUD*

## Instruction No. 39.060  Fact Versus Opinion

To be liable, the defendant must make a misrepresentation of past or present fact[s]. Statements of opinion are not fraud.

*Virginia Model Jury Instructions - Civil  >  Chapter 39 FRAUD*

# Instruction No. 39.070  Burden of Proof on Common Law Fraud: Clear and Convincing

The burden is on the party charging common law fraud to prove it by clear and convincing evidence.

SOURCES & AUTHORITY

## *1 Virginia Model Jury Instructions - Civil Instruction No. 39.080*

*Virginia Model Jury Instructions - Civil  >  Chapter 39 FRAUD*

## Instruction No. 39.080  Factors that May Be Considered

In deciding whether fraud exists, you may take into consideration the relative knowledge of the parties, their respective motives and intentions, the closeness of their relationship, the actions of the parties, the nature and character of the transaction including the adequacy of the price, and all of the other surrounding facts and circumstances.

*1 Virginia Model Jury Instructions - Civil Instruction No. 39.090*

*Virginia Model Jury Instructions - Civil  >  Chapter 39 FRAUD*

# Instruction No. 39.090  Finding Instruction Common Law: Actual Fraud

You shall return your verdict for the plaintiff if he proved by clear and convincing evidence:

  (1) That the defendant misrepresented a material fact; and

  (2) That the misrepresentation was made intentionally and knowingly; and

  (3) That the misrepresentation was made with the intent that the plaintiff rely upon it; and

  (4) That the plaintiff relied upon it; and

  (5) That the plaintiff was damaged as a result.

You shall find your verdict for the defendant if the plaintiff failed to prove any one or more of the elements above.

## *1 Virginia Model Jury Instructions - Civil Instruction No. 39.100*

*Virginia Model Jury Instructions - Civil > Chapter 39 FRAUD*

# Instruction No. 39.100  Finding Instruction Common Law: Constructive Fraud

You shall return your verdict for the plaintiff if he proved by clear and convincing evidence:

    (1) That the defendant misrepresented a material fact; and

    (2) That the misrepresentation was made innocently or negligently; and

    (3) That the misrepresentation was made with the intent that the plaintiff rely upon it; and

    (4) That the plaintiff relied upon it; and

    (5) That the plaintiff was damaged as a result.

You shall find your verdict for the defendant if the plaintiff failed to prove any one or more of the elements above.

1 Virginia Model Jury Instructions - Civil Instruction No. 39.110

*Virginia Model Jury Instructions - Civil  >  Chapter 39 FRAUD*

# Instruction No. 39.110  Finding Instruction Common Law: Actual and Constructive Fraud

You shall return your verdict for the plaintiff if he proved by clear and convincing evidence:

    (1) That the defendant misrepresented a material fact; and

    (2) That the misrepresentation was made intentionally and knowingly or it was made innocently or negligently; and

    (3) That the misrepresentation was made with the intent that the plaintiff rely upon it; and

    (4) That the plaintiff relied upon it; and

    (5) That the plaintiff was damaged as a result.

You shall find your verdict for the defendant if the plaintiff failed to prove any one or more of the elements above.

## *1 Virginia Model Jury Instructions - Civil Instruction No. 45.480*

*Virginia Model Jury Instructions - Civil  >  Chapter 45 CONTRACTS*

## Instruction No. 45.480  Fraud in the Inducement

A party is excused for his failure to perform a contract if he was induced to enter into the contract by fraud. Fraud must be proven by clear and convincing evidence.

# WASHINGTON

Washington Pattern Jury Instructions - Civil (WPI) 160.01 to 160.04, 165.03.01, 165.03.02

WPI 160.01 Elements of Fraud

WPI 160.02 Fraud—Burden of Proof

WPI 160.03 Fraud—Burden of Proof--Combined with Preponderance of Evidence

WPI 160.04 Fraud—Burden of Proof on The Issues

WPI 165.03.01 Duty To Disclose—Mixed Issues of Fact and Law

WPI 165.03.02 Duty to Disclose—Mixed Issues of Fact and Law—Special Verdict Form

*Washington Pattern Jury Instructions - Civil (WPI) 160.01*

*Washington Pattern Jury Instructions - Civil  >  PART XII FRAUD  >  CHAPTER 160 FRAUD*

## WPI 160.01 Elements Of Fraud

There are nine elements of fraud. They are:

(1) Representation of an existing fact;

(2) Materiality of the representation;

(3) Falsity of the representation;

(4) The speaker's knowledge of its falsity;

(5) The speaker's intent that it be acted upon by the plaintiff;

(6) Plaintiff's ignorance of the falsity;

(7) Plaintiff's reliance on the truth of the representation;

(8) Plaintiff's right to rely upon it; and

(9) Resulting damage.

