# APPENDIX N

## STATE LAW PATTERN JURY INSTRUCTIONS – CONSUMER PROTECTION / CONSUMER FRAUD

## TABLE OF CONTENTS

| Jurisdiction[1] | Page | Title of Instructions |
|---|---|---|
| Alaska | N-1 | 10.01A - Elements of a Consumer Protection Act Claim under AS 45.50.531(a) Based on Unfair or Deceptive Acts<br>10.01B - Elements of a Consumer Protection Act Claim under AS 45.50.531(a) Based on a Provision of AS 43.40.471(b)<br>10.02 - "Trade or Commerce" Defined<br>10.03A - "Deceptive Act or Practice" Defined<br>10.03B - "Unfair Act or Practice" Defined<br>10.04 - "Ascertainable Loss" Defined<br>10.05 - Liability of Agents and Employees in Consumer Protection Cases |
| Arizona | N-9 | RAJI (CIVIL) 7th Commercial Torts 21, Consumer Fraud (Elements of Claim)<br>RAJI (CIVIL) 7th Commercial Torts 22, Consumer Fraud (Measure of Damages; Private Cause of Action n1) |
| Arkansas | N-12 | Civil AMI 2900. Issues - Claim for Damages Based on Deceptive Trade Practices<br>Civil AMI 2901. Definitions - Deceptive Trade Practices<br>Civil AMI 2902. Issues - Claim for Damages Based on Deceptive, Fraud, or False Pretense and Concealment, Suppression, or Omission of Material Facts in Sales Transaction<br>Civil AMI 2903. Issues - Imputed Liability - Deceptive Trade Practices |
| California | N-18 | CACI 4700. Consumers Legal Remedies Act—Essential Factual Elements<br>CACI 4701 Consumers Legal Remedies Act—Notice Requirement for Damages |

---

[1] Defendants were unable to locate any general civil pattern jury instructions for Louisiana, Puerto Rico and South Dakota, and were unable to locate any civil pattern jury instructions relating to consumer protection law claims for Alabama, Florida, Georgia, Idaho, Illinois, Kentucky, Louisiana, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Dakota, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Dakota, Utah, West Virginia, Wyoming.

| | | |
|---|---|---|
| | | CACI 4702 Consumers Legal Remedies Act—Statutory Damages—Senior or Disabled Plaintiff<br>CACI 4710 Consumers Legal Remedies Act—Affirmative Defense—Bona Fide Error and Correction |
| Colorado | N-23 | 29:1. Elements of Liability<br>29:2. Deceptive Trade Practices - Defined<br>29:3. False Representation/Misrepresentation - Defined<br>29:4. Significant Impact on the Public - Defined<br>29.6. Treble Damages |
| Connecticut | N-29 | 5.2-1 CUTPA. General<br>5.2-3 CUTPA. Unfair Trade Practice - "Cigarette Rule"<br>5.2-4 CUTPA. Offends Public Policy<br>5.2-5 CUTPA. Immoral, Unethical, Oppressive or Unscrupulous<br>5.2-6 CUTPA. Substantial Injury<br>5.2-7 CUTPA. Deceptive Act or Practice<br>5.2-8 CUTPA. Breach of Contract |
| Delaware | N-37 | 9.3. Seller's Duty to Warn—Consumer Goods<br>16.5. Negligent Misrepresentation—Consumer Fraud Act |
| District of Columbia | N-40 | 20.11. Consumer Procedures and Protection Act—Unlawful Practices—Misrepresentation |
| Hawaii | N-44 | Instruction No. 19.1. Elements<br>Instruction No. 19.2. Definition of Consumer<br>Instruction No. 19.3. Definition of Unfair Act or Practice<br>Instruction No. 19.4. Definition of Deceptive Act or Practice<br>Instruction No. 19.5. Definition of Trade or Commerce<br>Instruction No. 19.6. Damages<br>Instruction No. 19.7. No Punitive Damages or Damages for Non-Economic Loss<br>Instruction No. 19.8. Damages, Benefit of the Bargain |
| Indiana | N-53 | 3123 Unfair Competition—Definition<br>3125 Unfair Competition—Passing Off—Elements—Burden of Proof<br>3127 Unfair Competition—Predatory Pricing; Relevant Cost Standard<br>3129 Unfair Competition Based on Predatory Pricing—Elements—Burden of Proof |
| Iowa | N-58 | 3410.1 Unfair Competition - Essentials For Recovery<br>3410.2 Unfair Competition - Representation - Definition |
| Kansas | N-61 | 129.01A—Deceptive Acts or Practices - Consumer Not Misled<br>129.02—Misrepresentations<br>129.03—Willful Misrepresentation of a Material Fact |

| | | |
|---|---|---|
| | | 129.04—Willful Failure to State or Willful Concealment of a Material Fact<br>129.05—Falsely Disparaging Another's Property, Services or Business<br>129.06—Offering Property or Services for Sale Without Intent to Sell or Adequately Supply<br>129.07—False Representations |
| Maine | N-74 | § 7-32 Unfair or Deceptive Trade Practice. Instruction |
| Maryland | N-76 | 7:9 Private Cause of Action Created by Maryland Consumer Protection Act |
| Massachusetts | N-78 | 16.1. Introduction<br>16.2. Section 9 Plaintiff - Demand Letters - Section 9 Plaintiff<br>16.3. Conduct in Trade or Commerce<br>16.4.1. Unfair or Deceptive Acts—In General<br>16.4.2. Unfair or Deceptive Acts—Deceptive<br>16.4.3. Unfair or Deceptive Acts—Unfair<br>16.4.4. Unfair or Deceptive Acts—Conclusion (Section 9 and 11)<br>16.4.5. Unfair or Deceptive Acts—Unfair Insurance Claim Settlement Practices<br>16.5. Causation - General Charge<br>16.5.1. Causation - Section 9<br>16.5.2. Causation - Section 11<br>16.5.3. Section 9<br>16.5.4. Section 11<br>16.6.1. Damages - Overview<br>16.6.2. Damages - Section 9 Case<br>16.6.3. Damages - Section 11 Case<br>16.6.5. Unfair or Deceptive Acts - Multiple Damages<br>16.7.1. Plaintiff's Status<br>16.7.2. Attorney General's Regulations<br>16.7.3. Nondisclosure<br>16.7.4. "Willful" or "Knowing"<br>16.7.5. Willful or Knowing If Representations Are Involved<br>16.7.6. Willful or Knowing If Representations Are Not Involved<br>16.7.7. Willful or Knowing - Product Liability Cases<br>16.7.8. Defendant's Settlement Offer<br>16.7.9. Reasonableness<br>16.7.10. Defendant's Bad Faith Response to Plaintiff's Demand Letter - Section 9 Action<br>16.7.11. Nominal Damages - Section 9 Plaintiff<br>16.7.12. Multiple Damages<br>16.7.13. Primarily and Substantially in MA - Section 11 Actions |
| Michigan | N-117 | 113.01—Trade or Commerce; Prohibited Practices - Explanation |

| | | |
|---|---|---|
| | | 113.02—Unfair, Unconscionable, or Deceptive Methods, Acts or Practices<br>113.03—Trade or Commerce - Definition<br>113.04—Loss Definition |
| Minnesota | N-122 | CIVJIG 57.40. Consumer Fraud |
| Missouri | N-124 | 39.01. verdict Directing—Violation of Missouri Merchandising Practices Act |
| New Jersey | N-126 | NJ CV JI 4.43. Consumer Fraud Act |
| New York | N-133 | PJI 3:20.2. Intentional Torts—Fraud and Deceit-Fraudulent Omission |
| North Carolina | N-136 | 813.00. Trade Regulation—Preface<br>813.05. Model Unfair or Deceptive Trade Practice Charge<br>813.20. Trade Regulation—Violation—Issue of Contracts and Conspiracies in Restraint of Trade<br>813.21. Trade Regulation—Violation—Issue of Unfair Methods of Competition and Unfair or Deceptive Acts or Practices<br>813.62. Trade Regulation—Commerce—Unfair and Deceptive Methods of Competition and Unfair or Deceptive Acts or Practices<br>813.70. Trade Regulation—Proximate Cause—Issue of Proximate Cause<br>813.80. Trade Regulation—Damages—Issues of Damages |
| Oregon | N-152 | § 43.01. Unlawful Trade Practice—Elements<br>§ 43.02. Unlawful Trade Practices Act—Damages (Ascertainable Loss) |
| South Carolina | N-155 | § 34-1 UTPA—Elements<br>§ 34-2 UTPA—When Act or Practice is Unfair<br>§ 34-3 UTPA—Capacity to Deceive<br>§ 34-4 UTPA—Distinguished From Ordinary Breach of Contract Claim<br>§ 34-5 UTPA—Public Interest Requirement<br>§ 34-6 UTPA—Puffing Defined<br>§ 34-7 UTPA—Sales Puffing<br>§ 34-8 UTPA—Single Transaction<br>§ 34-9 UTPA—Actual Damages<br>§ 34-10 UTPA—Treble Damages and Reasonable Attorney's Fees |
| Tennessee | N-167 | § 11.45. Consumer Protection Law (Consumer Protection Act of 1977)—Actual Damages<br>§ 11.46. Consumer Protection Act—Treble Damages |

iv

| | | |
|---|---|---|
| | | § 11.47. Consumer Protection Claim Brought with a Separate Claim for Punitive Damages under Another Theory |
| Texas | N-171 | 115.9—Question and Instruction on Deceptive Trade Practice Damages |
| Vermont | N-173 | § 8.0. Consumer Fraud: General Charge<br>§ 8.1. Jury not Bound by Either Party's Characterization of His/Her Acts or Statements<br>§ 8.2. Damages--Consumer Fraud<br>§ 8.3. Exemplary Damages--Civil Penalty |
| Virginia | N-178 | Instruction No. 39.070. Burden of Proof on Common Law Fraud: Clear and Convincing<br>Instruction No. 40.400. False Advertising (Va. Code Ann. § 18.2-216): Issues |
| Washington | N-181 | WPI 310.01. Elements of a Violation of the Consumer Protection Act<br>WPI 310.02. Reasonableness Defense to Consumer Protection Act Claim<br><br>WPI 310.03. Per se Violation of the Consumer Protection Act<br>WPI 310.04. Public Interest Element<br>WPI 310.06. Injury in Consumer Protection Act Claim<br>WPI 310.07. Causation in Consumer Protection Act Claim<br>WPI 310.08. Definition—Unfair or Deceptive Act or Practice<br>WPI 310.09. Definition—Trade or Commerce |
| Wisconsin | N-190 | JI-2400 Unfair Trade Practice: Untrue, Deceptive, or Misleading Representation |

# ALASKA

Alaska Civil Pattern Jury Instructions §§ 10.00A-10.05

10.01A - Elements of a Consumer Protection Act Claim under AS 45.50.531(a) Based on Unfair or Deceptive Acts

10.01B - Elements of a Consumer Protection Act Claim under AS 45.50.531(a) Based on a Provision of AS 43.40.471(b)

10.02 - "Trade or Commerce" Defined

10.03A - "Deceptive Act or Practice" Defined

10.03B - "Unfair Act or Practice" Defined

10.04 - "Ascertainable Loss" Defined

10.05 - Liability of Agents and Employees in Consumer Protection Cases

## Alaska Civil Pattern Jury Instructions 10.01A

*Alaska Civil Pattern Jury Instructions  >  Article 10 Consumer Protection Act*

# § 10.01A ELEMENTS OF A CONSUMER PROTECTION ACT CLAIM UNDER AS 45.50.531(a) BASED ON UNFAIR OR DECEPTIVE ACTS (AS 45.50.471(a))

[Plaintiff] claims that [he][she][it] was harmed because [defendant] committed an unfair or deceptive act or practice. [Plaintiff] claims that the following acts or practices were unfair or deceptive:

a.

b.

c.

In order to find in favor of [plaintiff] on this claim, you must find that it is more likely true than not true that:

(1) [defendant] engaged in an unfair or deceptive act or practice;

(2) the unfair or deceptive act or practice occurred in [defendant's] conduct of trade or commerce; and

(3) [plaintiff] suffered an ascertainable loss of money or property as a result of the unfair or deceptive act or practice.

The instructions that follow will explain how to make these determinations.

## Alaska Civil Pattern Jury Instructions 10.01B

*Alaska Civil Pattern Jury Instructions  >  Article 10 Consumer Protection Act*

# § 10.01B ELEMENTS OF A CONSUMER PROTECTION ACT CLAIM UNDER AS 45.50.531(a) BASED ON A PROVISION OF AS 45.50.471(b)

[Plaintiff] claims that [he][she][it] was harmed because [defendant] [describe alleged violation of specific provision(s) in AS 45.50.471(b)]. In order to find in favor of [plaintiff] on this claim, you must find that it is more likely true than not true that:

(1) [defendant] [insert elements of specific AS 45.50.471(b) provision at issue];

(2) the [insert alleged violation of AS 45.50.471(b)] occurred in [defendant's] conduct of trade or commerce; and

(3) [plaintiff] suffered an ascertainable loss of money or property as a result of [insert alleged violation of AS 45.50.471(b)].

## Alaska Civil Pattern Jury Instructions 10.02

*Alaska Civil Pattern Jury Instructions > Article 10 Consumer Protection Act*

## § 10.02 "TRADE OR COMMERCE" DEFINED

Trade or commerce means advertising, offering for sale, selling, renting, leasing, or distributing any services, goods, property, or any other thing of value. Trade or commerce includes transactions between businesses and transactions with individual customers or consumers. [Trade or commerce also includes the solicitation of donations or contributions of money or property.]

# Alaska Civil Pattern Jury Instructions 10.03A

*Alaska Civil Pattern Jury Instructions > Article 10 Consumer Protection Act*

## § 10.03A "DECEPTIVE ACT OR PRACTICE" DEFINED

An act or practice is deceptive if it has the capacity or tendency to deceive. Plaintiff] is not required to show that [defendant] intended to deceive anyone.

# Alaska Civil Pattern Jury Instructions 10.03B

*Alaska Civil Pattern Jury Instructions  >  Article 10 Consumer Protection Act*

# § 10.03B "UNFAIR ACT OR PRACTICE" DEFINED

In deciding whether an act or practice is unfair, you should consider the following factors:

(1) whether the act or practice offends public policy, that is, whether it falls within some existing concept of unfairness that society has established through law or otherwise;

(2) whether the act or practice is immoral, unethical, oppressive, or unscrupulous; or

(3) whether the act or practice causes substantial injury to [consumers or competitors or businesses]. "Substantial injury" is injury that is not trivial or speculative.

Unfairness may be found because of the degree to which the act or practice meets one or more of these factors. An act or practice may be unfair even though it is not deceptive.

## Alaska Civil Pattern Jury Instructions 10.04

*Alaska Civil Pattern Jury Instructions  >  Article 10 Consumer Protection Act*

## § 10.04 "ASCERTAINABLE LOSS" DEFINED

[Plaintiff] suffered an ascertainable loss of money or property if [he] [she] [it] received something other than what [he] [she] [it] bargained for. [[Plaintiff's] loss must be measurable even if the precise amount of the loss is not known.

Alaska Civil Pattern Jury Instructions 10.05

*Alaska Civil Pattern Jury Instructions  >  Article 10 Consumer Protection Act*

# § 10.05 LIABILITY OF AGENTS AND EMPLOYEES IN CONSUMER PROTECTION CASES

[Individual defendant] claims that [he][she] cannot be held liable for committing an unfair or deceptive act or practice because [he][she] was acting on behalf of [his][her] employer. [Individual defendant] is personally liable for [plaintiff's] damages if you find that it is more likely true than not true that [he][she] participated in or had the authority to control the unfair or deceptive act or practice; and (2) had some knowledge that the act or practice was unfair or deceptive.

# ARIZONA

RAJI (CIVIL) 7th Commercial Torts, Chapters 21, 22

RAJI (CIVIL) 7th Commercial Torts 21, Consumer Fraud (Elements of Claim)

RAJI (CIVIL) 7th Commercial Torts 22, Consumer Fraud (Measure of Damages; Private Cause of Action n1)

*RAJI (CIVIL) 7th Commercial Torts 21*

*Arizona Jury Instructions - Civil > COMMERCIAL TORTS INSTRUCTIONS*

## COMMERCIAL TORTS 21 Consumer Fraud (Elements of Claim)

[ *Name of plaintiff*] claims that [ *name of defendant*] committed consumer fraud. On this claim, [ *name of plaintiff*] must prove:

1(a). [ *Name of defendant*] [used deception,] [used a deceptive or unfair act or practice,] [used fraud,] [used false pretense,] [made a false promise,] [made a misrepresentation]; [and/or]

1(b). [ *Name of defendant*] [concealed, suppressed, or omitted a material fact]; and in the case of a [concealment, suppression, or omission] intended that others rely on the [concealment, suppression, or omission];

2. in connection with the sale or advertisement of merchandise; and

3. [ *Name of plaintiff*] suffered damages as result of reliance on [ *name of defendant*]'s [deception,] [deceptive or unfair act or practice,] [fraud,] [false pretense,] [false promise,] [misrepresentation,] [concealment, suppression, or omission of a material fact]; and

4. [ *Name of plaintiff*]'s damages.

*RAJI (CIVIL) 7th Commercial Torts 22*

*Arizona Jury Instructions - Civil  >  COMMERCIAL TORTS INSTRUCTIONS*

## COMMERCIAL TORTS 22 Consumer Fraud (Measure of Damages; Private Cause of Action [1])

If you find that [ *name of defendant*] is liable to [ *name of plaintiff*] [on the consumer fraud claim], [2]you must then decide the full amount of money that will reasonably and fairly compensate [ *name of plaintiff*] for damages [3]proved by the evidence to have resulted from [ *name of defendant*]'s [deception,] [deceptive or unfair act or practice,] [fraud,] [false pretense,] [false promise,] [misrepresentation,] [concealment, suppression, or omission of a material fact]. [4]

---

[1]    This instruction does not apply to actions brought by the Attorney General.    *Dunlap v. Jimmy GMC of Tucson, Inc., 136 Ariz. 338 (App. 1983)*. The remedies available to the Attorney General are set forth in A.R.S. §§ 44-1528, 44-1531, and 44-1534.

[2]    Use the bracketed phrase if the case includes claims in addition to the consumer fraud claim.

[3]    Plaintiff is entitled to recovery of "actual damages," which includes consideration paid in the contract and out-of-pocket expenses.    *Holeman v. Neils, 803 F. Supp. 237 (D. Ariz. 1992)* (citing    *Parks v. Macro-Dynamics, Inc., 121 Ariz. 517, 521 (App. 1979)*.

[4]    Use the applicable bracketed words or phrases.

# ARKANSAS

Arkansas Model Jury Instructions - Civil (AMI) 2900-2903

Civil AMI 2900. Issues - Claim for Damages Based on Deceptive Trade Practices

Civil AMI 2901. Definitions - Deceptive Trade Practices

Civil AMI 2902. Issues - Claim for Damages Based on Deceptive, Fraud, or False Pretense and Concealment, Suppression, or Omission of Material Facts in Sales Transaction

Civil AMI 2903. Issues - Imputed Liability - Deceptive Trade Practices

# Arkansas Model Jury Instructions - Civil (AMI) 2900

*Arkansas Model Jury Instructions - Civil* > *CHAPTER 29 DECEPTIVE TRADE PRACTICES*

# AMI 2900 ISSUES—CLAIM FOR DAMAGES BASED ON DECEPTIVE TRADE PRACTICES

[Plaintiff]  claims damages from [defendant]   and has the burden of proving each of three essential propositions:

First, that  *(he) (she)* has sustained actual financial loss;

Second, that [defendant]

[knowingly made a false representation as to (the characteristics, ingredients, uses, benefits, alteration, source, sponsorship, approval, or certification of goods or services) (or) (whether goods are original or new, or of a particular standard, quality, grade, style, or model);] [or]

[disparaged the goods, services, or business of [plaintiff]   by a false or misleading representation of fact;] [or] [advertised goods or services with the intent not to sell them as advertised;] [or]

[refused (to provide requested relevant information to [plaintiff]   about) (or) (to deliver to [plaintiff])   the record of warranty and statement of service availability included in the original container of an electronic or mechanical product;] [or] [used bait-and-switch advertising;] [or]

[knowingly failed to inform [plaintiff]   that goods were damaged by flood, water, fire, or accident;] [or]

[made a false representation to [plaintiff]   that contributions solicited for charitable purposes would be spent in a specific manner or for specific purposes;] [or]

[knowingly took advantage of [plaintiff],   who was reason ably unable to protect   *(his)her* interest because of physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement, or a similar reason;] [or]

[offered a trust document for sale, assembly, or drafting;] [or]

[displayed or caused to be displayed a fictitious or misleading name or telephone number on an Arkansas resident's telephone caller identification service;] [or]

[engaged in an unconscionable, false, or deceptive act or practice in business, commerce, or trade;] and

Arkansas Model Jury Instructions - Civil (AMI) 2900

Third, that  *[his or her]* actual financial loss was proximately caused by his or her reliance on the defendant's conduct described above.

[If you find from the evidence in this case that each of these propositions has been provided, then your verdict should be for [plaintiff];   but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for [defendant].]

Arkansas Model Jury Instructions - Civil (AMI) 2901

*Arkansas Model Jury Instructions - Civil* > *CHAPTER 29 DECEPTIVE TRADE PRACTICES*

# AMI 2901 DEFINITIONS—DECEPTIVE TRADE PRACTICES

When I use the word "contribution" in these instructions, I mean the promise or grant of any money or property of any kind or value.

When I use the word "person" in these instructions, I mean an individual, organization, group, association, partnership, corporation, or any combination of them.

