# APPENDIX 1

# Exemplar Cases Denying Certification of National, Multi-State, and/or Single State UE Classes

## Exemplar Cases Denying Certification of National, Multi-State, and/or Single State UE Classes

| Case | Reasons |
|---|---|
| *Walewski v. ZeniMax Media, Inc.*, No. 6:11-cv-1178-Orl-28DAB, 2012 WL 834125, at *9 n. 7 (M.D. Fla. Jan. 30, 2012), *report and recommendation adopted*, No. 6:11-cv-1178-Orl-28DAB, 2012 WL 847236 (M.D. Fla. Mar. 13, 2012), *aff'd*, 502 F. App'x 857 (11th Cir. 2012) | Court recommended that plaintiff's motion for class certification of unjust enrichment claims against defendant video game manufacturer based on an alleged defect in the game be denied, because the necessity of individualized inquiries into the equities of each class member's position made the case "inappropriate for class certification," particularly because the class "purports to include secondary market purchasers who obtained the game without any direct benefit to Defendant." |
| *Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortgage Ass'n*, 624 F.3d 185, 195-96 (5th Cir. 2010) | Court affirmed district court's denial of a nationwide unjust enrichment class because plaintiffs failed to show "that burden of proof standards do not vary or that differences in state unjust enrichment laws are insignificant." The court held that such variations "may be detrimental to Plaintiffs' claims, and Plaintiffs give no indication of why such variances in state law are irrelevant in this matter." |
| *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009) | Court vacated district court's grant of class certification of plaintiffs' unjust enrichment claims, due to the need for inquiries into the individualized equities of each class member's situation, stating "common questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts." |
| *Haines v. Fid. Nat'l Title of Fla.*, No. 8:19-cv-2995-KKM-AEP, 2022 U.S. Dist. LEXIS 28843, at *58-62 (M.D. Fla. Feb. 17, 2022), *adopted by and class certification denied*, Haines v. Fid. Nat'l Title of Fla., 2022 U.S. Dist. LEXIS 37224 (M.D. Fla., Mar. 2, 2022) | Court denied Plaintiffs' motion for class certification with respect to unjust enrichment claims because Plaintiffs' "failed to establish predominance because individualized facts will prove determinative", and "the claims in this action do not involve uniform charges equally applied to all putative class members as part of a policy or practice in every real estate transaction." |
| *In re Niaspan Antitrust Litig.*, 464 F. Supp. 3d 678, 723 (E.D. Pa. 2020) | Court denied Plaintiffs' motion for class certification Plaintiffs failed to show that their unjust enrichment claims satisfied Rule 23(b)(3) predominance. |
| *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, MDL No. 2785, 2020 WL 1873989, at *57-58 (D. Kan. Feb. 27, 2020) | Court denied (in relevant part) plaintiffs' motion to certify a nationwide unjust enrichment class because the "differences among state law definitions of unjust enrichment and its availability as a remedy," would require individualized inquiries "to determine claims from plaintiffs in 50 states plus the District of Columbia," and "would present significant manageability issues." The court held the individualized questions demand an inquiry "that will swamp the common questions" and "pose troubling case management obstacles[.]" |

