# APPENDIX 3

# UE: Directness of Relationship between Plaintiff and Defendant or of Benefit Conferred

## UE: Directness of Relationship between Plaintiff and Defendant or of Benefit Conferred[1]

| Some Directness in Benefit and/or Relationship Required | |
|---|---|
| **Requirement: Direct Benefit/Relationship** | |
| Alabama | *Danny Lynn Elec. & Plumbing, LLC v. Veolia ES Solid Waste Se., Inc.*, No. 2:09cv192-MHT, 2011 WL 2893629, at *6 (M.D. Ala. July 19, 2011) (holding that plaintiff's "unjust-enrichment claim should be dismissed as to the individual defendants because the **plaintiffs did not confer a *direct benefit*** on those individuals. . . . No *direct line* has been established between the money paid by the plaintiffs and the compensation received by the individuals, such that it could be determined what portion of their compensation resulted from the allegedly fraudulent fees.") (emphasis added). |
| Delaware | *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 59–60 (Del. Ch. 2012) (holding that to prove the third element of unjust enrichment "**a plaintiff must show that there is *some direct relationship*** . . . between a defendant's enrichment and a plaintiff's impoverishment. In other words, there must be [a] showing that the defendant was enriched unjustly *by the plaintiff who acted for the defendant's benefit*.") (emphasis added) (internal punctuation and citation omitted). |
| Florida | *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017) ("[T]o prevail on an unjust enrichment claim, **the plaintiff must *directly confer* a benefit to the defendant**.") (emphasis added); S*port & Wheat, CPA, PA v. ServisFirst Bank, Inc.*, 479 F. Supp. 3d 1247, 1255 (N.D. Fla. 2020) ("Plaintiff's *indirect conferral of a benefit* on Defendants ***is insufficient*** to satisfy the first element of a claim for unjust enrichment) (emphasis added). |
| Idaho | *Stevenson v. Windermere Real Estate/Capital Grp., Inc.*, 275 P.3d 839, 842–44 (Id. 2012) ("The Stevensons' argument, reduced to its essence, is that because they conferred a benefit upon Jefferson, and Jefferson conferred a benefit upon Windermere, they can cut out the middleman and directly recover from Windermere for unjust enrichment.... *We are unwilling to expand the doctrine of unjust enrichment* to the extent advocated by the Stevensons.") (emphasis added). |

---

[1] Note, Michigan, New Hampshire, West Virginia, and Wisconsin are not included in this analysis, as Plaintiffs do not seek the certify UE classes involving those states. Conversely, Louisiana is included since Plaintiffs purport to seek certification of a class including Louisiana, despite this Court having previously dismissed with prejudice unjust enrichment claims in Louisiana. MTD Order 5.

1

| | |
|---|---|
| New Jersey | *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 260 (D.N.J. 2020) **("[P]laintiffs are required to allege a *direct relationship* between the parties *or* that they conferred *a direct benefit* on MBUSA**. . . . [I]t is the plaintiff's (as opposed to a third party's) conferral of a benefit on defendant which forms the basis of an unjust enrichment claim.") (emphasis added) (internal citation and quotations omitted). |
| North Dakota | *Midland Diesel Serv. & Engine Co. v. Sivertson*, 307 N.W.2d 555, 557 (N.D. 1981) (stating that a claim for **unjust enrichment lies where a defendant has "obtained a benefit at the *direct expense* of"** the plaintiff) (emphasis added); *Apache Corp. v. MDU Resources Group, Inc.*, 603 N.W.2d 891 (N.D. 1999) (holding that the money defendant saved by breaching its contract with third party was not a "**benefit at the direct expense of**" the plaintiff even though plaintiff benefited from defendant's performance and suffered from defendant's breach) (emphasis added) (internal punctuation and citation omitted). |
| Ohio | *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005) ("The rule of law is that **an *indirect purchaser cannot assert* a common-law claim for restitution and unjust enrichment** against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser. . . . [N]o economic transaction occurred between [plaintiff] and [defendant], and, therefore, [plaintiff] cannot establish that [defendant] retained any benefit to which it is not justly entitled.") (emphasis added) (internal punctuation and citation omitted). |
| Wyoming | *Boyce v. Freeman*, 39 P.3d 1062, 1066 (Wyo. 2002) ("T & R Trucking received ***no direct benefit*** from this action, had no knowledge that Boyce expected it to provide compensation for the pickup truck, and engaged in no conduct inducing Boyce to supply the pickup to Kultgen. Simply put, the record is completely devoid of any evidence that T & R Trucking was unjustly enriched at Boyce's expense.") (emphasis added). |

