# APPENDIX 4

# UE: Survey of Defendant Conduct Requirements across 44* Jurisdictions

# UE: Survey of Defendant Conduct Requirements across 44* Jurisdictions

*\* This chart omits jurisdictions in which Plaintiffs have conceded a "higher" burden applies (Alabama, Kentucky, Montana, and Texas) and where Plaintiffs do not seek to certify an unjust enrichment class (Michigan, New Hampshire, West Virginia, and Wisconsin).*

| State | Conflict with Plaintiffs (Ps)? | Standard for Defendant (D) Conduct or Level of Wrongfulness |
|---|---|---|
| Alaska | Likely: Ps argue "normal" burden, but unjustness requires some sort of improper conduct. | **Requires Some Sort of Improper Conduct.** To recover property under an unjust enrichment theory, the person holding the property must be retaining it by unjust, unconscionable, or unlawful means." *Marathon Oil. Co. v. Forest Oil. Corp.*, 2008 WL 11336761, at *12 (D. Alaska 2008) (citing *Rausch v. Devine*, 80 P.3d 733, 744 (Alaska 2003)) (dismissing claim because plaintiff could not point to conduct that "could be deemed as being unjust, inequitable, or unlawful"). |
| Arizona | No: Ds agree that wrongfulness is not required. | **Wrongfulness Not Required.** *See Beauchamp L. Off. PC v. Gust Rosenfeld PLC*, No. 1 CA-CV 17-0250, 2018 WL 1868033, at *3 (Ariz. Ct. App. Apr. 19, 2018) ("Although a claim of unjust enrichment requires a showing of enrichment without justification," the term without justification is not synonymous with wrongfully or maliciously." (cleaned up)). |
| Arkansas | Unclear: There are conflicting cases within Arkansas. Ps cite no burden caselaw. | **Circumstances Must Show Inequity.** Defendants agree that courts have construed Arkansas law as not requiring wrongdoing on the part of the defendant for an unjust enrichment claim to lie, but other Arkansas courts have also noted that "there must also be some operative act, intent, or situation to make the enrichment unjust and compensable." *Adkinson v. Kilgore*, 62 Ark. App. 247, 254, 970 S.W.2d 327, 331 (1998). |

1

| California | Yes: Whether retention is "unjust" requires a balancing of multiple factors, including D's conduct. Ps cite no burden caselaw. | **Balancing Test Used.** Unjust enrichment claims are proper only if it is *unjust* for the defendant to retain the benefit. "Determining whether it is unjust for a person to retain a benefit may involve policy considerations." *First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657, 1663 (1992). Mistake will support an unjust enrichment claim only when equitable considerations permit. *Id.* at 1666; *see also Welborne v. Ryman-Carroll Foundation*, 22 Cal.App.5th 719, 728 (2018) (noting knowledge and good faith are factors to consider in determining unjust enrichment). Moreover, determining unjust enrichment damages "attributable to wrongful conduct can be a difficult task" that "involves questions of causation and remoteness." *Uzyel v. Kadisha*, 188 Cal.App. 4th 866, 894 (2010). |
|---|---|---|
| Colorado | Likely: Ps argue "malfeasance need not invariably be shown" but it *is* considered in determining whether injustice occurs. | **Fact-Specific Inquiry Where Malfeasance Is Considered, but Not Always Required.** "Determining whether retention of the benefit is unjust involves careful consideration of particular circumstances and a fact-intensive inquiry in which courts look to, among other things, the intentions, expectations, and behavior of the parties, [where] the analysis often will turn on whether a party engaged in some type of wrongdoing." *Menocal v. GEO Group, Inc.* 320 F.R.D. 258, 268 (D. Col. 2017) (cleaned up). The Colorado Supreme Court has noted that "consideration of whether the enrichment was unjust . . . creates difficult questions for trial courts." *Lewis v. Lewis,* 189 P.3d 1134, 1140 (Colo. 2008). In many instances, malfeasance—some type of "improper, deceitful, or misleading conduct" is required. *DCB Const. Co., Inc. v. Central City Development Co.,* 965 P.2d 115, 117 (Colo. 1998) ('[F]or the enrichment to the landlord to be unjust and therefore actionable, the contractor must show some improper, deceitful, or misleading conduct by the landlord.'). |

