# APPENDIX 5

# Statutes of Limitation Governing UE Claims

## Statutes of Limitation Governing UE Claims[1]

| Jurisdiction | Limitations Period | When Limitations Period Begins to Run |
|---|---|---|
| Alabama | 2 years, for claims sounding in tort - *Snider v. Morgan*, 113 So. 3d 643, 655 (Ala. 2012)<br><br>6 years, for claims sounding in contract - *Snider*, 113 So. 3d at 655 | When the injury occurs. *Auburn Univ. v. Int'l Bus. Machines, Corp.*, 716 F. Supp. 2d 1114, 1118 (M.D. Ala. 2010) |
| Alaska | 3 years - *Domke v. Alyeska Pipeline Serv. Co.*, 137 P.3d 295, 302 n.18 (Alaska 2006) (holding that unjust enrichment is a contract claim and therefore applying the three year contract statute of limitations to unjust enrichment) | When "all the essential elements forming the basis for the claim have occurred." *Lakeview Neurorehab Ctr. Midwest, Inc. v. Palin*, No. 3:09-CV-00083-TMB, 2010 WL 11619416 at *7 (D. Alaska Mar. 5, 2010) |
| Arizona | 3 years - *Serrano v. Serrano*, No. 1 CA-CV 10-0649, 2012 WL 75639 at *7 (Ariz. Ct. App. Jan. 10, 2012) (sounding in contract)<br><br>4 years - *San Manuel Copper Corp. v. Redmond*, 445 P.2d 162, 166 (Ariz. Ct. App. 1968) (applying the general limitation term of four years to the plaintiff's claim of unjust enrichment) | When the plaintiff has knowledge or constructive notice. *See Serrano v. Serrano*, No. 1 CA-CV 10-0649, 2012 WL 75639 at *7 (Ariz. Ct. App. Jan. 10, 2012) (applying the accrual rules for unwritten contract claims) |
| Arkansas | 3 years - *Ruth R. Remmel Revocable Tr. v. Regions Fin. Corp.*, 255 S.W.3d 453, 462 n.1 (Ark. 2007) | When the injury occurs. *Roach Mfg. Corp. v. Northstar Indus., Inc.*, 630 F. Supp. 2d 1004, 1007 (E.D. Ark. 2009) (noting that the discovery rule applies only when there is "concealment or wrong") |
| California | "The statute of limitations for an unjust enrichment claim is 'based on the underlying wrong.'" *Focus 15, LLC v. NICO Corp.*, No. 21-cv-01493-EMC, 2022 WL | When the underlying claim would accrue, for example, an unjust enrichment claim governed by the fraud statute accrues on the date the windfall occurred. *See First* |

---

[1] Note, Michigan, New Hampshire, West Virginia, and Wisconsin are not included in this analysis, as Plaintiffs do not seek UE classes involving those states. Louisiana is included in this analysis, although the Louisiana unjust enrichment claims have already been dismissed with prejudice (MTD Order 5, ECF 839), since Plaintiffs seek certification of consumer and TPP classes that include Louisiana. ECF 1747-1; ECF 1747-2.

