# APPENDIX 9

# What Is "Unjust" Is Inherently Fact-Specific and Individualized

## What Is "Unjust" Is Inherently Fact-Specific and Individualized

Despite the myriad differences in states' unjust enrichment laws, there is one thing about which the various jurisdictions generally agree: what is "unjust" is inherently fact-specific and requires individualized inquires.[1]

| | |
|---|---|
| *Avis Rent A Car Sys. v. Heilman*, 876 So. 2d 1111, 1123 (Ala. 2003) (internal citations and quotations omitted) | "A claim for restitution is equitable in nature, and permits a trial court to balance the equities and to take into account competing principles to determine if the defendant was unjustly enriched. Consequently, the success of a claim for **unjust enrichment depends on the particular facts and circumstances of each case**." |
| *Fannie Mae v. Herberger Enters.*, No. 2012-010049, 2014 Ariz. Super. LEXIS 1193, at *4, (Ariz. Super. Ct., Apr, 15, 2014) | "The question of **unjust enrichment is by nature fact-intensive**." |
| *Menninger v. Concoby*, No. CA12-384, 2012 Ark. App. LEXIS 750, at *5-6, (Ark. Ct. App. Nov. 7, 2012) | "Unjust enrichment is a fact-based inquiry involving the weighing of equities and a determination of the value unjustly received. . . . **Even where a party benefits from a particular transaction, he is not subject to a claim for unjust enrichment unless his benefit was truly unjust under the circumstances.**" |
| *Oddo v. Arcoaire Air Conditioning & Heating*, No. 8:15-cv-01985-CAS(Ex), 2019 U.S. Dist. LEXIS 63428, at *34 (C.D. Cal. Mar. 22, 2019) | "Carrier argues that individualized questions predominate as to whether Carrier's retention of any benefit was 'unjust' because this inquiry 'depends on what materials California class members reviewed, whether those class members have experienced any problems with their unit, whether any problems they experienced could actually be traced to Ryconox, and so on.' . . . The Court declines to certify plaintiffs' unjust enrichment class because **individualized issues predominate with respect to whether Carrier's retention of any benefit was 'unjust.'**" |
| *Thompson v. Auto. Club of S. Cal.*, No. 30-2009-00285190, 2012 Cal. Super. LEXIS 20658, *13 (Cal. Super. Ct., Feb. 10, 2012) | Holding that individual inquiries predominated on plaintiff's unjust enrichment claim because **"[d]etermining whether the [retention of benefit] was 'unjust' as to any class member requires inquiry" into individual facts of each purported class member's situation**. |

---

[1] All emphasis throughout is added.

1

| | |
|---|---|
| *Redd Iron, Inc. v. Int'l Sales & Serv. Corp.*, 200 P.3d 1133, 1136 (Colo. App. 2008) (internal citations and quotations omitted) (quoting *Dudding v. Norton Frickey & Associates*, 11 P.3d 441, 445 (Colo. 2000); *Lewis v. Lewis*, 189 P.3d 1134, 1140 (Colo. 2008)) | "Whether a party is entitled to recovery on **a theory of unjust enrichment requires a trial court to engage in a highly fact-intensive inquiry, and to 'make extensive factual findings to determine whether a party has been unjustly enriched**. . . . It is the third prong of the unjust enrichment test -- namely, whether the enrichment of the defendant was "unjust" -- that creates difficult questions for trial courts." |
| *Gagne v. Vaccaro*, 766 A.2d 416, 428 (Conn. 2001) | "**All the facts of each case must be examined** to determine whether the circumstances render it just or unjust, equitable or inequitable, conscionable or unconscionable, to apply the doctrine." |
| *Jacobs v. Meghji*, No. 2019-1022-MTZ, 2020 WL 5951410, at *1 (Del. Ch. Oct. 8, 2020) | "**[B]enign participation cannot support the plaintiff's unjust enrichment claim.** The linchpin of an unjust enrichment claim is an absence of justification for the defendant's enrichment." |
| *Marsden v. District of Columbia*, 142 A.3d 525, 529-30 (D.C. 2016) (internal quotations and citations omitted) | "Whether permitting a recipient to avoid repayment would be unjust requires a highly contextual balancing of all of the equities. . . . **[E]very unjust enrichment case is factually unique**, for whether there has been unjust enrichment must be determined by the nature of the dealings between the recipient of the benefit and the party seeking restitution, and those dealings will necessarily vary from one case to the next." |
| *Porsche Cars N. Am., Inc. v. Diamond*, 140 So. 3d 1090, 1100 (Fla. Dist. Ct. App. 2014) (internal quotations and citations omitted) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009)) | "A claim for unjust enrichment . . . requires examination of the particular circumstances of an individual case as well as the expectations of the parties to determine whether an inequity would result or whether their reasonable expectations were met. In short, **common questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts.**" |
| *Shepherd v. Vintage Pharm., LLC*, 310 F.R.D. 691, 699 (N.D. Ga. 2015) (internal quotations and citations omitted) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009)) | "**The Eleventh Circuit has held that common questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts**. . . . Plaintiffs have not even attempted to make a case to the Court for why it might be different in this case. In particular, Plaintiffs have not addressed the fact that the Court would need to determine which pharmacies offered |

