# APPENDIX A

**APPENDIX A**

**Medical Monitoring State Law Variation Chart**

The tables below identify some of the variations in state laws governing medical monitoring and also identify certain states that were erroneously included in Plaintiffs' proposed Independent Cause-of-Action Class. These variations are the very sorts of legal differences that have led to the denial of class certification in other medical monitoring cases, including the following:

- *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1122 (8th Cir. 2005) (reversing nationwide medical monitoring class action because "[d]ifferences in state laws on medical monitoring further compound these [factual] disparities" under Rule 23(b)(2), including as to whether states recognize medical monitoring as a separate cause of action);

- *Sanders v. Johnson & Johnson, Inc.*, No. 03-2663, 2006 WL 1541066, at *4 (D.N.J. June 2, 2006) (striking proposed medical monitoring class in light of state law variations because, *inter alia*, "states that permit medical monitoring in the absence of physical injury may differ in the required elements of proof");

- *Almond v. Janssen Pharms., Inc.*, 337 F.R.D. 90, 100 (E.D. Pa. 2020) (granting motion to strike nationwide medical monitoring class under both Rule 23(b)(3) and 23(b)(2) because of variations in state law; "a fault line divides class members whom state law permits to seek relief through a no-injury medical monitoring claim, and those whom state law prohibits from asserting the very claim at issue here");

- *In re NHL Players' Concussion Injury Litig.*, 327 F.R.D. 245, 260, 266 (D. Minn. 2018) (denying nationwide class certification with respect to medical monitoring claims under Rule 23(b)(3) because "individualized legal issues will

substantially predominate over common legal issues" in light of the varying legal principles applicable to those claims, including with respect to whether medical monitoring is an **independent claim**, the **requirement of manifest physical injury** and the **relative increased risk of future disease required**);

- *Zehel-Miller v. AstraZeneca Pharms., LP*, 223 F.R.D. 659, 663 (M.D. Fla. 2004) ("The fact that medical monitoring is not treated uniformly throughout the United States creates a myriad of individual legal issues that defeat [class certification]," including whether medical monitoring "is recognized as an independent cause of action, or an element of damages") (citation omitted); and

- *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 267 (S.D. Fla. 2003) (denying class certification of a nationwide medical monitoring class because "states have **rejected the claim completely**, another minority have recognized it as an **independent cause of action**, others allow it only as an element of damages when the plaintiff has sustained a **physical injury**, and the vast majority have **not yet addressed the question**") (emphasis added).

**Table A: States Whose Residents Purportedly Fall Within The Independent Cause-Of-Action Class**

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Alaska | No. Alaska "do[es] not have any court decisions that clearly address the issues related to medical monitoring." *In re NHL Players' Concussion Injury Litig.*, 327 F.R.D. 245, 260, 262 (D. Minn. 2018). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Arizona | No. Although federal courts have sometimes described medical monitoring as an independent claim under Arizona law, state appellate authority has described it as a "compensable item of damages." *Burns v. Jaquays Min. Corp.*, 156 Ariz. 375, 380, 752 P.2d 28, 33 (Ct. App. 1987); *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 569 (2018) (noting *Burns* addressed "damages"). *Burns* articulated certain requirements for medical monitoring relief, which are described in the other columns. | Present physical injury is not required to recover medical monitoring relief. *See Burns v. Jaquays Min. Corp.*, 156 Ariz. 375, 380, 752 P.2d 28, 33 (Ct. App. 1987) ("[D]espite the absence of physical manifestation of any asbestos-related diseases . . . plaintiffs should be entitled to . . . regular medical testing and evaluation."). | Arizona courts consider the "relative increase in the chance of onset of the disease in those exposed and the value of early diagnosis." *Burns v. Jaquays Min. Corp.*, 156 Ariz. 375, 380, 752 P.2d 28, 33 (Ct. App. 1987). | No authority directly addressing this issue. | "[S]urveillance to monitor the effects of exposure to toxic chemicals [must be] reasonable and necessary." *Burns v. Jaquays Min. Corp.*, 156 Ariz. 375, 380, 752 P.2d 28, 33 (Ct. App. 1987). | No authority directly addressing this issue. |

4

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Colorado | No. Although federal courts have predicted that the Colorado Supreme Court would recognize medical monitoring as an independent claim, there is no state authority on the issue. *See Cook v. Rockwell Int'l Corp.*, 755 F. Supp. 1468, 1477 (D. Colo. 1991) ("the Colorado Supreme Court would probably recognize, in an appropriate case, a tort claim for medical monitoring"); *Bell v. 3M Co.*, 344 F. Supp. 3d 1207, 1224 (D. Colo. 2018) (similar). | If the federal courts' prediction of Colorado law is accurate, present physical injury is probably not required. *See Bell v. 3M Co.*, 344 F. Supp. 3d 1207, 1225 (D. Colo. 2018) (predicting that present physical injury not required); *but see, e.g., June v. Union Carbide Corp.*, 577 F.3d 1234, 1252 & n.12 (10th Cir. 2009) ("Because we conclude that the [p]laintiffs have not suffered bodily injury [under the Price-Anderson Act], we need not determine whether Colorado law would recognize a cause of action for medical-monitoring relief."). | If the federal courts' prediction of Colorado law is accurate, a plaintiff probably must prove that he or she "suffers from an increased risk of contracting a serious latent disease." *Bell v. 3M Co.*, 344 F. Supp. 3d 1207, 1225 (D. Colo. 2018). | If the federal courts' prediction of Colorado law is accurate, a plaintiff must show that medical monitoring can lead to "beneficial" treatment of the disease. *Bell v. 3M Co.*, 344 F. Supp. 3d 1207, 1225 (D. Colo. 2018). | If the federal courts' prediction of Colorado law is accurate, a plaintiff must show that "monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial." *Bell v. 3M Co.*, 344 F. Supp. 3d 1207, 1225 (D. Colo. 2018). | Unclear, but both *Cook* and *Bell* are toxic tort cases, suggesting that medical monitoring may be limited to that narrow context. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Delaware | No. The Delaware Supreme Court has suggested that medical monitoring *may* be cognizable where there is "direct contact with [a] contaminant by the plaintiffs." *Mergenthaler v. Asbestos Corp.*, 480 A.2d 647, 651 (Del. 1984) (refusing to permit asbestos-related medical monitoring where there was no "direct contact with the contaminant by the plaintiffs"); *see also Guinan v. A.I. DuPont Hosp. for Child.*, 597 F. Supp. 2d 517, 538 (E.D. Pa. 2009) ("We predict that the Delaware Supreme Court would permit a claim for medical monitoring."). However, the Third Circuit expressly "decline[d] to predict whether the Delaware Supreme Court might acknowledge some variant of a medical monitoring claim." *K.G. v. A.I. Dupont Hosp. for Child*, 393 F. App'x 88, 892 & n.6 (3d Cir. 2010). | One state trial court has suggested that present physical injury is probably required. *See In re Asbestos Litig.*, No. CIV.A. 87C-09-24, 1994 WL 16805917, at *2 (Del. Super. Ct. Aug. 5, 1994) ("Because the Court has determined that plaintiffs do not have a compensable physical injury, plaintiffs may not recover for the expenses of medical surveillance."). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| District of Columbia | No, because federal courts have made differing predictions. *Compare Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 746 F.2d 816, 819 (D.C. Cir. 1984) (predicting that the District of Columbia Court of Appeals would recognize a "cause of action for diagnostic examinations in the absence of proof of actual injury"), *with Witherspoon v. Philip Morris Inc.*, 964 F. Supp. 455, 467 (D.D.C. 1997) ("Plaintiff has [improperly] styled this as a cause of action."). | Unclear, because courts have reached different conclusions. *Compare Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 746 F.2d 816, 819 (D.C. Cir. 1984) (predicting that the District of Columbia Court of Appeals would not require "proof of actual injury"), *with Witherspoon v. Philip Morris Inc.*, 964 F. Supp. 455, 467 (D.D.C. 1997) ("Whether a cause of action or a part of damages requested, medical monitoring requires that the plaintiff have a present injury and a reasonable fear that the present injury could lead to the future occurrence of disease."). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

