# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

| | |
|---|---|
| David A. Mazie* | Karen G. Kelsen° |
| Adam M. Slater*° | Cory J. Rothbort*° |
| Eric D. Katz*° | Michael R. Griffith° |
| David M. Freeman | Christopher J. Geddis |
| Beth G. Baldinger | Samuel G. Wildman |
| Matthew R. Mendelsohn*° | Julia S. Slater° |
| David M. Estes | Trevor D. Dickson |
| Adam M. Epstein° | |

°Member of N.J. & N.Y. Bars

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

April 28, 2022

<u>**VIA ECF**</u>

| | |
|---|---|
| Honorable Robert Kugler, U.S.D.J. | Honorable Thomas I. Vanaskie (Ret.) |
| U.S. District Court - District of New Jersey | Special Master |
| Mitchell S. Cohen Building & US Courthouse | Stevens & Lee |
| 1 John F. Gerry Plaza, Courtroom 4D | 1500 Market St., East Tower, Suite 1800 |
| 4th and Cooper Streets | Philadelphia, Pennsylvania 19103-7360 |
| Camden, New Jersey 08101 | |

Re: ***In re Valsartan, Losartan, and Irbesartan Liability Litigation***,
   **Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler and Judge Vanaskie:

Please accept this letter on behalf of Plaintiffs in advance of tomorrow's case management conference.

**1. Status of Defendants' Motion to Compel Testing Documents from Ron Najafi.**

The Parties have briefed this issue. Plaintiffs will be prepared to discuss the motion at the conference.

**2. Status Update on the Meet and Confers Regarding Defendants' Indemnification and Defense Agreements.**

The Parties are scheduled to have conducted, at the very least, initial meet and confers regarding defense and indemnification agreements prior to the April 29, 2022 CMC. In the case

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
April 28, 2022
Page 2

of many Defendants, Plaintiffs have received confirmation of the information necessary to meaningfully participate in settlement discussions with Retail Defendants and have concluded their meet and confers. However, meet and confers with some Defendants remain ongoing and in order to avoid briefing issues that may be resolved through continued dialogue, Plaintiffs request that the meet and confer deadline be extended to April 3, 2022, the date Plaintiffs' written report is due pursuant to SMO 64.

**3. Holding the Clarification Motions Regarding General Causation in Abeyance.**

Defendants filed a motion for clarification of the Court's *Daubert* decisions admitting the NDEA opinions of Dr. Hecht and Dr. Lagana without qualification on March 18, 2022. (ECF 1976). Plaintiffs planned to oppose this motion, as this is essentially a reconsideration motion without adequate basis. Moreover, both experts applied the same methodology to their NDMA opinions, which are no longer challenged, as they did their NDEA opinions. These opinions include an explanation of why NDMA and NDEA act similarly in the human body and why NDEA would cause the same effects in humans as it does in animals. Plaintiffs also intended to cross-move to clarify the Order with regard to Dr. Panigrahy, which limited his NDEA opinions to pancreatic cancer despite no limitation being stated during the Court's oral opinion. Moreover, unlike Dr. Madigan and Dr. Etminan (who were limited on their NDEA opinions to pancreatic cancer), Dr. Panigrahy performed a full Bradford-Hill analysis as to NDEA and each cancer listed, and thus applied the same methodology as he applied to his NDMA opinions. (ECF 1946, 149:9-152:1; ECF 1958, p. 2).

The Court directed the Parties to meet and confer about whether these motions are necessary at this time, and the Plaintiffs agree that determination of the motions is not currently

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
April 28, 2022
Page 3

necessary. During the meet and confer, Plaintiffs proposed including the motions as part of the first set of relevant trial motions. Defendants explained that they intend to file an omnibus Rule 56 motion for summary judgment on personal injury claims related to NDEA and cancers other than pancreatic, and thus want to have the clarification motions decided before any Rule 56 motions based on the underlying *Daubert* decisions. Plaintiffs agreed that if the Court is inclined to allow the filing of such a motion (Plaintiffs would object to the filing of Rule 56 motion directed to specific cases at this phase), the Plaintiffs would agree to hold these motions, to be heard prior to the filing of dispositive motions.

   4. **Deadline for Replies in Support of *Daubert* Motion Regarding Class Experts**

Plaintiffs once again thank the Court for the one-week extension for the Parties to file their *Daubert* motions regarding class experts. As previously noted, this extension does not apply to Defendants' *Daubert* motion to preclude the opinions of Dr. Edward H. Kaplan, which was filed Wednesday. Out of an abundance of caution, Plaintiffs would like to confirm the deadlines for all *Daubert* motions for class experts as follows:

- Opposition to motion to preclude Dr. Kaplan, due May 25, 2022 (*see* ECF 1930 (setting the deadline for motions filed on April 26, 2022));

- Reply in support of motion to preclude Dr. Kaplan, due June 8, 2022 (two weeks after the opposition, as ordered in ECF 863);

- Motion to preclude or limit any other class expert, due May 3, 2022 (the Court's text order referred to May 4, 2022);

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
April 28, 2022
Page 4

- Opposition to any motions to preclude or limit any other class expert, due June 2, 2022 (twenty-nine days after the original motions as ordered in ECF 1930, plus one additional day to take into account Memorial Day);

- Reply in support of motion to preclude any other class expert, due June 16, 2022 (two weeks after the opposition, as ordered in ECF 863).

Defendants also asked whether the deadlines for meeting and conferring and filing any motions to seal class certification briefs and class expert *Daubert* briefs run from conclusion of the class expert *Daubert* briefing, such that the Parties could address all of the documents at once, and Plaintiffs agreed.

5. **PFS Deficiencies and Orders to Show Cause.**

Plaintiffs will be prepared to address this issue during the case management conference.

Respectfully,

ADAM M. SLATER

Cc: All counsel of record (via ECF)