

**FARR LAW FIRM**
FARR, FARR, EMERICH, HACKETT, CARR & HOLMES, P.A. | 1924

Earl D. Farr (1900-1988)
Earl Drayton Farr, Jr. (1926-2010)

99 Nesbit Street, Punta Gorda, FL 33950 | 941.639.1158 | f: 941.639.0028
4130 Woodmere Park Blvd. #12, Venice, FL 34293 | 941.484.1996 | f: 941.497.7636
240 Nokomis Avenue South, Suite 200, Venice, FL 34285 | 941.488.7751 | f: 941.485.0311

| | | | |
|---|---|---|---|
| Guy S. Emerich, LL.M.* | Dorothy L. Korszen | Kelsey J. Veitengruber | * FL Bar Board Certified in Wills, Trusts & Estates |
| Jack O. Hackett II** | Will W. Sunter† | Brady H. Sharrer, Of Counsel | ** FL Bar Board Certified in Real Estate |
| Darol H. M. Carr† | Forrest J. Bass, LL.M.* | Noah A. Fischer, LL.M. | † Certified Circuit Court Mediator |
| David A. Holmes† | George T. Williamson | Nicole S. Peet | |
| Roger H. Miller III** | Brett H. Sifrit, CPA | Winston S. Hudson | |

May 3, 2022

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

      Re:    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
              No. 1:19-md-02875-RBK (D.N.J.)

Dear Judge Vanaskie:

Plaintiffs write to update the Court on the status of the meet and confers on Defendants' defense and indemnity agreements as required by SMO 64. Plaintiffs can report that on the whole, the meet and confers have been extremely productive. In most cases, Plaintiffs have received confirmation of the information required by SMO 64 and have concluded their meet and confers. However, there remain discrete issues that Plaintiffs believe require the Court's intervention.

**Wholesalers**

Plaintiffs held an initial meet and confer with the Wholesaler Defendants on April 18, 2022 where Plaintiffs reiterated their requests for information as set forth in SMO 64 and Plaintiffs' March 17, 2022 letter to Defendants. Wholesalers did not provide substantive information regarding defense or indemnification agreements at that time but agreed to follow-up with Plaintiffs. Plaintiffs did not hear from Wholesalers until April 29, 2022, when Wholesalers submitted an update on the status of their meet and confers in their CMC agenda letter (Dkt. 2027).

Wills, Trusts & Estates | Real Estate & Title Insurance | Business & Corporate | Personal Injury & Wrongful Death | Litigation | Asset Protection
Marital & Family | Elder Law | Guardianship | Defective Drugs & Devices | Mediation | Physician Services | Local Government | Tax Law

 farr.com

Honorable Thomas I. Vanaskie (Ret.)
May 3, 2022
2 | Page

Wholesalers' status update repeated arguments that were denied by the Court at the April 13, 2022 discovery conference. Following the CMC, Plaintiffs emailed Wholesalers on May 2, 2022, and again requested that Wholesalers provide the following information:

1. Who did you have supplier agreements with (or any such agreement) that contained defend and indemnify provisions?
2. Who have you asked for tender of a defense and/or indemnification?
3. Who has asked you for tender of a defense and/or indemnification?
4. Who has agreed to tender your clients' defense and/or indemnification?
5. Who have you agreed to tender a defense and/or indemnify?
6. Disclose the status of any dispute, litigation, mediation, or arbitration between Defendants related to the above agreements.

(*See* Email from G. Williamson to J. Geoppinger, attached as Exhibit A). This is information that fits squarely within the parameters of SMO 64—information that Plaintiffs have requested from Wholesalers since at least January 28, 2022. (*See* Email from A. Slater to J. Geoppinger and response, attached as Exhibit B). On May 3, 2022, counsel for AmerisourceBergen identified a list produced to Plaintiffs that contains information regarding indemnification agreements and provided an update on the status of these agreements, yet refused to provide any information on defense agreements. Wholesalers' refusal to provide information about defense and indemnification agreements violates SMO 64 and stands in stark contrast to nearly every other Defendant in this litigation. As such, Plaintiffs request the Court order Wholesalers to comply with SMO 64 and, at a minimum, to provide responses to the questions posed above with an allowance for follow-up meet and confer if necessary.

**OptumRx**

Plaintiffs met and conferred with Retailer Defendant OptumRx on April 29, 2022. Counsel for OptumRx did not provide substantive information regarding defense or indemnification

Wills, Trusts & Estates | Real Estate & Title Insurance | Business & Corporate | Personal Injury & Wrongful Death | Litigation | Asset Protection
Marital & Family | Elder Law | Guardianship | Defective Drugs & Devices | Mediation | Physician Services | Local Government | Tax Law

farr.com

Honorable Thomas I. Vanaskie (Ret.)
May 3, 2022
3 | Page

agreements at that time but agreed to follow-up with Plaintiffs. Plaintiffs followed-up with counsel for OptumRx via email on May 3, 2022 but at the time of this filing have not received any response. Plaintiffs ask the Court to direct OptumRx to comply with SMO 64.

                                                Respectfully,

                                                George T. Williamson
                                                For the Firm

cc: All counsel of record (via ECF)

Wills, Trusts & Estates | Real Estate & Title Insurance | Business & Corporate | Personal Injury & Wrongful Death | Litigation | Asset Protection
Marital & Family | Elder Law | Guardianship | Defective Drugs & Devices | Mediation | Physician Services | Local Government | Tax Law

farr.com