# EXHIBIT 11

**KeyCite Yellow Flag - Negative Treatment**
Declined to Follow by   Bertin Steel Processing, Inc. v. U.S. Steel Corp., N.D.Ohio,   September 6, 2005

1999 WL 342715
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.

Margaret MANNING and Martin Manning, Plaintiffs,
v.
J. David CROCKETT and Ruth Crockett, Defendants.

No. 95 C 3117.
|
May 18, 1999.

MEMORANDUM AND ORDER

MANNING, District Court J.

**\*1** This order is yet another chapter in the continuing saga of plaintiffs Margaret and Martin Manning's efforts to adequately disclose their expert, psychologist Eric Ostrov. On January 26, 1999, the court gave the Mannings leave to file an amended expert disclosure by February 1, 1999 and warned them that if their disclosure did not comply with Rule 26 for any reason, it would bar Dr. Ostrov. Dr. Ostrov's new expert report repeats much of the language in the complaint. The question before the court is whether this means that he did not prepare the report as required by Fed.R.Civ.P. 26(a)(2)(B). For the following reasons, the court finds that, at this stage in the proceedings, the motion to bar Dr. Ostrov must be denied. The court also denies the Mannings' motion for sanctions based on the filing of the motion to bar.

*Background*

In this diversity case, the Mannings seek damages for injuries resulting from allegedly negligent psychotherapeutic treatment of Ruth by defendant J. David Crockett and his wife, defendant Ruth Crockett. Margaret claims that David, among other things, wrongfully convinced her that satanic ritualists brain-washed, abused, raped and impregnated her, and that Ruth participated in this treatment. The court previously granted summary judgment to Ruth and found that material issues of disputed fact precluded the entry of summary judgment as to David.

The Mannings have provided three reports signed by Dr. Ostrov. The first report, prepared pursuant to 735 ILCS 5/2–622, briefly states that Margaret has a meritorious cause of action against David. The second report, purportedly prepared by Dr. Ostrov pursuant to Rule 26, failed to include all of the information required by paragraph (a)(2). Notably, this report also virtually mirrors the allegations in the Mannings' complaint, right down to the repetition of a typographical error from the complaint.

In its January 26, 1999 memorandum and order, the court denied the Crocketts' first motion to bar Dr. Ostrov based on the Mannings' first two expert disclosures, explaining that "the plaintiffs' failure to comply with Rule 26 stemmed from ignorance, not a desire to sand-bag David and Ruth" and "neither David nor Ruth has established that the plaintiffs' myriad problems with Rule 26 prejudiced them." The court also gave the Mannings one final chance to disclose their expert, and warned them that it would bar Dr. Ostrov if the Mannings' disclosure did not comply with Rule 26 for any reason.

In response, the Mannings filed a third report from Dr. Ostrov. This report, which is signed by him as well as the Manning's attorney, is remarkably similar to the Manning's third amended complaint, although it is in the form of a narrative, rather than a paragraph by paragraph elucidation of his opinion. It is not, however, a verbatim repetition of the allegations in the complaint.

*Motion to Bar*

David Crockett seeks to bar Dr. Ostrov, contending that, because he did not prepare the majority of his report himself, his report fails to comply with Rule 26(a)(2)(B). That rule provides that:

> **\*2** Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving

> expert testimony, be *accompanied by a written report prepared and signed by the witness.* The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed.R.Civ.P. 26(a)(2)(B) (emphasis added).

The 1993 amendments to Rule 26 added paragraph (a)(2)(B). The advisory committee notes accompanying this section amplify the intended meaning of the phrase "prepared and signed by the witness," explaining that a report can be "prepared" by an expert witness even if counsel has aided the witness. Specifically, the advisory committee notes provide that:

> Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

Fed.R.Civ.P. 26(a)(2)(B) (1993 advisory committee notes); 8 Charles A. Wright & Richard L. Miller, Federal Practice and Procedure Civ.2d § 2031.1 (2d ed. 1994 & Supp.1999)

(the advisory committee notes to Rule 26 indicate that "it is expected that counsel may assist some witnesses" in preparing their reports).

Only two reported decisions address Rule 26(a)(2)(B)'s use of the phrase "prepared and signed by the witness"—*Marek v. Moore,* 171 F.R.D. 298 (D.Kan.1997), and *Indiana Insurance Co. v. Hussey Seating Company,* 176 F.R.D. 291 (S.D.Ind.1997). In *Marek,* two reports were at issue. The expert personally prepared the first report and the plaintiff's attorney prepared a second report which was substantively similar to the first report but more detailed. 171 F.R.D. at 300. The *Marek* court found that, because "the substance of the expert opinions and conclusions, as well as their underlying bases and reasons, remain in the second version of the report[, it was] essentially the same as the first. The court finds no difference of such consequence as to nullify the character of the report as one prepared in substance by the expert witness." *Id.* The *Marek* court also noted that expert witnesses are likely to preoccupy themselves with their field of expertise, and that counsel may need to assist them in preparing a report that complies with the rules, as they may have "little appreciation or none whatsoever for Rule 26 and its exacting requirements." *Id.* at 301.

**\*3** In *Hussey,* the expert testified at his deposition that the plaintiff's attorneys prepared his Rule 26 disclosure. 176 F.R.D. at 292. The court observed that, "[f]ortunately for Plaintiff, the [expert's] deposition did not conclude on the spot," as the expert went on to testify that, among other things, he had personally prepared the nine opinion reports and the work papers attached to the Rule 26 disclosure. *Id.* The expert also testified that the opinions in the disclosure were his. *Id.* The court found that, while "Rule 26 unquestionably requires an expert witness to prepare his own Rule 26 Report," the rules also contemplate that counsel may assist the expert in doing so. *Id.* at 293.

