**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| THIS DOCUMENT RELATES TO ALL CASES | HON. ROBERT B. KUGLER CIVIL NO. 19-2875 (RBK)(KMW) *REDACTED VERSION* |

**PLAINTIFFS' MOTION TO PARTIALLY EXCLUDE OPINIONS OF DEFENSE CLASS EXPERT TIMOTHY E. KOSTY**

KANNER & WHITELEY, LLC
701 Camp St.
New Orleans, LA 70130

On the Brief:
David J. Stanoch

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

I.    INTRODUCTION ............................................................................................... 1

II.   APPLICABLE LAW ........................................................................................... 2

III.  ARGUMENT ....................................................................................................... 3

   A. Mr. Kosty's ███████████ Opinions Should Be Excluded ...................................... 3
      1. Mr. Kosty Is Not Qualified to Offer ███████████ s Opinions ........................... 4

      2. Mr. Kosty's ███████████ Opinions Are Unreliable, Unhelpful,
         Unreliably Applied, and Are Based on Insufficient Facts and Data............................ 5

   B. Mr. Kosty's Speculative Opinions on the ████████████████████████
      ███████████ Are Unreliable, Unreliably Applied, and Unhelpful ................................ 8
      1. Mr. Kosty's Opinions on ████████████████████████
         Should be Excluded as Entirely Speculative ................................................. 9

      2. Mr. Kosty's Opinions on the Conjectural ███████████████
         ███████████████ Should Be Excluded ...................................................... 10

      3. Mr. Kosty's Opinions About ████████████████████████ Should
         Be Excluded ............................................................................................. 12

      4. Mr. Kosty's Opinions About ████████████████████ Is
         Unsupported and Nonsensical....................................................................... 14

      5. Mr. Kosty's Opinions About ████████████████████
         ███████████████ Are Unreliable and Speculative ...................................... 15

      6. Mr. Kosty's Opinions About ████████████████████
         ██████████ ack Reliability or Basis in Fact................................................. 16

   C. Mr. Kosty's Opinions on What ████████████████████████
      Should Be Excluded........................................................................................ 18

IV.  CONCLUSION.................................................................................................. 19

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Byrd v. Aaron's Inc.*,
  784 F.3d 154 (3d Cir. 2015)..................................................................................................... 12

*City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*,
  867 F.3d 434 (3d Cir. 2017)..................................................................................................... 12

*Claar v. Burlington, N.R.R*,
  29 F.3d 499 (9th Cir. 1994) ........................................................................................................ 3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  43 F.3d 1311 (9th Cir. 1995) ...................................................................................................... 3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993)..................................................................................................................... 2

*Elcock v. Kmart Corp.*,
  233 F.3d 734 (3d Cir. 2000)......................................................................................................... 3

*Florio v. Ryobi Techs., Inc.*,
  No. 17-5518, 2020 WL 5234924 (D.N.J. Sept. 20, 2020) ......................................................... 5

*General Elec. Co. v. Joiner*,
  522 U.S. 136, 118 S. Ct. 512, 139 L.Ed.2d 508 (1997).............................................................. 3

*Hargrove v. Sleepy's LLC*,
  974 F.3d 467 (3d Cir. 2020)....................................................................................................... 12

*In re Loestrin 24 FE Antitrust Litig.*,
  410 F. Supp. 3d 352 (D.R.I. 2019).............................................................................................. 2

*In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*,
  341 F. Supp. 3d 213 (S.D.N.Y. 2018)......................................................................................... 5

*In re Nexium Antitrust Litig.*,
  777 F.3d 9 (1st Cir. 2015)........................................................................................................... 7

*In re Paoli R.R. Yard PCB Litigation*,
  35 F.3d 717 (3d Cir. 1994)...................................................................................................... 2, 5

*In re TMI Litig.*,
  193 F.3d 613 (3d Cir. 1999)........................................................................................................ 8

*Jarvis v. A&M Records,*
   827 F. Supp. 282 (D.N.J. 1993) ................................................................................................. 7

*Kumho Tire Co. v. Carmichael,*
   526 U.S. 137 (1999) ................................................................................................................... 3

*Magistrini v. One Hour Martinizing Dry Cleaning,*
   180 F. Supp. 2d 584 (D.N.J. 2002) ........................................................................................... 3

