**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875 |
| | Honorable Robert B. Kugler, District Court Judge |
| **This Document Relates to All Actions** | Oral Argument Requested |

**WHOLESALER DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF RULE 53 OBJECTION TO AND MOTION FOR CLARIFICATION OF SPECIAL MASTER ORDER NO. 64**

On behalf of Wholesaler Defendants ("Wholesalers") in the *In Re: Valsartan, Losartan, and Irbesartan Products Liability Litigation*, and pursuant to Federal Rule of Civil Procedure 53(f)(2), undersigned Wholesaler Defendants' Counsel respectfully submit this Objection to and Motion for Clarification of Special Master Order No. 64 ("SMO 64" or "the Order"). To be clear, Wholesalers remain agreeable to supplementing the information they have previously provided regarding indemnity agreements, and attempting to resolve any disputes about that supplementation through the meet and confer process. Wholesalers believe, however, that Plaintiffs will seek to use SMO 64 to require more than supplementation, and thus now seek clarification regarding the requirements of

SMO 64. In particular, Wholesalers seek clarification that SMO 64 does not require responses to Plaintiffs' new requests for production of information regarding defense and indemnification issues that far exceed the scope of Plaintiffs' prior negotiated and approved discovery requests. These new requests were not negotiated or approved by the parties or the Court and may be subject to proper objections on relevance and privilege grounds.

To the extent that SMO 64 is read to impose a mandate to require that Wholesalers "disclose" certain information that has not previously been requested by Plaintiffs, has not been the subject of the meet and confer process, is not relevant to the instant litigation, is subject to the common interest or other privilege, and on which Wholesalers have not had the opportunity to be heard, Wholesalers object as set forth below to avoid an unjust result.

## I. PROCEDURAL HISTORY

On January 28, 2022 and March 17, 2022, months after the October 4, 2021 close of discovery in this matter (Dkt. No. 863), Plaintiffs requested additional information about the particulars of Wholesalers' defense and indemnification arrangements. *See* Dkt. 2042-2, Plaintiffs' January 28, 2022 email to Jeff Geoppinger; Dkt. 2007-1, Plaintiffs' March 17, 2022 Letter to Seth Goldberg. In March, counsel for Plaintiffs, Mr. George Williamson, sent a letter to Defendants' then liaison counsel, Mr. Seth Goldberg, seeking information about the existence

and status of agreements among and between Defendants regarding defense and indemnification issues. Dkt. 2007-1. While some information requested in Plaintiffs' letter, such as indemnification agreements, was the subject of discovery previously served on or obtained from certain Defendants, other requests were not. For example, Plaintiffs' letter for the first time requested that Wholesalers "disclose" whether any entity "has undertaken your defense [in this litigation] or reimbursed your costs of defense, and where reimbursements made, state the amount." *Id*. That request for **the amount of defense costs reimbursed**, as well as other requests enumerated in Plaintiffs' March 17, 2022 letter—for example, any disputes with regard to defense and/or indemnification—were never the subject of any prior discovery requests served on the Wholesalers, all of which were extensively negotiated between the parties before being approved by the Court. Consequently, Wholesalers never had an opportunity to object to the new requests included in the March 17, 2022 letter, including on critical relevance and common interest privilege grounds, because they were never heard by the Court on the non-existent requests (or objections). Even more significantly, the Court was never given the opportunity to rule on the propriety of many of the types of requests in Plaintiffs' March 17, 2022 letter or any objections by Wholesalers thereto.

On April 12, 2022, Plaintiffs served their agenda letter for the April 13, 2022 bi-weekly status conference with all liaison counsel. It included only one topic:

"Status of Indemnification Meet and Confers," and Plaintiffs' agenda letter specifically requested that the Court mandate "all defendants be required to meet and confer on the issues raised in Plaintiffs' March 17, 2022 letter." Dkt. No. 2006.

On April 13, 2022, the Court held the routine bi-weekly status conference with liaison counsel for Plaintiffs and liaison counsel for Defendants—not with other defense counsel. As per the Court's prior directives and custom, counsel for all Defendants are not to attend the bi-weekly status conferences. At the limited attendance status conference, Plaintiffs' counsel asked the Court to set a deadline of April 30, 2022, for all Defendants to meet and confer with Plaintiffs' counsel about the requests in the March 17, 2022, letter. *See* Transcript of April 13, 2022 Status Conference, p. 4, Ex. A. The Court agreed to enter such an order over Defendants' objections, including that a simple requirement of a meet and confer did not warrant a full order. *Id.*, pp. 5-9. Plaintiffs' counsel was directed to submit a proposed order "reflecting the fact that the meet and confer on these agreements is to be completed." *Id.*, pp. 9-10.

