**GT GreenbergTraurig**

Lori G. Cohen
Tel 678.553.2385
Fax 678.553.2386
cohenl@gtlaw.com

May 10, 2022

<u>VIA ECF</u>

Special Master the Honorable Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

   Re: <u>In re Valsartan, Losartan, and Irbesartan Products Liability Litigation</u>
      <u>Case No. 1:19-md-02875-RBK-JS</u>

Dear Special Master Vanaskie:

  This letter is to provide Defendants' positions with respect to the topics on the agenda for the Biweekly Teleconference with Your Honor on May 11, 2022. The parties do not expect the need to discuss any confidential materials as part of these agenda items.

  **1.** **Clarification of Deadlines in Special Master Order No. 65**

  Defendants seek clarification of two deadlines in Special Master Order No. 65. (ECF No. 2051). Based on the agreed-upon deadlines submitted in the parties' respective position statements for the April Case Management Conference, Defendants believe the order is intended to read as follows (corrections in italics):

> "2. No later than **June 2, 2022,** Plaintiffs *and Defendants* shall file their responses to Daubert motions regarding other class certification experts.
>
> ….
>
> 4. No later than **June 16, 2022,** Plaintiffs *and* Defendants shall file replies to responses to Daubert motions regarding other class certification experts."

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
Terminus 200 Building, 3333 Piedmont Road NE, 25th Floor ■ Atlanta, Georgia 30305 ■ Tel 678.553.2100 ■ Fax 78.553.2212



Special Master the Honorable Thomas Vanaskie
Page 2

**2.   Status Update on the Meet and Confers Regarding Defendants' Indemnification and Defense Agreements**

As confirmed in Plaintiffs' May 3, 2022 letter, the meet and confers ordered by Special Master Order No. 64 have concluded for all but a few parties with Plaintiffs having received confirmation of the information required. (ECF No. 2042).

**Wholesalers**

On April 19, 2022, Wholesalers collectively conferred with Plaintiffs' counsel regarding the information requested in Plaintiffs' correspondence of March 17, 2022.  After consideration of Plaintiffs' requests for information regarding Wholesalers' indemnification and defense agreements, much of which was not the subject of prior discovery requests to Wholesalers in this MDL, Wholesalers conducted additional discussions with Plaintiffs' counsel on May 3, 2022, and May 9, 2022.  Based on those discussions, as well as Plaintiffs' May 3, 2022 Report to the Court (ECF No. 2042), it is apparent that Plaintiffs are advocating for a reading of Special Master Order No. 64 ("SMO 64") that is broader than mere supplementation in an effort to have the Court order disclosure of information by Wholesalers that has not been the subject of prior proper discovery requests to Wholesalers and for which Wholesalers have sound objections, including relevance and privilege.

In particular, Plaintiffs have made clear that they are seeking information and details about Wholesalers' defense and/or cost-sharing agreements with Manufacturer and Retail Pharmacy Defendants, despite the fact that defense agreements have never been the subject of a properly-served discovery request to Wholesalers, are not relevant to the claims in the litigation, and are protected by privilege.  As such, on May 5, 2022, Wholesalers filed a Rule 53 Objection to and

**GT GreenbergTraurig**

Special Master the Honorable Thomas Vanaskie
Page 3

Motion for Clarification of Special Master Order No. 64 (ECF No. 2050), requesting that the Court make clear SMO 64 only requires Wholesalers to timely supplement their prior discovery responses in accord with the Rules of Civil Procedure, and does not impose any new duty on Wholesalers to provide information regarding production or disclosure of defense or indemnification agreements beyond that which was requested by Plaintiffs and approved by the Court in Plaintiffs' prior discovery requests. On May 10, 2022, the Court remanded this issue to Special Master, Judge (Ret.) Vanaskie so that the parties could properly place their concerns on any new discovery requests before the Special Master for resolution. Wholesalers request that tomorrow the Court set a briefing schedule, including a schedule for Wholesalers to submit a reply brief following Plaintiffs' opposition brief, and a hearing date on their objections to Plaintiffs' new discovery requests.

### OptumRx

The parties have agreed that OptumRx will provide requested information by Friday, May 13, 2022, and will advise the Court further as needed.

**3.    *Pro Se* Losartan Personal Injury Plaintiff Michael Garrison's Premature and Improper Motion for Summary Judgment**

*Pro se* Plaintiff Michael Garrison of Michigan alleges he sustained personal injuries from ingesting Camber losartan. The Complaint, originally filed in U.S. District Court for the Eastern District of Michigan in August 2019, named Camber, Legacy Pharmaceutical Packaging, and Walmart as party Defendants. No valsartan claims were alleged. Legacy was dismissed for lack of personal jurisdiction, and this matter was later transferred to the MDL in November 2020 pursuant to Conditional Transfer Order No. 34. Although the pleadings remain open and no formalized

**GT GreenbergTraurig**

Special Master the Honorable Thomas Vanaskie
Page 4

discovery plan for losartan personal injury cases is currently in effect, Plaintiff Garrison recently filed a motion for summary judgment on April 20, 2022. He did so without leave of court pursuant to CMO No. 23 and without filing a short form complaint under CMO No. 24. The motion is premature and not in compliance with Local Civil Rules 7.1 and 56.1. Defendants Camber and Walmart brought this motion to the Court's attention in their letter of May 2, 2022, which is attached hereto as Exhibit A for ease of reference. Mr. Garrison was copied on the letter. Oppositions are currently due on May 23, 2022. Camber and Walmart request that the Court deny or otherwise strike Mr. Garrison's procedurally improper filing without the need for a formal opposition. In the alternative, Camber and Walmart seek Your Honor's guidance on how to proceed.

Respectfully submitted,

*/s/ Lori G. Cohen*

Lori G. Cohen

cc: Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
Jessica D. Miller, Esq. (*via email, for distribution to Defendants' Counsel*)
Clem C. Trischler, Esq. (*via email*)
Sarah E. Johnston, Esq. (*via email*)
Jeffrey D. Geoppinger, Esq. (*via email*)