# Exhibit 202

Case 1:19-md-02875-RMB-SAK   Document 2057-4   Filed 05/10/22   Page 2 of 17
Case 2:16-md-02744-DML-DRG   ECF No. 286-5   filed 01/31/19   PageID.76849   Page 1 of 3
PageID: 69951

# *Appendix D: Plaintiffs' Proposed Special Verdict Forms for the Consumer Protection Classes*

*Set forth below are suggested interrogatories that would be presented on Special Verdict Forms at Trial. This form is meant to be illustrative only, and not comprehensive. Plaintiffs may suggest changes to the special interrogatories herein. Moreover, the absence of any claim or state from the suggested classes is not intended to constitute a waiver of any claims currently, or in the future, brought in this action. Note also that, under some statutes, the Court and not a jury make the required findings.*

### UNFAIR AND DECEPTIVE CONDUCT CONSUMER PROTECTION CLASS

Some states prohibit unfair and deceptive trade practices. These states are: California, Florida, Illinois, Iowa, Maryland, Massachusetts, New Jersey, New York, Ohio, and Washington.

**Do you find by a preponderance of the evidence the following:**

**(i)    Did FCA engage in an unfair act or practice in the conduct of trade or commerce?**

Yes ☐          No ☐

**(ii)   Did FCA engage in a deceptive act or practice in the conduct of trade or commerce?**

Yes ☐          No ☐

**(iii)  Did FCA's conduct cause Plaintiffs and the Class to lose money?**

Yes ☐          No ☐

**(iv)   Have Plaintiffs proved by a preponderance of the evidence the amount of money lost as a result of FCA's conduct?**

Yes ☐          No ☐

If "yes," complete the following blank: The Court awards damages to Plaintiffs and the Unfair and Deceptive Conduct Consumer Protection Class in the amount of $_____. (If you answered "no," do not complete the blank.)

Case 1:19-md-02875-RMB-SAK Document 2057-4 Filed 05/10/22 Page 3 of 17
Case 2:16-md-02744-DML-DRG ECF No. 286-5 filed 01/31/19 PageID.76899 Page 2 of 3
PageID: 69952

## OMISSIONS CONSUMER PROTECTION CLASS

Some states prohibit a defendant from omitting or concealing material facts from consumers. These states are: Illinois, Michigan, Nevada, and New Jersey.

**Do you find by a preponderance of the evidence the following:**

**(i)** **Did FCA conceal or omit material facts in the conduct of trade or commerce?**

Yes ☐ No ☐

**(ii)** **Did FCA's conduct cause Plaintiffs and the Class to lose money?**

Yes ☐ No ☐

**(iii)** **Have Plaintiffs proved by a preponderance of the evidence the amount of money lost as a result of FCA's conduct?**

Yes ☐ No ☐

If "yes," complete the following blank: The Court awards damages to Plaintiffs and the Omissions Consumer Protection Class in the amount of $_____. (If you answered "no," do not complete the blank.)

010621-21 1092072 V1

2

Case 1:19-md-02875-RMB-SAK  Document 2057-4  Filed 05/10/22  Page 4 of 17
Case 2:16-md-02744-DML-DRG  ECF No. 286-5  filed 01/31/19  PageID.76609  Page 3 of 3
PageID: 69953

### UNCONSCIONABLE ACTS OR PRACTICES CONSUMER PROTECTION CLASS

Some states prohibit a "unconscionable" commercial practices. These states are: New Jersey, Texas, and Utah.

**Do you find by a preponderance of the evidence the following:**

**(i)   Did FCA commit unconscionable commercial practices?**

Yes ☐          No ☐

**(ii)   Did FCA's conduct cause Plaintiffs and the Class to lose money?**

Yes ☐          No ☐

**(iii)   Have Plaintiffs proved by a preponderance of the evidence the amount of money lost as a result of FCA's conduct?**

Yes ☐          No ☐

If "yes," complete the following blank: The Court awards damages to Plaintiffs and the Unconscionable Acts or Practices Consumer Protection Class in the amount of $_____. (If you answered "no," do not complete the blank.)

