# Exhibit 203

Case 1:19-md-02875-RMB-SAK Document 2057-5 Filed 05/10/22 Page 2 of 93
Case 2:16-md-02744-DML-DRG ECF No. 497 filed 12/23/19 PageID.21470 Page 2 of 13
PageID: 69968

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| In re:<br>FCA US LLC MONOSTABLE<br>ELECTRONIC GEARSHIFT<br>LITIGATION<br><br>MDL No. 2744<br><br>This Document Relates to:<br>ECONOMIC LOSS CASES | Case Number 16-md-02744<br>MDL<br><br>Honorable David M. Lawson<br>Magistrate Judge David R. Grand |

## NOTICE OF PLAINTIFFS' PROPOSED FORMS
## OF NOTICE AND NOTICE PLAN

# **TABLE OF CONTENTS**

A.    Introduction............................................................................................................2

B.    Authority and Argument........................................................................................4

    1.    Plaintiffs' proposed Class notice clearly and fairly apprises Class members of the nature of this class action and the scope of their rights and should be approved........................................................................................................4

    2.    The proposed manner of notice dissemination is reasonable and represents the best notice practicable under the circumstances. ....................................6

C.    Conclusion ............................................................................................................7

Plaintiffs, by and through their attorneys, individually and as representatives of the certified issue classes, pursuant to this Court's Opinion and Order Granting in Part and Denying in Part Plaintiffs' Motion to Certify Class Action, Certifying Issue Classes, and Setting Deadlines for Submission of Proposed Notice (the "Order") (ECF No. 492), and Federal Rule of Civil Procedure 23(c)(2)(b), submit Plaintiffs' Proposed Forms of Notice and Notice Plan, attached as Exhibits A - C.

Pursuant to the Order, Plaintiffs and Defendant FCA US LLC have met and conferred regarding proposed forms of notice and a plan of notice via email on December 10, 12, 18 and 20, 2019, and via phone conference on December 13 and 18, 2019, but Plaintiffs and FCA were unable to stipulate to the form of notice and notice plan. FCA received Plaintiffs' written proposals for the forms of notice on Wednesday, December 18, 2019 and subsequently met and conferred on the same day. Despite this, FCA did not respond back with their proposed edits until 3:24pm on the day the proposed notice and plan are due. Due to FCA's extremely limited notice and the intervening holidays, Plaintiffs are unable to fully assess and respond to FCA's multiple edits and, therefore, have no choice but to submit their own proposed Form of Notice and Plan of Notice. Plaintiffs will continue to meet and confer with FCA in good faith regarding its counterproposal in an effort to limit areas of dispute and apprise the Court should the Parties come to agreement. In order to comply with this Court's Order, Plaintiffs hereby submit their own proposed Form

1

Case 1:19-md-02875-RMB-SAK   Document 2057   Filed 05/10/22   Page 5 of 93
PageID: 69971
Case 2:16-md-02744-DML-DRG   ECF No. 497   filed 01/21/19   PageID.214739   Page 4 of 13

of Notice and Notice Plan (Exhibits A - C) and the below memorandum in support of their proposal for delivering notice to the Class using the class definition adopted by the Court.

Plaintiffs are concurrently filing a Motion to Amend the Class Definition Pursuant to Rule 23(c)(1)(C) and/or for Reconsideration of the Court's Order Certifying an Issue Class. (ECF 496). In the event the Court were to grant this motion and modify the class definition, Plaintiffs will immediately submit new proposed long and short form notices and a plan of notice reflecting any change in the class definition.

### A.      <u>Introduction</u>

In any case certified under Federal Rule of Civil Procedure 23(b)(3), the Court must direct notice to the certified class. On December 9, 2019, the Court certified the following Class under Federal Rules of Civil Procedure 23(b)(3) and (c)(4):

> All persons or entities who currently own or lease a class vehicle, which means a 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, or 2014-2015 Jeep Grand Cherokee equipped with the monostable shifter, where the vehicle was purchased in Arizona, California, Colorado, Florida, Illinois, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Nevada, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Texas, Utah, Washington, or Wyoming.

The proposed form and manner of notice dissemination here is supported by an experienced notice and claims administrator. In order to prepare for class notice, Class Counsel sent a request for proposal to four reputable notice and claims

Case 1:19-md-02875-RMB-SAK  Document 2057-2  Filed 05/10/22  Page 6 of 93
Case 2:16-md-02744-DML-DRG  ECF No. 497  filed 12/23/19  PageID.21474  Page 5 of 13
PageID: 69972

administrators requesting proposed notice plans and costs estimates.  Each of the four potential notice administrators proposed a notice program relying primarily on direct mail notice to reach the class members. After this competitive bidding process, Class Counsel chose to work collaboratively with Epiq Class Action & Claims Solutions, Inc. ("Epiq") and with Epiq's Notice business unit, Hilsoft Notifications ("Hilsoft"), in preparing the notice and the plan of dissemination.

As set forth in more detail in the supporting Declaration of Cameron R. Azari, Esq, Hilsoft's Director of Legal Notice, Epiq and Hilsoft have been appointed as notice, claims, and/or settlement administrator in hundreds of high-volume consumer, civil rights, insurance, antitrust, ERISA, securities, and wage and hour cases, administering some of the largest and most complex class action notice programs and settlements in the country. (Exhibit C at ¶¶ 4-5, Attachment 1). More specifically, Epiq has deep experienced implementing multi-state notice programs in auto defect cases. (Exhibit C at ¶¶ 5, 22, Attachment 1). Class Counsel has worked with Mr. Azari and his team at Epiq/Hilsoft to develop the proposed forms of class notice as well as the proposed manner of dissemination to the Class, and Mr. Azari submits a declaration in support of the proposed notice plan attesting to its adequacy and constitutionality. (Exhibit C at ¶¶ 10-11). The proposed form of notice provides all of the information required by Rule 23(c)(2)(B) to the Class, in language that is plain and easy to understand. (Exhibits A, B; *see also* Exhibit C at ¶¶ 14, 18).

Case 2:16-md-02744-DML-DRG ECF No. 497, PageID.21475 Filed 05/10/22 Page 8 of 13
Case 1:19-md-02875-RMB-SAK Document 2057-23 Filed 05/10/22 Page 7 of 83
PageID: 69973

Through this Notice, Plaintiffs provide their proposed forms for the Postcard Notice and online Long Form Notice.

The Class notice and the manner of dissemination proposed here meet the requirements of Federal Rule of Civil Procedure 23 and of constitutional due process.

**B.**     <u>**Authority and Argument**</u>

      1.   **Plaintiffs' proposed Class notice clearly and fairly apprises Class members of the nature of this class action and the scope of their rights and should be approved.**

In any class action certified under Rule 23(b)(3), the Court must direct notice of class certification to class members using the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The class notice must "clearly and concisely state in plain, easily understood language" the following: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney; (v) that the court will exclude from the class any member who requests exclusion; (v) the time and manner for requesting exclusion; and (vi) the binding effect of a class judgment on class members. *Id.*

Because class members are bound by the results of a certified Rule 23(b)(3) class action unless they affirmatively opt out, this class notice is required as a matter

of constitutional due process in order to protect the rights of the absent class members. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974). To meet these requirements of Rule 23 and constitutional due process, the class notice should "clearly and fairly apprise" class members of "the nature of the class action and the scope of their rights." *See Issen v. GSC Enters., Inc.*, 538 F. Supp. 745, 750 (N.D. Ill. 1982 (citing Fed. R. Civ. P. 23(c)(2)).

Plaintiffs' proposed Long Form Notice meets all of these requirements and is consistent with the model class notice guidelines set forth in leading class action treatises. *See e.g.* 3 Newberg on Class Actions § 8:31 at 253-59 (4th ed. 2002); Moore's Federal Practice, Manual for Complex Litigation § 21.311 at 289 (4th ed. 2004). The proposed Long Form Notice, which will be posted on a case specific website, contains all of the information necessary to allow Class members here to make informed decisions and includes all of the information required by Rule 23(c)(2)(B) describing the central elements of Plaintiffs' claims in clear and simple language. (Exhibit B). The proposed Long Form Notice states the class definition, a brief overview of the case, the option for any Class member to opt-out and the procedure and time frame for doing so, a statement that the judgment will be binding on Class members who do not opt-out, and the right of any member who does not opt-out to appear in the case through his or her own lawyer. *Id.*; *see also* Federal

5

Case 2:16-md-02744-DML-DRG ECF No. 497 PageID.14717 Page 9 of 93
Case 1:19-md-02875-RMB-SAK Document 2057-23 Filed 05/10/22 Page 9 of 93
PageID: 69975

Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide available at: https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf (last visited December 23, 2019) (recommending 60-90 days after mailing for an opt-out deadline). (Exhibit D). Also, should additional information be needed, the proposed Long Form Notice clearly designates and provides contact information for the Notice Administrator and Class Counsel. (Exhibit B).

The proposed Long Form Notice plainly satisfies the requirements of due process and the specific requirements of Rule 23(c)(2)(B).

> ### 2. The proposed manner of notice dissemination is reasonable and represents the best notice practicable under the circumstances.

Although Rule 23 requires that reasonable efforts be made to reach all Class members, it does not require that each individual actually receive notice. *In re Cherry's Petition to Intervene*, 164 F.R.D. 630, 635-36 (E.D. Mich. 1996). Epiq estimates that this direct notice program will deliver an estimated reach of over 95% to the target audience. (Exhibit C at ¶ 11). Through the direct notice program, Class members will receive a Postcard Notice providing a more concise description of the main issues in this litigation. (Exhibit A). In a brief easy to read format, the Postcard Notice clearly advises class members of the main facts of the case, the option for any Class member to opt-out and the procedure and time frame for doing so, and where to find more information. *Id.*; *see also* Exhibit C at ¶¶ 14-15.

Case 1:19-md-02875-RMB-SAK ECF Document 2057-5 Filed 05/10/22 Page 10 of 93
Case 2:16-md-02744-DMR-DRG ECF No. 197 filed 12/23/19 PageID.214 Page 9 of 13
PageID: 69976

The Postcard Notice will direct class members to a case specific website established and maintained by Epiq. *Id.* The case-specific website will be listed with major search engines and the website address will appear on both the Postcard and Long Form Notice. (Exhibits A, B; *see also* Exhibit C at ¶ 19). The website will provide, among other things, a summary of the case, relevant filings and Court orders, any pertinent updates concerning the litigation, and functionality for Class Members to submit their contact information to receive future updates by mail and/or email. (*See* Exhibit C at ¶ 19).

Epiq estimates a reach of over 95% to the target audience, which is consistent with the reach and frequency recommended by the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (A 70-95% reach among class members is reasonable). *Id.* at ¶ 23. Epiq also opines that the means of providing direct notice described herein are the best practicable under the circumstances for reasons of outreach and efficiency and that the proposed Notice program satisfies the requirements of Rule 23 and due process. *Id.* at ¶¶ 12-18, 22-24.

## C.   <u>Conclusion</u>

With the Class now certified under Rule 23(b)(3) and (c)(4), the Court must direct notice to the certified Class pursuant to Rule 23(c)(2)(B).  In accordance with the Court's Order, Plaintiffs respectfully submit its proposed forms of Notice and

7

the proposed manner of dissemination to the Class subject to any modification of the

Class Definition subsequently ordered by the Court.

Dated: December 23, 2019        Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Emily E. Hughes (P68724)
Dennis A. Lienhardt (P81118)
William Kalas (P82113)
950 W. University Dr., Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
 ssa@millerlawpc.com

*Plaintiffs' Lead Counsel and Chair of
Plaintiffs' Steering Committee*

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Joseph H. Meltzer
Tyler S. Graden
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
jmeltzer@ktmc.com
trgaden@ktmc.com

**HAGENS BERMAN SOBOL
SHAPIRO LLP**
Steve W. Berman
Sean R. Matt
1301 Second Avenue, Suite 2000

8

Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com

Christopher R. Pitoun
301 N. Lake Ave, Suite 920
Pasadena, CA 91101
Tel: (213) 330-7150
Fax: (213) 330-7152
christopherp@hbsslaw.com

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson
Jason S. Kilene
David A. Goodwin
Raina C. Borrelli
Canadian Pacific Plaza
120 S. Sixth St., Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
jkilene@gustafsongluek.com
dgoodwin@gustafsongluek.com
rborrelli@gustafsongluek.com

**LOCKRIDGE GRINDAL
NAUEN P.L.LP.**
Robert K. Shelquist
Rebecca A. Peterson
100 Washington Ave., Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com

**GREG COLEMAN LAW PC**

9

Gregory F. Coleman
Lisa A. White
Mark E. Silvey
Adam E. Edwards
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Tel: (865) 247-0080
Fax: (865) 533-0049
greg@gregcolemanlaw.com
lisa@gregcolemanlaw.com
mark@gregcolemanlaw.com
adam@gregcolemanlaw.com

*Plaintiffs' Steering Committee*

**MANTESE HONIGMAN PC**
David Honigman
Douglas Toering
Gerard V. Mantese
1361 E. Big Beaver Rd.
Troy, MI 48083
Tel: (248) 457-9200
Fax: (248) 457-9201
dhonigman@manteselaw.com
dtoering@manteselaw.com
gmantese@manteselaw.com

*Plaintiffs' Liaison Counsel*

10

Case 1:19-md-02875-RMB-SAK  Document 20575-23  Filed 05/10/22  Page 14 of 93
Case 2:16-md-02744-DML-DRG  ECF No. 491  filed 12/23/19  PageID.21482  Page 13 of 13
PageID: 69980

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

**THE MILLER LAW FIRM, P.C.**

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com

11

Case 1:19-md-02875-RMB-SAK   Document 2057-5   Filed 05/10/22   Page 15 of 93
Case 2:16-md-02744-DML-DRG   ECF No. 491-1   filed 12/25/19   PageID.21489   Page 3 of 1
PageID: 69981

# <u>INDEX OF EXHIBITS</u>

## MOTION FOR APPROVAL OF PLAINTIFFS' FORMS OF NOTICE AND NOTICE PLAN

| Exhibit A | Proposed Short Form Notice |
|-----------|----------------------------|
| Exhibit B | Proposed Long Form Notice |
| Exhibit C | Declaration of Cameron Azari |
| Exhibit D | Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide |

Case 1:19-md-02875-RMB-SAK   Document 2057-5   Filed 05/10/22   Page 16 of 93
Case 2:16-md-02744-DML-DRG   ECF No. 497-2   filed 12/25/19   PageID.21484   Page 3 of 2
PageID: 69982

EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

## NOTICE OF CLASS ACTION

**If you are a current owner or lessee of a 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, or 2014-2015 Jeep Grand Cherokee equipped with a Monostable shifter, a pending class action lawsuit may affect your rights. This is not a lawyer solicitation.**

A multidistrict litigation (*In re: FCA US LLC Monostable Electronic Gearshift Litigation*, MDL No. 2:16-md-02744) is pending before Judge David M. Lawson in the U.S. District Court for the Eastern District of Michigan. In this case, Plaintiffs assert that Defendant FCA US LLC ("FCA") designed, manufactured, and sold 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, or 2014-2015 Jeep Grand Cherokee vehicles ("Class Vehicles") with a Monostable shifter that is dangerously defective in design. Plaintiffs assert that the Monostable shifter's design is awkward and unintuitive leading drivers to mistakenly believe that they have achieved Park and causing unintended vehicle rollaways. The lawsuit alleges that owners and lessees should be paid compensation since FCA did not disclose the dangers posed by the defective design. FCA denies the allegations and claim that the Class Vehicles are not defective and that unintended vehicle rollaways are the result of driver error. The Court has not yet decided who is right. The Court has decided this case should proceed as a class action lawsuit on three issues: a) whether the Monostable shifter is defective for ordinary use; and b) whether FCA concealed the defect; and c) whether the concealed information was material to a reasonable person. No trial date has been set. There is no money available now. There is no guarantee there ever will be. Your legal rights may be affected and you must make a choice now.

## WHAT ARE MY RIGHTS AND OPTIONS?

**If you are a class member, you must choose whether to stay in the Class. If you choose not to stay in the Class you must submit your request for exclusion by mail postmarked no later than [DATE] 2020. Your options are either:**

**Do nothing. Stay in this case. Await the outcome. Give up certain rights.** If you do nothing, you keep the possibility of getting money or benefits that may be awarded at trial. You will be legally bound by all of the orders the Court issues and judgments the Court makes in these lawsuits. However, there is no money available now and no guarantee there ever will be. If you stay in the case, you give up any rights you may have to sue FCA separately concerning the same legal claims as those that are in these lawsuits.

**Exclude yourself. Get out of this case. Get no money from it, if any is recovered in the future. Keep any rights you may have to sue on your own.** If you ask to be excluded from the Class, you will not be entitled to any recovery, if any ultimately is awarded. But you, on your own or through an attorney you hire, may be able to sue FCA concerning the same legal claims that are the subject of this lawsuit. To exclude yourself, you must send a letter stating you want to exclude yourself from the cases to: **[NOTICE ADMINISTRATOR ADDRESS]**. Your exclusion request must be postmarked no later than **[DATE], 2020**.

## WANT MORE INFORMATION?

If you have any questions or want to review documents that have been filed in this case, including the detailed Notice that describes how to request exclusion, you may visit www.xxxxxxxxxxx.com. All dates are subject to change, and current dates are available on the website.

**QUESTIONS / ADDITIONAL DETAILED INFORMATION?**
**VISIT www.xxxxxxxxx.com OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

Case 2:16-md-02744-DML-DRG    ECF No. 497-3    filed 12/25/19    PageID.21480    Page 3 of 9

# EXHIBIT B

<u>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN</u>

**If you are a current owner or lessee of a 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, or 2014-2015 Jeep Grand Cherokee equipped with a Monostable shifter, a pending class action lawsuit may affect your rights. This is not a lawyer solicitation.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

- Casey E. Perkins, David Goldsmith, Michael Vincent Nathan Jr., Debra Felker, Sarah Lalli, Kean McDonald, Lindsey Wells, Pamela Havnen, Dustin Stewart, Charles Frank Schultz, Bernadine Hartt, Scott Michael Youngstrom Jr., Todd Machtley, Melvin Scott, Eliam M. Marrero Bernal, Clare Colrick, John Lynd, Janella Mack, Jacob Gunnells, Danielle and Joby Hackett, Todd Fisher, Bruce Vosburgh, John and Mary Metzger, Robert F. Hyatt IV, Cameron Phelps, Cris-Ann Craig, Kelli Foreman, Krystal Dial, Ashley Gillipsie, Jay Waggoner, Trevor Marble, Karen Stedman, Cameron Webster, and Ann Magnuson ("Plaintiffs") sued FCA US LLC (referred to as "FCA" or "Defendant"), alleging that Defendant FCA US LLC designed, manufactured, and sold 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, or 2014-2015 Jeep Grand Cherokee ("Class Vehicles") with a Monostable shifter that is dangerously defective in design.

- The Court has certified the lawsuit as a class action on behalf of all persons or entities who currently own or lease a Class Vehicle where the vehicle was purchased or leased in Arizona, California, Colorado, Florida, Illinois, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Nevada, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Texas, Utah, Washington, or Wyoming.

- The Court has certified this class for determination of three issues:

  - Whether the Monostable shifter has a design defect that renders the class vehicles unsuitable for the ordinary use of providing safe transportation.

  - Whether FCA knew about the defect and concealed its knowledge from buyers of the class vehicles.

  - Whether information about the defect that was concealed would be material to a reasonable buyer.

- At this point, Plaintiffs have made allegations and FCA has denied them.  The Court has not yet determined if the allegations of the lawsuits are true or if the Plaintiffs and Classes are entitled to any relief. In addition to denying the allegations, FCA has asserted a number of defenses. The Court or jury will ultimately decide these issues.

- There are no damages or monetary benefits available now and no guarantee there ever will be.  However, because the case has been certified as a class action, your legal rights may be affected, and you have a choice to make now.

1

| | **YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT** |
|---|---|
| DO NOTHING | **Stay in this lawsuit. Await the outcome. Give up certain rights.**<br><br>By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or settlement. But, you give up any rights you may have to sue FCA separately concerning the same legal claims in this lawsuit. You will be bound by the outcome of any trial, whether Plaintiffs win or lose. |
| ASK TO BE EXCLUDED | **Get out of this lawsuit. Get no benefits from it. Keep any rights you may have to sue on your own.**<br><br>If you ask to be excluded and money or benefits are later awarded, you will not share in them. But, if you ask to be excluded, you will keep any rights you may have to sue FCA separately concerning the same legal claims in this lawsuit. |

- Your options are explained in this notice. To ask to be excluded, you must act before [DATE] 2020. Your Legal Rights will be affected whether you act or do not act.

- The Plaintiffs must prove their claims against FCA at trial, but the trial date has not yet been set. If money or other benefits are obtained from FCA for Plaintiffs and the Classes, you will be notified.

**PLEASE READ THIS NOTICE CAREFULLY.**

**Any questions? Contact the Notice Administrator at 1-XXX-XXX-XXXX.**

## BASIC INFORMATION

| 1. | **Why did I receive a notice?** |
|---|---|

Department of Motor Vehicle registration records show that you are a current owner or lessee of a Class Vehicle. This notice explains that the Court has ordered, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial or the case is otherwise resolved. Judge David M. Lawson, of the United States District Court for the Eastern District of Michigan is overseeing this class action. The action is titled *In re: FCA US LLC Monostable Electronic Gearshift Litigation*, Case No. 2:16-md-02744-DML-DRG.

| 2. | **What is this lawsuit about?** |
|---|---|

Plaintiffs in this case are Casey E. Perkins, David Goldsmith, Michael Vincent Nathan Jr., Debra Felker, Sarah Lalli, Kean McDonald, Lindsey Wells, Pamela Havnen, Dustin Stewart, Charles Frank Schultz, Bernadine Hartt, Scott Michael Youngstrom Jr., Todd Machtley, Melvin Scott, Eliam M. Marrero Bernal, Clare Colrick, John Lynd, Janella Mack, Jacob Gunnells, Danielle and Joby Hackett, Todd Fisher, Bruce Vosburgh, John and Mary Metzger, Robert F. Hyatt IV, Cameron Phelps, Kelli Foreman, Krystal Dial, Trevor Marble, Karen Stedman, Cameron Webster, and Ann

Magnuson. They allege, on behalf of themselves and other similarly situated persons that the 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, and 2014-2015 Jeep Grand Cherokee were defectively designed because they were equipped with a Monostable shifter that was confusing and unintuitive for drivers. The Monostable shifter provides insufficient tactile and visual feedback to the driver causing drivers to believe they have achieved Park when, in fact, they have not achieved Park. As a result, the Class Vehicles are prone to unintended rollaway causing damage to property, injury, and in some cases, death.

Plaintiffs assert that the danger posed by unintended rollaway renders the Class Vehicles unreasonably dangerous and unfit for ordinary use. Plaintiffs further assert that FCA had knowledge of this defect before the Class Vehicles were put to market, and FCA concealed key information from the public. Finally, Plaintiffs assert that a recall repair implemented by FCA to install an "autopark" feature is insufficient because drivers are still uncertain as to whether or not they have achieved Park and the possibility of injury to passengers and/or third-parties remains.

Plaintiffs assert that FCA violated several state's consumer protection and breach of implied warranty laws. Plaintiffs also bring claims for fraudulent concealment, and unjust enrichment.

The company Plaintiffs sued (in this case FCA US LLC) is called the "Defendant." Defendant denies they have acted unlawfully or improperly, denies that the class certification is appropriate, and further denies Plaintiffs and the classes are entitled to any relief. A copy of the Defendant's answer is available on this website.

| **3.** | **What is a class action and what is involved?** |
|---|---|

In a class action lawsuit, one or more people called "Class Representatives" (in this case Casey E. Perkins, David Goldsmith, Michael Vincent Nathan Jr., Debra Felker, Sarah Lalli, Kean McDonald, Pamela Havnen, Dustin Stewart, Charles Frank Schultz, Bernadine Hartt, Scott Michael Youngstrom Jr., Todd Machtley, Melvin Scott, Eliam M. Marrero Bernal, Clare Colrick, John Lynd, Janella Mack, Jacob Gunnells, Danielle and Joby Hackett, Todd Fisher, John and Mary Metzger, Robert F. Hyatt IV, Cameron Phelps, Kelli Foreman, Krystal Dial, Trevor Marble, Karen Stedman, Cameron Webster, and Ann Magnuson) sue on behalf of themselves and on behalf of other people who have similar claims ("the Class").

The Class Representatives are obligated to represent the Classes and will seek to prove their own claims and those of the Class. FCA denies Plaintiffs' allegations as to the Class Representatives and as to all the Class members. FCA will try to disprove the claims of the Class Representatives and Class's claims and will seek to prove its defenses. One court resolves the issues for both the Class Representatives and everyone in the Class – except for those people who choose to exclude themselves from the Class. The Court and a jury will hear the evidence and arguments presented by both sides and will decide who should prevail.

| **4.** | **Why is this lawsuit a class action?** |
|---|---|

The Court has decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, this lawsuit has been conditionally certified under Federal Rule of

Civil Procedure 23(b)(3) and (c)(4) for determination of the following issues:

- o Whether the Monostable shifter has a design defect that renders the Class Vehicles unsuitable for the ordinary use of providing safe transportation;

- o Whether FCA knew about the defect and concealed its knowledge from buyers of the class vehicles;

- o Whether information about the defect that was concealed would be material to a reasonable buyer.

