# Exhibit 204

EXHIBIT 21

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Case No. 19-md-02913-WHO<br><br>**PLAINTIFFS' TRIAL MANAGEMENT PLAN**<br><br>Judge: Hon. William H. Orrick<br>Date: September 24, 2021<br>Time: TBD |

## TRIAL MANAGEMENT PLAN AND STRUCTURE

A class trial is a manageable way to litigate Plaintiffs' claims. Plaintiffs respectfully submit the following trial plan in support of their motion for class certification to identify the proposed phases of trial, the common elements of their claims to be tried, and the attendant common evidence.

### I. INTRODUCTION

Nationwide and California Plaintiffs move to certify four Classes of JUUL purchasers: a Nationwide Class and Nationwide Youth Class for their RICO[1] claims, and a California Class and a California Youth Class for their claims under California law and the Magnuson-Moss Warranty

---

[1] The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.

- 1 -

TRIAL PLAN
19-MD-02913-WHO

1   Act.[2] Plaintiffs submit this proposed Trial Management Plan outlining how they intend to try the
2   RICO and consumer claims of the proposed Classes. Because of the common issues and class-
3   wide evidence to be reviewed by the Court and the jurors in this case, a single trial is the most
4   efficient and effective means to resolve all of the Plaintiffs' claims. *See* Multidistrict Litigation
5   Manual, App'x K (2020) (discussing trial preparation after class certification has been addressed).
6           Plaintiffs propose a two-phase trial for establishing Defendants' liability, and the
7   availability of compensatory and punitive damages to adult and youth members of the Classes.
8   *See, e.g.*, Manual for Complex Litigation (Fourth) ("MCL"), § 32.45 (2004). For Phase I,
9   Plaintiffs propose a joint bench/jury trial where the jurors (as to legal claims) and the Court (as to
10  equitable claims) will determine liability, award compensatory damages, and determine
11  entitlement to multiple and punitive damages, as applicable. *Id.* at § 12.53. Plaintiffs will jointly
12  present all common evidence concerning Defendants' unlawful actions to the jury (as to legal
13  claims) and to the Court (as to equitable claims). *Id.* at § 11.632. Outside the presence of the
14  jury, the Court will receive common evidence concerning restitution and/or disgorgement related
15  to Plaintiffs' equitable claims, as well as any supplementary common liability evidence for the
16  equitable claims, if necessary. The common evidence adduced in support of the legal and
17  equitable claims will largely overlap. Plaintiffs will also present all common evidence concerning
18  the calculation of compensatory damages (which the jury will determine). A jury will determine
19  entitlement to punitive damages as to all applicable legal claims. *See* MCL at § 22.93.
20          Assuming all common evidence has been presented to the jury and to the Court, and
21  assuming liability and entitlement to compensatory and punitive damages have been established
22  in Phase I, the compensatory damages are automatically trebled under 28 U.S.C. section 1964(c),
23  and the trial will then proceed to Phase II. In Phase II, the jury will determine the amount of
24  punitive damages owed by Defendants. After trial, damages will be allocated to individual
25  members of the Classes through a claims administration process.
26
27
28
---
[2] 15 U.S.C. § 2301.

II. **DETAILS OF TRIAL MANAGEMENT PLAN**

    A. **Phase I: Proof of Liability, Determination of Compensatory Damages, and Determination of Entitlement to Punitive Damages**

        1. **Proof to be presented**

            a. **Proof of Liability.**

In Phase I, a single jury will hear liability common evidence on the legal claims:

| Claim | Class (and proposed Class Representatives) | Theory of Relief |
| --- | --- | --- |
| Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962) ("RICO") | Nationwide Class (Colgate, C.D., Gregg, Krauel, and L.B.)<br><br>Nationwide Youth Class (C.D., Krauel, and L.B.) | Deceptive marketing<br><br>Youth marketing |
| California Consumer Legal Remedies Act (Cal. Civ. Code § 1750) ("CLRA") | California Class (Colgate, C.D. and L.B.) | Deceptive marketing |
| Common Law Fraud | California Class (Colgate, C.D. and L.B.) | Deceptive marketing |
| Implied Warranty of Merchantability | California Class (Colgate, C.D. and L.B.) | Not fit for ordinary purpose |
| Magnuson-Moss Warranty Act (15 U.S.C. § 2301) ("Mag-Moss") | California Class (Colgate, C.D. and L.B.) | Not fit for ordinary purpose |

Likewise in Phase I, the Court will hear liability common evidence on all equitable claims:

| Claim | Class (and proposed Class Representatives) | Theory of Relief |
| --- | --- | --- |
| California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200) ("UCL") | California Class (Colgate, C.D., and L.B.)<br><br>California Youth Class (C.D. and L.B.) | Deceptive marketing<br><br>Youth marketing |

| California False Advertising Law (Cal. Bus. & Prof. Code § 17500) ("FAL") | California Class (Colgate, C.D. and L.B.) | Deceptive marketing |
|---|---|---|
| Unjust Enrichment | California Class (Colgate, C.D., and L.B.) | Deceptive marketing |
|  | California Youth Class (C.D. and L.B.) | Youth marketing |

Both the jury and the Court will hear common evidence on core issues that will concurrently prove Defendants' liability under each of the claims asserted. Because the claims brought on behalf of the respective Classes will be predicated on common facts, all of the Classes' claims can be jointly prosecuted in a single trial with a jury making findings on the legal claims, and the Court making findings on the equitable claims. *See* MCL at § 11.631.

