# Exhibit 269

*Publication Date: August 9, 2021*

## MISREPRESENTATION

## Intentional Misrepresentation or Fraud

PLF claims that DFT intentionally misrepresented [describe statement], that PLF reasonably relied on DFT's statement, and as a result s/he suffered some injury. [During the trial, the lawyers have at times called this the fraud claim] To prove this claim, PLF must show, more likely than not, that six things are true:

1. DFT made a false statement to PLF.[1]  [This would include a misleading half-truth.].

2. The false statement concerned a fact that was important to PLF's decision.[2]

3. When DFT made the statement, s/he/it knew that it was false or recklessly disregarded the statement's falsity.

4. DFT intended PLF to rely on the false statement in making his/her/its decision.

5. PLF reasonably relied on DFT's statement.

6. By relying on DFT's false statement, PLF suffered some financial loss.[3]

I will now explain each item in more detail.

---

[1]  A party may also be liable for fraud by knowingly concealing or omitting material information in violation of a duty to disclose it. See *Buffalo-Water 1, LLC* v. *Fidelity Real Estate Co., LLC*, 481 Mass. 13, 25 (2018) (elements of fraud by omission). In such a case, the judge must adapt these instructions.

[2]  *Nota Construction v. Keyes Associates*, 45 Mass. App. Ct. 15 (1998); *Zimmerman v. Kent*, 31 Mass. App. Ct. 72, 78 (1991).

[3]  *Cumis Ins. Society, Inc. v. BJ's Wholesale Club, Inc.*, 455 Mass. 458, 471-472 (2009) ("To recover on their fraud claims, the plaintiffs must establish that the defendants made a false representation of material fact, with knowledge of its falsity, for the purpose of inducing the plaintiffs to act on this representation, that the plaintiffs reasonably relied on the representation as true, and that they acted upon it to their damage."), citing *Masingill v. EMC Corp.*, 449 Mass. 532, 540 (2007); *Danca v. Taunton Sav. Bank*, 385 Mass. 1 , 8 (1982).

### (a) False Statement

First, PLF must prove that DFT made a false statement to him/her/it. The statement might be clear and direct. Or it may be indirect, meaning that DFT's words [actions] reasonably suggested that the statement was true without him/her saying so. The statement may be oral or written [or made through DFT's actions, or any combination of these].

<*Misrepresentation of fact*>  PLF claims that DFT misrepresented an existing fact, namely [restate or summarize alleged misrepresentation]. Something is a fact if DFT can determine with certainty whether it is true or false. For instance, suppose that I am buying a used car and the seller says it has never been in an accident. If the car had been in an accident, then the seller misrepresented a fact, because it is possible to know with certainty whether or not the car was in an accident.

A pure opinion is not a fact. Also, a statement about a future event usually is not a fact, unless DFT had more knowledge or expertise about the particular future event than PLF did.[4]

<*No Duty to Volunteer*> DFT had no duty to volunteer information, in the absence of a question.[5]

<*Half-truths*> Half-truths may be misrepresentations of fact. If someone speaks about a matter, he or she must speak honestly and disclose all the important facts about that matter within his or her knowledge. DFT misrepresented facts if he/she/it gave PLF partial information but misled

---

[4]  *Zimmerman v. Kent,* 31 Mass. App. Ct. 72, 80 (2003). It may be wise to add some case-specific instructions if the court is also instructing about misrepresentation of the speaker's intention or opinion (discussed below). The jury may be confused by the apparent contradiction, given the subtle difference between statements about future events and misrepresentations about the speaker's intention

[5]  It may be wise to omit this sentence if the claim involves a claim of misrepresenting the speaker's actual intention. For instance, the judge might instruct: "However, unless DFT gave misleading partial information, s/he/it had no duty to volunteer information, in the absence of a question." Alternatively, the judge may omit the later instruction that a statement about future events is not usually a misrepresentation of fact.

PLF by failing to mention that DFT knew other important facts.[6]  For instance, if I am buying a house and the seller says that there is a working septic system, the seller has a duty to tell me if he or she knows that the system will stop working soon and needs immediate replacement.

<*Misrepresentation of Law*[7]> PLF claims that DFT misrepresented the law, namely [restate or summarize alleged misrepresentation]. To succeed on this claim, PLF must show that DFT had superior knowledge about the law and used that knowledge to take advantage of PLF's relative ignorance of the law. If both sides had about the same knowledge of the law, then PLF has not proven misrepresentation of law.

