# Appendix A

**Table A: States Included in the Independent Claim Class**

| Alaska | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. There is no authority directly addressing this issue. | **Plaintiffs' classification** | Unclear. There is no authority directly addressing this issue. |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 3. | **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 3 ("No authority directly addressing this issue."). |

| Arizona | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Yes. Arizona appellate courts have issued rulings indicating that the state's highest court would recognize an independent claim for medical monitoring. *Burns v. Jaquays Min. Corp.*, 752 P.2d 28, 33 (Az. Ct. App. 1987) (granting "plaintiffs' claim for recovery of damages to institute a medical surveillance."); *Quiroz v. Alcoa Inc.*, 382 P.3d 75, 79 (Ct. App. 2016) (discussing the "claim" of medical monitoring). The sole Arizona Supreme Court case relevant to this topic, *Quiroz v. Alcoa Inc.*, does not contradict this conclusion. 416 P.3d 824 (2018) (discussing whether the owner of an asbestos plant owed a duty to the relatives of its employees). | **Plaintiffs' classification** | No. *Burns* did not require extant physical injury. 752 P.2d at 33. Rather, adopting analysis from a New Jersey case the court looked to whether reliable expert testimony about the significance and extent of exposure shows that monitoring needed. *Id.* (looking at "[1] the toxicity of [the contaminant], [2] the seriousness of the diseases for which the individuals are at risk, [and 3] the relative increase in the chance of onset of the disease in those exposed and the value of early diagnosis" and whether "surveillance to monitor the effects of exposure to toxic chemicals is reasonable and necessary"). |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 4. | **Do Defendants agree with Plaintiffs' classification?** | Yes. "Present physical injury is not required to recover medical monitoring relief." *See* Opp'n, App. A at 4. |

| Colorado | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Yes. Although Colorado state courts have not yet considered the issue, two district court judges have predicted that the Colorado Supreme Court would permit an independent claim for medical monitoring. *Cook v. Rockwell Int'l Corp.*, 778 F. Supp. 512, 514 (D. Colo. 1991) ("Although Colorado has yet to do so, I conclude that the Colorado Supreme Court would probably recognize, in an appropriate case, a tort claim for medical monitoring."); *Bell v. 3M Company*, 344 F. Supp. 3d 1207, 1224 (D. Colo. 2018) (same). | **Plaintiffs' classification** | No. *Bell v. 3M Company*, 344 F. Supp. 3d 1207, 1224 (D. Colo. 2018) ("[I]n an appropriate case, the Colorado Supreme Court would probably recognize a claim for medical monitoring absent present physical injury."). |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 5 ("[T]here is no state authority on the issue."). | **Do Defendants agree with Plaintiffs' classification?** | Unclear. *See* Opp'n, App. A at 5 ("[P]resent physical injury is probably not required"). |

| Delaware | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. Although there is no clear state authority on this issue, the Eastern District of Pennsylvania "predict[ed] that the Delaware Supreme Court would permit a claim for medical monitoring." *Guinan v. A.I. DuPont Hosp. for Child.*, 597 F. Supp. 2d 517, 538 (E.D. Pa. 2009) (*overruled by M.G. v. A. I. Dupont Hosp. for Children*, 393 F. App'x 884, 891-92 (3d Cir. 2010) ("[T]he District Court erred in extending Delaware law beyond the bounds of the recognized medical monitoring claim in which a plaintiff alleges long-term exposure to a proven toxic substance with known tendencies to produce serious future medical injuries. . . . Here, there is no toxic or hazardous substance."). | **Plaintiffs' classification** | Unclear. Caselaw indicates that a plaintiff must show "direct contact with [a] contaminant," *Mergenthaler v. Asbestos Corp. of Am.*, 480 A.2d 647 (Del. 1984), as well as some form of "physical impairment or illness," *In re Asbestos Litig.*, 1994 WL 721763, at *6 (Del. Super. Ct. June 14, 1999), and that an "increased risk of illness" alone is not sufficient to establish injury, *Baker v. Croda Inc.*, No. 1:20-cv-01108-SB, 2021 U.S. Dist. LEXIS 225695, at *1 (D. Del. Nov. 23, 2021). |
| **Do Defendants agree with Plaintiffs' classification?** | Unclear. | **Do Defendants agree with Plaintiffs' classification?** | Unclear. |

| District of Columbia | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Yes. Although one D.C. federal district court has reached the opposite conclusion, the highest court to consider the issue held that the District of Columbia would recognize an independent claim for medical monitoring.  *Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 746 F.2d 816, 819 (D.C. Cir. 1984) (predicting that the District of Columbia Court of Appeals would recognize a "cause of action for diagnostic examinations."). Courts within the District of Columbia have expanded on this approach. *See Reed v. Philip Morris, Inc.,* No. 96-cv-5070, 1999 WL 33714707, at *20, n.19 (D.C. Super. Ct. July 23, 1999) (recognizing a claim for medical monitoring and establishing the elements of such a claim). | **Plaintiffs' classification** | No. *Friends for All Children* and *Reed* establish that no physical injury is required in connection with a claim for medical monitoring. *Friends for All Children*, 746 F.2d at 819 (predicting that the District of Columbia Court of Appeals would recognize a "cause of action" for medical monitoring "in the absence of proof of actual injury"); *Reed,* 1999 WL at *20, n.19 (recognizing the following elements necessary to establish a claim for medical monitoring: (1) plaintiff was significantly exposed to a proven hazardous substance through the negligent acts of the defendant; (2) as a proximate result of that exposure, plaintiff suffers a significantly increased risk of contracting a serious latent disease; (3) that increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial). |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 7 ("[F]ederal courts have made differing predictions."). | **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 7 ("[F]ederal courts have reached different conclusions."). |

| Florida | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Yes. It is well established that Florida recognizes independent claims for medical monitoring. *See Petito v. A.H. Robins Co., Inc.*, 750 So. 2d 102 (Fla. App. 1999) (recognizing an independent claim for medical monitoring); *Petito* has been followed by other courts in applying Florida law. *See In re Nat'l Hockey League Players' Concussion Injury Litig.*, 327 F.R.D. 245, 261-62 (D. Minn. 2018) (noting that Florida recognizes medical monitoring "as an independent cause of action that does not require proof of present injury or cellular or subcellular harm"). | **Plaintiffs' classification** | No. *Petito* held that Florida law does not require proof of present injury or cellular or subcellular harm. *Id.* at 106-07. |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 8. | **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 8. |

