**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

---

**IN RE: VALSARTAN, LOSARTAN, AND
IRBESARTAN PRODUCTS LIABILITY
LITIGATION**

**This document relates to all actions.**

MDL No. 2875
Civil No. 19-02875 (RBK/SAK)

Hon. Robert B. Kugler,
U.S. District Court Judge

---

**<u>DEFENDANTS' (PROPOSED) SURREPLY IN FURTHER OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OF
THIRD-PARTY PAYOR CLAIMS</u>**

Defendants respectfully submit this brief surreply to address certain new arguments raised by the Third-Party Payor ("TPP") Plaintiffs in their Reply Brief in support of their Motion for Class Certification.

The TPP Plaintiffs' claims cannot proceed on a classwide basis due to all the state-law variation issues addressed in Defendants' prior briefing and in Defendants' (Proposed) Surreply in Opposition to Plaintiffs' Memorandum of Law in Support of Their Motion for Class Certification of Consumer Economic Loss Claims, submitted herewith. In addition, Plaintiffs' effort to brush aside all of Defendants' arguments regarding factual variations within the class on the ground that literally nothing matters because Plaintiffs are proceeding on a theory that "[t]he contaminated VCDs at issue have no economic value . . . and this absence of value is common to all TPPs" (TPP Reply at 3 (ECF 2058)), misinterprets the applicable facts and law.

***First***, none of the authorities cited by Plaintiffs supports the novel proposition that a plaintiff can satisfy the requirements of Rule 23 simply by declaring a product worthless, regardless of the defendants' arguments and the law. Plaintiffs cite *Debernardis v. IQ Formulations, LLC*, in which the court allowed claims to proceed past the ***motion to dismiss*** stage based on a theory that the plaintiffs had "plausibly alleged that they suffered an economic loss" because the product at issue "w[as] worthless." *See Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076 , 1080, 1085 (11th Cir. 2019) (noting that the court "accept[s], at least at the motion to dismiss stage, that a dietary supplement that is deemed adulterated and cannot lawfully be sold has no value"). At class certification, however, the Court must go ***beyond*** the pleadings to determine whether or not "proof of the essential elements of the cause of action requires

individual fact finding."[1] *In re Thalomid & Revlimid Antitrust Litig.*, No. 14-6997, 2018 WL

6573118, at *11 (D.N.J. Oct. 30, 2018) (citation omitted); *see also In re BP p.l.c. Sec. Litig.*, No.

10-md -2185, 2013 WL 6388408, at *14 (S.D. Tex. Dec. 6, 2013) ("[A] motion to dismiss must

be decided on the allegations in the pleadings, while at class certification the [c]ourt must look

beyond the pleadings to determine whether a preponderance of the evidence indicates that

common questions of fact or law will predominate over individualized questions during the

course of the litigation."). Indeed, in contrast to a motion to dismiss, where the Court is required

to view the evidence in the light most favorable to the plaintiff, such an approach constitutes

reversible ***error*** in the context of deciding a motion for class certification. *See Brown v.*

*Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016) (it is error to view

"'evidence in the light most favorable to' the party seeking class certification") (citation

omitted).

Plaintiffs' reliance on *Blue Cross Blue Shield Ass'n v. GlaxoSmithKline LLC*, 417 F.

Supp. 3d 531 (E.D. Pa. 2019), is misplaced for similar reasons. There, the court denied the

defendant summary judgment in a case alleging that individual TPP plaintiffs overpaid for

allegedly misrepresented prescription drugs because "[t]he question of whether [p]laintiffs have

produced sufficient evidence to prove their injury . . . requires the resolution of genuine issues of

material fact and turns on the credibility and weight afforded to the parties' witnesses." *Id.* at

554-55 (emphasis added). The case was not a proposed class action, and the court did not hold

---

[1]      *In re Gerber Probiotic Sales Practices Litigation*, No. 12-835 (JLL), 2013 WL 4517994
(D.N.J. Aug. 23, 2013), also cited by Plaintiffs, is even more inapposite. There, the court
***dismissed*** claims based on the allegation that baby formula did not have all of its advertised
benefits. *Id.* at *1. While the court noted in dicta that the plaintiffs had adequately alleged an
injury in fact, the plaintiffs' claims there were based on the allegation that the plaintiffs "paid a
premium for the Products at issue based on false, deceptive, and misleading representations," *id.*
at *5-6, not that the products were entirely worthless.

or suggest that plaintiffs' claims were appropriate for class treatment or could be resolved based
on so-called common evidence of "worthlessness."

