# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

May 23, 2022

**VIA ECF**

| | |
|---|---|
| Honorable Robert Kugler, U.S.D.J. | Honorable Thomas I. Vanaskie (Ret.) |
| U.S. District Court - District of New Jersey | Special Master |
| Mitchell S. Cohen Building & US Courthouse | Stevens & Lee |
| 1 John F. Gerry Plaza, Courtroom 4D | 1500 Market St., East Tower, Suite 1800 |
| 4th and Cooper Streets | Philadelphia, Pennsylvania 19103-7360 |
| Camden, New Jersey 08101 | |

      Re:    *In re Valsartan, Losartan, and Irbesartan Liability Litigation*,
                **Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler and Judge Vanaskie:

On Friday night, May 20, 2022, around 10:00 pm, Defendants filed a "Motion for Leave to File Instanter Surreply Briefs" related to class certification. (ECF 2069). This filing came a few hours after Defendants first informed Plaintiffs that they intended to file this motion. Defendants' notification to Plaintiffs of this motion occurred via email, and did not include a request to meet-and-confer.

The briefing structure, timing, and page limitations were set by the Court after extensive negotiations between the Parties. (*See* CMO 23, ECF 863). This briefing schedule was then modified once at Defendants' request. (*See* Revised CMO 23, ECF 1679). At no point during

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
May 23, 2022
Page 2

those negotiations was a surreply motion requested (or even contemplated). As such, no surreply was afforded in the Court's orders. Indeed, despite wishing for additional pages to address each of Defendants' opposition arguments, Plaintiffs strictly observed these orders because that was what the Parties had agreed to, and the Court had memorialized.

Defendants' Motion contains no justification for why such a filing needed to be made instanter, without required meet-confer efforts. The motion should be stricken and denied for that reason alone.

Defendants' proposed class certification surreplies filed on the docket (granting themselves dozens of additional pages of briefing and tables) and the accompanying motion for leave contain little justification for a surreply (i.e., responding to new arguments first raised in Plaintiffs' Reply). The content of the Motion – literally a bullet point paragraph for each Surreply – is largely ipse dixit and does not even specifically point out these supposed "new arguments." And without being able to discuss with Defendants, Plaintiffs had no opportunity to ask clarifying questions. Plaintiffs believe that all arguments made in the reply were made in good faith and were necessary to respond to Defendants' broad opposition.

Based on the foregoing, Plaintiffs request that the Court strike and deny Defendants' Motion.

Thank you for your consideration.

Respectfully,

ADAM M. SLATER

Cc: All counsel of record (via ECF)