# EXHIBIT A

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **In re: National Prescription Opiate Litigation** | **MDL No. 2804** |

## SUGGESTIONS OF REMAND

***City and County of San Francisco, Cal., et al. v. Purdue Pharma L.P. et al.,***
case no. 1:19-OP-45022-DAP (N.D. Ohio)
(originally case no. 3:18-CV-7591 (N.D. Cal.); transferred to the MDL Court on Jan. 28, 2019, CTO-75)

***City of Chicago v. Purdue Pharma L.P. et al.,***
case no. 1:17-OP-45169-DAP (N.D. Ohio)
(originally case no. 14-CV-04361 (N.D. Ill.); transferred to the MDL Court on Dec. 20, 2017, CTO-1)

***Cherokee Nation v. McKesson Corp. et al.,***
case no. 1:18-OP-45695-DAP (N.D. Ohio)
(originally case no. 6:18-CV-0056 (E.D. Okla.); transferred to the MDL Court on June 6, 2018)

## REQUEST FOR EXPEDITED HEARING

The Judicial Panel on Multidistrict Litigation ("JPML") transferred the three above-listed actions to the undersigned for coordinated or consolidated pretrial proceedings. For the reasons stated below, and pursuant to Rule 10.1(b)(i) of the Rules of Procedure of the JPML, the undersigned transferee judge now **suggests** that these three cases be remanded to their respective transferor courts.

In addition, due to time constraints explained below, the undersigned respectfully requests an expedited ruling from the JPML.

**GENERAL BACKGROUND**

As the JPML is surely aware, the multidistrict litigation known as *In re: National Prescription Opiate Litigation* is extremely complex. Unlike many MDLs, where the plaintiffs are individuals or businesses, most of the *Opiate* MDL Plaintiffs are governmental entities from across America – for example, Cities, Counties, and Indian Tribes. These Plaintiffs claim the defendants are directly responsible for creating the nation's ongoing Opioid Crisis and they assert various claims to obtain damages and abatement.

In addition to the governmental entity Plaintiffs, there are also other classes of Plaintiffs pressing similar claims – for example: (1) hospitals; (2) third-party payors (e.g. Union Health and Welfare Funds); (3) putative classes of similarly-situated individuals (e.g. babies suffering from Neonatal Abstinence Syndrome, known as "NAS Babies"); and so on.

Just as there are different types of Plaintiffs, there are also different categories of Defendants, each of which play a role in the supply of prescription drugs in America. These Defendants include: (1) opioid manufacturers, (2) opioid distributors, (3) opioid dispensers (e.g. pharmacies), and (4) third-party administrators of prescription drug programs, known as pharmacy benefit managers ("PBMs").[1] Many of these Defendants are Fortune 500 companies. If each Plaintiff was suing only *one* of these Defendants, or even only one *category* of Defendant, the *Opiate* MDL would be

---

[1] Individual members of the Sackler family, who own opioid manufacturer Purdue Pharma, comprise another category of defendant.

2

difficult; here, many Plaintiffs name over 20 Defendants, from all four categories. *See, e.g., City of Huntington, W.V. v. AmerisourceBergen Drug Corp., et al.*, case no. 17-OP-45054 (N.D. Ohio) (naming 26 defendants: 9 manufacturers, 9 distributors, 5 national pharmacies, and 3 PBMs; and asserting 8 claims for relief, including RICO, conspiracy, and public nuisance). Moreover, many Plaintiffs share overlapping jurisdictions. For example, the City of Huntington, West Virginia, lies within Cabell County, West Virginia, which brought its own case. *See Cabell County Comm'n v. AmerisourceBergen Drug Corp., et al.*, case no. 17-OP-45053 (N.D. Ohio). This Court chose *City of Huntington* and *Cabell County* as "Track Two" cases on December 21, 2018.

In addition, the undersigned is working to coordinate the *Opiate* MDL with parallel state-court litigation. This includes 89 cases brought by State Attorneys General.[2] Of course, just as a City-Plaintiff often lies within a County-Plaintiff, each of these also lies within a State-plaintiff. This simple fact makes both litigation and settlement even more difficult.

All of this goes to show that litigating and settling the claims presented within the *Opiate* MDL presents much to manage and unravel. The instant suggestions of remand are designed to advance the MDL strategically using "parallel processing."[3]

---

[2] Forty-eight states, plus Puerto Rico and the District of Columbia, have brought suit in state court against the same *Opiate* MDL Defendants. The only states that have not sued are Michigan and Nebraska. There are 89 suits pending because several states brought more than one lawsuit; for example, Ohio has one case pending against opioid manufacturers, and another against opioid distributors.

