# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

IN RE: VALSARTAN, § MDL NO. 2875
LOSARTAN, AND §
IRBESARTAN PRODUCTS § HONORABLE ROBERT B. KUGLER
LIABILITY LITIGATION § DISTRICT COURT JUDGE

ORAL AND VIDEOTAPED DEPOSITION OF
JOHN L. QUICK
JANUARY 27, 2022

ORAL AND VIDEOTAPED DEPOSITION OF JOHN L. QUICK, produced as a witness at the instance of the Defendants and duly sworn, was taken in the above styled and numbered cause on Thursday, January 27, 2022, from 9:33 a.m. to 7:00 p.m., before TAMARA CHAPMAN, CSR, RPR-CRR in and for the State of Texas, reported by computerized stenotype machine, at the offices of Slack Davis Sanger, LLP, 6001 Bold Ruler Way, Suite 100, Austin, Texas, pursuant to the Federal Rules of Civil Procedure and any provisions stated on the record herein.

A P P E A R A N C E S

FOR THE PLAINTIFF(S):

John R. Davis
SLACK DAVIS SANGER, LLP
6001 Bold Ruler Way, Suite 100
Austin, Texas 78746
512-795-8686
jdavis@slackdavis.com

Layne Hilton
Conlee S. Whiteley
David J. Stanoch
KANNER & WHITELEY, L.L.C.
701 Camp Street
New Orleans, Louisiana 70130
504-524-5777
l.hilton@kanner-law.com
c.whiteley@kanner-law.com
d.stanoch@kanner-law.com

Ruben Honik
HONIK LLC
1515 Market Street, Suite 1100
Philadelphia, Pennsylvania 19102
267-435-1300
ruben@honiklaw.co

FOR PLAINTIFF MSP RECOVERY CLAIMS, SERIES, LLC:

Charlie Whorton
RIVERO MESTRE, LLP
2525 Ponce De Leon Boulevard, Suite 1000
Miami, Florida 33134
305-445-2500
cwhorton@riveromestre.com

THE VIDEOGRAPHER: Here begins the deposition of John Quick. Today's date is January 27th, 2022. The time is 9:33 a.m.

Will the court reporter please swear in the witness?

THE REPORTER: And will you introduce yourselves for the record?

MS. ISIDRO: Nilda Isidro from Greenberg Traurig on behalf of defendant, Teva.

MR. KERNER: I'm Glenn Kerner from Greenberg Traurig, also on behalf of Teva.

MR. DAVIS: John Davis, Slack Davis Sanger, on behalf of the plaintiffs.

MS. HILTON: Layne Hilton, Kanner & Whiteley on behalf of the plaintiffs.

MS. WHITELEY: Conlee Whiteley, Kanner & Whiteley, on behalf of plaintiffs.

JOHN L. QUICK,

having been first duly sworn, testified as follows:

EXAMINATION

BY MS. ISIDRO:

Q. Good morning, Mr. Quick.

A. Good morning.

Q. My name is Nilda Isidro. I am from the law firm of Greenberg Traurig and I represent

common to every valsartan product purchased by the class members. Do you see that?

A. I see that.

Q. I'm going to ask you about a few different portions of that sentence.

When you say that you reviewed a set of documents related to defendants' noncompliance with CGMPs, what are you referring to?

A. I'm referring to examples of noncompliance with GMPs. It wasn't all exhaustive. There were examples.

Q. How did you determine which examples you would review?

A. Well, there is no specific determination. I went through all the defendants and I pulled out examples that I thought were representative of what I considered to be serious examples -- serious GMP situations.

Q. And the ones that you pulled out are the ones that are listed in your report?

A. They are.

Q. Okay. And in the second part of that sentence it says that you went through that exercise: In order to determine whether these examples of noncompliance with CGMPs are the type

that would impact and be common to every valsartan product purchased by the class members.

What do you mean by that?

A. Well, I mean, we were talking about GMP situations, not like somebody not wearing a hairnet. Okay? That would not be what I would be talking about here. These would be something that would apply to everything.

Q. So is it your position that a purported noncompliance with respect to ZHP's API would impact a product that contained Mylan's API?

