# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| | Honorable Robert B. Kugler, District Court Judge |
| **This Document Relates to All Actions** | Oral Argument Requested |

# WHOLESALER DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION AND MODIFICATION OF SPECIAL MASTER ORDER NO. 64

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .........................................................................................................3

    A. Plaintiffs' Argument That Wholesalers' Motion For Clarification and Modification of Special Master Order No. 64 Is Untimely and Waived Contradicts the Orders of the Court and Should Be Ignored. ...............3

    B. The April 13, 2022 Status Conference Was Not A Hearing on the Propriety of Plaintiffs' Extra-Judicial Discovery Requests and SMO 64 Was Not Intended to Approve Those Requests. ..............................5

    C. Plaintiffs' Opposition Does Not Establish That the Defense Information Has Any Relevance to a Claim Made by Plaintiffs Against Wholesalers and Therefore It Remains Undiscoverable. ........6

III. CONCLUSION ......................................................................................................9

NOW COME Wholesaler Defendants AmerisourceBergen Corporation, Cardinal Health, Inc., and McKesson Corporation ("Wholesalers") and file their Reply in Support of Wholesalers' Motion for Clarification and Modification of Special Master Order No. 64 and respectfully would show the Court as follows:

## I.  INTRODUCTION

Wholesalers have spent weeks trying to determine exactly what information regarding the defense of Plaintiffs' claims against them (as opposed to indemnification of settlements or judgments) Plaintiffs seek.[1]  Plaintiffs' untimely "discovery requests" are broad, indeed, and their draft of SMO 64 also is sufficiently inartfully worded to require the production of clearly privileged information.  As can be seen from the correspondence from Plaintiffs' counsel, it has been a game of whack-a-mole.  Dkt. No. 2071-1.  What is now clear, however, is that: (1) Plaintiffs acknowledge the Wholesalers' production is complete with regard to indemnification; (2) Plaintiffs do not seek production of additional documents related to the Defense Information; and (3) Plaintiffs do not seek privileged Defense Information.  In sum, Plaintiffs now seek only:

> information related solely to the existence and status of an agreement, should one exist [between Wholesalers and Manufacturers and/or Retailers regarding defense.]

---

[1] The information sought by Plaintiffs regarding the existence and status of agreements to defend is referred to herein as the "Defense Information."

1

Dkt. No. 2078, Plaintiffs' Opp. at 16. Because of the cloudy record created by Plaintiffs, this Court should hold Plaintiffs to their current judicial admissions and issue an Order clarifying these matters.

Further, Plaintiffs' Opposition by and large ignores Wholesalers' arguments against disclosure of the Defense Information and for clarification of SMO 64 in favor of inapposite procedural arguments that effectively concede that the Defense Information is not discoverable. Plaintiffs admit no timely or court-approved discovery requests have been served on Wholesalers for the Defense Information. Plaintiffs also make no effort to address two issues critical to the inquiry: (1) the effect of this Court's prior denial of reverse requests for Plaintiffs' litigation funding information; or (2) the applicability of the common interest doctrine as set forth in *Teleglobe* to the discoverability of Defense Information. Indeed, Plaintiffs spend the first nine pages of their Opposition mired in procedural nonsequitors before even touching on the core issues of relevance and privilege.

Instead of articulating how knowledge of the Defense Information would tend to prove or disprove a legal or factual argument relevant to the litigation, Plaintiffs have stated that the need for the Defense Information was to gain some sort of leverage in settlement. In their Opposition, for the first time, however, Plaintiffs request that the Court order disclosure of Defense Information because it is allegedly relevant to the issue of "bias" in some unarticulated manner. Plaintiffs' specious

2

bias argument is directly contradicted by Plaintiffs' admissions on the record that they are actually seeking disclosure of the Defense Information for purposes of leverage in settlement discussions, and in any event, it is wildly premature and does not make Wholesalers' Defense Information relevant and discoverable.

Therefore, for all of the reasons set forth in Wholesalers' Motion For Clarification and Modification of Special Master Order No. 64 filed on May 23, 2022, the Court should deny Plaintiffs' request for discovery of the Defense Information and clarify that SMO 64 only requires Wholesalers to supplement their prior responses to Plaintiffs' timely-served and Court-approved discovery requests pursuant to Fed. R. Civ. 26(e).

## II. ARGUMENT

### A. Plaintiffs' Argument That Wholesalers' Motion For Clarification and Modification of Special Master Order No. 64 Is Untimely and Waived Contradicts the Orders of the Court and Should Be Ignored.

