# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: All Actions | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE *INSTANTER* SURREPLY BRIEFS IN FURTHER OPPOSITION TO PLAINTIFFS' MOTIONS <u>FOR CLASS CERTIFICATION</u>**

On May 20, 2022, Defendants filed a motion seeking leave to submit another 30 pages of surreply briefs (not counting appendices or exhibits) in further opposition to Plaintiffs' motion for class certification. *See* ECF 2069. Plaintiffs vehemently oppose this request: it contravenes this Court's scheduling order and the parties' agreed upon page limits, does not satisfy the good-cause standard for granting leave, and would unduly prejudice Plaintiffs, who bear the burden in affirmatively demonstrating they meet the requirements of Rule 23.

Over a year ago, this Court entered a heavily-negotiated scheduling order that laid out the class certification briefing schedule. *See* ECF 863(CMO No. 23). The schedule did not permit any surreplies. *Id.*[1] Additionally, the Court generously approved *the parties' negotiated and agreed upon page limits*: 160 pages for Plaintiffs' opening papers and for Defendants' opposition, and 80 pages for Plaintiffs' reply papers. *See* 9/29/2021 Hr'g Tr. at 35-38. In addition to these generous page limitations, Defendants availed themselves of an additional 160 pages by moving to exclude six of Plaintiffs' seven Class Experts. ECF 2024, 2037, 2040, 2032-2035. While these were *Daubert* motions, they largely repeated and expanded upon the very arguments Defendants' made in their Opposition brief.

---

[1] The Court subsequently amended the schedule at Defendants' behest, which again did not permit any surreplies. *See* ECF 1679. At no point during the negotiations of the original or modified schedule were surreplies requested (or even contemplated). This is also true in the context of negotiating the page limitations.

Despite this well-defined and generous pre-existing briefing structure, Defendants now seek leave to file *four* more (uncontemplated) surreply briefs, totaling 30 pages[2] (not counting appendices or exhibits).  *See* ECF 2069, *et seq*.

Putting aside the prejudice this places on Plaintiffs, who, as the proponents of class certification bear the burden of demonstrating they meet the Rule 23 factors, it is well-established that "[s]urreplies are disfavored[.]" *Pate v. Gov't of the V.I.*, 2015 WL 1937701, at *9 (V.I. Apr. 17, 2015).  To this end, "[a] Court may grant leave to file a sur-reply brief if it responds to new evidence, facts, or arguments." *Siemens Med. Solutions USA, Inc. v. Humedica, Inc.*, 2015 WL 1738186, at *1 n.1 (D. Del. Apr. 8, 2015) (internal quotations and citation omitted).  Defendants fail to demonstrate good cause.  In fact, Defendants' terse, 2-page motion for leave does present no persuasive justification for leave. They merely list a few bullet points that regurgitate the theses of their four surreplies.

However, Defendants' cursory 'rationales' miss the mark.  Two of their rationales take issue with Plaintiffs' revised state law groupings.  *See* ECF 2069 at 3-4.  But Plaintiffs' replies merely made revisions to their earlier groupings based on Defendants' own opposition arguments.[3]  That TPP Plaintiffs' reply "attempt[s]

---

[2] This represents a nearly 20% increase in the 160 total pages per side previously granted by this Court.  It also is double the number of pages permitted for replies.  *See* D.N.J. L.R. 7.2(b) (15-page limit for any reply brief).  Defendants cannot skirt this Local Rule simply by breaking their surreply arguments up into four separate pleadings that total 30 pages.

[3] *See, e.g.*, Pls.' Consumer EL Reply at 32, 34 n.94 (noting revisions because in some cases Plaintiffs were *agreeing* with Defendants' stated position).

to distinguish" a case cited in Defendants' earlier opposition briefs (*see* ECF 2069-1) cannot plausibly be considered "new." Indeed, if 'the lawyers distinguished a case' were the standard, every briefing in every litigation would be entitled to a reply brief in perpetuity. Similarly, Wholesalers' self-serving contention that Plaintiffs' replies "misstate[]" *prior* law or facts (*id.* at 4) does not constitute "new" evidence or argument. Finally, Defendants are incorrect that Plaintiffs "abandon[ed]" any argument in their replies (*id.* at 3-4), but even if true it is unclear how that would constitute something "new."

Finally, while Defendants' motion for leave does not cite a single piece of "new" evidence, their latest CMC letter made passing reference to dozens of "new" exhibits and a supplemental expert report. This is misleading. Plaintiffs' reply exhibits are overwhelmingly comprised of excerpts from deposition transcripts that Defendants' themselves cited in their oppositions and whose depositions were taken pursuant to the schedule that the *Defendants themselves demanded*. And the "supplemental report" is just a 3.5-page document that updates some damages arithmetic (in part due to a file produced by a defendant after the original report was submitted); this supplement was produced to Defendants prior to the filing of their oppositions. *See* ECF 2057-1. And, Defendants do not even discuss it in their proposed surreplies.

For these reasons, Defendants' motion for leave (ECF 2069) should be denied.

Dated: June 9, 2022                                Respectfully submitted,

| | |
|---|---|
| */s/ Ruben Honik* <br> Ruben Honik <br> **HONIK LLC** <br> 1515 Market Street, Suite 1100 <br> Philadelphia, PA 19102 <br> Phone: (267) 435-1300 <br> ruben@honiklaw.com | */s/ Daniel Nigh* <br> Daniel Nigh <br> **LEVIN, PAPANTONIO, THOMAS, MITCHELL RAFFERTY & PROCTOR, P.A.** <br> 316 South Baylen Street <br> Pensacola, FL 32502 <br> Phone: (850) 435-7013 <br> dnigh@levinlaw.com |
| */s/ Adam Slater* <br> Adam Slater <br> **MAZIE, SLATER, KATZ & FREEMAN, LLC** <br> 103 Eisenhower Pkwy, 2nd Flr. <br> Roseland, NJ 07068 <br> Phone: (973) 228-9898 <br> aslater@mazieslater.com | */s/ Conlee S. Whiteley* <br> Conlee S. Whiteley <br> **KANNER & WHITELEY, LLC** <br> 701 Camp Street <br> New Orleans, LA 70130 <br> Phone: (504)-524-5777 <br> c.whiteley@kanner-law.com |

*MDL Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2022, I caused a true and correct copy of the foregoing to be filed and served upon all counsel of record by operation of the Court's CM/ECF system.

                                                            */s/ David J. Stanoch*
                                                            David J. Stanoch