UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge |

**WHOLESALER DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO EXCLUDE THE OPINIONS OF RENA CONTI, Ph.D.**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................1

    I.    DR. CONTI'S OPINIONS ARE NOT BASED ON ANY METHODOLOGY AND WOULD NOT BE HELPFUL TO THE JURY ...........................................................................................2

    II.    DR. CONTI'S FAILURE TO RENDER AN EXPERT OPINION IS THROUGH NO FAULT OF WHOLESALERS ............5

    III.    DR. CONTI IS UNQUALIFIED TO OPINE ON WHOLESALER UNJUST ENRICHMENT DAMAGES ....................8

CONCLUSION ...............................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

*Ang v. Bimbo Bakeries USA, Inc.*,
　　No. 13-CV-01196-HSG, 2018 WL 4181896 (N.D. Cal. Aug. 31, 2018) .......7

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
　　350 F.3d 316 (3d Cir. 2003) ........................................................................10

*Goldberg v. Fla. Int'l Univ. Bd. of Trs.*,
　　No. 18-20813-CIV, 2019 WL 692780 (S.D. Fla. Feb. 7, 2019) .....................3

*Holbrook v. Lykes Bros. S.S. Co.*,
　　80 F.3d 777 (3d Cir. 1996) ..........................................................................11

*In re Actiq Sales & Mktg. Pracs. Litig.*,
　　No. CIV.A. 07-4492, 2014 WL 3572932 (E.D. Pa. July 21, 2014) ...............8

*In re Blood Reagents Antitrust Litig.*,
　　No. 09-2081, 2015 WL 6123211 (E.D. Pa. Oct. 19, 2015) .......................6, 7

*In re TMI Litig.*,
　　193 F.3d 613 (3d Cir. 1999), amended, 199 F.3d 158 (3d Cir. 2000) ............2

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
　　259 F.3d 154 (3d Cir. 2001) ..........................................................................7

*Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*,
　　No. CV 15-6480, 2021 WL 2352016, (E.D. Pa. June 9, 2021) ....................11

## PRELIMINARY STATEMENT

Dr. Rena Conti's opinions on Wholesaler unjust enrichment ("UE") damages cannot survive *Daubert* gatekeeping scrutiny. As this Court has explained, its role as a gatekeeper is to ensure experts rely on a valid methodology. Feb 2, 2022 CMC Transcript 28:2-5 ("The point of *Daubert* in this case is for me as a gatekeeper to determine the science and whether it's valid methodology"). But Dr. Conti applies *no methodology* with respect to Wholesaler UE damages, let alone a valid one. Plaintiffs cannot dispute, and the record in this case demonstrates, that ***Dr. Conti is unqualified with respect to Wholesalers, has done no work to become qualified on Wholesaler issues in this case, and has offered no admissible expert opinion with respect to Wholesaler UE damages***. Specifically:

- Dr. Conti did not review any Wholesaler contracts, data, or testimony in this case.

- Dr. Conti does not offer or apply any expertise in submitting her proposed "formula" for Wholesaler UE damages (profits = revenues – costs); instead, she testified that this equation was provided to her by Plaintiffs' counsel.

- Dr. Conti acknowledges that various categories of costs should be deducted to accurately determine Wholesaler profits, and yet she could not disclose or identify, *even by category*, how she would account for *any* relevant costs.

- Dr. Conti defers *to the jury* to identify relevant costs and revenue offsets to include in her "formula," rather than offering any of her own expertise to assist the trier of fact.

In the few pages Plaintiffs spend on opposing Wholesalers' motion to exclude, they do not address Wholesalers' arguments head on; rather, they attack various

1

straw-man arguments *that Wholesalers never raised* in an attempt to confuse and mislead the Court, all while improperly blaming Wholesalers for their own expert's failures.[1]

Therefore, the Court should exclude Dr. Conti's opinions as to Wholesalers in their entirety.

Consequently, Plaintiffs' failure to offer admissible expert testimony with respect to damages dooms their proposed economic loss classes against Wholesalers, as Plaintiffs are left unable to satisfy their burden under Rule 23.

