**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | **MDL No. 2875** |
| **THIS DOCUMENT RELATES TO ALL CASES** | **HON. ROBERT B. KUGLER**<br>**CIVIL NO. 19-2875 (RBK)(KMW)** |

# PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO PARTIALLY EXCLUDE OPINIONS OF DEFENSE CLASS EXPERT TIMOTHY E. KOSTY

KANNER & WHITELEY, LLC
701 Camp St.
New Orleans, LA 70130

On the Brief:
David J. Stanoch

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... ii

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. Mr. Kosty's [REDACTED] Opinions Should Be Excluded ..... 2

1. Defendants' Response Confirms Mr. Kosty Lacks Appropriate Qualifications to Offer [REDACTED] Opinions ..... 2

2. Mr. Kosty's [REDACTED] Opinions Remain Unreliable, Unhelpful, and Unreliably Applied ..... 3

B. Mr. Kosty's [REDACTED] Opinions Remain Speculative and Unreliable ..... 5

1. Data Exist to [REDACTED] ..... 6

2. Mr. Kosty's Opinions About the Purported [REDACTED] Remain Unreliable, Unhelpful and Entirely Speculative ..... 6

3. Mr. Kosty's Opinions on [REDACTED] Are Equally Unreliable, Unhelpful and Speculative ..... 7

C. Mr. Kosty Lacks Any Reliable Basis to Opine on [REDACTED] ..... 10

D. Mr. Kosty's Opinions on [REDACTED] Is Unreliable and Lacks Fit ..... 11

E. Mr. Kosty's Opinions About [REDACTED] Remain Unreliable ..... 12

III. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

Page(s)

Cases

*Advanced Telemedia, L.L.C. v. Charter Commc'ns, Inc.*,
No. 05-2662, 2008 WL 6808442 (N.D. Ga. July 17, 2008)....5

*Bldg. Indus. Ass'n of Wash. v. wash. State Bldg. Code Council*,
683 F.3d 1144 (9th Cir. 2012)....10

*Carrow v. FedEx Ground Package Systems, Inc.*,
No. 16-3026, 2019 WL 7184548 (D.N.J. Dec. 26, 2019)....7, 10

*City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*,
867 F.3d 434 (3d Cir. 2017)....8

*Gen'l Elec. Co. v. Joiner*,
522 U.S. 136 (1997)....5, 10, 12

*In re Loestrin 24 Fe Antitrust Litig.*,
410 F. Supp. 3d 352 (D.R.I. 2019)....8

*In re Namenda Indirect Purchaser Antitrust Litig.*,
338 F.R.D. 527 (S.D.N.Y. 2021)....8, 10

*In re Nat'l Prescription Opiate Litig.,*No. 1:17-md-2804 MDL 2804, 2019 U.S. Dist. LEXIS 141124 (N.D. Ohio Aug. 20, 2019)....8

*In re Ranbaxy Generic Drug Application Antitrust Litig.*,
338 F.R.D. 294 (D. Mass. 2021)....8

*In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*,
335 F.R.D. 1 (E.D.N.Y. 2020)....8

*In re Zetia (Ezetimibe) Antitrust Litig.*,
No. 18-md-2836, 2020 WL 5778756 (E.D. Va. Aug. 14, 2020)....8

*In re Zetia (Ezetimibe) Antitrust Litig.,*No.18-md-2836, *adopted*,
2021 WL 3704727 (E.D. Va. Aug. 20, 2021)....8

## I. INTRODUCTION

Defendants' response confirms that their expert, Mr. Kosty, lacks qualifications to opine on [REDACTED]. Given his lack of economic qualifications, it is unsurprising he testified that he actually [REDACTED]. Notwithstanding his admission, any such opinions he might offer are unreliable and speculative. All of this warrants exclusion of his [REDACTED] if he in fact still offers them).

Defendants' response also confirms the inadmissibility of Mr. Kosty's [REDACTED] opinions. Their response makes clear there is no disagreement that Mr. Kosty concedes [REDACTED].

Mr. Kosty's remaining challenged opinions, on [REDACTED], similarly lack any reliable basis.

For these reasons, and those expressed in Plaintiffs' opening motion, Mr. Kosty's opinions on [REDACTED] should be excluded.

