UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| THIS DOCUMENT RELATES TO ALL CASES | HON. ROBERT B. KUGLER<br>CIVIL NO. 19-2875 (RBK)(KMW) |

**PLAINTIFFS' REPLY BRIEF TO EXCLUDE THE OPINIONS OF DFENSE EXPERT MARK ROBBINS, J.D., PH. D.**

Levin, Papantonio, Rafferty, Proctor,
Buchanan, O'Brien, Barr & Mougey, P.A.
316 S. Baylen St., Suite 400
Penscola, FL  32534
850-435-7082
Fax: 850-436-6082

On the Brief:
Daniel Nigh, Esq.
Madeline Pendley, Esq.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 1

    I.   QUALIFICATIONS ARE NOT THE COURT'S ONLY CONSIDERATION................. 1

    II.   DR. ROBBINS IS NOT OFFERING APPROPRIATE REBUTTAL OPINIONS. ............ 2

    III.   DEFENDANTS DO NOT ATTEMPT TO ADDRESS THEIR FAILURE TO PROVIDE DR. ROBBINS WITH DOCUMENTS HE REQUESTED. ........................... 3

    IV.   DR. ROBBINS FAILED TO REVIEW IMPORTANT DOCUMENTS ON WHICH HIS OPINIONS ARE SUPPOSEDLY BASED, WHICH RENDERS HIS OPINIONS UNRELIABLE. ................................................................................................ 4

    V.   DR. ROBBINS' LACK OF INVOLVEMENT IN HIS REPORT REQUIRES EXCLUSION UNDER F.R.C.P. 26. ................................................................... 6

CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                               **Page Number(s)**

*Bank of New York Mellon v. WMC Mortg., LLC*, No. 12CV7096, 2015 WL 4887446 (S.D.N.Y. Aug. 17, 2015) .................................................................................................. 6, 10

*In re M/V MSC Flaminia*, No. 12 Civ. 8892 (KBF), 2017 WL 3208598 (S.D.N.Y. July 28, 2017) ........................................................................................................ 6, 8

*In re TMI Litig.*, 193 F.3d 613, 705 (3d Cir. 1999) ........................................................................ 1

*Manning v. Crockett,* No. 95 C 3117, 1999 WL 342715 (N.D.Ill. May 18, 1999) ........................ 6

*Numatics, Inc. v. Balluff, Inc.,* 2014 66 F.Supp.3d 934 (E.D. Mich. 2014) ............................ 6, 8, 9

*Pac. Life Ins. Co. v. Bank of New York Mellon,* 2021 WL 5299193 (S.D.N.Y. Nov. 15, 2021) ............................................................................................................. 6, 9

*Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333 (11th Cir. 2003) ....................... 2

*Salinero v. Johnson & Johnson,* 2019 WL 7753453 (S.D. Fla. Sept. 5, 2019) ........................... 1, 2

**Rules**                                                                                                               **Page Number(s)**

F.R.C.P. 26(a) ............................................................................................................................ 8, 9

## INTRODUCTION

Plaintiff's stand by arguments raised in their Motion to exclude Dr. Mark Robbins. Dr. Robbins' opinions are unreliable and the product of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This is demonstrated by the insignificant amount of time spent on the report, especially when compared to the time logged by the assistants, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants' response demonstrates significant confusion as to the key issues with Dr. Robbins' testimony and report. As a preliminary matter, it is the Defendants, not the Plaintiffs, who have the burden to demonstrate by a preponderance of the evidence the reliability of the scientific evidence it intends to offer. *See In re TMI Litig.*, 193 F.3d 613, 705 (3d Cir. 1999) ("it is the burden of the party offering the expert scientific testimony to demonstrate reliability by a preponderance of the evidence."). Further, Defendants fail to respond each of the issues raised by Plaintiffs, and instead attempt to downplay and mischaracterize the testimony provided by Dr. Robbins. Defendants' arguments therefore miss the mark, and because Defendants fail to offer sufficient support for the reliability of Dr. Robbins' opinions, this Court should exclude Dr. Robbins' opinions in their entirety.

