# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

July 26, 2022

**VIA ECF**

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, New Jersey 08101

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

Re: ***In re Valsartan, Losartan, and Irbesartan Liability Litigation*,
Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler and Judge Vanaskie:

Please accept this letter on behalf of Plaintiffs in advance of the July 28, 2022 case management conference.

**1. Case Management**

On July 20, 2022, pursuant to the Court's oral guidance at the last CMC, Plaintiffs wrote Defendants to identify the discrete aspects of the class case that Plaintiffs propose go forward for purposes of summary judgment and merits expert reports. A copy of Plaintiffs' letter is attached hereto as Exhibit 1. Plaintiffs have not heard back from Defendants yet. Plaintiffs will be prepared to address any questions the Court may have at the upcoming CMC.

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
July 26, 2022
Page 2

## 2. CVS Had and Continues to Have Notice of Class Representative Claims Against It

Two proposed Class Representatives, Sarah Zehr and Robert Fields, have claims against Defendant CVS ("CVS") because these individuals acquired contaminated Valsartan from that retailer. Because CVS, a named defendant in the operative Medical Monitoring Third Amended Class Action Complaint ("TAC"), is on notice of these claims, and indeed had the opportunity to take (and took) discovery, the drastic remedy of dismissing CVS from the TAC should be rejected, especially at this juncture where the litigation has not yet reached the stage of dispositive motion practice.

Zehr purchased and consumed contaminated 160 mg valsartan manufactured by Hetero Labs, Ltd. from CVS between July 17, 2018 and August 4, 2018. CVS was aware that it had sold Zehr contaminated valsartan; **CVS's counsel questioned Zehr regarding her CVS prescription record during her deposition.** Fields purchased and consumed contaminated 160 mg and 320 mg valsartan manufactured by ZHP from CVS between January 23, 2017, to October 6, 2017, and October 24, 2017, to June 18, 2018, respectively. **These purchases are confirmed by CVS' own prescription records**, which were produced on January 6, 2021, well before briefing on class certification was complete.

CVS has been on continual notice of the claims against it from the start, including through past complaints and the operative complaint, each of which named CVS as one of several retailer defendants. (Am. MM Compl., [ECF 123](#), at 21-23 (June 17, 2019); Third Am. MM Compl., [ECF 1709](#), at 42-44 (Nov. 1, 2021)). Zehr and Fields' specific allegations, while not naming CVS explicitly, do allege the involvement of the major retailers. Zehr alleged that "Defendant McKesson in turn distributed and sold this ZHP Product to Defendant Walmart (***among other***

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
July 26, 2022
Page 3

***Retail Pharmacy Defendants***).'" (*Id.* at 8). Likewise, Fields alleged that the ZHP product he consumed "bore a unique National Drug Code, which denoted that it was indeed sold, manufactured, or distributed ***into the United States drug supply chain*** by the ZHP Defendants." (*Id.* at 11). CVS cannot reasonably claim that it is prejudiced by a lack of notice of the claims against it. *See Swierkiewicz v. Sorema N.A.*, 122 S. Ct. 992, 998-99 (2002) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits") (quoting internal quotations and citations omitted) (quoting *Conley v. Gibson*, 78 S. Ct. 99, 103 (1957)).[1]

The fact that CVS is a named defendant, that its own records confirm the allegations, and the existence of discovery CVS took—all against the backdrop that this is the class certification

---

[1] Courts permit even less precise pleading than that at issue here, so long as the complaint puts the defendants on notice of the claims against them. *See, e.g., Cirulli v. Hyundai Motor Co.*, No. 08-cv-0854, 2009 WL 4288367, at *4 (C.D. Cal. Nov. 9, 2009) (grouping of defendants Hyundai Motor America and Hyundai Motor Company was permissible because the complaint put defendants on notice of claims against them) (Ex. 2 hereto); *In re Volkswagen Timing Chain Prod. Liab. Litig.*, No. 16-2765, 2017 WL 1902160, at *9 (D.N.J. May 8, 2017) (Ex. 3 hereto); *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) ("The fact that defendants are accused collectively does not render the complaint deficient. The complaint can be fairly read to aver that all defendants are responsible for the alleged conduct."); *Peoples Home Health v. Case N Covenant Home Health Care*, No. 3:20-cv-5523-MCR-HTC, 2020 WL 12309341, at *2 (N.D. Fla. Oct. 15, 2020) (no specific parsing of individualized misconduct was necessary where plaintiff named a group of related defendant entities with overlapping levels of control) (Ex. 4 hereto). Generally, as a court noted in the context of a conspiracy, "'plaintiffs should be given the full benefit of their proof without tightly compartmentalizing the various factual components and wiping the slate clean after scrutiny of each. . . . [T]he character and effect of a conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole.'" *In re High-Tech Employee Antitrust Litig.*, 856 F. Supp. 2d 1103, 1118 (N.D. Cal. 2012) (internal citations omitted).

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
July 26, 2022
Page 4

stage in an MDL with a master complaint in place naming CVS as a defendant—underscore that

CVS should not be dismissed.

### 3. PFS Deficiencies and Orders to Show Cause.

Plaintiffs will be prepared to address this issue during the case management conference.

Respectfully,

_____
ADAM M. SLATER

Cc: All counsel of record (via ECF)