# Exhibit 2

KeyCite Yellow Flag - Negative Treatment
Distinguished by [Reniger v. Hyundai Motor America,](#) N.D.Cal., August 18, 2015

2009 WL 4288367
Only the Westlaw citation is currently available.
United States District Court,
C.D. California.

Nicholas CIRULLI and Robert D'Elia, individually and on behalf of all others similarly situated, Plaintiff,
v.
HYUNDAI MOTOR COMPANY and Hyundai Motor America, Defendants.

No. SACV 08–0854 AG (MLGx).
|
Nov. 9, 2009.

West KeySummary

**1**   **Antitrust and Trade Regulation**  [Consumers, Purchasers, and Buyers; Consumer Transactions](#)

No transaction within meaning of California's Consumers Legal Remedies Act existed between the buyers and the overseas manufacturer, and thus, the buyers did not have a Consumers Legal Remedies Act claim for failure to disclose a defect in the automobiles' sub-frame against the manufacturer. The buyers had a warranty agreement with the American corporation, which supported the buyers' warranty claims against the corporation. However, no such transaction existed between the buyers and the manufacturer. [Cal. Civ.Code § 1761](#)(e).

**Attorneys and Law Firms**

[Amy M. Wilkins](#), [Robert B. Carey](#), Hagens Berman Sobol Shapiro LLP, Phoenix, AZ, [Craig Hillwig](#), Kohn Swift and Graf PC David J. Cohen, [Patrick Howard](#), Saltz Mongeluzzi Barrett & Bendesky PC, [William Hoese](#), Philidelphia, PA,

[Elaine T. Byszewski](#), Hagens Berman Sobol Shapiro LLP, Los Angeles, CA, for Plaintiff.

[Michael L. Kidney](#), Hogan and Hartson LLP, Washington, DC, [Todd E. Gordinier](#), [Craig A. Taggart](#), [Jason H. Anderson](#), Bingham McCutchen, Costa Mesa, CA, for Defendants.

**ORDER GRANTING MOTIONS TO DISMISS**

[ANDREW J. GUILFORD](#), District Judge.

**\*1** This case involves allegations that automobiles were manufactured and sold with a defective sub-frame. (Fourth Amended Complaint ("FAC") ¶¶ 23–27.) Plaintiffs Nicholas Cirulli ("Cirulli") and Robert D'Elia ("D'Elia") filed the FAC against Defendants Hyundai Motor America ("HMA") and Hyundai Motor Company ("HMC"). HMA and HMC ("Defendants") each filed motions to dismiss ("HMA's Motion" and "HMC's Motion"). The Court GRANTS HMA's Motion and GRANTS HMC's Motion without leave to amend.

**BACKGROUND**

The following allegations are taken from the FAC. For this Order, the Court assumes that the FAC's factual allegations are true.

Cirulli purchased a new Hyundai Sonata in 1999. (FAC ¶ 9.) Eight years and 83,412 miles later, he momentarily lost control of this car while driving. (FAC ¶ 9.) He discovered that the car's front sub-frame failed due to excessive corrosion. (FAC ¶ 9.) Cirulli "contacted Hyundai's agent" to request warranty coverage "for the cost of his sub-frame replacement," but this request "was refused because he was told that damage resulting from corrosion was not covered under Hyundai's warranty." (FAC ¶ 9.)

D'Elia purchased a new Hyundai Sonata in 2001. (FAC ¶ 10.) "Before the express warranty expired," D'Elia claims, he "noticed corrosion on the Sonata's sub-frame...." (FAC ¶ 10.) He paid to replace the sub-frame, but "has not received any reimbursement for this payment from Hyundai." (FAC ¶ 10.)

The corrosion Cirulli and D'Elia ("Plaintiffs") experienced was due to a defect in the sub-frame. (FAC ¶ 2.) Defendants knew about this defect but failed to disclose it to Plaintiffs. (FAC ¶ 3.)

Further, Defendants refused to replace Plaintiffs' sub-frame or reimburse the replacement cost under the warranty. The relevant warranty is the same for both Plaintiffs. It covers components "found to be defective," and the "warranty period is limited to 60 months from the date of the original retail delivery or date of first use, or 60,000 miles, whichever occurs first." (FAC ¶ 106.)

The FAC asserts claims against Defendants for (1) violation of the California Consumers Legal Remedies Act ("CLRA"), (2) violation of the California Unfair Competition Law ("UCL"), (3) violation of the federal Magnuson–Moss Warranty Act ("MMWA"), and (4) breach of express warranty. The Court now considers whether the FAC can withstand Defendants' motions to dismiss.

