# Exhibit 4

2020 WL 12309341
Only the Westlaw citation is currently available.
United States District Court, N.D. Florida,
Pensacola Division.

PEOPLES HOME HEALTH, LLC;
and Timothy A. Buttell, Plaintiffs,
v.
COVENANT HOME HEALTH CARE, LLC;
Covenant Home Health Holdings, LLC; and Covenant Health and Community Services, Inc., Defendants.

Case No. 3:20-cv-5523-MCR-HTC
|
Signed 10/15/2020

**Attorneys and Law Firms**

Kristopher Anderson, Clark Partington, Orange Beach, AL, Jeremy Chase Branning, Clark Partington Hart, Pensacola, FL, for Plaintiffs.

John R. Zoesch, III, Matthew Paul Massey, Beggs & Lane RLLP, Pensacola, FL, for Defendants.

### ORDER

M. CASEY RODGERS, UNITED STATES DISTRICT JUDGE

 *1  This matter is before the Court on Defendants' Motion to Dismiss, ECF No. 10. Upon full consideration, the Court finds the motion is due to be denied.

**I. Background**[1]

Since 2008, Plaintiff Timothy Buttell has operated a home healthcare services business in Northwest Florida. Buttell has become renowned for a high quality of services and has engendered substantial goodwill associated with the provision of home healthcare services in connection with the service mark and trade name PEOPLES HOME HEALTH (the "Mark"). Buttell also owns a design mark registered with the United States Patent and Trademark Office (the "Design Mark"). Buttell utilized the Mark and Design Mark in connection with the operation and marketing of his home healthcare services business. Additionally, Buttell is a manger member of Plaintiff Peoples Homes Health, LLC ("Peoples"). Buttell formed Peoples in 2018 to provide home healthcare services.

Defendant Covenant Health and Community Services, Inc. ("Covenant Health") is the sole manager member of Defendant Covenant Home Health Holding, LLC ("Covenant Holding"). Covenant Holding is the sole manager member of Defendant Covenant Home Health, LLC ("Covenant Home"). The Complaint refers to Covenant Health, Covenant Holding, and Covenant Home collectively as "Covenant."

The Complaint alleges that in May 2016, Buttell and his partners sold their membership interests in a prior iteration of Peoples ("Peoples 1.0")[2] to Covenant. In connection with the sale, Buttell licensed the Mark to Peoples 1.0 for a two-year period, commencing on May 6, 2016, and terminating on May 5, 2018 (the "License Agreement"). Upon expiration of the License Agreement, Peoples 1.0 agreed that all of its rights would terminate and automatically revert to Buttell, and that it would immediately discontinue all use of the Mark.

After the expiration of the License Agreement, Buttell began the steps necessary to resume delivery of home healthcare services under Peoples. Buttell granted Peoples a license to the Mark effective immediately upon the expiration of the License Agreement. Buttell also granted Peoples a license to the Design Mark.

Plaintiffs began operations in earnest in early 2020. Plaintiffs soon discovered, however, that physician referrals intended for Peoples were being misdirected to Covenant on a regular basis. Some of the referrals were sent on referral forms bearing the Design Mark. Plaintiffs allege that Covenant knowingly and actively solicited and accepted the physician referrals intended for Peoples. Thus, Covenant effectively holds itself out as providing home healthcare services in connection with the Mark and the Design Mark.

Plaintiffs notified Covenant of the marketplace confusion and Peoples's inability to operate under its own name. Covenant acknowledged these problems but has failed to rectify them. As a result, Plaintiffs bring claims for violation of the Lanham Act for unfair competition (Count I), violation of Florida's Deceptive and Unfair Trade Practice Act (Count II), Breach of Contract (Count III), Federal Trademark Infringement (Count IV), Common Law Trademark Infringement (Count V), Unjust Enrichment (Count VI), and Common Law Unfair Competition (Count VII). Defendants move to dismiss the

complaint in its entirety, arguing Plaintiffs impermissibly use "group pleading."

