# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°
_____

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson
_____

°Member of N.J. & N.Y. Bars

August 22, 2022

**_VIA ECF_**

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US
Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, New Jersey 08101

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

Re:    ***In re Valsartan, Losartan, and Irbesartan Liability Litigation***,
       **Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler and Judge Vanaskie:

Please accept this letter on behalf of Plaintiffs in advance of the August 24, 2022 case

management conference.

## 1.  Plaintiffs' Proposed Trial Plan

The Parties have met and conferred multiple times since the July 28, 2022 conference.

Based upon the Court's guidance to date, the discussions with Defendants, and ongoing

consideration of the issues, Plaintiffs propose the following for the Court's consideration.

Plaintiffs request that the first trial proceed following the Court's determination of the class

certification motions, and present the claims of a single TPP, *viz*., MSP and one, or certainly fewer

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 22, 2022
Page 2

than three, of its assignors for whom claims have been brought in this case, against ZHP (and its

wholly owned United States subsidiaries), Teva, and Torrent.  This would be with regard to claims

arising from the manufacture and sale of the ZHP valsartan API, and ZHP/Solco, Teva, and Torrent

finished dose incorporating that API.  Defendants confirmed during the Parties' discussions that

they generally agree the trial should involve some combination of ZHP, Teva, and Torrent.

Plaintiffs' proposed first trial would present all, or such fewer as the Court directs,

economic loss claims as asserted in the TPP Master Complaint.  It is respectfully submitted that

the trial should follow a ruling on the TPPs' Rule 23 Motion for Class Certification (the Court

indicated during the July 28, 2022 conference that the rulings on those motions are in process) in

order to avoid one-way intervention issues and to conform with well settled law of this and most

if not all Federal Circuits on this issue.  *See In re Citizens Bank*, 15 F. 4th 607 (3d Cir. 2021).[1]

---

[1]       In *Citizens Bank*, the Third Circuit wrote:

> Rule 23's history confirms that a post-trial certification decision is
> strongly disfavored. Originally, Rule 23 was essentially "an
> invitation to joinder"; it lacked a mechanism for adjudicating absent
> class members' claims. [*Am. Pipe & Constr. Co. v. Utah*, 414 U.S.
> 538, 546 (1974)] (internal quotation marks omitted). And that
> invited a very particular form of abuse:
>
> > [M]embers of the claimed class could
> > in      some      situations      await
> > developments in the trial or even final
> > judgment on the merits in order to
> > determine   whether   participation
> > would be favorable to their interests.
> > If the evidence at the trial made their
> > prospective position as actual class
> > members appear weak, or if a
> > judgment precluded the possibility of
> > a   favorable   determination,   such

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 22, 2022
Page 3

The schedule proposed by Plaintiffs provides ample time for this decision and class notice if needed, prior to any trial.

Defendants here have consistently recognized the importance of not violating the one-way intervention doctrine.  As stated by Defendants in their July 26, 2022 agenda letter, "First, because the Court has not yet ruled on Plaintiffs' pending motion to certify the consumer classes, moving forward with dispositive motion practice and trial violates the rule against one-way intervention, which prohibits a compulsory trial before class certification and strongly disfavors summary judgment rulings prior to the determination of class certification."  Defendants' letter continued with extensive legal analysis and unequivocal objection to proceeding in the manner they now promote. (*See* Defs.' July 26. 2022 agenda letter, beginning on page 2, ECF 2139).  It is clear from the Parties' discussions that Defendants' analysis of this issue has not changed, and their view, as expressed in their last agenda letter and throughout the litigation, is that one-way intervention is immutable.

During the meet and confers, Defendants raised a second issue that points to the necessity that the trial proceed after a decision on class certification.  Defendants stated their position that any TPP that is a plaintiff in a trial pre-certification is thereby rendered inadequate to serve as a

---

putative members of the class who chose not to intervene or join as parties would not be bound by the judgment.

*Id.* at 547[]. The "unfair" upshot allowed class members "to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Id.*

15 F. 4th at 617.

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 22, 2022
Page 4

class representative as to any claims going forward.  Defendants also made clear their position that this issue cannot be addressed in advance of the trial they propose.  Thus, it is clear Defendants' proposal would be used as a means to fatally undermine the adequacy of a proposed class representative that has requested the Court to permit it to proceed as a class representative.

