# EXHIBIT 1

**From:** OstfeldG@gtlaw.com
**Date:** August 22, 2022 at 6:50:13 PM GMT+1
**To:** ASlater@mazieslater.com, valpec@kirtlandpackard.com
**Cc:** DECValsartan@btlaw.com
**Subject:** [Ext] [EXTERNAL]RE: Valsartan - Trial Plan and Experts

Good afternoon, Adam and Plaintiffs' leadership,

Thank you for your proposal. At the outset, Defendants again reiterate our position that any trial "on behalf of a certified class, subclass, or part thereof" is inconsistent with Judge Kugler's repeated instructions. Judge Kugler has made clear that this first trial is to be a single-plaintiff trial, not a class trial. We feel his statements on that point have been consistent at the last two hearings and do not require further clarification. Judge Kugler has not ruled on class certification, has not indicated how he is going to rule on class certification, and any ruling on class certification will undoubtedly be appealed under Rule 23(f) by the non-prevailing party. The Court's instructions were to work up a single-plaintiff TPP trial, not a class trial, and Defendants stand ready to do so.

If Plaintiffs are prepared to proceed with MSPRC on behalf of one of its assignors in a single-plaintiff, non-class trial, that is agreeable to Defendants subject to confirmation of the specific assignor and designation of one of the At-Issue Assignor MAOs identified in the parties' prior Stipulation Regarding Discovery. Defendants can agree that the Defendants will consist of one or more of ZHP, Teva, and Torrent depending in part on which of the assignors is chosen, and will be prepared to discuss with the Court its preference regarding which specific Defendants will be in the trial. Identifying the specific assignor will assist with that discussion.

Defendants do not agree to split the plaintiff's claims against the designated Defendants. If Plaintiffs wish to proceed only on breach of express warranty, implied warranty, consumer protection, and punitive damages claims, the assignor's remaining claims against the designated Defendants should be dismissed with prejudice. If the claims are not dismissed, it is Defendants' position they should all be tried together.

Defendants oppose entry of an Order or Stipulation preserving the adequacy of any TPP plaintiff to later serve as a class representative. There are non-class representative TPPs available if Plaintiffs wish to avoid this issue, and any such Order or Stipulation would be in the nature of an advisory opinion in the absence of a class certification ruling. For the same reason, Defendants oppose entry of any Stipulation to waive or not to raise one-way intervention application by the Court of rulings, findings, and Judgment to the claims of a later certified class or subclass.  The Court has requested a single-Plaintiff TPP trial, and we are prepared to proceed on that base. No class certification ruling has been entered, and we are not agreeable to entry of orders or stipulation based on conjecture as to what might happen with respect to class certification going forward.

Defendants oppose entry of an Order sequencing trials to follow the first trial. Judge Kugler has not requested any such sequencing, and Plaintiffs have never raised this issue during the parties' numerous meet and confers. Sequencing of trials "on behalf of certified class/subclass/or portions thereof" is further inappropriate because there has been no class certification ruling and no classes certified. There are also numerous jurisdictional issues that would need to be addressed with respect to further trials, and none of these issues have even been discussed by the parties. Accordingly, the case management

deadlines currently contemplated should not apply to Defendants other than those involved in the first trial.

Defendants are agreeable to extending Plaintiffs' case-specific expert reports until at least October 31, 2022. Your proposal, however, does not incorporate Defendants' request for fact discovery, as outlined in my letter of August 12, 2022. As Plaintiffs have indicated they oppose such discovery, we plan to take the issue up with the Court. In the meantime, we continue to believe the revisions to CMO 28 outlined in my August 12 letter represent the better path forward.

Very truly yours,

**Greg Ostfeld**
Shareholder; Vice Chair, Pharmaceutical, Medical Device & Healthcare Litigation Practice Group

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.476.5056  |  F +1 312.899.0420  |  C +1 312.656.5461
OstfeldG@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

**GT GreenbergTraurig**

Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London*. Long Island. Los Angeles. Mexico City*. Miami. Milan*. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Francisco. Seoul*. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv*. Tokyo*. Warsaw*. Washington, D.C. West Palm Beach. Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; London: Operates as a separate UK registered legal entity; Mexico City: Operates as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Seoul: Operated by Greenberg Traurig LLP Foreign Legal Consultant Office; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Tokyo: Greenberg Traurig's Tokyo Office is operated by GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubengoshi Jimusho, affiliates of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Warsaw: Operates as GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.

**From:** Adam Slater <ASlater@mazieslater.com>
**Sent:** Saturday, August 20, 2022 8:42 AM
**To:** DEC Valsartan List (DECValsartan@btlaw.com) <decvalsartan@btlaw.com>; Ostfeld, Gregory E. (Shld-Chi-LT) <OstfeldG@gtlaw.com>
**Cc:** Valsartan PEC <valpec@kirtlandpackard.com>
**Subject:** [EXTERNAL]Valsartan - Trial Plan and Experts

**\*EXTERNAL TO GT\***

Greg and defense leadership:

Plaintiffs propose, as discussed, trial of the breach of express warranty, implied warranty, consumer protection, and punitive damages claims of a single MSP Assignor, on behalf of a certified class, subclass, or part thereof as determined by the Court, against ZHP (and its US subsidiaries), Teva, and Torrent, focused on the ZHP manufactured API.

In the event the Court is inclined to proceed pre-class certification, Plaintiffs will need to determine which TPP to select, based on the parameters of the trial to be set by the Court.  In that event, Plaintiffs will also request entry of an Order or Stipulation preserving the adequacy of the TPP plaintiff to later serve as a class representative, and request that Defendants enter into a Stipulation that they waive and will not raise any one-way intervention objections to application by the Court of the rulings, findings, and Judgment to the claims of

a later certified class or subclass. Please let us know if you will agree to entry of the proposed Order/Stipulations in this event.

Plaintiffs also intend to request that the Court enter an Order providing for a sequence of trials to follow the first trial, on behalf of certified class/subclass/or portions thereof, adjudicating the economic loss claims of TPPs/consumer plaintiffs against the remaining manufacturers, thus addressing claims related to the Hetero, Mylan, and Aurobindo API.

Plaintiffs also request Defendants' agreement to an extension of the current CMO 28 deadline for Plaintiffs' liability expert reports focused on the fault of the manufacturer defendants, from September 16, 2022 to October 31, 2022, with commensurate extension of the other deadlines.

Please provide your responses to our proposal and requests, and send over your proposal as well. We are available to discuss if you think that would be helpful.

Thank you,

Adam Slater

```
CONFIDENTIALITY NOTICE: This email and any attachments are
for the exclusive and confidential use of the intended recipient. If
you are not the intended recipient, please do not read, distribute
or take action in reliance upon this message. If you have received
this in error, please notify us immediately by return email and
promptly delete this message and its attachments from your
computer system. We do not waive attorney-client or work product
privilege by the transmission of this message.
```