# EXHIBIT 3



*Via Email*                                                                                                   July 26, 2022

Clem Trischler, Esq.
Pietragallo, Gordon, Alfano
 Bosick & Raspanti, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219

Re: *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, 19-md-2875 (D.N.J.)

Dear Clem,

This responds to the Defense Executive Committees's ("DEC") July 19, 2022 letter purporting to serve 53 additional Rule 34 Requests for Production in total on the two named third-party payor proposed class representatives, Maine Automobile Dealers Association ("MADA") and MSP Recovery Claims, Series LLC ("MSP"). We ask that Defendants withdraw these "new" requests promptly as they are untimely and in contravention of the Court's scheduling orders and other rulings as to Defendants' prior attempts to serve untimely, additional written discovery without leave of Court.

As a threshold matter, your letter attempts to couch this previously served and propounded Rule 34 discovery as "Rule 23 discovery," however no such discovery is necessary or has been permitted. The Court was very clear that discovery was not to be bifurcated between class certification actions, and all other claims and issues in the case. *See, e.g.*, CMO No. 23 (D.E. 863). Fact discovery was propounded by the DEC accordingly pursuant to Federal Rules of Civil Procedure 26 and 34. *See* D.E. 633-1. Moreover, it appears that this newly propounded discovery is entirely duplicative of the Rule 34 discovery previously served by the DEC to which MSP and MADA responded over 18 months ago.

For example, in these new requests, Defendants seek "…each Formulary and/or Preferred Drug List related thereto, and all amendments, for each year during the Relevant Time Period..." *See* Defendants' 2nd RFPDs at No. 12. This material was previously requested in an identical request in Defendants' First Request for the Production of Documents.[1] There are a host of other

---

[1] *See* Defendants' First Request for the Production of Documents at No. 4 ("…each Formulary and/or Preferred Drug List related thereto, and all amendments, for each year during the Relevant Time Period; to the extent not stated in such Formularies or Preferred Drug Lists, documents

new requests which are entirely duplicative (word for word)[2] of the previously propounded requests.

These documents are not only duplicative of the previously propounded formal discovery requests, but also include the documents that Defendants themselves demanded be produced at the very outset of the case as part of the TPP Plaintiff Fact Sheet, ordered by the Court on October 18, 2019 (D.E. 283).[3] Indeed, Defendants have now propounded essentially the following discovery on MADA and MSP: twenty-one (21) interrogatory questions (as contained in the TPP PFS), and twenty-five (25) various requests for productions (16 document requests contained in the TPP PFS, and 9 formal document requests as propounded during Rule 34 discovery). MSP has been subject to *even more discovery than this*, including three Rule 45 subpoenas (which included 16 different requests regarding a total of 175 different drug products).

Even if these requests were not a complete re-tread of previously developed discovery, Defendants' new requests are untimely and improper. General fact discovery closed in this matter quite some time ago (with the exception of certain narrow issues, and matters arising after the bulk of discovery was completed). Specifically, under CMO No. 23 (D.E. 863), dated February 11, 2021, both "phase 1" and "phase 2" fact discovery closed on June 1, 2021 and October 4, 2021, respectively. CMO No. 23 never contemplated, and neither side ever requested, any additional fact discovery after these deadlines. As Defendants' new requests to MADA and MSP come many months after the general close of fact discovery, these requests are untimely. Indeed, as recently

---

sufficient to determine any payment, deductible, tier, copayment, or coinsurance terms applicable to each tier of any such Formulary or Preferred Drug List."

[2] "New" and untimely Request No. 9 is an exact duplicate of timely Request No. 1. "New" and untimely Request No. 10 is an exact duplicate of timely Request No. 2. "New" and untimely Request No. 16 is an exact duplicate of timely Request No. 6. "New" and untimely Request No. 17 is an exact duplicate of timely Request No. 7.

[3] Request No. 25 asks for "[a]ll documents containing or reflecting communications between your Assignors and any pharmacy benefits manager or third-party administrator regarding VCDs, replacement Blood Pressure Medications following the recall of VCDs, NDMA and NDEA impurities…" *See* Defendants' 2nd RFPDs at No. 25. However, documents responsive to this request were actually previously requested and produced in response to Document Request No. 9 as part of the TPP Fact Sheet ("All Documents in your possession regarding the medications identified on the agreed list, attached as Exhibit A, purchased for your Recipients or for which you paid reimbursements after discovering the possible presence of nitrosamines in valsartan medications. This Request includes, but is not limited to, all Documents identifying or discussing the price of such replacement medications and the cost incurred by you in purchasing such medications or in making reimbursement payments for the same.").

as two weeks ago, the Special Master reminded the parties that fact discovery long-since closed: "[Special Master Vanaskie]: Discovery is supposed to have been closed except for expert witness discovery." 7/13/22 Hr'g Tr. at 16. Additionally, all three jurists overseeing discovery in this matter – Magistrate Judge Schneider, Special Master Vanaskie, and Judge Kugler himself – have held that Defendants' prior attempts to issue additional written discovery to party-plaintiffs is inappropriate given the prior orders, rulings, and strictures of this litigation. Early in this litigation, Magistrate Judge Schneider repeatedly required the parties to meet and confer about proposed written discovery requests, and for him to reconcile any disputes and formally enter the final sets of agreed-upon written discovery, before any such requests could issue. Defendants did not timely meet and confer or make any showing as to the need for additional discovery requests prior to close of fact discovery, contrary to longstanding past practice in this litigation.

Also, over a year ago, Manufacturer Defendants attempted to serve their "First Set of Global Interrogatories and Requests for Production" on all plaintiffs. Special Master Vanaskie disallowed this discovery as untimely and not contemplated under existing scheduling and case management orders. *See* 6/9/2021 Special Master Order No. 23 (D.E. 1304). Judge Kugler overruled Defendants' objection to Special Master Order No. 23. *See* 8/9/2021 Op. & Order (D.E. 1471). In so ruling, Judge Kugler noted, among other things:

> The Court has also reviewed the context of this MDL in its entirety to find that document production requests this close to the end of discovery emerge as an unthought-out afterthought. The Court has considered the parties' and the Special Master's efforts to hammer out and amend discovery schedules, not once, but twice, earlier this year as well as the parties' active engagement throughout this year to work through the scheduling of depositions, expert reports and other key discovery. The Court finds the defendants could have raised their discovery requests earlier when the parties were conferring actively.

*Id.*

For these reasons, Plaintiffs request that Defendants promptly withdraw their two sets of document requests. Plaintiffs will be prepared to discuss the matter at the next case management conference or as directed by the Court.

Truly yours,

Ruben Honik
**Honik LLC**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel: 267-435-1300
ruben@honiklaw.com

cc: Valsartan PEC & DEC Counsel (via email)