**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

────────────────────────────

IN RE:  VALSARTAN PRODUCTS
LIABILITY LITIGATION

CIVIL ACTION NUMBER:

19-md-02875

────────────────────────────

CASE MANAGEMENT CONFERENCE
VIA TELECONFERENCE

        Mitchell H. Cohen Building & U.S. Courthouse
        4th & Cooper Streets
        Camden, New Jersey  08101
        August 24, 2022
        Commencing at 3:00 P.M.

**B E F O R E:**          THE HONORABLE ROBERT B. KUGLER,
                         UNITED STATES DISTRICT JUDGE AND
                         THE HONORABLE THOMAS I. VANASKIE (RET.),
                         SPECIAL MASTER

**A P P E A R A N C E S:**

        MAZIE SLATER KATZ & FREEMAN, LLC
        BY:  ADAM M. SLATER, ESQUIRE
        103 Eisenhower Parkway
        Roseland, New Jersey  07068
        For the Plaintiffs

        PARAFINCZUK WOLF, PA
        9050 Pines Boulevard, Suite 450-02
        Pembroke Pines, Florida  33024
        BY:  STEVEN RESNICK, ESQUIRE
        For the Plaintiffs

        KANNER & WHITELEY, LLC
        BY:  LAYNE HILTON, ESQUIRE
        701 Camp Street
        New Orleans, Louisiana  70130
        For the Plaintiffs

             Camille Pedano, Official Court Reporter
                  camillepedano@gmail.com
                    (609) 774-1494

      Proceedings recorded by mechanical stenography; transcript
            produced by computer-aided transcription.

 1 | **A P P E A R A N C E S (Continued):**

 2 |     LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY PROCTOR, P.A.
   |     BY:  DANIEL A. NIGH, ESQUIRE
 3 |     316 S. Baylen, Suite 600
   |     Pensacola, Florida 32502
 4 |     For the Plaintiffs

 5 |     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   |     BY:  ALLISON M. BROWN, ESQUIRE
 6 |     1440 New York Avenue, N.W.
   |     Washington, DC 20005
 7 |     For the Defendants, Prinston Pharmaceuticals,
   |     Solco Healthcare U.S. LLC, and  Zhejiang Huahai
 8 |     Pharmaceuticals Ltd.

 9 |     PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI LLP
   |     BY:  JASON M. REEFER, ESQUIRE
10 |     One Oxford Centre, 38th Floor
   |     Pittsburgh, Pennsylvania  15219
11 |     For the Defendant, Mylan Pharmaceuticals, Inc.

12 |     GREENBERG TRAURIG LLP
   |     BY:  STEVEN M. HARKINS, ESQUIRE
13 |     3333 Piedmont Road, NE, Suite 2500
   |     Atlanta, Georgia  30305
14 |               AND
   |     BY:  GREGORY E. OSTFELD,  ESQUIRE
15 |     77 West Wacker Drive, Suite 3100
   |     Chicago, Illinois 60601
16 |     For the Defendants, Teva Pharmaceutical Industries Ltd.,
   |     Teva Pharmaceuticals USA, Inc., Actavis LLC,
17 |     and Actavis Pharma, Inc.

18

19

20

21

22

23

24

25

*United States District Court*
*District of New Jersey*

 1              (PROCEEDINGS held via teleconference before The

 2    Honorable Robert B. Kugler and Special Master Thomas I.

 3    Vanaskie at 3:00 p.m.)

 4              JUDGE VANASKIE:  Hello.  This is Tom Vanaskie.  We may

 5    be ready to proceed.

 6              It seems to me that there is nothing for me today.  We

 7    will have Judge Kugler on the line soon, if he is not already

 8    on.

 9              JUDGE KUGLER:  I am, I am on the line.

10              JUDGE VANASKIE:  Okay, he is on the line.

11              I did want to raise one matter or two matters with

12    counsel.  I have two motions or two matters outstanding, that's

13    what I'm showing, if you have more than that please let me

14    know, but I'd like to schedule oral argument by Zoom on these

15    motions for September 1st, if that's possible.  If that's not

16    convenient, we can talk about another day, but I'd like to

17    schedule it for 11 a.m. on September 1st.  And that would be

18    the motion for sanctions and then the question of whether

19    certain records should be unsealed.

