

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA 15219
412.263.2000    FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.: 412.263.1816
DIRECT FAX NO: 412.263.4246
FILE NO.: MYLAN-112578
EMAIL:  cct@pietragallo.com

September 23, 2022

**Via ECF**

| | |
|---|---|
| The Hon. Robert B. Kugler | Special Master the Hon. Thomas Vanaskie |
| United States District Judge | Stevens & Lee |
| USDC, District of New Jersey | 1500 Market Street, East Tower, 18th Floor |
| Mitchell H. Cohen Building & U.S. Courthouse | Philadelphia, PA 19103 |
| 4th & Cooper Streets, Room 1050 | |
| Camden, NJ 08101 | |

    Re:   *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
            USDC, District of New Jersey, No. 1:19-md-2875-RBK-KMW

Dear Judge Kugler:

I write on behalf of the Defendants' Executive Committee and the Joint Defense Group to confirm the scope and applicability of CMO 29 (ECF No. 2154). Pursuant to the Court's recent guidance, and in the interest of clarity, Defendants understand that the deadlines in CMO 29 apply ***only*** to the parties and claims involved in the initial trial. As established at the August 24, 2022 case management conference, those parties will be Plaintiff MSP Recovery Claims, Series, LLC's ("MSPRC") on behalf of one or more of its assignors, and Defendants ZHP, Teva, and Torrent.[1] Accordingly, the deadlines in CMO 29 have no applicability to the other Manufacturer Defendants—Mylan, Hetero Labs, and Aurobindo—nor do they apply to any of the downstream Wholesalers, Repackagers, Relabelers, Pharmacies, and other entities who are not parties to the

---

[1] During a meet-and-confer conference on September 12, 2022, Plaintiffs' counsel declined to identify which of MSPRC's assignors' claims would be tried in the first trial, leaving ambiguity as to which claims and which state's laws will even apply to the *initial* TPP trial.

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 23, 2022
Page 2

initial trial. Likewise, Defendants understand the CMO 29 deadlines do not apply to any of the thousands of named Plaintiffs in the MDL proceedings other than MSPRC.

Plaintiffs, however, have taken the position that the deadlines in CMO 29 apply to ***all*** of the Manufacturer Defendants, although they agree that the other uninvolved Defendants are not subject to CMO 29. Plaintiffs nonetheless have not identified a case or cases to which they believe the deadlines are tied. Time is of the essence in light of the rapidly approaching deadlines for expert disclosures, therefore Defendants do not believe that resolution of this issue can wait until October 6 case management conference. So as to avoid confusion and to conserve the resources of all parties, Defendants respectfully request that the Court confirm that the scope of CMO 29 is limited to the parties and claims involved in the initial trial.

CMO 29 is the byproduct of a months-long process that began when Plaintiffs requested a schedule for so-called "liability" expert disclosures and dispositive motions. At the June 1, 2022 case management conference, Plaintiffs urged the Court to schedule expert discovery and Rule 56 motions as to all Defendants, and applicable to all cases in the MDL, on so-called "liability" issues. Plaintiffs sought for these disclosures and motions to apply in the aggregate across all cases in the MDL, and prior to a ruling on class certification. This approach plainly runs afoul of due process and the Rules of Civil Procedure. *See, e.g., Kohn v. American Housing Found., Inc.*, 178 F.R.D. 536, 542 (D. Colo. 1998) (observing "plaintiffs' attempt to isolate the issue of potential liability-creating conduct from the issues of causation and damages may be a good tactic for plaintiffs, but I question whether it is conducive of a reasoned and fair process to determine whether defendants are liable to class members"); *Ballew v. Matrixx Initiatives, Inc.*, No. 07-cv-267, 2008 WL 4831481, at *3 (E.D. Wash. Oct. 31, 2018) ("The [c]ourt should not certify a class based on this

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 23, 2022
Page 3

broad, abstract question . . . Answering this question resolves no class member's claims and only invites the difficult question of how to proceed once the question is answered.").

