# EXHIBIT A



September 1, 2022

**VIA E-MAIL ONLY TO** valpec@kirtlandpackard.com

| | |
|---|---|
| Ruben Honik<br>Honik Law<br>1021 Kitchens Lane<br>Philadelphia, PA, 19119<br>ruben@honiklaw.com | Daniel Nigh<br>Levin Papantonio Thomas Mitchell Rafferty<br>& Proctor, P.A.<br>316 S. Baylen<br>Suite 600<br>Pensacola, FL 32502<br>dnigh@levinlaw.com |
| Adam Slater<br>Mazie Slater Katz & Freeman, LLC<br>103 Eisenhower Parkway<br>Suite 207<br>Roseland, NJ 07068<br>aslater@mazieslater.com | Conlee Whiteley<br>David J. Stanoch<br>Kanner & Whiteley, LLC<br>701 Camp Street<br>New Orleans, LA 70130<br>c.whiteley@kanner-law.com<br>d.stanoch@kanner-law.com |

> Re: *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation.*, U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-RBK-JS

Dear Counsel:

On behalf of the Joint Defense Group and the Defendants' Executive Committee, we write to follow up on the case management conference held before Judge Kugler on August 24, 2022. Judge Kugler provided additional clarification regarding the parameters of the anticipated third-party payor ("TPP") trial, and encouraged the parties to meet-and-confer further to attempt to arrive at a final proposal. He further encouraged the parties to discuss the additional discovery sought by Defendants to prepare the TPP case for trial. Given the current deadlines imposed by the Court, it is critical that the parties finalize the parties to the trial and initiate discovery without further delay. To that end, this letter sets forth Defendants' proposal for the TPP trial and for discovery in connection with the trial.

In accordance with Judge Kugler's guidance, Defendants propose a single-plaintiff, non-class TPP trial comprised of MSPRC as assignee of the claims of one at-issue MAO assignor as plaintiff (the "TPP Plaintiff"); and the ZHP, Teva, and Torrent entities as defendants (the "TPP Defendants"). We request Plaintiffs' position on which of the three at-issue MAO assignors is the appropriate assignor for the claims of the TPP Plaintiff. As Judge Kugler indicated, the TPP Plaintiff should assert all of its claims against the TPP Defendants in one trial, and should voluntarily dismiss with prejudice any claims it elects not to pursue. Expert discovery and

Ruben Honik
Adam M. Slater
Daniel Nigh
Conlee Whiteley
David Stanoch
September 1, 2022
Page 2

dispositive motion practice for the TPP trial should proceed in accordance with CMO 28, as amended by the Court, and only the plaintiff and defendant entities participating in the TPP trial will be required to provide expert disclosures and/or file dispositive motions in accordance with CMO 28.

With respect to fact discovery, Judge Kugler indicated he foresaw there may be a need for additional fact discovery to prepare the case for trial, and Plaintiffs' counsel indicated that Plaintiffs would be prepared to meet and confer on tailored fact discovery directed to that end. With that goal in mind, Defendants intend to conduct fact discovery on the TPP Plaintiff on the following topics that have not yet been developed in the prior phases of discovery:

1. **TPP Plaintiff's Damages Calculation**: TPP Plaintiff shall provide a specific calculation of its damages, and the bases and supporting documentation for the calculation. TPP Defendants shall have the right to depose the fact or expert witness(es) responsible for the damages calculation.

2. **Subsidy, Reimbursement, and Rebate Data**: TPP Plaintiff shall produce in Excel format data reflecting all subsidies, reimbursements, and rebates received by TPP Plaintiff from Center for Medicare and Medicaid Services ("CMS"), including but not limited to all prescription drug event ("PDE") reports and all PDE payment records reflecting reimbursement requests and payments for valsartan drugs, during the time period for which TPP Plaintiff is seeking damages (the "Relevant Time Period").

3. **CMS Bids**: TPP Plaintiff shall produce all materials submitted in connection with its bid submissions to CMS as a sponsor for Medicare Part D prescription drug plans for each of the contract years that correspond with the Relevant Time Period.

4. **Internal Reporting**: TPP Plaintiff shall produce any internal reporting analyzing or reflecting projections and actual spend on Part D prescription drugs during the Relevant Time Period.

5. **Pharmacy & Therapeutic Committee**: TPP Plaintiff shall provide the names of its Pharmacy & Therapeutic ("P&T") Committee members (both voting and advisory members) during the Relevant Time period, and produce documents reflecting all recommendations made to the P&T Committee (whether from CMS, a pharmacy benefits manager ("PBM"), or internally) regarding formulary placement of valsartan drugs, and all minutes or decisions made by the P&T Committee regarding formulary placement of valsartan drugs, during the Relevant Time Period. TPP Defendants shall have the right to depose one or more members of the P&T Committee, with the specific member(s) to be agreed between the

Ruben Honik
Adam M. Slater
Daniel Nigh
Conlee Whiteley
David Stanoch
September 1, 2022
Page 3

      parties (or decided by the Court if agreement cannot be reached) following identification of the P&T Committee members.

6. **Post-Recall Utilization and Replacement Data**: TPP Plaintiff shall produce in Excel format data reflecting changes in utilization of valsartan drugs post-recall, as well as data reflecting replacement drugs utilized in place of recalled valsartan.

7. **Cost Components of Valsartan Drug Purchases**: TPP Plaintiff shall produce in Excel format data reflecting the cost components of all valsartan drug purchases for which TPP Plaintiff is seeking damages, including but not limited to patient pay amount, net check amount, final ingredient cost, dispensing fee, low-income subsidy amount, sales tax, and administrative fee.

8. **Diagnosis Codes**: TPP Plaintiff shall produce in Excel format data reflecting the diagnosis code(s), if any, associated with all valsartan drug purchases for which TPP Plaintiff is seeking damages.

9. **CMS and PBM Contracts**: TPP Plaintiff shall produce all contracts not previously produced between TPP Plaintiff and CMS, as well as all contracts between TPP Plaintiff and its PBM, for each of TPP Plaintiff's plans and each year during the Relevant Time Period.

10. **Formularies**: TPP Plaintiff shall produce all formularies not previously produced for all of TPP Plaintiff's plans and plan years during the Relevant Time Period.

Defendants propose the requested documents, data, and information be provided by TPP Plaintiff on or before September 30, 2022, together with dates of proposed deponents to address topics 1 and 5. Defendants also intend to conduct depositions of additional witnesses to be identified following an opportunity to review the data and documents produced. Defendants propose to complete all depositions by November 11, 2022.

Defendants would like to schedule a meet-and-confer call at your earliest availability to discuss this proposal and any counter-proposal by Plaintiffs. Please provide date(s) and time(s) in the next week that work for you.

                                                                   Very truly yours,

                                                                     Gregory E. Ostfeld

Ruben Honik
Adam M. Slater
Daniel Nigh
Conlee Whiteley
David Stanoch
September 1, 2022
Page 4

cc:     PEC (valpec@kirtlandpackard.com)
        DEC (decvalsartan@btlaw.com)
        Adam Slater, Esq. (via email, for distribution to Plaintiffs' Counsel)
        Jessica D. Miller, Esq. (via email, for distribution to Defendants' Counsel)