# EXHIBIT B



September 23, 2022

**VIA E-MAIL ONLY TO** valpec@kirtlandpackard.com

Ruben Honik
Honik Law
1021 Kitchens Lane
Philadelphia, PA, 19119
ruben@honiklaw.com

Adam Slater
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Suite 207
Roseland, NJ 07068
aslater@mazieslater.com

Andrés Rivero
RIVERO MESTRE LLP
2525 Ponce de Leon Blvd., Suite 1000
Miami, FL 33134
Tel: (305) 445-2500
ARivero@riveromestre.com

Daniel Nigh
Levin Papantonio Thomas Mitchell Rafferty
& Proctor, P.A.
316 S. Baylen
Suite 600
Pensacola, FL 32502
dnigh@levinlaw.com

Conlee Whiteley
David J. Stanoch
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130
c.whiteley@kanner-law.com
d.stanoch@kanner-law.com

> Re:   *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation,*
>       **U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-RBK-TIV**

Dear Counsel:

      We write to follow up on the parties' meet-and-confer conference on September 12, 2022, with respect to the additional discovery sought by Defendants to prepare for the initial third-party payor ("TPP") trial ("TPP Trial"). During our meet-and-confer conference, the PEC indicated that they intended to select either Emblem or Summacare or both as the assignor(s) whose claims MSPRC will try at the TPP Trial (the "TPP Plaintiff"). Plaintiffs further indicated they wish to discuss the selection with the Court at the next case management conference. Defendants will be prepared to discuss their position with respect to the assignor at that time.

      In our previous letter dated September 1, 2022, we identified a number of topics that had not been developed in the prior phases of discovery but that are relevant to the claims and defenses to be tried at the TPP Trial. During the September 12th meet-and-confer, we discussed each of those topics in the context of additional document productions and potential additional fact witnesses. We address each of those topics below.

Ruben Honik
Adam M. Slater
Daniel Nigh
Conlee Whiteley
David Stanoch
Andrés Rivero
September 23, 2022
Page 2

### Topic 1 (TPP Plaintiff's Damages Calculation)

You indicated that the TPP Plaintiff's damages calculation and supporting documentation will be produced in conjunction with Plaintiffs' expert disclosures pursuant to the applicable deadline set forth in CMO 28 as amended by CMO 29. Defendants anticipate deposing the TPP Plaintiff's damages expert and request that dates be provided when the expert is disclosed.

### Topic 2 (Subsidy, Reimbursement, and Rebate Data)

You indicated that Plaintiffs do not intend to produce documents relevant to this topic, claiming that only "aggregate" data is available. As I explained on the September 12th meet-and-confer, Defendants seek standard reports and data that are provided to, and available to, all Medicare Advantage Organizations through CMS. Further, even if it were true that only "aggregate" data or reports are available, it is Defendants' position that such information is nonetheless relevant to any calculation of damages for net costs incurred by the TPP Plaintiff in relation to Defendants' valsartan-containing drugs ("VCDs") and should be produced. Accordingly, Defendants anticipate taking this issue up with the Court at the next case management conference.

### Topic 3 (CMS Bids) and Topic 4 (Internal Reporting)

You indicated that Plaintiffs do not intend to produce documents relating to Topics 3 or 4 on the basis that Plaintiffs believe that information and data relating to the TPP Plaintiff's CMS bids and/or internal reporting regarding Part D prescription drug spend is not relevant and further, that it is proprietary information.

Defendants maintain that such documents reflect the TPP Plaintiff's expected versus actual prescription drug expenditures during the relevant time period under Medicare Part D, and are therefore relevant to the appropriate measure of damages for TPP Plaintiff's warranty claims. Additionally, Plaintiffs have already produced some documents relating to its CMS bid preparation as well as internal reports with analysis of other impacts to prescription drug spend. *See, e.g.*, MSP-EMBLEM-041677 (communications relating to preparation of CMS bid for 2018), MSP-EMBLEM-041689 (internal reporting and analysis of rebate impact). Lastly, that certain information may be "proprietary" is not a proper basis for withholding discovery under Rule 26(b)(1). The Confidentiality and Protective Order in this case permits proprietary information to be designated as confidential in order to prevent improper disclosure.

