# EXHIBIT C



October 2, 2022

**<u>VIA E-MAIL ONLY TO</u>** valpec@kirtlandpackard.com

Ruben Honik
Honik Law
1021 Kitchens Lane
Philadelphia, PA, 19119
ruben@honiklaw.com

Adam Slater
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Suite 207
Roseland, NJ 07068
aslater@mazieslater.com

Andrés Rivero
RIVERO MESTRE LLP
2525 Ponce de Leon Blvd., Suite 1000
Miami, FL 33134
Tel: (305) 445-2500
ARivero@riveromestre.com

Daniel Nigh
Levin Papantonio Thomas Mitchell Rafferty
& Proctor, P.A.
316 S. Baylen
Suite 600
Pensacola, FL 32502
dnigh@levinlaw.com

Conlee Whiteley
David J. Stanoch
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130
c.whiteley@kanner-law.com
d.stanoch@kanner-law.com

Re: *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation*, U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-RBK-TIV

Dear Counsel:

    We write to follow up on the parties' meet-and-confer conference on September 30, 2022, with respect to the initial third-party payor ("TPP") trial ("TPP Trial"). During our discussion, the PEC indicated that they intend to select both Emblem and Summacare (the "TPP Plaintiffs") as the assignors whose claims MSPRC will try at the TPP Trial. Plaintiffs further expressed their view that a trial of Emblem's and Summacare's claims would involve applying the separate laws of each state where the plan beneficiaries made their valsartan purchases, which would be 16 states for Emblem and 6 states for Summacare.

    After reviewing applicable law, Defendants respectfully disagree with the PEC's position that the law of the state of each plan beneficiary's purchase governs the TPP Plaintiffs' claims. Rather, although each claim by each assignor must be analyzed separately under governing conflicts of law principles, and the analyses are multi-factorial and complex, Defendants believe most if not all of the TPP Plaintiffs' claims are ultimately likely to be governed by the law of each

Ruben Honik
Adam M. Slater
Daniel Nigh
Conlee Whiteley
David Stanoch
Andrés Rivero
October 2, 2022
Page 2

TPP Plaintiff's home state and the state where each TPP Plaintiff paid for and/or reimbursed each valsartan purchase, *i.e.*, New York for Emblem and Ohio for Summacare.

  Given the importance of this issue, however, Defendants agree it would be helpful to obtain early guidance from the Court regarding the law governing the TPP Plaintiffs' claims and the law to be applied at the TPP Trial. Accordingly, Defendants propose the parties jointly request a briefing schedule from the Court to determine: (1) which state's or states' laws govern each of the TPP Plaintiffs' substantive claims; and (2) which of these state law claims will be heard and decided at the first TPP Trial. Defendants propose the parties file simultaneous briefs on these issues by **October 27, 2022**.

  Resolution of the conflicts of law issues should not affect the other dates in CMO 29, as the parties can proceed with discovery while the Court considers the matter, and we would presumably have the Court's determination sufficiently prior to the dispositive motions deadlines to proceed on the current schedule.

  Please let us know if this proposal is agreeable to Plaintiffs. We can also discuss this further on our scheduled meet-and-confer call on Monday, October 3.

              Very truly yours,

              Gregory E. Ostfeld

cc:  PEC (valpec@kirtlandpackard.com)
    DEC (decvalsartan@btlaw.com)
    Adam Slater, Esq. (via email, for distribution to Plaintiffs' Counsel)
    Jessica D. Miller, Esq. (via email, for distribution to Defendants' Counsel)