# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

October 4, 2022

**VIA ECF**

| | |
|---|---|
| Honorable Robert Kugler, U.S.D.J. | Honorable Thomas I. Vanaskie (Ret.) |
| U.S. District Court - District of New Jersey | Special Master |
| Mitchell S. Cohen Building & US Courthouse | Stevens & Lee |
| 1 John F. Gerry Plaza, Courtroom 4D | 1500 Market St., East Tower, Suite 1800 |
| 4th and Cooper Streets | Philadelphia, Pennsylvania 19103-7360 |
| Camden, New Jersey 08101 | |

Re: ***In re Valsartan, Losartan, and Irbesartan Liability Litigation***,
**Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler and Judge Vanaskie:

Please accept this letter on behalf of Plaintiffs in advance of the October 6, 2022 case management conference.

**1. Case Management Issues**

*A. TPP Trial Plan*

The parties met and conferred on multiple occasions regarding the TPP bellwether trial and agree that MSP, on behalf of assignors Emblem and Summacare, will be the designated TPP Plaintiff against Defendants ZHP, Teva and Torrent. Plaintiffs are prepared to proceed under the laws of all states, or such fewer states as the Court may direct, in which Emblem and Summacare

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
October 4, 2022
Page 2

made reimbursements for ZHP/TEVA/TORRENT products, on all claims asserted on behalf of TPPs in the operative complaint. Defendants appear to agree with the identification of these assignors and claims but wish to have "briefing" and "clarification" from the Court as to perceived conflict of laws questions that Defendants believe are unresolved. Plaintiffs believe that to whatever extent "clarification" or additional rulings on conflict of laws are needed, that this can be addressed by the Court at a more practical time closer to trial and after a ruling on class certification when the parties will be better informed about the class(es) and claims that may be certified under Rule 23.

    B. TPP Discovery

MSP has met and conferred with defendants and is willing to produce additional documents that could be relevant to the upcoming bellwether trial. To that end, and as set forth in more detail in MSP's October 4, 2022 letter to the Defendants (Exhibit 1 attached hereto), MSP has agreed to produce, to the extent they are in MSP's possession, custody, or control:

1. Documents supporting MSP's damages calculations;
2. The minutes of P&T committee meetings relating to the placement of Valsartan drugs;
3. Cost components of the Valsartan drugs;
4. Contracts with CMS; and,
5. Copies of formularies.

MSP, however, objects to the remainder of defendants' document requests because they are not relevant, are not proportional to the needs of the case, are duplicative of discovery defendants already sought, seek highly confidential proprietary information, and information that is not in MSP's possession, custody, or control. Those categories of documents include:

6. CMS bids;
7. Internal reporting on actual and projected spend;

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
October 4, 2022
Page 3

      8. Subsidy reimbursement and rebate data;
      9. Post recall and utilization and replacement data;
      10. Diagnosis codes for the Valsartan prescription fills; and,
      11. Unredacted PBM contracts.

MSP is hopeful that Defendants will agree, is prepared to further meet and confer, and will be prepared to more fully address each of those specific requests at the hearing set for October 6, 2022.

    C. CMO 29

The parties have discussed the expert report and expert discovery deadlines set forth in CMO 29. Defendants interpret the Order to direct that the expert report and discovery deadlines apply only to the parties selected for the first trial - including defendants ZHP, Teva, and Torrent, and that no deadlines have yet been set with regard to the other manufacturers, Hetero, Mylan, and Aurobindo. Plaintiffs agree that it would be more efficient for the parties to focus on the parties in the first trial for the deadlines currently set, and to set a second deadline applicable to the other manufacturers 90 days later. This will allow the parties the time needed to complete these expert reports, and to focus primarily on the expert discovery for the first trial, while maintaining a schedule to move the claims forward against the other manufacturers for potential future trials.

    **2. Update on Motion to Seal**

The parties continue to negotiate in good faith on the Motion to Seal related to the Class Certification briefing, and associated Daubert briefings for Class Certification experts. The Parties have completed all initial meet-and-confers and have begun the process of providing proposed redactions to documents and transcripts for certain documents and depositions.

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
October 4, 2022
Page 4

It is Plaintiffs' intention that by the next Discovery CMC before Judge Vanaskie, the parties will be able to provide a definitive briefing deadline for any documents for which there is still a dispute between the parties regarding sealing.

### 3. Losartan/Irbesartan Core Discovery Status Report

Productions by various defendants have begun. Plaintiffs have met and conferred with any defendants who have asked and at this time expect that Defendants will all timely complete their core discovery productions. Plaintiffs have been approached by ZHP, who indicated it may have difficulty producing testing information as to certain batches. However, at this time, ZHP has not provided sufficient information for Plaintiffs to determine that the production should be narrowed in any respect.

### 4. PFS Deficiencies and Orders to Show Cause

Plaintiffs will be prepared to address this issue during the case management conference.

Respectfully,

ADAM M. SLATER

Encl.

Cc: All counsel of record (via ECF)