UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 2174]**

On October 13, 2022, Plaintiffs filed a putative Notice of Supplemental Authority in support of their pending motion for class certification. *See* ECF No. 2174 (the "Notice"). Plaintiffs' Notice attaches a September 19, 2022 decision in *In re Namenda Indirect Purchaser Antitrust Litigation*, No. 1:15-cv-6549, 2022 WL 4298767 (S.D.N.Y. Sept. 19, 2022), in which the court declined to decertify a class of third-party payors in a "pay for delay" antitrust case. Plaintiffs assert that the *In re Namenda* court rejected arguments similar to those advanced by Defendants here, and appear to suggest that defense counsel recognized the relevance of this case based on certain statements by defense counsel at the recent October 6, 2022 Case Management Conference ("CMC"). But the recent decertification ruling (which dealt solely with the narrow question of damages) is inapposite; and Plaintiffs

mischaracterize defense counsel's recent statements, which dealt with a different ruling in the *Namenda* litigation and a distinct set of discovery issues.

     **A.    The *Namenda* Decision Cited in Plaintiffs' Notice Is Inapposite to the Class Certification Issues Raised in This Case.**

Plaintiffs first argue that *Namenda* supports the certifiability of an "aggregate" damages model. But the *Namenda* court merely reasoned that the TPP plaintiffs' theory of damages there—*i.e.*, that reverse settlements to generic manufacturers delaying the market entry of generic memantine resulted in higher prices for the branded medication—was susceptible to classwide treatment because they were only trying *one* antitrust theory of liability, and as a result, there were "no multiple theories of recovery . . . to complicate the estimate of aggregate damages." *In re Namenda Indirect Purchaser Antitrust Litig.*, No. 1:15-cv-6549, 2022 WL 4298767, at *9 (S.D.N.Y. Sept. 19, 2022). In so reasoning, the court reiterated that the Supreme Court in *Comcast* "indeed held that aggregate damages are *not* appropriate where the estimate represents the aggregate of multiple theories of liability." *Id.* (emphasis added).

That principle forecloses class certification in this litigation because Plaintiffs *are* advancing multiple claims involving separate and distinct theories of damages recognized under the laws of the various states. *See* Defendants' Economic Loss Class Certification Opposition, Appendix F (State Law Variations – Breach of Express Warranty [ECF No. 2008-7], Appendix G (State Law Variations – Breach

2

of Implied Warranty [ECF No. 2008-8]. As a result, a single class proceeding would devolve into a series of mini-trials as to the viability of a "worthlessness" theory of injury as to each class member, depending on the substantive state law that governs its claims.

Plaintiffs' reliance on *Namenda* is all the more misplaced because the court's original class certification decision in *Namenda* relied heavily on the uniformity of federal and state *antitrust* law. In particular, the court recognized that in the specific area of state antitrust law, where the states at issue adopted uniform state antitrust statutes that closely track the federal Sherman Antitrust Act, there were no meaningful state law variations to preclude certification. *In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 572 (S.D.N.Y. 2021) ("Most critically, even the states that have statutes that do not closely track the language of the Sherman Act have effectively harmonized their antitrust statutes with that of the federal law such that the elements needed to sustain a monopolization or restraint-of-trade claim – at the most basic level – are effectively the same under the state and federal laws."). Here, by contrast, as detailed in Defendants' class certification opposition briefs and accompanying appendices, Plaintiffs' state law claims are rife with state law variations that preclude uniform treatment. *See* Defs' EL Opp. Br., Appx. F, G, H, I, J [ECF No. 2008-7, -8, -9, -10, -11].

Finally, the ruling relied upon by Plaintiffs does not speak to the numerous other arguments set forth in Defendants' prior briefing, not the least of which is that any class trial would be unmanageable given Plaintiffs' proposal to try the TPP and consumer claims jointly in a complicated three-phase trial encompassing 114 subclasses, thousands upon thousands of pages of jury instructions, and a book-length "questionnaire" in place of a verdict form. *See* Defs.' TPP Opp. Br. at 17 [ECF No. 2010]. No court or jury could possibly keep each subclass straight in a trial of such dizzying complexity. Nor could a TPP-specific trial be regarded as a superior option for adjudicating the TPP claims given that each TPP has likely paid for thousands, if not millions, of prescriptions. *Id.* at 19.

