# Skadden, Arps, Slate, Meagher & Flom llp

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

———

TEL: (202) 371-7000

FAX: (202) 393-5760

www.skadden.com

DIRECT DIAL
(202) 371-7850
DIRECT FAX
(202) 661-0525
EMAIL ADDRESS
Jessica.Miller@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

October 25, 2022

**VIA ECF**

| | |
|---|---|
| The Hon. Robert J. Kugler<br>United States District Judge<br>USDJ, District of New Jersey<br>Mitchell H. Cohen Building & U.S. Courthouse<br>4th & Cooper Streets, Room 1050<br>Camden, NJ 08101 | Special Master the Hon. Thomas Vanaskie<br>Stevens & Lee<br>1500 Market Street, East Tower, 18th Floor<br>Philadelphia, PA 19103 |

RE: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*, No. 1:19-md-2875-RBK-KMW (D.N.J.)

Dear Judge Kugler and Judge Vanaskie:

    I write on behalf of the Defendants' Executive Committee to provide Defendants' position with respect to the agenda topics for the conference with the Court on October 27, 2022. Defendants do not expect the need to discuss any confidential materials as part of these agenda items, but reserve the right to move to a confidential setting should the need arise.

    **1. Proposed Briefing Schedule for Motion to Seal**

    The parties have been working cooperatively to evaluate their respective confidentiality designations of exhibits filed with the class certification briefing and Rule 702 motions on the class certification experts. The parties propose that opening briefs be filed on December 2, 2022, with response briefs due on December 19, 2022. As discussed at a prior CMC, given the large quantity of documents involved, the parties intend to submit briefing only on the documents that remain in dispute. Once the Court has issued rulings on the disputed documents, the parties will then file public versions of exhibits with stepped-down confidentiality on the docket in addition to new versions of any briefs that were previously filed with redactions in accordance with the Court's determination on confidentiality of the underlying documents.

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
October 25, 2022
Page 2

### 2. Losartan/Irbesartan Plaintiff Fact Sheets

In light of the recent production of core discovery for losartan and irbesartan, Defendants have reached out to Plaintiffs to discuss proposed Plaintiff Fact Sheets related to those products and sent draft fact sheets to Plaintiffs' counsel on October 21, 2022. As the parties have yet to meet and confer, this issue is not yet ripe, but Defendants hope to be able to present any disagreements for resolution at the next biweekly conference call.

### 3. Discovery and Case Management Issues for the Third-Party Payor ("TPP") Trial

The parties have met and conferred multiple times since the October 6, 2022 Case Management Conference (the "October 6 CMC") to discuss their discovery disputes and related case management issues pertaining to the TPP Trial. In accordance with Special Master Vanaskie's orders, the parties have also filed their respective briefs on these issues. (*See* ECF 2178-1 ("Defendants' Brief" or "Defs.' Br."); ECF 2181 ("MSPRC's Br.").)[1] Two issues are before the Court: (1) the TPP Defendants' motion to compel production of documents and data relevant to MSPRC's alleged damages; and (2) the TPP Defendants' request to set deadlines for damages experts for the TPP Trial. Other matters pertaining to the TPP Trial, including MSPRC's proposed responses to TPP Defendants' other discovery requests and the timing thereof, remain under discussion and are reserved.

#### A. Defendants' Motion To Compel Documents and Data Relevant to MSPRC's Alleged Damages.

The TPP Defendants have requested the production of three categories of documents and data pertaining to MSPRC's theory of injury and damages: (1) government subsidy, reimbursement, and rebates that MSPRC's TPP assignors received for valsartan-containing drugs ("Disputed Request 2"); (2) materials the TPP assignors submitted in connection with bids submitted to the Centers for Medicare & Medicaid Services ("CMS") ("Disputed Request 3"); and (3) internal reports analyzing or reflecting projections and actual spend by the TPP assignors on Medicare Part D prescription drugs during the relevant time period ("Disputed Request 4"). The parties submitted their briefs regarding this requested discovery on October 20. Defendants argued that their requests are both highly relevant to Plaintiff's theory of injury and damages and proportional to the needs of the case. (*See generally* Defs.' Br.) In response, MSPRC does not appear to object to producing all documents and data responsive to Disputed Request 2. Accordingly, MSPRC should be compelled to produce the reports and data responsive to Disputed Request 2 for the reasons set forth in Defendants' Brief. (*See* Defs.' Br. at 5-8, 13-17, 19-24.)

