UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>This Document Relates to All Actions | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge |

**DECLARATION OF BRIAN H. RUBENSTEIN IN SUPPORT OF TEVA'S MOTION TO SEAL EXHIBITS TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OF CONSUMER ECONOMIC LOSS CLAIMS (Dkt. 1748) PURSUANT TO LOCAL CIVIL RULE 5.3(c)**

Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis, LLC, and Actavis Pharma, Inc., (collectively, the "Teva Defendants" or "Teva") respectfully submit this Declaration of Brian H. Rubenstein in Support of the Teva Defendants' Motion to Seal Exhibits to Plaintiffs' Motion for Class Certification of Consumer Economic Loss Claims (Dkt. 1748) Pursuant to Local Civil Rule 5.3(c).

I, Brian H. Rubenstein, hereby declare as follows:

1. I am an attorney at law in the Commonwealth of Pennsylvania and in the state of New York, where I am a member in good standing of each bar. I am a Shareholder with the law firm of Greenberg Traurig, LLP, and serve as counsel for the Teva Defendants in this action.

2. I make this Declaration based upon personal knowledge in support of Teva Defendants' Motion to Seal Exhibits to Plaintiffs' Motion for Class Certification of Consumer Economic Loss Claims (Dkt. 1748) Pursuant to Local Civil Rule 5.3(c).

3. On June 26, 2019, following extensive negotiations and agreement of the Parties, the Court entered a Confidentiality and Protective Order (the "Protective Order") (Dkt. 139) to protect the confidentiality of the parties' private proprietary information, trade secrets, proprietary scientific information, and other highly sensitive information, both business and personal, exchanged during discovery in this litigation. That Protective Order was subsequently amended via the Amended Confidentiality and Protective Order (the "Amended Protective Order") and entered in this action by Hon. Thomas I. Vanaskie (Ret.), Special Master, on October 21, 2021 (Dkt. 1661).

4. The Amended Protective Order permits a producing party to safeguard "PROTECTED INFORMATION" by designating a document either "CONFIDENTIAL INFORMATION" and/or "RESTRICTED CONFIDENTIAL INFORMATION" and/or ""RESTRICTED CONFIDENTIAL PBM INFORMATION." Under the Amended Protective Order, "CONFIDENTIAL INFORMATION" includes:

> [A]ll information produced by any party in the course of discovery or other proceedings in this case (electronic or otherwise) which is

proprietary, trade secret and/or highly sensitive commercial information, and which is believed in good faith by the Producing Party to have the potential, if disclosed, for causing competitive harm to it or giving a competitive advantage to others, and/or which is not publicly available and which a party believes in good faith to be subject to federal, state, or foreign data protection laws or other similar privacy obligations imposed by law. . . .

"RESTRICTED CONFIDENTIAL INFORMATION" includes:

Documents that a Party has designated "RESTRICTED CONFIDENTIAL" in accordance with this Protective Order and includes Documents a Party reasonably believes contain, describe, identify, or refer to highly confidential commercial, business, financial, or competitive information including proprietary manufacturing and production information (including formulation); business and prospective marketing plans; trade secrets; customer lists; pricing, market share, product cost and projected sales data; data relating to mergers and acquisitions; other information of a highly sensitive nature about the Party, which is not publicly available, the disclosure of which could cause the Producing Party competitive harm; and Protected Health Information ("PHI"), as that phrase is defined in the Health Insurance Portability and Accessibility Act of 1996, Pub. L. 104-191 and the regulations promulgated thereunder. . . .

5.     Pursuant to the Amended Protective Order, a party may designate a document as "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION" and, if so, the information may only be used for purposes of this litigation and may only be disclosed to designated persons. Disclosure of information designated as "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION" other than in accordance with the Amended Protective Order may subject the disclosing party to sanctions.

6.     The Amended Protective Order provides that any documents that a party wishes to file with the Court previously designated as CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION" shall be filed in a manner that preserves the confidentiality of such information. Parties are required to attempt to avoid filing materials under seal by working with the Producing Party to create non-confidential, redacted, or excerpted pages of materials containing PROTECTED INFORMATION to attach to filings. The Amended Protective Order also directs the parties to confer to attempt to agree upon the non-confidential portions of the material that can be attached to the filing and, if an agreement cannot be reached, requires the designating party to file a motion to seal the materials containing PROTECTED INFORMATION pursuant to Local Rule 5.3(c).

7.     Local Civil Rule 5.3(c)(1) requires that "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to any materials . . . shall ordinarily be made on notice…[and a]ny motion papers shall include as part of an affidavit, declaration, certification or other documents of the type referenced in 28 U.S.C. § 1746, which shall be based on personal knowledge as required by Local Civil Rule 7.2(a), an index, substantially in form suggested by Appendix U, describing with particularity: (a) the nature of the materials or proceedings at issue: (b) the legitimate private or public interest which warrants the relief sought; (c) the

clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." The required index "shall also include, as to each objection to seal any material: (g) the materials to which there is an objection; (h) the basis for the objection; and (i) if the material or information was previously sealed by the Court in the pending action, why the materials should not be maintained under seal.

8. The Teva Defendants have produced over 225,000 documents in this action with confidentiality designations. On or around June 18, 2021, Plaintiffs' counsel challenged the Teva Defendants' confidentiality designations for 126 documents. After meeting and conferring with Plaintiffs' counsel on several occasions, Teva ultimately agreed to de-designate all but 26 of the contested documents. The remaining 26 documents were the subject of a discovery hearing heard by Hon. Thomas I. Vanaskie (Ret.), on September 13, 2021. *See* Dkt. 1561.

