UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: All Actions | No. 1:19-md-2875-RBK<br>Hon. Robert Kugler |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY AND NOTICE OF ADDITIONAL SUPPLEMENTAL AUTHORITY**

In filing their Notice of Supplemental Authority, Defendants attempt to re-litigate, for a third time, Rule 12(b)(6) issues. While Defendants are correct that standing is an "inherent prerequisite to the class certification inquiry," they ignore the reality that this is a prerequisite that has *already been met* by the Economic Loss Plaintiffs (hereafter "EL Plaintiffs").

This Court has already found that the EL Plaintiffs alleged a cognizable injury to invoke Article III standing. *See* D.E. 775. As set forth in their Class Certification briefing, the EL Plaintiffs intend to submit through common factual and expert testimony that they suffered economic injury occurred because the Valsartan they purchased was "economically worthless at the point of sale by virtue of the dangerousness caused by their contamination, regardless of whether the sold VCDs

actually achieved the medical purpose of lowering blood pressure." D.E. 775 at 20. Were this not enough, the Court further held that the fact that drug may have been medically efficacious to a Plaintiff has no bearing on the question of injury or standing because "contaminated drugs, even if medically efficacious for their purpose, cannot create a benefit of the bargain because the contaminants, and their dangerous effects, were never bargained for." *Id.*

Nevertheless, because Defendants raise this issue, *yet again*, Plaintiffs are compelled to attach recent supplemental authority from the 11th Circuit, which arrives at the same conclusion the Court arrived in in its rulings on the Defendants' 12(b)(6) Motions to Dismiss. *See Zantac (Ranitidine) Prods. Liab. Litig. Plumbers & Pipefitters Local Union 630 Welfare Fund. v. GlaxoSmithKline LLC*, No. 21-10335, 2022 U.S. App. LEXIS 30823, at *10 (11th Cir. Nov. 7, 2022) (appended here as Exhibit A).

In this November 7, 2022 decision, the 11th Circuit addressed the question of Article III standing in a case with facts more closely aligned to those before this Court. There, the 11th Circuit held that purchasers of ranitidine contaminated with NDMA suffered economic injury "because [each] made payments or reimbursements for a product that was economically worthless." The theory of injury in the *Zantac* case is almost identical to the theory of injury espoused here (that the at-issue ranitidine contained a contaminant with a dangerous effect that was

2

never bargained for), and the 11th Circuit found that this theory was enough to satisfy injury in fact. *Id.* (citing *Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1084 (11th Cir. 2019)).

The First Circuit recently came to a similar conclusion *in Xavier v. Evenflo Co. (In re Evenflo Co.)*, No. 22-1133, 2022 U.S. App. LEXIS 32497, at *11 (1st Cir. Nov. 23, 2022) (appended here as Exhibit B). There, in a case regarding defective car seats, the Defendants made a similar argument as the Defendants do here – namely, that a Plaintiff lacks standing in a situation where they are not actually injured by an allegedly unsafe product. *Id.* However, the First Circuit disagreed, concluding that it has "repeatedly recognized overpayment as a cognizable injury" and finding that this is even true in a situation where a product "performs adequately and does not cause any physical or emotional injury." *Id.*

The Class Certification question currently before the Court is not whether the EL Plaintiffs have alleged a cognizable injury to satisfy Article III standing – this Court has already ruled that Plaintiffs have met that prerequisite. Rather, the question before the Court is whether the EL Plaintiffs can present common evidence applicable on a class-wide basis of this injury, and whether the Class Representatives can adequately represent the class. As the EL Plaintiffs submit in their Class Certification briefing, they can and they do.

3

Consequently, Plaintiffs ask that the Court disregard Defendants' supplemental authority as inapplicable and not relevant to the question of Class Certification.[1]

Dated: December 7, 2022                                    Respectfully submitted,

/s/ *Ruben Honik*
Ruben Honik
**HONIK LLC**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Phone: (267) 435-1300
ruben@honiklaw.com

/s/ *Daniel Nigh*
Daniel Nigh
**LEVIN, PAPANTONIO, THOMAS, MITCHELL RAFFERTY & PROCTOR, P.A.**
316 South Baylen Street
Pensacola, FL 32502
Phone: (850) 435-7013
dnigh@levinlaw.com

/s/ *Adam Slater*
Adam Slater
**MAZIE, SLATER, KATZ & FREEMAN, LLC**
103 Eisenhower Pkwy, 2nd Flr.
Roseland, NJ 07068
Phone: (973) 228-9898
aslater@mazieslater.com

/s/ *Conlee S. Whiteley*
Conlee S. Whiteley
**KANNER & WHITELEY, LLC**
701 Camp Street
New Orleans, LA 70130
Phone: (504)-524-5777
c.whiteley@kanner-law.com

***MDL Plaintiffs' Co-Lead Counsel***

---

[1] It should be noted that while the *Boeing* decision submitted by Defendants was heard by the 5th Circuit as a 23(f) appeal, the actual opinion contains actual no analysis of the factors set forth in Rule 23. As such, the 5th Circuit arrived at no conclusions about whether i) the plaintiffs' case could be proven on a class-wide basis, ii) common issues would predominate, iii) whether a class trial would be manageable, or iv) whether the plaintiffs could adequately represent the class.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2022, I caused a true and correct copy of the foregoing to be filed and served upon all counsel of record by operation of the Court's CM/ECF system.

*/s/ David J. Stanoch*
David J. Stanoch
