# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

December 12, 2022

*Via ECF*
Honorable Thomas I. Vanaskie, Special Master
Stevens & Lee, P.C.
1500 Market Street, East Tower, 18th Floor
Philadelphia, Pennsylvania 19103

   Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
      No. 1:19-md-02875-RBK (D.N.J.)

Dear Judge Vanaskie:

Plaintiffs respectfully submit this letter in advance of the December 14, 2022 status conference.

### 1. Deadlines for Defendants' Liability Expert Reports

Defendants' liability expert reports are currently due December 19, 2022. Defendants have asked for Plaintiffs' consent to an extension for the filing of defense expert reports. Plaintiffs are unclear as to which reports are at issue and the reasons why the requests are being made, with the exception of two ZHP experts who we have been advised have had health issues. This is problematic as Plaintiffs' experts are currently scheduled to be deposed beginning the first week of January, leaving little time for preparation given the current deadline. Shortening the time Plaintiffs and their experts will have to prepare for those depositions, considering the intervening

Hon. Thomas I. Vanaskie, Special Master
December 12, 2022
Page 2

holidays, would be that much more difficult. Plaintiffs have agreed to meet and confer with the Defendants, and expect that the Parties will have an update for the Court at the conference.

2. **Losartan and Irbesartan Plaintiff Fact Sheets**

The Parties have met and conferred on several occasions concerning the implementation of a PFS for losartan and irbesartan cases. The Parties have been able to resolve many of their disputes. Plaintiffs, in an effort to alleviate the number of disputes the Court has to resolve, have agreed to allowing Defendants to add certain substantive questions, even though the PFS was thoroughly litigated at the outset of this MDL. The remaining issue is whether plaintiffs with "mixed use cases" (i.e., plaintiffs who took valsartan, as well as irbesartan and/or losartan) who have already completed a valsartan PFS should be required to complete the entire losartan/irbesartan PFS.

Plaintiffs with mixed use cases have previously filed lengthy Plaintiff Fact Sheets. The only information Defendants lack from mixed use plaintiffs is their losartan and irbesartan prescription information. There is simply no need or justifiable basis for Plaintiffs to complete more than 40 pages of discovery, *again*. This is particularly the case where Defendants have shown they will use any defect in Plaintiffs' responses to the PFS as a basis for dismissal. Thus, it is clear that the basis for Defendants' ask is to set up a situation wherein a mixed-use plaintiff who has submitted a fully complete valsartan plaintiff fact sheet will nevertheless have her or his case dismissed because information that was previously provided in full, was not provided *again*. For these reasons, Plaintiffs request that mixed use plaintiffs who have previously submitted a valsartan PFS only be required to complete the losartan and irbesartan prescription information for their cases as a supplement. Plaintiffs agree that for any plaintiff who has not filed a PFS (whether

Hon. Thomas I. Vanaskie, Special Master
December 12, 2022
Page 3

because they are mixed use cases or not) would be required to submit the new version of the

Plaintiff Fact Sheet.

      Thank you for your courtesies and consideration.

                        Respectfully,

                        ADAM M. SLATER

cc:    All Counsel (via CM/ECF)