

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA 15219
412.263.2000   FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.: 412.263.1816
DIRECT FAX NO: 412.263.4246
FILE NO.: MYLAN-112578
EMAIL: cct@pietragallo.com

December 12, 2022

**Via ECF**

Special Master the Hon. Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower, 18th Floor
Philadelphia, PA 19103
TIV@stevenslee.com

      Re:   *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
              USDC, District of New Jersey, No. 1:19-md-2875-RBK-KMW

Dear Judge Vanaskie:

I write on behalf of the Defendants' Executive Committee to provide Defendants' position with respect to the topic on the agenda for the conference with the Court on Wednesday, December 14, 2022. Defendants do not expect the need to discuss any confidential materials as part of this conference.

1. **Losartan/Irbesartan Plaintiff Fact Sheets**

In light of the recent productions of core discovery for losartan and irbesartan, Defendants have reached out to and negotiated with plaintiffs regarding entry of a new Plaintiff Fact Sheet ("Proposed PFS," attached as Exhibit A).[1]  Specifically, after successful rounds of negotiation, the parties have agreed upon the contents of the attached Personal Injury Plaintiff Fact Sheet, which adds and incorporates questions concerning the additional sartans and related claims.  Similarly,

---

[1] While Defendants are currently asking for the entry of the Proposed Personal Injury PFS, Defendants plan to apply the negotiations to the economic loss and third-party payor Plaintiff Fact Sheets.  Those PFSs, however, are not yet before the court.

Special Master the Honorable Thomas Vanaskie
December 12, 2022
Page 2

through experience in the valsartan litigation, the parties negotiated clarifying language for potentially ambiguous questions and reorganized certain sections to more logical locations. Only one outstanding issue remains: whether mixed-use plaintiffs who have already completed a valsartan-only PFS should be required to complete the Proposed PFS adding irbesartan and losartan in its entirety.

Defendants request that the Court require mixed-use plaintiffs to complete the Proposed PFS in its entirety. Plaintiffs' proposal of a losartan/irbesartan "addendum" on product usage only ignores the fact that multiple sections of the valsartan PFS include questions specific to valsartan and not encompassing losartan or irbesartan. This includes questions involving not only product usage, but also damages, injuries, advertising exposure, fraud, instructions/discussions with physicians, communications with defendants, and possession of product labeling/packaging, among others. *See, e.g.*, ECF No. 249 at 14-22, 28 & 33. Indeed, nearly all questions in the "Claim Information" section (section III) are specific to valsartan. The same is true for many of the document requests. *Id.* at 35-40. There is no reason to believe that plaintiffs completed the valsartan PFS with the other sartans in mind, nor should defendants be expected to speculate whether plaintiffs contemplated their losartan/irbesartan claims when completing the valsartan PFS. Additionally, a losartan/irbesartan addendum would unnecessarily complicate entry of the Proposed PFS, including adding unnecessary rounds of negotiation and delay because there is no simple way to excise the losartan/irbesartan sections into a neatly packaged addendum.

The new Proposed PFS includes multiple sections that have been broadened to encompass losartan and irbesartan. *See, e.g.,* Proposed PFS at 3-5. Mixed-use plaintiffs completing the new Proposed PFS several benefits for both parties, including taking advantage of the clarified questions and organization of the new PFS. While the PFS itself is lengthy, the responses to the

Special Master the Honorable Thomas Vanaskie
December 12, 2022
Page 3

questions are not, the information is already gathered, and Plaintiffs with a valsartan PFS simply need to cut and paste most of that information into the updated PFS. The burden on plaintiffs is minimal, and completing the new PFS will provide consistency and uniformity going forward.

Still, plaintiffs are concerned that having to revisit the PFS may lead to dismissals for missing information. While that is certainly true for their losartan and irbesartan claims, it would not be true for their valsartan claims. Defendants agree that seeking dismissal for valsartan claims would be improper if those same plaintiffs have already satisfactorily completed the valsartan PFS. To be sure, plaintiffs who ingested only valsartan and have already completed a PFS or filed a complaint prior to the date of an order entering the new PFS will not need to complete the new PFS (although we intend that all plaintiffs who file new complaints after the date this PFS is entered complete this version).

Accordingly, defendants respectfully request that the Court enter the attached proposed Personal Injury Plaintiff Fact Sheet and direct that the following plaintiffs complete the Proposed PFS within 90 days of entry:

- All plaintiffs who have filed a short-form complaint but who have not completed any PFS;
- All plaintiffs who file a short-form complaint after court approval of the Proposed PFS; and
- All mixed-used plaintiffs who have completed the valsartan-only PFS.

2. **Expert Disclosures and Depositions**

The parties are currently meeting and conferring regarding expert scheduling issues in order to address some unexpected issues that have arisen with respect to certain experts and the exigencies created by the upcoming holidays. If the parties are unable to reach agreement before the status conference, we may require assistance from the Court to resolve this issue.

Special Master the Honorable Thomas Vanaskie
December 12, 2022
Page 4

                                                Respectfully submitted,

                                                */s/ Clem C. Trischler*

                                                Clem C. Trischler

c:       All counsel of record (via ECF)