

Steven M. Harkins
Tel 678.553.2312
Fax 678.553.2441
harkinss@gtlaw.com

January 20, 2023

**VIA ECF**

Hon. Thomas I. Vanaskie, Special Master
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

>       Re:    ***In re Valsartan, Losartan, and Irbesartan Products Liability***
>              ***Litigation***, **Case No. 1:19-md-02875-RBK-TIV**

Dear Special Master Vanaskie:

      Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US Inc., Prinston Pharmaceutical Inc. d/b/a Solco Healthcare LLC, Solco Healthcare US, LLC, Teva Pharmaceuticals USA, Inc., Actavis Pharma, Inc., Actavis, LLC, and Torrent Pharma Inc. (collectively, the "TPP Defendants") respectfully submit this letter brief to seek additional time to depose Plaintiffs' liability expert, Laura Plunkett. The TPP Defendants hereby move the Court for an additional one (1) hour to complete the deposition of Ms. Plunkett. Defense counsel advised Plaintiffs that they intended to seek additional time to complete the deposition of Ms. Plunkett during her deposition on January 12, 2023, and again by email correspondence on January 19, 2023, in an attempt to avoid the need to bring this request to the Court. Plaintiffs have not consented to allow any additional time for completion of Ms. Plunkett's deposition.

      Under Rule 30 of the Federal Rules of Civil Procedure, depositions (in even simple cases with a single plaintiff and single defendant) may last for up to seven hours. *See* Fed. R.Civ.P. 30(d)(l). Understanding, however, that the complexities of a case may require a deposition to exceed the standard seven-hour time limit, Rule 30 *requires* courts to grant additional deposition time in certain circumstances to ensure a fair examination. "The court *must allow* additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent ...." Fed.R .Civ.P. 30(d)(l) (emphasis added).

      The circumstances here justify at least one additional hour to complete Ms. Plunkett's deposition to enable each of the TPP Defendants adequate time to fairly question Plaintiffs' expert about the opinions that she intends to offer at trial in this case

January 20, 2023
Page 2
_____

against those defendants, including the new opinions that Ms. Plunkett disclosed for the first time during re-direct from Plaintiffs' counsel.

### *TPP Defendants' Request Is Consistent With Precedent In This Case*

The Court has recognized throughout this action the complexities presented by this litigation and has historically allowed the parties time beyond the standard seven-hour limit imposed by Rule 30 when necessary to allow the parties a full and complete opportunity to depose an expert and discover the basis of a witness's opinions. During the depositions of the parties' general causation experts, as the Court no doubt recalls, the "presumptive" time limit for expert depositions was extended to ten hours. *See* Transcript of Aug. 5, 2021 Case Management Conference, Dkt. 1473, at 14:22-23. In making that decision, the Court gave specific consideration to the number of defendants involved and the complexity and importance of the case. *See id.* at 23:22-25 ("[G]iven the complexity of the matter, given the importance of the matter, given the number of parties, especially the number of defendants in this case, I think that ten hours is reasonable and so ruled.").[1] Indeed, at the class certification stage, the Court granted additional time to depose two of Plaintiffs' class certification experts, John L. Quick and Rena Conti, Ph.D., on these bases. *See* Special Master Order No. 61, Dkt. 1882 (granting Defendants' request for ten hours due to "the comprehensive reports of Mr. Quick and Dr. Conti...damages that are claimed to exceed $4.5 billion...[and finding that] thorough questioning by a host of defendants...is warranted to assure that Defendants have an opportunity to fairly examine Mr. Quick and Dr. Conti.").

Ms. Plunkett has not previously been deposed during any other phase of this litigation. In addition to these reasons deemed sufficient by the Court to establish good cause for more deposition time for the general causation and certain class certification experts—factors which are still present at this stage in the case—the need for additional time to depose Ms. Plunkett in preparation for the upcoming TPP trial is especially warranted because, as explained in more detail below, Ms. Plunkett offered new opinions upon re-direct from Plaintiffs' counsel. Critically, the TPP Defendants were not permitted time to question the witness at all about these new opinions and would be prejudiced at trial if not afforded additional time to explore such opinions that the witness intends to offer at trial.

_____

[1] The Court contemplated the possibility that *still more* time beyond the presumptive ten hours would be granted for good cause shown. *See* Dkt. 1473 at 14:13-17. In fact, in one instance, the Court allowed an additional three hours (*i.e.*, a total of thirteen hours of deposition time) given the special circumstances surrounding one of Plaintiffs' experts. *See* Dkt. 1590.

