IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>*All Actions* | MDL No. 19-2875 (RBK) |

# SPECIAL MASTER ORDER NO. 74

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Near the conclusion of the January 12, 2023 deposition of Plaintiffs' liability expert witness, Laura Plunkett, (a deposition that, according to the transcript, began at 9:29 a.m., and concluded at 8:21 p.m.), a kerfuffle erupted among counsel concerning the completion of the deposition. Defense counsel wanted to ask a few more questions, and Plaintiffs' counsel, asserting that the request to ask more questions reneged on an agreement to ask no more than three additional questions, terminated the deposition. This brouhaha resulted in a 4-page letter request from Defendants for one additional hour of deposition time beyond the presumptive limit of seven (7) hours (ECF Doc. No. 2245), and a 2-page reply from Plaintiff's counsel, appended to which is the 333-page transcript of Ms. Plunkett's deposition. (ECF Doc. No. 2251.)

1

Counsel should be embarrassed to raise this matter for judicial resolution. It is understandable that patience would have been worn thin when the deposition began at 9:29 a.m. and ended at 8:21 p.m. But counsel's obligation of civility to one another as well as their duty to advance the just, speedy, and inexpensive determination of this action, *see* Fed. R. Civ. P. 1, demand cooperation to avoid running into court with disputes of the nature presented here. A representation that a lawyer has only one to three more questions should not be treated literally or as a binding commitment in order to terminate a deposition when the lawyer asks a fourth question and to oppose a modest request for additional deposition time.

Rule 30(d)(1) of the Federal Rules of Civil Procedure contemplates that additional time beyond the presumptive limit of 7 hours may be required, especially, where, as here, there are multiple parties with distinct interests. The Committee Notes to the 2000 Amendments to Rule 30 also acknowledge that "there may often be a need for additional time" when deposing expert witnesses. Indeed, the Rule provides that "[t]he court *must* allow additional time . . . if needed to fairly examine the deponent. . . ." Fed. R. Civ. P. 30(d)(1). Defendants have stated that questioning by Plaintiff's counsel after Defendants had exhausted their time prompted a need for additional follow-up questioning. Defendants have also shown that they have not abused the deposition process. Under these circumstances, Defendants have met their burden of showing good cause for an additional hour to complete the

deposition of Ms. Plunkett.

**NOW, THEREFORE, this 26th Day of January, 2023, IT IS HEREBY ODERED THAT** Defendants' letter request for an additional hour of deposition time of Laura Plunkett (ECF Doc. No. 2245) is **GRANTED.**

s/ Thomas I. Vanaskie
Hon. Thomas I. Vanaskie (Ret.)
Special Master
