**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Actions | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge |

**TORRENT DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE**
**TO TAKE VIDEOTAPED ORAL DEPOSITION OF DR. AKHILESH NAGAICH**

Defendants, through their counsel of record, respond and object to Plaintiffs' Notice to Take Videotaped Oral Deposition ("Notice") of Dr. Akhilesh Nagaich and the document requests set forth in Exhibit A to Plaintiffs' Notice as follows:

**GENERAL OBJECTIONS**

1. Defendants object to the Notice to the extent it seeks to increase or otherwise modify the burdens and obligations created by the Federal Rules of Civil Procedure.

2. Defendants object to the Notice to the extent it seeks documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any applicable immunity or privilege. Inadvertent revelation of any protected information or documents will not constitute a waiver of any privilege or any other ground for objection to discovery of the protected information and will not waive the right of Defendants to object to the use of the information or documents during any proceeding in this action.

3. Defendants object to the Notice to the extent it seeks information and/or documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or are not proportional to the needs of this case as required by Fed. R. Civ. P. 26.

4. Defendants object to the Notice to the extent it seeks or purports to seek documents that are in the possession of other parties/entities or in the public domain. To the extent that Plaintiffs are seeking documents which are readily available from other sources, Defendants object to such requests as unduly burdensome.

5. Defendants object to the Notice to the extent it seeks confidential documents or information of persons or entities who are not parties to this action and/or that is protected from disclosure pursuant to the patient/physician privilege relationship and/or federal or state authority and regulatory law including, without limitation, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. § 165.500, *et seq.*

1

6. In producing Dr. Nagaich for deposition pursuant to the Notice, Defendants do not waive the right to challenge the relevancy, materiality, and/or admissibility of the information sought or documents provided or to object to the use of any materials provided in any subsequent proceedings or trials.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving the foregoing General Objections, which are specifically incorporated into each of the following responses as if set forth therein, Defendants respond to each individually numbered request in Exhibit A as follows:

## OBJECTIONS TO DOCUMENT REQUESTS

**1. Copies of all invoices for work performed in connection with any consultation or expert work performed for or on behalf of any Defendant or their counsel with regard to any issues in this Multi-District Ligation, including but not limited to for the review of documents, review and consultation with regard to plaintiff experts, preparation of the expert's report, and preparation for deposition or trial.**

Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions. Defendants further object to this Request to the extent that it seeks information prepared in anticipation of litigation, is protected by the work product doctrine, the trial preparation immunity doctrine, and/or the attorney-client privilege.

Subject to and without waiving these objections and any of the foregoing General Objections, Defendants have produced invoices (with appropriate redactions, as necessary) reflecting the work performed by Dr. Nagiach in connection with this litigation.

**2. Copies of any documentation reflecting or created in connection with any work performed by Dr. Nagaich for or on behalf of any defendant in this litigation, whether or not in connection with this litigation.**

Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce

2

materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions. Defendants further object to this Request to the extent that it seeks information prepared in anticipation of litigation, is protected by the work product doctrine, the trial preparation immunity doctrine, and/or the attorney-client privilege.

Subject to and without waiving these objections and any of the foregoing General Objections, Defendants hereby produce invoices (with appropriate redactions, as necessary) reflecting the work performed by Dr. Nagiach in connection with this litigation and Dr. Nagaich's December 22, 2022 report.

3. **Copies of any notes, i.e. written or electronic, reflecting consulting or litigation work on behalf of any defendant or their counsel, with regard to any issues in this MDL, that has not been documented in invoices.**

Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions. Defendants further object to this Request to the extent that it seeks information prepared in anticipation of litigation, is protected by the work product doctrine, the trial preparation immunity doctrine, and the attorney-client privilege.

Subject to and without waiving these objections and any of the foregoing General Objections, Defendants hereby produce invoices (with appropriate redactions, as necessary) reflecting the work performed by Dr. Nagiach in connection with this litigation and Dr. Nagaich's December 22, 2022 report.

4. **Copies of any notes or other documentation, including PowerPoints, for any presentation, seminars, or classes, given by Dr. Nagaich with regard to the chemical formation of nitrosamines under any circumstances, including those formed in ZHP's manufacturing process for valsartan API.**

Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions.

