**APPENDIX G**

**STATE LAW VARIATION - BREACH OF IMPLIED WARRANTY**

Plaintiffs have submitted a table identifying four groupings of states[1] that Plaintiffs claim have identical privity and notice requirements for claims for breach of implied warranty.[2] The tables below identify: (1) states that are improperly grouped under Plaintiffs' criteria; and (2) legal variations that Plaintiffs failed to consider in their groupings.[3] These sorts of variations have led numerous courts to deny certification of proposed multi-state implied warranty classes. For example:

- *Flynn v. FCA US LLC*, 327 F.R.D. 206, 225 (S.D. Ill. 2018) (denying class certification of multi-state breach of implied warranty class due to "wide variations between various state[s]," including differences in privity requirements and definitions for "merchantability");

- *Darisse v. Nest Laby's, Inc.*, No. 14-CV-01363, 2016 WL 4385849, at *11-12 (N.D. Cal. Aug. 15, 2016) (denying class certification and noting "[t]he fifty states' laws on the implied warranties of merchantability and fitness for a particular purpose have significant differences regarding privity, notice, the availability of class actions, and the definition of merchantability");

- *In re Baycol Prod. Litig.*, 218 F.R.D. 197, 214 (D. Minn. 2003) (denying class certification where "[p]laintiffs have not provided the Court sufficient information for it to conclude that the laws concerning unjust enrichment and breach of warranty are not significantly or materially different");

---

[1] Plaintiffs also identify a fifth group comprised solely of Louisiana based on its redhibition law. *See* Pls.' Exhibit 2, at 18, 20. Notably, Plaintiffs' proposed groupings do not apply to all Defendants. Instead, Plaintiffs assert consumer protection claims under certain states' laws against some defendants, but not others.

[2] The tables below are based on Plaintiffs' proposed subclasses asserting claims against the Manufacturer Defendants. Plaintiffs propose separate implied warranty classes (and state law groupings) for certain of the Retail Pharmacy Defendants, although those groupings appear to be based on the Manufacturer Defendants' groupings, because Plaintiffs simply removed states where the Special Master had ruled implied warranty claims were not allowed against pharmacies from Manufacturer Defendant Group 1. Plaintiffs do not address the nuances of warranty liability against pharmacies in any way.

[3] Defendants have updated their research with respect to the required elements of Plaintiffs' claims since filing their motions to dismiss, which did not address all of the elements of Plaintiffs' causes of action.

- *In re Paxil Litig.*, 212 F.R.D. 539, 551 (C.D. Cal. 2003) (denying class certification and concluding that "the differing standards of liability required by laws of various states preclude a finding that common questions of law predominate" for various subclasses, including implied warranty);

- *Kaczmarek v. Int'l Bus. Machs. Corp.*, 186 F.R.D. 307, 313 (S.D.N.Y. 1999) (denying class certification and concluding that common issues of law did not predominate where defendants showed "many of the jurisdictions have different standards and elements of proof for the claims of breach of express and implied warranty");

- *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 459-60 (D.N.J. 1998) (denying class certification of multi-state breach of implied warranty class due to "substantial variations in state law");

- *In re Ford Motor Co. Ignition Switch Prod. Liab. Litig.*, 174 F.R.D. 332, 350-51 (D.N.J. 1997) (denying class certification of multi-state breach of implied warranty class due to "variations" in, among other things, state laws on implied warranty actions);

- *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 177 F.R.D. 360, 371 (E.D. La. 1997) (denying class certification of implied warranty claims, among others, where the "record . . . reflects so many variations in state laws that common questions of law clearly cannot be said to predominate for purposes of Rule 23(b)(3)");

- *In re Masonite Corp. Hardboard Siding Prods. Liab. Litig.*, 170 F.R.D. 417, 423 (E.D. La. 1997) (denying class certification of implied warranty claims and observing that "this Court cannot imagine managing a trial under the law of 51 jurisdictions on the defectiveness of Masonite siding"); and

- *Walsh v. Ford Motor Co.*, 130 F.R.D. 260, 276 (D.D.C. 1990) (denying class certification on predominance grounds where "[i]ssues such as notice or presentment of the defect, refusal of service and the measure of damages will be governed by the varying warranty laws of the relevant jurisdictions").

**Plaintiffs' Group 1: States That Purportedly Do Not Require Privity Or Pre-Suit Notice**

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Alaska<br><br>**Ps Inclusion OK** | Yes. | N/A | Product must be, *inter alia*, fit for its ordinary purpose. *See* Alaska Stat. Ann. § 45.02.314 (statutory definition); *Burke v. Thomas*, 15 Alaska 385, 392 (D. Alaska 1955) ("'[M]erchantable quality' includes a warranty that the article sold shall be reasonably suitable for the ordinary uses for which it was manufactured."). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* Alaska Stat. Ann. § 45.02.725; *Armour v. Alaska Power Auth.*, 765 P.2d 1372, 1375 (Alaska 1988) ("we have never extended the discovery rule to contract causes of action for breach of warranty under the U.C.C."). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| California<br><br>**Ps Inclusion OK** | No as to privity, which is required in economic loss cases. *See Blanco v. Baxter Healthcare Corp.*, 158 Cal. App. 4th 1039, 1058 (2008) ("Privity of contract is a prerequisite in California for recovery on a theory of breach of implied warranties of fitness and merchantability.") (citation omitted). | N/A | Product has basic degree of fitness for ordinary use. *See Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003) (citing Cal. Com. Code § 2314) ("[A] breach of the implied warranty of merchantability means the product did not possess even the most basic degree of fitness for ordinary use."). | Not for cases involving medications. California federal courts have implicitly rejected such damages theories where a drug has provided benefits to plaintiffs in addition to risks. *See Woodard v. Labrada*, No. EDCV 16-189 JGB (SPx), 2021 WL 4499184, at *38 (C.D. Cal. Aug. 31, 2021) ("damages could easily be reduced to account for any observed benefit from the Products"). | Four years from time of tender; no discovery rule. *See* Cal. Com. Code § 2725; *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1101-02 (N.D. Cal. 2014) (where "Plaintiffs allege that the defect was inherent, and existed at the time of sale . . . the latest each Plaintiff could have brought a claim was four years after the car was purchased"). |

Ds arguments as to the Privity reqt are NOT PRECISELY Correct. From *Woodard v. Labrada*, 2021 WL 4499184 (31 Aug 21, CD Cal), which cites Ds cited case, *Blanco v Baxter Healthcare* (which is not a drug, but medical device, case:

*Last, InterHealth moves for summary judgment on Woodard's remaining breach of warranty claims. (Memo 1 at 25.) As to Woodard's implied warranty claim, "[v]ertical privity is a prerequisite in California for recovery on a theory of breach of implied warranties of fitness and merchantability." In re NVIDIA GPU Litig., 2009 WL 4020104, at *6 (N.D. Cal. Nov. 19, 2009) (citing All West Elecs., Inc. v. M–B–W, Inc., 64 Cal. App. 4th 717, 724 (1998)) (internal quotations omitted). In the absence of privity or an express agreement between Woodard and InterHealth, Woodard can establish a breach of implied warranty only if: (1) she relied on labels or advertisements written by InterHealth; (2)* Labrada GC falls within the special exception involving foodstuffs, pesticides or pharmaceuticals; *(3) Woodard was an intended third-party beneficiary of the TLA; or (4) the relations between Woodard and InterHealth justify treating them as if they were in contractual privity under the Direct Dealings Exception. Windham at Carmel Mountain Ranch Assn. v. Superior Court, 109 Cal. App. 4th 1162, 1169 (2003); Burr v. Sherwin Williams Co., 42 Cal. 2d 682, 695 (1954).* Ps argue, that plaintiffs relied on drug label "Valsartan" that the drug was the Valsartan of the Orange Book, not a contaminated Valsartan. Ps may argue that Valsartan as a drug falls into the pharma exception in CA.

Also Ds are incorrect that CA does not allow zero value claims In citing *Labrada* above, Ds overstate Court's ruling, which concerned whether class could be certified b/c there was common proof. The argument was not whether there was zero value. Ps argument there was that the diet pills had zero value but Court did not rule one way or another on the zero value argument, simply said there was common proof to damages, however, value was determined, and the class was certified.

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Colorado<br>**Ps Inclusion OK** | Yes. | N/A | Product must be, *inter alia*, fit for its ordinary purpose, which might be based on the buyer's reasonable expectations. *See Haynes Mech. Sys., Inc. v. Bluon Energy, LLC*, No. 18-CV-03004-KLM, 2021 WL 3128652, at *10 (D. Colo. July 23, 2021) ("For goods to be merchantable, they must be fit for the ordinary purposes for which such goods are used.") (citing Colo. Rev. Stat. Ann. § 4-2-314(2)(c)); *Carter v. Brighton Ford, Inc.*, 251 P.3d 1179, 1187 (Colo. App. 2010) ("A product that is defective because it fails in its essential purpose implicates a buyer's reasonable expectations and the promise of the seller to sell a merchantable product."). | In extreme circumstances, Colorado allows the "zero-value" damages theory. *See Cherokee Inv. Co. v. Voiles*, 443 P.2d 727, 730 (Colo. 1968) (allowing for recovery of purchase price where product was "entirely worthless," even though water cooler had been used for a week before it began to malfunction). | Three years from time of tender; no discovery rule. *See In re ZF-TRW Airbag Cont. Units Prod. Liab. Litig.*, No. LA ML19-02905 JAK (FFMx), 2022 WL 522484, at *110-11 (C.D. Cal. Feb. 9, 2022) (applicable statute of limitations for implied warranty claims is three years under Colo. Rev. Stat. § 13-80-101); *David v. Volkswagen Grp. of Am., Inc.*, No. CV 17-11301-SDW-CLW, 2018 WL 1960447, at *4, *6 (D.N.J. Apr. 26, 2018) (concluding plaintiff was "not entitled to tolling under the 'discovery rule'"). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Delaware<br><br>**Ps Inclusion OK** | Yes. | N/A | Product is not merchantable where it creates a level of harm that would lead a manufacturer to use a different available design that would substantially lessen the probability of harm. *See Nacci v. Volkswagen of Am., Inc.*, 325 A.2d 617, 620 (Del. Super. Ct. 1974) (in determining whether a good is merchantable, Delaware courts look to whether "the design has created a risk of harm which is so probable that an ordinarily prudent person, acting as a manufacturer, would pursue a different available design which would substantially lessen the probability of harm"); *see also* Del. Code Ann. tit. 6, § 2-314(2) (statutory definition). | Delaware may embrace the zero-damages theory. *Southerland v. Balcerak*, No. 95-02-068, 1997 WL 1737118, at *4 (Del. Com. Pl. Sept. 8, 1997) (noting in dicta that "a refund of the sales price" is "an appropriate remedy" for a breach of implied warranty). | Four years from time of tender; no discovery rule. *See* Del. Code Ann. tit. 6, § 2-725(1); *Lima Delta Co. v. Gulfstream Aerospace Corp.*, No. CV N14C-02-042 MMJ, 2019 WL 624589, at *3-4 (Del. Super. Ct. Feb. 13, 2019) (breach of warranty claims filed four years after accrual were untimely). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| District of Columbia<br><br>**Ps Inclusion OK** | No as to pre-suit notice. At least one D.C. federal court has held that "separate notice" – besides the filing of a complaint – "***is*** required" under D.C. Code Ann. § 28:2-607(3)(a). *Wesley Theological Seminary of the United Methodist Church v. U.S. Gypsum Co.*, No. 85-1606, 1988 WL 288978, at \*5 (D.D.C. Jan. 5, 1988), *rev'd sub nom. on other grounds Wesley Theological Seminary of the United Methodist Church v. U.S. Gypsum Co.*, 876 F.2d 119 (D.C. Cir. 1989) (emphasis added). | Constructive notice, such as inquiries into potential health hazards associated with a product, is sufficient. *See Witherspoon v. Philip Morris Inc.*, 964 F. Supp. 455, 464-65 (D.D.C. 1997); *Quality Air Servs., LLC v. Milwaukee Valve Co.*, 671 F. Supp. 2d 36, 47-48 (D.D.C. 2009). | Product must be suited to the known purpose of the buyer. *See Hoyte v. Yum! Brands, Inc.*, 489 F. Supp. 2d 24, 27 (D.D.C. 2007) ("It has been true since as early as 1886 that 'goods sold by a manufacturer, in the absence of an express contract, are impliedly warranted as merchantable, or as suited to the known purpose of the buyer.'") (citations omitted); *see also* D.C. Code. § 28:2-314(2). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* D.C. Code § 28:2-725; *Long v. Sears Roebuck & Co.*, 877 F. Supp. 8, 14 (D.D.C. 1995) ("[T]he discovery rule does not apply to determine when the statute of limitations begins to run for breach of warranty products liability claims."). |

**D.D.C. Court in 1988 WL 288978 actually said:** *The Court is persuaded that the policies underlying section 2–607 are well-served by finding that plaintiff was* <u>*not*</u> *obligated under these circumstances to communicate their specific claims to defendants.* and the later DC 1989 case did not reverse that finding. Ds are incorrect in expanding DDC's language to a holding that separate notice is required. Notice is not required.

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Hawaii<br><br>**Ps inclusion OK** | No as to pre-suit notice. Relevant authority suggests that pre-suit notice is required under Hawaii law. *See Hawaiian Fishing Co. v. M.D.R. Inc.*, No. 94-15993, 1996 WL 280068, at *1 (9th Cir. 1996) (interpreting Hawaii law and affirming dismissal where plaintiff "did not provide adequate notice to [defendant] or afford [defendant] the opportunity to repair or replace the defective engine"). | What constitutes adequate notice is a question of fact specific to each case. *See Hawaiian Fishing Co. v. M.D.R. Inc.*, No. 94-15993, 1996 WL 280068, at *1 (9th Cir. 1996). | Product must be, *inter alia*, fit for its ordinary purpose. *Ontai v. Straub Clinic & Hosp. Inc.*, 66 Haw. 237, 250 (1983) ("Merchantability, as provided in Hawaii's statute, means, *inter alia,* that the goods 'are fit for the ordinary purpose for which such goods are used.'") (citing Haw. Rev. Stat. Ann. § 490:2-314(2)(c)). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* Haw. Rev. Stat. § 490:2-725; *In re Haw. Fed. Asbestos Cases*, 854 F. Supp. 702, 708-10 (D. Haw. 1994) (holding discovery rule inapplicable). |

Ds cited case <u>Hawaiian Fishing</u> may be inapt here because it relies on UCC Warranty reqts incorporated into Hawaiian law and concerns the notice a <u>buyer must provide a seller.</u>  Thus, privity is implied in this case.  But this grouping is about no privity req'd.

