## APPENDIX J

## STATE LAW VARIATION – UNJUST ENRICHMENT

Plaintiffs have submitted a four-page table supposedly showing that there are only two different levels of burden for unjust enrichment claims – a "higher unjust burden" and the "normal burden." The table below identifies the states that Plaintiffs place in the "normal burden" group, despite the wide variance in how states consider a defendant's conduct in unjust enrichment claims. The issues identified in this table, and the additional unjust enrichment nuances identified in the tables attached to Wholesalers' Brief (which the Pharmacy Defendants incorporate to the extent applicable and not related to privity), are the very sorts of variations that have led to the denial of class certification in other cases, such as the following:

- *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.,* MDL No. 2785, 2020 WL 1873989, at *57-58 (D. Kan. Feb. 27, 2020) (Court denied plaintiffs' motion to certify a nationwide unjust enrichment class because the "differences among state law definitions of unjust enrichment and its availability as a remedy," would require individualized inquiries "to determine claims from plaintiffs in 50 states plus the District of Columbia," and "would present significant manageability issues." The court held the individualized questions demand an inquiry "that will swamp the common questions," and "pose troubling case management obstacles[.]");

- *In re McCormick & Co.*, 422 F. Supp. 3d 194, 231-35 (D.D.C. July 10, 2019) (Court denied plaintiffs' motion to certify two multi-state unjust enrichment classes that spanned 29 jurisdictions because plaintiffs "failed to establish that there are no material variations in unjust enrichment law in the jurisdictions within each proposed class[.]");

- *Hanks v. Lincoln Life & Annuity Co. of New York,* 330 F.R.D. 374, 384-86 (S.D.N.Y 2019) (Court denied plaintiff's motion to certify nationwide unjust enrichment class, noting that most courts "have declined to certify" multi-state unjust enrichment claims "based on the significance of state law variations." Plaintiff's proposed state grouping presented "serious reason to question the predominance of common legal issues" for the proposed class. For the same reasons, the court found the class presented manageability issues that defeated the superiority element of Rule 23(b).);

- *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 601-02 (S.D.N.Y. Feb. 28, 2018) (Court denied plaintiff's motion to certify nationwide unjust enrichment class, noting that most courts "have declined to certify" multi- state unjust enrichment claims "based on the significance of state law variations." Plaintiff's proposed state grouping presented "serious reason to question the predominance of common legal issues" for the proposed class. For the same reasons, the court found the class presented manageability issues that defeated the superiority element of Rule 23(b).);

- *Hughes v. The Ester C Co.*, 317 F.R.D. 333, 353 (E.D.N.Y. 2016) (Court denied certification of multi-state unjust enrichment claims because variation among the states definitions of unjust enrichment was enough on its own to deny certification.);

- *Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 540 (N.D. Cal. 2015) (Court denied certification of a nationwide unjust enrichment class "because material variations in state law would predominate.");

- *In re Actiq Sales & Mktg. Practices Litig.*, 307 F.R.D. 150, 167-73 (E.D. Pa. 2015) (Court denied plaintiffs'' motion to certify nationwide unjust enrichment class, even when broken into proposed multi-state and single-state groups, because the claims required "individualized inquir[ies] into equitable circumstances," meaning that "common questions of law or fact do not predominate under Rule 23(b)(3)." Similarly, the court held that the "interest in fairness in adjudicating individual issues outweighs the judicial burden of such [individual] suits," and thus the proposed classes were not "a superior method" for adjudication.);

- *Dapeer v. Neutrogena Corp.*, No. 14-22113-CIV, 2015 WL 10521637, at *4-5 (S.D. Fla. Dec. 1, 2015) (Court denied plaintiff's motion to certify multi-state unjust enrichment class, even when divided into two sub-classes, because "the plethora of state law conflicts with regard to the unjust enrichment claim defeats the predominance of any common questions of fact or law[.]");

- *Rapp v. Green Tree Servicing, LLC*, 302 F.R.D. 505, 519-20 (D. Minn. 2014) (Court denied plaintiffs' motion to certify a national unjust enrichment class as "the law of unjust enrichment varies too much from state to state to be amenable to national or even to multistate class treatment," and because "individual questions of law and fact would overwhelm questions common to the class as a whole.");

- *Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 529, 548 (C.D. Cal. 2013) (Court denied motion to certify a nationwide unjust enrichment class after finding "that variances in state law and individual fact issues defeat commonality and predominance on Plaintiffs' claim for unjust enrichment.");

- *Kunzelmann v. Wells Fargo Bank, N.A.*, No. 9:11-CV-81373-DMM, 2013 WL 139913, at *6-11 (S.D. Fla. Jan. 10, 2013) (Court denied certification of a nationwide unjust enrichment class because "the substantial variations" in states' unjust enrichment laws "swamp any common issues," and that "[w]hether treated as a predominance question or a manageability question, [these variations are] fatal to the quest for certification.");

- *Yarger v. ING Bank, FSB*, 285 F.R.D. 308, 324-25 (D. Del. 2012) (Court denied plaintiffs' motion to certify an unjust enrichment class covering sixteen states because the "states' laws have material variations." The court found these "material differences raise state law specific questions that defeat predominance.");

- *In re Bisphenol-A (BPA) Polycarbonate Plastic Prod. Liab. Litig.*, 276 F.R.D. 336, 340-43 (W.D. Mo. 2011) (Court denied certification of a nationwide unjust enrichment class, stating that "[t]he difficulties involved in comparing and contrasting all of the nuances of the laws of fifty-one jurisdictions is undeniably complicated," and "increase[d] potential grounds for error," demonstrate a class action is inappropriate. The court noted that "conducting the necessary inquiry is an unmanageable task." "Ultimately," the court could not conclude that there were common issues of law.);

- *Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortgage Ass'n*, 624 F.3d 185, 195-96 (5th Cir. 2010) (Court affirmed district court's denial of a nationwide unjust enrichment class because plaintiffs failed to show "that burden of proof standards do not vary or that

differences in state unjust enrichment laws are insignificant." The court held that such variations "may be detrimental to Plaintiffs' claims, and Plaintiffs give no indication of why such variances in state law are irrelevant in this matter.");

- *Tyler v. Alltel Corp.*, 265 F.R.D. 415, 428-49 (E.D. Ark. 2010) (Court denied plaintiff's motion to certify a multi-state unjust enrichment class. The court held that "[a]pplying twenty-five states' laws, even if divided into twenty-five subclasses, would present the Court with an unmanageable situation at trial," and thus plaintiff's proposed class failed to satisfy "Rule 23(b)(3)'s commonality and predominance requirements.");

- *In re Digitek*, No. 2:08-md-01968, 2010 WL 2102330 (S.D. W. Va. May 25, 2010) (Court denied plaintiffs' nationwide and multiple, single-state proposed classes because the many individual considerations in unjust enrichment law led the court "to find predomination [] lacking," and that a nationwide class "would be entirely inappropriate as well." The individual inquiries would "outweigh the benefits that might be gained from certification," and thus the claim also failed to meet the superiority requirement of Rule 23.);

- *Spencer v. Hartford Fin. Servs. Grp., Inc.,* 256 F.R.D. 284, 304-05 (D. Conn. 2009) (Court denied plaintiffs' motion to certify nationwide unjust enrichment class because "the sheer complexity of elements . . . suggest why courts have been reluctant to certify unjust enrichment claims." Specifically, the court determined that "the legal variations in unjust enrichment claim defeat a finding of predominance," an element intended to help "ensure that class actions provide a means of aggregating like claims for reasons of expediency and justice without sacrificing the requirement that the burden of proof remains on plaintiffs to prove their entitlement to recovery under applicable law.");

- *Muehlbauer v. Gen. Motors Corp.*, No. 05 C 2676, 2009 WL 874511, at *5-7 (N.D. Ill. Mar. 31, 2009) (Court denied motion to certify multistate unjust enrichment class, finding "multi-state class actions for unjust enrichment are inappropriate because the individual states' laws regarding unjust enrichment are too nuanced to lend themselves to class treatment." The court was concerned that "it would be nearly impossible to fashion a remedy in this case without individualized inquiries into each claim.");

- *Ronat v. Martha Stewart Living Omnimedia, Inc.*, No. CIV. 05-520-GPM, 2008 WL 4963214, at *3-4 (S.D. Ill. Nov. 12, 2008) (Court denied plaintiffs' motion to certify nationwide unjust enrichment claims, even when divided into multi- state subclasses, because differences in state law, including "the statutes of limitations that apply under the different states' laws," defeated the superiority and manageability requirements of Rule 23(b)(3).);

- *Siegel v. Shell Oil Co.*, No. 06 C 0035, 2008 WL 4378399, at *4 (N.D. Ill. Sept. 23, 2008) (Court denied certification of a nationwide unjust enrichment class because the states' laws all "vary to some extent" and that "nuance in the law is important and must be respected." The court thus denied certification because plaintiffs "failed in their burden of establishing the requirements of commonality, superiority, and predominance[.]");

- *Thompson v. Jiffy Lube Intern., Inc.*, 250 F.R.D. 607, 626-28 (D. Kan. 2008) (Court denied certification of a nationwide class after

discussing variations on states' unjust enrichment laws and noting that "[b]ecause of such variations, federal courts have generally refused to certify a nationwide class based upon a theory of unjust enrichment.");

