## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge |

## TORRENT PHARMACEUTICALS LTD. AND TORRENT PHARMA INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE OPINIONS OF DEFENSE EXPERT AKHILESH NAGAICH, PH.D.

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

BACKGROUND ...................................................................................................3

     A.    Dr. Nagaich's Extensive Qualifications ................................................3

     B.    Dr. Nagaich's Opinions ........................................................................5

     C.    Dr. Nagaich's Methodology Underlying His Report ............................6

ARGUMENT .........................................................................................................8

I.     Plaintiffs' Criticisms Of Dr. Nagaich Are Meritless. ....................................9

     A.    Dr. Nagaich's Opinions Satisfy The Requirements Of Rule 702. ........9

     B.    Plaintiffs' Criticism That Dr. Nagaich's ████████████ Are Unreliable Because He Failed To Consider Certain Materials Is Meritless. ..............................................................................................12

     C.    Plaintiffs' Argument That Dr. Nagaich Lacks An Informed Basis For His ███████████████ Fails. .............................................16

           1.    Plaintiffs Do Not Identify A Single Allegedly Relevant Document Dr. Nagaich Failed To Consider. ...........................17

           2.    Plaintiffs' Claims Of Bias Are Baseless. ..................................18

           3.    Plaintiffs' Remaining Critiques Are Unfounded. .....................19

     D.    Plaintiffs' Argument That Dr. Nagaich's Opinions Regarding ████████████████ Are Unreliable Is Baseless. .............................21

II.    Plaintiffs' Arguments Go To The Weight, Not Admissibility, Of Dr. Nagaich's Opinions. .................................................................................24

CONCLUSION ...................................................................................................26

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Breidor v. Sears, Roebuck & Co.*,
722 F.2d 1134 (3d Cir. 1983) .............................................................26

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)...................................................................10, 24

*David v. Black & Decker (US) Inc.*,
629 F. Supp. 2d 511 (M.D. Pa. 2009)..........................................10, 12

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. &*
*Antitrust Litig.*,
No. 17-MD-2785-DDC-TJJ, 2021 WL 2577490 (D. Kan. June 23,
2021) ..........................................................................................21

*Hoang v. Funai Corp., Inc.*,
652 F. Supp. 2d 564 (M.D. Pa. 2009)....................................................9

*Inline Connection Corp. v. AOL Time Warner Inc.*,
470 F. Supp. 2d 435 (D. Del. 2007)....................................................25

*Integra Lifesciences Corp. v. HyperBranch Med. Tech., Inc.*,
No. CV 15-819-LPS-CJB, 2018 WL 1785033 (D. Del. Apr. 4,
2018) .........................................................................................25

*Krys v. Aaron*,
112 F. Supp. 3d 181 (D.N.J. 2015) .......................................................9

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999)..........................................................................10

*Medina v. United Christian Evangelistic Ass'n*,
No. 08-22111-CIV, 2009 WL 4030454 (S.D. Fla. Nov. 20, 2009)....................21

*In re Meyertech Corp.*,
831 F.2d 410 (3d Cir. 1987) .............................................................15

*In re Paoli R.R. Yard PCB Litig.*,
　　35 F.3d 717 (3d Cir. 1994) ...................................................................10

*Pineda v. Ford Motor Co.*,
　　520 F.3d 237 (3d Cir. 2008) ...............................................................10

*Potoski v. Wilkes Univ.*,
　　2010 WL 3811973 (M.D. Pa. Sept. 22, 2010)....................................26

*Santanna v. Delaware & Hudson Ry. Co. Inc.*,
　　No. 3:12CV1240, 2015 WL 5895463 (M.D. Pa. Oct. 6, 2015) .........15

*UGI Sunbury LLC v. A Permanent Easement for 0.4308 Acres*,
　　No. 3:16-CV-00794, 2021 WL 5140050 (M.D. Pa. Nov. 4, 2021)....15

*United States v. Care Alts.*,
　　952 F.3d 89 (3d Cir. 2020) ...................................................................26

