# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| | Honorable Robert B. Kugler, District Court Judge |
| | Oral Argument Requested |
| This Document Relates to All Actions | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' *DAUBERT* MOTION AND INCORPORATED MEMORANDUM OF LAW TO PRECLUDE OPINIONS OF <u>DEFENSE EXPERT ROGER WILLIAMS, M.D.</u>**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

BACKGROUND ..................................................................................................3

LEGAL STANDARD ...........................................................................................5

ARGUMENT .......................................................................................................7

      I.      DR. WILLIAMS' ████████████████ SHOULD NOT BE PRECLUDED BECAUSE HIS OPINION IS RELIABLE, HELPFUL, AND PROPERLY ADMISSIBLE..............7

      II.     DR. WILLIAMS' OPINIONS ABOUT ████████████ ████████████████████ ARE SUFFICIENTLY BASED ON DR. WILLIAMS' MANY YEARS OF PROFESSIONAL EXPERIENCE ████████ AND ARE PROPERLY ADMISSIBLE............................................12

CONCLUSION ....................................................................................................16

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
  350 F.3d 316 (3d Cir. 2003) ................................................................6

*Cuffari v. S-B Power Tool Co.*,
  80 F. App'x 749 (3d Cir. 2003) .........................................................15

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993)..............................................................................6

*De La Cruz v. V.I. Water & Power Auth.*,
  597 F. App'x 83 (3d Cir. 2014) ...........................................................6

*Schneider ex rel. Est. of Schneider v. Fried*,
  320 F.3d 396 (3d Cir. 2003) ................................................................6

*Holbrook v. Lykes Bros. S.S. Co.*,
  80 F.3d 777 (3d Cir. 1996) ..................................................................7

*Pappas v. Sony Elecs., Inc.*,
  136 F. Supp. 2d 413 (W.D. Pa. 2000)................................................15

*Pineda v. Ford Motor Co.*,
  520 F.3d 237 (3d Cir. 2008) ................................................................6

*SEC v. Ambassador Advisors, LLC*,
  576 F. Supp. 3d 250 (E.D. Pa. 2021)............................................13, 14

*UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*,
  949 F.3d 825 (3d Cir. 2020) ............................................................9, 15

*Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*,
  Case No. 15-6480, 2021 WL 2352016 (E.D. Pa. June 9, 2021).........................6

**Statutes**

21 U.S.C. § 351(a)(2)(B) ........................................................................10

**Other Authorities**

Fed. R. Evid. 702 ...................................................................................................5, 6

Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis Pharma, Inc., and Actavis LLC (collectively, "Teva") submit this memorandum of law in opposition to Plaintiffs' *Daubert* Motion to Preclude Opinions of Defense Expert Roger Williams, M.D. [ECF No. 2295] (the "Motion") and state as follows:

## <u>INTRODUCTION</u>

Plaintiffs seek to preclude two narrow, proper, and admissible opinions of Teva's expert, Roger Williams, M.D., pertaining to ██████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ Plaintiffs attack Dr. Williams by falsely attributing to him various opinions he did not offer, while disregarding or mischaracterizing the opinions he has offered and ignoring the reliable bases for those opinions. Plaintiffs' motion should be denied.

Dr. Williams has properly proffered a reliable and helpful opinion about ████ ████████████████████████, and has done so within his expertise and without offering legal opinions or conclusions. Plaintiffs attack Dr. Williams' ████████ opinion because ████████████████████████████████████ ████████, and assert in conclusory fashion that ████████████████████ ████████████████████████. But Dr. Williams' opinions are not excludable merely because Plaintiffs or their experts disagree. Plaintiffs ignore the

fact that ██████████████████████████████████████████████

████████████████████ is both reliable and helpful in explaining to the jury why ██

██████████████████████████████████████ matters. Dr. Williams

explains how ████████████████████████████████████████

██████████████████████████████████.

Plaintiffs also assert that Dr. Williams offers speculative opinions about ██

████████████████████████████████████████████████████

██████████████. That is false. Dr. Williams' opinions ████████████████

████████████████████████████████████—like all of the

opinions set forth in his report—████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████

For these reasons, as explained more fully below, Teva respectfully requests

that the Court deny Plaintiffs' Motion and Incorporated Memorandum of Law to

Preclude Opinions of Defense Expert Roger Williams, M.D.

## <u>BACKGROUND</u>

Dr. Williams is ███████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████ (Expert Report of Roger Lea Williams, M.D.,

dated December 19, 2022, revised January 28, 2023, (Mot. Exhibit 1) ("Williams

Corrected Rep.") (¶ 10)). Dr. Williams' ████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████ (*Id.* ¶¶ 7-9.)

Dr. Williams' ███████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████ (*Id.*

¶¶ 4-12.) ██████████████████████████████████████ (*Id.* ¶ 7.) █

███████████████████████████████████████████████████████████

███████████████████████ (*Id.*) ███████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████ (*Id.*) ███████████████████████████

███████████████████████████████████████████████████████████

███████████████████████ (*Id.*) ███████████████████████████



 (*Id.* ¶¶ 21-23.)

