# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br><br>This Document Relates to All Actions | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>Oral Argument Requested |

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' *DAUBERT* MOTION TO PRECLUDE OPINIONS OF <u>DEFENSE EXPERT TIMOTHY ANDERSON, M.S., M.B.A.</u>

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

LEGAL STANDARD ............................................................................................3

LEGAL ARGUMENT ............................................................................................4

    I.     MR. ANDERSON'S ███████████████ ARE
         RELIABLE, HELPFUL, AND PROPERLY ADMISSIBLE. .............4

    II.    MR. ANDERSON'S ████████████████
         ████████████ ARE ADMISSIBLE.....................................9

    III.   PRECLUSION OF MR. ANDERSON'S ███████████
         █████████ IS UNNECESSARY ......................................13

CONCLUSION .....................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
  350 F.3d 316 (3d Cir. 2003) ..................................................................................4

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ...............................................................................................4

*De La Cruz v. V.I. Water & Power Auth.*,
  597 F. App'x 83 (3d Cir. 2014) ........................................................................4, 12

*Schneider ex rel. Est. of Schneider v. Fried*,
  320 F.3d 396 (3d Cir. 2003) ..................................................................................4

*Pineda v. Ford Motor Co.*,
  520 F.3d 237 (3d Cir. 2008) ..................................................................................4

*UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*,
  949 F.3d 825 (3d Cir. 2020) .............................................................................8, 10

**Other Authorities**

Fed. R. Evid. 702 ........................................................................................................3

ii

Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis Pharma, Inc., and Actavis LLC (collectively, "Teva") submit this memorandum of law in opposition to Plaintiffs' *Daubert* Motion to Preclude Opinions of Defense Expert Timothy Anderson, M.S., M.B.A. [ECF No. 2297] (the "Motion") and state as follows:

## **INTRODUCTION**

Plaintiffs move to preclude Teva's expert, Timothy Anderson, M.S., M.B.A., from proffering: (1) ██████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████; (2) █████████████████████████████ ██████████████████████████████████████████████ ███████████████████████████████; and (3) ██████████████████ ███████ Plaintiffs' motion fails and should be denied in its entirety.

First, Mr. Anderson's opinions about ████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████. At bottom, Mr. Anderson's opinions are not excludable merely because Plaintiffs or their experts disagree with them. Instead, Mr. Anderson's ████████ ████ are well-supported, as demonstrated by his expert report and testimony, and "fit" this litigation.[1]

Second, Plaintiffs challenge Mr. Anderson's opinions concerning ████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

---

[1] Teva will refer to: the Expert Report of Timothy Anderson, M.S., M.B.A., dated December 19, 2022 (Mot. Ex. 1), as Mr. Anderson's ("Report"); the Expert Report of Timothy Anderson, M.S., M.B.A., dated January 12, 2022, attached hereto as **Exhibit A**, as Mr. Anderson's ("1/12/22 Report"); the transcript of Mr. Anderson's February 9, 2023 deposition (Mot. Ex. 2) as Mr. Anderson's ("2/9/23 Dep."); the transcript of Mr. Anderson's March 9, 2022 deposition (Mot. Ex. 3) as Mr. Anderson's ("3/9/22 Dep."); and the transcript of Laura M. Plunkett, Ph.D.'s February 10, 2023 Deposition, attached hereto as **Exhibit B**, as ("Plunkett Dep.").

███████████████████████████████████████████████

█████████████████████████████ which would assist the trier of fact in

determining a fact in issue and renders his opinions reliable.

Finally, Plaintiffs challenge █████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

For these reasons, as detailed below, Defendants respectfully submit that the

Court should deny Plaintiffs' motion.

## LEGAL STANDARD

A qualified expert witness may offer opinions in a case if: (i) "the expert's

scientific, technical, or other specialized knowledge will help the trier of fact to

understand the evidence or to determine a fact in issue"; (ii) "the testimony is based

on sufficient facts or data"; (iii) "the testimony is the product of reliable principles

and methods"; and (iv) "the expert has reliably applied the principles and methods

to the facts of the case." Fed. R. Evid. 702.

