# EXHIBIT A



Gregory E. Ostfeld
Tel 312.476.5056
ostfeldg@gtlaw.com

April 5, 2023

Ruben Honik, Esq.
ruben@honiklaw.com

David Stanoch, Esq.
d.stanoch@kanner-law.com

Adam Slater, Esq.
aslater@mazieslater.com

Conlee Whiteley, Esq.
c.whiteley@kanner-law.com

Daniel Nigh, Esq.
dnigh@nighgoldenberg.com

Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*, No. 1:19-md-02875-RBK-SAK (D.N.J.)

Dear Counsel:

This letter follows the parties' meet-and-confer call of April 3, 2023 in the above-referenced matter, in connection with the parties' submission due to the Court on April 12, 2023. Defendants' position is that, in light of the Court's denial of a stay, the following matters may proceed pending the Third Circuit's ruling on Defendants' pending Rule 23(f) petition:

1. **Rule 702 Briefing**: Rule 702 briefing will continue in accordance with Case Management Order No. 31, under which the "[d]eadline for opposition briefs to the motions to preclude under Rule 702 reports of liability experts" is April 11, 2023, and the "[d]eadline for reply briefs in support of motions to preclude under Rule 702 reports of liability experts" is April 25, 2023. Rulings on Rule 702 motions should be held in abeyance until the Rule 23(f) petition and any subsequent appeal are decided.

2. **Class Representative Discovery**: Discovery may continue with respect to class representatives MSP Recovery Claims, Series LLC ("MSP") and Maine Automobile Dealers' Association ("MADA"). MSP should complete its rolling production of all discovery materials previously requested and/or ordered by the Court on or before May 3, 2023. With respect to MADA, Defendants may submit any supplemental requests for documents by May 10, 2023.

3. **Class Notice Program**: Plaintiffs may proceed to develop their proposed class notice program, with no actual notice to issue until the Rule 23(f) petition and any subsequent

**Greenberg Traurig, LLP | Attorneys at Law**

77 West Wacker Drive  |  Suite 3100  |  Chicago, Illinois 60601  |  T +1 312.456.8400  |  F +1 312.456.8435

Albany. Amsterdam. Atlanta. Austin. Berlin¬. Boston. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London.* Long Island. Los Angeles. Mexico City⁺. Miami. Milan». Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Francisco. Seoul∞. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv^. Tokyo*. Warsaw¬. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ¬Greenberg Traurig Germany, LLP; *A separate UK registered legal entity; ⁺Greenberg Traurig, S.C.; »Greenberg Traurig Santa Maria; ∞Greenberg Traurig LLP Foreign Legal Consultant Office; ^A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ˜Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k.

www.gtlaw.com

April 5, 2023
Page 2

appeal are decided. Plaintiffs may submit their proposed class notice plan and form of notice to the Court on or before May 10, 2023, with Defendants to submit their responses and objections by June 7, 2023, and Plaintiffs to reply by June 28, 2023.

4. **Wholesaler Discovery**: In response to Plaintiffs' representations during the call earlier in the week, Wholesaler Defendants: (1) request confirmation that Plaintiffs currently seek only discovery of information responsive to their previously proposed Requests for Production 2 and 4; (2) note that Wholesaler Defendants, like the rest of the defendants, find it difficult to determine the proper scope of responsive information untethered to a specific trial involving particular parties and jurisdictions, particularly in light of the fact that this work requires involvement of experts; (3) are happy to discuss further if plaintiffs have suggestions or thoughts regarding that scope; and (4) note that, while Wholesaler Defendants are not part of the currently planned trial, at the time of determination of a particular trial (either individual or class) involving Wholesaler Defendants and specific parties and jurisdictions, Wholesaler Defendants intend to seek discovery from Plaintiffs in both the consumer and TPP actions, including, but not limited to, fact discovery of information "behind" the claims data including medical records and other records of therapeutic value of the drugs to insureds, all value of the drugs to relevant TPP Plaintiffs including in contract fulfillment and contract and plan renewals, the profits to the relevant TPP Plaintiffs from fulfillment of all claims in issue, 30(b)(6) and other depositions of relevant TPP and Consumer Plaintiffs and all relevant merits and damages-based expert discovery.

5. **Pharmacy Discovery**: The Pharmacy Defendants request clarification regarding: (1) exactly what fact discovery Plaintiffs now seek of Pharmacy Defendants; (2) what authority Plaintiffs have to take additional fact discovery of the Pharmacy Defendants; and (3) Plaintiffs' proposal for expert-related discovery, and particularly to what trial that expert discovery would relate. Following receipt of this information, the Pharmacy Defendants request a targeted meet and confer with Plaintiffs regarding this information.

6. **Losartan and Irbesartan Fact Discovery**: Plaintiffs have indicated they would like limited fact discovery to proceed with respect to losartan and irbesartan. Defendants request that Plaintiffs identify their proposed categories of limited fact discovery and their proposed schedule for losartan and irbesartan discovery, and Defendants will promptly respond.

7. **Damages Expert Reports and Depositions**: We reached an impasse on this issue. Plaintiffs' view, as we understand it, is that Defendants should provide a "mirror" damages expert report responding to Dr. Conti's classwide damages expert report, including all of Dr. Conti's subclass damages opinions to the extent incorporated into Dr. Conti's class certification expert report. Defendants' position is that Plaintiff's damages report and Defendants' response should be specific to the first case to be tried, as was originally contemplated for the TPP Trial prior to the issuance of the class certification ruling. Accordingly, Defendants propose that the Court designate which subclass or subclasses will proceed to trial in the first classwide trial, and Plaintiffs and Defendants then meet and confer on a schedule for the disclosure of Plaintiffs' and Defendants' damages reports for that trial.

April 5, 2023
Page 3

Thank you for your attention to these points. We look forward to your prompt response.

Very truly yours,


/s/ Gregory E. Ostfeld