# EXHIBIT B



*Via Email*                                                          **April 10, 2023**

Lori G. Cohen, Esq.                               Clem Trischler, Esq.
Gregory E. Ostfeld, Esq.                          Pietragallo, Gordon, Alfano
Greenberg Traurig LLP                             Bosick & Raspanti, LLP
Terminus 200 Building                             One Oxford Centre, 38th Floor
3333 Piedmont Road NE, 25th Floor                 Pittsburgh, PA 15219
Atlanta, GA 30305

                                                  Sarah Johnston
Jessica Davidson                                  Barnes & Thornburg LLP
Skadden, Arps, Slate,                             2029 Century Park East, Suite 300
Meagher & Flom LLP                                Los Angeles, CA 90067
1440 New York Ave., N.W.
Washington, D.C. 20005
                                                  Jeffrey D. Geoppinger
                                                  Ulmer & Berne LLP
Allison M. Brown                                  312 Walnut St., Suite 1400
Skadden, Arps, Slate,                             Cincinnati, OH 45202
Meagher & Flom LLP
One Manhattan West
New York, NY 10001-8602


   Re: *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, 19-md-2875 (D.N.J.)

Dear DEC Counsel:

   We respond herein to your April 5, 2023 letter concerning our meet-and-confer call of April 3, 2023. While the items in your letter accurately catalogue our discussion (and we include our responses to each item below), your letter omits Defendants' stated position that they cannot make any proposal on how any trial whatsoever could proceed absent Court guidance. Judge Kugler specifically stated his intention to talk through, with the parties, "the exact case we're going to try and the parameters of the exact case we're going to try as a class case" during the March CMC. 3/29/23 Tr. at 25:6-9; 17:8-12; 26:1-4. Please let us know if you have changed your position.

   Plaintiffs' position is based on the Court's prior guidance, taking into account the broad discretion, particularly of MDL courts, when it comes to trial management. While Plaintiffs believe that it would be fully appropriate and manageable to try broader sets of claims in accordance with the state law groupings presented at class certification (to be modified per the Court's class certification order), out of deference to the Court's prior guidance, Plaintiffs propose that the first trial be brought on behalf of the same parties that Plaintiffs and Defendants were working up for trial when class certification was granted. That is, the named parties would remain MSP vis-à-vis its two assignors EmblemHealth and SummaCare, and the Defendants would be ZHP, Teva, and Torrent. The trial would include the following certified TPP

subclasses or such fewer subclasses or claims as the Court may direct, each of which include MSP vis-à-vis its assignors EmblemHealth and SummaCare:

- TPP Breach of Express Warranty Subclass Group b[1]
- TPP Breach of Implied Warranty Subclass Group d[2]
- TPP Fraud Subclass Group c[3]
- TPP State Consumer Protection Laws Subclass Group a[4]

We believe proceeding in this fashion will permit the parties and the Court to focus their efforts efficiently and largely on the same terms that the parties had been preparing for trial earlier.

We respond to each of the items enumerated in your letter below.

1. **Rule 702 Briefing.** We agree with your recitation of this item.

2. **Class Representative Discovery.** We agree MSP will continue its rolling production and complete it on or before May 3, 2023. We are not sure what, if any, discovery is necessary or appropriate from MADA, but Plaintiffs are willing to reserve their objections until Defendants' submission of supplemental document requests by May 10, 2023.

---

[1] A breach of express warranty subclass of all TPPs that, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in Alabama, Arkansas, Florida, Georgia, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New York, North Carolina, Ohio, Oregon, Rhode Island, South Carolina, Texas, Utah, Vermont, Wisconsin, or Wyoming for a valsartan-containing drug (intended for personal or household use) that was manufactured by [ZHP, Teva, or Torrent].

[2] A breach of implied warranty subclass of all TPPs that, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in Alabama, Ohio, Oregon, New York, Tennessee, Utah, or Vermont for a valsartan-containing drug (intended for personal or household use) that was manufactured by [ZHP, Teva, or Torrent].

[3] A fraud class of all TPPs, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in Alaska, Arkansas, Colorado, District of Columbia, Florida, Idaho, Iowa, Louisiana, Massachusetts, Minnesota, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, Rhode Island, South Dakota, Vermont, Virginia, Washington, Wyoming, or Puerto Rico for a valsartan-containing drug (intended for personal or household use) that was manufactured by [ZHP, Teva, or Torrent].

