IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____ :
 :
*In Re*: Valsartan, Losartan, and Irbesartan Products : MDL No. 2875 (RBK-SAK)
Liability Litigation :
 :
 : **Case Management Order 32**
*This Document Relates To All Actions*. :
_____ :

**KUGLER, United States District Judge:**

    **THE COURT HAVING FULLY CONSIDERED** the factual and legal arguments in the parties' letters dated 12 April 2023 (plaintiffs' letter, Doc. No. 2338 and defendants' letter, Doc. No. 2339), each relating to proposed next steps in the Valsartan segment of this Multi-District Litigation ["MDL"], and specifically, how or whether to move forward with a bellwether trial of a Third Party Payor ["TPP"] class representative and other pending procedural and discovery items, and

    **THE COURT TAKING UP** each of the eight items presented in these letters,

    **IT IS HEREBY ORDERED:**

1.0    A <u>first trial</u>, the scheduling for which shall take place at a later date to be determined and shall be held between the TPP plaintiff MSP as a TPP class representative, via its two assignors EmblemHealth and SummaCare, and defendants Zhejiang Huahai Pharmaceuticals, Ltd., Teva Pharmaceuticals, and Torrent Pharmaceuticals ["relevant defendants"] for the subclasses listed below and for any other subclass as the Court may decide:

    <u>TPP Breach of Express Warranty Subclass Group b</u>, comprising a breach of express warranty subclass of all TPPs that, from at least 1 January 2012 through the date of final recall as of 10 November 2021, paid any amount of money in Alabama, Arkansas, Florida, Georgia, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New York, North Carolina, Ohio, Oregon, Rhode Island, South Carolina, Texas, Utah, Vermont, Wisconsin, or Wyoming for a valsartan-containing drug ["VCD"]s (intended for personal or household use) that was manufactured by a relevant defendant;

    <u>TPP Breach of Implied Warranty Subclass Group d</u>, comprising a breach of implied warranty subclass of all TPPs that, from at least 1 January 2012 through the date of final recall as of 10 November 2021, paid any amount of money in Alabama, Ohio, Oregon, New York, Tennessee, Utah, or Vermont for a valsartan-containing drug (intended for personal or household use) that was manufactured by a relevant defendant;

    <u>TPP Fraud Subclass Group c</u>, comprising a fraud subclass of all TPP that, from at least 1 January

2012 through the date of final recall as of 10 November 2021, paid any amount of money in Alaska, Arkansas, Colorado, District of Columbia, Florida, Idaho, Iowa, Louisiana, Massachusetts, Minnesota, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, Rhode Island, South Dakota, Vermont, Virginia, Washington, Wyoming, or Puerto Rico for a valsartan-containing drug (intended for personal or household use) that was manufactured by a relevant defendants; and

TPP State Consumer Protection Laws Subclass Group a, comprising a violation of state consumer protection laws subclass of all TPPs that, from at least 1 January 2012 through the date of final recall as of 10 November 2021, paid any amount of money in Alaska, Arizona, California, Connecticut, Florida, Hawaii, Illinois, Louisiana, Missouri, Nebraska, New Hampshire, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, or Washington for a valsartan-containing drug (intended for personal or household use) that was manufactured by a relevant defendant;

**AND IT IS FURTHER ORDERED:**

2.0   Regarding a class notice program, the Court confirms the parties' agreement that

By 10 May 2023, plaintiffs shall submit a proposed class notice plan and a form of notice;

By 24 May 2023, defendants shall submit their responses to the proposed program; and

By 7 June 2023, plaintiffs may submit their replies;

**AND IT IS FURTHER ORDERED**:

3.0   Regarding discovery of class representatives, the Court confirms the parties' agreement that

By 03 May 2023, MSP's rolling production is to be completed; and

By 10 May 2023,  defendants shall propound any additional discovery requests to the TPP class representative MADA;

