# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge |
| **This Document Relates to All Actions** | Oral Argument Requested |

## REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO EXCLUDE OPINIONS OF LAURA R. CRAFT

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT ......................................................................................................3

I.  Plaintiffs Fail to Demonstrate That Ms. Craft's Opinions ▮▮▮ Will Assist The Trier Of Fact. ...................................3

II. Ms. Craft's Opinions On ▮▮▮ Are Unreliable. ......................................5

    A.  Ms. Craft's Opinions On ▮▮▮ Should Be Excluded. ..............7

        1.  Ms. Craft Is Not Qualified To Opine On ▮▮▮ ..............7

        2.  Plaintiffs Fail To Identify Any Discernable Methodology Underpinning Ms. Craft's Opinion On ▮▮▮ ..............8

    B.  Ms. Craft's Opinion On ▮▮▮ Should Be Excluded. ...............9

CONCLUSION ..................................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
  350 F.3d 316 (3d Cir. 2003) ...............................................................................6, 9

*Chen-Oster v. Goldman, Sachs & Co.*,
  114 F. Supp. 3d 110 (S.D.N.Y. 2015) ......................................................................5

*Ctr. City Periodontists, P.C. v. Dentsply Int'l, Inc.*,
  321 F.R.D. 193 (E.D. Pa. 2017).............................................................................5

*In re Hum. Tissue Prod. Liab. Litig.*,
  582 F. Supp. 2d 644 (D.N.J. 2008)........................................................................3

*Oklahoma v. Tyson Foods, Inc.*,
  2009 WL 2252129 (N.D. Okla. July 24, 2009) ...................................................10

*Rheinfrank v. Abbot Labs., Inc.*,
  680 Fed. App'x 369 (6th Cir. 2017) ....................................................................12

*Ruggiero v. Yamaha Motor Corp., U.S.A.*,
  2017 WL 1197755 (D.N.J. Mar. 31, 2017), *aff'd*, 778 F. App'x 88
  (3d Cir. 2019)........................................................................................................9

*Schneider v. Fried*,
  320 F.3d 396 (3d Cir. 2003) .................................................................................6

*UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*,
  949 F.3d 825 (3d Cir. 2020) ...........................................................................6, 10

*Winn-Dixie Stores, Inc. v. Eastern Mushroom Marketing Cooperative*,
  2021 WL 2352016 (E.D. Pa. June 9, 2021).........................................................8

*Wolf v. Hewlett Packard Co.*,
  2016 WL 7743692 (C.D. Ca. Sept. 1, 2016) .......................................................8

**Rules**

Federal Rule of Civil Procedure 23(b)........................................................................5

Federal Rules of Evidence 702 ...............................................................................11

Defendants submit this Reply in Support of Defendants' Joint Motion to Exclude Opinions of Laura R. Craft.[1]

## INTRODUCTION

Plaintiffs' attempts to salvage Ms. Craft's opinions rely on conclusory and vague statements of fact and unsupported propositions of law.  ***First***, Plaintiffs do not dispute that Ms. Craft's opinions are irrelevant to any issue related to Defendants' liability and that Ms. Craft's opinions form no part of MSP's damages theory or calculation. Yet, Plaintiffs argue that Ms. Craft's opinions are relevant to the "existence, nature, and veracity of the data available to calculate damages" and, as a result, form the foundation of Plaintiffs' damages expert's opinions.[2]  Recognizing this flaw, Plaintiffs also argue that Ms. Craft's opinions are necessary to help the trier of fact understand the systems and data that exist for pharmaceutical transactions. But expert opinions on industry practices still must be relevant to an issue in dispute. Because Ms. Craft's opinions relate neither

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Memorandum of Law in Support of Defendants' Joint Motion to Exclude Opinions of Laura R. Craft, Dkt. No. 2287-1 (the "Motion").

[2] Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Exclude Opinions of Laura Craft, Dkt. No. 2330 (the "Opp."), at 10-11.

1

to liability nor to damages, her opinions on ███████████████████ ███████████████████ are not relevant to an issue in dispute.

