

Brian H. Rubenstein
Tel: (215) 988-7864
Fax: (215) 689-4419
rubensteinb@gtlaw.com

July 15, 2020

**VIA E-MAIL ONLY TO** valpec@kirtlandpackard.com

| | |
|---|---|
| Ruben Honik<br>David Stanoch<br>Golomb & Honik, P.C.<br>1835 Market Street<br>Suite 2900<br>Philadelphia, PA 19103<br>rhonik@golombhonik.com<br>dstanoch@golombhonik.com | Daniel Nigh<br>Levin Papantonio Thomas Mitchell Rafferty<br>& Proctor, P.A.<br>316 S. Baylen<br>Suite 600<br>Pensacola, FL 32502<br>dnigh@levinlaw.com |
| Adam Slater<br>Mazie Slater Katz & Freeman, LLC<br>103 Eisenhower Parkway<br>Suite 207<br>Roseland, NJ 07068<br>aslater@mazieslater.com | Conlee Whiteley<br>Kanner & Whiteley, LLC<br>701 Camp Street<br>New Orleans, LA 70130<br>c.whiteley@kanner-law.com |
| | Behram Parekh<br>Kirtland & Packard LLP<br>1638 South Pacific Coast Hwy<br>Redondo Beach, CA 90277<br>bvp@kirtlandpackard.com |

Re:   *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation.*, U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-RBK-JS

Dear Counsel:

This correspondence confirms Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, Actavis Pharma, Inc., and Arrow Pharm (Malta) Ltd.[1] (collectively, "the Teva Defendants") are today producing their first rolling production of documents required to be produced pursuant to the Court's December 23, 2019 Order (DN 328), as modified by the

---

[1] Undersigned counsel notes that Arrow Pharm (Malta) Ltd. has not been served, and no longer exists as a separate legal entity. This production does not represent Arrow Pharm (Malta) Ltd. or any successor in interest's consent to jurisdiction in this or any underlying matter, and Arrow Pharm (Malta) Ltd. and its successor in interest specifically reserve the right to raise any and all defenses, jurisdictional or otherwise.

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 15, 2020
Page 2

Court's April 20, 2020 Text Order (DN 416) and the Stipulation and Order Regarding ESI Search Terms as to the Teva Defendants (DN 493).

      Moreover, consistent with the Court's directive, the Teva Defendants have used reasonable good faith efforts to comply with Plaintiffs' requested prioritization and to produce responsive documents in the possession of the Teva Defendants' attorneys and/or ESI consultants as of the Court's April 20, 2020 Text Order. As requested in Plaintiffs' May 7, 2020 letter, as clarified and supplemented by Plaintiffs' May 21, 2020 letter, the Teva Defendants production includes the following categories of non-custodial prioritized documents requested of the finished dose manufacturers[2]:

- Quality Supplier Agreements for the sale of Valsartan API (See RFPD Nos. 6, 10, 25, 96, 97, 98);
- Validation Specifications associated with Valsartan API (See RFPD Nos. 10, 19, 20, 21, 22);
- Certificate of Analyses associated with Valsartan API (See RFPD Nos. 10, 19, 20, 21, 22, 26);
- OOS and OOT reports, and any root cause analyses, as a result of Valsartan API testing and/or validation (See RFPD Nos. 10, 19, 20, 21, 22).

      Additionally, with respect to the prioritized ESI productions, the Teva Defendants have made good faith efforts to prioritize and produce documents from the custodial files of Plaintiff's prioritized list of the Court-ordered Teva custodians whose custodial files were in the possession of Teva's attorneys and/or consultants as of the Court's April 20, 2020 Order (DN 416).

      Specifically, this production is composed of the following documents:

| Vol No. | Bates Range | Description | Source |
|---|---|---|---|
| 015 | TEVA-MDL2875-00019958 - TEVA-MDL2875-00020279 | Non-custodial documents including Quality Supplier Agreements for the Sale of Valsartan API; Validation Specifications associated with Valsartan API; Certificate of Analyses associated with Valsartan | Non-custodial files |

---

[2] The Teva Defendants' "Foreign Regulatory Documents" (RFPD Nos. _56, 57) were previously produced as part of the Court-ordered core discovery. The remaining categories listed in Plaintiffs' prioritization letter—"Quality Supplier Agreements for services provided by solvent recovery vendors and outside laboratories used for the manufacture of Valsartan API or testing of Valsartan API" and "API Manufacturing Quality Assurance Documents" are directed at the API manufacturers and are not applicable to the Teva Defendants.

