IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION : : : : : | MDL No. 19-2875(RBK/KW) |

This Order Relates to all Cases

## SPECIAL MASTER ORDER NO. 75

### May 4, 2023

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 13, 2022, more than one month after oral argument was presented on Plaintiffs' second Motion for Sanctions against Defendant Zhejiang Huahai Pharmaceutical Co., Ltd. (ECF Doc. No. 1838), and nearly eight months after briefing on the sanctions motion was completed, Defendants ZHP, Huahai U.S. Inc., Prinston Pharmaceutical Inc., and Solco Healthcare US, LLC (collectively, "ZHP") submitted the "Declaration of Jacques deLisle in Opposition to Plaintiffs' Motion for Rule 37 Sanctions Against ZHP." (ECF Doc. No. 2175-2.) In a letter to the Court accompanying the Declaration (ECF Doc. No. 2175), ZHP asserted that it retained deLisle in response to an observation by the Special Master during the September 8, 2022 oral argument on the sanctions motion that ZHP had not submitted an affidavit or declaration explaining how the Chinese government evaluates travel requests like the one submitted on behalf of Mr.

1

Baohua Chen for his deposition to be taken in this action.[1]  Contending that the Declaration supports its assertion that it acted in good faith in its attempts to secure the deposition of Mr. Chen, ZHP request that the Court consider the Declaration in its resolution of Plaintiffs' motion and find that Rule 37 sanctions would be inappropriate.

In response, Plaintiffs submitted a letter asking that the Court disregard the Declaration.  (ECF Doc No. 2177.)  Plaintiffs maintain that the Declaration is an untimely "ipse dixit conclusory opinion . . . based on speculative assumptions."  In support of their contention that the Declaration is untimely, Plaintiffs cite another court's decision to deny a similar declaration made by Mr. deLisle that was submitted well after the close of briefing.  *See Stross v. NetEase*, No. CV 20-00861, 2020 WL 5802419 at *1 (C.D. Cal. Aug. 20, 2020).  Finally, Plaintiffs assert that the Declaration is yet another attempt by Defendants to frustrate the United States discovery process.

The issue of whether ZHP and Mr. Chen acted in good faith regarding their efforts to obtain permission for him to travel so that he could comply with orders directing that his deposition be taken has been addressed by the parties at great

---

[1] During the argument, I observed that, in opposing sanctions, ZHP had provided "a lot of information," and questioned whether ZHP should have provided "a declaration of a witness, or something that is evidentiary in nature."  (Sept. 8, 2022 Tr. at 41, 42 (ECF Doc. No. 2182.)  More than a month later, ZHP submitted the Declaration.

2

length. ZHP had ample time to submit a declaration concerning the efforts to comply with orders directing that Chen's deposition be taken. Indeed, ZHP did submit a declaration in opposing the motion for sanctions – the Declaration of Sihan Lu (ECF Doc. No. 1900-1.) ZHP now seeks to supplement its opposition to the sanctions motion with the Declaration of an expert in Chinese law. The timing of the De Lisle submission supports an inference that, but for the Special Master's observations during oral argument, ZHP would not have considered it necessary to file the Declaration.

In determining whether to consider untimely filings, courts retain the inherent discretion to manage the proceedings before it. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44 (1991). Within this inherent authority to "manage their own affairs so as to achieve orderly and expeditious disposition of cases" is the power for a court to require parties to abide by filing deadlines. *Id*. at 43. If a party fails to adhere to a court's filing deadline, the Court has discretion to not consider the filing in its final determination. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895-97 (1990). In exercising this discretion, a court may consider mitigating factors for the delay, such as whether the delay is substantially justified and whether consideration of the untimely filing would prejudice the other party. *Syntel Sterling Best Shores Mauritius Limited v. TriZetto Group*, 2020 WL 1442915 at *5 (S.D.N.Y. Jan. 27, 2020).

In this matter, ZHP filed the Declaration well after the deadline for briefing and after oral argument was presented. While parties are under a duty to supplement filings to account for intervening developments, there is no indication that the explanations contained in the Declaration were based upon matters occurring after the briefing was completed. Mr. deLisle's curriculum vitae, attached as Exhibit 1 to the Declaration, reflects that substantial guidance regarding the Chinese government's review of a request to travel for a deposition was available to ZHP long before it filed its Brief. Further, ZHP has presented no justification for its months long delay between filing its Brief and submitting the Declaration.

While Mr. deLisle may be qualified to explain how the Chinese government evaluates requests for travel permits, the Declaration offers no additional insight into ZHP's actions in seeking to make Mr. Chen available for his deposition. Rather, the Declaration offers alternative hypotheses for ZHP's actions that could, but do not, explain its reasons for pursuing Mr. Chen's exit visa in the manner that it did. (Doc. 2175-2.) ZHP has not submitted additional evidence to indicate that the reasons Mr. deLisle speculates as the motives for not presenting to the Chinese authorities the court order requiring Mr. Chen's deposition were ZHP's actual motivations in pursuing the course of conduct they undertook. As such, the

4

Declaration does not provide the Court with a factual basis to rely on in its determination of Plaintiffs' motion for sanctions.

ZHP has offered no justification for its delay or an explanation of why it did not submit this Declaration earlier in this proceeding. Further, it offers no additional insight grounded in facts that would affect the Court's determination of the sanctions motion.

To allow ZHP to rely on this Declaration at this stage in the proceeding would allow ZHP to circumvent procedural rules intended to grant the parties equal opportunities to present their arguments. Allowing ZHP to supplement its opposition to the sanctions motion without any justification (other than that the patent deficiency in its original opposition papers was pointed out during oral argument) would be fundamentally unfair. Accordingly, the deLisle Declaration will be stricken and not considered in relation to Plaintiffs' Motion for Rule 37 Sanctions.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Declaration of Jacque DeLisle (ECF Doc. # 2175-2) is **STRICKEN.**

*s/ Thomas I. Vanaskie*
Hon. Thomas I. Vanaskie (Ret.)
Special Master