# EXHIBIT B



701 Camp Street ■ New Orleans, Louisiana 70130 ■ (504) 524-5777 ■ Fax (504) 524-5763

May 2, 2023

*Via Electronic Mail*

| | |
|---|---|
| Jeffry D. Geoppinger<br>Ulmer & Berne LLP<br>312 Walnut Street, Suite 1400<br>Cincinnati, OH 45202 | D'Lesli M. Davis<br>Norton Rose Fulbright US LLP<br>2200 Ross Ave., Suite 3600<br>Dallas, TX 75021 |

Mimi S. Dennis
Crowell & Moring LLP
1001 Pennsylvania Ave NW
Washington, DC 20004

Re:  *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, 19-md-2875 (D.N.J.)

Dear Counsel:

This letter follows-up on our meet-and-confer call on April 24, the Case Management Conference before Judge Kugler on April 26, and our follow-up meet-and-confer call on April 28 concerning the additional discovery from Wholesaler Defendants directed by Case Management Order No. 32 (D.E. 2343). We summarize below where we currently appear to be on each aspect of discovery ordered by the Court in CMO No. 32.

  I.  **Wholesalers' Costs and Profits Data for VCDs** (*see* **4/21/23 Order at ¶ 7.1.1**)

As discussed on April 28, we need to hear how Wholesaler Defendants calculate or estimate their costs for and profitability on VCDs, and what data or information each Wholesaler Defendant possesses in this regard.

  II.  **The Price Wholesalers Paid for VCDs** (*see* **4/21/23 Order at ¶ 7.1.2**)

During our last call, Wholesaler Defendants indicated they would produce the "invoiced amounts" for VCDs they purchased, and would aim to do so by May 30. We have concerns that "invoiced amounts" do not reflect actual amounts paid. We need Wholesaler Defendants to explain what if any additional data they will produce to show gross prices paid (e.g., payments of invoices before

after-the-fact adjustments such as rebates, returns, etc.) and net prices paid (e.g., the gross amounts paid less any adjustments).  That said, we are willing to accept the production of data showing invoiced amounts while the parties continue to confer.

### III.    The Price Wholesalers Sold VCDs Downstream (*see* 4/21/23 Order at ¶ 7.1.3)

During our last call, Wholesaler Defendants indicated they would produce the "invoiced amounts" for VCDs they sold further downstream, and would aim to do so by May 30.  We have the same concerns as those expressed *supra* Part II. Again, we are willing to accept the production of data showing invoiced amounts while the parties continue to confer.

### IV.    Custodial Discovery and Depositions (*see* 4/21/23 Order at ¶ 7.2)

As stated previously, Plaintiffs are willing to confer with Wholesaler Defendants.  Generally, and without prejudice, the appropriate custodians likely include individuals with responsibilities for the areas that were the subject of previous written discovery to Wholesaler Defendants, and these newly ordered productions. Those areas include the sourcing of VCDs, the downstream sale of VCDs, purchase/supply/sales/distribution agreements relevant to VCDs, quality oversight of VCD suppliers, the handling of the recalls of VCDs, inventory management, and the relevant purchase, sales, and cost data relating to VCDs. Some of Wholesaler Defendants' prior Rule 30(b)(6) designees might be appropriate custodians.  As to search terms, we believe the terms used with Manufacturer Defendants should be used.  That is the most expeditious way to proceed and avoids drawn out negotiations.  If there are some modifications that will not impair Plaintiffs' ability to obtain relevant documents we will consider your proposal.

### V.    Wholesalers' Proposed Discovery to Plaintiffs

We have reviewed the revised sets of written discovery Wholesaler Defendants wish to serve on Plaintiffs.  We do not believe any of this proposed discovery is acceptable or appropriate at this time.  Putting aside that the Court did not order any supplemental discovery of Plaintiffs, a number of the proposed requests or topics are redundant of prior data and information produced by Plaintiffs, or are too far afield to the issues remaining in this case.  If you wish to propose more targeted supplemental discovery, we are willing to hear you out.  But as things currently stand we cannot agree to your proposed written discovery (both the proposed document requests and proposed deposition notice).

                                          Truly Yours,

                                          By: _____
                                               David J. Stanoch