IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN N-NITROSODIMETHYLAMINE (NDMA) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*All Actions* | Hon. Robert. B. Kugler<br><br>Civ. No. 19-md-2875 (RBK/JS) |

**PLAINTIFFS' MOTION FOR APPROVAL
OF FORM AND MANNER OF CLASS NOTICE**

## I.   INTRODUCTION

On February 8, 2023, this Court granted certification of a Consumer Economic Loss Class, a Third-Party Payor Economic Loss Class, and a Medical Monitoring Class (collectively "the Classes"). Each of these classes consisted of various subclasses based upon the specific causes of actions and the state laws encompassed by such causes of action. On April 21, 2023, the Court entered CMO 23 ordering Plaintiffs to submit their proposed class notice plan and form of notice by May 10, 2023. On May 1, 2023, the United States Court of Appeals for the Third Circuit denied Defendants' Petition for Permission to Appeal this Court's certification order. Plaintiffs hereby respectfully submit their proposed class notice plan and form of notice.

## II.  CLASS DEFINITIONS

The Court's Order of February 8, 2023 provided instructions for the re-categorization of certain subclasses proposed by Plaintiffs. To that end, Plaintiffs have revised those subclass definitions and submit the revised definitions to the Court. (Exhibits 1, 2, and 3 hereto).[1] To the

---

[1] Plaintiffs have available and can submit redlines to the originally proposed definitions as well as a revised table of authorities for the state groupings to the extent the Court wishes them.

1

extent any of these definitions require further modification by the Court, the forms of notice will be conformed to reflect any such revisions.

These subclass definitions will be set forth in full on the class notice website and will be linked to in the proposed long-form notice. Additionally, the website established for purposes of notice will provide an interactive process which will allow potential class members to select their state(s) of use, enter in their dates of use and other information to the extent available, and be provided with a list of the subclasses to which they may belong, if any.

For purposes of defining the classes to whom short-form direct mailed notice and publication notice are being given, however, the class administrator will use the following definitions for purposes of readability, with a link to the full definitions of the subclasses:

- **Consumer Economic Loss Class**: All individuals and entities in the United States and its territories and possessions who, since at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money for a valsartan-containing drug (intended for personal or household use) that was manufactured, distributed, or sold by any Defendant.

- **Medical Monitoring Class:** Individuals residing in the United States and its territories and possessions (except Mississippi, North Carolina, and North Dakota) who consumed a sufficiently high Lifetime Cumulative Threshold of NDMA, NDEA, or other nitrosamine, in generic valsartan-containing drugs manufactured by or for Defendants and marketed in the United States and its territories and possessions, at least since January 1, 2012.

- **Third Party Payor Class:** All Third Party Payors that, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in any of the 50 states, Puerto Rico or the District of Columbia for a valsartan-containing drug that was manufactured, distributed, or sold in the United States by any Active Pharmaceutical Ingredient, Finished Dose, Wholesaler, or Pharmacy Defendant.

### III.   ARGUMENT

The United States Supreme Court has held that in order to bind an absent plaintiff, courts must provide such absent plaintiffs with certain due process protection. *Phillips Petroleum Co. v.*

*Shutts*, 472 U.S. 797, 811-12 (1985).  In relevant part, these protections are: 1) the plaintiff must be given notice and "an opportunity to be heard and participate in the litigation"; 2) "the notice must be the best practicable, 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action, and afford them an opportunity to present their objections'"; 3) "the notice should describe the action and the plaintiffs' rights in it"; and 4) "that an absent plaintiff be provided with an opportunity to remove himself from the class." *Id*. (internal citations and quotations omitted). Federal Rule of Civil Procedure 23(c) embodies these due process requirements and governs the form and manner of notice to be given.  For Rule 23(b)(3) classes which are not settlement classes, as here, notice must be the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. Rule 23(c); *See In re Ocean Power Techs., Inc.*, No. 3:14-cv-3799, 2016 WL 6778218 at *9 (D.N.J. Nov. 15, 2016).  The purpose of notice is to satisfy due process concerns by allowing absent class members to be apprised of the pendency of the action and to give them the opportunity to opt-out of the class if they do not wish to be bound by further proceedings in the action.  *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 446 (3d Cir. 2016).  Thus, class notice must contain information sufficient "to enable class members to make informed decisions on whether they should take steps to protect their rights, including … opting out of the class." *Id.* at 435

      To comply with the requirements of Rule 23 and due process, Plaintiffs have retained the services of Angeion Group, and its principal, Steven Weisbrot, an experienced and capable class administrator who has successfully administered numerous complex class action notice programs in the past, to design and implement a notice program and form of notice.  The proposed plan for dissemination of notice as well as the form of both short and long-form notice are set forth in the Declaration of Steven Weisbrot and accompanying exhibits thereto filed concurrently with this

Motion as Exhibit 4 ("Weisbrot Decl."). The plan proposed by the class administrator for dissemination of notice satisfies all of the requirements of Rule 23 as well as due process.

