Exhibit 4

Weisbrot Declaration

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | Case No.  1:19-md-02875-RBK-SAK |

**DECLARATION OF STEVEN WEISBROT, ESQ. OF ANGEION GROUP LLC
RE: THE PROPOSED NOTICE PLAN**

I, Steven Weisbrot, Esq., declare under penalty of perjury as follows:

1.      I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale, unbiased, legal notification plans.

2.      I have personal knowledge of the matters stated herein. In forming my opinions regarding notice in this action, I have drawn from my extensive class action experience, as described below.

3.      I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4.      I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best*

*Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School Best Practices Guide to Class Action Litigation.

5.      I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6.      Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

7.      My notice work comprises a wide range of class actions that include antitrust, data breach, mass disasters, product defect, false advertising, employment discrimination, tobacco, banking, firearm, insurance, and bankruptcy cases.

8.      I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit A**.

9.      By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to Settlement Class Members. The executive profiles as well as the company overview are available at https://www.angeiongroup.com/our_team.php.

10.     As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services. In addition to its general experience in providing notice, Angeion will specifically draw on its experience as the notice and claims administrator in the *In re: Surescripts*

2

*Antitrust Litigation*, Case No. 1:19-cv-06627 (N.D. Ill.) ("Surescripts Litigation"), involving pharmacies who paid for e-prescriptions routed through the Surescripts network.

11.     This declaration will describe the Notice Plan that, if approved by the Court, we will implement in this matter, including the considerations that informed the development of the plan and why it will provide due process to the Classes.  It is my professional opinion, based upon my education, experience, and expertise in providing class notice, that the proposed notice plan is the best practicable under the circumstances, and meets the requirements of due process, Fed. R. Civ. P. 23, and the guidelines promulgated by the Federal Judicial Center.

## SUMMARY OF THE NOTICE PLAN

12.     The proposed Notice Plan provides for individual direct notice to all reasonably identifiable members of the Third-Party Payor Class via mail and e-mail, and a multi-tiered, robust media campaign strategically designed to provide notice to members of the Consumer Economic Loss Class and Medical Monitoring Class. The Notice Plan also provides for the implementation of a dedicated website and a toll-free telephone line where members of these classes can learn more about their rights and options pursuant to the Litigation.  A copy of the proposed long-form notice to be made available on the website and via mail or e-mail when requested is attached hereto as **Exhibit B**.  A copy of the proposed post-card notice to the Third-Party Payor Class is attached hereto as **Exhibit C**.

13.     As discussed in greater detail below, the Consumer Economic Loss Class and Medical Monitoring Class media campaign is designed to deliver an approximate 80.12% reach with an average frequency of 3.04 times. This number is calculated using objective syndicated advertising data relied upon by most advertising agencies and brand advertisers. It is further verified by sophisticated media software and calculation engines that cross reference which media is being purchased with the media habits of our specific Target Audience (defined below).

14.     What this means in practice is that 80.12% of our Target Audience will see a digital advertisement concerning the lawsuit an average of 3.04 times each. The 80.12% reach is independent from the Third-Party Payor Class direct notice efforts, and further does not include the

dedicated website or toll-free telephone line. As discussed below, Angeion anticipates minimal, if any, undeliverable mail from the Third-Party Payor direct notice efforts.

15.     The Federal Judicial Center states that a publication notice plan that reaches 70% of class members is one that reaches a "high percentage" and is within the "norm." Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide or Judges", at 27 (3d Ed. 2010).

## THIRD-PARTY PAYOR CLASS - DIRECT NOTICE

16.     The Notice Plan includes direct notice via mail to approximately 28,500 mailing addresses on Angeion's proprietary third-party payor list. This proprietary list consists of drug stores, pharmacies, insurance companies, and health, welfare, and pension funds, that Angeion has obtained and manages.  In addition, to the extent available, Angeion will also provide direct notice via mail to any third-party payors identified by Defendants pursuant to responses to what I understand to be discovery requests by class counsel, and also provide e-mail notice to all third-party payors for whom e-mail addresses are available.[1]

**Mailed Notice**

17.     As part of the Notice Plan, Angeion will send the Notice via first class U.S. mail, postage pre-paid to Third-Party Payor Class Members identified on Angeion's propriety list as well as non-duplicative mailed notice to any third-party payors identified by Defendants.

18.     In administering the Notice Plan in this action, Angeion will employ best practices to increase the deliverability rate of the mailed Notices. Angeion will cause the mailing address

---

[1] This notice method is routine in third-party payor notice programs, and was utilized in the Surescripts Litigation, which was approved by the Court, stating, "The proposed notice plan set forth in Plaintiffs' Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail as well as email to all members who can be identified through reasonable effort. The notice will be supported by reasonable publication and other notice to reach class members who could not be individually identified through reasonable effort." (Surescripts Litigation at Dkt. No. 175).

Additionally, in the Surescripts Litigation, approximately 1.6% of the initial mailed notices were returned as undeliverable, and Angeion was able to locate updated addresses for 72.9% of them, resulting in an approximate 0.4% undeliverable rate.

information for members of the Third-Party Payor Class to be updated utilizing the United States Postal Service's ("USPS") National Change of Address database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS.

19.     Notices returned to Angeion by the USPS with a forwarding address will be re-mailed to the new address provided by the USPS and the class member database will be updated accordingly.

20.     Notices returned to Angeion by the USPS without forwarding addresses will be subjected to an address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses.

21.     Notices will be re-mailed to Third-Party Payor Class Members for whom updated addresses were obtained via the skip tracing process.

22.     In addition to the mailed notice, Angeion will also send the same form of notice via e-mail to all Third-Party Payor Class Members for whom e-mail addresses are available.

## CONSUMER ECONOMIC LOSS CLASS - MEDIA CAMPAIGN

**Programmatic Display Advertising**

23.     Angeion will utilize a form of internet advertising known as Programmatic Display Advertising, which is the leading method of buying digital advertisements in the United States to provide notice of the litigation to members of the Consumer classes, which include both an Economic Loss Class and a Medical Monitoring Class.[2] The media notice outlined below is strategically designed to provide notice of the lawsuit to Consumer Economic Loss Class and

---

[2] Programmatic Display Advertising is a trusted method specifically utilized to reach defined target audiences. It has been reported that U.S. advertisers spent nearly $105.99 billion on programmatic display advertising in 2021, and it is estimated that approximately $123.22 billion will be spent on programmatic display advertising 2022. See https://www.emarketer.com/content/us-programmatic-digital-display-ad-spending-2022. In laypeople's terms, programmatic display advertising is a method of advertising where an algorithm identifies and examines demographic profiles and uses advanced technology to place advertisements on the websites where members of the audience are most likely to visit (these websites are accessible on computers, mobile phones and tablets.

Medical Monitoring Class Members by driving them to the dedicated website where they can learn more about the litigation, including their rights and options.

