# Exhibit A

# RIVERO MESTRE

May 12, 2023

*Via Email*

| | |
|---|---|
| Lori G. Cohen, Esq. | Clem Trischler, Esq. |
| Greenberg Traurig LLP | Pietragallo, Gordon, Alfano |
| Terminus 200 Building | Bosick & Raspanti, LLP |
| 3333 Piedmont Road NE, 25th Floor | One Oxford Centre, 38th Floor |
| Atlanta, GA 30305 | Pittsburgh, PA 15219 |
| | |
| Jessica D. Miller | Sarah Johnston |
| Skadden, Arps, Slate, | Barnes & Thornburg LLP |
| Meagher & Flom LLP | 2029 Century Park East, Suite 300 |
| 1440 New York Ave., N.W. | Los Angeles, CA 90067 |
| Washington, D.C. 20005 | |
| | Jeffrey D. Geoppinger |
| Allison M. Brown | Ulmer & Berne LLP |
| Skadden, Arps, Slate, | 312 Walnut St., Suite 1400 |
| Meagher & Flom LLP | Cincinnati, OH 45202 |
| One Manhattan West | |
| New York, NY 10001-8602 | |

Dear counsel:

We write in response to Defendants' May 9, 2023 letter, where Defendants assert that "MSPRC [has] failed to produce the substantial majority of documents responsive to SMO 73," and that if the documents are not produced by May 12, 2023, Defendants "intend to file a motion for rule to show cause." Contrary to Defendants' assertion, MSPRC has complied with SMO 73.

Starting with the basics, SMO 73 required MSPRC to produce the following:

**Subsidy, Reimbursement, and Rebate Data** . . . reflecting all subsidies, reimbursements, and rebates received by [a] TPP Plaintiff from [the] Center for Medicare and Medicaid Services ("CMS"), including but not limited to all prescription drug event ("PDE") reports and all PDE payment records reflecting reimbursement requests and payments for valsartan drugs, during the time period for which TPP Plaintiff is seeking damages (the "Relevant Time Period").

MSPRC has complied with that order.

MSPRC produced files for both Emblem and SummaCare, which provided PDE data for over thirty thousand transactions. *See* MSP 0005943; MSP 0005926. Defendants state that there are no PDE reports for Emblem for the year of 2014. MSPRC does not challenge that observation, but notes that it has confirmed with Emblem that it has provided all the PDE data that it possesses for the claims at issue. MSPRC cannot produce what does not exist.




    MSPRC also produced excel sheets showing the direct subsidies that SummaCare and Emblem received, after having been adjusted for any end of year risk adjustment. *See* MSP 0005927; MSP 0005928; MSP 0005929; MSP 0005930; MSP 0005391; MSP 0005932; MSP 0005944. As such, MSPRC has produced data showing all the payments that it received from CMS that could relate to the claims at issue in the TPP class trial.

    Despite this extensive and robust production, Defendants appear to be asserting that MSPRC's production isn't complete on the theory that MSRPC didn't produce the data in the format that Defendants would have liked or on the precise form to which Defendants believe that they are entitled. But SMO 73 didn't order the data to be produced on a specific form, and Defendants fail to identify what additional data they hope to glean from the fourteen specific forms that they identify in their letter. Defendants also don't establish how that data would be any different from the data that MSPRC has already produced, and they fail to acknowledge that many of those forms would include data that the Court expressly held that MSPRC did not have to produce, such as highly confidential information related to the assignors' bids.

    Finally, Defendants assert that MSPRC has not produced PDE data for ConnectiCare, but SMO 73 clearly states that the "claims at issue were assigned to MSPRC by two Third Party Payors ("TPPs"), Group Health Incorporated and Health Insurance Plan of Greater New York (collectively referred to as "EmblemHealth"), and Summacare, Inc." SMO 73 never contemplated MSRPC producing data on behalf of ConnectiCare, which is not one of the two assignors whose assigned claims will be part of the TPP class trial.

    At bottom, MSRPC has complied with SMO 73. Nonetheless, it is open to meeting and conferring with Defendants regarding the issues they raise in their letter. We are available to meet on May 15 from 12 pm - 6 pm EST or on May 16 from 1 pm – 6 pm EST.

    Sincerely,

JORGE A. MESTRE