# EXHIBIT E

| | |
|---|---|
| **From:** | Kapke, Kara |
| **Sent:** | Thursday, May 11, 2023 10:34 AM |
| **To:** | David J. Stanoch; Layne Hilton |
| **Cc:** | Richer, Kristen |
| **Subject:** | RE: Valsartan -- Updates to Special Master Vanaskie |
| **Attachments:** | PHI HIPAA Order to send to Plaintiffs.docx |

Dave and Layne –

Attached is a proposed order on production of identifiers to ensure HIPAA compliance.  Please let us know what you think.  We'd love to be able to submit this (or a version of this) to Judge Vanaskie as a proposed order in advance of the biweekly meeting.  Please let us know if you'd like to have a call to discuss the language within the order.

Also, should we schedule another time to talk on the other discovery issues?  Would Tuesday at 11:30am et work again?

**Kara Kapke** (She/Her) | Partner
Direct: (317) 231-6491 | Mobile: (317) 509-9545
Indianapolis, IN



**From:** David J. Stanoch <d.stanoch@kanner-law.com>
**Sent:** Friday, May 5, 2023 4:08 PM
**To:** Kapke, Kara <Kara.Kapke@btlaw.com>; Layne Hilton <lhilton@meyerwilson.com>
**Cc:** Richer, Kristen <Kristen.Richer@btlaw.com>
**Subject:** [EXTERNAL] RE: Valsartan -- Updates to Special Master Vanaskie

**Caution: This email originated from outside the Firm.**

Kara,
We can do 11:30am et on Tuesday.

David J. Stanoch

1

Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777(t)
(504) 524-5763(f)
www.kanner-law.com

---

**From:** Kapke, Kara <Kara.Kapke@btlaw.com>
**Sent:** Friday, May 5, 2023 1:52 PM
**To:** David J. Stanoch <d.stanoch@kanner-law.com>; Layne Hilton <lhilton@meyerwilson.com>
**Cc:** Richer, Kristen <Kristen.Richer@btlaw.com>
**Subject:** RE: Valsartan -- Updates to Special Master Vanaskie

Dave – Apologies for missing our last meet and confer, though it sounds like we are making very good progress.  Kristen and I would like to follow up with you again before submitting the update letters to Special Master Vanaskie.  Would you be available Tuesday for another call?  Kristen and I are available from 11:30am – 1pm, and 2-3 ET.

Thanks, Kara

**Kara Kapke** (She/Her) | Partner
Direct: (317) 231-6491 | Mobile: (317) 509-9545
Indianapolis, IN



---

**From:** David J. Stanoch <d.stanoch@kanner-law.com>
**Sent:** Thursday, May 4, 2023 2:11 PM
**To:** Jeff Geoppinger - Ulmer <jgeoppinger@ulmer.com>
**Cc:** Richer, Kristen <Kristen.Richer@btlaw.com>; Kapke, Kara <Kara.Kapke@btlaw.com>
**Subject:** [EXTERNAL] Valsartan -- Updates to Special Master Vanaskie

**Caution: This email originated from outside the Firm.**

---

Jeff,

Further to our call yesterday, we believe the parties should file their update letters to Special Master Vanaskie on Wednesday.  We can set a deadline as is usually done with CMC agenda letters.  I am copying Kristen Richer and Kara Kapke for the Retail Pharmacy Defendants, so they are aware as well.

Regards, Dave

David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777(t)
(504) 524-5763(f)
www.kanner-law.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN N-NITROSODIMETHYLAMINE (NDMA) CONTAMINATION PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Civil Action No. 1:19-md-2875 (RBK/SAK) |

**[PROPOSED] ORDER**

**WHEREAS** in Case Management Order 32 ("CMO 32") on April 21, 2023, the Court ordered that Defendants Albertson's LLC, CVS Pharmacy, Inc., Express Scripts, Inc., Humana Pharmacy, Inc., Kroger Co., OptumRX, Optum, Inc., Rite Aid Corp., Walgreen Co., and Walmart Inc.) (collectively, the "Pharmacy Defendants") "shall provide to Plaintiffs … [certain] information relating to class certification claims," including "previously-redacted retailer identifiers of ConEcoLoss members" (Doc. 2343, section 6.1.3,); and

**WHEREAS** the Pharmacy Defendants previously produced in this case structured dispensing data containing information about each Pharmacy Defendant's dispenses of valsartan-containing drugs ("Structured Data");

**WHEREAS**, within that Structured Data, each Pharmacy Defendant redacted, anonymized, or withheld from the production of that Structured Data certain fields of information containing Protected Health Information ("PHI"), as that phrase is defined in the Health Insurance Portability and Accessibility Act of 1996, Pub. L. 104-191 and regulations promulgated thereunder, belonging to the individuals corresponding to each line of data ("Previously Redacted Information");

1

**WHEREAS** the Pharmacy Defendants believe "previously-redacted retailer identifiers" as used in CMO 32 likely refers to certain Previously Redacted Information containing PHI from Pharmacy Defendants' Structured Data;

**WHEREAS** counsel for "ConEcoLoss members" ("Plaintiffs") and for Pharmacy Defendants have met and conferred, and have exchanged correspondence, numerous times beginning on April 24, 2023 regarding the precise Previously Redacted Information Plaintiffs believed to be necessary to provide class notice under FRCP 23 to "ConEcoLoss members," and Plaintiffs have identified the following fields as the minimum necessary for their purposes: name, mailing address, and, if among each Pharmacy Defendant's Previously Redacted Information, e-mail address;

**WHEREAS** the Court previously found good cause to enter an Amended Confidentiality and Protective Order (Doc. 1661, "Protective Order") to protect "PROTECTED INFORMATION," including personal psychiatric, psychological, employment, and/ or medical information, and/ or other highly sensitive information; and

**WHEREAS** the Court specified in the Protective Order the production of PHI to be designated as "Restricted Confidential" and shall not, without leave of this Court, be disclosed to any person or entity other than those specifically enumerated in the Order as persons authorized to review Restricted Confidential Information, and then solely for purposes of this Litigation only and for no other action (litigation, judicial proceedings, arbitration, mediation, or other proceeding of any type) or purpose whatsoever (including, but not limited to, business, governmental, commercial, auditing, consulting, or administrative purposes);

**THEREFORE,** in accordance with 45 CFR § 164.514, the Court hereby **CLARIFIES AND AMENDS** its prior order regarding the production of "previously-redacted retailer

2

identifiers of ConEcoLoss members" and **FINDS and ORDERS** the following: On or before 90 days from the date this Order is entered, the Pharmacy Defendants shall produce as Restricted Confidential Information: (1) the name; (2) mailing address; and (3) if among each Pharmacy Defendant's Previously Redacted Information, e-mail address; corresponding to each line of data in Pharmacy Defendants' Structured Data reflecting Pharmacy Defendants' dispenses of valsartan-containing drugs.  This disclosure requires production of the PHI of millions of individual consumers, but the Court has determined the ordered disclosure is the minimum necessary information to accomplish the stated purpose of the litigation.  Disclosure of the names and addresses corresponding to these individuals shall not constitute any admission or suggestion that such individual qualifies as a member of any class certified by this Court, or an admission or suggestion that the individual is entitled to any relief.  Any disclosure pursuant to this Order remains subject to and governed by the Protective Order and the limitations on the use and disclosure set forth therein.

 SO ORDERED, this ___ day of _____, 2023

_____
Hon. Robert B. Kugler, U.S.D.J.