# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br>*All Actions* | Hon. Robert. B. Kugler<br><br>Civ. No. 19-2875 (RBK/JS) |

## PLAINTIFFS' NOTICE OF VIDEOTAPED DEPOSITION TO WHOLESALERS REGARDING LOSARTAN AND/OR IRBESARTAN ECONOMIC LOSS CLAIMS PURSUANT TO FED. R. CIV. P. 30(b)(6)

TO:

**ANDREW DAVID KAPLAN**
**DANIEL TODD CAMPBELL**
**HILARY ELIZABETH JOHNSON**
**MARIE SAGE DENNIS**
**ROBBIE FREYDA ROGART**
**EMILY TUCKER**
COUNSEL NOT ADMITTED TO USDC-NJ BAR
CROWELL & MORING LLP
1001 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004
202-624-2699
Email: akaplan@crowell.com

Email: dcampbell@crowell.com
Email: hjohnson@crowell.com
Email: mdennis@crowell.com
Email: rrogart@crowell.com
Email: etucker@crowell.com

**JOHN DAVIS**
CROWELL & MORING
590 MADISON AVENUE
NEW YORK, NY 10022
212-895-4204
Fax: 212-223-4134
Email: jdavis@crowell.com

*Counsel for Defendant Cardinal Health, Inc.*

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs will take the deposition upon oral examination of one or more designated corporate representatives with regard to the topics set forth on Exhibit A attached hereto. The deposition(s) will commence on a date to be determined, at 9:00 a.m., at a location to be determined, and continue from day to day as needed.

The deposition(s) will be taken upon oral examination before an officer authorized to administer oaths and will continue from day to day, until completed. Testimony given during the deposition will be recorded by sound video recording and stenographic means.

DATED this 22nd day of May, 2023

**MAZIE SLATER KATZ & FREEMAN, LLC**

By: /s/ *Adam M. Slater*
Adam M. Slater
103 Eisenhower Parkway, Suite 207
Roseland, New Jersey 07068
Telephone: 973-228-9898

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I, Marlene J. Goldenberg, hereby certify that on May 22, 2023, I caused true and correct copies of the foregoing to be transmitted via ECF to all counsel having registered an appearance on ECF, with courtesy copies served on counsel for Defendants, and Defendants' liaison counsel, via email.

DATED this 22nd day of May, 2023.

**NIGH GOLDENBERG RASO & VAUGHN PLLC**

By: /s/ *Marlene J. Goldenberg*
Marlene J. Goldenberg
14 Ridge Square NW
Third Floor
Washington, DC 20016
Telephone: (202) 792-7927

***Attorneys for Plaintiffs***

# EXHIBIT A

**"Active Pharmaceutical Ingredient" ("API")** is defined as any substance that is intended for incorporation into a finished drug product and is intended to furnish pharmacological activity or other direct effect in the diagnosis, cure, mitigation, treatment, or prevention of disease, or to affect the structure or any function of the body. Active pharmaceutical ingredient does not include intermediates used in the synthesis of the substance. 21 C.F.R. § 207.1; see also 21 C.F.R. § 314.3.

**"API Manufacturer"** is defined as any entity identified as a Defendant in Plaintiffs' Master Complaints that manufactures the active pharmaceutical ingredient (API) for losartan or irbesartan.

**"Finished Dose Manufacturer"** includes any entity identified as a Defendant in Plaintiffs' Master Complaints that manufactures valsartan in a finished dosage form that is engaged in manufacturing, preparing, propagating, compounding, processing, packaging, repackaging, or labeling of losartan or irbesartan. The term "finished dose manufacturer" also includes entities who hold ANDAs.

**"Manufacturer Defendants"** includes API Manufacturers and Finished Dose Manufacturers including any subsidiaries or affiliated entities.

**"Communication(s)"** means the transmittal of information, in the form of facts, ideas, inquiries, documents or otherwise, and includes all transmissions of information received or transmitted by you, including correspondence, regardless of whether you are an author or addressee of such transmittal.

**"Documents"** includes, without limitations, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced or reproducible communication or representation (including attachments to mails), whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereof, whether intended for internal use, dissemination to outside entities, or any combination thereof.

This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings. Without limiting the generality of the foregoing, the term "Document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, presentations, work papers, accounts, invoices, purchase orders, ledgers, journals, book of accounts, local records, reports and/ or summaries of investigation, trade letters, press releases, comparisons, books, calendars, calendar entries or invitations, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra office communication, questionnaires, surveys, charts, graph, photographs, recordings, tapes, back-up tapes, discs, data cells, printouts, all other data compilations from which information can be obtained (translated, if necessary, into usable form). Such reference to documents includes originals and copies, microfilms and transcripts made, recorded, produced or reproduced by any and every means. "Documents" also includes the content of any applicable computer database. For purposes of these discovery requests, "Documents" shall refer only to centrally stored, noncustodial data maintained by the retailer pharmacy in the ordinary course of business and available via reasonable search of available records

and in a reasonably accessible format, and shall not refer to documents or data maintained solely by individual stores or pharmacies, or to emails or custodial data held by individual employees of the Retail Pharmacy Defendants.

**Relevant Time Period:** Unless otherwise specified, the relevant time period applicable to all requests is January 1, 2011 through December 31, 2019.

