# EXHIBIT D

# Exhibit D – Errors in Plaintiffs' Revised Subclass Definitions

This Exhibit lists the issues and errors identified in the revised subclass definitions and exclusions attached as exhibits to Plaintiffs' Motion for Approval of Form and Manner of Class Notice filed on May 10, 2023 [Doc. 2375]. The issues are organized by exhibit and subclass.

**A.    EXHIBIT 1 – CONSUMER ECONOMIC LOSS SUBCLASSES [DOC. 2375-1]**

This summary has been organized using the "subclass names" assigned by Plaintiffs, along with the headings provided by Plaintiffs.

*Manufacturer Defendants Express Warranties Claim:*

1. ZHPTOREVEW1[1]

   - The last exclusion for this subclass appears to be cut off; specifically, the exclusion appears to be missing the language "from any Court-approved class."

   - Class representative Miranda Dudley (NC) should not be included here, but in subclass ZHPTOREVEW2, given North Carolina is included in that subclass.

2. ZHPTOREVEW2

   - North Dakota does not belong in this subclass per the Court's class certification order and is already listed in ZHPTOREVEW3.

   - South Dakota does not belong in this subclass, but rather ZHPTOREVEW1 per the Court's class certification order.

   - Tennessee does not belong in this subclass, but rather its own independent subclass (EW4), per the Court's class certification order.

---

[1] The Court established four groupings of states for Express Warranty claims (i.e., EW1, EW2, EW3, and EW4).

1

3. ZHPTOREVEW3

- Tennessee does not belong in this subclass, but rather its own independent subclass (EW4) per the Court's class certification order.

- The current contents of this subclass's "exclusion(s)" do not appear to be relevant – they appear to be a description of the subclass.

4. MYLTEVEW1

- Class representative Glenda Cooper (KY) should not be listed in this subclass as Kentucky is not in subclass MYLTEVEW1.

5. MYLTEVEW2

- North Dakota does not belong in this subclass, given the Court's class certification order assigned it to the third grouping of states for Express Warranty claims (EW3).

- South Dakota does not belong in this subclass, but rather MYLTEVEW1 per the Court's class certification order.

- Tennessee does not belong in this subclass, but rather its own independent subclass (EW4) per the Court's class certification order.

6. HETEW1

- South Dakota appears to have been errantly omitted from this subclass given it appeared in Plaintiffs' original subclass definition [Doc. 1747-1, at 6], which the Court approved.

7. HETEW3

- Tennessee does not belong in this subclass, but rather its own independent subclass (EW4) per the Court's class certification order.

8. AUREW1

- Class representative Elenora Deutenberg/Feijoo (FL) does not belong in this subclass, but rather AUREW2, the subclass to which Florida belongs.

9. AUREW2

- North Dakota does not belong in this subclass, given the Court's class certification order assigned it to the third grouping of states for Express Warranty claims (EW3).

- South Dakota does not belong in this subclass, but rather subclass AUREW1 per the Court's class certification order.

2

- Tennessee does not belong in this subclass, but its own independent subclass (EW4) per the Court's class certification order.

- Class representative Elenora Jennifer Johnson (MN) does not belong in this subclass but rather AUREW1, the subclass in which Minnesota appears.

*Manufacturer Defendants Implied Warranty Claim:*

10. ZHPTORTEVIW1[2]

    - Iowa does not belong in this subclass, but rather ZHPTORTEVIW3, per the Court's class certification order.

    - South Dakota appears to have been errantly omitted from this subclass given it appeared in Plaintiffs' original subclass definition [Doc. 1747-1, at 8], which the Court approved.

11. ZHPTORTEVIW2

    - South Dakota does not belong in this subclass, but rather subclass ZHPTORTEVIW1 per the Court's class certification order.

    - Class representative Cheryl Mullins (VA) does not belong in this subclass but rather ZHPTORTEVIW1, the subclass in which Virginia appears.

12. ZHPTORTEVIW3

    - See first bullet under subclass ZHPTORTEVIW1.

13. MYLTEVIW1

    - Iowa does not belong in this subclass, but rather MYLTEVIW3 per the Court's class certification order.

