| | |
|---|---|
| **From:** | David J. Stanoch <d.stanoch@kanner-law.com> |
| **Sent:** | Thursday, June 1, 2023 11:39 AM |
| **To:** | Richer, Kristen; Kapke, Kara; Layne Hilton |
| **Subject:** | [EXTERNAL] RE: Valsartan - PHI order submission to Court |
| **Attachments:** | 2023.06.01 Valsartan Pls.' Suppl Irogs to Retailers (DRAFT).docx; 2023.06.01 Valsartan Pls.' Suppl RFPs to Retailers (DRAFT).docx |

**Caution: This email originated from outside the Firm.**

Kristen,
A few things:

1. We are fine proceeding with separate calls with each Retail Pharmacy Defendant about their production format. Why don't you propose some dates/times next week for our call with you for your clients; we can schedule that call first before we reach out to other defendants. I don't anticipate this will be very complicated, as I imagine each defendant will be producing in the same format they used last time.

2. We will await word back from you about the HIPAA order and telephone numbers.

3. Although the parties normally exchange proposed CMC agenda topics on Fridays, we are telling you now that Plaintiffs likely will raise the following in our agenda letter for the June 7 CMC: (i) the issue above re telephone numbers and amending the HIPAA order; (ii) Retailers' production of consumer class member identifiers in other databases besides pharmacy dispensing records (e.g., customer loyalty data, membership data, etc.); and (iii) Retailers' production of payor identities (not the amounts paid, which is addressed below) in pharmacy dispensing records.

4. We are amenable to the same briefing cycle as Wholesalers for the remaining supplemental discovery Retailers were ordered to produce in CMO No. 32. Those, we believe, currently include: (i) the amounts TPPs paid for VCDs; (ii) Retailers' costs and profits, and (iii) custodial discovery. Please let us know.

5. Plaintiffs are not yet agreeing to Retailers' proposal that Plaintiffs serve "written instruments" to which Retailers would respond. However, for discussion purposes only, we are attaching draft RFPs and Interrogatories to Retailers. The definitions were taken from prior court-approved discovery (plus a redlined addition to 'documents'), and obviously some definitions would be stricken as inapplicable.

I am not going to say more about your views on the last CMC and the parties' last agenda letters, other than we disagree with your characterizations.

Regards,
Dave


David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777(t)
(504) 524-5763(f)
www.kanner-law.com

---

**From:** Richer, Kristen <Kristen.Richer@btlaw.com>
**Sent:** Wednesday, May 31, 2023 8:01 PM
**To:** David J. Stanoch <d.stanoch@kanner-law.com>; Kapke, Kara <Kara.Kapke@btlaw.com>; Layne Hilton <lhilton@meyerwilson.com>
**Subject:** RE: Valsartan - PHI order submission to Court

Hi Dave,

I'm happy to hop on a call with you to discuss directly, but at the point you are seeking specific information about each retailer's production format, I do think you'd need to speak with each defendant's counsel directly. Do you want to have an initial call with us first so that we can understand what you are looking for? That may help streamline.

Regarding the HIPAA order, given the data source, the fact that our clients are covered entities, and the fact that these would be produced alongside other patient identifying information, phone numbers are PHI here. We have raised this new request with the group on our end and will circle back after we've heard from others, but I don't actually read the manufacturers' brief as saying that phone numbers are required. Willing to discuss this further, but this was my initial reaction to your note.

Concerning the remaining discovery items covered by our May 22 letter, understood that Plaintiffs are still considering.  However, separate from the substance of our proposal, we would still like confirmation that you agree the same briefing schedule that Plaintiffs agreed to with the Wholesalers applies.  I don't see why it wouldn't, and we'd like to send a brief letter to the Court letting Judges Kugler and Vanaskie know, so that there is no ambiguity about this generally and none going into next week's case management conference.  With respect to the substance of our proposal and plaintiffs' position regarding it, we're happy to give you time to consider it and discuss it with your colleagues.  I just don't want to end up in a situation where we don't hear from Plaintiffs about this, get a response on the eve of the 6/7 conference, and are left scrambling to prepare our submission to the Court.  Candidly, the contents of Plaintiffs last submission to the Court seemed out of step with our discussions with you and Layne up to that point, so we're trying to avoid any confusion and any surprises as we approach the end of this week. Simply agreeing to a schedule for resolving these issues, using a briefing schedule that Plaintiffs have already agreed to with the Wholesalers concerning the same or similar discovery, will help avoid any such problems and hopefully let us finish working these issues out.

Sincerely,

**Kristen Richer** | Partner
Direct: (310) 284-3896 | Mobile: (408) 515-5663
Los Angeles, CA



**From:** David J. Stanoch <d.stanoch@kanner-law.com>
**Sent:** Wednesday, May 31, 2023 10:05 AM
**To:** Richer, Kristen <Kristen.Richer@btlaw.com>; Kapke, Kara <Kara.Kapke@btlaw.com>; Layne Hilton <lhilton@meyerwilson.com>
**Subject:** [EXTERNAL] RE: Valsartan - PHI order submission to Court

**Caution: This email originated from outside the Firm.**

Kristen,
In response to your email below about setting up meet and confers, we wanted to reach out to you and Kara first as liaison counsel for Retail Pharmacy Defendants.  If you are telling us we should reach out to each defendant individually, we'll do that if you could let each of them we'll be doing so.

