IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | **Civil Action No. 1:19-md-2875 (RBK/SAK)** |

## [PROPOSED] AMENDED ORDER

**WHEREAS** in Case Management Order 32 ("CMO 32") on April 21, 2023, the Court ordered that Defendants Albertson's LLC, CVS Pharmacy, Inc., Express Scripts, Inc., Humana Pharmacy, Inc., Kroger Co., OptumRX, Optum, Inc., Rite Aid Corp., Walgreen Co., and Walmart Inc.) (collectively, the "Retail Pharmacy Defendants") "shall provide to Plaintiffs … [certain] information relating to class certification claims," including "previously-redacted retailer identifiers of ConEcoLoss members" (Doc. 2343, section 6.1.3,); and

**WHEREAS** the Retail Pharmacy Defendants previously produced in this case structured dispensing data containing information about each Retail Pharmacy Defendant's dispenses of valsartan-containing drugs ("Structured Data");

**WHEREAS**, within that Structured Data, each Retail Pharmacy Defendant redacted, anonymized, or withheld from the production of that Structured Data certain fields of information containing Protected Health Information ("PHI"), as that phrase is defined in the Health Insurance Portability and Accessibility Act of 1996, Pub. L. 104-191 and regulations promulgated thereunder, belonging to the individuals corresponding to each line of data ("Previously Redacted or Withheld Information");

1

**WHEREAS** the Retail Pharmacy Defendants believe "previously-redacted retailer identifiers" as used in CMO 32 likely refers to certain Previously Redacted Information containing PHI from Retail Pharmacy Defendants' Structured Data;

**WHEREAS** counsel for "ConEcoLoss members" ("Plaintiffs") and for Retail Pharmacy Defendants have met and conferred, and have exchanged correspondence, numerous times beginning on April 24, 2023 regarding the precise Previously Redacted or Withheld Information Plaintiffs believed to be necessary to provide class notice under FRCP 23 to "ConEcoLoss members," and Plaintiffs have identified the following fields as the minimum necessary for their purposes: name, mailing address, date of birth and, if among each Retail Pharmacy Defendant's Previously Redacted or Withheld Information, e-mail address;

**WHEREAS** the Court previously found good cause to enter an Amended Confidentiality and Protective Order (Doc. 1661, "Protective Order") to protect "PROTECTED INFORMATION," including personal psychiatric, psychological, employment, and/ or medical information, and/ or other highly sensitive information; and

**WHEREAS** the Court specified in the Protective Order the production of PHI to be designated as "Restricted Confidential" and shall not, without leave of this Court, be disclosed to any person or entity other than those specifically enumerated in the Order as persons authorized to review Restricted Confidential Information as well as consultants or vendors retained to effectuate class notice and to administer class or claims eligibility, and then solely for purposes of this Litigation only and for no other action (litigation, judicial proceedings, arbitration, mediation, or other proceeding of any type) or purpose whatsoever (including, but not limited to, business, governmental, commercial, auditing, consulting, or administrative purposes);

**WHEREAS** the Court entered an initial Order governing production of Protected Health Information on May 30th, 2023 (Doc. 2413);

**WHEREAS** Plaintiffs requested additional information from within the Structured Data that is or could potentially be PHI;

**WHEREAS** the Special Master has been authorized to enter this Amended Order;

**THEREFORE,** in accordance with 45 CFR § 164.514, the Court hereby **CLARIFIES AND AMENDS** its prior order regarding the production of "previously-redacted retailer identifiers of ConEcoLoss members" and **FINDS and ORDERS** the following: On or before 60 days from the date this Amended Order is entered, the Retail Pharmacy Defendants shall produce as Restricted Confidential Information, if among each Retail Pharmacy Defendant's Previously Redacted or Withheld Information, the following for each record in the Structured Data: (1) patient name; (2) patient mailing address; (3) patient date of birth; (4) patient e-mail address; (5) patient telephone number; and (6) identity of any associated third-party payor(s).  This disclosure requires production of the PHI of millions of individual consumers, but the Court has determined the ordered disclosure is the minimum necessary information to accomplish the stated purpose of the litigation.  Disclosure of the names and information corresponding to these individuals shall not constitute any admission or suggestion that such individual qualifies as a member of any class certified by this Court, or an admission or suggestion that the individual is entitled to any relief. Likewise, disclosure of information (whether by name, code, abbreviation, or other potential identifier) regarding third-party payors shall not constitute any admission or suggestion that that the information produced relates to a Third Party Payor plaintiff or a member of the TPP class or that the Retail Pharmacy Defendants have access to or the obligation to produce a "key" or otherwise perform additional analysis beyond the produced information; provided that, however,

both parties reserve their respective rights on this following the data's production and the parties' chance to review the data. Likewise, entry of this Order does not constitute any admission or suggestion regarding the approval of Plaintiffs' class notice plan, a proposal for which is forthcoming as of the date of this Order. Any disclosure pursuant to this Order remains subject to and governed by the Protective Order and the limitations on the use and disclosure set forth therein.

SO ORDERED, this _____ day of _____, 2023

_____
Hon. Thomas I. Vanaskie (Ret.)
Special Discovery Master