# EXHIBIT E

Case 1:19-md-02875-RMB-SAK    Document 2427-5    Filed 06/13/23    Page 2 of 12
PageID: 86214

Corcoran v. CVS Health, Not Reported in Fed. Supp. (2019)
2019 WL 6250972

2019 WL 6250972
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

Christopher CORCORAN, et al., Plaintiffs,

v.

CVS HEALTH, et al., Defendants.

Case No. 15-cv-03504-YGR

|

Signed 11/22/2019

**Attorneys and Law Firms**

Christopher L. Lebsock, Bonny E. Sweeney, Michael Paul Lehmann, Hausfeld LLP, San Francisco, CA, Elizabeth Cheryl Pritzker, Jonathan Krasne Levine, Shiho Yamamoto, Pritzker Levine LLP, Oakland, CA, Edward H. Meyers, Pasquale A. Cipollone, Pro Hac Vice, Robert B. Gilmore, Pro Hac Vice, Stein Mitchell Cipollone Beato and Missner LLP, Kristen Ward Broz, Pro Hac Vice, Kristen Marie Ward, Richard S. Lewis, Pro Hac Vice, Sathya S. Gosselin, Hausfeld LLP, Washington, DC, Gary Ivan Smith, Jr., Hausfeld LLP, Philadelphia, PA, for Plaintiffs Christopher Corcoran, Toni Odorisio, Onnolee Samuelson, Walter Wulff.

Christopher L. Lebsock, Bonny E. Sweeney, Michael Paul Lehmann, Hausfeld LLP, San Francisco, CA, Elizabeth Cheryl Pritzker, Jonathan Krasne Levine, Bethany Caracuzzo, Shiho Yamamoto, Pritzker Levine LLP, Oakland, CA, Edward H. Meyers, Pasquale A. Cipollone, Pro Hac Vice, Robert B. Gilmore, Pro Hac Vice, Stein Mitchell Cipollone Beato and Missner LLP, Kristen Ward Broz, Pro Hac Vice, Kristen Marie Ward, Richard S. Lewis, Pro Hac Vice, Sathya S. Gosselin, Hausfeld LLP, Washington, DC, Gary Ivan Smith, Jr., Hausfeld LLP, Philadelphia, PA, for Plaintiff Robert Garber.

Elizabeth Cheryl Pritzker, Jonathan Krasne Levine, Shiho Yamamoto, Pritzker Levine LLP, Oakland, CA, Edward H. Meyers, Stein Mitchell Cipollone Beato and Missner LLP, Kristen Marie Ward, Richard S. Lewis, Pro Hac Vice, Sathya S. Gosselin, Hausfeld LLP, Washington, DC, Gary Ivan Smith, Jr., Hausfeld LLP, Philadelphia, PA, Bonny E. Sweeney, Hausfeld LLP, San Francisco, CA, for Plaintiffs Vincent Gargiulo, Zulema Avis, Carolyn Caine, Zachary Hagert.

Elizabeth Cheryl Pritzker, Jonathan Krasne Levine, Bethany Caracuzzo, Shiho Yamamoto, Pritzker Levine LLP, Oakland, CA, Edward H. Meyers, Stein Mitchell Cipollone Beato and Missner LLP, Kristen Marie Ward, Richard S. Lewis, Pro Hac Vice, Sathya S. Gosselin, Hausfeld LLP, Washington, DC, Gary Ivan Smith, Jr., Hausfeld LLP, Philadelphia, PA, Bonny E. Sweeney, Hausfeld LLP, San Francisco, CA, for Plaintiffs Robert Jenks, Tyler Clark, Carl Washington, Debbie Barrett.

Bonny E. Sweeney, Hausfeld LLP, San Francisco, CA, Edward H. Meyers, Stein Mitchell Cipollone Beato and Missner LLP, Sathya S. Gosselin, Hausfeld LLP, Washington, DC, Gary Ivan Smith, Jr., Hausfeld LLP, Philadelphia, PA, Jonathan Krasne Levine, Elizabeth Cheryl Pritzker, Pritzker Levine, LLP, Oakland, CA, for Plaintiffs Amanda Gilbert, Gilbert Brown.

Jonathan Krasne Levine, Pritzker Levine, LLP, Oakland, CA, for Plaintiffs Darlene McAfee, Stephen Sullivan.

August P. Gugelmann, Edward W. Swanson, Swanson & McNamara LLP, San Francisco, CA, David Michael Horniak, Enu A. Mainigi, Pro Hac Vice, Frank Lane Heard, III, Grant A. Geyerman, Pro Hac Vice, Williams & Connolly, LLP, Washington, DC, for Defendant CVS Health.

Andrew Watts, Ayla Shah Syed, Pro Hac Vice, Ashley Wall Hardin, Colleen Marie McNamara, Daniel M. Dockery, Enu A. Mainigi, Pro Hac Vice, Frank Lane Heard, III, Grant A. Geyerman, Sarah Lochner O'Connor, Robert Mackenzie Belden, Pro Hac Vice, Williams and Connolly LLP, Washington, DC, August P. Gugelmann, Edward W. Swanson, Swanson & McNamara LLP, San Francisco, CA, for Defendant CVS Pharmacy, Inc.

