# EXHIBIT G

Case 1:19-md-02875-RMB-SAK   Document 2427-7   Filed 06/13/23   Page 2 of 12
Case 4:15-cv-03504-YGR   Document 377-2   Filed 09/10/19   Page 1 of 11
PageID: 86229

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| Christopher Corcoran, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS Pharmacy, Inc.<br><br>*Defendant.* | Case No. 4:15-cv-03504-YGR-JSC<br><br>**DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP, LLC** |

I, Steven Weisbrot, Esq., declare under penalty of perjury as follows:

1.      I am a partner at the class action notice and settlement administration firm Angeion Group, LLC ("Angeion"). I am fully familiar with the facts contained herein based upon my personal knowledge.

2.      I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

3.      I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23*.

1

4. I have given public comment and written testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media and print publication, in providing Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and suggest an educational curriculum for the judiciary concerning notice procedures.

5. Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

6. My notice work comprises a wide range of settlements that include product defect, mass disasters, false advertising, employment, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases. I have been at the forefront of infusing digital media, electronic means and big data and advanced targeting, into class action notice programs. For example, the Honorable Sarah Vance stated in her December 31, 2014 Order in *In Re: Pool Products Distribution Market Antitrust Litigation*, MDL No. 2328:

> To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web-based forms of communication in the plan…. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process.
>
> The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement.

As detailed below, courts have repeatedly recognized my work in the design of class action notice programs:

(a) On February 24, 2017, The Honorable Ronald B. Rubin in *James Roy et al. v. Titeflex Corporation et al.*, No. 384003V (Md. Cir. Ct.), noted when granting preliminary approval to the settlement:

2

DECLARATION OF STEVEN WEISBROT

Case 1:19-md-02875-RMB-SAK Document 2427-7 Filed 06/13/23 Page 4 of 12
Case 4:19-cv-03504-YGR Document 377-2 Filed 09/10/19 Page 3 of 11
PageID: 86231

> What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make a decision. To me that is a key piece of this deal. ***I think the notice provisions are exquisite.*** (Emphasis added).

(b) Likewise, on July 21, 2017, The Honorable John A. Ross in *In Re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. Mo.), stated in the Court's Order granting preliminary approval of the settlement:

> The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —***is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process***. (Emphasis added).

> The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

(c) In the *In Re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Products Liability Litigation*, Case No. 17-md-02777-EMC (N.D. Cal.), in the Court's February 11, 2019 Order, the Honorable Edward M. Chen ruled:

> [In addition] the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice . . . practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice,

3

Case 1:19-md-02875-BMB-SAK Document 2427-7 Filed 06/13/23 Page 5 of 12
Case 4:15-cv-03504-YGR Document 577-2 Filed 09/10/19 Page 4 of 11
PageID: 86232

opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

(d) On June 26, 2018, in his Order granting preliminary approval of the settlement in *Mayhew v. KAS Direct, LLC, et al.*, Case No. 16-cv-6981 (VB) (S.D.N.Y.), The Honorable Vincent J. Briccetti ruled:

> In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr. Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

7. By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $10 billion to class members. The executive profiles as well as the company overview are available at http://www.angeiongroup.com/our_team.htm.

4

DECLARATION OF STEVEN WEISBROT

Case 1:19-md-02875-RMB-SAK Document 2427-7 Filed 06/13/23 Page 6 of 12
Case 4:15-cv-03504-YGR Document 377-2 Filed 09/10/19 Page 5 of 11
PageID: 86233

8. Specifically, Angeion has been appointed as the administrator in multiple cases litigated in the Northern District of California, including several cases following the implementation of the Northern District's revised guidance. A representative list of those cases is included herein as **Attachment 1**.

9. This declaration will describe the notice program that will be implemented in this matter, subject to this Court's approval, including the considerations that informed the development of the plan and why I believe it will provide Due Process of Law to the Class. In my professional opinion, the Notice Plan described herein is the best practicable notice under the circumstances and fulfills all due process requirements.

## SUMMARY OF THE NOTICE PROGRAM

10. The proposed Notice Program is the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice will be made by a combination of United States mail and other electronic means, including direct notice via text messaging and email. Specifically, the Notice Program contemplates the use of email or text message in the first instance and direct mail notice for Class Members whose digital notice was not delivered via the above-described delivery methods. The Notice Program also includes an informational website and toll-free telephone line where Class Members can learn more about their rights and responsibilities in the litigation.

