# EXHIBIT H

| | |
|---|---|
| Bonny E. Sweeney (Cal. Bar No. 176174) | Robert B. Gilmore (admitted *pro hac vice*) |
| HAUSFELD LLP | Edward H. Meyers (admitted *pro hac vice*) |
| 600 Montgomery St., Suite 3200 | STEIN MITCHELL BEATO & MISSNER LLP |
| San Francisco, California 94111 | 1100 Connecticut Ave., N.W. |
| Tel: 415-633-1908 | Washington, D.C. 20036 |
| Fax: 415-358-4980 | Tel: 202-737-7777 |
| bsweeney@hausfeld.com | Fax: 202-296-8312 |
| | rgilmore@steinmitchell.com |
| Richard Lewis (admitted *pro hac vice*) | emeyers@steinmitchell.com |
| Sathya S. Gosselin (Cal. Bar No. 269171) | |
| HAUSFELD LLP | Elizabeth C. Pritzker (Cal. Bar No. 146267) |
| 1700 K St. NW, Suite 650 | Jonathan K. Levine (Cal. Bar No. 220289) |
| Washington, D.C. 20006 | Bethany L. Caracuzzo (Cal. Bar No. 190687) |
| Tel: 202-540-7200 | PRITZKER LEVINE LLP |
| Fax: 202-540-7201 | 180 Grand Avenue, Suite 1390 |
| rlewis@hausfeld.com | Oakland, California 94612 |
| sgosselin@hausfeld.com | Tel.  415-692-0772 |
| | Fax. 415-366-6110 |
| | ecp@pritzkerlevine.com |
| | jkl@pritzkerlevine.com |
| | bc@pritzkerlevine.com |

*Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Christopher Corcoran, *et al*., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS Pharmacy, Inc.<br><br>*Defendant.* | Case No. 4:15-cv-03504-YGR-JSC<br><br>CLASS ACTION<br><br>**REPLY DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP, LLC**<br><br>Date: November 12, 2019<br>Time:  1:00 pm<br>Courtroom:  1<br>Judge:  Hon. Yvonne Gonzalez Rogers |

I, Steven Weisbrot, Esq., declare under penalty of perjury as follows:

1. I am a partner at the class action notice and settlement administration firm Angeion Group, LLC ("Angeion"). I am fully familiar with the facts contained herein based upon my personal knowledge.

2. My credentials were provided to this Court, as outlined in my previously filed Declaration in support of Plaintiffs' Motion for Approval of a Notice Provider and Class Notice Program (ECF No. 377-2).

3. I have reviewed CVS Pharmacy, Inc's response to Plaintiffs' motion, and I submit this Reply Declaration to reply to that response, and to provide the Court with further information regarding several of the methodologies previously outlined in my initial declaration, to aid the Court in determining how to best notify the class of their rights and options in this litigation.

## ENCRYPTED EMAIL

4. Pursuant to HIPPA requirements[1], email containing potential PHI must remain secure in transit and at rest on Angeion's system. This means that our emails are encrypted at Angeion and in transit to ensure that someone who tries to intercept the email cannot read its contents.

5. Here, if the Court authorizes notice via email, Angeion will utilize Amazon SES. This is a cloud-based email sending service that will be used to securely deliver the Court-approved form of email notice to the affected class members. There are two steps in the email delivery process being proposed:

- **Angeion to Amazon SES**

For this step, we use the Amazon SES API. All communications are encrypted by TLS through the Amazon SES HTTPS endpoint. The Amazon SES HTTPS endpoint supports TLS 1.2,

---

[1] The security of PHI in rest and in transit is discussed in the technical safeguards of the HIPAA Security Rule, which can be found at 45 C.F.R. § 164.312, and specifically, the following regulations discuss encryption - 45 C.F.R. § 164.312(a)(2)(iv) and (e)(2)(ii)[1]. For further guidance, HHS drafted the following interpretative guidance for these regulations (encryption is addressed on pages 6 and 12): https://www.hhs.gov/sites/default/files/ocr/privacy/hipaa/administrative/securityrule/techsafeguards.pdf

2
REPLY DECLARATION OF
STEVEN WEISBROT OF ANGEION GROUP, LLC    CASE NO. 4:15-cv-03504-YGR

TLS 1.1, and TLS 1.0.

- **Amazon SES to Receiver**

In the second step, it should be noted that Amazon SES supports TLS 1.2, TLS 1.1 and TLS 1.0 for TLS connections. For high level security requirements, like the emails proposed in this case, we distribute email under a *Required* TLS Policy. What this means is that Amazon SES only sends the message to the receiving email server if it can establish a secure connection. If Amazon SES cannot make a secure connection to the receiving email server, it drops the message and it is not delivered.

## EMAIL APPEND

6. As described in my initial declaration, Angeion can append email addresses to certain other data points that are likely to be provided by CVS in this litigation such as customer name, address and phone number.

7. In order to effectuate the append process, Angeion utilizes data partners[2] that aggregate a combination of first- and third-party consumer data to source, update and verify email addresses. Specifically, this allows us to match email addresses to certain other data points as a validity check, such as an individual's name, U.S. postal address, phone number, and previous email address.

8. By way of example, if the commercially available data indicates that an individual with the same name and address as a class member recently opted to use a different email address than the one reflected in CVS's business records to receive, for example, online billing communications from a utility company and for example, financial statements from their financial analyst, then this individual's email address would likely be updated to reflect this change.

9. However, the mere existence of a conflicting email address that was used, for example, to enter into a sweepstakes site, or a non-repeat e-commerce site, would not be enough to trigger an email update because those examples (unlike the utility company example just discussed) lack an imprimatur of authenticity. This accounts for the practical reality that class members may

---

[2] Our data partners may include Acxiom, Dun & Bradstreet, Google, Nielsen, Oracle, and Facebook.

3
REPLY DECLARATION OF
STEVEN WEISBROT OF ANGEION GROUP, LLC                                CASE NO. 4:15-cv-03504-YGR

1 enter one email address for a single transactional relationship, like entering an online contest, but
2 are more likely to use a valid email address, which they check often, to receive billing information
3 for their gas or electric bills. The same process would hold true for class members for which CVS
4 has no email address in the first instance.

5     10.     In no case would the body of the email contain a recipient's name or other unique
6 personally identifying information. Thus, there is no risk of unintentionally disclosing PHI to an
7 erroneously identified or updated email recipient.

8     11.     Upon the completion of the notice campaign, Angeion will report to the Court the
9 total number of mailings and emails, accounting for returned undelivered mail, forwarded mail, and
10 emails that were blocked at the Internet Service Provider ("ISP") level.

11     12.     The email methods described above and to be undertaken here exceed those typically
12 utilized in notice programs ordered under Fed. R. Civ. P. 23(b). In my opinion, these efforts
13 represent a state-of-the-art approach to email communications.

## **CONCLUSION**

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: October 21, 2019

STEVEN WEISBROT