# EXHIBIT K

2023 WL 1785545
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

Jennifer HASEMANN & Wendy Manemeit, Petitioners,
v.
CVS PHARMACY INC., Respondent.

19-MC-2518(EK)
|
Signed February 6, 2023

**Attorneys and Law Firms**

[Carlos F. Ramirez](), Reese LLP, Chappaqua, NY, [Raymond A. Marcaccio](), Oliverio & Marcaccio, LLP, Providence, RI, for Petitioners.

[Aviva Surugeon](), Nixon Peabody LLP, Chicago, IL, [Kevin H. Blake](), Hinckley Allen & Snyder LLP, Providence, RI, [Carlos F. Ramirez](), Reese LLP, Chappaqua, NY, [Juan Luis Garcia](), Skarzynski Marick & Black LLP, New York, NY, for Respondent.

### MEMORANDUM & ORDER

[ERIC KOMITEE](), United States District Judge:

*1 This dispute arises out of a class action now pending before this Court in *Hasemann v. Gerber Products Co.*, No. 15-CV-2995, and cases consolidated with it for pretrial purposes. Petitioners are the class representatives in that action, in which they allege that Gerber engaged in false and deceptive advertising in marketing its Good Start Gentle infant formula.

Petitioners move under [Federal Rule of Civil Procedure 45(d)(2)(B)(i)]() for an order compelling CVS Pharmacy, Inc., a nonparty to the class action, to disclose names, addresses, and email addresses of certain CVS customers who purchased the Good Start formula. That rule provides that if a "person commanded to produce documents" objects to a subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production." Petitioners moved to compel in the United States District Court for the District of Rhode Island, where CVS is headquartered. On consent of CVS, that court transferred the motion to this Court under [Rule 45(f)]().

Petitioners seek to enforce their subpoena for production of:

> A machine-readable list of the names, addresses and email addresses of all individuals whose addresses are in the United States and who, between May 15, 2011, and the present, purchased Gerber Good Start Gentle infant formula.

Mem. in Supp. of Pets.' Mot. to Enforce [Rule 45]() Subpoena 3, ECF No. 1. Petitioners seek this information for the purpose of providing notice to these customers of their potential membership in the subclasses certified in *Hasemann*. *Id.* at 6. For the reasons set forth below, Petitioners' motion is granted in part.

CVS's principal objection is that compliance with the subpoena would violate its customers' privacy interests. CVS Pharmacy Inc.'s Response in Opp'n to Pets.' Mot. to Enforce [Rule 45]() Subpoena ("CVS Opp'n") 2–6, No. 15-CV-2995, ECF No. 150. But CVS has not cited any authority dictating that this consideration should override the need for class notification. On the contrary, "courts have recognized that in the class action context, privacy concerns must at times yield to the interest of ensuring that class members will have sufficient notice to vindicate their rights." [*In re Bayer Corp. Combination Aspirin Prod. Mktg. & Sales Pracs. Litig.*, No. 09-MD-2023, 2012 WL 13059198, at *1 (E.D.N.Y. Aug. 17, 2012)]() (collecting cases), *on reconsideration in part,* [No. 09-MD-2023, 2012 WL 4747441 (E.D.N.Y. Oct. 4, 2012)](). [1] For instance, in *In re Bayer*, the plaintiffs sought information from Safeway to identify customers who had purchased aspirin products. *Id.* Safeway objected on privacy grounds. *Id.* The court granted the plaintiffs' motion to compel, reasoning:

> Not only is this information relatively non-sensitive, but it will enable plaintiffs to provide direct notice to these purchasers of their right to collect under the preliminarily approved settlement, to object to the proposed settlement, or to opt-out of the class. I find that this

interest is superior to the privacy interest identified by Safeway, and grant plaintiffs' motion to compel accordingly.

**\*2** *Id.*

Similar considerations are at play here. Whether someone has purchased infant formula is not, generally speaking, extremely sensitive information. CVS argues that granting Petitioners' motion would create a slippery slope: "the next request may well be home pregnancy tests or anything else that customers do not expect to be the subject of class notifications in their mail boxes — often, mail boxes shared with other family members." CVS Opp'n 2. But it should be obvious that from a privacy perspective, purchases of infant formula — used to feed a child who has already been born — might be categorically different from purchases of pregnancy tests. Moreover, these are purchasers who, by definition, have already shared their identities with CVS in a non-anonymous transaction (by purchasing with a credit card or under a rewards program, rather than in a cash transaction).

And to the extent such information is sensitive, CVS has not shown that the protective order previously entered in this case would not adequately protect against any potential harm from disclosure of this information to Petitioners. *See* Joint Mot. for Protective Order (so-ordered on Dec. 7, 2015), ECF No. 20. Courts regularly rely on protective orders to protect privacy considerations, including in class-action suits. *See Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 566 (S.D.N.Y. 2013) (Francis, M.J.) ("The privacy concerns raised by [the subpoena recipient] are best addressed by the Protective Order and Confidentiality Agreement already guiding discovery in this case, which clearly anticipated the disclosure of confidential employee information."); *In re Bayer*, 2012 WL 4747441, at \*4 (E.D.N.Y. Oct. 4, 2012) ("Safeway has failed to demonstrate why the existing protective order ... does not adequately address the concerns Safeway has about its customers' privacy interests."). Under these circumstances, the class members' due-process rights to notice outweigh CVS's privacy objection.

CVS also argues that the data that Petitioners request "is not required to provide effective notice to the class." CVS Opp'n 6. It argues that "[s]urely, there is overlap" between customers who purchased Good Start Gentle at CVS and those who purchased it at retailers that have already provided similar data to Petitioners. But CVS provides no evidence to back up that assertion. Moreover, to the extent CVS suggests that class members may already have viewed Internet banner ads, previously approved by the Court as an indirect method of class notice, "the language of Rule 23(c)(2)(B) and the Supreme Court's interpretation of that language and the Due Process Clause ... make clear that whenever an individual class member's name is known or easily ascertainable, individual notice is mandatory." 3 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 8:7 (6th ed.), Westlaw (Dec. 2022 Update). As observed by the treatises, "[t]his concept is considered to be settled." *Id.*; *see also* 7AA Charles A. Wright et al., *Federal Practice & Procedure* § 1786 (3d ed.), Westlaw (Apr. 2022 Update) ("[I]t is clearly settled that in Rule 23(b)(3) actions all identifiable class members must be given individual notice....").

**\*3** Nonetheless, the Court does find that the subpoena, as currently worded, is overbroad in one respect. It requests purchase information from May 15, 2011 to "the present," which exceeds the class period defined in the class certification order. *See Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 279 (E.D.N.Y. 2019). Accordingly, the Court modifies the subpoena to encompass only purchases during the class period.

For these reasons, CVS is directed to produce to Petitioners' counsel the following information:

> A machine-readable list of the names, addresses, and email addresses of all individuals whose addresses are in the United States and who, between October 10, 2011, and April 23, 2016, purchased Gerber Good Start Gentle infant formula.

CVS shall provide this information to Petitioners no later than 14 days after the issuance of this order. [2]

SO ORDERED.

**All Citations**

Slip Copy, 2023 WL 1785545

## Footnotes

| | |
|---|---|
| 1 | Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks. |
| 2 | Petitioners' motion for leave to file a reply brief is granted. *See* Pls.' Reply in Further Support of Their Mot. to Enforce a Rule 45 Subpoena, ECF No. 6. |

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.