# EXHIBIT M

Case 1:19-md-02875-RMB-SAK   Document 2427-13   Filed 06/13/23   Page 2 of 3
PageID: 86268

In re Bayer Corp. Combination Aspirin Products Marketing..., Not Reported in Fed....
2012 WL 13059198

2012 WL 13059198
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

IN RE: BAYER CORP. COMBINATION
ASPIRIN PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION

9 Md. 2023 (BMC)
|
Signed 08/17/2012

### ORDER

COGAN, District Judge.

*1 Before me is plaintiffs' motion to compel nonparties Safeway, Inc., ("Safeway") and BJ's Wholesale Club ("BJ's") to produce documents or sales data for patrons of those establishments that have purchased the Bayer combination aspirin products at issue in this multi-district litigation. For the reasons set forth below, plaintiffs' motion is granted, and Safeway and BJ's are hereby ordered to produce such information to plaintiffs' within seven (7) days of service of this Order.

As a threshold matter, this Court has jurisdiction to enforce subpoenas issued by plaintiffs in other jurisdictions pursuant to 28 U.S.C. § 1407, which grants judges who have been assigned multi-district actions "the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated proceedings." 28 U.S.C. § 1407(b). Although this statute explicitly refers to pretrial depositions, the overwhelming weight of authority from federal courts throughout the nation is that this power includes the ability to quash, modify, or enforce a subpoena directed to an extra-district nonparty. See, e.g., In re Clients and Former Clients of Baron & Budd, P.C., 478 F.3d 670, 671 (5th Cir. 2007); U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 444 F.3d 462, 468-69 (6th Cir. 2006); In re Neurontin Mktg., Sales Practices, & Prods. Liab. Litig., 245 F.R.D. 55, 57 (D. Mass. 2007); In re Welding Rod Prods. Liab. Litig., 406 F.Supp.2d 1064, 1066-68 (N.D. Cal. 2005); In re Subpoena Issued to Boies, Schiller & Flexner LLP, No. M8-85, 2003 WL 1831426, at *1, 2003 U.S. Dist. LEXIS 28311, at *1-2 (S.D.N.Y. Apr. 3, 2003). Thus, this motion is properly before me.

In a joint letter filed by plaintiffs and Safeway, Safeway objects to the request on the grounds that its compliance would be unduly burdensome and would violate customer privacy. As to the first objection, Safeway fails to provide any explanation or support for its contention. In fact, it appears that Safeway has not even investigated what the collection and production of such information would entail, as it notes in its portion of the joint letter that it had previously informed plaintiffs that it "is unsure exactly what data might be accessible." Safeway has therefore failed to make an adequate showing with regard to undue burden.

As to Safeway's privacy objection, courts have recognized that in the class action context, privacy concerns must at times yield to the interest of ensuring that class members will have sufficient notice to vindicate their rights. See Khalilpour v. Cellco P'ship, No. C 09-02712 CW, 2010 WL 1267749, at *2–4, 2010 U.S. Dist. LEXIS 43885, at *7-10 (Apr. 1, 2010); see also Impact, LLC v. United Rentals, Inc., No. 4:08CV00430, 2009 WL 413713, at *14, 2009 U.S. Dist. LEXIS 12734, at *14 (E.D. Ark. Feb. 18, 2009) (granting motion to compel names of potential plaintiffs); Held v. Nat'l R.R. Passenger Corp., 101 F.R.D. 420, 425 (D.D.C. 1984) (same in the context of ADEA collective action). Here, plaintiffs seek contact information for individuals known by Safeway to have purchased Bayer combination aspirin products. Not only is this information relatively non-sensitive, but it will enable plaintiffs to provide direct notice to these purchasers of their right to collect under the preliminarily approved settlement, to object to the proposed settlement, or to opt-out of the class. I find that this interest is superior to the privacy interest identified by Safeway, and grant plaintiffs' motion to compel accordingly.[1]

*2 Regarding BJ's, it declined to contribute to the joint letter filed by plaintiffs and Safeway. Additionally, fifteen days have elapsed since plaintiffs filed their motion to compel, which exceeds the time for BJ's to oppose the motion under Eastern District of New York Local Rule 6.1(a) (seven days), as well as District of Massachusetts Local Rule 7.1(b) (fourteen days).[2] Both because BJ's has declined to file any opposition and for the reasons noted above, plaintiffs' motion is granted as to BJ's as well.

**SO ORDERED.**

Case 1:19-md-02875-RMB-SAK   Document 2427-13   Filed 06/13/23   Page 3 of 3
                                  PageID: 86269

In re Bayer Corp. Combination Aspirin Products Marketing..., Not Reported in Fed....
2012 WL 13059198

**All Citations**

Not Reported in Fed. Supp., 2012 WL 13059198

## Footnotes

| | |
|---|---|
| 1 | Notably, numerous other major retailers have agreed to produce similar information to plaintiffs. |
| 2 | Because I am exercising powers ordinarily reserved to district judges from the District of Massachusetts, there is at least some authority that the local rules of that district should govern plaintiffs' motion. See U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 238 F.Supp.2d 270, 276 (D.D.C. 2002). |

---

End of Document                                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.