# Exhibit D

## **30(b)(6) TOPICS**

Wholesaler Defendants hereby seek the following 30(b)(6) testimony from class representative MADA and MSP, and from each Assignor of TPP claims to MSP, Summacare, Connecticare, and Emblem Health.

1. Each claim for which you seek any damages and/or equitable or legal relief from Wholesaler Defendants in this MDL litigation (collectively, the "Claims," individually, a "Claim"), including the data produced in response to RFP #1, and the calculation and determination of those amounts, including all discounts, rebates, prescribing fees, PBM fees or other costs, allowances, or reimbursements.

2. The Wholesaler Defendant(s) you allege sold the VCDs made the subject of each Claim.

3. The facts upon which you base your allegation referenced in No. 2 above.

4. The methodology used by you to conclude a specific Wholesaler Defendant(s) sold the VCDs made the subject of each Claim as reflected in No. 2 above.

5. Each Assignor of the Claims, including the Assignor's status, size, type, plan types, nature, prescription drug benefits and coverage offered, and sponsor, administrators, and contracting parties and related plan or organizational documents.

6. Any and all contracts and/or agreements between you and any Wholesaler Defendant.

7. Any and all payments made by you and/or on your behalf to any Wholesaler Defendant related to any purchases of, rebates for, other payments related to the provision of VCDs to your insureds or members.

8. Each Claim which involved a direct purchase of a VCD by you from a Wholesaler Defendant, and the identity of such Wholesaler Defendant.

9. Each Claim which involved a direct purchase of a VCD by a Pharmacy Retailer from the VCD Manufacturer, with no involvement of a Wholesaler Defendant, and the identity of the Pharmacy Retailer and VCD Manufacturer.

10. Each Claim which involved a direct purchase of a VCD by a Pharmacy Retailer from a non-defendant wholesaler or distributor, with no involvement of a Wholesaler Defendant, and the identity of the Pharmacy Retailer and non-defendant wholesaler or distributor.

11. Any and all communications between you and any Wholesaler Defendant regarding any Claim, individually, or the Claims, collectively.

12. Any and all communications between you and any Wholesaler Defendant regarding the VCDs made the subject of the Claims.

13. Any and all communications, documents and information exchanged between You and any third parties, including administrators and pharmacy benefit managers, regarding any Claim, individually, or the Claims, collectively.

14. Any and all communications, documents and information exchanged between You and any third parties, including administrators and pharmacy benefit managers, regarding the VCDs made the subject of the Claims.

15. The specific benefit you allege each Wholesaler Defendant(s) received with regard to each Claim, and the party who conferred such benefit on the relevant Wholesaler Defendant.

16. The portion of each specific benefit in No. 15 above that you allege it would be unjust for the relevant Wholesaler Defendant(s) to retain, and the reason such retention would be unjust.

17. Any action by a Wholesaler Defendant that misled you with regard to a Claim, and/or with regard to a VCD made the subject of a Claim, including the date of such misleading and the identity of any persons involved.

18. Each Claim for which you expected remuneration from a Wholesaler Defendant(s), the time at which you first expected such remuneration, the type and amount of such expected remuneration, and whether you claim there was a failure of such remuneration.

19. Each Claim for which you conferred a benefit on a Wholesaler Defendant(s) and the type and amount of such benefit you conferred.

20. Any and all contracts and/or agreements that refer or relate to and/or cover the subject matter of the any of the Claims.

21. Each Claim for which you allege a Wholesaler Defendant engaged in any wrongdoing and/or unjust or improper conduct with regard to the VCDs made the subject of the Claims, including the date of the wrongdoing and the identity of the persons involved.

22. Each Claim for which you had direct relationship with a Defendant Wholesaler.

23. Each Claim for which you incurred a direct expense that you would not have incurred regardless of the blood pressure prescription covered by you for your insured and/or member.

24. All facts upon which you base your allegations, if any, that the action of a Defendant Wholesaler directly or indirectly caused damage to you with regard to any specific Claim, the date of such action, and the identity of all persons involved.

25. For each Claim, the value the VCD covered provided to your insured and/or member.

26. For each Claim, the value the VCD covered provided to you.

27. All facts upon which you base your allegations that a particular VCD made the subject of a Claim did not provide full value to your insured and/or member taking the specific VCD prescription.

28. All facts upon which you base your allegations that a particular VCD made the subject of a Claim did not provide full value to you through fulfillment of your contractual obligations to your insureds and/or members.

29. The underlying medical records for each patient who is a subject of the Claims.

30. The assignor's determinations, and facts underlying the assignor's determinations, regarding the safety of VCDs, the efficacy of VCDs, and/or whether and how VCDs should be included on the Formulary.

31. The assignor's Formulary and/or Preferred Drug List.

32. Your insurance, prescription, and/or MAO contracts with insureds and/or members whose VCD prescriptions are made the subject of the Claims.

33. Any and all contracts and/or agreements, whether or not specifically referring to VCDs, that impact the amount of money paid by you to any party for VCDs, whether in the form of payments, reimbursements, rebates, discounts, or any other transfers of money or monetary set-offs.

34. The gross revenue, expenses and net profits to you on each Claim on a monthly, quarterly, and annual basis.

35. The type of damages you seek with regard to each Claim.

36. The amount of damages you seek with regard to each Claim.

37. The Wholesaler Defendant from whom you seek the damages referenced in No. 35 and 36 for each Claim.

38. The methodology used to calculate the amount of damages referenced in No. 36 you seek with regard to each Claim.

39. For each Claim that you obtained through an assignment, the terms of the assignment.

40. For each Claim that you obtained through an assignment, any and all communications, documents, and information exchanged between you and the party making the assignment reflecting the negotiation of the assignment.

41. All agreements or contracts which reflect, refer to and/or relate to any agreement and/or arrangements between (1) You or any Assignor and (2) (a) any governmental entity, including but not limited to the Centers for Medicare & Medicaid Services; or (b) any Downstream entity, First tier entity, Group health plan, MA plan, MA-PD plan, Prescription drug plan, Part D plan, or Related entity, as those terms are defined in 42 C.F.R. § 423.4.