<u>VIA CM/ECF</u>                                                                   June 30, 2023

Special Master Hon. Thomas I. Vanaskie
Stevens & Lee
1500 Market Street, East Tower, 18th Floor
Philadelphia, PA 19103

Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*

Dear Judge Vanaskie:

Pursuant to SMO 79, Wholesalers submit this reply letter brief in support of their request that the TPPs be ordered to respond to Wholesalers' proposed RFPs (at Dkt. 2426-1).

**Wholesalers are entitled to discovery on Plaintiffs' certified unjust enrichment (UE) claim.**

The issues in dispute here all boil down to Wholesaler Defendants' basic, fundamental right to discovery on the claim against them. And with all of the quotes and timelines that Plaintiffs cite to in their June 27 letter, they omit perhaps the most important:

*I have never forced a lawyer to go to trial when they don't have the discovery they need in a case. I think we have been very receptive to all sides in this case to meet the needs of you and your clients to prepare these cases for trial, and I think that will continue.*
        -- Judge Kugler (Aug. 24, 2022 CMC Hr'g Tr. 26:14-18 (Dkt. 2151)).

As Plaintiffs explained in their response letter, "the certified unjust enrichment claim against Wholesalers … will be the claim to proceed to trial if and when a TPP subclass against Wholesalers is scheduled by Judge Kugler for trial[.]" Dkt. 2443 at 3. Consistent with Judge Kugler's pronouncement, and the precedent the Court set when it allowed the defendants in the first TPP trial to serve discovery on TPPs for that trial, Wholesalers are entitled to discovery from TPPs now relevant to the sole claim to be tried against them.[1] Accordingly, Wholesalers served RFPs seeking basic discovery on the elements of the certified UE claim. As a matter of due process, if Plaintiffs are entitled to discovery on their certified UE claim, so too are Wholesalers. *E.g.*, *WP 851 Assocs. v. Wachovia Bank, N.A.*, 2008 WL 114992, at *1, n.2 (E.D. Pa. Jan. 10, 2008) ("[B]oth parties are entitled to conduct discovery").

Plaintiffs acknowledge that discovery is appropriate, as they agree to produce some documents in response to certain of Wholesalers' RFPs. But they bury that lead with the first 11 pages of their response disputing the timeliness of this discovery, before addressing the substance. Plaintiffs' arguments are a smokescreen. In fact, Plaintiffs' timeliness arguments apply equally to their own conduct. In 2020, Judge Schneider deferred Plaintiffs' "price and profit" discovery relevant to Plaintiffs' UE claim "until after the defendants' motions to dismiss are decided or an earlier time for good cause shown." Dkt. 507 at 1-2. Yet Plaintiffs waited years after the motions to dismiss were decided in March 2021, and well after the "close of fact discovery," to revisit these issues. Indeed, they waited until after class certification was decided. Nor did Plaintiffs request custodial discovery from Wholesalers before the "close of fact discovery." Plaintiffs first requested the Court order custodial discovery of Wholesalers at the March 8 CMC, after the Court's class

---

[1] Additionally, CMO 32 grants Plaintiffs discovery of Wholesalers "that relates to the certified class claims," indicating discovery on Plaintiffs' certified UE claim is open. Dkt. 2343 at 3-4.

certification decision.[2] In sum, this Court has made clear that it will not send a party to trial without the discovery it needs. Due process demands that Wholesalers have a right to this discovery.

**Plaintiffs provide no evidence that the RFPs unduly burden TPPs, particularly because TPPs are unlikely to have responsive documents.**

Plaintiffs object to almost all of Wholesalers' RFPs as "unduly burdensome," but fail to articulate the burden or cost of production on TPPs. Rule 26 demands that the objecting "party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B); *see also Knaupf v. Unite Here Loc. 100*, 2015 WL 7451190, at *4 (D.N.J. Nov. 23, 2015) ("bald, unsupported assertions of undue burden" are "not sufficient"). This Court has said the same several times. But Plaintiffs have put forth no evidence of the burden to respond to Wholesalers' RFPs – not one company affidavit, nor any specifics on how the requests financially burden the TPPs or otherwise require significant resources.

Belying Plaintiffs' "burden" objections is that TPPs likely **do not have** documents responsive to many (if not most) of Wholesalers' RFPs. Plaintiffs simply do not want to admit that they lack proof to support the basic elements of their UE claim. The best example of this is Plaintiffs' refusal to provide a complete response to RFPs related to the identification of the specific Wholesaler involved in each Claim (RFPs 1-4). Dkt. 2426 at 7-8. If there is evidence linking a specific Wholesaler to a specific Claim, the TPPs must produce it. If there is no such evidence, **Wholesalers are entitled to a response indicating that no responsive information exists**. *Microsoft Corp. v. Softicle.com*, 2017 WL 4387376, at *8 (D.N.J. Oct. 2, 2017) (where "there are no responsive documents," a party's "answer must state under oath that he is unable to provide the information") (citations omitted). Similarly, Plaintiffs almost completely refuse to respond to RFPs 11-16, which request evidence related to other elements of the UE cause of action.[3] For example, Plaintiffs refuse to produce documents related to any benefit TPPs contend they conferred on Wholesalers. Wholesalers expect that TPPs do not have responsive documents, and are entitled to a response indicating whether such information exists. Plaintiffs' willingness only to produce documents on which they "intend to rely" is merely an attempt to dodge admitting they lack evidence required to support their UE cause of action.

**Wholesalers are entitled to discovery on the value of the VCDs to TPPs, and TPP profits.**

Plaintiffs refuse to respond to **any** RFPs related to the value of the VCDs to TPPs, which is relevant to whether there was "unjust" enrichment, or to RFPs seeking TPP profits on each claim, relevant to Wholesalers' unclean hands defense. Wholesalers stand by their arguments in their opening brief and will be prepared to argue these issues on July 6.

---

[2] Plaintiffs' letter represents that Judge Schneider ordered custodial discovery of Wholesalers to be deferred "pending class certification." Dkt. 2442 at 10. That is not true. Judge Schneider's Order, Dkt. 507, says nothing about custodial discovery. There is no order deferring custodial discovery of Wholesalers. The fact that there is no order deferring custodial discovery and the fact that Plaintiffs themselves first requested, and received via CMO 32, an order permitting custodial discovery of Wholesalers **after** class certification further sinks their "discovery is closed" argument.

[3] Plaintiffs similarly refuse to respond to almost all RFPs relating to TPP damages – another essential element (*see* RFPs 17-21).

Very truly yours,

*/s/ Daniel Campbell*
Daniel T. Campbell
Marie S. Dennis
Crowell & Moring LLP
Counsel for Cardinal Health, Inc.

*/s/ Jeffrey D. Geoppinger*
Jeffrey D. Geoppinger
Ulmer & Berne LLP
Counsel for AmerisourceBergen Corporation

*/s/ D'Lesli M. Davis*
D'Lesli M. Davis
Ellie K. Norris
Norton Rose Fulbright
Counsel for McKesson Corporation

cc: All Counsel (via ECF)