# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge<br><br>**[PROPOSED] ORDER GRANTING MOTION TO SEAL** |

**THIS MATTER** having come before the Court by way of a motion by Defendants Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC (collectively, the "ZHP Defendants"), through their counsel, Skadden, Arps, Slate, Meagher & Flom LLP, seeking to seal, pursuant to Local Civil Rule 5.3, portions of an exhibit previously filed *in camera* in connection with Plaintiffs' motion to exclude the opinions of the ZHP Defendants' expert Dr. Fengtian Xue, Ph.D. (*see* Exhibit 2 to Plaintiffs' Brief in Support of *Daubert* Motion to Preclude the Opinions of Defense Expert Fengtian Xue, Ph.D. at ECF No. 2288-3 (the "Xue Report")), the Court now makes the following Findings of Fact and Conclusions of Law:

1. Plaintiffs filed the Xue Report *in camera* in connection with their motion to exclude the opinions of Dr. Xue. (*See* ECF No. 2288).

2. The Xue Report contains confidential, proprietary and highly technical information about the manufacturing processes and testing practices and results utilized by ZHP.

3. The Xue Report is itself marked "Confidential" and contains or references information marked "Confidential" or "Restricted Confidential " under the Amended Confidentiality and Protective Order entered in this case (ECF No. 1661) (the "Confidentiality Order").

4. The ZHP Defendants certify that: ZHP has treated the information in the Xue Report as confidential, including by requiring Dr. Xue to sign and agree to abide by the Confidentiality Order; the information is not a matter of public knowledge; and disclosure of such highly confidential information would cause substantial commercial harm to ZHP, including by allowing ZHP's competitors to improve their own processes at ZHP's expense. (*See generally* Cert. of Jessica Davidson, Ex. 3 (Declaration of Jucai Ge); *id.* Ex. 4 (Confidentiality Order Signed by Dr. Fengtian Xue (Nov. 20, 2022)).)

5. Accordingly, the ZHP Defendants have a legitimate interest in protecting this information from disclosure and would suffer a clearly defined injury if the information were to be made public.

6. There exists no countervailing public interest in having access to the information at issue sufficient to override the ZHP Defendants' legitimate interests in protecting against its public disclosure.

7. There is no less restrictive alternative available than to redact the information. The ZHP Defendants have sought to redact only that information that is entitled to protection.

8. The ZHP Defendants have shown that they have complied with the requirements of Local Civil Rule 5.3(c).

**WHEREAS**, the Court having found that there are legitimate public and private interests warranting the relief sought; and Plaintiffs' opposition not having undermined those conclusions; and for good cause shown:

**IT IS** on this _____ day of _____, 2023,

**ORDERED**, that the motion to seal is **GRANTED**; and it is further

**ORDERED** that the ZHP Defendants will publicly file a redacted version of the Xue Report to replace the slip sheet currently filed as ECF No. 2288-3.

_____
Hon. Thomas I. Vanaskie (Ret.)
Special Master