# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°

°Member of N.J. & N.Y. Bars

August 1, 2023

**_VIA ECF_**

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of New Jersey
Mitchell S. Cohen Building & US Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, New Jersey 08101

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

Re: ***In re Valsartan, Losartan, and Irbesartan Liability Litigation*,
   Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler and Judge Vanaskie:

Please accept this letter on behalf of Plaintiffs in advance of the August 3, 2023 case management conference.

### 1. Losartan and Irbesartan Discovery Schedule.

The Parties met and conferred several times concerning the discovery schedule for losartan and irbesartan and are only a few months apart on the proposed deadlines. This MDL has been open for several years now, and the documents now being asked for are no surprise to Defendants. The new defendants all maintain they have fewer documents than the parties who have been in the case for the valsartan portion of the MDL and thus should have no problem meeting Plaintiffs' proposed schedule below:

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 1, 2023
Page 2

- **August 31, 2023:** Deadline to submit disputes regarding written discovery, search terms, and custodians to the Court;
- **October 31, 2023:** Deadline to produce noncustodial documents;
- **December 31, 2023:** Deadline to complete custodial production;
- **April 30, 2024:** Deadline to complete depositions;
- **July 15, 2024:** Deadline for Plaintiffs' expert reports;
- **August 31, 2024:** Defendants' expert reports due; and
- **September 30, 2024:** *Daubert* briefs due.

Plaintiffs request that the Court enter this schedule, as it will provide the Parties more than enough time to complete discovery in this phase of the litigation.

2. **Update on Retailers' and Wholesalers' Productions Under CMO 32.**

Plaintiffs intend to update the Court and Special Master on the status of the supplemental valsartan discovery ordered from Retailers and Wholesalers by CMO No. 32.

3. **Valisure Subpoena.**

The Valisure subpoena issue has always been a red herring with no substantive relevance. Defendants suggested that the testing by Valisure may have uncovered NDMA in the brand name Diovan. This has been shown NOT to be the case, and in fact all other testing known in the world, including by Health Canada, showed no nitrosamines in Diovan, and ZHP's own internal Deviation Investigation Report concluded that the manufacturing process for Diovan was not capable of creating nitrosamines. (See Plaintiffs' brief in support of cross-motion for protective order).

Procedurally, on December 14, 2022, Defendant ZHP provided notice that they were serving a subpoena on Valisure. Valisure subsequently objected to the subpoena on December 28, 2022. On January 4, 2023, Defendants filed a Motion to Compel (ECF 2217), which Plaintiffs

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
August 1, 2023
Page 3

opposed by filing a cross-motion for the entry of a protective order (ECF 2228) requesting that the Court quash the subpoena. The issue has been fully briefed.

Plaintiffs maintain that the Court should enter a protective order quashing the subpoena. To the extent Dr. Najafi's contract work for Valisure was tangentially related to the reliability of his opinion, Dr. Najafi has been deposed about the Valisure issue and already produced all documentation related to any contract testing he conducted for Valisure. (ECF 2228 at § IV(c)(ii)). The documents that Defendants seek from Valisure are documents Dr. Najafi has never worked on and never seen. *Id.*

In addition to being completely irrelevant, neither Plaintiffs nor Defendants intend to rely on any of the testing conducted by Valisure to establish the NDMA levels contained in any at-issue product. *Id.* at § IV(d), *et seq.* To allow Defendants to engage in this speculative fishing expedition of a completely unrelated third party at this juncture would be a prejudicial distraction, all for material and information that would arguably be inadmissible in any trial. *Id.* Defendants' subpoena should be quashed.

4. **PFS Deficiencies and Orders to Show Cause.**

Plaintiffs will be prepared to address this issue during the conference.

Respectfully,

ADAM M. SLATER

Cc: All counsel of record (via ECF)