### Skadden, Arps, Slate, Meagher & Flom llp

ONE MANHATTAN WEST
NEW YORK, NY 10001
―――
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
―――
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
―――
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-2588
DIRECT FAX
(917) 777-2588
EMAIL ADDRESS
Jessica.Davidson@SKADDEN.COM

August 1, 2023

**VIA ECF**

| | |
|---|---|
| The Hon. Robert B. Kugler | Special Master the Hon. Thomas |
| United States District Judge | Vanaskie |
| USDJ, District of New Jersey | Stevens & Lee |
| Mitchell H. Cohen Building & U.S. Courthouse | 1500 Market Street, East Tower, 18th Floor |
| 4th & Cooper Streets, Room 1050 | Philadelphia, PA 19103 |
| Camden, NJ 08101 | |

RE: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*, No. 1:19-md-2875-RBK-KMW (D.N.J.)

Dear Judge Kugler and Judge Vanaskie:

I write on behalf of the Defendants' Executive Committee to inform the Court that defendants wish to address three agenda topics at the conference with the Court on August 3, 2023, and to set forth our positions on those items.

### Losartan/Irbesartan Discovery

The parties have met and conferred regarding plaintiffs' discovery and discussed potential issues applicable to all losartan/irbesartan manufacturer defendants ("manufacturer defendants" or "defendants"). (*See* Exhibit 1, M. Goldenberg email chain with S. Harkins.) The parties have come to agreement on a number of issues, but do not agree on the overall schedule for all manufacturer

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 2

defendants' production of losartan/irbesartan documents, and therefore request the Court's guidance regarding the production schedule issue.[1]

The manufacturer defendants involved in losartan/irbesartan discovery include some parties that participated in valsartan discovery (Aurobindo, Hetero, Teva, Torrent, ZHP), and a number that have not previously engaged in any discovery or document production (Macleods, Sciegen, Vivimed). The manufacturer defendants that have not previously participated in any discovery are necessarily addressing issues such as custodians, search terms, ESI, and non-custodial document collection for the first time. Moreover, even the manufacturer defendants that previously participated in valsartan discovery are differently situated based on whether (and to what extent) they were involved in the manufacture of losartan, irbesartan, or both, and whether the same facilities, custodians, and search terms utilized for valsartan discovery are similarly appropriate for losartan and/or irbesartan. In light of these differences, manufacturer defendants proposed on June 20, 2023, and July 12, 2023 that plaintiffs consider separate production schedules by manufacturer defendant or category of manufacturer defendants to account for these individual circumstances. Plaintiffs have considered and declined, expressing that they want a single production schedule applicable to all responding manufacturer defendants.

Manufacturer defendants proposed the below production schedule, which accounts for the time needed to finalize disputes and present them to the Court on August 31, 2023, resolve those disputes in the following weeks, and engage in voluminous custodial and non-custodial document review and production. Because plaintiffs have stated multiple times that they want one schedule for all responding manufacturer defendants, the proposed schedule must take into account the different circumstances of each of those manufacturer defendants described above. The following schedule takes those circumstances into account.

- August 31, 2023: Deadline to submit disputes regarding written discovery, search terms, and custodians to the Court; outstanding issues to be argued before Judge Vanaskie at the September Biweekly Conference Call
- February 1, 2024: Deadline to produce noncustodial documents
- April 30, 2024: Deadline to complete custodial production

The production schedule that the manufacturer defendants propose is substantially shorter than the nearly year-long production of valsartan documents, which followed many months of negotiations and briefing over custodians and search terms. Manufacturer defendants have proposed an approximately 45-day schedule to address disputes and an eight-month schedule for production – several months less than the time taken for the Valsartan document production. This schedule cannot possibly prejudice plaintiffs at this initial stage of developing the irbesartan and losartan cases. Notably, some manufacturer defendants, particularly those that have previously participated

---

[1] The parties continue to meet and confer regarding defendant-specific issues (e.g., custodians, search terms, scope, etc.) and have agreed that any defendant-specific disputes will be presented to the Court by August 31, 2023. (*See* Ex. 1.)

