UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge |

## PLAINTIFFS' NOTICE OF VIDEOTAPED DEPOSITION OF LAUREN J. STIROH, PH.D.

Please take notice that pursuant to Federal Rule of Civil Procedure 30, and other applicable Rules, including the Local Civil Rules, and the applicable Orders of the Court, Plaintiffs, by and through their counsel, will take the videotaped deposition of Dr. Lauren Stiroh, on August 9, 2023, at 10:00 a.m. Eastern time, and continuing day to day until completion as permitted by the Federal Rules of Civil Procedure, subject only to any applicable limitations imposed by the Court in this litigation.

The deposition will take place virtually via electronic means. The deposition shall be recorded stenographically and by video before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case.

The deponent is directed to produce the items listed in the attached "Exhibit A" forty-eight (48) hours in advance of the deposition (i.e., no later than 10:00 am EDT on August 7, 2023). To the extent that the requested materials are not produced at least forty-eight hours in advance of the deposition, Plaintiffs reserve all rights to continue all or a portion of the deposition

1

in order to avoid any prejudice that could result from the failure to timely produce the requested materials, and permit Plaintiffs a reasonable opportunity to review such materials and examine the witness on said materials.

Dated: August 2, 2023                                              Respectfully submitted,

*/s/ Layne Hilton*

Layne Hilton (36990)
Meyer Wilson, Co., LPA
900 Camp St Suite 337,
New Orleans, LA 70130
Phone: (866) 827-6537
Fax: (614) 224-6066
lhilton@meyerwilson.com

# EXHIBIT A

## DEFINITIONS

1. "Person" as used in these Requests means any natural person or any business, legal or governmental entity or association, including corporations, partnerships, trusts, or other associations, and all other entities.

2. "You" and "Your" as used in these Requests means Lauren J. Stiroh, Ph.D., and her representatives, administrative or personal assistants, agents, legal representatives, and all other persons acting on her behalf or under her supervision.

3. The term "Product" shall refer to the valsartan containing drug products that are the subject of this Case.

4. "Document" or "Documents" shall refer to all writings and recordings, including, but not limited to, all written, typewritten, recorded, graphic or photographic matter, hard-copy or electronic file, email, cellular telephone texts, however produced or reproduced, pertaining in any manner to the subject matter indicated, and includes, without limiting the generality of the foregoing, all originals, copies, telefaxes, emails, text messages, papers, letters, notes, handwritten or typed notes, manuals, order forms, memoranda reports, contracts, agreements, diaries, calendars, appointment books, telephone slips, time sheets, records of telephone calls, telegrams, cables, photographs, microfilm, prints, records, transaction confirmations, transcriptions, and floppy diskettes, but does not include documents related to communications with Defendants' counsel, or drafts of Your final report.

5. "Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise by any means, including, but not limited to, in person conversations, phone conversations, messages, letters, emails or any other forms of writing or verbal communications, except communications with Defendants' counsel.

6. "Identify" as used with reference to a person shall mean to provide the name, present or last known address, telephone number or email address, and present or last known place of employment of the person. "Identify" as used with respect to Documents shall mean to provide the type, general subject matter, date, author, addressee, and recipient of the Document. "Identify" as used with reference to a communication shall mean to state the date, names of participants, and nature of the communication (e.g., personal meeting or telephone call).

7. "Relating to" and "related to" shall mean mentioning, describing, discussing, memorializing, concerning, consisting of, containing, evidencing, pertaining to, reflecting, depicting or referring in any way, directly or indirectly, to the subject matter of the request.

8. The singular form of a word shall refer to the plural, and words used in the masculine gender shall also include the feminine or neutral, and vice versa.

9. "And" means "and/or" and "or" means "and/or." The plural of any word used herein

## REQUESTS

1. Your current and up-to-date resume or *Curriculum Vitae*, to the extent the prior *Curriculum Vitae* You produced in this Case is no longer current and up-to-date.

2. To the extent not previously produced pursuant to prior document requests served on You in this Case, all invoices, bills, billing records, time records, and expense records connected with Your involvement in this Case, including information sufficient to identify (a) Your hourly rate, (b) the amount of time You have spent in connection with Your involvement in this Case, (c) the nature of the activity or work You performed in connection with Your involvement in this Case, and (d) the date(s) on which such activity or work was performed.

3. All communications between You and employees of NERA Economic Consulting considered by you in the drafting of your report.

4. All documents reflecting any work conducted by NERA Economic Consulting for or at Your direction, including all invoices for such work.

5. Copies of all notes, annotations, or highlights of transcripts of any testimony reviewed by You, or others directed by You, in preparation for Your report.

6. All documents related to any other work conducted by you as a consultant, or otherwise, for any of the Defendants in this action.

7. Any documents or other communications You have received from any person or entity with regard to nitrosamine impurities in any angiotensin II receptor blocker or other drug, outside of information provided by counsel.

8. Any communications from You to any person or entity with regard to nitrosamine impurities in any angiotensin II receptor blocker or other drug, outside of communications to counsel.

9. A list of all articles, abstracts, studies, reports, seminar materials, presentations, publications, or other writings authored or co-authored by You in the last ten years, including (a) the name of the article, (b) the name of the publication in which it appeared or the seminar or conference at which it was presented, and (c) the date on which it was published or presented.

10. All papers, books, articles, abstracts, publications, studies, reports or other documents authored in whole or in part by You related to (1) economic valuation of drugs; (2) nitrosamines; (3) value of adulterated consumer goods, or (4) any other data, opinions or topic contained within Your report.

11. A list of all cases (other than this one) in which You have, during the past four years, provided to the court or to counsel an expert disclosure or expert report, or in which You have given a deposition or testified in court, including (a) the jurisdiction in which each case was filed or venued, (b) the case number, and (c) the party and attorney for whom You acted as an expert witness. For each of these cases, please provide any transcripts of the depositions or trial testimony in Your possession.

12. To the extent not previously produced pursuant to prior document requests served on You in this Case, all other information, documents, studies, texts, treatises, objects or anything else that You will use at trial.

13. All other documents reviewed by You in preparation for the deposition other than communications with Defendants' counsel.

14. Any other information, Documents, objects, or anything else that You claim supports Your opinions in this Case.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of August, 2023, I caused a true and correct copy of the foregoing Plaintiffs' Notice of Videotaped Deposition of Lauren J. Stiroh, Ph.D, to be filed with the Court's ECF system and served upon counsel of record. I further certify that a copy of the foregoing was served on the following by e-mail on August 2, 2023.

*/s/ Layne Hilton*
Layne Hilton