**GT GreenbergTraurig**

Victoria Davis Lockard
Tel 678.553.2100
Fax 678.553.2212
lockardv@gtlaw.com

August 21, 2023

**VIA ECF**

Special Master the Honorable Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

Re:   **In re Valsartan, Losartan, and Irbesartan Products Liability Litigation**
        **Case No. 1:19-md-02875-RBK-JS**

Dear Special Master Vanaskie:

This letter is to provide Defendants' position with respect to the topic on the agenda for the Teleconference with Your Honor on August 23, 2023. The parties do not expect the need to discuss any confidential materials as part of this agenda item.

**Wholesaler Defendants' Proposed Schedule for Losartan/Irbesartan Discovery**

Counsel for Plaintiffs and Wholesaler Defendants have met and conferred on multiple occasions regarding a Scheduling Order applicable to discovery regarding losartan and irbesartan products. Wholesaler Defendants have agreed to Plaintiffs' proposals regarding the specific items of discovery directed to Wholesalers, and the parties have agreed on proposed dates for each of those items. These agreed dates also fold in custodial discovery on valsartan.

Conversely, Plaintiffs have refused to even discuss dates regarding items of discovery directed to Third-Party Payor (TPP) Plaintiffs. Plaintiffs' refusal to consider any Scheduling Order that includes deadlines for discovery directed to TPP Plaintiffs is a further attempt to exempt the



Special Master the Honorable Thomas Vanaskie
Page 2

TPP Plaintiffs from discovery in this litigation in violation of the Federal Rules of Civil Procedure and prejudice Wholesaler Defendants' rights to defend themselves against the TPP Plaintiffs' claims. Therefore, Wholesaler Defendants respectfully request that the Court enter their [Proposed] Scheduling Order Regarding Plaintiffs' Discovery to Wholesaler Defendants and Wholesaler Defendants' Discovery to Plaintiffs Regarding Losartan and Irbesartan Products, attached as Exhibit A.

Plaintiffs first refused to agree to any deadlines for Wholesaler Defendants' discovery directed to TPP Plaintiffs regarding losartan and irbesartan on the grounds that, to date, Wholesaler Defendants are the only group of Defendants who have requested a schedule for discovery deadlines applicable to TPP Plaintiffs. Plaintiffs improperly refused to consider any schedule that required TPP Plaintiffs to participate in discovery "unless and until those discovery deadlines and the type of discovery to be conducted is coordinated amongst all Defendants." (Attached as Exhibit B, p. 14.) While Wholesaler Defendants appreciate the benefits of coordination of discovery and are willing to coordinate when reasonably practical to do so, there is no requirement in the Federal Rules of Civil Procedure or any Order from this Court that subjugates Wholesaler Defendants' rights to obtain discovery from any Plaintiff in this litigation to whether or not the other many Defendants simultaneous seek discovery from Plaintiffs regarding losartan and irbesartan on the same timetable. Moreover, the discovery Wholesaler Defendants will pursue from TPP Plaintiffs (examples of which have already been provided to counsel for Plaintiffs) is directed specifically to the TPP Class Representatives and Assignors, and is tailored to Wholesaler Defendants' specific discovery needs, separate and apart from other Defendants. Coordination is not required for TPP Plaintiffs to respond to this tailored discovery. Finally, as the Court is aware,

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
Terminus 200 Building, 3333 Piedmont Road NE, 25th Floor ■ Atlanta, Georgia 30305 ■ Tel 678.553.2100 ■ Fax 78.553.2212

**GT GreenbergTraurig**

Special Master the Honorable Thomas Vanaskie
Page 3

TPP Plaintiffs have previously refused to provide Wholesaler Defendants discovery regarding valsartan products based on their claim that the discovery requests were untimely. Those arguments and the vigor with which they have been asserted demonstrates that Wholesaler Defendants must seek the discovery they require now, concurrent with Plaintiffs' discovery requests to Wholesaler Defendants.

Plaintiffs have most recently added to their argument against having to respond to discovery, claiming that Wholesaler Defendants' proposed schedule for discovery to Plaintiffs is improper because Wholesaler Defendants have no right to obtain any discovery from TPP Plaintiffs (or any Plaintiffs for that matter) other than via a Plaintiff Fact Sheet. (Exhibit B, p. 1.) There are several problems with this argument. For one, Case Management Order No. 17 approving the TPP Fact Sheet procedure for valsartan does not abrogate the Federal Rules of Civil Procedure and it does not include any provision stating that it is the exclusive means of obtaining discovery from TPP Plaintiffs. Moreover, the Court previously has permitted service of Rule 34 requests for production on TPP Plaintiffs on multiple occasions outside of the Fact Sheet process. (*See* Dkt. Nos. 633 and 1249.) Plaintiffs also have served Wholesaler Defendants with Requests for Production separate and apart from the Fact Sheet procedure applicable to Wholesaler Defendants. Plaintiffs' counsel's new claim that Wholesaler Defendants cannot obtain discovery from TPP Plaintiffs about losartan and/or irbesartan outside of the Fact Sheet procedure is contrary to the Rules of Civil Procedure and the prior Orders of the Court, and it should be rejected.



Special Master the Honorable Thomas Vanaskie
Page 4

Wholesaler Defendants are entitled to take discovery from TPP Plaintiffs pursuant to the Federal Rules of Civil Procedure, and request that their proposed schedule providing for discovery of TPP Plaintiffs regarding losartan and irbesartan be entered by the Court.

Respectfully submitted,

*/s/ Victoria Davis Lockard*

Victoria Davis Lockard

cc: Adam Slater, Esq. (*via email, for distribution to Plaintiffs' Counsel*)
Jessica D. Miller, Esq. (*via email, for distribution to Defendants' Counsel*)
Lori G. Cohen, Esq. (*via email*)
Clem C. Trischler, Esq. (*via email*)
Sarah E. Johnston, Esq. (*via email*)
Jeffrey D. Geoppinger, Esq. (*via email*)