# EXHIBIT B

**From:** Stacy Burrows <stacy@bartonburrows.com>
**Sent:** Thursday, August 17, 2023 2:32 PM
**To:** Geoppinger, Jeff <jgeoppinger@ulmer.com>; David J. Stanoch <d.stanoch@kanner-law.com>
**Cc:** D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Campbell, Daniel <DCampbell@crowell.com>; Dennis, Mimi <MDennis@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Davis, John <JDavis@crowell.com>; Charlie Schaffer <CSchaffer@lfsblaw.com>; Nicholas Elia <nelia@lfsblaw.com>
**Subject:** RE: [External]RE: [External]RE: [External]RE: [External]Losartan and Irbesartan Discovery Proposal

Jeff:

First, I had a call with the PEC and the Co-Leads yesterday afternoon. The proper way in which the Wholesaler Defendants should seek additional information and/or documents from the TPP plaintiffs is through a plaintiff fact sheet. As you may recall, the defendants negotiated an amended PFS regarding the personal injury plaintiffs, but an amended PFS for the economic loss and TPP plaintiffs was never negotiated or agreed upon. If the Wholesalers would like to propose amendments to the original PFS approved for valsartan in the form of redlines to the original PFS for the economic loss and TPP plaintiffs, we would be happy to review those and consider such amendment. To be clear, there will no further amendments to the personal injury PFS, as the amended PFS has already been implemented and those plaintiffs are already in the process of providing additional information and documentation consistent with the amended PFS.

Second, as to "The Parties' Agreed Upon Discovery Schedule" included in my email from Wednesday August 9, 2023, I will address each proposed modification in order.

1. Agreed – If the Plaintiffs' RFPs were not served until May 22, 2023, the date should be revised.
2. Agreed. Thank you for catching that.
3. You can remove the note, but I do think the Court's recent ruling on August 11, 2023 (ECF 2469) regarding permitted additional discovery related to valsartan on the various issue does provide the parties with guidance.
4. One small change. Please change the reply to 3 business days rather than 3 calendar days. Three calendar days could lead to an attorney needing to dedicate their weekend to a reply.

I am waiting on my team to confirm the date and time for the meet and confer regarding Wholesaler's objections and responses to the RFPs regarding losartan and irbesartan.

As soon as I get a confirmation, will follow up with you.

1

Regards,

Stacy Burrows
Barton and Burrows, LLC
5201 Johnson Drive, Suite 110
Mission, Kansas 66205
(913) 563-6253
Fax: (913) 563-6259

NOTE: Please note that (1) e-mail communication is not a secure method of communication; (2) any email that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communication by improperly accessing your computer(s) or even some computer unconnected to either of us through which the e-mail passed. If you do not wish to communicate via e-mail, please let me know immediately.

This email may contain privileged and confidential information intended only for the person or entity to which it was addressed. If you received this email in error, you are instructed to permanently delete the email and notify the Barton and Burrows, LLC immediately. Improper retention of this communication may subject you to legal action under pertinent federal and state statutes resulting in civil and criminal penalties.

---

**From:** Geoppinger, Jeff <jgeoppinger@ulmer.com>
**Sent:** Thursday, August 17, 2023 8:28 AM
**To:** Stacy Burrows <stacy@bartonburrows.com>; David J. Stanoch <d.stanoch@kanner-law.com>
**Cc:** D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Campbell, Daniel <DCampbell@crowell.com>; Dennis, Mimi <MDennis@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Davis, John <JDavis@crowell.com>; Charlie Schaffer <CSchaffer@lfsblaw.com>; Nicholas Elia <nelia@lfsblaw.com>
**Subject:** [External]RE: [External]RE: [External]RE: [External]Losartan and Irbesartan Discovery Proposal

Stacy:

Wholesaler Defendants' intention is to submit their proposed scheduling order for losartan/irbesartan (and sometimes valsartan) discovery to the Court on August 21 in advance of the conference with Judge Vanaskie on August 23. Absent any unforeseen development, that proposed scheduling order will include the same Item Descriptions and Dates that are in "The Parties' Agreed Upon Discovery Schedule" included in your email of August 9, with the following modifications:

1.    The second item indicates that Plaintiffs' RFPs were served on 3/17/23. They were served on 5/22/23, and we will revise that date accordingly.

2.    The third item references "RFPs to the Wholesalers Re: valsartan . . . ." I believe that should be changed to "RFPs to the Wholesalers Re: losartan and irbesartan . . . ." We will revise that item to make that change.

3.    Wholesalers' proposed scheduling order will not include the language in Note * "Wholesalers' valsartan discovery to TPPs is currently pending before the Court. Plaintiffs reasonably believe the Court's determinations regarding the Wholesalers' valsartan discovery to the TPPs will provide the parties with guidance regarding losartan and irbesartan discovery."

4.  Wholesalers' proposed scheduling order will revise Note ** to further clarify as follows: "**Where this agreed-upon discovery schedule provides a deadline for the propounding party to file a motion regarding discovery disputes, the propounding party will file the motion in the form of a letter brief directed to Special Master Vanaskie on the date noted, which shall be no more than ten pages in length, to be followed by a response letter brief filed by the responding party within 7 calendar days, which shall be not more than ten pages in length, followed by a 3 page reply letter brief filed by the propounding party within 3 calendar days of the filing of the response."

I do not believe any of these changes are controversial. Let me know if Plaintiffs are agreeable to all or any of these and presumably Plaintiffs will make the same changes to their proposed order.

