**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

IN RE:  VALSARTAN PRODUCTS
LIABILITY LITIGATION

_____

CIVIL ACTION NUMBER:

19-md-02875

DISCOVERY CONFERENCE VIA
ZOOM

        Mitchell H. Cohen Building & U.S. Courthouse
        4th & Cooper Streets
        Camden, New Jersey  08101
        August 23, 2023
        Commencing at 4:06 p.m.

**B E F O R E:**         **THE HONORABLE THOMAS I. VANASKIE (RET.)**
                        **UNITED STATES SPECIAL MASTER**

**A P P E A R A N C E S:**

        BARTON and BURROWS, LLC
        BY:  STACY A. BURROWS, ESQUIRE
        5201 Johnson Drive
        Suite 110
        Mission, Kansas 66205
        For the Plaintiffs


        GREENBERG TRAURIG LLP
        BY:  VICTORIA DAVIS LOCKARD, ESQUIRE
        3333 Piedmont Road, NE, Suite 2500
        Atlanta, Georgia  30305
        For the Defendants, Teva Pharmaceutical Industries Ltd.,
        Teva Pharmaceuticals USA, Inc., Actavis LLC,
        and Actavis Pharma, Inc.




        Ann Marie Mitchell, Official Court Reporter
            AnnMarie_Mitchell@njd.uscourts.gov
                  (856) 576-7018

   Proceedings recorded by mechanical stenography; transcript
            produced by computer-aided transcription.

**A P P E A R A N C E S (Continued):**

        ULMER & BERNE LLP
        BY:  JEFFREY D. GEOPPINGER, ESQUIRE
        600 Vine Street, Suite 2800
        Cincinnati, Ohio 445202
        For the Wholesaler Defendants and AmerisourceBergen

**ALSO PRESENT:**

        LORETTA SMITH, ESQUIRE
        Judicial Law Clerk to The Honorable Robert B. Kugler

        Larry MacStravic, Courtroom Deputy

3

1            (PROCEEDINGS held via Zoom before SPECIAL MASTER

2    THOMAS I. VANASKIE at 4:06 p.m.)

3            SPECIAL MASTER VANASKIE:  Why don't we begin.  We'll

4    start our discovery conference today, July 23rd (sic).

5            I think there's only one dispute that we need to

6    discuss today, but you can correct me if I'm wrong on that.

7    And as I understand it -- and I see Loretta is now here;

8    great, great, great -- the dispute concerns discovery from the

9    third-party plaintiffs sought by the wholesaler defendants.

10           And who will be addressing this issue for the

11   wholesalers?

12           MR. GEOPPINGER:  Good afternoon, Judge Vanaskie.

13   Jeff Geoppinger on behalf of the wholesalers.  I'll be

14   addressing this issue.

15           THE COURT:  Good afternoon, Mr. Geoppinger.

16           And who will be addressing the issue on behalf of the

17   TPPs?

18           MS. BURROWS:  Good afternoon, Your Honor.  Stacy

19   Burrows will be addressing the matter on behalf of the TPP

20   plaintiffs.

21           THE COURT:  All right.  Thank you, Ms. Burrows.

22           All right.  Why don't we hear from you first,

23   Mr. Geoppinger.

24           MR. GEOPPINGER:  Sure.  Your Honor, as you probably

25   saw in our letters, we've met and conferred.  We've come up

*United States District Court*

1    with a schedule.  The wholesalers have agreed to the discovery

2    the plaintiffs seek from us and dates for all of that.  We are

3    just seeking to include in that very same schedule dates for

4    discovery from the third-party plaintiff -- excuse me,

5    third-party payor plaintiffs.  The same discovery they're

6    asking of us, requests for production, 30(b)(6), custodial

7    discovery, all the same stuff, and we're proposing to include

8    it in the same scheduling order that governs the discovery

9    that we're going to be providing on those matters for losartan

10   and irbesartan.  This is a losartan and irbesartan mainly

11   issue with respect to this schedule, Your Honor.

12          I don't think it's a real controversial ask.  It's

13   pretty standard to put this kind of stuff in a scheduling

14   order together.  Do it one time.

15          The plaintiffs have -- I think are agreeable to the

16   discovery, they just think that we need to coordinate it with

17   the other defendants.

18          Now, we have coordinated, obviously, among the

19   wholesalers.  And the other defendants are only manufacturers

20   because the pharmacies have not been sued by the TPPs.  So as

21   far as downstream discovery, we're the only show in town.

22          So I appreciate and we appreciate the benefits of

23   coordination, but in this case, it's only coming from us.

24   There's nothing in the Rules of Civil Procedure, the orders of

25   the Court that require us to coordinate with the

1   manufacturers.  I'm sure they'll want to do something at some

2   point, but I think we should be able to proceed with our

3   discovery here to the third-party payor plaintiffs on our own,

4   essentially, because, A, it's just going to slow things down.

5   And we've heard many, many times that we need to get moving on

6   this stuff.  In fact, that's why we're here today.  The

7   plaintiffs in April said, let's get moving on this, and that's

8   what we're trying to do.

