

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA  15219
412.263.2000      FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.:  412.263.1816
DIRECT FAX NO:  412.263.4246
FILE NO.:  MYLAN-112578
EMAIL:  cct@pietragallo.com

September 8, 2023

**Via ECF**

The Hon. Robert B. Kugler                       Special Master the Hon. Thomas Vanaskie
United States District Judge                    Stevens & Lee
USDC, District of New Jersey                     1500 Market Street, East Tower, 18th Floor
Mitchell H. Cohen Building & U.S. Courthouse     Philadelphia, PA 19103
4th & Cooper Streets, Room 1050
Camden, NJ 08101

> Re:   *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
>       USDC, District of New Jersey, No. 1:19-md-2875-RBK-SAK

Dear Judge Kugler and Judge Vanaskie:

I write on behalf of the Defendants' Executive Committee to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on Tuesday, September 12, 2023. Defendants do not anticipate that any of the matters to be discussed at the conference will require confidentiality.

## 1. <u>Manufacturer Defendants' Losartan/Irbesartan Discovery Disputes</u>

### A.  <u>Dispute Regarding End-Date for Losartan/Irbesartan Fact Discovery</u>

The losartan and irbesartan manufacturing defendants have engaged in numerous individual meet and confers with plaintiffs, by and through assigned plaintiffs' counsel ("Plaintiffs"), to negotiate and resolve outstanding discovery disputes relating to ESI search terms, custodians, relevant time period, and all other defendant-specific issues in advance of the Case Management Conference ("CMC") scheduled for September 12, 2023. While these meet and confers have been largely successful, Plaintiffs and a handful of the manufacturing defendants ("Manufacturing Defendants") (collectively, the "Parties") are at an impasse regarding the applicable definition of "relevant time period" as it relates to Plaintiffs' Requests for Production of Documents, and request the Court's guidance.[1]  Specifically, the Parties have negotiated and

---

[1] Notably, ZHP has reached agreement with Plaintiffs regarding the relevant time period for production, and will be using the December 31, 2019 end date as noted in Plaintiffs' RFPs. Teva has separately reached a preliminary agreement on its end date.

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 8, 2023
Page 2

appear to have resolved the "start date" for production, consistent with the Court's Order on valsartan macro discovery issues dated November 5, 2919 ("Court's November 5, 2019 Order") (ECF Doc. No. 303). However, the Parties disagree as to the proposed "end date" for production, which, for these particular Manufacturing Defendants, Plaintiffs now demand to be "to the present." By their Requests for Production of Documents ("RFPs"), Plaintiffs defined the "Relevant Time Period" applicable to all requests as "January 1, 2011 through December 31, 2019." (ECF Doc. No. 2401). The Manufacturer Defendants did not dispute Plaintiffs' requested end date of December 31, 2019 because it was both in line with the Court's November 5, 2019 Order holding that the relevant time period was "to the present," i.e., November 5, 2019, and Plaintiffs' own position that the end date should be one year after the recall to ensure any communications regarding the recall were captured and produced by the Manufacturing Defendants. However, Plaintiffs have now changed their position, reneging on their requested end date of December 31, 2019 and demanding that the Manufacturing Defendants produced documents "to the present."

Based on the Parties' meet and confers, the Manufacturing Defendants expect Plaintiffs to argue that the listing of an initial date in the requests for production of documents was preliminary and intended to guide discussions prior to learning more about each defendant's involvement. However, other than this speculative rationale, Plaintiffs have not provided any specific examples purportedly learned through their meet and confers, or specific documents needed to prove their claims, that would support Plaintiffs' position that discovery should now extend "to the present." Indeed, the Manufacturing Defendants closed out their respective recalls of losartan and irbesartan products in 2018. Plaintiffs have failed to point to any documents that would be relevant to the issues involving losartan and irbesartan that would necessitate searching through 2023. Moreover, to the extent Plaintiffs attempt to argue that the language used in the Court's Order, i.e., "to the present," should be interpreted to extend to the Manufacturing Defendants with regard to losartan and irbesartan, this argument is without merit. The Court's November 5, 2019 Order was entered approximately one year after the recall. Thus, "to the present" was proportional to the needs of this litigation because it sought relevant documents relating to the recall and, as such, did not create an undue burden on the defendants. However, if the same language is used with regard to the losartan and irbesartan Manufacturing Defendants, document production would extend almost five (5) years after the recall and would force the Manufacturing Defendants to review a large volume of documents bearing no relation to the Plaintiffs' claims. Plaintiffs seemingly considered the possibility of this burdensome result when deciding to cut off production using a similar date in the Court's Order in their Requests for Documents. Accordingly, for the reasons discussed above, the Manufacturing Defendants object to Plaintiffs' proposed end date of "to the present" because it is both inconsistent with its own definition of "relevant time period" as used in their Requests for Production of Documents and the Court's November 5, 2019 Order.

