# Exhibit 4

Case 1:19-md-02875-RMB-SAK   Document 2483-6   Filed 09/08/23   Page 2 of 3 PageID: 87139
In re: v. Forest Research Institute, Inc., Not Reported in Fed. Supp. (2014)
2014 WL 12618100

2014 WL 12618100
Only the Westlaw citation is currently available.
<u>NOT PRECEDENTIAL</u>
United States District Court, D. New Jersey,
Camden Vicinage.

IN RE: Forest Research Institute Cases,
Joanne M. Cleary, Individually and as the
guardian ad litem of M.E.C., a minor, Plaintiffs,
v.
FOREST RESEARCH INSTITUTE,
INC., et al., Defendants,

Master Dkt. No. 13–1832 (RBK/AMD)
|
Civil No. 13–1845 (RBK/AMD)
|
Signed 06/16/2014

**Attorneys and Law Firms**

Christopher A. Seeger, Seeger Weiss LLP, New York, NY, for Plaintiffs.

Joseph P. Thomas, Ulmer & Berne, Cincinati, OH, Elise Marcela Balkin Ice, Ulmer & Berne LLP, Cleveland, OH, Kenneth R. Meyer, Mccarter & English LLP, Newark, NJ, for Defendants.

### ORDER

ROBERT B. KUGLER, United States District Judge

*1  This matter is before the Court on the "Motion to Seal" filed by Plaintiffs Joanne M. Cleary, individually and as the guardian ad litem of M.E.C., a minor ("Plaintiffs"). (Doc. No. 65.) Plaintiffs argue that in connection with their Opposition to Defendant H. Lundbeck A/S's ("Defendant HLu's) Motion to Dismiss, they electronically filed documents that reference or contain information that has been designated as confidential. As the parties previously entered into a Protective Order governing alleged trade secrets, confidential or proprietary information, Plaintiffs contend that the Court should seal Exhibits 10, 11, 18, 24 through 31 that are attached to Declaration of Christopher A. Seeger in Opposition to the Motion to Dismiss, as well as the entirety of Plaintiffs' Brief in Opposition to Lundbeck's Motion to Dismiss. (Doc. No. 64). No opposition to this motion has been filed.

It is well established that there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). When a party files a motion to seal it must demonstrate that "good cause" exists for protection of the material at issue. Securimetrics, Inc. v. Iridian Techs., Inc., No. 03–4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.' " Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)). The Third Circuit has explained that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." Pansy, 23 F.3d at 786 (quoting Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) (internal quotation marks omitted)). The applicable requirements to seal documents are set forth in L. Civ. R. 5.3(c), which requires that a motion to seal describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.

Here, Plaintiffs argue that:

[c]ourts have the inherent power to seal court files where good cause exists to protect the information from public disclosure. See generally Micham v. Caldera, 1996 WL 33322268 (N.D. Cal. 1996). Under such circumstances, the need for confidentiality should be balanced against the public's right to access court documents. In Kamakana v. City & County of Honolulu, 447 F.3d 1172, compelling reasons must be shown to maintain the secrecy of sealed documents, id. at 1179, and there must be good cause to actually maintain documents under seal even if they have been designated as confidential pursuant to a stipulated protective order. In re

Case 1:19-md-02875-RMB-SAK    Document 2483-6    Filed 09/08/23   Page 3 of 3 PageID: 87140

In re: v. Forest Research Institute, Inc., Not Reported in Fed. Supp. (2014)
2014 WL 12618100

Intermagnetics Am., Inc., 101 Bankr. 191, 194 (C.D. Cal. 1980).

**\*2**  (Pls.' Mot. to Strike 1.) Although Plaintiffs have set forth a concise statement of law concerning motions to seal, they have failed to satisfy the requirements of L. Civ. R. 5.3(c) or 5.3(d).

Plaintiffs describe the nature of the materials at issue as "certain exhibits attached to the Declaration of Christopher A. Seeger in Opposition to the Motion to Dismiss," and "Plaintiff[s'] Opposition to Lundbeck's Motion to Dismiss." (Pls.' Mot. To Strike 1.) Although Plaintiffs' counsel avers in his Declaration in Support of Plaintiffs' Motion to Seal that "[t]hese documents have been designated confidential pursuant to a stipulated protective order ... [and] they **may** contain trade secrets, confidential or proprietary information and should be protected from public disclosure," (Seeger Decl. ¶ 3 (emphasis added)), it is not apparent whether Plaintiffs have done their due diligence in ascertaining whether the documents at issue are actually deserving of the protection provided by L. Civ. R. 5.3. Merely because a document is designated "confidential" does not necessarily mean that the document satisfies the criteria for sealing. See Pansy, 23 F.3d at 786; Bernstein v. Keystone Food Products, Inc., No. 08–3079, 2009 WL 1044946, at \*2 (D.N.J. Apr. 17, 2009) (finding that the defendants failed to satisfy their burden under Rule 5.3 by making general, overbroad, and conclusory arguments regarding the alleged harm they would suffer if materials relating to confidential settlement negotiations were disclosed). Further, even if the confidential nature of these documents did somehow satisfy the criteria for sealing, Plaintiffs fail to explain the clearly defined and serious injury that would result if the relief sought is not granted and why a less restrictive alternative to the relief sought is not available.

In the absence of any evidentiary support for Plaintiffs' conclusions that this material should be sealed, Plaintiffs' counsel's general and conclusory statements do not satisfy the strict criteria in L. Civ. R. 5.3(c).

**IT IS HEREBY ORDERED** this 16th day of June, 2014, that Plaintiffs' Motion to Seal is DENIED.

**All Citations**

Not Reported in Fed. Supp., 2014 WL 12618100

---

End of Document                              © 2023 Thomson Reuters. No claim to original U.S. Government Works.