# Exhibit 7

Case 1:19-md-02875-RMB-SAK   Document 2483-9   Filed 09/08/23   Page 2 of 4 PageID: 87152

In re Caterpillar Inc., C13 and C15 Engine Productions..., Not Reported in Fed....

2015 WL 12830520
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey,
Camden Vicinage.

IN RE: CATERPILLAR INC., C13 AND C15 ENGINE PRODUCTIONS LIABILITY LITIGATION

Salud Services, Inc., Plaintiff,

v.

Caterpillar, Inc., Defendant.

MDL No. 2540
|
Master Docket No. 14-3722 (JBS/JS), 14-3734 (JBS/JS)
|
Signed January 28, 2015
|
Filed 01/29/2015

## ORDER

JOEL SCHNEIDER, United States Magistrate Judge

 *1  This matter is before the Court on the "Motion to Seal" [Doc. No. 46] filed by plaintiffs in this consolidated multi-district class action. Initially, plaintiffs sought to seal their brief filed in support of their motion to compel discovery (see Mot. to Compel [Doc. No. 44] ), the Declaration of Natalie Finkelman Bennett, and the accompanying exhibits. See Mot. to Seal. Plaintiffs acknowledged that the only reason they filed their motion was because defendant designated certain documents as "confidential." Plaintiffs also acknowledged that they take no position as to whether the designations were proper. See Pls.' Br. at 3 [Doc. No. 45]. Defendant Caterpillar, Inc. filed a brief in support of plaintiffs' motion ("Def.'s Br." [Doc. No. 74] ) wherein it specified that it only sought to seal Exhibits 8 to 13 attached to the Finkelman Declaration. Thereafter, plaintiffs filed a letter brief opposing Caterpillar's request to seal Exhibits 8 through 13. [Doc. No. 82]. Since only defendant's documents are at issue, the Court construes the parties' papers as a motion by defendant to seal only Exhibits 8-13 attached to the Finkelman Declaration. The Court exercises its discretion to decide the instant motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the following reasons, defendant's motion is DENIED. [1]

It is well established that there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal it must demonstrate that "good cause" exists for protection of the material at issue. Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.' " Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)). The applicable requirements to seal documents are set forth in L. Civ. R. 5.3(c), which requires that a motion to seal describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. For the following reasons, the Court concludes that defendant has failed to meet all four factors required by L. Civ. R. 5.3.

*2  As a preliminary matter, plaintiffs note that the subject materials of this motion were designated as "confidential" pursuant to the parties' Discovery Confidentiality Order. See Discovery Confidentiality Order [Doc. No. 22]. However, it is well-settled that merely because a document is designated "confidential" pursuant to a Discovery Confidentiality Order does not necessarily mean that the document satisfies the criteria for sealing pursuant to Local Civil Rule 5.3. See Pansy, 23 F.3d at 786-90; MEI, Inc. v. JCM Am. Corp, C.A. No. 09-351 (RBK/JS), 2010 WL 4810649, at *2 (D.N.J. Nov. 1, 2010).

In total, defendant seeks to seal only Exhibits 8-13 attached to the Declaration of Natalie Finkelman Bennett. Caterpillar claims these six exhibits "have confidential business or proprietary information." Def.'s Br. at 5. Caterpillar identifies Exhibits 8 through 10 and the first page of Exhibit 11 as Continuous Product Improvement ("CPI") project files. Def.'s Br. at 6. CPI project files discuss problems and solutions regarding various engine components. Id. Caterpillar alleges that "[e]ven in their redacted form, these documents contain sensitive business information that may be used by Caterpillar's competitors and others to the detriment of Caterpillar in the market." Id. Exhibit 11 contains a memorandum dated August 17, 2009 which discusses

Case 1:19-md-02875-RMB-SAK   Document 2483-9   Filed 09/08/23   Page 3 of 4 PageID: 87153

In re Caterpillar Inc., C13 and C15 Engine Productions..., Not Reported in Fed....

reliability issues with Caterpillar's EPA 2007 compliant engines. Id. Caterpillar argues these internal discussions are of a "highly sensitive business nature, the disclosure of which can impact Caterpillar's relationships with its customers and dealers and could provide information that Caterpillar's competitors can use to the detriment of Caterpillar." Id. at 6-7. Exhibit 12 contains two engineering drawings of engine parts. Caterpillar argues the disclosure of these drawings "can negatively affect Caterpillar's position in the aftermarket parts business." Id. at 7. Finally, Exhibit 12 contains the minutes of a 2008 Special Meeting of the Board of Directions of Caterpillar, Inc. Caterpillar argues these minutes contain "extremely sensitive and confidential deliberations." Id. Caterpillar submits the Certification of Joseph F. Falgiani, Esquire, its outside counsel, in support of its motion which simply echoes the arguments contained in its brief.

