# Exhibit 8

Case 1:19-md-02875-RMB-SAK   Document 2483-10   Filed 09/08/23   Page 2 of 4
                                                PageID: 87156
Schatz-Bernstein v. Keystone Food Products, Inc., Not Reported in F.Supp.2d (2009)
2009 WL 1044946

2009 WL 1044946
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.

ESTHER SCHATZ–BERNSTEIN, individually and on behalf of all others similarly situated, Plaintiffs,
v.
KEYSTONE FOOD PRODUCTS, INC., et al., Defendants.

Civil No. 08–3079–RMB–JS.
|
April 17, 2009.

West KeySummary

1  Records  Particular Judicial Records

A food products company's emergent motion to seal a consumer's brief, which referred to the content of the parties' confidential settlement discussions, was denied where the company failed to establish a clearly defined and serious injury that would result if the relief sought were not granted. The company's contentions regarding the alleged harm were general, overbroad, and conclusory. It did not cite to any specific examples of harm it would suffer. Rather, the company merely asserted that it "would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of confidential settlement and mediation negotiations and discussions."

15 Cases that cite this headnote

**Attorneys and Law Firms**

Michael Coren, Pellettieri, Rabstein & Altman, Princeton, NJ, Steven E. Angstreich, Weir & Partners LLP, Cherry Hill, NJ, for Plaintiffs.

Andrew Paul Cooper, Hession Bekoff & Cooper LLP, Garden City, NY, for Defendants.

*OPINION AND ORDER*

JOEL SCHNEIDER, United States Magistrate Judge.

*1 This matter is before the Court on defendants' April 14, 2009 emergency "Motion to Seal" [Doc. No. 36], filed on behalf of Keystone Food Products, Inc. and Roberts American Gourmet Foods, Inc. Due to defendants' representation that their motion presents an "emergent" issue, the Court exercises its discretion to decide the motion without further briefing. The Court also exercises its discretion to decide the motion without oral argument. *See* Fed.R.Civ.P. 78 and L.R. Civ. P. 78.1. For the reasons to be discussed, defendants' motion is DENIED.

On April 8, 2009, plaintiff filed her Motion to Enforce Settlement. [Doc. No. 33]. Plaintiff argues that defendants reneged on the parties' settlement agreement. In plaintiff's moving papers, and more specifically her Brief and Exhibit A to the Declaration of Robert I. Lax, Esquire, plaintiff referred to the content of the parties' settlement discussions. Plaintiff also attached to her motion copies of correspondence and e-mails the parties exchanged regarding their negotiations. Defendants argue the Court should seal plaintiff's Brief and Exhibit A, and all "future filings and other disclosures that discuss or set forth the content of the parties' settlement negotiations and mediation proceedings...." *See* Defendants' Proposed Order, Doc. No. 36–5. In support of their motion defendants argue that confidential settlement negotiations and "statements made in mediations authorized by the Court 'shall not be disclosed by anyone, including the mediator, without consent, except as necessary to advise the Court of an apparent failure to participate.' Local Rule 301.1(e)." Defendants argue that plaintiff's disclosures "clearly contradict the public's interest in ensuring that forthright and productive communications are made in an effort to effectuate settlement of litigation. Indeed, the private and public interest in candid communications made in the pursuit of settlement and mediation outweighs the public interest and access to the content of non-binding, tentative settlement negotiations and communications." Brief at 4. Not only do defendants ask the Court to seal documents already filed, but they also ask the Court to issue a prospective order "that all future filings and other statements or other disclosures that discuss and set forth the content of the parties' settlement negotiations and mediation proceedings ...

be [sealed] and shall be treated and maintained as confidential pursuant to Local Civil Rule 5.3." *See* Proposed Order.

It is well established that there is "a common law public right of access to judicial proceedings and records." *In re Cendant, Corp.,* 260 F.3d 183, 192 (3d Cir.2001). In order to overcome the presumption of a public right to access, the movant must demonstrate that "good cause" exists for the protection of the material at issue. *Securametrix, Inc. v. Iridian Technologies, Inc.,* C.A. No. 03–4394(RBK) 2006 WL 827889, at *2 (D.N.J. Mar.30, 2006). Good cause exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." *Id.* (citing *Pansy v. Boro of Stroudsberg,* 23 F.3d 772, 786 (3d Cir.1994)). The applicable requirements to seal documents is set forth in L. Civ. R. 5.3, which requires that a motion to seal describe (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.

**\*2** Defendants' motion is denied because they have not established a clearly defined and serious injury that would result if the relief sought is not granted. The only evidence defendants submit in support of this necessary element of proof is a conclusory statement in the Certification of its counsel. Specifically, defense counsel states:

> Defendants would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of confidential settlement and mediation negotiations and discussions, damage to business relationships and/or other irreparable harm should any of the confidential information contained in the Confidential Materials remain publicly disclosed.

