2019 WL 13027112
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

Robert STEWART, Plaintiff,
v.
FIRST TRANSIT, INC., Defendant.

Civ. No. 18-3768
|
Filed 09/03/2019

**Attorneys and Law Firms**

David J. Cohen, Stephan Zouras LLP, Max O. Bernstein, Littler Mendelson PC, Philadelphia, PA, James B. Zouras, Ryan F. Stephan, Teresa M. Becvar, Stephan Zouras LLP, Chicago, IL, for Plaintiff.

Michael Grosso, Littler Mendelson, Newark, NJ, Niloy Ray, Littler Mendelson PC, Minneapolis, MN, David J. Cohen, Stephan Zouras LLP, Matthew J. Hank, Max O. Bernstein, Wendy Sue Buckingham, Littler Mendelson, P.C., Philadelphia, PA, for Defendant.

### ORDER

Paul S. Diamond, District Judge.

*1 Defendant First Transit, Inc. asks me to compel Plaintiff Robert Stewart and ten Opt-In Plaintiffs to produce their cell phones and hand-held communication devices for a forensic examination of all GPS data, call logs, and text messages for dates when Plaintiffs had "off-the-clock" breaks during their shifts as paratransit drivers while working for Defendant. (Mot. Compel, Doc. No. 74.) Plaintiff argues that this is a fishing expedition, overly broad and disproportional to the case's needs, and will violate Plaintiffs' privacy. (Pl.'s Resp., Doc. No. 76.) I will deny without prejudice Defendant's request for a forensic examination, but otherwise order Plaintiff to produce the requested information.

### I. LEGAL STANDARDS
Under Rule 26, Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). I have "broad latitude to determine the scope of discovery and to manage the discovery process" under Rule 26. EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012); see Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987) ("The conduct of discovery is a matter for the discretion of the district court and its decisions will be disturbed only upon a showing of an abuse of this discretion.").

Under Rule 34, such discovery may include a request for a party to "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" electronically stored information or "any designated tangible things" within "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

Forensic examinations of computers and cell phones are generally considered a "drastic discovery measure" because of their intrusive nature. Tingle v. Hebert, No. 15-626, 2018 WL 1726667, at *6 (M.D. La. Apr. 10, 2018) (denying motion to compel where defendants "made no showing that the requested forensic examination of [p]laintiff's personal cell phone and personal email accounts [were] proportional to the needs of th[e] case"). Accordingly, before compelling forensic examinations, I "must consider" the "significant privacy and confidentiality concerns" implicated, including that the electronic information might "contain confidential ... private personal information that is wholly unrelated to the litigation." John B. v. Goetz, 531 F.3d 448, 460 (6th Cir. 2008); see Fed. R. Civ. P. 34(a) Adv. Comm. Note (2006)

("Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy.... Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.").

**\*2** Generally, "mere skepticism that an opposing party has not **produced** all relevant information is not sufficient to warrant" a forensic examination. John B., 531 F.3d at 460; see also NOLA Spice Designs, LLC v. Haydel Enters., Inc., No. 12-2515, 2013 WL 3974535 (E.D. La. Aug. 2, 2013) ("[C]ourts have permitted restrained and orderly computer forensic examinations where the moving party has demonstrated that its opponent has defaulted in its discovery obligations by unwillingness or failure to **produce** relevant information by more conventional means.").

### II. DISCUSSION

Defendant argues that the GPS data, text messages, and call logs from Plaintiffs' personal cell **phones** will establish that paratransit drivers had access to their personal cell **phones** during their prolonged "O time" breaks, which "would be powerful evidence they were not working during that time," and thus "cannot recover in this lawsuit." (Mot. **Compel** 3.) Defendant thus asks me to order a group of eleven selected Plaintiffs (named Plaintiff and ten Opt-In Plaintiffs) to submit their personal cell **phones** and other hand-held communication devices to a third-party vendor for a forensic examination of data from specific dates in 2018 to 2019, when these Plaintiffs had scheduled "O time" breaks. (Def.'s Reply 2, Doc. No. 77; see Ex. 1 to Def.'s Reply, Doc. No. 77-1.)

Plaintiff argues that forensic imaging of Plaintiffs' personal devices is not proportional to Defendant's need for this information and does not properly account for the significant privacy concerns at stake. (Pl.'s Resp., Doc. No. 6.) I agree that forensic examination is not yet warranted. Defendants can obtain the relevant information—whether Plaintiffs used their personal cell **phones** during "O time" breaks—without conducting such a deeply intrusive search that will likely disclose irrelevant and confidential information. The information Defendant seeks, however, directly relates to Plaintiff's allegation that, during "O time," paratransit drivers were not allowed to use their personal cell **phones**. (Compl. ¶ 10(d), Doc. No. 1.)

Accordingly, I will deny Defendant's request for a forensic examination without prejudice, but order Plaintiff to **produce** the requested GPS and cell **phone** data for the dates specified by Defendant. (See Ex. 1 to Def.'s Reply.) To account for the serious privacy concerns implicated in such a **production**, I will order Plaintiff to redact the substance of any text messages that were sent or received on the specified dates. Moreover, I will ask Plaintiff to provide me with unredacted copies of the same data, to be filed under seal. If after this discovery is provided, Defendant believes a forensic examination is necessary, it may renew its request.

**AND NOW**, this 3rd day of September, 2019, upon consideration of Defendant's Motion to **Compel** (Doc. No. 74), Plaintiff's Response in Opposition (Doc. No. 76), and Defendant's Reply (Doc. No. 77), it is hereby **ORDERED** that Defendant's Motion to **Compel** (Doc. No. 74) is **GRANTED in part** as follows:

1. Defendant's request for a forensic examination of the selected Plaintiffs' cell **phone** and hand-held communication devices is **DENIED without prejudice**;

2. Plaintiff shall **PRODUCE** all GPS data, call logs, and text messages from the cell **phones** and hand-held communication devices of Plaintiff and the ten selected Opt-In Plaintiffs for the dates specified by Defendant. (See Ex. 1 to Def.'s Reply.) Plaintiff shall **REDACT** the substance of all text messaging data **produced** to Defendant; and

**\*3** 3. Plaintiff shall **SUBMIT** to the Court redacted and unredacted versions of all **produced** data. The unredacted versions will be filed under seal and available only upon Order of this Court.

**AND IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2019 WL 13027112

---