Case 1:19-md-02875-RMB-SAK   Document 2490-5   Filed 09/15/23   Page 1 of 3 PageID: 87242

Lalumiere v. Willow Springs Care, Inc., Not Reported in Fed. Supp. (2017)

2017 WL 6943148
Only the Westlaw citation is currently available.
United States District Court, E.D. Washington.

Therese LALUMIERE, Plaintiff,
v.
WILLOW SPRINGS CARE, INC., a Washington corporation; Jennifer Newman and her marital property; Aaron Hill and his marital property; and Tamara Berumen and her marital property, Defendants.

NO: 1:16-CV-3133-RMP
|
Signed 09/18/2017

**Attorneys and Law Firms**

Favian Valencia, Sunlight Law PLLC, Yakima, WA, for Plaintiff.

Laura T. Morse, Steven Douglas Jensen, Jensen Morse Baker PLLC, Seattle, WA, for Defendants.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

ROSANNA MALOUF PETERSON, United States District Judge

 *1  Before the Court is Ms. Lalumiere's Motion to Compel Discovery, ECF No. 35. The Court has reviewed all the relevant pleadings of both parties and is fully informed.

### BACKGROUND

Plaintiff Therese Lalumiere has filed a wrongful termination suit against Willow Springs Care, Inc., Jennifer Newman, Aaron Hill, and Tamara Berumen (collectively "Defendants"). ECF No. 1-2 at 3. Ms. Lalumiere alleges that she was terminated in violation of the Washington Law Against Discrimination, RCW 49.60 et. seq.; that she was denied statutory protections under the federal Family Medical Leave Act, 29 U.S.C. § 2601 et seq., and Washington State Family Leave Act, RCW 49.78. *Id.* at 9.

Ms. Lalumiere seeks a response to one interrogatory and two requests for production. ECF No. 35 at 2. The parties state that they have conferred pursuant to Local Rule 37.1. ECF No. 37. Ms. Lalumiere filed a Motion to Compel Discovery on August 4, 2017. ECF No. 35. On August 10, 2017, Defendants provided responses to Ms. Lalumiere and filed a response opposing Ms. Lalumiere's Motion to Compel. *See* ECF Nos. 42 & 43. Defendants contend that Ms. Lalumiere did not timely serve the interrogatory and discovery requests at issue. ECF No. 42. Because of the changes in the Bench Trial Scheduling Order, ECF No. 26, Defendants' arguments as to the timeliness of Ms. Lalumiere's discovery request are moot. Defense contends that responses were provided to Plaintiff, but Ms. Lalumiere contends that Defendants' discovery request responses are not responsive to her requests for production. ECF No. 43.

### DISCUSSION

*Legal Standard for Compelling Discovery*
A motion to compel a discovery response may be made if "a party fails to answer an interrogatory" or "a party fails to produce documents." Fed. R. Civ. P. 37(a)(3)(B). Federal Rule of Civil Procedure 26(b)(1) allows discovery regarding any nonprivileged matter that is relevant to a party's claim or defense. Information does not need to be admissible for the purposes of relevancy, so long as it is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 33 governs discovery by interrogatory, and Federal Rule of Civil Procedure 34 governs the production of documents. Rule 34 permits a party to request discovery documents within the scope of Rule 26(b) that are "in the responding party's possession, custody, or control."

District courts have broad discretion to permit or deny discovery. *See* *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

*Interrogatory No. 1*
In her motion to compel, Ms. Lalumiere requests a response to Interrogatory No. 1, which states, "Did you offer Plaintiff her position back or an alternative position after the incidents of April 19, 2017? If so, describe how the offer was communicated and the benefits and conditions of the new position, including, but not limited to the pay rate, hours, benefits and/or conditions." ECF No. 35 at 2. Defendants responded, stating that Defendants shared with Ms. Lalumiere

Case 1:19-md-02875-RMB-SAK   Document 2490-5   Filed 09/15/23   Page 2 of 3 PageID: 87243

Lalumiere v. Willow Springs Care, Inc., Not Reported in Fed. Supp. (2017)

"information that had already generally been shared ... in the prior depositions or already known by Plaintiff." ECF No. 42, ¶ 6. In her reply, Ms. Lalumiere did not rebut Defendants' response. *See* ECF No. 43. The Court accordingly finds that the request to compel a response to Interrogatory No. 1 was satisfied before Ms. Lalumiere filed this motion.

*Request for Production No. 1*

**\*2** Ms. Lalumiere seeks production of certain documents: "REQUEST FOR PRODUCTION NO. 1: Provide all documents relating to the incidents alleged in Plaintiff['s] Complaint, including, but not limited to any text messages and emails exchanges between any of the following individuals Tamara Berumen, Jennifer Newman, Aaron Hill, Randy Hyatt, Chris Rogers, Sheena Calkins and Diane Odman." ECF No. 35 at 2. Tamara Berumen, Jennifer Newman, and Aaron Hill are named parties in this matter. ECF No. 1-2 at 3. Ms. Lalumiere alleges that Randy Hyatt, Chris Rogers, Sheena Calkins and Diane Odman are, or were during the relevant times, also employees of Defendant Willow Creek. ECF No. 43 at 3. Defendants objected, stating that they "had already provided all responsive documents." ECF No. 41 at 2. Ms. Lalumiere contends that Defendants have indicated that Defendants exchanged text messages during the incidents alleged in Ms. Lalumiere's complaint. *Id.* She states that Defendants have not provided any text message communications or emails exchanged between the three named Defendants or the four other employees of Defendant Willow Creek. *Id.* In their response to Request for Production No. 1, Defendants objected "to the extent the Request seeks documents or information not in Willow Springs' possession or control." ECF No. 43 at 2.

