2020 WL 12676263
Only the Westlaw citation is currently available.
United States District Court, E.D. Michigan, Southern Division.

HALABU HOLDINGS, LLC, Plaintiff,

v.

OLD NATIONAL BANCORP, Defendant.

Case No. 20-10427
|
Signed 06/09/2020

**Attorneys and Law Firms**

[Saura J. Sahu](), Clancy Advisors PLC, Ann Arbor, MI, [Peter S. Halabu](), Halabu, P.C., Southfield, MI, for Plaintiff.

[Alex M. Petrik](), Barnes & Thornburg LLP, Southfield, MI, [Kyle W. LeClere](), Barnes and Thornburg LLP, Indianapolis, IN, [Scott R. Murphy](), Barnes & Thornburg, Grand Rapids, MI, for Defendant.

### OPINION & ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION (Dkt. 25)

[MARK A. GOLDSMITH](), United States District Judge

**\*1** Plaintiff Halabu Holdings, LLC ("Halabu Holdings") has filed a motion to compel production of "records generated on [Old National Bank personnel's] **personal** and/or individual electronic **devices**/equipment and similar records, when such records were generated in the scope or course of their performance of their responsibilities for the Bank." Mot. to Compel at 4 (Dkt. 25). Defendant Old National Bank ("ONB") has objected on the grounds that it does not have possession, custody, or control over its **employees**' **personal** cell phone **devices**, which its **employees** **personally** own. Resp. at 4, 7 (Dkt. 28). It also argues that forensic imaging —one method of **discovery** Halabu Holdings proposed— would present an undue burden, and that the documents that would be produced would be irrelevant at this stage. Id. at 5-7. Attorneys for both parties were present at a telephonic hearing on June 2, 2020. As explained fully below, the motion is denied because Halabu Holdings has failed to establish that ONB has possession, custody, or control of its **employees**' **personal** cell phones.

[Federal Rule of Civil Procedure 34]() provides that "[a] party may serve on any other party a request within the scope of Rule 26(b) ... to produce and permit the requesting party or its representative to inspect, copy, test, or sample [enumerated] items in the responding party's possession, custody, or control...." As argued by ONB, other district courts have held that "a company does not possess or control the text messages from the **personal** phones of its **employees** and may not be compelled to disclose text messages from **employees**' **personal** phones." [Lalumiere v. Willow Springs Care, Inc.](), No. 1:16-cv-3133-RMP, 2017 WL 6943148, at \*2 (E.D. Wash. Sept. 18, 2017) (citing [Cotton v. Costco Wholesale Corp.](), No. 12-2731-JW, 2013 WL 3819974, at \*6 (D. Kan. July 24, 2013)); accord [RightCHOICE Managed Care, Inc. v. Hosp. Partners, Inc.](), No. 4:18-cv-06037-DGK, 2019 WL 3291570, at \*2 (W.D. Mo. July 22, 2019).

During the hearing, Halabu Holdings cited cases it claimed supported a contrary conclusion. Two of these cases do not provide any help for Halabu Holdings' claim. In one case, the court denied a request for expedited production of text messages, cell phone records, and metadata as unduly burdensome, [Arthur J. Gallagher & Co. v. Anthony](), 16-cv-00284, [2016 WL 2997599, at \*1. (N.D. Ohio May 24, 2016)](); the case does not address the issues of whether a company can be required to produce records generated on its **employees**' **personal** cell phones. In another case Halabu Holdings cited, the individual whose **personal** cell phone was sought was a defendant to the lawsuit, and the question of whether an employer could be required to produce messages from its non-defendant **employees**' phones did not arise. See [Battle v. City of Ypsilanti, No. 13-13275, 2014 WL 12660098, at \*2 (E.D. Mich. Sept. 5, 2014)]().

Halabu Holdings' third case actually addresses the issue, but less than clearly. See [Goolsby v. Cty. of San Diego](), No. 3:17-cv-564-WQH-NLS, 2019 WL 3891128, at \*4 (S.D. Cal. Aug. 19, 2019). Goolsby cites Sixth Circuit law holding that " 'documents are deemed to be within the 'possession, custody or control' for purposes of [Rule 34]() if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand.' " Id. (quoting [In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)]()) (emphasis removed). Goolsby went on to hold that the movant had not met his burden of establishing control by the defendant-employer of the **employees**' **personal** cell phone and its information, inasmuch as he had failed to show that the **devices** were used for the employer's business purposes.

Whether the court meant the "business purposes" condition as a necessary or a sufficient way to establish control is not clear. So it presents no clear guidepost here.

**\*2** The rule that Halabu Holdings argues for—that information on an **employee's personal device** may be compelled by way of a document request directed to the employer without any further indicia of control over the **device** by the employer—finds no support in any case brought to the Court's attention.[1] And for good reason.

Such a principle would have serious potential consequences for an **employee's** privacy rights. Cell phones often contain highly **personal** information, as the Supreme Court has recognized in the Fourth Amendment context. See generally Riley v. California, 573 U.S. 373 (holding that police generally may not, without a warrant, search digital information on a cell phone seized from an individual who has been arrested). Riley examined the special features of cell phones that raise unique and complex privacy concerns and concluded, "Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans the privacies of life." Id. at 403 (internal citations omitted).

Requiring an employer to produce an **employee's** phone for inspection or retrieval of documents, without further indicia of control, could well jeopardize the **employee's** privacy. If the phone is searched by the employer, the opposing party, or even an independent reviewer, all of the messages—including those that have nothing to do with the case—will be exposed. Even if the **employee** is the sole canvasser of the phone, privacy interests may be implicated, as even business-related messages may contain **personal** information. **Employees** might well feel comfortable sending such hybrid messages to their fellow **employees** or even outside customers and clients, yet shudder to think that they would be shared with total strangers, now in litigation with their company.

