Case 1:19-md-02875-RMB-SAK   Document 2490-10   Filed 09/15/23   Page 1 of 4
PageID: 87270
Sinclair v. Cambria County, Not Reported in Fed. Supp. (2018)

2018 WL 4689111
Only the Westlaw citation is currently available.
United States District Court, W.D. Pennsylvania.

Tammy SINCLAIR, Plaintiff,
v.
CAMBRIA COUNTY; Warden Christain Smith;
and Deputy Warden William Patterson, Defendants.

Case No. 3:17-cv-149
|
Signed 09/28/2018

**Attorneys and Law Firms**

Margaret Schuetz Coleman, Law Office of Timothy P. O'Brien, Pittsburgh, PA, for Plaintiff.

Marie Milie Jones, Maria N. Pipak, Michael R. Lettrich, JonesPassodelis, PLLC, Pittsburgh, PA, for Defendants.

## MEMORANDUM OPINION

KIM R. GIBSON, UNITED STATES DISTRICT JUDGE

**I. Introduction**

*1 Before the Court is Defendants' Motion for Sanctions (ECF No. 28) under Federal Rule of Civil Procedure 37(e). The Motion is fully briefed and is ripe for disposition. (*See* ECF Nos. 28, 31, 36.) The parties appeared in front of this Court for oral argument on this motion on Thursday, September 20, 2018. (*See* ECF No. 38.) For the reasons stated below, the Court **GRANTS** Defendants' Motion for Sanctions and **ORDERS** Plaintiff Tammy Sinclair ("Sinclair") to pay reasonable attorney's fees and costs that Defendants incurred as a result of Sinclair's conduct.

**II. Background**

This case arises out of Sinclair's employment as a counselor at the Cambria County Prison. Sinclair alleges that Defendants discriminated against her by failing to promote her because of her age and gender. For a more thorough explanation of the underlying facts of this case, see Sinclair's Complaint (ECF No. 1) and Defendants' Answer (ECF No. 8).

The instant Motion for Sanctions (ECF No. 28) stems from events that took place during and after Sinclair's deposition on March 8, 2018. (*See* ECF No. 28 ¶¶ 2-3.) At Sinclair's deposition, Defendants' counsel asked Sinclair who she communicated with to prepare for her deposition. (ECF No. 28-1 at 4.)[1] Sinclair testified that she reached out to a number of her former co-workers at the Cambria County Prison via text message before her deposition. (*Id.* at 4-8.)[2] Sinclair testified that she texted her former co-workers because she "wanted to know what they thought of [her] as a supervisor." (*Id.* at 7.)[3] During the deposition, Defendants' counsel noted that she planned to submit a discovery request to obtain copies of the text messages between Sinclair and her former co-workers. (*Id.*)[4]

On March 18, 2018, Defendants sent Sinclair a request for production of documents seeking "any and all communications, including text messages ... between Plaintiff and any current or former employee of Cambria County or Cambria County Prison." (ECF No. 28 ¶ 7.) On July 3, 2018, Sinclair's counsel notified Defendants that she could not obtain the text messages sought in Defendants' request for production because the messages were deleted from Sinclair's phone. (*Id.* ¶ 8.)

After notifying Defendants' counsel that the text messages were deleted, Sinclair's counsel obtained phone company records listing text messages and calls to and from Sinclair's phone during this timeframe.[5] (*Id.* ¶ 9-10.) Sinclair's counsel also attempted to recover copies of the text messages from the individuals to whom Sinclair sent them. (ECF No. 36 ¶ 2.) However, Defendants' counsel maintains that Sinclair failed to fully produce copies of the text messages. (*Id.* ¶¶ 2-14.) Specifically, Defendants argue that according to Sinclair's phone records, Sinclair failed to produce copies of at least 78 text messages that she exchanged with her former co-workers. (*Id.*)

*2 Sinclair maintains that the text messages were automatically deleted from her phone because of a setting that deletes text messages after a certain period of time passes. (ECF No. 31 ¶ 3.) However, Sinclair has not offered any evidence about the type of phone she used or the setting that caused the messages to be deleted.

**III. Analysis**

**A. Sinclair Failed to Preserve Electronically Stored Information Under Rule 37(e), Resulting in Prejudice to Defendants**

Rule 37 of the Federal Rules of Civil Procedure provides that:

> [i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court ... upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice.

FED. R. CIV. P. 37(e).

