Case 1:19-md-02875-RMB-SAK   Document 2490-13   Filed 09/15/23   Page 1 of 17
                                                                PageID: 87296
Bright v. Dennis Garberg and Associates, Inc., Not Reported in Fed. Supp. (2011)

2011 WL 13150146
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Tiffani BRIGHT, etc., et al.

v.

DENNIS GARBERG AND ASSOCIATES, INC., et al.

Kim Lamie

v.

Dennis Garberg and Associates, Inc., et al.

CV 10-7933 AHM(JCx), CV 10-9574 AHM(JCx)
|
Filed 11/15/2011

**Attorneys and Law Firms**

Joshua D. Boxer, Matern Law Group, PC, Manhattan Beach, CA, Michael Visconti, Robert Wade Mills, The Mills Law Firm, San Rafael, CA, Pieter Bogaards, Bogaards Law Offices, Mill Valley, CA, for Tiffani Bright, etc., et al.

Douglas A. Wickham, Judy M. Iriye, Matthew J. Sharbaugh, Sara J. Candioto, Littler Mendelson PC, Los Angeles, CA, Robert Wade Mills, Michael Visconti, The Mills Law Firm, San Rafael, CA, David T. Wang, Jackson Lewis, Douglas M. Bria, Littler Mendelson, P.C., JoAnna L. Brooks, Jackson Lewis LLP, L. Julius M. Turman, Constangy, Brooks, Smith & Prophete, LLP, Theresa Mak, Morgan Lewis and Bockius, San Francisco, CA, Joshua D. Boxer, Matern Law Group, PC, Manhattan Beach, CA, Pieter Bogaards, Bogaards Law Offices, Mill Valley, CA, for Dennis Garberg and Associates, Inc., et al.

**Proceedings: (In Chambers) (1) HEARING ON PLAINTIFF KIM LAMIE'S MOTIONS TO COMPEL; (2) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS (DOCKET NOS. 318, 357, 358);[1] AND (3) ORDER DENYING DEFENDANTS' REQUEST TO STAY ORDER**

Jacqueline Chooljian, United States Magistrate Judge

### I. SUMMARY

*1 On November 15, 2011, the Court held a hearing on plaintiff Kim Lamie's (1) motion to compel defendant Dennis Garberg and Associates, Inc. ("DGA") to provide further responses and documents to plaintiff Kim Lamie's requests for production of documents ("Plaintiff's DGA Motion"); and (2) motion to compel defendant Sunflower Staffing, LLC ("SSLLC") to provide further responses and documents to plaintiff Kim Lamie's requests for production of documents ("Plaintiff's SSLLC Motion") (collectively "Plaintiff's Motions").[2]

On November 8, 2011, the Court issued a written tentative ruling on Plaintiff's Motions and directed the parties further to meet and confer and to file a joint status report.

Based upon the parties' submissions in connection with Plaintiff's Motions (including the joint status report) and the arguments presented at the hearing, the Court granted in part and denied in part Plaintiff's Motions as detailed below. The Court further denied defendants' motion to stay this order pending the District Judge's resolution of pending motions for class certification.

### II. FACTS/BACKGROUND

The plaintiffs in these two consolidated actions worked as product demonstrators at retail stores (*e.g.*, Ralphs, Wal-Mart, Costco) and essentially contend that they were employees of DGA and/or SSLLC and that defendants' failure to classify them as such, resulted in a host of labor code and other violations. Defendants essentially contend that plaintiffs were independent contractors, and accordingly, that the legal obligations imposed upon employers do not apply.

*2 On May 31, 2011, plaintiff Kim Lamie ("plaintiff" or "Lamie") filed the operative (Putative) Class Action First Amended Complaint ("Lamie Complaint") in Case No. CV 10-9574 AHM(JCx) (the "Lamie Action").[3] The Lamie Complaint contains the following remaining/arguably remaining claims for relief: (1) misclassification; (2) failure to pay overtime wages; (3) failure to provide accurate wage statements; (4) failure to pay regular wages; (5) failure to pay waiting time penalties; (6) failure to provide rest breaks; (7) failure to provide meal breaks; (8) accounting; (9) unjust enrichment/quantum meruit; (10) violation of California Business & Professions Code Section 17200, et seq. ("UCL"); (11) private attorney general act ("PAGA") claims; (12) wrongful termination in violation of public policy; and (13) retaliation.[4]

On July 11, 2011, the Court consolidated the Lamie Action with Case No. CV 10-7933 AHM(JCx) (the "Bright Action")

Case 1:19-md-02875-RMB-SAK   Document 2490-13   Filed 09/15/23   Page 2 of 17
PageID: 87297

Bright v. Dennis Garberg and Associates, Inc., Not Reported in Fed. Supp. (2011)

and deemed Lamie a named plaintiff in the Bright Action.[5] (The Lamie Action and the Bright Action will collectively be referred to as the "Consolidated Actions"). The operative (Putative) Class Action Fourth Amended Complaint in the Bright Action ("Bright Complaint"), filed on May 12, 2011, contains the following remaining/arguably remaining claims for relief: (1) misclassification; (2) failure to pay overtime; (3) failure to provide accurate wage statements; (4) failure to pay regular wages; (5) waiting time penalties; (6) failure to provide rest breaks; (7) failure to provide meal breaks; (8) failure to reimburse for uniforms; (9) failure to reimburse for expenses; (10) accounting; (11) unjust enrichment/quantum meruit; (12) conversion; (13) violation of UCL—restitution; (14) violation of the UCL—injunctive relief; and (15) PAGA claims.[6]

**\*3** On or about April 27, 2011, Lamie propounded Requests for Production (Set One) to DGA and Requests for Production (Set One) to SSLLC. On May 26, 2011, DGA and SSLLC timely served objections to the requests. On June 17, 2011, DGA and SSLLC supplemented their responses to the requests. DGA and SSLLC thereafter produced certain responsive documents.

Plaintiffs' motions for class certification are currently pending before the District Judge. (Docket Nos. 69, 238, 294). The final pretrial conference and the hearing on pending motions in limine are currently set for December 22, 2011. (Docket No. 363). The previously scheduled trial date of December 6, 2011 has been vacated and no trial date is currently set. (Docket No. 363).

### III. PERTINENT LAW

#### A. Law Regarding Distinction Between Employees and Independent Contractors[7]

To be held liable for violations of the California Labor Code as an "employer," a party must "employ[ ] or exercise[ ] control over the wages, hours, or working conditions of any person." Cal. Code Regs. tit. 8 § 11010(2)(F). The determination of an individual's status as an employee or independent contractor is one of fact if dependent upon the resolution of disputed evidence or inferences, and one of law if the evidence is undisputed. S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations, 48 Cal.3d 341, 349 (1989).

