

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA  15219
412.263.2000     FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.: 412.263.1816
DIRECT FAX NO: 412.263.4246
FILE NO.:  MYLAN-112578
EMAIL:  cct@pietragallo.com

October 16, 2023

**Via ECF**

Special Master the Hon. Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower, 18th Floor
Philadelphia, PA 19103

  Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
     USDC, District of New Jersey, No. 1:19-md-2875-RBK-SAK

Dear Judge Vanaskie:

  I write on behalf of the Defendants' Executive Committee to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on Wednesday, October 18, 2023. Defendants do not anticipate that any of the matters to be discussed at the conference will require confidentiality.

  **1. Plaintiffs' Motion to Compel WeChat Production from Defendant ZHP**

  Plaintiffs filed their reply brief in support of their Motion to Compel WeChat data on October 13, 2023, and ZHP will be prepared to present oral argument responding to that motion at the biweekly conference.

  In advance of that hearing, ZHP notes that there are several misstatements in Plaintiffs' briefing that bear correction.

  *First*, Plaintiffs state that it is unclear whether ZHP issued (or reimbursed employees for) smartphones capable of accessing WeChat to its employees. (Pls.' Reply at 1.) Mr. Zhou made clear, however, that ZHP did not provide any employees with a smartphone prior to 2020 (Zhou ¶ 5); the only phones issued by ZHP after 2020 are explosion-proof phones (for use in hazardous environments); only four custodians have such phones; and they have all been configured to prevent the installation of WeChat.

  *Second*, Plaintiffs reference 2,356 documents containing the term "WeChat," as though this shows that WeChat was widely used in the company. As previously explained, however, many Chinese citizens use WeChat for phone calls, much like WhatsApp is used outside China. As such, people often include their WeChat credentials in their signature blocks on email. That does not in

Special Master the Honorable Thomas Vanaskie
October 16, 2023
Page 2

any way contravene ZHP policy prohibiting the use of WeChat to conduct **written** communication for business purposes. (Zhou ¶ 6; Zhou Decl., Ex. 1, § 4.3.1 (4).) And the **vast majority** of the 2,356 documents cited in plaintiffs' brief as containing the term "WeChat" merely consist of WeChat contact information in a signature block or a reference to a call using WeChat. That is completely consistent with ZHP policy.

*Third*, Plaintiffs claim that any WeChat communications collected would be "*ipso facto* relevant" because "the terms are tailored to pull information relevant to this case, not the personal lives of ZHP's employees." (Pls.' Reply at 4, 7; *see also id.* at 7 (arguing that Dr. Creemers' privacy concerns reflect his "misunderstand[ing of] the discovery process in this case").) Plaintiffs' argument misses a fundamental point: in order to search the WeChat communications using the specified terms, *all* texts on an employee's WeChat account would need to be collected and processed. This could include texts with an employee's spouse, children, friends, healthcare providers, or financial advisors – virtually any personal text communication by an employee. Moreover, even if a custodian consented to such a broad collection, the search terms in this litigation include broad terms that would sweep in highly personal communications, such as "cancer," "prostate," "stomachache" and "ghost." As such, plaintiffs' contention that their request is narrow and will not intrude on the personal lives of ZHP employees is patently incorrect.

In short, Plaintiffs' brief fails to show that isolated references to WeChat merit a highly burdensome, intrusive endeavor, whereby ZHP would have to order employees to turn over their phones, contrary to basic privacy expectations and Chinese law. Plaintiffs have millions of pages of discovery, and there is no reason to believe that WeChat data would contain relevant, non-cumulative communications that would have any meaningful benefit for plaintiffs' case.

**2. ZHP's Motion to Seal Portions of Dr. Xue's Expert Report.**

The parties have fully briefed the issue and the ZHP Defendants are prepared to present argument during the status conference with the Court.

Respectfully submitted,

Clem C. Trischler

c: All counsel of record (via ECF)