## EXHIBIT A

Voluntary Petition of
Rite Aid Corporation
Under Chapter 11 of the Bankruptcy Code

| Fill in this information to identify the case: |
|---|

United States Bankruptcy Court for the:

**District of New Jersey**
(State)

Case number *(if known)*: _____  Chapter __11__

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Rite Aid Corporation** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **23-1614034** |

4. **Debtor's address**

**Principal place of business**

**1200 Intrepid Avenue, 2nd Floor**
Number     Street

**Philadelphia,**     **Pennsylvania**     **19122**
City          State          Zip Code

**Philadelphia County**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                State     Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                State     Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.riteaid.com/** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

| Debtor | **Rite Aid Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5511**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| | District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | MM/DD/YYYY | Case number | |

| Debtor | **Rite Aid Corporation** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|---|
| | District | **New Jersey** | When | **10/15/2023** |
| | | | | MM / DD / YYYY |
| | Case number, if known | | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City                          State        Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 |
| ☐ 200-999 | | |

---

| Debtor | **Rite Aid Corporation** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| **15. Estimated assets (on a consolidated basis)** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __10/15/2023__
         MM/ DD / YYYY

✗   _/s/ Jeffrey S. Stein_               Jeffrey S. Stein
     Signature of authorized representative of debtor       Printed name

Title   **Chief Executive Officer and Chief Restructuring Officer**

| **18. Signature of attorney** | ✗   _/s/ Michael D. Sirota_      Date   __10/15/2023__ |
|---|---|
| |     Signature of attorney for debtor       MM/DD/YYYY |

**Michael D. Sirota**
Printed name

**Cole Schotz P.C.**
Firm name

**25 Main Street**
Number        Street

| **Hackensack** | **NJ** | **07601** |
|---|---|---|
| City | State | ZIP Code |

| **(201) 489-3000** | **msirota@coleschotz.com** |
|---|---|
| Contact phone | Email address |

| **014321986** | **NJ** |
|---|---|
| Bar number | State |

Official Form 201A

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RITE AID CORPORATION, | ) Case No. 23-_____(___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __1-5742__

2. The following financial data is the latest available information and refers to the debtor's condition on __June 3, 2023__

| | | | | Approximate number of holders: |
|---|---|---|---|---|
| (a) Total assets | | $ | 7,650,418,000 | |
| (b) Total debts (including debts listed in 2.c., below) | | $ | 8,597,866,000 | |
| (c) Debt securities held by more than 500 holders | | | | |
| secured ☐ unsecured ☐ subordinated ☐ | | $ | | |
| secured ☐ unsecured ☐ subordinated ☐ | | $ | | |
| secured ☐ unsecured ☐ subordinated ☐ | | $ | | |
| secured ☐ unsecured ☐ subordinated ☐ | | $ | | |
| secured ☐ unsecured ☐ subordinated ☐ | | $ | | |
| (d) Number of shares of preferred stock | | | 0 | |
| (e) Number of shares of common stock | | | 56,696,332 | |

Comments, if any:

3. Brief description of debtor's business: __Operator of over 2,000 retail pharmacy locations and a nationwide pharmacy benefits management business conducting business under the names Rite Aid, Elixir, Bartell Drugs, and Health Dialog.__

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
__N/A__

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| **District of New Jersey** |
| (State) |
| Case number *(if known):* _____ Chapter ___11___ |

☐ Check if this is an
amended filing

<u>**Rider 1**</u>
<u>**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**</u>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Rite Aid Corporation.

- Rite Aid Corporation
- 1515 West State Street, Boise, Idaho, LLC
- 1740 Associates, L.L.C.
- 4042 Warrensville Center Road - Warrensville Ohio, Inc.
- 5277 Associates, Inc.
- 5600 Superior Properties, Inc.
- Advance Benefits, LLC
- Apex Drug Stores, Inc.
- Ascend Health Technology LLC
- Broadview and Wallings-Broadview Heights Ohio, Inc.
- Design Rx Holdings LLC
- Design Rx, LLC
- Designrxclusives, LLC
- Drug Palace, Inc.
- Eckerd Corporation
- EDC Drug Stores, Inc.
- Elixir Holdings, LLC
- Elixir Pharmacy, LLC
- Elixir Puerto Rico, Inc.
- Elixir Rx Options, LLC
- Elixir Rx Solutions of Nevada, LLC
- Elixir Rx Solutions, LLC
- Elixir Rx Solutions, LLC
- Elixir Savings, LLC
- First Florida Insurers of Tampa, LLC
- GDF, Inc.
- Genovese Drug Stores, Inc.
- Gettysburg and Hoover-Dayton, Ohio, LLC
- Grand River & Fenkell, LLC
- Harco, Inc.
- Health Dialog Services Corporation
- Hunter Lane, LLC
- ILG – 90 B Avenue Lake Oswego, LLC
- JCG (PJC) USA, LLC
- JCG Holdings (USA), Inc.

- Juniper Rx, LLC
- K & B Alabama Corporation
- K & B Louisiana Corporation
- K & B Mississippi Corporation
- K & B Services, Incorporated
- K & B Tennessee Corporation
- K&B Texas Corporation
- K & B, Incorporated
- Lakehurst and Broadway Corporation
- Laker Software, LLC
- LMW – 90B Avenue Lake Oswego, Inc.
- Maxi Drug North, Inc.
- Maxi Drug South, L.P.
- Maxi Drug, Inc.
- Maxi Green Inc.
- Munson & Andrews, LLC
- Name Rite, L.L.C.
- P.J.C. Distribution, Inc.
- P.J.C. Realty Co., Inc.
- PDS-1 Michigan, Inc.
- Perry Drug Stores, Inc.
- PJC Lease Holdings, Inc.
- PJC Manchester Realty LLC
- PJC of Massachusetts, Inc.
- PJC of Rhode Island, Inc.
- PJC of Vermont Inc.
- PJC Peterborough Realty LLC
- PJC Realty MA, Inc.
- PJC Revere Realty LLC
- PJC Special Realty Holdings, Inc.
- RCMH LLC
- RDS Detroit, Inc.
- READ's Inc.
- RediClinic Associates, Inc.
- RediClinic of Dallas-Fort Worth, LLC
- RediClinic of DC, LLC
- RediClinic of DE, LLC

