

Gregory E. Ostfeld
Tel 312.476.5056
ostfeldg@gtlaw.com

October 25, 2023

**Via ECF**

The Hon. Robert J. Kugler
United States District Judge
USDC, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

    Re:   *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
             No. 1:19-md-02875-RBK-SAK (D.N.J.)

Dear Judge Kugler:

    I write on behalf of the Defendants' Executive Committee and the ZHP, Teva, and Torrent Defendants (collectively the "TPP Trial Defendants") in accordance with this Court's instructions at the October 4, 2023 case management conference (*see* Transcript of October 4, 2023 Case Management Conference, ECF 2509, at 9-16). The Court asked the parties to meet and confer and to apprise the Court of the parties' respective views regarding the forthcoming TPP Trial by Plaintiff MSP Recovery Claims, Series LLC ("MSPRC"), as class representative of TPP Breach of Warranty Subclass Group b, TPP Breach of Implied Warranty Subclass Group d, TPP Fraud Subclass Group c, and TPP State Consumer Protection Laws Subclass Group a, against the TPP Trial Defendants, set by Case Management Order No. 32 (ECF 2343, at 1-2). Counsel for MSPRC and the TPP Trial Defendants met and conferred on October 20, 2023, regarding each of the issues raised by the Court at the October 4, 2023 case management conference. We expect to continue meeting and conferring and resolving many trial-related issues cooperatively as trial approaches. This letter is intended to summarize the highlights of the parties' discussions consistent with the Court's instructions. The TPP Trial Defendants' positions are as follows:

    1.    **Duration of Trial**: The TPP Trial Defendants currently anticipate the TPP Trial will require approximately four (4) weeks under the parameters described by the Court of Monday to Thursday trial weeks, starting at 9:00 a.m. and concluding at 2:00 p.m. each day, with no trial on Fridays. The TPP Trial Defendants' estimate is inclusive of openings, closing arguments, and presentation of evidence. The TPP Trial Defendants' estimate does not include time required for jury instructions and jury deliberations.

    2.    **No Waiver of Jury Trial or Unanimous Verdict**: The TPP Trial Defendants do not agree to waive a jury trial and do not agree to waive a unanimous jury verdict.

    3.    **Trial Date**: The TPP Trial Defendants are available for a trial commencing on March 4, 2024, if such trial can be concluded by April 1, 2024. If the anticipated trial cannot be

October 25, 2023
Page 2

conducted within that time frame, lead counsel for the TPP Trial Defendants have the following previously scheduled trial commitments:

### ZHP

April 1, 2024 (3 weeks): *The State of Mississippi, ex rel. Lynn Fitch, Attorney General v. Johnson & Johnson et al.*, Civil Action No. 25CH1:14-cv-001207 (1st Jud. District of Hinds Cty. Miss. Chancery Court)

May 6, 2024 (6-8 weeks): *United States of America v. Janssen Products L.P.*, Civil Action No. 12-cv-7758 (D.N.J.)

### Teva

May 7, 2024 (2 weeks): *William Hunt, Jr. v. Medtronic USA Inc.*, Civil Action No. 3:21-cv-05854-BHS (W.D. Wash.)

### Torrent

June 17, 2024 (proposed to Court; 3 weeks): *State of West Virginia ex rel. Patrick Morrisey, Attorney General v. Pfizer, et. al.*, Civil Action No. CC-26-2013-C-1 (D. W. Vir.)

August 5, 2024 (4 weeks): Confidential JAMS Arbitration

4. **Motions in Limine**: The Court has requested that the parties provide some basic information as to the motions in limine the parties are contemplating. The TPP Trial Defendants are in the process of jointly reviewing the volume of discovery and depositions taken in this case in order to hone the issues for motions for summary judgment and trial and therefore have not yet finalized a complete list of motions in limine nor agreed on the motions to be submitted. The TPP Trial Defendants, however, are considering motions in limine on multiple subjects, including but not limited to motions as to the exclusion, limitation, or handling of evidence, testimony, or argument related to the following example areas. The TPP Trial Defendants reserve the right to brief all motions in limine, including but not limited to the following example areas:

- Products other than valsartan at issue marketed in the United States;

- Manufacturing sites other than where valsartan was manufactured for sale in the United States;

