IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN N-NITROSODIMETHYLAMINE (NDMA) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*All Actions* | Hon. Robert. B. Kugler<br><br>Civ. No. 19-md-2875 (RBK/JS) |

**PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL
OF FORM AND MANNER OF CLASS NOTICE**

I. **INTRODUCTION**

On February 8, 2023, this Court granted certification of a Consumer Economic Loss Class, a Third-Party Payor Economic Loss Class, and a Medical Monitoring Class (collectively "the Classes") (ECF 2261). Each of these classes consists of various subclasses based upon the specific causes of actions and the state laws encompassed by such causes of action. Plaintiffs filed their original Motion for Approval of Form and Manner of Class Notice on May 10, 2023 (ECF 2375). Defendants filed their opposition on May 26, 2023 (ECF 2412). The parties have since met and conferred multiple times and Pharmacy Defendants have produced data facilitating individual notice to class members. Based on their discussions, the parties have come to agreed forms of notice and a notice plan, which are proposed herein. Plaintiffs hereby respectfully submit their unopposed proposed class notice plan and forms of notice for approval by the Court, along with a proposed schedule and opt-out deadline.

II. **CLASS DEFINITIONS**

The Court's Order of February 8, 2023 provided instructions for the re-categorization of certain subclasses proposed by Plaintiffs. To that end, Plaintiffs have met and conferred with

1

Defendants and revised those subclass definitions in accordance with the Court's Order. Plaintiffs submit the revised agreed to definitions to the Court herewith as Exhibits C, D, and E to the Declaration of Brandon Schwartz filed concurrently herewith ("Schwartz Decl.").[1] These class and subclass definitions will be set forth in full on the class notice website and will be linked to as exhibits to the proposed long-form notices.

For purposes of defining the classes to whom notice is being given, the class administrator will use the following definitions for purposes of readability, with a link to the detailed definitions of the classes and subclasses:[2]

> **Consumer Economic Loss ("EL") Class**: All individuals in the United States and its territories and possessions who, since at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money for a valsartan-containing drug ("VCD") (intended for personal or household use) that was manufactured by any Active Pharmaceutical Ingredient or Finished Dose Defendant, and distributed or sold in the United States by any Defendant.
>
> **Medical Monitoring ("MM") Classes**: Individuals residing in the United States and its territories and possessions (except Mississippi, New Hampshire, North Carolina, and North Dakota) who consumed a sufficiently high Lifetime Cumulative Threshold of NDMA or NDEA, in generic VCDs manufactured by any Active Pharmaceutical Ingredient or Finished Dose Defendant, and marketed in the United States and its territories and possessions, at least since January 1, 2012.
>
> **Third Party Payor ("TPP") Classes**: All Third-Party Payors that, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in the United States and its territories and possessions for a VCD that was manufactured by any Active Pharmaceutical Ingredient or Finished Dose Defendant, and distributed or sold in the United States by any Active Pharmaceutical Ingredient, Finished Dose, or Wholesaler Defendant.

---

[1] Plaintiffs have available and can submit redlines to the originally proposed definitions as well as a revised table of authorities for the state groupings to the extent the Court wishes them.

[2] Though Defendants do not oppose this notice plan, they reserve their objections to class certification and with respect to whether the time period set forth in each class definition (January 1, 2012 to November 10, 2021) is appropriate or applicable with respect to individual Defendants' VCDs.

**III.     ARGUMENT**

The United States Supreme Court has held that in order to bind an absent plaintiff, courts must provide such absent plaintiffs with certain due process protection. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985). In relevant part, these protections are: 1) the plaintiff must be given notice and "an opportunity to be heard and participate in the litigation"; 2) "the notice must be the best practicable, 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action, and afford them an opportunity to present their objections'"; 3) "the notice should describe the action and the plaintiffs' rights in it"; and 4) "that an absent plaintiff be provided with an opportunity to remove himself from the class." *Id.* (internal citations and quotations omitted). Federal Rule of Civil Procedure 23(c) embodies these due process requirements and governs the form and manner of notice to be given. For Rule 23(b)(3) classes which are not settlement classes, as here, notice must be the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. Rule 23(c); *See In re Ocean Power Techs., Inc.*, No. 3:14-cv-3799, 2016 WL 6778218 at *9 (D.N.J. Nov. 15, 2016). The purpose of notice is to satisfy due process concerns by allowing absent class members to be apprised of the pendency of the action and to give them the opportunity to opt-out of the class if they do not wish to be bound by further proceedings in the action. *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 446 (3d Cir. 2016). Thus, class notice must contain information sufficient "to enable class members to make informed decisions on whether they should take steps to protect their rights, including … opting out of the class." *Id.* at 435

