# Exhibit A: CV of Brandon Schwartz









# Brandon Schwartz



Brandon Schwartz is the Director of Notice for P&N Consulting Services Group. He is responsible for developing customized legal notice solutions for clients related to class action notice and claims administration programs.

Brandon has more than 10 years of experience designing and implementing complex notice programs. His knowledge of demographic research, reach and frequency methodology, digital and social media strategies, and Fed R. Civ 23(c)(2) compliance keep clients informed of the best practices in legal notice design. He is the author of several articles pertaining to Rule 23 changes and notice design and implementation.

Brandon has designed and implemented notice campaigns for hundreds of cases in his career. Prior to joining P&N, Brandon was the Director of Notice and Media for a large claims administrator where he was responsible for overseeing cases such as: *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation*; *In re Sony PS3 "Other OS" Litigation*; *Gordon v. The Hain Celestial Group et al*; and *Smith, et al. v. Floor & Decor Outlets of America, Inc.*

## EDUCATION & CREDENTIALS

- Bachelor of Science, Marketing, University of Illinois at Chicago
- Bachelor of Science, Management, University of Illinois at Chicago
- Legal Notice Expert

## ARTICLES

- Legal Notice and Social Media: How to Win the Internet
- Rule 23 Changes: Avoid Delays in Class Settlement Approval
- Rule 23 Changes: How Electronic Notice Can Save Money
- Tackling Digital Class Notice with Rule 23 Changes
- What to Expect: California's Northern District Procedural Guidance Changes

## SPEAKING ENGAGEMENTS

- Class Action Law Forum: Notice and Administration: Fraud and Third-Party Filers, San Diego, CA, March 18, 2023
- Class Action Law Forum: Settlement and Notice & Claims Trends, San Diego, CA, March 18, 2022
- Class Action Law Forum: Consumer Class Actions, San Diego, CA, March 5, 2020
- Class Action Mastery: Best Practices in Claims Settlement Administration, HB Litigation Conference, San Diego, CA, January 17, 2019
- Class Action Mastery: Communication with the Class, HB Litigation Conference, New York, NY, May 10, 2018





## SAMPLE JUDICIAL COMMENTS

- ***Hezi v. Celsius Holdings, Inc.***, No. 1:21-CV-09892-VM (S.D.N.Y.), Judge Jennifer H. Rearden on April 5, 2023:

  *The Court finds and determines that the notice procedure carried out by Claims Administrator Postlethwaite & Netterville, APAC ("P&N") afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice was the best notice practicable, and has satisfied the requirements of law and due process.*

- ***Scott Gilmore et al. v. Monsanto Company, et al.***, No. 3:21-CV-8159 (N.D. Cal.), Judge Vince Chhabria on March 31, 2023:

  *The Court finds that Class Notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and the Notice Plan. The Court further finds that this provided the best notice to the Class practicable under the circumstances, fully satisfied due process, met the requirements of Rule 23 of the Federal Rules of Civil Procedure, and complied with all other applicable law.*

- ***John Doe et al. v. Katherine Shaw Bethea Hospital and KSB Medical Group, Inc.***, No. 2021L00026 (Fifteenth Judicial Circuit of Illinois, Lee County), on March 28, 2023:

  *The Court has determined that the notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- ***Sanders et al. v. Ibex Global Solutions, Inc. et al.***, No. 1:22-CV-00591 (D.D.C.), Judge Trevor N. McFadden on March 10, 2023:

  *An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Pagan, et al. v. Faneuil, Inc.***, No. 3:22-CV-297 (E.D. Va), Judge Robert E. Payne on February 16, 2023:

  *The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of*





*the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.*

- ***LaPrairie v. Presidio, Inc., et al.***, No. 1:21-CV-08795-JFK (S.D.N.Y.), Judge Andrew L. Carter, Jr. on December 12, 2022:

  > *The Court hereby fully, finally and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action. The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the service award to the Settlement Class Representative. An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Nelson v. Bansley & Kiener, LLP***, No. 2021-CH-06274 (Circuit Court of Cook County, IL), Judge Sophia H. Hall on November 30, 2022:

  > *The court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with requirements of 735 ILCS 5/2-801, et seq.*

- ***Buck, et al. v. Northwest Commercial Real Estate Investments, LLC, et al.***, No. 21-2-03929-1-SEA (Superior Court King County, WA), Judge Douglass A. North on September 30, 2022:

