**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: Valsartan *et al.* Multi-District Litigation | MDL No. 19-md-2875 (RBK/SAK) |
| This Document Relates To All Actions | **ORDER APPROVING FORM AND MANNER OF NOTICE TO CERTIFIED CLASSES** |

**KUGLER, UNITED STATED DISTRICT JUDGE:**

  **This Matter Having Come Before The Court** on plaintiffs' unopposed motion for approval of the Form and the Manner of Class Notice ["the motion"] (Doc. 2532);

  **The Court Having Granted Certification** of a Consumer Economic Loss Class, a Third-Party Payor Economic Loss Class, and a Medical Monitoring Class [collectively "the Classes"] (Doc. 2261);

  **Wherein Each Class Consisting Of Various Subclasses**, each subclass relating to a specific cause of action and those state laws governing that cause of action; and

  **This Court Having Reviewed The Motion** and accompanying submissions, including the declaration of Brandon Schwartz ["Schwartz Declaration" or "Schwartz Decl."] (Doc. 2532-1), who is the proposed class administrator, and exhibits,

  **Then For The Reasons Set Forth Herein,** for good cause shown, and pursuant to *Fed. R. Civ. P.* ["*Rule*"] *72* and *Loc. R. 72.1* without oral argument,

  **IT IS HEREBY ORDERED:** that the motion is granted; and

  **IT IS FURTHER ORDERED**: that the form and manner of short-form and long-form class notices described herein meet due process requirements and *Rule 23*.

**1.0 SCHEDULE FOR NOTICING CLASS MEMBERS**

**Class Notice Start:** by 4 Dec 2023 or 14 calendar days after the date of this Order, whichever is later.

**Deadline for Exclusion (Opt-Out) Requests to Class Administrator:** 31 Jan 2024 or 14 Feb 2024, as ordered hereinbelow.

**2.0 CLASS DEFINITIONS**

  On 8 Feb 2023, this Court ordered class certification and instructed plaintiffs in the re-categorization of the proposed subclasses. Having since met, conferred and revised the subclasses, the parties agree the revised subclass definitions Exhibits C, D, and E to the Schwartz Declaration conform to the instructions in the Court's class certification order.

Accordingly, this Court approves the class definitions in Exhibits C, D, and E to the Schwartz Declaration and

**HEREBY ORDERS:**

the class definitions in Exhibits C, D, and E to the Schwartz Declaration shall be set forth in full on the class notice website and shall be linked to, in the long-form notices; and

**IT IS FURTHER ORDERED:**
ONLY AND SOLELY for readability to potential class members being given direct or publication notice, the class administrator shall:
in the notice to class members, use the "short form" of class definitions set forth hereinbelow;
provide a link in the notice for detailed definitions of classes and subclasses in Exhibits C, D, and E to the Schwartz Declaration; and
state in the notice that the linked-to class definitions are the legally appropriate definitions.

### 2.1    Short Form of Class Definitions

**Consumer Economic Loss ("EL") Class**: All individuals in the United States and its territories and possessions who, since at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money for a valsartan-containing drug ("VCD") (intended for personal or household use) that was manufactured by any Active Pharmaceutical Ingredient or Finished Dose Defendant, and distributed or sold in the United States by any Defendant.

**Medical Monitoring ("MM") Classes**: Individuals residing in the United States and its territories possessions, (except Mississippi, New Hampshire North Carolina, and North Dakota) who consumed a sufficiently high Lifetime Cumulative Threshold of NDMA or NDEA, in generic VCDs manufactured by any Active Pharmaceutical Ingredient or Finished Dose Defendant, and marketed in the United States and its territories and possessions, at least since January 1, 2012.

**Third Party Payor ("TPP") Classes:** All Third-Party Payors that, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in the United States and its territories and possessions for a VCD that was manufactured by any Active Pharmaceutical Ingredient or Finished Dose Defendant, and distributed or sold in the United States by any Active Pharmaceutical Ingredient, Finished Dose, or Wholesaler Defendant.

