**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| IN RE: Valsartan, Losartan, and Irbesartan Products Liability Litigation | MDL No. 2875 (RBK-SAK) |
| *This document applies to all cases.* | ORDER re Defendants' Objections to Special Master Order No. 84 |

**KUGLER, U.S. DISTRICT JUDGE:**

**THIS MATTER COMING BEFORE** the Court upon defendants' Objections to, and Motion to Reverse (Doc. No. 2494) ["the Motion"], Special Master Order No. ["SMO"] 84 (Doc. No. 2476); and

**THE COURT HAVING REVIEWED** SMO 84, the Memorandum of Law in support of the Motion (Doc. No. 2494-1) and plaintiffs' Memorandum of Law in Opposition to the Motion (Doc. No. 2501) and without oral argument in accord with *Local Rule 78.1*;

**THE COURT NOTING** that:

on 14 Dec 2022, the ZHP defendants[1] served notice (Doc. No. 2217-4) they were going to issue a subpoena to Valisure LLC,[2] a non-party this MDL, to get certain test results that Valisure had sent in June 2019 to the U.S. FDA in a Citizen Petition; and

the Citizen Petition test results reported Valisure's independent testing that valsartan-containing drugs ["VCDs"] distributed by drug manufacturers including Novartis, the Reference Listed Drug ["RLD"] manufacturer, had a detectable level of nitrosamines, known carcinogens; and

on 4 Jan 2023, the ZHP defendants moved this Court to compel production of the National Drug Code ["NDC"] identification numbers for those samples of VCDs the Citizen Petition identified Novartis had made, distributed, marketed and/or sold. Doc. No. 2217-1; and

these defendants had reasoned that, since Valisure's Citizen Petition does not disclose the NDC numbers (by which specific drugs are identified), production of that information was relevant and necessary to defeating plaintiffs' arguments that the contaminated VCDs of the generic manufacturers were not the "same" as the RLD made by Novartis; and

---

[1] Zhejiang Huahai Pharmaceuticals Co. Ltd.; Huahai US, Inc.; Prinston Pharmaceutical Inc.; and Solco Healthcare LLC.
[2] Among other things, Valisure is an independent analytical laboratory ISO 17025 accredited by the International Organization for Standardization ('ISO') in the business of providing quality assurance to the healthcare industry.

on 17 Jan 2023, plaintiffs moved to quash the subpoena for lack of relevance and as untimely and to compel a protective order; and

on 29 Aug 2023, Discovery Special Master Vanaskie issued SMO 84, denying the ZHP defendants' motion to compel and quashing their subpoena as well as granting plaintiffs' motion for a protective order; and

on 19 Sep 2023, the ZHP defendants moved to object to, and reverse, SMO 84 in Doc. No. 2494.

**THE COURT NOW CONFIRMING** under either standard of review—"clearly erroneous" or "abuse of discretion"—that the findings and decision of the Special Master in SMO 84 pass legal muster; and

**THE COURT FINDING** that, although the information defendants sought was relevant (SMO 84:3), defendants did not offer any compelling justification either for demanding information from Valisure 3 years after Valisure had reported on the possible nitrosamine-containing samples of Novartis valsartan tested in 2019 or for commanding such discovery production a year after Valsartan discovery had ended; and

**THE COURT FURTHER FINDING** under either standard of review that Judge (Ret.) Vanaskie understood the ZHP defendants may have realized too late a particular significance of Valisure's information but nonetheless tried to subvert the parties' well-established and agreed-upon discovery deadlines in order to explore whether they could defeat an argument that the RLD and the contaminated VCDs were not the same;

**IT IS HEREBY ORDERED:**

Defendant Objections and Motion to Reverse SMO 84 in Doc. No. 2494 are **DENIED**; and

The findings and decision of SMO 84 are **AFFIRMED**.

Dated: 15 December 2023

s/ Robert B. Kugler
Hon. Robert B. Kugler
United States District Judge