THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| _____ : <br> : <br> *In re*: **VALSARTAN, LOSARTAN, and IRBESARTAN** : <br> **PRODUCTS LIABILITY LITIGATION** : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> *This Document Applies to All Actions* : <br> _____ : | Master Docket No. 19-2875 (RBK/SAK) <br><br> **Order VACATING opinion and order <br> in ECF Docs. 2581 and 2582 <br> ONLY as to Expert Report <br> of Timothy Anderson; and <br> New Order re Liability Expert Report <br> of Timothy Anderson** |

**KUGLER**, United States District Judge:

    **BEFORE THE COURT** in this multidistrict litigation ("MDL") is a motion by Teva Pharmaceuticals USA, Inc., Teva Pharmaceuticals Industries, Ltd., Actavis LLC, and Actavis Pharma, Inc. [collectively "Teva" or "defendants"] seeking to amend / correct this Court's Opinion (Doc. No. 2581) and Order (Doc. No. 2582) as to the expert report of Timothy Anderson;

    **THE COURT RECOGNIZING** that Its Opinion/Order (Docs. 2581, 2582) had relied mistakenly on Mr. Anderson's expert report on class certification rather than on his expert report on liability;

    **THE COURT APPRECIATING** Teva's alert to Its mistake; and

    **THE COURT HAVING REVIEWED** Mr. Anderson's expert report on liability and Teva's suggestions as to paragraphs to preclude in this report, and without a hearing in accordance with *Loc.R. 78.1 (b)*, for the reasons stated below, and for good cause shown,

    **IT IS HEREBY ORDERED:**

    **ONLY that portion of this Court's Opinion at Doc. No. 2581 and ONLY that portion of this Court's Order at Doc. No. 2582** specifically concerning Timothy Anderson's expert report on class certification dated 12 Jan 2022 are **VACATED**;

    **IT IS FURTHER ORDERED:**

    plaintiffs' motion, Doc. No. 2297, to preclude Timothy Anderson's expert report on liability dated 19 Dec 2022 **IS GRANTED IN PART AND DENIED IN PART**;

    **IT IS FURTHER ORDERED:**

    The opinions in the following paragraphs of Anderson's expert report on liability dated 19 Dec 2022 are **PRECLUDED**:

¶¶20 – 22 for legal assessment that Teva could not have reasonably foreseen is not helpful to the factfinder, as stated in *Federal Rule of Evidence* ["*FRE*"] *702*;

¶¶25 – 27 for implication that absence of FDA behavior constitutes legal determination of "not adulterated";

¶¶33 – 34 for legal assessment that Teva acted as a reasonably prudent and reasonably compliant manufacturer is not helpful to the factfinder, as stated in *Federal Rule of Evidence 702;*

¶49 for assuming that FDA's inaction regarding ZHPs process change implied FDA's approval as to Teva's not changing its DMF filings;

¶91 for irrelevance in citing a USP monograph published more recently than during the relevant period;

¶¶104 – 105 for irrelevance in citing USP chapters, monographs, and revisions published more recently than during the relevant period;

¶144 for irrelevance in referring to and citing FDA's 2021 Guidance for setting specific limitations on nitrosamine impurities as outside the relevant period;

¶¶221 – 222 for a legal assessment of the meaning of the FDA's absence of statement, and constituting pure *ipse dixit*; and

**IT IS FURTHER ORDERED:**

the opinions in the rest and remainder of Anderson's liability report dated 19 Dec 2022 are **NOT PRECLUDED.**

Dated:  23 January 2024                                              /s Robert B. Kugler
                                                                     The Honorable Robert B. Kugler
                                                                     United States District Judge