# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

January 30, 2024

*__VIA ECF__*

Honorable Robert Kugler, U.S.D.J.
U.S. District Court - District of N.J.
Mitchell S. Cohen Building &
 U.S. Courthouse
1 John F. Gerry Plaza, Courtroom 4D
4th and Cooper Streets
Camden, New Jersey 08101

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower,
 Suite 1800
Philadelphia, Pennsylvania 19103

Re:  ***In re Valsartan, Losartan, and Irbesartan Liability Litigation***,
     **Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Judge Kugler and Judge Vanaskie:

Please accept this letter on behalf of Plaintiffs in advance of the February 1,
2024 case management conference.

## 1. Status of Defendants' Indemnifications/Insurance

On April 14, 2022, Judge Vanaskie ordered Defendants to "disclose to
Plaintiffs any change in the status quo of … agreements, disputes, litigation,
mediation, or arbitration; new demands to defend or indemnify; establishment of any

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
January 30, 2024
Page 2

new agreements; or any new dispute, litigation, mediation, or arbitration, without the need for Plaintiffs to make any further request," "related to contaminated valsartan including the claims in this litigation." (ECF 2015). Not having received any such updates since the related initial disclosures, on January 27, 2024, Plaintiffs asked Defendants to update their disclosures. With the exception of Aurobindo and the TPP trial Defendants, Plaintiffs have received no responses from other defendants as of the writing of this letter. Plaintiffs are hopeful that all Defendants will agree to voluntarily produce the requested updates without the need for entry of a further Order from the Court, in light of the continuing nature of the previously ordered disclosure obligation, and that these disclosures will all be made promptly in light of the approaching trial and the extent of upstream and downstream relationships between and among the Defendants.

## 2. Production of Retailer Sales Data for Losartan and Irbesartan.

Plaintiffs have requested retailer data containing class member information regarding losartan and irbesartan, similar to what was previously produced solely with regard to valsartan, and are hopeful that Defendants will agree to this production. The Parties are meeting and conferring; however, Plaintiffs seek leave to file a motion to compel this information in the event the Retailers don't agree.

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
January 30, 2024
Page 3

### 3. Status of Wholesalers' CMO 32 productions.

Plaintiffs would like to discuss a potential date certain for Wholesalers' production of the court-ordered costs and profits data.  On April 21, 2023, CMO No. 32 ordered Wholesalers to produce, *inter alia*, cost and profits data.  (*See* ECF 2343, at ¶ 7.1.1). In the ensuing months, Wholesalers argued they needed time to retain experts to estimate these data because they claimed they did not maintain it on a per product basis in the ordinary course.  Plaintiffs acquiesced, and did not press.

It is now nearly a year since CMO No 32 was entered, and Wholesalers' repeated refrain since last summer has been they are working on it.  Plaintiffs are not insensitive to the effort purportedly required here.  But every time Plaintiffs request an update, Wholesalers' answer is the same: they are working on it, and they cannot say by when they will produce the data.

Wholesalers reiterated this again to Plaintiffs yesterday, and further suggested the Parties confer next week (after the upcoming CMC).  While Plaintiffs are willing to meet and confer, Plaintiffs believe Wholesalers should commit to a date certain for their productions. If additional time is necessary as a production deadline approaches, Plaintiffs are amenable to a potential extension by agreement.  But as

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
January 30, 2024
Page 4

things currently stand, Plaintiffs are increasingly concerned that this production might languish indefinitely absent a production deadline.

**4. Amended *Daubert* Order on Teva's Expert Timothy Anderson.**

Plaintiffs would appreciate the opportunity to address the amended *Daubert* order as to Teva expert Timothy Anderson. (ECF 2610). The Court granted Teva's motion to amend/correct the original *Daubert* order before Plaintiffs were able to file their response. (Plaintiffs' opposition and cross-motion in response to ZHP's motion regarding Dr. Afnan is nearly completed and will be timely submitted).

Plaintiffs believe the amended order's citation to specific paragraphs in the liability report possibly created new inconsistencies between what the Court found with regard to Mr. Anderson's opinions in the original *Daubert* ruling (ECF 2581), and the illustrative paragraphs cited in the amended order (ECF 2610). For example, the Court's new citations to Mr. Anderson's liability report do not include paragraphs that are nearly identical to those which the Court precluded in the original *Daubert* opinion.[1] Also, the amended order's citations do not align with Teva's own suggestions in its motion about which paragraphs/opinions should be precluded.

---

[1] Plaintiffs never attached Mr. Anderson's earlier class certification report to any of their *Daubert* papers. Plaintiffs only attached Mr. Anderson's operative liability report, dated December 19, 2022, as Exhibit 1 to Plaintiffs' *Daubert* motion (*see*

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
January 30, 2024
Page 5

Plaintiffs are open to conferring with Teva about this issue to avoid more motion practice.

### 5. Briefing of Motions in Limine.

The Parties are in the process of meeting and conferring regarding the motions in limine for the TPP trial, including Zoom conferences on January 26, 28, and 30, 2024. The Parties have agreed on a number of issues that can likely be formally agreed/stipulated to, and are in the process of narrowing the remaining disputes, and will be submitting the narrowed issues to the Court.

The Parties have agreed to file their affirmative MIL briefs on February 16, 2024, with responsive briefs to be filed on February 26, 2024, with no replies. The Parties are discussing page limits, and anticipate that most of the motions will be addressed in no more than one page or less.

### 6. Discussion of Next Trial.

Plaintiffs believe that it is prudent to begin to identify the parties and issues to be tried following the upcoming TPP class trial. Among the possibilities Plaintiffs believe should be discussed are consumer class trials against the Retailers, and

---

ECF 2297).  Teva appears to have attached Mr. Anderson's class certification report, dated January 12, 2022, as Exhibit A to Teva's opposition to the *Daubert* motion (*see* ECF 2337).  This appears to be the source of the underlying confusion.

Honorable Robert Kugler, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
January 30, 2024
Page 6

consumer class trials against Mylan/Teva for Mylan-manufactured API, and against

Aurobindo.

**7. PFS Deficiencies and Orders to Show Cause.**

Plaintiffs will be prepared to address this issue during the conference.

Respectfully,

ADAM M. SLATER

Cc: All counsel of record (via ECF)