## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** <br><br> **This Document Relates to All Actions** | MDL No. 19-2875 <br><br> Honorable Robert B. Kugler, District Court Judge |

### SPECIAL MASTER ORDER NO. 92

At issue in this MDL are "Fact Sheets" proposed by Defendants to be completed by Third-Party Payor ("TPP") Plaintiffs concerning Irbesartan and Losartan containing drugs ("ICDs" and "LCDs").[1] Irbesartan and Losartan are two blood pressure control medicines allegedly contaminated with cancer-causing nitrosamines.

---

[1] As described in a publication of the Federal Judicial Center and the Judicial Panel on Multidistrict Litigation:

> Fact sheets are party-negotiated and court-approved standardized questionnaires that seek information about parties' claims and defenses. Used during discovery, fact-sheet responses are generally treated as answers to interrogatories and requests for production, and more broadly are used to manage a wide range of pretrial issues in large scale multiparty litigation.

Margaret S. Williams, Jason A. Cantone, and Emery G. Lee III, "Plaintiff Fact Sheets in Multidistrict Litigation Proceedings: A Guide for Transferee Judges," (available at https://www.fjc.gov/content/337878/plaintiff-fact-sheets-multidistrict-litigation (last visited Feb. 13, 2024).

To their credit, the parties have agreed on a large number of requests covering a wide swath of information. The parties, however, have been unable to agree on three interrogatories and about twenty document requests. In particular, Plaintiffs object to what they characterize as "contention interrogatories" or "contention requests for production of documents." A briefing schedule on the parties' dispute was set by Special Master Order No. 90 (ECF No. ). The Wholesaler Defendants filed a letter brief in support of their position on January 16, 2024 (ECF No. 2590), and the TPPs filed their letter brief on January 23, 2024. (ECF No. 2611.) Oral argument was heard on January 24, 2024.

"Contention interrogatories are permissible to ask a party 'to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention.'" *Conopco, Inc. v. Warner-Lambert Co*., No. CIV A. NO. 99-101, 2000 WL 342872, at *4–5 (D.N.J. Jan. 26, 2000). Generally, "contention interrogatories . . . are more appropriately used *after* a substantial amount of discovery has been conducted—typically at the end of the discovery period." *Sigman v. CSX Corp*., No. 3:15-CV-13328, 2016 WL 7444947, at *2 (S.D. W. Va. Dec. 27, 2016) (emphasis added). As explained in *Sigman*:

> Premature contention interrogatories are discouraged for several reasons. First, there is 'the unfairness of requiring a party to

prematurely articulate theories which have not yet been fully developed.' In addition, 'a lawyer's unwillingness to commit to a position without an adequately developed record will likely lead to vague, ambiguous responses,' which are effectively useless. Moreover, in cases where the parties anticipate the production of 'an expert report which will touch on the very contentions at issue, the Court should normally delay contention discovery until after the expert reports have been served, which may then render moot any further contention discovery.'

*Id.* (citations omitted).

Production requests that essentially ask a party to produce all documents that support or refute a certain contention are problematic for another reason – they do not comport with Rule 34's command to "describe with reasonable particularity" the documents or each category of documents to be produced.   Fed. R. Civ. P. 34(b)(1)(A).  *See generally Martinez v. First Class Interiors of Naples, LLC,* No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020).   And Plaintiffs have articulated another reason for treating with caution what amount to as contention requests for production of document: they seek attorney work product by requiring Plaintiffs to identify documents that their *lawyers* have determined support or refute various claims and defenses.  (Plaintiffs' Letter Brief of Jan. 23, 2024 (ECF No. 2611 at 6); Tr. of 1/23/24 Oral Arg. at 39-43.)

The interrogatories and document requests have been reviewed with these considerations in mind.   Three interrogatories and fifteen of the forty-seven document requests proposed by Defendants are premature and need not be answered

at this time.

