UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Actions | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge |

**STIPULATIONS IN LIEU OF MOTIONS *IN LIMINE***

MSP Recovery Claims, Series, LLC ("MSP") and the TPP Trial Defendants[1] (collectively, the "TPP Trial Parties"), by their undersigned counsel, submit these stipulations in lieu of certain motions *in limine*, as follows:

WHEREAS, the Parties are scheduled to commence a trial (the "TPP Trial") on March 18, 2024, trying certain claims alleged by MSP, individually and on behalf of four third-party payor subclasses (the "TPP Trial Classes");

WHEREAS, the Parties have been meeting and conferring in an effort to narrow their evidentiary disputes and the number of motions *in limine* to be

---

[1] The "TPP Trial Defendants" or "Defendants" are: (i) Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC (collectively, "ZHP"); (ii) Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc. (collectively, "Teva"); and (iii) Torrent Pharmaceuticals Ltd. and Torrent Pharma, Inc. (collectively, "Torrent").

1

presented to the Court for rulings;

WHEREAS, the Parties have prepared this Stipulation to memorialize the evidentiary limitations on which they have reached agreement, which are limited solely to the TPP Trial and are not binding and do not have precedential or law of the case effect with respect to any future trial proceeding;

WHEREAS, this Stipulation is based upon the anticipated course of proceedings and is submitted in lieu of rulings by the Court on contested motions *in limine*; and

WHEREAS, this Stipulation is subject to being revisited by the parties or by the Court in the same manner as a ruling on a contested motion *in limine* in the event of unexpected events at trial (e.g. if a party "opens the door" to a matter previously stipulated to be excluded);

NOW THEREFORE, incorporating the foregoing recitals and subject to the Court's consideration and approval, the Parties hereby stipulate to the following restrictions on the introduction of evidence at the TPP Trial, in the same manner as if the Court had entered the following stipulated restrictions as rulings on contested motions *in limine*.

1. Pejorative references to the Defendants' (or their employees') foreign nationality, including but not limited to evidence, argument or references with no substantive purpose regarding the Chinese, Indian, or Israeli governments,

communism or the communist party, Middle East conflicts and Wuhan, China, are excluded. This stipulation does not exclude relevant factual references (e.g. noting that a document is translated from Chinese).

2. Evidence, testimony, argument, or references regarding losartan or irbesartan API or FD products are excluded for the purpose of suggesting or inferring or refuting liability and/or a failure to comply with CGMPs for the at-issue valsartan API or FD products. This stipulation does not encompass the July 27, 2017 ZHP email and related documents. This stipulation also does not encompass incidental references to losartan or irbesartan.

3. Evidence, testimony, argument, or references regarding opioids products, opioids claims, or opioids lawsuits, are excluded.

4. Evidence, testimony, argument, or references regarding locations of offices, residences, or home states of trial counsel outside the New Jersey/Pennsylvania area are excluded.

5. Evidence, testimony, argument, or references regarding the representation by any defense or plaintiff firm or trial counsel of clients who are not parties to this action are excluded.

6. The parties agree that deposition testimony shall not be played or read during opening statements. The parties agree that deposition testimony may only be referred to or cited to during opening statements, including per powerpoint slides

3

summarizing or referencing deposition testimony, if it has been designated and is either not objected to or has been admitted into evidence over objections, or where there is a good faith basis to believe that the testimony will be admitted if not yet presented to the Court for determination of admissibility.

7. Evidence, testimony, argument, or references to the "golden rule" are excluded.

8. Evidence, testimony, argument, or references regarding settlements with any parties or codefendants who are not involved in this trial are excluded.

9. References to or argument about the absence of corporate representatives of any of the parties during all or part of trial are excluded.

10. Evidence, testimony, argument, or references regarding Teva's Valsartan/Sacubitril product that was not yet approved or marketed at the time of the July 2018 recall.

11. Evidence, testimony, argument, or references to the possibility of nitrosamine formation or dissipation during the finished dose manufacturing process or storage are excluded. This stipulation does not exclude reference to corporate testimony and documents confirming that the API contamination carried over to the finished dose.

12. Defendants cannot argue that TPP Trial Subclass Plaintiffs/Members have already or will pass-on costs to insureds (i.e., higher premiums) and Plaintiffs

cannot argue or introduce evidence that TPP Trial Subclass Plaintiffs/Members have already or will pass along any recovery in this case to insureds (i.e., through lower premiums), or that the outcome of this trial will impact the price of drugs.

13. Defendants will not argue or suggest that the Plaintiffs are comparatively or in any way at fault or caused the damages at issue in any way. This stipulation does not preclude Defendants from arguing that the TPP Trial Subclass Plaintiffs/Members failed to give adequate notice of their claims, which Plaintiffs state is not a comparative fault issue and reserve the right to raise by separate motion.

