# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | **MDL No. 2875**<br><br>**HON. ROBERT B. KUGLER**<br>**CIVIL NO. 19-2875 (RBK)** |
| **THIS DOCUMENT RELATES TO ALL CASES** | |

# PLAINTIFFS' BRIEF IN SUPPORT OF MOTION
# TO PRECLUDE IMPROPER DEPOSITION DESIGNATIONS

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................1

LEGAL ARGUMENT..............................................................................................3

    I.     DEFENDANTS CANNOT DESIGNATE AFFIRMATIVE
DEPOSITION TESTIMONY FOR AVAILABLE WITNESSES ..........3

    II.    DEFENDANTS' COUNTER-DESIGNATIONS SHOULD NOT
BE PRESENTED ON PLAINTIFFS' CASE UNLESS
NECESSARY FOR "COMPLETENESS" ...............................................10

CONCLUSION.......................................................................................................13

# **TABLE OF AUTHORITIES**

**Cases**

*In re Air Crash Disaster at Stapleton Int. Airport*,
    720 F.Supp. 1493 (D. Colo. 1989) ....................................................................... 4

*Alves v. Rosenberg*,
    400 N.J. Super. 553 (App. Div. 2008)................................................................ 11

*Avis Rent-A-Car, Inc. v. Cooper*,
    273 N.J. Super. 198 (App. Div. 1994).................................................................. 7

*Daley v. Claire's Stores, Inc.*,
    2010 WL 134257 (App. Div. 2010) ..................................................................... 7

*Garcia-Martinez v. City and County of Denver*,
    392 F.3d 1187 (10th Cir. 2004) ......................................................................... 3,8

*Hanson v. Parkside Surgery Ctr.*,
    872 F.2d 745 (6th Cir. 1989) ................................................................................ 9

*Kirk v. Raymark Indust., Inc.*,
    61 F.3d 147 (3rd Cir. 1995).................................................................................. 6

*Lloyd v. Amer. Export Lines, Inc.*,
    580 F.2d 1179 (3rd Cir. 1978).............................................................................. 6

*Martin v. Prime Hospitality Corp.*,
    345 N.J. Super. 278 (App. Div. 2001)................................................................ 11

*Moksvold v. Meyers*,
    130 N.J. Super. 481 (App. Div. 1974)................................................................ 11

*Napier v. Bossard*,
    102 F.2d 467 (2d Cir. 1939) ................................................................................. 3

*O'Banion v. Owens-Corning Fiberglas Corp.*,
    968 F.2d 1011 (10th Cir. 1992) ............................................................................ 9

*Panasonic Industrial Co. v. Emerson Quite Kool Corp.*,
    269 N.J. Super. 502 (App. Div. 1993)...................................................... 7

*Perricone v. Kansas City Southern Ry. Co.*,
    630 F.2d 317 (5th Cir. 1980) ................................................................. 6

*Polys v. Trans-Colorado Airlines*,
    941 F.2d 1404 (10th Cir. 1991) ............................................................. 9

*Rios v. Crowe*,
    2012 WL 2401652 (App. Div. 2012) ...................................................... 7

*U.S. v. Bollin*,
    264 F.3d 391 (4th Cir. 2001) ................................................................ 11

*U.S. v. Ionia Management S.A.*,
    499 F.Supp.2d 166 (D. Conn. 2007) ...................................................... 9

*U.S. v. Johnson*,
    467 F.2d 804 (1st Cir. 1972)................................................................. 7

*U.S. v. Lanzon*,
    639 F.3d 1293 (11th Cir. 2011) ........................................................ 12,13

*U.S. v. Lentz*,
    524 F.3d 501 (4th Cir. 2008) ............................................................... 12

*U.S. v. Morsely*,
    64 F.3d 907 (4th Cir. 1995) ................................................................. 6

*U.S. v. Oudovenko*,
    2001 WL 253027 (E.D.N.Y., Mar. 7, 2001) .......................................... 9

*U.S. v. Ricks*,
    882 F.2d 885, 893 (4th Cir. 1989), *cert. denied*, 493 U.S. 1047 (1990) 12

