UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| THIS DOCUMENT RELATES TO: ALL CASES | HON. ROBERT B. KUGLER CIVIL NO. 19-2875 (RBK) |

**STIPULATION AND [░░░░░░░] ORDER**

WHEREAS, the Court has scheduled for trial to begin on March 18, 2024 as to the claims of TPP plaintiff MSP Recovery Claims, Series LLC as a Third-Party Payor (TPP) class representative, via its two assignors EmblemHealth and SummaCare, against defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceuticals Inc., Solco Healthcare U.S. LLC, Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, Actavis Pharma, Inc., Torrent Pharmaceuticals Ltd., and Torrent Pharma, Inc., on behalf of the TPP Breach of Express Warranty subclass b, TPP Breach of Implied Warranty subclass d, TPP Fraud subclass c, and TPP State Consumer Protection Laws subclass a (collectively, "Plaintiffs" or "TPP Trial Subclasses") (*see* ECF 2343) (the "Trial");

WHEREAS trial defendant Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") has moved for summary judgment on the basis of lack of personal jurisdiction (*see* ECF 2565-1);

Whereas Teva Ltd., Teva Pharmaceuticals USA, Inc., Actavis LLC, and Actavis Pharma, Inc. represent that Teva Pharmaceuticals USA, Inc., Actavis LLC, and Actavis Pharma, Inc. (the "Related Teva Entities") are the Teva entities that manufactured, sold and/or distributed the products that are the subject of the TPP Trial, and that Teva Ltd. is incorporated under the laws of Israel, maintains its headquarters and principal place of business in Israel, and is an indirect parent corporation of the Related Teva Entities;

WHEREAS the Related Teva Entities represent that they have sufficient financial resources to satisfy an agreed settlement or judgment against Teva up to the compensatory damages calculated in Plaintiffs' expert reports and any reasonable and proportionate punitive damages verdict should one be reached/entered in favor of Plaintiffs as against the remaining Related Teva Entities for the Trial, and agree to notify Plaintiffs upon learning that there is a material change that would impact their ability to satisfy a settlement or such judgment reached/entered in this litigation, and if so then the assets of Teva Ltd. will then be available to pay the funds necessary to address such shortfall;

WHEREAS the Related Teva Entities represent that they have possession, custody and/or control of all evidence (documents and persons) relating to valsartan-containing drugs containing valsartan API from Zhejiang Huahai Pharmaceutical Co., Ltd. which were manufactured, sold, or distributed to or in the United States;

2

WHEREAS the Related Teva Entities represent that they will produce deponents and employees who have been deposed and/or disclosed for Trial, upon reasonable and proper notice from Plaintiffs, without regard for which between Teva Ltd. or the Related Teva Entities is or was the employer of the witness, as if the witness was employed by the Related Teva Entities, but the parties agree that Related Teva Entities are entitled to otherwise raise any substantive or procedural objections they may have in response to a request for a particular witness to appear for Trial;

WHEREAS the Related Teva Entities represent that they will not object to the admissibility of any evidence (documents or persons) produced by Teva Ltd. or the Related Teva Entities in this litigation on the basis that Teva Ltd. is the proper party with the possession, custody and/or control of such evidence, although any and all other grounds for objection are preserved;

WHEREAS, the parties agree that nothing herein shall be construed to affect the naming of Teva Ltd. as a party in this MDL for any other purpose besides the Trial, and that all parties reserve their respective rights concerning personal jurisdiction over Teva Ltd. for other matters in this MDL other than the Trial;

WHEREAS, the parties agree that nothing herein shall be construed as a waiver by Teva Ltd. or the Related Teva Entities of any substantive or procedural defense to the claims in this MDL, except to the extent recited herein, nor as a waiver by Plaintiffs of any substantive or procedural claim against Teva Ltd. or the Related

3

Teva Entities;

NOW THEREFORE, in consideration of the promises and mutual covenants contained herein, the parties agree as follows:

1. This Stipulation shall govern the TPP Trial Subclasses and their claims scheduled for the Trial;

2. Plaintiffs stipulate and agree that the TPP Trial Subclasses will proceed at Trial against the other specified defendants except Teva Ltd.;

3. Plaintiffs stipulate and agree that Teva Ltd. is dismissed without prejudice as defendant from all claims asserted by the TPP Trial Subclasses in the Trial;

4. The Related Teva Entities stipulate that any document, statement, or testimony that would otherwise be admissible or usable at trial against Teva Ltd. if it were a party, shall be admissible or usable against the Related Teva Entities at Trial or any related proceeding including but not limited to post-trial or appellate matters.  As an example, a statement which would otherwise qualify as an admission of a party opponent by Teva Ltd. and satisfy the requirements for admissibility pursuant to Fed. R. Evid. 801 et seq. shall also qualify as an admission of a party opponent by the Related Teva Entities. However nothing herein shall constitute a waiver of any other available objection to the admissibility of such evidence, documents or testimony.

5. Remaining Related Teva Entities will agree to treatment of any documents or evidence produced by Teva Ltd. as their own party documents for purposes of authenticity and hearsay admissibility, to the extent they otherwise meet FRE requirements for such, while preserving other objections. Teva Ltd. will continue to follow preservation obligations as a party to this MDL;

6. The parties agree that Teva Ltd. is voluntarily dismissed without prejudice from all claims asserted by the TPP Trial Subclasses for the Trial; and

7. Nothing in this stipulation has any effect on any other claims asserted in this MDL against Teva Ltd., with all parties retaining their respective claims, rights, and defenses.

Dated: February 23, 2024

/s/ Ruben Honik
Ruben Honik
**HONIK LLC**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Phone: (267) 435-1300
ruben@honiklaw.com

/s/ Victoria Davis Lockard
Victoria Davis Lockard
**GREENBERG TRAURIG, LLP**
Lori G. Cohen
Victoria Davis Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Rd., NE, Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

*/s/ Daniel Nigh*
Daniel Nigh
**NIGH GOLDENBERG RASO *&* VAUGHN, PLLC**
14 Ride Square NW, 3rd Floor
Washington, DC 20016
Phone: (850) 600-8090
dnigh@nighgoldenberg.com

/s/ *Adam Slater*
Adam Slater
**MAZIE, SLATER, KATZ & FREEMAN, LLC**
103 Eisenhower Pkwy, 2nd Flr.
Roseland, NJ 07068
Phone: (973) 228-9898
aslater@mazieslater.com

/s/ *Conlee S. Whiteley*
Conlee S. Whiteley
**KANNER & WHITELEY, LLC**
701 Camp Street
New Orleans, LA 70130
Phone: (504)-524-5777
c.whiteley@kanner-law.com

*MDL Plaintiffs' Co-Lead Counsel*

/s/ *Jorge Mestre*
Jorge Mestre
**RIVERO MESTRE LLP**
2525 Ponce de Leon Blvd., Suite 1000
Miami, FL 33134
Phone (305) 445-2500
jmestre@riveromestre.com

/s/ *Gregory P. Hansel*
Gregory P. Hansel
**PRETI, FLAHERTY, BELIVEAU & PACHIOS, CHARTERED, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112
Phone: (207) 791-3000
ghansel@preti.com

*Third-Party Payor Economic Loss Co-Lead Class Counsel*

SO ORDERED,

s/*Robert Kugler*
Robert B. Kugler, U.S.D.J.