# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| | HON. ROBERT B. KUGLER |
| THIS DOCUMENT RELATES TO THE TPP TRIAL SUBCLASSES | CIVIL NO. 19-2875 (RBK) |

## TPP TRIAL DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE DEPOSITION DESIGNATIONS

## **TABLE OF CONTENTS**

I.   DEFENDANTS HAVE PROPERLY DESIGNATED AFFIRMATIVE DEPOSITION TESTIMONY OF CURRENT AND FORMER EMPLOYEES LOCATED OUTSIDE OF THE UNITED STATES. ............3

   A.  A Witness Located Outside the United States Is "Unavailable" under Federal Rule of Civil Procedure 32(a)(4). ..................................3

   B.  Defendants Have Not "Procured" the Witnesses' Absence.................5

II.  THE COURT SHOULD REJECT THE ARTIFICIAL LIMITATIONS PLAINTIFFS SEEK TO IMPOSE ON DEFENDANTS' COUNTER-DESIGNATIONS. ............................................................................................7

   A.  Rule 106 and the Rule of Completeness Expressly Contemplate Presenting Counter-Designations During Plaintiffs' Case...................9

   B.  Proper Application of the Rule of Completeness Would Not Prejudice Plaintiffs. ...........................................................................12

CONCLUSION ........................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Avis Rent-A-Car, Inc. v. Cooper*
   273 N.J. Super. 198 (App. Div. 1994 ....................................................5

*Beech Aircraft Corp. v. Rainey,*
   488 U.S. 153 (1988) ........................................................................10

*Daley v. Claire's Stores, Inc.*
   No. A-0061-08T3, 2010 WL 134257 (N.J. App. Div. 2010) ...............5

*In re: Jacoby Airplane Crash Litig.,*
   No. CIV. 99-6073 (HAA), 2007 WL 559801 (D.N.J. Feb. 14, 2007) ............................................................................................3

*Kirk v. Raymark*
   61 F.3d 147 (3rd Cir. 1995) ................................................................4

*Lloyd v. American Export Lines, Inc.,*
   580 F.2d 1179 (3d Cir. 1978) ..............................................................4

*Saget v. Trump,*
   351 F. Supp. 3d 251 (E.D.N.Y. 2019) ................................................11

*United States v. Burns,*
   162 F.3d 840 (5th Cir. 1998) ............................................................10

*United States v. Vespe,*
   868 F.2d 1328 (3d Cir. 1989) ..............................................................4

*Witter by Witter v. Leo*
   269 N.J. Super. 380 (App. Div.), *cert. den.*, 135 N.J. 469 (1994) ........5

## Other Authorities

21A Charles Alan Wright & Kenneth W. Graham, Federal Practice & Procedure: Evidence § 5072 (2d. ed. 2015) ........................................12

Fed. R. Civ. P. 32 ...............................................................................*passim*

ACTIVE 694657738v9

Fed. R. Civ. P. 45 Advisory Comm. Note (2013) ....................................................5

Fed. R. Evid. 106 .........................................................................................*passim*

Fed. R. Evid. 802 ...........................................................................................4

Fed. R. Evid. 804 ...........................................................................................4

ACTIVE 694657738v9

Defendants oppose Plaintiffs' motion and urge the Court to allow deposition designations to be played fairly, whether for unavailable witnesses or to comply with the rule of completeness so as to avoid jury confusion. Federal Rule of Civil Procedure 32(a)(4)(B) plainly and unambiguously states that the deposition of a witness—"whether or not a party"—may be used "for any purpose" if the Court finds "that the witness is more than 100 miles from the place of hearing or trial or is outside the United States[.]" Fed. R. Civ. P. 32(a)(4)(B). The sole exception to that rule is if the party seeking to introduce the deposition has "procured" that witness's absence due to bad faith or improper gamesmanship. Here, the witnesses in question are all located more than 100 miles from the Court and/or outside of the United States, there is no evidence Defendants have procured their absence (i.e., by relocating them), and it would be both burdensome and impractical to require those witnesses to travel to the United States to testify at multiple trials in this MDL. These witnesses gave videotaped depositions in this MDL, and Plaintiffs were afforded a full and fair opportunity to examine them as to both Rule 30(b)(6) noticed subjects (where applicable) and their personal knowledge. Nothing in the Rules or the controlling case law supports Plaintiffs' position that Plaintiffs may freely play deposition testimony from current and former employees of Defendants located outside of the United States, while Defendants must compel the same witnesses to

travel thousands of miles to affirmatively offer their testimony, in direct contradiction of Rule 32(a)(4)(B).

