# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler, District Court Judge |

## DEFENDANTS ZHEJIANG HUAHAI PHARMACEUTICAL CO., LTD., HUAHAI U.S., INC., PRINSTON PHARMACEUTICAL INC., AND SOLCO HEALTHCARE U.S., LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THEIR SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES

# **TABLE OF CONTENTS**

**Page**

ARGUMENT.................................................................................................3

I.    THE ZHP DEFENDANTS' PROPOSED AMENDMENT IS NOT
FUTILE. ..............................................................................................4

II.   THE ZHP DEFENDANTS' PROPOSED AMENDMENT WOULD
NOT UNDULY PREJUDICE PLAINTIFFS. .............................................12

III.  THE ZHP DEFENDANTS HAVE NOT UNDULY DELAYED,
ACTED IN BAD FAITH, OR ACTED WITH DILATORY
MOTIVES IN MOVING TO AMEND......................................................14

IV.  THE ZHP DEFENDANTS HAVE NOT REPEATEDLY FAILED
TO CURE DEFICIENCIES. ...................................................................16

CONCLUSION .................................................................................16

# <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

## CASES

*Ajax Enterprises v. Fay*,
    No. 04-4539 (NLH), 2007 WL 766335 (D.N.J. Mar. 7, 2007) ...................15

*American Optical Co. v. Curtiss*,
    56 F.R.D. 26 (S.D.N.Y. 1971).........................................................................7

*Arthur v. Maersk, Inc.*,
    434 F.3d 196 (3d Cir. 2006) ...................................................................4, 14

*Blue Ash Auto Body, Inc. v. Frank*,
    190 N.E.3d 1180 (Ohio Ct. App. 2022).......................................................11

*Cincerella v. Egg Harbor Township Police Department*,
    No. 06-1183 RBK, 2007 WL 2682965 (D.N.J. Sept. 6, 2007) ...................15

*Dey v. Innodata Inc.*,
    No. 18-978 (ES) (MAH), 2019 WL 4410085 (D.N.J. Sept. 13, 2019)...........5

*Diallo v. Alo Enterprises Corp.*,
    No. 12-3762 (AET), 2013 WL 3772827 (D.N.J. July 17, 2013).................16

*Elliot Associates, L.P. v. Republic of Panama*,
    975 F. Supp. 332 (S.D.N.Y. 1997) ................................................................8

*Foman v. Davis*,
    371 U.S. 178 (1962).........................................................................4, 14, 16

*Frank H. Zindle, Inc. v. Friedman's Express, Inc.*,
    17 N.Y.S.2d 594 (App. Div. 1940)................................................................7

*Harrison Beverage Co. v. Dribeck Importers, Inc.*,
    133 F.R.D. 463 (D.N.J. 1990) ...................................................5, 12, 13, 14

*Heyl & Patterson International, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*,
    663 F.2d 419 (3d Cir. 1981) ................................................................. 12, 14

*Hiles v. NovaStar Mortgage, Inc.*,
    No. 1:12-cv-392, 2012 WL 4813775 (S.D. Ohio Oct. 10, 2012) ............. 9, 10

*Justinian Capital SPC v. WestLB AG*,
    65 N.E.3d 1253 (N.Y. 2016) .................................................................... 6, 7

*Juul Labs, Inc. v. 4X PODS*,
    No. 18-15444 (KM) (MAH), 2020 WL 2029327
    (D.N.J. Apr. 28, 2020) ...................................................................... 5, 8, 15

*Long v. Wilson*,
    393 F.3d 390 (3d Cir. 2004) ..................................................................... 4, 14

*MSP Recovery Claims, Series LLC v. Abbott Laboratories*,
    No. 19-21607 (FLW) (ZNQ), 2021 WL 2177548
    (D.N.J. May 28, 2021) ................................................................................. 9

*Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co.*,
    106 F. Supp 2d 761 (D.N.J. 2000) ............................................................... 5

