# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| | Honorable Robert B. Kugler, District Court Judge |
| **This Document Relates to the TPP Trial Subclasses** | |

## TRIAL DEFENDANTS' REQUESTS FOR CHARGES TO THE JURY

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## <u>INTRODUCTORY STATEMENT</u>

Defendants Zhejiang Huahai Pharmaceutical Co.; Huahai U.S., Inc.; Prinston Pharmaceutical, Inc.; Solco Healthcare U.S. LLC; Teva Pharmaceuticals USA, Inc.; Actavis LLC, Actavis Pharma, Inc.; Torrent Pharmaceuticals, Ltd.; and Torrent Pharma Inc. (collectively, "defendants") respectfully submit the attached requests for charges to the jury.

By submitting these requested charges, defendants do not waive any defenses or arguments, nor do they concede that the class would be properly certified or triable even if a jury were instructed according to the charges set forth in this submission, or that there is any triable fact issue on any question pertaining to either liability or damages. Defendants believe that they are entitled to decertification and/or a take-nothing judgment on all claims.

Defendants reserve their rights to seek summary judgment, decertification, judgment as a matter of law, judgment notwithstanding the verdict, and any other appropriate relief before, during, or after trial. Defendants also reserve their rights to withdraw, amend, or add requested charges at all times in advance of their submission to the jury, or to request corrections to any charge (proposed or otherwise) after it is given to the jury.[1]

---

[1] By way of example, but without limiting the scope of defendants' reservation of rights, MSP has indicated that it is withdrawing its implied warranty claims, and defendants therefore have not proposed instructions on those claims.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Dated: March 14, 2024

Respectfully submitted,

By: */s/ Jessica Davidson*
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Jessica Davidson (NY Bar No. 6034748)
*Liaison Counsel for Manufacturer*
*Defendants*

Allison M. Brown (NJ Bar No. 044992012)
One Manhattan West
New York, New York 10001
Phone: (212) 735-3222
Fax: (917) 777-3222
jessica.davidson@skadden.com
allison.brown@skadden.com

Nina R. Rose (DC Bar No. 975927)
1440 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 371-7000
Fax: (202) 661-0525
nina.rose@skadden.com

*Attorneys for Zhejiang Huahai*
*Pharmaceutical Co., Ltd., Huahai U.S.,*
*Inc., Prinston Pharmaceutical Inc., and*
*Solco Healthcare U.S., LLC*

*/s/ Gregory E. Ostfeld*
Gregory E. Ostfeld
GREENBERG TRAURIG, LLP
Tiffany M. Andras

---

Should MSP reverse course, and in the event that the Court permits MSP to reinstate the claim notwithstanding its failure as a matter of law for the reasons set forth in defendants' briefing and over defendants' objection that any attempt to reinstate these claims would now be untimely and prejudice defendants' defense at trial, defendants will propose such charges.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
ostfeldg@gtlaw.com
andrast@gtlaw.com

Lori G. Cohen, Esq.
Victoria Davis Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Rd., NE, Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

> *Attorneys for Teva Pharmaceuticals USA, Inc., Actavis LLC, and Actavis Pharma, Inc.*

*/s/ Alexia R. Brancato*
Alexia R. Brancato
Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-5967
Fax: (212) 446-6460
alexia.brancato@kirkland.com
devora.allon@kirkland.com

*Attorneys for Defendants Torrent Pharmaceuticals Ltd. and Torrent Pharma, Inc.*

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

# **TABLE OF CONTENTS**

Page

**INTRODUCTORY STATEMENT** ........................................................................ **i**

**TABLE OF CONTENTS**........................................................................**iv**

**I.    PRELIMINARY INSTRUCTIONS**........................................................**1**

Instruction No. 1.    3d Cir. Model Civ. Jury Instructions 1.1 (Introduction; Role of Jury) .................................... 1

Instruction No. 2.    N.J. Model Civ. Jury Charge 1.10F (Introduction of Parties and Counsel) ..................... 2

Instruction No. 3.    Judicial Council of California Civil Jury Instruction 103 (Multiple Parties) ........................... 5

Instruction No. 4.    3d Cir. Model Civ. Jury Instructions 1.2 (Description of Case; Summary of Applicable Law) ........................................................................ 6

Instruction No. 5.    Sources Cited (Definition of Terms) ........................ 9

Instruction No. 6.    3d Cir. Model Civ. Jury Instructions 1.3 (Conduct of the Jury)............................................ 12

Instruction No. 7.    N.J. Model Civ. Jury Charge 1.12P (No Prejudice, Passion, Bias or Sympathy)................... 15

Instruction No. 8.    3d Cir. Model Civ. Jury Instructions 1.4 (Bench Conferences) ............................................ 16

Instruction No. 9.    3d Cir. Model Civ. Jury Instructions 1.5 (Evidence) ........................................................... 17

Instruction No. 10.    Fla. Std. Jury Instruction 301.12 (2021) (Redacted Documents).......................................... 19

Instruction No. 11.    3d Cir. Model Civ. Jury Instructions 1.6 (Direct and Circumstantial Evidence) ................... 20

Instruction No. 12.    3d Cir. Model Civ. Jury Instructions 1.7 (Credibility of Witnesses) ...................................... 21

Instruction No. 13.    3d Cir. Model Civ. Jury Instructions 2.11 (Opinion Testimony)............................................ 23

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Instruction No. 14.      N.J. Model Civ. Jury Charge 1.12P (Hypothetical Questions) ......................................... 24

Instruction No. 15.      3d Cir. Model Civ. Jury Instructions 2.12 (Foreign Language Testimony or Audio Recording) .............................................................. 25

Instruction No. 16.      3d Cir. Model Civ. Jury Instructions 1.8 (Jury Questions for Witnesses) ....................................... 26

Instruction No. 17.      3d Cir. Model Civ. Jury Instructions 1.9 (Note-Taking by Jurors) .................................................. 27

Instruction No. 18.      3d Cir. Model Civ. Jury Instructions 1.10 (Preponderance of the Evidence) .......................... 30

Instruction No. 19.      3d Cir. Model Civ. Jury Instructions 1.11 (Clear and Convincing Evidence) ....................... 32

Instruction No. 20.      *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) (Proof of Class Claims) ............................ 33

Instruction No. 21.      3d Cir. Model Civ. Jury Instructions 1.12 (Description of Trial Proceedings) ........................ 34

**II.    GENERAL INSTRUCTIONS FOR USE DURING TRIAL ..................36**

Instruction No. 22.      3d Cir. Model Civ. Jury Instructions 2.1 (Impeachment of Witness's Character for Truthfulness) ............................................................. 36

Instruction No. 23.      3d Cir. Model Civ. Jury Instructions 2.4 (Stipulation of Fact) ............................................... 37

Instruction No. 24.      3d Cir. Model Civ. Jury Instructions 2.8 (Charts and Summaries Not Admitted in Evidence) ................................................................. 38

Instruction No. 25.      3d Cir. Model Civ. Jury Instructions 2.9 (Striking Evidence) ................................................ 39

Instruction No. 26.      3d Cir. Model Civ. Jury Instructions 2.10 (Evidence Admitted for a Limited Purpose) ........... 40

Instruction No. 27.      3d Cir. Model Civ. Jury Instructions 2.14 (Recess Admonition) ............................................ 41

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**III.    LIABILITY** .................................................................................**42**

**A.    MSP's Theory of Worthlessness** .............................................**42**

Instruction No. 28.        Worthlessness Theory ............................. 42

**B.    MSP's Assignments** ..................................................................**44**

Instruction No. 29.        Assignments: Overview ........................... 44

**1.    EmblemHealth's Assignment** ...........................................**46**

Instruction No. 30.        Sources Cited (Assignment) ................... 46

**2.    SummaCare's Assignment** ..................................................**47**

Instruction No. 31.        Sources Cited (Assignment) ................... 47

**3.    MSP's Right to Sue on Any Assignment** ...........................**48**

Instruction No. 32.        Del. Civ. Pattern Jury Instrs. § 19.21 (Third-Party Beneficiaries) ............................... 48

**4.    Whether MSP's Claimed Assignments Are Void** .............**50**

Instruction No. 33.        Sources Cited (Champerty) .................... 50

Instruction No. 34.        Sources Cited (Champerty—Primary Purpose Defined) ................................... 51

Instruction No. 35.        Sources Cited (Champerty) .................... 52

Instruction No. 36.        Sources Cited (Assignment Validity) ..................... 53

**C.    Overview of Plaintiffs' Claims** ...............................................**54**

Instruction No. 37.        Overview ................................................. 54

**D.    Express Warranty** ....................................................................**55**

**1.    Alabama** ................................................................................**55**

Instruction No. 38.        2 Ala. Pattern Jury Instr. Civ. 32.18 (3d ed.) (Breach of Warranty – Express Warranty – Elements) ............................... 55

Instruction No. 39.        2 Ala. Pattern Jury Instr. Civ. 32.19 (3d ed.) (Breach of Warranty – Express Warranty – Definition) ................................ 57

Instruction No. 40.        Sources Cited (Breach of Warranty – Causation – Definition) ......................... 58

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Instruction No. 41.    Sources Cited (Breach of Warranty – Notice – Definition) .............................................................. 59

**2.    Arkansas ................................................................ 60**

Instruction No. 42.    2 Ark. Model Jury Instr., Civ. AMI 1012 (Products Liability – Issues – Breach of Express Warranty) ............................................... 60

**3.    Florida ................................................................ 63**

Instruction No. 43.    1 Fla. Std. Jury Instr. § 403.4 (2015) (Breach of Warranty – Express Warranty – Elements) ......... 63

**4.    Georgia ................................................................ 65**

Instruction No. 44.    Sources Cited (Breach of Warranty – Express Warranty – Elements) ........................................... 65

**5.    Mississippi ................................................................ 67**

Instruction No. 45.    Miss. Plain Lang. Model Jury Instr. Civil § 3604 (Express Warranty – Elements) ..................... 67

**6.    Montana ................................................................ 69**

Instruction No. 46.    Sources Cited (Express Warranty – Elements) ....... 69

Instruction No. 47.    Mont. Pattern Civ. Jury Instr. 14.01 (Warranty – Express Warranty (General)) ............................... 70

Instruction No. 48.    Mont. Pattern Civ. Jury Instr. 14.02 (Warranty – Express Warranty (Formal Words Not Required)) .............................................................. 71

Instruction No. 49.    Mont. Pattern Civ. Jury Instr. 14.03 (Warranty – Express Warranty (Statement of Opinion)) .......... 72

Instruction No. 50.    Mont. Pattern Civ. Jury Instr. 14.04 (Warranty – Express Warranty (Buyer's Examination of Goods)) ................................................................. 73

Instruction No. 51.    Mont. Pattern Civ. Jury Instr. 14.12 (Warranty – Notice of Breach) ............................................... 74

**7.    Nebraska ................................................................ 75**

Instruction No. 52.    Nebraska Jury Instructions (NJI) 2d Civ. 11.40 (Breach of Express Warranty – Burden of Proof) ................................................................... 75

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Instruction No. 53.    Nebraska Jury Instructions (NJI) 2d Civ. 11.41 (Express Warranty Defined)................................... 77

Instruction No. 54.    Nebraska Jury Instructions (NJI) 2d Civ. 11.45 (Notice of Breach of Warranty)............................. 78

**8.    Nevada ................................................................................79**

Instruction No. 55.    1 Nevada Pattern Jury Instructions Civil 7.9 (Breach of Warranty in General)............................ 79

Instruction No. 56.    1 Nevada Pattern Jury Instructions Civil 7.10 (Causation in General).......................................... 80

Instruction No. 57.    1 Nevada Pattern Jury Instructions Civil 7.12 (Definition of Express Warranty) ......................... 81

Instruction No. 58.    1 Nevada Pattern Jury Instructions Civil 7.16 (Notice of a Breach of Warranty) ......................... 83

**9.    New Hampshire...................................................................84**

Instruction No. 59.    Sources Cited (Express Warranty – Elements) ....... 84

Instruction No. 60.    1 New Hampshire Civil Jury Instruction 23.10, 23.12, 23.13 (2022) (Warranty – Definition).......... 85

Instruction No. 61.    1 New Hampshire Civil Jury Instruction 23.11 (2022) (Notice of Breach)................................... 86

**10.    New York.............................................................................87**

Instruction No. 62.    New York Civil Pattern Jury Instructions (NY PJI) 2:140 (Manufacturer's Liability for Breach of Express Warranty) ................................. 87

Instruction No. 63.    New York Civil Pattern Jury Instructions (NY PJI) 2:70 (Proximate Cause – in General).............. 89

**11.    North Carolina ...................................................................90**

Instruction No. 64.    Sources Cited (Express Warranty – Elements) ....... 90

Instruction No. 65.    N.C. Pattern Jury Instr. - Civ. 741.05 (Issue of Existence of Express Warranty) ............................ 91

Instruction No. 66.    N.C. Pattern Jury Instr. - Civ. 741.10 (Warranties in Sales of Goods—Issue of Breach of Express Warranty) ................................. 92

Instruction No. 67.    Sources Cited (Express Warranty—Notice) ........... 93

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**12.    Ohio** ..........................................................................................**94**

    Instruction No. 68.    Sources Cited (Express Warranty – Elements) ....... 94

    Instruction No. 69.    1 OJI-CV 505.11 (Express Warranties) .................. 95

**13.    Oregon** ......................................................................................**98**

    Instruction No. 70.    UCJI No. 67.03 (Breach of Express Warranty) ...... 98

    Instruction No. 71.    UCJI No. 67.02 (Breach of Express Warranty) ...... 99

**14.    Rhode Island** ........................................................................**100**

    Instruction No. 72.    Sources Cited (Express Warranty – Elements) ......100

    Instruction No. 73.    RIJIC § 2007 (Breach of Express Warranty) .........102

    Instruction No. 74.    RIJIC § 2010.1 (Notice).........................................103

**15.    South Carolina** ....................................................................**104**

    Instruction No. 75.    Anderson, S.C. Requests to Charge - Civil, § 32-33 (Products Liability - Breach of Warranty – Elements)...........................................................104

**16.    Texas** ......................................................................................**106**

    Instruction No. 76.    Sources Cited (Breach of Warranty – Elements)..............................................................106

    Instruction No. 77.    Tex. Civ. PJC § 102.9 (Express Warranty—Goods or Services (DTPA § 17.50(a)(2); Tex. UCC § 2.313)) ......................................................107

    Instruction No. 78.    Tex. Civ. PJC § 70.2 (Express Warranty—Goods or Services (DTPA § 17.50(a)(2); Tex. UCC § 2.313)) ......................................................108

    Instruction No. 79.    Source Cited (Express Warranty—Manifestation) ......................................................109

**17.    Utah** ......................................................................................**110**

    Instruction No. 80.    MUJI 2d CV1029 (Breach of Warranty. Elements of Claim. (Tort))....................................110

    Instruction No. 81.    MUJI 2d CV1024 (Breach of Warranty. Creation of an Express Warranty) ........................112

    Instruction No. 82.    MUJI 2d CV1025 (Breach of Warranty. Description of Goods.)..........................................113

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Instruction No. 83.    MUJI 2d CV1026 (Breach of Warranty. What Is Not Required to Create an Express Warranty).................................................................114

Instruction No. 84.    MUJI 2d CV1027 (Breach of Warranty. Objective Standard to Create an Express Warranty.).............................................................115

Instruction No. 85.    MUJI 2d CV1041 (Breach of Warranty. Notice of Breach.).........................................................116

**18.    Vermont................................................................................117**

Instruction No. 86.    Sources Cited (Express Warranty – Elements)......117

Instruction No. 87.    Sources Cited (Express Warranty – Definition).....118

Instruction No. 88.    Sources Cited (Express Warranty – Notice of Breach).................................................................119

**19.    Wisconsin ...........................................................................120**

Instruction No. 89.    Wis JI-Civ. § 3220 (Express Warranty – Elements)...............................................................120

**20.    Wyoming ............................................................................123**

Instruction No. 90.    Sources Cited (Express Warranty – Elements)......123

Instruction No. 91.    WCPJI Civ. § 13.01 (Express Warranties Involving Transactions in Goods Covered by the Uniform Commercial Code)............................124

Instruction No. 92.    WCPJI Civ. § 13.06 (Notice of Breach of Warranty Under Uniform Commercial Code) .......125

**E.    Intentional Misrepresentation ................................................126**

**1.    Alaska ................................................................................126**

Instruction No. 93.    Alaska Pattern Jury Instr. Civ. 17.01 (2010) (Intentional Misrepresentation)..............................126

Instruction No. 94.    Alaska Pattern Jury Instr. Civ. 17.02 (2010) (Knowledge That a Statement Is False or Misleading).........................................................127

Instruction No. 95.    Alaska Pattern Jury Instr. Civ. 17.03 (2010) (Justifiable Reliance) ............................................128

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Instruction No. 96.        Alaska Pattern Jury Instr. Civ. 3.07 (2010)
                           (Substantial Factor)................................................129

**2.    Arkansas**................................................................................**130**

Instruction No. 97.        Ark. Model Jury Instrs. - Civil (AMI) 402
                           (Intentional Misrepresentation)...........................130

**3.    Colorado**...............................................................................**132**

Instruction No. 98.        CJI-Civ 19:1 (False Representation – Elements
                           of Liability) ..........................................................132

Instruction No. 99.        CJI-Civ 19:3 (False Representation – Defined).....134

Instruction No. 100.       CJI-Civ 19:15 (Statements of Opinion as False
                           Representations) ...................................................135

Instruction No. 101.       CJI-Civ 19:14 (Statements of Law as False
                           Representations) ...................................................136

Instruction No. 102.       CJI-Civ 19:4 (Material Fact – Defined) ...............137

Instruction No. 103.       CJI-Civ 19:7 (False Representation – Reliance
                           – Defined)..............................................................138

Instruction No. 104.       CJI-Civ 19:8 (Justifiable Reliance on False
                           Representation – Defined) ...................................139

**4.    District of Columbia** ........................................................**140**

Instruction No. 105.       1 Civil Jury Instrs. for D.C. § 20.01
                           (Fraudulent Misrepresentation – Elements of
                           Liability).................................................................140

Instruction No. 106.       1 Civil Jury Instrs. for D.C. § 20.02
                           (Fraudulent Misrepresentation – Elements
                           Defined)..................................................................142

Instruction No. 107.       1 Civil Jury Instrs. for D.C. § 20.08
                           (Fraudulent Misrepresentation – Reliance on
                           Actionability of Misrepresentation) .....................145

Instruction No. 108.       1 Civil Jury Instrs. for D.C. § 20.07
                           (Fraudulent Misrepresentation – Reliance on
                           Actionability of Misrepresentation) .....................146

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**5.    Florida** ...................................................................................**147**

    Instruction No. 109.    1 Florida Standard Jury Instructions in Civil Cases § 409.7 (2020) (Fraudulent Misrepresentation – Elements of Liability) ...........147

    Instruction No. 110.    1 Florida Standard Jury Instructions in Civil Cases § 409.5 (2020) (Material Fact) ...................149

    Instruction No. 111.    1 Florida Standard Jury Instructions in Civil Cases § 409.6 (2020) (Legal Cause) .....................150

**6.    Idaho** .....................................................................................**151**

    Instruction No. 112.    IDJI § 4.60 (Fraud – Issues (Contracts)) ...............151

    Instruction No. 113.    Sources Cited (Materiality) ...................................153

    Instruction No. 114.    IDJI § 2.30.1 (Proximate Cause – "But For" Test) ...................................................................154

**7.    Iowa** ......................................................................................**155**

    Instruction No. 115.    Iowa J.I. Civ. § 810.1 (Fraudulent Misrepresentation – Essentials for Recovery) .......155

    Instruction No. 116.    Iowa J.I. Civ. § 810.3 (Fraudulent Misrepresentation – Definition of Representation) ....................................................156

    Instruction No. 117.    Iowa J.I. Civ. § 810.4 (Fraudulent Misrepresentation – Material – Definition) ...........157

    Instruction No. 118.    Iowa J.I. Civ. § 810.5 (Fraudulent Misrepresentation – Knowledge of Falsity (Scienter) – Definition) .........................................158

    Instruction No. 119.    Iowa J.I. Civ. § 810.6 (Fraudulent Misrepresentation - Definition Of Intent To Deceive) ............................................................159

    Instruction No. 120.    Iowa J.I. Civ. § 810.7 (Fraudulent Misrepresentation – Intent to Deceive – Persons Affected) ..................................................160

    Instruction No. 121.    Iowa J.I. Civ. § 810.8 (Fraudulent Misrepresentation – Reliance – Generally) ...........161

Case 1:19-md-02875-RMB-SAK    Document 2680    Filed 03/14/24    Page 14 of 432
PageID: 99534
Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Instruction No. 122.    Iowa J.I. Civ. § 810.9 (Fraudulent
Misrepresentation - Reliance - Opinion) ..............162

Instruction No. 123.    Iowa J.I. Civ. § 810.10 (Fraudulent
Misrepresentation - Reliance - Opinion) ..............163

**8.    Louisiana .................................................................................164**

Instruction No. 124.    Sources Cited (Intentional Misrepresentation –
Elements)..............................................................164

**9.    Massachusetts.........................................................................166**

Instruction No. 125.    Mass. Super. Ct. Civ. Practice Jury Instrs. §
20.1 (Intentional Misrepresentation –
Elements)..............................................................166

Instruction No. 126.    Mass. Super. Ct. Civ. Practice Jury Instrs. §
20.1.1 (Subject of Misrepresentation – False
Statement of Fact)................................................168

Instruction No. 127.    Mass. Super. Ct. Civ. Practice Jury Instrs. §
20.1.2 (Subject of Misrepresentation – False
Statement Regarding Opinion)..............................169

Instruction No. 128.    Mass. Super. Ct. Civ. Practice Jury Instrs. §
20.1.3 (False Statement – Half-Truths, Silence,
and Statements and Conduct Calculated to
Mislead)................................................................170

Instruction No. 129.    Mass. Super. Ct. Civ. Practice Jury Instrs. §
20.1.4 (Subject of Misrepresentation—
Materiality of Statement) .....................................171

Instruction No. 130.    Mass. Super. Ct. Civ. Practice Jury Instrs. §
20.1.5 (Knowledge of Falsity, or Willful
Disregard of Truth or Falsity) ..............................172

Instruction No. 131.    Mass. Super. Ct. Civ. Practice Jury Instrs. §
20.1.6 (Intention that Plaintiff Would Rely
upon False Statement)..........................................173

Instruction No. 132.    Mass. Super. Ct. Civ. Practice Jury Instrs. §
20.1.7 (Intention that Plaintiff Would Rely
upon False Statement)..........................................174

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**10.   Minnesota** ...................................................................................**176**

Instruction No. 133.    CIVJIG 57.10 (Fraud and Misrepresentation) .......176

Instruction No. 134.    CIVJIG 57.15 (Fraud – Reasonable Reliance) ......178

**11.   New Jersey** ................................................................................**179**

Instruction No. 135.    N.J. Model Civ. Jury Charge 3.30E (Fraud –
Deceit) ...................................................................179

**12.   New York** ...................................................................................**181**

Instruction No. 136.    NY PJI 3:20 (Intentional Torts – Fraud and
Deceit) ...................................................................181

Instruction No. 137.    NY PJI 3:20.1 (Intentional Torts – Fraud and
Deceit) ...................................................................183

**13.   North Carolina** ........................................................................**184**

Instruction No. 138.    N.C.P.I. Civ. § 800.00 (Fraud) ..............................184

**14.   North Dakota** ...........................................................................**186**

Instruction No. 139.    Sources Cited (Deceit – Elements) ........................186

Instruction No. 140.    Sources Cited (Deceit – Definition) ......................187

**15.   Ohio** ...........................................................................................**188**

Instruction No. 141.    1 OJI CV 449.01 (2023) (Deceit – Elements) .......188

**16.   Oklahoma** .................................................................................**191**

Instruction No. 142.    OUJI-CV § 18.1 (False Representation –
Elements of Liability) ...........................................191

Instruction No. 143.    OUJI-CV § 18.3 (False Representation –
Defined) ................................................................192

Instruction No. 144.    OUJI-CV § 18.4 (Material Fact – Defined) ...........193

Instruction No. 145.    OUJI-CV § 18.5 (Duty to Disclose) ......................194

**17.   Puerto Rico** ..............................................................................**195**

Instruction No. 146.    Sources Cited (Intentional Misrepresentation –
Elements) ...............................................................195

**18.   Rhode Island** ...........................................................................**197**

Instruction No. 147.    R.I. Jury Instrs. Civ. § 2501.1 (False
Representation – Elements of Liability) ...............197

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Instruction No. 148.    R.I. Jury Instrs. Civ. § 2507.1 (Misrepresentation Defined) .................................198

Instruction No. 149.    R.I. Jury Instrs. Civ. § 2507.3 (Material Fact Defined).................................................199

Instruction No. 150.    R.I. Jury Instrs. Civ. § 2507.4 (Reasonable Reliance Defined)........................................200

**19.    South Dakota**..................................................................**201**

Instruction No. 151.    Source Cited (Intentional Misrepresentation – Elements of Liability)...........................................201

Instruction No. 152.    S.D. Cod. L. § 20-10-2 (Intentional Misrepresentation – Definition of Deceit).............202

**20.    Vermont**..........................................................................**203**

Instruction No. 153.    Source Cited (Intentional Misrepresentation – Elements of Liability)...........................................203

**21.    Virginia**..........................................................................**204**

Instruction No. 154.    1 Va. Model Jury Instrs. – Civ. Instr. No. 39.110 (2023) (Finding Instruction Common Law: Actual and Constructive Fraud) ...................204

Instruction No. 155.    1 Va. Model Jury Instrs. – Civ. Instr. No. 39.010 (2023) (Definition of Misrepresentation)................................................205

Instruction No. 156.    1 Va. Model Jury Instrs. – Civ. Instr. No. 39.020 (2023) (Definition of Material Fact)..........206

Instruction No. 157.    1 Va. Model Jury Instrs. – Civ. Instr. No. 39.030 (2023) (Definition of Reliance)................207

Instruction No. 158.    1 Va. Model Jury Instrs. – Civ. Instr. No. 39.060 (2023) (Fact Versus Opinion)....................208

Instruction No. 159.    1 Va. Model Jury Instrs. – Civ. Instr. No. 39.080 (2023) (Fact Versus Opinion)....................209

**22.    Washington** ....................................................................**210**

Instruction No. 160.    WPI 160.04 (Fraud—Burden of Proof on the Issues)...............................................................210

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

23.  **Wyoming** ................................................................**212**

Instruction No. 161.     Wyo. Civ. Pattern Jury Instrs. § 17.01
(Fraud/Intentional Misrepresentation –
Elements)....................................................212

Instruction No. 162.     Wyo. Civ. Pattern Jury Instrs. § 17.04
(Justifiable Reliance – Defined)..........................213

F.  **Consumer Protection** ................................................**214**

1.  **Alaska** ................................................................**214**

Instruction No. 163.     Alaska Pattern Jury Instr. Civ. 10.01B
(Elements of a Consumer Protection Act Claim
Under AS 45.50.531(a) Based on a Provision
of AS 43.40.471(b)).........................................214

Instruction No. 164.     Alaska Pattern Jury Instr. Civ. 10.02 ("Trade or
Commerce" Defined)........................................215

Instruction No. 165.     Alaska Pattern Jury Instr. Civ. 10.04
("Ascertainable Loss" Defined) ..........................216

2.  **Arizona** ................................................................**217**

Instruction No. 166.     RAJI (CIVIL) 7th Commercial Torts 21,
Consumer Fraud (Elements of Claim)..................217

3.  **California** ................................................................**218**

Instruction No. 167.     Sources Cited (Unfair Competition Law –
Elements)....................................................218

4.  **Connecticut** ................................................................**219**

Instruction No. 168.     Conn. Judicial Branch Civ. Jury Instrs. § 5.2-1
(Connecticut Unfair Trade Practices Act –
Elements)....................................................219

Instruction No. 169.     Conn. Judicial Branch Civ. Jury Instrs. § 5.2-2
(Trade or Commerce)......................................220

Instruction No. 170.     Conn. Judicial Branch Civ. Jury Instrs. § 5.2-7
(Deceptive Act or Practice)...............................221

Instruction No. 171.     Conn. Judicial Branch Civ. Jury Instrs. § 5.2-9
(CUTPA – Ascertainable Loss) ..........................222

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**5.    Florida** ...................................................................................**223**

    Instruction No. 172.    1 Fla. Std. Jury Instrs. in Civ. Cases §
                            416.50(a) (Florida Deceptive and Unfair Trade
                            Practices Act ("FDUTPA")) ...................................223

    Instruction No. 173.    1 Fla. Std. Jury Instrs. in Civ. Cases §
                            416.50(b) (Florida Deceptive and Unfair Trade
                            Practices Act ("FDUTPA")—Legal Cause)...........225

**6.    Hawaii**....................................................................................**226**

    Instruction No. 174.    1 Haw. Std. Civ. Jury Instr. No. 19.1
                            (Elements) ..............................................................226

    Instruction No. 175.    1 Haw. Std. Civ. Jury Instr. Nos. 19.3, 19.4
                            (Definition of Unfair or Deceptive Act or
                            Practice)..................................................................227

    Instruction No. 176.    1 Haw. Std. Civ. Jury Instr. No. 19.5
                            (Definition of Trade or Commerce) ......................228

    Instruction No. 177.    Source Cited (Definition of Unfair Method of
                            Competition)...........................................................229

    Instruction No. 178.    1 Haw. Std. Civ. Jury Instr. No. 7.1 (Definition
                            of Trade or Commerce)..........................................230

**7.    Illinois** ...................................................................................**231**

    Instruction No. 179.    Sources Cited (Deceptive or Unfair Trade
                            Practices – Elements)............................................231

**8.    Louisiana** ...............................................................................**232**

    Instruction No. 180.    Sources Cited (Louisiana Unfair Trade
                            Practices Act – Elements) .....................................232

**9.    Missouri** .................................................................................**233**

    Instruction No. 181.    Mo. Approved Jury Instrs. – Civ. (MAI) 39.01
                            (Verdict Directing—Violation of Missouri
                            Merchandising Practices Act) ...............................233

**10.    Nebraska**................................................................................**234**

    Instruction No. 182.    Sources Cited (Unfair and Deceptive Acts or
                            Practices – Elements)............................................234

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**11.   New York**.......................................................................**235**

Instruction No. 183.   NY PJI 3:20.2; General Business Law § 349 (Deceptive Acts – Elements)................235

**12.   North Carolina**...........................................................**237**

Instruction No. 184.   N.C.P.I. - Civil 813.05 (Deceptive Acts – Elements)................................................237

**13.   North Dakota**.............................................................**239**

Instruction No. 185.   Sources Cited (Deceptive Act or Practice – Elements)................................................239

**14.   Oklahoma** ...................................................................**240**

Instruction No. 186.   Source Cited (Consumer Protection Act – Elements)................................................240

Instruction No. 187.   Sources Cited (Aggrieved Consumer – Definition) ................................................241

Instruction No. 188.   Okla. Stat., tit. 15, § 753 (Unlawful Practices – Definition) ............................................242

Instruction No. 189.   Source Cited (Injury– Definition) ........................243

**15.   Oregon** .......................................................................**244**

Instruction No. 190.   Or. UCJI No. § 43.01 (Unlawful Trade Practice – Elements)................................................244

Instruction No. 191.   Or. UCJI No. § 43.02 (Unlawful Trade Practice Act – Ascertainable Loss) ....................................245

**16.   Pennsylvania** .............................................................**246**

Instruction No. 192.   Sources Cited (UTPCPL – Elements) ..................246

Instruction No. 193.   Source Cited (Materiality) ....................................247

Instruction No. 194.   Source Cited (Proximate Cause) ..........................248

**17.   Washington** ................................................................**249**

Instruction No. 195.   WPI 310.01 (Elements of a Violation of the Consumer Protection Act)......................................249

Instruction No. 196.   WPI 310.02 (Elements of a Violation of the Consumer Protection Act)......................................250

Instruction No. 197.   WPI 310.04 (Public Interest Element) ..................251

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

| Instruction No. 198. | WPI 310.06 (Injury in Consumer Protection Act Claim) | 252 |
| Instruction No. 199. | WPI 310.07 (Causation in Consumer Protection Act Claim) | 253 |
| Instruction No. 200. | WPI 310.08 (Definition—Unfair or Deceptive Act or Practice) | 254 |
| Instruction No. 201. | WPI 310.09 (Definition—Trade or Commerce) | 255 |

**IV. DEFENSES** .......... **256**

**A. Statute of Limitations—Express Warranty (Multiple States)** .......... **256**

| Instruction No. 202. | Alabama Pattern Jury Instr. § 8.02 (Statute of Limitations) | 256 |

**B. State of the Art (Louisiana)** .......... **258**

| Instruction No. 203. | Sources Cited (State of the Art) | 258 |

**V. DAMAGES** .......... **259**

**A. Overview** .......... **259**

| Instruction No. 204. | N.J. Model Civ. Jury Charge 1.10F (Damages – General) | 259 |
| Instruction No. 205. | Sources Cited (Compensatory Damages – Expert Evidence Required) | 260 |
| Instruction No. 206. | MUJI 2d Civ. CV2140 (Damages. Reasonable Certainty) | 261 |

**B. Express-Warranty Damages** .......... **262**

**1. Alabama** .......... **262**

| Instruction No. 207. | Sources Cited (Breach of Warranty – Express Warranty – Damages) | 262 |

**2. Arkansas** .......... **263**

| Instruction No. 208. | Ark. Model Jury Instr., Civ. AMI 2520 (Buyer's Damages for Accepted Goods – Breach of Warranty) | 263 |

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**3.    Florida** ...............................................................................................**264**

    Instruction No. 209.    1 Fla. Std. Jury Instrs. in Civ. Cases § 504.2
        (Breach of Contract Damages) ..............................264

**4.    Georgia** ..............................................................................................**265**

    Instruction No. 210.    1 Ga. Jury Inst. § 18.052 (Damages) ....................265

**5.    Mississippi** ........................................................................................**266**

    Instruction No. 211.    Miss. Model Jury Instrs., Civ. § 10:41
        (Damages—Breach of Contract—Factors to
        Consider) ................................................................266

**6.    Montana** ............................................................................................**267**

    Instruction No. 212.    Sources Cited  (Warranty – Damages) .................267

**7.    Nebraska** ...........................................................................................**268**

    Instruction No. 213.    1 NJI 2d Civ. 4.40  (General Instruction on
        Damages for Breach of Contract) .........................268

**8.    Nevada** ...............................................................................................**269**

    Instruction No. 214.    1 Nev. Pattern Jury Instrs. Civ. 13.45
        (Damages: Measure of Damages) .........................269

**9.    New Hampshire** ...............................................................................**271**

    Instruction No. 215.    1 N.H. Civ. Jury Instrs. 32.41 (Damages—
        General) .................................................................271

**10.   North Carolina** ................................................................................**272**

    Instruction No. 216.    N.C. Pattern Jury Inst. - Civ. 741.60
        (Warranties in Sales of Goods—Remedy for
        Breach of Warranty Where Accepted Goods
        Retained—Damages) .............................................272

**11.   New York** ..........................................................................................**274**

    Instruction No. 217.    Sources Cited (Damages) .....................................274

**12.   Ohio** ...................................................................................................**275**

    Instruction No. 218.    1 OJI-CV 505.45 (Buyer's Damages for
        Breach of Warranty of Accepted Goods R.C.
        1302.88(B)) ...........................................................275

Case 1:19-md-02875-RMB-SAK    Document 2680    Filed 03/14/24    Page 22 of 432
PageID: 99542
Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**13.  Oregon** ...................................................................................**276**

Instruction No. 219.  Sources Cited (Damages)....................................276

**14.  Rhode Island** .........................................................................**277**

Instruction No. 220.  R.I. Jury Instrs. Civ. § 10101 (Consequential
Damages – Generally) ..........................................277

**15.  South Carolina** .....................................................................**278**

Instruction No. 221.  SC JI Civ. § 32-40 (Products Liability - Breach
of Warranty - Damages)........................................278

**16.  Texas**......................................................................................**279**

Instruction No. 222.  Tex. PJC 115.4 (Sample Instructions on Direct
and Incidental Damages—Contracts)....................279

**17.  Utah** ......................................................................................**280**

Instruction No. 223.  MUJI 2d Civ. CV2135 (Expectation Damages
– General)............................................................280

Instruction No. 224.  MUJI 2d Civ. CV2141 (Damages.  Nominal.) ......281

**18.  Wisconsin** .............................................................................**282**

Instruction No. 225.  WIS JI-CIVIL JI-3735 (Damages: Loss of
Expectation) .......................................................282

**19.  Wyoming** ..............................................................................**283**

Instruction No. 226.  WCPJI Civ. § 13.08 (Damages Recoverable
for Breach of Warranty under Uniform
Commercial Code)...............................................283

**C.  Intentional-Misrepresentation Damages**.........................................**284**

**1.  Alaska** ...................................................................................**284**

Instruction No. 227.  Source Cited (Actual Damages)...........................284

**2.  Arkansas** ...............................................................................**285**

Instruction No. 228.  1 Jury Instructions in Commercial Litigation §
17.03 (Actual Damages) .......................................285

**3.  Colorado** ...............................................................................**286**

Instruction No. 229.  CJI-Civ 19:17 (Actual Damages)..........................286

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**4.    District of Columbia** ................................................**287**

Instruction No. 230.    1 Civil Jury Instructions for DC § 12.01
(Actual Damages).................................287

**5.    Florida** ...........................................................**288**

Instruction No. 231.    Source Cited (Actual Damages)...........................288

**6.    Idaho** ............................................................**289**

Instruction No. 232.    Source Cited (Damages) ......................................289

**7.    Iowa** .............................................................**290**

Instruction No. 233.    Source Cited (Damages) ......................................290

**8.    Massachusetts** ...................................................**291**

Instruction No. 234.    Mass. Super. Ct. Model Jury Instrs. (Tort—
Misrepresentation)................................291

**9.    Minnesota** .......................................................**292**

Instruction No. 235.    4 Minn. Prac., Jury Instr. Guides—Civ.
CIVJIG 57.25 (6th ed.) (Fraud and
Misrepresentation—Damages)............................292

**10.    New Jersey** ......................................................**293**

Instruction No. 236.    Source Cited (Actual Damages)...........................293

**11.    New York** ........................................................**294**

Instruction No. 237.    N.Y. PJI 3:20 (Intentional Torts—Fraud and
Deceit)................................294

**12.    North Carolina** .................................................**295**

Instruction No. 238.    N.C.P.I. Civ. § 800.007 (Fraud: Damages)............295

**13.    North Dakota** ....................................................**297**

Instruction No. 239.    Source Cited (Fraud: Damages) ...........................297

**14.    Ohio** ............................................................**298**

Instruction No. 240.    Source Cited (Fraud: Damages) ...........................298

**15.    Oklahoma** ........................................................**299**

Instruction No. 241.    OUJI-CIV 18.12 (2d ed.) (Actual Damages for
Deceit)................................299

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**16.  Puerto Rico** ....................................................................**300**

    Instruction No. 242.    Source Cited (Fraud Damages) .............................300

**17.  Rhode Island** ..................................................................**301**

    Instruction No. 243.    Source Cited (Damages) ......................................301

**18.  South Dakota** ................................................................**302**

    Instruction No. 244.    Sources Cited (Damages).....................................302

**19.  Vermont** ........................................................................**303**

    Instruction No. 245.    Sources Cited (Damages)....................................303

**20.  Virginia** .........................................................................**304**

    Instruction No. 246.    Virginia Model Jury Instructions - Civil
        Chapter 39 (Damages) ...........................................304

**21.  Washington** ...................................................................**305**

    Instruction No. 247.    Source Cited (Intentional Misrepresentation:
        Damages)................................................................305

**22.  Wyoming** .......................................................................**306**

    Instruction No. 248.    Wyo. Civ. Pattern Jury Instrs. § 17.02 (2024
        ed.) (Fraud Damages) ...........................................306

**D.  Consumer-Protection Damages** .......................................................**307**

  **1.  Alaska** ............................................................................**307**

    Instruction No. 249.    Alaska Stat. § 45.50.531  (Damages-Consumer
        Protection) ............................................................307

  **2.  Arizona** ...........................................................................**308**

    Instruction No. 250.    RAJI (CIVIL) 7th Commercial Torts 22,
        Consumer Fraud (Measure of Damages;
        Private Cause of Action) .......................................308

  **3.  California** .......................................................................**309**

    Instruction No. 251.    Source Cited (Restitution for Unfair
        Competition Law Claim) .......................................309

  **4.  Connecticut** ...................................................................**310**

    Instruction No. 252.    Conn. Gen. Stat. §§ 42-110a, 42-110g
        (Damages-Consumer Protection) .........................310

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**5.      Florida** ........................................................................**311**

    Instruction No. 253.    1 Fla. Std. Jury Instrs. in Civ. Cases §
416.50(c) (Florida Deceptive and Unfair Trade
Practices Act ("FDUTPA")—Measure of
Actual Damages) .................................................311

**6.      Hawaii** .........................................................................**312**

    Instruction No. 254.    Hawaii Standard Civ. Jury Instr. No. 19.6
(Damages-Consumer Protection) .........................312

**7.      Illinois** ........................................................................**313**

    Instruction No. 255.    815 Ill. Comp. Stat. Ann. 505/10a(a) (West
2023)  (Damages-Consumer Protection) ..............313

**8.      Louisiana** ....................................................................**314**

    Instruction No. 256.    LSA-R.S. 51.1509, subcl. A (Damages-
Consumer Protection) ..........................................314

**9.      Missouri** ......................................................................**315**

    Instruction No. 257.    Sources Cited  (Damages-Consumer
Protection) ...........................................................315

**10.    Nebraska** .....................................................................**316**

    Instruction No. 258.    Sources Cited (Damages-Consumer
Protection) ...........................................................316

**11.    New Hampshire** ..........................................................**317**

    Instruction No. 259.    Sources Cited (Damages-Consumer
Protection) ...........................................................317

**12.    New York** ....................................................................**318**

    Instruction No. 260.    Sources Cited (Damages-Consumer
Protection) ...........................................................318

**13.    North Carolina** ...........................................................**319**

    Instruction No. 261.    N.C.P.I. - Civil 813.80 (Trade Regulation—
Damages—Issue of Damages) ..............................319

**14.    North Dakota** ..............................................................**320**

    Instruction No. 262.    Sources Cited (Damages-Consumer
Protection) ...........................................................320

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**15.  Oklahoma** ................................................................**321**

Instruction No. 263.    Sources Cited (Damages-Consumer
                        Protection) ........................................321

**16.  Oregon** ....................................................................**322**

Instruction No. 264.    Or. UCJI No. 43.02 (Damages-Consumer
                        Protection) ........................................322

**17.  Pennsylvania** .........................................................**323**

Instruction No. 266.    Sources Cited (Damages-Consumer
                        Protection) ........................................323

**18.  Washington** ............................................................**324**

Instruction No. 268.    Sources Cited (Damages-Consumer
                        Protection) ........................................324

**E.    Punitive Damages** ...................................................**325**

Instruction No. 269.    N.J. Model Civ. Jury Charge 8.60 (Punitive
                        Damages Actions – General)................325

**1.    Punitive Damages and Corporate Defendants** .................**327**

Instruction No. 270.    Ill. Pattern Jury Instr.-Civ. 35.02
                        (Punitive/Exemplary Damages—Willful and
                        Wanton Conduct—Corporate Defendant's
                        Liability—Restatement States) ............327

Instruction No. 271.    Sources Cited (Punitive/Exemplary
                        Damages—Willful and Wanton Conduct—
                        Corporate Defendant's Liability—Scope-of-
                        Employment States)..............................329

**2.    No Punitive Damages in California, Connecticut, Hawaii,
        Louisiana, Massachusetts, Nebraska, New Hampshire,
        Pennsylvania, Puerto Rico, or Washington** .......................**330**

Instruction No. 272.    1 La. Jury Instr. § 15.04(1) (No Punitive
                        Damages)..............................................330

**3.    Alaska** ...................................................................**331**

Instruction No. 273.    Alaska JICIV 20.20A (Eligibility for Punitive
                        Damages)..............................................331

Case 1:19-md-02875-RMB-SAK    Document 2680    Filed 03/14/24    Page 27 of 432
PageID: 99547
Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Instruction No. 274.  Alaska JICIV 20.20B (Award of Punitive
Damages)..................................................................332

**4.  Arizona** ...............................................................................**334**

Instruction No. 275.  RAJI (Civ.) Personal Injury Damages 4 (Ariz.)
(Punitive Damages) .............................................334

**5.  Arkansas** ...........................................................................**336**

Instruction No. 276.  Ark. Model Jury Instr. § 2218 (Punitive
Damages)..................................................................336

**6.  Colorado** ...........................................................................**338**

Instruction No. 277.  Colo. Jury Instr. Civ. § 5:4 (Punitive Damages) ....338

Instruction No. 278.  Colo. Jury Instr. Civ. § 3:3 (Reasonable
Doubt—Defined)..................................................339

**7.  District of Columbia** ......................................................**340**

Instruction No. 279.  Standardized Civ. Jury Instr. for D.C. § 16.01
(Punitive Damages) .............................................340

Instruction No. 280.  Standardized Civ. Jury Instr. for D.C. § 16.03
(Computation of Punitive Damage Award) ..........341

**8.  Florida** ...............................................................................**342**

Instruction No. 281.  1 Fla. Std. Jury Instr. in Civ. Cases § 503.1
(2019) (Punitive Damages—First Stage) .............342

Instruction No. 282.  1 Fla. Std. Jury Instr. in Civ. Cases § 503.1
(2019) (Punitive Damages—Second Stage) .........344

**9.  Idaho** ..................................................................................**346**

Instruction No. 283.  IDJI 9.20  (Punitive Damages).............................346

**10.  Illinois** ...............................................................................**347**

Instruction No. 284.  Ill. Pattern Jury Instr.-Civ. 35.01
(Punitive/Exemplary Damages—Willful and
Wanton Conduct)..................................................347

**11.  Iowa** ...................................................................................**349**

Instruction No. 285.  Iowa Jury Instr. Civ. § 210.1  (Punitive
Damages)..................................................................349

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**12.  Minnesota** ...............................................................................**351**

Instruction No. 286.    CIVJIG 94.10  (Punitive Damages) ......................351

**13.  Missouri** ..................................................................................**353**

Instruction No. 287.    Mo. Approved Instrs. (Civ.) 10.01 (Outrageous
Conduct—Intentional Torts) ..................................353

**14.  New Jersey** ..............................................................................**354**

Instruction No. 288.    N.J. Model Civ. Jury Charge 8.62 part 2
(Punitive Damages – Products Liability –
Standard of Proof) ..................................................354

Instruction No. 289.    N.J. Model Civ. Jury Charge 8.62 part 3
(Punitive Damages – Products Liability –
Amount) ..................................................................356

**15.  New York** ................................................................................**358**

Instruction No. 290.    N.Y. PJI 2:278 (Damages – Punitive) ...................358

**16.  North Carolina** .......................................................................**358**

Instruction No. 291.    N.C. Pattern Jury Instrs. for Civ. Cases 810.96
(Punitive Damages—Liability of Defendant)........361

Instruction No. 292.    N.C. Pattern Jury Instrs. for Civ. Cases 810.98
(Punitive Damages—Issue of Whether to
Make Award and Amount of Award) ....................363

**17.  North Dakota** ..........................................................................**365**

Instruction No. 293.    N.D. Pattern Jury Instrs. – Civ. §72.00
(Exemplary or Punitive Damages) ........................365

Instruction No. 294.    N.D. Pattern Jury Instrs. – Civ. §72.02
(Exemplary Damages – Compensatory
Damages Required) ................................................367

Instruction No. 295.    N.D. Pattern Jury Instrs. – Civ. §72.04
(Exemplary Damages (Products Liability))...........368

Instruction No. 296.    N.D. Pattern Jury Instrs. – Civ. §72.10
(Oppression) ...........................................................369

Instruction No. 297.    N.D. Pattern Jury Instrs. – Civ. §72.12 (Fraud
as a Basis for Exemplary Damage) ........................370

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

| | | |
|---|---|---|
| Instruction No. 298. | N.D. Pattern Jury Instrs. – Civ. §72.16 (Actual Malice) | 371 |
| **18. Ohio** | | **372** |
| Instruction No. 299. | 1 OJI-CV 315.37, 1 CV Ohio Jury Instructions 315.37 (Punitive Damages: Certain Tort Actions) | 372 |
| **19. Oklahoma** | | **374** |
| Instruction No. 300. | Okla. Civ. Jury Instr. § 5.6 (Exemplary or Punitive Damages—First Stage) | 374 |
| Instruction No. 301. | Okla. Civ. Jury Instr. § 5.9 (Exemplary or Punitive Damages—Second Stage) | 376 |
| **20. Oregon** | | **378** |
| Instruction No. 302. | Ore. Uniform Civ. Jury Instrs. 75.02 (Punitive Damages—General) | 378 |
| Instruction No. 303. | Ore. Uniform Civ. Jury Instrs. 75.02C (Punitive Damages—Malice Defined) | 380 |
| Instruction No. 304. | Ore. Uniform Civ. Jury Instrs. 75.04 (Punitive Damages Limitation—Drug Products) | 381 |
| **21. Rhode Island** | | **382** |
| Instruction No. 305. | R.I. Model Civ. Jury Instrs. § 10402 (Standard for Imposing Punitive Damages) | 382 |
| Instruction No. 306. | R.I. Model Civ. Jury Instrs. § 10403 (Amount of Punitive Damages) | 383 |
| **22. South Dakota** | | **384** |
| Instruction No. 307. | Sources Cited (Punitive Damages) | 384 |
| **23. Vermont** | | **386** |
| Instruction No. 308. | Vt. Civ. Jury Instrs. § 11.19 (Punitive Damages) | 386 |
| **24. Virginia** | | **388** |
| Instruction No. 309. | 1 Va. Model Jury Instr. Civ. No. 9.080 (General Punitive Damages) | 388 |

Case 1:19-md-02875-RMB-SAK    Document 2680    Filed 03/14/24    Page 30 of 432
PageID: 99550
Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Instruction No. 310.    1 Va. Model Jury Instr. Civ. No. 9.090
(Punitive Damages: Definition of Common
Law Actual Malice) ...............................................389

Instruction No. 311.    1 Va. Model Jury Instr. Civ. No. 4.040
(Definition of Willful and Wanton Conduct) .........390

Instruction No. 312.    1 Va. Model Jury Instr. Civ. No. 9.080 cmt.
(Amount of Punitive Damages) ............................391

**25.    Wyoming .....................................................................392**

Instruction No. 313.    Wyo. Civ. Pattern Jury Instr. § 4.06
(Exemplary or Punitive Damages—Phase I) .........392

Instruction No. 314.    Wyo. Civ. Pattern Jury Instr. § 4.06A
(Exemplary or Punitive Damages—Phase II) ........393

**26.    Limitations on Punitive Damages ...................................395**

Instruction No. 315.    Sources Cited (Due Process Limitations on
Punitive Damages) ...............................................395

**VI.    GENERAL INSTRUCTIONS FOR USE AT END OF TRIAL...........397**

Instruction No. 316.    3d Cir. Model Civ. Jury Instructions 3.1
(Deliberations) .....................................................397

Instruction No. 317.    3d Cir. Model Civ. Jury Instructions 3.2
(Number of Witnesses) .........................................401

Instruction No. 318.    3d Cir. Model Civ. Jury Instructions 3.3 (Read-
Backs of Trial Testimony) .....................................402

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## I.    PRELIMINARY INSTRUCTIONS

### Instruction No. 1. 3d Cir. Model Civ. Jury Instructions 1.1
### (Introduction; Role of Jury)

Now that you have been sworn, I have the following preliminary instructions

for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those

facts to the law that I will give to you.

You and only you will be the judges of the facts.  You will have to decide

what happened.  I play no part in judging the facts.  You should not take anything I

may say or do during the trial as indicating what I think of the evidence or what

your verdict should be.  My role is to be the judge of the law.  I make whatever

legal decisions have to be made during the course of the trial, and I will explain to

you the legal principles that must guide you in your decisions.  You must follow

that law whether you agree with it or not.

Source:  3d Cir. Model Civ. Jury Instructions 1.1 (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 2. N.J. Model Civ. Jury Charge 1.10F
### (Introduction of Parties and Counsel)

The parties to this lawsuit are as follows:

- MSP Recovery Claims, Series LLC—which I will refer to in these instructions as "MSP"—is the plaintiff. A "plaintiff" is an individual or entity that brings a lawsuit against someone else. In this case, MSP asserts claims not only on behalf of itself, but also on behalf of a class. I will at times refer to MSP and the class collectively as "Plaintiffs," and they are referred to collectively as "Plaintiffs" on the verdict form.

- A class is a group of individuals or entities that the plaintiff claims are similarly situated to it. The members of this class are third-party payors. Third-party payors are entities like health insurance companies that pay for a product that is dispensed to others. For example, in this case, the third-party payors paid for some or all of the cost of a drug called "valsartan" that was dispensed to patients with a prescription for the drug. The class members are not here in the courtroom, but the plaintiff represents their interests and is advancing claims on their behalf.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

- MSP is not itself a third-party payor. Instead, it contends that it has purchased claims from two third-party payors, called EmblemHealth and SummaCare, through a contract known as an "assignment."  MSP claims that these assignments permit it to assert the claims of EmblemHealth and SummaCare to the same extent each of those entities could have done on its own behalf.  EmblemHealth and SummaCare are themselves class members, so when I refer to "class members" in these instructions, I mean all third-party payors that allegedly paid for the valsartan at issue, including EmblemHealth and SummaCare.

- There are nine defendants, from three corporate families.  A "defendant" is an individual or entity that defends against claims brought by a plaintiff in a lawsuit.

- First, there is what I will refer to as the ZHP family of companies.  These include Zhejiang Huahai Pharmaceuticals, Ltd.—which I will refer to as "ZHP"—Huahai U.S., Inc., Prinston Pharmaceutical, Inc., and Solco Healthcare U.S. LLC.

- Second, there is the Teva family of companies.  These include Teva Pharmaceuticals USA, Inc., Actavis LLC, and Actavis Pharma, Inc.

3

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

- Finally, there is the Torrent family of companies.  These include Torrent Pharmaceuticals, Ltd. and Torrent Pharma Inc.

The attorneys who represent the parties are:

- Adam Slater of Mazie Slater Katz & Freeman represents plaintiff MSP and the class.

- Allison Brown of Skadden, Arps, Slate, Meagher and Flom LLP represents the ZHP defendants.

- Victoria Lockard and Gregory Ostfeld of Greenberg Traurig, LLP represent the Teva and Actavis defendants.

- Devora Allon and Alexia Brancato of Kirkland & Ellis LLP represent the Torrent defendants.

[The judge should consider asking each attorney to rise upon introduction. The judge might consider the option of asking each attorney to introduce himself or herself and the party represented in lieu of the judge performing the introduction.]

Source:  N.J. Model Civ. Jury Charge 1.10F (1998) (modified to define roles of plaintiff, the class, and defendants)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 3. Judicial Council of California Civil Jury Instruction 103 (Multiple Parties)

As I just explained, there is one plaintiff in this trial.

There are nine defendants in this trial.  You should decide the case against each defendant separately as if it were a separate lawsuit.  Each defendant is entitled to separate consideration of that defendant's own defenses.

Unless I tell you otherwise, all instructions apply to each plaintiff and defendant.

Source:  Judicial Council of California Civil Jury Instruction 103

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 4. 3d Cir. Model Civ. Jury Instructions 1.2
### (Description of Case; Summary of Applicable Law)

The defendants in this case manufactured or sold generic valsartan-containing drugs, or "VCDs," which are used to treat hypertension, or a key ingredient for VCDs called valsartan active pharmaceutical ingredient, or "API." MSP alleges that these VCDs and valsartan API contained one or both of two types of impurities:  N-Nitrosodimethylamine, also referred to as "NDMA," and/or N-Nitrosodiethylamine, also referred to as "NDEA."  MSP further claims that NDMA and NDEA are carcinogenic and that defendants misrepresented the safety of the VCDs they sold by failing to disclose the presence of these impurities.  MSP further claims that neither EmblemHealth nor SummaCare, nor any class member, would have paid for VCDs had they known that they contained NDMA or NDEA, and that the VCDs that contained these impurities had no value.  MSP claims that it and every class member is entitled to recover under three causes of action:  breach of express warranty; fraud; and violation of consumer protection laws.

Defendants deny these claims.  They deny that they knew or should have known that the VCDs contained any NDMA or NDEA.  They further deny that the VCDs had no economic value, and claim instead that the VCDs had value because they provided lifesaving blood-pressure control benefits as advertised and contained only trace amounts of NDMA or NDEA that were not sufficient to pose a health risk.  And defendants dispute that MSP is authorized to sue on behalf of

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

EmblemHealth and SummaCare based on the assignments at issue, both because

any right to sue has been assigned to parties other than MSP and because the

assignments are invalid because of rules against champerty, which I will explain to

you.

I will now briefly describe the various defendants in the case, starting with

the ZHP defendants.  ZHP manufactured the API used in certain recalled VCDs

but did not market, sell or hold an Abbreviated New Drug Application ("ANDA")

for any of the recalled VCDs.  Huahai U.S. sells ZHP's API products directly in

the U.S. market, and is the indirect parent company of both Prinston and

Solco.  Prinston owns ANDAs for generic VCDs manufactured by ZHP.  And

Solco sells the generic drugs of Prinston for which Prinston holds the ANDA.  For

the ZHP defendants, you will see two defendants on the form—"ZHP," for ZHP,

and "Solco," for Solco, Huahai U.S., and Prinston.  If you decide that MSP has

proven a claim against one or more of Solco, Huahai U.S., and Prinston, you will

indicate you have decided for MSP on that claim against Solco on the verdict form.

And if you decide that MSP has not proven a claim against any of Solco, Huahai

U.S., or Prinston, then you will indicate that you have decided for Solco on that

claim on the verdict form.

As to the Teva defendants, Actavis LLC, Actavis Pharma, Inc., and Teva

Pharmaceuticals USA, Inc. own ANDAs for generic VCDs manufactured using

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

API purchased from ZHP.  For all of the Teva defendants, you will see just one

defendant on the form—"Teva."  If you decide that MSP has proven a claim

against one or more Teva defendants, you will indicate you have decided for MSP

on that claim against Teva on the verdict form.  And if you decide that MSP has

not proven a claim against the Teva defendants, then you will indicate that you

have decided for Teva on that claim on the verdict form.

As to the Torrent defendants, Torrent Pharmaceuticals Ltd. and Torrent

Pharma, Inc. own ANDAs for generic VCDs manufactured using API purchased

from ZHP.  For the Torrent defendants, you will see just one defendant on the

form—"Torrent."  You will follow the same rule I just gave to you as to the Teva

defendants in deciding each claim as to the Torrent defendants.

I will give you detailed instructions on the law at the end of the case, and

those instructions will control your deliberations and decision.

Source:  3d Cir. Model Civ. Jury Instructions 1.2 (2020) (modified to omit
summary of elements of claim given the impracticality of summarizing the large
number of claims)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 5. Sources Cited
### (Definition of Terms)

In this case, you have heard the parties and the witnesses refer to a number of specialized terms that are specific to the VCDs and the related federal regulatory framework. I am providing you with a definition of some of these terms to aid in your understanding of the evidence during your deliberations:

**FDA** refers to the United States Food and Drug Administration. This government agency is responsible for protecting the public health by ensuring the safety, efficacy, and security of human drugs (among other products).

**ANDA** refers to an Abbreviated New Drug Application, which is submitted to the FDA for review and potential approval of generic drug products. If approved, an ANDA allows an applicant to manufacture and market the generic drug.

**API** refers to active pharmaceutical ingredient, which is a substance that is intended for incorporation into a finished drug product and is intended to provide pharmacological activity or other direct effect in the diagnosis, cure, mitigation, treatment, or prevention of disease.

**DMF** refers to a Drug Master File, which is a submission from the API manufacturer to the FDA that may be used to provide confidential detailed information about facilities, processes, or articles used in the manufacturing, processing, packaging, and storing of human drugs.

9

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Orange Book** refers to an FDA publication that identifies drug products approved by the FDA.

**USP or USP Monograph** refers to a United States Pharmacopeia Monograph, which lists the quality expectations for a medicine including its identity, strength, purity, and performance.  It also describes the tests to validate that a medicine and its ingredients meet the USP Monograph criteria.

**Heart Failure** refers to a medical condition in which the heart muscle cannot pump enough blood to meet the body's needs for blood and oxygen.

**Hypertension**, or high blood pressure, refers to a medical condition characterized by increased pressure on the blood vessels, which can lead to serious complications such as heart disease and stroke, which are leading causes of death in the United States.

**Valsartan** is the generic name for the drug Diovan, which is part of a drug class called "angiotensin II receptor blockers" ("ARBs").  Valsartan is indicated for the treatment of hypertension to reduce the risk of fatal and nonfatal cardiovascular events, and is also indicated to treat heart failure.

**Valsartan API** refers to the active pharmaceutical ingredient in Valsartan, which gives Valsartan its therapeutic effect.

**VCDs** refers to valsartan-containing drugs.  These drugs contain valsartan API.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Source:  https://www.fda.gov/about-fda/what-we-do (FDA); https://www.fda.gov/
drugs/types-applications/abbreviated-new-drug-application-anda (ANDA); 21 CFR
207.1 (API); https://www.fda.gov/drugs/forms-submission-requirements/drug-
master-files-dmfs (DMF); https://www.fda.gov/drugs/drug-approvals-and-
databases/approved-drug-products-therapeutic-equivalence-evaluations-orange-
book (Orange Book); https://www.usp.org/about/public-policy/overview-of-
monographs (USP); https://www.cdc.gov/bloodpressure/facts.htm (heart failure);
https://www.fda.gov/consumers/minority-health-and-health-equity-resources/
hypertension (hypertension); https://www.fda.gov/news-events/press-
announcements/fda-approves-new-generic-valsartan (valsartan);
https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfcfr/CFRSearch.cfm?fr=207.1
#:~:text=Active%20pharmaceutical%20ingredient%20means%20any,any%20funct
ion%20of%20the%20body (valsartan API)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 6. 3d Cir. Model Civ. Jury Instructions 1.3
(Conduct of the Jury)**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones like iPhones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services, or through any blog, website, internet chat room, or by way of any other social networking websites or services, including Facebook, Instagram, LinkedIn, TikTok and YouTube.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.]

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

[Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

special rules will govern their attendance.  You may not discuss any aspect of this

trial with the visitor, nor may you permit the visitor to discuss it with you.]


Source:  3d Cir. Model Civ. Jury Instructions 1.3 (2020) (modified to omit
summary of elements of claim given the impracticality of summarizing the large
number of claims)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 7. N.J. Model Civ. Jury Charge 1.12P
(No Prejudice, Passion, Bias or Sympathy)**

Your oath as jurors requires you to decide this case fairly and impartially, without sympathy, passion, bias or prejudice.  You are to decide this case based solely upon the evidence that you find believable and in accordance with the rules of law that I give you.  Your decision must not be based upon bias or prejudice which you might have or develop during the trial, for or against any party.  Your duty is to decide this case impartially, and a decision based on sympathy, passion, bias or prejudice would violate that duty.

Source:  N.J. Model Civ. Jury Charge 1.12P (1998)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 8. 3d Cir. Model Civ. Jury Instructions 1.4
## (Bench Conferences)

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. [While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.]

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source:  3d Cir. Model Civ. Jury Instructions 1.4 (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 9. 3d Cir. Model Civ. Jury Instructions 1.5
(Evidence)**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated—that is, formally agreed to by the parties; and

[4. Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers;

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever

17

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.  You should not be influenced by the fact that an objection is made.  Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

<u>Source</u>:  3d Cir. Model Civ. Jury Instructions 1.5 (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 10.        Fla. Std. Jury Instruction 301.12 (2021)
## (Redacted Documents)

When you review the documents admitted into evidence in this trial, you may see that certain portions of a document have been blacked out and removed from your consideration by the court. You should not speculate as to the content of the portions that have been blacked out, nor should you consider as part of your deliberation the fact that certain portions have been removed from your consideration. Rather, you should consider only those portions that have been admitted into evidence.

You may also see that certain documents have been marked as confidential. That is a common practice in cases like this. You should not give any consideration to the fact that a document has been marked as confidential. Rather, you should consider these documents the same as any other documents admitted into evidence.

Source:  Fla. Std. Jury Instruction 301.12 (2021) (modified to address confidential documents)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 11.      3d Cir. Model Civ. Jury Instructions 1.6
(Direct and Circumstantial Evidence)**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence."  An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses—something the witness has seen, felt, touched or heard or did.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.  Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you.  The law makes no distinction in the weight to be given to either direct or circumstantial evidence.  You are to decide how much weight to give any evidence.

Source:  3d Cir. Model Civ. Jury Instructions 1.6 (option 2) (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 12.    3d Cir. Model Civ. Jury Instructions 1.7
### (Credibility of Witnesses)

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.  In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

<u>Source</u>:  3d Cir. Model Civ. Jury Instructions 1.7 (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 13.        3d Cir. Model Civ. Jury Instructions 2.11
(Opinion Testimony)**

You will hear testimony containing opinions from witnesses for both sides. In weighing this opinion testimony, you may consider a witness's qualifications, the reasons for his or her opinions, and the reliability of the information supporting those opinions, as well as the factors I just mentioned for weighing the testimony of any other witness.  Opinion testimony should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of a witness, you may consider any bias that the witness may have, including any bias that may arise from evidence that the witness has been or will be paid for reviewing the case and testifying or from evidence that the witness testifies regularly and makes a large portion of his or her income from testifying in court.

<u>Source</u>:  3d Cir. Model Civ. Jury Instructions 2.11 (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 14.        N.J. Model Civ. Jury Charge 1.12P
(Hypothetical Questions)**

Witnesses providing opinion testimony might be asked to assume that

certain facts are true and to give an opinion based on that assumption.  This is

called a hypothetical question.  You must determine if any fact assumed by the

witness has not been proved and the effect of that omission, if any, upon the weight

of the witness's opinion.

Source:  Instruction No. 6.        N.J. Model Civ. Jury Charge 1.13A (1995)
(modified to remove the word "expert" consistent with the commentary to 3d Cir.
Model Civ. Jury Instructions 2.11 (2020))

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 15.        3d Cir. Model Civ. Jury Instructions 2.12
(Foreign Language Testimony or Audio Recording)**

You will hear testimony of witnesses who will be testifying in Mandarin. The evidence you are to consider is only that provided through the official court translators. Although some of you may know the language used, it is important that all jurors consider the same evidence. So you must base your decision on the evidence presented in the English translation. You must disregard any different meaning.

In this case there is a dispute over the translation of certain statements in a foreign language. It is for you to determine which, if either, translation is accurate.

Source:  3d Cir. Model Civ. Jury Instructions 2.12 (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 16.        3d Cir. Model Civ. Jury Instructions 1.8
### (Jury Questions for Witnesses)

You will have the opportunity to ask questions of the witnesses in writing. When a witness has been examined and cross-examined by counsel, and after I ask any clarifying questions of the witness, I will ask whether any juror has any further clarifying question for the witness.

If so, you will write your question on a piece of paper, and hand it to my Deputy Clerk.  Do not discuss your question with any other juror.  I will review your question with counsel at sidebar and determine whether the question is appropriate under the rules of evidence.  If so, I will ask your question, though I might put it in my own words.  If the question is not permitted by the rules of evidence, it will not be asked, and you should not draw any conclusions about the fact that your question was not asked.  Following your questions, if any, the attorneys may ask additional questions.  If I do ask your question you should not give the answer to it any greater weight than you would give to any other testimony.

Source:  3d Cir. Model Civ. Jury Instructions 1.8 (option 2) (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 17.        3d Cir. Model Civ. Jury Instructions 1.9
### (Note-Taking by Jurors)

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use— they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note-taking:

1.        <u>Note-taking is permitted, not required</u>. Each of you may take notes. No one is required to take notes.

2.        <u>Be brief</u>. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness

27

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

stand.  Note-taking must not distract you from that task.  If you wish to make a

note, you need not sacrifice the opportunity to make important observations.  You

may make your note after having made an observation.

3.    <u>Do not use your notes, or any other juror's notes, as authority to</u>

<u>persuade fellow jurors</u>.  In your deliberations, give no more and no less weight to

the views of a fellow juror just because that juror did or did not take notes.  As I

mentioned earlier, your notes are not official transcripts.  They are not evidence,

and they are by no means a complete outline of the proceedings or a list of the

highlights in the trial.  They are valuable, if at all, only as a way to refresh your

memory.  Your memory is what you should be relying on when it comes time to

deliberate and render your verdict in this case.  You therefore are not to use your

notes as authority to persuade fellow jurors of what the evidence was during the

trial.  Notes are not to be used in place of the evidence.

4.    <u>Do not take your notes away from court</u>.  I repeat, at the end of each

day, please leave your notes in the jury room.  [Describe logistics of storing and

securing notes, for example: "If you do take notes, take them with you each time

you leave the courtroom and please leave them in the jury room when you leave at

night.  At the conclusion of the case, after you have used your notes in

deliberations, a court officer will collect and destroy them, to protect the secrecy of

your deliberations."]

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

<u>Source</u>:  3d Cir. Model Civ. Jury Instructions 1.9 (option 1) (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 18.    3d Cir. Model Civ. Jury Instructions 1.10
### (Preponderance of the Evidence)

MSP is the party that brought this lawsuit. The ZHP, Teva and Torrent defendants are the parties against which the lawsuit was filed. MSP has the burden of proving its claims and those of every class member. Its burden depends on the claim at issue.

Most of the claims MSP will have to prove by what is called the preponderance of the evidence against each defendant. That means MSP has to prove to you, in light of all the evidence, that what it claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to MSP and the evidence favorable to one of the defendants on opposite sides of the scales, MSP would have to make the scales tip somewhat on its side. If MSP fails to meet this burden, the verdict must be for the defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, the defendants have the burden of proving the elements of the defense by a preponderance of the evidence.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

I will instruct you on the facts that will be necessary for you to find on each

affirmative defense.  An affirmative defense is proven if you find, after considering

all evidence in the case, that one or more of the defendants has succeeded in

proving that the required facts are more likely so than not so.

Source:  3d Cir. Model Civ. Jury Instructions 1.10 (2020); modified to reflect the
fact that some claims are subject to clear-and-convincing or higher burdens and the
class nature of the case; modified to eliminate instruction to ignore the beyond-a-
reasonable-doubt standard because it applies to punitive damages claim under
Colorado law

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 19.    3d Cir. Model Civ. Jury Instructions 1.11
### (Clear and Convincing Evidence)

MSP will have to prove some of its claims by clear and convincing

evidence.  Clear and convincing evidence is evidence that produces in your mind a

firm belief or conviction that the allegations sought to be proved by the evidence

are true.  Clear and convincing evidence involves a higher degree of persuasion

than is necessary to meet the preponderance of the evidence standard.  But it does

not require proof beyond a reasonable doubt, the standard applied in criminal

cases.  But there is one claim that MSP will have to prove beyond a reasonable

doubt, and I will explain that burden of proof when we get to the instruction on that

claim.

I will instruct you when MSP's claims must be proven by clear and

convincing evidence or beyond a reasonable doubt.  Otherwise, the burden of proof

is preponderance of the evidence.

Source:  3d Cir. Model Civ. Jury Instructions 1.11 (2020), modified to clarify when
different burdens of proof will apply

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 20.**          ***TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)**
**(Proof of Class Claims)**

As to each claim, whether the burden of proof is by preponderance of the evidence or clear and convincing evidence, MSP has the burden of proof not only as to itself, but also as to each and every third-party payor that is a member of the class.  For example, if a particular claim requires MSP to prove that a defendant's conduct caused an injury, then MSP must prove both that the defendant's conduct caused MSP injury (by injuring EmblemHealth and SummaCare), and also that the defendant's conduct caused injury to each and every third-party payor that is a member of the class.

Source:  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 439 (2021) (at trial, class representatives had the burden of proving that credit reports of each member of the class "were actually sent to third-party businesses"); *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 468 (2016) (Thomas, J., dissenting) (noting the burden of plaintiffs at a class trial to "prove each element of their claim for each class member")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 21.        3d Cir. Model Civ. Jury Instructions 1.12
### (Description of Trial Proceedings)

The trial will proceed in the following manner:

First, an attorney(s) for MSP and the class will make an opening statement to you.  Next, an attorney for each of the defendant(s) will make an opening statement.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After [Before] the attorneys have made their opening statements, [I will instruct you on the applicable law and] then each party is given an opportunity to present its evidence.

MSP goes first because it has the burden of proof.  MSP will present witnesses whom counsel for the defendants may cross-examine, and MSP may also present evidence.  Following MSP and the class's case, defendants may present evidence.  Counsel for MSP and the class may cross-examine witnesses for the defense.  [After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.]

After all the evidence has been presented, [I will instruct you on the law and then] the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions.  As with opening statements, closing arguments are not evidence.  [Once the closing

34

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

arguments are completed, I will then instruct you on the law.]  After that you will

retire to the jury room to deliberate on your verdict in this case.

[At this point the Court may wish to inform the jury of the scheduling and

length of the trial, and other logistical information.]

Source:  3d Cir. Model Civ. Jury Instructions 1.12 (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## II.    GENERAL INSTRUCTIONS FOR USE DURING TRIAL

### Instruction No. 22.    3d Cir. Model Civ. Jury Instructions 2.1
### (Impeachment of Witness's Character for Truthfulness)

You [are about to hear] [have heard] evidence that [name of witness], a

witness, [e.g., has been convicted of a felony, committed forgery on a prior

occasion, etc.].  You may use that evidence only to help you decide whether to

believe the testimony of the witness and to determine how much weight to give it.

That evidence does not mean that the witness engaged in any conduct alleged in

this case, and you must not use that evidence as any proof that the witness engaged

in that conduct.

Source:  3d Cir. Model Civ. Jury Instructions 2.1 (2020)

36

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 23.      3d Cir. Model Civ. Jury Instructions 2.4
(Stipulation of Fact)**

The [parties] have agreed that [set forth stipulated fact or facts] [is/are] true.

[The parties have stipulated that certain facts are true, and those stipulations have

been read to you during this trial.]  You must therefore treat [this fact] [these facts]

as having been proved for the purposes of this case.

Source:  3d Cir. Model Civ. Jury Instructions 2.4 (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 24.        3d Cir. Model Civ. Jury Instructions 2.8
(Charts and Summaries Not Admitted in Evidence)**

Certain charts and summaries that have not been received in evidence have

been shown to you in order to help explain or illustrate the contents of books,

records, documents, testimony, or other evidence in the case.  [Describe the charts

and summaries that have not been admitted.]  These charts and summaries are not

themselves proof of any facts.  They are not binding on you in any way.  If they do

not correctly reflect the facts shown by the evidence in the case, you should

disregard these charts and summaries and determine the facts from the evidence.

Source:  3d Cir. Model Civ. Jury Instructions 2.8 (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 25.      3d Cir. Model Civ. Jury Instructions 2.9
(Striking Evidence)**

I have ordered that [describe the evidence] be struck from the record and I

am instructing you that you must disregard that information [testimony]. That

means that when you are deciding the case, you must not consider that information

[testimony] in any way.

Source:  3d Cir. Model Civ. Jury Instructions 2.9 (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 26.        3d Cir. Model Civ. Jury Instructions 2.10
### (Evidence Admitted for a Limited Purpose)

You [have heard] [will now hear] evidence that was received for [a]

particular limited purpose[s]. [This evidence can be considered by you as evidence

that (describe limited purpose)]. It may not be used for any other purpose. [For

example, you cannot use it as proof that (discuss specific prohibited purpose)].

Source:  3d Cir. Model Civ. Jury Instructions 2.10 (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 27.    3d Cir. Model Civ. Jury Instructions 2.14 (Recess Admonition)

We are about to take [our first] [a] recess [and I remind you of the instruction I gave you earlier].  During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately.  [Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the Internet.  Remember that I told you not to use any electronic tools to communicate with anyone about the case or to do research relating to the case.]  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to [identify court personnel] to give to me.

[I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on occasion.]

Source:  3d Cir. Model Civ. Jury Instructions 2.14 (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## III.    LIABILITY

### A.    MSP's Theory of Worthlessness

#### Instruction No. 28.        Worthlessness Theory

As you have heard, MSP's position in this case is that the VCDs were economically worthless because they contained trace amounts of nitrosamine impurities.  Its contention is that the VCDs could not be sold under FDA regulations, and therefore that the economic value of the VCDs was $0.

Defendants dispute this contention.

They argue that products that fail to meet strict legal requirements can retain economic value.  Defendants contend that the VCDs had value because they provided effective therapeutic treatment for high blood pressure and heart failure, among other conditions, and the risks posed by the presence of any impurities was low.

In addition, defendants argue that MSP and the class members avoided any damages because in paying for the VCDs, their beneficiaries received effective medications and the class members avoided paying for alternative blood-pressure medications that would have cost as much as or more than the VCDs.

MSP has the burden of proving its contention that the VCDs are worthless. You must decide whether MSP has met that burden of proof and will indicate your answer on the first question on the verdict form.

42

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

<u>Source</u>:  None

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**B.    MSP's Assignments**

**Instruction No. 29.    Assignments: Overview**

As I explained earlier, MSP did not pay for the VCDs itself.  Instead, MSP claims to have purchased the right to sue on behalf of two third-party payors that do claim to have paid for the VCDs:  EmblemHealth and SummaCare.  The defendants dispute this claim.  To decide this dispute, there are multiple issues that you will need to decide, on which I will instruct you:

First, whether EmblemHealth assigned its claims with respect to the VCDs.

Second, whether SummaCare assigned its claims with respect to the VCDs.

Third, whether MSP has the right to sue based on these assignments, assuming they were made.

And fourth, whether the assignments, if made, are void.

If you determine that EmblemHealth or SummaCare did not assign their claims, or that those assignments do not give MSP the right to sue, or that the assignments are void, you will indicate that by answering "NO" to Question 2 on the verdict form as to Emblem and/or SummaCare.  But if you determine that Emblem and SummaCare did assign their claims, that MSP has the right to sue based on these assignments, and that the assignments are not void, you will indicate that by answering "YES" to Question 2 on the verdict form as to Emblem and/or SummaCare.

44

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

I will now instruct you on the law that applies to these issues.

Source:  None

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

1.   **EmblemHealth's Assignment**

**Instruction No. 30.        Sources Cited
(Assignment)**

MSP claims that EmblemHealth assigned its claims relating to the valsartan

to MSP's subsidiary, Series 16-08-483.  MSP did not purchase the VCDs that are

the subject of this lawsuit.  But MSP may be able to recover based on claims

arising out of EmblemHealth's purchase of the VCDs if it proves that

EmblemHealth transferred its rights to sue on those claims to Series 16-08-483.

This transfer is referred to as an "assignment."

MSP must prove that EmblemHealth intended to transfer its right to sue to

Series 16-08-483 and that the transferred rights included those relating to the

VCDs.  In deciding EmblemHealth's intent, you should consider the entire

transaction and the conduct of the parties to the assignment.


Source:  CACI No. 326 (providing a pattern instruction on assignments); modified
based on governing law (New York) based on *Pennsylvania Public School
Employees' Retirement System v. Morgan Stanley & Co.*, 35 N.E.3d 481, 14
N.Y.S.3d 313, 2015 N.Y. LEXIS 1483 (N.Y. June 30, 2015) (holding that, where
assignment of tort claims (including fraud) is intended in conjunction with the
conveyance of a contract, there must be language evincing intent); *Najjar Grp. v.
West 56th Hotel LLC*, 965 N.Y.S.2d 720, 720 (1st Dep't 2013) (stating that claims
for breach of contract are assignable)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

2. **SummaCare's Assignment**

**Instruction No. 31.    Sources Cited
(Assignment)**

MSP claims that SummaCare assigned its claims relating to the VCDs to

MSP (which then assigned those claims to a subsidiary series, Series 16-11-509).

Again, MSP did not purchase the VCDs that are the subject of this lawsuit.  But

MSP may be able to recover based on claims arising out of SummaCare's purchase

of the VCDs if it proves that SummaCare transferred its rights to sue on those

claims to MSP in an assignment.

MSP must prove that SummaCare intended to transfer its right to sue to

MSP and that the transferred rights included those relating to the VCDs.  In

deciding SummaCare's intent, you should consider the entire transaction and the

conduct of the parties to the assignment.

<u>Source</u>:  CACI No. 326 (providing a pattern instruction on assignments); modified based on governing law (Ohio) based on *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, No. 3:11 CV 2757, 2012 U.S. Dist. LEXIS 148544, at *6, 2012 WL 4959122 (N.D. Ohio Oct. 16, 2012) ("'An assignment of rights is, itself, a contract, and in order to establish an assignment, the elements of a contract must be present' . . . . Those essential elements include mutual assent and consideration. . . . . 'No particular words are required to create an assignment,' rather 'any word or transaction which shows an intention on the one side to assign and on the other to receive, if there is a valuable consideration, will operate to create an assignment.'") (citations omitted)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

3.    **MSP's Right to Sue on Any Assignment**

**Instruction No. 32.       Del. Civ. Pattern Jury Instrs. § 19.21**
**(Third-Party Beneficiaries)**

MSP contends that it is authorized to enforce the assignments it claims that

EmblemHealth and SummaCare made to its subsidiaries, Series 16-08-483 and

Series 16-11-509.  MSP's right to sue on these assignments (if any) must be

measured by the terms of its limited liability agreement and any other agreement

between MSP and its subsidiaries Series 16-08-483 and Series 16-11-509 that

addresses this claimed right to sue.

Here, MSP bases its right to sue the defendants on the assignments allegedly

made by EmblemHealth and SummaCare and owned by Series 16-08-483 and

Series 16-11-509.  You must determine whether MSP has such a right to sue, or

whether the right to sue remains exclusively with Series 16-08-483 and Series 16-

11-509, which are not parties to this action.

Source:  Del. Civ. Pattern Jury Instrs. § 19.21; modified to track MSP's contention
that it has standing to sue based on rights assigned to its subsidiary series because
of provisions in its organizing documents; *MSP Recovery Claims, Series LLC v.
ACE Am. Ins. Co.*, 974 F.3d 1305, 1319-20 (11th Cir. 2020) (MSP's authority to
sue on behalf of its subsidiary series is a question of fact); *see also MAO-MSO
Recovery II, LLC v. Mercury Gen.*, No. CV 17-02525-AB (AFMx), 2021 WL
3615905, at *5 (C.D. Cal. Aug. 21, 2021) (dismissing claims and noting that "other
courts have warned [the MSP] [p]laintiffs that their attempts to sue on behalf of
series LLCs . . . 'is an abuse of the corporate form'") (citation omitted); *MSP
Recovery Claims, Series LLC v. N.Y. Cent. Mut. Fire Ins. Co.*, No. 6:19-CV-00211
(MAD/TWD), 2019 WL 4222654, at *6 (N.D.N.Y. Sept. 5, 2019) (citing *MSP
Recovery Claims, Series LLC v. USAA Gen. Indem. Co.*, No. 18-21626-CIV-

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

ALTONAGA/Goodman, 2018 WL 5112998, at *12 (S.D. Fla. Oct. 19, 2018))
(indicating that evidence is necessary to establish MSP's right to sue on behalf of
its subsidiary series and holding, in any event, that such a claimed right would be
"an abuse of corporate form")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

4. **Whether MSP's Claimed Assignments Are Void**

(a) EmblemHealth

**Instruction No. 33.       Sources Cited**
**(Champerty)**

Defendants assert that any assignment of rights from EmblemHealth to MSP is void under New York's doctrine of "champerty."  The defendants have the burden to show the assignment is void under this doctrine.  In order to show the assignment is void, the defendants must show by a preponderance of the evidence:

(1) That MSP bought or took assignment of EmblemHealth's claim;

(2) That it did so with the intent to bring a lawsuit; and

(3) That it did so primarily for the purpose of bringing a lawsuit.

Source:  N.Y. Judiciary L. § 389; *Justinian Cap. SPC v. WestLB AG*, 65 N.E.3d 1253 (N.Y. 2016); *MSP Recovery Claims, Series LLC v. Abbott Labs.*, No. 19-21607 (FLW) (ZNQ), 2021 WL 2177548 (D.N.J. May 28, 2021)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 34.    Sources Cited**
**(Champerty—Primary Purpose Defined)**

An assignment is void under the doctrine of champerty if an intent to bring

suit formed the primary motivation for the assignment.  On the other hand, an

assignment is not void if bringing a lawsuit was merely an incidental, secondary, or

contingent purpose of the assignment.  It is also not void merely because MSP

planned to collect on a debt and saw litigation as one potential way to do so.


Source:  *Justinian Cap. SPC v. WestLB AG*, 65 N.E.3d 1253 (N.Y. 2016); *Elliott
Assocs. v. Republic of Panama*, 975 F. Supp. 332 (S.D.N.Y. 1997)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

(b)    SummaCare

**Instruction No. 35.        Sources Cited
(Champerty)**

Defendants assert that the assignment of rights from SummaCare to MSP is

also void under Ohio's doctrine of champerty.  Defendants have the burden to

show the assignment is void under the doctrine of champerty.  Their burden as to

SummaCare is somewhat different than their burden as to EmblemHealth because

a different state's law applies.  As to SummaCare, the defendants must show, by a

preponderance of the evidence, that MSP will receive a stake of any recovery if it

receives a favorable result in this suit.

Source:  *Rancman v. Interim Settlement Funding Corp.*, 789 N.E.2d 217 (Ohio
2003); *Hiles v. Novastar Mortg., Inc.*, No. 1:12-cv-392, 2012 WL 4813775 (S.D.
Ohio Oct. 10, 2012); *MSP Recovery Claims, Series LLC v. Abbott Labs.*, No. 19-
21607 (FLW) (ZNQ), 2021 WL 2177548 (D.N.J. May 28, 2021)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 36.    Sources Cited
### (Assignment Validity)

Defendants assert that the assignment of rights from SummaCare to MSP was invalid because it assigned a contingent future interest and is therefore void under Ohio law.  Under Ohio law, MSP cannot bring a suit unless SummaCare had already established liability and the right to recover damages from these defendants before assigning its claim.

Source:  *W. Broad Chiropractic v. Am. Fam. Ins.*, 912 N.E.2d 1093 (Ohio 2009); *Three-C Body Shops, Inc. v. Francois*, 2020-Ohio-4710 (Ct. App. 2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## C.    Overview of Plaintiffs' Claims

### Instruction No. 37.    Overview

If you conclude that MSP has proven its worthlessness theory and that MSP has the right to sue on one or both of the alleged assignments from EmblemHealth and SummaCare, you will proceed to consider MSP's claims.

As I explained previously, MSP is pursuing three claims in this case:  breach of express warranty, fraud, and violation of consumer protection laws.  These claims are governed by the laws of different states.  That is because MSP is asserting the claims in this case on behalf of a class of third-party payors, and that class is divided into subclasses based on the states in which the third-party payors paid any money for the VCDs.  As a result, I will instruct you on the law of each state at issue for each claim at issue.

I will first instruct you on the laws applicable to MSP and the class members' express-warranty claims.  I will next instruction you on the laws applicable to MSP and the class members' fraud claims.  Then I will instruct you on the laws applicable to MSP and the class members' consumer protection claims.  Finally, I will separately instruct you on the laws that apply to the issue of damages.

Source:  None

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### D.     Express Warranty

#### 1.     Alabama

**Instruction No. 38.        2 Ala. Pattern Jury Instr. Civ. 32.18 (3d ed.)
(Breach of Warranty – Express Warranty – Elements)**

MSP asserts a claim for breach of express warranty under Alabama law. MSP says that valsartan API and VCDs did not conform to the express warranty given by each defendant, and that as a result, every class member that paid for VCDs in Alabama was harmed.

To recover for breach of express warranty under Alabama law, MSP must prove the following for each defendant, as to every class member that paid for VCDs in Alabama:

1. The defendant sold the valsartan API and/or VCDs to every class member that paid for VCDs in Alabama, and created an express warranty about valsartan API and VCDs to every class member that paid for VCDs in Alabama;

2. The valsartan API and VCDs paid for by every class member that paid for VCDs in Alabama did not conform to the express warranty;

3. Every class member that paid for VCDs in Alabama was harmed as a result of valsartan API and VCDs' failure to conform to the express warranty; and

4. Every class member that paid for VCDs in Alabama provided pre-suit notice to the defendant that valsartan API and VCDs did not conform to the express warranty.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

<u>Source</u>:  2 Ala. Pattern Jury Instr. Civ. 32.18 (3d ed.) (modified to add notice requirement; see subsequent instruction on notice); optional privity instruction included because as indicated in the references to the pattern instruction, "plaintiff must prove privity of contract in an action on an express warranty when natural persons are not injured," as is the case here (citing *Barre v. Gulf Shores Turf Supply, Inc.*, 547 So. 2d 503, 504-05 (Ala. 1989))

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 39.        2 Ala. Pattern Jury Instr. Civ. 32.19 (3d ed.)
(Breach of Warranty – Express Warranty – Definition)**

An express warranty is:

1. A statement of fact or a promise about the product made by the defendant

that is part of the sale; or

2. Any description of the product that is part of the sale.

It is not necessary that the words "warrant" or "guarantee" be used, or that

the defendant has a specific intention to make a warranty.  However, a statement of

value or opinion by the defendant about the product does not create an express

warranty.

Source:  2 Ala. Pattern Jury Instr. Civ. 32.19 (3d ed.) (modified to exclude
reference to samples or models in definition 2 because those are not at issue in this
case)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 40.        Sources Cited
(Breach of Warranty – Causation – Definition)**

MSP need not prove that it or any class member relied on an express

warranty to prove harm as a result of any failure to conform with an express

warranty.  But MSP must prove that the express warranty was part of the basis of

the bargain between a defendant on the one hand and every class member that paid

for VCDs in Alabama on the other.

Source:  References cited in 2 Ala. Pattern Jury Instr. Civ. 32.19 (3d ed.) (citing
*Massey-Ferguson, Inc. v. Laird*, 432 So. 2d 1259 (Ala. 1983), which holds that
reliance is not required but the express warranty must be part of the basis of the
bargain)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 41.        Sources Cited
(Breach of Warranty – Notice – Definition)**

Notice is sufficient where it comports with the notice an ordinary tort-feasor would have of his breach of duty.  Written notice or notice threatening litigation is not required, but the filing of a lawsuit does not constitute sufficient pre-suit notice in claims alleging economic loss.

Source:  *Page v. Camper City & Mobile Home Sales*, 292 Ala. 562, 565 (1974); *Barrington Corp. v. Patrick Lumber Co.*, 447 So. 2d 785, 789 (Ala. Civ. App. 1984); *Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1285 (M.D. Ala. 2001); *Simmons v. Clemco Indus.*, 368 So. 2d 509, 513 (Ala. 1979)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

2.    **Arkansas**

**Instruction No. 42.        2 Ark. Model Jury Instr., Civ. AMI 1012**
**(Products Liability – Issues – Breach of Express Warranty)**

MSP also asserts a claim for breach of express warranty under Arkansas law. In order to recover for breach of an express warranty under Arkansas law, MSP must prove each of seven essential propositions as to each defendant:

First, MSP and every class member that paid for VCDs in Arkansas has sustained damages.

Second, that an express warranty was created by the defendant.

Third, that every class member that paid for VCDs in Arkansas relied on the express warranty.

Fourth, that the valsartan API and VCDs did not conform to the express warranty created.

Fifth, that failure of the valsartan API and VCDs to conform to the express warranty was the proximate cause of injury to every class member that paid for VCDs in Arkansas;

Sixth, that every class member that paid for VCDs in Arkansas was among those whom the defendant might reasonably expect to be affected by the failure to conform to the express warranty; and

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Seventh, that every class member that paid for VCDs in Arkansas notified the defendant of the breach within a reasonable time after they discovered or should have discovered it.

If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for the plaintiff and the class members (against the party or parties which made and breached the express warranty); but if, on the other hand, you find from the evidence that any of the propositions has not been proved, then your verdict should be for the defendant.

Keep in mind the following definitions in evaluating these propositions.

Any affirmation of fact or promise made by the defendant to the class members that paid for VCDs in Arkansas that relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

Any description of the goods that is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

It is not necessary to the creation of an express warranty that the defendant use formal words such as "warrant" or "guarantee" or that it has a specific intention to make a warranty. On the other hand, an affirmation merely of the value of the goods or a statement purporting to be merely the defendant's opinion or commendation of the goods does not create a warranty.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

The class members that paid for VCDs in Arkansas must provide the

defendant notice of a claimed breach of express warranty prior to bringing a

lawsuit.  Notice need not be in writing, but it must be sufficient to let the defendant

know that the transaction in question is troublesome and must be watched.  The

purpose of notice is to give the defendant an opportunity to minimize damages in

some way.  As such, the filing of a complaint in a lawsuit itself does not constitute

adequate notice.

Source:  Ark. Model Jury Instr., Civ. AMI 1012 (reorganized to reduce confusion;
reference to sample or model removed because not relevant to the facts of this
case); Ark. Model Jury Instr., Civ. AMI 1010 (referred to in AMI 1012 for
situations in which instruction on notice is required)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

3.    **Florida**

**Instruction No. 43.        1 Fla. Std. Jury Instr. § 403.4 (2015)
(Breach of Warranty – Express Warranty – Elements)**

MSP also asserts a claim for breach of express warranty under Florida law.

In order to recover for breach of an express warranty under Florida law, MSP must

prove each of the following as to each defendant:

(1) a sale of valsartan API or VCDs;

(2) an express warranty by the defendant relating to those goods;

(3) justifiable reliance by every class member that paid for VCDs in Florida

on that express warranty as part of the basis of the bargain;

(4) a breach of that express warranty;

(5) manifestation of a defect in the valsartan API or VCDs;

(6) notice to the defendant of the alleged breach; and

(7) damage sustained by every class member that paid for VCDs in Florida

as a result of the breach.

Valsartan API or the VCDs were defective if they did not conform to

representations of fact made by a defendant, orally or in writing, in connection

with the sale on which every class member that paid for VCDs in Florida relied in

the purchase and use of the product (i.e., an "express warranty").  The

representation must be one of fact, rather than opinion.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

"Manifestation of a defect" means that the aspect of the product that is

alleged to constitute the breach of express warranty actually caused injury. The

mere propensity to cause injury does not constitute a manifestation of a defect.

Source:  1 Fla. Std. Jury Inst. § 403.4 (2015); modified to break out individual elements of claim and to define manifestation of defect based on *A&E Adventures LLC v. Intercard, Inc.*, 529 F. Supp. 3d 1333, 1353 (S.D. Fla. 2021) (elements 1, 2, 4, 6, and 7); *Thursby v. Reynolds Metals Co.*, 466 So. 2d 245, 250 (Fla. Dist. Ct. App. 1984) (justifiable reliance); *Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla.*, 637 So. 2d 968, 970 (Fla. Dist. Ct. App. 1994) (same); *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, No. 3:12-CV-1366-HES-JBT, 2016 WL 7666179, at *20 (M.D. Fla. May 12, 2016) (manifestation of defect) (holding that "Florida courts have clearly held that manifestation of a defect is required to maintain a claim for breach of warranty" and that a "class must be limited to those individuals who suffered damages"—under facts of the case, to class members whose air conditioner's evaporator coils actually leaked, and not those whose coils had mere propensity to leak); *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-61686-CIV, 2013 WL 6328734, at *2 (S.D. Fla. Dec. 5, 2013) (similar)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

4.    **<u>Georgia</u>**

**Instruction No. 44.        Sources Cited**
**(Breach of Warranty – Express Warranty – Elements)**

MSP also asserts a claim for breach of express warranty under Georgia law.

In order to recover for breach of an express warranty under Georgia law, MSP

must prove each of the following as to each defendant:

(1) the defendant made an express warranty to every class member that paid

for VCDs in Georgia with respect to the valsartan API and/or VCDs;

(2) there was a buyer-seller relationship between the defendant and =every

class member that paid for VCDs in Georgia;

(3) Every class member that paid for VCDs in Georgia relied on the express

warranty given by the defendant in deciding to pay for the VCDs;

(4) the valsartan API and/or the VCDs failed to conform with the express

warranty; and

(5) Every class member that paid for the VCDs in Georgia was injured as a

result.

An express warranty is any affirmation of fact or promise made by the seller

to the buyer that relates to the goods and becomes part of the basis of the bargain.

Any description of the goods which is made part of the basis of the bargain and

received by the buyer creates an express warranty that the goods shall conform to

the description.  It is not necessary to the creation of an express warranty that the

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

seller use formal words such as "warrant" or "guarantee" or that the seller have a

specific intention to make a warranty, but MSP must identify a specific statement

that gives rise to an express warranty, and the specific statement must have been

received by every class member that paid for VCDs in Georgia.  An affirmation

merely of the value of the goods or a statement purporting to be merely the seller's

opinion or commendation of the goods does not create a warranty.

Source:  1 Ga. Jury Inst. § 18.052; modified to break out individual elements of
claim based on O.G.C.A. § 11-2-318 (privity required except in limited
circumstances not relevant here); O.G.C.A. § 11-2-313 (definition of express
warranty); *Green v. Medtronic, Inc.*, No. 1:19-CV-3242-TWT, 2019 WL 7631397,
at *6 (N.D. Ga. Dec. 31, 2019) (noting requirement of "specific statement" and of
privity), *vacated on other grounds*, 2020 WL 4577713 (May 1, 2020); *In re
Hardieplank Fiber Cement Siding Litig.*, 284 F. Supp. 2d 918, 933 (D. Minn.
2018) (buyer must have been exposed to an alleged affirmation for it to constitute
an actionable express warranty); *Servais v. Philbrick*, 380 S.E.2d 496, 497 (Ga. Ct.
App. 1989) ("To recover for an express warranty it is necessary to show that the
statement was intended to be an express warranty and that it was relied upon as
such.") (citation omitted)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

5.  **Mississippi**

**Instruction No. 45.        Miss. Plain Lang. Model Jury Instr. Civil § 3604
(Express Warranty – Elements)**

MSP also asserts a claim for breach of express warranty under Mississippi

law.  In order to recover for breach of an express warranty under Mississippi law,

MSP must prove each of the following as to each defendant:

1. The defendant manufactured valsartan API and/or VCDs; and

2. When the valsartan API and/or VCDs left the defendant's control, the

defendant claimed that they were safe for their intended use, and either the

defendant's statements were an actual warranty of how valsartan API and VCDs

would perform, or every class member that paid for VCDs in Mississippi

reasonably relied on these claims when they decided to pay or reimburse insured

patients for the VCDs; and

3. The claims were false, which made the valsartan API and VCDs

defective; and

4. The defective condition made the valsartan API and VCDs unreasonably

dangerous for use; and

5. Every class member that paid for the VCDs in Mississippi was harmed by

the valsartan API and VCDs; and

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

6. The defective condition of the valsartan API and VCDs was a substantial factor in causing the damage to every class member that paid for the VCDs in Mississippi; and

7. The defendant received notice from MSP and every class member that paid for VCDs in Mississippi within a reasonable time after the alleged breach.

A defendant is liable only for its own express warranty and the VCDs it manufactured; it cannot be liable for the statements or products of another person or entity.

In order to prove reasonable reliance, MSP must show that every class member that paid for VCDs in Mississippi actually received and relied upon the alleged express warranty at issue.

Source:  Miss. Plain Lang. Model Jury Instr. Civil § 3604; modified based on *Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 368 (5th Cir. 2002) (notice); *Steel Dynamics Columbus, LLC v. Altech Env't USA Corp.*, 273 F. Supp. 3d 627, 644 (N.D. Miss. 2017) (non-consumer buyer subject to notice requirement), *aff'd sub nom. Steel Dynamics Columbus, L.L.C. v. Altech Env't USA Corp.*, 734 F. App'x 234 (5th Cir. 2018); *Murray v. Gen. Motors, L.L.C.*, 478 F. App'x 175, 178-79 (5th Cir. 2012) (no express warranty liability for a defendant that is a mere "conduit" for another's warranty); *Lashley v. Pfizer, Inc.*, 877 F. Supp. 2d 466, 478 (S.D. Miss. 2012) (burden on plaintiff to prove that he used the defendant's product specifically, not simply a generic drug of the type that the defendant (among others) manufactures); *Forbes v. Gen. Motors Corp.*, 935 So. 2d 869, 875 (Miss. 2006) (plaintiff was permitted to assert express-warranty claim based on user manual he did not read only because a sales representative orally conveyed the warranty to him prior to purchase)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

6.    **Montana**

**Instruction No. 46.        Sources Cited
(Express Warranty – Elements)**

MSP also asserts a claim for breach of express warranty under Montana law. In order to recover for breach of an express warranty under Montana law, MSP must prove each of the following as to each defendant:

(1) the defendant made an express warranty to every class member that paid for VCDs in Montana with respect to the valsartan API and/or VCDs;

(2) Every class member that paid for VCDs in Montana relied on the express warranty given by the defendant in deciding to pay for the VCDs;

(3) the valsartan API and/or VCDs failed to conform with the express warranty;

(4) every class member that paid for VCDs in Montana was injured as a result; and

(5) Every class member that paid for VCDs in Montana gave notice of breach to the defendant within a reasonable time after discovering it.

Source:  Mont. Pattern Civ. Jury Instrs. 14.01-.04, 14.12

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 47.        Mont. Pattern Civ. Jury Instr. 14.01
(Warranty – Express Warranty (General))**

Any direct and positive representation of a fact made orally or in writing by the defendant to every class member that paid for VCDs in Montana that relates to the goods, which became part of the basis of the bargain between every class member that paid for VCDs in Montana and the defendant, constitutes an express warranty that the goods shall conform to the representation.

Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

<u>Source</u>:  Mont. Pattern Civ. Jury Instr. 14.01

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 48.    Mont. Pattern Civ. Jury Instr. 14.02
(Warranty – Express Warranty (Formal Words Not Required))**

An express warranty may be created even though the defendant does not use formal words such as "warrant" or "guarantee" and even though the defendant does not have a specific intention to make a warranty.

<u>Source</u>:  Mont. Pattern Civ. Jury Instrs. 14.02

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 49.      Mont. Pattern Civ. Jury Instr. 14.03
(Warranty – Express Warranty (Statement of Opinion))**

A statement purporting to be merely the defendant's opinion or belief with respect to the transaction, or commendation of the goods does not create an express warranty.  In determining whether statements made by the defendant were an expression of opinion, as opposed to statements of fact, you may consider the surrounding circumstances under which the statement was made, the manner in which the statement was made and the ordinary effect of the words used.  You may also consider the relationship of the parties and the subject matter with which the statement was concerned.

<u>Source</u>:  Mont. Pattern Civ. Jury Instr. 14.03

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 50.        Mont. Pattern Civ. Jury Instr. 14.04
### (Warranty – Express Warranty (Buyer's Examination of Goods))

The class members that paid for VCDs in Montana may have relied on an express warranty even though they had the opportunity to but did not examine the goods before making the purchase.  If they actually examined them, they may still have relied on the defendant's express warranty rather than their own examination as to any defect which was latent and concealed.

Source:  Mont. Pattern Civ. Jury Instrs. 14.04

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 51.        Mont. Pattern Civ. Jury Instr. 14.12
(Warranty – Notice of Breach)**

A defendant is not liable for a breach of warranty unless the plaintiff, within a reasonable time after he/she discovers or should have discovered any breach, notifies the defendant of the breach.  What is reasonable time depends upon the nature of the contract, the kind of goods involved and all the surrounding circumstances.  The notice need not be in any particular form and it may be either oral or written.  It must, however, fairly inform the defendant of a breach of warranty and that the plaintiff looks to the defendant for damages.

<u>Source</u>:  Mont. Pattern Civ. Jury Instr. 14.12

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

7.    **Nebraska**

**Instruction No. 52.        Nebraska Jury Instructions (NJI) 2d Civ. 11.40
(Breach of Express Warranty – Burden of Proof)**

MSP also asserts a claim for breach of express warranty under Nebraska

law.  In order to recover for breach of an express warranty under Nebraska law,

MSP must prove each of the following as to each defendant:

1. That the defendant sold the valsartan API or VCDs;

2. That the defendant made an express warranty concerning the valsartan

API or VCDs;

3. That every class member that paid for VCDs in Nebraska relied on this

warranty;

4. That every class member that paid for VCDs in Nebraska was a party who

could have been expected to be affected by the valsartan API and VCDs;

5. That the valsartan API and VCDs were not in compliance with the

warranty;

6. That, within a reasonable time after every class member that paid for

VCDs in Nebraska discovered the breach, they gave the defendant notice of

breach;

7. That the failure of the goods to perform as warranted was a proximate

cause of some damage to every class member that paid for the VCDs in Nebraska;

and

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

8. The nature and extent of that damage.


<u>Source</u>:  Nebraska Jury Instructions (NJI) 2d Civ. 11.40; introductory statement
modified; reliance language added based on *Hillcrest Country Club v. N.D. Judds
Co.*, 236 Neb. 233, 241 (1990)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 53.          Nebraska Jury Instructions (NJI) 2d Civ. 11.41
(Express Warranty Defined)**

An express warranty is created in any of the following ways:

1. If the defendant made a statement of fact or a promise to the class members that paid for the VCDs in Nebraska, which related to the goods and became part of the basis of the bargain, that created an express warranty that the goods would conform to the statement of fact or promise.

2. If a description of the goods was part of the basis of the bargain, that created an express warranty that the goods would conform to the description.

An express warranty may be created even if formal words such as "warranty" or "guarantee" are not used, and even if the defendant does not have a specific intention to make a warranty. On the other hand, a statement of the value of the goods or a statement purporting to be the defendant's opinion or commendation of the goods, does not, by itself, create a warranty.

Source: Nebraska Jury Instructions (NJI) 2d Civ. 11.41

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 54.        Nebraska Jury Instructions (NJI) 2d Civ. 11.45
(Notice of Breach of Warranty)**

As I said a moment ago, in order to recover for breach of warranty, MSP must prove that every class member that paid for VCDs in Nebraska notified the defendant of the breach, and that they did so within a reasonable time after they discovered the breach.

You must determine what amount of time is reasonable. In doing so, take into consideration the circumstances shown by the evidence in this case and the nature of the act to be done, that is, giving notice.

The notice may be oral or written. It does not have to be in any particular form and it does not have to use any particular words. Notice is sufficient if it informs the defendant of the alleged breach of warranty.

Source:  Nebraska Jury Instructions (NJI) 2d Civ. 11.45

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

8. **Nevada**

**Instruction No. 55.        1 Nevada Pattern Jury Instructions Civil 7.9**
**(Breach of Warranty in General)**

MSP also asserts a claim for breach of express warranty under Nevada law.

In order to recover for breach of an express warranty under Nevada law, MSP must

prove each of the following as to each defendant:

1. The defendant and every class member that paid for VCDs in Nevada

entered into a contract for the sale of goods; and

2. The defendant expressly warranted the goods sold;

3. The goods did not conform to the express warranty;

4. The warranty was not appropriately excluded or modified;

5. The breach of warranty was the legal cause of damage, loss or harm to

every class member that paid for VCDs in Nevada; and

6. Every class member that paid for VCDs in Nevada gave the defendant

timely notice of the breach of warranty.

Source:  1 Nevada Pattern Jury Instructions Civil 7.9; introductory statement
modified

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 56.       1 Nevada Pattern Jury Instructions Civil 7.10
(Causation in General)**

A legal cause of injury, damage, loss or harm is a cause which is a substantial factor in bringing about the injury, damage, loss or harm.

Evidence of an unexpected, dangerous malfunction gives rise to an inference of a manufacturing defect.  Therefore, the malfunctioning of a product is circumstantial evidence of a defective condition in spite of the lack of evidence of any specific defect in the product.

<u>Source</u>:  1 Nevada Pattern Jury Instructions Civil 7.10

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 57.      1 Nevada Pattern Jury Instructions Civil 7.12
(Definition of Express Warranty)**

To establish a claim of breach of warranty, MSP must show that the

defendant warranted the product to every class member that paid for VCDs in

Nevada.  In order to show that the defendant expressly warranted the product, MSP

must show for each defendant that every class member that paid for the VCDs in

Nevada purchased the product from the defendant and:

1. The defendant made an affirmation of fact relating to the goods and that

affirmation became a part of the basis for the bargain; or

2. The defendant gave a description of the goods and that description

became a part of the basis for the bargain.

It is not necessary for formal words such as "guarantee" or "warranty" to be

stated to create an express warranty.  All statements of the defendant become a

basis of the bargain unless there is good reason shown to the contrary.

Mere opinion, puffery, or commendations of the goods are not sufficient to

form an express warranty.

MSP is not required to demonstrate actual reliance by the class members that

paid for VCDs in Nevada on an express warranty in order to establish a breach of

warranty.  However, if any class member that paid for VCDs in Nevada was aware

that a product did not conform to a representation and paid for it anyway, it is

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

possible the representation did not become a basis for the bargain, and therefore

that no express warranty was formed.

Source:  1 Nevada Pattern Jury Instructions Civil 7.12; modified as to awareness in last sentence by *Allied Fidelity Insurance Co. v. Pico*, 656 P.2d 849, 850 (Nev. 1983)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 58.    1 Nevada Pattern Jury Instructions Civil 7.16 (Notice of a Breach of Warranty)

The defendant is relieved of liability if the class members do not give timely notice of a breach of warranty.  For the defendant to establish that timely notice was not given, the defendant must show:

The class members that paid for the VCDs in Nevada purchased the goods from the defendant and:

1. The class members discovered or reasonably should have discovered a defect or nonconformity in the product within a certain period of time; and

2. The class members failed to provide notice to the defendant within a reasonable period of time with regard to the defect or nonconformity discovered.

<u>Source</u>:  1 Nevada Pattern Jury Instructions Civil 7.16

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

9.    **New Hampshire**

**Instruction No. 59.        Sources Cited
(Express Warranty – Elements)**

MSP also asserts a claim for breach of express warranty under New

Hampshire law.  In order to recover for breach of an express warranty under New

Hampshire law, MSP must prove each of the following as to each defendant:

1. Every class member that paid for VCDs in New Hampshire entered into a

contract for the sale of the VCDs with the defendant;

2. The defendant made representations of fact about the valsartan API and/or

VCDs that formed part of the basis of the bargain;

3. The VCDs did not conform to the express warranty;

4. The warranty was not appropriately excluded or modified;

5. The breach of warranty was the legal cause of damage, loss or harm to

every class member that paid for the VCDs in New Hampshire; and

6. MSP and every class member that paid for VCDs in New Hampshire gave

the defendant timely notice of the breach of warranty.

Source:  *Hagenbuch v. Snap-On Tools Corp.*, 339 F. Supp. 676, 680 (D.N.H. 1972)
(noting that representations form part of the basis of the bargain); *Precourt v.
Fairbank Reconstruction Corp.*, 856 F. Supp. 2d 327, 340 (D.N.H. 2012) (citing
RSA 382-A:2-607(3)) (notice requirement); *see* N.H. Rev. Stat. Ann. § 382-A:2-
714(1) ("Where the buyer has accepted goods and given notification (subsection
(3) of Section 2-607) he may recover as damages for any non-conformity of tender
the loss resulting in the ordinary course of events from the seller's breach as
determined in any manner which is reasonable.")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 60.        1 New Hampshire Civil Jury Instruction 23.10, 23.12,
23.13 (2022)
(Warranty – Definition)**

A warranty is a promise or guarantee by a manufacturer or defendant that its product is of a certain quality or character.  There are several different kinds of warranties.

When a defendant makes a statement that relates to the goods and becomes a part of the basis of the bargain, it creates an express warranty that the product will conform to its statement.  It doesn't make any difference if the statement is made in writing or orally.

A defendant may create an express warranty by advertising the product, showing the plaintiff a sample or describing the product.

Source:  1 New Hampshire Civil Jury Instruction 23.10, 23.12, 23.13 (2022)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 61.        1 New Hampshire Civil Jury Instruction 23.11 (2022)
(Notice of Breach)**

MSP must prove that every class member that paid for VCDs in New Hampshire gave notice to the defendant of the claimed breach of warranty within a reasonable time after they discovered or should have discovered the breach.

Notice need not be in any particular form.  Notice is sufficient if it informs the defendant that the plaintiff or class member claims there has been a breach of warranty so that the defendant and plaintiff or class member may attempt to settle their differences.  If MSP and the class members failed to give notice, they cannot recover for breach of warranty.

Source:  1 New Hampshire Civil Jury Instruction 23.11 (2022)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

10. **New York**

**Instruction No. 62.    New York Civil Pattern Jury Instructions (NY PJI) 2:140**
**(Manufacturer's Liability for Breach of Express Warranty)**

MSP also asserts a claim for breach of express warranty under New York law. In order to recover for breach of an express warranty under New York law, MSP must prove each of the following as to each defendant:

1. The defendant made a representation in the labeling or advertising for the valsartan API and/or the VCDs;

2. The valsartan API and/or the VCDs did not conform to the representation;

3. Every class member that paid for VCDs in New York paid for VCDs that were used for the purpose and in the manner intended;

4. Every class member that paid for the VCDs in New York was among those who could reasonably be expected to use, consume or be affected by the valsartan API and/or VCDs;

5. Every class member that paid for VCDs in New York by the use of reasonable care would not have both discovered the breach and realized its danger;

6. Every class member that paid for VCDs in New York experienced a defect that manifested itself in the product or recognized a loss of value as a result of an unmanifested defect;

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

7. The breach of warranty was a substantial factor in bringing about injury to every class member that paid for VCDs in New York; and

8. Every class member that paid for VCDs in New York provided the defendant with pre-suit notice of the alleged breach.

Source:  New York Civil Pattern Jury Instructions (NY PJI) 2:140; introductory statement modified; instruction reorganized to make less confusing; modified further based on *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 590 (S.D.N.Y. 2021) (notice); and *In re Toyota Motor Corp.*, No. 8:10ML 02151 JVS (FMOx), 2012 WL 12929769, at *13 (C.D. Cal. May 4, 2012) (manifestation of defect)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 63.         New York Civil Pattern Jury Instructions (NY PJI)
2:70
(Proximate Cause – in General)**

An act or omission is regarded as a cause of an injury if it was a substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury.  There may be more than one cause of an injury, but to be substantial, it cannot be slight or trivial.  You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it.

<u>Source</u>:  New York Civil Pattern Jury Instructions (NY PJI) 2:70

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

11.    **North Carolina**

### Instruction No. 64.        Sources Cited
### (Express Warranty – Elements)

MSP also asserts a claim for breach of express warranty under North

Carolina law.  In order to recover for breach of an express warranty under North

Carolina law, MSP must prove each of the following as to each defendant:

1. The defendant expressly warranted to every class member that paid for

VCDs in North Carolina that the valsartan API and/or VCDs would conform to a

description;

2. Every class member that paid for VCDs in North Carolina relied on the

express warranty;

3. The defendant breached the express warranty to every class member that

paid for VCDs in North Carolina in that the valsartan API and/or VCDs did not

conform to the express warranty;

4. Every class member that paid for VCDs in North Carolina was injured as

a result of the breach; and

5. Every class member that paid for VCDs in North Carolina gave

reasonable notice to defendant of the breach.


Source:  N.C. Pattern Jury Instr. - Civ. 741.05 & .10; *Harbor Point Homeowners'
Ass'n ex rel. Bd. of Directors v. DJF Enters., Inc.*, 697 S.E.2d 439, 447(reliance);
*Halprin v. Ford Motor Co.*, 420 S.E.2d 686, 691 (N.C. Ct. App. 1992) (citing
N.C.G.S. § 25-2-607 Official Comment 4 (1986)) (notice)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 65.        N.C. Pattern Jury Instr. - Civ. 741.05
### (Issue of Existence of Express Warranty)

To create an express warranty, a defendant need not use such formal words such as "warrant" or "guarantee," or even have a specific intention to create a warranty.  Moreover, a warranty is not created by a mere statement of the value of valsartan API and/or VCDs or a defendant's mere opinion or commendation of valsartan API and/or VCDs.

An express warranty may be created in several ways.  The defendant created an express warranty if it made a promise or representation of fact the class members that paid for VCDs in North Carolina that related to the valsartan API and VCDs being sold and which became part of the basis of the bargain between them.  An express warranty created this way requires that the valsartan API and VCDs being sold conformed to the defendant's promise or representation of fact.

The defendant also created an express warranty if it made a description of the valsartan API and VCDs being sold part of the basis of the bargain with every class member that paid for VCDs in North Carolina.  An express warranty created this way requires that the valsartan API and VCDs being sold conformed to the defendant's description.

Source:  N.C. Pattern Jury Instr. - Civ. 741.05, modified to reduce redundancy

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 66.        N.C. Pattern Jury Instr. - Civ. 741.10
(Warranties in Sales of Goods—Issue of Breach of Express Warranty)**

A breach occurs when the goods fail in any respect to conform to the express

warranty made by the defendant.  That is, the goods do not conform to the promise

or representation of fact made by the defendant to any class member that paid for

VCDs in North Carolina that related to the goods and became part of the basis of

the bargain between them.

Source:  N.C. Pattern Jury Instr. - Civ. 741.10, modified to reduce redundancy

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 67.        Sources Cited
### (Express Warranty—Notice)

MSP must also prove that it and every class member provided the defendant

reasonable notice prior to filing suit.  Reasonable notice would inform the

defendant that the transaction is claimed to involve a breach and provide it

sufficient time to elect to remedy the alleged breach in order to avoid a lawsuit.


<u>Source</u>:  *Halprin v. Ford Motor Co.*, 420 S.E.2d 686, 691 (N.C. Ct. App. 1992)
(citing N.C.G.S. § 25-2-607 Official Comment 4 (1986))

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

12. **Ohio**

### Instruction No. 68.    Sources Cited
### (Express Warranty – Elements)

MSP also asserts a claim for breach of express warranty under Ohio law.  In order to recover for breach of an express warranty under Ohio law, MSP must prove each of the following as to each defendant:

1. The defendant made an express warranty in the form of an affirmation of fact to every class member that paid for VCDs in Ohio that the valsartan API and VCDs would conform to a description;

2. The affirmation of fact became part of the basis of the bargain between every class member that paid for VCDs in Ohio;

3. The defendant defaulted under the warranty;

4. Every class member that paid for VCDs in Ohio was injured as a result; and

5. Every class member that paid for VCDs in Ohio notified the defendant of the breach within a reasonable time.

Source:  1 OJI-CV 505.11; modified to reduce confusion, and on the basis of *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 636 (Ohio 1989) (notice)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 69.        1 OJI-CV 505.11
### (Express Warranties)

1. INTRODUCTION.  An express warranty may accompany a sale of goods and arises from the agreed terms of the sale.  If a defendant defaults under this type of warranty, the plaintiff and the class members have remedies that will be discussed later.

2. FORMATION OF EXPRESS WARRANTY.  If you find that (a) an affirmation of fact was made by the defendant and (b) the affirmation of fact became a part of the basis of the bargain between the defendant and every class member that paid for VCDs in Ohio, then the agreement contains an express warranty that the goods will conform to the affirmation of fact.

3. PROMISE OR AFFIRMATION OF FACT.  The defendant has made an affirmation of fact if, from the facts and circumstances in evidence, you find that a reasonable person in the position of the class members that paid for VCDs in Ohio would believe that the defendant had made an affirmation of fact about the goods.

4. BASIS OF THE BARGAIN.  It is not necessary that the promise or affirmation be the motivating factor of the sale or be relied upon by any class member that paid for VCDs in Ohio; it is sufficient if the affirmation of fact is one of the bases of the bargain.  If you find, however, that the class members that paid for VCDs in Ohio did rely on the affirmation of fact, the affirmation of fact would then be part of the basis of the bargain.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

5. WARRANTY VS. PUFFING.  No special words are needed to create an express warranty.  There is no requirement that the words "warranty" or "guaranty" be used, nor must the defendant intend to create a warranty.  An express warranty is created if a reasonable person in the position of every class member that paid for VCDs in Ohio would understand that the defendant was making a promise as to the performance of the goods or asserting a fact about the condition of the goods.  If you find, however, from all of the facts and circumstances in evidence, that a reasonable person in the position of any class member that paid for VCDs in Ohio would understand that the statement was only an opinion or commendation of the goods by the defendant, that statement is not an express warranty.

6. THE DEFENDANT'S KNOWLEDGE.  An express warranty has been formed by the affirmation of fact whether or not the defendant knew the affirmation of fact was untrue or intended that the promise would be performed.

7. TIME OF MAKING THE PROMISE OR AFFIRMATION.  The affirmation of fact need not be made before the sale is made.  An affirmation of fact made after the sale creates an express warranty if you find that the affirmation of fact became a part of the basis of the bargain.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

8. GOODS SOLD BY DESCRIPTION.  The defendant need not make the statement; the statement could be made by an agent or representative of the defendant.

If you find that the goods were described and that the description became a part of the basis of the bargain between the parties, the agreement contains an express warranty that the goods will conform to the description.  It is not necessary that the description be the sole basis of the bargain; it is sufficient if the description is one of the bases of the bargain.

9. NOTICE.  Every class member that paid for VCDs in Ohio must notify the defendant of a breach of warranty claim within a reasonable time.  The notice must be sufficient to let the seller know that the transaction is troublesome and must be watched.  The filing of a complaint might be, but is not necessarily, sufficient notice.

Source:  1 OJI-CV 505.11; modified on the basis of *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 636 (Ohio 1989) (notice)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

13.    **Oregon**

**Instruction No. 70.    UCJI No. 67.03**
**(Breach of Express Warranty)**

MSP also asserts a claim for breach of express warranty under Oregon law.

In order to recover for breach of an express warranty under Oregon law, MSP must

prove each of the following as to each defendant:

(1) The defendant made one or more express warranties to every class

member that paid for VCDs in Oregon relating to the valsartan API and VCDs;

(2) The defendant breached one or more of the express warranties because

the valsartan API and VCDs did not conform to one or more of the express

warranties;

(3) Every class member that paid for VCDs in Oregon notified the defendant

of the breach within a reasonable time after they discovered or should have

discovered the breach; and

(4) Every class member that paid for VCDs in Oregon sustained damages

resulting from the defendant's breach.

Source: 67.03 BREACH OF EXPRESS WARRANTY (UCC), UCJI No. 67.03;
introductory sentence modified

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 71.        UCJI No. 67.02
## (Breach of Express Warranty)

If the defendant made an affirmation of fact or promise to every class member that paid for VCDs in Oregon that related to the valsartan API and VCDs and was part of the basis of the parties' bargain, then the defendant created an express warranty that the valsartan API and VCDs would conform to the affirmation or promise.

Alternatively, if the defendant provided a description of the goods that was part of the basis of the parties' bargain, then the defendant created an express warranty that the goods would conform to the description.

An express warranty may be created without using formal words such as warrant or guarantee.  The defendant does not need to specifically intend to create an express warranty.  However, an affirmation merely of the value of the goods or a statement presented as merely the defendant's opinion or commendation of the goods does not create an express warranty.

Source: 67.03 BREACH OF EXPRESS WARRANTY (UCC), UCJI No. 67.02; introductory sentence modified

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

14.    **Rhode Island**

**Instruction No. 72.        Sources Cited
(Express Warranty – Elements)**

MSP also asserts a claim for breach of express warranty under Rhode Island law.  In order to recover for breach of an express warranty under Rhode Island law, MSP must prove each of the following as to each defendant:

1. Every class member that paid for VCDs in Rhode Island entered into a contract with the defendant for the sale of goods;

2. The defendant made an affirmation of fact or promise which related to the valsartan API and/or VCDs and became part of the basis of the bargain;

3. Every class member that paid for VCDs in Rhode Island was induced by these statements or representations to purchase the VCDs;

4. Every class member that paid for VCDs in Rhode Island relied on these statements or representations in purchasing the VCDs;

5. The VCDs did not conform to the express warranty;

6. The warranty was not appropriately excluded or modified;

7. The breach of warranty was the legal cause of damage, loss or harm to every class member that paid for VCDs in Ohio; and

8. Every class member that paid for VCDs in Ohio gave the defendant timely notice of the breach of warranty.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

<u>Source</u>:  *Ralston Dry-Wall Co. v. U.S. Gypsum*, 740 F. Supp. 926, 929 (D.R.I.
1990) (stating requirements for affirmations, inducement, and reliance);
*Oberlander v. Gen. Motors Corp.*, 798 A.2d 376, 379 (R.I. 2002) (providing
requirements for defect and causation); *Saber v. Dan Angelone Chevrolet*, 811
A.2d 644, 653 (R.I. 2002) (stating that notice is required); *Hyde v. Philip Morris,
Inc.*, No. C.A. 97-0359ML, 1998 WL 656074, at *7 (D.R.I. May 1, 1998) (same).

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 73.    RIJIC § 2007
### (Breach of Express Warranty)

An express warranty by the defendant is created by a statement of fact or promise made by the defendant to the plaintiff and the class members that relates to the goods sold.  It becomes part of the basis of the bargain and creates an express warranty that the goods shall conform to the affirmation or promise.  Any description of the goods that is made part of the basis of the bargain creates an express warranty that the goods shall conform to the product's description.  It is not necessary to the creation of an express warranty that the defendant use formal words such as "warranty" or "guarantee" or that the defendant has a specific intention to make a warranty.

However, a statement or affirmation merely of the value of the goods or a statement proposing to be merely the defendant's opinion or commendation of the goods does not create an express warranty.

Source:  R.I. Jury Instructions Civil § 2007

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 74.        RIJIC § 2010.1**
**(Notice)**

MSP and every class member that paid for VCDs in Rhose Island must have notified the defendant of a breach of warranty claim within a reasonable time or the claim is barred.

Whether the notice was sufficient to apprise the defendant that a claim arose and whether the notice was provided to the defendant within a reasonable time after MSP and the class members discovered the breach or should have discovered the breach is for the jury to determine based on the evidence submitted at the time of trial.

Source:  R.I. Jury Instructions Civil § 2010.1

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

15.    **South Carolina**

**Instruction No. 75.        Anderson, S.C. Requests to Charge - Civil, § 32-33
(Products Liability - Breach of Warranty – Elements)**

MSP also asserts a claim for breach of express warranty under South

Carolina law.  In order to recover for breach of an express warranty under South

Carolina law, MSP must prove each of the following as to each defendant:

(1) an affirmation of fact or a promise by the defendant;

(2) the natural tendency of the affirmation or promise was to induce every

class member that paid for VCDs in South Carolina to purchase the VCDs;

(3) such affirmation of fact or promise became a part of the basis of the

bargain;

(4) every class member that paid for VCDs in South Carolina purchased the

goods in reliance thereon;

(5) a breach of the express warranty by the defendant; and

(6) the breach proximately caused injury to every class member that paid for

VCDs in South Carolina.

Any affirmation of fact or promise, whether oral or written, made by the

seller to the buyer, whether directly or indirectly, which relates to the product and

becomes part of the basis of the bargain between the seller and the buyer

concerning the product creates an express warranty that the product conforms to

the affirmation or promise.  Moreover, any description of the product that is made

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

part of the basis of the bargain between the seller and the buyer creates an express warranty that the product shall conform to the description.

It is not necessary to the creation of an express warranty that the defendant use formal words such as "warrant" or "guarantee" or that the defendant have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the defendant's opinion or commendation of the goods does not create a warranty.

An express warranty by the defendant to the class members that paid for VCDs in South Carolina can be created by any affirmation of fact that relates to the goods and becomes part of the basis of the bargain. The warranty is that the goods will conform to the affirmation or promise. When goods do not conform to a promise or an affirmation of fact made by a defendant, or the goods do not conform to a description that is made part of the basis of the bargain, then a defendant has breached an express warranty.

Source:  Anderson, S.C. Requests to Charge - Civil, §§ 32-33, modified to streamline and omit reference to sample and model, which are not at issue

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

16.    **Texas**

**Instruction No. 76.        Sources Cited**
**(Breach of Warranty – Elements)**

MSP also asserts a claim for breach of express warranty under Texas law.  In order to recover for breach of an express warranty under Texas law, MSP must prove each of the following as to each defendant:

(1) the defendant sold the VCDs to every class member that paid for VCDs in Texas;

(2) the defendant made a representation to the plaintiff and the class members about the characteristics of the valsartan API and/or VCDs by affirmation of fact, by promise, or by description;

(3) the representation became part of the basis of the bargain;

(4) every class member that paid for VCDs in Texas relied on the warranty;

(5) the defendant breached the warranty;

(6) every class member that paid for VCDs in Texas notified the defendant of the breach; and

(7) the breach of warranty proximately caused injury to every class member that paid for VCDs in Texas.

Source:  *BCR Aviation, LLC v. Texas Gyro, Inc.*, No. 3:18-CV-2899-S, 2019 WL 2437034, at *3 (N.D. Tex. June 11, 2019) (listing elements of breach of express warranty); *Ackermann v. Wyeth Pharms.*, 471 F. Supp. 2d 739, 744 (E.D. Tex. 2006) (noting that reliance is required)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 77.       Tex. Civ. PJC § 102.9
(Express Warranty—Goods or Services (DTPA § 17.50(a)(2); Tex. UCC §
2.313))**

An express warranty is any affirmation of fact or promise made by the

defendant that relates to the Valsartan API or VCDs and becomes part of the basis

of the bargain.  It is not necessary that formal words such as "warrant" or

"guarantee" be used or that there be a specific intent to make a warranty.

Source:  Tex. Civ. PJC § 102.9

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 78.    Tex. Civ. PJC § 70.2
### (Express Warranty—Goods or Services (DTPA § 17.50(a)(2); Tex. UCC § 2.313))

"Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.

Source:  Tex. Civ. PJC § 70.2

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 79.        Source Cited
(Express Warranty—Manifestation)**

To prove injury, MSP must demonstrate that every VCD paid for by class

members in Texas manifested defects.


<u>Source</u>:  *Rosa v. Am. Water Heater Co.*, 177 F. Supp. 3d 1025, 1053 (S.D. Tex. 2016)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

17.    **Utah**

**Instruction No. 80.       MUJI 2d CV1029**
**(Breach of Warranty. Elements of Claim. (Tort))**

MSP also asserts a claim for breach of express warranty under Utah law.  In order to recover for breach of an express warranty under Utah law, MSP must prove each of the following as to each defendant:

(1) The defendant made an express warranty about the valsartan API and/or VCDs upon which every class member that paid for VCDs in Utah relied;

(2) The valsartan API and/or VCDs did not conform to this warranty, resulting in a defective and unreasonably dangerous condition;

(3) Every class member that paid for VCDs in Utah was harmed;

(4) The defective condition and failure of the valsartan API and/or VCDs to conform to the warranty was a cause of harm to every class member that paid for VCDs in Utah;

(5) The defendant reasonably expected that every class member that paid for VCDs in Utah would use or be affected by the valsartan API and/or VCDs; and

(6) Every class member that paid for VCDs in Utah gave the defendant notice of breach within a reasonable time after they knew, or in the exercise of reasonable care should have known, of the defect in the valsartan API and/or VCDs.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

MSP does not have to prove that the defendant knew or should have known

that the representation or promise it was making was false.  The defendant may be

at fault for breach of warranty even if it exercised reasonable care in making the

statement.

Source:  MUJI 2d CV1029; first sentence modified; modified to add notice
element per MUJI 2d CV1041

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 81.        MUJI 2d CV1024**
**(Breach of Warranty. Creation of an Express Warranty)**

An express warranty is created if:

(1) The seller makes a promise or statement of fact about the product that reasonably persuades the other party to rely on the promise or statement.  In that case, the seller has made an express warranty that the product will conform to the promise or statement.

(2) A description of the product is made part of the basis for the sale.  In that case there is an express warranty that the goods will conform to the description.

Source:  MUJI 2d CV1024; modified to omit sample or model, which are not relevant here

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 82.    MUJI 2d CV1025**
**(Breach of Warranty. Description of Goods.)**

A description of goods may be by words or may be expressed in any other manner, such as use of technical specifications or blueprints, which may be more exact than language.  As long as the description is made part of the basis for entering into the transaction, the goods must conform to that description.

Source:  MUJI 2d CV1025

113

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 83.        MUJI 2d CV1026
## (Breach of Warranty. What Is Not Required to Create an Express Warranty)

A warranty does not require any particular words.  Formal words such as "warrant" or "warranty" or "guarantee" are not necessary to create a warranty.

Also, the defendant does not have to specifically intend to create a warranty for a warranty to exist.

But a warranty is not created simply because the defendant stated the value of the product, gave its opinion about the product or recommended the product.

<u>Source</u>:  MUJI 2d CV1026

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 84.    MUJI 2d CV1027**
**(Breach of Warranty. Objective Standard to Create an Express Warranty.)**

You must consider any description of the product as a reasonable person would have understood it.  If a reasonable person would have relied on the description in buying the product, then you may find that the description created an express warranty.

In deciding whether a reasonable person would have relied on the description, you should consider such facts as:

(1) the ability of a reasonable person to see and understand whether the product conformed to the description;

(2) how specific or vague the description was; and

(3) how believable the description was.

Source:  MUJI 2d CV1027

115

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 85.      MUJI 2d CV1041
### (Breach of Warranty. Notice of Breach.)

A defendant is not liable for a breach of warranty unless every class member that paid for VCDs in Utah gave the defendant notice of the breach within a reasonable time after every class member that paid for VCDs in Utah knew, or in the exercise of reasonable care should have known, of the alleged defect in goods. What amounts to a reasonable time depends on the circumstances and the kind of product involved.

Notice may be oral or in writing; no particular form of notice is required. The notice must inform the defendant of the alleged breach of warranty and the plaintiff's intention to look to the defendant for damages.  Whether the class members that paid for VCDs in Utah gave this information to the defendant and, if so, whether every class member that paid for VCDs in Utah acted within a reasonable time are for you to determine.

<u>Source</u>:  MUJI 2d CV1041

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

18.    **Vermont**

### Instruction No. 86.        Sources Cited
### (Express Warranty – Elements)

MSP also asserts a claim for breach of express warranty under Vermont law.

In order to recover for breach of an express warranty under Vermont law, MSP

must prove each of the following as to each defendant:

1.  Every class member that paid for VCDs entered into a contract with the

defendant for the sale of the VCDs;

2. The defendant made representations of fact about the valsartan API and/or

VCDs that formed part of the basis of the bargain;

3. The VCDs did not conform to the express warranty;

4. The warranty was not appropriately excluded or modified;

5. The breach of warranty was the legal cause of damage, loss or harm to

every class member that paid for VCDs in Vermont; and

6. Every class member that paid for VCDs in Vermont gave the defendant

timely notice of the breach of warranty.

Source:  *Centrella v. Ritz-Craft Corp. of Pa.*, No. 2:14-CV-111-JMC, 2017 WL
3720757, at *4 (D. Vt. June 28, 2017) (proximate cause); *Ehlers v. Ben & Jerry's
Homemade Inc.*, No. 2:19-CV-00194, 2020 WL 2218858, at *8 (D. Vt. May 7,
2020) (representations of fact must be part of the basis of the bargain); *Agway, Inc.
v. Teitscheid*, 144 Vt. 76, 79, 472 A.2d 1250, 1252 (1984) (notice)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 87.        Sources Cited
## (Express Warranty – Definition)

An express warranty is created by: (a) any affirmation of fact or promise made by the defendant to every class member that paid for VCDs in Vermont that relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise; or (b) any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

Source:  *Ehlers v. Ben & Jerry's Homemade Inc.*, No. 2:19-cv-00194, 2020 WL 2218858, at *8 (D. Vt. May 7, 2020); 9A Vt. Stat. Ann. § 2-313(1)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 88.        Sources Cited
(Express Warranty – Notice of Breach)**

A defendant is not liable unless every class member provided notice of

breach to the defendant within a reasonable time.  The notice must do more than

express present dissatisfaction and inform the defendant that the transaction is

claimed to involve a breach.  The commencement of a lawsuit might be sufficient

to constitute notice.

Source:  *Agway, Inc. v. Teitscheid*, 144 Vt. 76, 79, 472 A.2d 1250, 1252 (1984);
*Mainline Tractor & Equip. Co. v. Nutrite Corp.*, 937 F. Supp. 1095, 1108-09 (D.
Vt. 1996); *Ehlers v. Ben & Jerry's Homemade Inc.*, No. 2:19-cv-00194, 2020 WL
2218858, at *8 (D. Vt. May 7, 2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

19.  **Wisconsin**

**Instruction No. 89.        Wis JI-Civ. § 3220**
**(Express Warranty – Elements)**

MSP also asserts a claim for breach of express warranty under Wisconsin law.  In order to recover for breach of an express warranty under Wisconsin law, MSP must prove each of the following as to each defendant:

(1) the defendant made an affirmation of material fact; a direct and positive representation of a fact; or a promise material to the transaction;

(2) the affirmation, representation, or promise induced every class member that paid for the VCDs in Wisconsin to pay for the VCDs;

(3) in paying for the VCDs, every class member that paid for VCDs in Wisconsin relied on the affirmation, representation, or promise;

(4) the valsartan API and/or VCDs failed to conform to the affirmation, representation, or promise;

(5) Every class member that paid for VCDs in Wisconsin was injured as a result; and

(6) Every class member that paid for VCDs in Wisconsin provided timely notice of breach to the defendant prior to filing suit.

An express warranty is an express statement of fact material to the transaction which is a part of the contract between the parties.  Any direct and positive representation of a fact or acts equivalent to such affirmation made by the

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

defendant to the purchaser during the negotiations to effect a sale respecting the quality of the article or the efficiency of the property sold, constitutes a warranty if relied upon by the purchaser in making the purchase.

In your consideration of the question as to whether the defendant made an express warranty to every class member that paid for VCDs in Wisconsin, you will take into consideration what the parties said at the time of the negotiations of the sale; the relation between the parties and what both parties fairly understood by the language that was used at the time of the sale, together with all other credible evidence in this case bearing upon this subject matter.

You must also consider whether the class members that paid for VCDs in Wisconsin provided the defendant notice of the alleged breach prior to filing suit. The filing of a suit itself does not constitute notice.  Notice must be sufficient and timely.  A delay of more than six months would be unreasonable absent circumstances excusing or justifying the delay.  Notice is sufficient where it alerts the defendant of the breach such as to enable the defendant to cure the defect.

No particular form of words or expression is necessary to constitute an express warranty; nor is it necessary that the defendant use formal words such as warrant or guarantee, or other words of precisely the same meaning. Any word of affirmation used in such a manner as to show that one party expects or desires that the other party rely thereon as a matter of fact, instead of taking it as an expression

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

of opinion or mere sales talk, constitutes a warranty. But a statement purporting to

be merely the defendant's opinion or belief with respect to the transaction, not

amounting to a positive statement or affirmation of fact, does not create a warranty.

Source:  Wis JI-Civ. § 3220; modified to streamline and to make express the elements of non-conformity (i.e., breach) and injury; modified to add notice requirement based on *Brame v. Gen. Motors LLC*, 535 F. Supp. 3d 832, 839 (E.D. Wis. 2021) (notice required; lawsuit does not constitute notice; purpose is to allow defendant opportunity to cure or avoid legal action); *Wilson v. Tuxen*, 2008 WI App 94, ¶¶ 42-43 (seventh months delay untimely as a matter of law)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

20.    **Wyoming**

**Instruction No. 90.        Sources Cited**
**(Express Warranty – Elements)**

MSP also asserts a claim for breach of express warranty under Wyoming

law.  In order to recover for breach of an express warranty under Wyoming law,

MSP must prove each of the following as to each defendant:

(1) an affirmation of fact or a promise by the defendant about the valsartan

API and/or VCDs;

(2) the natural tendency of the affirmation or promise was to induce every

class member that paid for VCDs in Wyoming to purchase the VCDs;

(3) such affirmation of fact or promise became a part of the basis of the

bargain;

(4) every class member that paid for VCDs in Wyoming purchased the

VCDs in reliance thereon;

(5) a breach of the express warranty by the defendant;

(6) the breach proximately caused injury to every class member that paid for

VCDs in Wyoming; and

(7) every class member that paid for VCDs in Wyoming notified the

defendant of the alleged breach within a reasonable time after discovering it.

Source:  *McLaughlin v. Michelin Tire Corp.*, 778 P.2d 59, 90 (Wyo. 1989)
(elements); WCPJI Civ. § 13.06 (notice)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 91.    WCPJI Civ. § 13.01**
**(Express Warranties Involving Transactions in Goods Covered by the**
**Uniform Commercial Code)**

In the sale of goods, express warranties by a defendant are created in the following situations:  Any representation of fact or promise that relates to the goods and becomes a part of the basis of the bargain creates an express warranty that the goods will conform to the representation or promise.

No particular word or form of expression is necessary to create an express warranty, nor is it necessary that the defendant use such formal words as "warranty" or "guarantee" or that the defendant have a special intention to make a warranty.  However, a statement that is merely the defendant's opinion of the value or merely the defendant's commendation of the goods does not create a warranty.

Source:  WCPJI Civ. § 13.01

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 92.    WCPJI Civ. § 13.06**
**(Notice of Breach of Warranty Under Uniform Commercial Code)**

A defendant is not liable for a breach of warranty unless every class member that paid for VCDs in Wyoming within a reasonable time after it discovers or should have discovered any breach notifies the defendant of the defect.  What is a reasonable time depends upon the nature of the act to be done, the nature of the contract, and all the circumstances.  The notice need not be in any particular form and it may be oral or written.  It must, however, fairly inform the defendant of a breach of warranty.

Source:  WCPJI Civ. § 13.06

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**E.    Intentional Misrepresentation**

1.    **Alaska**

**Instruction No. 93.    Alaska Pattern Jury Instr. Civ. 17.01 (2010)
(Intentional Misrepresentation)**

MSP asserts a claim of intentional misrepresentation under Alaska law.  In order to win on this claim as to any defendant under Alaska law, MSP must prove each of the following as to each defendant:

(1) the defendant made a false or misleading statement to every class member that paid for VCDs in Alaska;

(2) the defendant knew the statement was false or misleading when it made it;

(3) the defendant intended or had reason to expect that every class member that paid for VCDs in Alaska would rely on the statement;

(4) every class member that paid for VCDs in Alaska justifiably relied on the statement;

(5) every class member that paid for VCDs in Alaska suffered a monetary loss; and

(6) every class member that paid for VCDs in Alaska's reliance on the statement was a substantial factor in causing each one of them to suffer a loss.

Source:  Alaska Pattern Jury Instr. Civ. 17.01 (2010); first sentence modified

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 94.       Alaska Pattern Jury Instr. Civ. 17.02 (2010)
(Knowledge That a Statement Is False or Misleading)**

A defendant knew that the statement was false or misleading if, at the time it

was made:

(1) the defendant knew or believed the matter was not as it represented;

(2) the defendant did not have the confidence in the accuracy of the

statement that it stated or implied; or

(3) the defendant knew it did not have the basis for the statement that it

stated or implied.

Source:  Alaska Pattern Jury Instr. Civ. 17.02 (2010)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 95.        Alaska Pattern Jury Instr. Civ. 17.03 (2010)
(Justifiable Reliance)**

A class member's reliance on the statement is justified if:

(1) a reasonable person would consider the statement important when

deciding whether to act; or

(2) the defendant knew or had reason to know that the particular class

members that paid for VCDs in Alaska would consider the statement important

when deciding whether to act.

Source:  Alaska Pattern Jury Instr. Civ. 17.02 (2010); modified to clarify that the
definition is of "justifiable" rather than reliance

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 96.          Alaska Pattern Jury Instr. Civ. 3.07 (2010)
(Substantial Factor)**

An intentional misrepresentation is a substantial factor in causing harm if:

(1) the harm would not have occurred without the intentional

misrepresentation; and

(2) the intentional misrepresentation was important enough in causing the

harm that a reasonable person would hold the person making the intentional

misrepresentation responsible.  The intentional misrepresentation cannot be a

remote or trivial factor.

<u>Source</u>:  Alaska Pattern Jury Instr. Civ. 3.07 (2010); modified to make specific to
intentional misrepresentation rather than negligence

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

2.  **Arkansas**

**Instruction No. 97.         Ark. Model Jury Instrs. - Civil (AMI) 402
(Intentional Misrepresentation)**

MSP also asserts a claim of intentional misrepresentation under Arkansas

law.  In order to win on this claim as to any defendant under Arkansas law, MSP

must prove each of the following as to each defendant:

First, that every class member that paid for VCDs in Arkansas has sustained

damages;

Second, that a false representation of a material fact was made by the

defendant;

Third, that the defendant either knew or believed that the representation was

false or knew or believed that it did not have a sufficient basis of information to

make the representation;

Fourth, that the defendant intended to induce every class member that paid

for VCDs in Arkansas to act in reliance upon the misrepresentation; and

Fifth, every class member that paid for VCDs in Arkansas justifiably relied

upon the representation in acting and as a result sustained damages.

A fact or statement of fact is material if it was a substantial factor in

influencing the decision of every class member that paid for VCDs in Arkansas.  It

is not necessary, however, that it be the paramount or decisive factor, but only one

that a reasonable person would attach importance to in making a decision.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Mere proof of diminution of value as a result of an intentional

misrepresentation does not suffice to prove damages under this claim.


<u>Source</u>:  Ark. Model Jury Instrs. - Civil (AMI) 402; modified as to first sentence
and to streamline, and modified as to diminution of value based on *Wallis v. Ford
Motor Co.*, 208 S.W.3d 153, 159 (Ark. 2005)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### 3.    **Colorado**

**Instruction No. 98.        CJI-Civ 19:1**
**(False Representation – Elements of Liability)**

MSP also asserts a claim of intentional misrepresentation under Colorado law.  In order to win on this claim as to any defendant under Colorado law, MSP must prove each of the following as to each defendant:

1. The defendant made a false representation of a past or present fact;

2. The fact was material;

3. At the time the representation was made, the defendant:

(a) knew the representation was false; or

(b) was aware that it did not know whether the representation was true or false;

4. The defendant made the representation with the intent that every class member that paid for VCDs in Colorado would rely on the representation;

5. Every class member that paid for VCDs in Colorado relied on the representation;

6. The reliance of every class member that paid for VCDs in Colorado was justified; and

7. This reliance caused losses to every class member that paid for VCDs in Colorado.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

<u>Source</u>:  CJI-Civ 19:1

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 99.        CJI-Civ 19:3**
**(False Representation – Defined)**

A false representation is any oral or written words, conduct, or combination

of words and conduct that creates an untrue or misleading impression in the mind

of another.

<u>Source</u>:  CJI-Civ 19:3

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 100.    CJI-Civ 19:15
## (Statements of Opinion as False Representations)

A statement that is made and reasonably understood to be only an opinion is not a false representation of a past or present fact.

However, a statement in the form of an opinion is a false representation of a past or present fact if:

1. The statement is intended by the speaker and reasonably understood by the listener to be a statement of a past or present fact; and

2. The statement is false.

Source:  CJI-Civ 19:15

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 101.     CJI-Civ 19:14**
**(Statements of Law as False Representations)**

A statement about the law is an expression of opinion and is not a false

representation of fact.


<u>Source</u>:  CJI-Civ 19:14

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 102.    CJI-Civ 19:4
### (Material Fact – Defined)

A fact is material if a reasonable person under the circumstances would regard it as important in deciding what to do.

A fact may also be material even though a reasonable person might not regard it as important, if the person stating it knows that the person receiving the information would regard it as important in deciding what to do.

Source:  CJI-Civ 19:4

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 103.    CJI-Civ 19:7**
**(False Representation – Reliance – Defined)**

A class member that paid for VCDs in Colorado "relied" on the claimed

representation if it believed it was true, and based on that representation took

action it otherwise would not have taken.

<u>Source</u>:  CJI-Civ 19:7

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 104.    CJI-Civ 19:8**
**(Justifiable Reliance on False Representation – Defined)**

A person is justified in assuming that a representation is true if a person of

the same or similar intelligence, education, or experience would rely on that

representation.

<u>Source</u>:  CJI-Civ 19:8

139

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

4. **District of Columbia**

**Instruction No. 105.      1 Civil Jury Instrs. for D.C. § 20.01
(Fraudulent Misrepresentation – Elements of Liability)**

MSP also asserts a claim of intentional misrepresentation under District of Columbia law.  In order to win on this claim as to any defendant under District of Columbia law, MSP must prove each of the following as to each defendant, by clear and convincing evidence:

(1) that the defendant made a false representation of a material fact;

(2) that the defendant either made the representation knowing that the representation was false, or made the representation recklessly without knowing if it was true;

(3) that the defendant made the representation with the intent to deceive every class member that paid for VCDs in the District of Columbia;

(4) that every class member that paid for VCDs in the District of Columbia justifiably relied on the representation; and

(5) that every class member that paid for VCDs in the District of Columbia suffered damages as a result of its reliance on the representation.

I remind you that, for the causes of action on which I have instructed you prior to this claim for intentional misrepresentation under District of Columbia law, MSP must prove the elements of a claim by a preponderance of the evidence. The rule is different with an intentional misrepresentation claim under District of

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Columbia law.  For this claim, MSP must prove every element of its claim as to

every class member that paid for VCDs by clear and convincing evidence.  This

will be true for some of the other states and causes of action too, as I will instruct

you.


Source:  1 Civil Jury Instrs. for D.C. § 20.01; modified as to first sentence, and to
add clear-and-convincing standard (in lieu of separate instruction) based on 1 Civil
Jury Instrs. for D.C. § 20.03

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 106.    1 Civil Jury Instrs. for D.C. § 20.02
## (Fraudulent Misrepresentation – Elements Defined)

A.  A person can make a fraudulent misrepresentation by written or spoken words, or by conduct amounting to an assertion.  Words or acts asserting the existence of a fact constitute a misrepresentation if the fact does not exist.  A statement that is literally true may still be a fraudulent misrepresentation if the person makes it to create a false impression.

B.  To be fraudulent, a misrepresentation must be of a material fact.  A fact is material if it would influence a reasonable person to act or not to act.  A fact is material if it is a fact that the maker of the representation knew would likely be important to the person to whom it is made, even if a reasonable person would not think that fact was important.

C.  For the maker of a statement to be liable for fraud, the maker must have known or believed that the statement was false.  If the maker of a representation makes it recklessly without knowledge of its truth, then the maker is deemed to have known it was false.

D.  Intent to deceive means that the maker of the statement must have specifically intended that the representation be made, that it be made to the person who actually received it, that it should convey a certain meaning, that it be believed by the person to whom it was made, and that it be acted upon in a certain way by the person to whom it was made.  Intent means that a person had the

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

purpose to do something.  In other words, to do an act with intent means to do it

consciously and voluntarily and not inadvertently or accidentally.  Intent ordinarily

cannot be proved directly, because there is no way to look inside another person's

mind, but you may infer intent from the surrounding circumstances.  You may

consider any statement made, or act done or omitted, by the person making the

representation, and all other evidence which indicates his state of mind.  You may

assume that a person ordinarily intends the kinds of likely results following from

that person's knowing actions or inaction.

E.  A person who receives a false representation can receive damages from

its maker for harm caused by his reliance upon it only if his reliance is justifiable.

A person is not justified in relying upon a false representation if he knows it is

false, if its falsity is obvious to him, or if he had no confidence in the

representation.  For a person's reliance to be justified, his conduct must not be so

unreasonable, in light of all of the information available to him and the

circumstances of the transaction, that it is proper to decide that his loss is his own

responsibility.

F.  For the maker of the misrepresentation to be liable for damages, the

fraudulent misrepresentation must directly cause damage to the person who

justifiably relies on it.  For damages to be the direct result of a false representation,

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

it must be shown that the misrepresentation caused the person to act or not to act,

thus causing his loss.

Source:  1 Civil Jury Instrs. for D.C. § 20.02; modified to remove language concerning duty to disclose

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 107.    1 Civil Jury Instrs. for D.C. § 20.08
## (Fraudulent Misrepresentation – Reliance on Actionability of
## Misrepresentation)

A representation can be either of fact or of opinion.  A representation is one of fact if it is a positive statement that the fact is true.  A representation is one of opinion if it expresses the belief of the maker, or if it expresses his or her judgment about quality or value.

A person cannot justifiably rely on a representation of opinion.  Therefore, a representation of opinion cannot form the basis of a claim of fraudulent misrepresentation.

Source:  1 Civil Jury Instrs. for D.C. § 20.08

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 108.     1 Civil Jury Instrs. for D.C. § 20.07
(Fraudulent Misrepresentation – Reliance on Actionability of
Misrepresentation)**

The maker of a fraudulent misrepresentation is not liable to a person who

does not rely upon the truth of the representation, but who relies instead upon the

expectation that the maker will have to pay damages for the false representation.

<u>Source</u>:  1 Civil Jury Instrs. for D.C. § 20.07

146

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

5. **Florida**

**Instruction No. 109.    1 Florida Standard Jury Instructions in Civil Cases §
409.7 (2020)
(Fraudulent Misrepresentation – Elements of Liability)**

MSP also asserts a claim of intentional misrepresentation under Florida law.

In order to win on this claim as to any defendant under Florida law, MSP must

prove each of the following as to each defendant:

First, that the defendant intentionally made a false statement concerning a

material fact;

Second, that the defendant knew the statement was false when it made it or

made the statement knowing it did not know whether the statement was true or

false;

Third, that the defendant intended that others would rely on the false

statement;

Fourth, that every class member that paid for VCDs in Florida relied on the

false statement; and

Fifth, that the false statement was a legal cause of loss to every class

member that paid for VCDs in Florida.

On this claim for fraudulent misrepresentation, a class member that paid for

VCDs in Floria may rely on a false statement, even though its falsity could have

been discovered if the class member that paid for VCDs in Florida had made an

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

investigation.  However, the class members that paid for VCDs in Florida may not

rely on a false statement if they knew it was false or its falsity was obvious to

them.

Source:  1 Florida Standard Jury Instructions in Civil Cases § 409.7 (2020);
modified as to first sentence

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 110.    1 Florida Standard Jury Instructions in Civil Cases §
409.5 (2020)
(Material Fact)**

A material fact is one that is of such importance that every class member
that paid for VCDs in Florida would not have entered into the transaction, but for
the false statement.

<u>Source</u>:  1 Florida Standard Jury Instructions in Civil Cases § 409.5

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 111.        1 Florida Standard Jury Instructions in Civil Cases §
409.6 (2020)
(Legal Cause)**

Misrepresentation of a material fact is a legal cause of loss if it directly and

in natural and continuous sequence produces or contributes substantially to

producing such loss, so that it can reasonably be said that, but for the

misrepresentation, the loss would not have occurred.

Source:  1 Florida Standard Jury Instructions in Civil Cases § 409.6

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

6.    **Idaho**

### Instruction No. 112.    IDJI § 4.60
### (Fraud – Issues (Contracts))

MSP also asserts a claim of intentional misrepresentation under Idaho law.

In order to win on this claim as to any defendant under Idaho law, MSP must prove

each of the following as to each defendant, by clear and convincing evidence:

1. That the defendant stated a fact to every class member that paid for VCDs

in Idaho;

2. The statement was false;

3. The statement was material;

4. The defendant either knew the statement was false or was unaware of

whether the statement was true at the time the statement was made;

5. Every class member that paid for VCDs in Idaho did not know that the

statement was false;

6. The defendant intended for every class member that paid for VCDs in

Idaho to rely upon the statement and act upon it in a manner reasonably

contemplated;

7. Every class member that paid for VCDs in Idaho did rely upon the truth of

the statement;

8. Every class member that paid for VCDs in Idaho's reliance was

reasonable under all the circumstances; and

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

9. Every class member that paid for VCDs in Idaho suffered damages proximately caused by reliance on the false statement.

<u>Source</u>:  IDJI § 4.60; modified as to first sentence

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 113.    Sources Cited
### (Materiality)

For the purposes of intentional misrepresentation, "materiality" refers to the importance of the misrepresentation in determining any class member's course of action. A representation is material if:

(a) a reasonable person would attach importance to its existence or nonexistence in determining his or her choice of action in the transaction in question; or

(b) the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his or her choice of action, although a reasonable person would not so regard it.

Source:  *Choice Feed, Inc. v. Montierth*, 481 P.3d 78, 96 (Idaho 2021); *Watts v. Krebs*, 131 Idaho 616, 620 (Idaho 1998)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 114.       IDJI § 2.30.1**
**(Proximate Cause – "But For" Test)**

When I use the expression "proximate cause," I mean a cause which, in

natural or probable sequence, produced the complained-of injury, loss or damage,

and but for that cause the damage would not have occurred.  It need not be the only

cause.  It is sufficient if it is a substantial factor in bringing about the injury, loss or

damage.  It is not a proximate cause if the injury, loss or damage likely would have

occurred anyway.


<u>Source</u>:  IDJI § 2.30.1

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

      7.    **Iowa**

### Instruction No. 115.    Iowa J.I. Civ. § 810.1
### (Fraudulent Misrepresentation – Essentials for Recovery)

MSP also asserts a claim of intentional misrepresentation under Iowa law. In order to win on this claim as to any defendant under Iowa law, MSP must prove each of the following as to each defendant, by clear and convincing evidence:

1.  The defendant made a representation to every class member that paid for VCDs in Iowa the valsartan API and VCDs were safe and effective.

2.  The representation was false.

3.  The representation was material.

4.  The defendant knew the representation was false.

5.  The defendant intended to deceive every class member that paid for VCDs in Iowa.

6.  Every class member that paid for VCDs in Iowa acted in reliance on the truth of the representation and were justified in relying on the representation.

7.  The representation was a cause of damage to every class member that paid for VCDs in Iowa.

Source:  Iowa J.I. Civ. § 810.1; modified as to first sentence

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 116.    Iowa J.I. Civ. § 810.3
## (Fraudulent Misrepresentation – Definition of Representation)

A "representation" is any word or conduct asserting the existence of a fact. A representation of fact includes an opinion expressed for the deliberate purpose of deceiving another.  A representation of fact includes a promise to perform a future act.

A representation also includes an opinion.  An opinion is a statement of a person's belief that a fact exists or their judgment as to quality, value, authenticity, or similar matter.  A representation of fact implies that the maker has definite knowledge or information supporting their statement; a representation of opinion does not.  You must consider all of the surrounding circumstances, including the exact words used, in deciding whether a representation is one of fact or opinion.

Source:  Iowa J.I. Civ. § 810.3; modified as to first sentence and to fit theory of the case

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 117.    Iowa J.I. Civ. § 810.4
## (Fraudulent Misrepresentation – Material – Definition)

A representation is "material" if:

1.  A reasonable person would consider it as important in making a decision.

2.  The defendant knows or has reason to know that every class member that paid for VCDs in Iowa considers, or is likely to consider, the representation as important in making a decision.

3.  The representation influences a person to enter into a transaction which would not have occurred otherwise.

Source:  Iowa J.I. Civ. § 810.4; modified as to first sentence

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 118.    Iowa J.I. Civ. § 810.5
### (Fraudulent Misrepresentation – Knowledge of Falsity (Scienter) – Definition)

A representation is "material" if:

The defendant knew the representation was false if any of the following situations existed:

1.  The defendant actually knew or believed the representation was false.

2.  The defendant made the representation without belief in its truth or in reckless disregard of whether it was true or false.

3.  The defendant falsely stated or implied that the representation was based on its personal knowledge or investigation.

4.  The defendant made a representation that it knew or believed was materially misleading because it left out unfavorable information.

5.  The defendant knew the representation could be understood in both a true and false manner, and made the representation (a) intending that it be understood in the false sense, (b) having no belief as to how it would be understood, or (c) in reckless disregard of how it would be understood.

6.  The defendant's special source of information made it the defendant's duty to know whether the representation was true or false.

Source:  Iowa J.I. Civ. § 810.5; modified as to first sentence and to fit theory of the case

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 119.    Iowa J.I. Civ. § 810.6
## (Fraudulent Misrepresentation - Definition Of Intent To Deceive)

The defendant intended to deceive the class members that paid for VCDs in Iowa if any of the following situations existed when the defendant made a representation:

1.  The defendant wanted to deceive every class member that paid for VCDs in Iowa or believed that every class member that paid for VCDs in Iowa would in all likelihood be deceived.

2.  The defendant had information from which a reasonable person would conclude that every class member that paid for VCDs in Iowa would be deceived.

3.  The defendant made the representation without concern for the truth.

Source:  Iowa J.I. Civ. § 810.6; modified as to first sentence

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 120.    Iowa J.I. Civ. § 810.7
(Fraudulent Misrepresentation – Intent to Deceive – Persons Affected)**

The defendant is liable only to those whom it intended or had reason to expect would act or refrain from acting in reliance on the representation.  A person has reason to expect a result if he or she has information from which a reasonable person would conclude that the result will follow.

The defendant is liable only to those persons who rely on the representation in the type of transaction in which the defendant intends or has reason to expect the conduct of others will be affected.

Source:  Iowa J.I. Civ. § 810.7; modified as to first sentence

160

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 121.    Iowa J.I. Civ. § 810.8
## (Fraudulent Misrepresentation – Reliance – Generally)

Every class member that paid for VCDs in Iowa must rely on the representation and the reliance must be justified.

It is not necessary that the representation be the only reason for action by every class member that paid for VCDs in Iowa. It is enough if the representation was a substantial factor in bringing about the action.

Whether reliance is justified depends on what every class member that paid for VCDs in Iowa can reasonably be expected to do in light of their own information and intelligence. Reliance is not justified if the representation is of an unimportant fact or is obviously false.

Source: Iowa J.I. Civ. § 810.8; modified as to first sentence

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 122.    Iowa J.I. Civ. § 810.9
## (Fraudulent Misrepresentation - Reliance - Opinion)

A class member that paid for VCDs in Iowa is justified in relying on the defendant's representation of opinion only if one or more of the following situations exists:

1.  The defendant has or claims to have special knowledge of the matter that the class member that paid for VCDs in Iowa does not have.

2.  The defendant has a fiduciary or other similar relationship of trust and confidence with the class member that paid for VCDs in Iowa.

3.  The defendant has successfully tried to gain the confidence of the class member that paid for VCDs in Iowa.

4.  The defendant knows of some special reason to expect that the class member that paid for VCDs in Iowa will rely on the opinion.

<u>Source</u>:  Iowa J.I. Civ. § 810.9; modified as to first sentence

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 123.    Iowa J.I. Civ. § 810.10**
**(Fraudulent Misrepresentation - Reliance - Opinion)**

A person is presumed to be able to form his or her own opinion about the

quality or value of ordinary merchandise or the wisdom of entering into a routine

transaction.  A buyer of ordinary merchandise is not justified in relying upon the

seller's "puffing," "sales talk," or other general opinion of quality or value.  A

buyer may be justified in relying upon a statement that the merchandise is

satisfactory for the buyer's announced purpose.

<u>Source</u>:  Iowa J.I. Civ. § 810.10; modified as to first sentence

163

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

8.   **Louisiana**

**Instruction No. 124.    Sources Cited**
**(Intentional Misrepresentation – Elements)**

MSP also asserts a claim of intentional misrepresentation under Louisiana law.  In order to win on this claim as to any defendant under Louisiana law, MSP must prove each of the following as to each defendant:

(1) a misrepresentation of material fact to every class member that paid for VCDs in Louisiana;

(2) made with the intent to deceive;

(3) causing justifiable reliance by every class member that paid for VCDs in Louisiana; and

(4) resultant injury to every class member that paid for VCDs in Louisiana.

Fraudulent intent, or the intent to deceive, is a necessary and inherent element of fraud.  It means an intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other.  Fraud cannot be predicated upon mistake or negligence, no matter how gross.

Fraud need not be a criminal act.  Intentional fault suffices to constitute the kind of fraud that vitiates the consent of the party who has been defrauded.

Reliance means that every class member that paid for VCDs in Louisiana would have acted to their claimed detriment had they known the truth about the alleged misrepresentation of material fact.

164

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

<u>Source</u>:  1 Louisiana Jury Instructions - Civil and Criminal § 6.05, modified; *Water Craft Mgmt., L.L.C. v. Mercury Marine*, 361 F. Supp. 2d 518, 562 (M.D. La. 2004), *judgment entered*, No. CIV.A. 99-1031-B-M1, 2004 WL 3244168 (M.D. La. Oct. 1, 2004), *and aff'd sub nom. Water Craft Mgmt. LLC v. Mercury Marine*, 457 F.3d 484 (5th Cir. 2006) (providing definition of fraud); *Sys. Eng'g & Sec. Inc. v. Sci. & Eng'g Ass'ns*, 962 So. 2d 1089, 1091 (La. Ct. App. 2007) (providing elements of fraud); *Powell v. State Bd. of Certified Pub. Accts. of La.*, 366 So. 3d 396, 404 (La. Ct. App. 2021)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

9.    **Massachusetts**

**Instruction No. 125.    Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1
(Intentional Misrepresentation – Elements)**

MSP also asserts a claim of intentional misrepresentation under

Massachusetts law.  In order to win on this claim as to any defendant under

Massachusetts law, MSP must prove each of the following as to each defendant:

1. that the defendant made a false statement to every class member that paid

for VCDs in Massachusetts, and that statement concerned some fact that a

reasonable person would consider important, or material, to the decision every

class member that paid for VCDs in Massachusetts was about to make;

2. that when the defendant made the statement, the defendant either knew

that the statement was false, or recklessly made the statement by willfully

disregarding its truth or falsity;

3. that the defendant made the false statement with the intention that every

class member that paid for VCDs in Massachusetts would rely on that statement in

making its decision;

4. that in making their decisions, every class member that paid for VCDs in

Massachusetts did in fact rely on the defendant's statement as true, and that their

reliance was reasonable under the circumstances; and

5. that every class member that paid for VCDs in Massachusetts suffered

some financial loss as a result of relying on the defendant's false statement.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

<u>Source</u>:  Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1; streamlined and
modified as to first sentence

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 126.    Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.1**
**(Subject of Misrepresentation – False Statement of Fact)**

The defendant can be held responsible for an intentional misrepresentation about an existing fact.  A fact, as opposed to an opinion, estimate, or intention, is a statement whose truth or falsity can be determined with certainty.  The defendant can also be held responsible for intentionally misrepresenting what the law is if the defendant used its superior knowledge to take advantage of the relative ignorance of the law of a class member that paid for VCDs in Massachusetts.  Fraud may be perpetrated by an implied as well as an express representation.

Source:  Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.1; modified to exclude instructions regarding future events, which are not relevant under the facts alleged here

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 127.    Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.2
(Subject of Misrepresentation – False Statement Regarding Opinion)**

Generally, a defendant cannot be held liable for a statement of opinion, as opposed to a statement of verifiable fact.  However, a statement that, in form, is one of opinion, in some circumstances may be reasonably interpreted by the recipient as implying undisclosed facts that would justify the opinion.  In this case, it is for you the jury to determine whether the statement made by the defendant was one of fact or opinion.

In addition, a defendant may be held responsible for a misrepresentation about its own opinion, estimate, or intention, but only if the defendant intentionally misrepresented what its opinion, estimate, or intention actually was at the time of the statement.

Source:  Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.2

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 128.      Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.3
(False Statement – Half-Truths, Silence, and Statements and Conduct
Calculated to Mislead)**

The defendant can be held responsible not only for outright untrue statements, but also for giving misleading partial information or for telling half-truths.  The defendant cannot, however, be held responsible to any class member based solely on its silence on a matter about which it was not asked.  Although the defendant was under no duty to volunteer information, if the defendant spoke on a given point, either voluntarily or at the request of a class member that paid for VCDs in Massachusetts, it must have spoken honestly and must have divulged all material facts of which it knew bearing upon the point.

Additionally, deception need not be direct to come within the reach of the law.  If you find that the defendant's statements and conduct combined were calculated to mislead the class members that paid for VCDs in Massachusetts, that they did, in fact, mislead every class member that paid for VCDs in Massachusetts, and every class member that paid for VCDs in Massachusetts was acting reasonably, then this is enough to constitute intentional misrepresentation.

<u>Source</u>:  Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.3

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 129.    Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.4
(Subject of Misrepresentation—Materiality of Statement)**

A "material" fact is one to which a reasonable person would attribute importance for his or her decision in the transaction at issue.  It must be one of the principal grounds, but not necessarily the sole ground, causing the decision of every class member that paid for VCDs in Massachusetts.

<u>Source</u>:  Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.4

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 130.        Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.5
(Knowledge of Falsity, or Willful Disregard of Truth or Falsity)**

The defendant is liable for deceit if it made a false statement of fact,

knowing it to be false.  Likewise, if the defendant made an unqualified statement

about facts, the truth or falsity of which the defendant could have determined with

certainty, and gave the class members that paid for VCDs in Massachusetts the

reasonable impression that it was speaking of its own knowledge, then the

defendant may also be liable for deceit even if the defendant was ignorant as to the

statement's falsity.  In other words, MSP need not establish that the defendant

knew the statement to every class member that paid for VCDs in Massachusetts

was false, as long as the defendant could have easily found out the truth and failed

to do so.  The law regards such willful disregard of the facts as equivalent to an

intentional misrepresentation.  MSP need not prove actual intent to deceive.

Source:  Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.5

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 131.      Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.6
(Intention that Plaintiff Would Rely upon False Statement)**

MSP must prove that the defendant intended that every class member that paid for VCDs in Massachusetts would rely on the misrepresentation.

Where a class member that paid for VCDs in Massachusetts has not dealt with the defendant on a one-on-one basis, MSP must prove that each such entity was among those whom the defendant had reason to expect would act or refrain from acting on the misrepresentation.

Source:  Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.6

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 132.    Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.7 (Intention that Plaintiff Would Rely upon False Statement)

MSP must prove that every class member that paid for VCDs in Massachusetts relied on the defendant's misrepresentation. Furthermore, MSP and the class members may recover only if reliance by every class member that paid for VCDs in Massachusetts on the defendant's statement was reasonable and justifiable under the circumstances. The class members that paid for VCDs in Massachusetts were not required to investigate the truth of assertions that are made to them. The recipient of a fraudulent misrepresentation of fact is ordinarily justified in relying on its truth, although he or she might have ascertained the falsity of the representation had he or she made an investigation. On the other hand, the class members that paid for VCDs were not entitled to rely on what in the circumstances was obviously meant as puffery or sales talk, nor could any of them rely upon misrepresentations that were preposterous or palpably false.

The class members that paid for VCDs in Massachusetts are not entitled to rely on a representation that they know to be false or if its falsity is obvious to them. If a mere cursory glance would have disclosed the falsity of the representation, its falsity is regarded as obvious. A person claiming justifiable reliance is required to use his or her senses, and cannot recover if he or she blindly relies upon a misrepresentation the falsity of which would be obvious if he or she utilized the opportunity to make a cursory examination or investigation.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

If the defendant's representations were such as to induce every class member that paid for VCDs in Massachusetts not to undertake an independent examination of the pertinent facts, lulling them into placing confidence in the defendant's assurances, then the failure of the class members that paid for VCDs in Massachusetts to ascertain the truth through investigation does not preclude recovery. This is so even though the defendant's representations were not consciously false.

Source: Mass. Super. Ct. Civ. Practice Jury Instrs. § 20.1.7; modified for clarity

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

10. **Minnesota**

## Instruction No. 133.    CIVJIG 57.10
### (Fraud and Misrepresentation)

MSP also asserts a claim of intentional misrepresentation under Minnesota law.  In order to win on this claim as to any defendant under Minnesota law, MSP must prove each of the following as to each defendant:

1. False representation:  The defendant falsely represented a past or present material fact to every class member that paid for VCDs in Minnesota.  A fact is "material" if it would have influenced the others' judgment or decision had they known about it.  The fact must be something that is knowable.  This means it must be possible to discover the fact.

2. Knowledge:  At the time the false representations were made, the defendant knew the representations were false or represented that it knew about these facts when it did not know if they were true or false.

3. Intent:  The false representations were made by the defendant intending that every class member that paid for VCDs in Minnesota would rely on them.

4. Reliance:  Every class member that paid for VCDs in Minnesota reasonably relied and acted on the false representations.

5. Harm occurred:  Every class member that paid for VCDs in Minnesota was harmed as a direct result of relying on the false representations.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

<u>Source</u>:  CIVJIG 57.10; modified as to first sentence; modified to add "reasonably" in the reliance instruction, consistent with CIVJIG 57.15; *see also Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 369 (Minn. 2009) (claim was barred where reasonable reliance was lacking)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 134.      CIVJIG 57.15**
**(Fraud – Reasonable Reliance)**

A person is negligent in relying on information provided by another person

if a reasonable person would not have relied on that information.

Source:  CIVJIG 57.15

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

11. **New Jersey**

**Instruction No. 135.    N.J. Model Civ. Jury Charge 3.30E
(Fraud – Deceit)**

MSP also asserts a claim of intentional misrepresentation under New Jersey law. In order to win on this claim as to any defendant under New Jersey law, MSP must prove each of the following as to each defendant, by clear and convincing evidence:

First, that the defendant made a false representation of fact to every class member that paid for VCDs in New Jersey;

Second, that the defendant knew or believed it to be false;

Third, that the defendant intended to deceive every class member that paid for VCDs in New Jersey;

Fourth, that the plaintiff and the class members that paid for VCDs in New Jersey believed and justifiably relied upon the statement and were induced by it to pay for the VCDs; and

Fifth, that as a result of the reliance of every class member that paid for VCDs in New Jersey upon the statement, they sustained damage.

A statement of opinion rather than a statement of fact does not constitute a false representation of fact, for opinions are matters of judgment for which under the circumstances of this case, the law does not impose liability.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

A false statement is made with intent to deceive if it is made with knowledge that it is false.

Whether the class members that paid for VCDs in New Jersey were justified in relying on the representation depends upon whether the fact represented is one that a reasonable person would consider important in reaching a decision in the transaction in question.  Even though it is not such an important fact, reliance may be justified if the defendant in making the representation knew that every class member that paid for VCDs in New Jersey considered it important and would rely upon it.

Source:  N.J. Model Civ. Jury Charge 3.30E; modified to streamline

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

12. **New York**

### Instruction No. 136.    NY PJI 3:20
### (Intentional Torts – Fraud and Deceit)

MSP also asserts a claim of intentional misrepresentation under New York law.  In order to win on this claim as to any defendant under New York law, MSP must prove each of the following as to each defendant, by clear and convincing evidence:

(1) the defendant made a statement of material fact;

(2) the statement was false;

(3) the defendant either knew that the statement was false or made the statement recklessly without regard to whether it was true or false;

(4) the defendant made the statement to convince every class member that paid for VCDs in New York to rely upon it;

(5) every class member that paid for VCDs in New York did rely on the defendant's statement;

(6) the reliance of every class member that paid for VCDs in New York on the defendant's statement was justifiable; and

(7) every class member sustained damages because of their reliance on the defendant's statement.

A statement of fact is material if a reasonable person would consider it important.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

A statement is false if, taken as a whole, it communicates something that is untrue when considered from the viewpoint of an ordinary person.

A statement is made recklessly if it is made when the person making it does not have an honest and reasonable belief in its truth.

Whether a person is justified in relying on a statement depends on whether a reasonable third-party payor would have paid for the VCDs without further effort to determine the truth or accuracy of the statement.

Source:  NY PJI 3:20; modified as to first sentence and streamlined

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 137.     NY PJI 3:20.1**
**(Intentional Torts – Fraud and Deceit)**

If you decide that the alleged false statement was merely an opinion rather than a statement of fact, the defendant is not liable.  In deciding whether a statement was a mere opinion or statement of fact, you should consider how definite or indefinite the statement was, whether the statement relates to a concrete fact or a past or existing event, whether the statement can be proven to be true or false and whether the statement was made in response to a question or concern expressed by the class members that paid for VCDs in New York.

Source:  NY PJI 3:20.1; streamlined

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

13.   **North Carolina**

**Instruction No. 138.      N.C.P.I. Civ. § 800.00
(Fraud)**

MSP also asserts a claim of intentional misrepresentation under North

Carolina law.  In order to win on this claim as to any defendant under North

Carolina law, MSP must prove each of the following as to each defendant:

First, that the defendant made a false representation of a material past or

existing fact.

A statement of opinion, belief, recommendation, future prospects or a

promise ordinarily is not a representation of fact.  However, a promise can be a

false representation of fact if, at the time it is made, the person making the promise

has no intention of carrying it out.

Second, that the false representation was reasonably calculated to deceive.

A representation is calculated to deceive when the person who makes it knows it to

be false, or makes it recklessly, without any knowledge of its truth or falsity, as a

positive assertion.

Third, that the false representation was made with the intent to deceive and

with the intent that it be acted upon.

Fourth, that every class member that paid for VCDs in North Carolina was,

in fact, deceived by the false representation and acted upon it.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Fifth, that the reliance of every class member that paid for VCDs in North Carolina upon the false representation was reasonable. Their reliance would be reasonable if, under the same or similar circumstances, a reasonable third-party payor, in the exercise of ordinary care for its own welfare, would have relied on the false representation.

And Sixth, that every class member that paid for VCDs in North Carolina suffered damages proximately caused by the defendant's false representation.

Proximate cause is a cause which in a natural and continuous sequence produces a person's damage, and is a cause which a reasonable and prudent person could have foreseen would probably produce such damage or some similar injurious result.

There may be more than one proximate cause of damage. Therefore, MSP need not prove that the defendant's false representation was the sole proximate cause of damages to the class members. MSP must prove, by the greater weight of the evidence, only that the defendant's false representation was a proximate cause.

Source:  N.C.P.I. Civ. § 800.00; modified as to first sentence and streamlined

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

14.    **North Dakota**

**Instruction No. 139.    Sources Cited**
**(Deceit – Elements)**

MSP also asserts a claim of intentional misrepresentation under North

Dakota law.  In order to win on this claim as to any defendant under North Dakota

law, MSP must prove each of the following as to each defendant, by clear and

convincing evidence:

(1)    the defendant had actual knowledge of falsity of the representation;

(2)    the defendant intended to deceive every class member that paid for

VCDs in North Dakota;

(3)    every class member that paid for VCDs in North Dakota relied upon

the representations made; and

(4)    every class member that paid for VCDs in North Dakota was injured

as a result.

Source:  *Johnson v. Tomlinson*, 160 N.W.2d 49, 57 (N.D. 1968) (stating the
elements required to prove actual fraud); *Albrecht v. Walter*, 572 N.W.2d 809, 813
(N.D. 1997) (stating that the standard for fraud is clear and convincing evidence)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 140.    Sources Cited**
**(Deceit – Definition)**

North Dakota law refers to intentional misrepresentation in this context as "deceit."  Deceit within the meaning of North Dakota law is:

1. The suggestion as a fact of that which is not true by one who does not believe it to be true;

2. The assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true;

3. The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or

4. A promise made without any intention of performing.

Source:  N.D. Cent. Code § 9-10-02; *see also Dvorak v. Am. Fam. Mut. Ins. Co.*, 508 N.W.2d 329, 332 (N.D. 1993) ("The only significant distinction between the torts of fraud and deceit is whether the wrongdoer happens to be a party to a contract.")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

15.    **Ohio**

**Instruction No. 141.    1 OJI CV 449.01 (2023)**
**(Deceit – Elements)**

MSP also asserts a claim of intentional misrepresentation under Ohio law.

In order to win on this claim as to any defendant under Ohio law, MSP must prove

each of the following as to each defendant:

(A) the defendant represented a fact;

(B) that fact was material to every class member that paid for VCDs in

Ohio's decision to pay for the VCDs;

(C) the defendant represented that fact with actual knowledge of falsity or

utter disregard and recklessness as to the truth or falsity of that fact so that the

defendant's knowledge of the falsity may be inferred;

(D) the defendant intended to mislead every class member that paid for

VCDs in Ohio into relying upon the fact as presented;

(E) every class member that paid for VCDs in Ohio justifiably relied upon

the fact as presented; and

(F) the damage was proximately caused by the reliance upon the fact as

presented.

MATERIAL REPRESENTATION.  The representation must be definite and

important to the transaction.  It must be so substantial and important that it

188

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

influenced every class member that paid for VCDs in Ohio.  The representation
must be based on a present or past fact.

FALSE.  A representation is "false" when it is not substantially true.  The
truth or falsity of a representation depends on the natural and obvious meanings of
the words taking into consideration all of the surrounding facts and circumstances
in evidence.

KNOWLEDGE.  "Knowledge" means that the defendant is aware of the
existence of the fact and that their acts will probably cause a certain result.  A
defendant acts with knowledge when he or she is aware that his or her
representation will probably cause a certain result.  Because you cannot look into
the mind of another, knowledge is determined from all of the facts and
circumstances in evidence.

RECKLESS.  A representation or omission is "reckless" when the person
who makes the representation or omission is completely careless or indifferent to
the consequences or the risk that the representation or omission will cause the
person to whom it is made to do or not do certain things.  If a person had no
knowledge of a fact but asserted the fact as true when false, you may find that they
made the representation with utter disregard and recklessness.  A representation
recklessly made without knowledge of the truth is the same as a false
representation knowingly made.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

INTENT TO MISLEAD.  The defendant's intent is known only to themselves unless they express it to others or indicate it by their conduct.  Intent is determined from the way in which the representation is made, the means used, and all the facts and circumstances in evidence.

JUSTIFIABLE RELIANCE.  "Justifiable reliance" exists when a representation of fact was made when a person of ordinary care would rely on it under the same or similar circumstances to their detriment.  In determining whether reliance is justifiable you may consider the nature of the transaction, the form and materiality of the representation, the relationship of the parties, the respective intelligence, experience, age, and mental and physical condition of the parties and their respective knowledge and means of knowledge.

EXPRESSIONS OF OPINION.  Expressions of opinion, even though false, are not a basis for fraud.

OPINION OF LAW.  Everyone is presumed to know the law and representations as to the law are mere opinions and not fraud.

PUFFING.  Puffing is boastful assertions or exaggerated descriptions and is not a false representation of fact that would constitute fraud.

Source:  1 OJI CV 449.01 (2023); modified to streamline and fit to facts of case

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

16.    **Oklahoma**

**Instruction No. 142.    OUJI-CV § 18.1**
**(False Representation – Elements of Liability)**

MSP also asserts a claim of intentional misrepresentation under Oklahoma law.  In order to win on this claim as to any defendant under Oklahoma law, MSP must prove each of the following as to each defendant, by clear and convincing evidence:

1. That the defendant made a material representation;

2. That it was false;

3. That the defendant made it when the defendant knew it was false, or made it as a positive assertion recklessly, without any knowledge of its truth;

4. That the defendant made it with the intention that it should be acted upon by every class member that paid for VCDs in Oklahoma;

5. That every class member that paid for VCDs in Oklahoma acted in reliance upon it; and

6. Every class member that paid for VCDs in Oklahoma thereby suffered injury.

Source:  OUJI-CV § 18.1; modified as to first sentence

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 143.    OUJI-CV § 18.3**
**(False Representation – Defined)**

A false representation of a past or present fact is any words or conduct which create an untrue or misleading impression of the actual past or present fact in the mind of another.

Words that are literally true, or words or conduct that are reasonably capable of creating both a true and a false impression, do not constitute a false representation of a past or present fact.  However, if a false impression of a past or present fact was created by such words or conduct and the person making the representation knew the false impression had been created, or they intended to create it, then such words or conduct do constitute a false representation of a past or present fact.

Source:  OUJI-CV § 18.3

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 144.    OUJI-CV § 18.4
(Material Fact – Defined)**

A fact is material if a reasonably careful person under the circumstances would attach importance to it in determining his/her course of action.

A fact may also be material even though a reasonably careful person might not regard it as important, if the person with whom he/she is dealing will very likely regard it as important in determining his/her course of action.

<u>Source</u>:  OUJI-CV § 18.4

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 145.    OUJI-CV § 18.5
### (Duty to Disclose)

When dealing with another, a person has a duty to disclose a material fact if it is known to him or her and

(1) He or she has stated another fact which was true at the time he or she stated it but which subsequently became untrue, and he or she knows the other person is acting under the impression that the fact as originally stated is still true, or;

(2) He or she states other facts which are true but which he or she knows will create a false impression of the actual facts in the mind of the other person if the material fact is not disclosed, or;

(3) He or she knows by his own ambiguous words or conduct he has created a false impression of the actual facts in the mind of the other person, or;

(4) He or she knows the fact is peculiarly within his knowledge and the other person is not in a position to discover the fact for him or herself, or;

(5) He or she has previously represented the fact to be otherwise with an honest belief in its truth, and afterwards learned that the actual fact was other than as first represented.

Source:  OUJI-CV § 18.5

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

17.    **Puerto Rico**

**Instruction No. 146.    Sources Cited**
**(Intentional Misrepresentation – Elements)**

MSP also asserts a claim of intentional misrepresentation under Puerto Rico

law.  In order to win on this claim as to any defendant under Puerto Rico law, MSP

must prove each of the following as to each defendant:

(1) a representation;

(2) its falsity;

(3) its materiality;

(4) either knowledge of its falsity or reckless disregard of its truth or falsity;

(5) intent that the representation be acted upon;

(6) the ignorance of its falsity by every class member that paid for VCDs in

Puerto Rico;

(7) the reliance on its truth of every class member that paid for VCDs in

Puerto Rico;

(8) the right to rely thereon of every class member that paid for VCDs in

Puerto Rico; and

(9) the consequent and proximate injury to every class member that paid for

VCDs in Puerto Rico.

Source:  *Adrian v. Mesirow Fin. Structured Settlements, LLC*, 736 F. Supp. 2d 404,
421 (D.P.R. 2010) (listing elements of fraud); *Valle-Ortiz v. R.J. Reynolds Tobacco*

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

*Co.*, 385 F. Supp. 2d 126, 133 (D.P.R. 2005) (noting requirements of actual reliance and falsity)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

18.    **Rhode Island**

**Instruction No. 147.    R.I. Jury Instrs. Civ. § 2501.1**
**(False Representation – Elements of Liability)**

MSP also asserts a claim of intentional misrepresentation under Rhode

Island law.  In order to win on this claim as to any defendant under Rhode Island

law, MSP must prove each of the following as to each defendant:

1.  that the defendant made a false representation about a material fact

concerning the valsartan API and/or VCDs;

2.  that the defendant knew its representation was false when made;

3.  that the defendant intended to deceive every class member that paid for

VCDs in Rhode Island by inducing each of them to rely on the false representation

in entering into the payment for the VCDs;

4.  that every class member that paid for VCDs in Rhode Island did rely on

the false representation;

5.  that the reliance of every class member that paid for VCDs in Rhode

Island on the false representation was reasonable under the circumstances; and

6.  that every class member that paid for VCDs in Rhode Island suffered

some loss or harm as a proximate result of the defendant's representation.


Source:  R.I. Jury Instrs. Civ. § 2501.1; modified as to first paragraph and numbers
added to elements

197

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 148.       R.I. Jury Instrs. Civ. § 2507.1
(Misrepresentation Defined)**

A misrepresentation is defined as any manifestation by words or other conduct by one person to another that, under the circumstances, amounts to an assertion not in accordance with the true facts.

A misrepresentation must be one of an existing fact, that is, statements of opinion are not representations of existing facts and may not form the basis of a claim for misrepresentation.

A misrepresentation may take the form of an oral statement or it may be conduct or a course of conduct clearly intended to deceive as to the fact, circumstance or conditions actually existing.

Source:  R.I. Jury Instrs. Civ. § 2507.1

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 149.     R.I. Jury Instrs. Civ. § 2507.3
(Material Fact Defined)**

A material fact is a fact that is likely to affect the conduct of a reasonable person entering into the contract/transaction in question.  It is a fact that would induce a reasonable person either to act or not act in the context of the undertaking at issue.

A misrepresentation of fact or information becomes material when it is likely to affect the conduct of a reasonable person with respect to a transaction with another person.

<u>Source</u>:  R.I. Jury Instrs. Civ. § 2507.3

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 150.     R.I. Jury Instrs. Civ. § 2507.4
(Reasonable Reliance Defined)**

MSP must prove that every class member that paid for VCDs in Rhode Island reasonably relied on the false representation alleged to have been made by the defendant.  The class members that paid for VCDs in Rhode Island may not be said to have reasonably relied on the defendant's representation when the evidence shows it was obvious, or should have been obvious, that the representation was indeed false.  The reasonableness or unreasonableness of the reliance of each class member that paid for VCDs in Rhode Island is to be measured against the circumstances as were confronting it at the time.  Whether the reliance of each class member that paid for VCDs in Rhode Island on the defendant's representation was reasonable is for the jury to determine based on all of the facts and circumstances that you find were proved at trial.  The reliance of each class member that paid for VCDs in Rhode Island cannot be presumed.

Source:  R.I. Jury Instrs. Civ. § 2507.4; modified as to presumed reliance by *Zarella v. Minn. Mut. Life Ins. Co.*, No. CIV A 96-2782, 1999 WL 226223, at *8 (R.I. Super. Ct. Apr. 14, 1999)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

19.    **South Dakota**

**Instruction No. 151.    Source Cited**
**(Intentional Misrepresentation – Elements of Liability)**

MSP also asserts a claim of intentional misrepresentation under South

Dakota law.  In order to win on this claim as to any defendant under South Dakota

law, MSP must prove each of the following as to each defendant:

(1) the defendant made a representation as a statement of fact;

(2) which was untrue and known to be untrue by the party making it, or else

recklessly made;

(3) which was made with intent to deceive and for the purpose of inducing

every class member that paid for VCDs in South Dakota to act upon it;

(4) which was actually relied upon by every class member that paid for

VCDs in South Dakota; and

(5) which thereby induced every class member that paid for VCDs in South

Dakota to act to its injury or damage.

Source:  *N. Am. Truck v. M.C.I.*, 751 N.W.2d 710, 714-15 (S.D. 2008) (listing
elements of fraud)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 152.      S.D. Cod. L. § 20-10-2**
**(Intentional Misrepresentation – Definition of Deceit)**

South Dakota law refers to intentional misrepresentation in this context as "deceit." Deceit within the meaning of South Dakota law is:

(1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;

(2) The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;

(3) The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or

(4) A promise made without any intention of performing.

Source:  S.D. Cod. L. § 20-10-2

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

20.    **Vermont**

**Instruction No. 153.    Source Cited**
**(Intentional Misrepresentation – Elements of Liability)**

MSP also asserts a claim of intentional misrepresentation under Vermont

law.  In order to win on this claim as to any defendant under Vermont law, MSP

must prove each of the following as to each defendant, by clear and convincing

evidence:

(1) intentional misrepresentation of a material fact;

(2) that was known to be false when made;

(3) that was not open to the knowledge of any class member that paid for

VCDs in Vermont;

(4) that every class member that paid for VCDs in Vermont acted in reliance

on that fact; and

(5) that every class member that paid for VCDs in Vermont was thereby

harmed.

Source:  *Felis v. Downs Rachlin Martin PLLC*, 2015 VT 129, 200 Vt. 465, 133
A.3d 836 (2015) (listing elements of fraud); *Sugarline Assocs. v. Alpen Assocs.*,
586 A.2d 1115, 1120 (Vt. 1990) (recovery for fraud "requires that the party
claiming fraud justifiably relied on the statements or conduct of the other"); *Fuller
v. Banknorth Mortg. Co.*, 788 A.2d 14, 16 (Vt. 2001) (noting that burden of proof
for fraud is clear and convincing evidence)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### 21.  **Virginia**

**Instruction No. 154.       1 Va. Model Jury Instrs. – Civ. Instr. No. 39.110 (2023)**
**(Finding Instruction Common Law: Actual and Constructive Fraud)**

MSP also asserts a claim of intentional misrepresentation under Virginia law.  In order to win on this claim as to any defendant under Virginia law, MSP must prove each of the following as to each defendant, by clear and convincing evidence:

(1)     That the defendant misrepresented a material fact; and

(2)     That the misrepresentation was made intentionally and knowingly; and

(3)     That the misrepresentation was made with the intent that every class member that paid for VCDs in Virginia rely upon it; and

(4)     That every class member that paid for VCDs in Virginia actually relied upon it; and

(5)     That every class member that paid for VCDs in Virginia was damaged as a result.

Source:  1 Va. Model Jury Instrs. – Civ. Instr. No. 39.110 (2023); modified as to first sentence, and based on the following authority:  *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 507 S.E.2d 344, 346 (Va. 1998) (noting that plaintiff must demonstrate actual reliance); *Owens v. DRS Auto. Fantomworks, Inc.*, 764 S.E.2d 256, 260 (Va. 2014) (pleading common law fraud requires a material misrepresentation "made intentionally and knowingly . . . with intent to mislead"); 1 Va. Model Jury Instrs. – Civ. Instr. No. 39.070 (2023) (clear and convincing)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 155.     1 Va. Model Jury Instrs. – Civ. Instr. No. 39.010
(2023)
(Definition of Misrepresentation)**

A misrepresentation is any words or conduct that produce a false or misleading impression of fact in the mind of another.  The misrepresentation must be made concerning an actually existing or past fact.  A promise, an expression of interest, or an expectation or opinion concerning the future is not a misrepresentation.

A misrepresentation may result from silence or from the suppression of facts as well as from an affirmative representation.

Source:  1 Va. Model Jury Instrs. – Civ. Instr. No. 39.010 (2023)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 156.      1 Va. Model Jury Instrs. – Civ. Instr. No. 39.020
(2023)
(Definition of Material Fact)**

A material fact is one that influences a person to act or not to act.


Source:  1 Va. Model Jury Instrs. – Civ. Instr. No. 39.020 (2023)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 157.     1 Va. Model Jury Instrs. – Civ. Instr. No. 39.030
(2023)
(Definition of Reliance)**

Reliance is a belief that a representation is true which causes a person to take action he would not otherwise have taken.

<u>Source</u>:  1 Va. Model Jury Instrs. – Civ. Instr. No. 39.030 (2023)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 158.    1 Va. Model Jury Instrs. – Civ. Instr. No. 39.060
(2023)
(Fact Versus Opinion)**

To be liable, the defendant must make a misrepresentation of past or present

facts.  Statements of opinion are not fraud.

<u>Source</u>:  1 Va. Model Jury Instrs. – Civ. Instr. No. 39.060 (2023)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 159.      1 Va. Model Jury Instrs. – Civ. Instr. No. 39.080
(2023)
(Fact Versus Opinion)**

In deciding liability, you may take into consideration the relative knowledge of the parties, their respective motives and intentions, the closeness of their relationship, the actions of the parties, the nature and character of the transaction including the adequacy of the price, and all of the other surrounding facts and circumstances.

<u>Source</u>:  1 Va. Model Jury Instrs. – Civ. Instr. No. 39.080 (2023); modified as to introductory clause

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

22.    **Washington**

**Instruction No. 160.      WPI 160.04**
**(Fraud—Burden of Proof on the Issues)**

MSP also asserts a claim of intentional misrepresentation under Washington law.  In order to win on this claim as to any defendant under Washington law, MSP must prove each of the following as to each defendant, by clear and convincing evidence:

(1) that the defendant made a representation of existing fact;

(2) that the fact represented was material;

(3) that the representation was false;

(4) that the defendant knew the representation was false;

(5) that every class member that paid for VCDs in Washington did not know that the representation was false;

(6) that the defendant intended that every class member that paid for VCDs in Washington would act upon the representation;

(7) that every class member that paid for VCDs in Washington had a right to rely on the truth of the representation;

(8) that every class member that paid for VCDs in Washington did rely on the truth of the representation; and

(9) that every class member that paid for VCDs in Washington were damaged by reliance on the representation.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

<u>Source</u>:  Wash. Pattern Jury Instrs. – Civ. (WPI) 160.04; modified as to first sentence; *see also* WPI 160.02 (clear and convincing)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

23.    **Wyoming**

**Instruction No. 161.      Wyo. Civ. Pattern Jury Instrs. § 17.01
(Fraud/Intentional Misrepresentation – Elements)**

MSP also asserts a claim of intentional misrepresentation under Wyoming law.  In order to win on this claim as to any defendant under Wyoming law, MSP must prove each of the following as to each defendant, by clear and convincing evidence:

1. The defendant made a false representation of a material fact;

2. The defendant knew the representation was false when it made it or that the defendant was at least aware that it did not have a basis for making the statement;

3. The defendant intended that every class member that paid for VCDs in Wyoming rely on the representation;

4. Every class member that paid for VCDs in Wyoming reasonably believed the defendant's representation was true;

5. Every class member that paid for VCDs in Wyoming suffered damages relying on the defendant's false representation.

Source:  Wyo. Civ. Pattern Jury Instrs. § 17.01; modified as to first sentence

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 162.        Wyo. Civ. Pattern Jury Instrs. § 17.04**
**(Justifiable Reliance – Defined)**

MSP also asserts a claim of intentional misrepresentation under Wyoming law.  In order to win on this claim as to any defendant under Wyoming law, MSP must prove each of the following as to each defendant, by clear and convincing evidence:

The reliance of class members that paid for VCDs in Wyoming can only be reasonable when the false representation occurs prior to the payment for the VCDs for which damages are sought to be recovered.

<u>Source</u>:  Wyo. Civ. Pattern Jury Instrs. § 17.04

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### F.    **Consumer Protection**

1.    **Alaska**

**Instruction No. 163.    Alaska Pattern Jury Instr. Civ. 10.01B
(Elements of a Consumer Protection Act Claim Under AS
45.50.531(a) Based on a Provision of AS 43.40.471(b))**

MSP asserts a claim under Alaska's consumer-protection law.  In order to win on this claim as to any defendant under Alaska law, MSP must prove each of the following as to each defendant:

(1) the defendant represented that the valsartan API and/or VCDs had characteristics or ingredients that they did not have;

(2) the representation that the valsartan API and/or VCDs had characteristics or ingredients that they did not have occurred in the defendant's conduct of trade or commerce; and

(3) every class member that paid for VCDs in Alaska suffered an ascertainable loss of money or property as a result of the defendant's representation that the valsartan API and/or VCDs had characteristics or ingredients that they did not have.

Source:  Alaska Pattern Jury Instr. Civ. 10.01B; first sentence modified and in accordance with pattern instructions by Alaska Stat. § 45.50.471(b)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 164.     Alaska Pattern Jury Instr. Civ. 10.02
("Trade or Commerce" Defined)**

Trade or commerce means advertising, offering for sale, selling, renting, leasing, or distributing any services, goods, property, or any other thing of value. Trade or commerce includes transactions between businesses and transactions with individual customers or consumers.

<u>Source</u>:  Alaska Pattern Jury Instr. Civ. 10.02

215

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 165.    Alaska Pattern Jury Instr. Civ. 10.04
("Ascertainable Loss" Defined)**

The class members that paid for VCDs in Alaska suffered an ascertainable

loss of money or property if they received something other than what they

bargained for.  The class members' losses must be measurable even if the precise

amount of the loss is not known.

Source:  Alaska Pattern Jury Instr. Civ. 10.04

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

2.    **Arizona**

**Instruction No. 166.       RAJI (CIVIL) 7th Commercial Torts 21, Consumer Fraud
(Elements of Claim)**

MSP also asserts a claim under Arizona's consumer-protection law.  In order to win on this claim as to any defendant under Arizona law, MSP must prove each of the following as to each defendant:

1. the defendant made a misrepresentation; or concealed, suppressed, or omitted a material fact; and in the case of a concealment, suppression, or omission intended that others rely on the concealment, suppression, or omission;

2. in connection with the sale or advertisement of merchandise; and

3. every class member that paid for VCDs in Arizona suffered damages as result of reliance on the defendant's misrepresentation or concealment, suppression, or omission of a material fact.

Source:  RAJI (CIVIL) 7th Commercial Torts 21, Consumer Fraud; first sentence modified

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

3.    **California**

**Instruction No. 167.    Sources Cited**
**(Unfair Competition Law – Elements)**

MSP also asserts a claim under California's consumer-protection law.  In order to win on this claim as to any defendant under California law, MSP must prove each of the following as to each defendant:

1. The defendant committed a deceptive business practice;

2. Every class member that paid for VCDs in California relied on the deception; and

3. As a result of the deceptive practice, every class member that paid for VCDs in California suffered an injury.

A business practice is "deceptive" if members of the public are likely to be deceived by it.

Source:  Cal. Bus. Prof. Code § 17200; *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158 (2002) (citations omitted) (providing elements and definitions of conduct qualifying as deceptive); *Lanini v. JPMorgan Chase Bank*, No. 2:13-CV-00027 KJM EFB (E.D. Cal. Apr. 3, 2014) (stating that plaintiffs must prove causation, damages, and reliance)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

4. **Connecticut**

**Instruction No. 168.        Conn. Judicial Branch Civ. Jury Instrs. § 5.2-1**
**(Connecticut Unfair Trade Practices Act – Elements)**

MSP also asserts a claim under Connecticut's consumer-protection law.  In

order to win on this claim as to any defendant, MSP must prove each of the

following as to each defendant:

(1)  the defendant engaged in a deceptive act or practice;

(2) in the conduct of trade or commerce; and

(3) that this caused the class members that paid for VCDs in Connecticut to

sustain an ascertainable loss.

Source:  Conn. Judicial Branch Civ. Jury Instrs. § 5.2-1; modified as to first
sentence and to enumerate elements

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 169.        Conn. Judicial Branch Civ. Jury Instrs. § 5.2-2
(Trade or Commerce)**

An action is carried out in the defendant's trade or commerce if it is part of

the advertising, sale, or the distribution of any services and any property, tangible

or intangible, real, personal or mixed, and any other article, commodity, or thing of

value in Connecticut.  The conduct must occur in the defendant's primary trade or

business; it must not be merely incidental to the defendant's trade or business.

Source:  Conn. Judicial Branch Civ. Jury Instrs. § 5.2-2; streamlined

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 170.      Conn. Judicial Branch Civ. Jury Instrs. § 5.2-7
(Deceptive Act or Practice)**

To prove a deceptive act or practice, MSP must prove three requirements.

First, there must be a representation, omission, or other practice likely to mislead

every class member that paid for VCDs in Connecticut.  MSP does not have to

prove that the defendant intended to deceive those entities or that the defendant

knew that its statement or act was false.  Second, every class member that paid for

VCDs in Connecticut must interpret the message reasonably under the

circumstances.  Third, the misleading representation, omission, or practice must be

material – that is, likely to affect third-party payor decisions or conduct.

Source:  Conn. Judicial Branch Civ. Jury Instrs. § 5.2-7; streamlined and revised to
avoid confusion over the relevant "consumer"

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 171.      Conn. Judicial Branch Civ. Jury Instrs. § 5.2-9
(CUTPA – Ascertainable Loss)**

Even if MSP proves that a defendant committed a deceptive act, the class

members cannot recover unless they sustained an "ascertainable loss."  The

plaintiff has the burden of proving this "ascertainable loss."  A loss is a

deprivation, detriment or injury.  A loss is ascertainable if it is capable of being

discovered, observed or established, but need not be measured by a dollar amount.

<u>Source</u>:  Conn. Judicial Branch Civ. Jury Instrs. § 5.2-9

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

5. **Florida**

**Instruction No. 172.    1 Fla. Std. Jury Instrs. in Civ. Cases § 416.50(a)
(Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"))**

MSP also asserts a claim under Florida's consumer-protection law.  In order to win on this claim as to any defendant under Florida law, MSP must prove each of the following as to each defendant, as to every class member that paid for VCDs in Florida:

(1)    That the defendant engaged in a deceptive or unfair act or practice in the conduct of its trade or commerce in Florida; and

(2)    That the defendant's actions were the legal cause of actual damage sustained by every class member that paid for VCDs in Florida.

An act or practice is "deceptive" if it is likely to mislead a person or entity, acting reasonably in the circumstances, to the person or entity's detriment.

An act or practice is "unfair" if it offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.  An "unfair" practice or act must satisfy three tests:

a.    it must produce substantial injury to every class member that paid for VCDs in Florida;

b.    the injury must not be outweighed by a benefit to consumers or competition that the practice produces; and

223

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

    c.    it must be an injury that no class member that paid for VCDs in

Florida could have reasonably avoided.

If the alleged deceptive act involves an omission, then you must further find

that the omission was material and that the defendant engaged in the alleged unfair

act or practice knowingly and intentionally.

"Trade or commerce" means the advertising, soliciting, providing, offering,

or distributing, whether by sale, rental, or otherwise, of any good or service, or any

property, whether tangible or intangible, or any other article, commodity, or thing

of value, wherever situated.

Source:  1 Fla. Std. Jury Instrs. in Civ. Cases § 416.50(a), modified based on
comment 4 to the standard instruction (territorial limitation to conduct in Florida);
Fla. Stat. § 501.204; *Horton v. Hoosier Racing Tire Corp.*, No. 8:15-cv-1453, 2015
WL 12859316, at *3 (M.D. Fla. Dec. 15, 2015) (intent and materiality in omission
claims); Fla. Stat. § 501.203(8) (trade or commerce)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 173.     1 Fla. Std. Jury Instrs. in Civ. Cases § 416.50(b)
(Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")—Legal
Cause)**

Engaging in a deceptive or unfair trade practice is a legal cause of loss if it

directly and in natural and continuous sequence produces or contributes

substantially to producing such loss, so that it can reasonably be said that, but for

the violation, the loss would not have occurred.

Source:  1 Fla. Std. Jury Instrs. in Civ. Cases § 416.50(b)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

6. **Hawaii**

**Instruction No. 174.    1 Haw. Std. Civ. Jury Instr. No. 19.1
(Elements)**

MSP also asserts a claim under Hawaii's consumer-protection law.  In order to win on this claim as to any defendant under Hawaii law, MSP must prove each of the following as to each defendant:

1. The defendant engaged in an act or practice that was unfair or deceptive;

2. The unfair or deceptive act or practice occurred in the conduct of trade or commerce;

3. The unfair or deceptive act or practice constituted an unfair method of competition;

4. The unfair or deceptive act or practice was a legal cause of damages to every class member that paid for VCDs in Hawaii.

Source:  1 Haw. Std. Civ. Jury Instr. No. 19.1; modified as to first sentence and to reflect plaintiff's assertion that it intends to bring this claim as an unfair-competition claim to overcome the fact that only consumers can bring claims for unfair or deceptive acts or practices

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 175.    1 Haw. Std. Civ. Jury Instr. Nos. 19.3, 19.4
### (Definition of Unfair or Deceptive Act or Practice)

An act or practice is "unfair" if it offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

An act or practice is "deceptive" if it is a material representation, omission, or practice that is likely to mislead consumers acting reasonably under the circumstances.  MSP need not show that the defendant intended to deceive the class members that paid for VCDs in Hawaii, or that the class members that paid for VCDs in Hawaii were actually deceived.  It is sufficient if the representation, omission, or practice was likely to deceive.  A representation, omission, or practice is "material" if it involves information that is important to third-party payors and is likely to affect their choice of, or conduct regarding, a product, service, or investment.

Source:  1 Haw. Std. Civ. Jury Instr. Nos. 19.3, 19.4

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 176.    1 Haw. Std. Civ. Jury Instr. No. 19.5**
**(Definition of Trade or Commerce)**

An act or practice occurs in the conduct of trade or commerce if it is in the context of business activity or a business transaction.

Source:  1 Haw. Std. Civ. Jury Instr. No. 19.5

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 177.    Source Cited
(Definition of Unfair Method of Competition)**

An act or practice constitutes an unfair method of competition if it

negatively affects competition and allows the person engaged in the act or practice

to obtain the business of customers through an unfair and illegal business

advantage over law-compliant competitors.

Source:  *Gurrobat v. HTH Corp.*, 323 P.3d 792, 813 (Haw. 2014)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 178.    1 Haw. Std. Civ. Jury Instr. No. 7.1**
**(Definition of Trade or Commerce)**

An act or omission is a legal cause of an injury/damage if it was a substantial factor in bringing about the injury/damage.

One or more substantial factors such as the conduct of more than one person may operate separately or together to cause an injury or damage. In such a case, each may be a legal cause of the injury/damage.

Source:  1 Haw. Std. Civ. Jury Instr. No. 7.1

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

     7.    **Illinois**

**Instruction No. 179.    Sources Cited
(Deceptive or Unfair Trade Practices – Elements)**

MSP also asserts a claim under Illinois's consumer-protection law.  In order to win on this claim as to any defendant under Illinois law, MSP must prove each of the following as to each defendant:

(1) A deceptive act or practice by the defendant;

(2) The defendant's intent that every class member that paid for VCDs in Illinois rely on the deception;

(3) The deception proximately caused injury to every class member that paid for VCDs in Illinois;

(4) The deception occurred in the course of conduct involving trade and commerce; and

(5) That the defendant's sale of the VCDs was not specifically authorized by laws administered by the U.S. Food and Drug Administration.

Source:  *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482 (Ill. 1996) (elements); 815 ILCS 505/10b(1) (FDA authorization requirement)

231

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

8.    **Louisiana**

**Instruction No. 180.    Sources Cited**
**(Louisiana Unfair Trade Practices Act – Elements)**

MSP also asserts a claim under Louisiana's consumer-protection law.  In

order to win on this claim as to any defendant under Louisiana law, MSP must

prove each of the following as to each defendant:

(1)    The defendant engaged in a deceptive trade practice.

(2)    The defendant's actions were taken with the specific purpose of

harming the competition.

(3)    As a result of the defendant's deceptive trade practice, every class

member that paid for VCDs in Louisiana suffered an ascertainable loss of money

or movable property.

Source:  La. R.S. 51:1405A; La. R.S. 51:1409; *Rincon v. Owens Collision &
Repair Serv. Ctr., LLC*, 359 So. 3d 990 (La. Ct. App. 2018) (elements); *Monroe v.
McDaniel*, 207 So. 3d 1172, 1180 (La. Ct. App. 2016) ("The supreme court has
further explained that the range of prohibited practices under LUTPA is extremely
narrow and includes 'only egregious actions involving elements of fraud,
misrepresentation, deception, or other unethical conduct.' [citation omitted.]  A
defendant's motivation is a critical factor—his actions must have been taken with
the specific purpose of harming the competition.")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

9.    **Missouri**

**Instruction No. 181.    Mo. Approved Jury Instrs. – Civ. (MAI) 39.01
(Verdict Directing—Violation of Missouri Merchandising Practices Act)**

MSP also asserts a claim under Missouri's consumer-protection law.  In order to win on this claim as to any defendant under Missouri law, MSP must prove each of the following as to each defendant:

First, in connection with the purchase and sale of VCDs by every class member that paid for VCDs in Missouri, the defendant misrepresented or concealed, suppressed, or omitted any material fact in connection with the sale or advertisement of VCDs;

Second, every class member that paid for VCDs in Missouri purchased the VCDs primarily for personal, family, or household purposes; and

Third, as, a direct result of the defendant's conduct, every class member that paid for VCDs in Missouri sustained damage.

Source:  Mo. Approved Jury Instrs. – Civ. (MAI) 39.01; modified as to first sentence and to conform to elements of § 407.020 R.S.Mo.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

10.   **Nebraska**

**Instruction No. 182.    Sources Cited**
**(Unfair and Deceptive Acts or Practices – Elements)**

MSP also asserts a claim under Nebraska's consumer-protection law.  In

order to win on this claim as to any defendant under Nebraska law, MSP must

prove each of the following as to each defendant:

(1)    The defendant committed a deceptive act or practice;

(2)    The unfair or deceptive act had an impact on the public interest; and

(3)    As a result of the deceptive act or practice, every class member that

paid for VCDs in Nebraska suffered an injury.

An act or practice is "deceptive" if it possessed the tendency to mislead.

Source:  *Raad v. Wal-Mart Stores, Inc.*, 13 F. Supp. 2d 1003, 1018 (D. Neb. 1998)
(elements); *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678 (2000) ("To be
actionable under the Consumer Protection Act, the unfair or deceptive act or
practice must have an impact upon the public interest. The act is not available to
redress a private wrong where the public interest is unaffected.")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### 11. **New York**

**Instruction No. 183.     NY PJI 3:20.2; General Business Law § 349
(Deceptive Acts – Elements)**

MSP also asserts a claim under New York's consumer-protection law.  In order to win on this claim as to any defendant under New York law, MSP must prove each of the following as to each defendant:

First, that the challenged act or practice by the defendant was consumer-oriented;

Second, that the transaction in which every class member that paid for VCDs in New York was deceived occurred in the conduct of business, trade or commerce in New York;

Third, that the challenged act or practice was misleading in a material way; and

Fourth, that every class member that paid for VCDs in New York suffered direct injury as a result of the deceptive act.

For an act to be "consumer-oriented," it must be aimed at the consumer public at large.

For an act to be "misleading," the representation or omission at issue must be misleading to a reasonable consumer.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

For an injury to be "direct," it must be sustained directly by the plaintiff or

class member, and not derivatively, based on injury caused to another person, such

as the insureds of the class members that paid for VCDs in New York.


Source:  NY PJI 3:20 section IX.A.1 of the comment (setting forth requirements for GBL claim); *Goshen v. Mut. Life Ins. Co. of N.Y.*, 774 N.E.2d 1190, 1195-96 (N.Y. 2002) (noting the definition of misleading and holding that transaction at issue must occur in New York) (cited in NY PJI 3:20 section IX.A.1); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995) (defining "consumer-oriented" as being aimed at consumers at large) (cited in NY PJI 3:20 section IX.A.1); *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.*, 818 N.E.2d 1140, 1144 (N.Y. 2004) (defining direct injury and expressly holding that insurers "may not recover derivatively for injuries suffered by its insured" under GBL 349 because their "sole remedy is in equitable subrogation")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

12.    **North Carolina**

**Instruction No. 184.    N.C.P.I. - Civil 813.05**
**(Deceptive Acts – Elements)**

MSP also asserts a claim under North Carolina's consumer-protection law. In order to win on this claim as to any defendant under North Carolina law, MSP must prove each of the following as to each defendant:

First, that the defendant misrepresented the valsartan API and/or VCDs to every class member that paid for VCDs in North Carolina;

Second, that the defendant's conduct was in commerce or affected commerce; and

Third, that the defendant's conduct was a proximate cause of injury to every class member that paid for VCDs in North Carolina.

Conduct is "in commerce" when it involves a business activity.  Conduct "affects commerce" whenever a business activity is adversely and substantially affected.

A "business activity" is the way a business conducts its regular, day-to-day activities or affairs (such as the purchase and sale of goods), or whatever other activities the business regularly engages in and for which it is organized.

To prove that a defendant's conduct was a proximate cause of MSP and every class member's injury, plaintiff must prove the following:  first, that MSP and every class member has suffered injury; second, that the defendant's conduct

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

was a proximate cause of these injuries; and third, that every class member that

paid for VCDs in North Carolina actually relied on the alleged misrepresentation.

Proximate cause is a cause which in a natural and continuous sequence

produces the injury, and is a cause which a reasonable and prudent person could

have foreseen would probably produce such injury or some similar injurious result.

There may be more than one proximate cause of an injury. Therefore, MSP need

not prove that the defendant's conduct was the sole proximate cause of injury to

MSP and every class member that paid for VCDs in North Carolina. MSP must

prove only that the defendant's conduct was a proximate cause.

"Actual reliance" requires that every class member that paid for VCDs in

North Carolina affirmatively incorporated the alleged misrepresentation into its

decision-making process; that is, if it were not for the misrepresentation, every

class member that paid for VCDs in North Carolina would likely have avoided the

injury altogether. The reliance of every class member that paid for VCDs in North

Carolina would be reasonable if, under the same or similar circumstances, a

reasonable third-party payor, in the exercise of ordinary care for his or her own

interests, would have relied on the misrepresentation.

<u>Source</u>:  N.C.P.I. - Civil 813.05; revised as to first sentence and streamlined

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### 13. **North Dakota**

**Instruction No. 185.    Sources Cited**
**(Deceptive Act or Practice – Elements)**

MSP also asserts a claim under North Dakota's consumer-protection law.  In order to win on this claim as to any defendant under North Dakota law, MSP must prove each of the following as to each defendant:

(1)    The defendant knowingly committed a deceptive act or practice;

(2)    The defendant intended that others rely on the deceptive act or practice in connection with the sale or advertisement of any merchandise; and

(3)    every class member that paid for VCDs in North Dakota sustained actual damages as a result.

Source:  N.D. Cent. Code § 51-15-02 (expressly requiring intent that others rely); *id.* § 51-15-09 (claims brought by individuals must be based on knowing commission of unlawful practice and require proof of actual damages); *see generally TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) (as a matter of Article III, plaintiff and class members must have sustained injury to pursue relief)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

14.    **Oklahoma**

**Instruction No. 186.    Source Cited**
**(Consumer Protection Act – Elements)**

MSP also asserts a claim under Oklahoma's consumer-protection law. In order to win on this claim as to any defendant under Oklahoma law, MSP must prove each of the following as to each defendant:

(1) that every class member that paid for VCDs in Oklahoma is an aggrieved consumer of the defendant's VCDs;

(2) that the defendant engaged in an unlawful practice;

(3) that the challenged practice occurred in the course of the defendant's business;

(4) that every class member that paid for VCDs in Oklahoma, as consumers, suffered an injury in fact; and

(5) that the challenged practice caused injury to every class member that paid for VCDs in Oklahoma.

Source: *Siddique v. W. Heritage Ins. Co.*, No. CIV-14-456-SPS, 2015 WL 2451734 (E.D. Okla. May 21, 2015)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 187.      Sources Cited
### (Aggrieved Consumer – Definition)

A person is an aggrieved consumer if the person has consumed one or more

of a defendant's products after purchasing the product for the person's own

personal, family, or household use.

Source:  *CTI Servs. LLC v. Haremza*, 797 F. Supp. 2d 1257, 1263 (N.D. Okla.
2011); *see also James v. Tyson Foods, Inc.*, 292 P.3d 10, 18 (Okla. 2012) (OCPA
"extend[s] to buyers only when they [a]re also 'consumers'")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 188.    Okla. Stat., tit. 15, § 753
### (Unlawful Practices – Definition)

A person engages in a practice which is declared to be unlawful under the Oklahoma Consumer Protection Act when, in the course of the person's business, the person:

1.  Makes a false or misleading representation, knowingly or with reason to know, as to the source, sponsorship, approval, or certification of the subject of a consumer transaction;

2. Makes a false representation, knowingly or with reason to know, as to the characteristics, ingredients, uses, benefits, alterations, or quantities of the subject of a consumer transaction or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith;

3. Represents, knowingly or with reason to know, that the subject of a consumer transaction is of a particular standard, style or model, if it is of another; or

4. Advertises, knowingly or with reason to know, the subject of a consumer transaction with intent not to sell it as advertised.

Source:  Okla. Stat., tit. 15, § 753; modified to fit theory of the case

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 189.    Source Cited
### (Injury– Definition)

A person is injured within the meaning of Oklahoma's consumer-protection law only if the person suffers some detriment or loss as a result of a violation of the Act.  A person is not injured solely as a result of his, her or its payment of the purchase price for a product.

Source:  *Walls v. Am. Tobacco Co.*, 11 P.3d 626, 630 (Okla. 2000)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

15.    **Oregon**

**Instruction No. 190.    Or. UCJI No. § 43.01**
**(Unlawful Trade Practice – Elements)**

MSP also asserts a claim under Oregon's consumer-protection law.  In order to win on this claim as to any defendant under Oregon law, MSP must prove each of the following as to each defendant:

(1) The defendant willfully misrepresented to every class member that paid for VCDs in Oregon that the valsartan API and/or VCDs were safe and effective;

(2) The defendant was acting in the course of its business;

(3) The goods at issue were obtained by every class member that paid for VCDs in Oregon primarily for personal, family, or household purposes and customarily are obtained by purchasers primarily for personal, family, or household purposes; and

(4) Every class member that paid for VCDs in Oregon suffered an ascertainable loss of money or property as a result of the defendant's conduct.

Source:  Or. UCJI No. § 43.01; modified as to first sentence

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 191.     Or. UCJI No. § 43.02**
**(Unlawful Trade Practice Act – Ascertainable Loss)**

"Ascertainable loss" means a loss of money or property capable of being

discovered, observed, or established.


Source:  Or. UCJI No. § 43.02; modified to omit statutory damages reference,
which relates to damages rather than liability

245

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

16. **Pennsylvania**

**Instruction No. 192.    Sources Cited**
**(UTPCPL – Elements)**

MSP also asserts a claim under Pennsylvania's consumer-protection law.  In order to win on this claim as to any defendant under Pennsylvania law, MSP must prove each of the following as to each defendant:

(1) The defendant made a misrepresentation;

(2) The misrepresentation was material to the decision of every class member that paid for VCDs in Pennsylvania to purchase the VCDs;

(3) The misrepresentation was made falsely;

(4) The misrepresentation was made with the intent of misleading every class member that paid for VCDs in Pennsylvania to rely on it;

(5) Justifiable reliance resulted; and

(6) Injury was proximately caused to every class member that paid for VCDs in Pennsylvania by the reliance.

Source:  73 Pa. Cons. Stat. § 201-1; *Schwartz v. Lawyers Title Ins. Co.*, 680 F. Supp. 2d 690, 713 (E.D. Pa. 2010)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 193.    Source Cited
### (Materiality)

A misrepresentation is material if the class member that paid for VCDs in

Pennsylvania would not have paid for the VCDs but for the misrepresentation.


<u>Source</u>:  *In re Passarelli Fam. Tr.*, 242 A.3d 1257, 1270-71 (Pa. 2020) (defining materiality in the context of fraud in the inducement)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 194.    Source Cited
### (Proximate Cause)

Proximate cause is causation which was a factual cause in bringing about the

injury.  A misrepresentation is a factual cause if the harm would not have occurred

absent the misrepresentation.

<u>Source</u>:  *Vaskas v. Kenworth Truck Co.*, No. 3:10-CV-1024, 2013 WL 101612
(M.D. Pa. Jan. 8, 2013), *on reconsideration*, No. 3:10-CV-1024, 2013 WL
1126022 (M.D. Pa. Mar. 18, 2013) (citations omitted) ("Pennsylvania law defines
proximate cause as causation which was a factual cause in bringing about the
injury . . . . Conduct is a factual cause of harm when the harm would not have
occurred absent the conduct."); Pa. Sugg. Std. Civ. Jury Instr. 16.70 (factual
cause).

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

17.    **Washington**

**Instruction No. 195.    WPI 310.01
(Elements of a Violation of the Consumer Protection Act)**

MSP also asserts a claim under Washington's consumer-protection law. In order to win on this claim as to any defendant under Washington law, MSP must prove each of the following as to each defendant:

(1) The defendant engaged in an unfair or deceptive act or practice;

(2) That the act or practice occurred in the conduct of the defendant's trade or commerce;

(3) That the act or practice affects the public interest;

(4) That every class member that paid for VCDs in Washington was injured in their business or property; and

(5) That the defendant's act or practice was a proximate cause of injury to MSP and every class member that paid for VCDs in Washington.

Source: WPI 310.01

249

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 196.    WPI 310.02**
**(Elements of a Violation of the Consumer Protection Act)**

The Consumer Protection Act does not prohibit acts or practices that are reasonable in relation to the development and preservation of business or that are not injurious to the public interest.

Source:  WPI 310.02

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 197.    WPI 310.04**
**(Public Interest Element)**

An act or practice "affects the public interest" if the act or practice injured

other persons or had the capacity to injure other persons.


<u>Source</u>:  WPI 310.04

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 198.    WPI 310.06
## (Injury in Consumer Protection Act Claim)

The class members that paid for VCDs in Washington have suffered an "injury" if their business or property has been injured to any degree.  Under Washington's consumer-protection law, MSP has the burden of proving as to each defendant that every class member that paid for VCDs in Washington has been injured, but no monetary amount need be proved and proof of any injury is sufficient, even if expenses or losses caused by the violation are minimal.

Injuries to business or property, if any, include:  financial loss, loss of professional business reputation, and loss of goodwill.

Source:  WPI 310.06; modified for clarity

252

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 199.     WPI 310.07
(Causation in Consumer Protection Act Claim)**

MSP has the burden of proving that each defendant's unfair or deceptive act or practice was a proximate cause of harm to every class member that paid for VCDs in Washington.

"Proximate cause" means a cause which in direct sequence (i.e., unbroken by any new independent cause) produces the injury complained of and without which such injury would not have happened.

There may be more than one proximate cause of an injury.

<u>Source</u>:  WPI 310.07

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 200.      WPI 310.08**
**(Definition—Unfair or Deceptive Act or Practice)**

In order to prove that the defendant engaged in an unfair or deceptive act or practice, it is sufficient to show that the act or practice had the capacity to deceive a substantial portion of the public.  MSP does not need to show that the act or practice was intended to deceive.

Source:  WPI 310.08

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 201.    WPI 310.09**
**(Definition—Trade or Commerce)**

The phrase "trade or commerce" includes the sale of assets or services, and any commerce directly or indirectly affecting the people of the State of Washington. The word "assets" includes anything of value.

<u>Source</u>:  WPI 310.09

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## IV.  DEFENSES

### A.  Statute of Limitations—Express Warranty (Multiple States)

**Instruction No. 202.        Alabama Pattern Jury Instr. § 8.02
(Statute of Limitations)**

Defendants say MSP cannot recover on its breach of express-warranty claims under the laws of several states because its claim is barred by each state's statute of limitations of four or six years.  Specifically, the following states require a plaintiff to commence a lawsuit asserting an express-warranty claim within four years of the sale of the product:  Alabama, Arkansas, Georgia, Montana, Nebraska, Nevada, New Hampshire, New York, North Carolina, Ohio, Oregon, Rhode Island, Texas, Utah, Vermont, and Wyoming.  In addition, Mississippi and Wisconsin require a plaintiff to commence a lawsuit asserting an express-warranty claim within six years of the sale of the product.

For each of these states, MSP must prove to your reasonable satisfaction from the evidence that it began this case within four or six years from when the class members paid for the VCDs in the relevant state.  This case began on December 14, 2018.

If MSP does not prove that it began this case within four or six years from the class members' payments for the VCDs in any of the states I listed above, you must find for defendants on the express warranty claims in each such state.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

<u>Source</u>:  Alabama Pattern Jury Instr. § 8.02; Alabama Code §  7-2-725; *see also* Ark. Code Ann. § 4-2-725; *First Pyramid Life Ins. Co. v. Stoltz*, 843 S.W.2d 842, 844 (Ark. 1992); 1 Ga. Jury Instructions - Civil § 38.010; O.C.G.A § 11-2-725; Miss. Code. Ann. § 75-2-725; Mont. Code Ann. § 30-2-725; NJI 2d Civ. 2.02D – Miscellaneous Affirmative Defenses; Nev. Rev. Stat. Ann. § 104.2725; *TMX, Inc. v. Volk*, 131 Nev. 1355, 2015 WL 5176619, at *8 (Nev. App. 2015); N.H. Rev. Stat. Ann. § 382-A:2-725; *Kelleher v. Marvin Lumber & Cedar Co.*, 891 A.2d 477 (N.H. 2005); N.Y. UCC § 2-725; *Loiodice v. BMW of N. Am., LLC*, 125 A.D.3d 723, 724-25 (2015); N.C.P.I. Civil 744.18; N.C. Gen. Stat. § 25-2-725; Ohio Jury Instructions – Civil, 303.03; ORC Ann. § 1302.98; *Lyons v. Farmers Ins. Group of Cos.*, 587 N.E.2d 362, 363 (Ohio Ct. App. 1990); Oregon Uniform Civil Jury Instructions § 17.01; ORS § 72.7250; *Hunter v. Woodburn Fertilizer, Inc.*, 144 P.3d 970, 973 (Ore. Ct. App. 2006); *T. R. v. BSA*, 181 P.3d 758, 767 (Ore. 2008); R.I. Gen. Laws § 6A-2-725; Tex. Bus. & Com. Code Ann. § 2.725; *Presley v. Sears Roebuck & Co.*, 2008 WL 820318, at *2 (Tex. Ct. App. Mar. 27, 2008); Utah Code Ann. § 70A-2-725; *Salt Lake City Corp. v. Kasler Corp.*, 855 F. Supp. 1560, 1567 (D. Utah 1994); Vermont Civil Jury Instructions § 7.2; 9A V.S.A. § 2-725; *S. Burlington Sch. Dist. v. Calcagni-Frazier-Zajchowski Architects, Inc.*, 410 A.2d 1359, 1366-67 (Vt. 1980); Wis. Stat. § 402.725; *Muehlmeier v. Tuffey*, 583 N.W.2d 673 (Wis. Ct. App. 1998); Wyo. Stat. § 34.1-2-725; *Painter v. GMC*, 974 P.2d 924, 926 (Wyo. 1999); *Irene v. Seneca Ins. Co.*, 337 P.3d 483, 490 (Wyo. 2014)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**B.     State of the Art (Louisiana)**

### Instruction No. 203.     Sources Cited
### (State of the Art)

A defendant is not liable for damages proximately caused by a characteristic of the VCDs if the defendant proves that, at the time the VCDs left its control, the defendant did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of the characteristic that caused the damage or the danger of such characteristic.

Source:  La. R.S. § 9:2800.59

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## V.    DAMAGES

### A.    Overview

**Instruction No. 204.    N.J. Model Civ. Jury Charge 1.10F
(Damages – General)**

I shall now instruct you on the law governing damages in the event you decide any liability issue in favor of MSP and the class members.

The fact that I instruct you on damages should not be considered as suggesting any view of mine about which party is entitled to prevail in this case. Instructions on damages are given for your guidance in the event you find that MSP and the class members are entitled to a verdict. I am required to provide instructions on damages in all cases in which the trial includes a claim for damages.

Source:  N.J. Model Civ. Jury Charge 1.10F (1998)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 205.    Sources Cited
### (Compensatory Damages – Expert Evidence Required)

MSP has the burden of proving the amount of damages, if any, under the

relevant measure of damages as to each of its claims.  Because of the complexity

of the question of damages, MSP's burden is to prove damages under the relevant

state's laws with expert evidence.  Whether any of the relevant measures of

damages has been proved by expert evidence is for you to determine.

<u>Source</u>:  *Comcast Corp. v. Behrend*, 569 U.S. 27, 35-38 (2013) (expert evidence of
classwide damages essential to maintenance of a class proceeding); *Pitre v. City of
New York*, No. 18 CIV. 5950 (DC), 2023 WL 7304991, at *4 (S.D.N.Y. Nov. 6,
2023) ("Generally, a plaintiff must provide an expert where damages 'are not the
product of a simple mathematical calculation.'") (citation omitted)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 206.    MUJI 2d Civ. CV2140**
**(Damages.  Reasonable Certainty)**

Damages are only recoverable for loss in an amount that the evidence proves

with reasonable certainty, although the actual amount of damages need not be

proved with precision.  Any alleged damages which are only remote, possible or a

matter of guesswork are not recoverable.

Source:  MUJI 2d Civ. CV2140; *see also, e.g.*, 1 N.H. Civ. Jury Instrs. 32.42; N.C.
Pattern Jury Instr. – Civ. 741.60; Pattern Jury Instr. – Civ. 813.80; Mass. Super. Ct.
Model Jury Instrs. (Tort—Misrepresentation), https://www.mass.gov/guides/
superior-court-model-jury-instructions#-civil-instructions-

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**B.    Express-Warranty Damages**

1.    **Alabama**

**Instruction No. 207.    Sources Cited
(Breach of Warranty – Express Warranty – Damages)**

If you decide for MSP and the class members on the question of breach of express warranty under Alabama law against any defendant, you must then fix the amount of money that will reasonably and fairly compensate the class members that paid for that defendant's VCDs in Alabama for the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted (unless special circumstances show proximately caused damages in a different amount).

Whether damage has been proved by MSP is for you to determine.

Any damages recoverable by MSP and the class members are to be reduced by any expenses saved in consequence of the breach by the defendant.

Source:  *Barganier v. Ford Motor Co.*, No. 20-0151-WS-M, 2020 WL 2394934 (S.D. Ala. May 12, 2020); Ala. Code § 7-2-714

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

2. **Arkansas**

**Instruction No. 208.    Ark. Model Jury Instr., Civ. AMI 2520
(Buyer's Damages for Accepted Goods – Breach of Warranty)**

If you decide for MSP and the class members on the question of breach of

express warranty under Arkansas law against any defendant, you must then fix the

amount of money that will reasonably and fairly compensate the class members

that paid for that defendant's VCDs in Arkansas for the difference at the time and

place of acceptance between the value of the goods accepted and the value they

would have had if they had been as warranted (unless special circumstances show

proximately caused damages in a different amount).

Whether damage has been proved by MSP is for you to determine.

Any damages recoverable by MSP and the class members are to be reduced

by any expenses saved in consequence of the breach by the defendant.

Source:  Ark. Model Jury Instr., Civ. AMI 2520; modified to omit incidental and
consequential damages, for which there is no evidence here

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

3.    **Florida**

**Instruction No. 209.        1 Fla. Std. Jury Instrs. in Civ. Cases § 504.2
(Breach of Contract Damages)**

If you decide for MSP and the class members on the question of breach of

express warranty under Florida law against any defendant, then you may award

compensatory damages as to that defendant's VCDs paid for by class members in

Florida.  Compensatory damages is that amount of money that will put these class

members in as good a position as they would have been if the defendant had not

breached the contract and which naturally result from the breach

<u>Source</u>:  1 Fla. Std. Jury Instrs. in Civ. Cases § 504.2

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

4.    **Georgia**

**Instruction No. 210.    1 Ga. Jury Inst. § 18.052**
**(Damages)**

If you decide for MSP and the class members on the question of breach of express warranty under Georgia law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Georgia.  The measure of damages for breach of warranty under Georgia law is the difference at the time and place of acceptance between the value of the goods accepted and the value the goods would have been if they had been as warranted, unless special circumstances show proximate damages of a different amount.

Source:  1 Ga. Jury Inst. § 18.052

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

5.    **Mississippi**

**Instruction No. 211.       Miss. Model Jury Instrs., Civ. § 10:41
(Damages—Breach of Contract—Factors to Consider)**

If you decide for MSP and the class members on the question of breach of express warranty under Mississippi law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Mississippi.  You may consider the following factors in determining the amount of damages to award for a breach of express warranty under Mississippi law:

1.    The amount of money that it would take to put the class members in as good a position as they would have been in if the defendant had not breached the express warranty; and

2.    The class members' business losses or lack of profits as a result of the defendant's breach of express warranty if the defendant likely knew those business losses or lack of profits would have occurred if the contract was breached.

You should subtract any expenses that the class members would have had to pay if the defendant had not breached the contract, and any business losses or damages that the class members should have known would occur and could have avoided.

Source:  Miss. Model Jury Instrs., Civ. § 10:41

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

6.    **Montana**

### Instruction No. 212.    Sources Cited
### (Warranty – Damages)

If you decide for MSP and the class members on the question of breach of

express warranty under Montana law against any defendant, then you may award

compensatory damages as to that defendant's VCDs paid for by class members in

Montana.

Under Montana law, compensatory damages for breach of express warranty

may include damages that were proximately caused by the breach.

Source:  *Caldwell v. Clifford Cody Sabo*, 371 Mont. 328, 335 (Mont. 2013) ("[T]he
measure of damages, except when otherwise expressly provided by this code, is the
amount which will compensate the party aggrieved for all the detriment which was
proximately caused thereby[.]") (citation omitted)

267

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

    7.    **Nebraska**

**Instruction No. 213.    1 NJI 2d Civ. 4.40**
**(General Instruction on Damages for Breach of Contract)**

If you decide for MSP and the class members on the question of breach of express warranty under Nebraska law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Nebraska.

Under Nebraska law, the class members are entitled to recover the value the VCDs would have had were they in the condition they had been warranted to be in, minus their actual value, both measured as of the time of acceptance, minus any expenses the class members saved as a result of the breach.

Source:  1 NJI 2d Civ. 4.40, modified by 1 NJI 2d Civ. 4.49 (pertaining to breach of warranty as to condition of real property, the standard instruction that most closely tracks plaintiff's theory of damages here, i.e., diminution of value) and 1 NJI 2d Civ. 4.54 (pertaining to breach of contract for sale of goods where the goods are never delivered, noting that expenses saved as a result of breach must be accounted for)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### 8.    **Nevada**

**Instruction No. 214.        1 Nev. Pattern Jury Instrs. Civ. 13.45
(Damages: Measure of Damages)**

If you decide for MSP and the class members on the question of breach of express warranty under Nevada law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Nevada.

The measure of damages for a breach of express warranty under Nevada law is the amount that will reasonably compensate the class members for all the detriment, harm or loss flowing from the breach and which was reasonably foreseeable (that is, which might have been reasonably contemplated by the parties) as the probable result of the breach when the warranty was made, together with any additional damages that resulted from special circumstances known, or which should have been known, to the breaching party when the warranty was made.

The damages awarded should be sufficient to place the class members in the position that they would have been in had the express warranty not been breached. However, the class members are not entitled to damages in a greater amount or duplicate awards for the same detriment, harm or loss.

Generally, damages are to be measured as of the date the warranty was breached.  However, if special circumstances give rise to damages resulting from

269

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

the breach that are greater than those that existed on the date of the breach, then

damages may be measured as of a date different than the date of breach.

<u>Source</u>:  1 Nev. Pattern Jury Instrs. Civ. 13.45, modified to fit facts of case

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

9.    **New Hampshire**

**Instruction No. 215.      1 N.H. Civ. Jury Instrs. 32.41
(Damages—General)**

If you decide for MSP and the class members on the question of breach of express warranty under New Hampshire law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in New Hampshire.

The purpose of any damages awarded in this case is to put the class members in the same position they would have been in if the defendant had fully performed its promises under the warranty.  You should compare the position of the class members as a result of the defendant's breach of the warranty, to the position the class members would have been in had the defendant fully performed its promises.

You may award to the class members only those damages that the defendant, at the time the warranty was made, had reason to foresee as a probable result of its breach of the warranty.

Source:  1 N.H. Civ. Jury Instrs. 32.41

271

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

10.    **North Carolina**

**Instruction No. 216.        N.C. Pattern Jury Inst. - Civ. 741.60
(Warranties in Sales of Goods—Remedy for Breach of Warranty Where
Accepted Goods Retained—Damages)**

If you decide for MSP and the class members on the question of breach of express warranty under North Carolina law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in North Carolina.

Under North Carolina law, the class members are entitled to recover nominal damages even without proof of actual damages.  Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

The class members may also be entitled to recover actual damages.  On this issue the burden of proof is on MSP.  This means that MSP must prove, by the greater weight of the evidence, the amount of damages sustained, if any, as a result of the breach.

A person injured by a breach of warranty is entitled to be placed, insofar as this can be done by money, in the same position he would have occupied if there had been no breach of the warranty.

You may determine these damages this way:

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

(1) first, find what the value of the VCDs would have been at the time and place of acceptance if it had been as it was warranted to be, and

(2) second, find what the value of the VCDs actually was at the time and place of acceptance, and

(3) third, subtract the second figure from the first figure.

Source:  N.C. Pattern Jury Inst. - Civ. 741.60, modified to streamline and to omit incidental and consequential damages, for which there is no evidence here

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

11. **New York**

## Instruction No. 217.    Sources Cited
### (Damages)

If you decide for MSP and the class members on the question of breach of express warranty under New York law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in New York.

For a breach of express warranty under New York law, you may award damages amounting to the difference between the value of accepted VCDs paid for in New York and the value as if they had been warranted.

Source:  *Rhody v. Empson*, 13 N.Y.S.3d 852 (N.Y. City Ct. 2015); NY UCC § 2–714

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

    12.   **Ohio**

**Instruction No. 218.    1 OJI-CV 505.45
(Buyer's Damages for Breach of Warranty of Accepted Goods R.C.
1302.88(B))**

If you decide for MSP and the class members on the question of breach of express warranty under Ohio law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Ohio.

For a breach of warranty under Ohio law, the buyer is entitled to the difference between the value of the goods at the time and place the buyer accepted them and the value they would have had if they had been as the seller warranted. To measure these damages you first must determine the value of the goods as warranted.  Then subtract the value of the goods as accepted.  The difference is the seller's damages.

<u>Source</u>:  1 OJI-CV 505.45

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

13. **Oregon**

## Instruction No. 219.    Sources Cited
### (Damages)

If you decide for MSP and the class members on the question of breach of express warranty under Oregon law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Oregon.

If you find that the defendant breached the express warranty, the class members may recover damages equal to the difference between the value of the goods as warranted and the value of the goods received.

Source:  Or. Rev. Stat. §§ 72.7140 & .7150; *Vista St. Clair v. Landry's Com. Furnishings*, 57 Or. App. 254 (Or. Ct. App. 1982); *Taylor v. Ramsay-Gerding Constr. Co.*, 226 P.3d 45, 55 (Or. Ct. App. 2010)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

14.    **Rhode Island**

**Instruction No. 220.    R.I. Jury Instrs. Civ. § 10101
(Consequential Damages – Generally)**

If you decide for MSP and the class members on the question of breach of express warranty under Rhode Island law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Rhode Island.

For a breach of warranty under Rhode Island law, the class members are entitled to recover the value of the bargain that was originally contemplated by the parties when the warranty was made. You may award that amount of damages that will put the class members in the same position they would have been had the breach not occurred. The underlying rationale on a breach of warranty action is to place the innocent party in the position it would have been in if the warranty had not been breached.

Absent special circumstances showing proximate damage of a greater amount, the measure of damages is the difference between the value of the VCDs paid for in Rhode Island and the class members and the value the VCDs would have had if they had adhered to the warranty.

Source: R.I. Jury Instrs. Civ. § 10101; modified by *Gen. Motors Truck Co. v. Shepard Co.*, 129 A. 825, 829 (R.I. 1925) (providing measure of damages)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

15. **South Carolina**

**Instruction No. 221.    SC JI Civ. § 32-40**
**(Products Liability - Breach of Warranty - Damages)**

If you decide for MSP and the class members on the question of breach of

express warranty under South Carolina law against any defendant, then you may

award compensatory damages as to that defendant's VCDs paid for by class

members in South Carolina.

The measure of damages for breach of warranty under South Carolina law is

the difference at the time and place of acceptance between the value of the VCDs

paid for in South Carolina and the value they would have had if they had been as

warranted, unless special circumstances show proximate damages of a different

amount.

Source:  § 32-40 Products Liability - Breach of Warranty - Buyer's Incidental and
Consequential Damages, Anderson, S.C. Requests to Charge - Civil, 32-40;
modified to omit incidental and consequential damages, for which there is no
evidence here; *Hill v. BASF Wyandotte Corp.*, 280 S.C. 174, 177 (S.C. 1984)
(providing for benefit-of-the bargain damages)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

16.  **Texas**

**Instruction No. 222.    Tex. PJC 115.4**
**(Sample Instructions on Direct and Incidental Damages—Contracts)**

If you decide for MSP and the class members on the question of breach of express warranty under Texas law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Texas.

For a breach of warranty under Texas law, the class members are entitled to recover as damages the difference between the value of the VCDs as paid for in Texas and their value as warranted.

Source:  Tex. PJC 115.4; modified to omit incidental and consequential damages, for which there is no evidence here; *Advon Corp. v. Coopwood's Air Conditioning Inc.*, 517 F. Supp. 3d 656 (S.D. Tex. 2021)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

17. **Utah**

**Instruction No. 223.    MUJI 2d Civ. CV2135**
**(Expectation Damages – General)**

If you decide for MSP and the class members on the question of breach of express warranty under Utah law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Utah.

For a breach of express warranty under Utah law, the class members have a right to recover damages that follow naturally from the breach as follows:

(1) the loss of the benefits from the warranty caused by the defendant's breach; minus,

(2) any cost or other loss that the class members have avoided as a result of the breach.

Source:  MUJI 2d Civ. CV2135

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 224.       MUJI 2d Civ. CV2141
(Damages.  Nominal.)**

A party damaged by the other party's breach of warranty has a right to

recover the damages caused by the breach.  However, if MSP has not proved any

actual or substantial damages caused by the breach, or if it has not proved the

amount of damages, then you may award as damages a small or nominal sum such

as one dollar.

Source:  MUJI 2d Civ. CV2141

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

18.    **Wisconsin**

### Instruction No. 225.    WIS JI-CIVIL JI-3735
### (Damages: Loss of Expectation)

If you decide for MSP and the class members on the question of breach of express warranty under Wisconsin law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Wisconsin.

The measure of damages for a breach of warranty under Wisconsin law is the amount that will compensate the class members for the loss suffered because of the breach. A party who is injured should, as far as it is possible to do by monetary award, be placed in the position in which it would have been had the warranty not been breached. The fundamental basis for an award of damages for breach of warranty is just compensation for losses necessarily flowing from the breach. A party whose contract has been breached is not entitled to be placed in a better position because of the breach than the party would have been had the warranty not been breached. The injured party is entitled to the benefit of its agreement, which is the net gain it would have realized from the contract but for the failure of the other party to perform.

Source:  WIS JI-CIVIL JI-3735

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

19.  **Wyoming**

**Instruction No. 226.    WCPJI Civ. § 13.08**
**(Damages Recoverable for Breach of Warranty under Uniform Commercial**
**Code)**

If you decide for MSP and the class members on the question of breach of

express warranty under Wyoming law against any defendant, then you may award

compensatory damages as to that defendant's VCDs paid for by class members in

Wyoming.

Under Wyoming law, the buyer may recover for any loss resulting in the

ordinary course of events from the seller's breach of warranty as determined in any

manner that is reasonable.  The measure of damages for breach of warranty is the

difference between the value of the goods accepted and the value they would have

had if they had been as warranted.

Source:  WCPJI (Civil) 13.08

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### C.    Intentional-Misrepresentation Damages

1.    **Alaska**

**Instruction No. 227.    Source Cited**
**(Actual Damages)**

If you decide for MSP and the class members on the question of intentional misrepresentation under Alaska law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Alaska.

You can determine these damages by using one of two measures. You can consider the difference between the actual value of the VCDs paid for by the class members in Alaska and the value the VCDs would have had had the representations been in fact true. Alternatively, you can determine the difference between the value of the VCDs paid for by the class members in Alaska and the value of the VCDs that the class members received in the transaction. You should choose the measure that accomplishes substantial justice based on the circumstances of this case and the facts that MSP has proven to establish its claim for intentional misrepresentation.

Source: *Turnbull v. LaRose*, 702 P.2d 1331, 1335-36 (Alaska 1985) (explaining the measure of damages for fraud)

284

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

2. **Arkansas**

**Instruction No. 228.    1 Jury Instructions in Commercial Litigation § 17.03 (Actual Damages)**

If you decide for MSP and the class members on the question of intentional misrepresentation under Arkansas law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Arkansas.

You will award such damages as will reasonably grant the benefit of the bargain that the class members expected to receive. To determine those damages, you shall award the difference between the value of the VCDs as the class members expected them to be and the actual price paid for the defendant's VCDs in Arkansas. In addition, you shall also award such other consequential losses as were directly and proximately caused by the conduct of the defendant.

Source: 1 Jury Instructions in Commercial Litigation § 17.03; *Wallis v. Ford Motor Co.*, 208 S.W.3d 153, 159 (Ark. 2005) ("[I]n a misrepresentation or a fraud case . . . the cause of action rests solely on the premise that a party *did not* receive the benefit of his or her bargain.")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

3.    **Colorado**

**Instruction No. 229.    CJI-Civ 19:17**
**(Actual Damages)**

If you decide for MSP and the class members on the question of intentional

misrepresentation under Colorado law against any defendant, then you may award

compensatory damages as to that defendant's VCDs paid for by class members in

Colorado.

MSP has the burden of proving the nature and extent of damages by a

preponderance of the evidence.  If you find in favor of MSP and the class

members, you must determine the total dollar amount of the class members'

damages in Colorado, if any, that were caused by the false representations of the

defendant.

In determining these damages, you shall consider the difference between the

market value of the VCDs and what their value would have been had the

representation been true.

Source: CJI-Civ 19:17

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

4. **District of Columbia**

**Instruction No. 230.    1 Civil Jury Instructions for DC § 12.01
(Actual Damages)**

If you decide for MSP and the class members on the question of intentional
misrepresentation under D.C. law against any defendant, then you may award
compensatory damages as to that defendant's VCDs paid for by class members in
the District of Columbia.

Under D.C. law, the class members are entitled to recover for their pecuniary
loss that results directly and foreseeably from the falsity of the matter represented.
Recovery must be limited to such damages as you find to have foreseeably been
expected to follow from the character of the misrepresentation itself.

In assessing the pecuniary loss resulting from the falsity of the matter
represented, you may include first the difference between the value of the
defendant's VCDs paid for in the District of Columbia and the price paid for them,
and second, other pecuniary loss suffered as a consequence of the class members'
reliance upon the truth of the representation.

Source: 1 Civil Jury Instructions for DC § 12.01; *see also Railan v. Katyal*, 766
A.2d 998, 1006 n.7 (D.C. 2001) (summarizing the trial judge's instruction for the
measure of damages for fraudulent misrepresentation)

287

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

5.  **Florida**

**Instruction No. 231.    Source Cited**
**(Actual Damages)**

If you decide for MSP and the class members on the question of intentional misrepresentation under Florida law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Florida.

Florida recognizes two measures of damages for intentional misrepresentation: "out-of-pocket" damages and "benefit of the bargain" damages. You must award one or the other, depending on which theory will best compensate the class members for their full amount of loss.

If you apply the "out-of-pocket" theory, you must award as damages the difference between the purchase price and the real or actual value of the VCDs paid for by the class members in Florida. If you apply the "benefit of the bargain" theory, you must award as damages the difference between the actual value of the VCDs paid for by the class members in Florida and the value they would have had if the alleged facts regarding them been true.

Source:  *Minotty v. Baudo*, 42 So. 3d 824, 835 (Fla. Dist. Ct. App. 2010) (citations omitted)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

6.    **Idaho**

**Instruction No. 232.    Source Cited**
**(Damages)**

If you decide for MSP and the class members on the question of intentional

misrepresentation under Idaho law against any defendant, then you may award

compensatory damages as to that defendant's VCDs paid for by class members in

Idaho.

Idaho has adopted both the out-of-pocket and benefit-of-the-bargain

measures for damages for intentional misrepresentation.  Benefit of the bargain

measures damages by the difference in value between the VCDs that the class

members paid for in Idaho and the VCDs as represented.  The out-of-pocket

measure limits damages to the difference between the real value of the VCDs that

the class members paid for in Idaho and the price paid or contracted for the VCDs.

Source:  *April Beguesse, Inc. v. Rammell*, 156 Idaho 500, 511, 328 P.3d 480, 491
(2014) ("In fraud claims, Idaho courts have applied the 'out-of-pocket' rule in
measuring damages, but have also recognized the existence of a different measure
of damages referred to as the 'benefit of the bargain' rule . . .  The benefit of the
bargain rule measures damages 'by the difference between the value of the thing
actually received and the value it would have had if it were as it was fraudulently
represented to be' . . . The out-of-pocket rule 'limits the recovery of damages to the
difference between' the real value of the thing actually received 'and the price paid
or contracted for.'") (citations omitted)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

7.    **Iowa**

### Instruction No. 233.    Source Cited
### (Damages)

If you decide for MSP and the class members on the question of intentional misrepresentation under Iowa law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Iowa.

Under Iowa law, the class members are entitled to recover those losses proximately caused by reliance on a misrepresentation.  Iowa recognizes two measures of damages for claims of intentional misrepresentation:  (1) benefit of the bargain plus consequential damages; and (2) out of pocket expenses.

Benefit of the bargain measures damages by the difference in value between the VCDs that the class paid for in Iowa and the VCDs as represented.  The out-of-pocket measure limits damages to the difference between the real value of the VCDs that the class members paid for in Iowa and the price paid or contracted for the VCDs.  The out-of-pocket measure is an alternative measure that applies where the benefit-of-the-bargain rule would not make the class members whole.

Source:  *Putman v. Walther*, 973 N.W.2d 857, 864 (Iowa 2022); *Midw. Home Distr., Inc. v. Domco Indus. Ltd.*, 585 N.W.2d 735, 739 (Iowa 1998)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

8.    **Massachusetts**

**Instruction No. 234.    Mass. Super. Ct. Model Jury Instrs.**
**(Tort—Misrepresentation)**

If you decide for MSP and the class members on the question of intentional

misrepresentation under Massachusetts law against any defendant, then you may

award compensatory damages as to that defendant's VCDs paid for by class

members in Massachusetts.

You must determine an amount that will compensate the class members for

the loss of economic value that resulted from the defendant's false statement.  To

do this, you determine the value that the class members would have received from

their payment for the VCDs in Massachusetts if the defendant's representations

had been true.  Then you subtract the value of what the class members actually

received.  The result is class members' damages.

Source:  Mass. Super. Ct. Model Jury Instrs. (Tort—Misrepresentation),
https://www.mass.gov/guides/superior-court-model-jury-instructions#-civil-
instructions-

291

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

9. **Minnesota**

**Instruction No. 235.      4 Minn. Prac., Jury Instr. Guides—Civ. CIVJIG
57.25 (6th ed.)
(Fraud and Misrepresentation—Damages)**

If you decide for MSP and the class members on the question of intentional misrepresentation under Minnesota law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Minnesota.

In deciding damages for inattentional misrepresentation under Minnesota law, decide the amount of money that will fairly and adequately compensate the class members for the damages directly caused by relying on the defendant's misrepresentation in paying for the VCDs in Minnesota.

Damages for intentional misrepresentation are limited to:

1.  The difference between the actual value of the property received and the price paid for it, and

2.  Any other damages that were directly caused by relying on the intentional misrepresentation.

Source:  4 Minn. Prac., Jury Instr. Guides—Civ. CIVJIG 57.25 (6th ed.)

292

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

10.    **New Jersey**

**Instruction No. 236.    Source Cited**
**(Actual Damages)**

If you decide for MSP and the class members on the question of intentional

misrepresentation under New Jersey law against any defendant, then you may

award compensatory damages as to that defendant's VCDs paid for by class

members in New Jersey.

When determining damages for intentional misrepresentation under New

Jersey law, you must consider the difference between the value of the VCDs that

the class members paid for in New Jersey and the price of the VCDs that the class

actually paid by reason of the defendant's misrepresentation.

Source:  *Lipsit v. Leonard*, 315 A.2d 25, 30 (N.J. 1974) (citation omitted) ("In the
ordinary case of deceit, the measure of damage would be the difference between
the value of the thing bought, sold or exchanged and its purchase price or the value
of the thing exchanged for it.")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

11.    **New York**

**Instruction No. 237.    N.Y. PJI 3:20**
**(Intentional Torts—Fraud and Deceit)**

If you decide for MSP and the class members on the question of intentional misrepresentation under New York law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in New York.

In determining the amount of damages MSP and the class members sustained, you should consider only the difference between the actual amounts that MSP and the class members spent on the VCDs in New York in reliance on the defendant's false statement and the value, if any, of the VCDs at the time the class members paid for them.  You should not consider any lost profits or other amounts that MSP or the class members may have expected to, but did not, receive because the defendant's statement was false.

Source:  N.Y. PJI 3:20

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

12. **North Carolina**

**Instruction No. 238.    N.C.P.I. Civ. § 800.007**
**(Fraud: Damages)**

If you decide for MSP and the class members on the question of intentional misrepresentation under North Carolina law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in North Carolina.

Under North Carolina law, the class members are entitled to recover nominal damages even without proof of actual damages.  Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

The class members may also be entitled to recover actual damages.  On this issue the burden of proof is on MSP.  This means that MSP must prove, by the greater weight of the evidence, the amount of actual damages caused by the intentional misrepresentation of the defendant.

Damages recoverable for intentional misrepresentation consist of the amount of money that, in so far as possible, will put the class members in the same position or condition as if the misrepresentation had not occurred.  That amount may include the difference between the value of what was received and the value of what was promised.  Thus, a person acquiring property by virtue of a commercial transaction, who has been defrauded by false representations, may recover as

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

damages the difference between the actual value of the property at the time of the transaction and the value it would have had if the representations had been true.

The damages are to be reasonably determined from the evidence presented. Your award must be fair and just. You may not award any damages based upon speculation or conjecture.

<u>Source</u>:  N.C.P.I. - Civil 800.007

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

13.    **North Dakota**

**Instruction No. 239.    Source Cited**
**(Fraud: Damages)**

If you decide for MSP and the class members on the question of intentional misrepresentation under North Dakota law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in North Dakota.

The measure of damages for intentional misrepresentation under North Dakota law is the difference between what the VCDs paid for by the class members in North Dakota would have been worth if they were as represented and what the VCDs were actually worth at the time of sale.

Source: *West v. Carlson*, 454 N.W.2d 307, 312 (N.D. 1990) ("It is well established that the measure of damages for fraud is the difference between what the property received would have been worth if it was as represented and what it was actually worth at the time of sale.") (citing *Coman v. Williams*, 65 N.W.2d 377 (N.D. 1954))

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

14.    **Ohio**

**Instruction No. 240.    Source Cited**
**(Fraud: Damages)**

If you decide for MSP and the class members on the question of intentional

misrepresentation under Ohio law against any defendant, then you may award

compensatory damages as to that defendant's VCDs paid for by class members in

Ohio.

If you find that MSP and the class members have proved their claim of

fraud, you will award MSP and the class members damages so far as shown by the

evidence.  The measure of damages is the difference, if any, between the actual

value of the VCDs paid for in Ohio at the time of the sale and the value of the

VCDs if they had been at the time of the sale as they were represented to be.

Source: *Gray v. Gordon*, 117 N.E. 891, 893 (Ohio 1917)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

15.    **Oklahoma**

**Instruction No. 241.    OUJI-CIV 18.12 (2d ed.)**
**(Actual Damages for Deceit)**

If you decide for MSP and the class members on the question of intentional

misrepresentation under Oklahoma law against any defendant, then you may award

compensatory damages as to that defendant's VCDs paid for by class members in

Oklahoma.

Under Oklahoma law, one who willfully deceives another, with intent to

induce the other party to alter its position to its injury or risk, is liable for any

actual damages that it thereby suffers.  The measure of actual damages is the

difference between the value of the VCDs that the class members paid for in

Oklahoma as represented and the actual value of the VCDs on the date of purchase.

Source:  OUJI-CIV 18.12 (2d ed.), modified as to measure of damages by *Fed.
Deposit Ins. Corp. v. Palermo*, 815 F.2d 1329, 1340 (10th Cir. 1987) (citing *A.A.
Murphy, Inc. v. Banfield*, 363 P.2d 942, 946 (Okla. 1961))

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

16.   **Puerto Rico**

### Instruction No. 242.    Source Cited
### (Fraud Damages)

If you decide for MSP and the class members on the question of intentional

misrepresentation under Puerto Rico law against any defendant, then you may

award compensatory damages as to that defendant's VCDs paid for by class

members in Puerto Rico.

For intentional misrepresentation under Puerto Rico law, damages are to be

calculated as the difference between the price paid by the class members for the

VCDs in Puerto Rico and the actual value of the VCDs received.

Source:  *Bonilla v. Trebol Motors Corp.*, 150 F.3d 77, 87 (1st Cir. 1998)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

17.    **Rhode Island**

**Instruction No. 243.      Source Cited**
**(Damages)**

If you decide for MSP and the class members on the question of intentional

misrepresentation under Rhode Island law against any defendant, then you may

award compensatory damages as to that defendant's VCDs paid for by class

members in Rhode Island.

Damages for intentional misrepresentation under Rhode Island law are

determined by finding the difference between the actual value of the VCDs paid

for in Rhode Island and what their value would have been if they been as

represented.

Source:  *Caseau v. Belisle*, No. PC 01-4441, 2005 R.I. Super. LEXIS 144, at *24,
2005 WL 2354135 (R.I. Sept. 26, 2005)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

18.    **South Dakota**

### Instruction No. 244.    Sources Cited
### (Damages)

If you decide for MSP and the class members on the question of intentional misrepresentation under South Dakota law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in South Dakota.

Under South Dakota law, damages for intentional misrepresentation should be awarded in the amount you determine would place the class members in a position similar to the one they would have been in had the misrepresentation not occurred, equal to the amount of the difference between the value of the VCDs paid for by class members in South Dakota and the value they would have had if they had been as represented.

Source:  *Eliason v. City of Rapid City*, 417 F. Supp. 3d 1190, 1210 (D.S.D. 2019) (defining compensatory damages); *Hoff v. Bower*, 492 N.W.2d 912, 914 (S.D. 1992) (stating "compensatory damages are available under the tort of intentional or fraudulent misrepresentation"); *Engels v. Ranger Bar, Inc.*, 604 N.W.2d 241, 247 (S.D. 2000) (affirming use of benefit-of-the-bargain award)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

19. **Vermont**

## Instruction No. 245.    Sources Cited
### (Damages)

If you decide for MSP and the class members on the question of intentional misrepresentation under Vermont law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Vermont.

Damages for intentional misrepresentation under Vermont law are determined by the difference between the value of the VCDs paid for by class members in Vermont as they actually were and their value if the representation at issue had been true.

Source:  *Cushman v. Kirby*, 536 A.2d 550, 554 (Vt. 1987); *Donovan v. Towle*, 99 Vt. 464, 467, 134 A. 588, 589 (1926) ("The plaintiff was entitled to the benefit of his bargain, and, if entitled to recover, the measure of damages would be the difference between the value of the property as it actually was, and as it would have been, if as represented.")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

20. **Virginia**

**Instruction No. 246.    Virginia Model Jury Instructions - Civil Chapter 39 (Damages)**

If you decide for MSP and the class members on the question of intentional misrepresentation under Virginia law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Virginia.

Under Virginia law, the measure of damages for an intentional misrepresentation is the difference between the actual value of the VCDs at the time the contract was made and the value of the VCDs had the intentional representation been true.

When calculating damages, you may not include the costs of replacing the defective products.

Source:  Virginia Model Jury Instructions - Civil Chapter 39; *Klaiber v. Freemason Assoc*s., 587 S.E.2d 555, 558-59 (Va. 2003); *Jefferson Standard Life Ins. Co. v. Hedrick*, 27 S.E.2d 198, 203 (Va. 1943)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

21.    **Washington**

**Instruction No. 247.    Source Cited**
**(Intentional Misrepresentation: Damages)**

If you decide for MSP and the class members on the question of intentional

misrepresentation under Washington law against any defendant, then you may

award compensatory damages as to that defendant's VCDs paid for by class

members in Washington.

For intentional misrepresentation under Washington law, you may award

damages in the amount of the difference between the value of the VCDs paid for

by class members in Washington had they been as represented, and the actual

value of the VCDs.

Source:  *McInnis & Co. v. Western Tractor & Equip. Co.*, 388 P.2d 562, 658
(Wash. 1964) (citing *Salter v. Heiser*, 239 P.2d 327 (Wash. 1951))

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

22.    **Wyoming**

**Instruction No. 248.       Wyo. Civ. Pattern Jury Instrs. § 17.02 (2024 ed.)**
**(Fraud Damages)**

If you decide for MSP and the class members on the question of intentional misrepresentation under Wyoming law against any defendant, then you may award compensatory damages as to that defendant's VCDs paid for by class members in Wyoming.

Under Wyoming law, an award of damages for intentional misrepresentation may include:

1. a. The difference in value of what the class members received in the transaction for the VCDs and the purchase price or other value given for the VCDs; or

b. The difference between the actual value of the VCDs and the amount the class members paid for them;

and

2. any loss suffered otherwise as a consequence of the plaintiff and the class members' reliance on the defendant's false representations.

Source:  Wyo. Civ. Pattern Jury Instrs. § 17.02 (2024 ed.); *Alexander v. Meduna*, 47 P.3d 206 (Wyo. 2002); *Big O Tires, Inc. v. Santini*, 838 P.2d 1169 (Wyo. 1992); Restatement (Second) of Torts § 549; *Triton Coal Co. v. Husman, Inc.*, 846 P.2d 664, 670 (Wyo. 1993)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

D.    **Consumer-Protection Damages**

1.    **Alaska**

**Instruction No. 249.    Alaska Stat. § 45.50.531
(Damages-Consumer Protection)**

If you decide for MSP and the class members on the question of violation of Alaska's consumer-protection law against any defendant, then you may award damages as to that defendant's VCDs paid for by class members in Alaska.

For a violation of consumer-protection law under Alaska law, you may award damages for each unlawful act or practice three times the amount of actual damages or $500, whichever is greater.

Source: Alaska Stat. § 45.50.531

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

2.    **Arizona**

**Instruction No. 250.    RAJI (CIVIL) 7th Commercial Torts 22, Consumer Fraud**
**(Measure of Damages; Private Cause of Action)**

If you decide for MSP and the class members on the question of violation of Arizona's consumer-protection law against any defendant, then you may award damages as to that defendant's VCDs paid for by class members in Arizona.

As damages for a violation of Arizona's consumer-protection law, you must decide the full amount of money that will reasonably and fairly compensate the class for damages proved by the evidence to have resulted from the defendant's misrepresentation in connection with the class members' payment for VCDs in Arizona.

Source:  RAJI (CIVIL) 7th Commercial Torts 22, Consumer Fraud

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

3.    **California**

**Instruction No. 251.    Source Cited**
**(Restitution for Unfair Competition Law Claim)**

If you decide for MSP and the class members on the question of violation of

California's consumer-protection law against any defendant, then you may award

restitution as to that defendant's VCDs paid for by class members in California.

Under California law, the proper calculation of restitution is the price paid

by the class members for VCDs in California minus the value received from the

VCDs.

Source:  *Chowning v. Kohl's Dep't Stores, Inc.*, 735 F. App'x 924, 925 (9th Cir.
2018)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

4.    **Connecticut**

**Instruction No. 252.    Conn. Gen. Stat. §§ 42-110a, 42-110g
(Damages-Consumer Protection)**

If you decide for MSP and the class members on the question of violation of Connecticut's consumer-protection law against any defendant, then you may award damages as to that defendant's VCDs paid for by class members in Connecticut.

For a violation of Connecticut's consumer-protection law, you may award damages in the amount actually suffered by the class members in connection with their payment for VCDs in Connecticut.

Source: Conn. Gen. Stat. §§ 42-110a, 42-110g

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

5.    **Florida**

**Instruction No. 253.      1 Fla. Std. Jury Instrs. in Civ. Cases § 416.50(c)
(Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")—Measure of
Actual Damages)**

If you decide for MSP and the class members on the question of violation of

Florida's consumer-protection law against any defendant, then you may award

actual damages as to that defendant's VCDs paid for by class members in Florida.

The measure of "actual damages" is the difference between the market value

of the VCDs in the condition in which they were delivered and their market value

in the condition in which they should have been delivered according to the contract

of the parties.  However, when the product is rendered valueless as a result of the

defect, then the purchase price is the appropriate measure of actual damages.

Source:  1 Fla. Std. Jury Instrs. in Civ. Cases § 416.50(c)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

6.    **Hawaii**

**Instruction No. 254.    Hawaii Standard Civ. Jury Instr. No. 19.6**
**(Damages-Consumer Protection)**

If you decide for MSP and the class members on the question of violation of

Hawaii's consumer-protection law against any defendant, then you may award

damages as to that defendant's VCDs paid for by class members in Hawaii.

If you find that the plaintiff and the class members have prevailed against

each defendant on the claim of unfair methods of competition, you must decide the

amount that will reasonably and fairly compensate the class members for the actual

economic loss in connection with their payment for VCDs in Hawaii that were

legally caused by the unfair or deceptive acts or practices.

Source: 1 Hawaii Standard Civil Jury Instruction No. 19.6

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

7.    **Illinois**

**Instruction No. 255.    815 Ill. Comp. Stat. Ann. 505/10a(a) (West 2023)
(Damages-Consumer Protection)**

If you decide for MSP and the class members on the question of violation of Illinois's consumer-protection law against any defendant, then you may award damages as to that defendant's VCDs paid for by class members in Illinois.

For a violation of Illinois's consumer-protection law, you may award damages in the amount actually sustained by the class members as a result of the violation.  Actual damages means the difference in the market value of the VCDs paid for by class members in Illinois and what the market value of the VCDs would have been if not for the violation.

Source: 815 Ill. Comp. Stat. Ann. 505/10a(a) (West 2023)

313

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

8.    **Louisiana**

**Instruction No. 256.    LSA-R.S. 51.1509, subcl. A
(Damages-Consumer Protection)**

If you decide for MSP and the class members on the question of violation of

Louisiana's consumer-protection law against any defendant, then you may award

damages as to that defendant's VCDs paid for by class members in Louisiana.

For a violation of Louisiana's consumer-protection law, you may award

damages in the amount actually suffered by the class members as a result of the

violation.  In other words, you may award damages amounting to the difference in

the market value of the VCDs paid for by the class members in Louisiana and what

the market value of the VCDs would have been if not for the violation.

Source: LSA-R.S. 51.1509, subcl. A

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

9.    **Missouri**

**Instruction No. 257.    Sources Cited**
**(Damages-Consumer Protection)**

If you decide for MSP and the class members on the question of violation of Missouri's consumer-protection law against any defendant, then you may award damages as to that defendant's VCDs paid for by class members in Missouri.

For a violation of Missouri's consumer-protection law, you may award damages in the amount actually suffered by the class members as a result of the violation. In other words, you may award damages amounting to the difference in the market value of the VCDs paid for by class members in Missouri and what the market value of the VCDs would have been if not for the violation.

Source: Mo. Rev. Stat. § 407.025 (2023); Mo. Approved Instrs. 39.01 cmt. (noting benefit-of-the-bargain is generally the measure of damages)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

10.    **Nebraska**

**Instruction No. 258.      Sources Cited**
**(Damages-Consumer Protection)**

If you decide for MSP and the class members on the question of violation of

Nebraska's consumer-protection law against any defendant, then you may award

damages as to that defendant's VCDs paid for by class members in Nebraska.

For a violation of Nebraska's consumer-protection law, you may award

damages in the amount actually suffered by the class members as a result of the

violation.  In other words, you may award damages amounting to the difference in

the market value of the VCDs paid for in Nebraska and what the market value of

the VCDs would have been if not for the violation.

Source:  *Jenkins v. Pech*, 301 F.R.D. 401, 405 (D. Neb. 2014) ("A person injured
in violation of the NCPA may maintain a private right of action to enjoin further
violations and to recover his actual damages.") (citing Neb. Rev. Stat. § 59-1609);
*Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136, 141 (2000))

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

11.    **New Hampshire**

**Instruction No. 259.    Sources Cited**
**(Damages-Consumer Protection)**

If you decide for MSP and the class members on the question of violation of New Hampshire's consumer-protection law against any defendant, then you may award damages as to that defendant's VCDs paid for by class members in New Hampshire.

For a violation of New Hampshire's consumer-protection law, you may award damages in the amount actually sustained by the class members as a result of the violation or $1,000, whichever is greater.  In determining the amount of actual damages, you should calculate the difference between what the value of the VCDs paid for in New Hampshire would have been if not for the violation and the value that the VCDs actually had.

Source:  N.H. Rev. Stat. Ann. § 358-A:10; *Gray v. Comm. Land Title Ins. Co.*, 162 N.H. 71 (N.H. 2011) (applying benefit-of-the-bargain damages in the fraud context)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

12.    **New York**

### Instruction No. 260.    Sources Cited
### (Damages-Consumer Protection)

If you decide for MSP and the class members on the question of violation of New York's consumer-protection law against any defendant, then you may award damages as to that defendant's VCDs paid for by class members in New York.

For a violation of New York's consumer-protection law, you may award damages in the amount actually sustained by MSP and the class members as a result of the violation or $50, whichever is greater, unless you determine that the defendant knowingly or willfully violated New York's consumer-protection law, in which case you may award the greater of the amount actually sustained by MSP and the class members as a result of the violation or $1000.  In determining the amount of actual damages sustained, you should consider the amount that would restore MSP and the class members to the position that they would have been in if not for the violation.

Source:  N.Y. Gen. Bus. Law § 349(h); N.Y. PJI 3:20 cmt. IX.A.7

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

13. **North Carolina**

**Instruction No. 261.    N.C.P.I. - Civil 813.80**
**(Trade Regulation—Damages—Issue of Damages)**

If you decide for MSP and the class members on the question of violation of North Carolina's consumer-protection law against any defendant, then you may award damages as to that defendant's VCDs paid for by class members in North Carolina.

For a violation of North Carolina's consumer-protection law, the class members are entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage caused by the wrongful conduct of the defendant.

The class members may also be entitled to recover actual damages. On this issue the burden of proof is on MSP. Actual damages would be the difference in the value of the VCDs paid for by the class members in North Carolina as represented by the defendant and as actually delivered.

Source:  N.C.P.I. - Civil 813.80, modified to streamline

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

14. **North Dakota**

**Instruction No. 262.     Sources Cited**
**(Damages-Consumer Protection)**

If you decide for MSP and the class members on the question of violation of

North Dakota's consumer-protection law against any defendant, then you may

award damages as to that defendant's VCDs paid for by class members in North

Dakota.

For a violation of North Dakota's consumer-protection law, the measure of

damages is the difference between what the VCDs paid for by class members in

North Dakota would have been worth if they were as represented and what the

VCDs were actually worth at the time of sale.

Source:  *West v. Carlson*, 454 N.W.2d 307, 312 (N.D. 1990) (citing *Coman v. Williams*, 65 N.W.2d 377 (N.D. 1954)) (providing definition of actual damages)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

15.    **Oklahoma**

**Instruction No. 263.    Sources Cited**
**(Damages-Consumer Protection)**

If you decide for MSP and the class members on the question of violation of

Oklahoma's consumer-protection law against any defendant, then you may award

actual damages as to that defendant's VCDs paid for by class members in

Oklahoma.

For a violation of Oklahoma's consumer-protection law, the measure of

actual damages is the difference between the value of the VCDs paid for by class

members in Oklahoma as represented and the actual value of the VCDs on the date

of purchase.

If the amount of actual damages incurred by the class members is zero, you

may not award damages under Oklahoma's consumer-protection law.


Source:  Okla. Stat. tit. 15 § 761.1 (West 2023) (actual damages awarded under the
Oklahoma Consumer Protection Act); *Tibbetts v. Sight 'n Sound Appliance Ctrs.,
Inc.*, 77 P.3d 1042, 1054 (Okla. 2003) (holding plaintiffs are not entitled to recover
an award under the Oklahoma Consumer Protection Act without showing actual
damages)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

16.    **Oregon**

**Instruction No. 264.    Or. UCJI No. 43.02**
**(Damages-Consumer Protection)**

If you decide for MSP and the class members on the question of violation of

Oregon's consumer-protection law against any defendant, then you may award a

damages for ascertainable loss as to that defendant's VCDs paid for by class

members in Oregon.

*Ascertainable loss* means a loss of money or property capable of being

discovered, observed, or established.  If an ascertainable loss of money or property

is proven, the plaintiff may recover actual damages or $200, whichever is greater.

<u>Source</u>:  Or. UCJI No. 43.02

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

17.    **Pennsylvania**

### Instruction No. 266.    Sources Cited
### (Damages-Consumer Protection)

If you decide for MSP and the class members on the question of violation of Pennsylvania's consumer-protection law against any defendant, then you may award damages as to that defendant's VCDs paid for by class members in Pennsylvania.

For a violation of Pennsylvania's consumer-protection law, the amount of damages the class members may recover is actual damages or $100 in statutory damages, whichever is greater.  Actual damages are measured by the difference between the price of the VCDs paid for by the class members in Pennsylvania that were bargained for and the price of the VCDs that were received.  If you find that the class members have not suffered an ascertainable loss as a result of the defendant's conduct, you may not award damages.

Source:  Pa. Stat. and Cons. Stat. Ann. tit. 73 § 201-9.2(a) (West 2023); *Boehm v. Riversource Life Ins. Co.*, 117 A.3d 308, 329 (Pa. Super. Ct. 2015) (defining ascertainable loss); *Lesoon v. Metro. Life Ins. Co.*, 898 A.2d 620, 633 (Pa. Super. Ct. 2006) (benefit-of-the-bargain rule)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

18.   **<u>Washington</u>**

**Instruction No. 268.      Sources Cited**
**(Damages-Consumer Protection)**

If you decide for MSP and the class members on the question of violation of

Washington's consumer-protection law against any defendant, then you may award

damages as to that defendant's VCDs paid for by class members in Washington.

For a violation of Washington's consumer-protection law, you may award

damages in the amount actually suffered by the class members as a result of the

violation.  In other words, you may award damages amounting to the difference in

the market value of the VCDs paid for by class members in Washington actually

received and what the market value of the VCDs would have been if not for the

violation.

<u>Source</u>: Wash. Rev. Code. § 19.86.090 (West 2023); *Panag v. Farmers Ins. Co. of
Wash.*, 204 P.3d 885, 902 (2009)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

E.    **Punitive Damages**

**Instruction No. 269.    N.J. Model Civ. Jury Charge 8.60
(Punitive Damages Actions – General)**

If you find that any defendant is liable for intentional misrepresentation or violating a consumer-protection law, you might also need to consider whether or not to award punitive damages to MSP and the class members, if punitive damages are available under the applicable state law.

Punitive damages are awarded to punish a defendant.  MSP and the class members are not automatically entitled to punitive damages simply because you have found that a defendant is liable for intentional misrepresentation or violation of a consumer-protection law, or because you have awarded compensatory damages to compensate MSP and the class members.  You may award punitive damages only under certain circumstances.

**INTENT OF PUNITIVE DAMAGES**

The purposes of punitive damages are different from the purposes of compensatory damages.  Compensatory damages are intended to compensate MSP and the class members for any actual injury or loss they suffered as a result of any defendant's misconduct.  In contrast, punitive damages are designed to require the wrongdoer to pay an amount of money that is sufficient to punish a defendant for particular conduct and to deter that party from future misconduct.  Punitive damages are not to be awarded as a routine matter in every case; they are to be

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

awarded only in exceptional cases, to punish a party that has acted in an especially

egregious or outrageous matter and to discourage that party from engaging in

similar misconduct in the future.  Therefore, MSP and the class members are not

entitled to punitive damages simply because you might find that a defendant

engaged in specific conduct or because you might award damages to compensate

MSP and the class members for their injury.  You may award punitive damages to

MSP and the class members only if you find that MSP has proved certain

additional matters.

       As with some of the other issues in this case, different states apply different

rules to the issue of punitive damages.  Some states do not permit punitive

damages at all.  Other states might permit it for one cause of action but not another.

The justifications for punitive damages differ from one state to the next.  One thing

the states agree on is that a breach of express warranty, by itself, is not a basis for

awarding punitive damages.  Instead, to the extent they permit punitive damages, it

would only be for intentional misrepresentation, violation of consumer-protection

laws, or both.  Listen carefully as I instruct you on the laws applicable to the

causes of action at issue.

Source:  N.J. Model Civ. Jury Charge 8.60; modified to fit allegations in this case
and applicable laws

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

1.    **Punitive Damages and Corporate Defendants**

**Instruction No. 270.    Ill. Pattern Jury Instr.-Civ. 35.02
(Punitive/Exemplary Damages—Willful and Wanton Conduct—Corporate
Defendant's Liability—Restatement States)**

The defendants are corporations and can act only through their officers and
employees.  As to MSP's claim for punitive damages against the defendants, MSP
must make a showing as to officers or employees of each defendant that differs
depending on the state law involved.

The following rule applies to punitive damages under the laws of Alaska,
Colorado, the District of Columbia, Florida, Idaho, Illinois, Iowa, Minnesota, New
Jersey, North Carolina, Ohio, Rhode Island, South Dakota, Vermont, Virginia, and
Wyoming:

Punitive damages may be awarded against a defendant only (1) if you find in
favor of MSP and the class members and against that defendant under the
appropriate causes of action, about which I will instruct you in a moment, and (2)
if you find that, as to the act or omission giving rise to liability under that cause of
action, one or more of the following conditions is proved:

(a) The corporation, through its management, authorized the doing and the
manner of the act or omission;

(b) The employee responsible for the act or omission was unfit, and the
corporation was reckless in employing him or her;

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

(c) The act or omission was that of a managerial employee who was acting

in the scope of his employment; or

(d) The corporation, through its management or a managerial employee,

ratified or approved the act or omission.

Source:  Ill. Pattern Jury Instr.-Civ. 35.02; *see also, e.g.*, AS 09.17.020(k); Colo. Jury Instr. Civ. § 5:4 cmt. ("Corporations"); 1 Civil Jury Instructions for D.C. ch. 16 (2023); 4 Florida Forms of Jury Instruction Appendix 4 (2023); *Manning v. Twin Falls Clinic Hosp*, 122 Idaho 47, 53 (1992); Iowa J.I. Civ. § 210.3; Minn. Stat. Ann. § 549.20; *Kelleher v. Detroit Motors*, 52 N.J. Super. 247, 252-53 (App. Div. 1958); N.C. Pattern Jury Instrs. for Civ. Cases 810.96; 1 OJI CV 315.37; *AAA Pool Service & Supply, Inc. v. Aetna Cas. & Sur. Co.*, 479 A.2d 112, 116 (R.I. 1984); *Dahl v. Sittner*, 474 N.W.2d 897 (S.D. 1991); Vt. Civ. Jury Instrs. § 11.19; *Hogg v. Plant*, 145 Va. 175, 180-81, 133 S.E. 759, 760-61 (1926); WCPJI (Civil) 4.06B

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 271.    Sources Cited
### (Punitive/Exemplary Damages—Willful and Wanton Conduct—Corporate Defendant's Liability—Scope-of-Employment States)

A different rule regarding corporate liability for punitive damages applies to punitive damages under the laws of Arizona, Arkansas, Missouri, Oklahoma, and Oregon:

Punitive damages may be awarded against a defendant under these states' laws only (1) if you find in favor of MSP and the class members and against that defendant under the appropriate causes of action, about which I will instruct you in a moment, and (2) if you find that, as to the act or omission giving rise to liability under that cause of action, both of the following conditions is proved:

(a)    The act or omission was committed by an employee in furtherance of the defendant's business; and

(b)    The employee was acting within the scope of his or her employment.

Source:  *Haralson v. Fisher Surveying, Inc.*, 201 Ariz. 1, 6-7 (2001); *Miller v. Blanton*, 213 Ark. 246, 250-54 (1948); *Johnson v. Allen*, 448 S.W.2d 265, 269 (Mo. Ct. App. 1969); *Bierman v. Aramark*, 198 P.3d 877, 884 (Okla. 2008); *Osborn v. Teague Chevrolet*, 254 Or. 486, 491 (1969)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

2. **No Punitive Damages in California, Connecticut, Hawaii, Louisiana, Massachusetts, Nebraska, New Hampshire, Pennsylvania, Puerto Rico, or Washington**

**Instruction No. 272.    1 La. Jury Instr. § 15.04(1)**
**(No Punitive Damages)**

California, Connecticut, Hawaii, Louisiana, Massachusetts, Nebraska, New Hampshire, Pennsylvania, Puerto Rico, and Washington do not permit an award of punitive damages under any of the claims at issue in this case. Therefore, you must not include in your award any damages to punish or make an example of any defendant for claims under these states' laws. You must award only the damages that fairly compensate MSP and the class members for their loss.

Source: 1 La. Jury Instr. § 15.04(1); modified to streamline and apply to all states that do not permit punitive damages under the relevant provisions. *See Ngo v. Bank of Am., N.A.*, No. 2:23-cv-00364-KJM-DMC, 2024 U.S. Dist. LEXIS 4847, at *5, 2024 WL 99679 (E.D. Cal. Jan. 8, 2024); Conn. Gen. Stat. § 42-110g; 1 Hawaii Standard Civil Jury Instruction No. 19.7; *Olson v. Energy N., Inc.*, No. 9800228, 1999 WL 1332362, at *8 (Mass. Super. Ct. Jan. 14, 1999) (intentional misrepresentation); 1 Neb. Jury Instr. 2d Civ. ch. 4 § A.5; N.H. Civ. Jury Instr. § NS9.110; *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 401-02 (3d Cir. 2004) *NPR, Inc. v. Am. Int'l Ins. Co. of P.R.*, 242 F. Supp. 2d 121, 127 (D.P.R. 2003); *Grays Harbor Cnty. v. Bay City Lumber Co.*, 289 P.2d 975, 882 (Wash. 1955) (en banc)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

3.     **Alaska**

**Instruction No. 273.     Alaska JICIV 20.20A**
**(Eligibility for Punitive Damages)**

If you find a defendant liable for intentional misrepresentation or for

violation of consumer-protection law under Alaska law, you must consider whether

to award punitive damages as to that claim.  In order to recover punitive damages

from any defendant under a claim of intentional misrepresentation or violation of

consumer-protection law under Alaska law, MSP has the burden of proving by

clear and convincing evidence as to each defendant that the defendant's conduct

that forms the basis of your verdict demonstrated reckless indifference to the

interests of others, or was outrageous.  Outrageous conduct includes acts done with

malice or bad motives.

Source:  Alaska JICIV 20.20A; modified to streamline and to account for non-
bifurcation

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 274.    Alaska JICIV 20.20B
### (Award of Punitive Damages)

If you determine that MSP and the class members are eligible for an award of punitive damages from any defendant, you must then decide what amount of damages (if any) should be awarded. Punitive damages are a separate amount of money awarded for the purpose of punishing the defendant and deterring the defendant from repeating similar acts. While you are permitted to award punitive damages, you are not required to do so.

In this proceeding, you must decide whether to award punitive damages and, if so, the amount. In making your decision, you may consider the following factors:

- the likelihood at the time of the conduct that serious harm would result from the defendant's conduct;

- the degree of the defendant's awareness of the likelihood at the time of the conduct that serious harm would result from the defendant's conduct;

- the amount of financial gain that the defendant gained or expected to gain as a result of the defendant's conduct;

- the duration of the defendant's conduct and any intentional concealment of the conduct;

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

- the attitude and conduct of the defendant upon discovery of the conduct;

- the amount of compensatory damages awarded to MSP and the class members under Alaska law;

- the financial condition of the defendant; and

- the total deterrence of other damages and punishment imposed on the defendant as a result of the conduct, including compensatory and punitive damages awarded to other persons in situations similar to that of MSP or the class members, and any criminal penalties to which the defendant has been or may be subjected.

Source:  Alaska JICIV 20.20B; modified to account for non-bifurcation and to eliminate reference to general deterrence, which is contrary to *Philip Morris USA v. Williams*, 549 U.S. 346, 353, 355 (2007) (barring consideration of impact of punitive damages on "strangers to the litigation")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

4.    **Arizona**

**Instruction No. 275.    RAJI (Civ.) Personal Injury Damages 4 (Ariz.)
(Punitive Damages)**

If you find a defendant liable for violation of consumer-protection law under

Arizona law, you must consider whether to award punitive damages as to that

claim.  In order to recover punitive damages from any defendant under a claim of

violation of consumer-protection law under Arizona law, MSP has the burden of

proving by clear and convincing evidence as to each defendant that:

1. the defendant's misconduct was intended to cause harm, or

2. the defendant's misconduct was motivated by spite or ill will; or

3. the defendant's misconduct was

a. outrageous, oppressive, or intolerable, and

b. the defendant knew or intentionally disregarded that its conduct

created a substantial risk of significant harm to others.

MSP must also prove that the same conduct that provides the basis for

punitive damages was a cause of, or contributed to, injury to every class member

that paid for VCDs in Arizona under Arizona law.

The law provides no fixed standard for the amount of punitive damages you

may assess, if any, but leaves the amount to your discretion.  However, any award

you impose must be for the purpose of punishing the defendant or deterring it from

engaging in similar conduct in the future.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

<u>Source</u>:  RAJI (Civ.) Personal Injury Damages 4 (Ariz.); modified to streamline and reorganize and to incorporate certain elements from the commentary to the instruction; *see also* RAJI (Civ.) Commercial Torts 22 (Ariz.) (indicating that the personal injury instruction for punitive damages is applicable to punitive-damages claims under the consumer-protection law); modified to eliminate reference to general deterrence, which is contrary to *Philip Morris USA v. Williams*, 549 U.S. 346, 353, 355 (2007) (barring consideration of impact of punitive damages on "strangers to the litigation")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

5.    **Arkansas**

**Instruction No. 276.        Ark. Model Jury Instr. § 2218
(Punitive Damages)**

If you find a defendant liable for intentional misrepresentation under Arkansas law, you must consider whether to award punitive damages as to that claim.  A jury may award punitive damages to punish misconduct and deter similar misconduct from occurring in the future.  In order to recover punitive damages from any defendant under a claim of intentional misrepresentation under Arkansas law, MSP has the burden of proving by clear and convincing evidence as to each defendant either:

(1) That the defendant knew or ought to have known, in the light of the surrounding circumstances, that its conduct would naturally and probably result in damage and that it continued such conduct with malice or in reckless disregard of the consequences from which malice may be inferred; OR

(2) That the defendant intentionally pursued a course of conduct for the purpose of causing damage; OR

(3) both (1) and (2).

You are not required to assess punitive damages against the defendant but you may do so if justified by the evidence.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

You may consider an award of punitive damages only if you found that

every class member that paid for VCDs in Arkansas is entitled to recover

compensatory damages.

<u>Source</u>:  Ark. Model Jury Instr. § 2218

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

6.    **Colorado**

**Instruction No. 277.    Colo. Jury Instr. Civ. § 5:4
(Punitive Damages)**

If you find a defendant liable for intentional misrepresentation under Colorado law, you must consider whether to award punitive damages as to that claim. In order to recover punitive damages from any defendant under a claim of intentional misrepresentation under Colorado law, MSP has the burden of proving beyond a reasonable doubt as to each defendant that the defendant acted in a fraudulent, malicious, or willful and wanton manner in causing the losses to every class member that paid for VCDs in Colorado. If MSP proves such conduct, you shall determine the amount of punitive damages, if any, that the plaintiff should recover.

Punitive damages, if awarded, are to punish the defendant and to serve as an example to others.

Source:  Colo. Jury Instr. Civ. § 5:4

338

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 278.      Colo. Jury Instr. Civ. § 3:3**
**(Reasonable Doubt—Defined)**

Reasonable doubt means a doubt based upon reason and common sense which arises from a fair and rational consideration of all of the evidence, or the lack of evidence, in the case.  It is a doubt that is not a vague, speculative, or imaginary doubt, but such a doubt as would cause reasonable people to hesitate to act in matters of importance to themselves.

<u>Source</u>:  Colo. Jury Instr. Civ. § 3:3

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

7.  **District of Columbia**

**Instruction No. 279.       Standardized Civ. Jury Instr. for D.C. § 16.01
(Punitive Damages)**

If you find a defendant liable for intentional misrepresentation under District of Columbia law, you must consider whether to award punitive damages as to that claim.  In order to recover punitive damages from any defendant under a claim of intentional misrepresentation under District of Columbia law, MSP has the burden of proving by clear and convincing evidence as to each defendant:

(1) that the defendant acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of every class member that paid for VCDs in the District of Columbia; AND

(2) that the defendant's conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of every class member that paid for VCDs in the District of Columbia.

You may conclude that the defendant acted with a state of mind justifying punitive damages based on direct evidence or based on circumstantial evidence from the facts of the case.

Source:  Standardized Civ. Jury Instr. for D.C. § 16.01

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 280.        Standardized Civ. Jury Instr. for D.C. § 16.03
(Computation of Punitive Damage Award)**

If you find that every class member that paid for VCDs in the District of

Columbia is entitled to an award of punitive damages, then you must decide the

amount of the award.  To determine the amount of the award you may consider the

net worth of the defendant at the time of trial, the nature of the wrong committed,

the state of mind of the defendant when the wrong was committed, the cost and

duration of the litigation, and any attorney's fees that MSP has incurred in this

case.  Your award should be sufficient to punish the defendant for its conduct and

to prevent it from acting in a similar way in the future.

Source:  Standardized Civ. Jury Instr. for D.C. § 16.03; modified to eliminate
reference to general deterrence, which is contrary to *Philip Morris USA v.
Williams*, 549 U.S. 346, 353, 355 (2007) (barring consideration of impact of
punitive damages on "strangers to the litigation")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

    8.   **Florida**

**Instruction No. 281.    1 Fla. Std. Jury Instr. in Civ. Cases § 503.1 (2019)
(Punitive Damages—First Stage)**

If you find a defendant liable for intentional misrepresentation under Florida law, you must consider whether to award punitive damages as to that claim.  To be clear, you may only award punitive damages under Florida law if you find for the class members on the intentional misrepresentation claim; punitive damages are not permissible based on a finding of liability on the Florida consumer-protection claim.  A jury may award punitive damages to punish misconduct and deter similar misconduct from occurring in the future.  In order to recover punitive damages from any defendant under a claim of intentional misrepresentation under Florida law, MSP has the burden of proving by clear and convincing evidence as to each defendant that the defendant was guilty of intentional misconduct or gross negligence, which was a substantial cause of damage to every class member that paid for VCDs in Florida.  Under those circumstances you may, in your discretion, award punitive damages against the defendant.  If clear and convincing evidence does not show such conduct by the defendant, punitive damages are not warranted against the defendant.

"Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage to every class member that paid for VCDs in Florida and, despite that

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

knowledge, it intentionally pursued that course of conduct, resulting in injury or

damage.  "Gross negligence" means that the defendant's conduct was so reckless

or wanting in care that it constituted a conscious disregard or indifference to the

life, safety, or rights of persons exposed to such conduct.

<u>Source</u>:  1 Fla. Std. Jury Instr. in Civ. Cases § 503.1 (2019); modified to
streamline; *see also Rollins, Inc. v. Heller*, 454 So. 2d 580, 585-86 (Fla. Dist. Ct.
App. 1984) (no punitive damages under FDUTPA)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 282.   1 Fla. Std. Jury Instr. in Civ. Cases § 503.1 (2019)
### (Punitive Damages—Second Stage)

If you find that every class member that paid for VCDs in Florida is entitled to an award of punitive damages, then you must decide the amount of the award. In making this determination, you should consider the nature, extent and degree of misconduct and the related circumstances, including the following:

(1) whether the wrongful conduct was motivated solely by unreasonable financial gain;

(2) whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by the defendant; and

(3) whether, at the time of damage, the defendant had a specific intent to harm every class member that paid for VCDs in Florida and the conduct of the defendant did in fact harm every class member that paid for VCDs in Florida.

However, you may not award an amount that would financially destroy the defendant.

You may in your discretion decline to assess punitive damages. You may assess punitive damages against one defendant and not the others or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.

344

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

<u>Source</u>:  1 Fla. Std. Jury Instr. in Civ. Cases § 503.1 (2019); modified to streamline

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

9.    **Idaho**

**Instruction No. 283.    IDJI 9.20**
**(Punitive Damages)**

If you find a defendant liable for intentional misrepresentation under Idaho

law, you must consider whether to award punitive damages as to that claim.  In

order to recover punitive damages from any defendant under a claim of intentional

misrepresentation under Idaho law, MSP has the burden of proving by clear and

convincing evidence as to each defendant that the defendant's acts that proximately

caused injury to every class member that paid for VCDs in Idaho were an extreme

deviation from reasonable standards of conduct and that these acts were malicious,

fraudulent, oppressive, or outrageous.

Punitive damages are not a matter of right, but may be awarded in the jury's

sound discretion, which is to be exercised without passion or prejudice.  The law

provides no mathematical formula by which such damages are to be calculated,

other than any award of punitive damages must bear a reasonable relation to the

actual harm done, to the cause thereof, to the conduct of the defendant, and to the

primary objective of deterrence.

<u>Source</u>:  IDJI 9.20

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

10.    **Illinois**

**Instruction No. 284.        Ill. Pattern Jury Instr.-Civ. 35.01
(Punitive/Exemplary Damages—Willful and Wanton Conduct)**

If you find a defendant liable for violation of consumer-protection law under
Illinois law, you must consider whether to award punitive damages as to that claim.
In order to recover punitive damages from any defendant under a claim of violation
of consumer-protection law under Illinois law, MSP has the burden of proving by
clear and convincing evidence as to each defendant that the defendant's conduct
was fraudulent, intentional, or willful and wanton, and proximately caused injury
to every class member that paid for VCDs in Illinois.  If MSP satisfies its burden of
proof, and if you believe that justice and the public good require it, you may award
an amount of money that will punish the defendant and discourage it from similar
conduct.

In arriving at your decision as to the amount of punitive damages, you
should consider the following three questions.  The first question is the most
important to determine the amount of punitive damages:

1. How reprehensible was the defendant's conduct?

On this subject, you should consider the following:

a) The facts and circumstances of the defendant's conduct;

b) The financial vulnerability of the class members that paid for VCDs in
Illinois;

347

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

c) The duration of the misconduct;

d) The frequency of the defendant's misconduct;

e) Whether the harm was physical as opposed to economic;

f) Whether defendant tried to conceal the misconduct;

2. What actual and potential harm did the defendant's conduct cause to MSP and the class members in this case?

3. What amount of money is necessary to punish the defendant and discourage the defendant from future wrongful conduct?

The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by MSP and the class members as reflected in your compensatory award under Illinois law.

Source:  Ill. Pattern Jury Instr.-Civ. 35.01; modified to eliminate reference to general deterrence, which is contrary to *Philip Morris USA v. Williams*, 549 U.S. 346, 353, 355 (2007) (barring consideration of impact of punitive damages on "strangers to the litigation")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

11.   **Iowa**

**Instruction No. 285.     Iowa Jury Instr. Civ. § 210.1**
**(Punitive Damages)**

If you find a defendant liable for intentional misrepresentation under Iowa law, you must consider whether to award punitive damages as to that claim.  In order to recover punitive damages from any defendant under a claim of intentional misrepresentation under Iowa law, MSP has the burden of proving by clear and convincing evidence as to each defendant that the defendant's conduct constituted a willful and wanton disregard for the rights or safety of another and caused actual damage to every class member that paid for VCDs in Iowa.

Punitive damages are not intended to compensate for injury but are allowed to punish and discourage the defendant and others from like conduct in the future. You may award punitive damages only if the defendant's conduct warrants a penalty in addition to the amount you award to compensate for plaintiff's actual injuries.

There is no exact rule to determine the amount of punitive damages, if any, you should award.  You may consider the following factors:

(1) The nature of defendant's conduct that harmed every class member that paid for VCDs in Iowa.

(2) The amount of punitive damages which will punish and discourage like conduct by the defendant.  You may consider the defendant's financial condition or

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

ability to pay.  You may not, however, award punitive damages solely because of the defendant's wealth or ability to pay.

(3) MSP and the class members' actual damages.  The amount awarded for punitive damages must be reasonably related to the amount of actual damages you award to MSP and the class members under Iowa law.

(4) The existence and frequency of prior similar conduct.  Although you may consider harm to others in determining the nature of defendant's conduct, you may not award punitive damages to punish the defendant for harm caused to others, or for out-of-state conduct that was lawful where it occurred, or for any conduct by the defendant that is not similar to the conduct which caused the harm to the plaintiff and the class members in this case.

<u>Source</u>:  Iowa Jury Instr. Civ. § 210.1

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

12. **Minnesota**

**Instruction No. 286.    CIVJIG 94.10**
**(Punitive Damages)**

If you find a defendant liable for intentional misrepresentation under

Minnesota law, you must consider whether to award punitive damages as to that

claim.  A jury may award punitive damages to punish misconduct and deter similar

misconduct from occurring in the future.  In order to recover punitive damages

from any defendant under a claim of intentional misrepresentation under

Minnesota law, MSP has the burden of proving by clear and convincing evidence

as to each defendant that the defendant acted with deliberate disregard for the

rights or safety of others.

"Deliberate disregard" means that the defendant:

1. Knew about facts or intentionally ignored facts that created a high

probability of injury to the rights or safety of others, and

2. Deliberately acted

a. with conscious or intentional disregard, or

b. with indifference to the high probability of injury to the rights or safety of

others.

**Factors to consider for punitive damages**

If you decide to award punitive damages, consider, among other things, the

following factors:

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

1. The seriousness of the hazard to the public that may have been or was caused by the defendant's misconduct.

2. The profit the defendant made as a result of the misconduct.

3. The length of time of the misconduct and if the defendant hid it.

4. The amount the defendant knew about the hazard and of its danger.

5. The attitude and conduct of the defendant when the misconduct was discovered.

6. The number and level of employees involved in causing or hiding the misconduct.

7. The financial state of the defendant.

8. The total effect of other punishment likely to be imposed on the defendant as a result of the misconduct.  This includes compensatory and punitive damage awards to MSP, the class, and other persons.

Source:  CIVJIG 94.10; modified to streamline

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

13.  **Missouri**

**Instruction No. 287.      Mo. Approved Instrs. (Civ.) 10.01
(Outrageous Conduct—Intentional Torts)**

If you find a defendant liable for violation of consumer-protection law under

Missouri law, you must consider whether to award punitive damages as to that

claim.  In order to recover punitive damages from any defendant under a claim of

violation of consumer-protection law under Missouri law, MSP has the burden of

proving by clear and convincing evidence as to each defendant that conduct of the

defendant as found in connection with the alleged violation of Missouri's

consumer-protection law was outrageous because of the defendant's evil motive or

reckless indifference to the rights of others.  Should you find that MSP has proven

such conduct, then you may award the class members an additional amount as

punitive damages in such sum as you believe will serve to punish the defendant

and to deter the defendant from like conduct.

Source:  Mo. Approved Instrs. (Civ.) 10.01; modified to streamline and to
eliminate reference to general deterrence, which is contrary to *Philip Morris USA
v. Williams*, 549 U.S. 346, 353, 355 (2007) (barring consideration of impact of
punitive damages on "strangers to the litigation")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

14. **New Jersey**

**Instruction No. 288.    N.J. Model Civ. Jury Charge 8.62 part 2
(Punitive Damages – Products Liability – Standard of Proof)**

If you find a defendant liable for intentional misrepresentation under New

Jersey law, you must consider whether to award punitive damages as to that claim.

A jury may award punitive damages to punish misconduct and deter similar

misconduct from occurring in the future.  In order to recover punitive damages

from any defendant under a claim of intentional misrepresentation under New

Jersey law, MSP has the burden of proving by clear and convincing evidence as to

each defendant that the injury, loss, or harm suffered by every class member that

paid for VCDs in New Jersey was the result of the defendant's acts or omissions

and that either (1) the defendant's conduct was malicious or (2) the defendant acted

in wanton and willful disregard of plaintiff's rights.  Malicious conduct is

intentional wrongdoing in the sense of an evil-minded act.  Willful or wanton

conduct is a deliberate act or omission with knowledge of a high degree of

probability of harm to another who foreseeably might be harmed by that act or

omission and reckless indifference to the consequence of the act or omission.

In determining whether to award punitive damages, consider all relevant

evidence, including but not limited to the following: (1)  the likelihood, at the

relevant time, that serious harm would arise from the defendant's conduct; (2) the

defendant's awareness or reckless disregard of the likelihood that such serious

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

harm would arise from the defendant's conduct; (3) the conduct of the defendant

upon learning that its initial conduct would likely cause harm; and (4) the duration

of the conduct or any concealment of that conduct by the defendant.

<u>Source</u>:  N.J. Model Civ. Jury Charge 8.62 part 2; modified to streamline

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 289.     N.J. Model Civ. Jury Charge 8.62 part 3
### (Punitive Damages – Products Liability – Amount)

If you decide that any defendant has engaged in the type of wrongdoing that justifies punitive damages, you must decide the amount of punitive damages that should be awarded as to that defendant.

In doing so, you must consider all relevant evidence, including but not limited to, evidence of the four factors that I discussed in connection with your determination as to whether punitive damages should be awarded at all.  These are: (1) the likelihood, at the relevant time, that serious harm would arise from the defendant's conduct; (2) the defendant's awareness or reckless disregard of the likelihood that such serious harm would arise from its conduct; (3) the conduct of the defendant upon learning that its initial conduct would likely cause harm; and (4) the duration of the conduct or any concealment of it by the defendant.

Consider, also, the profitability, if any, of the misconduct to the defendant; when the misconduct was terminated; and the financial condition of the defendant or its ability to pay the punitive damages award.  You must also make certain that there is a reasonable relationship between the actual injury and the punitive damages.

After considering all these factors, exercise your judgment and determine (1) whether punitive damages should be awarded in this case; and (2) if you decide to award punitive damages, what the proper amount should be.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

<u>Source</u>:  N.J. Model Civ. Jury Charge 8.62 part 3

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

15.  **New York**

### Instruction No. 290.    N.Y. PJI 2:278
### (Damages – Punitive)

If you find a defendant liable for intentional misrepresentation under New York law, you must consider whether to award punitive damages as to that claim. To be clear, you may only award punitive damages under New York law if you find for every class member that paid for VCDs in New York on the intentional misrepresentation claim; punitive damages are not permissible based on a finding of liability on the New York consumer-protection claim.  In order to recover punitive damages from any defendant under a claim of intentional misrepresentation under New York law, MSP has the burden of proving by clear and convincing evidence as to each defendant that the act of the defendant that caused injury to every class member that paid for VCDs in New York was (1) wanton and reckless or (2) malicious.  Punitive damages may be awarded for conduct that represents a high degree of immorality and shows such wanton dishonesty as to imply a criminal indifference to civil obligations.  The purpose of punitive damages is not to compensate MSP or the class but to punish the defendant for wanton and reckless or malicious acts and thereby to discourage the defendant from acting in a similar way in the future.

An act is malicious when it is done deliberately with knowledge of the rights of every class member that paid for VCDs in New York, and with the intent to

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

interfere with those rights. An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of its effect upon the health, safety and rights of others. If you find that the defendant's act was not wanton and reckless or malicious, you need proceed no further in your deliberations on this issue. On the other hand, if you find that the defendant's act was wanton and reckless or malicious, you may award punitive damages.

In arriving at your decision as to the amount of punitive damages, you should consider the nature and reprehensibility of what the defendant did. That would include the character of the wrongdoing, whether the defendant's conduct demonstrated an indifference to, or a reckless disregard of, the health, safety or rights of others, whether the act was done with an improper motive or vindictiveness, whether the act constituted outrageous or oppressive intentional misconduct, how long the conduct went on, the defendant's awareness of what harm the conduct caused or was likely to cause, any concealment or covering up of the wrongdoing, how often the defendant had committed similar acts of this type in the past and the actual and potential harm created by the defendant's conduct.

The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by MSP and the class members, and to the compensatory damages you awarded to MSP and the class members under New York law. The reprehensibility of the defendant's conduct is

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

an important factor in deciding the amount of punitive damages that would be

reasonable and proportionate in view of the harm suffered by MSP and the class

members and the compensatory damages you have awarded MSP and the class

members under the claim for intentional misrepresentation under New York law.

You may also consider the defendant's financial condition and the impact

your punitive damages award will have on the defendant.

Source:  N.Y. PJI 2:278; *Guzman v. Mel S. Harris & Assocs., LLC*, No. 16 Civ.
3499 (GBD), 2018 WL 1665252, at *13-14 (S.D.N.Y. Mar. 22, 2018) (no punitive
damages for GBL claims); modified to eliminate reference to general deterrence,
which is contrary to *Philip Morris USA v. Williams*, 549 U.S. 346, 353, 355 (2007)
(barring consideration of impact of punitive damages on "strangers to the
litigation")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### 16.    North Carolina

**Instruction No. 291.    N.C. Pattern Jury Instrs. for Civ. Cases 810.96
(Punitive Damages—Liability of Defendant)**

If you find a defendant liable for intentional misrepresentation under North
Carolina law, you must consider whether to award punitive damages as to that
claim.  To be clear, you may only award punitive damages under North Carolina
law if you find for every class member that paid for VCDs in North Carolina on
the intentional misrepresentation claim; punitive damages are not permissible
based on a finding of liability on the North Carolina consumer-protection claim.  In
order to recover punitive damages from any defendant under a claim of intentional
misrepresentation under North Carolina law, MSP has the burden of <u>first</u> proving
by clear and convincing evidence as to each defendant the existence of fraud,
malice, or willful or wanton conduct.

Fraud means a false representation of material fact made by the defendant
with intent to deceive which was reasonably calculated to deceive and which did,
in fact, deceive and damage every class member that paid for VCDs in North
Carolina because of its reasonable reliance on it.

Malice means a sense of personal ill will toward every class member that
paid for VCDs in North Carolina that activated or incited the defendant to perform
the act or undertake the conduct that resulted in harm to every class member that
paid for VCDs in North Carolina.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Willful or wanton conduct means the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage or other harm. Willful or wanton conduct means more than gross negligence.

MSP must prove the second and third things by a preponderance of the evidence. These second and third things are:

<u>Second</u>, that the fraud, malice, or willful or wanton conduct was related to the injury to every class member that paid for VCDs in North Carolina for which you have already awarded relief.

<u>And third</u>, that the defendant's officers, directors or managers participated in or condoned the fraud, malice, or willful or wanton conduct.

<u>Source</u>: N.C. Pattern Jury Instrs. for Civ. Cases 810.96; modified to streamline; *Pinehurst, Inc. v. O'Leary Bros. Realty, Inc.*, 338 S.E.2d 918, 925 (N.C. Ct. App. 1986) (no punitive damages under consumer-protection statute)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 292.      N.C. Pattern Jury Instrs. for Civ. Cases 810.98
(Punitive Damages—Issue of Whether to Make Award and Amount of
Award)**

Whether to award punitive damages is a matter within the sound discretion

of the jury.  Punitive damages are not awarded for the purpose of compensating the

plaintiff or any class member for its injury, nor are they awarded as a matter of

right.

If you decide, in your discretion, to award punitive damages, any amount

you award must bear a rational relationship to the sum reasonably needed to punish

the defendant for egregiously wrongful acts committed against every class member

that paid for VCDs in North Carolina and to deter the defendant from committing

similar wrongful acts.  In making this determination, you may consider only that

evidence which relates to:

the reprehensibility of the defendant's motives and conduct;

the likelihood, at the relevant time, of serious harm (to the plaintiff, class

members, or others similarly situated);

the degree of the defendant's awareness of the probable consequences

of its conduct;

the duration of the defendant's conduct;

the actual damages suffered by the plaintiff and the class members;

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

any concealment by the defendant of the facts or consequences of its

conduct;

the existence and frequency of any similar past conduct by the defendant;

whether the defendant profited by the conduct; and

the defendant's ability to pay punitive damages, as evidenced by its revenues

or net worth.

Finally, if you determine, in your discretion, to award punitive damages,

then you may award to the plaintiff an amount which bears a rational relationship

to the sum reasonably needed to punish the defendant for egregiously wrongful

acts and to deter the defendant from committing similar wrongful acts.

Source:  N.C. Pattern Jury Instrs. for Civ. Cases 810.98; modified to streamline
and to eliminate reference to general deterrence, which is contrary to *Philip Morris
USA v. Williams*, 549 U.S. 346, 353, 355 (2007) (barring consideration of impact
of punitive damages on "strangers to the litigation")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

17.    **North Dakota**

**Instruction No. 293.        N.D. Pattern Jury Instrs. – Civ. §72.00
(Exemplary or Punitive Damages)**

If you find a defendant liable for intentional misrepresentation under North Dakota law, you must consider whether to award punitive damages as to that claim. To be clear, you may only award punitive damages under North Dakota law if you find for every class member that paid for VCDs in North Dakota on the intentional misrepresentation claim; punitive damages are not permissible based on a finding of liability on the North Dakota consumer-protection claim.

If you find that plaintiff has proven by clear and convincing evidence that a defendant acted with oppression, fraud, or actual malice as defined in these instructions, then you may, in your discretion, award a reasonable sum as punitive damages as to that defendant. These damages are different from the damages awarded to compensate for an injury or loss. These damages permit you to punish a wrongdoer.

If you decide to use your discretion to award a reasonable sum as punitive damages, then you must also find by clear and convincing evidence that:

1) The amount awarded bears a reasonable relationship to any harm that is likely to result from the defendant's conduct and any harm that actually has occurred; and

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

2) The amount awarded is consistent with the degree of reprehensibility of the defendant's conduct and its duration.

Further, in considering an award of punitive damages, you must also consider:

1) The extent to which the defendant was aware of the conduct or concealed it; and

2) The extent to which the defendant profited from the conduct and whether or not it would be desirable to remove that profit or have the defendant also sustain a loss.

Source:  N.D. Pattern Jury Instrs. – Civ. §72.00; *DJ Coleman, Inc. v. Nufarm Ams., Inc.*, 693 F. Supp. 2d 1055, 1077 (D.N.D. 2010) (equating statutory provision for treble damages in cases of knowing violations with punitive damages); modified to streamline and to eliminate reference to general deterrence, which is contrary to *Philip Morris USA v. Williams*, 549 U.S. 346, 353, 355 (2007) (barring consideration of impact of punitive damages on "strangers to the litigation")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 294.    N.D. Pattern Jury Instrs. – Civ. §72.02**
**(Exemplary Damages – Compensatory Damages Required)**

You may award punitive damages only if you award compensatory damages

under North Dakota law.


<u>Source</u>:  N.D. Pattern Jury Instrs. – Civ. §72.00; modified to use the word
"punitive" in place of "exemplary"

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 295.    N.D. Pattern Jury Instrs. – Civ. §72.04 (Exemplary Damages (Products Liability))

Punitive damages may not be awarded against a manufacturer or seller if the product's manufacture, design, formulation, inspection, testing, packaging, labeling, and warning complied with:

1) Federal statutes existing at the time the product was produced;

2) Administrative regulations existing at the time the product was produced that were adopted by an agency of the federal government with responsibility for regulating the safety of the product or for establishing safety standards for the product pursuant to a federal statute; or

3) Premarket approval or certification by an agency of the federal government.

Source:  N.D. Pattern Jury Instrs. – Civ. §72.04; modified to use the word "punitive" in place of "exemplary"; modified to eliminate exceptions to the bar on punitive damages because they require a showing of fraud on the FDA, which is preempted pursuant to *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 296.        N.D. Pattern Jury Instrs. – Civ. §72.10
(Oppression)**

Oppression means subjecting a person to cruel and unjust hardship in

conscious disregard of that person's rights.


<u>Source</u>:  N.D. Pattern Jury Instrs. – Civ. §72.10

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 297.    N.D. Pattern Jury Instrs. – Civ. §72.12
### (Fraud as a Basis for Exemplary Damage)

As a basis for awarding punitive damages, "fraud" is:

1) the suggestion as fact of that which is not true by one who does not

believe it to be true;

2) the assertion as a fact of that which is not true by one who has no

reasonable ground for believing it to be true;

3) the suppression of a fact by one who is bound to disclose it, or who gives

information that is likely to mislead because that fact was not communicated; or

4) a promise made without any intention of performing.

Source:  N.D. Pattern Jury Instrs. – Civ. §72.12; modified to use the word
"punitive" in place of "exemplary"

370

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 298.    N.D. Pattern Jury Instrs. – Civ. §72.16
(Actual Malice)**

The term "malice" means an intent with ill will or wrongful motive to harass, annoy, or injure another person.

Actual malice is the actual state or condition of the mind of the person who did the act.  Direct evidence of actual malice is not required.  Rather, the character of the act itself, with its surrounding facts and circumstances, may be inquired into for the purpose of ascertaining the motive or purpose which influenced the mind of the party in committing the act.  Thus, upon the consideration of these, if that motive is found to be improper and unjustifiable, the law authorizes the jury to find it was malicious.

Source:  N.D. Pattern Jury Instrs. – Civ. §72.16

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

18. **Ohio**

**Instruction No. 299.    1 OJI-CV 315.37, 1 CV Ohio Jury Instructions 315.37
(Punitive Damages: Certain Tort Actions)**

If you find a defendant liable for intentional misrepresentation under Ohio law, you must consider whether to award punitive damages as to that claim.  In order to recover punitive damages from any defendant under a claim of intentional misrepresentation under Ohio law, MSP has the burden of proving by clear and convincing evidence as to each defendant that:

(A) the defendant's actions demonstrated actual malice; or

(B) the defendant's actions demonstrated aggravated or egregious fraud.

Punitive damages may be awarded against the defendant as a punishment and to discourage it from committing similar wrongful acts.  You are not required to award punitive damages to MSP or the class.

ACTUAL MALICE.  "Actual malice" necessary for an award of punitive damages is:

(A) a state of mind characterized by hatred, ill will, or a spirit of revenge;

(B) a conscious disregard for the rights and safety of another person that has a great probability of causing substantial harm.

SUBSTANTIAL.  "Substantial" means major or significant and not trifling or small.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

AGGRAVATED OR EGREGIOUS FRAUD.  Fraud is "aggravated" if it is accompanied by the existence of malice or ill will.  Fraud is "egregious" if the fraudulent wrongdoing is particularly gross or malicious.

AMOUNT OF PUNITIVE DAMAGES.  If you award punitive damages, it should be presumed that every class member that paid for VCDs in Ohio has been made whole for its injuries by the award of compensatory damages.  In determining the amount of punitive damages, you may consider all of the following:

(A) the harm caused was physical as opposed to economic;

(B) the tortious conduct evinced an indifference or a reckless disregard of the health or safety of others;

(C) the target of the conduct had financial vulnerability;

(D) the conduct involved repeated actions or was an isolated incident; and

(E) the harm was a result of intentional malice, trickery or deceit, or mere accident.  The amount you award should be fair and reasonable and should not be influenced by passion or prejudice.

Source:  1 OJI-CV 315.37, 1 CV Ohio Jury Instructions 315.37; modified to streamline and reorganize to make consistent with other instructions; modified to streamline and to eliminate reference to general deterrence, which is contrary to *Philip Morris USA v. Williams*, 549 U.S. 346, 353, 355 (2007) (barring consideration of impact of punitive damages on "strangers to the litigation")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

19.    **Oklahoma**

**Instruction No. 300.    Okla. Civ. Jury Instr. § 5.6**
**(Exemplary or Punitive Damages—First Stage)**

If you find a defendant liable for intentional misrepresentation under

Oklahoma law, you must consider whether to award punitive damages as to that

claim.  To be clear, you may only award punitive damages under Oklahoma law if

you find for every class member that paid for VCDs in Oklahoma on the

intentional misrepresentation claim; punitive damages are not permissible based on

a finding of liability on the Oklahoma consumer-protection claim.  In order to

recover punitive damages from any defendant under a claim of intentional

misrepresentation under Oklahoma law, MSP has the burden of proving by clear

and convincing evidence as to each defendant that the defendant acted in reckless

disregard of the rights of others or acted intentionally and with malice towards

others.

The conduct of a defendant was in reckless disregard of another's rights

if the defendant was either aware, or did not care, that there was a substantial and

unnecessary risk that its conduct would cause serious injury to others.  In order for

the conduct to be in reckless disregard of another's rights, it must have been

unreasonable under the circumstances, and also there must have been a high

probability that the conduct would cause serious harm to another person.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

Malice involves either hatred, spite, or ill-will, or else the doing of a

wrongful act intentionally without just cause or excuse.


<u>Source</u>:  Okla. Civ. Jury Instr. § 5.6; *Fink v. Ricoh Corp.*, 839 A.2d 942, 981 (N.J. Super. Ct. App. Div. 2003) (Oklahoma consumer-protection act "make[s] no provision for either treble or common law punitive damages"); modified to streamline

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 301.        Okla. Civ. Jury Instr. § 5.9
### (Exemplary or Punitive Damages—Second Stage)

If you decide that a defendant is liable for punitive damages under Oklahoma law, you may, in addition to actual damages, grant MSP and the class members punitive damages in such sum as you reasonably believe will punish the defendant.

Punitive damages are not to be considered as compensation to MSP or the class members, but as punishment of the defendant, and to deter it from like conduct. The law does not require you to award punitive damages, and if you do so, you must use sound reason in setting the amount. You should be aware that the purpose of punitive damages is to punish and not destroy a defendant.

In determining the amount of punitive damages, you may consider the following factors:

1. The seriousness of the hazard to the public arising from the defendant's misconduct;

2. The profitability of the misconduct to the defendant;

3. How long the conduct lasted and whether it is likely to continue;

4. Whether there were attempts to conceal the misconduct;

5. How aware the defendant was of the conduct and its consequences and how aware the defendant was of the hazard and of its excessiveness;

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

6. The attitude and conduct of the defendant upon finding out about the misconduct/hazard;

7. The financial condition of the defendant; and

8. The number and level of employees involved in causing or concealing the misconduct.

In no event should the punitive damages exceed the greater of:

(A) if you determine that the defendant acted with reckless disregard, $100,000.00 or the amount of actual damages you awarded based on intentional misrepresentation under Oklahoma law; OR

(B) if you determine that the defendant acted intentionally and with malice toward others, $500,000.00, or twice the amount of actual damages you have previously awarded based on intentional misrepresentation under Oklahoma law, or the increased financial benefit derived by the defendant as a direct result of the conduct causing the injury to MSP and the class members.

Source:  Okla. Civ. Jury Instr. § 5.9; modified to streamline and to eliminate reference to general deterrence, which is contrary to *Philip Morris USA v. Williams*, 549 U.S. 346, 353, 355 (2007) (barring consideration of impact of punitive damages on "strangers to the litigation"); instruction on cap modified since there will not be bifurcation in advance to clarify which cap applies; *see* Okla. Stat. tit. 23, § 9.1(B) & (C).

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

20.    **Oregon**

**Instruction No. 302.    Ore. Uniform Civ. Jury Instrs. 75.02
(Punitive Damages—General)**

If you find a defendant liable for violation of consumer-protection law under Oregon law, you must consider whether to award punitive damages as to that claim. A jury may award punitive damages to punish misconduct and deter similar misconduct from occurring in the future. In order to recover punitive damages from any defendant under a claim of violation of consumer-protection law under Oregon law, MSP has the burden of proving by clear and convincing evidence as to each defendant that the defendant either:

(1) has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has done an act with a conscious indifference to the health, safety, and welfare of others, or

(2) has done an act with malice.

There is no fixed standard for determining the amount of punitive damages and you are not required to award punitive damages. If you decide to award punitive damages, you should consider all the following separately for each defendant in determining the amount:

(a) How reprehensible was that defendant's conduct, considering the nature of that conduct and the defendant's motive?

378

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

(b) Is there a reasonable relationship between the amount of punitive damages and the plaintiff's harm stemming from the violation of Oregon's consumer-protection law?

(c) In view of the defendant's financial condition, what amount is necessary to punish the defendant and discourage future wrongful conduct?  You may not punish a defendant merely because a defendant has substantial financial resources.

<u>Source</u>:  Ore. Uniform Civ. Jury Instrs. 75.02; modified to streamline

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 303.      Ore. Uniform Civ. Jury Instrs. 75.02C
(Punitive Damages—Malice Defined)**

Malice means intentionally doing an injurious or wrongful act without

justification or excuse.

This includes committing an act with a bad motive, or done so recklessly as

to be in disregard of social obligations, or done wantonly, maliciously, or

wickedly.

<u>Source</u>:  Ore. Uniform Civ. Jury Instrs. 75.02C

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

### Instruction No. 304.    Ore. Uniform Civ. Jury Instrs. 75.04
### (Punitive Damages Limitation—Drug Products)

You may not award punitive damages if you find that:

(1) The VCDs were manufactured and labeled in a manner approved by the U.S. Food and Drug Administration; or

(2) The VCDs are generally recognized as safe and effective by the U.S. Food and Drug Administration.

However, U.S. Food and Drug Administration approval is not a defense if MSP proves by clear and convincing evidence that the defendant knowingly, in violation of the U.S. Food and Drug Administration regulations, withheld from or misrepresented to every class member that paid for VCDs in Oregon information known to be material and relevant to the harm that the class members allegedly suffered.

Source:  Ore. Uniform Civ. Jury Instrs. 75.04; modified to fit facts of the case and to eliminate exception to the bar on punitive damages based on showing of fraud on the FDA, which is preempted pursuant to *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

21. **Rhode Island**

**Instruction No. 305.    R.I. Model Civ. Jury Instrs. § 10402
(Standard for Imposing Punitive Damages)**

If you find a defendant liable for intentional misrepresentation under Rhode

Island law, you must consider whether to award punitive damages as to that claim.

In order to recover punitive damages from any defendant under a claim of

intentional misrepresentation under Rhode Island law, MSP has the burden of

proving by clear and convincing evidence as to each defendant that the defendant

acted with malice, wantonness or willfulness of such an extreme nature as to

amount to criminality which, for the good of society and as a warning to

individuals, ought to be punished.  You should award punitive damages only if

defendant's conduct requires deterrence and punishment over and above that

provided by an award of compensatory damages.

Source:  R.I. Model Civ. Jury Instrs. § 10402; modified to streamline

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 306.      R.I. Model Civ. Jury Instrs. § 10403
(Amount of Punitive Damages)**

A jury may award punitive damages to punish misconduct and deter similar misconduct from occurring in the future.  You may consider a defendant's wealth in determining the appropriate amount of punitive damages.  Nevertheless, the amount of punitive damages you award must reasonably relate to:

a)  the character and degree of defendant's wrongful conduct;

b)  the amount of compensatory damages that you award under Rhode Island law;

c)  the impact of the punitive damages on third parties; and

d)  the severity of any civil penalties which the Rhode Island government could impose on defendant for such wrongdoing.

Source:  R.I. Model Civ. Jury Instrs. § 10403; modified to streamline

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

22.    **South Dakota**

### Instruction No. 307.      Sources Cited
### (Punitive Damages)

If you find a defendant liable for intentional misrepresentation under South Dakota law, you must consider whether to award punitive damages as to that claim.  A jury may award punitive damages to punish misconduct and deter similar misconduct from occurring in the future.  In order to recover punitive damages from any defendant under a claim of intentional misrepresentation under South Dakota law, MSP has the burden of proving by clear and convincing evidence as to each defendant that the defendant engaged in willful, wanton, or malicious conduct in connection with your finding of intentional misrepresentation against every class member that paid for VCDs in South Dakota.

Conduct is willful, wanton, or malicious if the defendant acted (1) with a positive state of mind, evidenced by the positive desire and intention to injure another, actuated by hatred or ill-will toward that person; or (2) in the spirit of mischief or of criminal indifference to civil obligations.

Whether to award punitive damages based on a finding of such conduct is committed to your discretion.  If you decide to award punitive damages, you should consider the following factors in determining an appropriate amount:

1. The amount allowed in compensatory damages under South Dakota law,

2. The nature and enormity of the wrong,

384

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

3. The intent of the wrongdoer,

4. The wrongdoer's financial condition, and

5. All of the circumstances attendant to the wrongdoer's actions.


Source:  *Dahl v. Sittner*, 474 N.W.2d 897, 900 (S.D. 1991) (defining malice and basis for punitive liability); *Veeder v. Kennedy*, 589 N.W.2d 610, 621 (S.D. 1999) (addressing considerations bearing on amount)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

23.    **Vermont**

**Instruction No. 308.      Vt. Civ. Jury Instrs. § 11.19
(Punitive Damages)**

If you find a defendant liable for intentional misrepresentation under Vermont law, you must consider whether to award punitive damages as to that claim.  A jury may award punitive damages to punish misconduct and deter similar misconduct from occurring in the future.  In order to recover punitive damages from any defendant under a claim of intentional misrepresentation under Vermont law, MSP has the burden of proving by clear and convincing evidence as to each defendant that the defendant acted recklessly or wantonly without regard for the rights of any class member that paid for VCDs in Vermont, or showed personal ill will to every class member that paid for VCDs in Vermont in injuring them, or acted with evident insult or oppression towards every class member that paid for VCDs in Vermont.  It is not enough for the acts of the defendant to have been simply wrong or unlawful.  Instead, punitive damages are used when a defendant's actions have the character of outrage frequently associated with a crime.

In determining the amount of punitive damages, you should consider the character and standing of the defendant, its financial status, and the degree of malice or wantonness in its acts.

Source:  Vt. Civ. Jury Instrs. § 11.19; modified to streamline and to eliminate reference to general deterrence, which is contrary to *Philip Morris USA v.*

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

*Williams*, 549 U.S. 346, 353, 355 (2007) (barring consideration of impact of punitive damages on "strangers to the litigation")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

24.    **Virginia**

**Instruction No. 309.     1 Va. Model Jury Instr. Civ. No. 9.080
(General Punitive Damages)**

If you find a defendant liable for intentional misrepresentation under

Virginia law, you must consider whether to award punitive damages as to that

claim.  In order to recover punitive damages from any defendant under a claim of

intentional misrepresentation under Virginia law, MSP has the burden of proving

by clear and convincing evidence as to each defendant that the defendant acted

with actual malice toward every class member that paid for VCDs in Virginia.  If

you make such a finding, then you may also award punitive damages to the

plaintiff to punish the defendant for its actions and to deter it from acting in a

similar way.

Source:  1 Va. Model Jury Instr. Civ. No. 9.080; modified to streamline and to
eliminate reference to general deterrence, which is contrary to *Philip Morris USA
v. Williams*, 549 U.S. 346, 353, 355 (2007) (barring consideration of impact of
punitive damages on "strangers to the litigation"); modified to remove alternative
basis for punitive damages per comment to 1 Va. Model Jury Instr. Civ. No.
39.090 that punitive damages are available for fraud claims only where "the party
seeking such damages proves actual malice" (citing *Jordan v. Sauve*, 247 S.E.2d
739 (Va. 1978))

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 310.      1 Va. Model Jury Instr. Civ. No. 9.090
(Punitive Damages: Definition of Common Law Actual Malice)**

"Actual malice" is a sinister or corrupt motive such as hatred, personal spite,

ill will, or a desire to injure the plaintiff.


Source:  1 Va. Model Jury Instr. Civ. No. 9.090

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 311.       1 Va. Model Jury Instr. Civ. No. 4.040
(Definition of Willful and Wanton Conduct)**

"Willful and wanton conduct" is acting consciously in disregard of another

person's rights or acting with a reckless indifference to the consequences to

another person when the defendant is aware of his conduct and is also aware, from

his knowledge of existing circumstances and conditions, that his conduct would

probably result in injury to another.

<u>Source</u>:  1 Va. Model Jury Instr. Civ. No. 4.040

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 312.       1 Va. Model Jury Instr. Civ. No. 9.080 cmt.**
**(Amount of Punitive Damages)**

If you decide to award punitive damages against any defendant, you should

consider the following factors in deciding the amount of such an award:

(1) the relationship between the amount of the award and any harm caused

as reflected in a compensatory award under Virginia law;

(2) the amount of any profits made by the defendant and losses sustained by

MSP and the class members as a result of the conduct; and

(3) the defendant's ability to pay.

<u>Source</u>:  1 Va. Model Jury Instr. Civ. No. 9.080 cmt. (citing *Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 110) (4th Cir. 1991))

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

25.    **Wyoming**

**Instruction No. 313.    Wyo. Civ. Pattern Jury Instr. § 4.06
(Exemplary or Punitive Damages—Phase I)**

If you find a defendant liable for intentional misrepresentation under Wyoming law, you must consider whether to award punitive damages as to that claim.  In order to recover punitive damages from any defendant under a claim of intentional misrepresentation under Wyoming law, MSP has the burden of proving as to each defendant that the defendant was guilty of willful and wanton misconduct.

Willful and wanton misconduct is the intentional doing of an act, or an intentional failure to do an act, in reckless disregard of the consequences, and under such circumstances and conditions that a reasonable person would know, or have reason to know, that such conduct would, with a high degree of probability, result in harm to another.

Source:  Wyo. Civ. Pattern Jury Instr. § 4.06; modified to streamline and to eliminate reference to general deterrence, which is contrary to *Philip Morris USA v. Williams*, 549 U.S. 346, 353, 355 (2007) (barring consideration of impact of punitive damages on "strangers to the litigation")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## Instruction No. 314.    Wyo. Civ. Pattern Jury Instr. § 4.06A
### (Exemplary or Punitive Damages—Phase II)

If you determine that punitive damages should be imposed on any defendant for the purposes of punishment and deterrence, you must determine the amount of the punitive damages award.  The law provides no fixed standard as to the amount of such punitive damages, but leaves the amount to your sound discretion to be exercised without passion or prejudice.  In determining the punitive damage award, you should consider the following factors:

1.  Punitive damages should bear a reasonable relationship to the harm that is likely to occur from the defendant's conduct as well as to the harm that actually has occurred.  If the actual or likely harm is slight, the damages should be relatively small.  If grievous, the damages should be much greater;

2.  The degree of reprehensibility of the defendant's conduct should be considered.  The duration of this conduct, the degree of the defendant's awareness of any hazard that it has caused or is likely to cause, and any concealment or "cover up" of that hazard, and the existence and frequency of similar past conduct are all relevant in determining this degree of reprehensibility;

3.  If wrongful conduct was profitable to the defendant, the punitive damages should remove the profit and should be in excess of the profit, so that the defendant recognizes a loss;

4.  The financial position of the defendant;

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

5.  All of the costs of litigation should be included, so as to encourage

plaintiffs to bring wrongdoers to trial; and

6.  If there have been other civil actions against the same Defendant, based

on the same conduct, this should be taken into account in mitigation of the punitive

award.

Source:  Wyo. Civ. Pattern Jury Instr. § 4.06A; modified to remove reference to
criminal sanctions, which are not relevant here

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

26.    **Limitations on Punitive Damages**

**Instruction No. 315.      Sources Cited**
**(Due Process Limitations on Punitive Damages)**

There are limitations that apply to any award of punitive damages that you

consider, regardless of the state law at issue.  That is because these limitations are

based on federal constitutional law, the protections of which apply in every state.

In deciding whether to award punitive damages against any defendant or

the amount of any such award, you must only consider conduct by that defendant

that harmed every class member, not independent acts that bear no relation to MSP

or the class members' alleged harm.  Among other things, this means that you may

not consider conduct that occurred after the recall of the VCDs was effectuated

unless it has been shown that this conduct somehow caused harm to every class

member.

You also may not punish any defendant for harm allegedly caused to

individuals or entities who are not plaintiffs or class members in this case.  Nor

may you punish any defendant for conduct that occurred in states other than the

ones for which I have specifically instructed you on the law of punitive damages.

Source:  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003);
*Philip Morris USA v. Williams*, 549 U.S. 346, 353, 355 (2007); Ill. Pattern Jury
Instr.-Civ. 35.01; Iowa Jury Instr. Civ. § 210.1; Minn CIVJIG 94.10; Mo.
Approved Jury Instr. § 10.01; N.Y. PJI 2:278; N.D. Pattern Jury Instrs. – Civ. §
72.07; 1 CV Ohio Jury Instructions 315.37; Okla. Civ. Jury Instr. § 5.9; Ore.
Uniform Civ. Jury Instrs. 75.02A & 75.02B; *K.E. v. GlaxoSmithKline LLC*,

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

No. 3:14-CV-1294(VAB), 2017 WL 440242, at *25 (D. Conn. Feb. 1, 2017) (granting summary judgment and dismissing a punitive damages claim where the plaintiffs offered no evidence showing defendants' culpability besides evidence of conduct and knowledge that post-dated the plaintiff's injury) (citing *Philip Morris*, 549 U.S. at 353-55); *Olkolski v. PT Inatai Golden Furniture Indus.*, No. 06-CV-4083-WDS, 2009 WL 799483, at *2 (S.D. Ill. Mar. 25, 2009) (excluding consideration of post-injury evidence in connection with punitive damages claim because "[i]t is well settled that post-injury occurrences cannot establish pre-injury notice of a dangerous condition"); *Klawer v. SDI Residual Assets LLC*, No. CV 2:08-cv-04991-LLP-AJW, 2012 WL 13001298, at *5 (C.D. Cal. Mar. 26, 2012) ("Plaintiff cites to no authority which would allow the Court to consider SMI's conduct after Plaintiff's surgery. The Court's own research reveals that SMI's conduct after Plaintiff's surgery should not be considered to determine whether Plaintiff is entitled to have punitive damages submitted to the jury in this case.") (collecting authority); *Marlow v. Sawyer*, No. 16-CV-1088-JPG-DGW, 2018 WL 9669747, at *2 (S.D. Ill. Jan. 16, 2018) (concluding that evidence of "post-accident conduct to escape responsibility" was not relevant to punitive damages because the "conduct did not cause the accident or [plaintiff's] injuries" nor "make it more or less probable that [defendant] acted recklessly prior to his injury-causing conduct")

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

## VI.  GENERAL INSTRUCTIONS FOR USE AT END OF TRIAL

### Instruction No. 316.        3d Cir. Model Civ. Jury Instructions 3.1
### (Deliberations)

When you retire to the jury room to deliberate, you may take with you [these instructions] [your notes] [and] the exhibits that the Court has admitted into evidence.  You should select one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone, or computer of any kind; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, website, or social networking service such as Facebook, Instagram, LinkedIn, TikTok or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

through social media might be wrong, incomplete, or inaccurate.  Information that

you might see on the internet or on social media has not been admitted into

evidence and the parties have not had a chance to discuss it with you.  You should

not seek or obtain such information and it must not influence your decision in this

case.

      If you have any questions or messages for me, you must write them down on

a piece of paper, have the foreperson sign them, and give them to the jury officer.

The officer will give them to me, and I will respond as soon as I can.  I may have

to talk to the lawyers about what you have asked, so it may take some time to get

back to you.

      One more thing about messages.  Never write down or tell anyone how you

stand on your votes.  For example, do not write down or tell anyone that a certain

number is voting one way or another.  Your votes should stay secret until you are

finished.

      Your verdict must represent the considered judgment of each juror.  In order

for you as a jury to return a verdict, each juror must agree to the verdict.  Your

verdict must be unanimous.

      A form of verdict has been prepared for you.  It has a series of questions for

you to answer.  You will take this form to the jury room and when you have

reached unanimous agreement as to your verdict, you will fill it in, and have your

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

foreperson date and sign the form.  You will then return to the courtroom and your

foreperson will give your verdict.  Unless I direct you otherwise, do not reveal

your answers until you are discharged.  After you have reached a verdict, you are

not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and

nothing about the form of verdict is intended to suggest or convey in any way or

manner what I think your verdict should be.  It is your sole and exclusive duty and

responsibility to determine the verdict.

<u>Source</u>:  3d Cir. Model Civ. Jury Instructions 3.1 (2020)

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 317.      3d Cir. Model Civ. Jury Instructions 3.2
(Number of Witnesses)**

The weight of the evidence to prove a fact does not necessarily depend on

the number of witnesses who testify.  What is more important is how believable the

witnesses were, and how much weight you think their testimony deserves.


<u>Source</u>:  3d Cir. Model Civ. Jury Instructions 3.2 (2020)

401

Trial Defendants' Requests for Charges to the Jury
*In re Valsartan, Losartan, and Irbesartan Products Liability Litigation, MDL No. 2875*

**Instruction No. 318.    3d Cir. Model Civ. Jury Instructions 3.3
(Read-Backs of Trial Testimony)**

At your request, I have decided to have [a transcript of ] [describe the testimony] read [provided] to you in order to assist you in your deliberations.  I remind you that you must focus on all of the testimony and evidence presented at the trial.  You may not give undue weight to the testimony that is read back to you [provided to you].

<u>Source</u>:  3d Cir. Model Civ. Jury Instructions 3.3 (2020)