# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| THIS DOCUMENT RELATES TO ALL CASES | HON. ROBERT B. KUGLER CIVIL NO. 19-2875 (RBK) |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

# I.  <u>PRELIMINARY INSTRUCTIONS</u>

## Preliminary Instruction 1.1 – Introduction; Role of Jury [Plaintiffs' Proposal]

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

**<u>Preliminary Instruction 1.2 – Description of Case; Summary of Applicable Law [Plaintiffs' Proposal]</u>**

**The Plaintiff in this trial is MSP Recovery Series, LLC ("MSP"), as class representative for a certified class of third-party payors ("Plaintiffs"). Third-party payors are health plans that bear a portion of the cost of prescription drugs.  I will explain more regarding class actions later.**

**The Defendants in this trial are:**

- **Zhejiang Huahai Pharmaceutical Co., Ltd.; Huahai US Inc.; Prinston Pharmaceutical Inc. d/b/a Solco Healthcare LLC; and Solco Healthcare US, LLC. Collectively, I will refer to these companies as "ZHP."**
- **Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. Collectively, I will refer to these companies as "Torrent."**
- **Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Actavis Pharma, Inc.; and Actavis, LLC. Collectively, I will refer to these companies as "Teva."**

**In this trial, Plaintiffs assert claims for breach of express warranty, violation of consumer protection laws , and common law fraud, against ZHP, Torrent, and Teva related to their manufacture, distribution, and sale of valsartan.**

**Valsartan is a generic prescription drug prescribed to treat hypertension (which is commonly known as high blood pressure). ZHP manufactured the active pharmaceutical ingredient for valsartan (which I will refer to as "valsartan API"). ZHP, Torrent, and Teva each produced and marketed several kinds of valsartan finished dose pills, including valsartan as well as combination therapies valsartan HCTZ, amlodipine valsartan, and amlodipine valsartan HCTZ. I will refer to these as "valsartan-containing drugs" or "VCDs." These VCDs are the generic form of "Brand" or "Reference Listed Drugs" DIOVAN® and EXFORGE®.**

**In summary, Plaintiffs claim that:**

- **ZHP manufactured, distributed, and sold both: (1) valsartan API and (2) finished dose VCDs that were adulterated and/or contaminated with genotoxic probable human carcinogens NDMA and/or NDEA, resulting in a recall. (The scientific names for these chemicals are N-nitrosodimethylamine and N-nitrosodiethylamine, respectively.)**
- **Torrent manufactured, distributed, and sold finished dose VCDs that**

contained valsartan API manufactured by ZHP and were adulterated and/or contaminated with genotoxic probable human carcinogens NDMA and/or NDEA, resulting in a recall.

- Teva manufactured, distributed, and sold finished dose VCDs that contained valsartan API manufactured by ZHP and were adulterated and/or contaminated with genotoxic probable human carcinogens NDMA and/or NDEA, resulting in a recall.

Plaintiffs contend that ZHP, Teva, and Torrent each made and breached express warranties regarding their respective VCDs. To prove breach of express warranty, Plaintiffs must show: (1) the defendant made an express warranty regarding their VCDs; (2) that the VCDs did not conform to that express warranty; and (3) that Plaintiffs were harmed as a result of the breach of warranty. [Notice element TBD based on outcome of pre-trial court decisions]

Plaintiffs also contend that ZHP, Teva, and Torrent each violated state consumer protection laws by: (1) engaging in deceptive or unfair acts or practices; (2) in the conduct of trade or commerce; and (3) Plaintiffs suffered damages as a result of defendants' deceptive or unfair acts or practices.

Plaintiffs also contend that ZHP, Teva, and Torrent each committed common law fraud because for certain periods of time, they had actual knowledge that their VCDs were adulterated and contaminated, and nevertheless continued to sell them as if they were the approved, proper quality, uncontaminated form of valsartan that they were supposed to be. Alternatively, Plaintiffs claim that ZHP, Teva, and Torrent each had knowledge that they did not know whether their representations regarding their VCDs were true or false.  To prove common law fraud, Plaintiffs must show: (1) the defendant made a false representation of material fact regarding their VCDs; (2) the defendant had knowledge that the representation was false or knowledge that the defendant did not know whether it was true or false; (3) the defendant had an intention to induce another to rely on it; and (4) defendant's false representation resulted in injury to the Plaintiffs.

In addition to compensatory damages, which are intended to compensate Plaintiffs for their economic damages, Plaintiffs also seek punitive damages against ZHP, Teva, and/or Torrent's conduct where applicable.

**<u>Preliminary Instruction 1.3 – Class Actions [Plaintiffs' Proposal]</u>**

I have certified this case as a class action. A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of persons or entities (called "class members") who have similar legal claims. All of these people or entities together are called a "class."

In a class action, the plaintiff sues as a representative of the entire class and the claims of the named plaintiff and the class members can be resolved at the same time and based on the same evidence, instead of requiring each class member to bring a separate individual lawsuit.

I have already determined that this case shall proceed as a class action. This means that your verdict in this matter will not only apply to the class representative MSP. Instead, it will be applicable to <u>the entire class composed of approximately 43,000 entities around the country</u>. By way of example, these entities include both small self-funded union plans, as well as larger health insurance companies.

In this case, I will be asking you to decide how the evidence you hear at trial applies to the laws of many different states. Although there are some differences between the laws of each state on which I will instruct you, I have determined that the state laws at issue in this case are similar enough to be resolved in a single trial, with a single set of jury instructions, and a single verdict form. If you find ZHP, Teva, and/or Torrent liable for breach of express warranty, fraud, and/or violations of consumer protection laws, you will be asked to award appropriate damages for each state. Your verdict form will provide you with appropriate instructions.

The named plaintiff in the case is MSP. The class at issue in this trial is defined as:

> All Third-Party Payors that, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in the parts of United States and its territories and possessions that I will identify, for a VCD that was manufactured by ZHP, Teva, or Torrent.

