# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Robert B. Kugler,<br>District Court Judge |

## DEFENDANTS ZHEJIANG HUAHAI PHARMACEUTICAL CO., LTD., HUAHAI U.S., INC., PRINSTON PHARMACEUTICAL INC., AND SOLCO HEALTHCARE U.S., LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THEIR SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES

# **TABLE OF CONTENTS**

**Page**

ARGUMENT ...................................................................................................................1

I.   THE ZHP DEFENDANTS' PROPOSED AMENDMENT IS NOT FUTILE.................................................................................................................1

   A.   Defendants Have A Legitimate Defense As To EmblemHealth. .........1

   B.   Defendants Have A Legitimate Defense As To SummaCare. ..............3

II.  THE ZHP DEFENDANTS' PROPOSED AMENDMENT WOULD NOT UNDULY PREJUDICE PLAINTIFFS...................................................5

III. THE ZHP DEFENDANTS HAVE NOT UNDULY DELAYED, ACTED IN BAD FAITH, OR ACTED WITH DILATORY MOTIVES IN MOVING TO AMEND........................................................7

CONCLUSION ..............................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Adams v. Gould Inc.*,
　739 F.2d 858 (3d Cir. 1984) ..........................................................................6

*Ajax Enterprises v. Fay*,
　No. 04-4539 (NLH), 2007 WL 766335 (D.N.J. Mar. 7, 2007) .......................5

*Anderson v. City of Rockford*,
　No. 15 CV 50065, 2016 U.S. Dist. LEXIS 22690
　(N.D. Ill. Feb. 5, 2016) ..................................................................................8

*In re Asbestos Products Liability Litigation (No. VI)*,
　921 F.3d 98 (3d Cir. 2019) ..........................................................................11

*Blackstone Partners, L.P. v. Sympack, Inc.*,
　No. 05-1451 (WHW), 2006 WL 8457300 (D.N.J. Jan. 27, 2006) ................11

*Bluebird Partners, L.P. v. First Fidelity Bank, N.A.*,
　731 N.E.2d 581 (N.Y. 2000) .........................................................................1

*Bode & Grenier, LLP v. Knight*,
　808 F.3d 852 (D.C. Cir. 2015) ......................................................................9

*Carson v. Estate of Golz*,
　No. 17-cv-01152-RBJ-MEH, 2019 WL 1513199
　(D. Colo. Apr. 8, 2019) ...............................................................................10

*Devoy v. Tricomm Services, Inc.*,
　No. 02-375 (JBS), 2002 U.S. Dist. LEXIS 28870
　(D.N.J. Oct. 15, 2002) ...................................................................................8

*DLJ Mortgage Capital, Inc. v. Sheridan*,
　975 F.3d 358 (3d Cir. 2020) ......................................................................8, 9

*DynaEnergetics Europe GmbH v. Hunting Titan, Inc.*,
 629 F. Supp. 3d 548 (S.D. Tex. 2022)..............................................................9

*Eddy v. Virgin Islands Water & Power Authority*,
 256 F.3d 204 (3d Cir. 2001) ...........................................................................10

*Harrison Beverage Co. v. Dribeck Importers, Inc.*,
 133 F.R.D. 463 (D.N.J. 1990) .........................................................................5

*Heyl & Patterson International, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*,
 663 F.2d 419 (3d Cir. 1981) .......................................................................6, 7

*Hiles v. NovaStar Mortgage, Inc.*,
 No. 1:12-cv-392, 2012 WL 4813775 (S.D. Ohio Oct. 10, 2012)................3, 4

*John Wyeth & Brother Ltd. v. CIGNA International Corp.*,
 119 F.3d 1070 (3d Cir. 1997) .........................................................................11

*Justinian Capital SPC v. WestLB AG*,
 65 N.E.3d 1253 (N.Y. 2016) ......................................................................1, 2

*Long v. Wilson*,
 393 F.3d 390 (3d Cir. 2004) ............................................................................9

