# EXHIBIT 1

```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
 2                       CAMDEN VICINAGE
 3

    ****************************
 4

    IN RE:  VALSARTAN, LOSARTAN,  MDL No. 2875
 5  AND IRBESARTAN PRODUCTS
    LIABILITY LITIGATION          Civil No.
 6                                19-2875
    **************************   (RBK/JS)
 7

    THIS DOCUMENT APPLIES TO ALL  HON ROBERT B.
 8  CASES                         KUGLER
 9  **************************
10           - CONFIDENTIAL INFORMATION -
              SUBJECT TO PROTECTIVE ORDER
11
12
13           Remote Videotaped via Zoom
14  Deposition of MIN LI, Ph.D., commencing at 7:03
15  a.m. China Standard Time, on the 20th of
16  April, 2021, before Maureen O'Connor Pollard,
17  Registered Diplomate Reporter, Realtime
18  Systems Administrator, Certified Shorthand
19  Reporter.
20
21                   - - -
22
             GOLKOW LITIGATION SERVICES
23      877.370.3377 ph | 917.591.5672 fax
                 deps@golkow.com
24
```

Confidential Information - Subject to Protective Order

1  notice, let's go to the -- actually, you have
2  it in front of you, right?
3       A.     Yeah.
4       Q.     On the second-to-last page of
5  the deposition notice, there was a request
6  for your most recent resume/curriculum vitae
7  and your LinkedIn profile.
8       A.     Uh-huh.  I already provided it.
9       Q.     And those are the most recent
10 versions of both?
11      A.     Yes.
12      Q.     This also asked for
13 the complete production of any relevant
14 custodial documents for you, "including those
15 maintained on personal computers or
16 electronic devices, to the extent not
17 produced prior."
18             Are you producing any documents
19 in connection with the deposition at this
20 time?
21      A.     No.
22      Q.     You started working with ZHP in
23 2014, right?
24      A.     Yes.  September of 2014, yes.

Confidential Information - Subject to Protective Order

1  Q. Were you given any sort of a
2  computer at that time to do your work for
3  ZHP?
4  A. Yes.
5  Q. What type of computer were you
6  given when you started?
7  A. Originally it's a ThinkPad,
8  Lenovo ThinkPad, but that computer broke
9  down. Now I have a Microsoft, like what,
10 ProBook.
11 Q. You said you were given a
12 Lenovo ThinkPad when you started, and then it
13 broke. When did it break?
14 A. When did it break. That's a
15 very good question. It broke during --
16 actually during a trip. I don't remember
17 exactly.
18         When did it break. Probably
19 somewhere between 2017 to 2018, but, you
20 know, I don't have an accurate, you know,
21 recollection exactly, like, which year.
22 Q. When your computer broke, did
23 you notify your company that you needed a new
24 computer?

Confidential Information - Subject to Protective Order

```
1        A.    Oh, yeah, mm-hmm.
2        Q.    Who did you notify?
3        A.    IT.
4        Q.    And they got you a new
5    computer?
6        A.    Yes.
7        Q.    There would be a record within
8    the company of you asking for a new computer
9    and getting that computer.  I assume
10   something like that gets documented, right?
11       A.    Oh, sure, sure, uh-uh.
12       Q.    So if we need to know when your
13   computer broke and when you got your new
14   computer, the company should be able to
15   provide that information, right?
16       A.    Yeah.  If I ask, they should be
17   able to provide, yes.
18             MR. SLATER:  Counsel is going
19         to ask me to send an e-mail or
20         something after the deposition to
21         confirm the request, but that's going
22         to be another one of the things we're
23         going to request.
24             MR. GALLAGHER:  Please put it
```

# EXHIBIT 5

**From:** ValsartanTPPTrialDefs <VALSARTANTPPTRIALDEFS@SKADDENLISTS.COM> **On Behalf Of** Brancato, Alexia Renee
**Sent:** Tuesday, March 12, 2024 3:24 PM
**To:** ValsartanTPPTrialDefs <ValsartanTPPTrialDefs@skaddenlists.com>
**Subject:** [Ext] Re: [EXTERNAL] Re: Valsartan Trial -- Pharmacy Witness Designations

Hi Marlene – as Kara noted in both of her emails below, the objections and counters that Kara served on March 11 were also on behalf of the TPP Trial Defendants. I'm re-attaching the objections and counters here.

