# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

March 22, 2024

*VIA ECF*
Honorable Robert B. Kugler
United States District Court
Mitchell H. Cohen Building and
 U.S. Courthouse
Courtroom 4D
4th and Cooper Streets
Camden, New Jersey  08101

  Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*, MDL No. 19-2875 (RBK)

Dear Judge Kugler:

Please accept this letter on behalf of Plaintiffs with regard to the Trial Defendants' Responsive Trial Brief filed last night just before midnight.  This submission is made in lieu of a motion to strike to avoid burdening the Court or Plaintiffs with the filing of yet another formal motion or brief in light of the volume of motions and briefs already submitted to the Court for trial.

Plaintiffs object to Defendants' responsive trial brief, and ask that the responsive trial brief be stricken.  The Court directed the parties to submit their trial

Honorable Robert B. Kugler
United States District Court
March 22, 2024
Page 2

briefs at the same time as the PTO submission. 1/04/2024 Hearing Tr. 24:19-25:8 (Defendants confirming the PTO and trial briefs were due seven days before trial with no provision for oppositions to trial briefs); *see also* Instructions and Directives for the Assistance of Counsel in Preparing the Joint Final Pretrial Order in the United States District Court for the District of New Jersey, Camden Vicinage (same, unless otherwise directed), https://www.njd.uscourts.gov/sites/njd/files/pretrialorder%20camden.pdf.  At no time did the Court also direct or authorize the Parties to file responsive trial briefs as well, and the trial Defendants never sought leave from the Court to file this additional trial brief.  It is unclear what led the trial Defendants to believe that they were entitled to submit yet another trial brief to the Court, further burdening the Court and placing yet another burden on Plaintiffs, as the Parties continue the ongoing heavy preparation for the trial. This preparation is all the more difficult due to the creation of a significant problem by ZHP:  Plaintiffs are attempting to address ZHP's bait and switch submission with the PTO of a materially different exhibit list than the one the Parties met and conferred over (changing the order and number of the exhibits and adding exhibits that had not been on the list prior, and removing others).  If this responsive trial brief is permitted, Plaintiffs will be forced to seek leave from the Court to file their own responsive trial brief—which

Honorable Robert B. Kugler
United States District Court
March 22, 2024
Page 3

will only serve to distract and burden Plaintiffs by peeling off attorneys from the many pressing tasks in trial preparation to prepare yet another brief.

Moreover, the Parties met and conferred throughout the lead up to the ultimate PTO submission deadline, and agreed to notify one another of the list of issues each intended to address in their respective trial briefs so that the other Parties would be on notice and able to address their own and the other Parties' trial briefs in the single trial briefs directed by the Court. During that meet and confer, Defendants even questioned the need for trial briefs and contended that the Parties had "briefed everything known to mankind" in the case already. If Defendants believed they needed the opportunity to further respond to a particular issue, they were required to seek leave from the Court to do so, and they did not—instead proceeding as if they were entitled to approve their own filing without the Court's input.

Based on the foregoing, Plaintiffs request that the Court strike the Defendants' responsive trial brief, without the need for the filing of any further motions or submissions, so that this issue can be most efficiently disposed of. Moreover, there is no need for responsive trial briefs, so the Court should bar such briefing in the order striking Defendants' second trial brief.

Honorable Robert B. Kugler
United States District Court
March 22, 2024
Page 4

    Thank you for your courtesies and consideration.

                                    Respectfully,

                                    ADAM M. SLATER

AMS