IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| *In re* Valsartan, Losartan and Irbesartan Multi-District Litigation | 19-md-2875 (RBK/SAK) |
| *This document applies to all actions* | **Order on TPP Trial Summary Judgment Motions** |

**KUGLER**, United States District Court Judge

Before the Court are several related and intertwined summary judgment ["SJ"] motions under *Fed. R. Civ. Proc.* [or "*Rule*"] *56(a)* in this Multi-District Litigation ["MDL"]. These motions concern only the Valsartan portion of the MDL and precede an upcoming bellwether trial in the MDL ["the TPP trial"] among certain of the MDL parties on some of the counts in Plaintiffs' Third Amended Consolidated Economic Loss Class Action Complaint against All Defendants. Doc. No. 1708.

The parties to the TPP trial include from plaintiff's side: MSP Recovery Claims, Series, LLC ["MSP"][1] as class representative of numerous Third-Party Payors ["TPPs"], and from defendants' side: three defendants in the MDL: the Zhejiang group listed below, referred to herein as "ZHP",[2] the Teva group,[3] referred to herein as "Teva", and the Torrent group, referred to herein as "Torrent".[4] These three groups are collectively referred to herein as "defendants". As a class representative, MSP may be variously referred to herein as plaintiffs or TPPs. These SJ motions aim to reduce the claims to be presented to the fact-finder at the TPP trial.

This Order resolves the following Summary Judgment Motions:
- Doc. No. 2569[5]: Ps SJ Mot. against all Ds for Breach of Express and Implied Warranty and Violations of State Consumer Protection Laws and against ZHP for Fraud;
- Doc. No. 2559: Ps SJ Mot. against Torrent for Fraud;

---

[1] MSP Recovery Claims, Series, LLC is the assignee of economic loss claims from two TPP assignors SummaCare and Emblem Health.
[2] The ZHP group consists of Zhejiang Huahai Pharmaceuticals Co., Ltd, located in China and its U.S. subsidiaries: Huahai U.S. Inc.; Prinston Pharmaceutical Inc. d\b\a Solco Healthcare LLC; and Solco Healthcare U.S.
[3] The Teva group consists of Teva Pharmaceuticals USA, Inc.; Teva Pharmaceutical Industries Ltd.; Actavis LLC; and Actavis Pharma, Inc. However, regarding Teva Pharmaceuticals Ltd. ["TPL"], located in Israel, the parties have stipulated, and the Court has ordered, that for the purpose of the TPP trial, TPL is not a party. Doc. No. 2656. The terms of the parties' stipulation is discussed in the opinion *infra*.
[4] The Torrent group consists of Torrent Pharmaceuticals Ltd., located in India, and its U.S. subsidiary, Torrent Pharma, Inc.
[5] Abbreviations used throughout in this Opinion and the accompanying Order are listed in fn. 6 *infra*.

- Doc. No.2562: Ds Omnibus SJ Mot against Ps for Not Proving Breach of Express or Implied Warranty, Violation of State Consumer Protection Laws, and Fraud);
- Doc. No.2564: ZHPs SJ Mot. against Ps for Not Proving Fraud or VCDs were Adulterated;
- Doc. No.2565: Tevas SJ Mot. against Ps for not Proving Fraud or VCDs were Adulterated; Ps have not shown Punitive Damages);
- Doc. No.2570: Torrents SJ Mot. against Ps for not Proving Fraud or VCDs were Adulterated; Ps have not shown Punitive Damages).

The **COURT HAVING REVIEWED** the parties' submissions without a hearing in accord with *Rule 78.1 (b)*, for the reasons discussed in accompany Opinion of this date, and for good cause shown,

**IT IS HEREBY ORDERED:**

1) On the claim of breach of implied warranty, the Court **GRANTS**:

defendants' Omnibus summary motion for judgment (Doc. No. 2562).

2) On the issue whether defendants' affirmations, statements, labelling of their VCDs constitute express warranties that their VCDs were the equivalent to the Orange Book formulation, the Court **GRANTS**:

plaintiffs' Omnibus motion for summary judgment (Doc. 2569);

and **DENIES**:

defendants' Omnibus motion for summary judgment (Doc. 2562).

