UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | **HON. RENÉE MARIE BUMB MDL NO. 19-2875** |
| **THIS DOCUMENT RELATES TO ALL CASES** | |

**PLAINTIFFS' PROPOSED FINDINGS OF FACT
IN ACCORDANCE WITH SPECIAL MASTER ORDER NO. 98**

Plaintiffs hereby submit their proposed findings of fact in accordance with Special Master Order No. 98. Each proposed finding of fact includes citations to the portions of SMO 98 that support each request, for ease of reference.

**Proposed Findings of Fact Against ZHP**

The Court has made the following findings of fact with regard to ZHP that you are required to accept as true in evaluating the evidence and reaching your verdict:

1. Baohua Chen is the CEO and the highest-level executive in ZHP. (SMO 98, at 1-2).

2. Baohua Chen had direct involvement with issues central to this case. (SMO 98, at 3).

1

3. Baohua Chen's involvement and authority with respect to the development, manufacture, sale, and recall of ZHP's Valsartan was substantial, and it is likely that Mr. Chen has personal, unique firsthand knowledge regarding the matters at issue in this case. (SMO 98, at 3).

4. During the course of discovery in this case, when the Parties were required to produce documents and conduct the depositions of witnesses, the Court ordered ZHP to produce Baohua Chen for his deposition by the Plaintiffs. ZHP violated the Court Order requiring ZHP to produce Mr. Chen for his deposition, and Mr. Chen was not produced for his deposition. This deprived the Plaintiffs of their right to take the deposition of Mr. Chen. (SMO 98, at 2-4, 10-13, 19-21, 25-26, 30, 32).

5. During the course of discovery in this case, ZHP was also required by Court Orders to produce relevant documents, and failed to fully comply with those Court Orders. In addition to the failure to produce certain documents at all, documents that were produced were not produced in the required form. For example, ZHP was required by Court Orders to produce the July 27, 2017 email written by Jinsheng Lin, in its native form. The July 27, 2017 email references ZHP's knowledge that its Valsartan was contaminated with NDMA, in discussing the problems presented by the finding of another nitrosamine impurity in Irbesartan, a similar drug substance manufactured by ZHP with a similar process as used to

2

manufacture Valsartan. The native form of the document is the primary electronic form of the document, including the metadata for the document, which is information embedded in an electronic document.  The metadata would have included information about when the document was written, who it was sent and forwarded to and when, and other relevant information. Instead, ZHP only produced a copy of the July 27, 2017 email in PDF form, without the metadata for the document. This deprived the Plaintiffs of their right to be provided the July 27, 2017 email in its primary electronic form with its metadata, so that the Plaintiffs could fully investigate and understand the email. In addition, despite the email being sent to numerous key personnel at ZHP, it was not produced in the custodial file for the author of the email, Jinsheng Lin, and was only produced in the custodial file of one of the numerous recipients of the email, Min Li.  In addition, ZHP created an internal Irbesartan Report addressing ZHP's investigation into the nitrosamine impurity found in Irbesartan referenced in the July 27, 2017 email.  ZHP failed to produce all drafts of the Irbesartan Report, as required, and the single draft produced was not produced in its native, primary electronic form with its metadata. This deprived the Plaintiffs of their right to fully understand and investigate the report and ZHP's internal investigation and decision making with regard to nitrosamine impurities in its sartan drug substances, including Valsartan.  (SMO 98, at 4-10, 21-26, 32-33, 36-37).

6. The Court has determined that Baohua Chen's deposition testimony and the documents ZHP failed to produce as required would have provided information that would have been adverse to ZHP, and would have favored the Plaintiffs. (SMO 98, at 33-34, 36-39).

7. The Court has determined that ZHP, at Baohua Chen's direction, covered up and prevented the disclosure of ZHP's actual knowledge of the nitrosamine contamination of ZHP's Valsartan from at least July 27, 2017 until ZHP's customer Novartis discovered the contamination and informed ZHP of its discovery in June, 2018. ZHP then disclosed the contamination. (SMO 98, at 36-39)

8. The Court has determined that ZHP violated its Court ordered legal obligations to produce Baohua Chen for his deposition and produce documents as required because ZHP and Mr. Chen knew of the nitrosamine contamination of ZHP's Valsartan at least as of July 27, 2017, and at Mr. Chen's direction covered up and prevented disclosure of the nitrosamine contamination until ZHP's customer Novartis discovered the contamination and informed ZHP of its discovery in June, 2018. ZHP then disclosed the contamination. (SMO 98, at 36-39).

Respectfully,

Adam M. Slater
Plaintiffs' Liaison Counsel