# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°

°Member of N.J. & N.Y. Bars

May 22, 2024

*Via ECF*
Honorable Thomas I. Vanaskie, Special Master
Stevens & Lee, P.C.
1500 Market Street, East Tower, 18th Floor
Philadelphia, Pennsylvania 19103

      Re:    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
                No. 1:19-md-02875-RBK (D.N.J.)

Dear Judge Vanaskie:

Plaintiffs respectfully submit this letter in opposition to ZHP's request to alter Special Master Order #98 ("SMO 98"), to bifurcate the process set out in SMO 98, and further delay the resolution of Plaintiffs' Rule 37 motion, which was filed on December 30, 2021.

First, ZHP has proffered no explanation for its request to alter the schedule and process set out by SMO 98. SMO 98 is very clear and the deadlines are quite reasonable. Plaintiffs have already met the first deadline in SMO 98, submitting their proposed findings of fact. ZHP should not be given the benefit of an indefinite extension to oppose those proposed findings of fact, or to respond to the Plaintiffs' submission of proposed monetary sanctions amounts, which will be submitted to the Court in accordance with SMO 98 on May 24, 2024. ZHP should not be permitted to delay the submission of its position, which will make it impossible for Judge Bumb to consider

Hon. Thomas I. Vanaskie, Special Master
May 22, 2024
Page 2

the full measure of relief accorded pursuant to SMO 98 pursuant to any request filed by ZHP for the Court to review SMO 98. This would be remarkably inefficient and further and unreasonably delay the final determination of the sanctions.

In this connection, Plaintiffs are continuing to prepare for the trial that was postponed in March, 2024, and it is critical that the relief to be provided pursuant to SMO 98 be finalized as soon as possible, to guide the preparation for that trial, and all other proceedings related to ZHP moving forward. The need for finality on this important issue extends to ZHP and its co-defendants Teva and Torrent as well.

For the foregoing reasons, it is submitted that the Court should deny ZHP's unsupported request, and adhere to the process set forth in SMO 98.

Thank you for your courtesies and consideration.

                                                 Respectfully,

                                                 ADAM M. SLATER

cc:     All Counsel (via CM/ECF)