**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| IN RE: VALSARTAN LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875<br><br>Honorable Renée M. Bumb<br>Chief District Judge |

**SPECIAL MASTER ORDER NO. 99**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

By Special Master Order No. 98 ("SMO 98"), issued on May 10, 2024, Plaintiffs' motion for sanctions against Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC (collectively, "ZHP"), was granted in part. Specifically, the Order provided that an adverse inference instruction would be provided. Plaintiffs also were awarded the cost and fees incurred in moving to compel compliance with discovery obligations, in moving for sanctions, and in preparing proposed findings of fact in support of an adverse inference instruction, with the amount to be determined after submission of a properly supported fee application, to be filed with fourteen (14) days of the date of the Order. (ECF No. 2712 at 39.) Finally, the Order directed that Plaintiffs "propose a monetary

1

penalty it believes is appropriate under the circumstances," with that proposal due within fourteen days of the Order.

On May 17, 2024, Plaintiffs timely complied with that part of the order that required submission of proposed findings of fact on an adverse inference instruction. (ECF No. 2721.) On May 21, 2024, ZHP, stating that it intended to object to SMO 98, requested that the deadlines for its responses to Plaintiffs' proposed findings of fact on the adverse inference instruction and proposed monetary penalty be due seven(7) days after Chief Judge Bumb's ruling on ZHP's objections to SMO 98. (ECF No. 2726.) On May 22, 2024, Plaintiffs objected to ZHP's request, observing that the requested extensions "will make it impossible for Judge Bumb to consider the full measure of relief accorded pursuant to SMO 98 pursuant to any request filed by ZHP for the Court to review SMO 98."

Plaintiffs' concern is justified. It would be preferable that Chief Judge Bumb's review of any objections be undertaken in the context of the full scope of relief awarded. In this regard, it is not at all clear that the time within which ZHP must object to the sanctions order began running with the issuance of SMO 98 or must await a final determination of what sanctions will be awarded.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT** ZHP's request to alter the schedule established in SMO 98 is **DENIED.**

In recognition of the fact that the time for ZHP to respond to Plaintiffs' proposed findings of fact has been running while the ZHP request has been pending, **IT IS FURTHER ODERED THAT** the deadline for ZHP to respond to Plaintiffs' proposed findings of fact is extended to May 31, 2024. All other deadlines in SMO 98 remain in full force and effect.

Dated: May 24, 2024

*s/ Thomas I. Vanaskie*
Hon. Thomas I. Vanaskie (Ret.)
Special Master