# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 HON. RENÉE MARIE BUMB |
| THIS DOCUMENT RELATES TO ALL CASES | |

---

## PLAINTIFFS' BRIEF IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES, EXPENSES, AND MONETARY SANCTION PURSUANT TO SPECIAL MASTER ORDER 98

---

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................1

I.  ATTORNEYS' FEES AND COSTS TO BE AWARDED TO
    PLAINTIFFS ...........................................................................................1

II.  MONETARY SANCTION TO BE AWARDED AGAINST ZHP.........12

CONCLUSION .....................................................................................................16

# TABLE OF AUTHORITIES

## Cases

*Beira v. Comm'r of Soc. Sec.*,
   No. 612CV147ORL18DCI, 2021 WL 275905 (M.D. Fla. Jan. 4, 2021),
   *report and recommendation adopted*, No. 6:12-CV-147-GKSDCI,
   2021 WL 268643 (M.D. Fla. Jan. 27, 2021) ......................................... 11,12

*Blum v. Stenson*,
   465 U.S. 886 (1984)............................................................................. 8

*Brazile v. Comm'r of Soc. Sec.*,
   No. C18-5914JLR, 2022 WL 503779 (W.D. Wash. Feb. 18, 2022)...... 11

*Brytus v. Spang & Co.*,
   203 F.3d 238 (3d Cir.2000) .................................................................. 6

*Interfaith Community Organization v. Honeywell Intern, Inc.*,
   426 F.3d 694 (3d Cir.2005) .................................................................. 6

*In re Juul Labs, Inc., Mktg., Sales Practices, & Prods. Liab. Litig.*,
   No. 19-md-02913 (Dec. 18, 2023) ........................................*passim*

*Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*,
   487 F.2d 161 (3d Cir.1973) .................................................................. 6

*In re LTL Management LLC*,
   No. 21-bk-30589 (D.N.J. Bankr. June 15, 2022) .................................. 11

*Micula v. Gov't of Romania*,
   No. 17-CV-02332 (APM),
   2020 WL 6822695 (D.D.C. Nov. 20, 2020)*,*
   *aff'd*, No. 20-7116, 2022 WL 2281645 (D.C. Cir. June 24, 2022)......... 13,16

*New Hampshire v. Maine*,
   532 U.S. 742 (2001).............................................................................. 12

*Pegram v. Herdrich*,
   530 U.S. 211 (2000).............................................................................. 13

*Peterson v. Comm'r of Soc. Sec.*,
No. 616CV948ORL40GJK,
2018 WL 3650034 (M.D. Fla. June 19, 2018) ...................................... 12

*In re Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prod. Litig.*,
No. MC 21-1230, 2024 WL 1810190 (W.D. Pa. Apr. 25, 2024).......... *passim*

*Richmark Corp. v. Timber Falling Consultants*,
959 F.2d 1468 (9th Cir. 1992) .............................................................*passim*

*Rode v. Dellarciprete,*
892 F.2d 1177 (3d Cir.1990) ................................................................. 7

*In re Sealed Case*,
932 F.3d 915 (D.C. Cir. 2019).............................................................. 13

*Student Pub. Interest Research Grp., Inc. v. AT & T Bell Labs.*,
842 F.2d 1436 (3d Cir.1988) ................................................................ 8

*In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*,
No. 13-MD-2445, 2024 WL 815503 (E.D. Pa. Feb. 27, 2024)............*passim*

*Timothy M. v. Comm'r Soc. Sec. Admin.*,
No. 6:21-CV-01708-AR, 2023 WL 1071604 (D. Or. Jan. 27, 2023) .... 11

*In re Vioxx Prod. Liab. Litig.*,
760 F. Supp. 2d 640 (E.D. La. 2010) .................................................. 7,8

*Wachtel v. Health Net, Inc.*,
No. CIV 01-4183, 2007 WL 1791553 (D.N.J. June 19, 2007) ............*passim*

*Washington v. Philadelphia County Court of Common Pleas*,
89 F.3d 1031 (3d Cir. 1996) ................................................................ 7,8

**Rules**

Fed R. Civ. P. 37 ................................................................................*passim*

## PRELIMINARY STATEMENT

This brief is submitted on behalf of Plaintiffs to request and quantify the attorneys' fees and costs and monetary sanction ordered in Special Master Order No. 98 ("SMO 98").

