# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | **MDL No. 2875**<br><br>**HON. RENÉE MARIE BUMB** |
| **THIS DOCUMENT RELATES TO ALL CASES** | |

## CERTIFICATION OF ADAM M. SLATER IN SUPPORT OF PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES, EXPENSES, AND MONETARY SANCTION PURSUANT TO SPECIAL MASTER ORDER 98

Adam M. Slater hereby certifies as follows:

1. I am an attorney at law of the State of New Jersey. This Certification is based on my personal knowledge.

2. This Certification is submitted in support of Plaintiffs' request for monetary sanctions pursuant to the Court's directions in Special Master Order #98 ("SMO 98").

3. Plaintiffs have reviewed their contemporaneous time and expense records, and identified the time and expenses, "associated with its efforts to obtain ZHP's compliance, including its motions to compel, the instant motion for sanctions, and its preparation of proposed findings of fact consistent with this Order." The identified time and expenses are itemized in Exhibit 1 attached hereto. The entire

1

billing records are not provided since they include work unrelated to the subject matter of SMO 98, and constitute privileged work product. The exhibit is submitted under seal as Restricted Confidential Information, Attorneys Eyes Only, with a slip sheet being filed on ECF pursuant to the Protective Order in the litigation, only to ZHP. Exhibit 1 is submitted under seal, as restricted confidential information, attorneys eyes only, pursuant to the Protective Order since Plaintiffs' billing entries constitute privileged work product, and should only be used in connection with this submission.

4. Plaintiffs have not waived the work product privilege and have made this limited disclosure pursuant to and only for the purpose of the Court's consideration of the proper amount of attorneys' fees to award, based on Plaintiffs' understanding of the requirement that this information be provided to the Court and the opposing party. The unredacted version is being provided directly to the Court, and to the Defendant ZHP's counsel (not to any other party), subject to the confidentiality designations pursuant to the Protective Order.

5. The submitted time is for Adam Slater, Christopher Geddis, and Cheryll Calderon. First, Adam Slater has an hourly billing rate of $1,400.00 at present. I am a graduate of Tulane University, and a 1993 graduate of Boston University School of Law. I am admitted in the State of New Jersey, District of New Jersey, Third Circuit Court of Appeals, and New York. I am Certified as a Civil Trial Attorney by the New

Jersey Supreme Court, having been first certified 6 years after graduation from law school, and re-certified multiple times since. I specialize in complex civil litigation, and I have litigated and tried many complex cases, with numerous verdicts in excess of $1 million, and a significant number in excess of $10 million. For example, I have obtained product liability verdicts against Johnson & Johnson in the pelvic mesh litigation of $11.1 million ($7.6 million in punitive damages), $12.5 million ($7 million in punitive damages), and $15 million ($10 million in punitive damages), and against C.R. Bard in the Bard MCL pelvic mesh litigation of $68 million (the last two were reversed on appeal and settled on remand for confidential amounts). I have also settled a large number of cases in excess of $1 million, including numerous settlements in excess of $10 million, including for example (of those few that are not confidential) class action settlements of $84 million against Volkswagen and Audi in the District of New Jersey, and a $358 million settlement (along with others) against Daiichi Sankyo in the Benicar MDL before Judge Kugler in the New Jersey District Court. In addition to my experience and track record as a trial lawyer, I have been appointed to lead positions in large complex litigations, including Plaintiffs' co-lead counsel of the In re Benicar MDL in the New Jersey District Court, Plaintiffs' co-lead and liaison counsel in this litigation, In re Valsartan, Losartan, Irbesartan MDL in the New Jersey District Court, liaison counsel for the pelvic mesh MCL's against Johnson & Johnson and C.R. Bard in the Bergen County Superior Court, and liaison counsel for the BIOCELL

3

breast implant MCL against Allergan in the Bergen County Superior Court, where I am also a member of the MDL Executive Committee.  I also have extensive appellate experience, including numerous arguments in the Supreme Court of New Jersey, New Jersey Appellate Division, and in the Third Circuit Court of Appeals.  I have also analyzed my recent settlements and verdicts to present and illustrate the effective hourly rates achieved on recent contingency cases I have handled, calculated by dividing the total hours on the case into the total fees recovered.  These settlements are confidential, so if more detail is needed that would need to be done in camera to avoid violation of the confidentiality.  The range of effective hourly rates calculated as stated for five recent settlements are representative of the range of effective hourly rates I customarily achieve in my contingency cases.  This illustrative example includes effective hourly rates of $1,280.33, $2,231.25, $2,801.99, $4,289.34, and $164,717.00 per hour.  In light of my background and experience and the results I have obtained across my career, as well as the quality of the work and results obtained herein to date, it is submitted that the requested hourly rate of $1,400.00 is reasonable.

6. Christopher Geddis focuses his practice on product liability and other complex civil litigation.  He was admitted to practice law in New Jersey and Pennsylvania in 2016. He is also admitted to practice in the District of New Jersey and the Third Circuit. He received a Bachelor of Arts degree from Dartmouth College in 2010 and a Juris Doctor degree from the William and Mary School of Law in 2016.

