# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION, <br><br>This Document Relates to: All Actions Asserting Economic Loss Claims | ) ) ) ) Master Docket: Misc. No. 21-mc-1230-JFC ) MDL No. 3014 ) ) ) ) |

**SETTLEMENT CLASS COUNSEL'S BRIEF IN SUPPORT OF THEIR MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES AND FOR SERVICE <u>AWARDS TO SETTLEMENT CLASS REPRESENTATIVES</u>**

counting." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d at 305. A district court need not receive or review actual billing records when conducting this analysis. *Id.* at 307.

Under the lodestar method, a court begins the process of determining the reasonable fee by calculating the "lodestar," *i.e.*, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Gunter*, 223 F.3d at 199–200; *see also Lake v. First Nationwide Bank*, 900 F. Supp. 726, 735 (E.D. Pa. 1995) (citing *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)); *Gray v. BMW of North America, LLC*, 2017 WL 3638771, at *5 (D.N.J. Aug. 24, 2017). A reasonable hourly rate in the lodestar calculation is calculated according "to the market rate in the community for counsel of similar experience and skill." *Lake*, 900 F. Supp. at 735.

Because a court need only use the lodestar as a cross-check, it should holistically consider the percentage of the fund requested, the total lodestar, and the lodestar multiplier yielded by dividing the total fee request by the lodestar. *See In re: Diet Drugs Prods. Liability Litig.*, 553 F. Supp. at 442 (holding that the "lodestar cross-check does not take the place of the percentage recovery analysis . . ." but permits a court to confirm that counsel "will not be receiving a windfall for their services in furtherance of [a settlement agreement]").

Settlement Class Counsel spent 85,798.40 hours during the relevant period litigating this case and facilitating the settlement of the Economic Loss Claims in this action. The total lodestar, based on all Fee Applicants' reported hours and currently stated hourly rates, is $66,418,984.20. Fee Applicants' hourly rates range from $60 to $1,450, with staff and paralegals ranging between $60 and $535 and attorneys ranging between $225 and $1,450 per hour.[13]

---

[13] The Supreme Court and other courts have held that the use of current rates is proper because such rates compensate for inflation and the loss of use of funds. *See Mo. v. Jenkins by Agyei*, 491

34

Counsel Decl.¶68. The blended rate for all Fee Applicants is $774.13, determined by taking the total lodestar divided by the total hours.

Rates similar to this blended rate have been accepted by district courts within this Circuit for lodestar cross-check purposes when overseeing class settlements. *See*, *e.g.*, *In re Remicade*, 2023 WL 2530418, at *27–28 (approving hourly rates between $115 to $1,325); *In re Railway Industry Employee No-Poach Antitrust Litig.*, No. 18-mc-798-JFC, ECF 271 pp.14–15; ECF 313 ¶2 (approving hourly rates up to $1,100).

"After a court determines the lodestar amount, it may increase or decrease that amount by applying a lodestar multiplier." *In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d at 539 n.33 (citing *In re Rite Aid*, 396 F.3d at 305–06). The Third Circuit explained that "multipliers may reflect the risks of non-recovery facing counsel, may serve as an incentive for counsel to undertake socially beneficial litigation, or may reward counsel for extraordinary result. By nature they are discretionary and not susceptible to objective calculation." *In re Prudential*, 148 F.3d at 340. Here, the requested $94.4 million for attorneys' fees represents a 1.42 multiplier of Class Counsel's reported lodestar, which is reasonable.[14] Given the quality of Settlement Class

---

U.S. 274, 283–84 (1989); *In re Schering-Plough Corp. Enhance Sec. Litig.*, 2013 WL 5505744, at *33 n.28 (D.N.J. Oct. 1, 2013) (citing *Jenkins*, 491 U.S. at 283–88).

[14] Multipliers of one to four times lodestar are routinely accepted in this Circuit when the multiplier method is used. *See*, *e.g.*, *In re Prudential*, 148 F.3d at 341 ("Multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied . . . .") (internal citation omitted); *Kapolka*, 2019 WL 5394751, at *11 ("Multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.") (quoting *In re Prudential*, 148 F.3d at 341; *see also AT & T Corp.*, 455 F.3d at 173 ("[W]e approved of a lodestar multiplier of 2.99 . . . in a case we stated 'was neither legally nor factually complex'" and that settled in 4 months); *McDermid v. Inovio Pharms., Inc.*, 2023 WL 227355, at *13 (E.D. Pa. Jan. 18, 2023) (finding "a lodestar multiplier of 2.69 is acceptable and [did] not require the Court to reduce the requested fees"); *Stevens v. SEI Invs. Co.*, 2020 WL 996418, at *13 (E.D. Pa. Feb. 28, 2020) (awarding multiplier of approximately 6.16); *Arrington v. Optimum Healthcare IT, LLC.*, 2018 WL 5631625, at *10 (E.D. Pa. Oct. 31, 2018) (approving lodestar multiplier of 5.3 that was "certainly on the higher end of the range of reasonable multipliers");

35