# Exhibit 6

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

---

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 21-30589 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

## APPLICATION FOR RETENTION OF
## HOGAN LOVELLS US LLP, EFFECTIVE AS OF APRIL 4, 2022

1. The applicant, LTL Management LLC (the "<u>Debtor</u>" or "<u>LTL Management</u>"), is the:

  ☐ Trustee:      ☐ Chap. 7      ☐ Chap. 11      ☐ Chap. 13.

  ☒ Debtor:      ☒ Chap. 11      ☐ Chap. 13

  ☐ Official Committee of _____

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1529403533

2.     LTL Management seeks to retain the following professional, Hogan Lovells US LLP ("Hogan Lovells"), to serve as:

☒ Attorney for:      ☐ Trustee      ☒ Debtor-in-Possession

☐ Official Committee of _____

☐ Accountant for:      ☐ Trustee      ☐ Debtor-in-possession

☐ Official Committee of _____

☐ Other Professional:

☐ Realtor      ☐ Appraiser      ☒ Special Counsel

☐ Auctioneer      ☐ Other (specify): _____

3.     The employment of Hogan Lovells is necessary because:

The Debtor requires the services of experienced appellate litigation counsel in connection with the appeals (the "Appeals") of the *Order Denying Motions to Dismiss* [Dkt. 1603] and corresponding opinion [Dkt. 1572] (the "MTD Opinion and Order") and the *Order (I) Declaring that Automatic Stay Applies to Certain Actions Against Non-Debtors and (II) Preliminarily Enjoining Certain Actions* [Adv. Proc. Dkt. 187] and corresponding opinion [Adv. Pro. Dkt. 184] (the "PI Opinion and Order" and, together with the MTD Option and Order, the "Opinions and Orders"). Hogan Lovells provides exceptional appellate litigation services and the firm frequently handles significant appeals in federal courts. In light of the complexity of this chapter 11 case (the "Chapter 11 Case") and the anticipated intensity of the litigation of the Appeals, the Debtor respectfully submits that retaining and employing Hogan Lovells to pursue the Appeals pursuant to the terms of this Application is appropriate and warranted.

4.     Hogan Lovells has been selected because:

Hogan Lovells is well qualified to serve as Debtor's counsel in connection with the Appeals. As set forth in the certification of Neal Kumar Katyal (the "Katyal Certification"), Hogan Lovells has a reputation for expertise in appellate litigation and the firm's appellate litigation team has broad experience handling a wide variety of cases before federal courts of appeal, including the United States Court of Appeals for the Third Circuit, and the Supreme Court of the United States.

Hogan Lovells' suitability for this role is amplified by the firm's prepetition representation of Johnson & Johnson ("J&J") and the Debtor's predecessor Johnson & Johnson Consumer Inc. ("Old JJCI") in seeking Supreme Court review of the *Ingham* verdict. *See Ingham v. Johnson & Johnson*, 608 S.W.3d 663 (Mo. Ct. App. 2020), *reh'g and/or transfer denied* (July 28, 2020), *transfer denied* (Nov. 3, 2020), *cert. denied*, 141 S. Ct. 2716, 210 L. Ed. 2d 879 (2021) ("*Ingham*"). In connection with this work, Hogan

-2-

Lovells' professionals have become well acquainted with the history of the Debtor's predecessor Old JJCI, the legal and factual defenses to the talc-related claims asserted against J&J, Old JJCI, and now the Debtor, the issues associated with attempting to resolve current and future talc-related claims against the Debtor through the tort system, the Debtor's potential liability given jury verdicts entered in cases such as *Ingham,* and related matters. Accordingly, Hogan Lovells has developed substantial knowledge regarding the issues underlying the Opinions and Orders that will result in effective and efficient services in the Appeals.

5. Hogan Lovells' services to be rendered are as follows:

The Debtor anticipates that Hogan Lovells will render appellate litigation services to the Debtor in connection with the Appeals during the Chapter 11 Case, including, without limitation, defending the Appeals on behalf of the Debtor and advising the Debtor and its restructuring advisors in connection with the Appeals. In particular, the Debtor anticipates that Hogan Lovells will perform, among others, the following legal services:

(a) advise the Debtor concerning appellate procedures including motion practice, stays, briefing on the merits, and other matters related to the Appeals;

(b) advise the Debtor concerning strategic considerations in connection with the Appeals including formulation and drafting of appellate arguments;

(c) prepare on behalf of the Debtor all necessary and appropriate motions, merits briefing, responses, notices and other relevant pleadings to be filed in connection with the Appeals;

(d) prepare for and appear on behalf of the Debtor in any hearings, oral arguments or other proceedings as may be required;

(e) advise the Debtor and its professionals concerning the status of the Appeals; and

(f) perform all other necessary and appropriate appellate litigation services in connection with the Appeals for or on behalf of the Debtor, as requested by the Debtor.

