# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875 <br><br> Honorable Renée Marie Bumb, District Court Judge |
| **This Document Relates to All Actions** | |

## DEFENDANTS ZHEJIANG HUAHAI PHARMACEUTICAL CO., LTD., HUAHAI U.S., INC., PRINSTON PHARMACEUTICAL INC., AND SOLCO HEALTHCARE U.S., LLC'S REPLY MEMORANDUM IN SUPPORT OF OBJECTIONS TO AND MOTION TO REVERSE SPECIAL MASTER'S ORDER DENYING LEAVE TO FILE SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES

# TABLE OF CONTENTS

**Page**

ARGUMENT ................................................................................................1

I.      THE ZHP DEFENDANTS' PROPOSED AMENDMENT IS NOT
        FUTILE.............................................................................................1

        A.      Defendants Have A Legitimate Defense As To EmblemHealth. .........1

        B.      Defendants Have A Legitimate Defense As To SummaCare................3

II.     THE ZHP DEFENDANTS' PROPOSED AMENDMENT WOULD
        NOT UNDULY PREJUDICE PLAINTIFFS.................................................6

III.    THE ZHP DEFENDANTS HAVE NOT UNDULY DELAYED IN
        MOVING TO AMEND.................................................................................8

        CONCLUSION .................................................................................13

i

# TABLE OF CONTENTS

**Page(s)**

## CASES

*Ajax Enterprises v. Fay*,
    No. 04-4539, 2007 WL 766335 (D.N.J. Mar. 7, 2007) ....................... 6, 8, 10

*Arista Records, Inc. v. Flea World, Inc.*,
    356 F. Supp. 2d 411 (D.N.J. 2005) ................................................................11

*In re Asbestos Products Liability Litigation (No. VI)*,
    921 F.3d 98 (3d Cir. 2019) .............................................................................13

*Barkauskie v. Indian River School District*,
    951 F. Supp. 519 (D. Del. 1996) .....................................................................7

*Blackstone Partners, L.P. v. Sympak, Inc.*,
    No. 05-1451 (WHW), 2006 WL 8457300 (D.N.J. Jan. 27, 2006) ...............13

*Blue Ash Auto Body, Inc. v. Frank*,
    190 N.E.3d 1180 (Ohio Ct. App. 2022) .........................................................5

*Bluebird Partners, L.P. v. First Fidelity Bank, N.A.*,
    731 N.E.2d 581 (N.Y. 2000) ..........................................................................2

*Bode & Grenier, LLP v. Knight*,
    808 F.3d 852 (D.C. Cir. 2015) ................................................................ 11, 12

*Carson v. Estate of Golz*,
    No. 17-cv-01152-RBJ-MEH, 2019 WL 1513199
    (D. Colo. Apr. 8, 2019) .................................................................................12

*Devoy v. Tricomm Services, Inc.*,
    No. 02-375 (JBS), 2002 U.S. Dist. LEXIS 288703
    (D.N.J. Oct. 15, 2002) ....................................................................................9

*DLJ Mortgage Capital, Inc. v. Sheridan*,
    975 F.3d 358 (3d Cir. 2001) .................................................................... 10, 11

*DynaEnergetics Europe GmbH v. Hunting Titan, Inc.*,
629 F. Supp. 3d 548 (S.D. Tex. 2022) ............................................................11

*Eddy v. Virgin Islands Water & Power Authority*,
256 F.3d 204 (3d Cir. 2001) ........................................................................12

*Heyl & Patterson International, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*,
663 F.2d 419 (3d Cir. 1981) ....................................................................8, 10

*Hiles v. NovaStar Mortgage, Inc.*,
No. 1:12-cv-392, 2012 WL 4813775 (S.D. Ohio Oct. 10, 2012)...............3, 4

*John Wyeth & Brother Limited v. CIGNA International Corp.*,
119 F.3d 1070 (3d Cir. 1997) .......................................................................13

*Justinian Capital SPC v. WestLB AG*,
65 N.E.3d 1253 (N.Y. 2016) ......................................................................2, 3

*Juul Labs, Inc. v. 4X PODS*,
No. 18-15444 (KM) (MAH), 2020 WL 2029327
(D.N.J. Apr. 28, 2020) ....................................................................................7

*Long v. Wilson*,
393 F.3d 390 (3d Cir. 2004) ........................................................................10

*Maslowski v. Prospect Funding Partners LLC*,
944 N.W.2d 235 (Minn. 2020) .......................................................................4

