# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br><br><br>*This Documents Relates to All Actions* | MDL No. 2875<br><br>Honorable Renée Marie Bumb, District Judge |

**DEFENDANT ZHP'S RESPONSE TO PLAINTIFFS' BRIEF IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES, EXPENSES AND MONETARY SANCTION PURSUANT TO SPECIAL MASTER ORDER NO. 98**

## **TABLE OF CONTENTS**

**Page**

I. PLAINTIFFS' PROPOSED MONETARY SANCTIONS ARE NOT AUTHORIZED UNDER THIRD CIRCUIT LAW. ...................................... 1

    A. The Fine Proposed By Plaintiffs Is A Criminal Sanction Not Authorized By SMO 98. ................................................................. 2

    B. Even If A Monetary Sanction Were Appropriate, Plaintiffs' Proposed Per-Diem Sanction Is Unfair And Illogical. ........................ 7

II. ZHP RESERVES THE RIGHT TO CHALLENGE THE REASONABLENESS AND APPROPRIATENESS OF PLAINTIFFS' PROPOSED FEES AND COSTS. ......................................... 9

CONCLUSION ................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Beverly v. Interior Electric Inc. Nevada*,
  No. 21-55645, 2023 U.S. App. LEXIS 1715 (9th Cir. Jan. 23, 2023)............2

*Bloom v. Illinois*,
  391 U.S. 194 (1968)................................................................................3

*Camerons Hardware Inc. v. Independence Blue Cross*,
  363 F. App'x 197 (3d Cir. 2010)................................................................8

*Cassady v. Owens*,
  No. CV408-250, 2010 WL 6268440 (S.D. Ga. Dec. 7, 2010) ......................4

*Harris v. City of Philadelphia*,
  47 F.3d 1311 (3d Cir. 1995).................................................................3, 4

*Hicks ex rel. Feiock v. Feiock*,
  485 U.S. 624 (1988)................................................................................3

*International Union, United Mine Workers of America v. Bagwell*,
  512 U.S. 821 (1994)................................................................................3

*In re Kendall*,
  712 F.3d 814 (3d Cir. 2013)....................................................................6

*Martin v. Brown*,
  63 F.3d 1252 (3d Cir. 1995)....................................................................2

*Robin Woods Inc. v. Woods*,
  28 F.3d 396 (3d Cir. 1994)....................................................................10

*Roe v. Wyndham Worldwide, Inc.*,
  No. 18-1525-RGA-SRF, 2023 WL 5348862 (D. Del. Aug. 21, 2023)...........2

*In re Sealed Case*,
    932 F.3d ............................................................................................................. 6

*United States v. Twentieth Century Fox Film Corp.*,
    882 F.2d 656 (2d Cir. 1989) ............................................................................. 4

**RULES**

Fed. R. Crim. P. 42(a) ............................................................................................. 4

Fed. R. Crim. P. 42(b) ............................................................................................. 4

Defendant Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP") hereby submits its response to Plaintiffs' brief in support of request for attorneys' fees, expenses and monetary sanction pursuant to Special Master Order No. 98 ("SMO 98").

As a preliminary matter, ZHP reiterates its general objections to SMO 98 and reserves all rights to challenge the order in full. But the Special Master has ordered ZHP to respond to Plaintiffs' proposal regarding monetary penalties. Accordingly, ZHP respectfully submits the following objections: (1) the proposed per-day sanction is contrary to law because it is not designed to compensate Plaintiffs for any loss, nor to compel compliance with the Court's order, and therefore amounts to a criminal sanction that requires a jury finding of criminal contempt; and (2) the proposed per-day sanction would unfairly punish ZHP for the Special Master's nearly two-year delay in ruling on the motion for sanctions, during which time at least part of the basis for sanctions became moot.

Additionally, ZHP reserves its right to challenge the attorneys' fees and costs sought by Plaintiffs. Without knowing whether the District Court will reverse some or all of the findings in SMO 98, it is impossible to determine whether the requested fees reasonably relate to any sanctionable conduct.

I. **PLAINTIFFS' PROPOSED MONETARY SANCTIONS ARE NOT AUTHORIZED UNDER THIRD CIRCUIT LAW.**

The significant monetary sanction proposed by Plaintiffs—separate and apart from their request for fees and costs—is contrary to law because ZHP has not been

held in criminal contempt. Moreover, the per-day penalties proposed by Plaintiffs would punish ZHP for the fact that the motion was pending for two years, which cannot possibly be the fault of ZHP.

