

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA 15219
412.263.2000     FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.: 412.263.1816
DIRECT FAX NO: 412.263.4246
FILE NO.: MYLAN-112578
EMAIL: cct@pietragallo.com

June 24, 2024

**Via ECF**

Special Master the Hon. Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower, 18th Floor
Philadelphia, PA 19103

Re:  *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
USDC, District of New Jersey, No. 1:19-md-2875-RMB

Dear Judge Vanaskie:

I write on behalf of the Defendants' Executive Committee to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on Tuesday, June 25, 2024. Defendants do not anticipate that any of the matters to be discussed at the conference will require confidentiality.

### 1. Losartan/Irbesartan Discovery Issues

Defendants previously submitted their position statement regarding losartan/irbesartan discovery (*see* ECF 2748), and will be prepared to address those topics during the status conference.

### 2. Plaintiffs' Untimely Request for "Punitive Damage" Discovery

On February 23, 2024, just 23 days before the originally scheduled trial date and years after the close of fact discovery, Plaintiffs served Defendants for the first time with a document titled "Plaintiffs' Notice to TPP Bellwether Trial Defendants to Produce Evidence of Financial Condition At Trial" ("Notice to Produce"), seeking seven categories of documents purportedly relating to Defendants' financial condition: financial statements, tax returns, bank statements, asset documentation, income documentation, liabilities, and trusts and other entities. The Notice to Produce does not identify the rule under which it is issued or the basis for Plaintiffs' untimely discovery demands for previously unrequested financial condition documents. Plaintiffs should be precluded from taking such discovery for multiple reasons.

*First*, Plaintiffs' Notice to Produce was neither timely nor the proper procedural vehicle by which to request this evidence. *See Galloway v. Islands Mech. Contractor, Inc.*, No. 2008-071,

Special Master the Honorable Thomas Vanaskie
June 24, 2024
Page 2

2013 U.S. Dist. LEXIS 5232, at *19 (D.V.I. Jan. 14, 2013) (quashing subpoenas "filed after the close of discovery" as "untimely"). As Judge Kugler reaffirmed multiple times, fact discovery in this case closed three years ago in June of 2021, making new discovery requests "clearly untimely." (ECF 2469 at 7-8.) Indeed, Plaintiffs have repeatedly argued – and Special Master Vanaskie and Judge Kugler have agreed – that Defendants are barred from seeking discovery that was not sought prior to the close of fact discovery, even if highly relevant to the claims at issue. (*See, e.g.*, ECF No. 2476 (SMO No. 84) at 4 (Special Master quashing subpoena issued to third party laboratory in 2022 despite acknowledging that "it does appear that the subpoena seeks discovery of potentially relevant information" because it was issued after close of discovery); ECF No. 2554 (Judge Kugler upholding Special Master's finding).) Similarly, Special Master Vanaskie recently precluded the ZHP Defendants from amending their Answer (submitted in December 2023 pursuant to Judge Kugler's order) to add highly relevant affirmative defenses only three months later on the grounds that the request to amend was untimely. (*See* ECF No. 2701 (SMO No. 97).) The same standard applies to Plaintiffs as to Defendants, and precludes Plaintiffs' belated request for "punitive damage" discovery.

**Second**, Plaintiffs' Notice to Produce violates Fed. R. Civ. P. 16(b) in deviating from the Court's scheduling orders and modifying the schedule without good cause or the Court's consent. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Plaintiffs have not shown good cause for this untimely request as they had ample time to request such evidence during discovery. *See Zimmerman v. Edwin A. Abrahamsen & Assocs.*, No. 15-CV-1174, 2017 U.S. Dist. LEXIS 137629, at *11 (M.D. Pa. Aug. 28, 2017) ("'With respect to diligence, to establish good cause, the party seeking an extension should show that more diligent pursuit was impossible.' Thus, if a more diligent approach was possible, and the delayed request was 'simply the result of carelessness or error,' that request to reopen the discovery period must be denied.") (citation omitted).

**Third**, to the extent MSP intended to serve a trial subpoena, that does not change the fact that these are untimely requests. "Trial subpoenas may be used to secure documents for trial preparation or to ensure the availability at trial of original documents previously disclosed by discovery." *E.E.O.C. v. Smokin' Joe's Tobacco Shop, Inc.*, No. 06-1758, 2007 WL 3287429, at *2 (E.D. Pa. Nov. 7, 2007) (citing *Puritan Inv. Corp. v. ASLL Corp.*, No. Civ.A. 97-1580, 1997 WL 793569 (E.D. Pa. Dec. 9, 1997)). "However, trial subpoenas may not be used as a means of engaging in discovery after the discovery deadline has passed." *Smokin' Joe's*, 2007 WL 3287429, at *2 (citing *BASF Corp. v. Old World Trading Co.*, No. 86 C 5602, 1992 WL 24076, at *2 (N.D. Ill. Feb. 4, 1992); *Hatchett v. United States*, No. 94-CV-74708-DT, 1997 WL 397730, at *3 (E.D. Mich. Feb. 28, 1997)).

**Fourth**, many of Plaintiffs' requests (which seek, *inter alia*, tax returns, bank statements, asset documentation, income documentation, liabilities, and trusts and other entities) are overly broad, unduly burdensome, untimely, not relevant to any claim or defense, and not proportional to the needs of the case, insofar as these documents provide no information regarding Defendants' financial condition that would not be encompassed within Defendants' financial statements. Plaintiffs have also failed to establish a compelling need for confidential communications between Defendants and government authorities or financial institutions like tax returns and bank

Special Master the Honorable Thomas Vanaskie
June 24, 2024
Page 3

statements, whose disclosure is limited as a matter of public policy. These requests also seek information that is not relevant with respect to punitive damages in light of Plaintiffs' failure to timely disclose an expert who could use these materials to provide testimony regarding Defendants' financial condition.

For all of these reasons, Plaintiffs' request to reopen fact discovery at this late date to seek information about Defendants' finances that they could have obtained years ago should be rejected.

Respectfully submitted,

Clem C. Trischler

c:	All counsel of record (via ECF)