# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

June 24, 2024

*Via ECF*
Honorable Thomas I. Vanaskie, Special Master
Stevens & Lee, P.C.
1500 Market Street, East Tower, 18th Floor
Philadelphia, Pennsylvania 19103

  Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
     No. 1:19-md-02875-RBK (D.N.J.)

Dear Judge Vanaskie:

Please accept this letter on behalf of Plaintiffs in advance of the June 25, 2024 case management conference.

### 1. Defendants Should Be Compelled to Produce Financial Information Related to Punitive Damages.

This request relates to the adjourned TPP economic loss class trial, as well as all future trials involving those and any other Defendants.  In the context of the TPP economic loss class trial, Plaintiffs first learned on February 20, 2024 that Defendants had collectively agreed to request that the Court not bifurcate punitive

Hon. Thomas I. Vanaskie, Special Master
June 24, 2024
Page 2

damages at trial. Defendants notified Plaintiffs by email on February 20, 2024 that: "Defendants do not seek to bifurcate punitive damages. Accordingly, to the extent punitive damages are not resolved on summary judgment, we anticipate they will be tried with the other issues at trial."

Prior to that, Plaintiffs expected that the Defendants would request bifurcation of the punitive damages claims, and that Defendants would not willingly provide discovery with regard to their financial information solely related to punitive damages at least until after the Court ruled on the pending dispositive motions (for example in line with the New Jersey Supreme Court's ruling in *Herman v. Sunshine Chemicals*, 133 N.J. 329, 627 A.2d 1081 (1993)), if not after Plaintiffs prevailed in the first phase of the trial. Plaintiffs communicated with Defendants regarding punitive damages discovery upon learning of Defendants' plan, and Defendants responded that they would not entertain any such requests, as it was too late.

Accordingly, on February 23, 2024, Plaintiffs served Trial Defendants a Notice to Produce in connection with Plaintiffs' punitive damages claims. Plaintiffs requested Trial Defendants produce, in both their original language and any versions in English, the following categories of documents evidencing Trial Defendants' relevant financial information, to supplement the publicly available information collected by Plaintiffs:

Hon. Thomas I. Vanaskie, Special Master
June 24, 2024
Page 3

1. <u>Financial Statements</u>: Copies of all financial statements, including but not limited to, income statements, balance sheets, annual reports, statements of net worth, statements of gross sales, revenues, profits, and cash flow statements, for the past three years, for all entities in which you have a financial interest or control.

2. <u>Tax Returns</u>: Copies of all federal and state tax returns filed by you in the United States for the past three years and, if you are incorporated or have your principal place of business in one or more other countries, copies of all national and provincial tax returns in each such country or countries filed by you in the past three years.

3. <u>Bank Statements</u>: Copies of all bank statements for all accounts held by you for the past three years.

4. <u>Asset Documentation</u>: Documentation evidencing ownership and valuation of all assets owned or controlled by you in the last three years, including subsidiaries, affiliates, real property, equipment, information technology hardware, inventories, intellectual property, vehicles, investments, receivables, and any other valuable assets.

5. <u>Income Documentation</u>: Documentation evidencing all sources of income received by you during the past three years, including but not limited to income from the sale of goods, sale of assets, interest, distributions from subsidiaries, government funding, affiliates or joint ventures, royalty income, rental income, and any other forms of income.

6. <u>Liabilities:</u> Documentation evidencing all outstanding liabilities and debts owed by you, including payables, mortgages, loans, liens, security interests, and any other financial obligations.

7. <u>Trusts and Other Entities</u>: Documentation relating to any trusts, corporations, partnerships, or other entities in which you have an ownership interest or control, including but not limited to, subsidiaries, affiliates, joint ventures, trust agreements, partnership agreements, and corporate bylaws.

Plaintiffs requested that Trial Defendants produce the documents at trial on

Hon. Thomas I. Vanaskie, Special Master
June 24, 2024
Page 4

March 18, 2024, or within three business days prior to trial. The ZHP, Torrent, and Teva Defendants served individual, but similar Responses and Objections to Plaintiffs' Notice to Produce on March 4, 2024, each refusing to produce any documents.

Defendants' primary argument appears to be that Plaintiffs' Notice to Produce was not timely served. But Plaintiffs served their Notice to Produce only three days after Defendants notified Plaintiffs that they are not seeking to bifurcate punitive damages. The request does not prejudice Defendants, which undoubtedly would have resisted the request earlier in the case as being premature. **Moreover, because the financial status of each entity undoubtedly changes with time, it is necessary for this information to be provided in connection with each trial setting.**

Discovery of Defendants' financial condition is obviously relevant because Plaintiffs' complaint includes punitive damages claims. Under the New Jersey Punitive Damages Act, for example, "once the trier of fact determines that punitive damages should be awarded, the trier of fact shall then consider evidence concerning the financial condition of the Defendant in determining the amount of those damages." *Graham v. Carino*, No. CIV.09-4501 JEI/AMD, 2010 WL 2483294, at *3 (D.N.J. June 4, 2010) (internal citations omitted).

Plaintiffs' request for current financial documents was timely and relevant to

Hon. Thomas I. Vanaskie, Special Master
June 24, 2024
Page 5

Plaintiffs' punitive damages claims. Moreover, as stated above, Plaintiffs will need this information and appropriate updates for all future trials, including the TPP economic loss class trial that has been adjourned to a new date to be determined. Defendants can readily produce this information and should be compelled to produce the requested financial documents at least 30 days before every scheduled trial.

To be clear, though the requested documents are relevant and would aid Plaintiffs in providing more detail about Defendants' respective financial conditions, if the documents are not provided, Plaintiffs will establish the financial condition of each Defendant through their publicly available filings, which have been listed on Plaintiffs' exhibit list. Unfortunately, Defendants have so far been unwilling to even confirm the key publicly available figures including their net worth and gross revenues, or the conversion calculations to US dollars. At the very least, Defendants should be required to provide their most up to date net worth and gross revenue data at least 30 days prior to each upcoming trial, and confirm the conversion calculations to US dollars.

Respectfully,

Adam M. Slater
Plaintiffs' Liaison Counsel

Cc: Counsel of record (via ECF)