# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

July 29, 2024

*Via ECF*
Honorable Thomas I. Vanaskie, Special Master
Stevens & Lee, P.C.
1500 Market Street, East Tower, 18th Floor
Philadelphia, Pennsylvania 19103

> Re:   *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*,
> No. 1:19-md-02875-RBK (D.N.J.)

Dear Judge Vanaskie:

Please accept this letter on behalf of Plaintiffs in advance of the July 31, 2024

case management conference.

**1. Defendants Should Be Compelled to Produce Financial Information Related to Punitive Damages.**

This issue has been discussed with the Court previously.  **Plaintiffs' request is for Defendants to each produce their up to date gross revenues and net worth to Plaintiffs at least 30 days before any trial that includes a punitive damages claim, in a form that can be utilized by Plaintiffs at trial**.  Plaintiffs provide a

Hon. Thomas I. Vanaskie, Special Master
July 29, 2024
Page 2

brief summary of the issue.

In the context of the TPP economic loss class trial, Plaintiffs first learned on February 20, 2024 that Defendants had collectively agreed to request that the Court not bifurcate punitive damages at trial. Defendants notified Plaintiffs by email on February 20, 2024 that: "Defendants do not seek to bifurcate punitive damages. Accordingly, to the extent punitive damages are not resolved on summary judgment, we anticipate they will be tried with the other issues at trial."

Prior to that, Plaintiffs expected that the Defendants would request bifurcation of the punitive damages claims, and that Defendants would not willingly provide discovery with regard to their financial information solely related to punitive damages at least until after the Court ruled on the pending dispositive motions (for example in line with the New Jersey Supreme Court's ruling in *Herman v. Sunshine Chemicals*, 133 N.J. 329, 627 A.2d 1081 (1993)), if not after Plaintiffs prevailed in the first phase of the trial. Plaintiffs communicated with Defendants regarding punitive damages discovery upon learning of Defendants' plan, and Defendants responded that they would not entertain any such requests, as it was too late.

Accordingly, on February 23, 2024, Plaintiffs served Trial Defendants a Notice to Produce in connection with Plaintiffs' punitive damages claims. Plaintiffs requested Trial Defendants produce, in both their original language and any versions

Hon. Thomas I. Vanaskie, Special Master
July 29, 2024
Page 3

in English, the following categories of documents evidencing Trial Defendants'
relevant financial information, to supplement the publicly available information
collected by Plaintiffs:

1.    Financial Statements: Copies of all financial statements,
including but not limited to, income statements, balance sheets, annual
reports, statements of net worth, statements of gross sales, revenues, profits,
and cash flow statements, for the past three years, for all entities in which you
have a financial interest or control.

2.    Tax Returns: Copies of all federal and state tax returns filed by
you in the United States for the past three years and, if you are incorporated
or have your principal place of business in one or more other countries, copies
of all national and provincial tax returns in each such country or countries
filed by you in the past three years.

3.    Bank Statements: Copies of all bank statements for all accounts
held by you for the past three years.

4.    Asset Documentation: Documentation evidencing ownership
and valuation of all assets owned or controlled by you in the last three years,
including subsidiaries, affiliates, real property, equipment, information
technology hardware, inventories, intellectual property, vehicles,
investments, receivables, and any other valuable assets.

5.    Income Documentation: Documentation evidencing all sources
of income received by you during the past three years, including but not
limited to income from the sale of goods, sale of assets, interest, distributions
from subsidiaries, government funding, affiliates or joint ventures, royalty
income, rental income, and any other forms of income.

6.    Liabilities: Documentation evidencing all outstanding liabilities
and debts owed by you, including payables, mortgages, loans, liens, security
interests, and any other financial obligations.

Hon. Thomas I. Vanaskie, Special Master
July 29, 2024
Page 4

      7.   <u>Trusts and Other Entities</u>: Documentation relating to any trusts, corporations, partnerships, or other entities in which you have an ownership interest or control, including but not limited to, subsidiaries, affiliates, joint ventures, trust agreements, partnership agreements, and corporate bylaws.

Plaintiffs requested that Trial Defendants produce the documents at trial on March 18, 2024, or within three business days prior to trial. The ZHP, Torrent, and Teva Defendants served individual, but similar Responses and Objections to Plaintiffs' Notice to Produce on March 4, 2024, each refusing to produce any documents.

