**PIETRAGALLO**
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
ATTORNEYS AT LAW

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA 15219
412.263.2000     FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.: 412.263.1816
DIRECT FAX NO: 412.263.4246
FILE NO.: MYLAN-112578
EMAIL: cct@pietragallo.com

July 29, 2024

**Via ECF**

Special Master the Hon. Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower, 18th Floor
Philadelphia, PA 19103

Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
USDC, District of New Jersey, No. 1:19-md-2875-RMB

Dear Judge Vanaskie:

I write on behalf of the Defendants' Executive Committee to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on Wednesday, July 31, 2024. Defendants do not anticipate that any of the matters to be discussed at the conference will require confidentiality.

1. **MSP's Assignments**

Defendants have asked in their trial brief [ECF 2681 at 10-12] that Plaintiff MSP Recovery Claims, Series LLC ("MSP"), which is asserting claims as the putative assignee of Group Health Incorporated and Health Insurance Plan of Greater New York ("Emblem") and Summacare, Inc. ("Summa"), be precluded at trial from submitting unauthenticated assignments as the basis for satisfying its burden of proof as to the validity of its assignments from Emblem and Summa. *See MSP Recovery Claims, Series LLC v. USAA Gen. Indem. Co.*, No. 18-21626-CIV, 2018 U.S. Dist. LEXIS 179891, at *27 (S.D. Fla. Oct. 19, 2018) ("It is Plaintiff's burden to show a valid

Special Master the Honorable Thomas Vanaskie
July 29, 2024
Page 2

assignment exists.").[1] MSP has responded in its trial brief that it intends to call Jorge Lopez of MSP to authenticate the assignment documents produced to date [ECF 2682 at 20-22]. Defendants argued at the July 23, 2024 case management conference that this will not satisfy MSP's burden of proof, because the consideration is absent from the assignments that were produced, and thus Defendants cannot stipulate to the validity of the assignments under governing Delaware and Florida law, which require proof of valuable consideration to support an assignment. *See* 7/23/24 Tr. at 250:8-251:7.[2] Following argument, the Court referred the dispute to the Special Master to "work on resolving the issue." 7/23/24 Tr. at 256:25-257:16. Defendants respectfully submit, and will be prepared to argue at the July 31 conference, that the proper resolution of this issue is to preclude Plaintiffs from presenting at trial any documents or information regarding the consideration paid for MSP's assignments that MSP has not produced in the course of discovery or prior proceedings.

---

[1] S*ee also MSPA Claims 1, LLC v. Scottsdale Ins. Co.*, 352 F. Supp. 3d 1234, 1240 (S.D. Fla. 2018) (finding MSP affiliate failed to meet its burden of proving validity of its assignment); *U.S. All Star Fed'n, Inc. v. Open Cheer & Dance Championship Series, LLC*, No. 6:21-cv-2135-WWB-DCI, 2024 U.S. Dist. LEXIS 126038, at *6 n.1 (M.D. Fla. July 17, 2024) (noting plaintiff "bears the burden of proving its valid rights," including "the validity of the assignment by which [p]laintiff acquired those rights," and defendants "have a right to pursue this issue"); *Quantum Clean Energy Sols., LLC v. Mercury Solar Sys.*, No. 12-2820, 2015 U.S. Dist. LEXIS 113708, at *2 (D.N.J. Aug. 27, 2015) (plaintiffs asserting rights as assignee "bear the burden of proof of the assignment"); *Rhythm & Hues, Inc. v. Terminal Mktg. Co.*, No. 01 Civ. 4697, 2004 U.S. Dist. LEXIS 7625, at *31 (S.D.N.Y. May 4, 2004) (assignee plaintiff "has the burden of proving the validity of the assignments").

[2] *See also Giles v. Sun Bank, N.A.*, 450 So. 2d 258, 260 (Fla. Dist. Ct. App. 1984) (requiring "an intention on one side to assign a right . . . and an intention on the other to receive" with "valuable consideration" to operate as an effective assignment); *Brown v. Omega Ins. Co.*, 322 So. 3d 98, 101 (Fla. Dist. Ct. App. 2021) (similar); *SourceTrack, LLC v. Ariba, Inc.*, 958 So. 2d 523, 526 (Fla. Dist. Ct. App. 2007) (similar); *Street Search Partners v. Rincon Int'l, L.L.C.*, No. 04C-09-191-PLA, 2006 WL 1313859, at *4-5 (Del. Super. May 12, 2006) (assignment must be supported by "good and valuable consideration").

