# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COURT OF NEW JERSEY
# CAMDEN VICINAGE

| | | |
|---|---|---|
| IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | : : : : : | CASE NO. 1:19-MD-02875-RMB-SAK |

**This Document Relates to All Cases**

### TEVA AND TORRENT DEFENDANTS' MOTION TO MODIFY JURY INFERENCE INSTRUCTION SET FORTH IN SMO 100

Defendants Teva Pharmaceuticals USA, Inc., Actavis LLC, and Actavis Pharma, Inc. (collectively, "Teva") and Defendants Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd (collectively "Torrent") hereby respectfully seek a minor modification to the adverse inference jury instruction awarded in favor of Plaintiffs and against ZHP as set forth in Special Master Order No. 100, to the extent this Court adopts the Special Master's ruling. (ECF No. 2778). Teva and Torrent state the following in support:

1. On July 22, 2024, Special Master Vanaskie issued an order announcing the specific sanctions awarded on Plaintiffs' Second Motion for Sanctions (ECF No. 1838) against Defendant Zhejiang Huahai Pharmaceutical Co, Ltd.'s ("ZHP") related to certain ZHP discovery and the deposition of ZHP's CEO, Baohua Chen. (ECF No. 2778).

2. SMO 100 provided, *inter alia*, that the jury shall be instructed as follows:

> Baohua Chen, the President of ZHP, did not appear for a deposition ordered by this Court. Plaintiff has argued that Mr. Chen had direct involvement with issues central to this case. Plaintiffs contend that Mr. Chen had substantial involvement and authority with respect to ZHP's response to the disclosure of the contamination of ZHP's Valsartan and its subsequent recall from the market.
>
> If you find that **defendants** could have produced Mr. Chen for his deposition and that Mr. Chen's testimony would have been relevant in deciding disputed facts in this case, you are permitted, but not required, to infer that the Mr. Chen's deposition testimony would have been unfavorable to **defendants**. Specifically, you are permitted to infer that Mr. Chen's deposition testimony would have included information about ZHP's knowledge of the nitrosamine contamination of ZHP's Valsartan that information would have been unfavorable to ZHP. . . .

(*Id.* at 20 (emphasis added)).

3. To the extent the Court adopts and approves this jury instruction, Defendants Teva and Torrent respectfully request that the word "defendants" be replaced with "ZHP" in the two instances in the second paragraph of the instruction in order to avoid the potential for jury confusion and prejudice against Teva and Torrent.

4. This modification is warranted since neither Teva nor Torrent, nor any other defendants, were involved or implicated in the discovery dispute between ZHP and Plaintiffs that resulted in this sanction, and the Special Master's reference to

"defendants" in these two instances likely was intended only to refer to the ZHP defendants.

5. Undersigned counsel has conferred with both Plaintiffs' and ZHP's trial counsel and represents that neither Plaintiffs nor ZHP oppose this motion.

Dated: August 2, 2024                                                         Respectfully submitted,

/s/ Devora W. Allon                                                           /s/ Victoria D. Lockard
Devora W. Allon, P.C.                                                         Victoria D. Lockard
Alexia R. Brancato                                                            Steven M. Harkins
                                                                              Greg E. Ostfeld

KIRKLAND & ELLIS LLP                                                          GREENBERG TRAURIG, LLP
601 Lexington Avenue                                                          3333 Piedmont Road, NE
New York, New York 10022                                                      Suite 2500
Tel: (212) 446-5967                                                           Atlanta, Georgia 30305
Fax: (212) 446-6460                                                           Tel: (678) 553-2385
devora.allon@kirkland.com                                                     Fax: (678) 553-2386
alexia.brancato@kirkland.com                                                  lockardv@gtlaw.com
                                                                              harkinss@gtlaw.com
*Attorneys for Torrent Defendants*

                                                                              GREENBERG TRAURIG, LLP
                                                                              77 West Wacker Drive
                                                                              Suite 3100
                                                                              Chicago, Illinois 60601
                                                                              Tel: (312) 456-8400
                                                                              Fax: (312) 456-8435
                                                                              ostfeldg@gtlaw.com

                                                                              *Attorneys for Teva Defendants*

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 2, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ *Steven M. Harkins*

*Attorney for Teva Defendants*