**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

IN RE:  VALSARTAN, LOSARTAN,              CIVIL ACTION NUMBER:

and IRBESARTAN PRODUCTS                   1:19-md-02875-RMB-SAK

LIABILITY LITIGATION                      Discovery Conference

                                          via TEAMS Videoconference

Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101
Wednesday, July 31, 2024
Commencing at 1:00 p.m.

**B E F O R E:**          THE HONORABLE THOMAS I. VANASKIE (RET.),
                         SPECIAL MASTER

**A P P E A R A N C E S:**

HONIK LLC
BY:  RUBEN HONIK, ESQUIRE
     DAVID J. STANOCH, ESQUIRE
1515 Market Street, Suite 1100
Philadelphia, Pennsylvania 19102
Co-Lead Counsel for MDL Plaintiffs

MAZIE SLATER KATZ & FREEMAN, LLC
BY:  ADAM M. SLATER, ESQUIRE
     CHRISTOPHER J. GEDDIS, ESQUIRE
103 Eisenhower Parkway, Suite 207
Roseland, New Jersey 07068
Co-Lead Counsel for MDL Plaintiffs

KANNER & WHITELEY, LLC
BY:  CONLEE S. WHITELEY, ESQUIRE
701 Camp Street
New Orleans, Louisiana 70130
Co-Lead Class Counsel for Third-Party Payor Economic Loss

                John J. Kurz, Official Court Reporter
                   John_Kurz@njd.uscourts.gov
                        (856)576-7094

     Proceedings recorded by mechanical stenography; transcript
            produced by computer-aided transcription.

2

1   **A P P E A R A N C E S:** (Continued)

2   RIVERO MESTRE LLP
    BY:  ZALMAN KASS, ESQUIRE
3   2525 Ponce de Leon Boulevard, Suite 1000
    Miami, Florida 33134
4   Counsel for MSP Recovery Claims, Series LLC

5   KIRTLAND & PACKARD LLP
    BY: BEHRAM V. PAREKH, ESQUIRE
6   1638 South Pacific Coast Highway
    Redondo Beach, California 90277
7   Counsel for Plaintiffs

8   SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
    BY:  JESSICA DAVIDSON, ESQUIRE
9       RICHARD TODD BERNARDO, ESQUIRE
    One Manhattan West, Suite 42-128
10  New York, New York 10001
    Counsel for Defendants Zhejiang Huahai Pharmaceutical Co.,
11  Ltd., Huahai U.S., Inc., Prinston Pharmaceutical, Inc., and
    Solco Healthcare U.S., LLC (collectively ZHP)
12
    PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI LLP
13  BY: CLEM C. TRISCHLER, ESQUIRE
    One Oxford Centre, 38th Floor
14  Pittsburgh, Pennsylvania 15219
    Counsel for Defendant Mylan Pharmaceuticals, Inc.
15
    GREENBERG TRAURIG LLP
16  BY:  GREGORY E. OSTFELD, ESQUIRE
    77 West Wacker Drive, Suite 3100
17  Chicago, Illinois 60601
    Counsel For Defendants Teva Pharmaceutical Industries Ltd.,
18  Teva Pharmaceuticals USA, Inc., Actavis LLC, Actavis Pharma,
    Inc. (collectively Teva)
19

20  FALKENBERG IVES LLP
    BY:  KIRSTIN B. IVES, ESQUIRE
21  230 W Monroe Street, Suite 2220
    Chicago, Illinois 60606
22  Counsel for Defendant Humana

23  WILEY REIN LLP
    BY:  COREY WEINSTEIN, ESQUIRE
24  2050 M St., NW
    Washington, DC 20036
25  Counsel for Macleods Pharma

1   **A P P E A R A N C E S:** **(Continued)**

2   MARTIN HARDING & MAZZOTTI, LLP
    BY:  ROSEMARIE RIDDELL BOGDAN, ESQUIRE

3   1 Wall Street, P.O. Box 15141
    Albany, New York 12212-5141

4   Counsel for Plaintiff

5   **Also present:**

6   Larry MacStravic, The Courtroom Deputy

7   Loretta Smith, Esquire, Judicial Law Clerk to the Honorable
    Robert B. Kugler (Ret.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*4*

|  |  |  |
|---|---|---|
|  | 1 | (PROCEEDINGS held via remote TEAMS videoconferencing |
|  | 2 | before the Honorable Thomas I. Vanaskie (Ret.), Special Master, |
|  | 3 | at 1:00 p.m. as follows:) |
| 13:01:02 | 4 | THE COURT:  Who will be speaking on behalf of |
| 13:01:04 | 5 | plaintiffs today? |
| 13:01:06 | 6 | MR. SLATER:  Hello, Your Honor.  It's Adam Slater, |
| 13:01:08 | 7 | and I believe that Zalman Kass will also be speaking.  And I'm |
| 13:01:16 | 8 | not sure if any other issues will come up unanticipated, but |
| 13:01:18 | 9 | that's, I think, our anticipated lineup. |
| 13:01:21 | 10 | THE COURT:  All right.  Very well.  Thanks. |
| 13:01:23 | 11 | And who will be speaking on behalf of the defendants? |
| 13:01:30 | 12 | MR. OSTFELD:  Good afternoon, Judge Vanaskie.  This |
| 13:01:31 | 13 | is Greg Ostfeld.  I'll be speaking on behalf of the defendants |
| 13:01:34 | 14 | on the two items that are set forth in the letters.  And if |
| 13:01:37 | 15 | there are other items that come up, others may speak up as |
| 13:01:40 | 16 | well. |
| 13:01:40 | 17 | THE COURT:  Very well.  Thanks, Greg. |
| 13:01:43 | 18 | All right.  Let's get started then.  Now is the time |
| 13:01:46 | 19 | that has been set for a discovery conference.  I have agenda |
| 13:01:53 | 20 | letters dated July 29, 2024 from Adam Slater and from Clem |
| 13:02:05 | 21 | Trischler.  And there are two matters that have been teed up on |
| 13:02:12 | 22 | the agenda letters.  I'm going to take up the question of |
| 13:02:15 | 23 | punitive damages first.  That seems to me to be a fairly narrow |
| 13:02:21 | 24 | or perhaps narrowing issue. |
| 13:02:26 | 25 | The defendants in their letter indicated that they |

| | | |
|---|---|---|
| 13:02:34 | 1 | wanted additional time to speak with their clients and meet and |
| 13:02:41 | 2 | confer with plaintiffs with the prospect of there being a |
| 13:02:47 | 3 | resolution of the issue. |
| 13:02:50 | 4 | Did you want to elaborate at all, Greg? |
| 13:02:54 | 5 | MR. OSTFELD: I think I set it out in the letter. |
| 13:02:56 | 6 | What had begun as a list of eight items is now -- at the |
| 13:03:00 | 7 | conference before Judge Bumb, what plaintiffs indicated they |
| 13:03:03 | 8 | want is updated financial information regarding gross revenues |
| 13:03:06 | 9 | and net worth of the companies. |
| 13:03:08 | 10 | I think we need to have a conversation with our |
| 13:03:11 | 11 | clients about that. And we've begun those conversations, and |
| 13:03:14 | 12 | then have a conversation with plaintiffs' counsel to see what |
| 13:03:17 | 13 | form that would take and if there's an acceptable resolution |
| 13:03:20 | 14 | that can be reached. |
| 13:03:21 | 15 | And we did try to see if we could get there and have |
| 13:03:24 | 16 | that conversation with plaintiffs. We weren't even able to |
| 13:03:27 | 17 | reach out to plaintiffs' counsel because we didn't have |
| 13:03:29 | 18 | information from our clients. So just we basically need a |
| 13:03:32 | 19 | little bit more time. I think this is now a resolvable issue |
| 13:03:35 | 20 | or at least a potentially resolvable issue, so I think a little |
| 13:03:38 | 21 | more time would benefit the parties. |
| 13:03:40 | 22 | And we've got almost three months to trial. So I |
| 13:03:43 | 23 | think there's time to work this out, if we can, or to take it |
| 13:03:46 | 24 | back to Your Honor if we can't. |
| 13:03:48 | 25 | THE COURT: All right. Adam. |

```
13:03:50   1              MR. SLATER:  Yes, Judge.  That sounds reasonable.
13:03:53   2    Although I would like to hope that we could get this issue
13:03:55   3    resolved in the next, you know, few weeks, as opposed to using
13:03:59   4    up the whole three months.
13:04:00   5              I know that's not what Greg meant, but we'd like to
13:04:03   6    hope that we could get it resolved, based on what the
13:04:06   7    defendants said in their letter, in the fairly near future.
13:04:09   8              THE COURT:  Yeah.  It's not -- potentially it's an
13:04:14   9    issue that is not only resolvable but is narrow in scope.
13:04:18  10    Especially if the extent of discovery being sought is that
13:04:24  11    which was represented to Judge Bumb during the conference, it
13:04:30  12    would seem to me to be fairly easy to confirm the information
13:04:34  13    that's publicly available and confirm that that represents the
13:04:41  14    net worth and gross revenues of ZHP and of the other
13:04:48  15    defendants.  So hopefully you can resolve this.
13:04:55  16              What I would like is a letter report on the status of
13:04:58  17    your discussions within ten days of today.  So by August 10th,
13:05:08  18    all right?
13:05:13  19              MR. SLATER:  Will do, Your Honor.
13:05:16  20              THE COURT:  All right.  Thank you.
13:05:17  21              All right.  The next issue I had on the agenda deals
13:05:21  22    with the brouhaha that has arisen over the MSP Recovery
13:05:30  23    assignments.
13:05:35  24              This seems to have taken on a life of its own and
13:05:39  25    seems to be a very substantial issue, unless I'm missing
```

13:05:44  1    something.

13:05:47  2            Now, the plaintiffs in their agenda letter suggested

13:05:51  3    that they be given leave to move for summary judgment on what

13:05:56  4    they believe would be an issue of law.

13:06:00  5            Did you want to elaborate on that, Adam, at all?

13:06:08  6            MR. KASS:  Your Honor, I'll be addressing this, this

13:06:11  7    issue.  So, yes, Your Honor.

13:06:15  8            THE COURT:  Okay.

13:06:16  9            MR. KASS:  With respect to filing a motion for

13:06:19  10   summary judgment, because this actually is a legal issue and is

13:06:23  11   not an issue that should be dealt with by the jury, Your Honor,

13:06:25  12   we've done research as to the laws of the various states that

13:06:28  13   could apply to the issue.  And by "the issue," I mean the

13:06:33  14   sufficiency of the consideration in these assignments.

13:06:37  15           Your Honor, we looked at the laws of both Florida and

13:06:40  16   Delaware, which is the choice of law, also the provisions, and

13:06:45  17   also the states of New York and Ohio, which I'm aware the

13:06:49  18   assignors are located, just in an abundance of caution.  And,

13:06:52  19   Your Honor, every single one of those states uniformly says

13:06:55  20   that the sufficiency of consideration is not something for the

13:06:59  21   Court to determine, right?

13:07:00  22           As long as there's a statement that there was

13:07:02  23   valuable consideration made, going to the sufficiency is not a

13:07:06  24   consideration for the Court to decide and much less for a jury

13:07:09  25   to decide.  The parties are free to make their own deals, their

13:07:14    1    own deals.  And, Your Honor, that's based on the fact that

13:07:17    2    consideration can be a very little amount, right, Your Honor.

13:07:20    3         The peppercorn theory is still alive and well.

13:07:23    4    Florida, there's cases still citing to that saying that as long

13:07:26    5    as there's a peppercorn of consideration that has been

13:07:29    6    submitted, that's going to be sufficient.  So, Your Honor, our

13:07:34    7    position is that this can be very easily addressed on a motion

13:07:36    8    for summary judgment.

