[Docket Nos. 2793, 2794, & 2795]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| *IN RE*: VALSARTAN, LOSARTAN, AND IRBESARTAN, PRODUCTS LIABILITY<br><br>*This document relates to all cases.* | Civil No. 19-2875 (RMB/SAK)<br><br>**ORDER** |

**THIS MATTER** HAVING COME BEFORE THE COURT on the following motions: by Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc. d\b\a Solco Healthcare LLC, and Solco Healthcare U.S. ("ZHP") seeking to reverse Special Master Order ["SMO"] 100 (Docket No. 2778) [Docket No. 2793], by Plaintiffs seeking to modify, in part, or reverse, SMO 100 [Docket No. 2794], and by Defendants Teva Pharmaceuticals USA, Inc., Actavis LLC, and Actavis Pharma, Inc. ("Teva") and Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd. ("Torrent") [Docket No. 2795] seeking to modify, in part, SMO 100; and

**THE COURT DECIDING THESE MOTIONS** without oral argument pursuant to Local Civil Rule 78.1(b), and the Court having reviewed *de novo* the parties' objections to finding of facts made by the Special Master (the Honorable Thomas L. Vanaskie (Ret.)), and having reviewed *de novo* the parties' objections to the conclusions of law made by the Special Master,

**IT IS**, on this **15th** day of **August 2024**, hereby:

1. **ORDERED** that ZHP's motion (Docket No. 2793) be and is hereby **DENIED**; and it is further

2. **ORDERED** that Plaintiffs' motion (Docket. No. 2794) be and is hereby **GRANTED**, in part, and **DENIED,** in part; and it is further

3. **ORDERED** that Teva's and Torrent's motion [Docket No. 2795] is **GRANTED**; and it is further

4. **ORDERED** that Special Master Order No. 100 is affirmed in all respects except as modified below; and it is further

5. **ORDERED** that the jury shall be instructed as follows with the modifications below as shown by strikeout of deleted material and *italics* of added material:

Deposition of Baohua Chen

Baohua Chen, the President of ZHP, did not appear for a deposition ordered by this Court.  ~~Plaintiff has argued that Mr. Chen had direct involvement with issues central to this case.~~  *This deprived Plaintiffs of their right to obtain the sworn deposition of Mr. Chen that they were entitled to under the law.*  ~~Plaintiffs contend~~ Mr. Chen had substantial involvement and authority with respect to ZHP's response to the disclosure of the contamination of ZHP's Valsartan and its subsequent recall from the market.

~~If you find that defendants could have produced Mr. Chen for his deposition and that Mr. Chen's testimony would have been relevant in deciding disputed facts in this case, you~~ *Y*ou are permitted, but not required, to infer that Mr. Chen's deposition testimony would have been unfavorable to ~~defendants~~ *ZHP*.  Specifically, you are permitted to infer

2

that Mr. Chen's deposition testimony would have included information about ZHP's knowledge of the nitrosamine contamination of ZHP's Valsartan that would have been unfavorable to ZHP.

In deciding whether to draw this inference, you may consider whether the testimony Mr. Chen would have provided would merely have duplicated other evidence already before you. Again, any inference you decide to draw should be based on all the fact and circumstances of the case.

### Missing Documents

ZHP failed to produce relevant documents that it was ordered to produce in this case. Specifically, ZHP was ordered to produce the native form of the July 27, 2017 email written by Jinsheng Lin. The July 27, 2017 email references ZHP's discussion of a problem presented by the finding of another nitrosamine impurity in Irbesartan, a similar drug manufactured by ZHP with a process similar to the process used to manufacture Valsartan. Additionally, ZHP was ordered to produce all drafts of an internal Irbesartan Report addressing ZHP's investigation into the nitrosamine impurity found in Irbesartan referenced in the July 27, 2017 email. ZHP produced a final version of this report but did not produce the report in its native, primary electronic form with its metadata. The native form of these documents and their included metadata would have provided Plaintiffs information about when the document was written, when it was sent and forwarded to and when, and other relevant information.

~~Plaintiff has argued that t~~These documents were in ZHP's control and would have ~~proven facts~~ *been* relevant to the issues in this case.

~~If you find that ZHP could have produced these documents and their metadata, and that the evidence was within their control, and that the documents and metadata would have been relevant in deciding disputed facts in this case, y~~You are permitted, but not required, to infer that the evidence would have been unfavorable to ZHP.

In deciding whether to draw this inference, you may consider whether these documents would merely have duplicated other evidence already before you. Again, any inference you decide to draw should be based on all the facts and circumstances of this case.

4

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge