# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to the TPP Trial Subclasses** | MDL No. 2875<br><br>Honorable Renée Marie Bumb, District Court Judge |

## TPP TRIAL DEFENDANTS' BENCH BRIEF REGARDING STATE-SPECIFIC JURY INSTRUCTIONS

The TPP Trial Defendants respectfully submit this brief to address whether one "Esperanto" jury charge may be given to encompass multiple states that set forth "identical" elements for the same causes of action. (7/23/24 Tr. 304:1-17 (ECF 2791).) The answer is no. As recognized by *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995), and numerous other cases discussed below, even where states have adopted the same general elements of a claim, those elements are often construed differently in judicial precedents and pattern jury instructions. These differences (as well as actual differences in the elements of plaintiffs' claims) are reflected in the proposed instructions submitted by the TPP Trial Defendants. The TPP Trial Defendants appreciate that the jury instructions are long, and that is one reason why they argued that the proposed class action was unmanageable. That argument was rejected, however, and due process does not allow the use of inadequate jury instructions to simplify the jury's task.

## ARGUMENT

"[D]ue process requires that in a class action based on the laws of separate jurisdictions the adjudicating court must apply to any particular claim the substantive law of a jurisdiction having a significant interest in that claim." *In re Sch. Asbestos Litig.*, 977 F.2d 764, 797 (3d Cir. 1992) (citing *Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 814-23 (1985)). In diversity actions, "jury instructions must accurately describe the applicable state substantive law" to avoid error. *Folks v.*

1

*Kirby Forest Indus. Inc.*, 10 F.3d 1173, 1175 (5th Cir. 1994) (citation omitted).

In general, the safest course is to use a state's pattern instructions. While a federal court sitting in diversity is not required to do so, courts have found that using pattern instructions helps to ensure that juries are properly instructed on state substantive law. *See King v. Ford Motor Co.*, 209 F.3d 886, 897 (6th Cir. 2000) ("'It is the better practice for a federal court sitting in diversity to use state approved jury instructions' in order to accurately instruct the jury on the appropriate state substantive law.") (quoting *Laney v. Celotex Corp.*, 901 F.2d 1319, 1321 (6th Cir. 1990)) (citation omitted). This is particularly true when a state encourages or mandates the use of its model jury instructions as the expression of the state's substantive law. *See, e.g.*, *Rhea v. Massey-Ferguson, Inc.*, 767 F.2d 266, 269 (6th Cir. 1985) (noting that "[t]he standard instructions must be given by a Michigan court in a civil action" and holding the court had "no duty" to give "additional requested instructions" beyond standard instructions).

In multi-state class actions, while the "differences in the law of two states may readily be addressed by appropriate instructions, the potential for jury confusion increases when more states and more sets of instructions are added to the mix." *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-2591, 2017 WL 2876767, at *2 (D. Kan. July 6, 2017). Importantly, a court "may not simply apply" a "hybrid or composite of state laws" to solve this problem. *In re Sch. Asbestos*

*Litig.*, 977 F.2d at 797. Separate instructions on the substantive laws of each state cannot be replaced with "a single trial before a single jury instructed in accordance with no actual law of any jurisdiction—a jury that will receive a kind of Esperanto instruction" or "an amalgam, an averaging" that attempts to merge the standards of every state. *In re Rhone-Poulenc*, 51 F.3d at 1300 (granting mandamus and decertifying multi-state class); *accord, e.g.*, *Barrus v. Dick's Sporting Goods, Inc.*, 732 F. Supp. 2d 243, 253 (W.D.N.Y. 2010) ("Plaintiffs' proposal to meld the FLSA into a universally-applicable state common law standard would be an abuse of [the court's] discretion and a violation of the *Erie* doctrine."); *Garner v. Healy*, 184 F.R.D. 598, 603 (N.D. Ill. 1999) (recognizing "there is no 'general common law' of warranty, nor is there an Esperanto consumer fraud instruction" merging state consumer fraud statutes).

