# Skadden, Arps, Slate, Meagher & Flom llp

ONE MANHATTAN WEST

NEW YORK, NY 10001

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-2588
DIRECT FAX
(917) 777-2588
EMAIL ADDRESS
Jessica.Davidson@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

August 23, 2024

**VIA ECF**

The Hon. Renée Marie Bumb
Chief United States District Judge
District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

    RE: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*, No. 1:19-md-2875-RBK-KMW (D.N.J.)

Dear Chief Judge Bumb:

  I write on behalf of Defendant ZHP with respect to the Court's August 15, 2024 Order ("August 15 Order") (ECF No. 2810) affirming, in part, Special Master Order No. 100 ("SMO 100"). ZHP is in the process of complying with the August 15 Order by arranging payment of the $309,130 for attorneys' fees and $41,399.20 for expenses awarded to plaintiffs.

  The August 15 Order also upheld, in part, the portion of SMO 100 that approved an instruction that the jury may make certain permissive inferences related to evidence that was not produced during discovery. In particular, the Court approved an instruction to the jury that "Baohua Chen, the President of ZHP, did not appear for a deposition ordered by this Court" and therefore the jury is "permitted, but not required, to infer that Mr. Chen's deposition testimony would have been unfavorable to ZHP." (ECF No. 2810 at 2.)

  In light of the adoption of this jury instruction and permissive inference, ZHP requests leave to designate an additional expert witness to explain to the jury the Chinese regulations and procedures that prevented Mr. Chen from being able to leave mainland China to provide a deposition in this case. Courts have recognized that parties subject to a permissible or rebuttable adverse inference are entitled to defend themselves against the application of such an inference "through [the] presentation of evidence, including expert testimony." *Penick v. Harbor Freight*

*Tools, USA, Inc.*, 481 F. Supp. 3d 1286, 1295-96 (S.D. Fla. 2020); *see also Hyundai Motor Am. Corp. v. N. Am. Auto. Servs., Inc.*, No. 20-82102, 2021 WL 3111191, at *14 (S.D. Fla. July 22, 2021) (citing and quoting *Penick*).

  Here, expert evidence would inform the jury's decision as to whether it is appropriate to infer that Mr. Chen's "testimony would have been unfavorable to ZHP" (ECF No. 2810 at 2) by helping the jury determine whether Mr. Chen's failure to appear for a deposition was motivated by the fact that his testimony would have hurt ZHP's litigation position, or whether it was the result of government restrictions.

  Good cause exists to allow the late designation of an expert on this topic because the Court issued its order just a week ago. Moreover, if its request is granted, ZHP will produce an expert report by September 20, 2024, and will present the expert for deposition as soon as possible thereafter. As a result, any prejudice to plaintiffs by the late designation would be minimal.

  Thank you in advance for your consideration of this request.

              Respectfully Submitted,

              */s/ Jessica Davidson*

Jessica Davidson
cc: All counsel of record (via ECF)