# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

August 26, 2024

*VIA ECF*
Honorable Renée Marie Bumb
United States District Court
Mitchell H. Cohen Building and
 U.S. Courthouse
Courtroom 3D
4th and Cooper Streets
Camden, New Jersey 08101

Re:  *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*, MDL No. 19-2875 (RMB)

Dear Chief Judge Bumb:

Please accept this letter on behalf of the Plaintiffs in opposition to Defendant ZHP's request to be permitted to retain a new expert to testify at trial with regard to Baohua Chen's failure to comply with the Court's Order that he be deposed.

This request should be denied for multiple reasons. First, ZHP already attempted to inject an expert into the Court's decision on this issue, and Judge Vanaskie struck that purported expert's declaration (which was nothing more than

Honorable Renée Marie Bumb
United States District Court
August 26, 2024
Page 2

an unhelpful net opinion) as untimely.[1] ([ECF 2371](ECF 2371)). ZHP's argument that the Court's Order was somehow unforeseeable or unforeseen is not credible, as even more significant sanctions were being requested—and ZHP attempted to insert an expert to address this exact issue, after Judge Vanaskie suggested it had not met its burden in its initial opposition to Plaintiffs' Rule 37 motion. ZHP has been on notice of the Plaintiffs' request for sanctions for years now and was afforded an opportunity to prove its inability to produce Baohua Chen in its original opposition to Plaintiffs' Rule 37 motion. There is no good cause to permit a new expert to be disclosed and testify when their prior attempt was found to be untimely a long time ago.

Second, the premise of ZHP's request, that they believe that they are allowed to re-litigate the Court's findings on the failure of Mr. Chen to comply with the Court's Orders that he be deposed, is incorrect. The instruction adopted by the Court explicitly instructs the jury that ZHP violated its discovery obligations, and that the jury is allowed to draw the inference that the testimony of Mr. Chen would have been adverse to ZHP as a substantive matter. The instruction instructs that the jury can consider that question, NOT whether Mr. Chen's violation of the Court Orders

---

[1] ZHP never sought a protective order from Baohua Chen's deposition and so waited for Plaintiffs' Rule 37 motion to even attempt to justify its inability to produce Baohua Chen for his deposition.

Honorable Renée Marie Bumb
United States District Court
August 26, 2024
Page 3

(and the failure to produce documents) was justified. In fact, the Court modified the Special Master's proposed instruction to remove that as a possibility.[2] That issue has been decided by the Court, which is very clear in the instruction.

    For the foregoing reasons, Plaintiffs request that ZHP's untimely request to add an expert regarding Chinese law and regulations in an effort to convince the jury that it should excuse the failure of Mr. Chen to appear for his Court-ordered deposition be denied.

    Thank you for your consideration.

    Respectfully,

    ADAM M. SLATER

Cc: All counsel of record (via ECF)

---

[2] As explained in Plaintiffs' briefing in support of this modification of SMO 100, "[t]he party invoking a foreign … restriction has the burden not only to assert the basis for its objections under Rule 26(b)(5)(A), but must prove in accordance with Rule 44.1 that the foreign law applies to the discovery sought, and conflicts with U.S. law," and "Rule 44.1 states: …. The court's determination must be treated as a ruling on a question of law." *In re Valsartan, Losartan, and Irbesartan Products Liab. Litig.*, No. MDL 2875 (RBK), 2021 WL 6010575, at *10-11 (D.N.J. Dec. 20, 2021) (emphasis added)). This issue must be and has been determined by the Court, not a jury, and should not be revisited any further.