# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875<br><br><br>HON. RENEÉ MARIE BUMB<br>CIVIL NO. 19-2875 (RMB) |
| THIS DOCUMENT RELATES TO ALL CASES | |

## TPP TRIAL PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING DAMAGES THEORY AND THEIR MOTION *IN LIMINE* NO. 16

SLACK DAVIS SANGER, LLP
6001 Bold Ruler Way, Suite 100
Austin, TX 78746
Tel.: 512-795-8686
Fax: 512-795-8787
jdavis@slackdavis.com

HONIK LLC
1515 Market St., Suite 1100
Philadelphia, PA 19102
Tel.: 267-435-1300
ruben@honiklaw.com

On the Brief:
John R. Davis, Esq.
Ruben Honik, Esq.

Defendants acknowledge (yet again) that the benefit-of-the-bargain measure is the appropriate measure of damages, so determined by the Court. Defendants then discard those rulings, believing they may simply propose to the jury a completely *different* law of damages and leave it to the jury to choose which law applies. This is impermissible. The Court instructs the jury on the law and there is no place under the damages law in this case for Defendants' speculative replacement drugs theory.

Defendants cite the *Talc* decision. But there, the Third Circuit emphasized that these were "*different* theories of economic injury" that could be alleged by a *plaintiff* to pass the standing hurdle. 903 F.3d at 282. That an "alternative product" theory of damages exists in different legal and factual contexts is a *non sequitur*. Because it does not fit the damages standard here, Defendants distort the standard.

To wit, Defendants no longer dispute the point of sale as the appropriate place to measure damages. Instead, Defendants argue that "the payments for alternative drugs would have occurred at the same point in time as … in the real world." (Dkt. No. 2819, at 4-5 & n.3.) But this completely and illogically rewrites the legal expression of benefit-of-the-bargain damages to the "difference in value between what was bargained for and what was received [**or would have been received in its place**]." This circular damages formulation would *in fact* create a law of no damages.

Defendants accuse Plaintiffs of "brushing aside" their authorities. But legal context is important, as is the nature of the injury. Plaintiffs contend that the *VCDs*

1

*themselves* were worth-less because they were not as warranted or represented. By contrast, Defendants invoke off-label promotion or design-defect RICO cases where the plaintiffs' damages were not attached to a diminished value of the product itself, but rather hinged on fewer quantities (*Sergeants Benevolent*)[1] or cheaper alternatives (*Avandia*)[2] being prescribed but for the unlawful conduct. Those expressions of damages necessarily implicate replacement drugs and are legally irrelevant and factually inapposite here, where the product itself had zero economic value.

Defendants' assertion that this case is somehow unique because the "VCDs ***were*** sold" in real life and therefore warrants construction of counterfactual "but for" damages world as is done in RICO, antitrust, and patent lost profits cases (*Malibu Boats*, for example) is illogical. (Dkt. No. 2819, at 3-4 (emphasis in original).) All breach of warranty, misrepresentational fraud, and CPL cases involve products that were sold in real life; otherwise, there would be no actionable claim. The benefit-of-the-bargain damages measure explicitly contemplates that the product was in fact

---

[1] Defendants' incorrectly assert that Judge Kugler only rejected *Sergeants Benevolent* on RICO causation. Judge Kugler explicitly quoted *BCBS*'s discussion of this very same defense theory ("Plaintiffs cannot demand damages in the amount of the full price paid for the drugs because the calculation fails to take into account the cost of therapeutic alternatives Plaintiffs would have had to provide") and "completely disregarded" the defense argument that it must be a component of plaintiff's damages, just as Judge Sánchez did.  (*See* SJ Op. 61-62 (emphasis added).)

[2] (MTD Op. 3, at 16 & n.10 ("The Court agrees the cases defendants cite and which concern express warranty liability for defectively designed drugs are not particularly on point here." (Dkt. No. 775).)

sold (difference in value bargained for versus **value of what *was* received**).

