Exhibit 3

**Zalman Kass**

| | |
|---|---|
| **From:** | harkinss@gtlaw.com |
| **Sent:** | Wednesday, September 4, 2024 5:08 PM |
| **To:** | ASlater@mazieslater.com |
| **Cc:** | OstfeldG@gtlaw.com; lockardv@gtlaw.com; Jessica.Davidson@skadden.com; nina.rose@skadden.com; devora.allon@kirkland.com; alexia.brancato@kirkland.com; Zalman Kass |
| **Subject:** | [EXTERNAL] Valsartan - Assignment Issue |

**This Message originated outside your organization.**

Adam,

I am sending this email on behalf of Greg, who is still on vacation this week but has conferred with the TPP Trial Defendants and has prepared the below response to your September 3rd email re: the MSP Assignment Issue. I am also cc'ing other counsel for the TPP Trial Defendants.

With respect to the issue of consideration for the assignments, so long as someone from MSP will be able to substantiate at trial (or prior to trial if MSP is willing to document the payment ahead of trial) that the lump sum consideration recited in the confidential purchase agreements was paid, I believe we can agree for purposes of the agenda that the only issue remaining between the parties as to consideration is the admissibility of the amount of consideration at trial. As we discussed, it remains the TPP Trial Defendants' position that the amount of consideration is relevant and admissible for Rule 403 purposes, and we understand MSP takes the opposite view. We can include that narrowed issue on the agenda for the CMC.

There is a separate assignment issue I flagged during our meet-and-confer call, which was the question of whether the claims asserted here have been properly assigned to the MSP entity named as plaintiff in this case. Based on what we have seen so far, it appears the Emblem and SummaCare claims were assigned to subsidiary MSP Series LLCs and were also subject to certain carve-outs the scope of which are unclear on the face of the assignment documents. It remains the TPP Trial Defendants' position that MSP still needs to prove up how the assignments give the MSP entity named as plaintiff in this case the ability to assert the Emblem and SummaCare claims asserted. That has always been a separate issue from the consideration question raised in the MILs and Trial Briefs and is separately addressed in the Final PTO. We do not seek to include this as an agenda item for the CMC; just noting that this separate assignment question remains. We would be happy to continue to discuss that issue as well to see if we can further simplify it or resolve prior to trial.

Best,

**Steven M. Harkins**
Shareholder

Greenberg Traurig, LLP
Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2312 | F +1 678.553.2441
harkinss@gtlaw.com | www.gtlaw.com | View GT Biography



If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.