# Exhibit 6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to the TPP Trial Subclasses** | MDL No. 2875<br><br>Honorable Renee Marie Bumb, District Court Chief Judge<br><br>**[PROPOSED] ORDER ON TEVA DEFENDANTS' MOTIONS IN LIMINE (ECF 2644)** |

**ORDER**

**THIS MATTER,** having been opened to the Court [ECF 2644] by Defendants Teva Pharmaceuticals USA, Inc., Actavis Pharma, Inc., and Actavis LLC, (collectively, "Teva") for entry of an order excluding certain evidence from trial in this matter, and the Court having considered the submissions of the parties and having heard oral argument, and for good cause shown:

**IT IS** on this ___ day of _____, 2024

**ORDERED** as follows:

A. The Toxikon Report Should Be Excluded.

**ORDER: GRANTED** ~~.~~ **IN PART, DENIED IN PART**. The Toxicon Report is excluded ~~as irrelevant.~~ unless Teva "opens the door[], then it's fair game for cross." *See* Transcript of Case Management Conference, dated July 23, 2024, ("CMC") [ECF 2791] at 26:20-30:20.

1

    **B. The Health Hazard Assessment for Valsartan, and Any Draft, Should Be Excluded.**

**ORDER: GRANTED.** ~~The~~ **IN PART, DENIED IN PART.** Preliminarily, the Health Hazard Assessment for Valsartan, and any drafts, are excluded "if [they are] duplicative" of other admitted evidence, and subject to "revisit[ing] the issue" in connection with the ruling as to general causation. *See* CMC at 30:7-33:6; *see also* CMC at 218:23-219:3, 219:15-18.

    **C. ANDA Rescission Letter re: Dr. Reddy's API Should Be Excluded.**

**ORDER: GRANTED**~~.~~ **IN PART, DENIED IN PART.** The ANDA rescission letter related to Dr. Reddy's API is excluded~~.~~ unless "the door is opened, if Teva makes the argument that is directly contrary to what the FDA pronounced in connection with the Dr. Reddy matter." *See* CMC at 33:8-36:24.

    **D. The Bogoslavski Email Chain Should Be Excluded.**

**ORDER: DENIED.** *See* CMC at 37:6-39:8.

    **E. The Guda Email Chain Should Be Excluded.**

**ORDER: GRANTED**~~.~~ **IN PART AND DENIED IN PART.** The Guda email chain is excluded~~.~~, provided that Teva does not open the door in which case "it's fair game for the plaintiffs to respond, saying, sure, it's not required, but they could have. And that becomes a weight issue for the jury." *See* CMC at 39:21-42:10.

    **F. The Karlsson Email Chain Should Be Excluded.**

**ORDER: GRANTED IN PART**~~.~~**, DENIED IN PART.** All references in the Karlsson email to ~~subsequent remedial measures~~"now, having had the benefit of hindsight, here's what [Teva] should be doing" are excluded. Portions of the email related to Teva practices in the contemporaneous period are admissible. *See* CMC at 42:13-45:6.

    **G. The Court Should Exclude Teva SOP on Contract Manufacturers.**

**ORDER: GRANTED.** Argument or reference to Teva SOP CORP-00046 is excluded as irrelevant. *See* CMC at 45:9-47:21.

2

**H. The Court Should Exclude References to TAPI.**

**ORDER: GRANTED**. All references to TAPI are excluded. The parties may prepare a stipulation **IN PART, DENIED IN PART**. Teva stipulates that Teva was in possession of it possessed a gas chromatography machine incapable of testing valsartan API or valsartan finished dose during the relevant period. *See* CMC at 52:6-53:1. All references to TAPI report are excluded. *See* CMC at 52:25-53:1.

**I. The Court Should Exclude Evidence or Argument Related to Teva's Commercial Decision to Stop Selling Valsartan.**

**ORDER: GRANTED IN PART**. Evidence or argument that **, DENIED IN PART.** Teva knew there was a nitrosamine issue in its Valsartan before June 2018, and that said issue factored into their earlier decision to stop will not argue it stopped selling Valsartan because of a commercial decision, versus because of the recalls. *See* CMC at 55:5-24. Nor will Teva argue that the product, is excluded. If Teva was not "taken off the market" or that it was "brought back" to the market. *See* CMC at 56:12-15. If Teva argues or introduces evidence that their Valsartan product was withdrawn from taken off the market solely for because of commercial reasons, Plaintiffs will be permitted to may argue or introduce evidence to the contrary. *See* CMC at 53:6-57:13.

**J. References to the Timing of Teva's Field Alert Should Be Precluded.**

**ORDER: GRANTED DENIED IN PART, RESERVED IN PART.** Plaintiffs may introduce the factual timeline showing when Teva made reports to the FDA and to customers. Evidence of what the FDA required and whether Teva complied with FDA requirements for timeliness of reporting is reserved for further consideration in connection with; "[i]t might be relevant at the punitive damages evidence only. stage.". *See* CMC at 57:14-62:11.

**K. Evidence Related to Teva Sales Outside of the United States Post-Recall Should Be Excluded.**

**ORDER: GRANTED**. **IN PART, DENIED IN PART.** Granted unless Teva opens the door. *See* CMC at 62:14-63:5.

**L. Reference to Destruction or Potential Destruction of Recalled Product or API Should Be Precluded.**

3

**ORDER: GRANTED.** *See* CMC at 63:10-67:10.

DATED:

                                                    _____
                                                    Hon. Renee Marie Bumb, U.S.D.J.

> **Formatted:** DM Normal, Centered, Indent: Left: 2.5", First line: 0.5", Don't add space between paragraphs of the same style

4