# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

IN RE: VALSARTAN, LOSARTAN, AND
IRBESARTAN PRODUCTS LIABILITY
LITIGATION

MDL No. 19-2875

This document relates to:
*All Actions*

[PROPOSED] ORDER NO. __

THIS MATTER having been opened to the Court by Plaintiffs for entry of an order granting their motions in limine, and the Court having considered the submissions of the Parties, and for good cause shown:

For the reasons stated on the record during the July 23, 2024 case management conference, it is hereby ORDERED this ___ day of _____, 2024 that Plaintiffs' motions in limine are decided as follows:

1. Defendants cannot assert that it is not appropriate to perform a retrospective analysis of their conduct or the consequences, including for example the resulting adulteration of the contaminated API and VCDs.

   **Granted. Defendants cannot argue that it would be inappropriate to do a retrospective analysis: (1) of their conduct; or (2) to determine whether a drug was adulterated before an FDA finding to that effect. Defendants may, however, present evidence and argument that the drugs were not adulterated prior to or in the absence of any FDA finding. (7/23/24 Tr. 155:19-172:20.)**

1

2. Defendants cannot defend their conduct by pointing to lack of knowledge or action by the FDA prior to ZHP's disclosure of the contamination in June 2018, or blame or point the finger at the FDA in any way as a defense or excuse for their conduct.

**Denied. Evidence related to the FDA's actions and statements with respect to valsartan is admissible and may be rebutted by Plaintiffs. (7/23/2024 Tr. 184:17-188:25.)**

3. Defendants cannot blame third-parties, including prescribing physicians, the FDA, or others, for the damages at issue.

**Granted; however, Defendants may discuss the fact that physicians prescribed the VCDs and would have prescribed something else to treat their patients' conditions were valsartan unavailable. (7/23/2024 Tr. 189:3-11.)**

4. Defendants cannot assert that the FDA statement advising patients not to discontinue their use of the VCDs until they could obtain a prescription for a replacement medication or treatment meant that the FDA did not believe that there was an unacceptable health risk due to the contamination of the VCDs.

**Granted. Defendants can present evidence that the FDA told people to continue taking their VCDs until they were prescribed a replacement medication, but cannot say that this was because the FDA believed the VCDs were not adulterated and/or that there was no health risk. (7/23/2024 Tr. 189:17-24, 190:17-193:1:1, 192:13-16-193:5.)**

5. The FDA information statements regarding the valsartan and other sartans' contamination should not be referenced, or used to defend or deflect liability. For example, ZHP cannot assert that they excuse ZHP's violations of cGMPS since one of the statements explicitly notes ZHP's violations and the Warning Letter, and they do not excuse the sale of the contaminated VCDs, all of which were recalled due to the contamination.

**Denied, without prejudice as to a limiting instruction regarding the relevance of the FDA's statements, if warranted during trial. (7/23/2024 Tr. 195:1-24.)**

6. Defendants cannot assert that there was an industry-wide problem, or that

2

industry standards did not require them to identify and control all genotoxic impurities from their manufacturing processes.

**Granted in part, denied in part, reserved in part. Defendants cannot argue that industry practice, not cGMP requirements, governed their conduct. If necessary, the Court will provide an instruction regarding the relevance of industry practice. (7/23/2024 Tr. 195:25-196:24.)**

7. ZHP Defendants cannot disclose or rely on hearsay discussions with Jinsheng Lin, Ph.D., or other sources, to assert translation or interpretation of the July 27, 2017 email that differs from 30(b)(6) testimony of Min Li, or ZHP's translation.

**Granted to the extent that no witness may offer testimony regarding Dr. Jinsheng Lin's out-of-court statements to Jucai Ge. (7/23/2024 Tr. 197:8-199:3.)**

8. Defendants cannot assert or argue that NDMA and NDEA are not, and were not known to be at all relevant times, genotoxic, probable human carcinogens.

