```
 1                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
 2    _____
                                      :  CIVIL ACTION NUMBER:
 3                                    :  19-md-02875
      IN RE:  VALSARTAN PRODUCTS      :
 4    LIABILITY LITIGATION            :
                                      :
                                      :  STATUS CONFERENCE
 5    _____:

 6         Mitchell H. Cohen Building & U.S. Courthouse
           4th & Cooper Streets
 7         Camden, New Jersey 08101
           September 10, 2024
 8         Commencing at 1:44 p.m.

 9    B E F O R E:        THOMAS I. VANASKIE (RET.)
                          SPECIAL MASTER
10
      A P P E A R A N C E S:
11

12         MAZIE SLATER KATZ & FREEMAN, LLC
           BY:  ADAM M. SLATER, ESQUIRE
13         103 Eisenhower Parkway
           Roseland, New Jersey 07068
14         For the Plaintiffs

15
           KANNER & WHITELEY, LLC
16         BY:  DAVID J. STANOCH, ESQUIRE
           701 Camp Street
17         New Orleans, Louisiana 70130
           For the Plaintiffs
18

19

20

21     Ann Marie Mitchell, CRR, RDR, CCR, Official Court Reporter
                 AnnMarie_Mitchell@njd.uscourts.gov
22                      (856) 576-7018

23     Proceedings recorded by mechanical stenography; transcript
               produced by computer-aided transcription.
24

25
```

*United States District Court*

```
 1    A P P E A R A N C E S (Continued):

 2

 3        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
          BY:  NINA R. ROSE, ESQUIRE
 4        1440 New York Avenue, N.W.
          Washington, DC 20005
 5        For the Defendants Prinston Pharmaceuticals,
          Solco Healthcare U.S. LLC, and Zhejiang Huahai
 6        Pharmaceuticals Ltd.

 7        WALSH PIZZI O'REILLY FALANGA
          BY:  LIZA M. WALSH, ESQUIRE
 8        Three Gateway Center
          100 Mulberry Street, 15th Floor
 9        Newark, New Jersey 07102
          For the Defendants Teva Pharmaceutical Industries Ltd.,
10        Teva Pharmaceuticals USA, Inc., Actavis LLC,
          and Actavis Pharma, Inc.
11

12        KIRKLAND & ELLIS LLP
          BY:  ALEXIA R. BRANCATO, ESQUIRE
13        601 Lexington Avenue
          New York, New York 10022
14        For the Defendants Torrent Pharma, Inc.
          and Torrent Pharmaceuticals Ltd.
15

16        BARNES & THORNBURG, LLP
          BY:  KARA KAPKE, ESQUIRE
17        11 S. Meridian Street
          Indianapolis, Indiana 46204
18        For the Retailer Defendants and CVS Pharmacy, Inc., and
          Rite Aid Corporation
19

20    ALSO PRESENT:

21

22        LORETTA SMITH, ESQUIRE
          Judicial Law Clerk

23

24

25
```

*United States District Court*

```
 1              (PROCEEDINGS held in open court before SPECIAL MASTER
 2   THOMAS I. VANASKIE at 1:44 p.m.)
 3              SPECIAL MASTER VANASKIE:  Good afternoon.  Please be
 4   seated.
 5              We're here in Judge Bumb's courtroom for purposes of
 6   addressing the matter of deposition designations, deposition
 7   excerpt designations, and a process for resolution of
 8   objections to parts of those excerpts.
 9              Is there anything else that you wanted to address
10   with me today?
11              Let me ask plaintiffs' counsel first.
12              MR. SLATER:  I don't think so.  I think it
13   was most -- I think that was the thing we had to get going.
14              From the plaintiffs' perspective, we're hoping to get
15   this process done end of the month, hopefully, maybe early
16   October at the latest, just because it benefits everybody.
17   Once we know we're done, then we know the testimony and it's
18   behind us.
19              SPECIAL MASTER VANASKIE:  That's why I wanted to get
20   together.  The earlier we get this behind you, the better off
21   you all are.
22              Who's going to be speaking for the defense?
23              MS. BRANCATO:  Your Honor, Alexia Brancato for
24   Torrent.
25              I think it might be an individual defendant thing,
```

*United States District Court*

1   depending on where we go with this.

