Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

PART I
AUTHORITIES FROM EXRPESS WARRANTY SUBCLASS "B" JURISDICTIONS THAT *SCIENTER* IS NOT AN ELEMENT OF CLAIM

1

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

| EW Subclass "b" States | *Scienter Not Element of Claim Authorities* |
|---|---|
| United States | *Shippen v. Bowen,* 122 U.S. 575, 578–82 (1887) (Harlan, J.) ("The plaintiff was clearly entitled to go to the jury on the issue as to an express warranty. But he was, in effect, denied that right by the instruction that he could not recover in this action unless he proved a *scienter*.") |
| Alabama | *Munroe v. Pritchett,* 16 Ala. 785, 787 (Ala. 1849) ("scienter need not be alleged, nor proved") |
| Arkansas | *Greenway Equip., Inc. v. Johnson*, 2020 Ark. App. 336, 6, 602 S.W.3d 142, 148 (Ark. Ct. App. 2020) (affirming judgment on express warranty claim based on innocent misrepresentation regarding number of hours on tractor); *see also Johnson v. McDaniel,* 15 Ark. 109, 115 (Ark. 1854) ("[I]n tort for breach of warranty in the sale of chattels, the deceit consists, or rather is implied, in the falsehood of the warranty, which being established, the defendants knowledge of it is immaterial, and though averred, need not be proven.") |
| Florida | *Royal Typewriter Co., a Div. of Litton Bus. Sys. v. Xerographic Supplies Corp.,* 719 F.2d 1092, 1102 (11th Cir. 1983) (interpreting Florida law "[a]n allegation of breach of express warranty does not require proof of intent.") |
| Georgia | *Postell v. Boykin Tool & Supply Co.*, 71 S.E.2d 783, 786 (Ga. App. 1952) ("Where an express warranty is made, it is immaterial whether or not the seller bases the same upon his own knowledge.") |
| Mississippi | *Killen v. Johnson & Johnson*, No. 3:20-CV-829-KHJ-MTP, 2022 WL 330995, at *6 (S.D. Miss. Feb. 3, 2022) ("The 'failure to conform' avenue only requires that the misrepresentation be express and that the claimant justifiably rely on the product.") |
| Montana | *Lander v. Sheehan*, 32 Mont. 25, 79 P. 406, 408 (Mont. 1905) ("Any affirmation (other than mere dealers' talk) made at the time of the sale as to the quality or condition of the thing sold will be treated as a warranty, if it was so intended, and the purchaser bought on the good faith of such affirmation; and whether it was so intended and the |

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

| | |
|---|---|
| | purchaser acted upon it are questions of fact for the jury." (citing *Shippen v. Bowen*, 122 U.S. 575 (1887)) |
| Nebraska | *Kuhlman v. Shaw*, 91 Neb. 469, 136 N.W. 55, 58 (1912) ("immaterial whether Shaw personally knew that his representations were untrue" and citing *Shippen*) |
| Nevada | *Nevada Cont. Servs., Inc. v. Squirrel Companies, Inc.*, 119 Nev. 157, 161, 68 P.3d 896, 899 (Nev. 2003) (discussing express warranty claim elements, no *scienter* allegation or proof required) |
| New Hampshire | *Mahurin v. Harding*, 28 N.H. 128, 134 (N.H. 1853) ("if an express warranty is proved, it is not necessary to prove the scienter") |
| New York | *Kominis v. Starbucks Corp.*, 692 F. Supp. 3d 236, 255 (S.D.N.Y. 2023) (dismissing fraud claim for "fail[ure] to plead fraudulent intent" but refusing to dismiss express warranty claim under New York law) |
| North Carolina | *Trenchard v. Kell*, 127 F. 596, 601 (E.D.N.C. 1904) ("[T]he warranty is the gist of the action, and it is not necessary to prove a scienter.") |
| Ohio | *Mergenthaler v. Dorman*, 11 Ohio Law Abs. 198, 199 (Ohio Ct. App. 1931) ("An averment of scienter is unnecessary in an action for breach of an express warranty.") |
| Oregon | *Miller v. Hubbard-Wray Co.*, 52 Or. App. 897, 901, 630 P.2d 880, 883, *modified*, 53 Or. App. 531, 633 P.2d 1 (Or. Ct. App. 1981) ("That the representation may have been innocently made in reliance on information supplied by a third party is immaterial; it is sufficient that the seller interjects the matter into the negotiations … The concept of fault is not relevant in a warranty context." (citing cases)) |
| Rhode Island | *Bond & Goodwin v. Weiner*, 54 R.I. 244, 172 A. 395, 395 (R.I. 1934) (holding that "an action for breach of warranty [] does not require proof that the seller had knowledge of the falsity of his affirmations") |
| South Carolina | *Brooks v. GAF Materials Corp.*, 41 F. Supp. 3d 474, 486 (D.S.C. 2014) (denying summary judgment on express warranty claim despite granting negligent misrepresentation because plaintiff "fail[ed] to allege facts upon which a reasonable jury made a false representation" with knowledge or negligently) |

