**APPENDIX B – Response To Plaintiffs' "Zero Value Damages" Appendix**

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| Alabama | *Am.'s Best Care Plus, Inc. v. Computers Unlimited*, No. 4:06-CV-1075-RDP, 2008 WL 11377748, at *13 (N.D. Ala. Aug. 12, 2008) ("It is true that the measure of damages applicable to this case will be 'the difference between what the [Software] is actually worth and what it would have been worth if the property had been as represented.' . . . However, the question of how much the allegedly flawed Software is worth is a question for the jury in this case, not one the court can resolve on the Rule 56 record. *A jury could find that the Software has no value* (or that it is worth the full purchase price) on the evidence currently contained in the record.") (emphasis added). | This case reiterates that a full refund of a product's purchase price is generally *not* permissible and merely left the door open to such damages because there was evidence that the software did not work at all. The plaintiff asserted claims for breach of express warranty and fraud, alleging that the software at issue was licensed for the sole purpose of "reducing the amount of work required by employees in the billing department," but it contained defects that resulted in increased employee hours and even required the plaintiff to hire additional employees. *See id.* at *1. |

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| Arkansas | *Graham Constr. Co. v. Earl*, 362 Ark. 220, 223, 208 S.W.3d 106, 107 (Ark. 2005) (affirming award of benefit-of-the-bargain damages amounting to the full price paid for new roof that proved to leak on express warranty claim). | Plaintiffs incorrectly summarize this case, which did *not* involve a full refund. A pool owner brought an action for breach of express warranty against a contractor due to leaks in a roof and skylights contractor installed over pool. The trial court awarded $3,200.00 plus attorneys' fees and costs, an amount **less** than the full purchase price of $3,481.00, and the plaintiff's complaint included substantial consequential damages as a result of the leak. *See Graham Constr. Co. v. Earl*, 362 Ark. 220, 223, 208 S.W.3d 106, 107 (Ark. 2005). Moreover, there is no discussion of the proper measure of damages for a breach of express warranty. |

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| Florida | *Davis v. Main St. Fam. Pharmacy, LLC*, No. 5:16CV45-MW/GRJ, 2016 WL 9051172, at *3 (N.D. Fla. May 19, 2016) ("The adulterated [prescription] injection was worthless, and neither Davis nor anyone else in their right mind would have paid any money for it had they known that it was adulterated."); *Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1084-85 (11th Cir. 2019) (in discussing already purchased and consumed dietary supplements, "a dietary supplement that is deemed adulterated and cannot lawfully be sold has no value . . . Given Congress's judgment, we conclude that the purchaser of such a supplement received a defective product that had no value. This conclusion is consistent with the well-established benefit-of-the-bargain theory of contract damages, which recognizes that some defects so fundamentally affect the intended use of a product as to render it valueless.");[1] *accord Bohlke v. Shearer's Foods, LLC*, No. 9:14-CV-80727, 2015 WL 249418, at *7 (S.D. Fla. Jan. 20, 2015) (allowing full refund benefit of the bargain express warranty damages theory to proceed for mislabeled food products). | The issue before the court in *Bohlke v. Shearer's Foods, LLC* was whether the plaintiff had "plausibly pled" that mislabeled food products were misbranded and valueless—*not* whether the plaintiff could ask for that measure of damages at trial. The court expressly noted that "its ruling on this point should not be taken as an opinion on whether or not Plaintiff is entitled to a refund of the full purchase price of the Products, or whether she is entitled to damages at all." *Id.* at n.12. |

---

[1] In the interest of efficiency, this Appendix does not address cases discussed in plaintiffs' and defendants' briefs.

