## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | **Case No. 19-md-2875**<br>**MDL No. 2875**<br><br>**Honorable Renée Marie Bumb, Chief District Judge**<br><br>**Special Master Judge Thomas Vanaskie** |
| *This Document Relates to All Losartan and Irbesartan Actions* | |

## MEMORANDUM OF LAW IN SUPPORT OF WHOLESALER DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' OBJECTIONS TO WHOLESALER DEFENDANTS' DEPOSITION EXAMINATION OF FACT WITNESS MICHELLE KELLER

Wholesaler Defendants bring this matter before the Court to resolve what should be a straightforward question: Must Wholesaler Defendants—and the other co-Defendants in this MDL—cross-notice a party's deposition in order to ask questions at that party's deposition? Losartan/irbesartan fact depositions are underway and Plaintiffs have objected to any Wholesaler Defendant asking any questions at any fact deposition noticed by Plaintiffs, unless that Defendant serves a cross-notice. Plaintiffs' position has no support under applicable law and is contrary to well recognized procedure for conducting depositions in federal court cases. Wholesalers Defendants respectfully request that the Court strike Plaintiffs' objections.

## I.    BACKGROUND

As part of the current losartan/irbesartan fact discovery, Plaintiffs in all cases in this MDL noticed the deposition of Michelle Keller on August 19, 2024 under Fed. R. Civ. P. 30, unspecified Local Rules of Civil Procedure, and Case Management Order No. 20 ("CMO 20"). (Dkt. No. 2816.)  Ms. Keller was noticed for deposition in both her capacity as a corporate representative of Defendant Teva Pharmaceuticals USA, Inc. ("Teva"), under Fed. R. Civ. P. 30(b)(6), and in her individual capacity.  (*Id.*)  The noticed Topics for Ms. Keller's corporate representative deposition included Topics about: (1) oral and written communications with Wholesaler Defendants and others regarding losartan API and finished dose products (Topics 34-37); (2) tracing of batches and lots of losartan API and finished dose products sold downstream, including to Wholesaler Defendants (Topics 46-47); and (3) data on sales of losartan finished dose products in the United States (Topics 54-55, 57). (*Id.*)

Counsel for Plaintiffs deposed Ms. Keller on August 27, 2024.  Following examination by Plaintiffs' counsel and counsel for Teva, liaison counsel for Wholesaler Defendants began a brief examination of Ms. Keller regarding noticed Topics relevant to Wholesaler Defendants.  (*See* excerpts of Deposition of M. Keller, on August 27, 2024, pp. 176-94, attached as Ex. A to Declaration of Jeffrey Geoppinger, attached as Ex. 1.)  Plaintiffs' counsel immediately objected to any

examination of Ms. Keller by Wholesaler Defendants on the grounds that
Wholesaler Defendants did not issue a cross-notice for the deposition. (*Id*. at p. 176.)
Wholesaler Defendants' examination proceeded subject to that objection, which
Plaintiffs' counsel repeated prior to follow-up questioning by counsel for Wholesaler
Defendants later in the deposition. (*Id*. at p. 189.) No other party, including
Defendant Teva (whose witness was being deposed), objected to the Wholesaler
questions. (*Id*. at p. 176.)

In an effort to avoid unnecessary disputes at the many upcoming depositions,
on September 4, 2024, liaison counsel for Wholesaler Defendants wrote to Plaintiffs'
counsel asking Plaintiffs to withdraw their objections to Wholesaler Defendants'
questions at the Keller deposition or to provide legal support for their objections.
(*See* email correspondence dated Sept. 4 to Sept. 22, 2024, attached as Ex. B to
Declaration of Jeffrey Geoppinger, attached as Ex. 1.) Despite multiple efforts to
resolve this dispute, including providing Plaintiffs with legal authority
demonstrating the lack of merit to their objection, Plaintiffs have been unwilling to
withdraw their objection, provide any legal support for their objection, or provide
assurances that they will not continue to makes such objection at the imminent
depositions. (*Id.*) Unfortunately, given the timing of upcoming depositions (the
next of which is September 25, 2024), Wholesalers cannot wait any longer and must
seek Court intervention now.

