UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Renée Marie Bumb, Chief District Court Judge |

**ZHP DEFENDANTS' SUR-REPLY BRIEF IN OPPOSITION TO PLAINTIFFS' REQUEST TO PRECLUDE THE TRIAL TESTIMONY OF MAGGIE KONG AND JINSHENG LIN**

# **TABLE OF CONTENTS**

**Page**

CONCLUSION ...............................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re Adoption of Child ex rel. M.E.B.*,
    130 A.3d 1262 (N.J. Super. Ct. App. Div. 2016)............................................5

*Cassell v. SkyWest, Inc.*,
    654 F Supp. 3d 1222 (D. Utah 2023) .........................................................5

*Lindsey v. Normet*,
    405 U.S. 56 (1972)......................................................................................4

*McQueeney v. Wilmington Trust Co.*,
    779 F.2d 916 (3d Cir. 1985)........................................................................5

*Newman v. GHS Osteopathic, Inc., Parkview Hospital Division*,
    60 F.3d 153 (3d Cir. 1995)..........................................................................5

Plaintiffs' reply brief essentially urges the Court to enter more sanctions against ZHP, all in a transparent effort to control the presentation of evidence at trial and make it impossible for ZHP to put on a proper defense. ZHP has produced all responsive documents that were identified for both witnesses and never denied Plaintiffs the ability to depose them. Given that Plaintiffs have made Dr. Lin's email the centerpiece of trial, depriving ZHP of the ability to present at trial the author of that email would be nothing less than a deprivation of due process.

Although ZHP has previously submitted briefing addressing the impropriety of Plaintiffs' request, ZHP respectfully submits this brief surreply to address a few points made in Plaintiffs' reply that it has not directly addressed in prior briefing.

*First*, Plaintiffs claimed at a recent hearing that they were not seeking additional sanctions, but their request to exclude two critical witnesses, one of whom is the author of their supposed "smoking gun" evidence, is effectively a disguised motion for sanctions. Indeed, every single case cited in the long string-cite on pages 12-15 of their brief was a sanctions case. (*See* Reply at 12-15 (ECF 2867).) As the Court well knows, there has been extensive briefing on discovery sanctions in this litigation, and the Court issued an order that includes an adverse inference. (*See* ECF 2810.) The Court did not, however, preclude the introduction of any evidence. Nor did Plaintiffs' sanctions briefing ever ask it to do so, despite

a half-dozen briefs spanning the course of nearly three years. (*See* ECF 1838-1, 1921, 2721-1, 2731-1, 2750, 2794-1.) It is wholly improper for Plaintiffs to seek that relief now in the guise of a trial brief.

Plaintiffs argue that allowing the witnesses to testify would somehow constitute an "end run around the [adverse inference] sanctions" imposed. (Reply at 2; *see id.* at 9 ("[T]he rationale and purpose of the Court's Rule 37 sanctions . . . would be undercut . . . .").) This misunderstands the relief granted by the Court. The adverse inferences ordered by the Court were permissive, not mandatory. (*See* ECF 2810 at 2, 3 ("You are permitted, **but not required**, to infer that the evidence would have been unfavorable to ZHP."; "You are permitted, **but not required**, to infer that Mr. Chen's deposition testimony would have been unfavorable to ZHP.") (emphasis added).) Plaintiffs proposed a mandatory adverse inference, but the Special Master rejected it. (*See* ECF 2721-1, at 1, ¶ 6 (proposal that the jury be "required to accept as true . . . that Baohua Chen's deposition testimony and the documents ZHP failed to produce . . . would have provided information that would have been adverse to ZHP").) Needless to say, a permissive adverse inference is very different from an order barring the presentation of evidence, which was never entered by the Court.

*Second*, Plaintiffs suggest that ZHP should have proposed Maggie Kong and Jinsheng Lin as deponents in 2019 if it had wanted to present them at trial. But a

2

defendant is not required to propose a deposition in an MDL of every witness who might someday testify in a theoretical trial. And as Plaintiffs well know, ZHP was not even aware of the Lin email at that time and thus would have had no reason to suggest Dr. Lin as a deponent. As soon as Plaintiffs learned of the email, they could have sought Dr. Lin's deposition. Instead, they made a strategic decision to depose others about the email but not let Dr. Lin explain what he meant. Defendants cannot be restricted in their presentation at trial because of Plaintiffs' strategic choice.

