

11 S. Meridian Street
Indianapolis, IN 46204-3535
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

Kara M. Kapke
Partner
(317) 231-6491
Kara.Kapke@btlaw.com

November 12, 2024

***Via ECF Only***

The Honorable Thomas I. Vanaskie
Special Master for Discovery
Stevens & Lee
1818 Market Street, 18th Floor
Philadelphia, PA 19103

   Re: ***In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation,*** U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875-RBK-JS

Dear Special Master Vanaskie:

  I write as counsel for Walmart, in response to the Court's oral instructions at the October 29, 2024 status conference to let the court know, within two weeks, "where things stand with respect to *Lexecon* . . . on the other five cases that have been selected for what I call the first wave of trials." ECF 2919, Hearing Tr. at 25:15–19.

  Walmart is currently named as a defendant in two of the cases randomly chosen by the Court for the "first wave of trials." *See id.*; *see also* ECF 2912 (Case Management Order 36) (listing cases). Those cases are:

- *Hanna v. Zhejiang Huahai Pharmaceutical Co. Ltd., et al.*, No. 1:20-cv-14570
- *Pizzolato v. Zhejiang Huahai Pharmaceutical Co. Ltd., et al.*, No. 1:20-cv-2820

  Walmart believes it will be efficient for the MDL court's first trials to involve only manufacturers. Walmart is not certain if the Court intended for the parties to respond within two weeks following the entry of a written order or two weeks from the date of the conference. In any event, given the benefits of manufacturer-only trials, Walmart does *not* waive its *Lexecon* rights with respect to the *Hanna* and *Pizzolato* cases.

Special Master Vanaskie
November 12, 2024
Page 2

      This letter relates solely to Walmart's position regarding the *Hanna* and *Pizzolato*[1] cases. If Your Honor intends to issue a written order with additional clarifying information or instructions, Walmart will provide any requested information.

Very truly yours,

*Kara Kapke*

Kara M. Kapke

---

[1] Following the last status conference, I emailed Plaintiffs in an attempt to meet and confer regarding Walmart's dismissal from the *Pizzolato* case, a case pending under Louisiana law. In Motion to Dismiss Order and Opinion No. 5, Judge Kugler granted the Defendants' motion to dismiss all common-law claims as subsumed by the Louisiana Products Liability Act. That dismissal was *with* prejudice and it applied to "all Defendants." *See* ECF 838 at 21-22. In the Second Amended Master Personal Injury Complaint, Plaintiffs asserted claims under the Louisiana PLA, § 9:2800.51, against manufacturers and wholesalers, but not pharmacies. Following Judge Kugler's rulings, the pharmacies argued that the product liability acts of various states "effectively insulate them from product liability claims." *See* ECF 1614 at 40. The Court rejected that argument at the Rule 12 stage for every state in question, *see id.* at 40-43, but did not address it with respect to claims arising under the Louisiana LPA against pharmacies, however, because "Plaintiffs have withdrawn their proposed claims against the Pharmacy Defendants under the Connecticut and Louisiana PLAs." *Id.* at 43, n.27. Plaintiffs simply do not have claims under Louisiana law with respect to the Pharmacy Defendants, and Walmart should be dismissed from the *Pizzolato* case (along with all other cases arising under Louisiana law).

BARNES&THORNBURG LLP