**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
| --- | --- |
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | No. 1:19-md-2875-RMB Hon. Renee Marie Bumb Hon. Thomas J. Vanaskie |

## DEFENDANTS' RESPONSE IN OPPOSITION TO THE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT OF PLAINTIFF BRIAN LOVELAND

# **TABLE OF CONTENTS**

**Page**

I.    Summary of Opposition.....................................................................................1

II.   Loveland Unduly Delayed in Seeking Leave to Amend His Complaint ........2

III.  Loveland's Proposed Amendments Are Futile as the Claims Have Been Dismissed for Failure to State a Claim or Are Barred by the Statute of Limitations ......................................................................................................4

  A.   Many of the Proposed Claims Have Been Dismissed for Failure to State a Claim...........................................................................................................4

  B.   The Statute of Limitations Bars All of Loveland's Remaining Claims ........8

  C.   Loveland's Proposed Claims Do Not Relate Back .......................................12

    1.   The Opposing Defendants Received Insufficient Notice...........................14

    2.   The Opposing Defendants Did Not Know and Had No Reason to Know They Would Be Named in Loveland's Suit But For a Mistake ................15

IV.   Conclusion ...................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Case**                                                                                                      **Page(s)**

*Anderson v. Bondex Intern., Inc.*,
   552 Fed. Appx. 153 (3d Cir. 2014)...............................................................4, 12

*Arthur v. Maersk, Inc.*,
   434 F.3d 196 (3d Cir. 2006) ...........................................................................3

*Austin v. Ford Motor Co.*,
   86 Wis. 2d 628 (Wis. 1979)..........................................................................10

*Benefit Guar. Corp. v. White Consol. Indus.*,
   998 F.2d 1192 (3d Cir. 1993) ........................................................................9

*Betthauser v. Medical Protective Co.*,
   172 Wis. 2d 141 (Wis. 1992)..........................................................................9

*Cowell v. Palmer Twp.*,
   263 F.3d 286 (3d Cir. 2001) ..........................................................................4

*Dakin v. Marciniak*,
   2005 WI App 67 (Wis. Ct. App. 2005)...........................................................12

*Doe v. American Nat'l Red Cross*,
   176 Wis. 2d 610 (Wis. 1993)....................................................................11, 12

*Foman v. Davis*,
   371 U.S. 178 (1962)......................................................................................2

*Forst v. Smithkline Beecham Corp.*,
   602 F. Supp. 2d 960 (E.D. Wis. 2009) .............................................................9

*Fraser v. Nationwide Mut. Ins. Co.*,
   352 F.3d 107 (3d Cir. 2003) ..........................................................................2

*Garvin v. City of Phila.*,
   354 F.3d 215 (3d Cir. 2003) ........................................................................14

*Hansen v. Tex. Roadhouse, Inc.*,
   345 Wis. 2d 669 (Wis. Ct. App. 2012).........................................................6, 7

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ..................................................................4, 6, 7

*In re FleetBoston Fin. Corp. Sec. Litig.*,
   No. 02-4561, 2007 U.S. Dist. LEXIS 87425 (D.N.J. Nov. 28,
   2007) ..........................................................................................................3

*Jackson v. Midland Funding, LLC*,
   754 F. Supp. 2d 711 (D.N.J. 2010) ........................................................9

*Jensen v. Jody*,
   No. 22-cv-14-wmc, 2023 U.S. Dist. LEXIS 29719 (W.D. Wis. Feb.
   22, 2023) ..................................................................................................11

*Karnes v. C. R. Bard, Inc.*,
   No. 18-cv-931, 2019 U.S. Dist. LEXIS 65115 (W.D. Wis. Apr. 16,
   2019) ........................................................................................................10

*Koehler v. Haechler*,
   27 Wis. 2d 275 (Wis. 1965) ..................................................................10

*Leased Optical Depts. v. Opti-Center, Inc.*,
   120 F.R.D. 476 (D.N.J. 1988) ................................................................3

*Ledford v. Baenen*,
   No. 16-CV-665-JPS, 2018 U.S. Dist. LEXIS 59765 (E.D. Wis.
   Apr. 9, 2018) ...........................................................................................11

*Malone v. Corr. Corp. of Am.*,
   553 F.3d 540 (7th Cir. 2009) ..................................................................9

*Miles v. United States*,
   No. 16-787, 2017 U.S. Dist. LEXIS 210343 (D.N.J. Dec. 21, 2017) ...............14

*Nierengarten v. Lutheran Social Services of Wisconsin*,
   219 Wis.2d 686 (Wis. 1998) ..................................................................10

