**NGRV NIGH GOLDENBERG RASO & VAUGHN**

November 19, 2024

**VIA ECF**
Honorable Thomas I. Vanaskie
Special Master
Stevens & Lee
1500 Market Street, East Tower, Suite 1800
Philadelphia, Pennsylvania 19103-7360

      Re:   *In re Valsartan, Losartan, and Irbesartan Liability Litigation*,
              Case No. 1:19-md-02875-RBK (D.N.J.)

Dear Judge Vanaskie:

Please accept this letter on behalf of the Plaintiffs with regard to the one disputed issue on the pre-trial schedule for the Gaston-Roberts trial, and other personal injury cases to be worked up for trial.

In accordance with customary practice - and the only fair, reasonable, and efficient manner to proceed - Defendants should submit their expert reports before Plaintiff's experts are deposed, and Plaintiffs' experts should only be deposed one time. As set forth herein, this is how the parties have proceeded in the prior rounds of expert discovery in this litigation, including for the general causation experts. This manner of proceeding ensures that the Plaintiffs' experts will be provided the defense experts' opinions and theories before being deposed, which will allow the Plaintiff experts to properly prepare to be deposed, and to be questioned on and comment on the defense expert opinions during the depositions of the Plaintiffs' experts. This will also allow the Defendants to fully depose the Plaintiffs' experts in one deposition.

The alternative requested by the Defendants would create easily avoided inefficiencies and unfairness, setting up a scenario of deposition by ambush. First, if the Plaintiff experts are deposed

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW
Third Floor
Washington, D.C. 20016

T  - (202) 792-7927
F  - (202) 792-7927
W  - www.nighgoldenberg.com
E  - intake@nighgoldenberg.com

Washington D.C.
Minnesota
Kansas
Florida

Hon. Thomas I. Vanaskie, Special Master
November 19, 2024
Page 2

before seeing the reports of the defense experts, and are then provided the defense reports, the Plaintiff experts will not know what the defense's position is and thus will be unable to thoroughly or fairly prepare to be deposed. Moreover, they will not be able to testify to what they agree or disagree with, and why. This would be both unfair and inefficient. Second, Defendants will not have the opportunity to depose the Plaintiff experts on their views of the defense reports, since the Plaintiff experts will already have been deposed and cannot reasonably be required to be deposed a second time. This is why the customary practice is the alternating exchange of expert reports, followed by the depositions of the experts. In fact, in November of 2022, current/then new counsel for ZHP requested that Plaintiffs produce their experts for depositions before production of the Defendants' expert reports, Plaintiffs refused based on the schedules set in this litigation to that point, and ZHP's counsel did not raise that position again.

Accordingly, the expert discovery has been conducted in this litigation in line with Plaintiffs' proposal:

| Valsartan Case Management Order | Deadline for Plaintiffs' Expert Reports | Deadline for Defendants' Expert Reports | Deadline to Depose Plaintiffs' Experts | Deadline to Depose Defendants' Experts |
|---|---|---|---|---|
| CMO #22 (Dkt. 726) | May 3, 2021 | Jun. 1, 2021 | Jul. 1, 2021 | Aug. 2, 2021 |
| CMO #23 (Dkt. 863) | Jul. 6, 2021 | Aug. 2, 2021 | Sept. 1, 2021 | Oct. 4, 2021 |
| CMO #28 (Dkt. 2131) | Sept. 16, 2022 | Oct. 18, 2022 | Nov. 29, 2022 | Nov. 29, 2022 |
| CMO #29 (Dkt. 2154) | Oct. 31, 2022 | Dec. 19, 2022 | Jan. 31, 2023 | Jan. 31, 2023 |
| CMO #30 (Dkt. 2190) | Jan. 20, 2023 | Mar. 10, 2023 | Apr. 10, 2023 | Apr. 10, 2023 |

Hon. Thomas I. Vanaskie, Special Master
November 19, 2024
Page 3

The same holds true for other MDLs. For example:

| Other MDL Orders | Deadline for Plaintiffs' Expert Reports | Deadline for Defendants' Expert Reports | Deadline to Depose Plaintiffs' Experts | Deadline to Depose Defendants' Experts |
|---|---|---|---|---|
| RoundUp PTO 3 (Case 3:16-md-02741-VC, Dkt. 47) | May 1, 2017 | Jun. 1, 2017 | Jul. 21, 2017 | Jul. 21, 2017 |
| RoundUp PTO 24 (Case 3:16-md-02741-VC, Dkt Nos. 317 ,320) | Jun. 30, 2017 | Jul. 31, 2017 | Sept. 22, 2017 | Sept. 22, 2017 |
| Zantac PTO 65 (Case No. 20-md-2924) | Jan. 24, 2022 | Mar. 7, 2022 | May 31, 2022 | May 31, 2022 |
| Bard Hernia Mesh (Case No. 2:18-md-2846-EAS-KAJ, Dkt. 801) | Nov. 30, 2023 | Dec. 14, 2023 | Jan. 10, 2024 | Jan. 10, 2024 |
| CPAP Scheduling Order (Case No. 21-mc-1230-JFC, Dkt. 2355) | May 30, 2024 | Jul. 30, 2024 | Oct. 30, 2024 | Oct. 30, 2024 |
| Covidien Hernia Mesh (Case No. 1:22-md-3029-PBS, Dkt. 292) | Dec. 23, 2024 | Feb. 3, 2025 | May 28, 2025 | May 28, 2025 |

These examples, which are also consistent with how the parties proceeded in the Benicar and Pelvic Mesh MDL's, are illustrative of the customary practice in MDL's and in general tort litigation. The expert discovery for the upcoming personal injury trials should follow the customary practice here.

Thank you for your courtesies and consideration.

Hon. Thomas I. Vanaskie, Special Master
November 19, 2024
Page 4

          Respectfully,

          DANIEL A. NIGH (FL Bar No. 30905)
          Nigh Goldenberg Raso & Vaughn, PLLC
          14 Ridge Square NW, Third Floor
          Washington, D.C. 20016
          T: 202-792-7927
          F: 202-792-7927
          dnigh@nighgoldenberg.com
          Attorney for Plaintiffs

cc:      All Counsel (via CM/ECF)