SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK, NY 10001

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-2588
DIRECT FAX
(917) 777-2588
EMAIL ADDRESS
Jessica.Davidson@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

November 19, 2024

**VIA ECF**

The Honorable Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

RE:     *Roberts* Case Management Order

Dear Judge Vanaskie:

I am writing with regard to the scheduling and sequencing of discovery in the

*Roberts* case.  As we noted last week, the parties are in agreement with respect to

most of the schedule; however, we request the Court's assistance in addressing one

narrow dispute regarding the sequencing of expert discovery. Specifically,

Defendants seek to depose Plaintiff's experts before defense expert reports are due,

while Plaintiff insists that both sides' expert reports be served before any expert

depositions take place.

"It is generally expected that a plaintiff, as the party bearing the burden of

proof, would present his experts' opinions before the defendant is required to

disclose his expert, since a defendant's expert typically . . . is presenting rebuttal

opinions."  *Booker v. P.A.M. Transp., Inc.*, No. 2:23-cv-18 WJ/KRS, 2024 U.S.

Hon. Thomas Vanaskie
Page 2

Dist. LEXIS 200621, at *28-29 (D.N.M. Nov. 4, 2024); *see also* Fed. R. Civ. P. 26

advisory committee's note to 1993 amendment ("[I]n most cases the party with the

burden of proof on an issue should disclose its expert testimony on that issue before

other parties are required to make their disclosures with respect to that issue.").  "For

this same reason, it is normal . . . that a plaintiff's expert witness also be deposed

before the defendant makes his own expert disclosures."  *Booker*, 2024 U.S. Dist.

LEXIS 200621, at *28-29; *see also, e.g.*, *Fulton Fin. Advisors v. Natcity Invs., Inc.*,

No. 09-4855, 2016 U.S. Dist. LEXIS 134212, at *1-2 (E.D. Pa. Sept. 28, 2016)

(requiring that plaintiff's experts serve their reports and be deposed before defendant

disclosed its experts); *Morgan v. Hanna Holdings, Inc.*, No. 07-803, 2010 U.S. Dist.

LEXIS 31367, at *6 (W.D. Pa. Mar. 30, 2010) (approving case management order

requiring any depositions of plaintiff's experts to be completed on or before May 1,

2010 and any defense expert reports to be served on or before May 15, 2010); *Curtis*

*v. Crop Prod. Servs., Inc.*, No. CIV-13-986-R, 2014 U.S. Dist. LEXIS 118005, at

*11-12 (W.D. Okla. Aug. 25, 2014) ("The [c]ourt concurs with [d]efendant that it is

logical to schedule the deposition of [p]laintiff's expert witnesses prior to the

deposition of [d]efendant's experts, as [p]laintiff bears the burden of proof and

[d]efendant's expert cannot be expected to rebut opinions that have thus far only

been expressed in the report . . . ."); *Syed v. Target Corp.*, No. EP-22-CV-00274-FM,

2023 U.S. Dist. LEXIS 141851, at *3-4 (W.D. Tex. July 25, 2023) ("The party with

the burden of proof shall be deposed first.  Likewise, any of the plaintiffs' retained

Hon. Thomas Vanaskie
Page 3

expert witnesses shall be deposed before the defense experts."); *Carman v. Bayer*

*Corp.*, No. 5:08-CV-148-FPS, 2009 WL 1919049, at *1-2 (N.D. W. Va. July 1,

2009) (rejecting plaintiffs' contention that "expert witnesses shall not be deposed

until after both sides' expert disclosures have been filed" and allowing defendants to

depose plaintiffs' expert before defendants' expert disclosure deadline).

       This is also a common practice in MDL proceedings, including in this

District.  *See, e.g.*, *In re Johnson & Johnson Talcum Powder Prods. Mktg. Sales*

*Pracs. & Prods. Liab. Litig.*, MDL No. 2738, 2024 U.S. Dist. LEXIS 84169, at *1-2

(D.N.J. Apr. 30, 2024) (any depositions of plaintiffs' experts "must be completed on

or before May 17, 2004"; defendants shall designate their experts "on or before May

21, 2024"); *see also e.g.*, Case Mgmt. Order No. 7 (Setting New Deadlines for Track

One Cases) at 2, *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804-DAP,

ECF No. 876 (N.D. Ohio Aug. 13, 2018) (Ex. 1) (requiring the plaintiffs in certain

designated cases to serve expert reports by February 8, 2019, "and, for each expert,

provide two proposed deposition dates between February 18 and March 15, 2019,"

with defendants to serve expert reports and provide deposition dates by March 26,

2019) (emphasis omitted); Am. Pretrial Order No. 22 (Second Revised Schedule

Regarding Issues Related to Class Certification) at 1-2, *In re Nat'l Hockey League*

*Players' Concussion Inj. Litig.*, No. 0:14-md-02551-SRN-BRT, ECF No. 605 (D.

Minn. Sept. 8, 2016) (Ex. 2) (requiring the plaintiffs to disclose their experts by

December 8, 2016 and make those experts available for deposition within 45 days,

Hon. Thomas Vanaskie
Page 4

and allowing the defendant until April 27, 2017 to identify its experts); Order Re:

Expert Discovery Schedule at 1, *In re Phenylpropanolamine (PPA) Prods. Liab.*

*Litig.*, No. 2:01-md-01407-BJR, ECF No. 340 (W.D. Wash. Mar. 22, 2002) (Ex. 3)

(scheduling deposition of plaintiffs' experts to be completed before defendants' Rule

26 disclosures).

There is no reason to depart from this approach here.  After all, the purpose

of ZHP's experts' reports will be to refute the substance of Plaintiff's experts'

opinions—an exercise that requires the ZHP defendants' experts to consider and

respond to plaintiffs' experts' testimony.  While Plaintiff's experts' reports will set

forth the general parameters of their opinions, it is not until those experts are deposed

that the ZHP defendants will be able to adequately test the specific bases for each of

those opinions, identify any assumptions upon which those opinions depend, and

fully understand the limitations of Plaintiff's experts' theories and conclusions.  *See*

*Williams v. Am. Honda Motor Co.*, No. 6:20-cv-00022, 2022 WL 1071463, at *3

(E.D. Tex. Apr. 8, 2022) ("[A] deposition allows a party to fully explore an expert's

findings, thought process, and analysis."), *aff'd*, No. 22-40224, 2023 WL 3739095

(5th Cir. May 31, 2023), *cert. denied*, 144 S. Ct. 562 (2024).  As courts have

recognized, information obtained from plaintiffs' expert depositions is critical to a

defendant's experts' ability to adequately respond to and rebut a plaintiff's experts'

assertions.  *See Carman*, 2009 WL 1919049 at *1-2 (finding that the defendant was

allowed to fully explore "the specific bases for [the plaintiff's expert]'s opinions" by

Hon. Thomas Vanaskie
Page 5


taking the expert's deposition "before being expected to defend against those

claims"); *see also* Order at 12, *Franklin v. United States*, No. 1:12-cv-01167-KBM-

CG, ECF No. 66 (D.N.M. Aug. 27, 2013) (Ex. 4) (explaining that defendant "was

not required to accept [p]laintiffs' experts' reports at face value and was allowed to

depose [p]laintiffs' experts before disclosing its own experts").

        Similarly, here, the ZHP defendants must be allowed the opportunity to

depose Plaintiff's experts before its own experts finalize and disclose their

responsive opinions.



                            Very truly yours,

                            Jessica Davidson

                            Jessica Davidson