# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to Gaston J. Roberts, Jr., and wife Jan Roberts \| Case No. 1:20-cv-00946-RBK-JS | MDL No. 2875<br><br>Honorable Renée Marie Bumb, Chief Judge |

## SPECIAL MASTER SCHEDULING ORDER

## THE BACKROUND OF THIS ORDER IS AS FOLLOWS:

The individual case brought by Gaston J. Robers, Jr., and his wife, Jan Roberts, was selected at random to be the first personal injury "bellwether" trial in this multidistrict litigation arising out of the contamination of Valsartan, a medication intended to reduce blood pressure.[1]  After meeting and conferring on the terms of a scheduling order to prepare for the trial, counsel reported that there remained only one unresolved dispute: whether the plaintiffs' expert witnesses should be deposed *before* defense expert witness reports needed to be produced.

---

[1] On September 1, 2020, Mr. Roberts' attorney reported that Mr. Roberts had passed away and his widow, Jan Roberts, is the personal representative of his Estate.

The parties submitted letter briefs on this dispute on November 19, 2024. (ECF Nos. 2932 and 2933.)

The case law cited by both parties in support of their respective positions reveals one clear conclusion: under the Federal Rules "there is no rule of discovery priority...." *Exovir, Inc. v. Dr. Mandel,* No. 94-CV-3546, 1996 WL 101269, at *1 (S.D.N.Y. Mar.7, 1996). As explained in *Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.,* No. 02-CV-1230, 2005 WL 742617, at *3 (S.D.N.Y. Mar. 18, 2005), the consequences of the Federal Rules of Civil Procedure governing discovery are "first, to eliminate any *fixed* priority in the sequence of discovery, and second, to make clear and explicit the court's power to establish priority by an order issued in a particular case." [Emphasis added.] *Accord, Convermat Corp. v. St. Paul Fire and Marine Ins. Co.*, No. CV-06-1045 JFB AKT, 2007 WL 2743679, at *1 (E.D.N.Y. Sept. 18, 2007). In other words, it is entirely within a district court's discretion to "establish a priority or to fashion an appropriate sequence of discovery to be performed in each case." *Demarco v. Stony Brook Clinical Practice Mgmt. Plan,* No. 06-CV-4305, 2007 WL 1839823, at *1 (E.D.N.Y. June 26, 2007) (citing *Baker v. Orleans County,* No. 96-CV-0503, 1997 WL 436703, at *1 (W.D.N.Y. July 21, 1997)).

Having carefully considered the parties' competing contentions, and taking into consideration the sequencing of expert witness discovery that has already

2

occurred in this multidistrict litigation, I have concluded that it is appropriate to require (a) Plaintiffs to first submit the written reports of their expert witnesses by February 28, 2025; (b) Defendants to then present written reports of their expert witnesses by March 31, 2025; and (c) the expert witnesses on both sides to be deposed between April 1, 2025 and April 28, 2025.[2]

**NOW, this 22nd Day of November, 2024, IT IS HEREBY ORDERED THAT,** no later than November 27, 2024, the parties shall present an order for a case management schedule for the *Roberts* trial consistent with this Order and the Proposed Case Management Schedule for the *Roberts* trial filed on November 12, 2024 (ECF No. 2926-1).

Dated: November 22, 2024

*s/ Thomas I. Vanaskie*
Hon. Thomas I. Vanaskie (Ret.)
Special Master

---

[2] The April 28, 2025, deadline for completion of expert witness depositions is consistent with the parties' proposal for completion of expert witness discovery by that date.