**GT GreenbergTraurig**

Victoria Davis Lockard
Tel 678.553.2103
Fax 678.553.2104
lockardv@gtlaw.com

December 17, 2024

**VIA ECF**

Special Master the Honorable Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

Re: *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation.*, U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875

Dear Special Master Vanaskie:

This letter is to provide Defendants' positions with respect to the topics on the agenda for the Case Management Conference with Your Honor on December 18, 2024. Defendants do not expect the need to discuss any confidential materials as part of these agenda items.

**I.   Defendants' Positions Regarding Selected Wave 2 Bellwether Cases**

The parties have been meeting and conferring following the status conference with Your Honor on December 4, 2024, with the goal of providing the Court with a workable list of cases from the existing 28-plaintiff bellwether pool that are able to

Special Master the Honorable Thomas Vanaskie
Page 2

be tried in the District of New Jersey. To that end, counsel for ZHP, Teva, and Torrent ("the Manufacturer Defendants") and Plaintiffs met and conferred on December 10, 2024, and further discussions have taken place and are ongoing between counsel for individual Defendants and Plaintiffs' counsel to give guidance on the parties' views as to issues that must be resolved prior to selecting cases for further workup and/or trial. We look forward to discussing these and any other issues raised by Your Honor.

*Identification of cases with potential* Lexecon *and other issues for Manufacturer Defendants*

Pursuant to the Special Master Order entered December 16, 2024, Manufacturer Defendants identify the following issues in connection with the five (5) bellwether cases tentatively selected for the second wave of bellwether trials ("Wave 2") (*see* ECF No. 2944):

1. Paulette Kennedy, No. 1:20-cv-7638

    - This case involves Mylan product, which the Manufacturer Defendants understand makes the case ineligible for inclusion in the Wave 2 bellwether pool. The Manufacturer Defendants met and conferred with Plaintiffs' counsel on December 10, 2024, and understand the parties agree this case should not be included in the Wave 2 bellwether pool.

Special Master the Honorable Thomas Vanaskie
Page 3

2. Silvano Kinkela, No. 1:20-cv-02880

- Plaintiff Kinkela's records show that he used Teva finished dose product manufactured with both ZHP API and with Mylan API, but Mylan has never been named as a Defendant and such claims are now untimely.

    - **Defendant Teva's Position**: Counsel for Teva and Plaintiffs conferred on December 13, 2024, and discussed this issue and the need for a stipulation excluding any evidence, argument, or claims related to Teva's Mylan API product. Provided this issue is resolved via stipulation or otherwise by the Court, the case can proceed with Teva (via Actavis) remaining as a Defendant based on Plaintiff Kinkela's use of Teva finished dose product manufactured with ZHP API. To the extent Plaintiff intends to pursue any claims or present evidence or argument regarding Teva's Mylan API product, the case should not be included in the Wave 2 bellwether pool.

    - **Defendant ZHP's Position**: ZHP submits that, due to the Plaintiff's use of valsartan manufactured with Mylan API, this case should not be included in the Wave 2 bellwether pool, which the Court limited to Plaintiffs who used finished dose

Special Master the Honorable Thomas Vanaskie
Page 4

>  valsartan manufactured by Teva, Torrent, and/or a ZHP subsidiary using ZHP API. Further, to the extent this case is included in the Wave 2 bellwether pool, ZHP asserts that it would be entitled to present evidence and argument regarding the Plaintiff's use of valsartan containing Mylan API, which is relevant to exposure.

3. Georgia Murawski, No. 20-cv-14302

- Plaintiff is a Delaware resident asserting claims against certain Manufacturer Defendant entities incorporated in Delaware, and the Court thus lacks subject matter jurisdiction over this case. The Manufacturer Defendants met and conferred with Plaintiffs' counsel on December 10, 2024, and understand the parties agree this case should not be included in the Wave 2 bellwether pool. It is Defendants' position that this matter should be dismissed from the MDL.

*Identification of cases with personal jurisdiction issues related to Defendant Teva Pharmaceutical Industries Ltd.*

Defendant Teva asserts that in each of the three potentially eligible matters tentatively selected for Wave 2 in ECF No. 2944 – *Kinkela* as well as *Lana Dufrene*, No. 1:19-cv-15633, and *Estate of Ronald Meeks*, No. 1:19-cv-16209 – personal

Special Master the Honorable Thomas Vanaskie
Page 5

jurisdiction is lacking as to named Defendant Teva Pharmaceutical Industries Ltd. ("TPI"). Teva raised this issue with Plaintiffs' counsel during the meet and confer held on December 10, 2024. Provided Plaintiffs will enter a stipulation of dismissal with respect to TPI consistent with the stipulation entered in connection with the previously-scheduled TPP trial, (*see* ECF No. 2656), Teva asserts that there are no *Lexecon* or other jurisdictional issues with moving these cases forward against other Teva entities.

