# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: TYLENOL (ACETAMINOPHEN) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | § § § § | MDL NO. 2436 |
| | § | 2:13-md-02436 |
| *THIS DOCUMENT RELATES TO ALL CASES* | § § § § | HON. LAWRENCE F. STENGEL |

CASE MANAGEMENT ORDER NO. 12

ESTABLISHING MDL 2436 FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND COMMON-BENEFIT AND GUIDELINES FOR MANDATORY TIME-KEEPING AND EXPENSE RECORDS

Due to the nature of this particular litigation, this Order is entered to provide for the fair and equitable sharing among Plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common-benefit of all Plaintiffs in this complex litigation.

I.    GOVERNING PRINCIPLES—THE COMMON-BENEFIT DOCTRINE

1.    The governing principles are derived from the United States Supreme Court's common-benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia, Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia, In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525-29 (D. Nev. 1987); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d

1

1006, 1019-21 (5th Cir. 1977); and *In re: Diet Drugs (Phentermine/ Fenfluramine/ Dexfenfluramine) Prods. Liab. Litig.*, MDL No. 1203, 2001 WL 497313 (E.D. Pa. May 9, 2001) (hereinafter "the Fen/Phen litigation").

## II.    APPLICATION

2.    This Order applies to all cases now pending, or later filed in, transferred to, removed to, in this Court and treated as part of the coordinated proceeding known as *In Re: Tylenol (Acetaminophen) Marketing, Sales Practices And Products Liability Litigation*, MDL 2436.

3.    This Order further applies to all plaintiffs' attorneys who represent clients, who have cases now pending, or later filed in, transferred to, or removed to, this Court, regardless of whether the plaintiff's attorney signs the "*MDL 2436 Attorney Participation Agreement*" attached hereto as **Exhibit A.**

4.    This Order further applies to all plaintiffs' attorneys who represent clients in state court, who voluntarily sign the "*MDL 2436 Attorney Participation Agreement*" attached hereto as **Exhibit A.**

## III.   THE "*MDL 2436 FUND*" TO BE ESTABLISHED AND DUTIES OF ADMINISTRATOR THEREOF

### A.    ESTABLISHING THE MDL 2436 FUNDS

5.    The Court hereby authorizes the establishment of an "*MDL 2436 Fee Fund*" and an "*MDL 2436 Expense Fund*" (both collectively referred to herein as "*MDL 2436 Fund*") for the purposes of and pursuant to the limitations set forth in this Order.

### B.   APPOINTMENT OF THE ADMINISTRATOR OF THE *MDL 2436 FUNDS*

6.     The Court appoints  Alan B. Winikur CPA of  Zelnick Mann & Winikur,
P.C., 10 N. Presidential Blvd., Ste. 120 Bala Cynwyd, PA  19004-1107 as Administrator of the
*MDL 2436 Fund* ("Administrator") and directs the Administrator to establish an insured,
interest-bearing account to receive and disburse funds to be administered as the *MDL 2436 Fund,*
as provided in this Order.  The Administrator shall designate an escrow agent (the "Escrow
Agent") for this purpose.

7.     The funds deposited into the *MDL 2436 Fund* shall be held as funds
subject to the direction of the Court.  No party or attorney has any individual right to any of the
*MDL 2436 Funds* except to the extent of amounts directed to be disbursed to such person by
Order of the Court. The *MDL 2436 Funds* shall not constitute the separate property of any party
or attorney nor be subject to garnishment or attachment for the debts of any party or attorney
except when and as directed to be disbursed as provided by Order of this Court to a specific
person. These limitations do not preclude a party or attorney from transferring, assigning, or
creating a security interest in potential disbursements from the *MDL 2436 Fund* to which such
party or attorney may be entitled as determined by the Court, if permitted by applicable state
laws and if subject to the conditions and contingencies of this Order, provided, however, that no
notice of lien or security interest in said potential disbursements or of a transfer or assignment of
a right of said potential disbursements shall be effective except upon a filing of such a notice of
lien or security interest in this Court or upon notice of lien or security interest served upon the
Administrator of the *MDL 2436 Fund* and the PSC made by certified-mail, return receipt
requested.

