# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>This Document Relates to<br>ALL ACTIONS | MDL No. 2789<br>Case No.: 2:17-md-2789 (CCC)(MF) |

**CASE MANAGEMENT ORDER NO. 49**

Pursuant to Case Management Order No. 14, the Plaintiffs' Executive Committee ("PEC") unanimously and with the unanimous consent of the Plaintiffs' Steering Committee ("PSC"), has requested that the Court order that a percentage of potential future settlement funds be held back for common benefit legal fees and expenditures. Specifically, the PEC has recommended a holdback of nine (9) percent for common benefit legal fees and three (3) percent for common benefit expenses and costs. For the reasons set forth below, the Court finds that the requested holdback is reasonable and warranted.

The common benefit doctrine has become a staple of effective case management in MDLs. MDL courts use the common benefit doctrine to compensate the attorneys who do the core work and reimburse their expenses. *In re Diet Drugs*, 582 F.3d 524, 547 (3d Cir. 2009). The common benefit "doctrine 'provides that a private plaintiff, or plaintiff's attorney, whose efforts create, discover, increase, or preserve a fund to which others also have a claim, is entitled to recover from the fund the costs of his litigation, including attorneys' fees.'" *In re Diet Drugs*, 582 F.3d 524, 540 (3d Cir. 2009) (quoting *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 187 (3d Cir. 2005) (citation omitted)). As the Third Circuit recognized in *Diet Drugs*, it is necessary

1

for an MDL court to ensure fair compensation for the common benefit attorneys who actually do the bulk of the work (a direct trade-off with hours that could be spent on other matters) and advance the bulk of the expenses.

In line with other MDL courts, this Court has recognized that the common benefit doctrine applied to this action:

> The governing principles are derived from the United States Supreme Court's common benefit doctrine . . . . Common benefit work product includes all work performed for the benefit of all plaintiffs, including pre-trial matters, discovery, trial preparation, a potential settlement process, and all other work that advances this litigation to conclusion.

Case Management Order No. 14, Doc. 204 pp. 1-2 (citations omitted). In this case, the PSC has litigated this case for years and is preparing for the bellwether trials. These actions by the PSC substantially benefit all plaintiffs.

In order to reimburse advanced expenses and compensate work by Common Benefit Attorneys who carry out their court-directed responsibilities, MDL courts regularly issue "holdback" orders under their equity jurisdiction and inherent case management authority. *See In re Ethicon, Inc., Power Morcellator Prod. Liab. Litig.*, No. 15-MD-2652-KHV, 2016 WL 1593879, at *1 (D. Kan. Apr. 21, 2016). This Court has also previously acknowledged the need for a common benefit percentage holdback in this case. Case Management Order No. 14, Doc. 204 pp. 8-9.

Even prior to the formation of this multidistrict litigation on August 2, 2017, members of the PSC were cooperatively and actively pursuing plaintiffs' claims against Defendants. Although discovery is still ongoing, to date the PSC has conducted more than 100 depositions, excluding bellwether discovery. The PSC and other firms performing common benefit work have reviewed more than 600 custodial and non-custodial files produced by multiple

Defendants. These files include more than 8 million documents totaling approximately 240 million pages. Representatives of the PSC have engaged in countless meet and confers with Defendants' counsel to resolve numerous discovery disputes, plaintiff and defendant factsheets, deposition protocols, and the bellwether trial schedule. Representatives of the PSC have also retained more than two dozen experts, including those that presented important information to the Court as part of its Science Day proceedings. The Common Benefit Attorneys have also propounded third-party discovery against lobbying groups PHRMA and CHPA.

Thus, in recognition of the common benefit work and costs already expended by the PSC member firms and other participating lawyers, and in acknowledgement of the work still to come, the Court hereby orders a holdback of 9 percent for common benefit legal fees and 3 percent for common benefit expenses and costs. These percentages are in line with orders issued by other MDL courts, and such holdback is necessary to ensure that the Common Benefit Attorneys are fairly compensated for their efforts and reimbursed for their costs expended in litigating the common issues presented by this MDL.

With respect to each plaintiff represented in connection with all cases now pending, as well as to any case later filed in, transferred to, or removed to this Court and treated as part of the coordinated proceedings known as *In Re: Proton-Pump Inhibitor Products Liability Litigation (No. II),* MDL 2789, consistent with § I.B. of this Court's Case Management Order No. 14 (May 8, 2018), defendants are directed to withhold at total of 12 percent of the gross settlement amount recovered by each such plaintiff so that this withheld amount may be used as a fund from which future fee and cost awards may be made to the Common Benefit Attorneys. In the event defendants do not make such withholding, Plaintiff and Plaintiff's Participating Counsel shall deposit or cause to be deposited in the MDL 2789 Fund a percentage of the gross amount recovered by each such client that is equal to the holdback percentages set

3

forth herein. Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to Plaintiffs' Leadership Group a lien upon and/or a security interest in any fee (a) generated as a result of any recovery by any client who they represent in connection with any claims associated with this MDL, to the full extent permitted by law, in order to ensure that the Common Benefit Attorneys are compensated and reimbursed as ordered by this Court. Participating Counsel shall undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

This Order does not constitute a final fee determination or award of costs. Such final determinations may vary, in light of the nature of the plaintiff, the type of recovery, and other circumstances. Any funds remaining in the Accounts in excess of final determinations of fees and costs will be returned to Participating Counsel and individual plaintiffs. *See Turner v. Murphy Oil USA, Inc.*, 422 F. Supp. 2d 676, 681 (E.D. La. 2006); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2015 WL 2165341, at *4 (D. Kan. May 8, 2015), *In re Genetically Modified Rice Litig.*, No. 4:06 MD 1811 CDP, 2010 WL 716190, at *7 (E.D. Mo. Feb. 24, 2010), aff'd, 764 F.3d 864 (8th Cir. 2014). Thus, at this point in the litigation, with recovery uncertain, the benefits of setting aside funds for the payment of the Common Benefit Attorneys, who are performing valuable legal services for the benefit of all plaintiffs, outweighs any potential harm.

IT IS SO ORDERED, this __5th__ day of August, 2021.

CLAIRE C. CECCHI
United States District Judge