# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

January 29, 2025

*VIA ECF*

Honorable Renée Marie Bumb                Honorable Thomas I. Vanaskie (Ret.)
United States District Court              Special Master
Mitchell H. Cohen Building and            Stevens & Lee
 U.S. Courthouse                          1500 Market St., East Tower,
Courtroom 3D                               Suite 1800
4th and Cooper Streets                    Philadelphia, Pennsylvania 19103
Camden, New Jersey  0810

Re:    *In re Valsartan, Losartan, and Irbesartan Liability Litigation*,
       **Case No. 1:19-md-02875-RBK (D.N.J.)**

Dear Chief Judge Bumb and Judge Vanaskie:

Please accept this letter on behalf of Plaintiffs in advance of the January 31, 2025 case management conference.

## 1.  Update on ZHP certificates of analysis, material safety data sheets.

The Parties are continuing to meet and confer regarding a potential stipulation with regard to the certificates of analysis and material safety data sheets. Plaintiffs

Honorable Renée Marie Bumb, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
January 29, 2025
Page 2

will be prepared to discuss the most up-to-date status on this issue at the case management conference.

**2. Update on ZHP document retention policies.**

The Parties are continuing to meet and confer on this issue.

**3. DFS deficiencies for Roberts case.**

ZHP's DFS did not adequately identify the batches and lots and relevant testing, from which the valsartan used by Mr. Roberts was produced. This information is fundamental to the case, including, for example, to identify the range of NDMA in the pills ingested by Mr. Roberts for purposes of the specific causation expert reports. ZHP advised previously that they had made progress and had information to provide to narrow the issue but that has not been received to date. Plaintiffs hope to be able to resolve this issue without requiring a decision from the Court, but there is a significant concern that any further delay will impact the ability of Plaintiffs to finalize their specific causation expert reports.

**4. Revised deposition designations.**

On October 21, 2024, Plaintiffs provided ZHP updated deposition designations for Min Li for use at the upcoming personal injury bellwether trial. ZHP has not provided any responses to these designations. The Court should require ZHP to provide full and complete responses by February 7, 2025. Plaintiffs will be

Honorable Renée Marie Bumb, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
January 29, 2025
Page 3

providing further amended designations to ZHP for additional witnesses and request

an order that ZHP respond on a timely basis moving forward.

**5. PFS order to show cause process.**

The Parties agree that the Court should follow the PFS order to show cause

process outlined in Case Management Order No. 16 (ECF 249) when the Court

determines to reinstate that process.

**6. Product ID issue raised by Defendants.**

The Parties are meeting and conferring with regard to how Defendants should

address cases in which they do not believe there is adequate product identification

for a specific defendant, beginning with a meet and confer on each particular case

where this issue may be raised.

**7. Wave 2 replacement cases.**

Plaintiffs request that The Court continue to pick cases for Wave 2 randomly.

The cases remaining available for Wave 2 are:

- *Crawford*
- *Weygandt*
- *Lee*
- *Bonmon*

Defendants apparently intend to ask for the right to select the replacement cases.

Plaintiffs disagree.  Defendants have excluded 16 cases due to their refusal to waive

Honorable Renée Marie Bumb, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
January 29, 2025
Page 4

*Lexecon* while Plaintiffs have excluded 2 cases.[1] If case selection is not completed by random selection, fairness dictates that Plaintiffs should choose the remaining cases for Wave 2, given Defendants' overuse of strikes. Once the Wave 2 cases are finalized, the Parties will meet and confer to establish a schedule for these cases.

### 8.  Wave 3 and Wave 4 bellwether cases.

The Parties have begun to meet and confer on the next waves of cases.  The Parties agreed that this issue should be discussed further and then addressed with the Court once wave 2 is set.

### 9.  Plaintiffs' common benefit motion (if raised by Defendants).

Defendants have raised minor issues with Plaintiffs' common benefit motion and proposed order.  Plaintiffs have agreed to meet and confer to resolve those issues without affecting the current motion schedule.  Based on the initial meet and confer that seems to be likely.

Respectfully,

ADAM M. SLATER

Cc: All counsel of record (via ECF)

---

[1] Defendants exclusions: *Pizzolato, Svebek, Ramirez, Hanna, Kinkela, Stephens, Briones, Fields, Murga, Dawson, Ochs, Welch, Kennedy, Brown, Ganim, Guillory,* and *Murawski*. Plaintiffs exclusions: *Dufrene* and *Meeks*. An additional 2 cases have been excluded for lacking diversity: *Pate* and *Murawski*.