

Victoria Davis Lockard
Tel 678.553.2103
Fax 678.553.2104
lockardv@gtlaw.com

February 14, 2025

**VIA ECF**

Special Master the Honorable Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

Re: *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation.*, U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875

Dear Special Master Vanaskie:

Pursuant to Your Honor's instructions in ECF No. 2969, this letter is to provide Defendants' proposed schedule for bringing the Wave 2 bellwether cases to trial.

**Defendants' Proposed Schedule for Wave 2 Bellwether Cases**

Following the Court's instructions at the January 31, 2025 Case Management Conference ("CMC") and ECF No. 2969, Plaintiffs submitted a letter to the Court on February 3, advising that they were in agreement with Defendants that the Robert Lee case should be included in the Wave 2 bellwether cases and that "Plaintiffs

Special Master the Honorable Thomas Vanaskie
Page 2

further agree with Defendants that Wave 2 should consist of four (4) cases total: Robert Garcia (Case No. 1:20-cv-07957), James Suits (Case No. 1:20-cv-06547), Evon Smalls (Case No. 1:20-cv-08199) and Robert Lee (Case No. 1:20-cv-19843)." (*See* Exhibit A).

Subject to the contingencies discussed below regarding the promised dismissal of downstream defendants, Defendants remain in agreement that these four cases (*Garcia*, *Lee*, *Smalls*, and *Suits*) should constitute the Wave 2 bellwether pool matters to be worked up for trial in advance of a potential November 2025 trial setting.

Defendants note that downstream defendants with non-waived *Lexecon* rights are named in *Garcia* and *Lee*, and the agreement to proceed with these cases as Wave 2 bellwether pool matters is contingent on Plaintiffs effectuating formal dismissal of those entities from these matters. Plaintiffs' counsel stated during on a meet and confer call held earlier this week that the individual Plaintiffs have agreed to dismiss these entities, but as of this filing, no dismissals have been entered. Defendants request that the Court set a date by which those dismissals must be formalized.

Upon agreement as to those four Wave 2 bellwether cases, ZHP and Teva, the Defendants in the four proposed Wave 2 bellwether cases, prepared and shared with Plaintiffs the proposed case management schedule set forth below. Defendants' proposed deadlines for the Wave 2 pool are set forth in the third column, in red. The

Special Master the Honorable Thomas Vanaskie
Page 3

deadlines and dates the Court previously approved for workup of the *Roberts* case in ECF No. 2937 are delineated in the second column. As the Court can see, Defendants attempted to preserve the cadence and timing of the *Roberts* schedule wherever possible, with a few exceptions discussed below. This proposed schedule was shared and discussed with Plaintiffs' counsel on February 12, 2025.

| Trial Event (ECF No. 2937) | Roberts Deadline | Proposed Wave 2 BW Deadline |
|---|---|---|
| Deadline to amend Plaintiff Fact Sheet | 12/2/2024 | 2/28/2024 |
| Close of case-specific fact discovery | 2/14/2025 | 4/14/2025 |
| Deadline for Plaintiff to designate experts and serve expert report(s) | 2/28/2025 | 4/14/2025 |
| Deadline for Defendants to designate experts and serve expert report(s) | 3/31/2025 | 5/12/2025 |
| Depositions of experts | 4/1/2025-4/28/2025 | 5/13/2025 – 6/13/2025 |
| Close of expert discovery | 4/28/2025 | 6/13/2025 |
| Deadline for parties to exchange deposition designations | 5/1/2025 | **7/31/2025[1] (Completion of rolling exchange)** |
| Deadline to file: (i) Rule 702 motions; and (ii) summary judgment motions | 5/12/2025 | 6/27/2025 |
| Deadline to submit deposition designations, objections, and counter-designations to the Court | 5/30/2025 | **8/29/2025** |
| Deadline to file oppositions to: (i) Rule 702 motions; and (ii) summary judgment motions | 6/16/2025 | 7/25/2025 |

---

[1]   Defendants originally proposed a different date for the exchange of deposition designations. Upon review of Plaintiffs' proposed schedule, Defendants agree that deadlines of 7/31/2025 to complete the rolling exchange of deposition designations and the 8/29/2025 deadline to submit disputed designations to the Court are appropriate. Thus, the parties are not in dispute on this issue.

Special Master the Honorable Thomas Vanaskie
Page 4

| | | |
|---|---|---|
| Deadline to file replies in further support of: (i) Rule 702 motions; and (ii) summary judgment motions | 7/2/2025 | 8/15/2025 |
| Parties to submit (joint or separate if no agreement) position statement(s) to Court on proposed selection of Wave 2 bellwether trial case | | 1-week after the Court's ruling on Rule 702/MSJs |
| Deadline to file motions in limine | 7/14/2025 | 9/17/2025 |
| Deadline to file oppositions to motions in limine | 7/31/2025 | 10/1/2025 |
| Deadline to submit joint final pretrial order | 8/11/2025 | 10/10/2025 |

On February 14 (the date on which the parties' proposals were due), Plaintiffs responded with a counter-proposal that would: (1) reduce the trial pool to two cases; (2) back-end expert discovery and briefing; and (3) culminate in a multi-plaintiff trial. Defendants respectfully submit that their proposal would achieve the goals of the Court's bellwether trial process, while Plaintiffs' proposal would not.

