[Docket No. 2960]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | **MDL No. 2875**<br><br>**HON. RENEE MARIE BUMB** |
| **THIS DOCUMENT RELATES TO ALL CASES** | |

## CASE MANAGEMENT ORDER NO. 37

### ORDER ESTABLISHING COMMON BENEFIT ASSESSMENTS AND COMMON BENEFIT FUND

The Court previously entered Case Management Order No. 4, Time and Expense Reporting of Common Benefit Fees and Related Costs. Based on the Plaintiff Executive Committee's Motion and Brief in Support of Motion to Establish Common Benefit Assessments and Common Benefit Fund, this Order supplements Case Management Order No. 4.

**I.    Assessments and Payments into the Common Benefit Fund**

a. The Assessment Amount of eleven and one-half percent (11.5%) shall be levied from the gross monetary recovery, which is the total amount obtained in settlement or to satisfy any judgment, prior to any and all deductions of any attorney fees or expenses or other amounts from the fund or payment pursuant to the retainer agreement in the individual case, claim, or action ("Gross Monetary

Recovery" or "GMR") in any individual case, claim, or action or aggregate fund for the settlement of individual cases, within the scope of this Order.  The Assessment Amount of eleven and one-half percent (11.5%) deducted from the total GMR constitutes two percent (2%) for common benefit costs and expenses, and nine and one-half percent (9.5%) for common benefit attorney work.

      b.     In calculating the GMR for an individual case, claim, or action, all sums to be obtained in settlement or pursuant to a judgment in the specific case, claim, or action at issue shall be included, whether for a single case, or a lump sum or aggregate fund for settlement of multiple cases.

      c.     The Assessment Amount shall be deposited into a dedicated account to be maintained in a Qualified Settlement Fund or other appropriate account ("Common Benefit Fund Account"), for ultimate allocation to common benefit law firms and payment of approved common benefit fees and costs and expenses, pursuant to further Order of the Court.

      d.     The attorney fees, costs, and expenses awarded to Plaintiff counsel in connection with a certified class action settlement or judgment within the scope of this Order shall be deposited into the Common Benefit Fund Account, for allocation to common benefit law firms and payment of approved common benefit costs and expenses, pursuant to further Order of the Court.

      e.     The common benefit attorney fees and costs and expenses

awarded to Plaintiff common benefit counsel assessed against the claims of a third-party payor that opts out of a certified class action settlement or judgment within the scope of this Order shall be determined by the Court with regard to each such settlement or judgment, and deposited into the Common Benefit Fund Account, for ultimate allocation to common benefit law firms and payment of approved common benefit costs and expenses, pursuant to further Order of the Court.

      e.      Interest earned on the common benefit fund shall be first utilized to pay the fees and expenses of the QSF or other account, if any, and related administrative expenses that are not paid by the settling Defendant(s), and the remainder distributed pro rata to the common benefit law firms who receive common benefit fee allocations, pursuant to further Order(s) of the Court.

      f.      The cases, claims, and actions within the scope of this Order include: (1) each case filed in this MDL, (2) each claim listed on the Plaintiffs' census of unfiled claims, (3) each case, claim, or action arising from contamination of Valsartan, Irbesartan, or Losartan by nitrosamine impurities, filed in any federal or state court in which an attorney or law firm having filed at least one case, claim, or action in the MDL, which includes listing of a potential case, claim, or action in Plaintiffs' census of unfiled claims, has or had a financial interest, including an attorney or law firm that is co-counsel or referring counsel on at least one case or claim filed or listed in the MDL, other court, or on the census, and (4) each case,

claim, or action enrolled in any settlement program supervised by or otherwise within the jurisdiction of the MDL Court.

