[Docket No. 2961]

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 2875 |
| | HON. RENÉE MARIE BUMB |
| THIS DOCUMENT RELATES TO ALL CASES | |

## ORDER ESTABLISHING
### VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY QUALIFIED SETTLEMENT FUND AND APPOINTING FUND ADMINISTRATOR AND CUSTODIAN

Plaintiffs' Executive Committee and Plaintiffs' Steering Committee ("Counsel") having moved the Court to approve the establishment of a Qualified Settlement Fund which meets the requirements and operates within the limitations set forth below and in that Motion, and to appoint a fund administrator and a fund custodian for the fund, and for good cause shown.

The Court orders as follows:

1.    The Valsartan, Losartan, and Irbesartan Qualified Settlement Fund ("QSF") (the "Fund") created through the trust agreement (the "QSF Agreement") attached hereto as Exhibit "A" to the Motion and in accordance with Section 468B of the Internal Revenue Code, the Treasury Regulations promulgated thereunder, and such applicable administrative announcements, notices, and information releases as shall

be published by the Internal Revenue Service from time to time is hereby established. EAG Gulf Coast, LLC, 8550 United Plaza, Blvd. Suite 1001, Baton Rouge, LA 70809, ("EAG"), will serve as the "Administrator" of the Fund (as a "qualified settlement fund") within the meaning of section 1.468B-2(k)(3) of the Regulations ("Fund Administrator"), to administer the Fund and, Western Alliance Bank, 1 East Washington Street, Phoenix, AZ 85004, shall serve as the Custodian of the Fund (the "Custodian").

2.      The Fund shall be a Qualified Settlement Fund as described in Treas. Reg. § 1.468B-1, established by this order, and the Fund shall remain subject to the continuing jurisdiction of this Court. The principal in the Fund shall not be distributed until and only by further order(s) of the Court.

3.      This Court has jurisdiction over this matter under Treas. Reg. § 1.468B-1(c)(1), which states in relevant part that a Qualified Settlement Fund "is established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) of any of the foregoing and is subject to the continuing jurisdiction of that governmental authority."

4.      The Fund Administrator is granted the authority to conduct any and all activities necessary to administer this Fund as described in the Motion and QSF Agreement, which includes the establishment and maintenance of such other sub

accounts as it deems reasonably necessary for the efficient administration and accounting of the Fund.

5.      The Fund Administrator and/or its attorneys shall be indemnified and held harmless against reasonable expenses, costs and fees (including attorney fees), judgments, awards, and liabilities of all kinds incurred by the Fund Administrator from any and all claims made by any person or entity that attempts to assert a right of payment, reimbursement or garnishment against the Fund, except to the extent that it is finally determined by this Court that the Fund Administrator and/or its attorneys was/were negligent or acted with willful misconduct in connection with the administration of the Fund.  Pursuant to Treas. Reg. § 1.468B-1(c)(1), the United States District Court, District of New Jersey, shall exercise continuing jurisdiction over the Fund and shall be the designated venue by operation of law for determination of any and all disputes or liabilities which may arise related to the Fund, the Fund's administration, and any disbursements and/or payments therefrom.

6.      Counsel will not be required to post a bond, provided that all monies received by the Fund, which includes all principal and interest earned thereon, shall be invested by the Fund Administrator in: (a) any obligations of, or any obligation guaranteed as to principal and interest by, the United States of America or any agency or instrumentality thereof; or (b) U.S. dollar denominated deposit accounts with domestic commercial or national banks that have a short term issuer rating on

