UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION, | MDL NO. 2875 |
| THIS DOCUMENT RELATES TO: | |
| SUITS, ET AL. V. ZHEJIANG HUAHAI PHARMACEUTICAL CO., LTD, ET AL., CASE NO. 1:20-CV-08189-RBK-JS | HON. RENÉE MARIE BUMB UNITED STATES DISTRICT COURT JUDGE |

## NOTICE OF VIDEOTAPED DEPOSITION OF JAMES MCLOUGHLIN, M.D.

PLEASE TAKE NOTICE that, in accordance with Rule 30 of the Federal Rules of Civil Procedure and the Fact Witness Deposition Protocol in this case (Case Management Order #20, filed November 17, 2020 - Document 632), Defendants Teva Pharmaceuticals USA, Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc. (the "Teva Defendants") and Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US, Inc., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc. (the "ZHP Defendants") will take the deposition upon oral examination of **James McLoughlin, M.D.**, on **April 9, 2025, at 11:00 a.m. Eastern Time**, and continuing until completion, **at Lewis Thomason, 900 South Gay Street, Suite 300, Knoxville, TN 37902**. Counsel who wish to attend remotely will have the option to do so using audio-visual conference technology and should contact Veritext at valsartan@veritext.com to arrange for login credentials to be sent to them prior to the deposition. The deposition shall be videotaped and recorded stenographically and will continue from day to day until completed before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case.

The deponent is further requested to bring to the deposition those items requested in Exhibit A attached hereto.

1

The attorney contact for the deposition is:

>Steven M. Harkins, Esq.
>GREENBERG TRAURIG, LLP
>Terminus 200
>3333 Piedmont Road, NE Suite 2500
>Atlanta, GA 30305
>Telephone: (678) 553-2312
>Email:harkinss@gtlaw.com

| | |
|---|---|
| Dated: April 2, 2025 | Respectfully Submitted, |
| */s/ Nina R. Rose* | */s/ Steven M. Harkins* |
| KIRKLAND & ELLIS LLP | Steven M. Harkins |
| Nina R. Rose (DC Bar No. 975927) | (GA State Bar No. 602256) |
| 1301 Pennsylvania Avenue | GREENBERG TRAURIG, LLP |
| Washington, D.C. 20004 | Terminus 200 |
| Tel: (202) 389-3394 | 3333 Piedmont Road, NE, Suite 2500 |
| Fax: (202) 389-5200 | Atlanta, GA 30305 |
| nina.rose@kirkland.com | Telephone: (678) 553-2312 |
| | Facsimile: (678) 553-2441 |
| *Attorneys for Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US, Inc., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc.* | Email: harkinss@gtlaw.com |
| | *Attorney for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.* |

## **CERTIFICATION OF SERVICE**

I hereby certify that on this April 2, 2025, I caused a true and correct copy of the foregoing Notice of Videotaped Deposition of **James McLoughlin, M.D**. to be filed with the Court's ECF system and served upon counsel of record. I further certify that a copy of the foregoing was served on Plaintiff's counsel by email, with a copy served on all parties via MDL Centrality, on April 2, 2025.

Dated: April 2, 2025

Respectfully Submitted,

*/s/ Steven M. Harkins*
Steven M. Harkins
(GA State Bar No. 602256)
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2312
Facsimile: (678) 553-2441
Email: harkinss@gtlaw.com

*Attorney for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*

## Exhibit A

## DEFINITIONS

1. "You," "your," and any variants thereof means **James McLoughlin, M.D**., his representatives, administrative or personal assistants, agents, legal representatives, and all other persons acting on his behalf or under his supervision.

2. "Plaintiff" shall refer to Plaintiff **Cortney Hook**.

3. "Decedent" shall refer to Decedent **James Suits.**

4. "Defendants" shall refer to named defendants in this case, including Defendants Teva Pharmaceutical Industries Ltd.; Actavis LLC; Actavis Pharma, Inc.; Teva Pharmaceuticals USA, Inc.; Zhejiang Huahai Pharmaceutical Co., Ltd.; Huahai US, Inc.; Solco Healthcare U.S., LLC; Prinston Pharmaceutical Inc.; and any of their directors, agents, servants, employees, and representatives.

5. "Lawsuit" shall refer to *Suits, et al. v. Zhejiang Huahai Pharmaceutical Co., Ltd, et al., Case No. 1:20-cv-08189-RBK-JS*, currently pending in the United States District Court for the District of New Jersey.

