UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>*Evon Smalls v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.*,<br><br>Case No. 1:20-cv-08199-RMB-SAK | MDL No. 2875<br><br>Honorable Renée Marie Bumb<br>District Court Judge |

**NOTICE OF SUBPOENA FOR THE VIDEOTAPED**
**DEPOSITION OF MR. JASON SMALLS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, and for all purposes authorized by the Federal Rules of Civil Procedure, Local Rules, and all other purposes allowed by law, Defendants, through their counsel of record, will be serving a subpoena for deposition upon Mr. Jason Smalls, a non-party to this action (a copy of which is attached hereto). The subpoena requires Mr. Smalls to produce all documents listed in the attached Exhibit A, Schedule of Items to Be Produced, and to appear for a deposition recorded by video and stenographic means remotely via videoconference with Zoom videoconferencing technology at the date, time, and location below:

    **Day/Date:**    Tuesday, April 22, 2025

1

**Time:** 2:00 pm EDT

**Location:** **Via Zoom (link to be provided by court reporter)**

The videotaped deposition will be taken before a court reporter, notary public, or other person duly authorized by law to administer oaths. The deposition will be recorded by stenographic means with real-time capability. The deposition shall continue from day-to-day until completed.

All counsel of record are invited to attend. Please contact the noticing attorney or court reporter if you have not received the necessary credentials, videoconferencing links, and call-in numbers by two calendar days prior to the deposition. Testing and support, if necessary, can be provided to you prior to the proceedings.

Dated: March 31, 2025

Respectfully submitted,

/s/ Nina R. Rose
KIRKLAND & ELLIS LLP
Nina R. Rose (DC Bar No. 975927)
1301 Pennsylvania Avenue
Washington, D.C. 20004
nina.rose@kirkland.com
Tel: (202) 389-3394
Fax: (202) 389-5200

*Attorney for Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US, Inc., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc.*

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| Evon Smalls | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20-cv-08199-RMB-SAK |
| Zhejiang Huahai Pharmaceutical Co., Ltd., et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Jason Smalls
5766 Soft Shell Drive, Lancaster, South Carolina 29720

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: 5766 Soft Shell Drive, Lancaster, South Carolina 29720 | Date and Time: April 22, 2025 at 2:00 pm EDT |
|---|---|

The deposition will be recorded by this method: Stenographic and videographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
Please see attached Exhibit A, Schedule of Items to Be Produced

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/31/2025

CLERK OF COURT

OR

_____          /s/ Nina R. Rose
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Zhejiang Huahai Pharmaceutical Co. Ltd. , who issues or requests this subpoena, are:
Nina R. Rose, 1301 Pennsylvania Ave. Washington, DC 20004; nina.rose@kirkland.com; (202) 389-3394

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-cv-08199-RMB-SAK

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[Print] [Save As...] [Add Attachment] [Reset]

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## SCHEDULE OF ITEMS TO BE PRODUCED

### DEFINITIONS

The following definitions, which have been included in alphabetical order for ease of reference, apply to each of the following instructions and requests for production and inspection:

1. The term "DEFENDANTS" means Zhejiang Huahai Pharmaceutical Co, Ltd., Huahai US, Inc., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc.

2. The term "DEVICE" means each and every smartphone, tablet, video game console, computer, laptop computer, desktop computer, and any and all similar tangible object, device, or box that includes an operating system that can hold, store, receive, and transmit data.

3. The term "DOCUMENT" or "DOCUMENTS" refers to each and every writing or record, however produced or reproduced, whether draft or final, original or reproduction, paper or electronic, signed or unsigned, that is in YOUR possession, custody, or control or to which YOU otherwise have access, regardless of where located (e.g., paper, DEVICE, compact disk, computer disk and drive, etc.), INCLUDING any communication (INCLUDING all forms of information transference written, oral or electronic, INCLUDING meetings, conferences,

3

conversations, discussions, proposals, solicitations, interviews, correspondence, text messages, all other electronic messages and notes, as well as memoranda and records of communications), correspondence, emails, electronic information, data, letters, cellphone data, screenshots, screen time data or information, location information, search histories, journals, photographs, tape recordings, video recordings, movies, other data compilations from which information can be obtained, all materials similar to any of the foregoing, and all other DOCUMENTS and things subject to production under the Federal Rules of Civil Procedure.

4. The term "INCLUDING" or "INCLUDES" shall be interpreted so as to identify a non-exhaustive set of examples (i.e., "INCLUDING") and to expand the meaning or interpretation of a term or question rather than limit any request to the specified examples.

