# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** <br><br> **This Document Relates to the TPP Trial Subclasses** | MDL No. 2875 <br><br> Honorable Renée Marie Bumb, District Court Judge <br><br> **[PROPOSED] ORDER ON ZHP DEFENDANTS' MOTIONS IN LIMINE** |

## ORDER

**THIS MATTER,** having been opened to the Court by Defendants Zhejiang Huahai Pharmaceutical Co., Ltd.; Huahai U.S., Inc.; Prinston Pharmaceutical Inc.; and Solco Healthcare U.S., LLC (collectively, the "ZHP Defendants") for entry of an order excluding certain evidence from trial of this matter, and the Court having considered the submissions of the parties and having heard oral argument, and for good cause shown:

**IT IS** on this ___ day of _____, 2025

**ORDERED** as follows:

1. **COMMUNICATIONS AMONG ZHP EMPLOYEES INVOLVING IRRELEVANT REGULATORY ISSUES**

   The motion is granted. The two documents discussed in the motion shall not be admitted or discussed at trial.

2. **EVIDENCE OR ARGUMENT REGARDING ZHP'S DISCARDING OF VALSARTAN BATCHES C5191-17-023/024**

The motion is granted in part, denied in part, and reserved in part. Plaintiffs may not suggest that the batches at issue were deliberately destroyed in order to hide something or to deprive Plaintiffs of evidence. However, evidence regarding the destruction of valsartan batches C5191-17-023/024 shall be admitted for the limited purpose of showing that ZHP disposed of the out-of-specification valsartan without performing a full investigation, and that the FDA criticized ZHP for disposing of the out-of-specification valsartan without performing a full investigation. (7/23/2024 Tr 71:24-73:21.) The Court reserves the right to issue a limiting instruction should the questioning go beyond the limited scope outlined above. (*Id.* 73:18-20.)

3. **REFERENCES TO EMAIL CORRESPONDENCE BETWEEN CHARLES WANG AND JIM MCDONALD**

The motion is granted in part, and denied in part. Plaintiffs are not permitted to admit email correspondence between Charles Wang and Jim McDonald into evidence, nor are they permitted to summarize or read the correspondence on the record. Plaintiffs will be allowed to elicit testimony from ZHP witness Dr. Min Li regarding his knowledge, if any, of the information contained in the email correspondence between Charles Wang and Jim McDonald. If "there's a dispute about how [that information] was communicated and how [Dr. Li] learned, then the email may come in" depending on the testimony elicited. (7/23/2024 Tr. 77:22-24;

*see also id*. 79:22-80:8; 81:14-25.) If Plaintiffs are permitted to introduce the deposition testimony of Min Li, the parties shall meet and confer to edit the deposition testimony to delete references to the email consistent with this Order. (82:25-84:10.)

                                                                                           _____
                                                                                        Hon. Renée Marie Bumb, U.S.D.J.