# EXHIBIT A

## States in TPP Fraud Subclass Group C

| State | Fraud Law |
|---|---|
| Alaska | Alaska allows for either out-of-pocket damages or benefit-of-the-bargain-damages. *See Turnbull v. LaRose*, 702 P.2d 1331, 1335-36 (Alaska 1985) ("A [fraud] plaintiff should have the opportunity to use either measure [of damages].").<br><br>Benefit of the bargain is difference between actual value and value as represented; out-of-pocket is difference between price induced to pay and market value. *Choi v. State*, 528 P.3d 463, 467-68 (Alaska Ct. App. 2023) (citations omitted) ("In a civil case, a plaintiff who has been injured by fraud is entitled to general damages, which are measured in accordance with either the 'benefit of the bargain' rule or the 'out of pocket' rule. Under the 'benefit of the bargain' rule, a plaintiff is entitled to recover the difference between the actual value of the purchase and the value the purchase would have had if the representations had, in fact, been true. And under the 'out of pocket' rule, a plaintiff will recover 'the price paid for property [the plaintiff] was induced to buy as a result of the misrepresentation, less the market value of the property.' Thus, under both of these approaches for valuing damages, an injured party will recover the actual damages or loss arising from the defendant's conduct, rather than the amount of the defendant's unjust gain."). |
| Arkansas | Either benefit-of-the- bargain damages or out-of-pocket damages are available. *See Smith v. Walt Bennett Ford, Inc.*, 864 S.W.2d 817, 823-24 (Ark. 1993).<br><br>Benefit-of-the-bargain is difference in value between property as represented and actual value, and out-of-pocket is difference between price paid and property's actual value. *Wallis v. Ford Motor Co.*, 208 S.W.3d 153, 155 (Ark. 2005) ("In *Smith v. Walt Bennett Ford, Inc., supra*, we noted that this court has applied two measures of damages for common-law fraud: (1) the benefit-of-the-bargain measure (the difference in value of the property as represented and the property's actual value at the time of the purchase) and (2) the out-of-pocket measure (the difference between the price paid for the property and the property's actual value when received)."). |
| Colorado | Benefit-of-the-bargain rule. *Elk River Assocs. v. Huskin*, 691 P.2d 1148, 1154 (Colo. App. 1984) ("The 'benefit of the bargain' rule, the difference between the value of the property as it actually existed on the day of the sale and its value as it was represented to be, has long been applied as the proper measure of damages for fraud.").<br><br>Benefit of the bargain is the difference in value of **benefits actually received** and value if representations had been true. *W. Cities Broad., Inc. v. Schueller*, 830 P.2d 1074, 1077 (Colo. App. 1991) ("One who suffers injury or loss by being fraudulently induced to enter into a contract may affirm the contractual agreement and seek recovery in tort for damages he suffered as a result of the fraudulent misrepresentations. Such damages may include the value of the loss of the benefit of the claimant's bargain, i.e., the difference between the value of benefits actually received under the contract and the value such benefits would have had if the false representations had been true."), *aff'd*, 849 P.2d 44 (Colo.1993); *accord. Club Matrix, LLC v. Nassi,* 284 P.3d 93, 96 (Colo. Ct. App. 2011) (same). |

