# EXHIBIT B

## States In TPP Consumer Protection Subclass Group A

| State | Consumer Protection Law |
|---|---|
| Alaska | Damages require an "ascertainable loss of money or property," and measure of damages is three times the actual damages or $500, whichever is greater. *ASRC Energy Servs. Power & Communs.. LLC v. Golden Valley Elec. Ass'n*, 267 P.3d 1151, 1156 n.17 (Alaska 2011) (quoting Alaska Stat. § 45.50.531(a)) ("A person who suffers an ascertainable loss of money or property as a result of another person's act or practice declared unlawful by AS 45.50.471 may bring a civil action to recover for each unlawful act or practice three times the actual damages or $500, whichever is greater. The court may provide other relief it considers necessary and proper."); *see also Borgen v. A&M Motors, Inc.*, 273 P.3d 575, 592 (Alaska 2012) (finding no issue with jury instruction on damages in an Alaska Unfair Trade Practices and Consumer Protection Act case that instructed jury "to evaluate the difference [in value between the motor home as represented and as it actually was] as of the time of purchase in 2004"). |
| Arizona | Measure of damages is actual damages. Punitive damages may be awarded. Attorney's fees are not recoverable. <br><br> "A private individual's relief under the Consumer Protection Act is limited to the recovery of actual damages suffered as a result of such unlawful act or practice." *Peery v. Hansen*, 585 P.2d 574, 578 (Ariz. Ct. App. 1978). "Punitive damages may properly be awarded a plaintiff who recovers for deceptive practices." *Schmidt v. American Leasco*, 679 P.2d 532, 535 (Ariz. Ct. App. 1983) (citing *Sellinger v. Freeway Mobile Home Sales, Inc.*, 521 P.2d 1119 (Ariz. 1974)). Punitive damages "are recoverable in bad faith tort actions when, and only when, the facts establish that defendant's conduct was aggravated, outrageous, malicious or fraudulent." *Swift Trans. Co. of Arizona L.L.C. v. Carman in & for Cnty. of Yavapai*, 515 P.3d 685 (Ariz. 2022) (quoting *Rawlings v. Apodaca*, 726 P.2d 565 (Ariz. 1986)). "We find no authority for awarding fees to a private party in connection with a private action under the Consumer Fraud Act." *Nahom v. Blue Cross & Blue Shield*, 885 P.2d 1113, 1124 (Ariz. Ct. App. 1994). |
| California | Restitution may be available for Unfair Competition Law claims, calculated by the "price paid versus value received. Under California law, where a plaintiff obtains value from the product, the proper measure of restitution is '[t]he difference between what the plaintiff paid and the value of what the plaintiff received.'" *Chowning v. Kohl's Dep't Stores, Inc.*, 735 F. App'x 924, 925 (9th Cir.), *amended on denial of reh'g*, 733 F. App'x 404 (9th Cir. 2018) (quotation omitted); *see, e.g.*, *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 131 (Cal. Ct. App. 2009) (finding damages under California consumer protection statutes are measured by "[t]he difference between what the plaintiff paid and the value of what the plaintiff received"). |

