# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875<br><br>Honorable Renee Marie Bumb, District Court Judge |
| **This Document Relates to the TPP Trial Subclasses** | **[PROPOSED] ORDER ON TPP TRIAL DEFENDANTS' MOTIONS IN LIMINE** |

## ORDER

**THIS MATTER,** having been opened to the Court by Defendants Zhejiang Huahai Pharmaceutical Co., Ltd.; Huahai U.S., Inc.; Prinston Pharmaceutical Inc.; Solco Healthcare U.S., LLC; Teva Pharmaceuticals USA, Inc.; Teva Pharmaceutical Industries Ltd.; Actavis LLC; Actavis Pharma, Inc.; Torrent Pharmaceuticals Ltd.; and Torrent Pharma, Inc. (collectively, the "TPP Trial Defendants") for entry of an order excluding certain evidence from trial of this matter, and the Court having considered the submissions of the parties and having heard oral argument, and for good cause shown:

**IT IS** on this ____ day of, _____, 2025

**ORDERED** as follows:

1. **EVIDENCE, TESTIMONY, REFERENCE, OR ARGUMENT THAT THE JURY SHOULD SEND A MESSAGE TO THE TPP TRIAL DEFENDANTS**

   The motion is granted in part. Plaintiffs shall be allowed to discuss the purpose

of punitive damages, including deterring future misconduct by the TPP Trial Defendants. However, they may not make gratuitous use of the argument, and must inform the Court before offering evidence or argument that relates to punitive damages. (*See* 7/23/24 Tr. 261:18-264:9.)

### 2. REGULATORY ISSUES UNRELATED TO THE PROCESSES ALLEGED TO HAVE CAUSED FORMATION OF NITROSAMINES

The motion is granted. Evidence regarding regulatory issues shall only be admitted to the extent that the issues relate to valsartan, including evidence regarding regulatory issues at the same manufacturing facility that any of the TPP Trial Defendants used to produce valsartan API or valsartan-containing finished dose medications. (*See* 7/23/24 Tr. 264:10-267:11.)

### 3. LITIGATION CONDUCT AND DISCOVERY DISPUTES

The motion is granted, with recognition that Plaintiffs may discuss whether certain documents were included within a witness's custodial file. The Court will ensure that there is no reference or suggestion of document loss or spoliation by any of the TPP Trial Defendants and instruct the jury if necessary. (*See* 7/23/24 Tr.267:17-268:8.)

4. **UNNECESSARY REFERENCES TO CANCER-RELATED TERMS**

The motion is granted. While Plaintiffs may refer to carcinogens and cancer risks in addressing the issue of general causation and the value of valsartan medications, the Court will not allow inflammatory comments about cancer. (*See* 7/23/24 Tr. 268:20-269:13.)

5. **EVIDENCE OR ARGUMENT BASED ON A "REPTILE THEORY"**

The motion is granted. The Court will not allow inflammatory comments and questions. (*See* 7/23/24 Tr. 269:14-271:4.)

6. **EVIDENCE OR ARGUMENT SUGGESTING THAT DEFENDANTS MISLED THE FDA OR COMMITTED FRAUD ON THE FDA**

The motion is granted. Plaintiffs cannot conflate the FDA and the TPPs, or argue that a misrepresentation to the FDA is a misrepresentation to the TPPs. (*See* 7/23/24 Tr. 271:6-272:16.)

7. **EVIDENCE OR ARGUMENT CONCERNING CORPORATE INTENT, MOTIVES AND ETHICS**

The motion is granted. Plaintiffs' experts are precluded from presenting opinions related to Defendants' corporate motives, ethics, or intent. (*See* 7/23/24 Tr. 272:18-273:22.)

8. **EVIDENCE OF STATEMENTS OR ACTIONS BY REGULATORY AGENCIES OUTSIDE THE UNITED STATES**

The motion is granted in part. This evidence is excluded unless there is evidence or testimony that a TPP Trial Defendant relied on a specific statement

of a foreign regulatory agency, in which instance that statement may be admitted. (*See* 7/23/24 Tr. 273:23-276:3.)

9. **EVIDENCE OR ARGUMENT RELATING TO THE ABSENCE OF CROSSCLAIMS OR TO EXISTENCE OF INDEMNIFICATION OBLIGATIONS AMONG DEFENDANTS**

    The motion is granted. The parties will meet and confer regarding ECF No. 2663-27, Exs. 29-30. (*See* 7/23/24 Tr. 276:4-15.)

10. **EVIDENCE OR REFERENCE TO INDIVIDUALS WHO USED VALSARTAN AND DEVELOPED CANCER OR CLAIM ECONOMIC LOSS**

    The motion is granted as agreed. (*See* 7/23/24 Tr. 276:16-18.)

11. **REFERENCE OR TESTIMONY RELATED TO VALSARTAN SOLD OUTSIDE THE UNITED STATES AND API SUPPLIERS OTHER THAN ZHP**

    Granted in part, reserved in part. Motion is granted, with ruling reserved with respect to evidence relating to the "timeline" of Teva's interactions with Mylan regarding Teva's use of Mylan's API following the recall of product containing ZHP's API. Further ruling on this aspect of the motion is reserved pending the Court's review of the evidence presented at trial. (*See* 7/23/24 Tr. 276:20-280:18.)

_____

Hon. Renee Marie Bumb, U.S.D.J.