*Washington Pattern Jury Instructions - Civil (WPI) 160.02*

*Washington Pattern Jury Instructions - Civil  >  PART XII FRAUD  >  CHAPTER 160 FRAUD*

## WPI 160.02 Fraud--Burden Of Proof

A party who alleges [fraud] [  ] has the burden of proving each of the elements of [fraud] [  ] by clear, cogent, and convincing evidence.

Proof by clear, cogent, and convincing evidence means that the element must be proved by evidence that carries greater weight and is more convincing than a preponderance of evidence. Clear, cogent, and convincing evidence exists when occurrence of the element has been shown by the evidence to be highly probable. However, it does not mean that the element must be proved by evidence that is convincing beyond a reasonable doubt.

A "preponderance of the evidence" means that you must be persuaded, considering all the evidence in the case, that a proposition is more probably true than not true. "Preponderance of the evidence" is defined here solely to aid you in understanding the meaning of "clear, cogent, and convincing."

*Washington Pattern Jury Instructions - Civil (WPI) 160.03*

*Washington Pattern Jury Instructions - Civil  >  PART XII FRAUD  >  CHAPTER 160 FRAUD*

## WPI 160.03 Fraud--Burden Of Proof--Combined With Preponderance Of Evidence

A party who alleges [fraud] [  ] has the burden of proving each of the elements of [fraud] [  ] by clear, cogent, and convincing evidence. However, this burden of proof is applicable only to the proof of [fraud] [  ]. All other allegations of [plaintiff] [defendant] [the respective parties] must be proved by a preponderance of the evidence as that term is more fully defined in other instructions.

Proof by clear, cogent, and convincing evidence means that the element must be proved by evidence that carries greater weight and is more convincing than a preponderance of evidence. Clear, cogent, and convincing evidence exists when occurrence of the element has been shown by the evidence to be highly probable. However, it does not mean that the element must be proved by evidence that is convincing beyond a reasonable doubt.

## *Washington Pattern Jury Instructions - Civil (WPI) 160.04*

*Washington Pattern Jury Instructions - Civil  >  PART XII FRAUD  >  CHAPTER 160 FRAUD*

## WPI 160.04 Fraud--Burden Of Proof On The Issues

(Name of fraud claimant(s))   [has] [have] the burden of proving by clear, cogent, and convincing evidence each of the following elements on [his] [her] [their] [its] claim of fraud:

(1) that (name of fraud defendant)   made a representation of existing fact;

(2) that the fact represented was material;

(3) that the representation was false;

(4) that (name of fraud defendant)   knew the representation was false;

(5) that (name of fraud claimant(s))   did not know that the representation was false;

(6) that  (name of fraud defendant)     intended that (name of fraud claimant(s)) would act upon the representation;

(7) that (name of fraud claimant(s))   had a right to rely on the truth of the representation;

(8) that (name of fraud claimant(s))   did rely on the truth of the representation; and

(9) that (name of fraud claimant(s))   [was] [were] damaged by reliance on the representation.

If you find from your consideration of all the evidence that each of these elements has been proved, your verdict should be for (name of fraud claimant(s))   on this claim. On the other hand, if any of these elements has not been proved, your verdict should be for (name of fraud defendant)   on this claim.

## *Washington Pattern Jury Instructions - Civil (WPI) 165.03.01*

*Washington Pattern Jury Instructions - Civil > PART XII FRAUD > CHAPTER 165 NEGLIGENT MISREPRESENTATION*

## WPI 165.03.01 Duty To Disclose--Mixed Issues Of Fact And Law

(Name of plaintiff)   **has the burden of proving that** (name of defendant)   **owed a duty to disclose information to** (name of plaintiff).

**In deciding whether this burden has been met, you are to consider whether the following [fact has] [facts have] been proved**:

(Insert here the factual issues that the jury will need to resolve before the court can decide whether the duty is owed; see the Note on Use and Comment.)

**You have been given a special verdict form that asks you whether [this fact has] [these facts have] been proved. Fill in the special verdict form according to your answer. Follow the directions on the special verdict form for what to do next.**

*Washington Pattern Jury Instructions - Civil (WPI) 165.03.02*

*Washington Pattern Jury Instructions - Civil  >  PART XII FRAUD  >  CHAPTER 165 NEGLIGENT MISREPRESENTATION*

# WPI 165.03.02 Duty to Disclose--Mixed Issues of Fact and Law--Special Verdict Form

QUESTION: Did (name of plaintiff)  prove the following fact[s] by clear, cogent, and convincing evidence:

(Insert the disputed facts that the jury needs to resolve before the court can decide whether the duty is owed. A sample question is set forth in the Comment below.)

ANSWER: (Write "yes" or "no")

(DIRECTION: If your answer is "yes," then you will proceed to consider the other elements of the plaintiff's [negligent misrepresentation] claim.

If your answer is "no," then your verdict is complete for this claim.)