When I use the word "solicitation" in these instructions, I mean each request for a contribution.

When I use the word "goods" in these instructions, I mean any tangible property, coupons, or certificates, whether bought or leased.

When I use the word "services" in these instructions, I mean work, labor, or other things purchased that do not have physical characteristics.

When I use the words "bait-and-switch advertising" in these instructions, I mean advertising consisting of an attractive but insincere offer to sell a product or service that the seller in truth does not intend or desire to sell, evidenced by refusal to show or disparagement of the advertised product, the requirement of a tie-in sale or other undisclosed conditions precedent to the purchase, demonstrating a defective product, or other acts demonstrating an intent not to sell the advertised product or services.

When I use the words "actual financial loss" in these instructions, I mean an ascertainable amount of money that is equal to the difference between the amount paid by a person for goods or services and the actual market value of the goods or services provided to a person.

## Arkansas Model Jury Instructions - Civil (AMI) 2902

*Arkansas Model Jury Instructions - Civil* > *CHAPTER 29 DECEPTIVE TRADE PRACTICES*

# AMI 2902 ISSUES—CLAIM FOR DAMAGES BASED ON DECEPTION, FRAUD, OR FALSE PRETENSE AND CONCEALMENT, SUPPRESSION, OR OMISSION OF MATERIAL FACTS IN SALES TRANSACTION

[Plaintiff]   claims damages from [defendant]   and has the burden of proving each of three   *[four]* essential propositions:

First, that   *(he) (she)* has sustained actual financial loss;

Second, that [defendant]   *(used a deception, fraud, or false pretense) (or) (concealed, suppressed, or omitted a material fact)* in connection with the sale or advertisement of goods, services, or a charitable solicitation;   *(and)*

[Third, that [defendant]   intended that others rely upon the concealment, suppression, or omission; and]

*[Third] [Fourth]*, that   *[his or her]s* actual financial loss was proximately caused by his or her reliance on the defendant's conduct described above.

[If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for [plaintiff];   but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for [defendant].]

## Arkansas Model Jury Instructions - Civil (AMI) 2903

*Arkansas Model Jury Instructions - Civil  >  CHAPTER 29 DECEPTIVE TRADE PRACTICES*

## AMI 2903 ISSUES—IMPUTED LIABILITY—DECEPTIVE TRADE PRACTICES

(Plaintiff)   *[also]* seeks damages from (defendant),   **and has the burden of proving the following three essential propositions**:

**First, that all the essential propositions exist**   *[for a verdict against] [to prove a deceptive trade practice by]* (person committing deceptive trade practice);

**Second, that** (defendant)     *[directly or indirectly controlled] [or] [was a (partner), (officer), (or) (director) of]* (person committing deceptive trade practice);   **and**

**Third, that** (defendant)   **knew or reasonably should have known of the existence of the facts by reason of which** (person committing deceptive trade practice)   **'s** *[liability] [deceptive trade practice]* **exists**.

**[If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for** (plaintiff);   **but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for** (defendant).]

# CALIFORNIA

6 California Forms of Jury Instruction 4700-4710 (2022)

CACI 4700. Consumers Legal Remedies Act—Essential Factual Elements

CACI 4701 Consumers Legal Remedies Act—Notice Requirement for Damages

CACI 4702 Consumers Legal Remedies Act—Statutory Damages—Senior or Disabled Plaintiff

CACI 4710 Consumers Legal Remedies Act—Affirmative Defense—Bona Fide Error and Correction

*6 California Forms of Jury Instruction 4700*

*California Forms of Jury Instruction  >  CHAPTER 47 California Judicial Council Consumers Legal Remedies Act Instructions*

# 4700 Consumers Legal Remedies Act—Essential Factual Elements (Civ. Code, §1770)

[*Name of plaintiff*] claims that [*name of defendant*] engaged in unfair methods of competition and unfair or deceptive acts or practices in a transaction that resulted, or was intended to result, in the sale or lease of goods or services to a consumer, and that [*name of plaintiff*] was harmed by [*name of defendant*]'s violation. To establish this claim, [*name of plaintiff*] must prove all of the following:

1. That [*name of plaintiff*] acquired, or sought to acquire, by purchase or lease, [*specify product or service*] for personal, family, or household purposes;

2. That [*name of defendant*] [*specify one or more prohibited practices from* Civ. Code, §1770(a), *e.g., represented that [product or service] had characteristics, uses, or benefits that it did not have*];

3. That [*name of plaintiff*] was harmed; and

4. That [*name of plaintiff*]'s harm resulted from [*name of defendant*]'s conduct.

[[*Name of plaintiff*]'s harm resulted from [*name of defendant*]'s conduct if [*name of plaintiff*] relied on [*name of defendant*]'s representation. To prove reliance, [*name of plaintiff*] need only prove that the representation was a substantial factor in [his/her/*nonbinary pronoun*] decision. [He/She/*Nonbinary pronoun*] does not need to prove that it was the primary factor or the only factor in the decision.

If [*name of defendant*]'s representation of fact was material, reliance may be inferred. A fact is material if a reasonable consumer would consider it important in deciding whether to buy or lease the [goods/services].]

*6 California Forms of Jury Instruction 4701*

*California Forms of Jury Instruction  >  CHAPTER 47 California Judicial Council Consumers Legal Remedies Act Instructions*

## 4701 Consumers Legal Remedies Act—Notice Requirement for Damages (Civ. Code, § 1782)

To recover actual damages in this case, [*name of plaintiff*] must prove that, 30 days or more before filing a claim for damages, [he/she/*nonbinary pronoun*] gave notice to [*name of defendant*] that did all of the following:

1. Informed [*name of defendant*] of the particular violations for which the lawsuit was brought;

2. Demanded that [*name of defendant*] correct, repair, replace, or otherwise fix the problem with [*specify product or service*]; and

3. Provided the notice to the defendants in writing and by certified or registered mail, return receipt requested, to the place where the transaction occurred or to [*name of defendant*]'s principal place of business within California.

[*Name of plaintiff*] must have complied exactly with these notice requirements and procedures.

*6 California Forms of Jury Instruction 4702*

*California Forms of Jury Instruction  >  CHAPTER 47 California Judicial Council Consumers Legal Remedies Act Instructions*

## 4702 Consumers Legal Remedies Act—Statutory Damages—Senior or Disabled Plaintiff (Civ. Code, § 1780(b))

If you decide that [*name of plaintiff*] has proven [his/her/*nonbinary pronoun*] claim against [*name of defendant*], in addition to any actual damages that you award, you may award [*name of plaintiff*] additional damages up to $5,000 if you find all of the following:

1. That [*name of plaintiff*] has suffered substantial physical, emotional, or economic damage because of [*name of defendant*]'s conduct;

2. One or more of the following factors:

   (a) [*Name of defendant*] knew or should have known that [his/her/*nonbinary pronoun*/its] conduct was directed to one or more senior citizens or disabled persons;

   (b) [*Name of defendant*]'s conduct caused one or more senior citizens or disabled persons to suffer:

      (1) loss or encumbrance of a primary residence, principal employment, or source of income;

      (2) substantial loss of property set aside for retirement, or for personal or family care and maintenance; or

      (3) substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person;

      or

   (c) One or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to [*name of defendant*]'s conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct;

   and

3. That an additional award is appropriate.

*6 California Forms of Jury Instruction 4710*

*California Forms of Jury Instruction  >  CHAPTER 47 California Judicial Council Consumers Legal Remedies Act Instructions*

## 4710 Consumers Legal Remedies Act—Affirmative Defense—Bona Fide Error and Correction (Civ. Code, §1784)

[*Name of defendant*] is not responsible for damages to [*name of plaintiff*] if [*name of defendant*] proves both of the following:

1. The violation[s] alleged by [*name of plaintiff*] [was/were] not intentional and resulted from a bona fide error even though [*name of defendant*] used reasonable procedures adopted to avoid any such error; and

2. Within 30 days of receiving [*name of plaintiff*]'s notice of violation, [*name of defendant*] made, or agreed to make within a reasonable time, an appropriate correction, repair, replacement, or other remedy of the [*specify product or service*].

# COLORADO

### CJI-Civ 29:1-29:4, 29:6

29:1. Elements of Liability

29:2. Deceptive Trade Practices - Defined

29:3. False Representation/Misrepresentation - Defined

29:4. Significant Impact on the Public - Defined

29.6. Trebel Damages

CJI-Civ 29:1

*Colorado Jury Instructions for Civil Trials* > *CHAPTER 29. THE COLORADO CONSUMER PROTECTION ACT*

# 29:1 ELEMENTS OF LIABILITY

For plaintiff, *(name)*, to recover from defendant, *(name)*, on the claim that defendant violated the Colorado Consumer Protection Act, you must find that all of the following have been proved by a preponderance of the evidence:

1. The defendant (engaged in) (or) (caused another to engage in) a deceptive trade practice;

2. The deceptive trade practice occurred in the course of defendant's (business) (vocation) (occupation);

3. The deceptive trade practice significantly impacted the public as actual or potential consumers of the defendant's (goods) (services) (or) (property);

4. The plaintiff (was an actual or potential consumer of the defendant's [goods] [services] or [property]) (or) (was injured in the course of [his] [her] [its] business or occupation as a result of the deceptive trade practice); and

5. The deceptive trade practice caused actual damages or losses to the plaintiff.

If you find that any one of these statements has not been proved, then your verdict on this claim must be for the defendant.

On the other hand, if you find that all of these *(number)* statements have been proved, (then your verdict must be for the plaintiff) (then you must consider defendant's affirmative defense of *[insert any affirmative defense that would be a complete defense to plaintiff's claim]*).

If you find that defendant's affirmative defense has been proved by a preponderance of the evidence, then your verdict must be for the defendant.

However, if you find that the affirmative defense has not been proved, then your verdict must be for the plaintiff.

CJI-Civ 29:2

*Colorado Jury Instructions for Civil Trials* > *CHAPTER 29. THE COLORADO CONSUMER PROTECTION ACT*

## 29:2 DECEPTIVE TRADE PRACTICES -- DEFINED

A defendant engages in a deceptive trade practice if, in the course of (his) (her) (its) (business) (trade) (occupation), the defendant:

*(Insert, using separately numbered paragraphs for each, a suitable description of any relevant deceptive trade practice(s) of which there is sufficient evidence. Additional instructions may need to be given to fully define the deceptive trade practice(s) alleged.)*

## *CJI-Civ 29:3*

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 29. THE COLORADO CONSUMER PROTECTION ACT*

## 29:3 FALSE REPRESENTATION/MISREPRESENTATION -- DEFINED

A "misrepresentation" or "false representation" is a false statement that (induces the person to whom it is made to act or to refrain from acting) (has the capacity or tendency to attract consumers) (has the capacity to deceive the recipient even if it did not).

Notes on Use

This instruction should be given when the CCPA claim uses the words "misrepresentation" or "false representation." *§ 6-1-105(1), C.R.S.*

CJI-Civ 29:4

*Colorado Jury Instructions for Civil Trials* > *CHAPTER 29. THE COLORADO CONSUMER PROTECTION ACT*

## 29:4 SIGNIFICANT IMPACT ON THE PUBLIC -- DEFINED

In determining whether the challenged trade practice(s) significantly impacted the public as actual or potential consumers of the defendant's (goods), (services), or (property), you shall consider all of the following:

1. The number of consumers directly affected by the challenged trade practice(s); (and)

2. The relative sophistication of the consumers directly affected by the challenged trade practice(s); (and)

3. The bargaining power of the consumers directly affected by the challenged trade practice(s); (and)

4. Evidence that the challenged trade practice(s) (has) (have) previously impacted other consumers; (and)

5. Evidence that the challenged trade practice(s) (has) (have) a significant potential to impact other consumers in the future(.) (; and)

(6. *Include any other factors the court has determined are relevant in determining significant public impact*.)

CJI-Civ 29:6

*Colorado Jury Instructions for Civil Trials  >  CHAPTER 29. THE COLORADO CONSUMER PROTECTION ACT*

## 29:6 TREBLE DAMAGES

If you find in favor of plaintiff and award (him) (her) (it) actual damages on (his) (her) (its) claim of violation of the Colorado Consumer Protection Act, then you must consider whether the plaintiff has proved by clear and convincing evidence that the defendant engaged in bad faith conduct.

"Bad faith conduct" means fraudulent, willful, knowing, or intentional conduct that causes (injuries) (damages) (or) (losses).

A fact has been proved by "clear and convincing evidence" if, considering all evidence, you find it to be highly probable and you have no serious or substantial doubt.

# CONNECTICUT

Connecticut Judicial Branch Civil Jury Instructions §§ 5.2-1 to 5.2-8

5.2-1 CUTPA. General

5.2-3 CUTPA. Unfair Trade Practice - "Cigarette Rule"

5.2-4 CUTPA. Offends Public Policy

5.2-5 CUTPA. Immoral, Unethical, Oppressive or Unscrupulous

5.2-6 CUTPA. Substantial Injury

5.2-7 CUTPA. Deceptive Act or Practice

5.2-8 CUTPA. Breach of Contract

## Connecticut Judicial Branch Civil Jury Instructions § 5.2-1

*Connecticut Judicial Branch Jury Instructions - Civil  >  PART 5: MISCELLANEOUS ACTIONS  >  5.2
CONNECTICUT UNFAIR TRADE PRACTICES ACT*

## 5.2-1 CUTPA - General [SN]

The plaintiff claims that the defendant violated the Connecticut Unfair Trade Practices Act, a Connecticut law,
commonly known as CUTPA. The plaintiff must prove this claim by a preponderance of the evidence. The plaintiff
must prove that the defendant engaged in an unfair method of competition or an unfair or deceptive act or practice
in the conduct of trade or commerce and that this caused the plaintiff to sustain an ascertainable loss.

---

[SN] Revised to January 1, 2008

*Connecticut Judicial Branch Civil Jury Instructions § 5.2-3*

*Connecticut Judicial Branch Jury Instructions - Civil  >  PART 5: MISCELLANEOUS ACTIONS  >  5.2 CONNECTICUT UNFAIR TRADE PRACTICES ACT*

# 5.2-3 CUTPA - Unfair Trade Practice - "Cigarette Rule" [SN]

The plaintiff claims that the defendant's *<insert conduct>* constituted an unfair trade practice that violates CUTPA. Certain guidelines have been established as to what constitutes an unfair trade practice. The plaintiff must establish that the defendant's *<insert conduct>* meets at least one of the three following criteria:

   1)  it offends public policy as it has been established by statutes, the common law or other established concept of unfairness; or

   2)  it is immoral, unethical, oppressive or unscrupulous; or

   3)  it causes substantial injury to consumers, competitors or other business persons.

 I will now give additional instructions on these criteria.

---

[SN] Revised to January 1, 2008

## *Connecticut Judicial Branch Civil Jury Instructions § 5.2-4*

*Connecticut Judicial Branch Jury Instructions - Civil  >  PART 5: MISCELLANEOUS ACTIONS  >  5.2 CONNECTICUT UNFAIR TRADE PRACTICES ACT*

# 5.2-4 CUTPA - Offends Public Policy <sup>SN</sup>

The plaintiff asserts that the defendant's *<insert conduct>* constituted an unfair trade practice because it "offends public policy." The public policy of the State of Connecticut is *< describe policy>*. You must decide whether the defendant's conduct offended that public policy.

[*< If violation of a statute is claimed:>* Violation of a statute does not automatically result in a CUTPA violation. Therefore, even if you find that the defendant violated a statute, you must still decide whether the plaintiff has proved that the defendant's statutory violation "offends public policy."]

---

<sup>SN</sup> Revised to January 1, 2008

## *Connecticut Judicial Branch Civil Jury Instructions § 5.2-5*

*Connecticut Judicial Branch Jury Instructions - Civil  > PART 5: MISCELLANEOUS ACTIONS  > 5.2 CONNECTICUT UNFAIR TRADE PRACTICES ACT*

## 5.2-5 CUTPA - Immoral, Unethical, Oppressive or Unscrupulous [SN]

The plaintiff asserts that the defendant's *<describe conduct>* constituted an unfair trade practice because it was "immoral, unethical, oppressive or unscrupulous." You need to determine whether the defendant's conduct was "immoral, unethical, oppressive or unscrupulous."

[SN] Revised to January 1, 2008

## *Connecticut Judicial Branch Civil Jury Instructions § 5.2-6*

*Connecticut Judicial Branch Jury Instructions - Civil  > PART 5: MISCELLANEOUS ACTIONS > 5.2 CONNECTICUT UNFAIR TRADE PRACTICES ACT*

## 5.2-6 CUTPA - Substantial Injury [SN]

The plaintiff asserts that the defendant committed an unfair trade practice because there was "substantial injury to consumers, competitors or other business persons." The plaintiff must prove that the defendant's conduct, *<describe conduct>*, caused an injury that is: 1) substantial; 2) not outweighed by countervailing benefits to consumers or competition; and 3) that the consumers or competitors could not reasonably have avoided. The plaintiff must prove all three of these elements.

---

[SN] Revised to January 1, 2008

## *Connecticut Judicial Branch Civil Jury Instructions § 5.2-7*

*Connecticut Judicial Branch Jury Instructions - Civil  >  PART 5: MISCELLANEOUS ACTIONS  >  5.2
CONNECTICUT UNFAIR TRADE PRACTICES ACT*

# 5.2-7 CUTPA - Deceptive Act or Practice <sup>SN</sup>

The plaintiff claims that the defendant's *<describe conduct>* was deceptive and that it therefore violated CUTPA.
The plaintiff must prove three requirements. First, there must be a representation, omission, or other practice likely
to mislead consumers. The plaintiff does not have to prove that the defendant intended to deceive those customers
or that the defendant knew that his statement or act was false. Second, the consumers must interpret the message
reasonably under the circumstances. Third, the misleading representation, omission, or practice must be material --
that is, likely to affect consumer decisions or conduct.

<sup>SN</sup> Revised to January 1, 2008

## Connecticut Judicial Branch Civil Jury Instructions § 5.2-8

*Connecticut Judicial Branch Jury Instructions - Civil* > *PART 5: MISCELLANEOUS ACTIONS* > *5.2 CONNECTICUT UNFAIR TRADE PRACTICES ACT*

# 5.2-8 CUTPA - Breach of Contract [SN]

The plaintiff claims that the defendant breached a contract by *<specify details>* and that this breach violated CUTPA. A simple breach of contract does not violate CUTPA unless the breach was an unfair trade practice or deceptive act or practice as defined in these instructions. Under certain circumstances, parties may breach contracts without offending traditional notions of fairness. However, under other circumstances, a breach of contract may be so unfair or offensive as to constitute a violation of CUTPA. The plaintiff must prove that the contract was breached and that the breach meets the requirements for unfair trade practices or deceptive acts or practices as defined in these instructions.

---

[SN] Revised to January 1, 2008

# DELAWARE

Del. P.J.I. Civ. §§ 9.3, 16.5

9.3. Seller's Duty to Warn—Consumer Goods

16.5.  Negligent Misrepresentation—Consumer Fraud Act

# Del. P.J.I. Civ. § 9.3

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 9 PRODUCTS LIABILITY*

## § 9.3 MANUFACTURER / SELLER'S DUTY TO WARN -- CONSUMER GOODS

**MANUFACTURER / SELLER OF CONSUMER GOODS -- DUTY TO WARN**

A [__manufacturer / seller__] must warn about the risks of its product when it knows, or should know, that the product involves a risk of harm when used for the purpose supplied. The standard for determining the manufacturer's duty to warn is whatever a reasonably prudent manufacturer engaged in the same activity would have done. The duty extends not only to the immediate purchaser but also to anyone else who might ordinarily have a risk of harm.

This duty to warn exists only when the [__manufacturer / seller__] has reason to believe that the product's users are not aware of the risk of harm. There is no duty to warn when the user has actual knowledge of the danger. A manufacturer is not required to warn of obvious risks that are generally known and recognized.

# Del. P.J.I. Civ. § 16.5

*Delaware Pattern Jury Instructions - Civil  >  CHAPTER 16 FRAUD AND DECEIT*

# § 16.5 NEGLIGENT MISREPRESENTATION - CONSUMER FRAUD ACT

**NEGLIGENT MISREPRESENTATION - CONSUMER FRAUD ACT**

Under the Delaware Consumer Fraud Act, if a person makes a false representation or conceals an important fact from another in connection with the advertising or sale of any merchandise, and intends that the other person will rely on it, the person making the false representation may be liable. This is so even if the person making the representation was unaware that it was false or that an important fact had been concealed. This is known as negligent misrepresentation.

If you find that [*defendant's name*] falsely represented that [__describe alleged misrepresentation or concealment__] and intended that [*plaintiff's name*] would rely on this representation, then [*defendant's name*] is liable for negligent misrepresentation.

# DISTRICT OF COLUMBIA

1 Civil Jury Instructions for DC § 20.11 (2021)

20.11. Consumer Procedures and Protection Act—Unlawful Practices—Misrepresentation

## 1 Civil Jury Instructions for DC § 20.11

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 20 FRAUD AND MISREPRESENTATION*

# §20.11 CONSUMER PROCEDURES AND PROTECTION ACT—UNLAWFUL PRACTICES—MISREPRESENTATION

[1] Instruction 20-11 (Proposed)

Consumer Protection Act—Misrepresentation (D.C. Std. Civ. Jury Instr. No. 20-11)

The District of Columbia Consumer Procedures and Protection Act makes it unlawful to commit certain unfair or deceptive practices in dealings with consumers. The plaintiff [name] has alleged that the defendant [name] has violated that law by engaging in an unfair or deceptive act or practice, and that by doing so violated [the rights of [the plaintiff] [name]] or caused [the plaintiff] [name] to incur damages.