1

| | |
|---|---|
| *In re McCormick & Co.*, 422 F. Supp. 3d 194, 231-35 (D.D.C. July 10, 2019) | Court denied (in relevant part) plaintiffs' motion to certify two multi-state unjust enrichment classes that spanned 29 jurisdictions because plaintiffs "failed to establish that there are no material variations in unjust enrichment law in the jurisdictions within each proposed class[.]" |
| *Hanks v. Lincoln Life & Annuity Co. of New York*, 330 F.R.D. 374, 384-86 (S.D.N.Y 2019) | Court denied (in relevant part) plaintiff's motion to certify nationwide unjust enrichment class, noting that most courts "have declined to certify" multi-state unjust enrichment claims "based on the significance of state law variations." Plaintiff's proposed state grouping presented "serious reasons to question the predominance of common legal issues" for the proposed class. For the same reasons, the court found the class presented manageability issues that defeated the superiority element of Rule 23(b). |
| *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 601-02 (S.D.N.Y. Feb. 28, 2018) | Court denied plaintiffs' motion to certify nationwide unjust enrichment class because "[v]ariations in substantive law defeat predominance[.]" "The unjust enrichment claim will require application of the law of the state in which the class member resides or has a principal place of business, which under the class definition extends to all 50 states." |
| *In re: Tropicana Orange Juice Mktg. & Sales Practices Litig.*, No. 2:11-07382, 2018 U.S. Dist. LEXIS 9797, at *16 (D.N.J. Jan. 22, 2018) | Court denied Plaintiffs' motion to certify an unjust enrichment class because "common questions would predominate Plaintiffs' unjust enrichment claims." |
| *In re Celexa & Lexapro Mktg. & Sales Pracs. Litig.*, 325 F.R.D. 529, 541 (D. Mass. 2017) | Court denied plaintiffs' motion to certify unjust enrichment class of against defendant drug manufacturers that allegedly participated in off-label marketing because "individualized issues as to justice and equity, such as whether off-label promotion caused the purchase of the drugs, predominate, preventing certification of a class for the unjust enrichment claim." |
| *Tropical Sails Corp. v. Yext, Inc.*, No. 14 Civ. 7582, 2017 WL 1048086, at *15 (S.D.N.Y. Mar. 17, 2017) | Court denied plaintiff's motion for class certification of unjust enrichment claims based on defendant's allegedly deceptive marketing practices that induced purchases of defendant's services; such purchasing decisions are too individualized for class treatment, because "the idiosyncratic personal choice" of each purchaser "obfuscates any classwide resolution" of whether defendant's allegedly deceptive practices induced any individual class member's purchase. |
| *Gonzalez v. Corning*, 317 F.R.D. 443, 528 (W.D. Pa. 2016) | Court denied Plaintiffs' motion to certify nationwide unjust enrichment class against defendant shingles manufacturer because "plaintiffs seek to pursue relief under various state-law theories," and "several courts have found unjust enrichment claims to be unsuitable for class treatment where the claim required a highly individualized inquiry in |

2

| | |
|---|---|
| | order to determine whether a defendant had been unjustly enriched in a particular circumstance." |
| *Hughes v. The Ester C Co.*, 317 F.R.D. 333, 353 (E.D.N.Y. 2016) | Court denied certification of multi-state unjust enrichment claims because variation among the states definitions of unjust enrichment was enough on its own to deny certification. |
| *LeBlanc v. Exxon Mobil Corp.*, No. 14-201-SDD-RLB, 2015 WL 1221560, at *4 (M.D. La. Mar. 17, 2015) | Court denied plaintiffs' motion for class certification of unjust enrichment claims regarding the sale of allegedly defective gasoline at full market value, stating that individualized inquiries as to "the nature, extent, and degree of impoverishment or damage" were required and would predominate over class issues, making class certification inappropriate. |
| *In re Dial Complete Mktg. & Sales Practices Litig.*, 312 F.R.D. 36, 62 (D.N.H. 2015) | Court denied Plaintiffs' motion for class certification with respect to unjust enrichment because Plaintiffs failed to provide any authority that "this claim is capable of classwide proof," and rather that an "'unjust enrichment' claim would typically require a factual inquiry into the circumstances of each purchase to determine whether it would be 'unjust' for the defendant to retain the alleged benefit." |
| *Dapeer v. Neutrogena Corp.*, No. 14-22113-CIV, 2015 WL 10521637, at *4-5 (S.D. Fla. Dec. 1, 2015) | Magistrate recommended denying plaintiff's motion to certify multi-state unjust enrichment class, even when divided into two sub-classes, because "the plethora of state law conflicts with regard to the unjust enrichment claim defeats the predominance of any common questions of fact or law[.]" |
| *Vista Healthplan, Inc. v. Cephalon, Inc.*, No. 2:06-CV-1833, 2015 WL 3623005, at *33-34 (E.D. Pa. June 10, 2015) | Court denied multi-state unjust enrichment class because variations in law rendered state unjust enrichment claims "not amenable to concise explanation," and that plaintiffs "failed to meet their burden of demonstrating that common questions of law predominate." |