2

| **Indirect Relationship or Benefit Acceptable in Specific, Limited Circumstances** | |
|---|---|
| **Requirement: Relationship Not Too Attenuated** | |
| New York | *Fero v. Excellus Health Plan, Inc.*, 502 F. Supp. 3d 724, 741 (W.D.N.Y. 2020) ("**A claim will not be supported if the connection between the parties is too attenuated. . . . The relationship must be one that could have caused reliance or inducement**.") (internal citations and quotations omitted) (emphasis added); *Waldman v. New Chapter, Inc.*, 714 F. Supp. 2d 398, 403–04 (E.D.N.Y. 2010) (explaining that under New York law, the "not too attenuated" requirement precludes an "indirect purchaser [from] assert[ing] an unjust enrichment claim against an entity that manufactured one of the product's ingredients.") (citation omitted).<br><br>*NB:* New York also requires the parties to have knowledge of the other party and the benefit. *Bashian & Farber, LLP v. Syms*, 173 A.D.3d 659, 662, 102 N.Y.S.3d 255, 258 (2019) ("However, an unjust enrichment cause of action will not be supported if the connection between the parties is too attenuated. . . . 'In order to adequately plead an unjust enrichment claim there must be allegations of a connection between the plaintiff and the defendant that is not too attenuated; that is, *the parties must have something akin to specific knowledge of one another's existence*'") (quoting *Georgia Malone & Co., Inc. v. Ralph Rieder*, 86 A.D.3d 406, 412, 926 N.Y.S.2d 494, affd 19 N.Y.3d 511, 950 N.Y.S.2d 333, 973 N.E.2d 743) (emphasis added). |
| **Requirement: Better Legal or Equitable Claim to Benefits** | |
| Connecticut | *Mujo v. Jani-King Int'l Inc.*, 431 F. Supp. 3d 18, 40–41 (D. Conn. 2019), *aff'd*, 13 F.4th 204 (2d Cir. 2021) ("Although unjust enrichment typically arises from a plaintiff's direct transfer of benefits to a defendant, it also may be indirect, involving, for example, a transfer of a benefit from a third party to a defendant when the plaintiff has a superior equitable entitlement to that benefit. **The standard for alleging a defendant's indirect benefit is highly restrictive, and the plaintiff must prove that it has "a better legal or equitable right to the disputed benefit than the defendant**.") (emphasis added) (internal citations and quotations omitted). |

3

| Hawaii | *Lumford v. Yoshio Ota*, 434 P.3d 1215, 1222 (Haw. Ct. App. 2018) ("Based on the rationale of the Restatement (Third) of Restitution, we hold that, ***in limited circumstances*, a claim for unjust enrichment may be stated by allegations that a third party has conferred a benefit upon a defendant to which the plaintiff claims he or she has a *superior legal or equitable right*** . . . . [T]he requirements for such a claim may be satisfied by proof of a clear legal entitlement.") (emphasis added) (internal citation and quotations omitted). |
|---|---|
| Illinois | *Hatcher v. Hatcher*, 158 N.E.3d 326 (Ill. 2020) ("To establish that the retention of a benefit conferred upon the defendant by a third-party constituted an unjust enrichment, a plaintiff must show that (1) the benefit should have been given to the plaintiff, but the third party mistakenly gave it to the defendant instead, (2) the defendant procured the benefit from the third party through some type of wrongful conduct, or (3) ***the plaintiff for some other reason had a better claim to the benefit than the defendant*****.") (emphasis added). |