2

| Connecticut | Yes: Ps note disagreement with original wholesaler chart but do not explain why or cite caselaw on burden. Wrongfulness is required under Connecticut law. | **Wrongfulness Required.** It "would be clearly impermissible for a court to order restitution absent a finding of wrongdoing in a civil action because restitution is predicated on proof of unjust enrichment, which in turn requires proof of conduct that is 'wrongful' in at least some respect." *Statewide Grievance v. Daniels*, No. CV000437413S, 2000 WL 1392814, at *8 (Conn. Super. Ct. Sept. 13, 2000); *see also Greenwich Contracting Co. v. Bonwit Constr. Co.*, 239 A.2d 519, 523 (Conn. 1968) (rejecting unjust enrichment claim based on mistake and noting that unlawfulness is required to state a claim for unjust enrichment); *Providence Elec. Co. v. Sutton Place, Inc.*, 287 A.2d 379, 382 (Conn. 1971) (reversing and remanding with direction to render judgment on the unjust enrichment claim for the defendant because, while plaintiff proved defendant's enrichment, in the absence of fraud, the enrichment was not unjust). |
|---|---|---|
| Delaware | Yes: Ps note disagreement with original wholesaler chart but rely on inapt caselaw. | **Unjustness Requires Wrongdoing.** "Unjust enrichment is a *cause of action* that, while it requires the unjust retention of a benefit to the loss of another, also requires "wrongdoing" on the part of the recipient." *Bono v. O'Connor*, No. 15-6326 (FLW), 2016 WL 7315161, at *3 (D.N.J. Oct. 5, 2016) (applying Delaware law, citations omitted). *"*Under Delaware law, unjust enrichment requires an absence of justification for the transfer that enriches one party and impoverishes the other. That requirement usually entails some type of wrongdoing or mistake at the time of transfer." *In re Lear Corp. S'holder Litig.*, 967 A.2d 640, 657 (Del. Ch. 2008) (cleaned up). Plaintiffs cite *United States v. Children's Advoc. Ctr. Of Delaware*, No. CV 15-442-GMS, 2017 WL 4161975, at *3 (D. Del. Sept. 20, 2017), but that case *still* required unconscionability to sustain an unjust enrichment action, and also relied on Pennsylvania law. |

3

| District of Columbia | Unclear: There are conflicting cases within D.C. | **Unjustness Is Fact-Specific.** *Compare News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1225 (D.C. 2005) ("A claim for unjust enrichment accrues only when the enrichment actually becomes unlawful, i.e., where there has been a wrongful act giving rise to a duty of restitution." (cleaned up)) *with* Plaintiffs' cited case, *Movahedi v. U.S. Bank, N.A.*, 853 F. Supp. 2d 19, 29 (D.D.C. 2012) ("A claim of unjust enrichment does not require fault on the part of the recipient of the benefit." (citation omitted)).  This conflict likely arises because of the unique factual nature of any unjust enrichment claim.  "[E]very unjust enrichment case is factually unique, for whether there has been unjust enrichment must be determined by the nature of the dealings between the recipient of the benefit and the party seeking restitution, and those dealings will necessarily vary from one case to the next." *4934, Inc. v. D.C. Dep't of Emp. Servs.*, 605 A.2d 50, 56 (D.C. 1992). |
|---|---|---|
| Florida | Likely: Ps rely on mistake, but ignore that mistake is not applicable once payment is bad and the higher burden in Florida for otherwise proving inequitable circumstances. | **Defendant Must Act Inequitably.**  Unjust enrichment is "an equitable remedy requiring proof that money had been paid due to fraud, misrepresentation, imposition, duress, undue influence, mistake, or as a result of some other grounds appropriate for intervention by a court of equity." *Hall v. Humana Hosp. Daytona Beach*, 686 So. 2d 653, 656 (Fla. Dist. Ct. App. 1996) (citing *Merritt v. Unkefer*, 223 So.2d 723, 724 (Fla. 1969)).  Though, as Plaintiffs note, mistake can be grounds to show inequitable circumstances, those circumstances require it be *inequitable* for the defendant to retain the benefit, and mistake "does not furnish a basis for equitable relief once payment has been made. *Id*. (dismissing unjust enrichment action against hospital that allegedly overcharged patients in violation of the law). |
| Georgia | Unclear: Ps cite no caselaw, and law does require analysis of equity between the two parties. | **Requires Analysis of Equity and Good Conscience.** "Unjust enrichment is an equitable concept . . . Even where a person has received a benefit from another, he is liable to pay therefor only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." *Crook v. Foster*, 333 Ga. App. 36, 39, 775 S.E.2d 286, 289 (2015) (cleaned up). |