1

| | | |
|---|---|---|
| | 267441 at *11 (N.D. Cal. Jan. 28, 2022)<br><br>2 years for unjust enrichment claims founded on a quasi-contract theory - *Focus 15* 2022 WL 267441 at *11<br><br>3 years for unjust enrichment claims founded on fraud - *Focus 15* 2022 WL 267441 at *11<br><br>4 years for unjust enrichment claims deriving from written contracts - *Focus 15* 2022 WL 267441 at *11 | *Nationwide Sav. v. Perry*, 15 Cal. Rptr. 2d 173, 181 (Cal. Ct. App. 1992)<br><br>When the discovery rule applies to the underlying statute of limitations it also applies to the plaintiff's unjust enrichment claim and therefore that claim will not run until the plaintiff discovers the facts constituting the cause of action. *See Fed. Deposit Ins. Corp. v. Dintino*, 84 Cal. Rptr. 3d 38, 52 (Cal. Ct. App. 2008) |
| Colorado | Unjust enrichment, as an equitable claim, is technically subject to "equitable laches rather than a legal statute of limitations analysis." But "absent extraordinary circumstances" Colorado courts will usually apply the limitations period of analogous actions at law. *Sterenbuch*, 266 P.3d at 436–37<br><br>3 years - *Sterenbuch*, 266 P.3d at 436–37 (applying the statute of limitations for contract actions "because unjust enrichment is a form of relief in quasi-contract")<br><br>6 years - *Robert W. Thomas & Anne McDonald Thomas Revocable Tr. v. Inland Pac. Colorado, LLC*, No. 11-cv-03333-WYD-KLM, 2012 WL 2190852 at *3-4 (D. Colo. June 14, 2012) (declining to apply the three year limitation period for contract actions and instead applying the six year limitations period for recovery of liquidated debt) | When the plaintiff discovers, or through the exercise of reasonable diligence should discover, that all elements of the claim are present. *Sterenbuch*, 266 P.3d at 437 |

2

| | | |
|---|---|---|
| Connecticut | Limitations governed by the doctrine of laches - *Reclaimant Corp. v. Deutsch*, 211 A.3d 976, 990 (Conn. 2019)<br><br>Though when legal claims are time barred "equitable claims based on the same facts also are time barred." *See Certain Underwriters at Lloyd's, London v. Cooperman*, 957 A.2d 836, 852 (Conn. 2008) | When the defendant receives the benefit. *See Litchfield Prop. Mgmt., Inc. v. Robert Holliday Reid*, No. LLICV166013974S, 2021 WL 4125920 at *5 (Conn. Super. Ct. Aug. 18, 2021) (finding that the plaintiffs unjust enrichment claim "accrued between October 22, 2012 and December 3, 2012," the dates during which the plaintiff provided services to the defendant) |
| Delaware | 3 years - *Vichi v. Koninklijke Philips Elecs. N.V.*, No. 2578-VCP, 2009 WL 4345724 at *15 (Del. Ch. Dec. 1, 2009) | When the elements of the claim have been met. *Lehman Bros. Holdings, Inc. v. Kee*, 268 A.3d 178, 190 (Del. 2021)<br><br>When the injury is "inherently unknowable and the claimant is blamelessly ignorant" the statute of limitations "is tolled until the plaintiff discovers the facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry" notice. *Lehman Bros. Holdings*, 268 A.3d at 194 |
| District of Columbia | 3 years - *Constr. Interior Sys., Inc. v. Donohoe Companies, Inc.*, 813 F. Supp. 29, 33 (D.D.C. 1992) (holding that the three year statute of limitations for breach of contract claims applies to unjust enrichment claims arising from the same conduct) | When the wrongful act that makes the enrichment unjust occurs. *News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1223 (D.C. Ct. App. 2005) |
| Florida | 4 years - *Swafford v. Schweitzer*, 906 So. 2d 1194, 1195 (Fla. Dist. Ct. App. 2005) (applying the statute of limitations for unwritten contracts)<br><br>5 years - *Garden Isles Apartments No. 3, Inc. v. Connolly*, 546 So. 2d 38, 40-41 (Fla. Dist. Ct. App. 1989) (applying the five year | When the last element of the cause of action occurred. *Barbara G. Banks, P.A. v. Thomas D. Lardin, P.A.*, 938 So. 2d 571, 577 (Fla. Dist. Ct. App. 2006) |