2

| | |
|---|---|
| | refunds to their customers and whether the potential class member accepted or refused those refunds." |
| *Turcott v. Estate of Bates*, 443 P.3d 197, 204 (Idaho 2019) (internal quotations and citations omitted) | "The measure of damages under a theory of unjust enrichment is not the actual amount of the enrichment, but the amount of enrichment which, as between the two parties it would be unjust for one party to retain." |
| *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 500-01 (S.D. Ill. 1999) | "Indeed, under the unjust enrichment theory, there are individual questions with regard to whether the class members actually spent money on cigarettes, whether any of them are subject to equitable defenses, and whether the defendants' misconduct caused the particular illegal purchases. Thus, the **defendants' liability for unjust enrichment to a particular plaintiff depends on the factual circumstances of the particular purchase at issue**. This individual inquiry presents more than a simple question of whether a particular plaintiff can prove damages. Rather, it bears directly on the question of the defendants' liability for unjust enrichment to a particular plaintiff." |
| *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 654 F.3d 728, 738 (7th Cir. 2011) | "The district court found that the proposed classes failed this requirement of Rule 23(b)(3) because **the details of each customer's individual transactions would need to be examined to consider whether the claims for unjust enrichment . . . were proven**." |
| *Brown v. Kerkhoff*, 279 F.R.D. 479, 492 (S.D. Iowa 2012) (internal quotations and citations omitted) | "[U]njust enrichment requires answering the individualized inquiry as to whether Defendants received a benefit at the expense of [that] plaintiff. . . . **[D]etermining whether a defendant's retention of the benefit . . . is unjust requires considering what a particular plaintiff received** in exchange for bestowing that benefit." |
| *Commander Props. Corp. v. Beech Aircraft Corp.*, 164 F.R.D. 529, 540 (D. Kan. 1995) (citing *Tongish v. Thomas*, 840 P.2d 471, 476 (Kan. 1992)) | "The **claims for unjust enrichment . . . involve significant individual inquiries**. To maintain a claim for unjust enrichment, a particular plaintiff must establish that Beech was unjustly enriched at its expense." |
| *Midland Pizza, LLC v. Sw. Bell Tel. Co.*, 277 F.R.D. 637, 642 (D. Kan. 2011) | "[T]he unjust enrichment . . . claims[] **would also require analysis of facts unique to each class member**." |