7

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Florida | Yes. | Present injury is not required. *See, e.g., Santiago v. Honeywell Int'l, Inc.*, No. 16-CV-25359, 2021 WL 5066924, at *7 (S.D. Fla. Sept. 29, 2021) ("In these cases, Florida law recognizes a 'cause of action in Florida despite the absence of present physical injury or symptomatic disease.'"), *appeal pending*. | Significantly increased risk of disease is required. *See Petito v. A.H. Robins Co.*, 750 So. 2d 103, 106 (Fla. Dist. Ct. App. 1999) (plaintiff must prove that, "as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease"). | No authority directly addressing this issue. | Plaintiff must show that a medical monitoring procedure exists that would make detection of the disease possible. *See Petito v. A.H. Robins Co.*, 750 So. 2d 103, 106 (Fla. Dist. Ct. App. 1999) (plaintiff must prove that "a monitoring procedure exists that makes the early detection of the disease possible"). | Not limited to toxic tort cases. *See Petito v. A.H. Robins Co.*, 750 So. 2d 103, 106 (Fla. Dist. Ct. App. 1999) (applying medical monitoring in pharmaceutical product liability action). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Hawaii | No, because Hawaii "do[es] not have any court decisions that clearly address the issues related to medical monitoring." *In re NHL Players' Concussion Injury Litig.*, 327 F.R.D. 245, 262 (D. Minn. 2018). | Unclear, because "no court has yet decided whether a plaintiff can bring a no-injury medical monitoring claim." *Almond v. Janssen Pharms., Inc.*, 337 F.R.D. 90, 96 (E.D. Pa. 2020) (construing Hawaii law). However, a federal district court awarded special damages for medical monitoring despite "the evidence [being] uncontroverted that none of [the plaintiffs] are suffering from a functional impairment due to asbestos exposure." *In re Haw. Fed. Asbestos Cases*, 734 F. Supp. 1563, 1573 (D. Haw. 1990). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Idaho | No, because Idaho "do[es] not have any court decisions that clearly address the issues related to medical monitoring." *In re NHL Players' Concussion Injury Litig.*, 327 F.R.D. 245, 262 (D. Minn. 2018). | Unclear, because no court has "yet decided whether a plaintiff can bring a no-injury medical monitoring claim." *Almond v. Janssen Pharms., Inc.*, 337 F.R.D. 90, 96 (E.D. Pa. 2020). However, one federal district court refused to dismiss a plaintiff's medical monitoring claim despite the lack of present injury. *See Hepburn v. Bos. Sci. Corp.*, No. 3:17-cv-00530-DCN, 2018 WL 2275219, at *5 (D. Idaho May 17, 2018). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Illinois | No, because the available law suggests that medical monitoring is a remedy, not a cause of action. *See, e.g.*, *Berry v. City of Chicago*, 2020 IL 124999, ¶ 38, 181 N.E.3d 679, 689 (examining medical monitoring damages in the context of a negligence cause of action); *Pierscionek v. Ill. High Sch. Ass'n*, No. 14 CH 19131, 2015 Ill. Cir. LEXIS 24, at *11 (Ill. Cir. Ct. Oct. 27, 2015) ("Illinois does not recognize a cause of action solely for medical monitoring."). | The courts describing medical monitoring as a remedy have indicated that present physical injury is required. *See Berry v. City of Chicago*, 2020 IL 124999, ¶ 38, 181 N.E.3d 679, 689 ("A plaintiff who suffers bodily harm caused by a negligent defendant may recover for an increased risk of future harm as an element of damages, but the plaintiff may not recover solely for the defendant's creation of an increased risk of harm."); *Leslie v. Medline Indus., Inc.*, No. 20-CV-01654, 2021 WL 4477923, at *11 (N.D. Ill. Sept. 30, 2021) ("In sum, the Court finds that *Berry* controls and actual exposure absent any present physical harm is not enough."). | Not applicable because a "plaintiff may not recover solely for the defendant's creation of an increased risk of harm." *Berry v. City of Chicago*, 2020 IL 124999, ¶ 38, 181 N.E.3d 679, 689 | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Iowa | No, because there is no state authority recognizing an independent medical monitoring claim, *see In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, MDL No. 2875 (RBK/KW), 2021 WL 364663, at *24 n.36 (D.N.J. Feb. 3, 2021), and one federal court has predicted that the Iowa Supreme Court would not authorize a medical monitoring cause of action, *see Pickrell v. Sorin Grp. USA, Inc*., 293 F. Supp. 3d 865, 868 (S.D. Iowa 2018) ("This Court finds that the Iowa Supreme Court would be unlikely to adopt a medical monitoring cause of action rooted in a negligence theory, especially absent an actual injury.") | Even assuming medical monitoring were a recognized claim, present physical injury would probably be required. *See Pickrell v. Sorin Grp. USA, Inc*., 293 F. Supp. 3d 865, 868 (S.D. Iowa 2018) ("Due to Iowa's requirement that negligence claims include an actual injury, this Court concludes that the Iowa Supreme Court, if confronted with the opportunity to recognize a medical monitoring cause of action, would either decline to do so or would require an actual injury."). | Likely not applicable because there is no authority recognizing a medical monitoring claim, and courts have noted that, if such a claim exists, actual injury would be required. | Likely not applicable because there is no authority recognizing a medical monitoring claim. | Likely not applicable because there is no authority recognizing a medical monitoring claim. | Likely not applicable because there is no authority recognizing a medical monitoring claim. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Maine | No, because there is a paucity of authority directly addressing this issue. *Cf. Millet v. Atl. Richfield Co.