The *Hussey* court then found that report satisfied Rule 26 because the expert had personally prepared the heart of the disclosure: the attachments consisting of his opinions and work papers. *Id.* It also noted that the materials prepared by counsel, such as the summary of the expert's qualifications, did not directly relate to the expert's opinion and were "paraphrased" by counsel from conversations with the expert. *Id.* Explaining that Rule 26(a)(2)(B) contemplated this type of assistance and that the expert had specifically embraced the entire disclosure, the court found that the expert's involvement in the preparation of his report satisfied the rules.

Case 1:19-md-02875-RMB-SAK   Document 2045-13   Filed 05/03/22   Page 4 of 5
                                             PageID: 69344
Manning v. Crockett, Not Reported in F.Supp.2d (1999)

Both sides claim that *Marek* and *Hussey* support their positions. In contrast, the court finds that they are helpful but not dispositive. *Marek* and *Hussey,* as well as the advisory committee notes to Rule 26(a)(2), stand for the proposition that some attorney involvement in the preparation of an expert report is permissible, but that the expert must also substantially participate in the preparation of his report. Thus, certain kinds of help are clearly in tune with the concept of assisting the expert discussed in *Marek, Hussey,* and the advisory committee notes. Specifically, an attorney's assistance with the preparation of documents required by Rule 26, such as a list of cases in which the expert has testified, or fine-tuning a disclosure with the expert's input to ensure that it complies with the rules is permissible.

In contrast, preparing the expert's opinion from whole cloth and then asking the expert to sign it if he or she wishes to adopt it conflicts with Rule 26(a)(2)(B)'s requirement that the expert "prepare" the report. Preparation implies involvement other than perusing a report drafted by someone else and signing one's name at the bottom to signify agreement. In other words, the assistance of counsel contemplated by Rule 26(a)(2)(B) is not synonymous with ghost-writing. The court thus disagrees with the Manning's belief that "no rule ... prohibits an expert from adopting the precise language alleged in a complaint" in his report. Rule 26(a)(2)(B)'s inclusion of the phrase "prepared and signed by the witness" does just this. Allowing an expert to sign a report drafted entirely by counsel without prior substantive input from an expert would read the word "prepared" completely out of the rule. With these principles in mind, the court turns to Dr. Ostrov's reports.

**\*4** Dr. Ostrov's first report is essentially a nullity as it does not provide any detail as to the substance of his testimony. The court finds that the second report is virtually identical to the Mannings' complaint and that the third report is largely similar to the complaint. The court will focus on the third report because it has previously found that the first two reports were inadequate.

The problem with David's motion to bar is that the commonalities between the third report and the complaint are not enough, by themselves, to establish that Dr. Ostrov lacked the requisite involvement with the report that he signed. First, while the Mannings appear to be contending that a report complies with Rule 26 merely if the expert signs it, it is unclear whether they are conceding that this is all Dr. Ostrov did. It is true that Dr. Ostrov's opinion is signed by counsel as well as Dr. Ostrov, but this fact does not compel the conclusion that counsel drafted the opinion by herself.

Second, the court cannot ascertain the level of Dr. Ostrov's involvement in the preparation of this report based solely on a comparison between the report and the complaint because it cannot determine who was responsible for each portion of the report. In other words, the court cannot exclude the possibility that the complaint was drawn from Dr. Ostrov's opinions rather than the other way around. Third, the report —especially the portions expressing Dr. Ostrov's opinion, as opposed to the details regarding Margaret's alleged interactions with David—is not exactly like the complaint. While this does not necessarily mean that Dr. Ostrov was responsible for the similar but non-identical sections of the report, he could easily have prepared or directed the preparation of these additional portions.

Accordingly, the motion to bar is denied without prejudice. Any renewed motion must, consistent with this order, be accompanied by evidence supporting the conclusion that Dr. Ostrov lacked significant personal involvement in the preparation of his report.

*Motion for Sanctions*

In the Mannings' response to the motion to bar, they seek Rule 11 sanctions for David's allegedly frivolous motion to bar. This motion is denied because the Mannings failed to request sanctions in a separate motion and failed to follow Rule 11's safe harbor provisions. Fed.R.Civ.P. 11; *Corley v. Rosewood Care Center, Inc. of Peoria,* 142 F.2d 1041, 1057–59 (7th Cir.1998). Moreover, even if the motion was properly before the court, it would be denied. David's motion to bar was an eminently reasonable response, at this stage of the proceedings, to the filing of the third expert disclosure, which is unquestionably quite similar to the Mannings' complaint. The court also advises the Mannings' counsel to more carefully research the basis for any further filings, as resolution of this 1995 case has been unnecessarily delayed by counsel's repeated problems with the federal and local rules.

*Conclusion*

**\*5** David Crockett's motion to bar Dr. Ostrov [121–1] is denied without prejudice, and the Manning's motion for sanctions is denied.

Case 1:19-md-02875-RMB-SAK   Document 2045-13   Filed 05/03/22   Page 5 of 5
 PageID: 69345
Manning v. Crockett, Not Reported in F.Supp.2d (1999)

**All Citations**

Not Reported in F.Supp.2d, 1999 WL 342715

---

**End of Document** © 2022 Thomson Reuters. No claim to original U.S. Government Works.