*Mondis Tech. Ltd. v. LG Elecs., Inc.,*
   No. 15-4431, 2021 WL 4077563 (D.N.J. Sept. 8, 2021) ............................................................ 6

*Orbital Eng'g, Inc. v. Buchko,*
   -- F. Supp. 3d --, 2022 WL 44744 (W.D. Pa. Jan. 5, 2022) ...................................................... 12

*Padillas v. Stork-Gamco, Inc.,*
   186 F.3d 412 (3d Cir. 1999) ....................................................................................................... 2

*Sun Pharma Global Fze v. Lupin Ltd.,*
   No. 18-cv-02213, 2021 WL 856886 (D.N.J. Mar. 8, 2021) ....................................................... 6

**Rules**

Fed. R. Evid. 702 ............................................................................................................................. 2, 5

## I.    **INTRODUCTION**

Timothy E. Kosty is a pharmacist retained by Defendants. He submitted a report on class certification principally to opine on "industry practice," but he also offers opinions on █████████

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████.

Several of Mr. Kosty's opinions run afoul of *Daubert*.

*First*, Mr. Kosty's ████████████████ opinions must be excluded because he is unqualified and his methods are unreliable. He is not ████████████████████████████████

███████████████████████████ ████████████████████████████. Despite offering opinions in his report ███████████████████████ employed by Plaintiffs' expert Dr. Rena Conti, Mr. Kosty conceded at deposition that ██████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████.

*Second*, Mr. Kosty's opinions on ████████████████████████████████

████████████████████████, and is equally unreliable and unsupported. In attempting to rebut Plaintiffs' class certification expert, Ms. Laura Craft, whose detailed opinion demonstrates that the data needed to identify class members exist and that it is feasible to programmatically use that data for class member identification, Mr. Kosty offers a slew of speculative and unreliable assertions without any basis in law or fact. For instance, he speculates that ████████

███████████████████████████████████████████████████████████████████

██████████████████████████. But the law does not require this, ███████████████

███████████████████████████████████████████████████████████████████

████████████████████ His related ███████████████████, in which he conjures up straw-man examples he later admits are unrealistic or simply incorrect, are equally unreliable.

*Third*, Mr. Kosty's own source material contradicts his baseless assertion ████████████ ██████████████████████████████████████████████████. His obliviousness to this presumably stems from █████████████████████████████████████████████████, in contrast to Plaintiffs' TPP expert, Ms. Kali Panagos, whom Mr. Kosty attempts to rebut.

All told, many of Mr. Kosty's assertions are speculative, unreliable, and unmoored to the facts of this case. As with his unsuccessful attempt to rebut Ms. Craft's opinions in another case on the same issues,[1] his analysis likewise fails here.

## II.    **APPLICABLE LAW**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. The party offering the proposed expert testimony bears the burden of establishing the admissibility of the testimony by a preponderance of the evidence. *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417-18 (3d Cir. 1999). An "expert's opinions must be based on the methods and procedures of science, rather than on subjective belief or unsupported speculation." *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 742 (3d Cir. 1994) (citations and internal quotations omitted). Thus, "the expert must have 'good grounds' for his or her belief." *Id.* (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993)). These good grounds must support each step of the analysis, and "*any* step that renders the analysis unreliable under the *Daubert* factors renders the expert's testimony inadmissible." *Id.* at 745. Judges within this Circuit also consider how and when the methodology is used outside of litigation. *Paoli*, 35 F.3d at 742 (discussing reliability factors under *Daubert* and Third Circuit case law).

---

[1] *See In re Loestrin 24 FE Antitrust Litig.*, 410 F. Supp. 3d 352, 385 n.24 (D.R.I. 2019) ("The Court carefully considered Kosty's and Dr. Strombom's opinions and testimony, but ultimately is persuaded by the [plaintiffs'] experts [including Ms. Laura Craft], as set forth below, that the relevant data may be reliably obtained and compiled; the TPP class is ascertainable; and the [plaintiffs] have demonstrated by a preponderance of the evidence that each TPP in the TPP class was injured by the alleged conduct.").