The next day, on April 14, 2022, Plaintiffs' counsel submitted a letter and a proposed Special Master Order ("proposed SMO") to Judge Vanaskie that went much further than Plaintiffs' original agenda letter, much further than argument at the status conference, and much further than representations to the Court about the order being submitted. Dkt. No. 2014. Plaintiffs' counsel did not seek Defendants'

4

counsel's approval or agreement to the proposed SMO prior to submission to Judge Vanaskie. In fact, Plaintiffs' counsel did not even share the proposed SMO with Defendants' counsel prior to submission.

Plaintiffs' counsel's April 14, 2022 cover letter stated that the proposed SMO was submitted "as directed at the April 13, 2022 status hearing." Dkt. No. 2014. However, it is undisputed that Plaintiffs' proposed SMO went well beyond what was discussed, decided, and directed at the April 13, 2022, status conference. The proposed SMO first orders a deadline of April 30, 2022, for the parties to meet and confer "regarding the existence and status of any agreements, written or oral, to defend and/or indemnify, and any dispute, litigation, mediation, or arbitration between Defendants, related to contaminated valsartan including the claims in this litigation"—a listing of topics that includes information not previously agreed to in discovery, and would potentially include information about communications regarding defense and indemnification "disputes" and "status." *Id*. Though not stated, presumably any disputes at the conclusion of the meet and confer process would be presented to the Court, including those of timeliness, relevance, and privilege. Plaintiffs' proposed SMO went even further, however, and also included a completely inappropriate substantive mandate that potentially turned an order to meet and confer into an order to "disclose" substantive privileged information:

> Defendants shall disclose to Plaintiffs any change in the status quo of
> such agreements, disputes, litigation, mediation, or arbitration; new

5

>demands to defend or indemnify; establishment of any new agreements; or any new dispute, litigation, mediation, or arbitration, without the need for Plaintiffs to make any further request." *Id*.

No such mandate to disclose information or produce materials was discussed, requested, or ruled upon at the April 13, 2022 status conference, which as noted, was not attended by all Defendants. As such, Wholesalers were not provided with the requisite opportunity to address in any fashion the scope, propriety, and grounds for objection of the disclosures mandated by Plaintiffs' proposed SMO.

Fifty minutes after Plaintiffs' counsel's ex parte submission of the proposed SMO, Defendants' counsel emailed the Court and expressed Defendants' objection to the entry of the proposed SMO based on concerns about the scope. *See* Email from Jason Reefer, Esq. to Hon. Thomas Vanaskie (Ret.) dated April 14, 2022, Ex. B. The Court responded to Defendants' counsel's correspondence and acknowledged Defendants' objections. *See* Email from Hon. Thomas Vanaskie (Ret.) to Jason Reefer, Esq. dated April 14, 2022, Ex. C. The Court also confirmed that Plaintiffs' proposed SMO, which included a new mandate for certain disclosures by all Defendants, went beyond that which was discussed—and therefore, beyond which was ruled on—at the status conference. *Id.* Nevertheless, the Court entered Plaintiffs' proposed SMO, with just one modification regarding the filing of a status report. Dkt. No. 2015. The Court stated that the rationale for entering Plaintiffs' proposed SMO—despite the fact it was submitted without consultation and exceeded

6

what was discussed at the status conference—was the belief that "it is appropriate to impose a duty of supplementation as requested by Plaintiffs" as parties have a duty to supplement prior discovery responses pursuant to Fed. R. Civ. P. 26(e). *Id.* The Court's explanation for entry of SMO 64 suggested that it understood the Order to only require that which the Rules already require: supplementation of prior information produced in discovery in response to proper discovery requests.

Unfortunately, Plaintiffs have already shown that they will advocate for a reading of SMO 64 much broader than mere supplementation in an effort to get the Court to order the very discovery that has not even been discussed by the parties and for which Defendants have sound objections, including privilege. Plaintiffs' May 3, 2022 Report to the Court (Dkt. No. 2042) contains a list of the information sought by Plaintiffs and notes that it has been requested "since at least January 28, 2022"—still, more than three months after the close of discovery. Plaintiffs also complain that Wholesalers "refused to provide information about defense [ ] agreements," despite the fact that defense agreements *have never been the subject of a properly-served discovery request to Wholesalers,* are not relevant to the claims in the litigation, and are arguably protected by privilege. *Id.* Moreover, Plaintiffs seek the dollar amounts of reimbursed defense costs and payments Wholesalers have received or paid as a result of indemnification obligations—a request which is indisputably absent from Plaintiffs' prior discovery requests. Indeed, SMO 64's

7

requirement that "Defendants shall disclose to Plaintiffs any change in the status quo of such agreements, disputes, litigation, mediation, or arbitration; new demands to defend or indemnify; establishment of any new agreements; or any new dispute, litigation, mediation, or arbitration, without the need for Plaintiffs to make any further request" in many ways exceeds the scope of Plaintiffs' prior negotiated and Court-approved discovery requests served on Wholesalers in the MDL on the issue of indemnification. As such, many of the matters encompassed by SMO 64's mandate are not subject to supplementation under Fed. R. Civ. P. 26(e), as there were no prior proper discovery requests to Wholesalers about those matters.