Case 1:19-md-02875-RMB-SAK Document 2057-41 Filed 05/10/22 Page 5 of 17 PageID.76909
Case 2:16-md-02744-DML-DRG ECF No. 286-7 filed 01/31/19 PageID.76909 Page 1 of 5
PageID: 69954

# *Appendix F: Plaintiffs' Proposed Special Verdict Forms for Unjust Enrichment*

*Set forth below are suggested interrogatories that would be presented on Special Verdict Forms at Trial. This form is meant to be illustrative only, and not comprehensive. Plaintiffs may suggest changes to the special interrogatories herein. Moreover, the absence of any claim or state from the suggested classes is not intended to constitute a waiver of any claims currently, or in the future, brought in this action.*

## UNJUST ENRICHMENT CLASS #1

### THE RESTATEMENT'S BASIC TEST

A party is enriched if she receives a benefit. A party is unjustly enriched if the retention of the benefit would be unfair. A party obtains restitution when she is restored to the position she formerly occupied either by the return of something which she formerly had or by the receipt of its equivalent in money. Ordinarily, the measure of restitution is the amount of enrichment received by the defendant. If the loss suffered differs from the amount of benefit received, the measure of restitution may be more or less than the loss suffered or more or less than the enrichment.[1]

Some states (Illinois, Maryland, and Michigan) incorporate the *Restatement's* definition of unjust enrichment to determine liability.

### A. LIABILITY

Plaintiffs claim that FCA was unjustly enriched.

Do you find by a preponderance of the evidence the following:[2]

**(i)    Did the plaintiffs confer a benefit on FCA?**

        Yes ☐        No ☐

**(ii)   Did FCA accept a benefit from the plaintiffs?**

        Yes ☐        No ☐

**(iii)  Under the circumstances, would it be unfair for FCA to retain the benefit?**

---

[1]    *Restatement (First) of Restitution* § 1 (1937) ("*Restatement*").

[2]    *See* 21B Am. Jur. *Pleading & Practice Forms Restitution & Implied Contracts* §12.1.

010621-21  1092064 V1

1

Case 1:19-md-02875-RMB-SAK  Document 2057-4  Filed 05/10/22  Page 6 of 17
Case 2:16-md-02744-DML-DRG  ECF No. 286-7  filed 01/31/19  PageID.76579  Page 2 of 5
PageID: 69955

Yes ☐                    No ☐

## B. RESTITUTION

**Have plaintiffs proved by a preponderance of the evidence the amount that should be restituted to plaintiffs and the class?**

Yes ☐                    No ☐

If "yes," complete the following blank: The [Court/Jury] finds that the appropriate amount of restitution for Plaintiffs and the Unjust Enrichment Class #1 is $_____. (If you answered "no," do not complete the blank.)

010621-21 1092064 V1

2

# UNJUST ENRICHMENT CLASS #2

### THE RESTATEMENT'S TEST AND APPRECIATION OF THE BENEFIT

Some states (Florida, Nevada, Oregon, Pennsylvania, Washington, and Wisconsin) use the *Restatement's* definition of unjust enrichment and require that the defendant appreciate the benefit to determine liability.

### A. LIABILITY

Plaintiffs claim that FCA was unjustly enriched.

Do you find by a preponderance of the evidence the following:

**(i)   Did the plaintiffs confer a benefit on FCA?**

    Yes ☐          No ☐

**(ii)   Did FCA accept a benefit from the plaintiffs?**

    Yes ☐          No ☐

**(iii)   Under the circumstances, would it be unfair for FCA to retain the benefit?**

    Yes ☐          No ☐

**(iv)   Did the FCA appreciate the benefit it was receiving from the plaintiffs and the subclass?**

    Yes ☐          No ☐

### B. RESTITUTION

**Have plaintiffs proved by a preponderance of the evidence the amount that should be restituted to plaintiffs and the class?**

    Yes ☐          No ☐

If "yes," complete the following blank: The [Court/Jury] finds that the appropriate amount of restitution for Plaintiffs and Unjust Enrichment Class #2 is $_____.  (If you answered "no," do not complete the blank.)

Case 1:19-md-02875-RMB-SAK Document 2057-1 Filed 05/10/22 Page 8 of 17 PageID.76999
Case 2:16-md-02744-DML-DRG ECF No. 286-7 filed 01/31/19 PageID.76999 Page 4 of 5
PageID: 69957

# UNJUST ENRICHMENT CLASS #3

### THE RESTATEMENT'S TEST AND REQUIRES AN INADEQUATE REMEDY AT LAW

Some states (Arizona, Colorado, Iowa, Massachusetts, New Jersey, New York, North Carolina, Ohio, and Utah) require that there be an inadequate remedy at law before bringing an unjust enrichment claim.