The Court and a jury will make a determination on each of these three issues. Subsequent to that determination, the Court will hold future proceedings on whether this matter should continue as a class action, or whether damages are appropriate.

More information about why the Court certified this lawsuit as a class action is in the Court's December 9, 2019 Opinion and Order, which is available on this website. [LINK]

## THE CLAIMS IN THE LAWSUIT

| 5. How do Defendants answer? |
|---|

FCA denies the allegations and claims that the Class Vehicles are not defective and further claims that unintended vehicle rollaways are the result of driver error. FCA's defenses include that: Plaintiffs and class members are contributorily negligent and/or comparatively at fault; FCA has already provided a remedy for the defect through a nationwide recall repair; and that Plaintiffs and class members cannot prove they were damaged.

| 6. Has the Court decided who is right? |
|---|

The Court has not decided whether Plaintiffs or FCA is correct. That determination will be accomplished through future proceedings in the case. By establishing the Class and authorizing this notice, the Court is not suggesting that Plaintiffs will win or lose this case. Plaintiffs must prove their claims. FCA will have an opportunity to prove its defenses. The trial has not yet been scheduled.

| 7. What are the Plaintiffs asking for? |
|---|

Plaintiffs seek an award for damages including payment by FCA to the Class for: the difference vehicle owners would have paid had the defect been disclosed; costs of repair; legal fees and costs; and other relief sufficient to compensate for FCA's unlawful acts.

| 8. Is there any money available now? |
|---|

No benefits are available now. The Court has not yet decided whether Plaintiffs can prove their claims for relief and whether FCA can prove its defenses. There is no guarantee that benefits will ever be obtained. If benefits become available, and you have not excluded yourself from the Class, another notification will be distributed about the available benefits.

4

# WHO IS IN THE CLASS

| 9. | Am I part of this Class? |
|---|---|

The Court conditionally certified a "Class" consisting of all persons or entities who meet the following requirements:

> All persons or entities who currently own or lease a class vehicle, which means a 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, or 2014-2015 Jeep Grand Cherokee equipped with a monostable shifter, where the vehicle was purchased in Arizona, California, Colorado, Florida, Illinois, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Nevada, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Texas, Utah, Washington, or Wyoming.

You are receiving this Notice because Department of Motor Vehicle registration records indicate that you may be a current owner or lessee of a 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, or 2014-2015 Jeep Grand Cherokee equipped with a Monostable shifter, where the vehicle was purchased in Arizona, California, Colorado, Florida, Illinois, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Nevada, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Texas, Utah, Washington, or Wyoming.

| 10. | I'm still not sure if I'm included in the Class. |
|---|---|

If you are still not sure if you are included in the Class, you can call the Notice Administrator, toll free at 1-XXX-XXX-XXXX who may be able to answer some of your questions. The Notice Administrator cannot provide legal advice. Or you may call or write to the lawyers representing the Classes in this case at the phone number or address listed in Section 16 below.

# YOUR RIGHTS AND OPTIONS

**You must now decide whether to stay in the Class or ask to be excluded from the Class and the case.**

| 11. | What happens if I do nothing at all? |
|---|---|

If you do nothing you will remain a member of the Class. You do not need to do anything at this time. If you remain a Class Member, you will be bound by the result of this lawsuit.  If the lawsuit is successful, you will share in any money or benefits that may be recovered.  If the lawsuit is unsuccessful, you will not receive anything, and you will be barred from seeking other relief against FCA for the claims asserted in this lawsuit. There is no guarantee that any relief or money will ever be obtained. However, if money or other relief is obtained, you will be notified. You will also receive information about how claims will be paid and instructions explaining what you must do to share in any monetary award (if any) if you are a Class Member and do not exclude yourself.

5

| **12.** | **How do I ask the Court to exclude me from the Class?** |
|---|---|

If you ask to be excluded from the Class, you will not be entitled to any recovery of money or benefits, if any is ultimately awarded in connection with this case. But you will retain any rights you may have now to sue FCA about the same legal claims that are the subject of this lawsuit on your own.

To exclude yourself from the lawsuit, you must send a letter stating that you want to exclude yourself from the lawsuit to the below address.  Your exclusion request must include:

- Your Name,
- Your Class Vehicle VIN <u>or</u> the [X] digit Identifier on the Notice Postcard you received

  [image of Postcard card identifier]

- A statement: "I request to be excluded from the Class in this lawsuit."
- Your signature

You must mail the request letter to the below address and it must be postmarked no later than XXXX, 2020.

[ADDRESS]
[PO BOX]
[CITY, STATE, ZIP]

If you have questions, you can call the Notice Administrator, toll free at 1-XXX-XXX-XXXX. However, exclusions via telephone or email will not be effective. Exclusions executed by someone besides you on your behalf will not be effective. You must sign the exclusion request.

# THE LAWYERS REPRESENTING YOU

| **13.** | **Do I have a lawyer in this case?** |
|---|---|

Yes. The Court has appointed E. Powell Miller of the Miller Law Firm P.C., Steve Berman of Hagens Berman Sobol Shapiro LLP, Joseph Meltzer of Kessler Topaz Meltzer & Check, LLP, Daniel E. Gustafson of Gustafson Gluek PLLC, Robert K. Shelquist of Lockridge Grindal Nauen P.L.L.P., and Gregory F. Coleman of Greg Coleman Law PC as "Class Counsel."  Their contact information is provided below in Section 16.

| **14.** | **Should I get my own lawyer?** |
|---|---|

If you wish to remain a Class Member you do not need to hire your own lawyer because Class Counsel is working on your behalf.  If you choose, you may make an appearance in the case through another attorney at your own cost.  If you wish to pursue your own case separate from this one, you will need to file a request for exclusion.  If you do so, you will

need to decide whether to hire your own attorney at your own cost.

| 15. | How will the lawyers be paid? |
|-----|-------------------------------|

If Plaintiffs and Class Counsel obtain benefits for the Class, they will ask the Court for fees and expenses. You will not have to pay these fees and expenses. If the Court grants Class Counsel's request or makes an award in a different amount, the fees and expenses would either be deducted from any benefits obtained for the Class or paid separately by FCA.

| 16. | How do I get more information? |
|-----|-------------------------------|

This Notice contains a summary of relevant Court papers. You can review relevant Documents and Orders online at www.xxxxxxxxx.com. You will also find important documents related to the lawsuit including the Court's Order on Class Certification, the Third Amended Class Complaint, and Defendants' Answer, as well as answers to frequently asked questions. Please check the website regularly for updated information regarding the lawsuit. You may also access the Court's publically available legal files at the U.S. District Court for the Eastern District of Michigan in Detroit, Michigan.

You may also contact one of the following attorneys at the law firms appointed by the Court to serve as Class Counsel:

E. Powell Miller
Sharon S. Almonrode
Emily E. Hughes
Dennis A. Lienhardt
William Kalas
**Miller Law Firm P.C.**
950 W. University Drive
Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200

Joseph H. Meltzer
Tyler S. Graden
**Kessler Topaz Meltzer & Check, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

Robert K. Shelquist
Rebecca A. Peterson
**Gustafson Gluek PLLC**
100 Washington Ave., Suite 2200
Minnesota, MN 55402
Telephone: (612) 333-8844

Steve W. Berman
Sean R. Matt
Christopher R. Pitoun
**Hagens Berman Sobol Shapiro LLP**
301 North Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150

Daniel E. Gustafson
Jason S. Kilene
David A. Goodwin
Raina C. Borrelli
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 S. Sixth St. Suite 2600
Minneapolis, MN 55402
Telephone: (612) 339-6900

7

Gregory F. Coleman
Lisa A. White
Mark E. Silvey
Adam E. Edwards
**Greg Coleman Law PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Telephone: (865) 247-0080

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

Dated: _____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

8

Case 1:19-md-02875-RMB-SAK ECF No. 497-4 filed 12/23/19 PageID.21495 Page 1 of
Case 2:16-md-02744-DML-DRG Document 2057-5 Filed 05/10/22 Page 27 of 93
PageID.69993

EXHIBIT C

Case 1:19-md-02875-RMB-SAK   Document 457-5   Filed 05/10/22   Page 28 of 93
Case 2:16-md-02744-DML-DRG   ECF No. 497-4   filed 12/23/19   PageID.24496   Page 2 of
PageID: 69994
3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT LITIGATION
02744

MDL No. 2744
Grand

Case Number 16-md-

Honorable David M. Lawson
Magistrate Judge David R.

_____/

**DECLARATION OF CAMERON R. AZARI, ESQ. ON NOTICE PLAN**

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1.    My name is Cameron R. Azari, Esq.  I have personal knowledge of the

matters set forth herein, and I believe them to be true and correct.

2.    I am a nationally recognized expert in the field of legal notice and I have

served as an expert in dozens of federal and state cases involving class action notice

plans.

3.    I am the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"); a

firm that specializes in designing, developing, analyzing and implementing large-

scale, un-biased, legal notification plans.  Hilsoft is a business unit of Epiq Class

Action & Claims Solutions, Inc. ("Epiq").

4.    Hilsoft has been involved with some of the most complex and significant

notices and notice programs in recent history.  With experience in more than 400

cases, notices prepared by Hilsoft have appeared in 53 languages with distribution in almost every country, territory and dependency in the world. Judges, including in published decisions, have recognized and approved numerous notice plans developed by Hilsoft, which decisions have always withstood collateral reviews by other courts and appellate challenges.

## <u>EXPERIENCE RELEVANT TO THIS CASE</u>

5.     I have served as a notice expert and have been recognized and appointed by courts to design and provide notice in many of the largest and most significant cases, including: *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement)*, MDL No. 2672 (N.D. Cal.) (Comprehensive notice program within the Volkswagen Emissions Litigation that provided individual notice to more than 946,000 vehicle owners via first class mail and to more than 855,000 via email. A targeted internet campaign further enhanced the notice effort. Individual notice successfully delivered to more than 97% of the class); *In re: Takata Airbag Products Liability Litigation (Settlements with – BMW, Mazda, Subaru, Toyota, Honda, Nissan* and *Ford)*, MDL No. 2599 (S.D. Fla.) ($1.49 billion in settlements regarding Takata airbags. The monumental Notice Plans included individual mailed notice to more than 59.6 million potential Class Members and extensive nationwide media via consumer publications, U.S. Territory newspapers, radio spots, internet banners, mobile banners, and specialized

Case 1:19-md-02875-RMB-SAK Document 2057-5 Filed 05/10/22 Page 30 of 93
Case 2:16-md-02748-DMR-DRG ECF No. 49714-2 filed 12/23/19 PageID.21498 Page 4 of
PageID: 69996
Doc

behaviorally targeted digital media. Combined, the Notice Plans reached more than 95% of adults aged 18+ in the U.S. who owned or leased a subject vehicle an average of 4.0 times each); *Callaway v. Mercedes-Benz USA, LLC*, Case No. 14-cv-02011 JVS (DFMx) (C.D. Cal.) (Individual mailed notice to more than 647,000 class members with over 96.5% of the mailed notice successfully delivered); *Falco et al. v. Nissan North America, Inc. et al.* Case No. 2:13-cv-00686 DDP (MANx) (C.D. Cal.) (Individual mailed notice to more than 575,000 class members with over 99% of the mailed notice successfully delivered); *Coffeng v. Volkswagen Group of America, Inc.,* Case No. 17-cv-01825-JD (N.D. Cal.) (Individual mailed notice to class members, which is expected to deliver individual notice to over 90-95% of the Settlement Class. Reach will be enhanced further by a targeted online social media campaign); *Wilson, et al. v. Volkswagen Group of America, Inc. and Volkswagen AG* 1:17-cv-23033-SCOLA (S.D. Fla.) (Individual notice to class members, which is expected to deliver notice to more than 95% of the settlement class. A targeted online social media campaign will further enhance the notice effort). Numerous other court opinions and comments as to our testimony, and opinions on the adequacy of our notice efforts, are included in Hilsoft's curriculum vitae included as **Attachment 1**.

6.     In forming my expert opinions, I and my staff draw from our in-depth class action case experience, as well as our educational and related work

experiences. I am an active member of the Oregon State Bar, receiving my Bachelor of Science from Willamette University and my Juris Doctor from Northwestern School of Law at Lewis and Clark College. I have served as the Director of Legal Notice for Hilsoft since 2008 and have overseen the detailed planning of virtually all of our court-approved notice programs since that time. Prior to assuming my current role with Hilsoft, I served in a similar role as Director of Epiq Legal Noticing (previously called Huntington Legal Advertising). Overall, I have over 19 years of experience in the design and implementation of legal notification and claims administration programs having been personally involved in well over one hundred successful notice programs.

7.     The facts in this declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Hilsoft and Epiq.

## OVERVIEW

8.     This declaration will describe the Class Certification Notice Plan ("Notice Plan" or "Plan") and notices (the "Notice" or "Notices") proposed here for *In re: FCA US LLC Monostable Electronic Gearshift Litigation*, Case No. 2:16-md-02744-DML-DRG in the United States District Court for the Eastern District of Michigan.

Case 1:19-md-02875-RMB-SAK Document 2057-5 Filed 05/10/22 Page 32 of 93
Case 2:16-md-02748-DMR-DRG ECF No. 497-4 filed 12/23/19 PageID.21500 Page 6 of
PageID.69998

9.    It is my understanding that data will be available to provide individual notice to virtually all Class Members.  The data (in the form of physical addresses) will be obtained from third-party sources such as IHS Automotive, driven by Polk ("Polk") and/or the Defendants' records.  All lists will be combined and de-duplicated in order to find the most likely current address for each Class Member.

10.  In my opinion, the proposed Notice Plan is designed to reach the greatest practicable number of Class Members through the use of individual notice. In my opinion, the Notice Plan is the best notice practicable under the circumstances of this case and satisfies the requirements of due process, including its "desire to actually inform" requirement. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . ."); *see also In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019) ("To satisfy Rule 23(e)(1), settlement notices must 'present information about a proposed settlement neutrally, simply, and understandably.' 'Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come

forward and be heard.'") (citations omitted); N.D. Cal. Procedural Guidance for Class Action Settlements, Preliminary Approval (3) (articulating best practices and procedures for class notice).

## NOTICE PLANNING METHODOLOGY

11. Federal Rules of Civil Procedure 23 directs that the best notice practicable under the circumstances must include "individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The proposed notice program here satisfies this requirement. A Notice tailored to the potential current owners/lessees of the vehicles included in the Class will be sent via United States Postal Service ("USPS") first class mail. Address updating (both prior to mailing and on undeliverable pieces) and re-mailing protocols will meet or exceed those used in other class action. If email addresses become available, supplemental email notice may also be sent. Based on our experience in prior automotive class actions, we expect to successfully deliver notice to more than 95% of the identified Class. Notices will also appear on a case website.

## NOTICE PLAN DETAIL

12. Class Notice shall be disseminated pursuant to the plan and details set forth below and referred to as the "Notice Plan." The Notice Plan was designed to provide notice to the following Class for this Class Action (the "Class"):

> All persons or entities who currently own or lease a class vehicle, which means a 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, or 2014-2015

Jeep Grand Cherokee equipped with a monostable shifter, where the vehicle was purchased in Arizona, California, Colorado, Florida, Illinois, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Nevada, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Texas, Utah, Washington, or Wyoming.

I understand "Class Vehicles" to mean: means a 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, or 2014-2015 Jeep Grand Cherokee equipped with a monostable shifter, where the vehicle was purchased in Arizona, California, Colorado, Florida, Illinois, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Nevada, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Texas, Utah, Washington, or Wyoming.

## NOTICE PLAN

### *Individual Notice – Direct Mail*

13. A comprehensive list of potential Class Members' physical addresses consisting of the current and former owners and lessees of the Class Vehicles included in the Class will be acquired from third-party sources, and supplemented with data provided by the Defendants. All data will be de-duplicated and updated in order to find the most likely current address for each current and vehicle owner/lessee. This data will be used to provide individual notice to virtually all Class Members.

Case 1:19-md-02875-RMB-SAK ECF Document 457-5 Filed 05/10/22 Page 35 of 93
Case 1:16-md-02748-DMR-DRC ECF Document 497-4 filed 12/23/19 PageID.25008 Page 9 of
PageID: 670001

14.  The mailed notice will consist of a Postcard Notice that clearly and concisely summarizes the rights of Class Members.  *See* Exhibit A to Notice of Plaintiffs' Proposed Form and Plan of Notice.

15.  The Postcard Notice will direct the recipients to a website dedicated specifically for the case where they can access additional information.  The Postcard Notice will be sent by the USPS first class mail.

16.  Prior to mailing, all mailing addresses provided will be checked against the National Change of Address ("NCOA") database maintained by the USPS.  The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years.  The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address. In addition, the addresses will be certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

17.  Postcard Notices returned as undeliverable will be re-mailed to any new address available through postal service information, for example, to the address provided by the postal service on returned pieces for which the automatic

forwarding order has expired, but which is still during the period in which the postal service returns the piece with the address indicated, or to better addresses that may be found using a third-party lookup service.  Upon successfully locating better addresses, Postcard Notices will be promptly re-mailed.

18.  Additionally, a Long-Form Notice will be mailed to all persons who request one via the toll-free phone number or by mail.  The Long-Form Notice will also be available (in both English and Spanish) to download or print at the website. *See* Exhibit B to Notice of Plaintiffs' Proposed Form and Plan of Notice.

### *Case Website*

19.  A neutral, informational website will be established for the case that will be listed with major search engines.  Class Members will be able to obtain additional information and documents including the Long-Form Notice, Certification Order a list of Frequently Asked Questions and Answers and any other information that the parties agree to provide or that the Court may require.  The website will also include information on how potential Class Members can opt-out if they choose.  The website address will be prominently displayed in all printed notice documents.

### *Toll-free Telephone Number and Postal Mailing Address*

20.  A toll-free number will be established.  Callers will be able to hear an introductory message.  Callers will then have the option to continue to get

DECLARATION OF CAMERON R. AZARI, ESQ. ON NOTICE PLAN
MDL 2744

Case 1:19-md-02875-RMB-SAK   Document 2057-5   Filed 05/10/22   Page 37 of 93
Case 2:16-md-02744-DMG-DRG   ECF No. 974   Filed 12/23/19   PageID.21509   Page 31 of
PageID: 70003
34

information about the case in the form of recorded answers to frequently asked questions. Callers will also have an option to request a Long-Form Notice by mail.

21. A postal mailing address and email address will be provided, allowing Class Members the opportunity to request additional information or ask questions via these channels.

## **PERFORMANCE OF THE NOTICE PROGRAM**

### ***Reach***

22. Based on our experience in previous automotive class actions, we reasonably expect to deliver individual notice to 95% of the Class. Reach will be enhanced further by the case website. This expectation is specifically informed by our recent experience in the following class actions, which also used vehicle VIN information to access data from Polk (cases also listed above in the Experience section):

- *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement)*, MDL No. 2672 (N.D. Cal.) 97% of the class reached with individual notice;

- *Callaway v. Mercedes-Benz USA, LLC*, Case No. 14-cv-02011 JVS (DFMx) (C.D. Cal.) 96.5% of the class reached with individual notice; and

- *Falco et al. v. Nissan North America, Inc. et al.* Case No. 2:13-cv-00686 DDP (MANx) (C.D. Cal.) 99% of the class reached with individual notice.

23.   Many courts have accepted and understood that a 75 or 80 percent reach is more than adequate.  In 2010, the Federal Judicial Center issued a Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide.  This Guide states that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class.  It is reasonable to reach between 70–95%. Federal Judicial Center, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010),* p. 3*.* Here we have developed a notice plan that will deliver notice to the Class at the very highest end of this range.  These statistics reinforce the fact that the Notice Plan is broad in scope and is designed to reach the greatest practicable number of Class Members.

## **CONCLUSION**

24.   In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and further by case law pertaining to notice.  This framework directs that the notice program be designed to reach the greatest practicable number of potential class members and, in a class certification notice situation such as this, that the notice or notice program itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way. All of these requirements will be met in this case.

25.  Our notice effort follows the guidance for how to satisfy due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions, which are: a) to endeavor to actually inform the class, and b) to demonstrate that notice is reasonably calculated to do so:

A. "But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950).

B. "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) citing *Mullane* at 314.

26.  The Notice Program will provide the best notice practicable under the circumstances of this case, conforms to all aspects of Federal Rules of Civil Procedure 23, and comports with the guidance for effective notice articulated in the Manual for Complex Litigation 4th Ed.

27.  The Notice Plan schedule will afford enough time to provide full and proper notice to Class Members before any opt-out deadline.

28.  At the conclusion of the Notice Plan, we will provide a final report verifying its effective implementation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 23, 2019.

_____

Cameron R. Azari, Esq.

Case 1:19-md-02875-RMB-SAK   Document 2057-5   Filed 05/10/22   Page 41 of 93
PageID: 70007
Case 2:16-md-02744-DML-DRG   ECF No. 497-4   filed 12/23/19   PageID.21509   Page 15 of 36

# Attachment 1

Case 1:19-md-02875-RMB-SAK   Document 2057-5   Filed 05/10/22   Page 42 of 93
Case 2:16-md-02744-DMG-DRG   Document 4   Filed 12/23/19   PageID.2154   Page 36 of
PageID: 70008
D:670008

# HILSOFT NOTIFICATIONS

Hilsoft Notifications is a leading provider of legal notice services for large-scale class action and bankruptcy matters.  We specialize in providing quality, expert, notice plan development – designing notice programs that satisfy due process requirements and withstand judicial scrutiny.  Hilsoft Notifications ("Hilsoft") has been retained by defendants and/or plaintiffs for more than 400 cases, including more than 35 MDL cases, with notices appearing in more than 53 languages and in almost every country, territory and dependency in the world.  For more than 24 years, Hilsoft's notice plans have been approved and upheld by courts.  Case examples include:

➢ Hilsoft designed and implemented monumental notice campaigns to notify current or former owners or lessees of certain BMW, Mazda, Subaru, Toyota, Honda, Nissan, and Ford vehicles as part of $1.49 billion in settlements regarding Takata airbags.  The Notice Plans included individual mailed notice to more than 59.6 million potential Class Members and notice via consumer publications, U.S. Territory newspapers, radio spots, internet banners, mobile banners, and specialized behaviorally targeted digital media.  Combined, the Notice Plans reached more than 95% of adults aged 18+ in the U.S. who owned or leased a subject vehicle with a frequency of 4.0 times each.  *In re: Takata Airbag Products Liability Litigation (OEMS – BMW, Mazda, Subaru, Toyota, Honda, Nissan and Ford)*, MDL No. 2599 (S.D. Fla.).

➢ For a $250 million settlement with approximately 4.7 million class members, Hilsoft designed and implemented a Notice Program with individual notice via postcard or email to approximately 1.43 million class members and a robust publication program, which combined, reached approximately 80% of all U.S. Adults Aged 35+ approximately 2.4 times each.  *Hale v. State Farm Mutual Automobile Insurance Company, et al.*, 12-cv-00660 (S.D. Ill.)

➢ Hilsoft designed a Notice Program that included extensive data acquisition and mailed notice to notify owners and lessees of specific models of Mercedes-Benz vehicles.  The Notice Program designed and implemented by Hilsoft reached approximately 96.5% of all Class Members.  *Callaway v. Mercedes-Benz USA, LLC*, No. 8:14-cv-02011–JVS-DFM (C.D. Cal.).

➢ For a $20 million TCPA settlement that involved Uber, Hilsoft created a Notice Program, which resulted in notice via mail or email to more than 6.9 million identifiable class members.  The combined measurable effort reached approximately 90.6% of the Settlement Class with direct mail and email, measured newspaper and internet banner ads. *Vergara, et al., v. Uber Technologies, Inc.* No. 1:15-CV-06972 (N.D. Ill.).

➢ A comprehensive notice program within the *Volkswagen Emissions Litigation* that provided individual notice to more than 946,000 vehicle owners via first class mail and to more than 855,000 via email.  A targeted internet campaign further enhanced the notice effort.  *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement)*, MDL No. 2672 (N.D. Cal.).

➢ Hilsoft designed and implemented an extensive settlement Notice Plan for a class period spanning more than 40 years for smokers of light cigarettes.  The Notice Plan delivered a measured reach of approximately 87.8% of Arkansas Adults 25+ with a frequency of 8.9 times and approximately 91.1% of Arkansas Adults 55+ with a frequency of 10.8 times.  Hispanic newspaper notice, an informational release, radio PSAs, sponsored search listings and a case website further enhanced reach.  *Miner v. Philip Morris USA, Inc.*, No. 60CV03-4661 (Ark. Cir.).

➢ One of the largest claim deadline notice campaigns ever implemented, for BP's $7.8 billion settlement claim deadline relating to the Deepwater Horizon oil spill.  Hilsoft Notifications designed and implemented the claim deadline notice program, which resulted in a combined measurable paid print, television, radio and Internet effort that reached in excess of 90% of adults aged 18+ in the 26 identified DMAs covering the Gulf Coast Areas an average of 5.5 times each.  *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.).

> Large asbestos bar date notice effort, which included individual notice, national consumer publications, hundreds of local and national newspapers, Spanish newspapers, union labor publications, and digital media to reach the target audience. *In re: Energy Future Holdings Corp., et al. (Asbestos Claims Bar Date Notice)*, 14-10979(CSS) (Bankr. D. Del.).