### b. Proof of compensatory damages

Also in Phase I, Plaintiffs will present class-wide proof of aggregate damages in the following manner:

- Plaintiffs will present class-wide proof of damages as to adult Class Members, using a price premium calculation methodology.
- Plaintiffs will present class-wide proof of damages as to youth Class Members, using a full refund calculation methodology.

### c. Proof of restitution and disgorgement

Also in Phase I, Plaintiffs will present to the Court class-wide proof of restitution and/or disgorgement in the following manner:

- Plaintiffs will present class-wide proof of restitution and/or disgorgement as to adult Class Members, using a price premium calculation methodology.
- Plaintiffs will present class-wide proof of restitution and/or disgorgement as to youth Class Members, using a full refund calculation methodology and/or a methodology estimating Defendants' gains from youth marketing.

Case 3:19-md-02913-WHO Document 1725 Filed 04/28/22 Page 7 of 12
Case 1:19-cv-02873-RMB-SAK Document 705-6 Filed 04/05/2023 Page 6 of 11
PageID: 70066

**2.  Phase I trial stages:**

Phase I of the trial will include the following stages:

**a.  Preliminary instructions to the jury**

At the commencement of Phase I, jurors will be provided with a summary of the key factual and legal issues that will be at issue during the trial. *See* MCL § 12.432. Although the final instructions given to the jurors at the end of each phase will govern the jurors' deliberations, these preliminary instructions will orient the jurors to the common evidence they will see and hear throughout the trial.

**b.  Opening statements**

The parties will present opening statements regarding common core liability evidence, compensatory damages, and punitive damages entitlement issues that are common to all Plaintiffs' claims.

**c.  Presentation of common liability evidence**

To prove Defendants' violations of RICO, and liability under common law consumer protection and equitable claims, Plaintiffs will submit common evidence to the jury and to the Court, *see* MCL at § 11.631, on the following issues common to all Plaintiffs:

- As to the RICO Claim, the existence of an enterprise and whether Defendants engaged in a scheme to defraud Class Members. Plaintiffs will provide common evidence on each element of the RICO Claim, including:
    - Defendants' conduct
    - The conduct of the enterprise created and controlled by Defendants
    - The pattern of Defendants' conduct
    - The racketeering activity and predicate acts engaged in by Defendants
    - The injury to the Class Members
- As to the Unfair Competition Law ("UCL"), False Advertising Law, and the Consumer Legal Remedies Act, whether a reasonable consumer would likely have been deceived, whether a reasonable consumer would have found the

Case 3:19-md-02913-WHO Document 2546 Filed 04/05/22 Page 7 of 12
Case 1:19-md-02873-RMB-SAK Document 1705-46 Filed 04/05/22 Page 7 of 12
PageID: 70067

misrepresented or omitted information material, and whether Plaintiffs are entitled to a presumption of reliance

- As to the common law fraud claim, whether Defendants' statements and omissions were deceptive, and whether Plaintiffs' reliance can be presumed
- As to the unfair conduct claims, whether Defendants' conduct qualifies as unfair as defined by the UCL
- As to the unjust enrichment claim, whether Defendants received benefits through their fraudulent and youth-focused marketing, whether the retention of such benefits would be unjust, and whether the benefits Defendants received were at the expense of Class Members
- As to the implied warranty claim, whether Defendants' products are fit for their ordinary use.

All common evidence Plaintiffs will present will come from a discrete number of sources common to the Classes, including Defendants' documents, communications, omissions, and corporate testimony; Defendants' regulatory submissions; and expert testimony.

### d. Presentation of common evidence regarding compensatory damages

Plaintiffs will present common evidence and expert analysis establishing the aggregate amount of class-wide compensatory damages. *See* MCL at § 22.93. *First*, Plaintiffs will prove that Defendants' conduct harmed Nationwide and California Class Members by extracting a premium price for Defendants' JUUL products, for which Class Members would have paid less if made aware of Defendants' violations and conduct. *Second*, Plaintiffs will prove that Defendants' conduct harmed Nationwide Youth Class and California Youth Class Members such that they should be issued a full refund for having purchased Defendants' JUUL products. The common evidence Plaintiffs will present to prove aggregate compensatory damages will come from a discrete number of sources common to the Classes, including Defendants' documents, communications and testimony; documents from third-party sources; Defendants' regulatory submissions; and expert testimony.