<*fact vs. opinion*> DFT's false statement must be factual [a misstatement of law] and not purely a matter of opinion. An opinion is a personal belief or view that DFT cannot prove right or wrong with certainty, such as who makes the best pizza.

In some cases, though, a statement that sounds like an opinion might suggest that the speaker knows facts to justify the opinion. In such cases, PLF must prove that a reasonable person could have understood that DFT's statement suggested that DFT knew of facts that justified the opinion. If there are no such facts, then you may find that DFT made a misrepresentation. For instance, if I sell you a car and tell you that it is in good condition, but I know for a fact that the car needs thousands of dollars in repairs just to run safely, I have made a misrepresentation of fact even though I have stated an opinion. [8]

In deciding how a reasonable person would understand the statement, you should consider all the circumstances and ask yourselves questions like these:

---

[6]  *Kannavos v. Annino,* 356 Mass. 42, 48 (1969); *Gossels v. Fleet National Bank*, 69 Mass. App. Ct. 797, 806 (2006).

[7]  *Kannavos v. Annino*, 356 Mass. 42, 44-45 (1969).

[8]  *Briggs v. Carol Cars, Inc.*, 407 Mass. 391, 396 (1990).

- o Was it possible to verify the statement? Generally, it is possible to verify a statement of fact but not an opinion.

- o Where and how did DFT make the statement? Sometimes the location or method of making a statement is more appropriate to stating facts; other methods and places may be more likely for expression of opinions.

- o What did else did DFT say? For instance, did DFT include any cautions that might lead a reasonable person to think that the statements were matters of opinion? Or, did DFT communicate in some way that would indicate s/he/it was asserting facts?

<*Misrepresentation of Intention or of actual opinion*> Expressing an intention about future events [opinion] usually is not a misrepresentation.[9] However, if I tell you that [I intend to do something, but actually I do not have that intention] [ I have an opinion], but I actually do not hold that opinion], then I have made a misrepresentation of fact. I have misrepresented what my true intention [opinion] is. [For instance, if I tell you that I plan to do business with you, but I really plan to do all my business with someone else, I have misrepresented my actual intention].[10] [For instance, if I tell you that a used car is reliable, but I actually don't think that it is, I may be held liable for misrepresenting what my opinion is.]

<*Non-disclosure*> Ordinarily, the mere failure to mention facts is not misrepresentation. However, a failure to mention facts can be a misrepresentation if DFT had a duty to speak up. In this case, PLF claims that DFT had a duty to tell him/her/it facts because [describe source of the alleged duty]. To prove that duty, PLF must show [describe facts needed to establish the duty]. If PLF proves these things, DFT had a duty to tell PLF

---

[9] It may be wise to omit or alter this sentence if the judge has given the earlier instruction about future events. See footnote 4 above.

[10] See *Cesso v. Todd*, 92 Mass. App. Ct. 131, 139 (2017), citing *McEvoy Travel Bureau, Inc. v. Norton Co.*, 408 Mass. 704, 709 (1990).

[describe facts] and may be liable for misrepresentation if s/he/it did not mention those facts.[11]

*<misrepresentation by conduct>*  Here, PLF claims that DFT made a misrepresentation through conduct rather than [in addition to] by written or spoken words. To prove this, s/he/it must show that a reasonable person who saw DFT's actions would understand that those actions communicated a statement about PLF. It is not enough just to show that PLF himself/herself believed that DFT's actions made a statement.

Based on all the evidence, you must decide whether a reasonable person would understand that DFT's actions in this case made a statement of fact.[12]

### (b) Materiality/Importance

The second thing PLF must prove is that the false statement was important. To do so, PLF must prove two things.

PLF must prove that the false statement concerned a fact that a reasonable person would consider important to the decision that PLF made in this case. For this purpose, you do not look at what PLF himself/herself considered important. Instead, you must focus on the decision that PLF was making and then decide what a reasonable person would consider important in making that decision.[13]  As the jury, you are in the best position to say what a reasonable person would consider important.

In addition, PLF must also prove that the false statement was one of the main reasons for PLF's decision, even if it was not necessarily the only reason.[14]

---

[11]  *Chace v. Curran*, 71 Mass. App. Ct. 258 (2007); *Rood v. Newberg*, 48 Mass. App. Ct. 185, 192 (1999) ("[N]ondisclosure may amount to fraud if a party 'is under a duty to the other [party] to exercise reasonable care to disclose the matter in question.' Restatement [Second] of Torts 551[1] [1977]").

[12]  See *Phelan v. May Dep't Stores Co.*, 443 Mass. 52, 58 (2004).

[13]  *Zimmerman v. Kent*, 31 Mass. App. Ct. 72, 78 (2003).

[14]  *Welch v. Barach*, 84 Mass. App. Ct. 113, 120-21 and n.11 (2013).

### (c) Defendant's Knowledge And Intent

Third, PLF must prove that when DFT made the statement, s/he knew the statement was false or recklessly disregarded the statement's falsity.

[Insert definition of "knowledge", if applicable]

[Insert definition of "reckless" if applicable]

If DFT could easily have found out the truth and failed to do so, then DFT was reckless even if s/he/it believed that his/her/its statement was true. For instance, DFT was reckless if, by exercising even a little diligence, s/he/it had easy access to accurate facts and failed to check out those facts.[15]

### (d) Intent for PLF to Rely

Fourth, PLF must prove that DFT intended PLF to rely on the false statement in making his/her/its decision. PLF does not have to prove that DFT intended to deceive him/her/it. Rather, PLF must show that DFT intended PLF to rely on the statement.[16]

[Insert from "Definitions" Instruction : definition of "intent"]

---

[15] *Zimmerman v. Kent,* 31 Mass. App. Ct. 72, 81-82 (2003), citing *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 403, 406 (1888); *Acushnet Fed. Credit Union* v. *Roderic*k, 26 Mass. App. Ct. 604, 605 (1988).

[16] Primarily in cases involving real estate sales and "particularly where … the seller was also the builder of the structure", the Courts have said that:

It is the law in the Commonwealth that proof of the elements of knowledge and intent in actions for fraudulent misrepresentation "may be maintained by proof of a statement made, as of the party's own knowledge, which is false, provided the thing stated is not merely a matter of opinion, estimate, or judgment, but is susceptible of actual knowledge; and in such case it is not necessary to make any further proof of an actual intent to deceive."

*Henderson* v. *D'Annolfo*, 15 Mass. App. Ct. 413, 422 (1983). See also *Levine* v. *E.F. Hutton & Co., Inc.*, 15 Mass. App. Ct. 976 (1983) (citing Restatement [Second] of Torts § 552C); *New England Foundation Co.* v.  i., 306 Mass. 177, 183 (1940) ("The misrepresentations in the case at bar were all as to facts susceptible of actual knowledge, and no further proof of an actual intent to deceive was required."); *Yorke* v. *Taylor*, 332 Mass. 368, 371 [1955] (rescission of contract).

If PLF did not deal on a one-to-one basis with DFT, PLF must prove that DFT had reason to expect that PLF [or a class of persons including PLF] would rely on the misrepresentation.[17] [Insert additional instruction, if applicable, from Professional Negligence instruction.]

### (e) Reliance

<u>Fifth,</u> PLF must prove that s/hereasonably relied on DFT's statement. This issue has two parts. To begin with, PLF must prove that s/he/it actually relied on DFT's misrepresentation.

In addition, PLF must prove that his/her/its reliance on DFT's statement was reasonable under the circumstances. You must decide whether a reasonable person in PLF's circumstances would have relied on the statement.

Generally, people are justified in relying on the truth of a statement[18] PLF had no duty to make an independent investigation of the truth or falsity of DFT's statement, even though an investigation might have revealed that the statement was false.[19] PLF's reliance is reasonable if s/he/it used his/her/its common sense, paid attention to the facts, and did not blindly rely on a misrepresentation when even a very brief examination would show that the statement was false.

However, if PLF knew the statement was false, then, of course, it was not reasonable to rely on it. It is also unreasonable to rely on a statement that is

---

[17] *Reisman v. KPMG Peat Marwick LLP*, 57 Mass. App. Ct. 100, 110 (2003).

[18] "[I]n *Yorke v. Taylor*, 332 Mass. 368, 374 (1955), this court adopted the rule of the Restatement of Torts § 540 (1938), which states: 'The recipient in a business transaction of a fraudulent misrepresentation of fact is justified in relying on its truth, although he might have ascertained the falsity of the representation had he made an investigation.' " *Kuwaiti Danish Computer Co. v. Digital Equipment Corporation*, 438 Mass. 459, 467 (2003).

[19] *Zimmerman v. Kent,* 31 Mass. App. Ct. 72, 81 (2003), citing *Yorke v. Taylor*, 332 Mass. at 374. *Henderson v. D'Annolfo*, 15 Mass. App. Ct. 413 , 423 (1983). Restatement (Second) of Torts § 540. Compare *Mahaney v. John Hancock Mut. Life Ins., Co.*, 6 Mass. App. Ct. 919 , 920 (1978) (plaintiff cannot sustain claim of common-law deceit where he relied upon preposterous representation).

obviously false or preposterous.[20]  It is also unreasonable to rely upon statements that were obviously just hype or sales talk and nothing more. As I mentioned earlier, though, it can be reasonable to expect that people won't use hype to hide important facts or tell misleading half-truths.[21]

In deciding the reasonable reliance question, you may consider all the circumstances, including whether any facts should have alerted PLF to the statement's possible falsity and whether DFT's representations led PLF not to undertake an independent examination of the facts or lulled PLF to place confidence in DFT's assurances.[22]

<*Reliance – Contractual Disclaimers*>  You may also consider that the written contract between PLF and DFT says: "[recite language of disclaimer]."  This language does not automatically require you to decide in DFT's favor.[23]  People sometimes sign form agreements with this kind of language even though they correctly believe that the other side made representations and even though they rely upon those representations. You may consider the contract language as some evidence that DFT made no representations and that it was unreasonable to rely upon any representations. However, other evidence may persuade you that DFT did make misrepresentations and that PLF reasonably relied on them. The final decision on these issues is for you as the jury.

---

[20] "Restatement (Second) of Torts § 541 states: 'The recipient of a fraudulent misrepresentation is not justified in relying upon its truth if he knows that it is false or its falsity is obvious to him.' There is thus a distinction between a falsity that could only be uncovered by way of 'investigation' and a falsity that was readily apparent or 'obvious.' Comment a to Restatement (Second) of Torts § 540, supra, states that, 'if a mere cursory glance would have disclosed the falsity of the representation, its falsity is regarded as obvious under the rule stated in § 541.' " *Kuwaiti Danish Computer Co. v. Digital Equipment Corporation*, 438 Mass. 459, 467 (2003).

[21] *Kabatchnick v. Hanover-Elm Bldg. Corp.*, 328 Mass. 341, 344 (1952); Stolzorr v. Waste Systems, 58 Mass. App. Ct. 747, 760 (2003).

[22] Snyder v. Sperry & Hutchinson Co., 368 Mass. 433, 446 (1975); *Zimmerman v. Kent,* 31 Mass. App. Ct. 72, 80-81 (2003).

[23] See *Sheehy v. Lipton Indus., Inc.*, 24 Mass. App. Ct. 188, 193-194 (1987).

## (f)  Economic Loss

Sixth, PLF must prove that he suffered some financial or economic loss because he relied on DFT's false statement. You must ask: "Would the same harm have happened without DFT's misrepresentation?" In other words, did the false statement make a difference? If DFT's false statement had an impact on PLF's harm, then it caused that harm. But if the misrepresentation had no impact on PLF's injuries and the same harm would have happened anyway, then DFT did not cause the harm.[24]

## (g) Damages

If PLF has proven all six things I mentioned, then you should award money damages to compensate PLF for his/her/its injury. By instructing you on damages, I am not suggesting anything about your answers to Questions __ or __.

The purpose of damages is to give PLF the benefit of what DFT promised or represented. You may not award damages for the purpose of rewarding PLF or punishing DFT.  Damages for misrepresentation do not include emotional distress.

As with the other elements of his/her/its claim, PLF must prove that the defendant's conduct more likely than not caused the damages. You should not award damages for any harm that PLF or someone other than DFT caused.

 You must determine an amount that will compensate PLF for the loss of economic value that resulted from DFT's false statement. You should ask: "Would PLF have benefited if DFT's statement had been true?"  If so, you should award money damages to compensate PLF for the value of the benefits that PLF lost because DFT's statement was false.

---

[24]  Cf. *Doull* v. *Foster*, 487 Mass. 1, 17 (2021) (but-for causation in a negligence case).

To do this, you determine the value that PLF would have received if DFT's representations had been true. Then you subtract the value of what PLF actually received. The result is PLF's damages.[25]

<*if plaintiff is buyer of property*> In this case PLF's damages are the difference between the [property]'s market value at the time of the sale and [what DFT said the [property was worth] [what the property would have been worth if DFT's statements were true]

<*if plaintiff is a purchaser of stock*>  If DFT's misrepresentation caused PLF to buy shares of stock, you should award damages for loss of the stock's value. You do this by taking the price that PLF paid for the stock and subtracting the market value of the stock at the time PLF discovered the misrepresentation.[26]

<*out of pocket damages*> In addition, if the misrepresentation caused PLF to have any reasonably foreseeable expenses, you should compensate PLF by awarding money damages for those expenses.

I'll conclude with a few general instructions about all types of damages that I have mentioned in this case.

Sometimes there is an element of uncertainty in proving one or more type of damage. That does not necessarily prevent you from awarding full and fair compensation. It is true that the evidence must make it possible for you to determine damages in a reasonable manner. However, we leave the

---

[25] *Rice v. Price*, 340 Mass. 502, 508 (1960). There is flexibility in the measure of damages where this rule does not compensate for the "direct results of the wrong." *Id.* at 510-511  See *Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co.*, 445 Mass. 411, 425 (2005)(" the benefit of the bargain rule 'may be modified or supplemented to prevent injustice,'"), *quoting Anzalone v. Strand*, 14 Mass. App. Ct. 45, 48 n.2 (1982). Note that benefit of bargain damages are not appropriate where the plaintiff's only damage is lost opportunity for profit. *Twin Fires*, 445 Mass. at 425 ("Our courts have consistently limited the award of benefit of the bargain damages to cases of intentional misrepresentation where the person who was the target of the misrepresentation has actually acquired something in a transaction that is of less value than he was led to believe it was worth when he bargained for it.").

[26] *Reisman v. KPMG Peat Marwick LLP*, 57 Mass. App. Ct. 100, 113 (2003).

amount of damages to your judgment, as members of the jury, sometimes with little evidence. You may not determine PLF's damages by guessing. But you may award damages  if the evidence allows you to draw fair and reasonable conclusions about the amount.

[<*closing arguments*> The law allows the lawyers to suggest an amount of damages in their closing arguments, but you should understand that any suggestions the lawyers make are not evidence and do not set any sort of standard or floor or ceiling for the amount of damages – it is up to you to evaluate the damages, based on the evidence and your own judgment.]

Finally, once you have calculated damages for each type of damage that I described, you should add together each of these types of damages to arrive at a total award. You should write down an amount both in numbers and in words on the verdict slip. The total sum must not exceed fair compensation for the entire economic loss. You must avoid duplication or double counting of any elements of damages.

You must not consider any interest upon your damages award. The court will calculate interest on any award. In addition, you may not consider federal or state income taxes, because any damages in this case may or may not be subject to taxation. Someone else will have to address any tax considerations depending upon what you decide. In other words, just follow my instructions on what issues to consider. If you go beyond what I have outlined, your verdict may well have consequences that you did not intend.

## Negligent Misrepresentation

PLF claims that DFT negligently misrepresented [describe statement], and that PLF reasonably relied on DFT's statement. To prove this claim, PLF must show, more likely than not, that six things are true:[27]

---

[27] In Cumis Ins. Society, Inc. v. BJ's Wholesale Club, Inc., 455 Mass. 458, 471-472 (2009), the court said:

1.  DFT made a false statement to PLF.

2.  In supplying the statement, DFT acted in the course of his/her/its business or in a transaction where DFT had a financial interest.

3.  DFT made the statement for PLF's guidance in his/her/its business transactions.

4.  DFT failed to use reasonable care in making the statement.

5.  PLF reasonably relied on DFT's statement.

6   PLF suffered some financial loss by relying on DFT's false statement.[28]

I will now explain each item in more detail.

### (a) False Statement

PLF must first prove that DFT made a false statement. [Insert applicable portions of "False Statement" section from "Intentional Misrepresentation" instruction]

---

To prevail on their negligent misrepresentation claims, the plaintiffs must establish in this context that the defendants, "in the course of [their] business, profession or employment, or in any other transaction in which [they had] a pecuniary interest, suppli[ed] false information for the guidance of others in their business transactions" without exercising "reasonable care or competence in obtaining or communicating the information," that those others justifiably relied on the information, and that they suffered pecuniary loss caused by their justifiable reliance upon the information. [Note 22] See *Nycal Corp. v. KPMG Peat Marwick LLP*, 426 Mass. 491, 496 (1998), quoting Restatement (Second) of Torts § 552 (1977).

See also *DeWolfe v. Hingham Centre, Ltd.*, 464 Mass. 795, 800 (2013). This formulation does not expressly include "materiality" as an element, although "reasonable reliance" effectively precludes recovery for immaterial misrepresentations. However, the standard statement regarding negligent representation to a limited group of people (see Instruction X.1.3, below) does expressly include both materiality and reasonable reliance. If requested, the judge may opt to include a materiality instruction comparable to § (b) of the intentional misrepresentation instruction, above.

[28] An exception to the economic loss doctrine allows recovery of economic damages for negligent misrepresentation. *Nota Construction v. Keyes Associates*, 45 Mass. App. Ct. 15, 20 (1998).

### (b) In a Business or Financial Context

Second, PLF must show that, in making the statement, DFT either (i) acted in the course of his/her/its business, or (ii) acted in the course of a transaction where DFT had a financial interest. PLF does not have to show that DFT acted in both of these ways. However, comments made during a purely social meeting or event do not meet this test.[29]

### (c) Made to Guide Plaintiff

Third, PLF must show that DFT made the statement for PLF's guidance in PLF's own business transactions.

### (d) Negligence

Fourth, PLF must show that DFT made the statement negligently. DFT was negligent if s/he/it failed to use the amount of care that a reasonable [company] [person] would use in the circumstances to determine what s/he/it said was true. PLF does not have to prove that DFT knew that the statement was wrong.[30]

In deciding whether DFT used reasonable care, you should consider all the circumstances and ask questions such as:

- o How easy or difficult would it have been for DFT to learn the truth, and avoid making a false statement?

- o How did DFT expect PLF to use the statement?

- o How likely was the false statement to cause economic loss?

- o How severe would the economic loss be?

A person should take greater precautions as the likelihood and severity of the potential harm increases. What is reasonable may vary according to the other circumstances of this case. It is your decision, as the jury, to decide

---

[29] *Sampson v. MacDougall,* 60 Mass. App. Ct. 394, 400 (2004).

[30] Cumis Ins. Society, Inc. v. BJ's Wholesale Club, Inc., 455 Mass. 458, 471-472 (2009).

what a reasonable and careful [company] [person] would have done in the circumstances.

### (e) Reliance

Fifth, PLF must show that s/he/it reasonably relied on the statement [use appropriate portion of "Reliance" section from "Intentional Misrepresentation" instruction]

### (f) Economic Loss

Sixth, PLF must show that s/he/it suffered financial or economic loss because of reliance on DFT's false statement. You must ask: "Would the same harm have happened without DFT's misrepresentation?" In other words, did the false statement make a difference? If DFT's false statement had an impact on PLF's harm, then it caused that harm. But if the misrepresentation had no impact on PLF's injuries and the same harm would have happened anyway, then DFT did not cause the harm.

### (g) Damages

If PLF has proven all six things I mentioned, then you should award money damages to compensate PLF for any harm caused by DFT's misrepresentation. By instructing you on damages, I am not suggesting anything about your answers to Questions __ or __.

You may not award damages for the purpose of rewarding PLF or punishing DFT.  Damages for misrepresentation do not include emotional distress.

PLF must prove that DFT's conduct more likely than not caused the damages. You should not award damages for any harm that PLF or someone other than DFT caused.

 You must decide what amount of money will fairly compensate PLF for his/her/its loss. [<*if claim is for loss of property*> To do this, you determine what PLF paid for the [property, asset] and subtract what it was actually

worth on the open market at that time, if its true quality had been
known.[31]]

<*out of pocket damages*> In addition, if the misrepresentation caused PLF
to have any reasonably foreseeable expenses, you should compensate PLF
by awarding money damages for those expenses.

I'll conclude with a few general instructions about all types of damages that
I have mentioned in this case Sometimes there is an element of uncertainty
in proving one or more type of damage. That does not necessarily prevent
you from awarding full and fair compensation. It is true that the evidence
must make it possible for you to determine damages in a reasonable
manner. However, we leave the amount of damages to your judgment, as
members of the jury, sometimes with little evidence. You may not
determine PLF's damages by guessing. But you may award damages  if the
evidence allows you to draw fair and reasonable conclusions about the
amount.

[<*closing arguments*> The law allows the lawyers to suggest an amount of
damages in their closing arguments, but you should understand that any
suggestions the lawyers make are not evidence and do not set any sort of
standard or floor or ceiling for the amount of damages – it is up to you to
evaluate the damages, based on the evidence and your own judgment.]

Finally, once you have calculated damages for each type of damage that I
described, you should add together each of these types of damages to
arrive at a total award. You should write down an amount both in numbers
and in words on the verdict slip. The total sum must not exceed fair

---

[31] The court in *Anzalone v. Strand*, 14 Mass. App. Ct. 45, 51 (1982) said:

> In *Danca v. Taunton Sav. Bank*, 385 Mass. 1, 9 (1982), however, the court concluded that
> the "benefit of the bargain" rule was not the proper measure of damages where the
> misrepresentation involved was negligent rather than fraudulent. It adopted instead the
> rule set forth in § 552B of the Restatement (Second) of Torts. Under § 552B(1), the
> plaintiff would be entitled to recover damages equal to the difference between the value
> of what she received and the purchase price, plus any other pecuniary loss suffered as a
> consequence of her reliance on the misrepresentation.

compensation for the entire economic loss. You must avoid duplication or double counting of any elements of damages.

You must not consider any interest upon your damages award. The court will calculate interest on any award. In addition, you may not consider federal or state income taxes, because any damages in this case may or may not be subject to taxation. Someone else will have to address any tax considerations depending upon what you decide. In other words, just follow my instructions on what issues to consider. If you go beyond what I have outlined, your verdict may well have consequences that you did not intend.

## Negligent Misrepresentation To A Limited Group

*<If defendant is subject to a professional standard of care, See Professional Liability Instruction>*

PLF claimed that s/he/it suffered a financial loss because of false information that DFT provided negligently to [PLF] [a limited group of people] for guidance in [describe business transaction]. To prove this claim, PLF must show, more likely than not, that eight things are true:

1. DFT supplied false information.

2. In supplying the statement, DFT acted in the course of his/her/its business or in a transaction where DFT had a financial interest.

3. The false information concerned a fact that a reasonable person would consider important to PLF's decision.

4. DFT intended to supply the information for [PLF's benefit] [the benefit of a limited group of people that included PLF].

5. DFT intended to influence [describe transaction at issue], or a substantially similar transaction.[32]

6. DFT failed to use reasonable care to determine whether the information was true or false.

---

[32] *Nycal Corp. v. KPMG Peat Marwick LLP*, 426 Mass. 491, 497 (1998).

7. PLF reasonably relied on DFT's statement.[33]

8. By relying on DFT's false statement, PLF suffered some financial loss in [describe transaction]. [34]

I will now explain each item in more detail.

### (a) False Statement

PLF must first prove that DFT [made a false statement] [supplied false information]. [Insert applicable portions of "False Statement" section from "Intentional Misrepresentation" instruction]

### (b) In a Business or Financial Context

Second, PLF must show that, in supplying the statement, DFT acted in one of two ways. PLF may show that DFT acted in the course of his/her/its business. PLF may also show that DFT acted in the course of a transaction where DFT had a financial interest. PLF does not have to show both of these ways. However, comments made during a purely social meeting or event do not meet this test.[35]

### (c) About Something Important

Third, PLF must prove, more likely than not, that the false statement concerned a fact that a reasonable person would consider important in

---

[33] Omit this element if the defendant is a seller of securities. *Marram v. Kobrick Offshore Fund, Ltd.*, 442 Mass. 43, 52 (2004) (In a securities case "[i]t is enough for the plaintiff to establish that (1) the defendant "offers or sells a security"; (2) in Massachusetts [Note omitted]; (3) by making "any untrue statement of a material fact" or by omitting to state a material fact; (4) the plaintiff did not know of the untruth or omission; and (5) the defendant knew, or "in the exercise of reasonable care [would] have known," of the untruth or omission. G. L. c. 110A, § 410(a)(2)."); *Crown v. Kobrick Offshore Fund, Ltd.*, 85 Mass. App. Ct. 214, 223 (2014).

[34] An exception to the economic loss doctrine allows recovery of economic damages for negligent misrepresentation. *Nota Construction v. Keyes Associates*, 45 Mass. App. Ct. 15, 20 (1998).

[35] This element appears in § 522 of the Restatement (Second) of Torts, adopted in *Nycal Corp. v. KPMG Peat Marwick LLP*, 426 Mass. 491, 495-496 (1998). This instruction therefore includes it, even though the court's summary in *Nycal*, 426 Mass. at 497, does not. *See also Sampson v. MacDougall,* 60 Mass. App. Ct. 394, 400 (2004).

making the decision that PLF made here. For this purpose, you do not look at what PLF himself/herself considered important. Instead, you must focus on the decision that PLF was making and then decide what a reasonable person would consider important in making that decision.[36]  As the jury, you are in the best position to say what a reasonable person would consider important.

### (d) Intent to Benefit [Plaintiff] [Group]

Fourth, PLF must show that DFT intended to supply the information for [PLF's benefit] [the benefit of a limited group of people that included PLF]. For this purpose, DFT may provide the information himself/herself/itself. Or DFT may supply the information to someone else who DFT knew would supply the information to PLF [or the limited group].

*<If DFT did not know PLF's identify as a recipient of the information>* PLF must show that DFT intended the information to reach and influence a limited group of people. PLF must also prove that s/he/it was a member of the limited group. PLF does not have to show that DFT knew his/her name or knew that PLF himself/herself would receive the information.

It is not enough to prove that DFT expected that a large group of people would eventually have access to the information and rely upon it. It is almost always possible that someone will repeat information to others who may rely on it, but the law does not make a person liable to unknown groups of people. PLF must show that DFT intended to distribute the information to a certain group of people and that PLF was in that group.[37]

### (e) Intent to Influence Transaction

Fifth,  PLF must show that DFT intended to influence [describe transaction in this case] [or in a substantially similar transaction]. DFT is not liable for influencing unknown transactions. However, PLF does not have to show that

---

[36]  *Zimmerman v. Kent,* 31 Mass. App. Ct. 72, 78 (2003).

[37]  *Nycal Corp. v. KPMG Peat Marwick LLP,* 426 Mass. 491, 497 (1998).

DFT knew the precise transaction in this case. So, PLF must show that DFT intended to influence [describe transaction at issue] [or a similar transaction].

PLF may prove this in either of two ways.  PLF may prove DFT himself/herself/itself intended to influence the transaction. Or, PLF may show that, when providing the information to someone else, DFT knew that that person intended to influence the transaction. In either case, DFT must know that the information would be used in [describe the transaction at issue] [or in similar transactions].

*<If appropriate, insert instruction on Knowledge>*

PLF must also show DFT's intent. PLF must show that DFT intended to supply the information for the purpose of influencing [describe the transaction at issue] [or similar transactions] and that DFT did this himself/herself or through another person. [PLF can do this showing that DFT provided the information to a person who s/he knew intended to influence [describe the transaction at issue] [or similar transactions]].

*<If appropriate, insert instruction on Intent to Produce a Result>*

## (f)  Negligence

Sixth, PLF must show that DFT provided the false information negligently. DFT was negligent if s/he/it failed to use the amount of care that a reasonable [person] [company] would use in the circumstances to determine what what s/he/it said was true. PLF does not have to prove that DFT knew that the statement was wrong.[38]

In deciding whether DFT used reasonable care, you should consider all the circumstances and ask questions such as:

- o What use did DFT expect [PLF] [describe limited group] would make of the information at issue?

---

[38] *Cumis Ins. Society, Inc. v. BJ's Wholesale Club, Inc.,* 455 Mass. 458, 471-472 (2009).

- o How likely was the false information to cause any loss?
- o How severe a loss would result from the false information?
- o What would it take, in terms of money or effort, for DFT to obtain or supply correct information?

A person should take greater precautions as the likelihood and severity of the potential harm increases. What is reasonable may vary according to the other circumstances of this case. It is your decision, as the jury, to decide what a reasonable and careful [company] [person] would have done in the circumstances.

## (g) Reliance

Seventh, PLF must show that s/he/it reasonably relied on the false [statement] [information]

[use appropriate portion of "Reliance" section from "Intentional Misrepresentation" instruction]

## (h) Economic Loss

Eighth, PLF must show that, because of reliance on DFT's false information s/he/it suffered some financial or economic loss in [describe transaction] [or in a substantially similar transaction].

## (i) Damages

<*insert "Damages" section from "Intentional Misrepresentation" instruction*>