| Hawaii | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Likely yes. Although there is no controlling authority on the topic of medical monitoring, Hawaiian courts permit the recovery of future medical expenses. *See Gilding v. State*, 130 Haw. 347, 310 P.3d 1048 (Ct. App. 2012) ("[T]o permit an award for future medical . . . expenses," a plaintiff must provide sufficient evidence to show the medical expenses are necessary and the charges reasonable.") (alterations in original) (*quoting Condron v. Harl*, 46 Haw. 66, 76, 374 P.2d 613, 619 (1962)). | **Plaintiffs' classification** | Likely no. Although *Gilding* is not squarely relevant, there the court of appeals held that a plaintiff was entitled to future medical expenses upon a showing that the expenses were reasonable and necessary. The single federal district court to consider this issue held that "Plaintiffs must show a compensable harm by adducing objective testimony of a *functional impairment* due to asbestos exposure. A claimant's subjective testimony as to shortness of breath and fatigue without more is not sufficient. In other words, the mere presence of asbestos fibers, pleural thickening or pleural plaques in the lung unaccompanied by an objectively verifiable functional impairment is not enough." *In re Hawaii Fed. Asbestos Cases*, 734 F. Supp. 1563, 1567 (D. Haw. 1990). |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 9 (*citing In re NHL Players' Concussion Injury Litig.*, 327 F.R.D. 245, 262 (D. Minn. 2018)). | **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 9. |

| Idaho | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. There is no authority directly addressing this issue. | **Plaintiffs' classification** | Likely no. Although there is a dearth of state law on this issue, one federal district court refused to dismiss a plaintiff's claim for medical monitoring damages despite the lack of present injury. *See Hepburn v. Bos. Sci. Corp.*, No. 3:17-cv-00530-DCN, 2018 WL 2275219, at *5 (D. Idaho May 17, 2018). |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 10 (*citing In re NHL Players' Concussion Injury Litig.*, 327 F.R.D. 245, 262 (D. Minn. 2018)). | **Do Defendants agree with Plaintiffs' classification?** | Unclear. |

| Illinois | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. In *Berry v. City of Chi.*, the Illinois Supreme Court considered a negligence claim for which the plaintiff sought medical monitoring as a remedy; the court did not discuss whether it would recognize an independent claim for medical monitoring. 181 N.E.3d 679, 689 (Ill. 2020). | **Plaintiffs' classification** | Likely no. Per *Berry*, Illinois requires a physical injury greater than merely an increased risk of harm. *Id.* ("A plaintiff who suffers bodily harm caused by a negligent defendant may recover for an increased risk of future harm as an element of damages, but the plaintiff may not recover solely for the defendant's creation of an increased risk of harm."); *Leslie v. Medline Indus., Inc.*, No. 20-cv-01654, 2021 U.S. Dist. LEXIS 188945, at *34 (N.D. Ill. Sep. 30, 2021) ("[I]t is clear that a higher than average cancer risk, without physical injury, is not actionable under *Berry*."). |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 11 ("[A]vailable law suggests that medical monitoring is a remedy, not a cause of action."). | **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 11. |

| Iowa | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. The sole state Supreme Court decision to consider medical monitoring upheld a jury's award of future medical expenses as a remedy but did not address whether the plaintiff could have brought an independent claim for medical monitoring. *See Beeman v. Manvill Corp. Asbestos Disease Compensation Fund*, 496 N.W.2d 247 (Iowa 1993). One federal district court predicted that "the Iowa Supreme Court, if confronted with the opportunity to recognize a medical monitoring cause of action, would either decline to do so or would require an actual injury." *Pickrell v. Sorin Grp. USA, Inc.*, 293 F. Supp. 3d 865, 868 (S.D. Iowa 2018). | **Plaintiffs' classification** | No. In *Beeman*, the Iowa Supreme Court affirmed a jury's award of future medical expenses for a plaintiff who suffered "pleural plaques, a thickening of the lining of the lungs, and . . . asbestosis, a scarring of the lungs caused by inhalation of asbestos fibers. Neither condition is cancerous or necessarily fatal. Expert testimony stated that asbestotics face an increased risk of lung cancer and mesothelioma." 496 N.W.2d at 250. |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 12 ("[T]here is no state authority recognizing an independent medical monitoring claim."). | **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 12 ("[P]resent physical injury would probably be required."). |

| Maine | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. There is no authority directly addressing this issue. | **Plaintiffs' classification** | Unclear. In the context of a failure to warn action, the Maine Supreme Court held that "even assuming that any inhalation of asbestos dust immediately causes microscopic injury to lung tissues, we conclude that the subclinical injury resulting from such inhalation" is not sufficient to plead a tort cause of action. *Bernier v. Raymark Industries, Inc.*, 516 A.2d 534, 543 (Me. 1986). *Bernier* does not articulate what would constitute sufficient injury. *Id.* |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 13. | **Do Defendants agree with Plaintiffs' classification?** | Unclear. |

| Massachussetts | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Yes. In *Donovan v. Philip Morris USA, Inc.*, the Massachusetts Supreme Court rejected defendant's argument that medical monitoring claims are not cognizable under Massachusetts law. 914 N.E. 2d 891, 898 (Mass. 2009). | **Plaintiffs' classification** | No. *Donovan* held, "when competent medical testimony establishes that medical monitoring is necessary to detect the potential onset of a serious illness or disease due to physiological changes indicating a substantial increase in risk of harm from exposure to a known hazardous substance, the element of injury and damage will have been satisfied and the cost of that monitoring is recoverable in tort." *Id.* at 901. The court noted, "[n]o particular level or quantification of increase in risk of harm is necessary, so long as it is substantial and so long as there has been at least a corresponding subcellular change." *Id.* |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 14. | **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 14 ("Present physical injury is required, but subcellular damage qualifies."). |

| Minnesota | | | |
| --- | --- | --- | --- |
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. The highest court of Minnesota has not yet ruled on this issue and conflicting caselaw renders the issue unclear. *Compare In re NHL Players' Concussion Injury Litig.*, 327 F.R.D. 245, 264 (D. Minn. 2018) ("To succeed on their medical monitoring claim under Minnesota law, Plaintiffs must prove that they incurred cell damage (injury) as a result of being exposed to the hazard of playing hockey in the NHL (causation), and the consequent increased risk of developing NDDCs (increased risk)"), *with Palmer v. 3M Co.*, 2007 Minn. Dist. LEXIS 162 at *46 ("Minnesota law does not recognize an independent tort of medical monitoring."). | **Plaintiffs' classification** | No. Subcellular injury is sufficient to sustain a claim for medical monitoring. *See Bryson v. Pillsbury Co.*, 573 N.W.2d 718, 721 (Minn. Ct. App. 1998) (whether chromosome damage constituted proof of injury presented a fact question for the jury); *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 327 F.R.D. 245 (D. Minn. 2018) ("To succeed on their medical monitoring claim under Minnesota laws, Plaintiffs must prove that they incurred cell damage (injury) as a result of being exposed to the hazard."). |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 15 ("[C]ourts have reached different conclusions on whether medical monitoring is a recognized independent claim."). | **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 15 ("[P]resent injury is required, which can be satisfied by subcellular damage."). |

| Missouri | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Likely no. Plaintiffs concede that this state likely does not recognize an independent claim for medical monitoring. | **Plaintiffs' classification** | No. "The injury for which compensation is sought is not a present physical injury. Instead, medical monitoring damages compensate the plaintiff for the quantifiable costs of periodic medical examinations reasonably necessary for the early detection and treatment of latent injuries caused by the plaintiff's exposure to toxic substances. A physical injury requirement is inconsistent with the reality of latent injury and with the fact that the purpose of medical monitoring is to facilitate the early diagnosis and treatment of laten injuries caused by exposure to toxins." *Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712 (Mo. 2007). |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. | **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 16 ("Present injury is not required to recover medical monitoring relief."). |

| Montana | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Yes. The only state court to have considered this issue concluded that Montana recognized "an independent cause of action for medical monitoring." *Lamping v. Am. Home Prods., Inc.*, 2000 WL 35751402 at *1-2 (Mont. Dist. Ct. Feb. 2, 2000); *but see In re Zantac (Ranitidine) Prod. Liab. Litig.*, 546 F. Supp. 3d 1152, 1167 (S.D. Fla. 2021) (declining to view *Lamping* as controlling Montana law in the absence of guidance from the Montana Supreme Court). | **Plaintiffs' classification** | No. *Lamping* held that the plaintiff could recover in the absence of any physical injury so long as there was proof of a "significantly increased risk of contracting a serious latent disease." 2000 WL 35751402 at *14 (Mont. Dist. Ct. Feb. 2, 2000); *but see In re Zantac (Ranitidine) Prod. Liab. Litig.*, 546 F. Supp. 3d 1152, 1167 (S.D. Fla. 2021) (declining to follow Lamping and suggesting that Montana courts would require present physical injury). |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 17 ("[C]ourts have reached different conclusions on this issue."). | **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 17 ("Unclear, because courts have reached different conclusions."). |

| Nevada | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | No. Plaintiffs concede that this state does not recognize an independent claim for medical monitoring. | **Plaintiffs' classification** | No. *See Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1271-72 (Nev. 2014) ("[W]e decline to identify specific factors that a plaintiff must demonstrate to establish entitlement to medical monitoring as a remedy. Instead, we conclude that, in a negligence action for which medical monitoring is sought as a remedy, a plaintiff may satisfy the injury requirement for the purpose of stating a claim by alleging that he or she is reasonably required to undergo medical monitoring beyond what would have been recommended had the plaintiff not been exposed to the negligent act of the defendant."). |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. | **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 19 ("Present physical injury is not required to recover the remedy of medical monitoring."). |

| New Hampshire | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Yes. The only state court to have considered this issue permitted an independent claim medical monitoring class to proceed based on the elements of *Bower v. Westinghouse Elec. Corp.*, 522 S.E.2d 424, 432-33 (W. Va. 1999). *See Brown v. Saint-Gobain Performance Plastics Corp.*, No. 16-cv-242-JL, 2018 U.S. Dist. LEXIS 235953, at *4 (D.N.H. Dec. 6, 2018) (discussing *Hermens v. Textiles Coated Inc.*, No. 216-2017-cv-524, -525, slip. op. at 9-12 (N.H. Super. Ct., Hillsborough Cnty. N. March 16, 2018)). | **Plaintiffs' classification** | No. The sole state court to consider the issue held that no present physical injury is required. *Hermens*, No. 216-2017-cv-524, -525, slip. op. at 9-12 (N.H. Super. Ct., Hillsborough Cnty. N. March 16, 2018) ("[I]n order to sustain [a claim for medical monitoring], plaintiff must prove that: . . . as a proximate result of the exposure [to a hazardous substance], plaintiff has suffered an increased risk of contracting a serious latent disease."). |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 20 ("No because New Hampshire 'has neither accepted nor rejected medical monitoring claim[s].'") (*quoting In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, No. 2875 (RBK/KW), 2021 U.S. Dist. LEXIS 20886, at *24 n.37 (D.N.J. Feb. 3, 2021)). | **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 20 ("No authority directly addressing this issue."). |

| New Mexico | | | |
|---|---|---|---|
| **Plaintiffs' classification** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. There is no authority directly addressing this issue. | **Plaintiffs' classification** | Unclear. There is no authority directly addressing this issue. |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 21 ("[T]he issue has not been addressed by any court."). | **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 21 ("No authority directly addressing this issue."). |

| New York | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Yes. Although New York's highest court has held there is no "judicially-created independent cause of action for medical monitoring . . . absent any evidence of present physical injury or damage to property," *Caronia v. Philip Morris USA, Inc.*, 5 N.E.3d 11, 18 (N.Y. 2013), New York courts have permitted independent medical monitoring claims when a plaintiff can show injury (as described at right), *see Burdick v. Tonoga, Inc.*, 2018 NY Slip Op 51075(U), ¶¶ 11-12 (Sup. Ct.) (holding that a class of plaintiffs had stated a "cognizable claim for medical monitoring based on a present injury, specifically, blood accumulation of PFOA"), *aff'd*, 112 N.Y.S.3d 342 (2019). | **Plaintiffs' classification** | No. New York requires a plaintiff plead an injury to state a claim for medical monitoring, and such injury can take the form of exposure to a harmful substance and presence of the substance in the plaintiff body or some indication of disease induced by the substance. *See Burdick*, 2018 NY Slip Op at ¶¶ 11-12 (certifying a medical monitoring class based on exposure to harmful chemicals and presence of chemicals in blood); *Benoit v. Saint-Gobain Performances Plastics Corp.*, 959 F.3d 491, 501 (2d Cir. 2020) ("[T]o meet the requirement to plead 'some' physical injury, it is sufficient to allege that 'in the plaintiff's body' there is either a 'clinically demonstrable presence of toxins' 'or some physical manifestation of toxin contamination.'"). |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 22 ("[I]t is not clear whether medical monitoring is more properly characterized as a claim or remedy under the applicable caselaw."). | **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 22 ("[S]uch injury can include subcellular damage."). |

| North Dakota | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. The issue of whether North Dakota law recognizes a claim for medical monitoring has not been considered by the North Dakota Supreme Court or any other court. The federal district court in *Mehl v. Canadian Pacific Railway Ltd.*, denied a medical monitoring class certification under Rule 23(b)(2) because, *inter alia*, the plaintiffs requested only simple compensation, not "a court-supervised medical monitoring fund or program." 227 F.R.D. 505, 519 (D. N.D. 2005). | **Plaintiffs' classification** | Unclear. It seems likely that a plaintiff would have to demonstrate some kind of legally cognizable injury, *Mehl v. Canadian Pac. Ry. Ltd.*, 227 F.R.D. 505, 518 (D.N.D. 2005). ("a plaintiff [in North Dakota] would be required to demonstrate a legally cognizable injury to recover any type of damages in a newly recognized tort, including a medical monitoring claim."), but the nature of that injury is undefined. |
| **Do Defendants agree with Plaintiffs' classification?** | Unclear. | **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 23 ("[P]resent physical injury would probably be required."). |

| Oregon | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. The Oregon Supreme Court found that a plaintiff was unable to bring a negligence claim premised on economic harm in the form of future medical monitoring costs when the plaintiff failed to allege any present injury. *Lowe v. Philip Morris USA, Inc.*, 183 P.3d 181, 186 (2008). The Court explicitly refused to rule on whether medical monitoring was an independent claim or a remedy, indicating that the court would recognize an independent claim for medical monitoring so long as they could show present physical injury. *Id.* | **Plaintiffs' classification** | Unclear. *Lowe* found that allegations of injury "in that they have been significantly exposed to proven hazardous substances in defendants' cigarettes, and suffer significantly increased risk of developing lung cancer" were insufficient. 183 P.3d 181, 183 (2008); *see id.* at 410 ("[T]he fact that a defendant's negligence poses a threat of future physical harm is not sufficient, standing alone, to constitute an actionable injury."). Plaintiff did not allege present subcellular or cellular injury, so it is not known whether such an injury would satisfy the Oregon Supreme Court. |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 24 ("[T]he Oregon Supreme Court has rejected medical monitoring as an independent claim, instead limiting it to a form of relief."). | **Do Defendants agree with Plaintiffs' classification?** | Unclear. *See* Opp'n, App. A at 24 ("Present physical injury is required to recover the remedy of medical monitoring."). |

| Pennsylvania | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Yes. The Pennsylvania Supreme Court established the elements of a medical monitoring claim in *Redland Soccer Club v. Dep't of the Army*, 696 A.2d 137 (1997). | **Plaintiffs' classification** | No. In *Simmons v. Pacor*, 543 Pa. 664, 674 A.2d 232 (1996), the Pennsylvania Supreme Court held that while "asymptomatic pleural thickening caused by occupational exposure to asbestos does not give rise to a cause of action for the damages requested by Appellants," the presence of asymptomatic pleural thickening was sufficient for plaintiffs to recover for medical monitoring. |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 25. | **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 25 ("Present physical injury is not required."). |

| Rhode Island | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. No Rhode Island court has yet discussed this question. The leading case, *Miranda v. DaCruz*, considered medical monitoring as a remedy because the plaintiff had brought a negligence claim seeking medical monitoring as a remedy. No. PC 04-2210, 2009 WL 3515196, at *7-8 (R.I. Super. Ct. Oct. 26, 2009). | **Plaintiffs' classification** | Likely no. The Supreme Court of Rhode Island has held that a plaintiff could not establish negligence relating to their exposure to asbestos without "any physical manifestation of asbestos-related illness or disease," and that "the possibility of contracting cancer resulting from mere exposure to a carcinogen, although potentially increasing one's risk of developing cancer, is too tenuous to be a viable cause of action." *Kelley v. Cowesett Hills Assocs.*, 768 A.2d 425, 430 (R.I. 2001). A subsequent Rhode Island Superior Court decision states that Massachusetts law is "instructive," indicating that it may be possible to succeed on an independent medical monitoring claim with a showing of subcellular injury. *See Miranda*, No. PC 04-2210, 2009 WL 3515196 at *7-8 and n.6. |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 26 ("[T]he limited available authority suggests that medical monitoring is a remedy."). | **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 26 ("[P] present injury is probably required but may include subcellular damage."). |

| South Dakota | |
|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** |

| | | | |
|---|---|---|---|
| **Plaintiffs' classification** | Unclear. There is no authority directly addressing this issue. | **Plaintiffs' classification** | Unclear. There is no authority directly addressing this issue. |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 27 ("[T]he issue has not been addressed by any court."). | **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 27 ("No authority directly addressing this issue."). |

| Utah | |
|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** |

| | | | |
|---|---|---|---|
| **Plaintiffs' classification** | Yes. In *Hansen v. Mountain Fuel Supply Co.*, 858 P.2d 970 (Utah 1993), the Utah Supreme Court established that medical monitoring constitutes its own cause of action. | **Plaintiffs' classification** | No. *Hansen* established that a plaintiff need not allege present physical injury to obtain medical monitoring; instead, the plaintiff must show, *inter alia*, exposure to a toxic substance caused by defendant's negligence resulting in an increased risk of a serious disease or injury. *Id.* at 979. |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 27. | **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 27 ("Present physical injury is not required."). |

| Vermont | | | |
|---|---|---|---|
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. When a class of plaintiffs sought medical monitoring as a remedy, a Vermont federal district court abstained from predicting whether the State Supreme Court would permit an independent cause of action because plaintiffs' remedy theory was permitted under existing Vermont law. *Sullivan v. Saint-Gobain Performance Plastics Corp.*, 431 F. Supp. 3d 448, 452 (D. Vt. 2019). | **Plaintiffs' classification** | No. In *Sullivan*, the federal district court predicted the Vermont Supreme Court would likely follow the Restatement (Second) of Torts and define "bodily harm" as "any physical impairment of the condition of another's body, or physical pain or illness . . . [t]here is an impairment of the physical condition of another's body if the structure or function of any part of the other's body is altered to any extent even though the alteration causes no harm." *Sullivan*, 431 F. Supp. 3d at 454 (quoting Restat. 2d of Torts, § 15). Thus, medical monitoring is recognized "in the case of an asymptomatic plaintiff . . . upon proof of an increased risk to an exposed population." *Id.* at 456. Another Vermont federal district court held that "an increased risk of cancer" was sufficient to sustain a claim for medical monitoring damages. *Stead v. F.E. Myers Co., Div. of McNeil Corp.*, 785 F. Supp. 56, 57 (D. Vt. 1990). |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 28 ("[T]he available authority recognizes medical monitoring as a remedy, not a claim."). | **Do Defendants agree with Plaintiffs' classification?** | Likely yes. *See* Opp'n, App. A at 28 ("Present injury is probably not required."). |

| West Virginia | | | | |
| --- | --- | --- | --- | --- |
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | | |
| **Plaintiffs' classification** | Yes. The West Virginia Supreme Court has held that that "a cause of action exists under West Virginia law for the recovery of medical monitoring costs, where it can be proven that such expenses are necessary and reasonably certain to be incurred as a proximate result of a defendant's tortious conduct." *Bower v. Westinghouse Elec. Corp.*, 522 S.E.2d 424, 431 (W. Va. 1999). | **Plaintiffs' classification** | | No. A plaintiff must show that he or she "has a significantly increased risk of contracting a particular disease relative to what would be the case in the absence of exposure." *Id.* at 433. |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 29. | **Do Defendants agree with Plaintiffs' classification?** | | Yes. *See* Opp'n, App. A at 29 ("Present physical injury is not required."). |

| Wyoming | | | | |
| --- | --- | --- | --- | --- |
| **Does this State recognize an independent claim of medical monitoring?** | | **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | | |
| **Plaintiffs' classification** | Unclear. There is no authority directly addressing this issue. | **Plaintiffs' classification** | | Unclear. There is no authority directly addressing this issue. |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 30 ("[T]he issue has not been addressed by any court."). | **Do Defendants agree with Plaintiffs' classification?** | | Yes. *See* Opp'n, App. A at 30 ("No authority directly addressing this issue."). |

**Table B: States Included in the Remedy Class and not Included in the Independent Claim Class**

| Alabama | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. Alabama caselaw establishes that a plaintiff must show "adverse effects" and plead more than a mere minimal increase in the chance of contracting a disease. *See Hous. Cty. Health Care Auth. v. Williams*, 961 So. 2d 795, 810-11 (Ala. 2006) ("Under current Alabama case law, mere exposure to a hazardous substance resulting in no present manifestation of physical injury is not actionable . . . . where the exposure has increased only minimally the exposed person's chance of developing a serious physical disease and that person has suffered only mental anguish."). |
| **Do Defendants agree with Plaintiffs' classification?** | Unclear. *See* Opp'n, App. A at 31 ("Present physical injury is required."). |

| Arkansas | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear, as physical injury is not defined in Arkansas law in the medical monitoring context. |
| **Do Defendants agree with Plaintiffs' classification?** | Unclear. *See* Opp'n, App. A at 31 ("Federal authority indicates that present physical injury is required."). |

| California | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| Plaintiffs' classification | No. The California Supreme Court held that, even in absence of physical injury, the cost of medical monitoring is a compensable item of damages where the proofs demonstrate, through reliable medical expert testimony, that the need for future monitoring is a reasonably certain consequence of a plaintiff's toxic exposure and that the recommended monitoring is reasonable. *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 824 (Cal. 1993). |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 32 ("Present physical injury is not required"). |

| Connecticut | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Likely no. Although this issue has not been directly decided, the Connecticut Supreme Court has assumed that Massachusetts' "subcellular changes that substantially increased the risk of serious disease, illness, or injury" standard would apply. *Dougan v. Sikorsky Aircraft Corp.*, 337 Conn. 27, 42- 43, 251 A.3d 583, 593-94 (2020) (upholding summary judgment because plaintiffs had not alleged that medical monitoring was necessary for them). In earlier precedent, the Connecticut Supreme Court favorably cited a Third Circuit case that allowed medical monitoring in the absence of present injury upon a showing of significantly increased risk of disease due to exposure to a harmful substance. *Doe v. City of Stamford*, 241 Conn. 692, 699 n.8 (1997) (*citing In re Paoli R. Yard PCB Litig.*, 916 F.2d 829, 852 (3d Cir. 1990)). <br><br> Connecticut courts have ruled that evidence of subclinical physical changes that are detrimental to the plaintiff is sufficient to create an issue of fact. *Bowerman v. United Illuminating*, X04CV 940115436S, 1998 Conn. Super. LEXIS 3575, at *8 (Super. Ct. Dec. 15, 1998) (holding that whether pleural thickening resulting from asbestos exposure constitutes a physical injury "is factual and remains within the province of the trier of fact."). |
| **Do Defendants agree with Plaintiffs' classification?** | Unclear. *See* Opp'n, App. A at 33 ("At least some kind of present physical injury is probably required"). |

| Georgia | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Likely no. Although one federal district court has predicted that the Georgia Supreme Court would require present physical injury beyond subcellular damage, *see Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290, 1302 (N.D. Ga. 2005) (holding that present allegations of subcellular damage were "insufficient to state a present physical injury"), *aff'd in pertinent part*, 230 F. App'x 878, 883 (11th Cir. 2007) (per curiam), the Georgia Supreme Court stated that it "express[ed] no opinion on the viability" of "a claim for 'recovery of medical monitoring costs in the absence of a current physical injury,'" *Collins v. Athens Orthopedic Clinic, P.A.*, 837 S.E.2d 310, 314 n.2 (2019) (*quoting Parker*, 230 Fed. Appx. at 883). <br><br> State appellate court decisions indicate that so long as an injury is alleged a plaintiff may seek the remedy of medical monitoring. *See Boyd v. Orkin Exterminating Co., Inc.*, 381 S.E.2d 295, 298 (Ga. App. 1983) (suggesting that plaintiff must present evidence of actual disease, pain or impairment of some kind), *overruled on other grounds by, Hanna v. McWilliams*, 446 S.E.2d 741 (Ga. App. 1994); *Cure v. Intuitive Surgical, Inc.*, 2017 WL 498727, at *6 (N.D. Ga. Jan 30, 2017) (applying *Boyd* and stating that "vague, conclusory" allegations of injury are insufficient and indicating that allegations "that the plaintiffs had or will experience any particular symptom as a result of the defendants' purported negligence" would suffice) *aff'd*, 705 F. App'x 826 (11th Cir. 2017). |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 34 ("Federal courts have predicted that a medical monitoring remedy requires proof of present physical injury, which does **not** include subcellular damage."). |

| Guam | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Likely no. *Abuan v. Gen. Elec. Co.*, established that "[i]n order to recover for costs of medical monitoring, a plaintiff must prove that:<br><br>1. Plaintiff was significantly exposed to a proven hazardous substance through the negligent actions of the defendant.<br><br>2. As a proximate result of exposure, plaintiff suffers a significantly increased risk of contracting a serious latent disease.<br><br>3. That increased risk makes periodic diagnostic medical examinations reasonably necessary.<br><br>4. Monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial." 3 F.3d 329, 334 (9th Cir. 1993). |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 35 ("Federal authority indicates that present injury is probably not required") (*citing Abuan*, 3 F.3d at 334). |

| Indiana | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Likely no. In the sole state authority, *Gray v. Westinghouse Electric Corp.*, 624 N.E.2d 49 (Ind. App. 1993), an Indiana appellate court upheld plaintiff's medical monitoring remedy based on "health risks" arising from toxic chemical exposure. *Id.* at 54. *See Allgood v. GMC*, No. 1:02-cv-1077-DFH-TAB, 2005 U.S. Dist. LEXIS 43693, at *23 (S.D. Ind. Sep. 12, 2005) ("[T]he limited evidence from *Gray* supports a provisional prediction that the Indiana courts are likely to recognize a claim for medical monitoring damages as part of the remedy for a nuisance claim even if there is no evidence of a present physical injury."). Subsequently, a federal district court clarified that "[M]erely pointing to a theoretical possibility that even the most minute exposure may be able to cause a cancer fails to establish that a given individual has suffered a cognizable harm." *Hostetler v. Johnson Controls*, No. 3:15-cv-226 JD, 2020 U.S. Dist. LEXIS 169526, at *12 (N.D. Ind. Sep. 16, 2020) |
| **Do Defendants agree with Plaintiffs' classification?** | Unclear. *See* Opp'n, App. A at 36 ("[C]ourts have reached different conclusions on whether present manifest injury is required."). |

| Kansas | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Likely no. The one court to have considered this issue dismissed a plaintiff's claim for medical monitoring **because** the plaintiff alleged a present physical injury. The court reasoned that because the plaintiff "is merely asking for damages for necessary medical surveillance arising from his peripheral vascular disease," *Burton v. R.J. Reynolds Tobacco Co.*, 884 F. Supp. 1515, 1523 (D. Kan. 1995), "plaintiff's 'medical monitoring' claim does not properly state a separate claim, rather it is merely a component of plaintiff's damages relating to his other claims." *Id.* The Court noted that "a separate tort action for medical monitoring arises in an instance where a plaintiff has been exposed to hazardous materials, which may increase his or her susceptibility to contracting a latent disease, but the plaintiff has not yet suffered any injuries." *Id.* at 1523 n.6. |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 37 ("No authority directly addressing this issue"). |

| Kentucky | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Likely no. Relying on *Capital Holding Corp. v. Bailey*, 873 S.W.2d 187 (Ky. 1994), the Kentucky Supreme Court in *Wood v. Wyeth-Ayerst Laboratories*, held that a plaintiff could not obtain medical monitoring as a remedy "without a showing of present physical injury." 82 S.W.3d 849, 856 (Ky. 2002) (discussing a plaintiff who alleged that she had taken fenfluramine for six months and therefore suffered "significantly increased risk of serious injury and disease"). *Capital Holding Corp.* examined the issue of whether exposure to asbestos constituted a present physical injury and concluded that "mere ingestion of a toxic substance does not constitute sufficient physical harm upon which to base a claim for damages. . . . [U]ntil such time as the plaintiff can prove some harmful result from the exposure, albeit he need not prove he is already suffering from cancer, his cause of action has yet to accrue." 873 S.W.2d at 195. The Court explained that this holding "le[ft] open the plaintiffs' right to pursue their negligence claim when it should accrue by reason of some harmful manifestation resulting from the asbestos-related exposure." *Id.* at 198. |
| **Do Defendants agree with Plaintiffs' classification?** | Unclear. *See* Opp'n, App. A at 38 ("Present injury is required"). |

| Louisiana | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Yes. After the Louisiana Supreme Court recognized no-injury medical monitoring claims in *Bourgeois v. A.P. Green Indus., Inc.*, 716 So.2d 355 (La. 1998), the Louisiana legislature expressly abrogated that decision, amending Louisiana's general negligence statute, La. Civ. Code. Art. 2315(B), to expressly state that "[d]amages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless these costs were directly related to a manifest physical or mental injury or disease." *See In re Rezulin Prods. Liab. Litig.*, 361 F. Supp. 2d 268, 275-78 (S.D.N.Y. 2005) (examining claim of subcellular damage under Louisiana law and determining that Louisiana would reject a claim for subcellular damage without a clinically manifested symptom because any future consequences of the damage were only speculative). |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. |

| Maryland | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | No. In *Exxon Mobil Corp. v. Albright*, the highest court of Maryland recognized that medical monitoring is available as a remedy in the absence of present physical injury, holding that "exposure itself and the concomitant need for medical testing" is the compensable injury." 71 A.3d 30, 75 (Md. 2013). A plaintiff must show a "significantly increased risk of contracting a latent disease. . . . [through] quantifiable and reliable medical expert testimony that indicates the individual plaintiff's particularized chances of developing the disease had he or she not been exposed, compared to the chances of the members of the public at large of developing the disease." *Exxon Mobil Corp. v. Ford*, 71 A.3d 105, 132-33 (Md. 2013). |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 41 ("Present injury is not required.") (*citing Exxon Mobil Corp. v. Albright*, 71 A.3d at 75). |

| Michigan | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Likely yes. The Michigan Supreme Court considered medical monitoring injuries in a class action alleging potential exposure to a toxic substance released by the defendant into the environment; the court dismissed the claim for lack of a present physical injury, explaining that the "only 'injuries' alleged by the putative representatives of the medical monitoring class are 'the losses they have and will suffer as they are forced to monitor closely their health and medical condition because of their exposure to Dow's Dioxin [sic] pollution.'" *Henry v. Dow Chem. Co.*, 473 Mich. 63, 77, 701 N.W.2d 684, 691 (2005). The Court explained that "[i]f plaintiffs' claim is for injuries they may suffer in the future, their claim is precluded as a matter of law, because Michigan law requires more than a merely speculative injury[.] . . . However, if plaintiffs' claim is that by virtue of their potential exposure to dioxin they have suffered an 'injury,' in that any person so exposed would incur the additional expense of medical monitoring, then their claim is also precluded as a matter of law, because Michigan law requires an actual injury to person." *Id.* at 688. |
| **Do Defendants agree with Plaintiffs' classification?** | Likely yes. *See* Opp'n, App. A at 42 ("Present injury is required.") (*citing Exxon Mobil Corp. v. Albright*, 71 A.3d at 75). |

| Nebraska | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. Although no state courts have opined on the issue, federal courts have predicted that any medical monitoring relief would be conditional upon the existence of a present physical injury. *Trimble v. Asarco, Inc.*, 232 F.3d 946, 963 (8th Cir. 2000) (predicting Nebraska Supreme Court would hold that residents of area near former lead smelter and refinery could not establish claim for future medical monitoring costs against owner and former operator of site, absent showing of any present physical injury). Subsequently, federal district courts have followed this rule without articulating what constitutes personal injury. *See Schwan v. Cargill*, No. 4:07CV3170, 2007 U.S. Dist. LEXIS 94317, at *12 (D. Neb. Dec. 21, 2007) ("Nebraska law does not recognize a claim for medical monitoring when no present physical injury is alleged."); *Avila v. CNH Am., LLC*, No. 4:04CV3384, 2012 U.S. Dist. LEXIS 201622, at *35 (D. Neb. Aug. 30, 2012) ("[T]he fifth amended complaint . . . will be dismissed with prejudice because it is undisputed they have "no present physical injury . . . [and] no personal injury damages."). |
| **Do Defendants agree with Plaintiffs' classification?** | Unclear. *See* Opp'n, App. A at 42 ("Present physical injury is probably required."). |

| New Jersey | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | No. Plaintiffs are required to allege "personal physical injury." *Sinclair v. Merck & Co.*, Inc., 195 N.J. 51, 65, 948 A.2d 587, 595 (2008). *Sinclair* explained that the costs of medical monitoring are "a compensable item of damages where the proofs demonstrate, through reliable expert testimony predicated upon the significance and extent of exposure to chemicals, the toxicity of the chemicals, the seriousness of the diseases for which individuals are at risk, the relative increase in the chance of onset of disease in those exposed, and the value of early diagnosis, that such surveillance to monitor the effect of exposure to toxic chemicals is reasonable and necessary." *Id.* at 59; see *Lord v. Conrail (In re Paulsboro Derailment Cases)*, 2013 U.S. Dist. LEXIS 158669, at *14-15 (D.N.J. Nov. 4, 2013) (holding that plaintiffs had adequately pleaded a claim for medical monitoring when they had alleged significant exposure to a hazardous substance, the toxicity of those chemicals, the serious latent diseases that could arise from their exposure, and that future medical screening would be necessary and beneficial). |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 44 ("Present injury is not required.") (*citing Ayers v. Jackson*, 106 N.J. 557, 525 A.2d 287, 298 (1987)). |

| North Carolina[1] | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. It appears that North Carolina would likely permit a remedy for medical monitoring where a present physical injury is shown and other elements are met. *See Curl v. Am. Multimedia, Inc.*, 654 S.E.2d 76, 81 (N.C. App. 2007) (recognizing and distinguishing cases allowing "future damages claimed in connection with a recognized present injury"); *Priselac v. Chemours Co.*, 2022 WL 909406, at *3-4 (E.D.N.C. Mar. 28, 2022) ("Under North Carolina law, medical monitoring is not cognizable as an independent cause of action or an element of damages absent a present physical injury."); *Carroll v. Litton Sys., Inc.*, No. B-C-88-253, 1990 WL 312969, at *52 (W.D.N.C. Oct. 29, 1990) (recognizing that cases have awarded damages for reasonably certain future injuries upon showing of present physical injury); *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 327 F.R.D. 245, 260 n.12 (D. Minn. 2018) (listing North Carolina as one of "[s]everal states . . . recogniz[ing] medical monitoring only if the plaintiff has a manifest physical injury."). |
| **Do Defendants agree with Plaintiffs' classification?** | Unclear. *See* Opp'n, App. A at 44 ("Not applicable. Plaintiffs incorrectly included North Carolina in their Remedy Class."). |

---

[1] Per this Court's ruling in *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, No. 2875 (RBK/KW), 2021 U.S. Dist. LEXIS 20886, at *48 (D.N.J. Feb. 3, 2021), Plaintiffs have retained North Carolina in the RC. *See id.* (dismissing only "those **independent claims** for medical monitoring, which arise under North Carolina law") (emphasis added).

| Ohio | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | No. A plaintiff is not required to demonstrate physical injuries in order to obtain medical monitoring relief, but must 'show by expert medical testimony that [plaintiffs] have increased risk of disease which would warrant a reasonable physician to order monitoring." *Elmer v. S.H. Bell Co*., 127 F. Supp.3d 812, 825 (N.D. Ohio 2015) (quoting *Day v. NLO*, 851 F. Supp. 869, 878 (S.D. Ohio 1999) ("[I]f the Plaintiffs can prove that they were exposed to sufficiently high dose of radiation, this in itself will constitute a physical injury, sufficient to bring their action for emotional distress based on their exposure.")). |
| **Do Defendants agree with Plaintiffs' classification?** | Likely yes. *See* Opp'n, App. A at 46 ("Federal authority indicates that present injury is probably not required.") |

| Oklahoma | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. In *Cole v. ASARCO Inc.*, a federal appellate court predicted that Oklahoma state law would not allow for medical monitoring absent current physical injury. 256 F.R.D. 690, 695 (N.D. Okla. 2009). The court noted that Oklahoma law requires plaintiffs to demonstrate an existing disease or physical injury before they could recover costs of future medical treatment; therefore, allegations of exposure to a hazardous substance are insufficient. *Id.* |
| **Do Defendants agree with Plaintiffs' classification?** | Unclear. *See* Opp'n, App. A at 46 ("Most federal courts interpreting Oklahoma law have found that present physical injury is required.") |

| Puerto Rico | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. There is no authority directly addressing this issue. |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 48 ("No authority directly addressing this issue"). |

| South Carolina | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. There is no authority directly addressing this issue. |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 48 ("No authority directly addressing this issue"). |

| Tennessee | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Likely no. At least three Tennessee cases indicate that a plaintiff may assert medical monitoring as a remedy in the absence of physical injury. *See Laxton v. Orkin Exterminating Co., Inc*., 639 S.W.2d 431 (Tenn. 1982) (allowing recovery for medical expenses in the absence of physical injury where defendant negligently contaminated plaintiffs' household water supply with toxic chemicals); *Newsom v. Markus*, 588 S.W.2d 883, 887 (Tenn. Ct. App. 1979) (holding that "a party is entitled to recover reasonable medical expenses for examinations, etc., in an effort to determine if personal injuries were sustained as a result of defendants [sic] negligence, even though it develops that the party suffered no personal injury"); *Carroll v. Sisters of Saint Francis Health Servs.*, 868 S.W.2d 585, 594 (Tenn. 1993) (holding that to recover damages based on the fear of contracting a disease from a potential exposure, "the plaintiff must prove, at a minimum, that he or she was actually exposed."). |
| **Do Defendants agree with Plaintiffs' classification?** | No. *See* Opp'n, App. A at 49 ("courts are divided") (*citing Bostick v. St. Jude Med., Inc*., No. 03-2636 BV, 2004 U.S. Dist. LEXIS 29997, at *45 (W.D. Tenn. Aug. 17, 2004); *Jones v. Brush Wellman, Inc.*, 2000 U.S. Dist. LEXIS 21897, No. 1:00 CV 0777, 2000 WL 33727733 at *8 (N.D. Ohio, Sept. 13, 2000). |

| Texas | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Yes. There are no significant Texas state court decisions on medical monitoring. In, *Norwood v. Raytheon Co.*, the district court dismissed the medical monitoring claims, predicting that "the Texas Supreme Court appears likely to reject medical monitoring claims . . . in the absence of a present physical injury." 414 F. Supp. 2d 659, 665 (W.D. Tex. 2006). A showing of physical change caused by exposure to a hazardous substance is insufficient. *See McManaway v. KBR, Inc.*, No. 10-cv-1044, 2015 WL 13310273, at *10 (S.D. Tex. Jan. 23, 2015) (ruling the plaintiffs cannot recover for their asymptomatic genetic transformation injuries); *Ford Motor Co. v. Miller*, 260 S.W.3d 515, 518 (Tex. App. 2008) (plaintiff exposed to asbestos at manufacturing plant "argues that he can recover for his pleural plaques because the scarring has permanently altered his body and is therefore a present injury. However, a mere physical change that is not detrimental does not constitute a harm."); *In re Rezulin Prods. Liab. Litig.*, 361 F. Supp. 2d 268, 274-77 (S.D.N.Y. 2005) (examining claim of subcellular damage under Texas law and concluding that under Texas law subcellular damage without a clinically manifested sign or symptom of injury is not compensable). |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 50 ("Present physical injury is probably required"). |

| Virginia | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. The Fourth Circuit has held that under Virginia law, exposure to toxic substances is not sufficient to establish an injury. *Ball v. Joy Techs., Inc.*, 958 F.2d 36, 38 (4th Cir. 1991). |
| **Do Defendants agree with Plaintiffs' classification?** | Unclear. *See* Opp'n, App. A at 51 ("Federal authority indicates that present physical injury is probably required.") (citing *Ball*, 958 F.2d at 39) ("Plaintiffs have not demonstrated that they are suffering from a present, physical injury that would entitle them to recover medical surveillance costs under West Virginia or Virginia law.")). |

| **Virgin Islands** | |
| --- | --- |
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Likely no. In *Josephat v. St. Croix Alumina, LLC*, No. CIV. 1999-0036, 2000 WL 1679502, at *11 (D.V.I. Aug. 7, 2000), the federal district court of the Virgin Islands followed the elements of *In re Paoli Railroad Yard PCB Litigation.*, 916 F.2d 829 (3d Cir. 1990) and *In Re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 788 (3d Cir. 1994), which permitted medical monitoring in the absence of present injury upon a showing of significantly increased risk of disease due to exposure to a harmful substance. *See also Dunn v. HOVIC*, 28 V.I. 526, 531, 1 F.3d 1362, 1366-67 (3d Cir. 1993) (holding that "pleural thickening" of the lungs and other physical symptoms of asbestos exposure are compensable injuries). |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 51 ("Federal authority indicates that present physical injury is probably required."). |

| **Washington** | |
| --- | --- |
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. There is no authority directly addressing this issue. |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 52 ("No authority directly addressing this issue."). |

| Wisconsin | |
|---|---|
| **Does this State require a plaintiff to plead present physical injury greater than subcellular injury?** | |
| **Plaintiffs' classification** | Unclear. Wisconsin law requires a present injury before bringing a medical monitoring claim, but the extent of the requisite injury is unclear. Under Wisconsin law, there is a "requirement that a plaintiff prove an actual injury to recover damages." *Alsteen v. Wauleco*, 802 N.W. 2d 212, 219 (Wis. Ct. App. 2011). "[E]xposure to a dangerous substance does not constitute an actual injury." *Id*. at 217-18. The *Alsteen* court discussed as relevant precedent a prior case involving a claim for damages for emotional distress after the plaintiff was pricked by a hypodermic needle that was possibly contaminated with HIV; that claim for damages succeeded because the plaintiff could show an actual injury. *Id*. at 216-17 (discussing *Babich v. Waukesha Memorial Hospital, Inc.*, 205 Wis. 2d 698, 556 N.W.2d 144 (Ct. App. 1996), and explaining that "she was indisputably injured when the needle pierced her skin"). |
| **Do Defendants agree with Plaintiffs' classification?** | Yes. *See* Opp'n, App. A at 52 ("No authority directly addressing this issue."). |