The relevant evidence for determining whether each TPP sustained an injury as a result of
paying for VCDs will vary based on, among other things, the level of impurity (if any) in the
medication purchased, the therapeutic benefit the medication provided, and the costs TPPs would
have incurred for VCD alternatives.  (*See* TPP Opp'n at 9-10 (ECF 2010).)  In their Reply,
Plaintiffs attempt to distinguish *In re Actiq Sales & Marketing Practices Litigation*, 307 F.R.D.
150 (E.D. Pa. 2015)—in which the court refused to certify a proposed class of TPPs for reasons
similar to those argued by Defendants here—on the ground that the VCDs in this case were
"adulterated, and thus unlawful for sale."  (TPP Reply at 6.)  Defendants vigorously disagree
with that allegation for the reasons set forth in their opposition to Plaintiffs' Memorandum of
Law in Support of Their Motion for Class Certification of Consumer Economic Loss Claims, but
even if it were the case that all VCDs were "unlawful for sale," Defendants would still be
entitled to present evidence that certain TPPs did not suffer any economic loss because they
would have had to pay for alternative drugs or cardiac treatments that cost more.  (*See* TPP
Opp'n at 11 (citing cases).)  As the U.S. Supreme Court has noted, "[b]ecause the Rules
Enabling Act forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right,' a
class cannot be certified on the premise that [the defendant] will not be entitled to litigate its . . .
defenses."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) (citations omitted); *see
also Carrera v. Bayer Corp.*, 727 F.3d 300, 307 (3d Cir. 2013) ("A defendant in a class action
has a due process right to raise individual challenges and defenses to claims, and a class action
cannot be certified in a way that eviscerates this right or masks individual issues."); *In re
Niaspan Antitrust Litig.*, 464 F. Supp. 3d 678, 719 (E.D. Pa. 2020) (declining to certify proposed

class, noting that "defendants would be entitled to present individualized evidence to a jury that certain Niaspan purchasers are uninjured"); *Diabate v. MV Transp., Inc*., No. 14-857, 2015 WL 4496616, at *14 (E.D. Pa. July 20, 2015) (finding class certification inappropriate because defendants were "entitled to assert" defenses as to individual class members and "[c]ertifying the class would deprive them of [that] opportunity").

 ***Second***, Plaintiffs argue in their Reply that whether some proposed class members would have paid the same amount or ***more*** for VCD alternatives if they had not purchased VCDs is irrelevant to their claims for breach of warranty, because the measure of damages for breach of warranty is the difference between the value of the good as accepted and the value as warranted. (TPP Reply at 5.)  But even if that were the correct measure of damages for all of the claims at issue under the varying applicable states' laws, which Plaintiffs have made no effort to demonstrate, individualized evidence would still be required to determine whether each proposed class member was injured.  While Plaintiffs assert that the value of VCDs as accepted "is zero" (*id*.), Defendants dispute that allegation and—as noted above—are entitled to present evidence that even if the presence of impurities reduced the value of VCDs, the actual value of the specific VCDs for which each proposed class member paid would vary based on whether those VCDs contained impurities, and at what level, as well as the health benefits those VCDs provided to the proposed class member's subscribers.  In these circumstances, class certification is inappropriate. *See Jackson v. Se. Pa. Transp. Auth*., 260 F.R.D. 168, 197 (E.D. Pa. 2009) (noting that the presence of "individual issues makes class determination more onerous than efficient" where "[d]efendant would be entitled to raise individualized defenses").

 For these reasons, Plaintiffs' "worthlessness" theory does not eliminate the need for individualized proof, precluding a finding of predominance or typicality.

## **CONCLUSION**

For the foregoing reasons, and those set forth in Defendant's Memorandum in Opposition to Class Certification, the TPP Plaintiffs' motion should be denied.

Dated: May 20, 2022                    Respectfully submitted,

By: */s/ Jessica D. Miller*
Jessica D. Miller (DC Bar No. 457021)
*Liaison Counsel for Manufacturer Defendants*
Nina R. Rose (DC Bar No. 975927)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 661-0525
jessica.miller@skadden.com
nina.rose@skadden.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC*

Lori G. Cohen, Esq.
GREENBERG TRAURIG, LLP
Victoria Davis Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Rd., NE,
Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
Tiffany M. Andras
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
ostfeldg@gtlaw.com
andrast@gtlaw.com

Brian H. Rubenstein
1717 Arch Street, Suite 400
Philadelphia, Pennsylvania
Tel: (215) 988-7864
Fax: (214) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA, Inc.,*
*Teva Pharmaceutical Industries Ltd., Actavis*
*LLC, and Actavis Pharma, Inc.*

PIETRAGALLO GORDON ALFANO BOSICK &
RASPANTI, LLP
Clem C. Trischler
Jason M. Reefer
Frank H. Stoy
38th Floor, One Oxford Centre
Pittsburgh, Pennsylvania 15219
Tel: (412) 263-2000
Fax: (412) 263-2001
cct@pietragallo.com
jmr@pietragallo.com
fhs@pietragallo.com

*Attorneys for Mylan Laboratories, Ltd. and*
*Mylan Pharmaceuticals, Inc.*

KIRKLAND & ELLIS LLP
Devora W. Allon
Alexia R. Brancato
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-5967
Fax: (212) 446-6460 devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Attorneys for Torrent Pharmaceuticals Ltd.*
*and Torrent Pharma Inc.*

MORGAN, LEWIS & BOCKIUS LLP
John P. Lavelle, Jr.
1701 Market Street
Philadelphia, Pennsylvania 19103
Tel. (215) 963-5000
Fax (215) 963-5001
john.lavelle@morganlewis.com

John K. Gisleson
One Oxford Centre, Thirty-Second Floor
Pittsburgh, Pennsylvania 15219
Tel. (412) 560-3300
Fax (412) 560-70001
john.gisleson@morganlewis.com

> *Attorneys for Aurobindo Pharma Ltd.,*
> *Aurobindo Pharma USA, Inc., and Aurolife*
> *Pharma LLC*

LEWIS BRISBOIS BISGAARD & SMITH LLP
Walter H. Swayze, III
Andrew F. Albero
550 E. Swedesford Road, Suite 270
Wayne, Pennsylvania 19087
Tel: (215) 977-4100
Fax: (215) 977-4101
Pete.Swayze@lewisbrisbois.com
Andrew.Albero@lewisbrisbois.com

> *Attorneys for Camber Pharmaceuticals, Inc.*

HILL WALLACK LLP
Eric I. Abraham
William P. Murtha
21 Roszel Road
P.O. Box 5226
Princeton, New Jersey 08543-5226
Tel.: (609) 734-6358
Fax: (609) 452-1888
eabraham@hillwallack.com
wmurtha@hillwallack.com

> *Attorneys for Hetero Drugs, Ltd. and Hetero*
> *Labs Ltd.*

HARDIN KUNDLA MCKEON & POLETTO
Janet L. Poletto, Esq.
Robert E. Blanton, Jr., Esq.
673 Morris Ave.
Springfield, New Jersey 07081
Tel. (973) 912-5222
Fax (973) 912-9212
jpoletto@hkmpp.com
rblanton@hkmpp.com

*Attorneys for Hetero USA Inc.*

Jeffrey D. Geoppinger, Esq.
Liaison Counsel for Wholesalers
ULMER & BERNE LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202-2409
Tel.: (513) 698-5038
Fax: (513) 698-5039
Email: jgeoppinger@ulmer.com

*Counsel for AmerisourceBergen Corporation*

Andrew D. Kaplan
Daniel T. Campbell
Marie S. Dennis
Emily G. Tucker
Luke J. Bresnahan
CROWELL & MORING
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Tel.: (202) 624-1000
Fax: (202) 628-5116
Email: akaplan@crowell.com
Email: dcampbell@crowell.com
Email: mdennis@crowell.com
Email: etucker@crowell.com
Email: lbresnahan@crowell.com

*Counsel for Cardinal Health, Inc.*

D'Lesli M. Davis
Ellie K. Norris
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Tel: (214) 855-8221
Fax: (214) 855-8200
Email: dlesli.davis@nortonrosefulbright.com
Email: ellie.norris@nortonrosefulbright.com

*Counsel for McKesson Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 20, 2022, I electronically filed the foregoing Defendants'
(Proposed) Surreply in Further Opposition to Plaintiffs' Motion for Class Certification of Third-
Party Payor Claims with the Clerk of Court by using the CM/ECF system, which will send a
notice of electronic filing to all CM/ECF participants.

<u>/s/ *Jessica D. Miller*</u>
Jessica D. Miller (DC Bar No. 457021)