[3] "Parallel processing" is a mode of operation in which a process is split into parts, which are executed simultaneously by different processors. In contrast, "serial processing" employs a single processor, which executes the entire process in a linear sequence. Parallel processing is usually far more efficient. Applied here, parallel processing of the *Opiate* MDL calls for more than one trial judge working at the same time on different parts of the case.

3

**STRATEGIC REMANDS**

An extremely simplified list of *Opiate* MDL litigation matters over which the undersigned has so far presided is as follows:

- "Global" discovery from the primary defendants.

- "Specific" discovery from the plaintiffs and defendants in the "Track One" cases.[4]

- Initial motion practice and "specific" discovery in the "Track Two" cases.[5]

- Rulings on motions to dismiss in several "bellwether motion cases" involving various plaintiff types, defendants, claims, and jurisdictions.

- Summary judgment, *Daubert*, *in limine*, and other pretrial rulings in the Track One bellwether trial, which settled on the first day of trial.

Due to severance and dismissal of various claims and parties, the jury in the Track One bellwether trial was scheduled to decide only two or three claims against five defendants: three distributors, a manufacturer, and a pharmacy. This structure was designed to inform the Court and the parties regarding a central cross-section of the evidence, the parties, and the claims. The parties and the Court planned on additional litigation to address other legal theories and other defendants. As it happened, however, all but the pharmacy defendant in the Track One bellwether trial settled less than 10 hours before opening statements. The Court postponed trial and, as explained below,

---

[4] "Track One" includes three cases, all of which involve plaintiffs located in the Northern District of Ohio: (1) *The County of Summit, Ohio v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio); (2) *The County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio); and (3) *City of Cleveland v. AmerisourceBergen Drug Corp.*, Case No. 18-OP-45132 (N.D. Ohio). Following various rulings, the first bellwether trial was limited to claims by Cuyahoga County and Summit County.

[5] As noted above, "Track Two" includes two cases, both of which involve plaintiffs located in the Southern District of West Virginia: *City of Huntington, W.V. v. AmerisourceBergen Drug Corp., et al.*, case no. 17-OP-45054 (N.D. Ohio), and *Cabell County Comm'n v. AmerisourceBergen Drug Corp., et al.*, case no. 17-OP-45053 (N.D. Ohio).

will schedule a new Track One trial against all of the pharmacy defendants.

What the Court has learned is that, if it proceeds with the bellwether trial process as it has so far, it will simply take too long to reach each *category* of plaintiff and defendant, much less each *individual* plaintiff and defendant. Meanwhile, the Opioid Crisis shows no sign of ending. Accordingly, the Court asked the parties to submit proposals regarding limited, strategic remands of specific cases, in order to allow other federal judges to help resolve specific portions of the *Opiate* MDL in parallel. The Court suggested, for example, that there could be a remand of: (1) a case focused on manufacturers; (2) a case focused on distributors; (3) a case focused on pharmacies; (4) a case brought by an Indian Tribe; and so on.

Unsurprisingly, the parties' proposals did not agree, although there was some meaningful overlap. For example, there was a consensus that *City of Chicago v. Purdue Pharma L.P.*, which focuses on manufacturer defendants, should be remanded to the transferor court in the Northern District of Illinois, although the parties disagreed on whether remand should be immediate or instead after additional discovery and motion practice.

Having reviewed carefully all of the parties' proposals, the undersigned believes resolution of substantial portions of the *Opiate* MDL will be speeded up and aided by strategic remand of certain cases at this time, and very probably additional strategic remands in the future. While the transferor courts preside over these cases on remand, the undersigned will be working in parallel, trying other segments of the case and also pursuing global settlements.

Although this Court is normally hesitant to suggest remand of any case until all "pretrial proceedings" have been addressed, *see* 28 U.S.C. §1407(a), the global discovery, pretrial rulings, and other litigation matters over which the undersigned has already presided provide a good base

5

upon which the transferor courts can build. Accordingly, the undersigned suggests three remands occur immediately; the Court expects it will suggest other remands later. Specifically:

- *City of Chicago v. Purdue Pharma L.P.* focuses on **manufacturer defendants**. The transferor court oversaw substantial discovery and motion practice before the case was transferred to the MDL. The case is from a different jurisdiction than the Track One and Track Two cases. The case should be remanded now.

- *Cherokee Nation v. McKesson Corp.* is an **Indian Tribe** case, with distinctive Tribal issues. This case is the consensus pick of the Indian Tribe leadership committee. The Plaintiff has agreed not to seek remand to state court and to try the case in the federal transferor court. The case is from a different jurisdiction than the Track One and Track Two cases. The case should be remanded now.

- *City and County of San Francisco, Cal. v. Purdue Pharma L.P.* names manufacturer, distributor, and pharmacy defendants, many of whom have completed or nearly completed global discovery. The case is from a different jurisdiction than the Track One and Track Two cases. The case should be remanded now.

While these cases proceed on remand, this Court will be presiding over the following, in order to address other segments of the MDL; and this Court will probably submit additional suggestions of remand at the appropriate time:

- *Cuyahoga County (II)* will focus on claims against the **pharmacy defendants**. The undersigned will be issuing a case management order soon setting a trial date in 2020, and will try this case itself.

- *City of Huntington, W.V.* and *Cabell County*, which the Court designated as "Track Two" cases almost a year ago, will focus on the **distributor defendants** and **pharmacy defendants**. The undersigned will preside over discovery for a short time and then suggest remand.

- *West Boca Med. Ctr., Inc. v. AmerisourceBergen Drug Corp.*, case no. 18-OP-45530 (N.D. Ohio), is a **hospital** case. The Court will rule on a pending motion to dismiss and probably later suggest remand.

- *Cleveland Bakers & Teamsters Health & Welfare Fund v. Purdue Pharma L.P.*, case no. 18-OP-45432 (N.D. Ohio), is a **third-party payor** case. The Court will rule on a pending motion to dismiss and probably later suggest remand.

- *Rees v. McKesson Corp., et al*, case no. 18-OP-45252 (N.D. Ohio), is a putative class action and a **NAS Baby** case. The Court will rule on a motion for class certification, which is not

6

yet ripe.

- *County of Monroe, Michigan v. Purdue Pharma L.P.*, case no. 18-OP-4515 (N.D. Ohio), is a case brought by a **Michigan** governmental entity. The Court chose it as a "bellwether motion" case and will rule on pending motions to dismiss.

- *Broward County, Florida v. Purdue Pharma L.P.*, case no. 18-OP-45332 (N.D. Ohio), is a case brought by a **Florida** governmental entity. The Court chose it as a "bellwether motion" case and will rule on pending motions to dismiss.

The Court is also working on identifying a case focusing on **PBM defendants**.

In sum, the Court believes that strategic remand of certain cases is the best way to advance resolution of various aspects of the *Opiate* MDL. The undersigned will remain as the "hub" of the MDL litigation and also the locus for global settlement, while the selected transferor courts will act as "spokes," supporting this global effort.

**REQUEST FOR EXPEDITED RULING**

The hub-and-spoke model suggested above is designed to accelerate and facilitate resolution of the *Opiate* MDL, in whole or in substantial part. The Court is proceeding with its self-designated tasks with this model in mind. If the JPML concludes the Court's strategy is inappropriate or the particular suggestions of remand are not well-taken, the Court will need to pivot to another model. Accordingly, the undersigned respectfully requests an expedited ruling on the instant suggestions of remand.

**CONCLUSION**

For all the reasons stated above, the undersigned concludes that the just and efficient handling of the *Opiate* MDL will best be served by immediate remand of three cases to their

7

transferor courts – (1) *City and County of San Francisco,* (2) *City of Chicago,* and (3) *Cherokee Nation*. The undersigned also intends to suggest remand of *City of Huntington, W.V.* and *Cabell County* soon, after some additional pretrial oversight.[6]

The undersigned appreciates the JPML's timely consideration of this matter and is available to provide to the JPML any additional information it may wish in support of this Suggestion.

                                                    Respectfully Submitted,

                                                    /s/ *Dan Aaron Polster*
                                                    **DAN AARON POLSTER**
                                                    **UNITED STATES DISTRICT JUDGE**
                                                    **(MDL TRANSFEREE COURT)**

**Dated:** November 19, 2019

---

[6] The Court concludes remand of the Track Two cases (*City of Huntington, W.V.* and *Cabell County*) should not be immediate for two principal reasons. First, the Court expects discovery in the Track Two cases will overlap with discovery in *Cuyahoga County (II)*, which this Court will try itself. Second, the Court has already overseen some discovery and motion practice in the Track Two cases and believes remand is more appropriate after those tasks have advanced, if not been completed.