MR. DAVIS: Objection; mischaracterizes his report.

A. So when I refer -- for example, relative to ZHP and, for example, Teva purchasing ZHP, we were talking about all of the ZHP relative to Teva that would apply to all of the class relative to that situation.

Q. So it's your position that the examples that you've provided with respect to ZHP would impact any product that utilized ZHP's API?

A. Well, yes. But to answer the question you brought it out for, am I going back to say relative to -- and, for example, the situation of Teva and Mylan, I'm not referring back to Mylan,

A. Okay. I don't know. But you're asking about if the FDA required it. I think that was the question?

Q. Is it your position that FDA would require any manufacturer of finished product that incorporates ZHP's valsartan API to get access to ZHP's DMF for that API?

MR. DAVIS: Object to form.

A. That's not necessarily a requirement. The real point, though, is that Teva should have understand -- understood the process that ZHP was following, either by getting access to the DMF or by getting the information when they came on their audits.

[redacted]


Page 194



(Discussion off the written record.)

MS. ISIDRO: Let's go off the record a moment.

THE VIDEOGRAPHER: Off the record at 4:05 p.m.

(Break.)

THE VIDEOGRAPHER: This marks the







[redacted]

Q. So as you sit here today, you can't identify anything that implies that Teva does not adequate -- did not adequately conduct risk assessments per Q9, as you have described them?

A. Because I've not necessarily looked at all the appropriate documents that I could have looked at.

Q. Okay. And you have commented on change management systems in your Paragraph 49. Correct?

A. 49?

Yes.

Q. Was there anything that you saw in any

clear. You only reviewed what's on Exhibit A.
Right?
A. That's correct.
Q. Okay. So did you do -- did anything in Exhibit A -- if you look at that list, did you do anything to independently verify whether ZHP conducted a formal risk assessment?
MR. DAVIS: Object to form.
You can answer.
A. So my role was to come up -- was to identify example -- examples of CH -- of CGMP deficiencies that might apply to the entire class, and not -- it was not exhaustive.
That may be part of a later scope in this process, but that's -- I did not do an independent review of any other aspects of the ZHP EIR.
Q. Okay. So the answer to my question is, no, you didn't do any independent assessment of whether or not ZHP did a formal risk assessment.
Right?
MR. DAVIS: Objection. He's already given his answer.
Q. Sir, are you going to answer my question?
A. The answer --
Q. The answer is no.

wrap it up because our court reporter, we've got to respect the fact that she has another obligation.

(Discussion off the written record.)

MR. GOLDBERG: It's okay. We can go off the record now.

THE VIDEOGRAPHER: Off the record at 7:00 p.m.

(Deposition adjourned at 7:00 p.m.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| IN RE: VALSARTAN, | § | MDL NO. 2875 |
| LOSARTAN, AND | § | |
| IRBESARTAN PRODUCTS | § | HONORABLE ROBERT B. KUGLER |
| LIABILITY LITIGATION | § | DISTRICT COURT JUDGE |

REPORTER'S CERTIFICATION
DEPOSITION OF JOHN L. QUICK
TAKEN JANUARY 27, 2022

I, TAMARA CHAPMAN, Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the witness, JOHN L. QUICK, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the original deposition was delivered to NILDA ISIDRO;

That a copy of this certificate was served on all parties and/or the witness shown herein on __________________________.

I further certify that pursuant to FRCP No. 30(f)(i) that the signature of the deponent:

was requested by the deponent or a party before the completion of the deposition and that the signature is to be returned within 30 days from date

of receipt of the transcript. If returned, the attached Changes and Signature Page contains any changes and the reasons therefor;

was not requested by the deponent or a party before the completion of the deposition.

I further certify that I am neither counsel for, related to, nor employed by any of the parties in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Certified to by me this 9th day of February, 2022.

Tamara Chapman, CSR, RPR-CRR
CSR NO. 7248; Expiration Date: 12-31-22
Veritext Legal Solutions
Firm Registration No. 571
300 Throckmorton Street, Suite 1600 Fort Worth, Texas 76102
800-336-4000