The Court should disregard Plaintiffs' argument that Wholesalers have waived the arguments in their Motion For Clarification and Modification of Special Master Order No. 64 because their motion is purportedly untimely under Local Rule 7.1(i). Plaintiffs' new argument ignores and contradicts the Orders of the Court. There is no debate that Wholesalers timely filed a Rule 53 Objection to and Motion for Clarification of Special Master Order No. 64 on May 5, 2022. On May 10, 2022, Judge Kugler entered an Order Re: Wholesalers' Objections to Special Master Order

3

No. 64. Dkt. No. 2054. That Order denied Wholesalers' Rule 53 Objection and remanded the motion to the Special Master "so that the Parties properly place their concerns on additional, supplementary, and/or new discovery requests relating to Defendants' indemnification and defense agreements before the Special Master for resolution." *Id*. Then, on May 11, 2022, the Court addressed the matter with the parties during the mid-month status conference with liaison counsel. At that conference, Plaintiffs' counsel specifically asked for no briefing on the issue. After hearing argument, and over Plaintiffs' objections, the Court concluded that briefing was needed and issued a schedule for that briefing. Dkt. No. 2063.

Now, despite that clear history and the Orders of the Court, Plaintiffs argue that Wholesalers' Motion For Clarification and Modification of Special Master Order No. 64 presently before the Court is untimely per Local Rule 7.1(i). That argument should be rejected out of hand. Plaintiffs' argument ignores the procedural history on this motion and the specific Orders of the Court (1) directing the Special Master to resolve this issue on the merits and (2) setting a briefing schedule for this motion. Dkt. Nos. 2054 and 2063. Plaintiffs' new waiver argument, which notably was never raised by Plaintiffs at the May 11, 2022, status conference, is a transparent attempt to defeat Wholesalers' valid objections to the production of the Defense Information on procedure rather than on the merits.

4

### B. The April 13, 2022 Status Conference Was Not A Hearing on the Propriety of Plaintiffs' Extra-Judicial Discovery Requests and SMO 64 Was Not Intended to Approve Those Requests.

Plaintiffs' Opposition improperly attempts to create a fiction that the mid-month status conference with liaison counsel held on April 13, 2022 addressed the substance of the information requested from Wholesalers in Plaintiffs' March 17, 2022 correspondence and provided Wholesalers the opportunity to both brief and argue any objections to those extra-juridical discovery requests. Plaintiffs further incredibly claim that the few hours between Plaintiffs' *ex parte* submission of proposed Special Master Order No. 64 and the entry of that Order on April 14, 2022, over Defendants objection, constituted Wholesalers "third opportunity – after briefing and oral argument – for Wholesalers to lodge an objection to the substance or the nature of information sought by the Plaintiffs regarding defense and indemnity agreements." Dkt. No. 2078, Plaintiffs' Opp. at 8.

Plaintiffs' arguments in this regard are surprising and flat out wrong. No hearings were ever held on the improper and untimely discovery requests in Plaintiffs' March 17, 2022, correspondence. And, a discussion of the substance of those requests was not on the agenda for the April 13, 2022 conference, nor were the requests discussed that day. Rather, the only pertinent discussion at that mid-month conference was Plaintiffs' counsel's request that the Court set a deadline of April 30, 2022 for all Defendants to meet and confer with Plaintiffs' counsel about the

discovery requests in the March 17, 2022 letter. Indeed, the Court acknowledged as much in its April 14, 2022 email correspondence to Jason Reefer, Esq. which recognized that Plaintiffs' proposed SMO 64 "goes beyond that which was discussed during our call" and that SMO 64 was entered only for the purposes of imposing "a duty of supplementation." Dkt. No. 2071-3. Plaintiffs' attempt to now portray the April 13, 2022 mid-month status conference as a "hearing" on the propriety of Plaintiffs' improper discovery requests and SMO 64 as a blessing of those new requests is directly contradicted by the record and should be ignored.

### C. Plaintiffs' Opposition Does Not Establish That the Defense Information Has Any Relevance to a Claim Made by Plaintiffs Against Wholesalers and Therefore It Remains Undiscoverable.

After obfuscation and double-speak about what their untimely discovery request are seeking and how they want SMO 64 interpreted, Plaintiffs' Opposition makes clear the one thing Plaintiffs are still seeking: Plaintiffs want discovery of "information related solely to the existence and status of an agreement, should one exist [between Wholesalers and Manufacturers and/or Retailers regarding defense.]" Dkt. No. 2078, Plaintiffs' Opp. at 16. Plaintiffs now state that they are *not* seeking communications about any agreement to defend that are protected by privilege and/or the common interest doctrine, and no issues remain between the parties regarding Plaintiffs' requests for information about indemnification agreements. Rather, at this point, Plaintiffs are asking the Court, per SMO 64, to require

6

Wholesalers to disclose the names of any party with whom Wholesalers have entered into an agreement to defend and the "status" of any such agreement. Wholesalers understand the request for "the status" of any such agreement to include irrelevant details such as who is paying, how much, when, and how—i.e. the way that multiple parties with defense obligations have chosen to share in those arrangements.

However, for all the reasons stated in Wholesalers' Motion for Clarification and Modification of SMO 64, the Defense Information is not discoverable. Plaintiffs' failure to address many of Wholesalers' arguments in their Opposition effectively concedes as much. Moreover, Plaintiffs' specious argument that Wholesalers' Defense Information regarding agreements to defend, if any, is relevant to demonstrate bias is ineffective and does not make the Defense Information discoverable, including at this stage of the case.

As the Court is well aware, in response to heavily-negotiated and Court-approved Requests for Production served by Plaintiffs, each Wholesaler (and/or Retail Pharmacy) produced redacted copies of "Supply/Distribution Agreements" entered into with Manufacturer and Retail Pharmacy Defendants that were applicable to Wholesalers' purchases and/or sales of VCDs during the relevant time period. Those "Supply/Distribution Agreements" contained the provisions regarding defense obligations between Wholesalers and Manufacturers and/or Retail Pharmacy Defendants. As such, Plaintiffs already know the identity of all of the

7

parties that have defense obligations throughout the supply chain, including with respect to Wholesalers. Plaintiffs do not need any more than that regarding defense agreements, including because the information is not relevant. As they have admitted and do not dispute, Plaintiffs are actually requesting the Defense Information to use as leverage in settlement negotiations. The information they seek has nothing to do with any claim made by Plaintiffs against Wholesalers. And, Plaintiffs are *not* requesting information about defense agreements, if any, because that information tends to make the existence of any fact that is of consequence to the determination of any claim against Wholesalers more or less probable. Therefore, the Defense Information is irrelevant.

In their Opposition, and despite their repeated admissions that they seek the Defense Information for settlement purposes only, Plaintiffs now assert that information about "the status" of defense agreements is relevant to the issue of potential bias on the part of the parties to those agreements, including Wholesalers. Plaintiffs' "bias" argument is an eleventh-hour attempt to attach relevance to the Defense Information where there is none. Plaintiffs now, for the very first time, broadly claim that the trial testimony of Retailer or Wholesaler witnesses may be biased due to the existence of an agreement to defend, but Plaintiffs fail to articulate what that bias would be or how it would relate to any claim remaining in the case against Wholesalers, none of which are conduct-based. Indeed, it is not in

8

dispute that Wholesalers had no knowledge of the allegedly contaminated Valsartan Containing Drugs (VCDs) at issue in the case. Moreover, Plaintiffs' bias argument is wildly premature at this stage of the case with class certification motions still pending and when no trial is on the schedule in either the transferor or transferee court. Plaintiffs' flimsy bias argument is in fact an admission that Plaintiffs' true purposes for seeking the Defense Information—settlement leverage—is insufficient and improper.

### III. CONCLUSION

Wholesalers respectfully request that the Court deny Plaintiffs' request to order the production of the Defense Information, if any, pursuant to SMO 64, and clarify that SMO 64 only requires Wholesalers to supplement their prior responses to Plaintiffs' timely-served and Court-approved discovery requests pursuant to Fed. R. Civ. 26(e), if and when necessary. As previously noted by the Court, supplementation alone was the Court's intention when SMO 64 was entered. Wholesalers' request, therefore, is consistent with the intent of the Court.

Dated: June 6, 2022  Respectfully submitted,

By: /s/ *Jeffrey D. Geoppinger*
Jeffrey D. Geoppinger
Liaison Counsel for Wholesaler Defendants

ULMER & BERNE LLP
Jeffrey D. Geoppinger
Liaison Counsel for Wholesalers

9

312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Tel: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ulmer.com

*Counsel for AmerisourceBergen Corporation*

CROWELL & MORING
Andrew D. Kaplan
Daniel T. Campbell
Marie S. Dennis
Emily G. Tucker
Luke J. Bresnahan
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Tel: (202) 624-1000
Fax: (202) 628-5116
akaplan@crowell.com
dcampbell@crowell.com
mdennis@crowell.com
etucker@crowell.com
lbresnahan@crowell.com

*Counsel for Cardinal Health, Inc.*

NORTON ROSE FULBRIGHT US LLP
D'Lesli M. Davis
Ellie K. Norris
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Tel: (214) 855-8221
Fax: (214) 855-8200
dlesli.davis@nortonrosefulbright.com
ellie.norris@nortonrosefulbright.com

*Counsel for McKesson Corporation*

10

## CERTIFICATE OF SERVICE

  I hereby certify that on June 6, 2022, a copy of the foregoing document was served on all counsel of record via CM/ECF.

             By: /s/ *Jeffrey D. Geoppinger*
                Jeffrey D. Geoppinger
                Liaison Counsel for Wholesaler Defendants