## I. DR. CONTI'S OPINIONS ARE NOT BASED ON ANY METHODOLOGY AND WOULD NOT BE HELPFUL TO THE JURY

Plaintiffs do not dispute that they provided Dr. Conti with the "formula" she offers as her "expert" opinion. Dkt. 2009-7, Ex. 48, Conti Dep. II 127:17-22 ("Q So is counsel's instruction that the proper calculation of damages for UE is revenues minus cost? A. …Yes."). This alone warrants the exclusion of her testimony. *See, e.g.*, *In re TMI Litig.*, 193 F.3d 613, 671 (3d Cir. 1999), amended, 199 F.3d 158 (3d Cir. 2000) (expert opinion did not satisfy reliability where expert "received the source term he used to calculate the radiation exposure from Trial Plaintiffs'

---

[1] Plaintiffs' criticism rings especially hollow, because *they* are to blame for Dr. Conti's failures in this case. Plaintiffs hired Dr. Conti despite her lack of Wholesaler experience, told her exactly the formula they wanted her to use, and then led her to believe there were no Wholesaler documents or data she could review. Conti Dep. II 111:24-112:19.

counsel" and did not attempt to "to verify the source terms"); *see also Goldberg v. Fla. Int'l Univ. Bd. of Trs.*, No. 18-20813-CIV, 2019 WL 692780, at *2-3 (S.D. Fla. Feb. 7, 2019) (expert opinion did not satisfy reliability where "Plaintiff was the source of the data used" in calculations and the expert "conducted no independent research, nor any verification or critical assessment of the data provided to him").

Further, Plaintiffs do not dispute that Dr. Conti failed to identify any categories of costs or offsets to be deducted from revenue to equal profits, and failed to provide a methodology for doing so, despite her concession that Wholesaler profits **cannot be determined** without consideration of these numerous costs and revenue offsets. *See* Conti Dep. II 138:14-24, 139:7-140:2, 142:20-143:7, 148:6-18, 149:10-150:15.

Finally, Plaintiffs do not dispute that Dr. Conti requires the Court or jury to tell *her*—the expert—which types of costs are relevant to calculating Wholesaler profits. Conti Dep. II 138:14-24 (rebates and net prices would be considered "if counsel or the court or the jury find that they should be included"); 137:15-138:10 (similar); *see also* Dkt. 1748-1, Conti Decl. FN 75 ("When calculating profits, other offsets may be removed from gross profits should the jury or Court find these to be reasonable deductions.").

In sum, Dr. Conti has done no work in arriving at her "expert" opinion on Wholesaler UE damages, blindly repeats the formula provided to her by Plaintiffs'

3

counsel, offers no methodology to determine the key components of the formula, and would not assist the trier of fact. Indeed, this is not a situation where vigorous cross-examination is the appropriate means to address Dr. Conti's opinions because she does not offer any substantive methodology to examine (i.e., she has not even opined on categories of costs to include in her formula – an issue where Wholesalers and reasonable experts could disagree). As such, *Daubert*—as opposed to cross-examination and jury instructions—is the appropriate mechanism to weed out Dr. Conti's non-expert opinions. Therefore, her opinions are inadmissible under *Daubert* and should not survive this Court's gatekeeping analysis.

Plaintiffs do not even attempt to directly explain Dr. Conti's failure to present any expert testimony with respect to Wholesalers. Instead, Plaintiffs mischaracterize Wholesalers' argument as a concession that "unjust enrichment damages are so easy to understand there is no need for Dr. Conti's opinions," and wrongly contend that Wholesalers "claim [Dr. Conti's] formula is so unassailable that no expert testimony is even needed because a juror can go on the career advice page of indeed.com to calculate the damages." Dkt. 2086, Plaintiffs' Mem. In Opposition to Motion to Exclude ("Opp.") at 29, 33-34. To be clear, Wholesalers *never* agreed that Dr. Conti's formula is the appropriate measure of UE damages, and never argued that UE damages are "so easy to understand there is no need for Dr. Conti's opinions." Wholesalers critiqued the simplicity of Dr. Conti's "formula," and specifically

argued that her Declaration did "not provide a viable equation." Dkt. 2037-1, Wholesalers' Mem. in Support of Motion to Exclude Conti ("Wholesalers' Mem.") at 11. Indeed, Wholesalers' argument that Dr. Conti's formula is readily available is not a concession that UE damages are "easy to understand," but instead evidence that she has not provided any expert testimony at all about how to calculate Wholesaler UE damages. *Id*. at 8.

## II. DR. CONTI'S FAILURE TO RENDER AN EXPERT OPINION IS THROUGH NO FAULT OF WHOLESALERS

Plaintiffs then blame *Wholesalers* for Dr. Conti's failures, arguing that Wholesalers have withheld the very cost data Dr. Conti requires to opine on Wholesaler UE damages. Opp. at 33-39. As Wholesalers have repeatedly explained, this argument is a red herring. *See, e.g.,* Wholesalers' Mem., at n.2; Dkt. 2069-4, Wholesalers' (Proposed) Surreply in Opposition to Class Certification of Consumer Economic Loss Claims, at 6; Dkt. 2077, Defendants' Mem. In Opp. to Plaintiffs' Motion to Partially Exclude Kosty, at 14-15.

Again, Wholesalers are not criticizing Dr. Conti for failing to calculate numerical damages at this stage.[2] Instead, Wholesalers criticize Dr. Conti for failing

---

[2] And Plaintiffs' baseless allegation that Wholesalers are attempting to "avoid unjust enrichment damages" by "neglecting to keep disaggregated" profit or cost data ignores the realities of Wholesalers' role in the pharmaceutical industry. Opp. at 38-39. Wholesalers maintain profit and cost data in accordance with industry standards.

5

to identify any categories of costs or revenues that are applicable, even though she acknowledged in her deposition that those categories are relevant to calculating UE damages. Dr. Conti—though explicitly aware of the existence *and relevance* of costs and revenue offsets such as chargebacks, discounts, and rebates—never refers to those items in her purported UE formula whatsoever, or even identifies them by categories. Conti Dep. II at 138:14-24, 139:7-140:2, 142:20-143:7, 148:6-18, 149:10-150:15. Instead, Dr. Conti ignores those factors altogether. Plaintiffs cannot now blame Wholesalers because their own proffered expert ignored relevant, well-known factors in her cursory analysis. Even Plaintiffs' cited case law provides that "**the absence of reliable cost data does not relieve plaintiffs of the burden of demonstrating by a preponderance of the evidence that [Dr. Conti's] expert testimony is reliable**." *In re Blood Reagents Antitrust Litig.*, No. 09-2081, 2015 WL 6123211, at *17, n.15 (E.D. Pa. Oct. 19, 2015) (emphasis added). Here, Dr. Conti's failure to articulate *any* categories of costs or offsets, or to explain the mechanics of applying the formula provided to her by Plaintiffs' counsel, renders her opinions unreliable and inadmissible.

Plaintiffs argue that Dr. Conti's opinions are nonetheless sufficient at the class certification stage because she does not need to calculate damages to a "mathematical certainty." Opp. at 34. But Dr. Conti has not presented a viable *formula* for calculating profits that accounts for appropriate revenue and cost factors.

6

Such an incomplete damages theory is inadmissible, even at the class-certification stage. *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 187-88 (3d Cir. 2001) (damages formula was not viable where expert "projected that he could devise a formula that would measure damages among the class"); *see also Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-HSG, 2018 WL 4181896, at *14 (N.D. Cal. Aug. 31, 2018) (rejecting damages expert's "attempts to postpone his explanation of how he will account for" "variables that will need to be controlled for" until after class certification).

Plaintiffs further argue that the Court should allow Dr. Conti's testimony based on the ruling in *In re Blood Reagents Antitrust Litig.*, 2015 WL 6123211, at *17, n.15. But the facts and reasoning in *In re Blood Reagents* demonstrate how woefully inadmissible Dr. Conti's opinion is. Specifically, the challenged expert in that case *actually performed calculations* with the defendant's "standard cost data," and he chose not to use certain "Costs Not in Standard" data, which he deemed unreliable. *Id*. at 17. The court found that the expert's decision on which cost data was appropriate to include in his analysis went to the weight, rather than the admissibility, of his testimony. *Id*. at 18. By contrast, here, Dr. Conti has not even opined on which cost factors, such as rebates or chargebacks, she would evaluate or consider in calculating Wholesaler UE damages. Indeed, she offers no substantive opinion on costs that Wholesalers can even challenge on its merits.

Plaintiffs also rely on *In re Actiq Sales & Mktg. Pracs. Litig.*, but that case similarly highlights that Dr. Conti has not performed the requisite task of identifying categories of costs to deduct from profits. No. CIV.A. 07-4492, 2014 WL 3572932, at *9 (E.D. Pa. July 21, 2014). In *In re Actiq*, the challenged expert opined as to which categories of costs she would or would not consider in her profits calculation, and specifically explained her decisions to include only some categories of costs. *Id*. at *8 ("Dr. Rosenthal asserts neither indirect nor fixed costs belong in such a calculation … Dr. Rosenthal therefore maintains that she has included all direct and indirect product costs that are appropriate."). Again, Dr. Conti provides no opinion or testimony on what categories of costs she would consider in calculating Wholesaler UE damages, and instead, defers the task performed by the expert in *In re Actiq* to the jury.

### III. DR. CONTI IS UNQUALIFIED TO OPINE ON WHOLESALER UNJUST ENRICHMENT DAMAGES

Dr. Conti is unqualified to opine on Wholesaler UE damages because she lacks any specialized expertise with respect to Wholesalers-specific issues, and did not remedy her inexperience through a review of Wholesaler-specific materials in this case or otherwise. Plaintiffs do not dispute that:

- Dr. Conti has never calculated Wholesaler UE damages. Conti Dep. II 116:9-13.

- Dr. Conti testified that "I actually haven't spent that much time writing about distributors and wholesalers in part because . . . [t]he data is opaque. It's not

8

normally what we—I have access to in my—in the course of my daily research—research." *Id.* 107:7-14.

- Dr. Conti has never published work on any wholesaler and has never published with or about Defendant Wholesalers. Conti Decl., Att. A: CV; Conti Dep. II 104:4-19.

- Dr. Conti has never seen a Wholesaler-Manufacturer supply contract. Conti Dep. II 151:22-152:6. Nor has she "really thought about" whether Wholesaler contracts differ by Retail Pharmacy, or by Manufacturer, although she speculates that she does not expect those differences to be significant. Conti Dep. II 145:4-146:15, 151:5-21.

- Dr. Conti did not review any Wholesaler contracts, electronic data, other materials, or Wholesaler testimony (save for a single declaration) produced in this case. Conti Dep. II 110:23-112:19, 146:2-6; 151:22-152:17.

To counter these undisputed truths, Plaintiffs pivot to avoid Dr. Conti's lack of qualifications. For example, Plaintiffs now claim that:

> Dr. Conti has reviewed the type of data Wholesalers maintain in the ordinary course of business in the context of her larger work, although in deposition, because of the confidentiality agreements associated with that work, she was not permitted to fully discuss her experience with it.

Opp. at 19 (citing Conti Dep. II 106:4-6). Plaintiffs entirely distort Dr. Conti's testimony. She testified that the *only* time she has viewed wholesaler data was via screenshare and only with respect to drugs not at issue in this case. Conti Dep. II 104:10-106:6. Dr. Conti did not refuse to answer Wholesalers' questions about this data for any reason, including confidentiality. *Id.* Instead, when Wholesalers' counsel asked Dr. Conti if there were "any confidentiality agreements related to that data that you were shown," she testified that "in at least one interaction, I did sign a

9

confidentiality agreement. But it wasn't for any of the wholesalers that are named in this." Conti Dep. II 106:2-6. Plaintiffs' mischaracterization is in direct contradiction to Dr. Conti's testimony that wholesaler data is "not normally what we—I have access to in my—in the course of my daily research—research." *Id.* 107:7-14.

Plaintiffs next invent and then attack arguments nowhere in Wholesalers' briefing.[3] What Wholesalers have argued—and Plaintiffs have not substantively addressed—is that Dr. Conti must have "specialized expertise" to offer opinions on Wholesaler-specific issues, including UE damages. *See Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 322 (3d Cir. 2003). Based on the undisputed facts above, including Dr. Conti's own testimony, she does not.

Last, Plaintiffs fundamentally misstate their burden in this case, arguing that Dr. Conti must be qualified because "not a single one of Defendants' experts worked for a Wholesaler Defendant" or has specialized Wholesaler experience. Opp. at. 17-18. To quote Plaintiffs, this argument "strains credulity" as *no* defense expert is offering a competing opinion on how to accurately calculate Wholesaler UE damages—because it is not Wholesalers' burden to establish a model for class wide damages. Indeed, "the defense d[oes] not bear" the burden of proof either on the

---

[3] For example, Wholesalers nowhere argue that Dr. Conti is unqualified because she never "signed a drug purchase contract," as Plaintiffs now contend. Opp. at 2. Nor have Wholesalers ever argued that there is a "legal requirement" that Dr. Conti must have worked for a Wholesaler. Opp. at 18.

10

substantive merits of the lawsuit or with regard to the propriety of class certification. *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 786 (3d Cir. 1996). As a result, defense experts "have a less demanding task" and need not "produce models or methods of their own." *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, No. CV 15-6480, 2021 WL 2352016, at *14 (E.D. Pa. June 9, 2021).

## CONCLUSION

As argued in Wholesalers' initial motion to exclude, Dr. Conti is unqualified to render her opinions as to Wholesalers, and the "expert opinion" she does purport to offer on unjust enrichment damages is not reliable and therefore not admissible expert opinion. Dr. Conti merely regurgitates a profits formula per Plaintiffs' counsel's instruction, while failing to present any methodology to identify and account for the categories of costs necessary to actually apply the formula. Nor does her testimony provide any assistance to the trier of fact. Instead, Dr. Conti admits she intends to rely on the jury's input to identify appropriate categories of costs to consider. Therefore, for each of these reasons, the Court should exclude Dr. Conti's opinions as to Wholesalers.

And because Plaintiffs fail to meet their burden to put forth admissible expert testimony regarding Wholesaler damages, the Court should similarly deny certification of Plaintiffs' proposed Wholesaler unjust enrichment classes.

Dated: June 16, 2022                               Respectfully submitted,

/s/ *Jeffrey D. Geoppinger*
Jeffrey D. Geoppinger
Liaison Counsel for Wholesalers
ULMER & BERNE LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202-2409
Tel.: (513) 698-5038
Fax: (513) 698-5039
Email: jgeoppinger@ulmer.com

*Counsel for AmerisourceBergen Corporation*


Andrew D. Kaplan
Daniel T. Campbell
Marie S. Dennis
Emily G. Tucker
Luke J. Bresnahan
CROWELL & MORING
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Tel.: (202) 624-1000
Fax: (202) 628-5116
Email: akaplan@crowell.com
Email: dcampbell@crowell.com
Email: mdennis@crowell.com
Email: etucker@crowell.com
Email: lbresnahan@crowell.com

*Counsel for Cardinal Health, Inc.*


D'Lesli M. Davis
Ellie K. Norris
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600

                                        Dallas, TX 75201-7932  
                                        Tel: (214) 855-8221  
                                        Fax: (214) 855-8200  
                                        Email: dlesli.davis@nortonrosefulbright.com  
                                        Email: ellie.norris@nortonrosefulbright.com

                                        *Counsel for McKesson Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2022, I filed the foregoing **WHOLESALER DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO EXCLUDE THE OPINIONS OF RENA CONTI, Ph.D.** electronically through the CM/ECF system, which will send notice of filing to all CM/ECF participants.

s/ <em>Jeffrey D. Geoppinger</em><br>
Jeffrey D. Geoppinger