# II. ARGUMENT

## A. Mr. Kosty's [redacted] Opinions Should Be Excluded

### 1. Defendants' Response Confirms Mr. Kosty Lacks Appropriate Qualifications to Offer [redacted] Opinions

Plaintiffs' opening brief challenged Mr. Kosty's qualifications to opine on [redacted] issues on two bases: (i) he has no experience or training in [redacted], and (ii) he testified that he did not intend to offer any opinions [redacted]. Defendants' response does not dispute either of these bases. Defendants concede "the fact that Mr. Kosty is not an economist." Defs.' Br. at 10. Defendants also do not dispute Mr. Kosty's testimony that the scope of [redacted], were outside the scope of his assignment. Pls.' Mot. at 4.

Instead, Defendants merely argue Mr. Kosty is "a pharmacist" and can testify as such. *See* Defs.' Br. at 1, 10. But Defendants took the *exact opposite* position at Mr. Kosty's deposition. There, when Plaintiffs' counsel attempted to question Mr. Kosty "[redacted]," they specifically objected.[1] If Mr. Kosty is not an

---

[1] Pls.' Mot., Ex. 2 at 290:6-20 ([redacted] *id.* at 291:2-5 ([redacted]

economist, and is not opining (or not allowed to be questioned) [redacted] then he lacks *any* pertinent qualifications to opine on [redacted] [redacted], even from a so-called pharmacist's industry perspective.

**2. Mr. Kosty's [redacted] Opinions Remain Unreliable, Unhelpful, and Unreliably Applied**

Notwithstanding his lack of qualifications, Mr. Kosty's [redacted] opinions remain unreliable and unhelpful for multiple reasons.

Defendants agree that Mr. Kosty "acknowledged that in a hypothetical world in which VCDs were not sold, there would be no supply curve." Defs.' Br. at 12. It is not a "tautology" that there would be no supply curve if the truth about Defendants' VCDs was known earlier. *See* Defs.' Br. at 12. In that instance, the same result that occurred in the real world (i.e., recall, FDA findings of adulteration, removal of VCDs from the market, etc.) simply would have occurred earlier. If the 'revelation' occurred earlier in time, the same result would have occurred, meaning all the VCDs purchased prior to disclosure were illegitimately supplied and, as Defendants put it, "anything paid for it would constitute damages." *Id.* at 11. Mr. Kosty's "acknowledge[ment]" of this renders his counter-factual speculation that

[redacted] totally speculative and at odds with the facts.[2]

Mr. Kosty's fractured but-for world, in which the truth was known earlier but a hypothetical class member still would have bought contaminated VCDs, is impossible because in his own hypothetical construct the VCDs would not have been available in the first place. Hence, opining that a hypothetical consumer still "valued" an adulterated drug, which by Mr. Kosty's [redacted],[3] simply lacks any reliable basis or provides any assistance to the factfinder.

Mr. Kosty's [redacted] opinions also are unreliable and unhelpful not just because he failed to produce his own damages model that accounts for proposed offsets or, for unjust enrichment, Wholesalers' (not-produced-in-discovery) costs (*see* Defs.' Br. at 13-14), but because he never actually looked at Defendants' own underlying data to verify such offsets or costs might impact

---

[2] Mr. Kosty's views do not even fit with Defendants' own flawed and ever-evolving [redacted]. Defendants oppose class certification based on their alternative but-for world in which class members knew about the VCDs' adulteration, but might choose to buy them anyway. But Mr. Kosty [redacted] And here, the undisputed evidence is that every single Retail Pharmacy Defendant [redacted]. *See* Pls.' EL Class Reply (ECF 2057) at 14 & n.26.

[3] *See* footnote 2, *supra*.

Plaintiffs' damages analyses, let alone quantify that impact. His absence of reliance on any underlying data means his opinions are the product of improper assumptions or guesswork. *See, e.g.*, *Gen'l Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("there is simply too great an analytical gap between the data and the opinion offered").

Even a defense expert who identifies flaws in a plaintiff's expert's method (*see* Defs.' Br. at 13-14) still needs to review the underlying data. *See, e.g.*, *Hoefling v. U.S. Smokeless Tobacco Co., LLC*, -- F. Supp. 3d – 2021 6051382, at *6, *8 (E.D. Pa. Dec. 21, 2021) (absence of supporting data renders opinion unreliable); *Advanced Telemedia, L.L.C. v. Charter Commc'ns, Inc.*, No. 05-2662, 2008 WL 6808442, at *1 (N.D. Ga. July 17, 2008) (excluding defense expert that "did not actually review the underlying data"). And, of course, Mr. Kosty did not rely on any underlying offset or cost data, because Defendants never produced it. *See, e.g.*, Pls.' Mot. at 7.

**B. Mr. Kosty's [REDACTED] Opinions Remain Speculative and Unreliable**

Plaintiffs' opening papers demonstrated the undeniably speculative nature of Mr. Kosty's [REDACTED]. To briefly recap, he speculates [REDACTED]

[REDACTED]

[redacted]. Defendants' response does not move the needle.

**1. [redacted]**

Plaintiffs initially moved to preclude Mr. Kosty from opining, among other things, [redacted] Pls.' Mot. at 9. Defendants now admit that [redacted]

[redacted]

Defs.' Br. at 17. They also agree that Mr. Kosty "[redacted]." *Id.* As such, Mr. Kosty must be precluded from speculatively opining [redacted].

**2. Mr. Kosty's Opinions About the Purported "Difficulty and Burden" of [redacted] Remain Unreliable, Unhelpful and Entirely Speculative**

[redacted] Defs.' Br. at 19. This opinion lacks any

reliability or basis in fact. Of course it will take some modicum of human effort— [redacted] for a claims administrator to verify class membership and process claims. But that process attends to every class action. It certainly does not defeat certification. *See, e.g.*, *Carrow v. FedEx Ground Package Systems, Inc.*, No. 16-3026, 2019 WL 7184548, at *6-7 (D.N.J. Dec. 26, 2019) (Kugler, J.) (certifying class of delivery drivers despite need to verify which had operating agreements with defendant, and whether each class member worked a "full-time" 30-hour workweek). Indeed, Mr. Kosty himself admitted [redacted]" *See* Pls.' Mot. at 13 (quoting Ex. 2 at 219:16-22). And again, Mr. Kosty fails to [redacted]. *Id.*

### 3. Mr. Kosty's Opinions on [redacted] Are Equally Unreliable, Unhelpful and Speculative

As initial matter, Defendants agree Mr. Kosty's flawed opinions about [redacted]. Defs.' Br. at 20.

Defendants' hyperbole about "difficulty and burden" in "combining" data relating to TPPs' payments and medical monitoring consumers' purchases fall flat. These data are not impenetrable cyphers in unrecognizable code. They are payment

data, based on decades-old industry standards, specifically designed to track and show how much was paid, for which product, by whom, and when. As Mr. Kosty readily admits, [REDACTED]. *See* Pls.' Mot. at 13 (citing Ex. 2); *see also, e.g.*, *City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*, 867 F.3d 434, 441-42 (3d Cir. 2017) ("Plaintiff need not, at the class certification stage, demonstrate that a single record, or set of records, conclusively establishes class membership."); *In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 550 (S.D.N.Y. 2021) (certifying TPP class based in part on Ms. Craft's opinions because "information necessary to [identify TPP class members] exists and can be collected from several institutional sources").[4] Moreover, courts frequently analyze or "combine" data in non-class cases. In those circumstances, courts do not simply throw up their hands and claim it is too complicated – they undertake the effort needed to ensure adequate analysis of the data. *See In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 MDL 2804, 2019 U.S. Dist. LEXIS 141124, at *77 (N.D.

---

[4] *See also, e.g.*, *In re Ranbaxy Generic Drug Application Antitrust Litig.*, 338 F.R.D. 294 (D. Mass. 2021) (certifying TPP class based in part on Ms. Craft's opinions); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 18-md-2836, 2020 WL 5778756 (E.D. Va. Aug. 14, 2020) (same), *adopted*, 2021 WL 3704727 (E.D. Va. Aug. 20, 2021) (same); *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 335 F.R.D. 1 (E.D.N.Y. 2020) (same); *In re Loestrin 24 Fe Antitrust Litig.*, 410 F. Supp. 3d 352 (D.R.I. 2019) (same).

Ohio Aug. 20, 2019) (finding expert reliable in non-class case who combined data from not only IQVIA, but the ARCOS database, as well as manufacturer defendants' own records, to determine trends in opioid prescribing and dispensing).

Were "combining data" even relevant to ascertainability (and it is not, as Defendants implicitly concede the Third Circuit does not require class plaintiffs to combine records showing class membership into a single mega-database, *see* Defs.' Br. at 21), the fact also remains that the only evidence about combining data is Mr. Kosty's [REDACTED]. *See* Pls.' Mot. at 13-14. He also acknowledged [REDACTED]. This, too, occurs in every class case, and is not fatal to the medical monitoring class definition as a whole, which is objectively defined and feasibly applied.[5] Besides, ascertainability does not require Plaintiffs to

---

[5] Defendants are incorrect that Ms. Craft claimed she could not combine pharmacy records to identify consumers who meet the medical monitoring class definition. *See* Defs.' Br. at 24 & n.5. To the contrary, she testified that [REDACTED] *See* Pls.' Mot., Ex. 4, at 333:7-22; *see also id.* at 336:8-342:7 [REDACTED]

identify all class members now. *See, e.g.*, *In re Namenda*, 338 F.R.D. at 549-550 (certifying TPP class based on in part on Ms. Craft's opinions); *see also Carrow*, 2019 WL 7184548, at *7 ("whether the class members are later found to be employees or independent contractors do not present any bar to identifying who they are at this time").

At bottom, Mr. Kosty merely relies on his own say-so, without any facts or data (and contrary to his own experience), to espouse his *ipse dixit* view about the purported [REDACTED], which is not even a relevant legal inquiry under Third Circuit law. Such bald assertions fall short of the standard for expert admissibility. *See, e.g.*, *Joiner*, 522 U.S. at 146; *Bldg. Indus. Ass'n of Wash. v. wash. State Bldg. Code Council*, 683 F.3d 1144, 1154 (9th Cir. 2012) (affirming exclusion of expert who "offered unsupported assertions" with "no data forming the basis for [the expert's] assumptions or conclusions. . . The party offering expert testimony has the burden of establishing its admissibility.").

**C. Mr. Kosty Lacks Any Reliable Basis to Opine on [REDACTED]**

Plaintiffs' motion explained how Plaintiffs debunked all three of Mr. Kosty's examples of [REDACTED] *see* Pls.' Mot. at 16-17, and he acknowledged [REDACTED]

. *Id.*

Absent a reliable basis for his opinions, Mr. Kosty cannot offer admissible testimony about .[6]

**D. Mr. Kosty's Opinions on Is Unreliable and Lacks Fit**

Plaintiffs agree Mr. Kosty only looked at . *See* Defs.' Br. at 23. Those numbers have nothing to do with the class period at issue, and do not speak to the employees in the particular states at issue. And Defendants are simply incorrect that Plaintiffs seek certification of claims under "52 states" as to Downstream Defendants, not the least reason for which is this Court dismissed certain state law claims against Downstream Defendants, and Plaintiffs' state law groupings obviously include far fewer than 52 jurisdictions. Because of this, Mr. Kosty's opinions simply do not fit the claims at issue, and unreliably rely on no data from the class period or about Manufacturer Defendants. Not to mention Defendants

[6] There is no "inconsisten[cy]" between Dr. Conti's and Ms. Craft's treatment of state entities. *See* Defs.' Br. at 26. It was appropriate for Dr. Conti to exclude Medicaid managed care plans for purposes of *damages*, but also appropriate for Ms. Craft to identify these plans as potential class members for purposes of numerosity. There are still thousands of TPP class members even if none of these plans count as class members.

do not cite a single case that has ever refused to certify a class because of this common exclusion.

### E. Mr. Kosty's Opinions About [REDACTED] Remain Unreliable

Mr. Kosty disagrees with Plaintiffs' expert, Ms. Panagos, on [REDACTED]. *See* Pls.' Mot. at 18. Defendants agree. *See* Defs.' Br. at 29. A gap so great between an expert's opinion ([REDACTED]) and the facts on which that opinion is based ([REDACTED]) warrants exclusion.[7] *See Joiner*, 522 U.S. at 146.

## III. CONCLUSION

For the foregoing reasons, as well as those expressed in Plaintiffs' opening motion, Mr. Kosty's opinions on [REDACTED], should be excluded.

[7] Even if this opinion were not excluded, it demonstrates a predominant *common question* pertinent to all TPPs' class members claims, *viz.*, [REDACTED].

Dated: June 16, 2022                     Respectfully,

By: */s/ David J. Stanoch*
David J. Stanoch
KANNER & WHITELEY, LLC
701 Camp St.
New Orleans, LA 70130
504-524-5777 (t)
504-524-5763 (f)
d.stanoch@kanner-law.com

*On Behalf of MDL PEC and Class Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 16, 2022, a true and correct redacted copy of the foregoing was filed and served via the court's CM/ECF system, and an unredacted version was served on the court and the Defense Executive Committee via email.

*/s/ David J. Stanoch*
David J. Stanoch