## ARGUMENT

**I.     QUALIFICATIONS ARE NOT THE COURT'S ONLY CONSIDERATION.**

As a preliminary measure, Defendants contend that Dr. Robbins should not be excluded because he is well-qualified. (Def. Response at 7). While Plaintiffs did not raise the issue of Dr. Robbins' qualifications, an expert's qualifications are not the only factor considered in a *Daubert* evaluation. "Even if a witness is qualified as an expert regarding a particular issue, the process used by the witness in forming his expert opinion must be sufficiently reliable

1

under *Daubert* and its progeny." *Salinero v. Johnson & Johnson,* 1:18-CV-23643-UU, 2019 WL 7753453, at *2 (S.D. Fla. Sept. 5, 2019)(attached hereto as Exhibit 16) (citing *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1342 (11th Cir. 2003) (stating that "one may be considered an expert but still offer unreliable testimony")). Dr. Robbins may be qualified to opine industry standards generally, but the litany of issues with his report and testimony in this particular case warrants his exclusion.

## II.  DR. ROBBINS IS NOT OFFERING APPROPRIATE REBUTTAL OPINIONS.

Defendants contend that Dr. Robbins' opinion, though it does not address any aspect of class certification, does fit the case because he is providing an opinion solely to rebut Mr. Quick. (Def. Response at 3). However, Dr. Robbins' opinion is not actually responsive to the issues Mr. Quick evaluates, therefore, his opinion should be excluded.

[redacted]

2

███ Dr. Robbins' opinions are not true rebuttal opinions and therefore do not "fit" this case. His opinions should be excluded.

### III. DEFENDANTS DO NOT ATTEMPT TO ADDRESS THEIR FAILURE TO PROVIDE DR. ROBBINS WITH DOCUMENTS HE REQUESTED.

Throughout their motion, Defendants often fail to directly respond to arguments and examples raised by Plaintiffs. For example, Defendants, interestingly, did not even attempt to respond to Plaintiff's argument that Dr. Robbins ███████████████████████████████████████████████████████████████████████.

Defendants instead attempt to distract the Court from their failure to adequately prepare their expert by claiming that "Dr. Robbins does not need to review every underlying document to form his opinion to rebut Mr. Quick." (Def. Response at 10). Curiously, Defendants state ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Defendants' response misses the mark, as this strange attempt at a rebuttal is not even tangentially related to the issue Plaintiffs raise (on pages 6-8 of Plaintiff's Motion to Exclude Dr. Robbins). Rather, Plaintiffs argument is specifically focused on Dr. Robbins' testimony in which he stated under oath ████ ████████ Defendants did not provide any explanation for this failure in their Response Brief.

3

Additionally, the remainder Defendants' digression spanning pages 9-12 is inapposite. Defendants curiously cite to portions of Dr. Robbins' deposition in ███████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████ (Def. Response at 10-11). Once again, Dr. Robbins' ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ however, this example is irrelevant and unhelpful to the Court as it has literally nothing to do with the reasons Plaintiffs moved for Dr. Robbins' exclusion. It is just another confusing attempt by Defendants to deflect from the critical issues with Dr. Robbins' testimony.

As Defendants did not rebut or explain their failure to ████████████ ████████████████████████████████████████████████ Plaintiffs stand by its previous argument that Dr. Robbins should be excluded. (Plaintiff's Mtn. 6-8).

IV.  **DR. ROBBINS FAILED TO REVIEW IMPORTANT DOCUMENTS ON WHICH HIS OPINIONS ARE SUPPOSEDLY BASED, WHICH RENDERS HIS OPINIONS UNRELIABLE.**

Another critical issue that Defendants attempt to deemphasize is that Dr. Robbins ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ (Plaintiff's Mtn. at 12-16). While Defendants are correct that a "deposition is not a memory test," this nonchalant characterization of Dr. Robbin's testimony is disingenuous and concerning. (Def. Response at 24). As stated in Plaintiff's Motion to Exclude, ████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████

4

██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████ ████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████ ██████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████ ████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████

Further, pursuant to F.R.C.P. 26(a)(2)(B), an expert must provide a written report that contains the basis and reasons for his opinions, as well as identify all other data considered by the witness in forming the opinion. Perhaps Dr. Robbins truly has a terrible memory. ████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████ This is prejudicial to Plaintiffs and a violation of the Rule 26 expert disclosure and discovery process.

For these reasons, in addition to argument provided in Plaintiff's original motion, Dr. Robbins should be excluded.

V.  **DR. ROBBINS' LACK OF INVOLVEMENT IN HIS REPORT REQUIRES EXCLUSION UNDER F.R.C.P. 26.**

As addressed in Plaintiff's Motion to Exclude Dr. Robbins, experts must provide a written report that is "*prepared* and signed *by the witness.*" Fed.R.Civ.P. 26(a)(2)(B) (emphasis added). "Preparation implies involvement other than perusing a report drafted by someone else and signing one's name at the bottom to signify agreement." *Manning v. Crockett,* No. 95 C 3117, 1999 WL 342715, at *6 (N.D.Ill. May 18, 1999)(Attached hereto as Exhibit 11). As discussed in Plaintiff's Motion, it is permissible for an expert to utilize assistants in preparing his report; he must adequately supervise, direct and participate in the preparation. *In re M/V MSC Flaminia*, No. 12 Civ. 8892 (KBF), 2017 WL 3208598, at *2 (S.D.N.Y. July 28, 2017)(Attached hereto as Exhibit 13); *Numatics, Inc. v. Balluff, Inc.,* 2014 66 F.Supp.3d 934 (E.D. Mich. 2014); *Bank of New York Mellon* v. *WMC Mortgage, LLC*, No. 12 Civ. 7096 (DLC), 2015 WL 4887446, at *6 (S.D.N.Y. Aug. 17, 2015)(Attached hereto as Exhibit 12); *Pac. Life Ins. Co. v. Bank of New York Mellon,* 2021 WL 5299193, at *5 (S.D.N.Y. Nov. 15, 2021)(Attached hereto as Exhibit 14). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ However, saying so does not make it so. While of course Dr. Robbins stated ▮▮▮▮▮▮▮▮▮▮▮ the facts do not support his contention. The facts are: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

6

We will set the other issues aside for a moment and focus on the amount of time spent drafting the report. ▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇ This distinction is insignificant.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

7

Defendants attempted to rebut each case cited by Plaintiffs that defines adequate participation, direction, and supervision, but once again, seem to be confused. Defendants criticize *Flaminia*, however, Plaintiffs did not attempt to analogize the facts of this case to those in *Flaminia*. █████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████

████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██ However, these specific concerns were raised by the plaintiff's in the case, not stated by the court in its decision to exclude the expert. Instead, the Court considered the expert's ████ ████████████████████████████████ Dr. Robbins had the same issue and stated ████████

████████████████████████████████████████████[1]

---

[1] ████████████████████████
████████████████████████████████████
████████████████████

8

Further, the Court in *Numatics* stated, "[a]lthough the report Justice (expert) signed asserts that he reviewed twelve deposition transcripts before forming his opinions, Justice conceded at his own deposition that he "can't definitely" say that he read all of the documents listed in the report." *Id.* ▮

▮

▮ The *Numatics* Court also reiterated the amount of time the expert spent on the report. In *Numatics*, the expert implausibly reviewed 2,600 pages of deposition transcripts, spent less than thirty hours developing his opinions in the case, and the expert had a "complete lack of knowledge relevant to assessing" his ultimate opinion in the case. ▮

Defendants also attempt to distinguish *Pacific Life Ins. Co. v. Bank of New York Mellon*, No. 17 CIV. 1388, 2021 WL 5299193 (S.D.N.Y. Nov. 15, 2021). ▮

9

██████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████

Finally, Defendants similarly criticize *Bank of New York Mellon v. WMC Mortg., LLC*, No. 12CV7096, 2015 WL 4887446 (S.D.N.Y. Aug. 17, 2015), namely because ████████████ ██████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ Once again, Defendants missed the critical issue. In this case, ████████████████████████ ██████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████ ████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
████████████████████████████████ This contention is supported by the only

10

invoice provided in this case. (Attached hereto as Exhibit 10).  For these reasons, and the reasons provided in Plaintiff's Motion to Exclude, Dr. Robbins' testimony and opinions should be excluded.

## CONCLUSION

For the foregoing reasons, Dr. Robbins should be precluded from offering any opinions related to whether the claims are appropriate for class treatment, and his remaining opinions should be excluded in their entirety as they are unreliable.

Respectfully,

PLAINTIFFS' COUNSEL

By:  /s/ Daniel Nigh
DANIEL A. NIGH, ESQ.
MADELINE E. PENDLEY, ESQ.
Levin, Papantonio, Rafferty, Proctor,
Buchanan, O'Brien, Barr & Mougey, P.A.
316 S. Baylen St., Suite 400
Pensacola, FL 32534
850-435-7003
Fax: 850-436-6013
dnigh@levinlaw.com
mpendley@levinlaw.com

Dated: June 16, 2022

Case 1:19-md-02875-RMB-SAK   Document 2108   Filed 06/16/22   Page 15 of 15 PageID: 73964

Case 1:19-md-02875-RMB-SAK   Document 2108   Filed 06/16/22   Page 15 of 15 PageID: 73964