*LEGAL STANDARD*

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). " '[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal,* –––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (May 18, 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 670 (9th Cir.1993).

**\*2** But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1940 (citing *Twombly,* 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal,* 129 S.Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey,* 353 F.3d 750, 758 (9th Cir.2003).

*ANALYSIS*

HMA's Motion attacks the general sufficiency of Plaintiffs' claims for breach of express warranty and violation of the MMWA. The Court considers HMA's Motion first, and then discusses HMC's Motion, which argues that Plaintiffs fail to state any claim against HMC.

**1. HMA'S MOTION**

**1.1 Cirulli's Claims for Breach of Express Warranty and Violation of the MMWA**

HMA argues that Cirulli fails to state a claim for breach of express warranty, and that since the MMWA is a federal statute that applies state warranty law, Cirulli's MMWA claim also fails. See *Daugherty v. Am. Honda Motor Co.,* 144 Cal.App.4th 824, 832–33, 51 Cal.Rptr.3d 118 (2006) ("[T]he failure to state a claim under state law necessarily constitute[s] a failure to state a claim under [the MMWA]."). The Court agrees.

Plaintiffs' Opposition does not contend that Cirulli's breach of express warranty and MMWA claims ("warranty based claims") can succeed. Nor could it. HMA's arguments steer the Court to its earlier Order, where it dismissed Cirulli's warranty based claims in the Third Amended Complaint because they were "based on a latent defect discovered after the vehicle's warranty elapsed." (June 12 Order at 9:6–7 (citing *Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017, 1023 (9th Cir.2008)).) Plaintiffs have not corrected this defect. Cirulli's warranty based claims fail.

The Court GRANTS HMA's Motion concerning Cirulli's claims for breach of express warranty and violation of the MMWA.

**1.2 D'Elia's Claims for Breach of Express Warranty and Violation of the MMWA**

HMA next argues that D'Elia's warranty based claims must fail because Plaintiffs do "not allege facts demonstrating that he reported and presented his vehicle for repair during the warranty period." (Mot.7:16–17.) Plaintiffs disagree. They assert that California warranty law does not require that a defect be reported before the warranty period. (Response to

HMA's Motion 4:2–4.) Rather, they urge, breach of express warranty and MMWA claims are viable if a plaintiff discovers the defect within the warranty period, even if the defect was not reported in that period. (Response to HMA's Motion 4:4–2.)

**\*3** The Court finds that the warranty in this case permits claims even if the defect was discovered but not reported within the warranty period. As HMA recognizes, the fate of the warranty claims rides on the language of the warranty. (HMA Motion Reply 2:14–15 ("The Critical issue is whether ... HMA breached an express promise it made to D'Elia.").) And the warranty states that HMA will "repair or replace" a component *"found* to be defective" during the warranty period. (FAC ¶ 106 (emphasis added); HMA Motion Reply 3:1–3.) This language suggests that the warranty covers defects that are discovered within the warranty period even if they aren't reported during that period.

But even with this construction of the warranty, Plaintiffs' allegations are insufficient. Plaintiffs allege that D'Elia "did not know about the defect ... until the breakdown of the sub-frame," which occurred after the warranty period. (FAC ¶ 68.) This establishes that he could not have "found" the defect during the warranty period. Since the defect was not discovered during the warranty period, it is not covered by the warranty.

The Court GRANTS HMA's Motion concerning D'Elia's claims for breach of express warranty and violation of the MMWA.

## 2. HMC'S MOTION

HMC makes multiple arguments that the FAC "should be dismissed as to HMC." (HMC's Motion 6:2.) First, it argues that Plaintiffs fail to meet the pleading requirements of Rule 8 and *Iqbal.* Second, it contends that HMC "should not be subject to extraterritorial application of California statutory law." (HMC's Motion 12:1–2 (emphasis omitted).) Third, it believes that Plaintiffs' claims under the CLRA and UCL must fail because they do not allege that HMC engaged in any transaction with Plaintiffs. And fourth, HMC asserts that Plaintiffs cannot maintain warranty based claims against HMC.

Plaintiffs concede that they "do not bring a claim for express warranty or a MMWA claim against HMC." (Response to HMC's Motion 12:25–26.) But they dispute HMC's other arguments.

HMC's argument concerning pleading requirements stems from the fact that Plaintiffs assert most of their allegations against HMA and HMC collectively as "Defendants" or "Hyundai." (*See* FAC ¶ 2.) HMC attacks the sufficiency of this pleading technique. It states that Plaintiffs "have failed to identify which conduct they allege against HMS and which conduct they allege against HMC." (HMC's Motion Reply 9:9–12.) Thus, HMC argues, the FAC should be dismissed "because it fails to allege facts as to HMC sufficient to put HMC on notice of plaintiffs' claims [against it]." (HMC's Motion 8:24–25.)

Plaintiffs defend their grouping of HMA and HMC. They say:

> HMC and HMA largely hold the same role.... HMC had a part in designing, manufacturing, selling, marketing, and distributing Sonatas, and HMA had that same role. Thus, there is no need in this context to differentiate between defendants—they have the same role, same defenses, and same liability.... The precise role each took in designing the defective sub-frame and selling it to the class may be developed in discovery.

**\*4** (Response to HMC's Motion 10:17–26.) According to Plaintiffs, the FAC "put HMC on notice of the claims against it" since "HMC may read the complaint, for the most part, as if HMA were not a party." (Response to HMC's Motion 9:3–4.)

It is inappropriate to group multiple defendants together where doing so would make the defendants unsure of the accusations against them. *See Mason v. County of Orange, 251 F.R.D. 562 (C.D.Cal.2008)* (granting motion for more definite statement where several claims for relief were "alleged against ... eleven defendants, regardless of whether the facts alleged support such an allegation"). But here, the grouping of HMA and HMC does not render Plaintiffs' CLRA and UCL claims insufficient. The FAC put HMC on notice that it was accused of "designing, manufacturing, selling, marketing, and distributing" defective vehicles in Plaintiffs' CLRA and UCL claims. Thus, these claims do not fail because Plaintiffs grouped HMA and HMC together.

But they do fail for a separate reason. The CLRA claim is for HMC's alleged failure to disclose the defect. And CLRA claims based on failures to disclose may only be maintained if there is some "relationship between the plaintiff and defendant in which a duty to disclose can arise." *LiMandri v. Judkins,* 52 Cal.App.4th 326, 336–37, 60 Cal.Rptr.2d 539 (1997). *LiMandri* explained:

> As a matter of common sense, such a relationship can only come into being as a result of some sort of *transaction* between the parties.... Thus, a duty to disclose may arise from the relationship between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement.... All of these relationships are created by transactions between parties from which a duty to disclose facts material to the transaction arises under certain circumstances.

*Id.* at 337, 60 Cal.Rptr.2d 539 (emphasis in original and citations omitted). Under *LiMandri,* HMC argues that Plaintiffs "have made no allegations stating that either of them engaged in any transaction with HMC [or] from which any inference can be drawn that a transaction existed here." (HMC's Motion Reply 6:19–23.) The Court agrees.

A review of the FAC permits an inference that Plaintiffs entered into a transaction with HMA. No similar inference can be made concerning HMC.

Plaintiffs argue that there is no transaction requirement here since the Court found their CLRA claim against HMA to be viable and that claim does not directly allege a transaction between Plaintiffs and HMA. (Response to HMC's Motion 11:1–12:22 (citing June 12, 2009 Order at 4–7).) HMC answers this argument persuasively by stating that, "despite the lack of an express allegation, plaintiffs obviously have engaged in a transaction with HMA—the warranty agreements on which plaintiffs premise their" warranty claims against HMA. (HMC's Motion Reply 7:17–21; *See* Cal. Civ.Code § 1761(e) (defining "transaction" as "an agreement between a consumer and any other person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement").) Since there is no comparable transaction with HMC, Plaintiffs' CLRA claim against it fails. And since "the UCL claim is based on the CLRA claim," the UCL claim also fails. (*See* Response to HMC's Motion 12:22.)

 **\*5** Because Plaintiffs' CLRA and UCL claims must be dismissed for failure to state a claim, the Court does not reach HMC's argument that California statutory law may not be asserted against HMC as a non-resident defendant.

The Court GRANTS HMC's Motion.

*DISPOSITION*

The Court is satisfied that the Complaint's deficiencies could not possibly be cured by amendment. *Jackson v. Carey,* 353 F.3d 750, 758 (9th Cir.2003). The Court GRANTS HMA's Motion and GRANTS HMC's Motion without leave to amend.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 4288367

---