## II. Legal Standard [3]

**\*2** Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Complaints that violate Rule 8(a)(2) "are often disparagingly referred to as 'shotgun pleadings.' " Weiland, 792 F.3d at 1320. "A complaint constitutes an impermissible shotgun pleading if it 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.' " Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co., 953 F.3d 707, 732 (11th Cir. 2020) (quoting Weiland, 792 F.3d at 1323). "When multiple defendants are named in a complaint," however, "the allegations can and usually are to be read in such a way that each defendant is having the allegation made about him individually." Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997). Collective references to "defendants" present problematic pleading where the complaint "can[not] be fairly read to aver that all defendants are responsible for the alleged conduct." Kyle K. v. Chapman, 208 F.3d 940, 944 (11th Cir. 2000); see Auto. Alignment & Body Serv., 953 F.3d at 732 ("The problem with this kind of pleading is that it fails 'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.' " (quoting Weiland, 792 F.3d at 1323)). "Pleadings of this nature violate the requirement that a plaintiff provide 'a short and plain statement of the claim,' Fed. R. Civ. P. 8(a)(2)." Auto. Alignment & Body Serv., 953 F.3d at 732 (citing Weiland, 792 F.3d at 1320–22).

## III. Discussion

Covenant argues the Complaint must be dismissed "because it fails to identify which Plaintiff or Plaintiffs are suing which Defendant or Defendants under various counts," leaving Covenant "unable to sufficiently respond to the allegations." With respect to Covenant's argument regarding the group pleading of Defendants, Plaintiffs respond that the Complaint identifies Covenant Home as the party that enjoyed a license to the Mark and identified Covenant Health and Covenant Holding as entities related to, and controlling, Covenant Home. Plaintiffs argue that they presently "lack sufficient information" to draw further distinctions between the three Defendants in the counts of the Complaint. With respect to Covenant's argument regarding the group pleading of Plaintiffs, Plaintiffs argue that their allegations make plain that the breach of contract claim is asserted solely on behalf of Buttell and that both Plaintiffs are entitled to seek relief under the other claims raised in the Complaint.

The Court agrees with Plaintiffs that under these circumstances—a group of related defendant entities with overlapping levels of control—no specific parsing of the individualized misconduct committed by Covenant Home, Covenant Holding, and Covenant Health is necessary. See Spanakos v. Aronson, No. 17-80965, 2018 WL 2392011, at \*3 (S.D. Fla. Apr. 3, 2018) (finding allegations grouping the conduct of the defendants together sufficient to provide general notice of alleged unlawful conduct under Rule 8 where one defendant owned, managed, and operated the other defendants); cf. Duggan v. Terzakis, 275 F. Supp. 2d 968, 973 (N.D. Ill. 2003) (finding Rule 9(b)'s heightened pleading standard satisfied even though the plaintiffs "lump[ed] together" multiple defendants where the plaintiffs alleged "substantial overlapping ownership among the [defendant] entities"). In light of Covenant's overlapping layers of control, the Complaint "can be fairly read to aver that all defendants are responsible for the alleged conduct." See Kyle K., 208 F.3d at 944. The Court also agrees with Plaintiffs that, as pled, the breach of contract claim is plainly asserted by Buttell based on Covenant's breach of the License Agreement, see Compl. [ECF No. 1] ¶¶ 13–15, 53–56, and Plaintiffs' remaining claims pass muster under Rule 8 as each plausibly alleges that either Plaintiff is entitled to recovery against Covenant.

Accordingly, Covenant's Motion to Dismiss, ECF No. 10, is **DENIED**.

**DONE AND ORDERED** this 15th day of October 2020.

**All Citations**

Slip Copy, 2020 WL 12309341

## Footnotes

1  The Court "accept[s] the factual allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff[s]." See *Echols v. Lawton,* 913 F.3d 1313, 1319 (11th Cir. 2019).

2  After the sale, Covenant changed the name of Peoples 1.0 to Covenant Home Health, LLC.

3  Though Covenant frames its motion as a Rule 12(b)(6) motion to dismiss, its argument that it is "unable to sufficiently respond to the allegations" due to Plaintiffs' use of "group pleading" evokes Rule 12(e). *See* *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trs. of Centr.* *Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996)).

---

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.