A trial prior to class certification as Defendants advocate creates a scenario by which to further delay the Parties and the Court from advancing the litigation in a meaningful way.  Were the Court to direct a trial of a single TPP *before* a Ruling on the Rule 23 motion, some appropriate agreement by the Parties and/or Order of this Court would be needed to protect the status of the selected TPP to continue as a class representative thereafter; however, Defendants' position is that this cannot be done.  For these reasons, if the Court does determine to proceed as suggested by Defendants, Plaintiffs would need a reasonable period of time to select a TPP after learning the expected parameters from the Court.

Plaintiffs' goal is aligned with that of the Court, to move this litigation toward ultimate resolution in an efficient manner.  To do so, Plaintiffs seek to avoid the unnecessary creation of issues that Defendants are sure to appeal.  Although the idea of proceeding with a pre-certification TPP trial may appear at first blush to be consistent with those goals, the issues discussed above, and likely others that Defendants will raise, create opportunities for potentially significant delay and prejudice to any proposed TPP class member awaiting a Rule 23 ruling that is caused to try its case on the merits.  In this connection, Defendants have repeatedly stated that if the Court certifies a class, they will file a Rule 23(f) application to appeal.  Therefore, that application is going to be filed regardless of whether the TPP trial precedes or follows the class certification decision.  Plaintiffs submit that it would be most efficient for the Court to issue its class certification

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 22, 2022
Page 5

decision(s), move to trial thereafter, and allow the Third Circuit to decide whether to hear the application and render a ruling thereafter.

Plaintiffs also respectfully request that the Court deny Defendants' request for further discovery of the TPP Plaintiffs who have already provided detailed fact sheets, responded to extensive document requests, and produced 30(b)(6) witnesses for depositions. Defendants' proposal, as Plaintiffs understand it, builds in a period of potentially months of discovery of the TPP plaintiff at the front end, causing unnecessary delay. Plaintiffs have reviewed the Defendants' discovery demands and have advised Defendants that those requests are duplicative and overlapping of the discovery already conducted. Plaintiffs asked Defendants to specify which of their requests they truly believe are new and vital, and they have provided no such clarification. As acknowledged by the Court, fact discovery closed long ago.

Finally, Plaintiffs submit that it would also be most efficient and help to move the litigation forward for the Court to sequence a series of economic loss certified class or subclass trials to follow the first. The following trials (to be scheduled to commence a reasonable period after the first trial) to focus on the claims of TPPs and/or consumer plaintiffs, including against (a) Hetero with regard to issues arising from the Hetero API used to manufacture finished dose pills sold by Hetero in the United States via Camber, (b) Mylan and Teva with regard to issues arising from the Mylan API used to manufacture finished dose pills sold in the United States by Mylan and Teva, and (c) Aurobindo with regard to issues arising from the Aurobindo API used to manufacture finished dose pills sold in the United States by Aurobindo, in whatever order the Court determines.

**2. Plaintiffs' Proposed Liability Expert Report and CMO 28 Schedule Modifications**

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 22, 2022
Page 6

Plaintiffs have been working diligently with their liability experts, who are preparing their reports with regard to the fault of the manufacturer Defendants, in accordance with CMO 28 and discussions with the Court during the recent conferences.  Based on Plaintiffs' current assessment of the status of this work and the time needed to complete these important reports, and the focus that will come when the Court determines which Parties will proceed to trial and under what circumstances, Plaintiffs request an extension of their deadline to serve liability expert reports addressing the fault of the manufacturer defendants, from September 16, 2022, to October 31, 2022.  (If no extension is given, then Plaintiffs request that the deadlines be staggered so that the initial deadline addresses the defendant(s) in the first trial only, with following deadlines to be set for the expert reports focused on the balance of the manufacturer defendants).  Plaintiffs request that the other deadlines pursuant to CMO 28 be extended for a commensurate period.

Plaintiffs have discussed this request with Defendants, who did not voice any objections to extension of the deadlines during the meet and confer process.

### 3. Defendants' Motions to Seal Parts of the Class Certification Briefing

The Parties have been working to de-designate exhibits, testimony, and expert report material associated with the Class Certification briefing that can be publicly filed on the docket. It is the Parties' intention to submit to the Court only the documents where the Parties have a dispute over whether the document should remain under seal or should be publicly filed.  Given the volume and quantity of documents at issue, the Parties believe they can complete all meet and confers by the current sealing motion deadline, which is currently set for September 13, 2022. Upon understanding the scope of documents in dispute, the Parties will request a proposed briefing schedule commensurate with the scope of the issue.

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 22, 2022
Page 7

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 22, 2022
Page 8

**4. PFS Deficiencies and Orders to Show Cause**

Plaintiffs will be prepared to address this issue during the case management conference.

Respectfully,

ADAM M. SLATER

Cc: All counsel of record (via ECF)