20              MR. SLATER:  Your Honor, hi, it's Adam Slater.  How

21    are you?

22              JUDGE VANASKIE:  Pretty good, thanks.

23              MR. SLATER:  I'm glad to hear it.

24              I would probably be the one to argue the sanctions

25    motion and I'm scheduled to be away next week.

```
 1          JUDGE VANASKIE:  Okay.

 2          MR. SLATER:  So I hate to ever ask for anything to be

 3   done for that reason but if it's not a problem, if we could

 4   schedule it for a different time towards the end of the

 5   following week or the week after that, I would really

 6   appreciate that.

 7          JUDGE VANASKIE:  Yes, that would be fine with me.  How

 8   about September 8th?

 9          MR. SLATER:  That's great.

10          JUDGE VANASKIE:  I am not hearing anything from any

11   defense counsel.  We'll issue an order -- I'm sorry, go ahead.

12          We'll issue an order scheduling oral argument on those

13   two matters for September 8 at 11 a.m.

14          MR. SLATER:  Thank you.

15          JUDGE VANASKIE:  I think at this time we can turn the

16   call over to Judge Kugler, unless there is anything else you

17   think requires my attention.

18          (No response).

19          JUDGE VANASKIE:  Okay.

20          JUDGE KUGLER:  Okay.  Thank you.

21          Listen, just an announcement:  For those of you who

22   remember Judge Schneider from his days as Magistrate Judge on

23   this case, and maybe you have had some other dealings with him,

24   he was in a serious bicycle accident over the weekend and he is

25   banged up.  He is going to be fine.  He suffered some
```

 1  fractures.  He is at home recuperating.  I am sure you want to

 2  wish him well and all that, but he's on some heavy drugs at the

 3  moment.  But he doesn't need any surgery, no head injury, it

 4  was all -- broke his shoulder and a bunch of ribs and all that

 5  kind of stuff.  Anyway, that's what he's doing.

 6         So there's a lesson to be learned there, folks:  Stay

 7  off the damn bicycles.

 8         Anyhow, let's talk about the easy things first.  We

 9  will talk about the deficiency issues.

10         Is Mr. Harkins on the phone?

11         MR. HARKINS:  Yes.  Good afternoon, Your Honor.  Steve

12  Harkins with Greenberg Traurig for the Teva defendants and the

13  Joint Defense Group.

14         JUDGE KUGLER:  How are you doing?

15         MR. HARKINS:  Doing well, Your Honor.

16         JUDGE KUGLER:  You have Cooper -- there are ten of

17  them, but the Cooper and Peyton, P-E-Y-T-O-N, are resolved.

18  And you're asking that the Greene, Vindigni, V-I-N-D-I-G-N-I,

19  and Tolley, T-O-L-L-E-Y, matters be carried to the next

20  conference because you're working that out.  But according to

21  your letter from two days ago, King, Shemes, S-H-E-M-E-S,

22  Branch, Dais, D-A-I-S, and Smith you are still seeking to have

23  dismissed.  Is that correct?

24         MR. HARKINS:  Your Honor, we actually had some

25  significant updates since Monday.  In addition to the Cooper

1    and the Peyton matter, which are resolved, we have also

2    resolved the issues in Case Number 10, Marjorie Smith v.

3    Camber, and that show-cause order can be withdrawn.

4            In addition to the Greene, Vindigni and Tolley matters

5    where we would request that the motion -- I'm sorry, the order

6    to show cause be extended until the September case management

7    conference, we are now also requesting that the Shemes, Branch

8    and Dais cases be continued to the September case management

9    conference.

10           That leaves the only unresolved case as Donna King,

11   Number 1 on our list, where the defendants would request

12   dismissal of that matter.

13           JUDGE KUGLER:  Okay.  Does anybody want to speak on

14   behalf of Donna King?

15           MR. RESNICK:  Good afternoon, Your Honor.  My name is

16   Steven Resnick from Parafinczuk Wolf.

17           I had spoken to defense counsel on Monday on a

18   meet-and-confer call and I informed defense counsel that we

19   have done pretty much everything we can do on that one in terms

20   of making contact with the next of kin.  We have been unable to

21   do that at this point.  I know that the matter's been on the

22   list for some time.  So we're agreeable and amenable to having

23   that matter dismissed.

24           JUDGE KUGLER:  All right.  The matter of Donna King

25   will be dismissed.

```
 1          MR. RESNICK:  Thank you, Judge.  No objection.

 2          JUDGE KUGLER:  Okay.  That leaves now you have a bunch

 3  of them you want to list for an order to show cause.  Any

 4  changes in those?

 5          MR. HARKINS:  Four updates there, Your Honor.

 6          Number 2, Nancy Mastbergen, Number 4, Frank Trimboli,

 7  Number 9, Christopher Gallagher, and Number 10, Kerry Jackson,

 8  have all been resolved and those four can be removed from our

 9  list.

10          We would request orders to show cause returnable at

11  the September case management conference in the other six

12  cases.

13          JUDGE KUGLER:  Anybody want to speak on behalf of

14  Deborah Stiles, S-T-I-L-E-S?

15          (No response).

16          JUDGE KUGLER:  Hearing nothing, that will be listed

17  for an order to show cause.

18          Jim Smith, Number 3 on the list, anybody want to speak

19  on behalf of Jim Smith?

20          (No response).

21          JUDGE KUGLER:  Hearing nothing, that will be listed

22  for an order to show cause.

23          Walid Elganam, E-L-G-A-N-A-M, anybody want to speak on

24  behalf of that?

25          (No response).
```

1          JUDGE KUGLER:  So that's listed for an order to show

2   cause next time.

3          Richard Williams, anybody want to speak on behalf of

4   Richard Williams?

5              (No response).

6          JUDGE KUGLER:  No?  That will be listed for an order

7   to show cause.

8          Eric Thompson, anybody want to speak on behalf of Eric

9   Thompson?

10             (No response).

11         JUDGE KUGLER:  Okay.  That will be listed for an order

12  to show cause.

13         And Number 8, Judith Ross, anybody want to speak on

14  behalf of Judith Ross?

15         MR. NIGH:  Your Honor, this is Daniel Nigh, attorney

16  for Judith Ross.  I would just reiterate kind of our same thing

17  that we've said before, which is, the only deficiency is

18  missing medical expenses.  We don't believe that those are core

19  deficiencies but we do believe that over the next month we may

20  be able to work this one out as we have been able to in the

21  past.

22         JUDGE KUGLER:  Yes, you have had a pretty good record

23  of working them out.  So let's just put that on an order to

24  show cause and in 30 days from now you can update me on that

25  one.  Okay?

```
 1              MR. NIGH:  Okay.  Thank you, Your Honor.

 2              JUDGE KUGLER:  Then you have 22 you want to re-list,

 3   correct?

 4              MR. HARKINS:  That's correct, Your Honor.  No updates

 5   on that table of cases and we will just re-list them for the

 6   next case management conference subject to modifications as we

 7   work with plaintiffs' counsel.

 8              JUDGE KUGLER:  Let's go through them.

 9              Number 1, Benita King, K-I-N-G, anybody want to speak

10   on behalf of that?

11              (No response).

12              JUDGE KUGLER:  Estate of Charles Bernhardt,

13   B-E-R-N-H-A-R-D-T, anybody on behalf of the Estate of Charles

14   Bernhardt?

15              MR. RESNICK:  Your Honor, this is Steven Resnick again

16   from Parafinczuk Wolf.

17              We are still making every effort we can to contact the

18   family.  We are hopeful we can do that in the next 30 days or

19   so.  So we are still working on that one, Judge.

20              JUDGE KUGLER:  Well, you have a couple of months

21   before you are going to be dismissed so keep working on them.

22              MR. RESNICK:  Okay.

23              JUDGE KUGLER:  Francesco Poma, P-O-M-A, on behalf of

24   Estate of Giuseppa Poma, anybody?

25              (No response).
```

1          JUDGE KUGLER:  All right.  Henry Parker, Jr.?

2          (No response).

3          JUDGE KUGLER:  Carrie Collins?

4          (No response).

5          JUDGE KUGLER:  Maritza Hernandez, Number 6?

6          (No response).

7          JUDGE KUGLER:  Number 7, Jacqueline Wallaert,

8    W-A-L-L-A-E-R-T?

9          (No response).

10         JUDGE KUGLER:  Robert Lewis?

11         (No response).

12         JUDGE KUGLER:  Robert Bailey?

13         (No response).

14         JUDGE KUGLER:  Thomas Amoia, A-M-O-I-A?

15         (No response).

16         JUDGE KUGLER:  Robert Parker?

17         (No response).

18         JUDGE KUGLER:  Estate of Clifford Conley?

19         (No response).

20         JUDGE KUGLER:  Gracie Ellis?

21         (No response).

22         JUDGE KUGLER:  Willie Quarles, Q-U-A-R-L-E-S?

23         (No response).

24         JUDGE KUGLER:  Mona Clark?

25         (No response).

1           JUDGE KUGLER:  Brian Thompson?

2           (No response).

3           JUDGE KUGLER:  Renae Bishop?

4           (No response).

5           JUDGE KUGLER:  Candace King-Branch?

6           (No response).

7           JUDGE KUGLER:  Vincent Shannon?

8           (No response).

9           JUDGE KUGLER:  Larry Bass?

10          (No response).

11          JUDGE KUGLER:  Bobby Yount, Y-O-U-N-T?

12          (No response).

13          JUDGE KUGLER:  Rose McCarty?

14          (No response).

15          JUDGE KUGLER:  They will be listed again next month.

16          All right.  The plaintiffs have -- well, both sides

17   have addressed this motion to seal.  Apparently, you are still

18   working on that and you are working that out.  Is that correct?

19          MS. HILTON:  Your Honor, Layne Hilton on behalf of the

20   plaintiffs.

21          Yes, we are still working it out.  The volume of

22   documents associated with the class certification briefing and

23   all of the *Daubert* motions for those experts was quite

24   voluminous.  So I think we are hopeful that when we do present

25   something to the Court it is going to be a very sort of more

1  narrowed pared-down list of only the true items in dispute

2  between the parties.

3          JUDGE KUGLER:  Great.  Maybe we will talk about it

4  next time if we have to or maybe you will have it all resolved

5  next time and we will go from there.

6          The plaintiff is also proposing to extend some

7  discovery liability expert report deadlines.  Does the

8  defendant have any position on this?

9          MR. OSTFELD:  Yes, Your Honor.  Greg Ostfeld speaking

10 for the defendants on this from the Greenberg Traurig Law Firm.

11         Your Honor, we are agreeable to modifying the CMO 28

12 schedule.  There is a question of the appropriate modifications

13 and that's linked to the question of what the case-specific TPP

14 trial is going to be.  The schedule is obviously to take

15 discovery in connection with the TPP trial.  So depending on

16 how Your Honor resolves those questions today, we're agreeable,

17 at a minimum, to the proposal that plaintiffs have made.  We've

18 indicated that we are entitled to case-specific fact discovery

19 in the TPP trial, which has not occurred yet under the

20 schedule, and we had proposed a fact discovery schedule that

21 essentially would take us through mid-November, followed by

22 plaintiffs' case-specific expert reports starting at the

23 beginning of December, and corresponding extensions which would

24 conclude with dispositive motion reply briefs on April 21.  So

25 essentially about 30 days beyond plaintiffs' proposed

1    extensions is what we had proposed, depending on how Your Honor

2    decides our entitlement to case-specific fact discovery on the

3    TPP trial.

4            JUDGE KUGLER:  Well, pardon me but are we talking

5    about the same thing?  Are you suggesting -- let me back up.

6    I'll ask the question.

7            What deadlines exactly are you suggesting be extended

8    then?

9            MR. OSTFELD:  Your Honor, the -- well, we would

10   propose all of the existing expert and dispositive motion

11   deadlines, we would propose extending plaintiffs' case-specific

12   expert reports from the current deadline to December 1st, and

13   then corresponding extensions of all of the deadlines

14   essentially corresponding to the same time periods.  And we

15   propose inserting case-specific fact discovery deadlines

16   beginning with an August 31 deadline for the TPP plaintiff, the

17   case-specific plaintiff, to provide 26(a)(1) disclosures, and

18   for defendants to serve case-specific Rule 34 requests;

19   responses by September 30th; an October 7th deadline to meet

20   and confer on the 30(b)(6) and/or fact depositions of the TPP

21   plaintiff; October 14th to identify deposition dates for the

22   additional fact witness depositions; and November 14th to

23   complete the additional depositions.

24           JUDGE KUGLER:  Who's speaking on behalf of the

25   plaintiff?  Mr. Slater?

1     MR. SLATER:  Yes, Your Honor, I can address that.

2     We've obviously submitted to Your Honor what we have

3 been requesting, which was an extension I think to October 31st

4 for our reports and then corresponding extensions for the

5 defense.  The question of discovery is something that we have

6 some concerns about, and I think depending on what Your Honor

7 rules, we can focus those concerns in terms of who the lead TPP

8 is going to be and to what extent discovery has already taken

9 place.

10     As we communicated to the defense, we believe that the

11 discovery of the TPPs who have been identified as proposed

12 class representatives has been extensive and has been available

13 on all issues; however, what we have told the defense is if

14 there is any particular item or area of discovery that they

15 believe is new and vital, I think that was the language we

16 used, we certainly would listen to them because we are not

17 looking to be unreasonable for something that's very important

18 that was overlooked.  So, we don't agree to that.  We're

19 willing to talk to the defendants once we understand the

20 pathway forward from Your Honor to try to avoid as many

21 disputes as possible within reason.

22     JUDGE KUGLER:  All right.  Well --

23     MR. SLATER:  We are concerned about the length of the

24 extensions as well at the front end; but, again, we are guided

25 by Your Honor's thoughts on that.  And, you know, we certainly,

1     again, are willing to work with the Court and with the

2     defendants, having, of course, given the caveat that we don't

3     really believe at the starting point that there is a need for

4     further discovery but we will talk.

5              JUDGE KUGLER:  I think I can see theoretically there

6     might be some discovery needed, but the list of things that

7     were put in defense counsel's letter frankly I don't follow the

8     logic of some of that stuff.  But let's not put the cart before

9     the horse.

10             As to extending any deadlines, I am reluctant to do

11    that.  But tomorrow you will start your mediation process.  If

12    the mediators tell me it would be helpful to that process to

13    postpone any deadline, I will certainly consider that.  I want

14    to hear back from them as to whether or not this is something

15    that they think is a good idea because it will help that

16    process.  Because if that process seems to be working, then it

17    solves a lot of problems.  We can be very flexible with some of

18    these dates.

19             So let's give us a few days and see where that's

20    heading and then I will let you know on that.

21             Now, I hate to tell you, I remain surprised that

22    you're unable to come to an agreement as to a specific case to

23    try.  But be that as it may, having read both sides, I do have

24    some observations.

25             First off, the trial will not start until I've decided

1  the class cert motions, period.

2        The proposal about sequencing other trials after that

3  trial I think is premature, we don't need to get into that.

4        The trial that we are going to do, I think the

5  plaintiff is correct, and I believe they indicate that the

6  defendant has sort of bought into this too, it ought to involve

7  ZHP and then the finished dose manufacturers.  I don't think we

8  should split the clients.  I think the plaintiffs should go

9  forward with all claims it ever wants to assert against those

10 people in the case.  You know, plaintiffs may decide that they

11 don't think they need to assert some of those claims, that's up

12 to them.  We are going to try them all; we are not going to

13 split that one up.

14       And as to what effect a verdict in that trial would

15 have on future cases, future parties, and things like that,

16 again, I think it's premature to talk about that.  And I think

17 there's a danger of an advisory opinion if I have to decide

18 before that what kind of preclusive or other effects a verdict

19 would have on the case.

20       Those are my feelings about those general topics.

21       Now, as to what trial this is going to be, who's going

22 to be the plaintiff, my suggestion is that now that you know

23 what I think of all these other issues, if we don't have -- if

24 you don't have a decision, if you don't have an agreement by

25 the next conference as to who it's going to be, the exact case

1   it's going to be, we will sit down -- because the next

2   conference will therefore be in person here in Camden -- we

3   will sit down with a list of all the available cases and

4   proposals, and I will make a decision that day as to what case

5   is going to go forward.  But I think you all understand that we

6   are not going to try that case until next year for a lot of

7   reasons we've talked about in the past.  So that's where I am

8   with that.

9          And once we identify the specific case that we are

10  going to kick this thing off with, then we can tackle these

11  issues about specific discovery as to that specific plaintiff.

12  It may well be, as I said, that the defendants do have a need

13  for some more specific discovery as to that specific case, but

14  we can deal with that a lot more rationally.  And I think Mr.

15  Slater recognizes that they may have to provide further

16  discovery as to a specific plaintiff.

17          Anyway, that's where I am with this.

18          Any questions?

19          MR. OSTFELD:  Your Honor, this is Greg Ostfeld on

20  behalf of the defendants.  I certainly understand Your Honor's

21  point that there will be a ruling on class certification before

22  the trial takes place.  I think one of the major sticking

23  points between the parties is the implications of that for this

24  trial.  We have understood Your Honor's statements from the

25  prior two case management conferences to be that you want us to

1    set up an individual trial with a single TPP plaintiff and that

2    our discussions have been directed towards that goal, and our

3    view has been regardless of what happens with the class

4    certification ruling, what we are looking at for the trial is

5    an individual trial with a single TPP plaintiff.  We are fine

6    if that is one of the assignors of MSPRC.  Our position is

7    simply that that particular assignor should step back as a

8    class representative or a member of the class and should be a

9    single plaintiff, or the plaintiffs could select one of the

10   other individual TPPs that has not proposed to be a class

11   representative, Humana or Steamfitters Local.  But it obviously

12   makes a big difference in terms of, for our preparation

13   purposes, knowing whether we are preparing for a class trial or

14   a single plaintiff trial.

15          It also affects discovery.  At this point we have only

16   had fact sheets and 30(b)(6) depositions.  To prepare for a

17   trial, we need a lot more than that.  We are going to need

18   something along the lines of what plaintiffs have had where

19   they have been able to take the merits witnesses if they want

20   from each corporate defendant.  We are going to need something

21   similar for whichever TPP plaintiff it is.

22          So understanding if this is what Your Honor has said,

23   it would be a single plaintiff, single TPP trial, regardless of

24   what happens with the class cert ruling, would I think be

25   helpful in guiding our discussions to get this proposal

 1   finalized for the Court.

 2          JUDGE KUGLER:  It will be a single plaintiff.  The

 3   problem is, of course, as has been noted by counsel, is the

 4   one-way intervention problem and now the class representative

 5   problem.  So it's going to be a one-plaintiff trial, not a

 6   class trial that we do.  Okay?

 7          MR. OSTFELD:  Thank you, Your Honor.  That's helpful.

 8          MS. BROWN:  Your Honor, this is Alli Brown for ZHP.  I

 9   noted in Mr. Slater's letter to the Court that he indicated

10   that the focus of this trial would be on ZHP's conduct as the

11   API manufacturer.  And on behalf of the API, I wanted to raise

12   with you, Judge, whether, in light of those comments, it makes

13   sense to make --

14          (Clarification requested by the court reporter.)

15          JUDGE KUGLER:  I can't understand what you're saying.

16   I'm sorry.

17          MS. BROWN:  My apologies.  Is this better?  Can you

18   hear me?

19          JUDGE KUGLER:  I don't know.  It seems to be a little

20   bit better.

21          MS. BROWN:  My apologies, Your Honor.

22          Following up -- and please stop me if you can't hear

23   me -- following up on Mr. Slater's letter regarding that the

24   focus of this trial should be ZHP's conduct as the API

25   manufacturer, I wanted to raise with the Court the possibility

1    of proceeding not just with one plaintiff but also with one

2    defendant and having this be, you know, in light of Mr.

3    Slater's comments, a trial just against ZHP in terms of

4    efficiency and in terms of, you know, making the discovery

5    process and trial more efficient.

6         JUDGE KUGLER:  Why do you say subtracting the other

7    defendants, the finished dose people, why do you say that makes

8    it a more efficient trial?

9         MS. BROWN:  Well, Your Honor, just from our client's

10   point of view, and I am only picking up in one line in Mr.

11   Slater's letter, and I don't purport to speak on behalf of the

12   other defendants, but from our client's point of view, if the

13   intent of this trial is going to be ZHP's conduct as the API

14   manufacturer, then in terms of the number of jury days we need,

15   the amount of evidence, the number of witnesses that come in,

16   it seems to me it would be far more efficient for the Court and

17   for the jury to have just ZHP there if the focus of the trial

18   is going to be ZHP anyway.  Again, I haven't discussed this

19   with others; I am just picking up on what I saw in Mr. Slater's

20   letter.

21        JUDGE KUGLER:  Well, I am not worried about the number

22   of days of trial, the number of witnesses, the number of

23   exhibits.  I think you all understand now the state of federal

24   litigation is these long, complex cases.  It's not just in the

25   civil side but the criminal side.  We are trying all kinds of

1    cases that go on for many months with thousands of exhibits and

2    dozens and dozens, if not a hundred, witnesses.  So I am not

3    really concerned about that.  I haven't had any trouble finding

4    jurors who are willing to sit through these trials and make

5    very rational decisions.  So I am not concerned about that.  So

6    I think we will continue as I indicated with the finished dose

7    people too, along with ZHP.  Okay?

8            MS. BROWN:  Understood, Your Honor.

9            JUDGE KUGLER:  Okay.  Anything else?

10           MR. SLATER:  Your Honor, it's Adam Slater.  If I could

11   just ask one question for clarification.

12           Your Honor had indicated that -- we want to make sure

13   that when we meet and confer with the defense we do get on the

14   same page.  Your Honor has earlier indicated that you want the

15   trial to follow your class certification decisions, however

16   they may go, and I may have mis- -- and Your Honor recognized

17   the one-way intervention problem with trying a pre-class

18   certification trial.  I just was unsure about when you said

19   what you said earlier about it would be one plaintiff and not a

20   class trial, I wasn't sure if you meant the entire class as

21   opposed to a small part of it for the plaintiffs so that the

22   plaintiff would still be able to maintain his viability as a

23   class rep because he would be acting as a class rep, because

24   this has obviously been the big sticking point between us and

25   the defense in terms of how this is structured.  So I just want

1   to make sure that I am not being thick in not understanding and

2   making sure that we all are clear because, again, we don't want

3   to have any misunderstanding.

4          JUDGE KUGLER:  No, you are not being thick.  I

5   understand the difficulties here.  My preference has always

6   been to have a single plaintiff.  Now, whether that plaintiff

7   is a class rep or not I don't have any control over.  I will

8   have to let those chips fall where they may.  But I am looking

9   for a single plaintiff.

10         MR. SLATER:  Got it.  So would it be fair for me to

11  interpret that as, let's figure out who that plaintiff is going

12  to be and if class certification is granted and that person is

13  approved as a class rep, then the case can proceed as, in

14  Your Honor's discretion in terms of management, as part of a

15  subset of a class and if we don't prevail on the class cert,

16  then, obviously, we don't have an issue.  Is that a fair

17  understanding?

18         JUDGE KUGLER:  I think that works, yes.

19         MR. OSTFELD:  Your Honor, this is Greg Ostfeld.

20         I guess now I'm the one who's being thick because I

21  thought Your Honor had just said the opposite of that, that

22  this case would not be going forward in the class trial.  So

23  our view was if plaintiffs are going to be -- whichever

24  assignor of MSPRC plaintiffs select as the plaintiff for this

25  single plaintiff, non-class trial was going to be stepping back

1    from the proposed role as a class representative, which would

2    leave two other assignors of MSPRC that could serve as class

3    representatives in a future proceeding, but for this proceeding

4    we would have one assignor of MSP that would be stepping back

5    as a class rep that would be going in as a single plaintiff for

6    a non-class trial.

7           So I apologize that we have to keep belaboring this

8    but I think Mr. Slater and I are suffering similar confusion in

9    opposite directions.

10          JUDGE KUGLER:  Well, I didn't understand Mr. Slater

11   was proposing a class trial, to be honest with you.  Maybe I

12   misunderstood.  I know it's going to be a single plaintiff.

13   Plaintiff may or may not be a class representative, I don't

14   know.  I am not making the selection.

15          MR. SLATER:  I understand.  What I was proposing, to

16   be clear, was that if we prevail on class certification, then

17   our proposal would be to go forward with one or more of the

18   assignors based on the decision that we make in our meet and

19   confer; and if we can't, obviously, Your Honor will decide this

20   one.  But if we were to prevail on class certification, our

21   number one choice would be to have one of our class

22   representatives proceed on behalf of some -- I would think

23   based on Your Honor's earlier guidance about wanting to try to

24   make this as narrow as possible, limit the stakes, to don't

25   have that plaintiff go forward as a class representative on

 1   part of a defined sub-class or part thereof for purposes of

 2   trial so that there would be the class -- so we would not have

 3   a one-way intervention issue, in essence, so that whatever

 4   findings and whatever flows from that we would not have to be

 5   concerned about that being applicable to other parts of the

 6   class.

 7           JUDGE KUGLER:  All right.  I understand.

 8           No.  It's going to be one plaintiff.

 9           Now, when these class cert motions are decided, if you

10   want to raise the issue that you have a class rep plaintiff and

11   some kind of very limited sub, sub, sub-class, you know, you

12   can propose that to the defendants and then we will see what

13   happens; but at this point we are just going to have one

14   plaintiff.  Okay?

15           MR. SLATER:  Understood.  That's very helpful,

16   Your Honor, because we did need to understand here from you how

17   granule we would get on the management, your willingness to cut

18   it down to a smaller size for manageability issues -- not

19   manageability issues, but just for the efficiency Your Honor

20   has talked about from conference to conference.  So that helps

21   us to be able to understand the different scenarios that may

22   unfold in talking to the defense with that in mind.

23           JUDGE KUGLER:  Okay.

24           MR. SLATER:  One other thing, just to not carry the

25   call too long, and I understand and appreciate that you are

```
 1   going to speak with the Special Masters with regard to the
 2   expert extension.  I would just want to tell Your Honor that we
 3   have a lot of difficulty meeting that deadline in part just
 4   because one of our experts was just in the hospital for a while
 5   and things like that that I don't want to bore the Court with,
 6   but we would appreciate some extension.  So if there is any
 7   issue with that, we are willing to, obviously, provide the
 8   Court more information if needed.
 9           JUDGE KUGLER:  Well, certainly if you have some kind
10   of medical reason that would prevent you from getting a certain
11   expert or experts to get their report done on time, I am very
12   receptive to that.  Let's see how it goes tomorrow and I will
13   be waiting to hear from the mediators as to whether or not it
14   makes sense to extend everything and we will go from there.
15   Okay?
16           MR. SLATER:  Thank you very much, Your Honor.
17           JUDGE KUGLER:  Good luck tomorrow.  I hope you make
18   progress.  I can't emphasize enough my strong belief that the
19   case ought to be resolved.  You all know it's just impossible
20   to try all these cases.  Anyway, I have spoken about that a
21   sufficient number of times and this is a good time I think.  I
22   think both sides have a pretty good understanding of their
23   strengths and weaknesses at this time.  I don't think, even if
24   we do extend discovery, I don't think it's going to change the
25   evaluations of where you are with regards to your clients.  So
```

1    let's get it done and we will see you in a month.  Okay?

2           MR. REEFER:  Sorry, Judge, this is Jason Reefer on

3    behalf of Mylan Pharmaceuticals.

4           Before we hang up, I just wanted to clarify one point.

5    I understand the Court has taken under advisement the parties'

6    request to extend certain deadlines and the Court will be

7    evaluating that request in the coming days.

8           I just wanted to clarify that the deadlines that are

9    established and that will be established will relate to the

10   claims and parties at issue in the first trial such that to the

11   extent subsequent trials are to occur, you know, subsequent

12   case management deadlines will be established for those claims

13   and those parties.

14          JUDGE KUGLER:  I have never forced a lawyer to go to

15   trial when they don't have the discovery they need in a case.

16   I think we have been very receptive to all sides in this case

17   to meet the needs of you and your clients to prepare these

18   cases for trial, and I think that will continue.  So let's see

19   how it goes.  All right?

20          All right, everybody, thank you very much.

21          MR. SLATER:  Thank you, Your Honor.

22          (The proceedings concluded at 3:37 p.m.)

23          - - - - - - - - - - - - - - - - -

24

25

1          I certify that the foregoing is a correct transcript

2    from the record of proceedings in the above-entitled matter.

3    */S/ Camille Pedano, CCR, RMR, CRR, CRC, RPR*
     *Court Reporter/Transcriber*

4

5    *August 26, 2022*
          *Date*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25