Accordingly, the Court flatly rejected Plaintiffs' proposal to tee up "liability" issues in a vacuum, untethered from particular cases and controversies, and instead instructed Plaintiffs to identify a single-Plaintiff third-party-payor ("TPP") case to work up for trial. (June 1, 2022 CMC Tr. 26:19-22 [directing Plaintiffs to focus on an individual TPP case, stating "[t]here's enough individual plaintiffs that can bring that kind of a motion as they have to counter the lawsuit in their own name as seeking a summary judgment, which is what I contemplate the plaintiffs are going to do anyway"]; *id.* at 27:19-22 ["Well, clearly the plaintiffs in their motions for summary judgment are going to have to identify the exact claim they're seeking judgment on and the statutes in that particular jurisdiction that are implicated."]; *id.* at 28:4-13 ["MS. BROWN: Well, that would be our hope, Judge, that we could get to a place where the schedule contemplates a plaintiff and a state law and so we all know sort of what we're working with in -- we're making motions in the confines of a case, in the confines of a particular state's law and in the confines of a complete, you know, cause of action or a complete liability claim, not, you know, a liability in the abstract. THE COURT: Well, I think that's what's going to happen. And obviously, if it doesn't, you know, we'll fix it."].)

Despite this, Plaintiffs ignored the Court's guidance and reverted to a version of their original proposal at the July 28, 2022 case management conference. (July 28, 2022 CMC Tr. 11:1-15:17.) Specifically, Plaintiffs argued once more that the Court should permit Plaintiffs to serve expert reports and file dispositive motions against Defendants that would be completely untethered from a specific case or the laws of a specific state, focusing instead on state law groupings relative

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 23, 2022
Page 4

to the putative consumer class action cases. Defendants opposed this plan because, among other defects, moving forward with dispositive motions and trial on the putative class actions prior to a decision on class certification violates the rule against one-way intervention. *See In re Citizens Bank*, 15 F.4th 607, 618-19 (3d Cir. 2021) ("We have consistently spurned a forced trial-before-certification procedure[.] * * * [N]o Court of Appeal has approved foisting trial- before-certification on an unwilling Rule 23(b)(3) defendant.") (emphasis in original); *Koehler v. USAA Cas. Ins. Co.*, No. 19-cv-715, 2019 U.S. Dist. LEXIS 158154, at *12 (E.D. Pa. Sep. 16, 2019) (denying plaintiff's pre-certification motion for partial summary judgment, stating that "Rule 23 'still disfavor[s] one-way intervention' and counsels against a court 'rul[ing] on motions that encroach on the merits of a final decision before class certification'"); *Knepper v. Rite Aid Corp.*, 674 F.3d 349, 255 & n.10 (3d Cir. 2012) (discussing abolition of one-way intervention by 1966 amendments to Rule 23).

The Court again rejected Plaintiffs' proposal and directed Plaintiffs to identify a TPP case involving a single Plaintiff to work up for trial, which would tie expert reports and dispositive motions to a specific case and specific state laws. (July 28, 2022 CMC Tr. 27:11 ["I still believe we're going to go through with the TPP individual trial first. That will be the first trial."]; *id.* at 20:13-17 ["[T]he best way to proceed to the first trial is a single TPP plaintiff, which implicates, you know, only maybe a few states' laws and things of that nature."].)

At the August 24, 2022 case management conference, the parties reported they had reached an agreement that the first trial should involve Plaintiff MSPRC and Defendants ZHP, Teva, and Torrent. Further, the parties agreed that additional discovery for trial would be limited to one or more of MSPRC's assignors to be identified by Plaintiffs prior to the next case management

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 23, 2022
Page 5

conference. Notably, Plaintiffs also asked the Court to enter a case management order that would provide for successive trials, following the first trial, involving Manufacturer Defendants Mylan, Hetero Labs, and Aurobindo.[2] The Court rejected this, stating that "[t]he proposal about *sequencing other trials after that trial I think is premature, we don't need to get into that*. The trial that we are going to do, I think the plaintiff is correct, and I believe they indicate that the defendant has sort of bought into this too, it ought to involve ZHP and then the finished dose manufacturers." (August 24, 2022 CMC Tr. 16:2-7. [emphasis added].)

Notwithstanding the foregoing, Plaintiffs now attempt, yet again, to expand the scope of the applicable case management order in an effort to litigate "liability" issues against the Manufacturer Defendants untethered from a particular case and the law of a specific state. During a meet and confer on Monday, September 12, 2022, Plaintiffs indicated that they interpret CMO 29 to apply to *__all__* of the Manufacturer Defendants, not limited to the Defendants involved in the first trial. Counsel for Defendants asked Plaintiffs to explain their position in light of the Court's prior statements expressly connecting CMO 29 to the first trial, but Plaintiffs declined to do so. Instead, Plaintiffs asserted that they are not willing to "litigate" the issue through the meet-and-confer process.

In addition to contradicting the Court's prior case management rulings, Plaintiffs' position also defies common sense. The Court has set a trial between MSPRC and ZHP, Teva, and Torrent. Logically, it follows that the case management activity and deadlines in CMO 29 apply to that trial, and that trial only. No other trial, and no other parties to a subsequent trial, have yet been

---

[2] To date, no Defendant in the MDL has waived *Lexecon* rights for purposes of trial, nor has any Defendant otherwise consented to the jurisdiction of the District of New Jersey for purposes of dispositive motions or trial. Defendants expressly reserve all such rights.

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 23, 2022
Page 6

determined. As such, Defendants are left guessing what claims might be at issue, which state's laws would govern this hypothetical proceeding, or where it would be venued. Defendants cannot respond to "liability" expert reports and prepare and respond to dispositive motions in a vacuum.

Further, given the time constraints built into CMO 29, it would not be possible to complete fact and expert discovery applicable to all cases in the MDL, in the manner that Plaintiffs suggest. Per CMO 29, Plaintiffs' expert reports are due on or before October 31, 2022. To the extent all Manufacturer Defendants are required to respond to those reports, despite not being involved in the first trial, significant work must begin immediately given the rapid turnaround for rebuttal reports, expert depositions, dispositive motions, and related discovery.

The absurdity of requiring Manufacturer Defendants who are uninvolved in the first trial to undertake this work is further highlighted by the fact that Plaintiffs do not believe that CMO 29 governs expert reports or dispositive motions related to "liability" issues that Plaintiffs do not deem favorable. For example, Plaintiffs do not intend to address issues related to specific causation with respect to any of the thousands of personal injury Plaintiffs who are involved in the MDL pursuant to CMO 29. Likewise, Plaintiffs have no desire to litigate "liability" issues related to the named consumer, TPP, and medical monitoring Plaintiffs who are not party to the first trial. Yet Plaintiffs would force Defendants to broadly address "liability" issues untethered to a specific case. Plaintiffs should not be permitted to weaponize CMO 29 in this manner. Thus, to the extent CMO 29 applies to all of the Manufacturer Defendants as to all cases, as Plaintiffs incorrectly suggest, then the same should be true with regard to all named Plaintiffs. In that event, as the Court reaffirmed at the last conference, no party will be forced to go to trial without necessary discovery. (*Id.* at 26:14-19.). To that end, Defendants would need significant additional time to develop necessary

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 23, 2022
Page 7

discovery in potentially thousands of cases before they would be in a position to submit expert reports and file dispositive motions related to those cases. Plaintiffs would also be required to serve merits expert reports in each and every one of these cases, including specific causation reports. To the extent Plaintiffs fail to do so, Defendants would then file Rule 56 motions asserting that Plaintiffs cannot reach a jury on liability issues due to lack of expert testimony.

To be sure, Defendants do not believe that this was the Court's intent when it entered CMO 29, nor do Defendants believe that it would be logical or appropriate to handle outstanding fact discovery, expert discovery, and dispositive motions in such a disorganized fashion. Requiring all dispositive motions by and against all parties in all cases on all issues at once would certainly impede rather than advance the ultimate termination of the lawsuit. The Court would thus be compelled to turn its attention to the resolution of an untold number of dispositive motions resting on factual issues, state law, and parties who are not even at issue in the first trial set case. The sequencing of dispositive motions should naturally flow from the sequencing of any trials, for the sake of both the Court's resources and the those of the parties. But fairness dictates that if Defendants are forced to address Plaintiffs' claims across all cases under CMO 29, then Plaintiffs must be made to do the same.

As the Court has already determined, all of this work is premature, potentially unnecessary, and will detract focus from the initial trial. That is to say nothing of the serious due process concerns that would result from allowing Plaintiffs to litigate liability issues against Defendants in a vacuum. Accordingly, Defendants respectfully request that the Court, one more time, clarify that the deadlines in CMO 29 apply only to Plaintiff MSPRC, and Defendants ZHP, Teva, and Torrent and only to the claims and causes of action to be at issue in the first trial.

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 23, 2022
Page 8

                                              Respectfully submitted,

                                              Clem C. Trischler

c:       All counsel of record (via ECF)