In light of Plaintiffs' objection to producing documents relevant to Topics 3 and 4, Defendants intend to raise the issue with the Court at the upcoming case management conference.

Ruben Honik
Adam M. Slater
Daniel Nigh
Conlee Whiteley
David Stanoch
Andrés Rivero
September 23, 2022
Page 3

### Topic 5 (Pharmacy & Therapeutic Committee)

You indicated that it was your understanding that MSP has or can obtain documents relevant to Topic 5. You also indicated that you believed that some of this information may have previously been produced.

Based on our review of the documents received either directly from MSP or the two potential TPP Plaintiffs, we have not been able to identify P&T Committee documents for either Emblem or Summacare that relate to the 2012-2018 benefit years. If your understanding is that such documents have in fact been produced, please identify those documents by Bates range and/or production date so that we can ensure that there is no misunderstanding as to what information has been produced and whether that is different from what is being requested. It is our understanding that MSP will produce responsive documents not previously produced.

I also indicated Defendants intend to depose representatives of the P&T Committees for Emblem and Summacare. Following receipt and an opportunity to review documents responsive to Topic 5, we request to meet-and-confer with Plaintiffs regarding the appropriate representatives and topics.

### Topic 6 (Post-Recall Utilization and Replacement Data)

You indicated that it was your understanding that MSP has or can obtain documents relevant to Topic 6. You also indicated that you believed that some of this information may have been previously produced.

We have confirmed that we did receive replacement blood pressure medication claims data from Summacare for the period July 2018 through October 2018 pursuant to the third-party subpoenas issued last fall. However, regarding Emblem, we were unable to locate any documents reflecting this information.

Please confirm you will produce replacement blood pressure medication claims data for Emblem.

### Topic 7 (Cost Components of Valsartan Drug Purchases)

You indicated that it was your understanding that MSP has or can obtain documents relevant to Topic 7. You also indicated that you believed that some of this information may have been previously produced.

We are confirming that MSP did produce claims data containing information about the various cost components of VCD purchases for Emblem. Regarding Summacare, we received

Ruben Honik
Adam M. Slater
Daniel Nigh
Conlee Whiteley
David Stanoch
Andrés Rivero
September 23, 2022
Page 4

claims data spreadsheets showing cost components for replacement medications for the period July 2018 through October 2018 and for Summacare's non-Medicare plan VCD purchases during the relevant time period. However, it does not appear that claims data from Summacare reflecting the various cost components of VCD purchases on their Medicare plans during the relevant time period have been produced.

Please confirm you will produce claims data from Summacare that includes cost components for its Medicare plan members' VCD purchases for the relevant time period.

### Topic 8 (Diagnosis Codes)

During our meet-and-confer, you indicated that that the diagnosis codes are not available. However, you did not clarify whether the information was not available to MSP, or if that information is not available because it is not maintained by either Summacare or Emblem. Please advise whether that information is maintained or available to Summacare or Emblem.

### Topic 9 (CMS and PBM Contracts)

You indicated that it was your understanding that MSP has or can obtain documents relevant to Topic 9. You also indicated that you believed that some of this information may have been previously produced.

#### CMS Agreements

Regarding Emblem, it does not appear that MSP has produced a complete set of all CMS agreements that correspond to all of the assigned claims. During the Rule 30(b)(6) deposition testimony of Margaret Finn, Ms. Finn testified that Emblem Health is not itself a Medicare Advantage Organization, and that during the relevant time period, there were multiple CMS contract numbers which corresponded to various "Emblem" Medicare plans (including Connecticare). *See* Deposition of Margaret Finn, July 30, 2021, 185:9-187:1; 234:25-237:10; 238:22-239:1. To the extent that claims for VCDs made under any Medicare plan offered by Emblem during the relevant time period were assigned to MSP and are at-issue for the TPP Plaintiff, a complete set of all CMS agreements for the various contract numbers under the Emblem "umbrella" have not been produced for the relevant time period.

For Summacare, we confirmed that MSP produced Summacare's CMS agreement for 2020 only.

Please confirm you will produce the CMS agreements for the relevant time periods for Summacare and for any Emblem health plan whose claims were assigned to MSP and which would be put at-issue in the TPP trial if Emblem is selected as the TPP Plaintiff.

Ruben Honik
Adam M. Slater
Daniel Nigh
Conlee Whiteley
David Stanoch
Andrés Rivero
September 23, 2022
Page 5

### *PBM Agreements*

We have received Emblem and Connecticare PBM agreements for 2012–2019, and Summacare PBM agreements for 2011–2018. However, these agreements were produced with redactions of pricing and fee information, as well as other terms and provisions. The Amended Confidentiality and Protective Order specifically provides an additional carve-out for proprietary PBM information to be designated as Restricted Confidential information to prevent improper disclosure of such information. Further, nearly 4 years has elapsed since the most recent benefit year of the relevant time period (2018), and many (if not all) of the terms within those PBM contracts have long since expired.

Please indicate whether Plaintiffs will agree to produce PBM contracts for the TPP Plaintiff for the benefit years 2012-2018 without redactions.

### *Topic 10 (Formularies)*

You indicated that it was your understanding that documents responsive to this topic have already been previously produced.

It is our understanding from the Rule 30(b)(6) depositions that the formularies that were produced apply to the Medicare plans whose VCD purchases are at-issue. Based on that representation, Defendant will agree to withdraw this topic. However, the TPP Trial Defendants reserve all rights to request that MSP supplement its productions to the extent that Defendants are later made aware that other formularies, or amendments thereto, exist for the TPP Plaintiff's Medicare plans during the relevant time period that were not previously produced.

### *Depositions*

With respect to depositions, Plaintiffs asked for confirmation of what specific depositions Defendants seek. We confirmed depositions are sought with respect to Topics 1 and 5, as discussed above. Following receipt and review of the documents and information produced in response to Topics 1 through 9, Defendants reserve the right to identify additional witnesses or topics for deposition. We will identify such witnesses or topics following receipt of responsive documents and information, and can schedule a meet-and-confer to agree upon deponents and dates.

*      *      *

In sum, it is our understanding that Plaintiffs do not intend to produce documents on Topics 2, 3, or 4, and subject to the clarification requested above, that Plaintiffs do not have documents responsive to Topic 8 and have produced all responsive documents to Topic 10. We request that you respond and indicate whether there are any additional points of disagreement at least 7 days

Ruben Honik
Adam M. Slater
Daniel Nigh
Conlee Whiteley
David Stanoch
Andrés Rivero
September 23, 2022
Page 6

prior to the next case management conference, which is currently scheduled for October 6, 2022. Defendants would like to address all remaining points of disagreement with the Court at that time.

Further to the above, attached please find TPP Trial Defendants' First Set of TPP Trial Requests for Production of Documents to Plaintiff MSPRC Recovery Claims Series LLC, which is hereby served on Plaintiffs today in accordance with Rule 34. Given that Defendants intend to raise the issue of additional TPP Plaintiff-specific discovery at the upcoming October 6 CMC, we anticipate Plaintiffs will want to serve any written responses and objections to the Rule 34 requests prior to that time.

Lastly, regarding the production date, Mr. Honik indicated during the September 12th meet-and-confer that Plaintiffs would discuss internally and propose a date by which they would be able to produce the requested documents. We have not yet received a proposal for a production date from Plaintiffs. Given the current deadlines under CMO 29, we request Plaintiffs complete their document production within 30 days of today's service of the attached Rule 34 requests.

To the extent that Plaintiffs believe that a further meet-and-confer would be productive prior to the next case management conference, Defendants are amenable to further discussions.

Very truly yours,

Gregory E. Ostfeld

cc:  PEC (valpec@kirtlandpackard.com)
     DEC (decvalsartan@btlaw.com)
     Adam Slater, Esq. (via email, for distribution to Plaintiffs' Counsel)
     Jessica D. Miller, Esq. (via email, for distribution to Defendants' Counsel)

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE**

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | Hon. Robert. B. Kugler<br><br>Civ. No. 19-2875 (RBK/TIV) |

**TPP TRIAL DEFENDANTS' FIRST SET OF TPP TRIAL
REQUESTS FOR PRODUCTION OF DOCUMENTS TO
PLAINTIFF MSPRC RECOVERY CLAIMS, SERIES LLC**

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., Solco Healthcare U.S., LLC, Actavis LLC, Actavis Pharma, Inc., Teva Pharmaceuticals Industries Ltd., Teva Pharmaceuticals USA, Inc., and Torrent Pharmaceuticals, Ltd. (collectively, the "TPP Trial Defendants") by and through their lead counsel in the above-captioned matter and pursuant to Federal Rules of Civil Procedure 26 and 34, serve this First Set of TPP Trial Requests for Production of Documents to Plaintiff MSPRC Recovery Claims, Series LLC (the "Requests," each a "Request"), and hereby requests that MSPRC Recovery Claims, Series LLC respond and produce for inspection and reproduction the following documents, electronically stored information, and materials requested below, within thirty (30) days hereof.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to each of these Requests as if fully set forth therein:

1. "MSPRC" means Plaintiff MSPRC Recovery Claims, Series LLC, on its own behalf and in its capacity as putative direct or indirect assignee of the recovery rights of certain healthcare benefit providers ("Assignors," as hereinafter defined) to MSPRC or to any Series of MSPRC, and each of MSPRC's and its direct or indirect Assignors' past or present officers, directors, employees, partners, principals, members, agents, representatives, attorneys, parents, subsidiaries, affiliates, related entities, assigns, predecessors-in-interest, successors-in-interest, and every person or entity acting or who has ever acted on its behalf.

2. "Assignor" and "Assignors" mean all entities, including but not limited to healthcare benefit providers, Health Care Providers, Medicare Advantage Organizations ("MAOs"), entities contracting with MAOs in connection with the purchase or provision of healthcare or healthcare benefits, or any other person or entity that directly or indirectly assigned recovery rights relating to or arising out of any purchase or reimbursement involving VCDs, and/or the right or rights to bring any lawsuit in connection with such assignment(s), to MSPRC or any Series of MSPRC.

3. "Blood Pressure Medication" means any drug or pharmaceutical product used for the treatment of high blood pressure, hypertension, heart failure, and/or post-myocardial infarction, including VCDs and any alternative medications used to treat those conditions as included on **Exhibit A.**

4. "CMS" means Centers for Medicare & Medicaid Services.

5. "Defendant" or "Defendants" means each and every named Defendant identified by MSPRC in the operative Complaint.

6. "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, communications, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and

2

recordings. The term "Document" expressly includes electronic or magnetic data, which should be produced in its unaltered, native-file format in which such data is ordinarily kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. The term "Document" is inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

7. "Electronically stored information" or "ESI" shall have the same definition as is utilized in the Electronic Discovery Protocol in this case [ECF No. 127], and the production of ESI should be made in conformance with that Protocol.

8. "Formulary" means the formulary, preferred drug list, or other list of prescription drugs that are covered by any Plan, including any tiers or levels of preference in which drugs are categorized, and all amendments, modifications, supplements, or revisions thereto.

9. "Insureds" mean employees, employers, members, subscribers, policyholders, participants, beneficiaries, and/or insureds under any Plan through which MSPRC (and/or any Assignor) provided some form of prescription drug coverage, payment, or reimbursement on which MSPRC (and/or any Assignor) bases any claim for damage in this litigation.

10. "P&T Committee(s)" means the pharmacy and therapeutics committees that are responsible for designing formularies, including but not limited to evaluating the clinical use of medications, developing policies for managing access to medications, and for ensuring effective drug use and administration.

11. "Plaintiff," "Plaintiffs," "You," and "Your" mean MSPRC, as defined above.

12. The "Plan" or "Plans" means any and all health benefit, care or insurance plan or plans offered by, sponsored by, or in any way provided by an Assignor for which MSPRC claims the right to recover damages in this litigation on behalf of the Assignor.

13. "Relate to," "related to," or "relating to" means in any way referring to, associated with, concerning, comprising, constituting, embodying, identifying, supporting, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing, or pertaining to the referenced subject matter.

14. "Relevant Time Period" shall mean January 1, 2012 through the present and all Requests, unless otherwise specified, seek the requested Documents that were created during, in effect during, modified during, obtained during, reviewed during, and/or are related to the Relevant Time Period. The definition and scope of the term Relevant Time Period does not constitute an admission by Defendants or evidence with respect to the appropriate definition of any class which may be certified in the above-captioned matter or in any other matter involving VCDs or other Blood Pressure Medications.

15. "VCD" or "VCDs" means any drug or combination drug containing valsartan, including brand name drugs.

3

16. Each Request shall be construed as being inclusive rather than exclusive. The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The present tense shall include the past and future tenses. The singular shall include the plural, and the plural shall include the singular.

17. The documents requested herein shall be organized and labeled to correspond to the paragraph(s) of these requests to which they are responsive.

18. You are required to produce all responsive documents that are within Your possession, custody, or control. The potential availability of any Document by way of subpoena, public record access, authorization for release, or via another source does not excuse Your obligation to produce materials in Your possession, custody, or control.

19. You must respond in writing and separately to each Request. If no such Documents are within Your possession, custody or control, so state affirmatively. If You have searched for and produced all Documents within Your possession that are responsive to a request as part of the Plaintiff Fact Sheet process, so state affirmatively. If You are aware that responsive documents exist but are outside of Your possession, custody, or control, identify the persons or entities with possession of such documents.

20. These Requests seek only non-privileged information. However, if any document(s) responsive to these Requests is withheld on the basis of such privilege, a privilege log shall be provided that complies with the privilege log requirements of the Electronic Discovery Protocol in this case [ECF No. 127].

21. These Requests are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these Requests, or as an admission of the relevance or materiality of any of the matters covered by these Requests.

22. These Requests are propounded without prejudice as to Defendants' rights to serve additional discovery (or seek leave of Court to serve additional discovery) requests upon any or all Plaintiffs or third-parties, including (but not limited to) additional document requests for Plan information, Plaintiffs' allegations or purported support related to Plaintiffs' economic loss class action claims, and any VCDs or other Blood Pressure Medications Plaintiffs may have purchased as an alternative to VCDs.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Documents, data, and information used to calculate Your damages, including any materials considered by any expert retained by You to opine on Your damages calculation.

**REQUEST FOR PRODUCTION NO. 2:** Data and reports reflecting subsidies, reimbursements, and rebates that You received from CMS, including but not limited to prescription drug event ("PDE") reports and all PDE payment records reflecting reimbursements and payments for valsartan-containing drugs, and other standard reports and data available through CMS which reflect payments made or received by You for any prescription drugs for Insureds enrolled in Your Plans during the Relevant Time Period, such as Monthly Membership Summary Reports, Plan Payment Reports, Payment/Interim Plan Payment Records Reports.

**REQUEST FOR PRODUCTION NO. 3:** All materials submitted in connection with Your bid submissions to CMS as a sponsor for Medicare Part D prescription drug plans for each of the contract years corresponding to the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 4:** Any internal reporting analyzing or reflecting projections and actual spend on prescription drugs under Your Plans during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 5:** Documents sufficient to identify the names of Your Pharmacy & Therapeutic ("P&T") Committee members (both voting and advisory members) during the Relevant Time Period, and documents reflecting all recommendations made to the P&T Committee (whether from CMS, a pharmacy benefits manager ("PBM"), or internally) regarding formulary placement of VCDs, and all minutes or decisions made by the P&T Committee regarding formulary placement of VCDs, during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 6:**  Data reflecting changes in utilization of VCDs post-recall, as well as data reflecting purchases of replacement Blood Pressure Medication utilized in place of recalled VCDs.

**REQUEST FOR PRODUCTION NO. 7:**  Data reflecting the cost components of all VCD purchases for which You are seeking damages, including but not limited to patient pay amount, net check amount, final ingredient cost, dispensing fee, low-income subsidy amount, sales tax, and any administrative fees.

**REQUEST FOR PRODUCTION NO. 8:**  Data reflecting the diagnosis code(s), if any, associated with all VCD purchases for which You are seeking damages.

**REQUEST FOR PRODUCTION NO. 9:**  All contracts between You and CMS, as well as all contracts (including schedules, amendments or other attachments) between You and any PBM relating to Your Plans that were in effect during the Relevant Time Period.

Dated: September 23, 2022                Respectfully submitted,

                                         By: /s/ Gregory E. Ostfeld

                                         GREENBERG TRAURIG, LLP
                                         Lori G. Cohen, Esq.
                                         Victoria Davis Lockard
                                         Steven M. Harkins
                                         Terminus 200
                                         3333 Piedmont Rd., NE,
                                         Suite 2500
                                         Atlanta, Georgia 30305
                                         Tel: (678) 553-2385
                                         Fax: (678) 553-2386
                                         cohenl@gtlaw.com
                                         lockardv@gtlaw.com
                                         harkinss@gtlaw.com

                                         Gregory E. Ostfeld
                                         Tiffany M. Andras
                                         77 West Wacker Drive, Suite 3100
                                         Chicago, Illinois 60601
                                         Tel: (312) 456-8400
                                         ostfeldg@gtlaw.com
                                         andrast@gtlaw.com

                                         Brian H. Rubenstein
                                         1717 Arch Street, Suite 400
                                         Philadelphia, Pennsylvania
                                         Tel: (215) 988-7864
                                         Fax: (214) 689-4419
                                         rubensteinb@gtlaw.com

                                                *Attorneys for Teva Pharmaceuticals USA, Inc.,
                                                Teva Pharmaceutical Industries Ltd., Actavis
                                                LLC, and Actavis Pharma, Inc.*

# **EXHIBIT A**

ARBs:

1. AMLODIPINE AND OLMESARTAN MEDOXOMIL
2. AMLODIPINE BESYLATE AND VALSARTAN
3. AMLODIPINE BESYLATE, VALSARTAN AND HYDROCHLOROTHIAZIDE
4. AMLODIPINE BESYLATE; HYDROCHLOROTHIAZIDE; OLMESARTAN MEDOXOMIL
5. AMLODIPINE BESYLATE; OLMESARTAN MEDOXOMIL
6. AMLODIPINE BESYLATE; VALSARTAN
7. ATACAND
8. ATACAND HCT
9. AVALIDE
10. AVAPRO
11. AZOR
12. BENICAR
13. BENICAR HCT
14. BYVALSON
15. CANDESARTAN CILEXETIL
16. CANDESARTAN CILEXETIL AND HYDROCHLOROTHIAZIDE
17. CANDESARTAN CILEXETIL; HYDROCHLOROTHIAZIDE
18. COZAAR
19. DIOVAN
20. DIOVAN HCT
21. EDARBI
22. EDARBYCLOR
23. ENTRESTO
24. EPROSARTAN MESYLATE
25. EXFORGE
26. EXFORGE HCT
27. HYDROCHLOROTHIAZIDE; OLMESARTAN MEDOXOMIL
28. HYDROCHLOROTHIAZIDE; TELMISARTAN
29. HYZAAR
30. IRBESARTAN
31. IRBESARTAN AND HYDROCHLOROTHIAZIDE
32. LOSARTAN
33. LOSARTAN POTASSIUM
34. LOSARTAN POTASSIUM AND HYDROCHLOROTHIAZIDE
35. MICARDIS
36. MICARDIS HCT
37. OLMESARTAN MEDOXOMIL
38. OLMESARTAN MEDOXOMIL AND HYDROCHLOROTHIAZIDE
39. TELMISARTAN

    40. TELMISARTAN AND AMLODIPINE
    41. TELMISARTAN AND HYDROCHLOROTHIAZIDE
    42. TEVETEN
    43. TRIBENZOR
    44. TWYNSTA
    45. VALSARTAN
    46. VALSARTAN AN HYDROCHLOROTHIAZIDE

Non-ARB Medications:

(Diuretics)

1. amiloride hydrochloride hydrochlorothiazide
2. Aldactazide
3. Aldactone
4. amiloride
5. bumetanide
6. Bumex
7. chlorthalidone
8. chlorothiazide
9. Diuril
10. Dyazide
11. Dyrenium
12. Esidrix
13. furosemide
14. hydrochloride
15. hydrochlorothiazide
16. Hydrodiuril
17. Hygroton
18. Indapamide
19. Lasix
20. Lozol
21. Maxzide
22. metolazone
23. Microzide
24. Midamar
25. Moduretic
26. Mykrox
27. spironolactone
28. spironolactone hydrochlorothiazide
29. Zaroxolyn

(Beta Blockers)

1. acebutol

2. atenolol
3. Betapace
4. betaxolol
5. bisoprolol fumarate
6. Blocadren
7. carteolol hydrochloride
8. Cartrol
9. Corgard
10. hydrochlorothiazide and bisoprolol
11. Inderal
12. Kerlone
13. Levatol
14. Lopressor
15. metoprolol tartrate
16. metoprolol succinate
17. nadolol
18. penbutolol sulfate
19. pindolol
20. propranolol hydrochloride
21. Sectral
22. solotol hydrochloride
23. Tenormin
24. timolol maleate
25. Toprol-XL
26. Visken
27. Zebeta
28. Ziac

(ACE Inhibitors)

1. Accupril
2. Aceon
3. Altace
4. benazepril hydrochloride
5. Capoten
6. captopril
7. enalapril maleate
8. fosinopril sodium
9. lisinopril
10. Lotensin
11. Mavik
12. moexipril
13. Monopril
14. perindopril

15. Prinivel
16. quinapril hydrochloride
17. ramipril
18. trandolapril
19. Univasc
20. Vasotec
21. Zestril

(Calcium Channel Blockers)

1. amlodipine besylate
2. Adalat CC
3. bepridil
4. Calan SR
5. Cardene SR
6. Cardizem CD
7. Cardizem SR
8. Covera HS
9. diltiazem hydrochloride
10. Dilacor XR
11. DynaCirc
12. DynaCirc CR
13. felodipine
14. Isoptin SR
15. isradipine
16. Lotrel
17. nicardipine
18. nifedipine
19. nisoldipine
20. Norvasc
21. Plendil
22. Procardia XL
23. Sular
24. Tiazac
25. Vasocor
26. verapamil hydrochloride
27. Verelan

(Alpha blockers)

1. Cardura
2. doxazosin mesylate
3. Hytrin
4. Minipress
5. prazosin hydrochloride

6. terazosin hydrochloride

(Alpha-2 receptor agonist)

1. Methyldopa

(Combined alpha and beta-blockers)

1. Carvedilol
2. Coreg
3. labetalol hydrochloride
4. Normodyne
5. Trandate

(Central agonists)

1. Aldomet
2. alpha methyldopa
3. Catapres
4. clonidine hydrochloride
5. Tenex
6. Wytensin

(Peripheral adrenergic inhibitors)

1. guanadrel
2. guanethidine
3. Hylorel
4. Ismelin
5. monosulfate
6. reserpine
7. Serpasil

(Vasodilators)

1. Apresoline
2. hydralazine hydrochloride
3. Loniten
4. minoxidil