### B. Plaintiffs Mischaracterize Defense Counsel's Arguments at the October 6 CMC.

Plaintiffs also assert that the *Namenda* court's decision on de-certification "directly contradicts Defendants' argument at the last CMC here, at which they argued (incorrectly) that an earlier *Namenda* opinion suggested variations in state law preclude certification or present intractable choice-of-law issues for trial." *See* ECF. No. 2174, p. 2. But defense counsel made no such argument. As reflected in the transcript of the October 6, 2022 CMC [ECF No. 2172],[1] defense counsel's

---

[1] Defendants note that the final copy of the October 6th CMC transcript has not yet been publicly filed on the docket under the Court's procedures. Defendants can provide a courtesy copy to the Court upon request.

discussion of *Namenda* was unrelated to class certification. Rather, defense counsel cited *Namenda* in the context of discussing why information about offsets and government reimbursements is discoverable with respect to an individual Medicare Advantage Organization's asserted damages. Because government benefits and reimbursements are not recoverable as damages, defense counsel argued that the discovery sought from Plaintiff MSP Recovery Claims Series, LLC, regarding its assignors' government payments, reimbursements, and offsets is relevant to damages. Defendants cited the recent ruling of the *Namenda* court on motions *in limine*, where the court specifically acknowledged the relevance of such information to a TPP's damages claim, as follows:

> Any benefits, including discounts or subsidies, that flowed to a plaintiff must be used to reduce the amount of damages suffered by that plaintiff. Therefore, as a matter of law, to the extent [TPP] Class Members receive any form of payment that covers all of [sic] part of its memantine prescription costs, those payments must be deducted from damages. **This is not even a close question** - subsidies, of all forms, are a damages set off and the jury (assuming we have a jury trial on damages) will be so instructed.

*In re Namenda Indirect Purchaser Antitrust Litig.*, No. 1:15-cv-6549 (CM) (RWL), 2022 U.S. Dist. LEXIS 149561, *37 (S.D.N.Y. Aug. 15, 2022) (emphasis added). In short, defense counsel was addressing a different ruling in the *Namenda* litigation, which concerned a separate issue unrelated to class certification.

Moreover, in the de-certification decision cited in Plaintiffs' Notice, the court reaffirmed that all applicable offsets to a Medicare Advantage Organization's

5

damages would be applied to any damage award at trial. *See In re Namenda*, 2022 WL 4298767, at *9 (stating, "the court will instruct the jury that they cannot award aggregate damages in excess of the amount suffered by the class, which means net of all offsets."). Consistent with defense counsel's statements at the October 6 CMC, this further confirms the discoverability—and relevance—of this information with regard to the TPPs' damages claim here.[2]

For all of these reasons, the *Namenda* antitrust class action litigation has no relevance to the propriety of class certification here.

Dated: October 20, 2022

By: */s/ Gregory E. Ostfeld*
GREENBERG TRAURIG, LLP
Lori G. Cohen, Esq.
Victoria Davis Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Rd., NE, Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
Tiffany M. Andras
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
ostfeldg@gtlaw.com

---

[2] Defendants further address the issue of relevance in the accompanying briefing requested by the Special Master on discovery issues in connection with the TPP trial.

andrast@gtlaw.com

Brian H. Rubenstein
1717 Arch Street, Suite 400
Philadelphia, Pennsylvania
Tel: (215) 988-7864
rubensteinb@gtlaw.com
*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Jessica Davidson Miller
Nina R. Rose
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 661-0525
jessica.miller@skadden.com
nina.rose@skadden.com
*Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC*

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
Clem C. Trischler
Jason M. Reefer
Frank H. Stoy
38th Floor, One Oxford Centre
Pittsburgh, Pennsylvania 15219
Tel.: (412) 263-2000
Fax: (412) 263-2001
cct@pietragallo.com
jmr@pietragallo.com
fhs@pietragallo.com
*Counsel for Mylan Laboratories, Ltd.*

7

*and Mylan Pharmaceuticals, Inc.*

MORGAN, LEWIS & BOCKIUS LLP
John P. Lavelle, Jr.
1701 Market Street
Philadelphia, Pennsylvania 19103
Tel.: (215) 963-5000
Fax: (215) 963-5001
john.lavelle@morganlewis.com

John K. Gisleson
One Oxford Centre, Thirty-Second Floor
Pittsburgh, Pennsylvania 15219
Tel.: (412) 560-3300
Fax: (412) 560-7001
john.gisleson@morganlewis.com
*Attorneys for Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC*

HILL WALLACK LLP
Eric I. Abraham
William P. Murtha
21 Roszel Road
P.O. Box 5226
Princeton, New Jersey 08543-5226
Tel.: (609) 734-6358
Fax: (609) 452-1888
eabraham@hillwallack.com
wmurtha@hillwallack.com
*Attorneys for Hetero Drugs, Ltd. and Hetero Labs Ltd.*

KIRKLAND & ELLIS LLP
Devora W. Allon
Alexia R. Brancato
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-5967
Fax: (212) 446-6460

8

Devora.allon@kirkland.com
Alexia.brancato@kirkland.com
*Attorneys for Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc.*

HARDIN KUNDLA MCKEON & POLETTO
Janet L. Poletto, Esq.
Robert E. Blanton, Jr., Esq.
673 Morris Ave.
Springfield, New Jersey 07081
Tel.: (973) 912-5222
Fax: (973) 912-9212
jpoletto@hkmpp.com
rblanton@hkmpp.com
*Attorneys for Hetero USA Inc.*

CROWELL & MORING
Andrew D. Kaplan
Daniel T. Campbell
Marie S. Dennis
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Tel.: (202) 624-1000
Fax: (202) 628-5116
akaplan@crowell.com
dcampbell@crowell.com
mdennis@crowell.com
*Attorneys for Cardinal Health, Inc.*

ULMER & BERNE LLP
Jeffrey D. Geoppinger
312 Walnut Street, Suite 1400
Cincinnati, OH 45202-2409
Tel.: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ulmer.com
*Attorneys for AmerisourceBergen Corporation*

NORTON ROSE FULBRIGHT US LLP
D'Lesli M. Davis
Ellie K. Norris
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Tel.: (214) 855-8221
Fax: (214) 855-8200
Dlesli.davis@nortonrosefulbright.com
Ellie.norris@nortonrosefulbright.com

*Attorneys for McKesson Corporation*

BARNES & THORNBURG LLP
Sarah E. Johnston *Liaison Counsel for the Retail Pharmacy Defendants*
Kristen L. Richer
2029 Century Park East
Suite 300
Los Angeles, California 90067
Tel.: (310) 284-3880
Fax: (310) 284-3894
sarah.johnston@btlaw.com
kristen.richer@btlaw.com

Kara Kapke
11 S Meridian St.
Indianapolis, Indiana 46204
Tel. (317) 236-1313
Fax (317) 231-7433
kara.kapke@btlaw.com
*Attorneys for CVS Pharmacy, Inc., (incorrectly named as CVS Health Corporation), Rite Aid Corporation, Walgreen Co. (incorrectly named as Walgreens Co.), and Walmart Inc. (incorrectly named as Walmart Stores, Inc.)*

BUCHANAN INGERSOLL & ROONEY PC

10

Jonathan D. Janow
Jason R. Parish
1700 K Street NW
Suite 300
Washington, DC 20006
Tel.: (202) 452-7940
Fax: (202) 452-7989
Jonathan.Janow@bipc.com
Jason.Parish@bipc.com
*Attorneys for Albertson's LLC*

HUSCH BLACKWELL LLP
Matt Knepper
James Spung
190 Carondelet Plaza
Suite 600
St. Louis, Missouri 63105
Tel.: (314) 480-1500
Fax: (314) 480-1505
Matt.knepper@huschblackwell.com
James.spung@huschblackwell.com
*Attorneys for Express Scripts, Inc.*

LEWIS BRISBOIS BISGAARD & SMITH LLP
Andrew F. Albero
Walter H. Swayze III
550 E. Swedesford Rd., Suite 270
Wayne, PA 19087
Tel.: (215) 977-4058
Fax: (215) 977-4101
Andrew.albero@lewisbrisbois.com
Pete.swayze@lewisbrisbois.com
*Attorneys for Camber Pharmaceuticals, Inc.*

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

*/s/ Gregory E. Ostfeld*
Gregory E. Ostfeld