Plaintiff does object to producing documents and data responsive to the other two categories of discovery, asserting that: (1) the discovery requests are untimely; (2) the requests are irrelevant; and (3) the requests are unduly burdensome and disproportionate to the needs of the case. (*See generally* MSPRC's Br.) Because the parties filed their briefs simultaneously and it is

---

[1] Capitalized terms in this letter have the same meaning as in Defendants' Brief.

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
October 25, 2022
Page 3

not clear whether there will be any responsive briefing, Defendants believe that a brief response in this letter to Plaintiff's arguments would facilitate resolution of the pending dispute.

First, Plaintiff argues that Defendants' requests are untimely because "[g]eneral fact discovery closed quite some time ago," even as Plaintiff acknowledges that this is not "reason enough" to refuse the Disputed Requests. (MSPRC's Br. at 7 (noting that "phase I" closed on June 1, 2021, and "phase II" ended on October 4, 2021).) Indeed it is not, as the trial-specific fact discovery sought now is separate and distinct from the general fact discovery of prior phases. The first phase of fact discovery focused on document and deposition discovery of the manufacturer defendants, depositions of economic loss and medical monitoring putative class representatives, and depositions of personal injury bellwether plaintiffs. (*See* CMO-23, ECF 863.) The second phase focused on document and deposition discovery of the wholesaler and pharmacy defendants. (*Id.*) The limited discovery that the TPP Defendants were permitted to take related to the TPP class representatives pertained directly and narrowly to class certification – specifically, whether the TPP Plaintiffs' damages model is susceptible to class treatment. (*See* ECF 650.)

Plaintiff nevertheless asserts that the case-specific discovery is untimely by analogizing Defendants' requests to their "First Set of Global Interrogatories and Requests for Production," which the Court disallowed as untimely under Special Master Order No. 23 (ECF 1304). (*See* MSPRC's Br. at 8.) But that ruling is inapposite. The Disputed Requests are not "***global***" interrogatories or requests to produce – i.e., discovery that is generally applicable across the pool of cases in the MDL. Rather, the Disputed Requests seek documents and data specific to a particular Plaintiff for use in a single TPP Trial. Indeed, it would have been impossible for the TPP Defendants to propound these requests earlier, as the parties and subject matter of the TPP Trial were not set until the October 6 CMC.

The Court previously recognized as much at the August 24, 2022 Case Management Conference ("August 24 CMC"), clarifying that it viewed case-specific discovery for the TPP Trial as a matter separate from discovery under CMO-23, stating that "specific discovery as to th[e] specific plaintiff" ultimately selected for an individual TPP trial ***would*** likely be appropriate (Aug. 24, 2022 CMC Hr'g Tr. 17:9-14 (ECF 2151)), and telling the parties that the Court "ha[s] never forced a lawyer to go to trial when they don't have the discovery they need in a case" (*id.* 26:14-15). In accordance with the Court's guidance, the TPP Defendants propounded case-specific discovery on MSPRC as soon as it was the "specific case" selected for the TPP Trial. Accordingly, Plaintiff's timeliness argument misperceives the nature of the limited TPP discovery conducted in the MDL and ignores the Court's prior statements.

Second, Plaintiff's various arguments regarding relevance lack merit. Plaintiff initially argues that the requested discovery is irrelevant because "this Court already found 'that contaminated drugs are *economically worthless* at the point of sale by virtue of . . . their contamination." (MSPRC's Br. at 11 (quoting ECF 775 at 20 (emphasis added by Plaintiff)).) However, Plaintiff fundamentally misreads the Court's ruling, which merely found that the consumer and TPP plaintiffs had "alleged sufficient injury and the lack of the VCDs' functionality ***at the motion to dismiss stage***." (ECF 775 at 20 (emphasis added).) The Court did not address

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
October 25, 2022
Page 4

what an individual TPP Plaintiff would have to *prove* at trial, much less weigh in on the scope of case-specific discovery necessary to refute Plaintiff's theory of injury and damages at trial.

Plaintiff next objects that the CMS bids and internal pharmacy-spend projections are "aggregated data" and therefore irrelevant to alleged individual "drug-level" losses. (MSPRC's Br. at 12; *see also id.* ("It is simply impossible to identify drug-level projections . . . from the aggregated projections . . . .").) However, as another court recently recognized in refusing to exclude subsidy-related evidence at a TPP trial, whether government payments or data are allocable to a specific drug purchase is a matter for the "trier of fact" based on the parties' competing expert evidence. *In re Namenda Indirect Purchaser Antitrust Litig.*, No. 1:15-cv-6549 (CM) (RWL), 2022 U.S. Dist. LEXIS 149561, at *38-39 (S.D.N.Y. Aug. 15, 2022). Although Plaintiff contends that *In re Namenda* is "fully distinguishable" because it involved antitrust claims (*see* MSPRC's Br. at 11-12), and the statutes in question "limit[ed] recovery to 'actual damages' or 'actual damages sustained,'" *In re Namenda*, 2022 U.S. Dist. LEXIS 149561, at *37, that principle applies with equal force to MSPRC's state law claims in this case, which are similarly limited to recovery of actual damages, *see* N.Y. Gen. Bus. Law § 349(h). (*See also* Defs.' Br. at 11-13, 15.)[2]

Plaintiff also argues that, even if the data could be disaggregated, they would still be irrelevant to damages because CMS bids and internal projections have no bearing on the amount of damages a TPP actually suffered. (MSPRC's Br. at 12.) However, the CMS bids and projections contain a plethora of data concerning expected versus actual drug payments, which can be used to assess whether there was any deviation from MSPRC's assignors' estimated drug payments, estimated revenue, or estimated return on investment as a result of the withdrawal of the at-issue valsartan-containing drugs. In other words, the requested discovery is directly relevant to whether the withdrawal of the medications actually caused the assignors any actual damages or losses. Although MSPRC appears to suggest that its willingness to produce "aggregated" rebate, reimbursement and premium data for Part D prescriptions should suffice (*see* MSPRC's Br. at 13), Plaintiff should not be allowed to dictate the scope of permissible case-specific discovery for the upcoming TPP trial. Rather, the TPP Defendants are entitled to conduct discovery they reasonably believe will aid their experts in evaluating Plaintiff's theory of injury and loss, which will be one of the central disputes at any trial.

Third, MSPRC also argues that the requests are unduly burdensome and not proportional because portions of their CMS bids are publicly available, and "[t]he assignors are currently in the open-enrollment period for Medicare, which is the busiest time of year for all Medicare Advantage plans." (MSPRC's Br. at 15-17, 20.) However, whether certain parts of a TPP's CMS bids are publicly available is beside the point because by MSPRC's own admission, the spend projections – which are relevant to its assignors' alleged losses – are *not* public. (*Id.* at 9-10.) As a result, limiting the TPP Defendants and their experts to what is publicly available would deny them access to information necessary to adequately defend against MSPRC's theory of injury and damages.

---

[2] MSPRC's attempt to distinguish *In re Namenda* also cannot be squared with the TPP Plaintiffs' attempt to analogize their request for class certification to a separate ruling from *In re Namenda*. ([ECF 2174](#).)

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
October 25, 2022
Page 5

MSPRC's complaint about undue burden should also be rejected because it is nothing more than a claim of inconvenience – i.e., that the assignors are too busy to produce information that is necessary for the TPP Defendants' defense. Any such inconvenience can be adequately addressed by setting an appropriate timetable for production of the requested materials, which only reinforces the need for case management deadlines relating to damages experts.

Fourth, relying on the declarations of Brandon Riff of EmblemHealth and Tiffanie Mrakovich of Summacare, MSPRC argues that the CMS bids and internal reporting sought by Disputed Requests 3 and 4 contain "highly proprietary" and confidential information. (*See* MSPRC's Br. at 17-20 (citing ECF 2181-2, ECF 2181-3).) However, even assuming that the requested information does contain sensitive information, the Amended Confidentiality and Protective Order ("Protective Order") (ECF 1661) adequately safeguards that information. Although MSPRC asserts that the Protective Order "does not protect against" the disclosure of assignors' sensitive business information to "potential competitors" like CVS Health Corporation (MSPRC's Br. 18), that is *exactly* what the Protective Order would prevent. In particular, the Protective Order not only strictly limits disclosures of "Restricted Confidential"[3] information to Court personnel, outside counsel, the witnesses who prepared the materials, and experts directly involved in the trial, but also prohibits disclosure even to parties outside of those narrow categories. (*See* Protective Order ¶ 25.) CVS is not a party to the TPP Trial, nor is any other pharmacy. Accordingly, no competitor would have access to the documents produced in response to Disputed Requests 3 and 4, rendering MSPRC's concerns about confidentiality illusory.

### B. Deadlines for Damages Experts

The TPP Defendants also ask the Court to set deadlines with respect to damages experts in the TPP Trial for the reasons set forth in Defendants' Brief. (*See* Defs.' Br. at 24-26.) MSPRC does not dispute the need for deadlines in its brief, much less challenge the particular ones proposed by the TPP Defendants. Instead, Plaintiff incorrectly asserts in a footnote that "defendants only proposed a schedule for damages experts today" and that Plaintiffs "intend to meet and confer with defendants on this issue." (MSPRC's Br. at n.1.) In fact, counsel for MSPRC and the TPP Defendants have already conferred *four times* on this issue and are plainly at an impasse.

Counsel for MSPRC and the TPP Defendants met and conferred on October 9, 2022, October 12, 2022, October 16, 2022, and October 18, 2022. On each occasion, counsel for the TPP Defendants stressed the importance of confirming dates governing damages experts, which would impact various other discovery issues under discussion, including MSPRC's proposed date to complete production. The TPP Defendants' counsel also discussed different potential time frames that would likely be acceptable to the TPP Defendants, and on each occasion asked MSPRC's counsel to state their position with respect to damages expert deadlines. However, it was not until

---

[3] "Restricted Confidential" information is defined as "highly confidential commercial, business, financial, or competitive information," including "proprietary" information, and "other information of a highly sensitive nature" capable of causing "competitive harm."

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
October 25, 2022
Page 6

October 18, 2022 that MSPRC's counsel disclosed for the first time that no damages expert deadlines should be set until after a ruling on class certification. The TPP Defendants' counsel indicated their strong disagreement with that position, explaining that because the TPP Trial is focused exclusively on the individual claims of a single TPP, the sequencing of discovery for that trial should in no way turn on any ruling related to class certification.

Given the parties' fundamental dispute, the TPP Defendants' counsel indicated they would address this issue in their discovery brief. MSPRC's counsel did not disagree with this approach; they simply asked to be informed in advance what specific schedule the TPP Defendants would request in their brief. The TPP Defendants complied with that request by email on the morning of October 20, 2022, and also indicated availability to confer further throughout the day if there was anything more to discuss on the issue. Receiving no response, the TPP Defendants proceeded to brief the issue.

In short, far from "intend[ing] to meet and confer" on deadlines governing expert damages-related discovery, MSPRC effectively seeks to indefinitely postpone resolution of the issue. The TPP Defendants seek to set the deadlines necessary to move the TPP Trial forward, and therefore ask the Court to set the deadlines requested in Defendants' Brief.

### 4. PFS Deficiencies and Orders to Show Cause

**Cases Addressed at the October 6, 2022 Case Management Conference:**

At the October 6, 2022 Case Management Conference ("CMC"), Defendants requested dismissal in the matter of *Richard Allen Williams v. Zhejiang Huahai Pharmaceutical Co., Ltd. et al.*, No. 1:20-cv-20602-RBK-SAK, on the basis that no Plaintiff Fact Sheet had been filed. This case was previously listed as deficient on the agenda for the July 2022 CMC, and at the August CMC an order to show cause was requested, returnable at the following CMC, as to why this case should not be dismissed.

Defense counsel learned that after submission of the parties' position statements on October 4, 2022, Plaintiff Richard Allen Williams requested a 30-day extension of time from the Court's order to show cause. (*Williams* ECF 25, attached as Exhibit 1.) Defendants note that the basis for requesting this extension was not brought to Defendants' attention at the global meet and confer held prior to the October 6, 2022 CMC, and Plaintiffs' counsel did not oppose dismissal at the October 6, 2022 CMC. However, in an abundance of caution, once the Court's clerk alerted defense counsel to Plaintiffs' extension request, Defendants agreed to continue the request for dismissal until the following CMC. (*See Williams* ECF 26, attached as Exhibit 2.) As of the date of this position statement, Plaintiffs still have not submitted a PFS.

Plaintiff Williams's PFS was due on July 27, 2022, sixty (60) days after filing of his Short Form Complaint. Plaintiff's stated reason for seeking additional time is as follows:

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
October 25, 2022
Page 7

> Plaintiff who is a doctor, with assistance of counsel Alvin L. Pittman, is now, and has been for the past few weeks, in the process of reviewing the opinions of Plaintiffs' expert witnesses disclosed in the In re Valsartan Products Liability case, pursuant to Rule 26 of the Federal Rules of Civil Procedure. (See Declaration of Alvin L. Pittman). Plaintiff is also reviewing the studies cited in the medical expert opinions. Based on this review, Plaintiff will make the decision whether to continue prosecuting his claims, file his Plaintiff's Fact Sheet or will voluntarily dismiss his action.

(*Williams* ECF 25 at 1-2.)

Plaintiff has now had five months since filing his Short Form Complaint to file a PFS. Defendants have uniformly granted extensions of time for Plaintiffs to obtain and complete production of materials associated with a PFS, so long as those requests are accompanied by assurance of counsel that such records will be forthcoming. However, Plaintiff's continued ambivalence about prosecuting this action and complying with the deadlines and process established by CMO-16 is not a valid basis for opposing the order to show cause. Accordingly, Defendants oppose the request for an extension of time and move for dismissal of Plaintiffs' complaint and counts with prejudice. (*See Williams* ECF 24, attached as Exhibit 3.) Defense counsel will be prepared to address this matter in further detail at the case management conference, to the extent necessary.

In addition to the *Williams* matter addressed separately above, the Court issued 6 show cause orders returnable at the October 27, 2022 Case Management Conference:

1. *Benita King v. ZHP, et al.* – 22-cv-1628
2. *Carrie Collins v. Aurobindo, et al.* – 19-cv-16386
3. *Elie Greene v. Aurobindo, et al.* – 21-cv-3214
4. *Jim Smith v. ZHP, et al.* – 22-cv-01245
5. *Eric Thompson v. ZHP, et al.* – 21-cv-19973
6. *Estate of Bernhardt v. Walgreens, et al.* – 22-cv-4330

The issues in the *King* and *Collins* matters are resolved, and the show cause orders may be withdrawn.

The issues in the *Greene*, *Smith*, *Thompson*, and *Bernhardt* matters remain unresolved, and Defendants request their dismissals.

**Second Listing Cases – Order to Show Cause Requested:**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these cases was previously listed on the agenda for a prior CMC. This list was provided to Plaintiffs' leadership on October 18, 2022, and a global meet and confer was held on October 21, 2022. Defendants have also been available for further

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
October 25, 2022
Page 8

discussion as needed. Accordingly, Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why these cases should not be dismissed.

Defense counsel will be prepared to address the individual issues with respect to each of these cases, to the extent necessary, during the October 27, 2022, Case Management Conference:

|    | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|----|-----------|------------------|----------|--------------|-----------------|
| 1. | Estate of Rita Chikhi v. Mylan, et al. | 22-cv-4533 | Parafinczuk Wolf, P.A. | Need authorizations; need clarification of cancer diagnosis sections | 8/17/22 |
| 2. | Yvonne Baker v. Doe | 22-cv-4532 | Parafinczuk Wolf, P.A. | Need authorizations; need clarification of cancer diagnosis sections | 8/17/22 |
| 3. | Carl Mirabile v. ZHP, et al. | 22-cv-4254 | Levin Papantonio | Need billing records | 9/12/22 |
| 4. | Gracie Ellis v. ZHP, et al. | 22-cv-3382 | Levin Papantonio | Need billing records | 9/12/22 |
| 5. | Rose McCarty v. ZHP, et al. | 22-cv-4164 | Nabers Law | Need billing records | 9/15/22 |
| 6. | Bobby Yount v. ZHP, et al. | 22-cv-4155 | Nabers Law | Need billing records | 9/15/22 - |
| 7. | Robert Parker v. Hetero, et al. | 22-cv-4155 | Nabers Law | Need billing records | 9/15/22 |
| 8. | Howard Engel v. Aurobindo, et al. | 22-cv-4536 | Parafinczuk Wolf, P.A. | Missing medical records for all but one provider; lot numbers cut off | 9/2/22 |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
October 25, 2022
Page 9

|  | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 9. | Genita Johnson v. ZHP, et al. | 20-cv-20602 | Law Offices of Alvin Pittman | No PFS Filed | 9/22/22 |
| 10. | Anthony Long v. ZHP, et al. | 21-cv-13189 | Carlson Law Firm | No PFS Filed | 9/27/22 |

**First Listing Cases – Remaining Core Deficiencies:**

The following Plaintiff Fact Sheets contain core deficiencies which remain unresolved. This list was provided to Plaintiffs' leadership on October 18, 2022, and a global meet and confer was held on October 21, 2022. Defendants have also been available for further discussion as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

|  | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Clifford Conley | 22-cv-3323 | Nabers Law Firm | Witness line of health insurance authorizations blank; Need medical records of cancer diagnoses; need medical expenses | 9/11/2022 |
| 2. | Harold Mabry | 22-cv-4481 | Levin Papantonio | Need pharmacy records for NDC code 00937-809-56; Need medical expenses | 9/28/2022 |
| 3. | Dennis Macabuhay v. Aurobindo, et al. | 22-cv-4816 | Fleming Nolen | Authorizations must be undated; Need medical expenses | 10/7/2022 |
| 4. | Estate of Daniel Kwoka v. ZHP, et al. | 22-cv-4309 | Levin Papantonio | Need medical expenses | 10/7/2022 |
| 5. | Estate of Eloise Allen v. ZHP, et al. | 22-cv-4935 | Fleming Nolen | Need medical expenses | 10/10/2022 |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
October 25, 2022
Page 10

| | | | | | |
|---|---|---|---|---|---|
| 6. | Carrie Collins v. Prinston, et al. | 19-cv-16386 | Haffner Law | Need medical records; need pharmacy records; Cancer diagnosis section of PFS is blank; Need billing records; Insurance authorization signatures are unwitnessed | 10/12/2022 |
| 7. | Maritza Hernandez | 22-cv-3288 | Levin Papantonio | Need medical records and medical expense records | 9/23/2022 |
| 8. | Zola Owens | 22-cv-4312 | Levin Papantonio | Need medical records, medical expense records, signed declaration | 9/28/2022 |
| 9. | Willie Quarles v. Aurobindo Pharma, et al. | 22-cv-3385 | Nabers Law Firm | I.C.11 – Still failed to provide the specific start dates for Plaintiff's usage of both identified Valsartan products in the Amended PFS.<br><br>I.C.12 – Still failed to provide the specific end dates for Plaintiff's usage of both identified Valsartan products in the Amended PFS.<br><br>III.C.5.a – Still failed to respond in the Amended PFS.<br><br>III.G.c – Still failed to provide the monetary amounts for each of the identified claimed medical expenses in the Amened PFS.<br><br>V.G.1-V.G.4 – Still failed to provide any information for the identified diagnosed conditions of: cirrhosis and | 10/3/2022 |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
October 25, 2022
Page 11

| | | | | | |
|---|---|---|---|---|---|
| | | | | hyperlipidemia in the Amended PFS.<br><br>XI.B.2 – Still only three pages of medical records have been produced. Still failed to produce complete treatment medical records for each identified healthcare provider for the alleged injuries asserted in this lawsuit.<br><br>XI.B.18 – Still no billing records produced with the Amended PFS. | |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
October 25, 2022
Page 12

| | | | | | |
|---|---|---|---|---|---|
| 10. | Larry Bass v. Hetero Drugs, et al. | 22-cv-4151 | Nabers Law Firm | I.C.12 – Still failed to provide the specific date of the original diagnosis date of Plaintiff's cancer in the Amended PFS.<br><br>III.G.c – Still failed to provide the monetary amounts for each of the identified claimed medical expenses in the Amended PFS.<br><br>XI.B.2 – Still no Express Scripts pharmacy records produced. Also, still only five pages of medical records produced. Still failed to produce to complete treatment medical records for each identified healthcare provider for the alleged injuries in this lawsuit.<br><br>XI.B.18 – Still no billing records with the Amended PFS. | 10/3/2022 |
| 11. | Ina Roddey v. Hetero Labs, et al. | 22-cv-4540 | Parafinczuk Wolf, P.A. | I.C.8 – Failed to identify the API manufacturer for the first identified Valsartan product (with usage dates of 8/7/2014-9/21/2015).<br><br>IV.B.1-IV.B.4 – No hospitals or treatment facilities where Plaintiff received treatment are identified in the Amended PFS. Please amend and supplement. | 9/2/2022 |

| | | | | | |
|---|---|---|---|---|---|
| | | | | XI.A.1 – No health care authorization produced for River Region Medical Center. Please produce a properly executed and undated health care authorization for each of the foregoing health care provider. | |
| 12. | E.O. Candace King, et al. v. Hetero Drugs, et al. | 22-cv-3856 | Levin Papantonio | No Amended PFS filed<br><br>III.G.a-III.G.c – Failed to provide any substantive responses to the request to identify Plaintiff's claimed medical expenses, including: the name of the healthcare provider for each claimed medical expense; the date of service for each claimed medical expense; and the monetary amount of each claimed medical expense.<br><br>XI.B.18 – No billing records produced. | 9/28/2022 |
| 13. | Robert Bailey v. Mylan Laboratories et al. | 22-CV-01518 | Nabers Law | No medical expenses; incomplete medical records- only reflect a single PCP visit following prostate biopsy; PFS use time period inconsistent with pharmacy records | 10/03/2022 |
| 14. | Thomas Amoia v. Mylan Laboratories et al. | 22 - CV- 02438 | Nabers Law | No medical expenses; incomplete medical records | 10/03/2022 |

The Honorable Robert J. Kugler
Special Master the Honorable Thomas Vanaskie
October 25, 2022
Page 14

| 15. | Robert Lewis v. Aurobindo, et al. | 22-CV-02524 | Nabers Law | No medical expenses; incomplete medical records; pharmacy records lack NDC codes to show use of recall product | 10/03/2022 |
|---|---|---|---|---|---|
| 16. | Brian Thompson v. Aurobindo Pharma et al. | 22-CV-03438 | Nabers Law | No medical expenses; no authorizations; incomplete medical records please see deficiency notice for complete listing | 10/03/2022 |
| 17. | Renne Bishop v. MylanLabs, et al. | 22-CV-03441 | Nabers Law | No medical expenses; no authorizations; incomplete medical records please see deficiency notice for complete listing | 10/03/2022 |
| 18. | Mona Clark v. Aurobindo et al. | 22-CV-03392 | Nabers Law | No medical expenses; incomplete pharmacy records-uploaded documents do not have identifying information for Mona Clark | 10/03/2022 |
| 19. | Estate of Charlotte Orrino v. ZHP, et al. | 22-cv-4842 | Levin Papantonio | No PFS Filed | 10/1/2022 |
| 20. | Estate of Gale Barber v. ZHP, et al. | 22-cv-5051 | Levin Papantonio | No PFS Filed | 10/15/2022 |

Respectfully Submitted,

Jessica Davidson Miller

cc: All counsel of record (via ECF)