9. On or around September 6, 2022, Plaintiffs challenged the confidentiality designations of 19 Exhibits that were attached to the Parties' briefing on class certification. After numerous rounds of meeting and conferring, the Teva Defendants agreed to de-designate or agreed to appropriate redactions on all but 6

documents which were filed as Exhibits to Plaintiffs' Motion for Class Certification of Consumer Economic Loss Claims (Dkt. 1748) on November 10, 2021.

10. One of the 26 documents addressed by Judge Vanaskie during the discovery hearing on September 13, 2021, is at issue again here: TEVA-MDL2875-00400391 to TEVA-MDL2875-0040000 (attached as **Ex. 90** to Dkt. 1748). Judge Vanaskie, citing concerns for the competitive harm that would result to Teva should that document be disclosed, ordered the document to remain confidential at the September 2021 discovery hearing. *See* Dkt. 1561 at 32 ("[T]his [document] has a lot of detail in terms of the questions that are being asked . . . by upper-level management at Teva. It reveals their thought processes in undertaking these audits. I think it would reveal information that a competitor would find very useful, and therefore, it will remain sealed.").

11. The additional 5 documents at issue in this motion were not previously challenged by Plaintiffs or addressed by the Court.

12. Pursuant to the Amended Protective Order, the Teva Defendants hereby move to seal the following documents designated as "CONFIDENTIAL INFORMATION" and/or "RESTRICTED CONFIDENTIAL INFORMATION":

- TEVA-MDL2875-00049024 (attached as **Exs. 16 and 67** to Dkt. 1748)
- TEVA-MDL2875-00549883 (attached as **Ex. 66** to Dkt. 1748)
- TEVA-MDL2875-00020519 (attached as **Ex. 72** to Dkt. 1748)

- TEVA-MDL2875-00522655 to TEVA-MDL2875-00522660 (attached as **Ex. 88** to Dkt. 1748)

- TEVA-MDL2875-00400391 to TEVA-MDL2875-0040000 (attached as **Ex. 90** to Dkt. 1748) (previously addressed by the Court)

- TEVA-MDL2875-00042885 to TEVA-MDL2875-00042887 (attached as **Ex. 97** to Dkt. 1748)

13. These documents include internal investigation reports and other documents that (a) provide information about the Teva Defendants' internal reporting and investigative processes; (b) are competitively sensitive as they comment on the Teva Defendants' evaluation of a supplier; (c) provide information of the Teva Defendants' internal toxicology and risk assessment processes; and/or (d) provide information about the Teva Defendants' internal reporting and audit processes. The above-referenced documents also contain non-public proprietary and/or highly sensitive commercial information, which is believed in good faith by the Teva Defendants to have the potential, if publicly disclosed, to cause significant competitive harm to the Teva Defendants and competitive advantage to their direct competitors.

14. The Teva Defendants have strong and legitimate interests in protecting the above-described information from disclosure to their competitors and the public at large. *See, e.g., Goldenberg v. Indel*, Civil Action No. 09-5202 (JBS/AMD), 2012

WL 15909, at *9 (D.N.J. Jan. 3, 2012) (finding legitimate privacy interest in preventing disclosure of confidential business agreements, private email exchanges discussing the ways in which entities calculated certain fees, and other commercially sensitive documents); *Congo, LLC v. Revcontent, LLC*, Civil Action No. 16-401-MAS, 2016 WL 3751613 (D.N.J. July 13, 2016) (granting motion to seal confidential business information related to interactions with company's clients, internal financial business information, and internal details of the parties' businesses).

15. The documents at issue here are non-public, confidential, and were produced by the Teva Defendants in reliance on the protective orders entered in this case to maintain their confidentiality. These considerations weigh against public disclosure of the documents at issue. *See, e.g.*, *Rutigliano v. Appleton Papers, Inc.*, No. 90-1432, 2000 WL 1705152 at *5 (D.N.J. Oct. 6, 2000) (public disclosure in product liability action should not be compelled where defendant produced material in reliance on a confidentiality order). The documents were not disclosed to any third parties prior to this litigation.

16. As outlined more fully in the Declaration of Anthony R. Binsol, disclosure of the above-noted documents would cause the Teva Defendants irreparable harm by placing the Teva Defendants at a competitive disadvantage if publicly disclosed. The information sought to be sealed provides insight into the

Teva Defendants' proprietary internal processes related to reporting, internal investigations, toxicology and risk assessment processes, internal reporting, auditing processes, and Teva's overall business strategy related to the investigation, management, and preventive action taken related to the presence of impurities in Valsartan. In the hands of Teva's competitors, the documents would serve as a blueprint for Teva's procedures for the handling of such situations. Disclosure of this information would allow Teva's competitors to analyze and/or adopt those processes, better compete with the Teva Defendants, and damage the Teva Defendants' relationships with their suppliers.

17. As counsel for the Teva Defendants, I have carefully and thoroughly reviewed the above-noted documents. There is no less restrictive means available or practicable to protect the Teva Defendants' interests in maintaining the documents as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION as, due to the nature of the contents of these documents, there are no redactions that can be made to protect the sensitive information contained in these documents.

I, Brian H. Rubenstein, declare under penalty of perjury that the foregoing is true and correct.

Executed on December 2, 2022        By: */s/ Brian H. Rubenstein*

Brian H. Rubenstein
1717 Arch Street, Suite 400
Philadelphia, Pennsylvania
Tel: (215) 988-7864
Fax: (214) 689-4419
rubensteinb@gtlaw.com
*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*