January 20, 2023
Page 3
_____

### *Good Cause for Allowing TPP Defendants One (1) Additional Hour to Depose Ms. Plunkett*

Generally, Ms. Plunkett's opinion as set forth in her 42-page report concludes that a lack of conformity with applicable cGMPs rendered Defendants' valsartan drug products adulterated as defined in and the FDCA and implementing regulations – an opinion which impacts each TPP Defendant. Ms. Plunkett's deposition began on January 12, 2023.  The witness was questioned by counsel for ZHP for approximately 6 hours and 15 minutes, followed by truncated questioning from Teva which was completed in just over 40 minutes. Plaintiffs' counsel then indicated they intended to cut off the deposition at exactly 7 hours on the record, which left Torrent with only approximately 3 remaining minutes for questioning. More troubling, when Plaintiffs' counsel questioned their own witness for several minutes, Ms. Plunkett offered a several wholly new opinions: namely that both of the finished dose manufacturers should have sought access to the closed part of ZHP's drug master file and that regardless of this both should have been able to identify NDMA in ZHP's valsartan API even without access to the drug master file.[2] These opinions were not contained in Ms. Plunkett's report, nor did she disclose them at any earlier point in her deposition. As such, Plaintiffs' unreasonable stance in which they shut down follow-up questioning after the introduction of these new opinions suggests a bad faith attempt to prejudice the TPP Defendants from appropriate follow-up. The modest amount of extra time requested by the TPP Defendants is a tailored remedy based in large part on circumstances that arose during the eleventh-hour of the deposition, after the finished dose manufacturers had already taken extreme steps to truncate their questioning. An additional one (1) hour is necessary to ensure the TPP Defendants have sufficient time to address the whole of Ms. Plunkett's opinions.

Further, beyond the late-disclosed opinions discussed above, each TPP Defendant should be given a fair opportunity to question Plaintiffs' experts, especially to the extent that Ms. Plunkett intends to offer opinions related to each of the TPP Defendants at trial. The Advisory Notes to Rule 30(d) expressly recognizes the need for additional time to depose expert witnesses in precisely this type of situation:

> **In multi-party cases, the need for each party to examine the witness may warrant additional time**, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest. Similarly, should the lawyer for the witness want to examine the witness, that may require additional time. Finally, **with regard to expert witnesses, there may more often be a need for**

---

[2] Ms. Plunkett did testify that she was critical of Teva for not seeking access to ZHP's closed DMF during questioning by counsel for Teva, but she made no such statement with respect to Torrent and did not identify this as an affirmative obligation on the part of the finished dose manufacturers until her re-direct examination.

January 20, 2023
Page 4
_____

> **additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies**.

*See* Advisory Committee Notes to the 2000 Amendments of Rule 30(d) (emphasis added). As courts have noted, "the Federal Rules, including [Rule 30(d)], were crafted to serve the interests of justice and to allow for 'a fair examination of the deponent.'" *Moore v. CVS Corp.*, No. 7:04- cv-054, 2005 U.S. Dist. LEXIS 3798, *5, (W.D. Va. Mar. 11, 2005) (granting a defendant's request for three additional hours of deposition time in a two-defendant case to allow the defendant to address the claims against him after the other defendant exhausted over six hours of deposition time).

Here, counsel for each of the TPP Trial Defendants is entitled to explore Plaintiffs' experts criticisms that pertain to their clients. Where the testifying expert presents distinct criticisms of Defendants which vary based on the individual Defendant's role in the supply chain and specific conduct, those topics cannot be adequately handled by counsel for another party.

Finally, the comparative length of the depositions of other Plaintiffs' liability experts to-date demonstrates that the TPP Defendants' request here for a slight increase in deposition time is reasonable.[3] By virtue of the modest length of these depositions, the TPP Defendants have demonstrated they do not set out to exceed the time limits without purpose and seek additional time with Ms. Plunkett in good faith because good cause exists and to prevent undue prejudice at trial. The TPP Defendants now merely ask the Court to reinforce its prior rulings, in the instance of Ms. Plunkett, and elsewhere when reasonably deemed necessary by a party in upcoming depositions. *See* Transcript of Aug. 5, 2021 Case Management Conference, Dkt. 1473, at 14:22-23.

For all of the aforementioned reasons, the TPP Defendants hereby request that the Court enter an order that permits up to one (1) additional hour of deposition time for Plaintiffs' expert Laura Plunkett.

Respectfully submitted,

*/s/ Steven M. Harkins*

Steven M. Harkins

_____

[3] The TPP Defendants questioned Plaintiffs' other liability experts on the record as follows: Philip Russ (6 hours 47 minutes); Kali Panagos (5 hours 14 minutes); and Laura Craft (3 hours 13 minutes).

January 20, 2023
Page 5

_____

cc:      All counsel of record (Via ECF)