5. **Copies of any notes or other documentation, including PowerPoints, for any presentation, seminars, or classes, given by Dr. Nagaich with regard to the technology and methods used for the identification of nitrosamines under any circumstances, including those formed in ZHP's manufacturing process for valsartan API.**

Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions.

6. **Copies of any documents or articles relied upon for the opinions set forth in the witness' expert report served.**

Subject to and without waiving the foregoing General Objections, Defendants hereby produce a copy of all electronically-available documents identified on Dr. Nagaich's Materials Considered list, other than case materials equally available to Plaintiffs, prior his deposition.

7. **Copies of any documents or articles reviewed in connection with the witness' expert report served, whether or not listed in the expert report or attachments thereto.**

Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce

materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions.

Subject to and without waiving the foregoing General Objections, Defendants will produce a copy of all electronically-available documents identified on Dr. Nagaich's Materials Considered list, other than case materials equally available to Plaintiffs, prior to his deposition.

8. **Copies of any documents, recordings, or videos, considered or relied on in connection with the report served in this litigation, whether or not listed in the report or attachments thereto.**

Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions.

Subject to and without waiving these objections and any of the foregoing General Objections, Defendants hereby produce a copy of all electronically-available documents identified on Dr. Nagaich's Materials Considered list, other than case materials equally available to Plaintiffs, prior to his deposition.

9. **Any illustrations, PowerPoints, images, charts, tables or demonstrative exhibits that may be used by or with Dr. Nagaich in connection with a Daubert hearing or trial testimony in this litigation.**

Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions. Defendants further object to this Request to the extent that it seeks information prepared in anticipation of litigation, is protected by the work

product doctrine, and/or the attorney-client privilege. Finally, Defendants object that this Request is premature, as no Daubert hearing with respect to Dr. Nagaich or trial testimony has yet been set in this litigation.

10. **Documentation of any research grant the witness has been provided to study any angiotensin II receptor blockers, nitrosamines, or the identification of nitrosamines.**

    Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions.

11. **Documentation of any research the witness has performed with regard to any angiotensin II receptor blockers, nitrosamines, or the identification of nitrosamines.**

    Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions.

12. **Copies of any documents including protocols or information about the chemical formation of nitrosamines under any circumstances, available to the witness from any laboratory or academic institution where he has worked, had an appointment, or has access, which set forth information related to the chemical formation of nitrosamines under any circumstances, and the technology and methods used to identify nitrosamines.**

    Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce

materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions.

13. **Any documents or other communications the witness has received from any person or entity with regard to nitrosamine impurities in any angiotensin II receptor blocker or other drug, outside of information provided by counsel who retained the witness.**

   Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions.

14. **Any communications from the witness to any person or entity with regard to nitrosamine impurities in any angiotensin II receptor blocker or other drug, outside of communications to counsel who retained the witness.**

   Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions.

15. **Any literature or textbook referenced by the witness in forming his opinions.**

   Defendants object to this Request as overly broad, unduly burdensome, not reasonably limited in time or scope and seeking information that is beyond the scope of discovery required of experts pursuant to Fed. R. Civ. P. 26. Rule 26(a)(2)(B) does not require an expert to produce materials that were not considered by the expert in forming the expert's opinions and will not be used to summarize or support the expert's opinions.

Subject to and without waiving these objections and any of the foregoing General Objections, Defendants hereby produce a copy of all electronically-available documents identified on Dr. Nagaich's Materials Considered list, other than case materials equally available to Plaintiffs, prior his deposition.

**16.    Dr. Nagaich's current CV.**

Subject to and without waiving any of the foregoing General Objections, Defendants hereby produce a copy of Dr. Nagaich's CV.

Respectfully submitted,

s/ *Brittney M. Nagle*
Brittney M. Nagle
Kirkland & Ellis LLP
601 Lexington Ave
New York, NY 10022
212-390-4210
brittney.nagle@kirkland.com

*Attorney for Defendant Torrent Pharma,
Inc. and Torrent Pharmaceuticals, Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2023, I electronically filed the foregoing document with the Clerk of the court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this Multi-District Ligation.

s/ *Brittney M. Nagle*_____

Brittney M. Nagle