This IW group concerns the notice the <u>buyer must provide a mfr</u>, a situation where there is no privity.  also this case is about admiralty law,  very different fact context from contaminated pharmaceuticals.  IDs implicitly argue this case is relevant authority, but not likely

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Indiana<br><br>Ps Inclusion OK<br><br>Since D mfrs knew of FDA recalls from July 2018, before any PI lawsuit was filed, and a year before any Master Complaint for ECO LOSS was filed, the notice reqt. for IN has to be deemed satisfied. | No as to pre-suit notice. *See Lemon v. Anonymous Physician*, No. 1:04CV2083LJMWTL, 2005 WL 2218359, at *2 (S.D. Ind. Sept. 12, 2005) ("Any claim [plaintiffs] may have for contractual breach of implied warranties is barred because the [plaintiffs] failed to allege that they had given [the manufacturer] notice of the breach prior to filing suit."). | The notice requirement may be satisfied where a defendant has "actual knowledge" that the goods are nonconforming. General awareness that a purchaser is dissatisfied with or that there are some problems with the goods can constitute sufficient knowledge. *See Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 782 (7th Cir. 2011); *Agrarian Grain Co. v. Meeker*, 526 N.E.2d 1189, 1193 (Ind. Ct. App. 1988); *McClure Oil Corp. v. Murray Equip., Inc.*, 515 N.E.2d 546, 554 (Ind. Ct. App. 1987). | Product must be, *inter alia*, fit for its ordinary purpose and be of average grade, quality and value of similar goods sold under similar conditions. *See Sharp v. Tom Wood E., Inc.*, 822 N.E.2d 173, 174-75 (Ind. Ct. App. 2004) ("To be merchantable, goods must be 'fit for the ordinary purpose for which such goods are used.' Merchantable goods conform to 'ordinary standards of care and . . . are of average grade, quality, and value of similar goods sold under similar conditions.'"). | Indiana is likely not to accept "zero-value" theories. *Michiana Mack, Inc. v. Allendale Rural Fire Prot. Dist.*, 428 N.E.2d 1367, 1372 (Ind. Ct. App. 1981) (acknowledging that although there are instances where damages may be the purchase price, "as a general rule, defective goods will normally have at least scrap value").<br><br>This IN case's relevance is questionable because concept of "scrap value" has no application to drugs? | Four years from time of tender; no discovery rule. *See* Ind. Code Ann. § 26-1-2-725; *Carroll v. BMW of N. Am., LLC*, 553 F. Supp. 3d 588, 613 (S.D. Ind. 2021) (holding discovery rule did not save claims), *reconsideration denied*, No. 1:19-cv-000224-JMS-TAB, 2021 WL 5937470 (S.D. Ind. Dec. 16, 2021), *appeal pending*. |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Maine<br><br>**P Inclusion OK** | Unclear as to pre-suit notice.<br>The only relevant case Defendants have identified that discusses pre-suit notice is an out-of-state federal case. *Muehlbauer v. Gen. Motors Corp.*, No. 05-C-2676, 2008 WL 4542650, at \*4-5 (N.D. Ill. July 22, 2008) (noting Maine's generally liberal notice requirements, finding "§ 2-607(3)(a) has not been subject to extensive analysis by the Maine courts," and stating that it previously held that a "specific pre-suit complaint" to defendants was not required). | No relevant cases identified. | Product must be, *inter alia*, fit for its ordinary purpose. *See Atkinson Trucking & Logging, Inc. v. Blanchard Mach. Co.*, No. 2:15-CV-00202-JHR, 2016 WL 5660288, at \*4 (D. Me. Sept. 30, 2016) (quoting 11 M.R.S.A. § 2-314). | Maine is unlikely to permit the zero-damages theory. *Powers v. Rosenbloom*, 143 Me. 361, 371 (1948) (recouping entire cost is achieved through rescission; plaintiff who held on to refrigerator thus revoked rescission and could not get full purchase price).<br><br>*Getting a rescission of a contract is not applicable here, for drugs* | Four years from time of tender; although no court has explicitly addressed the discovery rule in Maine, the statutory language appears to preclude its use. *See* Me. Rev. Stat. tit. 11, § 2-725(1); *Corinth Pellets, LLC v. Andritz, Inc.*, No. 1:20-CV-00082-NT, 2020 WL 5578412, at \*5 (D. Me. Sept. 17, 2020) (noting the implied warranty of merchantability "generally expires four years after a product is delivered" absent equitable tolling). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Massachusetts<br><br>**P Inclusion OK**<br><br>How can Mfr PROVE prejudice inasmuch as the FDA ISSUED A RECALL OF CONTAMINATED DRUGS? | No as to pre-suit notice. Failure to provide pre-suit notice precludes recovery if the defendant proves prejudice as a result. Mass. Gen. Laws Ann. ch. 106, § 2-318 ("Failure to give notice shall not bar recovery under this section unless the defendant proves that he was prejudiced thereby."); *Smith v. Robertshaw Controls Co.*, 410 F.3d 29, 36 (1st Cir. 2005) (applying Massachusetts law) (plaintiff failed to give notice since he "has not suggested that he gave [defendant] any notice of his claim other than the filing of the complaint"). | Whether pre-suit notice is sufficient and whether any lack of pre-suit notice prejudices a defendant are both fact-driven, circumstantial inquiries. *Smith v. Robertshaw Controls Co.*, 410 F.3d 29, 35-36 (1st Cir. 2005) (applying Massachusetts law). | Product must be, *inter alia*, fit for ordinary purpose, based on a reasonable consumer's expectations. *See BASF Corp. v. Sublime Restorations, Inc.*, 880 F. Supp. 2d 205, 217 (D. Mass. 2012) ("To be merchantable, goods must, among other things, be 'fit for the ordinary purposes for which such goods are used'. . . . 'question of fitness for ordinary purposes is largely one centering around reasonable consumer expectations'"); Mass. Gen. Laws Ann. ch. 106, § 2-314 (listing U.C.C. requirements). | "Zero-value" accepted only in certain limited circumstances where the defendant is unable to present evidence of the actual value the plaintiff received from the product. *Stark v. Patalano Ford Sales, Inc.*, 30 Mass. App. Ct. 194, 201 (1991) (noting that although it was likely truck had some value, because "evidence of any value (other than zero) was never offered to the jury," the damages were "the purchase price, $9,327, less the value testified to by [the plaintiff], zero").<br><br>*Again as in previous jurisdictions above, zero value of a contaminated drug is NOT THE SAME OR SIMILAR TO THE VALUE OF TRUCK OR OTHER MECHANICAL DEVICE.* | Four years from time of tender; no discovery rule. *See* Mass. Gen. Laws ch. 106, § 2-725; *Nemirovsky v. Daikin N. Am., LLC*, 177 N.E.3d 901, 915-16 (Mass. 2021) ("Allowing the discovery rule to apply would 'circumvent the very purpose of § 2-725'") (citation omitted). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Minnesota<br><br>**Ps Inclusion NOT OK** | No as to pre-suit notice. Plaintiffs must provide notice to ***some*** party in the chain of distribution. *See Christian v. Sony Corp. of Am.*, 152 F. Supp. 2d 1184, 1188 (D. Minn. 2001); *Drobnak v. Andersen Corp.*, No. CIV 07-2249 PAM/JSM, 2008 WL 80632, at \*6 (D. Minn. Jan. 8, 2008) (similar), *aff'd*, 561 F.3d 778 (8th Cir. 2009).<br><br>Plaintiffs' own authority recognizes this point, acknowledging that, once notice is provided to the seller, the seller "can be expected to notify the manufacturer and parties further up the chain of distribution." *Church of the Nativity of Our Lord v. WatPro, Inc.*, 474 N.W.2d 605, 610 (Minn. Ct. App. 1991), *aff'd*, 491 N.W.2d 1 (Minn. 1992). | The bar for sufficiency of notice is low in Minnesota. No specific form of notice is required. For example, a plaintiff merely "report[ing] his concerns" with a product was found to have provided sufficient notice to maintain an express warranty claim. *In re Hardieplank Fiber Cement Siding Litig.*, No. 12-MD-2359, 2013 WL 3717743, at \*8-9 (D. Minn. July 15, 2013). | Product must not be defective to a normal buyer making ordinary use of the product. *See Peterson v. Bendix Home Sys., Inc.*, 318 N.W.2d 50, 53 (Minn. 1982) (implied warranty of merchantability "is breached when the product is defective to a normal buyer making ordinary use of the product"); *see also* Minn. Stat. § 336.2-314(2) (listing U.C.C. requirements). | Minnesota allows the "zero-value" theory. *Louis DeGidio Oil & Gas Burner Sales & Serv., Inc. v. Ace Eng'g Co.*, 302 Minn. 19, 28 (1974) (allowing for purchase price damages in breach of warranty suit despite plaintiff continuing to use product after filing suit). | Four years from time of tender; no discovery rule. *See* Minn. Stat. Ann. § 336.2-725; *Fahy v. Biomet Orthopedics, LLC*, No. 3:15-CV-218 RLM-MGG, 2017 WL 1133676, at \*6 (N.D. Ind. Mar. 26, 2017) (concluding the discovery rule did not apply to an implied warranty). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Missouri<br><br>**Ps Inclusion Not OK PreSuit Notice is req'd** | No as to pre-suit notice. *See Huskey v. Colgate-Palmolive Co.*, 486 F. Supp. 3d 1339, 1349 (E.D. Mo. 2020) (finding that Missouri law requires pre-suit notice for breach of warranty claim); *Ridings v. Maurice*, No. 15-00020-CV-W-JTM, 2019 WL 4888910, at *11 (W.D. Mo. Aug. 12, 2019), *on reconsideration*, No. 15-00020-CV-W-JTM, 2019 WL 8223599 (W.D. Mo. Oct. 20, 2019).<br><br>Plaintiffs' authority simply holds that a manufacturer need not receive notice directly from the buyer. *Ragland Mills, Inc. v. Gen. Motors Corp.*, 763 S.W.2d 357, 361 (Mo. Ct. App. 1989). | Any act or series of acts imparting notice of a buyer's claim constitutes sufficient pre-suit notice. *See Ragland Mills, Inc. v. Gen. Motors Corp.*, 763 S.W.2d 357, 361 (Mo. Ct. App. 1989). Buyer must provide notice to the defendant, and general awareness of a product line's defects because of similar lawsuits does not suffice. *See Budach v. NIBCO, Inc.*, No. 2:14-CV-04324-NKL, 2015 WL 6870145, at *5 (W.D. Mo. Nov. 6, 2015). | Product must satisfy a minimum level of quality. *See Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 90 (Mo. Ct. App. 2011) ("The implied warranty of merchantability does not mean a promise by the merchant that the goods are exactly as the buyer expected, but rather that the goods satisfy a minimum level of quality."); *see also* Mo. Ann. Stat. § 400.2-314(2) (listing U.C.C. requirements). | Missouri likely does not allow this theory. *See Davis Indus. Sales, Inc. v. Workman Constr. Co.*, 856 S.W.2d 355, 361 (Mo. Ct. App. 1993) (noting that refund of the purchase price is for rescission, not a breach of implied warranty).<br><br>Ds have overstated: "zero value" theory is not disallowed by MO state courts: In Ds cited case, the *Davis Indus. Sales* Court stated:<br>*The measure of damages is the same for breach of an implied warranty of merchantability as for breach of an express warranty. The correct measure of damages is the difference between the value of the forklift when Workman Construction accepted delivery of it and the value it would have had if it had been as warranted. § 400.2–714(2).* Again, as this case relates to mechanical device, it's off the mark for drugs, but nonetheless the concept of zero value can be included in the above definition of measure of damages | Four years from time of tender; no discovery rule. *See* Mo. Ann. Stat. § 400.2-725; *Siriano v. Goodman Mfg. Co.*, No. 2:14-CV-1131, 2015 WL 12748033, at *12 (S.D. Ohio Aug. 18, 2015) (dismissing implied warranty claims after noting that the discovery rule did not apply). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| New Jersey<br><br>**Ps Inclusion OK** | Yes. | N/A | Product must satisfy a minimum level of quality. *See Nelson v. Nissan N. Am., Inc.*, 894 F. Supp. 2d 558, 566 (D.N.J. 2012) ("Merchantability does not mean that the goods are exactly as the buyer expected, but rather that the goods satisfy a minimum level of quality.") (citations omitted); N.J. Stat. Ann. § 12A:2-314(2) (listing U.C.C. requirements). | New Jersey likely does not embrace "zero-value" theories. *Lamond v. Pepsico, Inc.*, No. CIV 06-3043 RMB, 2007 WL 1695401, at *7 (D.N.J. June 8, 2007) (observing that a "refund" comes from rescission of contract, not a claim for breach of implied warranty). | Four years from time of tender; no discovery rule. *See* N.J. Stat. Ann. § 12A:2-725; *Palmieri v. Intervet Inc.*, No. 19-CV-22024, 2021 WL 2205854, at *10 (D.N.J. June 1, 2021) ("A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.") (quoting N.J. Stat. Ann. § 12A:2-725). |

Ds return again and again to the rescission of contract idea as a disallowance of zero value theory, which may be an idea inapplicable to a contaminated drug. Alternatively, if there's an implicit contract between the mfr and the consumer in that the drug is valsartan containing an acceptable amount of impurities, then when the drug contains an unacceptable amount of impurities, rescission is appropriate, which means the drug had zero value.

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| New Mexico<br><br>**Ps Inclusion OK**<br>Ds do not consider the sufficiency of FDA recalls as notice of coming litigation | Likely no as to pre-suit notice. *See Badilla v. Wal-Mart Stores E., Inc.*, 389 P.3d 1050, 1054 (N.M. Ct. App. 2017) ("no New Mexico case holds that the filing or service of a complaint constitutes sufficiently timely notice of a warranty claim").<br><br>Plaintiffs' authority involves a claim for breach of express, not implied, warranty, and Defendants have been unable to locate decisive authority in the implied warranty context. | Long delays between discovering the breach and providing notice will bar recovery. *See Badilla v. Wal-Mart Stores E., Inc.*, 389 P.3d 1050, 1054 (N.M. Ct. App. 2017); *Willis v. Smith*, No. 16 CV 167 JAP/LF, 2016 WL 9281447, at *5 (D.N.M. Dec. 14, 2016) (rejecting argument that the filing of a class action complaint in a different state covering the same alleged defect would be sufficient notice for the same manufacturer defendant). | Product must be fit for its ordinary purpose and not defective. *See Am. Mech. Sols., L.L.C. v. Northland Process Piping, Inc.*, 184 F. Supp. 3d 1030, 1060 (D.N.M. 2016) ("A supplier breaches [the implied warranty of merchantability] if the product is defective and is not fit for the ordinary purposes for which such product is used."); *see also* N.M. Stat. Ann. § 55-2-314(2) (listing U.C.C. requirements). | New Mexico appears to allow "zero-value" theories where the product is not capable of functioning as intended. *Manouchehri v. Heim*, 123 N.M. 439, 443 (N.M. Ct. App. 1997) (affirming "direct damages" award equal to purchase price of x-ray machine that did not have sufficient power to x-ray adults where the trial court concluded that the plaintiff "could not recover any money for the machine" in light of the expense of delivering it to any purchaser). | Four years from time of tender; no discovery rule. *See Porcell v. Lincoln Wood Prod., Inc.*, No. CIV-08-0617 MCA/LFG, 2010 WL 1541264, at *4 (D.N.M. Mar. 31, 2010) ("Section 55-2-725(2) . . . unequivocally reject[s] application of a discovery rule to breach of warranty claims"). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Oklahoma<br><br><span style="color:red">Ps Inclusion OK</span> | Yes. | N/A | Product does not need to be of best quality or perfect but must be fit for its ordinary purpose. *See Am. Fertilizer Specialists, Inc. v. Wood*, 635 P.2d 592, 595 (Okla. 1981) ("The concept of 'merchantability' referred to in § 2-314 connotes not best quality or perfection in detail, but it does require, at the very least, that the goods operate for their ordinary purpose.") (citing Okla. Stat. Ann. tit. 12A, § 2-314(2)). | Oklahoma does not allow for "zero-value" theories. *Perry v. Lawson Ford Tractor Co.*, 1980 OK 90, 613 P.2d 458, 465 (holding that jury charge was inaccurate in allowing purchase price as damages, and that instead it should have been the actual value minus what was sold). | Five years from time of tender; no discovery rule. *See* 12A Okla. Stat. Ann. § 2-725; *Morgan v. State Farm Mut. Auto. Ins. Co.*, 2021 OK 27, ¶ 28 ("[The Legislature] has statutorily disavowed application of the discovery rule to an action for breach of a contract for the sale of goods but applies the discovery rule to certain actions for breach of [express] warranty under the Uniform Commercial Code"). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Pennsylvania[4] <br><br> **Ps Inclusion Not OK** <br><br> **Implied Warranty not allowed against Drug Mfrs.** | *Unclear. Compare Bednarski v. Hideout Homes & Realty, Inc., A Div. of U.S. Homes & Props, Inc.*, 709 F. Supp. 90, 94 (M.D. Pa. 1988) ("the filing of a civil complaint satisfies the requirement of providing breach of warranty notice"), *with Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 08-cv-5904, 2010 WL 891150, at *6 (E.D. Pa. Mar. 11, 2010) ("purpose of notification under § 2607(c) is to allow the seller an opportunity to resolve the dispute regarding an alleged breach before the buyer initiates a lawsuit"). | In cases where notice has been required, general knowledge of the defect at issue does not vitiate the requirement that plaintiffs affirmatively notify the specific defendant. *See Incubadora Mexicana, SA de CV v. Zoetis, Inc.*, 310 F.R.D. 166, 174 (E.D. Pa. 2015). | Product must, *inter alia*, have an "inherent soundness" and be of "reasonable quality" and "free from significant defects." *Gall by Gall v. Allegheny Cnty. Health Dep't*, 521 Pa. 68, 75 (1989). | Pennsylvania does not allow for "zero-value" theories. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004) (noting that although purchase price was "prima facie evidence of value," it was not "sufficient data to establish value" because the record "fail[ed] to establish the value of the automobile with and without the brake defect"). | Four years from time of tender; no discovery rule. *See* 13 Pa. C.S.A. § 2725; *Cottman Ave. PRP Grp. v. AMEC Foster Wheeler Env't Infrastructure Inc.*, 439 F. Supp. 3d 407, 430 (E.D. Pa. 2020) ("It is well settled, however, that the discovery rule does not apply to breach of warranty claims."). |

---

[4] Plaintiffs' implied warranty claims in Pennsylvania are likely barred entirely. *See Crockett v. Luitpold Pharms., Inc.*, No. 19-276, 2020 WL 433367, at *5 (E.D. Pa. Jan. 28, 2020) (prescription drug-related claims for breach of the implied warranty of fitness for ordinary purposes are "non-cognizable" against drug manufacturers); *Rowland v. Novartis Pharms. Corp.*, 34 F. Supp. 3d 556, 569 (W.D. Pa. 2014) (courts have interpreted Pennsylvania Supreme Court precedent as "bar[ring] all non-negligence based claims asserted against a manufacturer of prescription drugs"); *Luke v. Am. Home Prod. Corp.*, No. 1998-C-01977, 1998 WL 1781624, at *6 (Pa. Com. Pl. Nov. 18, 1998) ("[W]e find that there is no cause of action for a breach of implied warranty in prescription drug cases involving drug manufacturers.").

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Puerto Rico<br><br>**Ps Inclusion OK** | Yes. | N/A | Puerto Rico law protects against "hidden defects which the thing sold may have should they render it unfit for the use to which it was destined, or if they should diminish said use in such manner that had the vendee had knowledge thereof he would not have acquired it or would have given a lower price for it." 31 L.P.R.A. § 3841. | Damages are based on the proportional reduction of purchase price. *See* 31 L.P.R.A. § 3843 ("In the case of §§ 3841 and 3842 of this title the vendee may choose between withdrawing from the contract, the expenses which he may have incurred being returned to him, or demanding a proportional reduction of the price.").<br><br>No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | "Actions arising from the provisions of §§ 3841-3846a of this title shall be extinguished after six (6) months, counted from the delivery of the thing sold." *See* 31 L.P.R.A. § 3847; *but see Casa Jaime Corp. v. Castro*, 89 P.R. Dec. 702, 703 (1963) ("We are not satisfied with the conclusion of the Chamber on appeal of the Superior Court of Puerto Rico that the action expires after six months, automatically, in all cases, from the delivery of the thing sold.") (translated from original Spanish). |

it's Ds argument, not a fact, that Ps got some benefit from contaminated VCDs. That's a fact question. So PR does not disallow zero value theory.

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Rhode Island<br><br>**P inclusion OK** | No as to pre-suit notice. *See Hyde v. Philip Morris, Inc.*, No. C.A. 97-0359ML, 1998 WL 656074, at *7 (D.R.I. May 1, 1998); *Lariviere v. Dayton Safety Ladder Co.*, 525 A.2d 892, 897 (R.I. 1987) (notice requirement "operates as a condition precedent to filing a breach-of-warranty claim").<br><br>Plaintiffs' authority merely holds that notice may not be required where the basis for the suit is not discovered until decades after the product at issue was sold. *See DiPetrillo v. Dow Chem. Co.*, 729 A.2d 677, 678, 683 (R.I. 1999). | Specific words are not required. Rather, advising the defendant of an injury and a request for a remedy or damages is sufficient. *Lariviere v. Dayton Safety Ladder Co.*, 525 A.2d 892, 897-98 (R.I. 1987). | Product must be, *inter alia*, fit for its ordinary purpose. *See Mktg. Design Source, Inc. v. Pranda N. Am., Inc.*, 799 A.2d 267, 272 (R.I. 2002) ("A product is merchantable when it is 'fit for the ordinary purposes for which such goods are used.'") (citing indirectly R.I. Gen. Laws Ann. § 6A-2-314(2)). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* R.I. Gen. Laws § 6A-2-725; *Gail Frances, Inc. v. Alaska Diesel Elec., Inc.*, 62 F. Supp. 2d 511, 517 (D.R.I. 1999) ("by definition, implied warranties cannot explicitly extend to the future. . . . Rather, the statute states that a cause of action for breach of implied warranty accrues when tender of delivery is made.") (citing R.I. Gen. Laws § 6A-2-725). |

Ps citation of *DiPetrillo v. Dow Chem*, 729 A.2d 677 is more on point than Ds cited case above, which deals with cancer from cigarettes.  Ps case deals with facts that are closer to MDL: herbicide, chemical, that was unreasonably dangerous.  Ds not correct about Ps cited case, *Petrillo* , which stated:  **Here, the allegedly defective product was used between 1968 and 1972, but Terry, a non-purchaser, did not discover and could not reasonably have discovered any putative defect until he was diagnosed with cancer in 1990. By that time, there was nothing that defendant could have done to reverse the effects of Terry's exposure to the allegedly defective product  between 1968 and 1972. Hence, on the facts of this case, we hold that the filing of theG-19 complaint constituted sufficient notice of the breach of the implied warranty. See  also Cole v. Keller Industries, Inc., 132 F.3d 1044, 1047 (4th Cir.1998).**
*The Petrillo Court implies if the putative defect is undiscoverable, then the filing of a complaint suffices as notice.   By analogy, Ps would not have known of the exposure to NDMA until the FDA recall, so here  FDA recall and/or complaint would have provided sufficient notice.*

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| South Carolina<br>**Ps Inclusion NOT OK** | No as to pre-suit notice. *See Sandviks v. PhD Fitness, LLC*, No. 1:17-cv-00744-JMC, 2018 WL 1393745, at *2 (D.S.C. Mar. 20, 2018) (applying South Carolina substantive law) ("Plaintiff's [implied warranty] claims are barred if he fails to properly allege that he gave . . . notice of his warranty claims prior to filing a lawsuit.").<br><br>The case Plaintiffs cite is governed by North Carolina substantive law and is, thus, inapposite. *See Seaside Resorts Inc. v. Club Car, Inc.*, 308 S.C. 47 (S.C. Ct. App. 1992). | Filing a complaint or sending a letter two days before filing is not sufficient notice. *See Sandviks v. PhD Fitness, LLC*, No. 1:17-cv-00744-JMC, 2018 WL 1393745, at *2-3 (D.S.C. Mar. 20, 2018); *Dilly v. Pella Corp.*, Nos. 2:14-mn-00001, 2:14-cv-03307-DCN, 2016 WL 53828, at *11 (D.S.C. Jan. 4, 2016). | Product must be, *inter alia*, fit for ordinary purposes. *See Lindholm v. BMW of N. Am., LLC*, 202 F. Supp. 3d 1082, 1100-01 (D.S.C. 2016), *aff'd*, 862 F.3d 648 (8th Cir. 2017) ("Merchantable goods must be at least fit for the ordinary purposes for which such goods are used.") (citing S.C. Code Ann. § 36-2-314(2)). | South Carolina does not embrace "zero-value" theories. *Liquid Carbonic Co. v. Coclin*, 161 S.C. 40 (1931) (allowing evidence of purchase price to estimate value of product had it been as warranted, but noting that "[t]here being no rescission of the contract, respondent was not entitled to recover back the money he has paid").<br><br>Again, Ds averment that no zero value theory allowed under SC law is based on rescission of the contract. Doesn't cover this situation where there is no contract and no privity, therefore there can be no rescission of a contract that doesn't exist. Even though implied warranty sounds in contract. | Six years from when "the breach is or should have been discovered." *See* S.C. Code Ann. § 36-2-725; *Harrell v. BMW of N. Am., LLC*, 517 F. Supp. 3d 527, 533 (D.S.C. 2021) ("Plaintiff's South Carolina-based warranty claims are subject to a six-year statute of limitations, and the discovery rule similarly applies."). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| South Dakota<br><br>**Ps Inclusion OK** b/c reasonable notice could be FDA recalls and such notice could be deemed reasonably sufficient under *Hepper*. Even though the *Brookings Court* said: *While plaintiffs claim defendants knew about defects in Techite pipe from problems with other buyers, a seller's actual knowledge of defects does not excuse a buyer from providing notice of breach* | No as to pre-suit notice. *See Brookings Mun. Utilities, Inc. v. Amoco Chem. Co.*, 103 F. Supp. 2d 1169, 1176 (D.S.D. 2000) (dismissing claims where "Plaintiffs . . . conceded that they failed to give notice of breach to NCU or defendants before filing this lawsuit"); *see also id.* n.6 ("notice by lawsuit is inadequate under § 2-607(3) as a matter of South Dakota law"). | Reasonableness of notice "depends on the nature, purpose and circumstances of the action." *Hepper v. Triple U Enters., Inc.*, 388 N.W.2d 525, 527 (S.D. 1986).<br><br>*This case seems inapposite because the Brookings buyer ALREADY KNEW OF THE DEFECT.*<br>*Here, Ps can only have known of the defect after the FDA recalled.* | Product must be, *inter alia*, fit for ordinary purposes. *See Nationwide Mut. Ins. Co. v. Barton Solvents Inc.*, 2014 S.D. 70, ¶ 31 (2014) ("Merchantable goods are those that, among other things . . . '(c) Are fit for the ordinary purposes for which such goods are used; and . . . (e) Are adequately contained, packaged, and labeled as the agreement may require; and (f) Conform to the promises or affirmations of fact made on the container or label if any.'") (quoting S.D. Codified Laws § 57A-2-314(2)). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* S.D. Codified Laws § 57A-2-725; *see also Bowes v. PACCAR, Inc.*, No. C19-1794-JCC, 2020 WL 3100828, at *5 (W.D. Wash. June 11, 2020) ("a breach of warranty occurs upon delivery"). |

G-21

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Virginia<br><br>**Ps Inclusion OK See below.** | No as to both privity and pre-suit notice. *See Beard Plumbing & Heating, Inc. v. Thompson Plastics, Inc.*, 152 F.3d 313, 319 (4th Cir. 1998) (privity is still required for economic loss claims for breach of the implied warranty of merchantability, notwithstanding the language of Va. Code § 8.2-318); *Pulte Home Corp. v. Parex, Inc.*, 579 S.E.2d 188, 191 (Va. 2003) (similar); *Kerr v. Hunter Div.*, Nos. 78-L-491, 78-L-492, 1981 WL 394232, at *8 (Va. Cir. Ct. Feb. 23, 1981) ("the absence of notice to the seller prevents any action against the manufacturer as well as the seller."); *Hammerschmidt v. Gen. Motors LLC*, No. 20-1773 (DWF/BRT), 2022 WL 329403 (D. Minn. Feb. 3, 2022) (citing *Kerr* and requiring pre- | What constitutes reasonable notice "is a question of fact." *Va. Transformer Corp. v. P.D. George Co.*, 932 F. Supp. 156 (W.D. Va. 1996) (declining to determine sufficiency of pre-suit notice at the summary judgment phase). | Product is not merchantable if a "significant segment of the buying public" would object to buying the product. *See Bayliner Marine Corp. v. Crow*, 257 Va. 121, 128, 509 S.E.2d 499, 503 (1999) ("To be merchantable, the goods must be such as would 'pass without objection in the trade' and as 'are fit for the ordinary purposes for which such goods are used.' . . . The first phrase concerns whether a 'significant segment of the buying public' would object to buying the goods, while the second phrase concerns whether the goods are 'reasonably capable of performing their ordinary functions.'") (citations omitted); Va. Code Ann. § 8.2-314(2) (listing U.C.C. requirements). | Virginia allows for "zero-value" theories in certain, limited circumstances. *Twin Lakes Mfg. Co. v. Coffey*, 222 Va. 467, 475 (1981) (allowing for recovery of defective mobile home's purchase price despite evidence that it had salvage value, observing that "there are cases where a buyer's use of defective goods does not necessarily endow them with value for purposes of s 8.2-714(2)"). | Four years from time of tender; no discovery rule. *See* Va. Code Ann. § 8.2-725(2); *see also Gerstle v. Am. Honda Motor Co.*, No. 16-CV-04384-JST, 2017 WL 2797810, at *12 (N.D. Cal. June 28, 2017) ("The discovery rule cannot save these [implied warranty] claims, because the claim begins at the time the vehicle is delivered, regardless of the consumer's knowledge of the breach.") (citing, *inter alia*, Va. Code Ann. § 8.2-725). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| | suit notice for a claim for breach of implied warranty under Virginia law), *appeal pending*; *see also Banh v. Am. Honda Motor Co.*, No. 2:19-cv-05984-RGK-AS, 2019 WL 8683361, at *12-13 (C.D. Cal. Dec. 17, 2019) ("[P]re-suit notice [of a breach of warranty claim] is also required under Virginia law.").<br><br>Plaintiffs' authority regarding notice merely holds that third parties who are not "buyers" of a product are not required to provide notice before filing suit based on personal injuries caused by the product. *Yates v. Pitman Mfg., Inc.*, 514 S.E.2d 605, 607 (Va. 1999). | Ds have misread their citation, *Beard Plumbing*, in which the 4th Cir sought guidance from the VA Supreme Court as to whether privity was required for eco loss claims for breach of implied warranty of merchantability.<br>The VA Supreme Court's answer was that, FOR CONSEQUENTIAL ECONOMIC LOSS DAMAGES, in a claim for breach of implied warranty, a contract, and privity was still required.  But NOT FOR DIRECT ECONOMIC LOSS DAMAGES, which are at issue here.<br>The VA Supreme Court's reasoning was that the VA Statute abolished privity for common law claims , which these implied warranty claims are.<br>and the notice requirement is tied to the contract between buyer and seller.  where there is no contract, and no privity, there is no need of notice.<br>In Ps cited case, *Yates v. Pitman*, the VA SUPREME COURT HELD:  *We hold, therefore, that only buyers; i.e., those who buy or contract to buy goods from a seller, Code § 8.2–103(a), must give notice of breach of warranty to the seller as a prerequisite to recovery. Consequently, the trial court erred in ruling that Yates was required to have given Pitman such notice.** | | | |

G-23

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| West Virginia<br><br>**P Inclusion OK** | Yes. | N/A | Product need not be of the "highest quality" or "perfect," only fit for its ordinary purpose. *See Emp. Teamsters-Loc. Nos. 175/505 Health & Welfare Tr. Fund v. Bristol Myers Squibb Co.*, 969 F. Supp. 2d 463, 470 (S.D. W. Va. 2013) ("As a general principle . . . the implied warranty of merchantability requires only that the goods be fit for their ordinary purpose, not that they be perfect or in perfect condition, or be outstanding or superior, or of the best or highest quality.") (citation omitted); W. Va. Code Ann. § 46-2-314(2) (listing U.C.C. requirements). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* W. Va. Code Ann. § 46-2-725; *Basham v. Gen. Shale Prods. Corp.*, 989 F.2d 491 (table), 1993 WL 65086, at *2 (4th Cir. 1993) ("[T]he [present] action accrued when the plaintiffs were tendered delivery . . . . Because the plaintiffs filed suit more than four years [later] . . . , and because [defendant] did not give the plaintiffs an express warranty . . . plaintiffs' warranty claims were time-barred.") (citing *Basham v. Gen. Shale*, 377 S.E.2d 830, 835 (W. Va. 1988)). |

**Plaintiffs' Group 2: States That Purportedly Do Not Require Privity But May Require Pre-Suit Notice[5]**

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Arkansas<br><br>**Ps Inclusion OK**<br><br>**AK presuit notice required** | Pre-suit notice is required. *See Williams v. Mozark Fire Extinguisher Co.*, 318 Ark. 792, 797 (1994) ("[T]he notice must be more than a complaint"). | No particular form of notice is required, but it must inform the seller that the transaction involved a breach. For example, a plaintiff simply seeking to "return or exchange" the troublesome product would constitute sufficient notice, as would a call from the purchaser complaining that the goods did not meet the promised specifications. *See Jarrett v. Panasonic Corp. of N. Am.*, 8 F. Supp. 3d 1074, 1083 (E.D. Ark. 2013); *Indus. Elec. Supply, Inc. v. Lytle Mfg., L.L.C.*, 94 Ark. App. 81, 86 (2006). | Product must be suited for its ordinary purpose. *See Purina Mills, Inc. v. Askins*, 317 Ark. 58, 65 (1994) ("The implied warranty of merchantability is breached when a product is not suited for its ordinary purpose."); *see also* Ark. Code Ann. § 4-2-314 (listing U.C.C. requirements). | Arkansas does not permit "zero-value" damage theories.<br><br>*Kohlenberger, Inc. v. Tyson's Foods, Inc.*, 256 Ark. 584, 592 (1974) ("In the absence of any allegations of any effective rejection or revocation of acceptance, [plaintiff] was not entitled to recover the purchase price. Its damages in this respect were limited to the difference at the time and place of acceptance between the value of the [product] if it had been as warranted and its actual value.").<br><br><span style="color:blue">Regarding value of damages, the</span> *Kohlenberger* <span style="color:blue">Court stated:</span> *Insofar as a breach of warranty is concerned, the buyer may recover the loss resulting in the ordinary course of events from the seller's breach as determined in any manner that is reasonable, the measure of which is the difference at the time and place of acceptance between the value of the goods and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.* <span style="color:blue">This definition does not preclude zero value damages theory.</span> | Four years from time of tender; no discovery rule. *See Gen. Motors Corp. v. Tate*, 257 Ark. 347, 352 (1974) ("The [implied warranty] action was clearly barred by the failure to bring the action within four years after the cause of action accrued[— when the good was tendered—]as required by Ark. Stat. Ann. § 85-2-725"). |

---

[5] It is unclear what Plaintiffs mean by "may require" pre-suit notice or "may require" privity, but it appears that Plaintiffs are conceding that these states' laws vary with respect to those requirements, further showing why any multi-state class is inappropriate.

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Georgia<br><br>**Ps Inclusion OK** | Yes. No, privity is required. *Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1288 (S.D. Ga. 2010) ("Georgia law generally requires direct privity between the seller and buyer of goods for the implied warranty of merchantability to apply.").<br><br>**From a GA Appellate Division case cited by the SD GA in Terrill : In other words, when a buyer purchases a product from a retailer, and there is no privity of contract between the manufacturer and the buyer, no implied warranty runs from the manufacturer to the purchaser. Chrysler Corp. v. Wilson Plumbing Co., 132 Ga.App. 435, 437(1), 208 S.E.2d 321 (1974).** | Sufficiency of notice is ordinarily a question of fact. *Int'l Multifoods Corp. v. Nat'l Egg Prods., Div. of Hudson Foods, Inc.*, 202 Ga. App. 263, 266 (1991) ("The question of reasonableness of notice is ordinarily a factual one, although summary adjudication is appropriate if the uncontroverted facts establish that a plaintiff is not entitled to recover."); *Dermatology Specialists of Augusta, Inc. v. Daikin Applied Ams. Inc.*, No. CV 116-058, 2019 WL 97831, at *3 (S.D. Ga. Jan. 3, 2019) ("The issue of whether notice was reasonably given and sufficient to provide the defendant with an opportunity to cure, however, is generally reserved for summary judgment or trial."). | Product must be, *inter alia*, fit for its ordinary purpose and not defective. *See Knight v. Am. Suzuki Motor Corp.*, 272 Ga. App. 319, 325 (2005) ("'A product is defective and breaches the implied warranty of merchantability when it is not 'fit for the ordinary purposes for which such goods are used'; such purpose is determined by the manufacturer and not the user.'") (citations omitted); *see also* Ga. Code Ann. §§ 11-2-314(2)(a), (c).<br><br>**GA's notice reqt for breach of implied warranty is very lax. In Ds cited case of *Terris v Electrolux*, Ga said: *Electrolux's notice argument fails with respect to Boyd's claim because Electrolux has not shown that it was prejudiced by Boyd's delayed notification. Under Georgia law, a retail purchaser's breach of implied warranty claim may only be dismissed for failure to provide timely notice if the defendant shows that it was prejudiced by the delay. See Wal-Mart Stores, Inc. v. Wheeler, 262 Ga.App. 607, 586 S.E.2d 83, 86–87 (2003). Because service of a complaint satisfies the notice requirement if no prejudice to the defendant results…*** | No.<br><br>*See Brown v. Moore*, 103 Ga. App. 111, 116 (1961) ("The cause of action, which was a breach of an implied warranty that the [product] was reasonably suited for the purpose intended, permits recovery of the total purchase price paid plus interest *only in the event the merchandise is completely worthless*.") (emphasis added).<br><br>**So the implication is that, if the merchandise can be shown to be completely worthless, zero value theories are permitted by GA law** | Four years from time of tender; no discovery rule. *See Siriano v. Goodman Mfg. Co.*, No. 2:14-CV-1131, 2015 WL 12748033, at *12 (S.D. Ohio Aug. 18, 2015) ("For breach-of-warranty purposes, a breach occurs when tender of delivery is made, 'regardless of the aggrieved party's lack of knowledge of the breach.'") (citing, *inter alia*, Ga. Code Ann. § 11-2-725(1)). |

G-26

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Maryland<br><br>**Ps Inclusion OK**<br><br>**PreSuit Notice is Reqd.** | Pre-suit notice is required. *See Lynx, Inc. v. Ordnance Prod., Inc.*, 273 Md. 1, 17 (1974) ("[T]he institution of an action by the buyer to recover damages cannot by itself be regarded as a notice of the breach."); *Stanley v. Cent. Garden & Pet Corp.*, 891 F. Supp. 2d 757, 772 (D. Md. 2012) ("[A] lawsuit cannot constitute notice of a breach under" Maryland law). | The buyer must give notice of the goods that are impaired and outline the "nature of the nonconformity." *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 542 (D. Md. 2011); *Stanley v. Cent. Garden & Pet Corp.*, 891 F. Supp. 2d 757, 772 (D. Md. 2012) (finding the notification must show that the "transaction has issues and must be watched"). | Product must meet, *inter alia*, trade quality standards and the consumer's reasonable expectations. *See Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 225 (4th Cir. 2009) ("Whether a good is merchantable also depends in part on usage of trade. . . . This definition of merchantability incorporates trade quality standards and the consumer's reasonable expectations into the concept of merchantability.") (citing Md. Code Ann., Com. Law §§ 2-314(2), (3)); *Yong Cha Hong v. Marriott Corp.*, 656 F. Supp. 445, 449 (D. Md. 1987). | Maryland does not embrace "zero-value" damage theories. *Hardy v. Winnebago Indus., Inc.*, 120 Md. App. 261, 275 (1998) (holding that there were "no 'special circumstances' suggesting a full refund was appropriate" because "despite the alleged defects in the motor home, [plaintiffs] drove the vehicle to California and back"). | Four years from time of tender; no discovery rule. *See* Md. Code Ann., Com. Law § 2-725; *Joswick v. Chesapeake Mobile Homes, Inc.*, 362 Md. 261, 267 (2001) ("the general rule is that a breach of warranty occurs when tender of delivery is made, and an action for breach of that warranty must be filed within four years after that event, even if the buyer is unaware of the breach"). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Michigan<br><br>**Ps Inclusion OK** | Whether privity is required for breach of implied warranty claims in actions for economic loss remains an open question. *Heritage Res., Inc. v. Caterpillar Fin. Servs. Corp.*, 284 Mich. App. 617, 639 (2009) (summarizing diverging caselaw and urging the Michigan Supreme Court to clarify whether privity is required).<br>Pre-suit notice is required. *See Gorman v. Am. Honda Motor Co.*, 302 Mich. App. 113, 123 (2013) (finding lack of notice where "plaintiff never provided either defendant notice of her claim that they were in breach of warranty until she filed the instant lawsuit"). | Actual notice of the breach is required. *Gorman v. Am. Honda Motor Co.*, 302 Mich. App. 113, 127 (2013). | Product must be, *inter alia*, fit for its ordinary purpose and can be unfit even if technically not defective. *See Kenkel v. Stanley Works*, 256 Mich. App. 548, 557, 665 N.W.2d 490, 497 (2003) ("A product may not be reasonably fit for its intended or foreseeable use even if the product is 'technically . . . not defective'"); *see also Stackpole Int'l Eng'g, Ltd. v. Angstrom Auto. Grp. LLC*, No. 17-13748, 2018 WL 4679627, at *9 (E.D. Mich. Sept. 28, 2018) (listing U.C.C. factors) (quoting Mich. Comp. Laws § 440.2314). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* Mich. Comp. Laws Ann. § 440.2725; *Rembrandt Constr., Inc. v. Butler Mfg. Co.*, No. 270577, 2006 WL 3375249, at *2 (Mich. Ct. App. Nov. 21, 2006) ("The imposition of a discovery rule by the trial court for accrual of plaintiff's claim is directly contrary to both the clear and unambiguous language of the applicable statute and case law. . . . a cause of action . . . accrue[s] upon tender of delivery."). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Mississippi<br><br>**Ps Inclusion OK** | Yes. | While notice must be provided within a reasonable time after breach, it need not identify a specific damages claim or assertion of legal rights. *See Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 368 (5th Cir. 2002); *see also Steel Dynamics Columbus, LLC v. Altech Env't USA Corp.*, 273 F. Supp. 3d 627, 644 (N.D. Miss. 2017), *aff'd sub nom. Steel Dynamics Columbus, L.L.C. v. Altech Env't USA Corp.*, 734 F. App'x 234 (5th Cir. 2018). | Product need not be of the highest or best quality, only of generally acceptable quality under the description used in the contract. *See Beck Enters., Inc. v. Hester*, 512 So. 2d 672, 676 (Miss. 1987) ("The implied warranty of merchantability is not intended to guarantee that the goods be the best or of the highest quality—the standard is measured by the generally acceptable quality under the description used in the contract. . . . If a product conforms to the quality of other similar products in the market, it will normally be merchantable."); *see also* Miss. Code. Ann. § 75-2-314(2). | Mississippi likely allows "zero-value" damage theories.<br><br>*Fedders Corp. v. Boatright*, 493 So. 2d 301, 309 (Miss. 1986) (despite plaintiffs having had functional use of heater for months, court held that if "the heat pump could not be repaired and was worthless, [plaintiffs] under § 75-2-714 would have been entitled to a refund of the purchase price"). | Six years from time of tender; no discovery rule. *See Rutland v. Swift Chem. Co.*, 351 So. 2d 324, 325 (Miss. 1977) ("[Miss. Code. Ann. § 75-2-725] provides that a cause of action for breach of warranty accrues when tender of delivery of goods is made"). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Montana<br><br>**Ps Inclusion OK**<br>Pre-Suit Notice Req'd | Pre-suit notice is required, including in the context of consumer suits against remote manufacturers. *See Kaparich v. Ethicon, Inc.*, No. CV20-77-M-DWM, 2020 WL 4784687, at *1-2 (D. Mont. Aug. 18, 2020) (holding in the breach of warranty context that "some states have dispensed with pre-suit notice requirements in certain contexts. Montana has not") (citations omitted). | Notice is sufficient where it informs a seller that the transaction is troublesome and should be watched, but there need not be any specific form or content to the notice. For example, a pattern of repeated complaints from a customer to the fire alarm seller has been considered sufficient notice. *See Fire Supply & Serv., Inc. v. Chico Hot Springs*, 196 Mont. 435, 442-43 (1982). | Product cannot cause harm to the person using it. *See Rothing v. Kallestad*, 337 Mont. 193, 202 (2007) ("[G]oods are not merchantable, if in their ordinary use, the goods cause damage to the property to which they are applied or harm to the person using them."") (citations omitted); *see also* Mont. Code Ann. § 30-2-314(2) (listing U.C.C. requirements). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See Duncan v. Sears, Roebuck & Co.*, No. CV-11-54-BU-DLC-CSO, 2012 WL 6569287, at *3 (D. Mont. Oct. 31, 2012), *report and recommendation adopted*, No. CV 11-54-BU-DLC-CSO, 2012 WL 6586516 (D. Mont. Dec. 17, 2012) ("If deemed a claim for breach of warranty under Montana's Uniform Commercial Code-Sales ('UCC-Sales'), under MCA § 30-2-725, Plaintiffs' claim accrued when 'tender of delivery [wa]s made' and a four-year limitations period applies."). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Nebraska<br><br>**Ps Inclusion Ok** | Yes. | Sufficiency of notice is ordinarily a fact question. *See Fitl v. Strek*, 269 Neb. 51, 54 (2005) ("Whether the notice given is satisfactory and whether it is given within a reasonable time are generally questions of fact to be measured by all the circumstances of the case."). | Product must be, *inter alia*, fit for its ordinary purpose. *See Laird v. Scribner Coop, Inc.*, 237 Neb. 532, 538 (1991) ("Goods to be merchantable must be at least such as . . . (c) are fit for the ordinary purposes for which such goods are used . . . .") (quoting Neb. Rev. Stat. Ann. U.C.C. § 2-314(2)). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* Neb. Rev. Stat. Ann. U.C.C. § 2-725; *Neb. Popcorn, Inc. v. Wing*, 258 Neb. 60, 65 (1999) ("This court has long held that in order to meet the exception . . . , the warranty must be an express rather than an implied warranty"). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Nevada<br><br>**Ps Inclusion OK**<br><br>From Banh v Honda: FDA RECALLS could have been reasonable pre-suit notice and sufficed | Pre-suit notice is required. *See Banh v. Am. Honda Motor Co.*, No. 2:19-CV-05984-RGK-AS, 2019 WL 8683361, at *11 (C.D. Cal. Dec. 17, 2019) (citing § 104.2607 and concluding "[u]nder Nevada law, reasonable pre-suit notice of a breach of warranty claim is required"); *cf. Flores v. Merck & Co.*, No. 3:21-cv-00166-MMD-CLB, 2022 WL 798374, at *6 (D. Nev. Mar. 16, 2022) (dismissing a claim for breach of express warranty and finding "Nevada statutes suggest that, prior to bringing a breach of warranty claim, the plaintiff must first provide the defendant with some type of pre-suit notice"). | A letter provided three months after the incident, and six months before filing suit, that discussed the plaintiff's injuries and the date they occurred was sufficient notice. *Heath v. Tristar Prods., Inc.*, No. 2:17-cv-2869-GMN-BNW, 2019 WL 4738004, at *8 (D. Nev. Sept. 27, 2019).<br><br>inapposite ?? | Product must be, *inter alia*, fit for its ordinary purpose. *See Freas v. BMW of N. Am., LLC*, 320 F. Supp. 3d 1126, 1136 (S.D. Cal. 2018) ("Nevada law would consider the [good] merchantable if it: (i) could '[p]ass without objection in the trade under the contract description;' and (ii) was 'fit for the ordinary purposes for which [the goods] are used.'") (quoting Nev. Rev. Stat. Ann. § 104.2314(2)). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | The statute and prevailing caselaw hold that the statute of limitations is four years from time of tender, with no discovery rule. *See* Nev. Rev. Stat. Ann. § 104.2725; *see also Walters v. Pella Corp.*, Nos. 2:14-mn-00001-DCN, 2:14-cv-00544-DCN, 2015 WL 2381335, at *6 (D.S.C. May 19, 2015) ("Under Nevada law, breach of warranty claims are subject to a four-year statute of limitations. . . . The statute of limitations accrues upon delivery . . . .'"). |

As for reqt of pre suit notice, Court in Ds cited *Banh v. Honda* said: *The Court finds Plaintiffs have adequately alleged Honda had pre-sale knowledge of the alleged defect with the Vehicle's infotainment system. The FAC alleges Honda learned about the defect through (1) pre-release design, manufacturing, and testing data; (2) warranty claims data; (3) consumer complaints made directly to Defendant, collected by the NHTSA, and/or posted on public online forums; (4) testing done in response to those complaints; (5) aggregate data and complaints from authorized dealers; (6) and other sources. (FAC ¶ 7.) Plaintiffs also allege,in March 2019, Acura's public relations manager publicly acknowledged "radio and GPS woes are both known issues with the RDX." (Id. ¶ 282.) These allegations, taken together, lead to a plausible inference that Honda had knowledge of the defect before Plaintiffs purchased then Vehicles.*

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| New Hampshire<br><br>**Ps Inclusion OK** | Yes. | Sufficiency of notice is ordinarily a fact question to be determined from all the surrounding circumstances. *See Precourt v. Fairbank Reconstruction Corp.*, 856 F. Supp. 2d 327, 340 (D.N.H. 2012) (collecting cases) ("Under New Hampshire law, the determination of whether defendants received sufficient notice is ordinarily a question of fact to be determined by a jury based on the surrounding circumstances."). | Product must be, *inter alia*, fit for its ordinary purposes. *See Roy v. Quality Pro Auto, LLC*, 168 N.H. 517, 520-21 (2016) ("Goods to be merchantable must be at least such as (a) pass without objection in the trade under the contract description; and (b) in the case of fungible goods, are of fair average quality within the description; and (c) are fit for the ordinary purposes for which such goods are used; and (d) run, within the variations permitted by the agreement, of even kind, quality and quantity with each unit and among all units involved; and (e) are adequately contained, packaged, and labeled as the agreement may require; and conform to the promises or affirmations of fact made on the container or label if any.") (quoting N.H. Rev. Stat. Ann. § 382-A:2-314(2)). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See Kelleher v. Marvin Lumber & Cedar Co.*, 152 N.H. 813, 853 (2005) ("Pursuant to RSA 382-A:2-725(1) & (2), the four-year limitations period for breach of an implied warranty accrues at tender of delivery . . . an implied warranty cannot "explicitly" extend to the future performance of goods by virtue of being 'implied.'"). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| North Dakota<br><br>**P Inclusion OK** | Yes. | Notice that a transaction is "troublesome" may suffice in a consumer case. *See Stamper Black Hills Gold Jewelry, Inc.*, 414 N.W.2d 601, 605 (N.D. 1987) ("mere notice that a transaction is 'troublesome' may be sufficient in the case of a consumer's claim"). | Product must be, *inter alia*, fit for its ordinary purposes. *See Eggl v. Letvin Equip. Co.*, 2001 ND 144, ¶ 8 ("Goods to be merchantable must be at least such as: . . . Are fit for the ordinary purposes for which such goods are used") (quoting N.D. Cent. Code Ann. § 41-02-31(2)). | Yes. *See Korol v. Aronson*, 360 N.W.2d 684, 686 (N.D. 1985) (holding that the full purchase price of water softener was an appropriate amount of damages given "the substantial evidence in the record as to the prolonged inconvenience caused the Korol family by the malfunctioning water softener" despite the trial court's failure to consider the "reasonable value of use that [Plaintiff] made of [it]"). | Four years from time of tender; no discovery rule. *See* N.D. Cent. Code Ann. § 41-02-104(1); *Superior, Inc. v. Behlen Mfg. Co.*, 2007 ND 141, ¶ 21 ("In the case of a breach of warranty, the claim accrues when tender of delivery is made"). |

In 1965, Lang v. General Motors Corp., 136 N.W.2d 805, 810 (N.D.1965), the North Dakota Supreme Court held that parties to an action based on implied warranty in products liability cases need not be in privity of contract.

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Texas<br><br>**Ps Inclusion OK**<br>None of the cases Ds cites states directly or implies that under TX law pre-suit notice is required. | Pre-suit notice is required. *See Fearrington v. Bos. Sci. Corp.*, 410 F. Supp. 3d 794, 806 (S.D. Tex. 2019) (finding Texas's "pre-suit notice requirement is a condition precedent to the cause of action and must be pled and proven for the claim to succeed."); *Martin v. Home Depot U.S.A., Inc.*, 369 F. Supp. 2d 887, 893 (W.D. Tex. 2005) ("Pre-suit notice is also a condition precedent to actions based on breach of implied warranty.") (citing *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 201 (Tex. App. 2003)). | "The manufacturer must be made aware of a problem with a particular product purchased by a particular buyer." *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 202 (Tex. App. 2003).<br><br>In Texas, it is unclear which party bears the burden of proof on the issue of notice. *Compare Integrated Title Data Sys. v. Dulaney*, 800 S.W.2d 336, 342 (Tex. App. 1990) (buyer's failure to give seller notice is an affirmative defense), *with U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 200 (Tex. App. 2003) (plaintiff has burden of proving notice under Texas law). | Product must not lack something necessary for its adequacy or be unreasonably dangerous. *See Polaris Indus., Inc. v. McDonald*, 119 S.W.3d 331, 336 (Tex. App. 2003) ("For a product to be unfit for ordinary purposes, it must have a defect, i.e., the product lacks something necessary for adequacy. A product can lack something necessary for adequacy when it does not accomplish the purposes for which it was manufactured, or when it is constructed in a manner which makes it 'unreasonably dangerous.'"); *see also* Tex. Bus. & Com. Code Ann. § 2.314(2). | Texas courts do not allow zero-value damages. *See Structural Metals, Inc. v. S & C Elec. Co.*, No. SA-09-CV-984-XR, 2013 WL 870084, at *1 (W.D. Tex. Mar. 7, 2013) (citing Texas law for the proposition that "the purchase price of the defective goods is not the proper measure of damages *unless the goods have no value at all*") (emphasis added), *aff'd*, 590 F. App'x 298 (5th Cir. 2014). | Four years from time of tender; no discovery rule. *See Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 547-48 (Tex. 1986) ("We hold, based on the rationale of the previous cases and the clear, unambiguous language of section [Tex. Bus. & Com. Code Ann.] 2.725(b), that an implied warranty cannot be explicitly extended to future performance."). |

From US Tire-Tech v Boeran, cited above: The Texas Supreme Court held in 1977 that privity of contract is not required in order to recover purely economic losses from the breach of an implied warranty of merchantability. Nobility Homes, 557 S.W.2d at 81.

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Wyoming<br><br>**Ps Inclusion OK** | Yes. | The notice must inform the seller that the transaction is still troublesome and that the transaction is claimed to involve a breach. *Petro-Chem, Inc. v. A.E. Staley Mfg. Co.*, 686 P.2d 589, 592 (Wyo. 1984).<br><br>"While the buyer's conduct is a factor to be taken into consideration in deciding whether the notice was properly given or whether it was reasonable and timely, these determinations are generally questions of fact for the jury." *Petro-Chem, Inc. v. A.E. Staley Mfg. Co.*, 686 P.2d 589, 593 (Wyo. 1984). | Product must not necessarily be of best quality, but must be fit for its ordinary purpose. *See Ford v. Starr Fireworks, Inc.*, 874 P.2d 230, 233 (Wyo. 1994) ("Merchantable goods are not necessarily of the best or highest quality, but instead are 'measured by the generally acceptable quality under the description used in the contract.' . . . Merchant-ability does not imply the best quality or perfection; instead, it requires goods which operate for their ordinary purpose.") (citations omitted); *see also* Wyo. Stat. Ann. § 34.1-2-314(b) (providing statutory definition of merchantability). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* Wyo. Stat. Ann. § 34.1-2-725; *Ogle v. Caterpillar Tractor Co.*, 716 P.2d 334, 339 (Wyo. 1986) ("We agree with . . . the majority of states and hold that a plaintiff bringing a breach of warranty action . . . must file his suit within four years of the date on which the warranted goods are tendered."). |

**Plaintiffs' Group 3: States That Purportedly May Require Privity But Do Not Require Pre-Suit Notice**

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Arizona<br><br>**Ps Inclusion OK;**<br><br>Privity REQ'D in AZ | Privity is required for economic loss claims. *See Plagens v. Nat'l RV Holdings*, 328 F. Supp. 2d 1068, 1073 (D. Ariz. 2004) ("Arizona courts have consistently held that absent privity of contract, a purchaser cannot maintain a claim for breach of implied warranty under the U.C.C. against a manufacturer."); *Flory v. Silvercrest Indus., Inc.*, 633 P.2d 383, 388 (Ariz. 1981) ("[E]conomic losses are not recoverable for breach of implied warranty in the absence of privity of contract."). | N/A | Product must be, *inter alia*, fit for its ordinary purpose. *See Ram Head Outfitters, Ltd. v. Mecham*, No. CV 09-1382-PHX-MHM, 2011 WL 1429623, at *7 (D. Ariz. Apr. 14, 2011) ("To be 'merchantable,' goods 'must be at least such as . . . are fit for the ordinary purposes for which such goods are sold.'") (citing Ariz. Rev. Stat. § 47-2314(B)(3)). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* Ariz. Rev. Stat. § 47-2725; *Moses v. Nordic Boats*, No. 1 CA-CV 07-0775, 2008 WL 4672300, at *2 (Ariz. Ct. App. Oct. 16, 2008) (holding in an implied warranty case that "[t]he discovery rule does not apply to A.R.S. § 47-2725"). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Connecticut<br><br>**Ps Inclusion OK**<br><br>Ds statement of CN law re privity reqt for eco losses is incorrect | Privity is required in economic loss cases. *See Hartford Cas. Ins. Co. v. PurTech Waters of Am., LLC*, No. CV116021419S, 2012 WL 1435221, at *3 (Conn. Super. Ct. Mar. 30, 2012) ("[T]o sustain an action for breach of express or implied warranty there has to be evidence of a contract between the parties, for without a contract there [can] be no warranty.") (quoting *Hamon v. Digliani*, 174 A.2d 294 (Conn. 1965)); *Koellmer v. Chrysler Motors Corp.*, 276 A.2d 807, 812 (Conn. Cir. Ct. 1970) (finding "a privity of contract between the parties must be shown" in an action for breach of implied warranty of merchantability). | N/A | Product may fall "considerably short of perfection" and still be merchantable. *See Standard Structural Steel Co. v. Bethlehem Steel Corp.*, 597 F. Supp. 164, 188 (D. Conn. 1984) ("'if the product conforms to the quality of other brands on the market, it will normally be merchantable.' . . . Moreover, a product may fall 'considerably short of perfection,' and yet be merchantable.") (citations omitted); *see also* Conn. Gen. Stat. § 42a-2-314(2) (listing U.C.C. requirements). | No. "[U]nless the goods delivered were totally worthless, [Sections 42a-2-714 and 42a-2-715] do not authorize recovery by the buyer as damages of the purchase price previously paid to the seller." *Superior Wire & Paper Prod., Ltd. v. Talcott Tool & Mach., Inc.*, 184 Conn. 10, 15, 441 A.2d 43, 46 (1981). | Four years from time of tender; no discovery rule. *See City of Cincinnati, Ohio v. Dorr-Oliver, Inc.*, 659 F. Supp. 259, 262 (D. Conn. 1986) ("'tender of delivery' as contemplated by § 42a-2-725 is not contingent upon inspection, testing, or acceptance. In Connecticut, as is true elsewhere, absent the § 42a-2-725(2) exception, a breach of warranty occurs at the time of the delivery of the goods"). |

In *Quadrini v. Sikorsky Aircraft*, 505 D.Conn 1981, that *Hartford Cas. Ins.* attempts to distinguish, the Court held non-privity warranty cases are brought under the state's UCC law and that privity is NOT required for economic loss if the PLAINTIFF HAS NO OTHER CLAIM AVAILABLE IN TORT. So Ps Inclusion of CN into this subclass depends on if the CN Ps do or not have any other tort claim available to them. And Ps have brought no other tort claim. This Court will not create or find a tort claim Ps did not raise.

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Florida<br><br>**Ps Inclusion OK** | Privity is required for economic loss actions. *See Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 458 (Fla. Dist. Ct. App. 2005) ("Under Florida law, a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity."). | N/A | Product must, *inter alia*, be fit for ordinary purposes. *See Plain Bay Sales, LLC v. Gallaher*, No. 9:18-CV-80581, 2022 WL 409577, at *13 (S.D. Fla. Feb. 10, 2022) ("In order for goods to be merchantable, the goods must be 'fit for the ordinary purposes for which such goods are used,' among other requirements.") (citing Fla. Stat. Ann. § 672.314). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years; discovery rule applies. *See* Fla. Stat. Ann. § 95.11(3)(k); *Montpelier Farm, Ltd. v. Crane Env't, Inc.*, No. 07-22815, 2008 WL 11333766, at *2 (S.D. Fla. Apr. 1, 2008) ("The statute of limitations for claims based on breach of an implied warranty is contained in Fla. Stat. § 95.11(3)(k)."); *Dubin v. Dow Corning Corp.*, 478 So. 2d 71, 73 (Fla. Dist. Ct. App. 1985) ("The statute of limitations begins to run on a warranty when the contract is breached, and the breach occurs when the defect is or should be discovered."). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Idaho<br><br>**Ps Inclusion OK** | Yes. | N/A | Product must be, *inter alia*, fit for its ordinary purpose. *See Consol. Supply Co. v. Babbitt*, 96 Idaho 636, 639, 534 P.2d 466, 469 (1975) ("Goods to be merchantable, must be fit for the ordinary purposes for which such goods are to be used.") (citing, *inter alia*, Idaho Code Ann. § 28-2-314). | No. Under Idaho law, damages are limited to "diminution in value" absent proof of "special circumstances" requiring the application of a different measure of damages. *Miller v. Four Winds Int'l Corp.*, 827 F. Supp. 2d 1175, 1185 (D. Idaho 2011). Defendants have not identified caselaw allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* Idaho Code Ann. § 28-2-725; *Puckett v. Oakfabco, Inc.*, 132 Idaho 816, 824, 979 P.2d 1174, 1182 (1999) ("Idaho law requires that actions for breach of warranty must be initiated within four years after the goods are delivered."). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Illinois<br><br>**Ps Inclusion OK** | No as to pre-suit notice. *See O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 714-17 (N.D. Ill. 2020) (collecting cases and finding that plaintiff must provide manufacturers with pre-suit notice for implied warranty claims, and that a defendant manufacturer's general awareness of problems with a product is insufficient notice).<br><br>Privity is also required. *See Bd. of Educ. of Chicago v. A, C & S, Inc.*, 546 N.E.2d 580, 595 (Ill. 1989) ("[T]o state a claim against the defendant for breach of implied warranty, privity must exist between the plaintiff and defendant"); *Szajna v. Gen. Motors Corp.*, 503 N.E.2d 760, 900-05 (Ill. 1986) (privity is a prerequisite in economic loss, but not personal injury, actions). | Direct notice of the troublesome nature of the particular transaction is required, unless a defendant has "actual knowledge" of a defect or where a consumer plaintiff alleges personal injury. *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 590 (Ill. 1996). Actual knowledge of a defect suffices "only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer"; general awareness of issues with a product line does not suffice. *Id.* | Product must be, *inter alia*, fit for its ordinary purpose. *See Chiappetta v. Kellogg Sales Co.*, No. 21-CV-3545, 2022 WL 602505, at *5 (N.D. Ill. Mar. 1, 2022) ("To be merchantable, goods must, among other things, 'pass without objection in the trade under the contract description' and 'conform to the promises or affirmations of fact made on the container or label if any.'") (citing 810 ILCS 5/2-314(2)). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See Owens v. Glendale Optical Co.*, 590 F. Supp. 32, 36 (S.D. Ill. 1984) ("[B]reach of warranty occurs when tender of delivery is made, regardless of the party's knowledge of the breach . . . Thus, any claim for breach of implied warranties would be barred.") (citing *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 94 (1982)). |

G-41

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Iowa<br><br>**Ps Inclusion may be OK,** Ps believe Privity is required but not necessarily. NOT AMENDING THIS GROUP B/C Ps HAVE INTERPRETED THE LAW DIFFERENTLY. Not Court's function to do Ps LEGAL WORK | Privity is required in actions for economic loss. *See Tomka v. Hoechst Celanese Corp.*, 528 N.W.2d 103,i 108 (Iowa 1995) ("We have never allowed recovery for solely consequential economic losses under . . . implied warranty [of merchantability and fitness for a particular purpose] theories by one not in privity with the defendant. We decline to do so now.").<br><br>It is unclear whether pre-suit notice is required in implied warranty suits against remote manufacturers. *Compare Randa v. U.S. Homes, Inc.*, 325 N.W.2d 905, 909-10 (Iowa Ct. App. 1982) (stating that notice is a prerequisite to recovery in an action for alleged breach of warranty of merchantability), *with In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936 (N.D. Cal. 2014). | Whether notice is sufficient is a circumstantial, fact-driven inquiry. *Trs. of Iowa Laborers Dist. Council Health & Welfare Tr. v. Ankeny Cmty. Sch. Dist.*, 865 N.W.2d 270, 275-76 (Iowa Ct. App. 2014). | Product must be free from significant defects and perform in the way products of that kind should perform. *See Wright v. Brooke Grp. Ltd.*, 652 N.W.2d 159, 180-81 (Iowa 2002) ("[A] warranty is based on a purchaser's reasonable expectation that goods . . . will be free of significant defects and will perform in the way goods of that kind should perform.'"); *see also* Iowa Code Ann. § 554.2314(2). | No. *See Vorthman v. Keith E. Myers Enters.*, 296 N.W.2d 772, 777-78 (Iowa 1980) (the "measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach" and holding that damages for a breach of warranty claim must account for any benefits or residual value provided to Plaintiff by the allegedly defective goods). | Five years from time of tender; no discovery rule. *See* Iowa Code § 614.1(4) (statute of limitations); Iowa Code Ann. § 554.2725 (accrual rule); *City of Carlisle v. Fetzer*, 381 N.W.2d 627, 629 (Iowa 1986) ("the almost universal rule is that a garden-variety implied warranty of fitness will not satisfy this limitation on the statutory discovery rule [contained within Iowa Code Ann. § 554.2725]"); *Fell v. Kewanee Farm Equip. Co., A Div. of Allied Prod.*, 457 N.W.2d 911, 919 (Iowa 1990) ("A five-year statute of limitations governs actions for breach of implied warranty."). |

Ds are INCORRECT about the requirement of privity for claims of direct economic loss under an implied warranty theory.

Iowa Supreme Court  said in Wells Dairy, Inc. v. American Indus. Refrigeration, Inc., 762 N.W.2d 463, 476 (Sup Ct of Iowa 2009):
While we have held that a nonprivity purchaser may recover "direct economic loss" for breaches of implied warranties under the U.C.C., we have repeatedly held that a remote purchaser of goods cannot recover "consequential economic loss" from a vendor under an equitable indemnity theory. Kolarik v. Cory Int'l Corp., 721 N.W.2d 159, 163 n. 3 (Iowa 2006); Beyond the Garden Gate, Inc. v. Northstar Freeze–Dry Mfg., Inc., 526 N.W.2d 305, 309 (Iowa 1995). Direct economic loss is the difference between the  value of goods as warranted and the value of goods actually delivered, while consequential economic losses includes all losses caused by the defective product. Id.

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Kansas<br><br>**Ps Inclusion may be OK, but in KS privity is not required for eco loss under implied warranty claim when product was inherently dangerous. See below from Ds cited case I. NOT CHANGING GROUP** | Privity is required. *See Kice Indus., Inc. v. AWC Coatings, Inc.*, 255 F. Supp. 2d 1255, 1258 (D. Kan. 2003) ("Implied rranties of fitness or merchantability, for products not inherently dangerous, are not extended from a manufacturer of a product to a remote purchaser for economic losses, where the parties are not in privity.") (citing *Pro. Lens Plan, Inc. v. Polaris Leasing Corp.*, 675 P.2d 887 (Kan. 1984)). | N/A | Product must meet normal commercial expectations. *See Hodges v. Johnson*, 288 Kan. 56, 62 (2009) ("The implied warranty in K.S.A. 84-2-314 . . . 'assure[s] a buyer that if the goods received do not conform at least to normal commercial expectations, the buyer will have a cause of action by which he or she can secure compensation for losses suffered.'") (quoting *Int'l Petrol. Servs., Inc. v. S & N Well Serv., Inc.*, 230 Kan. 452 (1982)). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* K.S.A. § 84-2-725; *Groves v. Jay Wolfe Chevrolet, Inc.*, No. 75,344, 1996 WL 35070584, at *4 (Kan. Ct. App. Sept. 13, 1996) ("a breach of warranty occurs when tender of delivery is made"). |

**District of Kansas in *Kice* said: *Implied warranties of fitness or merchantability, for products not inherently dangerous, are not extended from a manufacturer of a product to a remote purchaser for economic losses, where the parties are not in privity. Professional Lens Plan, Inc. v. Polaris Leasing, 675 P.2d 887, 234 Kan. 742 (1984).* This language unambiguously implies when the product is inherently dangerous implied warranties are extended for eco losses to the remote purchaser.**

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Kentucky<br><br>**Ps inclusion OK privity is req'd** | Privity is required in economic loss actions. *See Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 969 (E.D. Ky. 2019) (citing *Compex Int'l. Co. v. Taylor*, 209 S.W.3d 462 (Ky. 2006)) (noting in an action alleging economic loss that the Kentucky Supreme Court has been "clear that privity is a strict requirement for implied warranty claims" between consumers and manufacturers). | N/A | Product must be, *inter alia*, fit for its ordinary purpose. *See Simpson*, 397 F. Supp. 3d at 969 ("Under . . . Kentucky law . . . [f]or goods to be merchantable, they must, in relevant part: (1) 'pass without objection in the trade under the contract description'; (2) be 'of fair average quality within the description'; (3) be 'fit for the ordinary purposes for which such goods are used'; and (4) 'conform to the promises or affirmations of fact made on the container or label if any.'") (citing both Ky. Rev. Stat. § 355.2-314(2), and Va. Code § 8.2-314(2)). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* Ky. Rev. Stat. § 355.2-725; *Winkler v. Bos. Sci. Corp.*, No. 5:17-274-KKC, 2018 WL 1474067, at *3 (E.D. Ky. Mar. 26, 2018) ("Kentucky law provides a four year statute of limitations for express and implied warranty claims. . . . Breach of warranty claims 'accrue[]' when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.' . . . Accordingly, Kentucky's discovery rule is inapplicable to Winkler's breach of warranty claims.") (citing Ky. Rev. Stat. § 355.2-725). |

G-44

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| New York<br><br>**Ps inclusion NOT OK:** NY requires pre-suit notice for claims of breach of implied warranty | No as to pre-suit notice. *See Valcarcel v. Ahold U.S.A., Inc.*, No. 21-cv-07821, 2021 WL 6106209, at *9 (S.D.N.Y. Dec. 22, 2021) (applying New York law) (pre-suit notice is a prerequisite to a claim for breach of implied warranty, absent allegations of physical injuries); *Brown v. Kerry Inc.*, No. 20 Civ. 9730 (PGG) (JLC), 2022 WL 669880, at *6 (S.D.N.Y. Mar. 7, 2022) (dismissing an economic loss breach of implied warranty claim due to "Plaintiff's failure to allege pre-suit knowledge").<br><br>Privity is also required. *See In re Metformin Mktg. & Sales Prac. Litig.*, No. 20-2324, 2022 U.S. Dist. LEXIS 59804, at *30-31 (D.N.J. Mar. 30, 2022) (privity required absent personal injury); *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 530 (E.D.N.Y. 2012) ("implied warranty claims can only be brought by those in privity with the named defendant"). | Neither actual knowledge nor the existence of complaints from other consumers suffices to establish notice. *See Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 590 (S.D.N.Y. 2021) ("[T]he existence of prior complaints by other consumers cannot satisfy the notice requirement for this suit"). | Product must only meet "minimum level of quality," not meet a "'buyer's every expectation.'" *See Viscusi v. Proctor & Gamble*, No. 05-CV-01528 (DLI)(LB), 2007 WL 2071546, at *13 (E.D.N.Y. July 16, 2007), *aff'd sub nom. Viscusi v. P & G-Clairol, Inc.*, 346 F. App'x 715 (2d Cir. 2009) ("[Merchantable] does not mean that the product will fulfill a 'buyer's every expectation.' . . . Rather, such a warranty 'provides for a minimum level of quality.'"); *Denny v. Ford Motor Co.*, 639 N.Y.S.2d 250, 258-59 (N.Y. 1995) (The focus is on the "'ordinary purpose' for which the product was marketed and sold to the plaintiff . . . ."). | Yes in certain cases. *See Remee Prod. Corp. v. Sho-Me Power Elec. Co-op & TM Sales, Inc.*, No. 01 CIV. 5554 (HB), 2003 WL 124517, at *6 (S.D.N.Y. Jan. 15, 2003) (court allowed recovery of full purchase price where "evidence adduced at trial overwhelmingly demonstrated that the cable was unsuitable and that, of the small amount of cable that was presently in use, [plaintiff] expected the cable to fail but ha[d] not yet dismantled it because of the large expense involved"). | Four years from time of tender; no discovery rule. *See* N.Y. U.C.C. § 2-725; *Shaw v. Zimmer, Inc.*, No. 17-cv-2119 (PAC), 2017 WL 5952203, at *3 (S.D.N.Y. Nov. 29, 2017) ("Under New York law, the 'limitations period for breach-of-warranty claims is four years from the date when tender of delivery is made.' . . . [the] exception applies only to express warranties rather than implied warranties.") (citations omitted). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| North Carolina<br><br>**Ps Inclusion OK**<br><br>Privity is req'd | Privity is required for claims for breach of implied warranty alleging economic loss. *See City of High Point, N.C. v. Suez Treatment Sols. Inc.*, 485 F. Supp. 3d 608, 626-27 (M.D.N.C. 2020); *Atl. Coast Mech., Inc. v. Arcadis, Geraght & Miller of N.C., Inc.*, 623 S.E.2d 334, 339 (N.C. Ct. App. 2006) ("[P]rivity is still required in an action for breach of implied warranties that seek recovery for economic loss."). | N/A | Product must be, *inter alia*, fit for its ordinary purpose. *See Presnell v. Snap-On Securecorp, Inc.*, 1:20CV234, 2022 WL 295917, at *6 (M.D.N.C. Feb. 1, 2022) ("'Goods to be merchantable must be . . . fit for the ordinary purposes for which such goods are used.'") (quoting N.C. Gen. Stat. § 25-2-314(2)(c)). | Yes, in certain cases. *See Warren v. Guttanit, Inc.*, 69 N.C. App. 103, 113 (1984) (Court approved full contract recovery where shingles began to leak some time after being installed but could not be repaired, crediting lower court's finding "that the materials when installed on plaintiffs' roof had no value at all"). | Four years from time of tender; no discovery rule. *See* N.C. Gen. Stat. § 25-2-725; *Slater v. Biomet, Inc.*, 244 F. Supp. 3d 803, 810 (N.D. Ind. 2017) (applying N.C. law) ("There's a 'discovery rule' for breach of warranty claims too, but only when the 'warranty explicitly extend[ed] to future performance of the goods and discovery of the breach must await the time of such performance."). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Washington<br><br>**Ps Inclusion OK**<br><br>privity is reqd | No as to pre-suit notice. Courts appear split as to whether pre-suit notice is required. *Compare Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 928-29 (N.D. Cal. 2012) (applying Washington law) ("plaintiff's failure to give pre-suit notice bars his [express and implied] warranty claims"), *with Stockinger v. Toyota Motor Sales USA Inc*, No. LACV 17-00035-VAP (KLSx), 2017 WL 10574372, at *11 (C.D. Cal. July 7, 2017) (applying Washington law) (declining to find want of pre-suit notice dispositive in a breach of warranty case).<br><br>Privity is required absent express representations by the manufacturer to the plaintiff. *See Baughn v. Honda Motor Co.*, 727 P.2d 655, 668-69 (Wash. 1986). | Notice must be reasonable, and reasonableness depends on the nature, purpose, and circumstances; this is usually a mixed question of law and fact left to the trier of fact to decide. *Flooring Assocs., Inc. v. Design Mfg. Int'l, LLC.*, No. 2:20-cv-00057-JCC-JRC, 2021 WL 1551473, at *10 (W.D. Wash. Apr. 1, 2021), *report and recommendation adopted sub nom. Flooring Assocs., Inc. v. Design Mfg. Int'l, LLC*, No. C20-0057-JCC, 2021 WL 1546093 (W.D. Wash. Apr. 20, 2021); *Jarstad v. Tacoma Outdoor Recreation, Inc.*, 10 Wash. App. 551, 558, 519 P.2d 278, 283 (1974). | *See Fed. Signal Corp. v. Safety Factors, Inc.*, 125 Wash. 2d 413, 427 (1994) (en banc) ("Where 'a significant segment of the buying public objects to buying . . .' a good, it 'does not pass *without objection* in the trade'. . . . However, '"merchantable" is not synonymous with "perfect."'. . . . Factors such as the usage in the trade, the price actually paid as compared to the standard price, the characteristics of similar goods manufactured by others, and government standards and regulations regarding such a good are considerations when evaluating merchantability.") (citations omitted); *see also* Wash. Rev. Code Ann. § 62A.2-314(2) (providing statutory definition). | Yes in certain cases. *See Union Tank Works, Inc. v. William E. Ehlers Co.*, 54 Wash. 2d 263, 271(1959) (concluding "[]the evidence . . . [showed] that the [oven] elements were unfit for their intended purpose and were worthless from the time they were made" even though the court acknowledged that at least some of the oven elements in question worked properly). | Four years from time of tender; no discovery rule. *See* Wash. Rev. Code Ann. § 62A.2-725; *Blangeres v. United States Seamless, Inc.*, 725 F. App'x 511, 514 (9th Cir. 2018) (applying Washington law and citing *Holbrook, Inc. v. Link-Belt Constr. Equip. Co.*, 12 P.3d 638, 641 n.5 (Wash. Ct. App. 2000)) ("An implied warranty claim, by its nature, does not explicitly extend to future performance, and therefore begins to accrue upon delivery."). |

**Plaintiffs' Group 4: States That Purportedly May Require Both Privity And Pre-Suit Notice**

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Alabama<br><br>**Ps Inclusion OK** | Privity is required in economic loss actions. *See Blackmon v. Powell*, 132 So. 3d 1, 6 (Ala. 2013) ("The linchpin of a breach-of-the-implied-warranty-of-merchantability claim is privity.").<br><br>Pre-suit notice is required. *See Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1285 (M.D. Ala. 2001) ("[I]n the context of economic harm . . . the filing of a lawsuit is not considered to be sufficient notice under Alabama law."); *Consol. Pipe & Supply Co. v. Stockham Valves & Fittings, Inc.*, 365 So. 2d 968, 971 (Ala. 1978) ("Notice is a condition precedent to any claim for breach of warranty."). | Whether the notice given is sufficient is a fact-specific determination in each case, but written notice or notice threatening litigation is not required. Notice is sufficient where it "comports with the notice an ordinary tort-feasor would have of his breach of duty." *Page v. Camper City & Mobile Home Sales*, 292 Ala. 562, 565 (1974); *see also Barrington Corp. v. Patrick Lumber Co.*, 447 So. 2d 785, 789 (Ala. Civ. App. 1984). | "Goods are 'merchantable' when they '[a]re fit for the ordinary purposes for which such goods are used.'" *Ballard v. Gen. Motors, LLC*, No. 2:20-CV-260-WKW, 2021 WL 5312298, at *3 (M.D. Ala. Nov. 15, 2021) (quoting Ala. Code § 7-2-314). A plaintiff need not present proof of a product "defect" in order to establish a claim for breach of implied warranty. *Easterling v. Ford Motor Co.*, 780 F. App'x 834, 836 (11th Cir. 2019) ("[D]efectiveness and unfitness are two distinct concepts under Alabama law."). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See* Ala. Code § 7-2-725; *Blackmon v. Ethicon, Inc.*, No. 1:20-cv-556-TFM-N, 2022 WL 161516, at *3 (S.D. Ala. Jan. 18, 2022) ("Plaintiffs' breach of express warranty (Count XI) and breach of implied warranty [claims] (Count XII) are subject to Alabama's four-year statute of limitations period. . . . A breach of warranty occurs when tender of delivery is made."). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Ohio<br><br>**Ps Inclusion OK, But iffy as to whether presuit notice is req'd or can be shown by FDA recalls, etc.** | Privity is required. *See Curl v. Volkswagen of Am., Inc.*, 871 N.E.2d 1141, 1147 (Ohio 2007) (requiring privity in a breach of implied warranty action alleging economic loss and finding that "[t]o permit a claimant to recover without establishing vertical privity blurs the distinction between contract and tort."). | "[W]e stress the well-established rule that the 'determination of a reasonable time and the adequacy of notice to the seller are ordinarily questions of fact.'" *See Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 636 (Ohio 1989).<br><br>*Further from Chemtrol Adhesives:* **A trial court should be reluctant to grant SJ on the grounds that notice of breach was untimely as a matter of law.** *Implies presuit notice is not a deal breaker* | Product must be, inter alia, fit for its ordinary purpose. *See Cline v. Medtronic, Inc.*, No. 2:20-CV-3826, 2021 WL 3860194, at *9 (S.D. Ohio Aug. 30, 2021) ("To be merchantable, goods must, inter alia, be 'of fair average quality,' be 'fit for the ordinary purposes for which such goods are used,['] and 'run . . . of even kind, quality and quantity, within each unit and among all units involved[.]'") (quoting Ohio Rev. Code § 1302.27(B)). | Yes, in certain circumstances. *See T.R.C. Indus., Inc., v. Indus. Cap. Mach.*, No. 10478, 1982 WL 2863, at *4 (Ohio Ct. App. Nov. 24, 1982) (citing with approval district court's grant of damages equal to goods' full value, without deducting the scrap value of the goods). | Four years from time of tender; no discovery rule. *See Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 505 (S.D. Ohio 2012) ("Implied warranties, by definition, do not explicitly extend to future performance, thus removing any possibility that the discovery rule of Ohio Rev. Code § 1302.98(B) could toll the limitations period in this case."). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Oregon<br><br>**Ps Inclusion OK** | Privity is required in economic loss actions. *See Davis v. Homasote Co.*, 281 Or. 383, 386 (1978) ("[Oregon] has adhered to the rule that privity of contract is essential before a purchaser can recover economic loss from a manufacturer for breach of implied warranty.").<br><br>Pre-suit notice is required. *See Parkinson v. Novartis Pharms. Corp.*, 5 F. Supp. 3d 1265, 1277 (D. Or. 2014) (finding notice to be an essential element in a claim for breach of warranty and characterizing Plaintiff's assertion that notice was provided by filing the class action lawsuit as lacking any support in Oregon law). | "[N]otice may be given in any manner or form sufficient to apprise the seller that there are problems with the transaction," including orally. *Oregon Lumber Co. v. Dwyer Overseas Timber Prod. Co.*, 571 P.2d 884, 887 (Or. 1977). | *See Hill Meat Co. v. Sioux-Preme Packing Co.*, No. CIV. 08-1062-SU, 2009 WL 1346606, at *4 (D. Or. May 13, 2009) (the goods must, *inter alia*, "(1) pass without objection in the trade under the contract description; (2) . . . be of fair average quality within the description; (3) be fit for the ordinary purposes for which such goods are to be used; . . . and (6) conform to the promises or affirmations of fact made on the container or label.") (citing Or. Rev. Stat. § 72.3140(2)(a)-(f)). | No caselaw identified allowing "zero-value" damage theories where plaintiff obtained some benefit from the product. | Four years from time of tender; no discovery rule. *See Hunter v. Woodburn Fertilizer, Inc.*, 144 P.3d 970, 973 (Or. Ct. App. 2006) ("Subsection (2) [of Or. Rev. Stat. Ann. § 72.7250] specifies that '[a] breach of warranty occurs when tender of delivery is made . . . .'"). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Tennessee<br><br>**Ps Inclusion OK** | Privity is required for economic loss claims. *See Memphis-Shelby Cnty. Airport Auth. v. Ill. Valley Paving Co.*, No. 01-3041 B, 2006 WL 3041492, at *2-3 (W.D. Tenn. Oct. 26, 2006) (lack of privity barred breach of implied warranty claim for economic losses); *Messer Griesheim Indus., Inc. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 463 (Tenn. Ct. App. 2003) (similar).<br><br>Pre-suit notice is required in economic loss actions. *See Bunn v. Navistar, Inc.*, 797 F. App'x 247, 252-55 (6th Cir. 2020) (distinguishing between personal injury cases, where pre-suit notice is not required, and economic loss cases, where it is). | Buyer must notify seller that the transaction "claimed to involve a breach, and thus open the way for normal settlement through negotiation," rather than merely stating that a defect occurred. *Bunn v. Navistar, Inc.*, 797 F. App'x 247, 254-55 (6th Cir. 2020) (citation omitted). | Product must be, *inter alia*, fit for its ordinary purpose. *See Brown v. Woodbury Auto Grp. LLC*, No. 3:21-CV-00955, 2022 WL 822021, at *4 (M.D. Tenn. Mar. 17, 2022) ("Goods are 'merchantable' when, among other things, they 'are fit for the ordinary purposes for which such goods are used.'") (quoting Tenn. Code Ann. § 47-2-314(2)(c)). | Yes, in certain circumstances. *See, e.g., Tidy Didy Di-Deeland, Inc. v. Bristol Jeans, Inc.*, No. 03A01-9301-CV-00007, 1993 WL 209550, at *3 (Tenn. Ct. App. June 15, 1993) (approving damages equal to purchase price based on finding that "[t]he machine in this case is useless to plaintiff" without examining if it had any other residual value). | Four years from time of tender; no discovery rule. *See Paskell v. Nobility Homes, Inc.*, 871 S.W.2d 481, 483 (Tenn. 1994) ("a cause of action accrues when tender of delivery is made"). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Utah<br>**Ps Inclusion OK** | Pre-suit notice is required. *See Callegari v. Blendtec, Inc.*, No. 2:18-CV-308-DB, 2018 WL 5808805, at *6 (D. Utah Nov. 6, 2018) ("Section 70A-2-607 places an affirmative burden on a would-be plaintiff prior to his filing suit."). | "'[T]he content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched' . . . there is no requirement that the notice the buyer provides 'must include a clear statement of all objections that will be relied on by the buyer.'" *Johnson v. Blendtec, Inc.*, 500 F. Supp. 3d 1271, 1290 (D. Utah 2020) (quoting Utah Code Ann. § 70A-2-607 cmt. 4). | Product must be, *inter alia*, fit for its ordinary purpose. *See Elkins v. Mylan Lab'ys, Inc.*, No. 1:12-CV-255 TS, 2013 WL 3224599, at *5 (D. Utah June 25, 2013) ("[T]he standards of merchantability-passes without objection; is of fair average quality; is fit for ordinary purposes; is of even kind, quality and quantity; is adequately contained, packaged and labeled; and conforms to promises on the packaging.") (citing Utah Code Ann. § 70A-2-314(2)). | No caselaw identified allowing "zero-value" damages for a product that provided at least some benefit. | Four years from time of tender; no discovery rule. *See* Utah Code Ann. § 70A-2-725; *Salt Lake City Corp. v. Sekisui SPR Ams., LLC*, 412 F. Supp. 3d 1316, 1328 (D. Utah 2019) ("[A] warranty claim accrues upon delivery of the good."). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Vermont<br><br>**Ps Inclusion OK** | Privity is likely required for economic loss claims. *See Mainline Tractor & Equip. Co. v. Nutrite Corp.*, 937 F. Supp. 1095, 1108 (D. Vt. 1996) ("the Vermont Supreme Court would not abandon the privity requirement" for implied warranty actions).<br><br>Pre-suit notice is required as well. *See Agway, Inc. v. Teitscheid*, 144 Vt. 76, 80 (1984) (holding the filing of an Answer 13 months after tender was "arguably sufficient notice of a breach," but not timely); *cf. Desilets Granite Co. v. Stone Equalizer Corp.*, 133 Vt. 372, 374-75 (1975) (finding service of a complaint insufficient notice for revocation of acceptance in a breach of warranty action). | The notification must inform the seller that there is a specific alleged breach with respect to a specific transaction at issue. *Mainline Tractor & Equip. Co. v. Nutrite Corp.*, 937 F. Supp. 1095, 1108-09 (D. Vt. 1996) (quoting Vt. Stat. Ann. tit. 9A, § 2-607 cmt. 4). Such notification must express more than just "present dissatisfaction." *Agway, Inc. v. Teitscheid*, 144 Vt. 76, 79 (1984). | Product need not be perfect or guarantee high quality, only be fit for its "operative essentials." *See Tracy v. Vinton Motors, Inc.*, 130 Vt. 512, 516 (1972) ("The implied warranty of merchantability, like that of fitness, is primarily directed at the operative essentials of a product. . . . It is not intended to guarantee high quality or perfection of detail.") (citations omitted); Vt. Stat. Ann. tit. 9A, § 2-314(2) (statutory definition). | No caselaw identified allowing "zero-value" damages for a product that provided at least some benefit. | Four years from time of tender; no discovery rule. *See* Vt. Stat. Ann. tit. 9A, § 2-725; *see, e.g., S. Burlington Sch. Dist. v. Calcagni-Frazier-Zajchowski Architects, Inc.*, 138 Vt. 33, 49 (1980) (holding claim barred where the action was commenced more than four years after tender). |

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| Wisconsin[6]<br><br>**If Ps include WI, Ps Inclusion of WI in this subclass OK** | Privity is required for economic loss claims. *See Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 582 F. Supp. 208, 215 (E.D. Wis. 1984) ("Wisconsin law requires privity of contract between the parties before liability can be founded on breach of express or implied warranty.").<br><br>Pre-suit notice is required. *See Kessler v. Samsung Elecs. Am. Inc.*, No. 17-C-0082, 2018 WL 7502913, at \*5-6 (E.D. Wis. Feb. 16, 2018) (stating Wisconsin law "require[es] pre-suit notice" for both express and implied warranty claims). | Notice must be reasonably timely under the circumstances. Delays of two, five and seven months after discovery of the breach can all be unreasonable absent "circumstances excusing or justifying" the delay. *Wilson v. Tuxen*, 754 N.W.2d 705, 731-32 (Wis. Ct. App. 2008) (collecting cases).<br><br>The notice need not mention any potential litigation or claim for damages and is sufficient where it alerts the seller of the breach such as to enable them to cure | A "finding of merchantability requires an examination of the defects alleged to exist in the particular product in light of the standard of quality expected for that product." *Taterka v. Ford Motor Co.*, 86 Wis. 2d 140, 146 (1978). | No cases identified in which a court granted "zero-value" damages for a product that provided at least some benefit. | Six years from time of tender; no discovery rule. *See* Wis. Stat. § 402.725; *Midland Builders, Inc. v. Semling-Menke Co.*, 2005 WI App 193, ¶ 45 ("[T]he normal rule is that a breach-of-warranty action must be commenced within six years after 'tender of delivery' of the product warranted."). |

---

[6] The "Manufacturer Defendants Implied Warranties Groupings Table" provided by Plaintiffs omits Wisconsin from any of its proposed subclasses, *see* Pls.' Exhibit 2, at 17-21, but Plaintiffs include the state in the "Implied Warranties Legal Authorities Table," *id.* at 29. Based on Plaintiffs' Legal Authorities Table, it appears Plaintiffs would have classified Wisconsin in Grouping No. 4.

| State | Does State Law Support Plaintiffs' Grouping Criteria? | If Required, What Constitutes Sufficient Pre-Suit Notice? | What Is Definition Of Merchantability? | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Use From Product? | What Is The Statute Of Limitations? Does Discovery Rule Apply? |
|---|---|---|---|---|---|
| | | the defect. *See Kessler v. Samsung Elecs. Am. Inc.*, No. 17-C-0082, 2018 WL 7502913, at *5 (E.D. Wis. Feb. 16, 2018) (phone calls to customer support line complaining about product sufficed); *Paulson v. Olson Implement Co.*, 107 Wis. 2d 510, 526 (1982) (complaints to seller that product was not performing as expected sufficed). | | | |

**Plaintiffs' Group 5 – Redhibition**

| State | Does State Law Support Plaintiffs' Grouping Criteria? | Is Privity Required? | Is Pre-Suit Notice Required? What Pre-Suit Notice Is Sufficient? | Definition Of Redhibition | Are "Zero-Value" Theories Accepted Where Plaintiff Derived Some Benefit From Product? | Statute of Limitations? |
|---|---|---|---|---|---|---|
| Louisiana<br><br>**Ps redhibition subclass OK and if Ps can show as they argued that VCDs were worthless, then Eco Loss is price paid.** | N/A | Privity is not required. *See Aucoin v. S. Quality Homes, LLC*, 984 So. 2d 685, 692 (La. 2008) ("[T]his Court held in *Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc.*, 262 La. 80 (1972), that the buyer could recover directly from the manufacturer for breach of warranty, despite the fact that there was no privity of contract between them."). | Pre-suit notice is not required. *See Swire Oilfield Servs., LLC v. Gator Rigging, Inspection, Testing, & Supply, LLC*, No. CIV.A. 15-971, 2015 WL 4635577, at *3 (E.D. La. Aug. 3, 2015); *Williams v. Pike*, 58 So. 3d 525, 527 (La. Ct. App. 2011) ("Assuming, *arguendo*, that there was lack of notice, this defect could only prevent [plaintiff] from rescinding the sale and recovering the full purchase price."). | "A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect, . . . or it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price." *Id.* Courts have likened the two doctrines. *See Orthopedic & Sports Inj. Clinic v. Wang Lab'ys, Inc.*, 922 F.2d 220, 227 (5th Cir. 1991) ("Putting it simply, redhibition smacks of merchantability."). | Recovery for redhibition is limited to the "reduction of the price" caused by the alleged defect. *See* La. Civ. Code Ann. art. 2520. The reduction in price equals "the difference in price between the actual value of the thing at the time of sale, and the value warranted by the seller." *Veluvolu v. Nissan N. Am., Inc.*, 409 F. Supp. 3d 581, 585 (W.D. La. 2019). Defendants have not identified redhibition cases granting "zero-value" damages for a product that provided some benefit. | The limitations period varies from one year to 10 years. *See* La. Civ. Code Ann. art. 2534. (Two years from day of delivery or one year from day defect is discovered (whichever occurs first), unless seller knew of or should have known of defect, in which case it is one year from day buyer discovered defect *or* ten years from the perfection of the contract of sale). |