- *In re Conagra Peanut Butter Products Liability*, 251 F.R.D. 689 (N.D. Ga. 2008) (Court denied certification of a nationwide class because, "[i]n a nationwide class, variations in state law may swamp any common issues and defeat predominance." The many differences among states' unjust enrichment laws "prevent[ed] the Court from finding that common issues of law predominate on this claim." Further, the court held, after a survey of the varying states' laws, that "[t]his morass is useful to establish not only the lack of uniformity of unjust enrichment claims across the country, but also the inferiority of class-wide resolution due to discerning the many differing legal standards.");

- *Vulcan Golf, LLC v. Google Inc.*, 254 F.R.D. 521, 532-33 (N.D. Ill. 2008) (Court denied plaintiffs' motion to certify nationwide unjust enrichment class because "the plaintiffs notably fail to discuss the states' laws in detail or address the concerns raised by numerous other courts that have found significant differences in the laws." Accordingly, the court denied certification "because individual issues predominate . . . with respect to the unjust enrichment claim.");

- *In re Sears, Roebuck & Co. Tools Mktg. & Sales Pracs. Litig.*, No. 05 C 2623, 2007 WL 4287511, at *8-10 & n.7 (N.D. Ill. Dec. 4, 2007) (Court denied plaintiffs' motion for class certification of a nationwide unjust enrichment class, noting that "unjust enrichment is a tricky type of claim that can have varying interpretations even by courts within the same state, let alone amongst the fifty states." The court found the unjust enrichment claim required highly individualized factual determinations and that "[t]he differences in the unjust enrichment [laws] of the states" rendered the proposed class "unmanageable.");

- *In re Prempro Prods. Liab. Litig.*, 230 F.R.D. 555, 563 & 573 (E.D. Ark. 2005) (Court denied plaintiffs' motion to certify multi-state class alleging unjust enrichment because individual issues of law and fact "eclipse any possible common questions or cohesion among their claims," and thus failed to satisfy the predominance and superiority requirements of Rule 23(b).); *In re Baycol Prods. Litig.*, 218 F.R.D. 197, 213-14 (D. Minn. 2003) (Court denied plaintiffs' motion to certify a class based on claims of unjust enrichment because individual factual issues predominated, "rendering class certification unwarranted," and because plaintiffs "failed to demonstrate that common issues of law predominate" given the material variances in unjust enrichment laws nationwide.);

- *Lilly v. Ford Motor Co.*, No. 00 C 7372, 2002 WL 507126, at *2 (N.D. Ill. Apr. 3, 2002) (Court denied class certification because "[t]he variations in state common laws of unjust enrichment demonstrate that class certification of such a claim would be unmanageable.").

**Plaintiffs' States That Purportedly Have a "Normal" Burden**

| State | Does State Law Support Plaintiffs' (Ps) Grouping? | Standard for Defendant (D) Conduct or Level of Wrongfulness |
|---|---|---|
| Alabama<br><br>**Ps Inclusion in WHUE 2 OK** | Yes | **Higher Unjust Burden Agreed Upon. Wholesalers Initially Disagreed that Direct Benefit was REQ'D, but did NOT dispute Alabama in opposition, so assume they have dropped their disagreement** |
| Alaska<br><br>**Ps inclusion in WHUE 4 OK**<br><br>Ps normal burden correct as recognized by Wholesalers<br><br>Normal burden, Direct benefit Req'd | No: Ps argue "normal" burden, but unjustness requires some sort of improper conduct.<br><br>**Ds are incorrect. Ps acknowledge AK requires direct benefit** | **Requires Some Sort of Improper Conduct.** "To recover property under an unjust enrichment theory, the person holding the property must be retaining it by unjust, unconscionable, or unlawful means." *Marathon Oil. Co. v. Forest Oil. Corp.*, No. 3:06-cv-00102, 2008 WL 11336761, at *12 (D. Alaska 2008) (citing *Rausch v. Devine*, 80 P.3d 733, 744 (Alaska 2003)) (dismissing claim because plaintiff could not point to conduct that "could be deemed as being unjust, inequitable, or unlawful").<br>Here's the AK standard for UE from Ds cited case Marathon Oil: *"A party seeking to recover for unjust enrichment must show (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it without paying the value thereof."* Ware v. Ware, *161 P.3d 1188, 1197 (Alaska 2007).* |
| Arizona<br><br>**Ps Inclusion in WHUE3 OK** | Yes<br><br>Normal Burden, Direct Benefit not Req'd. | **Wrongfulness Not Required.** *See Beauchamp L. Off. PC v. Gust Rosenfeld PLC*, No. 1 CA-CV 17-0250, 2018 WL 1868033, at *3 (Ariz. Ct. App. Apr. 19, 2018) ("[a]lthough a claim of unjust enrichment requires a showing of enrichment without justification, the term without justification is not synonymous with wrongfully or maliciously." (cleaned up)). |
| Arkansas<br><br>**Ps Inclusion OK for WHUE3** | No: There are conflicting cases within Arkansas. Ps cite no burden caselaw. | **Circumstances Must Show Inequity.** Defendants agree that some courts have construed Arkansas law as not requiring wrongdoing on the part of the defendant for an unjust enrichment claim to lie, but other Arkansas courts have also noted that "there must also be some operative act, intent, or situation to make the enrichment unjust and compensable." *Adkinson v. Kilgore*, 62 Ark. App. 247, 254, 970 S.W.2d 327, 331(1998).<br><br>FROM Court's research: AK Supreme Court: *Campbell v. Asbury Automotive, Inc.*, 381 S.W.3d 21 (Supreme Court of Arkansas2,.April 14, 2011)*:*<br>*To find unjust enrichment, a party must have received something of value, to which he or she is not entitled and which he or she must restore. See El Paso Prod. Co. v. Blanchard, 371 Ark. 634, 269 S.W.3d 362 (2007). ...In short, an action based on unjust enrichment is maintainable where a person has received money or its equivalent under such circumstances that, in equity and good conscience,* |

| | | |
|---|---|---|
| | | *he or she ought not to retain. See id. Further, in Pro–Comp Management, Inc. v. R.K. Enterprises, LLC, we stated: Unjust enrichment is an equitable doctrine. First Nat'l Bank of DeWitt v. Cruthis, 360 Ark. 528, 203 S.W.3d 88 (2005). It is the principle that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly.*<br><br>From AK Court of Appeals: Robbins v. Lemay, 636 S.W.3d 801 (Court of Appeals of Arkansas, 10 Nov 2021): *To find unjust enrichment, a party must have received something of value to which he or she is not entitled and which he or she must restore.* Trickett v. Spann, *2020 Ark. App. 552, 613 S.W.3d 773. In general, recovery for unjust enrichment is based on what the person enriched has received rather than what the opposing party has lost.* Id. *A tortious or fraudulent act is not required to create a basis for an unjust-enrichment claim.* Id. *Unjust enrichment does not require the commission of a wrongful act by the enriched party; even an innocent defendant is subject to an unjust-enrichment claim brought by a more deserving party.* Id.<br><br>**No caselaw found that requires a direct benefit ; Wholesalers may be claimed under an UE theory.** |
| California<br><br>**Ps Inclusion of CA In WHUE5 NOT OK**<br><br>**Higher burden of unjust act may be required.** | No: Whether retention is "unjust" requires balancing of multiple factors, incl. D's conduct. Ps cite no burden caselaw. | **Balancing Test Used.**  Unjust enrichment claims are proper only if it is *unjust* for the defendant to retain the benefit.  "Determining whether it is unjust for a person to retain a benefit may involve policy considerations." *First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657, 1663 (1992). Mistake will support an unjust enrichment claim only when equitable considerations permit.  *Id.* at 1666; *see also Welborne v. Ryman-Carroll Foundation*, 22 Cal.App.5th 719, 728 (2018) (noting knowledge and good faith are factors to consider in determining unjust enrichment).  Moreover, determining unjust enrichment damages "attributable to wrongful conduct can be a difficult task" that "involves questions of causation and remoteness." *Uzyel v. Kadisha*, 188 Cal.App. 4th 866, 894 (2010). |
| Colorado<br><br>**Ps Inclusion of CO In WHUE5 NOT OK**<br><br>**Higher burden of unjust act may be required.** | No: Ps argue "malfeasance need not invariably be shown" but it *is* considered in determining whether injustice occurs. | **Fact-Specific Inquiry Where Malfeasance Is Considered, but Not Always Required.**  "*Determining whether retention of the benefit is unjust involves careful consideration of particular circumstances and a fact-intensive inquiry in which courts look to, among other things, the intentions, expectations, and behavior of the parties, [where] the analysis often will turn on whether a party engaged in some type of wrongdoing.*" Menocal v. GEO Group, Inc. *320 F.R.D. 258, 268 (D. Col. 2017) (cleaned up).* The Colorado Supreme Court has noted that "consideration of whether the enrichment was unjust . . . creates difficult questions for trial courts." *Lewis v. Lewis*, 189 P.3d 1134, 1140 (Colo. 2008).  In many instances, malfeasance—some type of "improper, deceitful, or misleading conduct" is required.  *DCB Const. Co., Inc. v. Central City Development Co.*, 965 P.2d 115, 117 (Colo. 1998) ("[F]or the enrichment to the landlord to be unjust and therefore actionable, the contractor must show some improper, deceitful, or misleading conduct by the landlord."). |

| | | |
|---|---|---|
| Connecticut<br><br>**Ps Inclusion of CN in WHUE3 NOT OK**<br><br>**Higher burden of unjust act req'd** | No: Ps note disagreement with original wholesaler chart but do not explain why or cite caselaw on burden. Wrongfulness is required under CN law. | **Wrongfulness Required.** It "would be clearly impermissible for a court to order restitution absent a finding of wrongdoing in a civil action because restitution is predicated on proof of unjust enrichment, which in turn requires proof of conduct that is 'wrongful' in at least some respect." *Statewide Grievance v. Daniels*, No. CV000437413, 2000 WL 1392814, at *8 (Conn. Super. Ct. Sept. 13, 2000); *see also Greenwich Contracting Co. v. Bonwit Constr. Co.*, 239 A.2d 519, 523 (Conn. 1968) (rejecting unjust enrichment claim based on mistake and noting that unlawfulness is required to state a claim for unjust enrichment); *Providence Elec. Co. v. Sutton Place, Inc.*, 287 A.2d 379, 382 (Conn. 1971) (reversing & remanding with direction to render judgment on unjust enrichment claim for defendant because, although P proved Ds enrichment, in the absence of fraud, enrichment was not unjust). |
| Delaware<br><br>**Ps Inclusion of DE in WHUE3 NOT OK**<br>**Higher burden of Unjust act req'd** | No: Ps note disagreement with original wholesaler chart but rely on inapt caselaw. | **Unjustness Requires Wrongdoing.** "Unjust enrichment is a *cause of action* that, while it requires the unjust retention of a benefit to the loss of another, also requires "wrongdoing" on the part of the recipient." *Bono v. O'Connor*, No. 15-6326 (FLW), 2016 WL 7315161, at *3 (D.N.J. Oct. 5, 2016) (applying Delaware law, citations omitted). "Under Delaware law, unjust enrichment requires an absence of justification for the transfer that enriches one party and impoverishes the other. That requirement usually entails some type of wrongdoing or mistake at the time of transfer." *In re Lear Corp. S'holder Litig.*, 967 A.2d 640, 657 (Del. Ch. 2008) (cleaned up). Plaintiffs cite *United States v. Children's Advoc. Ctr. Of Delaware*, No. CV 15-442-GMS, 2017 WL 4161975, at *3 (D. Del. Sept. 20, 2017), but that case *still* required unconscionability to sustain an unjust enrichment action, and also relied on PA law. |
| District of Columbia<br><br>**Ps Inclusion of DE in WHUE5 OK b/c**<br>**Higher burden of Unjust act may NOT be req'd** | No: There are conflicting cases within D.C. | **Unjustness Is Fact-Specific.** *Compare News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1225 (D.C. 2005) ("A claim for unjust enrichment accrues only when the enrichment actually becomes unlawful, i.e., where there has been a wrongful act giving rise to a duty of restitution." (cleaned up)) *with* Plaintiffs' cited case, *Movahedi v. U.S. Bank, N.A.*, 853 F. Supp. 2d 19, 29 (D.D.C. 2012) ("A claim of unjust enrichment does not require fault by recipient of the benefit." (citation omitted)). Conflict likely arises because of unique factual nature of unjust enrichment claim. "[E]very unjust enrichment case is factually unique. If there has been unjust enrichment must be determined by nature of dealings between recipient of benefit and party seeking restitution, and those dealings will vary from one case to the next." *4934, Inc. v. D.C. Dep't of Emp. Servs.*, 605 A.2d 50, 56 (D.C. 1992). |
| Florida<br><br>**Ps Inclusion of FL in WHUE4**<br><br>**NOT OK**<br><br>**Higher burden of Unjust act req'd** | No: Ps rely on mistake, but ignore that mistake is not applicable once payment is made and the higher burden in Florida for otherwise proving inequitable circumstances. | **Defendant Must Act Inequitably.** Unjust enrichment is "an equitable remedy requiring proof that money had been paid due to fraud, misrepresentation, imposition, duress, undue influence, mistake, or as a result of other grounds appropriate for intervention by a court of equity." *Hall v. Humana Hosp. Daytona Beach*, 686 So. 2d 653, 656 (Fla. Dist. Ct. App. 1996) (citing *Merritt v. Unkefer*, 223 So. 2d 723, 724 (Fla. 1969)). Though, as Plaintiffs note, mistake can be grounds to show inequitable circumstances, those circumstances require it be *inequitable* for defendant to retain benefit, and mistake "does not furnish a basis for equitable relief once payment has been made." *Id.* (dismissing unjust enrichment action against hospital that allegedly overcharged patients in violation of law).<br><br>Court Research: Olson v. Major League Baseball, 29 F.4th 59 (2nd Cir, 21 Mar 2022 (applying FL law): *To succeed on their claims of unjust enrichment, an equitable remedy, plaintiffs must* |

| | | |
|---|---|---|
| | | *demonstrate defendants benefited at expense of plaintiffs and the benefit was unjust.* See <u>Scott v. Scott</u>, *428 P.3d 626, 636 (Colo. App. 2018);* <u>Duty Free World, Inc. v. Miami Perfume Junction, Inc.,</u> *253 So.3d 689, 693–94 (Fla. Dist. Ct. App. 2018);* <u>Metro. Life Ins. Co. v. Cotter,</u> *464 Mass. 623, 984 N.E.2d 835, 850 (2013);* <u>Eun Bok Lee v. Ho Chang Lee,</u> *411 S.W.3d 95, 111 (Tex. App. 2013).* |
| Georgia<br><br>**Ps Inclusion of GA in WHUE4 is OK**<br>**(although Ps believe Direct benefit is req'd, N.D.Ga. says no.** | No: Ps cite no caselaw, and law does require analysis of equity between the two parties. | **Requires Analysis of Equity and Good Conscience.** "Unjust enrichment is an equitable concept . . . [e]ven where a person has received a benefit from another, he is liable to pay therefor only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." *Crook v. Foster*, 333 Ga. App. 36, 39, 775 S.E.2d 286, 289 (Ga. Ct. App. 2015).<br><br>Court Research: Elder v. Reliance Worldwide Corporation, 563 F.Supp.3d 1221 (N.D. Ga.27 Sep 2021):  *To establish an unjust enrichment claim under Georgia law, a plaintiff must show that "(1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust."* Amin v. Mercedes-Benz USA, LLC, *349 F. Supp. 3d 1338, 1362 (N.D. Ga. 2018) (quoting* Chartis Ins. Co. of Can. v. Freeman, *No. CV 111-193, 2013 WL 12121864, at *6 (S.D. Ga. Mar. 18, 2013)). "Plaintiff can recover for money had and received only where it appears that the defendants have received money belonging to the plaintiff which, in equity and good conscience, the defendants are not entitled to retain."* Cochran, *536 S.E.2d at 197. However, "it is not necessary that the plaintiff allege a direct payment by the plaintiff to the allegedly unjustly-enriched defendant."* Amin, *349 F. Supp. 3d at 1362 (citation omitted)..* |
| Hawaii<br>**Ps Inclusion of HI in WHUE5 OK**<br>**Unjust can be anything,  not necessarily higher burden** | No: What constitutes unjustness is not clearly defined and Ps cite no burden caselaw. | **Requires Unjustness, Which Is Undefined.** *Hawaii courts have explained that "unjust enrichment is a broad and imprecise term defying definition." Small v. Badenhop, 67 Haw. 626, 636 (Haw. 1985); see also Durette v. Aloha Plastic Recycling, Inc., 105 Haw. 490, 502 (Haw. 2004) (stating that unjust enrichment, "as a claim for relief, is not clearly defined in either the Hawai'i Revised Statutes or our jurisprudence").* |
| Idaho<br><br>**Ps Inclusion of ID in WHUE4 OK** | Yes: Ps cite no caselaw, but Ds agree that wrongfulness is not required. | **Wrongfulness Not Required.**  *"[T]he plaintiff in an unjust enrichment action need not show that the defendant was guilty of any wrongdoing. All that need be shown is that the defendant obtained something of value to which he was not entitled, to the detriment of another." Cozzetto v. Wisman, 120 Idaho 721, 726, 819 P.2d 575, 580 (Ida. Ct. App. 1991) (internal citations omitted).* |

| Illinois<br><br>**Ps Inclusion of IL in WHUE5 OK**<br><br>**From Ps cited case _Kremer_, there is little conflict that IL requires no higher burden.** | No: Ps rely on mistake, but ignore conflicting caselaw and the higher burden in Illinois for otherwise proving inequitable circumstances. | **Conflicting State Law, But Always Requires Equity.**  Several Illinois cases specifically note that an unjust enrichment defendant must have engaged in fraud or at least some type of unlawful conduct. _In re Sears, Roebuck & Co. Tools Mktg. & Sales Prac. Litig.,_ No. 05 C 2623, 2007 WL 4287511, at *9 (N.D. Ill.2007) ( "At least under Illinois law the unjust enrichment claims require proof of fraud." (cleaned up)); _Alliance Acceptance Co. v. Yale Ins. Agency, Inc.,_ 648 N.E.2d 971, 977 (Ill. App. Ct. 1995) (recovery for unjust enrichment permitted only when there is "unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence"); _Hayes Mechanical, Inc. v. First Industrial, L.P.,_ 812 N.E.2d 419 (Ill App. Ct. 2004) ("injustice involves some form of improper conduct by the party to be charged" (cleaned up)).<br>Other cases, like the one Plaintiffs cite, state that a defendant's wrongdoing is not necessarily required.  However, even in those circumstances, equity still controls, and the plaintiff must prove that "defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." _HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.,_ 545 N.E.2d 672, 679 (Ill. App. Ct. 1989).<br><br>All of Ds cited cases here are older than Ps cited case Kremers v. Coca Cola, 712 F Supp 2d 759 (SD Ill 2010).  From Kremers:  As a final matter, the Court addresses the propriety of summary judgment as to whether Coca–Cola has been unjustly enriched by the trade practices challenged herein.<br>Under Illinois law, to prevail on a claim of unjust enrichment "a plaintiff must present evidence that the defendant unjustly *775 retained a benefit to the plaintiff's detriment and that the defendant's retention of that benefit violated fundamental principles of justice, equity, and good conscience."_[citations omitted_ See also _BancInsure v. BMB Elec. Co.,_ No. 03 C 2692, 2004 WL 765124, at *3 (N.D.Ill. Apr. 8, 2004) (quoting _HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.,_ 131 Ill.2d 145, 137 Ill.Dec. 19, 545 N.E.2d 672, 679 (1989)) (to state a claim for unjust enrichment under Illinois law, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience."). Illinois law does not require wrongful conduct as a necessary element of a claim for unjust enrichment. _See Midcoast Aviation, Inc. v. General Elec. Credit Corp.,_ 907 F.2d 732, 738 n. 3 (7th Cir.1990) (quoting _Partipilo v. Hallman,_ 156 Ill.App.3d 806, 109 Ill.Dec. 387, 510 N.E.2d 8, 11 (1987)) ("[A] cause of action based on unjust enrichment ... does not require fault on the part of the defendant.");_(citation_ omitted); _Eighteen Invs., Inc. v. NationsCredit Fin. Servs. Corp.,_ 376 Ill.App.3d 527, 315 Ill.Dec. 506, 876 N.E.2d 1096, 1103 (2007) (a "cause of action based upon unjust enrichment does not require fault or illegality on the part of" the defendant, because "the essence of the cause of action is that one party is enriched and it would be unjust for the party to retain the enrichment."); _(citation_ omitted). |

| | | |
|---|---|---|
| Indiana<br><br>**Ps Inclusion of IN In WHUE₅ NOT OK**<br><br>**Higher burden Req'd** | No: Ps argue "normal" burden, but cite no caselaw and the extraordinary, equitable remedy of unjust enrichment is unavailable absent a wrong. | **Extraordinary Remedy Requires Wrong or Misleading Conduct.** "The pivotal concept of unjust enrichment is the occurrence of a wrong or something unjust. Absent a wrong, intervention by equity is inappropriate." *Savoree v. Indus. Contracting & Erecting, Inc.*, 789 N.E.2d 1013, 1020 (Ind. Ct. App. 2003) (cleaned up). "Courts generally require that the pleadings state facts demonstrating an actual wrong or misleading conduct." *Hughes v. Chattem, Inc.*, 818 F. Supp. 2d 1112, 1124 (S.D. Ind.2011). "Stated otherwise, where it is not obvious that natural and immutable justice dictates restitution, unjust enrichment is not available." *Id.* at 1124-25 (cleaned up). |
| Iowa<br><br>**Ps Inclusion of IA In WHUE₅ OK** | Yes: Ds agree that wrongfulness is likely not required. | **Wrongdoing Not Required.** As an "open-ended broad theory of restitution," unjust enrichment "can stand on its own," even absent allegations of causes of action for "mistake, wrongdoing, or breach of contract." *Palmer v. Unisys*, 637 N.W.2d 142, 149-150, 154 (Iowa. 2001). |
| Kansas<br><br>**Ps Inclusion of KS in WHUE 5 OK** | Yes: Ps cite no caselaw, but Ds agree that wrongfulness is not required because of the contractual nature of Kansas unjust enrichment law. | **Wrongfulness Not Required, Given the Contractual Nature of the Kansas Unjust Enrichment Claim.** *See Hurtig v. Mattox*, No. 117,544, 2017 WL 6542803, at *4 (Kan. Ct. App. 2017) (noting "benefit need not be conferred by nefarious means" and that "[u]njust enrichment claims may succeed in cases of unilateral mistake or mutual mistake"). Under Kansas law, unjust enrichment "claims are often raised by persons who were under the impression that a valid contract existed." *Id.* |
| Louisiana<br><br>**Ps Inclusion of LA in WHUE 5 OK**<br><br>**No standard to the contrary** | No: Ps cite no caselaw, and Louisiana law requires consideration of a plaintiff's alternative remedies.<br><br>**Ds cite correct standard, but Court has found case after case that lacks a higher burden reqt.** | **Requires Causation Between Enrichment and Impoverishment and Absence of Justification for Either.** "To support an action for unjust enrichment, a plaintiff must show: (1) an enrichment; (2) an impoverishment; (3) a causal connection between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment or impoverishment; and (5) no other remedy at law." *Kilpatrick v. Kilpatrick*, 660 So. 2d 182, 186 (La. Ct. App. 1995). Moreover, if the plaintiff can pursue other legal remedies, against, for example, another party, the plaintiff "cannot now resort to unjust enrichment." *Id.* at 187. |
| Maine<br>**Ps Inclusion of LA in WHUE 5 OK**<br><br>**No standard to the contrary** | No: Ps cite no burden caselaw, and wrongfulness is considered as a factor for determining inequity. | **Wrongfulness Is Considered, but Not Required.** Unjust enrichment requires "circumstances that make it inequitable for the defendant to retain the benefit without payment of its value." *Simpson v. Cent. Maine Motors, Inc.*, 669 A.2d 1324, 1326 (Me. 1996). "[D]efendant wrongdoing is relevant to, but not a required element of, the determination of whether a defendant's retention of a benefit is inequitable for purposes of applying the doctrine of unjust enrichment." *Pnm Constr. v. Lmj Enters.*, 2018 Me. Bus. & Consumer LEXIS 47, *7-9. (citing *A.F.A.B., Inc. v. Town of Old Orchard Beach*, 610 A.2d 747, 750 (Me. 1992)). |

| Maryland

**Ps Inclusion of MD in WHUE3 OK**

**No standard to the contrary** | No: Ps cite no burden caselaw, and Maryland law notes the difficulty of defining unjust enrichment. | **Requires Unjustness, Which Is Undefined.** "Unjust enrichment is a claim, however, that may not be reduced neatly to a golden rule." *Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295-96 (2007) (citing Daniel Friedmann, *Restitution of Benefits Obtained Through the Appropriation of Property or the Commission of a Wrong*, 80 COLUM. L.REV.. 504, 504–05 (1980) ("[U]njust enrichment is notoriously difficult to define. It has on occasion been regarded as too indefinite and vague to be recognized as a general legal principle, with concern expressed that its adoption might undermine legal stability, confuse legal thinking, and jeopardize clear, systematic organization of the law.") Furthermore, the claim is "equitable in nature, and the right to restitution is therefore subject to any counter-equities that the recipient of benefits may assert." *Id.* (quoting Daniel A Dobbs, *Handbook on the law of Remedies* § 4.1 (1973)). |
| Massachusetts

**Ps Inclusion of MA in WHUE5 OK** | No: Ps rely on mistake, but ignore that wrongdoing helps determine party expectations. | **Wrongfulness Considered.** An unjust enrichment claim sounds in equity, but bears "considerable resemblance to a claim for intentional interference with an expectancy." *Sacks v. Dissinger*, 178 N.E.3d 388, 398 (Mass. 2021). To determine the "reasonable expectations of the parties," Massachusetts courts look to whether through some "significant wrongdoing the defendant has acquired property that should belong to the plaintiff." *Wong v. Chan*, No. 11–P–867, 2012 WL 1557240, at *1 (Mass. App. Ct.2012) (internal citations omitted).

Ds cite incorrect section from *Sacks v Dissinger*. Here's relevant bit, showing no problem with Ps choice: It is true that liability for unjust enrichment, unlike liability for intentional interference, may extend to recipients who were not responsible for wrongful conduct.[13] See, e.g., Demoulas v. Demoulas, 428 Mass. 555, 572, 703 N.E.2d 1149 (1998) (constructive trust to remedy unjust enrichment may be imposed against property transferred by wrongdoer to his children, who committed no wrong but were not bona fide purchasers). See also Stevens v. Nagel, 64 Mass. App. Ct. 136, 139-140, 831 N.E.2d 935 (2005); Jensen v. Daniels, 57 Mass. App. Ct. 811, 818, 786 N.E.2d 1225 (2003) ("There are, to be sure, circumstances under which the innocent recipient of money, or goods the money bought, may be required to make restitution to the person from whom the money was wrongfully obtained"); Restatement (Third) of Restitution and Unjust Enrichment § 46 ("The misconduct that invalidates the transfer to the recipient may be the act of *791 the recipient or of a third person"). Cf. Cavadi v. DeYeso, 458 Mass. 615, 627, 941 N.E.2d 23 (2011) **399 ("[A] constructive trust, implied by law as a result of mistake, violation of a fiduciary duty, or unjust enrichment, may be imposed, generally as between transferor and transferee, without proof of fraudulent intent" [emphasis added]). |

J-11

| Minnesota<br><br>**Ps Inclusion of MN in WHUE3 OK** | Yes: Wrongfulness required, but Ps are likely correct a third- party's wrongfulness will suffice. | **Improper Conduct Required.** When evaluating whether unjust enrichment requires wrongfulness, the plaintiff must prove the defendant obtained the asset "by fraud, by bad faith, or by other improper means." *Harrel v. Cederberg*, CV 19-251 (MJD/ECW), 2020 WL 5407956 (D. Minn 2020) (quoting *In re Farr,* 407 B.R. 343, 348 (B.A.P. 8th Cir. 2009)). Although the Minnesota Supreme Court has not expressly allowed a plaintiff to maintain an unjust enrichment claim against an innocent defendant who benefits from the wrongdoing committed by another, other Minnesota courts have, as Plaintiffs correctly assert. *But see Custom Design Studio v. Chloe*, Inc., 584 N.W.2d 430 (Minn. App. 1998) (reversing the trial court's judgment for unjust enrichment and holding that, because the record contained no evidence of "any fraudulent or illegal acts" by the defendant, the plaintiff could not sustain an action for unjust enrichment). |
| --- | --- | --- |

| Mississippi<br><br>**Ps Inclusion of MS in WH5 OK** | No: What constitutes unjustness is not clearly defined and Ps cite no burden caselaw. | **Conflicting State Law.** A trend in Mississippi caselaw defining unjust enrichment as "money paid to another by mistake of fact." *Carlson v. Brabham*, 199 So. 3d 735, 744 (Miss. Ct. App. 2016) (cleaned up); *Willis v. Rehab Sols., PLLC*, 82 So. 3d 583, 588 (Miss. 2012) ("[O]ur law is clear on unjust enrichment – it is based upon a mistaken payment and it applies where no legal contract exists"); *Mason v. S. Mortg.Co.*, 828 So. 2d 735, 739 (Miss. 2002). However, other Mississippi courts have suggested unjust enrichment requires some scienter of wrongdoing. *See, e.g., Owens Corning v. R.J. Reynolds Tobacco Co.*, 868 So. 2d 331, 342 (Miss. 2004) ("[I]n the absence of a showing of wrongdoing, the plaintiff's cause is not unjust enrichment, and redress must be brought through subrogation or some such theory.") (citing *Omnibank of Mantee v. United Southern Bank*, 607 So. 2d 76 (Miss. 1992); *Langham v. Behnen*, 39 So. 3d 970, 976 (Miss. Ct. App. 2010) ("An unjust-enrichment action is based on a promise, which is implied in law, that one will pay a person what he is entitled to according to 'equity and *good conscience*.'" (emphasis added)) (quoting *1704 21st Avenue, Ltd. v. City of Gulfport*, 988 So.2d 412, 416 (Miss. Ct. App. 2008)).<br><br>From Courts research, In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation, 64 F.Supp.3d 665 (ED. Pa. 2014): *D also argues that under Mississippi law, plaintiffs can only recover for unjust enrichment when the payment was made by a mistake of fact. Reckitt points to the holdings of two Mississippi Supreme Court cases. <u>Willis v. Rehab Solutions, PLLC, 82 So.3d 583, 588 (Miss.2012)</u>; <u>Union Nat'l Life Ins. Co. v. Crosby, 870 So.2d 1175, 1180 (Miss.2004)</u>. These cases defined unjust enrichment as applying when one party mistakenly pays another party, reasoning that the receiver should not be enriched at the expense of the giver. Id. While the court did hold that "unjust enrichment applies when one party has mistakenly paid another party," <u>Willis, 82 So.3d at 588</u>, Reckitt overstates the import of this holding. See <u>In re Auto. Parts Antitrust Litig., 29 F.Supp.3d 982, 1021–23, 2014 WL 2993742, at \*34–35 (E.D.Mich.2014)</u> (rejecting an identical argument as construing* Willis *too broadly). In fact, after deciding* Willis, *the Supreme Court of Mississippi found a claim for unjust enrichment was viable where there were no allegations of mistake, but instead the defendant "knowingly solicited [the plaintiff] to enter into an unlawful contract" and found it would be unconscionable to allow the defendant to retain those ill-gotten gains. <u>Ground Control, LLC v. Capsco Indus., Inc., 120 So.3d 365, 371 (Miss.2013)</u>.*<br><br>From Ground Control,  MS Supreme Court:  Unjust enrichment applies to situations *"where there is no legal contract and 'the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another.' "* <u>Powell v. Campbell, 912 So.2d 978, 982 (Miss.2005)</u> *(emphasis added) (citing* <u>Koval v. Koval, 576 So.2d 134, 136 (Miss.1991)</u> *(citation omitted).*<br><br>Unjust enrichment appears clearly defined by the MS Supreme Court in both *Willis* and *Ground Control* and arises from events that result in D retaining gains it should not in good conscience. |

| Missouri

**Ps Inclusion of MO in WHUE5 OK** | Yes: Wrongfulness is not required, but Ps are required to establish that injustice resulted from Ds retaining benefit. | **Requires Unjustness, Which is Undefined.** Missouri unjust enrichment law requires the plaintiff establish "*that it would be unjust to allow the defendant to retain the benefit.*" *Roberts v. Roberts, 580 S.W.3d 600, 605 (Mo. Ct. App. 2019) (cleaned up). This element is recognized as "the most significant and the most difficult of the elements," because "[m]ere receipt of benefits is not enough, absent a showing that it would be unjust for the defendant to retain the benefit." Exec. Bd. of Mo. Baptist Convention v. Windermere Baptist Conference Ctr., 280 S.W.3d 678, 697 (Mo. Ct. App. 2009) (quoting Miller v. Horn, 254 S.W.3d 920, 924 (Mo. Ct. App. 2008)). As Plaintiffs cite, "it is not necessary that the unjustly enriched party be found to have engaged in legal wrongdoing or have had wrongful or malicious intent," Brown v. Brown, 152 S.W.3d 911, 918 (Mo. Ct. App. 2005), but it is not enough for a defendant to appreciate a benefit. "If no injustice results from the retention of the benefit, then no cause of action for unjust enrichment will lie." Peel v. Credit Acceptance Corp., 408 S.W.3d 191, 216 (Mo. Ct. App. 2013).* |
| Nebraska

**Ps Inclusion of NE in WHUE4 OK** | Yes: Ds agree that wrongdoing may not be required under Nebraska law. | **Flexible Inquiry Considers Wrongdoing, But It Is Not Required.** *The Nebraska Supreme Court has adopted the Restatement (Third) view of unjust enrichment, at least in part. Parts of the Restatement, not explicitly adopted by Nebraska, do allow for mistake or a third-party's fault to support an unjust enrichment claim in some circumstances. See Infogroup, Inc. v. Database LLC, 95 F. Supp. 3d 1170, 1198 (D. Neb. 2015). Even so, wrongdoing is frequently discussed and analyzed as part of the unjust enrichment analysis. See id. ("a complaint that alleges profitable wrongdoing by the defendant states a claim for restitution of unjust enrichment as well as a claim for damages in tort").* |
| Nevada

**Ps Inclusion of NV in WHUE5 OK**

**Ds are incorrect. NV Supreme Court requires an inequitable (unfair) keeping of a benefit provided by P , doesn't require wrongdoing** | No: Ps cite no burden caselaw; NV courts do not explain, beyond noting the issue is one of equity. | **Circumstances Must Show Inequity.** *Unjust enrichment exists when the defendant accepts a benefit "under circumstances such that it would be inequitable for him to retain the benefit[.]" Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nevada Sys. of Higher Educ., 492 P.3d 540, 543 (2021). "For an enrichment to be inequitable to retain, the person conferring the benefit must have a reasonable expectation of payment and the circumstances are such that equity and good conscience require payment for the conferred benefit." Id. at 544.*

Courts research: See also Nautilus Insurance Company v. Access Medical, LLC, 482 P.3d 683 (Supreme Court of Nevada, March 11, 2021): *Having concluded that the contract does not govern, we turn to the merits of Nautilus's unjust enrichment claim. Unjust enrichment has three elements: "the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." Cert. Fire Prot. Inc. v. Precision Constr., 128 Nev. 371, 381, 283 P.3d 250, 257 (2012) (internal quotation marks omitted). When the insurer furnishes a defense, it is clear that the insurer has conferred a benefit on the policyholder, and that the policyholder appreciates it. The issue is whether equity requires the policyholder to pay.* |

| New Jersey | No: Caselaw is not entirely clear, and wrongdoing may be required for an independent cause of action.

Ds are incorrect. No wrongdoing required. | **Caselaw Does Not Explicitly Address Wrongdoing.** New Jersey courts distinguish between an unjust enrichment cause of action, the equitable remedy of disgorgement (which focuses on a defendant's wrongdoing, regardless of whether an innocent party was damaged), and the remedy of restitution (which seeks to compensate a plaintiff for a loss). *E.g.*, *Johnson v. McClellan*, 260 A.3d 861, 871 (N.J. 2021). "To establish unjust enrichment as a basis for quasi-contractual liability, a plaintiff must show both that defendant received a benefit and that retention of the benefit would be unjust." Liability is primarily based on the plaintiff's expectation of remuneration. *E.g.*, *Castro v. NYT Television*, 851 A.2d 88, 98 (N.J. App. Ct. 2004). Notably, "the wrong by the defendant" may need only be "incidental to his unjust enrichment," which suggests that it may be required. *Id.* Regardless, Ps cite *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 331 (D.N.J. 2014), which did find that plaintiffs stated an unjust enrichment claim against retail defendants, though they are incorrect that the Court there explicitly considered the lack of fault or wrongdoing on those defendants' part.

Courts research: VRG Corp. v. GKN Realty Corp., 641 A.2d 519 (Supreme Court of New Jersey 18 May 1994, no negative treatment for unjust enrichment, followed by Iliadis v. Wal-Mart Stores, Inc., 922 A.2d 710 (Supreme Court of New Jersey, 31 May 2007), no negative treatment for unjust enrichment.

See also Judge Hillman's statements in Stewart v. Beam Global Spirits & Wine, Inc., 877 F.Supp.2d 192 (D.N.J., June 29, 2012):
*To establish a claim for unjust enrichment under New Jersey law, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 641 A.2d 519, 526 (1994); see also Callano v. Oakwood Park Homes Corp., 91 N.J.Super. 105, 219 A.2d 332, 334 (N.J.1966). For an unjust enrichment claim to succeed, there must be a showing that "the plaintiff expected remuneration from the defendant, or if the true facts were known to plaintiff, he would have expected remuneration from defendant, at the time the benefit was conferred." Callano, 219 A.2d at 334–35; see also VRG Corp., 641 A.2d at 526. The New Jersey Supreme Court has previously explained that unjust enrichment is a form of quasi-contractual liability, and that "quasi-contract cases involve either some direct relationship between the parties or a mistake on the part of the person conferring the benefit." Callano, 219 A.2d at 335 (emphasis added).* |

**Ps Inclusion of NJ in WHUE4 OK**

| New Mexico<br><br>**Ps Inclusion of NM in WHUE5 OK** | No: Ps cite no burden cases, and New Mexico courts state that equities between parties must be weighed to determine if retention is unjust. | **Equities Of Both Parties Must Be Weighed.** Unjust enrichment is equitable in nature. *Arena Res., Inc. v. Obo, Inc.*, 148 N.M. 483, 487 (Sup Ct of NM, 2011). From *City of Rio Rancho v. Amrep Sw. Inc.*, , 150 N.M. 428 (Sup Cot of NM, 2011): "*To prevail on a claim for unjust enrichment, 'one must show that: (1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust.' " (citation omitted)*. In order to conduct this evaluation, the court must weigh the equities between the parties. |

| New York | No: Ps argue "normal" burden, but cite no caselaw and equity requires consideration of the defendant's tortious conduct. | **Equity Requires Consideration of Tortious Conduct.** A claim of unjust enrichment "is undoubtedly equitable and depends upon broad considerations of equity and justice. Generally, courts will look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the benefit still remains with the defendant, if there has been otherwise a change of position by the defendant, and whether the defendant's conduct was tortious or fraudulent." *Goel v. Ramachandran*, 975 N.Y.S.2d 428, 437 (N.Y. App. Div. 2013) (cleaned up). "A plaintiff's allegation that the [defendant] received benefits, standing alone, is insufficient to establish a cause of action to recover damages for unjust enrichment." *Id.* (cleaned up). |
| **Ps Inclusion of NY in WHUE5 OK** | | |

<br>

Court research: better case law: In E.J. Brooks Company v. Cambridge Security Seals, 80 N.Y.S.3d 162 (NY Court of Appeals, May 3, 2018), the NY Court of Appeals defined UE reqts under New York law in certifying a question to the District Court:

*We have stated that, in order to sustain an unjust enrichment claim, "[a] plaintiff must show that (1) the other party was enriched, (2) at [the plaintiff's] expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (citation omitted) However, this doctrine is a narrow one; it is "not a catchall cause of action to be used when others fail" (Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 790, 944 N.Y.S.2d 732, 967 N.E.2d 1177 [2012] ). Unjust enrichment, or an action in quasi-contract, "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff. Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled" (id.).*

*In such circumstances, equity merely intervenes to deem the parties privy to each other (see Miller v. Schloss, 218 N.Y. 400, 113 N.E. 337 [1916] ). "The contract is a mere fiction, a form imposed in order to adapt the case to a given remedy.... The law creates it, regardless of the intention of the parties, to assure a just and equitable result".* And in footnote 7, NY Ct of Appeals expressed its jurisprudence about UE: *The term "unjust enrichment" (or "restitution") can refer to a number of distinct concepts, and courts employing these terms have meant different things in different contexts (see generally Doug Rendleman, Measurement of Restitution: Coordinating Restitution with Compensatory Damages and Punitive Damages, 68 Wash & Lee L Rev 973 [2011] [describing multiple concepts that have historically been referred to as "restitution" and noting that "(o)ur court-made common law jurisprudence has not developed fences around the doctrines to define exact boundaries"] ). As a remedy, unjust enrichment, in contrast to damages, is designed to avoid wrongful gains rather than compensate the plaintiff for its losses (see The Law of Remedies: Damages, Equity, Restitution, § 4.1[1] [2d ed.1993] ). As a cause of action, however, unjust enrichment simply refers to liability imposed on a defendant who has been enriched apart from a breach of an independent legal duty (see Corsello, 18 N.Y.3d at 790–791, 944 N.Y.S.2d 732, 967 N.E.2d 1177).*

| North Carolina **Ps Inclusion of NC in WHUE5 OK** | No: Ps argue no burden but rely only on caselaw that states fraud is not required and unjustness require some type of inequity. **Incorrect** | **Circumstances Must Establish Equitable Obligation.** "To prevail on a claim of unjust enrichment, a plaintiff must show that property or benefits were conferred on a defendant under circumstances which give rise to a legal or equitable obligation." *Butler v. Butler,* 239 N.C. App. 1, 7, 768 S.E.2d 332, 336 (2015). Furthermore "a unilateral mistake, unaccompanied by fraud, imposition, undue influence, or like oppressive circumstances, is not sufficient to avoid a contract." *Lockerman v. S. River Elec. Membership Corp.,* No. 11 CVS 152, 2015 WL 3544521, at *8 (N.C. Super. June 8, 2015), aff'd, 250 N.C. App. 631, 794 S.E.2d 346 (2016).  Plaintiffs cited caselaw holding that fraud is not required does not establish that wrongdoing is not required. Further, Plaintiffs' cited case stated that "the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the test of natural justice and equity to refund the money." *Dean v. Mattox,* 250 N.C. 246, 249 (1959). **Heightened burden not required.** |
|---|---|---|
| North Dakota **Ps Inclusion of ND in WHUE4 OK** | No: Though there are conflicting cases within North Dakota, misconduct is considered as a matter of equity. | **Conflicting Cases on Requirement for Misconduct, But It Is Always Considered.** "North Dakota law seems somewhat unclear on this issue, as some cases appear to suggest a showing of misconduct or fault is necessary, but others explicitly state no such showing is required." *In re Racing Services, Inc.* 617 B.R. 641 (D. N. Dakota 2020) (comparing *Jerry Harmon Motors v. Heth,* 316 N.W.2d 324, 328 (N.D. 1982) ("A valid claim for unjust enrichment can be based only on an element of misconduct or fault or undue advantage taken by one party of another.") and Ps cited case, *Sykeston Twp. v. Wells Cty.,* 356 N.W.2d 136, 140 (N.D. 1984)).  *Racing Services* case noted even if misconduct is not required, plaintiff must show that it was *unjust* to retain the benefit, and misconduct can be relevant to that analysis. **Heightened burden not required** |
| Ohio **Ps Inclusion of OH in WHUE4 NOT OK** | No: Ohio law requires bad conduct, but Ps rely on inapt constructive trust caselaw. **Ds are correct.** **Heightened burden required.** | **Bad Conduct Required.**  Unjust enrichment requires the plaintiff to have conferred a benefit on the defendant "in response to fraud, misrepresentation, or bad faith on behalf of the defendant, [which] ensures a tie of causation between the plaintiff's loss and the defendant's benefit." *McCamon-Hunt Ins. Agency, Inc. v. Med. Mut. of Ohio,* No. 07 MA 94, 2008 WL 4444631, at *4 (Ohio Ct. App. Sept. 26, 2008); *see also Total Office Sols., Inc. v. Grimstad,* No. 18 CO 0014, 2019 WL 2721216, at *4 (Ohio Ct. App. June 27, 2019). With regard to Plaintiffs' cited case, a more recent case stated that it did not read Plaintiffs' case as "recognizing a constructive trust as an independent claim that may be maintained against a party without establishing fraud (or some other wrongdoing) or unjust enrichment as to that party." *Figgie v. Figgie,* No. 109829, 2021 WL 1309775 (Ohio Ct. App. 2021). |

| | | |
|---|---|---|
| Oklahoma<br><br>**Ps Inclusion of Oklahoma in WHUE5  OK** | No: Although Ps cite no burden cases, Oklahoma has noted state-law differences in whether wrongdoing is required and under Oklahoma law, wrongdoing is *required* in some circumstances. | **Active Wrongdoing Required In Some Unjust Enrichment Cases.**  The Oklahoma Supreme Court has held that "when a constructive trust is sought to remedy unjust enrichment, there must be some active wrongdoing on the part of the person against whom recovery is sought[.]" *Okla. Dep't of Sec. ex rel. Faught v. Blair*, 231 P.3d 645, 659 (Okla. 2010); *but see Northstar Mgmt., Inc v. Vorel*, No. CIV-19-260-SLP, 2019 WL 7753449, at *5 (W.D. Okla. Nov. 20, 2019) (distinguishing *Blair* on the basis that plaintiffs sought disgorgement and declining to consider whether *Blair* applied in such instances). Oklahoma courts have also refused to certify unjust enrichment claims for class treatment because they "differ markedly from state to state," including "over issues of misconduct." *Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1036 (Okla. 2006).<br><br>Courts research:  In Ds cited case, Northstar Mgmt, WD OK made a distinction between UE that claims a constructive trust, for which wrongdoing is required, and disgorgement of benefit, for which wrongdoing does not seem required.   Since disgorgement is in essence what Ps seek in the MDL, Ps categorizing of OK is not wrong. |
| Oregon<br><br>**Ps Inclusion of Oklahoma in WHUE5  OK**<br><br>no heightened burden reqt. | No: Oregon requires case-by-case analysis of unjustness that defies categorization. | **Rejects Formulaic Elements of Unjustness.**  As Plaintiffs note, Oregon courts will allow mistake to support an unjust enrichment claim.  But recognizing that the law of unjust enrichment is "a work in progress," Oregon courts have refused to articulate an "overarching doctrine" for unjust enrichment, instead requiring examination of "the established legal categories of unjust enrichment as reflected in Oregon case law and<br>other authorities to determine whether any particular enrichment is unjust." *Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115, 132, 404 P.3d 912, 921 (2017). |
| Pennsylvania<br><br>**Ps Inclusion of PA in WHUE4 OK** | No: Ps cite no caselaw, & though Ds agree wrong-fulness not required, unconscionability is req'd. | **Unconscionability Required.**  To state a claim for unjust enrichment, the defendant must retain the benefit the defendant must accept and retain a benefit which, under the circumstances, would be inequitable for the defendant to retain. *Com. ex rel. Pappert v. TAP Pharm. Prod., Inc.*, 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005). Plaintiff "bears the burden of establishing either that the defendant wrongfully secured the benefit or passively received a benefit that it would be unconscionable to retain." *Id.* (citing *Torchia v. Torchia*, 499 A.2d 581 (Pa. Super. Ct. 1985)).<br>But this does not rise necessarily to a heightened burden, but b/c of a req'd benefit element, the burden gets resolved by a determination of what the direct benefit was. |
| Puerto Rico<br><br>**Ps Inclusion of PR In WHUE5 OK** | Likely Yes: Ps cite no caselaw, and lack of cause is required, but third-party wrongdoing may suffice to establish unjust enrichment in certain circumstances. | **Equity Depends on Facts of Each Case.**  Under Puerto Rican law, a claim for unjust enrichment requires enrichment, impoverishment, a nexus between loss and enrichment, lack of cause for enrichment, and lack of a legal provision which precludes application of an enrichment without cause. *Ortiz Andujar v. ELA*, 122 D.P.R. 817 (P.R. 1988).  "Far from being a rule, in the strict sense of the word, it is a refined and prudent standard of discernment that we as triers must bear in mind when exercising our rule- making power." *Id.*  In *Ortiz Andujar*, the Court permitted a police officer to bring an unjust enrichment claim against the State when a third-party caused damage to the officer's personal car. |

| | | |
|---|---|---|
| Rhode Island<br><br>**Ps Inclusion of RI in WHUE3 OK** | No: Ps cite no caselaw, and good faith defeats an unjust enrichment claim. | **Good Faith Defeats Claim.** Unjust enrichment permits recovery in certain instances where a person has received a benefit from another party, "the retention of which, would be unjust under some legal principle, a situation which equity has established or recognized." *State v. Lead Ind. Assn., Inc.*, No. 99-5226, 2001 WL 345830, at *14 (R.I. Super. Apr. 2, 2001) (quoting *Merchants Mut. Ins. Co. v. Newport Hosp.*, 108 R.I. 86, 93, 272 A.2d 329, 332 (1971). "One who receives money in good conscience and has practiced no deceit or unfairness in obtaining it is under no legal obligation to return it to one from whom it has been obtained by deceit on the part of another." *Bank of Am., N.A. v. P.T.A. Realty, LLC*, 132 A.3d 689, 693 (R.I. 2016) (quoting *Toupin v. Laverdiere*, 729 A.2d 1286, 1288–89 (R.I. 1999)).<br><br>*NO, Ds cited cases are inapt: they concern creditors who have been negligently overpaid by mistake by tdebtors., not the situation here.*<br><br>*Court's research : Here is the Rhode Island Supreme Court expression of UE standard in* **Cote v. Aiello,** 148 A.3d 537 (Supreme Court of Rhode Island, 2 Nov 2016) *(No negative treatment )* Deceit not required.<br><br>*"It is well established that '[r]ecovery for unjust enrichment is predicated upon the equitable principle that one shall not be permitted to enrich* himself *at the expense of another by receiving* ~~property or benefits without making compensation for them.' "~~ *Emond Plumbing & Heating, Inc.v.BG New Providence & Amaral, 90 (McMahon) 118* Under Rhode Island law, unjust enrichment is not simply a remedy in contract and tort but can stand alone as a cause of action in its own right." Dellagrotta v. Dellagrotta, 873 A.2d 101, 113 (R.I. 2005) (citing Toupin v. Laverdiere, 729 A.2d 1286 (R.I. 1999)). To recover on an unjust enrichment claim, a plaintiff must prove: "(1) that he or she conferred a benefit upon the party from whom relief is sought; (2) that the recipient appreciated the benefit; and (3) that the recipient accepted the benefit under such circumstances 'that it would be inequitable for [the recipient] to retain the benefit without paying the value thereof.' " Id. (quoting Bouchard v. Price, 694 A.2d 670, 673 (R.I. 1997)). As a result, "unjust enrichment focuses on the propriety of a payee or beneficiary retaining funds or a benefit * * *." Process Engineers & Constructors, Inc. v. DiGregorio, Inc., 93 A.3d 1047, 1052 (R.I. 2014) (quoting Parnoff v. Yuille, 139 Conn.App. 147, 57 A.3d 349, 355 n.7 (2012)). |
| South Carolina<br><br>**Ps Inclusion of SC in WHUE5 OK** | No: Ps argue "normal" burden, but cite no caselaw and unjustness requires some type of inducement and inequity.<br><br>Heightened Burden not required | **Inducement Required but Unjustness Not Defined.** To state a claim for unjust enrichment, the defendant must retain the benefit "under circumstances that make it inequitable for him to retain it without paying its value," but courts have not directly addressed when this inequity occurs. *Big Red Box, LLC v. Square, Inc.*, No. CV 3:18- 758-SAL-SVH, 2020 WL 465928, at *8 (D.S.C. Jan. 22, 2020); *see also Sauner v.Public Service Auth. of S.C.*, 581 S.E.2d 161, 167 (S.C. 2003). It is a fact-based question and requires the defendant induce the plaintiff's conduct. "It is not enough that D has knowledge of the plaintiff's conduct; he must have induced the plaintiff to confer the benefit." *Niggel Assoc., Inc. v. Polo's of N. Myrtle Beach, Inc.*, 296 S.C. 530, 532-33 (Ct. App. 1988). |

| South Dakota<br><br>**Ps Inclusion of SD in WHUE5 OK** | No: Ps argue "normal" burden, but cite no caselaw and unjustness requires some type of inequity. | **Equitable Remedy Left to Court's Discretion.** "Because unjust enrichment is an equitable remedy, a court has discretion to grant or deny it." *Hofeldt v. Mehling*, 658 N.W.2d 783, 788 (S.D. 2003). On the element of "proof of unfairness, . . . the relevant inquiry is into whether the circumstances are such that equitably the beneficiary should restore to the benefactor the benefit or its value." *Id.* at 788-89. **a restitution standard.** |
|---|---|---|
| Tennessee<br><br>**Ps Inclusion of TN in WHUE5 OK** | No: Ps argue "normal" burden, but cite no caselaw and Tennessee courts analyze unjustness closely. | **Benefit Must Be Unjust.** "The most significant requirement of an unjust enrichment claim is that the benefit to the defendant be unjust." *Bennett v. Visa U.S.A. Inc.,* 198 S.W.3d 747, 756 (Tenn. Ct. App. 2006). "It is not the enrichment of the defendant, but the *unjust* enrichment of the defendant at the expense of the plaintiff, which is required for recovery on this theory." *Reprise Capital Corp. v. Rogers Group, Inc.,* 802 S.W.2d 608, 610 (Tenn. Ct. App. 1990). It must be inequitable for the defendant to retain the benefit provided by the plaintiff without payment. *See Cole v. Caruso*, No. W201700487COAR3CV, 2018 WL 1391625, at *5 (Tenn. Ct. App. Mar. 20, 2018) (reversing jury verdict for unjust enrichment plaintiff because he had not proven the defendant's retention of the plaintiff's benefit was unjust).<br><br>**Language such as "inequitable" means unfair, does not imply without more a heightened burden** |
| Utah<br><br>**Ps Inclusion of UT in WHUE5 OK** | No: Ps argue "normal" burden, but cite no caselaw and unjustness requires some type of inequity. | **Requires Inequity.** "A claim for unjust enrichment in Utah requires proof of . . . the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *Rawlings v. Rawlings*, 2010 UT 52, 240 P.3d 754, 763 (2010). "Unjust enrichment occurs when a person has and retains money or benefits that in justice and equity belong to another; however, the fact that a person benefits another is not itself sufficient to require the other to make restitution." *Hess v. Johnston*, 2007 UT App 213, ¶ 21, 163 P.3d 747, 754 (cleaned up, citing *Fowler v. Taylor,* 554 P.2d 205, 209 (Utah 1976)).<br><br>**Language such as "inequitable" means Unfair, does not imply without more a heightened burden** |
| Vermont<br><br>**Ps Inclusion of VT in WHUE3 OK** | No: Ps cite no caselaw, requires consideration of equity & good conscience | **Requires Inequity.** Unjust enrichment applies if "in light of the totality of the circumstances, equity and good conscience demand' that the benefitted party return that which was given." *Gallipo v. City of Rutland*, 2005 VT 83, ¶ 42, 178 Vt. 244, 263, 882A.2d 1177, 1192 (2005).<br><br>**Language such as "equity and conscience" implies that an unfair advantage rcannot remain, does not imply without more a heightened burden** |

| Virginia | No: Ps rely on mistake, but ignore the higher burden in Virginia for otherwise proving inequitable circumstances.<br><br>Ds are incorrect according to the Courts express standard for UE in VA, which does not include heightened burden | **Unjust Enrichment Claims Limited.** Although Plaintiffs are correct that mistake of fact may support an unjust enrichment claim, they ignore the higher burden Virginia courts impose when limiting unjust enrichment claims. *See Qualichem v. Xelera, Inc.*, 62 Va. Cir. 179 (Va. Cir. Ct. 2003) ("[C]laims of unjust enrichment based on quasi- contract have been limited by the appellate courts of the Commonwealth to those arising from: money paid by mistake; failed consideration; money got through imposition; extortion; oppression; or any other undue advantage taken of the claiming party's situation, where the advantage is contrary to laws made for the protection of persons under those circumstances."); *Martin v. Ford Motor Co.*, 292 F.R.D. 252, 280 (E.D. Pa. 2013) (citing same to contrast with Wisconsin, which has no requirement for unlawfulness); *Ortiz v. McNeil-PPC, Inc.*, No. 07CV678-MMA(CAB), 2009 WL 10725751, at *4 (S.D. Cal.) (listing Virginia as one of a handful of states where "courts require unconscionable conduct on the part of the defendant in order to make a claim for unjust enrichment").<br><br>Courts research:  WD VA said in  Staltzer, Trustee for Estate of Morse v. American Merchant, Inc.,. 2020 WL 7023892 (WD Va, 30 Nov 2020):  On the other hand, unjust enrichment applies when "(1) plaintiff conferred a benefit on defendant; (2) defendant knew of the benefit and should reasonably have expected to repay plaintiff; and (3) defendant accepted or retained the benefit without paying for its value.' " *Fessler*, 959 F.3d at 157 (quoting *T. Musgrove Constr. Co.*, 840 S.E.2d at 341) (alterations omitted). "The measure of recovery for unjust enrichment is limited to the benefit realized and retained by the defendant." *T. Musgrove Constr. Co.*, 840 S.E.2d at 341. Unlike quantum meruit, unjust enrichment arises from "quasi contracts, or 'contracts implied in law,' in which the assent of the parties is immaterial," and "the promise [to pay] is implied from the consideration received." *Marine Dev. Corp.*, 300 S.E.2d at 766 (internal quotation marks and citation omitted). Typical examples of unjust enrichment involve a payment or overpayment made due to a mistake of fact, *Cent. Nat'l Bank of Richmond v. First & Merchs. Nat'l Bank of Richmond*, 198 S.E. 883 (Va. 1938), or acceptance of services without a contract for those services, *Po River Water & Sewer Co. v. Indian Acres Club of Thornburg, Inc.*, 495 S.E.2d 478 (Va. 1998). "quantum meruit requires request for services, unjust enrichment does not." *Fessler*, 959 F3d at 157.<br><br>See also, James G. Davis Construction Corporation v. FTJ, Inc., 841 S.E.2d 642 (Supreme Court of Virginia, 14 May 2020*):*<br>*The doctrine of unjust enrichment effects a "contract implied in law" requiring one who accepts and receives goods, services, or money from another to make reasonable compensation for those services. See Po River Water & Sewer Co. v. Indian Acres Club of Thornburg, Inc., 255 Va. 108, 495 S.E.2d 478 (1998). It arises from the simple principle that one person may not "enrich himself unjustly at the expense of another." Rinehart v. Pirkey, 126 Va. 346, 351, 101 S.E. 353 (1919).* |

*Ps Inclusion of VA in WHUE4 OK*

| Washington

**Ps Inclusion of WA in WHUE4 OK** | No: Ps cite no caselaw, and enrichment alone is insufficient.

**The language of the Young court: If there is obligation from natural justice to refund, the law IMPLIES a debt. What natural justice is clearly comes from the norms and values of the society in which the court sits.**

**Does NOT imply heightened burden** | **Unjustness and Equity Between the Two Parties Considered.** "Enrichment alone will not suffice to invoke the remedial powers of a court of equity. It is critical that the enrichment be unjust both under the circumstances and as between the two parties to the transaction." *Norcon Builders, LLC v. GMP Homes VG, LLC,* 161 Wash. App. 474, 490, (2011). "The mere fact that a defendant has received a benefit from the plaintiff is insufficient alone to justify recovery." *Id.*

Courts research:  In  Young v. Young, 191 P.3d 1258 (WA, 2008) the Supreme Court of Washington, sitting en banc said:  *Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it. See Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc., 61 Wash.App. 151, 160, 810 P.2d 12 (1991) ("Unjust enrichment occurs when one retains money or benefits which in justice and equity belong to another.").*

 *In such situations a quasi contract is said to exist between the parties. Bill v. Gattavara, 34 Wash.2d 645, 650, 209 P.2d 457 (1949) (stating "the terms 'restitution' and 'unjust enrichment' are the modern designations for the older doctrine of 'quasi contracts.' "); State v. Cont'l Baking Co., 72 Wash.2d 138, 143, 431 P.2d 993 (1967) (" <u>If the defendant be under an obligation, from the ties of natural justice, to refund</u>; the <u>law implies a debt</u>, and gives this action, founded in the equity of the plaintiff's case, as it were upon a contract, (quasi ex contractu) ....' ") (internal quotation marks omitted) (quoting State ex rel. Employment Sec. Bd. v. Rucker, 211 Md. 153, 157–58, 126 A.2d 846 (1956) (quoting Moses v. Macferlan, 2 Burr. 1005, 97 Eng. Rep. 676, 678 (1760))).*

*"Three elements must be established in order to sustain a claim based on unjust enrichment: a benefit conferred upon the defendant by the plaintiff; an appreciation or knowledge by the defendant of the benefit; and the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." Bailie Commc'ns, 61 Wash.App. at 159–60, 810 P.2d 12 (quoting Black's Law Dictionary 1535–36 (6th ed.1990)). See also Lynch v. Deaconess Med. Ctr., 113 Wash.2d 162, 165, 776 P.2d 681 (1989) (stating elements as "the enrichment of the defendant must be unjust; and ... the plaintiff cannot be a mere volunteer."). In other words the elements of a contract implied in law are: (1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the \*485 circumstances make it unjust for the defendant to retain the benefit without payment.* |
| Wyoming

**Ps Inclusion of WY in WHUE3 OK** | Yes: Ps cite no caselaw, although Ds agree fraud or tortious conduct not explicitly required, it is considered part of equity & good  conscience analysis | **Misconduct Not Required But Considered.** "Affirmative misconduct by the party to be charged is not a prerequisite of a finding of unjust enrichment, but the presence of such misconduct would be indicative that any enrichment might be unjust." *Boyce v.Freeman,* 2002 WY 20, 39 P.3d 1062, 1066 & n.1 (Wyo. 2002) (affirming rejection of unjust enrichment claim where there was no evidence of plaintiff's "improper, deceitful or misleading" conduct) |