*United States v. Li*,
　　819 F. App'x 111 (3d Cir. 2020) ...................................................10, 12

*United States v. Vaghari*,
　　735 F. Supp. 2d 197 (E.D. Pa. 2010)....................................................24

*Venus v. Seville Food, LLC*,
　　No. 14-2476, 2017 WL 2364192 (D.N.J. May 31, 2017) ..................19

*Weirich v. Horst Realty Co., LLC*,
　　No. CIV. A. 07-CV-871, 2009 WL 920960 (E.D. Pa. Mar. 30,
　　2009) ........................................................................................................19

**Rules**

Fed. R. Evid. 702 ........................................................................9, 10, 12

Fed. R. Evid. 703 ........................................................................................10

Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. (collectively, "Torrent") submit this opposition to Plaintiffs' Motion to Preclude Opinions of Defense Expert Akhilesh Nagaich, Ph.D. (Dkt. No. 2301-1) (the "Motion").

## **INTRODUCTION**

Plaintiffs' Motion fails to raise a single argument that, even if credited, would be legally sufficient to exclude Dr. Akhilesh Nagaich's testimony and opinions. Plaintiffs move to exclude Dr. Nagaich's opinions ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

All of Plaintiffs' arguments relate to Dr. Nagaich's alleged failure to consider certain (unidentified) documents or issues, which, Plaintiffs argue, renders Dr. Nagaich's opinions unreliable.  Plaintiffs' arguments are wrong on the merits, rely on a parade of misrepresentations and mischaracterizations of Dr. Nagaich's testimony, and go only to the weight of Dr. Nagaich's opinions, and not the admissibility.

*First*, Plaintiffs argue that Dr. Nagaich failed to consider ███████████████

████████████████████████████████████████████████

████████ in forming his ██████████ opinions.  Not true.  ████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████        Plaintiffs  also  mischaracterize  ████████████

███████████████████████████████████████████

████████████████████.

**Second**, Plaintiffs claim that Dr. Nagaich failed to consider broad categories

of documents  ███████████████████████  Tellingly, however, Plaintiffs

do  not  identify  a  single  specific  document  that  Dr.  Nagaich  allegedly  failed  to

consider, and Plaintiffs do not explain how these broad categories of unidentified

documents  are  relevant  or  render  Dr.  Nagaich's  opinions  unreliable.   Plaintiffs'

related argument that Dr. Nagaich failed to investigate  ████████████████████

███████████████████████████████████  is  likewise

meritless.  In so arguing, Plaintiffs contend that Dr. Nagaich should have based his

opinion on hypotheticals rather than the actual facts of the case, which is improper

and methodologically unsound.  Dr. Nagaich properly considered the existing facts

of the case in rendering his opinions.

**Third**, Plaintiffs argue that Dr. Nagaich's opinions  ████████████████

████████████████████  are unreliable because Dr. Nagaich did not

examine or understand  ██████████████████████████████

2

███████████████████████████████████████████████████

███████████████████████████. Plaintiffs have no legal or regulatory support

for this argument, ██████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

*Finally*, even if Plaintiffs are correct that Dr. Nagaich failed to consider unidentified documents or relevant issues (they are not), these arguments are legally insufficient to exclude Dr. Nagaich's opinions, as they go only to the weight of those opinions, and not the admissibility.

For these and the reasons discussed further below, Torrent respectfully requests that the Court deny Plaintiffs' Motion in its entirety.

## BACKGROUND

### A.    Dr. Nagaich's Extensive Qualifications

Dr. Nagaich is impeccably credentialed and has years of regulatory experience in the pharmaceutical industry. ██████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

3

██████████████████████████████████████ Motion Ex. 1, Expert Report

of Akhilesh Nagaich, PH.D., December 22, 2022, Dkt. No. 2301-3 ("Nagaich Rep.")

¶ 2.  Aside from Dr. Nagaich's significant education, research, and postdoctoral

training, Dr. Nagaich's professional experience is highly relevant to this case.

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ *Id.* at ¶ 3.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████ *Id.* ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████ *Id.* at ¶ 4. ████████████████████████████

████████████████████████████████████████████████████

████████████████ *Id.*

████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████  *Id.*

         ████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████  *Id.* at  ¶ 7.  ████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████  *Id.*, Ex. A.

**B.     Dr. Nagaich's Opinions**

Dr. Nagaich was retained to opine on  ██████████████████████

██████████████████████████  *Id.* at ¶ 13.  ████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

5

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████ *Id.* at ¶¶ 13, 16-19.

**C.      Dr. Nagaich's Methodology Underlying His Report**

████████████████████████████████████████████

████████████████████████████████████████████ *Id.*

at ¶ 14 & Ex. B.

To prepare his report and opinions, Dr. Nagaich undertook several steps.

First, ██████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

6



*See, e.g.*, Nagaich Rep. at ¶¶ 14, 71-72, 86, 105 & Ex. B.

Second,

*See, e.g.*, *id.* at Ex. B.

Third,

*Id.* at ¶ 87 & n. 155.

Aside from carefully considering and analyzing the evidence described above

in formulating his opinions, Dr. Nagaich also made clear his opinions were rooted

in his years of professional experience and intimate knowledge of industry practices

7

and standards. *See, e.g.*, *id.* at ¶ 72 

, *id.*

, ¶ 73

¶ 75

*id.*

¶ 77

¶ 86

.

## ARGUMENT

Dr. Nagaich's opinions meet the threshold for the admissibility of an expert's

opinion, as "(1) [Dr. Nagaich's] knowledge will assist the factfinder in

understanding the evidence or an issue of fact; (2) [his] testimony relies upon

sufficient facts or data; (3) [his] testimony resulted from 'reliable principles and methods; and (4) [Dr. Nagaich] 'reliably applied the principles and methods to the facts of the case.'" *Krys v. Aaron*, 112 F. Supp. 3d 181, 189 (D.N.J. 2015) (quoting Fed. R. Evid. 702).[1]

# I.   PLAINTIFFS' CRITICISMS OF DR. NAGAICH ARE MERITLESS.

Plaintiffs argue that Dr. Nagaich's opinions ████████████████████

████████████████████████████████████████████████████████████████

████████████████ are unreliable because he failed to review relevant (unidentified) documents or to consider allegedly relevant issues specific to each opinion. *See* Motion at 8-13.[2]   Plaintiffs are wrong.   Dr. Nagaich's opinions are based on sufficient facts and data and are the product of a reliable methodology, and each of Plaintiffs' arguments to the contrary are meritless.

## A.   Dr. Nagaich's Opinions Satisfy The Requirements Of Rule 702.

Dr. Nagaich's opinions are the result of reliable principles and methods that Dr. Nagaich reliably applied and easily satisfy Rule 702's requirements.  Generally,

---

[1]   Plaintiffs do not dispute that Dr. Nagaich is qualified or that his testimony "fits" this case. *See Hoang v. Funai Corp., Inc.*, 652 F. Supp. 2d 564, 572 (M.D. Pa. 2009) (recognizing "[f]it is a low threshold to pass").

[2]   Plaintiffs' Motion does not include pagination on each page but includes a table of contents with page numbers.  Torrent used the page numbers listed in the table of contents to determine appropriate page numbers for its citations.

"an expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994)). The inquiry into methodology is "designed to ensure that an expert's opinions are based upon methods and procedures of science *rather than on subjective belief or unsupported speculation*." *David v. Black & Decker (US) Inc.*, 629 F. Supp. 2d 511, 514 (M.D. Pa. 2009) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d at 742) (internal quotation marks omitted) (emphasis added). Put differently, the methodology inquiry asks whether the expert has "good grounds" for his or her opinion. *Id.* The Third Circuit "ha[s] cautioned that '[t]he evidentiary requirement of reliability is lower than the merits standard of correctness.'" *Pineda*, 520 F.3d at 247 (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d at 744).

Additionally, "an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993) (citing Fed. R. Evid. 702 & 703). Accordingly, expert testimony may also be based on "personal knowledge or experience, and in those circumstances the [Court] may inquire into whether the expertise is based on generally accepted methods and training." *United States v. Li*, 819 F. App'x 111, 117-18 (3d Cir. 2020) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-51 (1999)).

10

As discussed above, Dr. Nagaich's opinions and testimony in this case are rooted in his years of regulatory experience in the pharmaceutical industry and his methodological review and consideration of over 180 highly relevant internal documents, extensive deposition testimony and exhibits, a witness interview, and FDA regulations, guidance, manuals, and other publications on relevant topics. *See supra* Background § C.

For example, ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

Similarly, ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████



Accordingly, there can be no meaningful dispute that Dr. Nagaich's methodology satisfies Rule 702. *See David*, 629 F. Supp. 2d at 515-16 (finding experts' methodologies satisfied the reliability requirement where the experts conclusions were "not based solely on speculation or the mere *ipse dixit* of the expert"); *Li*, 819 F. App'x at 118 (affirming determination that expert's testimony met Rule 702 requirements where the opinions flowed from the expert's "thirty years of experience" and were the product of the "reliable and generally accepted" technique of reviewing studies and "policies and procedures").

**B.    Plaintiffs' Criticism That Dr. Nagaich's ▮▮▮▮ Opinions Are Unreliable Because He Failed To Consider Certain Materials Is Meritless.**

Plaintiffs argue that Dr. Nagaich's opinions ▮▮▮▮▮▮▮▮▮▮▮ are unreliable because he failed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████ Motion at 8-10.  This argument fails.[3]

*First,* ██████████████████████████████████████

██████ ███████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████ Motion  Ex.  2,  Deposition

Transcript  of  Akhilesh  Nagaich,  Ph.D.,  February  9,  2023,  Dkt.  No.  2301-4

("Nagaich Tr.") at 313:10-314-1. ████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████.[4]

_____

[3] ███████████████████████████████████████ *see* Motion Ex.
5 (Dkt. No. 2301-7), ████████████████████████ Motion at
9 (emphasis added). ████████
████████████████████████████████████████████████ *See* Nagaich
Tr. at 314:2-315:5; Motion Ex. 5 (Dkt. No. 2301-7) at 1
████████████████████████████.

[4]    Contrary to Plaintiffs' suggestion, ████████████████
███████████████████████████████ Motion at 9. ██████████
████████████████████████████████████████████████
███████████████████████ *See* Nagaich Tr. at 312:10-315:5; Motion Ex. 5 (Dkt. No. 2301-7) at
1 ██████████████████████████████████████████████

*Second*, Plaintiffs' argument ██ ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ is incorrect and misleading.   Motion at 8 (emphasis

added).  ████████████████████████████████



Motion Ex. 5 (Dkt. No. 2301-7) at 4 (emphasis added).  As Dr. Nagaich explained,

████████████████████████████████████████████████████████

████████████████████ Nagaich Tr.  at 325:2-9.  Plaintiffs do not, because they

cannot, identify any authority that indicates that ████████████████████████████

████████████████████ The USP website explains that "[u]se of the terms,

'must' or 'shall'" indicates "requirements," whereas "[t]he words 'should' and

'may' are very different from 'must' or 'shall'" and "indicate recommendations."

USP,   Frequently   Asked   Questions,   at   question   1,   available   at

────────────────────

████████████████████████████████████████████

Nagaich Rep. ¶ 95 █

████████████████

14

https://www.usp.org/frequently-asked-questions/identifying-official-text (last visited April 2, 2023). And courts in this Circuit have held that use of the term "should" is a "permissive rather than a mandatory term." *In re Meyertech Corp.*, 831 F.2d 410, 422 n.15 (3d Cir. 1987); *Santanna v. Delaware & Hudson Ry. Co. Inc.*, No. 3:12CV1240, 2015 WL 5895463, at *1 (M.D. Pa. Oct. 6, 2015) (finding "should" to be "permissive" and contrasting that with the "mandatory 'shall'").

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████.[5]

Plaintiffs mischaracterize Dr. Nagaich's testimony to argue that, ████

█████████████████████████████████████████████████████

███████████████████████████████re███████████████████

█████████████████████████████████████████████████████

████████████████ Motion at 9 (citing Nagaich Tr. at 324:7-326:23). ████

█████████████████████████████████████████████████████

_____

[5]      Even if there was a dispute ███████████████████████████
████████ such disagreement would be a factual dispute for the trier of fact to resolve and is not a legally sufficient basis to exclude Dr. Nagaich's testimony. *See, e.g.*, *UGI Sunbury LLC v. A Permanent Easement for 0.4308 Acres*, No. 3:16-CV-00794, 2021 WL 5140050, at *10 (M.D. Pa. Nov. 4, 2021) (disagreement between experts as to the interpretation of a contractual provision is "a factual dispute for the trier of fact to resolve, not a reason to exclude expert testimony").



*See* Nagaich Tr. at 324:7-326:23.

Nagaich Rep. ¶¶ 82, 95.[6,7]

### C.   Plaintiffs' Argument That Dr. Nagaich Lacks An Informed Basis For His ▮▮▮▮▮ Opinions Fails.

Though Plaintiffs make multiple attempts

---

[6]   Plaintiffs also erroneously claim that Dr. Nagaich

Motion at 1.

*See* Nagaich Tr. at 41:4-42:3.

[7]

*See, e.g.*, Motion at 5.

*Id.* at ¶¶ 84-85.

16



██████████████████████████████████████████

███████████████████████ each attempt fails.  Motion at 10-12.

> 1.  *Plaintiffs Do Not Identify A Single Allegedly Relevant Document Dr. Nagaich Failed To Consider.*

Despite the firm foundation for Dr. Nagaich's ████████ opinions,

Plaintiffs complain that Dr. Nagaich failed to review broad categories of documents,

including ██████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████ Motion at 11-12.  Incredibly, despite the fact that

Dr. Nagaich's alleged failure to consider relevant documents is the centerpiece of

Plaintiffs' argument, all but one Bates numbered document cited by Plaintiffs in this

section appears on Dr. Nagaich's ████████████████████ *Compare* Nagaich

Rep., Ex. B, *with* Motion at 10-12.[8]

---

[8]   The only document that does not specifically appear on Dr. Nagaich's ████████

████████████████ is Plaintiffs' Exhibit 8 (PRINSTON00304075), ████████ This

document is unrelated to any of the categories of documents that Plaintiffs allege Dr.

Moreover, Plaintiffs fail to explain how these broad categories of unidentified and allegedly unreviewed documents are relevant to Dr. Nagaich's ████████ opinions or why Dr. Nagaich's alleged failure to consider these documents renders Dr. Nagaich's opinions unreliable.  As demonstrated above, Dr. Nagaich's opinions are firmly grounded in the *actual* documents and testimony in this case, ████████

████████████████████████████████

████████████████████████████████

████████████  *See supra* § I(A).

    2.    *Plaintiffs' Claims Of Bias Are Baseless.*

Plaintiffs also argue that Dr. Nagaich's ████████ opinions are unreliable because ████████████████████████

████████████████████████████████

████████████████  Motion at 11.  Plaintiffs' argument misrepresents the record.  ████████████████

████████████████████████████████

████████████████  Nagaich Tr. at 72:20-73:10; *see also id.* at 73:11-21 ████████████████

████████████████████████████████

———————————————

Nagaich failed to consider, and Plaintiffs do not appear to contend that Dr. Nagaich erred in failing to consider this specific document.

18



; 79:23-80:15

. Plaintiffs' claims of bias are therefore baseless.[9]

3.  *Plaintiffs' Remaining Critiques Are Unfounded.*

Plaintiffs argue that Dr. Nagaich's opinions lack an informed basis because

he did not investigate

"how long it would have taken Torrent to

develop an in-house testing method for NDMA, . . . whether Torrent ever attempt[ed]

to contact a lab to test for NDMA[,] and . . . whether Torrent could have simply

requested ZHP to test old process valsartan for NDMA."  Motion at 11-12.

---

[9]     Even if credited, Plaintiffs' claim of bias goes only to the credibility or weight of Dr. Nagaich's testimony and is a legally insufficient basis to exclude his testimony.  *See, e.g.*, *Venus v. Seville Food, LLC*, No. 14-2476, 2017 WL 2364192, at *17 (D.N.J. May 31, 2017) (declining to exclude expert testimony based on evidence of bias and instructing defendant that "it [was] permitted to" challenge the expert's alleged bias "on cross-examination at trial"); *Weirich v. Horst Realty Co., LLC*, No. CIV. A. 07-CV-871, 2009 WL 920960, at *3 (E.D. Pa. Mar. 30, 2009) ("Defendant's bias concerns address credibility and weight, not admissibility, and can adequately be addressed on cross-examination.").

As an initial matter, this critique ignores the actual facts in this case. █████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

Nagaich Tr. at 126:8-17, 129:24-130:9. ███████████████████

███████████████████████████████████████████████████

███████████████ *See* Nagaich Rep. ¶ 105. ████████████████

███████████████████████████████████████████████████

██████████████ *Id.* ██████████████████████████████

███████████████████████████████████████████████████

██████████████████ *Id.*  In forming this opinion, Dr. Nagaich did not need to consider how long it would have taken Torrent to develop an assay because █████

███████████████████████████████████████████████████

███████████████████████ The length of time it would have taken Torrent to develop and validate an assay is irrelevant.

Plaintiffs' remaining critiques ████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████ are likewise baseless for multiple reasons.  Motion at 12. Plaintiffs do not point to any authority that requires a finished dose manufacturer to employ multiple, duplicative paths to test their API (because there is no such

20

authority) or any actual documents or evidence that Dr. Nagaich failed to consider. Plaintiffs' argument is also based on the assumption that Torrent could have employed a third-party lab that could have identified nitrosamines in valsartan API before ZHP even identified it. Plaintiffs also fail to point to any obligation, contractual or otherwise, that would have required ZHP to comply with Torrent's hypothetical request for ZHP to test valsartan API for nitrosamines. Plaintiffs' critiques fail at every turn.[10]

    **D.**    **Plaintiffs' Argument That Dr. Nagaich's Opinions** ████ **Are Unreliable Is Baseless.**

Finally, Plaintiffs argue that "Dr. Nagaich ignored . . . information that demonstrated the relevant type of testing that Torrent should have conducted," and

---

[10] ███████████████████████████████████████████████

████████████████████████████████████ Motion at 12. ███████

█████████████████████████████████████████████ *id.* at 145:19-146:2; *see also id.* at 146:3-18. An expert's "inability to remember off the top of his head in a deposition" certain details related to his opinion is "no reason to exclude his opinion." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2021 WL 2577490, at *42 (D. Kan. June 23, 2021); *Medina v. United Christian Evangelistic Ass'n*, No. 08-22111-CIV, 2009 WL 4030454, at *4 (S.D. Fla. Nov. 20, 2009) (finding that an expert's "inability to remember" certain details related to his analysis did not require exclusion because the "fact that [the expert] could not recall, from memory" did not "undermine the reliability" of his analysis).

that Dr. Nagaich needed to "understand the historical scientific knowledge of what chemicals could be combined in" the VCDs "to form NDMA and/or" to know "what knowledge Torrent had in terms of what chemicals are being combined to manufacture ZHP's old process valsartan API." Motion at 13. Plaintiffs' argument ignores the reality that ███████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ ███

██████████████████████████████████████████████. Nagaich Rep. ¶ 84.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Nagaich Rep. ¶ 84; *see also id.* at ¶ 85. ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████ *Id.* at ¶ 85.

Plaintiffs again mischaracterize Dr. Nagaich's testimony to fit their argument.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████ Motion at 13. This is incorrect. ████████████████████████████

██████████████████████████████████████



Nagaich Tr. at 197:10-199:3 (emphasis added); *see also* Nagaich Rep. ¶¶ 84-85, 93.



██████████████████████████████████████████

████████████████████████████████     *Id.* at 218:6-18.[11]

## II.   PLAINTIFFS' ARGUMENTS GO TO THE WEIGHT, NOT ADMISSIBILITY, OF DR. NAGAICH'S OPINIONS.

Even if Plaintiffs' arguments that Dr. Nagaich failed to consider unidentified documents or allegedly relevant issues are credited, they are legally insufficient to exclude Dr. Nagaich's opinions, as they only go to the weight of his opinions, and not the admissibility.

"With respect to expert opinion testimony, as in other areas of evidence law, it is axiomatic that 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means'" of attacking expert opinions a party disagrees with. *United States v. Vaghari*, 735 F. Supp. 2d 197, 206 (E.D. Pa. 2010) (quoting *Daubert*, 509 U.S. at 595.). Plaintiffs repeatedly argue that Dr. Nagaich's opinions are unreliable because he failed to consider certain unidentified documents and issues.[12] Even if this is

---

[11]   Plaintiffs also claim that Dr. Nagaich "ignore[d] the key documents required to reach an informed expert opinion" but again fail to identify any specific alleged documents Dr. Nagaich failed to consider. *See* Motion at 13.

[12]   *See, e.g.,* █████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

correct and these documents and issues are relevant to Dr. Nagaich's opinions, Dr. Nagaich's failure to consider them would go only to Dr. Nagaich's credibility and is not a proper basis to preclude his testimony. *See Inline Connection Corp. v. AOL Time Warner Inc.*, 470 F. Supp. 2d 435, 439 (D. Del. 2007) ("When the factual underpinning of an expert's opinion is [allegedly] weak, it is a matter affecting the weight and credibility of the testimony—a question to be resolved by the jury." (citation omitted)); *Integra Lifesciences Corp. v. HyperBranch Med. Tech., Inc.*, No. CV 15-819-LPS-CJB, 2018 WL 1785033, at *3 (D. Del. Apr. 4, 2018) ("Defendant[s] may explore any concerns regarding what [the expert] did and did not observe, or what he did or did not consider, via cross-examination.").

To the extent Plaintiffs disagree with Dr. Nagaich's methodology or conclusion, Plaintiffs can cross-examine Dr. Nagaich on those issues, and the fact finder can decide how much weight to afford Dr. Nagaich's opinions. *See, e.g.*,

*Potoski v. Wilkes Univ.*, 2010 WL 3811973, at *6 (M.D. Pa. Sept. 22, 2010) (finding that "determinations regarding the weight to be afforded to an expert's conclusions, and the sufficiency of the evidence relied upon by the proffered expert, are within the sole province of the jury"); *United States v. Care Alts.*, 952 F.3d 89, 98 (3d Cir. 2020) (The "reliability and believability of expert testimony . . . is exclusively for the jury to decide."); *Breidor v. Sears, Roebuck & Co.,* 722 F.2d 1134, 1138-39 (3d Cir. 1983) ("Where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge."). Accordingly, Plaintiffs' arguments are legally insufficient to exclude Dr. Nagaich's opinions and testimony.

## CONCLUSION

For the foregoing reasons, Torrent respectfully requests that the Court deny Plaintiffs' Motion in its entirety.

26

Dated: April 11, 2023

Respectfully submitted,

*/s/ Alexia R. Brancato*

KIRKLAND & ELLIS LLP
Jay P. Lefkowitz
Devora W. Allon
Alexia R. Brancato
Brittney Nagle
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-5967
Fax: (212) 446-6460
lefkowitz@kirkland.com
devora.allon@kirkland.com
alexia.brancato@kirkland.com
brittney.nagle@kirkland.com

*Attorneys for Torrent*
*Pharmaceuticals Ltd. and Torrent*
*Pharma Inc.*

27

## <u>CERTIFICATE OF SERVICE</u>

I, Alexia R. Brancato, an attorney, hereby certify that on April 11, 2023, I caused a copy of the foregoing document to be served on all counsel of record via CM/ECF.

*/s/ Alexia R. Brancato*
Alexia R. Brancato
Kirkland & Ellis LLP