## LEGAL STANDARD

Pursuant to Federal Rule of Evidence 702, a qualified expert witness may offer opinions in a case if: (i) the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (ii) "the testimony is based on sufficient facts or data"; (iii) "the testimony is the product of reliable principles and methods"; and (iv) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 582 (1993) ("The inquiry is a flexible one, and the focus must be solely on principles and methodology,

not on the conclusions that such principles and methodology generate.").

To that end, courts within this circuit examine an expert's qualification, as well as the reliability and "fit" of the expert's opinion, in disposing of Rule 702 motions. *See Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003). To be admissible, "the process or technique [the expert] used in formulating the opinion [must be] reliable," *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008) (citations omitted), but "the grounds for [an] expert's opinion . . . do not have to be perfect," *De La Cruz v. V.I. Water & Power Auth.*, 597 F. App'x 83, 91 (3d Cir. 2014) (citation omitted). Additionally, expert testimony must "fit" the facts of the case, or "be relevant for the purposes of the case and . . . assist the trier of fact." *Schneider ex rel. Est. of Schneider v. Fried*, 320 F.3d 396, 404-05 (3d Cir. 2003); *see also Daubert*, 509 U.S. at 591-92 (explaining that this "'helpfulness' standard requires a valid scientific connection to the pertinent injury").

Although all experts must satisfy the *Daubert* standard, defense experts "have a less demanding task," *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, Case No. 15-6480, 2021 WL 2352016, at *14 (E.D. Pa. June 9, 2021) (quoting *In re Zyprexa Prods. Liab. Litig.*, 489 F. Supp. 2d 230, 285 (E.D.N.Y. 2007)), because the burden of proof with respect to a lawsuit's substantive merits is not shouldered by the defense, *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 786 (3d Cir. 1996).

6

# ARGUMENT

**I.    DR. WILLIAMS'** ███████████████████ **SHOULD NOT BE PRECLUDED BECAUSE HIS OPINION IS RELIABLE, HELPFUL, AND PROPERLY ADMISSIBLE.**

Plaintiffs attack Dr. Williams by attributing to him an ███████████ he did not give, while wholly failing to address the reliable, helpful, and properly admissible opinion he actually offers.

Dr. Williams ██████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

████████████████████ (Williams Corrected Rep. ¶ 144.) Because this fact is inconvenient to Plaintiffs' theory of liability, they seek to exclude any discussion of it. Their starting point is to mischaracterize Dr. Williams' opinion, falsely asserting that ███████████████████████████████████████

---

1    Plaintiffs erroneously contend that ████████████████████ ████████████████ (Mot. at 1.) It did not. ████████████████████████████████████████████████████ ████████████████████████████████████ (Williams Corrected Rep. ¶ 110.) ████████████ (*See* Transcript of Roger Williams, M.D., dated January 31 2023, (Mot. Exhibit 2) ("Williams 2023 Dep.") 281:2-4.) ████████████████████████████████████ ████████████████████████████████ (*Id*. at 119:14-19.)

██████████████████████████████████████████████████████

████████████████████ (Motion at 7.) Plaintiffs cite neither Dr. Williams' deposition

testimony nor his expert report to support this attribution, nor can they, as he never

said it.

Dr. Williams' opinion, rather, is that ████████████████████████████████

██████████████████████████████████████████████████████

████████████████████ (Williams Corrected Rep. ¶ 145.) The fact that ████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

Dr. Williams is not making a subjective value judgment about ████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████ (*See e.g.*, Williams Corrected Rep. ¶ 144

("████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████ ")). These facts which Plaintiffs ignore are at the heart of Dr. Williams' expert opinion. (*See id.* ¶ 145 ("████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████ ")).

Plaintiffs nevertheless attack Dr. Williams' opinion in false and hyperbolic terms, attributing to Dr. Williams a ████████████████████████████ ████████████████████████ and a contention that ████████████████ ████████████████████ (Mot. at 7, 11.) Plaintiffs mischaracterize Dr. Williams' opinion as: ██████████████████████████████ ████████████████████ (*Id.* at 12.) None of these strawman "opinions" reflect actual opinions offered by Dr. Williams. They are just cover for Plaintiffs to try to exclude helpful and reliable expert testimony contrary to their allegations.

Dr. Williams's relevant opinion is that █████████████████████ ███████████████████████████████████████████ ██████████████████████ (Williams Corrected Rep. ¶ 145.) That is important

because ███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███ Thus, Dr. Williams is not opining, as Plaintiffs wrongly assert, that

███████████████████████████████████████████████████

████████████████████████████████ (Mot. at 7.) Rather, Dr.

Williams is opining that ██████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████ (*See* Williams 2023

Dep. at 233:19-23.)[2] As Dr. Williams explained in his Report:





(Williams Corrected Rep. ¶ 142, 144-145.)

Dr. Williams' actual opinion is reliable and helpful. *See, e.g., UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 835 (3d Cir. 2020) (providing that expert testimony "fits" the dispute where it "will help the trier of fact . . . understand the evidence or . . . determine a fact in issue" (citations omitted)). Dr. Williams is not making ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████ (*See* Williams 2023 Dep. at 234:19-24 ██████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

11

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████

Dr. Williams' █████████████████████████████████

██████████████████████████████. Simply put, Dr. Williams'

opinion might not align with Plaintiffs' argument but it does align with the facts of

this case, and therefore Dr. Williams' ████████ opinion should be admitted.

## II.   DR.   WILLIAMS'   OPINIONS   ███████████████ ARE SUFFICIENTLY BASED ON DR. WILLIAMS' MANY YEARS OF PROFESSIONAL EXPERIENCE ███████████ AND ARE PROPERLY ADMISSIBLE.

Dr. Williams' opinions about █████████████████████████████

██████████████████ are sufficiently based on his professional

experience ████████████████████████.

Plaintiffs falsely assert that Dr. Williams' ██████████████████████

███████████████████████████████████████

████████ (Mot. at 19.) Plaintiffs cherry-pick portions of Dr. Williams' report and

deposition testimony as examples of █████████████████████████

███████████████████████████████████████

██████████████████████████ (*Id*. at 14-15.) Plaintiffs also wrongly insist that Dr. Williams ████████████████████████████████████████████████████████ ████████ (*Id*. at 19.) Plaintiffs are wrong.

Dr. Williams is not offering opinions as to ██████████████████████████ unlike the expert in Plaintiffs' principal authority, *SEC v. Ambassador Advisors, LLC*, 576 F. Supp. 3d 250 (E.D. Pa. 2021). (*See id*. at 16.) There, a professor proffered opinions about the SEC's feelings about certain fees and the SEC's motivation for bringing suit. *See Ambassador Advisors, LLC*, 576 F. Supp. 3d at 261. Dr. Williams has offered ████████████████████████████████████████ ████████████. Plaintiffs also leave out the salient fact that the expert in *Ambassador Advisors*—whom the court nevertheless found to be a qualified expert—had never worked in the investment advising industry; had never had to draft or approve SEC disclosures on behalf of investment advising companies; and had limited experience writing about investment advisers and the Investment Adviser Act. 576 F. Supp. 3d at 259.

Dr. Williams' professional experience ████████████ could not be more different. As discussed above, Dr. Williams ██████████████████████████████. (Williams Corrected Rep. ¶ 10.) He relies on vast professional experience personally making ████████████████████████████████████████. (*Id.* ¶¶ 4-12.) Specifically, Dr. Williams spent ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

(*Id.* ¶ 7.) Dr. Williams also worked as ████████████████████████████████

████████████████████████████████ (*Id.* ¶ 9.)

Far from the ungrounded speculation as to feelings or motives in *Ambassador Advisors*, moreover, Dr. Williams' opinions ████████████████████████

████████████████████████████████████████████

████████████████████████ (Williams 2023 Dep. at 34:20-24.) An expert may express his methodology in a variety of ways, including, "discussing [the expert's] experience and knowledge in detail…explaining the methods [the expert] has used in the past…indicating the success or failure that [the expert] has enjoyed in employing these methods…and testifying about how [the expert] used the same methods in the investigation at issue." *Pappas v. Sony Elecs., Inc.*, 136 F. Supp. 2d 413, 425 n.16 (W.D. Pa. 2000); *see also Cuffari v. S-B Power Tool Co.*, 80 F. App'x 749, 751 (3d Cir. 2003) ("In short, trial courts should determine whether the expert's conclusion is based on valid reasoning and reliable methodology."). Dr. Williams' opinions about ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

Plaintiffs' argument that Dr. Williams' opinions are not rooted in sufficient fact and unreliable is meritless. Dr. Williams is not speculating about ██████████ ████████████████████████████████████████████████████ ████████████████████ He is drawing on his extensive experience to explain ████████████████████████████████████████████ (Williams 2023 Dep. at 34:3-8), and to illustrate how ████████████████████████ ████████████████ (*id*. at 34:20-22). His opinions on both of these topics will be helpful to the jury and clearly fit the facts of this litigation. *See UGI Sunbury LLC*, 949 F.3d at 835. Dr. Williams' testimony confirms how his professional experience informed his opinions. (*See* Williams 2023 Dep. at 34:3-8 ██████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████ 34:19-22 ████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████ 35:1-6 ████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████.

## **CONCLUSION**

For all the foregoing reasons, Teva respectfully requests that the Court deny Plaintiffs' Motion and Incorporated Memorandum of Law to Preclude Opinions of Defense Expert Roger Williams, M.D.

Dated: April 11, 2023                  Respectfully Submitted:


By: */s/ Victoria Davis Lockard*

GREENBERG TRAURIG, LLP
Lori G. Cohen
Victoria Davis Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, N.E.,
Suite 2500
Atlanta, Georgia 30305
Tel. (678) 553-2100
Fax. (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

*Counsel for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis Pharma, Inc., and Actavis LLC*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2023, a copy of the foregoing document was served on all counsel of record via CM/ECF.

By: <u>*/s/ Steven M. Harkins*</u>

Steven M. Harkins

17