To that end, courts within this circuit examine an expert's qualification, as

well as the reliability and "fit" of the expert's opinion, in disposing of Rule 702

motions. *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003). To be admissible, "the process or technique the expert used in formulating the opinion [must be] reliable," *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008) (citations omitted), but "[t]he grounds for [an] expert's opinion . . . do not have to be perfect," *De La Cruz v. V.I. Water & Power Auth.*, 597 F. App'x 83, 91 (3d Cir. 2014) (citation omitted) (first and second alterations in original). Additionally, expert testimony must "fit" the facts of the case, or "be relevant for the purposes of the case and . . . assist the trier of fact." *Schneider ex rel. Est. of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993) (explaining that this "'helpfulness' standard requires a valid scientific connection to the pertinent injury").

## <u>LEGAL ARGUMENT</u>

**I.    MR. ANDERSON'S** ███████████████████ **ARE RELIABLE, HELPFUL, AND PROPERLY ADMISSIBLE.**

Plaintiffs urge preclusion of Mr. Anderson's ████████████ ████████████████████████████████████████ ███████████████████████████████ Exclusion here is not warranted.

Mr. Anderson opines that ████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████

4



(*See, e.g.*, Report ¶¶ 27, 221

; *id.* at ¶ 190

(Mot. at 8, 11.)

Mr. Anderson's opinion, rather, is that

(Report ¶ 54)

5

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████

Moreover, Mr. Anderson is not opining that ██████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████ (*See, e.g.*, 3/9/22 Dep. at 125:13-

20 ███████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████; *see also id*. at 128:3-18 ██████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████ These facts, which Plaintiffs

ignore, are at the heart of Mr. Anderson's expert opinion. (*See* Report ¶ 190.)

Faced with these facts and Mr. Anderson's logical opinion, ████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████ (Mot. at 11.) ██████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████



████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████.[2] (*See* Report ¶ 190.) ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ (*See id.* at ¶ 109 ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████;[3] *id.* at ¶ 226 ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████; *id.* at ¶ 215 ████████████████

████████████████████████████████████████████████████

---

[2] Plaintiffs erroneously contend that ████████████████████████████
█████████████████████████████████ (Mot. at 1.) ████████████████
█████████████████████████████████████████████████████████
███████

[3] Notwithstanding Plaintiffs' attempt to downplay them, the FDA's December 2018 published nitrosamine limits are not "immaterial." (Mot. at 11.) ██████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
██████████████ (Report ¶¶ 141, 143.)

████████████████████████████████████████

████████████████████████████████████████

█████████████████

Thus, Mr. Anderson is not opining ████████████████████

████████████████████████████████████████

██████████████████████████████ (Mot. at 8.) Rather,

Mr. Anderson is opening that ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████ (*See* Report ¶¶ 54, 221.)

Plainly, Mr. Anderson's actual opinion is helpful to the jury and well-supported. *See, e.g., UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 835 (3d Cir. 2020) (providing that expert testimony "fits" the dispute where it "will help the trier of fact . . . understand the evidence or . . . determine a fact in issue" (citations omitted)); *see also* Report ¶¶ 112-143 █████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████ .[4] Thus, exclusion of Mr. Anderson's

████████████████ is not warranted. Although Mr. Anderson's opinion might not

align with Plaintiffs' argument, it does "align with the facts of this case." (Mot. at

8.)

II.    **MR. ANDERSON'S** ██████████████████████████████
       ██████████████ **ARE ADMISSIBLE.**

Plaintiffs also challenge as unreliable and lacking fit Mr. Anderson's opinions

concerning ███████████████████████████████████████

████ (Mot. at 2.) ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[4] Mr. Anderson's position is ████████████████████████████
████████████ (2/9/23 Dep. 292:4-8; *see also* 3/9/22 Dep. 124:9-12
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████

███████████████████████████.5 (*Id.*) This argument both overreaches and ultimately fails to persuade.

Preliminarily, to the extent Plaintiffs ████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████. (*See id.* █████████████

████████████████████████████████ Mr. Anderson's opinions concerning ██████████████████████████████ are well supported and "fit" this matter. (*See, e.g.*, Report ¶ 32 █████████████

████████████████████████████████████████; *id.* at ¶ 33

████████████████████████████; *id.* at ¶¶ 196-97 ████████████████████

████████████; 2/9/23 Dep. 140:19-141:6 █████████████████████

████████████████████████████; *see also UGI Sunbury LLC*, 949 F.3d at 835 (explaining that the "fit" requirement of Rule 702 is met where expert testimony "will help the trier of fact . . . understand the evidence or . . . determine a fact in issue" (citations omitted)).)

---

[5] As this Court may be aware, ██████████████████████████████████████ (Report ¶¶ 46, 47.) ██████████████████████████████████████████ (*Id.* at ¶ 46.)

Second, to the extent Plaintiffs ███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████ (Mot. at 15 (second and third alterations in original).) This is flatly

untrue. ███████████████████████████████████████

███████

- ████████████████████████████████████
  ¶ 150);

- ████████████████████████████████████
  ████ (*id.* at ¶ 166);

- ████████████████████████████████████
  ¶¶ 172, 211); and

- ████████████████████████████████████
  (*id.* at ¶ 176).

████████████████████████████████████████████

███████ (*id.* at ¶ 29), █████████████████████████████

████████████████████████████████████████████

███████████████ (1/12/22 Report ¶ 84), ████████████████



(*id*. at ¶ 110). ▮▮▮

▮▮▮ (Mot. at 15.)

▮▮▮ : "[t]he grounds for [an] expert's opinion merely have to be good, they do not have to be perfect" (or, in this case, Plaintiffs' preferred grounds).[7] *De La Cruz*, 597 F. App'x at 91 (alterations in original) (quoting *In re Paoli R.R. Yard PCB Litig*., 35 F.3d 717, 744 (3d Cir. 1994)). Plaintiffs' challenge to Mr. Anderson's opinion, then, is more appropriate on cross-examination than *via* a Rule 702 motion. *Id*. at 92 (upholding trial court's admission of expert opinion because "[w]hatever weaknesses [Plaintiff's] expert might have identified in [the challenged expert's]

---

[6] In any event, ▮▮▮ (*See* 2/9/23 Dep. 329:23-330:23 ▮▮▮

[7] Moreover, as evidenced by ▮▮▮ (*See generally* Report, Ex. B; *see also* 3/9/22 Dep. at 239:4-15 ▮▮▮

methods, . . . they were sufficiently grounded in science to be offered in court and then attacked on cross-examination").

Because Mr. Anderson's opinions concerning ███████████████ are reliable and helpful, Plaintiffs' request to exclude them should be denied.

## III.    PRECLUSION   OF   MR.   ANDERSON'S   ██████████████ ████████  IS UNNECESSARY.

Plaintiffs' final Rule 702-related challenge against Mr. Anderson is ███████

████████████████████████████████████████████████████████

███  (Mot. at 17-18.)

Plaintiffs' challenge is a non-starter. Mr. Anderson's Report ███████████

████████████████████████████████████████████████████████

██████████████████  (Report ¶ 19 ████████████████████████

██████████████  ; *see also* 1/12/22 Report ¶¶ 19-20 ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████

████████████████████████████████████

███

████████████████████████████████████

13

(3/9/22 Dep. 180:3-9.)



(*Id*. at 322:7-13.)

(2/9/23 Dep. 175:2-5.)

(*See* 3/9/22 Dep. 180:3-9, 181:4-183:7, 322:7-18, 329:8-21, 345:16-346:6; *see also* 2/9/23 Dep. 302:10-20

(Mot. at 17-18.)

14

More fundamentally, ██████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████ (*See, e.g.*, 2/9/23 Dep. 92:15-22 ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████; *see also id.* at 144:18-21 ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████

In sum, ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ Accordingly, Teva respectfully submits that this

Court should deny Plaintiffs' Rule 702 challenge in this regard, as well.

## **CONCLUSION**

For the foregoing reasons, Teva respectfully requests that the Court deny

Plaintiffs' *Daubert* Motion to Preclude Opinions of Defense Expert Timothy

Anderson, M.S., M.B.A.

Dated: April 11, 2023                    Respectfully Submitted:

By: */s/ Victoria Davis Lockard*
    Victoria Davis Lockard

GREENBERG TRAURIG, LLP
Lori G. Cohen
Victoria Davis Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, N.E.,
Suite 2500
Atlanta, Georgia 30305
(678) 553-2100
(678) 553-2386 (facsimile)
CohenL@gtlaw.com
LockardV@gtlaw.com
HarkinsS@gtlaw.com

Gregory E. Ostfeld
Tiffany M. Andras
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
ostfeldg@gtlaw.com
andrast@gtlaw.com

Brian H. Rubenstein
1717 Arch Street, Suite 400

Philadelphia, Pennsylvania
Tel: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

*Attorneys for Teva Pharmaceuticals
USA, Inc., Teva Pharmaceutical
Industries Ltd., Actavis Pharma, Inc.,
and Actavis LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2023, a copy of the foregoing document was

served on all counsel of record via CM/ECF.

By: <u>*/s/ Steven M. Harkins*</u>
Steven M. Harkins