[4] A violation of state consumer protection laws subclass of all TPPs that, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in Alaska, Arizona, California, Connecticut, Florida, Hawaii, Illinois, Louisiana, Missouri, Nebraska, New Hampshire, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, or Washington that was manufactured by [ZHP, Teva, or Torrent].

3. **Class Notice Program.**  We agree with your recitation of this item with the goal of Plaintiffs' submitting their proposed class notice plan and form of notice to the Court by May 10, 2023.

4. **Wholesaler Discovery.**  As discussed, Plaintiffs seek the "price and profit" discovery Magistrate Judge Schneider earlier denied without prejudice (*see* 7/7/2020 Order, ECF 507), specifically, the gross and net prices paid by Wholesalers, and in turn the gross and net prices paid by Wholesalers' customers, for VCDs.  *See id.*  Also, because initial discovery from Wholesalers was extremely focused on only certain "sufficient to show" non-custodial documents, Plaintiffs also intend to seek custodial discovery from Wholesalers, using the same or largely the same search terms negotiated with Manufacturer Defendants and approved by Magistrate Judge Schneider.

   Plaintiffs disagree that forthcoming productions should be limited to the first trial scope.  These productions should be all encompassing for use in all future trials.  Plaintiffs will likely require Rule 30(b)(6) depositions with regard to the supplemental data productions.  Plaintiffs also believe the parties should confer about custodial discovery (documents and individual depositions) of Wholesalers, including search terms and custodians, with the parties to set forth their positions on same in joint or simultaneous submissions by May 10, 2023.  Plaintiffs disagree that Wholesalers are entitled to any additional fact discovery of Plaintiffs.  Wholesalers fully participated in fact discovery of Plaintiffs, such as propounding written discovery and attending depositions.  General fact discovery closed over a year ago.

5. **Retailer Discovery.**  As discussed, Plaintiffs seek the "profit" data that Magistrate Judge Schneider earlier denied without prejudice (*see* 7/7/2020 Order, ECF 507), specifically, the prices paid by TPPs, as well as the gross and net prices paid by Retailers for VCDs.  *See id.*  Also, because initial discovery from Retailers was extremely focused on only certain "sufficient to show" non-custodial documents, Plaintiffs also intend to seek custodial discovery from Retailers, using the same or largely the same search terms negotiated with Manufacturer Defendants and approved by Magistrate Judge Schneider.  Finally, Plaintiffs seek sufficient information to identify individual class members (e.g., names, addresses, etc.) for purposes of effectuating class notice.

   Plaintiffs disagree that forthcoming productions should be limited to the first trial scope.  These productions should be all encompassing for use in all future trials.  Plaintiffs will likely require Rule 30(b)(6) depositions with regard to the supplemental data productions.  Plaintiffs also believe the parties should confer about custodial discovery (documents and individual depositions) of Retailers, including search terms and custodians, with the parties to set forth their positions on same in joint or simultaneous submissions by May 10, 2023.  Plaintiffs disagree that Retailers are entitled to any additional fact discovery of Plaintiffs.

   In your letter, Retailers asked about expert-related discovery.  Aside from damages, liability/merits expert discovery may be appropriate as to Plaintiffs' claims against Retailers (and Wholesalers).

Page 4 of 4

Plaintiffs believe the schedule for same can be addressed with the Court at the appropriate juncture prior to trial.

6. **<u>Losartan and Irbesartan Discovery.</u>** Plaintiffs will provide separately their initial discovery requests relating to losartan and irbesartan, as well as their proposed schedule.

7. **<u>Damages Expert Reports and Depositions.</u>** As discussed, Plaintiffs' existing liability damages report already provides specific break-downs for MSP's two assignors, EmblemHealth and SummaCare, and the certified subclasses as a whole. Therefore, we disagree there needs to be yet another round of damages expert reports. Defendants should promptly depose Dr. Conti on her current report (which Defendants have had for months); submit their own damages expert report that responds to Dr. Conti's current report; Defendants' expert can be deposed; and the parties can file *Daubert* briefing if necessary.

Let us know if you have any questions.

Respectfully,

Ruben Honik
**Honik LLC**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel: 267-435-1300
ruben@honiklaw.com

cc:     Valsartan PEC Counsel (via email)