**AND IT IS FURTHER ORDERED**:

4.0   Regarding *FRE 702* briefing of the reports from liability experts, the Court confirms the parties' agreement that

CMO 31 (Doc. No. 2315) governs this scheduling, and

by 25 April 2023, reply briefs in support of *FRE 702* motions to preclude the reports of liability experts are due; and

This Court's resolution of the *FRE 702* motions to preclude the reports of liability experts shall be held in abeyance until the Third Circuit finalizes its ruling on this Court's class certification opinion;

**AND IT IS FURTHER ORDERED:**

5.0   Regarding <u>discovery pertaining to losartan and irbesartan</u>, plaintiffs' request **IS GRANTED**, and specifically

    5.1   By <u>17 May 2023</u>, plaintiffs shall propound initial discovery requests for losartan and irbesartan, that will be focused on discovery that supports plaintiffs' filing for class certification on the economic loss plaintiffs allege occurred to these drugs;

    5.2   By <u>10 July 2023</u>, defendants shall respond to these discovery requests with both their objections to these requests as well as a detailed proposal of their ability to meet the non-objected-to requests within as short a timetable as feasible;

**AND IT IS FURTHER ORDERED:**

6.0   Regarding <u>additional discovery from retailers</u>, plaintiffs' request for such discovery **IS GRANTED IN PART AND DENIED IN PART**, and specifically

    6.1   Plaintiffs' request for discovery of the information listed in 6.1.1 to 6.1.3 below **IS GRANTED**, and specifically

    <u>By 30 May 2023</u>, retailers shall provide to plaintiffs the following information relating to class certification claims:

        6.1.1   amounts TPPs paid for VCDs,

        6.1.2   retailers' costs and profits for VCDs,

        6.1.3   previously-redacted retailer identifiers of ConEcoLoss members;

    6.2   Plaintiffs' request for further targeted discovery and depositions of retailer custodians and *FRCP 30(b)(6)* deponents **IS GRANTED**, the scheduling for which shall be set at the Case Management Conference to be held <u>31 May 2023</u>;

    6.3   Plaintiffs' request for <u>limited expert</u> discovery focused solely on retailers **IS DENIED WITHOUT PREJUDICE;**

**AND IT IS FURTHER ORDERED:**

7.0   Regarding <u>additional discovery</u> from defendant wholesalers, plaintiffs' request for such discovery **IS GRANTED AND DENIED IN PART,** and specifically

    7.1   Plaintiffs' request for discovery of the information listed in 71.1 to 7.1.3 below **IS GRANTED**;

    By <u>30 May 2023</u>, wholesalers shall provide to plaintiffs the following information that relates to the certified class claims:

       7.1.1    wholesalers' costs and profits data for VCDs,

       7.1.2    the prices wholesalers paid for VCDs, and

       7.1.3    the prices wholesalers sold VCDs downstream; and

   7.2    Plaintiffs' request for further targeted discovery and depositions of wholesaler custodians and *FRCP 30(b)(6)* deponents IS GRANTED, the scheduling for which shall be set at the Case Management Conference to be held 31 May 2023;

   7.3    Plaintiffs' request for limited expert discovery focused solely on wholesalers **IS DENIED WITHOUT PREJUDICE**;


**AND IT IS FURTHER ORDERED:**

8.0    Regarding the reports of the damages experts and their depositions,

   8.1    By 30 May 2023, defendants shall submit their response to the report of plaintiffs' damages expert Dr. Rena Conti, but

   defendants shall not file any report by a damages expert that does not respond specifically to Dr. Conti's damages report [that is, no so-called independent damages report shall be filed] nor

   shall plaintiffs file any reply to defendants' report(s) responding to Dr. Conti's damages report; and

   8.2    By 31 May 2023, the parties may submit a schedule for deposing the damages experts.
.

Dated: 21 April 2023                                        s/ Robert B. Kugler
                                                                                 Honorable Robert B. Kugler
                                                                                 United States District Judge