**Second**, Plaintiffs argue that Defendants' challenges to Ms. Craft's opinions on ███████████████████████████████████████████████ ██████ are not proper *Daubert* challenges. Plaintiffs' argument is predicated on the mistaken assumption that an expert's rebuttal opinion is not subject to the Third Circuit's qualification, reliability, and fit requirements. Plaintiffs were required—but failed—to demonstrate that Ms. Craft's rebuttal opinions satisfied these requirements. Plaintiffs do not point to any record evidence demonstrating that Ms. Craft has the specialized knowledge necessary to offer her consumer-behavior related opinion ███████████████████████████████████████ ████ Nor could they: Ms. Craft herself conceded that she is not an expert in consumer behavior. Ms. Craft also effectively admitted that she does not have "good grounds" for ███████████████ as she has not done any survey or analysis to determine whether ███████████████████████████████████ ████

Plaintiffs also fail to demonstrate that Ms. Craft has the specialized knowledge necessary to opine ███████████████████████████████████, including their ███████████████████████████████████████████. Plaintiffs point only to Ms. Craft's general familiarity with ███████████, which is

2

insufficient to qualify Ms. Craft to offer opinions ███████████████████
███████████████████ Ms. Craft cannot offer these opinions because she has never worked for a ███████████████████
███████████████████

Accordingly, Defendants respectfully submit that the Court should exclude Ms. Craft's opinions in their entirety.

## ARGUMENT

I. **PLAINTIFFS FAIL TO DEMONSTRATE THAT MS. CRAFT'S OPINIONS ███████████████████ WILL ASSIST THE TRIER OF FACT.**

Ms. Craft's opinions on ███████████████████
███████████████████
███ because Plaintiffs fail to demonstrate that these opinions will be helpful to the trier of fact in understanding the relevant issues in this case. It is beyond dispute that "expert evidence [that] does not relate to an issue in the case is not helpful" and therefore inadmissible. *In re Hum. Tissue Prod. Liab. Litig.*, 582 F. Supp. 2d 644, 657 (D.N.J. 2008).

Tellingly, it is undisputed that Ms. Craft's "███████████████████
███████████████████" and that Ms. Craft's opinions form no part of Plaintiffs' ███
███████████████████

See Opp. at 9-11. Despite this, Plaintiffs argue that Ms. Craft's opinions "fit" this

3

case because they are relevant to "the existence, nature, and veracity of the data available to calculate damages." Opp. at 10-11. In so arguing, Plaintiffs imply that Ms. Craft's opinions somehow form the foundation for Dr. Conti's damages opinions. *See id.* But Ms. Craft's opinions cannot form the foundation of Dr. Conti's report; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Dkt. No. 2287-5. This fact, combined with Ms. Craft's admission that she is not expressing "*any* opinions about damages," *see* Dkt. No. 2287-4 ("Craft Dep.") at 99:18-21 (emphasis added), confirms that Ms. Craft's opinions have no bearing on damages issues.

Plaintiffs also couch Ms. Craft's opinions ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ opinions that are necessary to "assist the average juror in understanding the systems and data that exist for pharmaceutical transactions"; what those data show, and how those data "can be used . . . to calculate . . . damages." Opp. at 10. Such testimony is necessary, Plaintiffs argue, because "Defendants have repeatedly contended in this litigation that the flow ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Opp. at 9-10 & n.1. Plaintiffs ignore that many of these statements were made in the context of class certification, where the ascertainability of the class and common

4

proof related to class-wide injury and damages were central issues.[3] The requirements of Federal Rule of Civil Procedure 23(b) will not be at issue in a trial of MSP's clams.

Accordingly, Ms. Craft's opinions ▇▇▇▇▇▇▇▇▇▇▇▇ are irrelevant and unhelpful to trier of fact and should be excluded. *See Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 128 (S.D.N.Y. 2015) (excluding an irrelevant industry practice opinion); *Ctr. City Periodontists, P.C. v. Dentsply Int'l, Inc.*, 321 F.R.D. 193, 203 (E.D. Pa. 2017) (excluding expert's testimony where it did "not reach the relevant factual issues" and could not "assist the trier of fact in any other way").

## II.  MS. CRAFT'S OPINIONS ▇▇▇▇▇▇▇▇ ARE UNRELIABLE.

Plaintiffs incorrectly argue that because Ms. Craft's opinions ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ are

---

[3] *See, e.g.*, Dkt No. 2010 at 2 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; Dkt. No. 2009-18 at ¶ 29 ▇▇▇▇▇▇▇ Dkt. No. 2009-18 at ¶ 33 (▇▇▇▇); Dkt. No. 2009-18 at ¶¶ 37, 40.f, 140 (▇▇▇).

5

rebuttal opinions, Defendants cannot challenge them as unreliable.[4] Opp. at 12. Plaintiffs mistakenly assert that an expert's rebuttal opinions, unlike affirmative opinions, are not subject to the Third Circuit's "trilogy of restrictions on expert testimony: qualification, reliability and fit." *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003) (quoting *Schneider v. Fried*, 320 F.3d 396, 405 (3d Cir. 2003)). But the Third Circuit has unambiguously stated that "a trial judge acts as a gatekeeper to ensure that *any and all* expert testimony or evidence" satisfies the trilogy of restrictions. *See UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020) (emphasis added) (citations omitted).[5] Plaintiffs point to no authority suggesting that an expert may offer rebuttal opinions outside their area of expertise or not based on "good grounds" simply because they are refuting another expert's opinion.

As discussed below, Plaintiffs have not established that Ms. Craft is qualified to offer opinions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[4] If Plaintiffs were right, all of Plaintiffs' *Daubert* challenges to Defendants' experts would be improper, as *all* of those experts are rebuttal experts.

[5] Plaintiffs also argue that Ms. Craft's opinions ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ are proper because "[a]n expert is allowed to contradict or rebut another party's expert." Opp. at 16. Defendants do not dispute that an expert may contradict or rebut another party's expert. But an expert must still be qualified to offer rebuttal opinions, and those opinions must still be reliable.

### A. Ms. Craft's Opinions ▮▮▮▮▮▮▮▮▮▮ Should Be Excluded.

#### 1. Ms. Craft Is Not Qualified To Opine ▮▮▮▮▮▮▮▮▮▮.

Plaintiffs' halfhearted defense of Ms. Craft's qualification to offer an opinion ▮▮▮▮▮▮▮▮▮▮ boils down to the simple assertion that Ms. Craft ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ *See* Opp. at 17-18. In so arguing, Plaintiffs fail to explain how Ms. Craft's alleged expertise ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ qualifies her to opine on issues of consumer behavior. And although Plaintiffs cite to Ms. Craft's expert report, *see* Opp. at 18 (citing Dkt. No. 2287-3 ("Craft Rep.") ¶¶ 4-7; *id.*, Ex. A), ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ *See* Craft Rep. ¶¶ 4-7. Plaintiffs' bare citation to Ms. Craft's CV is similarly unhelpful. As Defendants pointed out in their opening brief, ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ Mot. at 11-12. Plaintiffs' inability to support Ms. Craft's inappropriate opinion is unsurprising, as Ms. Craft herself admits she is not an expert in "consumer behavior" and that she has not performed any survey or other analysis

7

to determine whether consumers would continue taking ▮▮▮▮▮ ▮▮▮▮▮ Craft Dep. at 69:14-70:9.

Put simply, Plaintiffs have not carried their burden of demonstrating that Ms. Craft has the specialized expertise necessary to opine ▮▮▮▮▮ ▮▮▮▮▮ Ms. Craft's opinion should be excluded for this reason alone. *See, e.g.*, *Wolf v. Hewlett Packard Co.*, 2016 WL 7743692, at *6 (C.D. Ca. Sept. 1, 2016) (finding an expert not qualified to opine on the prediction of consumer behavior where, *inter alia*, the expert had "no background in consumer psychology," "no educational or professional background in survey design or sampling," and no "peer-reviewed articles on discrete choice modeling, conjoint experiments or analysis, or survey design/sampling").

    2. Plaintiffs Fail To Identify Any Discernable Methodology Underpinning Ms. Craft's Opinion ▮▮▮▮▮

Ms. Craft's opinion ▮▮▮▮▮ should also be excluded for the separate reason that it is unreliable, as it is based solely on Ms. Craft's subjective belief or unsupported speculation. Like any other expert witness, a rebuttal expert must have "'good grounds' for the proposed testimony," *Winn-Dixie Stores, Inc. v. Eastern Mushroom Marketing Cooperative*, 2021 WL 2352016, at *14 (E.D. Pa. June 9, 2021), and the opinion cannot be based upon "subjective belief or unsupported speculation," *Calhoun*, 350 F.3d at 321.

8

Plaintiffs provide no explanation of the methods employed or data considered by Ms. Craft in reaching this opinion beyond that it was "base[d]…on her extensive training and experience." *See* Opp. at 18. But, as discussed above, Ms. Craft has no relevant training or experience that would qualify her to opine on these issues or render her opinions reliable. *See supra* § II(A)(1). Moreover, Ms. Craft concedes that she did not conduct any "survey or other analysis to ascertain consumers[']" thoughts or views ███████████████████████████████████████

███████████████████████████████████████

███████████ *See* Mot. at 13. Because Ms. Craft did not employ a discernable methodology in developing her opinion, it must be based on either her subjective belief or speculation. For this reason, too, her opinion is not based on "good grounds" and should be excluded from trial. *See, e.g.*, *Ruggiero v. Yamaha Motor Corp., U.S.A.*, 2017 WL 1197755, at *6, 7 (D.N.J. Mar. 31, 2017) (expert opinion was unreliable where the expert, "in developing it, . . . failed to perform any tests . . . leaving his conclusion to be, at best, an educated guess"), *aff'd*, 778 F. App'x 88 (3d Cir. 2019).

**B. Ms. Craft's Opinion ███████████████████ Should Be Excluded.**

Plaintiffs argue that Ms. Craft's opinion ███████████████████ ███████████ is proper because: (1) Defendants opened the door "to this area at Ms. Craft's deposition"; and (2) Ms. Craft "is intimately familiar with ███████

9

██████████████████████████████████████████████████ Opp.

at 17, 18. Both arguments should be rejected.

***First***, Plaintiffs do not identify any authority supporting the proposition that expert opinions offered in response to questions at deposition are exempt from the Third Circuit's requirements (*i.e.*, qualification, reliability, and fit) and are instead admissible simply because the questioner "open[ed] the door." *See* Opp. at 17.[6] To the contrary, the Third Circuit has emphasized that "*any and all* expert testimony" must satisfy the requirements of qualification, reliability, and fit. *See UGI Sunbury LLC*, 949 F.3d at 832 (emphasis added). Thus, regardless of whether Defendants "open[ed] the door," Opp. at 17, Plaintiffs are still required to demonstrate Ms. Craft is qualified to offer opinions ████████████████████████████████████

***Second***, although Plaintiffs argue that Ms. Craft is "intimately familiar with

████████████████████████████████████████████████████

---

[6] Plaintiffs' reliance on *Oklahoma v. Tyson Foods, Inc.*, 2009 WL 2252129, at *5 (N.D. Okla. July 24, 2009) is misplaced. Contrary to Plaintiffs' suggestion, *Tyson Foods* did not hold that "*Daubert* is not meant to preclude rebuttal opinions, especially those elicited by a party's own cross-examination," Opp. at 17. *Tyson Foods* considered the irrelevant question of whether to strike previously undisclosed expert declarations submitted with *Daubert* and summary judgment motions. *See Tyson Foods, Inc.*, 2009 WL 2252129 at *1, 2. The court did not consider the ultimate admissibility of any opinion, and only considered whether certain rebuttal testimony could be considered "in connection with the pending *Daubert* motions." *Id.* at *5.

███████" Opp. at 18 (citing Craft Dep. 83:4-105:10, 145:18-146:13), Plaintiffs do not point to any specialized expertise that qualifies Ms. Craft to offer her specific opinions related to 

The portions of Ms. Craft's deposition transcript that Plaintiffs rely on actually demonstrate Ms. Craft's lack of expertise. Plaintiffs first point to the very opinions ███████████████████████ Defendants contend fall outside of Ms. Craft's area of expertise, *see id.* (citing Craft Dep. 83:4-105:10), apparently suggesting that because Ms. Craft offered the challenged testimony, she must be qualified. This circular argument should be rejected; obviously, the fact that Ms. Craft offered the opinions says nothing about her qualifications to offer them. Indeed, this nonsensical argument would render rule 702 meaningless.

Plaintiffs next cite to Ms. Craft's testimony that "[t]he last time" Ms. Craft reviewed a ████████████████████████████████████████████ ████████████████████████ Opp. at 18 (citing Craft Dep. 145:18-146:13). But general familiarity ████████████████████████████ ████████████████████████████████ does not demonstrate that Ms. Craft has the specific and specialized knowledge required to opine that, for example, ████ ████████████████████████████████████████████████

11

  As Defendants explained in their Motion, such opinions require a foundation of specialized knowledge related to how ▮▮▮▮▮▮▮▮ *See* Mot. at 14.[7] Because Plaintiffs have not established that Ms. Craft has the requisite specialized knowledge, her opinion on this issue must be excluded. *See, e.g., Rheinfrank v. Abbot Labs., Inc.*, 680 F. App'x 369, 380 (6th Cir. 2017) (affirming exclusion of expert testimony "on regulatory areas in which" the expert "had neither specialized training nor professional experience").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude the opinions of Plaintiffs' expert Laura Craft.

---

[7]  *See* Mot. at 14 ▮▮▮▮▮▮; *see also id.* at 14-15 ▮▮▮▮▮▮).

Dated: April 25, 2023

Respectfully submitted,

*/s/ Alexia R. Brancato*

KIRKLAND & ELLIS LLP
Jay P. Lefkowitz
Devora W. Allon
Alexia R. Brancato
Brittney Nagle
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-5967
Fax: (212) 446-6460
lefkowitz@kirkland.com
devora.allon@kirkland.com
alexia.brancato@kirkland.com
brittney.nagle@kirkland.com

*Attorneys for Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc.*

GREENBERG TRAURIG, LLP
Lori G. Cohen
Victoria Davis Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Road, N.E., Ste. 2500
Atlanta, Georgia 30305
Tel: (678) 553-2100
Fax: (678) 553-2386
CohenL@gtlaw.com
LockardV@gtlaw.com
HarkinsS@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis Pharma, Inc., and Actavis LLC*

13

                    SKADDEN, ARPS, SLATE,
                    MEAGHER & FLOM LLP
                    Jessica Davidson, Liaison Counsel for
                    Manufacturer Defendants
                    Allison M. Brown
                    One Manhattan West
                    New York, NY 10001
                    Telephone: (212) 735-2588
                    Facsimile: (917) 777-2588
                    jessica.davidson@skadden.com
                    allison.brown@skadden.com

                    Nina R. Rose
                    1440 New York Ave., N.W.
                    Washington, D.C. 20005
                    Tel: (202) 371-7000
                    Fax: (202) 661-0525
                    nina.rose@skadden.com

                    *Attorneys for Zhejiang Huahai*
                    *Pharmaceutical Co, Ltd., Huahai*
                    *U.S., Inc., Prinston Pharmaceutical*
                    *Inc., and Solco Healthcare US, LLC*

## CERTIFICATE OF SERVICE

I, Alexia R. Brancato, an attorney, hereby certify that on April 25, 2023, I caused a copy of the foregoing document to be served on all counsel of record via CM/ECF.

*/s/ Alexia R. Brancato*
Alexia R. Brancato
Kirkland & Ellis LLP