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 15, 2020
Page 3

|  |  |  |  |
|---|---|---|---|
|  |  | API; OOS and OOT reports, and any root cause analyses, as a result of Valsartan API testing and/or validation |  |
| 015 | TEVA-MDL2875-00020280 - TEVA-MDL2875-00024621 | Custodial Email files | Dan Baretto |
| 015 | TEVA-MDL2875-00024622 - TEVA-MDL2875-00035724 | Custodial Email files | David Bonilla |
| 015 | TEVA-MDL2875-00035725 - TEVA-MDL2875-00040052 | Custodial Email files | Joerg Fluch |
| 015 | TEVA-MDL2875-00040053 - TEVA-MDL2875-00040156 | Custodial Email files | Elisabeth Gray |
| 015 | TEVA-MDL2875-00040157 - TEVA-MDL2875-00051260 | Custodial Email files | Claire Lyons |
| 015 | TEVA-MDL2875-00051261 - TEVA-MDL2875-00056296 | Custodial Email files | Jens Nassall |
| 015 | TEVA-MDL2875-00056297 - TEVA-MDL2875-00056337 | Custodial Email files | Kiril Pavlov |
| 015 | TEVA-MDL2875-00056338 - TEVA-MDL2875-00063530 | Custodial Email files | Corey Sawyer |
| 015 | TEVA-MDL2875-00063531 - TEVA-MDL2875-00066288 | Custodial Email files | Constance Truemper |
| 015 | TEVA-MDL2875-00066289 - TEVA-MDL2875-00066609 | Custodial Email files | Christopher Unger |

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 15, 2020
Page 4

      This production is being delivered to Plaintiffs' counsel identified above from Teva's vendor via a File Transfer Protocol ("FTP") link sent separately via email. The password for accessing the FTP documents will follow by separate email.

      The documents are produced subject to the Court's June 26, 2019, Confidentiality and Protective Order (DN 139), and are subject to all of the rights and limitations imposed by the terms of that Order. The documents designated "CONFIDENTIAL" are not to be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for trial of this action, and shall not otherwise be disclosed or made available. To the extent the produced documents are marked as "RESTRICTED CONFIDENTIAL,"[3] such documents accordingly shall further be disclosed only to outside counsel and shall not be disclosed to any Party, a Party's witnesses, or in-house counsel except as permitted by the terms of the Confidentiality and Protective Order.

      In addition, please note the enclosed documents are being produced pursuant to federal discovery rules. Production of the enclosed documents is not, and should not be considered, in any manner whatsoever, a waiver of the Teva Defendant's rights, privileges or defenses, including their rights under federal law to object to the relevance or admissibility of the documents or information contained therein as evidence at any future hearing or trial of this matter. Further, the production of the enclosed documents is not, and should not be considered in any manner whatsoever, a waiver of any privilege available to Teva under federal or applicable state law, and the Teva Defendants hereby expressly reserve and preserve each and every privilege available under applicable law.

      Please feel free to contact me if you have any questions or concerns.

      Respectfully,

      */s/ Brian H. Rubenstein*
      Brian H. Rubenstein, Esq.
      *Attorney for Teva Pharmaceuticals USA,*
      *Inc., Teva Pharmaceutical Industries Ltd.,*
      *Actavis LLC, and Actavis Pharma, Inc.*

cc:    Jessica Priselac, Esq. (*via email, for distribution to Defendants' Counsel*)
       Seth A. Goldberg, Esq. (*via email*)

---

[3] Documents in this production which have been mistakenly labeled "HIGHLY CONFIDENTIAL" were intended to be labeled "RESTRICTED CONFIDENTIAL" and should be treated as "RESTRICTED CONFIDENTIAL" until the documents are reproduced with correct stamping.

Ruben Honik
David Stanoch
Adam M. Slater
Conlee Whiteley
Daniel Nigh
Behram Parekh
July 15, 2020
Page 5

    Clem C. Trischler, Esq. (*via email*)
    Sarah E. Johnston, Esq. (*via email*)
    Lori G. Cohen, Esq. (*via email*)
    Victoria D. Lockard, Esq. (*via email*)
    Steven M. Harkins, Esq. (*via email*)
    Joey Argenal (argenal@csdisco.com) (*via email*)