As detailed in the Weisbrot Declaration, the plan provides individual notice to all reasonably identifiable class members through individual mailed and/or e-mailed notice to third-party payors who have been identified as possible class members through the class administrator's proprietary third-party payor list. Weisbrot Decl. at ¶¶ 16-22. Further, to the extent Plaintiffs are able to obtain contact information for third-party payors from Defendants, that information will also be provided to the class administrator and any non-duplicative entities will also be provided with direct mail and/or e-mail notice.

For members of the Consumer Economic Loss and Medical Monitoring classes, "the Court must strike a balance 'between protecting the rights of absent class members and making Rule 23 workable.' To that end, 'courts have held that it is not necessary to send individual notices to an overinclusive group of people simply because that group contains some additional class members whose identities are unknown.'" *In re Wawa, Inc. Data Sec. Litig.*, No. CV 19-6019, 2021 WL 3276148, at *12 (E.D. Pa. July 30, 2021) (quoting *Carlough v. Amchem* Prod., Inc., 158 F.R.D. 314, 327 (E.D. Pa. 1993)). Thus, for Consumer Economic Loss and Medical Monitoring class members, where Plaintiffs do not have access to information sufficient to be able to give individual mailed notice, the class action administrator has created a robust media campaign using state-of-the-art targeted digital notice using programmatic display advertising as well as a social media campaign and a paid search campaign. Weisbrot Decl. at ¶¶ 23-34.

The media notice proposed by the class administrator is intended to reach over 80% of the class members and who will see the digital advertising an average of 3 times. Weisbrot Decl. at ¶¶ 13-15. This notice program is designed to exceed the 70% reach threshold suggested by case law and the Federal Judicial Center as the norm. Barbara J. Rothstein & Thomas E. Willging,

Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide for Judges", at 27 (3d Ed. 2010); *Beck-Ellman v. Kaz USA, Inc.*, No. 3:10-CV-02134-H-DHB, 2013 WL 1748729, at *3 (S.D. Cal. Jan. 7, 2013) (approving publication notice with 70% reach); *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.*, 314 F.R.D. 580, 603 (N.D. Ill. 2016) (approving notice plan calculated to reach approximately 80% of class members); *Kaufman v. Am. Express Travel Related Servs. Co., Inc.*, 877 F.3d 276, 287 (7th Cir. 2017) (approving notice plan reaching approximately 70% of class members); *Chinitz v. Intero Real Est. Servs.*, No. 18-CV-05623-BLF, 2020 WL 7042871, at *1 (N.D. Cal. Dec. 1, 2020) (approving notice plan calculated to reach at least 70% of class members); *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15MD2670 DMS(MDD), 2023 WL 2483474, at *2 (S.D. Cal. Mar. 13, 2023) (holding that "[t]he Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable"); *In re Remicade Antitrust Litig.*, No. 17-CV-04326, 2023 WL 2530418, at *14 (E.D. Pa. Mar. 15, 2023) (approving notice that reached approximately 80% of class members).

These notices will direct class members to a website and toll-free number which will contain additional information concerning the litigation. Class members will be able to view or request to be mailed the full long-form notice, register their contact information so as to be able to be provided direct notice at a later date upon any settlement or judgment in the litigation, and find instructions on how they can exclude themselves from the any of the classes. Further, the website will be designed to be easy to view and navigate, including providing optimization for viewing via smartphones, tablets, and other personal devices, thus providing access to those class members who may not have ready access to a personal computer.

In addition, the proposed long-form notice is written in plain language in a manner designed to be understood by class members, and following the best practices outlined by the Federal Judicial Center. The long-form notice contains all items required by Rule 23(c)(2)(B),

-5-

including i) a description of the nature of the action; ii) a definition of the certified classes with a link to the full definition of the subclasses; iii) a description of the class claims, issues, and defenses; iv) notice that the class member may enter an appearance through an attorney if the class member so desires; v) a procedure for the class member to opt-out of the class and be excluded from any binding effects of further proceedings; vi) the time and manner by which the class member can seek exclusion; and vii) the binding effect of any further proceedings and class judgment on class members if they do not exclude themselves.  Fed. R. Civ. P. 23(c)(2)(B); Weisbrot Decl. Exh. B.  Thus, the proposed notice will provide absent class members with clear and accessible information regarding their rights and allow them to make an informed and intelligent decision on whether to remain in the class or seek exclusion, satisfying due process.

## IV.   CONCLUSION

The proposed notice program and form of notice provides the best notice practicable under the circumstances of this litigation and complies with the standards of fairness and completeness required by due process and Rule 23.  Further, the class administrator selected by Plaintiffs to provide notice, Steven Weisbrot of Angeion Group, is experienced, knowledgeable, and capable of fulfilling his duties under the law.  For the foregoing reasons, Plaintiffs respectfully request that the Court approve the form and manner of notice proposed herein and in the accompanying exhibits.

Dated May 10, 2023                                                         Respectfully submitted,

*/s/ Behram V. Parekh*
Behram V. Parekh
RUEB STOLLER DANIEL LLP
515 S. Figueroa St., Suite 1550
Los Angeles, CA 90071
Phone: 213.218.6241
behram.parekh@lawrsd.com

*On behalf of the Plaintiffs' Executive Committee and all Plaintiffs*

| | |
|---|---|
| */s/ Ruben Honik* <br> Ruben Honik <br> HONIK LLC <br> 1515 Market Street, Suite 1100 <br> Philadelphia, PA 19102 <br> Phone: (267) 435-1300 <br> ruben@honiklaw.com <br><br> *Consumer Economic Loss Class Counsel* | */s/ Conlee S. Whitely* <br> Conlee S. Whiteley <br> KANNER & WHITELEY, LLC <br> 701 Camp Street <br> New Orleans, LA 70130 <br> Phone: (504)-524-5777 <br> c.whitelev@kanner-law.com <br><br> *Consumer Economic Loss Class Counsel* |
| */s/ John R. Davis* <br> John R. Davis <br> SLACK DAVIS SANGER, LLP <br> 6001 Bold Ruler Way, Suite 100 <br> Austin, TX 78746 <br> Phone: 512-795-8686 <br> jdavis@slackdavis.com <br><br> *Consumer Economic Loss Class Counsel* | |
| */s/Nicholas Migliaccio* <br> Nicholas Migliaccio <br> Jason Rathod <br> MIGLIACCIO & RATHOD LLP <br> 412 H Street NE, Suite 302 <br> Washington, DC 20002 <br> Telephone: (202) 470-3520 <br> nmigliaccio@classlawdc.com <br> jrathod@classlawdc.com <br><br> *Medical Monitoring Class Counsel* | */s/ Rachel Geman* <br> Rachel Geman <br> Kartik S. Madiraju <br> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP <br> 250 Hudson Street, 8th Floor <br> New York, NY 10013-1413 <br> Telephone: (212) 355-9500 <br> rgeman@lchb.com <br> kmadiraju@lchb.com <br><br> *Medical Monitoring Class Counsel* |
| */s/ Jorge Mestre* <br> Jorge Mestre <br> RIVERO MESTRE LLP <br> 2525 Ponce de Leon Blvd., Suite 1000 <br> Miami, FL 33134 <br> Phone (305) 445-2500 <br> imestre@riveromestre.com <br><br> *Third-Party Payor Class Counsel* | */s/ Gregory P. Hansel* <br> Gregory P. Hansel <br> PRETI, FLAHERTY, BELIVEAU & PACHIOS, CHARTERED, LLP <br> One City Center <br> P.O. Box 9546 <br> Portland, ME 04112 <br> Phone: (207) 791-3000 <br> ghansel@preti.com <br><br> *Third-Party Payor Class Counsel* |

-8-

/s/ Ruben Honik
Ruben Honik
HONIK LLC
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Phone: (267) 435-1300
ruben@honiklaw.com

*MDL Plaintiffs' Co-Lead Counsel*

/s/ Adam Slater
Adam Slater
MAZIE, SLATER, KATZ & FREEMAN, LLC
103 Eisenhower Pkwy, 2nd Flr.
Roseland, NJ 07068
Phone: (973) 228-9898
aslater@mazieslater.com

*MDL Plaintiffs' Co-Lead Counsel*

/s/ Conlee S. Whitely
Conlee S. Whiteley
KANNER & WHITELEY, LLC
701 Camp Street
New Orleans, LA 70130
Phone: (504)-524-5777
c.whitelev@kanner-law.com

*MDL Plaintiffs' Co-Lead Counsel*

/s/ Daniel Nigh
Daniel Nigh
NIGH, GOLDENBERG, RASO & VAUGHN, PLLC
712 H Street NE, Dpt 32022
Washington, DC 20002
Phone: (850) 600-8090
dnigh@nighgoldenberg.com

*MDL Plaintiffs' Co-Lead Counsel*