24.     To develop the media notice campaign and to verify its effectiveness, our media team analyzed data from 2022 comScore Multi-Platform/MRI Simmons USA Fusion[3] to profile the Consumer Economic Loss Class and Medical Monitoring Class and arrive at an appropriate Target Audience based on criteria pertinent to this litigation. Specifically, the following syndicated research definition was used to profile potential those class members: "Hypertension/High Blood Pressure used a prescription remedy."

25.     Based on the Target Audience definition used, the size of the Target Audience is approximately 29,227,000 individuals in the United States. It is important to note that the Target Audience is distinct from the class definition, as is commonplace in class action notice plans. Utilizing an overinclusive proxy audience maximizes the efficacy of the Notice Plan and is considered a best practice among media planners and class action notice experts alike. Using proxy audiences is also commonplace in both class action litigation and advertising generally[4].

26.     Additionally, the Target Audience is based on objective syndicated data, which is routinely used by advertising agencies and experts to understand the demographics, shopping habits and

---

[3] GfK MediaMark Research and Intelligence LLC ("GfK MRI") provides demographic, brand preference and media-use habits, and captures in-depth information on consumer media choices, attitudes, and consumption of products and services in nearly 600 categories. comSCORE, Inc. ("comSCORE") is a leading cross-platform measurement and analytics company that precisely measures audiences, brands, and consumer behavior, capturing 1.9 trillion global interactions monthly. comSCORE's proprietary digital audience measurement methodology allows marketers to calculate audience reach in a manner not affected by variables such as cookie deletion and cookie blocking/rejection, allowing these audiences to be reach more effectively. comSCORE operates in more than 75 countries, including the United States, serving over 3,200 clients worldwide.

[4] If the total population base (or number of class members) is unknown, it is accepted advertising and communication practice to use a proxy-media definition, which is based on accepted media research tools and methods that will allow the notice expert to establish that number. The percentage of the population reached by supporting media can then be established. Duke Law School, GUIDELINES AND BEST PRACTICES IMPLEMENTING 2018 AMENDMENTS TO RULE 23 CLASS ACTION SETTLEMENT PROVISIONS, at 56.

attitudes of the consumers that they are seeking to reach[5]. Using this form of objective data will allow the Parties to report the reach and frequency to the Court with confidence that the reach percentage and the number of exposure opportunities comply with due process and exceed the Federal Judicial Center's threshold as to reasonableness in notification programs. Virtually all professional advertising agencies and commercial media departments use objective syndicated data tools, like the ones described above, to quantify net reach. Sources like these guarantee that advertising placements can be measured against an objective basis and confirm that the reporting statistics are not overstated. Objective syndicated data tools are ubiquitous tools in a media planner's arsenal and are regularly accepted by courts in evaluating the efficacy of a media plan or its component parts. Understanding the socioeconomic characteristics, interests and practices of a target group aids in the proper selection of media to reach that target. Here, the Target Audience has been reported to have the following characteristics:

- 66.00% are ages 55+, with a median age of 61.5 years old;
- 50.47% are male;
- 58.60% are married;
- 23.11% have children;
- 32.88% have received a bachelor's or post-graduate degree;
- 34.64% are currently employed full time;
- The average household income is $74,150; and
- 81.67% have used social media in the last 30 days.

27.    To identify the best vehicles to deliver messaging to the Target Audience, the media quintiles, which measure the degree to which an audience uses media relative to the general population, were reviewed. Here, the objective syndicated data shows that members of the Target Audience spend an average of approximately 25.7 hours per week on the internet.

---

[5] The notice plan should include an analysis of the makeup of the class. The target audience should be defined and quantified. This can be established through using a known group of customers, or it can be based on a proxy-media definition. Both methods have been accepted by the courts and, more generally, by the advertising industry, to determine a population base. *Id.* at 56.

28.     Given the strength of digital advertising, as well as our Target Audience's consistent internet use, we recommend utilizing a robust internet advertising campaign to reach Consumer Economic Loss and Medical Monitoring Class Members. This media schedule will allow us to deliver an effective reach level and frequency, which will provide due and proper notice to the Consumer Economic Loss Class and Medical Monitoring Class.

29.     Multiple targeting layers will be implemented into the programmatic campaign to help ensure delivery to the most appropriate users, inclusive of the following tactics:

- <u>Look-a-like Modeling</u>: This technique utilizes data methods to build a look-a-like audience against known Consumer Economic Loss and Medical Monitoring Class Members.

- <u>Predictive Targeting</u>: This technique allows technology to "predict" which users will be served by the advertisements about the litigation.

- <u>Audience Targeting</u>: This technique utilizes technology and data to serve the impressions to the intended audience based on demographics, purchase behaviors and interests.

- <u>Site Retargeting</u>: This technique is a targeting method used to reach potential Consumer Economic Loss and Medical Monitoring Class Members who have already visited the dedicated website while they browsed other pages. This allows Angeion to provide a potential Consumer Economic Loss or Medical Monitoring Class Member with sufficient exposure to an advertisement about the litigation.

- <u>Geotargeting</u>: The campaign will run nationally.

30.     To combat the possibility of non-human viewership of digital advertisements and to verify effective unique placements, Angeion employs Oracle's BlueKai, Adobe's Audience Manger and/or Lotame, which are demand management platforms ("DMP"). DMPs allow Angeion to learn more about the online audiences that are being reached. Further, online ad verification and security providers such as Comscore Content Activation, DoubleVerify, Grapeshot, Peer39 and Moat will be deployed to provide a higher quality of service to ad performance.

**<u>Social Media</u>**

31.     The Notice Plan also includes a social media campaign utilizing Facebook and Instagram,

8

two of the leading social media platforms[6] in the United States. The social media campaign uses an interest-based approach which focuses on the interests that users exhibit while on these social media platforms.

32.    The social media campaign will engage with the Target Audience desktop sites, mobile sites, and mobile apps. Additionally, specific tactics will be implemented to further qualify and deliver impressions to the Target Audience. *Look-a-like modeling* allows the use of consumer characteristics to serve ads. Based on these characteristics, we can build different consumer profile segments to ensure the Notice Plan messaging is delivered to the proper audience. *Conquesting* allows ads to be served in relevant placements to further alert potential Consumer Economic Loss and Medical Monitoring Class Members of the litigation. The social media ads will run nationally.

33.    The social media campaign will coincide with the programmatic display advertising portion of the Notice Plan. Combined, the media notice efforts are designed to deliver approximately 71.2 million impressions. To track campaign success, we will implement conversion pixels throughout the dedicated website to understand audience behavior better and identify those most likely to convert. The programmatic algorithm will change based on success and failure to generate conversions throughout the process to provide the most effective messaging.

**Paid Search Campaign**

34.    The Notice Plan also includes a paid search campaign on Google to help drive Consumer Economic Loss and Medical Monitoring Class Members who are actively searching for information about the litigation to the dedicated website. Paid search ads will complement the programmatic and social media campaigns, as search engines are frequently used to locate a specific website, rather than a person typing in the URL. Search terms would relate to not only the litigation itself but also the subject matter of the lawsuit. In other words, the paid search ads are driven by the individual user's search activity, such that if that individual searches for (or has

---

[6] In 2023, Facebook has a reported 243.58 million users, and Instagram has a reported 150.99 million users.
https://www.statista.com/statistics/408971/number-of-us-facebook-users/
https://www.statista.com/statistics/293771/number-of-us-instagram-users

recently searched for) the lawsuit, or other terms related to the litigation, that individual could be served with an advertisement directing them to the dedicated website.

**DEDICATED WEBSITE & TOLL-FREE TELEPHONE SUPPORT**

35.    The Notice Plan will also implement the creation of a case-specific website, where Third-Party Payor, Consumer Economic Loss, and Medical Monitoring Class Members can easily view general information about this lawsuit, review the long-form notice, review relevant Court documents, and view important dates and deadlines pertinent to the litigation. The website will be designed to be user-friendly and make it easy for Class Members to find information about this case, including the full class and sub-class definitions, answers to frequently asked questions, and as appropriate, visual representations of the impacted drug. The website will also have a "Contact Us" page whereby Class Members can send an email with any additional questions to a dedicated email address.

36.    The website will be designed so that potential Class Members can enter certain data into the website, such as their dates and states of use, and other available relevant data, in order for the website to present them with the specific sub-classes, if any, to which they might belong.  Given the complexity of the sub-classes, this will make it much easier for potential Class Members to understand to which, if any, sub-classes they belong. Additional measures, such as an interactive map detailing the remedies available in each state or territory, and additional FAQs with comprehensive details regarding the sub-classes, may be implemented on the website to further assist Class Members to identify which sub-classes, if any, they belong to.

37.    The website will, in addition, allow Class Members to register their contact information and other details in order to be provided updates of future developments in the case, such as settlements or judgments.

38.    A toll-free hotline devoted to this case will be implemented to further apprise Class Members of their rights and options pursuant to the lawsuit. The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Class Members with responses to frequently asked questions and provide essential information regarding the litigation. This hotline will be

accessible 24 hours a day, 7 days a week.

## REACH AND FREQUENCY

39.     This declaration describes the reach and frequency evidence which courts systemically rely upon in reviewing class action publication notice programs for adequacy. The reach percentage exceeds the guidelines as set forth in the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide to effectuate a notice program which reaches a high degree of  Class Members.

40.     Specifically, the comprehensive Consumer Economic Loss Class and Medical Monitoring Class media campaign is designed to deliver an approximate 80.12% reach with an average frequency of 3.04 times each. It should be noted that the 80.12% reach approximation is separate and apart from the Third-Party Payor Class direct notice efforts (for which Angeion expects minimal undeliverable Notices), the dedicated website, and toll-free telephone support.

## DATA SECURITY & INSURANCE

41.     Angeion Group recognizes the critical need to secure our physical and network environments and protect data in our custody. It is our commitment to these matters that has made us the go-to administrator for many of the most prominent data security matters of this decade. We are ever improving upon our robust policies, procedures, and infrastructure by periodically updating data security policies as well as our approach to managing data security in response to changes to physical environment, new threats and risks, business circumstances, legal and policy implications, and evolving technical environments.

42.     Angeion Group's privacy practices are compliant with the California Consumer Privacy Act, as currently drafted. Consumer data obtained for the delivery of each project is used only for the purposes intended and agreed in advance by all contracted parties, including compliance with orders issued by State or Federal courts as appropriate. Angeion Group imposes additional data security measures for the protection of Personally Identifiable Information (PII) and Personal Health Information (PHI), including redaction, restricted network and physical access on a need-to-know basis, and network access tracking. Angeion Group requires background checks of all

11

employees, requires background checks and ongoing compliance audits of its contractors, and enforces standard protocols for the rapid removal of physical and network access in the event of an employee or contractor termination.

43.     Data is transmitted using Transport Layer Security (TLS) 1.3 protocols. Network data is encrypted at rest with the government and financial institution standard of AES 256-bit encryption. We maintain an offline, air-gapped backup copy of all data, ensuring that projects can be administered without interruption.

44.     Further, our team stays on top of latest compliance requirements, such as GDPR, HIPAA, PCI DSS, and others, to ensure that our organization is meeting all necessary regulatory obligations as well as aligning to industry best practices and standards set forth by frameworks like CIS and NIST. Angeion is cognizant of the ever-evolving digital landscape and continually improves its security infrastructure and processes, including partnering with best-in-class security service providers. Angeion's robust policies and processes cover all aspects of information security to form part of an industry leading security and compliance program, which is regularly assessed by independent third parties. Angeion is also committed to a culture of security mindfulness. All employees routinely undergo cybersecurity training to ensure that safeguarding information and cybersecurity vigilance is a core practice in all aspects of the work our teams complete.

45.     Angeion currently maintains a comprehensive insurance program, including sufficient Errors & Omissions coverage.

## **CONCLUSION**

46.     The Notice Plan outlined herein provides for direct notice via mail to all reasonably identifiable members of the Third-Party Payor Class, combined with a robust, multi-faceted media campaign that strategically targets members of the Consumer Economic Loss Class and Medical Monitoring Class. The Notice Plan also includes the implementation of a dedicated website and toll-free hotline to further inform Third-Party Payor, Consumer Economic Loss, and Medical Monitoring Class Members of their rights and options in the litigation.

47.     In my professional opinion, based upon my education, experience, and expertise, the Notice

Plan described herein will provide full and proper notice to Third-Party Payor, Consumer Economic Loss, and Medical Monitoring Class Members before the opt-out deadline. Moreover, it is my professional opinion that the Notice Plan is the best notice that is practicable under the circumstances and fully comports with due process, Fed. R. Civ. P. 23, and the guidelines promulgated by the Federal Judicial Center. After the Notice Plan has been executed, Angeion will provide a final report verifying its effective implementation to this Court.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: May 10, 2023

STEVEN WEISBROT

# Exhibit A



# INNOVATION
## IT'S PART OF OUR DNA

class action | mass tort | legal noticing | litigation support




Changing the Rules

## Judicial Recognition

© Angeion Group, LLC

***IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION***
**Case No. 3:18-md-02843**

The Honorable Vincent Chhabria, United States District Court, Northern District of California (March 29, 2023): The Court approves the Settlement Administration Protocol & Notice Plan, amended Summary Notice (Dkt. No. 1114-8), second amended Class Notice (Dkt. No. 1114-6), In-App Notice, amended Claim Form (Dkt. No. 1114-2), Opt-Out Form (Dkt. No. 1122-1), and Objection Form (Dkt. No. 1122-2) and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement and the subsequent filings referenced above meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), the anticipated motion for Attorneys' Fees and Expenses Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

***LUNDY v. META PLATFORMS, INC.***
**Case No. 3:18-cv-06793**

The Honorable James Donato, United States District Court, Northern District of California (April 26, 2023): For purposes of Rule 23(e), the Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto are approved…The form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval are accepted at this time as practicable and reasonable in light of the rather unique circumstances of this case.

***IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION***
**Case No. 5:18-md-02827**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 17, 2021): Angeion undertook a comprehensive notice campaign…The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

***IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION***
**Case No. 1:20-cv-04699**

The Honorable John Z. Lee, United States District Court, Northern District of Illinois (August 22, 2022):  The Class Notice was disseminated in accordance with the procedures required by the Court's Order Granting Preliminary Approval…in accordance with applicable law, satisfied the requirements of Rule 23(e) and due process, and constituted the best notice practicable…

# JUDICIAL RECOGNITION



### *IN RE: GOOGLE PLUS PROFILE LITIGATION*
**Case No. 5:18-cv-06164**

The Honorable Edward J. Davila, United States District Court, Northern District of California (January 25, 2021):  The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members...

### *MEHTA v. ROBINHOOD FINANCIAL LLC*
**Case No. 5:21-cv-01013**

The Honorable Susan van Keulen, United States District Court, Northern District of California (August 29, 2022): The proposed notice plan, which includes direct notice via email, will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Class Members of the nature and pendency of the Litigation, the scope of the Settlement Class, a summary of the class claims, that a Class Member may enter an appearance through an attorney, that the Court will grant timely exclusion requests, the time and manner for requesting exclusion, the binding effect of final approval of the proposed Settlement, and the anticipated motion for attorneys' fees, costs, and expenses and for service awards. The plan and the Notice constitute due, adequate, and sufficient notice to Class Members and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules.

### *ADTRADER, INC. v. GOOGLE LLC*
**Case No. 5:17-cv-07082**

The Honorable Beth L. Freeman, United States District Court, Northern District of California (May 13, 2022):  The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including the Notice Forms attached to the Weisbrot Declaration, subject to the Court's one requested change as further described in Paragraph 8 of this Order, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the AdWords Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the AdWords Class. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice Plan fully complies with the Northern District of California's Procedural Guidance for Class Action Settlements.

# JUDICIAL RECOGNITION



***IN RE: FACEBOOK INTERNET TRACKING LITIGATION***

**Case No. 5:12-md-02314**

The Honorable Edward J. Davila, United States District Court, Northern District of California (November 10, 2022): The Court finds that Plaintiffs' notice meets all applicable requirements of due process and is particularly impressed with Plaintiffs' methodology and use of technology to reach as many Class Members as possible. Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

***CITY OF LONG BEACH v. MONSANTO COMPANY***

**Case No. 2:16-cv-03493**

The Honorable Fernando M. Olguin, United States District Court, Central District of California (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

***STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC***

**Case No. 3:20-cv-00903**

The Honorable John A. Gibney Jr., United States District Court, Eastern District of Virginia (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice…Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

***WILLIAMS v. APPLE INC.***

**Case No. 3:19-cv-0400**

The Honorable Laurel Beeler, United States District Court, Northern District of California (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

***CLEVELAND v. WHIRLPOOL CORPORATION***

**Case No. 0:20-cv-01906**

The Honorable Wilhelmina M. Wright, United States District Court, District of Minnesota (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email

addresses are unavailable, which is the best practicable notice under the circumstances...The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

### *RASMUSSEN v. TESLA, INC. d/b/a TESLA MOTORS, INC.*
**Case No. 5:19-cv-04596**

The Honorable Beth Labson Freeman, United States District Court, Northern District of California (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

### *CAMERON v. APPLE INC.*
**Case No. 4:19-cv-03074**

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

### *RISTO v. SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS*
**Case No. 2:18-cv-07241**

The Honorable Christina A. Snyder, United States District Court, Central District of California (November 12, 2021):  The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website...The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)...

### *JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.*
**Case No. 2:15-cv-01219**

The Honorable Joanna Seybert, United States District Court, Eastern District of New York (November 8, 2021):  Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed

Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish), and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

### NELLIS v. VIVID SEATS, LLC
### Case No. 1:20-cv-02486

The Honorable Robert M. Dow, Jr., United States District Court, Northern District of Illinois (November 1, 2021):  The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation...(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

### PELLETIER v. ENDO INTERNATIONAL PLC
### Case No. 2:17-cv-05114

The Honorable Michael M. Baylson, United States District Court, Eastern District of Pennsylvania (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

### BIEGEL v. BLUE DIAMOND GROWERS
### Case No. 7:20-cv-03032

The Honorable Cathy Seibel, United States District Court, Southern District of New York (October 25, 2021):  The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature

of the Action…and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

### *QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS*
**Case No. 37-2019-00017834-CU-NP-CTL**

The Honorable Eddie C. Sturgeon, Superior Court of the State of California, County of San Diego (September 27, 2021):  The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

### *HOLVE v. MCCORMICK & COMPANY, INC.*
**Case No. 6:16-cv-06702**

The Honorable Mark W. Pedersen, United States District Court for the Western District of New York (September 23, 2021):  The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action…(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

### *CULBERTSON T AL. v. DELOITTE CONSULTING LLP*
**Case No. 1:20-cv-03962**

The Honorable Lewis J. Liman, United States District Court, Southern District of New York (August 27, 2021):  The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

### *PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC*
**Case No. 3:19-cv-00167**

The Honorable Timothy C. Batten, Sr., United States District Court, Northern District of Georgia (August 24, 2021):  Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable

under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

### IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)
### Case No. 6:20-md-02977

The Honorable Robert J. Shelby, United States District Court, Eastern District of Oklahoma (August 23, 2021): The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan...The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

### ROBERT ET AL. v. AT&T MOBILITY, LLC
### Case No. 3:15-cv-03418

The Honorable Edward M. Chen, United States District Court, Northern District of California (August 20, 2021): The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action ...(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

### PYGIN v. BOMBAS, LLC
### Case No. 4:20-cv-04412

The Honorable Jeffrey S. White, United States District Court, Northern District of California (July 12, 2021): The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.



***WILLIAMS ET AL. v. RECKITT BENCKISER LLC ET AL.***
**Case No. 1:20-cv-23564**

The Honorable Jonathan Goodman, United States District Court, Southern District of Florida (April 23, 2021):  The Court approves, as to form and content, the Class Notice and Internet Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

***NELSON ET AL. v. IDAHO CENTRAL CREDIT UNION***
**Case No. CV03-20-00831, CV03-20-03221**

The Honorable Robert C. Naftz, Sixth Judicial District, State of Idaho, Bannock County (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it...The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

***IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION***
**Case No. 3:20-cv-00812**

The Honorable Edward M. Chen, United States District Court, Northern District of California (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

***IN RE: PEANUT FARMERS ANTITRUST LITIGATION***
**Case No. 2:19-cv-00463**

The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia (December 23, 2020):  The Court finds that the Notice Program...constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

***BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.***
**Case No. 2:19-cv-13554**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

**IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION**
**Case No. 2:19-mn-02886**
The Honorable David C. Norton, United States District Court, District of South Carolina (December 18, 2020): The proposed Notice provides the best notice practicable under the circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

**ADKINS ET AL. v. FACEBOOK, INC.**
**Case No. 3:18-cv-05982**
The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020): Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

**IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION**
**Case No. 8:16-md-02737**
The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020): The Court finds and determines that mailing the Summary Notice and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

**MARINO ET AL. v. COACH INC.**
**Case No. 1:16-cv-01122**
The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020): The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object or to exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States

Constitution.  The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

### BROWN v. DIRECTV, LLC
### Case No. 2:13-cv-01170
The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020):  Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

### IN RE: SSA BONDS ANTITRUST LITIGATION
### Case No. 1:16-cv-03711
The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020):  The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

### KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.
### Case No. 4:18-cv-00430
The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020):  The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

### HESTER ET AL. v. WALMART, INC.
### Case No. 5:18-cv-05225
The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020):  The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

### CLAY ET AL. v. CYTOSPORT INC.
### Case No. 3:15-cv-00165
The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020):  The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice

Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *GROGAN v. AARON'S INC.*
### Case No. 1:18-cv-02821

The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020):  The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

### *CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.*
### Case No. D-202-CV-2001-00579

The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

### *SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.*
### Case No. 4:16-cv-02200

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members

will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### *HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC*
### Case No. 8:19-cv-00550

The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

### *CORCORAN, ET AL. v. CVS HEALTH, ET AL.*
### Case No. 4:15-cv-03504

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019):  Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court

APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

### *PATORA v. TARTE, INC.*
### Case No. 7:18-cv-11760

The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019):  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

### *CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.*
### Case No. 2:16-cv-00633

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019):   The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

### *CORZINE v. MAYTAG CORPORATION, ET AL.*
### Case No. 5:15-cv-05764

The Honorable Beth L. Freeman, United States District Court, Northern District of California (August 21, 2019):  The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

Case 1:19-md-02875-RMB-SAK   Document 2375-4   Filed 05/10/23   Page 30 of 52
PageID: 85391



### MEDNICK v. PRECOR, INC.
**Case No. 1:14-cv-03624**

The Honorable Harry D. Leinenweber, United States District Court, Northern District of Illinois (June 12, 2019): Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

### GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.
**Case No. 1:18-cv-20048**

The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May 24, 2019): The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

### ANDREWS ET AL. v. THE GAP, INC., ET AL.
**Case No. CGC-18-567237**

The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San Francisco (May 10, 2019): The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

### COLE, ET AL. v. NIBCO, INC.
**Case No. 3:13-cv-07871**

The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11, 2019): The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this…, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.



***DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.***
**Case No. 1:14-cv-14744**

The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

***IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION***
**Case No. 3:17-md-02777**

The Honorable Edward M. Chen, United States District Court, Northern District of California (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice...practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

***RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPANY***
**Case No. 1:15-cv-04519**

The Honorable Manish S. Shah, United States District Court, Northern District of Illinois (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy

as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

### MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.
### Case No. 7:16-cv-06981

The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018):  In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr. Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

### IN RE: OUTER BANKS POWER OUTAGE LITIGATION
### Case No. 4:17-cv-00141

The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

### GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.
### Case No. 7:13-cv-03073

The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017):  Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

### *HALVORSON v. TALENTBIN, INC.*
**Case No. 3:15-cv-05166**

The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement    Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

### *IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION*
**MDL No. 2669/Case No. 4:15-md-02669**

The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017):  The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

### *TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.*
**Case No. 1:15-cv-00912**

The Honorable Dan Aaron Polster, United States District Court, Northern District of Ohio (April 27, 2017):  The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise

Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

### IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION
### Case No. 1:14-md-02583

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017):  The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

### ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC
### Case No. 384003V

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017):  What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. *I think the notice provisions are exquisite* [emphasis added].

### IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION
### Case No. 2:08-cv-00051

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (June 17, 2016):  This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will

receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

### FENLEY v. APPLIED CONSULTANTS, INC.
### Case No. 2:15-cv-00259

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of **the efforts of Angeion were highly successful and fulfilled all of those requirements** [emphasis added].

### FUENTES, ET AL. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, ET AL.
### Case No. 1:15-cv-08372

The Honorable J. Paul Oetken, United States District Court, Southern District of New York (May 16, 2016):  The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.



***IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION***
**MDL No. 2001/Case No. 1:08-wp-65000**

The Honorable Christopher A. Boyko, United States District Court, Northern District of Ohio (May 12, 2016):  The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

***SATERIALE, ET AL. v. R.J. REYNOLDS TOBACCO CO.***
**Case No. 2:09-cv-08394**

The Honorable Christina A. Snyder, United States District Court, Central District of California (May 3, 2016):  The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

***FERRERA, ET AL. v. SNYDER'S-LANCE, INC.***
**Case No. 0:13-cv-62496**

The Honorable Joan A. Lenard, United States District Court, Southern District of Florida (February 12, 2016):  The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

***IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION***
**MDL No. 2328/Case No. 2:12-md-02328**

The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana (December 31, 2014):  To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the

plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

### *SOTO, ET AL. v. THE GALLUP ORGANIZATION, INC.*
**Case No. 0:13-cv-61747**

The Honorable Marcia G. Cooke, United States District Court, Southern District of Florida (June 16, 2015):  The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

### *OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.*
**Case No. 3:14-cv-00645**

The Honorable Janice M. Stewart, United States District Court, District of Oregon (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

# Exhibit B

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation
Case No. 1:19-md-02875-RBK-SAK

> # If you are an individual or entity who consumed, and/or paid any amount of money for, generic Valsartan, Valsartan HCTZ, Amlodipine Valsartan or Amlodipine Valsartan HCTZ a class action lawsuit could affect your rights.

*A federal court authorized this Notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

- The purpose of this notice is to alert you about class action lawsuits (collectively referenced herein as the "Lawsuit") brought by individuals and entities who consumed and/or purchased Valsartan or Valsartan Containing Drugs that were manufactured, produced, or sold by the Defendants. The Lawsuit asserts the Defendants violated numerous state laws by manufacturing, producing and/or selling Valsartan or VCDs that were contaminated with probable genotoxic human carcinogens in the form of nitrosamines, N-nitrosodimethylamine ("NDMA") and N-nitrosodiethylamine ("NDEA"). Defendants have denied any wrongdoing and asserted various legal defenses. <u>This portion of the Lawsuit only includes class action claims for economic losses and class action claims for future medical monitoring. This does not include personal injury claims, and does not include any claims related to Losartan or Irbesartan.</u>

- The Court has determined that the Lawsuit can proceed as a class action and has certified a number of detailed classes and subclasses by claim, defendant, and groupings of states. Below are summary class definitions authorized by the Court for the express purpose of providing this Notice. More detailed information regarding the various classes and subclasses certified by the Court may be viewed on the website **[Website URL]**. The website will help you determine whether or not you are a class member, and if so, for which subclasses.

  - **Consumer Economic Loss Class**: All individuals and entities in the United States and its territories and possessions who, since at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money for a valsartan-containing drug (intended for personal or household use) that was manufactured, distributed, or sold by any Defendant.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**    1

2794817.1

o **Medical Monitoring Class:** Individuals residing in the United States and its territories and possessions (except Mississippi, North Carolina, and North Dakota) who consumed a sufficiently high Lifetime Cumulative Threshold of NDMA, NDEA, or other nitrosamine, in generic valsartan-containing drugs manufactured by or for Defendants and marketed in the United States and its territories and possessions, at least since January 1, 2012.

o **Third Party Payor Class:** All Third Party Payors that, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in any of the 50 states, Puerto Rico or the District of Columbia for a valsartan-containing drug that was manufactured, distributed, or sold in the United States by any Active Pharmaceutical Ingredient, Finished Dose, Wholesaler, or Pharmacy Defendant.

• Your rights are affected whether you do or do not act. Please read this Notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **OPT OUT OF THE LAWSUIT** | **Remove yourself from the Lawsuit. Receive no benefits if the Classes prevail or a settlement is reached but retain the right to sue separately.**<br><br>If you do not want to participate in the economic loss and/or medical monitoring claims in the Lawsuit, you may ask to be excluded in writing by [EXCLUSION DATE]. By electing to exclude yourself, or "opt out" of the economic loss and/or medical monitoring claims in the Lawsuit, you will not receive any benefits of any judgment or settlement in the economic loss and/or medical monitoring Lawsuit, nor will you be bound by any decision on the economic loss and/or medical monitoring claims in the Lawsuit that is favorable to Defendants. If you elect to exclude yourself from only the economic loss or medical monitoring classes, you will not be excluded from the remaining classes. You will retain the right to file a separate lawsuit regarding the same legal claims at issue in this Lawsuit, if you exclude yourself as to these claims. | _____, 2023 |
| **DO NOTHING** | **Stay in the Lawsuit to await the outcome. Give up the right to sue separately.**<br><br>If you do nothing, you will automatically be part of the Lawsuit if you qualify as a Class Member. Plaintiffs and their attorneys will act as your representative and counsel, and if they prevail in the Lawsuit or a settlement is reached and you are confirmed as a Class Member, you will be entitled to your proportionate share of any money or other benefits they obtain for the Class(es). If the Defendants prevail on any claims, however, you will be bound by that judgment and will not be able to | No Deadline |

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**        2

2794817.1

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | DEADLINE |
|---|---|
| separately sue the Defendants regarding the claims brought in the Lawsuit. | |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case has not decided in favor of the Plaintiffs or the Defendants.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**    3

2794817.1

# TABLE OF CONTENTS

1.  **BASIC INFORMATION**.................................................................................
   - WHY WAS THIS NOTICE ISSUED
   - WHAT IS THIS LAWSUIT ABOUT
   - WHAT IS A CLASS ACTION
   - IS THERE MONEY AVAILABLE

2.  **AM I A CLASS MEMBER**................................................................................
   - WHO IS INCLUDED IN THE CONSUMER ECONOMIC LOSS CLASS
   - WHO IS INCLUDED IN THE MEDICAL MONITORING CLASS
   - CAN I BE IN MORE THAN ONE CLASS
   - WHO IS INCLUDED IN THE THIRD PARTY PAYOR CLASS
   - ARE THERE EXCEPTIONS TO BEING A CLASS MEMBER

3.  **YOUR RIGHTS AND OPTIONS**......................................................................
   - HOW DO I OPT OUT OF THE LAWSUIT
   - WHAT HAPPENS IF I DO NOTHING AT ALL

4.  **THE LAWYERS REPRESENTING YOU**........................................................
   - DO I HAVE A LAWYER IN THE CASE
   - SHOULD I GET MY OWN LAWYER
   - HOW WILL THE LAWYERS BE PAID

5.  **WHEN AND HOW WILL THE LAWSUIT BE RESOLVED**............................
   - HOW AND WHEN WILL THE COURT DECIDE WHO IS RIGHT
   - DO I HAVE TO COME TO THE TRIAL

6.  **GETTING MORE INFORMATION**..................................................................
   - HOW DO I GET MORE INFORMATION

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**    4

2794817.1

# BASIC INFORMATION

## 1. Why was this Notice issued?

A federal court authorized this Notice because you have a right to know about this class action Lawsuit and about all of your rights and options. This Notice explains the Lawsuit and your legal rights.

The Honorable Robert B. Kugler of the United States District Court for the District of New Jersey is overseeing the class actions in the Lawsuit as part of a Multi-District Litigation ("MDL") called *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation*, Case No. 1:19-md-02875-RBK-SAK. This part of the MDL pertains only to Valsartan economic loss and medical monitoring claims. The people that filed the Lawsuit are called the "Plaintiffs" and the companies they sued are called the "Defendants." This part of the Lawsuit does not involve Losartan or Irbesartan.

## 2. What is the Lawsuit about?

The Lawsuit alleges the Defendants violated numerous state laws by manufacturing, producing and/or selling Valsartan or VCDs that were contaminated with probable genotoxic human carcinogens in the form of nitrosamines, N-nitrosodimethylamine ("NDMA") and N-nitrosodiethylamine ("NDEA"). Defendants deny all allegations of fault, wrongdoing, or liability made in the Lawsuit, and have asserted various legal defenses.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are known as "Class Representatives" or "Plaintiffs." Together, the people included in the class action are called a "class" or "class members." One court resolves a class action lawsuit for all class members, except for those who opt out of the litigation. The Plaintiffs and the Defendants are the Parties (the "Parties") in the Litigation. The names of the individual Plaintiffs are listed on the website and the Defendants for the Consumer Economic Loss Classes, the Medical Monitoring Classes, and Third Party Payor Classes are listed below.

**The Consumer Economic Loss Class Defendants**

Manufacturer Defendants:
- Zhejiang Huahai Pharmaceutical Co., Ltd.; Huahai US Inc.; Prinston Pharmaceutical Inc. d/b/a Solco Healthcare LLC; and Solco Healthcare US, LLC, Torrent Pharmaceuticals Ltd.; and Torrent Pharma Inc., Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Actavis Pharma, Inc.; and Actavis, LLC., Mylan Laboratories, Ltd.; Mylan N.V.; and Mylan Pharmaceuticals, Inc., Hetero Labs, Ltd.; Hetero Drugs, Limited; Hetero USA Inc.; and, Camber Pharmaceuticals, Inc., Aurobindo Pharma, Ltd.; Aurobindo Pharma USA, Inc.; and Aurolife Pharma, LLC

Retail Pharmacy Defendants:
- Walgreens, CVS, Walmart, Kroger, Rite-Aid, Express Scripts, OptumRx and Albertson's

Wholesaler Defendants:
- Cardinal Health, Inc., McKesson Corporation, and/or AmerisourceBergen Corporation

**Medical Monitoring Class Defendants**

Manufacturer Defendants:
- Zhejiang Huahai Pharmaceutical Co., Ltd.; Huahai US Inc.; Prinston Pharmaceutical Inc. d/b/a Solco Healthcare LLC; and Solco Healthcare US, LLC, Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Actavis Pharma, Inc.; and Actavis, LLC., Mylan Laboratories, Ltd.; Mylan N.V.; and Mylan, LLC

Retail Pharmacy Defendants:
- Walmart and Rite-Aid

Wholesaler Defendants
- Express Scripts, McKesson Corporation, and/or AmerisourceBergen Corporation

**The Third Party Payor Class Defendants**

Manufacturer Defendants:
- Zhejiang Huahai Pharmaceutical Co., Ltd.; Huahai US Inc.; Prinston Pharmaceutical Inc. d/b/a Solco Healthcare LLC; and Solco Healthcare US, LLC, Torrent Pharmaceuticals Ltd.; and Torrent Pharma Inc., Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Actavis Pharma, Inc.; and Actavis, LLC., Mylan Laboratories, Ltd.; Mylan N.V.; and Mylan Pharmaceuticals, Inc., Hetero Labs, Ltd.; Hetero Drugs, Limited; Hetero USA Inc.; and, Camber Pharmaceuticals, Inc., Aurobindo Pharma, Ltd.; Aurobindo Pharma USA, Inc.; and Aurolife Pharma, LLC

Wholesaler Defendants
- Cardinal Health, Inc., McKesson Corporation, and/or AmerisourceBergen Corporation

## 4. Is there money available?

No money or benefits are available now because the Court has not decided the merits of the Plaintiffs' claims, and the Parties have not settled the case.  There is no guarantee that money or benefits ever will be obtained. If money or benefits become available either by way of settlement or if the Plaintiffs prevail at trial or through legal motions, Class Members may have to take additional steps, such as submitting a claim form or providing other evidence, in order to determine whether they are eligible to recover any money or benefits.  In that event, you will be notified of whatever additional steps you must take. You can learn more details, and stay informed of the progress of the Lawsuit, by visiting [Website URL].

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**    6

2794817.1

# AM I A CLASS MEMBER?

## 5A. Who is included in the Consumer Economic Loss Class?

The Court has certified a number of detailed subclasses by claim, defendant, and groupings of states. Below is a simplified class definition authorized by the Court for the express purpose of providing this Notice. More detailed information regarding the various classes and subclasses certified may be viewed on the website referenced herein.

The Consumer Economic Loss Class includes: All individuals and entities in the United States and its territories and possessions who, since at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money for a valsartan-containing drug (intended for personal or household use) that was manufactured, distributed, or sold by any Defendant.

## 5B. Who is included in the Medical Monitoring Class?

The Medical Monitoring Classes are as follows.

23(b)(3) Medical Monitoring Independent Claim Class:

All individuals residing in Alaska; Arizona; Arkansas; California; Colorado; Delaware; District of Columbia; Florida; Hawaii; Idaho; Maine; Massachusetts; Minnesota; Montana; New Mexico; Pennsylvania; South Dakota; Utah; West Virginia; and Wyoming and who consumed a sufficiently high Lifetime Cumulative Threshold of NDMA, NDEA, or other nitrosamine, in generic valsartan-containing drugs manufactured by or for Defendants and marketed in the United States and its territories and possessions, at least since January 1, 2012.

23(b)(2) Medical Monitoring (Physical Injury Required) Remedy Subclass:

All individuals residing in Alabama; Connecticut; Georgia; Illinois; Iowa; Kentucky; Louisiana; Michigan; Nebraska; New Hampshire; Oklahoma; Oregon; and Wisconsin who consumed a sufficiently high Lifetime Cumulative Threshold of NDMA, NDEA, or other nitrosamine, in generic valsartan-containing drugs manufactured by or for Defendants and marketed in the United States and its territories and possessions, at least since January 1, 2012.

23(b)(2) Medical Monitoring (Physical Injury Not Required) Remedy Subclass:

All individuals residing in California; District of Columbia; Guam; Indiana; Kansas; Maryland; Missouri; Nevada; New Jersey; New York; Ohio; Puerto Rico and other Federal territories; Rhode Island; South Carolina; Tennessee; Texas; Vermont; Virgin Islands; Virginia; and Washington who consumed a sufficiently high Lifetime Cumulative Threshold of NDMA, NDEA, or other nitrosamine, in generic valsartan-containing drugs manufactured by or for Defendants and marketed in the United States and its territories and possessions, at least since January 1, 2012.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**          7

2794817.1

## 6. Can Individuals be in More than One Class?

Yes, you can be a member of more than one class.

If you both paid for and consumed sufficiently high amounts of the drugs at issue in the Lawsuit, you may be entitled both to get an economic recovery (if Plaintiffs prevail) and to obtain certain monitoring-relating benefits (if Plaintiffs prevail). In that case, you would be a member of both the economic loss class and the medical monitoring class.

In addition, with respect to medical monitoring, residents of certain states are members in more than one class.

## 7. Who is included in the Third Party Payor Class?

All Third-Party Payors that, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in any of the 50 states, Puerto Rico or the District of Columbia, for a valsartan-containing drug that was manufactured, distributed, or sold in the United States by any Active Pharmaceutical Ingredient, Finished Dose, Wholesaler or Pharmacy Defendant.

## 8. Are there exceptions to being a Class Member?

Yes. Excluded from some or all of the Consumer, Medical Monitoring, and Third Party Payor Classes are the following: (a) Defendants and affiliated entities; (b) Defendants' assigns, and successors; (c) All federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans; (d) Pharmacy Benefit Managers ("PBMs"); (e) TPPs whose only valsartan-containing drug purchases, who would otherwise meet this Class Definition, were for Hetero Defendants' valsartan-containing drugs dispensed prior May 1, 2018; and (f) All class members who properly execute and file a timely request for exclusion.

## YOUR RIGHTS AND OPTIONS

## 9. How do I opt out of the Lawsuit?

If you want to keep your right, if any, to separately sue the Defendants about the legal issues in this case, you must take steps to exclude yourself from the Lawsuit. This is called "opting out" of the Class(es). The deadline for requesting exclusion from the Lawsuit is **[Exclusion Deadline]**.

To exclude yourself, you must submit a written request for exclusion that includes the following information:

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**    8

2794817.1

- The name of the Lawsuit: *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation*, Case No. 1:19-md-02875-RBK-SAK (D.N.J.);
- Your name and current address;
- Your personal signature; and
- A statement clearly indicating your intent to be excluded from the entire Lawsuit, or only the economic loss claims, or only the medical monitoring claims in the Lawsuit.

Your request for exclusion must be mailed to the address below so it is postmarked no later than [**Exclusion Deadline**].

Valsartan Class Action Administrator
ATTN: Exclusion Request
PO Box 58220
Philadelphia, PA 19102

By electing to be excluded: (1) you will not share in any potential recovery that might be obtained by the Classes as a result of trial, legal motion, or settlement in the Lawsuit; (2) you will not be bound by any decision in the Lawsuit that is either favorable to the Classes or favorable to the Defendants; and (3) you may present any claims you have against the Defendants by filing your own lawsuit.

## 10. What happens if I do nothing at all?

If you do nothing, you will keep the right to a share of any recovery that may come from a trial or settlement of the Lawsuit against the Defendants. You will not be able to start another lawsuit, continue another lawsuit, or be part of any other lawsuit against Defendants about the legal and factual issues in this Valsartan case. All the Court's orders in the Lawsuit will apply to you and legally bind you. You will also be bound by any judgment in the Lawsuit.

## THE LAWYERS REPRESENTING YOU

## 11. Do I have a lawyer in the case?

Yes. The Court has appointed the following law firms to represent the Classes ("Class Counsel"). You will not be charged for their services.

**Consumer Economic Loss Class Counsel**
- Ruben Honik, Honik LLC
- Conlee Whiteley, Kanner & Whiteley, LLC
- John R. Davis, Slack Davis Sanger LLP

**Medical Monitoring Class Counsel**
- Rachel Geman, Lieff Cabraser Heimann & Bernstein
- Nicholas Migliaccio, Migliaccio & Rathod LLP

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**                9

2794817.1

**Third Party Payor Class Counsel**
- Jorge Mestre, Rivero Mestre LLP
- Gregory Hansel, Preti Flaherty Beliveau & Pachios Chartered LLP

## 12. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel works for you, however, if you want to be represented by your own lawyer, you may hire one at your own expense and have him or her appear on your behalf in the Lawsuit.

## 13. How will the lawyers be paid?

If Class Counsel achieves a recovery for any of the Classes, for example by way of settlement or after winning at trial, the Court will be asked to approve reasonable attorneys' fees for, as well as reimbursement of expenses to, Class Counsel and other Court Appointed Counsel who are members of the Plaintiffs' Executive Committee and the Plaintiffs' Steering Committee in the MDL and who have advanced time and money on behalf of the Classes. If the Court grants Counsels' requests, fees and expenses would either be deducted from any money obtained for the Classes, or the Court may order the Defendants to pay attorneys' fees and costs in addition to any damage award to the Classes. Class Members will not have to pay any attorneys' fees or expenses themselves, because any fees or expenses paid will only be taken out of money obtained from Defendants, and only to the extent approved by the Court prior to their payment.

## WHEN AND HOW WILL THE LAWSUIT BE RESOLVED

## 14. How and when will the Court decide who is right?

If the claims against Defendants are not resolved by a settlement or otherwise, Class Counsel and other Court Appointed Counsel who are members of the Plaintiffs' Executive Committee and the Plaintiffs' Steering Committee in the MDL will have to prove claims in the Consumer Economic Loss Classes, the Medical Monitoring Classes, and the Third Party Payor Classes at trial. A jury trial solely limited to certain Third Party Payor sub-classes with claims against the ZHP, Torrent and Teva entities is scheduled for [Trial Date]. There will be subsequent trial dates thereafter for the remaining claims asserted by the consumer economic loss plaintiffs, the medical monitoring class plaintiffs, and the TPP Plaintiffs. There is no guarantee that Plaintiffs will win, or that they will get any money for the Classes. Any judgment will be binding on all Class Members who have not opted out, regardless of who wins. There are no Losartan or Irbesartan claims included in the certified classes at this time. Those claims will be addressed at a later time.

## 15. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel and other Court Appointed Counsel who are members of the Plaintiffs' Executive Committee and the Plaintiffs' Steering Committee will present the case on your behalf, and counsel for the Defendants will present Defendants' defenses. You and/or your own lawyer may attend the trial at your own expense. If any class to which you belong obtains money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take but will continue to update the website as information is received.

## GETTING MORE INFORMATION

### 16. How do I get more information?

For more detailed information about the Lawsuit, including being able to determine whether you are a member of any of the sub-classes, please refer to the dedicated class website: [Website URL].

If you have additional questions, you may contact the Class Action Administrator by email, phone, or mail:

Email: [Email Address]

Toll-Free: 1-XXX-XXX-XXXX

Mail: Valsartan Class Action Administrator, 1650 Arch St, Ste 2210, Philadelphia, PA 19103

Publicly filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the District of New Jersey or reviewing the Court's online docket.

**PLEASE DO NOT WRITE OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**    11

2794817.1

# Exhibit C

**If you are an individual or entity who paid any amount of money for Valsartan or Valsartan-Containing Drugs ("VCDs"), a class action lawsuit could affect your rights.**

For more information about the Lawsuit, including your rights and options, call toll-free 1-XXX-XXX-XXXX or visit website URL.

*A federal court authorized this notice.*
*You are not being sued.*
*This is not a solicitation from a lawyer.*

Valsartan Class Action Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»

«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

The purpose of this notice is to alert you about a Class Action Lawsuit (the "Lawsuit") brought by individuals and entities who purchased Valsartan or Valsartan Containing Drugs that were manufactured, produced, or sold by the Defendants. The Lawsuit asserts the Defendants violated numerous state laws by manufacturing, producing and/or selling Valsartan or VCDs that were contaminated with probable genotoxic human carcinogens in the form of nitrosamines, N-nitrosodimethylamine ("NDMA") and N-nitrosodiethylamine ("NDEA"). Defendants have denied any wrongdoing and asserted various legal defenses. This portion of the Lawsuit only includes economic losses.

The Court has determined that the Lawsuit can proceed as a class action and certified Consumer Economic Loss, Medical Monitoring, and Third Party Payor classes and subclasses.  You are receiving this notice as you may be a member of the Third Party Payor classes. More detailed information regarding the various classes and subclasses certified by the Court may be viewed on the website [website URL]. In summary, the Third Party Payor class consists of:

- All Third Party Payors that, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in any of the 50 states, Puerto Rico or the District of Columbia for a valsartan-containing drug that was manufactured, distributed, or sold in the United States by any Active Pharmaceutical Ingredient, Finished Dose, Wholesaler, or Pharmacy Defendant.

**Is there money available?** No money or benefits are available now because the Court has not decided the merits of the Plaintiffs' claims, and the Parties have not settled the case.

**What are my options?** If you do not want to participate in the lawsuit, you may ask to be excluded in writing by [EXCLUSION DATE]  By electing to exclude yourself, or "opt out" of this litigation, you will not receive any benefits of any judgment or settlement in this class action, nor will you be bound by any decision in this lawsuit that is favorable to Defendants. You will retain the right to file a separate lawsuit regarding the same legal claims at issue in this case. If you do nothing, you will automatically be part of this lawsuit if you qualify as Class Member.  Plaintiffs and their attorneys will act as your representative and counsel, and if they prevail in this lawsuit or a settlement is reached and you are confirmed as a Class Member, you will be entitled to your proportionate share of any money or other benefits they obtain for the Class(es). If the Defendants prevail, however, you will be bound by that judgement and will not be able to separately sue the defendants regarding the legal claims in this case.

**Do I have a lawyer in this case?** Yes. The Court has appointed the law firms of Rivero Mestre LLP and Preti Flaherty Beliveau & Pachios Chartered LLP to represent the Third Party Payor Class.

**Where can I get more information?** Please visit [website URL] or call toll free 1-XXX-XXX-XXXX to obtain more complete information about the lawsuit and your rights and options, including how to exclude yourself from the lawsuit.