**"Retail Pharmacy Defendants"** refers to any and all entities listed by name as "Retail Pharmacy Defendants" in Plaintiffs' Master Complaints, including any agents or predecessor entities.

**"TPP"** refers to Third Party Payors, including health insurance companies, third-party administrators, health maintenance organizations, self-funded health and welfare benefit plans, third party payors, and any other health benefit provider in the United States of America and its territories.

**"Losartan" or "LCDs"** means any drug with losartan as an active ingredient. For purposes of these Requests, "Losartan" or "LCDs" is limited to only those drugs with a National Drug Code (NDC) associated with any of the Manufacturer Defendants identified in Plaintiffs' Master Complaints.

**"Irbesartan" or "ICDs"** means any drug with irbesartan as an active ingredient. For purposes of these Requests, "Irbesartan" or "ICDs" is limited to only those drugs with a National Drug Code (NDC) associated with any of the Manufacturer Defendants identified in Plaintiffs' Master Complaints.

**"Recalled Product"** means any drug with losartan or irbesartan as an active ingredient, as well as all finished drug formulations of losartan or irbesartan, including any losartan-containing drug or irbesartan-containing drug, that was subject to a voluntary or mandatory recall, to the extent identifiable from Documents kept by the Retail Pharmacy Defendant(s) in the ordinary course of business.

**"You," "your" or "defendant"** shall be used interchangeably and refers to the parties to which these requests are directed.

**"Drug Supply Chain Security Act"** refers to Pub. L. 113-54 and regulations promulgated thereunder.

**"Wholesaler Defendants"** refers to Amerisource Bergen Corporation, Cardinal Health, Inc., or McKesson Corporation, as identified in Plaintiffs' Master Complaints, including any agents, employees, or predecessor entities, to the extent known to the Retail Pharmacy Defendants.

## TOPICS

1. The LCD and ICD testing and testing results, and any evaluation of quality or purity, for LCDs and ICDs, conducted by You or available to You.

2. Your understanding of the reason(s) for the recall of LCDs and ICDs.

3. Your communications with any Manufacturer, Retail Pharmacy, repackager, or relabeler Defendant, or regulatory authority (including but not limited to the FDA) relating to quality, purity, or contamination of LCDs and ICDs with nitrosamines.

4. Your communications with any consumer, third-party payor, pharmacy benefit manager, or TPP representative, relating to quality, purity, or contamination of LCDs and ICDs with nitrosamines.

5. The Supply/Distribution Agreement representations and warranties provided to you by Manufacturer Defendants regarding LCD and ICD quality, purity, content, or contamination issues.

6. The Supply/Distribution Agreement representations and warranties provided by or passed on by you to Retail Pharmacy, repackager, and relabeler Defendants regarding LCD and ICD quality, purity, content, or contamination issues.

7. Your process for product recalls applicable to the recall of LCDs and ICDs due to nitrosamine contamination, including the retention, sequestration, return, or destruction of product as a result of such recall.

8. Your process for the sourcing of LCDs and ICDs (e.g., how you choose a supplier, the criteria if any the supplier must meet, whether you retain the right to audit or inspect the supplier or products sourced from them, etc.).

9. Your process for providing to Retail Pharmacies, repackager, and relabeler Defendants, DCSCA data, package inserts and labeling for LCDs and ICDs that You sold.

10. The quantity/units of LCDs and ICDs sold by you, the prices, and the purchaser identities, in the United States.

11. The interpretation of the purchase and sales and profit and expense data produced by you in this litigation.

12. The process by which you issue to Retailer Pharmacy Defendants, repackagers, and relabelers, or others, refunds or credits in connection with the return or recall of LCDs and

ICDs sold in the United States, including whether and how any such refunds or credits were recorded by you.

13. The process by which you receive from Manufacturer Defendants refunds or credits in connection with the return of LCDs and ICDs, including whether and how any such refunds or credits were be recorded by you.

14. The inventory management policies produced by You in this litigation pertinent to Your purchases and sales of LCDs and ICDs.

15. The interpretation of indemnity and other standard provisions of the Supply/Distribution Agreements in connection with the sale of LCDs and ICDs.

16. The existence and status (whether resolved or still pending) of indemnification requests made by You or to You, with regard to the LCDs and ICDs..

17. All applicable insurance policies which provide coverage for part or all of the claims in the above-captioned MDL.

18. Sales information broken down by pill count, price, month and year, state, customer, and NDC code for all ICDs and LCDs sold by You during the Relevant Time Period.

19. Purchase data broken down by pill count, price, month and year, state, supplier, and NDC code for all ICDs and LCDs purchased by You during the Relevant Time Period.

20. Pricing information - Purchases: The price You paid for each ICD and LCD, broken down by quantity, price, month and year, state, customer, and NDC code for all ICDs and LCDs purchased during the Relevant Time Period.

21. Pricing information - Sales: The price at which You sold each ICD and LCD, broken down by quantity, price, month and year, state, customer, and NDC code for all ICDs and LCDs sold during the Relevant Time Period.

22. Profit information – Your profits from the sale of ICDs and LCDs, including quantity, sale price, and all related costs and expenses, Profit and Loss statements, and any internal analysis of profits.