14. MYLTEVIW2

    - South Dakota does not belong in this subclass, but rather subclass MYLTEVIW1 per the Court's class certification order.

15. MYLTEVIW3

    - This subclass appears to have been marked to be deleted. It is crossed out in Exhibit 1. [*See* Doc. 2375-1, at 11].

---

[2] The Court established four groupings of states for Implied Warranty claims (i.e., IW1, IW2, IW3, and IW4).

3

- New York does not belong in this subclass, but rather subclass MYLTEVIW4 per the Court's class certification order.

- See first bullet under subclass MYLTEVIW1.

16. HETIW1

- Iowa does not belong in this subclass, but rather HETIW3 per the Court's class certification order.

- South Dakota appears to have been errantly omitted from this subclass given it appeared in Plaintiffs' original subclass definition [Doc. 1747-1, at 12], which the Court approved.

17. HETIW3

- See first bullet under subclass HETIW1.

18. AURIW1

- Iowa does not belong in this subclass, but rather AURIW3 per the Court's class certification order.

19. AURIW2

- South Dakota does not belong in this subclass, but rather AURIW1 per the Court's class certification order.

20. AURIW3

- See first bullet under subclass AURIW1.

- Class representatives Joseph Cacaccio (NY) and Gerald Nelson (NY) should not be listed under this subclass given New York is not in this subclass, and both class representatives are already listed in subclass AURIW4.

*Manufacturer Defendants Consumer Protection Act Claim:*

21. ZHPTORTEVCPA1[3]

- See first bullet under subclass ZHPTORTEVCPA4

---

[3] The Court established five groupings of states for Consumer Protection Act claims (i.e., CPA1, CPA2, CPA3, CPA4, and CPA5).

4

22. ZHPTORTEVCPA4

- Louisiana does not belong in this subclass, but rather ZHPTORTEVCPA1 per the Court's class certification order.

- Class representative Lawrence Semmel (PA) should not be listed in this subclass given Pennsylvania does not allow CPA claims against manufacturers per the Court's class certification order and has been removed from the subclass.

23. MYLTEVCPA1

- See first bullet under subclass MYLTEVCPA4

24. MYLTEVCPA4

- Louisiana does not belong in this subclass, but rather MYLTEVCPA1 per the Court's class certification order.

25. HETCPA1

- Louisiana appears to have been errantly omitted from this subclass given it appeared in Plaintiffs' original subclass definition [Doc. 1747-1, at 12], which the Court approved.

26. AURCPA1

- See first bullet under subclass AURCPA4.

27. AURCPA4

- Louisiana does not belong in this subclass, but rather AURCPA1 per the Court's class certification order. Thus, class representative Sandy Bell (LA) also should not be included here, but rather AURCPA1.

*Retail Pharmacy Defendants Implied Warranty Claim:*

28. WALIW1

- The inclusion of this subclass is in error. First, the inclusion of the District of Columbia, Hawaii, New Mexico, and Pennsylvania in this implied-warranty subclass is in error. Nearly two-and-a-half years ago, the Court dismissed the implied-warranty claims Plaintiffs raised against Pharmacy Defendants under the laws of several jurisdictions, including the District of Columbia, Hawaii, New Mexico, and Pennsylvania. *See* ECF No. 775 at 23. Accordingly, when Plaintiffs filed their proposed class groupings several months later, they did *not* include these four jurisdictions. *See* ECF No. 1747-1 at 34. Yet now, without any explanation, Plaintiffs have sought to improperly slip these jurisdictions back into this subclass. Second, Plaintiffs originally proposed Raleigh Wolfe (IN) as the class representative for this

5

subclass, but he is not listed in the updated table and is expressly referenced as being removed in footnote 1 of Plaintiffs' submission. *See id.* at 2.  Thus, this entire subclass is improper, for it now lacks an adequate class representative: Plaintiffs' stated representative (Billy Joe Bruner) is from New Mexico, and, as noted, this is one of the jurisdictions for which the Court has already dismissed Plaintiffs' implied-warranty claims against Pharmacy Defendants.

29. CVSIW1

- This subclass does not exist and is in error. Plaintiffs did not previously assert an implied warranty subclass against CVS, as there is no class representative for any remaining implied warranty claim against CVS.  Nearly two-and-a-half years ago, the Court dismissed the implied-warranty claims Plaintiffs raised against Pharmacy Defendants under the laws of several jurisdictions, including the District of Columbia, Hawaii, New Mexico, and Pennsylvania. *See* ECF No. 775 at 23.  Accordingly, when Plaintiffs filed their proposed class groupings several months later, they did *not* include these four jurisdictions. *See* ECF No. 1747-1 at 34.  Yet now, without any explanation, Plaintiffs have sought to improperly slip these jurisdictions back into this subclass.

30. WMTIW1

- The inclusion of District of Columbia, Hawaii, New Mexico, and Pennsylvania in this subclass is in error. Nearly two-and-a-half years ago, the Court dismissed the implied-warranty claims Plaintiffs raised against Pharmacy Defendants under the laws of several jurisdictions, including the District of Columbia, Hawaii, New Mexico, and Pennsylvania. *See* ECF No. 775 at 23.  Accordingly, when Plaintiffs filed their proposed class groupings several months later, they did *not* include these four jurisdictions. *See* ECF No. 1747-1 at 34-35.  Yet now, without any explanation, Plaintiffs have sought to improperly slip these jurisdictions back into this subclass.

31. KROIW1

- The inclusion of District of Columbia, Hawaii, New Mexico, and Pennsylvania in this subclass is in error. Nearly two-and-a-half years ago, the Court dismissed the implied-warranty claims Plaintiffs raised against Pharmacy Defendants under the laws of several jurisdictions, including the District of Columbia, Hawaii, New Mexico, and Pennsylvania. *See* ECF No. 775 at 23.  Accordingly, when Plaintiffs filed their proposed class groupings several months later, they did *not* include these four jurisdictions. *See* ECF No. 1747-1 at 35.  Yet now, without any explanation, Plaintiffs have sought to improperly slip these jurisdictions back into this subclass.

***Retail Pharmacy Defendants Consumer Protection Claim:***

32.  CVSCPA1

- Illinois does not belong in this subclass per the Court's class certification order. *See* ECF No. 2261-4 at 14. Thus, class representative Marlin Anderson (IL) also should not be included in this subclass.

33.  WALCPA1

- Illinois does not belong in this subclass per the Court's class certification order. *See* ECF No. 2261-4 at 14.

34.  RITCPA1

- Illinois does not belong in this subclass per the Court's class certification order. *See* ECF No. 2261-4 at 14.

35.  WMTCPA1

- Illinois does not belong in this subclass per the Court's class certification order. *See* ECF No. 2261-4 at 14.

36.  ESICPA1

- Illinois does not belong in this subclass per the Court's class certification order. *See* ECF No. 2261-4 at 14.

37.  OPTCPA1

- Illinois does not belong in this subclass per the Court's class certification order. *See* ECF No. 2261-4 at 14.

38.  ALBCPA1

- Illinois does not belong in this subclass per the Court's class certification order. *See* ECF No. 2261-4 at 14.

***Retail Pharmacy Defendants Unjust Enrichment Claim:***

The Class Certification Order never specifically references pharmacy unjust enrichment subclasses, though the Court annotated the Pharmacy Defendants' chart at 2261-5 to move certain states (California, Colorado, Connecticut, Delaware, Florida, Indiana, and Ohio) from a "normal" burden grouping into a "heightened" burden grouping.

The Court broke down the heightened burden states into three further subclasses: (1) Group 1 (containing Texas), where unjust enrichment is a primary claim where a direct benefit is required; (2) Group 2 (containing Alabama, Connecticut, and Montana), where unjust

7

enrichment is an alternative claim where a direct benefit is not required; and (3) Group 6 (containing California, Colorado, Delaware, Florida, Indiana, Kentucky, and Ohio), where unjust enrichment is an alternative claim where a direct benefit is required.

Plaintiffs' table uses different groupings for the claims against the Retail Pharmacy Defendants and proposes four categories involving the higher burden states:

- Group 1, containing Texas, with claims asserted against CVS, Walgreens, and Walmart

- Group 2, containing Alabama, California, Colorado, Indiana, and Montana, with claims asserted against CVS, Walmart, Express Scripts, Optum, Albertson's, and Kroger

- Group 6, containing Delaware, Florida, Kentucky, and Ohio, with claims asserted against CVS, Walgreens, and Rite Aid

- Group 7, containing Connecticut, with claims asserted against CVS

It is unclear to the Retail Pharmacy Defendants why Plaintiffs proposed these groupings.

Among the "normal" burden states, the only difference between the Court and Plaintiffs' groupings is Plaintiffs' inclusion of Georgia in Group 5 (direct benefit not required) as compared to the Court's inclusion of Georgia in Group 4 (direct benefit required). In its Order, the Court noted that a direct benefit was not required under Georgia law, but it was not changing Plaintiffs' choice. *See* ECF No. 2261 at 47. Plaintiff appears now to have changed its choice to include Georgia as a non-direct-benefit state and proposes the following:

- Group 3, containing Arizona, Arkansas, Maryland, Minnesota, Rhode Island, Vermont, and Wyoming, with claims asserted against Walmart

- Group 4, containing Alaska, Idaho, Nebraska, New Jersey, North Dakota, Pennsylvania, Virginia, and Washington, with claims asserted against CVS, Walgreens, and Walmart

- Group 5, containing D.C., Georgia, Hawaii, Illinois, Iowa, Kansas, Louisiana, Maine, Massachusetts, Mississippi, Missouri, Nevada, New Mexico, New York, North Carolina, Oklahoma, Oregon, South Carolina, South Dakota, Tennessee, Utah, and Puerto Rico, with claims asserted against CVS, Walgreens, Rite Aid, Walmart, and Express Scripts

At this point, the Retail Pharmacy Defendants are not prepared to take a position on the newly proposed groupings from Plaintiffs (in part because Plaintiffs have not explained why they

8

made these changes or if they were intentional[4]), but if the Court accepts those groupings, the following errors—presumably typographical ones—remain and need corrected:

- CVSUE4: Class representative Ronald Molinaro (FL) should be stricken from this box, as he is listed again in CVSUE6 where Florida is listed.

- CVSUE5: Class representatives Mark Hays (CA) and Jay Meader (CA) should be stricken from this box, as Hays is listed again in CVSUE2 where California is listed. Meader may need to be listed in the CVSUE2 box.

- RITUE5: Rather than "Id.," this subclass box should include the following exclusions that were originally included in Plaintiffs' proposal (*see* 1747-1, at 42):

    (i)     Any judge or magistrate presiding over this action, and members of their families;

    (ii)    Defendants and affiliated entities, and their employees, officers, directors, and agents;

    (iii)   Defendants' legal representatives, assigns, and successors;

    (iv)    Individuals whose only valsartan-containing drug purchases (intended for personal or household use), who would otherwise meet this Class Definition, were Hetero Defendants' valsartan-containing drugs dispensed by Rite-Aid prior to May 1, 2018;

    (v)     All persons who properly execute and file a timely request for exclusion from any Court-approved class.

- RITUE6: This subclass omitted "Id." in "Exclusion(s)" column.

- WMTUE4: This subclass is mistakenly labeled WMTUE3 in the "Subclass Name" column.

- KROUE2: This subclass omitted Leland Gildner (IN) in the "Class Representative(s)" column. [5]

---

[4] The Retail Pharmacy Defendants reserve the right to respond or object to these new classifications once Plaintiffs explain their reasoning by their proposed groupings.

[5] Because Gildner is listed elsewhere in the chart and not mentioned in footnote 1 as a person who was removed from the list of class representatives, the Retail Pharmacy Defendants have assumed this was an inadvertent omission on Plaintiffs' part.

***Wholesaler Defendants Unjust Enrichment Claim:***

At this point, the Wholesaler Defendants are not prepared to take a position on the newly proposed groupings from Plaintiffs (in part because Plaintiffs have not explained why they made these changes or if they were intentional). However, Plaintiffs' subclass groupings deviate from the Court's class certification order as described below:

    2. WHUE2/WHUEb

California, Colorado, and Indiana do not belong in this subclass, but rather in WHUE6, per the Court's class certification order. Thus, class representatives Jay Meader (CA); Mark Hays (CA); Merilyn Andre (CA); Charlie Johnston (CA); Brian Wineinger (IN); and Leland Gildner (IN) should not be listed in this subclass, but rather in WHUE6 with California, Colorado, and Indiana.

    4. WHUE4/WHUEd

See first bullet under subclass WHUE5.

    5. WHUE5/WHUEe

Georgia does not belong in this subclass, but rather WHUE4, per the Court's class certification order. Thus, class representative Lubertha Powell (GA) should not be listed in this subclass, but rather in WHUE4 with Georgia.

    6. WHUE6/WHUEf

See first bullet under subclass WHUE2. For WHUEf (the TPP subclass only), Georgia does not belong in this subclass, but rather WHUEd, per the Court's class certification order.

    7. WHUE7 (no corresponding TPP subclass)

Per the Court's class certification order, Connecticut and class representative Peter O'Brien (CT) do not belong in an independent class, but rather in subclass WHUE2.

**B.      EXHIBIT 2 – MEDICAL MONITORING SUBCLASSES [DOC. 2375-2]**

**1.      Class Exclusions**

In their initial list of proposed medical monitoring subclasses, Plaintiffs included the following exclusions:

> Excluded from the Independent Claim and Remedy Classes, and from the other additional and alternative classes defined below, are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from the Classes to the extent any class is an opt-out class or a hybrid opt-out class; governmental entities; and any judicial officers who preside over this case and their immediate family members. Also excluded from the Classes are those consumers of VCDs who have been diagnosed with cancers as a result of taking Defendants' NDMA-, NDEA-, or other nitrosamine-contaminated VCDs.

[Doc. 1747-3, at 2.] The majority of these exclusions appear on Page 8 of Exhibit B (The Proposed Long-Form Notice) to the Weisbrot Declaration attached to Plaintiffs' Motion [*see* Doc. 2375-4, at 46], but two do not and will need to be added:

- any judicial officers who preside over this case and their immediate family members;

- those consumers of VCDs who have been diagnosed with cancers as a result of taking Defendants' NDMA-, NDEA-, or other nitrosamine-contaminated VCDs.

**2.      Class Definitions**

The class definitions for the medical monitoring class contained in Exhibit 2 to Plaintiffs' Motion [Doc. 2375-2] contains one error:

- Per the Court's class certification order New Hampshire should be in the 23(b)(3) Medical Monitoring Independent Claim Class, not in the 23(b)(2) Medical Monitoring (Physical Injury Required) Remedy Subclass.

### C.      EXHIBIT 3 -THIRD PARTY PAYER SUBCLASSES [DOC. 2375-3]

**1.      Class Exclusions**

In their initial list of proposed TPP subclasses, Plaintiffs included certain exclusions from the various TPP subclasses. [*See* Doc. 1742-2, at 4.] These exclusions were omitted from the revised list of TPP subclasses. [*See* Doc. 2375-3.] They appear on page 8 of Exhibit B (The Proposed Long-Form Notice) to the Weisbrot Declaration attached to Plaintiffs' Motion. [*See* Doc. 2375-4, at 46.] The exclusions should be included in the revised list of TPP subclasses as well.

**2.      Class Definitions**

Plaintiffs' definitions for the Express Warranty, Implied Warranty of Merchantability and Fitness, Fraud, and Consumer Protection Law TPP subclasses contained in Exhibit 3 to Plaintiffs' Motion [Doc. 2375-3] appear to be consistent with the Court's class certification order. However, there was an error in the definitions for the Unjust Enrichment Subclasses:

- Per the Court's class certification order, Georgia should be in Unjust Enrichment Subclass "c" with Alaska, not Subclass "f" with Colorado.