We're still assessing your last proposal re the proposed "written instruments" and hope to get back to you shortly.

We have another issue. We think the HIPAA order entered yesterday should be modified to include telephone number. Arguably this is not HIPAA-protected information, but assuming it is, this additional data point now appears to be potentially significant in light of Manufacturer Defendants' brief submitted about the class notice program. We wanted to get with you about this immediately to ensure your clients can pull this additional datapoint at the same time as the others. If you want to talk about this, we can be available as needed.

Regards,
Dave


David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777(t)
(504) 524-5763(f)
www.kanner-law.com

---

**From:** Richer, Kristen <Kristen.Richer@btlaw.com>
**Sent:** Tuesday, May 30, 2023 2:08 PM
**To:** David J. Stanoch <d.stanoch@kanner-law.com>; Kapke, Kara <Kara.Kapke@btlaw.com>; Layne Hilton <lhilton@meyerwilson.com>
**Subject:** RE: Valsartan - PHI order submission to Court

Hi Dave,

That's fine here. Are you planning on reaching out to each pharmacy defendant's counsel directly?

I'm available this week to talk to you about Rite Aid, CVS and Walgreens late this week or early next. Kara is closer to the Walmart data, but we can try to consolidate calls if timing works out. Let us know your availability and I'll find a time and send an invite.

We'd also like to check in with you on the other open items covered by our last letter to you. We noted that Plaintiffs and the Wholesalers agreed to a briefing schedule to cover open disputes. Are Plaintiffs amenable to agreeing to the same schedule for the Pharmacy Defendants? I'm hopeful that we can avoid needing it, because we're trying to work with Plaintiffs to find middle ground on these issues and I think we're making progress, but we'd prefer to get a schedule in place in the event there is anything we can't work out.

Let us know what you think.

Thanks,

**Kristen Richer** | Partner
Direct: (310) 284-3896 | Mobile: (408) 515-5663
Los Angeles, CA



---

**From:** David J. Stanoch <d.stanoch@kanner-law.com>
**Sent:** Tuesday, May 30, 2023 10:45 AM
**To:** Kapke, Kara <Kara.Kapke@btlaw.com>; Layne Hilton <lhilton@meyerwilson.com>
**Cc:** Richer, Kristen <Kristen.Richer@btlaw.com>
**Subject:** [EXTERNAL] RE: Valsartan - PHI order submission to Court

**Caution: This email originated from outside the Firm.**

---

Kara,
We know the Court entered the order today, and that Retail Pharmacy Defendants likely are in the process of pulling the identifier data, but we'd like to setup a meet and confer in the coming weeks to understand the format of the forthcoming productions for each defendant ahead of the actual productions.  Regards, Dae

David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777(t)
(504) 524-5763(f)
www.kanner-law.com

**From:** David J. Stanoch
**Sent:** Thursday, May 25, 2023 9:25 AM
**To:** 'Kapke, Kara' <Kara.Kapke@btlaw.com>; Layne Hilton <lhilton@meyerwilson.com>

Cc: Richer, Kristen <Kristen.Richer@btlaw.com>
**Subject:** RE: Valsartan - PHI order submission to Court

Good Morning Kara,
We agree/consent to the letter.  Thank you.

David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777(t)
(504) 524-5763(f)
www.kanner-law.com

---

**From:** Kapke, Kara <Kara.Kapke@btlaw.com>
**Sent:** Thursday, May 25, 2023 8:07 AM
**To:** David J. Stanoch <d.stanoch@kanner-law.com>; Layne Hilton <lhilton@meyerwilson.com>
**Cc:** Richer, Kristen <Kristen.Richer@btlaw.com>
**Subject:** Valsartan - PHI order submission to Court

Dave and Layne:  Consistent with what the parties have been doing recently, we thought it made sense to submit to the Court the attached letter and proposed order regarding protected health information.  Please let us know if we have Plaintiffs' consent to file it and sent it to Judges Kugler and Vanaskie.

(I made your requested change re class notice/administration vendors verbatim.)

Cordially,
Kara


**Kara Kapke** (She/Her) | Partner
Barnes & Thornburg LLP
11 South Meridian Street, Indianapolis, IN 46204
Direct: (317) 231-6491 | Mobile: (317) 509-9545



Atlanta | Boston | California | Chicago | Delaware | Indiana | Michigan | Minneapolis | Nashville | New Jersey
New York | Ohio | Philadelphia | Raleigh | Salt Lake City | South Florida | Texas | Washington, D.C.

Visit our Subscription Center to sign up for legal insights and events.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.