**ORDER (1) GRANTING AMENDED MOTION TO SUBSTITUTE CLASS REPRESENTATIVES AND FOR CERTIFICATION OF NEW YORK AND ARIZONA CLASSES, AND (2) GRANTING IN PART AND DENYING IN PART MOTION FOR APPROVAL OF NOTICE PROVIDER AND CLASS NOTICE PROGRAM**

Re: Dkt. Nos. 376, 377, 386-2

YVONNE GONZALEZ ROGERS, United States District Judge

\*1 Plaintiffs bring this putative class action against defendants alleging that they knowingly overcharged millions of insured patients by submitting falsely inflated drug prices

Case 1:19-md-02875-RMB-SAK   Document 2427-5   Filed 06/13/23   Page 3 of 12
                                 PageID: 86215

Corcoran v. CVS Health, Not Reported in Fed. Supp. (2019)
2019 WL 6250972

to pharmacy benefit managers ("PBMs") and third-party payor insurance providers ("TPPs"), which resulted in higher copayment obligations for plaintiffs. Specifically, plaintiffs raise claims under the laws of eleven states: (i) each state's statutory laws proscribing unfair and deceptive acts and practices ("UDAP"); and common law claims for (ii) fraud, (iii) negligent misrepresentation, and (iv) unjust enrichment.

Now before the Court are the following motions: First, plaintiffs move to substitute class representatives and for certification of New York and Arizona classes based on these two substituted class representatives.[1] Second, plaintiffs move for approval of the notice provider, Angeion Group LLC, and for approval of the class notice program.

Having carefully reviewed the pleadings, the papers submitted on each motion, the parties' oral arguments at the hearing held on November 12, 2019, and for the reasons set forth more fully below, the Court **ORDERS** as follows: The Court **GRANTS** plaintiffs' amended motion to substitute class representatives and for certification of New York and Arizona classes. The Court **GRANTS IN PART** and **DENIES IN PART** plaintiffs' motion for approval of the notice provide and class notice program.

**I. RELEVANT BACKGROUND**
The facts of the case are well known to the parties and counsel of record. The background relevant to the instant motion is summarized as follows.

On September 5, 2017, the Court granted in part plaintiffs' prior motion for class certification, granted in part defendants' motion to exclude certain opinions by an expert witness, and granted defendants' motion for summary judgment. *Corcoran v. CVS Health*, 15-cv-03504-YGR, Dkt. No. 327, 2017 WL 3873709, at *20-21 (N.D. Cal. Sept. 5, 2017) ("September 2017 Order"). The Court denied in part the motion for class certification based on the representatives of the proposed New York and Arizona classes failing to meet the requirements of Rule 23(a)—specifically, typicality and adequacy. *Id.* at *6, 21. The Court concluded that the proposed class representatives did not have any qualifying transactions, and thus, denied without prejudice plaintiffs' motion to certify a New York and Arizona class. *Id.*

On June 12, 2019, the Ninth Circuit issued a memorandum decision reversing and remanding the September 2017 Order.

*Corcoran v. CVS Health Corporation*, 779 F. App'x. 431 (9th Cir. 2019). Specifically, the Ninth Circuit reversed the Court's holdings that certain materials and issues failed to create a triable issue, *id.* at 433-34, with respect to narrowing the classes on typicality grounds, *id.* at 434, and in striking plaintiffs' expert witness' testimony. *Id.* at 434-35.

**\*2** On August 23, 2019, the Court issued an order complying with the Ninth Circuit's mandate by denying the motion to strike plaintiffs' expert witness, and denying defendants' motion for summary judgment, and by certifying the following class without limitation:

> All CVS customers in California, Florida, Illinois, and Massachusetts, who, between November 2008 and July 31, 2015 (the "Class Period"), (1) purchased one or more generic prescription drugs that were offered through CVS's Health Savings Pass ("HSP") program at the time of the purchase; (2) were insured for the purchase(s) through a third-party payor plan administered by one of the following pharmacy benefit managers: Caremark/PCS, Express Scripts, Medco, MedImpact, or Optum/Prescription Solutions (prior to January 29, 2015); and (3) paid CVS an out-of-pocket payment for the purchase greater than the HSP price for the prescription.

*Corcoran v. CVS Health*, 15-cv-03504-YGR, Dkt. No. 371, 2019 WL 3987671, at *1 (N.D. Cal. Aug. 23, 2019) ("August 2019 Order").

Recognizing that the September 2017 Order had denied plaintiffs' motion to certify a New York and Arizona class without prejudice, the Court permitted plaintiffs a limited period to identify an appropriate representative for each class and permitted the parties to engage in appropriate discovery and motion practice on the proposed class representatives. *Id.* at *2. The Court also noted in the August 2019 Order that:

Case 1:19-md-02875-RMB-SAK    Document 2427-5    Filed 06/13/23    Page 4 of 12
                                 PageID: 86216
Corcoran v. CVS Health, Not Reported in Fed. Supp. (2019)
2019 WL 6250972

> [D]uring the case management conference on August 19, 2019, defendant indicated that the Court had not addressed certain elements of class certification in the September 2017 order. In the September 2017 order, the Court explained that it did not address certain of defendant's arguments because, either it had previously rejected them and so, for the same reasons, did so again (*see* Dkt. No. 327 at 7 n.4, 8), or the arguments were mooted by the Court's decisions elsewhere within the September 2017 order (*see id.* at 10-11).

*Id.* at *1 n.1. [2]

Plaintiffs so moved to certify New York and Arizona classes, identifying Joseph Luzier and Aaron Allen as class representatives for the New York class, and Darlene McAfee as the class representative for the Arizona class. Plaintiffs further moved for approval of the notice provider, class notice program, and forms of notice. For the good cause shown in plaintiffs' administrative motion, the Court permitted plaintiffs to substitute Allen and Luzier, the initially proposed New York class substitutes, with Stephen Sullivan.

Having identified McAfee for the Arizona class and Sullivan for the New York class, plaintiffs now seek to certify two additional state classes composed of individuals from New York and Arizona who "have filled prescriptions for generic drugs at CVS pharmacies using coverage provided by their [TPP] plans." (Dkt. No. 101, Third Amended Complaint ("TAC") ¶ 10.)

## II. LEGAL FRAMEWORK

### A. Motion for Class Certification

**\*3** Under Federal Rule of Civil Procedure 23(a), a court may certify a class only where "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Courts refer to these four requirements as "numerosity, commonality, typicality[,] and adequacy of representation." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

Once the threshold requirements of Rule 23(a) are met, plaintiffs must then show "through evidentiary proof" that a class is appropriate for certification under one of the provisions in Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

"[A] court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim.' " *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 456-66 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)); *see also Mazza*, 666 F.3d at 588. The Court considers the merits to the extent they overlap with the Rule 23 requirements. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011). The Court must resolve factual disputes as "necessary to determine whether there was a common pattern and practice that could affect the class *as a whole.*" *Id.* (emphasis in original). "When resolving such factual disputes in the context of a motion for class certification, district courts must consider 'the persuasiveness of the evidence presented.' " *Aburto v. Verizon Cal., Inc.*, No. 11-CV-03683, 2012 WL 10381, at *2 (C.D. Cal. Jan. 3, 2012) (quoting *Ellis*, 657 F.3d at 982), *abrogated on other grounds as recognized by Shiferaw v. Sunrise Sen. Living Mgmt., Inc.*, No. 13-CV-2171, 2014 WL 12585796, at *24 n.16 (C.D. Cal. June 11, 2014). "A party seeking class certification must affirmatively demonstrate [its] compliance with the Rule." *Dukes*, 564 U.S. at 350. Ultimately, the Court exercises its discretion to determine whether a class should be certified. *Califano v. Yamasaki*, 442 U.S. 682, 703 (1979).

### B. Motion for Approval of Class Notice Provider and Class Notice Program

"For any class certified under Rule 23(b)(3) ... the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all

Case 1:19-md-02875-RMB-SAK   Document 2427-5   Filed 06/13/23   Page 5 of 12
PageID: 86217

Corcoran v. CVS Health, Not Reported in Fed. Supp. (2019)
2019 WL 6250972

members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." *Id.* The notice "must clearly and concisely state in plain, easily understood language":

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.*

### III. MOTION FOR CLASS CERTIFICATION

Due to the procedural posture of this case, only the typicality and adequacy factors are at issue in whether to certify a New York class and Arizona class. *See* September 2017 Order at *9-10; August 2019 Order at *1. The Court also considers superiority arguments under subsection (b)(3) raised by defendants in certifying two additional classes, in addition to the four already certified by the August 2019 Order.[3]

#### A. Typicality

*4 The typicality requirement is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks omitted); *see also Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017). The typicality requirement is "permissive, such that representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Buono*, 847 F.3d at 1116 (internal quotation marks omitted). "A court should not certify a class if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.' " *Id.* (quoting *Hanon*, 976 F.2d at 508).

Here, both McAfee and Sullivan have claims that are typical of their respective classes. McAfee and Sullivan have produced documents establishing that they purchased the allegedly overcharged generic prescriptions from defendants when they used their respective insurance. Moreover, defendants' own transaction data confirms that one of the Class PBMs adjudicated a transaction in the class period. In other words, both substitute representatives have apparent qualifying transactions.

Defendants, however, assert that Sullivan is atypical for reasons specific to him, and that both Sullivan and McAfee are subject to unique defenses that render them atypical and lacking a qualifying transaction. With respect to Sullivan, defendants aver that: (1) his wife picked up and purchased his prescription and that he is therefore atypical under New York state law; and (2) per his own deposition testimony, he did not use a class qualifying PBM. Finally, defendants also argue that neither McAfee and Sullivan are typical because they are subjected to an atypical defense: the statute of limitations.[4]

First, the fact that Sullivan's wife picked up and purchased his prescription does not render him atypical under New York state law. As an initial matter, Sullivan testified that he himself picked up some of his prescriptions during the class period. (*See* Dkt. No. 397-5, Ex. E (Sullivan Deposition) at 128:9-15).) Even assuming that Sullivan's wife picked up and purchased all of his prescriptions, such a fact has no relevance or bearing on Sullivan's claim, especially where it was Sullivan *himself* who paid the insurance premiums, it was *his* insurance policy that Caremark accessed in the adjudication process, and it was Sullivan *himself* who was ultimately overcharged. "The gravamen of plaintiffs' theory ... [is] inflated copays" based on defendants' "representations made to the PBMs and TPPs rather than to plaintiffs directly." *Corcoran v. CVS Health*, 15-cv-3504-YGR, Dkt. No. 249, 2017 WL 1065135, at *6 n.9 (N.D. Cal. Mar. 21, 2017). As the Ninth Circuit similarly recognized, "[i]t is enough for plaintiffs to show ... higher copayments." *Corcoran*, 779 F. App'x. at 433.

Defendants' cited New York state authority do not persuade because the theories of those cases are based on alleged

Case 1:19-md-02875-RMB-SAK   Document 2427-5   Filed 06/13/23   Page 6 of 12 PageID: 86218

Corcoran v. CVS Health, Not Reported in Fed. Supp. (2019)
2019 WL 6250972

*oral* misrepresentations *directly* to class members. Instead, where a plaintiff's theory of liability is not premised on oral communications to which class members were exposed, the misrepresentations and omissions are "applied to all class members by virtue of their purchasing the product[.]" *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 476 (C.D. Cal. 2012) (discussing analogous circumstances and state statute). Thus, the Court rejects that Sullivan's wife's purchasing of his prescription medicine renders him atypical. [5]

***5** With respect to the second argument, despite Sullivan's testimony indicating that Cigna was the drug prescription plan that he had utilized during this period, Sullivan did, in fact, use a qualifying PBM—Caremark. Ample evidence in the record demonstrates that Caremark was the PBM for Sullivan's transactions. At most, inconsistencies exist that may bear on credibility. Generally, "credibility issues will defeat typicality only where those credibility problems are directly relevant to the issues in the case, and are so sharp as to jeopardize the interests of absent class members." *In re Myford Touch Cons. Litig.*, No. 13-cv-3072-EMC, 2016 WL 7734558, at *11 (N.D. Cal. Sept. 14, 2016) (internal quotation marks omitted). Where statements are not so sharp as to affect the typicality or adequacy analyses, such statements can be and are certainly relevant for any cross-examination at trial. *See Moore v. Int'l Cosmetics and Perfumes, Inc.*, No. ED CV 14-1179, 2016 WL 7644849, at *18 (C.D. Cal. Mar. 27, 2016) ("These statements, while certainly fodder for cross-examination at trial, are not so contradictory as to raise alarming credibility issues at this stage of the proceedings."). Here, the inconsistencies provide ground for cross-examination, but do not warrant a finding of atypicality.

With respect to the last issue, some courts find that a class representative lacks typicality where only the class representative is uniquely subjected to a statute of limitations defense. *See Schofield v. Delta Air Lines, Inc.*, No. 18-cv-00382-EMC, 2019 WL 955288, at *3 (N.D. Cal. Feb. 27, 2019) ("In this case, there is a question of whether Plaintiff is barred by the statute of limitations. Some courts have recognized that there may be an issue of typicality where a party must defend against a statute of limitations defense.") (collecting cases); *Vizzi v. Mitsubishi Motors N. Am., Inc.*, No. SACV 08-00650-JVS (RNBx), 2010 WL 11515266, at *2 (C.D. Cal. Feb. 22, 2010) ("Other district courts have rejected class certification on the grounds that the class representative's claims fail to meet the typicality requirement due to a potential statute of limitations defense.") (collecting cases). However, courts find the typicality requirement satisfied where the defense of the statute of limitations is applicable to both the class representative *and* class members. *See Schofield*, 2019 WL 955288 at *4 ("[I]n this case, all class members, including the named class representative, will likely face the same challenge with respect to a statute of limitations defense.... In this case, it is alleged that Defendant's conduct at issue was uniform, and hence whether Defendant procured consumer reports and when members should have learned of the report is likely to turn on common evidence or patterns of evidence. For this reason, [class representative] faces the same challenges as the class members and is therefore typical."); *W. States Wholesale, Inc. v. Synthetic Indus., Inc.*, 206 F.R.D. 271, 276-77 (C.D. Cal. 2002) ("Similarly in this case, the statute of limitations defense is not unique to [class representative]. Other class members may also be subject to a statute of limitations given the fact that [class representative] challenges advertisements dating back to 1983 and ... shorter statute of limitations could be applicable to other class member's claims than is applicable to [class representative's] claim."); *Beck-Ellman v. Kaz USA, Inc.*, 283 F.R.D. 558, 566 (S.D. Cal. 2012) (substantively similar).

Here, while defendants aver that both McAfee and Sullivan are subjected to the relevant statute of limitations, defendants make no actual showing that McAfee and Sullivan are *uniquely* subjected to the statute of limitations. The Class Period runs from November 2008 to July 31, 2015. As discussed below, given the lengthy class period, other class members in the New York and Arizona classes are very likely to be subjected to the same statute of limitations defense as both McAfee and Sullivan. That is all that is required to satisfy the typicality requirement. *See Fitzhenry-Russel v. Dr. Pepper Snapple Group, Inc.*, 326 F.R.D. 592, 608 (N.D. Cal. 2018) ("To be typical, a class representative need not prove that she is immune from any possible defense.... Instead, she must establish that she is not subject to a defense that is not typical of the defenses which may be raised against other members of the proposed class." (internal quotation marks omitted)).

***6** With regard to the Arizona class, "[a] limitations period is tolled ... if the defendant has wrongfully concealed facts giving rise to the cause of action in such a manner as to prevent a plaintiff from reasonably discovering a claim exists within the limitations period." *Kisner v. Broome*, No. 1 CA-

Case 1:19-md-02875-RMB-SAK   Document 2427-5   Filed 06/13/23   Page 7 of 12
                                 PageID: 86219

Corcoran v. CVS Health, Not Reported in Fed. Supp. (2019)
2019 WL 6250972

CV 16-0502, 2017 WL 6462245, at *5 (Ariz. Ct. App. Dec. 19, 2017) (internal quotation marks omitted). Here, McAfee's claims are reasonably coextensive with those of the absent class members. A class representative's claims do not need to be identical to the claims of class members—only reasonably coextensive. Although McAfee has some unique employment history in the health care industry 40 to 50 years prior to the commencement of this litigation, the Court cannot conclude that she is atypical where other class members will be subjected to the statute of limitations defense. This is so where the statute of limitations defense revolves around the reasonable person test and concerns whether the class and McAfee should have been on notice based on external public events occurring in February 2010, June 2010, and August 2014.

With regard to the New York class, each breach is a separate instance commencing a new statute of limitations period. *See Fed. Hous. Fin. Agency for Fed. Home Loan Mortg. Corp. v. Morgan Stanley ABS Capital I Inc.*, 59 Misc. 3d 754, 778, 73 N.Y.S. 3d 374, 393 (N.Y. Sup. Ct. 2018) ("As the Court of Appeals has explained, where a contract provides for a continuing obligation, the statute of limitations 'run[s] separately for the damages occasioned each time a breach of the obligation ... occur[s].' ") (quoting *Bulova Watch Co. v. Celotext Corp.*, 389 N.E.2d 130, 130 (N.Y. 1979)). Here, the relevant agreements impose a continuing duty not to charge insured customers more than the HSP price. Even omitting all of Sullivan's claims that defendants contend are time barred, Sullivan has at least one viable claim that commenced in February 2015 that is not subject to the defense of the statute of limitations. The Court need not delve further than this at the class certification stage, especially where the statute of limitations defense is not a defense that will be uniquely asserted against Sullivan.[6] Thus, because Sullivan has at least one qualifying transaction, and the statute of limitations defense will otherwise be asserted against both Sullivan and other class members, Sullivan's claim is typical of other members of the New York class.

To the extent that defendants are requesting that the Court delve into the merits of the statute of limitations and resolve factual determinations beyond the above analysis, "[t]he statute of limitations is a merits determination often not suitable for resolution at the class certification stage." *Beck-Ellman*, 283 F.R.D. at 566. *See also Kisner*, 2017 WL 6462245 at *5 ("[T]he question of when a limitations period begins to run typically is for the trier of fact to decide ... and we will defer to the factfinder's findings unless they are clearly erroneous or unsupported by any credible evidence[.]"). There are several outstanding factual questions that remain for the trier of fact, as "the evidence proffered by defendants does not sufficiently demonstrate that potential class members, even those who were members of HSP, knew of the allegedly deceptive practices." September 2017 Order at *7. The Court therefore declines to rule at this juncture on the merits of any statute of limitations defense.

Accordingly, the Court concludes that both McAfee and Sullivan satisfy the typicality requirement for purposes of Rule 23.

**B. Adequacy**

The adequacy requirement is satisfied where "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A determination of adequacy involves a two-part inquiry: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); *see also Ellis*, 657 F.3d at 985. In this determination, courts have reviewed numerous factors, including "the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Brown v. Ticor Title Ins.*, 982 F.2d 386, 390 (9th Cir. 1992).

*7 Here, defendants do not challenge the adequacy of McAfee as the proposed class representative for the Arizona class. Nor could they, as, based on the briefing and declarations, McAfee has actively and vigorously participated in the litigation by familiarizing herself with the basic facts and claims at issue, searching for responsive information, providing written discovery responses, producing documents, and making herself available for deposition by defendants' counsel on shortened time. Accordingly, as the Court already found that Class Counsel have no conflicts of interest, and there are no other apparent conflicts from McAfee serving as the class representative for the Arizona class, the Court concludes that McAfee is an adequate representative for the Arizona class under Fed. R. Civ. P. 23(a)(4).

Case 1:19-md-02875-RMB-SAK   Document 2427-5   Filed 06/13/23   Page 8 of 12
PageID: 86220

Corcoran v. CVS Health, Not Reported in Fed. Supp. (2019)
2019 WL 6250972

Defendants do oppose the adequacy of Sullivan as the proposed class representative for the New York class. Defendants advance three grounds: (1) unlike the other class representatives in the case, Sullivan did not read the key allegations in the complaint; (2) Sullivan's explanation of his understanding of the litigation was deficient; and (3) Sullivan's reliance on his wife renders him an inadequate class representative as she gathered and produced his documents, attended his deposition, attempted to answer a question on one occasion at the deposition, and was consulted by Sullivan when defense counsel asked him an important question.

Defendants do not persuade. Defendants' first and second arguments are essentially that Sullivan does not have a sufficient threshold of knowledge required to qualify as a class representative. Defendants identify several exchanges where Sullivan was unfamiliar with certain allegations, evidence, or general knowledge of the case to argue that he is "startingly unfamiliar" with the facts of the case. (*See* Dkt. No. 395-18, Ex. Q (Sullivan Deposition) at 50:3-8, 50:9-14, 50:15-18, 50:25-51:11, 165:22-25,166:17-21, 167:6-9, 168:20-21, 169:4-15, 169:16-170:7, 170:13-174:9.) In response, plaintiffs focus on other responses from Sullivan in his deposition demonstrating that he has at least a familiar understanding of the basic elements of the claim. (*See* Dkt. No. 397-5, Ex. E (Sullivan Deposition) at 25:13-17, 31:10-14, 50:3-13, 52:3-15, 77:10-16.)

"The threshold of knowledge required to qualify a class representative" is not high. *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 611 (N.D. Cal. 2004). Rule 23 requires only that the class representative "be familiar with the basic elements of [the] claim" and "will be deemed inadequate only if [they are] 'startlingly unfamiliar' with the case." *Id.* While Sullivan's responses indicate that he is not particularly well versed in the nuances of this case, a review of the deposition transcript does not show him to be "startingly unfamiliar" such that he is an inadequate class representative. On balance, Sullivan's responses show he is familiar with the basic elements of the claim, despite being unable to answer defendants' counsel's questions regarding the intricacies and specifics of the case and claim. This is especially so where the Court has previously recognized that "the copayment adjudication process from the perspective of the consumer is opaque[.]" September 2017 Order at *7.

Defendants' third argument likewise does not persuade. Sullivan himself participated in a four-and-a-half-hour deposition, and provided responses in a manner generally indicating a basic familiarity with the claims in this case. That Sullivan's wife assisted him in the preparation of his deposition, or that she had more general familiarity with the case has limited bearing on whether Sullivan himself would prosecute this action vigorously on behalf of the class. Moreover, as discussed at the November 12, 2019 oral argument, the Court is reluctant to disadvantage a proposed class representative who relies on general assistance from his partner or spouse due to individual medical constraints. This is especially so where the gravamen of the litigation concerns the overpayment of prescription drugs, and other class members are likely similarly situated in relying on partners or spouses for such similar assistance.

**\*8** Beyond these arguments, defendants do not point to any other conflicts for Sullivan, nor do they advance any arguments demonstrating any conflicts as to Class Counsel or Sullivan. Accordingly, the Court finds that Sullivan is also an adequate class representative under Fed. R. Civ. P. 23(a)(4).

### C. Superiority

To make a determination, the Court considers the following four non-exhaustive factors: (1) the interests of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the members of the class; (3) the desirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3)(A)–(D). "Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

Defendants aver that certification of six classes—up from four classes—would be unmanageable, and that the Court should therefore decline to certify under the Fed. R. Civ. P. 23(b)(3) factors. Specifically, defendants assert that the fourth factor, "the likely difficulties in managing a class action," so strongly weighs against class certification that it should tip the balance against certifying both Arizona and New York classes. In support, defendants also identify a statement from the September 2017 Order, "the Court's limitation of each state class only to the PBMs that adjudicated the named representative's claims and finding that the Arizona and New York classes lack a typical representative further reduces the complexity of any potential trial," to argue that the inclusion

Case 1:19-md-02875-RMB-SAK   Document 2427-5   Filed 06/13/23   Page 9 of 12 PageID: 86221

Corcoran v. CVS Health, Not Reported in Fed. Supp. (2019)
2019 WL 6250972

of another one or two classes would complicate the trial in this matter. September 2017 Order, at *9. Moreover, defendants highlight plaintiffs' proposed jury instructions submitted in 2017 and aver that both Arizona and New York state law are insufficient because they miscite or incorrectly summarize the law of the jurisdiction.

Although the August 19, 2019 Order limited consideration to the typicality and adequacy requirements of any substituted class representatives for the Arizona and New York classes, the Court permitted arguments at the oral argument on November 12, 2019 as to the manageability because of the concerns raised by the parties' briefing. [7]

The Court recognizes that this case will indeed become more complex by the addition of two more state classes. However, such complexity can be managed. Counsel for both parties confirmed at the oral argument that similar evidence will be presented across the classes, and that many elements and instructions overlap across the state classes. Though distinctions and nuances in both the law and facts in the state classes exist, including meaningful differences in the terms of the relevant agreements, the Court finds that such differences are manageable.

*9 Many of defendants' remaining arguments center on the notion that the proposed jury instructions do not properly or precisely match the appropriate state law. Yet, defendants could not substantively identify any differences so significant that could not otherwise be managed. As the Court noted in its prior order, "plaintiffs have sufficiently demonstrated how jury instructions and a verdict form may be structured to account for statewide classes in light of the fact that many of the state-law claims raise common issues," and that "[w]hile further modifications may be necessary, the showing suffices." September 2017 Order at *9. Nothing in defendants' briefing or in defendants' arguments made at the oral argument alter the Court's prior conclusion as it relates to the addition of two state classes.

Therefore, the Court finds that the addition of one or two more classes does not impact the Court's prior superiority analysis. Accordingly, in light of the Court's holdings that both McAfee and Sullivan satisfy the typicality and adequacy requirements of Rule 23(a), and that the class action continues to satisfy the superiority analysis of Rule 23(b), the Court **GRANTS** plaintiffs' motion to substitute class representatives and certify New York and Arizona classes.

### IV. MOTION FOR APPROVAL OF CLASS NOTICE PROVIDER AND CLASS NOTICE PROGRAM

Plaintiffs move for approval of the class notice provider, Angeion Group LLC, and for approval of the class notice program. Plaintiffs request notice to class members be provided by text messaging, email, or United States Postal Service mail. Plaintiffs also request approval of the proposed forms to be sent to class members and to be included on the class website. (*See* Dkt. Nos. 377-4 (short-form notice), 377-5 (long-form or website notice), 377-6 (text message notice form).)

Defendants do not oppose approval of Angeion Group LLC as the class notice provider, but oppose notice to class members through any means other than United States Postal Service mail. Based on this opposition, the parties dispute who should bear the costs of the class notice program. Defendants also propose minor modifications to the proposed notice forms. [8]

Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court **APPROVES** Angeion Group LLC as the notice provider. Thus, the Court **GRANTS** the motion for approval of class notice provider and class notice program on this basis.

Following oral argument on November 12, 2019, the parties submitted a joint status report regarding plaintiffs' motion to approve the class notice program and forms of notice. (Dkt. No. 403.) The parties indicate that they have now reached agreement on the proposed notice program, which will consist of (a) emailing the short-form notice to all class members whose email addresses defendants have provided or Angeion Group LLC has located, and (b) sending via United States Postal Service mail the short-form notice to all class members for whom there are no email addresses or for whom an email address resulted in a bounce-back message. Plaintiffs have further withdrawn their proposal for notice to class members via text messaging, and the parties agree that plaintiffs will pay all costs of the notice program.

*10 Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's

Case 1:19-md-02875-RMB-SAK   Document 2427-5   Filed 06/13/23   Page 10 of 12
PageID: 86222

Corcoran v. CVS Health, Not Reported in Fed. Supp. (2019)
2019 WL 6250972

methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. *See* Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court **APPROVES** the parties' revised proposed class notice program, and **GRANTS** the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail. Because plaintiffs have withdrawn their request for notice via text messaging, the Court **DENIES** the motion as moot.

Finally, the parties' joint status report notes that the parties are revising the proposed short-form and long-form notices to incorporate the Court's comments at the November 12, 2019 hearing. The parties agree to submit the revised forms following the issuance of this Order. The Court therefore **DENIES** the motion as to the proposed form notices. The parties may seek approval on an expedited basis of the revised form notices on or before **December 2, 2019**.

### V. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows: The Court **GRANTS** plaintiffs' motion to substitute class representatives and **CERTIFIES** Arizona and New York classes. The Court **AMENDS** the class definition to state as follows:

> All CVS customers in California, Florida, Illinois, Massachusetts, New York, and Arizona, who, between November 2008 and July 31, 2015 (the "Class Period"), (1) purchased one or more generic prescription drugs that were offered through CVS's Health Savings Pass ("HSP") program at the time of the purchase; (2) were insured for the purchase(s) through a third-party payor plan administered by one of the following pharmacy benefit managers: Caremark/PCS, Express Scripts, Medco, MedImpact, or Optum/Prescription Solutions (prior to January 29, 2015); and (3) paid CVS an out-of-pocket payment for the purchase greater than the HSP price for the prescription

The Court **GRANTS IN PART** and **DENIES IN PART** plaintiffs' motion for approval of the notice provider and for approval of the class notice program. The Court further **ORDERS** with respect to the motion for approval of the notice provider and for approval of the class notice program as follows:

1. For the purpose of providing notice to class members, defendants are authorized to disclose, and hereby is ordered to disclose, to Angeion Group, LLC ("Angeion"): (a) the name; (b) the last known mailing address; and (c) email address for defendants' customers associated with the purchases at the pharmacies identified by plaintiffs' expert report attached to plaintiffs' amended motion for class certification (June 6, 2017). (Dkt. No. 274.) The disclosure to Angeion shall occur:

   a. Within two business days of the entry of this Order, for individuals associated with the purchases occurring at CVS pharmacies in California, Florida, Illinois, and Massachusetts identified by plaintiffs' expert report; or

   b. Within two business days of the entry of any order certifying a class or classes for Arizona and New York, for individuals associated with the purchases occurring at defendants' pharmacies in Arizona or New York identified by plaintiffs' expert report.

2. This Order authorizes defendants to disclose the information identified in Paragraph 1 of this section in the Order pursuant to the regulations of the Health Insurance Portability and Accountability Act of 1996. *See* 45 C.F.R. § 164.512(e)(1)(i).

3. The parties to this action and Angeion are expressly prohibited from using or disclosing the contact information obtained pursuant to this Order for any purpose other than providing notice to proposed class members in this action. *See* 45 C.F.R. § 164.512(e)(1)(v)(A).

\*11  4. Angeion is further ordered to destroy contact information received in connection with this Order

Case 1:19-md-02875-RMB-SAK   Document 2427-5   Filed 06/13/23   Page 11 of 12
PageID: 86223

Corcoran v. CVS Health, Not Reported in Fed. Supp. (2019)
2019 WL 6250972

within 10 business days following the conclusion of this action. *See* 45 C.F.R. § 164.512(e)(1)(v)(B).

5. The parties shall file revised proposed short-form and long-form notices incorporating the Court's comments at the November 12, 2019 hearing on or before **December 2, 2019**.

This Order terminates Docket Numbers 375, 376, 377, 386-2, 394, 396, 398, and 399.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2019 WL 6250972

# Footnotes

1  As discussed herein, plaintiffs amended their original motion by leave of the Court. (*See* Dkt. Nos. 376 (original motion), 386-2 (amended motion), 389 (Order granting leave to file amended motion).)

2  The Court included this footnote because, at the August 19, 2019 hearing held prior to the August 2019 Order, defendants specifically asked about briefing additional issues including certain issues that defendants believed the court had not reached, including "commonality, predominance, superiority, manageability, issues that [the Court] had not ruled upon;" the Court responded that "[t]hose issues are denied." (Dkt. No. 373 at 10.)

3  The parties have filed administrative motions seeking to file under seal sensitive medical and personal information of class representatives and class members in support of their briefing. (*See* Dkt. Nos. 375 (plaintiffs' administrative motion to seal documents in support of the motion), 394 (defendants' motion to seal documents in support of the opposition to the motion), 396 (plaintiffs' administrative motion to seal documents in support of the reply).) For the good cause shown therein, the Court **GRANTS** these three administrative motions to file under seal.

4  Defendants do not raise any other specific arguments as to the typicality requirement for McAfee.

5  As discussed at the oral argument on November 12, 2019, the potential class members are those who purchased prescription medication during the class period, many of whom may be sick and may need or rely on third party assistance to procure their prescription medication. The fact that a class representative or class member is sick and needs assistance and relies on their spouse or partner to pick up prescriptions is not a factor that would lead the Court to deny class certification in this circumstance.

6  The Court explicitly notes that it makes no further determination as to the applicability of the equitable tolling doctrine or the fraudulent concealment doctrine as to the statute of limitations for claims brought by the New York class.

7  The Court informed the parties via email that it was receptive to manageability arguments on November 8, 2019. The Court instructed that, to the extent the parties wished to utilize PowerPoint format for their presentation as to manageability, the parties were required to exchange such forms to the opposing party by close of business on Monday, November 11, 2019. Both parties complied with the Court's instruction, and brought a copy of their PowerPoint for the Court at the oral argument on November 12, 2019.

8  Defendants administratively move for leave to file a surreply to address arguments raised by plaintiffs in their reply. (*See* Dkt. No. 398 (motion for leave to file a surreply).) Plaintiffs oppose defendants' administrative motion, and further request permission to file under seal confidential information including proprietary business information relating to Angeion Group, LLC submitted in connection with their opposition to

Case 1:19-md-02875-RMB-SAK   Document 2427-5   Filed 06/13/23   Page 12 of 12 PageID: 86224

**Corcoran v. CVS Health, Not Reported in Fed. Supp. (2019)**
2019 WL 6250972

defendants' motion for leave to file a surreply. (*See* Dkt. No. 399.) Having reviewed and considered both the parties' filings, the Court **GRANTS** defendants' motion for leave to file a surreply, and plaintiffs' motion to file under seal information submitted with plaintiffs' response to defendants' motion for leave to file a surreply.

---

**End of Document**                                        © 2023 Thomson Reuters. No claim to original U.S. Government Works.