## DIRECT NOTICE VIA TEXT MESSAGE & EMAIL

11. Angeion has been advised that the estimated class size is 6,150,000 class members and that CVS possesses at least one complete mailing address for more than 99% of the class members. I am further advised that CVS possesses at least one phone number for 95% of the class members and that Angeion will be provided with valid cellular phone numbers for approximately 50% of the class. Given that CVS maintains cell phone numbers for approximately, 50% of the class, the Notice Program will utilize the cellular phone numbers provided to Angeion to send a SMS (text) message to the Class Members. The text message notice will advise the Class Members of the pending litigation and will direct them to the dedicated website for additional information. It is

5

Case 1:19-md-02875-RMB-SAK   Document 2427-7   Filed 06/13/23   Page 7 of 12
Case 4:15-cv-03504-YGR   Document 377-2   Filed 09/10/19   Page 6 of 11
PageID: 86234

important to note that the SMS (text) messages will only be sent to class members who have not opted out of receiving such messages from CVS.[1] Given that the class member has provided a mobile cell phone number to CVS and has not opted out from receiving texts from, CVS, it is my opinion that an informational court-ordered text message, is not only appropriate in this case, but will be instrumental in cost-effectively notifying the class of the instant litgation.

**Reverse Email Look-Up**

12.  While CVS does not maintain a robust list of class member addresses, Angeion is able to accurately garner class member email addresses by utilizing the data points that CVS does maintain. This process is typically referred to as an email "append" and is routinely utilized by corporate marketing departments, brand advertisers, and class action notification specialists, in order to reach their customers, consumers or class members.

13.  Here, an append will be performed on Class Member records for which a cellular phone number is not provided. An additional append search will be performed on any Class Members whose text message notice was not delivered.

14.  The append will attempt to locate email addresses associated with the Class Member information provided to Angeion by utilizing a network of data partners[2] to aggregate a combination of first- and third-party consumer data to source, update, and verify email addresses. Specifically, the append matches email addresses to certain other data points as a validity check, such as the individual's name, U.S. postal address and cellular or home phone number. In my professional experience, and based on the availability of the data points described above, I believe we will be able to garner email addresses for approximately 65% of the class, or more.

**Email Notice**

15.  Angeion will cause notice of the litigation to be sent via email to Class Members who did not have a cellular phone number, and either: (1) had an email address provided by CVS in the

---

[1] The use of SMS (text) messages to provide notice to certain class members is conditioned upon the Court making a specific finding in the notice Order that these are informational messages pertaining to the class members' relationship with CVS. *See* [Proposed] Order at ¶ iii.

[2] Our data partners typically include Acxiom, Dun & Bradstreet, Google, Nielsen, Oracle and Facebook.

6

Case 1:19-md-02875-BMB-SAK    Document 2427-7    Filed 06/13/23    Page 8 of 12
Case 4:15-cv-03504-YGR   Document 377-2   Filed 09/18/19   Page 7 of 11
PageID: 86235

original Class Member data, or (2) for whom Angeion obtained email addresses via the append searches described above.

16. Below I have outlined some of Angeion's practices to increase deliverability and readability of email notice that Angeion will employ when sending the email notice.

17. As an initial matter, Angeion designs the email notice to avoid common "red flags" that might otherwise cause the recipient's spam filter to block the email notice or identify it as spam. For example, Angeion will not include the long form notice as an attachment to the email notice because attachments are often interpreted by various Internet Service Providers ("ISP") as spam. Rather, in accordance with industry best practices, Angeion will include electronic links to all operative documents so that recipients can easily access this information.

18. Angeion also accounts for the reality that some emails will inevitably be unsuccessful during the initial delivery attempt. Therefore, after the initial email noticing campaign is complete, Angeion, after an approximate 24-72-hour rest period, which allows any temporary block at the ISP level to expire, will direct a second round of email notice to any email addresses that were previously identified as soft-bounces. In Angeion's experience, this minimizes the number of emails that may have erroneously been blocked by sensitive servers.

### DIRECT MAILED NOTICE

19. Angeion proposes to send the postcard notice to Class Members for whom Angeion is provided address information, and either: (1) whose text message and email notice were not delivered, or (2) did not have a cellular phone number or email address in the data provided (and an email address was not identified via the append process). The postcard notice will be mailed via the United States Postal Service ("USPS") first-class mail, postage prepaid.

20. To obtain the most current mailing addresses for class members whose contact information is provided to Angeion, the addresses provided will be processed through the USPS National Change of Address ("NCOA") database. This process provides updated addresses for individuals who have moved within the past four years and who filed a change of address card with the USPS.

7

Case 1:19-md-02875-RMB-SAK    Document 2427-7    Filed 06/13/23    Page 9 of 12
Case 4:19-cv-03504-YGR   Document 377-2   Filed 09/10/19   Page 9 of 12
PageID: 86236

21.     Similarly, in an effort to deliver Notices to the intended recipients, the Notice Program provides for the following: (a) notices that are returned as undeliverable by the USPS and have a forwarding address will be re-mailed to that forwarding address; and (b) notices that are returned as undeliverable by the USPS without a forwarding address will be subject to address verification searches ("skip tracing"), utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses. Notices will then be re-mailed by Angeion to the updated addresses located through skip tracing.

### **RESPONSE MECHANISMS**

22.     The Notice Program will also implement the creation of a case-specific website, where Class Members can easily view general information about this class action lawsuit, review relevant Court documents, and view important dates and deadlines pertinent to the litigation. The website will be designed to be user-friendly and make it easy for Class Members to find information about the case. The website will also have a "Contact Us" page whereby Class Members can send an email with any additional questions to a dedicated email address.

23.     A toll-free hotline devoted to this case will be implemented to further apprise Class Members of the rights and options in the lawsuit. The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Class Members with responses to frequently asked questions and provide essential information regarding the lawsuit. This hotline will be accessible 24 hours a day, 7 days a week.

### **CONCLUSION**

24.     The proposed Notice Program is the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice will be made by a combination of United States mail and other electronic means, including direct notice via text messaging and email.

25.     In my opinion, the Notice Plan will provide full and proper notice to Class Members before the applicable opt-out deadline. Moreover, it is my opinion that Notice Program is the best

8

Case 1:19-md-02875-RMB-SAK    Document 2427-7    Filed 06/13/23    Page 10 of 12
Case 4:16-cv-03304-YGR    Document 377-2    Filed 09/16/19    Page 9 of 11
PageID: 86237

1  notice that is practicable under the circumstances, fully comports with due process, Fed. R. Civ. P.
2  23, and the Northern District's Procedural Guidance for Class Action Settlements.  After the
3  Notice Plan, Angeion will provide a final report verifying its effective implementation.

5  I hereby declare under penalty of perjury that the foregoing is true and correct.
6  Dated:  September 16, 2019

*[signature]*
STEVEN WEISBROT

9

Case 1:19-md-02875-RMB-SAK Document 2427-7 Filed 06/13/23 Page 11 of 12
Case 4:19-cv-03504-YGR Document 377-2 Filed 09/10/19 Page 10 of 11
PageID: 86238

# ATTACHMENT 1

Case 1:19-md-02875-RMB-SAK   Document 2427-7   Filed 06/13/23   Page 12 of 12
Case 4:15-cv-03504-YGR   Document 377-2   Filed 09/10/19   Page 12 of 12
PageID: 86239

## Cases Administered by Angeion Group in the Northern District of California

*Carlotti v. ASUS Computer International*, Case No. 4:18-cv-03369-DMR

*Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices and Products Liability Litigation*, Case No. 3:17-md-02777-EMC

*Corzine v. Whirlpool Corp.*, Case No. 5:15-cv-05764-BLF

*Cryer v. Franklin Resources, Inc*, Case No. 4:16-cv-04265-CW

*Des Roches, et. al. v. California Physicians' Service, et al.*, Case No. 5:16-cv-02848-LHK

*Dulberg, et al. v. Uber Technologies, Inc., and Rasier, LLC,* Case No. 3:17-cv-00850 WHA

*Fishman et. al. v. Tiger Natural Gas Inc., et. al.*, Case No. 3:17-cv-05351-WHA

*Halvorson et al. v. TalentBin, Inc.*, Case No. 3:15-cv-05166-JCS

*Hanson v. JQD, LLC, d/b/a Pro Solutions*, Case No. 4:13-cv-05377-RS

*In re Lenovo Adware Litigation*, Case No. 4:15-md-02624-HSG

*Reyna et al. v. Arris International PLC*, Case No. 5:17-cv-01834-LHK

*Robb et al. v. Fitbit Inc., et al.*, Case No. 3:16-cv-00151-SI

*Rodman v. Safeway Inc.*, Case No. 3:11-cv-03003-JST

*Rollins, et al. v. Dignity Health, et al.*, Case No. 3:13-cv-01450-JST

*Tony Dickey and Paul Palmer, et al. v. Advanced Micro Devices, Inc.*, Case No. 4:15-cv-04922-HSG

*Williamson v. McAfee, Inc.*, Case No. 5:14-cv-00158-EJD; *Kirby v. McAfee, Inc.*, Case No. 5:14-cv-2475-EJD