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 3

in valsartan discovery, will begin producing documents this month, and plaintiffs will therefore have materials to begin to review early in the schedule. Moreover, plaintiffs are already in possession of the material produced as part of losartan core discovery, which was substantially expanded from valsartan core discovery to include sales and pricing information, testing information, and facility inspection documents.

Plaintiffs' proposed schedule would require all responding manufacturer defendants to complete non-custodial productions by October 31, 2023, less than two months after any dispute over non-custodial productions submitted to the Court on August 31, 2023, will have been resolved. (*See* Ex. 1.) The proposed deadline of December 31, 2023 for completion of custodial discovery would allow less than four months for a massive custodial review. (*Id.*) Prior experience in valsartan discovery and any reasonable analysis of the volume of material to be reviewed make clear that this is not a workable timeline.[2]

With respect to oral discovery, consistent with the scheduling approach for valsartan discovery, manufacturer defendants believe it is unnecessary and premature to set deadlines for depositions of corporate 30(b)(6) witnesses, expert witnesses, class representatives, or individual losartan/irbesartan plaintiffs at this time. Manufacturer defendants recognize that these depositions will need to be taken, and they will work with plaintiffs to complete those phases in an efficient manner. However, we note that in the valsartan cases, scheduling of the first subsequent phase – designation and depositions of corporate 30(b)(6) witnesses – did not take place until the parties had substantially completed custodial document production.

Manufacturer defendants similarly believe it is premature to set deadlines for expert briefing as plaintiffs propose, and this is especially true given the absence of guidance on whether those experts would be addressing general causation, class certification, liability, and/or damages issues.

---

[2] In connection with the meet-and-confer process, manufacturer defendants offered the following compromise schedule that plaintiffs also rejected:
- August 31, 2023: Deadline to submit disputes regarding written discovery, search terms, and custodians to the Court; outstanding issues to be argued before Judge Vanaskie at the September Biweekly Conference Call
- December 15, 2023: Deadline to produce noncustodial documents
- February 28, 2024: Deadline to complete custodial production

As explained to Plaintiffs on July 12, 2023, manufacturer defendants proposed this schedule with the caveat that they might need to come back to the Court to seek more time if the compromise schedule turned out to be too compressed. Manufacturer defendants believe that their original proposed schedule, as discussed above, is a more appropriate schedule, particularly in light of the fact that they offered this compromise nearly one month ago and some core issues that would affect this schedule still have not been resolved with plaintiffs.

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 4

Accordingly, the responding manufacturer defendants request that the Court enter an order memorializing the above production deadlines, after which the parties will meet and confer to discuss deadlines for subsequent phases of discovery, as appropriate.

## Update on Retailers' and Wholesalers' Productions Under CMO No. 32

### The Pharmacy Defendants' Productions Under CMO No. 32

CMO 32 ordered the Pharmacy Defendants to produce three categories of discovery:

  (1) the amounts TPPs paid for valsartan products at issue in this litigation;
  (2) the Pharmacy Defendants' costs and profits for VCDs; and
  (3) previously-redacted retailer identifiers of ConEcoLoss members.

As the Court is aware, the Pharmacy Defendants met and conferred with Plaintiffs to define the scope of the productions numerous times, involving the Court in those discussions as appropriate.

Regarding the third item, the Pharmacy Defendants are working diligently to produce data reflecting the names and available contact information for the ConEcoLoss members by August 21, 2023, as required by the Amended Protected Health Information Order. (*See* Dkt. No. 2434.)

Regarding TPP payments and cost and profits data, the parties agreed that the Pharmacy Defendants would provide that information by answering a set of negotiated interrogatories. The parties agreed to the language of the interrogatories with the exception of one issue, which was briefed and argued before the Special Master on June 23, 2023. (*See* Dkt. Nos. 2427, 2432, 2440 (the parties' briefing on this issue).) Once this is ruled on and entered by the Court, the Pharmacy Defendants will serve responses to plaintiffs' interrogatories within 60 days.

### The Wholesaler Defendants' Productions Under CMO No. 32

Wholesaler Defendants have produced the pricing data responsive to CMO 32 sections 7.1.2 and 7.1.3. With respect to the costs and profits data referenced in section 7.1.1, at plaintiffs' suggestion, Wholesaler Defendants continue to work to develop a proxy formula for approximating profit data regarding VCDs because, as they previously advised plaintiffs and the Court, Wholesaler Defendants do not, in the ordinary course of business, calculate or maintain profit information on VCDs either on an NDC basis or individual transaction basis. In that regard, Wholesaler Defendants now have identified and retained consultants who are currently working to evaluate data and a potential proxy formula(s). Progress on this process is ongoing. With respect to a schedule for the targeted discovery of Wholesaler Defendants' custodians regarding valsartan referenced in CMO 32 section 7.2, Wholesaler Defendants made a proposal to plaintiffs on July 14, 2023, that included a combined schedule for all custodial discovery

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 5

regarding valsartan, losartan, and irbesartan. Given plaintiffs' requests for discovery regarding losartan and irbesartan served on May 22, 2023, Wholesaler Defendants believe it is most efficient and cost effective to negotiate, conduct, and complete custodial discovery (which involves significant e-discovery efforts) at the same time and on the same schedule for all three products. Moreover, as plaintiffs acknowledged in their April 12, 2023 letter to the Court requesting targeted custodial discovery related to valsartan, there is no pressing need to complete valsartan-related custodial discovery such that it would need to be completed separate or apart from custodial discovery on losartan and irbesartan. Plaintiffs responded to Wholesaler Defendants' July 14, 2023 proposal on July 24, 2023, and Wholesaler Defendants responded with an amended proposal to plaintiffs on July 31, 2023. The parties are continuing to meet and confer and negotiate on that proposal, including the schedule for custodial discovery related to all three products.

## PFS Deficiencies and Orders to Show Cause

### Cases Addressed at the June 7, 2023 Case Management Conference:

The Court issued five show cause orders returnable at the August 3, 2023 Case Management Conference:

1. *Diane Hardwick v. Aurobindo, et al.* – 22-cv-6397
2. *Rafael Feria v. Teva, et al.* – 23-cv-485
3. *Robert Janecek v. ZHP, et al.* – 23-cv-538
4. *Jacquelyn Smason v. Doe, et al.* – 23-cv-194
5. *Ricky Young v. ZHP, et al.* – 22-cv-7210

The issues in the *Hardwick*, *Feria*, and *Janecek* matters are resolved, and the show cause orders may be withdrawn.

The issues in the *Young* and *Smason* matters remain unresolved, but the parties agree to an extension of the show cause orders until the next case management conference.

### Second Listing Cases – Order to Show Cause Requested:

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these cases were previously listed on the agenda for a prior CMC. This list was provided to plaintiffs' leadership on July 25, 2023, and a global meet and confer was held on July 28, 2023. Defendants have also been available for further discussion as needed. Accordingly, defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why these cases should not be dismissed.

Defense counsel will be prepared to address the individual issues with respect to each of these cases, to the extent necessary, during the August 3, 2023, Case Management Conference:

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 6

|   | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Leslie Sturgill v. ZHP, et al. | 23-cv-612 | Bernstein Liebhard LLP | Largely deficient PFS, no records. | 5/2/23 |
| 2. | Taffnie Williams v. Aurobindo Pharma, et al. | 20-cv-20380 | Donahey Law Firm | Need pharmacy records; need undated healthcare authorizations | 5/3/23 |
| 3. | Sharon Thomas v. Aurobindo Pharma, Ltd. et al. | 23-cv-0338 | Nigh Goldenberg Raso & Vaughn | No medical expense records uploaded; declaration is undated and is missing Plaintiff's printed name; necessary authorizations are signed but incomplete. | 4/11/23 |
| 4. | Joseph George v. Hetero, et al. | 21-cv-12916 | Goldenberg Law, PLLC | No Amended PFS Filed<br><br>Largely deficient PFS; insufficient product ID information and background information; no response as to potential wage loss claim; no authorizations; pharmacy records; no signed declaration<br><br>Missing medical records from Kennersville VA | 5/20/23 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 7

|  | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 5. | Michelle Worms v. Hetero Labs, et al. | 20-cv-19852 | Goldenberg Law, PLLC | No Amended PFS Filed<br><br>Largely deficient PFS; insufficient product ID information and background information; no response as to potential wage loss claim; no authorizations; no medical or pharmacy records; no signed declaration; | 5/11/23 |
| 6. | Robert Lee v. Hetero Drugs, et al. | 20-cv-19843 | Nigh Goldenberg | III.3 – Plaintiff identifies his last date of usage for Losartan products was in March 2019. As such, please identify how Plaintiff has managed or treated his hypertension after discontinuing the use of Losartan products.<br><br>X.I – No health care authorization was produced for: 1) Orlando Health; 2) Underwood Surgery Center; 3) Central Florida Hospitalist Partners; 4) Florida Hospital Medical Center; 5) or Sand Lake Imaging. Please produce properly executed and undated authorizations for said providers.<br><br>X.6 – No insurance records authorization was produced for: Florida Blue. Please produce a properly executed and undated authorization for said carrier. | 5/10/23 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 8

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| | | | | X.2 – No pharmacy records produced for: 1) CVS; or 2) CVS Specialty Pharmacy. No executed declaration produced with Second Amended PFS. | |
| 7. | Karl Bartels v. Hetero Labs, et al. | 20-cv-19869 | Nigh Goldenberg | Largely deficient PFS, need records. | 5/11/23 |
| 8. | Seifert v. Mylan Pharmaceuticals, Inc., et al | 22-cv-06727 | Brown Chiari LLP | Incorrect date on declaration (states that it was signed in 2013); areas of PFS left blank, see notice for complete listing | 5/30/2023 |
| 9. | Tom Lemen v. ZHP, et al. | 21-cv-740 | Law Office of Oscar Alvarez | No PFS Filed | PFS Due – 4/2/21 |
| 10. | James Magee v. ZHP, et al. | 19-cv-15858 | Pro Se | No PFS Filed | PFS Due – 11/18/19 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 9

|  | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 11. | Phyllis Axt v. ZHP, et al. | 20-cv-8050 | Douglas & London | No PFS Filed | PFS Due – 9/1/20 |
| 12. | Beatrice Meza v. Hetero, et al. | 20-cv-8799 | Wiggins Childs | No PFS Filed | PFS Due – 9/13/20 |
| 13. | Arnold Vander v. ZHP, et al. | 20-cv-10244 | Rubin & Machado, Ltd | No PFS Fled | PFS Due – 10/19/20 |
| 14. | E/O Barbara Lipscomb v. Rite Aid, et al. | 21-cv-6574 | Carlson Law | No PFS Filed | PFS Due – 5/24/21 |
| 15. | Benjamin Andrews v. ZHP, et al. | 21-cv-10908 | Whitehead Law Firm | No PFS Filed | PFS Due – 7/7/21 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 10

|  | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 16. | James Polk v. ZHP, et al. | 21-cv-13582 | Douglas & London | No PFS Filed | PFS Due – 9/12/21 |
| 17. | Tina Schram v. ZHP, et al. | 21-cv-17384 | Hollis Law | No PFS Filed | PFS Due – 11/22/21 |
| 18. | Boyko Achkova v. Rite Aid, et al. | 21-cv-10355 | Johnston Sztykiel | No PFS Filed | PFS Due – 9/26/21 |
| 19. | Dean Tasman v. ZHP, et al. | 23-cv-1399 | Levin Papantonio | No PFS Filed | PFS Due – 5/13/23 |

**First Listing Cases – Remaining Core Deficiencies:**

The following Plaintiff Fact Sheets contain core deficiencies which remain unresolved. This list was provided to plaintiffs' leadership on July 25, 2023, and a global meet and confer was held on July 28, 2023. Defendants have also been available for further discussion as needed. This is the first time these cases have been listed on this agenda. Accordingly, defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 11

|   | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Tommy Benton v. Teva, et al. | 21-cv-13858 | Serious Injury | Largely deficient PFS. No records, no authorizations. | 4/13/22 |
| 2. | Jerome Zimmerman v. ZHP, et al. | 23-cv-1884 | Chaffin Luhana LLP | No medical records. No pharmacy records. Authorizations must be undated | 6/8/23 |
| 3. | Estate of Vincent Thompson v. Walmart, et al. | 21-cv-6017 | Carlson Law Firm | Information from records must be placed into fact sheet, generally referring to records is not sufficient response. Need authorizations. | 6/8/23 |
| 4. | Ronald Jackson v. Torrent, et al. | 23-cv-2341 | Nigh Goldenberg | Need medical expenses, need pharmacy records, need medical records. | 6/30/23 |
| 5. | Byron Wrigley | 23-cv-831 | Nigh Goldenberg | Largely deficient PFS. No authorizations. No records. | 6/9/2023 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 12

|  | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 6. | Steven Petrie | 23-cv-1772 | Fleming Nolen & Jez | Need medical expense records. | 6/15/2023 |
| 7. | Gregory Adams v. Hetero, et al. | 20-cv-15420 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 8. | Antonio Guzman v. Aurolife, et al. | 20-cv-15712 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 9. | Lori Stratton v. Torrent, et al. | 20-cv-15476 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 10. | Lawrence Taliaferro v. Camber, et al. | 20-cv-15479 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 13

|  | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 11. | Darlene Barzee v. Aurolife, et al. | 20-cv-15731 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 12. | Shirley Black v. Torrent, et al. | 20-cv-15740 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 13. | Anthony Burton v. Aurolife, et al. | 20-cv-15742 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 14. | Lillian Ghrigsby v. Aurolife, et al. | 20-cv-15746 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 15. | Dianne Hardy v. Aurolife, et al. | 20-cv-15748 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 14

|  | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 16. | Robert Henley v. Huahai, et al. | 20-cv-15750 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 17. | Rhonda Kent v. Hetero, et al. | 20-cv-15752 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 18. | Arthur Smith v. Hetero, et al. | 20-cv-15757 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 19. | Jesus David Torres v. Hetero, et al. | 20-cv-15758 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 20. | Joy Higgins v. Hetero, et al. | 20-cv-15759 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 15

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 21. | Gonzalo Salazar v. Hetero, et al. | 21-cv-20033 | Nachawati Law Group | No PFS Filed | PFS Due – 1/17/22 |
| 22. | Dinah Brown v. Camber, et al. | 21-cv-14477 | Serious Injury | No PFS Filed | PFS Due – 3/20/22 |
| 23. | Jonathan Lee Swiger v. Hetero, et al. | 21-cv-19310 | Houssiere Durant | No PFS Filed | PFS Due – 12/26/21 |
| 24. | Rosanne O'Callaghan v. Aurobindo, et al. | 20-cv-15125 | Sizemore Law Firm | No PFS Filed | PFS Due – 12/28/20 |
| 25. | Shawna Martinez v. Aurobindo, et al. | 21-cv-12152 | Arnold Itkin | No PFS Filed | PFS Due – 8/4/21 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 16

|  | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 26. | Emmett Wesson v. Aurobindo, et al. | 23-cv-2342 | Nigh Goldenberg | No PFS Filed – Blank PFS filed | PFS Due – 6/27/23 |
| 27. | E/O Barbara Kaluhiokalani v. Hetero, et al. | 23-cv-2550 | Nabers Law | No PFS Filed | PFS Due – 7/10/23 |
| 28. | E/O Mary Hines v. ZHP, et al. | 23-cv-2674 | Nabers Law | No PFS Filed | PFS Due – 7/24/23 |
| 29. | Dixie Buxton v. Aurobindo, et al. | 23-cv-2933 | Fleming Nolen | No PFS Filed | PFS Due – 7/30/23 |
| 30. | Pauline Harris v. Aurobindo, et al. | 23-cv-3016 | Levin Papantonio | No PFS Filed | PFS Due - 8/1/23 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
August 1, 2023
Page 17

## Valisure Subpoena

The parties completed briefing on Defendants' Motion To Compel Motion To Compel Materials In The Possession Of Third Party Valisure LLC (Dkt. Nos. 2217, 2227) and Plaintiffs' Cross-Motion For A Protective Order (Dkt. Nos. 2228, 2248) on January 23, 2023. These motions were also discussed at the January 19, 2023 Status Conference. (*See, e.g.*, Dkt. No. 2256.) Defendants would appreciate the Court's consideration of the issues raised in these motions.

Respectfully Submitted,

*Jessica Davidson*

Jessica Davidson

cc: All counsel of record (via ECF)