As discussed, Wholesalers' proposed scheduling order also will include the deadlines for Wholesalers' Proposed Discovery to Plaintiffs, with some potential slight modifications. We understand Plaintiffs are not agreeable to including any such deadlines at this time (regardless of how phrased), and we will ask Judge Vanaskie to enter our proposed scheduling order with those deadlines at the August 23 conference.

Finally, regarding a meet and confer on the Wholesaler's objections and responses to Plaintiffs' discovery requests regarding losartan and irbesartan served May 22, 2023, we are available for a call on August 24 after 3 pm EST or on August 25 before 4 pm EST. Please let me know what works for Plaintiffs at your first convenience. Thanks.

Jeff

Jeffrey D. Geoppinger
Ulmer & Berne LLP
p 513.698.5038
c 513.290.7902

---

**From:** Stacy Burrows <stacy@bartonburrows.com>
**Sent:** Wednesday, August 16, 2023 2:31 PM
**To:** Geoppinger, Jeff <jgeoppinger@ulmer.com>; David J. Stanoch <d.stanoch@kanner-law.com>
**Cc:** D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Campbell, Daniel <DCampbell@crowell.com>; Dennis, Mimi <MDennis@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>; Bresnahan, Luke <LBresnahan@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Davis, John <JDavis@crowell.com>; Charlie Schaffer <CSchaffer@lfsblaw.com>; Nicholas Elia <nelia@lfsblaw.com>
**Subject:** RE: [External]RE: [External]RE: [External]Losartan and Irbesartan Discovery Proposal

All:

It has been a week since our last conferral. Are we in agreement on the dates in the Agreed-Upon Discovery Schedule, which I circulated to everyone on Wednesday of last week?

As you all know, under that schedule we have a deadline quickly approaching. Thus, assuming the dates are agreed-upon, we need to set up a meet and confer regarding the Wholesaler's objections and responses to Plaintiffs' discovery requests regarding losartan and irbesartan.

Please provide some potential dates for our consideration.

Regards,

Stacy Burrows
Barton and Burrows, LLC
5201 Johnson Drive, Suite 110
Mission, Kansas 66205
(913) 563-6253
Fax: (913) 563-6259

NOTE:  Please note that (1) e-mail communication is not a secure method of communication; (2) any email that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communication by improperly accessing your computer(s) or even some computer unconnected to either of us through which the e-mail passed. If you do not wish to communicate via e-mail, please let me know immediately.

This email may contain privileged and confidential information intended only for the person or entity to which it was addressed. If you received this email in error, you are instructed to permanently delete the email and notify the Barton and Burrows, LLC immediately. Improper retention of this communication may subject you to legal action under pertinent federal and state statutes resulting in civil and criminal penalties.

---

**From:** Stacy Burrows
**Sent:** Wednesday, August 9, 2023 4:13 PM
**To:** Geoppinger, Jeff <jgeoppinger@ulmer.com>; David J. Stanoch <d.stanoch@kanner-law.com>
**Cc:** D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Campbell, Daniel <DCampbell@crowell.com>; Dennis, Mimi <MDennis@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>; Bresnahan, Luke <LBresnahan@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Davis, John <JDavis@crowell.com>; Charlie Schaffer <CSchaffer@lfsblaw.com>; Nicholas Elia <nelia@lfsblaw.com>
**Subject:** RE: [External]RE: [External]RE: [External]Losartan and Irbesartan Discovery Proposal

Jeff, D'Lesli, Mimi and Ellie:

Thank you so much for your time today.  I do think our meeting was productive. As specified, I have prepared what I see as the Agreed-Upon Discovery Schedule regarding Plaintiffs' Discovery Requests served on the Wholesaler Defendants Re: losartan, irbesartan and regarding custodial discovery for valsartan consistent with CMO No. 32. Consistent with our discussions, I have incorporated additional descriptive language, modified deadlines as agreed, and included a proposal for resolution of disputes.

Below the agreed-upon discovery schedule you will find the proposed schedule provided by the Wholesaler Defendants related to discovery the Wholesaler Defendants would like to serve on the Plaintiffs at this time, which the parties do no agree on for the various reasons discussed in our meet and confers and included in our emails exchanged.

**The Parties' Agreed-Upon Discovery Schedule**

| Item Re: Losartan and Irbesartan (and, where indicated, valsartan)* | Wholesalers' Original Proposed Dates (7.14.2023) | Plaintiffs' Responsive Dates (7.25.2023) | Agreed-Upon Dates |
|---|---|---|---|
| Wholesalers to serve objections and responses to Plaintiffs' RFPs and Rule 30(b)(6) Notice | 7/14/2023 | Agreed (7/14/2023) | Completed |
| Wholesalers and Plaintiffs shall meet and confer regarding Plaintiffs' RFPs served on Wholesalers 3.17.2023 and Wholesalers' objections and responses Re: losartan and irbesartan | N/A | 8/4/2023 | 8/25/2023 |
| If Wholesalers and Plaintiffs cannot reach agreement on Plaintiffs' RFPs to the Wholesalers Re: valsartan and Wholesalers' responses and objections to Plaintiffs' RFPs Re: losartan and irbesartan, Plaintiffs shall file a motion with the Court regarding remaining dispute(s)*** | 9/20/2023 | 8/9/2023 | 8/31/2023 |
| Wholesalers shall provide proposed search terms and proposed Wholesaler custodians, three (3) or more, to which such search terms will be applied in the losartan/irbesartan/valsartan actions | 9/1/2023 | 8/4/2023 | 8/25/2023 |
| Wholesalers and Plaintiffs shall meet and confer regarding Plaintiffs' proposed RFPs to Wholesalers Re: valsartan custodial discovery | N/A | N/A | (TBD) |
| Wholesalers and Plaintiffs shall meet and confer regarding the Wholesalers' proposed search terms and Wholesaler custodians in the losartan/irbesartan/valsartan actions | N/A | 8/11/2023 | 9/1/2023 |
| If Wholesalers and Plaintiffs cannot reach agreement on Wholesalers' proposed search terms and Wholesaler custodians for the losartan/irbesartan/valsartan actions, Plaintiffs shall file a motion with the Court regarding remaining dispute(s)*** | 10/11/2023 | 8/17/2023 | 9/15/2023 |
| Wholesalers and Plaintiffs shall meet and confer to negotiate and finalize topics for 30(b)(6) depositions of Wholesalers and Wholesalers' objections to Plaintiffs' Notices of Rule 30(b)(6) Depositions served on May 17, 2023 pursuant to CMO 32 | N/A | 9/29/2023 | 9/29/2023 |
| If Wholesalers and Plaintiffs cannot reach agreement regarding final topics for 30(b)(6) depositions of Wholesalers, Plaintiffs shall file a motion wih the Court regarding remaining dispute(s)*** | 9/20/2023 | 10/6/2023 | 10/6/2023 |
| Wholesalers shall substantially complete their document production for losartan/irbesartan/valsartan (custodial) | 4/20/2024 | 1/10/2024 | 3/11/2024 |
| Wholesalers and Plaintiffs shall meet and confer to negotiate and finalize the identities of Wholesaler deponents | N/A | 1/24/2024 | 3/25/2024 |
| If Wholesalers and Plaintiffs cannot reach agreement regarding the identities of Wholesaler deponents, Plaintiffs shall file a motion with the Court regarding remaining dispute(s)*** | N/A | 1/31/2024 | 4/2/2024 |

5

| | | | |
|---|---|---|---|
| Plaintiffs shall complete all depositions of Wholesalers, including all Rule 30(b)(6) depositions | N/A | 3/11/2024 | 5/13/2024 |
| NOTES APPLICABLE TO SCHEDULE | | | |
| * All deadlines apply only to losartan/irbesartan actions except where they expressly mention valsartan action; Wholesalers' valsartan discovery to TPPs is currently pending before the Court. Plaintiffs reasonably believe the Court's determinations regarding the Wholesalers' valsartan discovery to the TPPs will provide the parties with guidance regarding losartan and irbesartan discovery.<br>**Where this agreed-upon discovery schedule provides a deadline for briefing discovery disputes, the propounding party will file an motion on the date noted, no more than ten pages in length, to be followed by an response by the responding party within 7 calendar days, not more than ten pages in length, followed by a 3 page reply letter brief filed by the propounding party within 3 calendar days of the filing of the response. | | | |

**The Parties Still Disagree Regarding Wholesaler's Proposed Discovery to be Served on Plaintiffs at This Time**
**Wholesaler Defendants' Proposed Discovery Schedule**

| Item Re: Losartan and Irbesartan | Wholesalers' Original Proposed Dates (7.14.2023) | Plaintiffs' Responsive Dates (7.25.2023) | Wholesalers' Revised Proposed Dates (7.31.2023) |
|---|---|---|---|
| Wholesalers shall serve RFPs and Rule 30(b)(6) notices to TPP Class Representatives and Assignors | 8/4/2023 | refused to respond | 8/4/2023 |
| Plaintiffs shall propose search terms and 3 custodians for each TPP class representative and assignor to which such search terms will be applied in the losartan/ irbesartan/valsartan actions | 9/1/2023 | refused to respond | 9/22/2023 |
| Plaintiffs shall serve objections and responses to Wholesalers' RFPs and Rule 30(b)(6) notices | 9/5/2023 | refused to respond | 9/27/2023 |
| Wholesalers and Plaintiffs shall meet and confer to negotiate and finalize Wholesalers' RFPs to Plaintiff TPP Class Representatives and Assignors | N/A | N/A | 10/2/2023 |
| If Wholesalers and Plaintiffs cannot reach agreement on Wholesalers' RFPs to Plaintiff TPP Class Representatives and Assignors, Wholesalers shall file a letter brief regarding the dispute** | 9/20/2023 | refused to respond | 10/9/2023 |
| Wholesalers and Plaintiffs shall meet and confer regarding the TPP Class Representatives' and Assignors' proposed search terms and Class Representative and Assignor custodians to which such search terms will be applied in the losartan/irbesartan/valsartan actions | N/A | N/A | 10/6/2023 |
| If Wholesalers and Plaintiffs cannot reach agreement on TPP Class Representatives' and Assignors' proposed search terms and/or custodians to which such search terms will be applied in the losartan/irbesartan/valsartan actions, Wholesalers shall file a letter brief regarding the dispute** | 10/11/2023 | refused to respond | 10/16/2023 |

| | | | |
|---|---|---|---|
| Plaintiffs shall substantially complete their document production as to Wholesaler RFPs | N/A | N/A | 4/11/2024 |
| Wholesalers and Plaintiffs shall meet and confer to negotiate and finalize the identities of TPP Class Representative and Assignor deponents | N/A | N/A | 30 days following notice to Wholesalers by TPPs of substantial completion of document production in response to discovery from all Defendants |
| If Wholesalers and Plaintiffs cannot reach agreement regarding the identities of TPP Class Representative and Assignor deponents, Wholesalers shall file a letter brief regarding the dispute** | N/A | N/A | 45 days following notice to Wholesalers by TPPs of substantial completion of document production in response to discovery from all Defendants |
| Wholesalers shall complete all depositions of Plaintiff TPP Class Representatives and Assignors, including all 30(b)(6) depositions | N/A | N/A | 90 days following notice to Wholesalers by TPPs of substantial completion of document production in response to discovery from all Defendants |

Stacy Burrows
Barton and Burrows, LLC
5201 Johnson Drive, Suite 110
Mission, Kansas 66205
(913) 563-6253
Fax: (913) 563-6259

NOTE:  Please note that (1) e-mail communication is not a secure method of communication; (2) any email that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communication by improperly accessing your computer(s) or even some computer unconnected to either of us through which the e-mail passed. If you do not wish to communicate via e-mail, please let me know immediately.

This email may contain privileged and confidential information intended only for the person or entity to which it was addressed. If you received this email in error, you are instructed to permanently delete the email and notify the Barton and Burrows, LLC immediately. Improper retention of this communication may subject you to legal action under pertinent federal and state statutes resulting in civil and criminal penalties.

**From:** Geoppinger, Jeff <jgeoppinger@ulmer.com>
**Sent:** Friday, August 4, 2023 4:28 PM
**To:** Stacy Burrows <stacy@bartonburrows.com>; David J. Stanoch <d.stanoch@kanner-law.com>
**Cc:** D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Campbell, Daniel <DCampbell@crowell.com>; Dennis, Mimi <MDennis@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>; Bresnahan, Luke <LBresnahan@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Davis, John <JDavis@crowell.com>
**Subject:** [External]RE: [External]RE: [External]Losartan and Irbesartan Discovery Proposal

Stacy:

Thank you for your response below and Plaintiffs' potential agreements regarding certain aspects of Wholesaler Defendants' amended proposal of July 31. We anticipate and are hopeful that we will be able to find and finalize common ground on multiple issues when we speak next Wednesday.

In particular, with respect to Plaintiffs' position on the issue of discovery to Plaintiffs and a schedule for discovery to Plaintiffs regarding losartan and irbesartan, we understand that Plaintiffs are not amenable to either unless and until all Defendants' (manufacturers, wholesalers, retailers) discovery requests are coordinated. As you know, Wholesaler Defendants disagree. We believe that we need to err on the side of seeking the discovery Wholesaler Defendants specifically need early and concurrent with Plaintiffs' discovery to Wholesalers for the reasons we have previously stated. As such, and in accordance with our July 31 proposal, attached please find Wholesaler Defendants' draft Requests for Production and Rule 30(b)(6) Notice to TPP Plaintiffs regarding losartan and irbesartan. As we previously indicated, these draft discovery requests are directed to the TPP Class Reps and Assignors, and tailored to Wholesalers' specific discovery needs. Of course, Wholesaler Defendants reserve the right to serve on the losartan and irbesartan personal injury, medical monitoring, and economic loss consumer class representative plaintiffs separate Requests for Production and Rule 30(b)(6) Notices related to Wholesaler specific issues. Similarly, as this discovery is directed at Wholesaler-specific issues rather than the broader factual discovery that relates to all claims against all Defendants, Wholesaler Defendants reserve all rights to participate in all other discovery and depositions, including any 30(b)(6) deposition noticed by other parties, industry group(s), and/or by Defendants collectively.

We look forward to speaking with you Wednesday regarding Wholesaler Defendants' proposed discovery, as well as the other aspects of the proposed Scheduling Order for losartan and irbesartan (and sometimes valsartan) discovery, and making progress on getting a proposed Scheduling Order over the finish line. Talk to you then. Have a nice weekend.

Jeff

Jeffrey D. Geoppinger
Ulmer & Berne LLP
p 513.698.5038
c 513.290.7902

**Ulmer & Berne LLP**  Expires September 3, 2023

Los-Irb Rule 30b6 to TPP Class Representati...ors.pdf   152.5 KB

Los-Irbs RFPs to TPP Class Representatives a...ors.pdf   173.2 KB

[Download Attachments]

If you already have an Ulmer ShareFile account, please click the download link above and log in to access the files. If you have forgotten your password, use the Forgot Password link to reset. If you do not have an Ulmer ShareFile account you will receive a separate email with account activation instructions. If you were not expecting this file or are unsure of the validity, please contact the Ulmer office by calling (216) 583-7000, and ask to speak with the attorney who sent the files for verification.

---

**From:** Stacy Burrows <stacy@bartonburrows.com>
**Sent:** Wednesday, August 2, 2023 2:37 PM
**To:** Geoppinger, Jeff <jgeoppinger@ulmer.com>; David J. Stanoch <d.stanoch@kanner-law.com>
**Cc:** D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Campbell, Daniel <DCampbell@crowell.com>; Dennis, Mimi <MDennis@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>; Bresnahan, Luke <LBresnahan@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Davis, John <JDavis@crowell.com>
**Subject:** RE: [External]RE: [External]Losartan and Irbesartan Discovery Proposal

Jeff:

Thank you for the response to my email dated July 24, 2023, regarding the Wholesalers' Discovery obligations related to losartan/irbesartan and the custodial discovery for valsartan.

Let's start with what we can agree on. Plaintiffs will agree the modifications to the descriptions and deadlines contained in your updated chart regarding the Wholesaler Defendants' obligations to provide discovery provided we can come to agreements on these other issues.

As for issues that we seem to still disagree on. As you can surely appreciate, filing competing letters to the Court regarding our discovery disagreements is more efficient than the traditional means of filing a motion, waiting 14 days for a response, and then 3 days for a reply. Any discovery disputes/issues will need to be resolved expeditiously if the parties intend to maintain your proposed discovery schedule. For this reason, we think the Wholesaler Defendants should withdraw the proposal set forth in the ** of the chart and the revised descriptions regarding the filing of

9

motions versus letters.  Allowing that much time and briefing to resolve minor discovery issues is contrary to the courts' modern approach to resolving discovery disputes and will undoubtedly disrupt any schedule we can agree on.

As stated in my prior email, we will not agree to a schedule for discovery to be taken of the Plaintiffs related to losartan and irbesartan until all Defendants' requests are coordinated. This is for the benefit of all parties. This is not to preclude the Wholesalers from obtaining relevant discovery, but to provide an efficient means by which that information and data is coordinated as to not require multiple rounds of discovery regarding the same or nearly the same information. Thus, your re-insertions related to discovery to be issued on the Plaintiffs are not agreed upon.

Finally, your insertion/suggestion that the Wholesaler Defendants will only be required to provide proposed search terms and three (3) proposed Wholesaler custodians seems quite arbitrary.  We don't think a limitation on the number of Wholesaler custodians can reasonably be agreed upon until we have more information and the ability to confer on the issue.

Our team is available either Monday August 7, 2023 from 2-4 p.m. CDT or Wednesday August 9, 2023 from 2-4 p.m. CDT to discuss further.

Please let me know if either of these days work for you.

Regards,

Stacy Burrows
Barton and Burrows, LLC
5201 Johnson Drive, Suite 110
Mission, Kansas 66205
(913) 563-6253
Fax: (913) 563-6259

NOTE:  Please note that (1) e-mail communication is not a secure method of communication; (2) any email that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communication by improperly accessing your computer(s) or even some computer unconnected to either of us through which the e-mail passed. If you do not wish to communicate via e-mail, please let me know immediately.

This email may contain privileged and confidential information intended only for the person or entity to which it was addressed. If you received this email in error, you are instructed to permanently delete the email and notify the Barton and Burrows, LLC immediately. Improper retention of this communication may subject you to legal action under pertinent federal and state statutes resulting in civil and criminal penalties.

**From:** Geoppinger, Jeff <jgeoppinger@ulmer.com>
**Sent:** Monday, July 31, 2023 4:07 PM
**To:** Stacy Burrows <stacy@bartonburrows.com>; David J. Stanoch <d.stanoch@kanner-law.com>
**Cc:** D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Campbell, Daniel <DCampbell@crowell.com>; Dennis, Mimi <MDennis@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>; Bresnahan, Luke <LBresnahan@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Davis, John <JDavis@crowell.com>
**Subject:** [External]RE: [External]Losartan and Irbesartan Discovery Proposal

Hi Stacy –

We appreciate your counter-proposal on dates, but we were disappointed that Plaintiffs refuse to respond to and/or provide any dates for Wholesaler discovery of Plaintiffs in the Losartan/Irbesartan matter. In any case, much less a case of this size and complexity, it is expected that Plaintiffs will be forthcoming with discovery. To refuse outright on the basis that Wholesalers are the only defendants to ask for it is not a good reason.

Additionally, the vigor with which Plaintiffs at different points in the Valsartan matter protested that Wholesalers' requested discovery was either premature or untimely has taught us that we need to err on the side of seeking the discovery we need early and concurrent with Plaintiffs' discovery requests to Wholesalers.

As a result, Plaintiffs' refusal to even discuss Wholesalers' discovery requests is a non-starter for Wholesalers. Note that Wholesalers' discovery to Plaintiffs is directed to the TPP Class Reps and Assignors, and is thus actually tailored to Wholesalers' specific discovery needs, separate and apart from the other Defendants. Nonetheless, and so as to not move backwards, we set forth below a revised proposal. Please note a few things about our proposal:

1. We have adopted in their entirety your scheduling description entries (but not your proposed dates). Where we have made revisions to your description we have done so in blue, but most of those revisions are for the sake of consistency or shortening the length.

2. We have reinserted the descriptions regarding Wholesalers' discovery to Plaintiffs and have drafted those to parallel your descriptions of Plaintiffs' discovery to Wholesalers; these are the entries completely in blue font. Unfortunately, this has added some length to the schedule, as we originally had both parties' deadlines run concurrently, but we see no way around that. In this draft, in an attempt to at least find agreement on some things, we propose that your discovery to Wholesalers run ahead in time to Wholesalers' discovery to Plaintiffs.

3. With regard to your complete opposition to any Wholesaler discovery to Plaintiffs and your insistence that Plaintiffs' discovery to Wholesalers must run in lock step with Plaintiffs' discovery to Retailers, it is not Wholesalers' burden to corral each level of the supply chain and force numerous Defendants to agree on deadlines for discovery that relates specifically to Wholesalers. Similarly, it is not a requirement that Wholesalers agree to the discovery deadlines Plaintiffs have orchestrated with Retailers – many of which were proposed, negotiated, and agreed upon a month ago—all, of course, without any Wholesaler involvement. For this reason you will see that many of our proposed dates run a month behind the Retailer dates.

4. Not only are your proposed dates and deadlines (which are, as mentioned, essentially just the dates you negotiated with Retailers) untenable for Wholesalers because you want us to adhere to the same deadlines as Retailers, and they have had over a month head start, but also because you just forwarded 'proposed' custodial discovery requests regarding valsartan for the first time last week.

5. That being said, we are optimistic that we can work together to draft a schedule that will be fair and appropriate given the circumstances and Wholesalers' limited role in this litigation overall, and absence of a role in the upcoming TPP trial. To that end, we set forth below a proposed timeline in response to your initial proposal that should permit all parties sufficient time to appropriately consider and respond to discovery.

Please let us know when you are able to discuss.

| Item Re: **Losartan and Irbesartan** (and, where indicated, Valsartan)* | Wholesalers' Original Proposed Dates (7.14.2023) | Plaintiffs' Responsive Dates (7.25.2023) | Wholesalers' Revised Proposed Dates (7.31.2023) |
|---|---|---|---|
| Wholesalers to serve objections and responses to Plaintiffs' RFPs and Rule 30(b)(6) Notice | 7/14/2023 | Agreed (7/14/2023) | 7/14/2023 |

| | | | |
|---|---|---|---|
| Wholesalers and Plaintiffs shall meet and confer to negotiate and finalize Plaintiffs' RFPs to Wholesalers | N/A | 8/4/2023 | 8/15/2023 |
| If Wholesalers and Plaintiffs cannot reach agreement on Plaintiffs' RFPs to Wholesalers, Plaintiffs shall file a letter brief regarding the dispute** | 9/20/2023 | 8/9/2023 | 8/21/2023 |
| Wholesalers shall serve RFPs and Rule 30(b)(6) notices to TPP Class Representatives and Assignors | 8/4/2023 | refused to respond | 8/4/2023 |
| Wholesalers shall provide proposed search terms and 3 proposed Wholesaler custodians to which such search terms will be applied in the losartan/irbesartan/valsartan actions | 9/1/2023 | 8/4/2023 | 8/25/2023 |
| Wholesalers and Plaintiffs shall meet and confer regarding the Wholesalers' proposed search terms and Wholesaler custodians in the losartan/irbesartan/valsartan actions | N/A | 8/11/2023 | 9/1/2023 |
| If Wholesalers and Plaintiffs cannot reach agreement on Wholesalers' proposed search terms and Wholesaler custodians for the losartan/irbesartan/valsartan actions, Plaintiffs shall file a letter brief regarding the dispute** | 10/11/2023 | 8/17/2023 | 9/15/2023 |
| Plaintiffs shall propose search terms and 3 custodians for each TPP class representative and assignor to which such search terms will be applied in the losartan/ irbesartan/valsartan actions | 9/1/2023 | refused to respond | 9/22/2023 |
| Plaintiffs shall serve objections and responses to Wholesalers' RFPs and Rule 30(b)(6) notices | 9/5/2023 | refused to respond | 9/27/2023 |
| Wholesalers and Plaintiffs shall meet and confer to negotiate and finalize Wholesalers' RFPs to Plaintiff TPP Class Representatives and Assignors | N/A | N/A | 10/2/2023 |
| If Wholesalers and Plaintiffs cannot reach agreement on Wholesalers' RFPs to Plaintiff TPP Class Representatives and Assignors, Wholesalers shall file a letter brief regarding the dispute** | 9/20/2023 | refused to respond | 10/9/2023 |
| Wholesalers and Plaintiffs shall meet and confer to negotiate and finalize topics for 30(b)(6) depositions of Wholesalers | N/A | 9/29/2023 | 9/29/2023 |
| If Wholesalers and Plaintiffs cannot reach agreement regarding final topics for 30(b)(6) depositions of Wholesalers, Plaintiffs shall file a letter brief regarding the dispute** | 9/20/2023 | 10/6/2023 | 10/6/2023 |
| Wholesalers shall serve written responses to Plaintiffs' Requests for Production of Documents | 7/14/2023 | 10/13/2023 | Completed |
| Wholesalers and Plaintiffs shall meet and confer regarding the TPP Class Representatives' and Assignors' proposed search terms and Class Representative and Assignor custodians to which such search terms will be applied in the losartan/irbesartan/valsartan actions | N/A | N/A | 10/6/2023 |

| | | | |
|---|---|---|---|
| If Wholesalers and Plaintiffs cannot reach agreement on TPP Class Representatives' and Assignors' proposed search terms and/or custodians to which such search terms will be applied in the losartan/irbesartan/valsartan actions, Wholesalers shall file a letter brief regarding the dispute** | 10/11/2023 | refused to respond | 10/16/2023 |
| Wholesalers shall substantially complete their document production for losartan/irbesartan/valsartan | 4/20/2024 | 1/10/2024 | 3/11/2024 |
| Wholesalers and Plaintiffs shall meet and confer to negotiate and finalize the identities of Wholesaler deponents | N/A | 1/24/2024 | 3/25/2024 |
| If Wholesalers and Plaintiffs cannot reach agreement regarding the identities of Wholesaler deponents, Plaintiffs shall file a letter brief regarding the dispute** | N/A | 1/31/2024 | 4/2/2024 |
| Plaintiffs shall substantially complete their document production as to Wholesaler RFPs | N/A | N/A | 4/11/2024 |
| Plaintiffs shall complete all depositions of Wholesalers, including all Rule 30(b)(6) depositions | N/A | 3/11/2024 | 5/13/2024 |
| Wholesalers and Plaintiffs shall meet and confer to negotiate and finalize the identities of TPP Class Representative and Assignor deponents | N/A | N/A | 30 days following notice to Wholesalers by TPPs of substantial completion of document production in response to discovery from all Defendants |
| If Wholesalers and Plaintiffs cannot reach agreement regarding the identities of TPP Class Representative and Assignor deponents, Wholesalers shall file a letter brief regarding the dispute** | N/A | N/A | 45 days following notice to Wholesalers by TPPs of substantial completion of document production in response to discovery from all Defendants |
| Wholesalers shall complete all depositions of Plaintiff TPP Class Representatives and Assignors, including all 30(b)(6) depositions | N/A | N/A | 90 days following notice to Wholesalers by TPPs of substantial completion of document production in response to discovery from all Defendants |
| | | | |
| NOTES APPLICABLE TO SCHEDULE | | | |
| * All deadlines apply only to losartan/irbesartan actions except where they expressly mention valsartan action; Wholesalers' valsartan discovery to TPPs is currently pending before the Court. | | | |
| **Where the scheduling order provides deadlines for briefing discovery disputes, the propounding party will file an opening letter brief on the date noted, to be followed by an opposing letter brief filed by the responding party within 14 calendar days from the deadline, followed by a 3 page reply letter brief filed by the propounding party within 2 calendar days of the filing of the opposing letter brief | | | |

13

Thanks.

Jeff

Jeffrey D. Geoppinger
Ulmer & Berne LLP
p 513.698.5038
c 513.290.7902

---

**From:** Stacy Burrows <stacy@bartonburrows.com>
**Sent:** Monday, July 24, 2023 8:33 PM
**To:** Geoppinger, Jeff <jgeoppinger@ulmer.com>; David J. Stanoch <d.stanoch@kanner-law.com>
**Cc:** D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Campbell, Daniel <DCampbell@crowell.com>; Dennis, Mimi <MDennis@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>; Bresnahan, Luke <LBresnahan@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Davis, John <JDavis@crowell.com>
**Subject:** RE: [External]Losartan and Irbesartan Discovery Proposal

Jeff:

As discussed in our call, we have reviewed the proposed schedule provided by the Wholesaler Defendants via email on July 14, 2023, and discussed the same with our counterparts who have been diligently working with the other Defendants. Regarding the Wholesaler Defendants' proposal, we have some apprehensions regarding not only the requests for discovery contained in the Wholesaler Defendants' proposed schedule, but also the deadlines, which are not aligned with the other Retailer or Manufacturing Defendants' proposals or agreements.

At this time, we are not able to agree on any discovery to be propounded on the Plaintiffs unless and until those discovery deadlines and the type of discovery to be conducted is coordinated amongst all Defendants. We are more than happy to further discuss discovery related to the Plaintiffs when all Defendants are aligned and are participating in that discussion. We are not aware of any other Defendant that has proposed a schedule wherein discovery would be issued on Plaintiffs at this stage of the litigation regarding losartan and irbesartan. Additionally, in the proposed schedule submitted by the Wholesaler Defendants, it appears that their obligation to produce valsartan custodial production is being unnecessarily delayed or pushed back based on the notion that folding in the valsartan custodial discovery would be beneficial to all parties. We are having a hard time seeing the benefit of folding valsartan discovery obligations into the schedule for losartan and irbesartan, which are admittedly at two very different stages of discovery. Notwithstanding our concerns regarding the delay in obtaining valsartan custodial discovery, were it to proceed at the same time as the losartan and irbesartan discovery, we believe the following schedule is appropriate.

With these caveats, below please find a proposed schedule that Plaintiffs believe is not only doable, but consistent with other Defendants' commitments regarding their similar discovery obligations.

| Item Re: losartan and irbesartan | Proposed deadline |
|---|---|
| Wholesaler Defendants to serve objections and responses to Plaintiffs' RFPs and Rule 30(b)(6) Notice | Served on July 14, 2023 |

14

| | |
|---|---|
| Wholesaler Defendants and Plaintiffs shall meet and confer to negotiate and finalize outstanding Requests for Production | August 4, 2023 |
| If the parties cannot reach an agreement by August 4, 2023, the Wholesaler Defendants and Plaintiffs shall each file a letter brief regarding their dispute | August 9, 2023 |
| Wholesalers Defendants shall provide proposed search terms for losartan/irbesartan/valsartan custodial discovery to be applied to the Three Wholesaler Defendants' custodians | August 4, 2023 |
| The Wholesaler Defendants and Plaintiffs shall meet and confer regarding the Wholesaler Defendants proposed custodians that the search terms for losartan/irbesartan/valsartan will be applied | August 11, 2023 |
| If the Wholesaler Defendants and Plaintiffs cannot reach an agreement on proposed custodians and/or the search terms the parties shall file a letter brief regarding their dispute | August 17, 2023 |
| The Wholesaler Defendants and Plaintiffs shall negotiate and finalize topics for the Wholesaler Defendants' Rule 30(b)(6) depositions | September 29, 2023 |
| If the Wholesaler Defendants and Plaintiffs cannot reach an agreement by September 29, 2023, the parties shall file a letter brief regarding their dispute | October 6, 2023 |
| The Wholesaler Defendants shall serve their written responses to the Plaintiffs' Requests for Production of Documents | October 13, 2023 |
| The Wholesaler Defendants shall substantially complete their document production | January 10, 2024 |
| The Wholesaler Defendants and Plaintiffs shall negotiate and finalize the identities of the deponents for each Wholesaler Defendant | January 24, 2024 |
| If the Wholesalers and Plaintiffs cannot reach and agreement by January 24, 2024, the Wholesaler | January 31, 2024 |

15

| | |
|---|---|
| Defendants and Plaintiffs shall each file a letter brief | |
| The Wholesaler and Plaintiffs shall complete all depositions of the Wholesaler Defendants, including all Rule 30(b)(6) depositions | March 11, 2024 |

Also, attached please find Plaintiffs' proposed CMO 32 custodial discovery requests related solely to valsartan to be served on the Wholesaler Defendants for your consideration.

Regards,

Stacy Burrows
Barton and Burrows, LLC
5201 Johnson Drive, Suite 110
Mission, Kansas 66205
(913) 563-6253
Fax: (913) 563-6259

NOTE:  Please note that (1) e-mail communication is not a secure method of communication; (2) any email that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communication by improperly accessing your computer(s) or even some computer unconnected to either of us through which the e-mail passed. If you do not wish to communicate via e-mail, please let me know immediately.

This email may contain privileged and confidential information intended only for the person or entity to which it was addressed. If you received this email in error, you are instructed to permanently delete the email and notify the Barton and Burrows, LLC immediately. Improper retention of this communication may subject you to legal action under pertinent federal and state statutes resulting in civil and criminal penalties.

**From:** Geoppinger, Jeff <jgeoppinger@ulmer.com>
**Sent:** Friday, July 14, 2023 3:58 PM
**To:** Stacy Burrows <stacy@bartonburrows.com>; David J. Stanoch <d.stanoch@kanner-law.com>
**Cc:** D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Campbell, Daniel <DCampbell@crowell.com>; Dennis, Mimi <MDennis@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>; Bresnahan, Luke <LBresnahan@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Davis, John <JDavis@crowell.com>
**Subject:** [External]Losartan and Irbesartan Discovery Proposal


Stacy and Dave,

Per my prior correspondence and CMO 32, below please find a proposed timetable for losartan and irbesartan discovery. As previously noted, we believe that it's premature to discuss deadlines for identifying a 30(b)(6) deponent(s), or completion of depositions, until after responsive documents have been identified and

produced; the same applies to expert discovery as well. We look forward to discussing this schedule with you next week, including whether and/or how it might make sense to fold in valsartan custodial discovery into this timetable.

We will plan to speak with you Tuesday at 11:30 ET/10:30 CT. I will circulate a zoom link. If that time is no longer available, please let me know regarding alternative availability. Have a nice weekend.

Thanks,

Jeff

| Item | Proposed dates |
|---|---|
| Wholesalers serve objections and responses to Plaintiffs' RFPs and Rule 30(b)(6) notice | 7/14/2023 |
| Wholesalers serve RFPs and Rule 30(b)(6) notice to Plaintiffs | 8/4/2023 |
| Wholesalers propose search terms for losartan and irbesartan custodial discovery to be applied to 3 Wholesaler Defendant custodians | 9/1/2023 |
| Plaintiffs propose search terms for losartan and irbesartan custodial discovery to be applied to 3 TPP class rep and assignor custodians | 9/1/2023 |
| Each Wholesaler Defendant identifies 3 Wholesaler Defendant custodians to whose files the custodial search terms will be applied | 9/1/2023 |
| Each TPP class rep and assignor identifies 3 TPP and assignor custodians to whose files the custodial search terms will be applied | 9/1/2023 |
| Plaintiffs serve objections and responses to Wholesalers' RFPs and Rule 30(b)(6) notice | 9/5/2023 |
| If no agreement, each party may propose additional search terms and custodians for the opposing party | 9/8/2023 |

17

| | |
|---|---|
| The propounding party shall file with the court briefing regarding disputes about RFPs and/or Rule 30(b)(6) Notices, if any | 9/20/2023 |
| The responding party shall file a response to briefing regarding disputes about RFPs and/or Rule 30(b)(6) Notices | 10/4/2023 |
| The propounding party shall file a reply (3 pg. limit) regarding disputes about RFPs and/or Rule 30(b)(6) Notices | 10/6/2023 |
| The parties file with the court simultaneous briefing regarding any disputes about custodial search terms and/or custodians | 10/11/2023 |
| The parties simultaneously respond to briefing regarding disputes about custodial search terms and/or custodians | 10/25/2023 |
| The parties file simultaneous replies (3 pg. limit) regarding disputes about custodial search terms and/or custodians | 10/27/2023 |
| Substantial completion of non-custodial document discovery | 2/1/2024 |
| Substantial completion of custodial document discovery | 4/30/2024 |

**Jeffrey D. Geoppinger**



DIRECT:  513.698.5038
DIRECT FAX:  513.698.5039
MOBILE:  513.290.7902
jgeoppinger@ulmer.com │ bio │ vcard

**Ulmer & Berne LLP**
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202-4029
MAIN: 513.698.5000
Ulmer.com




ULMER & BERNE LLP - CONFIDENTIAL COMMUNICATION

This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, please be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited. If you have received this email in error, please immediately notify us by telephone at 216.583.7000 or by reply email to the sender. Please delete this email and its attachments from your system and do not retain any copies. You will be reimbursed for reasonable costs incurred in notifying us.