9          B, we open ourselves up to untimeliness arguments.

10  The Court is aware we faced that recently rather vigorously.

11  We don't want to be in that position again.

12         And another big reason is, Your Honor, is this is

13  stuff that's specific to the wholesalers.  It really doesn't

14  have anything to do with the manufacturers.  They'll have

15  their own requests, I'm sure.  But this is the kind of

16  discovery that be can put in a schedule and that these

17  plaintiffs can start answering now without -- no matter when

18  the manufacturers serve their discovery.

19         And, Your Honor, if in fact there's some overlap, I'm

20  sure that the TPPs will, you know -- can and will reference

21  discovery previously produced or we would be certainly

22  amenable to discussing coordination if there is overlap.

23         But the point, Your Honor, is we have put in a

24  schedule.  We're going to enter to a schedule.  Let's get

25  moving on it.  Let's put in the schedule, do it all at one

*United States District Court*

1    time.  We'd like to have those dates.

2         There's also been a suggestion that the schedule

3    isn't necessary or appropriate, because we need to seek it --

4    seek discovery from the TPP plaintiffs via fact sheet.  That's

5    just not how this has worked.

6         The Court has entered several orders that have

7    allowed requests for production to TPP plaintiffs separate and

8    apart from fact sheets.  They've entered orders, including the

9    one we're going to enter -- you know, they're asking to enter

10   today that allows the plaintiffs to ask us RFPs separate and

11   apart from the fact sheet.

12        So there's no requirement that the fact sheet is the

13   end-all-be-all means of which we can obtain discovery.  And if

14   they want to negotiate one, certainly we're open to doing

15   that.  But we'd also like the opportunity to essentially --

16   like I said, it's the same schedule.  Everything they asked of

17   us, we're asking that we have dates for going and asking for

18   the same stuff from them.

19        THE COURT:  All right.  Thank you.

20        Ms. Burrows?

21        MS. BURROWS:  Yes, Your Honor.  Thank you.  I think

22   I'll go in reverse order, if I can.

23        SPECIAL MASTER VANASKIE:  Very well.

24        MS. BURROWS:  So the plaintiffs' position has never

25   been that the wholesaler defendants aren't entitled to

1    discovery.  We absolutely believe that discovery is necessary,

2    and the TPP plaintiffs will provide it.  The question is which

3    is the right vehicle, and what is the right time.

4          We have proposed two different vehicle mechanisms, if

5    you will, for the defendants to first coordinate amongst

6    themselves, which I will state for the record that it appears

7    that the manufacturing defendants did reach out to some of the

8    co-lead counsel this week also requesting potentially a

9    discovery to be taken of the TPPs related to losartan or

10   irbesartan.

11         So the question is the vehicle.  Are we going to move

12   forward piecemeal with each defendant serving RFPs that could

13   be duplicative with crossover deadlines.  And the question is,

14   how do they get that discovery they seek.

15         We've proposed two options.

16         First of all, let's talk about an amended fact sheet.

17   That's exactly what we did in the personal injury claims.  The

18   defendants came to the table, asked for amended plaintiffs

19   fact sheet.  Those were negotiated, agreed upon.  Those

20   plaintiffs are currently revising their answers to the

21   plaintiffs fact sheet as amended and providing documents.

22         The second question is after the plaintiffs fact

23   sheets have been amended and those documents were produced,

24   then what's the next level of discovery, and how are they

25   going to go about doing that, Your Honor.

```
 1         We have said all along you're entitled to discovery.
 2  Let's talk about a reasonable discovery; let's talk about it
 3  being cooperative; let's talk about it being efficient.
 4         What I will say, and I think that this was somewhat
 5  overlooked, we also mentioned that we thought your recent
 6  ruling on what discovery the wholesaler defendants could take
 7  related to valsartan could be very helpful.
 8         As my opposing counsel stated, there was two defenses
 9  that were raised in that briefing, if you will, Your Honor.
10  You recently issued an order on August 11th, your Special
11  Master Order 82, so I know you're very familiar with the
12  issue.
13         First was the timeliness issue.  As you may recall,
14  Your Honor, you did appreciate the plaintiffs' concerns about
15  timeliness, but you ultimately looked at the actual requests
16  that were being made.
17         If I were to say to you, Your Honor, today most of
18  the requests that have been proposed are nearly identical to
19  the ones you've already ruled would be unduly burdensome or
20  not quite sufficient to even give a reasonable answer, and
21  thus you denied those requests for discovery.  We're at a very
22  preliminary stage.  Right now the defendants need to take the
23  advice from the Court, understanding that you recently ruled
24  on very similar issues, come to the table, let's decide how an
25  amended plaintiffs fact sheet can be coordinated, let the
```

*United States District Court*

1    plaintiffs do their job in answering those fact sheets, giving

2    that discovery to the defendants, and if there's additional

3    discovery needed, we address that.  We have a meet and confer.

4    We talk about what you found would be a reasonable discovery

5    request within the thresholds of not overly burdensome and

6    specific to the needs of the case.

7            That's not where we're at, Your Honor.  If you were

8    to issue an order for the plaintiffs to issue discovery right

9    now, we're at ad hoc.  We're in a place where the proposed

10   requests are not consistent with your order.  They were

11   submitted to us long before your order was issued.  And we're

12   at a place where we haven't even done amended fact sheets.

13           So like I've said, Your Honor, the plaintiffs are in

14   a position where we believe the wholesaler defendants have a

15   right to discovery.  That's not the request here, and that's

16   not -- we're not trying to stall all discovery.  We just want

17   it to be done collectively, reasonably and efficiently, Your

18   Honor.  We think that the proposals we made are the right

19   approach for the Court.

20           THE COURT:  Before we hear from Mr. Geoppinger, do we

21   have anybody who wants to address this issue on behalf of the

22   manufacturer defendants.

23           MS. LOCKARD:  Your Honor, this is Victoria Lockard.

24           You know, I do agree with Mr. Geoppinger in a sense

25   that I don't know that we necessarily have to coordinate by

```
 1   the rules or any precedent here.  We're happy to do so.  We
 2   don't -- you know, we don't intend to delay in getting an
 3   agreement on what the scope of discovery should be for
 4   manufacturers.  We do feel like we need to move forward on
 5   that.
 6          But if, you know, Mr. Geoppinger and the wholesalers
 7   have prepared their discovery and are ready to move, then from
 8   our perspective, you know, we sort of take a neutral position
 9   in terms of whether we must coordinate or not.
10          From our interests, we do want to proceed with
11   discovery on behalf of the manufacturers against the economic
12   loss and the class reps, and so I know we're in the process of
13   drafting that.  And once we are able to share those very soon
14   with plaintiffs, we'll be in a position to have a more
15   meaningful meet and confer.
16          THE COURT:  Thank you.  Thank you, Ms. Lockard.
17          Mr. Geoppinger, anything you'd like to add?
18          MR. GEOPPINGER:  Yes.  Thank you, Your Honor.
19          Basically we're asking for a schedule right now,
20   Judge.  I mean, that's it.  Ms. Burrows is talking about
21   the -- you know, the substance of the discovery.  Well, the
22   schedule has all kinds of stuff built in there for it for us
23   to go back and forth on that and to address it with you if
24   need be.
25          Today I am asking for a schedule.  It's the exact
```

1    same schedule that the plaintiffs are asking you to enter with

2    respect to the wholesaler defendants.  We don't need two

3    different procedures and two different schedules for the

4    discovery for the parties here.  We want the same thing.  So

5    that's really all this is.  Can we please have a schedule that

6    involves dates by which the plaintiffs have to engage in

7    discovery.  That's all we want.

8              THE COURT:  All right.  Thank you.

9              Ms. Burrows?

10             MS. BURROWS:  Only briefly, Your Honor.

11             I would note that the schedule that we've asked for

12   you to put into place, that has been agreed upon and

13   negotiated between the parties, is related to the Case

14   Management Order 32.  That was entered in on April 21, 2023.

15   We have now spent months negotiating, going back and figuring

16   out what the proposed schedule should be to be consistent with

17   that order.

18             I think that in all reality we need time to set up

19   what a reasonable schedule would be so the plaintiffs can

20   reasonably comply with that.  And we offered that.  We

21   offered, please send us a plaintiffs fact sheet that's been

22   redlined amended so that we can see what your requests are in

23   the plaintiffs fact sheet, we can get that into place, and

24   then we can talk about the next level of discovery, Your

25   Honor.

*United States District Court*

1          I think to suggest that we decided a couple weeks ago

2    we want discovery and we want it meshed into the order that's

3    required by CMO 32 that was issued months ago, I think it's

4    premature on the defendants' part, Your Honor.  I think what

5    the plaintiffs have offered is the reasonable approach.

6          THE COURT:  All right.  Thank you.

7          I do believe that it is appropriate to put in place a

8    schedule now and a schedule that swings both ways for the

9    wholesaler defendants and for the plaintiffs in this case.

10          I'm inclined to issue an order that adopts the

11    deadlines that have been proposed by the wholesaler defendants

12    in their Exhibit A to their agenda letter.  And that also

13    includes deadlines agreed upon for discovery from the

14    wholesaler defendants.  And it's not that I'm inclined, I

15    think that's what should happen here.  And then we can get

16    moving.  And if things need to be adjusted, then they can be

17    adjusted, but we're in this limbo right now of not getting the

18    matter on a schedule.

19          I know I could direct that you meet and confer and

20    get back to me, but I think it would be better now to put in

21    place a schedule.

22          So, Mr. Geoppinger, what I'd ask is you send to me a

23    proposed order that includes the deadlines in Exhibit A to

24    your agenda letter, and we'll issue that as a scheduling order

25    for the wholesaler part of this case, the wholesalers and the

 1    TPPs.

 2            Is that understandable?

 3            MR. GEOPPINGER:  Yes, Your Honor.  Would you like

 4    that in Word or PDF?

 5            SPECIAL MASTER VANASKIE:  I'd like it in Word in case

 6    I want to make any changes.

 7            And if there's any counters -- because what I have in

 8    Exhibit A, Ms. Burrows, is that the plaintiffs will not

 9    discuss or agree with respect to some of these proposed

10    deadlines.  If you have a counter, I'd be happy to consider

11    it.  That's why it would be helpful to get it in Word,

12    Mr. Geoppinger.  And I could adjust some dates.

13            But right now I think it's more important that we get

14    in place a schedule, a schedule that is fair to both sides.

15    And I think it -- I think this will accomplish that.

16            And in terms of the other, the manufacturer

17    defendants, well, this should help in that respect.

18            Ms. Burrows?

19            MS. BURROWS:  Your Honor, I think the plaintiffs

20    would like the opportunity to counter on some of the dates, so

21    I will submit that to you by separate email.

22            SPECIAL MASTER VANASKIE:  That would be fine.

23            So what I'd ask, Mr. Geoppinger, is you can get this

24    to me promptly, certainly by the end of this week.

25            And if you could get back to me by next Wednesday

1   your counters, that would be great.

2           Okay.  Anything else to discuss today?

3           MR. GEOPPINGER:  Nothing from the wholesalers, Your

4   Honor.

5           MS. BURROWS:  No, Your Honor, nothing for the

6   plaintiffs.

7           THE COURT:  All right.  Thank you all very much.

8   Take care.

9           (Proceedings concluded at 4:21 p.m.)
                        -  -  -
10          I certify that the foregoing is a correct transcript
    from the record of proceedings in the above-entitled matter.
11
    _/S/ Ann Marie Mitchell_____    _24th day of August, 2023_
12  Court Reporter/Transcriber      Date

13

14

15

16

17

18

19

20

21

22

23

24

25

*United States District Court*

## /

**/S** [1] - 14:11

## 0

**08101** [1] - 1:8

## 1

**110** [1] - 1:14
**11th** [1] - 8:10
**19-md-02875** [1] - 1:4

## 2

**2023** [3] - 1:9, 11:14, 14:11
**21** [1] - 11:14
**23** [1] - 1:9
**23rd** [1] - 3:4
**24th** [1] - 14:11
**2500** [1] - 1:18
**2800** [1] - 2:4

## 3

**30(b)(6** [1] - 4:6
**30305** [1] - 1:18
**32** [2] - 11:14, 12:3
**3333** [1] - 1:18

## 4

**445202** [1] - 2:4
**4:06** [2] - 1:9, 3:2
**4:21** [1] - 14:9
**4th** [1] - 1:8

## 5

**5201** [1] - 1:14
**576-7018** [1] - 1:24

## 6

**600** [1] - 2:4
**66205** [1] - 1:15

## 8

**82** [1] - 8:11
**856** [1] - 1:24

## A

**able** [2] - 5:2, 10:13
**above-entitled** [1] - 14:10
**absolutely** [1] - 7:1
**accomplish** [1] - 13:15
**Actavis** [2] - 1:19, 1:20

**ACTION** [1] - 1:3
**actual** [1] - 8:15
**ad** [1] - 9:9
**add** [1] - 10:17
**additional** [1] - 9:2
**address** [3] - 9:3, 9:21, 10:23
**addressing** [4] - 3:10, 3:14, 3:16, 3:19
**adjust** [1] - 13:12
**adjusted** [2] - 12:16, 12:17
**adopts** [1] - 12:10
**advice** [1] - 8:23
**afternoon** [3] - 3:12, 3:15, 3:18
**agenda** [2] - 12:12, 12:24
**ago** [2] - 12:1, 12:3
**agree** [2] - 9:24, 13:9
**agreeable** [1] - 4:15
**agreed** [4] - 4:1, 7:19, 11:12, 12:13
**agreement** [1] - 10:3
**aided** [1] - 1:25
**allowed** [1] - 6:7
**allows** [1] - 6:10
**ALSO** [1] - 2:6
**amenable** [1] - 5:22
**amended** [7] - 7:16, 7:18, 7:21, 7:23, 8:25, 9:12, 11:22
**AmerisourceBergen** [1] - 2:5
**Ann** [1] - 14:11
**ann** [1] - 1:23
**AnnMarie_Mitchell@ njd.uscourts.gov** [1] - 1:23
**answer** [1] - 8:20
**answering** [2] - 5:17, 9:1
**answers** [1] - 7:20
**apart** [2] - 6:8, 6:11
**appreciate** [3] - 4:22, 8:14
**approach** [2] - 9:19, 12:5
**appropriate** [2] - 6:3, 12:7
**April** [2] - 5:7, 11:14
**arguments** [1] - 5:9
**Atlanta** [1] - 1:18
**August** [3] - 1:9, 8:10, 14:11
**aware** [1] - 5:10

## B

**BARTON** [1] - 1:13

**begin** [1] - 3:3
**behalf** [5] - 3:13, 3:16, 3:19, 9:21, 10:11
**benefits** [1] - 4:22
**BERNE** [1] - 2:3
**better** [1] - 12:20
**between** [1] - 11:13
**big** [1] - 5:12
**briefing** [1] - 8:9
**briefly** [1] - 11:10
**Building** [1] - 1:7
**built** [1] - 10:22
**burdensome** [2] - 8:19, 9:5
**Burrows** [6] - 3:19, 3:21, 6:20, 10:20, 11:9, 13:18
**BURROWS** [8] - 1:13, 1:13, 3:18, 6:21, 6:24, 11:10, 13:19, 14:5
**burrows** [1] - 13:8

## C

**Camden** [1] - 1:8
**care** [1] - 14:8
**case** [5] - 4:23, 9:6, 12:9, 12:25, 13:5
**Case** [1] - 11:13
**certainly** [3] - 5:21, 6:14, 13:24
**certify** [1] - 14:10
**changes** [1] - 13:6
**Cincinnati** [1] - 2:4
**CIVIL** [1] - 1:3
**Civil** [1] - 4:24
**claims** [1] - 7:17
**class** [1] - 10:12
**Clerk** [1] - 2:8
**CMO** [1] - 12:3
**co** [1] - 7:8
**co-lead** [1] - 7:8
**Cohen** [1] - 1:7
**collectively** [1] - 9:17
**coming** [1] - 4:23
**Commencing** [1] - 1:9
**comply** [1] - 11:20
**computer** [1] - 1:25
**computer-aided** [1] - 1:25
**concerns** [2] - 3:8, 8:14
**concluded** [1] - 14:9
**confer** [3] - 9:3, 10:15, 12:19
**CONFERENCE** [1] - 1:5
**conference** [1] - 3:4
**conferred** [1] - 3:25

**consider** [1] - 13:10
**consistent** [2] - 9:10, 11:16
**Continued** [1] - 2:1
**controversial** [1] - 4:12
**Cooper** [1] - 1:8
**cooperative** [1] - 8:3
**coordinate** [4] - 4:16, 4:25, 7:5, 9:25, 10:9
**coordinated** [2] - 4:18, 8:25
**coordination** [2] - 4:23, 5:22
**correct** [3] - 3:6, 14:10
**counsel** [2] - 7:8, 8:8
**counter** [2] - 13:10, 13:20
**counters** [2] - 13:7, 14:1
**couple** [1] - 12:1
**Court** [2] - 1:23, 14:12
**COURT** [1] - 1:1
**Courthouse** [1] - 1:7
**Courtroom** [1] - 2:9
**crossover** [1] - 7:13
**custodial** [1] - 4:6

## D

**Date** [1] - 14:12
**dates** [7] - 4:2, 4:3, 6:1, 6:17, 11:6, 13:12, 13:20
**DAVIS** [1] - 1:17
**deadlines** [5] - 7:13, 12:11, 12:13, 12:23, 13:10
**decide** [1] - 8:24
**decided** [1] - 12:1
**defendant** [1] - 7:12
**Defendants** [2] - 1:19, 2:5
**defendants** [17] - 3:9, 4:17, 4:19, 6:25, 7:5, 7:7, 7:18, 8:6, 8:22, 9:2, 9:14, 9:22, 11:2, 12:9, 12:11, 12:14, 13:17
**defendants'** [1] - 12:4
**defenses** [1] - 8:8
**delay** [1] - 10:2
**denied** [1] - 8:21
**Deputy** [1] - 2:9
**different** [3] - 7:4, 11:3
**direct** [1] - 12:19
**DISCOVERY** [1] - 1:5
**discovery** [39] - 3:4, 3:8, 4:1, 4:4, 4:5, 4:7, 4:8, 4:16, 4:21,

5:3, 5:16, 5:18, 5:21, 6:4, 6:13, 7:1, 7:9, 7:14, 7:24, 8:1, 8:2, 8:6, 8:21, 9:2, 9:3, 9:4, 9:8, 9:15, 9:16, 10:3, 10:7, 10:11, 10:21, 11:4, 11:7, 11:24, 12:2, 12:13
**discuss** [3] - 3:6, 13:9, 14:2
**discussing** [1] - 5:22
**dispute** [2] - 3:5, 3:8
**DISTRICT** [2] - 1:1, 1:1
**documents** [2] - 7:21, 7:23
**done** [2] - 9:12, 9:17
**down** [1] - 5:4
**downstream** [1] - 4:21
**drafting** [1] - 10:13
**Drive** [1] - 1:14
**duplicative** [1] - 7:13

## E

**economic** [1] - 10:11
**efficient** [1] - 8:3
**efficiently** [1] - 9:17
**email** [1] - 13:21
**end** [2] - 6:13, 13:24
**end-all-be-all** [1] - 6:13
**engage** [1] - 11:6
**enter** [4] - 5:24, 6:9, 11:1
**entered** [3] - 6:6, 6:8, 11:14
**entitled** [3] - 6:25, 8:1, 14:10
**ESQUIRE** [4] - 1:13, 1:17, 2:3, 2:7
**essentially** [2] - 5:4, 6:15
**exact** [1] - 10:25
**exactly** [1] - 7:17
**excuse** [1] - 4:4
**Exhibit** [3] - 12:12, 12:23, 13:8

## F

**faced** [1] - 5:10
**fact** [15] - 5:6, 5:19, 6:4, 6:8, 6:11, 6:12, 7:16, 7:19, 7:21, 7:22, 8:25, 9:1, 9:12, 11:21, 11:23
**fair** [1] - 13:14
**familiar** [1] - 8:11
**far** [1] - 4:21
**figuring** [1] - 11:15

fine [1] - 13:22
first [4] - 3:22, 7:5, 7:16, 8:13
foregoing [1] - 14:10
forth [1] - 10:23
forward [2] - 7:12, 10:4

**G**

GEOPPINGER [6] - 2:3, 3:12, 3:24, 10:18, 13:3, 14:3
Geoppinger [10] - 3:13, 3:15, 3:23, 9:20, 9:24, 10:6, 10:17, 12:22, 13:12, 13:23
Georgia [1] - 1:18
governs [1] - 4:8
great [4] - 3:8, 14:1
GREENBERG [1] - 1:17

**H**

happy [2] - 10:1, 13:10
hear [2] - 3:22, 9:20
heard [1] - 5:5
held [1] - 3:1
help [1] - 13:17
helpful [2] - 8:7, 13:11
hoc [1] - 9:9
Honor [23] - 3:18, 3:24, 4:11, 5:12, 5:19, 5:23, 6:21, 7:25, 8:9, 8:14, 8:17, 9:7, 9:13, 9:18, 9:23, 10:18, 11:10, 11:25, 12:4, 13:3, 13:19, 14:4, 14:5
HONORABLE [1] - 1:10
Honorable [1] - 2:8

**I**

identical [1] - 8:18
important [1] - 13:13
Inc [2] - 1:19, 1:20
inclined [2] - 12:10, 12:14
include [2] - 4:3, 4:7
includes [2] - 12:13, 12:23
including [1] - 6:8
Industries [1] - 1:19
injury [1] - 7:17
intend [1] - 10:2
interests [1] - 10:10

involves [1] - 11:6
irbesartan [3] - 4:10, 7:10
issue [11] - 3:10, 3:14, 3:16, 4:11, 8:12, 8:13, 9:8, 9:21, 12:10, 12:24
issued [3] - 8:10, 9:11, 12:3
issues [1] - 8:24

**J**

Jeff [1] - 3:13
JEFFREY [1] - 2:3
JERSEY [1] - 1:1
Jersey [1] - 1:8
job [1] - 9:1
Johnson [1] - 1:14
Judge [2] - 3:12, 10:20
Judicial [1] - 2:8
July [1] - 3:4

**K**

Kansas [1] - 1:15
kind [2] - 4:13, 5:15
kinds [1] - 10:22
Kugler [1] - 2:8

**L**

larry [1] - 2:9
Law [1] - 2:8
lead [1] - 7:8
letter [2] - 12:12, 12:24
letters [1] - 3:25
level [2] - 7:24, 11:24
LIABILITY [1] - 1:4
limbo [1] - 12:17
LITIGATION [1] - 1:4
LLC [2] - 1:13, 1:19
LLP [2] - 1:17, 2:3
Lockard [2] - 9:23, 10:16
LOCKARD [2] - 1:17, 9:23
looked [2] - 8:15
Loretta [1] - 3:7
LORETTA [1] - 2:7
losartan [3] - 4:9, 4:10, 7:9
loss [1] - 10:12
Ltd [1] - 1:19

**M**

MacStravic [1] - 2:9
Management [1] -

11:14
manufacturer [2] - 9:22, 13:16
manufacturers [6] - 4:19, 5:1, 5:14, 5:18, 10:4, 10:11
manufacturing [1] - 7:7
Marie [2] - 1:23, 14:11
Master [1] - 8:11
MASTER [6] - 1:11, 3:1, 3:3, 6:23, 13:5, 13:22
matter [4] - 3:19, 5:17, 12:18, 14:10
matters [1] - 4:9
mean [1] - 10:20
meaningful [1] - 10:15
means [1] - 6:13
mechanical [1] - 1:25
mechanisms [1] - 7:4
meet [3] - 9:3, 10:15, 12:19
mentioned [1] - 8:5
meshed [1] - 12:2
met [1] - 3:25
Mission [1] - 1:15
Mitchell [3] - 1:7, 1:23, 14:11
months [2] - 11:15, 12:3
most [1] - 8:17
move [3] - 7:11, 10:4, 10:7
moving [4] - 5:5, 5:7, 5:25, 12:16
MR [5] - 3:12, 3:24, 10:18, 13:3, 14:3
MS [7] - 3:18, 6:21, 6:24, 9:23, 11:10, 13:19, 14:5
must [1] - 10:9

**N**

NE [1] - 1:18
nearly [1] - 8:18
necessarily [1] - 9:25
necessary [2] - 6:3, 7:1
need [10] - 3:5, 4:16, 5:5, 6:3, 8:22, 10:4, 10:24, 11:2, 11:18, 12:16
needed [1] - 9:3
needs [1] - 9:6
negotiate [1] - 6:14
negotiated [2] - 7:19, 11:13
negotiating [1] - 11:15

neutral [1] - 10:8
never [1] - 6:24
NEW [1] - 1:1
New [1] - 1:8
next [3] - 7:24, 11:24, 13:25
note [1] - 11:11
nothing [3] - 4:24, 14:3, 14:5
NUMBER [1] - 1:3

**O**

obtain [1] - 6:13
obviously [1] - 4:18
offered [3] - 11:20, 11:21, 12:5
Official [1] - 1:23
Ohio [1] - 2:4
once [1] - 10:13
one [5] - 3:5, 4:14, 5:25, 6:9, 6:14
ones [1] - 8:19
open [2] - 5:9, 6:14
opportunity [2] - 6:15, 13:20
opposing [1] - 8:8
options [1] - 7:15
order [12] - 4:8, 4:14, 6:22, 8:10, 9:8, 9:10, 9:11, 11:17, 12:2, 12:10, 12:23, 12:24
Order [2] - 8:11, 11:14
orders [3] - 4:24, 6:6, 6:8
ourselves [1] - 5:9
overlap [2] - 5:19, 5:22
overlooked [1] - 8:5
overly [1] - 9:5
own [2] - 5:3, 5:15

**P**

p.m [3] - 1:9, 3:2, 14:9
part [2] - 12:4, 12:25
parties [2] - 11:4, 11:13
party [4] - 3:9, 4:4, 4:5, 5:3
payor [2] - 4:5, 5:3
PDF [1] - 13:4
personal [1] - 7:17
perspective [1] - 10:8
Pharma [1] - 1:20
Pharmaceutical [1] - 1:19
Pharmaceuticals [1] - 1:19
pharmacies [1] - 4:20

piecemeal [1] - 7:12
Piedmont [1] - 1:18
place [7] - 9:9, 9:12, 11:12, 11:23, 12:7, 12:21, 13:14
plaintiff [1] - 4:4
Plaintiffs [1] - 1:15
plaintiffs [31] - 3:9, 3:20, 4:2, 4:5, 4:15, 5:3, 5:7, 5:17, 6:4, 6:7, 6:10, 7:2, 7:18, 7:20, 7:21, 7:22, 8:25, 9:1, 9:8, 9:13, 10:14, 11:1, 11:6, 11:19, 11:21, 11:23, 12:5, 12:9, 13:8, 13:19, 14:6
plaintiffs' [2] - 6:24, 8:14
point [2] - 5:2, 5:23
position [5] - 5:11, 6:24, 9:14, 10:8, 10:14
potentially [1] - 7:8
precedent [1] - 10:1
preliminary [1] - 8:22
premature [1] - 12:4
prepared [1] - 10:7
PRESENT [1] - 2:6
pretty [1] - 4:13
previously [1] - 5:21
Procedure [1] - 4:24
procedures [1] - 11:3
proceed [2] - 5:2, 10:10
proceedings [1] - 14:10
Proceedings [2] - 1:25, 14:9
PROCEEDINGS [1] - 3:1
process [1] - 10:12
produced [2] - 1:25, 5:21, 7:23
production [2] - 4:6, 6:7
PRODUCTS [1] - 1:4
promptly [1] - 13:24
proposals [1] - 9:18
proposed [8] - 7:4, 7:15, 8:18, 9:9, 11:16, 12:11, 12:23, 13:9
proposing [1] - 4:7
provide [1] - 7:2
providing [2] - 4:9, 7:21
put [7] - 4:13, 5:16, 5:23, 5:25, 11:12, 12:7, 12:20

## Q

quite [1] - 8:20

## R

raised [1] - 8:9
rather [1] - 5:10
RE [1] - 1:4
reach [1] - 7:7
ready [1] - 10:7
real [1] - 4:12
reality [1] - 11:18
really [2] - 5:13, 11:5
reason [1] - 5:12
reasonable [5] - 8:2, 8:20, 9:4, 11:19, 12:5
reasonably [2] - 9:17, 11:20
recent [1] - 8:5
recently [3] - 5:10, 8:10, 8:23
record [2] - 7:6, 14:10
recorded [1] - 1:25
redlined [1] - 11:22
reference [1] - 5:20
related [3] - 7:9, 8:7, 11:13
Reporter [1] - 1:23
Reporter/
  Transcriber [1] -
  14:12
reps [1] - 10:12
request [2] - 9:5, 9:15
requesting [1] - 7:8
requests [8] - 4:6, 5:15, 6:7, 8:15, 8:18, 8:21, 9:10, 11:22
require [1] - 4:25
required [1] - 12:3
requirement [1] - 6:12
respect [4] - 4:11, 11:2, 13:9, 13:17
RET [1] - 1:10
reverse [1] - 6:22
revising [1] - 7:20
RFPs [2] - 6:10, 7:12
Road [1] - 1:18
Robert [1] - 2:8
ruled [2] - 8:19, 8:23
rules [1] - 10:1
Rules [1] - 4:24
ruling [1] - 8:6

## S

saw [1] - 3:25
schedule [23] - 4:1, 4:3, 4:11, 5:16, 5:24, 5:25, 6:2, 6:16,

10:19, 10:22, 10:25, 11:1, 11:5, 11:11, 11:16, 11:19, 12:8, 12:18, 12:21, 13:14
schedules [1] - 11:3
scheduling [3] - 4:8, 4:13, 12:24
scope [1] - 10:3
second [1] - 7:22
see [2] - 3:7, 11:22
seek [4] - 4:2, 6:3, 6:4, 7:14
seeking [1] - 4:3
send [2] - 11:21, 12:22
sense [1] - 9:24
separate [3] - 6:7, 6:10, 13:21
serve [1] - 5:18
serving [1] - 7:12
set [1] - 11:18
several [1] - 6:6
share [1] - 10:13
sheet [9] - 6:4, 6:11, 6:12, 7:16, 7:19, 7:21, 8:25, 11:21, 11:23
sheets [4] - 6:8, 7:23, 9:1, 9:12
show [1] - 4:21
sic) [1] - 3:4
sides [1] - 13:14
similar [1] - 8:24
slow [1] - 5:4
SMITH [1] - 2:7
somewhat [1] - 8:4
soon [1] - 10:13
sort [1] - 10:8
sought [1] - 3:9
Special [1] - 8:10
SPECIAL [6] - 1:11, 3:1, 3:3, 6:23, 13:5, 13:22
specific [2] - 5:13, 9:6
spent [1] - 11:15
Stacy [1] - 3:18
STACY [1] - 1:13
stage [1] - 8:22
stall [1] - 9:16
standard [1] - 4:13
start [2] - 3:4, 5:17
state [1] - 7:6
STATES [2] - 1:1, 1:11
stenography [1] - 1:25
Street [1] - 2:4
Streets [1] - 1:8
stuff [6] - 4:7, 4:13, 5:6, 5:13, 6:18, 10:22
submit [1] - 13:21

submitted [1] - 9:11
substance [1] - 10:21
sued [1] - 4:20
sufficient [1] - 8:20
suggest [1] - 12:1
suggestion [1] - 6:2
Suite [3] - 1:14, 1:18, 2:4
swings [1] - 12:8

## T

table [2] - 7:18, 8:24
terms [2] - 10:9, 13:16
Teva [2] - 1:19, 1:19
The Court [13] - 3:15, 3:21, 4:25, 5:10, 6:6, 6:19, 8:23, 9:19, 9:20, 10:16, 11:8, 12:6, 14:7
themselves [1] - 7:6
they've [1] - 6:8
third [4] - 3:9, 4:4, 4:5, 5:3
third-party [4] - 3:9, 4:4, 4:5, 5:3
THOMAS [2] - 1:10, 3:2
thresholds [1] - 9:5
timeliness [2] - 8:13, 8:15
today [7] - 3:4, 3:6, 5:6, 6:10, 8:17, 10:25, 14:2
together [1] - 4:14
town [1] - 4:21
TPP [4] - 3:19, 6:4, 6:7, 7:2
TPPs [5] - 3:17, 4:20, 5:20, 7:9, 13:1
transcript [2] - 1:25, 14:10
transcription [1] - 1:25
TRAURIG [1] - 1:17
trying [2] - 5:8, 9:16
two [5] - 7:4, 7:15, 8:8, 11:2, 11:3

## U

U.S [1] - 1:7
ULMER [1] - 2:3
ultimately [1] - 8:15
understandable [1] - 13:2
unduly [1] - 8:19
UNITED [2] - 1:1, 1:11
untimeliness [1] - 5:9
up [3] - 3:25, 5:9, 11:18

USA [1] - 1:19

## V

valsartan [1] - 8:7
VALSARTAN [1] - 1:4
Vanaskie [1] - 3:12
VANASKIE [6] - 1:10, 3:2, 3:3, 6:23, 13:5, 13:22
vehicle [3] - 7:3, 7:4, 7:11
via [2] - 3:1, 6:4
VIA [1] - 1:5
Victoria [1] - 9:23
VICTORIA [1] - 1:17
vigorously [1] - 5:10
Vine [1] - 2:4

## W

wants [1] - 9:21
ways [1] - 12:8
Wednesday [1] - 13:25
week [2] - 7:8, 13:24
weeks [1] - 12:1
Wholesaler [1] - 2:5
wholesaler [9] - 3:9, 6:25, 8:6, 9:14, 11:2, 12:9, 12:11, 12:14, 12:25
wholesalers [8] - 3:11, 3:13, 4:1, 4:19, 5:13, 10:6, 12:25, 14:3
Word [3] - 13:4, 13:5, 13:11

## Z

Zoom [1] - 3:1
ZOOM [1] - 1:6