## 2.  <u>Status Report re: Preparation of Losartan/Irbesartan Plaintiff Fact Sheets</u>

At the conference with Judge Vanaskie on September 7, 2023, during which the parties addressed the discovery schedule for TPP Plaintiffs' discovery to Wholesaler Defendants and Wholesaler Defendants' discovery to TPP Plaintiffs, per the request of Plaintiffs' counsel, Judge

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 8, 2023
Page 3

Vanaskie instructed Wholesaler Defendants to coordinate their proposed discovery requests to TPP Plaintiffs with the yet-to-be finalized Losartan/Irbesartan Plaintiffs' Fact Sheet(s) to be completed by the TPP Plaintiffs.  Judge Vanaskie asked for an update on the status of preparation of that Losartan/Irbesartan Plaintiffs' Fact Sheet(s) at the status conference on September 12, 2023, and Defendants will be prepared to provide that update.

### 3.  Plaintiff Fact Sheet Deficiencies and Orders to Show Cause

**Cases Addressed at the August 3, 2023, Case Management Conference:**

The Court issued five show cause orders returnable at the September 12, 2023, Case Management Conference:

1. *Jacquelyn Smason v. Doe, et al* – 23-cv-194
2. *Ricky Young v. ZHP, et al.* – 22-cv-7210
3. *Leslie Sturgill v. ZHP, et al.* – 23-cv-612
4. *Taffnie Williams v. Aurobindo, et al.* – 20-cv-20380
5. *Sharon Thomas v. Aurobindo, et al.* – 23-0338
6. *Joseph George v. Hetero, et al.* – 21-cv-12916
7. *Michelle Worms v. Hetero, et al.* – 20-cv-19852
8. *Robert Lee v. Hetero Drugs, et al.* – 20-cv-19843
9. *Karl Bartels v. Hetero Labs, et al.* – 20-cv-19869
10. *Tom Lemen v. ZHP, et al.* – 21-cv-740
11. *James Magee v. ZHP, et al.* – 19-cv-15858
12. *Phyliss Axt v. ZHP, et al.* – 20-cv-8050
13. *Beatrice Meza v. Hetero, et al.* – 20-cv-8799
14. *E/O Barbara Lipscomb v. Rite Aid, et al.* – 21-cv-6574
15. *Benjamin Andrews v. ZHP, et al.* – 21-cv-10908
16. *James Polk v. ZHP, et al.* – 21-cv-13582
17. *E/O Tina Schram v. ZHP, et al.* – 21-cv-17384
18. *Dean Tasman v. ZHP, et al.* – 23-cv-1399

The issues in the *Smason*, *Thomas, Lipscomb, Andrews, Schram,* and *Tasman* matters are resolved, and the show cause orders may be withdrawn.

The *Meza* matter has been voluntarily dismissed and the show cause order may be withdrawn as moot.

The issues in the *Young, Sturgill, George, Worms, Lee, Bartels, Axt* and *Polk* matters remain unresolved, but the parties agree to an extension of the show cause orders until the next case management conference.

The issues in the *Williams, Lemen,* and *Magee* matters remain, and Defendants request their dismissal.

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 8, 2023
Page 4

**Second Listing Cases – Order to Show Cause Requested:**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these cases were previously listed on the agenda for a prior CMC. This list was provided to Plaintiffs' leadership on September 5, 2023, and a global meet and confer was held on September 7, 2023. Defendants have also been available for further discussion as needed. Accordingly, Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why these cases should not be dismissed.

Defense counsel will be prepared to address the individual issues with respect to each of these cases, to the extent necessary, during the September 12, 2023, Case Management Conference:

|  | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Tommy Benton v. Teva, et al. | 21-cv-13858 | Serious Injury | Largely deficient PFS. No records, no authorizations. | 4/13/22 |
| 2. | Jerome Zimmerman v. ZHP, et al. | 23-cv-1884 | Chaffin Luhana LLP | Authorizations must be undated | 6/8/23 |
| 3. | Ronald Jackson v. Torrent, et al. | 23-cv-2341 | Nigh Goldenberg | Need medical expenses, need pharmacy records, need medical records. | 6/30/23 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 8, 2023
Page 5

| 4. | Byron Wrigley | 23-cv-831 | Nigh Goldenberg | Largely deficient PFS.  No authorizations.  No records. | 6/9/2023 |
|---|---|---|---|---|---|
| 5. | Steven Petrie | 23-cv-1772 | Fleming Nolen & Jez | Need medical expense records. | 6/15/2023 |
| 6. | Gregory Adams v. Hetero, et al. | 20-cv-15420 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 7. | Antonio Guzman v. Aurolife, et al. | 20-cv-15712 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 8. | Lori Stratton v. Torrent, et al. | 20-cv-15476 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 8, 2023
Page 6

| 9. | Lawrence Taliaferro v. Camber, et al. | 20-cv-15479 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
|---|---|---|---|---|---|
| 10. | Darlene Barzee v. Aurolife, et al. | 20-cv-15731 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 11. | Shirley Black v. Torrent, et al. | 20-cv-15740 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 12. | Anthony Burton v. Aurolife, et al. | 20-cv-15742 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 13. | Lillian Ghrigsby v. Aurolife, et al. | 20-cv-15746 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 8, 2023
Page 7

| 14. | Dianne Hardy v. Aurolife, et al. | 20-cv-15748 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
|---|---|---|---|---|---|
| 15. | Robert Henley v. Huahai, et al. | 20-cv-15750 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 16. | Rhonda Kent v. Hetero, et al. | 20-cv-15752 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 17. | Jesus David Torres v. Hetero, et al. | 20-cv-15758 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |
| 18. | Joy Higgins v. Hetero, et al. | 20-cv-15759 | Wiggins, Fairchild | No PFS Filed | PFS Due – 5/19/21 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 8, 2023
Page 8

| 19. | Gonzalo Salazar v. Hetero, et al. | 21-cv-20033 | Nachawati Law Group | No PFS Filed | PFS Due – 1/17/22 |
|---|---|---|---|---|---|
| 20. | Dinah Brown v. Camber, et al. | 21-cv-14477 | Serious Injury | No PFS Filed | PFS Due – 3/20/22 |
| 21. | Rosanne O'Callaghan v. Aurobindo, et al. | 20-cv-15125 | Sizemore Law Firm | No PFS Filed | PFS Due – 12/28/20 |
| 22. | Shawna Martinez v. Aurobindo, et al. | 21-cv-12152 | Arnold Itkin | No PFS Filed | PFS Due – 8/4/21 |
| 23. | Emmett Wesson v. Aurobindo, et al. | 23-cv-2342 | Nigh Goldenberg | No PFS Filed – Blank PFS filed | PFS Due – 6/27/23 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 8, 2023
Page 9

| 24. | E/O Barbara Kaluhiokalani v. Hetero, et al. | 23-cv-2550 | Nabers Law | No PFS Filed | PFS Due – 7/10/23 |
|---|---|---|---|---|---|
| 25. | E/O Mary Hines v. ZHP, et al. | 23-cv-2674 | Nabers Law | No PFS Filed | PFS Due – 7/24/23 |

**<u>First Listing Cases – Remaining Core Deficiencies:</u>**

The following Plaintiff Fact Sheets contain core deficiencies which remain unresolved. This list was provided to Plaintiffs' leadership on September 5, 2023, and a global meet and confer was held on September 7, 2023. Defendants have also been available for further discussion as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Robert Janecek v. ZHP, et al. | 23-cv-538 | Nabers Law | Need authorizations; need to answer dietary questions. | 7/30/23 |
| 2. | Stacey Thomas v. Hetero, et al. | 19-cv-21832 | Farris Riley | Need medical expenses. | 7/30/23 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 8, 2023
Page 10

| 3. | E/O Brandon Kemp v. ZHP, et al. | 21-cv-9827 | Blizzard Law | Provide undated authorizations. | 7/30/23 |
|---|---|---|---|---|---|
| 4. | Adam Caldwell v. ZHP, et al. | 23-cv-2726 | Chaffin Luhana | Need medical expenses | 7/30/23 |
| 5. | Jane Davis-Nevaquaya v. Hetero, et al. | 20-cv-14027 | Brown LLC | Need medical expenses. | 7/30/23 |
| 6. | Phillip Quinn v. Hetero Drugs, et al. | 21-cv-16026 | Oliver Law | Cancer diagnosis questions in Section I must be answered, need medical expenses. | 8/11/23 |
| 7. | E/O Alexandra Samocha v. Hetero, et al. | 21-cv-17384 | Hollis Law | Need medical expenses | 8/11/23 |
| 8. | Benjamin Andrews v. ZHP, et al. | 21-cv-10908 | Whitehead Law | No records; no authorizations. | 8/11/23 |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 8, 2023
Page 11

| 9. | Pauline Harris v. Aurobindo, et al. | 23-cv-03016 | Levin Papantonio | PFS was not completed by proper representative; missing medical records. | 8/21/23 |
|---|---|---|---|---|---|
| 10. | Antoinette Smith v. Aurobindo, et al. | 23-cv-4166 | Oliver Law Group | Missing authorizations; no medical expense records; entire sections of PFS are blank. | 8/22/23 |
| 11. | Ocie Mae Haughton v. Aurobindo, et al. | 23-cv-3646 | Davis Crump | No PFS Filed | PFS Due – 9/7/23 |
| 12. | Vicki Lamb v. Hetero, et al. | 23-cv-3700 | Fleming Nolen | No PFS Filed | PFS Due – 9/11/23 |
| 13. | Marvin Pendley | 20-cv-8781 and 21-cv-9031 | Fleming Nolen | Duplicate cases. Estate mater was opened separately from individual matter. One or the other should be dismissed. | |

The Honorable Robert B. Kugler
Special Master the Honorable Thomas Vanaskie
September 8, 2023
Page 12

Respectfully submitted,

*Clem C. Trischler*

Clem C. Trischler

c:      All counsel of record (via ECF)