Defendant's arguments in support of its motion to seal Exhibits 8-13 are conclusory and are not supported by a proper evidentiary showing. Conclusory language (i.e. that internal discussions are "of a highly sensitive business nature") does not, in and of itself, establish a legitimate private or public interest or a clearly defined injury. See *Supernus Pharm., Inc. v. Actavis, Inc.*, C.A. No. 13-4740 (RMB/JS), 2014 WL 6474039, at *2 (D.N.J. Nov. 18, 2014). Furthermore, defendant has submitted no competent evidence to support its burden. Instead, defendant relies on broad and conclusory statements in the Certification of Joseph F. Falgiani. These are deficient. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Pansy*, 23 F.3d at 786 (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)) (internal quotation marks omitted). Quite simply, Caterpillar has not shown that a "clearly defined and serious injury will result" if its motion is not granted. Defendant's preference that its documents not be disclosed on the docket is not in and of itself sufficient to warrant sealing the documents. Thus, defendant has not met its burden as to the third factor in L. Civ. R. 5.3.

**\*3** The Certification of Joseph F. Falgiani is also deficient because it does not comply with L. Civ. R. 7.2(a) which requires that affidavits, declarations and certifications "shall be restricted to statements of fact within the personal knowledge of the signatory." Counsel's certification does not attest to the fact that he has personal knowledge of the facts establishing the allegedly confidential nature of the materials at issue or the harm that would result if the materials are not sealed. Therefore, the certification is deficient and will be disregarded. See *Fowler v. Borough of Westville*, 97 F. Supp. 2d 602, 607 (D.N.J. 2000) (finding submissions in affidavits not based on personal knowledge will not be considered); *Brennan v. Elizabeth Bd. of Ed.*, C.A. No. 07–329, 2008 WL 756117, at *2 (D.N.J. March 19, 2008) (finding affidavit containing information beyond the attorney's personal knowledge should be stricken). The provisions of L. Civ. R. 7.2 are not merely applicable to affidavits but also apply to declarations and certifications. *Penn v. Wal–MartStores, Inc.*, 116 F. Supp. 2d 557, 560–61 n.3 (D.N.J. 2000) ("This [r]ule applies to certifications as well."); *Cannon v. Cherry Hill Toyota*, 190 F.R.D. 147, 154 (D.N.J. 1999); *Assisted Living Assoc. v. Moorestown Twp.*, 996 F. Supp. 409, 442 (D.N.J. 1998).

Defendant additionally asserts that its request is the least restrictive alternative. Def.'s Br. at 8. The Court disagrees. Defendant seeks to seal six exhibits in full. After reviewing the subject materials, the Court finds that even giving defendant the benefit of every doubt, not all of the materials at issue contain sensitive and confidential information. This is particularly true since Caterpillar no longer makes the engine that is discussed in the documents. Therefore, defendant has failed to meet the fourth and final factor in L. Civ. R. 5.3.

Accordingly, for the foregoing reasons,

IT IS hereby ORDERED this 28th day of January 2015 that defendant's "Motion to Seal" [Doc. No. 46] is DENIED.

**All Citations**

Not Reported in Fed. Supp., 2015 WL 12830520

---

**Footnotes**

Case 1:19-md-02875-RMB-SAK   Document 2483-9   Filed 09/08/23   Page 4 of 4 PageID: 87154

In re Caterpillar Inc., C13 and C15 Engine Productions..., Not Reported in Fed....

1   The Court noted in its October 31, 2014 Order [Doc. No. 52] that the parties were required to submit appropriate supplemental papers in support of their motion by November 14, 2014. On that date, Caterpillar filed its memorandum in support of plaintiffs' motion. [Doc. No. 74]. Because the parties have already been given a second chance to present their arguments, defendant's motion will be denied with prejudice. Due to the number of motions to seal already decided in the case [see Doc. Nos. 52, 73], at all relevant times defendant has been on notice of what needs to be submitted to support a motion to seal.

**End of Document**                                                  © 2023 Thomson Reuters. No claim to original U.S. Government Works.