*See* Certification at ¶ 6, Doc. No. 36–4. Defense counsel's general allegation of harm, without any support, does not satisfy defendants' burden of proof. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." *Pansy,* 23 F.3d at 786. Defendants' contentions regarding the alleged harm they would suffer from the disclosure of plaintiffs' motion are general, overbroad and conclusory. Defendants' do not cite to any specific examples of harm they would suffer. Defendants' averments simply do not satisfy their burden of proof under Rule 5.3 and applicable case law. *See Pansy,* 23 F.3d at 786 ("[t]he injury must be shown with specificity"); *Steele v. Depuy Orthopaedics, Inc.,* 295 F.Supp.2d 439, 446 (D.N.J.2003) (court declined to consider affidavit containing unsubstantiated conclusory statements).

Defense counsel's Certification is also deficient because it does not comply with L. Civ. R. 7.2(a) which requires that affidavits "shall be restricted to statements of fact within the personal knowledge of the affiant." Defendants' Certification does not attest to the fact the affiant has personal knowledge of the "potential financial damage ... damage to business relationships, and/or other irreparable harm" (Certification at ¶ 6) that would result to defendants if the information in plaintiff's motion is not sealed. Therefore, this portion of defense counsel's Certification will not be considered by the Court. *See Fowler v. Borough of Westville,* 97 F.Supp.2d 602, 607 (D.N.J.) (submissions in affidavit not based on personal knowledge will not be considered); *Brennan v. Elizabeth Bd. of Ed.,* Civ. No. 07–329, 2008 U.S. Dist. LEXIS 21609, at *8–9, 2008 WL 756117 (D.N.J. March 19, 2008) (affidavit containing information beyond the attorney's personal knowledge stricken). The provisions of L. Civ. R. 7(e) have been consistently applied to certifications. *See Penn v. Wal–Mart Stores, Inc.,* 116 F.Supp.2d 557, 560–61 n. 3 (D.N.J.2000) ( "this [r]ule applies to certifications as well"); *Cannon v. Cherry Hill Toyota,* 190 F.R.D. 147, 154 (D.N.J.1999); *Assisted Living Assoc. V. Moorestown Twp.,* 996 F.Supp. 409, 442 (D.N.J.1998).

**\*3** The Court rejects defendants' argument that references to the parties' settlement negotiations should be sealed pursuant to L. Civ. R. 301.1. Although defendants classify their settlement discussions with the Court as a mediation pursuant to Rule 301.1, they are mistaken. Rule 301.1, and the accompanying Appendix Q—Guidelines to Mediation, only apply to mediations conducted by a mediator appointed by the

court. The Rule has no applicability to settlement conferences with the Court. [1]

Further, the Court will not enter a prospective order sealing documents that have not yet been filed. The procedure to seal documents is set forth in L. Civ. R. 5.3. In each instance when defendants seek to seal a document they must satisfy the requirements of the rule. The Court declines to override the local rules by issuing a prospective order to seal.

Accordingly, for all the foregoing reasons,

IT IS HEREBY ORDERED this 17th day of April, 2009, that defendants' Emergent Motion to Seal is DENIED; and

IT IS FURTHER ORDERED that the Clerk of the Court shall un-seal Doc. No. 33 on the court's docket. [2]

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 1044946

## Footnotes

[1] The Court declines to give credence to Andrew Paul Cooper, Esquire's statement to the effect that, "[i]n accordance with this Court's Local Rules, Magistrate Judge Schneider stated at the beginning of that [January 30, 2009] mediation that any and all statements made therein were confidential and should not be disclosed to the public." *See* Declaration of Andrew Paul Cooper in Support of Emergency Motion to Seal at ¶ 6, Doc. No. 36–3. Mr. Cooper does not cite to any portion of the record to support his statement. In addition, the Court is confident that it did not erroneously inform the parties that it was conducting a mediation pursuant to L. Civ. R. 301.1. The Court is also certain that it never discussed with the parties the fact that if their discussions ever became relevant to an issue before the court the content of the discussions would be sealed in court filings.

[2] The Court is mindful of Fed.R.Evid. 408 which generally prohibits the introduction of evidence regarding parties' settlement negotiations. However, the admissibility of a document at trial is not determinative regarding whether the document should be sealed. *See Republic of the Philippines v. Westinghouse Electric Corporation,* 139 F.R.D. 50, 58 (D.N.J.1991) (the right of public access to court records is not limited to evidence admitted at trial). In addition, in this case the substance of the parties' settlement negotiations is relevant to plaintiff's motion and will be the subject of a court hearing. Rule 408 does not bar the admission of settlement discussions that are relevant to deciding whether the parties settled the case. *See Herman v. City of Allentown,* Civ. No. 96–6942, 1998 WL 13295, at *1 (E.D.Pa. Jan.15, 1998).

**End of Document**                                        © 2023 Thomson Reuters. No claim to original U.S. Government Works.