As stated above, Rule 34 permits a party to request discovery documents within the scope of Rule 26(b) that are "in the responding party's possession, custody, or control." Rule 34 includes electronically stored information, such as text messages and emails. Fed. R. Civ. P. 34(a)(1)(A).

An individual possesses and controls text messages sent or received via his or her personal phone, and emails sent or received via a personal email account on a personal computer or phone. To the extent that Defendants Berumen, Newman, and Hill exchanged with any of the individuals named in Ms. Lalumiere's discovery request during the incidents alleged in Ms. Lalumiere's complaint text messages via their personal phones or emails via personal accounts on their personal computers or phones, the Court orders Defendants Berumen, Newman, and Hill to disclose those text messages and/or emails.

Ms. Lalumiere seeks to compel Defendant Willow Creek to disclose the emails and text messages of its employees. ECF No. 35. A company controls the text messages of its employees on work phones, as well as the emails of its employees via company email accounts. Other district courts have held, and this Court agrees, that a company does not possess or control the text messages from the personal phones of its employees and may not be compelled to disclose text messages from employees' personal phones. *Cotton v. Costco Wholesale Corp.*, No. 12-2731, 2013 WL 3819974, at \*6 (D. Kan. July 24, 2013). Therefore, to the extent that Defendants Berumen, Newman, and Hill, and Randy Hyatt, Chris Rogers, Sheena Calkins and Diane Odman exchanged texts or emails with each other during the incidents alleged in Ms. Lalumiere's complaint via work phones or company email accounts, the Court orders Defendant Willow Creek to disclose those text messages and/or emails.

*Request for Production No. 2*

Ms. Lalumiere's second request for production seeks "an itemized billing of Defendants' attorney billable hours that have been billed in this case and the hourly attorney fee." ECF No. 35 at 2. Defendants objected, arguing that the request was premature. ECF No. 41 at 2. Defendants, in their response to Ms. Lalumiere's discovery request, further objected that the "request is not reasonably calculated to lead to the discovery of admissible evidence." ECF No. 43 at 2.

Ms. Lalumiere has not provided any basis to support that the issue of Defendants' attorney fees is relevant to Ms. Lalumiere's claim in this matter pursuant to Fed. R. Civ. P. 26(b)(1). Furthermore, the issue of Defendants' attorney fees for the case is not yet ripe, as there has been no award or fees. Accordingly, the Court denies Ms. Lalumiere's discovery request for disclosure of Defendants' attorney fees.

*Payment of Expenses*

Pursuant to Federal Rule of Civil Procedure 37(a)(5), Ms. Lalumiere requests that Defendants pay the reasonable expenses in filing her Motion to Compel. ECF No. 35 at 3. When a motion is granted in part and denied in part, "the court may ... apportion reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

Case 1:19-md-02875-RMB-SAK   Document 2490-5   Filed 09/15/23   Page 3 of 3 PageID: 87244

Lalumiere v. Willow Springs Care, Inc., Not Reported in Fed. Supp. (2017)

**\*3** Ms. Lalumiere asserts that her initial filing required three hours of her counsel's time at a rate of $280 per hour. *Id.* Defendants state the three-hour estimate seems excessive given the length and content of the motion. ECF No. 41 at 3. The Court agrees with Defendants. Although the Court finds that Defendants were not fully responsive to Ms. Lalumiere's discovery requests, the Court also finds that Plaintiff's counsel was not diligent in the discovery request. Therefore, the Court orders no award of expenses to either party in this action to compel discovery.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants Berumen, Newman, and Hill must disclose their personal text messages and/or emails to the extent that Defendants Berumen, Newman, and Hill exchanged personal text messages and/or emails with any of the individuals named in Ms. Lalumiere's discovery request regarding and during the incidents alleged in Ms. Lalumiere's complaint.

2. Defendant Willow Creek must disclose any text messages and/or emails to the extent that Defendants Berumen, Newman, and Hill, and Randy Hyatt, Chris Rogers, Sheena Calkins and Diane Odman exchanged text messages and/or emails with each other regarding and during the incidents alleged in Ms. Lalumiere's complaint via work phones or company email accounts.

3. No award of expenses shall be paid to either party at this time.

4. Plaintiff's Motion to Compel Discovery, **ECF No. 35,** is **GRANTED IN PART** and **DENIED IN PART**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 6943148

---

**End of Document**               © 2023 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2023 Thomson Reuters. No claim to original U.S. Government Works.                3