The employer-directed document request also implicates the **employee's** property rights. **Devices** and the information they contain are reasonably understood to constitute the property of those who purchased the **devices** and operated them. Allowing opposing litigants to invade and compromise this domain through a document request directed to the employer erodes that sense of ownership. See In re Sun Coast Res., Inc., 562 S.W.3d 138, 158 (Tex. App. 2018) (vacating order to produce **employees**' text messages from **personal devices**, because "nothing about the at-will employment relationship alters an employer's or an **employee's** traditional rights to possess their respective property to the exclusion of the other").

**\*3** Of course, **personal devices** owned by non-defendant **employees** are not immunized from **discovery**. See, e.g., Sun Coast, 562 S.W.3d at 160 ("Our ruling, however, does not prevent Plaintiffs from seeking to obtain responsive and relevant text messages directly from the **employees** (or their providers, if available) through permissible **discovery** processes available under the rules of procedure."). Like most other sources of information, they can be reached by way of a subpoena under Rule 45 of the Federal Rules of Civil Procedure. But that route better addresses the privacy and property concerns raised by a document request to an employer. When served with a subpoena, the **employee** can interpose her objection to production in a relatively straightforward fashion with a simple written communication to the party serving the subpoena. See Fed. R. Civ. P. 45(d)(2)(B). This process can be invoked without the necessity of hiring a lawyer or the filing of a motion for a protective order. It also halts the legal obligation to produce until a motion to compel is filed by the party seeking **discovery**. Id. Should the serving party wish to press the issue of compliance, it must file a motion and give notice to the **employee**, thereby assuring an opportunity for the **employee** to participate in the judicial process that may culminate in turning over her **device** or the disclosure of information on it. By contrast, the Rule 34 document request process puts the onus on the **employee** to act to preserve her interests, and necessitates a motion for a protective order, with attendant legal cost. In the absence of authority supporting the more onerous and potentially invasive process of the employer-targeted route, this Court will not adopt it.

Because Halabu did not choose the Rule 45 subpoena route, it bears the burden of establishing ONB's control over the **devices**. Robert Bosch LLC v. Snap-On Inc., No. 12-11503, 2013 WL 823330, at \*1 (E.D. Mich. Mar. 6, 2013). And that requires following the principle enunciated in In re Bankers Trust Co., that proving "control" for purposes of Rule 34 means demonstrating that the party served with the document request "has the legal right to obtain the documents on demand" from someone else. In re Bankers Trust Co., 61 F.3d at 469. This is understood to include "the legal right to command release from the party with actual possession." Hayse v. City of Melvindale, No. 17-13294, 2018 WL 3655138, at \*6 (E.D. Mich. Aug. 2, 2018),

objections overruled, No. 17-13294, 2018 WL 4961528 (E.D. Mich. Oct. 15, 2018) (denying motion to compel where movant failed to establish the employer's control over the **employee's personal devices**).

Control, then, is context-specific. Some workplaces have, by agreement and practice, defined rights and responsibilities regarding **personal** cell phone and computer **device** use in connection with the employer's business. See Lindsey Blair, Contextualizing Bring Your Own **Device** Policies, 44 J. Corp. L. 151, 166-169 (2018). For example, employers may contract for the right to access the **employees**' **personal devices**, and employers and **employees** may agree to use software that segregates employer data from the rest of the **device**. Id. Such agreements and practices are entitled to judicial respect. Sun Coast, 562 S.W.3d at 158 ("Employers and **employees**, however, may alter the nature and extent of their respective rights by express agreement or other terms of employment.").

Despite its obligation to do so, Halabu has made no effort to establish that ONB has any such control over the **personal devices** of its **employees**. It has pointed to no ONB agreement or practice in this regard. Without such a showing or some other set of circumstances demonstrating control, it has not met its burden.

This nation's workplaces are ever evolving. The ability to transact an employer's business remotely, through handheld **devices** and home computers, has meant that the line between **personal** and work domains has been blurred. The current pandemic crisis has only accentuated this phenomenon. But an **employee's** sense of privacy and ownership of information should not be forfeited without an adequate **discovery** process to address those interests. Requiring a discovering party to meet the rigors of a control rule does precisely that. Because Halabu has not satisfied that rule, its motion to compel **discovery** must be denied.

SO ORDERED.

**All Citations**

Slip Copy, 2020 WL 12676263

## Footnotes

1   There are cases holding that an employer has an obligation to preserve litigation-related information on **employees**' **personal devices**, without any showing of additional circumstances to establish control. See, e.g., Alter v. Rocky Point Sch. Dist., No. 13-1100 (JS) (AKT), 2014 WL 4966119, at *10 (E.D.N.Y. Sept. 30, 2014). But the preservation of potentially relevant documents is a markedly different context. It does not implicate **employee** privacy and property interests, unlike the compelled disclosure of information, which does, as discussed below. The so-called "divide" among federal courts regarding the treatment of **employee personal devices**, referred to in Goolsby and in Stinson v. City of New York, No. 10 CIV. 4228 (RWS), 2016 WL 54684, at *5 (S.D.N.Y. Jan. 5, 2016), is not a disagreement about approaches to Rule 34 document requests, but the differences in approaches between such requests and litigation holds.

**End of Document**   © 2023 Thomson Reuters. No claim to original U.S. Government Works.