"A duty to preserve is an affirmative obligation, which arises when the party in possession of the evidence knows that litigation ... is pending ... and the party in possession of the evidence can foresee the harm or prejudice that would be caused to the party seeking the evidence if the evidence were to be discarded." *Hohider v. United Parcel Serv., Inc.*, 257 F.R.D. 80, 82 (W.D. Pa. 2009).

Here, there is no dispute that the electronically stored information that Defendants seek – Sinclair's **text messages** to her former co-workers – should have been preserved during the ongoing litigation. During oral argument on Defendants' Motion for Sanctions, Sinclair's counsel admitted that a duty to preserve the **text messages** arose at Sinclair's deposition whenever Defendants' counsel requested copies of the **text messages**. Similarly, there is no dispute that Sinclair failed to preserve the **text messages**.

Under Rule 37(e), sanctions are appropriate here because (1) the **text messages** cannot be fully restored or replaced through additional discovery and (2) the destruction of the **text messages** prejudiced Defendants.

First, the **text message** exchanges between Sinclair and her former co-workers cannot be fully restored or replaced through additional discovery. While Sinclair's counsel diligently obtained copies of many **text messages** through her own investigation, Sinclair's phone records indicate that at least 78 **text messages** were never produced. It does not appear that any additional discovery will result in the production of the missing **text messages**.

Second, the Court finds that the deletion of the **text messages** prejudiced Defendants. "[P]rejudice exists where documents that are **relevant** to a claim are unavailable and the moving party has come forward with a plausible, good faith suggestion as to what the evidence might have been." *Goldrich v. City of Jersey City*, No. 15-885, 2018 WL 4492931, at *10 (D. N.J. July 25, 2018) (citing *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 80 (3d Cir. 1994) ). The 2015 Advisory Committee Notes to Rule 37(e) explain that "[a]n evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation." 2015 Advisory Comm. Notes to Rule 37(e).

Here, the deleted **text messages** were **relevant** to Sinclair's employment-discrimination claim against Defendants. Sinclair testified at her deposition that the **text messages** related to her job performance as a supervisor at the prison (ECF No. 28-1 at 4-5), which is **relevant** to Sinclair's employment-discrimination claim because she alleges that she was qualified for a promotion. (*See* ECF No. 1 at 3-5.) This shows that these deleted **text messages** could be of at least some importance to the litigation. And finally, Defendants offer a plausible, good-faith explanation of what the deleted **text messages** may have contained. Defendants argue the deleted **text messages** between Sinclair and her former male co-workers may have included complaints of non-promotion from Sinclair's male co-workers, which would undermine Sinclair's gender-discrimination claim.[6] (ECF No. 28 at 8.)

**\*3** In sum, Sinclair violated Rule 37 by failing to preserve her **text messages**. The deletion of the **text messages** between Sinclair and her former co-workers prejudiced Defendants because the **text messages** were **relevant** to the litigation and because Defendants offer a plausible, good-faith explanation of what the missing **text messages** may have contained. Therefore, sanctions are appropriate in this case.

### B. The Assessment of Costs to Sinclair Is the Appropriate Sanction

The remaining question is the appropriate degree and type of sanction for the Court to impose.

Rule 37(e) provides two alternatives for the imposition of sanctions. First, under Rule 37(e)(1), the Court "may order measures no greater than necessary to cure the prejudice."

Case 1:19-md-02875-RMB-SAK   Document 2490-10   Filed 09/15/23   Page 3 of 4
                                         PageID: 87272
Sinclair v. Cambria County, Not Reported in Fed. Supp. (2018)

Second, under Rule 37(e)(2), the Court may presume the missing information was unfavorable to the party, order an adverse jury instruction, dismiss the action, or enter a default judgment – but "*only* upon finding that the party acted with the *intent* to deprive another party of the information's use in the litigation." FED. R. CIV. P. 37(e)(2) (emphasis added).

The 2015 Advisory Committee Notes to Rule 37(e) state that a court is "not require[d] to adopt any of the measured listed in subdivision (e)(2)" if "lesser measures such as those specified in subdivision (e)(1) would be sufficient to redress the loss." 2015 Advisory Comm. Notes to Rule 37(e).

Further, when deciding what sanction to impose, Courts should consider: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and ... deter such conduct by others in the future." *Capogrosso v. 30 River Court E. Urban Renewal Co.*, 482 F. App'x. 677, 682 (3d Cir. 2012) (quoting *Schmid*, 13 F.3d at 79).

Here, the Court finds that sanctions under Rule 37(e)(2) are not appropriate because there is no evidence that Sinclair intentionally deleted the **text messages**. Under the circumstances of this case, the Court finds that the sanctions of an adverse jury instruction, dismissal of the action, or entry of default judgment are all too severe and prejudicial to Sinclair. Thus, the Court will impose a sanction under Rule 37(e)(1) that "is no greater than necessary to cure the prejudice." FED. R. CIV. P. 37(e)(1).

The Court finds that Defendants were not severely prejudiced by the deletion of Sinclair's **text**-**message** exchanges with her former co-workers. Sinclair's counsel recovered and produced at least half of the **text messages** between Sinclair and her co-workers.[7] Moreover, the Court finds it unlikely that these conversations contained information that would materially damage Sinclair's claims against Defendants.

Therefore, the Court finds that an appropriate sanction in this case is the assessment of attorney's fees and costs. Sinclair shall pay to the Defendants all attorney's fees and costs associated with the deletion of the **text messages**. These attorney's fees and costs shall include, but are not limited to, the attorney's fees and costs Defendants incurred in obtaining the deleted ESI, filing the instant Motion for Sanctions, and appearing for oral argument before this Court. The Court finds this sanction to be fair and appropriate in light of Sinclair's degree of fault and the prejudice suffered by Defendants.

### IV. Conclusion

*4 For the foregoing reasons, the Court finds that Sinclair violated Rule 37(e) of the Federal Rules of Civil Procedure by failing to preserve electronically stored **text messages** during the course of this litigation, thereby prejudicing Defendants. The Court further finds that an appropriate sanction in this case is the assessment of the attorney's fees and costs associated with the deletion of the **text messages** to Sinclair.

A corresponding order follows.

### ORDER

**NOW**, this 28th day of September, 2018, upon consideration of Defendants' Motion for Sanctions (ECF No. 28) and all briefs filed by the parties, for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that Defendants' Motion for Sanctions is **GRANTED.** Accordingly, all attorney's fees and costs associated with this Motion – including those that Defendants incurred in obtaining the deleted ESI, filing the instant Motion for Sanctions, and appearing for oral argument before this Court – are assessed to Plaintiff Tammy Sinclair.

The Court **FURTHER ORDERS** Defendants to file via CM/ECF a document setting forth its itemized attorney's fees and costs related to the instant Motion for Sanctions **on or before October 12, 2018**. Plaintiff may file objections to this itemization **on or before October 22, 2018**.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 4689111

Case 1:19-md-02875-RMB-SAK   Document 2490-10   Filed 09/15/23   Page 4 of 4 PageID: 87273

Sinclair v. Cambria County, Not Reported in Fed. Supp. (2018)

## Footnotes

| | |
|---|---|
| 1 | Deposition transcript at 14:1-15. |
| 2 | Deposition transcript at 14-34. See deposition transcript at 14 (Q. "Did you speak with Scott Deyarmin regarding the deposition?" A. "Yes."); 17 (Q. "Did you have any conversation with Christina Abrams last week?" A. "Yes, I did."); 26 (Q. "Did you **text** anybody else about your deposition today?" A. "Yes, I did." Q. "Who was that?" A. "There were several people that I **texted**." Q. "Who?" A. "Candy Mowery, Sandy Jones, Dale Beers, Abrams, Galen Feathers, Christine Yahnert"). |
| 3 | Deposition transcript at 28:3-8. |
| 4 | Deposition transcript at 25:20-25. |
| 5 | Sinclair's phone records do not show the content of the missing **text messages**. Rather, the records show the time of every phone call and **text message**, as well as the phone number they were sent to or received from. (*See* ECF No. 31 at 13.) |
| 6 | While there is no evidence to suggest that these conversations contained such **messages**, the Defendants here need not offer anything other than a plausible, good-faith explanation of what the **messages** *could* have contained, even if this analysis is entirely hypothetical. *See* 2015 Advisory Comm. Notes to Rule 37(e) ("Determining the content of lost information may be a difficult task in some cases, and placing the burden of proving prejudice on the party that did not lose the information may be unfair."); GN Network v. Plantronics, No. 12-1318-LPS, 2016 WL 3792833, at *9 (D. Del. July 12, 2016) (noting that a prejudiced party merely needs to come forward with plausible, concrete suggestions of what the missing evidence might have shown). |
| 7 | According to the figures in Defendants' Reply Brief on this Motion (ECF No. 36), phone records indicate that Sinclair exchanged at least 163 **text messages** with her former co-workers during the timeframe in question. (*Id.* at 2-4.) Sinclair's counsel recovered and produced at least 85 **text messages**. (*Id.*) |

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.