For actions under Labor Code § 1194, courts must consider the applicable wage order definitions of employment relationships when determining whether an individual is an employee or independent contractor for purposes of the statute. Martinez v. Combs, 49 Cal.4th 35, 65 (2010). "To employ, then, under the [Industrial Welfare Commission's ("IWC's") ] definition, has three alternative definitions. It means: (a) to exercise control over the wages, hours or working conditions,[8] *or* (b) to suffer or permit to work,[9] *or* (c) to engage, thereby creating a common law employment relationship." Id. at 64 (emphasis original, footnotes added).

In defining common law employment relationships, California courts have held that "the principal test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." S.G. Borello & Sons, Inc., 48 Cal.3d at 350 (internal citations and quotation marks omitted). But because the "control" test is often unenlightening, there are several "secondary" indicia of the relationship that a court may consider, including:

> **\*4** (1) whether there is a right to fire at will without cause; (2) whether the one performing services is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the services are to be performed; (7) the method of payment, whether by the time or by the job; (8) whether or not the work is a part of the regular business of the principal; (9) whether or not the parties believe they are creating an employer-employee relationship; (10) whether the classification of

Case 1:19-md-02875-RMB-SAK   Document 2490-13   Filed 09/15/23   Page 3 of 17
                                   PageID: 87298

**Bright v. Dennis Garberg and Associates, Inc., Not Reported in Fed. Supp. (2011)**

independent contractor is bona fide and not a subterfuge to avoid employee status; (11) the hiree's degree of investment other than personal service in his or her own business and whether the hiree holds himself or herself out to be in business with an independent business license; (12) whether the hiree has employees; (13) the hiree's opportunity for profit or loss depending on his or her managerial skill; and (14) whether the service rendered is an integral part of the alleged employer's business.

JKH Enters., Inc. v. Dep't of Indus. Relations, 142 Cal. App. 4th 1046, 1064 n.14 (2006) (citing S.G. Borello & Sons, Inc., 48 Cal.3d at 350-55); see also Futrell v. Payday California, Inc., 190 Cal. App. 4th 1419, 1434 (2010) ("The essence of the common law test of employment is in the 'control of details.' " The court listed several of the above factors as those that "may be considered in evaluating this control.").

**B. Discovery**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including ... the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). This rule is interpreted to allow liberal discovery of information reasonably calculated to lead to the discovery of admissible evidence. Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005) (district courts have broad discretion in determining relevancy for discovery purposes). The party opposing discovery has the burden of showing that any challenged discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections. See DirectTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

Rule 34 is one of the discovery tools available to litigants in the federal courts. Keith H. v. Long Beach Unified School Dist., 228 F.R.D. 652, 656 (C.D. Cal. 2005). It broadly provides that "[a] party may serve on any other party a request ... to produce ... items [including any designated documents] ... in the responding party's possession, custody, or control[.]" Fed.R.Civ.P. 34(a)(1). Thus, under Rule 34, a party must produce or permit inspection of documents responsive to a request for production of documents when such documents are in the party's "possession, custody or control." "[F]ederal courts have consistently held that documents are deemed to be within [a party's] 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody, or control, or has the legal right to obtain the documents on demand." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995) (emphasis original, citations omitted), cert. dismissed, 517 U.S. 1205 (1996); see also United States v. Int'l Union of Petroleum and Indus., Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) ( "Control is defined as the legal right to obtain documents upon demand."). Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of its responses to discovery, National Ass'n of Radiation Survivors v. Tunnage, 115 F.R.D. 543, 554-56 (N.D. Cal. 1987), and, based on that inquiry, "[a] party responding to a Rule 34 production request ... 'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.' " Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted); see also Milner v. National School of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa. 1977) (If a party is a corporation or other entity, information in the hands of its agents and others within its control must be supplied); A. Farber & Partners, Inc. v. Garber ("Farber"), 234 F.R.D. 186, 189-90 (C.D. Cal. 2006) (a party must make reasonable inquiry of such agents/third parties to ensure that it has produced all documents in its possession, custody and control).

**\*5** However, Rule 34 only requires a party to produce documents that are already in existence. Alexander v. FBI, 194 F.R.D. 305, 310 (D.D.C. 2000). "[A] party cannot be compelled to create, or cause to be created, new documents solely for their production." Paramount Pictures Corp. v. Replay TV ("Replay TV"), 2002 WL 32151632, \*2 (C.D. Cal. 2002) (denying production of customer data because such information "is not now and has never been in existence"); see also Alexander, 194 F.R.D. at 310 (denying production of certain list of names because there was no evidence that list existed and that the responding party was in possession of

Case 1:19-md-02875-RMB-SAK   Document 2490-13   Filed 09/15/23   Page 4 of 17
                                                                 PageID: 87299

Bright v. Dennis Garberg and Associates, Inc., Not Reported in Fed. Supp. (2011)

such list); Butler v. Portland General Electric Co., 1990 WL 15680 *2 (D. Oregon 1990) (refusing to compel production where requested information had not been compiled into the form of a document or a computer program as the law does not require a party to prepare or create a document in response to a discovery request).

## IV. DISCUSSION

As there are several issues and objections common to multiple discovery requests in issue, the Court initially addresses such issues and objections and then addresses the individual discovery requests in issue.

### A. Issues/Objections Common to Multiple Discovery Requests in Issue

First, defendants' general objections which have been incorporated into each discovery response in issue are overruled because such general and boilerplate objections are improper. See Farber, 234 F.R.D. at 188. Such general objections do not explain or analyze on an individualized basis, why each particular document request is objectionable, and thus are inadequate.

Second, to the extent defendants continue to object to producing "merits" discovery at this juncture, such objections are overruled in light of the District Judge's October 7, 2011 order that defendants may not object to plaintiff's discovery requests on the grounds that they seek merits discovery as discovery has not been bifurcated. (Docket No. 268).

Third, the parties disagree regarding the scope and particularity of discovery properly called for the discovery requests in issue, with defendants asserting that many of the requests are overbroad, lacking in adequate particularity, and seek irrelevant information and documents. The operative First Amended Complaint in the Lamie Action and the operative Fourth Amended Complaint in the Bright Action circumscribe the permissible scope of discovery called for by the discovery requests in issue except to the extent a particular request calls for more limited information.[10] This means that such requests encompass information regarding putative class members, *not just Lamie or the other remaining named plaintiffs*. Further, based upon the law regarding the distinction between employees and independent contractors, summarized above, the law regarding joint employers referenced in the District Judge's May 13, 2011 order (Docket No. 139), the District Judge's analyses in such order, and the damages sought in this action, the information and documents sought by the discovery requests in issue appear reasonably calculated to lead to the discovery of admissible evidence. Accordingly, unless otherwise indicated below, defendants' particularity, overbreadth and relevance objections are overruled.

Fourth, to the extent responsive documents are contained on the work laptops of defendants' employees (*e.g.*, Linda Black, Yolanda Rosalia Urzua), such documents are within defendants' possession, custody or control and are thus properly subject to production, barring another appropriate basis (*e.g.*, undue burden) not to produce them.[11]

*6 Fifth, defendants' objections that certain of the requests in issue or terms therein are "vague and ambiguous" are overruled except as set forth below because the Court does not find the document requests to be vague and ambiguous, particularly when the terms in issue are read in context. In any event, to the extent defendants view terms used in the requests to be vague and ambiguous, defendants can qualify their responses by including their understanding of the terms in issue.

Sixth, to the extent defendants raise objections that certain requests in issue call for a legal conclusion, such objections are not persuasive and are overruled unless otherwise indicated below.

Seventh, to the extent defendants raise privacy/confidentiality objections (other than third party privacy which is separately discussed below), the objections are overruled. In a diversity action, such as the instant action, privacy claims are determined under applicable state law. Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998). In California, the right to privacy is set forth in Article I, Section I of the California Constitution. California courts have treated the right to privacy as a privilege in the discovery context, and, as such, have determined it is a right subject to invasion depending upon the circumstances. See, e.g., Hill v. National Collegiate Athletic Assn., 7 Cal. 4th 1, 37 (1994). Thus, the privilege is subject to balancing the needs of the litigation with the sensitivity of the information/ records sought. Pioneer Electronics (USA), Inc. v. Superior Court, 40 Cal. 4th 360, 371-75 (2007). Here, after balancing the needs of the litigation with the sensitivity of the information sought, the Court finds that disclosure of the information requested is appropriate, subject to the limitation that plaintiff

Case 1:19-md-02875-RMB-SAK   Document 2490-13   Filed 09/15/23   Page 5 of 17 PageID: 87300

Bright v. Dennis Garberg and Associates, Inc., Not Reported in Fed. Supp. (2011)

may not use or share the documents and information obtained except as necessary to prosecute the instant action and that such documents and information be afforded the other protections provided in the protective order which applies to the Consolidated Actions. (See Docket No. 170).

Eighth, defendants object to certain document requests on the grounds that responding to the requests would invade the third-party privacy rights of unnamed putative class members. Third party privacy is a state recognized privilege applicable in a federal action based on diversity jurisdiction. Fed.R.Evid. 501; See, e.g., Pioneer Electronics (USA), Inc., 40 Cal.4th at 371-75 (balancing privacy rights of putative class members with discovery rights of civil litigants). Here, the court must balance the privacy rights of the putative class members with the discovery rights of plaintiff to pursue the instant civil action. In this case, the Court overrules defendants' objections to the extent names of the putative class members are requested. However, to the extent addresses, telephone numbers or other private information is sought, the Court finds that the proper balance between access to the requested information and third party privacy rights is accomplished through the opt out notice and procedure detailed below in Part V, infra, *i.e.*, a notice transmitted to potential class members to inform them of the lawsuit and to explain that if they do not want to have their contact information provided to plaintiff/ plaintiff's counsel, they must so indicate by a specified deadline. See Belaire-West Landscape, Inc. v. Superior Court, 149 Cal. App. 4th 554 (2007). To the extent contact information regarding putative class members is disclosed to plaintiff/plaintiff's counsel following the foregoing opt out procedure, plaintiff/plaintiff's counsel may not use or share the documents and information obtained except as necessary to prosecute the instant action and such documents and information are to be afforded the other protections provided in the protective order which applies to the Consolidated Actions. (See Docket No. 170). Further, to the extent any document reflecting any such individuals' private information (*e.g.*, home address, telephone number) is filed with the Clerk, the parties shall redact such information.

 **\*7**  Ninth, defendants' privilege objections are overruled as defendants have failed to meet their burden to demonstrate that the information sought is privileged. Pursuant to Fed.R. Civ. P. 26(b)(5)(A), when a party withholds otherwise discoverable information by claiming that it is privileged, the party is required to make that claim expressly and to describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged, will enable the other party to assess the applicability of the privilege. Defendants have not done so.

Finally, defendants' objections that certain discovery requests in issue are unduly burdensome, oppressive, and/or harassing, are to some degree overruled, and to some degree sustained. In light of the evidence submitted by defendants in support of such objections, the Court believes it appropriate to order sampling as to certain requests, specified below, and has directed the parties to utilize the sampling protocol set forth in Part V, infra.

**B. Plaintiff's DGA Motion**

**1. Request for Production No. 1**

This request calls for the production of any and all contracts between DGA and Ralphs Grocery Company ("Ralphs") executed between December 14, 2006 and the present.

Plaintiff's DGA Motion is granted as to this request and DGA's objections are overruled. DGA is ordered either (1) to produce all documents in its in possession, custody and control responsive to this request; or (2) to the extent it is DGA's position that documents produced in the Bright Action bearing bates numbers RG00011-RG00027 constitute the only contracts between DGA and Ralphs executed between December 14, 2006 and the present, DGA may supply plaintiff with a declaration from a knowledgeable person so stating.

**2. Request for Production No. 2**

This request calls for the production of all invoices, bills, pay records, pay stubs, schedules and time records for production demonstrations conducted from December 14, 2006 to the present.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. DGA's objections, other than the third party privacy objection and the objection that the request is overly burdensome, are overruled. DGA's third party privacy objection and the objection that the request is overly burdensome are sustained in part and overruled in part.

Case 1:19-md-02875-RMB-SAK    Document 2490-13    Filed 09/15/23    Page 6 of 17
                                     PageID: 87301

Bright v. Dennis Garberg and Associates, Inc., Not Reported in Fed. Supp. (2011)

The Court notes that DGA represents that it does not "have" pay stubs and pay records (other than in the form of invoices). To the extent DGA does not have possession, custody or control of such items (as described above) it, of course, cannot produce them. However, to the extent DGA does have possession, custody or control of such items, as well as the other items sought by this request, DGA must produce a sampling of such items (redacting any third party contact/confidential information of individuals who opt out) utilizing the sampling protocol set forth in Part V, infra.

### 3. Request for Production No. 3

This request calls for the production of all manuals, handbooks or orientation materials applicable to product demonstrations conducted between December 14, 2006 and the present.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. DGA's objections, other than its objection that the request is overly burdensome, are overruled. DGA's objection that the request is overly burdensome is sustained in part and overruled in part. DGA shall produce a sampling of the documents called for by this request utilizing the sampling protocol set forth in Part V, infra.

### 4. Request for Production No. 4

 *8  This request calls for the production of all documents and communications that relate or refer to the manner in which product demonstrators are scheduled for demonstration events.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. DGA's objections, other than its objection that the request is overly burdensome, are overruled. DGA's objection that the request is overly burdensome is sustained in part and overruled in part.

The Court notes that DGA represents that it does not schedule demonstrators for events, does not communicate with demonstrators regarding their availability for and interest in accepting an event opportunity and does not have any "directly responsive" documentation, though it may have responsive documentation in the form of emails with agencies. To the extent DGA does not have possession, custody or control of responsive documents, it, of course, cannot produce them. However, to the extent DGA does have possession, custody or control of such items, as well as the other items sought by this request, a sampling of such items must be produced utilizing the sampling protocol set forth in Part V, infra.

### 5. Request for Production No. 5

This request calls for the production of all documents and communications that refer or relate to contracts and/or agreements, oral or written, by and between DGA and any retail store between December 14, 2006 and the present.

Plaintiff's DGA Motion is granted as to this request and DGA's objections are overruled. DGA is ordered to produce all documents in its in possession, custody and control responsive to this request, including contracts with retail partners other than Ralphs.

### 6. Request for Production No. 6

This request calls for the production of all documents and communications that refer or relate to any policies or procedures applicable to product demonstrators between December 14, 2006 and the present.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. DGA's objections, other than its objection that the request is overly burdensome, are overruled. DGA's objection that the request is overly burdensome is sustained in part and overruled in part. DGA shall produce a sampling of the documents and communications in issue utilizing the protocol set forth in Part V, infra.

### 7. Request for Production No. 7

This request calls for the production of all documents and communications that refer or relate to contracts, agreements, policies and practices by which the product ambassadors are or were engaged to perform promotional services in the State of California during the relevant time period.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. DGA's objections, other than its objection that the request is overly burdensome, are overruled. DGA's objection that the request is overly burdensome is sustained

Case 1:19-md-02875-RMB-SAK   Document 2490-13   Filed 09/15/23   Page 7 of 17
                                         PageID: 87302
Bright v. Dennis Garberg and Associates, Inc., Not Reported in Fed. Supp. (2011)

in part and overruled in part. DGA shall produce a sampling of the documents and communications in issue utilizing the protocol set forth in Part V, infra.

### 8. Request for Production No. 8

This request calls for the production of any documents and communications that refer or relate to job descriptions for field managers from December 14, 2006 to the present.

**\*9** Plaintiff's DGA Motion is denied as to this request. DGA represents that it did not employ anyone as a "field manager" within the State of California from December 14, 2006 to the present and did not develop or promulgate any job descriptions for such a position during such time frame. Although plaintiff contends that DGA is too narrowly interpreting the term "field managers," given the absence of any definition or description of such term supplied by plaintiff in the document requests in issue, it is not unreasonable for DGA to interpret the term "field manager" as a job title and to respond based upon such an interpretation.

### 9. Request for Production No. 9

This request calls for the production of any document or communication, including but not limited to any job description, contract, agreement, advertisement, job listing, solicitation, procedure manual, training manual, handbook, flyer, leaflet, brochure, and/or circular which describes or relates or refers to any product ambassadors' duties and/or responsibilities in the State of California during the relevant time period or solicitation to become engaged as a product ambassador.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. DGA's objections, other than its objection that the request is overly burdensome, are overruled. DGA's objection that the request is overly burdensome is sustained in part and overruled in part. DGA shall produce a sampling of the documents and communications in issue utilizing the protocol set forth in Part V, infra.

### 10. Request for Production No. 10

This request calls for the production of all Marketlink reports from December 14, 2006 to the present.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. DGA's objections, other than its objection that the request is overly burdensome, are overruled. DGA's objection that the request is overly burdensome is sustained in part and overruled in part. DGA shall produce a sampling of the documents and communications in issue utilizing the protocol set forth in Part V, infra.

### 11. Request for Production No. 11

This request calls for the production of all invoices received by DGA between December 14, 2006 and the present.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. DGA's objections, other than the third party privacy objection and the objection that the request is overly burdensome, are overruled. DGA's third party privacy objection and the objection that the request is overly burdensome are sustained in part and overruled in part. DGA shall produce a sampling of the documents and communications in issue (redacting private information of third parties who have opted out) utilizing the protocol set forth in Part V, infra.

### 12. Request for Production No. 12

This request calls for the production of all purchase orders received by DGA between December 14, 2006 and the present.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. DGA's objections, other than the third party privacy objection and the objection that the request is overly burdensome, are overruled. DGA's third party privacy objection and the objection that the request is overly burdensome are sustained in part and overruled in part. DGA shall produce a sampling of the documents and communications in issue (redacting private information of third parties who have opted out) utilizing the protocol set forth in Part V, infra.

### 14. Request for Production No. 14

This request calls for the production of all documents and communications that relate or refer to training kits between December 14, 2006 and the present.

 **\*10**  Plaintiff's DGA Motion is granted in part and denied in part as to this request. DGA's objections, other than its objection that the request is overly burdensome, are overruled. DGA's objection that the request is overly burdensome is sustained in part and overruled in part. DGA shall produce a sampling of the documents and communications in issue (but need not include demonstrative aids/props, blank forms, or duplicates) utilizing the protocol set forth in Part V, infra.

### 15. Request for Production No. 15

This request calls for the production of any and all documents and communications, including emails and letters, between DGA and any individual product demonstrator or product ambassador between December 14, 2006 and the present.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. DGA's objections, other than the third party privacy objection and the objection that the request is overly burdensome, are overruled. DGA's third party privacy objection and the objection that the request is overly burdensome are sustained in part and overruled in part. DGA shall produce a sampling of the documents and communications in issue (searching by program identification number and email addresses supplied by plaintiff as detailed in Part V, infra) utilizing the protocol set forth in Part V, infra.

### 16. Request for Production No. 16

This request calls for the production of any and all lists or rosters of individuals who have performed product demonstrations for or on behalf of DGA between December 14, 2006 and the present, including but not limited to names, addresses and phone numbers of all product demonstrators who have contracted with DGA between December 14, 2006 and the present.

Plaintiff's Motion is granted in part and denied in part as to this request. Defendant's objections, other than the third party privacy objection are overruled. The Court notes that DGA represents that DGA does not "maintain" any such list. To the extent DGA does not have "possession, custody or control" (as described above) of lists or rosters of individuals who have performed product demonstrations for or on behalf of DGA during the requested time period, it would be inappropriate for the Court to order DGA to create or compile such lists/rosters and to produce them. See Alexander, 194 F.R.D. at 305, 310; Replay TV, 2002 WL 32151632 at \*2; Butler, 1990 WL 15680 at \*2. However, the Court cannot discern from DGA's choice of words, whether, despite the fact that DGA does not "maintain," such lists/rosters, it nonetheless, has possession, custody or control of such lists/rosters. To the extent DGA does have such lists/rosters in its possession, custody or control, DGA is ordered to produce such lists/rosters and to redact therefrom the contact information of those individuals who opt out in accordance with the procedures set forth in Part V, infra.

### 17. Request for Production No. 17

This request calls for the production of any documents and communications that relate or refer to the number of product demonstrations DGA has secured staffing for between December 14, 2006 and the present.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. Defendant's objections, other than its objections that the request is overbroad and that responding thereto would be unduly burdensome are overruled. Defendant's overbreadth and unduly burdensome objections are sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court and to either (1) produce documents sufficient to reflect the number of product demonstrations DGA has worked with its agency partners to secure staffing for between December 14, 2006 and the present; or (2) provide plaintiff with a declaration from a knowledgeable person setting forth such number.

### 18. Request for Production No. 18

 **\*11**  This request calls for the production of all documents and communications that relate or refer to the names of retailers or other companies DGA has secured staffing for between December 14, 2006 and the present.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. Defendant's objections, other

than its objections that the request is overbroad and that responding thereto would be unduly burdensome are overruled. Defendant's overbreadth and unduly burdensome objections are sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court and to either (1) produce documents sufficient to reflect the names of retailers or other companies DGA has worked with its agency partners to secure staffing for between December 14, 2006 and the present; or (2) provide plaintiff with a declaration from a knowledgeable person setting forth such information.

### 19. Request for Production No. 19

This request calls for the production of all documents and communications that relate or refer to any system of auditing product demonstrators or product ambassadors between December 14, 2006 and the present.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. Defendant's objections, other than its objections that the request is overbroad and that responding thereto would be unduly burdensome are overruled. Defendant's overbreadth and unduly burdensome objections are sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court. Defendant shall produce documents sufficient to reflect any system it has used to audit product demonstrators between December 14, 2006 and the present.

### 20. Request for Production No. 20

This request calls for the production of all solicitations or advertising materials DGA has prepared for its company or services between December 14, 2006 and the present.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. DGA's objections, other than its objection that the request is overly burdensome, are overruled. DGA's objection that the request is overly burdensome is sustained in part and overruled in part. DGA is ordered to produce a sampling of the documents in issue utilizing the protocol set forth in Part V, infra.

### 21. Request for Production No. 21

This request calls for the production of all event reports from December 14, 2006 to the present.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. DGA's objections, other than its objection that the request is overly burdensome, are overruled. DGA's objection that the request is overly burdensome is sustained in part and overruled in part. DGA is ordered to produce a sampling of the documents in issue utilizing the protocol set forth in Part V, infra.

### 22. Request for Production No. 22

This request calls for the production of all 1099s issued to product demonstrators from December 14, 2006 to the present (social security numbers may be redacted).

As DGA represents that it does not have any responsive documents in its possession, custody or control, Plaintiff's DGA Motion is denied with respect to this request.

### 23. Request for Production No. 23

**\*12** This request calls for the production of all corporate records, contracts, agreements or other documents that relate or refer to DGA's business affiliation with SSLLC.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. Defendant's objections, other than its objections that the request is overbroad and that responding thereto would be unduly burdensome are overruled. Defendant's overbreadth and unduly burdensome objections are sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court: Defendant shall produce documents sufficient to reflect DGA's legal relationship and business affiliation with SSLLC between December 14, 2006 and the present.

### 24. Request for Production No. 24

This request calls for the production of all corporate records, contracts, agreements or other documents that relate or refer to DGA's ownership.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. Defendant's objections, other

Case 1:19-md-02875-RMB-SAK   Document 2490-13   Filed 09/15/23   Page 10 of 17
                                          PageID: 87305

Bright v. Dennis Garberg and Associates, Inc., Not Reported in Fed. Supp. (2011)

than its objections that the request is overbroad and that responding thereto would be unduly burdensome are overruled. Defendant's overbreadth and unduly burdensome objections are sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court: Defendant shall produce documents sufficient to reflect DGA's ownership from December 14, 2006 and the present.

### 25. Request for Production No. 25

This request calls for the production of all lists, spreadsheets, rosters or other documents that relate or refer to the individuals who perform audits of promotional events for DGA between December 14, 2006 and the present.

Plaintiff's DGA Motion is granted in part and denied in part as to this request. Defendant's objections, other than its objections that the request is overbroad and that responding thereto would be unduly burdensome are overruled. Defendant's overbreadth and unduly burdensome objections are sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court and to: (1) produce documents sufficient to reflect the identities of individuals who performed audits of promotional events for DGA between December 14, 2006 and the present; or (2) provide plaintiff with a declaration from a knowledgeable person listing such individuals.

### C. Plaintiff's SSLLC Motion

### 1. Request for Production No. 1

This request calls for the production of any and all contracts between SSLLC and DGA executed between December 14, 2006 and the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. Defendant's objections, other than its objections that the request is overbroad and that responding thereto would be unduly burdensome are overruled. Defendant's overbreadth and unduly burdensome objections are sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court and to produce all contracts relating to product demonstrations between SSLLC and DGA executed between December 14, 2006 and the present, not including invoices and/or purchase orders between SSLLC and DGA.

### 2. Request for Production No. 2

*13  This request calls for the production of all invoices, bills, pay records, pay stubs, schedules and time records for production demonstrations conducted from December 14, 2006 to the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. SSLLC's objections, other than the third party privacy objection and the objection that the request is overly burdensome, are overruled. SSLLC's third party privacy objection and the objection that the request is overly burdensome are sustained in part and overruled in part. SSLLC shall produce a sampling of such items (redacting any third party contact/confidential information of individuals who opt out) utilizing the sampling protocol set forth in Part V, infra.

### 3. Request for Production No. 3

This request calls for the production of all manuals, handbooks or orientation materials applicable to product demonstrations conducted between December 14, 2006 and the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. SSLLC's objections, other than its objection that the request is overly burdensome, are overruled. SSLLC's objection that the request is overly burdensome is sustained in part and overruled in part. SSLLC must produce a sampling of such items utilizing the sampling protocol set forth in Part V, infra.

### 4. Request for Production No. 4

This request calls for the production of all documents and communications that relate or refer to the manner in which product demonstrators are scheduled for demonstration events.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. SSLLC's objections, other than its objection that the request is overly burdensome, are overruled. SSLLC's

Bright v. Dennis Garberg and Associates, Inc., Not Reported in Fed. Supp. (2011)

Case 1:19-md-02875-RMB-SAK   Document 2490-13   Filed 09/15/23   Page 11 of 17 PageID: 87306

objection that the request is overly burdensome is sustained in part and overruled in part.

The Court notes that SSLLC represents that it does not "schedule" demonstrators for events, but that it communicates with demonstrators via email regarding available events and that it receives a signed contractor agreement from each demonstrator who agrees to "accept" an event which reflects the time of the event. In any event, to the extent SSLLC has possession, custody or control over documents responsive to this request (which in the Court's view encompasses the email communications and agreements referenced), a sampling of such items must be produced. SSLLC must produce a sampling of such items utilizing the sampling protocol set forth in Part V, infra.

### 5, Request for Production No. 5

This request calls for the production of all documents and communications that refer or relate to contracts and/or agreements, oral or written, by and between SSLLC and any retail store between December 14, 2006 and the present.

As SSLLC represents that it did not enter into any such contracts with retail stores during the specified time frame and thus does not have any responsive documents in its possession, custody or control, Plaintiff's SSLLC Motion is denied with respect to this request.

### 6. Request for Production No. 6

This request calls for the production of all documents and communications that refer or relate to any policies or procedures applicable to product demonstrators between December 14, 2006 and the present.

*14 Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. SSLLC's objections, other than its objection that the request is overly burdensome, are overruled. SSLLC's objection that the request is overly burdensome is sustained in part and overruled in part. SSLLC must produce a sampling of such items utilizing the sampling protocol set forth in Part V, infra.

### 7. Request for Production No. 7

This request calls for the production of all documents and communications that refer or relate to contracts, agreements, policies and practices by which the product ambassadors are or were engaged to perform promotional services in the State of California during the relevant time period.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. SSLLC's objections, other than its objection that the request is overly burdensome, are overruled. SSLLC's objection that the request is overly burdensome is sustained in part and overruled in part. SSLLC must produce a sampling of such items utilizing the sampling protocol set forth in Part V, infra.

### 8. Request for Production No. 8

This request calls for the production of any documents and communications that refer or relate to job descriptions for field managers from December 14, 2006 to the present.

Plaintiff's SSLLC Motion is denied as to this request. SSLLC represents that it did not employ anyone as a "field manager" within the State of California from December 14, 2006 to the present and did not develop or promulgate any job descriptions for such a position during such time frame. Although plaintiff contends that SSLLC is too narrowly interpreting the term "field managers," given the absence of any definition or description of such term supplied by plaintiff in the document requests in issue, it is not unreasonable for SSLLC to interpret the term "field manager" as a job title and to respond based upon such an interpretation.

### 9. Request for Production No. 9

This request calls for the production of any document or communication, including but not limited to any job description, contract, agreement, advertisement, job listing, solicitation, procedure manual, training manual, handbook, flyer, leaflet, brochure, and/or circular which describes or relates or refers to any product ambassadors' duties and/or responsibilities in the State of California during the relevant time period or solicitation to become engaged as a product ambassador.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. SSLLC's objections, other than its objection that the request is overly burdensome, are overruled. SSLLC's

objection that the request is overly burdensome is sustained in part and overruled in part. SSLLC must produce a sampling of such items utilizing the sampling protocol set forth in Part V, infra.

### 10. Request for Production No. 10

This request calls for the production of all Marketlink reports from December 14, 2006 to the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. SSLLC's objections, other than its objection that the request is overly burdensome, are overruled. SSLLC's objection that the request is overly burdensome is sustained in part and overruled in part. SSLLC must produce a sampling of such items utilizing the sampling protocol set forth in Part V, infra.

### 11. Request for Production No. 11

**\*15** This request calls for the production of all invoices sent to DGA between December 14, 2006 and the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. SSLLC's objections, other than the third party privacy objection and the objection that the request is overly burdensome, are overruled. SSLLC's third party privacy objection and the objection that the request is overly burdensome are sustained in part and overruled in part. SSLLC must produce a sampling of such items (redacting any third party contact/confidential information of individuals who opt out) utilizing the sampling protocol set forth in Part V, infra.

### 12. Request for Production No. 12

This request calls for the production of all purchase orders sent to DGA between December 14, 2006 and the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. SSLLC's objections, other than the third party privacy objection and the objection that the request is overly burdensome, are overruled. SSLLC's third party privacy objection and the objection that the request is overly burdensome are sustained in part and overruled in part. SSLLC must produce a sampling of such items (redacting any third party contact/confidential information of individuals who opt out) utilizing the sampling protocol set forth in Part V, infra.

### 13. Request for Production No. 13

This request calls for the production of all documents and communications that relate or refer to any request by DGA to use SSLLC's staffing services between December 14, 2006 and the present, including but not limited to requests for a quotation.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. Defendant's objections, other than its objections that the request is overbroad, are overruled. Defendant's overbreadth objection is sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court and to produce documents sufficient to reflect the substance of all requests by DGA to use SSLLC's staffing services between December 14, 2006 and the present.

### 14. Request for Production No. 14

This request calls for the production of all documents and communications that relate or refer to training kits between December 14, 2006 and the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. SSLLC's objections, other than its objection that the request is overly burdensome, are overruled. SSLLC's objection that the request is overly burdensome is sustained in part and overruled in part. SSLLC must produce a sampling of such items (but need not include demonstrative aids/props, blank forms, or duplicates) utilizing the sampling protocol set forth in Part V, infra.

### 15. Request for Production No. 15

This request calls for the production of any and all documents and communications, including emails and letters, between SSLLC and any individual product demonstrator or product ambassador between December 14, 2006 and the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. SSLLC's objections, other than

the third party privacy objection and the objection that the request is overly burdensome, are overruled. SSLLC's third party privacy objection and the objection that the request is overly burdensome are sustained in part and overruled in part. SSLLC shall produce a sampling of the documents and communications in issue (searching by program identification number and email addresses supplied by plaintiff as detailed in Part V, infra) utilizing the protocol set forth in Part V, infra.

### 16. Request for Production No. 16

***16** This request calls for the production of any and all lists or rosters of individuals who have performed product demonstrations for or on behalf of SSLLC between December 14, 2006 and the present, including but not limited to names, addresses and phone numbers of all product demonstrators who have contracted with SSLLC between December 14, 2006 and the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. Defendant's objections, other than the third party privacy objection, are overruled. SSLLC is ordered to produce the documents called for this request which are within its possession, custody or control, but to redact therefrom the contact information of those individuals who opt out in accordance with the procedures set forth in Part V, infra.

### 17. Request for Production No. 17

This request calls for the production of any documents and communications that relate or refer to the number of product demonstrations SSLLC has secured staffing for between December 14, 2006 and the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. Defendant's objections, other than its objections that the request is overbroad and that responding thereto would be unduly burdensome are overruled. Defendant's overbreadth and unduly burdensome objections are sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court and to either: (1) produce documents sufficient to reflect the number of product demonstrations SSLLC has secured staffing for between December 14, 2006 and the present; or (2) provide plaintiff with a declaration from a knowledgeable person setting forth such number.

### 18. Request for Production No. 18

This request calls for the production of all documents and communications that relate or refer to the names of retailers or other companies SSLLC has secured staffing for between December 14, 2006 and the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. Defendant's objections, other than its objections that the request is overbroad and that responding thereto would be unduly burdensome are overruled. Defendant's overbreadth and unduly burdensome objections are sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court and to either: (1) produce documents sufficient to reflect the names of retailers or other companies SSLLC has secured staffing for between December 14, 2006 and the present; or (2) provide plaintiff with a declaration from a knowledgeable person setting forth such information.

### 19. Request for Production No. 19

This request calls for the production of all documents and communications that relate or refer to any system of auditing product demonstrators or product ambassadors between December 14, 2006 and the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. Defendant's objections, other than its objections that the request is overbroad and that responding thereto would be unduly burdensome are overruled. Defendant's overbreadth and unduly burdensome objections are sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court: Defendant shall produce documents sufficient to reflect any system it has used to audit product demonstrators between December 14, 2006 and the present.

### 20. Request for Production No. 20

***17** This request calls for the production of all solicitations or advertising materials SSLLC has prepared for its company or services between December 14, 2006 and the present.

Case 1:19-md-02875-RMB-SAK   Document 2490-13   Filed 09/15/23   Page 14 of 17
                                 PageID: 87309

Bright v. Dennis Garberg and Associates, Inc., Not Reported in Fed. Supp. (2011)

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. SSLLC's objections, other than its objection that the request is overly burdensome, are overruled. SSLLC's objection that the request is overly burdensome is sustained in part and overruled in part. SSLLC is ordered to produce a sampling of the documents in issue utilizing the protocol set forth in Part V, infra.

### 21. Request for Production No. 21

This request calls for the production of all event reports from December 14, 2006 to the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. SSLLC's objections, other than its objection that the request is overly burdensome, are overruled. SSLLC's objection that the request is overly burdensome is sustained in part and overruled in part. SSLLC is ordered to produce a sampling of the documents in issue utilizing the protocol set forth in Part V, infra.

### 22. Request for Production No. 22

This request calls for the production of all 1099s issued to product demonstrators from December 14, 2006 to the present (social security numbers may be redacted).

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. Defendant's objections, other than the third party privacy objection, are overruled. SSLLC is ordered to produce the subset of responsive documents in its possession, custody or control that correspond to those individuals who have not opted out and to redact social security numbers therefrom.

### 23. Request for Production No. 23

This request calls for the production of all corporate records, contracts, agreements or other documents that relate or refer to SSLLC's business affiliation with DGA.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. Defendant's objections, other than its objections that the request is overbroad and that responding thereto would be unduly burdensome are overruled. Defendant's overbreadth and unduly burdensome objections are sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court: Defendant shall produce documents sufficient to reflect SSLLC's legal relationship and business affiliation with DGA between December 14, 2006 and the present.

### 24. Request for Production No. 24

This request calls for the production of all corporate records, contracts, agreements or other documents that relate or refer to SSLLC's ownership.

Plaintiff's SSLLC's Motion is granted in part and denied in part as to this request. Defendant's objections, other than its objections that the request is overbroad and that responding thereto would be unduly burdensome are overruled. Defendant's overbreadth and unduly burdensome objections are sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court: Defendant shall produce documents sufficient to reflect SSLLC's ownership between December 14, 2006 and the present.

### 25. Request for Production No. 25

*18 This request calls for the production of all lists, spreadsheets, rosters or other documents that relate or refer to the individuals who perform audits of promotional events for SSLLC between December 14, 2006 and the present.

Plaintiff's SSLLC Motion is granted in part and denied in part as to this request. Defendant's objections, other than its objections that the request is overbroad and that responding thereto would be unduly burdensome are overruled. Defendant's overbreadth and unduly burdensome objections are sustained in part and overruled in part. Defendant is ordered to respond to this request as narrowed by the Court and to: (1) produce documents sufficient to reflect the identities of individuals who performed audits of promotional events for SSLLC between December 14, 2006 and the present; or (2) provide plaintiff with a declaration from a knowledgeable person listing such individuals.

### V. FURTHER ORDERS

A. The parties are directed to meet and confer regarding the selection of a third party to administer the below-described

Case 1:19-md-02875-RMB-SAK   Document 2490-13   Filed 09/15/23   Page 15 of 17
                                        PageID: 87310

Bright v. Dennis Garberg and Associates, Inc., Not Reported in Fed. Supp. (2011)

opt out procedure and to submit a joint report to the Court by no later than November 22, 2011 regarding the same.[12] The Court will thereafter issue an order regarding the identity of the individual who has been approved to serve as a third party administrator of the below-described opt out procedure.

B. To the extent the Court has ordered the parties to employ an opt out procedure to protect the third party privacy rights of putative plaintiffs, the parties shall utilize the following procedure:

> 1. Within seven (7) days of the issuance of the Court's order approving a third party administrator, or by November 30, 2011, whichever is later, defendants shall supply the third party administrator with (a) the names and mailing addresses of individuals who performed product demonstrations for or on behalf of SSLLC or DGA between December 14, 2006 and the present ("mailing list"); and (b) a copy of the notice attached hereto ("opt out notice");[13]
>
> 2. No later than fourteen (14) days from the third party administrator's receipt of the mailing list and opt out notice, the third party administrator shall mail the opt out notice to those persons on the mailing list and shall ensure that each such notice bears the date of mailing;
>
> 3. Upon the expiration of the opt out deadline (see supra note 13), the third party administrator shall forthwith notify defendants regarding the identity of those on the mailing list who timely returned opt out notices and those who did not return opt out notices.
>
> 4. Within fourteen (14) days of the opt out deadline, defendants shall produce contact/pertinent information/ documents otherwise called for by this Order regarding/ reflecting information about those on the mailing list who did not timely return opt out notices; and
>
> *19  5. Plaintiff shall pay half the costs of the third party administrator. Defendants shall pay half the costs of the third party administrator.

C. To the extent the Court has ordered sampling, the parties shall employ the following protocol:

> 1. Within fourteen (14) days, plaintiff shall supply defendants with no more than 100 email addresses of individuals who performed product demonstrations for or on behalf of SSLLC or DGA between December 14, 2006 and the present ("email list");
>
> 2. Within fourteen (14) days, defendants shall provide plaintiff with a list of programs and, if within their possession, custody or control, the number of events per program that ran within each year of the relevant time period (December 14, 2006 to the present), broken down by three categories of events jointly recognized by the parties: (a) Grand Opening events; (b) Fresh Fare at Home events; and (c) standard events (*i.e.*, everything else) (the "program list");[14]
>
> 3. No later than fourteen (14) days after defendants' provision of the program list to plaintiff, plaintiff shall select, by program number, 10% of the programs within each category, for each calendar year within the relevant period;
>
> 4. No later than fourteen (14) days after the opt out deadline, defendants shall produce any and all documents associated with each program selected by plaintiff (to be searched by program identification number) and any and all communications (*e.g.*, emails) with individuals on the email list (to be searched by email addresses reflected on the email list and program identification number), except that defendants shall redact from such documents/ communications the private third party information of those on the mailing list who timely returned opt out notices.

D. To the extent the Court has otherwise ordered defendants to produce documents to plaintiff, defendants shall produce such documents (from which any private information of third parties who have opted out shall be redacted), no later than fourteen (14) days after the opt out deadline.

E. Defendants' oral motion to stay the foregoing orders until the District Judge rules on the pending motions for class certification is denied.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2011 WL 13150146

## Footnotes

1  Unless otherwise indicated, all docket references are to the docket in Bright v. Dennis Garberg and Associates, Inc., etc., et al., No. CV 10-7933.

2  The parties submitted the following documents in connection with Plaintiff's Motions (1) a Joint Stipulation in support of Plaintiff's SSLLC Motion ("SSLLC Stipulation" or "SSLLC JS") (Docket No. 320); (2) a Joint Stipulation in support of Plaintiff's DGA Motion ("DGA Stipulation" or "DGA JS") (Docket No. 319); (3) a Declaration of Pieter Bogaards in support of Plaintiff's Motions ("Bogaards' Declaration" or "Bogaards Decl.") with exhibits ("Bogaards Ex.") (Docket Nos. 321-22); (4) a declaration of Matthew J. Sharbaugh in opposition to Plaintiff's Motions ("Sharbaugh Declaration" or "Sharbaugh Decl.") with exhibits ("Sharbaugh Ex.") (Docket No. 353); (5) Plaintiff's Supplemental Memorandum in Support of Plaintiff's Motions ("Plaintiff's Supplemental Memorandum" or "Plaintiff's Supp. Memo") (Docket No. 357); (6) a declaration of Pieter Bogaards in support of Plaintiff's Supplemental Memo ("Bogaards' Supplemental Declaration" or "Bogaards Supp. Decl.") with exhibits ("Bogaards Supp. Ex.") (Docket Nos. 358-59); and (7) Defendants' Supplemental Memorandum in Opposition to Plaintiff's Motions ("Defendants' Supplemental Memorandum" or "Defendants' Supp. Memo") (Docket No. 356).

3  The Lamie Complaint alleges that it is brought on behalf of the "DGA Class" and the "Temp Class." The DGA Class is alleged to consist of: "All current and former individuals, classified as independent contractors, who performed product demonstration services in California, from December 14, 2006 to the present, at promotional events for which DGA exercised, directly or indirectly, or through an agent or any other person, control over such individual's wages, hours, or working conditions[.]" The Temp Class is alleged to consist of: "All current and former individuals, classified as independent contractors, who performed product demonstration services in California, from December 14, 2006 to the present, at promotional events for which the Temp Agency exercised, directly or indirectly, or through an agent or any other person, control over such individual's wages, hours, or working conditions."

4  As explained in note 6, infra, the parties dispute whether the PAGA claim remains. The Court further notes that it appears that Lamie no longer intends to pursue her wrongful termination and retaliation claims as such claims are not referenced in plaintiffs' memorandum of contentions of fact and law (Docket No. 347) or in the parties' proposed final pretrial conference order (Docket No. 354).

5  The Bright Complaint alleges that it is brought on behalf "The Sunflower Class" which is alleged to consist of: "All current and former individuals, classified as independent contractors, who performed product demonstration services in California, from October 8, 2004 to the present, at promotional events for which Sunflower exercised, directly or indirectly, or through an agent or any other person, control over such individual's wages, hours, or working conditions."

6  On April 4, 2011, in the Bright Action, the Court granted plaintiffs' motion for leave to file the currently operative Fourth Amended Complaint over defendants' opposition. (Docket No. 126). In the April 4, 2011 order granting leave to amend, the District Judge indicated that the filing of the Fourth Amended Complaint would have no bearing on DGA's then-pending motion for summary judgment and that the Court would rule on such motion without reference to the Fourth Amended Complaint. (Docket No. 126).

On May 4, 2011, prior to the consolidation of the Lamie and Bright Actions, the District Judge granted partial summary judgment in favor of DGA in the Bright Action on multiple claims contained in the Third Amended Complaint ("TAC"), namely: (1) the failure to provide accurate wage statements claim (TAC claim 3); (2) the failure to reimburse for uniforms claim (TAC claim 8); (3) the conversion claim (TAC claim 12); (4) the UCL injunctive relief claim (TAC claim 14); and (5) the PAGA claim (TAC claim 15) (collectively "Partial

Case 1:19-md-02875-RMB-SAK   Document 2490-13   Filed 09/15/23   Page 17 of 17
                                        PageID: 87312

Bright v. Dennis Garberg and Associates, Inc., Not Reported in Fed. Supp. (2011)

Summary Judgment Claims"). (Docket No. 130). The then-named plaintiffs in the Third Amended Complaint were Samantha Keyburn, Christi Poole and Christina Tucker. (The lead plaintiff originally named in the Bright Action—Tiffany Bright—was dismissed from such action on February 28, 2011. (Docket No. 84)).

As noted above, the currently operative Fourth Amended Complaint in the Bright Action was filed on May 12, 2011. The Fourth Amended Complaint named two additional plaintiffs—Jamuna Carroll and Donna Burks. The consolidation of the Bright and Lamie Actions on July 11, 2011, effectively added a third "new" (*i.e.*, post grant of partial summary judgment) defendant—Lamie—to the Fourth Amended Complaint in the Bright Action. Defendants take the position that the May 4, 2011 order granting DGA summary judgment on the Partial Summary Claims effectively disposed of such claims vis-a-vis all plaintiffs—even the three "new" plaintiffs in the Fourth Amended Complaint. (Docket Nos. 271, 272). Plaintiffs take the position that (at least) the failure to provide accurate wage statements and PAGA claims—two of the Partial Summary Judgment Claims—remain viable as to the three new plaintiffs—Carroll, Burks and Lamie. (Docket Nos. 309, 310). (Plaintiffs apparently do not intend to pursue the three remaining Partial Summary Judgment Claims—the failure to reimburse for uniforms claim, the conversion claim, and the UCL injunctive relief claim. (Docket Nos 310, 347, 354)).

| 7 | This Court has substantially adopted the discussion of law contained in the District Judge's May 13, 2011 order granting summary judgment in favor of Ralphs. (Docket No. 139). |
|---|---|
| 8 | The wage order in issue in this case—IWC Wage Order Number 4—defines an employer as "any person defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." |
| 9 | "To suffer or permit to work" was defined by the Martinez court, which adopted the IWC definition, as follows: "A proprietor who knows that persons are working in his or her business without having been formally hired, or while being paid less than the minimum wage, clearly suffers or permits that work by failing to prevent it, while having the power to do so." Martinez, 49 Cal.4th at 69. |
| 10 | For example, even though the Bright Complaint allegations go back to October 8, 2004, the discovery requests in issue largely seek documents generated between December 14, 2006 and the present. Responses to such requests may properly be limited to the time period reflected in the requests. |
| 11 | To the extent plaintiff requests production of the laptops themselves or direct access to defendants' databases/computers, such requests are denied. |
| 12 | To the extent the parties agree upon a third party administrator, they may alternatively submit a stipulation and (proposed) order that an identified individual shall serve as the third party administrator for purposes of the opt out procedure described herein. |
| 13 | As reflected on the opt out notice, the deadline for those on the mailing list to return the opt out notice (*i.e.*, the date by which such notice must be received by the third party administrator) is twenty-one (21) days from the mailing date of the opt out notice ("opt out deadline"). |
| 14 | For 2006, the program list shall only include programs that ran from December 14, 2006 to the end of the calendar year. |

**End of Document**                                © 2023 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2023 Thomson Reuters. No claim to original U.S. Government Works.                    17