- RediClinic of MD, LLC
- RediClinic of PA, LLC
- RediClinic of VA, LLC
- RediClinic LLC
- RediClinic US, LLC
- Richfield Road – Flint, Michigan, LLC
- Rite Aid Drug Palace, Inc.
- Rite Aid Hdqtrs. Corp.
- Rite Aid Hdqtrs. Funding, Inc.
- Rite Aid Lease Management Company
- Rite Aid of Connecticut, Inc.
- Rite Aid of Delaware, Inc.
- Rite Aid of Georgia, Inc.
- Rite Aid of Indiana, Inc.
- Rite Aid of Kentucky, Inc.
- Rite Aid of Maine, Inc.
- Rite Aid of Maryland, Inc.
- Rite Aid of Michigan, Inc.
- Rite Aid of New Hampshire, Inc.
- Rite Aid of New Jersey, Inc.
- Rite Aid of New York, Inc.
- Rite Aid of North Carolina, Inc.
- Rite Aid of Ohio, Inc.
- Rite Aid of Pennsylvania, LLC
- Rite Aid of South Carolina, Inc.
- Rite Aid of Tennessee, Inc.
- Rite Aid of Vermont, Inc.
- Rite Aid of Virginia, Inc.
- Rite Aid of Washington, D.C. Inc.
- Rite Aid of West Virginia, Inc.
- Rite Aid Online Store, Inc.
- Rite Aid Payroll Management, Inc.
- Rite Aid Realty Corp.
- Rite Aid Rome Distribution Center, Inc.
- Rite Aid Specialty Pharmacy, LLC
- Rite Aid Transport, Inc.
- Rite Investments Corp.
- Rite Investments Corp., LLC
- Rx Choice, Inc.
- Rx Initiatives, L.L.C.
- Rx USA, Inc.
- The Bartell Drug Company
- The Jean Coutu Group (PJC) USA, Inc.
- The Lane Drug Company
- Thrift Drug, Inc.
- Thrifty Corporation
- Thrifty PayLess, Inc.
- Tonic Procurement Solutions, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RITE AID CORPORATION, | ) | Case No. 23-[_____] (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| N/A | N/A | N/A |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case. *By the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitted a Separate Mailing Matrix for Each Debtor, (c) Redact Certain Personally Identifiable Information of Natural Persons, (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all its equity security holders.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| RITE AID CORPORATION, | ) Case No. 23-[_____] (____) |
| Debtor. | ) |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

       Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, there are no corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest.

Fill in this information to identify the case:

Debtor name: Rite Aid Corporation
United States Bankruptcy Court for the: District of New Jersey
Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MCKESSON CORPORATION 6555 STATE HWY 161 IRVING, TX 75039 UNITED STATES | Attn: Brian S. Tyler Title: Chief Executive Officer Phone: On File | TRADE PAYABLES | | | | $667,570,707 |
| 2 | U.S. BANK TRUST NATIONAL ASSOCIATION 300 E DELAWARE AVE WILMINGTON, DE 19809 UNITED STATES | Attn: Donnie Hurrelbrink, Angela Davis, Martha Earley, Jason R. Dressel, Jay Paulson, Christine Robinette Title: Vice President Phone: On File Email: On File Fax: 651-466-7431 | 7.7% NOTES DUE FEBRUARY 2027 | | | | $199,691,000 |
| 3 | HUMANA HEALTH PLAN, INC. C/O CROWELL & MORING LLP 1001 PENNSYLVANIA AVENUE, NW WASHINGTON, DC 20004 UNITED STATES | Attn: Keith J. Harrison, Esq. Phone: On File Email: On File Fax: 202-628-5116 | LITIGATION | | | | $136,832,724 |
| 4 | LOYD F. SCHMUCKLEY JR., RELATOR C/O CALIFORNIA DEPARTMENT OF JUSTICE, OFFICE OF THE ATTORNEY GENERAL 1300 "I" STREET SACRAMENTO, CA 95814-2919 UNITED STATES | Attn: Emmanuel R. Salazar and Bernice L. Louie Yew Phone: On File Email: On File | LITIGATION | | | | $58,000,000 |
| 5 | SEQIRUS USA INC 25 DEFOREST AVE SUMMIT, NJ 07901 UNITED STATES | Attn: Stephen Marlow Title: Senior Vice President Phone: On File | TRADE PAYABLES | | | | $35,414,901 |
| 6 | MEDICAL CARD SYSTEM MCS PLAZA 1 ER PISO SUITE 105 255 AVE PONCE DE LEON SAN JUAN, 00916-1919 PUERTO RICO | Attn: Jim O'Drobinak Title: Chief Executive Officer Phone: On File | CUSTOMER LIABILITIES | | | | $28,109,859 |
| 7 | PRISMA HEALTH 2806 S GARFIELD STREET MISSOULA, MT 59801 UNITED STATES | Attn: Mark S. O'Halla Title: President and Chief Executive Officer Phone: On File Email: On File | CUSTOMER LIABILITIES | | | | $12,355,499 |
| 8 | AMERISOURCEBERGEN DRUG CORP ELEVATE 1300 MORRIS DRIVE CHESTERBROOK, PA 19087 UNITED STATES | Attn: Steven H. Collis Title: Chief Executive Officer Phone: On File Fax: 800-640-5221 | TRADE PAYABLES | | | | $11,839,180 |
| 9 | UFCWNORCAL 2200 PROFESSIONAL DRIVE ROSEVILLE, CA 95661 UNITED STATES | Attn: Jacques Loveall Title: President Phone: On File Fax: 916-786-0958 | CUSTOMER LIABILITIES | | | | $10,264,901 |
| 10 | WALGREENS DRUG STORES 200 WILMOT RD DEERFIELD, IL 60015-4260 UNITED STATES | Attn: Jeff Gruener Title: Senior Vice President and Chief Financial Officer Email: On File | CUSTOMER LIABILITIES | | | | $9,502,225 |
| 11 | BRIGHT HEALTH PLANS 8000 NORMAN CENTER DRIVE SUITE 1200 MINNEAPOLIS, MN 55437 UNITED STATES | Attn: Jay Matushak Title: Chief Financial Officer Email: On File | CUSTOMER LIABILITIES | | | | $8,757,822 |
| 12 | CVS HEALTH CORP 1 CVS DRIVE WOONSOCKET, RI 02895 UNITED STATES | Attn: Karen S. Lynch Title: Chief Executive Officer Phone: On File | CUSTOMER LIABILITIES | | | | $7,140,208 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | ACON LABORATORIES 10125 MESA RIM RD SAN DIEGO, CA 92121 UNITED STATES | Attn: Lin Jixun Title: Chief Executive Officer Phone: On File Fax: 858-200-0729 | TRADE PAYABLES | | | | $6,993,904 |
| 14 | IMARI ANDREWS, ET AL. C/O FITAPELLI & SCHAFFER, LLP 28 LIBERTY STREET, 30TH FLOOR NEW YORK, NY 10005 UNITED STATES | Attn: Brian S. Schaffer, Esq.and Hunter G Benharris, Esq. Phone: On File | LITIGATION | | | | $6,450,000 |
| 15 | COX HEALTHPLANS MEDICAL MILE PLAZA 3200 S. NATIONAL, BUILDING B SPRINGFIELD, MO 65807 UNITED STATES | Attn: Max D. Buetow Title: Chief Executive Officer Phone: On File Email: On File Fax: 417-269-9599 | CUSTOMER LIABILITIES | | | | $5,507,776 |
| 16 | VIRGINIA PREMIER HEALTHPLANS 600 E BROAD ST ST# 400 RICHMOND, VA 23219 UNITED STATES | Attn: Linda Hines Title: Chief Executive Officer Phone: On File Email: On File | CUSTOMER LIABILITIES | | | | $5,355,911 |
| 17 | MASSACHUSETTS MEDICAID (MASS HEALTH) 2 COPLEY PLACE, SUITE 600 BOSTON, MA 02116 | Attn: David Seltz Title: Executive Director Phone: On File | CUSTOMER LIABILITIES | | | | $5,330,893 |
| 18 | THE KROGER COMPANY 1014 VINE STREET CINCINNATI, OH 45202-1100 UNITED STATES | Attn: Rodney McMullen Title: Chief Executive Officer Phone: On File Fax: 513-762-1575 | CUSTOMER LIABILITIES | | | | $4,717,151 |
| 19 | FRESNO UNIFIED SCHOOL DISTRICT 2309 TULARE STREET FRESNO, CA 93721 UNITED STATES | Attn: Bob Nelson Ed.D. Title: Superintendent Phone: On File Email: On File | CUSTOMER LIABILITIES | | | | $4,634,494 |
| 20 | WALMART STORES BANK OF AMERICA 702 SW 8TH ST. BENTONVILLE, AR 72716 UNITED STATES | Attn: Doug McMillon Title: Chief Executive Officer Phone: On File Email: On File | CUSTOMER LIABILITIES | | | | $4,501,584 |
| 21 | AMWINS 4725 PIEDMONT ROW DRIVE SUITE 600 CHARLOTTE, NC 28210 UNITED STATES | Attn: James Drinkwater Title: President Phone: On File | CUSTOMER LIABILITIES | | | | $4,442,959 |
| 22 | TAKECARE INSURANCE 219 S MARINE CORPS DRIVE SUITE 200 TAMUNING, 96913 GUAM | Attn: Joseph Husslein Title: President Phone: On File Fax: 671-647-3551 | CUSTOMER LIABILITIES | | | | $4,418,756 |
| 23 | THE CITY OF MURFREESBORO 111 WEST VINE STREET MURFREESBORO, TN 37130 UNITED STATES | Attn: Tara MacDougall Title: Chief Executive Officer Phone: On File Fax: 615-849-2679 | CUSTOMER LIABILITIES | | | | $4,264,934 |
| 24 | SPECIAL CARE PHARMACY SERVICES LLC 55 ARZUAGA STREET SAN JUAN, 00925 PUERTO RICO | Attn: José Rojas Title: Chief Executive Officer Phone: On File Fax: 787-783-2951 | CUSTOMER LIABILITIES | | | | $4,149,867 |
| 25 | FGX INTERNATIONAL 500 GEORGE WASHINGTON HIGHWAY SMITHFIELD, RI 02917 UNITED STATES | Attn: Diana Pooles Title: President Phone: On File Fax: 401-232-7235 | TRADE PAYABLES | | | | $3,996,144 |
| 26 | VALLEY HEALTH SYSTEM 220 CAMPUS BLVD. SUITE 420 WINCHESTER, VA 22601 UNITED STATES | Attn: Mark Nantz, MHA Title: Chief Executive Officer Phone: On File | CUSTOMER LIABILITIES | | | | $3,993,984 |
| 27 | VAXSERVE INC 54 GLENMAURA NATIONAL BLVD STE 301 MOOSIC, PA 18507-2101 UNITED STATES | Attn: Wayne Pisano Title: Chief Executive Officer Phone: On File | TRADE PAYABLES | | | | $3,902,246 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 DEACONESS HEALTH SYSTEM 600 MARY ST. EVANSVILLE, IN 47747 UNITED STATES | Attn: Shawn McCoy Title: Chief Executive Officer Phone: On File | CUSTOMER LIABILITIES | | | | $3,819,536 |
| 29 JOHNSON COUNTY, KANSAS COUNTY ADMINISTRATION BUILDING 111 S. CHERRY ST. OLATHE, KS 66061 UNITED STATES | Attn: Amy Meeker-Berg Title: County Clerk Phone: On File | CUSTOMER LIABILITIES | | | | $3,775,052 |
| 30 PROVIDER PAY 6555 STATE HWY 161 IRVING, TX 75039 UNITED STATES | Attn: Brian S. Tyler Title: Chief Executive Officer Phone: On File | CUSTOMER LIABILITIES | | | | $3,191,301 |
| 31 CVS PROCARE PHARMACY INC ONE CVS DRIVE WOONSOCKET, RI 02895 UNITED STATES | Attn: Prem Shah Title: Executive Vice President Phone: On File Fax: 212-645-1429 | CUSTOMER LIABILITIES | | | | $3,144,990 |
| 32 HUDSON RPM DIST LLC 8 COTTON RD NASHUA, NH 03063 UNITED STATES | Attn: John Geoghan Title: Vice President Phone: On File | TRADE PAYABLES | | | | $3,084,084 |
| 33 CITY OF WICHITA 455 N. MAIN WICHITA, KS 67202 UNITED STATES | Attn: Robert Layton Title: City Manager Phone: On File Email: On File | CUSTOMER LIABILITIES | | | | $3,052,678 |
| 34 ONCO360 13410 EASTPOINT CENTRE DRIVE LOUISVILLE, KY 40223 UNITED STATES | Attn: Paul Jardina Title: Chief Executive Officer Phone: On File Email: On File Fax: 877-662-6355 | CUSTOMER LIABILITIES | | | | $2,916,541 |
| 35 GALLAGHER PHARMACY ALLIANCE 2850 GOLF ROAD ROLLING MEADOWS, IL 60008 UNITED STATES | Attn: Laura Mendise Title: Area Vice President Phone: On File | CUSTOMER LIABILITIES | | | | $2,834,494 |
| 36 OHIO LABORERS DISTRICT COUNCIL OF OHIO 800 HILLSDOWNE ROAD WESTERVILLE, OH 43081 UNITED STATES | Attn: Ralph E. Cole Title: Board Chairman Phone: On File Email: On File Fax: 614-895-8082 | CUSTOMER LIABILITIES | | | | $2,784,889 |
| 37 WEST VIRGINIA SENIOR ADVANTAGE STONERISE SERVICES, LLC 30 MON HEALTH DRIVE, BLDG 2 MORGANTOWN, WV 26505 UNITED STATES | Attn: Tomi McMillian Title: Executive Director Fax: 888-918-2992 | CUSTOMER LIABILITIES | | | | $2,770,513 |
| 38 SOUTHERN GLAZER'S CA/COASTAL 2400 SW 145TH AVENUE, SUITE 200 MIRAMAR, FL 33027 UNITED STATES | Attn: Wayne Chaplin Title: Chief Executive Officer Phone: On File | TRADE PAYABLES | | | | $2,730,041 |
| 39 FORVIS, LLP 1155 AVENUE OF THE AMERICAS SUITE 1200 NEW YORK, NY 10036-2711 UNITED STATES | Attn: Megan Adams Title: Managing Director Phone: On File | CUSTOMER LIABILITIES | | | | $2,662,144 |
| 40 GMS BENEFITS 3750 TIMBERLAKE DR. RICHFIELD, OH 44286 UNITED STATES | Attn: Rick Melin Title: Senior Vice President Phone: On File Email: On File Fax: 306-525-6360 | CUSTOMER LIABILITIES | | | | $2,620,676 |
| 41 ACCREDO HEALTH GROUP INC 1640 CENTURY CENTER PARKWAY MEMPHIS, TN 38134 UNITED STATES | Attn: Timothy Wentworth Title: Chief Executive Officer Phone: On File | CUSTOMER LIABILITIES | | | | $2,481,314 |
| 42 NORTHWEST IRONWORKERS 7525 SE 24TH STREET SUITE 200 MERCER ISLAND, WA 98040 UNITED STATES | Attn: Teri Robinson Title: Chief Executive Officer Phone: On File | CUSTOMER LIABILITIES | | | | $2,444,090 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 43 | FRITO-LAY, INC 7701 LEGACY DRIVE PLANO, TX 75024-4099 UNITED STATES | Attn: Steven Williams Title: Chief Executive Officer Phone: On File | TRADE PAYABLES | | | | $2,408,923 |
| 44 | VONS COMPANIES INC 618 MICHILLINDA AVE. ARCADIA, CA 91007-6300 UNITED STATES | Attn: Jeannie Arell Title: Chief Executive Officer Phone: On File Email: On File | CUSTOMER LIABILITIES | | | | $2,270,436 |
| 45 | PEPSI-COLA 700 ANDERSON HILL RD PURCHASE, NY 10577 UNITED STATES | Attn: Ramon Laguarta Title: Chief Executive Officer Phone: On File | TRADE PAYABLES | | | | $2,202,582 |
| 46 | WENTWORTH DOUGLAS HOSPITAL 789 CENTRAL AVENUE DOVER, NH 03820 UNITED STATES | Attn: Jeff Hughes Title: President Phone: On File | CUSTOMER LIABILITIES | | | | $2,185,395 |
| 47 | LINDT ONE FINE CHOCOLATE PLACE STRATHAM, NH 03885 UNITED STATES | Attn: Adalbert Lechner Title: Chief Executive Officer Phone: On File | TRADE PAYABLES | | | | $2,181,793 |
| 48 | NORTHWEST SHEET METAL WORKERS 1322 N POST PLACE SPOKANE, WA 99201 UNITED STATES | Attn: Bernie Antchak Title: Chief Executive Phone: On File Fax: 509-535-7883 | CUSTOMER LIABILITIES | | | | $2,076,639 |
| 49 | CARE N CARE 1701 RIVER RUN SUITE 402 FORT WORTH, TX 76101 UNITED STATES | Attn: Thomas G. Wilson Title: Vice President Phone: On File | CUSTOMER LIABILITIES | | | | $2,064,991 |
| 50 | HARRIS TRUST AND SAVINGS BANK C/O HARRIS TRUST COMPANY OF NEW YORK 88 PINE STREET, 19TH FLOOR NEW YORK, NY 10005 UNITED STATES | Attn: M.A. Brown Title: President Phone: On File | 6.875% FIXED-RATE SENIOR NOTES DUE DECEMBER 2028 | | | | $2,046,000 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Rite Aid Corporation |
| United States Bankruptcy Court for the: | **District of New Jersey** |
| | (State) |
| Case number (If known): | |

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | <u>10/15/2023</u> | ☒ */s/ Jeffrey S. Stein* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Jeffrey S. Stein** |
| | | Printed name |
| | | **Chief Executive Officer and Chief Restructuring Officer** |
| | | Position or relationship to debtor |

**Official Form 202**           **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS WRITTEN CONSENT**
**OF THE BOARD OF DIRECTORS, MANAGERS, OR**
**SIMILAR GOVERNING BODY OR ENTITY, AS APPLICABLE, OF EACH OF**
**THE COMPANIES SET FORTH ON <u>EXHIBIT A</u> ATTACHED HERETO**

**October 15, 2023**

We, the undersigned, are the requisite members of the board of directors, managers, or similar governing body or the sole member or sole managing member (each, an "**Authorizing Body**" and, collectively, the "**Authorizing Bodies**"), as applicable, of each of the companies set forth on **Exhibit A** attached hereto (each, a "**Company**" and collectively, the "**Companies**"), and each organized and existing under the internal laws of the state of incorporation or formation, as applicable, as set forth in each Company's applicable governing documents. Each Authorizing Body hereby takes the following actions and adopts the following resolutions by written consent, pursuant to each Company's bylaws, limited liability company agreement, or such similar governing document and the applicable laws of the jurisdiction of incorporation or formation, as applicable, in which each Company is organized.

**RESOLUTIONS**

**WHEREAS**, following extensive, good-faith, arm's length negotiations, the Companies have reached an agreement in principle with certain of their major stakeholders on the terms of a comprehensive restructuring transaction as set forth in the restructuring support agreement (the "**Restructuring Support Agreement**") and the restructuring term sheet (the "**Restructuring Term Sheet**") provided to each Authorizing Body in advance of the meeting, which documents, among other things, the support of those stakeholders with respect to the implementation of a plan of reorganization (the "**Plan**") under chapter 11 of the Bankruptcy Code (as defined below) that is consistent in all material respects with the Restructuring Term Sheet;

**WHEREAS**, each Authorizing Body, has reviewed and considered: (i) the certain governance matters described below in greater detail; (ii) the filing of a voluntary petition (each, a "**Bankruptcy Petition**," and collectively, the "**Bankruptcy Petitions**") for relief for its respective Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**") pursuant to applicable law and in accordance with the requirements of its respective Company's governing documents and applicable law (the "**Restructuring Matters**"); (iii) authorizing entry into and performance under the DIP Facility Documents (as defined herein) and the Restructuring Support Agreement (as defined herein); and (iv) the retention of professionals by the Companies; and

**WHEREAS**, each Authorizing Body has reviewed and considered the materials presented by its respective Company's financial and legal advisors, the Plan contemplated by the Restructuring Term Sheet and Restructuring Support Agreement, and any disclosure statement relating to such Plan (as amended, supplemented, or otherwise modified from time to time, the "**Disclosure Statement**"), and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and fully consider each of the strategic alternatives available to its respective Company.

NOW, THEREFORE, IT IS HEREBY RESOLVED, that, pursuant to the applicable governing documents of the Companies, each Authorizing Body does hereby adopt, on behalf of the Company of which it is the Authorizing Body, the following resolutions, as applicable:

*Governance Matters*

RESOLVED, that Jeffrey Stein is hereby appointed to serve as (i) Chief Executive Officer and Chief Restructuring Officer of the Companies and (ii) a director on the board of directors of Rite Aid Corporation (the "**Parent Board**"); and

RESOLVED, that Marc Liebman is hereby appointed to serve as Chief Transformation Officer of the Companies.

*Chapter 11 Filing*

RESOLVED, that in the business judgment of each Authorizing Body, it is desirable and in the best interest of each respective Company, the stakeholders, the creditors, and other parties in interest, that each Company files or causes to be filed the Bankruptcy Petitions under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements in each Company's governing documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions;

RESOLVED, that any director, manager or duly appointed officer of any Company (collectively, the "**Authorized Persons**"), which shall include, but not be limited to, the Chief Transformation Officer, Chief Executive Officer, Chief Restructuring Officer, Chief Financial Officer, General Counsel, any Executive Vice President, or any Senior Vice President, shall be, and each of them individually hereby is, authorized and directed for and on behalf of the applicable Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of the applicable Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons delegate certain responsibilities, be, and hereby are, authorized to execute and file on behalf of the applicable Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the applicable Company's or any of its subsidiaries' businesses;

*Retention of Professionals*

RESOLVED, that each of the Authorized Persons, be, and hereby is, authorized, empowered, and directed to employ on behalf of each applicable Company: (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "**Kirkland**") as bankruptcy counsel; (ii) the law firm of Cole Schotz P.C. as local bankruptcy counsel; (iii) Guggenheim Partners as investment banker; (iv) Alvarez & Marsal North America, LLC as financial, tax, and restructuring advisor; (v) Kroll Restructuring Administration as claims and noticing agent; (vi) Wilson Sonsini Goodrich & Rosati P.C. as counsel to the Parent Board; (vii) Katten Muchin Rosenman, LLP, as counsel to the disinterested directors of Hunter Lane, LLC; (viii) Milbank LLP as counsel to the disinterested directors of Thrifty

PayLess, Inc.; (ix) Kobre & Kim as counsel to the disinterested directors of Rite Aid Corporation; and (x) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorized Persons deem necessary, appropriate or advisable; each to represent and assist the Companies in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons, be, and hereby are authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

**RESOLVED**, that each of the Authorized Persons, be, and hereby is, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate or desirable in accordance with these resolutions;

### Restructuring Support Agreement, Chapter 11 Plan, and Disclosure Statement

**RESOLVED**, that the Companies are hereby authorized to finalize, execute, and deliver the Restructuring Support Agreement, substantially on the terms set forth in the Restructuring Term Sheet and Restructuring Support Agreement provided to each Authorizing Body in advance of the meeting, subject to appropriate modifications and final negotiations, and each of the Authorized Persons be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the Companies to execute, deliver, and perform the transactions contemplated under the Restructuring Support Agreement in the name and on behalf of each Company, with such changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

**RESOLVED**, that the form, terms, and provisions of the Restructuring Support Agreement and the agreements and transactions contemplated by the Restructuring Support Agreement are hereby authorized, adopted, and approved by the special committee of the Parent Board (the "**Parent Special Committee**");

**RESOLVED**, that the Authorized Persons' execution and delivery on behalf of the Companies, and the Companies' performance of their obligations in connection with, the Restructuring Support Agreement or any other transactions or actions contemplated therein and in the foregoing resolutions are hereby, in each case, in all respects, authorized, and approved;

**RESOLVED**, that in the business judgment of each Authorizing Body, it is desirable and in the best interests of each Company, its creditors, and other stakeholders that the Authorized Persons file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents related thereto, and to take any and all actions that each Authorizing Body deems necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan;

**RESOLVED**, that the form, terms, and provisions of the Plan and Disclosure Statement are hereby approved by the Parent Special Committee;

RESOLVED, that each Authorized Person be, and hereby is, authorized, empowered, and directed, together with the financial and legal advisors of the Companies, to file all other documents as each, in his or her discretion, may deem necessary or advisable to confirm a chapter 11 plan of reorganization that is materially consistent with the Plan; and

RESOLVED, that each Authorized Person be, and hereby is, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate a chapter 11 plan of reorganization that is materially consistent with the Plan if confirmed by the Bankruptcy Court;

### *Use of Cash Collateral, Debtor-In-Possession Financing, and Adequate Protection*

RESOLVED, that in the business judgment of the applicable Authorizing Bodies, it is desirable and in the best interest of the respective Companies, their stakeholders, their creditors, and other parties in interest to obtain the benefits of (i) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code ("**Cash Collateral**"), which is security for (a) certain of the Companies' prepetition asset-based lenders (the "**Prepetition ABL/FILO Lenders**") under that certain Credit Agreement, dated as of December 20, 2018, as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, by and among Rite Aid Corporation, as borrower, the lenders from time to time party thereto, the guarantors party thereto, and Bank of America, N.A., as administrative agent and collateral agent and (b) certain holders of the Company's prepetition secured notes (the "**Prepetition Secured Noteholders**") pursuant to those certain Secured Note Agreements, dated as of February 5, 2020 and July 27, 2020, respectively, as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, by and among Rite Aid Corporation, as issuer, the guarantors party thereto, and the Bank of New York Mellon Trust Company, N.A, as trustee and as notes collateral agent; and (ii) the incurrence of debtor-in-possession financing obligations ("**DIP Financing**") by entering into or otherwise joining (a) that certain Debtor-In-Possession Credit Agreement (together with all exhibits, schedules, and annexes thereto, as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**ABL/FILO DIP Credit Agreement**") by and among Rite Aid Corporation, as borrower, the other Companies, as guarantor parties thereto, the financial institutions from time to time party thereto and their successors and assigns (collectively the "**ABL/FILO DIP Lenders**"), and Bank of America, N.A., in its capacity as administrative agent and collateral agent (in such capacity and together with any successor or assigns, the "**ABL/FILO DIP Agent**") on the terms and conditions set forth therein; and (b) that certain Debtor-In-Possession Term Loan Agreement (together with all exhibits, schedules, and annexes thereto, as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP Term Loan Credit Agreement**," and together with the ABL/FILO DIP Credit Agreement, the "**DIP Credit Agreements**") by and among Rite Aid Corporation, as borrower, the other Companies, as guarantor parties thereto, the financial institutions from time to time party thereto and their successors and assigns (collectively, the "**DIP Term Loan Lenders**"), and Bank of America, N.A., in its capacity as administrative agent and collateral agent (in such capacity and together with any successor or assigns, the "**DIP Term Loan Agent**," and together with the ABL/FILO DIP Agent, the "**DIP Agents**") on the terms and conditions set forth therein;

RESOLVED, that in order to use and obtain the benefits of DIP Financing and Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Prepetition ABL/FILO Lenders, the Prepetition Secured Noteholders, and other prepetition secured parties (collectively, the "**Prepetition Secured Parties**" and such obligations, the "**Adequate Protection Obligations**") as documented in proposed interim and final orders (collectively, the "**Financing Orders**") to be submitted for approval of the Bankruptcy Court, and, to the extent that any Company is required to obtain consent from the Prepetition Secured Parties to enter into or otherwise join any of the DIP Facility Documents (as defined herein), such consent has been (or will be) obtained from the Prepetition Secured Lenders;

RESOLVED, that in the business judgment of the applicable Authorizing Bodies, the form, terms, and provisions of the DIP Credit Agreements and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents required to consummate the transactions considered by the Financing Orders (collectively, the "**DIP Facility Documents**"), substantially in the forms circulated to the Authorizing Bodies, and each Company's execution, delivery and performance of its obligations under the DIP Facility Documents, including without limitation the grant of security interests under the DIP Facility Documents, and any borrowings or guaranty therewith, be, and hereby are, in all respects, authorized and approved;

RESOLVED, that each Company will obtain benefits from the incurrence of the borrowings under the DIP Credit Agreements and the other obligations under the DIP Credit Agreements and the other Senior Debt Documents or Loan Documents (as defined in the applicable DIP Facility Documents) which are necessary and convenient to the conduct, promotion, and attainment of the business of such Company;

RESOLVED, that each Company shall be, and is hereby, authorized to enter into or otherwise join the DIP Facility Documents and incur the obligations thereunder (the "**DIP Obligations**"), including the borrowing of the loans under the DIP Credit Agreements, and other obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Facility Documents, including granting liens on and security interests in its assets, including the Collateral (as defined in the applicable DIP Facility Documents), to the DIP Agents, and each of the Authorized Persons be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the applicable Company to negotiate, execute, deliver, and perform the DIP Facility Documents, and all agreements, certificates, documents, notices and instruments, security agreements, control agreements, intercreditor agreements and similar agreements and arrangements, financing statements (which may include supergeneric descriptions of collateral such as "all assets" or "all personal property"), intellectual property filings, fee letters and any reaffirmations, ratifications, amendments, extensions, waivers, joinder agreements, supplements or any other modifications to any of the foregoing in connection with the DIP Facility Documents, and take any and all actions to perform all of the obligations and the transactions contemplated under each of the DIP Facility Documents in the name and on behalf of the applicable Company, including the payment of all fees and expenses in connection therewith, with all such changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

RESOLVED, that each of the Authorized Persons be, and hereby is, authorized, in the name and on behalf of the applicable Company, to take all such further actions, or cause all

such further actions to be taken and to execute and deliver all such further agreements, documents, instruments, certificates, recordings, and filings, in the name and on behalf of the applicable Company, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, in the name and on behalf of the applicable Company, to enter into or otherwise join any guarantees as described or contemplated by the DIP Facility Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by the DIP Facility Documents and perform its obligations thereunder and to guarantee the payment and performance of the DIP Obligations of the applicable Companies and any other guarantor thereunder;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the applicable Company to seek authorization to incur the DIP Obligations and approval to use Cash Collateral pursuant to the Financing Orders, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the applicable Company, necessary to implement the postpetition financing, including the Adequate Protection Obligations to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Facility Documents and the use of Cash Collateral in connection with the chapter 11 cases, which agreements may require the applicable Companies to grant adequate protection and liens to the Prepetition Secured Parties and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the applicable Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, directed, and empowered, in the name of, and on behalf of, the applicable Company to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Facility Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which each applicable Company is or will be party or any order entered into in connection with the chapter 11 case (together with the DIP Facility Documents and the Financing Orders, collectively, the "**DIP Financing Documents**") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Person executing the same shall approve;

**RESOLVED**, that the Companies, as debtors and debtors-in-possession under the Bankruptcy Code be, and hereby are, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Financing Documents, including granting liens on its assets to secure such obligations;

RESOLVED, that each of the Authorized Persons, be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the applicable Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the DIP Financing Documents or to do such other things which shall in such Authorized Person's sole business judgment be necessary, desirable, proper, or advisable in order to perform the DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by such Authorized Person's execution thereof;

*Further Actions and Prior Actions*

RESOLVED, that the Companies are hereby authorized to authorize (and each Company hereby authorizes) any direct or indirect subsidiary of each Company or any entity of which such Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in these resolutions;

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the applicable Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of each applicable Company relating to the Restructuring Matters;

RESOLVED, that each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the applicable Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED, that the Authorizing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of each Company, or hereby waives any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the applicable Authorizing Bodies; and

RESOLVED, that any Authorized Person be, and each of them hereby is, authorized to do all such other acts, deeds and other things as each applicable Company itself may lawfully do, in accordance with its governing documents and applicable law, howsoever

arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in such Authorized Person's absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

*     *     *     *     *

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned have executed this consent effective as of the time that each of the undersigned have executed this consent.

**RITE AID CORPORATION**

By: _BRUCE BODAKEN_
F41AFF2F535C4CF...
Name:  Bruce G. Bodaken

By: _Elizabeth Burr_
EA5A27C039664FB...
Name:  Elizabeth Burr

By: _Bari Harlam_
BAC96071AD60441...
Name:  Bari Harlam

By: _Robert Knowling_
F49311A1C950496...
Name:  Robert E. Knowling, Jr.

By: _Paul Keglevic_
3104077A872C47F
Name:  Paul Keglevic

By: _Arun Nayar_
130CEEE41CCD487...
Name:  Arun Nayar

By: _Carrie Teffner_
611C50468A43438...
Name:  Carrie Teffner

By: _Kate B. Quinn_
6B83CCD88F4740B
Name:  Kate B. Quinn

DocuSign Envelope ID: 7A596925-A85F-496D-B46E-4EEC21620EC4

**1515 WEST STATE STREET, BOISE, IDAHO, LLC**
**1740 ASSOCIATES, L.L.C.**
**GETTYSBURG AND HOOVER-DAYTON, OHIO, LLC**
**GRAND RIVER & FENKELL, LLC**
**ILG – 90 B AVENUE LAKE OSWEGO, LLC**
**MUNSON & ANDREWS, LLC**
**NAME RITE, L.L.C.**
**PJC PETERBOROUGH REALTY LLC**
**PJC REVERE REALTY LLC**

By: _Dana Baughman_ _____
Name: Dana Baughman

By: _Steven K Bixler_ _____
Name: Steven K Bixler

By: _Lisa M Winnick_ _____
Name: Lisa Winnick

By: _Susan C. Lowell_ _____
Name: Susan C. Lowell

**PJC MANCHESTER REALTY LLC**

By: PJC Special Realty Holdings, Inc.
Its: Sole Member and Manager

By: _Susan C. Lowell_____

Name: Susan C. Lowell

**MAXI DRUG SOUTH, L.P.**

By: Maxi Drug, Inc.
Its: General Partner

By: _Susan C. Lowell_ _____

Name:  Susan C. Lowell

**ADVANCE BENEFITS, LLC**
**ASCEND HEALTH TECHNOLOGY LLC**
**DESIGN RX HOLDINGS LLC**
**DESIGN RX, LLC**
**DESIGNRXCLUSIVES, LLC**
**ELIXIR PHARMACY, LLC**
**ELIXIR RX OPTIONS, LLC**
**ELIXIR RX SOLUTIONS OF NEVADA, LLC**
**ELIXIR RX SOLUTIONS, LLC**
**ELIXIR RX SOLUTIONS, LLC**
**ELIXIR SAVINGS, LLC**
**FIRST FLORIDA INSURERS OF TAMPA, LLC**
**LAKER SOFTWARE, LLC**
**RX INITIATIVES, L.L.C.**
**TONIC PROCUREMENT SOLUTIONS, LLC**

By: Elixir Holdings, LLC
Its: Managing Member

By: _____

Name:  Christopher DuPaul

**JCG (PJC) USA, LLC**
**JCG HOLDINGS (USA), INC.**
**RITE AID HDQTRS. FUNDING, INC.**
**RITE INVESTMENTS CORP.**
**THE JEAN COUTU GROUP (PJC) USA, INC.**

By: Jonathan D. Moll

———————————————

Name: Jonathan D. Moll

By: Maria T. Hurd

———————————————

Name: Maria T. Hurd

By: Susan C. Lowell

———————————————

Name: Susan C. Lowell

**ELIXIR HOLDINGS, LLC**

By: Hunter Lane, LLC
Its: Managing Member

By: _____
Name:  Christopher DuPaul

---

**MAXI GREEN INC.**
**RITE AID OF VERMONT, INC.**

By: _____

Name:  Steven K. Bixler

By: _____

Name:  Lisa M. Winnick

By: _____

Name:  Susan C. Lowell

ELIXIR PUERTO RICO, INC.

By: _____

DocuSigned by:

Rand Greenblatt

01678A89AF6F4A8...

Name:  Rand Greenblatt

By: _____

DocuSigned by:

FE58EB45591B415...

Name:  Christopher DuPaul

**HUNTER LANE, LLC**

By: _Rand Greenblatt_

Name: Rand Greenblatt

By: _[signature]_

Name: Christopher DuPaul

By: _[signature]_

Name: Roger Meltzer

By: _[signature]_

Name: Stefan Selig

**RCMH LLC**
**REDICLINIC OF DALLAS-FORT WORTH, LLC**
**REDICLINIC OF DC, LLC**
**REDICLINIC OF DE, LLC**
**REDICLINIC OF MD, LLC**
**REDICLINIC OF PA, LLC**
**REDICLINIC OF VA, LLC**
**REDICLINIC US, LLC**

By: RediClinic LLC
Its: Sole Member

By: _Alyssa Parrish_

EB0ED47E3F754F6...

Name: Alyssa Parrish

DocuSign Envelope ID: 7A596025-A85E-496D-B46E-4EEC21620EC4

4042 WARRENSVILLE CENTER ROAD - WARRENSVILLE OHIO, INC.

5277 ASSOCIATES, INC.

5600 SUPERIOR PROPERTIES, INC.

APEX DRUG STORES, INC.

BROADVIEW AND WALLINGS-BROADVIEW HEIGHTS OHIO, INC.

DRUG PALACE, INC.

ECKERD CORPORATION

EDC DRUG STORES, INC.

GDF, INC.

GENOVESE DRUG STORES, INC.

HARCO, INC.

K & B ALABAMA CORPORATION

K & B LOUISIANA CORPORATION

K & B MISSISSIPPI CORPORATION

K & B SERVICES, INCORPORATED

K & B TENNESSEE CORPORATION

K&B TEXAS CORPORATION

K & B, INCORPORATED

LAKEHURST AND BROADWAY CORPORATION

MAXI DRUG NORTH, INC.

MAXI DRUG, INC.

P.J.C. DISTRIBUTION, INC.

P.J.C. REALTY CO., INC.

PDS-1 MICHIGAN, INC.

PERRY DRUG STORES, INC.

PJC LEASE HOLDINGS, INC.

PJC OF MASSACHUSETTS, INC.

PJC OF RHODE ISLAND, INC.

PJC REALTY MA, INC.

PJC SPECIAL REALTY HOLDINGS, INC.

RDS DETROIT, INC.

READ'S, INC.

RITE AID DRUG PALACE, INC.

RITE AID HDQTRS. CORP.

RITE AID LEASE MANAGEMENT COMPANY

RITE AID OF CONNECTICUT, INC.

RITE AID OF DELAWARE, INC.

RITE AID OF GEORGIA, INC.

RITE AID OF INDIANA, INC.

RITE AID OF KENTUCKY, INC.

RITE AID OF MAINE, INC.

RITE AID OF MARYLAND, INC.

RITE AID OF MICHIGAN, INC.

RITE AID OF NEW HAMPSHIRE, INC.

RITE AID OF NEW JERSEY, INC.

RITE AID OF NEW YORK, INC.

RITE AID OF NORTH CAROLINA, INC.

*[Signature Page to Omnibus Filing Resolutions]*

**RITE AID OF OHIO, INC.**
**RITE AID OF SOUTH CAROLINA, INC.**
**RITE AID OF TENNESSEE, INC.**
**RITE AID OF VIRGINIA, INC.**
**RITE AID OF WASHINGTON, D.C. INC.**
**RITE AID OF WEST VIRGINIA, INC.**
**RITE AID ONLINE STORE, INC.**
**RITE AID PAYROLL MANAGEMENT, INC.**
**RITE AID REALTY CORP.**
**RITE AID ROME DISTRIBUTION CENTER, INC.**
**RITE AID TRANSPORT, INC.**
**RX CHOICE, INC.**
**RX USA, INC.**
**THE LANE DRUG COMPANY**
**THRIFT DRUG, INC.**
**THRIFTY CORPORATION**

By: _____
Name: Steven K. Bixler

By: _____
Name: Lisa Winnick

By: _____
Name: Dana Baughman

*[Signature Page to Omnibus Filing Resolutions]*

**THRIFTY PAYLESS, INC.**

By: _Dana Baughman_ _____
Name: Dana Baughman

By: _Steven K. Bixler_ _____
Name: Steven K. Bixler

By: _Lisa Broderick_ _____
Name: Lisa Broderick

By: _Steven G. Panagos_ _____
Name: Steven G. Panagos

By: _Lisa M. Winnick_ _____
Name: Lisa Winnick

**JUNIPER RX, LLC**
**RITE AID OF PENNSYLVANIA, LLC**

By: Rite Aid Hdqtrs. Corp.
Its: Sole Member

By: _____

Name:  Susan C. Lowell

**REDICLINIC, LLC**
**RITE AID SPECIALTY PHARMACY, LLC**

By: Rite Aid Hdqtrs. Corp.
Its: Member Manager

By: *Susan C. Lowell* _____
      7BDBCCA79B39474...
Name:  Susan C. Lowell

**RITE INVESTMENTS CORP., LLC**

By: Rite Investments Corp.
Its: Member Manager

By: _Jonathan D. Moll_ _____
Name:  Jonathan D. Moll

**LMW – 90B AVENUE LAKE OSWEGO, INC.**
**REDICLINIC ASSOCIATES, INC.**

By: _Dana Baughman_ _____

Name: Dana Baughman

By: _SKBxl_ _____

Name: Steven K. Bixler

By: _Lisa M. Winnick_ _____

Name: Lisa Winnick

**RICHFIELD ROAD - FLINT, MICHIGAN, LLC**

By: _Dana Baughman_ _____
C94B514B6CB9472...

Name: Dana Baughman

By: _[signature]_ _____
A68112B0EB4F43C...

Name: Steven K. Bixler

By: _Lisa M. Winnick_ _____
064A956E328F4BF...

Name: Lisa Winnick

DocuSign Envelope ID: 7A596025-AB5E-496D-B46E-4EEC216?0EC4

**THE BARTELL DRUG COMPANY**

By: ___Susan C. Lowell___
7BDBCCA79B39474...
Name: Susan C. Lowell

By: ___ALYSSA PARRISH___
EB0ED47E3F754F6...
Name: Alyssa Parrish

By: ___Jermaine Smith___
AD5FE15CCF0C419...
Name: Jermaine Smith

**HEALTH DIALOG SERVICES CORPORATION**

By: _Susan C. Lowell_ _____
7BDBCCA79B39474...
Name: Susan C. Lowell

By: _Lisa M. Winnick_ _____
064A956E328F4BF...
Name: Lisa Winnick

*[Signature Page to Omnibus Filing Resolutions]*

**PJC OF VERMONT INC.**

By: _____

Name: Steven K. Bixler

By: _____

Name: Lisa Winnick

By: _____

Name: Susan C. Lowell

*[Signature Page to Omnibus Filing Resolutions]*

## Exhibit A

### Filing Entities

Rite Aid Corporation

1515 West State Street, Boise, Idaho, LLC

1740 Associates, L.L.C.

4042 Warrensville Center Road – Warrensville Ohio, Inc.

5277 Associates, Inc.

5600 Superior Properties, Inc.

Advance Benefits, LLC

Apex Drug Stores, Inc.

Ascend Health Technology LLC

Broadview and Wallings-Broadview Heights Ohio, Inc.

Design Rx Holdings LLC

Design Rx, LLC

Designrxclusives, LLC

Drug Palace, Inc.

Eckerd Corporation

EDC Drug Stores, Inc.

Elixir Holdings, LLC

Elixir Pharmacy, LLC

Elixir Puerto Rico, Inc.

Elixir Rx Options, LLC

Elixir Rx Solutions of Nevada, LLC

Elixir Rx Solutions, LLC

Elixir Rx Solutions, LLC

Elixir Savings, LLC

First Florida Insurers of Tampa, LLC

GDF, Inc.

Genovese Drug Stores, Inc.

Gettysburg and Hoover-Dayton, Ohio, LLC

Grand River & Fenkell, LLC

Harco, Inc.

Health Dialog Services Corporation

Hunter Lane, LLC

ILG – 90 B Avenue Lake Oswego, LLC

JCG (PJC) USA, LLC

JCG Holdings (USA), Inc.

Juniper Rx, LLC

K & B Alabama Corporation

K & B Louisiana Corporation

K & B Mississippi Corporation

K & B Services, Incorporated

K & B Tennessee Corporation

K&B Texas Corporation

K & B, Incorporated

Lakehurst and Broadway Corporation

Laker Software, LLC

LMW – 90B Avenue Lake Oswego, Inc.

Maxi Drug North, Inc.

Maxi Drug South, L.P.

Maxi Drug, Inc.

Maxi Green Inc.

Munson & Andrews, LLC

Name Rite, L.L.C.

P.J.C. Distribution, Inc.

P.J.C. Realty Co., Inc.

PDS-1 Michigan, Inc.

Perry Drug Stores, Inc.

PJC Lease Holdings, Inc.

PJC Manchester Realty LLC

PJC of Massachusetts, Inc.

PJC of Rhode Island, Inc.

PJC of Vermont Inc.

PJC Peterborough Realty LLC

PJC Realty MA, Inc.

PJC Revere Realty LLC

PJC Special Realty Holdings, Inc.

RCMH LLC

RDS Detroit, Inc.

READ's, Inc.

RediClinic Associates, Inc.

RediClinic of Dallas-Fort Worth, LLC

RediClinic of DC, LLC

RediClinic of DE, LLC

RediClinic of MD, LLC

RediClinic of PA, LLC

RediClinic of VA, LLC

RediClinic LLC

RediClinic US, LLC

Richfield Road – Flint, Michigan, LLC

Rite Aid Drug Palace, Inc.

Rite Aid Hdqtrs. Corp.

Rite Aid Hdqtrs. Funding, Inc.

Rite Aid Lease Management Company

Rite Aid of Connecticut, Inc.

Rite Aid of Delaware, Inc.

Rite Aid of Georgia, Inc.

Rite Aid of Indiana, Inc.

Rite Aid of Kentucky, Inc.

Rite Aid of Maine, Inc.

Rite Aid of Maryland, Inc.

Rite Aid of Michigan, Inc.

Rite Aid of New Hampshire, Inc.

Rite Aid of New Jersey, Inc.

Rite Aid of New York, Inc.

Rite Aid of North Carolina, Inc.

Rite Aid of Ohio, Inc.

Rite Aid of Pennsylvania, LLC

Rite Aid of South Carolina, Inc.

Rite Aid of Tennessee, Inc.

Rite Aid of Vermont, Inc.

Rite Aid of Virginia, Inc.

Rite Aid of Washington, D.C. Inc.

Rite Aid of West Virginia, Inc.

Rite Aid Online Store, Inc.

Rite Aid Payroll Management, Inc.

Rite Aid Realty Corp.

Rite Aid Rome Distribution Center, Inc.

Rite Aid Specialty Pharmacy, LLC

Rite Aid Transport, Inc.

Rite Investments Corp.

Rite Investments Corp., LLC

Rx Choice, Inc.

Rx Initiatives, L.L.C.

Rx USA, Inc.

The Bartell Drug Company

The Jean Coutu Group (PJC) USA, Inc.

The Lane Drug Company

Thrift Drug, Inc.

Thrifty Corporation

Thrifty PayLess, Inc.

Tonic Procurement Solutions, LLC