- Media reports and miscellaneous materials concerning nitrosamines in valsartan or any recall or withdrawal of valsartan;

- Speculative theories, including but not limited to the speculative possibility of nitrosamine formation during the finished dose manufacturing process or storage;

- Irrelevant regulatory activities unrelated to the valsartan at issue;

October 25, 2023
Page 3

- Improper regulatory opinions or conclusions pertaining to adulteration or misbranding, or other regulatory "violations" including misleading of the FDA, fraud on the FDA, or dishonesty directed to the FDA;

- Inflammatory terminology like genotoxic or cancer-causing;

- Irrelevant damages, such as damages allegedly incurred by non-parties to the trial (including personal injury damages, consumer economic loss damages, or medical monitoring damages), or damages calculations based on amounts not paid by MSPRC or class members;

- Various defendant-specific documents and activities which are irrelevant or prejudicial;

- TPP Trial Defendants' size, profits, or foreign nationality, including Chinese, Indian, or Israeli nationality;

- Other lawsuits, litigation, investigations, or actions against the TPP Trial Defendants or the circumstances giving rise to such other lawsuits, litigation, investigations, or actions;

- Cross-defendant issues such as those related to indemnification, unpleaded cross-claims, and the like;

- Settlements with any other parties or co-defendants;

- The size or location of the law firms representing the TPP Trial Defendants, the prior representation of the TPP Trial Defendants by their counsel, or the location of trial counsel outside of New Jersey;

- TPP Trial Defendants' non-party corporate parents, subsidiaries, predecessors, or affiliates;

- Teva's or Torrent's decision to stop selling valsartan;

- Expert opinions and materials not timely disclosed and/or subject to the TPP Trial Defendants' Rule 702/*Daubert* motions.

    This list is intended to give the Court some indication of some of the types of motions that are currently being considered and is not intended to be final or all-inclusive. The TPP Defendants anticipate including a number of standard product liability motions in limine and pretrial motions, for example addressing reptile and "golden rule" or "send a message" arguments, corporate motive or culture, handling of witness testimony, and the like. The TPP Trial Defendants have not formulated a comprehensive list of their anticipated motions in limine and do not waive any motions in limine not specifically indicated here. The TPP Defendants expressly reserve the right to modify, supplement, and/or withdraw any of the foregoing.

October 25, 2023
Page 4

      MSPRC has proposed briefing of motions in limine on a rolling basis to enable the parties to brief and the Court to decide motions in limine on a prioritized basis to facilitate preparation for trial. The TPP Trial Defendants are generally agreeable to this concept and will meet-and-confer with MSPRC's counsel to develop a proposed process and schedule consistent with any trial date set by the Court. The TPP Trial Defendants also believe motions in limine should be scheduled to be heard in a separate hearing or hearings prior to trial.

      5.      **Other Pre-Trial Matters and Schedule**: The TPP Trial Defendants believe the Court and the Parties would benefit from the entry of a case management schedule with respect to the following anticipated pre-trial matters, and will meet-and-confer with MSPRC's counsel to develop a proposed schedule consistent with any trial date set by the Court:

      a.      *Class Notice Program*: Plaintiffs, including MSPRC, filed their original Motion for Approval of Form and Manner of Class Notice on May 10, 2023 (ECF 2375). Defendants, including the TPP Trial Defendants, filed their opposition on May 26, 2023 (ECF 2412). Plaintiffs subsequently withdrew their initial class notice proposal, and the parties have been meeting and conferring on a revised class notice plan. Although the parties have made significant progress, elements of Plaintiffs' class notice plan are still being formulated and there may be issues requiring the Court's resolution. Accordingly, the TPP Trial Defendants propose that the parties meet-and-confer either to finalize an agreed class notice plan for submission to the Court unopposed, or to crystallize any disagreements and to set an expedited briefing schedule for the Court to consider Plaintiffs' class notice plan and Defendants' objections.

      b.      *Answers*: This Court has previously managed these consolidated MDL proceedings through master complaints, and ruled earlier in the MDL that answers were not needed yet. *See* Transcript of June 1, 2022 Case Management Conference, ECF 2092, at 32. Although that ruling made sense, and continues to make sense, in the context of the overall management of these consolidated proceedings, the TPP Trial Defendants believe their filing of Answers and Affirmative Defenses specific to the TPP Trial would be valuable in framing and giving proper notice of the claims and defenses for trial. Accordingly, the TPP Trial Defendants propose that the TPP Trial Defendants each file trial-specific Answers and Affirmative Defenses at least sixty (60) days prior to the trial date set by the Court.

      c.      *Motions for Summary Judgment and Rule 702 Motions*: The parties have not yet briefed motions for summary judgment relating to the TPP Trial, nor have they briefed Rule 702 motions for damages experts. The TPP Trial Defendants anticipate a likelihood that both MSPRC and the TPP Trial Defendants will seek summary judgment on certain claims and issues, including issues relating to liability and/or damages. Because the outcome of these motions may impact the scope of trial, the TPP Trial Defendants believe these motions should be fully briefed and set for hearing at least sixty (60) days prior to the trial date set by the Court, or following the expiration of the class notice opt-out period if that occurs later.

      d.      *Final Pretrial Order*: Following the setting of a trial date, the TPP Trial Defendants propose the parties continue to meet and confer on the items set forth in the Court's Joint Final Pretrial Order and the exchange and submission of other pretrial and trial-related matters, such as exhibit lists, witness lists, deposition designations, and jury instructions. The TPP Trial Defendants propose the parties submit their proposed Joint Final Pretrial Order to the Court at least thirty (30) days prior to trial. The TPP Trial Defendants understand MSPRC is supportive of this timing.

October 25, 2023
Page 5

6. **Trial Matters**: The TPP Trial Defendants anticipate the following matters arising during trial.

a. *Jury Instructions and Jury Deliberations*: The TPP Trial encompasses claims asserted by MSPRC on behalf of four subclasses: (i) TPP Breach of Warranty Subclass Group b, asserting breach of express warranty claims under the laws of 20 states; (ii) TPP Breach of Implied Warranty Subclass Group d, asserting breach of implied warranty claims under the laws of 7 states; (iii) TPP Fraud Subclass Group c, asserting common law fraud claims under the laws of 21 states and 2 additional jurisdictions; and (iv) TPP State Consumer Protection Laws Subclass Group a, asserting state consumer protection claims under the laws of 18 states. Collectively, the claims asserted encompass the laws of 43 jurisdictions. Accordingly, the TPP Trial Defendants anticipate that jury instructions and jury deliberations will require substantial time.

b. *Jury Questionnaire*: The Court has made reference to its use of a modified struck jury system of juror selection, and stated at the October 4, 2023 case management conference that the Court provides a limited background questionnaire on the day of jury selection. The TPP Trial Defendants would like to know whether the Court is amenable to additional questions suggested by counsel to facilitate and expedite jury selection, as well as sending the written questionnaire and requiring response in advance of the first day of jury selection. Based on the parties' meet-and-confer, the TPP Trial Defendants understand MSPRC is also supportive of an advance written juror questionnaire, and the parties can meet-and-confer to develop agreed questions and to identify disputed questions.

c. *Juror Questioning*: The TPP Trial Defendants note that the Court's [Instructions to Attorneys](#) state that the Court permits jurors to submit questions to the Court to be posed to witnesses in civil cases. The TPP Trial Defendants request additional details on the process to be employed for the submission of questions from jurors. For example, the TPP Trial Defendants would like to know whether the parties will have the opportunity to review and object to the questions and whether the parties will be entitled to ask follow-up questions following an answer to a juror questions.

d. *Deposition Designations and Witness Availability*: MSPRC proposed a rolling schedule of deposition designations. The TPP Trial Defendants are generally agreeable to this concept, provided deposition designations take place after rulings on motions in limine, and will meet-and-confer with MSPRC's counsel to develop a proposed process and schedule consistent with any trial date set by the Court. MSPRC has also inquired about the availability of witnesses outside of the United States. The TPP Trial Defendants have asked MSPRC to identify witnesses outside of the United States they wish to call at trial, and the TPP Trial Defendants will endeavor to determine the witnesses' availability and to set a briefing schedule to address disagreements regarding unavailable witnesses.

Thank you for your attention to these matters. We look forward to discussing them further with the Court at the November 1 conference.

Very truly yours,

/s/ Gregory E. Ostfeld