To comply with the requirements of Rule 23 and due process, Plaintiffs have retained the services of Brandon Schwartz of Postlethwaite & Netterville, APAC ("P&N") as its class notice expert. Mr. Schwartz is an experienced and capable class administrator who has successfully

-3-

administered numerous complex class action notice programs in the past. The proposed plan for dissemination of notice as well as the form of both the short and long-form notices are set forth in the Declaration of Brandon Schwartz and accompanying exhibits thereto filed concurrently with this Motion. The plan proposed by the class administrator for dissemination of notice satisfies all of the requirements of Rule 23 as well as due process.

In giving notice, "the Court must strike a balance 'between protecting the rights of absent class members and making Rule 23 workable.' To that end, 'courts have held that it is not necessary to send individual notices to an overinclusive group of people simply because that group contains some additional class members whose identities are unknown.'" *In re Wawa, Inc. Data Sec. Litig.*, No. CV 19-6019, 2021 WL 3276148, at *12 (E.D. Pa. July 30, 2021) (quoting *Carlough v. Amchem* Prod., Inc., 158 F.R.D. 314, 327 (E.D. Pa. 1993)).

For the TPP class, as detailed in the Schwartz Declaration, the TPP short-form notice will be mailed, and e-mailed notice will be provided, to all third-party payors who have been identified as potential class members through the class administrator's proprietary third-party payor list, which was developed through searches of relevant databases containing such information by the class administrator. Schwartz Decl. at ¶28. In addition to this direct notice, the class administrator will also provide publication notice in industry related publications designed to reach any entities that do not receive direct notice. Schwartz Decl. at ¶¶ 29-31.

The short-form notice to the TPP class will be sent in both e-mailed and mailed form in the manner attached the Schwartz Decl at Exh. J. These short-form notices notify the recipient of the existence of the class action, that the recipient may be a class member, that their rights may be affected by the lawsuit, and that the notice was authorized and ordered by this Court to be disseminated in that manner, and further provide the recipient with the website and toll-free number at which they can obtain more information (the contents of which are still being finalized

as discussed *infra*), including a copy of the long-form notice.

TPP Defendants have reviewed Plaintiffs' notice plan for the TPP class and do not oppose its approval by the Court.

For members of the EL and MM classes, the plan provides individual notice to all reasonably identifiable potential class members through individual e-mailed, texted, or mailed notice. Schwartz Decl. at ¶¶11-16. To identify contact information for EL and MM class members, the class administrator first reviewed pharmacy dispensing data, which the Retail Pharmacy Defendants produced pursuant to court order (ECF 2434 at 3–4 (ordering disclosure of protected health information after finding it to be "the minimum necessary information" to enable class notice)), containing reasonably available consumer contact information, including mailing addresses, email addresses, and phone numbers. *Id*. at ¶¶11-12. For consumers for whom the dispensing data did not contain valid email addresses, the class administer collaborated with a third-party data provider specializing in aggregating consumer data and identity verification to append email addresses, where available, to the Notice List. *Id*. at ¶12. This will enable the class administrator to send notice to consumers whose contact information was not otherwise available in the produced dispensing data. *Id*. The class administrator believes this process will result in direct notice to in excess of eighty (80) percent of all potential class members. *Id*. at ¶¶6, 11. In addition, the class administrator has created a supplemental media campaign using state-of-the-art targeted digital notice to provide notice to those who may not receive direct notice. *Id*. at ¶¶17-27. The media notice proposed by the class administrator is intended to supplement the direct notice program and is intended to increase the notice reach to cover over and above the approximately eighty percent reached by direct notice. *Id*. at ¶¶6, 11, 17-27.

The short-form notice to the EL and MM class will be sent in e-mail form in the manner attached to the Schwartz Decl. at Exh. F. These short-form notices notify the recipient of the

existence of the class action, that the recipient may be a class member, that their rights may be affected by the lawsuit, and that the notice was authorized and ordered by this Court to be disseminated in that manner, and further provide the recipient with the website and toll-free number at which they can obtain more information (the contents of which are still being finalized as discussed *infra*), including a copy of the long-form notice.

To the extent a functional e-mail address is not available, but a mobile telephone number with the capability of receiving text messages is available, a notification in the manner set forth below will be texted to the potential class member at their mobile telephone number:

> U.S. FEDERAL COURT AUTHORIZED CLASS ACTION NOTICE
>
> Our records indicate that you may have consumed and/or paid for Valsartan/Valsartan-Containing Drugs. A class action lawsuit may affect your legal rights.
>
> Visit the Court approved website https://ValsartanMedicationLawsuit.com or call 1-866-875-9644. Reply STOP to end.

Schwartz Decl. Exh. G.

This form of direct notice ("Text Message Notice") will notify the recipient of the existence of the class action, that the recipient may be a class member, and that their rights may be affected by the lawsuit, and further provides the recipient with a clickable link to the website and phone number where the recipient may obtain more information (the contents of which are still being finalized as discussed *infra*), including a copy of the long-form notice.

Although notice by text message is a relatively new form of notice, it has been approved by multiple courts and experience has shown that it provides effective notice and response rates compared to more traditional forms of notice. *See Dickensheets v. Arc Marine, LLC*, 440 F.Supp.3d 670, 672 (S.D. Tex. Feb. 19, 2020); *Yates v. Checkers Drive-In Restaurants, Inc.*, No.

17 C 9219, 2020 WL 6447196, at *3-6 (N.D. Ill. Nov. 3, 2020); *See also Brashier v. Quincy Prop., LLC*, 2018 WL 1934069, at *6 (C.D. Ill. Apr. 24, 2018); *In re AT&T Mobility Wireless Data Services Sales Litigation*, 270 F.R.D. 330, 352 (N.D. Ill. 2010); *Frank v. Cannabis & Glass LLC et al.*, No. 2:19-CV-00250-SAB (E.D. Wash.) (April 11, 2022).

Further, courts that have considered the question have held that sending class notice via text message is not prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq ("TCPA"). First, the Text Message Notice is purely informational and does not constitute telemarketing because it is being sent for the sole purpose of alerting potential Class Members of the class action lawsuit and their rights. *See Yates*, 2020 WL 6447196, at *3-6.

Second, the Text Message Notice is being sent at the direction of the Court to a database of phone numbers previously maintained by Defendants and produced in this litigation pursuant to Court Order,[3] and, therefore, the Text Message Notice is not sent by a "person" within the meaning of the TCPA. *See Id.*; *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 166 (2016) ("The United States and its agencies . . . are not subject to the TCPA's prohibitions because no statute lifts their immunity."); *In re Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991*, 31 F.C.C. Rcd. 7394, 7398 (July 5, 2016) (finding that the term "person" in the TCPA "does not include the federal government or agents acting within the scope of their agency under common-law principles of agency").

Third, the text messaging platform used to send the Text Message Notice does not meet the definition of an "automatic telephone dialing system" ("ATDS") as defined by the TCPA, because the platform used to send the Text Message Notice "exclusively dials numbers" on the

---

[3] Pharmacy Defendants produced phone numbers associated with patients' accounts in Pharmacy Defendants' records. Pharmacy Defendants have not represented or warranted that the phone numbers are accurate or current.

predetermined Class Member List, and does not "store, nor produce, numbers using a random or sequential number generator." See *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 460 (7th Cir. 2020). The text messaging platform used to send the Text Message Notice also does not meet the definition of an ATDS because it requires human intervention to send the Text Message Notice. Specifically, in order to send the Text Message Notice, the Class Administrator must first (1) receive the predetermined Class Member List from Defendants; (2) scrub the list to identify re-assigned phone numbers; (3) upload the list of phone numbers into the text messaging platform; (4) a live person must manually type the contents of the Text Message Notice into the text messaging platform; and (5) a live person then manually selects the date and time to send the Text Message Notice. See, e.g., *Gaza v. Auto Glass America, LLC*, No. 17-cv-1811-T-27, 2018 WL 5775915, at *4 (M.D. Fla. No. 2, 2018) (finding that a text messaging platform was not an ATDS where, in order to place a call, the "[d]efendant's representative creates and uploads a list to an online 'platform' from which customer names and phone numbers are selected, text messages drafted, a date and time of delivery is selected and the 'send' button is pressed, all requiring human intervention"); *Herrick v. GoDaddy.com LLC*, 312 F. Supp. 3d 792, 801-03 (D. Ariz. 2018) (holding same); *Ramos v. Hopele of Fort Lauderdale, LLC,* 334 F. Supp. 3d 1262, 1265 (S.D. Fla. 2018) (holding same).

To the extent neither e-mail nor text messaging contact information is available, the short-form notice to the EL and MM classes will be sent in mailed postcard form in the manner attached to the Schwartz Decl. at Exh. H.

Defendants have reviewed Plaintiffs' notice plan for the EL and MM classes and do not oppose its approval by the Court.

This overall notice program is designed to well exceed the 70% reach threshold suggested by case law and the Federal Judicial Center as the norm. *See* Barbara J. Rothstein & Thomas E.

Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide for Judges", at 27 (3d Ed. 2010); *Beck-Ellman v. Kaz USA, Inc.*, No. 3:10-CV-02134-H-DHB, 2013 WL 1748729, at *3 (S.D. Cal. Jan. 7, 2013) (approving publication notice with 70% reach); *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.*, 314 F.R.D. 580, 603 (N.D. Ill. 2016) (approving notice plan calculated to reach approximately 80% of class members); *Kaufman v. Am. Express Travel Related Servs. Co., Inc.*, 877 F.3d 276, 287 (7th Cir. 2017) (approving notice plan reaching approximately 70% of class members); *Chinitz v. Intero Real Est. Servs.*, No. 18-CV-05623-BLF, 2020 WL 7042871, at *1 (N.D. Cal. Dec. 1, 2020) (approving notice plan calculated to reach at least 70% of class members); *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15MD2670 DMS (MDD), 2023 WL 2483474, at *2 (S.D. Cal. Mar. 13, 2023) (holding that "[t]he Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable"); *In re Remicade Antitrust Litig.*, No. 17-CV-04326, 2023 WL 2530418, at *14 (E.D. Pa. Mar. 15, 2023) (approving notice that reached approximately 80% of class members).

The TPP, EL, and MM notices direct class members to a website and toll-free number which will contain additional information concerning the litigation. Class members will be able to view or request to be mailed the full long-form notice, find instructions on how they can exclude themselves from the any of the classes, and register their contact information so as to be able to be provided direct notice at a later date upon any settlement or judgment in the litigation. The contents of the website and toll-free number have been discussed between the parties and are still being finalized, but will in all events conform to the contents of the long-form and short-form notices submitted to the Court with this motion. The proposed order submitted to the Court contemplates a deadline by which the parties will either finalize the contents of the website and toll-free number by agreement, or bring any differences to the Court for its determination.

In addition, the proposed long-form notices are written in plain language in a manner designed to be understood by class members, and following the best practices outlined by the Federal Judicial Center. The long-form notices contain all items required by Rule 23(c)(2)(B), including i) a description of the nature of the action; ii) a general definition of the certified classes with a link to the detailed definition of the classes and subclasses; iii) a description of the class claims, issues, and defenses; iv) notice that the class member may enter an appearance through an attorney if the class member so desires; v) a procedure for the class member to opt-out of the class and be excluded from any binding effects of further proceedings; vi) the time and manner by which the class member can seek exclusion; and vii) the binding effect of any further proceedings and class judgment on class members if they do not exclude themselves. Fed. R. Civ. P. 23(c)(2)(B); Schwartz Decl. Exhs. K, L. Thus, the proposed notices will provide absent class members with clear and accessible information regarding their rights and allow them to make an informed and intelligent decision on whether to remain in the class or seek exclusion, satisfying due process.

The parties have agreed to an opt-out period of at least 45 days from commencement of the Notice Plan, the date on which publication and direct notice is initially transmitted. Based upon the estimated timeline to transmit or mail the direct notice and to commence search advertising and publication notice, the class administrator believes that the Notice Plan can be commenced as of December 4, 2023 or 14 days following approval of Notice, whichever is later, and direct notice will be substantially complete by December 18, 2023. Schwartz Decl. at ¶ 40. Given this estimate, the parties have agreed that an opt-out deadline for all class members of January 31, 2024 will provide sufficient time for the dissemination of the notice and for class members to have a meaningful opportunity to receive the notice, review its contents, and opt-out of the class should they choose to do so.

## IV. CONCLUSION

The proposed notice program and form of notice provides the best notice practicable under the circumstances of this litigation and complies with the standards of fairness and completeness required by due process and Rule 23. Further, the class administrator selected by Plaintiffs to provide notice, Brandon Schwartz of P&N, is experienced, knowledgeable, and capable of fulfilling his duties under the law. For the foregoing reasons, Plaintiffs respectfully request that the Court approve the form and manner of notice proposed herein and in the accompanying exhibits.

Dated November 13, 2023                                              Respectfully submitted,

*/s/ Behram V. Parekh*
Behram V. Parekh
RUEB STOLLER DANIEL LLP
515 S. Figueroa St., Suite 1550
Los Angeles, CA 90071
Phone: 213.218.6241
behram.parekh@lawrsd.com

*On behalf of the Plaintiffs' Executive Committee and all Plaintiffs*

| | |
|---|---|
| */s/ Ruben Honik* | */s/ Conlee S. Whitely* |
| Ruben Honik | Conlee S. Whiteley |
| HONIK LLC | KANNER & WHITELEY, LLC |
| 1515 Market Street, Suite 1100 | 701 Camp Street |
| Philadelphia, PA 19102 | New Orleans, LA 70130 |
| Phone: (267) 435-1300 | Phone: (504)-524-5777 |
| ruben@honiklaw.com | c.whitelev@kanner-law.com |
| | |
| *Consumer Economic Loss Class Counsel* | *Consumer Economic Loss Class Counsel* |

*/s/ John R. Davis*
John R. Davis
SLACK DAVIS SANGER, LLP
6001 Bold Ruler Way, Suite 100
Austin, TX 78746
Phone: 512-795-8686
jdavis@slackdavis.com

*Consumer Economic Loss Class Counsel*


| */s/Nicholas Migliaccio* | */s/ Rachel Geman* |
|---|---|
| Nicholas Migliaccio | Rachel Geman |
| Jason Rathod | Kartik S. Madiraju |
| MIGLIACCIO & RATHOD LLP | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 412 H Street NE, Suite 302 | |
| Washington, DC 20002 | 250 Hudson Street, 8th Floor |
| Telephone: (202) 470-3520 | New York, NY 10013-1413 |
| nmigliaccio@classlawdc.com | Telephone: (212) 355-9500 |
| jrathod@classlawdc.com | rgeman@lchb.com |
| | kmadiraju@lchb.com |
| *Medical Monitoring Class Counsel* | |
| | *Medical Monitoring Class Counsel* |
| */s/ Jorge Mestre* | */s/ Gregory P. Hansel* |
| Jorge Mestre | Gregory P. Hansel |
| RIVERO MESTRE LLP | PRETI, FLAHERTY, BELIVEAU & PACHIOS, CHARTERED, LLP |
| 2525 Ponce de Leon Blvd., Suite 1000 | |
| Miami, FL 33134 | One City Center |
| Phone (305) 445-2500 | P.O. Box 9546 |
| imestre@riveromestre.com | Portland, ME 04112 |
| | Phone: (207) 791-3000 |
| *Third-Party Payor Class Counsel* | ghansel@preti.com |
| | |
| | *Third-Party Payor Class Counsel* |
| */s/ Ruben Honik* | */s/ Conlee S. Whitely* |
| Ruben Honik | Conlee S. Whiteley |
| HONIK LLC | KANNER & WHITELEY, LLC |
| 1515 Market Street, Suite 1100 | 701 Camp Street |
| Philadelphia, PA 19102 | New Orleans, LA 70130 |
| Phone: (267) 435-1300 | Phone: (504)-524-5777 |
| ruben@honiklaw.com | c.whitelev@kanner-law.com |
| | |
| *MDL Plaintiffs' Co-Lead Counsel* | *MDL Plaintiffs' Co-Lead Counsel* |

| | |
|---|---|
| */s/ Adam Slater* | */s/ Daniel Nigh* |
| Adam Slater | Daniel Nigh |
| MAZIE, SLATER, KATZ & FREEMAN, LLC | NIGH, GOLDENBERG, RASO & VAUGHN, PLLC |
| 103 Eisenhower Pkwy, 2nd Flr. | 712 H Street NE, Dpt 32022 |
| Roseland, NJ 07068 | Washington, DC 20002 |
| Phone: (973) 228-9898 | Phone: (850) 600-8090 |
| aslater@mazieslater.com | dnigh@nighgoldenberg.com |
| | |
| *MDL Plaintiffs' Co-Lead Counsel* | *MDL Plaintiffs' Co-Lead Counsel* |