  > *Pursuant to the Court's Preliminary Approval Order, Postcard Notice was distributed to the Class by First Class mail and Email Notice was distributed to all Class Members for whom the Settlement Administrator had a valid email address. The Court hereby finds and concludes that Postcard and Email Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement and in compliance with the Court's Preliminary Approval Order. The Court further finds and concludes that the Postcard and Email Notice, and the distribution procedures set forth in the Settlement fully satisfy CR 23(c)(2) and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Class who could be identified through reasonable effort, provided an opportunity for the Class Members to object or exclude themselves from the Settlement, and support the Court's exercise of jurisdiction over the Settlement Class Members as contemplated in the Settlement and this Final Approval Order.*

- ***Rivera, et al. v. Google LLC,*** No. 2019-CH-00990 (Circuit Court of Cook County, IL), Judge Anna M. Loftus on September 28, 2022:

  > *Pursuant to this Court's Order granting preliminary approval of the Settlement, Postlethwaite & Netterville, APAC ("P&N") served as Settlement Administrator. This Court finds that the Settlement Administrator performed all duties thus far required as set forth in the Settlement Agreement.*





*The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise the Settlement Class Members of their rights.*

- ***Patricia Davidson, et al. v. Healthgrades Operating Company, Inc.***, No. 21-cv-01250-RBJ (D. Colo), Judge R. Brooke Jackson on August 22, 2022:

  *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Hosch et al. v. Drybar Holdings LLC,*** No. 2021-CH-01976 (Circuit Court of Cook County, IL), Judge Pamela M. Meyerson on June 27, 2022:

  *The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- ***Baldwin et al. v. National Western Life Insurance Company***, No. 2:21-cv-04066-WJE (W.D. MO), Judge Willie J. Epps, Jr. on June 16, 2022:

  *The Court finds that such Notice as therein ordered, constituted the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).*

- ***Chapman et al. v. voestalpine Texas Holding LLC,*** No. 2:17-cv-174 (S.D. Tex.), Judge Nelva Gonzales Ramos on June 15, 2022:

  *The Class and Collective Notice provided pursuant to the Agreement and the Order Granting Preliminary Approval of Class Settlement:*

  *(a) Constituted the best practicable notice, under the circumstances;*
  *(b) Constituted notice that was reasonably calculated to apprise the Class Members of the pendency of this lawsuit, their right to object or exclude themselves from the proposed settlement, and to appear at the Fairness Hearing;*
  *(c) Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and*
  *(d) Met all applicable requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution because it stated in plain, easily*





*understood language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members under Rule 23(c)(3).*

- ***Hanson v. Welch Foods Inc.,*** No. 3:20-cv-02011 (N.D. Cal.), Judge Joseph C. Spero on April 15, 2022:

  *The Class Notice and claims submission procedures set forth in Sections 5 and 9 of the Settlement Agreement, and the Notice Plan detailed in the Declaration of Brandon Schwartz filed on October 1, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***McMorrow, et al. v. Mondelez International, Inc.,*** No. 17-cv-02327 (S.D. Cal.), Judge Cynthia Bashant on April 8, 2022:

  *Notice was administered nationwide and achieved an overwhelmingly positive outcome, surpassing estimates from the Claims Administrator both in the predicted reach of the notice (72.94% as compared to 70%) as well as in participation from the class (80% more claims submitted than expected). (Schwartz Decl. ¶ 14, ECF No. 206-1; Final App. Mot. 3.) Only 46 potential Class Members submitted exclusions (Schwartz Decl. ¶ 21), and only one submitted an objection—however the objection opposes the distribution of fees and costs rather than the settlement itself. (Obj. 3.) The Court agrees with Plaintiffs that the strong claims rate, single fee-related objection, and low opt-out rate weigh in favor of final approval.*

- ***Hadley, et al. v. Kellogg Sales Company***, No. 16-cv-04955 (N.D. Cal.), Judge Lucy H. Koh on November 23, 2021:

  *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement, and the Notice Plan filed on March 10, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Miracle-Pond, et al. v. Shutterfly, Inc.,*** No. 2019-CH-07050 (Circuit Court of Cook County, IL), Judge Raymond W. Mitchell on September 9, 2021:

  *This Court finds that the Settlement Administrator performed all duties thus far required as set forth in the Settlement Agreement. The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and*






> *constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise the Settlement Class Members of their rights.*

- ***In re: Interior Molded Doors Indirect Purchasers Antitrust Litigation,*** No. 3:18-cv-00850 (E.D. Va.), Judge John A. Gibney on July 27, 2021:

> *The notice given to the Settlement Class of the settlement set forth in the Settlement Agreement and the other matters set forth herein was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings an of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.*

- ***Krommenhock, et al. v. Post Foods, LLC,*** No. 16-cv-04958 (N.D. Cal.), Judge William H. Orrick on June 25, 2021:

> *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement and the Notice Plan filed on January 18, 2021 fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Lisa Jones et al. v. Monsanto Company, et al.***, No. 4:19-cv-00102-BP (W.D. Mo.), Chief Judge Beth Phillips on May 13, 2021:

> *The Court also notes that there has been only one objection filed, and even the Objector has not suggested that the amount of the settlement is inadequate or that the notice or the method of disseminating the notice was inadequate to satisfy the requirements of the Due Process Clause or was otherwise infirm...However, with respect to the Rule 23(e) factors, the Court finds that the process used to identify and pay class members and the amount paid to class members are fair and reasonable for settlement purposes.*

- ***Winters et al. v. Two Towns Ciderhouse Inc.***, No. 3:20-cv-00468-BAS-BGS (S.D. Cal.), Judge Cynthia Bashant on May 11, 2021:

> *The settlement administrator, Postlethwaite and Netterville, APAC ("P&N") completed notice as directed by the Court in its Order Granting Preliminary Approval of the Class Action Settlement. (Decl. of Brandon Schwartz Re: Notice Plan Implementation and Settlement Administration ("Schwartz Decl.") ¶¶ 4–14, ECF No. 24-5.)….Notice via social media resulted in 30,633,610 impressions. (Schwartz Decl. ¶4.) Radio notice via Spotify resulted in 394,054 impressions. (Id. ¶ 5.) The settlement website received 155,636 hits, and the toll-free number received 51 calls. (Id. ¶¶ 9, 14.). Thus, the Court finds the Notice complies with due process.*






- ***Siddle, et al. v. The Duracell Company, et al.***, No. 4:19-cv-00568 (N.D. Cal.), Judge James Donato on April 19, 2021:

  *The Court finds that the Class Notice and Claims Administration procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.*

- ***Fabricant v. Amerisave Mortgage Corporation***, No. 19-cv-04659-AB-AS (C.D. Cal.), Judge Andre Birotte, Jr. on November 25, 2020:

  *The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The notice fully satisfied the requirements of Due Process. No Settlement Class Members have objected to the terms of the Settlement.*

- ***Edward Makaron et al. v. Enagic USA, Inc.***, No. 2:15-cv-05145 (C.D. Cal.), Judge Dean D. Pregerson on January 16, 2020:

  *The Court makes the following findings and conclusions regarding notice to the Class:*

  *a. The Class Notice was disseminated to persons in the Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;*

  *b. The Class Notice: (i) constituted the best practicable notice under the circumstances to potential Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

- ***John Karpilovsky and Jimmie Criollo, Jr. et al. v. All Web Leads, Inc.***, No. 1:17-cv-01307 (N.D. Ill.), Judge Harry D. Leinenweber on August 8, 2019:

  *The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.*

  *The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class*





> *Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.*

- ***Hartig Drug Company Inc., v. Senju Pharmaceutical LTD., and Allergan, Inc.***, No. 1:14-cv-00719 (D. Del.), Judge Joseph F. Bataillon on May 3, 2018:

> *The Court approves the proposed notice program, including the Mail Notice and the Publication Notice, attached as Exhibits A and B to the Declaration of Brandon Schwartz of Garden City Group in support of Plaintiff's Unopposed Motion to Distribute Notice to the Settlement Class ("Schwartz Declaration"). The Court further approves the claim form attached as Exhibit C to the Schwartz Declaration. The Court finds that the manner of notice proposed constitutes the best practicable notice under the circumstances as well as valid, due, and sufficient notice to all persons entitled thereto and complies fully with the requirements of the Federal Rule of Civil Procedure 23…*

- ***Gordon v. Hain Celestial Group, et al.***, No. 1:16-cv-06526 (S.D.N.Y.), Judge Katherine B. Forrest on September 22, 2017:

> *The form, content, and method of dissemination of the Class Notice given to Settlement Class Members - as previously approved by the Court in its Preliminary Approval Order – were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rule 23 (c) and (e) and Due Process.*

- ***In re: Sony PS3 "Other OS" Litigation***, No. 4:10-cv-01811 (N.D. Cal.), Judge Yvonne Gonzalez Rogers on June 8, 2018:

> *The Court finds that the program for disseminating notice to the Class provided for in the Settlement, and previously approved and directed by the Court (the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and that such Notice Program, including the approved forms of notice, constitutes the best notice practicable under the circumstances and fully satisfied due process, the requirements of Rule 23 of the Federal Rules of Civil Procedure and all other applicable laws.*

- ***In re: Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation***, No. 3:12-cv-00169 (D.N.J.), Judge Anne E. Thompson on June 8, 2016:

> *Notice of the Settlement Agreements to the Settlement Classes required by Rule 23(e) of the Federal Rules of Civil Procedure, including the additional forms of notice as approved by the Court, has been provided in accordance with the Court's orders granting preliminary approval of these Settlements and notice of the Settlements, and such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Federal Rules of Civil Procedure 23(c)(2)(B) and due process.*





## LEGAL NOTICE CASES

| Case Caption | Docket Number | Court |
|---|---|---|
| **Rivera, et al. v. Google LLC** | 19-CH-00990 | Ill. Cir. Ct. Cook Cnty. |
| **Hezi v Celsius Holdings, Inc** | 1:21-cv-09892 | S.D.N.Y. |
| **Quackenbush, et al. v American Honda Motor Company, Inc. et al.** | 3:20-cv-05599 | N.D. Cal. |
| **Sanders, et al. v. Ibex Global Solutions, Inc., et al.** | 1:22-cv-00591 | D.D.C. |
| **In re: Cathode Ray Tube (CRT) Antitrust Litigation** | 4:07-cv-05944 | N.D. Cal. |
| **John Doe et al. v. Katherine Shaw Bethea Hospital and KSB Medical Group, Inc.** | 2021L00026 | Fifteenth Judicial Circuit of Illinois, Lee County |
| **Gonshorowski v. Spencer Gifts, LLC** | ATL-L-000311-22 | N.J. Super. Ct. |
| **Stewart et al. v. Albertsons Cos., Inc.** | 16CV15125 | Mult. Cty. Cir. Ct. |
| **Simmons v. Assistcare Home Health Services, LLC, d/b/a Preferred Home Health Care of New York/Preferred Gold** | 511490/2021 | Kings Co. Sup. Ct., 2d Jud. Dist. |
| **Terry Fabricant v. Top Flite Financial, Inc.** | 20STCV13837 | Cal. Super. |
| **Riley v. Centerstone of America** | 3:22-cv-00662 | M.D. Tenn. |
| **Bae v. Pacific City Bank** | 21STCV45922 | Cal. Super. |
| **Tucker v. Marietta Area Health Care Inc.** | 2:22-cv-00184 | S.D. Ohio |
| **Acaley v. Vimeo.com, Inc** | 19-CH-10873 | Ill. Cir. Ct. Cook Cnty. |
| **Easter v Sound Generations** | 21-2-16953-4 | Wash. Super. |
| **GPM v City of Los Angeles** | 21STCV11054 | Cal. Super. |
| **Pagan v. Faneuil, Inc** | 3:22-cv-297 | E.D. Va. |
| **Estes v. Dean innovations, Inc.** | 20-CV-22946 | Mult. Cty. Cir. Ct. |
| **Buck, et al. v. Northwest Commercial Real Estate Investments, LLC, et al.** | 21-2-03929-1 | Wash. Super. |
| **Gilmore, et al. v. Monsanto Company, et al.** | 3:21-cv-8159 | N.D. Cal. |
| **Copley v. Bactolac Pharmaceutical, Inc. et al.** | 2:18-cv-00575 | E.D.N.Y. |
| **James v. CohnReznick LLP** | 1:21-cv-06544 | S.D.N.Y. |
| **Doe v. Virginia Mason** | 19-2-26674-1 | Wash. Super. |
| **LaPrairie v. Presidio, Inc., et al.** | 1:21-cv-08795 | S.D.N.Y. |
| **Richardson v. Overlake Hospital Medical Center et al.** | 20-2-07460-8 | Wash. Super. |
| **Weidman, et al. v. Ford Motor Company** | 2:18-cv-12719 | E.D. Mich. |
| **Siqueiros et al. v. General Motors, LLC** | 3:16-cv-07244 | N.D. Cal. |
| **Vaccaro v. Delta Drugs, II. Inc.** | 20STCV28871 | Cal. Super. |
| **Hosch v. Drybar Holdings LLC** | 2021-CH-01976 | Ill. Cir. Ct. Cook Cnty. |
| **Davidson v. Healthgrades Operating Company, Inc.** | 21-cv-01250 | D. Colo. |
| **Baldwin et al. v. National Western Life Insurance Co.** | 2:21-cv-04066 | W.D. Mo. |
| **Deien v. Seattle City Light** | 19-2-21999-8 | Wash. Super. |
| **Blake Chapman et al. v. voestalpine Texas, LLC, et al.** | 2:17-cv-00174 | S.D. Tex. |
| **Hanson v. Welch Foods Inc.** | 3:20-cv-02011 | N.D. Cal. |
| **McMorrow v. Mondelez International, Inc.** | 3:17-cv-02327 | S.D. Cal. |
| **Hadley, et al. v. Kellogg Sales Company** | 5:16-cv-04955 | N.D. Cal. |
| **Miracle-Pond, et al. v. Shutterfly, Inc.** | 16-cv-10984 | Cir. Ct. Cook Cnty. |
| **In Re: Sonic Corp. Customer Data Breach Litigation** | 1:17-md-02807 | N.D. Ohio |





| Case Caption | Docket Number | Court |
|---|---|---|
| **In re: Interior Molded Doors Indirect Purchaser Antitrust Litigation** | 3:18-cv-00850 | E.D. Va. |
| **Krommenhock, et al. v. Post Foods, LLC** | 3:16-cv-04958 | N.D. Cal. |
| **Daley, et al. v. Greystar Management Services LP, et al.** | 2:18-cv-00381 | E.D. Wash. |
| **Brianna Morris v. FPI Management Inc.** | 2:19-cv-0128 | E.D. Wash. |
| **Kirilose Mansour v. Bumble Trading Inc.** | RIC1810011 | Cal. Super. |
| **Clopp et. al. v. Pacific Market Research, LLC et. al.** | 21-2-08738-4 | Wash. Super. |
| **Lisa T. Leblanc, et al. v. Texas Brine Company, LLC, et al.** | 12-2059 | E.D. La. |
| **Jackson-Battle v. Navicent Health, Inc.** | 2020-cv-072287 | Ga Super. |
| **Richardson v. Overlake Hospital Medical Center et al.** | 20-2-07460-8 | Wash. Super. |
| **Fabricant v. Amerisave Mortgage Corp** | 2:19-cv-04659 | C.D. Cal. |
| **Jammeh v. HNN Assoc.** | 2:19-cv-00620 | W.D. Wash. |
| **Farruggio, et al. v. 918 James Receiver, LLC et al.** | 3831/2017 | N.Y. Sup Ct |
| **Winters, et al. v. Two Towns Ciderhouse Inc.** | 3:20-cv-00468 | S.D. Cal. |
| **Siddle, et al. v. The Duracell Company, et al.** | 4:19-cv-00568 | N.D. Cal. |
| **Lisa Jones et al. v. Monsanto Company** | 4:19-cv-00102 | W.D. Mo. |
| **Makaron v. Enagic USA, Inc.** | 2:15-cv-05145 | C.D. Cal. |
| **John Karpilovsky, et al. v. All Web Leads, Inc.** | 1:17-cv-01307 | N.D. Ill. |
| **Hughes et al. v. AutoZone Parts Inc. et al.** | BC631080 | Cal. Super. |
| **Kimberly Miller, et al. v. P.S.C., Inc. d/b/a Puget Sound Collections** | 3:17-cv-0586 | W.D. Wash. |
| **Aaron Van Fleet, et al. v. Trion Worlds Inc.** | 535340 | Cal. Super. |
| **Wilmington Trust TCPA (Snyder, et al. v. U.S. Bank, N.A., et al.)** | 1:16-cv-11675 | N.D. Ill. |
| **Deutsche Bank National Trust TCPA (Snyder, et al. v. U.S. Bank, N.A., et al.)** | 1:16-cv-11675 | N.D. Ill. |
| **Adriana Garcia, et al. v. Sun West Mortgage Company, Inc.** | BC652939 | Cal. Super. |
| **Cajuns for Clean Water, LLC, et al. v. Cecilia Water Corporation, et al.** | 82253 | La. Dist. |
| **In re: Sony PS3 "Other OS" Litigation** | 4:10-cv-01811 | N.D. Cal. |
| **In re: Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litigation** | 3:12-cv-00169 | D.N.J. |
| **In re: Ductile Iron Pipe Fittings Direct Purchaser Antitrust Litigation** | 3:12-cv-00711 | D.N.J. |
| **Hartig Drug Company Inc., v. Senju Pharmaceutical et. al.** | 1:14-cv-00719 | D. Del. |
| **Gordon v. The Hain Celestial Group, et al.** | 1:16-cv-06526 | S.D.N.Y. |
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico – Economic and Property Damages Settlement (MDL 2179)** | 2:10-md-02179 | E.D. La. |
| **In re: Google Inc. Cookie Placement Consumer Privacy Litigation (MDL 2358)** | 1:12-md-02358 | D. Del. |
| **In re: Pool Products Distribution Market Antitrust Litigation (MDL 2328)** | 2:12-md-02328 | E.D. La. |
| **In re: Polyurethane Foam Antitrust Litigation (MDL 2196)** | 1:10-md-2196 | N.D. Ohio |
| **In re: Processed Egg Products Antitrust Litigation (MDL 2002)** | 2:08-md-02002 | E.D. Pa. |
| **In re: The Flintkote Company and Flintkote Mines Limited** | 1:04-bk-11300 | Bankr. D. Del. |





| Case Caption | Docket Number | Court |
|---|---|---|
| In re: Prograf (Tacrolimus) Antitrust Litigation (MDL 2242) | 1:11-cv-02242 | D. Mass. |
| Markos v. Wells Fargo Bank, N.A. | 1:15-cv-01156 | N.D. Ga. |
| Cross v. Wells Fargo Bank, N.A. | 1:15-cv-01270 | N.D. Ga. |
| Ferrick v. Spotify USA Inc. | 1:16-cv-08412 | S.D.N.Y. |
| In re: Parmalat Securities Litigation (MDL 1653) | 1:04-md-01653 | S.D.N.Y. |
| Smith v. Floor and Décor Outlets of America, Inc. | 1:15-cv-04316 | N.D. Ga. |
| Schwartz v. Intimacy in New York, LLC | 1:13-cv-05735 | S.D.N.Y. |
| In re: TRS Recovery Services, Inc., Fair Debt Collection Practices Act Litigation (MDL 2426) | 2:13-md-02426 | D. Me. |
| Young v. Wells Fargo & Co | 4:08-cv-00507 | S.D. Iowa |
| In re: Credit Default Swaps Antitrust Litigation (MDL 2476) | 1:13-md-02476 | S.D.N.Y. |
| Anthony Frank Lasseter et. al. v. Rite-Aid | 09-cv-2013-900031 | Ala. Cir. Ct. |
| Khoday v. Symantec Corp. | 0:11-cv-00180 | D. Minn. |
| MacKinnon, Jr v. IMVU | 1-11-cv-193767 | Cal. Super. |
| Ebarle et al. v. LifeLock, Inc. | 3:15-cv-00258 | N.D. Cal. |
| Sanchez v. Kambousi Restaurant Partners ("Royal Coach Diner") | 1:15-cv-05880 | S.D.N.Y. |
| Schwartz v. Avis Rent A Car System | 2:11-cv-04052 | D.N.J. |
| Klein v. Budget Rent A Car System | 2:12-cv-07300 | D.N.J. |
| Pietrantonio v. Kmart Corporation | 15-5292 | Mass. Cmmw. |
| Cox et al. v. Community Loans of America, Inc., et al. | 4:11-cv-00177 | M.D. Ga. |
| Vodenichar et al. v. Halcón Energy Properties, Inc. et al. | 2013-512 | Pa. Com. Pleas |
| State of Oregon, ex. rel. Ellen F. Rosenblum, Attorney General v. AU Optronics Corporation, et al. | 1208 10246 | Or. Cir. |
| Barr v. The Harvard Drug Group, LLC, d/b/a Expert-Med | 0:13-cv-62019 | S.D. Fla. |
| Splater et al. v. Thermal Ease Hydronic Systems, Inc. et al. | 03-2-33553-3 | Wash. Super. |
| Phillips v. Bank of America | 15-cv-00598 | Cal. Super. |
| Ziwczyn v. Regions Bank and American Security Insurance Co. | 1:15-cv-24558 | S.D. Fla |
| Dorado vs. Bank of America, N.A. | 1:16-cv-21147 | S.D. Fla |
| Glass v. Black Warrior Electric | cv-2014-900163 | Ala. Cir. |
| Beck v. Harbor Freight Tools USA, Inc. | 15-cv-00598 | Ohio Com. Pleas |
| Ligon v. City of New York, et al. | 12-cv-2274 | S.D.N.Y. |
| Abdellahi, et a., vs. River Metals Recycling, LLC | 13-CI00095 | Ky. Cir. |
| Alegre v. XPO Last Mile, Inc. | 2:15-cv-02342 | D.N.J. |
| Jack Leach et al. v. E.I. du Pont de Nemours and Co. | 01-C-608 | W. Va. Cir. |
| Hayes , et al. v. Citizens Financial Group Inc., et al. | 1:16-cv-10671 | D. Mass. |
| In re: Foreign Exchange Benchmark Rates Antitrust Litigation | 1:13-cv-07789 | S.D.N.Y. |
| Flo & Eddie, Inc. v. Sirius XM Radio, Inc. | 2:13-cv-05693 | C.D. Cal. |
| Cozzitorto vs. American Automobile Association of Northern California, Nevada & Utah | C13-02656 | Cal. Super. |
| Filannino-Restifo, et al. v. TD Bank, N.A. | 0:18-cv-01159 | D.N.J. |
| United States v. Takata Corporation | 2:16-cv-20810 | E.D. Mich. |
| Free Range Content, Inc. v. Google Inc. | 5:14-cv-02329 | N.D. Cal. |
| Bautista v. Valero Marketing and Supply Company | 3:15-cv-05557 | N.D. Cal. |
| Devin Forbes and Steve Lagace -and- Toyota Canada Inc. | cv-16-70667 | Ont. Super. Ct. |









pnclassandmass.com

| Case Caption | Docket Number | Court |
|---|---|---|
| **Thierry Muraton -and- Toyota Canada Inc.** | 500-06-000825-162 | Que. Super. Ct. |
| **In re: Residential Schools Class Action Litigation** | 00-cv-192059 | Ont. Super. Ct. |
| **In re: Tricor Antitrust Litigation** | 05-340 | D. Del. |
| **Masztal v. City of Miami** | 3D06-1259 | Fla. Dist. App. |
| **In re: Tribune Company, et al.** | 08-13141 | D. Del. |
| **Marian Perez v. Tween Brands Inc.** | 14-cv-001119 | Ohio Com. Pleas |
| **Ferguson v. Safeco** | DV 04-628B | Mont. Dist. |
| **Williams v. Duke Energy** | 1:08-cv-00046 | S.D. Ohio |
| **Boone v. City of Philadelphia** | 2:05-cv-01851 | E.D. Pa. |
| **In re: Lehman Brothers Inc.** | 08-13555, 08-01420 | Bankr. S.D.N.Y. |
| **In re: Department of Veterans Affairs (VA) Data Theft Litigation (MDL No. 1796)** | 1:06-md-00506 | D.D.C. |
| **In re: Countrywide Customer Data Breach Litigation (MDL No. 1998)** | 3:08-md-01998 | W.D. Ky. |
| **In re: Checking Account Overdraft Litigation (MDL No. 2036)** | 1:09-md-02036 | S.D. Fla. |
| **In re: Heartland Data Security Breach Litigation (MDL No. 2046)** | 4:09-md-02046 | S.D. Tex. |
| **Schulte v. Fifth Third Bank** | 1:09-cv-06655 | N.D. Ill. |
| **Mathena v. Webster Bank, N.A.** | 3:10-cv-01448 | D. Conn. |
| **Delandro v. County of Allegheny** | 2:06-cv-00927 | W.D. Pa. |
| **Trombley v. National City Bank** | 1:10-cv-00232 | D.D.C. |
| **Fontaine v. Attorney General of Canada** | 00-cv-192059 CP | Ont. Super. Ct. |
| **Marolda v. Symantec Corp.** | 3:08-cv-05701 | N.D. Cal. |