### 3.0    NOTICE FORM AND CONTENT

### 3.1    Legal Standard Relating to Class Notice

In *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985), the Supreme Court held that, in

order to bind plaintiffs who are absent in a litigation to the litigation results, courts must provide them with certain due process protections, which include:

1) the plaintiff must be given notice and "an opportunity to be heard and participate in the litigation";
2) "the notice must be the best practicable, 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action, and afford them an opportunity to present their objections'";
3) "the notice should describe the action and the plaintiffs' rights in it"; and
4) "that an absent plaintiff be provided with an opportunity to remove himself from the class." *Id.* (internal citations and quotations omitted).

Succinctly, the goal of notice is to satisfy due process concerns by telling absent class members about the on-going action and giving them an opt-out of the class if they wish not to be bound by further proceedings. *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 446 (3d Cir. 2016).

*Rule 23(c)* embodies these protections and governs the form and content of notice to absent plaintiffs. For non-settlement *Rule 23(b)(3)* classes, as the ones here, notice must:
1) constitute the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort" (*Rule 23(c)*; *In re Ocean Power Techs., Inc.*, No. 3:14cv3799, 2016 WL 6778218 at *9 (D.N.J.15 Nov 2016)); and
2) contain sufficient info that allows them to make informed decisions on how to protect their rights, including opting out of the class. *Nat'l Football Concussion Injury, 822 F.3d* at 435.

In giving notice, "the Court must balance 'between protecting the rights of absent class members and making Rule 23 workable.' *In re Wawa, Inc. Data Sec. Litig.*, No. 19cv6019, 2021 WL 3276148, at *12 (E.D. Pa. 30 July 2021) [*quoting Carlough v. Amchem* Prod., Inc., 158 F.R.D. 314, 327 (E.D. Pa. 1993)]. In so balancing, 'courts have held that it is not necessary to send individual notices to an overinclusive group of people simply because that group contains some additional class members whose identities are unknown.'" *Ibid.*

### 3.2    Class Notice Expert

To comply with *Rule 23* and required due process protections, plaintiffs have retained as its class notice expert Brandon Schwartz of EisnerAmper, APAC (formerly called Postlethwaite & Netterville), who is experienced and capable. He has previously designed and implemented notice campaigns for hundreds of cases in his career, including numerous complex class action notice plans.

**Accordingly, the Court ORDERS: Mr. Brandon Schwartz is approved as class notice administrator.**

**3.3    Notice Plan; Description of Short-Form Notice for Each Class**

The Schwartz Declaration and accompanying exhibits filed with the motion set forth plaintiffs' Notice Plan as well as the form of both the short and long-form notices.

### 3.3.1    TPP ECONOMIC LOSS Class List; Manner and Form of Short-Form Notice

The class administrator has developed a proprietary list of mailing and emailing addresses of potential members in the TPP Economic Loss class through its searches of relevant databases containing such information. Schwartz Decl. at ¶28. As the Schwartz Declaration details- at Exh. J, the TPP Economic Loss short-form notice shall be mailed, and e-mailed, to all third-party payors identified as possible TPP Economic Loss class members.  In addition to this direct notice, the class administrator shall also provide publication notice in industry-related publications tailored to reach those potential TPP Economic Loss class members that do not receive direct notice.  Schwartz Decl. at ¶¶29-31.

Specifically, the TPP Economic Loss class short-form notice informs the recipient of the following information:
the existence of the TPP Economic Loss class action in which the recipient may be a class member;
that their rights may be affected;
this Court has ordered them to be noticed of the action in this manner, and
the website URL and toll-free number hotline where they can get more information, incl. the long-form TPP Economic Loss class notice.

Having reviewed Plaintiffs' notice plan for the TPP Economic Loss class members, TPP Defendants do not oppose it.

Accordingly, this Court approves the manner and form of  plaintiffs' short-form direct notice to TPP Economic Loss Class members via email or mail as described in this section; and

**HEREBY ORDERS: the class administrator shall disseminate according to the Notice Schedule in section 1.0 such notice to the mail and/or e-mail addresses of the TPP Economic Loss members in its proprietary list as well as publish such notice in all relevant industry-related publications.**

### 3.3.2    Consumer ECONOMIC LOSS and Consumer MEDICAL MONITORNG Class Lists; Manner and Form of Notice

The class administrator has identified contact information for the potential members of the two Consumer classes for Economic Loss and Medical Monitoring by reviewing pharmacy dispensing data, produced by the Retail Pharmacy Defendants pursuant to court order. Such data contain reasonably available consumer contact information, including mailing addresses, email addresses, and phone numbers. Schwartz Decl. ¶¶ 11-12.  Based on the Schwartz Decl. ¶¶11-16, the Court requires the class

administrator shall direct notice[1] potential members of the two Consumer classes for Economic Loss and Medical Monitoring individually via email, text, or mail.

For consumers not included in the pharmacy dispensing data, the class administrator collaborated with a third-party data provider specializing in aggregating consumer data and identity verification to add available email addresses for potential class members. *Id.*, ¶12. Thus, in being able to direct notice consumers whose contact information was previously unavailable, the class administrator estimates that in excess of eighty (80) percent of all potential class members can be contacted. *Id.*, ¶¶6, 11. To supplement the direct mail notice, the class administrator has created a media campaign using state-of-the-art targeted digital notice to reach those who do not receive direct notice, which is expected to improve on the approximately eighty percent reached by direct notice. *Id.*, ¶¶6, 11, 17-27.

### 3.3.2.1 Email Notice Form

With regards to the notice form, the class administrator shall send via email the short form notice to the two Consumer classes for Economic Loss and Medical Monitoring in the manner attached to the Schwartz Declaration at Exh. F, which informs the recipient of the following information:

the existence of the Consumer Economic Loss and/or of the Medical Monitoring class action in which the recipient may be a class member;

that their rights may be affected;

this Court has ordered them to be noticed of the action in this manner, and

the website URL and toll-free number hotline where they can get more information, incl. the long-form of the notice.

Given that no defendant here has opposed this email notice form, **accordingly the Court approves the manner and form of plaintiffs' email short-form notice as described herein to the Consumer Economic Loss and/or to the Medical Monitoring class; and**

**HEREBY ORDERS: the class administrator shall disseminate according to the Notice Schedule in section 1.0 such short-form email notice to those e-mail addresses of the Consumer Economic Loss class members and/or Consumer Medical Monitoring class members available to it.**

### 3.3.2.2 Text Message Notice Form

When a functional e-mail address is absent, but a mobile telephone number capable of receiving text messages is available, the class administrator shall notify the Consumer Economic Loss class member and/or Medical Monitoring class member by texting them at their mobile telephone

---

[1] "direct notice" refers to a notice transmitted via mail, email, or phone directly to a potential class member and is opposed to "broadcast notice" which is transmitted via social media, banner ads, search advertising, TV ads, publication in journals, newspapers, etc.

number the following:

> U.S. FEDERAL COURT AUTHORIZED CLASS ACTION NOTICE
>
> Our records indicate that you may have consumed and/or paid for Valsartan/Valsartan-Containing Drugs. A class action lawsuit may affect your legal rights.
>
> Visit the Court approved website https://ValsartanMedicationLawsuit.com or call 1-866-875-9644. Reply STOP to end.

Schwartz Decl. Exh. G.

As a kind of direct notice,[2] the text message shall include the following information:

the existence of the Consumer Economic Loss and/or of the Medical Monitoring class action in which the recipient may be a class member;

that their rights may be affected;

this Court has ordered them to be noticed of the action in this manner, and

the website URL and toll-free number hotline where they can get more information, incl. the long-form of the notice.

For this motion, plaintiffs show that the intended text messages as class notice do not violate the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq ("TCPA") because: the Class Administrator must: 1) receive from defendants the predetermined class member list; 2) scrub it to remove re-assigned phone numbers; then (3) upload the scrubbed list into the text messaging platform; and importantly (4) have a live person manually type into the text messaging platform the text message notice; and manually select the date and time to send it.[3]

---

[2] Although a relatively new form of notice, a text message has been approved by multiple courts; experience has shown that it provides effective notice and response rates compared to more traditional forms of notice. *See Dickensheets v. Arc Marine, LLC*, 440 F.Supp.3d 670, 672 (S.D. Tex. Feb. 19, 2020); *Yates v. Checkers Drive-In Restaurants, Inc.*, No. 17 C 9219, 2020 WL 6447196, at *3-6 (N.D. Ill. Nov. 3, 2020); *See also Brashier v. Quincy Prop., LLC*, 2018 WL 1934069, at *6 (C.D. Ill. Apr. 24, 2018); *In re AT&T Mobility Wireless Data Services Sales Litigation*, 270 F.R.D. 330, 352 (N.D. Ill. 2010); *Frank v. Cannabis & Glass LLC et al.*, No. 2:19-CV-00250-SAB (E.D. Wash.) (April 11, 2022).

Further, in considering whether sending class notice via text message is prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq ("TCPA"), courts have held:

1) the text message Notice is purely informational and not telemarketing as its sole purpose is to alert potential class members of the class action lawsuit and their rights. *See Yates*, 2020 WL 6447196, at *3-6.

2) at the direction of a court, the text message notice is sent to a database of phone numbers previously maintained by defendants and produced in this litigation pursuant to court order and thus is not sent by a "person" within the meaning of the TCPA. *See Id.*; *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 166 (2016) ("The United States and its agencies . . . are not subject to the TCPA's prohibitions because no statute lifts their immunity."); *In re Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991*, 31 F.C.C. Rcd. 7394, 7398 (July 5, 2016) (finding that the term "person" in the TCPA "does not include the federal government or agents acting within the scope of their agency under common-law principles of agency").

3) the text messaging platform that sends the text message notices does not meet the TCPA definition of an "automatic telephone dialing system" ("ATDS") because that platform "exclusively dials numbers" on the predetermined Class Member List, and does not "store, nor produce, numbers using a random or sequential number generator." See *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 460 (7th Cir. 2020). Nor can the text messaging platform meet the definition of an ATDS because it requires human intervention to send the text message notice.

[3] *See, e.g.*, *Gaza v. Auto Glass America, LLC*, No. 17cv1811-T-27, 2018 WL 5775915, at *4 (M.D. Fla. 2 Nov 2018) [*holding* a text messaging platform was not an ATDS where, in order to place a call, the "[d]efendant's representative creates and uploads a list to an online 'platform' from which customer names and phone numbers are selected, text messages drafted, a date and time of delivery is selected and the 'send' button is pressed, all requiring human intervention"]; *Herrick v. GoDaddy.com LLC*, 312 F. Supp. 3d 792, 801-03 (D. Ariz. 2018) [*holding* same]; *Ramos v. Hopele of Fort Lauderdale, LLC,* 334 F. Supp. 3d 1262, 1265 (S.D. Fla. 2018) [*holding* same].

Having reviewed plaintiffs' arguments regarding the legal appropriateness of text messages notices, and given that no defendant here has opposed this text message notice form for the Consumer Economic Loss class and/or for the Consumer Medical Monitoring class, **accordingly the Court approves the manner and form of the text message short-form notice as described herein to these classes; and**

**HEREBY ORDERS: the class administrator shall disseminate according to the Notice Schedule in section 1.0 such short-form text message notice to those telephone numbers of the Consumer Economic Loss class members and/or Consumer Medical Monitoring class members available to it and for whom email addresses are unavailable.**

### 3.3.3.3  Mail Notice Form

If neither e-mail nor text messaging information is available, the notice administrator shall mail the short-form notice in the manner described in the Schwartz Declaration at Exh. G to the Consumer Economic Loss class members and/or Consumer Medical Monitoring class members.

Like the email and text short form notices described above, the short-form notice mailed to potential Consumer Economic Loss and/or of the Medical Monitoring class action members shall including the following:

the existence of the Consumer Economic Loss and/or of the Medical Monitoring class action in which the recipient may be a class member;

that their rights may be affected;

this Court has ordered them to be noticed of the action in this manner, and

the website URL and toll-free number hotline where they can get more information, incl. the long-form of the notice.

Given that no defendant here has opposed this mail notice form for the Consumer Economic Loss class and/or for the Consumer Medical Monitoring class, **accordingly the Court approves the manner and form of the short-form notice as described herein via mail for these classes; and**

**HEREBY ORDERS: the class administrator shall disseminate according to the Notice Schedule in section 1.0 such short-form mailed notice to the addresses of the potential Consumer Economic Loss class members and/or Consumer Medical Monitoring class members available to it and for whom neither email addresses nor telephone numbers are available.**

### 4.0   SUFFICIENCY OF THE OVERALL NOTICE PLAN AND NOTICE WEBSITE

Plaintiffs' class administrator has opined, based on a reasonably reliable methodology as described in the Schwartz Declaration, this overall notice plan is designed to exceed a 70% reach to

potential class members, which case law and the Federal Judicial Center recommend is the norm.[4] Accordingly, the Court finds this overall notice plan sufficient.

All direct notices point class members to a toll-free number hotline and a website, where they can pull together additional information concerning the litigation as well as view or request to be mailed the full long-form notice. Also there are instructions on how class members can opt out of any of the classes and register their contact information to get direct notice at a later date of any settlement or judgment in the litigation.

As of the date of this Order, the parties are still discussing the contents of the website and toll-free number hotline, **accordingly the Court hereby ORDERS:**

**on or before 27 November 2023, the parties shall finalize the contents of the website and toll-free number hotline by agreement, ELSE**

**submit simultaneous letters on 27 November 2023, setting forth any remaining disagreements for the Court to resolve.**


5.0     LONG-FORM NOTICE

Plaintiffs assert that, written in plain language, the proposed long-form notices can be easily understood by class members and they also follow the best practices outlined by the Federal Judicial Center. The long-form notices contain all items required by *Rule 23(c)(2)(B)*, including:

1) a description of the nature of the action;

2) a general definition of the certified classes with a link to the detailed definition of the classes and subclasses;

 iii) a description of the class claims, issues, and defenses;

iv) notice that the class member may enter an appearance through an attorney if desired;

v) a procedure for the class member to opt-out of the class and be excluded from any binding effects of further proceedings;

vi) the time and manner by which the class member can seek exclusion; and

vii) the binding effect of any further proceedings and class judgment on class members if they do not exclude themselves. *Rule 23(c)(2)(B)*; Schwartz Decl. Exhs. K, L.

These notices give absent class members information regarding their rights and advise them how to

---

[44] *See* Schwartz Decl. at ¶41;
*see also* Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide for Judges", at 27 (3d Ed. 2010); *Beck-Ellman v. Kaz USA, Inc.*, No. 3:10-CV-02134-H-DHB, 2013 WL 1748729, at *3 (S.D. Cal. 7 Jan 2013) [*approving* publication notice with 70% reach]; *Kaufman v. Am. Express Travel Related Servs. Co., Inc.*, 877 F.3d 276, 287 (7th Cir. 2017) [*approving* notice plan reaching approximately 70% of class members]; *Chinitz v. Intero Real Est. Servs.*, No. 18-CV-05623-BLF, 2020 WL 7042871, at *1 (N.D. Cal. 1 Dec 2020) [approving notice plan calculated to reach at least 70% of class members]; *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15MD2670 DMS (MDD), 2023 WL 2483474, at *2 (S.D. Cal. 13 Mar 2023) [*holding* that "[t]he Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable"].

execute their decision on whether to remain in the class or seek exclusion, satisfying due process.

The Court finds that the Notice Plan and forms of notice comply with the standards of fairness and completeness both due process compliance and *Rule 23* require.

### 5.0    OPT-OUT PERIOD

The parties have agreed to an opt-out period of at least 45 days from commencement of direct notice and publication notice. Based on current estimates to transmit / mail the direct notice and commence search advertising and publication notice, the class administrator expects direct notice in whatever form described herein shall begin on 4 December 2023 or 14 days following the date of this Order, whichever is later, and be substantially complete by 18 December 2023. Schwartz Decl. ¶ 40.

The parties have agreed that an opt-out deadline for all class members of 31 January 2024 will suffice to disseminate direct notice and publication notice but have not fully considered the situation when direct or publication notice is not complete by 18 Dec 2023.

Given that no defendant here has opposed either the notice start date or the opt-out deadline, **accordingly, the Court**

**ORDERS: the class administrator shall substantially complete direct notice to class members via email, text, or mail as well as notice in relevant publications by 18 Dec 2023; and**

**IT IS FURTHER ORDERED: if both direct and publication notice are substantially complete by 18 December 2023, then class members must exclude themselves from the class action by notifying the class administrator either:**

**by mailing to a dedicated Post Office box OR by emailing to a dedicated email address, as evidenced by a postmark date OR email date of no later than 31 Jan 2024, of their opting out of the class; and**

**IT IS FURTHER ORDERED: if neither direct nor publication notice is substantially complete by 18 December 2023, then class members must exclude themselves from the class action by notifying the class administrator either:**

**by mailing to a dedicated Post Office box OR by emailing to a dedicated email address, as evidenced by a postmark date OR email date of no later than 14 Feb 2024 of their opting out of the class; and**

**IT IS FURTHER ORDERED:  both the dedicated P.O. box address and the dedicated email address for opting-out shall be included in the short-form class notice.**

**6.0      CONCLUSION**

**The Court ORDERS:**

the class definitions in Exhibits C, D, and E to the Schwartz Declaration shall be set forth in full on the class notice website and shall be linked to, in the long-form notices; and

**IT IS FURTHER ORDERED:**

ONLY AND SOLELY for readability to potential class members being given direct or publication notice, the class administrator shall:

in the notice to class members, disseminate the "short form" of class definitions set forth herein;

provide a link in the notice to detailed definitions of classes and subclasses as found in Exhibits C, D, and E to the Schwartz Declaration; and

state in the notice that the linked-to class definitions are the legally appropriate definitions; and

**IT IS FURTHER ORDERED:**

Mr. Brandon Schwartz of EisnerAmper is approved as class notice administrator; and

**IT IS FURTHER ORDERED:**

the manner and form of plaintiffs' short-form direct notice as described herein to TPP Economic Loss Class members via EMAIL or MAIL are approved; and

the class administrator shall disseminate according to the Notice Schedule in section 1.0 such notice to the mail and/or e-mail addresses of the TPP Economic Loss members in its proprietary list as well as publish such notice in all relevant industry-related publications; and

**IT IS FURTHER ORDERED:**

the manner and form of plaintiffs' short-form notice as described herein via EMAIL to the Consumer Economic Loss and/or to the Medical Monitoring class are approved; and

the class administrator shall disseminate according to the Notice Schedule in section 1.0 such short-form EMAIL notice to those e-mail addresses of the Consumer Economic Loss class members and/or Consumer Medical Monitoring class members available to it; and

**IT IS FURTHER ORDERED:**

the manner and form of the plaintiffs' short-form notice as described herein via TEXT MESSAGE to the Consumer Economic Loss and/or to the Medical Monitoring class are approved; and

the class administrator shall disseminate according to the Notice Schedule in section 1.0 such short-form TEXT MESSAGE notice to those telephone numbers of the Consumer Economic Loss class members and/or Consumer Medical Monitoring class members available to it and for whom email addresses are unavailable; and

**IT IS FURTHER ORDERED:**

the manner and form of the short-form notice as described herein via mail to the Consumer Economic Loss and/or to the Medical Monitoring class are approved; and

the class administrator shall disseminate according to the Notice Schedule in section 1.0 such short-form MAILED notice to the addresses of the Consumer Economic Loss class members and/or Consumer Medical Monitoring class members available to it and for whom neither email addresses nor telephone numbers are available; and

**IT IS FURTHER ORDERED:**

on or before 27 November 2023:  the parties shall finalize the contents of the class notice website and toll-free number hotline by agreement, ELSE

submit to the Court simultaneous letters on 27 November 2023, setting forth any remaining disagreements for the Court to resolve; and

**IT IS FURTHER ORDERED:**

if both direct and publication notice are substantially complete by 18 December 2023, then class members must exclude themselves from the class action by notifying the class administrator either:  by mailing to a dedicated Post Office box OR by emailing to a dedicated email address, as evidenced by a postmark date OR email date of no later than 31 Jan 2024, of their opting out of the class; and

if neither direct nor publication notice is substantially complete by 18 December 2023, then class members must exclude themselves from the class action by notifying the class administrator either:  by mailing to a dedicated Post Office box OR by emailing to a dedicated email address, as evidenced by a postmark date OR email date of no later than 14 Feb 2024 of their opting out of the class; and

both the dedicated P.O. box address and the dedicated email address for opting-out shall be included in the short-form class notice; and

**IT IS FURTHER ORDERED:**

Although not discussed herein, the form and manner of the class administrator's digital advertising notices, banner notifications on social media websites, and search notices are approved.


Dated: 15 November 2023                    /s Robert B. Kugler
                                           Honorable Robert B. Kugler
                                           United States District Judge