Falling within this group are Interrogatories E.1, E.2, and E.3, asking Plaintiffs to describe "with particularity" any "wrongdoing, improper practice or action, and/or misrepresentation" by any Wholesaler Defendant; any act or failure to act as a result of any such wrongdoing, improper practice or action, and/or misrepresentation; and the type and amount of damages sought from each wholesaler Defendant.  Inquiries of this nature are better made near the conclusion of discovery, after the plaintiffs have had an opportunity to explore these matters with their own discovery requests.

With respect to document demands, the request at ¶2, p. 14, to produce *at this time* the documents showing the "gross revenue, expenses and/or costs, and net profits to You on each Claim" is premature.  "Claim" is defined as "the specific, individual transaction(s) regarding Your purchase(s) and/or coverage of and/or reimbursement for purchase(s) of ICDs and LCDs for which You seek any damages and/or equitable or legal relief of any kind from Defendants in this litigation."  A request as broad as this one is not part of the initial fact gathering that is the proper focus of fact sheets.  Leave may be granted to pursue a request such as this one later in the litigation process, after initial discovery is completed.

Certain document demands are, in essence, contention interrogatories.  For

example, Request No. 13, asking for "[d]ocuments sufficient to show that You were a third-party beneficiary to any Contract and/or Agreement with each Manufacturer Defendant, Wholesaler Defendant, and/or Pharmacy Benefit Manager," effectively asks to state whether you contend to have been a third-party beneficiary to any such contract. It also seeks information that may be protected by the work product doctrine because the decision as to what creates a third-party beneficiary relationship is quintessentially a legal judgment. Also falling within the category of contention demands are Request Nos. 19 through 26, 28, 29, 31, 33, 37, 38, and 40.[2] These

---

[2] The requests at issue are as follows:

> 19.    All Documents that refer and/or relate to any Wholesaler Defendant's wrongdoing and/or unjust or improper conduct with regard to the Claims, or any Claim, and/or the Losartan and/or Irbesartan products made the subject of the Claims.
> 20.    All Documents that refer and/or relate to any unconscionable commercial practice, deception, fraud, false pretense, false promise, and/or misrepresentation and/or omission or concealment of fact by any Wholesaler Defendant related to the Claim(s) and/or the Losartan and/or Irbesartan products made the subject of the Claims.
> 21.    All documents that refer and/or relate to any Wholesaler Defendant's knowledge of the impropriety of any action or practice and/or intent with respect to any actions alleged in response to Questions 19 and 20.
> 22. All documents that refer and/or relate to any action by any Wholesaler Defendant that You allege breached an implied warranty with respect to the Claims and/or the Losartan and/or Irbesartan products made the subject of the Claims.
> 23. All Documents that refer and/or relate to whether the Losartan and/or Irbesartan products made the subject of each specific Claim was fit for the ordinary purpose for which it was

used (the lowering of blood pressure, treatment of hypertension, and/or any other purpose for which prescribed to an Insured).

24. All documents which refer to, relate to and/or reflect any alleged violation of any Consumer Protection, deceptive trade practices statute and/or any other statute or regulation by any Wholesaler Defendant regarding the Claims and/or the Losartan and/or Irbesartan products made the subject of the Claims.

25. With regard to each Claim, all Documents that refer to, relate to, and/or reflect the specific benefit You allege each Wholesaler Defendant(s) received, the value of such benefit, and the party who conferred such benefit.

26. With regard to each Claim referenced in the question immediately above, all Documents that refer and/or relate to the portion of each specific benefit it would be unjust for the relevant Wholesaler Defendant(s) to retain, and the reason such retention would be unjust.

28. For each Claim, all Documents that refer to, relate to, and/or reflect the value provided to You by the Losartan and/or Irbesartan products made the subject of the Claim, including all value reflected in customer satisfaction, repeat business, and fulfillment of contractual obligations to third parties.

29. For each Claim, all Documents that refer to, relate to, and/or reflect that a particular covered Losartan and/or Irbesartan product prescription did not provide full value to Your Insured and/or to You, including, but not limited, to Communications with Your Insureds and/or any other party reflecting this allegation or belief.

31. Documents sufficient to determine the gross revenue, expenses and/or costs, and net profits to You on each Claim.

33. All Documents that refer to, relate to, and/or reflect that the Losartan and/or Irbesartan products made the subject of the Claims(s) were worthless to You.

37. All Documents that refer and/or relate to any reliance by You on any misrepresentation or omission of fact by any Wholesaler Defendant with regard to the Claims and/or the ICDs/LCDs made the subject of the Claims.

38. All Documents that refer and/or relate to any injury and/or harm suffered by You as a result of Your reliance on any misrepresentation and/or omission of fact referenced in the RFP

requests shall be removed from the proposed Fact Sheets.[3]

Plaintiffs have objected to Document Requests 27, 30, and 32.  These requests seek documents referring or relating to each Claim for which a TPP "expected and/or anticipated payment and/or remuneration from a Wholesaler Defendant(s)"; documents "sufficient to determine the premiums and deductibles paid by Your Insureds for coverage of the Losartan and/or Irbesartan product prescriptions made the subject of the Claims"; and documents concerning payments for replacement medications.  These requests concern facts, not contentions, and are properly presented in the context of MDL fact sheets.

Requests 41 through 46 concern documents that the Wholesaler Defendants assert are relevant to the "innocent seller statutory defenses in various states, including requesting documents related to any alleged involvement by Wholesalers

---

immediately above.
40. For each Claim, all Documents that refer to, relate to, and/or reflect the value provided to Your Insured(s) by the ICDs/LCDs made the subject of the Claim.

[3] The Wholesaler Defendants contend that Requests 13, 23, 29, 33, and 40 "are applicable to all TPP Defendants."  (ECF No. 2590 at 12.)  This may be correct, but that fact does not alter the conclusion that those Requests constitute "contention requests."  Accordingly, they will not be included in the Irbesartan and Losartan Fact Sheets.  Whether the requests may be made later in this litigation can be addressed on a more complete record after initial fact discovery is concluded.

in the manufacture or design of LCDs and ICDs, and documents that 'demonstrate that Wholesaler Defendants should have been aware of the alleged LCD/ICD contamination before the date of the first LCD/ICD recall.'" (ECF No. 2590 at 11.) These requests seek to uncover facts, are not contention requests, and are not premature.[4] They are properly included in the Fact Sheets for this MDL.

Also properly included in the Irbesartan and Losartan Fact Sheets is the Record Retention request found on page 23 of ECF Document No. 2590-1. This request for record retention policies as well as an identification of the person(s) most knowledgeable about those policies are foundational in nature and should be

---

[4] The requests at issue are as follows:

> 41.    All Documents that refer, relate to, and/or reflect any involvement or control you allege Wholesaler Defendants had in the manufacture, design, or specifications of the ICDs/LCDs.
> 42.    All Documents that refer, relate to, and/or reflect any alleged modification, alteration, or contamination of ICDs/LCDs by a Wholesaler Defendant.
> 43.    All Documents that refer, relate to, and/or reflect any alleged knowledge by a Wholesaler Defendant of the alleged ICD/LCD contamination before the date of the first ICD/LCD recall.
> 44.    All Documents You contend demonstrate that Wholesaler Defendants should have been aware of the alleged ICD/LCD contamination before the date of the first ICD/LCD recall.
> 45.    All Documents that refer, relate to, and/or reflect any sale of ICDs/LCDs under a Wholesaler Defendants' label or name.
> 46.    All Documents that refer, relate to, and/or reflect any alleged parent-subsidiary or similar corporate relationship between a Wholesaler Defendant and any Manufacturer Defendant.

provided now.

Attached as Exhibit 1 to this Order is the Fact Sheet approved by this Order. The parties shall meet and confer on the timing for completion of the Fact Sheet.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT** Irbesartan and Losartan Fact Sheet attached to this Order as Exhibit 1 is approved. The parties shall meet, confer, and submit by February 22, 2024 a proposed order setting forth a schedule for completion of the Fact Sheet.

s/ Thomas I. Vanaskie
Hon. Thomas I. Vanaskie (Ret.)
Special Master

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates to:** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Judge<br><br>Honorable Thomas I. Vanaskie Special Master |

## IRBESARTAN AND LOSARTAN THIRD-PARTY PAYOR PLAINTIFF'S FACT SHEET

This Fact Sheet must be completed by each plaintiff who has filed a lawsuit claiming the right to recovery as a Third-Party Payor ("TPP") with respect to Losartan and/or Irbesartan products by covered insureds and/or members. Please answer every question to the best of your knowledge. In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can. You must supplement your responses if you learn that they are incomplete or incorrect in any material respect. For each question, where the space provided does not allow for a complete answer, please attach additional sheets so that all answers are complete. When attaching additional sheets, clearly label to what question your answer pertains. Please do not leave any blank spaces; if a question does not apply, respond "N/A".

In filling out this form, please use the following definitions:

(1) **"Document"** has the meaning set forth in Federal Rule of Civil Procedure 34;

(2) **"Losartan"** means any Losartan-containing product, including but not limited to Losartan and/or Losartan/Hydrochlorothiazide (HCTZ);

(3) **"Irbesartan"** means any Irbesartan-containing product, including but not limited to Irbesartan and/or Irbesartan/Hydrochlorothiazide (HCTZ);

(4) **"ICD"** means any drug or combination drug containing **Irbesartan**

(5) **"LCD"** means any drug or combination of drug containing **Losartan**.

(6) **"Complaint"** means the operative complaint filed in your case, whether an original or amended or subsequent complaint;

(7) **"Plan"** means any employee welfare benefit plan, whether or not in writing, whether or not governed by ERISA, FEHBA, contract, or any other statute, which was established or maintained for the purpose of providing covered individuals, through the purchase of insurance or otherwise, prescription drug coverage

11

medical, surgical, or hospital care, services, supplies or benefits in the event of sickness, accident, or injury;

(8)  "**Recipient**" means any person to whom services or products are or were provided under any Program, including covered insureds and Plan members;

(9)  "**Member ID**" means a unique ID number for Recipients which has been de-identified in accordance with the § 164.514(b) of the Health Insurance Portability and Accountability Act ("HIPAA") Privacy Rule;

(10)  "**Program**" includes all health care policies, health care Contracts, health care Plans, or other health care insurance, employee health benefits, Medicaid, or other health care programs (including their predecessors) or health care expenditures for or with respect to which you seek damages or other relief in this action;

(11)  "**Damages**" means any form of monetary relief (irrespective of whether labeled as reimbursement, restitution, compensatory damages, punitive damages, or otherwise), and any other form of judicial relief;

(12)  "**Damages Period**" means January 1, 2011 to the date of the final recall of any LCD or ICD;

(13)  "**You**," "**your**," "**plaintiff**," "**Third-Party Payor,**" and "**TPP**" shall be used interchangeably and refer to the plaintiff completing this Fact Sheet.

(14)  "**Claim**" (collectively, "**Claims**") means the specific, individual transaction(s) regarding Your purchase(s) and/or coverage of and/or reimbursement for purchase(s) of ICDs and/or LCDs for which You seek any damages and/or equitable or legal relief of any kind from Defendants in this Litigation.

(15)  "**Insureds**" mean employees, employers, members, subscribers, policyholders, participants, beneficiaries, and/or insureds under the Plans and/or the Group Insurance Policies through which You [or, for MSPRC, any Assignor] provided some form of prescription drug coverage, payment, or reimbursement on which You [or, for MSPRC, any Assignor] base any allegation or request for damage in this Litigation.

(16)  "**Formulary**" means the formulary, preferred drug list, or other list of prescription drugs that are covered by the Plan(s) or Group Insurance Policies, including any tiers or levels of preference in which drugs are categorized.

(17)  "**Manufacturer Defendants**" means  Zhejiang Huahai Pharmaceutical Co, Ltd., Prinston Pharmaceuticals Inc. d/b/a Solco Healthcare US LLC, Solco Healthcare US, LLC, Huahai U.S., Inc., Hetero Labs, Ltd., Hetero Drugs, Ltd., Hetero USA, Inc., Camber Pharmaceuticals, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Vivimed Life Sciences Pvt Ltd., Heritage

Pharmaceuticals Inc. d/b/a Avet Pharmaceuticals Inc., Macleods Pharmaceutical Limited, Macleods Pharma USA, Inc., Torrent Pharmaceuticals, Ltd., Torrent Pharma, Inc., Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC.

(18)     "**Wholesaler Defendants**" means AmerisourceBergen Corporation (n/k/a Cencora, Inc.), McKesson Corporation, and Cardinal Health, Inc.

(19)     **"At-Issue Losartan and/or Irbesartan"** means those losartan and/or irbesartan drugs with a National Drug Code (NDC) associated with any of the Manufacturer Defendants identified in Plaintiffs' Master Complaints and for which the Plaintiffs are seeking damages.

Information provided by plaintiff will only be used for purposes related to this litigation. This Fact Sheet is completed pursuant to the Federal Rules of Civil Procedure governing discovery (or, for state court cases, the governing rules of the state in which the case is pending) and Case Management Order No.___ ("CMO-__"), ECF No. ___. Moreover, to the extent information in this Fact Sheet can be provided in native spreadsheet format as it is maintained, then plaintiffs may produce the information in that manner.

## I.    <u>CORE CASE INFORMATION</u>

A.    Each Third-Party Payor will provide information relating to payments for Losartan and/or Irbesartan products in the civil action(s) that they filed:

| | |
|---|---|
| **Caption(s):** | |
| **Court and Docket No. (and MDL Docket No. if different):** | |
| **Plaintiff's Attorney, Law Firm, Address, Phone Number, and Email Address:** | |
| **Date Lawsuit(s) Filed:** | |
| **Jurisdiction where suit(s) would have been filed (if direct filed into MDL):** | |
| **Basis for jurisdiction in venue where suit(s) would have been filed (if direct filed into MDL):** | |
| **Defendants against whom you are bringing claims relating to payments for Losartan:** | |
| **Defendants against whom you are bringing claims relating to payments for Irbesartan:** | |

## II.    <u>ORGANIZATIONAL INFORMATION</u>

**A.**    <u>**Background Information**</u>

1.    Entity Name:_____

2.    Names of your predecessor entities and those entities' date(s) of inception if you were the product of a merger, consolidation, or other reorganization, and state whether you seek Damages on behalf of such predecessor entities:

_____

_____

_____

3.    Location of your headquarters, place of incorporation, and your principal place of business (if different from headquarters):

_____

_____

_____

**B.**    <u>**Relevant Contractual Agreements**</u>

1.    During the Damages Period, identify any Pharmacy Benefits Managers ("PBMs") with whom you had Contracts that covered the at issue Losartan and/or Irbesartan, and indicate which benefits years each entity served as your PBM:

_____

_____

_____

_____

**3.**    During the Damages Period**,** did you have a contract(s) with any Manufacturer Defendants and/or Wholesaler Defendants related to the Losartan and/or Irbesartan products pursuant to which you made payments on behalf of Recipients for <u>At-Issue</u> Losartan and/or Irbesartan? **Yes** ☐ **No** ☐

*If yes,* identify the Manufacturer Defendants and/or Wholesaler Defendant(s) with whom you had a contract(s), identify the relevant time period associated with each

Contract(s), and describe the purpose of the Contract(s).

_____

_____

_____

_____

### III.  **PROGRAM INFORMATION**

**A.**   **Program Information**

1.   During the Damages Period, did you offer any Plans or Programs that involved a Medicare Advantage or Medicare Part D benefit and for which you paid for at issue Losartan and/or Irbesartan? **Yes** ☐ **No** ☐

   *If yes*, produce the Contracts or agreements with the Centers for Medicare and Medicaid Services ("CMS") under which such payments were made.

2.   During the Damages Period, identify all Plans you offered pursuant to which you made payments on behalf of Recipients for At-Issue Losartan and/or Irbesartan, and provide the below information regarding each Plan:

| Plan Name | Is the Plan a Medicare Advantage Plan or Medicare Part D Plan? If yes, provide CMS Contract ID | Years This Plan Was Offered |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**B.**   **Witnesses**

1.   Identify all persons with knowledge concerning the substance of your allegations against the Defendants in this action.

   _____

   _____

   _____

2.   Identify all persons who can testify about benefits and coverages afforded by, and rules, regulations, requirements, provisions and/or procedures governing, any Programs covering Losartan and/or Irbesartan products during the Damages Period.

   _____

_____

_____

_____

_____

_____

3.      Identify all persons who can testify about any policies, programs, procedures, and efforts utilized by you to identify and collect from other persons or sources amounts paid or incurred in connection with Programs covering Losartan and/or Irbesartan products during the Damages Period.

_____

_____

_____

_____

_____

4.      Identify all persons who were members of the Pharmacy & Therapeutics ("P&T") Committee or similar committee that made decisions about prescription drug coverage and formularies for at issue Losartan and/or Irbesartan offered by your Plans during the Damages Period.

_____

_____

_____

_____

_____

**C.**   **Statements**

1.      Identify written or oral statements made by you and/or your agent(s) that reflect your opinions or views regarding at issue Losartan and/or Irbesartan products, or the Defendants' role related to such products, including, but not limited to, interviews, speeches, articles, advertisements, and any other form of public statement.

_____

_____

_____

_____

_____

_____

2.      Identify all of your agents if any, who have participated in, or who have had responsibility for, the preparation of press releases, contacts with members of the press, broadcast or electronic media, social media, internet news outlets, the staging or conduct of press conferences or other activities to publicize or publicly comment upon your position regarding the at issue Losartan and/or Irbesartan products, or the Defendants' role related to those products.

_____

_____

_____

_____

_____

_____

**D.**   **Awareness of the Recall Condition**

1.      Describe with particularity when and how you became aware of the presence of nitrosamines in at issue Losartan and/or Irbesartan products.

_____

_____

_____

_____

#### IV.    **FRAUD CLAIMS**

1.    Are you claiming fraud or consumer fraud in this action on the basis of Plaintiff-specific allegations other than those set forth in the Master and Short Form Complaints?

Yes ☐   No ☐

*If yes*, please answer the following questions:

2.    What representation(s) do you claim was falsely or fraudulently made and to whom was it made?

_____

_____

3.    By whom?

_____

4.    How was it made?

_____

_____

5.    When was the alleged representation(s) made? Identify approximate date(s).

_____

_____

6.    Were these representations in writing?  Yes ☐    No ☐

7.    If the representations(s) was in writing, did you retain and currently have the original or a copy of those representations? Yes ☐   No ☐

## V.    __DOCUMENT DEMANDS__

**A.**    Please provide the following Documents, whether written or in electronic form, in the possession, custody or control, of you or your attorneys.  Please indicate by answering "Responsive documents attached" or "I have no Documents responsive to this request" by checking/marking the appropriate box provided, and attach a copy of each of the Documents you have to this Fact Sheet with your responses to the questions above:

1.    All non-privileged Documents you reviewed that assisted you in the preparation of the answers to this Fact Sheet.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

2.    Detailed claims data showing all transactions for which you made payments on behalf of Recipients for at issue Losartan and/or Irbesartan, including but not limited to the following information, to the extent it exists:

- Prescription Benefit Plan Name or CMS Contract ID
- Member State
- Client Member ID
- Group ID
- Claim identifier
- Date of the Claim
- Date of purchase of the ICD/LCD made the subject of the Claim
- Date of Service
- Quantity dispensed
- Days' Supply dispensed
- Patient Pay Amount
- Copay/Coinsurance Cost Tier
- Deductible Amount
- Net Check Amount
- Final Ingredient Cost Amount with regard to the ICD/LCD made the subject of the Claim
- Dispensing/Transaction Fee Amount with regard to the ICD/LCD made the subject of the Claim
- NDC Code of the ICD/LCD made the subject of the Claim
- Lot Number of the ICD/LCD made the subject of the Claim
- Drug Name of the ICD/LCD made the subject of the Claim
- Manufacturer of the ICD/LCD made the subject of the Claim
- Strength of the ICD/LCD made the subject of the Claim
- Dosage of the ICD/LCD made the subject of the Claim
- Pharmacy Name that dispensed the ICD/LCD made the subject of the Claim and the state in which that Pharmacy is located
- Mail Service RX that dispensed the ICD/LCD made the subject of the Claim
- Wholesaler Defendant(s) that distributed the ICD/LCD made the subject of the

Claim
- The amount billed to You by the Wholesaler Defendant(s) with regard to the ICD/LCD made the subject of the Claim; and
- The amount paid by You to the Wholesaler Defendant(s) with regard to the ICD/LCD made the subject of the Claim;
- The adjusted amount paid by You to the Wholesaler Defendant(s) with regard to the subject ICD/LCD made the subject of the Claim, including discounts, rebates, prescribing fees, PBM fees or other costs, allowances, or reimbursements; and

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

3.    For each Plan, policy, or prescription benefit product provided by you under which you paid amounts for at issue Losartan and/or Irbesartan, all summaries and/or Schedules of Benefits (and amendments thereto) and their substantive equivalents, for each benefit year in the Damages Period.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

4.    For each Plan, policy, or prescription benefit product provided by you under which you paid amounts for at issue Losartan and/or Irbesartan, all formularies (and amendments thereto) and preferred drug lists for each benefit year in the Damages Period.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

5.    All Documents sufficient to identify the procedures in medical insurance Programs during the Damages Period used to coordinate benefits with other potential payers, including procedures to verify that a beneficiary is not covered by any other insurance policy, as well as the manuals or policy statements concerning such procedures, and all Documents concerning the effectiveness of those procedures.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

6.    All Documents sufficient to identify the procedures in medical insurance Programs during the Damages Period, other than coordination of benefits procedures, used to identify and pursue other potentially liable parties, including the manuals, guidelines or policy statements concerning such procedures, and all Documents concerning the effectiveness of those procedures.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

7.    All Documents that concern, explain, evaluate, criticize, or suggest improvements to the policies, programs, procedures, and efforts utilized during the Damages Period by you to

identify and collect from persons or third-party resources amounts paid or incurred in connection with any medical insurance program.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

8.     All Documents that concern your right (or lack thereof) to seek to recover from other persons or sources a portion of medical insurance program costs of providing services, including samples of all forms executed by applicants from time to time during the Damages Period assigning their rights of recovery or undertaking any duties, such as the duty to cooperate, with you.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

9.     All Documents, databases, summaries, or compilations of data concerning a claim of contribution, indemnification, lien, subrogation, or other alleged right of recovery asserted by you against any person or entity concerning costs paid for Losartan and/or Irbesartan products or incurred during the Damages Period.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

10.    All Documents in your possession which mention any alleged health risks related to or the recall of at issue Losartan and/or Irbesartan, or any alleged health risks or hazards related to those products, in your possession, other than legal Documents, Documents provided by your attorney, or Documents obtained or created for the purpose of seeking legal advice or assistance.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

11.    All Documents in your possession regarding the medications identified on the agreed list, attached as **Exhibit A,** purchased for your Recipients or for which you paid reimbursements after discovering the possible presence of nitrosamines in Losartan and/or Irbesartan medications.  This Request includes, but is not limited to, all Documents identifying or discussing the price of such replacement medications and the cost incurred by you in purchasing such medications or in making reimbursement payments for the same, as well as detailed claims data pertaining to such transactions containing the information outlined in V.A.2 above.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

12.    All Contracts between you and any Manufacturer Defendant, Wholesaler Defendant, and/or Pharmacy Benefit Manager identified in response to the preceding questions in

section II.B.1 and II.B.2.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

13.　　All Documents in your possession or in the possession of anyone acting on your behalf (not your lawyer) obtained directly or indirectly from any of the Defendants relating to the recall of any Losartan and/or Irbesartan products.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

14.　　All Documents constituting any communications or correspondence between you and any representative of any of the Defendants relating to Losartan and/or Irbesartan products.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

15.　　All statements that were made or taken from any of the Defendants in this action, including, but not limited to, the current or former officers, directors, employees, or agents of any of the Defendants, concerning any of the claims alleged in this action.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

16.　　All public statements made by or on behalf of you relating to this litigation in your possession.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

17.　　All minutes or documents reflecting decisions made by the P&T Committee regarding formulary placement of at issue Losartan and/or Irbesartan, for the benefit years during the Damages Period.

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

18.    _____All Documents that refer and/or relate to each Claim for which You expected and/or anticipated payment and/or remuneration from a Wholesaler Defendant(s).

*[Not Applicable]* ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

19.    Documents sufficient to determine the premiums and deductibles paid by Your Insureds for coverage of the Losartan and/or Irbesartan product prescriptions made the subject of the Claims.

*[Not Applicable]* ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

20.    Documents sufficient to determine all payments for, and prices of, all alternative and/or replacement medications for Losartan and/or Irbesartan products covered by You for Insureds made the subject of the Claims following the FDA's recall of the Losartan and/or Irbesartan products.

*[Not Applicable]* ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

21.    All communications between You and any Defendant regarding the Claim(s), and/or any Claim, and/or the subject of the Litigation, including any notice of defect and/or wrongdoing and/or of an opportunity to cure.

[*Not Applicable*] ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

22.    All Documents that refer to, relate to, and/or reflect any express statement, affirmation, warranty, promise, or description regarding the Claims and/or ICDs/LCDs made the subject of the Claims by any Wholesaler Defendant.

*[Not Applicable]* ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

23.    All Documents that refer and/or relate to Your reliance on any express statement, affirmation, warranty, promise, or description referenced in the RFP immediately above.

*[Not Applicable]* ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐


24.    All Documents that refer and/or relate to any action by any Wholesaler Defendant related to the Claims and/or the ICDs/LCDs made the subject of the Claims that failed to constitute the actions of a reasonable and prudent wholesale distributor of generic prescription drugs or that you otherwise allege was negligent.

*[Not Applicable]* ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

25.     All Documents that refer, relate to, and/or reflect any involvement or control you allege Wholesaler Defendants had in the manufacture, design, or specifications of the ICDs/LCDs.

*[Not Applicable]* ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

26.     All Documents that refer, relate to, and/or reflect any alleged modification, alteration, or contamination of ICDs/LCDs by a Wholesaler Defendant.

*[Not Applicable]* ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

27.     All Documents that refer, relate to, and/or reflect any alleged knowledge by a Wholesaler Defendant of the alleged ICD/LCD contamination before the date of the first ICD/LCD recall.

*[Not Applicable]* ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

28.     All Documents You contend demonstrate that Wholesaler Defendants should have been aware of the alleged ICD/LCD contamination before the date of the first ICD/LCD recall.

*[Not Applicable]* ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

29.     All Documents that refer, relate to, and/or reflect any sale of ICDs/LCDs under a Wholesaler Defendants' label or name.

*[Not Applicable]* ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

30.    All Documents that refer, relate to, and/or reflect any alleged parent-subsidiary or similar corporate relationship between a Wholesaler Defendant and any Manufacturer Defendant.

*[Not Applicable]* ☐

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

**B.    <u>Record Retention</u>**

1.    Produce all record retention policies that you now have or have had at any time during the Damages Period, and for each of the policies produced, also identify the records custodian of and the person(s) most knowledgeable with respect to the policies:

*Responsive documents attached* ☐

*I have no documents responsive to this request* ☐

## VI.    <u>**DECLARATION**</u>

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided in this Plaintiff Fact Sheet dated _____ s true and correct to the best of my knowledge, information and belief formed after due diligence and reasonable inquiry, that I have supplied all the documents requested in Part V of this Plaintiff Fact Sheet, to the extent that such documents are in my possession or in the possession of my lawyers.

Further, I acknowledge that I have an obligation to supplement the above responses if I learn that they are in some material respects incomplete or incorrect.

_____          _____
Name of Plaintiff's Representative (Signature)          Date

_____
Name of Plaintiff's Representative (Printed)

_____
Title of Plaintiff's Representative