14. Defendants will not argue that Plaintiffs failed to mitigate their damages. This stipulation does not preclude evidence or argument that TPP Trial Subclass Plaintiffs/Members would have paid for alternative blood pressure medications for their insureds if VCDs had not been available on the market, which Plaintiffs state is not a mitigation issue and reserve the right to raise by separate motion.

15. Defendants will not blame physicians or assert that physicians were at fault for prescribing valsartan.

16. The parties will not inform the jury that certain consumers have been reimbursed or the reimbursement amounts unless Plaintiffs "open the door" by referencing consumers being injured economically as a result of paying for VCDs. This stipulation does not preclude introduction of the facts of the transactions at

issue.

17. The parties will not inform the jury that certain downstream customers of the TPP Trial Defendants have been reimbursed or the reimbursement amounts unless Plaintiffs "open the door" by referencing downstream customers of the TPP Trial Defendants being injured economically as a result of paying for API or VCDs. This stipulation does not preclude introduction of the facts of the transactions at issue.

18. Defendants will not reference tort reform, a litigation crisis, or otherwise make critical comments about lawsuits other than this case, such as stating "there are too many lawsuits" or commenting on the effect of a large verdict on society.

19. Trial counsel and experts will not make anecdotal comments regarding family members, friends, or other patients or their personal experiences with valsartan or similar medications.

20. Defendants cannot argue that this litigation or the claims asserted will result in increases in the costs of health care or health products, and Plaintiffs cannot argue or introduce evidence that this litigation or the claims asserted will result in reduced costs of health care or health products.

21. The parties will not unnecessarily present personal anecdotes or specific personal experiences irrelevant to the issues at trial, such as overcoming

significant obstacles in their personal lives.

22. Counsel will not offer expressions of sympathy to Plaintiffs or Defendants.

Dated: February 16, 2024

Respectfully submitted,

/s/ Adam Slater
Adam Slater
MAZIE, SLATER, KATZ & FREEMAN, LLC
103 Eisenhower Pkwy, 2nd Flr.
Roseland, NJ 07068
Phone: (973) 228-9898
aslater@mazieslater.com

/s/ Ruben Honik
Ruben Honik
HONIK LLC
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Phone: (267) 435-1300
ruben@honiklaw.com

/s/ Conlee S. Whiteley
Conlee S. Whiteley
KANNER & WHITELEY, LLC
701 Camp Street
New Orleans, LA 70130
Phone: (504)-524-5777
c.whiteley@kanner-law.com

/s/ Daniel Nigh
Daniel Nigh
NIGH GOLDENBERG RASO & VAUGHN, PLLC
14 Ridge Square NW
Third Floor
Washington, D.C. 20016

Phone: (850) 600-8090
dnigh@nighgoldenberg.com

*MDL Plaintiffs' Co-Lead Counsel*

/s/ Jorge Mestre
Jorge Mestre
RIVERO MESTRE LLP
2525 Ponce de Leon Blvd., Suite 1000
Miami, FL 33134
Phone (305) 445-2500
jmestre@riveromestre.com

/s/ Gregory P. Hansel
Gregory P. Hansel
PRETI, FLAHERTY, BELIVEAU &
PACHIOS, CHARTERED, LLP
One City Center
P.O. Box 9546
Portland, ME 04112
Phone: (207) 791-3000
ghansel@preti.com

*Third-Party Payor Economic Loss
Co-Lead Class Counsel*

By: */s/ Jessica Davidson*
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Jessica Davidson (NY Bar No. 6034748)
*Liaison Counsel for Manufacturer
Defendants*

Allison M. Brown (NJ Bar No. 044992012)
One Manhattan West
New York, New York 10001
Phone: (212) 735-3222
Fax: (917) 777-3222
jessica.davidson@skadden.com
allison.brown@skadden.com

8

Nina R. Rose (DC Bar No. 975927)
1440 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 371-7000
Fax: (202) 661-0525
nina.rose@skadden.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC*

 /s/ Gregory E. Ostfeld
Gregory E. Ostfeld
GREENBERG TRAURIG, LLP
Tiffany M. Andras
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
ostfeldg@gtlaw.com
andrast@gtlaw.com

Lori G. Cohen, Esq.
Victoria Davis Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Rd., NE, Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*

9

/s/ *Alexia R. Brancato*
Alexia R. Brancato
Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-5967
Fax: (212) 446-6460
alexia.brancato@kirkland.com
devora.allon@kirkland.com

*Attorneys for Defendants Torrent Pharmaceuticals Ltd. and Torrent Pharma, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 16, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ Gregory Coates