*U.S. v. Sherman*,
    293 Fed. Appx. 158 (3d Cir. Sept. 17, 2008) ........................................ 11

*U.S. v. Shuck*,
    835 F.2d 875 (4th Cir. 1987) .................................................................................. 11

*U.S. v. Simms*,
    385 F.3d 1347 (11th Cir. 2004) ............................................................................. 13

*U.S. v. Sindona*,
    636 F.2d 792 (2d Cir. 1980), *cert. denied*, 451 U.S. 912 (1981) ........... 6

*U.S. v. Soures*,
    736 F.2d 87 (3d Cir. 1984) .................................................................................... 11

*In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*,
    MDL No. 2875, 2021 WL 6010575 (D.N.J. Dec. 20, 2021) .................. 9

*In re Vioxx Products Liability Litigation*,
    438 F.Supp.2d 664 (E.D.La. 2006) ........................................................................ 3

*Williams v. Hodes*,
    363 N.J. Super. 600 (App. Div. 2003) .................................................................... 8

*Witter v. Leo*,
    269 N.J. Super. 380 (App. Div.), *certif. denied*, 135 N.J. 469 (1994) ... 7

**Rules, Statutes, & Regulations**

Federal Rule of Civil Procedure 32 ................................................................*passim*

Federal Rule of Evidence 106 ........................................................................*passim*

Federal Rule of Evidence 804 ........................................................................ 5,6,7

## PRELIMINARY STATEMENT

Plaintiffs move pursuant to F.R.C.P. 32(a)(1)-(4) and F.R.E. 804 to preclude Defendants from affirmatively designating and submitting deposition testimony taken during discovery of their employees, designated corporate representatives, officers, expert witnesses, and former employees who they represent and have under their control, all of whom are technically available to testify live at trial. This motion is well-supported by the controlling Rules and case law, and will streamline and promote efficiency both in pre-trial hearings to determine the permissible scope of proposed designations, and at trial.

Defendants have affirmatively designated deposition testimony of the following current and former employees:

ZHP:

- Jucai Ge

Teva:

- Stefan Karlsson
- Pan Lin
- Jens Nassall
- Raphael Nudelman
- Narendra Vadsola

Torrent:

- Dawn Chitty
- Sushil Jaiswal
- Reddy Neravetla

1

- Paras Sheth

(Exs. 1-3).[1] Each of these witnesses is clearly under the "control" of Defendants, and by virtue of their positions and roles as officers, executives, corporate designees, expert witnesses, and former employees under Defendants' control, they will not testify live at trial **only** in the event Defendants choose not to call them to testify live. Therefore, Defendants should not be permitted to present the testimony of these and similar witnesses via affirmative deposition designations.

The only exception that allows Defendants to designate any of the testimony of these witnesses is counter-designations to Plaintiff's designations, but only for the limited, narrowly construed purpose of completeness of the portions designated, so the jury is not misled—this does not include testimony that is simply relevant to the designated testimony—the focus is on what was designated by Plaintiffs and whether additional testimony is necessary so the jury is not misled. This will prevent Defendants from needlessly wasting the Court's and the Parties' time arguing extensive, improper designations and counter-designations, and will prevent Defendants from burdening and unduly prejudicing Plaintiffs' case by interjecting confusing, disconnected and non-responsive designations designed to obscure important testimony at trial, especially during Plaintiffs' case.

---

[1] Unless otherwise noted all exhibits are attached to Adam M. Slater's certification in support of this motion.

## LEGAL ARGUMENT

### I.

### DEFENDANTS CANNOT DESIGNATE AFFIRMATIVE DEPOSITION TESTIMONY FOR AVAILABLE WITNESSES

There is a strong preference for live testimony in the federal courts. As observed by the Hon. Eldon E. Fallon, U.S.D.J., the "truth seeking purpose of litigation" is inhibited by deposition rather than live testimony:

> As an alternative to live trial testimony, the Court, the parties, and, most importantly, the jury is left with the deposition – a second best.

*In re Vioxx Products Liability Litigation*, 438 F.Supp.2d 664, 668 (E.D.La. 2006) (citing *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) (Learned Hand, J.)). "The preference for a witness's attendance at trial is axiomatic." *Garcia-Martinez v. City and County of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004).

Based on these principles, Defendants should not be permitted to submit hearsay testimony of witnesses they control, while shielding the witnesses from cross-examination at trial. This would be no different from Plaintiff designating its own deposition testimony to shield itself from cross-examination. This is antithetical to the controlling Rules, and the search for the truth.

Federal Rule of Civil Procedure 32(a)(1) provides in relevant part:

> At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

3

>    (A)   the party was present or represented at the taking of the deposition or had reasonable notice of it;
>
>    (B)   it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying;

F.R.C.P. 32(a)(1)(emphasis added). Therefore, the use of a deposition at trial is in all instances subject to and must be consistent with the Federal Rules of Evidence. *See In re Air Crash Disaster at Stapleton Int. Airport*, 720 F.Supp. 1493, 1502 (D. Colo. 1989) (setting forth balancing test "to determine admissibility of deposition testimony in lieu of testimony at trial.").[2]

Since Defendants have the ability to facilitate the live testimony of their current employees, officers, designated corporate designees, expert witnesses, and former employees under their control, they cannot affirmatively utilize the deposition testimony of these witnesses. Federal Rule of Civil Procedure 32(a)(4) describes the circumstances under which such deposition testimony may be offered:

>    (4) Unavailable Witness.
>
>    A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
>    (A) that the witness is dead;
>
>    (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, **unless it**

---

[2] Plaintiffs are permitted to utilize the deposition testimony of defendants' officers, directors, and corporate designees pursuant to F.R.C.P. 32(a)(3), and defendants' current and former employees, pursuant to F.R.C.P. 32(a)(4).

>  **appears that the witness's absence was procured by the party offering the deposition**;
>
> (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
>
> (D) **that the party offering the deposition could not procure the witness's attendance by subpoena**; or
>
> (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

F.R.C.P. 32(a)(4) (emphasis added). A witness is "unavailable" pursuant to F.R.E. 804(a) where the declarant:

> (1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;
>
> (2) refuses to testify about the subject matter despite a court order to do so;
>
> (3) testifies to not remembering the subject matter;
>
> (4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or
>
> (5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:
>
>> (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6); or
>>
>> (B) the declarant's attendance or testimony, in the case of a hearsay exception under Rule 804(b)(2),

5

(3), or (4).

> **But this subdivision (a) does not apply if the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying**.

F.R.E. 804(a) (emphasis added).

These Rules require a good faith, reasonable effort on the part of the proponent of such testimony from its own witnesses, to procure the witness for trial. *See, e.g.*, *Kirk v. Raymark Indust., Inc.*, 61 F.3d 147, 165 (3rd Cir. 1995) (noting proponent has the burden of proving reasonable attempts were made to procure the testimony of a purported unavailable witness); *Lloyd v. Amer. Export Lines, Inc.*, 580 F.2d 1179, 1184 (3rd Cir. 1978) (same); *U.S. v. Morsely*, 64 F.3d 907, n.11 (4th Cir. 1995) (acknowledging duty of proponent of recorded testimony to make good faith, reasonable effort to procure the witness's attendance at trial); *Perricone v. Kansas City Southern Ry. Co.*, 630 F.2d 317, 321 (5th Cir. 1980) (noting the rule requires proponent to demonstrate he was unable to procure the witness by process or other reasonable means); *U.S. v. Sindona*, 636 F.2d 792, 803-04 (2d Cir. 1980), *cert. denied*, 451 U.S. 912, 101 S.Ct. 1984, 68 L.Ed.2d 302 (1981) (Rule 804 includes a good faith obligation to produce witnesses). Since Defendants control these witnesses, a good faith effort would certainly result in them appearing in Court to testify.

Federal courts have recognized the key consideration is the proponent's

6

efforts and ability to procure the witness for trial, rather than the geographical location of the witness. *See, e.g.*, *U.S. v. Johnson*, 467 F.2d 804, 809 (1st Cir. 1972) ("A witness's availability is not to be decided on the basis of his physical presence in the court room or his accessibility by writ of habeas corpus or by subpoena. We hold rather that a witness's practical and legal availability is to be determined on the basis of his disposition and relationship toward the parties.") (citations omitted).

New Jersey law is equally clear on this issue. *Avis Rent-A-Car, Inc. v. Cooper*, 273 N.J. Super. 198, 200 (App. Div. 1994) (holding a party may only play their own witness's deposition if the party can prove that **"all reasonable means to procure the declarant's attendance at trial [have] be[en] exhausted."**). *Accord Witter v. Leo*, 269 N.J. Super. 380, 391 (App. Div.), *certif. denied*, 135 N.J. 469 (1994) ("The new Rule requires that **the party offering the deposition first demonstrate that there are no reasonable means to procure the declarant's attendance at trial**."); *Rios v. Crowe*, 2012 WL 2401652, at *2 (App. Div. 2012); *Panasonic Industrial Co. v. Emerson Quite Kool Corp.*, 269 N.J. Super. 502, 505 fn.1 (App. Div. 1993) (a witness must be brought in live if, "the appearance of the witness can be obtained."). The law requires defendants to provide a documentary record or concrete evidence of diligent efforts to **urge each witness** to appear at trial. *See Daley v. Claire's Stores, Inc.*, 2010 WL 134257, at *1, 3 (App. Div. 2010) (company exhausted all reasonable effort to produce former employee when "record" demonstrated

7

numerous letters and phone calls to former employee's last known address <u>and</u> it was in the company's litigation interest to produce the witness); *Williams v. Hodes*, 363 N.J. Super. 600, 605 (App. Div. 2003) (defense exhausted all reasonable effort to produce witness where, on short notice, served notice in lieu of subpoena, faxed notices, called by phone, and enlisted help of opposing counsel).

Here, Defendants have designated trial testimony from current employees, designated corporate representatives, and available former employees (who they defended at their depositions) who are under Defendants' control. This includes, for example, Jucai Ge, who sat for two depositions in this case and recently provided ZHP with a declaration in support of a motion to dismiss. (ECF [1160](), [2021](), [2459-5]()). Defendants cannot reasonably suggest that Jucai Ge would not appear in Court to testify live if asked/directed to do so. Since the controlling Rule recognizes the need for "due regard to the importance of live testimony in open court" (F.R.C.P. 32(a)(4)(E)), Defendants must bring Jucai Ge and the others to testify live.[3]

Courts addressing this issue have found that even when witnesses were located more than 100 miles outside the jurisdiction, such witnesses were not

---

[3] Indeed, such witnesses are the representatives of, and speak for the company. Permitting them to testify for their employers by video-taped deposition rather than attending the trial in person, would be equivalent to allowing a plaintiff to introduce her deposition testimony at trial rather than appearing live. In *Garcia-Martinez v. City and County of Denver*, 392 F.3d at 1191-1193, the Tenth Circuit rejected a plaintiff's effort to present his own deposition testimony in lieu of live testimony for this reason.

"unavailable" where they were employees, former employees, or expert consultants of the party seeking introduction of the testimony. The Tenth Circuit has held:

> We agree with Trans-Colorado that the district court was not automatically required to admit the deposition testimonies under Federal Rule of Civil Procedure 32(a)(3)(B) just because the witnesses were more than 100 miles away as plaintiffs appear to argue.

*Polys v. Trans-Colorado Airlines*, 941 F.2d 1404, 1410 (10th Cir. 1991). *See, e.g.*, *U.S. v. Ionia Management S.A.*, 499 F.Supp.2d 166, 169 n.2 (D. Conn. 2007) (noting that the fact that the witnesses were current and former employees of defendant counseled against a finding of unavailability); *U.S. v. Oudovenko*, 2001 WL 253027 at *1-3 (E.D.N.Y., Mar. 7, 2001) (finding defendant's foreign employees and former employees were not "unavailable" in light of defendant's influence over them and where the witnesses had already met with defendant's attorneys and provided statements to them). Other courts have not permitted deposition testimony from witnesses where the proponent of the testimony failed to demonstrate a reasonable or diligent effort to secure the witness's attendance at trial. *See, e.g.*, *O'Banion v. Owens-Corning Fiberglas Corp.*, 968 F.2d 1011, 1014-15 (10th Cir. 1992); *Hanson v. Parkside Surgery Ctr.*, 872 F.2d 745, 750 (6th Cir. 1989).[4]

---

[4] This Court has also rejected ZHP's assumed argument that their witnesses who reside in China cannot leave China to be questioned, even if remotely, in the event the Chinese government will not allow them a visa for purposes of testifying in this litigation. *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, MDL No. 2875, 2021 WL 6010575, at *18-19 (D.N.J. Dec. 20, 2021) (ECF 1825, p. 30)

9

Defendants are able to procure the attendance of the witnesses at issue. Absent a showing that these witnesses are truly unavailable, rather than strategically unavailable or unwilling to appear due to inconvenience, Defendants should be required to produce these witnesses live at trial, rather than submitting their deposition testimony to the jury.

## II.

### DEFENDANTS' COUNTER-DESIGNATIONS SHOULD NOT BE PRESENTED ON PLAINTIFFS' CASE UNLESS NECESSARY FOR "COMPLETENESS"

Federal Rule of Civil Procedure 32(a)(6) provides: "If a party offers in evidence only part of a deposition, an adverse party may require the offer or to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." F.R.C.P. 32(a)(6). This rule is recognized as incorporating F.R.E. 106, which provides "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time." F.R.E. 106

---

(stating: "In looking at the likely effect these PRC laws do and will have on the U.S. market, I find this a most important consideration.  Even though between a 'legal rock and hard place', PRC defendants cannot enter the U.S. market expecting a possible shield from unfavorable discovery by PRC blocking statutes.  **As one judge's decision has implied, if you don't like the rules, then stop doing business in the U.S.**" (emphasis added)).

(emphasis added). The purpose of the rule is to avoid "misleading impressions" when testimony is taken out of context. F.R.E. 106, 1972 Adv. Comm. Notes.; *see, e.g.*, *United States v. Sherman*, 293 Fed. Appx. 158, 159 (3d Cir. Sept. 17, 2008) (F.R.E. 106 "guards against the potential for evidence to be misleading when taken out of context"); *United States v. Soures*, 736 F.2d 87, 91 (3d Cir. 1984) (affirming trial court's refusal to permit party to read additional testimony for completeness; "[t]he Rule does not require introduction of portions of a statement that are neither explanatory of nor relevant to the passages that have been admitted."); *see also Alves v. Rosenberg*, 400 N.J. Super. 553, 563-65 (App. Div. 2008); *Martin v. Prime Hospitality Corp.*, 345 N.J. Super. 278, 294 (App. Div. 2001); *Moksvold v. Meyers*, 130 N.J. Super. 481, 484 (App. Div. 1974).

> As stated by the Fourth Circuit:
>
>> The purpose of the rule is 'to prevent a party from misleading the jury by allowing into the record relevant portions of the excluded testimony which clarify or explain the part already received.' *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir.1996). The portions of the excluded testimony thus must be relevant to an issue in the case, and the court need only admit the portions that are necessary to clarify or explain the portion of the testimony already admitted. *Id.*

*U.S. v. Bollin*, 264 F.3d 391, 413, (4th Cir. 2001) (emphasis added). In *U.S. v. Shuck*, 835 F.2d 875 at *2-3 (4th Cir. 1987) (unpublished opinion), the government had introduced select portions from a defendant's prior testimony. In response, the

11

defendant sought to introduce earlier portions of his testimony that were not within the subject matter of the testimony offered by the government. The trial court determined such testimony was unnecessary and would not allow the addition. *See id.* at *2. The Fourth Circuit agreed, noting:

> Rule 106 has been interpreted to give the trial court discretion to determine what might be required to fairly explain an admitted portion of a transcript, to fairly place it in context, or to fairly prevent it from being misleading in some other regard. *United States v. Dorrell*, 758 F.2d 427 (9th Cir.1985); *United States v. Soures*, 736 F.2d 87 (3d Cir.1984), *cert. denied*, 105 S.Ct. 914 (1985); and *United States v. Marin*, 669 F.2d 73 (2d Cir.1982). The court can exclude portions of the statement that are neither explanatory, nor relevant. *Dorrell*, 758 F.2d at 434.

*Id.* at *3 (emphasis added). Indeed, courts have excluded testimony proffered under the "completeness" rule where it did not clearly pertain to the limited portions sought to be introduced by the other party. *See U.S. v. Ricks*, 882 F.2d 885, 893 (4th Cir. 1989) (noting that "the rule is intended only to ensure that any admitted portion of a previous statement or writing is placed in its proper context. Accordingly, Rule 106 does not necessitate the introduction of those portions of Ward's cross-examination testimony which do not explain or clearly pertain to the limited portions King sought to introduce."), *cert. denied*, 110 S.Ct. 846, 493 U.S. 1047, 107 L.Ed.2d 841 (1990); *see also U.S. v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008) (noting that the rule does not "require admission of self-serving, exculpatory statements made by a party which are being sought for admission by that same party"); *U.S. v. Lanzon*, 639 F.3d

12

1293, 1302 (11th Cir. 2011) ("It is consistently held that the rule permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced.") (quoting *U.S. v. Simms*, 385 F.3d 1347, 1359 (11th Cir. 2004).

In numerous instances, Defendants' proposed counter-designations to Plaintiffs' deposition designations introduce new subject matter or fail to truly provide absolutely necessary context to the testimony sought to be introduced by Plaintiffs. Indeed, in many instances, Defendants seek to introduce information that is unrelated to the testimony offered by Plaintiffs, or is related in general but is not necessary to clarify designated testimony, which will only serve to confuse and distract the jury. This is prejudicial to Plaintiffs in that it waters down and obscures the testimony elicited and submitted by Plaintiffs. Defendants have the right and ability to call these witnesses live at trial if they want to submit the testimony they are precluded from designating since not truly needed for completeness.

## CONCLUSION

For the foregoing reasons, Plaintiffs request entry of an order precluding the Defendants from submitting affirmative deposition designations of available witnesses, and limiting defendants' counter-designations to testimony that is truly necessary for the narrowly construed purpose of context and completeness.

13

Dated: February 16, 2024                                  Respectfully submitted,

| | |
|---|---|
| */s/ Ruben Honik* | */s/ Daniel Nigh* |
| Ruben Honik | Daniel Nigh |
| **HONIK LLC** | **Nigh Goldenberg Raso & Vaughn, PLLC** |
| 1515 Market Street, Suite 1100 | 14 Ridge Square NW |
| Philadelphia, PA 19102 | Third Floor |
| Phone: (267) 435-1300 | Washington, D.C. 20016 |
| ruben@honiklaw.com | Phone: (850) 600-8090 |
| | dnigh@nighgoldenberg.com |
| | |
| */s/ Adam Slater* | */s/ Conlee S. Whiteley* |
| Adam Slater | Conlee S. Whiteley |
| **MAZIE, SLATER, KATZ & FREEMAN, LLC** | **KANNER & WHITELEY, LLC** |
| 103 Eisenhower Pkwy, 2nd Flr. | 701 Camp Street |
| Roseland, NJ 07068 | New Orleans, LA 70130 |
| Phone: (973) 228-9898 | Phone: (504)-524-5777 |
| aslater@mazieslater.com | c.whiteley@kanner-law.com |

***MDL Plaintiffs' Co-Lead Counsel***

| | |
|---|---|
| */s/ Jorge Mestre* | */s/ Gregory P. Hansel* |
| Jorge Mestre | Gregory P. Hansel |
| **RIVERO MESTRE LLP** | **PRETI, FLAHERTY, BELIVEAU & PACHIOS, CHARTERED, LLP** |
| 2525 Ponce de Leon Blvd., Suite 1000 | One City Center |
| Miami, FL 33134 | P.O. Box 9546 |
| Phone (305) 445-2500 | Portland, ME 04112 |
| jmestre@riveromestre.com | Phone: (207) 791-3000 |
| | ghansel@preti.com |

***Third-Party Payor Economic Loss Co-Lead Class Counsel***

14