Plaintiffs further ask the Court to ignore well-established controlling precedent regarding the rule of completeness and to improperly limit Defendants' counter-designations. Federal Rule of Evidence 106 provides that "[if] a party introduces all or part of a writing or recorded statement, an adverse party may require introduction, *at that time*, of any other part—or any other writing or recorded statement—that *in fairness ought to be considered* at the same time." Fed. R. Evid. 106 (emphasis added). Without any explanation or support, Plaintiffs baldly assert that Defendants' proposed counter-designations "introduce new subject matter or fail to truly provide *absolutely necessary* context to the testimony sought to be introduced by Plaintiffs," and that "Defendants seek to introduce information that is unrelated to the testimony offered by Plaintiffs, or is related in general but is not necessary to clarify designated testimony…" (emphasis added). Not only do Plaintiffs replace Rule 106's "in fairness ought to be considered" standard with a non-existent "absolutely necessary" standard, but Plaintiffs fail to provide even a single example of how this is purportedly the case. Faithful application of the rule of completeness requires permitting Defendants to play their counter-designations during Plaintiffs' case in order to avoid an incomplete and misleading portrayal of the testimony. Contrary to Plaintiffs' assertions, this would not prejudice Plaintiffs.

2

# I. DEFENDANTS HAVE PROPERLY DESIGNATED AFFIRMATIVE DEPOSITION TESTIMONY OF CURRENT AND FORMER EMPLOYEES LOCATED OUTSIDE OF THE UNITED STATES.

Plaintiffs attempt to narrow Rule 32(a)(4)(B)'s plain language, without any applicable legal support or factual or logical rationale, to prohibit Defendants from using affirmative designations of deposition testimony for witnesses that are, by the plain language of the rule, unavailable. A witness located outside the United States—whether or not employed by Defendants—is unavailable pursuant to Rule 32(a)(4), unless the respective Defendant "procured" the witness's absence. Here, Defendants have not "procured" any of these witnesses' absence. Therefore, Defendants are permitted to play these videotaped depositions.

## A. A Witness Located Outside the United States Is "Unavailable" under Federal Rule of Civil Procedure 32(a)(4).

Under Rule 32(a)(4)(B), once it is established that the witness is more than 100 miles from the place of hearing or trial, or is outside the United States, the admissibility of the deposition testimony "is ***not*** contingent upon a showing that the witness is otherwise unavailable." *In re: Jacoby Airplane Crash Litig.*, No. CIV. 99-6073 (HAA), 2007 WL 559801, at *7 (D.N.J. Feb. 14, 2007) (quoting *Daigle v. Me. Med. Ctr., Inc.*, 14 F.3d 684, 691-92 (1st Cir. 1994)) (emphasis added). Plaintiffs' argument that the "Rules require a good faith, reasonable effort on the part of the proponent of such testimony from its own witnesses, to procure the witness for trial"

3

(Motion at 6), is contradicted by the plain language of Rule 32(a)(4)(B) and binding Third Circuit precedent. *See United States v. Vespe*, 868 F.2d 1328, 1338-39 (3d Cir. 1989) (rejecting argument that, based on Fed. R. Evid. 804, deposition testimony should not have been read into the record where proponent did not establish the witness's "unavailability" by showing the steps it took to attempt to secure the witness's presence). Because Rule 32 is itself an "independent exception" to the hearsay rule, the requirements for "unavailability" under Federal Rule of Evidence 804 need not be satisfied where the requirements of Rule 32 are satisfied. *Id. See also* Fed. R. Evid. 802 Adv. Comm. Notes (1972) (stating that Fed. R. Civ. P. 32 constitutes an independent exception to the hearsay rule).

Plaintiffs cite nonbinding and/or inapposite case law in support of their position. *Kirk v. Raymark* did not involve deposition testimony or admissibility under Rule 32 at all. 61 F.3d 147 (3rd Cir. 1995) (finding the district court had erred in admitting the trial testimony of an expert who had not been disclosed or deposed). Nor did *Lloyd v. American Export Lines, Inc.*, 580 F.2d 1179 (3d Cir. 1978) (addressing admissibility of a Decision and Order by a Coast Guard hearing examiner, and excerpts from the transcript of that proceeding, pursuant to Fed. R.

Evid. 803 and 804). Neither case addresses whether or not deposition testimony may be used at trial pursuant to Rule 32(a)(4).[1]

### B.    Defendants Have Not "Procured" the Witnesses' Absence.

Plaintiffs have not shown that Defendants "procured" the witnesses' unavailability, choosing instead to focus on whether or not the witnesses are within Defendants' "control." There is no support at all for procurement of unavailability. The witnesses designated by Defendants have always been more than 100 miles from the Court and/or outside the United States; they were at the time of their depositions

---

[1] The nonbinding cases cited by Plaintiffs—including various New Jersey state court cases—are also inapplicable. For example, in *Witter by Witter v. Leo*, the witness had visited the defendant (who was the proponent of the testimony) in New Jersey the weekend before the trial, and defense counsel admitted that "he controlled whether [the witness] would appear as a trial witness," but elected for strategic reasons not to cause the witness to appear at trial. 269 N.J. Super. 380, 390-91 (App. Div.), *cert. den.*, 135 N.J. 469 (1994). Therefore, the court properly rejected the defendant's attempt to "read-in" the deposition because the counsel had in fact "procured or caused" the witness' unavailability. *Id. Avis Rent-A-Car, Inc. v. Cooper* likewise involved a finding that the proponent of the testimony (who was the plaintiff and therefore had chosen to file the action in New Jersey) had "procured" or "caused" the witness's unavailability. 273 N.J. Super. 198, 202-203 (App. Div. 1994). *Daley v. Claire's Stores, Inc.* concerns a party residing within New Jersey and subject to the state's subpoena power. No. A-0061-08T3, 2010 WL 134257, at *3 (N.J. App. Div. 2010). In addition, the majority of the non-binding federal court decisions cited by Plaintiffs pre-date the 2013 amendments to the Federal Rules of Civil Procedure; these amendments resolved a split in authority and clarified that "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." Fed. R. Civ. P. 45 Advisory Comm. Note (2013).

and remain so today. Defendants thus did not, for example, relocate a witness outside the country to render them unavailable.

Even if Plaintiffs' erroneous "good faith" or "reasonableness" standard applied—though it does not—Defendants' decision to designate the deposition testimony of these witnesses is not a "strategic" decision or otherwise guided by bad faith or unreasonableness, any more than Plaintiffs' decision to play videotaped depositions of certain witnesses rather than subpoenaing them to testify live. This is an ongoing litigation involving multiple trials, and the witnesses in question—all of whom are more than 100 miles from the Court and/or outside the United States— cannot reasonably be called to testify at every trial. All of the corporate witness depositions have been videotaped with a full and fair opportunity for Plaintiffs to examine each witness as to both Rule 30(b)(6) noticed subjects (where applicable) and their personal knowledge. This is precisely the type of scenario that Rule 32(a)(4) contemplates. A witness outside the United States, "whether or not a party," need not and cannot be haled to the United States from another continent—missing work and sleep for multiple days—every time a party may wish to present their live testimony on topics already covered in prior depositions.

The undue prejudice Defendants would suffer is further amplified if Plaintiffs are allowed to play select clips of deposition testimony of these witnesses on topics of their choosing, and the jury is left to wonder why Defendants did not do the same.

6

Federal Rule of Civil Procedure 32(a)(4) is as valid an exclusion from the hearsay rule for unavailable witnesses as Federal Rule of Evidence 801(d)(2) is for party-opponent testimony, and Plaintiffs and Defendants are entitled to even-handed treatment of their respective affirmative designations under their respective rules.

## II.  THE COURT SHOULD REJECT THE ARTIFICIAL LIMITATIONS PLAINTIFFS SEEK TO IMPOSE ON DEFENDANTS' COUNTER-DESIGNATIONS.

Plaintiffs assert—without a single example or any explanation—that "Defendants' proposed counter-designations…introduce new subject matter" and that "in many instances, Defendants seek to introduce information that is unrelated to the testimony offered by Plaintiffs."[2] (Motion at 13.) These statements are

---

[2] It may well be that Plaintiffs refrained from providing any such examples because their affirmative designations continue to be a moving target. After Plaintiffs submitted their designations, and Defendants submitted objections and counter-designations thereto, Plaintiffs revised a number of their affirmative designations or in other instances have indicated an intent to continue to revise them. Defendants are consequently in a position where there are numerous designations of their respective witnesses' testimony that Plaintiffs' counsel have indicated would all be redone. Much of the testimony is objectionable as cumulative, but without finalized designations from Plaintiffs it is virtually impossible to proceed. This has prevented substantive meet-and-confers as to the designations of these defense witnesses which, at this point in the pre-trial process, is extremely unfair, impractical, and wasteful of the parties' and the Court's time. This is precisely what Defendants were concerned with when they expressed that this process was starting too early and would very likely need to be redone. (*See* **Ex. A**, Nov. 1, 2023 Hrg. Tr. 16:22-17:4 ("So there is a lot of information that needs to be determined, rulings that need to be had, before we spend significant resources going through these thousands of pages of depositions to start doing designations. … otherwise, we're going to have to do it twice.").

unsupported and false; each of Defendants' counter-designations is appropriate pursuant to the Rule of Completeness as codified by Federal Rule of Evidence 106. Indeed, in many instances, Defendants merely seek to counter-designate the full answer provided by a witness in direct response to a question because Plaintiffs misleadingly designated only a small portion of that answer. Such counter designations are essential to correct Plaintiffs' unfair and inaccurate portrayal of witness testimony. Moreover, Plaintiffs seek to introduce a new, non-existent standard of what is permitted as a counter-designation, asserting (again without any support) that Defendants' proposed counter-designations "fail to truly provide ***absolutely necessary*** context to the testimony sought to be introduced by Plaintiffs," and that Defendants should not be permitted to introduce information that "is related in general [to the testimony offered by Plaintiffs] but is not necessary to clarify designated testimony, which will only serve to confuse and distract the jury." (*Id.*) Plaintiffs' newly-invented "absolutely necessary" standard is not supported by any rule or the case law.[3]

---

[3] And even if Plaintiffs' "absolutely necessary" standard had any basis in the law (which it does not), many of Defendants' counter-designations—including those intended to correct Plaintiffs' inherently misleading designation of only a portion of a witness's answer—would clearly fall within any such category.

### A.    Rule 106 and the Rule of Completeness Expressly Contemplate Presenting Counter-Designations During Plaintiffs' Case.

Federal Rule of Evidence 106 provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, ***at that time***, of any other part or any other writing or recorded statement that in fairness ought to be considered at the same time." Fed. R. Evid. 106 (emphasis added). Plaintiffs argue to the contrary that deposition videos should be played out of chronological order – i.e., all of Plaintiffs' affirmative designations during their case, and Defendants' designations played separately during Defendants case, unless it is "absolutely necessary" for a specific counter-designation to be played during Plaintiffs' case. Playing the deposition videos as Plaintiffs suggest is not faithful to the text of the rule, inefficiently breaks up the actual testimony provided by the witnesses, and risks confusing and misleading the jury.

Importantly, Plaintiffs have served deposition designations for **forty (40) witnesses**, much of which is cumulative, while simultaneously demanding that Defendants make thirty-one of their witnesses available to be called live in Plaintiffs' case, including many who are outside the United States.[4] Aside from the quagmire

---

[4] *See* **Ex. B**, January 30, 2024 letter from Plaintiffs' counsel A. Slater to Defendants' counsel (identifying thirty-one corporate witnesses whom Plaintiffs may call live). *See* **Ex. C**, February 7, 2024 e-mail from Plaintiffs' counsel A. Slater to Defendants' counsel (indicating Plaintiffs "anticipate utilizing video deposition testimony for
*(cont'd)*

created by Plaintiffs' indecision, the designations are unreasonable and unworkable on many levels. If Plaintiffs take just one hour to introduce and play each witness video (many of which have a much longer run-time), it will consume the entirety of the first two weeks of the four-week trial.[5] Plaintiffs then unreasonably expect that the same videos would need to be reintroduced so that Defendants' designations can be played later. This not only would leave jurors contextually confused as to why they are seeing all of these witnesses testify again on the same topics, but is also incredibly efficient and impractical given the time constraints of trial.

Under the longstanding "rule of completeness," the opponent of an admitted statement "may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171 (1988) (citing 7 J. Wigmore, Evidence in Trials at Common Law § 2113, p. 653 (J. Chadbourn rev.1978)). "In addition to ensuring that a court has an accurate representation of a declarant's statement, the rule guards against 'the danger that an out-of-context statement may create such prejudice that it is impossible to repair by a subsequent presentation of additional material.'" *United States v. Burns*, 162 F.3d 840, 853 (5th

---

most of these witnesses," but expect some as-yet-unspecified "small number" of these 40 witnesses to testify live).

[5] The Court has indicated trial will run from 9:00 a.m. to 2:00 p.m., four days per week, for a total of approximately 20 hours of trial time per week).

Cir. 1998) (quoting *Beech Aircraft Corp.*, 488 U.S. at 172 n. 14)). Rule 106 partially codifies the rule of completeness, and is based on two considerations: "The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial." Fed. R. Evid. 106 Advisory Comm. Note (1972).

Federal Rule of Civil Procedure 32(a)(6), relating specifically to deposition testimony presented at trial, reflects similar goals: "[i]f a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." Fed. R. Civ. P. 32(a)(6). Taken together, these rules are designed to prevent the danger that the jury may be misled by the presentation of out-of-context or piecemeal snippets of a witness's deposition testimony. *See Saget v. Trump*, 351 F. Supp. 3d 251, 256 (E.D.N.Y. 2019) (holding that "Rule 32(a)(6) allows Defendants to both: (1) require Plaintiffs to introduce[] other parts of the deposition transcripts that ought to be considered in fairness with the parts already introduced and; (2) to introduce any other parts of the depositions").

Plaintiffs' authorities do not contradict this outcome. In *United States v. Soures*, for example, the Third Circuit found that there was no need to read the second day's grand jury testimony in order to place the first day's testimony in a fair light, because the witness had been given and made use of an opportunity to make

11

any statements he desired at his first hearing, had carefully reviewed the portions that were used, and required additions where he felt a misleading impression could be created. 736 F.2d 87, 91 (3d Cir. 1984). Not requiring the reading of an entire additional day's testimony is far different from cabining affirmative designations to what Plaintiffs deem "absolutely necessary."

### B.    Proper Application of the Rule of Completeness Would Not Prejudice Plaintiffs.

Perhaps realizing that the law does not support their rule of "absolutely necessary" counter-designations, Plaintiffs also baselessly assert that they would be prejudiced at trial by Defendants contemporaneously presenting counter-designations that address the same topics as Plaintiffs' affirmative designations. (See Motion at 13). Plaintiffs contend that doing so "waters down and obscures the testimony elicited and submitted by Plaintiffs." (*Id.*) This is without merit.

Showing all designated and counter-designated testimony together, regardless of the designating party, minimizes prejudice and serves the truth-seeking function of a trial through a more fulsome presentation. The danger of presenting piecemeal snippets of a witness's testimony "may not be completely averted by a later, separate reading of the omitted parts. The distorted impression can sometimes linger and work its influence at the subconscious level." 1 McCormick on Evidence § 56 (Kenneth S. Broun ed., 7th ed. 2013). This is particularly true during a long jury trial where, "by the time the opponent can introduce the complete statement, the jury may

have so assimilated the truncated version that the later repair is ineffective." 21A Charles Alan Wright & Kenneth W. Graham, Federal Practice & Procedure: Evidence § 5072 (2d. ed. 2015). And, as discussed above, having to reintroduce each witness again during the Defendants' case would be highly inefficient and wasteful of the Court's and the jurors' time.  For these reasons, it is most appropriate to play the parties' designations and counter-designations in chronological order and in the order the questions were asked, rather than playing the testimony out of sequence in ways that will distort the evidence and confuse the jury. Doing so simply means that the jury is presented with an accurate, complete version of the witnesses' testimony, rather than the one-sided, false narrative that Plaintiffs attempt to craft.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Preclude Improper Deposition Testimony. The Court should allow deposition designations and counters to be played fairly, chronologically, and preferably in one sitting, as well allow Defendants to affirmatively designate video testimony for their unavailable corporate witnesses.

Dated: February 26, 2024          Respectfully submitted,

By: */s/ Jessica Davidson*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jessica Davidson (NY Bar No. 6034748)
*Liaison Counsel for Manufacturer*

13

*Defendants*

Allison M. Brown (NJ Bar No. 044992012)
One Manhattan West
New York, New York 10001
Phone: (212) 735-3222
Fax: (917) 777-3222
jessica.davidson@skadden.com
allison.brown@skadden.com

Nina R. Rose (DC Bar No. 975927)
1440 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 371-7000
Fax: (202) 661-0525
nina.rose@skadden.com

> *Attorneys for Zhejiang Huahai*
> *Pharmaceutical Co., Ltd., Huahai U.S.,*
> *Inc., Prinston Pharmaceutical Inc., and*
> *Solco Healthcare U.S., LLC*

*/s/ Victoria Davis Lockard*
Lori G. Cohen, Esq.
Victoria Davis Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Rd., NE, Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

Gregory E. Ostfeld
GREENBERG TRAURIG, LLP
Tiffany M. Andras
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601

14

Tel: (312) 456-8400
ostfeldg@gtlaw.com
andrast@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA, Inc., Actavis LLC, and Actavis Pharma, Inc.*

/s/ Alexia R. Brancato
Alexia R. Brancato
Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-5967
Fax: (212) 446-6460
alexia.brancato@kirkland.com
devora.allon@kirkland.com

*Attorneys for Defendants Torrent Pharmaceuticals Ltd. and Torrent Pharma, Inc.*

15

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 26, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

*/s/ Gerond J. Lawrence*
Gerond J. Lawrence
Greenberg Traurig, LLP