*Rancman v. Interim Settlement Funding Corp.*,
    789 N.E.2d 217 (Ohio 2003) ....................................................................... 9

*Schofield v. Trustees of University of Pennsylvania*,
    894 F. Supp. 194 (E.D. Pa. 1995) .............................................................. 13

*Three-C Body Shops, Inc. v. Francois*,
    No. 19AP-471, 2020 WL 5821316 (Ohio Ct. App. Sept. 30, 2020) ............. 11

*Venuto v. Atlantis Motor Group, LLC*,
    No. 17-3363 (RBK/KMW), 2020 WL 998945
    (D.N.J. Mar. 2, 2020) ............................................................................. 4, 12

*West Broad Chiropractic v. American Family Insurance*,
    912 N.E.2d 1093 (Ohio 2009) .................................................................... 10

*Waters v. ShopRite Supermarkets, Inc.*,
  No. 2:10-cv-02986 (WJM), 2011 WL 6029248 (D.N.J. Dec. 5, 2011) ........14

## STATUTE

N.Y. Jud. Law § 489 ................................................................6

## RULES

Fed. R. Civ. P. 15(a)(2) ............................................................3

Fed. R. Civ. P. 15(b) ...............................................................3

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd.; Huahai U.S., Inc.; Prinston Pharmaceutical Inc.; and Solco Healthcare U.S., LLC (collectively, the "ZHP Defendants"), by and through their undersigned counsel, request leave to file their Second Amended Answer and Affirmative Defenses of Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC and Jury Demand ("Second Amended Answer"), a copy of which is attached hereto.  Plaintiffs have advised that they object to this motion.

The ZHP Defendants seek leave to file a second amended answer to make express their additional defenses that any assignment of rights from EmblemHealth ("EmblemHealth Assignment") and/or SummaCare ("SummaCare Assignment") to MSP is void under New York and Ohio's doctrines of champerty, respectively.[1]  In addition, the ZHP Defendants seek to add the defense that the SummaCare Assignment is also independently invalid under Ohio law because it impermissibly assigns a contingent and not-yet-established future interest.  Although these defenses are not among those listed in Federal Rule of Civil Procedure 8(c)(1) and thus

---

[1]     The EmblemHealth Assignment states that the "interpretation, construction and enforcement of this Agreement" shall be governed by New York law. (EmblemHealth Assignment at 7 (attached as Ex. 1 to the Certification of Jessica Davidson ("Davidson Cert.")).)  The SummaCare Assignment provides that Ohio law governs how the agreement will be "construct[ed] and enforce[d]." (SummaCare Assignment at 5 (Davidson Cert. Ex. 2).)

arguably need not be pled (indeed, it is unclear whether either defense is considered an affirmative defense under Ohio law), the ZHP Defendants seek to add them to their answer out of an abundance of caution to ensure their right to raise these issues at trial.

Plaintiffs were on notice of these defenses as early as April 12, 2022.  (*See* ECF 2010 at 21-22 (explaining that "MSPRC's claims will be subject to unique factual inquiries and defenses" and arguing that certain assignments to plaintiffs are "unenforceable as champertous" and that "vesting of future assignments . . . was prohibited under Ohio law").)  This Court should grant the ZHP Defendants' motion to amend for the following reasons:

*First*, the ZHP Defendants' proposed amendments are not futile; nor could plaintiffs plausibly meet their heavy burden to establish that these defenses would fail to survive a motion to dismiss.  Rather, there are sufficient facts in the form of the underlying assignments and MSP's professed business model to plausibly suggest that these assignments are champertous under New York and Ohio state law, and independently violate Ohio's prohibition on assignments of contingent interests.

*Second*, plaintiffs would not suffer any undue prejudice should this Court grant the ZHP Defendants' motion.  Since the ZHP Defendants did not file their initial answer to the operative complaint until December 2023, well after discovery closed, plaintiffs could not have pursued any different discovery had these defenses

been included in the initial answer.  In any event, these claims will be determined by facts that plaintiffs have had since the outset of this litigation.  Moreover, it is the ZHP Defendants' burden to establish these claims and, as such, plaintiffs have no conceivable argument that the addition of these claims has affected their trial strategy or preparation in any meaningful way.

**Third**, because prejudice is the touchstone to determine whether to grant leave to amend, delay cannot provide a basis for denial in the absence of any prejudice to plaintiffs.  Moreover, the ZHP Defendants' delay, if any, was minor in light of the recent deadline for filing answers.  In addition, there is no basis to suggest the ZHP Defendants have acted in bad faith or with dilatory motives.  To the contrary, the ZHP Defendants noticed while preparing for trial that these issues were not explicitly raised in the answer and seek to specify them now as defenses in an abundance of caution.

## <u>ARGUMENT</u>

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Rule sets forth no time limit on when amendments may be permitted; indeed, Rule 15(b) expressly contemplates amendments "[d]uring [or] [a]fter [t]rial."  Fed. R. Civ. P. 15(b).  As this Court has previously held, "'leave to amend should be granted freely' in

situations where it would allow claims to be decided on their merits" "rather than on technicalities." *Venuto v. Atlantis Motor Grp., LLC*, No. 17-3363 (RBK/KMW), 2020 WL 998945, at *5-6 (D.N.J. Mar. 2, 2020) (Kugler, J.) (citation omitted); *see also Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("[M]otions to amend pleadings should be liberally granted."). Indeed, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204-06 (3d Cir. 2006) (noting that "[t]he liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case"). Thus, courts should freely permit amendment unless it is apparent from the record that: (1) amendment would be futile; (2) the amendment would prejudice the party; (3) the moving party has demonstrated undue delay[,] bad faith [or] dilatory motives; or (4) the moving party has repeatedly failed to cure deficiencies under previously allowed amendments. *Venuto*, 2020 WL 998945, at *4; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment should be allowed here under this standard.

## I.   THE ZHP DEFENDANTS' PROPOSED AMENDMENT IS NOT FUTILE.

The ZHP Defendants' proposed amendment in the form of new defenses is not futile. Rather, the asserted defenses more than plausibly state a claim upon which relief can be granted. Specifically, there are sufficient facts to plausibly suggest the EmblemHealth Assignment is in violation of New York's champerty

4

statute and that the SummaCare Assignment violates both Ohio's prohibition against maintenance and champerty, as well as Ohio's prohibition on assignments of contingent unrealized claims.

A proposed amendment is futile only "if it 'is frivolous or advances a claim or defense that is legally insufficient on its face.'" *Dey v. Innodata Inc.*, No. 18-978 (ES) (MAH), 2019 WL 4410085, at *5 (D.N.J. Sept. 13, 2019) (citation omitted). Courts apply a motion-to-dismiss standard to determine futility and whether the proposed amended defense is "accompanied by a showing of plausibility sufficient to present a triable issue." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990); *Juul Labs, Inc. v. 4X PODS*, No. 18-15444 (KM) (MAH), 2020 WL 2029327, at *5 (D.N.J. Apr. 28, 2020) ("To determine whether an amendment is insufficient on its face, the [c]ourt employs the standard applied to Rule 12(b)(6) motions to dismiss."). "[C]ourts place a ***heavy burden*** on opponents who wish to declare a proposed amendment futile." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp 2d 761, 764 (D.N.J. 2000) (emphasis added) (reversing magistrate judge's denial of defendant's motion for leave to amend its answer on the basis of futility).

Here, as this Court explained "in the most uncomplimentary terms possible," MSP is a "medical insurance troll" that buys insurers' claims "***only to sue on them***." (ECF 2657 at 9 (emphasis added).)  Indeed, MSP's entire business model is premised

on "buying claims as an investment" "to turn a profit on the insurers' claims it purchases." (*Id.*) Thus, as detailed more fully below, the ZHP Defendants' proposed amendment in the form of champerty-based defenses under New York and Ohio law as well as under Ohio's prohibition of assignment of not-yet-established damages and claims readily passes muster under Rule 12(b)(6).

*The EmblemHealth Assignment plausibly violates New York's champerty statute*.  The ZHP Defendants can demonstrate sufficient facts to suggest that the EmblemHealth Assignment plausibly violates New York's prohibition on champertous acquisitions.  As discussed above, the EmblemHealth Assignment specified that it is governed by New York law.  (EmblemHealth Assignment at 7.) Under New York Judiciary Law § 489, "no corporation . . . directly or indirectly . . . shall solicit, buy or take an assignment of . . . any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon."  N.Y. Jud. Law § 489.  This statute prohibits champerty, a concept that "was developed 'to prevent or curtail the commercialization of or trading in litigation.'"  *Justinian Cap. SPC v. WestLB AG*, 65 N.E.3d 1253, 1254 (N.Y. 2016) (citation omitted).

Interpreting this statute, the Court of Appeals of New York reiterated that "[t]o constitute the offense [of champerty] the *primary purpose* of the purchase must be to enable [one] to bring a suit, and the intent to bring a suit must not be merely incidental and contingent."  *Id.* at 1256 (citation omitted).  Applying the primary

purpose test, the court held that plaintiff's "business plan [which] was acquiring investments . . . in order to sue on them" revealed that its acquisition of notes "was champertous" as plaintiff's "sole purpose in acquiring the notes was to bring this action." *Id.* at 1257.

The ZHP Defendants can readily establish the plausibility of their contention that the EmblemHealth Assignment is champertous under New York law. Even setting aside this Court's own description of MSP's business model, the EmblemHealth Assignment itself explicitly states under the header, "Purpose of Assignment," that "[EmblemHealth] makes and [MSP] accepts this assignment of the Assigned Medicare Recovery Claims in order to facilitate [MSP's] ability to initiate and pursue the recovery of the [claims], including in any litigation." (EmblemHealth Assignment at 3.)   This fact alone plausibly suggests the champertous nature of the assignment. *See, e.g.*, *Justinian Cap. SPC*, 65 N.E.3d at 1255-57; *Frank H. Zindle, Inc. v. Friedman's Express, Inc.*, 17 N.Y.S.2d 594, 594 (App. Div. 1940) (finding acquisition champertous given plaintiff's "only interest in the assignment was to bring a suit thereon and to earn a fee from the proceeds in the event that the prosecution of the suit was successful"); *Am. Optical Co. v. Curtiss*, 56 F.R.D. 26, 30-31 (S.D.N.Y. 1971) (finding that claim was champertous where the assignment "provided for and required A.O. to bring a law suit" and thus "appears to have been a contrivance solicited by A.O. to enable it to bring suit on behalf of

the University, and the proposed suit was the very purpose and substance of the [a]greement").

In addition, EmblemHealth's consideration took the form of a "deferred contingent compensation in the amount of 50% of the value of the recoveries." (Emblem Assignment at 3.)  EmblemHealth's retained stake in the outcome, as opposed to contemporaneous consideration, provides further evidence of MSP's litigation-driven primary purpose in agreeing to the EmblemHealth Assignment.  *Cf. Elliot Assocs., L.P. v. Republic of Panama*, 975 F. Supp. 332, 339 (S.D.N.Y. 1997) (finding no champertous intent because (1) "[assignee] paid some $8 million for the notes, not just a token sum"; and (2) "[u]nlike in other cases where the assignor retained an interest in the outcome of litigation, [assignors] retained no interest in the notes and had no stake in any litigation that might be brought on the notes").

In light of MSP's professed business model, the language of the EmblemHealth Assignment, and EmblemHealth's consideration being in the form of retained interest, the ZHP Defendants can at least plausibly allege that MSP bought or took assignment from EmblemHealth with the primary purpose to bring a lawsuit thereon.  *See Juul Labs*, 2020 WL 2029327, at *5 (in determining an amendment's futility, "the question before the [c]ourt is not whether the movant will ultimately prevail, but whether the complaint sets forth 'enough facts to state a claim to relief that is plausible on its face'") (citation omitted).  Indeed, another court from

this district in a case concerning MSP has explicitly held that because "champertous intent is fact-intensive," it "is inappropriate for resolution on a motion to dismiss." *MSP Recovery Claims, Series LLC v. Abbott Lab'ys*, No. 19-21607 (FLW) (ZNQ), 2021 WL 2177548, at *10 (D.N.J. May 28, 2021).

**The SummaCare Assignment plausibly violates Ohio's prohibition on maintenance and champerty.** For much the same reasons, the ZHP Defendants can plausibly demonstrate that the SummaCare Assignment violates Ohio's prohibition on champerty. As previously discussed, MSP and SummaCare's assignment agreement specified that the agreement was governed by Ohio law. (SummaCare Assignment at 5.) Under Ohio law, "'[c]hamperty' is a form of maintenance in which a nonparty undertakes to further another's interest in a suit in exchange for a part of the litigated matter if a favorable result ensues." *Rancman v. Interim Settlement Funding Corp.*, 789 N.E.2d 217, 219 (Ohio 2003). Such agreements are void as a matter of public policy. *See Hiles v. NovaStar Mortg., Inc.*, No. 1:12-cv-392, 2012 WL 4813775, at *4 (S.D. Ohio Oct. 10, 2012) (finding an assignment void where "the assignee 'agreed to pay the costs associated' with pursuing the legal action, while having no bona fide interest in the case (maintenance), or when the assignee 'would receive a stake' in the assignors' claims (champerty)") (citation omitted).

Here, for the same reasons discussed above—MSP's business model and the fact that SummaCare and MSP will split the profits of any litigation (*see* SummaCare Assignment at 3)—the ZHP Defendants can readily demonstrate that the SummaCare Assignment plausibly violates Ohio's prohibition on champerty.   In addition, the SummaCare Assignment explicitly states that SummaCare will receive 50% of any "net proceeds" but that all "Costs," which include, but are not limited to, "filing fees, witness fees, consultant fees, deposition fees, court reporter fees, photocopy fees, and expenses" related to recovery of the claims, will be deducted prior to determining "net proceeds."  (*Id.* at 3.)  As explained in *Hiles*, this is precisely the type of cost-splitting agreement that demonstrates the champertous nature of an assignment.  2012 WL 4813775, at *4 (assignment improper where assignee would "transmit such payment to" assignor "after deducting any . . . expenses incurred") (citation omitted).

   ***The SummaCare Assignment is plausibly void under Ohio law because it assigned a contingent future interest.***  Lastly, the ZHP Defendants can plausibly demonstrate that the SummaCare Assignment independently violates Ohio's prohibition on "assign[ing] the right to the future proceeds of a settlement if the right to the proceeds does not exist at the time of the assignment" given the improper "similarities to champertous agreements." *W. Broad Chiropractic v. Am. Fam. Ins.*, 912 N.E.2d 1093, 1097-98 (Ohio 2009) (finding assignment of future settlement

10

invalid because injured party "had no present right to any settlement funds at the time of the assignment, she had no rights to assign"). Subsequent Ohio cases have made it clear that this prohibition extends not only to the assignment of speculative settlement proceeds, but also to the assignment of claims whose liability and damages are not yet established. *Blue Ash Auto Body, Inc. v. Frank*, 190 N.E.3d 1180, 1182-84 (Ohio Ct. App. 2022) (assignment of individual's claim and/or proceeds she may be entitled to from her insurance and her tortfeasor was invalid because "liability had yet to be established and no settlement proceeds existed"); *Three-C Body Shops, Inc. v. Francois*, No. 19AP-471, 2020 WL 5821316, at *3 (Ohio Ct. App. Sept. 30, 2020) (finding assignment invalid where "there was no present right to any damages or proceeds at the time of the assignment"; "[t]here must be an existing and present determination of liability and right to damages" to permit assignment of a claim).

Here, SummaCare assigned a speculative contingent interest to MSP. (SummaCare Assignment at 3 (describing MSP's obligation to SummaCare as a "contingent payment").) At the time of assignment, there was no "existing and present determination of liability and right to damages." *See Three-C Body Shops*, 2020 WL 5821316, at *3. That is what will be determined at trial. For this reason alone, the SummaCare Assignment violates Ohio's prohibition on assignment of speculative claims for damages.

In sum, the ZHP Defendants' motion to amend is not futile, but rather plausibly suggests that the EmblemHealth Assignment violates New York law, and the SummaCare Assignment violates Ohio's prohibition on champerty and assignment of speculative contingent claims.

## II.     THE ZHP DEFENDANTS' PROPOSED AMENDMENT WOULD NOT UNDULY PREJUDICE PLAINTIFFS.

"[U]ndue prejudice is 'the touchstone for the denial of leave to amend.'" *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) (citation omitted).  As this Court has noted, and as relevant here, "[p]rejudice is generally evaluated by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; [or] (2) significantly delay the resolution of the dispute." *Venuto*, 2020 WL 998945, at *5-6 (citation omitted) (granting defendant's motion to amend its answer given it "will not significantly affect discovery").  The proposed amendment will not unduly prejudice plaintiffs because:  (1) no additional fact discovery is necessary for the defenses; and (2) it will not significantly delay resolution of this case.

***First***, addition of these defenses will not require plaintiffs to expend additional resources as the new defenses can be resolved "upon application to the existing facts." *Harrison Beverage Co.*, 133 F.R.D. at 469.  In *Harrison Beverage Co.*, the court granted defendants leave to amend and assert two new affirmative

defenses "on the eve of trial" after finding that "no further discovery" was needed for either claim and both were "ripe for trial." *Id.* at 469-70; *see also Schofield v. Trs. of Univ. of Pa.*, 894 F. Supp. 194, 196-97 (E.D. Pa. 1995) (permitting motion to amend complaint filed one month before trial to add two new claims given "no further discovery will be required" and "the evidence relevant to [an existing claim] would also apply to" the new claim, demonstrating no undue prejudice).

Here, no additional fact discovery is necessary to determine the applicability of New York and Ohio law concerning champerty and certain anti-assignment prohibitions. As a threshold matter, even if the ZHP Defendants had included these defenses in their original answer, discovery could not possibly have proceeded any differently since it was closed by the time that answer was filed in December 2023. Moreover, plaintiffs have all the necessary information to determine whether these assignments are champertous and have had it from the outset of this litigation—i.e., the agreement and plaintiffs' own internal understanding of MSP's decision to acquire these claims from EmblemHealth and SummaCare. Moreover, and as noted above, plaintiffs have been on notice concerning the nature of these defenses since April 2022.

**Second**, for much the same reason, this amendment will not delay resolution of this dispute. Indeed, the Third Circuit has condoned a district court's decision to permit a defendant to assert two new defenses in the face of plaintiff's argument that

13

it would have "delay[ed] the upcoming trial" on the ground that plaintiff's "fear [wa]s misplaced" because "the amendments address[ed] solely legal issues and require[d] minimal additional trial preparation." *Heyl*, 663 F.2d at 426 & n.5. And the Supreme Court itself has held that amendment should have been allowed even though discovery was closed where "the amendment would have done no more than state an alternative theory for recovery." *Foman*, 371 U.S. at 182. Since plaintiffs have been aware of and have had access to all relevant information to refute these defenses, there will be no undue delay in resolution. No further discovery is needed and these issues are ripe for trial. *Harrison Beverage Co.*, 133 F.R.D. at 470. Moreover, it is the ZHP Defendants' burden to establish that these assignments are champertous, *see Waters v. ShopRite Supermarkets, Inc.*, No. 2:10-cv-02986 (WJM), 2011 WL 6029248, at *3 (D.N.J. Dec. 5, 2011), and, as such, plaintiffs have no argument that these purely legal defenses have, if at all, substantially prejudiced their trial strategy and preparation. *See Heyl*, 663 F.2d at 426 & n.5.

## III.   THE ZHP DEFENDANTS HAVE NOT UNDULY DELAYED, ACTED IN BAD FAITH, OR ACTED WITH DILATORY MOTIVES IN MOVING TO AMEND.

As the Third Circuit has made clear, "[d]elay alone is not sufficient to justify denial of leave to amend." *Arthur*, 434 F.3d at 204. Rather, only undue delay that causes prejudice to the opposing party warrants denial. *Id.*; *see also Long*, 393 F.3d at 399, 401 (holding that the government did not need to "supply a compelling reason

for its [14-month] delay in asserting the three additional defenses in view of the absence of prejudice to the plaintiff"). For this reason, "[l]eave to amend a complaint should only be denied because of undue delay if the delay causes the non-moving party to be prejudiced." *Juul Labs*, 2020 WL 2029327, at *3 (quoting *Cincerella v. Egg Harbor Twp. Police Dep't*, No. 06-1183 RBK, 2007 WL 2682965, at *2 (D.N.J. Sept. 6, 2007)). Moreover, "amendments may be made during trial, after the close of testimony, or even after judgment." *Ajax Enters. v. Fay*, No. 04-4539 (NLH), 2007 WL 766335, at *2 (D.N.J. Mar. 7, 2007).

Here, as discussed above, there is no basis to suggest that plaintiffs will be unduly prejudiced by the proposed amendment. For this reason alone, the ZHP Defendants' delay, if any, cannot provide a basis for denial of leave to amend. In any event, even assuming there was delay, it was minor. The ZHP Defendants' answers and affirmative defenses were due just a few months ago, on December 7, 2023, per this Court's order. (*See* ECF 2546.) Lastly, there is no evidence that the ZHP Defendants have acted in bad faith or with dilatory motives; they are simply adding the defenses that were overlooked in December in an abundance of caution as they prepare for trial. *See Juul Labs*, 2020 WL 2029327, at *4 ([T]here generally must . . . be some extrinsic evidence to indicate that a litigant acted in bad faith before a motion to amend will be denied on this ground.") (citation omitted). "Simply failing to add a claim a party had prior knowledge of does not alone amount

15

to bad faith." *Diallo v. Alo Enters. Corp.*, No. 12-3762 (AET), 2013 WL 3772827, at *3 (D.N.J. July 17, 2013).  That precise situation applies here.

## IV.   THE ZHP DEFENDANTS HAVE NOT REPEATEDLY FAILED TO CURE DEFICIENCIES.

Finally, the ZHP Defendants have not repeatedly failed to cure deficiencies by amendments previously allowed.  *See Foman*, 371 U.S. at 182.  This is the ZHP Defendants' second motion to amend their answer.  The prior motion addressed a discrete factual error in the original answer concerning the respective corporate structure of ZHP and certain of its subsidiaries.  Thus, this is no basis to deny amendment either.

## CONCLUSION

For the foregoing reasons, the ZHP Defendants respectfully request that the Court grant the ZHP Defendants' second motion to amend their answer in order to add certain defenses that will require no additional discovery and are ripe for trial.

Dated: March 6, 2024                  Respectfully submitted,

By: */s/ Jessica Davidson*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jessica Davidson (NY Bar No. 6034748)
Allison M. Brown (NJ Bar No. 044992012)
One Manhattan West
New York, New York 10001
Phone: (212) 735-3222
Fax: (917) 777-3222
jessica.davidson@skadden.com
allison.brown@skadden.com

Nina R. Rose (DC Bar No. 975927)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 661-0525
nina.rose@skadden.com

*Attorneys for Zhejiang Huahai
Pharmaceutical Co., Ltd., Huahai U.S.,
Inc., Prinston Pharmaceutical Inc., and
Solco Healthcare U.S., LLC*

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on March 6, 2024, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will

send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ *Jessica Davidson*
Jessica Davidson (NY Bar No. 6034748)