This trial concerns claims for breach of express warranty, violations of consumer protection laws, and common law fraud. You will be asked to return a verdict as to each of those claims for a sub-group of states whose laws I have determined are similar and should be tried together. Those sub-groups

5

are referred to as subclasses. These are the sub-class definitions for this trial:

- A breach of express warranty subclass of all third-party payors that, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in Alabama, Arkansas, Florida, Georgia, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New York, North Carolina, Ohio, Oregon, Rhode Island, South Carolina, Texas, Utah, Vermont, Wisconsin, or Wyoming for a valsartan-containing drug (intended for personal or household use) that was manufactured by ZHP, Teva, or Torrent.

- A violation of state consumer protection laws subclass of all third-party payors that, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in Alaska, Arizona, California, Connecticut, Florida, Hawaii, Idaho, Louisiana, Missouri, Nebraska, New Hampshire, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, or Washington that for a valsartan-containing drug that was manufactured by ZHP, Teva, or Torrent.

- A fraud subclass of all third-party payors, from at least January 1, 2012 through the date of final recall as of November 10, 2021, paid any amount of money in Alaska, Arkansas, Colorado, District of Columbia, Florida, Idaho, Iowa, Louisiana, Massachusetts, Minnesota, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, Rhode Island, South Dakota, Vermont, Virginia, Washington, Wyoming, or Puerto Rico for a valsartan-containing drug (intended for personal or household use) that was manufactured by ZHP, Teva, or Torrent.

## <u>Preliminary Instruction 1.4 – Conduct of the Jury [Plaintiffs' Proposal]</u>

**Now, a few words about your conduct as jurors.**

**First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones [like Androids and iPhones], and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services [such as WhatsApp], or through any blog, website, internet chat room, or by way of any other social networking websites or services [including Facebook, Twitter or X, LinkedIn, and YouTube].**

**If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.]**

**Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.**

**Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.**

**[Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.]**

**<u>Preliminary Instruction 1.5 – Bench Conferences [Plaintiffs' Proposal]</u>**

**During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, otherwise known as a sidebar. If that happens, please be patient.**

**We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.**

**We will, of course, do what we can to keep the number and length of these conferences to a minimum. [While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to take a break.]**

**I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.**

## <u>Preliminary Instruction 1.6 – Evidence [Plaintiffs' Proposal]</u>

**The evidence from which you are to find the facts consists of the following:**

1. **The testimony of the witnesses;**
2. **Documents and other things received as evidence;**
3. **Any facts that are stipulated – that is, formally agreed to by the parties; and,**
4. **Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.**

**The following things are not evidence:**

1. **Statements, arguments, and questions of or by the lawyers for the parties in the case;**
2. **Objections by lawyers;**
3. **Any testimony I tell you to disregard; and,**
4. **Anything you may see or hear about this case outside the courtroom.**

**You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.**

**You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.**

**There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.**

**Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.**

## **Preliminary Instruction 1.7 – Direct and Circumstantial Evidence [Plaintiffs' Proposal]**

**There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses—something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.**

**The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.**

**You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.**

(3d Cir. Preliminary Instruction No. 1.6.)

**<u>Preliminary Instruction 1.8 – Credibility of Witnesses [Plaintiffs' Proposal]</u>**

**In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:**

**(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;**

**(2) the quality of the witness's understanding and memory;**

**(3) the witness's manner while testifying;**

**(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;**

**(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;**

**(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and**

**(7) any other factors that bear on believability.**

**[The weight of the evidence to prove a fact does not depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.]**

## **Preliminary Instruction 1.9 – Jury Questions for Witnesses [Plaintiffs' Proposal]**

**You will have the opportunity to ask questions of the witnesses in writing. When a witness has been examined and cross-examined by counsel, and after I ask any clarifying questions of the witness, I will ask whether any juror has any further clarifying question for the witness.**

**If so, you will write your question on a piece of paper, and hand it to my Deputy Clerk. Do not discuss your question with any other juror. I will review your question with counsel at sidebar and determine whether the question is appropriate under the rules of evidence. If so, I will ask your question, though I might put it in my own words. If the question is not permitted by the rules of evidence, it will not be asked, and you should not draw any conclusions about the fact that your question was not asked. Following your questions, if any, the attorneys may ask additional questions. If I do ask your question you should not give the answer to it any greater weight than you would give to any other testimony.**

**<u>Preliminary Instruction 1.10 – Note Taking by Jurors [Plaintiffs' Proposal]</u>**

**If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Deputy Clerk will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use —they are not to be given or read to anyone else.**

**As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:**

**1. Note-taking is permitted, not required. Each of you may take notes. No one is required to take notes.**

**2. Be brief. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.**

**3. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.**

**4. Do not take your notes away from court. I repeat, at the end of each day,**

please leave your notes in the jury room. [Describe logistics of storing and securing notes, for example: "If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations."]

## **Preliminary Instruction 1.11 – Burden of Proof/Preponderance of the Evidence [Plaintiffs' Proposal]**

**This is a civil case. Plaintiff MSP on behalf of itself and the Class Members is the party that brought this lawsuit. Defendants ZHP, Teva, and Torrent are the parties against which the lawsuit was filed. Generally, Plaintiffs have the burden of proving their claims for breach of express warranty and violations of consumer protection laws by what is called the preponderance of the evidence. That means Plaintiffs have to prove to you, in light of all the evidence, that what it claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiffs and the evidence favorable to each Defendant on opposite sides of the scales, Plaintiffs would have to make the scales tip somewhat on its side. If Plaintiffs fail to meet this burden, the verdict must be for the Defendant(s) to whom that judgment applies. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.**

**In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, learned treatises discussed by the witnesses, and all exhibits received in evidence, regardless of who may have produced them.**

**On certain issues, called affirmative defenses, Defendants have the burden of proving the elements of the defense by a preponderance of the evidence. An affirmative defense is proven if you find, after considering all evidence in the case, that a Defendant has succeeded in proving that the required facts to prove the affirmative defense are more likely so than not so.**

**<u>Preliminary Instruction 1.12 – Clear and Convincing Evidence [Plaintiffs' Proposal]</u>**

**On certain limited aspects of Plaintiffs' claims, a different standard of proof may apply. In this case, the clear and convincing evidence standard <u>only</u> applies to common law fraud claims and punitive damages claims under the laws of certain states at issue in this trial.**

**Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true. Clear and convincing evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard. But it does not require proof beyond a reasonable doubt, the standard applied in criminal cases.**

**I will instruct you more specifically on where to apply the clear and convincing evidence standard at the end of the case. But in order to help you follow the evidence, the clear and convincing standard is generally limited in this trial to Plaintiffs' common law fraud claims, and to the award of punitive damages only (and not to any other damages sought). You will make all other findings under the preponderance of the evidence standard I described earlier.**

## Preliminary Instruction 1.13 – Description of Trial Proceedings [Plaintiffs' Proposal]

**The trial will proceed in the following manner:**

**First, attorney(s) for Plaintiffs will make an opening statement to you. Next, attorney(s) for ZHP, Teva, and/or Torrent may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.**

**After the attorneys have made their opening statements, then each party is given an opportunity to present its evidence.**

**Plaintiffs go first because Plaintiffs have the burden of proof. Plaintiffs will present evidence and witnesses whom counsel for Defendant(s) may cross-examine. Following Plaintiffs' case, Defendant(s) may present evidence and witnesses. Counsel for Plaintiffs may cross-examine witnesses for the defense. [After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.]**

**After all the evidence has been presented, [I will instruct you on the law and then] the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. After that you will retire to the jury room to deliberate on your verdict in this case.**

**[At this point the Court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.]**

## II.  GENERAL INSTRUCTIONS FOR USE DURING TRIAL

## <u>General Instruction 2.1 – Judicial Notice [Plaintiffs' Proposal]</u>

**The rules of evidence permit the judge to accept facts that cannot reasonably be disputed. This is called judicial notice. I have decided to accept as proved the fact that [state the fact that the court has judicially noticed], even though no evidence has been introduced to prove this fact. You must accept this fact as true for purposes of this case.**

## **General Instruction 2.2 – Stipulation of Fact [Plaintiffs' Proposal]**

**[The parties have agreed that certain facts are true, and those stipulations have been read to you during this trial.] You must therefore treat [this fact] [these facts] as having been proved for the purposes of this case.**

## General Instruction 2.3 – Use of Deposition [Plaintiffs' Proposal]

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], which was taken on [date], is about to be [has been] presented to you [by a video]. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.  You should give it the same weight as if the testimony was being given from the witness stand.

**<u>General Instruction 2.4 – Use of Interrogatories [Plaintiffs' Proposal]</u>**

**You will now hear [have heard] answers that [name of party] gave in response to written questions submitted by the other side. The written questions are called "interrogatories." The written answers were given in writing and under oath, before the trial.**

**You must consider [name of party]'s answers to interrogatories in the same manner as if the answers were made from the witness stand.**

## **General Instruction 2.5 – Charts and Summaries in Evidence [Plaintiffs' Proposal]**

**[Name of party] has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.**

## General Instruction 2.6 – Charts and Summaries Not Admitted in Evidence
## [Plaintiffs' Proposal]

**Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain or illustrate the contents of books, records, documents, testimony, or other evidence in the case. [Describe the charts and summaries that have not been admitted.] These charts and summaries are not themselves proof of any facts. They are not binding on you in any way. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the evidence.**

## **General Instruction 2.7 – Striking Evidence [Plaintiffs' Proposal]**

**I have ordered that [describe the evidence] be struck from the record and I am instructing you that you must disregard that information [testimony]. That means that when you are deciding the case, you must not consider that information [testimony] in any way.**

### General Instruction 2.8 – Evidence Admitted for a Limited Purpose
### [Plaintiffs' Proposal]

You [have heard] [will now hear] evidence that was received for [a] particular limited purpose[s]. [This evidence can be considered by you as evidence that (describe limited purpose)]. It may not be used for any other purpose. [For example, you cannot use it as proof that (discuss specific prohibited purpose)].

## **General Instruction 2.9 – Opinion Testimony [Plaintiffs' Proposal]**

You have heard [will hear] testimony containing opinions from [name of witness], who I have determined is an expert in the field(s) of _____.
In weighing this expert opinion testimony, you may consider [his/her] qualifications, the reasons for [his/her] opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinion of [name of witness] should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of [name of witness], you may consider any bias that [name of witness] may have, including any bias that may arise from evidence that [name of witness] has been or will be paid for reviewing the case and testifying [or from evidence that [name of witness] testifies regularly and makes a large portion of [his/her] income from testifying in court].

## General Instruction 2.10 – Recess Admonition [Plaintiffs' Proposal]

**We are about to take [our first] [a] recess [and I remind you of the instruction I gave you earlier]. During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately. [Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the Internet. Remember that I told you not to use any electronic tools to communicate with anyone about the case or to do research relating to the case.] Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.**

**If you need to speak with me about anything, simply give a signed note to [identify court personnel] to give to me.**

**[I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on occasion.]**

# III.  SUBSTANTIVE LAW INSTRUCTIONS

## A. ADULTERATED DRUGS

## Substantive Law Instruction 3.1 – Definitions [Plaintiffs' Proposal]

I will now read to you the following statement of law, which you must accept for purposes of determining your verdict.

"The term 'interstate commerce' means (1) commerce between any State or Territory and any place outside thereof, and (2) commerce within the District of Columbia or within any other Territory not organized with a legislative body."

"The term 'drug' means (A) articles recognized in the official United States Pharmacopoeia, official Homoeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; and (B) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and (C) articles (other than food) intended to affect the structure or any function of the body of man or other animals; and (D) articles intended for use as a component of any article specified in clause (A), (B), or (C)."

"The term 'official compendium' means the official United States Pharmacopoeia, official Homoeopathic Pharmacopoeia of the United States, official National Formulary, or any supplement to any of them."

## **Substantive Law Instruction 3.2 – Adulteration of Drugs (CGMP) [Plaintiffs' Proposal]**

**I will now read to you the following statement of law, which you must accept for purposes of determining your verdict.**

**A drug is adulterated if the methods, facilities or controls used for the drug's manufacture and processing do not conform with current good manufacturing practices to assure that it meets FDA requirements as to safety, is correctly identified, and meets the quality and purity characteristics, which it claims or is represented to possess.**

## **Substantive Law Instruction 3.3 – Adulteration of Drugs (Differing from Official Compendium) [Plaintiffs' Proposal]**

**I will now read to you the following statement of law, which you must accept for purposes of determining your verdict.**

**A drug is adulterated if it claims or is represented as being a drug that is recognized in an official compendium and its quality or purity falls below the standard set forth in the official compendium.**

## **Substantive Law Instruction 3.4 – Sale of Adulterated Drugs Illegal**
## **[Plaintiffs' Proposal]**

**I will now read to you the following statement of law, which you must accept for purposes of determining your verdict.**

**The following acts are prohibited:**

**(a) Introducing or delivering for introduction of any adulterated drug into interstate commerce.**

**(b) Adulterating any drug in interstate commerce.**

**(c) Receiving, delivering, or offering to deliver adulterated drugs in interstate commerce.**

## B. <u>ZHP ADVERSE INFERENCE INSTRUCTION</u>

## Adverse Inference Instruction 4.1 – ZHP

Reference has been made to Baohua Chen, the chief executive of ZHP as a person who has information relevant to the matter before you, and as you are aware defendant ZHP has failed to call him to testify.

In addition, I am advising you that during the course of discovery in this case, when the parties produced documents and conducted the depositions of the witnesses, the Court ordered Baohua Chen to make himself available to be deposed and he failed to do so. Therefore, Mr. Chen and his employer ZHP failed to comply with a court order that he be deposed.

The rule is that where a party fails to produce as a witness a person whom that party would naturally be expected to call to testify, you have a right to infer that had the witness been produced he would have testified adversely to the interests of that party. The same is equally or even more true where the witness in question violates a court order that he be deposed, blocking the other side from obtaining his sworn testimony for use at trial. Here, that inference also includes the inference that ZHP was aware of and had knowledge of the NDMA and NDEA contamination of its valsartan from the point in time when it first started marketing that contaminated API and finished dose.

The reason for this rule is that where you would normally expect a party to call a person as a witness and that party, without reasonable explanation, fails to do so, it leaves a natural inference that the non-producing party fears exposure of facts which would be unfavorable to it. The same is equally or even more true where the witness in question violates a court order that he be deposed, blocking the other side from obtaining his sworn testimony for use at trial.

37

## C. <u>EXPRESS WARRANTY CLAIM</u>

**<u>Express Warranty Instruction 5.1 – Introduction [Plaintiffs' Proposal]</u>**

**Plaintiffs' first claim for this trial is made under the laws of the following states:**

- **Alabama**
- **Arkansas**
- **Florida**
- **Georgia**
- **Mississippi**
- **Montana**
- **Nebraska**
- **Nevada**
- **New Hampshire**
- **New York**
- **North Carolina**
- **Ohio**
- **Oregon**
- **Rhode Island**
- **South Carolina**
- **Texas**
- **Utah**
- **Vermont**
- **Wisconsin**
- **Wyoming**

**I have already determined that the breach of express warranty claims of these states are sufficiently similar to instruct you on them jointly for the most part, as I will do in a few moments. However, there may be instances where I provide you with specific instructions for a state or subgroup of states. Your verdict form will reflect any state-specific findings you need to make. Unless otherwise instructed, you must treat the following instructions as applicable to all of the above states.**

**Express Warranty Instruction 5.2 – Express Warranty [Plaintiffs' Proposal]**

Plaintiffs claim that ZHP, Teva, and Torrent each made an express warranty (or warranties) to Plaintiff MSP and class members when they sold contaminated and/or adulterated valsartan-containing drugs paid for by Plaintiff and Class Members.

A warranty is a promise or guarantee about the condition or performance of a product. A warranty does not require any particular words. Formal words such as "warrant," "warranty," or "guarantee" are not necessary to create a warranty.  Also, it is not necessary to find that ZHP, Teva, or Torrent intended to create a warranty for a warranty to exist as to Plaintiff and class members. [1]

A product manufacturer can make a promise or guarantee that creates an express warranty in a few different ways, but the promise or guarantee must become a part of the "basis of the bargain.""Basis of the bargain" is a legal term of art. It is not necessary that the promise or guarantee be the motivating factor of the sale or that the buyer relied on it. It is sufficient if the promise or guarantee was one of the factors in the purchase. [2]

In this case, Plaintiffs claim that ZHP, Teva, and Torrent, respectively, created an express warranty in one of two ways:

(1) by making a promise or statement of fact about their respective valsartan containing drugs that became a basis of the bargain [3]; and/or

(2) By making a description of the adulterated and/or contaminated valsartan that became a basis of the bargain. A description of goods may be by words or may be expressed in any other manner, such as use of technical specifications. As long as the description becomes a part of the basis of the bargain, the goods must conform to that description. [4]

In this case, Plaintiffs claim that Defendants sold the adulterated and/or contaminated VCDs and made at least one express warranty, including:

   a. identifying their VCDs as FDA-approved "valsartan" generic prescription drugs in the product labeling materials.  The very naming of a generic drug or labeling of a generic drug as the

equivalent of another drug is a statement of fact that creates an express warranty. In this case, the Defendants' very naming of the drug as valsartan or valsartan-containing amounted to an express warranty on which patients had no choice but to "rely" when they were prescribed the drug and bought it as a medication to control their high blood pressure. Similarly, Plaintiff and the class members did not have to "perceive" the package labelling or insert in order to create a benefit of the bargain. All they had to know was they were paying for a generic drug that contained valsartan because the very name "valsartan" or "valsartan-containing" constituted itself an express warranty that what Plaintiff and the class members paid for the chemical and therapeutic equivalent of brand name drugs listed in the Orange Book AB listing—namely DIOVAN® and/or EXFORGE®. The Orange Book is the common name for the publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations," which identifies drug products approved on the basis of safety and effectiveness by the Food and Drug Administration (FDA) under the Federal Food, Drug, and Cosmetic Act and "contains therapeutic equivalence evaluations for approved" generic drugs to their respective brand name or reference listed drug; and/<u>or</u>

b.  identifying their VCDs as generic version(s) or interchangeable therapeutic equivalents of brand name drugs—namely DIOVAN® and/or EXFORGE®, in the Orange Book AB listing; and/<u>or</u>

c.  representing that their VCDs met compendial standards by identifying their valsartan as "valsartan USP" as compliant with the United States Pharmacopeia ("USP").  USP sets quality, purity, strength, and identity standards for medicines, food ingredients, and dietary supplements.

Plaintiffs claim that ZHP, Teva, and Torrent's respective contaminated valsartan-containing drugs did not conform to the express warranties given by ZHP, Teva, and Torrent, respectively, because they were adulterated and/or contaminated with genotoxic probable human carcinogens NDMA and/or

**NDEA, and that as a result Plaintiff MSP and Class Members were financially harmed because they paid for the adulterated and/or contaminated VCDs. [5]**

**To establish breach of express warranty, Plaintiffs must prove the following by a preponderance of the evidence:**

1. **The adulterated and/or contaminated valsartan-containing drugs did not conform to at least one of those express warranty or warranties;**
2. **[Notice TBD depending on outcome of court rulings]**
3. **Plaintiffs were economically harmed by ZHP's, Teva's, or Torrent's valsartan-containing drugs' respective failure to conform to the express warranty. [6]**

## D. <u>CONSUMER PROTECTION LAW CLAIM</u>

## **CPL Instruction 6.1 – Introduction [Plaintiffs' Proposal]**

**Plaintiffs' second claim, for violation of state consumer protection laws, is made under the laws of the following states:**

- **Alaska's Unfair Trade Practices Act**
- **Arizona's Consumer Fraud Act**
- **California's Unfair Competition Law**
- **Connecticut's Unfair Trade Practices Act**
- **Florida's Unfair and Deceptive Trade Practices Act**
- **Hawaii's Unfair and Deceptive Acts and Practices Law**
- **Louisiana's Unfair Trade Practices Act**
- **Missouri's Merchandising Practices Act**
- **Nebraska's Consumer Protection Act**
- **New Hampshire's Consumer Protection Act**
- **New York's Consumer Protection from Deceptive Acts and Practices Laws**
- **North Carolina's Deceptive Trade Practices Act**
- **North Dakota's Consumer Protection Act**
- **Oregon's Unlawful Trade Practices Act**
- **Pennsylvania's Unfair Trade Practices and Consumer Protection Law**
- **Washington's Consumer Protection Act**

**I have already determined that the laws of these states (which I will collectively refer to as the "Consumer Protection Law" states) are sufficiently similar to instruct you on them jointly for the most part. However, there may be instances where I provide you with specific instructions for a state or subgroup of states. Your verdict form will reflect any state-specific findings you need to make. Unless otherwise instructed, you must treat the following instructions as applicable to all of the above states.**

## **CPL Instruction 6.2 – General Elements of Claim [Plaintiffs' Proposal]**

**Plaintiffs claim that ZHP, Teva, and Torrent each violated the Consumer Protection Law statutes of the states I listed a few moments ago. Plaintiffs must prove their claims against ZHP, Teva, and Torrent by a preponderance of the evidence. Generally (and aside from any state-specific instructions I will provide), Plaintiffs must prove three things: (1) the defendant engaged in unfair or deceptive conduct; (2) that the defendant's unfair or deceptive conduct occurred in the course of defendant's trade or commerce; and (3) Plaintiffs were damaged as a result of the defendant's unfair or deceptive conduct. I will define and explain these terms now.**

## CPL Instruction No. 6.3 – Deceptive Conduct [Plaintiffs' Proposal]

I will now instruct you on what constitutes "deceptive" conduct.

Plaintiffs are not required to show that ZHP, Teva, or Torrent intended to deceive anyone or acted in bad faith. [1]

A defendant's conduct (meaning statements, omissions, other acts) is deceptive if it is material (meaning a reasonable person would consider it important) and has the tendency to deceive based on any reasonable interpretation of the conduct. Any material misrepresentation is considered to be deceptive. [2]

The sale of hazardous or systematically defective products without adequate disclosures is considered to be deceptive. [3]

All of the following conduct is also considered to be deceptive:

- Causing likelihood of confusion or of misunderstanding as to the approval or certification of goods;
- Causing likelihood of confusion or of misunderstanding as to affiliation or certification by, another;
- Representing that goods have approval, characteristics, ingredients, uses that they do not have; or,
- Representing that goods are of a particular standard, quality or grade, if they are of another. [4]

46

## CPL Instruction No. 6.4 – Unfair Conduct [Plaintiffs' Proposal]

I will now instruct you on what constitutes "unfair" conduct. Plaintiffs do not pursue an independent "unfair conduct" claim under New York, North Dakota, Oregon, or Pennsylvania law, and your verdict form will reflect that. Plaintiffs do pursue "unfair conduct" claims for the remainder of the states.

To show "unfair conduct," Plaintiffs are not required to show that ZHP, Teva, or Torrent intended to engage in unfair conduct or otherwise acted in bad faith. It is enough if you find that they engaged in unfair conduct or otherwise acted in bad faith, even if not intended. [1]

A defendant's conduct may be both "deceptive" and "unfair", and a defendant's conduct may be "unfair" even if it is not "deceptive." [2]

In determining whether a defendant's conduct (meaning statements, omissions, other acts) is "unfair conduct" you must consider:

    (1) the substantiality of Plaintiffs' injury;

    (2) whether the injury is outweighed by any countervailing benefits; and

    (3) whether Plaintiffs could have reasonably avoided the injury. [3]

Other considerations in determining unfairness may include:

    (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or some other established concept of unfairness;

    (2) whether it is immoral, unethical, oppressive, or unscrupulous; or

    (3) whether it causes substantial injury. [4]

## <u>CPL Instruction No. 6.5 – Trade or Commerce [Plaintiffs' Proposal]</u>

Trade or commerce means advertising, offering for sale, selling, renting, leasing, or distributing any services, goods, property, or any other thing of value. Trade or commerce includes transactions between businesses and transactions with individual customers or consumers.

## CPL Instruction No. 6.6 – Affecting the Public Interest (Nebraska and Washington) [Plaintiffs' Proposal]

**Two states (Nebraska and Washington) require that the defendant's conduct affect or impact the public interest. Your verdict form will reflect this.**

**Conduct in violation of a statute aimed at securing the public interest is deemed to be conduct affecting or impacting the public interest.**

**You may consider the fact that this is a certified class action in determining whether ZHP's, Teva's, or Torrent's respective conduct affected or impacted the public interest.**

**Conduct that has a widespread affect or which implicates matters of public policy are also deemed to affect or impact the public interest.**

**Other considerations on whether a defendant's conduct affects or impacts the public interest are whether the acts were committed in the course of defendant's business, or, whether the conduct was isolated to one individual or subject to a pattern of generalized conduct aimed at the public at large.**

## CPL Instruction No. 6.7 – "Consumer-Oriented" Conduct for New York [Plaintiffs' Proposal]

New York requires that the defendant's conduct be "consumer-oriented" for violations of its consumer protection statute. Your verdict form will reflect this.

Consumer-oriented conduct does not necessarily require repetition or a pattern of deceptive behavior, but to state a claim of consumer-oriented deception, a plaintiff must allege that the disputed acts or practices of the defendant have a broader impact on consumers at large.

Satisfaction of this element does not depend on whether the plaintiff actually consumed the product or is or is not a consumer itself, or their intended use of the product in question. Your focus should be on the defendant's alleged deception and its subsequent impact in determining whether conduct is consumer-oriented.

## CPL Instruction No. 6.8 – Personal, Family, Household for Missouri
### [Plaintiffs' Proposal]

**Missouri requires that the purchase of the product have been primarily for personal, family, or household purposes for violations of its statute. Your verdict form will reflect this.**

## CPL Instruction No. 6.9 – "Harm to Competition Generally" for Hawaii
### [Plaintiffs' Proposal]

Hawaii requires that Plaintiffs demonstrate "harm to competition" as an additional element to its claim. Your verdict form will reflect this.

Plaintiffs contend that ZHP's, Teva's, and Torrent's respective conduct caused harm to competition. Plaintiffs contend that ZHP's API manufacturing process or processes (which caused the NDMA and/or NDEA contamination) resulted in higher yields and lower production costs. This in turn allowed ZHP, Teva, and/or Torrent to sell their respective finished dose valsartan-containing drugs at lower prices than the competition and negatively affect competition in the market for valsartan. If you find for the Plaintiffs on these facts, they have established "harm to competition" under Hawaii law.


[Defendants contend ….]

## E. **COMMON LAW FRAUD CLAIM**

## <u>Fraud Instruction 7.1 – Introduction [Plaintiffs' Proposal]</u>

**Plaintiffs third and final claim for this trial is a common law fraud claim pursuant to the laws of Alaska, Arkansas, Colorado, District of Columbia, Florida, Idaho, Iowa, Louisiana, Massachusetts, Minnesota, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, Rhode Island, South Dakota, Vermont, Virginia, Washington, Wyoming, and Puerto Rico.**

**I have already determined that the common law fraud claims of these states are sufficiently similar to instruct you on them jointly for the most part. However, there may be instances where I provide you with specific instructions for a state or subgroup of states. Your verdict form will reflect any state-specific findings you need to make. Unless otherwise instructed, you must treat the following instructions as applicable to all of the above states.**

**<u>Fraud Instruction 7.2 – General Elements and Discussion of Claim [Plaintiffs' Proposal]</u>**

**Plaintiffs claim that ZHP, Teva, and Torrent each committed common law fraud under the laws of the states I listed a few moments ago. In some of these states, Plaintiffs must prove their fraud claim against each of ZHP, Teva, and Torrent by a preponderance of the evidence. In others, Plaintiffs must prove their fraud claim by clear and convincing evidence. I have already defined and explained these burdens of proof to you. The underlying evidence you will consider is the same regardless of the burden of proof to be applied. Your task is to determine whether that evidence meets one or both of these standards of proof, and your verdict form will reflect that.**

**Generally (and aside from any state-specific instructions I will provide), Plaintiffs must prove the following elements of common law fraud: (1) a false statement of material fact by ZHP, Teva, or, Torrent, respectively; (2) made with knowledge of its falsity (or knowledge that the defendant did not know whether it was true or false); (3) with an intent to induce another to rely on it; (4) and resulting or consequent injury by Plaintiffs. [1]**

**I will define and explain these terms now.**

55

## **Fraud Instruction 7.3 – Materiality [Plaintiffs' Proposal]**

**A statement of fact is material if a reasonable person would consider it important.**

## **Fraud Instruction 7.4 – Knowledge or Scienter [Plaintiffs' Proposal]**

As I mentioned above, the elements of fraud for these states require "knowledge" or "scienter" on the part of ZHP, Teva, or Torrent, respectively, for the fraud claim against each.  This is the state of mind of the Defendant, otherwise known as the Defendant's intent.

Scienter or knowledge may be proven in one of two ways. Plaintiffs may prove that ZHP, Teva, or Torrent, respectively, either: (a) knew that their respective representations were false or (b) were aware that their respective representations were made without adequate knowledge as to whether those statements were true or false. [1]

Because you cannot look into the mind of another, knowledge is determined from all of the facts and circumstances in evidence. [2]

## **Fraud Instruction 7.5 – Justifiable Reliance [Plaintiffs' Proposal]**

**Justifiable or reasonable reliance exists when a person of ordinary care would rely on the defendant's representation under the same or similar circumstances to his, her, or its detriment. In determining whether reliance is justifiable you may consider the nature of the transaction, the form and materiality of the representation, the relationship of the parties, the respective intelligence, experience, age, and mental and physical condition of the parties and their respective knowledge and means of knowledge.**

**As I have instructed you above, the Plaintiff and Class Members had no choice but to rely on the Defendants' representations that the VCD's were the approved form of the drugs, since the drugs could not be legally sold without those representations.**

## <u>Fraud Instruction 7.6 – Plaintiff Ignorance of Falsity [Plaintiffs' Proposal]</u>

**Several states (Colorado, Idaho, Vermont, Washington, Wyoming) additionally require that the plaintiff be ignorant of the falsity of the representation. Your verdict form will reflect this.**

## F. **DAMAGES**

## <u>Damages Instruction 8.1 – Types of Damages [Plaintiffs' Proposal]</u>

I explained to you at the outset of the case that Plaintiffs seek two types of damages.

First, Plaintiffs seek compensatory damages, which are those economic damages Plaintiffs contend they suffered on account of ZHP's, Teva's, and Torrent's respective breaches of express warranty, violations of consumer protection laws, and fraud.

Second, Plaintiffs seek punitive damages, which are meant to punish a defendant and/or deter the defendant or others from engaging in similar conduct.

I will now instruct you on these two forms of damages.

## **Damages Instruction 8.2 – Compensatory Damages [Plaintiffs' Proposal]**

I am now going to instruct you on compensatory damages, which will apply to all of Plaintiff's claims, including breach of express warranty, violations of State consumer protection laws, and common law fraud. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not ZHP, Teva, or Torrent should be held liable.

If Plaintiffs have failed to prove one or more of their claims against ZHP, Teva, or Torrent, respectively, your verdict must be in favor of that defendant on that claim. You may find, based on the evidence, one claim proved and another not proved, and you may find claims proved against one defendant but not others.

If you find that Plaintiffs have proved any of their claims against any of ZHP, Teva, or Torrent, you must then decide how much money to award Plaintiffs against that or those Defendants, on that claim or claims.

The money you choose to award for each claim is called damages. As I instructed you previously, Plaintiff has the burden of proving damages by a preponderance of the evidence. But the law does not require that Plaintiff prove the amount of its losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit. A reasonable estimate of Plaintiffs and Class Members' damages will suffice. [1]

Compensatory damages means the amount of money that will reasonably and fairly compensate Plaintiff and Class Members for any injury you find was caused by ZHP, Teva, or Torrent, respectively. You may not consider theoretical, hypothetical, or unmaterialized injuries or harm in determining this amount of money.

In deciding this amount, you will consider only the Plaintiff and the Class Members' economic loss, if any, caused by ZHP, Teva, or Torrent, respectively. What I mean by economic loss is:

(1) the monetary difference between the amounts paid by Plaintiffs and Class Members for Defendants' VCDs, and

(2) the actual monetary value of Defendants' VCDs at the point of sale had the Defendants

(a) not represented that the VCDs were the FDA approved and USP

and Orange Book compliant, and/or

**(b) the adulteration and/or NDMA/ NDEA-contamination been known. In this case, the Plaintiffs claim that the contaminated VCDs had no economic value and seek compensatory damages equal to the full amounts paid by the Plaintiff and Class Members at the point of sale. [2]**

**Your verdict form will guide you through the process of awarding compensatory economic damages consistent with this Instruction.**

## G. **PUNITIVE DAMAGES**

### <u>Punitive Damages Instruction 9.1 – Introduction [Plaintiffs' Proposal]</u>

In addition to economic damages, Plaintiffs seek punitive damages against ZHP, Teva, and Torrent, respectively, under the laws of certain states where punitive damages are available.

Before you can award punitive damages, you must also have decided to award Plaintiffs some amount of compensatory damages.

Punitive damages are intended to punish a wrongdoer and to deter the wrongdoer from similar wrongful conduct in the future. Punitive damages are designed to require the wrongdoer to pay an amount of money that is sufficient to punish a defendant for particular conduct and to deter that party from future misconduct. Punitive damages are not to be awarded as a routine matter in every case; they are to be awarded only in exceptional cases, to punish a party which has acted in an especially egregious or outrageous matter and to discourage that party from engaging in similar misconduct in the future. Therefore, Plaintiffs are not entitled to punitive damages simply because you have found that ZHP, Teva, and/or Torrent engaged in specific conduct or because you have awarded damages to compensate Plaintiffs for their injuries. You may award punitive damages to Plaintiffs only if you find that Plaintiffs have proved certain additional facts.

In order to award punitive damages, you must find, based on the evidence, that ZHP, Teva, and/or Torrent, respectively, acted with either: (1) willful and wanton disregard for the rights, health, or safety of others; or (2) maliciously.

Willful or wanton conduct is a deliberate act or omission with knowledge of a high degree of probability of harm to another who foreseeably might be harmed by that act or omission and reckless indifference to the consequence of the act or omission. Stated another way, willful and wanton conduct is conduct that is carried out with a reckless or conscious disregard of the rights, health, or safety of others.

Malicious conduct is intentional wrongdoing in the sense of an evil-minded act.

In some states, you may find Defendants' malice or willful and wanton conduct based on the preponderance of the evidence standard. In others, you must find Defendants' malice or willful and wanton conduct by clear and convincing evidence. I have previously instructed you on those differing standards of proof, and your verdict form will reflect the appropriate findings

65

you must make.

In determining whether to award punitive damages, consider all relevant evidence, including but not limited to the following: (1) the likelihood, at the relevant time, that serious harm would arise from ZHP's, Teva's, and/or Torrent's conduct; (2) ZHP's, Teva's, and/or Torrent's respective awareness or reckless disregard of the likelihood that such serious harm would arise from each's conduct; (3) consider the conduct of ZHP, Teva, or Torrent upon learning that each's respective initial conduct would likely cause harm; and (4) consider the duration of the conduct or any concealment of that conduct by ZHP, Teva, or Torrent, respectively.

Whether you award punitive damages is up to you. If you do, the amount of the award is determined by the character and degree of ZHP, Teva, and/or Torrent's, respectively, wrongful conduct, and the necessity to prevent the same or similar wrongful conduct by the defendants in the future.

## **Punitive Damages Instruction 9.2 – Amount of Punitive Damages**

**If you decide that ZHP, Teva, and/or Torrent, respectively, have engaged in the type of wrongdoing that justifies punitive damages, you must decide the amount of punitive damages that should be awarded.**

**In doing so, you must consider all relevant evidence, including but not limited to, evidence of the four factors that I discussed in connection with your determination as to whether punitive damages should be awarded at all. These are:**

> **(1) the likelihood, at the relevant time, that serious harm would arise from ZHP's, Teva's, and/or Torrent's conduct;**

> **(2) ZHP's, Teva's, and/or Torrent's awareness or reckless disregard of the likelihood that such serious harm would arise from their respective conduct;**

> **(3) the conduct of ZHP, Teva, and/or Torrent upon learning that its respective initial conduct would likely cause harm; and**

> **(4) the duration of the conduct or any concealment of it by ZHP, Teva, and/or Torrent, respectively.**

**Consider, also, the profitability, if any, of the misconduct to ZHP, Teva, and/or Torrent; when the misconduct was terminated; and the financial condition of ZHP, Teva, and/or Torrent or each's ability to pay the punitive damages award. You must also make certain that there is a reasonable relationship between the actual injury and the punitive damages.**

67

## **Punitive Damages Instruction 9.3 – Express Warranty Claim [Plaintiffs' Proposal]**

**Arkansas, Mississippi, Montana, New York, Rhode Island, and Vermont allow for the award of punitive damages for an express warranty claim. Your verdict form will reflect this.**

## <u>Punitive Damages Instruction 9.4 – Consumer Protection Law Violations</u>
## <u>[Plaintiffs' Proposal]</u>

**Oregon allows for the award of punitive damages for violations of its Consumer Protection Law. [1] [2]**

**<u>Punitive Damages Instruction 9.5 – Common Law Fraud [Plaintiffs' Proposal]</u>**

**Alaska, Arkansas, Colorado, the District of Columbia, Florida, Idaho, Minnesota, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, Rhode Island, South Dakota, Vermont, Virginia, and Wyoming allow for the award of punitive damages for common law fraud claims. Your verdict form will reflect as much.**

**I mentioned in my preliminary instructions that on certain limited aspects of Plaintiffs' case, including punitive damages, you will need to evaluate Plaintiffs' claim for punitive damages under a clear and convincing evidence standard.**

**There is one state that requires an even stricter standard than clear and convincing, <u>for the issue of punitive damages only</u>. That state is Colorado. Colorado requires that the entitlement to punitive damages be proven beyond a reasonable doubt, the same standard employed in criminal cases.**

**Proof beyond a reasonable doubt is proof that leaves you firmly convinced that ZHP, Teva, and/or Torrent, respectively, acted with (1) willful and wanton disregard for the rights, health, or safety of others; or (2) maliciously. It is not required that Plaintiffs prove punitive damages entitlement beyond all possible doubt.**

**A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.**

**If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that ZHP, Teva, and/or Torrent, respectively, acted with (1) willful and wanton disregard for the rights, health, or safety of others; or (2) maliciously, it is your duty to find that defendant or defendants not liable for punitive damages under Colorado law. On the other hand if, after careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt, it is your duty to find that defendant or defendants liable for punitive damages under Colorado law.**

**As I have stated, the proof beyond a reasonable doubt standard <u>only applies to the issue of punitive damages for the State of Colorado</u>. You must evaluate all other punitive damages under a clear and convincing evidence or preponderance of the evidence standard, on which I have instructed you.**

71

**H. [TBD RESPONSIVE INSTRUCTIONS TO ANY DEFENSE DEFENDANTS INTEND TO RAISE]**

## IV.  CLOSING INSTRUCTIONS

## Closing Instruction 10.1 – Deliberations [Plaintiffs' Proposal]

When you retire to the jury room to deliberate, you will also have these instructions,  your notes, and the exhibits that the Court has admitted into evidence, via the ipads provided by the Court. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Androids or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like

Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, Twitter or X, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive

**duty and responsibility to determine the verdict.**

## <u>Closing Instruction 10.2 – Number of Witnesses [Plaintiffs' Proposal]</u>

**The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.**

## <u>Closing Instruction 10.3 – Verdict Form [Plaintiffs' Proposal]</u>

**A verdict form and damages worksheets for each Defendant (ZHP, Teva, and Torrent) have been prepared for you. Please proceed through the verdict form and then, based on your findings, fill out the damages worksheets. After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] that you are ready to return to the courtroom.**