*Maslowski v. Prospect Funding Partners LLC*,
 944 N.W.2d 235 (Minn. 2020) .......................................................................3

*MSP Recovery Claims, Series LLC v. Abbott Laboratories*,
 No. 19-21607 (FLW) (ZNQ), 2021 WL 2177548
 (D.N.J. May 28, 2021) ....................................................................................2

*Rancman v. Interim Settlement Funding Corp.*,
 789 N.E.2d 217 (Ohio 2003) .......................................................................3, 4

*Rivera v. Gupta*,
 No. 13-cv-056-wmc, 2018 WL 9142121 (W.D. Wis. Apr. 6, 2018) ............10

*Sprint Communications. Co. v. APCC Services, Inc.*,
 554 U.S. 269 (2008).....................................................................................3, 4

*Sumotext Corp. v. Zoove, Inc.*,
    No. 16-cv-01370-BLF, 2017 U.S. Dist. LEXIS 98625
    (N.D. Cal. June 26, 2017) ................................................................................8

*Three-C Body Shops, Inc. v. Francois*,
    No. 19AP-471, 2020 WL 5821316 (Ohio Ct. App. Sept. 30, 2020) ...............5

*Trust for Certificate Holders of Merrill Lynch Mortgage Investors, Inc. v.*
    *Love Funding Corp.*,
    918 N.E.2d 889 (N.Y. 2009) ...........................................................................2

*West Broad Chiropractic v. American Family Insurance*,
    912 N.E.2d 1093 (Ohio 2009) .........................................................................4

## STATUTE

Ohio Rev. Code Ann. § 1349.55(A)(1) ...................................................................3

## RULE

Fed. R. Civ. P. 16(b)(4) ............................................................................................8

In an effort to keep the question of champerty from the jury, plaintiffs argue that: (1) the doctrine is supposedly moribund in Ohio; (2) it is not clear whether the assignment governed by New York law was made solely for the purpose of litigation; and (3) the case is too advanced to justify amendment of pleadings. As set forth below, plaintiffs' arguments lack merit.

## ARGUMENT

**I.  THE ZHP DEFENDANTS' PROPOSED AMENDMENT IS NOT FUTILE.**

**A.  Defendants Have A Legitimate Defense As To EmblemHealth.**

Plaintiffs do not seriously dispute that New York law prohibits purchasing an assignment "for the primary purpose" of suing on it. *Justinian Cap. SPC v. WestLB AG*, 65 N.E.3d 1253, 1254 (N.Y. 2016). Instead, the gist of plaintiffs' argument is that "litigation" was merely "*a* potential consequence of the [EmblemHealth] assignment, it [was] not the *sole* purpose" because plaintiffs might have sought recovery through other non-litigious "commercially reasonable means." (Opp'n at 11.) Such speculation about "other possible sources of recovery" outside of litigation could not even suffice to save a ***plaintiff*** from summary judgment on this defense according to New York's highest court. See *Justinian Cap.*, 65 N.E.3d at 1257. All the more, it cannot defeat the defense itself. In any event, "the question of intent and purpose of the purchaser or assignee of a claim is usually a factual one to be decided by the trier of facts." *Bluebird Partners, L.P. v. First Fid. Bank, N.A.*, 731 N.E.2d

581, 588 (N.Y. 2000) (citation omitted) (cited in Opp'n at 9); *see, e.g.*, *MSP Recovery Claims, Series LLC v. Abbott Lab'ys*, No. 19-21607 (FLW) (ZNQ), 2021 WL 2177548, at *10 (D.N.J. May 28, 2021) ("[A] court's analysis of champertous intent is fact-intensive [and so] inappropriate for resolution on a motion to dismiss.").

Relying on *Trust for Certificate Holders of Merrill Lynch Mortgage Investors, Inc. v. Love Funding Corp.* ("*Love Funding*"), plaintiffs also seek to draw a distinction between "'one who acquires a right in order to make money from litigating it and one who acquires a right in order to enforce it' . . . 'by litigation.'" (Opp'n at 11 (quoting 918 N.E.2d 889, 894 (N.Y. 2009)).) *Love Funding*, however, turned on the fact that the plaintiff was seeking "to collect damages for losses on a debt instrument **in which it [held] a pre-existing proprietary interest**" prior to the assignment. 918 N.E.2d at 893 (emphasis added) (citation omitted). Here, plaintiffs had no interest in EmblemHealth's business until they purchased the right to sue. To the extent language in *Love Funding* suggested that champerty can only be found when the plaintiff seeks to profit "from [the act of] litigating," *id.* at 894, rather than to recover a genuine debt, it has been overruled by *Justinian Capital*. *Justinian Cap.*, 65 N.E.3d at 1254 (assignment was champertous as a matter of law, even though the assignors would have had a valid claim for "fraud . . . in managing two investment vehicles"); *see id.* at 1256 n.3 ("We reject [plaintiff's] contention that Judiciary Law

2

§ 489 has no application unless the underlying claim . . . was brought . . . to secure 'costs.'").

### B. Defendants Have A Legitimate Defense As To SummaCare.

While plaintiffs argue that a 2008 statute abrogated Ohio's common law doctrine of champerty, that law simply prescribes certain disclosure requirements for transactions in which "a company makes a cash payment to a consumer who has a pending civil claim or action in exchange for the right to receive an amount out of the proceeds." Ohio Rev. Code Ann. § 1349.55(A)(1) (cited in Opp'n at 6). In other words, as plaintiffs' sole authority recognizes, Ohio is among the states to "have adopted statutes to regulate consumer litigation financing agreements." *Maslowski v. Prospect Funding Partners LLC*, 944 N.W.2d 235, 241 n.4 (Minn. 2020) (cited in Opp'n at 6-7). Nothing on the face of the statute purports to abolish the common law principles of champerty, as the authority cited in the ZHP Defendants' opening brief (which plaintiffs ignore) makes clear. *See Hiles v. NovaStar Mortg., Inc.*, No. 1:12-cv-392, 2012 WL 4813775, at *4 (S.D. Ohio Oct. 10, 2012) (cited in Mot. at 9-10) ("Champertous assignments are void . . . .").

Plaintiffs alternatively argue that the common law doctrine of champerty would not apply to the facts of this case. Citing *Rancman v. Interim Settlement Funding Corp.*, 789 N.E.2d 217 (Ohio 2003) and *Sprint Communications. Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008), plaintiffs contend that "[a]ssignments

3

whereby the assignee serves as a party (as opposed to a nonparty exerting control over the case) are permitted" (Opp'n at 7). However, in *Hiles*, the court found an assignment to be void for champerty even though ***the assignee served as the named plaintiff***. *See* 2012 WL 4813775, at *4.

While *Rancman* found an assignment to be champertous in a case where the assignor remained the named plaintiff, the court did not hold that the doctrine was necessarily limited to those circumstances. Moreover, the policy rationale underlying its holding—that "a lawsuit is not an investment vehicle" and "[s]peculating in lawsuits is prohibited by Ohio law"—applies equally regardless of who is named as the party. *Rancman*, 789 N.E.2d at 221. Finally, *Sprint Communications* only held that an assignment made consistent with state law could give rise to Article III and prudential standing in federal court. 554 U.S. at 271. The Supreme Court did not address (and lacks authority to address) when an assignment is valid under the substantive law of Ohio or any other state.

The SummaCare assignment is independently void because Ohio prohibits the assignment of a future interest where the assignor has "not [yet] filed a claim" and "not [yet] established liability or the right to damages." *W. Broad Chiropractic v. Am. Fam. Ins.*, 912 N.E.2d 1093, 1096 (Ohio 2009). Plaintiffs do not cite a single case of their own to the contrary, but seek to distinguish *West Broad Chiropractic* and its progeny by baldly asserting that in this case, "SummaCare assigned its *then-*

4

*existing* rights." (Opp'n at 8.) To the extent plaintiffs mean that SummaCare's cause of action had already accrued at the time of the assignment, that is clearly insufficient. *See Three-C Body Shops, Inc. v. Francois*, No. 19AP-471, 2020 WL 5821316, at *3 (Ohio Ct. App. Sept. 30, 2020) ("Although [plaintiff] suggests that [assignor's] cause of action against [defendant] was assignable because the cause of action had already accrued at the time of assignment, the [Ohio] Supreme Court rejected this same argument in *W[est] Broad Chiropractic*."). Simply put, SummaCare's right to recovery—which had not been established at the time of assignment and still remains to be established at a trial—was not any more tangible or "then existing" than the rights assigned in *West Broad Chiropractic* or *Three-C Body Shops*.

## II.   THE ZHP DEFENDANTS' PROPOSED AMENDMENT WOULD NOT UNDULY PREJUDICE PLAINTIFFS.

Plaintiffs' cursory effort to establish prejudice also fails.

***First***, plaintiffs argue that "[h]ad champerty been raised as an affirmative defense at an earlier date, [they] would have moved for summary judgment." (Opp'n at 12.) But plaintiffs do not cite any authority suggesting that amendments cannot be made after a summary judgment deadline, and their argument (if accepted) would abrogate longstanding law that "amendments may be made during trial, after the close of testimony, or even after judgment." *Ajax Enters. v. Fay*, No. 04-4539 (NLH), 2007 WL 766335, at *2 (D.N.J. Mar. 7, 2007); *Harrison Beverage Co. v.*

5

*Dribeck Importers, Inc.*, 133 F.R.D. 463, 466, 469-70 (D.N.J. 1990) (permitting addition of some new defenses roughly two weeks before trial); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 424-46 (3d Cir. 1981) (upholding defendants' addition of new affirmative defenses specified in opening statement at trial).

**Second**, plaintiffs contend that they "will need to spend precious time" to prepare for the new defenses. (Opp'n at 12.) But the pertinent standard is whether the proposed amendment would require "extensive additional discovery." *Adams v. Gould Inc.*, 739 F.2d 858, 869 (3d Cir. 1984) (no prejudice in the absence of evidence the new amendments would require "extensive additional discovery") (collecting cases). Plaintiffs do not even attempt to claim that ZHP's champerty-related defenses would necessitate *any*—much less extensive—additional discovery. And the closest plaintiffs come to addressing the supposed non-discovery-related efforts is vaguely insisting that counsel would have to "review[]" as-yet-unidentified "documents and deposition transcripts . . . to prepare a response to this defense." (Opp'n at 12 n.6.) This is inconsistent with plaintiffs' apparent in-text concession that the new defenses raise "solely legal issue[s]" (*id.* at 12), meaning that their introduction would

6

"require minimal additional trial preparation," *Heyl*, 663 F.2d at 426 n.5 (citation omitted).[1]

### III. THE ZHP DEFENDANTS HAVE NOT UNDULY DELAYED, ACTED IN BAD FAITH, OR ACTED WITH DILATORY MOTIVES IN MOVING TO AMEND.

As explained in the ZHP's Defendants' opening brief, amendment should also be granted because they have not acted in bad faith or with dilatory motives. (*See* Mot. at 14-16.) Plaintiffs' various arguments in response lack merit.

***First***, plaintiffs contend that because the ZHP Defendants have known about these potential defenses for some time, they cannot "establish 'good cause' for allowing amendment after the expiration of the deadline to Answer." (Opp'n at 3.) In so arguing, plaintiffs are attempting to engraft the more stringent requirement of Rule 16(b)(4) onto the more liberal Rule 15 standard that plaintiffs concede "governs the amendment of pleadings, including answers and affirmative defenses." (*Id.* at 2.) The former rule provides that "[a] ***schedule*** may be modified only for good cause,"

---

[1] In a footnote, plaintiffs argue that *Heyl* is "distinguishable" because the plaintiff there claimed that he had been duped into believing that the government had conditionally waived the right to plead further defenses. (Opp'n at 12 n.5.) But the Third Circuit upheld the amendment both because the government's decision not to raise the purely legal defense until opening statements at trial did not rise "to the level of deliberate deception or flagrant abuse and there was no prejudice proven"— i.e., that the plaintiff failed to identify "what evidence it would have presented in view of the Government's alleged change in theory." *Heyl*, 663 F.2d at 426-27. Plaintiffs' claim of prejudice is far weaker than what the Third Circuit deemed inadequate to defeat amendment in *Heyl*.

7

Fed. R. Civ. P. 16(b)(4) (emphasis added)—which logically can only be triggered with respect to amending pleadings when a court has "set a deadline for filing of motions to amend," *Devoy v. Tricomm Servs., Inc.*, No. 02-375 (JBS), 2002 U.S. Dist. LEXIS 28870, at *17 n.3 (D.N.J. Oct. 15, 2002). Here, while the Court imposed a deadline for serving answers, it did not purport to set any limits on when Defendants may seek to amend those pleadings. (*See* ECF 2546 § 9.1 ("By December 7, 2023, TPP Trial Defendants shall file their answers and affirmative defenses to the claims asserted in the TPP Trial.").) "Accordingly, the heightened standard of good cause under Rule 16(b) does not apply to [the ZHP Defendants'] amendment request." *Devoy*, 2002 U.S. Dist. LEXIS 28870, at *17 n.3.[2]

**Second**, relying principally on *DLJ Mortgage Capital, Inc. v. Sheridan*, 975 F.3d 358 (3d Cir. 2020), plaintiffs argue that "[c]ourts routinely deny amendment late in litigation." (Opp'n at 3.) But *DLJ Mortgage* did not purport to overrule longstanding Third Circuit authority (ignored by plaintiffs) that delay alone (i.e., absent any prejudice to the non-moving party) cannot justify the denial of a motion

---

[2] *See also, e.g.*, *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, 2017 U.S. Dist. LEXIS 98625, at *5 (N.D. Cal. June 26, 2017) ("Where, as here, the [c]ourt's scheduling orders do not set a deadline for amendments to the pleadings, a motion for leave to amend is evaluated under Federal Rule of Civil Procedure 15."); *Anderson v. City of Rockford*, No. 15 CV 50065, 2016 U.S. Dist. LEXIS 22690, at *4 (N.D. Ill. Feb. 5, 2016) ("As no deadline to amend pleadings under Rule 16 had been set before [p]laintiff filed his [m]otion, the standards in Rule 15(a) apply.").

8

to amend. *See Long v. Wilson*, 393 F.3d 390, 400-01 (3d Cir. 2004) (permitting motion to amend and agreeing that no explanation is needed for a significant delay "if there is no prejudice" to the non-movant). Rather, in *DLJ Mortgage*, the Third Circuit affirmed the denial of a defendant's motion to amend to assert new defenses of fraud because the "untimely defense" "***would have prejudiced***" plaintiff by "requir[ing] additional discovery" both as to parties and non-parties. 975 F.3d at 369-70 (emphasis added). Here, by contrast, plaintiffs have conceded that the champerty-related defenses involve primarily legal issues that do not require ***any*** further discovery, highlighting that their reliance on *DLJ Mortgage* is fundamentally misplaced.

The handful of out-of-circuit cases cited by plaintiffs are similarly inapposite. (*See* Opp'n at 3-4.) *DynaEnergetics Europe GmbH v. Hunting Titan, Inc.*, 629 F. Supp. 3d 548 (S.D. Tex. 2022), addressed the inapplicable "good cause" requirement of Rule 16 and, in any event, turned in large measure on the fact that the defendant's proposed amendment would "require [p]laintiffs' experts to amend their reports" and to "reopen discovery." *Id.* at 594-95, 605. The remainder of plaintiffs' cases, at most, suggest that amendment should be denied where it "threaten[s] to fundamentally reshape the landscape of the litigation," thereby prejudicing the non-moving party. *See Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015) (affirming the denial of a proposed amendment that was brought "one year after summary

9

judgment motions were decided, eight months after filing an amended answer" and that "would have required additional discovery"); *Carson v. Est. of Golz*, No. 17-cv-01152-RBJ-MEH, 2019 WL 1513199, at *2-4 (D. Colo. Apr. 8, 2019) (denying proposed amendment that "rais[ed] arguments that [the court] ha[d] previously ruled on, and some that [it] ha[d] deemed frivolous and groundless . . . push[ing] [the defendant] firmly into bad faith territory"); *Rivera v. Gupta*, No. 13-cv-056-wmc, 2018 WL 9142121, at *1-2 (W.D. Wis. Apr. 6, 2018) (proposed amendment denied based on prejudice and futility and where defendant had waited 2.5 years after the court had granted judgment in favor of the government to assert that judgment as an affirmative defense).

*Third*, plaintiffs assert that the ZHP Defendants waived their new defenses by failing to include them in their original answer. (Opp'n at 5.) But the only case they cite in support of their one-sentence argument *reversed* a district court's ruling that defendants had waived their qualified immunity defense because the court did "not address the possibility of a late amendment of the answer with leave of court" and therefore ordered the lower court to "inquire whether the defendants violated any scheduling orders in raising the defense for the first time in their summary judgment motions, whether they delayed asserting the defense for tactical purposes or any improper reason, and, most important, whether the delay prejudiced the plaintiff's case." *Eddy v. V.I. Water & Power Auth.*, 256 F.3d 204, 209-10 (3d Cir. 2001). Here,

10

as discussed above, there is no violation of any scheduling order, there is no prejudice, and the ZHP Defendants properly sought leave to amend in a formal motion rather than in a motion for summary judgment. Accordingly, plaintiffs' claim of waiver fails under their own sole authority.[3]

## CONCLUSION

For the foregoing reasons, as well as those articulated in the opening brief, the ZHP Defendants respectfully request that the Court grant the ZHP Defendants' second motion to amend.

Dated: March 20, 2024                    Respectfully submitted,

By: */s/ Jessica Davidson*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jessica Davidson (NY Bar No. 6034748)

---

[3] Plaintiffs also claim that "Defendants abandoned and forfeited" the defenses by making only "passing references to champerty" in challenging the adequacy and typicality of MSP as a class representative in their class certification briefing. (Opp'n at 4 n.2.) But it is *plaintiffs* who have waived this argument by hiding it in a footnote. *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived."). In any event, the fact that Defendants addressed these defenses at the class-certification stage only serves to highlight why plaintiffs' two cases—both of which involved affirmative acts of abandonment—are inapposite. *See, e.g.*, *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 106-09 (3d Cir. 2019) (filing answers and actively litigating defense were deemed to forfeit any personal jurisdiction objection); *Blackstone Partners, L.P. v. Sympack, Inc.*, No. 05-1451 (WHW), 2006 WL 8457300, at *3 (D.N.J. Jan. 27, 2006) (defendant's failure to address argument in opposition to dispositive motion regarding existence of contract effectively "abandon[ed]" any opposition to it). It also undermines any claims of surprise or prejudice.

Allison M. Brown (NJ Bar No. 044992012)
One Manhattan West
New York, New York 10001
Phone: (212) 735-3222
Fax: (917) 777-3222
jessica.davidson@skadden.com
allison.brown@skadden.com

Nina R. Rose (DC Bar No. 975927)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 661-0525
nina.rose@skadden.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC*

12

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 20, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ *Jessica Davidson*
Jessica Davidson (NY Bar No. 6034748)