Thank you,
Alexia

**Alexia R. Brancato**
----------------------------------------------------------
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3344
**F** +1 212 446 4900
----------------------------------------------------------
alexia.brancato@kirkland.com


**From:** Marlene Goldenberg <mgoldenberg@nighgoldenberg.com>
**Date:** March 12, 2024 at 12:51:08 PM EDT
**To:** "Kapke, Kara" <Kara.Kapke@btlaw.com>
**Cc:** valtrial@nighgoldenberg.com, VALSARTANTPPTRIALDEFS@skaddenlists.com
**Subject: Re: [EXTERNAL] Re: Valsartan Trial -- Pharmacy Witness Designations**

**Caution: This email originated from outside the Firm.**

Kara,

We do not agree that you have an interest in the manner in which the testimony is submitted at trial. If the trial defendants want to state they have objections and counters we will address that with them.

Thanks,

Marlene

| | | |
|---|---|---|
| **Marlene J. Goldenberg** | D - | (202)-978-2228 |
| Founding Partner | T - | (202)-792-7927 |
| | F - | (202)-792-7927 |



Nigh Goldenberg Raso & Vaughn, PLLC

14 Ridge Square NW | Third Floor

Washington, D.C. | 20016

nighgoldenberg.com

  

On Tue, Mar 12, 2024 at 12:24 PM Kapke, Kara <Kara.Kapke@btlaw.com> wrote:

Marlene: The counter-designations and objections for the CVS and Walgreens witnesses were also served on behalf of the TPP Trial Defendants.  Regardless, CVS and Walgreens have an interest in ensuring that any deposition testimony presented at trial from them, whether or not it is objected to on relevancy or other grounds by the TPP Trial Defendants, is complete, accurate, and not taken out of context.  Our objections and counter-designations accomplish just that.

I have confirmed that both Stimmel (for Walgreens) and Holderman (for CVS) do not reside, are not employed, and do not regularly transaction business within 100 miles of Camden, New Jersey or within New Jersey generally and are thus outside the subpoena power of Rule 45.

Cordially,

Kara

**Kara Kapke** (She/Her) | Partner
Barnes & Thornburg LLP
11 South Meridian Street, Indianapolis, IN 46204
Direct: (317) 231-6491 | Mobile: (317) 509-9545

 

Atlanta | Boston | California | Chicago | Delaware | Indiana | Michigan | Minneapolis | Nashville | New Jersey
New York | Ohio | Philadelphia | Raleigh | Salt Lake City | South Florida | Texas | Washington, D.C.

Visit our Subscription Center to sign up for legal insights and events.

# EXHIBIT 9



Gregory E. Ostfeld
Tel 312.456.8400
ostfeldg@gtlaw.com

May 12, 2021

**VIA EMAIL**

| | |
|---|---|
| **RIVERO MESTRE LLP** | **MSP RECOVERY LAW FIRM** |
| Andrés Rivero | Frank C. Quesada, Esq., |
| Jorge A. Mestre | serve@msprecovery.com |
| Alan H. Rolnick | fquesada@msprecovery.com |
| Charles E. Whorton | |
| David L. DaPonte | **PENDLEY BAUDIN & COFFIN LLP** |
| arivero@riveromestre.com | Christopher Luke Coffin |
| jmestre@riveromestre.com | ccoffin@pbclawfirm.com |
| arolnick@riveromestre.com | |
| cwhorton@riveromestre.com | |
| ddaponte@riveromestre.com | |
| npuentes@riveromestre.com | |

**KANNER & WHITELEY, LLC**
Conlee Whiteley, Esq.
David Stanoch, Esq.
c.whiteley@kanner-law.com
d.stanoch@kanner-law.com

    Re:    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
             *Civ. No. 19-2875 (D.N.J.)*

Dear Counsel:

    I am writing regarding deficiencies in MSP Recovery Claims Series LLC's ("MSP") document production and issues related to the depositions of MSP's corporate representatives pursuant to Federal Rule of Civil Procedure Rule 30(b)(6). These issues came to light during the deposition of MSP's Rule 30(b)(6) corporate representatives, Jorge Lopez and Christopher Miranda, during their depositions on Thursday, April 29, 2021. This deficiency letter pertains only to MSP's documents and information and the Rule 30(b)(6) topics for which MSP indicated that it would designate a representative from within its organization to testify, and does not address

**Greenberg Traurig, LLP | Attorneys at Law**
77 West Wacker Drive  |  Suite 3100  |  Chicago, Illinois 60601  |  T +1 312.456.8400  |  F +1 312.456.8435

Albany. Amsterdam. Atlanta. Austin. Berlin. Boston. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Los Angeles. Mexico City.
Miami. Milan. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco.
Seoul. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ˜Greenberg Traurig Germany, LLP; ^A separate UK registered legal entity; ⁺Greenberg Traurig, S.C.; ᴮGreenberg Traurig Santa Maria; ∞Greenberg Traurig LLP Foreign Legal Consultant Office; ^A branch of Greenberg Traurig, P.A., Florida, USA;  ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ˜Greenberg Traurig Grzesiak sp.k.

www.gtlaw.com

May 12, 2021
Page 2

documents produced on behalf of MSP's assignors or the pending Rule 30(b)(6) topics for which MSP has indicated that it will produce witnesses from its assignors, and which have yet to be scheduled. Defendants reserve the right to raise further issues with MSP's document production and Rule 30(b)(6) depositions at a later date to the extent issues arise with respect to documents, information, or witnesses MSP has produced through or on behalf of its assignors.

A. **Responsive Information In MSP's Possession That Has Not Been Produced.**

Defendants learned for the first time during the depositions of Mr. Lopez and Mr. Miranda that MSP failed to produce relevant, responsive documents and information it was obligated to provide under the Federal Rules of Civil Procedure and applicable orders entered by the Court in this MDL. Specifically, MSP's representatives identified documents in MSP's possession, custody, or control that MSP was obligated to produce, and failed to produce, in response to the document requests in the Third Party Payor Plaintiff Fact Sheet (CMO-17, Dkt. 283) ("TPP PFS"), Defendants' First Set of Requests for Production of Documents dated November 11, 2020 ("Rule 34 Requests"), and Defendants' request for the production of documents in the Amended Rule 30(b)(6) Notice of Deposition to MSP related to the Rule 30(b)(6) topics.

Mr. Lopez and Mr. Miranda testified at their depositions that the following relevant, responsive documents and information are in MSP's possession:

- Documents relating to the assignments between MSP and SummaCare, EmblemHealth, and ConnectiCare, including the consideration paid for the EmblemHealth and ConnectiCare assignments, the asset purchase agreements between MSP and EmblemHealth and between MSP and ConnectiCare, respectively, the assignment agreement between MSP and ConnectiCare, claims purchase agreements, including between MSP and SummaCare, and other agreements between those entities and MSP relating to or arising from the assignment of claims to MSP, beyond those identified and marked as exhibits at Mr. Lopez's deposition [PFS § V(16); Rule 30(b)(6) Topic Nos. 1, 7];

- The servicing agreement between MSP Recovery Claims Series, LLC and MSP Recovery, LLC which governs the relationship between the entities and grants MSP Recovery Claims Series, LLC the right to bring litigation and pursue claims on behalf of MSP Recovery, LLC's assignors [Rule 30(b)(6) Topic Nos. 3–6];

- The September 5, 2018 Letter from Summacare referenced in Paragraph 65 of the proposed Third Amended Consolidated Economic Loss Master Complaint (Dkt. 1148-3, Exhibit B-1);

- The assignment from Interamerican Medical Center [PFS § V(16)];

May 12, 2021
Page 3

- Information and data regarding members' fills of replacement medications following the recall of valsartan, including price and cost information [PFS § V(9); Rule 30(b)(6) Topic Nos. 28–30];

- Information relating to Topic Nos. 13, 14, 15, 20, 22, 23, 24, 25, and 35, which includes, but is not limited to, information regarding the number of insureds and prescriptions that each of ConnectiCare, EmblemHealth, and SummaCare made on behalf of their members, as well as amounts paid by those entities on behalf of their members.

The information above should have been produced prior to MSP's noticed depositions pursuant to MSP's production obligations arising under the TPP PFS, Defendants' Rule 34 Requests, and/or the request for the production of documents in the Amended Rule 30(b)(6) Notice of Deposition to MSP related to the topics for which MSP designated Mr. Lopez and Mr. Miranda as corporate representatives. Not only was it not produced, prejudicing Defendants' ability to depose Mr. Lopez and Mr. Miranda on these topics, but Mr. Lopez affirmatively refused to answer questions on the subject of consideration, when Defendants are clearly entitled to learn what MSP paid for the claims it purports to assert as assignee in this case.

Additionally, Mr. Miranda testified that he believed that at least two and likely all three at-issue assignors made data transfers to MSP regarding claims data within the past twelve (12) months, in addition to testifying that MSP may have received additional supplemental information relating to Topic Nos. 13, 14, 15, 20, 22, 23, 24, 25, and 35 that has not been produced. MSP has an obligation under the PFS and the Federal Rules of Civil Procedure to supplement its prior productions, and the Amended Notice of Deposition explicitly requested the production of documents relevant to the noticed topics prior to the noticed depositions.

Accordingly, Defendants request that MSP produce the foregoing relevant, responsive documents and information within twenty-one (21) days from the date of this letter. Defendants reserve the right to re-call MSP's corporate representatives to testify regarding the previously unproduced documents and subjects following review of the delinquent documents.

**B.**     **Open Topics On Which MSP's Corporate Representatives Failed to Fulfill Their Obligations Under Rule 30(b)(6).**

During the depositions of Mr. Lopez and Mr. Miranda, it became apparent that MSP failed to fulfill its obligation to designate and prepare Rule 30(b)(6) witnesses who were competent to testify on a number of the noticed topics, based in part on MSP's aforementioned failure to produce documents relevant to those topics, but also based on lack of familiarity with or preparedness on the topics. A deposition pursuant to Rule 30(b)(6) requires that a person designated to testify on behalf of an organization "must testify about information known or reasonably available to the organization." Fed.R.Civ.P. 30(b)(6). "A corporation has an affirmative duty to produce a representative who can answer questions that are within the scope of the matters described in the notice." *Harris v. State*, 259 F.R.D. 89, 92 (D.N.J. 2007). "The duty of preparation goes beyond

May 12, 2021
Page 4

matters personally known to the designee or to matters in which the designee was personally involved, and if necessary the deponent must use documents, past employees or other resources to obtain responsive information." *Id.* (citing *Bracco Diagnostics Inc. v. Amersham Health Inc.*, C.A. No. 03-6025(SRC), 2005 U.S. Dist. LEXIS 26854, at *3 (D.N.J. 2005)).

1. *Topic No. 51*

MSP designated Jorge Lopez as its Rule 30(b)(6) representative regarding Topic No. 51, which pertained to MSPRC's and its assignors' history as litigants in any prior or current lawsuits. However, Mr. Lopez was unable to provide answers to most questions relating to this topic during his deposition. When asked what he did to prepare to testify on Topic 51, Mr. Lopez responded that he did nothing in particular to prepare to testify on that topic, but was instead just relying on his "general recollection." After it became apparent that Mr. Lopez could not answer even basic questions relating to MSP's history as a litigant (including his lack of familiarity with MSP's own representations about its history as a litigant as set forth on its website), Mr. Lopez conceded that his general recollection regarding MSP's lawsuits was limited because he doesn't "get involved in the litigation aspect" of MSP. MSP's reliance on Mr. Lopez's "general recollection" was clearly insufficient to satisfy its obligations under Rule 30(b)(6) to prepare and produce a witness competent to testify as to that subject. Accordingly, Defendants demand that MSP produce a witness capable of competently testifying on Topic No. 51, as that information is highly relevant to MSP's adequacy to serve as a class representative.

2. *Topic Nos. 13, 14, 15, 20, 22, 23, 24, 25, and 35*

As discussed above, during Mr. Miranda's deposition, he testified that MSP may have received supplemental information relating to Topic Nos. 13, 14, 15, 20, 22, 23, 24, 25, and 35 that has not been produced by MSP in this litigation. Since MSP has not produced (and Mr. Miranda has not reviewed) information relating to those noticed topics, those topics remain open for a subsequent deposition. Once MSP has complied with its obligations to produce such information, Defendants reserve the right to take a subsequent Rule 30(b)(6) deposition on those topics with respect to all withheld documents and data that MSP should have produced prior to MSP's noticed depositions.

3. *Topic Nos. 1, 3, 4, 5, 6, 7*

MSP designated Mr. Lopez on Topic Nos. 1, 3, 4, 5, 6, and 7, which relate generally to MSP's corporate structure and assignments, including assignments of claims between MSP-affiliated entities or series, as well as assignments with SummaCare, ConnectiCare, and EmblemHealth. As discussed above, Mr. Lopez identified a number of documents relevant to these topics during his deposition that have not been produced in this litigation. Accordingly, once MSP has complied with its obligations to produce such information, Defendants reserve the right to take a subsequent Rule 30(b)(6) deposition on these topics as it relates to the new information.

May 12, 2021
Page 5

C.  **"Restricted Confidential" Information Produced by MSP.**

MSP produced two spreadsheets reflecting claims data from three of its assignors (Summacare, Connecticare, and Emblem Health), identified by bates-labels MSP 0001547 ("Summary Report") and MSP 0001548 ("Detail Report"). Both of these documents were produced as designated "Restricted Confidential" information. Additionally, MSP has produced other documents from its assignors that have been designated as "Restricted Confidential" information.

In light of MSP's designation of the Summary Report, the Detail Report, and certain documents produced by its assignors as "Restricted Confidential," pursuant to the Confidentiality and Protective Order (Dkt. 139) (the "Protective Order"), please be advised Defendants wish to share the contents of those documents with their consulting expert witnesses. Please indicate whether MSP objects to this limited disclosure of information it has produced with a "Restricted Confidential" designation to Defendants' experts, who have agreed to be bound by the terms of the Protective Order.

Please advise on when you will be available to meet and confer regarding the issues identified above.

Very truly yours,

Gregory E. Ostfeld

# EXHIBIT 10

# RIVERO MESTRE

June 4, 2021

*By email*

Gregory E. Ostfeld
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, Illinois 60601
ostfeldg@gtlaw.com

      Re:    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*

Dear Greg:

      We received your letter dated May 12, 2021 (the "Letter"), concerning alleged deficiencies with the production of Plaintiff MSP Recovery Claims, Series LLC ("MSPRC") and purported issues related to MSPRC's corporate representative depositions. Our response to your letter is below.

**I.**      **MSPRC's Production of Documents**

      Defendants contend that MSPRC has not produced all responsive documents in response to the document requests in the Third-Party Payor Plaintiff ("TPP") Fact Sheet or Rule 34 requests. Specifically, defendants request "documents relating to the assignments between MSP and Summacare, EmblemHealth, and Connecticare, including the consideration paid . . .claims purchase agreements, . . . and other agreements between those entities and MSP relating to or arising from the assignment of claims to MSP . . . ." Letter at 2. Defendants further request: (1) that MSPRC produce the servicing agreement between MSPRC and MSP Recovery, LLC; (2) the September 5, 2018 Letter from Summacare referenced in Paragraph 65 of the proposed Third Amended Consolidated Economic Loss Master Complaint; (3) the assignment from Interamerican Medical Center; (4) "information and data regarding members' fills of replacement medication following the recall of valsartan;" and (5) information regarding the number of insureds and prescriptions that Connecticare, EmblemHealth, and SummaCare made on behalf of their members, and amounts paid.

      The TPP fact sheet required MSPRC to produce "a list of all assignors not identified in the Master Complaint and the assignment agreements associated with said assignors," which was done in March 2020. PFS § V(16). Defendants' above requests fall outside the bounds of the TPP fact sheet and the Rule 34 requests. The MSP Services Agreement, for example, was not required to be produced under the TPP fact sheet or the subsequent Rule 34 requests as it is not an assignment agreement or "any agreement . . . between [MSPRC] and any Series (or group of





1

Series) . . . ." MSPRC Rule 34 Requests, No. 8. Defendants now inappropriately appear to use the Rule 30(b)(6) notice as an attempt to obtain documents that they should have requested in the Rule 34 requests many months ago.

Regarding the IMC assignment, MSPRC already produced the assignment back in March 2020. *See* MSP 0000569-0000594. Defendants also received MSPRC's data, including any data on replacement medications in March 2020. To the extent Defendants are requesting MSPRC to supplement that data, we will do so.

## II.   MSP's Corporate Representative Open Topics

Defendants Letter contends that Mr. Lopez and Mr. Miranda were purportedly not "competent to testify on a number of the noticed topics . . . ." Letter at 3. We obviously disagree but are happy to meet and confer on this topic.

Defendants' letter further attempts to preserve their right to re-depose Mr. Miranda with respect to supplemental data. We doubt that there is any more substantive testimony that Mr. Miranda would be able to provide once the data is produced. However, MSPRC is willing to meet and confer on the issue after the Defendants have reviewed MSPRC's production.

## III.   "Restricted Confidential" Information

Defendants seek consent from MSPRC to share certain documents designated as "Restricted Confidential" with their consulting experts. Defendants have identified MSPRC's summary and detailed data report as well as "other documents from its assignors . . . ." Letter at 5. Defendants have further represented that their experts "have agreed to be bound by the terms of the Protective Order." Based on that representation, we have no problem with Defendants sharing MSPRC's summary and detailed data report with Defendants' experts.

However, we cannot consent to defendants sharing other documents from MSPRC's assignors without knowing the specific documents. We request that Defendant send us a list of the assignor documents in question so we can seek consent from the respective assignor.

We are available to meet and confer on any of the above matters if needed.

Very Truly Yours,

David DaPonte