3) On the issue whether the VCDs sold before the recalls began in July 2018 were adulterated, The Court **DENIES**:

plaintiffs' Omnibus motion for summary judgment (Doc. No. 2569);

defendants' Omnibus summary motion for judgment (Doc. No. 2562);

ZHP's, Teva's, and Torrent's individual motions for summary judgment (Docs. No. 2564, 2565, and 2570, respectively).

4) On the issue whether defendants violated cGMPs and compendial standards in making nitrosamine-contaminated API and FD VCDs and in marketing and selling them before the

recalls began in July 2018, The Court **DENIES**:

    plaintiffs' Omnibus motion for summary judgment (Doc. No. 2569); and

    defendants' Omnibus summary motion for judgment (Doc. No. 2562).

5) On the issue whether defendants breached express warranties to plaintiffs in TPL Express Warranty Subclass b, the Court **DENIES**:

plaintiffs' Omnibus motion for summary judgment (Doc. No. 2569); and

    defendants' Omnibus motion for summary judgment (Doc. No. 2562).

6) On the issue whether plaintiffs have given defendants pre-suit notice of the breach of express warranty claim,

the Court **DENIES**:

defendants' Omnibus motion for summary judgment (Doc. No. 2562);

and **GRANTS**:

plaintiffs' Omnibus motion for summary judgment (Doc. No. 2569).

7) On the issue whether the statute of limitations limits the filing of breach of express warranty claims in some jurisdictions in TPP Express Warranty Subclass b,

the Court **DENIES**:

Ds Omnibus motion for summary judgment (Doc. No. 2562):

and **GRANTS**:

Ps motion for summary judgment (Doc. 2569).

8) On the issue whether tolling of the statute of limitations for the express warranty claim may be justified in some or all jurisdictions in the TPP Express Warranty Subclass b,

the Court **DENIES**:

plaintiff's Omnibus motion for summary judgment (Doc. No. 2569); and

defendants Omnibus motion for summary judgment (Doc. No. 2562).

9) On the issue whether plaintiffs relied on defendants' express warranties, the Court **DENIES**:

plaintiff's Omnibus motion for summary judgment (Doc. No. 2569); and

defendants Omnibus motion for summary judgment (Doc. No. 2562).

10) On the issue of violation of Consumer Protection Statutes,

the Court **DENIES**:

plaintiffs' Omnibus motion for summary judgment (Doc. No. 2569);

defendants' Omnibus motion (Doc. 2562); and

Teva's motion for summary judgment (Doc. No. 2565),

**EXCEPT** the Court **GRANTS:**

 defendants' Omnibus motion (Doc. 2562) and Teva's motion (Doc. No. 2565) for these claims in Missouri.

11) On the issue of fraud , the Court **DENIES**:

plaintiffs' motion for summary judgment against ZHP (Doc. No. 2569); and

plaintiffs' motion for summary judgment against Torrent (Doc. No. 2559).

defendants' Omnibus motion for summary judgment (Doc. No. 2562);

defendant ZHP's motion for summary judgment (Doc. No. 2564);

defendant Teva's motion for summary judgment (Doc. No. 2565);and

defendant Torrent's motion for summary judgment (Doc. No. 2570).

12) On the damages issue whether plaintiffs have no cognizable injury,

the Court **DENIES**:

defendants' Omnibus motion for summary judgment (Doc. No. 2562).

13) On the damages issue whether plaintiffs' model of damages cannot establish damages on a class-wide basis,

the Court **DENIES**:

defendants' Omnibus motion for summary judgment (Doc. No. 2562).

14) On the damages issue whether plaintiffs cannot prove defendants' alleged conduct and/or misrepresentations proximately caused plaintiffs any injury,

the Court **DENIES**:

defendants' Omnibus motion for summary judgment (Doc. No. 2562).

15) On the damages issue whether plaintiffs cannot prove fraud and breach of warranty damages,

the Court **DENIES**:

defendants' Omnibus motion for summary judgment (Doc. No. 2562).

16) On the damages issue whether plaintiffs cannot prove punitive damages,

the Court **DENIES**:

defendants' Omnibus motion for summary judgment (Doc. No. 2562),

**EXCEPT** the Court **GRANTS**:

defendant's Omnibus summary judgment motion (Doc. No. 2562) on the issue that plaintiffs cannot prove punitive damages in Nebraska and New Hampshire, for breach of express warranty and for violation of Consumer Protection Laws.

Dated:  26 March 2024

s/ Robert B. Kugler
Honorable Robert B. Kugler
United States District Judge