## I.

## ATTORNEYS' FEES AND COSTS TO BE AWARDED TO PLAINTIFFS

In SMO 98, the Court recognized that, "Courts are vested with an inherent authority to sanction misbehaving parties that appear before them." (SMO 98, at 13 (citations omitted)). The Court also recited the Court's authority "to sanction a party for failure to comply with discovery orders," citing Federal Rule Civil Procedure 37(b)(2). (SMO 98, at 13-14). Pursuant to that authority, and in light of the history of discovery obstruction by ZHP, the Court ruled that Plaintiffs shall recover their related attorney's fees and costs. SMO 98 ordered in relevant part:

> ZHP is directed to compensate Plaintiffs for the costs and attorneys' fees associated with its efforts to obtain ZHP's compliance, including its motions to compel, the instant motion for sanctions, and its preparation of proposed findings of fact consistent with this Order. Plaintiffs shall file a properly supported request for the fees and costs awarded by this Order within fourteen (14) days of this Order.

(SMO 98, at 39).

Plaintiffs have reviewed their contemporaneous time and expense records, and identified the time and expenses, "associated with its efforts to obtain ZHP's

compliance, including its motions to compel, the instant motion for sanctions, and its preparation of proposed findings of fact consistent with this Order." The identified time and expenses are itemized in the accompanying Certification of Adam M. Slater in Support of Plaintiffs' Request for Attorneys' Fees and Costs and Monetary Sanction Pursuant to SMO 98 ("Slater Certification").

In accordance with the detailed factual analysis set forth in SMO 98, Plaintiffs determined that the following filings and hearings are "associated with [Plaintiffs'] efforts to obtain ZHP's compliance, including its motions to compel, the instant motion for sanctions, and its preparation of proposed findings of fact." This list illustrates the extent of the legal work that was necessitated by ZHP's long-standing lack of compliance, which the Court noted, stating "the sanctions recognize the substantial duration of ZHP's non-compliance, which has now lasted for more than three years" (SMO 98, at 38):

- ECF 685 – December 21, 2020 Letter from Adam M. Slater Regarding the December 22, 2020 Case Management Conference Regarding Baohua Chen's Deposition

- ECF 694 – Transcript of Proceedings held on December 22, 2020, before Judge Robert B. Kugler and Joel Schneider Regarding Deposition of Baohua Chen

- ECF 1189 – April 27, 2021 Letter from Adam M. Slater Regarding the April 28, 2021 Case Management Conference

- [ECF 1220](#) – Transcript of Proceedings held on May 3, 2021, before Special Master the Honorable Thomas I. Vanaskie Regarding Baohua Chen's Custodial File and Deposition

- [ECF 1243](#) – Transcript of Proceedings held on May 12, 2021, before Special Master the Honorable Thomas I. Vanaskie Regarding Maggie Kong's Custodial File

- [ECF 1250](#) – May 17, 2021 Letter from Adam M. Slater in Reply to ZHP's Opposition to Plaintiffs' Request for Production of Baohua Chen's Custodial File

- [ECF 1293](#) – June 3, 2021 Notice by All Plaintiffs Regarding 1158 Notice (Other) to Take Videotaped Oral Deposition of Baohua Chen (First Amended)

- [ECF 1298](#) – Brief in Opposition filed by All Plaintiffs Regarding 1247 Motion for Protective Order Precluding the Deposition of ZHP President Baohua Chen, filed June 6, 2021

- [ECF 1299](#) – Transcript of Proceedings held on June 3. 2021, before Special Master the Honorable Thomas I. Vanaskie Regarding Baohua Chen's Custodial File and Deposition

- [ECF 1326](#) – Transcript of Proceedings held on June 16, 2021, before Special Master the Honorable Thomas I. Vanaskie Regarding Baohua Chen's and Maggie Kong's Custodial Files

- [ECF 1405](#) – Motion to Compel ZHP's Supplemental Production by All Plaintiffs, filed July 23, 2021

- [ECF 1453](#) – Brief in Opposition filed by All Plaintiffs Regarding 1386 Motion to Vacate, filed August 2, 2021

- [ECF 1504](#) – Transcript of Proceedings held on August 25, 2021, before Judge Robert B. Kugler and Special Master the Honorable Thomas I. Vanaskie Regarding Supplemental Production

- ECF 1573 – Transcript of Proceedings held on September 10, 2021, before Special Master the Honorable Thomas I. Vanaskie Regarding Maggie Kong's Custodial File

- ECF 1674 – October 26, 2021 Letter from Adam M. Slater Regarding the October 27, 2021 Case Management Conference Regarding Baohua Chen's Deposition

- ECF 1765 – November 21, 2021 Letter from A. Slater on behalf of Plaintiffs Regarding November 24, 2021 CMC Regarding Baohua Chen's deposition and Maggie Kong's Custodial File

- ECF 1828 – Transcript of Proceedings held on 12/1/2021, before Judge Robert B. Kugler and Special Master the Honorable Thomas I. Vanaskie re Supplemental Production

- ECF 1838 – Motion for Sanctions under Rule 37 Against ZHP by All Plaintiffs, filed December 30, 2021

- ECF 1921 – Reply Brief to Opposition to Motion filed by All Plaintiffs Regarding 1838 Motion for Sanctions under Rule 37 Against ZHP, filed February 18, 2022

- ECF 2177 – October 22, 2022 Letter from Adam M. Slater Regarding 2175 Letter Regarding deLisle Report

- ECF 2182 – Transcript of Oral Argument held on September 8, 2022, before Special Master the Honorable Thomas I. Vanaskie Regarding Sanctions

- ECF 2721 – May 17, 2024 Letter from Adam M. Slater Enclosing Plaintiffs' Proposed Findings of Fact Regarding 2712 Order on Motion for Sanctions

Plaintiffs have only submitted attorney time that was focused on the particular activities and issues catalogued in SMO 98, and was necessary to perform in each instance. *See* Slater Certification.  This includes time related to the preparation of formal motion papers and opposition/response papers, agenda submissions for discovery hearings, related research and legal analysis, review and analysis of relevant documents to evaluate ZHP's compliance/non-compliance with its discovery obligations including to determine and present to the Court the lists of documents ZHP failed to produce as ordered, and the preparation of the proposed findings of fact submitted by the Plaintiffs on May 17, 2024.

Plaintiffs' submission also includes the Special Master's fees paid for by Plaintiffs, related to overseeing and adjudicating Plaintiffs' repeated efforts to compel ZHP's compliance with its discovery obligations, specific to the issues identified in SMO 98.  Those fees are requested as part of this submission as they are certainly "associated with [Plaintiffs'] efforts to obtain ZHP's compliance." *See* Slater Certification.

The hourly rates for the submitted attorney time are set forth in the Slater Certification.  The time submitted was necessary for "[Plaintiffs'] efforts to obtain ZHP's compliance."  Based on the controlling law, and our familiarity with the rates charged in the legal community, the submitted hourly rates are reasonable.  "To calculate attorney's fees, a court must determine the 'lodestar' amount, which is

5

reached by calculating 'the appropriate billing rate for the party's attorneys as well as the number of hours those attorneys reasonably expended on the action.'" *Wachtel v. Health Net, Inc.*, No. CIV 01-4183, 2007 WL 1791553, at *2 (D.N.J. June 19, 2007) (quoting *Interfaith Community Organization v. Honeywell Intern, Inc.*, 426 F.3d 694, 703 (3d Cir. 2005)) (citing *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000); *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973)). "[T]he fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Id.* (quoting *Interfaith*, 426 F.3d at 703). Plaintiffs have satisfied this requirement, utilizing contemporaneous time records and extracting and including only those that come within the scope of SMO 98. Plaintiffs did not submit the complete billing statements as they would largely contain entries irrelevant to this submission, and contain counsel's privileged work product, which Plaintiffs continue to preserve aside from the limited purpose of disclosure on this application.

Precision in the submission is not required.  "A fee petition should include 'some fairly definite information as to the hours devoted to various general activities, e.g. pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e .g., senior partners, junior partners, and associates,' but 'it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.'" *Id.*

(quoting *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1037-1038 (3d Cir. 1996) (citing *Rode v. Dellarciprete,* 892 F.2d 1177, 1190 (3d Cir.1990))).   Plaintiffs easily meet this standard and would meet a test requiring precision, as they have utilized the applicable entries for all time submitted, and have reasonably allocated the recorded time in the few entries that include time subject and not-subject to the SMO 98 Order.

This case is a consolidated MDL involving attorneys from all over the country, including some of the most prominent defense law firms in the world. As a result, "a more national rate is the appropriate pole star to guide" this Court in determining a reasonable hourly rate to apply to the submitted time. *In re Vioxx Prod. Liab. Litig.*, 760 F. Supp. 2d 640, 660 (E.D. La. 2010). Based on any measure, the submitted rates are reasonable.   The hourly rates submitted on this application include:[1]

- Adam Slater, Partner, Co-lead:  $1,400.00

- Christopher Geddis, Associate: $650.00

- Cheryll Calderon, Associate: $475.00[2]

---

[1] Other Plaintiffs' counsel besides those listed worked on and reviewed the pertinent filings, etc.  But, in an exercise of their discretion and to be conservative, Plaintiffs only include time here for the principal attorneys involved.

[2] Cheryll Calderon left Mazie Slater on or about, July 2021; therefore, her hourly rate at that time has been utilized.  If Ms. Calderon were still with Mazie Slater her hourly rate would be higher and the Plaintiffs' total fees submitted would be higher, but Plaintiffs did not extrapolate.

"To determine the reasonable hourly rate, the Court should look to the prevailing market rates in the community." *Id.* (citing *Washington*, 89 F.3d at 1035 (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11 (1984); *Student Pub. Interest Research Grp., Inc. v. AT & T Bell Labs.*, 842 F.2d 1436, 1448 (3d Cir.1988) ("adopting the community market rule"))). **Importantly, "a more national rate is the appropriate pole star to guide [an MDL] Court."** *In re Vioxx*, 760 F. Supp. 2d at 660. "When attorney's fees are awarded, the current market rate, defined as 'the rate at the time of the fee petition,' must be used." *Wachtel*, 2007 WL 1791553, at *2.

The submitted rates are within the range recognized as reasonable.  For some recent, concrete examples, in the recent CPAP class action settlement, the submitted hourly rates ranged from $225.00 to $1,450.00 per hour and were approved by the Court. (Pls.' Br. in Supp. of Their Motion for an Award of Attorneys' Fees, Costs, and Expenses and for Serv. Awards to Settlement Class Reps in *In re Philips Recalled CPAP, Bilevel Pap, & Mechanical Ventilator Prods. Litig.*, p. 34 (Jan. 8, 2024) (Ex. 3)[3]). *In re Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prod. Litig.*, No. MC 21-1230, 2024 WL 1810190, at *12 (W.D. Pa. Apr. 25, 2024). The Suboxone MDL court approved a $1,550.00 rate for the co-lead counsel there. *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, No. 13-

---

[3] All exhibits are attached to the Slater Cert.

MD-2445, 2024 WL 815503, at *17 (E.D. Pa. Feb. 27, 2024). In another example, in early 2023 ZHP's counsel submitted their hourly rates to the Talc MDL bankruptcy:

- Jessica Davidson, Partner, Defendants' Liaison Counsel: $1,195.00

- Richard Bernardo, Partner: $1,113.00

- Allison Brown, Partner, $1,113.00

- Christopher Cox, Counsel: $967.00

- Jordan Schwartz, Counsel: $898.00

- Nancy Wuamett, Counsel: $898.00

- Kelsey Byler, Associate: $817.00

- Andrew Karp, Associate: $786.00

- Zachary Martin, Associate: $786.00

(Skadden Arps Fee Application in *In re LTL Management LLC*, No. 21-bk-30589 (D.N.J. Bankr. March 1, 2023) (Ex. 4)).  Presumably, these rates have increased since the time of this submission. More recently, In the Juul MDL, the Court approved attorneys' fees where "97% of partner hours, rates range from $275 – $1,200; for over 96.5% of senior counsel hours, rates range from $475 – $1,000; for over 93.5% of associate hours, rates range from $175 – $800; for over 92.5% of contract or staff attorney hours, rates range from $100 – $500; and for over 88% of paralegal hours, rates range from $75 – $425." *In re Juul Labs, Inc., Mktg., Sales*

*Practices, & Prods. Liab. Litig.*, No. 19-md-02913, p. 6 n.6 (Dec. 18, 2023) (Ex. 5). The submitted rates are consistent with the aforesaid examples of decisions addressing the rates in similar MDL litigation.

The accompanying Slater Certification provides the necessary background regarding the attorneys at issue, including their rates, and their professional backgrounds. In summary, it is submitted that Adam Slater's hourly rate is reasonable, and is actually below the highest rate recently submitted and approved in the CPAP and Suboxone MDLs, and consistent with the rates submitted in the Juul MDL. Given his experience, expertise, history of success in mass torts including MDLs and state court MCLs, and complex civil litigation in general, and the quality and significance of the work he has performed in this case, Mr. Slater's hourly rate is reasonable.

Mr. Geddis's hourly rate is similarly reasonable, based on Mr. Geddis's background and experience, and the demonstrated high quality of his work in this litigation.  His submitted rate is below all of the rates listed above from defense counsel, some of whom he has worked with and argued against in this litigation, and his rate is actually below the $767.25 blended rate from the CPAP MDL and within the range for associates in the Juul and Suboxone MDLs. *Id.; In re Suboxone*, 2024 WL 815503, at *17. The same holds true for Ms. Calderon, who had extensive background and experience in mass tort litigation, in particular in the area where she

focused her work in this litigation, the oversight of and active participation in document management and document review and preparation for depositions and other proceedings—and the work she performed related to ZHP's discovery failures fell directly into those areas.

In fact, there is law that would support even higher rates, though not requested here. For example, in the Talc MDL bankruptcy in the District of New Jersey, the Court approved the following fee ranges:

The current standard hourly rates charged by Hogan Lovells in the United States fall within the following ranges:

| Billing Category | U.S. Range |
|---|---|
| Partners | $950–$2,465 |
| Counsel | $910–$1,735 |
| Associates | $605–$1,055 |
| Paralegals | $275–$550 |

Hogan Lovells US LLP's Application for Retention in *In re LTL Management LLC*, No. 21-bk-30589 (D.N.J. Bankr. May 4, 2022) (Ex. 6); Order Granting Hogan Lovells US LLP's Application in *In re LTL Management LLC*, No. 21-bk-30589 (D.N.J. Bankr. June 15, 2022) (Ex. 7). Other courts have similarly approved attorneys' fees in the range of $2,000 an hour. *Brazile v. Comm'r of Soc. Sec.*, No. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases); *Timothy M. v. Comm'r Soc. Sec. Admin.*, No. 6:21-CV-01708-AR, 2023 WL 1071604, at *2 (D. Or. Jan. 27, 2023) (same); *Beira v. Comm'r of Soc. Sec.*, No.

11

612CV147ORL18DCI, 2021 WL 275905, at *3 (M.D. Fla. Jan. 4, 2021), *report and recommendation adopted*, No. 6:12-CV-147-GKSDCI, 2021 WL 268643 (M.D. Fla. Jan. 27, 2021); *Peterson v. Comm'r of Soc. Sec.*, No. 616CV948ORL40GJK, 2018 WL 3650034, at *2 (M.D. Fla. June 19, 2018).

For the foregoing reasons, and those set forth in the accompanying Slater Certification, Plaintiffs request that the submitted attorney's fees and costs be awarded.

## II.

## MONETARY SANCTION TO BE AWARDED AGAINST ZHP

The Court found that the extent of ZHP's discovery obstruction required, "a substantial monetary penalty." (SMO 98, at 38). As stated above, the Court referenced and is relying at least in part on its well-established "inherent authority" to issue this sanctions order.

The starting point is the position taken by ZHP. ZHP advocated for a sanction of $50,000 per day to be paid to Plaintiffs, in opposing Plaintiffs' request for a default as the primary sanction, on their Rule 37 motion. ZHP relied on this position in imploring the Court to consider lesser sanctions than a default, and prevailed at least in part on that position, and is thus estopped from changing its position now. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (holding that "judicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument

and then relying on a contradictory argument to prevail in another phase.'" (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227, n.8 (2000)).

Specifically, ZHP's opposition to Plaintiffs' Rule 37 motion cited *In re Sealed Case,* 932 F.3d 915 at 932, 939-40 (D.C. Cir. 2019), and correctly described the case as, "affirming civil contempt sanctions, including a daily fine of $50,000, against Chinese banks for refusing to produce documents in compliance with a discovery order." (ECF 1900, at 34).

Courts have also imposed a mechanism that compounds the sanction amount, for example doubling the sanction amount after a certain period. *See Micula v. Gov't of Romania*, No. 17-CV-02332 (APM), 2020 WL 6822695, at *7 (D.D.C. Nov. 20, 2020) (imposing a $25,000 weekly sanction that doubles every four weeks, not to exceed $100,000), *aff'd*, No. 20-7116, 2022 WL 2281645 (D.C. Cir. June 24, 2022). Courts have even affirmed monetary sanctions in excess of the value of the underlying case. *See, e.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481–82 (9th Cir. 1992) ($10,000 a day). When faced with such a sanction, the Ninth Circuit only cautioned that the trial court "should ordinarily take [the violating party]'s financial position into account." *Id.*

ZHP's publicly available 2023 financial information demonstrates that only a significant sanction amount could be expected to catch ZHP's attention, and most importantly help to compel ZHP's compliance with its ongoing obligations in this

MDL, including to produce information and documents, and witnesses for depositions:

| ZHP's Publicly Available 2023 Financial Information | | | |
|---|---|---|---|
| | 2023 Financials in CYN | 2023 Financials in USD (CNY * 0.14)[4] | Per Day Equivalent in USD (Total / 365 days) |
| Total Assets | ¥18,599,969,610.00 | $2,603,995,745.40 | $7,134,234.92 |
| Total Capitalization | ¥12,099,058,190.00 | $1,693,868,146.60 | $4,640,734.65 |
| Working Capital | ¥2,176,443,470.00 | $304,702,085.80 | $834,800.24 |
| Total Revenue | ¥8,308,719,760.00 | $1,163,220,766.40 | $3,186,906.21 |
| Gross Profit | ¥5,020,381,730.00 | $702,853,442.20 | $1,925,625.87 |
| Operating Income | ¥1,547,321,050.00 | $216,624,947.00 | $593,493.01 |

(Yahoo Finance, *Zhejiang Huahai Pharmaceutical Co., Ltd. (600521.SS)*, https://finance.yahoo.com/quote/600521.SS/financials (Ex. 9)). The financial information demonstrates that ZHP could easily afford the $50,000 a day monetary sanction ZHP advocated for in its own brief in opposition to Plaintiffs' Rule 37 motion. Similarly, under the 1992 *Richmark* case cited above, a sanction of $10,000 a day would be justified. *Richmark*, 959 F.2d at 1481–82 (noting $10,000/day sanction was appropriate over thirty years ago).

---

[4] Forbes.com, 1 CNY To USD Convert Chinese Yuan To United States Dollar (May 24, 2024) (stating 1 CNY = 0.140647 USD, and Plaintiffs used the rounded 0.14 rate, which is below the actual rate), https://www.forbes.com/advisor/ money-transfer/currency-converter/cny-usd/?amount=1 (Ex. 8).

Aside from the amount of the sanction to be imposed, the applicable time period must also be established.  Here, this sanction should be measured from the expiration of the deadline for Baohua Chen's deposition—at the latest (December 15, 2021), and only cease accumulating as of the date ZHP pays the sanction amounts ordered in SMO 98 in full. For the Court's convenience, the below chart shows various potential daily sanction amounts and their equivalent totals if calculated from December 15, 2021 to the date of the issuance of SMO 98, May 10, 2024, which is a period of 877 days:

| Daily Sanction Totals for ZHP | |
|---|---|
| Daily Sanction | Total Sanction from 12/15/21 to 5/10/24 (Daily Sancton * 877 days) |
| $50,000.00 | $43,850,000.00 |
| $25,000.00 | $21,925,000.00 |
| $10,000.00 | $8,770,000.00 |
| $5,000.00 | $4,385,000.00 |
| $1,000.00 | $877,000.00 |

To be clear, whatever sanction is awarded should account for the "substantial duration of ZHP's non-compliance," (SMO 98, at 38) up to and through the date of payment.  Plaintiffs submit that any of the sanction amounts recited above would be defensible; however, it would be unreasonable to select a daily sanction amount that equates to an amount below $1,000.00 per day.  It is critical that the sanction amount adequately impact ZHP in order to have any chance to compel ZHP's compliance with its ongoing obligations in this MDL.

Finally, Plaintiffs request that the sanctions amount be paid to Plaintiffs. *Micula*, No. 2020 WL 6822695, at *7.  Plaintiffs acknowledge that there is also authority directing that such a sanction be paid to the Court.  *Richmark*, 959 F.2d at 1483.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiffs request the award of Attorneys' Fees in the amount of $309,130.00, and Expenses in the amount of $41,399.20, and Plaintiffs request the award of a monetary sanction in the amount of or equating to at least $1,000.00 per day (until full payment of the monetary sanctions to be ordered) to Plaintiffs, or to the Court, depending on the Court's analysis of the case law on this issue.

Dated: May 24, 2024                                Respectfully submitted,

*/s/ Adam Slater*                                      */s/ Daniel Nigh*
Adam Slater                                            Daniel Nigh
**MAZIE, SLATER, KATZ &**            **Nigh Goldenberg Raso & Vaughn,**
**FREEMAN, LLC**                            **PLLC**
103 Eisenhower Pkwy, 2nd Flr.            14 Ridge Square NW
Roseland, NJ 07068                           Third Floor
Phone: (973) 228-9898                       Washington, D.C. 20016
aslater@mazieslater.com                     Phone: (850) 600-8090
                                                            dnigh@nighgoldenberg.com

16

*/s/ Ruben Honi*
Ruben Honik
**HONIK LLC**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Phone: (267) 435-1300
ruben@honiklaw.com

*/s/ Conlee S. Whiteley*
Conlee S. Whiteley
**KANNER & WHITELEY, LLC**
701 Camp Street
New Orleans, LA 70130
Phone: (504)-524-5777
c.whiteley@kanner-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2024, I electronically filed Plaintiffs' brief and certification of services with the Clerk of the Court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL. Exhibits 1 and 2 to the certification of services are confidential and will be emailed to the Court and defense counsel pursuant to the Confidentiality Order in this case.

**MAZIE SLATER KATZ & FREEMAN, LLC**
Attorneys for Plaintiffs

By:  /s/ Adam M. Slater

Dated: May 24, 2024