Before joining the firm, he served as a law clerk to the Honorable Richard S. Hoffman of the Appellate Division of the Superior Court of New Jersey. He also served as an intern to both the Honorable Marie E. Lihotz of the Appellate Division of the Superior Court of New Jersey and the Honorable Lynn N. Hughes of the United States District Court for the Southern District of Texas. Before attending law school, he was a paralegal at a New York law firm for three years. He is the Chair of the Product Liability and Mass Tort Section of the New Jersey State Bar Association through May 2024. In 2023, he gave a continuing legal education presentation on manufacturer liability in product liability cases for the New Jersey Institute for Continuing Legal Education. Later that year, the New Jersey Law Journal included him on its list of New Leaders of the Bar. In 2024, he gave a continuing legal education presentation on handling intakes for product liability claims and researching and drafting the related complaints in order to survive motions to dismiss, again for the New Jersey Institute for Continuing Legal Education. Mr. Geddis has been the primary brief writer on numerous significant briefs in the state and federal trial courts and in the state and federal appellate courts, including the New Jersey Appellate Division, New Jersey Supreme Court, and Third Circuit Court of Appeals. This holds true in this litigation, where Mr. Geddis has researched and drafted many important briefs including those at issue on this motion, and he has also argued contested issues before the Special Master. In light of Mr. Geddis's background and experience, as well as the quality of the work

5

and results obtained here, it is submitted that the requested hourly rate of $650.00 is reasonable.

7. Cheryll Calderon is a graduate of Seton Hall University School of Law. Ms. Calderon concentrated her practice in mass tort, class action, and personal injury cases. Ms. Calderon was a key member of Mazie Slater's pelvic mesh litigation trial teams, led the overall document review for the Ethicon pelvic mesh litigation in New Jersey and nationally for years, and held important positions on the ESI and document review committees for MDL's/MCL's in which our firm has participated, including for the pelvic mesh litigation and the Benicar MDL, as well as in this litigation. Ms. Calderon is admitted to practice in New Jersey, and the District of New Jersey. Ms. Calderon left our firm in or about July 2021; thus, the submitted hourly rate for Ms. Calderon is the rate in effect at that time, $475.00. If she had remained at our law firm her hourly rate would have been gradually increased, however we have not extrapolated the rate. In light of Ms. Calderon's background and experience, as well as the quality of the work and results obtained here, it is submitted that her requested hourly rate of $475.00 is reasonable.

8. Based on our knowledge and experience and awareness of the billing rates charged by law firms in New Jersey, and across the country, as well as the effective hourly rates we routinely achieve in our cases, it is submitted that the above stated hourly rates are reasonable. To be clear, we have carefully reviewed the

6

contemporaneous time records and presented only those items that fall directly within the scope of what was identified for submission in SMO 98.

9. Finally, the expenses requested on this application total $41,399.20. Those expenses are the fees and expenses of the Special Master attributable to reviewing and determining the issues discussed in SMO 98, to the extent those invoices have been provided to date. Plaintiffs have attached a copy of the applicable Special Master invoices, highlighted to show those entries that Plaintiffs determined to fall within the scope of SMO 98 is attached as Exhibit 2. This exhibit is marked restricted confidential, with a slip sheet being filed on ECF pursuant to the Confidentiality Order.

10. In summary, Plaintiffs' fee application requests the award of attorney fees in the amount $309,130.00, and expenses in the amount of $41,399.20, for a total of $350,529.20. All of these fees and expenses were necessitated to perform the work "associated with [Plaintiffs'] efforts to obtain ZHP's compliance, including its motions to compel, the instant motion for sanctions, and its preparation of proposed findings of fact consistent with this Order."

11. Attached hereto as **Exhibit 3** is a true and accurate copy of the relevant excerpt of Pls.' Br. in Supp. of Their Motion for an Award of Attorneys' Fees, Costs, and Expenses and for Serv. Awards to Settlement Class Reps in *In re Philips Recalled CPAP, Bilevel Pap, & Mechanical Ventilator Prods. Litig.*, p. 34 (Jan. 8, 2024).

12. Attached hereto as **Exhibit 4** is a true and accurate copy of the relevant excerpt of Skadden Arps's Fee Application in *In re LTL Management LLC*, No. 21-bk-30589 (D.N.J. Bankr. March 1, 2023).

13. Attached hereto as **Exhibit 5** is a true and accurate copy of *In re Juul Labs, Inc., Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 19-md-02913, p. 6 n.6 (Dec. 18, 2023).

14. Attached hereto as **Exhibit 6** is a true and accurate copy of the relevant excerpt of Hogan Lovells US LLP's Application for Retention in *In re LTL Management LLC*, No. 21-bk-30589 (D.N.J. Bankr. May 4, 2022).

15. Attached hereto as **Exhibit 7** is a true and accurate copy of Order Granting Hogan Lovells US LLP's Application in *In re LTL Management LLC*, No. 21-bk-30589 (D.N.J. Bankr. June 15, 2022).

16. Attached hereto as **Exhibit 8** is a true and accurate copy of Forbes.com, 1 CNY To USD Convert Chinese Yuan To United States Dollar (May 24, 2024), https://www.forbes.com/advisor/money-transfer/currency-converter/cny-usd/?amount=1.

17. Attached hereto as **Exhibit 9** is a true and accurate copy of screenshots from Yahoo Finance, *Zhejiang Huahai Pharmaceutical Co., Ltd. (600521.SS)*, https://finance.yahoo.com/quote/600521.SS/financials.

I hereby certify that the foregoing statements are true. I am aware that if any statement is willfully false, I am subject to punishment.

By: _____

Dated: May 24, 2024