Hogan Lovells' services will complement, and not duplicate, the services being rendered by other professionals retained in the Chapter 11 Case, including the services being provided by the Debtor's general bankruptcy counsel, Jones Day.[2] Due to the briefing

---

[2] Other mass tort debtors in complex chapter 11 cases have taken this approach. In *Purdue*, the debtors retained separate counsel to represent the debtors in the appeal of the district court's order vacating the plan confirmation order entered by the bankruptcy court. *See Order Authorizing the Retention and Employment of Latham & Watkins LLP as Special Counsel for the Debtors Effective as of January 13, 2022*, *In re Purdue Pharma L.P.*, Case No. 19-23649 [Dkt. 4670] (Bankr. S.D.N.Y. April 18, 2022). The debtors' general bankruptcy counsel represented the debtors in the appeal at the district court level.

-3-

NAI-1529403533

schedule on the application for direct appeal to the Third Circuit,[3] Jones Day has assisted the Debtor and Hogan Lovells in preparing the Debtor's response. The Debtor also anticipates that Jones Day will provide Hogan Lovells with assistance related to the Appeals based on its involvement in the trials on the motions to dismiss and the preliminary injunction; this assistance, however, will be in support of, and not duplicative of, Hogan Lovells' services to the Debtor.

6. The proposed arrangement for compensation is as follows:

Pursuant to the terms of the engagement letter between the Debtor and Hogan Lovells (the "Engagement Letter") and subject to the Court's approval of this Application, Hogan Lovells intends to: (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out of pocket expenses.

The current standard hourly rates charged by Hogan Lovells in the United States fall within the following ranges:

| Billing Category | U.S. Range |
| --- | --- |
| Partners | $950–$2,465 |
| Counsel | $910–$1,735 |
| Associates | $605–$1,055 |
| Paralegals | $275–$550 |

Hogan Lovells' hourly rates may change annually in accordance with the terms of the Engagement Letter and Hogan Lovells' established billing practices and procedures.

Hogan Lovells will maintain detailed, contemporaneous time records in six minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court District of New Jersey, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, and any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, the "Interim

---

[3] The Official Committee of Talc Claimants I filed its petition for authorization of direct appeal of the Opinions and Orders to the Third Circuit on April 5, 2022, with responses due ten days thereafter, on April 15, 2022. *See Appellant of Official Committee of Talc Claimants I's Petition for Authorization of Direct Appeal Pursuant to 28 U.S.C. 158(d)(2)(A)*, Case No. 22-8015 (3d Cir. Apr. 5, 2022) (together with the other applications for direct appeal, the "Direct Appeal Applications"). On April 14, 2022, the Debtor filed an unopposed motion to file a consolidated response to the Direct Appeal Applications, to enlarge the word limit, and to extend the time to respond to the Direct Appeal Applications (the "Consolidation Motion"). On April 15, 2022, the Third Circuit entered an order granting the Consolidation Motion, setting a deadline for a consolidated response to the Direct Appeal Applications for April 26, 2022. As noted above, Hogan Lovells was retained and commenced work for the Debtor on April 4, 2022. As such, the Debtor required Jones Day's services in preparing the Consolidation Motion and the Debtor's response to the Direct Appeal Applications.

-4-

Compensation Order") and any additional procedures that may be established by the Court in the Chapter 11 Case.

7. To the best of LTL Management's knowledge, Hogan Lovells' connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, is as follows:

☐ None

☒ Describe connection: See Cert. of Katyal attached hereto as Exhibit A.

8. To the best of LTL Management's knowledge, Hogan Lovells:

☒ Does not hold an adverse interest to the estate.

☒ Does not represent an adverse interest to the estate.

☒ Is a disinterested person under 11 U.S.C. § 101(14).

☐ Does not represent or hold any interest adverse to the Debtor or the estate with respect to the matter for which Hogan Lovells will be retained under 11 U.S.C. § 327(e).

☐ Other; explain: _____

See also Cert. of Katyal attached hereto as Exhibit A.

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

WHEREFORE, LTL Management respectfully requests authorization to employ Hogan Lovells, effective as of April 4, 2022, to render services in accordance with this Application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date: May 4, 2022

/s/ *John K. Kim*
John K. Kim
Chief Legal Officer

NAI-1529403533