*Rancman v. Interim Settlement Funding Corp.*,
789 N.E.2d 217 (Ohio 2003) ..........................................................................4

*Rivera v. Gupta*,
No. 13-cv-056, 2018 WL 9142121 (W.D. Wis. Apr. 6, 2018) ....................11

*Sprint Communications. Co. v. APCC Services, Inc.*,
554 U.S. 269 (2008)....................................................................................4, 5

*Sumotext Corp. v. Zoove, Inc.*,
    No. 16-cv-01370-BLF, 2017 U.S. Dist. LEXIS 98625
    (N.D. Cal. June 26, 2017) ...................................................................................9

*Three-C Body Shops v. Francois*,
    No. 19AP-471, 2020 WL 5821316 (Ohio Ct. App. Sept. 30, 2020) ...............5

*Trust for Certificate Holders of Merrill Lynch Mortgage Investors, Inc. v.*
    *Love Funding Corp.*,
    918 N.E.2d 889 (N.Y. 2009) ....................................................................2, 3

*Venuto v. Atlantis Motor Group, LLC*,
    No. 17-3363, 2020 WL 998945 (D.N.J. Mar. 2, 2020) ..................................6

*West Broad Chiropractic v. American Family Insurance*,
    912 N.E.2d 1093 (Ohio 2009) .......................................................................5

## STATUTES

New York Judiciary Law § 489 ...................................................................................1

Ohio Revised Code § 1349.55 ....................................................................................3

## RULE

Fed. R. Civ. P. 16(b)(4)...............................................................................................9

Plaintiffs' opposition brief, which is largely copied verbatim from their submission to the Special Master, does not cite to the ZHP Defendants' objections a single time.  Nor does it come close to showing:  (1) that the proposed amendments are futile; (2) that they would cause undue prejudice; or (3) that leave should be denied on timeliness grounds alone.  The Court should sustain the ZHP Defendants' objections to the Special Master's order and allow leave to amend the answer.

## ARGUMENT

## I.    THE ZHP DEFENDANTS' PROPOSED AMENDMENT IS NOT FUTILE.

### A.    Defendants Have A Legitimate Defense As To EmblemHealth.

Plaintiffs do not defend the actual reasoning that the Special Master gave for suggesting that a champerty defense under New York law might be futile—namely that the EmblemHealth Assignment was a "substantial transaction" assigning many claims and many lawsuits at once, rather than a transaction focused on valsartan. Nor could they.  As the ZHP Defendants explained in their opening brief, the Special Master's distinction between purchasing lawsuits one at a time and purchasing lawsuits in bulk finds no support in either the text of New York Judiciary Law § 489 or in the public policy concerns that statute embodies.  (*See* Defs.' Objs. at 6-7, ECF 2710-1 ("Objs.").)

Instead, Plaintiffs' argument on this score is that "litigation" was merely "*a potential consequence of the [EmblemHealth] assignment, it [was] not the *sole*

purpose to the exclusion of all others" because they might have sought recovery through other non-litigious "commercially reasonable means." (Opp'n at 9-10, ECF 2724 ("Opp'n").) Such speculation about "other possible sources of recovery" outside of litigation could not even suffice to save a *plaintiff* from summary judgment on this defense, according to New York's highest court. *Justinian Cap. SPC v. WestLB AG*, 65 N.E.3d 1253, 1257 (N.Y. 2016). At a minimum, though, "the question of intent and purpose of the purchaser or assignee of a claim" presents "a factual one to be decided by the trier of facts," *Bluebird Partners, L.P. v. First Fid. Bank, N.A.*, 731 N.E.2d 581, 588 (N.Y. 2000) (citation omitted) (cited in Opp'n at 8), not a question to be decided on the pleadings. For instance, Plaintiffs argue that their assignments should be read to provide for recovery "through methods 'including' *but not limited to* litigation" (Opp'n at 9 (quoting ECF 2672-3, at 3)), even though those are the not the actual words in the assignment. Rather, Plaintiffs are making an inference, which (if permissible at all) is plainly the province of a jury, and not appropriate under the motion-to-dismiss standard that governs here.

Relying on *Trust for Certificate Holders of Merrill Lynch Mortgage Investors, Inc. v. Love Funding Corp.* ("*Love Funding*"), Plaintiffs also seek to draw a distinction between "'one who acquires a right in order to make money from litigating it and one who acquires a right in order to enforce it' . . . 'by litigation.'" (Opp'n at 10 (quoting 918 N.E.2d 889, 894 (N.Y. 2009)).) *Love Funding*, however,

turned on the fact that the plaintiff was seeking "to collect damages for losses on a debt instrument in which it [held] a pre-existing proprietary interest" prior to the assignment. 918 N.E.2d at 893 (citation omitted). Here, Plaintiffs had no interest in EmblemHealth's business until they purchased the right to sue. To the extent language in *Love Funding* suggested that champerty can only be found when the plaintiff seeks to profit "from [the act of] litigating," *id.* at 894, rather than to recover a genuine debt, it has been overruled by *Justinian Capital*. *See* 65 N.E.3d at 1254 (assignment was champertous as a matter of law, even though the assignors would have had a valid claim for "fraud . . . in managing two investment vehicles"); *see id.* at 1256 n.3 ("We reject [plaintiff's] contention that Judiciary Law § 489 has no application unless the underlying claim . . . was brought . . . to secure 'costs.'").

## B. Defendants Have A Legitimate Defense As To SummaCare.

Plaintiffs first argue that a 2008 statute abrogated Ohio's common-law doctrine of champerty. Not so. As the ZHP Defendants explained in their opening brief, the statute at issue, Ohio Revised Code § 1349.55, simply establishes disclosure requirements for litigation financing agreements, and in any event, does not apply except where a claim is already pending at the time of assignment. (Objs. at 9-10.) Courts have continued to apply the doctrine of champerty since its enactment. (*Id.* at 10 (citing *Hiles v. NovaStar Mortg., Inc.*, No. 1:12-cv-392, 2012 WL 4813775, at *4 (S.D. Ohio Oct. 10, 2012)).) To argue to the contrary, Plaintiffs

misstate the passing reference to Ohio law made by the Minnesota Supreme Court in *Maslowski v. Prospect Funding Partners LLC*.  As the ZHP defendants also explained in their opening brief, that court merely noted that Ohio "regulate[s] consumer litigation financing agreements."  (Objs. at 10 (quoting 944 N.W.2d 235, 241 n.4 (Minn. 2020)).)

Plaintiffs alternatively argue that the common-law doctrine of champerty would not apply to the facts of this case.  Citing *Rancman v. Interim Settlement Funding Corp.*, 789 N.E.2d 217 (Ohio 2003) and *Sprint Communications. Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008), they contend that "[a]ssignments, whereby the assignee serves as a party (as opposed to a nonparty exerting control over the case), are permitted."  (Opp'n at 7.)  While *Rancman* found an assignment to be champertous in a case where the assignor remained the named plaintiff, the court did not hold that the doctrine was necessarily limited to those circumstances. Moreover, the policy rationale underlying its holding—that "a lawsuit is not an investment vehicle" and "[s]peculating in lawsuits is prohibited by Ohio law"— applies equally regardless of who is named as the party.  *Rancman*, 789 N.E.2d at 221.  And, subsequently, in *Hiles*, an Ohio federal court found an assignment to be void for champerty even though the assignee served as the named plaintiff.  *See* 2012 WL 4813775, at *4. As for *Sprint Communications*, that case involved only Article

4

III standing, as the ZHP defendants also explained in their objections. (*See* Objs. at 12 (citing 554 U.S. 269 (2008)).)

The SummaCare assignment is independently void because Ohio prohibits the assignment of a future interest where the assignor has "not [yet] filed a claim" and "not [yet] established liability or the right to damages." *W. Broad Chiropractic v. Am. Fam. Ins.*, 912 N.E.2d 1093, 1096 (Ohio 2009). *West Broad Chiropractic* and its progeny make crystal clear that absent "an existing and present determination of liability and [the] right to damages," there can be no assignment. *Three-C Body Shops v. Francois*, No. 19AP-471, 2020 WL 5821316, at *3 (Ohio Ct. App. Sept. 30, 2020) (individual injured in a car accident could not assign claims against at-fault driver, although he had "the right to an action against the tortfeasor, and a cause of action may have accrued at the time").[1]

Faced with this precedent, Plaintiffs claim that they were assigned "*then-existing* rights to recover payments." (Opp'n at 7.) To explain why EmblemHealth's rights were any more tangible or "then-existing" than the rights an injured motorist has against an at-fault driver, Plaintiffs note that the assignment took place "before the alleged [VCD] contamination . . . was disclosed." (*Id.* (quoting ECF 2701, at

---

[1]      Ohio state court cases on this issue—*W. Broad Chiropractic*, *Three-C Body Shops*, and *Blue Ash Auto Body, Inc. v. Frank*, 190 N.E.3d 1180 (Ohio Ct. App. 2022)—involve essentially the same fact pattern: an attempt by an injured motorist to assign tort claims against an at-fault driver (or that driver's insurer).

5).)  That makes no sense at all.  Far from rendering EmblemHealth's rights "vested" (Opp'n at 8), it means that, at the time of assignment, those rights were *even more speculative* than the tort claims Ohio courts have held to be non-assignable.

## II.  THE ZHP DEFENDANTS' PROPOSED AMENDMENT WOULD NOT UNDULY PREJUDICE PLAINTIFFS.

Plaintiffs' effort to establish prejudice also fails.

*First*, Plaintiffs argue that "[h]ad champerty been raised as an affirmative defense earlier, [they] would have moved for summary judgment" as to the issue. (Opp'n at 13.)  But, as previously discussed, it is entirely normal for pleadings to be amended at or after summary judgment (or even at trial), and the potential need to file an additional brief does not rise to the level of prejudice required to deny leave to amend.  (*See* Objs. at 15-16 (citing *Venuto v. Atlantis Motor Grp., LLC*, No. 17-3363, 2020 WL 998945, at *5 (D.N.J. Mar. 2, 2020) and *Ajax Enters. v. Fay*, No. 04-4539, 2007 WL 766335, at *2 (D.N.J. Mar. 7, 2007)).)  Plaintiffs cite no authority to the contrary.

*Second*, Plaintiffs argue that "inclusion of champerty as a defense would require 'extensive' additional discovery, and, potentially, substitution of the class representative."  (Opp'n at 14.)  Plaintiffs do not explain what additional discovery is necessary or why it is substantial (in fact, most of the relevant evidence has likely already been discovered).  Nor do they explain whether they would actually seek to substitute a new class representative.  But even if Plaintiffs were factually correct,

the scenario would have been ***exactly the same*** if the defenses had been timely pled in the first answer in December 2023.  After all, that answer was filed after discovery was already closed, after the class was certified, and after MSP had been chosen as the sole class representative for the bellwether trial.  To the extent assertion of these defenses would "throw a wrench in this case" (*id.*), the same would have been true had they been asserted in the answer.  At bottom, Plaintiffs' complaint relates to either the existence of the defenses in the first place or the case schedule set by the Court.  But the relevant question is whether the ZHP Defendants' ***delayed assertion*** of the defenses caused substantial prejudice, and it did not.  *See Barkauskie v. Indian River Sch. Dist.*, 951 F. Supp. 519, 528 (D. Del. 1996) ("'Prejudice' for the purpose of Rule 15(a) does not concern potential prejudice from the nature of the claims sought to be added; it concerns only the prejudice resulting from the fact of adding new claims at a late date.").

***Third***, Plaintiffs argue in a footnote that addition of these defenses would "require [their] counsel to expend substantial additional time and energy . . . to prepare a response" for trial.  (Opp'n at 14 n.5.)  But "[m]ere inconvenience in defending [or prosecuting] a suit does not constitute undue prejudice." *Juul Labs, Inc. v. 4X PODS*, No. 18-15444 (KM) (MAH), 2020 WL 2029327, at *4 (D.N.J. Apr. 28, 2020) ("Any increased expenditure of resources to defend these new claims account for merely . . . 'incidental prejudice' . . . .").  If the need for additional trial

preparation were genuinely sufficient to deny leave to amend, it would abrogate longstanding law that "amendments may be made during trial" or shortly before. *Ajax Enters.*, 2007 WL 766335, at *2; *see, e.g.*, *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 424-36 (3d Cir. 1981) (upholding defendants' addition of new affirmative defenses specified in opening statement).[2]  Anyway, given the trial delay, Plaintiffs' counsel has at least as much time to prepare as they would have had if these defenses had been pled in December and trial had gone forward as scheduled in March.

## III.   THE ZHP DEFENDANTS HAVE NOT UNDULY DELAYED IN MOVING TO AMEND.

Finally, Plaintiffs argue that "the motion to amend was untimely."  (Opp'n at 10.)  As explained in the ZHP defendants' opening brief, however, "[d]elay alone is not sufficient to justify denial of leave to amend."  (Objs. at 16.)  Plaintiffs' various arguments in response lack merit.

---

[2]     Plaintiffs contend that *Heyl* is "distinguishable" because the plaintiff there claimed that he had been duped into believing that the government had conditionally waived the right to plead further defenses.  (Opp'n at 14 n.4.)  But the Third Circuit upheld the amendment both because the government's decision not to raise the purely legal defense until opening statements at trial did not rise "to the level of deliberate deception or flagrant abuse and there was no prejudice proven"—i.e., that the plaintiff failed to identify "what evidence it would have presented in view of the [g]overnment's alleged change in theory."  *Heyl*, 663 F.2d at 426-27.  Plaintiffs' claim of prejudice is far weaker than what the Third Circuit deemed inadequate to defeat amendment in *Heyl*.

*First*, Plaintiffs contend that because the ZHP Defendants have known of these potential defenses for some time, they cannot "establish 'good cause' for allowing amendment after the expiration of the deadline to [a]nswer." (Opp'n at 11.) In so arguing, Plaintiffs seek to engraft the more stringent "good cause" requirement of Rule 16(b)(4) onto the liberal Rule 15 standard that plaintiffs concede governs. (*Id.* at 5.)

The Special Master never mentioned Rule 16, and rightly so. That rule provides that a "***schedule*** may be modified only for good cause," Fed. R. Civ. P. 16(b)(4) (emphasis added)—and logically can only be triggered with respect to amending pleadings when a court has "set a deadline for filing of motions to amend," *Devoy v. Tricomm Servs., Inc.*, No. 02-375 (JBS), 2002 U.S. Dist. LEXIS 28870, at *17 n.3 (D.N.J. Oct. 15, 2002); *see also, e.g.*, *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, 2017 U.S. Dist. LEXIS 98625, at *5 (N.D. Cal. June 26, 2017) ("Where, as here, the [c]ourt's scheduling orders do not set a deadline for amendments to the pleadings, a motion for leave to amend is evaluated under Federal Rule of Civil Procedure 15."). In this case, while the Court imposed a deadline for serving answers, it did not purport to set any limits on when defendants may seek to amend those answers; thus, "the heightened standard of good cause under Rule 16(b) does not apply." *Devoy*, 2002 U.S. Dist. LEXIS 28870, at *17 n.3. Under the applicable Rule 15 standard, "the mere fact that [a party's] motion could have been

9

filed earlier is not determinative on whether its proposed amendment should be granted." *Ajax Enters.*, 2007 WL 766335, at *2.

**Second**, Plaintiffs argue that "[c]ourts routinely deny amendment late in litigation, especially after summary judgment briefing and when amendment is sought just before trial." (Opp'n at 11.) As already mentioned, the fact that summary judgment motions have been filed is no basis to deny amendment. And this case is no longer "just before trial"—no trial date has been set at all.[3]

None of Plaintiffs' authority is to the contrary. Most of it involves amendment far closer to the time of trial. And even in those circumstances, none of the cases suggest a departure from longstanding Third Circuit authority that delay alone (absent significant prejudice to the non-moving party) cannot justify denying a motion to amend. *See Long v. Wilson*, 393 F.3d 390, 400-01 (3d Cir. 2004) (citing *Heyl* for the proposition that no explanation is needed for a significant delay "if there is no prejudice" to the non-movant).

Plaintiffs principally rely on *DLJ Mortgage Capital, Inc. v. Sheridan*, 975 F.3d 358 (3d Cir. 2001). But that case involved a new defense asserted ***the night before trial***, and turned on the fact that adding the defense that late would have required

---

[3]     Plaintiffs miss the point when they argue that "[t]he Court's need to postpone the trial . . . does not excuse ZHP's delay." (Opp'n at 2.) The point of the amendment rules is not to punish a "misstep by counsel," but rather "to facilitate a proper decision on the merits." *Heyl & Patterson*, 663 F.2d at 426 (citation omitted).

additional discovery from both parties and nonparties and "would have prejudiced" the plaintiff. *Id.* at 369-70. The only other case Plaintiffs cite from this circuit, *Arista Records, Inc. v. Flea World, Inc.*, arguably supports the ZHP Defendants' position; it held that since the amended answer was not filed "on the eve of trial" or "several years after the original pleading," the plaintiff would have to show prejudice, "such as reliance by the [c]ourt or by the opposing party." 356 F. Supp. 2d 411, 420 (D.N.J. 2005).

The handful of out-of-circuit cases cited by Plaintiffs are similarly inapposite. For starters, Plaintiffs' own description of the cases makes clear that all but one of them involved amendments much closer to trial than the one proposed here. (*See* Opp'n at 11 (citing *DynaEnergetics Europe GmbH v. Hunting Titan, Inc.* 629 F. Supp. 3d 548 (S.D. Tex. 2022) ("shortly before trial"); *Rivera v. Gupta*, No. 13-cv-056, 2018 WL 9142121, at *1 (W.D. Wis. Apr. 6, 2018) (41 months after he original answer and approximately "six weeks before trial"); *Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015) ("only days before trial")).) But the differences do not stop there. *DynaEnergetics* addressed the inapplicable "good cause" requirement of Rule 16 and, in any event, turned in large measure on the fact that the defendant's proposed amendment would cause prejudice, "require [p]laintiffs' experts to amend their reports," and "delay resolution of th[e] case." 629 F. Supp. 3d at 594-95, 605. *Bode & Grenier* found prejudice where a defense would "reshape

the landscape of the litigation."  808 F.3d at 860.  And *Carson v. Estate of Golz* involved an amendment "to relitigate issues . . . already ruled upon" that was "firmly in[] bad faith territory."  No. 17-cv-01152-RBJ-MEH, 2019 WL 1513199, at *2-3 (D. Colo. Apr. 8, 2019).

*Third*, plaintiffs assert that the ZHP Defendants "waived" their new defenses. (Opp'n at 12.)  Notably the Special Master never invoked waiver or any related doctrine.  And the only case Plaintiffs cite in support of their one-sentence argument *reversed* a district court's waiver finding because the court did "not address the possibility of a late amendment of the answer with leave of court" and ordered the lower court on remand to "inquire whether the defendants violated any scheduling orders in raising the defense . . . , whether they delayed asserting the defense for tactical purposes or any improper reason, and, most important, whether the delay prejudiced the plaintiff's case."  *Eddy v. V.I. Water & Power Auth.*, 256 F.3d 204, 209-10 (3d Cir. 2001).  Here, as discussed above, there is no violation of any scheduling order, there is no prejudice, and the ZHP Defendants properly sought leave to amend in a formal motion.  Accordingly, Plaintiffs' claim of waiver fails under their own sole authority.[4]

---

[4]     Plaintiffs also claim that "Defendants abandoned and forfeited" the defenses by making only "passing references to champerty" in challenging the adequacy and typicality of MSP as a class representative in their class certification briefing. (Opp'n at 12 n.3.)  But it is Plaintiffs who have waived this argument by hiding it in

*(cont'd)*

## **CONCLUSION**

For the foregoing reasons, as well as those articulated in the opening brief, the

ZHP Defendants respectfully request that the Court sustain their objections to the

Special Master Order and grant their second motion to amend.

Dated: May 24, 2024                     Respectfully submitted,

                                         By: */s/ Jessica Davidson*
                                         SKADDEN, ARPS, SLATE, MEAGHER &
                                         FLOM LLP
                                         Jessica Davidson (NY Bar No. 6034748)
                                         Allison M. Brown (NJ Bar No. 044992012)
                                         One Manhattan West
                                         New York, New York 10001
                                         Phone: (212) 735-3222
                                         Fax: (917) 777-3222
                                         jessica.davidson@skadden.com
                                         allison.brown@skadden.com

                                         Nina R. Rose (DC Bar No. 975927)
                                         SKADDEN, ARPS, SLATE, MEAGHER &
                                         FLOM LLP
                                         1440 New York Avenue, N.W.
                                         Washington, D.C. 20005
                                         Telephone: (202) 371-7000
                                         Facsimile: (202) 661-0525

---

a footnote. *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived."). In any event, Plaintiffs' two cases are inapposite. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 107-08 (3d Cir. 2019) (waived personal jurisdiction defense by actively litigating and forfeited it by acquiescing when court proceeded as if issue had been waived); *Blackstone Partners, L.P. v. Sympak, Inc.*, No. 05-1451 (WHW), 2006 WL 8457300, at *3 (D.N.J. Jan. 27, 2006) (failure to address argument in opposition to dispositive motion effectively "abandon[ed]" any opposition to it).

nina.rose@skadden.com

*Attorneys for Zhejiang Huahai*
*Pharmaceutical Co., Ltd., Huahai U.S.,*
*Inc., Prinston Pharmaceutical Inc., and*
*Solco Healthcare U.S., LLC*

14

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 24, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ *Jessica Davidson*
Jessica Davidson (NY Bar No. 6034748)