> **A.    The Fine Proposed By Plaintiffs Is A Criminal Sanction Not Authorized By SMO 98.**

In addition to seeking fees and costs, Plaintiffs propose that ZHP should have to pay an astronomical fine just shy of a million dollars as a supposed civil discovery sanction. (*See* Pls.' Br. at 12-16 (proposing a fine of no less than $1,000 per day from December 15, 2021 to the date of payment, which Plaintiffs estimate to equal $877,000 at a minimum).) Such a significant monetary sanction is only available following a jury finding of criminal contempt, which has not been made here.

It is well recognized that "[a]bsent [a finding of] contempt, the only monetary sanctions Rule 37 authorizes are 'reasonable expenses' resulting from the failure to comply with discovery." *Martin v. Brown*, 63 F.3d 1252, 1263 (3d Cir. 1995) ("Rule 37 cannot justify the $500 sanction the district court imposed on Bender for her refusal to allow discovery."); *see also Roe v. Wyndham Worldwide, Inc.*, No. 18-1525-RGA-SRF, 2023 WL 5348862, at *4 (D. Del. Aug. 21, 2023) ("Rule 37 'authorizes only the imposition of costs and expenses that result from the particular misconduct the court sanctions.'") (citation omitted). But the record is devoid of ***any*** judicial finding of contempt. *Cf. Beverly v. Interior Elec. Inc. Nev.*, No. 21-55645, 2023 U.S. App. LEXIS 1715, at *4-5 (9th Cir. Jan. 23, 2023) (reversing

2

imposition of monetary penalties on non-parties for failing to comply with subpoena where the district court did not actually "find the non-parties in contempt in its order awarding attorney's fees, or at any other point"). To the contrary, the Special Master's order notes that "[t]he Restatement suggests a court should not impose sanctions of ***contempt***, dismissal, or default on a party for failure to comply with a court order that conflicts with foreign law unless the party has deliberately concealed the information or failed to make good faith efforts to secure permission from the foreign authorities to disclose the materials." (SMO 98 at 26-27 (emphasis added).)

Moreover, because the monetary fine is neither intended to compensate Plaintiffs for any injury, nor to coerce ZHP to comply with any outstanding discovery, it could only be assessed based on a finding of ***criminal*** contempt. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (noting that a fine "totaling even as little as $50" is considered "criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance"); *see also Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 635-36 (1988) (explaining that whether a sanction for contempt is criminal or civil depends on the character of the sanction imposed, not on the subjective intent of the Court). Criminal contempt "is a crime in the ordinary sense," *Bloom v. Illinois*, 391 U.S. 194, 201 (1968), and therefore can only be imposed after "procedural protections" akin to ordinary criminal proceedings, *Harris v. City of Philadelphia*, 47 F.3d 1311,

3

1329 (3d Cir. 1995). Among those are the right to a trial after notice and "a reasonable time to prepare a defense." Fed. R. Crim. P. 42(a).[1] Unless the offense and punishment can be classified as petty, "the requisite procedural protections" include "a jury trial." *Harris*, 47 F.3d at 1329 (reversing contempt sanction that was criminal in nature and imposed without a jury trial); *see United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656, 665 (2d Cir. 1989) ("[T]he [right to a jury trial] is available for a criminal contempt whenever the fine imposed on an organization exceeds $100,000."); *Cassady v. Owens*, No. CV408-250, 2010 WL 6268440, at *2 (S.D. Ga. Dec. 7, 2010) ("[A] criminal contempt proceeding is an independent criminal action requiring the protections provided by the federal criminal rules: A person prosecuted for a contempt (committed out of the court's presence) must be given notice of 'the essential facts constituting the charged criminal contempt' and informed of the criminal nature of the proceeding, the prosecution must be handled by a prosecutor appointed by the court for that purpose, and the alleged contemnor must be afforded the right to a jury trial (unless the court treats the contempt as merely a petty offense).") (citation omitted), *report & recommendation adopted*, No. CV408-250, 2011 WL 1042711 (S.D. Ga. Mar. 22,

---

[1] The Rule provides for summary punishment by an Article III judge of one "who commits criminal contempt in [the] presence [of] the judge." Fed. R. Crim. P. 42(b). That power does not extend to "a magistrate judge," much less to a special master, and, in any event, any alleged contempt here was not done in the presence of the Court, but rather on the other side of the world.

4

2011).

The proposed fine would clearly be criminal in nature because it is not intended to: (1) compensate Plaintiffs for any injury; or (2) coerce ZHP's compliance with the discovery orders at issue.

For one thing, Plaintiffs do not contend that they have suffered any monetary injury beyond their fees and costs, which have been assessed separately. (*See generally* Pls.' Br.) Further, such an exorbitant fine would not, and could not, encourage compliance with the discovery orders at issue at this point. The sanctions order is based in part on ZHP's alleged failure to provide document discovery ordered in SMO No. 54, but ZHP has already certified that it has fully complied with that Order. (*See* Certification of Richard T. Bernardo, Oct. 21, 2022 (attached to Oct. 21, 2022 Email from R. Bernardo to A. Slater & C. Geddis) (collectively, the "Bernardo Certification") (attached collectively as Ex. 1 to the Certification of Jessica Davidson).) In addition, to the extent the sanctions are based on Mr. Chen's inability to sit for a deposition during the discovery period, the imposition of a monetary penalty cannot change that. Discovery in valsartan cases has been closed for almost three years. (*See* ECF 863 (CMO No. 23) at 1 (setting the deadline for the completion of the "first phase of fact discovery" at June 1, 2021).) And it is the Chinese government, not ZHP, that precluded Mr. Chen from providing deposition testimony. Thus, the fine clearly is not intended to induce ZHP's compliance with

5

discovery. Rather, this would be a criminal sanction that is available only upon a jury finding of criminal contempt beyond a reasonable doubt, which has not and could not be made here given ZHP's good-faith attempts to comply with the Court's discovery orders. *See In re Kendall*, 712 F.3d 814, 831 (3d Cir. 2013) (vacating convictions for criminal contempt and noting "good-faith compliance is a defense to criminal contempt but not civil contempt").

Plaintiffs argue in their submission that ZHP is judicially estopped from objecting to the hefty monetary sanction proposed by Plaintiffs because, in opposing Plaintiffs' request for sanctions, ZHP argued that, if the request were granted, the sanctions should be monetary and that "ZHP advocated for" a "$50,000 a day monetary sanction." (*See* Pls.' Br. at 12-13.) This is a gross distortion of ZHP's prior briefing, which merely noted that Plaintiffs had **forfeited** the right to seek monetary sanctions by failing to seek any relief other than severe trial sanctions such as default judgment. (ECF 1900 at 34.) Moreover, the case ZHP cited for the proposition that courts have granted monetary sanctions in lieu of severe trial sanctions for discovery violations, *In re Sealed Case*, 932 F.3d at 932, 939-40, involved a civil contempt sanction specifically designed to encourage the plaintiffs to produce documents in their possession that had not been disclosed, and that the plaintiffs had the power to turn over. As explained above, none of these circumstances is present here. ZHP certified almost a year and a half ago that it had

6

produced all documents that were ordered produced. Further, ZHP lacks the power to force the Chinese government to allow Mr. Chen to travel for a deposition. Thus, imposition of an exorbitant fine against ZHP could not possibly encourage the deposition to move forward.

For all of these reasons, the significant, punitive monetary sanction proposed by Plaintiffs is inappropriate as a matter of law and should be rejected.

### B. Even If A Monetary Sanction Were Appropriate, Plaintiffs' Proposed Per-Diem Sanction Is Unfair And Illogical.

Plaintiffs' proposed monetary sanction is also improper because it would require ZHP to pay a daily monetary penalty based on the length of time Plaintiffs' sanctions motions has been pending before the Special Master—and how long it takes to resolve the appeal of that order to Chief Judge Bumb—which ZHP cannot control.

According to Plaintiffs, ZHP should be punished with an arbitrary sanction of at least $1,000-per-day to be "measured from the expiration of the deadline for Baohua Chen's deposition—at the latest (December 15, 2021), [that] only cease[s] accumulating as of the date ZHP pays the sanction amounts ordered in SMO 98 in full." (Pls.' Br. at 15.) Plaintiffs further assert that, since "a period of 877 days" has passed between "December 15, 2021 [and] the date of the issuance of SMO 98, May 10, 2024," that means that sanction would total $877,000 at the very least (*id.*)—and invariably much more given that time has passed since the order was issued and will

7

continue to pass as ZHP objected to that order before Chief Judge Bumb. But this type of per-diem fine makes no sense given the circumstances of this litigation.

As noted above, ZHP's counsel certified in October 2022 that all documents in ZHP's possession that had been ordered produced by the Court had been turned over to plaintiffs. (*See generally* Bernardo Certification.) Thus, any monetary sanction based on ZHP's purported failure to produce those materials could not fairly be assessed after the date of the production of those materials. In addition, as ZHP has demonstrated through numerous factual and legal declarations, Mr. Chen is unable to appear for a deposition in this case because the Chinese government restricted him from traveling outside mainland China to testify, a fact of which both Plaintiffs and the Special Master were made fully aware through the briefing on Plaintiffs' sanctions motion, which was completed in February 2022. The impossibility of presenting Mr. Chen for a deposition renders the imposition of any monetary sanction for his failure to appear after that point inappropriate. *See Camerons Hardware Inc. v. Indep. Blue Cross*, 363 F. App'x 197, 201 (3d Cir. 2010) (finding an abuse of discretion where court imposed a civil contempt sanction without determining whether the contemnor "was then unable to comply with the order or would be unable to do so in the foreseeable future" given "an order of civil contempt [is or will become] punitive if a contemnor is unable to comply with the order") (citation omitted). Notably, Plaintiffs fail to cite any authority suggesting

that per-diem sanctions are appropriate where, as here, a party lacks the ability to comply with an outstanding discovery order due to the actions of a third party (in this case, the Chinese government) and therefore a continuing, daily sanction will do nothing to facilitate the discovery sought and would instead be entirely punitive.

Plaintiffs also lack any legal support for the per-diem sanctions that include the almost two-year period that the parties were waiting for oral argument on, and the eventual resolution of, the sanctions motion, which ZHP could not control. It would be grossly unfair to force ZHP to pay hundreds of thousands of dollars in monetary penalties for alleged non-compliance during the time period that the parties were waiting for the Special Master's ruling as to whether any sanctions were appropriate at all. It would be similarly inappropriate to order per-diem sanctions continuing past the date of the sanctions order and during the pendency of ZHP's objections to the order to Chief Judge Bumb, who may take a different view of the issue.

For all of these reasons, Plaintiffs' proposed monetary penalty should be rejected.

## II. ZHP RESERVES THE RIGHT TO CHALLENGE THE REASONABLENESS AND APPROPRIATENESS OF PLAINTIFFS' PROPOSED FEES AND COSTS.

ZHP also reserves the right to challenge the reasonableness and appropriateness of Plaintiffs' purported fees and costs in pursuing the discovery at

9

issue in their sanctions motion, which Plaintiffs claim total more than $350,000. (Pls.' Br. at 16.) Without knowing what provisions, if any, of SMO 98 will be accepted by Chief Judge Bumb based on her *de novo* review of the order, ZHP cannot adequately assess whether Plaintiffs' requested fees are reasonable and appropriate.

For example, while the Special Master ordered that the time Plaintiffs spent drafting their proposed adverse inference instruction to the jury should be included in any request for fees (SMO 98 at 39 ¶ 2), that time would not be compensable if Chief Judge Bumb finds an adverse inference to be unwarranted as a matter of law. *See Robin Woods Inc. v. Woods*, 28 F.3d 396, 401 (3d Cir. 1994) (partially reversing award of attorneys' fees where the district court awarded "other expenses without an adjustment for the limited degree of [the party's] success," which the court noted could "only be characterized as arbitrary"). Similarly, should the District Court vacate the sanctions based on Mr. Chen's inability to sit for deposition due to the actions of the Chinese government, while affirming the sanctions based on alleged failure to produce documents, or vice versa, any time spent pursuing the rejected sanctions would not be subject to recovery. *See id*. And if any part of the sanctions order is reversed, it would be inappropriate for the entirety of the Special Master's fees in resolving the sanctions motion to be assessed to ZHP. *See id*.

In addition, the one-week period ZHP was permitted to submit this response to Plaintiffs' requests for fees and costs was not sufficient to allow ZHP to

10

meaningfully review and assess each of the individual attorney fee records, which span a period of almost four years, to confirm that they are reasonable in light of the status of the dispute between the parties during different time periods.

Accordingly, ZHP generally objects to Plaintiffs' requests for fees and costs and reserves the right to make specific objections to those requests after the District Court rules on ZHP's Objections to Special Master Order No. 98.

## CONCLUSION

For all of the reasons set forth above, the Special Master should reject Plaintiffs' request for monetary sanctions and reserve ruling on the propriety of Plaintiffs' proposed fees and costs until after Chief Judge Bumb has reviewed the sanctions order and ZHP has had the opportunity to assess the validity of Plaintiffs' fee request in light of the Chief Judge's ruling.

Dated: May 31, 2024    Respectfully submitted,

By: */s/ Jessica Davidson*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jessica Davidson (NY Bar No. 6034748)
Allison M. Brown (NJ Bar No. 044992012)
One Manhattan West
New York, New York 10001
Phone: (212) 735-3222
Fax: (917) 777-3222
jessica.davidson@skadden.com
allison.brown@skadden.com

Nina R. Rose (DC Bar No. 975927)
SKADDEN, ARPS, SLATE, MEAGHER &

11

FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 661-0525
nina.rose@skadden.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 31, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ *Jessica Davidson*
Jessica Davidson