Defendants' primary argument appears to be that Plaintiffs' Notice to Produce was not timely served. But Plaintiffs served their Notice to Produce only three days after Defendants notified Plaintiffs that they are not seeking to bifurcate punitive damages in the upcoming trial. The request does not prejudice Defendants, who undoubtedly would have resisted the request earlier in the case as being premature.

**Moreover, because the financial status of each entity undoubtedly changes with time, it will be necessary for this information to be updated and provided in connection with each trial involving a punitive damages claim.**

Discovery of Defendants' financial condition is obviously relevant because Plaintiffs' complaint includes punitive damages claims. Under the New Jersey Punitive Damages Act, for example, "once the trier of fact determines that punitive damages should be awarded, the trier of fact shall then consider evidence concerning

Hon. Thomas I. Vanaskie, Special Master
July 29, 2024
Page 5

the financial condition of the Defendant in determining the amount of those

damages." *Graham v. Carino*, No. CIV.09-4501 JEI/AMD, 2010 WL 2483294, at

*3 (D.N.J. June 4, 2010) (internal citations omitted).

Plaintiffs' request for current financial documents was timely and relevant to

Plaintiffs' punitive damages claims. Moreover, as stated above, Plaintiffs will need

this information and appropriate updates for all future trials, including the TPP

economic loss class trial that has been scheduled for November 2024—thus

requiring another update (this update would have been necessary even if the

information had been provided prior to the March 18, 2024 trial setting).

Defendants can readily produce their financial information and should be

compelled to produce the requested financial documents at least 30 days before

every scheduled trial.

After hearing oral argument on this issue in June, Judge Vanaskie stated:

> You know, I think plaintiffs are entitled to this discovery
> aside from the fact that, you know, **I don't view it as
> untimely**, I'll put it that way. That's my view. But it seems
> to me it's something that will come up trial by trial, and
> why don't we defer to the trial judge on this matter at this
> time.
>
> So I won't make a decision now and we'll leave it go until
> July 23rd.

Hon. Thomas I. Vanaskie, Special Master
July 29, 2024
Page 6

(6/25/2024 Tr. 15:9-16 (emphasis added)). At the recent CMC, Judge Bumb deferred Plaintiffs' request to Judge Vanaskie because of his familiarity with the procedural posture of the request. (7/23/2024 Tr. 284:17-18).

To be clear, though the full scope of requested documents is relevant, Plaintiffs will establish the financial condition of each Defendant through their publicly available filings, which have been listed on Plaintiffs' exhibit list if the information is not provided by the Defendants. Unfortunately, Defendants have so far been unwilling to even confirm the key publicly available figures including their net worth and gross revenues, or the conversion calculations to US dollars. **At the very least, Defendants should be required to provide their most up to date net worth and gross revenue data at least 30 days prior to each upcoming trial, and confirm the conversion calculations to US dollars.**

## 2. MSP's Assignments Are Valid as a Matter of Law.

Plaintiffs understood from the July 23, 2024, hearing that Defendants intend to contest the validity of MSP's assignments at trial. This came as a surprise to Plaintiffs, given that this has not been broached earlier, and that Judge Kugler has previously stated that MSP validly possesses standing and is an adequate class representative by virtue of the assignments, and moreover Judge Kugler has stated that the validity of the assignments is no longer at issue. (ECF 2657, Decert. Op., at

Hon. Thomas I. Vanaskie, Special Master
July 29, 2024
Page 7

9 ("Further, were MSPs status as a proper assignee contested, MSP would have to prove a valid assignment of which it is the valid assignee. **But, that status is not contested.**" (emphasis added)).) If Defendants' position is that Judge Kugler was wrong, which Plaintiffs would dispute, then Plaintiffs propose that they be given leave to file a targeted summary judgment motion on the assignment issue, as the question of validity is a legal question for the Court, not a fact question for the jury. Plaintiffs, among other things, can confirm for the Court in this briefing that the consideration was adequate-as-a-matter-of-law, including under-seal disclosure of the amounts paid. What Defendants cannot do is convert the November trial into a sideshow by prejudicially trumpeting the adequate-as-a-matter-law consideration amounts in front of the jury, the sole purpose of which would be to unfairly argue that MSP seeks many times more damages than what MSP paid for the assignments, which is a completely irrelevant and highly inflammatory purpose.

Respectfully,

Adam M. Slater
Plaintiffs' Liaison Counsel

Cc: Counsel of record (via ECF)