Defendants further wish to address a concern raised by the Court at the July 23 case management conference that trial on this issue should not take place by "ambush," as well as Plaintiff's erroneous assertion that Judge Kugler "already ruled" on the validity of the assignments, that his rulings are "law of the case," and that the issue was being raised "all of sudden" before trial. *See* 7/23/24 Tr. at 251:9-255:6. Respectfully, there has been no "ambush" on this issue, nor has Judge Kugler previously ruled on the validity of MSP's assignments. Rather, the record reflects that MSP is well aware of its burden to prove the validity of its assignments, Defendants have signaled from the outset their intention to contest the validity of MSP's assignments, MSP has been given every opportunity to produce all evidence it intends to offer in support of its assignments, and the Court has never ruled on the validity of the assignments at any prior stage of the case.

MSP's awareness of its burden of proof on this issue is reflected in the allegations of the Third Amended Consolidated Economic Loss Class Action Complaint ("TAC") [ECF 1708], in which MSP committed eight paragraphs alleging the purported factual basis for MSP to proceed as assignee of the claims of Emblem and Summa, among others. TAC ¶¶ 60-67. Defendants' Answers to the TAC place these eight paragraphs at issue. [*See* ECF 2547 ¶¶ 60-67; ECF 2548 ¶¶ 60-67; ECF 2549 ¶¶ 60-67]. Thus, the parties' pleadings reflect that the validity of MSP's assignments is a contested issue for trial.

Defendants conducted extensive written discovery to test MSP's claim that it holds valid assignments permitting it to assert its claims. *See, e.g.,* ECF 283 (approving Third Party Payor Plaintiff's Fact Sheet, Requests 6 and 16 and footnote 1 of which are directed to production of assignments); ECF 633 (CMO 21 listing four sets of requests for production that "are Court ORDERED and shall be responded to without objection," Exhibit C, Request No. 8 of which

Special Master the Honorable Thomas Vanaskie
July 29, 2024
Page 4

includes assignment agreements); ECF 650 (stipulation regarding discovery in which Emblem and Summa agreed to respond to discovery regarding their assignments "through MSPRC"). And contrary to MSP's contentions at the July 23 case management conference, Judge Kugler did not "already rule[]" on MSP's standing as assignee at the motion to dismiss stage. Indeed, that issue was not even raised at the motion to dismiss stage, much less decided on the merits at that stage. *See generally* ECF 728 (MTD Opinion addressing standing issues raised at the motion to dismiss stage, which did not include MSP's standing as assignee).

Defendants also repeatedly sought information regarding the assignments from Emblem and Summa to MSP, and the consideration paid for such assignments, at the depositions of corporate representatives for MSP, Emblem, and Summa, yet the corporate representatives repeatedly refused to provide or lacked knowledge to provide the consideration terms. Defendants' Amended Notice of Deposition to MSP dated April 7, 2021 contained eight topics related to the assignments. MSP produced Jorge Lopez to testify on these topics, and Defendants' counsel devoted more than 40 pages of transcript questioning Mr. Lopez regarding the Emblem and Summa assignments and the consideration for those assignments. *See* J. Lopez Dep. Tr. (Apr. 29, 2021) at 67:7-108:2. Mr. Lopez acknowledged that the produced assignment documents did not contain the consideration terms, disclosed the existence of other documents (a 2018 claims purchase agreement for Summa and a separate purchase agreement for Emblem) containing fixed consideration terms, and refused to disclose the consideration terms. *See id*. Defendants' counsel recorded Defendants' position at Mr. Lopez's deposition that Defendants "are entitled to know the amount or the range of the consideration and that we're also entitled to the purchase agreement for Emblem Health and that we are entitled to the claims purchase agreement for SummaCare." *Id*. at

Special Master the Honorable Thomas Vanaskie
July 29, 2024
Page 5

103:2-17.[3] Counsel then followed up with a letter to MSP's counsel on May 12, 2021 requesting the consideration paid for the assignments, as well as the asset purchase agreements between MSP and EmblemHealth and claims purchase agreements between MSP and SummaCare. By response letter on June 4, 2021, MSP's counsel declined to produce the requested consideration information and documents.

Defendants further confirmed yet again at the class certification stage that they still intend to contest the validity of MSP's assignments. Specifically, Defendants argued in their opposition to the TPP Class Certification Motion that MSP would be "subject to unique defenses because: (1) the claims it asserts were assigned to it by other TPPs, and ***the validity of the assignments is subject to dispute***; and (2) its serial litigation against insurers in other cases gives rise to a clear conflict of interest." [ECF 2010 at 2 (emphasis added); *see also id.* at 21-23 (same)]. In reply, MSP did ***not*** contend that the Court had already decided the validity of its assignments (because it had not), but rather argued that "any ***individual questions as to the validity of the assignments*** would be dwarfed by the common questions affecting the class members." [ECF 2058 at 12-14 (emphasis added)]. Thus, as of May 10, 2022, when MSP filed its reply, it understood that "individual questions as to the validity of the assignments" remained to be tried. When the Court granted class certification, it again did not address the validity of MSP's assignments; it simply found the adequacy and typicality requirements had been satisfied. [*See* ECF 2261 at 38-39].

In sum, there is no ambush or surprise here. From the outset of this case to the present, the parties have always been in controversy as to the validity of MSP's assignments, and that issue

---

[3] Defendants also questioned the corporate representatives of Emblem and Summa, Margaret Finn (July 30, 2021), Tiffanie Mrakovich (August 31, 2021), and Andrew Colby (February 7, 2024), regarding the assignments of claims to MSP, but none had knowledge of the negotiation or terms of the assignments.

Special Master the Honorable Thomas Vanaskie
July 29, 2024
Page 6

has always been flagged as an eventual dispute for trial. Nor should that come as any surprise to MSP, which has repeatedly had claims dismissed for failure to demonstrate (or in some cases even to plead) the validity of the assignments on which the suit has been premised.[4] Trial on this issue is simply the culmination of a dispute of which MSP has had notice for five years. MSP proceeded at its peril in deciding to withhold documents and information necessary to demonstrate that it paid valuable consideration for its assignments from Emblem and Summa. Having so decided, it should be precluded from coming to trial with documents or information regarding consideration that it failed and refused to provide during discovery.

2. **Discovery Regarding Defendants' Financial Information**

The Court has also referred Plaintiffs' request for discovery regarding Defendants' financial information to the Special Master. *See* 7/23/24 Tr. at 283:6-284:11. Plaintiffs' counsel advised the Court at the July 23 case management conference that Plaintiffs are now seeking only "updated financial information regarding gross revenues and net worth of the companies, because that's what we need in order to present our punitive damages and we need it updated." *Id.* at 283:17-21. Without waiver of Defendants' position that discovery was never sought on Defendants' financial condition, and therefore is untimely, Defendants are evaluating this

---

[4] *See, e.g.*, *MSP Recovery Claims, Series LLC v. Tower Hill Prime Ins. Co.*, No. 1:20-cv-262-AW-HTC, 2022 WL 17839537, at *5 (N.D. Fla. Dec. 20, 2022) (MSP "cannot show that it holds valid assignments"); *MSPA Claims I, LLC v. Infinity Prop. & Cas. Grp.*, 374 F. Supp. 3d 1154, 1164 (N.D. Ala. 2019) (court "cannot conclude that [MSP] has met its burden of establishing . . . assignment . . . was valid"); *MAOMSO Recovery II, LLC v. State Farm Mut. Auto Ins. Co.*, No. 1:17-cv-01541-JBMJEH, 2018 WL 2392827, at *1 (C.D. Ill. May 25, 2018) (stating MSP "feign[ed] legitimacy through empty documentation"), *aff'd in relevant part*, 935 F.3d 573 (7th Cir. 2019); *MSP Recovery Claims, Series LLC v. N.Y. Cent. Mut. Fire Ins. Co.*, No. 6:19-CV-00211 (MAD/TWD), 2019 WL 4222654, at *4-5 (N.D.N.Y. Sept. 5, 2019) (noting, among other things, assignment documents purporting to be from different sources all appeared to have been created by the same source).

Special Master the Honorable Thomas Vanaskie
July 29, 2024
Page 7

narrowed request and believe a resolution may be possible. Defendants request additional time for defense counsel to speak with their clients and to meet-and-confer with Plaintiffs on this issue, and suggest that this issue be set over for the next Special Master conference.

                                        Respectfully submitted,

                                        Clem C. Trischler

c:       All counsel of record (via ECF)