13:07:38    9         And, Your Honor, just to give a little preview of

13:07:41    10   what our evidence would be is, if you look at the assignments,

13:07:43    11   every single one of the assignments says that this deal is

13:07:47    12   being made for good and sufficient valuable consideration,

13:07:49    13   which is hereby acknowledged.  So every single assignment has

13:07:53    14   the language acknowledging that there is consideration.

13:07:55    15   There's no need to go in deeper as to what that consideration

13:07:58    16   is, because the law doesn't require that.

13:08:02    17        Your Honor, also in the deposition of George [sic]

13:08:04    18   Lopez, MSP's corporate representative, he testified that there

13:08:09    19   was consideration for every single one of the assignments.

13:08:11    20   And, in fact, Your Honor, while he didn't have -- he wasn't

13:08:14    21   willing to disclose the exact number for Emblem prior to

13:08:19    22   speaking to counsel because he knew it was an issue as to

13:08:22    23   confidentiality and trade secrets, he did disclose the actual

13:08:26    24   consideration for the SummaCare assignment.  And the defendants

13:08:29    25   know that.  They've known that since April of 2021.  It's a

13:08:35  1    percentage of the recovery, and he disclosed the percentage.

13:08:38  2    They even have the document stating the percentage of the

13:08:41  3    consideration.

13:08:41  4             So, Your Honor, we believe this can be addressed

13:08:44  5    easily, quickly on a motion for summary judgment that we would

13:08:47  6    file on the very specific, targeted issue as to the

13:08:50  7    consideration under the assignment agreements.

13:08:54  8             And then just one other just simple observation, Your

13:08:58  9    Honor, this is a bit of much to do about nothing, right?  You

13:09:01  10   know, even if the Court were inclined to go into the

13:09:04  11   sufficiency of the consideration, again, Your Honor, it's only

13:09:07  12   a peppercorn's worth.  And we know MSP clearly paid a lot more

13:09:11  13   than a peppercorn.  And we even know that by just the conduct

13:09:15  14   of the assignors throughout this entire litigation.  They've

13:09:19  15   produced all the relevant claim data.  They've produced

13:09:22  16   thousands of documents, internal communications, claims

13:09:25  17   policies.  They've sat for depositions twice, and now they're

13:09:28  18   preparing for trial.

13:09:29  19            Your Honor, they clearly received something of value

13:09:32  20   in return for assigning their claims.  And the easiest way to

13:09:36  21   deal with this is a matter of law on a motion for summary

13:09:39  22   judgment.

13:09:40  23            THE COURT:  All right.  Greg.

13:09:43  24            MR. OSTFELD:  Thank you, Judge.

13:09:44  25            So I'll begin with, I'm not familiar with, nor have

| | |
|---|---|
| 13:09:48 | 1 |
| 13:09:53 | 2 |
| 13:09:56 | 3 |
| 13:09:59 | 4 |
| 13:10:02 | 5 |
| 13:10:07 | 6 |
| 13:10:11 | 7 |
| 13:10:15 | 8 |

plaintiffs cited the case law that Mr. Kass is referring to regarding a peppercorn being sufficient.  We did provide our law in our letter and in our trial brief documentation where it is our understanding that a peppercorn's recitation or a bare recitation of $10, which Mr. Lopez acknowledged wasn't in fact paid, is not sufficient under Florida or Delaware law.  And we provided the authorities on that, and I'd be happy to read them into the record here.

But the bottom line is, we've been at issue for a very long time on the sufficiency -- the validity and the sufficiency of the assignments.  Plaintiffs have been aware of that, and they've made a decision as to what documents they were going to disclose and what testimony they were going to give on this.  And they've chosen, for whatever reason, to never actually disclose the actual amount paid.

It is our belief that they cannot make their case for the validity of the assignments without doing so.  It is also our belief that this is an issue for the jury and not for the Court.

Also, the time for summary judgment has passed.  And they elected not to seek summary judgment on this issue, so we would oppose bringing a new summary judgment motion, especially one that would involve any disclosure of new information that hasn't been provided in discovery.

If Your Honor chooses to entertain summary judgment

| | | |
|---|---|---|
| 13:11:04 | 1 | on this issue, we'll obviously engage in that.  And what we |
| 13:11:07 | 2 | believe we'll show is that this is a disputed question of fact |
| 13:11:10 | 3 | for trial. |
| 13:11:10 | 4 | I also have to respectfully disagree with Mr. Kass's |
| 13:11:14 | 5 | characterization of what Jorge Lopez said about the SummaCare |
| 13:11:18 | 6 | consideration.  What Mr. Lopez acknowledged was that at the |
| 13:11:21 | 7 | time of the original assignment, there was a contingent |
| 13:11:25 | 8 | consideration that was paid, but he said that there was a |
| 13:11:28 | 9 | subsequent agreement, a subsequent purchase agreement where MSP |
| 13:11:33 | 10 | purchased that consideration back from SummaCare for a fixed |
| 13:11:36 | 11 | sum, and he declined to identify what that sum was.  They also |
| 13:11:41 | 12 | subsequently declined to provide that agreement. |
| 13:11:43 | 13 | There's also, as to Emblem, an Asset Purchase |
| 13:11:47 | 14 | Agreement that purports to have the actual consideration paid, |
| 13:11:50 | 15 | which they've declined to provide.  And, again, these are their |
| 13:11:53 | 16 | decisions.  This is an issue on which they have the burden of |
| 13:11:55 | 17 | proof.  It's an issue on which we have been and remain in |
| 13:11:59 | 18 | controversy, and that's clear on the face of the pleadings. |
| 13:12:01 | 19 | And they had the choice as to what evidence they wanted to |
| 13:12:04 | 20 | disclose and what they were willing to put forward on their |
| 13:12:07 | 21 | burden of proof. |
| 13:12:08 | 22 | It sounds like they've made a calculated, strategic |
| 13:12:11 | 23 | decision that they think they can prove up the validity of |
| 13:12:14 | 24 | their assignments through recitations and through the |
| 13:12:17 | 25 | peppercorn test.  We believe that's wrong. |

| | | |
|---|---|---|
| 13:12:18 | 1 | But in any case, we think that's an issue for trial, |
| 13:12:21 | 2 | not for summary judgment.  And we suggested whether it's at |
| 13:12:23 | 3 | trial or summary judgment, what MSP should be confined to is |
| 13:12:26 | 4 | the decision they've made, the documents they've produced in |
| 13:12:29 | 5 | discovery, the testimony they've given and nothing more. |
| 13:12:32 | 6 | And if they believe they can prove the validity of |
| 13:12:34 | 7 | their assignments under Florida and Delaware law and any other |
| 13:12:38 | 8 | applicable law through the peppercorn test, they're welcome to |
| 13:12:41 | 9 | try to make that case to the jury or, if Your Honor entertains |
| 13:12:43 | 10 | summary judgment, to the Court.  But that should be the world |
| 13:12:46 | 11 | they're confined to because that's what they chose to disclose |
| 13:12:49 | 12 | in discovery.  That's the strategic choice they made. |
| 13:12:54 | 13 | THE COURT:  Am I correct, Greg, that the defense did |
| 13:12:59 | 14 | not move to compel production of the redacted information? |
| 13:13:06 | 15 | MR. OSTFELD:  We did not move to compel that |
| 13:13:07 | 16 | information.  And we did not move for summary judgment on that. |
| 13:13:12 | 17 | And I think this is the "brouhaha" that Your Honor referred to. |
| 13:13:16 | 18 | And I will say, you know, I sometimes get a little |
| 13:13:18 | 19 | bit excited at argument, and I perhaps expressed myself a |
| 13:13:20 | 20 | little more vigorously than I would have liked to to Judge |
| 13:13:23 | 21 | Bumb.  And I know that she didn't necessarily love the way that |
| 13:13:27 | 22 | I expressed myself.  But the point I was trying to make is, |
| 13:13:30 | 23 | this is an issue on which Plaintiffs have the burden of proof. |
| 13:13:33 | 24 | It's not an issue on which Defendants have the burden of proof. |
| 13:13:36 | 25 | We're not required to move to compel on an issue where we don't |

| | | |
|---|---|---|
| 13:13:39 | 1 | have the burden, nor are we required to move for summary |
| 13:13:42 | 2 | judgment on that any more than Plaintiffs are required to move |
| 13:13:46 | 3 | for summary judgment on an issue in which they have the burden |
| 13:13:48 | 4 | of proof.  We both made our strategic choices here.  And where |
| 13:13:51 | 5 | we are now is getting ready for trial where this is a contested |
| 13:13:53 | 6 | issue for trial. |
| 13:13:54 | 7 | And respectfully, all we're saying is, you know, we |
| 13:13:56 | 8 | should both be stuck with the strategic choices we've made. |
| 13:13:59 | 9 | And if plaintiffs want to meet their burden of proof on this |
| 13:14:02 | 10 | issue, they should meet their burden of proof with what they've |
| 13:14:05 | 11 | chosen to produce and the testimony they've chosen to give. |
| 13:14:10 | 12 | THE COURT:  All right.  Zalman. |
| 13:14:14 | 13 | MR. KASS:  Yes, if I may. |
| 13:14:14 | 14 | So, first of all, Your Honor, I want to make clear |
| 13:14:17 | 15 | that this was not a contested issue, the adequacy of the |
| 13:14:21 | 16 | sufficiency -- the adequacy of the consideration up until the |
| 13:14:24 | 17 | hearing last week, Your Honor. |
| 13:14:27 | 18 | If we look at their trial brief, even in the trial |
| 13:14:30 | 19 | brief that the defendants submitted, their issue is they're |
| 13:14:34 | 20 | stating that there's nobody to authenticate the assignments and |
| 13:14:37 | 21 | therefore we can't introduce the assignments at trial.  That's |
| 13:14:41 | 22 | the issue they raised. |
| 13:14:41 | 23 | And, Your Honor, last week at the last minute there's |
| 13:14:43 | 24 | a switcheroo and it changes that all of a sudden MSP can't |
| 13:14:47 | 25 | prove what the -- what the consideration was for the |

| | | |
|---|---|---|
| 13:14:53 | 1 | assignments. |
| 13:14:56 | 2 | And, again, Your Honor, as also Judge Kugler has |
| 13:14:58 | 3 | found before, right, he said -- Judge Kugler found in ruling on |
| 13:15:04 | 4 | defendants' motion to decertify the class that MSP's status as |
| 13:15:09 | 5 | an assignee is not challenged, right?  It's not been challenged |
| 13:15:12 | 6 | at any point in time. |
| 13:15:14 | 7 | Your Honor, had they believed this was a real issue, |
| 13:15:17 | 8 | right, at the end of George Lopez's deposition, Mr. Ostfeld |
| 13:15:23 | 9 | said on the record, after Mr. George Lopez said I'm not |
| 13:15:26 | 10 | comfortable disclosing the amount without speaking to counsel, |
| 13:15:29 | 11 | he said, that's okay, that's fine for me now, I'll deal with it |
| 13:15:32 | 12 | later.  That's what he stated on the record, right? |
| 13:15:34 | 13 | And then later on we get a letter where it's |
| 13:15:36 | 14 | complaining about a whole various amount of other things, and |
| 13:15:39 | 15 | buried in there it says, hey, we want all the documents related |
| 13:15:42 | 16 | to the assignments and the consideration.  And we responded: |
| 13:15:45 | 17 | We're going to produce more documents.  And we did produce more |
| 13:15:49 | 18 | documents. |
| 13:15:49 | 19 | And we also said in our letter back to the defense |
| 13:15:52 | 20 | counsel:  If after reviewing the documents you want to meet and |
| 13:15:55 | 21 | confer, we're happy to do that.  If you want to have a |
| 13:15:58 | 22 | meet-and-confer about reopening the deposition, we're happy to |
| 13:16:01 | 23 | do that, and then it just died out, Your Honor. |
| 13:16:03 | 24 | So to now wait three years and then on the eve of |
| 13:16:06 | 25 | trial to try and inject this into the trial and try and |

| | | |
|---|---|---|
| 13:16:09 | 1 | introduce issues that aren't relevant to the core of this case, |
| 13:16:13 | 2 | which is about contaminated valsartan, Your Honor, it's unduly |
| 13:16:18 | 3 | prejudicial, and it will sideline the trial. |
| 13:16:21 | 4 | Your Honor, so ultimately, it's our position that |
| 13:16:22 | 5 | this is a legal issue that can be addressed by Your Honor on a |
| 13:16:25 | 6 | motion for summary judgment. And, Your Honor, I have these |
| 13:16:29 | 7 | cases. I'm happy to submit them. Mr. Ostfeld believes there |
| 13:16:32 | 8 | are other cases. Well, both sides could submit their cases on |
| 13:16:35 | 9 | a motion for summary judgment. We'll establish what the law |
| 13:16:37 | 10 | is. We'll establish what the proofs are that we need to |
| 13:16:39 | 11 | resolve this issue, and we could address it before it even has |
| 13:16:44 | 12 | to go to the trial and become a sideshow litigation. |
| 13:16:47 | 13 | Oh, and then just one other issue, just to address |
| 13:16:52 | 14 | one thing that Mr. Ostfeld said, with respect to the SummaCare |
| 13:16:55 | 15 | assignment, that there was the contingent purchase, that was |
| 13:17:00 | 16 | the consideration of a certain percentage of any recovery. |
| 13:17:03 | 17 | That was a consideration for the assignment. |
| 13:17:05 | 18 | What happened is a year later, MSP went and bought |
| 13:17:11 | 19 | that consideration back from SummaCare, right? But the |
| 13:17:14 | 20 | consideration was done already at the time of assignment. |
| 13:17:16 | 21 | The fact that MSP a year later for a certain sum went |
| 13:17:19 | 22 | and bought that contingent recovery is irrelevant. It could |
| 13:17:23 | 23 | have been any other person on the planet that bought that |
| 13:17:26 | 24 | contingent recovery. It wouldn't change the validity of the |
| 13:17:29 | 25 | assignment. |

| | | |
|---|---|---|
| 13:17:30 | 1 | And, Your Honor, what this does show is that |
| 13:17:32 | 2 | plaintiffs have the information that they need to enter into a |
| 13:17:36 | 3 | stipulation as to validity of assignments.  They could do it. |
| 13:17:40 | 4 | They don't -- they're not missing information, at least with |
| 13:17:42 | 5 | respect to SummaCare, right?  But what they're trying to do is |
| 13:17:45 | 6 | create an issue for trial that will distract the jury. |
| 13:17:48 | 7 | MR. OSTFELD:  Your Honor, may I be heard briefly? |
| 13:17:50 | 8 | THE COURT:  Yes. |
| 13:17:51 | 9 | MR. OSTFELD:  Thank you, Judge. |
| 13:17:52 | 10 | So I want to begin with the switcheroo point, because |
| 13:17:55 | 11 | there's definitely been no switcheroo here, and there's been no |
| 13:17:58 | 12 | ambush.  And this issue has been at issue long before last |
| 13:18:01 | 13 | week's hearing.  All you have to do is look at the face of the |
| 13:18:03 | 14 | pleadings to know this. |
| 13:18:04 | 15 | In Plaintiffs Third-Amended Class Action Complaint, |
| 13:18:08 | 16 | paragraphs 60 through 67, they set forth the facts that they |
| 13:18:12 | 17 | believe support the validity of their assignments.  They |
| 13:18:15 | 18 | understood from the beginning this was part of their burden of |
| 13:18:17 | 19 | proof. |
| 13:18:17 | 20 | And if you look at each of our answers, each |
| 13:18:19 | 21 | defendant has contested those allegations.  So on the face of |
| 13:18:22 | 22 | the pleadings, we are and we have been at issue on this. |
| 13:18:25 | 23 | THE COURT:  Yeah.  "Contested those allegations." |
| 13:18:27 | 24 | I'm sorry, but I did want to interrupt you.  You contested |
| 13:18:30 | 25 | those allegations, or the defendants contested those |

13:18:34   1   allegations essentially by claiming a lack of knowledge or

13:18:37   2   information to respond to those allegations.

13:18:39   3            MR. OSTFELD:  That's correct, Your Honor.

13:18:41   4            THE COURT:  Okay.

13:18:42   5            MR. OSTFELD:  And the discovery history bears that

13:18:43   6   out.  After extensive discovery, we still lack knowledge and

13:18:47   7   information as to those allegations.

13:18:48   8            I've laid out in our letter the three sets of written

13:18:52   9   discovery that pertained to this, the stipulations that this

13:18:54  10   information would be provided.  It was 40 pages of questioning

13:18:58  11   of Jorge Lopez on this.

13:19:01  12            I respectfully disagree with the characterization of

13:19:02  13   that letter I sent after that deposition as burying the request

13:19:06  14   for the consideration terms and burying the request for the new

13:19:10  15   documents that Mr. Lopez testified to.

13:19:12  16            And I also disagree with Mr. Kass's characterization

13:19:13  17   of their responsive letter, which did say they were going to

13:19:16  18   produce some new documents, but they expressly opposed and

13:19:19  19   rejected my request for the additional documents that contained

13:19:22  20   the consideration terms and for the disclosure of the

13:19:25  21   consideration.  They took the position that wasn't something

13:19:27  22   they were required to disclose.

13:19:29  23            Could I have moved to compel at that point?  I could

13:19:31  24   have.  But it's not an issue on which I bear the burden of

13:19:33  25   proof.

13:19:34  1          We also made clear in our class certification
13:19:37  2   briefing that the validity of the assignments was subject to
13:19:39  3   dispute and that that was going to be an issue for trial.
13:19:42  4          I will say, I read, and I had forgot -- either I had
13:19:47  5   forgotten or I had not noted this -- that Judge Kugler's
13:19:50  6   expression of his belief in the Decertification Opinion that
13:19:53  7   this was not a contested issue.  And I say this with the
13:19:57  8   greatest respect to Judge Kugler, that wasn't a merits
13:20:01  9   determination of the assignments issue.  It was a stray remark
13:20:04  10  by Judge Kugler expressing his understanding as to what the
13:20:07  11  contested issues were when he wrote the Decertification
13:20:09  12  Opinion.
13:20:10  13         And with respect to this issue, I would again say
13:20:13  14  with greatest respect to Judge Kugler, he was mistaken in his
13:20:16  15  understanding on this one.  He's a, you know, a mortal human
13:20:20  16  being and there are a lot of paper in this case.  And I think
13:20:23  17  he simply made that statement without necessarily referencing
13:20:27  18  back to the pleadings and not necessarily referencing back to
13:20:30  19  the prior certification briefing which placed this at issue.
13:20:33  20         So there's no switcheroo here.  There's no ambush
13:20:36  21  here.  Plaintiffs have always known that part of their case was
13:20:39  22  going to require them to prove up these assignments.  They knew
13:20:42  23  that it was a contested issue, and they chose the terms on
13:20:45  24  which they were going to try to do that.
13:20:47  25         And respectfully, you know, I defer to the Court on

| | | |
|---|---|---|
| 13:20:50 | 1 | whether you want to try to take this up as a summary judgment |
| 13:20:53 | 2 | issue first.  And we can certainly present our case law on |
| 13:20:56 | 3 | that. |
| 13:20:56 | 4 | I do think the time for summary judgment has passed, |
| 13:20:58 | 5 | and we're getting ready for trial now, and that's really how we |
| 13:21:01 | 6 | should proceed. |
| 13:21:03 | 7 | THE COURT:  Zalman, anything else? |
| 13:21:08 | 8 | MR. KASS:  Sure.  Yes, Your Honor. |
| 13:21:09 | 9 | I think if anything has passed, it's been the time to |
| 13:21:11 | 10 | raise this issue for the Court on the eve of trial. |
| 13:21:14 | 11 | I keep on hearing defense counsel saying that |
| 13:21:15 | 12 | everybody knew the assignments were an issue, but there's no |
| 13:21:18 | 13 | specific citation to anything where we knew it was going to be |
| 13:21:21 | 14 | an issue. |
| 13:21:21 | 15 | The only thing defense counsel could cite to is that |
| 13:21:24 | 16 | we cited -- we simply stated in our complaint our standing, |
| 13:21:27 | 17 | right, just like everything else.  That doesn't mean everything |
| 13:21:30 | 18 | in the complaint is going to be contested. |
| 13:21:32 | 19 | And, in fact, Your Honor, in the answer, which Your |
| 13:21:34 | 20 | Honor rightly noted, they simply said they lacked knowledge. |
| 13:21:38 | 21 | That answer only came a few months ago.  That was an answer |
| 13:21:40 | 22 | that they filed this past fall. |
| 13:21:42 | 23 | And, Your Honor, I do want to also, again, go back to |
| 13:21:45 | 24 | the deposition of George Lopez; that this is what Mr. Ostfeld |
| 13:21:51 | 25 | said in the deposition of George Lopez after he said -- after |

13:21:55  1    he disclosed the consideration for the SummaCare assignment and

13:21:57  2    after he said I am not comfortable disclosing the dollar amount

13:22:01  3    paid for the Emblem assignment, Mr. Ostfeld said:  "For the

13:22:06  4    purposes of today, I'm content not to have an answer on the

13:22:09  5    record for that, but I reserve the right to revisit this issue

13:22:12  6    with your counsel at a later date and to get the answer to

13:22:15  7    those questions," Your Honor.

13:22:16  8            All we got was a muddled letter and we had a response

13:22:20  9    back, Your Honor.  I mean, I don't think it serves us both to

13:22:25  10   continue trying to describe what the letter is and what we both

13:22:28  11   believe what it says.

13:22:28  12           THE COURT:  Right.

13:22:30  13           MR. KASS:  I mean, if Your Honor would like us to

13:22:31  14   submit it, we can submit it.

13:22:32  15           I do also want to point out, Your Honor, that many of

13:22:34  16   the documents that Mr. Ostfeld is complaining about, the

13:22:37  17   confidential purchase agreement, we subsequently produced it.

13:22:39  18   It's Bates No. 5959.

13:22:42  19           Your Honor, the recovery agreement, we also produced

13:22:44  20   it, okay.  That's Bates No. 1156.  If defense counsel didn't

13:22:48  21   like the contents of this document or didn't believe that the

13:22:52  22   redactions were done correctly or they believe that they needed

13:22:55  23   more information in these documents, the remedy was to come

13:22:58  24   back to us and say, hey, plaintiffs' counsel, we have an issue

13:23:01  25   with this.  And if we can't resolve it, we go to Judge

| | | |
|---|---|---|
| 13:23:03 | 1 | Vanaskie.  We have CMC conferences every other week, and we |
| 13:23:07 | 2 | resolve this three years ago, right?  To now bring this up at |
| 13:23:10 | 3 | the last minute, the eve of trial, that's too late, Your Honor. |
| 13:23:16 | 4 | THE COURT:  Go ahead, Greg. |
| 13:23:18 | 5 | MR. OSTFELD:  Judge, can I say one more thing? |
| 13:23:19 | 6 | Because I was quoted, but I was only partially quoted.  I went |
| 13:23:22 | 7 | on to say after the section that Mr. Kass cited:  "It's our |
| 13:23:25 | 8 | position we are entitled to know the amount or the range of the |
| 13:23:28 | 9 | consideration and that we're also entitled to the purchase |
| 13:23:30 | 10 | agreement for Emblem Health and that we are entitled to the |
| 13:23:33 | 11 | Claims Purchase Agreement for SummaCare."  And I went on to |
| 13:23:36 | 12 | memorialize that in my letter, and plaintiffs went on to oppose |
| 13:23:39 | 13 | that request and not to produce those documents. |
| 13:23:41 | 14 | And as I've already recited, and I'm not going to |
| 13:23:44 | 15 | belabor this, it has been set forth in our pleadings and in our |
| 13:23:48 | 16 | filings since then, that the validity of the assignments is a |
| 13:23:50 | 17 | contested issue, and it's an issue on which plaintiffs bear the |
| 13:23:53 | 18 | burden of proof. |
| 13:23:53 | 19 | THE COURT:  All right.  Zalman, did you say that you |
| 13:23:56 | 20 | did produce the agreements? |
| 13:24:00 | 21 | MR. KASS:  Yes, Your Honor.  We produced the recovery |
| 13:24:02 | 22 | agreement, and this is the one for SummaCare, and it ends 1 -- |
| 13:24:07 | 23 | so the total Bates number is MSP0001156.  And on page 3 of 17, |
| 13:24:16 | 24 | it states the considerations.  It is not redacted.  It's right |
| 13:24:20 | 25 | there.  You have the percentage.  They have had this document |

| | | |
|---|---|---|
| 13:24:22 | 1 | for over three years. |
| 13:24:25 | 2 | Your Honor, with respect to Emblem, we also produced |
| 13:24:27 | 3 | the document. And there it's Bates No. MSP0005959. To be |
| 13:24:33 | 4 | clear on the record, we did redact the purchase amount because |
| 13:24:36 | 5 | that is confidential proprietary information of MSP. And if |
| 13:24:41 | 6 | you want, I can get more into that. But we produced an entire |
| 13:24:44 | 7 | document. They saw it had all the terms besides for one little |
| 13:24:48 | 8 | part, which is a purchase amount. And if they believed that |
| 13:24:50 | 9 | was an issue, this should have been resolved three years ago. |
| 13:24:53 | 10 | MR. OSTFELD: Well, Your Honor, the recovery |
| 13:24:55 | 11 | agreement isn't what we sought for SummaCare. What we sought |
| 13:24:58 | 12 | was the Claims Purchase Agreement, which has not been produced. |
| 13:25:01 | 13 | For Emblem they've redacted the consideration amount. And it's |
| 13:25:04 | 14 | our position, and they disagree and that's fine, but it's our |
| 13:25:07 | 15 | position that they cannot assign without demonstrating good and |
| 13:25:12 | 16 | adequate consideration and that the peppercorn rule won't |
| 13:25:14 | 17 | accomplish that for them. |
| 13:25:15 | 18 | And, again, we're not bringing the discovery dispute |
| 13:25:18 | 19 | to the Court. We chose not to. They chose not to provide the |
| 13:25:21 | 20 | information on an issue on which they have the burden of proof. |
| 13:25:23 | 21 | So our simple point is now, if they want to try to prove it, |
| 13:25:26 | 22 | they have to prove it on the documents they've produced and not |
| 13:25:29 | 23 | documents and information they haven't produced. |
| 13:25:31 | 24 | MR. KASS: Just one last thing, Your Honor. The |
| 13:25:33 | 25 | Claims Purchase Agreement we produced. It's MSP0005946. |

| | | |
|---|---|---|
| 13:25:35 | 1 | THE COURT:  All right.  Thank you. |
| 13:25:45 | 2 | (Court reporter clarification.) |
| 13:25:54 | 3 | THE COURT:  I'm trying to decide what I need to |
| 13:25:56 | 4 | decide.  It does seem to me that if it was presented to me in |
| 13:26:09 | 5 | the form of a request to compel production of information, I |
| 13:26:17 | 6 | could decide that.  I don't think I can decide the question of |
| 13:26:22 | 7 | the validity of the assignment on a -- I know I couldn't decide |
| 13:26:27 | 8 | it.  I can only do a report and recommendation.  And I'm not |
| 13:26:33 | 9 | sure that I should open up summary judgment practice again in |
| 13:26:38 | 10 | this case.  The time for that has passed. |
| 13:26:45 | 11 | I want to go back and look at the transcript from the |
| 13:26:47 | 12 | proceeding before Judge Bumb to see what she asked me to |
| 13:26:52 | 13 | resolve, and I'll get back to you. |
| 13:26:57 | 14 | I would ask if you could send me Mr. Lopez's |
| 13:27:01 | 15 | deposition, and I wanted to go back to the question of |
| 13:27:07 | 16 | authentication. |
| 13:27:10 | 17 | Is it the defense position that the information |
| 13:27:15 | 18 | gained in discovery or the information that's out there right |
| 13:27:18 | 19 | now would be insufficient to authenticate the assignments, or |
| 13:27:26 | 20 | is it something different? |
| 13:27:28 | 21 | MR. OSTFELD:  I think our position is the information |
| 13:27:31 | 22 | out there is insufficient to validate the assignments. |
| 13:27:34 | 23 | We don't dispute that the documents they've sent us |
| 13:27:38 | 24 | are what they are.  But we think what they have sent us is |
| 13:27:41 | 25 | insufficient to demonstrate that the assignments are valid. |

| | | |
|---|---|---|
| 13:27:45 | 1 | So, you know, if they -- |
| 13:27:47 | 2 | THE COURT:  Well, that's a merits decision.  That's |
| 13:27:49 | 3 | not a discovery decision. |
| 13:27:51 | 4 | MR. OSTFELD:  Right. |
| 13:27:52 | 5 | THE COURT:  And I think it would be -- well, I will |
| 13:27:56 | 6 | get back to you.  But I don't think it's an issue for me to |
| 13:27:59 | 7 | decide or for the Special Master to decide.  I don't want to |
| 13:28:04 | 8 | kick the can down the road either.  If Judge Bumb wanted me to |
| 13:28:08 | 9 | issue a ruling on the question of the validity of the |
| 13:28:12 | 10 | assignments, I would be happy to do that.  But I'm not sure |
| 13:28:16 | 11 | that's proper right now. |
| 13:28:21 | 12 | I would like to get Mr. Lopez's -- or the excerpt |
| 13:28:23 | 13 | from Mr. Lopez's deposition that's been referenced in the |
| 13:28:28 | 14 | letters that have been sent to me.  I did not go back into the |
| 13:28:33 | 15 | record to see do I have Mr. Lopez's deposition somewhere.  So |
| 13:28:38 | 16 | I'll ask you to send me that. |
| 13:28:40 | 17 | And I'd ask you to send me -- let me find the dates |
| 13:28:45 | 18 | of the letters -- the May 12, 2021 letter, and the June 4, 2021 |
| 13:29:00 | 19 | response. |
| 13:29:05 | 20 | MR. KASS:  Your Honor -- |
| 13:29:07 | 21 | MR. OSTFELD:  I'd be happy to do that, Your Honor. |
| 13:29:08 | 22 | MR. KASS:  -- would it also be helpful if I submitted |
| 13:29:11 | 23 | the case law that I cited with respect to the adequacy of |
| 13:29:15 | 24 | consideration as to what -- |
| 13:29:17 | 25 | THE COURT:  Yeah.  Yeah, you can submit that.  And, |

| | | |
|---|---|---|
| 13:29:19 | 1 | Greg, if you want to respond to that, you can. |
| 13:29:21 | 2 | How much time do you need, Zalman? |
| 13:29:26 | 3 | MR. KASS:  A few days, Your Honor. |
| 13:29:27 | 4 | THE COURT:  All right.  So we'll ask for it by |
| 13:29:29 | 5 | August 6th. |
| 13:29:31 | 6 | MR. KASS:  That's definitely acceptable. |
| 13:29:33 | 7 | THE COURT:  All right.  And your response, Greg, by |
| 13:29:36 | 8 | August 13th. |
| 13:29:38 | 9 | MR. OSTFELD:  Thank you, Your Honor.  That's fine. |
| 13:29:40 | 10 | THE COURT:  All right. |
| 13:29:43 | 11 | I will say, I have looked at the case law that has |
| 13:29:46 | 12 | been cited in the letters that primarily come out of -- I |
| 13:29:53 | 13 | shouldn't say "primarily," but the cases that have been cited, |
| 13:29:56 | 14 | they don't deal with our situation directly, and they're very |
| 13:30:01 | 15 | confusing to read.  But it would be helpful if I could see case |
| 13:30:10 | 16 | law that dealt with a factual scenario that's similar to ours. |
| 13:30:17 | 17 | MR. KASS:  Yes, Your Honor. |
| 13:30:18 | 18 | THE COURT:  I don't know that anything exists out |
| 13:30:21 | 19 | there.  But the cases involving the auto insurance companies |
| 13:30:27 | 20 | and whether they have satisfied their obligation to pay medical |
| 13:30:33 | 21 | bills or not don't seem to me to be entirely what we're dealing |
| 13:30:37 | 22 | with here. |
| 13:30:40 | 23 | Anyway, having said that, I'll look forward to |
| 13:30:43 | 24 | getting your supplemental submissions. |
| 13:30:49 | 25 | In terms of discovery, I don't know that there's |

| | | |
|---|---|---|
| 13:30:54 | 1 | anything that you're asking me to decide, so we'll let it go at |
| 13:31:02 | 2 | that. |
| 13:31:05 | 3 | Is there anything else for today? |
| 13:31:09 | 4 | MR. KASS:  I don't believe so, Your Honor. |
| 13:31:14 | 5 | MR. OSTFELD:  Nothing further for defense. |
| 13:31:16 | 6 | MR. SLATER:  Nothing from plaintiffs, Your Honor. |
| 13:31:18 | 7 | THE COURT:  Okay.  Well, thank you very much.  I'll |
| 13:31:20 | 8 | look forward to getting your submissions and we'll take |
| 13:31:23 | 9 | appropriate action. |
| 13:31:25 | 10 | MR. SLATER:  Thank you, Your Honor. |
| 13:31:25 | 11 | THE COURT:  Which may be nothing to do.  All right. |
| 13:31:27 | 12 | Thank you. |
| 13:31:28 | 13 | MR. KASS:  Thank you. |
| 13:31:30 | 14 | MR. OSTFELD:  Thank you. |
| 13:31:30 | 15 | THE COURT:  Take care.  Bye-bye. |
| 13:31:33 | 16 | (Proceedings concluded at 1:31 p.m.) |
| 13:31:37 | 17 | - - - - - - - - - - - - - - - - - - - - - |
| 13:31:37 | | **FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE** |
| 13:31:37 | 18 | - - - - - - - - - - - - - - - - - - - - - |
| 13:31:37 | 19 | I certify that the foregoing is a correct transcript |
| 13:31:37 | 20 | from the record of proceedings in the above-entitled matter. |
| 13:31:37 | 21 | |
| 13:31:37 13:31:37 | 22 | |
| 13:31:37 13:31:37 | 23 | /S/John J. Kurz, RDR-RMR-CRR-CRC              August 2, 2024 |
| 13:31:37 | 24 | Court Reporter/Transcriber |
| | 25 | |

**MR. KASS: [14]** 7/6 7/9 13/13 19/8 20/13 21/21 22/24 24/20 24/22 25/3 25/6 25/17 26/4 26/8
**MR. OSTFELD: [16]** 4/12 5/5 9/24 12/15 16/7 16/9 17/3 17/5 21/5 22/10 23/21 24/4 24/21 25/9 26/5 26/14
**MR. SLATER: [5]** 4/6 6/1 6/19 26/6 26/10
**THE COURT: [29]**

**$**

**$10 [1]** 10/5

**/**

**/S/John [1]** 26/23

**0**

**07068 [1]** 1/18
**08101 [1]** 1/8

**1**

**1000 [1]** 2/3
**10001 [1]** 2/10
**103 [1]** 1/18
**10th [1]** 6/17
**1100 [1]** 1/14
**1156 [1]** 20/20
**12 [1]** 24/18
**12212-5141 [1]** 3/3
**128 [1]** 2/9
**13th [1]** 25/8
**15141 [1]** 3/3
**1515 [1]** 1/14
**15219 [1]** 2/14
**1638 [1]** 2/6
**17 [1]** 21/23
**19102 [1]** 1/15
**1:00 [1]** 1/9
**1:00 p.m [1]** 4/3
**1:19-md-02875-RMB-SAK [1]** 1/4
**1:31 p.m [1]** 26/16

**2**

**20036 [1]** 2/24
**2021 [3]** 8/25 24/18 24/18
**2024 [3]** 1/9 4/20 26/23
**2050 [1]** 2/24
**207 [1]** 1/18
**2220 [1]** 2/21
**230 [1]** 2/21
**2525 [1]** 2/3
**29 [1]** 4/20

**3**

**31 [1]** 1/9
**3100 [1]** 2/16
**33134 [1]** 2/3
**38th [1]** 2/13

**4**

**40 [1]** 17/10
**42-128 [1]** 2/9

**4th [1]** 1/8

**5**

**5141 [1]** 3/3
**576-7094 [1]** 1/24
**5959 [1]** 20/18

**6**

**60 [1]** 16/16
**60601 [1]** 2/17
**60606 [1]** 2/21
**67 [1]** 16/16
**6th [1]** 25/5

**7**

**701 [1]** 1/21
**70130 [1]** 1/21
**7094 [1]** 1/24
**77 [1]** 2/16

**8**

**856 [1]** 1/24

**9**

**90277 [1]** 2/6

**A**

**able [1]** 5/16
**above [1]** 26/20
**above-entitled [1]** 26/20
**abundance [1]** 7/18
**acceptable [2]** 5/13 25/6
**accomplish [1]** 22/17
**acknowledged [3]** 8/13 10/5 11/6
**acknowledging [1]** 8/14
**Actavis [2]** 2/18 2/18
**action [3]** 1/3 16/15 26/9
**actual [3]** 8/23 10/15 11/14
**actually [2]** 7/10 10/15
**ADAM [5]** 1/17 4/6 4/20 5/25 7/5
**additional [2]** 5/1 17/19
**address [2]** 15/11 15/13
**addressed [3]** 8/7 9/4 15/5
**addressing [1]** 7/6
**adequacy [3]** 13/15 13/16 24/23
**adequate [1]** 22/16
**after [8]** 14/9 14/20 17/6 17/13 19/25 19/25 20/2 21/7
**afternoon [1]** 4/12
**again [7]** 9/11 11/15 14/2 18/13 19/23 22/18 23/9
**agenda [4]** 4/19 4/22 6/21 7/2
**ago [3]** 19/21 21/2 22/9
**agreement [12]** 11/9 11/9 11/12 11/14 20/17 20/19 21/10 21/11 21/22 22/11 22/12 22/25
**agreements [2]** 9/7 21/20
**ahead [1]** 21/4
**aided [1]** 1/25

**Albany [1]** 3/3
**ALFANO [1]** 2/12
**alive [1]** 8/3
**all [24]** 4/10 4/18 5/4 5/25 6/18 6/20 6/21 7/5 9/15 9/23 13/7 13/12 13/14 13/24 14/15 16/13 20/8 21/19 22/7 23/1 25/4 25/7 25/10 26/11
**allegations [6]** 16/21 16/23 16/25 17/1 17/2 17/7
**almost [1]** 5/22
**already [2]** 15/20 21/14
**also [20]** 3/5 4/7 7/16 7/17 8/17 10/17 10/20 11/4 11/11 11/13 14/2 14/19 17/16 18/1 19/23 20/15 20/19 21/9 22/2 24/22
**Although [1]** 6/2
**always [1]** 18/21
**am [2]** 12/13 20/2
**ambush [2]** 16/12 18/20
**Amended [1]** 16/15
**amount [9]** 8/2 10/15 14/10 14/14 20/2 21/8 22/4 22/8 22/13
**answer [5]** 19/19 19/21 19/21 20/4 20/6
**answers [1]** 16/20
**anticipated [1]** 4/9
**any [8]** 4/8 10/23 12/1 12/7 13/2 14/6 15/16 15/23
**anything [6]** 19/7 19/9 19/13 25/18 26/1 26/3
**Anyway [1]** 25/23
**applicable [1]** 12/8
**apply [1]** 7/13
**appropriate [1]** 26/9
**April [1]** 8/25
**are [18]** 4/14 4/15 4/21 7/18 7/25 11/15 13/1 13/2 13/5 15/8 15/10 16/22 18/16 21/8 21/10 23/24 23/24 23/25
**aren't [1]** 15/1
**argument [1]** 12/19
**arisen [1]** 6/22
**ARPS [1]** 2/8
**ask [4]** 23/14 24/16 24/17 25/4
**asked [1]** 23/12
**asking [1]** 26/1
**Asset [1]** 11/13
**assign [1]** 22/15
**assignee [1]** 14/5
**assigning [1]** 9/20
**assignment [11]** 8/13 8/24 9/7 11/7 15/15 15/17 15/20 15/25 20/1 20/3 23/7
**assignments [24]** 6/23 7/14 8/10 8/11 8/19 10/11 10/17 11/24 12/7 13/20 13/21 14/1 14/16 16/3

16/17 18/2 18/9 18/22 19/12 21/16 23/19 23/22 23/25 24/10
**assignors [2]** 7/18 9/14
**August [4]** 6/17 25/5 25/8 26/23
**August 10th [1]** 6/17
**August 13th [1]** 25/8
**August 6th [1]** 25/5
**authenticate [2]** 13/20 23/19
**authentication [1]** 23/16
**authorities [1]** 10/7
**auto [1]** 25/19
**available [1]** 6/13
**aware [2]** 7/17 10/11

**B**

**back [14]** 5/24 11/10 14/19 15/19 18/18 18/18 19/23 20/9 20/24 23/11 23/13 23/15 24/6 24/14
**bare [1]** 10/4
**based [2]** 6/6 8/1
**basically [1]** 5/18
**Bates [7]** 20/18 20/20 21/23 22/3
**Beach [1]** 2/6
**bear [2]** 17/24 21/17
**bears [1]** 17/5
**because [8]** 5/17 7/10 8/16 8/22 12/11 16/10 21/6 22/4
**become [1]** 15/12
**been [21]** 4/19 4/21 8/5 10/9 10/11 10/24 11/17 14/5 15/23 16/11 16/11 16/12 16/22 19/9 21/15 22/9 22/12 24/13 24/14 25/12 25/13
**before [6]** 4/2 5/7 14/3 15/11 16/12 23/12
**begin [2]** 9/25 16/10
**beginning [1]** 16/18
**begun [2]** 5/6 5/11
**behalf [3]** 4/4 4/11 4/13
**BEHRAM [1]** 2/5
**being [5]** 5/2 6/10 8/12 10/2 18/16
**belabor [1]** 21/15
**belief [3]** 10/16 10/18 18/6
**believe [11]** 4/7 7/4 9/4 11/2 11/25 12/6 16/17 20/11 20/21 20/22 26/4
**believed [2]** 14/7 22/8
**believes [1]** 15/7
**benefit [1]** 5/21
**BERNARDO [1]** 2/9
**besides [1]** 22/7
**bills [1]** 25/21
**bit [3]** 5/19 9/9 12/19
**BOGDAN [1]** 3/2
**BOSICK [1]** 2/12
**both [6]** 7/15 13/4 13/8 15/8 20/9 20/10
**bottom [1]** 10/9

**bought [3]** 15/18 15/22 15/23
**Boulevard [1]** 2/3
**Box [1]** 3/3
**brief [3]** 10/3 13/18 13/19
**briefing [2]** 18/2 18/19
**briefly [1]** 16/7
**bring [1]** 21/2
**bringing [1]** 10/22 22/18
**brouhaha [2]** 6/22 12/17
**Building [1]** 1/7
**Bumb [5]** 5/7 6/11 12/21 23/12 24/8
**burden [12]** 11/16 11/21 12/23 12/24 13/1 13/3 13/9 13/10 16/18 17/24 21/18 22/20
**buried [1]** 14/15
**burying [2]** 17/13 17/14
**bye [2]** 26/15 26/15
**Bye-bye [1]** 26/15

**C**

**calculated [1]** 11/22
**California [1]** 2/6
**Camden [1]** 1/8
**came [1]** 19/21
**Camp [1]** 1/21
**can [18]** 5/14 5/23 6/15 8/2 8/7 9/4 11/23 12/6 15/5 19/2 20/14 21/5 22/6 23/6 23/8 24/8 24/25 25/1
**can't [4]** 5/24 13/21 13/24 20/25
**cannot [2]** 10/16 22/15
**care [1]** 26/15
**case [12]** 10/1 10/16 12/1 12/9 15/1 18/16 18/21 19/2 23/10 24/23 25/11 25/15
**cases [6]** 8/4 15/7 15/8 15/8 25/13 25/19
**caution [1]** 7/18
**Centre [1]** 2/13
**certain [2]** 15/16 15/21
**certainly [1]** 19/2
**CERTIFICATE [1]** 26/17
**certification [2]** 18/1 18/19
**certify [1]** 26/19
**challenged [2]** 14/5 14/5
**change [1]** 15/24
**changes [1]** 13/24
**characterization [3]** 11/5 17/12 17/16
**Chicago [2]** 2/17 2/21
**choice [2]** 7/16 11/19 12/12
**choices [2]** 13/4 13/8
**chooses [1]** 10/25
**chose [4]** 12/11 18/23 22/19 22/19
**chosen [3]** 10/14 13/11 13/11
**CHRISTOPHER [1]**

**C**

**CHRISTOPHER... [1]** 1/17
**citation [1]** 19/13
**cite [1]** 19/15
**cited [6]** 10/1 19/16 21/7 24/23 25/12 25/13
**citing [1]** 8/4
**CIVIL [1]** 1/3
**claim [1]** 9/15
**claiming [1]** 17/1
**claims [6]** 2/4 9/16 9/20 21/11 22/12 22/25
**clarification [1]** 23/2
**class [4]** 1/22 14/4 16/15 18/1
**clear [4]** 11/18 13/14 18/1 22/4
**clearly [2]** 9/12 9/19
**CLEM [2]** 2/13 4/20
**Clerk [1]** 3/7
**clients [3]** 5/1 5/11 5/18
**CMC [1]** 21/1
**Co [4]** 1/15 1/19 1/22 2/10
**Co-Lead [3]** 1/15 1/19 1/22
**Coast [1]** 2/6
**Cohen [1]** 1/7
**collectively [2]** 2/11 2/18
**come [4]** 4/8 4/15 20/23 25/12
**comfortable [2]** 14/10 20/2
**Commencing [1]** 1/9
**communications [1]** 9/16
**companies [2]** 5/9 25/19
**compel [5]** 12/14 12/15 12/25 17/23 23/5
**complaining [2]** 14/14 20/16
**complaint [3]** 16/15 19/16 19/18
**computer [1]** 1/25
**computer-aided [1]** 1/25
**concluded [1]** 26/16
**conduct [1]** 9/13
**confer [3]** 5/2 14/21 14/22
**conference [4]** 1/5 4/19 5/7 6/11
**conferences [1]** 21/1
**confidential [2]** 20/17 22/5
**confidentiality [1]** 8/23
**confined [2]** 12/3 12/11
**confirm [2]** 6/12 6/13
**confusing [1]** 25/15
**CONLEE [1]** 1/20
**consideration [33]**
**considerations [1]** 21/24
**contained [1]** 17/19
**contaminated [1]** 15/2
**content [1]** 20/4
**contents [1]** 20/21
**contested [11]** 13/5 13/15 16/21 16/23 16/24 16/25

18/21 18/11 18/23 19/18 21/17
**contingent [4]** 11/7 15/15 15/22 15/24
**continue [1]** 20/10
**Continued [2]** 2/1 3/1
**controversy [1]** 11/18
**conversation [3]** 5/10 5/12 5/16
**conversations [1]** 5/11
**Cooper [1]** 1/8
**core [1]** 15/1
**COREY [1]** 2/23
**corporate [1]** 8/18
**correct [3]** 12/13 17/3 26/19
**correctly [1]** 20/22
**could [14]** 5/15 6/2 6/6 7/13 15/8 15/11 15/22 16/3 17/23 17/23 19/15 23/6 23/14 25/15
**couldn't [1]** 23/7
**counsel [21]** 1/15 1/19 1/22 2/4 2/7 2/10 2/14 2/17 2/22 2/25 3/4 5/12 5/17 8/22 14/10 14/20 19/11 19/15 20/6 20/20 20/24
**COURT [13]** 1/1 1/23 7/21 7/24 9/10 10/19 12/10 18/25 19/10 22/19 23/2 26/17 26/24
**Courthouse [1]** 1/7
**Courtroom [1]** 3/6
**CRC [1]** 26/23
**create [1]** 16/6
**CRR [1]** 26/23

**D**

**damages [1]** 4/23
**data [1]** 9/15
**date [1]** 20/6
**dated [1]** 4/20
**dates [1]** 24/17
**DAVID [1]** 1/14
**DAVIDSON [1]** 2/8
**days [2]** 6/17 25/3
**DC [1]** 2/24
**de [1]** 2/3
**deal [4]** 8/11 9/21 14/11 25/14
**dealing [1]** 25/21
**deals [3]** 6/21 7/25 8/1
**dealt [2]** 7/11 25/16
**Decertification [2]** 18/6 18/11
**decertify [1]** 14/4
**decide [10]** 7/24 7/25 23/3 23/4 23/6 23/6 23/7 24/7 24/7 26/1
**decision [5]** 10/12 11/23 12/4 24/2 24/3
**decisions [1]** 11/16
**declined [3]** 11/11 11/12 11/15
**deeper [1]** 8/15
**defendant [3]** 2/14 2/22

16/21
**defendants [11]** 2/10 2/17 4/11 4/13 4/25 6/7 6/15 8/24 12/24 13/19 16/25
**defendants' [1]** 14/14
**defense [7]** 12/13 14/19 19/11 19/15 20/20 23/17 26/5
**defer [1]** 18/25
**definitely [2]** 16/11 25/6
**Delaware [3]** 7/16 10/6 12/7
**demonstrate [1]** 23/25
**demonstrating [1]** 22/15
**deposition [9]** 8/17 14/8 14/22 17/13 19/24 19/25 23/15 24/13 24/15
**depositions [1]** 9/17
**Deputy [1]** 3/6
**describe [1]** 20/10
**determination [1]** 18/9
**determine [1]** 7/21
**did [15]** 5/4 5/15 7/5 8/23 10/2 12/13 12/15 12/16 14/17 16/24 17/17 21/19 21/20 22/4 24/14
**didn't [5]** 5/17 8/20 12/21 20/20 20/21
**died [1]** 14/23
**different [1]** 23/20
**directly [1]** 25/14
**disagree [4]** 11/4 17/12 17/16 22/14
**disclose [7]** 8/21 8/23 10/13 10/15 11/20 12/11 17/22
**disclosed [2]** 9/1 20/1
**disclosing [2]** 14/10 20/2
**disclosure [2]** 10/23 17/20
**discovery [13]** 1/5 4/19 6/10 10/24 12/5 12/12 17/5 17/6 17/9 22/18 23/18 24/3 25/25
**discussions [1]** 6/17
**dispute [3]** 18/3 22/18 23/23
**disputed [1]** 11/2
**distract [1]** 16/6
**DISTRICT [2]** 1/1 1/1
**document [5]** 9/2 20/21 21/25 22/3 22/7
**documentation [1]** 10/3
**documents [16]** 9/16 10/12 12/4 14/15 14/17 14/18 14/20 17/15 17/18 17/19 20/16 20/23 21/13 22/22 22/23 23/23
**does [2]** 16/1 23/4
**doesn't [2]** 8/16 19/17
**doing [1]** 10/17
**dollar [1]** 20/2
**done [2]** 7/12 15/20 20/22
**down [1]** 24/8
**Drive [1]** 2/16
**during [1]** 6/11

**E**

**each [2]** 16/20 16/20
**easiest [1]** 9/20
**easily [2]** 8/7 9/5
**easy [1]** 6/12
**Economic [1]** 1/22
**eight [1]** 5/6
**Eisenhower [1]** 1/18
**either [2]** 18/4 24/8
**elaborate [2]** 5/4 7/5
**elected [1]** 10/21
**else [3]** 19/7 19/17 26/3
**Emblem [6]** 8/21 11/13 20/3 21/10 22/2 22/13
**end [1]** 14/8
**ends [1]** 21/22
**engage [1]** 11/1
**enter [1]** 16/2
**entertain [1]** 10/25
**entertains [1]** 12/9
**entire [2]** 9/14 22/6
**entirely [1]** 25/21
**entitled [4]** 21/8 21/9 21/10 26/20
**especially [2]** 6/10 10/22
**ESQUIRE [15]** 1/13 1/14 1/17 1/17 1/20 2/2 2/5 2/8 2/9 2/13 2/16 2/20 2/23 3/2 3/7
**essentially [1]** 17/1
**establish [2]** 15/9 15/10
**eve [1]** 14/24 19/10 21/3
**even [6]** 5/16 9/2 9/10 9/13 13/18 15/11
**every [5]** 7/19 8/11 8/13 8/19 21/1
**everybody [1]** 19/12
**everything [2]** 19/17 19/17
**evidence [2]** 8/10 11/19
**exact [1]** 8/21
**excerpt [1]** 24/12
**excited [1]** 12/18
**exists [1]** 25/18
**expressed [2]** 12/19 12/22
**expressing [1]** 18/10
**expression [1]** 18/6
**expressly [1]** 17/18
**extensive [1]** 17/6
**extent [1]** 6/10

**F**

**face [3]** 11/18 16/13 16/21
**fact [6]** 8/1 8/20 10/5 11/2 15/21 19/19
**facts [1]** 16/16
**factual [1]** 25/16
**fairly [3]** 4/23 6/7 6/12
**FALKENBERG [1]** 2/20
**fall [1]** 19/22
**familiar [1]** 9/25
**FEDERAL [1]** 26/17
**few [3]** 6/3 19/21 25/3
**file [1]** 9/6
**filed [1]** 19/22

**filing [1]** 7/9
**filings [1]** 21/16
**financial [1]** 5/8
**find [1]** 24/7
**fine [3]** 14/11 22/14 25/9
**first [3]** 4/23 13/14 19/2
**fixed [1]** 11/10
**FLOM [1]** 2/8
**Floor [1]** 2/3
**Florida [5]** 2/3 7/15 8/4 10/6 12/7
**follows [1]** 4/3
**foregoing [1]** 26/19
**forgot [1]** 18/4
**forgotten [1]** 18/5
**form [2]** 5/13 23/5
**forth [3]** 4/14 16/16 21/15
**forward [3]** 11/20 25/23 26/8
**found [2]** 14/3 14/3
**free [1]** 7/25
**FREEMAN [1]** 1/18
**further [1]** 26/5
**future [1]** 6/7

**G**

**gained [1]** 23/18
**GEDDIS [1]** 1/17
**George [5]** 8/17 14/8 14/9 19/24 19/25
**getting [4]** 13/5 19/5 25/24 26/8
**give [3]** 8/9 10/14 13/11
**given [2]** 7/3 12/5
**good [3]** 4/12 8/12 22/15
**GORDON [1]** 2/12
**got [2]** 5/22 20/8
**greatest [2]** 18/8 18/14
**GREENBERG [1]** 2/15
**Greg [9]** 4/13 4/17 5/4 6/5 9/23 12/13 21/4 25/1 25/7
**GREGORY [1]** 2/16
**gross [2]** 5/8 6/14

**H**

**happened [1]** 15/18
**happy [6]** 10/7 14/21 14/22 15/7 24/10 24/21
**HARDING [1]** 3/2
**has [15]** 4/19 6/22 8/5 8/13 10/20 14/2 15/11 16/12 16/21 19/4 19/9 21/15 22/12 23/10 25/11
**hasn't [1]** 10/24
**have [43]**
**haven't [1]** 22/23
**having [1]** 25/23
**he [17]** 8/18 8/20 8/20 8/22 8/23 9/1 11/8 11/11 14/3 14/11 14/12 18/11 18/14 18/17 19/25 20/1 20/2
**He's [1]** 18/15
**Health [1]** 21/10
**Healthcare [1]** 2/11

**H**

heard [1] 16/7
hearing [3] 13/17 16/13 19/11
held [1] 4/1
Hello [1] 4/6
helpful [2] 24/22 25/15
here [6] 10/8 13/4 16/11 18/20 18/21 25/22
hereby [1] 8/13
hey [2] 14/15 20/24
Highway [1] 2/6
his [3] 18/6 18/10 18/14
history [1] 17/5
HONIK [2] 1/13 1/13
Honor [56]
HONORABLE [3] 1/10 3/7 4/2
hope [2] 6/2 6/6
hopefully [1] 6/15
Huahai [2] 2/10 2/11
human [1] 18/15
Humana [1] 2/22

**I**

I'd [3] 10/7 24/17 24/21
I'll [8] 4/13 7/6 9/25 14/11 23/13 24/16 25/23 26/7
I'm [13] 4/7 4/22 6/25 7/17 9/25 14/9 15/7 16/24 20/4 21/14 23/3 23/8 24/10
I've [2] 17/8 21/14
identify [1] 11/11
Illinois [2] 2/17 2/21
Inc [5] 2/11 2/11 2/14 2/18 2/18
inclined [1] 9/10
indicated [2] 4/25 5/7
Industries [1] 2/17
information [19] 5/8 5/18 6/12 10/23 12/14 12/16 16/2 16/4 17/2 17/7 17/10 20/23 22/5 22/20 22/23 23/5 23/17 23/18 23/21
inject [1] 14/25
insufficient [3] 23/19 23/22 23/25
insurance [1] 25/19
internal [1] 9/16
interrupt [1] 16/24
introduce [2] 13/21 15/1
involve [1] 10/3
involving [1] 25/19
IRBESARTAN [1] 1/4
irrelevant [1] 15/22
isn't [1] 22/11
issue [59]
issues [3] 4/8 15/1 18/11
items [3] 4/14 4/15 5/6
its [1] 6/24
IVES [2] 2/20 2/20

**J**

JERSEY [3] 1/1 1/8 1/18

**JESSICA [1]** 2/8
John [3] 1/23 1/23 26/23
Jorge [2] 11/5 17/11
Judge [17] 4/12 5/7 6/1 6/11 9/24 12/20 14/2 14/3 16/9 18/5 18/8 18/10 18/14 20/25 21/5 23/12 24/8
judgment [20] 7/3 7/10 8/8 9/5 9/22 10/20 10/21 10/22 10/25 12/2 12/3 12/10 12/16 13/2 13/3 15/6 15/9 19/1 19/4 23/9
Judicial [1] 3/7
July [2] 1/9 4/20
July 29 [1] 4/20
June [1] 24/18
June 4 [1] 24/18
jury [5] 7/11 7/24 10/18 12/9 16/6
just [11] 5/18 7/18 8/9 9/8 9/8 9/13 14/23 15/13 15/13 19/17 22/14

**K**

KANNER [1] 1/20
KASS [4] 2/2 4/7 10/1 21/7
Kass's [2] 11/4 17/16
KATZ [1] 1/16
keep [1] 19/11
kick [1] 24/8
KIRSTIN [1] 2/20
KIRTLAND [1] 2/5
knew [4] 8/22 18/22 19/12 19/13
know [17] 6/3 6/5 8/25 9/10 9/12 9/13 12/18 12/21 13/7 16/14 18/15 18/25 21/8 23/7 24/1 25/18 25/25
knowledge [3] 17/1 17/6 19/20
known [8] 8/25 18/21
Kugler [6] 3/7 14/2 14/3 18/8 18/10 18/14
Kugler's [1] 18/5
Kurz [3] 1/23 1/23 26/23

**L**

lack [2] 17/1 17/6
lacked [1] 19/20
laid [1] 17/8
language [1] 8/14
Larry [1] 3/6
last [6] 13/17 13/23 13/23 16/12 21/3 22/24
late [1] 21/3
later [5] 14/12 14/13 15/18 15/21 20/6
law [15] 3/7 7/4 7/16 8/16 9/21 10/1 10/3 10/6 12/7 12/8 15/9 19/2 24/23 25/11 25/16
laws [2] 7/12 7/15
Lead [3] 1/15 1/19 1/22
least [2] 5/20 16/4

leave [1] 7/8
legal [2] 7/10 15/5
Leon [1] 2/3
less [1] 7/24
let [2] 17/4 26/1
Let's [1] 4/8
letter [15] 4/25 5/5 6/7 6/16 7/2 10/3 14/13 14/19 17/8 17/13 17/17 20/8 20/10 21/12 24/18
letters [6] 4/14 4/20 4/22 24/14 24/18 25/12
LIABILITY [1] 1/5
life [1] 6/24
like [8] 6/2 6/5 6/16 11/22 19/17 20/13 20/21 24/12
liked [1] 12/20
line [1] 10/9
lineup [1] 4/9
list [1] 5/6
litigation [3] 1/5 9/14 15/12
little [7] 5/19 5/20 8/2 8/9 12/18 12/20 22/7
LLC [6] 1/13 1/16 1/20 2/4 2/11 2/18
LLP [8] 2/2 2/5 2/8 2/12 2/15 2/20 2/23 3/2
located [1] 7/18
long [4] 7/22 8/4 10/10 16/12
look [7] 8/10 13/18 16/13 16/20 23/11 25/23 26/8
looked [2] 7/15 25/11
Lopez [9] 8/18 10/5 11/5 11/6 14/9 17/11 17/15 19/24 19/25
Lopez's [5] 14/8 23/14 24/12 24/13 24/15
Loretta [1] 3/7
LOSARTAN [1] 1/3
Loss [1] 1/22
lot [2] 9/12 18/16
Louisiana [1] 1/21
love [1] 12/21
Ltd [2] 2/11 2/17

**M**

Macleods [1] 2/25
MacStravic [1] 3/6
made [10] 7/23 8/12 10/12 11/22 12/4 12/12 13/4 13/8 18/1 18/17
make [5] 7/25 10/16 12/9 12/22 13/14
Manhattan [1] 2/9
many [1] 20/15
Market [1] 1/14
MARTIN [1] 3/2
MASTER [3] 1/11 4/2 24/7
matter [2] 9/21 26/20
matters [1] 4/21
may [5] 4/15 13/13 16/7 24/18 26/11
May 12 [1] 24/18

MAZE [1] 1/16
MAZZOTTI [1] 3/2
md [1] 1/4
MDL [2] 1/15 1/19
me [15] 4/23 6/12 14/11 23/4 23/4 23/12 23/14 24/6 24/8 24/14 24/16 24/17 24/17 25/21 26/1
MEAGHER [1] 2/8
mean [4] 7/13 19/17 20/9 20/13
meant [1] 6/5
mechanical [1] 1/25
medical [1] 25/20
meet [5] 5/1 13/9 13/10 14/20 14/22
memorialize [1] 21/12
merits [2] 18/8 24/2
MESTRE [1] 2/3
Miami [1] 2/3
minute [2] 13/23 21/3
missing [2] 6/25 16/4
mistaken [1] 18/14
Mitchell [1] 1/7
Monroe [1] 2/21
months [3] 5/22 6/4 19/21
more [11] 5/19 5/21 9/12 12/5 12/20 13/2 14/17 14/17 20/23 21/5 22/6
more into [1] 22/6
mortal [1] 18/15
motion [8] 7/9 8/7 9/5 9/21 10/22 14/4 15/6 15/9 15/14 15/22 16/2 17/24 15/16 15/19
move [7] 7/3 12/14 12/15 12/16 12/25 13/1 13/2
moved [1] 17/23
Mr. [18] 10/1 10/5 11/4 11/6 14/8 14/9 15/7 15/14 17/15 17/16 19/24 20/3 20/16 21/7 23/14 24/12 24/13 24/15
Mr. George [1] 14/9
Mr. Kass [2] 10/1 21/7
Mr. Kass's [2] 11/4 17/16
Mr. Lopez [3] 10/5 11/6 17/15
Mr. Lopez's [4] 23/14 24/12 24/13 24/15
Mr. Ostfeld [6] 14/8 15/7 15/14 19/24 20/3 20/16
MSP [9] 2/4 6/22 9/12 11/9 12/3 13/24 15/18 15/22 25/2
MSP's [2] 8/18 14/4
MSP0001156 [1] 21/23
MSP0005946 [1] 22/25
MSP0005959 [1] 22/3
much [4] 7/24 9/9 25/2 26/7
muddled [1] 20/8
my [2] 17/19 21/12
Mylan [1] 2/14
myself [2] 12/19 12/22

**N**

narrow [2] 4/23 6/9
narrowing [1] 4/24
near [1] 6/7
necessarily [2] 12/21 18/17 18/18
need [7] 5/10 5/18 8/15 15/10 16/2 23/3 25/2
needed [1] 20/22
net [2] 5/9 6/14
never [1] 10/15
new [12] 1/1 1/8 1/18 1/21 2/10 2/10 3/3 7/17 17/10 23/23 17/14 17/18
next [2] 6/3 6/21
njd.uscourts.gov [1] 1/23
no [9] 8/15 16/11 16/11 18/20 18/20 19/12 20/18 20/20 22/3
nobody [1] 13/20
not [41]
noted [2] 18/5 19/20
nothing [5] 9/9 12/5 26/5 26/6 26/11
now [13] 4/18 5/6 5/19 7/2 9/17 13/5 14/11 14/24 19/5 21/2 22/21 23/19 24/11
number [3] 1/3 8/21 21/23
NW [1] 2/24

**O**

obligation [1] 25/20
observation [1] 9/8
obviously [1] 11/11
Official [1] 1/23 26/17
Oh [1] 15/13
Ohio [1] 7/17
okay [5] 7/8 14/11 17/4 20/20 26/7
one [14] 2/9 2/13 7/19 8/11 8/19 9/8 10/23 15/13 15/14 18/15 21/5 21/22 22/7 22/24
only [6] 6/9 9/11 19/15 19/21 21/6 23/8
open [1] 23/9
Opinion [2] 18/6 18/12
oppose [2] 10/22 21/12
opposed [2] 6/3 17/18
original [1] 11/7
Orleans [1] 1/21
OSTFELD [8] 2/16 4/13 14/8 15/7 15/14 19/24 20/3 20/16
other [10] 4/8 4/15 6/14 9/8 12/7 14/14 15/8 15/13 15/23 21/1
others [1] 4/15
our [28]
ours [1] 25/16
out [11] 5/5 5/17 5/23 14/23 17/6 17/8 20/15 23/18 23/22 25/12 25/16
over [2] 6/22 22/1
own [3] 6/24 7/25 8/1

## O

own deals [1]  7/25
Oxford [1]  2/13

## P

p.m [3]  1/9 4/3 26/16
P.O [1]  3/3
Pacific [1]  2/6
PACKARD [1]  2/5
page [1]  21/23
page 3 [1]  21/23
pages [1]  17/10
paid [6]  9/12 10/6 10/15 11/8 11/14 20/3
paper [1]  18/16
paragraphs [1]  16/16
PAREKH [1]  2/5
Parkway [1]  1/18
part [3]  16/18 18/21 22/8
partially [1]  21/6
parties [2]  5/21 7/25
Party [1]  1/22
passed [4]  10/20 19/4 19/9 23/10
past [1]  19/22
pay [1]  25/20
Payor [1]  1/22
Pennsylvania [2]  1/15 2/14
peppercorn [7]  8/3 8/5 9/13 10/2 11/25 12/8 22/16
peppercorn's [2]  9/12 10/4
percentage [5]  9/1 9/1 9/2 15/16 21/25
perhaps [2]  4/24 12/19
person [1]  15/23
pertained [1]  17/9
Pharma [2]  2/18 2/25
Pharmaceutical [3]  2/10 2/11 2/17
Pharmaceuticals [2]  2/14 2/18
Philadelphia [1]  1/15
PIETRAGALLO [1]  2/12
Pittsburgh [1]  2/14
placed [1]  18/19
Plaintiff [1]  3/4
plaintiffs [19]  1/15 1/19 2/7 4/5 5/2 5/7 5/16 7/2 10/1 10/11 12/23 13/2 13/9 16/2 16/15 18/21 21/12 21/17 26/6
plaintiffs' [3]  5/12 5/17 20/24
planet [1]  15/23
pleadings [5]  11/18 16/14 16/22 18/18 21/15
point [6]  12/22 14/6 16/10 17/23 20/15 22/21
policies [1]  9/17
Ponce [1]  2/3
position [8]  8/7 15/4 17/21 21/8 22/14 22/15 23/17 23/21

potentially [2]  5/20 6/8
practice [1]  23/9
prejudicial [1]  15/3
preparing [1]  9/18
present [2]  3/5 19/2
presented [1]  23/4
preview [1]  8/9
primarily [2]  25/12 25/13
Prinston [1]  2/11
prior [2]  8/21 18/19
proceed [1]  19/6
proceeding [1]  23/12
proceedings [4]  1/25 4/1 26/16 26/20
produce [6]  13/13 14/17 14/17 17/18 21/13 21/20
produced [13]  1/25 9/15 9/15 12/4 20/17 20/19 21/21 22/2 22/6 22/12 22/22 22/23 22/25
production [2]  12/14 23/5
PRODUCTS [1]  1/4
proof [11]  11/17 11/21 12/23 12/24 13/4 13/9 13/10 16/19 17/25 21/18 22/20
proofs [1]  15/10
proper [1]  24/11
proprietary [1]  22/5
prospect [1]  5/2
prove [6]  11/23 12/6 13/25 18/22 22/21 22/22
provide [4]  10/2 11/12 11/15 22/19
provided [3]  10/7 10/24 17/10
provisions [1]  7/16
publicly [1]  6/13
punitive [1]  4/23
purchase [10]  11/9 11/13 15/15 20/17 21/9 21/11 22/4 22/8 22/12 22/25
purchased [1]  11/10
purports [1]  11/14
purposes [1]  20/4
put [1]  11/20

## Q

question [5]  4/22 11/2 23/6 23/15 24/9
questioning [1]  17/10
questions [1]  20/7
quickly [1]  9/5
quoted [2]  21/6 21/6

## R

raise [1]  19/10
raised [1]  13/22
range [1]  21/8
RASPANTI [1]  2/12
RDR [1]  26/23
RDR-RMR-CRR-CRC [1]  26/23
RE [1]  1/3
reach [1]  5/17

reached [1]  5/14
read [3]  10/7 18/4 25/15
ready [2]  13/5 19/5
real [1]  14/7
really [1]  19/5
reason [1]  10/14
reasonable [1]  6/1
received [1]  9/19
recitation [2]  1/10 10/5
recitations [1]  11/24
recited [1]  21/14
recommendation [1]  23/8
record [7]  10/8 14/9 14/12 20/5 22/4 24/15 26/20
recorded [1]  1/25
recovery [9]  2/4 6/22 9/1 15/16 15/22 15/24 20/19 21/21 22/10
redact [1]  22/4
redacted [2]  12/14 21/24 22/13
redactions [1]  20/22
Redondo [1]  2/6
referenced [1]  24/13
referencing [2]  18/17 18/18
referred [1]  12/17
referring [1]  10/1
regarding [2]  5/8 10/2
REIN [1]  2/23
rejected [1]  17/19
related [1]  14/15
relevant [2]  9/15 15/1
remain [1]  11/17
remark [1]  18/9
remedy [1]  20/23
remote [1]  4/1
reopening [1]  14/22
report [2]  6/16 23/8
reporter [1]  1/23 23/2 26/24
REPORTER'S [1]  26/17
Reporter/Transcriber [1]  26/24
representative [1]  8/18
represented [1]  6/11
represents [1]  6/13
request [5]  17/13 17/14 17/19 21/13 23/5
require [2]  8/16 18/22
required [4]  12/25 13/1 13/2 17/22
research [1]  7/12
reserve [1]  20/5
resolution [2]  5/3 5/13
resolvable [3]  5/19 5/20 6/9
resolve [5]  6/15 15/11 20/25 21/2 23/13
resolved [3]  6/3 6/6 22/9
respect [8]  7/9 15/14 16/5 18/8 18/13 18/14 22/2 24/23
respectfully [4]  11/4 13/7 17/12 18/25

respond [2]  17/2 25/1
responded [1]  14/16
response [3]  20/8 24/19 25/7
responsive [1]  17/17
RET [3]  1/10 3/7 4/2
return [1]  9/20
revenues [2]  5/8 6/14
reviewing [1]  14/20
revisit [1]  20/5
RICHARD [1]  2/9
RIDDELL [1]  3/2
right [31]
rightly [1]  19/20
RIVERO [1]  2/2
RMB [1]  1/4
RMR [1]  26/23
road [1]  24/8
Robert [1]  3/7
Roseland [1]  1/18
ROSEMARIE [1]  3/2
RUBEN [1]  1/13
rule [1]  22/16
ruling [2]  14/3 24/9

## S

said [15]  6/7 11/5 11/8 14/3 14/9 14/9 14/11 14/19 15/14 19/20 19/25 19/25 20/2 20/3 25/23
SAK [1]  1/4
sat [1]  9/17
satisfied [1]  25/20
saw [1]  22/7
say [11]  12/18 17/17 18/4 18/7 18/13 20/24 21/5 21/7 21/19 25/11 25/13
saying [3]  8/4 13/7 19/11
says [4]  7/19 8/11 14/15 20/11
scenario [1]  25/16
scope [1]  6/9
secrets [1]  8/23
section [1]  21/7
see [5]  5/12 5/15 23/12 24/15 25/15
seek [1]  10/21
seem [3]  6/12 23/4 25/21
seems [3]  4/23 6/24 6/25
send [3]  23/14 24/16 24/17
sent [4]  17/13 23/23 23/24 24/14
Series [1]  2/4
serves [1]  20/9
set [5]  4/14 4/19 5/5 16/16 21/15
sets [1]  17/8
she [2]  12/21 23/12
should [8]  7/11 12/3 12/10 13/8 13/10 19/6 22/9 23/9
shouldn't [1]  25/13
show [2]  11/2 16/1
sic [1]  8/17
sideline [1]  15/3
sides [1]  15/8

sideshow [1]  15/12
similar [1]  25/16
simple [2]  9/8 22/21
simply [3]  18/17 19/16 19/20
since [2]  8/25 21/16
single [4]  7/19 8/11 8/13 8/19
situation [1]  25/14
SKADDEN [1]  2/8
SLATE [1]  2/8
SLATER [4]  1/16 1/17 4/6 4/20
Smith [1]  3/7
so [25]  5/18 5/20 5/22 6/15 6/17 7/7 8/6 8/13 9/4 9/25 10/17 10/21 13/14 14/24 15/4 16/10 16/21 18/20 21/23 22/21 24/1 24/15 25/4 26/1 26/4
Solco [1]  2/11
some [1]  17/18
something [5]  7/1 7/20 9/19 17/21 23/20
sometimes [1]  12/18
somewhere [1]  24/15
sorry [1]  16/24
sought [3]  6/10 22/11 22/11
sounds [2]  6/1 11/22
South [1]  2/6
speak [2]  4/15 5/1
speaking [6]  4/4 4/7 4/11 4/13 8/22 14/10
SPECIAL [3]  1/11 4/2 24/7
specific [2]  9/6 19/13
St [1]  2/24
standing [1]  19/16
STANOCH [1]  1/14
started [1]  4/18
stated [2]  14/12 19/16
statement [2]  7/22 18/17
states [5]  1/1 7/12 7/17 7/19 21/24
stating [2]  9/2 13/20
status [2]  6/16 14/4
stenography [1]  1/25
still [3]  8/3 8/4 17/6
stipulation [1]  16/3
stipulations [1]  17/9
strategic [4]  11/22 12/12 13/4 13/8
stray [1]  18/9
Street [4]  1/14 1/21 2/21 3/3
Streets [1]  1/8
stuck [1]  13/8
subject [1]  18/2
submissions [2]  25/24 26/8
submit [5]  15/7 15/8 20/14 20/14 24/25
submitted [3]  8/6 13/19 24/22
subsequent [2]  11/9 11/9
subsequently [2]  11/12

**S**

**subsequently... [1]** 20/17
**substantial [1]** 6/25
**sudden [1]** 13/24
**sufficiency [7]** 7/14 7/20 7/23 9/11 10/10 10/11 13/16
**sufficient [4]** 8/6 8/12 10/2 10/6
**suggested [2]** 7/2 12/2
**Suite [6]** 1/14 1/18 2/3 2/9 2/16 2/21
**sum [3]** 11/11 11/11 15/21
**SummaCare [10]** 8/24 11/5 11/10 15/14 15/19 16/5 20/1 21/11 21/22 22/11
**summary [20]** 7/3 7/10 8/8 9/5 9/21 10/20 10/21 10/22 10/25 12/2 12/3 12/10 12/16 13/1 13/3 15/6 15/9 19/1 19/4 23/9
**supplemental [1]** 25/24
**support [1]** 16/17
**sure [4]** 4/8 19/8 23/9 24/10
**switcheroo [4]** 13/24 16/10 16/11 18/20

**T**

**take [6]** 4/22 5/13 5/23 19/1 26/8 26/15
**taken [1]** 6/24
**targeted [1]** 9/6
**TEAMS [2]** 1/6 4/1
**teed [1]** 4/21
**ten [1]** 6/17
**terms [5]** 17/14 17/20 18/23 22/7 25/25
**test [2]** 11/25 12/8
**testified [2]** 8/18 17/15
**testimony [3]** 10/13 12/5 13/11
**Teva [3]** 2/17 2/18 2/18
**thank [10]** 6/20 9/24 16/9 23/1 25/9 26/7 26/10 26/12 26/13 26/14
**Thanks [2]** 4/10 4/17
**them [4]** 10/7 15/7 18/22 22/17
**theory [1]** 8/3
**therefore [1]** 13/21
**these [5]** 7/14 11/15 15/6 18/22 20/23
**they're [7]** 9/17 12/8 12/11 13/19 16/4 16/5 25/14
**they've [16]** 8/25 9/14 9/15 9/17 10/12 10/14 11/15 11/22 12/4 12/4 12/5 13/10 13/11 22/13 22/22 23/23
**thing [4]** 15/14 19/15 21/5 22/24
**things [1]** 14/14
**think [18]** 4/9 5/5 5/10

5/19 5/20 5/23 11/23 12/1 12/17 18/16 19/4 19/9 20/9 23/6 23/21 23/24 24/5 24/6
**Third [2]** 1/22 16/15
**Third-Amended [1]** 16/15
**Third-Party [1]** 1/22
**this [60]**
**THOMAS [2]** 1/10 4/2
**thousands [1]** 9/16
**three [7]** 5/22 6/4 14/24 17/8 21/2 22/1 22/9
**through [4]** 11/24 11/24 12/8 16/16
**throughout [1]** 9/14
**time [14]** 4/18 5/1 5/19 5/21 5/23 10/10 10/20 11/7 14/6 15/20 19/4 19/9 23/10 25/2
**today [4]** 4/5 6/17 20/4 26/3
**TODD [1]** 2/9
**too [1]** 21/3
**took [1]** 17/21
**total [1]** 21/23
**trade [1]** 8/23
**Transcriber [1]** 26/24
**transcript [3]** 1/25 23/11 26/19
**transcription [1]** 1/25
**TRAURIG [1]** 2/15
**trial [20]** 5/22 9/18 10/3 11/3 12/1 12/3 13/5 13/6 13/18 13/18 13/21 14/25 14/25 15/3 15/12 16/6 18/3 19/5 19/10 21/3
**TRISCHLER [2]** 2/13 4/21
**try [7]** 5/15 12/9 14/25 14/25 18/24 19/1 22/21
**trying [4]** 12/22 16/5 20/10 23/3
**twice [1]** 9/17
**two [2]** 4/14 4/21

**U**

**U.S [3]** 1/7 2/11 2/11
**ultimately [1]** 15/4
**unanticipated [1]** 4/8
**under [3]** 9/7 10/6 12/7
**understanding [3]** 10/4 18/10 18/15
**understood [1]** 16/18
**unduly [1]** 15/2
**uniformly [1]** 7/19
**UNITED [1]** 1/1
**unless [1]** 6/25
**until [1]** 13/16
**up [12]** 4/8 4/15 4/15 4/21 4/22 6/4 11/23 13/16 18/22 19/1 21/2 23/9
**updated [1]** 5/8
**us [5]** 20/9 20/13 20/24 23/23 23/24
**USA [1]** 2/18
**using [1]** 6/3

**V**

**valid [1]** 23/25
**validate [1]** 23/22
**validity [11]** 10/10 10/17 11/23 12/6 15/24 16/3 16/17 18/2 21/16 23/7 24/9
**valsartan [2]** 1/3 15/2
**valuable [2]** 7/23 8/12
**value [1]** 9/19
**VANASKIE [4]** 1/10 4/2 4/12 21/1
**various [2]** 7/12 14/14
**very [9]** 4/10 4/17 6/25 8/2 8/7 9/6 10/10 25/14 26/7
**via [2]** 1/6 4/1
**Videoconference [1]** 1/6
**videoconferencing [1]** 4/1
**vigorously [1]** 12/20

**W**

**Wacker [1]** 2/16
**wait [1]** 14/24
**Wall [1]** 3/3
**want [18]** 5/4 5/8 7/5 13/9 13/14 14/15 14/20 14/21 16/10 16/24 19/1 19/23 20/15 22/6 22/21 23/11 24/7 25/1
**wanted [4]** 5/1 11/19 23/15 24/8
**Washington [1]** 2/24
**wasn't [4]** 8/20 10/5 17/21 18/8
**way [2]** 9/20 12/21
**we'd [1]** 6/5
**we'll [7]** 11/1 11/2 15/9 15/10 25/4 26/1 26/8
**we've [5]** 5/11 5/22 7/12 10/9 13/8
**Wednesday [1]** 1/9
**week [3]** 13/17 13/23 21/1
**week's [1]** 16/13
**weeks [1]** 6/3
**WEINSTEIN [1]** 2/23
**welcome [1]** 12/8
**went [5]** 15/18 15/21 21/6 21/11 21/12
**weren't [1]** 5/16
**West [2]** 2/9 2/16
**whatever [1]** 10/14
**whether [3]** 12/2 19/1 25/20
**while [1]** 8/20
**WHITELEY [2]** 1/20 1/20
**whole [2]** 6/4 14/14
**WILEY [1]** 2/23
**will [11]** 4/4 4/7 4/8 4/11 6/19 12/18 15/3 16/6 18/4 24/5 25/11
**willing [2]** 8/21 11/20
**within [1]** 6/17
**without [4]** 10/17 14/10

18/17 22/15
**won't [1]** 22/16
**work [1]** 5/23
**world [1]** 12/10
**worth [3]** 5/9 6/14 9/12
**wouldn't [1]** 15/24
**written [1]** 17/8
**wrong [1]** 11/25
**wrote [1]** 18/11

**Y**

**Yeah [4]** 6/8 16/23 24/25 24/25
**year [2]** 15/18 15/21
**years [4]** 14/24 21/2 22/1 22/9
**yes [7]** 6/1 7/7 13/13 16/8 19/8 21/21 25/17
**York [4]** 2/10 2/10 3/3 7/17
**you [41]**

**Z**

**ZALMAN [6]** 2/2 4/7 13/12 19/7 21/19 25/2
**Zhejiang [1]** 2/10
**ZHP [2]** 2/11 6/14