Even when states' laws differ "only in nuance . . . nuance can be important, and its significance is suggested by a comparison of differing state pattern instructions" and "different judicial formulations" on the elements of each claim and their meaning. *In re Rhone-Poulenc*, 51 F.3d at 1300; *see also id.* at 1301 (explaining with respect to negligence claims that the "voices of the quasi-sovereigns that are the states of the United States sing negligence with a different pitch"); *In re Prempro Prods. Liab. Litig.*, 230 F.R.D. 555, 564 (E.D. Ark. 2005) (concluding that the "same can be said for common law claims generally").

3

When jury instructions attempt to combine the laws of multiple states, they may "fall far short of addressing the nuances in state law which must be captured in any jury charge" and thus "invite reversal on appeal." *In re Ford Motor Co. Vehicle Paint Litig.*, 182 F.R.D. 214, 222 (E.D. La. 1998); *see also In re Masonite Corp. Hardboard Siding Prods. Liab. Litig.*, 170 F.R.D. 417, 422 (E.D. La. 1997) (state products liability laws "vary in nuance" and the "doctrinal dissonance" among different states' laws "cannot be glossed over casually").

Courts have also found that this risk of error is not adequately mitigated by one instruction with separate clarifications that purport to address the differences among various states' laws. *See In re Prempro*, 230 F.R.D. at 563 (noting that plaintiffs' proposed addition of seven instructions to supplement overarching unjust enrichment instructions would insufficiently address state-to-state differences); *In re McCormick & Co. Pepper Prods. Mktg. & Sales Pracs. Litig.*, 422 F. Supp. 3d 194, 227-30 (D.D.C. 2019) (rejecting plaintiffs' attempt at class certification stage to address differing definitions of "deception" by adding two clarifying instructions—one to cover eight states and another to cover the remaining twelve—finding the additional instructions did not "fully account for all the potential differences in the states' definitions of deception").

Only the TPP Trial Defendants' proposed instructions are in accord with these principles. Those instructions address causes of action, based on each state's

4

pattern instruction (where available), or statutory language. The proposals themselves indicate the "nuances" that are "important" under the caselaw. *In re Rhone-Poulenc*, 51 F.3d at 1300. On express warranty, for example, Florida, New York, and Texas require manifestation of defect, but other states do not; and 13 states expressly require reliance, while seven do not. As to intentional misrepresentation, the states vary as to whether materiality is required, and those that require materiality vary as to whether the element is objective, subjective, or a combination; as to knowledge, some states require actual knowledge, while others will also accept proof of reckless disregard; and some states require an intent to induce reliance, others an intent to deceive, while still others require both. And the consumer statutes vary with respect to whether proof of injury to public interest is required; some states require proof of intent, while others do not; and states take varying approaches to whether and how a plaintiff must show that the product was promoted for a consumer purpose. No single instruction can capture these nuances without resorting to the sort of "hybrid" or "Esperanto" instruction that the cases— and due process—forbid.

## CONCLUSION

For the reasons set forth above, the TPP Trial Defendants respectfully submit that state-specific instructions are required.

Dated: August 22, 2024                                Respectfully submitted,

By: */s/ Jessica Davidson*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jessica Davidson (NY Bar No. 6034748)
*Liaison Counsel for Manufacturer Defendants*

Allison M. Brown (NJ Bar No. 044992012)
One Manhattan West
New York, New York 10001
Phone: (212) 735-3222
Fax: (917) 777-3222
jessica.davidson@skadden.com
allison.brown@skadden.com

Nina R. Rose (DC Bar No. 975927)
1440 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 371-7000
Fax: (202) 661-0525
nina.rose@skadden.com

   *Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC*

*/s/ Gregory E. Ostfeld*
Gregory E. Ostfeld
GREENBERG TRAURIG, LLP
Tiffany M. Andras
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
ostfeldg@gtlaw.com
andrast@gtlaw.com

Lori G. Cohen, Esq.
Victoria Davis Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Rd., NE, Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA, Inc., Actavis LLC, and Actavis Pharma, Inc.*

*/s/ Alexia R. Brancato*
Alexia R. Brancato
Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-5967
Fax: (212) 446-6460
alexia.brancato@kirkland.com
devora.allon@kirkland.com

*Attorneys for Defendants Torrent Pharmaceuticals Ltd. and Torrent Pharma, Inc.*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ *Jessica Davidson*
Jessica Davidson