Defendants distort Judge Kugler's summary judgment opinion in arguing that the Court deferred this issue to the jury. Plaintiffs' MIL 16 concerns *only* replacement drugs, and not Defendants' separate (but also misguided) argument that their adulterated and contaminated VCDs may still have been effective. The quoted portion of Judge Kugler's ruling was clearly limited to this cynical "defense" and made no mention of replacement drugs whatsoever.[3] (SJ Op. at 56-58.)

Finally, Defendants' proffer regarding Dr. Stiroh only underscores why the Court should grant Plaintiffs' MIL 16. First, Dr. Stiroh's testimony regarding TPPs' expectations (or supposed lack thereof) runs directly contrary to this Court's summary judgment decision that Defendants in fact provided an express warranty to TPP Plaintiffs regarding their VCDs. (SJ Op., at 29, 71.) And Dr. Stiroh's testimony that TPPs were "likely financially better off" showcases why this irrelevant, contrary-to-law net opinion accompanied by no actual methodology or result even (and thus inviting the jury to speculate), is very likely to confuse and lead the jury astray from their legal instruction on calculation of damages.

---

[3] Defendants' companion assertion that *BCBS* supports their position is also incorrect. Judge Sánchez found in TPP plaintiffs' favor that their damages model need not account for the cost of "therapeutic alternatives[.]" *BCBS*, 417 F. Supp. 3d at 558-59. Judge Sánchez was thoroughly unimpressed with the GSK defendant's replacement drugs argument, but was not presented with a motion to exclude. Judge Kugler likewise rejected this argument. (SJ Op. at 62.)

Dated: August 28, 2024                    Respectfully submitted,


                                          /s/ John R. Davis
                                          SLACK DAVIS SANGER, LLP
                                          6001 Bold Ruler Way, Suite 100
                                          Austin, TX 78746
                                          Tel.: 512-795-8686
                                          Fax: 512-795-8787
                                          jdavis@slackdavis.com


                                          /s/ Ruben Honik
                                          HONIK LLC,
                                          1515 Market St., Suite 1100
                                          Philadelphia, PA 19102
                                          Tel.: 267-435-1300
                                          ruben@honiklaw.com


                                          **MDL PEC AND/OR CO-LEAD
                                          COUNSEL FOR THE PLAINTIFFS**


*/s/ Ruben Honik*                         */s/ Daniel Nigh*
Ruben Honik                               Daniel Nigh
**HONIK LLC**                             **Nigh Goldenberg Raso & Vaughn,
1515 Market Street, Suite 1100            PLLC**
Philadelphia, PA 19102                    14 Ridge Square NW
Phone: (267) 435-1300                     Third Floor
ruben@honiklaw.com                        Washington, D.C. 20016
                                          Phone: (850) 600-8090
                                          dnigh@nighgoldenberg.com

*/s/ Adam Slater*
Adam Slater
**MAZIE, SLATER, KATZ &
FREEMAN, LLC**
103 Eisenhower Pkwy, 2nd Flr.
Roseland, NJ 07068
Phone: (973) 228-9898
aslater@mazieslater.com

*/s/ Conlee S. Whiteley*
Conlee S. Whiteley
**KANNER & WHITELEY, LLC**
701 Camp Street
New Orleans, LA 70130
Phone: (504)-524-5777
c.whiteley@kanner-law.com

***MDL Plaintiffs' Co-Lead Counsel***

/s/ *Jorge Mestre*
Jorge Mestre
**RIVERO MESTRE LLP**
2525 Ponce de Leon Blvd., Suite 1000
Miami, FL 33134
Phone (305) 445-2500
jmestre@riveromestre.com

/s/ *Gregory P. Hansel*
Gregory P. Hansel
**PRETI, FLAHERTY, BELIVEAU &**
**PACHIOS, CHARTERED, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112
Phone: (207) 791-3000
ghansel@preti.com

***Third-Party Payor Economic***
***Loss Co-Lead Class Counsel***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants in this matter.

/s John R. Davis_____