**Granted; however, defendants are permitted to present evidence that the levels of NDMA and/or NDEA in valsartan did not render the product worthless. (7/23/2024 Tr. 199:5-200:16; 218:15-219:4.)**

9. General causation is not an element of the claims at issue, and is not an issue to be determined at trial.

**Denied with clarification. Defendants may present evidence "that small doses [of nitrosamines] don't present an unacceptable risk" to patients and therefore valsartan containing such small doses is not worthless. (7/23/2024 Tr. 215:20-21, 218:23-219:3; *see also id.* 219:16-18 ("It's a carcinogen that did not render the drug worthless because there was -- it didn't pose an unacceptable risk.").) For example, Defendants' experts may testify that the dose of nitrosamines in valsartan did not pose an unacceptable risk to patients. (*Id.* 220:17-221:15.) In addition, the parties agreed that Plaintiffs may open the door to the admission of evidence and argument that at-issue valsartan does not cause cancer by arguing or asserting that valsartan has ever "caused cancer" or is "cancer-causing." (*Id.* 219:5-220:8.)**

3

10. Defendants cannot reference or assert the Valisure Citizen Petition, in any way, including but not limited to with regard to Dr. Najafi, nor can they use the Valisure Citizen Petition to assert that brand diovan contained NDMA or NDEA.

    **Granted in part, denied in part. The Valisure Citizen Petition shall not be referenced; however, Defendants may ask Dr. Najafi if he did an independent analysis of Diovan, without reference to Valisure. (7/23/2024 Tr. 225:14-227:9.)**

11. Defendants cannot argue that the specifications for the valsartan API and VCD's permitted the NDMA and NDEA contamination/that the specifications did not prohibit the NDMA and NDEA contamination.

    **Denied, but such evidence will be "very limited." (7/23/2024 Tr. 228:23-25.)**

12. Defendants cannot argue that their VCDs were not adulterated because they complied with the USP monograph for valsartan.

    **Denied, but such evidence will be "very limited." (7/23/2024 Tr. 228:23-25, 229:8.)**

13. Defendants cannot argue "all drugs have impurities."

    **Denied. (7/23/2024 Tr. 230:8-9.)**

14. Defendants cannot refer to the "alleged" presence of "purported impurities" or similar language, or dispute that all of the at-issue valsartan was contaminated, including untested lots (if any) at levels above the limits set by the FDA.

    **Granted; however, Defendants are not precluded from arguing that the amount of impurities in the at-issue valsartan did not pose an unacceptable risk. (7/23/2024 Tr. 230:11-231:4.)**

15. Defendants filed no cross-claims for contribution/indemnification, and disclosed no experts to do so, and should be precluded from asserting evidence or making arguments consistent therewith, including that a co-defendant was at fault, or liable for Plaintiffs' damages.

4

**Granted as to Defendants "blaming" one another, but denied as to Defendants "differentiating" one another. (7/23/2024 Tr. 231:18-232:11.)**

16. Defendants cannot assert the cost of replacement drugs or therapies.

**Reserved and further briefing ordered. (7/23/2024 Tr. 237:18-21.)**

17. Defendants cannot assert that the contaminated VCD's had value based on their efficacy.

**Denied. (7/23/2024 Tr. 205:14-15.)**

18. Defendants cannot reference, assert, or rely on opinions of defense experts that rely on the precluded opinions of other defense experts. For example, Dr. Afnan's opinions that rely on Dr. Xue's precluded opinions.

**Granted in that no expert can offer opinions that are based on the precluded opinions of other experts. Whether any of Dr. Afnan's opinions are inadmissible as based on precluded opinions offered by Dr. Xue will be addressed at the *Daubert* hearing. (7/23/2024 Tr. 239:3-7.)**

19. Defendants cannot argue that the relevant warranties only went to the prescribers.

**Granted. (7/23/2024 Tr. 239:20.)**

20. Defendants cannot argue they are good companies, the "societal benefits" of their VCDs and other products, or the cost of drug research and development.

**Denied, but the Court will "balance" whether such evidence and argument opens the door to rebuttal evidence by Plaintiffs. (7/23/2024 Tr. 239:21-241:114.)**

21. Defendants cannot postulate a "but-for" world in which the contamination was disclosed earlier and the contaminated API and VCDs would have remained available for purchase.

**Granted. (7/23/2024 Tr. 242:3-4.)**

5

22. Defendants cannot reference double or treble damages, attorney fees, statutory penalties, pre- or post-judgment interest.

    **Granted. (7/23/2024 Tr. 242:12.)**

23. Defendants cannot argue they complied with SOPs, guidances, or regulations without specifically identifying same; and specifically-referenced SOPs must have been produced in discovery.

    **Granted; however, Defendants will be allowed to state in openings that they complied with applicable regulations, specifications, etc. (7/23/2024 Tr. 242:14-243:11.)**

24. Defendants cannot refer to their API or VCDs as "life saving" or similar descriptions.

    **Denied. (7/23/2024 Tr. 243:18-244:2.)**

25. Defendants cannot assert or argue that the prescription of VCDs was standard of care.

    **Moot, as Defendants agreed. (7/23/2024 Tr. 244:19-23.)**

26. ZHP Defendants cannot assert any evidence or argument inconsistent with their filed stipulations.

    **Granted in that no party may "assert any evidence or any argument that is inconsistent with their stipulations." (7/23/2024 Tr. 245:2-4.)**

27. Defendants cannot argue that Teva's and Torrent's VCDs were not adulterated because the FDA did not issue Warning Letters to them.

    **Granted. See ruling on Plaintiffs' Motion in Limine No. 1 above. (7/23/2024 Tr. 245:5-10.)**

28. Defendants cannot argue that they complied with cGMPs' in the manufacture of the API and VCDs.

    **Denied "under the guidance" provided on other related motions in limine. (7/23/2024 Tr. 245:11-18.)**

29. Defendants cannot argue that the contaminated API and VCDs were not adulterated.

   **Denied "under the guidance" provided on other related motions in limine. (7/23/2024 Tr. 245:19-20.)**

30. Defendants cannot argue that the contamination was unavoidable or unforeseeable.

   **Denied. (7/23/2024 Tr. 246:21-246:1.)**

31. Defendants cannot argue that Teva's and Torrent's VCDs were not adulterated because the FDA never declared their VCDs did not meet USP standards or never de-listed the VCDs from the Orange Book.

   **Denied consistent with rulings on other related motions in limine. (7/23/2024 Tr. 246:2-7. )**

32. Teva and Torrent cannot argue that they were not responsible for the quality of the API incorporated into their finished dose VCDs.

   **Granted in part, denied in part. Teva and Torrent are permitted to offer evidence about what they manufactured and that they purchased and incorporated API purchased from ZHP in the finished dose, but cannot argue that they were not responsible for the finished dose they sold. See the decision on Plaintiffs' MIL 15 above. (7/23/2024 Tr. 246:8-247:14.)**

33. Defendants cannot raise the notice issues raised on the dispositive motions at trial.

   **Moot in light of the Court's Summary Judgment Opinion finding notice requirements satisfied as a matter of law. (7/23/2024 Tr. 247:15-19.)**

34. Defendants cannot assert irrelevant, confusing, misleading, or unduly prejudicial background facts about MSP or its assignors, including but not limited to:

   a. The Litigation Between Life Wallet and Cano Health ("Cano"),

    b.  Reported Investigations by the S.E.C. and United States Attorney's Office for the Southern District of Florida into Life Wallet,

    c.  MSP's Business Model,

    d.  LifeWallet's Financial Condition, and

    e.  Issues Related to MSP's Assignors; and

    f.  Defendants Cannot Argue that MSP Is Merely an Assignee of SummaCare and Emblem and That It Is Not a Health Plan That Paid for Valsartan.

**Granted in that no party may make arguments that are irrelevant, confusing, misleading, or unduly prejudicial about any other party. (7/23/2024 Tr. 248:3-249:15.) The issue raised by Defendants with regard to the validity of Plaintiff's assignments has been referred to Judge Vanaskie for assessment. (7/23/2024 Tr. 249:16-257:16.)**

35. Defendants cannot argue or suggest that TPP Trial Subclass Plaintiffs/Members will retain any benefit and not pass it along to their insureds.

    **Granted. Defendants agreed they will not make that argument. (7/23/2024 Tr. 257:20-258:4.)**

36. Defendants cannot argue Medicare Part D Offsets (collateral source; reconciliation process).

    **Reserved pending the *Daubert* hearings for the Parties' damages experts. (7/23/2024 Tr. 258:6-10.)**

37. Defendants cannot suggest that there should be set offs for unquantified, speculative subsidies and reimbursements.

    **Reserved pending the *Daubert* hearings for the Parties' damages experts. (7/23/2024 Tr. 258:12.)**

38. Defendants cannot reference the dollar amounts for which they sold the API and VCDs, and the amounts of the reimbursements requested and/or agreed

to with regard to downstream customers.

**Reserved pending the *Daubert* hearings for the Parties' damages experts. (7/23/2024 Tr. 258:18.)**

39. Defendants cannot disparage the insurance industry.

**Granted. (7/23/2024 Tr. 258:19-20.)**

40. The Court should not permit Defendants to discuss how a verdict would economically affect either Defendants or society. This sort of conjecture is non-probative, prejudicial, and should be excluded.

**Granted in part, denied to the extent the economic effect on Defendants is relevant to punitive damages. (7/23/2024 Tr. 258:21-259:6).**

41. Defendants cannot argue TPP Trial Subclass Plaintiffs/Members are "sophisticated users" (see affirmative defense).

**Granted. Defendants agreed. (7/23/2024 Tr. 259:12-13.)**

42. Defense counsel should be barred from suggesting that they are one in the same as Defendants by using the terms "we," "us," and/or "our" when referring to Defendants. Such statements are irrelevant, inaccurate, and prejudicial.

**Denied as moot because Defendants' counsel do not intend to refer to themselves as the Defendants. (7/23/2024 Tr. 259:16-18.)**

43. Defendants cannot criticize plaintiff attorneys, plaintiffs for bringing lawsuits, or reference attorney advertising.

**Granted in that no attorney shall deride or criticize any other attorney. (7/23/2024 Tr. 259:19-260:7.)**

44. The manner in which Plaintiff learned about this litigation or their attorneys, and when or why they retained their attorneys to represent them, is irrelevant and unrelated to Plaintiff's claims and subject to attorney-client privilege.

**Granted in that no attorney shall deride or criticize the other parties.**

**(7/23/2024 Tr. 260:12-13.)**

45. Defendants cannot inject arguments regarding the consumers' damages or suggest consumers benefitted.

    **Granted; however, Defendants can discuss evidence and make arguments regarding the efficacy and economic worth of the medications at issue. (7/23/2024 Tr. 260:23-261:5.)**

46. Defendants cannot seek sympathy for big corporations targeted in litigation, or assert that they employ people in New Jersey.

    **Granted. (7/23/2024 Tr. 261:7-8.)**


    _____

    Hon. Renée Marie Bumb, U.S.D.J.

10

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to the TPP Trial Subclasses** | MDL No. 2875<br><br>Honorable Renée Marie Bumb, District Court Judge<br><br>**[PROPOSED] ORDER GRANTING TPP TRIAL DEFENDANTS' MOTIONS IN LIMINE** |

<u>**ORDER**</u>

**THIS MATTER,** having been opened to the Court by Defendants Zhejiang Huahai Pharmaceutical Co., Ltd.; Huahai U.S., Inc.; Prinston Pharmaceutical Inc.; Solco Healthcare U.S., LLC; Teva Pharmaceuticals USA, Inc.; Teva Pharmaceutical Industries Ltd.; Actavis LLC; Actavis Pharma, Inc.; Torrent Pharmaceuticals Ltd.; and Torrent Pharma, Inc. (collectively, the "TPP Trial Defendants") for entry of an order excluding certain evidence from trial of this matter, and the Court having considered the submissions of the parties and having heard oral argument, and for good cause shown:

**IT IS** on this ___ day of _____, 2024

**ORDERED** as follows:

1

1.    **EVIDENCE, TESTIMONY, REFERENCE, OR ARGUMENT THAT THE JURY SHOULD SEND A MESSAGE TO THE TPP TRIAL DEFENDANTS**

The motion is granted in part. Plaintiffs shall be allowed to discuss the purpose of punitive damages, including deterring future misconduct by the TPP Trial Defendants. However, they may not make gratuitous use of the argument, and must inform the Court before offering evidence or argument that relates to punitive damages. *See* Transcript of Case Management Conference, dated July 23, 2024, ("CMC") [ECF 2791] at 263:14-264:9.

2.    **REGULATORY ISSUES UNRELATED TO THE PROCESSES ALLEGED TO HAVE CAUSED FORMATION OF NITROSAMINES**

The motion is granted. Evidence regarding regulatory issues shall only be admitted to the extent that the issues relate to valsartan, including evidence regarding regulatory issues at the same manufacturing facility that any of the TPP Trial Defendants used to produce valsartan API or valsartan-containing finished dose medications. *See* CMC 265:20-267:11.

3.    **LITIGATION CONDUCT AND DISCOVERY DISPUTES**

The motion is granted, with recognition that Plaintiffs may discuss whether certain documents were included within a witness's custodial file. The Court will ensure that there is no reference or suggestion of document loss or spoliation by any of the TPP Trial Defendants and instruct the jury if necessary. *See* CMC 267-268, 282.

4.    **UNNECESSARY REFERENCES TO CANCER-RELATED TERMS**

The motion is granted, with recognition that Plaintiffs may refer to carcinogens and whether they rendered VCDs worthless. The Court will not allow inflammatory comments. *See* CMC 269:10-118:20-269:13.

5.    **EVIDENCE OR ARGUMENT BASED ON A "REPTILE THEORY"**

The motion is granted. The Court will not allow inflammatory comments. *See* CMC 269:14-271:4.

6.    **EVIDENCE OR ARGUMENT SUGGESTING THAT DEFENDANTS MISLED THE FDA OR COMMITTED FRAUD ON THE FDA**

The motion is granted. Plaintiffs cannot conflate the FDA and the TPPs, or argue that a misrepresentation to the FDA is a misrepresentation to the TPPs. *See* CMC 272:16

7.    **EVIDENCE OR ARGUMENT CONCERNING CORPORATE INTENT, MOTIVES AND ETHICS**

The motion is granted. Plaintiffs' experts are precluded from presenting opinions related to Defendants' corporate motives, ethics, or intent. *See* CMC 273:17-22.

8.    **EVIDENCE OF STATEMENTS OR ACTIONS BY REGULATORY AGENCIES OUTSIDE THE UNITED STATES**

The motion is granted in part. This evidence is excluded except to the extent Defendants' witnesses admit they relied on a specific statement of a foreign regulatory agency, in which instance the statement may be admitted. *See* CMC

273:25-276:3.

**9.    EVIDENCE OR ARGUMENT RELATING TO THE ABSENCE OF CROSSCLAIMS OR TO EXISTENCE OF INDEMNIFICATION OBLIGATIONS AMONG DEFENDANTS**

The motion is granted.  The parties will meet and confer regarding ECF No.

2663-27, Exs. 29-30.  *See* CMC 276:4-10.

**10.    EVIDENCE OR REFERENCE TO INDIVIDUALS WHO USED VALSARTAN AND DEVELOPED CANCER OR CLAIM ECONOMIC LOSS**

The motion is granted. *See* CMC 276:15-17.

**11.    REFERENCE OR TESTIMONY RELATED TO VALSARTAN SOLD OUTSIDE THE UNITED STATES AND API SUPPLIERS OTHER THAN ZHP**

Ruling on this motion is reserved pending the Court's review of further

evidence being introduced. *See* CMC 276:20-280:12.


_____

Hon. Renée Marie Bumb, U.S.D.J.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to the TPP Trial Subclasses** | MDL No. 2875<br><br>Honorable Renée Marie Bumb, District Court Judge<br><br>**[PROPOSED] ORDER ON ZHP DEFENDANTS' MOTIONS IN LIMINE** |

## <u>ORDER</u>

**THIS MATTER,** having been opened to the Court by Defendants Zhejiang Huahai Pharmaceutical Co., Ltd.; Huahai U.S., Inc.; Prinston Pharmaceutical Inc.; and Solco Healthcare U.S., LLC (collectively, the "ZHP Defendants") for entry of an order excluding certain evidence from trial of this matter, and the Court having considered the submissions of the parties and having heard oral argument, and for good cause shown:

**IT IS** on this ___ day of _____, 2024

**ORDERED** as follows:

## 1. COMMUNICATIONS AMONG ZHP EMPLOYEES INVOLVING IRRELEVANT REGULATORY ISSUES

The motion is granted. The two documents discussed in the motion shall not be admitted or discussed at trial.

2. **EVIDENCE OR ARGUMENT REGARDING ZHP'S DISCARDING OF VALSARTAN BATCHES** C5191-17-023/024

The motion is granted in part, denied in part, and reserved in part. Plaintiffs may not suggest that the batches at issue were deliberately destroyed in order to hide something or to deprive Plaintiffs of evidence. However, evidence regarding the destruction of valsartan batches C5191-17-023/024 shall be admitted for the limited purpose of showing that the FDA criticized ZHP for disposing of the out-of-specification valsartan without performing a full investigation. (7/23/2024 Tr 71:24-73:21.) The Court reserves the right to issue a limiting instruction should the questioning go beyond the limited scope outlined above. (*Id.* 73:18-20.)

3. **REFERENCES TO EMAIL CORRESPONDENCE BETWEEN CHARLES WANG AND JIM MCDONALD**

The motion is granted in part, and denied in part. Plaintiffs are not permitted to admit email correspondence between Charles Wang and Jim McDonald into evidence, nor are they permitted to summarize or read the correspondence on the record, unless "there's a dispute about how it was communicated and how he learned, then the email may come in." (7/23/2024 Tr/ 77:22-24.) Plaintiffs will be allowed to elicit testimony from ZHP witness Dr. Min Li regarding his knowledge, if any, of the information contained in the email correspondence between Charles Wang and Jim McDonald. Only in the event that Dr. Li is unavailable to testify in person at trial will Plaintiffs be permitted to introduce the deposition testimony of

Min Li discussing the content of the email and, in that event, the parties shall meet

and confer to edit the deposition testimony to delete reference to the email. (7/23/24

Tr 74:2-84:10.)

                                                       _____

                                                  Hon. Renée Marie Bumb, U.S.D.J.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to the TPP Trial Subclasses** | MDL No. 2875<br><br>Honorable Renee Marie Bumb, District Court Chief Judge<br><br>**[PROPOSED] ORDER ON TEVA DEFENDANTS' MOTIONS IN LIMINE (ECF 2644)** |

## ORDER

**THIS MATTER,** having been opened to the Court [ECF 2644] by Defendants Teva Pharmaceuticals USA, Inc., Actavis Pharma, Inc., and Actavis LLC, (collectively, "Teva") for entry of an order excluding certain evidence from trial in this matter, and the Court having considered the submissions of the parties and having heard oral argument, and for good cause shown:

**IT IS** on this ___ day of _____, 2024

**ORDERED** as follows:

**A. The Toxikon Report Should Be Excluded.**

**ORDER: GRANTED**. The Toxikon Report is excluded as irrelevant. *See* Transcript of Case Management Conference, dated July 23, 2024, ("CMC") [ECF 2791] at 26:20-30:20.

**B. The Health Hazard Assessment for Valsartan, and Any Draft, Should Be Excluded.**

**ORDER: GRANTED**. The Health Hazard Assessment for Valsartan, and any drafts are excluded. *See* CMC at 30:7-33:6; *see also* CMC at 218:23-219:3, 219:15-18.

**C. ANDA Rescission Letter re: Dr. Reddy's API Should Be Excluded.**

**ORDER: GRANTED.** The ANDA rescission letter related to Dr. Reddy's API is excluded. *See* CMC at 33:8-36:24.

**D. The Bogoslavski Email Chain Should Be Excluded.**

**ORDER: DENIED.** *See* CMC at 37:6-39:8.

**E. The Guda Email Chain Should Be Excluded.**

**ORDER: GRANTED.** The Guda email chain is excluded. *See* CMC at 39:21-42:10.

**F. The Karlsson Email Chain Should Be Excluded.**

**ORDER: GRANTED IN PART.** All references in the Karlsson email to subsequent remedial measures are excluded. Portions of the email related to Teva practices in the contemporaneous period are admissible. *See* CMC at 42:13-45:6.

**G. The Court Should Exclude Teva SOP on Contract Manufacturers.**

**ORDER: GRANTED.** Argument or reference to Teva SOP CORP-00046 is excluded as irrelevant. *See* CMC at 45:9-47:21.

**H. The Court Should Exclude References to TAPI.**

**ORDER: GRANTED**. All references to TAPI are excluded. The parties may prepare a stipulation that Teva was in possession of a gas chromatography machine in the relevant period.

**I. The Court Should Exclude Evidence or Argument Related to Teva's Commercial Decision to Stop Selling Valsartan.**

**ORDER: GRANTED IN PART.** Evidence or argument that Teva knew there was a nitrosamine issue in its Valsartan before June 2018, and that said issue factored into their earlier decision to stop selling Valsartan product, is excluded. If Teva introduces evidence that their Valsartan product was withdrawn from the market solely for commercial reasons, Plaintiffs will be permitted to introduce evidence to the contrary. *See* CMC at 53:6-57:13.

**J. References to the Timing of Teva's Field Alert Should Be Precluded.**

**ORDER: GRANTED IN PART.** Plaintiffs may introduce the factual timeline showing when Teva made reports to the FDA and to customers. Evidence of what the FDA required and whether Teva complied with FDA requirements for timeliness of reporting is reserved for further consideration in connection with punitive damages evidence only. *See* CMC at 57:14-62:11.

**K. Evidence Related to Teva Sales Outside of the United States Post-Recall Should Be Excluded.**

**ORDER: GRANTED.** *See* CMC at 62:14-63:5.

**L. Reference to Destruction or Potential Destruction of Recalled Product or API Should Be Precluded.**

**ORDER: GRANTED.** *See* CMC at 63:10-67:10.

DATED:

_____
Hon. Renee Marie Bumb, U.S.D.J.

3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875<br><br>Honorable Renée Marie Bumb, Chief District Judge |
| **This Document Relates to the TPP Trial Subclasses** | **[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART TORRENT DEFENDANTS' MOTIONS IN LIMINE** |

## <u>ORDER</u>

**THIS MATTER**, having been opened to the Court by Defendants Torrent Pharmaceuticals Ltd. and Torrent Pharma, Inc. ("Torrent") for entry of an Order on Torrent's Motions *in Limine* for the Third Party Payor ("TPP") Trial, the Court having considered the submissions of the parties (ECF Nos. 2641, 2642, and 2658), and having heard oral argument, and for good cause shown:

**IT IS** on the ___ day of _____, 2024

ORDERED that Torrent's Motions *in Limine* for the TPP Trial (ECF No. 2641, 2642) are granted in part and denied in part:

1. Torrent's Motion *in Limine* No. I seeking to exclude Meridan Consulting LLC's May 2020 report (ECF No. 2643-0) is granted.

2.      Torrent's Motion *in Limine* No. II seeking to preclude Plaintiffs from misquoting the phrase "cheaper Chinese API" in Torrent employee Sanjay Gupta's January 5, 2015 email (ECF No. 2643-2) is granted.

3.      Torrent's Motion *in Limine* No. III is denied.

4.      Torrent's Motion *in Limine* No. IV is denied.

5.      Torrent's Motion *in Limine* No. V is denied.

_____
Hon. Renée Marie Bumb,
Chief District Judge