2        SPECIAL MASTER VANASKIE:  Okay.  All right.  I wasn't

3   intending to go excerpt by excerpt today.

4        MS. BRANCATO:  Great.

5        SPECIAL MASTER VANASKIE:  I was intending to set up a

6   process so that I know when I'm going to get the excerpts,

7   when I'm going to get the objections, and when we're going to

8   have a conference call or a video call.

9        I am not intending to do this in person, unless I

10  happen to be here.  So I wouldn't make a special trip for

11  this, sorry to say.

12       MR. SLATER:  No, no.  If I could make a suggestion.

13  We've talked before you came because we anticipated that would

14  be your question.

15       SPECIAL MASTER VANASKIE:  Good.

16       MR. SLATER:  Myself and Ms. Rose, who is from

17  Skadden, who has been handling the ZHP back and forth with me,

18  we've done a lot of the negotiating on the designations.  And

19  what we've basically did is we have spreadsheets that we

20  exchange back and forth that has the designated testimony, it

21  has a column for the objections, it has a column for the

22  plaintiffs' response, there's a column for the counter, a

23  column for the plaintiffs' objection and any other notes.

24       SPECIAL MASTER VANASKIE:  Okay.

25       MR. SLATER:  What we've done is we've narrowed down

```
 1   what we have disputes to, whatever excerpts, and then what

 2   we're doing is just making a spreadsheet of the disputes.

 3           SPECIAL MASTER VANASKIE:  The disputes, okay.

 4           MR. SLATER:  So that we think that we would be able

 5   to send you that spreadsheet and the transcripts

 6   electronically witness by witness.

 7           SPECIAL MASTER VANASKIE:  All right.

 8           MR. SLATER:  And that way you would have it, you

 9   would be able to look, oh, page 72, line 3 to 10, this is the

10   testimony, this is the objection, this is the counter.  You'd

11   have it right in front of you.  You'd be able to look at it.

12   And then we'd jump on the Zoom, and we would think the

13   arguments would go pretty quick once we -- because you would

14   have the chance to look at it and have everything in front of

15   you.

16           Does that make sense?

17           SPECIAL MASTER VANASKIE:  All right.

18           MS. ROSE:  Hi, Your Honor.  Nina Rose for ZHP.

19           I think this system that Adam has suggested makes

20   sense.  It will be the easiest for Your Honor to just be

21   limited to the designations that are challenged or

22   counter-designations that are being objected to by plaintiffs.

23   We're fine with that.

24           Our only request would be -- well, two things.

25           One, we think it's important to start with some of
```

```
 1   the major witnesses that plaintiffs have indicated they're

 2   going to be designating large portions or larger portions of

 3   their testimony, including Min Li and Jucai Ge.

 4        We have not -- I don't think we have the final

 5   versions that plaintiffs have proposed yet, but as soon as we

 6   get them, we will start working on that, start working on the

 7   chart for you.

 8        But that's, I assume, going to take a little bit of

 9   back and forth.  Once Adam gets me his final, I will put in

10   any updated objections I have or look at them, and then we can

11   make the chart for Your Honor.

12        SPECIAL MASTER VANASKIE:  Now, I like the chart --

13   let me interrupt you for a second -- but I'd like the entire

14   transcript.

15        MR. SLATER:  You'll get the entire transcript, not

16   just excerpts.

17        SPECIAL MASTER VANASKIE:  Okay.

18        MR. SLATER:  You'll get the whole transcript.

19        And we don't have to argue about it.  We've served a

20   bunch, but I guess the key thing is the dates.

21        SPECIAL MASTER VANASKIE:  Right.

22        MR. SLATER:  And then we can just start getting this

23   to you.

24        SPECIAL MASTER VANASKIE:  Well, have you talked about

25   that?  How soon can you start getting excerpts to me?
```

*United States District Court*

1    MR. SLATER:  From the plaintiffs' perspective, we

2  would like to start right away.  We'd like to start sending

3  this stuff to you by tonight, by tomorrow at the latest, and

4  then -- and start getting it to you as fast as possible with

5  each one that's done as it gets done.

6    But I think we need to just focus and roll up our

7  sleeves and get these to you quickly and start setting some

8  Zoom hearings so that we can just start grinding them through.

9    SPECIAL MASTER VANASKIE:  Ms. Rose.

10    MS. ROSE:  Thank, Your Honor.

11    We agree we'd like to move the process forward, but

12  as Adam and I discussed before -- Mr. Slater and I discussed

13  before, that we are honing in on what his final versions are.

14  I am doing the designations.

15    SPECIAL MASTER VANASKIE:  Okay.

16    MS. ROSE:  So I just need a little bit of time once

17  he gives me a transcript and says it's final to go through it.

18  And we are in the midst of *Daubert* hearings, so -- and I also

19  have other obligations on other cases.

20    I was hoping that we could have until the end of next

21  week at least before we have a hearing.

22    MR. SLATER:  Look --

23    SPECIAL MASTER VANASKIE:  Before a hearing?

24    MS. ROSE:  Before a hearing.  I'm happy to go back

25  and forth in the meantime to get you several witnesses.

*United States District Court*

1          SPECIAL MASTER VANASKIE:  Let's see.  Today is the --

2          MS. ROSE:  Today is the 10th, Your Honor.

3          SPECIAL MASTER VANASKIE:  You're talking about the

4  19th?

5          MS. ROSE:  The 20th.

6          SPECIAL MASTER VANASKIE:  20th, sorry, bad math.

7          MR. SLATER:  The 19th is next Thursday.

8          I mean, look, we're working very well together, but I

9  have sent numerous transcripts that are ready to be done, and

10  one of them we have done.  One of them, one of the witnesses

11  we can send to you tonight.

12          We should be in a position to send four, five, six

13  witnesses by the end of the week, I would think.

14          I mean, I just -- look, I can't be the only person to

15  do this.  I think we have to -- I have other -- I have Chris

16  Geddis, I have Mike Griffith and other people ready to talk to

17  people from your firm.  I think we've just got to hammer

18  through it.  Now, maybe they go through some of the shorter

19  ones that won't take as long and maybe you want to do a Min Li

20  that's a bigger witness, but some of these other witnesses --

21  I mean, I have witness that are 5 minutes, 8 minutes, 3

22  minutes, 25 minutes, 16 minutes, 20 minutes, 24 minutes.

23          There's no reason why we can't have our teams

24  negotiating to the extent you or I can't do it.  We've got to

25  get these done.

1          MS. ROSE:  Your Honor, I apologize.  I should have

2    asked the question for clarification.

3          When you're talking about doing hearings on them,

4    there are 15 ZHP witnesses that the plaintiffs have designated

5    testimony from, some hours worth of testimony or at least over

6    an hour.

7          SPECIAL MASTER VANASKIE:  Uh-huh.

8          MS. ROSE:  Were you intending to do one hearing to

9    address all 15 or --

10         SPECIAL MASTER VANASKIE:  I was hoping to do it that

11   way.  That keeps a better context for me.

12         MS. ROSE:  I would ask if that's the case, 15 -- it's

13   over 40 days of testimony for those -- I believe it actually

14   is exactly 40 days of testimony for those 15 witnesses.  And

15   we are -- and I give Adam full credit that he has been

16   churning out designations, but also just in the last, I don't

17   know, like 48 hours or something, Adam -- I'm sorry,

18   Mr. Slater has been representing that he's been cutting down

19   the designations and tightening up his case, so --

20         MR. SLATER:  But I've been serving them on you as

21   I've done them.  You have those.

22         MS. ROSE:  I have not gotten any since we had the

23   hearing yesterday.

24         MR. SLATER:  I sent one this morning.

25         MS. ROSE:  Oh, I received it.  I'm sorry.  I

```
1   apologize.  I received one this morning.
2           We have been working through them as well.  Until
3   yesterday we didn't even know that five of the witnesses who
4   we were bringing live, he was going to be able to designate
5   testimony from.  The Court ruled that yesterday.
6           So we have a lot of work to do on our end.  And I'm
7   happy to move forward, and I will get a team for it, but 15
8   witnesses to do 40 days of deposition designations is --
9           MR. SLATER:  When you say 40 days, though, like
10  Eric -- you know, you have people that are one- or two-day or
11  three-day depositions, we have them down to like 12 minutes or
12  20 minutes.  I mean, it sounds worse when you say it that way.
13          MS. ROSE:  I'm happy to -- but we also have to --
14          SPECIAL MASTER VANASKIE:  But they have to review the
15  testimony itself --
16          MS. ROSE:  Yes.  Thank you.
17          SPECIAL MASTER VANASKIE:  -- for
18  counter-designations.
19          MS. ROSE:  Yes.  Exactly.
20          MR. SLATER:  They have.  All they're doing right now,
21  Judge, is they have all of our designations.  All I'm doing is
22  reducing them.
23          SPECIAL MASTER VANASKIE:  Okay.
24          MR. SLATER:  So it's not that I'm adding to them.
25  I'm reducing them.
```

```
 1              I mean, I guess there's a few little things I've
 2     added here and there, but...
 3              MS. BRANCATO:  Your Honor, if I may.
 4              SPECIAL MASTER VANASKIE:  You may.
 5              MS. BRANCATO:  So just to be clear, so far we've only
 6     been talking about the ZHP side of things.
 7              SPECIAL MASTER VANASKIE:  Yes.
 8              MS. BRANCATO:  There's also Teva and Torrent.
 9              SPECIAL MASTER VANASKIE:  Correct.
10              MS. BRANCATO:  And at least on behalf of Torrent, I
11     haven't heard anything from plaintiffs about deposition
12     designations since March of this year, so I have nothing to
13     get started with.  And so it's hard for me to be able to agree
14     to a timeline today in a vacuum, but I will be happy to talk
15     to plaintiffs about when they can start sending us things and
16     when we can start looking at them.
17              MR. SLATER:  I just found that out, because our
18     team is sort of -- we have different teams on these
19     defendants.  I can assure you that the Torrent stuff is going
20     to start rolling out to you next week and be done next week.
21     It's going to happen.
22              MS. BRANCATO:  Okay.  Well, if you're going to send
23     us new dep designations for seven or eight witnesses next
24     week, we need --
25              MR. SLATER:  I don't think any new.  They may just
```

```
 1   be --

 2          MS. BRANCATO:  -- more time.

 3          MR. SLATER:  It just may be confirmed.  I just have

 4   to talk to Daniel Nigh.  He may just say, look, those are our

 5   designations, so let's go, and then you have them.

 6          MS. BRANCATO:  It's just I'm in a vacuum right now,

 7   and so it's a little hard to --

 8          SPECIAL MASTER VANASKIE:  Sure.  I understand that --

 9          MR. SLATER:  You have designations for eight

10   witnesses, don't you?

11          MS. BRANCATO:  From March.

12          MR. SLATER:  Okay.  But if Daniel says, that's it,

13   those are my designations, I mean, I assume you've worked on

14   them, countered them and all that.

15          MS. BRANCATO:  Yes.  But I don't know if he will say

16   that.  What I'm saying is I just don't have any information

17   right now.  So as soon as you guys can give us more

18   information, then we can definitely figure out a schedule.

19          MR. SLATER:  I can represent for the plaintiffs,

20   assume that those designations you were served last March are

21   the designations.  If they get reduced at all, that would be

22   beneficial to everybody, and then it will be, okay, these have

23   been pulled down.

24          But I would assume those are the designations and we

25   should go forward with those designations for Torrent.  If we
```

1   shorten them or drop any, it's just less work for everybody.

2           MS. BRANCATO:  If they are shortened, that's great.

3   But that could lead to, as we were discussing before this,

4   needing to add a different type of counter if something falls

5   out that we thought was important.

6           SPECIAL MASTER VANASKIE:  Understood.

7           MS. BRANCATO:  So that's all I'm saying, Your Honor.

8           SPECIAL MASTER VANASKIE:  The bottom line is you have

9   designations.

10          MS. BRANCATO:  Yes.  We have --

11          SPECIAL MASTER VANASKIE:  They're not final

12  designations, but they are designations that you can be

13  working with for your counter-designations.

14          MS. BRANCATO:  We have served counters for March,

15  yes.

16          SPECIAL MASTER VANASKIE:  Okay.  All right.  And you

17  just need to confirm that those are the designations, the ones

18  you made in March are the designations.

19          MR. SLATER:  Those are the designations that we have

20  for Torrent.

21          As you know, Judge, the designations will likely be

22  getting edited even once you've ruled right through trial.

23          Because, for example, there may on the first couple

24  days of trial testimony where we look at it and say, we don't

25  need this witness anymore, we're going to drop this.

```
 1              So that can happen at any time.  And that's common in
 2  trial.
 3              SPECIAL MASTER VANASKIE:  Yes.
 4              MR. SLATER:  You ordinarily are.
 5              But those are the designations we have, and I would
 6  run with those.  And if there's any change, Daniel will let
 7  you know if there's anything else.  But those are -- as far as
 8  I know, those are our designations for those witnesses.
 9              SPECIAL MASTER VANASKIE:  Let's hear from Teva.
10              MS. WALSH:  Good afternoon, Your Honor.
11              SPECIAL MASTER VANASKIE:  Good afternoon.
12              MS. WALSH:  Liza Walsh on behalf of Teva.
13              I'm a newcomer to the discussion, to the details of
14  the exchanges.
15              But I was under the impression that, you know, it was
16  referred to Your Honor because we need to know once and for
17  all exactly what -- you know, how many designations are going
18  to be played at the time of trial.
19              So my understanding was we were going to get a
20  final -- you know, a final list, and then we're going to sit
21  down and do our counter-designations.
22              I seem to hear Adam say that, you know, they may not
23  be the final ones, there's still going to be a rolling --
24  rolling decision-making here, which I think is potentially
25  going to impact us as well.
```

1        So I think what we're looking for is his final list,

2  we're getting very close, and this way we can then, you know,

3  set a date by which everybody gets to designate -- the final

4  designations, there's final objections, and we come before

5  Your Honor.

6        And if you want to start with ZHP first, hear those,

7  and then hear Torrent, and then hear Teva, that's perfectly

8  fine.

9        MR. SLATER:  There's absolutely no reason why we

10  should wait to get everything done for all the defendants.  We

11  should get this going on -- in my view, on a rolling basis --

12        This is what I would suggest.  At the latest --

13        I don't know what your availability is, Your Honor.

14        Are you available either Thursday or Friday next

15  week?

16        SPECIAL MASTER VANASKIE:  Let me look.

17        MS. WALSH:  If we do that, Adam, you've got to tell

18  us these are your final designations.

19        MR. SLATER:  Look, Liza, you keep saying "final

20  designations."  You have our designations.  If we cut

21  something down, that can happen at any time.  It doesn't mean

22  you're going to wait --

23        (Court reporter clarification.)

24        MR. SLATER:  It doesn't mean that you don't start

25  working through them.

1          Testimony gets dropped from videos when you go to

2     trial all the time.  But these -- the videos you have as of

3     now you should assume are the videos that need to be

4     negotiated.

5          If we drop ten minutes of testimony from a witness,

6     it's no harm.  That got dropped.  But we still have to work

7     through the issues --

8          MS. WALSH:  I don't -- I respectfully disagree with

9     you, there's no harm.

10          MR. SLATER:  Do you want us to leave that testimony

11     then?

12          MS. WALSH:  You're making a strategic decision which

13     is going to require a strategic decision in response to that.

14          All we're doing is -- looking for is finality both on

15     your end, our end, and the Court's end, most importantly, so

16     we can prepare this trial.  Because, again, we have an issue

17     as to how long this trial is going to take.

18          So I think it's -- knowing exactly what the

19     deposition designations are going to be is also going to

20     impact Judge Bumb's decision on how many hours we're going to

21     try this case for.

22          MR. SLATER:  Are you suggesting that after we do this

23     process with Judge Vanaskie and witness Jane Smith is done, if

24     in three weeks we decide we want to drop a couple pages and

25     write to you and say, we're dropping those designations, are

```
 1   you suggesting we can't do that?
 2          MS. WALSH:  Adam, now, you know the answer to that
 3   question.
 4          MR. SLATER:  Well, then you're saying the same thing
 5   as me, so we're good.
 6          MS. WALSH:  You know the answer to that question.
 7          However, if you change who you're going to play at
 8   the time of trial, we should have a right to figure out
 9   whether we need to change ours.
10          MR. SLATER:  You will have a right to.
11          MS. WALSH:  Okay.  I don't think we need to debate
12   this.
13          SPECIAL MASTER VANASKIE:  Yes.
14          MS. WALSH:  I think the point is, we need
15   some finality on -- we think we need some finality, some firm
16   dates on when designations are going to be exchanged, when
17   they're going to be submitted to you, when you're going to get
18   objections to them, and when we're going to have oral
19   argument.  That's all we were hoping for.
20          SPECIAL MASTER VANASKIE:  All right.  We'll set that
21   schedule up.  It's understood that the designations are not
22   carved in stone, but they will be the starting point for
23   determinations on what will be presented to the jury.
24          Hopefully there won't be any changes afterwards, but
25   if there are, no one will be prejudiced, so that if you decide
```

```
 1   to drop something and you were intending that to be helpful to

 2   your case, you'll have the opportunity to redesignate or put

 3   something in.  And obviously you'll get the opportunity.

 4          It will get to a point of finality, but now is not

 5   the time.  Now is the time to get a schedule in place for

 6   purposes of having this process play out.

 7          And so what I'd like to do is suggest some deadlines.

 8   And we've started with ZHP.  And you said you've made your

 9   designations.

10          MR. SLATER:  Yep.

11          SPECIAL MASTER VANASKIE:  And, Ms. Rose, you've made

12   counter-designations.

13          You want to look at them again, I take it?

14          MS. ROSE:  Yes, Your Honor.  So we started, Adam --

15   apologies, Mr. Slater and I started --

16          SPECIAL MASTER VANASKIE:  You can go first name.

17          MS. ROSE:  We started this process before the first

18   scheduled trial.  We made a lot of progress.  There are a lot

19   of witnesses, a lot of days of designations.  I believe I have

20   at least some version of their designations for every witness.

21   I believe I've made counters for every witness.  And then we

22   stopped when the trial was postponed.

23          SPECIAL MASTER VANASKIE:  When the trial was

24   postponed, yes.

25          MS. ROSE:  And now we've started up again.
```

United States District Court

1          We have one witness who is a very short witness.  I

2     don't think plaintiffs intend to play much of his testimony.

3     That is ready to go.  That we're happy to send to Your Honor

4     this evening.

5          But I do think it's important for Your Honor to, at

6     the foreground, look at some of the major witnesses and their

7     more significant testimony.  And I just need to look at what

8     their current designations are.

9          And Adam indicated to me -- apologies again,

10    Mr. Slater, that --

11         MR. SLATER:  It's the nicest thing anyone ever called

12    me.

13         MS. ROSE:  -- he might be sending revised

14    designations on Min Li, for example.

15         As soon as I have those, I am happy to go through and

16    update our counters and update our objections for Your Honor,

17    but it's just going to take time, throughout our *Daubert*

18    hearings.  It's just going to take a little bit of time to get

19    through 15 witnesses and --

20         MR. SLATER:  I'm now questioning your witness, and

21    you're putting him on, you said --

22         MS. ROSE:  I believe so, yes.

23         MR. SLATER:  All right.  I'm questioning him too, so

24    we both have that *Daubert* hearing next Wednesday, but I don't

25    think that should hold anything up.

1      My request is that we be ordered to start serving

2   them to you on a rolling basis.  And if Your Honor has

3   availability at the end of next week, I would love for us to

4   be able to have a hearing on whatever we get to you.

5      And we will make sure you have at least five to ten

6   witnesses by next Friday.

7      SPECIAL MASTER VANASKIE:  I am available next Friday.

8   Not Thursday but Friday.

9      MR. SLATER:  Friday would be great.

10      MS. ROSE:  Your Honor, I'm happy to meet next Friday.

11   We can get you some amount of witness.  I do not think it is

12   possible for us to have five to ten witnesses.

13      SPECIAL MASTER VANASKIE:  That's all right.  Let's

14   get done what we can get done.  All right?  Because we all

15   have pretty hectic schedules.  Even I do.

16      MR. SLATER:  And the trial is potentially getting

17   moved earlier, so we really have to get this done.

18      SPECIAL MASTER VANASKIE:  Yes.  So we'll start the

19   process next Friday.  I'll take designations as you finalize

20   them and counter-designations and send them to me.  And we

21   will go over on Friday everything that's submitted to me by

22   Thursday.  All right?

23      MR. SLATER:  Terrific.  That's really nice.  Thank

24   you, Judge.

25      SPECIAL MASTER VANASKIE:  Yes, Loretta?

*United States District Court*

```
 1              LAW CLERK:  Just so we schedule this on our calendar,
 2    do you have a time, and do we need a reporter?
 3              SPECIAL MASTER VANASKIE:  We obviously need a
 4    reporter -- Ann Marie, thank you -- and Friday I'd like to
 5    start at 9:30 a.m.
 6              MR. SLATER:  That would be great.
 7              SPECIAL MASTER VANASKIE:  All right?
 8              LAW CLERK:  And this will be by Zoom, Judge?
 9              SPECIAL MASTER VANASKIE:  This will be by Zoom.
10              MR. SLATER:  That's great.
11              SPECIAL MASTER VANASKIE:  Zoom or Teams, whatever I
12    can use.
13              LAW CLERK:  Not Zoom.  We don't use Zoom anymore.
14    Forgive me.
15              SPECIAL MASTER VANASKIE:  Yes.
16              MR. SLATER:  It's like calling a tissue a Kleenex.
17              LAW CLERK:  Not really.
18              MR. SLATER:  Everything is a Zoom.
19              LAW CLERK:  Exactly.
20              SPECIAL MASTER VANASKIE:  If we start down this
21    road -- now, let's talk about the other two parties, Torrent
22    and Teva.
23              MR. SLATER:  My sense was that we would submit from
24    all the parties to get them to you for next week if we could,
25    but whatever we can get done.
```

*United States District Court*

```
 1          MS. BRANCATO:  I think to Your Honor's point from
 2  earlier, we may need to reassess things.
 3          I would appreciate confirmation that March is still
 4  standing, and then we can make some assessments.  I don't know
 5  that we will be able to do anything with Your Honor by next
 6  Friday.  But if we set a date in the future for more
 7  discussion, I'm confident we can do that.
 8          SPECIAL MASTER VANASKIE:  When can I have
 9  confirmation that the designations are your preliminary final
10  designations?
11          MR. SLATER:  I can tell you for Torrent, you can
12  assume that that is the current designations and we're ready
13  to go, because those were the designations that were set for
14  the March trial.  So go with those.  And if they get cut down,
15  all the better, but I don't know that they're going to be.
16  And those are the designations that I know the Torrent team
17  put together, so we should go with those.
18          SPECIAL MASTER VANASKIE:  You will not be prejudiced
19  if they change a designation or delete a designation.  You'll
20  have that opportunity.  But let's get the process going.
21          So for Torrent, you have the designations.  Correct,
22  Mr. Slater?
23          MR. SLATER:  Yes, Your Honor.
24          MS. BRANCATO:  Thank you, Your Honor.
25          MR. STANOCH:  Your Honor, David Stanoch for
```

```
 1    plaintiffs for Teva.

 2            And I spoke to Ms. Lockard, Ms. Walsh's colleague,

 3    before Ms. Lockard had to leave.

 4            We had already given designations.  Teva had already

 5    provided counters.  We have that.  I've told Ms. Lockard that

 6    tonight or tomorrow morning we'll confirm that what she has in

 7    her hands is the soft final set.

 8            SPECIAL MASTER VANASKIE:  Okay.

 9            MR. STANOCH:  And then hopefully we can aim to start

10    rolling them to Your Honor as well.

11            I know Ms. Walsh is not as intimately involved, but

12    to assuage her concern, I did talk to Ms. Lockard, and I'm

13    going to let her know in the next 18 hours either here they

14    are, the new finals, or you have them already from us.

15            SPECIAL MASTER VANASKIE:  Is that all right?

16            MS. WALSH:  That sounds great, Your Honor.  As I

17    said, we really need some just finalization here because of

18    the -- again, Judge Bumb needs to make a decision on the

19    trial, the length of the trial.

20            SPECIAL MASTER VANASKIE:  Sure.

21            MS. WALSH:  And, again, how much deposition testimony

22    is going to be played certainly is going to have a great

23    impact on her decision.

24            SPECIAL MASTER VANASKIE:  Absolutely.

25            MR. SLATER:  Should we set other dates for future
```

1    hearings?

2            SPECIAL MASTER VANASKIE:  We should set other dates

3    as well.

4            So we're set for the 20th at 9:30 a.m.

5            How about September 24th?  I know this is nebulous,

6    so I --

7            MR. SLATER:  I can't do that date but can you?

8            MR. STANOCH:  Sure.

9            MR. SLATER:  I would think that maybe the Teva and

10   Torrent teams can do it that day.

11           MS. BRANCATO:  So I unfortunately can't do that day

12   because of a deposition in the losartan side of things.

13           SPECIAL MASTER VANASKIE:  Okay.

14           MS. BRANCATO:  I don't know if Teva can do it,

15   though.

16           MR. STANOCH:  Pending the availability of Teva's

17   trial counsel, I have no issue with that date.  I'm sure we

18   can talk to Your Honor if we need to move it.

19           MS. WALSH:  I really don't know, Your Honor.

20           SPECIAL MASTER VANASKIE:  You have to check with

21   Ms. Lockard.

22           MS. WALSH:  I have to check.  Of course, if we have

23   to, we'll do it.

24           SPECIAL MASTER VANASKIE:  Let's tentatively say

25   9:30 a.m. September 24th.

1    MR. SLATER:  Can we confirm with you by tomorrow or

2  something?

3    SPECIAL MASTER VANASKIE:  Excuse me?

4    MR. SLATER:  Would you like us to confirm with you by

5  tomorrow?

6    SPECIAL MASTER VANASKIE:  Confirm with me by

7  tomorrow.

8    MR. STANOCH:  I'll talk with Ms. Lockard.  Or I'm

9  sure Ms. Walsh will.

10    SPECIAL MASTER VANASKIE:  We're looking at September

11  24th at 9:30 a.m. to be confirmed for Teva designations.

12  Correct?

13    MR. STANOCH:  Yes, Judge.

14    SPECIAL MASTER VANASKIE:  To have a conference call.

15    MR. STANOCH:  Correct.

16    SPECIAL MASTER VANASKIE:  Now Torrent.

17    MS. BRANCATO:  I might be able to get someone to

18  cover that date, Your Honor.  I just would need to check with

19  him.

20    So if I can let you know tomorrow, we might be able

21  to combine everything on the 24th.

22    SPECIAL MASTER VANASKIE:  Let me know by tomorrow.

23    MS. BRANCATO:  Thank you.

24    SPECIAL MASTER VANASKIE:  So I'm just penciling in

25  right now Teva and Torrent for the 24th, ZHP for the 20th.

1    All right?

2          ZHP for the 20th, Teva and Torrent for the 24th, to

3    be confirmed.  All right.

4          MR. SLATER:  And if we need more time, I guess you

5    can just set those dates --

6          SPECIAL MASTER VANASKIE:  We'll set those dates.

7          Anything else to accomplish today?

8          MR. STANOCH:  Yes, Your Honor.  I guess there is the

9    issue of the nonparty to this trial, retail defendants.

10          SPECIAL MASTER VANASKIE:  I'm sorry.

11          MR. STANOCH:  And I think Judge Bumb told us

12    yesterday we can do two.

13          We'll meet and confer with these defendants or

14    Ms. Kapke and whoever she needs to talk to, and maybe we can

15    aim for the same date of the 24th.

16          MS. KAPKE:  The 24th is fine with me.

17          SPECIAL MASTER VANASKIE:  This will be for the

18    nonparty witnesses?

19          MR. STANOCH:  Yes, Your Honor.

20          SPECIAL MASTER VANASKIE:  All right.

21          Anything else then for today?

22          MR. SLATER:  I don't think so, Your Honor.

23          MS. BRANCATO:  Nothing from defendants, Your Honor.

24          SPECIAL MASTER VANASKIE:  All right.  Well, thank you

25    all very much.  Thanks for meeting with me.  And we'll let you

1    go out to the madness out there.  Thank you.

2            (Proceedings concluded at 2:11 p.m.)

3            - - - - - - - - - - - - - - - - - - - - - -

4            **FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE**

5            - - - - - - - - - - - - - - - - - - - - - -

6            I certify that the foregoing is a correct transcript

7    from the record of proceedings in the above-entitled matter.

8

9    */S/ Ann Marie Mitchell        11th day of September, 2024*
      *CCR-RDR-RMR-CRR*
10    *Court Reporter/Transcriber*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25