3

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

| | |
|---|---|
| Texas | *Seale v. Schultz*, 3 S.W.2d 563, 566 (Tex. Civ. App. 1927), *writ dismissed w.o.j.* (Mar. 21, 1928) ("[I]t was wholly immaterial, as above shown, whether or not appellant knew said hogs were diseased at the time he made said warranty[.]") |
| Utah | *Stringfellow v. Botterill Auto Co.*, 63 Utah 56, 221 P. 861, 862 (Utah 1923) ("It was an express warranty under the statute (Comp. Laws 1917, § 5121), regardless of whether defendant was or was not guilty of intentional deceit."); *Groen v. Tri-O-Inc.*, 667 P.2d 598, 604 (Utah 1983) ("Breach of warranty does not require that the person making the representation or promise be aware that it is false.") |
| Vermont | *DJ's Tree Serv. & Logging, Inc. v. Bandit Indus., Inc.*, 557 F. Supp. 3d 511, 533 (D. Vt. 2021) (refusing to dismiss express warranty claim but dismissing fraud claim for failure to plead knowing misrepresentation) |
| Wisconsin | In re Generac Solar Power Sys. Mktg., Sales Pracs., & Prod. Liab. Litig., No. 23-MD-3078, 2024 WL 2519778, at *5 (E.D. Wis. May 24, 2024) (dismissing affirmative misrepresentation-based fraud claims but not express warranty claims which were not challenged by defendants) |
| Wyoming | *Tetra Tech EC, Inc. v. Jerry Herling Constr., Inc.*, No. 2:08-CV-00210-SWS, 2011 WL 13272824, at *5 & n.9 (D. Wyo. Aug. 9, 2011) (granting summary judgment on fraud claim but allowing express warranty claim to proceed to trial) |

4

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

PART II
EXPRESS WARRANTY SUBCLASS "B" STATE ENACTMENTS OF UCC 2-714

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

| EW Subclass "b" States | UCC 2-714 Citation |
|---|---|
| Alabama | Ala. Code § 7-2-714 (Buyer may recover damages for any "noncomformity of tender," and the measure of damages is the "difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted . . . .") |
| Arkansas | Ark. Stat. § 4-2-714 (same) |
| Florida | Fla. Stat. § 672.714 (same) |
| Georgia | O.C.G.A. § 11-2-714 (same) |
| Mississippi | Miss. Code § 75-2-714 (same) |
| Montana | Mont. Code § 30-2-714 (same) |
| Nebraska | Neb. Rev. Stat. § UCC § 2-714 (same) |
| Nevada | Nev. Rev. Stat. § 104.2714 (same) |
| New Hampshire | N.H. Rev. Stat. § 382-A:2-714 (same) |
| New York | N.Y. U.C.C. Law § 2-714 (same) |
| North Carolina | N.C. Gen. Stat. § 25-2-714 (same) |
| Ohio | Ohio Rev. Code § 1302.88 (same) |
| Oregon | Or. Rev. Stat. § 72.7140 (same) |
| Rhode Island | Rhode Island Gen. Laws § 6A-2-714 (same) |
| South Carolina | South Carolina Code § 36-2-714 (same) |
| Texas | Tex. Bus. & Com. Code § 2.714 (same) |
| Utah | Utah Code § 70A-2-714 (same) |
| Vermont | Vermont Stat. § 9A-2-714 (same) |
| Wisconsin | Wis. Stat. § 402.714 (same) |
| Wyoming | Wyo. Stat. § 34.1-2-714 (same) |

PART III
CPL SUBCLASS "A" STATES DO NOT REQUIRE *SCIENTER*

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

| CPL Subclass "a" States | CPL Showing of "Deception" or "Unfairness" Does Not Require *Scienter* or Intent |
|---|---|
| Alaska | *Borgen v. A&M Motors, Inc.*, 273 P.3d 575, 591 (Alaska 2012) |
| Arizona | *State ex rel. Babbit v. Goodyear Tire & Rubber Co.*, 626 P.2d 1115, 1118 (Ariz. Ct. App. 1981) |
| California | *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1133 (Cal. App. 2nd Dist. 2014) |
| Connecticut | *Lawrence v. Richman Grp. Cap. Corp.*, 358 F. Supp. 2d 29 (D. Conn. 2005) |
| Florida | *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 (Fla. 2003) |
| Hawaii | *Compton v. Countrywide Fin. Corp.*, 761 F.3d 1046, 1052 (9th Cir. 2014) (addressing Hawaii law). |
| Louisiana | *Morice v. Hosp. Serv. Dist. #3*, 430 F. Supp. 3d 182, 216 (E.D. La. 2019) (A misrepresentation is "deceptive" for purposes of LUTPA) |
| Missouri | No longer in case due to Court's SJ Opinion (Dkt. No. 2694) |
| Nebraska | *Raad v. Wal-Mart Stores, Inc.*, 13 F. Supp. 2d 1003, 1014 (D. Neb. 1998) ("practice possessed the tendency or capacity to mislead") |
| New Hampshire | *In re: Valsartan*, Dkt. No. 2261, App'x I, at 20 (this Court stating, with respect to New Hampshire law, that the "P[laintiffs] could claim violation under several enumerated prohibitions by D[efendant]s in the statute that do not require scienter.") |
| New York | *Pension Fund v. Marine Bank*, 85 N.Y.2d 20, 26 (N.Y. 1995) |
| North Carolina | *Myers v. Liberty Lincoln-Mercury, Inc.*, 365 S.E.2d 663, 664 (N.C. 1988) ("purchaser of misrepresented merchandise does not have to prove fraud, bad faith or intentional deception") |
| North Dakota | *DJ Coleman, Inc. v. Nufarm Americas, Inc.*, 693 F. Supp. 2d 1055 (D.N.D. 2010) |
| Oklahoma | *Trotter v. Am. Mod. Select Ins. Co.*, 220 F. Supp. 3d 1266, 1269 (W.D. Okla. 2016) |
| Oregon | *State ex rel. Rosenblum v. Johnson & Johnson*, 362 P.3d 1197, 1203 (Or. App. 2015) |
| Pennsylvania | *Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 650 (Pa. 2021) |
| Washington | *State v. A.N.W. Seed Corp.* 802 P.2d 1353 (Wash. 1991) |

Case 1:19-md-02875-RMB-SAK   Document 2844-1   Filed 09/18/24   Page 9 of 18
PageID: 105204
Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

APPENDIX PART IV
SCIENTER SHOWING FOR COMMON LAW SUBCLASS "C" STATES

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

| Fraud Subclass "c" States | *Scienter* Requirement |
|---|---|
| Alaska | Alaska Pattern Jury Instr. 17.02 (2022) |
| Arkansas | Ark. Model Jury Instr. 402 |
| Colorado | Colo. Pattern Civ. Jury Instr. 19.1 (2024) |
| Florida | Fla. Standard Jury Instr. 409.7 (2024) |
| Idaho | Idaho Civ. Jury Inst. 4.60 (2003) |
| Louisiana | *Morice v. Hosp. Serv. Dist. #3*, 430 F. Supp. 3d 182, 216 (E.D. La. 2019) (A misrepresentation is "deceptive" for purposes of LUTPA) |
| Massachusetts | Mass. Sup. Ct. Civ. Prac. Jury Instr. § 20.1.5 (2023) |
| Minnesota | Minn. Prac., Jury Instr. Guides 57.10 (6th ed. 2023) |
| New Jersey | N.J. Model Jury Charge 3.30E |
| New York | *Barkany Asset Recovery & Mgmt. v. Sw. Sec. Inc.*, 972 N.Y.S.2d 458, 467 (N.Y. Sup. 2013); *see also* 2A N.Y. PJI 3:20 |
| North Carolina | N.C. Pattern Jury Instr. - Civ. 800.00 (2023) |
| North Dakota | N.D. Civ. Jury Instr. 72.12 |
| Ohio | *Pumphrey v. Quillen,* 135 N.E. 2d 328, 330-31 (Ohio 1956) |
| Oklahoma | Okla. Pattern Civ. Jury Instr. 18.1 |
| Pennsylvania | *Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 650 (Pa. 2021) |
| Virginia | *Mason v. Chappell,* 56 Va. 572, 582 (Va. 1860); Va. Model Jury Inst. 39.040; *see also Packard Norfolk, Inc. v. Miller,* 95 S.E. 2d 207, 210 (Va. 1956) |
| Washington | *Matter of Est. of Lint*, 957 P.2d 755, 763 (Wash. 1998), *as amended* (July 9, 1998) |
| Wyoming | Wyo. Civil Pattern Jury Instr. 17.01 (2024). |

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

APPENDIX PART V
ZERO VALUE OR FULL REIMBURSEMENT DAMAGES ARE AVAILABLE
IN EXPRESS WARRANTY SUBCLASS "B" JURISDICTIONS

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

| EW Subclass "b" States | Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" |
|---|---|
| Alabama | *Am.'s Best Care Plus, Inc. v. Computers Unlimited*, No. 4:06-CV-1075-RDP, 2008 WL 11377748, at *13 (N.D. Ala. Aug. 12, 2008) ("It is true that the measure of damages applicable to this case will be 'the difference between what the [Software] is actually worth and what it would have been worth if the property had been as represented.' … However, the question of how much the allegedly flawed Software is worth is a question for the jury in this case, not one the court can resolve on the Rule 56 record. ***A jury could find that the Software has no value*** (or that it is worth the full purchase price) on the evidence currently contained in the record."(emphasis added)) |
| Arkansas | *Graham Const. Co. v. Earl*, 362 Ark. 220, 223, 208 S.W.3d 106, 107 (Ark. 2005) (affirming award of benefit of the bargain damages amounting to the full price paid for new roof that proved to leak on express warranty claim) |
| Florida | *Davis v. Main St. Fam. Pharmacy, LLC*, No. 5:16CV45-MW/GRJ, 2016 WL 9051172, at *3 (N.D. Fla. May 19, 2016) ("The adulterated [prescription] injection was worthless, and neither Davis nor anyone else in their right mind would have paid any money for it had they known that it was adulterated."); *Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1084-85 (11th Cir. 2019) (in discussing already purchased and consumed dietary supplements, "a dietary supplement that is deemed adulterated and cannot lawfully be sold has no value … Given Congress's judgment, we conclude that the purchaser of such a supplement received a defective product that had no value. This conclusion is consistent with the well-established benefit-of-the-bargain theory of contract damages, which recognizes that some defects so fundamentally affect the intended use of a product as to render it valueless."); *accord Bohlke v. Shearer's Foods, LLC,* No. 9:14-CV-80727, 2015 WL 249418, at *7 (S.D. Fla. Jan. 20, 2015) (allowing full refund benefit of the bargain express warranty damages theory to proceed for mislabeled food products) |
| Georgia | *McMonigle v. BlackOxygen Organics USA, Inc.*, No. 1:21-CV-04790-LMM, 2022 WL 17908701, at *3 (N.D. Ga. Oct. 17, 2022) (finding that already-purchased and consumed |

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

| | |
|---|---|
| | nutritional supplements that were "adulterated with heavy metals" were "worthless as a matter of federal law."); *D.S. Brandon & Co. v. H.M. Franklin & Co.*, 46 Ga. App. 303, 167 S.E. 612, 613 (1933) ("If the purchaser could have shown that the property delivered was totally worthless as alleged, he would have been entitled to recover [on express warranty claim] the full amount of the purchase price, with interest.") |
| Mississippi | *Royal Lincoln-Mercury Sales, Inc. v. Wallace*, 415 So. 2d 1024, 1029 (Miss. 1982) (allowing for full recovery of the vehicle purchase price where it was clear it had been driven for years by Plaintiffs and contained value despite alleged defects) |
| Montana | *Fire Supply & Serv., Inc. v. Chico Hot Springs*, 196 Mont. 435, 443 (1982) (affirming award granting full amount expended on a defective fire alarm system installed in the plaintiff's resort notwithstanding the fact that the plaintiff had derived substantial use from the system for months) |
| Nebraska | *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 464-65 (8th Cir. 2016) (upholding jury verdict granting full value of tubing as damages despite evidence showing some value conferred on plaintiff) |
| Nevada | *Goodrich & Pennington Mortg. Fund, Inc. v. J.R. Woolard, Inc.*, 120 Nev. 777, 782–83, 101 P.3d 792, 796 (2004) ("This court has defined benefit-of-the-bargain damages in the fraud context as "the value of what [the plaintiff] would have received had the representations been true, less what he actually received." This damage measure is akin to damages available in a contract action for breach of warranty. The benefit-of-the-bargain rule is a punitive measure which "compels [a] party guilty of fraud to make good his or her representations, and under its operation, the parties are placed in the same position as if the contract and representations had been fully performed.") |
| New Hampshire | *BAE Sys. Info. & Elecs. Sys. Integration, Inc. v. SpaceKey Components, Inc.*, No. 10-CV-370-LM, 2013 WL 149656, at *4 (D.N.H. Jan. 11, 2013) (stating approvingly that in cases where "latent defects that were only discovered after the defective product was either integrated into something else or was otherwise put to use in a way that rendered it non-returnable, courts have |

13

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

| | |
|---|---|
| | generally determined that return/refund remedies do not fail their essential purpose" and citing New Hampshire RSA 382-A:2-714(2), which is the benefit of the bargain damages measure) |
| New York | *Smith v. Nikolayevskiy*, 23 Misc. 3d 1133(A), 889 N.Y.S.2d 507, at *1-2 (Civ. Ct. 2009) (granting damage saward for the full purchase price of a defective car where it still contained some residual value and had been used by Plaintiff before reselling it) |
| North Carolina | *Sharrard, McGee & Co., P.A. v. Suz's Software, Inc.*, 100 N.C. App. 428, 434, 396 S.E.2d 815, 818 (N.C. 1990) (Affirming "the trial court award[] [to] plaintiff [of] $7,538.06, the value of the worthless computer system" under express warranty benefit of the bargain despite the fact that computer system was used by the plaintiffs albeit with results that were not "consistent" and that it erroneously computed certain metrics). |
| Ohio | *Chapman v. Tristar Prod., Inc.*, No. 1:16-CV-1114, 2017 WL 1433259, at *8 (N.D. Ohio Apr. 24, 2017) (case involving pressure cookers that would open while still under pressure, but otherwise functioned, and certifying Ohio express warranty class finding that Plaintiffs' "worthless" damages model satisfied *Comcast* and fit the facts of the case). |
| Oregon | *Kotthoff v. Portland Seed Co.*, 137 Or. 152, 158, 300 P. 1029, 1031 (Or. 1931) (in express warranty action against seller of mislabeled variety of Rye seed, affirming jury award under benefit of the bargain of the full value of the seed despite the fact that the seller did supply Rye seed, just not the variety the plaintiff expected). |
| Rhode Island | No authorities foreclosing zero value damages on similar facts. |
| South Carolina | *Murray Co. v. Morgan*, 280 F. 499, 503–04 (4th Cir. 1922) ("But both [express warranty counter-claim] defendants, having considerable experience with ginning, after describing the results to the cotton of the use of the gins, testified the gins and feeders were worthless. We cannot say this was incredible, for a gin that does not gin clean, and in other respects fails to produce a standard result, may be not only worthless, but actually a great detriment, to one engaged in the business of ginning for the public.") |
| Texas | *Hizar v. Heflin*, 672 S.W.3d 774, 797 (Tex. App. 2023), review denied (Mar. 8, 2024) ("Here, the evidence at trial supports a finding that Roofmasters and Hizar's work provided no value to |

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

|  |  |
|---|---|
|  | the Heflins. That evidence included the testimony of the Heflins and photographs showing the shoddy and incomplete work and additional damage caused by that work.") |
| Utah | No authorities foreclosing zero value damages on similar facts. |
| Vermont | *Muzzy v. Chevrolet Div., GM Corp.*, 571 A.2d 609, 611 n.1 (Vt. 1989) ("Appellees subsequently amended their petition to seek a refund of the purchase price. Under 9 V.S.A. § 4172(e), the consumer may choose the proper remedy between a replacement vehicle and a refund of the purchase price."). |
| Wisconsin | *Ingalls v. Meissner*, 11 Wis. 2d 371, 389, 105 N.W.2d 748, 758 (1960) ("There was, however, testimony from which the jury could find that the aprons were worthless after discovery of their pyroxylin coating. This sustains the finding that [express warranty] damages were equal to the purchase price.") |
| Wyoming | *Nutrition Ctr., Inc. v. King Bio, Inc.*, 428 F. Supp. 3d 1245, 1257 (D. Wyo. 2019) ("As the [adulterated drug] goods were accepted, the products were valueless.") |

Case 1:19-md-02875-RMB-SAK    Document 2844-1    Filed 09/18/24    Page 16 of 18
                                     PageID: 105211
Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

APPENDIX PART VI
COURT DECISIONS UPHOLDING CLASS DAMAGES CALCULATIONS USING IQVIA DATA

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

| **Illustrative Cases Where Courts Have Endorsed Use of IQVIA for Class Damages Models** |
|---|
| *In re Actos Antitrust Litig.*, No. 1:13-cv-09244 (RA) (SDA), 2024 U.S. Dist. LEXIS 142236, at *74 (S.D.N.Y. Aug. 9, 2024) (finding that Dr. Conti's economic damages model using IQVIA Xponent pricing data of retail sales is sufficiently reliable) |
| *FTC v. Shkreli*, 581 F. Supp. 3d 579, 601 (S.D.N.Y. 2022) (discussing the IQVIA pricing data that was presented by the Federal Trade Commision during a bench trial in the Court's findings of facts and rulings of law) |
| *In re In re HIV Antitrust Litig.*, No. 19-cv-02573-EMC, 2022 U.S. Dist. LEXIS 250035, at *109 n.16 (N.D. Cal. Sep. 27, 2022) (relying on Plaintiff's expert using IQVIA retail sales data to acertain damages and finding that "IQVIA . . . is a leading third-party provider of pharmaceutical sales data in the U.S. and globally; IQVIA data are commonly used in academic research, litigation, and strategic analysis conducted by firms such as Gilead, and is sometimes referred to as the 'gold standard' for pharmaceutical data.") |
| *FTC v. Vyera Pharms., LLC,* No. 20cv706 (DLC), 2021 U.S. Dist. LEXIS 219493, at *5 (S.D.N.Y. Nov. 12, 2021) (finding that the Government's economist, who used IQVIA sales and pricing data "to opine on Vyera's market power and monopoly power" over drug prices, was sufficiently reliable to be presented before the jury) |
| *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. MDL No: 2785, 2021 U.S. Dist. LEXIS 116919, at *53 (D. Kan. June 23, 2021) (both Plaintiff's and Defendant's experts used IQVIA retail sales data to calculate damages; defendant was Mylan, which is another manufacturer defendant here) |
| *UCB, Inc. v. Teva Pharms. USA, Inc.,* No. 1:12-CV-4420-CAP, 2015 U.S. Dist. LEXIS 189386, at *23 (N.D. Ga. Mar. 18, 2015) (holding that the IQVIA retail sales and pricing data used in the expert's analysis "is considered reliable and accurate and commonly used") |
| *In re Actiq Sales & Mktg. Practices Litig.*, No. 07-4492, 2014 U.S. Dist. LEXIS 98441, at *38 (E.D. Pa. July 21, 2014) (recognizing IQVIA (formerly referred to as IMS) retail sales and pricing data as "gold standard for purposes of calculating damages on behalf of TPPs") |
| *Kaiser Found. Health Plan, Inc. v. Pfizer, Inc. (In re Neurontin Mktg. & Sales Practices Litig.)*, 748 F. Supp. 2d 34, 68 (D. Mass. 2010) (at trial, Plaintiff's pharmaceutical expert testified about IMS (the predecessor of IQVIA) retail pricing data at trial, which court referred to as "gold standard") |

Appendix to Plaintiffs' Brief Regarding Claims, Damages, and MIL 16

| |
|---|
| *New Eng. Carpenters Health Benefits Fund v. First Databank, Inc.*, 248 F.R.D. 363, 371 (D. Mass. 2008) (finding that, after a "rigorous review," IQVIA predecessor IMS retail sales and pricing data is a "reasonable proxy for what TPPs paid at retail" during the class period) |
| *In re Loestrin 24 FE Antitrust Litig.,* 410 F. Supp. 3d 352, 389 & n.29 (D.R.I. 2019) (noting, in certifying class and accepting plaintiff's expert's use of IQVIA data to estimate price impact of alleged conduct on drug products, that "IQVIA is a data vendor for pharmaceutical products, and its data is 'considered the industry standard source of pharmaceutical data used by researchers and academics.' French Reply Report ¶ 23.") |