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| Georgia | *McMonigle v. BlackOxygen Organics USA, Inc.*, No. 1:21-CV-04790-LMM, 2022 WL 17908701, at *3 (N.D. Ga. Oct. 17, 2022) (finding that already-purchased and consumed nutritional supplements that were "adulterated with heavy metals" were "worthless as a matter of federal law"); *D.S. Brandon & Co. v. H.M. Franklin & Co.*, 46 Ga. App. 303, 167 S.E. 612, 613 (1933) ("If the purchaser could have shown that the property delivered was totally worthless as alleged, he would have been entitled to recover [on express warranty claim] the full amount of the purchase price, with interest.") | *D.S. Brandon* **reversed** a verdict based on a full refund. Purchaser brought a claim for breach of express warranty against the seller, alleging that it bought a certain quantity of beans, which were at least 20% inferior to the seller's sample. *D.S. Brandon & Co. v. H.M. Franklin & Co.*, 46 Ga. App. 303, 167 S.E. 612, 613 (1933). Although the purchaser alleged the beans were worthless, the record showed they were of some value. Accordingly, "the verdict for the full purchase price was contrary to law." *Id.* Plaintiffs quote entirely from dicta in which the court speculated that the plaintiff could have been entitled to full recovery if the allegations and the proof had not shown "some value." *Id.* |

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| Mississippi | *Royal Lincoln-Mercury Sales, Inc. v. Wallace*, 415 So. 2d 1024, 1029 (Miss. 1982) (allowing for full recovery of the vehicle purchase price where it was clear it had been driven for years by the plaintiffs and contained value despite alleged defects). | Plaintiffs mischaracterize the court's holding because this is not a benefit-of-the bargain case. 415 So. 2d 1024, but rather a case about revocation of acceptance under a different UCC provision (Miss. 1982), which allowed the purchaser to *revoke acceptance* "within the 12 month and 12,000 mile warranty period." *Id.* Nor did purchaser recover the full purchase price. The court determined that the plaintiff was entitled to a refund of the purchase price "*less the automobile's depreciation.*" *Id.* at 1029 (emphasis added) (in other words, less the value the plaintiff received prior to revoking acceptance). |

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| Montana | *Fire Supply & Serv., Inc. v. Chico Hot Springs*, 196 Mont. 435, 443 (1982) (affirming award granting full amount expended on a defective fire alarm system installed in the plaintiff's resort notwithstanding the fact that the plaintiff had derived substantial use from the system for months). | This case did "not consider the measure of damages because it ha[d] not been challenged on appeal," and is irrelevant for that reason alone. *Fire Supply & Serv., Inc. v. Chico Hot Springs*, 196 Mont. 435, 443, 639 P.2d 1160, 1163 (1982). Plaintiffs' reliance on this case is further misplaced because the fire systems at issue were removed from plaintiffs' hotel, whereas here, the medication was consumed without incident. *Id.* at 1162. (1982). |
| Nebraska | *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 464-65 (8th Cir. 2016) (upholding jury verdict granting full value of tubing as damages despite evidence showing some value conferred on plaintiff). | The case is factually inapposite because the plaintiff presented evidence that **all** the installed tubing would fail and would have to be removed and replaced at plaintiff's expense. *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 465 (8th Cir. 2016). The court's holding was in part based on deference to the jury's role as factfinder. *Id.* at 464-65 |

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| | | ("Firetrace's arguments to the jury may have been compelling, but the jury's verdict is not so against the great weight of the evidence as to rise to the level of a miscarriage of justice or so excessive as to shock the judicial conscience."). |
| Nevada | *Goodrich & Pennington Mortg. Fund, Inc. v. J.R. Woolard, Inc.*, 120 Nev. 777, 782–83, 101 P.3d 792, 796 (2004) ("This court has defined benefit-of-the-bargain damages in the fraud context as "the value of what [the plaintiff] would have received had the representations been true, less what he actually received." This damage measure is akin to damages available in a contract action for breach of warranty. The benefit-of-the-bargain rule is a punitive measure, which "compels [a] party guilty of fraud to make good his or her representations, and under its operation, the parties are placed in the same position as if the contract and representations had been fully performed."). | This was not a warranty case and therefore did not apply a benefit-of-the-bargain measure of damages. *See Goodrich & Pennington Mortg. Fund, Inc. v. J.R. Woolard, Inc.*, 120 Nev. 777, 782-83 (2004) ("We reject [a benefit of the bargain] damage formulation in favor of the out-of-pocket formula for cases of negligent misrepresentation."). |

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| New Hampshire | *BAE Sys. Info. & Elecs. Sys. Integration, Inc. v. SpaceKey Components, Inc.*, No. 10-CV-370-LM, 2013 WL 149656, at *4 (D.N.H. Jan. 11, 2013) (stating approvingly that in cases where "latent defects that were only discovered after the defective product was either integrated into something else or was otherwise put to use in a way that rendered it non-returnable, courts have generally determined that return/refund remedies do not fail their essential purpose" and citing New Hampshire RSA 382-A:2-714(2), which is the benefit-of-the-bargain damages measure). | This is not a case about measure of damages. The issue before the court was whether the exclusive remedy provided under a sales agreement—a *return and refund* remedy—was adequate. The court held it was. *BAE Sys. Info. & Elecs. Sys. Integration, Inc. v. SpaceKey Components, Inc.*, No. 10-CV-370-LM, 2013 WL 149656, at *4 (D.N.H. Jan. 11, 2013). |

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| New York | *Smith v. Nikolayevskiy*, 23 Misc. 3d 1133(A), 889 N.Y.S.2d 507, at *1-2 (Civ. Ct. 2009) (granting damages award for the full purchase price of a defective car where it still contained some residual value and had been used by the plaintiff before reselling it). | This case (from a state trial court) involved a completely non-functional product, and even so, it discounted the refund by the resale price of the product. The plaintiff in this matter sought damages for breach of implied warranties arising out of his purchase of a used car from defendant. The court found "that the car was worthless" and the plaintiff was entitled to the difference between "the contract price of $15,000.00" and $0. *See Smith v. Nikolayevskiy*, 23 Misc. 3d 1133(A), 889 N.Y.S.2d 507, at *1-2 (Civ. Ct. 2009). But Plaintiffs fail to mention that the car "would not start" or that the buyer spent $9,000 for repairs and was then forced to sell at a huge loss. The court's refund of the full purchase price was fashioned to avoid "rewarding defendant for frustrating Plaintiff's attempts to resolve the car's problems." *Id*. In any event, |

9

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| North Carolina | *Sharrard, McGee & Co., P.A. v. Suz's Software, Inc.*, 100 N.C. App. 428, 434, 396 S.E.2d 815, 818 (1990) (Affirming "the trial court award[] [to] plaintiff [of] $7,538.06, the value of the worthless computer system" under express warranty benefit of the bargain despite the fact that computer system was used by the plaintiffs, albeit with results that were not "consistent" and that it erroneously computed certain metrics). | In this case, the seller's express warranty provided for "full *return and refund* privileges for the software and printer should our programming not perform as warranted." *Sharrard, McGee & Co., P.A. v. Suz's Software, Inc.*, 100 N.C. App. 428, 433, 396 S.E.2d 815, 818 (1990) (emphasis added). No defendant made any similar promise here. |

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| Oregon | *Kotthoff v. Portland Seed Co.*, 137 Or. 152, 158, 300 P. 1029, 1031 (Or. 1931) (in express warranty action against seller of mislabeled variety of Rye seed, affirming jury award under benefit of the bargain of the full value of the seed despite the fact that the seller did supply Rye seed, just not the variety the plaintiff expected). | Plaintiffs incorrectly summarize *Kotthoff v. Portland Seed Co.*, 137 Or. 152, 158, 300 P. 1029, 1031 (Or. 1931). There, the court instructed the jury that "the measure of general damages is the *difference, if any,* between *the value of the crop* which Mr. Parrish raised and a *crop of Rosen rye*." *Id.* The Supreme Court approved of the instruction, which is consistent with *Defendants'* position here. The propriety of the jury's damages calculation does not appear to have been challenged on appeal. |
| Rhode Island | No authorities foreclosing zero value damages on similar facts. | N/A |

11

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| South Carolina | *Murray Co. v. Morgan*, 280 F. 499, 503-504 (4th Cir. 1922) ("But both [express warranty counter-claim] defendants, having considerable experience with ginning, after describing the results to the cotton of the use of the gins, testified the gins and feeders were worthless. We cannot say this was incredible, for a gin that does not gin clean, and in other respects fails to produce a standard result, may be not only worthless, but actually a great detriment, to one engaged in the business of ginning for the public."). | This case is over a century old and highly distinguishable. In finding that the cotton gin at issue was "worthless," the court factored in the detriment to plaintiff's business reputation as a result of defendant's defective products. *See Murray Co. v. Morgan*, 280 F. 499, 503-504 (4th Cir. 1922) ("We cannot say this was incredible, for a gin that does not gin clean, and in other respects fails to produce a standard result, may be not only worthless, but actually a great detriment, to one engaged in the business of ginning for the public."). |

12

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| Texas | *Hizar v. Heflin*, 672 S.W.3d 774, 797 (Tex. App. 2023), review denied (Mar. 8, 2024) ("Here, the evidence at trial supports a finding that Roofmasters and Hizar's work provided no value to the Heflins. That evidence included the testimony of the Heflins and photographs showing the shoddy and incomplete work and additional damage caused by that work.") | In this case, plaintiffs did receive more than a full refund, but in the context of a contractor who actively damaged the house. The homeowners spent $4,750 on contractor's services and $3,500 repairing his work. The court noted that "the value of goods and services provided factors into the measure of damages," but upheld an award for more than compensatory damages of $8,250 because the services were "of zero value" and actively caused "additional damage." *See Hizar v. Heflin*, 672 S.W.3d 774, 797 (Tex. App. 2023), review denied (Mar. 8, 2024) ("Here, the evidence . . . included the testimony of the Heflins and photographs showing the shoddy and incomplete work and *additional damage caused by that work*.") (emphasis added). |
| Utah | No authorities foreclosing zero value damages on similar facts. | N/A |

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
|  |  |  |
| Vermont | *Muzzy v. Chevrolet Div., GM Corp.*, 571 A.2d 609, 611 n.1 (Vt. 1989) ("Appellees subsequently amended their petition to seek a refund of the purchase price. Under 9 V.S.A. § 4172(e), the consumer may choose the proper remedy between a replacement vehicle and a refund of the purchase price."). | This case involved a statutory remedy under Vermont's lemon laws, which allowed the buyer to choose between a *replacement* vehicle or a *refund and return*. *See Pecor v. Gen. Motors Corp.*, 150 Vt. 23, 26, 547 A.2d 1364, 1367 (1988) (noting that the remedy under 9 V.S.A. § 4172(e) provides that the manufacturer "shall *accept return of the vehicle* from the consumer and refund to the consumer the full purchase price") (emphasis added). It is irrelevant to ordinary express warranty cases. |

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| Wisconsin | *Ingalls v. Meissner*, 11 Wis. 2d 371, 389, 105 N.W.2d 748, 758 (1960) ("There was, however, testimony from which the jury could find that the aprons were worthless after discovery of their pyroxylin coating. This sustains the finding that [express warranty] damages were equal to the purchase price."). | This case involved aprons that were intentionally coated with flammable material, rendering them unusable. *See Ingalls v. Meissner*, 11 Wis. 2d 371, 389, 105 N.W.2d 748, 758 (1960). In fact, the evidence demonstrated that "there could not have been a more inappropriate choice of material" for the aprons. *Id.* at 380. The case arose after an individual was burned wearing the smock. He sued the company that delivered the smock to his employer and that employer returned the remaining smock. That company, in turn, sued the original seller and recovered approximately $14,000 for settling the original lawsuit as well as $582.60 for the cost of aprons returned to them (which were destroyed). The court affirmed the jury's award of the purchase price of the goods on appeal, reasoning that the jury "*could*" have found the dangerously defective aprons were worthless. *Id.* at 389. |

| EW Subclass "b" States | Plaintiffs' Claim: Zero Value Damages Are Available Under Express Warranty "Benefit of the Bargain" | Defense Response |
|---|---|---|
| Wyoming | *Nutrition Ctr., Inc. v. King Rio, Inc.*, 428 F. Supp. 3d 1245, 1257 (D. Wyo. 2019) ("As the [adulterated drug] goods were accepted, the products were valueless."). | Plaintiffs' reliance on *Nutrition Ctr., Inc. v. King Rio, Inc.* is misplaced because the award there was for the full value of goods that were *returned*. 428 F. Supp. 3d 1245, 1257 (D. Wyo. 2019) ("[Defendant's recall notice] directed Plaintiff to return recalled products to Defendant, which it did."). The court held that "Plaintiff *effectively revoked its acceptance* of the non-conforming goods at issue" and therefore was entitled "to the price that was paid for the goods—which the parties have agreed is $116,909.22." *Id.* |

16