## II.     LAW AND ARGUMENT

### A.     There Is No Legal Authority That Supports Plaintiffs' Objection To Wholesaler Defendants' Right To Question Witnesses Based On A Purported Failure To Cross-Notice Depositions

No provision in the Federal Rules of Civil Procedure, the Local Rules of the District of New Jersey, or CMO 20 (Dkt. No. 632.) (which governs the taking of fact witness depositions in this MDL) requires a Defendant in this MDL to cross-notice the deposition of a witness presented by a co-Defendant in response to a notice issued by Plaintiffs in order to examine the witness. Moreover, district courts, when presented with this same baseless objection, have held that in multi-party suits, one party may notice a deposition and other parties may attend the deposition and cross-examine the deponent without also having to notice the deposition. *See FCC v. Mizuho Medy Co., Ltd.*, 257 F.R.D. 679, 682 (S.D. Cal. 2009); *Loop AI Labs Inc. v. Gatti*, 2015 WL 5522166, at *4 (N.D. Cal. Sept. 18, 2015); *Longino v. City of Cincinnati*, 2013 WL 831738, at *5 (S.D. Ohio Mar. 6, 2013) (Rule 30(c)(1) "means that counsel for both parties of a civil action are permitted to question witnesses during depositions, regardless of which party noticed the deposition."); *Spray Products, Inc. v. Strouse, Inc.*, 31 F.R.D. 211, 212 (E.D. Penn. 1962) (stating that another party may examine a deponent on issues not addressed in the direct examination without serving a notice of deposition.). Plaintiffs' claim that a cross-notice is required for Wholesaler Defendants to question a witness noticed by

Plaintiffs, or any other party, has no legal support under applicable law and is contrary to well recognized procedure for conducting depositions in federal court cases.

Further, the express terms of CMO 20 demonstrate that Plaintiffs' objection is meritless.  The only two references to a "cross-notice" of deposition in CMO 20 both make clear that issuance of cross-notices for depositions are *not* necessary in this MDL.  Section B.3 states that all depositions subject to CMO 20 are "automatically cross-noticed in every underlying case within MDL No. 2875," and section E.1 provides that "[c]ross notices between this MDL and the NJ [state court] cases will not be necessary."  (Dkt. No. 632.)  There is no provision in CMO 20 that mandates a cross-notice for any deposition in this MDL.  Moreover, section E.1 explains that cross-notices in New Jersey state court cases are not required because "[t]he parties and the court desire to minimize the expense and inconvenience of this litigation . . ." (*Id.*)  Plaintiffs' claim that a party Defendant must cross-notice a deposition already noticed by Plaintiffs in order to examine the witness at the deposition is the opposite of "minimiz[ing] the expense and inconvenience of litigation."  Plaintiffs' objection is contrary to both the letter and spirit of CMO 20, and should be struck for that reason as well.

At bottom, Plaintiffs' claim that a co-Defendant cannot examine a witness at deposition because that Defendant did not issue a cross-notice for an already

properly noticed deposition is groundless. No rule of procedure requires such a needless cross-notice. Nor does CMO 20. In fact, Plaintiffs' objection violates CMO 20 section A.8, which prohibits counsel from objecting to deposition questions "unless permitted under applicable law." (*Id.*) Plaintiffs' objection should be struck. Wholesaler Defendants also request that the Court make clear that parties to a case in this MDL in which a deposition has been noticed are not required to issue an unnecessary cross-notice in order to exercise their right to examine the witness appearing for deposition.

### B. Plaintiffs' Objections Based On The Alleged Scope Of Wholesaler Defendants' Examination Of Ms. Keller Also Are Invalid And Unsupported By Any Legal Authority

On September 17, 2024, three weeks after the deposition of Ms. Keller, Plaintiffs' counsel notified Wholesaler Defendants counsel that Plaintiffs now also object to Wholesaler Defendants' examination of Ms. Keller on the grounds that Wholesaler Defendants: (1) asked questions beyond the scope of the notice of deposition for Ms. Keller and (2) asked questions beyond the scope of Plaintiffs' examination. (*See* Ex. B.) Those objections have no merit and are not supported by any legal authority, just like Plaintiffs' objection about cross-noticing the deposition. Nevertheless, the Court need not rule on these objections now because CMO 20 section H.2.c reserves all objections to deposition questions (other than objections to the form of the question or the existence of a privilege) until trial or other use of

6

the deposition. However, if the Court prefers to rule on those objections now rather than later, both objections should both be overruled.

First, Wholesaler Defendants' examination of Ms. Keller did not exceed the scope of the notice for her deposition. Plaintiffs noticed Ms. Keller's deposition under Fed. Rule Civ. P. 30(b)(6) on many topics, including:

> 34. Your oral and written communications with its API Customers or other downstream entities (i.e. wholesalers, retailers, consumers, TPP's) regarding quality, purity, or contamination issues related to the Your API.
>
> 35. Your oral and written communications with its finished dose customers or other downstream entities (i.e., wholesalers, retailers, consumers, TPP's) regarding quality, purity, or contamination issues related to the Your Finished Dose.
>
> 36. Your oral and written statements (defined to include representations and warranties) to finished dose manufacturers, repackagers, relabelers, wholesalers, retailers, and consumers with regard to the contents, quality, and purity of Your API.
>
> 46. Tracing of batches and lots of Your API sold downstream and ultimately intended for use by consumers in the United States.
>
> 47. Tracing of batches and lots of Your finished dose sold downstream and ultimately intended for use by consumers in the United States.
>
> 54. The quantity/units including pill counts of Your finished dose sold in the United States.
>
> 57. Your finished dose sales and pricing data produced by you in this litigation (sample documents to be provided ahead of deposition during meet and confer process).

(Dkt. No. 2816.)

Plaintiffs cannot dispute that the topics they chose are relevant to Wholesaler Defendants, and the deposition transcript demonstrates that counsel for Wholesaler Defendants questioned Ms. Keller on those topics directly. (*See* Ex. A.) Plaintiffs' counsel's suggestion otherwise is unsupported.

Second, Plaintiffs' notice of deposition for Ms. Keller noticed the deposition in both Ms. Keller's capacity as a Rule 30(b)(6) corporate representative, and in her personal capacity. Thus, even if Wholesaler Defendants' questions were *not* about the topics for which Ms. Keller was designated as a corporate representative (though they were), those questions were then posed to Ms. Keller in her individual capacity, and were neither outside the scope of the notice nor improper.

Finally, with respect to Plaintiffs' objection that Wholesaler Defendants' questions to Ms. Keller exceeded the scope of Plaintiffs' examination, that objection is baseless. Like Plaintiffs' cross-notice objection, there is no authority, including any rule of procedure, CMO 20 provision, or case law that limits a party defendant's deposition examination to the scope of the examination conducted by a noticing Plaintiffs' counsel. It is illogical that a party could limit an opponent's ability to examine a witness at a discovery deposition in that way. Further, Plaintiffs' position is contrary to well-regarded authority on discovery in federal court:

> Although Rule 30(c) states that the "[e]xamination and
> cross-examination of witnesses may proceed as permitted

8

at the trial under the Federal Rules of Evidence," this provision, when considered in light of the Rules of Evidence, has no practical effect upon the scope of cross-examination during a deposition, see 4A J. Moore, J. Lucas, *Moore's Federal Practice* ¶ 30.58 (2nd Ed.1991), and "the examiner may ask about anything relevant to the subject matter of the action, regardless of whether it was raised on direct examination." 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2113, at 420.

Additionally, Plaintiffs' objection on scope also is contrary to CMO 20 section E.3, which states that the scope of a Rule 30(b)(6) deposition is determined by the notice, not Plaintiffs' counsel's examination. (Dkt. No. 632.) Therefore, for each of these reasons as well, all of Plaintiffs' objections to Wholesaler Defendants' examination of Ms. Keller should be struck.

## III.    CONCLUSION

For all of the foregoing reasons, Wholesaler Defendants request that the Court (1) strike Plaintiffs' objection to Wholesaler Defendants' questioning of Ms. Keller on the grounds that her deposition was not cross-noticed by Wholesaler Defendants; and  (2) strike Plaintiffs' objections to the "scope" of Wholesaler Defendants' examination of Ms. Keller.

Dated: September 25, 2024          Respectfully submitted,

By: /s/ *Jeffrey D. Geoppinger*
       Jeffrey D. Geoppinger
       Liaison Counsel for Wholesaler Defendants

UB GREENSFELDER LLP
Jeffrey D. Geoppinger
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Tel: (513) 698-5038
Fax: (513) 698-5039
jgeoppinger@ubglaw.com

*Liaison Counsel for Wholesaler*
*Defendants and Counsel for*
*AmerisourceBergen Corporation*
*(n/k/a Cencora, Inc.)*

CROWELL & MORING
Andrew D. Kaplan
Daniel T. Campbell
Marie S. Dennis
Emily G. Tucker
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Tel: (202) 624-1000
Fax: (202) 628-5116
akaplan@crowell.com
dcampbell@crowell.com
mdennis@crowell.com
etucker@crowell.com

*Counsel for Cardinal Health, Inc.*

NORTON ROSE FULBRIGHT US
LLP
D'Lesli M. Davis
Ellie K. Norris
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Tel: (214) 855-8221
Fax: (214) 855-8200
dlesli.davis@nortonrosefulbright.com
ellie.norris@nortonrosefulbright.com

**Counsel for McKesson Corporation**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2024, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will

send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ *Jeffrey D. Geoppinger*
Jeffrey D. Geoppinger

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | Case No. 19-md-2875 <br> MDL No. 2875 <br><br> Honorable Renée Marie Bumb, Chief District Judge <br><br> Special Master Judge Thomas Vanaskie |
| *This Document Relates to All Losartan and Irbesartan Actions* | |

## DECLARATION OF JEFFREY D. GEOPPINGER IN SUPPORT OF WHOLESALER DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' OBJECTIONS TO WHOLESALER DEFENDANTS' DEPOSITION EXAMINATION OF FACT WITNESS MICHELLE KELLER

I, Jeffrey D. Geoppinger, declare and state as follows:

1.    My name is Jeffrey D. Geoppinger and I am over 18 years old.

2.    I am an attorney at UB Greensfelder LLP, liaison counsel for Wholesaler Defendants and counsel for AmerisourceBergen Corporation (n/k/a Cencora, Inc.), in the above-captioned action.  I have personal knowledge regarding all facts in this declaration and would testify competently thereto if called as a witness.

3.    Attached as Exhibit A is a true and accurate copy of excerpts of the Deposition of M. Keller taken on August 27, 2024.

4.     Attached as Exhibit B is a true and accurate copy of email correspondence between myself and counsel for Plaintiffs dated September 4, 2024 to September 22, 2024.

5.     Pursuant to Local Rule 37.1, I hereby certify that as liaison counsel for Wholesaler Defendants I have conferred with counsel for Plaintiffs in a good faith effort to resolve by agreement the issues raised in Wholesaler Defendants' Motion to Strike Plaintiffs' Objections to Wholesaler Defendants' Deposition Examination of Fact Witness Michelle Keller without intervention of the Court, and the parties have not been able to reach an agreement.  My communications in this regard took place via email from September 4, 2024, to September 22, 2024, and are attached as Exhibit B hereto.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 25th day of September, 2024.

/s/ *Jeffrey D. Geoppinger*
Jeffrey D. Geoppinger

2

# EXHIBIT A

# FILED UNDER SEAL

# EXHIBIT B

**From:** Geoppinger, Jeff
**Sent:** Sunday, September 22, 2024 3:31 PM
**To:** David J. Stanoch <d.stanoch@kanner-law.com>
**Cc:** Taylor Bacques <t.bacques@kanner-law.com>; D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Dennis, Mimi <MDennis@crowell.com>; Campbell, Daniel <DCampbell@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>; Valsartan PEC <valpec@kirtlandpackard.com>
**Subject:** RE: Objection Re Cross-Notice of Deposition

Hello Dave,

We have a motion prepared to file, but we would like to make one more effort to resolve plaintiffs' objection without Court intervention. We believe that this is the type of dispute that will further frustrate the Court and is an unnecessary waste of time and money for all involved.

Given the upcoming deposition on September 25, resolving this quickly is important, particularly since plaintiffs have made clear on the record that they object to Wholesaler Defendants asking any questions at all without having issued a cross-notice. Indeed, plaintiffs objected before they heard even one question from Wholesaler Defendants, so the issue is broader than plaintiffs' latest objections that the questions exceeded the scope of the notice or the scope of plaintiffs' exam. For that reason, unless Plaintiffs' agree to withdraw their objection to Wholesaler Defendants asking questions at a deposition without issuing a cross-notice and agree not to re-raise that objection at upcoming depositions, we will be forced to seek Court intervention.

Let us briefly lay out why we believe Plaintiffs' objection has no merit:

- Under CMO 20 in this MDL, no party may "object to deposition questions unless permitted by applicable law." Plaintiffs' provided no applicable law supporting their objection to Wholesaler Defendants questioning witnesses at noticed depositions without filing a cross-notice and have been unwilling to provide any since the Keller deposition. Thus, under the governing order in this case, short of being able to provide authority for their objection, Plaintiffs' should not be objecting on those grounds.

- While it is not Wholesalers' burden to demonstrate that Plaintiffs' objections are meritless, the law is clear "In a multi-party lawsuit, one party may notice the deposition and other parties may attend and cross-examine the deponent without also having to notice the deposition." *FCC v. Mizuho Med Co.*, 257 F.R.D. 679, 682 (S.D. Cal. 2009).

- Moreover, CMO 20's only reference to cross-noticing depositions are sections B.3 (all depositions are "automatically cross-noticed in every underlying case within MDL No. 2875") and E.1 ("[c]ross notices between this MDL and the NJ [state court] cases will not be necessary.").

- Also of note, Plaintiffs' ADDITIONAL post-deposition objections about the *scope* of the questions Wholesalers asked are also meritless.
  - First, the questions Wholesalers asked were within the topics identified by Plaintiffs in their 30(b)(6) notice.
  - Second, the witness was also designated in her personal capacity.
  - Third, there is no law obligating Wholesalers to limit their questioning to the scope of Plaintiffs' direct. In fact, the law is the contrary: "Although Rule 30(c) states that the "[e]xamination and cross-examination of witnesses may proceed as permitted at the trial under the Federal Rules of Evidence," this provision, when considered in light of the Rules of Evidence, has no practical effect upon the scope of cross-examination during a deposition, see 4A J. Moore, J. Lucas, *Moore's Federal Practice* ¶ 30.58 (2nd Ed.1991), and "the examiner may ask about anything relevant to the subject matter of the action, regardless of whether it was raised on direct examination." 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2113, at 420.

Given the urgency of this issue, please let us know by close of business Monday whether Plaintiffs will agree to withdraw their objection to Wholesalers' questioning of witnesses at depositions without cross-noticing.  If we do not hear back, we will be required to file our motion.  Thanks.

------
Jeffrey D. Geoppinger
Partner
UB Greensfelder LLP
D  513.698.5038
M 513.290.7902

**From:** David J. Stanoch <d.stanoch@kanner-law.com>
**Sent:** Tuesday, September 17, 2024 7:48 AM
**To:** Geoppinger, Jeff <jgeoppinger@ubglaw.com>
**Cc:** Taylor Bacques <t.bacques@kanner-law.com>; D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Dennis, Mimi <MDennis@crowell.com>; Campbell, Daniel <DCampbell@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>; Valsartan PEC <valpec@kirtlandpackard.com>
**Subject:** RE: Objection Re Cross-Notice of Deposition

Jeff,
Notably, you have not provided any authority that Wholesalers, or any defendant, may ask questions beyond the scope of the examination noticed by Plaintiffs.  If Wholesalers can cite any authority that they, as non-noticing parties, may ask questions that clearly exceed the scope of the noticing parties' examination, please do so.  Regards, Dave

David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777(t)
(504) 524-5763(f)
www.kanner-law.com

**From:** Geoppinger, Jeff <jgeoppinger@ubglaw.com>
**Sent:** Monday, September 16, 2024 10:20 PM
**To:** David J. Stanoch <d.stanoch@kanner-law.com>
**Cc:** Taylor Bacques <t.bacques@kanner-law.com>; D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Dennis, Mimi <MDennis@crowell.com>; Campbell, Daniel <DCampbell@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>; Valsartan PEC <valpec@kirtlandpackard.com>
**Subject:** RE: Objection Re Cross-Notice of Deposition

Good evening Dave,

Thank you for the response. Notably, you have provided no authority to support plaintiffs' objection that Wholesalers, or any other defendant, are required to cross-notice the deposition of a co-defendants' witness in order to question the witness at a deposition, including on topics listed in a Rule 30(b)(6) notice of deposition.  Accordingly, defendants intend

Regards,

Jeff

------
Jeffrey D. Geoppinger
Partner
UB Greensfelder LLP
D  513.698.5038
M 513.290.7902

**From:** David J. Stanoch <d.stanoch@kanner-law.com>
**Sent:** Friday, September 13, 2024 6:43 PM
**To:** Geoppinger, Jeff <jgeoppinger@ubglaw.com>
**Cc:** Taylor Bacques <t.bacques@kanner-law.com>; D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Dennis, Mimi <MDennis@crowell.com>; Campbell, Daniel <DCampbell@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>; Valsartan PEC <valpec@kirtlandpackard.com>
**Subject:** RE: Objection Re Cross-Notice of Deposition


Jeff,
Plaintiffs will not withdraw their objections to Wholesales' questions at the Keller deposition. Wholesalers did not cross-notice the deposition, and among other things Wholesalers' questions went beyond the scope of Plaintiffs' questioning.  Regards, Dave


David J. Stanoch
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777(t)
(504) 524-5763(f)
www.kanner-law.com

---

**From:** David J. Stanoch
**Sent:** Friday, September 6, 2024 12:21 PM
**To:** Geoppinger, Jeff <jgeoppinger@ubglaw.com>
**Cc:** Taylor Bacques <t.bacques@kanner-law.com>; D'Lesli M. Davis <dlesli.davis@nortonrosefulbright.com>; Ellie Norris <ellie.norris@nortonrosefulbright.com>; Dennis, Mimi <MDennis@crowell.com>; Campbell, Daniel <DCampbell@crowell.com>; Tucker, Emily <ETucker@crowell.com>; Kaplan, Andrew <AKaplan@crowell.com>
**Subject:** Re: Objection Re Cross-Notice of Deposition


Jeff,
We are in receipt of your email from a couple of days ago. We are considering your position and will respond soon.
Regards, Dave


On Sep 6, 2024, at 10:34 AM, Geoppinger, Jeff <jgeoppinger@ubglaw.com> wrote:


Dave/Taylor:

3

I am following up on my email below. Plaintiffs in losartan/irbesartan cases have recently issued the three attached notices of deposition for Torrent and Teva witnesses. Is it still plaintiffs' position that party defendants in those cases, like Wholesalers, are required to cross-notice these depositions in order to question the witness if counsel deems it necessary? As noted below, I have found no authority for such a requirement, including in CMO No. 20. Please let me know at your first opportunity. If we can't reach an understanding, defendants may need to raise the issue with the Court next week before the depositions scheduled for 9/12. Thanks.

Jeff

**Jeffrey D. Geoppinger**
*Partner*

DIRECT: 513.698.5038
DIRECT FAX: 216.583.7001
FIRM: 513.698.5000
MOBILE: 513.290.7902
jgeoppinger@ubglaw.com  |  bio  |  vCard

**UB Greensfelder LLP**
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202-4029
ubglaw.com

<image001.png>

---

UB GREENSFELDER LLP - CONFIDENTIAL COMMUNICATION

This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, you have received this email in error and any use, dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited. If you have received this email in error, please immediately notify us by reply email to the sender or by telephone at 216.583.7000 or 314.241.9090. Please delete this email and its attachments from your system and do not retain any copies. You will be reimbursed for reasonable costs incurred in notifying us. Opinions, conclusions, and other information in this message that do not relate to the official business of UB Greensfelder LLP are neither given nor endorsed by it.

On Sep 4, 2024, at 8:45 AM, Geoppinger, Jeff <jgeoppinger@ubglaw.com> wrote:

Dave:

I am writing regarding the objection lodged by plaintiffs at the deposition of Teva corporate representative Michelle Keller regarding my examination of Ms. Keller on behalf of Wholesaler defendants. Plaintiffs objected to my exam of Ms. Keller on the grounds that Wholesalers had not issued a cross-notice for the deposition. I have reviewed the Federal Rules of Civil Procedure, the USDC New Jersey Local Rules, and the CMOs issued by the Court in the Valsartan/Losartan/Irbesartan consolidated MDL litigation. I have not located any authority that requires a party defendant in the litigation to issue a cross-notice in order to examine a witness in the case noticed by plaintiffs. If I am missing something and you are aware of such authority, please let us know. Otherwise, let us know if plaintiffs will withdraw their objection to my examination of Ms. Keller on behalf of Wholesalers. If we are unable to agree on whether a

cross-notice is necessary or not in order for counsel for a defendant to conduct an exam, Wholesalers would like to get clarification from the Court on that point.  Thanks.

Jeff

**Jeffrey D. Geoppinger**
*Partner*

DIRECT: 513.698.5038
DIRECT FAX: 216.583.7001
FIRM: 513.698.5000
MOBILE: 513.290.7902
jgeoppinger@ubglaw.com | bio | vCard

**UB Greensfelder LLP**
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202-4029
ubglaw.com

<image003.png>

UB GREENSFELDER LLP - CONFIDENTIAL COMMUNICATION
This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, you have received this email in error and any use, dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited. If you have received this email in error, please immediately notify us by reply email to the sender or by telephone at 216.583.7000 or 314.241.9090. Please delete this email and its attachments from your system and do not retain any copies. You will be reimbursed for reasonable costs incurred in notifying us. Opinions, conclusions, and other information in this message that do not relate to the official business of UB Greensfelder LLP are neither given nor endorsed by it.

<Doc. #2827 Deposition of Paras Sheth.pdf>
<Doc. #2828 Videotaped Oral Deposition of Ganesh Bugde.pdf>
<Doc. #2830 Videotaped Oral Deposition of Teva Witness Mahendra Barot.pdf>

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.