*Third*, Plaintiffs suggest that ZHP should be required to submit a proffer if the two witnesses are allowed to testify but offer zero support for such an outlandish request. There is no Local Rule or practice that requires a defendant to submit a proffer because the opposing party does not like its selection of lay witnesses. Instead, the ordinary way to learn the substance of a potential witness's testimony is to depose him or her. Again, ZHP offered these witnesses for deposition as soon as they were disclosed in February 2024. Plaintiffs decided not to depose them and instead to sit back and gamble that the Court would protect them from the consequences of that decision. That is the improper conduct at issue, not ZHP's decision of whom to bring to trial, which is the fundamental right of any civil defendant.

3

*Fourth*, Plaintiffs' suggestion that Dr. Lin should not be allowed to testify about the meaning of his own email because it would "contradict . . . testimony from a 30(b)(6) witness," Min Li (Reply at 9) is frivolous. Plaintiffs ask the Court to bind the ZHP defendants to statements by someone who did not write the email, while precluding any questioning of the person who did. That is absurd on its face and, in any event, not supported by Mr. Li's testimony. When confronted with the email, Mr. Li did not confirm Plaintiffs' interpretation of it. He simply said "Yeah" after Plaintiffs' counsel read from an English translation—confirming that counsel read correctly, but offering no opinion on the meaning of the email (or even whether it had been correctly translated). (*See* Dep. of Min Li 88:13-89:18, Apr. 20, 2021 (Reply Ex. 6).) And of course, since Mr. Li did not write the email, he could not possibly have known the author's intent. Had Plaintiffs actually wanted to understand the email, they could have deposed Dr. Lin. Again, their failure to do so was a transparent strategic choice to avoid clarification. Plaintiffs were within their rights to make that choice, but cannot now prevent ZHP itself from questioning Dr. Lin.

*Finally and relatedly*, granting Plaintiffs' request would undermine ZHP's right to a fair trial. "Due process requires that there be an opportunity to present every available defense." *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) (citation omitted). While this principle is most frequently applied in the context of criminal

4

trials, "[a] litigant in civil proceedings is entitled to a fair hearing, imbued with the protections of due process," including "a reasonable opportunity to be heard" and the "right to call witnesses." *In re Adoption of Child ex rel. M.E.B.*, 130 A.3d 1262, 1266 (N.J. Super. Ct. App. Div. 2016) (citation omitted). As ZHP explained in its initial opposition, a party is generally entitled "to present its case through the witnesses it chooses." *Cassell v. SkyWest, Inc.*, 654 F Supp. 3d 1222, 1240 (D. Utah 2023). (*See* Opp'n at 3-5 (ECF 2855) (collecting cases).) Third Circuit law is in accord with these principles, recognizing that a district court "abuse[s] its discretion" where the "'exclusion of testimony results in fundamental unfairness in the trial of the case." *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995) (citation omitted); *see also, e.g.*, *McQueeney v. Wilmington Tr. Co.*, 779 F.2d 916, 928, 930-31 (3d Cir. 1985) (exclusion of relevant evidence "is grounds for reversal"). At every turn, Plaintiffs have resisted these fundamental principles at trial and sought to manipulate the presentation of evidence to prevent ZHP from presenting its side of this case to the jury. This has been evident in their sanctions briefs, which sought to make it impossible for ZHP to put on a defense; their insistence on what is essentially a pre-packaged video trial presentation; and now an effort to control and unfairly limit ZHP's defense presentation.

5

It is no exaggeration to say that allowing them to do so would violate ZHP's due process right to a fair trial.

## CONCLUSION

For the foregoing reasons and those set forth in ZHP's prior briefing, the Court should deny Plaintiffs' request to preclude testimony from Dr. Jinsheng Lin and Ms. Maggie Kong.

Dated: October 3, 2024                    Respectfully submitted,

By: */s/ Jessica Davidson*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jessica Davidson (NY Bar No. 6034748)

Allison M. Brown (NJ Bar No. 044992012)
One Manhattan West
New York, New York 10001
Phone: (212) 735-3222
Fax: (917) 777-3222
jessica.davidson@skadden.com
allison.brown@skadden.com

Nina R. Rose (DC Bar No. 975927)
1440 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 371-7000
Fax: (202) 661-0525
nina.rose@skadden.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 3, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ *Jessica Davidson*
Jessica Davidson

7