*O'Boyle v. Braverman*,
   337 Fed. Appx. 162 (3d Cir. 2009) ........................................................9

*P.V. ex rel. T.V. v. Camp Jaycee*,
   197 N.J. 132, 136 (N.J. 2008) ................................................................8

*Prime Ins. Syndicate v. United Risk Mgmt. Services, Inc.*,
   2:03-CV-01050, 2006 WL 2085388 (D.N.J. July 25, 2006) ...............................3

*Pryor v. NCAA*,
   288 F.3d 548 (3d Cir. 2002) .............................................................................8, 9

*Ramirez-Rodriguez v. W. New York Bd. of Educ.*,
   2:18-CV-17081, 2022 WL 2158965 (D.N.J. June 15, 2022) ............................3

*Scanlon v. Lawson*,
   Civ. No. 16-4465, 2020 U.S. Dist. LEXIS 7675 (D.N.J. Jan. 16,
   2020), *aff'd*, No. 20-3212, 2022 U.S. App. LEXIS 15498 (3d Cir.
   May 17, 2022), *cert. denied*, 143 S. Ct. 807, 215 L. Ed. 2d 64
   (2023) ......................................................................................................15, 16

*Schwartz v. Nugent*,
   3:17-CV-09133, 2023 WL 1420480 (D.N.J. Jan. 31, 2023) .............................12

*Scott v. Schindler Elevator Corp.*,
   No. 17-2869, 2018 U.S. Dist. LEXIS 2499929 (D.N.J. May 23,
   2018) ................................................................................................................13

*Selzer v. Brunsell Bros., Ltd.*,
   257 Wis. 2d 809 (Wis. 2002) ............................................................................10

*Shaikh v. Dep't of Banking & Ins., Div. of Ins.*,
   3:19-CV-14092, 2024 WL 1929966 (D.N.J. Apr. 30, 2024) ............................16

*Velez v. Fuentes*,
   No. 15-6939, 2017 U.S. Dist. LEXIS 102680 (D.N.J. Jun. 30,
   2017) ....................................................................................................13, 14, 15

*Victoria v. City of Orange Twp.*,
   2:23-CV-03765, 2024 WL 4449479 (D.N.J. Oct. 9, 2024)................................13

*Walters v. Safelite Fulfillment Inc.*,
   No. 21-2054, 2022 U.S. App. LEXIS 29907 (3d Cir. Oct. 27,
   2022) ..................................................................................................................8

*Wenke v. Gehl Co.*,
   2004 WI 103 (Wis. 2004) ...................................................................................9

**Rules and Statutes**

Fed. R. Civ. P. 4(m) ...................................................................................................14

Fed. R. Civ. P. 15(a)(2) ................................................................................................2

Fed. R. Civ. P. 15(c)(1)(C) ...................................................................................14, 15

N.J. Stat. Ann. § 56:8-1 ...............................................................................................5

Wis. Stat. § 893.54 .......................................................................................................9

Wis. Stat. § 893.93(1m)(b) .........................................................................................10

Wis. Stat. §100.18 ........................................................................................................5

Wis. Stat. §100.18(11)(b)(3) .......................................................................................10

COME NOW Camber Pharmaceuticals, Inc.; Hetero Drugs, Ltd.; Hetero Labs, Ltd.; Hetero USA, Inc.; H J Harkins Co., Inc. dba PharmaPac; Vivimed Life Sciences Pvt. Ltd.[1]; Wal-Mart, Inc.; and McKesson Corporation (collectively, the "Opposing Defendants") and file this Response in Opposition to the Motion for Leave to File Amended Complaint of Plaintiff Brian Loveland [ECF 2920] (the "Motion") and would respectfully show the Court as follows:

## I.    Summary of Opposition

More than two years ago, on June 30, 2022, Brian Loveland ("Loveland"), a personal injury Plaintiff and Wisconsin resident, filed his Original Short Form Complaint ("SFC") alleging he took unspecified valsartan-containing drugs ("VCDs") and losartan-containing drugs ("LCDs") that allegedly caused a single personal injury: bladder cancer.  Loveland named Defendants across every level of the supply chain.  On November 8, 2024—more than two years after he filed his Original SFC and four months after the expiration of the applicable statute of limitations—Loveland filed the Motion and sought to add **nine new** Defendants, including the Opposing Defendants, across all levels of the supply chain.

---

[1] Defendant Heritage Pharmaceuticals, Inc. d/b/a Avet Pharmaceuticals ("Heritage") is alleged to have sold LCDs purchased from Defendant Vivimed. First Am. Master LCD PI Cmplt. ¶¶ 48, 50 [ECF 682].  While Heritage has not appeared in this case, the arguments made as to Vivimed apply equally to support denial of the Motion as to Heritage.

Loveland concedes that, pursuant Federal Rule of Civil Procedure 15, he may amend his SFC only with the parties' written consent or the court's leave. *See generally* Motion; Fed. R. Civ. P. 15(a)(2). Rule 15 instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Supreme Court and the Third Circuit have carved out several situations in which leave should ***not*** be given, including two which are relevant here: (1) undue delay by the movant; and (2) futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

The Motion provides no explanation for Loveland's two-year delay, seeks to add claims previously dismissed by court order, and fails to meet Loveland's burden to show that the amendment is appropriate in light of the expiration of the three-year statute of limitations. For these reasons, the Opposing Defendants do not consent to the amendment, and the Court should not grant leave to amend.

## II.    Loveland Unduly Delayed in Seeking Leave to Amend His Complaint

Loveland filed this Motion to add additional parties more than five years after this litigation began, more than two years after he filed his Original SFC, and four months after the statute of limitations expired (as set forth more fully below). Yet, Loveland's Motion offers no argument or evidence excusing or explaining this

undue delay or why he could not have identified Opposing Defendants earlier.[2] *Prime Ins. Syndicate v. United Risk Mgmt. Services, Inc.*, 2:03-CV-01050, 2006 WL 2085388, at \*4 (D.N.J. July 25, 2006) (citing *Leased Optical Depts. v. Opti-Center, Inc.*, 120 F.R.D. 476, 478 (D.N.J. 1988)) ("A motion to amend a pleading at a late stage of the litigation should be denied when the moving party is unable to 'satisfactorily explain' the reasons for the delay."); *Ramirez-Rodriguez v. W. New York Bd. of Educ.*, 2:18-CV-17081, 2022 WL 2158965, at \*4 (D.N.J. June 15, 2022) (finding "undue delay that runs afoul of Rule 15(a)(2)" when the plaintiff waited three years to "add parties who were well known to her when she filed the complaint"). Thus, leave to amend should not be granted due to Loveland's undue delay, and the Motion should be denied.[3]

---

[2] Nor can Loveland utilize the relation back doctrine, discussed in Section III.C. *infra*, to "avoid the equitable considerations of Rule 15(a)" and justify his undue delay, since the Third Circuit "unambiguously indicated that a Rule 15(a) equitable analysis does not involve any 'relation back' considerations." *In re FleetBoston Fin. Corp. Sec. Litig.*, No. 02-4561, 2007 U.S. Dist. LEXIS 87425, \*115 n.40 (D.N.J. Nov. 28, 2007) (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006)).

[3] Any evidence of whether Loveland's delay is or is not "undue" implicates an inherently plaintiff-specific determination. If Loveland can satisfy his burden in this one case, that determination has no bearing on whether any *future* amendments from MDL plaintiffs could satisfy their burden.

III.    **Loveland's Proposed Amendments Are Futile as the Claims Have Been Dismissed for Failure to State a Claim or Are Barred by the Statute of Limitations**

Loveland's Motion should also be denied because the proposed amendment is futile. "'Futility' means that the [proposed amendment] would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). An amendment of a complaint is also futile if that claim would not be able to overcome the statute of limitations. *Anderson v. Bondex Intern., Inc.*, 552 Fed. Appx. 153, 156 (3d Cir. 2014) (Vanaskie, T.) (quoting *Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001)). As detailed below, many of the proposed claims as to Opposing Defendants have been dismissed by the Court for failure to state a claim upon which relief may be granted, and Wisconsin's three-year statute of limitations has expired as to the remaining claims against the Opposing Defendants. Moreover, the remaining claims do not "relate back" to the date of filing of the Original SFC. As a result, the proposed amendment is futile, and the Motion should therefore be denied.

**A.    *Many of the Proposed Claims Have Been Dismissed for Failure to State a Claim***

Loveland's Original SFC asserted eleven causes of action, and he seeks to assert these same claims against the Opposing Defendants: (1) Strict Liability – Manufacturing Defect; (2) Strict Liability – Failure to Warn; (3) Strict Liability – Design Defect; (4) Negligence; (5) Negligence Per Se; (6) Breach of Express

Warranty; (7) Breach of Implied Warranty; (8) Fraud; (9) Negligent Misrepresentation; (10) Breach of Wisconsin's Consumer Protection Statute[4]; and (11) Punitive Damages.

**As to the Opposing Downstream Defendants**, including McKesson and Walmart, the Court has dismissed seven of these eleven causes of action (Negligence; Negligence Per Se; Breach of Express Warranty; Breach of Implied Warranty; Fraud; Negligent Misrepresentation; and Breach of Wisconsin's Consumer Protection Statute) for failure to state a claim upon which relief may be granted.[5]  MTD Opinion & Order 3 [ECF 775, 776]; MTD Opinion & Order 4 [ECF 818, 819].

---

[4] Loveland's Original SFC also asserted a claim for Breach of New Jersey's Consumer Protection Statute but, as set forth below, Loveland alleges no connection to New Jersey or why his claims would allegedly arise under New Jersey laws. Regardless, Loveland's purported consumer protection claim under N.J. Stat. Ann. § 56:8-1—entitled the "Consumer Fraud Act"—was dismissed as to Downstream Defendants because it is a consumer protection act sounding in fraud (MTD Opinion & Order 4 [ECF 818, 819], and as to all Defendants because the New Jersey PLA subsumes it (MTD Opinion & Order 5 [ECF 838, 839]).

[5] Pursuant to the Motion to Dismiss Orders, Loveland's following causes of action were dismissed as to the Downstream Defendants, including newly named Defendants McKesson and Walmart: Negligence; Breach of Express Warranty; Breach of Implied Warranty; Fraud; Negligent Misrepresentation; and Breach of Wisconsin's Consumer Protection Statute. MTD Opinion 3 [ECF 775 at 17]; MTD Opinion 4 [ECF 818].  While the other causes of action were dismissed outright as to Wholesalers and Pharmacies, Loveland's consumer protection claim under Wis. Stat. §100.18—entitled the "Fraudulent Representations Law"—was dismissed because it is a consumer protection act sounding in fraud.  MTD Opinion & Order 4

Loveland's purported punitive damages claim also fails to state a claim upon which relief may be granted, since "punitive damages" is not a standalone claim under Wisconsin law. *See Hansen v. Tex. Roadhouse, Inc*., 345 Wis. 2d 669, 688 (Wis. Ct. App. 2012) ("Punitive damages are a remedy, not a cause of action."); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434.

Thus, of Loveland's eleven proposed causes of action, only three could even arguably be asserted against proposed new Downstream Defendants, McKesson or Walmart: (1) Strict Liability – Manufacturing Defect; (2) Strict Liability – Failure to Warn; and (3) Strict Liability – Design Defect.  MTD Opinion & Order 3 [ECF 775, 776]; MTD Opinion & Order 4 [ECF 818, 819].  Amendment beyond these three claims as to Downstream Defendants would be futile, as those claims would have to be dismissed pursuant to law of the case and Wisconsin law.[6]

---

[ECF 818, 819].  Additionally, Plaintiffs may not assert any negligence per se claims against Downstream Defendants, as Special Master Vanaskie prohibited Plaintiffs from asserting *any* negligence claims against Wholesalers and Pharmacies (*see* ECF 1615 at ¶ 9), which necessarily bars any claims under a negligence per se theory.

[6] Because the products at issue are generic drugs whereby the failure to warn and design defect claims are pre-empted by *Mensing/Barlett*, Opposing Defendants are entitled to summary judgment thereon, making those claims futile as well.

**As to the Opposing Manufacturer Defendants,** including proposed new Defendants Camber Pharmaceuticals, Inc.[7]; Hetero Drugs, Ltd.; Hetero Labs, Ltd.; Hetero USA, Inc.; H J Harkins Co., Inc. dba PharmaPac; and Vivimed Life Sciences Pvt. Ltd., the Court has dismissed the Breach of Implied Warranty claims under Wisconsin law for failure to state a claim upon which relied may be granted. MTD Opinion & Order 3 [ECF 775, 776].[8] Loveland's purported punitive damages claim also fails to state a claim upon which relief may be granted, since "punitive damages" is not a standalone claim under Wisconsin law. *See Hansen*, 345 Wis. 2d at 688; *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434.

Thus, only nine of Loveland's claims could arguably be asserted against Manufacturer Defendants: (1) Strict Liability – Manufacturing Defect; (2) Strict Liability – Failure to Warn; (3) Strict Liability – Design Defect; (4) Negligence; (5) Negligence Per Se; (6) Breach of Express Warranty; (7) Fraud; (8) Negligent Misrepresentation; and (9) Breach of Wisconsin's Consumer Protection Statute. Amendment beyond these nine claims as to Manufacturer Defendants would be

---

[7] Camber Pharmaceuticals, Inc. is listed as a Distributor in the Manufacturer's Motion to Dismiss papers. As a Distributor, Camber has available to it the failure to state a claim arguments made by both Manufacturers and Downstream Defendants.

[8] Manufacturing Defendant Vivimed is named only as to LCDs. While LCDs were not expressly covered by the Court's MTD Orders, the Court entered into a Stipulation on Motion to Dismiss and Order [ECF 2803] extending these rulings to the First Am. Master LCD PI Cmplt.

futile, as those claims would have to be dismissed pursuant to law of the case and Wisconsin law.[9]

### B.    The Statute of Limitations Bars All of Loveland's Remaining Claims

Federal courts sitting in diversity apply the choice-of-law rules of the forum state. *Walters v. Safelite Fulfillment Inc*, No. 21-2054, 2022 U.S. App. LEXIS 29907, at *6 (3d Cir. Oct. 27, 2022). Under New Jersey law, the location of the injury creates a presumption that the substantive law of that state will govern. *Id.* at *8; *P.V. ex rel. T.V. v. Camp Jaycee*, 197 N.J. 132, 136 (N.J. 2008). Loveland resided in, received his allegedly cancer-causing VCD and LCD prescriptions in, and developed, was diagnosed with, and treated for bladder cancer in Wisconsin. *See* Original SFC; Centrality Doc ID 33685 at 2, 216; Centrality Doc ID 33686 at 44-46.[10] Therefore, Wisconsin's substantive law applies to Loveland's claims.

---

[9] Because the products at issue are generic drugs whereby the failure to warn and design defect claims are pre-empted by *Mensing/Barlett*, Opposing Defendants are entitled to summary judgment thereon, making those claims futile as well.

[10] The Opposing Defendants request that the Court consider for purposes of the Motion and Opposition two records, a pharmacy prescription record and a cancer surgery record (Centrality Doc IDs 33685 at 2, 216 and 33686 at 44-46) produced by Loveland in the MDL Centrality document system (the "Records"). The Records are documents that are and/or relate to events referred to in Loveland's SFCs, and they are central to his claims and the determination of applicable law. Amended SFC §§ II.1, IV [ECF 2920-1]. As such, they may be considered by the Court without converting the Opposition to a motion for summary judgment. *Pryor v. NCAA*, 288 F.3d 548, 560 (3d Cir. 2002); *Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Opposing Defendants request that the Court consider the

Under both Wisconsin and New Jersey law, the statute of limitations is a matter of substantive law. *O'Boyle v. Braverman*, 337 Fed. Appx. 162, 166 (3d Cir. 2009); *Jackson v. Midland Funding, LLC*, 754 F. Supp. 2d 711, 715 (D.N.J. 2010); *Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 543 (7th Cir. 2009); *Wenke v. Gehl Co.*, 2004 WI 103, P55 (Wis. 2004); *Betthauser v. Medical Protective Co.*, 172 Wis. 2d 141, 149 (Wis. 1992). Therefore, Wisconsin's statute of limitations applies to Loveland's claims.

Wisconsin applies a three-year statute of limitations to claims involving personal injuries, which includes all claims sounding in strict liability, negligence, negligent misrepresentation, and warranty claims. Wis. Stat. § 893.54; *Forst v. Smithkline Beecham Corp.*, 602 F. Supp. 2d 960, 964 (E.D. Wis. 2009) ("Under Wisconsin statute § 893.54(1), a three-year statute of limitations applies to plaintiffs' claims for negligence, negligent 'pharmaco-vigilance,' strict liability, express warranty, implied warranty, negligent infliction of emotional distress, and loss of consortium."); *accord Austin v. Ford Motor Co.*, 86 Wis. 2d 628, 644 (Wis. 1979)

---

Records and not convert the Opposition to a motion for summary. If consideration without conversion is unavailable, the Opposing Defendants withdraw the references to the Records and request the Court rule without consideration of the Records. Additionally, Opposing Defendants have not attached the Records hereto, since they contain personal identifiable information and medical information. Instead, Opposing Defendants cite to the Records in MDL Centrality, to which Opposing Defendants understand the Court has access. Should the Court deem it preferable, Opposing Defendants stand prepared to submit the Records to the Court *in camera* and/or under a Motion to Seal.

("[I]n view of this court's development of the jurisprudence of products liability, it is inappropriate to bring an action for breach of warranty where a tort remedy is sought."); *Karnes v. C. R. Bard, Inc.*, No. 18-cv-931, 2019 U.S. Dist. LEXIS 65115, *20 (W.D. Wis. Apr. 16, 2019) (quoting same to hold that, when a Plaintiff has pleaded a strict product liability claim, Plaintiff's warranty claims must be dismissed); *Nierengarten v. Lutheran Social Services of Wisconsin*, 219 Wis.2d 686, 695 (Wis. 1998) (applying Wis. Stat. § 893.54 to negligent misrepresentation claim resulting in personal injury). This statute of limitations therefore applies to *all* of Loveland's potential claims against Downstream Defendants, McKesson and Walmart. Additionally, all of the additional claims against the Manufacturer Defendants are also subject to a three-year statute of limitations.[11]

---

[11] In addition to the claims for strict liability, breach of express warranty, negligence, and negligent misrepresentation covered as personal injury claims, Loveland's fraud and breach of Wisconsin's consumer protection statute claims are also barred by the applicable three-year statute of limitations. Since April 5, 2018, Wisconsin has applied a three-year statute of limitations to claims involving fraud. Wis. Stat. § 893.93(1m)(b). A fraud cause of action is deemed to have accrued as of the discovery of the facts constituting the fraud. The focus is on the availability of the "essential facts as will, if diligently investigated, disclose the fraud." *Koehler v. Haechler*, 27 Wis. 2d 275, 278 (Wis. 1965). A three-year statute of limitations also applies to claims under the Wisconsin Consumer Protection Statute. Wis. Stat. §100.18(11)(b)(3). Under this statute, "a cause of action must be commenced within three years after the defendant's action which allegedly led to the injury, regardless of whether the plaintiff has discovered the injury or wrongdoing." *Selzer v. Brunsell Bros., Ltd.*, 257 Wis. 2d 809, 815 (Wis. 2002) (citation omitted).

10

Wisconsin's personal injury statute of limitations begins to run from the plaintiff's discovery of the injury or from when, in the exercise of due diligence, he should have discovered the injury. *Jensen v. Jody*, No. 22-cv-14-wmc, 2023 U.S. Dist. LEXIS 29719, at *4 (W.D. Wis. Feb. 22, 2023); *Ledford v. Baenen*, No. 16-CV-665-JPS, 2018 U.S. Dist. LEXIS 59765, at *8 (E.D. Wis. Apr. 9, 2018); *Doe v. American Nat'l Red Cross*, 176 Wis. 2d 610, 615 n.4 (Wis. 1993).

Loveland's pharmacy records show that he received his first VCD prescription in June 2016 and his first LCD prescription in July 2019. *See* Centrality Doc ID 33685 at 2, 216. The VCD recalls began in July 2018, and the LCD recalls began in November 2018. Second Am. Master VCD PI Cmplt. ¶ 152 [ECF 1707]; First Am. Master LCD PI Cmplt. ¶ 196 [ECF 682]. Loveland's medical records show that his bladder cancer was detected by July 13, 2021. *See* Centrality Doc ID 33686 at p. 44-46. Therefore, Loveland's date of injury was, at latest, July 13, 2021.[12]

Even looking at the facts in the light most favorable to Loveland—that his claims did not accrue until July 13, 2021—***the three-year statute of limitations on***

---

[12] Equally, this was the latest date that Opposing Manufacturer Defendants could have taken any action that allegedly led to the injury under the Wisconsin Consumer Protection Statute. Since Loveland did not purchase LCDs prior to April 5, 2018, the operative statute of limitations for any fraud claims against the Opposing Manufacturer Defendants is three years. By the time of his injury, Loveland would have had ample notice of the essential facts underpinning any claims related to that injury.

***Loveland's claims against the Opposing Defendants expired at the latest on July 13, 2024***.  Thus, by November 8, 2024 when Loveland filed his Motion, the statute of limitations on those proposed claims had expired.  Therefore, his Motion should be denied, because it would be futile to permit Loveland to amend to bring time-barred claims.  *See Anderson*, 552 Fed. Appx. at 156.

Nor can Loveland claim no notice of these issues: the Sartan MDL itself has been in existence longer than the Wisconsin three-year statute of limitations.  The purpose of the limitations period is to provide time in which to investigate and bring claims, and the statute of limitations begins when the plaintiffs should have known of the existence of an injury.  *See Dakin v. Marciniak*, 2005 WI App 67, P11 (Wis. Ct. App. 2005); *Doe*, 176 Wis. 2d at 615 n.4.  Here, the statute of limitations on the proposed amended claims has run actually and equitably.

### C.    *Loveland's Proposed Claims Do Not Relate Back*

"It is well established that where a party seeks to make an amendment after the statute of limitations has passed, that party holds the burden to establish that the amendment is appropriate under Rule 15(c)."  *Schwartz v. Nugent*, 3:17-CV-09133, 2023 WL 1420480, at *5 (D.N.J. Jan. 31, 2023).  Loveland has failed to plead or even invoke the relation back doctrine under Rule 15(c)(1)(C) through his Amended SFC or his Motion, and his Motion fails for this reason alone. *See e.g.*, *id.* at *7 (denying leave to amend because movant failed to offer any evidence to show that

the newly added Defendants received timely notice of the action under Rule 4(m));

*Velez v. Fuentes*, No. 15-6939, 2017 U.S. Dist. LEXIS 102680, at *11-12 (D.N.J.

Jun. 30, 2017) (holding Plaintiff's claim did not relate back because Plaintiff

"insufficiently pleaded that Defendant received notice of the action under Rule

15(c)(1)(C)(i)"); *Victoria v. City of Orange Twp.*, 2:23-CV-03765, 2024 WL

4449479, at *5 (D.N.J. Oct. 9, 2024) (amendment did not relate back because

Plaintiff "fail[ed] to set forth any facts or details whatsoever" showing the proposed

Defendant received timely notice); *Scott v. Schindler Elevator Corp.*, No. 17-2869,

2018 U.S. Dist. LEXIS 2499929, at *16 (D.N.J. May 23, 2018) (denying leave to

amend because Plaintiff failed to establish that proposed Defendants knew or should

have known that the action would have been brought against them but for a mistake

concerning their identity).

Nor could Loveland demonstrate relation back. When an amendment

"changes the party or the naming of the party against whom a claim is asserted,"

Rule 15(c)(1)(C)'s relation-back requirements apply, and Plaintiff must show:

> (1)  the claim . . . set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading;
>
> (2)  within the time period provided in Federal Rule of Civil Procedure 4(m), the party . . . to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and
>
> (3)  within the time period provided in Rule 4(m), the party sought to be added knew or should have known that, but for a mistake

> concerning his . . . identity, he . . . would have been made a party
> to the action.

*Velez*, 2017 U.S. Dist. LEXIS 102680, at \*7-8 (cleaned up) (quoting *Garvin v. City of Phila.*, 354 F.3d 215, 222 (3d Cir. 2003); citing Fed. R. Civ. P. 15(c)(1)(C); Fed. R. Civ. P. 4(m)); *accord Miles v. United States*, No. 16-787, 2017 U.S. Dist. LEXIS 210343, at \*5-6 (D.N.J. Dec. 21, 2017) (Bumb, M.) (noting that, to decide whether the amended complaint relates back, the proposed new Defendants must have received notice of Plaintiff's suit within 90 days of Plaintiff's filing of his original complaint (*i.e.*, the period prescribed by Rule 4(m))).    These elements are ***requirements*** that a Plaintiff must meet to obtain relation back.

### 1.    The Opposing Defendants Received Insufficient Notice

As recognized by Courts in this District, Rule 15(c)(1)(C) does not apply unless the proposed new Defendant received notice of the Plaintiff's suit within 90 days of the filing of Plaintiff's original complaint.  Fed. R. Civ. P. 15(c)(1)(C); Fed. R. Civ. P. 4(m); *Velez*, 2017 U.S. Dist. LEXIS 102680, at \*7-8; *Miles*, 2017 U.S. Dist. LEXIS 210343, at \*5-6.

It is undisputed that the Opposing Defendants were not named as Defendants in or served with Loveland's Original SFC within 90 days of its June 30, 2022 filing. It is undisputed that the Opposing Defendants were not notified of the institution of any Loveland claims against them until 2024.  Thus, Loveland has not and cannot demonstrate that the Opposing Defendants received notice of his Original SFC

within the Rule 4(m) time period—*i.e.*, within 90 days of Loveland's June 30, 2022 filing of his Original SFC.

> 2.  <u>The Opposing Defendants Did Not Know and Had No Reason to Know They Would Be Named in Loveland's Suit But For a Mistake</u>

To invoke Rule 15(c)(1)(C)'s relation back doctrine, Loveland must also demonstrate that, within that 90-day period in 2022, the Opposing Defendants knew or should have known that, but for a mistake concerning their identities, they would have been made parties to Loveland's action. *See Velez*, 2017 U.S. Dist. LEXIS 102680, at *8; Fed. R. Civ. P. 15(c)(1)(C). Loveland cannot demonstrate that—at any point within the statute of limitations, let alone back in 2022—any Opposing Defendant knew or should have known it would be a party to Loveland's action.

Nor can Loveland demonstrate that Opposing Defendants would have been made parties to his action but for a mistake. For example, this Court has previously held that Rule 15(c)(1)(C)'s requirements were not met when Plaintiff did not add the new Defendant "based on a mistake concerning her identity" but instead because "Plaintiff learned of [the new Defendant's] involvement after the statute of limitations expired, having earlier identified only John Doe[s]" as potential additional Defendants. *Scanlon v. Lawson*, Civ. No. 16-4465, 2020 U.S. Dist. LEXIS 7675, at *15-16 (D.N.J. Jan. 16, 2020) (Bumb, M.), *aff'd*, No. 20-3212, 2022

U.S. App. LEXIS 15498 (3d Cir. May 17, 2022), *cert. denied*, 143 S. Ct. 807, 215 L. Ed. 2d 64 (2023).  That is the situation here, so Rule 15(c)(1)(C) does not apply.

Further, it is "well-settled" that Rule 15(c)(1)(C)'s requirements are not met if the Plaintiff is aware of several of the newly named parties when he filed his original complaint.  *Shaikh v. Dep't of Banking & Ins., Div. of Ins.*, 3:19-CV-14092, 2024 WL 1929966, at *7 (D.N.J. Apr. 30, 2024).  McKesson first appeared in the Sartan MDL in October 2019, *see e.g.,* ECF 263-64, 281; Walmart first appeared in April 2019.  The section of the form SFC that lists potential Defendants included the Hetero Defendants, Camber, HJ Harkins, McKesson, and Walmart as options.  *See* Loveland Original SFC.  Therefore, there can be no debate that Loveland was, at a minimum, aware of these Opposing Defendants when he filed his Original SFC. Thus, Loveland cannot meet Rule 15(c)(1)(C)'s requirements.  *See Shaikh*, 2024 WL 1929966, at *7.

Given Loveland's failure and inability to fulfill each of Rule 15(c)(1)(C)'s requirements, his proposed amendment to add the Opposing Defendants as Defendants does not relate back to the date of his Original SFC.  Therefore, the statute of limitations has expired on Loveland's claims against the Opposing Defendants, and Loveland's amendment is futile.

IV.    **Conclusion**

Due to Loveland's undue delay and the futility of his proposed amendment in light of the expiration of the statute of limitations and the futility inherent in allowing Loveland to now bring claims which have been previously dismissed for failure to state a claim upon which relief may be granted, the Court should deny Loveland's Motion for Leave to Amend entirely.    Alternatively, the Court should grant Loveland's Motion *only* as to those claims that have not previously been dismissed: for the Downstream Defendants, strict liability claims under Wisconsin law; and for the Manufacturing Defendants, strict liability claims under Wisconsin law, negligence, negligence per se, negligent misrepresentation, breach of express warranty, fraud, and breach of Wisconsin's consumer protection statute. Opposing Defendants seek all other relief to which they may be justly entitled at law or in equity.


Dated:  November 18, 2024

        Respectfully submitted,

                                NORTON ROSE FULBRIGHT US LLP

                                */s/ D'Lesli Davis*
                                D'Lesli Davis
                                Ellie Norris
                                NORTON ROSE FULBRIGHT US LLP
                                2200 Ross Avenue, Suite 3600
                                Dallas, Texas 75201-7932
                                Tel.: (214) 855-8000

dlesli.davis@nortonrosefulbright.com
ellie.norris@nortonrosefulbright.com

*Counsel for McKesson Corporation*

Kara Kapke
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel.: (317) 23106491
kara.kapke@btlaw.com

*Counsel for Wal-Mart, Inc.*

William Murtha
HILL WALLACK
21 Roszel Road
Princeton, NJ 08543
Tel.: (609) 452-1888
wmurtha@hillwallack.com

*Counsel for Hetero Drugs, Ltd.; and Hetero Labs, Ltd.;*

Robert E. Blanton, Jr., Esq.
HARDIN, KUNDLA, MCKEON & POLETTO, P.A.
673 Morris Ave
Springfield, NJ 07081
(T) (973) 912-5222
rblanton@hkmpp.com

*Counsel for Hetero USA, Inc.*

Andrew F. Albero, Esq.
550 E. Swedesford Road, Suite 270
Wayne, Pennsylvania 19087
Tel: (215) 977-4058
Fax: (215) 977-4101
andrew.albero@lewisbrisbois.com

18

*Counsel for Camber Pharmaceuticals, Inc.*

Douglas M. Tween
John W. Eichlin
1290 Avenue of the Americas
New York, NY 10104
Tel.: (212) 903-9072
douglas.tween@linklaters.com
john.eichlin@linklaters.com

*Counsel for Vivimed Life Sciences Pvt. Ltd.*

Geoffrey M. Coan
HINSHAW & CULBERTSON, LLP
53 State Street, 27th Floor
Boston, MA  02109
617-213-7000; 617-213-7001 fax
gcoan@hinshawlaw.com

*Counsel for H.J. Harkins d/b/a Pharma Pac*