*Identification of cases with subject matter jurisdiction issues*

To further assist the Court in narrowing the bellwether pool and identifying cases to be brought to trial, Defendants note that bellwether pool Plaintiff Eugene Pate is also a Delaware Plaintiff asserting claims against certain Manufacturer Defendant entities incorporated in Delaware, and the Court thus lacks subject matter jurisdiction over this case. It is Defendants' position that this matter should be dismissed from the MDL.

*Identification of cases with potential* Lexecon *and other issues for Pharmacy and Wholesaler Defendants*

Each of the five cases selected as potential bellwethers (*see* ECF No. 2944) filed a single short form complaint on their respective dockets. The claim brought by the Estate of Ronald Meeks does not check any non-John Doe wholesaler or

Special Master the Honorable Thomas Vanaskie
Page 6

pharmacy boxes.[1] The remaining four potential wave two bellwethers each checks a box for at least one identified non-John Doe wholesaler or pharmacy with *Lexecon* rights:

- Lana Dufrene:     Walmart

- Paulette Kennedy: Amerisource Bergen Corporation (now Cencora)
  The Kroger Co.
  Walgreen Co.

- Silvano Kinkela:  OptumRx, Inc. (and parent corporations of Optum Rx)

- Georgia Murawski: Walgreen Co.[2]

Simply checking a box on a Short Form Complaint may <u>not</u> indicate an actual desire to pursue claims against those defendants. Indeed, some plaintiffs may have named pharmacies solely as part of an effort to obtain discovery and product tracing information. To the extent a Plaintiff desires to have his or her case tried before Judge Bumb as a bellwether, that Plaintiff may wish to dismiss all named defendants except the Manufacturer Defendants, with prejudice. Further, Louisiana law applies to the Dufrene claim, and Plaintiffs affirmatively chose *not* to bring statutory product

---

[1] Meeks did identify Nola Discount Pharmacy as an additional defendant on the Short Form Complaint, but Nola Discount Pharmacy was dismissed years ago. *See* ECF No. 8 in Case No. 1:19-cv-16209.

[2] The Short Form Complaints name Walgreens Boots Alliance ("WBA") as a defendant, but the Plaintiffs agreed to its dismissal and stipulated that Walgreen Co. shall be deemed substituted for WBA in any Short Form Complaint identifying WBA as a defendant pharmacy. *See* ECF No. 1026.

liability claims against the pharmacies in the operative Master Personal Injury Complaint. *See* ECF No. 1614 at 43, n.27 ("Plaintiffs have withdrawn their proposed claims against the Pharmacy Defendants under the Connecticut and Louisiana PLAs.").

As noted, wholesaler AmerisourceBergen Corp. (n/k/a Cencora, Inc.) ("ABC") is named as a defendant in the Paulette Kennedy case, although discovery to date in the case indicates that ABC did not distribute any generic valsartan prescribed to Ms. Kennedy. ABC reiterates the issues identified by the Manufacturer Defendants above that preclude inclusion of the Kennedy case in the Wave Two bellwether pool. To the extent the ABC has additional grounds for objection to inclusion of the Kennedy case in the Wave Two bellwether pool that need to be addressed, counsel for ABC will be prepared to do so.

Finally, the suggestion from Plaintiffs at the last status conference that they may "split" their causes of action and separately try a case against downstream defendants *after* a bellwether trial against manufacturers, is a nonstarter and impermissible under the law, as it would create the risk of inconsistent outcomes. Defense counsel specifically asked Plaintiffs to provide any examples of splitting up trials between manufacturers and downstream defendants in circumstances similar to those here (with derivative liability). Plaintiffs did not respond, presumably because no such cases exist.

Special Master the Honorable Thomas Vanaskie
Page 8

## II. Update on Document Discovery In Connection With The Deposition of Jinsheng Lin

The parties are continuing to meet and confer about the production of materials requested by Plaintiffs, a representative sample of which have been produced to Plaintiffs by ZHP. The parties are in the process of negotiating a stipulation to resolve any remaining dispute. The parties will provide a further update to the Court on January 8, 2024.

Defendants look forward to discussing these issues and any others Your Honor wishes to address at the upcoming Case Management Conference.

        Sincerely,

        */s/ Victoria Davis Lockard*
        Victoria Davis Lockard, Esq.

cc: All counsel of record (via ECF)