3

8.    In connection with his duties, the Administrator of the *MDL 2436 Fund* shall:

a.    Have all such power and authority over the *MDL 2436 Fund* as necessary or convenient to exercise the authority granted herein;

b.    Keep and report periodically to this Court an accounting of the funds received, maintained and disbursed relating to the *MDL 2436 Fund*;

c.    Have the authority to instruct the Escrow Agent with respect to permitted investments of the *MDL2436 Fund*;

d.    Make decisions and take action with respect to treatment of the *MDL2436 Fund* for purposes of compliance with the Internal Revenue Code and any applicable local or state tax codes, including creating reports, maintaining and reporting relating to the *MDL2436 Fund* and its income if any, derived therefrom, and as in a Qualified Settlement Fund (QSF) or such other entity as he deems appropriate;

e.    Out of the assets of the *MDL 2436 Fund*, purchase and maintain reasonable amounts and types of insurance for errors and omissions or fidelity bonds;

f.    To procure, upon consultation with the PSC, professional accounting, legal and other services for the purposes of carrying out the tasks described in this Order, and to be reimbursed for the expenses of such services; and,

g.    To adopt and implement reasonable procedures consistent with this Order and in consultation with the PSC.

**D.    REQUIREMENTS OF THE ESCROW AGENT**

9.    The Escrow Agent shall be a commercial bank which: (1) has deposits insured by the Federal Deposit Insurance Corporation; (2) is organized under the laws of the United States or any state thereof; and (3) has a total risk-based capital in excess of $5 billion and meets the minimum risk-based ratios established under the Federal Deposit Insurance

Corporation Improvement Act of 1991. The Escrow Agent may act as paying agent, depository, custodian or trustee with respect to funds it holds.

10.     The Administrator of the *MDL 2436 Fund* shall consider, in designating the Escrow Agent and in procuring professional services, the charges that the Escrow Agent or provider of professional services will impose for its actions and the ability of the Escrow Agent or provider of professional services to undertake the tasks called for with efficiency and responsiveness.

11.     The Escrow Agent shall not acquire or hold for longer than 90 days, any debt securities, certificates or investments unless such instruments are a U.S. Treasury Bill, U.S. Treasury Money Market, U.S. Government Money Market or similar type of account guaranteed by the United States or an agency thereof, including an FDIC-Insured Account. The U.S. Treasury Money Market or U.S. Government Money Market must be registered under the Investment Company Act of 1940, as amended, that have the highest rating obtained from either Moody's or S&P. In determining investments to be held by the Escrow Agent primary regard shall be given by the Escrow Agent to safety of principal.

12.     In connection with their services, the Administrator and the Escrow Agent shall be entitled to be paid reasonable fees and to be reimbursed for reasonable expenses when and as approved by this Court based upon statements that they shall periodically submit to the Court, with copies to the PSC and Defendant's Liaison Counsel. If funds are not then available in the *MDL 2436 Fund*, they shall be paid by the PSC, which shall be reimbursed out of the *MDL 2436 Fund* when and if it ever is funded.

## IV.    MDL 2436 ATTORNEY PARTICIPATION AGREEMENT AND ELIGIBLE PARTICIPATING COUNSEL

### A.    MDL 2436 PARTICIPATION AGREEMENT

13.    Attached hereto as **Exhibit "A"** and incorporated herein is a voluntary "*MDL 2436 Attorney Participation Agreement*" between the Plaintiffs' Steering Committee ("PSC") and other plaintiffs' attorneys. The *MDL 2436 Attorney Participation Agreement* is a private and cooperative agreement between plaintiffs' attorneys only. It is not an agreement with any of the named Defendants in this MDL. "Eligible Participating counsel" include: (1) all members of the PSC and (2) any other plaintiffs' attorneys who sign-on to the *MDL 2436 Attorney Participation Agreement*. Eligible Participating Counsel are entitled to receive the MDL common-benefit work-product and the state court work-product of those attorneys who have also signed the *MDL 2436 Attorney Participation Agreement* and shall be entitled to seek disbursements as Eligible Participating Counsel as defined in this Order. In return, Eligible Participating Counsel agree to pay the assessment amount provided in paragraph 13 of this Order on all filed and unfiled cases or claims in state or federal court in which they share a fee interest. Counsel who choose not to execute the *MDL 2436 Attorney Participation Agreement*, are not entitled to receive Common-Benefit Work Product and may be subject to an increased assessment on all Over-the-Counter Acetaminophen ("OTC Acetaminophen") cases in which they have a fee interest for the docket management and the administrative services provided by the PSC and if they receive Common-Benefit Work-Product or any other work-product created pursuant to this Order, or otherwise benefit by the work performed by the MDL and other counsel working with the MDL pursuant to this Order.

6

14.    Counsel who choose not to execute the *MDL 2436 Attorney Participation Agreement*, but who file cases in this MDL shall be permitted to receive the Common-Benefit Work Product and to utilize same as such counsel may choose in their filed MDL cases only. Regardless of whether a counsel executes the *MDL 2436 Attorney Participation Agreement*, their MDL filed cases subject to the assessment imposed on all cases in MDL 2436.

15.    Counsel who choose not to execute the *MDL 2436 Attorney Participation Agreement*, and who have cases filed in state court only and/or unfiled cases are not entitled to receive Common-Benefit Work Product. However, in the event it is determined that such counsel in some or any fashion obtained the Common-Benefit Work Product and utilized same in any manner whatsoever, then all cases and claims of such counsel, whether filed or not, shall be subject to the Assessment described in this Order. It is deemed that the fair liquidated damages for such unauthorized use of the Common-Benefit Work Product is equal to the Assessment percentage being set by this Order on the cases and claims that shall be assessed pursuant to the *MDL 2436 Attorney Participation Agreement*, and in addition, the Court will consider an application by the PEC/PSC for payment of its fees and costs to enforce this Order with respect to any unauthorized procurement of the Common-Benefit Work Product and/or the unauthorized use of the Common-Benefit Work Product.

16.    Counsel who choose not to execute the *MDL 2436 Attorney Participation Agreement*, and who have cases filed in the MDL and in addition have cases filed either in state court only and/or unfiled cases are permitted to utilize the Common-Benefit Work Product in their MDL filed cases only. However, in the event it is determined that such counsel in some fashion or is any manner utilized the Common-Benefit Work Product on behalf of cases and/or clients that are not filed cases in the MDL, in any manner whatsoever, then all cases and claims

7

of such counsel, whether filed or not, shall be subject to the Assessment described in this Order. It is deemed that the fair liquidated damages for such unauthorized use of the Common-Benefit Work Product is equal to the Assessment percentage being set by this Order on the cases and claims that shall be assessed pursuant to the *MDL 2436 Attorney Participation Agreement*, and in addition, the Court will consider an application by the PEC/PSC for payment of its fees and costs to enforce this Order with respect to any unauthorized procurement of the Common-Benefit Work Product and/or the unauthorized use of the Common-Benefit Work Product.

## V.    COVERED CLAIMS

17.    This Order applies to the following Over-the-Counter Acetaminophen claims whether direct or derivative:

a.    All OTC Acetaminophen claims now or hereafter subject to the jurisdiction of MDL 2436, whether disposed of before or after remand, regardless of whether counsel holding a fee interest in such OTC Acetaminophen claims in such cases had signed the *MDL 2436 Attorney Participation Agreement*, including but not limited to:

i.    All OTC Acetaminophen claims settled pursuant to an MDL supervised Settlement Agreement between the parties;

ii.    All OTC Acetaminophen claims participating in MDL 2436 or on tolling agreement; and,

iii.    All OTC Acetaminophen claims in which any PSC member has a financial interest.

b.    All OTC Acetaminophen claims, regardless of whether those claims are subject to the jurisdiction of MDL 2436, tolled, unfiled, or filed in another jurisdiction, in which the plaintiffs' attorneys have a fee interest, and have endorsed any of the following:

i.    Protective Order: Those attorneys who executed the Endorsement of Protective Order, attached to Case Management Order No. 2 and/or;

8

ii.   Eligible Participating Counsel: Members of the PSC and
plaintiffs' attorneys who sign on to the *MDL 2436 Attorney
Participation Agreement*, attached hereto as Exhibit "A".

(collectively hereinafter referred to as the "Covered Claims").

## VI.   ASSESSMENTS AND PAYMENTS INTO THE MDL 2436 FUND FOR ALL COVERED CLAIMS

18.   An assessment is made on the "Gross Monetary Recovery" on all

"Covered Claims." A "Gross Monetary Recovery" occurs when a plaintiff or his/her attorney(s)

either agree or have agreed – for monetary consideration – to settle, compromise, dismiss, or

reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages

or other monetary relief, including compensatory and punitive damages (hereinafter a

"Settlement"), with respect to any OTC Acetaminophen claim.

19.   A total assessment of ten percent (10%) of the Gross Monetary Recovery

(eight percent (8%) for common benefit attorneys' fees and two percent (2%) for costs) shall

apply to all Covered Claims ("the Assessment").

20.   In measuring the Gross Monetary Recovery, i :

a.   Includes all sums to be paid in settlement of the claim;

b.   Excludes court costs that are to be paid by Defendant(s);

c.   Excludes any payments made directly by Defendant(s) on a formal
intervention asserted directly against the defendant by third-parties,
such as to physicians, hospitals, and other health-care providers on
Court recognized valid subrogation claims related to treatment of
plaintiff; and,

d.   Includes the present value of any fixed and certain payments to be
made in the future.

21.   Defendants are directed to withhold the Assessment from amounts paid on

any Covered Claim and to pay the Assessment directly into the *MDL 2436 Fund* as a credit

against the Settlement or Judgment. If for any reason the Assessment is not or has not been so withheld, the Defendants as well as the plaintiff and his or her counsel are jointly and severally responsible for paying the Assessment into the *MDL 2436 Fund* promptly.

22.    All attorneys who represent clients who are subject to an Assessment pursuant to the terms of this Order shall provide Plaintiffs' Liaison Counsel (PLC) with a list of their clients whether represented in a case that was filed in a court, or not, and a list of the cases they have filed whether filed in the MDL or in state court. The purpose of this is so that the PSC will be able to provide to the Defendants' Liaison Counsel the identity of all claimants and clients who are subject to this Order so that in the event of a resolution of a Covered Claim, the Defendants will be able to make the Assessment payment to the *MDL 2436 Fund* and further, the lists shall also be provided to the Administrator of the *MDL 2436 Funds*, and as requested by the Court, to the Court or its designee. In connection therewith, Defendants shall, upon request from the PSC, supply to the PSC a list of all then known Covered Claims, including the name of each plaintiff and his or her attorney, if any.

23.    Defendants and their counsel shall not distribute any settlement proceeds with respect to any Covered Claims until: (1) the settling Defendant's counsel notifies the PSC in writing of the existence of a settlement and the name of the individual plaintiff's attorney holding such Covered Claims and (2) Plaintiffs' Liaison Counsel has confirmed to the settling Defendant's counsel in writing that the individual plaintiff attorney's cases or claims are subject to the Assessment pursuant to this Order.

24.    No orders of dismissal for any Covered Claim shall be filed unless accompanied by a certificate of the Plaintiff's and the settling Defendant's counsel that the Assessment has been withheld and deposited into the *MDL 2436 Fund*.

10

25.    This Assessment represents a hold-back (*See, e.g., In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256, 266 (2d. Cir. 2006)) and shall not be altered in any way unless each of the following occurs: (1) the entire PSC is consulted and provided an opportunity to be heard at a formally announced PSC meeting prior to the filing of any motion to change the assessment amount; (2) the PSC approves the proposed change to the assessment by a majority vote; (3) a noticed motion (including notice to Defendant's Liaison Counsel) with an opportunity to be heard is granted by the Court, and (4) this Court, upon good-cause shown, amends this Order.

26.    This Order shall in no way be read to affect or otherwise encumber any Defendants' obligation to pay attorneys' fees and costs pursuant to consumer fraud claims or other fee shifting statutes, if any, that may apply in this case.

27.    Provided Assessments are paid as provided for herein, nothing in this Order is intended to impair the attorney/client relationship or any contingency fee contract deemed lawful by the attorneys' respective bar rules and/or state court orders.

28.    Upon payment of the Assessment into the *MDL 2436 Fund*, Defendants, the PSC, and its individual members shall be released from any and all liability to any person, attorney, or claimant with respect to the Assessment placed into the *MDL 2436 Fund*. Any person, attorney, or claimant allegedly aggrieved by an Assessment pursuant to this Order shall seek recourse as against the *MDL 2436 Fund*, provided however, that notice and an opportunity to be heard shall be given to both the Defendants and the PSC.

29.    In the event of a global settlement (partial or full), or other settlement program with respect to MDL 2436 including a settlement program that also includes unfiled claims and/or cases filed in state court, such as a global private settlement program, a settlement

11

class action or any other form of a global settlement, nothing in this Order prohibits the PSC and

Common-Benefit Attorneys to apply to this Court for attorneys' fees and reimbursement of

expenses at a percentage that is different from (greater or lesser) than the Assessment percentage

described herein and that the Court shall make a determination of the amount of fees and

expenses to be awarded.

## VII.  GUIDELINES REGARDING SUBMISSION AND COMPENSABILITY OF COMMMON-BENEFIT TIME AND EXPENSES

30.     The following guidelines regarding the submission and compensability of

common-benefit time and expenses are adopted for the management of timekeeping, cost

reimbursement, and related common-benefit issues. These guidelines will be strongly considered

by this Court in approving the award of common-benefit attorneys' fees and costs.

31.     Only Eligible Participating Counsel shall be entitled to apply for an award

of Common-Benefit attorneys' fees and cost reimbursements. "Eligible Participating Counsel"

are the counsel who perform Common-Benefit work and incurred Common-Benefit expenses

subject to the requirement that they must be authorized to have performed such Common-Benefit

work and to have incurred Common-Benefit expenses prior to expending any time that they

believe should constitute Common-Benefit work, or incurring any costs or expenses that they

believe should constitute Common-Benefit expenses. The PSC is hereby deemed to be

authorized to perform Common-Benefit work and to incur Common-Benefit expenses. In

addition to the PSC, Eligible Participating Counsel shall include those counsel (along with

members of their firm and staff) who are approved by the PSC to perform Common-Benefit

work and incur Common-Benefit expenses, any other counsel authorized by the PEC who desire

to be considered for Common-Benefit compensation, or counsel who have been specifically approved by this Court as Eligible Participating Counsel.[1]

32.    Eligible Participating Counsel shall only be eligible to receive common-benefit attorneys' fees and cost reimbursement if the time expended, costs incurred, and activity in question were: (a) for the common-benefit; (b) appropriately authorized by the PSC; (c) timely submitted; (d) verified and (e) approved by this Court.  Eligible Participating Counsel who seek to recover Court-awarded common-benefit attorneys' fees and expenses in connection with this litigation shall keep a daily, contemporaneous record of their time and expenses, noting with specificity the amount of time, location (if relevant), and particular activity, along with brief note indicating the source of authorization for the activity in question.  Eligible Participating Counsel shall, by the last day of each month, submit to the Administrator a report of their time and expense records as noted above for the preceding month in the attached format. (*See* **Exhibit "B"**).  By sixty (60) days after the entry of this Order submissions shall be made for all time included through the 60th day after the entry of this Order.  The failure to secure authority from the PSC or Co-Lead Counsel to incur common-benefit time and expenses and/or maintain and timely provide such records or to provide a sufficient description of the activity will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part.

A.    **COMMON-BENEFIT EXPENSES**

    1)    **Qualified Expenses Eligible for Reimbursement**

33.    In order to be eligible for reimbursement of common-benefit expenses from the *MDL 2436 Expense Fund* said expenses must meet the requirements of this section.

---

[1] Counsel should be warned that no application for approval to incur common-benefit fees or expenses will be considered by this Court unless counsel have first applied to the PEC for such approval and obtained such approval.

Specifically, said expenses must be (a) for the common-benefit, (b) appropriately authorized, (c) timely submitted, (d) verified and (e) approved by this Court.

### 2) Common-Benefit Expenses

34. Common-Benefit Expenses may include, but are not limited to:

   a. assessments paid for the operation of the PSC including costs related to obtaining, reviewing, indexing, and paying for hard-copies of computerized images of documents for defendant;

   b. deposition and court reporter costs for non-case specific depositions;

   c. costs for the electronic storage, retrieval and searches of ESI;

   d. certain Court filing and services costs for matters involving the MDL, and in state court in Pennsylvania and New Jersey;

   e. PSC group administration matters such as meetings, food, and conference calls;

   f. reasonable travel expenses including lodging and meals, and expenses incurred in connections with PSC approved meetings, events, and other common-benefit tasks;

   g. legal and accountant fees;

   h. expert witness and consultant fees and expenses;

   i. paralegal fees;

   j. investigator fees and expenses;

   k. printing, copying, coding, scanning (out of house of extraordinary firm cost);

   l. research by outside third-party vendors / consultants / attorneys;

   m. common witness expenses including travel;

14

n.      translation costs; and,

o.      bank or financial institution charges, provided that all such work was conducted for the joint and common-benefit of plaintiffs.

### 3)    Shared and Held Common-Benefit Expenses

#### a)    Shared Expenses

35.    Shared Expenses are costs incurred for the common-benefit of the MDL as a whole. Shared Expenses are costs that will be paid out of the PSC's *MDL 2436 Fund* that will be established by PSC and to be funded by assessments paid by all members of the PSC and others as determined by the PSC and its designated subcommittees. All Shared Expenses must be approved by Plaintiffs' Co-Lead or Liaison Counsel prior to payment. Shared Expenses include: (a) certain court filing and service costs; (b) deposition and court reporter costs for non-case specific depositions; (c) document depository: creation, operation, equipment and administration; (d) Plaintiffs' Co-Lead and Liaison Counsel administrative matters (*e.g.*, expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.); (e) PSC group administration matters such as meetings and conference calls; (f) legal and accountant fees; (g) generic expert witness and consultant fees and expenses; (h) printing, copying, coding, scanning (out of house or extraordinary firm cost) (i) research by outside third party vendors/consultants/ attorneys; (j) common witness expenses including travel; (k) translation costs; (l) bank or financial institution charges; and (m) investigative services.

#### b)    Held Expenses

36.    Held Expenses are those that will be carried by each Eligible Participating Counsel in MDL 2436 or state court and reimbursed as and when determined by the PSC, and

then approved by this Court. Held Expenses can also include reasonable unreimbursed and

authorized shared costs. Held Expenses are those that do not fall into the above Shared Expenses

categories but are incurred for the benefit of all plaintiffs in general. No specific client-related

costs shall be considered as Held Expenses, except that costs incurred for the common-benefit as

part of the bellwether trial process in the MDL may be considered for treatment as a Held

Expenses. All costs of a substantial nature that meet these requirements and fall under the

following categories shall be considered Held Expenses and qualify to be submitted for

consideration by the PSC and the Court for future reimbursement from the *MDL 2436 Expense

Fund* or such other fund, as may be appropriate.

### 4)   Expense Limitations

#### a)   Travel Limitations

37.     Only reasonable expenses will be reimbursed. Except in extraordinary

circumstances approved by the PSC or Plaintiffs Co-Lead Counsel, all travel reimbursements are

subject to the following limitations:

a. Airfare- Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will *not* be fully reimbursed, except for international flights, which requires prior approval by the PEC in order to be considered for reimbursement. Use of a private aircraft will not be reimbursed. If Business/First Class Airfare is used on domestic flights then the difference between the Business/First Class Airfare must be shown on the travel reimbursement form, and only the coach fare will be will be reimbursed. Business/First Class Airfare will be reimbursed on domestic flights where the trip exceeds 4 hours in length.

b. Hotel- Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

c. Meals- Meal expenses must be reasonable.

d. <u>Cash Expenses</u>- Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

e. <u>Rental Automobiles</u>- Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.

f. <u>Mileage</u>- Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently .55 cents per mile).

b) <u>**Non-Travel Limitations**</u>

a. <u>Long Distance and Cellular Telephone</u>- Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to the the OTC Acetaminophen MDL litigation. Submissions may be redacted to remove non-OTC Acetaminophen related calls. Such charges should be reported at acutal cost.

b. <u>Shipping, Courier, and Delivery Charges</u>- All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

c. <u>Postage Charges</u>- A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

d. <u>Telefax Charges</u>- Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

e. <u>In-House Photocopy</u>- A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 20¢ per page.

     f.  Computerized Research – Lexis/Westlaw- Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services.

**5)**   **Verification**

38.   The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions.

39.   Attorneys shall keep receipts for all expenses. Credit-card receipts (not the monthly statements) are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common-benefit. Hotel costs must be proven with full hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

**6)**   **Costs and/or Expenses in Excess of Amounts Available in the _MDL 2436 Fund_**

40.   If the _MDL 2436 Fund_ exceeds the amount needed to make payments as provided in this Order, the Court may order a refund to plaintiffs and their attorneys who were subject to the Assessment. Any such refund will be made in proportion to the amount that was assessed.

**B.**   **COMMON-BENEFIT WORK**

**1)**   **Authorization for Compensable Common-Benefit Work**

41.   Authorized common-benefit work includes assignments made by the PSC or by Co-Lead Counsel. Unless specifically and explicitly authorized in writing, no time spent on developing or processing individual issues in any case for an individual client (claimant) will be considered or should be submitted as common-benefit work, nor will time spent on any unauthorized work be compensable

2)   **Common-Benefit Work**

42.   Common-benefit work may include, but is not limited to:

    a.   investigation and research;

    b.   conducting discovery (*e.g.* reviewing, indexing, and coding documents);

    c.   drafting and filing pleadings, briefs, and pre-trial motions, and orders;

    d.   preparation and attendance at non-case specific depositions;

    e.   preparation for and attendance at State and Federal Court hearings;

    f.   attendance at PSC-sponsored meetings and addressing lawyers on the status of the litigation;

    g.   other PSC activities, including work on the Discovery, Commercial, Case-Specific Science, Experts, Law & Briefing, Document Review and similar Committees;

    h.   work with expert witnesses;

    i.   trial preparation and trial; and,

    j.   performance of administrative matters, provided that all such work was conducted for the joint and common-benefit of plaintiffs.

3)   **Disbursements from the *MDL 2436 Fund* for Common-Benefit Work**

43.   Upon a proper showing and Order of the Court, payments may be made from the *MDL 2436 Fee Fund* to attorneys who have provided services or incurred expenses for the joint and Common-Benefit of Plaintiffs and Claimants whose claims have been treated by this Court as a part of these proceedings. Such Common-Benefit compensation to such counsel shall be for the Common-Benefit work they performed. Counsel who perform Common-Benefit work are not precluded from performing work on behalf of their own individual clients, provided

however that the work performed for their own individual clients shall not be considered compensable as Common-Benefit time. Such "Eligible Participating Counsel" include:

  a.   Plaintiffs' Liaison Counsel, Co-Lead counsel and members of the PSC;

  b.   Attorneys who have signed the *MDL 2436 Attorney Participation Agreement*;

  c.   Court-appointed State Liaison Counsel; and,

  d.   Other attorneys performing similar responsibilities in state court actions, provided that all cases in which any putative common-benefit attorneys have a financial interest are subject to this Order.

### 4)   Disbursement of Fees for Common-Benefit Work

44.   Subject to Order of this Court, Eligible Participating Counsel are eligible to receive payment from the *MDL 2436 Fund* for time and efforts expended for Common-Benefit Work, if said time and efforts are:

  a.   for the joint and common-benefit of plaintiffs,

  b.   appropriately authorized by the PSC or Co-Lead counsel, or expended by a PSC member,

  c.   timely submitted and verified, and,

  d.   approved by this Court.

### 5)   Time-Keeping and Submission of Time Records

45.   All time must be authorized and accurately and contemporaneously maintained.

46.   Eligible Participating Counsel shall keep contemporaneous daily record of their time spent in connection with common-benefit work on this litigation, using the forms circulated by the Co-Lead Counsel, clearly indicating with specificity the hours, location,

particular activity, the source of authorization for the activity and indicating their position in the firm (Partner, Associate or Paralegal).

47. Time-entries that are not sufficiently detailed may not be considered for common-benefit payment.

48. All common-benefit work time for each firm shall be maintained in a one-quarter (1/4) or an hour increments.

49. Time-entries that are not sufficiently detailed may not be considered for common-benefit payments.

50. Eligible Participating Counsel must submit all time reports monthly to TylenolTime@lfsblaw.com in accordance with the billing guidelines set forth herein on the form Common-Benefit Time Report attached hereto as **Exhibit "B"**.

6) **Verification**

51. All time-entries shall be certified by a senior partner in the firm attesting to the accuracy of the submissions.

7) **Evaluation of Common-Benefit Time**

52. In apportioning any fee award to Eligible Participating Counsel, appropriate consideration will be given to the experience, talent, and contribution made by Eligible Participating Counsel, and to the time and effort expended by each as well as to the type, necessity, and value of the particular legal services rendered.

## VIII.   INCORPORATION BY REFERENCE

53.   The *MDL 2436 Attorney Participation Agreement* is attached hereto as Exhibit "A" and is incorporated by reference and has the same effect as if fully set forth in the body of this Order.

SO ORDERED BY THE COURT:

HONORABLE LAWRENCE F. STENGEL

8/22/13

22

# EXHIBIT "A"

## MDL 2436 ATTORNEY PARTICIPATION AGREEMENT

This Attorney Participation Agreement is made this _____ day of _____,

20____, by and between the Plaintiffs' Steering Committee ("PSC") appointed by the United

States District Court for the Eastern District of Pennsylvania in MDL Docket No. 2436 and:

_____

(hereinafter "Participating Counsel").

WHEREAS, the United States District Court for the Eastern District of Pennsylvania has

appointed: Laurence Berman, Clay Milling, Gil Gainer, James Greene, Leonard Davis,

Christopher Seeger and Dianne Nast, to serve as members of the PSC to facilitate the conduct of

pretrial proceedings in the federal actions relating to the use of OTC Acetaminophen products

(hereinafter collectively referred to as "OTC Acetaminophen").

WHEREAS, the PSC in association with other attorneys working for the common-

benefit of plaintiffs (the "Eligible Participating Counsel") have developed or are in the process of

developing work product which will be valuable in the litigation of state and federal court

proceedings involving claims of OTC Acetaminophen-induced injuries (the "Common-benefit

Work Product"); and,

WHEREAS, the Participating Counsel are desirous of acquiring the Common-benefit

Work Product and establishing an amicable, working relationship with the PSC for the mutual

benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein,

and intending to be legally bound hereby, the parties agree as follows:

1

1.    This Agreement incorporates by reference any Order of the Court regarding assessments and incorporates fully herein all defined terms from such Order(s).

2.    This Agreement applies to each and every claim, case, or action arising from the use of OTC Acetaminophen in which the Participating Counsel has a financial interest, whether the claim, case, or action is currently filed in state or federal court, or is unfiled, or is on a tolling agreement (hereinafter collectively the "Covered Claims").

3.    With respect to each and every Covered Claim, Participating Counsel understand and agree that Defendant(s) and its/their counsel will hold-back a percentage proportion of the gross recovery that is equal to ten percent (10%)(eight percent (8%) for common benefit attorneys fees and two percent (2%) for common benefit costs) of the Gross Monetary Recovery ("the Assessment"). Defendant(s) or its/their counsel will deposit the Assessment in *MDL 2436 Fund* ("the *MDL 2436 Fund*"). Should Defendant(s) or its/their counsel fail to hold-back the Assessment for any Covered Claim, Participating Counsel and their law firms shall deposit or cause to be deposited the Assessment in the *MDL 2436 Fund*. It is the intention of the parties that absent extraordinary circumstances recognized by MDL 2436 Court Order, such Assessment shall be in full and final satisfaction of any present or future obligation on the part of each Plaintiff and/or Participating Counsel to contribute to any fund for the payment or reimbursement of any legal fees, services or expenses incurred by, or due to, the PSC, Participating Counsel, and/or any other counsel eligible to receive disbursements from the *MDL 2436 Fund* pursuant to an Order of the Court regarding assessments or the *MDL 2436 Fund*.

4.    It is understood and agreed that in the event of a global settlement (partial or full), or other settlement program, the PSC and Common Benefit Attorneys may also apply to the Court, where appropriate, for attorneys' fees and reimbursement of expenses different from

2

(greater or lesser) the Assessment described in paragraph 3 above to which the PSC and Common Benefit Attorneys may be entitled to as determined by the Court.

5.    The Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC a lien upon and/or a security interest in any recovery by any client who they represent or in which they have a financial interest in connection with any OTC Acetaminophen-induced injury, to the full extent permitted by law, in order to secure payment of the Assessment. The Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

6.    The amounts deposited in the *MDL 2436 Fund* shall be available for distribution to Participating Counsel pursuant and subject to any Order of the Court regarding assessments or the *MDL 2436 Fund*. Participating Counsel may apply to the Court for common-benefit fees and reimbursement of expenses, provided that Participating Counsel:

a.    were called upon by the PSC to assist it in performing its responsibilities;

b.    expended time and efforts for the common-benefit either in MDL 2436 in the New Jersey and Pennsylvania state court cases; and,

c.    timely submitted such time and expenses in accordance with the Court's orders, or in the absence of such orders, the procedures established by the PSC.

. 7.    Upon request of the Participating Counsel, the PSC will provide within a reasonable time to the Participating Counsel, to the extent developed, the Common-Benefit Work Product, including access to the PSC's virtual depository, and, if and when developed a complete trial package.

3

8.    As the litigation progresses and Common-Benefit Work Product continues to be generated, the PSC will provide Participating Counsel with such work product and will otherwise cooperate with the Participating Counsel to coordinate the MDL litigation and the state litigation for the benefit of the plaintiffs.

9.    No assessments will be due by the Participating Counsel on any recoveries resulting from a medical malpractice claims against treating physicians.

10.    Both the PSC and the Participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. The PSC recognizes and respects the value of the contingency fee agreement as essential in providing counsel to those who could not otherwise avail themselves of adequate legal representation, and it is the intent of the PSC to urge the Court to not interfere with any such agreements so long as they comport with the applicable law or bar rules.

PLAINTIFFS' STEERING COMMITTEE


By: _____


PARTICIPATING ATTORNEYS

By: _____
_____
_____
_____
_____
_____
_____

[Here List the Name and Address of the Participating Counsel's Firm and Individual Attorney]

4



TYLENOL MDL 2436 TIME SHEET

EXHIBIT "B"