First, Defendants' proposal has more workable and logical deadlines. The four cases in the bellwether pool involve gastrointestinal cancers, and a threshold question will be whether the valsartan pills at issue can cause those cancers. Defendants therefore believe it is important to ensure that the Court has adequate time to assess Rule 702 challenges before trial. This is particularly so because resolution of Rule 702/summary judgment motions will likely inform which case the Court ultimately sets for trial and that needs to be accomplished with sufficient time before trial. Defendants are also mindful that the Court will be holding the *Roberts* trial starting September 9, 2025 and will thus be occupied with that matter.

Accordingly, Defendants proposed condensing the first set of deadlines for completion of case-specific fact discovery and Plaintiffs' deadline to designate experts and serve expert reports in order to allow enough time for briefing and consideration of expert and summary judgment motions.

Second, Plaintiffs' counsel have now indicated that they intend to ask the Court to abandon the planned workup of four cases identified by Judge Vanaskie (and agreed to by Plaintiffs in their February 3, 2025 letter to the Court (*see* Exhibit A)) and propose instead that the Court select just one or two cases to be set for the second bellwether trial. This proposal undermines the Court's goal of learning as much as possible about different types of cases; it would undo months of negotiations by the parties and Judge Vanaskie; and it would dramatically increase the risk that no case will remain to be tried in November 2025. The point of working up four cases through discovery and motion practice, in addition to *Roberts*, is to better understand different types of cases and increase the likelihood that the Court has a case available to try in this calendar year. (*See* 1/31/2025 Hrg. Tr. at 32:4-9 (Defendants expressing objective of "ensur[ing] that when we get to the end of this year, when we have tried the first bellwether case, that the Court has an appropriate case that it can select for the Wave 2 bellwether pool.")). The parties and Judge Vanaskie have proceeded through an exhausting process of arriving at four cases which the parties agreed (as of last Monday) can constitute the Wave 2 bellwether

Special Master the Honorable Thomas Vanaskie
Page 6

pool. (*See id.* at 29:14-32:22; Exhibit A). Prior to Plaintiffs' 11th-hour request to revisit the pool, Defendants agreed that four matters, including three cases involving both ZHP and Teva, was a sufficient number to workup in connection with Wave 2. (1/31/2025 Hrg. Tr. at 33:24-34:12.) Plaintiffs not only failed to object to this number, they affirmatively agreed in their letter to Judge Vanaskie that "Wave 2 should consist of four (4) cases total." (Exhibit A). The Court should decline to revisit the past four months of negotiations and revise the size of the bellwether pool at this time.

Finally, Plaintiffs' counsel have also indicated that they intend to ask the Court to set a multi-plaintiff trial in November, instead of the previously contemplated single-plaintiff trial.

As the Court will recall, Plaintiffs raised the multi-plaintiff trial proposal with Your Honor before the October 22, 2024 CMC. (*See* ECF No. 2911 at 3). After consideration and argument by Defendants pointing out the numerous prejudicial issues associated with a multi-plaintiff trial, the multi-plaintiff proposal was rejected by the Court: "I'm not inclined to recommend that there be multi-plaintiff trials. I think they should be single-plaintiff trials." (10/22/2025 Hrg. Tr. at 17:18-20; *see id.* at 11:12-16:25.) The parties then spent the past four months negotiating and submitting briefs to the Court in order to identify a bellwether pool in advance of a single-plaintiff trial. Plaintiffs' letter to Your Honor on February 3, 2025, confirmed

Special Master the Honorable Thomas Vanaskie
Page 7

Plaintiffs' agreement with Defendants' proposal introduced at the January 31, 2025 CMC and stated that "Plaintiffs further agree" to proceed with four individual Plaintiff cases as the Wave 2 bellwether pool. (Exhibit A). The obvious explanation is that Plaintiffs seek a two-plaintiff trial because they believe that doing so will increase their likelihood of prevailing at trial. Needless to say, if the purpose of a bellwether process is to understand case value, stacking the deck against one party would obviously not promote that objective.

Plaintiffs' belated request to reconfigure the Wave 2 bellwether pool and include multi-plaintiff trials should be denied for the same reasons discussed at the October 22, 2024 CMC. To the extent the Court is inclined to reconsider its decision, Defendants request that an appropriate briefing schedule be set to address Plaintiffs' consolidation proposal. (*See* 10/22/2024 Hrg. Tr. at 14:6-18.) Defendants appreciate that such briefing would slow down trial preparation, but it is critical to allow Defendants to address due process and other concerns with Plaintiffs' proposal.

For all of these reasons, Teva and ZHP respectfully request that the Court enter an order finalizing the Wave 2 bellwether pool of four (4) single plaintiff cases and enter Defendants' proposed case management schedule so that the parties can commence with preparing these cases for trial, consistent with the Court's prior direction.

Special Master the Honorable Thomas Vanaskie
Page 8

                Sincerely,

                */s/ Victoria Davis Lockard*
                Victoria Davis Lockard, Esq.

cc: All counsel of record (via ECF)