      g.     Paying Defendants[1] are directed to withhold the Assessment Amount for each individual case, claim, or action, and the attorney fees and costs and expenses awarded to any Plaintiff counsel in connection with a class action settlement or judgment, including as to opt-outs from such settlements or judgments, from the GMR in any case, claim, or action within the scope of this Order. Paying Defendants are to pay the Assessment Amount directly to the Common Benefit Fund Account as specified above, identifying the plaintiff(s), defendant(s), settlement amount, and calculation of the Assessment Amount or attorney fees and costs and expenses in connection with a class action settlement or judgment, or opt-out therefrom. Where claims are settled through an aggregate settlement or global resolution program, the Claims Administrator shall deduct the Assessment Amount upon receipt of the gross amount and pay that amount to the Common Benefit Fund Account, unless otherwise specified in an Order.[2] Upon payment by a Defendant of

---

[1] Paying Defendants is defined to include the Defendant(s) that have either (1) settled the underlying case or claim and are responsible for distributing the settlement proceeds, and/or (2) are responsible for paying a Judgment entered on the underlying case or claim.

[2] Paying Defendants shall advise Plaintiffs' liaison counsel of any cases or claims that have been settled or reduced to a Judgment, within fourteen days of finalizing a settlement or entry of Judgment, and indicate which of those cases are believed to be subject to the Common Benefit Assessment, with the Assessment Amount (stated as a percentage of GMR) applicable to each, and which are not. Plaintiffs' liaison counsel shall respond to Paying Defendants in writing within fourteen days, and identify each claim or case listed as not subject to the Common Benefit Assessment, which is asserted by Plaintiffs' Liaison Counsel to be subject to an assessment under

the Assessment Amount or attorney fees and costs and expenses from a class action settlement or judgment as set forth herein, that Defendant shall be released from any and all responsibility or liability to any person, attorney, or claimant for payment of the Assessment Amount or attorney fees and costs and expenses from a class action settlement or judgment, or from an opt-out therefrom.[3] For the avoidance of doubt, nothing in this Order shall serve to release a Defendant from any claims brought by, or contractual or common law responsibilities or obligations to, any other Defendant.

      h.     Common benefit fees and expenses are to be allocated solely to the common benefit law firms, as that work is performed and those expenses paid for the common benefit, not for work on individual cases (with the exception of trial related work for individual trial bellwether cases which is common benefit work).

---

this Order, and/or any dispute as to the amount (stated as a percentage of the GMR) of the assessment pursuant to this Order. In the event there is a dispute as to whether the claim or case should be subject to this Order, or the applicable assessment amount, Plaintiffs' Liaison Counsel shall seek to resolve the matter with the particular claimant's counsel and Paying Defendants informally, and if that is unsuccessful, upon motion to the Court.

[3] A Certified Public Accountant ("CPA") from EAG Gulf Coast, LLC, the firm appointed to administer the Common Benefit Fund Account, shall be designated to provide Plaintiffs' Liaison Counsel and Plaintiffs' Co-Lead Counsel monthly reports showing the aggregate deposits into the Common Benefit Fund Account. Paying Defendants shall disclose the amount of each settlement to the CPA only, in order to confirm that appropriate assessments have been deposited into the Common Benefit Fund Account, and shall cooperate with the CPA to answer any questions necessary for the CPA to account for the settlements and the assessment amounts deposited, including the accuracy of the amounts. The CPA may not disclose the amount of any confidential settlement, but shall confirm to Plaintiffs Liaison Counsel and Co-Lead Counsel whether the assessment amounts are correct, and the status of any inquiries to the Paying Defendants. To the extent Plaintiffs' Liaison Counsel or Co-Lead Counsel get any information in this process that reveals the amount of any confidential settlement, they shall maintain the confidentiality of such amounts.

These amounts are not addressed by, or allocated or paid pursuant to, or subject to the individual retainer agreements for plaintiffs and claimants, and shall be allocated solely to the common benefit law firms. Plaintiffs and claimants have no interest in or right to the common benefit fees, costs, and expenses, or notice regarding those amounts.

        i.    The criteria and mechanisms for evaluation and determination of the allocation of the common benefit fund to the common benefit law firms, shall be addressed in a separate Order.

**SO ORDERED** this **19th** day of **February 2025**.

_____
HONORABLE RENÉE MARIE BUMB
CHIEF UNITED STATES DISTRICT JUDGE