the date of purchase of "A-1" or better by S&P or "Prime-1" or better by Moody's and maturing no more than 360 days after the date of purchase (provided that ratings on holding companies are not considered as the rating of the bank); or (c) money market accounts or money market funds registered under the Federal Investment Company Act of 1940, whose shares are registered under the Securities Act, and rated "AAAm" or "AAAm-G" or better by S&P, and "Aaa," "Aal" or "Aa2" if rated by Moody's, including any mutual fund for which the Fund Administrator or an affiliate of the Fund Administrator serves as investment manager, administrator, shareholder servicing agent, and/or custodian. Any investment losses realized by investment of the Fund or any portion thereof as aforesaid shall be charged to the Fund. To the extent the Fund Administrator invests any funds in the manner provided for in this paragraph, Plaintiffs and their Counsel, and Fund Administrator shall not be liable for any loss(es) which may be incurred by reason of any such investment (or reinvestment). Such funds should be invested such that the following investment policy is implemented, as appropriate: (i) safety of principal; (ii) zero bank balance exposure through use of custodial/trust accounts (to avoid the risk of bank deposit forfeiture); and (iii) zero sweep disbursement accounts. In no instance will securities held pursuant to this agreement be lent or hypothecated.  The Custodian shall be responsible for following the investment requirements of this paragraph, pursuant to the instructions of the Fund Administrator. Exclusively by future orders of the Court,

upon receipt of directions to distribute funds, the Fund Administrator may direct the Custodian to liquidate appropriate Fund investments and place the funds in an FDIC-insured demand deposit account established with the Custodian consistent with subparagraph 6(c) above, which shall be a zero-balance account used solely for the purpose of making distributions from the Fund.

7.    In some circumstances, counsel entitled to fees from the Fund ("Participating Counsel") may elect to place all or a portion of their contingent legal fees into one of several types of tax-advantaged investments. Similar to a structured settlement annuity for an injured claimant, under certain conditions, Plaintiffs' counsel have the ability to defer fees until a later taxable year.[1] To facilitate attorney fee structure(s), if any, the Fund, by and through the Fund Administrator, may purchase and assign any attorney's fees, whether "qualified"[2] or "non-qualified"[3]. Any "qualified" structured settlement shall be issued by a life insurance company

---

[1] *See Childs v. Commissioner,* 103 T.C. 634 (1994), *aff'd*, 89 F.3d 856 (11th Cir. 1996).

[2] Structured Settlement Payments are assigned to a qualified assignee by entering into qualified assignments of such structured settlement payments within the meaning of Section 130(c) of the Internal Revenue Code. The qualified assignee shall, respecting each person who is to receive periodic payments under a settlement agreement, purchase one or more qualified funding assets within the meaning of Section 130(d) of the Internal Revenue Code to fund any structured settlement payments assigned to the qualified assignee.

[3] A non-qualified assignment does not rely upon nor must it comply with Internal Revenue Code Section 104 and/or 130 to effect such assignment. See P.L.R. 200836019.

that holds an issuer credit rating equivalent to a National Association of Insurance Commissioners NAIC 1 designation.

8.    The Fund Administrator shall prepare and deliver to Co-Lead Counsel quarterly Fund Statements ("Statements"). The Statements shall include a statement of receipts, investment earnings, and disbursements. The Fund Administrator shall provide the Statement no later than ten (10) business days following a request therefore. Co-Lead Counsel shall be prepared to submit these to the Court upon request.

9.    Any disbursement or payment from the Fund to Participating Counsel shall be by future orders of this Court. As related to the aforementioned orders, the Fund Administrator shall have the right to rely upon any affidavit, certificate, letter, notice, electronic mail or other document provided to the Fund Administrator by Plaintiffs' Co-Lead Counsel and in the Fund Administrator's reasonable judgement believed to be genuine and sufficient. By way of example, this may include but is not limited to, wire instructions, IRS Form W-9, Fee Committee communications, payment instructions, fee deferment instructions, and the like. In conjunction with and appurtenant to any future orders of the Court, should the Fund Administrator receive any communication by electronic mail, the Fund Administrator shall verify the authenticity of the electronic mail by verbal confirmation from Co-Lead Counsel.

10.    Upon completion of all Fund agreements and final distribution of all monies to be paid into the Fund, the Fund Administrator shall take appropriate steps to wind down the Fund and thereafter be discharged by order from any further responsibility with respect to the Fund.

11.    The Fund Administrator will obtain a Federal Taxpayer Identification Number for the Fund upon the entry of this order by the Court establishing the Fund.

**SO ORDERED**, this **19th** day of **February, 2025**,

_____

Hon. Renée Marie Bumb, Chief U.S.D.J.