6. "Document" shall refer to all writings and recordings, including, but not limited to, any kind of written, printed, typed, electronic, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent, received, or neither, including originals, all copies, and all drafts, and both sides thereof, and including papers, photographs, films, recordings, memoranda, books, pamphlets, corporate manuals, records, accounts, analyses, communications, and all retrievable information in computer storage. Each copy of any such document which bears or omits distinct writings shall be deemed a separate document subject to production hereunder.

7. "Communication" shall mean the transmittal of information in the form of facts,

ideas, inquiries, or otherwise by any means including, but not limited to, in person conversations, phone conversations, messages, letters, emails or any other forms of writing or verbal communications.

8. "Person" shall include any natural person or any business, legal or governmental entity or association.

9. "Relating to" and "related to" shall mean mentioning, describing, discussing, memorializing, concerning, consisting of, containing, evidencing, pertaining to, reflecting, depicting or referring in any way, directly or indirectly, to the subject matter of the request.

10. "Concerning" shall mean containing, evidencing, regarding, referring to, relating to, pertaining to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

11. The singular form of a word shall refer to the plural, and words used in the masculine gender shall also include the feminine or neutral, and vice-versa whenever necessary to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

## **REQUESTS**

You shall bring to the deposition the following documents that are in your possession, control or custody:

1. Your current and up-to-date resume or *Curriculum Vitae*.

2. All medical records of Decedent, including but not limited to, all images (x-rays, films, photographs, videotapes, etc.), tissue slides and samples, other pathology specimens, prescription records, written statements, patient questionnaire and intake forms, employment records, wage records, insurance records, Medicaid, Medicare and disability records, and medical

bills.

3. All documents in your possession, custody, or control relating to the claims or defenses raised in the lawsuit, including, without limitation, any and all correspondence or documents or materials you received from or provided to Decedent, Plaintiff, or Plaintiff's attorneys in the lawsuit.

4. All documents relating to Decedent's medical treatment, including but not limited to medical records, films, test results, notes, call logs, prescription charts, patient notes, CDs, DVDs, and calendar entries.

5. All billing records, including all statements, itemized bills and insurance records relating to Decedent or this lawsuit.

6. All medical information, records and reports, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office records, handwritten notes by doctors and medical personnel and records received from other physicians or healthcare providers relating to the Decedent or this lawsuit.

7. All laboratory, histology, cytology, pathology, radiology, CT scan, MRI or other studies or tests relating to Decedent or this lawsuit.

8. All pharmacy/prescription records, including NDC numbers and drug information handouts/monographs, relating to the Decedent or this lawsuit.

9. All documents you reviewed, referred to, or relied upon in arriving at any of Your medical opinions concerning your treatment and care of Decedent or this lawsuit.

10. All documents created by you or for you related to and/or summarizing the medical history of Decedent.

11. All documents reviewed by you in preparation for this deposition.

12. All photographs or videos of Decedent maintained by you and taken at any time.

13. All correspondence and documents reflecting communications between you and Decedent or you and Plaintiff.

14. All documents received by you from any other physician, health care professional, or healthcare facility from any source, including any of the named Defendants, regarding the lawsuit, the recall of valsartan, valsartan, or any valsartan containing drugs.

15. Any and all documents received from or provided to Harrison Davis Steakley Morrison Jones, PC, located at 5 Ritchie Road, Waco, Texas 76712, including but not limited to any emails, written communications, correspondence, calendar entries, journal articles, medical studies, appointments, or notes regarding Decedent or the lawsuit.

16. Any invoices, statements, or bills, sent to or records of payment made by any attorneys representing Plaintiff, including but not limited to the law firm of Harrison Davis Steakley Morrison Jones, PC, located at 5 Ritchie Road, Waco, Texas 76712.

17. All documents referencing or referring to the valsartan or valsartan containing drugs at issue, including, but not limited to, brochures, clinical studies, journal articles, reference books, DVDs and any other information you have on the valsartan or valsartan containing drugs.

18. All professional educational materials you have received from any of the Defendants and/or any other sources concerning the valsartan or valsartan containing drugs at issue.

19. All documents, medical literature, or other correspondence you have received from Decedent, Plaintiff, or Plaintiff's counsel.

20. All documents, medical literature, journal articles, medical studies, or other

correspondence you have relating to NDMA, NDEA, or any other N-nitrosamine.

\*\*\*