5. The term "LAWSUIT" refers to the above-captioned matter.

6. The term "ONLINE MEDIA & COMMUNICATIONS SERVICE" means any websites or applications that enable users to create, share and view content, participate in social networking, send and receive messages, or interact with one another in any form (e.g., text, images, audio, videos, etc.).This INCLUDES, but is not limited to, Facebook, Instagram, Snapchat, TikTok, YouTube, YouTube Kids, Band, Discord, Facebook Facetime, FamilyApp, GameChanger, GroupMe, Heia, iMessage, Kik, LINE, Microsoft Teams, Oovoo,

Pinterest, Reddit, Signal, Slack, Sportlyzer, SportsEngine, sportsYou, StackSports, Teamer, TeamsReach, TeamsApp, TeamSnap, Telegram, Threads, Tumblr, Viber, WeChat, X (formerly known as Twitter), Yik Yak, and Zoom.

7.  The term "PLAINTIFF" refers to Ms. Evon Smalls, acting individually or jointly with any other person or entity, as well as any person acting on Ms. Smalls' behalf in any capacity, INCLUDING any employee, agent, investigator, or representative.

8.  The term "RELATE TO" refers to constituting, comprising, concerning, containing, reflecting, setting forth, showing, disclosing, describing, explaining, summarizing, referring to, supporting, contradicting, proving, disproving, or tending to prove or disprove, directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the discovery rules contained in the Federal Rules of Civil Procedure. These terms should be construed to apply not only to the events to which they refer directly, but also to all meetings, discussions, contacts, and other communications concerning those events, either with or between YOU and third persons.

9.  The terms "YOU" and "YOUR" refer to Mr. Jason Smalls, acting individually or jointly with any other person or entity, as well as any person acting on YOUR behalf in any capacity, INCLUDING any employee, agent, investigator, or representative.

10. In these requests, whether or not these defined words are capitalized, the singular shall include the plural, and the plural shall include the singular; "AND" shall include "OR," and "OR" shall include "AND"; "ANY" shall include "ALL," and "ALL" shall include "ANY."

## INSTRUCTIONS

The following instructions apply to all of the Requests below and are incorporated into each Request below as if fully set forth therein.

1. YOU must respond to these Requests in accordance and compliance with the Federal Rules of Civil Procedure and any other applicable state law.

2. Each DOCUMENT and thing produced in response to the following Requests shall be marked and organized so as to relate to the DOCUMENT or thing to the specific Request or Requests that seek it.

3. Each Request extends to all DOCUMENTS in YOUR possession, custody, or control, or the possession, custody, or control of anyone acting on YOUR behalf.

## REQUESTS FOR PRODUCTION

Please produce or provide for inspection the items requested below to Nina R. Rose, Kirkland & Ellis, 1301 Pennsylvania Avenue, Washington, DC, 20004, (202) 389-3394, nina.rose@kirkland.com, at least fourteen (14) days prior to the date of YOUR deposition.

1.  All attorney advertisements YOU have seen that RELATE TO the valsartan product liability litigation.

2.  All non-privileged DOCUMENTS in YOUR possession that RELATE TO PLAINTIFF'S LAWSUIT, medical care, or use of prescription and non-prescription medications, INCLUDING, but not limited to, communications between YOU and anyone else, INCLUDING PLAINTIFF, that mention or RELATE TO this LAWSUIT or PLAINTIFF'S decision to file this LAWSUIT.

3.  All DOCUMENTS in which YOU express concerns or opinions about this LAWSUIT or the valsartan product liability litigation on an ONLINE MEDIA & COMMUNICATIONS SERVICE, INCLUDING, but not limited to, communications with the media, governmental entities or employees, and/or any of the DEFENDANTS.

Dated: March 31, 2025               Respectfully submitted,

                                    /s/ Nina R. Rose
                                    KIRKLAND & ELLIS LLP
                                    Nina R. Rose (DC Bar No. 975927)
                                    1301 Pennsylvania Avenue
                                    Washington, D.C. 20004
                                    nina.rose@kirkland.com
                                    Tel: (202) 389-3394
                                    Fax: (202) 389-5200

                                    *Attorney for Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US, Inc., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 31, 2025, a true and correct copy of the foregoing Notice of Subpoena for the Videotaped Deposition of Mr. Jason Smalls was served upon the below counsel of record by e-mail:

**Madeline Pendley**
Levin, Papantonio, Proctor, Buchanan,
O'Brien, Barr & Mougey, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7003
Fax: (850) 436-6003
mpendley@levinlaw.com

*Attorney for Plaintiff Evon Smalls*

Dated: March 31, 2025              Respectfully submitted,

/s/ Nina R. Rose
KIRKLAND & ELLIS LLP
Nina R. Rose (DC Bar No. 975927)
1301 Pennsylvania Avenue
Washington, D.C. 20004
nina.rose@kirkland.com
Tel: (202) 389-3394
Fax: (202) 389-5200

*Attorney for Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US, Inc., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc.*