| State | Fraud Law |
|---|---|
| Florida | In Florida, either the benefit-of-the-bargain rule or the out-of-pocket rule may be used. *See Minotty v. Baudo*, 42 So. 3d 824, 835 (Fla. Dist. Ct. App. 2010); *Kind v. Gittman*, 889 So. 2d 87, 90 (Fla. Dist. Ct. App. 2004).<br><br>Benefit of the bargain is the difference between the actual value of the property and its value had the alleged facts regarding it been true. *Minotty*, 42 So. 3d at 835 (quoting *Martin v. Brown*, 566 So.2d 890, 891-92 (Fla. Dist. Ct. App. 1990). Out-of-the-pocket damages is the difference between the purchase price and the real or actual value of the property. *Id.* (citation omitted). "Actual value of the property at the time of purchase is a crucial element in the damage equation" under either "benefit-of-the-bargain damages or an out-of-pocket measure of damages." *Morgan Stanley & Co. v. Coleman (Parent) Holdings Inc.*, 955 So. 2d 1124, 1128 (Fla. Dist. Ct. App. 2007) (citations omitted). |
| Idaho | Court can apply whichever of the benefit-of-the-bargain rule and the out-of-pocket-rule that will best provide compensation for damages that were the "natural and proximate" result of the fraud. *Walston v. Monumental Life Ins. Co.*, 923 P.2d 456, 462-63 (Idaho 1996).<br><br>Benefit of the bargain measures damages by difference in value between thing received and thing as represented, while out of pocket limits damages to difference between real value of thing received and price paid or contracted for. *April Beguesse, Inc. v. Rammell*, 328 P.3d 480, 491 (Idaho 2014) ("In fraud claims, Idaho courts have applied the 'out-of-pocket' rule in measuring damages, but have also recognized the existence of a different measure of damages referred to as the 'benefit of the bargain' rule. * * * The benefit of the bargain rule measures damages 'by the difference between the value of the thing actually received and the value it would have had if it were as it was fraudulently represented to be.' * * * The out-of-pocket rule 'limits the recovery of damages to the difference between' the real value of the thing actually received 'and the price paid or contracted for.'") (citations omitted). |
| Iowa | Iowa recognizes two measures of damages for fraud cases: (1) benefit-of-the-bargain plus consequential damages; and (2) out-of- pocket expenses. *See Midwest Home Distrib., Inc. v. Domco Indus. Ltd.*, 585 N.W.2d 735, 739 (Iowa 1998).<br><br>Damages can be calculated multiple different ways. *Putman v. Walther*, 973 N.W.2d 857, 864 (Iowa 2022) ("There are several ways to calculate damages for misrepresentation, including the pecuniary loss suffered as a result of the recipient's reliance upon the misrepresentation, the difference in the value between what was received and what was paid, and the lost benefit of the bargain. * * * Iowa 'recognize[s] two measures of damages for fraud cases: (1) benefit of the bargain plus consequential damages and (2) out of pocket expenses.' [citing *Midwest Home*]."). The benefit-of-the-bargain rule is to make the defrauded party whole and in the same position as if the fraudulent representations had been true whereas the out-of-pocket rule gives the defrauded party the difference between the value of what the party has parted with and the value of what the party has received along with expenses incurred in accepting and then rescinding the agreement. *Midwest Home*, 585 N.W.2d at 7839 ("The purpose underlying the benefit-of-the-bargain rule is to put the defrauded party in the same financial position as if the fraudulent representations had in fact been true. The out-of-pocket-expense rule is an alternative measure of damages applicable when the benefit-of-the-bargain rule will not make the defrauded party whole. * * * This rule gives the defrauded party the difference between the value of what the party has parted with and the value of what the party has received. [] The out-of-pocket-expense rule assumes that the injured party has returned the property and is entitled to the expenses that the party incurred in accepting and then rescinding the agreement."). |
| Louisiana | No cases specifying a measure of damages identified. |

2

| State | Fraud Law |
|---|---|
| Massachusetts | Benefit-of-the-bargain rule is applied where the defrauded party has actually acquired something in a transaction that is of less value than he was led to believe when bargained for, but the rule can be modified to prevent injustice, such as when the plaintiff loses an opportunity to make profit on a security it did not actually acquire. *See Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co.*, 837 N.E.2d 1121, 1135-36 ("[I]n cases of fraudulent or intentional misrepresentation, the usual rule, at least in appropriate cases, is that the injured party receives benefit of the bargain damages" but noting that in circumstances where the defrauded party "did not acquire anything" but rather lost "the opportunity to make a considerable profit on securities it did not own" then "the proper measure of recovery is the pecuniary loss actually suffered as a result of the misrepresentation"); *Crawford-Brunt v. Kruskall*, 489 F. Supp. 3d 1, 3 (D. Mass. 2020) ("The 'benefit of the bargain' measure is usually applied in cases of fraudulent misrepresentation in Massachusetts.")<br><br>Benefit of the bargain measures damages by difference between value of what was received and value as represented. *GTE Prods. Corp. v. Broadway Elec. Supply Co.*, 676 N.E.2d 1151, 1154 (Mass. 1997) ("The general rule on damages in cases like this of intentional (versus negligent) misrepresentation is that the plaintiff is entitled to the benefit of his bargain or 'the difference between the value of what he has received and the actual value of what he would have received if the representations had been true.'") (citation omitted). |
| Minnesota | Generally out-of-pocket measure used, but benefit-of the-bargain damages allowed in economic loss cases. *See Williams v. Heins, Mills & Olson, PLC*, No. A09-1757, 2010 WL 3305017, at *5 (Minn. Ct. App. Aug. 24, 2010).<br><br>Out-of-pocket rule measures difference between actual value of property received and price paid along with any special damages proximately caused by the fraud prior to discovery and expenses incurred in mitigating the damages. *B.F. Goodrich Co. v. Mesabi Tire Co.*, 430 N.W.2d 180, 182 (Minn. 1988) ("Minnesota subscribes to the rule that in transactions giving rise to a misrepresentation action, the damages are to be measured by 'out-of-pocket' loss. * * * In other words, the damages are the difference between the actual value of the property received and the price paid for the property, along with any special damages naturally and proximately caused by the fraud prior to its discovery, including expenses incurred in mitigating the damages. In this state we do not subscribe to the 'benefit-of-the-bargain' rule which allows the plaintiff to recover the difference between the value of the property received and the value to plaintiff that the property would have had if the representation had been true. The difficulty with the benefit-of-the-bargain rule, from this court's perspective, is that determining what plaintiff would have had if the situation had been different too often involves overly hypothetical and speculative proof. We prefer the out-of-pocket rule where 'it is not a question of what the plaintiff might have gained through the transaction but what he lost by reason of defendant's deception.' *Tysk v. Griggs*, 253 Minn. 86, 95, 91 N.W.2d 127, 134 (1958). Nevertheless, we recognize that there may be some instances where the out-of-pocket rule does not work."). |
| New Jersey | Both benefit-of-the-bargain and out-of-pocket damages for fraud are available under New Jersey law. *See Finderne Mgmt. Co. v. Barrett*, 955 A.2d 940, 956-57 (N.J. Super. Ct. App. Div. 2008). Specific rules for calculating damages "must be subordinated to the basic objective of making the injured party whole" and a formula should not be used to defeat a commonsense solution. *See Correa v. Maggiore*, 482 A.2d 192, 198 (N.J. Super. Ct. App. Div. 1984) (citation omitted). |

3

| State | Fraud Law |
|---|---|
| | Benefit-of-the-bargain measures difference between price paid and value as represented, while out-of-pocket measures difference between price paid and actual value of property acquired. *McConkey v. Aon Corp.*, 804 A.2d 572, 588 (Super. Ct. App. Div. 2002) ("The appropriate measure of damages in a fraud or concealment case is a perplexing problem and has been the source of much litigation and concern. Most decisions have focused upon the conflict between the 'out-of-pocket' and 'benefit-of-the-bargain' rules. Under the 'out-of-pocket' principle, recovery is permitted for the difference between the price paid and the actual value of the property acquired. The 'benefit-of-the-bargain' rule allows recovery for the difference between the price paid and the value of the property had the representations been true.") (quoting *Correa*, 482 A.2d at 197). Damages of lost benefit must be established with sufficient certainty. *Id.* |
| New York | Out-of-pocket rule. *See Connaughton v. Chipotle Mexican Grill, Inc.*, 75 N.E.3d 1159, 1163 (N.Y. 2017); *see also Hense v. Baxter*, 79 A.D.3d 814, 816 (N.Y. Sup. Ct. App. Div. 2010) ("Damages [for fraud] are limited to actual loss, not to provide compensation for a possible gain.") (citation omitted). <br><br> Out-of-pocket losses are computed by the difference between the value of the bargain the plaintiff was induced to make and the amount or value of the consideration exacted as the price of the bargain. *Lama Holding Co. v. Smith Barney Inc.*, 668 N.E.2d 1370, 1373-74 (N.Y. 1996) ("'The true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the wrong' or what is known as the 'out-of-pocket' rule . . . . Under this rule, the loss is computed by ascertaining the 'difference between the value of the bargain which a plaintiff was induced by fraud to make and the amount or value of the consideration exacted as the price of the bargain' . . . . Damages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained . . . . Under the out-of-pocket rule, there can be no recovery of profits which would have been realized in the absence of fraud . . . .") (internal citations omitted). |
| North Carolina | Benefit-of-the-bargain rule. *See Shaver v. N.C. Monroe Constr. Co.*, 306 S.E.2d 519, 526 (N.C. Ct. App. 1983). <br><br> Damages are measured by the difference between actual value of the subject of the representation and the value as represented. *Shaver*, 306 S.E.2d at 526 ("The proper measure of damages in this case is the benefit of the bargain, which puts the plaintiff in the same position he would have been had the representation been true. This method allows him to recover the difference between the actual value of the subject of the representation and the value as represented, and has generally been applied in fraud cases."). |
| North Dakota | Benefit-of-the-bargain rule. *See West v. Carlson*, 454 N.W.2d 307, 312 (N.D. 1990). <br><br> "It is well established that the measure of damages for fraud is the difference between what the property received would have been worth if it was as represented and what it was actually worth at the time of sale." *West*, 454 N.W.2d at 312 (citing *Coman v. Williams*, 65 N.W.2d 377 (N.D. 1954)). |
| Ohio | Benefit-of-the-bargain rule. *See Gray v. Gordon*, 117 N.E. 891, 893 (Ohio 1917) (indicating approval of charge that the jury "'will award [plaintiff] as damages so far as shown by the evidence the difference, if any, between the actual value of the property and business of the Majestic Theater at the time of sale and the value of the property if it had been at the time of the sale as it was represented to be.'"). |

4

| State | Fraud Law |
|---|---|
| Oklahoma | Benefit-of-the-bargain rule. *See Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009); *A.A. Murphy, Inc. v. Banfield*, 363 P.2d 942, 946 (Okla. 1961); *see also LeFlore v. Reflections of Tulsa, Inc.*, 708 P.2d 1068, 1077 (Okla. 1985) ("Oklahoma, by decisional law, has adopted a form of the benefit of the bargain measure in fraud actions, allowing the plaintiff to recover the difference between the actual value received and the value the defrauded party would have had if it had been as represented."). |
| Rhode Island | Benefit-of-the-bargain rule. *See Caseau v. Belisle*, No. PC 01- 4441, 2005 WL 2354135, at *9 (R.I. Super. Ct. Sept. 26, 2005) ("It is axiomatic that the 'benefit of the bargain' rule is the proper measure of damages in a claim for fraud or misrepresentation; 'the difference between the actual value of what the defrauded person received and the value which it would have had if it had been as represented.'") (citations omitted). |
| South Dakota | Benefit-of-the-bargain rule. *See Engels v. Ranger Bar, Inc.*, 604 N.W.2d 241, 247 (S.D. 2000) (award of damages to buyer of property for the cost of replacing roof was appropriate where seller concealed nature of leaks during sale). |
| Vermont | Benefit-of-the-bargain rule. *See Cushman v. Kirby*, 536 A.2d 550, 554 (Vt. 1987).<br><br>Measure of benefit-of-the-bargain is the difference between the value of the property as it actually was and its value if it would have been as represented. *Donovan v. Towle*, 134 A. 588, 589 (Vt. 1926) ("The plaintiff was entitled to the benefit of his bargain, and, if entitled to recover, the measure of damages would be the difference between the value of the property as it actually was, and as it would have been, if as represented."). |
| Virginia | Generally, out-of-pocket rule. *See Murray v. Hadid*, 385 S.E.2d 898, 904 (Va. 1989) ("The usual remedy in an action for fraud is to restore the defrauded party to the position he held prior to the fraud."); *see also Klaiber v. Freemason Assocs.*, 587 S.E.2d 555, 558 (Va. 2003) ("[T]he rule as to what constitutes damage for fraud, in any case, may broadly be stated to be that there is no damage where the position of the complaining party is no worse than it would be had the alleged fraud not been committed.") (citation and internal quotations omitted).<br><br>Benefit-of-the-bargain rule applies for commercial transactions involving the transfer of real property. *See Klaiber*, 587 S.E.2d at 558-59 ("Where the alleged fraud occurs in a commercial transaction involving the transfer of real property, we have more succinctly defined the measure of damages as 'the difference between the actual value of the property at the time the contract was made and the value that the property would have possessed had the fraudulent representation been true.'") (citation omitted)<br><br>"If one is defrauded in acquiring property, there are two holdings as to limiting the measure of damages. One is that the defrauded purchaser is entitled to 'the benefit of the bargain,' that is, the difference between the actual value at the time of the transaction and its value had the false representation been |

5

| State | Fraud Law |
|---|---|
| | true. The other theory adopts the 'out-of-pocket' rule, which limits damages to the difference between the actual value of the property misrepresented and the amount the purchaser paid for it." *Celeste v. Bayliss*, No. 4460, 1986 Va. Cir. LEXIS 187, at *9 (Cir. Ct. July 23, 1986) (citation omitted). |
| Washington | Benefit-of-the-bargain rule. *See Enger v. Richards*, 134 Wash. App. 1068 (2006). *But see McRae v. Bolstad*, 178, 646 P.2d 771, 775 (Wash. App. 1982) ("When [a plaintiff] seeks to recover damages not inherent in the 'benefit of bargain' rule, he will be awarded damages for all losses proximately caused by the defendant's fraud."). <br><br> Benefit-of-the-bargain damages are "the difference between the value of the property had it been as represented, and its actual value." *McInnis & Co. v. W. Tractor & Equip. Co.*, 388 P.2d 562, 566 (Wash. 1964) (citing *Salter v. Heiser*, 239 P.2d 327 (Wash. 1951); *Scroggin v. Worthy*, 316 P.2d 480 (Wash. 1957).). |
| Wyoming | Either benefit-of-the-bargain or out-of-pocket. *See Reynolds v. Tice*, 595 P.2d 1318, 1323 (Wyo. 1979) ("The measure of damages for fraud and deceit is normally measured in one of two ways. It is either the difference between the actual value of the property at the time of making the contract and the value it would have possessed if the representations had been true, or it is the difference between the actual value of the property at the time of making the contract and the value of the purchase money or other consideration parted with for the property.") (citation omitted); *Alexander v. Meduna*, 47 P.3d 206, 218 (Wyo. 2002) ("[Damages] are designed to make the individual whole; that is, to place him in the condition he would have been in if the other party had adequately performed the duty owed."); *Triton Coal Co. v. Husman, Inc.*, 846 P.2d 664, 670 (Wyo. 1993) ("However, any damages suffered by Husman for Triton's fraud and negligent misrepresentation were calculated as the difference between the contract price and those out-of-pocket costs incurred which were attributable to Husman's justifiable reliance upon the misrepresentation."). <br><br> Benefit-of-the bargain damages are measured by "the difference between the actual value of the property at the time of making the contract and the value it would have possessed if the representations had been true ." *Reynolds*, 595 P.2d at 1323. Out-of-pocket damages are measured by the "difference between the actual value of the property at the time of making the contract and the value of the purchase money or other consideration parted with for the property." *Id.* |
| District of Columbia | Flexible approach. *See Ludwig & Robinson, PLLC v. BiotechPharma, LLC*, 186 A.3d 105, 114-115 (D.C. 2018) (D.C. allows fraud liability for "damages as naturally and proximately resulted from the fraud, and the proximate result rule should be employed in a flexible manner") (quoting *Espaillat v. Berlitz Schs. of Languages of Am., Inc.*, 383 F.2d 220, 222 (D.C. Cir. 1967)). <br><br> Measure of damages is the difference between the value of the property and the price paid for it and other pecuniary loss suffered as a consequence of the plaintiff's reliance on the misrepresentation. *See Railan v. Katyal*, 766 A.2d 998, 1006 n.7 (D.C. 2001) ("In assessing the pecuniary loss resulting from the falsity of the matter represented, you may include first the difference between the value of the property and the price paid for it, and second, other pecuniary loss suffered as a consequence of the plaintiff's reliance upon the truth of the representation."). |

| State | Fraud Law |
|---|---|
| Puerto Rico | Out-of-pocket rule. *See Bonilla v. Trebol Motors Corp.*, 150 F.3d 77, 87 (1st Cir. 1998) (indicating approval of district court instructing the jury that "damages were to be calculated as the difference between the price paid by plaintiffs and the actual value of the cars received."). |