| State | Consumer Protection Law |
|---|---|
| Connecticut | Measure of damages is actual damages attributable to an ascertainable loss of money or property. Conn. Gen. Stat. § 42-110g(a) ("Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper."). |
| Florida | Measure of damages for a person who has suffered a loss as a result of a violation of the statute is actual damages, plus attorney's fees and court costs. Fla. Stat. § 501.211(2) ("In any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages, plus attorney's fees and court costs as provided in § 501.2105. However, damages, fees, or costs are not recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part."); *see Rollins, Inc. v. Heller*, 454 So.2d 580, 585 (Fla. Dist. Ct. App. 1984) (under the Florida Deceptive and Unfair Trade Practices Act "the measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties"). |
| Hawaii | Measure of damages for a consumer injured by an unfair or deceptive act is a sum of not less than $1,000 or threefold damages by the plaintiff sustained, with reasonable attorney's fees and costs of suit, except indirect purchasers injured by an illegal overcharge shall recover only compensatory damages and reasonable attorney's fees and costs of suit. Haw. Rev. Stat. § 480-13(b) ("Any consumer who is injured by any unfair or deceptive act or practice forbidden or declared unlawful by section 480-2: (1) May sue for damages sustained by the consumer, and, if the judgment is for the plaintiff, the plaintiff shall be awarded a sum not less than $1,000 or threefold damages by the plaintiff sustained, whichever sum is the greater, and reasonable attorney's fees together with the costs of suit[, and] (2) May bring proceedings to enjoin the unlawful practices, and if the decree is for the plaintiff, the plaintiff shall be awarded reasonable attorney's fees together with the costs of suit."). In the case of class actions, including actions brought on behalf of indirect purchasers, there is no minimum recovery; it is a complete or partial defense that the illegal overcharge was passed on to others who are themselves entitled to recover; threefold damages in excess of compensatory damages must be allocated according to the court's discretion; and indirect purchasers shall not be awarded less than the full measure of compensatory damages attributable to the indirect purchaser. *See* Haw. Rev. Stat. § 480-13(c). |
| Illinois | Measure of damages is actual economic damages. *See* 815 ILCS 505/10a(a) ("Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper."). Costs and attorney's fees |

| State | Consumer Protection Law |
|---|---|
| | may be awarded. *See* 815 ILCS 505/10a(c) ("[T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party."). |
| Louisiana | Damages require ascertainable loss of money or property. Measure of damages is actual damages, plus costs and attorney's fees.<br><br>*See* La. R.S. § 51:1409(A) ("Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages . . . . In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs. Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs."); *see also Harris v. Poche*, 930 So. 2d 165, 172 (La. Ct. App. 2006) ("[W]e agree with the trial court that once the Harrises proved a claim under the Unfair Trade Practices Act, then at that time they were entitled to seek damages for the difference between the purchase price of the home in November 2001, and the appraised value of the home at the time of trial."). |
| Missouri | Damages require ascertainable loss of money or property. Measure is actual damages, which are normally measured by the benefit of the bargain rule. Punitive damages may be awarded in the court's discretion. Reasonable attorney's fees may be awarded.<br><br>*See* Mo. Rev. Stat. § 407.025(1) ("Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages."); Mo. Rev. Stat. § 407.025(2) ("The court may, in its discretion: (1) award punitive damages; (2) award to the prevailing party attorney's fees, based on the amount of time reasonably expended; and (3) provide such equitable relief as it deems necessary or proper to protect the prevailing party from the methods, acts, or practices declared unlawful by section 407.020."); *see also Fisher v. H & H Motor Grp., LLC*, 611 S.W.3d 335, 343 (Mo. Ct. App. 2020) ("damages under the MMPA are normally measured by the lost benefit of the bargain") (citation omitted); *Hennessey v. Gap, Inc.*, 86 F.4th 823, 829 (8th Cir. 2023) ("Missouri courts generally apply the common-law 'benefit of the bargain' rule to determine whether an [Missouri Merchandising Practices Act] plaintiff has suffered an ascertainable loss" and that said rule "awards a prevailing party the difference between the value of the product as represented and the actual value of the product as received") (citation omitted). |

| State | Consumer Protection Law |
|---|---|
| Nebraska | Measure of damages is actual damages. The court may, in its discretion, increase the award to an amount reasonably related to the actual damages sustained, but for unfair or deceptive acts or practices such increased award cannot exceed $1,000. Plaintiff may recover costs and attorney's fees.<br><br>*See* Neb. Rev. Stat. § 59-1609 ("Any person who is injured . . . may bring a civil action in the district court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion, increase the award of damages to an amount which bears a reasonable relation to the actual damages which have been sustained and which damages are not susceptible of measurement by ordinary pecuniary standards; except that such increased award for violation of section 59-1602 shall not exceed one thousand dollars."); *see also Jenkins v. Pech*, 301 F.R.D. 401, 405 (D. Neb. 2014) ("A person injured in violation of the NCPA may maintain a private right of action to enjoin further violations and to recover his actual damages.") (citing Neb. Rev. Stat. § 59-1609). |
| New Hampshire | Measure of damages is actual damages or $1,000, whichever is greater, plus costs and attorney's fees. For willful or knowing violations, double damages shall be awarded at minimum, and the court may award up to treble damages. For class actions, the court may order actual damages, injunctive relief, and reasonable attorney's fees.<br><br>*See* N.H. Rev. Stat. § 358-A:10(I) ("If the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater. If the court finds that the use of the method of competition or the act or practice was a willful or knowing violation of this chapter, it shall award as much as 3 times, but not less than 2 times, such amount. In addition, a prevailing plaintiff shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court. Any attempted waiver of the right to the damages set forth in this paragraph shall be void and unenforceable. Injunctive relief shall be available to private individuals under this chapter without bond, subject to the discretion of the court."); *Beer v. Bennett*, 160 N.H. 166, 175 (2010) (citing to N.H. Rev. Stat. § 358-A:10). *See also* N.H. Rev. Stat. § 358-A:10-a(I) ("In any action brought under this section [for class actions], the court may order, in addition to actual damages, injunctive or other equitable relief and reasonable attorney's fees."). |
| New York | Measure of damages is actual damages or $50, whichever is greater. Court has discretion to increase damages up to three times the amount of actual damages up to $1,000 for willful or knowing violations. Reasonable attorney's fees are awardable.<br><br>*See* N.Y. Gen. Bus. Law § 349(h) ("In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. |

4

| State | Consumer Protection Law |
|---|---|
| | The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages, up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff."); *see also Hobish v. AXA Equitable Life Ins. Co.*, 2025 WL 83783, at *6 (N.Y. Jan. 14, 2025) (citing to N.Y. Gen. Bus. Law § 349). |
| North Carolina | Measure of damages is actual damages trebled. Trebling of damages is automatic once a violation is shown. Attorney's fees are awardable. Plaintiff cannot recover both punitive damages and treble damages.<br><br>*See* N.C. Gen. Stat. § 75-16 ("[S]uch person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict."); *see also Jennings Glass Co. v. Brummer*, 362 S.E.2d 578, 584 (N.C. App. 1987) ("We therefore hold that plaintiff is entitled to have its actual damages trebled and to an appropriate award of attorney's fees. . . . [A] plaintiff in a case such as this is not entitled to recover both punitive damages and treble damages under [N.C. Gen. Stat. § 75-16]."); *United Lab'ys, Inc. v. Kuykendall*, 335 N.C. 183, 191-95 (1993) (same). |
| North Dakota | Measure of damages is actual damages. Actual damages are defined by the benefit of the bargain rule. If the violation was knowingly committed, treble damages may be awarded and costs, disbursements, and actual reasonable attorney's fees must be awarded.<br><br>*See* N.D. Cent. Code § 51-15-09 ("[T]his chapter does not bar any claim for relief by any person against any person who has acquired any moneys or property by means of any practice declared to be unlawful in this chapter. If the court finds the defendant knowingly committed the conduct, the court may order that the person commencing the action recover up to three times the actual damages proven and the court must order that the person commencing the action recover costs, disbursements, and actual reasonable attorney's fees incurred in the action."); *see also West v. Carlson*, 454 N.W.2d 307, 312 (N.D. 1990) (providing definition of actual damages) (citation omitted). |
| Oklahoma | Measure of damages is the actual damages sustained by the customer and costs of litigation including reasonable attorney's fees. The prevailing party may be awarded up to $10,000 to reimburse for reasonable costs, including attorney's fees, if it is determined, after adjudicating the merits of the private action, that a defense or claim asserted by the non-prevailing party was asserted in bad faith, not grounded in fact, or unwarranted by existing law. If an action is found to be unconscionable, the court may award a civil penalty of not more than $2,000 to plaintiff.<br><br>*See* Okla. Stat. tit. 15, § 761.1(A)-(B) ("The commission of any act or practice declared to be a violation of the Consumer Protection Act shall render the violator liable to the aggrieved consumer for the payment of actual damages sustained by the customer and costs of litigation including reasonable attorney's fees. . . . the court shall. . . . determine whether a claim or |

| State | Consumer Protection Law |
|-------|------------------------|
|  | defense asserted in the action by a nonprevailing party was asserted in bad faith, was not well grounded in fact, or was unwarranted. . . . [u]pon so finding, the court shall enter a judgment ordering such nonprevailing party to reimburse the prevailing party an amount not to exceed Ten Thousand Dollars ($10,000.00) for reasonable costs. . . . if such act or practice is found to be unconscionable, shall render the violator liable to the aggrieved customer for payment of a civil penalty, recoverable in an individual action only, in a sum set by the court of not more than Two Thousand Dollars ($2,000.00) for each violation."); *see also Tibbetts v. Sight 'n Sound Appliance Ctrs., Inc.*, 77 P.3d 1042, 1054 (Okla. 2003) (consumer must show actual damages). |
| Oregon | Damages require an ascertainable loss of money or property. Measure of damages is actual damages or statutory damages of $200, whichever is greater. The court or the jury may award punitive damages, and the court may provide any equitable relief. Reasonable attorney fees and costs may be awarded to the prevailing plaintiff. In any class action, statutory damages may be recovered on behalf of class members only if the plaintiffs in the action establish that the members have sustained an ascertainable loss of money or property as a result of a reckless or knowing use or employment by the defendant of a method, act or practice declared unlawful by ORS 646.608.<br><br>*See* Or. Rev. Stat. § 646.638(1)-(8) ("a person that suffers an ascertainable loss of money or property, real or personal. . . . may bring an individual action in an appropriate court to recover actual damages or statutory damages of $200, whichever is greater. The court or the jury may award punitive damages and the court may provide any equitable relief the court considers necessary and proper. . . . The court may award reasonable attorney fees and costs at trial and on appeal to a prevailing plaintiff. . . . In any class action under this section: (a) statutory damages under subjection (1) of this section may be recovered on behalf of class members only if the plaintiffs in the action establish that the members have sustained an ascertainable loss of money or property as a result of a reckless or knowing use or employment by the defendant of a method, act or practice declared unlawful by ORS 646.608."); *see also Clark v. Eddie Bauer LLC*, 371 Or. 177, 532 P.3d 880, 885 (2023) (citing to Or. Rev. Stat. § 646.638). |
| Pennsylvania | Damages require an ascertainable loss of money or property. Measure of damages is actual damages or one hundred dollars ($100), whichever is greater. The court may award up to three times the actual damages sustained, but not less than one hundred dollars ($100). The court may award costs and reasonable attorney fees.<br><br>*See* 73 Pa. Stat. § 201-9.2(a) ("Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal. . . .may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional |

6

| State | Consumer Protection Law |
|---|---|
|  | relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."); *see also Dwyer v. Ameriprise Fin., Inc.*, 313 A.3d 969, 977-78 (Pa. 2024) (citing to 73 Pa. Stat § 201-9.2); *Stokes v. Gary Barbera Enters.*, 783 A.2d 296, 299 (Pa. Super. Ct. 2001) (affirming damage award under Pennsylvania's consumer protection statute in a case concerning a car dealer's misrepresentation where damages were reduced by the plaintiff's use of the car and its trade in value). |
| Washington | Measure is actual damages, plus costs and reasonable attorney's fees. The award may be increased in the court's discretion up to three times actual damages, but not to exceed $25,000.<br><br>*See* Wash. Rev. Code § 19.86.090 ("Any person who is injured in his or her business or property by a violation . . . may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee. In addition, the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained: PROVIDED, That such increased damage award for violation of RCW 19.86.020 may not exceed twenty-five thousand dollars: PROVIDED FURTHER, That such person may bring a civil action in the district court to recover his or her actual damages, except for damages which exceed the amount specified in RCW 3.66.020, and the costs of the suit, including reasonable attorney's fees. The district court may, in its discretion, increase the award of damages to an amount not more than three times the actual damages sustained, but such increased damage award shall not exceed twenty-five thousand dollars."); *see also Miller v. Amazon.com, Inc.*, 2024 WL 4554410, at *4 (W.D. Wash. Oct. 23, 2024) (citing to Wash. Rev. Code § 19.86.090). |