# WEST VIRGINIA

W.Va.P.J.I. § 1109

§ 1109. Consent

## *W.Va.P.J.I. § 1109*

*West Virginia Pattern Jury Instructions for Civil Cases > SECTION 1100 - CONTRACTS*

A party's consent to a contract must be freely given. Consent is not freely given if it is obtained by duress, _**fraud**_, undue influence, or a misrepresentation of a material fact. Moreover, a party does not consent to the unexpressed intentions of the other party. The scope of a party's consent is shown by the reasonable meaning of the words and by the conduct of the parties.

# WISCONSIN

Wis JI-Civil 2400-2403, 3068

JI-2400 Misrepresentation: Bases for Liability and Damages

JI-2401 Misrepresentation:

JI-2402 Misrepresentation:

JI-2403 Misrepresentation:

JI-3068 Voidable Contracts: Duress, Fraud, Misrepresentation

*Wis JI-Civil 2400*

*Wisconsin Civil Jury Instructions  >  INTENTIONAL TORTS  >  Misrepresentation*

## JI-2400 MISREPRESENTATION: BASES FOR LIABILITY AND DAMAGES

Wisconsin recognizes three common law categories of misrepresentation: intentional, strict responsibility, and negligent misrepresentation. All three require that the defendant made an untrue representation of fact and that the plaintiff relied upon the representation. Intentional misrepresentation additionally requires that the defendant knowingly or recklessly made the untrue representation with the intent to deceive the plaintiff. Strict responsibility misrepresentation does not require a showing of an intent to deceive, rather the plaintiff must only show that the defendant had an economic interest in the transaction and made the representation on the defendant's personal knowledge under circumstances in which the defendant necessarily ought to have known the truth or untruth of the statement. [1]Negligent misrepresentation differs from intentional and strict responsibility misrepresentation in the circumstances and quality of the representation of fact. Under negligent misrepresentation, the untrue statement of fact need only be "negligently" made rather than intentional and the speaker does not require an economic interest in making the representation.

### Intentional Misrepresentation

The elements of intentional misrepresentation are: (1) the defendant made a representation of fact; (2) the representation was untrue; (3) the defendant made the representation either knowing that it was untrue, or recklessly not caring whether it was true or false; (4) the defendant made the representation with the intent to deceive the plaintiff in order to induce the plaintiff to act to plaintiff's pecuniary damage; and (5) the plaintiff believed that the representation was true and relied on it. [2]The plaintiff's reliance on the representation must be justifiable. [3]

### Strict Responsibility Misrepresentation

The elements of strict responsibility misrepresentation are: (1) the defendant made a representation of fact; (2) the representation was untrue; (3) the defendant made the representation based on his or her personal knowledge, or was so situated that he or she necessarily ought to have known the truth or untruth of the statement; (4) the defendant had an economic interest in the transaction; and (5) the plaintiff believed that the representation was true and relied on it.

[4]The plaintiff's reliance on the representation must be justifiable.

Strict responsibility applies to those situations where public opinion calls for placing the loss on the innocent defendant rather than on the innocent plaintiff and requires the presence of two factors before liability may be found: (1) "a representation made as of defendant's own knowledge, concerning a matter about which he or she purports to have knowledge, so that he or she may be taken to have assumed responsibility as in the case of warranty, and (2) a defendant with an economic interest in the transaction into which the plaintiff enters so that defendant expects to gain some economic benefit."    [6]The policy behind strict responsibility misrepresentation is that the speaker should know the pertinent facts of which he or she is speaking or else the speaker should not speak.    [7]

The doctrine of strict responsibility misrepresentation has primarily been utilized in cases involving property transactions,    [8]such as where there has been a representation as to the identification, boundaries, quantity and quality of the land, and existence of certain improvements upon the land, all of which were untrue. As discussed below, the creation of the economic loss doctrine (ELD) in 1989 has greatly impacted common–law claims involving property transactions.

### Negligent Misrepresentation

The elements of negligent misrepresentation are: (1) the defendant made a representation of fact; (2) the representation was untrue; (3) the defendant was negligent in making the representation; and (4) the plaintiff believed that the representation was true and relied on it.    [9]Negligence for misrepresentation, like other actions for negligence, requires a duty of care, or a voluntary assumption of duty.

### Measurement of Damages

Wisconsin has adopted the "benefit–of–the–bargain" measure of damages for intentional    [10]and strict responsibility    [11]claims. The "benefit–of–the–bargain" gives the difference between the fair market value of the property in the condition when purchased and the fair market value of the property as it was represented. [12]The "out–of–pocket" rule, which gives the difference between what the plaintiff gave as consideration and what the plaintiff actually received, is utilized in cases of negligent misrepresentation.    [13]

### Economic Loss Doctrine

In 1989, the Supreme Court established the ELD, which requires transacting parties in Wisconsin to pursue only their contractual remedies when asserting an economic loss claim.    [14]Its purpose is threefold: (1) to "maintain the fundamental distinction between tort and contract law;" (2) to "protect[] . . . 'parties' freedom to allocate economic risk by contract;'" and (3) to "encourage[] 'the party best situated to assess the risk [of] economic loss, the . . . purchaser, to assume, allocate, or insure against that risk.'"    [15]

The ELD bars negligence and strict liability claims arising from consumer goods transactions.    [16]The Supreme Court also has considered whether the ELD bars common law claims for intentional misrepresentation

Wis JI-Civil 2400

that occur "in the context of residential or noncommercial, real estate transactions." [17]The court concluded that, whether a buyer is a "commercial" or "residential" buyer, the ELD still bars the intentional misrepresentation claim. [18]

The Supreme Court has noted in other cases that the ELD does not apply if the contract was for a "service[]" rather than a "product." [19]Nor does the ELD apply to statutory claims, such as false advertising claims under *Wis. Stat. § 100.18* or fraudulent misrepresentation claims under *Wis. Stat. § 895.446*. [20]One may recover "pecuniary" damages, costs, and reasonable attorney fees upon proof of a § 100.18 violation and "actual damages," all costs of litigation, and exemplary damages upon proof of a § 895.446 violation. [21]

The Supreme Court has recognized exceptions to the ELD. [22]First, the ELD "does not bar a commercial purchaser's claims based on personal injury." [23]Second, the ELD "does not bar . . . claims based on . . . damage to property other than the product, or economic claims that are alleged in combination with noneconomic losses." [24]Third, the court has recognized a so–called "fraud in the inducement" exception. [25]

Regarding the first and second exceptions, the ELD merely bars "the recovery of purely economic losses . . . through tort remedies where the only damage is to the product purchased by the consumer." [26]So damage to a person or "other property" is not barred by the ELD. [27]

The Supreme Court has established a "two part test" to determine whether the other property exception applies. [28]First, if the "defective product and the damaged product are part of an 'integrated system' " the exception does not apply. [29]"If the product and damaged property are part of such a system, then any damage to that property is considered to be damage to the product itself." [30]Stated otherwise, "once a part becomes integrated into a completed product or system, the entire product or system ceases to be 'other property' for purposes of the economic loss doctrine." [31]So if the defective product is a "component of an integrated system," damage to the integrated system is non–compensable. [32]Examples of components in integrated systems include: (1) "cement in a concrete paving block;" (2) "a window in house;" (3) "a gear in a printing press," (4) "a generator connected to a turbine;" and (5) "a drive system in a helicopter." [33]Second, "[i]f the damaged property and the defective product are not part of an integrated system" courts apply the "disappointed expectations" test. [34]The crux of the test is "whether the purchaser should have foreseen that the product could cause the damage at issue. When claimed damages are merely the result of disappointed expectations of a product's performance, the exception will not apply and the economic loss doctrine will bar recovery in tort." [35]

In 2003, the Supreme Court adopted a "narrow" fraud in the inducement exception to the ELD to promote "honesty, good faith and fair dealing during contract negotiations." [36]The exception applies if the plaintiff establishes three elements: (1) "that the defendant engaged in an intentional misrepresentation;" (2) "that the misrepresentation occurred before the contract was formed;" and (3) "that the alleged misrepresentation was

Wis JI-Civil 2400

extraneous to the contract." [37] To state the third element differently, the misrepresentation must be "extraneous to, rather than interwoven with, the contract;" [38] the misrepresentation "must 'concern[] matters whose risk and responsibility did not relate to the quality or the characteristics of the goods for which the parties contracted or otherwise involved performance of the contract.'" [39]

### Verdict

The verdict should be presented in alternatives if the evidence would permit findings on more than one of the three theories. The instructions on damages must indicate clearly to the jury which measure of damages to apply in connection with each finding.

## *Wis JI-Civil 2401*

*Wisconsin Civil Jury Instructions  >  INTENTIONAL TORTS  >  Misrepresentation*

# JI-2401 MISREPRESENTATION: INTENTIONAL

To constitute intentional misrepresentation, there are five elements [1]which must be proved by ( plaintiff).

First, that ( defendant) made the representation of fact. Representations of fact do not have to be in writing or by word of mouth, but may be by acts of conduct on the part of ( defendant) [,or even by silence if there is a duty to speak. A duty to speak may arise when information is asked for; or where the circumstances would call for a response in order that the parties may be on equal footing; or where there is a relationship of trust or confidence between the parties [2]].

An expression of opinion which either indicates some doubt as to the speaker's belief in the existence of a state of fact, or merely expresses the speaker's judgment on some matter, such as quality, value, authenticity and the like, does not constitute a representation of fact. [3]However, a statement of opinion, which carries with it an implied assertion that the speaker knows that the facts exist which support the speaker's opinion, may, in your discretion, be determined by you to be a representation of fact. [4]In making your determination, you may consider the form and manner of expression [5][or the disparity of knowledge between the parties of the underlying facts; [6]or the existence of a trust or confidence relationship between the parties [7]].

Second, that the representation of fact was untrue.

Third, that such untrue representation was made by ( <u>defendant</u>) knowing the representation was untrue or recklessly without caring whether it was true or false. Representations made by a person who knows that he or she has no sufficient basis of information to justify them are reckless. [8]

Fourth, that ( <u>defendant</u>) made the representation with intent to deceive and induce ( <u>plaintiff</u>) to act upon it to ( <u>plaintiff</u>)'s damage. [9]

Fifth, that ( <u>plaintiff</u>) believed such representation to be true and relied on it. [10][It is not necessary that the representation made be of such character as would influence the conduct of a person of ordinary intelligence and prudence. [11]] Representations are to be tested by their actual influence on the person to whom made [not upon the probable effect of such representation upon some other person [12]]. In determining whether ( <u>plaintiff</u>) actually relied upon the representation, the test is whether ( <u>plaintiff</u>) would have acted in the absence of the representation. [13]It is not necessary that you find that such reliance was the sole and only motive inducing ( <u>plaintiff</u>) to enter into the transaction. If the representation was relied upon and constitute a material inducement, that is sufficient. [14]

If you find, however, that ( <u>plaintiff</u>) or the person to whom the representation was made knew it to be untrue, then there can be no justifiable reliance as no one has the right to rely upon representation that he or she knew was untrue. [15]

Nor can there be justifiable reliance if ( <u>plaintiff</u>) relied on a representation which ( <u>plaintiff</u>) should have recognized as preposterous or which is shown by facts within (his) (her) easy observation and (his) (her) capacity to understand to be obviously untrue. [16]

( <u>Plaintiff</u>) is not required before relying upon the representation of fact to make an independent investigation.

17

## SPECIAL VERDICT

Question 1: Did ( <u>defendant</u>) make the representation of fact as to _____?
(State the ultimate facts alleged to be relied on.)

Answer: $=P

Yes or No

Question 2: If you answer "yes" to question 1, answer this question:

Was the representation untrue?

Answer: _____

Yes or No

Question 3: If you answered "yes" to both questions 1 and 2, answer this question:

Did ( <u>defendant</u>) make the representation knowing it was untrue or recklessly without caring whether it was true or untrue?

Answer: _____

Yes or No

Question 4: I  you answered "yes" to question 3, answer this question:

Did ( <u>defendant</u>) make the representation with the intent to deceive and induce ( <u>plaintiff</u>) to act upon it?

Answer: _____

Yes or No

Question 5: If you answered all the preceding questions "yes," answer this question:

Did ( <u>plaintiff</u>) believe such representation to be true and justifiably rely on it to (his) (her) financial damage?

Answer: _____

Yes or No

Question 6: If you answered all the preceding questions "yes," answer this question:

What sum of money will fairly and reasonably compensate ( <u>plaintiff</u>) for (his) (her) financial damage?

Answer: $

*Wis JI-Civil 2402*

*Wisconsin Civil Jury Instructions  >  INTENTIONAL TORTS  >  Misrepresentation*

## JI-2402 MISREPRESENTATION: STRICT RESPONSIBILITY

To constitute strict responsibility misrepresentation in this case, there are five elements which must be proved by ( plaintiff).

First, that ( defendant) made the representation of fact. Representations of fact do not have to be in writing or by word of mouth, but may be by acts or conduct on the part of ( defendant) [, or even by silence if there is a duty to speak. A duty to speak may arise when information is asked for; or where the circumstances would call for a response in order that the parties may be on equal footing; [1]or where there is a relationship of trust or confidence between the parties [2]].

An expression of opinion which either indicates some doubt as to the speaker's belief in the existence of a state of fact, or merely expresses the speaker's judgment on some matter such as quality, value, authenticity and the like, does not constitute a representation of fact. [3]However, a statement of opinion may, in your discretion, be determined by you to be a representation of fact. [4]In making your determination, you may consider the form and manner of expression [5][or the disparity of knowledge between the parties of the underlying facts; [6]or the existence of a trust or confidence relationship between the parties [7]].

Second, that the representation of fact was untrue.

Wis JI-Civil 2402

Third, that ( <u>defendant</u>) made the representation as a fact based on (his) (her) own personal knowledge, or in circumstances in which (he) (she) necessarily ought to have known the truth or untruth of the statement. ( <u>Plaintiff</u>) must prove that ( <u>defendant</u>) represented the fact from (his) (her) personal knowledge, or was so situated that (he) (she) either had particular means of ascertaining the pertinent facts, or (his) (her) position made possible complete knowledge and (his) (her) statements fairly implied that (he) (she) had it.                8

Fourth, that ( <u>defendant</u>) had an economic interest in the transaction, or, in other words, that ( <u>defendant</u>) stood to make a financial gain if ( <u>plaintiff</u>) entered into the transaction.            9It is immaterial whether ( <u>defendant</u>) in good faith believed such representation to be true.          10Likewise, it is immaterial whether ( <u>defendant</u>) had any intent to deceive ( <u>plaintiff</u>).            11

Fifth, that ( <u>plaintiff</u>) believed such representation to be true and relied on it.            12[It is not necessary that the representation made be of such character as would influence the conduct of a person of ordinary intelligence and prudence.          13] Representations are to be tested by their actual influence on the person to whom made, [not upon the probable effect of such representation upon some other person              14]. In determining whether ( <u>plaintiff</u>) actually relied upon the representation, the test is whether (he) (she) would have acted in the absence of the representation.          15It is not necessary that you find that such reliance was the sole and only motive inducing (him) (her) to enter into the transaction. If the representation was relied upon and constitute a material inducement, that is sufficient.            16

Wis JI-Civil 2402

If you find, however, that ( __plaintiff__) or the person to whom the representation was made knew it to be false, then there can be no justifiable reliance as no one has the right to rely upon a representation that he or she knew was untrue.    17

Nor can there be justifiable reliance if ( __plaintiff__) relied on a representation which (he) (she) should have recognized as preposterous or which is shown by facts within (his) (her) easy observation and (his) (her) capacity to understand to be obviously untrue.    18

( __Plaintiff__) is not required before relying upon the representation of fact to make an independent investigation.    19

### SUGGESTED SPECIAL VERDICT

Question 1: Did ( __defendant__) make the representation of fact as to _____?

(State the ultimate facts alleged to be relied on.)

ANSWER: _____

Yes or No

Question 2: If you answer "yes" to question 1, then answer this question: Was the representation untrue?

ANSWER: _____

Yes or No

Question 3: If you answered "yes" to both questions 1 and 2, then answer this question:

Did ( __defendant__) make the representation as a statement based on (his) (her) personal knowledge or in circumstances in which (he) (she) necessarily ought to have known the truth or untruth of such a representation?

ANSWER: _____

Yes or No

Question 4: If you answered "yes" to both questions 1, 2, and 3, then answer this question:

Wis JI-Civil 2402

Did ( <u>defendant</u>) have an economic interest in the transaction?

ANSWER: _____

Yes or No

Question 5: If you answered "yes" to questions 1, 2, 3 and 4, then answer this question:

Did ( <u>plaintiff</u>) believe the representation to be true and justifiably rely on it to (his)(her) financial damage?

ANSWER: _____

Yes or No

Question 6: If you answered all the preceding questions "yes," then answer this question:

What sum of money will fairly and reasonably compensate (plaintiff) for (his) (her) financial damage?

ANSWER: $ _____

*Wis JI-Civil 2403*

*Wisconsin Civil Jury Instructions  >  INTENTIONAL TORTS  >  Misrepresentation*


# JI-2403 MISREPRESENTATION: NEGLIGENCE

To constitute negligent misrepresentation in this case, there are four elements which must be proved by (  plaintiff).

First, that (  defendant) made the representation of fact. Representations of fact do not have to be in writing or by word of mouth, but may be by acts or conduct on the part of (  defendant)[, or even by silence if there is a duty to speak. A duty to speak may arise when information is asked for; or where the circumstances would call for a response in order that the parties may be on equal footing; or where there is a relationship of trust or confidence between the parties].

An expression of opinion which either indicates some doubt as to the speaker's belief in the existence of a state of fact, or merely expresses the speaker's judgment on some matter such as quality, value, authenticity and the like, does not constitute a representation of fact. However, a statement of opinion, which carries with it an implied assertion that the speaker knows that the facts exist which support (his) (her) opinion, may in your discretion, be determined by you to be a representation of fact. In making your determination, you may consider the form and manner of expression [or the disparity of knowledge between the parties of the underlying facts; or the existence of a trust or confidence relationship between the parties].

Second, that the representation of fact was untrue.

Third, that (  defendant) was negligent in making this representation. The word "negligence" has the same meaning as the phrase, "failure to exercise ordinary care." A person fails to exercise ordinary care when, without intending to do any wrong, (he) (she) makes a misrepresentation under circumstances in which a person of ordinary intelligence and prudence ought reasonably to foresee that such misrepresentation will subject the interests of another person to an unreasonable risk of damage. [A person in a particular business or profession owes a duty to exercise the care that is usually exercised by persons of ordinary intelligence and prudence engaged in a like kind of business or profession.]

The making of a misrepresentation, even though made with an honest belief in its truth, is negligence if there was a lack of reasonable care in ascertaining the facts [or if it was made without the skill or competence required in a particular business or profession].

Fourth, (  plaintiff) believed the representation to be true and relied on the representation to (his) (her) damage. The question is whether the representation actually misled (  plaintiff) and materially affected (his) (her) conduct. In determining whether (  plaintiff) actually relied upon the representation, the test is whether (he) (she) would have

Wis JI-Civil 2403

acted in the absence of the representation. It is not necessary that you find that such reliance was the sole and only motive inducing (him) (her) to enter into the transaction. If the representation was relied upon and constitute a material inducement, that is sufficient.

If you are called upon to answer the question as to whether ( plaintiff) was negligent, then the question presented to you is whether ( plaintiff) failed to exercise that care and caution which a person of ordinary intelligence and prudence usually exercised in a like or similar situation. In other words, ( plaintiff) was negligent if (he) (she) failed to exercise that degree of care which the great mass of mankind ordinarily exercises under the same or similar circumstances to ascertain the truth or untruth of the representation. [You are cautioned that the definition of "negligence" is different than the instruction on reliance previously given to you. The test here is the effect of the representation upon a person of ordinary intelligence and prudence and not the test of how the representation affected ( plaintiff).]

The last question is the comparative negligence question. By your answer to this question you will determine how much or to what extent each party is to blame for the damages, if any, that ( plaintiff) suffered. You will weigh the respective contributions of these parties to such damages, if any, and considering the conduct of the parties named in the question, considered as a whole, determine whether one made the same or a larger contribution than the other, and, if so, to that extent it exceeds that of the other. ( Plaintiff) has the burden of proving the percentage attributable to ( defendant). ( Defendant) has the burden of proving the percentage attributable to ( plaintiff).

### SUGGESTED SPECIAL VERDICTS

Question 1: Did ( defendant) make the representation of fact as to _____? (State the ultimate facts alleged to be relied on.)

ANSWER: _____

Yes or No

Question 2: If you answered "yes" to question 1, then answer this question:

Was the representation untrue?

ANSWER: _____

Yes or No

Question 3: If you answered "yes" to both questions 1 and 2, then answer this question:

Was  (defendant) negligent in making the representation?

ANSWER: Yes or No

Question 4: If you answered "yes" to question 3, then answer this question:

Wis JI-Civil 2403

Did  (plaintiff) believe the representation to be true and rely on it?

ANSWER: Yes or No


Question 5: If you answered "yes" to question 4, then answer this question:

Was  (plaintiff) negligent in relying upon the representation?

ANSWER: Yes or No


Question 6: If you answered "yes" to both questions 3 and 5, then answer this question:

Assuming the total negligence which caused the injury to be 100%, what percentage of the negligence do you attribute to:

(a)  (Defendant)?

ANSWER: _____%

(b)  (Plaintiff)?

ANSWER: _____%

100%


Question 7: If you answered "yes" to question 4, then answer this question:

What sum of money will fairly and reasonably compensate  (plaintiff) for (his) (her) out–of–pocket loss?

ANSWER: $_____


**COMBINED VERDICT: DECEIT OR NEGLIGENCE**

Question 1: Did  (defendant) make an untrue representation of fact, knowing it was untrue, or recklessly without caring whether it was untrue, and with the intent to deceive and induce  (plaintiff) to act upon it?

ANSWER: Yes or No

Question 2: If you answered "yes" to question 1, then answer this question:

[In view of all of the evidence, including  (plaintiff)'s education, background, and right to rely without independent investigation,] Did  (plaintiff) believe the representation to be true and justifiably rely on it to (his) (her) financial damage?

ANSWER: Yes or No

Wis JI-Civil 2403

Question 3: If you answered "yes" to both questions 1 and 2, then answer this question:

What sum of money will fairly and reasonably compensate   (plaintiff) for (his) (her) financial damages?

ANSWER:  $

If you answered "no" to either or both questions 1 and 2, then answer the following questions:


Question 4: Did   (defendant) negligently make an untrue representation of fact to   (plaintiff)?

ANSWER: Yes or No


Question 5: If you answered "yes" to question 4, then answer this question:

Did   (plaintiff) believe the representation to be true and rely on it to (his) (her) financial damage?

ANSWER: Yes or No


Question 6: If you answered "yes" to questions 4 and 5, then answer this question:

Was   (plaintiff) negligent in relying upon the representation?

ANSWER: Yes or No


Question 7: If you answered "yes" to questions 4 and 6, then answer this question:

Assuming the total negligence which caused the injury to be 100%, what percentage of the negligence do you attribute to:

(a)  (Defendant)?

ANSWER: ____%

(b)  (Plaintiff)?

ANSWER: ___%

100%


Question 8: What sum of money would fairly and reasonably compensate   (plaintiff) for (his) (her) financial damage?

ANSWER: $_____


**COMBINED VERDICT: STRICT RESPONSIBILITY OR NEGLIGENCE**


**H-368**

Wis JI-Civil 2403

Question 1: Did   (defendant) make an untrue representation of fact as based on (his) (her) own personal knowledge, or in circumstances in which (he) (she) necessarily ought to have known the facts?

ANSWER: Yes or No

Question 2: If you answered "yes" to question 1, then answer this question:

[In view of all of the evidence, including   (plaintiff's) education, background, and right to rely without independent investigation,] Did   (plaintiff) believe the representation to be true and justifiably rely on it to (his) (her) financial damage?

ANSWER: Yes or No

Question 3: If you answered "yes" to questions 1 and 2, then answer this question:

What sum of money will fairly and reasonably compensate   (plaintiff) for (his) (her) financial damage?

ANSWER: $____

If you answered "no" to either or both questions 1 and 2, then answer the following questions:

Question 4: Did   (defendant) negligently make an untrue representation of fact to the   (plaintiff)?

ANSWER: Yes or No

Question 5: If you answered "yes" to question 4, then answer this question:

Did   (plaintiff) believe the representation to be true and rely on it to (his) (her) financial damage?

ANSWER: Yes or No

Question 6: If you answered "yes" to questions 4 and 5, then answer this question:

Was   (plaintiff) negligent in relying upon the representation?

ANSWER: Yes or No

Question 7: If you answered "yes" to questions 4 and 6, then answer this question:

Assuming the total negligence which caused the injury to be 100%, what percentage of the negligence do you attribute to:

(a)   (Defendant)?

ANSWER: ____%

Wis JI-Civil 2403

(b)   (Plaintiff)?

ANSWER: _____%

100%


Question 8: What sum of money would fairly and reasonably compensate   (plaintiff) for (his) (her) out–of–pocket

loss?

ANSWER: $___

## *Wis JI-Civil 3068*

*Wisconsin Civil Jury Instructions  >  CONTRACTS  >  General*

## JI-3068 VOIDABLE CONTRACTS: DURESS, FRAUD, MISREPRESENTATION

There must be full and free consent by the parties to the terms of a contract. If consent of a party is gained through duress, fraud, or misrepresentation, that party may either avoid or ratify the contract.

[Follow with instructions  *Wis JI-Civil 2400*  et seq. on misrepresentation.]

# WYOMING

### WJI Civil §§ 17.01, 17.02, 17.04, 17.05

17.01 Fraud/Intentional Misrepresentation - Elements

17.02 Measure of Damages - Fraud

17.04 Justifiable Reliance - Defined

17.05 Constructive Fraud - Defined

## 17.01. FRAUD/INTENTIONAL MISREPRESENTATION - ELEMENTS

The Plaintiff claims that the Defendant made a false representation which harmed [him, her, it]. To establish this claim, the Plaintiff must prove by clear and convincing evidence all of the following:

1. The Defendant made a false representation of a material fact;

2. The Defendant knew the representation was false when [she, he] made it or that the Defendant was at least aware that [he] [she] did not have a basis for making the statement;

3. The Defendant intended that the Plaintiff rely on the representation;

4. The Plaintiff reasonably believed the Defendant's representation was true;

5. The Plaintiff suffered damages relying on the Defendant's false representation.

## 17.02. MEASURE OF DAMAGES - FRAUD

Should you find in favor of the Plaintiff on the fraud claim, you may award damages directly caused by such fraud, to include:

1. [difference in value of what the Plaintiff received in the transaction and its purchase price or other value given; and]

2. any loss suffered [otherwise] as a consequence of the Plaintiff's reliance on the Defendant's false representations.

## § 17.04. JUSTIFIABLE RELIANCE - DEFINED

Note:

Use Note (2020):

The Wyoming Supreme Court has not defined justifiable or reasonable reliance in this context. The Wyoming Supreme Court has observed, however, that reliance can only be reasonable when the false representation occurs *prior to the execution of the contract* which is sought to be avoided or for which damages are sought to be recovered.

Authority:

* *Rogers v. Wright*, 2016 WY 10, 366 P.3d 1264 (Wyo. 2016)

* *Claman v. Popp*, 2012 WY 92, 279 P.3d 1003 (Wyo. 2012).

* *Restatement (Second) of Torts* § 552A.

§ 17.05. CONSTRUCTIVE FRAUD - DEFINED

Note:

Use Note (2020):

The Wyoming Supreme Court has not expressly adopted the theory of constructive fraud although it has discussed it in several cases. The following instruction appears to be an accurate reflection of the theory of constructive fraud:

"Constructive fraud" exists when the Defendant's conduct - including all acts, omissions, and concealments - breaches a legal or equitable duty, and results in damage to another. Constructive fraud exists where such conduct, although not actually fraudulent, ought to be so treated when it has the same consequences and legal effects.