[*Liability Determination*]

In this case, [the plaintiff] [name] contends the following act or practice was unfair or deceptive:

[(set forth the alleged violation's facts)]

You must evaluate whether the alleged act or practice was unfair or deceptive from the viewpoint of a reasonable consumer.

You must find in favor of [the plaintiff] [name] concerning that allegation if you find three elements to be true by clear and convincing evidence.

First, you must decide whether or not [Defendant] [name]:

{[represented] [made statements] that [the goods] [the services] [the (specifically described good or services)] have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not actually have}

{[represented] [made statements] that [the defendant] [name] has a sponsorship, approval, status, affiliation, certification, or connection that [he] [she] [it] does not actually have}

{[represented] [made statements] that [the goods] [the (specially described goods)] are original or new if in fact they are deteriorated, altered, reconditioned, reclaimed, or second hand, or have been used}

{[represented] [made statements] that [the goods] [the services] [(the (specifically described goods or services)] are of particular standard, quality, grade, style, or model, if in fact they are of another}

{[misrepresented] [made an untrue statement about] a material fact in a way that had a tendency to mislead [the hearer] [the reader] [(name of plaintiff)]}

1 Civil Jury Instructions for DC § 20.11

In this context, a fact would be a "material fact" if a reasonable person would consider it important in deciding whether to engage in the transaction; also, a fact would be a "material fact" if the person who states the fact knows or has reason to know the fact is one a reasonable person would consider important in deciding whether to engage in the transaction}

{[represented] [made a statement saying] that a transaction confers or involves rights, remedies, or obligations which in fact the transaction does not have or involve, or which are prohibited by law}

{failed to state a material fact if such failure would tend to mislead a [reasonable consumer] [reasonable person].

In this context, a fact would be a "material fact" if a reasonable person would consider it important in deciding whether to engage in the transaction; also, a fact would be a "material fact" if the person who states the fact knows or has reason to know the fact is one a reasonable person would consider important in deciding whether to engage in the transaction}

{used innuendo or ambiguity about a material fact, which would tend to mislead [a reasonable consumer] [a reasonable person].

In this context, a fact would be a "material fact" if a reasonable person would consider it important in deciding whether to engage in the transaction; also, a fact would be a "material fact" if the person who states the fact knows or has reason to know the fact is one a reasonable person would consider important in deciding whether to engage in the transaction}

{made false or misleading [representations] [statements] of fact concerning the reasons for, existence of, or amounts of price reductions, or the price in comparison to price of competitors or one's own price at a past or future time}

{falsely stated that services, replacements, or repairs are needed}

{falsely stated the reasons for offering or supplying [goods] [services] [(specifically describe the goods or services)] at sale or discount prices}

{falsely stated or represented that repairs, alterations, modifications, or servicing had been made and receiving [remuneration therefor] [payment for them] when they have not been made}

{passed off goods or services as those [of] [made by] another [person] [entity] [company]}

{used deceptive representations or designations of geographic origin in connection with goods or services}

{[represented] [made statements] that the subject of a transaction had been supplied in accordance with a previous representation when it had not}

{[misrepresented] [made an untrue statement about] the authority of a salesman, representative or agent to negotiate the final terms of a transaction}

Second, if you find [Defendant] [name] did [make the statement] [make the false statement] [make the misleading statement] [fail to state a material fact], then you must decide whether or not [Defendant] [name] did so [in the conduct of] [in connection with] [while conducting] trade or commerce.

Third, if you find the first two elements occurred, then you must decide whether [the defendant's] [(name)] conduct harmed [the plaintiff] [(name)] in at least one of these two ways: (1) by violating [the plaintiff's] [name's]

1 Civil Jury Instructions for DC § 20.11

legal right to truthful and non-misleading information; or (2) by causing [the plaintiff] [name] to incur actual loss of money or property.

If you find all three elements have been shown true by clear and convincing evidence, then you must return a verdict for [the plaintiff] [(plaintiff's name)] on this allegation.

If you find that one or more elements has not been shown by clear and convincing evidence, then you must return a verdict for the [the defendant] [(defendant's name)] on this allegation.

[*Compensatory Damages Determination*]

If you find that [the defendant] [(defendant's name)] committed the alleged violation, then you must consider whether [the plaintiff] [(plaintiff's name)] incurred actual loss of money or property as a result.

[*Punitive Damages Determination*]

[Plaintiff] [(Plaintiff's name)] has requested punitive damages be imposed upon [the defendant] [(defendant's name)] for committing an unfair business practice. If you find that [the defendant] [(defendant's name)] committed the alleged violation, then you must decide whether to impose punitive damages.

# HAWAII

1 Hawaii Standard Civil Jury Instruction Nos. 19.1-19.8

Instruction No. 19.1. Elements

Instruction No. 19.2. Definition of Consumer

Instruction No. 19.3. Definition of Unfair Act or Practice

Instruction No. 19.4. Definition of Deceptive Act or Practice

Instruction No. 19.5. Definition of Trade or Commerce

Instruction No. 19.6. Damages

Instruction No. 19.7. No Punitive Damages or Damages for Non-Economic Loss

Instruction No. 19.8. Damages, Benefit of the Bargain

INSTRUCTION NO. 19.1

UNFAIR OR DECEPTIVE ACTS OR PRACTICES:  HAW. REV. STAT. §480-2
ELEMENTS

To prevail against defendant(s) on the claim of unfair or deceptive acts or practices, plaintiff(s) must prove all of the following elements:

1.    Plaintiff(s) (is a)/are consumer(s); and

2.    Defendant(s) engaged in an act or practice that was unfair or deceptive; and

3.    The unfair or deceptive act or practice occurred in the conduct of trade or commerce; and

4.    The unfair or deceptive act or practice was a legal cause of damages to plaintiff(s).[1]

---

[1] *See Flores v. Rawlings Co.*, 117 Hawaiʻi 153, 177 P.3d 341 (2008).

INSTRUCTION NO. 19.2

CONSUMER:  HAW. REV. STAT. § 480-1
DEFINITION

A consumer is an individual who, primarily for personal, family, or household purposes, purchases goods or services, attempts to purchase goods or services, is solicited to purchase goods or services, or commits money, property, or services in a personal investment.[1]

---

[1] Certain associations of condominium apartment owners can be "consumers" for purposes of Chapter 480.  *See* Haw. Rev. Stat. § 514B-104(a)(4).

INSTRUCTION NO. 19.3

UNFAIR ACT OR PRACTICE:  HAW. REV. STAT. § 480-2
DEFINITION

An act or practice is "unfair" if it offends established

public policy and is immoral, unethical, oppressive,

unscrupulous or substantially injurious to consumers.

INSTRUCTION NO. 19.4

DECEPTIVE ACT OR PRACTICE:  HAW. REV. STAT. § 480-2
DEFINITION

An act or practice is "deceptive" if it is a material representation, omission, or practice that is likely to mislead consumers acting reasonably under the circumstances.

Plaintiff(s) need not show that defendant(s) intended to deceive plaintiff(s) or that plaintiff(s) was/were actually deceived.  It is sufficient if the representation, omission, or practice was likely to deceive.

A representation, omission, or practice is "material" if it involves information that is important to consumers and is likely to affect their choice of, or conduct regarding, a product, service, or investment.

INSTRUCTION NO. 19.5

TRADE OR COMMERCE
DEFINITION

An act or practice occurs in the conduct of trade or commerce if it is in the context of business activity or a business transaction.

INSTRUCTION NO. 19.6

DAMAGES

If you find that plaintiff(s) has/have prevailed against defendant(s) on the claim of unfair or deceptive acts or practices, you must decide the amount that will reasonably and fairly compensate plaintiff(s) for the actual economic loss legally caused[1] by the unfair or deceptive acts or practices.[2]

---

[1] *See* Instruction No. 7.1 (Legal Cause).

[2] In cases where plaintiffs have actually purchased goods or services, contract damages may be appropriate.  *See* Instruction No. 15.10 (Contract – Damages).

INSTRUCTION NO. 19.7

NO PUNITIVE DAMAGES OR DAMAGES FOR NON-ECONOMIC LOSS

In awarding damages, if any, for unfair or deceptive acts or practices, you must not include any amount:

1.   For non-economic losses, such as emotional distress; or

2.   To punish or make an example of defendant(s); or

3.   For legal fees or costs.

INSTRUCTION NO. 19.8

DAMAGES – BENEFIT OF THE BARGAIN[1]

In determining the amount, if any, to award plaintiff(s), you may consider whether plaintiff(s) is/are entitled to the benefit of the bargain he/she/they believed he/she/they purchased, contracted for, or invested in.  The benefit of the bargain is the difference, if any, between the value of the goods, services, or investment represented to plaintiff(s), and the value of such goods, services, or investment delivered to plaintiff(s).

---

[1] This instruction is applicable only in cases involving a breach of contract.  *Zanakis-Pico v. Cutter Dodge, Inc.*, 98 Hawai'i 309, 47 P.3d 1222 (2002).

Hawai'i Civil Jury Instructions

N-52

# INDIANA

1 Indiana Model Civil Jury Instructions 3123-3129

3123 Unfair Competition—Definition

3125 Unfair Competition—Passing Off—Elements—Burden of Proof

3127 Unfair Competition—Predatory Pricing; Relevant Cost Standard

3129 Unfair Competition Based on Predatory Pricing—Elements—Burden of Proof

*1 Indiana Model Civil Jury Instructions 3123*

*Indiana Model Civil Jury Instructions  >  CHAPTER 3100 INTENTIONAL TORTS  >  C. Unfair Competition/Interference with Contractual or Business Relationship*

## 3123 Unfair Competition—Definition

Unfair competition includes [passing off, or attempting to pass off, one's goods and services as those of someone else][the interference with contract or business relationships][predatory price cutting].

## *1 Indiana Model Civil Jury Instructions 3125*

*Indiana Model Civil Jury Instructions  >  CHAPTER 3100 INTENTIONAL TORTS  >  C. Unfair Competition/Interference with Contractual or Business Relationship*

## 3125 Unfair Competition—Passing Off—Elements—Burden of Proof

To recover damages for unfair competition, [the plaintiff] must prove by the greater weight of the evidence that:

(1) [*defendant*][passed off][attempted to pass off][*plaintiff*]'s [goods][business][services] as [that][those] of [*defendant*],

(2) [*defendant*]'s conduct had the natural and probable tendency to deceive the public, and

(3) [*plaintiff*] was damaged as a result.

*1 Indiana Model Civil Jury Instructions 3127*

*Indiana Model Civil Jury Instructions > CHAPTER 3100 INTENTIONAL TORTS > C. Unfair Competition/Interference with Contractual or Business Relationship*

## 3127 Unfair Competition—Predatory Pricing; Relevant Cost Standard

Predatory pricing is pricing below an appropriate measure of cost intended to eliminate competitors in the short run and reduce competition in the long run. Predatory pricing does not include price cutting that is merely aimed at increasing market share.

You must determine the relevant cost standard for the average or marginal cost of the product to establish whether predatory pricing has occurred.

To determine the relevant cost standard, you must consider:

    (1) the market share of the product in the relevant market;

    (2) the market share of the product controlled by [*defendant*];

    (3) [*defendant*]'s ability to exclude competitors from the market;

    (4) the appropriate measure of costs for [*defendant*]'s product; and

    (5) other relevant market information.

## *1 Indiana Model Civil Jury Instructions 3129*

*Indiana Model Civil Jury Instructions  >  CHAPTER 3100 INTENTIONAL TORTS  >  C. Unfair Competition/Interference with Contractual or Business Relationship*

## 3129 Unfair Competition Based on Predatory Pricing—Elements—Burden of Proof

To recover damages for unfair competition based on predatory pricing, [*plaintiff*] must prove by the greater weight of the evidence that:

(1) [*plaintiff*] had a property interest in [a license][a franchise][a contract][goods or services];

(2) [*plaintiff*] had a valid potential of a business relationship but for [*defendant*]'s interference by predatory pricing;

(3) [*defendant*] cut the price(s) of its [products][goods or services] below an appropriate measure of cost;

(4) the price cutting was for the sole purpose of causing economic injury to [*plaintiff*];

(5) no justification existed for the price cutting; and

(6) [*plaintiff*] was damaged as a result.

# IOWA

### Iowa J.I. Civ. §§ 3410.1-3410.2

3410.1 Unfair Competition - Essentials For Recovery

3410.2 Unfair Competition - Representation - Definition

## *Iowa J.I. Civ. § 3410.1*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 3400 COMMERCIAL TORTS  >  Unfair Competition*

## 3410.1 Unfair Competition - Essentials For Recovery

The plaintiff must prove all of the following propositions:

1.  The defendant directly or indirectly represented that the [product] marketed by defendant was the product of the plaintiff.

2.  The defendant did so with an intent to deceive consumers.

3.  Consumers were confused or were likely to be confused as to the manufacturer of the [product] as a natural consequence of the defendant's conduct.

4.  The defendant's conduct was a cause of damage to the plaintiff.

5.  The nature and extent of damage.

If the plaintiff has failed to prove any of these propositions, the plaintiff cannot recover damages. If the plaintiff has proved all of these propositions, the plaintiff is entitled to damages in some amount. [If an affirmative defense is submitted, delete the second sentence and insert the following: If the plaintiff has proved all of these propositions, you will consider the defense of _____ , as explained in Instruction No. _____.]

*Iowa J.I. Civ. § 3410.2*

*IOWA CIVIL JURY INSTRUCTIONS  >  CHAPTER 3400 COMMERCIAL TORTS  >  Unfair Competition*

## 3410.2 Unfair Competition - Representation - Definition

Concerning Proposition No. 1 of Instruction No. [3410.1], a representation exists when there is a similarity in the appearance of the products or they perform the same functions and the defendant's marketing portrays its own goods as the goods of the plaintiff.

# KANSAS

### PIK Civ. 4th 129.01A-129.07

129.01A—Deceptive Acts or Practices - Consumer Not Misled

129.02—Misrepresentations

129.03—Willful Misrepresentation of a Material Fact

129.04—Willful Failure to State or Willful Concealment of a Material Fact

129.05—Falsely Disparaging Another's Property, Services or Business

129.06—Offering Property or Services for Sale Without Intent to Sell or Adequately Supply

129.07—False Representations

## PIK Civ. 4th 129.01-A

*Pattern Instructions for Kansas - Civil 4th > CHAPTER 129.00 CONSUMER PROTECTION > A. DECEPTIVE ACTS OR PRACTICES*

## 129.01-A  DECEPTIVE ACTS OR PRACTICES--CONSUMER NOT MISLED

**An act may constitute a deceptive act or practice whether or not the consumer has in fact been misled**.

**Notes on Use**

See K.S.A. 50-626(b) for authority. This instruction may be given in any case which includes a claim for deceptive acts or practices. An action for common-law fraud requires an element of reliance upon the misrepresentation. One of the important distinctions of the Kansas Consumer Protection Act is that reliance upon the deceptive act or practice is not required.

Pattern Instructions for Kansas - Civil 4th Copyright 2012 Kansas Judicial Council. All Rights Reserved

## PIK Civ. 4th 129.02

*Pattern Instructions for Kansas - Civil 4th > CHAPTER 129.00 CONSUMER PROTECTION > A. DECEPTIVE ACTS OR PRACTICES*

# 129.02  MISREPRESENTATIONS

In an action for the deceptive act and practice of making misrepresentations, the *(Plaintiff) (State)* must prove:

1. *(Plaintiff) __ (Name of consumer)* was a consumer;

2. Defendant was a supplier;

*(Insert one or more of the following sets of paragraphs 3, 4 and 5)*

\* \* \*

*Misrepresentations of Property or Services--K.S.A. 50-626(b)(1)(A)*

3. The Defendant represented to *(Plaintiff) __ (Name of consumer)* that __ *(list specific property or service) (insert one or more of the following)*

(had the sponsorship of __);

(had the approval of __);

(had __ as accessories);

(had the characteristics of __);

(contained the ingredients of __);

(could be used as __);

(had __ as benefits);

(came in quantities of __);

4. The __ *(list specific property or service) (insert one or more of the following)*

(did not have the sponsorship of __; and)

(did not have the approval of__; and)

PIK Civ. 4th 129.02

(did not have __ as accessories; and)

(did not have the characteristics of __; and)

(did not contain the ingredients of __; and)

(could not be used as __; and)

(did not have __ as benefits; and)

(did not come in quantities of __; and)

5.  The Defendant made such representations to [*(Plaintiff)* __ *(Name of consumer)*] [*(knowing) (with reason to know)*] that __ *(list specific property or service) (insert one or more of the following)*

(did not have the sponsorship of __).

(did not have the approval of __).

(did not have __ as accessories).

(did not have the characteristics of __).

(did not contain the ingredients of __).

(could not be used as __).

(did not have __ as benefits).

(did not come in quantities of __).

* * *

*Misrepresentation of Supplier's Status--K.S.A. 50-626(b)(1)(B)*

3.  The Defendant represented to (Plaintiff) __ (Name of consumer) that Defendant had (insert one or more of the following)

(the sponsorship of __);

(the approval of __);

(the status of __);

(an affiliation with __);

(a connection with __);

PIK Civ. 4th 129.02

4. The Defendant did not have (insert one or more of the following)

(the sponsorship of __); and

(the approval of __); and

(the status of __); and

(an affiliation with __); and

(a connection with __); and

5. The Defendant made such representation to *(Plaintiff)* __ *(Name of consumer)* *[(knowing) (with reason to know)]* that Defendant did not have *(insert one or more of the following)*

(the sponsorship of __).

(the status of __).

(the approval of __).

(an affiliation with __).

(a connection with __).

* * *

*Misrepresentation of Property as Original or New--K.S.A. 50-626(b)(1)(C)*

3. The Defendant represented to *(Plaintiff)* __ *(Name of consumer)* that __ *(list property)* was original or new;

4. The __ *(list property)* was *(deteriorated) (altered) (reconditioned) (repossessed) (second-hand) (used to an extent materially different than the representation)*; and

5. The Defendant made such representation to *(Plaintiff)* __ *(Name of consumer)* [*(knowing) (with reason to know)*] that the __ *(list property)* was *(deteriorated) (altered) (reconditioned) (repossessed) (second-hand) (used to an extent materially different than the representation)*.

* * *

*Misrepresentation of Type of Property or Services--K.S.A. 50-626(b)(1)(D)*

3. The Defendant represented to (Plaintiff) (Name of consumer) that *(list specific property or service)* was *(state particular [quality] [grade] [style] [model])*;

4. The *(list specific property or service)* was materially different from *(state particular [quality] [grade] [style] [model])*; and

PIK Civ. 4th 129.02

5. The Defendant made such representation to *(Plaintiff) (Name of consumer)* [*(knowing) (with reason to know)*] that *(list specific property or service)* was not *(state particular [quality] [grade] [style] [model])*.

* * *

*Misrepresentation Regarding Referral Commission on Sales--K.S.A. 50-626(b)(1)(E)*

3. To induce *(Plaintiff) (Name of consumer)* to enter into *(describe type of consumer transaction)*, Defendant represented to *(Plaintiff) (Name of consumer)* that *(Plaintiff) (Name of consumer)* would receive a *(rebate) (discount) (other benefit)*;

4. The receipt of the *(rebate) (discount) (other benefit)* was contingent upon *(Plaintiff) (Name of consumer)* [*(supplying the names of prospective consumers) (helping the Defendant enter into other consumer transactions)*]; and

5. The Defendant made such representation to *(Plaintiff) (Name of consumer)* [*(knowing) (with reason to know)*] that the receipt of the *(rebate) (discount) (other benefit)* was contingent upon an event occurring after *(Plaintiff) (Name of consumer)* entered into the transaction.

* * *

*Misrepresentation of Use, Benefits or Characteristics of Property or Services--K.S.A. 50-626(b)(1)(F)*

3. The Defendant represented to *(Plaintiff)* __ *(Name of consumer)* that __ *(list specific property or service)* had *(the use of __) (the benefit of __) (the characteristics of __)*;

4. The __ *(list specific property or service)* did not have *(the use of __) (the benefit of __) (the characteristics of __)*;

5. The Defendant made such representation to *(Plaintiff)* __ *(Name of consumer)* [*(knowing) (with reason to know)*] that __ *(list specific property or service)* did not have *(the use of __) (the benefit of __) (the characteristics of __)*.

The Defendant is not liable on a claim based on misrepresentation of *(use) (benefit) (characteristic)* of property or services if the Defendant relied upon and possessed a reasonable basis for making such representation.

* * *

Misrepresentation of Proof of Use, Benefits or Characteristics of Property or Services--K.S.A. 50-626(b)(1)(G)

3. The Defendant represented to *(Plaintiff)* __ *(Name of consumer)* that __ *(list specific property or service)* had been *(proven)* __ *(otherwise substantiated)* to have *(the use of __)* (*the benefit of __) (the characteristics of __)*;

4. The __ *(list specific property or service)* had not been *(proven)* __ *(otherwise substantiated)* to have *(the use of __) (the benefit of __) (the characteristics of __)*; and

PIK Civ. 4th 129.02

**5.  The Defendant made such representation to** *(Plaintiff)*    *(Name of consumer)* [*(knowing) (with reason to know)*] that __ *(list specific property or service)* had not been *(proven)*    *(otherwise substantiated)* to have (the use of    ) __ *(the benefit of    ) (the characteristics of  )*.

The Defendant is not liable on a claim based on misrepresentation of proof or substantiation relating to the *(use) (benefit) (characteristic)* of property or services if the Defendant relied upon and possessed the type and amount of proof or substantiation represented to exist.

\* \* \*

For purposes of this instruction, the following definitions apply:

*(Insert applicable definitions from PIK 4th 129.01)*

Pattern Instructions for Kansas - Civil 4th Copyright 2012 Kansas Judicial Council. All Rights Reserved

# PIK Civ. 4th 129.03

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 129.00 CONSUMER PROTECTION  >  A. DECEPTIVE ACTS OR PRACTICES*

## 129.03  WILLFUL MISREPRESENTATION OF A MATERIAL FACT

In an action for the deceptive act and practice of willful misrepresentation of a material fact, the *(Plaintiff) (State)* must prove:

1.  *(Plaintiff) __ (Name of consumer)* was a consumer;

2.  Defendant was a supplier;

3.  Defendant willfully represented to *(Plaintiff) __ (Name of consumer)*, orally or in writing that __ *(set forth the representation)*; and

4.  Defendant's representation to *(Plaintiff) __ (Name of consumer)* was *(an exaggeration) (falsehood) (innuendo) (ambiguity)* of a material fact.

For purposes of this instruction, the following definitions apply:

*(Insert applicable definitions from PIK 4th 129.01)*

Pattern Instructions for Kansas - Civil 4th Copyright 2012 Kansas Judicial Council. All Rights Reserved

## PIK Civ. 4th 129.04

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 129.00 CONSUMER PROTECTION  >  A. DECEPTIVE ACTS OR PRACTICES*

## 129.04  WILLFUL FAILURE TO STATE OR WILLFUL CONCEALMENT OF A MATERIAL FACT

In an action for the deceptive act and practice of willfully *(failing to state) ([concealing] [suppressing] [omitting])* a material fact, the *(Plaintiff) (State)* must prove:

1. *(Plaintiff) __ (Name of consumer)* was a consumer;

2. Defendant was a supplier;

3. Defendant willfully *(failed to state) ([concealed] [suppressed] [omitted]) __ (insert material fact)*; and

4. __ *(Insert material fact)* was a material fact.

For purposes of this instruction, the following definitions apply:

*(Insert applicable definitions from PIK 4th 129.01)*

Pattern Instructions for Kansas - Civil 4th Copyright 2012 Kansas Judicial Council. All Rights Reserved

# PIK Civ. 4th 129.05

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 129.00 CONSUMER PROTECTION  >  A. DECEPTIVE ACTS OR PRACTICES*

## 129.05  FALSELY DISPARAGING ANOTHER'S PROPERTY, SERVICES OR BUSINESS

In an action for the deceptive act and practice of falsely disparaging another's *(property) (services) (business)*, the *(Plaintiff) (State)* must prove:

1.  *(Plaintiff) __ (Name of consumer)* was a consumer;

2.  Defendant was a supplier;

3.  Defendant disparaged the *(property) (services) (business)* of another by representing __ *(insert representation)*; and

4.  Defendant made such representation *(knowing) (with reason to know)* that it was a *(false) (misleading)* representation of material fact.

For purposes of this instruction, the following definitions apply:

*(Insert applicable definitions from PIK 4th 129.01)*

Notes on Use

See K.S.A. 50-626(b)(4) for authority.

Comment

To maintain an action under the Kansas Consumer Protection Act, a party is not required to prove all the elements of common-law fraud. KCPA claims must be proven by a preponderance of the evidence, but not by clear and convincing evidence. Ray v. Ponca/Universal Holdings, Inc., 22 Kan. App. 2d 47, 913 P.2d 209 (1995).

Pattern Instructions for Kansas - Civil 4th Copyright 2012 Kansas Judicial Council. All Rights Reserved

## PIK Civ. 4th 129.06

*Pattern Instructions for Kansas - Civil 4th > CHAPTER 129.00 CONSUMER PROTECTION > A. DECEPTIVE ACTS OR PRACTICES*

## 129.06  OFFERING PROPERTY OR SERVICES FOR SALE WITHOUT INTENT TO SELL OR ADEQUATELY SUPPLY

In an action for the deceptive act and practice of offering *(property) (services)* for sale without intent to sell or adequately supply, the *(Plaintiff) (State)* must prove:

1.  *(Plaintiff) __ (Name of consumer)* was a consumer;

2.  Defendant was a supplier;

3.  Defendant offered to sell *(Plaintiff) __ (Name of consumer)* [__ *(list property or services)*]; *(and)*

[4. Defendant did not intend to sell such *(property) (services)*].

OR

[4. Defendant did not intend to supply reasonable, expectable public demand for such *(property) (services)*]; and

5.  The offer did not disclose the limitation.

For purposes of this instruction, the following definitions apply:

*(Insert applicable definitions from PIK 4th 129.01)*

Pattern Instructions for Kansas − Civil 4th Copyright 2012 Kansas Judicial Council. All Rights Reserved

# PIK Civ. 4th 129.07

*Pattern Instructions for Kansas - Civil 4th  >  CHAPTER 129.00 CONSUMER PROTECTION  >  A. DECEPTIVE ACTS OR PRACTICES*

# 129.07  FALSE REPRESENTATIONS

In an action for the deceptive act and practice of making false representations, the *(Plaintiff) (State)* must prove:

1. *(Plaintiff) __ (Name of consumer)* was a consumer;

2. Defendant was a supplier;

*(Insert one or more of the following sets of paragraphs 3, 4 and 5)*

* * *

*False Representations as to Price--K.S.A. 50-626(b)(7)*

3. The Defendant made the following representation of fact to [*(Plaintiff) __ (Name of consumer)*]--set forth representation relating to *(the [reason for] [existence of] [amount of] the price reduction); (the price in comparison to [a competitor] [Defendant's own past or future price])*;

4. Such representation was *(false) (misleading)*; and

5. The Defendant made such representation to [*(Plaintiff) __ (Name of consumer)]* (knowing) (with reason to know) that such representation was *(false) (misleading)*.

* * *

*False Representations Regarding Consumer Rights, Remedies or Obligations--K.S.A. 50-626(b)(8)*

3. The Defendant represented to [*(Plaintiff) __ (Name of consumer)]* [*set forth representation relating to consumer (rights) (remedies) (obligations)*];

4. Such representation was false; and

5. The Defendant made such representation to [*(Plaintiff) __ (Name of consumer)]* (knowing) (with reason to know) that such representation was false.

* * *

*False Representations Regarding Replacements or Repairs--K.S.A. 50-626(b)(9)*

PIK Civ. 4th 129.07

3. The Defendant represented to *(Plaintiff) __ (Name of consumer)* that *(services) (replacements) (repairs)* were needed;

4. Such representation was false; and

5. The Defendant made such representation to [*(Plaintiff) __ (Name of consumer)*] *(knowing) (with reason to know)* that such representation was false.

* * *

*False Representations as to Sale or Discount Price--K.S.A. 50-626(b)(10)*

3. The Defendant made the following representation of fact to [*(Plaintiff) __ (Name of consumer)*] *(set forth representation relating to the reason for offering or supplying [property] [service] at [sale] [discount] prices)*;

4. Such representation was false; and

5. The Defendant made such representation to *[(Plaintiff) __ (Name of consumer)] (knowing) (with reason to know)* that such representation was false.

* * *

For purposes of this instruction, the following definitions apply:

*(Insert applicable definitions from PIK 4th 129.01)*

Pattern Instructions for Kansas - Civil 4th Copyright 2012 Kansas Judicial Council. All Rights Reserved

N-73

# MAINE

1 Maine Jury Instruction Manual § 7-32 (2021)

§ 7-32 Unfair or Deceptive Trade Practice. Instruction

*1 Maine Jury Instruction Manual § 7-32*

*Maine Jury Instruction Manual  >  CHAPTER 7 REPRESENTATIVE CIVIL INSTRUCTIONS  >  FRAUD, BREACH OF TRUST, CONVERSION*

# §7-32 *Unfair* or Deceptive *Trade* Practice. Instruction.

A plaintiff may prevail on a deceptive *trade* practice claim if the plaintiff proves by a preponderance of the evidence that the defendant:

   1. committed an *unfair* or deceptive practice;

   2. in the conduct of *trade* or commerce [_____ including an individual transaction done in a business context]; and

   3. the *unfair* or deceptive practice caused plaintiff a financial loss.

# MARYLAND

MPJI 7:9

7:9 Private Cause of Action Created by Maryland Consumer Protection Act

## *MPJI-Cv 7:7*

*Maryland Civil Pattern Jury Instructions (MSBA)  >  CHAPTER 7 BUSINESS TORTS  >  UNFAIR COMPETITION--GENERALLY*

---

The Committee has not proposed an instruction for unfair competition because the tort appears to be limited in scope and infrequent in occurrence.

The concept of "unfair competition" covers an array of legal theories involving anticompetitive conduct. Many of the older cases involve equitable claims concerning the misappropriation of the goodwill that is associated with a business's name. *Edmondson Vill. Theater, Inc. v. Einbinder, 208 Md. 38, 43-45, 116 A.2d 377 (1955)*; *Balt. Bedding v. Moses, 182 Md. 229, 34 A.2d 338 (1943)*. Although these cases contain some expansive language (*see, e.g., Baltimore Bedding, 182 Md. at 236-37* ("no one, especially a trader, is justified in damaging or jeopardizing another's business by fraud, deceit, trickery, or unfair methods of any sort"), the language does not actually concern the elements of a common-law claim for damages, but rather the scope of appellate review of an injunction.

Two Maryland cases have allowed tort claims for unfair competition. First, in *GAI Audio of New York, Inc. v. Columbia Broad. Sys., Inc., 27 Md. App. 172, 340 A.2d 736 (1975)*, the Court of Special Appeals applied the "misappropriation" doctrine of *Int'l News Serv. v. Associated Press, 248 U.S. 215, 39 S. Ct. 68 (1918)*, in which a plaintiff has a claim for damages if a freeriding competitor misappropriates a product or service that the plaintiff has devoted time, labor, and money to create. The *International News Service* case concerned the misappropriation of news that the Associated Press had reported, while the Court of Special Appeals' GAI Audio case concerned record piracy--copying recorded music and reselling the copies. Second, in *Elecs. Store, Inc. v. Cellco P'ship, 127 Md. App. 385, 406-07, 732 A.2d 980*, *cert. denied*, *356 Md. 495, 740 A.2d 613 (1999)*, the Court of Special Appeals reversed the entry of summary judgment against the plaintiff, a retailer of cellular telephone services, whose allegedly lucrative business source had been misappropriated, by means of false statements, by the cellular telephone company.

# MASSACHUSETTS

Massachusetts Superior Court Civil Practice Jury Instructions (MCLE), Chapter 16

16.1. Introduction

16.2. Section 9 Plaintiff - Demand Letters - Section 9 Plaintiff

16.3. Conduct in Trade or Commerce

16.4.1. Unfair or Deceptive Acts—In General

16.4.2. Unfair or Deceptive Acts—Deceptive

16.4.3. Unfair or Deceptive Acts—Unfair

16.4.4. Unfair or Deceptive Acts—Conlusion (Section 9 and 11)

16.4.5. Unfair or Deceptive Acts—Unfair Insurance Claim Settlement Practices

16.5. Causation - General Charge

16.5.1. Causation - Section 9

16.5.2. Causation - Section 11

16.5.3. Section 9

16.5.4. Section 11

16.6.1. Damages - Overview

16.6.2. Damages - Section 9 Case

16.6.3. Damages - Section 11 Case

16.6.5. Unfair or Deceptive Acts - Multiple Damages

16.7.1. Plaintiff's Status

16.7.2. Attorney General's Regulations

16.7.3. Nondisclosure

16.7.4. "Willful" or "Knowing"

16.7.5. Willful or Knowing If Representations Are Involved

16.7.6. Willful or Knowing If Representations Are Not Involved

16.7.7. Willful or Knowing - Product Liability Cases

16.7.8. Defendant's Settlement Offer

16.7.9. Reasonableness

16.7.10. Defendant's Bad Faith Response to Plaintiff's Demand Letter - Section 9 Action

16.7.11. Nominal Damages - Section 9 Plaintiff

16.7.12. Multiple Damages

16.7.13. Primarily and Substantially in MA - Section 11 Actions

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.1

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.1 INTRODUCTION*

---

# § 16.1 INTRODUCTION

---

There is no right to a jury trial on a Chapter 93A claim. Nei v. Burley, 388 Mass. 307, 311-15 (1983). However, the judge may submit all or some Chapter 93A issues of fact to a jury by means of a special verdict. *See* Mass. R. Civ. P. 49(a). Three questions of fact commonly submitted to juries are:

- whether the defendant's act or practice was unfair or deceptive,

- whether such unfair or deceptive act or practice caused harm to the plaintiff, and

- whether any Chapter 93A violation was willful or knowing.

If the judge decides to submit some Chapter 93A issues to the jury, the judge should inform the parties in advance whether the jury's findings are to be binding or nonbinding. *See* Acushnet Fed. Credit Union v. Roderick, 26 Mass. App. Ct. 604, 606-09 (1988).

The trial judge is not bound by findings of the jury on related common law actions even where the claims are based on the same underlying facts, assuming that the judge has not agreed to accept the jury's findings as to the Chapter 93A claim. Klairmont v. Gainsboro Rest., Inc., 465 Mass. 165 (2013) (affirming trial judge's decision to find causation and to award damages under chapter 93A even though jury had found no causation and therefore found for defendant on common law negligence claim); Kattar v. Demoulas, 433 Mass. 1, 12 (2000) (judge deciding Chapter 93A claim may make findings of fact that are contrary to those made by jury on parallel common-law claim); Velleca v. Uniroyal Tire Co., 36 Mass. App. Ct. 247, 251 (1994);Bressel v. Jolicoeur, 34 Mass. App. Ct. 205, 211 (1993) (upholding contradictory conclusions by jury and judge where neither finding was clearly erroneous); Chamberlayne Sch. & Chamberlayne Junior Coll. v. Banker, 30 Mass. App. Ct. 346, 353-55 (1991) (upholding contrary assessments of damages made independently by judge and jury). It is within the discretion of the judge to decide whether or not to submit a Chapter 93A claim to a jury. Serv. Publ'ns, Inc. v. Goverman, 396 Mass. 567, 577-78 (1986);Travis v. McDonald, 397 Mass. 230 (1986).

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS
Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.2

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.2 DEMAND LETTERS--SECTION 9 PLAINTIFF*

# § 16.2 DEMAND LETTERS--SECTION 9 PLAINTIFF [n1]

The first element that the plaintiff must prove by a preponderance of the evidence is that [he/she] mailed or delivered an adequate demand letter to the defendant at least thirty days prior to commencing this action. This action was filed on [date]. [n2]

By "adequate," I mean that the demand letter must:

1. identify the plaintiff as the claimant;

2. reasonably describe the unfair or deceptive act or practice;

3. reasonably describe the injury suffered;

4. specify the relief sought; and

5. include at least one of the following indications that the claimant is seeking relief under Chapter 93A:

   • an express reference to Chapter 93A;

   • an express reference to the Consumer Protection Act;

   • an assertion that the claimant's rights as a consumer have been violated;

   • an assertion that the plaintiff will pursue multiple damages and attorney fees should relief be denied; or

Massachusetts Superior Court Civil Practice Jury Instructions § 16.2

• an assertion that the defendant acted in an "unfair or deceptive manner." [n3]

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.3

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.3 CONDUCT IN TRADE OR COMMERCE*

---

# § 16.3 CONDUCT IN TRADE OR COMMERCE

---

The plaintiff must prove, by a preponderance of the evidence, that the defendant was engaged in "trade or commerce" in [his/her] dealings with the plaintiff, or in other words, that the defendant's conduct took place in a business context. The phrase "trade or commerce" includes the advertising; the offering for sale, rent, or lease; the sale, rent, lease, or distribution of any services or any property, tangible or intangible, real, personal, or mixed; and any security, contract of sale, or any other trade or commerce directly or indirectly affecting the people of this Commonwealth. This definition is openended. The specific activities I have enumerated are not intended to be an exhaustive list.

In determining whether the plaintiff's dealings with the defendant took place in a business context, you should examine the following factors:

1. the nature of the transaction,

2. the character of the parties,

3. the activities engaged in by the parties,

4. whether there were past similar transactions,

5. whether the defendant's motivation was personal or business-related, and

6. whether the defendant actively participated in the transaction. A transaction need not be in the ordinary course of business so long as it takes place in a business context. However, a defendant is not acting within trade or commerce if the complained-of act or practice is strictly private in nature.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.4.1

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.4 UNFAIR OR DECEPTIVE ACTS*

---

# § 16.4.1 In General

(a) *Section 9*

If you determine that the defendant was acting in a business context, you must then decide whether the defendant's actions toward the plaintiff amounted to an unfair or deceptive act or practice. [n1]The phrase "unfair or deceptive" is broad and flexible, and it is intentionally so. [n2]You should use your common sense based on the instructions that I will now provide you. [n3]Consider whether the defendant took unfair advantage of the plaintiff and whether the plaintiff was defenseless as a consumer. [n4]Consider the defendant's conduct in light of all the circumstances. [n5]

(b) *Section 11*

If you determine that the plaintiff and the defendant each were acting as businesspersons, [n6]you must then determine whether the defendant committed an unfair or deceptive act or practice. In other words, if the defendant's conduct is such that a reasonable businessperson would find it reprehensible, you may find that such conduct constitutes behavior that is unfair or deceptive. [n7]Focus on the nature of the conduct that the

Massachusetts Superior Court Civil Practice Jury Instructions § 16.4.1

**complaint is about and the purpose and effect of that conduct. Keep in mind that even sophisticated businesspersons must deal with each other fairly; a businessperson may not induce another to act by material misrepresentations.** [n8]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.4.2

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.4 UNFAIR OR DECEPTIVE ACTS*

---

# § 16.4.2 Deceptive

---

(a) *Sections 9 and 11*

A "deceptive" act or practice is simply one that has the capacity to deceive. An act or practice is deceptive if it could reasonably cause a person to act differently from the way [he/she] would act if [he/she] knew the truth about the matter. [n1]It includes any communication made with the intent to deceive another person. However, an intent to deceive is not always necessary. [n2]A negligent or careless misrepresentation of fact, the truth of which was reasonably capable of ascertainment, may also be a deceptive act or practice. [n3]

(b) *Additional Instruction If Negligence Is Alleged*

In this case, the plaintiff has claimed that the defendant's deceptive practices were negligently performed. Negligence is failure of a person to exercise that degree of care which a reasonable person would have exercised under like circumstances to prevent foreseeable risks of harm to another. Perfect care is not required, nor is avoidance of all risk. Instead, the care required is that degree of care commensurate with the probable harmful consequence that might reasonably be expected to result from the lack of such care. Among other things, compliance with that standard requires an individual to have and to use the attention, memory, intelligence, and judgment that a reasonable person would have and use under like circumstances. The test is an objective one. [n4]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.4.3

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.4 UNFAIR OR DECEPTIVE ACTS*

---

# § 16.4.3 Unfair

---

(a) *Section 9*

There is no rigid definition of what constitutes an unfair practice under G.L. c. 93A. [n1]The existence of unfair acts and practices must be determined from the circumstances of each case. [n2]

To help you determine whether an act or practice is "unfair," ask yourself these three questions:

First, does it fall within some established concept of unfairness?For something to be unfair, it does not need to violate some other law or government regulation; however, whether or not it does is something you may consider. Not every illegal act is unfair. [n3]

Second, ask yourself whether the defendant's act or practice was immoral, unethical, oppressive, unscrupulous, or otherwise unconscionable. [n4]Remember that you must decide this question in the context of the commercial marketplace where, on the one hand, people do not expect to be cheated, but on the other hand, they should expect to deal with each other prudently and at arm's length. [n5]

Third, consider whether the defendant's act or practice would cause substantial injury to the public or to consumers in general.

Massachusetts Superior Court Civil Practice Jury Instructions § 16.4.3

**(b)** *Section 11*

To help you determine whether an act or practice is "unfair," ask yourself these three questions: [n6]

First, does it fall within some established concept of unfairness?For something to be unfair, it does not need to violate some other law or a government regulation; however, whether or not it does is something you may consider. Not every illegal act is unfair. A material misrepresentation falls within an established basis of unfairness. [n7]

Second, ask yourself whether the defendant's act or practice was immoral, unethical, oppressive, unscrupulous, or otherwise unconscionable. [n8] That obviously involves making a moral judgment about the ethics of the marketplace. You, the jury, are the collective conscience of the community. Use your common sense. Consider the defendant's conduct in light of all the circumstances, keeping in mind that you must decide this question in the context of the commercial marketplace. An act that might be unfair in a business transaction with an unsophisticated consumer may not be unfair when it takes place in a transaction involving two sophisticated businesspersons.

Third, consider whether the defendant's act or practice would cause substantial injury to competitors or other businesspersons.

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.4.4

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.4 UNFAIR OR DECEPTIVE ACTS*

## § 16.4.4 Conclusion--Sections 9 and 11

In determining whether an act or practice is unfair or deceptive, keep in mind that a negligent act by itself does not constitute proof of an unfair or deceptive act or practice. [n1] Nor does a breach of contract, standing alone, constitute proof of an unfair or deceptive act or practice. [n2] Instead, the plaintiff must prove, by a preponderance of the evidence, that the negligence or breach was motivated by a "pernicious purpose," [n3] was unfair, or could reasonably cause a person to act differently from the way [he/she] would act if [he/she] knew the truth about the matter. [n4]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.4.5

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.4 UNFAIR OR DECEPTIVE ACTS*

## § 16.4.5 Unfair Insurance Claim Settlement Practices

General Laws c. 176D is entitled "Unfair Methods of Competition and Unfair and Deceptive Acts and Practices in the Business of Insurance." In Section 3 of G.L. c. 176D, specific actions are defined as being unfair or deceptive acts or practices. Subsection 9 of G.L. c. 176D, § 3 is entitled "Unfair claim settlement practices" and lists fourteen specific acts or practices constituting unfair claim settlement practices. Chapter 176D does not, however, include a private remedy for one harmed by an unfair claim settlement practice. The private remedy is provided by Chapter 93A.  General Laws c. 93A, § 9(1) thus specifically provides that "[a]ny person, other than a person entitled to bring action under Section eleven of this chapter . . . whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D may bring an action . . . ." See discussion of the history of the development of the relationship between Chapter 93A and Chapter 176D in Hon. Margot Botsford ed., et al., *Chapter 93A Rights and Remedies*, § 14.5 (MCLE, Inc. 3rd ed. 2014 & Supp. 2016). Accordingly, a violation of G.L. c. 176D, § 3(9) constitutes a per se violation of Section 9 of Chapter 93A, and a jury instruction may be required on this issue.

An action for unfair claim settlement practices may be brought by a third party, i.e., someone other than the defendant's insured. Clegg v. Butler, 424 Mass. 413, 418 (1997) ("any person" may recover "if his rights are adversely affected or if he suffers 'injury' because of another party's breach of his statutory duty"). "Injury" is the invasion of any legally protected interest of another. Clegg v. Butler, 424 Mass. at 418 (citing Leardi v. Brown, 394 Mass. 151, 159 (1985)). With respect to claims brought under Section 9, the requirements of Chapter 176D do not apply to "self-insured" entities. Morrison v. Toys "R" Us, Inc., 441 Mass. 451, 458 (2004) (finding that defendant's policy of employing its own adjusters to handle claims in excess of $ 1 million did not qualify as "business of insurance").

### (a) *Section 9*

In addition, in Massachusetts, the law specifies that certain acts or omissions by insurance companies committed in connection with an insurance claim are automatically considered to be unfair. In other words, if an

Massachusetts Superior Court Civil Practice Jury Instructions § 16.4.5

insurance company committed one of those specific acts or omissions, then you need not decide further if that act or omission was unfair because the law declares it to be unfair. In this case, the plaintiff claims that the defendant committed one or more of those acts or omissions that the law specifies to be unfair. In particular, the plaintiff says that the insurance company [recite relevant alleged violations from the list below]: [n1]

1.  misrepresented pertinent facts or insurance policy provisions relating to coverages at issue;

2.  failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

3.  failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

4.  refused to pay claims without conducting a reasonable investigation based upon all available information;

5.  failed to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

6.  failed to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

7.  compelled the insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;

8.  attempted to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

9.  attempted to settle claims on the basis of an application that was altered without notice to, or knowledge or consent of the insured;

10. made claims payments to insured or beneficiaries not accompanied by a statement setting forth the coverage under which payments were being made;

11. made known to insured or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements of compromises less than the amount awarded in arbitration;

12. delayed the investigation or payment of claims by requiring that an insured or claimant, or the physician of either, submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contained substantially the same information;

Massachusetts Superior Court Civil Practice Jury Instructions § 16.4.5

**13.** failed to settle claims promptly, where liability had become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; or

**14.** failed to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

**If you find that the insurer did violate any one or more of these provisions, then you must find that the insurer committed an unfair practice.** [n2]

(b) *Section 11*

In reaching your decision as to whether the defendant committed an unfair act or practice, you may consider, along with all other evidence, whether the defendant violated a specific Massachusetts statute. In particular, the plaintiff alleges that the defendant violated a Massachusetts statute which says that it is an unfair claim settlement practice in the insurance industry to violate [the particular subsection of G.L. c. 176D, § 3(9)]. Thus, if the defendant did violate that statute, that violation is some evidence on the issue of whether the defendant committed an unfair act or practice. [n3]

## Massachusetts Superior Court Civil Practice Jury Instructions § 16.5

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16.*
*CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.5 CAUSATION--GENERAL CHARGE*

---

## § 16.5 CAUSATION--GENERAL CHARGE

---

If the defendant committed an unfair or deceptive act or practice, you must then determine whether the plaintiff has proved, by a preponderance of the evidence, that the act or practice caused an injury to the plaintiff. By that I mean that the plaintiff must show that [he/she/it] would not have suffered a loss but for the defendant's unfair or deceptive act or practice. [n1]In other words, if the harm would have occurred anyway, the defendant is not liable.

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.5.1

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.5 CAUSATION--GENERAL CHARGE*

---

## § 16.5.1 Causation--Section 9

---

If the defendant committed an unfair or deceptive act or practice, you must then determine whether the plaintiff was "injured" by the defendant's actions or if the plaintiff's "rights [were] affected" by the defendant's violation of G.L. c. 176D,§ 3(9). A plaintiff is deemed to have been "injured" or to have suffered a loss if the plaintiff suffered an invasion of any legally protected interest as a result of the defendant's conduct. [n1] In deciding whether the plaintiff was "injured," you may consider whether the plaintiff sustained any loss of money or property or emotional upset as a result of the defendant's actions. [n2] While the plaintiff need not show proof of actual reliance on a misrepresentation by the defendant in order to recover damages, the plaintiff must show a causal connection between the deception and the loss and that the loss was foreseeable as a result of the deception. [n3]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

## Massachusetts Superior Court Civil Practice Jury Instructions § 16.5.2

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16.
CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.5 CAUSATION--GENERAL CHARGE*

---

## § 16.5.2 Causation--Section 11

---

If the defendant engaged in an unfair method of competition or used an unfair or deceptive act or practice, you must then determine whether the plaintiff suffered any loss of money or property as a result of the defendant's actions. In reaching your decision as to whether the plaintiff suffered such a loss, have in mind that the term "money" means money, and it does not mean time or anything else. Also, have in mind that the term "property" means the kind of property that is purchased or leased, not intangibles such as a right to a sense of security, peace of mind, or personal liberty. What you are deciding at this point is whether the defendant's conduct caused the plaintiff to suffer a loss of money or property. [n1]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.5.3

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.5 CAUSATION--GENERAL CHARGE*

---

# § 16.5.3 Section 9

---

If you decide that there was a causal connection between the defendant's unfair or deceptive acts or practices and an injury to the plaintiff, you must next determine whether the injury was a foreseeable result of the defendant's conduct. [n1] That is, even though a particular injury may have been caused by a particular act, the law treats that injury as being compensable only if the injury was reasonably foreseeable or, said another way, only if the injury was a reasonably expected result of the act. [n2]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.5.4

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.5 CAUSATION--GENERAL CHARGE*

## § 16.5.4 Section 11

If you decide that there was a causal connection between the defendant's unfair or deceptive acts or practices and a loss to the plaintiff, you must next determine whether the loss was a foreseeable result of the defendant's conduct. [n1] That is, even though a particular loss may have been caused by a particular act, the law treats that loss as being compensable only if the loss was reasonably foreseeable or, said another way, was a reasonably expected result of the act. [n2]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.6.1

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.6 DAMAGES*

---

## § 16.6.1 Overview

---

In a Section 11 case, the plaintiff is required to establish that he or she suffered a loss of money or property in order to bring the action. In a Section 9 case, however, the plaintiff is entitled to recover all damages resulting from being "injured" by the defendant's action. In addition, where a plaintiff has brought suit under Section 9 for an alleged unfair insurance claim settlement practice, he or she may also show that his or her "rights are affected" by the insurer's violation of G.L. c. 176D, § 3(9). It is apparent that the legislature intended to draw a distinction between the terms "injured" and "rights are affected"; otherwise, it could have used the same word or phrase in both. The intended difference reasonably derives from the content of the fourteen specific acts or omissions set forth in G.L. c. 176D, § 3(9) and the corrective thrust of that subsection, which declares the listed acts or omissions to be "unfair claim settlement practices." By using the "rights are affected" language rather than the "injured" language, the legislature has provided the plaintiff in such a case--as in all other cases under Section 9 where the insurer violates one of the fourteen subparts of G.L. c. 176D, § 3(9)--with a cause of action, even if the plaintiff was not "injured" by the violation. "Injury" has been defined as "the invasion of any legally protected interest of another." [n1]The plaintiff in a Section 9 case must still show, however, that his or her rights were somehow affected by the insurer's unfair claim settlement practice. [n2]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.6.2

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.6 DAMAGES*

## § 16.6.2 Damages--Section 9 Case

If the defendant committed an unfair or deceptive act or practice, you must then determine whether the plaintiff was injured by the defendant's actions and, if so, determine what amount of money would fully compensate the plaintiff for that injury. In deciding whether the plaintiff was injured and, if so, what fair compensation for that injury would be, you may consider whether the plaintiff sustained a loss of money or property as a result of the defendant's actions. In addition, you may compensate the plaintiff for what the courts have called "the invasion of any legally protected interest." [n1]What that means is that the plaintiff also is entitled to be compensated for injury, such as emotional upset the plaintiff sustained, in addition to the loss of use of money or property. Once you have considered all of these factors, you should determine what amount of money will fully and fairly compensate the plaintiff for the injury the plaintiff sustained as a result of the defendant's actions.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.6.3

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.6 DAMAGES*

---

## § 16.6.3 Damages--Section 11 Case

---

If the defendant engaged in an unfair method of competition or used an unfair or deceptive act or practice, the plaintiff has a right to be compensated for any loss of money or property it suffered as a result of the defendant's actions. In reaching your decision as to whether the plaintiff suffered such a loss and, if so, what the amount of the loss is, have in mind that the term "money" means "money," and it does not mean time or anything else. [n1]Also have in mind that the term "property" means the kind of property that is purchased or leased, not intangibles such as a right to a sense of security, peace of mind, or personal liberty. What you are deciding at this point is what amount of money will fully and fairly compensate the plaintiff for the losses that the plaintiff sustained as a result of the defendant's actions.

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.6.5

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.4 UNFAIR OR DECEPTIVE ACTS*

---

# § 16.6.5 Multiple Damages

---

(a) *Multiple Damages--Section 9 Case*

1.  that an insurer make the decision whether or not to settle a case within policy limits as it would if no policy limit were applicable to the claim, and

2.  that the insurer exercise common prudence to discover the facts as to liability and damages upon which an intelligent decision may be based.[n1]

See § 16.7.10, below, for further charge regarding bad faith.

(b) *Multiple Damages--Section 11 Case*

In this action, the plaintiff claims that the insurance company committed an unfair act or practice willfully or knowingly.

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.1

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.7 SUPPLEMENTAL INSTRUCTIONS*

---

## § 16.7.1 Plaintiff's Status

---

(a) *Section 9 Actions*

The plaintiff is claiming that in [his/her] dealings with the defendant,[he/she] participated on a private, nonprofessional basis.[n1]The plaintiff has the burden of proving, by a preponderance of the evidence, that [he/she] was a private, nonprofessional person, such as a consumer, or that, although[he/she] was a businessperson, the defendant's dealings with the plaintiff did not occur in connection with the plaintiff's business.

   (b) *Section 11 Actions*

The plaintiff is claiming that [he/she] was engaged in trade or commerce,[n1]in addition to the defendant being so engaged. The plaintiff has the burden of proving, by a preponderance of the evidence, that the defendant's act or practice occurred in connection with the plaintiff acting in a business context. [n2]In other words, the activity being complained about must have arisen out of some transaction between two businesspersons.

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.2

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16.*
*CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.7 SUPPLEMENTAL INSTRUCTIONS*

---

# § 16.7.2 Attorney General's Regulations

---

The Attorney General of the Commonwealth has issued some[regulations/rules] that have the force of law.[n1][Insert relevant regulations.] If you are persuaded that the defendant violated one or more of these regulations, then that violation, in and of itself, amounts to an unfair or deceptive act or practice.[n2]

- false advertising (§ 3.02);

- deceptive advertising of guarantees (§ 3.03);

- deceptive pricing (§ 3.04);

- general product misrepresentations (§ 3.05);

- referral schemes (§ 3.06);

- "Easy Credit" practices (§ 3.07);

- product repairs and servicing (§ 3.08);

- door-to-door sales and home improvement contracts (§ 3.09);

- employment agencies and business schemes (§ 3.11);

- layaway plans (§ 3.12);

- pricing, refund, and cancellation practices (§ 3.13);

- subscription and mail order practices (§ 3.14);

- used-for-new, substitution, and failure-to-deliver practices (§ 3.15);

- landlord-tenant matters (§ 3.17);

Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.2

• price gouging (§ 3.18);

• nursing homes (§ 4.00);

• motor vehicle sales (§ 5.00);

• retail advertising (§ 6.00);

• debt collection practices (§ 7.00)

• mortgage brokers and lenders (§ 8.00);

• group health insurers (§ 9.00);

• manufactured housing (§ 10.00);

• sale of travel services (§ 15.00);

• handgun sales (§ 16.00);

• viatical settlements and loans (§ 18.00);

• retail marketing and sale of electricity to consumers (§ 19.00);

• cigarette and tobacco sales (§ 21.00);

• cigar sales (§ 22.00);

• foreclosure rescue transactions and foreclosure-related services (§ 25.00);

• discount health plans (§ 26.00);

• illegal lotteries (§ 30.00);

• for-profit and occupational schools (§ 31.00); and

• fantasy sports (§ 34.00).

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.3

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.7 SUPPLEMENTAL INSTRUCTIONS*

## § 16.7.3 Nondisclosure

The plaintiff claims that the defendant failed to disclose to the plaintiff a material[n1] fact, the disclosure of which may have influenced the plaintiff not to enter into the transaction. [n2] The notion of disclosure necessarily implies that the fact in question is known to the person expected to disclose it. A defendant is not required to disclose what [he/she] did not know. [n3] Knowledge turns on the defendant's state of mind at the time of the transaction. In determining whether the plaintiff has proved that the defendant failed to disclose a material fact, you must examine what this defendant knew, not what a reasonable person would have known. The test is a subjective one.[n4]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.4

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.7 SUPPLEMENTAL INSTRUCTIONS*

---

## § 16.7.4 "Willful" or "Knowing"

---

If the defendant's actions were unfair or deceptive, then you must go on to decide whether the defendant willfully or knowingly committed that unfair or deceptive act or practice.[n1]The plaintiff has the burden of proving, by a preponderance of the evidence, that the defendant had a subjectively culpable state of mind. "Willful" or "knowing" requires something more than mere negligence.[n2]

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.5

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.7 SUPPLEMENTAL INSTRUCTIONS*

---

## § 16.7.5 Willful or Knowing--If Representations Are Involved

---

An unfair or deceptive statement is willful if the speaker represents a fact to be true without knowing whether it is true or not and with reckless disregard for whether it is true or not.[n1] An unfair or deceptive statement is knowing if the speaker represents a fact to be true while knowing that it is not true.[n2]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.6

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.7 SUPPLEMENTAL INSTRUCTIONS*

---

## § 16.7.6 Willful or Knowing--If Representations Are Not Involved

---

An unfair or deceptive act or practice is willful if the person intends to commit an unfair or deceptive act.[n1] An unfair or deceptive act is knowing if the person, whatever his or her intent, knows that by doing so [he/she] is committing an unfair or deceptive act.[n2]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.7

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.7 SUPPLEMENTAL INSTRUCTIONS*

---

## § 16.7.7 Willful or Knowing--Product Liability Cases

---

A manufacturer has committed a knowing or willful violation if it knew that its product was defective or if it knew that it did not know whether or not the product was defective, but nonetheless proceeded to market the product.[n1]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.8

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT—CHAPTER 93A > § 16.7 SUPPLEMENTAL INSTRUCTIONS*

---

## § 16.7.8 Defendant's Settlement Offer

**(a)** *Section 9 Action*

**(b)** *Section 11 Action*

Next, you are asked whether the defendant made a reasonable offer to settle. The defendant claims that [he/she] did. On this issue, the defendant bears the burden of proving, by a preponderance of the evidence, that the defendant tendered a reasonable written offer of settlement with [his/her] answer to the complaint.[n1]

n1 G.L. c. 93A, § 11. If the defendant's offer is rejected and subsequently found to be reasonable, this will limit the plaintiff's recovery to the relief tendered.  G.L. c. 93, § 11; Halper v. Demeter, 34 Mass. App. Ct. 299, 301 (1993).

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.9

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.7 SUPPLEMENTAL INSTRUCTIONS*

## § 16.7.9 Reasonableness

In determining whether the defendant's offer was reasonable, consider all the evidence, including the terms of the plaintiff's demand for relief, the nature of the unfair or deceptive act or practice, and the injury that the plaintiff actually suffered.[n1] Keep in mind that reasonableness is to be assessed in relation to the injury the plaintiff actually suffered as a result of the defendant's unfair or deceptive act or practice.[n2]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.10

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.7 SUPPLEMENTAL INSTRUCTIONS*

---

## § 16.7.10 Defendant's Bad Faith Response to Plaintiff's Demand Letter--Section 9 Action

---

You are also being asked to determine if the defendant's response to the plaintiff's demand letter was made in bad faith with knowledge or reason to know that [the complained of act or practice] was an unfair or deceptive act or practice.[n1]The defendant has alleged that [his/her] response was not made in bad faith. The plaintiff has the burden of proving, by a preponderance of the evidence, that the defendant's response to the plaintiff's demand letter was made in bad faith with knowledge or reason to know that the act complained of amounted to an unfair or deceptive act or practice committed in a business context.[n2]

Bad faith is a state of mind. It is an intentional, arbitrary, reckless, or indifferent disregard of the legitimate interests of the plaintiff. In determining whether the defendant acted in bad faith, consider whether the defendant's response was objectively unreasonable.[n3]You may take into account whether the defendant investigated the facts of the plaintiff's complaint or considered legal precedent. A defendant knows or has reason to know that [his/her] conduct is unfair or deceptive when such conduct clearly has been declared unlawful by regulations promulgated under Chapter 93A by the attorney general. [n4]The plaintiff has not demonstrated that the response was made in bad faith

Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.10

if it was a good faith response to the demand letter, an honest error of judgment, or the result of simple negligence or carelessness. Failure to respond to the plaintiff's demand letter with a reasonable settlement offer does not, by itself, establish bad faith.[n5]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.11

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE)  >  VOLUME II  >  CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A  >  § 16.7 SUPPLEMENTAL INSTRUCTIONS*



## § 16.7.11 Nominal Damages--Section 9 Plaintiff

If the plaintiff has suffered an injury but no quantifiable damage,[n1]or if [his/her] actual damage amounts to less than $ 25, then you shall award nominal damages in the amount of $ 25.[n2]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.12

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.7 SUPPLEMENTAL INSTRUCTIONS*

---

## § 16.7.12 Multiple Damages

---

If you have found that the defendant committed an unfair or deceptive act or practice willfully or knowingly[n1][or that the defendant's response to the plaintiff's demand letter was made in bad faith], [n2]then the plaintiff is entitled to an award of up to three times, but no less than two times, the actual damage you have determined the plaintiff to have sustained. [n3]You must, therefore, determine whether the damage caused by the defendant's unfair or deceptive act or practice should be doubled or trebled.

Multiple damages are designed to impose a penalty on the defendant. The purpose of multiple damages is to deter callous and intentional violations of the law and to promote prelitigation settlements by making it unprofitable for a defendant to ignore a plaintiff's request for relief.[n4]Multiple damages are not awarded to compensate particular harmed individuals. In determining whether the actual damages should be doubled or trebled, take into consideration all the relevant circumstances, including the character and degree of the wrong as shown by the evidence, the necessity of preventing similar wrong, and [each] defendant's degree of culpability.[n5]

# Massachusetts Superior Court Civil Practice Jury Instructions § 16.7.13

*Massachusetts Superior Court Civil Practice Jury Instructions (MCLE) > VOLUME II > CHAPTER 16. CONSUMER PROTECTION ACT--CHAPTER 93A > § 16.7 SUPPLEMENTAL INSTRUCTIONS*

---

## § 16.7.13 Primarily and Substantially in Massachusetts--Section 11 Actions

---

In order for you to consider whether the defendant's actions were unfair or deceptive in violation of Chapter 93A, you must determine whether those actions or transactions occurred "primarily and substantially" in Massachusetts. While there is no clear definition of what "primarily and substantially" means, there are several factors that you may consider in reaching your conclusion. Those factors include whether the defendant was involved in similar transactions or actions in the past; whether the defendant was motivated by business reasons in connection with taking those actions or being involved in those transactions, rather than personal reasons; where the defendant's conduct took place; and where the plaintiff was located when the plaintiff suffered any loss of money or property as a result of the defendant's actions or transactions.[n1]

MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS

Copyright © 2022 Massachusetts Continuing Legal Education, Inc.

# MICHIGAN

### M Civ JI 113.01-113.04

113.01—Trade or Commerce; Prohibited Practices - Explanation

113.02—Unfair, Unconscionable, or Deceptive Methods, Acts or Practices

113.03—Trade or Commerce - Definition

113.04—Loss Definition

# M Civ JI 113.01

*Michigan Model Civil Jury Instructions  >  CHAPTER 113: CONSUMER PROTECTION ACT*

## Trade or Commerce; Prohibited Practices-Explanation

We have a state law known as the Consumer Protection Act, which provides that certain unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful.

# M Civ JI 113.02

*Michigan Model Civil Jury Instructions > CHAPTER 113: CONSUMER PROTECTION ACT*

## Unfair, Unconscionable, or Deceptive Methods, Acts, or Practices

The methods, acts, or practices which are protected by the Consumer Protection Act include:

(a) .

(b) .

(c) .

# M Civ JI 113.03

*Michigan Model Civil Jury Instructions  >  CHAPTER 113: CONSUMER PROTECTION ACT*

## Trade or Commerce-Definition

When I use the term "trade or commerce" I mean the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes. ["Trade or commerce" includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity.] ["Trade or commerce" does not include the purchase or sale of a franchise, but does include pyramid and chain promotions.]

# M Civ JI 113.04

*Michigan Model Civil Jury Instructions* **>** *CHAPTER 113: CONSUMER PROTECTION ACT*

## Loss--Definition

When I use the term "loss," I mean either a monetary damage or the prevention of the fulfillment of plaintiff's reasonable expectations.

# MINNESOTA

4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 57.4 (6th ed.)

CIVJIG 57.40. Consumer Fraud

CIVJIG 57.40 Consumer Fraud, 4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 57.40...

**4 Minn. Prac., Jury Instr. Guides--Civil CIVJIG 57.40 (6th ed.)**

Minnesota Practice Series TM    |    September 2021 Update

Jury Instruction Guides - Civil
Minnesota District Judges Association, Committee on Civil Jury Instruction Guides

Reporters, Michael K. Steenson and Peter B. Knapp

Part III. Topical Areas of Law

Category 57. Fraud and Misrepresentation

# CIVJIG 57.40 Consumer Fraud

**Definition of "consumer fraud"**

"Consumer fraud" occurs when a *(person)(corporation)(business)* in the course of selling *(goods)(services)*:

1. Uses *(false information)(a deceptive practice)*, and

2. Intends that others would rely on this *(false information)(deceptive practice)*.

**Recovery for consumer fraud**

*(Plaintiff)* may recover damages for consumer fraud, if:

1. *[(Plaintiff) relied and acted on the (false information) (deceptive practice); and,]*
*[The (false information) (deceptive practice) had a substantial part in bringing about (plaintiff's) injury; and,]*

2. The *(false information)(deceptive practice)* harmed *(plaintiff)*.

# MISSOURI

Missouri Approved Jury Instructions - Civil (MAI) 39.01

39.01. verdict Directing—Violation of Missouri Merchandising Practices Act

*Missouri Approved Jury Instructions - Civil (MAI) 39.01*

*Missouri Approved Jury Instructions - Civil  >  39.00 MERCHANDISING PRACTICES*

## 39.01 [2014 New] Verdict Directing--Violation of Missouri Merchandising Practices Act

Your verdict must be for plaintiff if you believe:

First, plaintiff [purchased] [leased][1]    *(here identify merchandise afforded protection under the statute)*,[2] and

Second, such [purchase] [lease][1] was primarily for [personal] [family] [household][3] purposes, and

Third, in connection with the [sale] [lease] [advertisement][4] of    *(here identify merchandise)* defendant    *(here insert the alleged method, act or practice declared unlawful by § 407.020, RSMo*, such as "misrepresented the *(here repeat the identification from Paragraph First)" or "concealed a material fact")*,[5] and

Fourth, as a direct result of such conduct, plaintiff sustained damage.

# NEW JERSEY

## NJ CV JI 4.43

NJ CV JI 4.43. Consumer Fraud Act

## NJ CV JI 4.43

*New Jersey Model Civil Jury Charges > CHAPTER FOUR > CONTRACT CHARGES > OTHER CONTRACT ACTIONS*

# 4.43 CONSUMER FRAUD ACT (Approved 5/1998; Revised 12/2011)

Format of the Model Charge

There are three possible bases for responsibility under the Act. Two are established by *N.J.S.A.* 56:8-2; the third is derived from either specific-situation statutes (such as prize notification under *N.J.S.A.* 56:8-2.3 or food misrepresentation under *N.J.S.A.* 56:8-2.9 through 2.13) or regulations enacted under *N.J.S.A.* 56:8-4, listed in *N.J.A.C.* 13:45A-1.1 *et seq.* Page 15 of this Model Charge lists those topics covered by the administrative regulations.

A. Introduction

Many of us have heard the Latin phrase *caveat emptor*: "let the buyer beware." That statement allows little relief to a customer. That statement does not reflect current law in New Jersey. Here, we have a more ethical approach in business dealings with one another. Therefore, each of us may rely on representations made by another in a business transaction. This approach is reflected in a statute, New Jersey's **Consumer** *Fraud Act*.

There are three possible bases for responsibility[1] under the Act. The Act itself declares two general categories of conduct as unlawful. The first category makes "any unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation" unlawful. These are considered affirmative acts. The second category involves the "knowing concealment, suppression or omission of any material fact." These are considered conduct by omission. The third basis for responsibility under the Act involves either a specific-situation statute or administrative regulations enacted to interpret the Act itself. Such statutes and regulations define specific conduct prohibited by law.

*[Insert Those Definitions Applicable to the Specific Case]*

An "affirmative act" is something done voluntarily by a person. The act may be physical but also may be any steps taken voluntarily by a person to advance a plan or design or to accomplish a purpose.

An "omission" is neglecting to perform what the law requires. Liability must be imposed for such inaction depending on whether there is a duty to act under the circumstances.

*[Return to Charge]*

[1] The trial judge may modify the language of this paragraph to address only those bases for responsibility present in the particular case.

NJ CV JI 4.43

Here, plaintiff(s)[2] claim(s) that defendant(s) committed a ***consumer*** fraud when defendant(s) (*insert description of conduct*). The ***Consumer*** *Fraud Act* says that anyone who (*insert relevant parts of N.J.S.A. 56:8-2 or other specific statute or regulation*) commits a ***consumer*** fraud.[3]

## B. First Alternative - Affirmative Act

Specifically, defendant(s) allegedly used, by means of an affirmative act, an (*unconscionable commercial practice, deception, fraud, false pretense, false promise, or misrepresentation*) in connection with (*the sale/advertisement of any merchandise/real estate*) (*state specifically the factual allegations made by plaintiff*).

*[Insert Those Definitions Applicable to the Particular Case]*

An "unconscionable commercial practice" is an activity which is basically unfair or unjust which materially departs from standards of good faith, honesty in fact and fair dealing in the public marketplace.[4] To be unconscionable, there must be factual dishonesty and a lack of fair dealing.

"Deception" is conduct or advertisement which is misleading to an average ***consumer*** to the extent that it is capable of, and likely to, mislead an average ***consumer***. It does not matter that at a later time it could have been explained to a more knowledgeable and inquisitive ***consumer***. It does not matter whether the conduct or advertisement actually have misled plaintiff(s). The fact that defendant(s) may have acted in good faith is irrelevant. It is the capacity to mislead that is important.

"Fraud"[5] is a perversion of the truth, a misstatement or a falsehood communicated to another person creating the possibility that that other person will be cheated.

"False pretense" is an untruth knowingly expressed by a wrongdoer.

NJ CV JI 4.43

"False promise" is an untrue commitment or pledge, communicated to another person, to create the possibility that that other person will be misled.

A "misrepresentation" is an untrue statement made about a fact which is important or significant to the sale/advertisement, and is communicated to another person to create the possibility that other person will be misled. A "misrepresentation" is a statement made to deceive or mislead.

A "person" includes not only a human being or his/her legal representative but also a partnership, corporation, company, trust, business entity, association as well as his/her agent, employee, salesperson, partner, officer, director, member, stockholder, associate, trustee or beneficiary of a trust.

A "sale" includes transfer of ownership; rental; distribution; offer to sell, rent, or distribute; and attempt to sell, rent or distribute, either directly or indirectly.

An "advertisement" is a notice designed to attract public attention. Modes of communication include the attempt, directly or indirectly, by publication, dissemination, solicitation, endorsement, circulation or in any way to induce any person to enter or not enter into an obligation, acquire any title or interest in any merchandise, increase the consumption of any merchandise or make any loan.

"Merchandise" includes any objects, wares, goods, commodities, services or anything offered directly or indirectly to the public for sale.

"Real estate" is land and, if there is an improvement on the land, that improvement as well.

*[Return to Charge]*

It is not necessary for liability under the Act that a person actually be misled or deceived by another's conduct. It is not necessary for (plaintiff) to show that (defendant) intended that his/her/its conduct should deceive. What is important is that the affirmative act must have had the potential to mislead or deceive when it was performed. The capacity to mislead is the prime ingredient of the affirmative ***consumer*** fraud alleged *[state the specific unlawful practice]*. Intent is not an essential element. *[Add if the claim is an affirmative act only*: ***Consumer*** fraud consisting of an affirmative act does not require a showing of intent.]

The price charged is only one factor in your consideration. For example, if you find that the price is grossly excessive in relation to the seller's costs and, as well, the goods sold have little or no value to (plaintiff(s)) for the purpose for which he/she/it/they was persuaded to buy the goods and which it appeared they would serve, the price paid by (plaintiff(s)) becomes one factor relevant to weighing the wrong which the statute seeks to prevent and which it prohibits.

Using those definitions outlined earlier, you must decide whether (plaintiff(s)) has/have shown or proven to you that (defendant(s)) used (an unconscionable commercial practice *or other applicable characterizing noun)* in connection with (the sale *or* how defendant(s) would act) when (summarize acts alleged). If plaintiff(s) has/have shown that

NJ CV JI 4.43

those acts took place and that they were [an unconscionable commercial practice *or other applicable characterizing noun*], you must next decide whether that conduct brought about damage to plaintiff(s) and, if so, how much.

[Insert Definition of Proximate Cause and Applicable Instructions on Damages.[6] *(See General Statements on Damages at End of Charge.)]*

## C. Second Alternative - Acts of Omission

Plaintiff(s) allege(s)/further allege(s) that defendant(s) knowingly concealed, hid/suppressed, kept something from being known/omitted, or left out or did not mention an important or significant fact purposely or with the intent that others would rely on that concealment/suppression/omission in connection with (the sale/advertisement of any merchandise/real estate) (how defendant(s) would act or perform after an agreement to buy was made/plaintiff(s) responded to or answered the advertisement).

[Insert Definitions from Below and from First Alternative Applicable to the Specific Case]

A person acts "knowingly" if he/she is aware that his/her conduct is of a nature that it is practically certain that his/her conduct will cause a particular result. He/She acts with knowledge, consciously, intelligently, willfully or intentionally.

To "conceal" is to hide, secrete, or withhold something from the knowledge of others or to hide from observation, cover or keep from sight or prevent discovery of. "Concealment" is a withholding of something which one is bound or has a duty to reveal so that the one entitled to be informed will remain in ignorance.

To "suppress" is to put a stop to a thing actually existing, to prohibit or put down, or to prevent, subdue, or end by force. "Suppression" is the conscious effort to control or conceal unacceptable impulses, thought, feelings or acts.

A person acts "purposely" if it is his/her conscious object to engage in conduct that of a certain nature or cause a particular result and he/she is aware of hopes or believes that the attendant circumstances exist.

"Intent" is a design, resolve, or determination with which a person acts. It refers only to the state of mind existing when an act is done or omitted.

[Return to Charge]

NJ CV JI 4.43

It is not necessary that any person be, in fact, misled or deceived by another's conduct.[7] What is important is that defendant(s) must have meant to mislead or deceive when he/she/it/they acted.

The fact that defendant acted knowingly or with intent is an essential element of acts of omission under the Act. Knowledge or intent must be shown. Where the alleged *consumer* fraud can be viewed as either an omission or an affirmative act, (defendant) is liable for the conduct as an omission only where defendant committed a *consumer* fraud by omission and intent is shown.

Considering the above definitions, you must decide whether plaintiff(s) has/have proven to you that defendant(s) knowingly (concealed/suppressed/omitted) an important and significant fact with the intent that [an]other[s] would rely on the facts as communicated to him/her/them without having the opportunity to also consider the other facts which were (concealed/suppressed/omitted) in connection with (the sale or how defendant(s) would act) when *(summarize acts alleged)*. If plaintiff(s) has/have proved that those acts took place and, if so, that those acts were a knowing concealment/suppression/omission of an important fact intended to be relied on by others, you must then decide whether that conduct brought about damage to plaintiff(s) and, if so, how much.[8]

  *[Insert Definition of Proximate Cause and Applicable Instructions on Damages.[9] (See General Statements on Damages, Section G of this Charge.)]*

### D. Separate Defense Applicable to Owners, Publishers, or Operators of Instrumentality by Which an Advertisement Is Conveyed

(Defendant) says that it, the (owner/publisher of the newspaper/magazine/publication/printed matter in which the advertisement appeared) [or] (owner/operator of the radio/television station on which the advertisement appeared), he/she/it had no knowledge of the intent, design or purpose of the advertiser. The burden of proving this lack of knowledge by a preponderance of the evidence rests with (defendant). If you find that (defendant) proved by the preponderance of the evidence that he/she/it was unaware of what the advertiser meant to do through the advertisement, the owner/publisher/operator cannot be held responsible or liable under the Act.

### E. THIRD ALTERNATIVE

  *[Recite Elements of Particular Statute or Regulation as Well as any Applicable Definitions.[10]*

NJ CV JI 4.43

In accordance with the previous definitions, you must decide whether (plaintiff(s)) has/have proven that ((defendant)s) [insert conduct]. If plaintiff(s) has/have shown that those acts took place and therefore violated the statute/regulations, you will next decide whether that conduct brought about damage to plaintiff(s) and, if so, how much.

*[Insert Definition of Proximate Cause and Applicable Instructions on Damages.[11] (See General Statements on Damages, section G of this Charge.)]*

## GENERAL STATEMENT ON DAMAGES

(Plaintiff(s)) claim that he/she/it/they lost money/property as a result of (defendant's) conduct. If you decide from the evidence in this case that (defendant) violated *the statute or regulation*, you have decided that (defendant) committed an unlawful practice. If so, (plaintiff(s)) is/are allowed to receive an award of money for his/her/its/their loss proximately caused by ((defendant)s).

If you find that the **_Consumer_** *Fraud Act* was violated and you award damages, the law requires me to triple whatever amount of damages you award. The tripling of your award is meant to punish ((defendant)s). In addition, if you award damages to (plaintiff(s)), the law also requires me to compel (defendant) to pay whatever reasonable attorney fees (plaintiff) incurred in this case. I will determine at a later time what that amount of attorney fees is.[12] These are functions which the court, not the jury, will perform.

# NEW YORK

NY PJI 30:20.2

PJI 3:20.2. Intentional Torts—Fraud and Deceit-Fraudulent Omission

## NY PJI 3:20.2

*New York Pattern Jury Instructions - Civil  >  DIVISION 3. TORTS OTHER THAN NEGLIGENCE  >  C. FRALTD AND DECEIT*

# PJI 3:20.2. Intentional Torts-Fraud And Deceit-Fraudulent Omissison [Suplemental Instruction]

As you have heard, the plaintiff AB seeks to recover damages that (he, she, it) claims were caused by a fraud committed by the defendant CD. Specifically, AB claims that [ *state AB's claims*].    CD denies that (he, she, it) committed fraud and contends that [ *state CD's contentions*].

In order to recover for fraud, AB must prove by clear and convincing evidence that (1) CD failed to disclose [ *state omitted fact(s)*];    **(2) CD knew** [ *state omitted fact(s*];    **(3)** [ *state where plaintiff's claim is based on a duty to disclose arising from defendant's superior knowledge of the facts*:] [ *state omitted fact(s)*]    **(was, were)** not also known to AB and could not have been discovered by AB through the use of ordinary intelligence]; (4) CD failed to disclose [ *state omitted fact(s)*]    **because (he, she, it) believed that AB would not** [ *identify the transaction in issue*] **if (he, she, it) knew** [ *state omitted fact(s)*];    **(5) AB would not have** [ *identify the transaction in issue*]    **if (he, she, it) knew** [ *state omitted fact(s)*];    **and (6) AB sustained damages because of** [ *identify the transaction in issue*].

Clear and convincing evidence means evidence that satisfies you that there is a high degree of probability that there was fraud as I have defined it for you. To decide for AB by clear and convincing evidence, it is not enough to find that the evidence supporting (his, her, its) claim(s) more nearly represents what actually happened than the evidence that is opposed to it. AB must satisfy you that it is highly probable that what (he, she, it) claims is what actually happened.

If, upon all the evidence, you are satisfied that there is a high probability that there was fraud, you must decide for AB. If you are not satisfied that there is such a high probability, you must decide for CD.

The first question you will be asked to decide is whether CD failed to disclose [ *state omitted fact(s)*].    **If you decide that CD did disclose** [ *state omitted fact(s)*],    you need proceed no further on the claim of fraud. If you decide that CD did not disclose [ *state omitted fact(s)*],    the next question you must decide is whether CD knew [ *state omitted fact(s)*].

[ *State where plaintiff's claim is based on a duty to disclose arising from defendant's superior knowledge of the facts*:]

If you decide that CD did not know [ *state omitted fact(s)*],    you need proceed no further on the claim of fraud. If you decide that CD did know [ *state omitted fact(s)*],    you must next decide whether [ *state omitted fact(s)*]    **(was,**

NY PJI 3:20.2

were) not known to AB and could not have been discovered by AB through the use of ordinary intelligence. If you decide that [ *state omitted fact(s)*]  (was, were) also known to AB or could have been discovered by AB through the use of ordinary intelligence, you need proceed no further on the claim of fraud. If you decide that [ *state omitted fact(s)*]  (was, were) not known to AB and could not have been discovered by AB through the use of ordinary intelligence, the next question you must decide is whether CD failed to disclose [ *state omitted fact(s)*]  because (he, she, it) believed that AB would not [ *identify the transaction in issue*]  if (he, she, it) knew [ *state omitted fact(s)*].

[ *State where defendant's duty to disclose is not based on superior knowledge of the facts and the court has previously determined, as a matter of law, that a duty to disclose existed*:]

If you decide that CD did not know [ *state omitted fact(s)*],  you need proceed no further on the claim of fraud. If you decide that CD did know [ *state omitted fact(s)*],  the next question you must decide is whether CD failed to disclose [ *state omitted fact(s)*]  because (he, she, it) believed that AB would not [ *identify the transaction in issue*] if (he, she, it) knew [ *state omitted fact(s)*].

If you decide that AB would have [ *identify the transaction in issue*]  even if (he, she, it) knew [ *state omitted fact(s)*],  you need proceed no further on the claim of fraud. If you decide that AB would not have [ *identify the transaction in issue*]  if (he, she, it) knew [ *state omitted fact(s)*],  the next question you must decide is whether AB sustained damages as a result of [ *identify the transaction in issue*].

In determining whether AB sustained damages as a result of [ *identify the transaction in issue*]  and, if so determining the amount of damages AB sustained, you should consider only the actual amounts that AB spent [ *state where appropriate*:  or incurred] in [ *identify the transaction in issue] [substitute where appropriate*:  the difference between the actual amounts that AB spent in ( *identify the transaction in issue*)  and the value, if any, of the ( *state benefit or property plaintiff received*)  at the time AB received it]. You should not consider any lost profits or other amounts that AB may have expected to, but did not, receive from [ *identify the transaction in issue*].

If you decide that AB did not sustain damages as result of [ *identify the transaction in issue*],  you need proceed no further on the claim of fraud. If you decide that AB did sustain damages as a result of [ *identify the transaction in issue*],  you must next decide the actual monetary loss sustained.

# NORTH CAROLINA

N.C.P.I. - Civil 813.00-813.21, 813.62, 813.70, 813.80

813.00. Trade Regulation—Preface

813.05. Model Unfair or Deceptive Trade Practice Charge

813.20. Trade Regulation—Violation—Issue of Contracts and Conspiracies in Restraint of Trade

813.21. Trade Regulation—Violation—Issue of Unfair Methods of Competition and Unfair or Deceptive Acts or Practices

813.62. Trade Regulation—Commerce—Unfair and Deceptive Methods of Competition and Unfair or Deceptive Acts or Practices

813.70. Trade Regulation—Proximate Cause—Issue of Proximate Cause

813.80. Trade Regulation—Damages—Issues of Damages

*N.C.P.I. - Civil 813.00*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART IV. MISCELLANEOUS TORTS >
Chapter 15. Trade Regulation*

# 813.00 Trade Regulation--Preface

_First_, that the defendant has violated a trade regulation statute ("issue of violation"); and

_Second_, that, _where required_, this violation affected commerce or occurred in commerce ("issue of
commerce"); and

_Third_, that the violation injured the plaintiff, either personally or in his business ("issue of proximate
cause"), and

_Fourth_   he amount of plaintiff's injuries ("issue of damages").

## *N.C.P.I. - Civil 813.05*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART IV. MISCELLANEOUS TORTS >
Chapter 15. Trade Regulation*

## 813.05 Model Unfair or Deceptive Trade Practice Charge

*NOTE WELL: This instruction is only a sample. Your instruction must be tailored to fit the facts and law applicable to the case at bar. Many possible combinations of charges that may be required under Chapter 75 (see N.C.P.I.-Civil 813.00), and the appropriate issues to be submitted to the jury will vary from case to case. Therefore, DO NOT BLINDLY FOLLOW THIS INSTRUCTION. This is only a guide to a general style of instruction that can be given utilizing the N.C.P.I.-Civil 813.00 series.*

*This instruction is based on a hypothetical fact situation in which the plaintiff is suing the defendant for alleged unfair or deceptive practices in the sale of a used automobile.[1]*

*Remember, whether a defendant's alleged conduct constitutes an unfair or deceptive trade practice is a question of law for the judge. The jury decides what acts were committed (issue of violation), whether these acts occurred in or affected commerce (issue of commerce), whether these acts had an impact on plaintiff (issue of proximate cause), and the amount of damages (issue of damages). Since the jury decides what acts were committed, and the judge must decide whether these acts violated N.C. Gen. Stat. § 75-1.1, it is recommended that the jury be given special interrogatories in connection with the issue of violation.[2]*

*Following the format of N.C.P.I.-Civil 813.00, the following issues would be submitted to the jury in this hypothetical fact situation after the appropriate preliminary instructions have been given:*

*1. Violation- 813.21.*

*2. Commerce- 813.62.*

*3. Proximate Cause- 813.70.*

*4. Damages- 813.80.*

N.C.P.I. - Civil 813.05

101.05 Members of the jury: All the evidence has been presented. It is now your duty to decide the facts from the evidence. You must then apply to those facts the law which I am about to give you. It is absolutely necessary that you understand and apply the law as I give it to you, and not as you thought it was or as you might like it to be.

As you know, we are trying a case in which the plaintiff seeks to recover money damages resulting from alleged unfair or deceptive practices in the sale by the defendant of a used automobile.

101.10 In this case you will be called upon to answer four questions- also called issues. As I discuss each issue I will tell you which party has the burden of proof. The party having that burden is required to prove, by the greater weight of the evidence, the existence of those facts which entitle that party to a favorable answer to the issue.

Also, in connection with the first issue you will be asked to answer two special interrogatories or questions. The same rule concerning the burden of proof applies to each of these special interrogatories or questions as applies to the first issue.

101.10 The greater weight of the evidence does not refer to the quantity of the evidence, but rather to the quality and convincing force of the evidence. It means that you must be persuaded, considering all of the evidence, that the necessary facts are more likely than not to exist.

If you are so persuaded, then it would be your duty to answer the issue in favor of the party with the burden of proof. If you are not so persuaded, then it would be your duty to answer the issue against the party with the burden of proof.

101.15 You are the sole judges of the credibility of each witness.

You must decide for yourselves whether to believe the testimony of any witness. You may believe all, or any part, or none of that testimony.

In determining whether to believe any witness you should use the same tests of truthfulness which you apply in your everyday lives. These tests may include: the opportunity of the witness to see, hear, know, or remember the facts or occurrences about which the witness testified; the manner and appearance of the witness; any interest, bias, or partiality the witness may have; the apparent understanding and fairness of the witness; whether the testimony of the witness is sensible and reasonable; and whether the testimony of the witness is consistent with other believable evidence in the case.

101.20 You are also the sole judges of the weight to be given to any evidence. By this I mean, if you decide that certain evidence is believable, you must then determine the importance of that evidence in the light of all other believable evidence in the case.

N.C.P.I. - Civil 813.05

101.50 It is your duty to recall and consider all of the evidence introduced during the trial. If your recollection of the evidence differs from that which the attorneys argued to you, you should be guided by your own recollection in your deliberations.

101.60 As I have already indicated, your verdict will take the form of answers to certain questions or issues.

These issues are as follows:

The first issue reads:

"Did the defendant do (at least one of) the following:

(1) Represent to the plaintiff that the automobile was a one-owner vehicle, knowing that the automobile had two previous owners, or

(2) Represent to the plaintiff that the automobile had never been wrecked, knowing that the automobile had been wrecked.

The second issue reads:

"Was the defendant's conduct in commerce or did it affect commerce?"

The third issue reads:

"Was the defendant's conduct a proximate cause of the plaintiff's injury?"

The fourth issue reads:

"In what amount has the plaintiff been injured?"

I will discuss the issues one at a time and explain the law which you should consider as you deliberate upon your verdict.

813.21 The first issue reads:

"Did the defendant do (at least one of) the following:

(1) Represent to the plaintiff that the automobile was a one-owner vehicle, knowing that the automobile had two previous owners, or

(2) Represent to the plaintiff that the automobile had never been wrecked, knowing that the automobile had been wrecked.[3]

N.C.P.I. - Civil 813.05

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant did (at least one of) the act(s) as contended by the plaintiff. In this case the plaintiff contends, and the defendant denies, that the defendant:

(1) Represented to the plaintiff that the automobile was a one-owner vehicle, knowing that the automobile had two previous owners, or

(2) Represented to the plaintiff that the automobile had never been wrecked, knowing that the automobile had been wrecked, and as a result had a defective transmission.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant did (at least one of) the act(s) contended by the plaintiff, then you would answer "Yes" in the space beside each act so found.

If, on the other hand, you fail to so find, then you would answer "No" in the spaces provided.

813.62 The second issue reads:

"Was the defendant's conduct in commerce or did it affect commerce?"

You will answer this issue only if you have found in the plaintiff's favor on the preceding issue. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant's conduct was either "in commerce" or that it "affected commerce."

Conduct is "in commerce" when it involves a business activity.

Conduct "affects commerce" whenever a business activity is adversely and substantially affected.

(A "business activity" is the way a business conducts its regular, day-to-day activites or affairs (such as the purchase and sale of goods), or whatever other activities the business regularly engages in and for which it is organized.)

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant's conduct was "in commerce" or that it "affected commerce," then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find then it would be your duty to answer this issue "No" in favor of the defendant.

N.C.P.I. - Civil 813.05

813.70 The third issue reads:

"Was the defendant's conduct a proximate cause of the plaintiff's injury?"

You will answer this issue only if you have found in the plaintiff's favor on the preceding two issues.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, two things:

First, that the plaintiff has suffered injury, and

Second, that the defendant's conduct was a proximate cause of the plaintiff's injury.

Proximate cause is a cause which in a natural and continuous sequence produces the injury, and is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result.

There may be more than one proximate cause of an injury. Therefore, the plaintiff need not prove that the defendant's conduct was the sole proximate cause of the plaintiff's injury. The plaintiff must prove, by the greater weight of the evidence, only that the defendant's conduct was a proximate cause.

*NOTE WELL: For a representation to be a proximate cause of injury or damage in an unfair trade practice case, the jury must find that the plaintiff "actually relied" on the representation.[4]    Therefore, if the jury has answered "yes," to a special interrogatory whether the defendant represented a fact to the plaintiff (see N.C.P.I.-Civil 813.21), then the following instruction should be given in connection with such representation.*

[In the First Issue,[5] if you answered "Yes" that the defendant

(1) represented to the plaintiff that the automobile was a oneowner vehicle, knowing that the automobile had two previous owners, or

(2) represented to the plaintiff that the automobile had never been wrecked, knowing that the automobile had been wrecked, then in order to establish that the defendant's conduct was the proximate cause of the plaintiff's injury, the plaintiff must show (1) that he actually relied on the representation made by the defendant and (2) that the plaintiff's reliance was reasonable.

N.C.P.I. - Civil 813.05

"Actual reliance" requires that the plaintiff affirmatively incorporated the alleged misrepresentation into his decision-making process; that is, if it were not for the misrepresentation, the plaintiff would likely have avoided the injury altogether.

The plaintiff's reliance would be reasonable if, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care for *his* own interests, would have relied on the misrepresentation.]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the plaintiff has suffered an injury, and that the defendant's conduct proximately caused the plaintiff's injury, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

813.80 The fourth issue reads:

"In what amount has the plaintiff been injured?"

If you have answered all the preceding issues "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage caused by the wrongful conduct of the defendant.

The plaintiff may also be entitled to recover actual damages. The plaintiff has the burden of proving the amount of actual damages. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages, if any, sustained as a result of *his* injury.

Such damages would include the difference in the value of the 1970 Dodge automobile as represented by the defendant and the value of the automobile as actually delivered.

The plaintiff's damages are to be reasonably determined from the evidence presented in the case. The plaintiff is not required to prove with mathematical certainty the extent of *his* injury in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. An award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. However, you may not award any damages based upon mere speculation or conjecture.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of actual damages sustained by the plaintiff by reason of *his* injury, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as "One Dollar" in the blank space provided.

## *N.C.P.I. - Civil 813.20*

*North Carolina Pattern Jury Instructions for Civil Cases > PART IV. MISCELLANEOUS TORTS > Chapter 15. Trade Regulation*

## 813.20 TRADE REGULATION--VIOLATION--ISSUE OF CONTRACTS AND CONSPIRACIES IN RESTRAINT OF TRADE[1]

(*N.C.G.S. § 75-1*.)

The (*state number*) issue reads:

"Did the defendant(s) enter into a [contract] [conspiracy][2] in unreasonable restraint of trade or commerce in the State of North Carolina?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, three things:

First, that the defendant(s) entered into a [contract] [conspiracy].

[*Here instruct the jury on the definition of a contract. See N.C.P.I.--Civil 500.00 et seq.*][3]

[*Here instruct the jury on the definition of conspiracy. See N.C.P.I.--Civil 813.22.*]

Second, that the [contract] [conspiracy] was in restraint of trade or commerce in North Carolina. A [contract] [conspiracy] is in restraint of trade or commerce in North Carolina if it has a tendency to suppress competition in this State.[4]

Third, that the restraint of trade or commerce was unreasonable.[5] In determining whether the restraint was unreasonable, you should take into consideration:

(1) the nature of the business to which the restraint is applied;

(2) the condition of the business before and after the restraint was imposed;

(3) the nature of the restraint and its effect, actual or probable, on the public; and

(4) (*state other factors as shown by the evidence*.)

N.C.P.I. - Civil 813.20

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant(s) entered into a [contract] [conspiracy] in unreasonable restraint of trade or commerce in North Carolina, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

*N.C.P.I. - Civil 813.21*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART IV. MISCELLANEOUS TORTS >*
*Chapter 15. Trade Regulation*

## 813.21 TRADE REGULATION--VIOLATION--ISSUE OF UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES[1]

(*N.C.G.S. § 75-1*.)

The (*state number*) issue reads:

"Did the defendant do (*at least one of*) the following: (*here state in special interrogatories the acts of the defendant which allegedly violate N.C. Gen. Stat. § 75-1.1*)?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant did (at least one of) the act(s) as contended by the plaintiff. In this case the plaintiff contends, and the defendant denies, that the defendant: (*State the alleged* acts of the defendant which plaintiff contends violate *N.C. Gen. Stat. § 75-1.1*).[8]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant did (at least one of) the act(s) contended by the plaintiff, then you would answer "Yes" in the space beside each act so found.

If, on the other hand, you fail to so find, then you would answer "No" in the space provided.

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

*N.C.P.I. - Civil 813.62*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART IV. MISCELLANEOUS TORTS >
Chapter 15. Trade Regulation*

## 813.62 Trade Regulation-Commerce-Unfair and Deceptive Methods of Competition and Unfair or Deceptive Acts or Practices

NOTE WELL: Use this instruction only in connection with N.C.P.I.-Civil 813.21, "Unfair and Deceptive Methods of Competition and Unfair or Deceptive Acts or Practices," which must be given prior to this issue on commerce.

The (*state number*) issue reads:

"Was the defendant's conduct in commerce or did it affect commerce?"[1]

You will answer this issue only if you have found in the plaintiff's favor on the preceding issue. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant's conduct was either "in commerce" or that it "affected commerce."[2]

Conduct is "in commerce" when it involves a business activity.

Conduct "affects commerce" whenever a business activity is adversely and substantially affected.

(A "business activity" is the way a business conducts its regular, day-to-day activities or affairs (such as the purchase or sale of goods), or whatever other activities the business regularly engages in and for which it is organized.)[5]

Finally, as to the (*state number*) issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant's conduct was "in commerce" or that it "affected commerce," then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find then it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

*N.C.P.I. - Civil 813.70*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART IV. MISCELLANEOUS TORTS >
Chapter 15. Trade Regulation*

## 813.70 TRADE REGULATION-PROXIMATE CAUSE-ISSUE OF PROXIMATE CAUSE[1]

*NOTE WELL: A claim for an unfair or deceptive trade practice stemming from an alleged misrepresentation requires a plaintiff to demonstrate reliance on the misrepresentation in order to show the necessary proximate cause.[2]*

The (*state number*) issue reads:

"Was the defendant's conduct a proximate cause of the [plaintiff's injury] [injury to the plaintiff's business]?"

You will answer this issue only if you have found in the plaintiff's favor on the (*state number*) issue.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, two things:

First, that [the plaintiff has suffered an injury] [the plaintiff's business has been injured], and

Second, that the defendant's conduct was a proximate cause of [the plaintiff's injury] [the injury to the plaintiff's business].

Proximate cause is a cause which in a natural and continuous sequence produces the injury, and is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result.[3]

There may be more than one proximate cause of an injury. Therefore, the plaintiff need not prove that the defendant's conduct was the sole proximate cause of the [plaintiff's injury] [injury to the plaintiff's business]. The plaintiff must prove, by the greater weight of the evidence, only that the defendant's conduct was a proximate cause.

N.C.P.I. - Civil 813.70

The plaintiff's reliance would be reasonable if, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care for *his* own interests, would have relied on the misrepresentation.[7] ]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that [the plaintiff has suffered an injury] [the plaintiff's business has been injured], and that the defendant's conduct proximately caused the [plaintiff's injury] [injury to it], then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

North Carolina Pattern Jury Instructions for Civil Cases

 Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

*N.C.P.I. - Civil 813.80*

*North Carolina Pattern Jury Instructions for Civil Cases  >  PART IV. MISCELLANEOUS TORTS >
Chapter 15. Trade Regulation*

## 813.80 TRADE REGULATION-DAMAGES-ISSUE OF DAMAGES[1]

The (*state number*) issue reads:

"In what amount has [the plaintiff been injured] [the business of the plaintiff been injured]?"

If you have answered all the preceding issues "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage caused by the wrongful conduct of the defendant.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages sustained, if any, as a result of [*his* injury] [the injury to *his* business].

Such damages would include (*here give appropriate instructions on damages. The following examples are not exhaustive*[2] *but are offered to provide guidance in most cases*).[3]

*I. For injury to the plaintiff as a competitor:*

[any loss in the value of the plaintiff's business as a going concern]

 [the value of the plaintiff's business as a going concern just before it was destroyed. That is, the amount a willing buyer would pay for the business, and a willing seller would accept, neither being in need of an immediate purchase or sale].

N.C.P.I. - Civil 813.80

*II. For injury to the plaintiff as a consumer or to its business as a customer.*

[personal injury to the plaintiff. (*Here give appropriate instructions on personal injury damages. See N.C.P.I.--Civil 810.00 through 810.85.*)]

[(*give appropriate "benefit of the bargain" instructions. For example*: the difference in the value of (*describe property*) as represented by the defendant and as actually delivered.)]

[(*give appropriate instructions on cost of repairs. For example*: the reasonable cost of parts and labor necessary to repair (*describe property*) to put it in as good condition as was represented at the time of the sale.)]

[the amount of price discrimination paid by the plaintiff. That is, the amount that the plaintiff was required to pay above what he would have had to pay if (*describe conduct that would have been nondiscriminatory; e.g., "defendant had charged the same price in Wilmington that he charged in Charlotte"*).]

[the excess price paid by the plaintiff. That is, the difference between the price actually paid for (*specify product or service*) and the price for which it could have been obtained in an open and free market.]


*III. For damages resulting from a breach of contract to sell real property.*

[earnest money deposits]

[loss of the use of specific and unique property]

[loss of the appreciated value of the property

[(*Here state such other elements of damage supported by the evidence*)].[5]

The plaintiff's damages are to be reasonably determined from the evidence presented in the case. The plaintiff is not required to prove with mathematical certainty the extent of [*his* injury] [the injury to *his* business] in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. An award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. However, you may not award any damages based upon mere speculation or conjecture.[6]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, the amount of actual damages sustained by the plaintiff by reason of [*his* injury] [the injury to *his* business], then it would be your duty to write that amount in the blank space provided. If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

North Carolina Pattern Jury Instructions for Civil Cases

Copyright © 2019 North Carolina Conference of Superior Court Judges, All Rights Reserved

# OREGON

Or. UCJI §§ 43.01-43.02

§ 43.01. Unlawful Trade Practice—Elements

§ 43.02. Unlawful Trade Practices Act—Damages (Ascertainable Loss)

## *Or. UCJI § 43.01*

*Oregon Uniform Civil Jury Instructions  >  MISCELLANEOUS TORTS*

# § 43.01 - Unlawful Trade Practice—Elements

Oregon's Unlawful Trade Practices Act prohibits any person or entity from using certain unlawful methods, acts, or practices in trade or commerce.

To recover, the plaintiff must prove the following elements by a preponderance of the evidence:

(1) The defendant willfully [*insert applicable conduct from relevant subsection(s) of ORS 646.607, ORS 646.608, or OAR ch 137, div 20*];

(2) The defendant was acting in the course of the defendant's business, vocation, or occupation;

(3) The [*insert as applicable*: real estate, goods, or services] at issue [were / was] obtained by the plaintiff primarily for personal, family, or household purposes and customarily are obtained by purchasers primarily for personal, family, or household purposes [, or were obtained as a result of telephone solicitation]; and

(4) The plaintiff suffered an ascertainable loss of money or property as a result of the defendant's conduct.

*Or. UCJI § 43.02*

*Oregon Uniform Civil Jury Instructions  >  MISCELLANEOUS TORTS*

## § 43.02 - Unlawful Trade Practices Act—Damages (Ascertainable Loss)

*Ascertainable loss* means a loss of money or property capable of being discovered, observed, or established. If an ascertainable loss of money or property is proven, the plaintiff may recover actual damages or $200, whichever is greater.

# SOUTH CAROLINA

## SC JI CIVIL §§ 34-1 to 34-10

§ 34-1 UTPA—Elements

§ 34-2 UTPA—When Act or Practice is Unfair

§ 34-3 UTPA—Capacity to Deceive

§ 34-4 UTPA—Distinguished From Ordinary Breach of Contract Claim

§ 34-5 UTPA—Public Interest Requirement

§ 34-6 UTPA—Puffing Defined

§ 34-7 UTPA—Sales Puffing

§ 34-8 UTPA—Single Transaction

§ 34-9 UTPA—Actual Damages

§ 34-10 UTPA—Treble Damages and Reasonable Attorney's Fees

# *SC JI CIVIL § 34-1*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 34 UNFAIR TRADE PRACTICES ACT (UTPA)*

## Author

Ralph King Anderson, Jr.

## § 34-1 UTPA - Elements

The South Carolina Unfair Trade Practices Act is contained in the Code of Laws as passed by the General Assembly of this State in section 39-5-10 through section 39-5-560 (1985 & Supp. 2001). It is the law of this State.

Section 39-5-20(a) of the Unfair Trade Practices Act provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful."

The terms "trade" and "commerce" include the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situate, and any trade or commerce directly or indirectly affecting the people of South Carolina. Although the Act defines "trade and commerce" to include the previously mentioned activities, the list is not exclusive. The words, "trade" and "commerce," as used in the Act, are synonymous. Broadly defined, the word "trade" includes the business of buying as well as the business of selling.

Section 39-5-140(a) of the South Carolina Code authorizes recovery only when the plaintiff has suffered "any ascertainable loss of money or property . . . as a result of the use or employment by another person of an unfair or deceptive method, act or practice."

To recover pursuant to the Unfair Trade Practices Act, the plaintiff must prove by the preponderance of the evidence:

    (1) a violation of the Unfair Trade Practices Act;

    (2) proximate cause; and

    (3) damages.

The act or practice complained of must be unfair or deceptive. Whether an act or practice is unfair or deceptive within the meaning of the Act depends upon the surrounding facts and the impact of the transaction on the marketplace. It need not be based on a binding contract. Where a contract exists, a mere breach of the contract is not conduct which violates the Act.

SC JI CIVIL § 34-1

Proof of common law fraud is not required to establish a violation. However, to be actionable under the Act, the unfair or deceptive act or practice complained of must have an impact on the public interest. Unfair or deceptive acts or practices in the conduct of trade or commerce have an impact upon the public interest if the acts or practices have the potential for repetition. The potential for repetition may be shown in two ways:

(1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or

(2) by showing the company's procedures create a potential for repetition of the unfair and deceptive acts.

These are not the only means for showing potential repetition.

The plaintiff must present proof of specific facts disclosing that members of the public were adversely affected by the unfair conduct or that they were likely to be.

The plaintiff must prove proximate cause.

[See Chapter 20, § 20-2 for a detailed charge on Proximate Cause]

In addition, the plaintiff must prove damages. Actual damages include special or consequential damages which are the natural and proximate result of the deceptive conduct. Any person is liable for damages resulting from their use or employment of unfair trade practices.

## *SC JI CIVIL § 34-2*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 34 UNFAIR TRADE PRACTICES ACT (UTPA)*

## Author

Ralph King Anderson, Jr.

## § 34-2 UTPA - When Act or Practice is Unfair

An act or practice is "unfair" when it is offensive to public policy or when it is immoral, unethical, or oppressive.

## SC JI CIVIL § 34-3

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 34 UNFAIR TRADE PRACTICES ACT (UTPA)*

## Author

Ralph King Anderson, Jr.

## § 34-3 UTPA - Capacity to Deceive

Proof of common law fraud is not required to establish a violation of the Unfair Trade Practices Act. There is no need to show that a representation was intended to deceive, but only that it had the capacity, effect, or tendency to do so.

A deceptive act or practice is one which has a tendency to deceive. Even a truthful statement may be deceptive if it has a capacity or tendency to deceive.

## SC JI CIVIL § 34-4

*South Carolina Requests to Charge - Civil > PART II. SUBSTANTIVE CHARGES > CHAPTER 34 UNFAIR TRADE PRACTICES ACT (UTPA)*

## Author

Ralph King Anderson, Jr.

## § 34-4 UTPA - Distinguished From Ordinary Breach of Contract Claim

A deliberate or intentional breach of a valid contract is not in and of itself a violation of the Unfair Trade Practices Act. The act complained of should be deceptive or actually approach deception. The term "unfair trade practice" encompasses a wide variety of shady practices sometimes associated with the marketing of consumer goods and services.

# *SC JI CIVIL § 34-5*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 34 UNFAIR TRADE PRACTICES ACT (UTPA)*

## Author

Ralph King Anderson, Jr.

## § 34-5 UTPA - Public Interest Requirement

To be actionable under the Unfair Trade Practices Act, the unfair method of competition or the unfair or deceptive act or practice must have an adverse impact upon the public interest. Expressed differently, the Act is not available to redress a private wrong where the public interest is unaffected. An unfair or deceptive act or practice has an impact upon the public interest if the act or practice has the potential for repetition.

The potential for repetition may be shown in two ways:

(1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or

(2) by showing the company's procedures create a potential for repetition of the unfair and deceptive acts.

These are not the only means of showing the potential for repetition.

*SC JI CIVIL § 34-6*

*South Carolina Requests to Charge - Civil > PART II. SUBSTANTIVE CHARGES > CHAPTER 34 UNFAIR TRADE PRACTICES ACT (UTPA)*

## Author

Ralph King Anderson, Jr.

## § 34-6 UTPA - Puffing Defined

Puffing is an expression of opinion by a seller not made as a representation of fact. It is exaggeration by a salesperson concerning the quality of goods, which is not considered a legally binding promise. It usually concerns opinions rather than facts.

## *SC JI CIVIL § 34-7*

*South Carolina Requests to Charge - Civil > PART II. SUBSTANTIVE CHARGES > CHAPTER 34 UNFAIR TRADE PRACTICES ACT (UTPA)*

## Author

Ralph King Anderson, Jr.

## § 34-7 UTPA - Sales Puffing

Expected puffing of a vendor's product is not in and of itself an unfair trade practice. The Unfair Trade Practices Act does not extend to acts, practices or representations which constitute nothing more than mere dealer's talk, or puffing.

## *SC JI CIVIL § 34-8*

*South Carolina Requests to Charge - Civil > PART II. SUBSTANTIVE CHARGES > CHAPTER 34 UNFAIR TRADE PRACTICES ACT (UTPA)*

## Author

Ralph King Anderson, Jr.

## § 34-8 UTPA - Single Transaction

Even a single instance of an unfair or deceptive act or practice is sufficient to base a claim for damages under the Act.

# *SC JI CIVIL § 34-9*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 34*
*UNFAIR TRADE PRACTICES ACT (UTPA)*

## Author

Ralph King Anderson, Jr.

## § 34-9 UTPA - Actual Damages

Under the Unfair Trade Practices Act, any person who suffers any ascertainable loss of money or property as a result of the use or employment by another person of an unfair or deceptive method, act or practice may recover actual damages.

Actual damages or compensatory damages are damages in satisfaction of, or in recompense for, loss or injury sustained. Actual damages include special or consequential damages which are the natural and proximate result of the deceptive conduct. The phrase "actual damages" refers to common law damages, or the difference in value between that with which the plaintiff parted and that which he received.

## *SC JI CIVIL § 34-10*

*South Carolina Requests to Charge - Civil  >  PART II. SUBSTANTIVE CHARGES  >  CHAPTER 34
UNFAIR TRADE PRACTICES ACT (UTPA)*

## Author

Ralph King Anderson, Jr.

## § 34-10 UTPA - Treble Damages and Reasonable Attorney's Fees

# TENNESSEE

## T.P.I. Civil §§ 11.45, 11.47

§ 11.45. Consumer Protection Law (Consumer Protection Act of 1977)—Actual Damages

§ 11.47. Consumer Protection Claim Brought with a Separate Claim  for Punitive Damages under Another Theory

*T.P.I. Civil 11.45*

*Tennessee Pattern Jury Instructions - Civil > CHAPTER 11 STATUTORY ACTIONS > D. Consumer Protection Law*

# § 11.45 CONSUMER PROTECTION LAW (CONSUMER PROTECTION ACT OF 1977) ACTUAL DAMAGES

Plaintiff claims that the defendant violated the Tennessee Consumer Protection Act. The Tennessee Consumer Protection Act allows a plaintiff to recover actual damages for a loss of money, property or thing of value as a result of a defendant's use of an unfair or deceptive act or practice.

To recover damages from the defendant for a violation of this law, the plaintiff must prove by a preponderance of the evidence that:

1. The defendant's act or practice is unfair or deceptive;

2. The plaintiff suffered a loss of money, property or thing of value as a result of the unfair or deceptive practice.

[Certain practices are by law unfair or deceptive. In this case, the plaintiff alleges that the defendant engaged in conduct that the law has determined to be unfair or deceptive:

[Insert specific provisions of *Tenn. Code Ann. § 47-18-104* here.]

The plaintiff has the burden of proving by a preponderance of the evidence that the defendant engaged in conduct that the law has determined to be unfair or deceptive.]

The law also provides a jury with the right to determine whether the conduct of the defendant is deceptive or unfair. A deceptive act or practice is one that tends to deceive, that causes a consumer to believe what is false, or that misleads or tends to mislead a consumer as to a matter of fact. Deceptive acts or practices by merchants may consist of statements, silence, or actions.

On the other hand, unfair conduct is even broader than the concept of deceptiveness. It is conduct that causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and is not outweighed by benefits to consumers or competition.

"Substantial" injury must be more than trivial or speculative, and may be found if a relatively small harm is inflicted on a large number of consumers or if a greater harm is inflicted on a relatively small number of consumers.

N-168

T.P.I. Civil 11.45

Substantial injury usually involves monetary injury or unwarranted health and safety risks. Conduct by a merchant is not unfair if the consumer could reasonably avoid an injury.

   If you find that the plaintiff has proven by a preponderance of evidence that the defendant engaged in an act or practice that the law has declared to be unfair or deceptive or that you have determined to be unfair or deceptive, the plaintiff is entitled to recover actual damages for any money, property, or thing of value that was lost as a result of the defendant's unfair or deceptive acts or practices.

*T.P.I. Civil 11.47*

*Tennessee Pattern Jury Instructions - Civil  >  CHAPTER 11 STATUTORY ACTIONS  >  D. Consumer Protection Law*

## § 11.47 CONSUMER PROTECTION CLAIM BROUGHT WITH A SEPARATE CLAIM FOR PUNITIVE DAMAGES UNDER ANOTHER THEORY

Plaintiff has sued defendant under two separate claims. First, the plaintiff has sued defendant under the Tennessee Consumer Protection Law. Second, the plaintiff has sued the defendant under the law of [fraud] [negligent misrepresentation] [deceit].

[charge Tennessee Consumer Protection Law and damage section T.P.I. - Civil 11.45]

[charge other theory, damages and punitive damages sections]

[go over verdict form]

You must consider each claim separately and determine whether the plaintiff should recover under one of the claims, both of the claims or neither of the claims. If you find in favor of the plaintiff the plaintiff will be awarded the amount of damages, if any, you find to be appropriate. However, if you find for the plaintiff on both the Tennessee Consumer Protection Law claim and the claim based on [fraud] [negligent representation] [deceit], the plaintiff will not be permitted to collect damages under both claims but instead will have to choose whether to accept the damages under the Tennessee Consumer Protection Law or the damages under the claim based on [fraud] [negligent representation] [deceit]. In other words, if you decide the plaintiff should recover monetary damages from the defendant the plaintiff will be able to recover those damages only once, even if you find that the plaintiff has proved both the Tennessee Consumer Protection Law claim and the claim based on [fraud] [negligent representation] [deceit].

# TEXAS

PJC 115.9

115.9—Question and Instruction on Deceptive Trade Practice Damages

## *PJC 115.9*

*Texas Civil Pattern Jury Charges > Business, Consumer, Insurance & Employment 2020 Edition >*
*CHAPTER 115 DAMAGES*

## PJC 115.9 Question and Instruction on Deceptive Trade Practice Damages

*[Insert predicate, PJC 115.1.]*

QUESTION _____

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate   *Paul Payne* for   *his*
damages, if any, that resulted from such conduct?

Consider the following elements of damages, if any, and none other.

*[Insert appropriate instructions. See examples in PJC 115.4 and 115.10.]*

In answering questions about damages, answer each question separately. Do not increase or reduce the amount
in one answer because of your answer to any other question about damages. Do not speculate about what any
party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to
your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1.  [ *Element A*] sustained in the past.

Answer: _____

2.  [ *Element A*] that, in reasonable probability, will be sustained in the future.

Answer: _____

3.  [ *Element B*] sustained in the past.

Answer: _____

4.  [ *Element B*] that, in reasonable probability, will be sustained in the future.

Answer: _____

# VERMONT

VT Civil Jury Instruction §§ 8.0-8.3

§ 8.0. Consumer Fraud: General Charge

§ 8.1. Jury not Bound by Either Party's Characterization of His/Her Acts or Statements

§ 8.2. Damages--Consumer Fraud

§ 8.3. Exemplary Damages--Civil Penalty

*VT Civil Jury Instructions § 8-8.0*

*Vermont Civil Jury Instructions  >  8 Consumer Fraud*

---

## § 8.0 Consumer Fraud: General Charge

[Name of plaintiff] claims that [name of defendant]'s [describe the activity/good/service] was [an unfair act/a deceptive practice/a false representation]. [Name of plaintiff] has to prove three things:

1. [Name of defendant] said something, failed to say something or did something that an ordinary person would decide was misleading; and

2. [Name of plaintiff] reasonably understood what [name of defendant] did or said; and

3. [Name of defendant]'s misleading statements or actions were "material," that is, would be likely to affect an ordinary person's decision whether or not to [purchase goods or services/enter into the lease/pay a particular price, etc.].

## *VT Civil Jury Instructions § 8-8.1*

*Vermont Civil Jury Instructions  >  8 Consumer Fraud*

---

## § 8.1 Jury not Bound by Either Party's Characterization of His/Her Acts or Statements

Whether a statement is deceptive or material is not determined by what [name of defendant] "meant" by them or by [name of plaintiff]'s understanding of [name of defendant]'s words or actions. Instead, you must look at all the facts surrounding [name of plaintiff]'s [purchase, lease, contract] in light of all the evidence that the plaintiff and defendant presented. If you determine that an ordinary person would have understood that [name of defendant]'s *(describe act/statement/omission)* was [unfair/deceptive/false] and that an ordinary person would have understood [name of defendant]'s [act/statement/omission] in the same way that [name of plaintiff] did, then the [act/statement/omission] was [unfair/deceptive/false] and material.

## *VT Civil Jury Instructions § 8-8.2*

*Vermont Civil Jury Instructions  >  8 Consumer Fraud*

---

## § 8.2 Damages--Consumer Fraud

If you find that [name of plaintiff] has proved [his/her] claim, then the damages consist of the amount of money [name of plaintiff] paid minus the value of what [he/she] received.

[Alternate instruction *(see note below):* If you find that [name of plaintiff] has proved [his/her] claim, then the damages consist of the amount of money [name of plaintiff] paid as a result of [name of defendant]'s [unfair act/deceptive practice/false representation]. ]

*VT Civil Jury Instructions § 8-8.3*

*Vermont Civil Jury Instructions  >  8 Consumer Fraud*

---

## § 8.3 Exemplary Damages--Civil Penalty

In addition, if you find that [name of defendant] committed [an unfair act/deceptive practice/false representation], you may award damages to punish [name of defendant.] These damages to punish the defendant must not exceed three times the value that the plaintiff paid.

These damages for punishment are not intended to compensate [name of plaintiff] for losses, but instead are meant to punish [name of defendant] for [his/her/its] behavior and to stop others from acting similarly in the future.

Carelessness, or even recklessness, by [name of defendant] is not enough to permit an award of punitive damages. You are entitled to award these damages to punish [name of defendant] if you find that [name of defendant]'s actions were intentional and deliberate, causing the type of outrage that is frequently associated with crime. This can be shown by conduct showing personal ill will toward [name of plaintiff] or other evidence of a bad motive.

# VIRGINIA

1 Virginia Model Jury Instructions - Civil Instruction Nos. 39.070, 40.400 (2021)

Instruction No. 39.070. Burden of Proof on Common Law Fraud: Clear and Convincing

Instruction No. 40.400. False Advertising (Va. Code Ann. § 18.2-216): Issues

## *1 Virginia Model Jury Instructions - Civil Instruction No. 39.070*

*Virginia Model Jury Instructions - Civil > Chapter 39 FRAUD*

## Instruction No. 39.070  Burden of Proof on Common Law Fraud: Clear and Convincing

The burden is on the party charging common law fraud to prove it by clear and convincing evidence.

SOURCES & AUTHORITY

## *1 Virginia Model Jury Instructions - Civil Instruction No. 40.400*

*Virginia Model Jury Instructions - Civil  >  Chapter 40 MISCELLANEOUS TORTS*

## Instruction No. 40.400  False Advertising (Va. Code Ann. §18.2-216): Issues

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

(1) Did the defendant intend to sell or otherwise dispose of [merchandise; securities; service; land; lot; (name or describe other property)]?

(2) Did the defendant cause to be [made; published; disseminated; circulated; placed before the public] in a [newspaper; book; notice; pamphlet; letter; or other form of communication] an advertisement of any sort regarding such [merchandise; securities; service; land; lot; (name or describe other property)]?

(3) Did that advertisement contain a [promise; assertion; representation; statement of fact] which was untrue, deceptive or misleading?

(4) Did the plaintiff suffer a loss as a result of the defendant's acts?

(5) If the plaintiff is entitled to recover, what is the amount of damages?

On these issues, the plaintiff has the burden of proof.

Your decisions on these issues must be governed by the instructions that follow.

# WASHINGTON

Washington Pattern Jury Instructions - Civil (WPI) 310.01-310.04, 310.06-310.09

WPI 310.01. Elements of a Violation of the Consumer Protection Act

WPI 310.02. Reasonableness Defense to Consumer Protection Act Claim

WPI 310.03. Per se Violation of the Consumer Protection Act

WPI 310.04. Public Interest Element

WPI 310.06. Injury in Consumer Protection Act Claim

WPI 310.07. Causation in Consumer Protection Act Claim

WPI 310.08. Definition—Unfair or Deceptive Act or Practice

WPI 310.09. Definition—Trade or Commerce

*Washington Pattern Jury Instructions - Civil (WPI) 310.01*

*Washington Pattern Jury Instructions - Civil  >  PART XIV CONSUMER PROTECTION  >  CHAPTER 310 CONSUMER PROTECTION ACTIONS*

# WPI 310.01 ELEMENTS OF A VIOLATION OF THE CONSUMER PROTECTION ACT

(Insert name of plaintiff)    claims that    (name of defendant)    has violated the Washington Consumer Protection Act. To prove this claim,    (name of plaintiff)    has the burden of proving each of the following propositions:

(1) That    (name of defendant)    engaged in an unfair or deceptive act or practice;

(2) That the act or practice occurred in the conduct of    (name of defendant)'S    trade or commerce;

(3) That the act or practice affects the public interest;

(4) That    (name of plaintiff)    was injured in either [its] [his] [her] business or [its] [his] [her] property, and (5) That    (name of defendant)'S    act or practice was a proximate cause of    (name of plaintiff)'S    injury.

If you find from your consideration of all of the evidence that each of these propositions has been proved, your verdict should be for (name of    plaintiff)    [on this claim]. On the other hand, if any of these propositions has not been proved, your verdict should be for    (name of defendant)    [on this claim].

*Washington Pattern Jury Instructions - Civil (WPI) 310.02*

*Washington Pattern Jury Instructions - Civil  >  PART XIV CONSUMER PROTECTION  >  CHAPTER 310 CONSUMER PROTECTION ACTIONS*

# WPI 310.02 REASONABLENESS DEFENSE TO CONSUMER PROTECTION ACT CLAIM

The Consumer Protection Act does not prohibit acts or practices that are reasonable in relation to the development and preservation of business or that are not injurious to the public interest.

*Washington Pattern Jury Instructions - Civil (WPI) 310.03*

*Washington Pattern Jury Instructions - Civil  >  PART XIV CONSUMER PROTECTION  >  CHAPTER 310 CONSUMER PROTECTION ACTIONS*

# WPI 310.03 PER SE VIOLATION OF CONSUMER PROTECTION ACT

A violation of the statute relating to   (briefly describe the statute's subject matter)   is an unfair or deceptive act or practice in the conduct of   (name of defendant)'S   trade or commerce. [A violation of this statute also affects the public interest.]

This statute provides as follows:

(Insert a brief description of the requirements of the statute.)


If you find that a violation of this statute has occurred, then you must find that the first [two] [three] elements of a Consumer Protection Act violation have been proved.

*Washington Pattern Jury Instructions - Civil (WPI) 310.04*

*Washington Pattern Jury Instructions - Civil  >  PART XIV CONSUMER PROTECTION  >  CHAPTER 310 CONSUMER PROTECTION ACTIONS*

## WPI 310.04 PUBLIC INTEREST ELEMENT

An act or practice "affects the public interest" if the act or practice:

[violates   (insert citation to statute that incorporates the Consumer Protection Act)]   [or]

[violates   (insert citation to statute that specifically declares a public interest impact)]   [or]

[injured other persons] [or]

[had the capacity to Injure other persons] [or]

[has the capacity to injure other persons].

*Washington Pattern Jury Instructions - Civil (WPI) 310.06*

*Washington Pattern Jury Instructions - Civil > PART XIV CONSUMER PROTECTION > CHAPTER 310 CONSUMER PROTECTION ACTIONS*

# WPI 310.06 INJURY IN CONSUMER PROTECTION ACT CLAIM

(Insert name of plaintiff)    has suffered an "injury" if [his] [her] [its] business or property has been injured to any degree.    Under the Consumer Protection Act,    (name of plaintiff)    has the burden of proving that [he] [she] [it] has been injured, but no monetary amount need be proved and proof of any injury is sufficient, even if expenses or losses caused by the violation are minimal.

[Injuries to business or property do not include physi cal injury to a person's body, or pain and suffering.]

[Injuries to business or property, if any, include: [financial loss] [loss of professional business reputation] [loss of goodwill] [difficulty in securing a loan or other credit] [time away from work]    ((insert other applicable type of injury to business or property)]    [Inability to tend to business establishment].]

*Washington Pattern Jury Instructions - Civil (WPI) 310.07*

*Washington Pattern Jury Instructions - Civil  >  PART XIV CONSUMER PROTECTION  >  CHAPTER 310 CONSUMER PROTECTION ACTIONS*

## WPI 310.07 CAUSATION IN CONSUMER PROTECTION ACT CLAIM

(Insert name of plaintiff)   **has the burden of proving that**   (name of defendant)'S   **unfair or deceptive act or practice was a proxi mate cause of**   (name of plaintiff)'S   **injury**.

**"Proximate cause" means a cause which in direct sequence [unbroken by any new independent cause] pro duces the injury complained of and without which such injury would not have happened.**

**[There may be one or more proximate causes of an injury.]**

*Washington Pattern Jury Instructions - Civil (WPI) 310.08*

*Washington Pattern Jury Instructions - Civil > PART XIV CONSUMER PROTECTION > CHAPTER 310 CONSUMER PROTECTION ACTIONS*

## WPI 310.08 DEFINITION--UNFAIR OR DECEPTIVE ACT OR PRACTICE

In order to prove that    (name of defendant)    engaged in an unfair or deceptive act or practice, it is sufficient to show that the act or practice had the capacity to deceive a substantial portion of the public.    (Name of plaintiff) does not need to show that the act or practice was intended to deceive.

*Washington Pattern Jury Instructions - Civil (WPI) 310.09*

*Washington Pattern Jury Instructions - Civil > PART XIV CONSUMER PROTECTION > CHAPTER 310 CONSUMER PROTECTION ACTIONS*

# WPI 310.09 DEFINITION--TRADE OR COMMERCE

The phrase "trade or commerce" includes the sale of assets or services, and any commerce directly or indirectly affecting the people of the State of Washington. The word "assets" includes anything of value.

# WISCONSIN

Wis JI-Civil 2400

JI-2400 Unfair Trade Practice: Untrue, Deceptive, or Misleading Representation

*Wis JI-Civil 2418*

*Wisconsin Civil Jury Instructions  >  INTENTIONAL TORTS  >  Misrepresentation*

# JI-2418 UNFAIR TRADE PRACTICE: UNTRUE, DECEPTIVE, OR MISLEADING REPRESENTATION: *WIS. STAT. § 100.18(1)*

To constitute an untrue, deceptive, or misleading representation in this case, there are three elements which must be proved by   (plaintiff). First,   (defendant) made, published, or placed before one or more members of the public an advertisement, announcement, statement, or representation concerning the (sale) (hire) (use) (lease) (distribution) of [  **Note**: indicate nature of the sales promotion]. An advertisement, announcement, statement, or representation can be oral or written. It can appear in a newspaper, magazine, or other publication or it can be made by telephone or over radio or television. It may take the form of a notice, handbill, circular, pamphlet, letter, or any other means of (publishing) (disseminating) (circulating) it. [It may also take the form of a face–to–face communication.] Second, the advertisement or announcement contained a(n) (assertion) (representation) (statement) that was untrue, deceptive, or misleading. A(n) (assertion) (representation) (statement) is untrue if it is false, erroneous, or does not state or represent things as they are. A(n) (assertion) (representation) (statement) is deceptive or misleading if it causes a reader or listener to believe something other than what is in fact true or leads to a wrong belief. The (assertion) (representation) (statement) need not be made with knowledge as to its falsity or with an intent to defraud or deceive so long as it was made with the intent to (sell) (distribute) the [product or item] or with the intent to induce the (purchase) (use) of the [product or item]. Third,   (plaintiff) sustained a monetary loss as a result of the (assertion) (representation) (statement). In determining whether   (plaintiff's) loss was caused by the (assertion) (representation) (statement), the test is whether   (plaintiff) would have acted in its absence. Although the (assertion) (representation) (statement) need not be the sole or only motivation for   (plaintiff's) decision to (buy) (rent) (use) the [product or item], it must have been a material inducement. That is, the (assertion) (representation) (statement) must have been a significant factor contributing to   (plaintiff's) decision. [You may consider the reasonableness of   (plaintiff's) reliance on the (assertion) (representation) (statement) by   (defendant) in determining whether the (assertion) (representation) (statement) materially induced   (plaintiff) to sustain a monetary loss.]  **(Give Wis JI–Civil 200.)**