3

| | |
|---|---|
| *In re Actiq Sales & Mktg. Practices Litig.*, 307 F.R.D. 150, 167-73 (E.D. Pa. 2015) | Court denied plaintiffs' motion to certify nationwide unjust enrichment class, even when broken into proposed multi-state and single-state groups, because the claims required "individualized inquir[ies] into equitable circumstances," meaning that "common questions of law or fact do not predominate under Rule 23(b)(3)." Similarly, the court held that the "interest in fairness in adjudicating individual issues outweighs the judicial burden of such [individual] suits," and thus the proposed classes were not "a superior method" for adjudication. |
| *Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 540 (N.D. Cal. 2015) | Court denied certification of a nationwide unjust enrichment class "because material variations in state law would predominate." |
| *Rapp v. Green Tree Servicing, LLC*, 302 F.R.D. 505, 519-20 (D. Minn. 2014) | Court denied plaintiffs' motion to certify a national unjust enrichment class as "the law of unjust enrichment varies too much from state to state to be amenable to national or even to multistate class treatment," and because "individual questions of law and fact would overwhelm questions common to the class as a whole." |
| *Karhu v. Vital Pharm., Inc.*, No. 13-60768-CIV-COHN/SELTZER, 2014 U.S. Dist. LEXIS 26756, at *25 (S.D. Fla. Mar. 3, 2014) | Court denied Plaintiffs' motion to certify an unjust enrichment class against defendant drug manufacturer because Plaintiffs offered "no persuasive analysis of the potentially applicable unjust enrichment laws, or why the Court should overlook differences among those laws to find that common questions predominate." |
| *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 75 (S.D.N.Y. 2013) | Court denied plaintiff's motion for class certification of unjust enrichment claims because the elements of unjust enrichment "are not susceptible to class wide proof" and issues like injury and damages would require individual inquiries. |
| *Martin v. Ford Motor Co.*, 292 F.R.D. 252, 282 (E.D. Pa. 2013) | Court denied plaintiff's motion to certify a nationwide class of unjust enrichment claims because (1) individual inquiries about each class member's alleged harms predominated over common issues and (2) not all jurisdictions have clearly stated their law of unjust enrichment, meaning the court would have to parse "a multitude of plausible arguments on the precise meaning of unjust enrichment under different state laws to ensure correct jury instructions." |

4

| | |
|---|---|
| *Crab House of Douglaston Inc. v. Newsday, Inc.*, No. 04 CV 558 (DRH)(WDW), 2013 U.S. Dist. LEXIS 45499, at *48-51 (E.D.N.Y. Mar. 29, 2013) | Court denied Plaintiffs' motion to certify an unjust enrichment class against defendant newspaper and its distributors because proof "individual to each advertiser" was necessary. |
| *Kunzelmann v. Wells Fargo Bank, N.A.*, No. 9:11-CV-81373-DMM, 2013 WL 139913, at *6-11 (S.D. Fla. Jan. 10, 2013) | Court denied certification of a nationwide unjust enrichment class because "the substantial variations" in states' unjust enrichment laws "swamp any common issues," and that "[w]hether treated as a predominance question or a manageability question, [these variations are] fatal to the quest for certification." |
| *Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 529, 548 (C.D. Cal. 2013) | Court denied motion to certify a nationwide unjust enrichment class after finding "that variances in state law and individual fact issues defeat commonality and predominance on Plaintiffs' claim for unjust enrichment." |
| *Ackerman v. Coca-Cola Co.*, No. 09 CV 395 (DLI)(RML), 2013 U.S. Dist. LEXIS 184232, at *77-79, 79 n.31 (E.D.N.Y. July 17, 2013) | Court denied Plaintiffs' motion to certify an unjust enrichment class, reasoning that "plaintiffs' claim for unjust enrichment was unsuited for class certification" on account of the individualized proof required by the damages calculation. |
| *Brown v. Kerkhoff*, 279 F.R.D. 479, 492 (S.D. Iowa 2012) | Court denied Plaintiffs' motion to certify an unjust enrichment class because of the "predominately individualized inquiry of unjust enrichment", which "requires answering the individualized inquiry as to whether Defendants received a benefit 'at the expense of [that] plaintiff.'" |
| *Yarger v. ING Bank, FSB*, 285 F.R.D. 308, 324-25 (D. Del. 2012) | Court denied (in relevant part) plaintiffs' motion to certify an unjust enrichment class covering sixteen states because the "states' laws have material variations." The court found these "material differences raise state law specific questions that defeat predominance." |
| *In re Bisphenol-A (BPA) Polycarbonate Plastic Prod. Liab. Litig.*, 276 F.R.D. | Court denied certification of a nationwide unjust enrichment class, stating that "[t]he difficulties involved in comparing and contrasting all of the nuances of the laws of fifty-one jurisdictions is undeniably complicated," and "increase[d] potential grounds for |

5

| | |
|---|---|
| 336, 340-43 (W.D. Mo. 2011) | error," demonstrate a class action is inappropriate. The court noted that "conducting the necessary inquiry is an unmanageable task." "Ultimately," the court could not conclude that there were common issues of law. |
| *Agostino v. Quest Diagnostics, Inc.*, No. 04-4362 (SRC), 2010 U.S. Dist. LEXIS 135310, at *51-52 (D.N.J. Dec. 22, 2010) | Court denied Plaintiffs' motion to certify an unjust enrichment class because Plaintiffs failed to demonstrate that they could "prove liability on such a claim on a class-wide basis" and there were "too many questions individual to the customer." |
| *Hegel v. Brunswick Corp.*, No. 09-C-882, 2010 U.S. Dist. LEXIS 82257, at *12-14 (E.D. Wis. July 19, 2010) | Court denied Plaintiffs' motion to certify an unjust enrichment class, reasoning that "due to the necessity of this inquiry into the individualized equities attendant to each class member, courts, including ours, have found unjust enrichment claims inappropriate for class treatment", and "common questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts." |
| *In re Aqua Dots Prod. Liab. Litig.*, 270 F.R.D. 377, 385-86 (N.D. Ill. 2010) | Court denied plaintiffs' motion to certify several multistate unjust enrichment subclasses because they were "fraught with procedural and choice-of-law problems that further preclude[d] certification." Specifically, the court held that "the law of unjust enrichment varies too much from state to state to be amenable to national or even to multistate class treatment." |
| *In re Digitek*, No. 2:08-md-01968, 2010 WL 2102330 (S.D. W. Va. May 25, 2010) | Court denied plaintiffs' nationwide and multiple, single-state proposed classes because the many individual considerations in unjust enrichment law led the court "to find predomination [] lacking," and that a nationwide class "would be entirely inappropriate as well." The individual inquiries would "outweigh the benefits that might be gained from certification," and thus the claim also failed to meet the superiority requirement of Rule 23. |
| *Tyler v. Alltel Corp.*, 265 F.R.D. 415, 428-49 (E.D. Ark. 2010) | Court denied plaintiff's motion to certify a multi-state unjust enrichment class. The court held that "[a]pplying twenty-five states' laws, even if divided into twenty-five subclasses, would present the Court with an unmanageable situation at trial," and thus plaintiff's proposed class failed to satisfy "Rule 23(b)(3)'s commonality and predominance requirements." |

6

| | |
|---|---|
| *Weiner v. Snapple Beverage Corp.*, No. 07 Civ. 8742(DLC), 2010 WL 3119452, at *11 (S.D.N.Y. Aug. 5, 2010) | Court denied class certification of unjust enrichment claims based on alleged overpayment against defendant Snapple because "plaintiffs have not shown that they will be able to prove on a class-wide basis that class members paid a price premium for Snapple beverages as a result of the 'All Natural' labeling, much less the amount of any such premium. As such, plaintiffs have not shown that they could prove with common evidence the extent to which Snapple was unjustly enriched or the amount of restitution to which class members would be entitled" and because such individual issues would "dwarf any issues of law or fact common to the class." |
| *Kottler v. Deutsche Bank AG*, No. 05 Civ. 7773(PAC), 2010 WL 1221809, at *4 (S.D.N.Y. Mar. 29, 2010) | Court denied plaintiffs' motion for certification of unjust enrichment claims against defendants that allegedly defrauded plaintiffs into placing their assets into illegal tax shelters because individualized inquiries would predominate over common issues; the court also emphasized that "variations in state law have generally precluded nationwide class certifications based on unjust enrichment theories." |
| *Muehlbauer v. Gen. Motors Corp.*, No. 05 C 2676, 2009 WL 874511, at *5-7 (N.D. Ill. Mar. 31, 2009) | Court denied motion to certify multistate unjust enrichment class, finding "multi-state class actions for unjust enrichment are inappropriate because the individual states' laws regarding unjust enrichment are too nuanced to lend themselves to class treatment." The court was concerned that "it would be nearly impossible to fashion a remedy in this case without individualized inquiries into each claim." |
| *Inola Drug, Inc. v. Express Scripts, Inc.*, No. 06-CV-117-GKF-TLW, 2009 WL 801838, at *7 (N.D. Okla. Mar. 25, 2009) | Court denied plaintiff pharmacy's motion for class certification of unjust enrichment claims against defendant PBM because plaintiff could not satisfy commonality, typicality, or adequacy requirements, stating, "[e]ven if plaintiff can establish conduct by [the PBM defendant] that is consistent with respect to all pharmacies at all relevant times, plaintiff has offered no evidence all members of the class detrimentally relied upon or were damaged by the conduct." |
| *Thompson v. Bayer Corp.*, No. 4:07CV00017 JMM, 2009 WL 362982, at *8 (E.D. Ark. Feb. 12, 2009) | Court denied plaintiff's motion for nationwide class certification of unjust enrichment claims based on allegedly false marketing of certain vitamins stating "[a]fter considering the variations in unjust enrichment laws, the Court finds that Plaintiff has failed to satisfy the superiority and predominance requirements of Rule 23(b)(3)." |
| *Spencer v. Hartford Fin. Servs. Grp., Inc.*, | Court denied plaintiffs' motion to certify nationwide unjust enrichment class because "the sheer complexity of elements . . . suggest why courts have been reluctant to certify |

7

| | |
|---|---|
| 256 F.R.D. 284, 304-05 (D. Conn. 2009) | unjust enrichment claims." Specifically, the court determined that "the legal variations in unjust enrichment claim defeat a finding of predominance," an element intended to help "ensure that class actions provide a means of aggregating like claims for reasons of expediency and justice without sacrificing the requirement that the burden of proof remains on plaintiffs to prove their entitlement to recovery under applicable law." |
| *Vulcan Golf, LLC v. Google Inc.*, 254 F.R.D. 521, 532-33 (N.D. Ill. 2008) | Court denied plaintiffs' motion to certify nationwide unjust enrichment class because "the plaintiffs notably fail to discuss the states' laws in detail or address the concerns raised by numerous other courts that have found significant differences in the laws." Accordingly, the court denied certification "because individual issues predominate . . . with respect to the unjust enrichment claim." |
| *Allen v. Holiday Universal*, 249 F.R.D. 166, 194 (E.D. Pa. 2008) | Court denied Plaintiffs' motion to certify an unjust enrichment class because "the application of equitable relief 'depends on the unique factual circumstances of each case'" and the "question of liability as to the unjust enrichment claims is notably and significantly more complex and individualized." |
| *Dungan v. Acad. at Ivy Ridge*, 249 F.R.D. 413, 427 (N.D.N.Y. 2008), *abrogated on other grounds, adopted by and class certification denied by Decision and Order*, 7:06-cv-00908, ECF 251, (May 13, 2008 N.D.N.Y) | Court denied Plaintiffs' motion for class certification with respect to unjust enrichment against defendant private school because such claims would require "individualized proof as to each plaintiff's situation and an individualized analysis of 'equity' and 'good conscience.'" |
| *Thompson v. Jiffy Lube Intern., Inc.*, 250 F.R.D. 607, 626-28 (D. Kan. 2008) | Court denied certification of a nationwide class after discussing variations on states' unjust enrichment laws and noting that "[b]ecause of such variations, federal courts have generally refused to certify a nationwide class based upon a theory of unjust enrichment." |
| *In re Conagra Peanut Butter Products Liab.*, 251 F.R.D. 689 (N.D. Ga. 2008) | Court denied certification of a nationwide class because, "[i]n a nationwide class, variations in state law may swamp any common issues and defeat predominance." The many differences among states' unjust enrichment laws "prevent[ed] the Court from finding that common issues of law predominate on this claim." Further, the court held, after a survey of the varying states' laws, that "[t]his morass is useful to establish not only the lack of uniformity of unjust enrichment claims across the country, but also the |

8

| | |
|---|---|
| | inferiority of class-wide resolution due to discerning the many differing legal standards." |
| *Ronat v. Martha Stewart Living Omnimedia, Inc.*, No. CIV. 05-520-GPM, 2008 WL 4963214, at *3-4 (S.D. Ill. Nov. 12, 2008) | Court denied plaintiffs' motion to certify nationwide unjust enrichment claims, even when divided into multi-state subclasses, because differences in state law, including "the statutes of limitations that apply under the different states' laws," defeated the superiority and manageability requirements of Rule 23(b)(3). |
| *Siegel v. Shell Oil Co.*, No. 06 C 0035, 2008 WL 4378399, at *4 (N.D. Ill. Sept. 23, 2008) | Court denied certification of a nationwide unjust enrichment class because the states' laws all "vary to some extent" and that "nuance in the law is important and must be respected." The court thus denied certification because plaintiffs "failed in their burden of establishing the requirements of commonality, superiority, and predominance[.]" |
| *In re Sears, Roebuck & Co. Tools Mktg. & Sales Pracs. Litig.*, No. 05 C 2623, 2007 WL 4287511, at *8-10 & n.7 (N.D. Ill. Dec. 4, 2007) | Court denied plaintiffs' motion for class certification of a nationwide unjust enrichment class, noting that "unjust enrichment is a tricky type of claim that can have varying interpretations even by courts within the same state, let alone amongst the fifty states." The court found the unjust enrichment claim required highly individualized factual determinations and that "[t]he differences in the unjust enrichment [laws] of the states" rendered the proposed class "unmanageable." |
| *In re Prempro Prods. Liab. Litig.*, 230 F.R.D. 555, 563 & 573 (E.D. Ark. 2005) | Court denied plaintiffs' motion to certify multi-state class alleging unjust enrichment because individual issues of law and fact "eclipse any possible common questions or cohesion among their claims," and thus failed to satisfy the predominance and superiority requirements of Rule 23(b). |
| *In re Baycol Prods. Litig.*, 218 F.R.D. 197, 213-14 (D. Minn. 2003) | Court denied plaintiffs' motion to certify a class based on claims of unjust enrichment because individual factual issues predominated, "rendering class certification unwarranted," and because plaintiffs "failed to demonstrate that common issues of law predominate" given the material variances in unjust enrichment laws nationwide. |
| *Lilly v. Ford Motor Co.*, No. 00 C 7372, 2002 WL 507126, at *2 (N.D. Ill. Apr. 3, 2002) | Court denied class certification because "[t]he variations in state common laws of unjust enrichment demonstrate that class certification of such a claim would be unmanageable." |
| *Clay v. Am. Tobacco Co.*, 188 F.R.D. | Court denied Plaintiffs' motion to certify an unjust enrichment class because "laws of unjust enrichment vary from state to state and require individualized proof of causation", |

9

| | |
|---|---|
| 483, 500-01 (S.D. Ill. 1999) | and Plaintiffs' failed to present "evidence to establish that the question of liability is uniform among all members of the proposed class." |