**Requirement: Causal Connection Between Defendant's Benefit and Plaintiff's Impoverishment**

| Louisiana<br><br>Note: UE claims in Louisiana were previously dismissed with prejudice by this Court; nonetheless, Plaintiffs include Louisiana in their proposed class definitions | *Hanger One MLU, Inc. v. Unopened Succession of Rogers*, 981 So. 2d 175, 183 (La. Ct. App. 2008) ("**There must be a direct or indirect *causal connection* between one person's enrichment and another person's impoverishment.**") (emphasis added); *Kirkpatrick v. Young*, 456 So. 2d 622, 624 (La. 1984) (dismissing unjust enrichment and explaining that , "**although plaintiffs allege that the defendants were enriched as the result of these attorneys' efforts, *there is no allegation of a correlative impoverishment to the lawyers*.**") (emphasis added). |
|---|---|

**Requirement: Benefit from Plaintiff to Defendant Cannot be Incidental**

| Utah | *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018-19 (Utah 2015) ("A defendant is liable under unjust enrichment . . . only if he or she received a direct benefit from the plaintiff. In other words, unjust enrichment does not result if the defendant has received only an incidental benefit from the plaintiff's services." (internal citation and punctuation omitted); *Johnson v. Blendtec, Inc.,* 500 F. Supp. 3d 1271, 1292 (D. Utah 2020) ("While Utah requires a direct benefit in order to state a valid claim of unjust enrichment, the relevant distinction is not between a direct and |
|---|---|

| | |
|---|---|
| | indirect benefit, but rather between a direct and incidental benefit.") (internal punctuation and citation omitted). |

| No Directness in Benefit and/or Relationship Required | |
|---|---|
| **Direct Benefit/Relationship Explicitly Not Required** | |
| Arkansas | *Smith v. Whitener*, 856 S.W.2d 328, 330 (Ark. Ct. App. 1993) (holding that "even an innocent party" may be liable under unjust enrichment and the "enrichment need not have come directly from the [defendant]") (internal citations omitted). |
| California | *In re Gen. Motors LLC CP4 Fuel Pump Litig.*, 393 F. Supp. 3d 871, 882 (N.D. Cal. 2019) ("California law imposes no requirement of privity to make out an unjust enrichment claim."). |
| Colorado | *Salzman v. Bachrach*, 996 P.2d 1263, 1265 (Colo. 2000) ("The theory [of unjust enrichment] does not require any promise or privity between the parties"). |
| District of Columbia | *Campbell v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 130 F. Supp. 3d 236, 256 (D.D.C. 2015) ("[A] number of decisions from this Court have expressly held that a benefit indirectly conferred on a defendant can support an unjust enrichment claim."). |
| Indiana | *BloomBank v. United Fid. Bank F.S.B.*, 113 N.E.3d 708, 729 (Ind. Ct. App. 2018) ("[T]his Court has allowed a plaintiff to recover against a defendant for unjust enrichment even when it was a third party that conferred the benefit on the defendant[.]"). |
| Iowa | *State, Dep't of Hum. Servs. ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 155 (Iowa 2001) (holding that to state a claim for unjust enrichment, "benefits can be direct or indirect, and can involve benefits conferred by third parties") (citation omitted). |
| Maryland | *Bank of Am. Corp. v. Gibbons*, 918 A.2d 565, 571 (Md. App. 2007) ("[A] cause of action for unjust enrichment may lie against a transferee with whom the plaintiff had no contract, transaction, or dealing, either directly or indirectly."). |
| Massachusetts | *Massachusetts v. Mylan Lab'ys*, 357 F. Supp. 2d 314, 323 (D. Mass. 2005) ("Unjust enrichment does not require that a defendant receive direct payments from a plaintiff.") (internal citation and quotations omitted). |
| Oregon | *Grimstad v. Knudsen*, 386 P.3d 649, 658 (Or. App. 2016) ("[A] plaintiff can bring an unjust enrichment claim even if the plaintiff did not confer a benefit on the defendant."). |
| Rhode Island | *S. Cty. Post & Beam, Inc. v. McMahon*, 116 A.3d 204, 214 (R.I. 2015) (affirming judgment in favor of subcontractor plaintiff against property owner and agreeing with the trial |

| | |
|---|---|
| | justice that "[i]**n the absence of privity** between the parties, a party *is permitted to seek equity* through this quasi-contractual theory of unjust enrichment") (emphasis added) (internal quotations omitted); *but see Emond Plumbing & Heating, Inc. v. BankNewport*, 105 A.3d 85, 91–92 (R.I. 2014) (holding that the "absence of a relationship" between parties weighs against a finding of unjust enrichment). |
| Tennessee | *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) ("[T]o recover for unjust enrichment, a plaintiff need not establish that the defendant received a direct benefit from the plaintiff. Rather, a plaintiff may recover for unjust enrichment against a defendant who receives any benefit from the plaintiff if the defendant's retention of the benefit would be unjust."). |

## Direct Benefit/Relationship Implicitly Not Required

| | |
|---|---|
| Arizona | *Murdoch-Bryant Const., Inc. v. Pearson*, 703 P.2d 1197, 1202–03 (Ariz. 1985) (holding that subcontractor conferred a benefit on joint venture partner even though the partner had no direct dealings with subcontractor). |
| Minnesota | *Luckey v. Alside, Inc.*, 245 F. Supp. 3d 1080, 1099 (D. Minn. 2017) ("It is not the indirect nature of the transactions that causes Plaintiffs' claim to fail as a matter of law, but rather, the fact that there is not even an allegation of an indirect conferral of a benefit on Alside from the Plaintiffs."); *Rapp v. Green Tree Servicing, LLC,* 302 F.R.D. 505, 514 n.4 (D. Minn. 2014) (discussing the difficulty in determining whether a state has adopted the "direct-benefit" requirement for unjust enrichment and concluding that Minnesota law is ambiguous on the issue). |
| Mississippi | *Kersey v. Fernald*, 911 So.2d 994, 995–96 (Miss. Ct. App. 2005) (holding that plaintiff could recover from defendant the remaining debt on property that a third party purchased from plaintiff and sold to defendant). |
| Missouri | *Cromeans v. Morgan Keegan & Co., Inc.,* No. 2:12-CV-04269-NKL, 2013 WL 12129609, at *5 (W.D. Mo. 2013) ("A review of Missouri case law reveals that . . . for every decision stating that the plaintiff must have conferred a benefit upon the defendant, another decision frames the matter in terms of whether the defendant received a benefit at the expense of the plaintiff."). |
| Montana | *N. Cheyenne Tribe v. Roman Cath. Church ex rel. Dioceses of Great Falls/Billings*, 296 P.3d 450, 457 (Mont. 2013) (holding that the benefits provided to defendant by third party donors could constitute unjust enrichment). |

7

| Nebraska | *Ogallala Livestock Auction Mkt., Inc. v. Leonard*, 968 N.W.2d 633, 643–44 (Neb. App. 2021) (finding livestock seller stated a claim for unjust enrichment against livestock seller and seller's bank where he alleged that he was entitled to the funds the seller had deposited in his account for the sale of cattle, and which the bank had withdrawn to cover overdraft fees). |
|---|---|
| New Mexico | *Ontiveros Insulation Co. v. Sanchez*, 3 P.3d 695, 701 (N.M. Ct. App. 2000) (holding that subcontractor may recover from homeowners notwithstanding that "there was no privity of contract" between the parties). |
| Oklahoma | *Oklahoma Dep't of Sec. ex rel. Faught v. Blair*, 231 P.3d 645, 659 (Okla. 2010), as corrected (Apr. 6, 2010) (holding that "a Ponzi-scheme profit received by an innocent investor *may* represent unjust enrichment when a reasonably equivalent value has not been exchanged") (emphasis in original). |
| South Dakota | *W.J. Bachman Mech. Sheetmetal Co. v. Wal-Mart Real Est. Bus. Tr.,* 764 N.W.2d 722, 733 (S.D. 2009) (affirming appellate court's grant of damages to subcontractor who brought an unjust enrichment claim against a third-party property owner). |
| Texas | *Compass Bank v. Villarreal*, No. L-10-08, 2012 WL 13046324, at *5 (S.D. Tex. Feb. 28, 2012) ("Unjust enrichment occurs when the person sought to be charged has wrongfully secured a benefit or has *passively* received one which it would be unconscionable to retain."). |
| Virginia | *James G. Davis Constr. Corp. v. FTJ, Inc.*, 841 S.E.2d 642, 644, 649 (Va. 2020) (affirming trial court's holding that general contractor was liable to supplier for construction materials supplier provided to subcontractor and explaining that "[a] reduction in obligations to third parties qualifies as 'enrichment' in the context of unjust enrichment") (citation omitted). |

8

| | **State of the Law Unclear as to Whether/What Extent Directness in Benefit and/or Relationship Required** |
|---|---|
| Georgia | Georgia federal district courts are split on whether a plaintiff must allege a direct benefit or direct relationship to maintain a claim for unjust enrichment. *Compare Archer v. Holmes*, No. 1:17-CV-2051-TWT, 2018 WL 534475, at *5 (N.D. Ga. Jan. 23, 2018) ("[I]n Georgia, **unjust enrichment claims lie only in those situations where a defendant has received a *direct benefit* from a plaintiff**.") (emphasis added), *and Peterson v. Aaron's, Inc.*, No. 1:14-cv-1919-TWT, 2015 WL 5479877, at *2 (N.D. Ga. Sept. 16, 2015) (refusing to expand unjust enrichment to allow recovery against a defendant who was indirectly benefitted by plaintiff), *with Amin v. Mercedes-Benz USA, LLC*, 349 F. Supp. 3d 1338, 1362 (N.D. Ga. 2018) ("[T]**o maintain an action for unjust enrichment, it is *not necessary that the plaintiff allege a direct payment* by the plaintiff** to the allegedly unjustly-enriched defendant.") (emphasis added) |
| Kansas | Indirect benefits and relationships may be sufficient to assert a claim for unjust enrichment under Kansas law. *See, e.g., TP ST Acquisition v. Lindsey*, No. 2:21-CV-02020-JAR-JPO, 2021 WL 1750872, at *16 (D. Kan. May 4, 2021) ("Further, **although the case law on this issue is not well-developed, Kansas courts have permitted recovery where a benefit was conferred *indirectly* on the unjustly enriched party.**") (emphasis added)<br><br>However, a number of courts applying Kansas law have required a showing of at least a reasonable belief in the existence of a relationship between the parties to state a claim for unjust enrichment. *See Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 910 P.2d 839, 847 (Kan. 1996) ("We do not suggest that privity must be established or that a promise by the owner must be established in order for the plaintiff to have an unjust enrichment claim, but *there must exist such special circumstances* to warrant such an action.") (emphasis added); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819 CW, 2010 WL 5094289, at *6 (N.D. Cal. Dec. 8, 2010) (granting defendant's summary judgment motion against Kansas plaintiffs based on plaintiffs' failure to identify any evidence of the special circumstances mentioned in *Haz-Mat*). |
| Kentucky | Kentucky federal courts are split on the relationship or benefit required to assert a claim for unjust enrichment, but the weight of authority requires a direct benefit. *Noble Royalties Access Fund V LP v. Elk Horn Coal Co., LLC*, No. 2013-CA-001953-MR, 2015 WL 7352587, at *4 (Ky. Ct. App. Nov. 20, 2015) (**analyzing the** |

9

| | |
|---|---|
| | **split in Kentucky law** and agreeing with the trial court's statement that to state a claim for unjust enrichment in Kentucky, "**a plaintiff must show that there is *some direct relationship . . . between a defendant's enrichment and a plaintiff's impoverishment*"**) (citation omitted) (emphasis added). C*ompare SAAP Energy v. Bell*, No. 1:12–CV–00098, 2013 WL 4588828, *2 (W.D. Ky. Aug. 28, 2013) (holding that **to establish an unjust enrichment claim "a plaintiff must allege that he *directly conferred* a benefit on the defendant**") (emphasis added), *with Seye v. Community Yellow Cab*, No. 10–234–WOB–CJS, 2013 WL 1332430, at *13 (E.D. Ky. Feb. 25, 2013) (holding that directness of benefit was not required and that "**an *indirect benefit* may satisfy the requirements** of a claim for unjust enrichment") (emphasis added). |
| Maine | At least one court in Maine has held that privity is not required for an unjust enrichment claim. *Aladdin Elec. Assocs. v. Town of Old Orchard Beach*, 645 A.2d 1142, 1144 (Me. 1994). But a subsequent case required a showing that the plaintiff directly conferred a benefit on the defendant. *Rivers v. Amato*, No. CIV. A. CV-00-131, 2001 WL 1736498, at *4 (Me. Super. June 22, 2001) ("Rather, Rivers' unjust enrichment claim is based on an indirect (and speculative) theory that through his efforts, Hollis conferred a benefit on Amato. *No authority can be found for this 'indirect benefit' theory*, which is, in any case, based on speculation.") (emphasis added). However, district courts outside of Maine have limited *Rivers* for a variety of reasons. *See e.g., In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 383 F. Supp. 3d 187, 271 (S.D.N.Y. 2019) (holding facts in case differed from the facts in *Rivers*); *In re Pork Antitrust Litig.*, 495 F. Supp. 3d 753, 794 (D. Minn. 2020) (holding that *Rivers* did not undermine *Aladdin Elec.*) |
| Nevada | The Nevada Supreme Court has implied that indirect benefits are sufficient to state a claim for unjust enrichment. *See Topaz Mut. Co., Inc. v. Marsh,* 839 P.2d 606, 613 (Nev. 1992) (reverse and remanding unjust enrichment claim for a new trial so that court and jury may consider indirect benefits). Federal district courts in Nevada are split on whether a direct benefit is required to assert a claim of unjust enrichment. *Compare Tsambis v. Irvine*, No. 2:17-CV-2482 JCM (CWH), 2018 WL 3186940, at *9 (D. Nev. June 28, 2018) ("**None of these allegations indicate that the plaintiff *directly conferred* a** benefit on the defendants. . . . Thus, plaintiff's cause of action for unjust enrichment will be dismissed for failure to state a claim.") (emphasis added), *with Ergon Asphalt & Emulsions, Inc. v. Capriati Const. Corp, Inc.*, No. 2:13-CV-1683-GMN-NJK, 2015 |

| | |
|---|---|
| | WL 1959851, at *6 (D. Nev. Apr. 29, 2015) ("However, **a plaintiff *need not have directly conferred* the benefit** upon the defendant to recover under a claim of unjust enrichment.") (emphasis added). |
| North Carolina | *Compare Effler v. Pyles*, 380 S.E.2d 149, 152 (N.C. Ct. App. 1989) (holding that plaintiff **failed to "satisfy [her] burden of showing that she conferred a *benefit directly* on defendant"**) (emphasis added)*, and Baker Const. Co., Inc. v. City of Burlington*, 683 S.E.2d 790 (N.C. Ct. App. 2009) (affirming trial court's dismissal of plaintiff's unjust enrichment claim on the grounds that the defendant only benefitted indirectly), *with Embree Const. Group, Inc. v. Rafcor, Inc.*, 411 S.E.2d 916 (N.C. 1992) (holding plaintiff could recover unjust enrichment damages from defendant for unpaid construction work on third-party's property that was repossessed by defendant)*, and Lau v. Constable*, No. 16 CVS 4393, 2017 WL 536361, at *5 (N.C. Super. Feb. 7, 2017) ("Although *Effler* **has not been expressly overruled**, cases decided after *Effler* have held that an *indirect benefit* can support an unjust enrichment claim.") (emphasis added). |
| Pennsylvania | Pennsylvania courts conflict on whether a direct benefit is required to assert a claim for unjust enrichment. *Compare Schmidt v. Ford Motor Co.*, 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013) (holding that in Pennsylvania, "***indirect benefits* bestowed by third parties *will not support* a claim for unjust enrichment**") (emphasis added), *and Telwell Inc. v. Grandbridge Real Est. Cap., LLC*, 143 A.3d 421, 428 (Pa. Super. 2016) (holding that summary judgment was proper as defendant was **not unjustly enriched because it "did not retain any *direct benefit* conferred"**) (emphasis added), *and Limbach Co., LLC v. City of Philadelphia*, 905 A.2d 567, 577 (Pa. Commw. Ct. 2006) ("The real question is whether the property owner had *direct dealings* with the subcontractor.") (emphasis added), *with Jarzyna v. Home Properties, L.P.*, No. 10-04191, 2013 WL 12155357, at *1 n.2 (E.D. Pa. Dec. 13, 2013) (describing **unjust enrichment suits based on indirect benefits as a "deviation from the standard requirement" that might only be appropriate in the subcontractor context**) (emphasis added). |
| Washington | Courts in Washington are split on whether a direct conferral of benefits or a direct relationship are required. *Compare Keil v. Scholten*, No. 48051-1-I, 2002 WL 988562, at *5 (Wash. Ct. App. Feb. 4, 2002) (affirming dismissal of plaintiff's unjust enrichment claim where plaintiff paid a third party and the third party paid defendant pursuant to a commission agreement, and explaining that plaintiff did not confer a benefit on defendant), *with Emp. Painters' Tr. v. Pac. Nw. Contractors, Inc.*, No. C13-5018 BHS, |

11

| | 2013 WL 1870541, at *2 (W.D. Wash. May 3, 2013) (acknowledging that the recipient of a benefit for unjust enrichment purposes can be a third party but describing some general limitations in third party circumstances including that the "mere fact" that a third party benefits from a contract between two others does not make the third party liable in unjust enrichment). |
|---|---|

| **Law Silent as to Whether/What Extent Directness in Benefit and/or Relationship Required** | |
|---|---|
| Alaska | Alaska courts are silent as to any requirement for directness of benefit or relationship. In *ResQSoft, Inc. v. Protech Sols., Inc.*, 488 P.3d 979, 990 (Alaska 2021), the Alaska Supreme Court dismissed a subcontractor's claim against the purchaser, finding that the subcontractor had an adequate remedy at law. Although the court did not reach the issue of the relationship between the parties, the court's consideration of the plaintiff's claim based on indirect benefits may indicate that indirect benefits are sufficient to state a claim for unjust enrichment in Alaska. |
| Puerto Rico | Puerto Rico courts are silent as to any requirement for directness of benefit or relationship. |
| South Carolina | South Carolina courts are silent as to any requirement for directness of benefit or relationship. In *Columbia Wholesale Co. v. Scudder May N.V.*, 440 S.E.2d 129, 131 (S.C. 1994), the South Carolina Supreme Court reversed the lower court and denied a subcontractor's unjust enrichment claim against the property owner because the property owner paid the prime contractor the full price. Throughout the opinion, the court discussed subcontractor suits involving claims of unjust enrichment against property owners without ever discussing the issue of directness of benefit or relationship, which could indicate that indirect benefits and relationships are sufficient to establish a claim for unjust enrichment in South Carolina. |
| Vermont | Vermont courts are silent as to any requirement for directness of benefit or relationship. In *DJ Painting, Inc. v. Baraw Enterprises, Inc.*, 776 A.2d 413, 419 (Vt. 2001), the Supreme Court of Vermont affirmed the lower court's summary judgment dismissal of a subcontractor's claim against a property owner because the subcontractor had adequate contractual remedies against the general contractor, and had failed to allege any facts showing that the benefit was unjust. The court did not reach the issue of the relationship between the parties or the directness of the benefit. That the court considered the plaintiff's claim based on indirect benefits could indicate that indirect benefits are sufficient to state a claim for unjust enrichment in Vermont. |