4

| Hawaii | Unclear: What constitutes unjustness is not clearly defined and Ps cite no burden caselaw. | **Requires Unjustness, Which Is Undefined.** Hawaii courts have explained that "unjust enrichment is a broad and imprecise term defying definition." *Small v. Badenhop*, 67 Haw. 626, 636 (1985); *see also Durette v. Aloha Plastic Recycling, Inc.*, 105 Haw. 490, 502 (2004) (stating that unjust enrichment, "as a claim for relief, is not clearly defined in either the Hawai'I Revised Statutes or our jurisprudence"). |
|---|---|---|
| Idaho | No: Ps cite no caselaw, but Ds agree that wrongfulness is not required. | **Wrongfulness Not Required.** "[T]he plaintiff in an unjust enrichment action need not show that the defendant was guilty of any wrongdoing. All that need be shown is that the defendant obtained something of value to which he was not entitled, to the detriment of another. *Cozzetto v. Wisman*, 120 Idaho 721, 726, 819 P.2d 575, 580 (Ct. App. 1991) (internal citations omitted). |
| Illinois | Yes: Ps rely on mistake, but ignore conflicting caselaw and the higher burden in Illinois for otherwise proving inequitable circumstances. | **Conflicting State Law, But Always Requires Equity.** Several Illinois cases specifically note that an unjust enrichment defendant must have engaged in fraud or at least some type of unlawful conduct. *In re Sears, Roebuck & Co. Tools Mktg. & Sales Prac. Litig.*, 2007 WL 4287511, at *9 (N.D.Ill.2007) ( "At least under Illinois law the unjust enrichment claims require proof of fraud." (cleaned up)); *Alliance Acceptance Co. v. Yale Ins. Agency, Inc.*, 648 N.E.2d 971, 977 (Ill. App. Ct. 1995) (recovery for unjust enrichment permitted only when there is "unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence"); *Hayes Mechanical, Inc. v. First Industrial, L.P.,* 812 N.E.2d 419 (Ill App. Ct. 2004) ("injustice involves some form of improper conduct by the party to be charged" (cleaned up)). Other cases, like the one Plaintiffs cite, state that a defendant's wrongdoing is not necessarily required. However, even in those circumstances, equity still controls, and the plaintiff must prove that "defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. App. Ct. 1989). |

5

| Indiana | Yes: Ps argue "normal" burden, but cite no caselaw and the extraordinary, equitable remedy of unjust enrichment is unavailable absent a wrong. | **Extraordinary Remedy Requires Wrong or Misleading Conduct.** "The pivotal concept of unjust enrichment is the occurrence of a wrong or something unjust. Absent a wrong, intervention by equity is inappropriate." *Savoree v. Indus. Contracting & Erecting, Inc.*, 789 N.E.2d 1013, 1020 (Ind. Ct. App. 2003) (cleaned up). "Courts generally require that the pleadings state facts demonstrating an actual wrong or misleading conduct." *Hughes v. Chattem, Inc.*, 818 F. Supp. 2d 1112, 1124 (S.D. Ind. 2011). "Stated otherwise, where it is not obvious that natural and immutable justice dictates restitution, unjust enrichment is not available." *Id.* at 1124-25 (cleaned up). |
|---|---|---|
| Iowa | No: Ds agree that wrongfulness is likely not required. | **Wrongdoing Not Required.** As an "open-ended broad theory of restitution," unjust enrichment "can stand on its own," even absent allegations of causes of action for "mistake, wrongdoing, or breach of contract." *Palmer v. Unisys*, 637 N.W.2d 142, 149-150, 154 (Iowa. 2001). |
| Kansas | No: Ps cite no caselaw, but Ds agree that wrongfulness is not required because of the contractual nature of Kansas unjust enrichment law. | **Wrongfulness Not Required, Given the Contractual Nature of the Kansas Unjust Enrichment Claim.** *See Hurtig v. Mattox*, 2017 WL 6542803, at *4 (Kan. Ct. App. 2017) (noting "benefit need not be conferred by nefarious means" and that "[u]njust enrichment claims may succeed in cases of unilateral mistake or mutual mistake"). Under Kansas law, unjust enrichment "claims are often raised by persons who were under the impression that a valid contract existed." *Id.* |
| Louisiana | Likely: Ps cite no caselaw, and Louisiana law requires consideration of a plaintiff's alternative remedies. | **Requires Causation Between Enrichment and Impoverishment and Absence of Justification for Either.** "To support an action for unjust enrichment, a plaintiff must show: (1) an enrichment; (2) an impoverishment; (3) a causal connection between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment or impoverishment; and (5) no other remedy at law." *Kilpatrick v. Kilpatrick*, 660 So. 2d 182, 186 (La. Ct. App. 1995). Moreover, if the plaintiff can pursue other legal remedies, against, for example, another party, the plaintiff "cannot now resort to unjust enrichment." *Id.* at 187. |

6

| Maine | Likely: Ps cite no burden caselaw, and wrongfulness is considered as a factor for determining inequity. | **Wrongfulness Is Considered, but Not Required.** Unjust enrichment requires "circumstances that make it inequitable for the defendant to retain the benefit without payment of its value." *Simpson v. Cent. Maine Motors, Inc.,* 669 A.2d 1324, 1326 (Me. 1996). "[D]efendant wrongdoing is relevant to, but not a required element of, the determination of whether a defendant's retention of a benefit is inequitable for purposes of applying the doctrine of unjust enrichment." *Pnm Constr. v. Lmj Enters.*, 2018 Me. Bus. & Consumer LEXIS 47, *7-9. (*citing A.F.A.B., Inc. v. Town of Old Orchard Beach*, 610 A.2d 747, 750 (Me. 1992)). |
|---|---|---|
| Maryland | Likely: Ps cite no burden caselaw, and Maryland law notes the difficulty of defining unjust enrichment. | **Requires Unjustness, Which Is Undefined.** "Unjust enrichment is a claim, however, that may not be reduced neatly to a golden rule." *Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295-96 (2007) (citing Daniel Friedmann, *Restitution of Benefits Obtained Through the Appropriation of Property or the Commission of a Wrong*, 80 COLUM. L.REV.. 504, 504–05 (1980) ("[U]njust enrichment is notoriously difficult to define. It has on occasion been regarded as too indefinite and vague to be recognized as a general legal principle, with concern expressed that its adoption might undermine legal stability, confuse legal thinking, and jeopardize clear, systematic organization of the law.") Furthermore, the claim is "equitable in nature, and the right to restitution is therefore subject to any counter-equities that the recipient of benefits may assert." *Id.* (quoting Daniel A Dobbs, *Handbook on the law of Remedies* § 4.1 (1973)). |
| Massachusetts | Likely: Ps rely on mistake, but ignore that wrongdoing helps determine party expectations. | **Wrongfulness Considered.** An unjust enrichment claim sounds in equity, but bears "considerable resemblance to a claim for intentional interference with an expectancy." *Sacks v. Dissinger*, 178 N.E.3d 388, 398 (Mass. 2021). To determine the "reasonable expectations of the parties," Massachusetts courts look to whether through some "significant wrongdoing the defendant has acquired property that should belong to the plaintiff." *Wong v. Chan*, 2012 WL 1557240, at *1 (Mass. App. Ct. 2012) (internal citations omitted). |

7

| | | |
|---|---|---|
| Minnesota | Likely No: Wrongfulness required, but Ps are likely correct a third-party's wrongfulness will suffice. | **Improper Conduct Required.** When evaluating whether unjust enrichment requires wrongfulness, the plaintiff must prove the defendant obtained the asset "by fraud, by bad faith, or by other improper means." *Harrel v. Cederberg*, 2020 WL 5407956 (D. Minn 2020) (quoting *In re Farr,* 407 B.R. 343, 348 (B.A.P. 8th Cir. 2009)). Although the Minnesota Supreme Court has not expressly allowed a plaintiff to maintain an unjust enrichment claim against an innocent defendant who benefits from the wrongdoing committed by another, other Minnesota courts have, as Plaintiffs correctly assert. *But see Custom Design Studio v. Chloe*, Inc., 584 N.W.2d 430 (Minn.App.1998) (reversing the trial court's judgment for unjust enrichment and holding that, because the record contained no evidence of "any fraudulent or illegal acts" by the defendant, the plaintiff could not sustain an action for unjust enrichment). |
| Mississippi | Unclear: What constitutes unjustness is not clearly defined and Ps cite no burden caselaw. | **Conflicting State Law.** There is a trend in Mississippi caselaw defining unjust enrichment as "money paid to another by mistake of fact." *Carlson v. Brabham*, 199 So. 3d 735, 744 (Miss. Ct. App. 2016) (cleaned up); *Willis v. Rehab Sols., PLLC,* 82 So. 3d 583, 588 (Miss. 2012) ("[O]ur law is clear on unjust enrichment – it is based upon a mistaken payment and it applies where no legal contract exists"); *Mason v. S. Mortg. Co.*, 828 So. 2d 735, 739 (Miss. 2002). Simultaneously, however, other Mississippi courts have suggested unjust enrichment requires some scienter of wrongdoing. *See, e.g., Owens Corning v. R.J. Reynolds Tobacco Co.*, 868 So. 2d 331, 342 (Miss. 2004) ("[I]n the absence of a showing of wrongdoing, the plaintiff's cause is not unjust enrichment, and redress must be brought through subrogation or some such theory.") (citing *Omnibank of Mantee v. United Southern Bank*, 607 So. 2d 76 (Miss. 1992)); *Langham v. Behnen*, 39 So. 3d 970, 976 (Miss. Ct. App. 2010) ("An unjust-enrichment action is based on a promise, which is implied in law, that one will pay a person what he is entitled to according to 'equity and *good conscience*.'" (emphasis added)) (quoting *1704 21st Avenue, Ltd. v. City of Gulfport,* 988 So.2d 412, 416 (Miss. Ct. App. 2008)). |

8

| | | |
|---|---|---|
| Missouri | No: Wrongfulness is not required, but Ps are required to establish that injustice resulted from Ds retaining benefit. | **Requires Unjustness, Which is Undefined.** Missouri unjust enrichment law requires the plaintiff establish "that it would be unjust to allow the defendant to retain the benefit." *Roberts v. Roberts*, 580 S.W.3d 600, 605 (Mo. Ct. App. 2019) (cleaned up). This element is recognized as "the most significant and the most difficult of the elements," because "[m]ere receipt of benefits is not enough, absent a showing that it would be unjust for the defendant to retain the benefit." *Exec. Bd. of Mo. Baptist Convention v. Windermere Baptist Conference Ctr.*, 280 S.W.3d 678, 697 (Mo. Ct. App. 2009) (quoting *Miller v. Horn*, 254 S.W.3d 920, 924 (Mo. Ct. App. 2008)). As Plaintiffs cite, "it is not necessary that the unjustly enriched party be found to have engaged in legal wrongdoing or have had wrongful or malicious intent," *Brown v. Brown*, 152 S.W.3d 911, 918 (Mo. Ct. App. 2005), but it is not enough for a defendant to appreciate a benefit. *"*If no injustice results from the retention of the benefit, then no cause of action for unjust enrichment will lie." *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 216 (Mo. Ct. App. 2013). |
| Nebraska | No: Ds agree that wrongdoing may not be required under Nebraska law. | **Flexible Inquiry Considers Wrongdoing, But It Is Not Required.** The Nebraska Supreme Court has adopted the Restatement (Third) view of unjust enrichment, at least in part. Parts of the Restatement, not explicitly adopted by Nebraska, do allow for mistake or a third-party's fault to support an unjust enrichment claim in some circumstances. *See Infogroup, Inc. v. Database LLC*, 95 F. Supp. 3d 1170, 1198 (D. Neb. 2015). Even so, wrongdoing is frequently discussed and analyzed as part of the unjust enrichment analysis. *See id.* ("a complaint that alleges profitable wrongdoing by the defendant states a claim for restitution of unjust enrichment as well as a claim for damages in tort"). |
| Nevada | Unclear: Ps cite no burden caselaw, and Nevada courts do not explain, beyond noting the issue is one of equity. | **Circumstances Must Show Inequity.**  Unjust enrichment exists when the defendant accepts a benefit "under circumstances such that it would be inequitable for him to retain the benefit[.]" *Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nevada Sys. of Higher Educ.*, 492 P.3d 540, 543 (2021).  "For an enrichment to be inequitable to retain, the person conferring the benefit must have a reasonable expectation of payment and the circumstances are such that equity and good conscience require payment for the conferred benefit." *Id.* at 544. |

9

| | | |
|---|---|---|
| New Jersey | Likely: Caselaw is not entirely clear, and wrongdoing may be required for an independent cause of action. | **Caselaw Does Not Explicitly Address Wrongdoing.** New Jersey courts distinguish between an unjust enrichment cause of action, the equitable remedy of disgorgement (which focuses on a defendant's wrongdoing, regardless of whether an innocent party was damaged), and the remedy of restitution (which seeks to compensate a plaintiff for a loss). *E.g.*, *Johnson v. McClellan*, 260 A.3d 861, 871 (N.J. 2021). "To establish unjust enrichment as a basis for quasi-contractual liability, a plaintiff must show both that defendant received a benefit and that retention of the benefit would be unjust." Liability is primarily based on the plaintiff's expectation of remuneration. *E.g.*, *Castro v. NYT Television*, 851 A.2d 88, 98 (N.J. App. Ct. 2004). Notably, "the wrong by the defendant" may need only be "incidental to his unjust enrichment," which suggests that it may be required. *Id.* Regardless, Ps cite *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 331 (D.N.J. 2014), which did find that plaintiffs stated an unjust enrichment claim against retail defendants, though they are incorrect that the Court there explicitly considered the lack of fault or wrongdoing on those defendants' part. |
| New Mexico | Unclear: Ps cite no burden cases, and New Mexico courts state that the equities between the parties must be weighed to determine if retention is unjust. | **Equities Of Both Parties Must Be Weighed.** Unjust enrichment is equitable in nature. *Arena Res., Inc. v. Obo, Inc.*, 2010-NMCA-061, ¶ 15, 148 N.M. 483, 487. To prevail on a claim of unjust enrichment, the plaintiff must show that retention of a benefit would be unjust. *City of Rio Rancho v. Amrep Sw. Inc.*, 2011-NMSC-037, ¶ 55, 150 N.M. 428. In order to conduct this evaluation, the court must weigh the equities between the parties. *City of Rio Rancho v. Amrep Sw. Inc.*, 2011-NMSC-037, ¶ 55, 150 N.M. 428. |
| New York | Likely: Ps argue "normal" burden, but cite no caselaw and equity requires consideration of the defendant's tortious conduct. | **Equity Requires Consideration of Tortious Conduct.** A claim of unjust enrichment "is undoubtedly equitable and depends upon broad considerations of equity and justice. Generally, courts will look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the benefit still remains with the defendant, if there has been otherwise a change of position by the defendant, and whether the defendant's conduct was tortious or fraudulent." *Goel v. Ramachandran*, 975 N.Y.S.2d 428, 437 (N.Y. App. Div. 2013) (cleaned up). "A plaintiff's allegation that the [defendant] received benefits, standing alone, is insufficient to establish a cause of action to recover damages for unjust enrichment." *Id.* (cleaned up). |

10

| North Carolina | Likely: Ps argue no burden but rely only on caselaw that states fraud is not required and unjustness require some type of inequity. | **Circumstances Must Establish Equitable Obligation.** "To prevail on a claim of unjust enrichment, a plaintiff must show that property or benefits were conferred on a defendant under circumstances which give rise to a legal or equitable obligation." *Butler v. Butler*, 239 N.C. App. 1, 7, 768 S.E.2d 332, 336 (2015). Furthermore "a unilateral mistake, unaccompanied by fraud, imposition, undue influence, or like oppressive circumstances, is not sufficient to avoid a contract." *Lockerman v. S. River Elec. Membership Corp.,* No. 11 CVS 152, 2015 WL 3544521, at *8 (N.C. Super. June 8, 2015), aff'd, 250 N.C. App. 631, 794 S.E.2d 346 (2016).  Plaintiffs cited caselaw holding that fraud is not required does not establish that wrongdoing is not required. Further, Plaintiffs' cited case stated that "the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the test of natural justice and equity to refund the money." *Dean v. Mattox,* 250 N.C. 246, 249 (1959). |
|---|---|---|
| North Dakota | Yes: Though there are conflicting cases within North Dakota, misconduct is considered as a matter of equity. | **Conflicting Cases on Requirement for Misconduct, But It Is Always Considered.** "North Dakota law seems somewhat unclear on this issue, as some cases appear to suggest that a showing of misconduct or fault is necessary, but others explicitly state that no such showing is required. *In re Racing Services, Inc.* 617 B.R. 641 (D. N. Dakota 2020) (comparing *Jerry Harmon Motors v. Heth*, 316 N.W.2d 324, 328 (N.D. 1982) ("A valid claim for unjust enrichment can be based only on an element of misconduct or fault or undue advantage taken by one party of another") and Plaintiff's cited case, *Sykeston Twp. v. Wells Cty.*, 356 N.W.2d 136, 140 (N.D. 1984)).  The *Racing Services* case noted that even if misconduct is not required, plaintiff must show that it was *unjust* to retain the benefit, and misconduct can be relevant to that analysis. |

11

| | | |
|---|---|---|
| Ohio | Yes: Ohio law requires bad conduct, but Ps rely on inapt constructive trust caselaw. | **Bad Conduct Required.** Unjust enrichment requires the plaintiff to have conferred a benefit on the defendant "in response to fraud, misrepresentation, or bad faith on behalf of the defendant, [which] ensures a tie of causation between the plaintiff's loss and the defendant's benefit." *McCamon-Hunt Ins. Agency, Inc. v. Med. Mut. of Ohio*, No. 07 MA 94, 2008 WL 4444631, at *4 (Ohio Ct. App. Sept. 26, 2008); *see also Total Office Sols., Inc. v. Grimstad*, No. 18 CO 0014, 2019 WL 2721216, at *4 (Ohio Ct. App. June 27, 2019). With regard to Plaintiffs' cited case, a more recent case stated that it did not read Plaintiffs' case as "recognizing a constructive trust as an independent claim that may be maintained against a party without establishing fraud (or some other wrongdoing) or unjust enrichment as to that party." *Figgie v. Figgie*, 2021 WL 1309775 (Ohio Ct. App. 2021). |
| Oklahoma | Likely: Although Ps cite no burden cases, Oklahoma has noted state-law differences in whether wrongdoing is required and under Oklahoma law, wrongdoing is *required* in some circumstances. | **Active Wrongdoing Required In Some Unjust Enrichment Cases.** The Oklahoma Supreme Court has held that "when a constructive trust is sought to remedy unjust enrichment, there must be some active wrongdoing on the part of the person against whom recovery is sought[.]" *Okla. Dep't of Sec. ex rel. Faught v. Blair*, 231 P.3d 645, 659 (Okla. 2010); *but see Northstar Mgmt., Inc v. Vorel*, No. CIV-19-260-SLP, 2019 WL 7753449, at *5 (W.D. Okla. Nov. 20, 2019) (distinguishing *Blair* on the basis that plaintiffs sought disgorgement and declining to consider whether *Blair* applied in such instances). Oklahoma courts have also refused to certify unjust enrichment claims for class treatment because they "differ markedly from state to state," including "over issues of misconduct." *Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1036 (Okla. 2006). |
| Oregon | Yes: Oregon requires case-by-case analysis of unjustness that defies categorization. | **Rejects Formulaic Elements of Unjustness.** As Plaintiffs note, Oregon courts will allow mistake to support an unjust enrichment claim. But recognizing the law of unjust enrichment is "a work in progress," Oregon courts have refused to articulate an "overarching doctrine" for unjust enrichment, instead requiring examination of "the established legal categories of unjust enrichment as reflected in Oregon case law and other authorities to determine whether any particular enrichment is unjust." *Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115, 132, 404 P.3d 912, 921 (2017). |

| | | |
|---|---|---|
| Pennsylvania | Unclear: Ps cite no caselaw, and though Ds agree that wrongfulness is not required, unconscionability is required. | **Unconscionability Required.** To state a claim for unjust enrichment, the defendant must retain the benefit the defendant must accept and retain a benefit which, under the circumstances, would be inequitable for the defendant to retain. *Com. ex rel. Pappert v. TAP Pharm. Prod., Inc.*, 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005). Plaintiff "bears the burden of establishing either that the defendant wrongfully secured the benefit or passively received a benefit that it would be unconscionable to retain." *Id.* (citing *Torchia v. Torchia*, 499 A.2d 581 (Pa. Super. Ct. 1985)). |
| Puerto Rico | Likely No: Ps cite no caselaw, and lack of cause is required, but third-party wrongdoing may suffice to establish unjust enrichment in certain circumstances. | **Equity Depends on Facts of Each Case.** Under Puerto Rican law, a claim for unjust enrichment requires enrichment, impoverishment, a nexus between loss and enrichment, lack of cause for enrichment, and lack of a legal provision which precludes application of an enrichment without cause. *Ortiz Andujar v. ELA*, 122 D.P.R. 817 (P.R. 1988). "Far from being a rule, in the strict sense of the word, it is a refined and prudent standard of discernment that we as triers must bear in mind when exercising our rule-making power." *Id.* In *Ortiz Andujar*, the Court permitted a police officer to bring an unjust enrichment claim against the State when a third-party caused damage to the officer's personal car. |
| Rhode Island | Yes: Ps cite no caselaw, and good faith defeats an unjust enrichment claim. | **Good Faith Defeats Claim.** Unjust enrichment permits recovery in certain instances where a person has received a benefit from another party, "the retention of which, would be unjust under some legal principle, a situation which equity has established or recognized." *State v. Lead Ind. Assn., Inc.*, 2001 WL 345830, at *14 (R.I. Super. Apr. 2, 2001) (quoting *Merchants Mut. Ins. Co. v. Newport Hosp.*, 108 R.I. 86, 93, 272 A.2d 329, 332 (1971). "One who receives money in good conscience and has practiced no deceit or unfairness in obtaining it is under no legal obligation to return it to one from whom it has been obtained by deceit on the part of another." *Bank of Am., N.A. v. P.T.A. Realty, LLC*, 132 A.3d 689, 693 (R.I. 2016) (quoting *Toupin v. Laverdiere*, 729 A.2d 1286, 1288–89 (R.I. 1999)). |

| South Carolina | Likely: Ps argue "normal" burden, but cite no caselaw and unjustness requires some type of inducement and inequity. | **Inducement Required but Unjustness Not Defined.** To state a claim for unjust enrichment, the defendant must retain the benefit "under circumstances that make it inequitable for him to retain it without paying its value," but courts have not directly addressed when this inequity occurs. *Big Red Box, LLC v. Square, Inc.*, 2020 WL 465928, at *8 (D.S.C. Jan. 22, 2020); *see also Sauner v. Public Service Auth. of S.C.*, 581 S.E.2d 161, 167 (S.C. 2003). It is a fact-based question and requires the defendant induce the plaintiff's conduct. "It is not enough that the defendant has knowledge of the plaintiff's conduct; he must have induced the plaintiff to confer the benefit." *Niggel Assoc., Inc. v. Polo's of N. Myrtle Beach, Inc.*, 296 S.C. 530, 532-33 (Ct. App. 1988). |
|---|---|---|
| South Dakota | Likely: Ps argue "normal" burden, but cite no caselaw and unjustness requires some type of inequity. | **Equitable Remedy Left to Court's Discretion.** "Because unjust enrichment is an equitable remedy, a court has discretion to grant or deny it." *Hofeldt v. Mehling*, 658 N.W.2d 783, 788 (S.D. 2003). On the element of "proof of unfairness, . . . the relevant inquiry is into whether the circumstances are such that equitably the beneficiary should restore to the benefactor the benefit or its value." *Id.* at 788-89 (S.D. 2003). |
| Tennessee | Likely: Ps argue "normal" burden, but cite no caselaw and Tennessee courts analyze unjustness closely. | **Benefit Must Be Unjust.** "The most significant requirement of an unjust enrichment claim is that the benefit to the defendant be unjust." *Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747, 756 (Tenn. Ct. App. 2006). "It is not the enrichment of the defendant, but the *unjust* enrichment of the defendant at the expense of the plaintiff, which is required for recovery on this theory." *Reprise Capital Corp. v. Rogers Group, Inc.*, 802 S.W.2d 608, 610 (Tenn. Ct. App. 1990). It must be inequitable for the defendant to retain the benefit provided by the plaintiff without payment. *See Cole v. Caruso*, No. W201700487COAR3CV, 2018 WL 1391625, at *5 (Tenn. Ct. App. Mar. 20, 2018) (reversing jury verdict for unjust enrichment plaintiff because he had not proven the defendant's retention of the plaintiff's benefit was unjust). |

14

| | | |
|---|---|---|
| Utah | Likely: Ps argue "normal" burden, but cite no caselaw and unjustness requires some type of inequity. | **Requires Inequity.** "A claim for unjust enrichment in Utah requires proof of . . . the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *Rawlings v. Rawlings*, 2010 UT 52, 240 P.3d 754, 763 (2010). "Unjust enrichment occurs when a person has and retains money or benefits that in justice and equity belong to another; however, the fact that a person benefits another is not itself sufficient to require the other to make restitution." *Hess v. Johnston*, 2007 UT App 213, ¶ 21, 163 P.3d 747, 754 (cleaned up, citing *Fowler v. Taylor,* 554 P.2d 205, 209 (Utah 1976)). |
| Vermont | Likely: Ps cite no caselaw and requires consideration of equity and good conscience. | **Requires Inequity.** Unjust enrichment applies if "in light of the totality of the circumstances, equity and good conscience demand' that the benefitted party return that which was given." *Gallipo v. City of Rutland*, 2005 VT 83, ¶ 42, 178 Vt. 244, 263, 882 A.2d 1177, 1192 (2005). |
| Virginia | Likely: Ps rely on mistake, but ignore the higher burden in Virginia for otherwise proving inequitable circumstances. | **Unjust Enrichment Claims Limited.** Although Plaintiffs are correct that mistake of fact may support an unjust enrichment claim, they ignore the higher burden Virginia courts impose when limiting unjust enrichment claims. *See Qualichem v. Xelera, Inc.*, 62 Va. Cir. 179 (Va. Cir. Ct. 2003) ("[C]laims of unjust enrichment based on quasi-contract have been limited by the appellate courts of the Commonwealth to those arising from: money paid by mistake; failed consideration; money got through imposition; extortion; oppression; or any other undue advantage taken of the claiming party's situation, where the advantage is contrary to laws made for the protection of persons under those circumstances."); *Martin v. Ford Motor Co.*, 292 F.R.D. 252, 280 (E.D. Pa. 2013) (citing same to contrast with Wisconsin, which has no requirement for unlawfulness); *Ortiz v. McNeil-PPC, Inc.*, 2009 WL 10725751, at *4 (S.D. Cal.) (listing Virginia as one of a handful of states where "courts require unconscionable conduct on the part of the defendant in order to make a claim for unjust enrichment"). |

| | | |
|---|---|---|
| Washington | Likely: Ps cite no caselaw, and enrichment alone is insufficient. | **Unjustness and Equity Between the Two Parties Considered.** "Enrichment alone will not suffice to invoke the remedial powers of a court of equity. It is critical that the enrichment be unjust both under the circumstances and as between the two parties to the transaction." *Norcon Builders, LLC v. GMP Homes VG, LLC,* 161 Wash. App. 474, 490, (2011). "The mere fact that a defendant has received a benefit from the plaintiff is insufficient alone to justify recovery." *Id.* |
| Wyoming | No: Ps cite no caselaw, and although Ds agree that fraud or tortious conduct is not explicitly required, it is considered as part of the equity and good conscience determination. | **Misconduct Not Required But Considered.** "Affirmative misconduct by the party to be charged is not a prerequisite of a finding of unjust enrichment, but the presence of such misconduct would be indicative that any enrichment might be unjust." *Boyce v. Freeman*, 2002 WY 20, 39 P.3d 1062, 1066 & n.1 (Wyo. 2002) (affirming rejection of unjust enrichment claim where there was no evidence of plaintiff's "improper, deceitful or misleading" conduct). |