3

|  | statute of limitations for written contracts) |  |
|---|---|---|
| Georgia | 4 years - *Renee Unlimited, Inc. v. City of Atlanta*, 687 S.E.2d 233, 237 (Ga. App. 2009) | When plaintiff can first bring suit on the claim. *Renee Unlimited, Inc.*, 687 S.E.2d at 237 |
| Hawai'i | 6 years - *N.K. Collins, LLC v. William Grant & Sons, Inc.*, 472 F. Supp. 3d 806, 837-38 (D. Haw. 2020) | When plaintiff discovers the allegedly wrongful conduct. *See N.K. Collins, LLC v. William Grant & Sons, Inc.*, 472 F. Supp. 3d 806, 838 (D. Haw. 2020) |
| Idaho | 4 years - *Berian v. Berberian*, 483 P.3d 937, 952 (Idaho 2020) (noting that unjust enrichment actions are governed by the same statute of limitations as oral contracts) | When the breach occurs. *See Berian*, 483 P.3d at 953 |
| Illinois | 5 years - *Frederickson v. Blumenthal*, 742, 648 N.E.2d 1060, 1063 (Ill. App. 1995) (sounding in contract) | When the injury could have been discovered through appropriate diligence. *Burns Philp Food, Inc. v. Cavalea Cont'l Freight, Inc.*, 135 F.3d 526, 528 (7th Cir. 1998) (applying Illinois law) |
| Indiana | 6 years - *King v. Terry*, 805 N.E.2d 397, 400 (Ind. Ct. App. 2004) | When plaintiff knew or could have discovered the injury. *King*, 805 N.E.2d at 400 |
| Iowa | 5 years - *Dolezal v. City of Cedar Rapids*, 326 N.W.2d 355, 360 (Iowa 1982) (sounding in contract) | When "the plaintiff knows or in the exercise of reasonable care should have known both the fact of the injury and its cause." *Denver Sunset Nursing Home v. City of Denver*, 940 N.W.2d 788, No. 18-0643, 2019 WL 5424919 at *2 (Iowa Ct. App. Oct. 23, 2019) |
| Kansas | 3 years - *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 630 (10th Cir. 2008) (applying the limitation period for unwritten contracts)<br><br>2 years - *Cole v. Peterson*, 309 P.3d 974, 974 (Kan. Ct. App. 2013) (applying the statute of limitation for "an action for injury to the rights of another, not | When the right to maintain a legal action arises. *Est. of Draper v. Bank of Am., N.A.*, 205 P.3d 698, 715 (Kan. 2009) |

4

| | | |
|---|---|---|
| | arising on contract, and not herein enumerated.") | |
| Kentucky | 5 years - *Neurodiagnostics, P.S.C. v. Mod. Radiology, PLLC*, No. 2009-CA-002413-MR, 2010 WL 5018565 at *4-5 (Ky. Ct. App. Dec. 10, 2010), as modified on reh'g (Aug. 26, 2011) | When the enrichment is discovered. *See Neurodiagnostics, P.S.C.*, 2010 WL 5018565 at *5 |
| Louisiana | 10 years - *Dunbar v. Seger-Thomschitz*, 638 F. Supp. 2d 659, 663 (E.D. La. 2009), aff'd, 615 F.3d 574 (5th Cir. 2010) (sounding in contract) | When the claimant reasonably should have discovered the injury. *Dunbar v. Seger-Thomschitz*, 638 F. Supp. 2d 659, 663 (E.D. La. 2009), aff'd, 615 F.3d 574 (5th Cir. 2010) |
| Maine | 6 years - *In re Est. of Miller*, 960 A.2d 1140, 1146 (Me. 2008) | When a judicially cognizable injury was sustained. *In re Est. of Miller*, 960 A.2d at 1146 |
| Maryland | 3 years - *Jason v. Nat'l Loan Recoveries, LLC*, 134 A.3d 421, 423 (Md. App. 2016) | When the enrichment occurred and plaintiff knew or reasonably should have known of the wrong. *Jason v. Nat'l Loan Recoveries, LLC*, 134 A.3d 421, 430-31 (2016) ("Jason could not pursue a claim of unjust enrichment until National Loan actually took possession of his funds.") |
| Massachusetts | 3 years for tort claims - *Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*, 448 F. Supp. 2d 244, 263 (D. Mass. 2006), aff'd, 510 F.3d 77 (1st Cir. 2007)<br><br>6 years for contract claims - *Micromuse, Inc. v. Micromuse, PLC*, 304 F. Supp. 2d 202, 209 (D. Mass. 2004) | Tort claims generally accrue at the date of injury. *Cambridge Literary Properties, Ltd.*, 448 F. Supp. 2d at 263<br><br>Contract claims generally accrue at the time of the breach. *Micromuse, Inc. v. Micromuse, PLC*, 304 F. Supp. 2d 202, 209 (D. Mass. 2004)<br><br>But for claims where the injury is "inherently unknowable" the discovery rule applies and the claim accrues when the plaintiff knew or reasonably should have known of the facts that form the basis of the action. *See Micromuse*, 304 F. Supp. 2d at 210 (D. Mass. 2004); *Cambridge Literary Properties*, 448 F. Supp. 2d at 263 |

5

| Minnesota | 6 years - *Block v. Litchy*, 428 N.W.2d 850, 854 (Minn. Ct. App. 1988) | When the "right of action accrues and when damage occurs." *Block*, 428 N.W.2d at 854 |
|---|---|---|
| Mississippi | 3 years - *Anderson v. LaVere*, 136 So. 3d 404, 411 (Miss. 2014) | When the cause of action accrues and the right to sue becomes vested. *Anderson*, 136 So. 3d at 41 |
| Missouri | 5 years - *Royal Forest Condo. Owners's Ass'n v. Kilgore*, 416 S.W.3d 370, 373 (Mo. Ct. App. 2013) | When damage is done and capable of ascertainment. *Royal Forest Condo. Owners's Ass'n*, 416 S.W.3d at 373-74 |
| Montana | 3 years - *Christian v. Atl. Richfield Co.*, 358 P.3d 131, 139 (Mont. 2015) (sounding in contract) | When all elements of the claim exist or have occurred. *Christian*, 358 P.3d at 150-51 |
| Nebraska | 4 years - *Schmidt v. Sportsman's Gallery, LLC*, No. A-21-008, 2022 WL 29478 at *9 (Neb. Ct. App. Jan. 4, 2022) (applying a general statute of limitation for actions not otherwise provided for) | When inequitable benefits have been received and retained. *See Paltani v. Ltd. Fill Corp.*, No. A-10-951, 2011 WL 2724269 at *5 (Neb. Ct. App. July 12, 2011) |
| Nevada | 4 years - *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) | When "the plaintiff knew or in the exercise of proper diligence should have known of the facts constituting the elements of his cause of action." *See In re Amerco Derivative Litig.*, 252 P.3d at 703 |
| New Jersey | 6 years - *Jacobson v. Celgene Corp.*, No. 09–4329 (FSH) (PS), 2010 WL 1492869 at *3 (D.N.J. Apr. 14, 2010) | When plaintiff last rendered services to the defendant. *Jacobson*, No. 09–4329 (FSH) (PS), 2010 WL 1492869 at *3 |
| New Mexico | 4 years - *Asmoro v. RigStaff Texas LLC*, No. 1:10-cv-01235 MCA/WDS, 2012 WL 13040408 at *9 (D.N.M. Mar. 29, 2012) (applying the statute of limitations for unwritten contracts) | When the plaintiff discovers or with reasonable diligence should have discovered the factual basis for the claim. *See Qwest Corp. v. City of Santa Fe*, No. 10-CV-0617 RB/KBM, 2013 WL 12241274 at *8, 10 (D.N.M. Feb. 8, 2013), order clarified, No. 10-CV-0617 RB/KBM, 2013 WL 12241269 (D.N.M. Apr. 5, 2013) (applying the discovery rule to bar plaintiff's claims for unjust enrichment) |

6

| | | |
|---|---|---|
| New York | 6 years - *Elliott v. Qwest Commc'ns Corp.*, 25 A.D.3d 897, 898 (N.Y. App. Div. 3d Dep't 2006) | When "the wrongful act giving rise to a duty of restitution" occurs. *Elliott v.*, 25 A.D.3d at, 898 |
| North Carolina | 3 years - *Stratton v. Royal Bank of Canada*, 712 S.E.2d 221, 228 (N.C. App. 2011) | When wrongful act occurred. *Stratton*, 712 S.E.2d at 229 (N.C. App. 2011) ("We conclude her unjust enrichment claim could have accrued no later than 1962" [when the merger that allegedly hurt shareholder occurred].) |
| North Dakota | 10 years - S*ee Abel v. Allen*, 651 N.W.2d 635, 637-38 (N.D. 2002) (affirming the lower court's dismissal of plaintiffs' claims as barred by the ten-year statute of limitations that applies when no other limitations period applies) | When the plaintiff can assert the cause of action without being subject to dismissal for failure to state a claim. *Abel*, 651 N.W.2d at 638 |
| Ohio | 6 years - *Desai v. Franklin*, 895 N.E.2d 875, 889 (Ohio App. 2008) (sounding in contract) | When the final service has been performed. *Desai*, 895 N.E.2d at 885 |
| Oklahoma | 2 years - *City of Tulsa v. Bank of Okla., N.A.*, 280 P.3d 314, 320 (Okla. 2011) (applying general tort limitation period to plaintiff's unjust enrichment claims)<br><br>3 years - *Lapkin v. Garland Bloodworth, Inc.*, 23 P.3d 958, 962 (Okla. Civ. App. 2001) (applying contract statute of limitations to plaintiff's unjust enrichment claim) | When the plaintiff could first maintain an action to a successful conclusion. *See City of Tulsa, N.A.*, 280 P.3d 314 at 320 |
| Oregon | 6 years - *Angelini v. Delaney*, 966 P.2d 223, 230 (Or. App. 1998) (applying the statute of limitations of the claim at law that is most closely analogous to unjust enrichment, money had and received)<br><br>The equitable defense of laches applies to unjust enrichment actions in Oregon. *Angelini*, 966 P.2d at 230 | When "the party against whom the claim is asserted receives payment." *Angelini*, 966 P.2d at 229 (applying the tolling regime of the claim at law that is most closely analogous to unjust enrichment, money had and received) |

7

| | | |
|---|---|---|
| Pennsylvania | 4 years - *Sevast v. Kakouras*, 915 A.2d 1147, 1153 (Pa. 2007) (sounding in contract) | When the plaintiff can maintain suit. *Sevast*, 915 A.2d at 1153 |
| Puerto Rico | 6 years - *United States v. Stella Perez*, 956 F. Supp. 1046, 1051 (D.P.R. 1997) (applying the statute of limitations for claims brough by the government for implied contracts holding that the claim was properly considered under the regime for implied contracts not for tort) | Courts have not spoken |
| Rhode Island | 3 years - *Hauser v. Davis*, No. C.A. KC 93-0295, 2000 WL 1910031 at *4 (R.I. Super. Dec. 21, 2000) (applying the tort limitations period to plaintiff's unjust enrichment claim where the defendant's conduct was "plainly tortious not inequitable") | When the wrongful act was committed - *Hauser*, No. C.A. KC 93-0295, 2000 WL 1910031 at *5 (applying the tort accrual rules to plaintiff's unjust enrichment claim where the defendant's conduct was "plainly tortious not inequitable") |
| South Carolina | 3 years - *Brown v. Goodman Mfg. Co., L.P.*, No. 1:13-cv-03169-JMC, 2015 WL 1006319 at *6 (D.S.C. Mar. 5, 2015) | When "the underlying cause of action reasonably ought to have been discovered." *Wilson v. Jayma*, No. 2017-002223, 2021 WL 4449623 at *3 (S.C. Ct. App. Sept. 29, 2021) |
| South Dakota | 6 years - *Healy v. Osborne*, 934 N.W.2d 557, 563 (S.D. 2019) (sounding in contract) | When the plaintiff has actual or constructive notice of the cause of action. *See Wissink v. Van De Stroet*, 598 N.W.2d 213, 216 (S.D. 1999) |
| Tennessee | 3 years for tort claims and contract claims involving damage to personal property caused by fraud/deceit - *See Precision Tracking Sols., Inc. v. Spireon, Inc.*, No. 3:12-cv-00626-PLR-CCS, 2014 WL 3058396 at *5 (E.D. Tenn. July 7, 2014)<br><br>6 years for breach of contract - *Alsbrook v. Concorde Career Colleges, Inc.*, 469 F. Supp. 3d 805, 829 (W.D. Tenn. 2020) | When the plaintiff has the right to sue. *Alsbrook*, 469 F. Supp. 3d at 829 |

8

| Texas | 2 years - *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 869-70 (Tex. 2007) | When the injury first occurs. *Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 723 (Tex. App. 2015) |
|---|---|---|
| Utah | 4 years - *Pero v. Knowlden*, 336 P.3d 55, 58-59 (Utah Ct. App. 2014) | When the plaintiff knows or should have known about the basis for the claim. *Pero v. Knowlden*, 336 P.3d 55, 58-59 (Utah Ct. App. 2014) |
| Vermont | 6 years - *McLaren v. Gabel*, 229 A.3d 422, 436 n.10 (Vt. 2020) | When all elements of the cause of action exist the claim accrues and the limitations period begins to run when the plaintiff knows or should have known of the injury and its cause. *McLaren v. Gabel*, 229 A.3d at 436 |
| Virginia | 3 years - *In re: Rockland Farm, LLC, et al. v. White's Ferry, Inc.*, No. CL00056672-01, 2020 WL 10458185 at *17 (Va. Cir. Ct. November 23, 2020) | When the defendant is unjustly enriched. *Primrose Dev. Corp. v. Benchmark Acquisition Fund I Ltd. P'ship*, No. 19161, 1998 WL 957312 at *2 (Va. Cir. Ct. Oct. 29, 1998) |
| Virgin Islands | 6 years - *Pegasus Holding Grp. Stables, LLC v. Share*, No. ST-2014-CV-0000069, 2020 WL 8020083 at *5 (V.I. Super. August, 21 2020) (sounding in contract) | When the "essential facts that give rise to that cause of action" occur. *See Vanterpool v. Gov't of Virgin Islands*, No. 2013-0072, 2015 WL 4723651 at 15 n.19 (V.I. January 13, 2015) |
| Washington | 3 years - *Seattle Pro. Eng'g Emps. Ass'n v. Boeing Co.*, 991 P.2d 1126, 1133, opinion corrected on denial of reconsideration, 1 P.3d 578 (Wash. 2000) | "When a party has the right to apply to a court for relief." *Eckert v. Skagit Corp.*, 583 P.2d 1239, 1241 (Wash. App. 1978) |
| Wyoming | 8 years – *See Mountain W. Mines, Inc. v. Cleveland-Cliffs Inc.*, No. 09-CV-31-B, 2009 WL 10665423 at *7 (D. Wyo. July 15, 2009)<br><br>4 years - *Preston v. Marathon Oil Co.*, No. 08-CV-239-J, 2009 WL 10688984 at *6 (D. Wyo. Dec. 28, 2009) (applying the general limitations period for injuries not arising from contract and not elsewhere covered) | When the enrichment becomes unjust. *See Mountain W. Mines, Inc.*, No. 09-CV-31-B, 2009 WL 10665423 at *6-7<br><br>"Wyoming is a 'discovery state,' which means that the limitation period begins to run when a plaintiff knows or has reason to know that a cause of action exists." *Preston*, No. 08-CV-239-J, 2009 WL 10688984 at *6 |

9