3

| | |
|---|---|
| *Russell v. Citigroup, Inc.*, No. 12-16-DLB-JGW, 2015 U.S. Dist. LEXIS 171205, at *17-18 (E.D. Ky. Dec. 22, 2015) (internal citations and quotations omitted) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009); *Grandalski v. Quest Diagnostics, Inc.*, 767 F.3d 175, 184 (3d Cir. 2014)) | "When evaluating unjust enrichment claims, courts must examine the particular circumstances of an individual case and assure itself that, without a remedy, inequity would result or persist. . . . **Due to the necessity of this inquiry into the individualized equities attendant to each class member, courts, including ours, have found unjust enrichment claims inappropriate for class action treatment**. |
| *Bamburg Steel Bldgs., Inc. v. Lawrence Gen. Corp.*, 817 So. 2d 427, 438 (La. Ct. App 2002) | "[A]pplication of the legal elements of the doctrine of unjust enrichment cannot be made without consideration of the underlying facts and circumstances which make up the plaintiff's claim." |
| *Cutler v. Wal-Mart Stores, Inc.*, 927 A.2d 1, 6 (Md. 2007) (internal quotations omitted) | "With respect to count three of the complaint, appellants' unjust enrichment claim, the circuit court noted that the measure of damages for unjust enrichment is the known gain to the defendant, and that **evaluation [of unjust enrichment damages] would require individual assessments of whether or not any benefit was conferred and accepted, retained, or even known to [Wal-Mart]**." |
| *Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 301, 936 A.2d 343, 355 (Md. 2007) (internal quotations and citations omitted) | "The final element of **an unjust enrichment claim is a fact-specific balancing of the equities**. The task is to determine whether the enrichment is unjust." |
| *Salem Five Mortg. Co. v. Lester*, 60 N.E.3d 1197 (Mass. App. Ct. 2016) | "Accordingly, an equitable determination as to **unjust enrichment requires a factual inquiry into the parties' respective knowledge** regarding Salem Five's reasonable expectations in advancing the funds for purchase of the property." |
| *Holdahl v. BioErgonomics, Inc.*, No. 27-CV-10-24236, 2011 Minn. Dist. LEXIS 260, at *26-27 (Minn. Dist. Ct. Jan. 28, 2011) | Explaining that **an unjust enrichment claim is a fact-intensive standard** that requires the claimant to show that another party knowingly received something of value to which he was not entitled and that the circumstances are such that it would be unjust for that person to retain the benefit. |
| *Nice Glass, LLC v. Coll Fin. Holdings, LLC*, No. 4:18-CV- | Holding that unjust enrichment claims "must be considered in light of the totality of the circumstances" and that **the "detailed review required regarding** |

4

| | |
|---|---|
| 01835-NCC, 2019 WL 13119395, at *7 (E.D. Mo. July 30, 2019) | **whether retaining such benefits are unjust"** is **inherently fact-specific.** |
| *Stark v. Soteria Imaging Servs., Inc.*, 276 F. Supp. 2d 989, 993–94 (D. Neb. 2003) (internal quotations and citations omitted) | "To recover on a claim for unjust enrichment, **a plaintiff must prove that the defendant received and retained [benefits] under such circumstances that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor**. Whether a defendant has been unjustly enriched is a question of fact." |
| *Mahtani v. Wyeth*, No. 08-6255 (KSH), 2011 U.S. Dist. LEXIS 70689, at *29 (D. N.J. June 30, 2011) | "Proving each class member's unjust enrichment claim will therefore require an inquiry into each class member's individual circumstances." |
| *Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 175, 178, 185 (3d Cir. 2014) | "Concerning the unjust enrichment claim, the District Court found that there were numerous explanations for overbilling that would not be wrongful or unjust. Thus, the Court held that the evidentiary showing required for each class member to show unjust enrichment would be highly individualized, such that common issues of fact did not predominate between the class members. The Court further held that because the class definitions implicitly included a requirement of wrongful loss, given the attendant difficulty of determining liability, the classes themselves were not reasonably ascertainable. Accordingly, the Court denied certification for the Post-EOB Billing Class and the Anthem BCBS FEHB Program Class as to their unjust enrichment claim. . . . In sum, **the District Court properly found that individual inquiries would be required to determine whether an alleged overbilling constituted unjust enrichment for each class member. Such specific evidence is incompatible with representative litigation**." |
| *Axiom Inv. Advisors, LLC v. Deutsche Bank AG*, 2018 U.S. Dist. LEXIS 152154, at *30 (S.D.N.Y. Sep. 6, 2018) | "Proving the second and third elements of **an unjust enrichment claim would require individualized inquiries**." |
| *Town of Carolina Shores v. Cont'l Ins. Co.*, No. 7:10-CV-13-D, 2010 WL 4338437, at *4 (E.D.N.C. Oct. 26, 2010) (citing *Wright v. Wright*, 289 S.E.2d 347, 352 (N.C. 1982)) | "In an unjust enrichment case, **the focus is ... on the circumstances, if any, which would render it unjust** for the owner to keep the benefit of the improvements without compensating the improver." |

5

| | |
|---|---|
| *Ritter, Laber & Assocs. v. Koch Oil, Inc.*, 680 N.W.2d 634, 642 (N.D. 2004) | "A determination of unjust enrichment holds that a certain state of facts is contrary to equity. An essential element of recovery under unjust enrichment is the receipt of a benefit by the defendant from the plaintiff that would be inequitable to retain without paying for its value. **Even when a person has received a benefit from another, that person is liable only if the circumstances of the receipt or retention are such that, as between the two persons, it is unjust to retain the benefit**." |
| *Carter v. PJS of Parma, Inc.*, No. 1:15 CV 1545, 2016 U.S. Dist. LEXIS 79747, at *12 (N.D. Ohio June 20, 2016) | "In an unjust enrichment case, proof of commonality necessarily overlaps with the merits of plaintiffs' claim because the crux of an unjust enrichment claim is whether defendants' retention of a benefit conferred by the plaintiff would be unjust under the circumstances. Specifically, **the Court will have to evaluate each class member's individual circumstances to determine whether he or she actually conferred a benefit on defendants, whether defendants appreciated that benefit, and whether it would be inequitable for defendants to retain the benefit without payment for its value**." |
| *Curtis v. Progressive N. Ins. Co.*, No. CIV-17-1076-PRW, 2020 U.S. Dist. LEXIS 83429, at *8 n.35 (W.D. Okla. May 12, 2020) | Explaining that the **unjust enrichment claims would "require proof of individualized elements that would result in thousands of mini-trials** within the requested class action." |
| *Alexander Loop, Ltd. Liab. Co. v. City of Eugene*, 444 P.3d 1116, 1125 (Or. Ct. App. 2019) (quoting *Larisa's Home Care, LLC v. Nichols-Shields*, 362 Ore. 115, 131-32, 404 P3d 912 (2017)) | Explaining the Oregon Supreme Court directed that **unjust enrichment claims must be decided on a case-by-case basis**. |
| *Hernandez v. Ashley Furniture Indus., Inc.*, No. 10-5459, 2013 WL 2245894, at *9 (E.D. Pa. May 22, 2013) (internal quotations and citations omitted) | "**Whether the doctrine [of unjust enrichment] applies depends on the unique factual circumstances of each case. . . . Thus, the unjust enrichment claim essentially demands an individualized inquiry**, because it requires a showing that the plaintiff performed services in good faith, that the defendant accepted those services, and that the plaintiff had a reasonable expectation of compensation." |
| *Kress Stores of P.R., Inc. v. Wal-Mart P.R., Inc.*, No. 20-01464-WGY, 2021 U.S. Dist. LEXIS | "This problem is precisely what precludes class certification here: **whether the Local Merchants were the victims of a tort, unjust enrichment, or entitled to** |

6

| | |
|---|---|
| 232158, at *16 (D.P.R. Dec. 1, 2021) | **recover in equity . . . depends on individualized inquiries** regarding the fairness of commercial acts as to very different kinds of businesses." |
| *S. Cty. Post & Beam, Inc. v. McMahon*, 116 A.3d 204, 212 (R.I. 2015) (internal quotations and citations omitted) | "We have previously acknowledged that [s]imply conferring a benefit upon a landowner by a subcontractor is not sufficient to establish a claim for unjust enrichment. . . . [T]he third prong of the analysis is the most important. . . . [T]he court must look at the equities of each case and decide whether it would be unjust for a party to retain the benefit conferred upon it without paying the value of such benefit. . . . **Determining what constitutes a just or unjust result requires a trial justice to examine the facts of the particular case and balance the equities**." |
| *Anderson v. Cent. Res. Life Ins. Co.*, No. 3:08-CV-4011-CMC, 2010 U.S. Dist. LEXIS 163219, at *21 n.15 (D.S.C. May 13, 2010) | Holding that **proving unjust enrichment would require individualized proof**. |
| *LBC Holdings, LLC v. ResQSoft, Inc.*, No. 4:17-CV-04135-RAL, 2018 U.S. Dist. LEXIS 24231, at *5 (D.S.D. Feb. 14, 2018) (internal quotations and citations omitted) (citing *Dowling Family P'ship v. Midland Farms*, 865 N.W.2d 854, 864 (S.D. 2015)) | "Showing that an enrichment would be unjust is an inquiry which is necessarily focused on the nature of the transfer itself." |
| *Blue v. Blue*, 916 N.W.2d 131, 137 (S.D. 2018) | "In order to obtain restitution, it is not enough that the person retains the benefit—retention of the benefit must be unjust." |
| *Fuller v. Nicholson*, No. M2003-00083-COA-R3-CV, 2004 Tenn. App. LEXIS 318, at *33 (Tenn. Ct. App. May 12, 2004) (internal quotations and citations omitted) | "The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust. . . . **Each claim of unjust enrichment must be decided on a case by case basis**." |
| *Mayo v. Hartford Life Ins. Co.*, 220 F. Supp. 2d 714, 776 n.224 (S.D. Tex. 2002) | "[U]njust enrichment is an equitable doctrine that **requires a fact-intensive determination** by the Court." |
| *Rawlings v. Rawlings*, 240 P.3d 754, 766 (Utah 2010) | "**[D]etermining whether the circumstances surrounding the parties' interactions were inequitable is a fact-intensive process [which] requires balancing the ramifications of an entire course of conduct**." |

7

| | |
|---|---|
| *D.J. Painting v. Baraw Enters.*, 776 A.2d 413, 419 (Vt. 2001) | "[T]he success of a claim for unjust enrichment depends on the particular facts and circumstances of each case." |
| *Kelley v. Microsoft Corp.*, No. C07-475 MJP, 2011 U.S. Dist. LEXIS 166782, at *9 (W.D. Wash. May 24, 2011) | "The Court reaffirms its previous determination that causation [in **an unjust enrichment claim] requires a fact-intensive, individual inquiry** into the motivations of each consumer." |
| *Nat'l Sur. Corp. v. Immunex Corp.*, 297 P.3d 688, 700-01 (Wash. 2013) (Wiggins, J. dissenting) | "Young demonstrates the importance of placing the unjust enrichment inquiry into the unique factual context of every case. . . . In short, as in other equitable contexts, **when considering unjust enrichment, courts balance the unique circumstances of each case** to determine whether one party will receive a benefit to which, under notions of fairness and justice, it is not entitled." |
| *Stand Energy Corp. v. Columbia Gas Transmission Corp.*, No. 2:04-0867, 2008 WL 3891219, at *20 (S.D. W. Va. Aug. 19, 2008) | "As with restraint on trade, Plaintiffs claims of unjust enrichment would similarly require individualized proof. . . . The measure of damages in an unjust enrichment claim is not lost profits, but rather the benefit conferred. Thus, **the Court would need to consider the conduct of each individual defendant and each individual plaintiff to determine which defendant was unjustly enriched** by which plaintiff." |
| *Hegel v. Brunswick Corp.*, No. 09-C-882, 2010 WL 2900379, at *4 (E.D. Wis. July 20, 2010) | "Plaintiffs have asserted alternative claims of unjust enrichment and quantum meruit. Given the equitable nature of these claims, however, **the need for individual inquiry is even more apparent**. The questions of whether Brunswick has been unjustly enriched by any member of the proposed class, or whether any member should in equity be compensated for his or her extra contribution to the company's efforts to cut costs necessitates individual consideration of the particular facts and circumstances of what each putative class member did and how they enriched Brunswick. In short, these two equitable claims are patently individual in nature and individual issues would predominate over those common to the class." |