*, No. Civ.A. CV-98-555, 2000 WL 359979, at *20 (Me. Super. Ct. Mar. 2, 2000) (discussing medical monitoring while determining whether to certify a class without addressing the substantive law of medical monitoring). | Even assuming Maine recognized an independent medical monitoring claim, present physical injury would probably be required. Although there is no authority addressing medical monitoring, the Maine Supreme Court has held that "subclinical injury . . . is 'insufficient to constitute the actual loss or damage to a plaintiff's interest required to sustain a cause of action under generally applicable principles of tort law.'" *Bernier v. Raymark Indus., Inc.*, 516 A.2d 534, 543 (Me. 1986) (citations omitted). | Likely not applicable because there is no authority recognizing a medical monitoring claim, and courts have noted that, if such a claim exists, actual injury would be required. | Likely not applicable because there is no authority recognizing a medical monitoring claim. | Likely not applicable because there is no authority recognizing a medical monitoring claim. | Likely not applicable because there is no authority recognizing a medical monitoring claim. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Massachusetts | Yes. | Present physical injury is required, but subcellular damage qualifies. *See Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 901 (Mass. 2009) ("No particular level or quantification of increase in risk of harm is necessary, so long as it is substantial and so long as there has been at least a corresponding subcellular change."). | Plaintiff must be at a substantially increased risk of serious disease. *See Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 902 (Mass. 2009) (plaintiff must prove "subcellular changes that substantially increased the risk of serious disease, illness, or injury"). | Effective treatment must exist. *See Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 902 (Mass. 2009) (plaintiff must prove that "early detection, combined with prompt and effective treatment, will significantly decrease the risk of death or the severity of the disease, illness or injury"). | Detection procedures must exist. *See Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 902 (Mass. 2009) (plaintiff must establish that "an effective medical test for reliable early detection exists"). | Medical monitoring applies to product cases. *See Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891 (Mass. 2009) (applying medical monitoring to allegedly defective cigarettes). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Minnesota | No, because courts have reached different conclusions on whether medical monitoring is a recognized independent claim. *Compare Palmer v. 3M Co.*, No. C2-04-6309, 2007 WL 1879844, 2007 Minn. Dist. LEXIS 162, at *46 (Minn. Dist. Ct. June 19, 2007) ("Minnesota law does not recognize an independent tort of medical monitoring."), *with In re NHL Players' Concussion Injury Litig.*, 327 F.R.D. 245, 264 (D. Minn. 2018) (suggesting that medical monitoring is an independent claim). | Although courts have differed on whether medical monitoring is a claim or remedy, they have generally agreed that present injury is required, which can be satisfied by subcellular damage. *See Bryson v. Pillsbury Co.*, 573 N.W.2d 718, 721 (Minn. Ct. App. 1998) ("subcellular damage" may suffice to prove the required present injury in a medical monitoring case and is a question of fact for the jury to decide); *see also In re NHL Players' Concussion Injury Litig.*, 327 F.R.D. 245, 264 (D. Minn. 2018) ("Plaintiffs must prove that they incurred cell damage (injury) as a result of being exposed to the hazard . . . ."). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Missouri | No, because state appellate decisions have repeatedly made clear that medical monitoring is a remedy, not an independent claim. *See Moore v. Scroll Compressors, LLC*, 632 S.W.3d 810, 819 (Mo. Ct. App. 2021) ("Missouri law does not recognize medical monitoring as a separate cause of action.") (citing *Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 717 (Mo. 2007)); *see also Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 717 (Mo. 2007) ("[Medical monitoring] is simply a compensable item of damage when liability is established under traditional tort theories of recovery."). | Present physical injury is not required to recover medical monitoring relief. *See Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 717 (Mo. 2007) ("[A] present physical injury requirement is inconsistent with th[is] theory of recovery."). | Plaintiff must be at a significantly increased risk to recover the remedy of medical monitoring. *See Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 717 (Mo. 2007) (medical monitoring damages are recoverable where "the plaintiff has a significantly increased risk of contracting a particular disease relative to what would be the case in the absence of exposure"). | No authority directly addressing this issue. | Detection procedures probably have to exist to recover medical monitoring relief. *See Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 718 (Mo. 2007) (to succeed on their medical monitoring theory, plaintiffs must show that "medical monitoring is, to a reasonable degree of medical certainty, necessary in order to diagnose properly the warning signs of disease") (quoting *Bower v. Westinghouse Elec. Corp.*, 522 S.E.2d 424, 431 (W. Va. 1999)). | The remedy of medical monitoring is limited to toxic torts. *See Ratliff v. Mentour Corp.*, 569 F. Supp. 2d 926, 928-29 (W.D. Mo. 2008) ("The strict holding of *Meyer* is that, in Missouri, medical monitoring claims are available in toxic tort cases. *Meyer* does not support medical monitoring claims in garden variety products liability cases like [the plaintiff] contends."). |

16

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Montana | No, because courts have reached different conclusions on this issue. *Compare Lamping v. Am. Home Prods., Inc.*, No. DV-97-85786, 2000 Mont. Dist. LEXIS 2580, at *14 (Mont. Dist. Ct. Feb. 21, 2000) ("conclud[ing] that public policy dictates Montana's recognition of an independent cause of action for medical monitoring"), *with In re Zantac (Ranitidine) Prod. Liab. Litig.*, 546 F. Supp. 3d 1152, 1164 (S.D. Fla. 2021) (refusing to follow *Lamping*, noting that decision "is more than twenty years old, is unpublished, has not been acknowledged by other Montana courts, and only recognized medical monitoring on that case's specific facts"). | Unclear, because courts have reached different conclusions. *Compare Lamping v. Am. Home Prods., Inc.*, No. DV-97-85786, 2000 Mont. Dist. LEXIS 2580, at *14 (Mont. Dist. Ct. Feb. 21, 2000) (holding that plaintiffs could recover even absent present physical injury), *with In re Zantac (Ranitidine) Prod. Liab. Litig.*, 546 F. Supp. 3d 1152, 1164 (S.D. Fla. 2021) (declining to follow *Lamping* and suggesting that a medical monitoring theory would require proof of present physical injury). | Unclear, because only one state trial court has addressed this element in a decision that has not been followed. *Compare Lamping v. Am. Home Prods., Inc.*, No. DV-97-85786, 2000 Mont. Dist. LEXIS 2580, at *14 (Mont. Dist. Ct. Feb. 21, 2000) (following Florida law, which requires proof of a "significantly increased risk of contracting a serious latent disease") (citation omitted), *with In re Zantac (Ranitidine) Prod. Liab.* | No authority directly addressing this requirement. | Unclear, because only one state trial court has addressed this element in a decision that has not been followed. *Compare Lamping v. Am. Home Prods., Inc.*, No. DV-97-85786, 2000 Mont. Dist. LEXIS 2580, at *14 (Mont. Dist. Ct. Feb. 21, 2000) (following Florida law, which requires proof that "a monitoring procedure exists that makes the early detection of the disease possible") (citation omitted), *with In re Zantac (Ranitidine) Prod. Liab. Litig.*, 546 F. Supp. 3d 1152, 1164 (S.D. Fla. 2021) (declining | Unclear, because although *Lamping* endorsed medical monitoring in a pharmaceutical product-liability case, *see Lamping v. Am. Home Prods., Inc.*, No. DV-97-85786, 2000 Mont. Dist. LEXIS 2580 (Mont. Dist. Ct. Feb. 21, 2000), that decision has yet to be followed, *see In re Zantac (Ranitidine) Prod. Liab. Litig.*, 546 F. Supp. 3d 1152, 1164 (S.D. Fla. 2021). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| | | | *Litig.*, 546 F. Supp. 3d 1152, 1164 (S.D. Fla. 2021) (declining to follow *Lamping* and not addressing this potential element). | | to follow *Lamping* and not addressing this potential element). | |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Nevada | No, because the Nevada Supreme Court has rejected medical monitoring as an independent claim, instead limiting it to a form of relief. *See Badillo v. Am. Brands, Inc.*, 16 P.3d 435, 437, 441 (Nev. 2001) ("[W]e hold that Nevada common law does not recognize a cause of action for medical monitoring."). | Present physical injury is not required to recover the remedy of medical monitoring. *See Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1270 (Nev. 2014) ("[A] plaintiff may state a cause of action for negligence with medical monitoring as the remedy without asserting that he or she has suffered a present physical injury."). | A relative risk beyond normal is required to recover medical monitoring relief. *See Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1272 (Nev. 2014) ("[A] plaintiff may satisfy the injury requirement for the purpose of stating a claim by alleging that he or she is reasonably required to undergo medical monitoring beyond what would have been recommended had the plaintiff not been exposed to the negligent act of the defendant."). | No authority directly addressing this requirement. *See Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1271-72 (Nev. 2014) ("[I]n light of our treatment of medical monitoring as a remedy, rather than a cause of action, we decline to identify specific factors that a plaintiff must demonstrate to establish entitlement to medical monitoring as a remedy."). | No authority directly addressing this requirement. | A plaintiff may seek the remedy of medical monitoring outside toxic tort cases. *See Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1271-73 (Nev. 2014) (applying medical monitoring to case involving alleged risk of blood-borne diseases, including hepatitis B, hepatitis C, and HIV as a result of unsafe injection practices at healthcare facilities). |

19

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| New Hampshire | No, because New Hampshire "has neither accepted nor rejected medical monitoring claim[s]." *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, MDL No. 2875 (RBK/KW), 2021 WL 364663, at *24 n.37 (D.N.J. Feb. 3, 2021) (citing *Brown v. Saint-Gobain Performance Plastics Corp.*, No. 16-CV-242-JL, 2018 WL 10638396, at *1 (D.N.H. Dec. 6, 2018) ("Neither New Hampshire's legislature nor its Supreme Court has recognized medical monitoring as a cause of action or an available form of relief.")); *see also id.* (noting that one New Hampshire trial court has recognized a medical monitoring claim based on *Bower v. Westinghouse Elec. Corp.*, 522 S.E.2d 424, 432-33 (W. Va. 1999)) (citing *Hermens v. Textiles Coated Inc.*, No. 216-2017-cv-524, -525, slip. op. at 9-12 (N.H. Super. Ct., Hillsborough Cnty. N. Mar. 16, 2018) (Brown, J.)). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| New Mexico | No, because the issue has not been addressed by any court. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| New York | No, because it is not clear whether medical monitoring is more properly characterized as a claim or remedy under the applicable caselaw. *Compare Caronia v. Philip Morris USA, Inc.*, 5 N.E.3d 11, 18 (N.Y. 2013) ("We conclude that the policy reasons . . . militate against a judicially-created independent cause of action for medical monitoring."), *with Burdick v. Tonoga, Inc.*, 110 N.Y.S.3d 219 (Sup. Ct. 2018) (plaintiffs have stated a "cognizable claim for medical monitoring based on a present injury, specifically, blood accumulation of PFOA."), *aff'd*, 112 N.Y.S.3d 342 (2019). | Although courts have not clearly and uniformly described medical monitoring as an independent claim or remedy, they are generally in agreement that present physical injury is required. However, such injury can include subcellular damage. *See, e.g., Caronia v. Philip Morris USA, Inc.*, 5 N.E.3d 11, 18 (N.Y. 2013) (stating requirement of "present physical injury or damage to property"); *Benoit v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 491, 501 (2d Cir. 2020) ("We conclude that . . . allegations of the physical manifestation of or clinically demonstrable presence of toxins in the plaintiff's body are sufficient . . . ."). | Courts describing medical monitoring in New York have imposed a requirement of "significant increased risk for disease." *Burdick v. Tonoga, Inc.*, 112 N.Y.S.3d 342, 348 (2019). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

22

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| North Dakota | No, because the issue has not been resolved by any court. *See Mehl v. Canadian Pac. Ry. Ltd.*, 227 F.R.D. 505, 518 (D.N.D. 2005) ("However, the Court finds it is unnecessary to determine whether North Dakota would recognize a claim for medical monitoring because the relief the Plaintiffs seek through their medical monitoring claim is simply a request for future medical expenses."); *see also id.* (noting that "one state district court . . . has rejected a request for medical monitoring claims, finding that the claims were 'speculative' and 'lack sufficient standards to resolve.'") (quoting *N.D. Dep't of Health v. Burlington N. & Santa Fe Ry. Co.*, No. 04-C-157 (N.D. Dist. Ct., Ne. Cent. Jud. Dist., Sept. 9, 2004)). | Even assuming medical monitoring were a recognized claim or form of relief, present physical injury would probably be required. *See Mehl v. Canadian Pac. Ry. Ltd.*, 227 F.R.D. 505, 518 (D.N.D. 2005) ("[I]t is clear North Dakota requires a legally cognizable injury to be present before damages may be awarded."). | Likely not applicable because, if medical monitoring claim were recognized, present injury would be required. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

23

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Oregon | No, because the Oregon Supreme Court has rejected medical monitoring as an independent claim, instead limiting it to a form of relief. *See Lowe v. Philip Morris USA, Inc.*, 183 P.3d 181, 187 (Or. 2008) ("[W]e hold that negligent conduct that results only in a significantly increased risk of future injury that requires medical monitoring does not give rise to a claim for negligence."). | Present physical injury is required to recover the remedy of medical monitoring. *See Lowe v. Philip Morris USA, Inc.*, 183 P.3d 181, 183 (Or. 2008) (holding that "a plaintiff could obtain damages . . . upon proper proof," i.e., where a "plaintiff has alleged that she has suffered any present physical harm as a result of defendants' negligence and seeks damages for . . . the costs of medical care to determine the extent of her harm"). | Not applicable because present injury required to recover remedy of medical monitoring. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue, but *Lowe* was a tobacco case and suggests that a request for medical monitoring relief in product cases may be permissible under appropriate circumstances. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|-------|------|------|------|------|------|------|
| Pennsylvania | Yes. | Present physical injury is not required. *See Almond v. Janssen Pharms., Inc.*, 337 F.R.D. 90, 95 (E.D. Pa. 2020) ("As permitted by Pennsylvania law, Plaintiff limits his medical monitoring claim to class members who have suffered no actual injury."). | Plaintiff must prove a "[s]ignificantly increased risk of contracting a serious latent disease." *Redland Soccer Club, Inc. v. Dep't of Army*, 696 A.2d 137, 145 (Pa. 1997). | No requirement that current treatment exists. *See Redland Soccer Club, Inc. v. Dep't of Army*, 696 A.2d 137, 146 (Pa. 1997) ("[W]e do not require a plaintiff to show that a treatment currently exists for the disease that is the subject of medical monitoring."). | Existence of monitoring procedures is required. *See Redland Soccer Club, Inc. v. Dep't of Army*, 696 A.2d 137, 146 (Pa. 1997) (plaintiff must prove that "a monitoring procedure exists that makes the early detection of the disease possible"). | No authority directly addressing this issue. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Rhode Island | No, because the limited available authority suggests that medical monitoring is a remedy. *See Miranda v. DaCruz*, No. PC 04-2210, 2009 WL 3515196, at *7 (R.I. Super. Ct. Oct. 26, 2009) (describing medical monitoring in terms of remedy, not cause of action). | The limited authority recognizing medical monitoring as a remedy indicates that present injury is probably required but may include subcellular damage. *See Miranda v. DaCruz*, No. PC 04-2210, 2009 WL 3515196, at *7 (R.I. Super. Ct. Oct. 26, 2009) ("case law does not support awarding damages for medical monitoring if the plaintiff only has the potential to contract the medical conditions" but "does not have these physical conditions currently"); *see also id.* at *8 & n.6 (referencing Massachusetts law as "instructive," without conclusively resolving whether subcellular changes would satisfy the present-injury requirement under Rhode Island law). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| South Dakota | No, because the issue has not been addressed by any court. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |
| Utah | Yes. | Present physical injury is not required. *See Hansen v. Mountain Fuel Supply Co.*, 858 P.2d 970, 979 (Utah 1993) (Utah recognizes medical monitoring claims and that claimants need not establish present physical injury). | Plaintiff must prove she is at an "increased risk . . . of a serious disease, illness, or injury." *Hansen v. Mountain Fuel Supply Co.*, 858 P.2d 970, 979 (Utah 1993). | The plaintiff must show that a "treatment exists that can alter the course of the illness." *Hansen v. Mountain Fuel Supply Co.*, 858 P.2d 970, 979 (Utah 1993). | The plaintiff must establish that "a medical test for early detection exists." *Hansen v. Mountain Fuel Supply Co.*, 858 P.2d 970, 979 (Utah 1993). | No authority directly addressing this issue. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Vermont | No, because the available authority recognizes medical monitoring as a remedy, not a claim. *See Sullivan v. Saint-Gobain Performance Plastics Corp.*, 431 F. Supp. 3d 448, 452 (D. Vt. 2019) ("There is no need to predict whether the Vermont Supreme Court would recognize a new tort theory when the same question can be answered by considering existing tort law in Vermont. The court is satisfied that analyzing medical monitoring in the light of a remedy. . . ."). | Present injury is probably not required. *See Sullivan v. Saint-Gobain Performance Plastics Corp.*, 431 F. Supp. 3d 448, 466 (D. Vt. 2019) (predicting that Vermont Supreme Court would recognize medical monitoring relief absent present physical injury); *see also Stead v. F.E. Meyers Co., Div. of McNeil Corp.*, 785 F. Supp. 56, 57 (D. Vt. 1990) ("proof of an increased risk of cancer that . . . is substantial enough to require medical monitoring for many years" can support a theory of medical monitoring). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| West Virginia | Yes. | Present physical injury is not required. *See Letart v. Union Carbide Corp.*, 461 F. Supp. 3d 391, 397 (S.D. W. Va. 2020) ("West Virginia law is clear that under *Bower*, 'a plaintiff asserting a claim for medical monitoring costs is not required to prove present physical harm resulting from tortious exposure to toxic substances.'"); *see also Acord v. Colane Co.*, 719 S.E.2d 761, 770 (W. Va. 2011) (West Virginia recognizes medical monitoring claims based on "increased risk of disease"). | Plaintiff must be at a significantly increased risk of disease. *See Bower v. Westinghouse Elec. Corp.*, 522 S.E.2d 424, 433 (W. Va. 1999) (plaintiff must demonstrate that she "has a significantly increased risk of contracting a particular disease relative to what would be the case in the absence of exposure. Importantly, '[n]o particular level of quantification is necessary to satisfy this requirement.'"). | Existence of current treatment is not required. *See Bower v. Westinghouse Elec. Corp.*, 522 S.E.2d 424, 432-43 (W. Va. 1999) ("[A] plaintiff should not be required to show that a treatment currently exists for the disease that is the subject of medical monitoring."). | Plaintiff must show that detection procedures exist. *See Bower v. Westinghouse Elec. Corp.*, 522 S.E.2d 424, 432-43 (W. Va. 1999) (must show that "monitoring procedures exist that make the early detection of a disease possible."). | No authority directly addressing this issue. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|---|
| Wyoming | No, because the issue has not been addressed by any court. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

**Table B: States That Purportedly Allow Medical Monitoring Relief Despite No Independent Cause Of Action**

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Alabama | Present physical injury is required. *See Hous. Cnty. Health Care Auth. v. Williams*, 961 So. 2d 795, 811 (Ala. 2006) ("A person exposed to a known hazardous substance but not claiming a present physical injury or illness as a result may not recover as damages the costs of medical monitoring."). | Not applicable because present physical injury required. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |
| Arkansas | Federal authority indicates that present physical injury is probably required. *See Nichols v. Medtronic, Inc.*, No. 4:05CV00681 JLH, 2005 WL 8164643, at *11 (E.D. Ark. Nov. 15, 2005) ("Arkansas has not clearly recognized a claim for medical monitoring and would not where no physical injury is alleged."). | Likely not applicable because present physical injury likely required. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| California | Present physical injury is not required. *See Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 823 (Cal. 1993) ("[M]edical monitoring may be called for as a result of a defendant's tortious conduct, even in the absence of actual physical injury . . . ."). | California considers the "relative increase in the chance of onset of disease in the exposed plaintiff as a result of the exposure, when compared to (a) the plaintiff's chances of developing the disease had he or she not been exposed and (b) the chances of the members of the public at large of developing the disease." *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 825-26 (Cal. 1993). | Unclear, but a factor to be considered is the "clinical value of early detection and diagnosis." *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 823 (Cal. 1993). | No authority directly addressing this issue. | Unclear, although one federal court has indicated that "California does carve out an exception to the present harm requirement for medical monitoring cases in which victims were exposed to toxic chemicals." *Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 650 (N.D. Cal. 2020). |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Connecticut | At least some kind of present physical injury is probably required. The Connecticut Supreme Court "assume[d], without deciding," a medical monitoring remedy could only be supported with a showing of "subclinical cellular injury that substantially increased the plaintiffs' risk of cancer." *Dougan v. Sikorsky Aircraft Corp.*, 337 Conn. 27, 42-43 (2020). | The Connecticut Supreme Court "assume[d], without deciding," that the elements applied under Massachusetts law "govern proof of a medical monitoring claim," including requirement that defendant "substantially increased the risk of serious disease." *Dougan v. Sikorsky Aircraft Corp.*, 337 Conn. 27, 42-43 (2020) (quoting *Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 901 (Mass. 2009)). | The Connecticut Supreme Court "assume[d], without deciding," that a plaintiff must prove that an "effective medical test for reliable early detection exists." *Dougan v. Sikorsky Aircraft Corp.*, 337 Conn. 27, 42 (2020) (quoting *Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 901 (Mass. 2009)). | The Connecticut Supreme Court "assume[d]" that a plaintiff must prove that "early detection, combined with prompt and effective treatment, will significantly decrease the risk of death or the severity of the disease, illness or injury." *Dougan v. Sikorsky Aircraft Corp.*, 337 Conn. 27, 42 (2020) (quoting *Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 901 (Mass. 2009)). | No authority clearly speaking to this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Georgia | Unclear. Federal courts have predicted that a medical monitoring remedy requires proof of present physical injury, which does ***not*** include subcellular damage. *See Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290, 1302 (N.D. Ga. 2005) ("[B]ecause Plaintiffs' allegations of subclinical damage are insufficient to state a current physical injury, Plaintiffs are not entitled to recover the 'quantifiable costs of periodic medical examinations' as future medical expenses."), *aff'd*, 230 F. App'x 878, 882-83 (11th Cir. 2007); *see also In re NHL Players' Concussion Injury Litig.*, 327 F.R.D. 245, 262 (D. Minn. 2018) (recognizing same). However, in a more recent case, the Georgia Supreme Court "express[ed] no opinion on the viability of [medical monitoring in the absence of current physical injury]." *Collins v. Athens Orthopedic Clinic, P.A.*, 837 S.E.2d 310, 314 n.2 (Ga. 2019). | Likely not applicable because Georgia likely requires present physical injury. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Guam | Federal authority indicates that present injury is probably not required. *See Abuan v. Gen. Elec. Co.*, 3 F.3d 329, 334 (9th Cir. 1993). | Federal authority indicates that a significantly increased risk of disease is required. *See Abuan v. Gen. Elec. Co.*, 3 F.3d 329, 334 (9th Cir. 1993). | Federal authority indicates that a plaintiff must show that "treatment of the disease [is] possible and beneficial." *Abuan v. Gen. Elec. Co.*, 3 F.3d 329, 334 (9th Cir. 1993). | Federal authority indicates that a plaintiff must show that "[m]onitoring and testing procedures exist." *Abuan v. Gen. Elec. Co.*, 3 F.3d 329, 334 (9th Cir. 1993). | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Indiana | Unclear, because courts have reached different conclusions on whether present manifest injury is required. *Compare Gray v. Westinghouse Elec. Corp.*, 624 N.E.2d 49 (Ind. Ct. App. 1993) (recognizing that a plaintiff could obtain medical monitoring despite the absence of a present physical injury), *with Hostetler v. Johnson Controls, Inc.*, No. 3:15-CV-226 JD, 2020 WL 5543081, at *4 (N.D. Ind. Sept. 16, 2020) ("It is unclear if Indiana would even recognize a claim for damages for medical monitoring based on an increased risk of future injury."); *Johnson v. Abbott Lab'ys*, No. 06C01-0203-PL-89, 06C01-0206-CT-243, 2004 WL 3245947, at *3 (Ind. Cir. Ct. Dec. 31, 2004) (noting that Indiana does not recognize medical monitoring absent present physical injury). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|-------|------------------------|----------------------------------|--------------------------------------------|------------------------------------------|-------------------------|
| Kansas | No authority directly addressing this issue. Although the plaintiff in one federal case that addressed the remedy of medical monitoring allegedly suffered from a present illness, the court did not rule on or discuss in any depth the issue of medical monitoring absent present injury. *See Burton v. R.J. Reynolds Tobacco Co.*, 884 F. Supp. 1515, 1523 (D. Kan. 1995) ("Accordingly, it appears to the court from plaintiff's response that he is merely asking for damages for necessary medical surveillance arising from his peripheral vascular disease."). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Kentucky | Present injury is required. *See Wood v. Wyeth-Ayerst Labs*, 82 S.W.3d 849, 859 (Ky. 2002) ("[H]aving weighed the few potential benefits against the many almost-certain problems of medical monitoring, we are convinced that this Court has little reason to allow such a remedy without a showing of present physical injury."). | Not applicable because caselaw indicates present injury required. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Louisiana | Present physical or mental injury is required. *See Burmaster v. Plaquemines Parish Gov't*, 982 So. 2d 795, 806 (La. 2008) (citing *Bourgeois v. A.P. Green Indus., Inc.*, 783 So. 2d 1251, 1255 (La. 2001)) ("[T]he Louisiana Legislature amended La. Civ. Code art. 2315 to eliminate medical monitoring as a compensable item of damage, unless the plaintiff has manifested physical or mental injury or disease."). | Caselaw suggests not applicable because present injury is required. *See Lester v. Exxon Mobil Corp.*, 120 So. 3d 767, 780 (La. Ct. App. 2013) (affirming judgment dismissing request for medical monitoring damages as to certain plaintiffs who "failed to produce sufficient evidence at trial to indicate a causal linkage between their [alleged] exposure" and their purported present injury). | While La. Civ. Code art. 2315 now requires present injury to recover medical monitoring, it appears that prior Louisiana Supreme Court precedent requiring a plaintiff seeking medical monitoring to also prove the existence of a recognized treatment of the disease at issue still applies. .*See Bourgeois v. A.P. Green Indus., Inc.*, 716 So. 2d 355, 361 (La. 1998) ("*Bourgeois I*"), *superseded by statute*, Act of July 9, 1999, No. 989, 1999 La. Acts 2661; *Spring v. Shell Oil Co.*, No. | While La. Civ. Code art. 2315 now requires present injury to recover medical monitoring, it appears that prior Louisiana Supreme Court precedent requiring medical monitoring plaintiffs to prove that "[a] monitoring procedure exists that makes the early detection of the disease possible" still applies. *See Bourgeois v. A.P. Green Indus., Inc.*, 716 So. 2d 355, 361 (La. 1998), *superseded by statute*, Act of July 9, 1999, No. 989, 1999 La. Acts 2661; *Spring v. Shell Oil Co.*, | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| | | | CV 17-1754-JWD-RLB, 2018 WL 1914293, at *7 (M.D. La. Apr. 23, 2018) (noting that "medical monitoring claim will likely ultimately require proof of several of the facts underlying the *Bourgeois I* factors" even after enactment of La. Civ. Code art. 2315). | No. CV 17-1754-JWD-RLB, 2018 WL 1914293, at *7 (M.D. La. Apr. 23, 2018) (noting that "medical monitoring claim will likely ultimately require proof of several of the facts underlying the *Bourgeois I* factors" even after enactment of La. Civ. Code art. 2315). | |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Maryland | Present injury is not required. *Exxon Mobil Corp. v. Albright*, 71 A.3d 30, 75-76 (Md. 2013) (citation omitted), *modified in part on other grounds*, 71 A.3d 150 (Md. 2013) ("exposure itself and the concomitant need for medical testing" are the "compensable injur[ies]"). | Increased risk must be significant. *See Exxon Mobil Corp. v. Albright*, 71 A.3d 30, 81-82 (Md. 2013) (plaintiff must prove that, "as a proximate result of significant exposure, the plaintiff suffers a significantly increased risk of contracting a latent disease"). | Treatment must be beneficial. *See Exxon Mobil Corp. v. Albright*, 71 A.3d 30, 81-82 (Md. 2013) (treatment must be both "possible and beneficial"). | Detection procedures must exist. *See Exxon Mobil Corp. v. Albright*, 71 A.3d 30, 81-82 (Md. 2013) (specifying requirement that "monitoring and testing procedures exist"). | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Michigan | Present injury is required. *See Henry v. Dow Chem. Co.*, 701 N.W.2d 684, 686 (Mich. 2005) ("Because plaintiffs do not allege a *present* injury, plaintiffs do not present a viable negligence claim [for medical monitoring] under Michigan's common law."). | Not applicable because present physical injury required. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Nebraska | Present physical injury is probably required. *See Trimble v. ASARCO, Inc.*, 232 F.3d 946, 963 (8th Cir. 2000) ("Plaintiffs still have not cited any Nebraska authority for the proposition that damages may be awarded for future medical monitoring costs in the absence of a present physical injury."), *abrogated on non-relevant grounds*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 551-52 (2005); *Avila v. CNH Am., LLC*, No. 4:04CV3384, 2012 WL 13187721, at *5 (D. Neb. Aug. 30, 2012) ("I conclude that Nebraska tort law does not permit the cost of future medical monitoring to be recovered as damages by an individual who has no present physical injury."). | Likely not applicable because present physical injury probably required. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| New Jersey | Present physical injury is not required. *See Ayers v. Twp. of Jackson*, 525 A.2d 287, 298 (N.J. 1987) (medical monitoring expenses may be awarded based on risk of future disease caused by exposure to pollutants). | Significant risk is required. *See Player v. Motiva Enters. LLC*, No. 02-3216 (RBK), 2006 U.S. Dist. LEXIS 2288, at *34 (D.N.J. Jan. 20, 2006) ("[T]he plaintiff must establish that the risk of serious disease is 'significant.'"), *aff'd*, 240 F. App'x 513 (3d Cir. 2007). | The "value of early diagnosis" must be demonstrated. *In re Paulsboro Derailment Cases*, No. 13-784 RBK/KMW, 2013 WL 5936991, at *2 (D.N.J. Nov. 4, 2013) | Detection procedures must be reasonable and necessary. *See Ayers v. Twp. of Jackson*, 525 A.2d 287, 312 (N.J. 1987) (plaintiff must prove that "such surveillance to monitor the effect of exposure to toxic chemicals is reasonable and necessary"). | Limited to toxic torts. *See Sinclair v. Merck & Co.*, 948 A.2d 587, 591, 594-95 (N.J. 2008) (holding that medical monitoring does not apply in product liability cases, discussing *Ayers* in terms of toxic exposures, and describing the remedy as available in "limited circumstances"). |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| North Carolina | Not applicable. Plaintiffs incorrectly include North Carolina in their Remedy Class. As this Court has recognized, North Carolina "has rejected outright an independent medical monitoring claim as well as a medical monitoring claim as the measure of damages." *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, MDL No. 2875 (RBK/KW), 2021 WL 364663, at *25 (D.N.J. Feb. 3, 2021) (citing *Curl v. Am. Multimedia, Inc.*, 654 S.E.2d 76, 81 (N.C. Ct. App. 2007)). | Not applicable because medical monitoring not recognized. | Not applicable because medical monitoring not recognized. | Not applicable because medical monitoring not recognized. | Not applicable because medical monitoring not recognized. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Ohio | Federal authority indicates that present injury is probably not required. *See Baker v. Chevron U.S.A., Inc.*, 533 F. App'x 509, 525 (6th Cir. 2013) (applying Ohio law) ("'[M]edical monitoring' is a remedy for being presently injured with 'an increased risk of – and corresponding cost of screening for – certain diseases that . . . are more likely to occur as a result of [a defendant's tortious conduct].'"); *Elmer v. S.H. Bell Co.*, 127 F. Supp. 3d 812, 825 (N.D. Ohio 2015) ("A plaintiff is not required to demonstrate physical injuries in order to obtain medical monitoring relief."); *see also Hardwick v. 3M Co.*, No. 2:18-cv-1185, 2019 WL 4757134, at *6 (S.D. Ohio Sept. 30, 2019) (refusing to dismiss a claim for medical monitoring when plaintiff pled no injury other than exposure to toxic substance), *reconsideration den.*, No. 2:18-cv-1185, 2020 WL 4436347 (S.D. Ohio Aug. 3, 2020). | Federal authority indicates that a plaintiff must be at an increased risk of disease. *See Hardwick v. 3M Co.*, No. 2:18-cv-1185, 2019 WL 4757134, at *7 (S.D. Ohio Sept. 30, 2019) ("While physical injury is not required to demonstrate damages entitling a plaintiff to medical monitoring relief, a plaintiff must demonstrate that because of defendant's actions, he has incurred an increased risk of disease or illness."). | No authority directly addressing this issue. | No authority directly addressing this issue. | Federal authority indicates that medical monitoring probably applies to product cases. *See Hardwick v. 3M Co.*, No. 2:18-cv-1185, 2019 WL 4757134 (S.D. Ohio Sept. 30, 2019) (use of firefighting foams containing toxic chemicals). |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Oklahoma | Most federal courts interpreting Oklahoma law have found that present physical injury is required. *See Cole v. ASARCO, Inc*., 256 F.R.D. 690, 695 (N.D. Okla. 2009) (medical monitoring not supported under Oklahoma law where plaintiffs disavowed any existing injury); *McCormick v. Halliburton Co*., 895 F. Supp. 2d 1152, 1155-59 (W.D. Okla. 2012) (granting judgment on the pleadings on medical monitoring claims "for any plaintiffs other than those who claim to be presently injured"). | Likely not applicable because caselaw indicates present physical injury required. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Puerto Rico and other Federal territories | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |
| South Carolina | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Tennessee | Unclear, because courts are divided. *Compare Bostick v. St. Jude Med., Inc.*, No. 03-2636 BV, 2004 WL 3313614 at *14, 2004 U.S. Dist. LEXIS 29997 at *45 (W.D. Tenn. Aug. 17, 2004) (citations omitted) ("Tennessee requires present injury for medical monitoring claims."); *Jones v. Brush Wellman, Inc.*, No. 1:00 CV 0777, 2000 WL 33727733, at *8 (N.D. Ohio Sept. 13, 2000) ("No Tennessee cases support a cause of action for medical monitoring in the absence of a present injury."), *with Sutton v. St. Jude Med. S.C., Inc.*, 419 F.3d 568, 575 n.8 (6th Cir. 2005) ("[A]lthough Tennessee law is murky on the issue of whether claims for medical monitoring [absent present physical injury] are cognizable, there are reasons why such claims are most probably proper."). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Texas | Present physical injury is probably required. *See Norwood v. Raytheon Co.*, 414 F. Supp. 2d 659, 665 (W.D. Tex. 2006) ("[T]he Texas Supreme Court appears disposed to rely on the same policy considerations in rejecting medical monitoring claims that it relied on in rejecting mental anguish claims in the absence of a present physical injury."). | Likely not applicable because present physical injury is probably required. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Virgin Islands | Federal authority indicates that present injury is probably not required. *See Josephat v. St. Croix Alumina, LLC*, No. CIV. 1999-0036, 2000 WL 1679502, at *11 (D.V.I. Aug. 7, 2000). | Federal authority indicates that a significantly increased risk of disease is required. *See Josephat v. St. Croix Alumina, LLC*, No. CIV. 1999-0036, 2000 WL 1679502, at *11 (D.V.I. Aug. 7, 2000). | Federal authority indicates that a plaintiff must show that "treatment of the disease [is] possible and beneficial." *Josephat v. St. Croix Alumina, LLC*, No. CIV. 1999-0036, 2000 WL 1679502, at *11 (D.V.I. Aug. 7, 2000). | Federal authority indicates that a plaintiff must show that "[m]onitoring and testing procedures exist." *Josephat v. St. Croix Alumina, LLC*, No. CIV. 1999-0036, 2000 WL 1679502, at *11 (D.V.I. Aug. 7, 2000). | No authority directly addressing this issue. |
| Virginia | Federal authority indicates that present physical injury is probably required. *See Ball v. Joy Techs., Inc.*, 958 F.2d 36, 39 (4th Cir. 1991) (holding that where plaintiffs have "demonstrated that they are suffering from a present, physical injury[,] that would entitle them to recover medical surveillance costs under . . . Virginia law"). | Likely not applicable because caselaw indicates that present physical injury is probably required. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Washington | No authority directly addressing this issue. *See Duncan v. Nw. Airlines, Inc.*, 203 F.R.D. 601, 608-609 (W.D. Wash. 2001) ("medical monitoring as a remedy to an established tort poses none of the same concerns" as an independent claim does, but not determining whether a present physical injury is necessary to sustain a traditional tort claim seeking recovery for medical monitoring given that the plaintiff alleged an existing injury). | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |

| State | Present Injury Required? | Level Of Increased Risk Required? | Whether A Treatment For The Disease Exists? | Nature Of Available Detection Procedures? | Limited To Toxic Torts? |
|---|---|---|---|---|---|
| Wisconsin | Present physical injury is required. *See Alsteen v. Wauleco, Inc.*, 802 N.W.2d 212, 218-19 (Wis. Ct. App. 2011) (holding that "[m]edical monitoring is not an actual injury" and "Wisconsin tort law does not compensate for increased risk of future harm; actual, present injury is required"); *see also id.* at 223 ("[A]llowing a medical monitoring claim absent present injury would constitute a marked alteration in the common law"). | Not applicable because caselaw indicates present physical injury is required. | No authority directly addressing this issue. | No authority directly addressing this issue. | No authority directly addressing this issue. |