2

"*Daubert*'s gatekeeping requirement .... make[s] certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Elcock v. Kmart Corp.*, 233 F.3d 734, 746 (3d Cir. 2000) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)); *see also Magistrini v. One Hour Martinizing Dry Cleaning*, 180 F. Supp. 2d 584, 594 (D.N.J. 2002), *aff'd*, 68 Fed. Appx. 356 (3d Cir. 2003). In addition, the following factors are relevant when determining reliability:

> (i) whether the expert's proposed testimony grows naturally and directly out of research the expert has conducted independent of the litigation (*see Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995)); (ii) whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion (*see General Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L.Ed.2d 508 (1997)); (iii) whether the expert has adequately accounted for alternative explanations (*see Claar v. Burlington, N.R.R.*, 29 F.3d 499 (9th Cir. 1994)).

*Magistrini*, 180 F. Supp. 2d at 594–95.

## III.   ARGUMENT

### A.   Mr. Kosty's ▮▮▮▮▮▮▮▮▮▮ Opinions Should Be Excluded

One of Mr. Kosty's assignments was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"[2] That is, he opines ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Specifically, Mr. Kosty disagrees with Plaintiffs' health economist, Dr. Rena Conti, that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[3] In this regard, Mr. Kosty claims in his report that Dr. Conti's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



---

[2] Ex. 1. (Kosty Report) at ¶ 24.
[3] Ex. 2 (Kosty Tr.) at 102:2-103:3 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮").

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇."[6]

Yet, when pressed at deposition, Mr. Kosty conceded that ▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇:



Ex. 2 at 103:5-14.  Indeed, in writing his report, methodology was not a factor, as the criteria for

▇▇▇▇▇▇▇▇▇ did not matter to Mr. Kosty:

*Id.* 105:11-23.  Mr. Kosty then re-affirmed that ▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇. *Id.* at 110-8 – 111:18.

### 1.  Mr. Kosty Is Not Qualified to Offer ▇▇▇▇▇▇ Opinions

Mr. Kosty is a pharmacist and consultant who ▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇ His professional experience

exclusively relates ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[4] Ex. 1. at ¶ 163.
[5] Ex. 1 at ¶¶ 169, 176, 178-180.
[6] Ex. 1 at ¶ 182; *see also id.* at ¶ 185.
[7] Ex. 1 at ¶¶ 3-4.

4

███████.[8] He does not ████████████████████,[9] has not ████████████

████████████████████,[10] and has never

█████████████████.[11]

Mr. Kosty may have enough professional experience to testify about ████████

████████████████████████████████████.[12] But

his complete lack of training or experience renders him unqualified to speak to ████████

████████████████. "Even under Rule 702's forgiving standard," Mr. Kosty is not qualified

"to opine here on subjects well outside his wheelhouse[.]" *Florio v. Ryobi Techs., Inc.*, No. 17-

5518, 2020 WL 5234924, at \*5 (D.N.J. Sept. 20, 2020); *see, e.g., In re Mirena IUS Levonorgestrel-*

*Related Prods. Liab. Litig. (No. II)*, 341 F. Supp. 3d 213, 240 (S.D.N.Y. 2018) (courts rightly

skeptical of "litigation-driven expertise").

      **2.    Mr. Kosty's** ████████████ **Opinions Are Unreliable, Unhelpful,**
        **Unreliably Applied, and Are Based on Insufficient Facts and Data**

Even if Mr. Kosty were qualified to render ████████████████████

████████████████, those opinions should be excluded because they are unreliable,

unhelpful, and not based on sufficient facts or data.

An "expert's opinions must be based on the methods and procedures of science, rather than

on subjective belief or unsupported speculation." *In re Paoli*, 35 F.3d at 742 (citations and internal

quotations omitted). In evaluating the reliability of an expert's analysis, "*any* step that renders the

analysis unreliable under the *Daubert* factors renders the expert's testimony inadmissible." *Id.* at

745 (emphasis original). Expert analysis also must have sufficient support in facts or data to

---

[8] *Id.* ¶¶ 2-7.
[9] *See* Ex. 2 at 39:25-40:3.
[10] *Id.* at 40:19-22.
[11] *Id.* at 40:23-41:1.
[12] Ex. 1 at ¶ 164.

support its conclusions.  *See, e.g.*, *Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. 15-4431, 2021 WL 4077563, at *3 (D.N.J. Sept. 8, 2021).  Expert testimony that is inconsistent with a court's orders is "irrelevant, unhelpful, and confusing."  *See, e.g.*, *Sun Pharma Global Fze v. Lupin Ltd.*, No. 18-cv-02213, 2021 WL 856886, at *7 (D.N.J. Mar. 8, 2021).   Mr. Kosty's economic/damages opinions flunk all three of these criteria (reliability, sufficient basis, helpfulness).

Mr. Kosty admits ████████████████████████████████████████ ████████████████████████████████████████████.[13]  But he acknowledges that ██ ████████████████████████████████████████████████████████ ███████████████████████████████████.[14]  He also agrees, ███████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████ ███████████████████████████████ ████████████████ ████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████ █████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████ █

---

[13] Ex. 2 at 105:11 – 108:4 ████████████████████████████████████████ ██████████.
[14] *Id.* at 108:16 – 110:6.
[15] *See, e.g.*, Ex. 2 at 120:23 – 121:8, 122:7 – 123:21.
[16] *Id.* at 121:10 – 122:5, 155:16 – 156:17, 157:15.
[17] *Id.* at 125:21 – 127:21.
[18] *Id.* at 144:16 – 145:3.

6

Additionally, Mr. Kosty states that one of his assignments was to ███████████████



Last, as to Mr. Kosty's critique that ███████████████████████████

In sum, Mr. Kosty's ███████████████ are unreliable and unhelpful because he has no formal training or experience in ███████████████████; he has no method at all ███████████████ but otherwise concedes that ███████████████

---

███ l. at ¶ 24.
[20] Ex. 2 at 132:3 – 134:15.
[21] Ex. 2 at 145:5-23, 147:19-21, 178:19 – 179:6. Offsets are also irrelevant because their potential existences does not preclude class certification. *See, e.g., In re Nexium Antitrust Litig.*, 777 F.3d 9, (1st Cir. 2015) (injury occurs at moment of purchase, "whether or not that injury is later offset").
[22] Ex. 2 at 306:4-9.
[23] Ex. 2 at 177:8 to 178:18. Additionally, it is only a plaintiff's burden to prove a defendant's ill-gotten profits, a defendant bears the burden to demonstrate costs and other reductions or offsets to those profits. *See, e.g., Jarvis v. A&M Records*, 827 F. Supp. 282, 294 (D.N.J. 1993) ("To establish profits, plaintiff is only required to present evidence of the defendants' gross profits....Out of this amount, defendants are entitled to deduct expenses[.]").



**B. Mr. Kosty's Speculative Opinions on** ████████████ **Are Unreliable, Unreliably Applied, and Unhelpful**

Mr. Kosty proffers a host of opinions pertinent to ████████████ ████████████ to rebut the opinions of Plaintiffs' class certification expert, Ms. Laura Craft. As to each proposed class, his critiques can be summarized as follows:



These opinions are entirely speculative, factually unsupported, and simply unreliable because Mr. Kosty did not do anything to support or confirm them. The unreliability and "speculative character" of his opinions render them inadmissible. *See, e.g.*, *In re TMI Litig.*, 193 F.3d 613, 670 (3d Cir. 1999).

---

[24] Ex. 2 at 215:4 – 216:19.
[25] *Id.* at 215:4 – 217:25.
[26] *Id.* at 210:15 – 213:10.

1. **Mr. Kosty's Opinions on** ███████████████████████████
   **Should be Excluded as Entirely Speculative**

While Mr. Kosty implies ████████████████████████████████████

████████████████████████████,[27] he repeatedly admitted at deposition that █.

██████. He agrees that ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████.[28] Mr. Kosty agrees ███████████████████████████████

████████████████████████████████████████████████████████████

███████.[29] This includes, for example, ████████████████████████████

███████████████.[30] And while his report alludes to ██████████████████

████████████████████████████████████ ████████████████████████

████████████████████████████ And he admits that ██████████████████

---

[28] *See, e.g.,* Ex. 2 at 12:2:6 ("███████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████"); *see also id.* at 223:15 – 225:20.
[29] *Id.* at 225:21 – 227:5.
[30] *See, e.g.,* 225:25 – 226:4; *see also* 226:22 – 227:5 ("███████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████.
[31] *See, e.g.,* Ex. 1 at ¶ 106 ("██████████████████████████████

███████) (emphasis added); *see also id.* ¶ 159.
[32] *Id.* 238:7-13

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████

9

██████████████████████████████████████████████████████

████████████████████ ",33

### 2.  Mr. Kosty's Opinions on the Conjectural ████████████████ ████████████████████ **Should Be Excluded**

Having conceded that █████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████.34  This speculative opinion appears to be an attempted retort to Ms. Craft's

well-supported opinion, based on her own experience and declarations from PBMs (including

affiliate entities of certain Retail Pharmacy Defendants), that ████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████.35

Mr. Kosty concocts various straw-man arguments to rebut the straightforward and

common-sense reality that ████████████████████████████████████████

██████████

*First*, he hypothesizes that ███████████████████████████████████████████

████████████████████.  But, as noted *supra* Part III.B.1, he concedes that ███████████

*Second*, even if a ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

33 *Id.* at 254:14 – 255:13.
34 Ex. 1 at ¶ 88.
35 *See, e.g.*, Ex. 3 (Craft Rpt.) at ¶¶ 10, 12, 17-32, 49; Ex. 4 (Craft Tr.) at 69:8-17



████████████████████████████████).



*Third*, faced with the fact that ███████████████████████████████████

███████████████████████████████. But he conceded at deposition that ███████████

███████████████████████████████████████

───────────────────

[36] Ex. 2 at 275:12-21; *see also id.* 275:22 – 276:2

█████████████████

[37] *Id.* at 277:10 – 278:7.
[38] *Id.* at 278:9-16.
[39] Ex. 1 at ¶ 160.
[40] Ex. 2 at 264:22 -266:22.
[41] *Id.* at 265:12-266:10

### 3. Mr. Kosty's Opinions About █████████████████ Should Be Excluded

Mr. Kosty contends that, for Plaintiffs █████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████████████.[42]

As an initial matter, Mr. Kosty starts at a false premise. There is no requirement in the law that a class assemble a singular source to identify class members. To be ascertainable, a class need only be "defined with reference to objective criteria" (which is not implicated by Mr. Kosty's opinions), and there must be an "administratively feasible mechanism for determining whether putative class members fall within the class definition." *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015). The Third Circuit does not require class plaintiffs to combine records showing class membership into a single mega-database. In fact, the Third Circuit has said the exact opposite: "Plaintiff need not, at the class certification stage, demonstrate that a single record, or set of records, conclusively establishes class membership." *City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*, 867 F.3d 434, 441-42 (3d Cir. 2017); *see, e.g., Hargrove v. Sleepy's LLC*, 974 F.3d 467, 470 (3d Cir. 2020) (sufficient that "thousands of pages of contracts, driver rosters, security gate logs, and pay statements, as well as testimony from a dozen class members," plus affidavits, existed). For this reason alone, Mr. Kosty's opinion about "combining" data is unreliable and unhelpful. *See, e.g., Orbital Eng'g, Inc. v. Buchko*, -- F. Supp. 3d --, 2022 WL 44744, at *3 (W.D. Pa. Jan. 5, 2022) (expert's opinions on his own definition of "willful misconduct and gross negligence do not fit the facts of this case").

---

[42] Ex. 2 at 218:1 – 219:14.

12

Even were this not the case, Mr. Kosty ████████████████████████████
███████████████████████████



Ex. 2 at 219:16-22.  Were all of this not enough, Mr. Kosty further conceded ████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████

Mr. Kosty also ███████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████  █████████████████████████████████████████
█████████████████████████████████████████████████████[45]

For instance, he admits ████████████████████████████████
██████████████████████  ████████████████████████████████
████████████████████████████████████████████████████████
████████████  █  ████████████████████████████  █  ████████

_____

[43] Ex. 2 at 219:24 – 220:12, 254:1 – 255:7.
[44] Ex. 2 at 222:9-13.
[45] Id. at 222:14-18.
[46] Ex. 2 at 238:15 – 244:18.
[47] Id. at 250:18 – 254:10.
[48] Id. at 267:8-21.



Finally, all of this discussion ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. But in the context of ascertainability, the risk of duplicate entries across multiple data sources is *helpful*, not disabling. As Mr. Kosty readily admits, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓.[50]

### 4. Mr. Kosty's Opinions About ▓▓▓▓▓▓▓▓▓▓▓▓▓ Is Unsupported and Nonsensical

The only other critique Mr. Kosty offers of the consumer economic loss putative class is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

For one thing, he only looked ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[51] Second, his "analysis" merely consisted of looking at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓. Finally, Mr. Kosty has no basis to speculate that any

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

---

[49] *Id.* at 269:9 – 271:5.
[50] *Id.* at 250:8-16 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. This is not an issue for damages because Dr. Conti uses actual, real-world IQVIA data to estimate class-wide damages.
[51] Ex. 1 at ¶ 138.
[52] Ex. 2 at 316:11 – 317:8.

██████████ ███████████████████████████

███████████ ██████████████████████████

██████████████████

### 5. Mr. Kosty's Opinions About █████████████ ██████████ Are Unreliable and Speculative

Much like his unsupported views on the █████████████████

██████ (*see supra* Part III.B.3), Mr. Kosty's opinions on ████████████

████████████████████ are unreliable and speculative. He contends ████████████

███████████████████████████████████████

███████████████████████████████████████

████████



---

[53] Ex. 2 at 314:18 – 316:10.
[54] *Id.* at 317:9-15.
[55] *Id.* at 317-4-8.

15

Ex. 2 at 305:19 to 306:9, 308:21 – 309:4.  Mr. Kosty cannot reliably opine on ███████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████ .[56]

### 6.  **Mr. Kosty's Opinions About** ███████████████████████████████
█████████████████████ **Lack Reliability or Basis in Fact**

Mr. Kosty's terse opinion on ███████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████ lacks reliability or basis in fact.  He identifies a mere three purported examples of

████████████████████████████████████████████████████████████

██████████ . All three examples are entirely incorrect.  For the first ██████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████[57] For the second example,

Mr. Kosty also concedes ███████████████████████████████████████████

██████████████ .[58] For the third and final example, Mr. Kosty claims ███████████

████████████████████████████████████████████████████████████

---

[56] To the contrary, Ms. Craft explained in detail how this task could be accomplished programmatically.  *See, e.g.*, Ex. 4 (Craft Tr.) at 332:18 – 342:7 ██████████████████

████████████████████████████████████████████████████████████

[57] Ex. 2 at 318:19 – 319:18 █████████████████████████████████████████

████████████████████████████████████████████████████████████

[58] Ex. 2 at 319:20 – 322:6 ██████████████████████████████████████████

████████████████████████████████████████████████████████████

16

████████████████████████████████████████████████████████

█████████████████████████████████ █████████████████████████

█████████████████████████████████████████████[60]

Outside of his three erroneous examples, Mr. Kosty had ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████.[61]

Finally, Mr. Kosty's opinion that █████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████[62] is unreliable.  As noted *supra* Part III.B.1,

Mr. Kosty admits ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████. *See supra*

Part III.B.3.

---

[59] Ex. 2 at 322:-7 – 325:11.
[60] *Id.* at 324:6 – 325:1.
[61] Ex. 2 at 327:4 – 330:8.
[62] *See, e.g.*, Ex. 1 at ¶ 86.

17

**C. Mr. Kosty's Opinions on** ███████████████████████████████████
**Should Be Excluded**

Mr. Kosty does not identify ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████. However, in his report, Mr. Kosty takes issue with the opinion

of Plaintiffs' expert, Ms. Kali Panagos, insofar as she opines ███████████████████

████████████████████████████████████████████.[63] Yet, when questioned

about this, Mr. Kosty conceded ████████████████████████████████████

████████████████[64] He limited his opinion at deposition merely ███████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████.[65]

It is improper for an expert to offer his own opinion about another expert's opinion when

he ██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████. Such an opinion is not reliably tethered to sufficient facts, and is unhelpful and

confusing.

---

[63] *See, e.g.*, Ex. 1 at ¶¶ 195-203.
[64] Ex. 2 at 360:9 – 361:16.
[65] Ex. 2 at 361:5-16 ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███").

## IV.    **CONCLUSION**

For the foregoing reasons, the Court should exclude Mr. Kosty's opinions on

███████████████████████ as set forth *supra* Part III.A, on ██████████████████████

███████████████████████████ as set forth *supra* Part III.B, and to the extent ████████████

███████████████████████ as set forth *supra* Part III.C.


Dated: May 3, 2022                                Respectfully,

                                                  By: */s/ David J. Stanoch*
                                                  David J. Stanoch
                                                  KANNER & WHITELEY, LLC
                                                  701 Camp St.
                                                  New Orleans, LA 70130
                                                  504-524-5777 (t)
                                                  504-524-5763 (f)
                                                  d.stanoch@kanner-law.com

                                                  *On Behalf of MDL PEC and Class Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 3, 2022, a true and correct redacted copy of

the foregoing was filed and served via the court's CM/ECF system, and an unredacted version was

served on the court and the Defense Executive Committee via email.

*/s/ David J. Stanoch*
David J. Stanoch

20