## II. OBJECTION AND REQUEST FOR CLARIFICATION

Wholesalers now seek clarification regarding the parameters of SMO 64 and object to the Order to the extent it purports to require the Wholesalers do more than: (1) meet and confer by April 30, 2022 regarding Plaintiffs' March 17, 2022 letter; and (2) supplement information previously provided in discovery in accordance with the Rules of Civil Procedure.

Wholesalers formally repeat for the record their objection to SMO 64 for all of the reasons stated herein and previously communicated to the Court in Defendants' counsel's correspondence of April 14, 2020. *See* Ex. B. In particular, Wholesalers object to SMO 64 to the extent it may be read to impose discovery

obligations—beyond supplementing their prior responses—on the following grounds:

1) it requires supplementation of responses to discovery requests that do not exist;

2) it requires responses to discovery requests that were first served after the close of discovery, and for which Wholesalers have had no opportunity to object to or negotiate with Plaintiffs about;

3) it requires disclosure or production of information on which there has been no meet and confer;

4) it requires disclosure or production of information that is not relevant to the issues in the pending litigation or to settlement -- particularly, but not limited to, communications related to defense and indemnification in any manner, including disputes and status;

5) it requires disclosure or production of information that is subject to the common interest privilege;

6) it grants relief that was not discussed at the conference; and

7) it was entered without giving notice to all parties in interest and without providing all parties in interest an opportunity to be heard.

Accordingly, Wholesalers respectfully request that the Court clarify that SMO 64 only requires: (1) the parties to meet and confer regarding Plaintiffs' March 17,

2022 letter; and (2) Wholesalers to timely supplement their prior discovery responses in accord with the Rules of Civil Procedure; and (3) does not impose any new duty on Wholesalers to provide information regarding production or disclosure of defense or indemnification agreements beyond that which was previously requested by Plaintiffs and approved by the Court in Plaintiffs' prior discovery requests.

To the extent Plaintiffs seek new information from any particular Wholesaler(s), Wholesalers collectively request that the Court clarify that, absent agreement of the parties to willingly produce such information following a meet and confer, Plaintiffs must make an appropriate motion to the Court to seek disclosure of that information.[1] All interested Wholesalers will then be provided notice and an opportunity to respond to Plaintiffs' motion, including the opportunity to assert any objections to the production of the information requested.

### III. CONCLUSION

For all of the reasons stated above, Wholesalers respectfully request that the Court sustain their objections and/or clarify that SMO 64 only requires: (1) the parties to meet and confer regarding Plaintiffs' March 17, 2022 letter; and (2) Wholesalers to timely supplement their prior discovery responses in accord with the

---

[1] However, Wholesalers reiterate that discovery closed on October 4, 2021. Dkt. No. 863.

Rules of Civil Procedure; and (3) does not impose any new duty on Wholesalers to provide information regarding production or disclosure of defense or indemnification agreements beyond that which was requested by Plaintiffs and approved by the Court in Plaintiffs' prior discovery requests.

Dated: May 5, 2022                                Respectfully Submitted:

By: /s/ *Jeffrey D. Geoppinger*
Jeffrey D. Geoppinger
*Liaison Counsel for Wholesaler Defendants*

ULMER & BERNE LLP
Jeffrey D. Geoppinger
*Liaison Counsel for Wholesalers*
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Tel: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ulmer.com
*Counsel for AmerisourceBergen Corporation*

CROWELL & MORING
Andrew D. Kaplan
Daniel T. Campbell
Marie S. Dennis
Emily G. Tucker
Luke J. Bresnahan
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Tel: (202) 624-1000
Fax: (202) 628-5116
akaplan@crowell.com
dcampbell@crowell.com
mdennis@crowell.com
etucker@crowell.com

lbresnahan@crowell.com
*Counsel for Cardinal Health, Inc.*

D'Lesli M. Davis
Ellie K. Norris
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Tel: (214) 855-8221
Fax: (214) 855-8200
dlesli.davis@nortonrosefulbright.com
ellie.norris@nortonrosefulbright.com
*Counsel for McKesson Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2022, a copy of the foregoing document was served on all counsel of record via CM/ECF.

By: /s/ *Jeffrey D. Geoppinger*
Jeffrey D. Geoppinger
Liaison Counsel for Wholesaler Defendants