### A. LIABILITY

Plaintiffs claim that FCA was unjustly enriched.

Do you find by a preponderance of the evidence the following:

**(i)     Did the plaintiffs confer a benefit on FCA?**

        Yes ☐     No ☐

**(ii)    Did FCA accept a benefit from the plaintiffs?**

        Yes ☐     No ☐

**(iii)   Under the circumstances, would it be unfair for FCA to retain the benefit?**

        Yes ☐     No ☐

**(iv)    Do the plaintiffs and the subclass have an adequate remedy at law?**

        Yes ☐     No ☐

### B. RESTITUTION

**Have plaintiffs proved by a preponderance of the evidence the amount that should be restituted to plaintiffs and the class?**

        Yes ☐     No ☐

If "yes," complete the following blank: The [Court/Jury] finds that the appropriate amount of restitution for Plaintiffs and Unjust Enrichment Class #3 is $_____. (If you answered "no," do not complete the blank.)

Case 1:19-md-02875-RMB-SAK   Document 2057-4   Filed 05/10/22   Page 9 of 17 PageID: 77009
Case 2:16-md-02744-DML-DRG   ECF No. 286-7   filed 01/31/19   PageID.77009   Page 5 of 5
PageID: 69958

# UNJUST ENRICHMENT CLASS #4

### RESTATEMENT TEST AND REQUIRES WRONGFUL CONDUCT

Some states (Missouri and Texas) require that a defendant engage in wrongful conduct in order to bring an unjust enrichment claim.

### A. LIABILITY

Plaintiffs claim that FCA was unjustly enriched.

Do you find by a preponderance of the evidence the following:

**(i)     Did the plaintiffs confer a benefit on FCA?**

Yes ☐          No ☐

**(ii)    Did FCA accept a benefit from the plaintiffs?**

Yes ☐          No ☐

**(iii)   Under the circumstances, would it be unfair for FCA to retain the benefit?**

Yes ☐          No ☐

**(iv)    Did FCA engage in wrongful conduct?**

Yes ☐          No ☐

### B. RESTITUTION

**Have plaintiffs proved by a preponderance of the evidence the amount that should be restituted to plaintiffs and the class?**

Yes ☐          No ☐

If "yes," complete the following blank:  The [Court/Jury] finds that the appropriate amount of restitution for Plaintiffs and the Unjust Enrichment Class #4 is $_____. (If you answered "no," do not complete the blank.)

Case 1:19-md-02875-RMB-SAK   Document 2057-4   Filed 05/10/22   Page 10 of 17
                                                      PageID: 69959
Case 2:16-md-02744-DML-DRG   ECF No. 286-9   filed 01/31/19   PageID.7714   Page 1 of 4

# Appendix H: Plaintiffs' Proposed Special Verdict Forms for Fraudulent Concealment

*Set forth below are suggested interrogatories that would be presented on Special Verdict Forms at Trial. This form is meant to be illustrative only, and not comprehensive. Plaintiffs may suggest changes to the special interrogatories herein. Moreover, the absence of any claim or state from the suggested classes and subclasses is not intended to constitute a waiver of any claims currently, or in the future, brought in this action.*

## I. FRAUDULENT CONCEALMENT EXCLUSIVE OR SUPERIOR KNOWLEDGE CLASS

Plaintiffs claim that FCA fraudulently concealed the Defect from Plaintiffs.

Do you find by clear and convincing evidence the following:

**(i)     Did FCA conceal a material fact from plaintiffs?**

Yes ☐          No ☐

**(ii)    Did FCA have a duty to disclose the whole truth based on its exclusive or superior level of knowledge?**

Yes ☐          No ☐

**(iii)   Did FCA intend that its concealment be relied on by plaintiffs?**

Yes ☐          No ☐

**(iv)    Did FCA's conduct cause plaintiffs to justifiably rely on FCA's silence?**

Yes ☐          No ☐

**(v)     Did FCA's conduct cause plaintiffs to lose money?**

Yes ☐          No ☐

**(vi)    Have Plaintiffs proved the amount of money lost as a result of FCA's conduct?**

Yes ☐          No ☐

If "yes," complete the following blank: The Court awards damages to Plaintiffs and the Fraudulent Concealment Exclusive or Superior Knowledge Class in the amount of $_____. (If you answered "no," do not complete the blank.)

010621-21  1092064 V1

1

Washington and Wisconsin require that the plaintiff was objectively reasonable in relying on FCA's silence (instead of justifiably relying on such silence).

      **(a) Did the Washington and Wisconsin plaintiffs reasonably rely on FCA's silence?**

      Yes ☐      No ☐

      If "no," do not include damages in Washington and Wisconsin in your damage award.

California and Colorado require the plaintiff to prove the foregoing elements based on a preponderance of the evidence instead of by clear and convincing evidence.

      **(b) If you find that the plaintiffs did not prove the foregoing elements by clear and convincing evidence, do you nonetheless find that the California and Colorado plaintiffs proved the elements by a preponderance of the evidence?**

      Yes ☐      No ☐

      If "no," stop. If "yes," decide whether damages are recoverable by the California and Colorado plaintiffs and subclasses.

010621-21  1092064 V1

2

Case 1:19-md-02875-RMB-SAK   Document 2057-41   Filed 05/10/22   Page 12 of 17
Case 2:16-md-02744-DML-DRG   ECF No. 286-9   filed 01/31/19   PageID.7715   Page 3 of 4
PageID: 69961

## II.  FRAUDULENT CONCEALMENT PARTIAL DISCLOSURE CLASS

Plaintiffs claim that FCA fraudulently concealed the Defect from Plaintiffs.

Do you find by a clear and convincing evidence the following:

**(i) Did FCA make a material representation that suppressed the truth or conceal a material fact from plaintiffs?**

Yes ☐     No ☐

**(ii) Did FCA have a duty to disclose the whole truth by virtue of making a partial disclosure about the safety of the shifter?**

Yes ☐     No ☐

**(iii) Did FCA know that is partial disclosure was untrue?**

Yes ☐     No ☐

**(iv) Did FCA intend that its misrepresentation or concealment be relied on by plaintiffs?**

Yes ☐     No ☐

**(v) Did FCA's conduct cause plaintiffs to justifiably rely on FCA's misrepresentation or silence?**

Yes ☐     No ☐

**(vi) Did FCA's conduct cause plaintiffs to lose money?**

Yes ☐     No ☐

**(vii) Have Plaintiffs proved the amount of money lost as a result of FCA's conduct?**

Yes ☐     No ☐

If "yes," complete the following blank: The Court awards damages to Plaintiffs and the Fraudulent Concealment Partial Disclosure Class in the amount of $_____.  (If you answered "no," do not complete the blank.)

Michigan, New Jersey, Wyoming require that the plaintiff was objectively reasonable in relying on FCA's silence or partial disclosure (instead of justifiably relying on such).

010621-21 1092064 V1

3

Case 1:19-md-02875-RMB-SAK   Document 2057-4   Filed 05/10/22   Page 13 of 17
Case 2:16-md-02744-DML-DRG   ECF No. 286-9   filed 01/31/19   PageID.7719   Page 4 of 4
PageID: 69962

      **(a) Did the Michigan, New Jersey, and Wyoming plaintiffs reasonably rely on FCA's silence or partial disclosure?**

          Yes ☐        No ☐

If "no," do not include damages in Michigan, New Jersey, or Wyoming in your damage award.

Florida requires the plaintiff to prove the foregoing elements based on a preponderance of the evidence instead of by clear and convincing evidence.

      **(b) If you find that the plaintiffs did not prove the foregoing elements by clear and convincing evidence, do you nonetheless find that the Florida plaintiff proved the elements by a preponderance of the evidence?**

          Yes ☐        No ☐

If "no," stop. If "yes," decide whether damages are recoverable by the Florida plaintiff and subclass.

Case 1:19-md-02875-RMB-SAK   Document 2057-401   Filed 05/10/22   Page 14 of 17
Case 2:16-md-02744-DML-DRG   ECF No. 286-11   filed 01/31/19   PageID.7725   Page 1 of 4
PageID: 69963

# Appendix J:  Plaintiffs' Proposed Special Verdict Forms for Breach of Implied Warranty of Merchantability

*Set forth below are suggested interrogatories that would be presented on Special Verdict Forms at Trial.  This form is meant to be illustrative only, and not comprehensive.  Plaintiffs may suggest changes to the special interrogatories herein.  Moreover, the absence of any claim or state from the suggested classes is not intended to constitute a waiver of any claims currently, or in the future, brought in this action.*

## I. MAGNUSON-MOSS IMPLIED WARRANTY CLASS

### THE UCC'S BASIC TEST

An implied warranty of merchantability is implied in a contract for the sale of goods if the seller is a merchant with respect to goods of that kind.[1]

Some states (Colorado, Michigan, Missouri, New Jersey, Pennsylvania, Texas, and Wyoming) incorporate the UCC's definition of implied warranty.

Plaintiffs claim that FCA breached the implied warranty of merchantability.

Do you find by a preponderance of the evidence the following:

**(i)   Did FCA make or sell the Class Vehicles?**

   Yes ☐          No ☐

**(ii)  Were plaintiffs foreseeable users of the Class Vehicles?**

   Yes ☐          No ☐

**(iii) Were the Class Vehicles not merchantable (i.e. defective) at the time they left FCA's possession?**

   Yes ☐          No ☐

**(iv) Did FCA's breach of implied warranty cause plaintiffs to lose money or suffer damages?**

   Yes ☐          No ☐

---

[1]   UCC § 2-314.

010621-21 1094310 V1

1

**(v)** **Did FCA have notice of the loss or damages to plaintiffs after the breach within reasonable time?**

Yes ☐ No ☐

**(vi)** **Have Plaintiffs proved by a preponderance of the evidence the amount of money lost as a result of FCA's conduct?**

Yes ☐ No ☐

If "yes," complete the following blank:  The [Court/Jury] finds that the appropriate amount of restitution for Plaintiffs and the Magnuson-Moss Implied Warranty Class is $_____.  (If you answered "no," do not complete the blank.)

## II. CALIFORNIA SONG-BEVERLY IMPLIED WARRANTY CLASS

### BASIC TEST

Warranties in connection with the sale of goods to consumers in California are governed by the Song-Beverly Consumer Warranty Act.[2]

Plaintiffs claim that FCA breached the Song-Beverly implied warranty of merchantability.

Do you find by a preponderance of the evidence the following:

**(i)     Did FCA make or sell the Class Vehicles?**

　　　　　　　Yes ☐　　　　　No ☐

**(ii)    Were plaintiffs foreseeable users of the Class Vehicles?**

　　　　　　　Yes ☐　　　　　No ☐

**(iii)   Were the Class Vehicles not merchantable (i.e. defective) at the time they left FCA's possession?**

　　　　　　　Yes ☐　　　　　No ☐

**(iv)   Did FCA's breach of implied warranty cause plaintiffs to lose money or suffer damages?**

　　　　　　　Yes ☐　　　　　No ☐

**(v)    Have Plaintiffs proved by a preponderance of the evidence the amount of money lost as a result of FCA's conduct?**

　　　　　　　Yes ☐　　　　　No ☐

If "yes," complete the following blank: The [Court/Jury] finds that the appropriate amount of restitution for Plaintiffs and the California Song-Beverly Implied Warranty Class is $_____. (If you answered "no," do not complete the blank.)

---

[2]     Cal. Civ. Code § 1790 *et. seq.*

Case 1:19-md-02875-RMB-SAK   Document 2057-4   Filed 05/10/23   Page 17 of 17
                         PageID: 69966
Case 2:16-md-02744-DML-DRG   ECF No. 286-11   filed 01/31/19   PageID.7728   Page 4 of 4

## II. LOUISIANA REDHIBITORY DEFECTS WARRANTY CLASS

### BASIC TEST

Louisiana has not adopted the UCC. Instead, Louisiana maintains that a seller warrants the buyer against redhibitory defects.

Plaintiffs claim that FCA breached the Louisiana's warranty against redhibitory defects.

Do you find by a preponderance of the evidence the following:

**(i)  Did FCA make or sell the Class Vehicles?**

        Yes ☐        No ☐

**(ii) Were the Class Vehicles so imperfect that had the reasonable plaintiff known of the Defect, he or she would not have purchased the Class Vehicle or would have only purchased the Class Vehicle at a lower price?**

        Yes ☐        No ☐

**(iii) Did FCA have notice of the injury or damages to plaintiff and an opportunity to repair?**

        Yes ☐        No ☐

**(iv) Did FCA's breach of Louisiana's warranty against redhibitory defects cause plaintiff to lose money?**

        Yes ☐        No ☐

**(v) Has Plaintiff proved by a preponderance of the evidence the amount of money lost as a result of FCA's conduct?**

        Yes ☐        No ☐

If "yes," complete the following blank: The [Court/Jury] finds that the appropriate amount of restitution for Plaintiff and the Louisiana Redhibitory Defects Warranty Class is $_____. (If you answered "no," do not complete the blank.)