> Landmark $6.05 billion settlement reached by Visa and MasterCard. The intensive notice program involved over 19.8 million direct mail notices to class members together with insertions in over 1,500 newspapers, consumer magazines, national business publications, trade & specialty publications, and language & ethnic targeted publications. Hilsoft also implemented an extensive online notice campaign with banner notices, which generated more than 770 million adult impressions, a case website in eight languages, and acquisition of sponsored search listings to facilitate locating the website. *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.).

> BP's $7.8 billion settlement of claims related to the Deepwater Horizon oil spill emerged from possibly the most complex class action in U.S. history. Hilsoft Notifications drafted and opined on all forms of notice. The 2012 notice program designed by Hilsoft reached at least 95% Gulf Coast region adults via television, radio, newspapers, consumer publications, trade journals, digital media and individual notice. *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.).

> Momentous injunctive settlement reached by American Express regarding merchant payment card processing. The notice program provided extensive individual notice to more than 3.8 million merchants as well as coverage in national and local business publications, retail trade publications and placement in the largest circulation newspapers in each of the U.S. territories and possessions. *In re American Express Anti-Steering Rules Antitrust Litigation (II)*, MDL No. 2221 (E.D.N.Y.) ("Italian Colors").

> Overdraft fee class actions have been brought against nearly every major U.S. commercial bank. For related settlements, Hilsoft Notifications has developed programs that integrate individual notice and paid media efforts. Fifth Third Bank, National City Bank, Bank of Oklahoma, Webster Bank, Harris Bank, M& I Bank, PNC Bank, Compass Bank, Commerce Bank, Citizens Bank, Great Western Bank, TD Bank, BancorpSouth, Comerica Bank, Susquehanna Bank, Associated Bank, Capital One, M&T Bank, Iberiabank and Synovus are among the more than 20 banks that have retained Hilsoft. *In re Checking Account Overdraft Litigation*, MDL No. 2036 (S.D. Fla.).

> One of the largest data breach in U.S. history with approximately 130 million credit and debit card numbers stolen. *In re Heartland Data Security Breach Litigation*, MDL No. 2046 (S.D. Tex.)

> One of the largest and most complex class action in Canadian history. Designed and implemented groundbreaking notice to disparate, remote aboriginal people in the multi-billion dollar settlement. *In re Residential Schools Class Action Litigation*, 00-CV-192059 CPA (Ont. Super. Ct.).

> Extensive point of sale notice program of a settlement providing payments up to $100,000 related to Chinese drywall – 100 million notices distributed to Lowe's purchasers during a six-week period. *Vereen v. Lowe's Home Centers*, SU10-CV-2267B (Ga. Super. Ct.).

> One of the largest discretionary class action notice campaign involving virtually every adult in the U.S. for the settlement. *In re Trans Union Corp. Privacy Litigation*, MDL No. 1350 (N.D. Ill.).

> One of the most complex national data theft class action settlement involving millions of class members. *Lockwood v. Certegy Check Services, Inc.*, 8:07-cv-1434-T-23TGW (M.D. Fla.).

> Large combined U.S. and Canadian retail consumer security breach notice program. *In re TJX Companies, Inc., Customer Data Security Breach Litigation*, MDL No. 1838 (D. Mass.).

> A comprehensive notice effort in a securities class action for the $1.1 billion settlement of *In re Royal Ahold Securities and ERISA Litigation*, MDL No. 1539 (D. Md.).

Case 1:19-md-02875-RMB-SAK ECF Document 2057-5 Filed 05/10/22 Page 44 of 93
Case 2:16-md-02744-DMR-DRG ECF Document 1987-1 filed 12/23/19 PageID.21542 Page 48 of
PageID.570010

<strong>LEGAL NOTICING EXPERTS</strong>

### Cameron Azari, Esq., Director of Legal Notice

Cameron Azari, Esq. has more than 18 years of experience in the design and implementation of legal notice and claims administration programs. He is a nationally recognized expert in the creation of class action notification campaigns in compliance with Fed R. Civ. P. 23(c)(2) (d)(2) and (e) and similar state class action statutes. Cameron has been responsible for hundreds of legal notice and advertising programs. During his career, he has been involved in an array of high profile class action matters, including *In re: Takata Airbag Products Liability Litigation, In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation (MasterCard & Visa), In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement), In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, In re: Checking Account Overdraft Litigation,* and *In re Residential Schools Class Action Litigation.* He is an active author and speaker on a broad range of legal notice and class action topics ranging from amendments to FRCP Rule 23 to email noticing, response rates and optimizing settlement effectiveness. Cameron is an active member of the Oregon State Bar. He received his B.S. from Willamette University and his J.D. from Northwestern School of Law at Lewis and Clark College. Cameron can be reached at caza@legalnotice.com.

### Lauran Schultz, Epiq Managing Director

Lauran Schultz consults with Hilsoft clients on complex noticing issues. Lauran has more than 20 years of experience as a professional in the marketing and advertising field, specializing in legal notice and class action administration since 2005. High profile actions he has been involved in include companies such as BP, Bank of America, Fifth Third Bank, Symantec Corporation, Lowe's Home Centers, First Health, Apple, TJX, CNA and Carrier Corporation. Prior to joining Epiq in 2005, Lauran was a Senior Vice President of Marketing at National City Bank in Cleveland, Ohio. Lauran's education includes advanced study in political science at the University of Wisconsin-Madison along with a Ford Foundation fellowship from the Social Science Research Council and American Council of Learned Societies. Lauran can be reached at lschultz@hilsoft.com.

### Kyle Bingham, Manager of Strategic Communications

Kyle Bingham has 14 years of experience in the advertising industry. At Hilsoft and Epiq, Kyle is responsible for overseeing the research, planning, and execution of advertising campaigns for legal notice programs including class action, bankruptcy and other legal cases.

<strong>ARTICLES AND PRESENTATIONS</strong>

- **Cameron Azari** Moderator, "Prepare for the Future of Automotive Class Actions." Bloomberg Next, Webinar-CLE, November 6, 2018.

- **Cameron Azari** Speaker, "The Battleground for Class Certification: Plaintiff and Defense Burdens, Commonality Requirements and Ascertainability." 30th National Forum on Consumer Finance Class Actions and Government Enforcement, Chicago, IL, July 17, 2018.

- **Cameron Azari** Speaker, "Recent Developments in Class Action Notice and Claims Administration." PLI's Class Action Litigation 2018 Conference, New York, NY, June 21, 2018.

- **Cameron Azari** Speaker, "One Class Action or 50? Choice of Law Considerations as Potential Impediment to Nationwide Class Action Settlements." 5th Annual Western Regional CLE Program on Class Actions and Mass Torts. Clyde & Co LLP, San Francisco, CA, June 22, 2018.

- **Cameron Azari** Co-Author, *A Practical Guide to Chapter 11 Bankruptcy Publication Notice.* E-book, published, May 2017.

- **Cameron Azari** Featured Speaker, "Proposed Changes to Rule 23 Notice and Scrutiny of Claim Filing Rates," DC Consumer Class Action Lawyers Luncheon, December 6, 2016.

- **Cameron Azari** Speaker, "Recent Developments in Consumer Class Action Notice and Claims Administration." Berman DeValerio Litigation Group, San Francisco, CA, June 8, 2016.

> **Cameron Azari** Speaker, "2016 Cybersecurity & Privacy Summit. Moving From 'Issue Spotting' To Implementing a Mature Risk Management Model." King & Spalding, Atlanta, GA, April 25, 2016.

> **Cameron Azari** Speaker, "Live Cyber Incident Simulation Exercise." Advisen's Cyber Risk Insights Conference, London, UK, February 10, 2015.

> **Cameron Azari** Speaker, "Pitfalls of Class Action Notice and Claims Administration." PLI's Class Action Litigation 2014 Conference, New York, NY, July 9, 2014.

> **Cameron Azari** Co-Author, "What You Need to Know About Frequency Capping In Online Class Action Notice Programs." *Class Action Litigation Report*, June 2014.

> **Cameron Azari** Speaker, "Class Settlement Update – Legal Notice and Court Expectations." PLI's 19th Annual Consumer Financial Services Institute Conference, New York, NY, April 7-8, 2014 and Chicago, IL, April 28-29, 2014.

> **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements - Recent Developments." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 29-30, 2014.

> **Cameron Azari** Speaker, "Legal Notice in Building Products Cases." HarrisMartin's Construction Product Litigation Conference, Miami, FL, October 25, 2013.

> **Cameron Azari** Co-Author, "Class Action Legal Noticing: Plain Language Revisited." *Law360*, April 2013.

> **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements Getting your Settlement Approved." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 31-February 1, 2013.

> **Cameron Azari** Speaker, "Perspectives from Class Action Claims Administrators: Email Notices and Response Rates." CLE International's 8th Annual Class Actions Conference, Los Angeles, CA, May 17-18, 2012.

> **Cameron Azari** Speaker, "Class Action Litigation Trends: A Look into New Cases, Theories of Liability & Updates on the Cases to Watch." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 26-27, 2012.

> **Lauran Schultz** Speaker, "Legal Notice Best Practices: Building a Workable Settlement Structure." CLE International's 7th Annual Class Action Conference, San Francisco, CA, May 2011.

> **Cameron Azari** Speaker, "Data Breaches Involving Consumer Financial Information: Litigation Exposures and Settlement Considerations." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 2011.

> **Cameron Azari** Speaker, "Notice in Consumer Class Actions: Adequacy, Efficiency and Best Practices." CLE International's 5th Annual Class Action Conference: Prosecuting and Defending Complex Litigation, San Francisco, CA, 2009.

> **Lauran Schultz** Speaker, "Efficiency and Adequacy Considerations in Class Action Media Notice Programs." Chicago Bar Association, Chicago, IL, 2009.

> **Cameron Azari** Author, "Clearing the Five Hurdles of Email - Delivery of Class Action Legal Notices." *Thomson Reuters Class Action Litigation Reporter*, June 2008.

> **Cameron Azari** Speaker, "Planning for a Smooth Settlement." ACI: Class Action Defense – Complex Settlement Administration for the Class Action Litigator, Phoenix, AZ, 2007.

Case 1:19-md-02875-RMB-SAK Document 2057-5 Filed 05/10/22 Page 46 of 93
Case 2:16-md-02744-DMR-DRG ECF No. 997-4 filed 12/23/19 PageID.21544 Page 20 of
PageID: 670012

➤ **Cameron Azari** Speaker, "Structuring a Litigation Settlement." CLE International's 3rd Annual Conference on Class Actions, Los Angeles, CA, 2007.

➤ **Cameron Azari** Speaker, "Noticing and Response Rates in Class Action Settlements" – Class Action Bar Gathering, Vancouver, British Columbia, 2007.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Skadden Arps Slate Meagher & Flom, LLP, New York, NY, 2006.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Bridgeport Continuing Legal Education, Class Action and the UCL, San Diego, CA, 2006.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stoel Rives litigation group, Portland, OR / Seattle, WA / Boise, ID / Salt Lake City, UT, 2005.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stroock & Stroock & Lavan Litigation Group, Los Angeles, CA, 2005.

➤ **Cameron Azari** Author, "Twice the Notice or No Settlement." Current Developments – Issue II, August 2003.

➤ **Cameron Azari** Speaker, "A Scientific Approach to Legal Notice Communication" – Weil Gotshal litigation group, New York, NY, 2003.

## JUDICIAL COMMENTS

**Judge Alison J. Nathan,** *Pantelyat v. Bank of America, N.A., et al.* (January 31, 2019) 16-cv-8964 (S.D.N.Y.):

> *The Class Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.*

**Kenneth M. Hoyt,** *Al's Pals Pet Card, LLC, et al v. Woodforest National Bank, N.A., et al.* (January 30, 2019) 4:17-cv-3852 (S.D. Tex):

> *[T]he Court finds that the class has been notified of the Settlement pursuant to the plan approved by the Court. The Court further finds that the notice program constituted the best practicable notice to the class under the circumstances and fully satisfies the requirements of due process, including Fed. R. Civ. P. 23(e)(1) and 28 U.S.C. § 1715.*

**Judge Robert M. Dow, Jr.,** *In re: Dealer Management Systems Antitrust Litigation* (January 23, 2019) MDL No. 2817 (N.D. Ill.):

> *The Court finds that the Settlement Administrator fully complied with the Preliminary Approval Order and that the form and manner of providing notice to the Dealership Class of the proposed Settlement with Reynolds was the best notice practicable under the circumstances, including individual notice to all members of the Dealership Class who could be identified through the exercise of reasonable effort. The Court further finds that the notice program provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715(b), and constitutional due process.*



**Judge Federico A. Moreno,** *In re: Takata Airbag Products Liability Litigation (Ford)* (December 20, 2018) MDL No. 2599 (S.D. Fla.):

> The record shows and the Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: .(i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED. R. Civ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

**Judge Herndon,** *Hale v. State Farm Mutual Automobile Insurance Company, et al.* (December 16, 2018) 3:12-cv-00660-DRH-SCW (S.D. Ill.):

> The Class here is estimated to include approximately 4.7 million members. Approximately 1.43 million of them received individual postcard or email notice of the terms of the proposed Settlement, and the rest were notified via a robust publication program "estimated to reach 78.8% of all U.S. Adults Aged 35+ approximately 2.4 times." Doc. 966-2 ¶¶ 26, 41. The Court previously approved the notice plan (Doc. 947), and now, having carefully reviewed the declaration of the Notice Administrator (Doc. 966-2), concludes that it was fully and properly executed, and reflected "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." See Fed. R. Civ. P. 23(c)(2)(B). The Court further concludes that CAFA notice was properly effectuated to the attorneys general and insurance commissioners of all 50 states and District of Columbia.

**Judge Jesse M. Furman,** *Alaska Electrical Pension Fund, et al. v. Bank of America, N.A., et al.* (November 13, 2018) 14-cv-7126 (S.D.N.Y.):

> The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice efforts described in the Motion for Final Approval, as provided for in the Court's June 26, 2018 Preliminary Approval Order, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

**Judge William L. Campbell, Jr.,** *Ajose v. Interline Brands, Inc.* (October 23, 2018) 3:14-cv-01707 (M.D. Tenn.):

> The Court finds that the Notice Plan, as approved by the Preliminary Approval Order: (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was reasonable and the best practicable notice under the circumstances; (iii) reasonably apprised the Settlement Class of the pendency of the action, the terms of the Agreement, their right to object to the proposed settlement or opt out of the Settlement Class, the right to appear at the Final Fairness Hearing, and the Claims Process; and (iv) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice.

**Judge Joseph C. Spero,** *Abante Rooter and Plumbing v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN* (October 15, 2018) 3:16-cv-05486 (N.D. Cal.):

> [T]he the Court finds that notice to the class of the settlement complied with Rule 23(c)(3) and (e) and due process. Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement, voluntary dismissal, or compromise. Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B)…The notice program included notice sent by first class mail to 1,750,564 class members and reached approximately 95.2% of the class.



Case 2:16-md-02744-DMR-DRG ECF No. 197-4, 12/23/19 PageID.21548 Page 92 of
Case 1:19-md-02875-RMB-SAK Document 2057-5 Filed 05/10/22 Page 48 of 93
PageID.670014

**Judge Marcia G. Cooke,** *Dipuglia v. US Coachways, Inc.* (*September 28, 2018*) 1:17-cv-23006-MGC (S.D. Fla):

*The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the Case 1:17-cv-23006-MGC Document 66 Entered on FLSD Docket 09/28/2018 Page 3 of 7 4 proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Judge Beth Labson Freeman,** *Gergetz v. Telenav, Inc.* (September 27, 2018) 5:16-cv-04261-BLF (N.D. Cal.):

*The Court finds that the Notice and Notice Plan implemented pursuant to the Settlement Agreement, which consists of individual notice sent via first-class U.S. Mail postcard, notice provided via email, and the posting of relevant Settlement documents on the Settlement Website, has been successfully implemented and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Rules of this Court.*

**Judge M. James Lorenz,** *Farrell v. Bank of America, N.A.* (August 31, 2018) 3:16-cv-00492-L-WVG (S.D. Cal.):

*The Court therefore finds that the Class Notices given to Settlement Class Case 3:16-cv-00492-L-WVG Document 133 Filed 08/31/18 PageID.2484 Page 10 of 17 11 3:16-cv-00492-L-WVG 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 members adequately informed Settlement Class members of all material elements of the proposed Settlement and constituted valid, due, and sufficient notice to Settlement Class members. The Court further finds that the Notice Program satisfies due process and has been fully implemented.*

**Judge Dean D. Pregerson,** *Falco et al. v. Nissan North America, Inc. et al.* (July 16, 2018) 2:13-cv-00686 DDP (MANx) (C.D. Cal.):

*Notice to the Settlement Class as required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice by first-class mail was given in an adequate and sufficient manner, and constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

**Judge Lynn Adelman,** *In re: Windsor Wood Clad Window Product Liability Litigation* (July 16, 2018) MDL No. 16-MD-02688 (E.D. Wis.):

*The Court finds that the Notice Program was appropriately administered, and was the best practicable notice to the Class under the circumstances, satisfying the requirements of Rule 23 and due process. The Notice Program, constitutes due, adequate, and sufficient notice to all persons, entities, and/or organizations entitled to receive notice; fully satisfied the requirements of the Constitution of the United States (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law; and is based on the Federal Judicial Center's illustrative class action notices.*

**Judge Stephen K. Bushong,** *Surrett et al. v. Western Culinary Institute, et al.* (June 18, 2018) No. 0803-03530 (Ore. Cir., County of Multnomah)

*This Court finds that the distribution of the Notice of Settlement was effected in accordance with the Preliminary Approval/Notice Order, dated February 9, 2018, was made pursuant to ORCP 32 D, and fully met the requirements of the Oregon Rules of Civil Procedure, due process, the United States Constitution, the Oregon Constitution, and any other applicable law.*



**Judge Jesse M. Furman,** *Alaska Electrical Pension Fund, et al. v. Bank of America, N.A., et al.* (June 1, 2018) No. 14-cv-7126 (JMF) (S.D.N.Y.):

> The mailing of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice distribution efforts described in the Motion for Final Approval, as provided for in the Court's October 24, 2017 Order Providing for Notice to the Settlement Class and Preliminarily Approving the Plan of Distribution, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

**Judge Brad Seligman,** *Larson v. John Hancock Life Insurance Company (U.S.A.)* (May 8, 2018) No. RG16813803 (Cal. Sup. Ct., County of Alameda):

> The Court finds that the Class Notice and dissemination of the Class Notice as carried out by the Settlement Administrator complied with the Court's order granting preliminary approval and all applicable requirements of law, including, but not limited to California Rules of Court, rule 3.769(f) and the Constitutional requirements of due process, and constituted the best notice practicable under the circumstances and sufficient notice to all persons entitled to notice of the Settlement.

> [T]he dissemination of the Class Notice constituted the best notice practicable because it included mailing individual notice to all Settlement Class Members who are reasonably identifiable using the same method used to inform class members of certification of the class, following a National Change of Address search and run through the LexisNexis Deceased Database.

**Judge Federico A. Moreno,** *Masson v. Tallahassee Dodge Chrysler Jeep, LLC* (May 8, 2018), No. 17-cv-22967 (S.D. Fla.):

> The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.

**Chancellor Russell T. Perkins,** *Morton v. GreenBank* (April 18, 2018) 11-135-IV (20th Jud. Dist. Tenn.):

> The Notice Program as provided or in the Agreement and the Preliminary Amended Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class members who could be identified through reasonable effort. The Notice Plan fully satisfied the requirements of Tennessee Rule of Civil Procedure 23.03, due process and any other applicable law.

**Judge James V. Selna,** *Callaway v. Mercedes-Benz USA, LLC* (March 8, 2018) 8:14-cv-02011-JVS-DFM (C.D. Cal.):

> The Court finds that the notice given to the Class was the best notice practicable under the circumstances of this case, and that the notice complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

> The notice given by the Class Administrator constituted due and sufficient notice to the Settlement Class, and adequately informed members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement and how to object to the Settlement.

> The Court has considered and rejected the objection . . . [regarding] the adequacy of the notice plan. The notice given provided ample information regarding the case. Class members also had the ability to seek additional information from the settlement website, from Class Counsel or from the Class Administrator

**Judge Thomas M. Durkin,** *Vergara, et al., v. Uber Technologies, Inc.* (March 1, 2018) 1:15-CV-06972 (N.D. Ill.):

> The Court finds that the Notice Plan set forth in Section IX of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of the pendency of this case, certification of the Settlement Classes for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the


HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE          10300 SW ALLEN BLVD          BEAVERTON, OR 97005          T 503-597-7697

*United States Constitution, and any other applicable law. Further, the Court finds that Defendant has timely satisfied the notice requirements of 28 U.S.C. Section 1715.*

**Judge Federico A. Moreno,** *In re: Takata Airbag Products Liability Litigation (Honda & Nissan)* (February 28, 2018) MDL No. 2599 (S.D. Fla.):

> *The Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED R. CIV. R. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

**Judge Susan O. Hickey,** *Larey v. Allstate Property and Casualty Insurance Company* (February 9, 2018) 4:14-cv-04008-SOF (W.D. Kan.):

> *Based on the Court's review of the evidence submitted and argument of counsel, the Court finds and concludes that the Class Notice and Claim Form was mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the Publication Notice, the automated toll-free telephone number, and the settlement website: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Lawsuit, this Stipulation, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.*

**Judge Muriel D. Hughes,** *Glaske v. Independent Bank Corporation* (January 11, 2018) 13-009983-CZ:

> *The Court-approved Notice Plan satisfied due process requirements . . . The notice, among other things, was calculated to reach Settlement Class Members because it was sent to their last known email or mail address in the Bank's files.*

**Judge Naomi Reice Buchwald,** *Orlander v. Staples, Inc.* (December 13, 2017) 13-CV-0703-NRB (S.D.N.Y.):

> *The Notice of Class Action Settlement ("Notice") was given to all Class Members who could be identified with reasonable effort in accordance with the terms of the Settlement Agreement and Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and the terms and conditions of the proposed Settlement met the requirements of Federal Rule of Civil Procedure 23 and the Constitution of the United States (including the Due Process Clause); and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.*

**Judge Lisa Godbey Wood,** *T.A.N. v. PNI Digital Media, Inc.* (December 1, 2017) 2:16-cv-132 LGW-RSB (S.D. GA.):

> *Notice to the Settlement Class Members required by Rule 23 has been provided as directed by this Court in the Preliminary Approval Order, and such notice constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the Settlement Class Members, and satisfied the requirements of Rule 23 and due process, and all other applicable laws.*

**Judge Robin L. Rosenberg,** *Gottlieb v. Citgo Petroleum Corporation* (November 29, 2017) 9:16-cv-81911-RLR (S.D. Fla):

> *The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*



**Judge Donald M. Middlebrooks,** *Mahoney v TT of Pine Ridge, Inc.* (November 20, 2017) 9:17-cv-80029-DMM (S.D. Fla.):

> Based on the Settlement Agreement, Order Granting Preliminary Approval of Class Action Settlement Agreement, and upon the Declaration of Cameron Azari, Esq. (DE 61-1), the Court finds that Class Notice provided to the Settlement Class was the best notice practicable under the circumstances, and that it satisfied the requirements of due process and Federal Rule of Civil Procedure 23(e)(1).

**Judge Gerald Austin McHugh,** *Sobiech v. U.S. Gas & Electric, Inc., i/t/d/b/a Pennsylvania Gas & Electric, et al.* (November 8, 2017) 2:14-cv-04464-GAM (E.D. Penn.):

> Notice has been provided to the Settlement Class of the pendency of this Action, the conditional certification of the Settlement Class for purposes of this Settlement, and the preliminary approval of the Settlement Agreement and the Settlement contemplated thereby. The Court finds that the notice provided was the best notice practicable under the circumstances to all persons entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

**Judge Federico A. Moreno,** *In re: Takata Airbag Products Liability Litigation (BMW, Mazda, Toyota, & Subaru)* (November 1, 2017) MDL No. 2599 (S.D. Fla.):

> [T]he Court finds that the Class Notice has been given to the Class in the manner approved in the Preliminary Approval Order. The Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

**Judge Charles R. Breyer,** *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation* (May 17, 2017) MDL No. 2672 (N.D. Cal.):

> The Court is satisfied that the Notice Program was reasonably calculated to notify Class Members of the proposed Settlement. The Notice "apprise[d] interested parties of the pendency of the action and afford[ed] them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Indeed, the Notice Administrator reports that the notice delivery rate of 97.04% "exceed[ed] the expected range and is indicative of the extensive address updating and re-mailing protocols used." (Dkt. No. 3188-2 ¶ 24.)

**Judge Rebecca Brett Nightingale,** *Ratzlaff et al. v. BOKF, NA d/b/a Bank of Oklahoma et al.* (May 15, 2017) No. CJ-2015-00859 (Dist. Ct. Okla.):

> The Court-approved Notice Plan satisfies Oklahoma law because it is "reasonable" ( 12 O.S. § 2023(E)(I)) and it satisfies due process requirements because it was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812 (quoting Mullane, 339 U.S. at 314-15).

**Judge Joseph F. Bataillon,** *Klug v. Watts Regulator Company* (April 13, 2017) No. 8:15-cv-00061-JFB-FG3 (D. Neb.):

> The court finds that the notice to the Settlement Class of the pendency of the Class Action and of this settlement, as provided by the Settlement Agreement and by the Preliminary Approval Order dated December 7, 2017, constituted the best notice practicable under the circumstances to all persons and entities within the definition of the Settlement Class, and fully complied with the requirements of Federal Rules of Civil Procedure Rule 23 and due process. Due and sufficient proof of the execution of the Notice Plan as outlined in the Preliminary Approval Order has been filed.



**Judge Yvonne Gonzalez Rogers,** *Bias v. Wells Fargo & Company, et al.* (April 13, 2017) No. 4:12-cv-00664-YGR (N.D. Cal.):

> The form, content, and method of dissemination of Notice of Settlement given to the Settlement Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including both individual notice to all Settlement Class Members who could be identified through reasonable effort and publication notice.

> Notice of Settlement, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.

> Notice of the Settlement was provided to the appropriate regulators pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(c)(1).

**Judge Carlos Murguia,** *Whitton v. Deffenbaugh Industries, Inc., et al* (December 14, 2016) No. 2:12-cv-02247 (D. Kan.) and *Gary, LLC v. Deffenbaugh Industries, Inc., et al* (December 14, 2016) No. 2:13-cv-2634 (D. Kan.):

> The Court determines that the Notice Plan as implemented was reasonably calculated to provide the best notice practicable under the circumstances and contained all required information for members of the proposed Settlement Class to act to protect their interests. The Court also finds that Class Members were provided an adequate period of time to receive Notice and respond accordingly.

**Judge Yvette Kane,** *In re: Shop-Vac Marketing and Sales Practices Litigation* (December 9, 2016) MDL No. 2380 (M.D. Pa.):

> The Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws.

**Judge Timothy D. Fox,** *Miner v. Philip Morris USA, Inc.* (November 21, 2016) No. 60CV03-4661 (Ark. Cir.):

> The Court finds that the Settlement Notice provided to potential members of the Class constituted the best and most practicable notice under the circumstances, thereby complying fully with due process and Rule 23 of the Arkansas Rules of Civil Procedure.

**Judge Eileen Bransten,** *In re: HSBC Bank USA, N.A., Checking Account Overdraft Litigation* (October 13, 2016) No. 650562/2011 (Sup. Ct. N.Y.):

> This Court finds that the Notice Program and the Notice provided to Settlement Class members fully satisfied the requirements of constitutional due process, the N.Y. C.P.L.R., and any other applicable laws, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all persons entitled thereto.

**Judge Jerome B. Simandle,** *In re: Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation* (September 20, 2016) MDL No. 2540 (D. N.J.):

> The Court hereby finds that the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23, requirements of due process and any other applicable law.

**Judge Marcia G. Cooke,** *Chimeno-Buzzi v. Hollister Co. and Abercrombie & Fitch Co.* (April 11, 2016) No. 14-23120 (S.D. Fla.):

> Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator, Epiq Systems, Inc. [Hilsoft Notifications], has complied with the approved notice process as confirmed in its Declaration filed with the Court on March 23, 2016. The Court finds that the notice process was designed to advise Class Members of their rights. The form and method for notifying Class Members of the settlement and its terms and



*conditions was in conformity with this Court's Preliminary Approval Order, constituted the best notice practicable under the circumstances, and satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and due process under the United States Constitution and other applicable laws.*

**Judge Yvonne Gonzalez Rogers**, *In Re: Lithium Ion Batteries Antitrust Litigation* (March 22, 2016) No. 4:13-MD-02420-YGR (N.D. Cal.):

*From what I could tell, I liked your approach and the way you did it. I get a lot of these notices that I think are all legalese and no one can really understand them. Yours was not that way.*

**Judge Christopher S. Sontchi**, *In re: Energy Future Holdings Corp, et al.,* (July 30, 2015) 14-10979(CSS) (Bankr. D. Del.):

*Notice of the Asbestos Bar Date as set forth in this Asbestos Bar Date Order and in the manner set forth herein constitutes adequate and sufficient notice of the Asbestos Bar Date and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.*

**Judge David C. Norton**, *In re: MI Windows and Doors Inc. Products Liability Litigation* (July 22, 2015) MDL No. 2333, No. 2:12-mn-00001 (D. S.C.):

*The court finds that the Notice Plan, as described in the Settlement and related declarations, has been faithfully carried out and constituted the best practicable notice to Class Members under the circumstances of this Action, and was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with Notice.*

*The court also finds that the Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of: (1) the pendency of this class action; (2) their right to exclude themselves from the Settlement Class and the proposed Settlement; (3) their right to object to any aspect of the proposed Settlement (including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of the Settlement Class's representation by Named Plaintiffs or Class Counsel, or the award of attorney's and representative fees); (4) their right to appear at the fairness hearing (either on their own or through counsel hired at their own expense); and (5) the binding and preclusive effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all Persons who do not request exclusion from the Settlement Class. As such, the court finds that the Notice fully satisfied the requirements of the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 23(c)(2) and (e), the United States Constitution (including the Due Process Clause), the rules of this court, and any other applicable law, and provided sufficient notice to bind all Class Members, regardless of whether a particular Class Member received actual notice.*

**Judge Robert W. Gettleman**, *Adkins v. Nestle Purina PetCare Company, et al.,* (June 23, 2015) No. 12-cv-2871 (N.D. Ill.):

*Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice fully and accurately informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class Members adequate instructions and a variety of means to obtain additional information; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Settlement Class members; and complied fully with the laws of the State of Illinois, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law.*

**Judge James Lawrence King**, *Steen v. Capital One, N.A.* (May 22, 2015) No. 2:10-cv-01505-JCZ-KWR (E.D. La.) and No. 1:10-cv-22058-JLK (S.D. Fla.) as part of *In Re: Checking Account Overdraft Litigation*, MDL 2036 (S.D. Fla.)

The Court finds that the Settlement Class Members were provided with the best practicable notice; the notice was reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Shutts*, 472 U.S. at 812 (quoting *Mullane*, 339 U.S. at 314-15). This Settlement with Capital One was widely publicized, and any Settlement Class Member who wished to express comments or objections had ample opportunity and means to do so. *Azari Decl.* ¶¶ 30-39.


HILSOFT NOTIFICATIONS

**Judge Rya W. Zobel,** *Gulbankian et al. v. MW Manufacturers, Inc.,* (December 29, 2014) No. 1:10-cv-10392-RWZ (D. Mass.):

> This Court finds that the Class Notice was provided to the Settlement Class consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law. The Court finds that the Notice Plan that was implemented by the Claims Administrator satisfies the requirements of FED. R. CIV. P. 23, 28 U.S.C. § 1715, and Due Process, and is the best notice practicable under the circumstances. The Notice Plan constituted due and sufficient notice of the Settlement, the Final Approval Hearing, and the other matters referred to in the notices. Proof of the giving of such notices has been filed with the Court via the Azari Declaration and its exhibits.

**Judge Edward J. Davila,** *Rose v. Bank of America Corporation, and FIA Card Services, N.A.,* (August 29, 2014) No. 5:11-CV-02390-EJD; 5:12-CV-04009-EJD (N.D. Cal.):

> The Court finds that the notice was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this action, all material elements of the Settlement, the opportunity for Settlement Class Members to exclude themselves from, object to, or comment on the settlement and to appear at the final approval hearing. The notice was the best notice practicable under the circumstances, satisfying the requirements of Rule 23(c)(2)(B); provided notice in a reasonable manner to all class members, satisfying Rule 23(e)(1)(B); was adequate and sufficient notice to all Class Members; and, complied fully with the laws of the United States and of the Federal Rules of Civil Procedure, due process and any other applicable rules of court.

**Judge James A. Robertson, II,** *Wong et al. v. Alacer Corp.* (June 27, 2014) No. CGC-12-519221 (Cal. Super. Ct.):

> Notice to the Settlement Class has been provided in accordance with the Preliminary Approval Order. Based on the Declaration of Cameron Azari dated March 7, 2014, such Class Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of California Civil Code Section 1781, California Civil Code of Civil Procedure Section 382, Rules 3.766 of the California Rules of Court, and due process.

**Judge John Gleeson,** *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* (December 13, 2013) No. 1:05-cv-03800 (E.D. NY.):

> The Class Administrator notified class members of the terms of the proposed settlement through a mailed notice and publication campaign that included more than 20 million mailings and publication in more than 400 publications. The notice here meets the requirements of due process and notice standards… The objectors' complaints provide no reason to conclude that the purposes and requirements of a notice to a class were not met here.

**Judge Lance M. Africk,** *Evans, et al. v. TIN, Inc., et al,* (July 7, 2013) No. 2:11-cv-02067 (E.D. La.):

> The Court finds that the dissemination of the Class Notice… as described in Notice Agent Lauran Schultz's Declaration: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances…; (c) constituted notice that was reasonable, due, adequate, and sufficient; and (d) constituted notice that fully satisfied all applicable legal requirements, including Rules 23(c)(2)(B) and (e)(1) of the Federal Rules of Civil Procedure, the United States Constitution (including Due Process Clause), the Rules of this Court, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.

**Judge Edward M. Chen,** *Marolda v. Symantec Corporation,* (April 5, 2013) No. 08-cv-05701 (N.D. Cal.):

> Approximately 3.9 million notices were delivered by email to class members, but only a very small percentage objected or opted out . . . The Court . . . concludes that notice of settlement to the class was adequate and satisfied all requirements of Federal Rule of Civil Procedure 23(e) and due process. Class members received direct notice by email, and additional notice was given by publication in numerous widely circulated publications as well as in numerous targeted publications. These were the best practicable means of informing class members of their rights and of the settlement's terms.



**Judge Ann D. Montgomery,** *In re Zurn Pex Plumbing Products Liability Litigation,* (February 27, 2013) No. 0:08cv01958 (D. Minn.):

> The parties retained Hilsoft Notifications ("Hilsoft"), an experienced class-notice consultant, to design and carry out the notice plan. The form and content of the notices provided to the class were direct, understandable, and consistent with the "plain language" principles advanced by the Federal Judicial Center.
>
> The notice plan's multi-faceted approach to providing notice to settlement class members whose identity is not known to the settling parties constitutes "the best notice [*26] that is practicable under the circumstances" consistent with Rule 23(c)(2)(B).

**Magistrate Judge Stewart,** *Gessele et al. v. Jack in the Box, Inc.,* (January 28, 2013) No. 3:10-cv-960 (D. Or.):

> Moreover, plaintiffs have submitted [a] declaration from Cameron Azari (docket #129), a nationally recognized notice expert, who attests that fashioning an effective joint notice is not unworkable or unduly confusing. Azari also provides a detailed analysis of how he would approach fashioning an effective notice in this case.

**Judge Carl J. Barbier,** *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (Medical Benefits Settlement),* (January 11, 2013) MDL No. 2179 (E.D. La.):

> Through August 9, 2012, 366,242 individual notices had been sent to potential [Medical Benefits] Settlement Class Members by postal mail and 56,136 individual notices had been e-mailed. Only 10,700 mailings—or 3.3%—were known to be undeliverable. (Azari Decl. ¶¶ 8, 9.) Notice was also provided through an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, highly-trafficked websites, and Sunday local newspapers (via newspaper supplements). Notice was also provided in non-measured trade, business and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The combined measurable paid print, television, radio, and Internet effort reached an estimated 95% of adults aged 18+ in the Gulf Coast region an average of 10.3 times each, and an estimated 83% of all adults in the United States aged 18+ an average of 4 times each. (Id. ¶¶ 8, 10.) All notice documents were designed to be clear, substantive, and informative. (Id. ¶ 5.)
>
> The Court received no objections to the scope or content of the [Medical Benefits] Notice Program. (Azari Supp. Decl. ¶ 12.) The Court finds that the Notice and Notice Plan as implemented satisfied the best notice practicable standard of Rule 23(c) and, in accordance with Rule 23(e)(1), provided notice in a reasonable manner to Class Members who would be bound by the Settlement, including individual notice to all Class Members who could be identified through reasonable effort. Likewise, the Notice and Notice Plan satisfied the requirements of Due Process. The Court also finds the Notice and Notice Plan satisfied the requirements of CAFA.

**Judge Carl J. Barbier,** *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (Economic and Property Damages Settlement),* (December 21, 2012) MDL No. 2179 (E.D. La.):

> The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(b) and 23(e), the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation. The notice program surpassed the requirements of Due Process, Rule 23, and CAFA. Based on the factual elements of the Notice Program as detailed below, the Notice Program surpassed all of the requirements of Due Process, Rule 23, and CAFA.
>
> The Notice Program, as duly implemented, surpasses other notice programs that Hilsoft Notifications has designed and executed with court approval. The Notice Program included notification to known or potential Class Members via postal mail and e-mail; an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, and Sunday local newspapers. Notice placements also appeared in non-measured trade, business, and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The Notice Program met the objective of reaching the greatest possible number of class members and providing them with every reasonable opportunity to understand their legal rights. See Azari Decl. ¶¶ 8, 15, 68. The



*Notice Program was substantially completed on July 15, 2012, allowing class members adequate time to make decisions before the opt-out and objections deadlines.*

*The media notice effort alone reached an estimated 95% of adults in the Gulf region an average of 10.3 times each, and an estimated 83% of all adults in the United States an average of 4 times each. These figures do not include notice efforts that cannot be measured, such as advertisements in trade publications and sponsored search engine listings. The Notice Program fairly and adequately covered and notified the class without excluding any demographic group or geographic area, and it exceeded the reach percentage achieved in most other court-approved notice programs.*

**Judge Alonzo Harris, Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C. v. FairPay Solutions, Inc.,** (August 17, 2012) No. 12-C-1599 (27th Jud. D. Ct. La.):

*Notice given to Class Members and all other interested parties pursuant to this Court's order of April 18, 2012, was reasonably calculated to apprise interested parties of the pendency of the action, the certification of the Class as Defined for settlement purposes only, the terms of the Settlement Agreement, Class Members rights to be represented by private counsel, at their own costs, and Class Members rights to appear in Court to have their objections heard, and to afford persons or entities within the Class Definition an opportunity to exclude themselves from the Class. Such notice complied with all requirements of the federal and state constitutions, including the Due Process Clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Class as Defined.*

**Judge James Lawrence King, In re Checking Account Overdraft Litigation (IBERIABANK),** (April 26, 2012) MDL No. 2036 (S.D. Fla):

*The Court finds that the Notice previously approved was fully and properly effectuated and was sufficient to satisfy the requirements of due process because it described "the substantive claims . . . [and] contained information reasonably necessary to [allow Settlement Class Members to] make a decision to remain a class member and be bound by the final judgment." In re Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1104-05 (5th Cir. 1977). The Notice, among other things, defined the Settlement Class, described the release as well as the amount and method and manner of proposed distribution of the Settlement proceeds, and informed Settlement Class Members of their rights to opt-out or object, the procedures for doing so, and the time and place of the Final Approval Hearing. The Notice also informed Settlement Class Members that a class judgment would bind them unless they opted out, and told them where they could obtain more information, such as access to a full copy of the Agreement. Further, the Notice described in summary form the fact that Class Counsel would be seeking attorneys' fees of up to 30 percent of the Settlement. Settlement Class Members were provided with the best practicable notice "reasonably calculated, under [the] circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314. The content of the Notice fully complied with the requirements of Rule 23.*

**Judge Bobby Peters, Vereen v. Lowe's Home Centers,** (April 13, 2012) SU10-CV-2267B (Ga. Super. Ct.):

*The Court finds that the Notice and the Notice Plan was fulfilled, in accordance with the terms of the Settlement Agreement, the Amendment, and this Court's Preliminary Approval Order and that this Notice and Notice Plan constituted the best practicable notice to Class Members under the circumstances of this action, constituted due and sufficient Notice of the proposed Settlement to all persons entitled to participate in the proposed Settlement, and was in full compliance with Ga. Code Ann § 9-11-23 and the constitutional requirements of due process. Extensive notice was provided to the class, including point of sale notification, publication notice and notice by first-class mail for certain potential Class Members.*

*The affidavit of the notice expert conclusively supports this Court's finding that the notice program was adequate, appropriate, and comported with Georgia Code Ann. § 9-11-23(b)(2), the Due Process Clause of the Constitution, and the guidance for effective notice articulate in the FJC's Manual for Complex Litigation, 4th.*

**Judge Lee Rosenthal,** *In re Heartland Payment Systems, Inc. Customer Data Security Breach Litigation,* (March 2, 2012) MDL No. 2046 (S.D. Tex.):

> The notice that has been given clearly complies with Rule 23(e)(1)'s reasonableness requirement… Hilsoft Notifications analyzed the notice plan after its implementation and conservatively estimated that notice reached 81.4 percent of the class members.  (Docket Entry No. 106, ¶ 32).  Both the summary notice and the detailed notice provided the information reasonably necessary for the presumptive class members to determine whether to object to the proposed settlement.  See Katrina Canal Breaches, 628 F.3d at 197.  Both the summary notice and the detailed notice "were written in easy-to-understand plain English."  In re Black Farmers Discrimination Litig., — F. Supp. 2d —, 2011 WL 5117058, at *23 (D.D.C. 2011); accord AGGREGATE LITIGATION § 3.04(c).15 The notice provided "satisf[ies] the broad reasonableness standards imposed by due process" and Rule 23.  Katrina Canal Breaches, 628 F.3d at 197.

**Judge John D. Bates,** *Trombley v. National City Bank,* (December 1, 2011) No. 1:10-CV-00232 (D.D.C.) as part of *In Re: Checking Account Overdraft Litigation*, MDL 2036 (S.D. Fla.):

> The form, content, and method of dissemination of Notice given to the Settlement Class were in full compliance with the Court's January 11, 2011 Order, the requirements of Fed. R. Civ. P. 23(e), and due process.  The notice was adequate and reasonable, and constituted the best notice practicable under the circumstances.  In addition, adequate notice of the proceedings and an opportunity to participate in the final fairness hearing were provided to the Settlement Class.

**Judge Robert M. Dow, Jr.,** *Schulte v. Fifth Third Bank,* (July 29, 2011) No. 1:09-cv-6655 (N.D. Ill.):

> The Court has reviewed the content of all of the various notices, as well as the manner in which Notice was disseminated, and concludes that the Notice given to the Class fully complied with Federal Rule of Civil Procedure 23, as it was the best notice practicable, satisfied all constitutional due process concerns, and provided the Court with jurisdiction over the absent Class Members.

**Judge Ellis J. Daigle,** *Williams v. Hammerman & Gainer Inc.,* (June 30, 2011) No. 11-C-3187-B (27th Jud. D. Ct. La.):

> Notices given to Settlement Class members and all other interested parties throughout this proceeding with respect to the certification of the Settlement Class, the proposed settlement, and all related procedures and hearings—including, without limitation, the notice to putative Settlement Class members and others more fully described in this Court's order of 30th day of March 2011 were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination, to apprise interested parties and members of the Settlement Class of the pendency of the action, the certification of the Settlement Class, the Settlement Agreement and its contents, Settlement Class members' right to be represented by private counsel, at their own cost, and Settlement Class members' right to appear in Court to have their objections heard, and to afford Settlement Class members an opportunity to exclude themselves from the Settlement Class. Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedures, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.

**Judge Stefan R. Underhill,** *Mathena v. Webster Bank, N.A.,* (March 24, 2011) No. 3:10-cv-1448 (D. Conn.) as part of *In Re: Checking Account Overdraft Litigation*, MDL 2036 (S.D. Fla.):

> The form, content, and method of dissemination of Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances.  The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

**Judge Ted Stewart,** *Miller v. Basic Research, LLC,* (September 2, 2010) No. 2:07-cv-871 (D. Utah):

> Plaintiffs state that they have hired a firm specializing in designing and implementing large scale, unbiased, legal notification plans.  Plaintiffs represent to the Court that such notice will include: 1) individual notice by electronic mail and/or first-class mail sent to all reasonably identifiable Class members; 2) nationwide paid media notice through a combination of print publications, including newspapers, consumer magazines, newspaper supplements and the Internet; 3) a neutral, Court-approved, informational press release; 4) a



*neutral, Court-approved Internet website; and 5) a toll-free telephone number. Similar mixed media plans have been approved by other district courts post class certification. The Court finds this plan is sufficient to meet the notice requirement.*

**Judge Sara Loi, *Pavlov v. Continental Casualty Co.*,** (October 7, 2009) No. 5:07cv2580 (N.D. Ohio):

*As previously set forth in this Memorandum Opinion, the elaborate notice program contained in the Settlement Agreement provides for notice through a variety of means, including direct mail to each class member, notice to the United States Attorney General and each State, a toll free number, and a website designed to provide information about the settlement and instructions on submitting claims. With a 99.9% effective rate, the Court finds that the notice program constituted the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and clearly satisfies the requirements of Rule 23(c)(2)(B).*

**Judge James Robertson, *In re Department of Veterans Affairs (VA) Data Theft Litigation*,** (September 23, 2009) MDL No. 1796 (D.D.C.):

*The Notice Plan, as implemented, satisfied the requirements of due process and was the best notice practicable under the circumstances. The Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the action, the terms of the Settlement, and their right to appear, object to or exclude themselves from the Settlement. Further, the notice was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.*

**Judge Lisa F. Chrystal, *Little v. Kia Motors America, Inc.*,** (August 27, 2009) No. UNN-L-0800-01 (N.J. Super. Ct.):

*The Court finds that the manner and content of the notices for direct mailing and for publication notice, as specified in the Notice Plan (Exhibit 2 to the Affidavit of Lauran R. Schultz), provides the best practicable notice of judgment to members of the Plaintiff Class.*

**Judge Barbara Crowder, *Dolen v. ABN AMRO Bank N.V.*,** (March 23, 2009) No. 01-L-454, 01-L-493 (3rd Jud. Cir. Ill.):

*The Court finds that the Notice Plan is the best notice practicable under the circumstances and provides the Eligible Members of the Settlement Class sufficient information to make informed and meaningful decisions regarding their options in this Litigation and the effect of the Settlement on their rights. The Notice Plan further satisfies the requirements of due process and 735 ILCS 5/2-803. That Notice Plan is approved and accepted. This Court further finds that the Notice of Settlement and Claim Form comply with 735 ILCS 5/2-803 and are appropriate as part of the Notice Plan and the Settlement, and thus they are hereby approved and adopted. This Court further finds that no other notice other than that identified in the Notice Plan is reasonably necessary in this Litigation.*

**Judge Robert W. Gettleman, *In re Trans Union Corp.*,** (September 17, 2008) MDL No. 1350 (N.D. Ill.):

*The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Preliminary Approval Order constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law… Accordingly, all objections are hereby OVERRULED.*

**Judge Steven D. Merryday, *Lockwood v. Certegy Check Services, Inc.*,** (September 3, 2008) No. 8:07-cv-1434-T-23TGW (M.D. Fla.):

*The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable and constituted the best notice practicable in the circumstances. The notice as given provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions of the Settlement Agreement, and these proceedings to all persons entitled to such notice, and the notice satisfied the requirements of Rule 23, Federal Rules of Civil Procedure, and due process.*

**Judge William G. Young, *In re TJX Companies*,** (September 2, 2008) MDL No. 1838 (D. Mass.):

*The form, content, and method of dissemination of notice provided to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in*

*the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.*

**Judge Philip S. Gutierrez, *Shaffer v. Continental Casualty Co.,*** (June 11, 2008) SACV-06-2235-PSG (PJWx) (C.D. Cal.):

*…was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and met all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clauses), the Rules of the Court, and any other applicable law.*

**Judge Robert L. Wyatt, *Gunderson v. AIG Claim Services, Inc.,*** (May 29, 2008) No. 2004-002417 (14th Jud. D. Ct. La.):

*Notices given to Settlement Class members…were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination…Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.*

**Judge Mary Anne Mason, *Palace v. DaimlerChrysler Corp.,*** (May 29, 2008) No. 01-CH-13168 (Ill. Cir. Ct.):

*The form, content, and method of dissemination of the notice given to the Illinois class and to the Illinois Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed Settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings, to all Persons entitled to such notice, and said notice fully satisfied the requirements of due process and complied with 735 ILCS §§5/2-803 and 5/2-806.*

**Judge David De Alba, *Ford Explorer Cases,*** (May 29, 2008) JCCP Nos. 4226 & 4270 (Cal. Super. Ct.):

*[T]he Court is satisfied that the notice plan, design, implementation, costs, reach, were all reasonable, and has no reservations about the notice to those in this state and those in other states as well, including Texas, Connecticut, and Illinois; that the plan that was approved—submitted and approved, comports with the fundamentals of due process as described in the case law that was offered by counsel.*

**Judge Kirk D. Johnson, *Webb v. Liberty Mutual Ins. Co.,*** (March 3, 2008) No. CV-2007-418-3 (Ark. Cir. Ct.):

*The Court finds that there was minimal opposition to the settlement. After undertaking an extensive notice campaign to Class members of approximately 10,707 persons, mailed notice reached 92.5% of potential Class members.*

**Judge Carol Crafton Anthony, *Johnson v. Progressive Casualty Ins. Co.,*** (December 6, 2007) No. CV-2003-513 (Ark. Cir. Ct.):

*Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated…Notice was direct mailed to all Class members whose current whereabouts could be identified by reasonable effort. Notice reached a large majority of the Class members. The Court finds that such notice constitutes the best notice practicable…The forms of Notice and Notice Plan satisfy all of the requirements of Arkansas law and due process.*

**Judge Kirk D. Johnson, *Sweeten v. American Empire Insurance Co.,*** (August 20, 2007) No. CV-2007-154-3 (Ark. Cir. Ct.):

*The Court does find that all notices required by the Court to be given to class members was done within the time allowed and the manner best calculated to give notice and apprise all the interested parties of the litigation. It was done through individual notice, first class mail, through internet website and the toll-free telephone call center…The Court does find that these methods were the best possible methods to advise the class members of the pendency of the action and opportunity to present their objections and finds that these notices do comply with all the provisions of Rule 23 and the Arkansas and United States Constitutions.*



Case 2:16-md-02744-DMR-DRG   ECF No. 197-4   12/23/19   PageID.21528   Page 34 of
93
Case 1:19-md-02875-RMB-SAK   Document 2057-4   Filed 05/10/22   Page 60 of 93
PageID: 70026

**Judge Robert Wyatt,** ***Gunderson v. F.A. Richard & Associates, Inc.,*** (July 19, 2007) No. 2004-2417-D (14th Jud. D. Ct. La.):

> This is the final Order and Judgment regarding the fairness, reasonableness and adequacy. And I am satisfied in all respects regarding the presentation that's been made to the Court this morning in the Class memberships, the representation, the notice, and all other aspects and I'm signing that Order at this time.

**Judge Lewis A. Kaplan,** ***In re Parmalat Securities Litigation,*** (July 19, 2007) MDL No. 1653-LAK (S.D.N.Y.):

> The Court finds that the distribution of the Notice, the publication of the Publication Notice, and the notice methodology…met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, (including the Due Process clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. 78u-4, et seq.) (the "PSLRA"), the Rules of the Court, and any other applicable law.

**Judge Joe Griffin,** ***Beasley v. The Reliable Life Insurance Co.,*** (March 29, 2007) No. CV-2005-58-1 (Ark. Cir. Ct.):

> [T]he Court has, pursuant to the testimony regarding the notification requirements, that were specified and adopted by this Court, has been satisfied and that they meet the requirements of due process. They are fair, reasonable, and adequate. I think the method of notification certainly meets the requirements of due process…So the Court finds that the notification that was used for making the potential class members aware of this litigation and the method of filing their claims, if they chose to do so, all those are clear and concise and meet the plain language requirements and those are completely satisfied as far as this Court is concerned in this matter.

**Judge Lewis A. Kaplan,** ***In re Parmalat Securities Litigation,*** (March 1, 2007) MDL No. 1653-LAK (S.D.N.Y.):

> The court approves, as to form and content, the Notice and the Publication Notice, attached hereto as Exhibits 1 and 2, respectively, and finds that the mailing and distribution of the Notice and the publication of the Publication Notice in the manner and the form set forth in Paragraph 6 of this Order…meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934, as emended by Section 21D(a)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

**Judge Anna J. Brown,** ***Reynolds v. The Hartford Financial Services Group, Inc.,*** (February 27, 2007) No. CV-01-1529-BR (D. Or):

> [T]he court finds that the Notice Program fairly, fully, accurately, and adequately advised members of the Settlement Class and each Settlement Subclass of all relevant and material information concerning the proposed settlement of this action, their rights under Rule 23 of the Federal Rules of Civil Procedure, and related matters, and afforded the Settlement Class with adequate time and an opportunity to file objections to the Settlement or request exclusion from the Settlement Class. The court finds that the Notice Program constituted the best notice practicable under the circumstances and fully satisfied the requirements of Rule 23 and due process.

**Judge Kirk D. Johnson,** ***Zarebski v. Hartford Insurance Company of the Midwest,*** (February 13, 2007) No. CV-2006-409-3 (Ark. Cir. Ct.):

> Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all members of the Settlement Class. Accordingly, the Class Notice and Claim Form as disseminated are finally approved as fair, reasonable, and adequate notice under the circumstances. The Court finds and concludes that due and adequate notice of the pendency of this Action, the Stipulation, and the Final Settlement Hearing has been provided to members of the Settlement Class, and the Court further finds and concludes that the notice campaign described in the Preliminary Approval Order and completed by the parties complied fully with the requirements of Arkansas Rule of Civil Procedure 23 and the requirements of due process under the Arkansas and United States Constitutions.

**Judge Richard J. Holwell,** ***In re Vivendi Universal, S.A. Securities Litigation,*** 2007 WL 1490466, at *34 (S.D.N.Y.):

> In response to defendants' manageability concerns, plaintiffs have filed a comprehensive affidavit outlining the effectiveness of its proposed method of providing notice in foreign countries. According to this…the

Court is satisfied that plaintiffs intend to provide individual notice to those class members whose names and addresses are ascertainable, and that plaintiffs' proposed form of publication notice, while complex, will prove both manageable and the best means practicable of providing notice.

**Judge Samuel Conti**, *Ciabattari v. Toyota Motor Sales, U.S.A., Inc.,* (November 17, 2006) No. C-05-04289-SC (N.D. Cal.):

After reviewing the evidence and arguments presented by the parties…the Court finds as follows…The class members were given the best notice practicable under the circumstances, and that such notice meets the requirements of the Due Process Clause of the U.S. Constitution, and all applicable statutes and rules of court.

**Judge Ivan L.R. Lemelle**, *In re High Sulfur Content Gasoline Prods. Liability Litigation,* (November 8, 2006) MDL No. 1632 (E.D. La.):

This Court approved a carefully-worded Notice Plan, which was developed with the assistance of a nationally-recognized notice expert, Hilsoft Notifications…The Notice Plan for this Class Settlement was consistent with the best practices developed for modern-style "plain English" class notices; the Court and Settling Parties invested substantial effort to ensure notice to persons displaced by the Hurricanes of 2005; and as this Court has already determined, the Notice Plan met the requirements of Rule 23 and constitutional due process.

**Judge Catherine C. Blake,** *In re Royal Ahold Securities and "ERISA" Litigation,* (November 2, 2006) MDL No. 1539 (D. Md.):

The global aspect of the case raised additional practical and legal complexities, as did the parallel criminal proceedings in another district. The settlement obtained is among the largest cash settlements ever in a securities class action case and represents an estimated 40% recovery of possible provable damages. The notice process appears to have been very successful not only in reaching but also in eliciting claims from a substantial percentage of those eligible for recovery.

**Judge Elaine E. Bucklo,** *Carnegie v. Household International,* (August 28, 2006) No. 98 C 2178 (N.D. Ill.):

[T]he Notice was disseminated pursuant to a plan consisting of first class mail and publication developed by Plaintiff's notice consultant, Hilsoft Notification[s]…who the Court recognized as experts in the design of notice plans in class actions. The Notice by first-class mail and publication was provided in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies all requirements of Rule 23(e) and due process.

**Judge Joe E. Griffin,** *Beasley v. Hartford Insurance Company of the Midwest,* (June 13, 2006) No. CV-2005-58-1 (Ark. Cir. Ct.):

Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Individual Notice and the Publication Notice, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminarily Approval Order, was the best notice practicable under the circumstances…and the requirements of due process under the Arkansas and United States Constitutions.

**Judge Norma L. Shapiro,** *First State Orthopedics et al. v. Concentra, Inc., et al.,* (May 1, 2006) No. 2:05-CV-04951-NS (E.D. Pa.):

The Court finds that dissemination of the Mailed Notice, Published Notice and Full Notice in the manner set forth here and in the Settlement Agreement meets the requirements of due process and Pennsylvania law. The Court further finds that the notice is reasonable, and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, is the best practicable notice; and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed settlement.



**Judge Thomas M. Hart,** *Froeber v. Liberty Mutual Fire Ins. Co.,* (April 19, 2006) No. 00C15234 (Or. Cir. Ct.):

> The court has found and now reaffirms that dissemination and publication of the Class Notice in accordance with the terms of the Third Amended Order constitutes the best notice practicable under the circumstances.

**Judge Catherine C. Blake,** *In re Royal Ahold Securities and "ERISA" Litigation,* (January 6, 2006) MDL No. 1539 (D. Md.):

> I think it's remarkable, as I indicated briefly before, given the breadth and scope of the proposed Class, the global nature of the Class, frankly, that again, at least on a preliminary basis, and I will be getting a final report on this, that the Notice Plan that has been proposed seems very well, very well suited, both in terms of its plain language and in terms of its international reach, to do what I hope will be a very thorough and broad-ranging job of reaching as many of the shareholders, whether individual or institutional, as possibly can be done to participate in what I also preliminarily believe to be a fair, adequate and reasonable settlement.

**Judge Catherine C. Blake,** *In re Royal Ahold Securities & "ERISA" Litigation,* 437 F.Supp.2d 467, 472 (D. Md. 2006):

> The court hereby finds that the Notice and Notice Plan described herein and in the Order dated January 9, 2006 provided Class Members with the best notice practicable under the circumstances.  The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

**Judge Robert H. Wyatt, Jr.,** *Gray v. New Hampshire Indemnity Co., Inc.,* (December 19, 2005) No. CV-2002-952-2-3 (Ark. Cir. Ct.):

> Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated.  The Notice contained the essential elements necessary to satisfy due process, including the Settlement Class definition, the identities of the Parties and of their counsel, a summary of the terms of the proposed settlement, Class Counsel's intent to apply for fees, information regarding the manner in which objections could be submitted, and requests for exclusions could be filed.  The Notice properly informed Class members of the formula for the distribution of benefits under the settlement…Notice was direct mailed to all Class members whose current whereabouts could be identified by reasonable effort.  Notice was also effected by publication in many newspapers and magazines throughout the nation, reaching a large majority of the Class members multiple times.  The Court finds that such notice constitutes the best notice practicable.

**Judge Michael J. O'Malley,** *Defrates v. Hollywood Entm't Corp.,* (June 24, 2005) No. 02 L 707 (Ill. Cir. Ct.):

> [T]his Court hereby finds that the notice program described in the Preliminary Approval Order and completed by HEC complied fully with the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.

**Judge Wilford D. Carter,** *Thibodeaux v. Conoco Phillips Co.,* (May 26, 2005) No. 2003-481 F (14th J.D. Ct. La.):

> Notice given to Class Members…were reasonably calculated under all the circumstances and have been sufficient, both as to the form and content…Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due process and sufficient notice to all potential members of the Class as Defined.

**Judge Michael Canaday,** *Morrow v. Conoco Inc.,* (May 25, 2005) No. 2002-3860 G (14th J.D. Ct. La.):

> The objections, if any, made to due process, constitutionality, procedures, and compliance with law, including, but not limited to, the adequacy of notice and the fairness of the proposed Settlement Agreement, lack merit and are hereby overruled.

**Judge John R. Padova,** *Nichols v. SmithKline Beecham Corp.,* (April 22, 2005) No. 00-6222 (E.D. Pa.):

> Pursuant to the Order dated October 18, 2004, End-Payor Plaintiffs employed Hilsoft Notifications to design

and oversee Notice to the End-Payor Class. Hilsoft Notifications has extensive experience in class action notice situations relating to prescription drugs and cases in which unknown class members need to receive notice…After reviewing the individual mailed Notice, the publication Notices, the PSAs and the informational release, the Court concludes that the substance of the Notice provided to members of the End-Payor Class in this case was adequate to satisfy the concerns of due process and the Federal Rules.

**Judge Douglas Combs, *Morris v. Liberty Mutual Fire Ins. Co.,*** (February 22, 2005) No. CJ-03-714 (D. Okla.):

I am very impressed that the notice was able to reach – be delivered to 97 ½ percent members of the class. That, to me, is admirable. And I'm also – at the time that this was initially entered, I was concerned about the ability of notice to be understood by a common, nonlawyer person, when we talk about legalese in a court setting. In this particular notice, not only the summary notice but even the long form of the notice were easily understandable, for somebody who could read the English language, to tell them whether or not they had the opportunity to file a claim.

**Judge Joseph R. Goodwin, *In re Serzone Products Liability Litigation,*** 231 F.R.D. 221, 231 (S.D. W. Va. 2005):

The Notice Plan was drafted by Hilsoft Notifications, a Pennsylvania firm specializing in designing, developing, analyzing and implementing large-scale, unbiased legal notification plans. Hilsoft has disseminated class action notices in more than 150 cases, and it designed the model notices currently displayed on the Federal Judicial Center's website as a template for others to follow…To enhance consumer exposure, Hilsoft studied the demographics and readership of publications among adults who used a prescription drug for depression in the last twelve months. Consequently, Hilsoft chose to utilize media particularly targeting women due to their greater incidence of depression and heavy usage of the medication.

**Judge Richard G. Stearns, *In re Lupron® Marketing and Sales Practice Litigation,*** (November 24, 2004) MDL No. 1430 (D. Mass.):

After review of the proposed Notice Plan designed by Hilsoft Notifications…is hereby found to be the best practicable notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 the Federal Rules of Civil Procedure and due process.

**Judge Richard G. Stearns, *In re Lupron® Marketing and Sales Practice Litigation,*** (November 23, 2004) MDL No. 1430 (D. Mass.):

I actually find the [notice] plan as proposed to be comprehensive and extremely sophisticated and very likely be as comprehensive as any plan of its kind could be in reaching those most directly affected.

**Judge James S. Moody, Jr., *Mantzouris v. Scarritt Motor Group Inc.,*** (August 10, 2004) No. 8:03 CV- 0015-T-30 MSS (M.D. Fla.):

Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the members of the Class to participate in the Settlement Hearing, or object to the certification of the Class and the Agreement, it is hereby determined that all members of the Class, except for Ms. Gwendolyn Thompson, who was the sole person opting out of the Settlement Agreement, are bound by this Order and Final Judgment entered herein.

**Judge Robert E. Payne, *Fisher v. Virginia Electric & Power Co.,*** (July 1, 2004) No. 3:02CV431 (E.D. Va.)**:**

The record here shows that the class members have been fully and fairly notified of the existence of the class action, of the issues in it, of the approaches taken by each side in it in such a way as to inform meaningfully those whose rights are affected and to thereby enable them to exercise their rights intelligently…The success rate in notifying the class is, I believe, at least in my experience, I share Ms. Kauffman's experience, it is as great as I have ever seen in practicing or serving in this job…So I don't believe we could have had any more effective notice.

**Judge John Kraetzer, *Baiz v. Mountain View Cemetery,*** (April 14, 2004) No. 809869-2 (Cal. Super. Ct.):

The notice program was timely completed, complied with California Government Code section 6064, and

*provided the best practicable notice to all members of the Settlement Class under the circumstances. The Court finds that the notice program provided class members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement so that a full opportunity has been afforded to class members and all other persons wishing to be heard…The Court has determined that the Notice given to potential members of the Settlement Class fully and accurately informed potential Members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all potential members of the Settlement Class, and that it constituted the best practicable notice under the circumstances.*

**Hospitality Mgmt. Assoc., Inc. v. Shell Oil Co.,** 356 S.C. 644, 663, 591 S.E.2d 611, 621 (Sup. Ct. S.C. 2004):

*Clearly, the Cox court designed and utilized various procedural safeguards to guarantee sufficient notice under the circumstances. Pursuant to a limited scope of review, we need go no further in deciding the Cox court's findings that notice met due process are entitled to deference.*

**Judge Joseph R. Goodwin,** *In re Serzone Prods. Liability Litigation,* 2004 U.S. Dist. LEXIS 28297, at *10 (S.D. W. Va.):

*The Court has considered the Notice Plan and proposed forms of Notice and Summary Notice submitted with the Memorandum for Preliminary Approval and finds that the forms and manner of notice proposed by Plaintiffs and approved herein meet the requirements of due process and Fed.R.Civ.P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice.*

**Judge James D. Arnold,** *Cotten v. Ferman Mgmt. Servs. Corp.,* (November 26, 2003) No. 02-08115 (Fla. Cir. Ct.):

*Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the member of the Class to participate in the Settlement Hearing, or object to the certification of the Class and the Agreement…*

**Judge Judith K. Fitzgerald,** *In re Pittsburgh Corning Corp.,* (November 26, 2003) No. 00-22876-JKF (Bankr.W.D. Pa.):

*The procedures and form of notice for notifying the holders of Asbestos PI Trust Claims, as described in the Motion, adequately protect the interests of the holders of Asbestos PI Trust Claims in a manner consistent with the principles of due process, and satisfy the applicable requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.*

**Judge Carter Holly,** *Richison v. American Cemwood Corp.,* (November 18, 2003) No. 005532 (Cal. Super. Ct.):

*As to the forms of Notice, the Court finds and concludes that they fully apprised the Class members of the pendency of the litigation, the terms of the Phase 2 Settlement, and Class members' rights and options…Not a single Class member—out of an estimated 30,000—objected to the terms of the Phase 2 Settlement Agreement, notwithstanding a comprehensive national Notice campaign, via direct mail and publication Notice…The notice was reasonable and the best notice practicable under the circumstances, was due, adequate, and sufficient notice to all Class members, and complied fully with the laws of the State of California, the Code of Civil Procedure, due process, and California Rules of Court 1859 and 1860.*

**Judge Thomas A. Higgins,** *In re Columbia/HCA Healthcare Corp.,* (June 13, 2003) MDL No. 1227 (M.D. Tenn.):

*Notice of the settlement has been given in an adequate and sufficient manner. The notice provided by mailing the settlement notice to certain class members and publishing notice in the manner described in the settlement was the best practicable notice, complying in all respects with the requirements of due process.*

**Judge Harold Baer, Jr.,** *Thompson v. Metropolitan Life Ins. Co.,* 216 F.R.D. 55, 68 (S.D.N.Y. 2003):

*In view of the extensive notice campaign waged by the defendant, the extremely small number of class members objecting or requesting exclusion from the settlement is a clear sign of strong support for the settlement…The notice provides, in language easily understandable to a lay person, the essential terms of the settlement, including the claims asserted…who would be covered by the settlement…[T]he notice campaign that defendant agreed to undertake was extensive…I am satisfied, having reviewed the contents of the notice package, and the extensive steps taken to disseminate notice of the settlement, that the class*

*notice complies with the requirements of Rule 23 (c)(2) and 23(e). In summary, I have reviewed all of the objections, and none persuade me to conclude that the proposed settlement is unfair, inadequate or unreasonable.*

**Judge Edgar E. Bayley,** ***Dimitrios v. CVS, Inc.,*** (November 27, 2002) No. 99-6209; ***Walker v. Rite Aid Corp.,*** No. 99-6210; and ***Myers v. Rite Aid Corp.,*** No. 01-2771 (Pa. Ct. C.P.):

*The Court specifically finds that: fair and adequate notice has been given to the class, which comports with due process of law.*

**Judge Dewey C. Whitenton,** ***Ervin v. Movie Gallery, Inc.,*** (November 22, 2002) No. 13007 (Tenn. Ch.):

*The content of the class notice also satisfied all due process standards and state law requirements…The content of the notice was more than adequate to enable class members to make an informed and intelligent choice about remaining in the class or opting out of the class.*

**Judge James R. Williamson,** ***Kline v. The Progressive Corp.,*** (November 14, 2002) No. 01-L-6 (Ill. Cir. Ct.):

*Notice to the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated. The notice contained the essential elements necessary to satisfy due process…*

**Judge Marina Corodemus,** ***Talalai v. Cooper Tire & Rubber Co.,*** (September 13, 2002) No. L-008830.00 (N.J. Super. Ct.):

*Here, the comprehensive bilingual, English and Spanish, court-approved Notice Plan provided by the terms of the settlement meets due process requirements. The Notice Plan used a variety of methods to reach potential class members. For example, short form notices for print media were placed…throughout the United States and in major national consumer publications which include the most widely read publications among Cooper Tire owner demographic groups.*

**Judge Harold Baer, Jr.,** ***Thompson v. Metropolitan Life Ins. Co.,*** (September 3, 2002) No. 00 Civ. 5071-HB (S.D.N.Y.):

*The Court further finds that the Class Notice and Publication Notice provided in the Settlement Agreement are written in plain English and are readily understandable by Class Members. In sum, the Court finds that the proposed notice texts and methodology are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.*

**Judge Milton Gunn Shuffield,** ***Scott v. Blockbuster Inc.,*** (January 22, 2002) No. D 162-535 (Tex. Jud. Dist. Ct.) ultimately withstood challenge to Court of Appeals of Texas. *Peters v. Blockbuster* 65 S.W.3d 295, 307 (Tex. App.-Beaumont, 2001):

*In order to maximize the efficiency of the notice, a professional concern, Hilsoft Notifications, was retained. This Court concludes that the notice campaign was the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the settlement and afford them an opportunity to present their objections…The notice campaign was highly successful and effective, and it more than satisfied the due process and state law requirements for class notice.*

**Judge Marina Corodemus,** ***Talalai v. Cooper Tire & Rubber Co.,*** (October 30, 2001) No. MID-L-8839-00-MT (N.J. Super. Ct.):

*The parties have crafted a notice program which satisfies due process requirements without reliance on an unreasonably burdensome direct notification process…The form of the notice is reasonably calculated to apprise class members of their rights. The notice program is specifically designed to reach a substantial percentage of the putative settlement class members.*



Case 1:19-md-02875-RMB-SAK ECF Document 2057-5 Filed 05/10/22 Page 66 of 93
Case 2:16-md-02744-DMR-DRG ECF Document 4 filed 12/23/19 PageID.21534 Page 40 of
PageID.670032

**Judge Marina Corodemus,** *Talalai v. Cooper Tire & Rubber Co.,* (October 29, 2001) No. L-8830-00-MT (N.J. Super. Ct.):

> I saw the various bar graphs for the different publications and the different media dissemination, and I think that was actually the clearest bar graph I've ever seen in my life…it was very clear of the time periods that you were doing as to each publication and which media you were doing over what market time, so I think that was very clear.

**Judge Stuart R. Pollak,** *Microsoft I-V Cases,* (April 1, 2001) J.C.C.P. No. CJC-00-004106 (Cal. Super. Ct.):

> [C]oncerning dissemination of class notice; and I have reviewed the materials that have been submitted on that subject and basically I'm satisfied. I think it's amazing if you're really getting 80 percent coverage. That's very reassuring. And the papers that you submitted responded to a couple things that had been mentioned before and I am satisfied with all that.

**Judge Stuart R. Pollak,** *Microsoft I-V Cases,* (March 30, 2001) J.C.C.P. No. 4106 (Cal. Super. Ct.):

> Plaintiffs and Defendant Microsoft Corporation have submitted a joint statement in support of their request that the Court approve the plan for dissemination of class action notice and proposed forms of notice, and amend the class definition. The Court finds that the forms of notice to Class members attached hereto as Exhibits A and B fairly and adequately inform the Class members of their rights concerning this litigation. The Court further finds that the methods for dissemination of notice are the fairest and best practicable under the circumstances, and comport with due process requirements.

**LEGAL NOTICE CASES**

Hilsoft Notifications has served as a notice expert for planning, implementation and/or analysis in the following partial listing of cases:

| | |
|---|---|
| *Andrews v. MCI (900 Number Litigation)* | S.D. Ga., No. CV 191-175 |
| *Harper v. MCI (900 Number Litigation)* | S.D. Ga., No. CV 192-134 |
| *In re Bausch & Lomb Contact Lens Litigation* | N.D. Ala., No. 94-C-1144-WW |
| *In re Ford Motor Co. Vehicle Paint Litigation* | E.D. La., MDL No. 1063 |
| *Castano v. Am. Tobacco* | E.D. La., No. CV 94-1044 |
| *Cox v. Shell Oil (Polybutylene Pipe Litigation)* | Tenn. Ch., No. 18,844 |
| *In re Amino Acid Lysine Antitrust Litigation* | N.D. Ill., MDL No. 1083 |
| *In re Dow Corning Corp. (Breast Implant Bankruptcy)* | E.D. Mich., No. 95-20512-11-AJS |
| *Kunhel v. CNA Ins. Companies* | N.J. Super. Ct., No. ATL-C-0184-94 |
| *In re Factor Concentrate Blood Prods. Litigation (Hemophiliac HIV)* | N.D. Ill., MDL No. 986 |
| *In re Ford Ignition Switch Prods. Liability Litigation* | D. N.J., No. 96-CV-3125 |
| *Jordan v. A.A. Friedman (Non-Filing Ins. Litigation)* | M.D. Ga., No. 95-52-COL |
| *Kalhammer v. First USA (Credit Card Litigation)* | Cal. Cir. Ct., No. C96-45632010-CAL |
| *Navarro-Rice v. First USA (Credit Card Litigation)* | Ore. Cir. Ct., No. 9709-06901 |

| | |
|---|---|
| *Spitzfaden v. Dow Corning (Breast Implant Litigation)* | La. D. Ct., No. 92-2589 |
| *Robinson v. Marine Midland (Finance Charge Litigation)* | N.D. Ill., No. 95 C 5635 |
| *McCurdy v. Norwest Fin. Alabama* | Ala. Cir. Ct., No. CV-95-2601 |
| *Johnson v. Norwest Fin. Alabama* | Ala. Cir. Ct., No. CV-93-PT-962-S |
| *In re Residential Doors Antitrust Litigation* | E.D. Pa., MDL No. 1039 |
| *Barnes v. Am. Tobacco Co. Inc.* | E.D. Pa., No. 96-5903 |
| *Small v. Lorillard Tobacco Co. Inc.* | N.Y. Super. Ct., No. 110949/96 |
| *Naef v. Masonite Corp (Hardboard Siding Litigation)* | Ala. Cir. Ct., No. CV-94-4033 |
| *In re Synthroid Mktg. Litigation* | N.D. Ill., MDL No. 1182 |
| *Raysick v. Quaker State Slick 50 Inc.* | D. Tex., No. 96-12610 |
| *Castillo v. Mike Tyson (Tyson v. Holyfield Bout)* | N.Y. Super. Ct., No. 114044/97 |
| *Avery v. State Farm Auto. Ins. (Non-OEM Auto Parts)* | Ill. Cir. Ct., No. 97-L-114 |
| *Walls v. The Am. Tobacco Co. Inc.* | N.D. Okla., No. 97-CV-218-H |
| *Tempest v. Rainforest Café (Securities Litigation)* | D. Minn., No. 98-CV-608 |
| *Stewart v. Avon Prods. (Securities Litigation)* | E.D. Pa., No. 98-CV-4135 |
| *Goldenberg v. Marriott PLC Corp (Securities Litigation)* | D. Md., No. PJM 95-3461 |
| *Delay v. Hurd Millwork (Building Products Litigation)* | Wash. Super. Ct., No. 97-2-07371-0 |
| *Gutterman v. Am. Airlines (Frequent Flyer Litigation)* | Ill. Cir. Ct., No. 95CH982 |
| *Hoeffner v. The Estate of Alan Kenneth Vieira (Un-scattered Cremated Remains Litigation)* | Cal. Super. Ct., No. 97-AS 02993 |
| *In re Graphite Electrodes Antitrust Litigation* | E.D. Pa., MDL No. 1244 |
| *In re Silicone Gel Breast Implant Prods. Liability Litigation, Altrichter v. INAMED* | N.D. Ala., MDL No. 926 |
| *St. John v. Am. Home Prods. Corp. (Fen/Phen Litigation)* | Wash. Super. Ct., No. 97-2-06368 |
| *Crane v. Hackett Assocs. (Securities Litigation)* | E.D. Pa., No. 98-5504 |
| *In re Holocaust Victims Assets Litigation (Swiss Banks)* | E.D.N.Y., No. CV-96-4849 |
| *McCall v. John Hancock (Settlement Death Benefits)* | N.M. Cir. Ct., No. CV-2000-2818 |
| *Williams v. Weyerhaeuser Co. (Hardboard Siding Litigation)* | Cal. Super. Ct., No. CV-995787 |
| *Kapustin v. YBM Magnex Int'l Inc. (Securities Litigation)* | E.D. Pa., No. 98-CV-6599 |
| *Leff v. YBM Magnex Int'l Inc. (Securities Litigation)* | E.D. Pa., No. 95-CV-89 |

Case 1:19-md-02875-RMB-SAK   ECF Document 2057-5   Filed 05/10/22   Page 68 of 93
Case 2:16-md-02744-DMG-DRG   ECF No. 99-4   Filed 12/23/19   PageID.21586   Page 42 of
PageID.670034

| | |
|---|---|
| *In re PRK/LASIK Consumer Litigation* | Cal. Super. Ct., No. CV-772894 |
| *Hill v. Galaxy Cablevision* | N.D. Miss., No. 1:98CV51-D-D |
| *Scott v. Am. Tobacco Co. Inc.* | La. D. Ct., No. 96-8461 |
| *Jacobs v. Winthrop Financial Associates (Securities Litigation)* | D. Mass., No. 99-CV-11363 |
| *Int'l Comm'n on Holocaust Era Ins. Claims – Worldwide Outreach Program* | Former Secretary of State Lawrence Eagleburger Commission |
| *Bownes v. First USA Bank (Credit Card Litigation)* | Ala. Cir. Ct., No. CV-99-2479-PR |
| *Whetman v. IKON (ERISA Litigation)* | E.D. Pa., No. 00-87 |
| *Mangone v. First USA Bank (Credit Card Litigation)* | Ill. Cir. Ct., No. 99AR672a |
| *In re Babcock and Wilcox Co. (Asbestos Related Bankruptcy)* | E.D. La., No. 00-10992 |
| *Barbanti v. W.R. Grace and Co. (Zonolite / Asbestos Litigation)* | Wash. Super. Ct., No. 00201756-6 |
| *Brown v. Am. Tobacco* | Cal. Super. Ct., No. J.C.C.P. 4042, 711400 |
| *Wilson v. Servier Canada Inc. (Canadian Fen/Phen Litigation)* | Ont. Super. Ct., No. 98-CV-158832 |
| *In re Texaco Inc. (Bankruptcy)* | S.D.N.Y. No. 87 B 20142, No. 87 B 20143, No. 87 B 20144 |
| *Olinde v. Texaco (Bankruptcy, Oil Lease Litigation)* | M.D. La., No. 96-390 |
| *Gustafson v. Bridgestone/Firestone, Inc. (Recall Related Litigation)* | S.D. Ill., No. 00-612-DRH |
| *In re Bridgestone/Firestone Tires Prods. Liability Litigation* | S.D. Ind., MDL No. 1373 |
| *Gaynoe v. First Union Corp. (Credit Card Litigation)* | N.C. Super. Ct., No. 97-CVS-16536 |
| *Carson v. Daimler Chrysler Corp. (Fuel O-Rings Litigation)* | W.D. Tenn., No. 99-2896 TU A |
| *Providian Credit Card Cases* | Cal. Super. Ct., No. J.C.C.P. 4085 |
| *Fields v. Great Spring Waters of Am., Inc. (Bottled Water Litigation)* | Cal. Super. Ct., No. 302774 |
| *Sanders v. Great Spring Waters of Am., Inc. (Bottled Water Litigation)* | Cal. Super. Ct., No. 303549 |
| *Sims v. Allstate Ins. Co. (Diminished Auto Value Litigation)* | Ill. Cir. Ct., No. 99-L-393A |
| *Peterson v. State Farm Mutual Auto. Ins. Co. (Diminished Auto Value Litigation)* | Ill. Cir. Ct., No. 99-L-394A |
| *Microsoft I-V Cases (Antitrust Litigation Mirroring Justice Dept.)* | Cal. Super. Ct., No. J.C.C.P. 4106 |
| *Westman v. Rogers Family Funeral Home, Inc. (Remains Handling Litigation)* | Cal. Super. Ct., No. C-98-03165 |

| | |
|---|---|
| *Rogers v. Clark Equipment Co.* | Ill. Cir. Ct., No. 97-L-20 |
| *Garrett v. Hurley State Bank (Credit Card Litigation)* | Miss. Cir. Ct., No. 99-0337 |
| *Ragoonanan v. Imperial Tobacco Ltd. (Firesafe Cigarette Litigation)* | Ont. Super. Ct., No. 00-CV-183165 CP |
| *Dietschi v. Am. Home Prods. Corp. (PPA Litigation)* | W.D. Wash., No. C01-0306L |
| *Dimitrios v. CVS, Inc. (PA Act 6 Litigation)* | Pa. C.P., No. 99-6209 |
| *Jones v. Hewlett-Packard Co. (Inkjet Cartridge Litigation)* | Cal. Super. Ct., No. 302887 |
| *In re Tobacco Cases II (California Tobacco Litigation)* | Cal. Super. Ct., No. J.C.C.P. 4042 |
| *Scott v. Blockbuster, Inc. (Extended Viewing Fees Litigation)* | 136th Tex. Jud. Dist., No. D 162-535 |
| *Anesthesia Care Assocs. v. Blue Cross of Cal.* | Cal. Super. Ct., No. 986677 |
| *Ting v. AT&T (Mandatory Arbitration Litigation)* | N.D. Cal., No. C-01-2969-BZ |
| *In re W.R. Grace & Co. (Asbestos Related Bankruptcy)* | Bankr. D. Del., No. 01-01139-JJF |
| *Talalai v. Cooper Tire & Rubber Co. (Tire Layer Adhesion Litigation)* | N.J. Super. Ct.,, No. MID-L-8839-00 MT |
| *Kent v. Daimler Chrysler Corp. (Jeep Grand Cherokee Park-to-Reverse Litigation)* | N.D. Cal., No. C01-3293-JCS |
| *Int'l Org. of Migration – German Forced Labour Compensation Programme* | Geneva, Switzerland |
| *Madsen v. Prudential Federal Savings & Loan (Homeowner's Loan Account Litigation)* | 3rd Jud. Dist. Ct. Utah, No. C79-8404 |
| *Bryant v. Wyndham Int'l., Inc. (Energy Surcharge Litigation)* | Cal. Super. Ct., No. GIC 765441, No. GIC 777547 |
| *In re USG Corp. (Asbestos Related Bankruptcy)* | Bankr. D. Del., No. 01-02094-RJN |
| *Thompson v. Metropolitan Life Ins. Co. (Race Related Sales Practices Litigation)* | S.D.N.Y., No. 00-CIV-5071 HB |
| *Ervin v. Movie Gallery Inc. (Extended Viewing Fees)* | Tenn. Ch., No. CV-13007 |
| *Peters v. First Union Direct Bank (Credit Card Litigation)* | M.D. Fla., No. 8:01-CV-958-T-26 TBM |
| *National Socialist Era Compensation Fund* | Republic of Austria |
| *In re Baycol Litigation* | D. Minn., MDL No. 1431 |
| *Claims Conference–Jewish Slave Labour Outreach Program* | German Government Initiative |
| *Wells v. Chevy Chase Bank (Credit Card Litigation)* | Md. Cir. Ct., No. C-99-000202 |
| *Walker v. Rite Aid of PA, Inc. (PA Act 6 Litigation)* | C.P. Pa., No. 99-6210 |
| *Myers v. Rite Aid of PA, Inc. (PA Act 6 Litigation)* | C.P. Pa., No. 01-2771 |
| *In re PA Diet Drugs Litigation* | C.P. Pa., No. 9709-3162 |

| *Harp v. Qwest Communications (Mandatory Arbitration Lit.)* | Ore. Circ. Ct., No. 0110-10986 |
| *Tuck v. Whirlpool Corp. & Sears, Roebuck & Co. (Microwave Recall Litigation)* | Ind. Cir. Ct., No. 49C01-0111-CP-002701 |
| *Allison v. AT&T Corp. (Mandatory Arbitration Litigation)* | 1st Jud. D.C. N.M., No. D-0101-CV-20020041 |
| *Kline v. The Progressive Corp.* | Ill. Cir. Ct., No. 01-L-6 |
| *Baker v. Jewel Food Stores, Inc. & Dominick's Finer Foods, Inc. (Milk Price Fixing)* | Ill. Cir. Ct., No. 00-L-9664 |
| *In re Columbia/HCA Healthcare Corp. (Billing Practices Litigation)* | M.D. Tenn., MDL No. 1227 |
| *Foultz v. Erie Ins. Exchange (Auto Parts Litigation)* | C.P. Pa., No. 000203053 |
| *Soders v. General Motors Corp. (Marketing Initiative Litigation)* | C.P. Pa., No. CI-00-04255 |
| *Nature Guard Cement Roofing Shingles Cases* | Cal. Super. Ct., No. J.C.C.P. 4215 |
| *Curtis v. Hollywood Entm't Corp. (Additional Rental Charges)* | Wash. Super. Ct., No. 01-2-36007-8 SEA |
| *Defrates v. Hollywood Entm't Corp.* | Ill. Cir. Ct., No. 02L707 |
| *Pease v. Jasper Wyman & Son, Merrill Blueberry Farms Inc., Allen's Blueberry Freezer Inc. & Cherryfield Foods Inc.* | Me. Super. Ct., No. CV-00-015 |
| *West v. G&H Seed Co. (Crawfish Farmers Litigation)* | 27th Jud. D. Ct. La., No. 99-C-4984-A |
| *Linn v. Roto-Rooter Inc. (Miscellaneous Supplies Charge)* | C.P. Ohio, No. CV-467403 |
| *McManus v. Fleetwood Enter., Inc. (RV Brake Litigation)* | D. Ct. Tex., No. SA-99-CA-464-FB |
| *Baiz v. Mountain View Cemetery (Burial Practices)* | Cal. Super. Ct., No. 809869-2 |
| *Stetser v. TAP Pharm. Prods, Inc. & Abbott Laboratories (Lupron Price Litigation)* | N.C. Super. Ct., No. 01-CVS-5268 |
| *Richison v. Am. Cemwood Corp. (Roofing Durability Settlement)* | Cal. Super. Ct., No. 005532 |
| *Cotten v. Ferman Mgmt. Servs. Corp.* | 13th Jud. Cir. Fla., No. 02-08115 |
| *In re Pittsburgh Corning Corp. (Asbestos Related Bankruptcy)* | Bankr. W.D. Pa., No. 00-22876-JKF |
| *Mostajo v. Coast Nat'l Ins. Co.* | Cal. Super. Ct., No. 00 CC 15165 |
| *Friedman v. Microsoft Corp. (Antitrust Litigation)* | Ariz. Super. Ct., No. CV 2000-000722 |
| *Multinational Outreach - East Germany Property Claims* | Claims Conference |
| *Davis v. Am. Home Prods. Corp. (Norplant Contraceptive Litigation)* | D. La., No. 94-11684 |
| *Walker v. Tap Pharmaceutical Prods., Inc. (Lupron Price Litigation)* | N.J. Super. Ct., No. CV CPM-L-682-01 |
| *Munsey v. Cox Communications (Late Fee Litigation)* | Civ. D. La., No. Sec. 9, 97 19571 |

| | |
|---|---|
| *Gordon v. Microsoft Corp. (Antitrust Litigation)* | 4th Jud. D. Ct. Minn., No. 00-5994 |
| *Clark v. Tap Pharmaceutical Prods., Inc.* | 5th Dist. App. Ct. Ill., No. 5-02-0316 |
| *Fisher v. Virginia Electric & Power Co.* | E.D. Va., No. 3:02-CV-431 |
| *Mantzouris v. Scarritt Motor Group, Inc.* | M.D. Fla., No. 8:03-CV-0015-T-30-MSS |
| *Johnson v. Ethicon, Inc. (Product Liability Litigation)* | W. Va. Cir. Ct., No. 01-C-1530, 1531, 1533, No. 01-C-2491 to 2500 |
| *Schlink v. Edina Realty Title* | 4th Jud. D. Ct. Minn., No. 02-018380 |
| *Tawney v. Columbia Natural Res. (Oil & Gas Lease Litigation)* | W. Va. Cir. Ct., No. 03-C-10E |
| *White v. Washington Mutual, Inc. (Pre-Payment Penalty Litigation)* | 4th Jud. D. Ct. Minn., No. CT 03-1282 |
| *Acacia Media Techs. Corp. v. Cybernet Ventures Inc., (Patent Infringement Litigation)* | C.D. Cal., No. SACV03-1803 GLT (Anx) |
| *Bardessono v. Ford Motor Co. (15 Passenger Vans)* | Wash. Super. Ct., No. 32494 |
| *Gardner v. Stimson Lumber Co. (Forestex Siding Litigation)* | Wash. Super. Ct., No. 00-2-17633-3SEA |
| *Poor v. Sprint Corp. (Fiber Optic Cable Litigation)* | Ill. Cir. Ct., No. 99-L-421 |
| *Thibodeau v. Comcast Corp.* | E.D. Pa., No. 04-CV-1777 |
| *Cazenave v. Sheriff Charles C. Foti (Strip Search Litigation)* | E.D. La., No. 00-CV-1246 |
| *National Assoc. of Police Orgs., Inc. v. Second Chance Body Armor, Inc. (Bullet Proof Vest Litigation)* | Mich. Cir. Ct., No. 04-8018-NP |
| *Nichols v. SmithKline Beecham Corp. (Paxil)* | E.D. Pa., No. 00-6222 |
| *Yacout v. Federal Pacific Electric Co. (Circuit Breaker)* | N.J. Super. Ct., No. MID-L-2904-97 |
| *Lewis v. Bayer AG (Baycol)* | 1st Jud. Dist. Ct. Pa., No. 002353 |
| *In re Educ. Testing Serv. PLT 7-12 Test Scoring Litigation* | E.D. La., MDL No. 1643 |
| *Stefanyshyn v. Consol. Indus. Corp. (Heat Exchanger)* | Ind. Super. Ct., No. 79 D 01-9712-CT-59 |
| *Barnett v. Wal-Mart Stores, Inc.* | Wash. Super. Ct., No. 01-2-24553-8 SEA |
| *In re Serzone Prods. Liability Litigation* | S.D. W. Va., MDL No. 1477 |
| *Ford Explorer Cases* | Cal. Super. Ct., No. J.C.C.P. 4226 & 4270 |
| *In re Solutia Inc. (Bankruptcy)* | S.D.N.Y., No. 03-17949-PCB |
| *In re Lupron Marketing & Sales Practices Litigation* | D. Mass., MDL No. 1430 |
| *Morris v. Liberty Mutual Fire Ins. Co.* | D. Okla., No. CJ-03-714 |
| *Bowling, et al. v. Pfizer Inc. (Bjork-Shiley Convexo-Concave Heart Valve)* | S.D. Ohio, No. C-1-91-256 |



Case 1:19-md-02875-RMB-SAK Document 2057-5 Filed 05/10/22 Page 72 of 93
Case 2:16-md-02744-DMR-DRG ECF No. 997-4 filed 12/23/19 PageID.21540 Page 46 of
PageID.670038

| | |
|---|---|
| *Thibodeaux v. Conoco Philips Co.* | D. La., No. 2003-481 |
| *Morrow v. Conoco Inc.* | D. La., No. 2002-3860 |
| *Tobacco Farmer Transition Program* | U.S. Dept. of Agric. |
| *Perry v. Mastercard Int'l Inc.* | Ariz. Super. Ct., No. CV2003-007154 |
| *Brown v. Credit Suisse First Boston Corp.* | C.D. La., No. 02-13738 |
| *In re Unum Provident Corp.* | D. Tenn., No. 1:03-CV-1000 |
| *In re Ephedra Prods. Liability Litigation* | D.N.Y., MDL No. 1598 |
| *Chesnut v. Progressive Casualty Ins. Co.* | Ohio C.P., No. 460971 |
| *Froeber v. Liberty Mutual Fire Ins. Co.* | Ore. Cir. Ct., No. 00C15234 |
| *Luikart v. Wyeth Am. Home Prods. (Hormone Replacement)* | W. Va. Cir. Ct., No. 04-C-127 |
| *Salkin v. MasterCard Int'l Inc. (Pennsylvania)* | Pa. C.P., No. 2648 |
| *Rolnik v. AT&T Wireless Servs., Inc.* | N.J. Super. Ct., No. L-180-04 |
| *Singleton v. Hornell Brewing Co. Inc. (Arizona Ice Tea)* | Cal. Super. Ct., BC No. 288 754 |
| *Becherer v. Qwest Commc'ns Int'l, Inc.* | Ill. Cir. Ct., No. 02-L140 |
| *Clearview Imaging v. Progressive Consumers Ins. Co.* | Fla. Cir. Ct., No. 03-4174 |
| *Mehl v. Canadian Pacific Railway, Ltd* | D.N.D., No. A4-02-009 |
| *Murray v. IndyMac Bank. F.S.B* | N.D. Ill., No. 04 C 7669 |
| *Gray v. New Hampshire Indemnity Co., Inc.* | Ark. Cir. Ct., No. CV-2002-952-2-3 |
| *George v. Ford Motor Co.* | M.D. Tenn., No. 3:04-0783 |
| *Allen v. Monsanto Co.* | W. Va. Cir. Ct., No. 041465 |
| *Carter v. Monsanto Co.* | W. Va. Cir. Ct., No. 00-C-300 |
| *Carnegie v. Household Int'l, Inc.* | N. D. Ill., No. 98-C-2178 |
| *Daniel v. AON Corp.* | Ill. Cir. Ct., No. 99 CH 11893 |
| *In re Royal Ahold Securities and "ERISA" Litigation* | D. Md., MDL No. 1539 |
| *In re Pharmaceutical Industry Average Wholesale Price Litigation* | D. Mass., MDL No. 1456 |
| *Meckstroth v. Toyota Motor Sales, U.S.A., Inc.* | 24th Jud. D. Ct. La., No. 583-318 |
| *Walton v. Ford Motor Co.* | Cal. Super. Ct., No. SCVSS 126737 |
| *Hill v. State Farm Mutual Auto Ins. Co.* | Cal. Super. Ct., BC No. 194491 |

| First State Orthopaedics et al. v. Concentra, Inc., et al. | E.D. Pa. No. 2:05-CV-04951-AB |
| --- | --- |
| Sauro v. Murphy Oil USA, Inc. | E.D. La., No. 05-4427 |
| In re High Sulfur Content Gasoline Prods. Liability Litigation | E.D. La., MDL 1632 |
| Homeless Shelter Compensation Program | City of New York |
| Rosenberg v. Academy Collection Service, Inc. | E.D. Pa., No. 04-CV-5585 |
| Chapman v. Butler & Hosch, P.A. | 2nd Jud. Cir. Fla., No. 2000-2879 |
| In re Vivendi Universal, S.A. Securities Litigation | S.D.N.Y., No. 02-CIV-5571 RJH |
| Desportes v. American General Assurance Co. | Ga. Super. Ct., No. SU-04-CV-3637 |
| In re: Propulsid Products Liability Litigation | E.D. La., MDL No. 1355 |
| Baxter v. The Attorney General of Canada (In re Residential Schools Class Action Litigation) | Ont. Super. Ct., No. 00-CV-192059 CP |
| McNall v. Mastercard Int'l, Inc. (Currency Conversion Fees) | 13th Tenn. Jud. Dist. Ct., No. CT-002506-03 |
| Lee v. Allstate | Ill. Cir. Ct., No. 03 LK 127 |
| Turner v. Murphy Oil USA, Inc. | E.D. La., No. 2:05-CV-04206-EEF-JCW |
| Carter v. North Central Life Ins. Co. | Ga. Super. Ct., No. SU-2006-CV-3764-6 |
| Harper v. Equifax | E.D. Pa., No. 2:04-CV-03584-TON |
| Beasley v. Hartford Insurance Co. of the Midwest | Ark. Cir. Ct., No. CV-2005-58-1 |
| Springer v. Biomedical Tissue Services, LTD (Human Tissue Litigation) | Ind. Cir. Ct., No. 1:06-CV-00332-SEB-VSS |
| Spence v. Microsoft Corp. (Antitrust Litigation) | Wis. Cir. Ct., No. 00-CV-003042 |
| Pennington v. The Coca Cola Co. (Diet Coke) | Mo. Cir. Ct., No. 04-CV-208580 |
| Sunderman v. Regeneration Technologies, Inc. (Human Tissue Litigation) | S.D. Ohio, No. 1:06-CV-075-MHW |
| Splater v. Thermal Ease Hydronic Systems, Inc. | Wash. Super. Ct., No. 03-2-33553-3-SEA |
| Peyroux v. The United States of America (New Orleans Levee Breech) | E.D. La., No. 06-2317 |
| Chambers v. DaimlerChrysler Corp. (Neon Head Gaskets) | N.C. Super. Ct., No. 01:CVS-1555 |
| Ciabattari v. Toyota Motor Sales, U.S.A., Inc. (Sienna Run Flat Tires) | N.D. Cal., No. C-05-04289-BZ |
| In re Bridgestone Securities Litigation | M.D. Tenn., No. 3:01-CV-0017 |
| In re Mutual Funds Investment Litigation (Market Timing) | D. Md., MDL No. 1586 |
| Accounting Outsourcing v. Verizon Wireless | M.D. La., No. 03-CV-161 |

| Hensley v. Computer Sciences Corp. | Ark. Cir. Ct., No. CV-2005-59-3 |
| Peek v. Microsoft Corporation | Ark. Cir. Ct., No. CV-2006-2612 |
| Reynolds v. The Hartford Financial Services Group, Inc. | D. Or., No. CV-01-1529 BR |
| Schwab v. Philip Morris USA, Inc. | E.D.N.Y., No. CV-04-1945 |
| Zarebski v. Hartford Insurance Co. of the Midwest | Ark. Cir. Ct., No. CV-2006-409-3 |
| In re Parmalat Securities Litigation | S.D.N.Y., MDL No. 1653 (LAK) |
| Beasley v. The Reliable Life Insurance Co. | Ark. Cir. Ct., No. CV-2005-58-1 |
| Sweeten v. American Empire Insurance Company | Ark. Cir. Ct., No. 2007-154-3 |
| Govt. Employees Hospital Assoc. v. Serono Int., S.A. | D. Mass., No. 06-CA-10613-PBS |
| Gunderson v. Focus Healthcare Management, Inc. | 14th Jud. D. Ct. La., No. 2004-2417-D |
| Gunderson v. F.A. Richard & Associates, Inc., et al. | 14th Jud. D. Ct. La., No. 2004-2417-D |
| Perez v. Manor Care of Carrollwood | 13th Jud. Cir. Fla., No. 06-00574-E |
| Pope v. Manor Care of Carrollwood | 13th Jud. Cir. Fla., No. 06-01451-B |
| West v. Carfax, Inc. | Ohio C.P., No. 04-CV-1898 (ADL) |
| Hunsucker v. American Standard Ins. Co. of Wisconsin | Ark. Cir. Ct., No. CV-2007-155-3 |
| In re Conagra Peanut Butter Products Liability Litigation | N.D. Ga., MDL No. 1845 (TWT) |
| The People of the State of CA v. Universal Life Resources (Cal DOI v. CIGNA) | Cal. Super. Ct., No. GIC838913 |
| Burgess v. Farmers Insurance Co., Inc. | D. Okla., No. CJ-2001-292 |
| Grays Harbor v. Carrier Corporation | W.D. Wash., No. 05-05437-RBL |
| Perrine v. E.I. Du Pont De Nemours & Co. | W. Va. Cir. Ct., No. 04-C-296-2 |
| In re Alstom SA Securities Litigation | S.D.N.Y., No. 03-CV-6595 VM |
| Brookshire Bros. v. Chiquita (Antitrust) | S.D. Fla., No. 05-CIV-21962 |
| Hoorman v. SmithKline Beecham | Ill. Cir. Ct., No. 04-L-715 |
| Santos v. Government of Guam (Earned Income Tax Credit) | D. Guam, No. 04-00049 |
| Johnson v. Progressive | Ark. Cir. Ct., No. CV-2003-513 |
| Bond v. American Family Insurance Co. | D. Ariz., No. CV06-01249-PXH-DGC |
| In re SCOR Holding (Switzerland) AG Litigation (Securities) | S.D.N.Y., No. 04-cv-7897 |
| Shoukry v. Fisher-Price, Inc. (Toy Safety) | S.D.N.Y., No. 07-cv-7182 |

| In re: Guidant Corp. Plantable Defibrillators Prod's Liab. Litigation | D. Minn., MDL No. 1708 |
|---|---|
| Clark v. Pfizer, Inc. (Neurontin) | C.P. Pa., No. 9709-3162 |
| Angel v. U.S. Tire Recovery (Tire Fire) | W. Va. Cir. Ct., No. 06-C-855 |
| In re TJX Companies Retail Security Breach Litigation | D. Mass., MDL No. 1838 |
| Webb v. Liberty Mutual Insurance Co. | Ark. Cir. Ct., No. CV-2007-418-3 |
| Shaffer v. Continental Casualty Co. (Long Term Care Ins.) | C.D. Cal., No. SACV06-2235-PSG |
| Palace v. DaimlerChrysler (Defective Neon Head Gaskets) | Ill. Cir. Ct., No. 01-CH-13168 |
| Lockwood v. Certegy Check Services, Inc. (Stolen Financial Data) | M.D. Fla., No. 8:07-cv-1434-T-23TGW |
| Sherrill v. Progressive Northwestern Ins. Co. | 18th D. Ct. Mont., No. DV-03-220 |
| Gunderson v. F.A. Richard & Assocs., Inc. (AIG) | 14th Jud. D. Ct. La., No. 2004-2417-D |
| Jones v. Dominion Resources Services, Inc. | S.D. W. Va., No. 2:06-cv-00671 |
| Gunderson v. F.A. Richard & Assocs., Inc. (Wal-Mart) | 14th Jud. D. Ct. La., No. 2004-2417-D |
| In re Trans Union Corp. Privacy Litigation | N.D. Ill., MDL No. 1350 |
| Gudo v. The Administrator of the Tulane Ed. Fund | La. D. Ct., No. 2007-C-1959 |
| Guidry v. American Public Life Insurance Co. | 14th Jud. D. Ct. La., No. 2008-3465 |
| McGee v. Continental Tire North America | D.N.J., No. 2:06-CV-06234 (GEB) |
| Sims v. Rosedale Cemetery Co. | W. Va. Cir. Ct., No. 03-C-506 |
| Gunderson v. F.A. Richard & Assocs., Inc. (Amerisafe) | 14th Jud. D. Ct. La., No. 2004-002417 |
| In re Katrina Canal Breaches Consolidated Litigation | E.D. La., No. 05-4182 |
| In re Department of Veterans Affairs (VA) Data Theft Litigation | D.D.C., MDL No. 1796 |
| Dolen v. ABN AMRO Bank N.V. (Callable CD's) | Ill. Cir. Ct., No. 01-L-454 and No. 01-L-493 |
| Pavlov v. CNA (Long Term Care Insurance) | N.D. Ohio, No. 5:07cv2580 |
| Steele v. Pergo( Flooring Products) | D. Or., No. 07-CV-01493-BR |
| Opelousas Trust Authority v. Summit Consulting | 27th Jud. D. Ct. La., No. 07-C-3737-B |
| Little v. Kia Motors America, Inc. (Braking Systems) | N.J. Super. Ct., No. UNN-L-0800-01 |
| Boone v. City of Philadelphia (Prisoner Strip Search) | E.D. Pa., No. 05-CV-1851 |
| In re Countrywide Customer Data Breach Litigation | W.D. Ky., MDL No.1998 |

| *Miller v. Basic Research (Weight-loss Supplement)* | D. Utah, No. 2:07-cv-00871-TS |
| *Gunderson v. F.A. Richard & Assocs., Inc. (Cambridge)* | 14th Jud. D. Ct. La., No. 2004-002417 |
| *Weiner v. Snapple Beverage Corporation* | S.D.N.Y., No. 07-CV-08742 |
| *Holk v. Snapple Beverage Corporation* | D.N.J., No. 3:07-CV-03018-MJC-JJH |
| *Coyle v. Hornell Brewing Co. (Arizona Iced Tea)* | D.N.J., No. 08-CV-2797-JBS-JS |
| *In re Heartland Data Security Breach Litigation* | S.D. Tex., MDL No. 2046 |
| *Satterfield v. Simon & Schuster, Inc. (Text Messaging)* | N.D. Cal., No. 06-CV-2893 CW |
| *Schulte v. Fifth Third Bank (Overdraft Fees)* | N.D. Ill., No. 1:09-CV-06655 |
| *Trombley v. National City Bank (Overdraft Fees)* | D.D.C., No. 1:10-CV-00232 as part of MDL 2036 (S.D. Fla.) |
| *Vereen v. Lowe's Home Centers (Defective Drywall)* | Ga. Super. Ct., No. SU10-CV-2267B |
| *Mathena v. Webster Bank, N.A. (Overdraft Fees)* | D. Conn, No. 3:10-cv-01448 as part MDL 2036 (S.D. Fla.) |
| *Delandro v. County of Allegheny (Prisoner Strip Search)* | W.D. Pa., No. 2:06-cv-00927 |
| *Gunderson v. F.A. Richard & Assocs., Inc. (First Health)* | 14th Jud. D. Ct. La., No. 2004-002417 |
| *Williams v. Hammerman & Gainer, Inc. (Hammerman)* | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Williams v. Hammerman & Gainer, Inc. (Risk Management)* | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Williams v. Hammerman & Gainer, Inc. (SIF Consultants)* | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Gwiazdowski v. County of Chester (Prisoner Strip Search)* | E.D. Pa., No. 2:08cv4463 |
| *Williams v. S.I.F. Consultants (CorVel Corporation)* | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| *Sachar v. Iberiabank Corporation (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *LaCour v. Whitney Bank (Overdraft Fees)* | M.D. Fla., No. 8:11cv1896 |
| *Lawson v. BancorpSouth (Overdraft Fees)* | W.D. Ark., No. 1:12cv1016 |
| *McKinley v. Great Western Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Wolfgeher v. Commerce Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Harris v. Associated Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Case v. Bank of Oklahoma (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Nelson v. Rabobank, N.A. (Overdraft Fees)* | Cal. Super. Ct., No. RIC 1101391 |
| *Fontaine v. Attorney General of Canada (Stirland Lake and Cristal Lake Residential Schools)* | Ont. Super. Ct., No. 00-CV-192059 CP |
| *Opelousas General Hospital Authority v. FairPay Solutions* | 27th Jud. D. Ct. La., No. 12-C-1599-C |

Case 1:19-md-02875-RMB-SAK ECF Document 2057-1 Filed 05/10/22 Page 77 of 98
Case 2:16-md-02744-DMR-DRG ECF No. 4 Filed 12/23/19 PageID.21549 Page 91 of
PageID.3670043

| Marolda v. Symantec Corporation (Software Upgrades) | N.D. Cal., No. 3:08-cv-05701 |
|---|---|
| In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010—Economic and Property Damages Settlement | E.D. La., MDL No. 2179 |
| In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010—Medical Benefits Settlement | E.D. La., MDL No. 2179 |
| Vodanovich v. Boh Brothers Construction (Hurricane Katrina Levee Breaches) | E.D. La., No. 05-cv-4191 |
| Gessele et al. v. Jack in the Box, Inc. | D. Or., No. 3:10-cv-960 |
| RBS v. Citizens Financial Group, Inc. (Overdraft Fees) | S.D. Fla., MDL No. 2036 |
| Mosser v. TD Bank, N.A. (Overdraft Fees) | S.D. Fla., MDL No. 2036 |
| In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation (Mastercard & Visa) – 2013 & 2019 Notice Programs | E.D.N.Y., MDL No. 1720 |
| Saltzman v. Pella Corporation (Building Products) | N.D. Ill., No. 06-cv-4481 |
| In re Zurn Pex Plumbing, Products Liability Litigation | D. Minn., MDL No. 1958 |
| Blahut v. Harris, N.A. (Overdraft Fees) | S.D. Fla., MDL No. 2036 |
| Eno v. M & I Marshall & Ilsley Bank (Overdraft Fees) | S.D. Fla., MDL No. 2036 |
| Casayuran v. PNC Bank (Overdraft Fees) | S.D. Fla., MDL No. 2036 |
| Anderson v. Compass Bank (Overdraft Fees) | S.D. Fla., MDL No. 2036 |
| Evans, et al. v. TIN, Inc. (Environmental) | E.D. La. No. 2:11-cv-02067 |
| Opelousas General Hospital Authority v. Qmedtrix Systems, Inc. | 27th Jud. D. Ct. La., No. 12-C-1599-C |
| Williams v. SIF Consultants of Louisiana, Inc. et al. | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| Miner v. Philip Morris Companies, Inc. et al. | Ark. Cir. Ct., No. 60CV03-4661 |
| Fontaine v. Attorney General of Canada (Mistassini Hostels Residential Schools) | Qué. Super. Ct., No. 500-06-000293-056 & No. 550-06-000021-056 (Hull) |
| Glube et al. v. Pella Corporation et al. (Building Products) | Ont. Super. Ct., No. CV-11-4322294-00CP |
| Yarger v. ING Bank | D. Del., No. 11-154-LPS |
| Price v. BP Products North America | N.D. Ill, No. 12-cv-06799 |
| National Trucking Financial Reclamation Services, LLC et al. v. Pilot Corporation et al. | E.D. Ark., No. 4:13-cv-00250-JMM |
| Johnson v. Community Bank, N.A. et al. (Overdraft Fees) | M.D. Pa., No. 3:12-cv-01405-RDM |
| Rose v. Bank of America Corporation, et al. (TCPA) | N.D. Cal., No. 11-cv-02390-EJD |
| McGann, et al., v. Schnuck Markets, Inc. (Data Breach) | Mo. Cir. Ct., No. 1322-CC00800 |

| | |
|---|---|
| *Simmons v. Comerica Bank, N.A. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *George Raymond Williams, M.D., Orthopedic Surgery, a Professional Medical, LLC, et al. v. Bestcomp, Inc., et al.* | 27th Jud. D. Ct. La., No. 09-C-5242-B |
| *Simpson v. Citizens Bank (Overdraft Fees)* | E.D. Mich, No. 2:12-cv-10267 |
| *In re Plasma-Derivative Protein Therapies Antitrust Litigation* | N.D. Ill, No. 09-CV-7666 |
| *In re Dow Corning Corporation (Breast Implants)* | E.D. Mich., No. 00-X-0005 |
| *Mello et al v. Susquehanna Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Wong et al. v. Alacer Corp. (Emergen-C)* | Cal. Super. Ct., No. CGC-12-519221 |
| *In re American Express Anti-Steering Rules Antitrust Litigation (II) (Italian Colors Restaurant)* | E.D.N.Y., 11-MD-2221, MDL No. 2221 |
| *Costello v. NBT Bank (Overdraft Fees)* | Sup. Ct. Del Cnty., N.Y., No. 2011-1037 |
| *Gulbankian et al. v. MW Manufacturers, Inc.* | D. Mass., No. 10-CV-10392 |
| *Hawthorne v. Umpqua Bank (Overdraft Fees)* | N.D. Cal., No. 11-cv-06700-JST |
| *Smith v. City of New Orleans* | Civil D. Ct., Parish of Orleans, La., No. 2005-05453 |
| *Adkins et al. v. Nestlé Purina PetCare Company et al.* | N.D. Ill., No. 1:12-cv-02871 |
| *Scharfstein v. BP West Coast Products, LLC* | Ore. Cir., County of Multnomah, No. 1112-17046 |
| *Given v. Manufacturers and Traders Trust Company a/k/a M&T Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *In re MI Windows and Doors Products Liability Litigation (Building Products)* | D. S.C., MDL No. 2333 |
| *Childs et al. v. Synovus Bank, et al. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Steen v. Capital One, N.A. (Overdraft Fees)* | E.D. La., No. 2:10-cv-01505-JCZ-KWR as part of S.D. Fla., MDL No. 2036 |
| *Kota of Sarasota, Inc. v. Waste Management Inc. of Florida* | 12th Jud. Cir. Ct., Sarasota Cnty, Fla., No. 2011-CA-008020NC |
| *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010—Economic and Property Damages Settlement (Claim Deadline Notice)* | E.D. La., MDL No. 2179 |
| *Dorothy Williams d/b/a Dot's Restaurant v. Waste Away Group, Inc.* | Cir. Ct., Lawrence Cnty, Ala., No. 42-cv-2012- 900001.00 |
| *In re: Energy Future Holdings Corp., et al. (Asbestos Claims Bar Notice)* | Bankr. D. Del., No. 14-10979(CSS) |
| *Gattinella v. Michael Kors (USA), Inc., et al.* | S.D.N.Y., No. 14-civ-5731 (WHP) |
| *Kerry T. Thibodeaux, M.D. (A Professional Medical Corporation) v. American Lifecare, Inc.* | 27th Jud. D. Ct. La., No. 13-C-3212 |

Case 1:19-md-02875-RMB-SAK ECF Document 20575-12/23/19 Filed 05/10/22 Page 79 of 98
Case 2:16-md-02744-DMR-DRG ECF No. 4 filed 12/23/19 PageID.21540 Page 83 of
PageID.3670045

| | |
|---|---|
| **Russell Minoru Ono v. Head Racquet Sports USA** | C.D.Cal., No. 2:13-cv-04222-FMO(AGRx) |
| **Opelousas General Hospital Authority v. PPO Plus, L.L.C., et al.** | 27th Jud. D. Ct. La., No. 13-C-5380 |
| **In re: Shop-Vac Marketing and Sales Practices Litigation** | M.D. Pa., MDL No. 2380 |
| **In re: Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation** | D. N.J., MDL No. 2540 |
| **In Re: Citrus Canker Litigation** | 11th Jud. Cir., Fla., No. 03-8255 CA 13 |
| **Whitton v. Deffenbaugh Industries, Inc., et al.**<br>**Gary, LLC v. Deffenbaugh Industries, Inc., et al.** | D. Kan., No. 2:12-cv-02247<br>D. Kan., No. 2:13-cv-2634 |
| **Swift v. BancorpSouth Bank (Overdraft Fees)** | N.D. Fla., No. 1:10-cv-00090 as part of MDL 2036 (S.D. Fla.) |
| **Forgione v. Webster Bank N.A. (Overdraft Fees)** | Sup. Ct. Conn., No. X10-UWY-CV-12-6015956-S |
| **Small v. BOKF, N.A.** | D. Col., No. 13-cv-01125 |
| **Anamaria Chimeno-Buzzi & Lakedrick Reed v. Hollister Co. & Abercrombie & Fitch Co.** | S.D. Fla., No. 14-cv-23120-MGC |
| **In Re: Lithium Ion Batteries Antitrust Litigation** | N.D. Cal., MDL No. 2420, 4:13-MD-02420-YGR |
| **MSPA Claims 1, LLC v. IDS Property Casualty Insurance Company** | 11th Jud. Cir. Fla, No. 15-27940-CA-21 |
| **Glaske v. Independent Bank Corporation (Overdraft Fees)** | Cir. Ct. Mich., No. 13-009983-CZ |
| **In re: HSBC Bank USA, N.A., Checking Account Overdraft Litigation** | Sup. Ct. N.Y., No. 650562/11 |
| **In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch)** | N.D. Cal., MDL No. 2672 |
| **Hawkins v. First Tennessee Bank, N.A., et al. (Overdraft Fees)** | 13th Jud. Cir. Tenn., No. CT-004085-11 |
| **Greater Chautauqua Federal Credit Union v. Kmart Corp., et al. (Data Breach)** | N.D. Ill., No. 1:15-cv-02228 |
| **Bias v. Wells Fargo & Company, et al. (Broker's Price Opinions)** | N.D. Cal., No 4:12-cv-00664-YGR |
| **Klug v. Watts Regulator Company (Product Liability)** | D. Neb., No. 8:15-cv-00061-JFB-FG3 |
| **Ratzlaff et al. v. BOKF, NA d/b/a Bank of Oklahoma, et al. (Overdraft Fees)** | Dist. Ct. Okla., No. CJ-2015-00859 |
| **Morton v. Greenbank (Overdraft Fees)** | 20th Jud. Dist. Tenn., No. 11-135-IV |
| **Jacobs, et al. v. Huntington Bancshares Inc., et al. (FirstMerit Overdraft Fees)** | Ohio C.P., No. 11CV000090 |
| **Farnham v. Caribou Coffee Company, Inc. (TCPA)** | W.D. Wis., No. 16-cv-00295-WMC |

Case 1:19-md-02875-RMB-SAK   ECF Document 2057-1 Filed 05/10/22   Page 80 of 93
Case 2:16-md-02724-DMR-DRC   ECF No. 9974   filed 12/23/19   PageID.21548   Page 94 of
PageID.670046

| | |
|---|---|
| *Gottlieb v. Citgo Petroleum Corporation (TCPA)* | S.D. Fla., No. 9:16-cv-81911 |
| *McKnight et al. v. Uber Technologies, Inc. et al.* | N.D. Cal., No 3:14-cv-05615-JST |
| *Lewis v. Flue-Cured Tobacco Cooperative Stabilization Corporation (n/k/a United States Tobacco Cooperative, Inc.)* | N.C. Gen. Ct of Justice, Sup. Ct. Div., No. 05 CVS 188, No. 05 CVS 1938 |
| *T.A.N. v. PNI Digital Media, Inc.* | S.D. GA., No. 2:16-cv-132-LGW-RSB. |
| *In re: Syngenta Litigation* | 4th Jud. Dist. Minn., No. 27-CV-15-3785 |
| *The Financial Oversight and Management Board for Puerto Rico as representative of Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy)* | D. Puerto Rico, No. 17-04780(LTS) |
| *Reilly v. Chipotle Mexican Grill, Inc.* | S.D. Fla., No. 1:15-cv-23425-MGC |
| *Ma et al. v. Harmless Harvest Inc. (Coconut Water)* | E.D.N.Y., No. 2:16-cv-07102-JMA-SIL |
| *Mahoney v TT of Pine Ridge, Inc.* | S.D. Fla., No. 9:17-cv-80029-DMM |
| *Sobiech v. U.S. Gas & Electric, Inc., i/t/d/b/a Pennsylvania Gas & Electric, et al.* | E.D. Penn., No. 2:14-cv-04464-GAM |
| *Alexander M. Rattner v. Tribe App., Inc.,* and *Kenneth Horsley v. Tribe App., Inc.,* | S.D. Fla., No. 1:17-cv-21344-UU and No. 1:17-cv-23111-JLK |
| *Gordon, et al. v. Amadeus IT Group, S.A., et al.* | S.D.N.Y. No. 1:15-cv-05457-KPF |
| *Masson v. Tallahassee Dodge Chrysler Jeep, LLC (TCPA)* | S.D. Fla., No. 1:17-cv-22967-FAM |
| *Orlander v. Staples, Inc.* | S.D. NY, No. 13-CV-0703 |
| *Larey v. Allstate Property and Casualty Insurance Company* | W.D. Kan., No. 4:14-cv-04008-SOF |
| *Larson v. John Hancock Life Insurance Company (U.S.A.)* | Cal. Sup. Court, County of Alameda, No. RG16 813803 |
| *Alaska Electrical Pension Fund, et al. v. Bank of America N.A et al. (ISDAfix Instruments)* | S.D.N.Y., No. 14-cv-7126 (JMF) |
| *Falco et al. v. Nissan North America, Inc. et al. (Engine – CA & WA)* | C.D. Cal., No. 2:13-cv-00686 DDP (MANx) |
| *Pantelyat, et al v. Bank of America, N.A. et al. (Overdraft/Uber)* | S.D.N.Y., No. 16-cv-08964-AJN |
| *In re: Parking Heaters Antitrust Litigation* | E.D.N.Y., 15-MC-0940-DLI-JO |
| *Wallace, et al, v. Monier Lifetile LLC, et al.* | Sup. Ct. Cal., No. SCV-16410 |
| *In re: Windsor Wood Clad Window Products Liability Litigation* | E.D. Wis., MDL No. 16-MD-02688 |
| *Farrell v. Bank of America, N.A. (Overdraft)* | S.D. Cal., No. 3:16-cv-00492-L-WVG |
| *Hale v. State Farm Mutual Automobile Insurance Company, et al.* | S.D. Ill., No. 12-cv-0660-DRH |

| | |
|---|---|
| *Callaway v. Mercedes-Benz USA, LLC (Seat Heaters)* | C.D. Cal., No. 8:14-cv-02011–JVS-DFM |
| *Poseidon Concepts Corp. et al. (Canadian Securities Litigation)* | Ct. of QB of Alberta, No. 1301-04364 |
| *In re: Takata Airbag Products Liability Litigation (OEMs – BMW, Mazda, Subaru, Toyota, Honda, and Nissan)* | S.D. Fla, MDL No. 2599 |
| *Watson v. Bank of America Corporation et al.; Bancroft-Snell et al. v. Visa Canada Corporation et al.; Bakopanos v. Visa Canada Corporation et al.; Macaronies Hair Club and Laser Center Inc. operating as Fuze Salon v. BofA Canada Bank et al.; Hello Baby Equipment Inc. v. BofA Canada Bank and others (Visa and Mastercard Canadian Interchange Fees)* | Sup. Ct. of B.C., No. VLC-S-S-112003; Ontario Sup. Ct., No. CV-11-426591; Sup. Ct. of Quebec, No. 500-06-00549-101; Ct. of QB of Alberta, No. 1203-18531; Ct. of QB of Saskatchewan, No. 133 of 2013 |
| *Vergara, et al., v. Uber Technologies, Inc. (TCPA)* | N.D. Ill., No. 1:15-CV-06972 |
| *Surrett et al. v. Western Culinary Institute, et al.* | Ore. Cir., County of Multnomah, No. 0803-03530 |
| *Kohl's - Underwood v. Kohl's Department Stores, Inc., et al. (Cert. Notice)* | E.D. Penn., No. 2:15-cv-00730 |
| *Ajose et al. v. Interline Brands Inc. (Plumbing Fixtures)* | M.D. Tenn., No. 3:14-cv-01707 |
| *Gergetz v. Telenav (TCPA)* | N.D. Cal., No. 5:16-cv-4261 |
| *Raffin v. Medicredit, Inc., et al.* | C.D. Cal., No 15-cv-4912 |
| *First Impressions Salon, Inc. v. National Milk Producers Federation, et al.* | S.D. Ill., No. 3:13-cv-00454 |
| *Abante Rooter and Plumbing v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN) (TCPA)* | N.D. Cal., No. 3:16-cv-05486 |
| *Dipuglia v. US Coachways, Inc. (TCPA)* | S.D. Fla., No. 1:17-cv-23006-MGC |
| *Knapper v. Cox Communications* | D. Ariz., No. 2:17-cv-00913 |
| *Martin v. Trott (MI - Foreclosure)* | E.D. Mich., No. 2:15-cv-12838 |
| *Cowen v. Lenny & Larry's Inc.* | N.D. Ill., No. 1:17-cv-01530 |
| *Al's Pals Pet Card, LLC, et al v. Woodforest National Bank, N.A., et al.* | S.D. Tex., No. 4:17-cv-3852 |
| *In Re: Community Health Systems, Inc. Customer Data Security Breach Litigation* | N.D. Ala., MDL No. 2595, 2:15-CV-222 |
| *Tashica Fulton-Green et al. v. Accolade, Inc.* | E.D. Penn., No. 2:18-cv-00274 |
| *37 Besen Parkway, LLC v. John Hancock Life Insurance Company (U.S.A.)* | S.D.N.Y., No. 15-cv-9924 |
| *Stahl v. Bank of the West* | Sup. Ct. Cal., No. BC673397 |
| *Parsons v. Kimpton Hotel & Restaurant Group, LLC (Data Breach)* | N.D. Cal., No. 3:16-cv-05387 |
| *Waldrup v. Countrywide* | C.D. Cal., No. 2:13-cv-08833 |
| *In re: Valley Anesthesiology Consultants, Inc. Data Breach Litigation* | Sup. Ct. Cal., No. CV2016-013446 |

Case 1:19-md-02875-RMB-SAK ECF Document 2057-5 Filed 05/10/22 Page 82 of 93
Case 2:16-md-02744-DMG-DRG ECF No. 497-4 Filed 12/23/19 PageID.21580 Page 96 of
PageID.670048

| *Naiman v. Total Merchant Services, Inc., et al. (TCPA)* | N.D. Cal., No. 4:17-cv-03806 |
| --- | --- |
| *In re Dealer Management Systems Antitrust Litigation* | N.D. Ill., MDL No. 2817, No. 18-cv-00864 |
| *In re HP Printer Firmware Update Litigation* | N.D. Cal., No. 5:16-cv-05820 |
| *Zaklit, et al. v. Nationstar Mortgage LLC, et al. (TCPA)* | C.D. Cal., No. 5:15-CV-02190 |
| *Luib v. Henkel Consumer Goods Inc.* | E.D.N.Y., No. 1:17-cv-03021 |
| *Lloyd, et al. v. Navy Federal Credit Union* | S.D. Cal., No. 17-cv-1280-BAS-RBB |
| *Waldrup v. Countrywide Financial Corporation, et al.* | C.D. Cal., No. 2:13-cv-08833 |
| *Adlouni v. UCLA Health Systems Auxiliary, et al.* | Sup. Ct. Cal., No. BC589243 |
| *Di Filippo v. The Bank of Nova Scotia, et al. (Gold Market Instrument)* | Ontario Sup. Ct., No. CV-15-543005-00CP & No. CV-16-551067-00CP |
| *McIntosh v. Takata Corporation, et al.; Vitoratos, et al. v. Takata Corporation, et al.; and Hall v. Takata Corporation, et al.* | Ontario Sup Ct., No. CV-16-543833-00CP; Quebec Sup. Ct of Justice, No. 500-06-000723-144; & Court of Queen's Bench for Saskatchewan, No. QBG. 1284 or 2015 |
| *Rabin v. HP Canada Co., et al.* | Quebec Ct., Dist. of Montreal, No. 500-06-000813-168 |
| *Lightsey, et al. v. South Carolina Electric & Gas Company, a Wholly Owned Subsidiary of SCANA, et al.* | Ct. of Com. Pleas., S.C., No. 2017-CP-25-335 |
| *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation* | E.D. Penn., No. 2:09-md-02034 |
| *Henrikson v. Samsung Electronics Canada Inc.* | Ontario Sup. Ct., No. 2762-16cp |
| *Burrow, et al. v. Forjas Taurus S.A., et al.* | S.D. Fla., No. 1:16-cv-21606-EGT |

Hilsoft-cv-143



Case 1:19-md-02875-RMB-SAK   Document 2057-5   Filed 05/10/22   Page 83 of 93
Case 2:16-md-02744-DML-DRG   ECF No. 497-5   filed 12/23/19   PageID.2592   Page 1 of
PageID: 170049
1

# Exhibit D

Case 1:19-md-02875-RMB-SAK   Document 2057-5   Filed 05/10/22   Page 84 of 93
PageID: 170050
Case 2:16-md-02748-DMR-DRC   ECF No. 49-5   filed 12/23/19   PageID.2 1582   Page 2 of
1

# Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide | 2010

## Major Checkpoints

❑ **Will notice effectively reach the class?**
The percentage of the class that will be exposed to a notice based on a proposed notice plan can always be calculated by experts. A high percentage (e.g., between 70–95%) can often reasonably be reached by a notice campaign.

❑ **Will the notices come to the attention of the class?**
Notices should be designed using page-layout techniques (e.g., headlines) to command class members' attention when the notices arrive in the mail or appear on the Internet or in printed media.

❑ **Are the notices informative and easy to understand?**
Notices should carry all of the information required by Rule 23 and should be written in clear, concise, easily understood language.

❑ **Are all of the rights and options easy to act upon?**
There should be no unnecessary hurdles that make it difficult for class members to exercise their rights to opt out, object, submit a claim, or make an appearance.

## Before Certification/Preliminary Settlement Approval

❑ **Can any manageability problems from notice issues be overcome?**
Consider potential problems in reaching and communicating with class members—e.g., language barriers, class size, geographic scope—and whether a notice plan will be able to overcome such problems.

❑ **Can a high percentage of the proposed class be reached (i.e., exposed to a notice)?**
Consider the breakdown of known and unknown class members, the age of any mailing lists, and the parties' willingness to spend necessary funds to fully reach the class.

❑ **Is it economically viable to adequately notify the class?**
If the cost to reach and inform a high percentage of the class is not justified by a proposed settlement, an opt-out class may not be appropriate. Inability to support proper notice may also be evidence that the settlement is weak.

❑ **Will unknown class members understand that they are included?**
If a well-written notice will leave class members in doubt as to whether they are included, consider whether the class definition, or the class certification, is appropriate.

## Upon Certification/Preliminary Settlement Approval

❑ **Do you have a "best practicable" notice plan from a qualified professional?**
A proper notice plan should spell out how notice will be accomplished, and why the proposed methods were selected. If individual notice will not be used to reach everyone, be careful to obtain a first-hand detailed report explaining why not. See "Notice Plan" section below.

Case 1:19-md-02875-RMB-SAK Document 2057-12 Filed 05/10/22 Page 85 of 93
Case 2:16-md-02748-DMR-DRC ECF No. 497-5 filed 12/23/19 PageID.2 PageID.170051 Page 3 of
PageID.170051

# Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide | 2010

❑ ***Do you have unbiased evidence supporting the plan's adequacy?***
Be careful if the notice plan was developed by a vendor who submitted a low bid and might have incentives to cut corners or cover up any gaps in the notice program. In order to find the "best practicable" notice as Rule 23 requires, your own expert report may be advisable. This is especially true in the diminished adversarial posture in which settlement places the parties. It is also true at preliminary approval, before outsiders are aware of the proposed notice plan, which itself may limit the parties' awareness, in turn impacting your final approval decision.

❑ ***Have plain language forms of notice been created?***
Draft forms of the notices should be developed, in the shape, size, and form in which they will actually be disseminated, for your approval before authorizing notice to the class. See "Notice Documents" below.

❑ ***Will a qualified firm disseminate notice and administer response handling?***
There are many experienced firms that compete for administration of notice dissemination and claims and response handling. Appointing a qualified firm is important because errors may require re-notification, drain funds, delay the process, and threaten recognition of your final judgment.

## Notice Plan

❑ ***Is the notice plan conducive to reaching the demographics of the class?***
The notice plan should include an analysis of the makeup of the class. There may be more women than men; it may skew older; it may be less educated than average. Each audience can be matched with the most efficient and effective methods of notice for reaching those people.

❑ ***Is the geographic coverage of the notice plan sufficient?***
Notice for a class action should take steps to reach people wherever they may be located, and also take into account where most class members reside.

   ❍ ***Is the coverage broad and fair? Does the plan account for mobility?***
Class members choose to live in small towns as well as large cities. Be careful with notice exclusively targeted to large metropolitan newspapers. Class members move frequently (14–17% per year according to the U.S. Census Bureau), so purchasers in one state may now reside in another.

   ❍ ***Is there an extra effort where the class is highly concentrated?***
Evidence may show that a very large portion of class members reside in a certain state or region, and notice can be focused there, while providing effective, but not as strong, notice elsewhere.

❑ ***Does the plan include individual notice?***
If names and addresses are reasonably identifiable, Rule 23(c)(2) requires individual notice. Be careful to look closely at assertions that mailings are not feasible.

   ❍ ***Did you receive reliable information on whether and how much individual notice can be given?***
Consider an expert review of the information you have been provided regarding the parties' ability to give individual notice. The parties may have agreed to submit a plan that does not provide sufficient individual notice in spite of the rule.

Case 1:19-md-02875-RMB-SAK  Document 2057-5  Filed 05/10/22  Page 86 of 93
Case 2:16-md-02748-DMR-DRC  ECF No. 49-5  Filed 12/23/19  PageID.21394  Page 4 of
PageID: 170052

# Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide | 2010

○ **Will the parties search for and use all names and addresses they have in their files?**
If the parties suggest that mailings are impracticable, look to distinguish between truly unreasonable searches (e.g., the defendant has nuggets of data that could be matched with third-party lists by a new computer program and several man-years) and situations where a search would be difficult but not unreasonably burdensome (e.g., lists reside directly in the defendant's records but are outdated or expensive to mail to because of the volume). Rule 23 generally requires the latter.

○ **Will outdated addresses be updated before mailing?**
The plan should detail steps to update addresses before mailing, including postal service change-of-address records, and third-party address databases if the list is very old. Watch out for potentially ineffective "last known address" mailings.

○ **Has the accuracy of the mailing list been estimated after updating efforts?**
Look for information that indicates how accurate the mailing addresses will be after the planned address updating effort.

○ **Has the percentage of the class to be reached by mail been calculated?**
The parties should be able to indicate how great a percentage of the overall class will be reached by individual notice, so that the extent of any necessary additional notice can be determined.

○ **Are there plans to re-mail notices that are returned as undeliverable?**
Even after updating addresses before mailing, mail will be returned as undeliverable. Further lookup tactics and sources are often available, and it is reasonable to re-mail these notices.

○ **Will e-mailed notice be used instead of postal mailings?**
If available, parties should use postal mailing addresses, which are generally more effective than e-mail in reaching class members: mail-forwarding services reach movers, and the influx of "SPAM" e-mail messages can cause valid e-mails to go unread. If e-mail will be used—e.g., to active e-mail addresses the defendant currently uses to communicate with class members—be careful to require sophisticated design of the subject line, the sender, and the body of the message, to overcome SPAM filters and ensure readership.

❑ **Will publication efforts combined with mailings reach a high percentage of the class?**
The lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class. It is reasonable to reach between 70–95%. A study of recent published decisions showed that the median reach calculation on approved notice plans was 87%.

❑ **Are the reach calculations based on accepted methodology?**
An affiant's qualifications are important here. Reach calculation methodology is commonly practiced in advertising and media-planning disciplines. Claims administrators are often accountants by training and may lack personal knowledge or the training to conduct reach analyses.

○ **Is the net reach calculation thorough, conservative, and not inflated?**
Circulation figures for separate dissemination methods cannot simply be added to determine reach. Total audience must be calculated for each publication and the net must be calculated for a combination of publications. Be sure the reach calculation removes overlap between those people exposed to two or more dissemination methods (e.g., a person who receives a mailing may also be exposed to the notice in a publication).

# Judges' Class Action Notice and Claims Process Checklist
## and Plain Language Guide | **2010**

○ ***Do the reach calculations omit speculative reach that only might occur?***
Watch for estimated reach calculations that are based in part on speculative notice that might occur, e.g., news coverage about the lawsuit or settlement. Often, these news articles do not ultimately explain class members' rights, and the content is not in the court's control.

○ ***Is any Internet advertising being measured properly?***
Audiences of Internet websites are measured by "impressions." Total, or "gross," impressions of the entire website do not reveal how many people will view the notice "ad" appearing periodically on a particular page. Inflated audience data via Internet ads is common. It is very expensive to reach a significant percentage of a mass audience with Internet banner ads. Watch for suggestions that Internet ads and social network usage can replace all other methods. Reach, awareness, and claims will likely be very low when such a program is complete.

❑ ***Is non-English notice necessary?***
Consider the demographics of the class to determine whether notice is necessary in Spanish or another language. The number of class members whose native language is not English should guide you on whether to actively disseminate notice in other languages, or to simply make foreign language notices available at a website.

❑ ***Does the notice plan allow enough time to act on rights after notice exposure?***
Class members need time to receive a notice by mail or in a publication. A minimum of 30 days is necessary from completed dissemination before deadlines, with 60–90 days preferred. This allows for re-mailings, fulfillment of requests for more information, and consideration of rights and options.

❑ ***Will key documents be available at a neutral website?***
Class members should have access to information beyond the notice. Besides the summary notice and detailed notice (following the FJC examples at www.fjc.gov), it is reasonable to post the following documents at a neutral administrator's website dedicated to the case: the plaintiffs' complaint, the defendants' answer, your class-certification decision (in the event of a class certified for trial), and the settlement agreement and claim form (in the event of a settlement). Other orders, such as your rulings on motions to dismiss or for summary judgment, should ordinarily be made available as well.

❑ ***Can the class get answers from a trained administrator or from class counsel?***
Even the best notice will generate questions from class members. A toll-free number call center, an interactive website staffed by trained administrators, and class counsel who are accessible to the people they represent are reasonable steps to help class members make informed decisions.

## Notice Documents *(also see Plain Language Notice Guide, below)*

❑ ***Have you approved all of the forms of the notices?***
Before authorizing the parties to begin disseminating notices, you should ask for and approve all forms of notice that will be used. This includes a detailed notice; a summary notice; and information that will appear at the website and in any other form, such as an Internet banner, TV notice, and radio notice. See www.fjc.gov for illustrative notice forms for various cases. It is best to see and approve the forms of notice the way they will be disseminated, in their actual sizes and designs.

Case 1:19-md-02875-RMB-SAK   Document 2057-5   Filed 05/10/22   Page 88 of 93
Case 2:16-md-02748-DMR-DRC   ECF No. 4975-2   12/23/19   PageID.25585   Page 6 of
PageID: 170054

# Judges' Class Action Notice and Claims Process Checklist
## and Plain Language Guide | **2010**

❑ *Are the notices designed to come to the attention of the class?*
The FJC's illustrative notices, as also described in the accompanying "*Plain Language Notice Guide*," explain how to be sure the notices are "noticed" by the casual-reading class member. With "junk mail" on the rise, and the clutter of advertising in publications, legal notices must stand out with design features long-known to communications pros.

    ❍ *Does the outside of the mailing avoid a "junk mail" appearance?*
Notices can be discarded unopened by class members who think the notices are junk mail. A good notice starts with the envelope design, examples of which are at www.fjc.gov.

    ❍ *Do the notices stand out as important, relevant, and reader-friendly?*
It is important to capture attention with a prominent headline (like a newspaper article does). This signals who should read the notice and why it is important. The overall layout of the notice will dictate whether busy class members will take time to read the notice and learn of their rights.

❑ *Are the notices written in clear, concise, easily understood language?*
Required by Rule 23 since 2003, it is also simply good practice to recognize that communicating legal information to laypeople is hard to do.

❑ *Do the notices contain sufficient information for a class member to make an informed decision?*
Consider the amount of information provided in the notice. Watch for omission of information that the lawyers may wish to obscure (such as the fee request) but that affects class members nonetheless.

❑ *Do the notices include the Rule 23 elements? Even the summary notice?*
Summary notices, whether mailed or published, encourage readership, and the FJC illustrative notices show that even summary notices can include all elements required by Rule 23(c)(2)(B). But an overly short summary notice, one that mostly points interested readers to a detailed notice, can result in most class members (who read only the summary notice) being unaware of basic rights.

❑ *Have the parties used or considered using graphics in the notices?*
Depending on the class definition or the claims in the case, a picture or diagram may help class self-identify as members, or otherwise determine whether they are included.

❑ *Does the notice avoid redundancy and avoid details that only lawyers care about?*
It is tempting to include "everything but the kitchen sink" in the detailed notice. Although dense notices may appear to provide a stronger binding effect by disclosing all possible information, they may actually reduce effectiveness. When excess information is included, reader burnout results, the information is not communicated at all, and claims are largely deterred.

❑ *Is the notice in "Q&A" format? Are key topics included in logical order?*
The FJC illustrative notices take the form of answers to common questions that class members have in class action cases. This format, and a logical ordering of the important topics (taking care to include all relevant topics) makes for a better communication with the class.

❑ *Are there no burdensome hurdles in the way of responding and exercising rights?*
Watch for notice language that restricts the free exercise of rights, such as onerous requirements to submit a "satisfactory" objection or opt-out request.

Case 1:19-md-02875-RMB-SAK Document 2057-5 Filed 05/10/22 Page 89 of 93
Case 2:16-md-02740-DMR-DRC ECF No. 4975-2 filed 12/23/19 PageID.2 PAGE Page 7 of
PageID.170055

# Judges' Class Action Notice and Claims Process Checklist
## and Plain Language Guide | **2010**

❏ **Is the size of the notice sufficient?**
Consider the balance between cost efficiency and effectiveness. A smaller publication notice will save money, but too small and it will not afford room for a noticeable headline, will not fit necessary information, and will not be readable if using fine print.

## *Claims Process*

❏ **Is a claims process actually necessary?**
In too many cases, the parties may negotiate a claims process which serves as a choke on the total amount paid to class members. When the defendant already holds information that would allow at least some claims to be paid automatically, those claims should be paid directly without requiring claim forms.

❏ **Does the claims process avoid steps that deliberately filter valid claims?**
Close attention to the nature of a necessary claims process may help eliminate onerous features that reduce claims by making claiming more inconvenient.

❏ **Are the claim form questions reasonable, and are the proofs sought readily available to the class member?**
Watch for situations where class members are required to produce documents or proof that they are unlikely to have access to or to have retained. A low claims rate resulting from such unreasonable requirements may mean that your eventual fairness decision will overstate the value of the settlement to the class and give plaintiff attorneys credit for a greater class benefit than actually achieved.

❏ **Is the claim form as short as possible?**
A long, daunting claim form is more likely to be discarded or put aside and forgotten by recipients. Avoid replicating notice language or injecting legalistic terminology into the claim form which will deter response and confuse class members.

❏ **Is the claim form well-designed with clear and prominent information?**
Consider whether the claim form has simple, clearly worded instructions and questions, all presented in an inviting design. The deadlines and phone numbers for questions should be prominent.

❏ **Have you considered adding an online submission option to increase claims?**
As with many things, convenience is of utmost importance when it comes to claims rates. Today, many class members expect the convenience of one-click submission of claims. Technology allows it, even including an electronic signature. Claim forms should also be sent with the notice, or published in a notice, because many will find immediate response more convenient than going to a website.

❏ **Have you appointed a qualified firm to process the claims?**
You will want to be sure that the claims administrator will perform all "best practice" functions and has not sacrificed quality in order to provide a low price to win the administration business.

## Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide | **2010**

❑ ***Are there sufficient safeguards in place to deter waste, fraud, and/or abuse?***
The claims process, the claim form itself, and the claims administrator all play roles in ensuring that approved claims are valid claims, so that payments go to class members who meet the criteria. Closely monitoring the process, perhaps through a special master—or at least by requiring the parties to file full reports of claims made—is a good idea.

### *After Notice/Before Trial or Final Settlement Approval*

❑ ***Did the notice plan achieve what it promised?***
Look for evidence that the notice plan reached the class members as well as anticipated.

❑ ***What is the reaction of the class?***
You will want to look at the number and nature of any objections, as well as the number of opt-outs and claims. Special note: waiting for the claims deadline to expire before deciding on final approval ensures that you can look at a full picture of the fairness of the settlement. By so doing you will be able to judge the actual value of the settlement to the class and calculate attorney fees in relation to that value.

❑ ***Have you made sufficient findings in the record?***
Consider, based on the evidence, making detailed findings so as to inhibit appellate review or to withstand a subsequent collateral review of your judgment.

❑ ***Is any subsequent claims-only notice necessary?***
If you find the settlement fair, reasonable, and adequate, but the number of claims is low, you may consider additional notice to the class after final approval.

**Federal Judicial Center Plain Language Notice Guide**

*"Thumbnail" representations of illustrative notices at www.fjc.gov (click on "Class Action Notices Page")*

### Detailed Notice—First Page

• Page one is an overall summary of the notice. The objective is to use the fewest words to say the most. It is a snapshot of the case, of the reasons for the notice, and of the rights that class members have.

• The court's name at the top conveys the importance of the notice.

• A headline in a large font captures attention. It conveys what the notice is about and who is included, and it suggests a benefit to reading the entire notice.

• The words in italics below the headline communicate the official nature of the notice and provide a contrast from a lawyer's solicitation. Be sure to avoid a traditional legalistic case caption.

• Short bullet points highlight the nature of the case and the purpose of the notice. Bullet points also communicate who is included, the benefits available (if it is a settlement), and steps to be taken—identifying deadlines to observe. The first page should pique class members' interest and encourage them to read the entire notice.

• The table of rights explains the options available. These are deliberately blunt. Be careful to avoid redundancy with the information inside the notice.

• The first page should prominently display a phone number, e-mail address, or website where the class can obtain answers to questions.

• If appropriate for the class, include a non-English (e.g., Spanish) language note about the availability of a copy of the notice in that language.



UNITED STATES DISTRICT COURT FOR THE DISTRICT OF STATE

**If you bought XYZ Corporation stock in 1999, you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| SUBMIT A CLAIM FORM | The only way to get a payment. |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against XYZ, about the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT XYZSETTLEMENT.COM



WHAT THIS NOTICE

**BASIC INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . .
  1. Why did I get this notice?
  2. What is this lawsuit about?
  3. What is a class action and who is involved?
  4. Why is this lawsuit a class action?

**THE CLAIMS IN THE LAWSUIT** . . . . . . . . . . . . . . . . . . . . .
  5. What does the lawsuit complain about?
  6. How does MNO answer?
  7. Has the Court decided who is right?
  8. What are the Plaintiffs asking for?
  9. Is there any money available now?

### Detailed Notice—Table of Contents

• Organize the topics into different sections and place the information in a logical order.

• A "Q&A" or "Answers to Common Questions" format helps class members find the information that is important to their decision-making process.

• Customize the topics to the facts of the case, but keep the overall notice short: 8–11 pages should be plenty even for complex matters.

• Don't avoid obvious questions (or answers) that class members will have.

Case 1:19-md-02875-RMB-SAK   Document 2057-5   Filed 05/10/22   Page 92 of 93
Case 2:16-md-02744-DML-DRG   ECF No. 497-5   filed 12/23/19   PageID.21560   Page 10 of
PageID.170058

## Federal Judicial Center Plain Language Notice Guide

*"Thumbnail" representations of illustrative notices at www.fjc.gov (click on "Class Action Notices Page")*



### Detailed Notice—Inside Content

• Short answers are best. Be sure that the text answers the question being asked and does not "spin" the information in a way to achieve a desired result—e.g., do not use language that encourages class members to accept a proposed settlement.

• Watch for redundant and lengthy information, but also substantive omissions. Be frank and open for better reader comprehension and, as a result, a stronger binding effect.

• Every detail does not belong in the notice, but all rights and options do. Explain settlement benefits and state the fees that the lawyers will seek. Watch for burdensome requirements that might inhibit objections, opt outs, or claims.

• Use plain language. You may closely follow the illustrative models at www.fjc.gov.

### Summary Notice

• The summary notice should be short but comprehensive. Refer to all of the requirements of Rule 23 in a simple and clear summary fashion. Follow the FJC models wherever possible.

• The "Legal Notice" banner at the top helps stop a publisher from typesetting the word "advertisement" at the top, which would create a perception that the notice is a solicitation. Do not use the legal case caption style.

• The headline in large font captures the attention of readers who glance at the page. It flags what the notice is about, who is included, and it signals a benefit to be derived by reading the notice.

• The initial paragraphs provide a snapshot of all key information.

• Be sure to explain class membership in a simple way. Consider a graphic to help readers understand that they are included.

• Make a brief but clear reference to the substance of the case and the claims involved.

• Identify clearly what class members could get and how they would get it. These are the most common questions from class members.

• Be sure to include clear references to opt out, objection, and appearance rights. State the amount of the lawyers' fee request.

• Include a prominent reference to the call center and website.

---

Case 1:19-md-02875-RMB-SAK   Document 2057-5   Filed 05/10/22   Page 93 of 93
Case 2:16-md-02740-DMC-DRC   ECF No. 9975   filed 12/23/19   PageID.215631   Page 31 of
PageID:170059

## Federal Judicial Center Plain Language Notice Guide

*"Thumbnail" representations of illustrative notices at www.fjc.gov (click on "Class Action Notices Page")*

### Outside of Mailing

• Design the notice to make it distinguishable from "junk mail."

• A reference to the court's name (at the administrator's address) ensures that the class recognizes the notice's legitimacy.

• "Call-outs" on the front and back encourage the recipient to open and read the notice when it arrives with other mail.

Notice Administrator for U.S. District Court
P.O. Box 00000
City, ST 00000-0000

**Notice to those who bought XYZ Corp. Stock in 1999.**

Jane Q. Class Member
123 Anywhere Street
Anytown, ST 12345-1234

• The call-out on the front (shown on example above) identifies what the notice is about and who is affected. On the back you may highlight the settlement benefits, or the rights involved.

• Use these techniques even if the mailed notice is designed as a self-mailer, i.e., a foldover with no envelope.

**Notice Administrator for U.S. District Court**

John Q. Investor                                   Month 00, 0000
P.O. Box 0000
City, ST 00000-0000

Dear Mr. Investor:

You are listed as an investor in XYZ Corp. stock.  Enclosed is a notice about the settlement of a class action lawsuit called *North v. XYZ Corp.*, No. CV 00-5678.  You may be eligible to claim a payment from the settlement, or you may want to act on other legal rights.  Important facts are highlighted below and explained in the notice:

**XYZ Corp. Securities Class Action Settlement**

• **Security:** XYZ Corp. common stock  (CUSIP: 12345X678)
• **Time Period:** XYZ Corp. stock bought in 1999
• **Settlement Amount:** $6,990,000 for investors (17½ cents per share if claims are submitted for each share).
• **Reasons for Settlement:** Avoids costs and risks from continuing the lawsuit; pays

### Cover Letter (when compliance with PSLRA is needed)

• Identify the court's administrator as the sender—this conveys legitimacy.

• The content should be very short. Remember that this is not the notice.

• A reference in bold type to the security involved flags the relevance of the letter.

• The bullet points track each PSLRA cover letter requirement. Avoid lengthy explanations that are redundant with the notice. Be blunt for clarity.

• The content in the FJC's PSLRA cover letter can simply be customized for the case at hand. The design encourages interest, reading, and action.