Case 3:10-md-02873-RMB-BAK Document 1705246 Filed 04/28/2022 Page 9 of 12
Case 3:19-md-02913-WHO Document 1725 Filed 04/05/22 Page 9 of 12
PageID: 70068

####### e. Closing Arguments

The parties will present closing arguments summarizing the common evidence presented throughout trial and the main issues that the jury and the Court will decide.

####### f. Equitable Claims

Outside the presence of the jury, Plaintiffs will present common evidence to the Court concerning the proper amount of restitution and/or disgorgement to award, as well as any other common evidence needed to establish their equitable claims that was not already presented during the jury proceedings.

####### g. Final Instructions

Jurors will be provided with jury instructions and make factual findings for the Nationwide and California Class' claims. *See* MCL at § 12.434. The jury will also make findings as to the aggregate amount of compensatory damages to be awarded to the Classes (subject to automatic trebling under RICO, as appropriate), as well as the entitlement to punitive damages. The Court will make all findings as to Plaintiffs' equitable claims, including the amount of restitution and/or disgorgement owed.

### B. Phase II: Proof of Punitive Damages

Based on the jury's and the Court's findings in Phase I, in Phase II the jury will determine the aggregate amount of punitive damages to be awarded.[3] *See* MCL at § 23.37.

#### 1. Phase II trial stages

Phase II will include the following stages:

####### a. Opening Statements

The parties will present opening statements regarding their methodologies for determining aggregate punitive damages.

####### b. Presentation of Common Evidence Regarding Aggregate Punitive Damages

Plaintiffs will present common evidence and expert analysis regarding the aggregate

---

[3] *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-CV-00236-WHO, 2020 WL 4818614 (N.D. Cal. Aug. 19, 2020) ("a plaintiff may receive both treble damages under RICO and state law punitive damages for the same course of conduct.") (quoting *Neibel v. Trans World Assur. Co.*, 108 F.3d 1123, 1131 (9th Cir. 1997)).

amount of class-wide punitive damages. All of the common evidence Plaintiffs will present to prove aggregate punitive damages will come from a discrete number of sources common to the Classes, including Defendants' documents, communications and testimony; documents from third-party sources; Defendants' regulatory submissions; and expert testimony.

### c. Closing Arguments

The parties will present closing arguments regarding Plaintiffs' method for calculating aggregate punitive damages.

### d. Final Instructions

Jurors will be provided with final jury instructions and will return their verdict in which they will find the aggregate punitive damages incurred by the Classes as available by law.

### C. Phase III: Individual Damages Allocation

Aggregate damages awarded by the jury during Phases I and II, and restitution and disgorgement awarded by the Court in Phase I, will be allocated through an administrative post-trial process and the submission of claim forms. The allocation of damages will not involve any issues related to Defendants or their liability, but will instead only address issues that are internal to the Classes.

After the conclusion of Phase II, Plaintiffs will submit a Claims Administration Protocol. The protocol will call for Class Members to submit information germane to the claims for which liability; compensatory damages, restitution, and disgorgement; and entitlement to punitive damages have been determined. Plaintiffs may recommend the appointment of allocation counsel or other designees charged with reviewing the forms and information submitted by Class Members and resolving any individualized damages issues. Plaintiffs will then submit an itemized report the Court that recommends a specific damages allocation among Class Members. Class Members will have the opportunity to contest or comment upon the allocation recommendation prior to the Court entering final judgment.

### III. THE COURT MAY MODIFY THE TRIAL MANAGEMENT PLAN IF NEEDED

Plaintiffs will be prepared to address any case management concerns the Court may have as they arise. To the extent events occur during the course of litigation or trial that would require

1 modification of the Trial Management Plan, the Court may, in its discretion, modify the trial plan.[4]

Plaintiffs also reserve the right to suggest modifications to this Trial Management Plan in advance of trial as may become necessary.

Dated: April 28, 2021

Respectfully submitted,

By: /s/ *Sarah R. London*

Sarah R. London
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone: (415) 956-1000
slondon@lchb.com

By: /s/ *Dena C. Sharp*

Dena C. Sharp
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com

By: */s/ Dean Kawamoto*

Dean Kawamoto
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Ste. 3200
Seattle, WA 98101
Telephone: (206) 623-1900
dkawamoto@kellerrohrback.com

---

[4] The Court has "broad discretion to manage the conduct of a trial and the evidence presented by the parties." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2013 WL 5737310, at *2 (N.D. Cal. Oct. 22, 2013).

|   |   |
|---|---|
| 1 | |
| 2 | By: */s/ Ellen Relkin* |
| 3 | Ellen Relkin |
| 4 | **WEITZ & LUXENBERG**<br>700 Broadway |
| 5 | New York, NY 10003<br>Telephone: (212) 558-5500 |
| 6 | erelkin@weitzlux.com |
| 7 | *Co-Lead Counsel for Plaintiffs* |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |