

Victoria Davis Lockard
Tel 678.553.2103
Fax 678.553.2104
lockardv@gtlaw.com

June 27, 2025

**VIA ECF**

The Honorable Renée Marie Bumb
United States District Court Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

Special Master the Honorable Thomas Vanaskie
Stevens & Lee
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19103

> Re: *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation.*, U.S. District Court for the District of New Jersey; Case No. 1:19-md-02875

Dear Judge Bumb and Special Master Vanaskie:

This letter is to provide Defendants' positions with respect to the topics on the agenda for the Case Management Conference on July 1, 2025. Defendants do not expect the need to discuss any confidential materials as part of these agenda items.

1. **Plaintiffs' Motion for Leave to Reopen TPP Expert Record**

Briefing on Plaintiffs' Motion for Leave to Reopen TPP Expert Record is complete (ECF. Nos. 3053, 3080, 3083), and Defendants will be prepared to address at the July 1, 2025 Case Management Conference.

The Honorable Renée Marie Bumb
Special Master the Honorable Thomas Vanaskie
Page 2

### 2. Plaintiffs Should Be Required To Present Their Expert Witnesses, Including Dr. Hecht, In Person At The Upcoming Roberts Trial

Counsel for Plaintiff in the *Roberts* case have indicated that they intend to seek permission to take a *de bene esse* deposition of their chemistry expert, Dr. Stephen Hecht, to be played in lieu of live testimony at the *Roberts* trial (and potentially other trials moving forward). This request should be denied.

Courts in the Third Circuit have explained that in-person expert testimony is essential because of "the importance for the jury to see and observe the expert's testimony and cross-examination on the issues to determine the expert's credibility and reliability[.]" *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, No. CIV. A. 97-529 MMS, 2000 WL 135129, at *4 (D. Del. Jan. 13, 2000); *see also Woodward v. Babicz*, No. 21-17724 (NLH/EAP), 2022 WL 14838011, at *1 (D.N.J. Oct. 25, 2022) (denying motion to present pre-recorded expert testimony; "[p]resenting an expert remotely or via prerecorded deposition forecloses valuable opportunities for the factfinder to ask questions, assess the expert's credibility, and assign appropriate weight to the substance of the testimony with as few barriers as practicable"). The jury's ability to assess each party's experts fully and fairly will be particularly important in *Roberts*, which has been selected as the first "bellwether" trial in the *Valsartan* MDL proceeding and is designed to help the parties and the Court assess the merit and value of claims alleged in the litigation overall.

In addition, Plaintiff's counsel has not identified to Defendants any compelling reason why Dr. Hecht cannot appear live at trial. To the extent Plaintiff takes the position that Dr. Hecht is unavailable due to his distance from the place of trial, Plaintiff had the ability to select an expert within geographical proximity of the Court but chose not to do so. *See Woodward*, 2022 WL 14838011, at *1 (agreeing that the plaintiff "effectively 'procured' the absence of its expert by

The Honorable Renée Marie Bumb
Special Master the Honorable Thomas Vanaskie
Page 3

selecting one based in Texas despite its ability to select an expert closer to the court") (quoting *Aubrey Roberts Agency*, 2000 WL 135129, at *4).

Nor has Plaintiff identified any "exceptional circumstances" that would allow Plaintiff to present Dr. Hecht's videotaped deposition at trial in lieu of live testimony. *See* Fed. R. Civ. P. 32(a)(4). Defendants appreciate that both parties' experts have busy schedules. But an expert's day-to-day work obligations alone do not constitute the "exceptional circumstances" required to permit the presentation of videotaped expert testimony at trial. *See, e.g.*, *Whitlock v. Allstate Fire & Cas. Ins. Co.*, 635 F. Supp. 3d 371, 381 (E.D. Pa. 2022) (denying motion to present videotaped deposition testimony at trial and observing that "we cannot find it 'exceptional' for a physician to have a full patient load . . . [i]ndeed, having a full work schedule is not a coincidence limited to physicians"); *Flores v. N.J. Transit Rail Operations, Inc.*, No. CIV.A. 96-3237, 1998 WL 1107871, at *5 (D.N.J. Nov. 2, 1998) (denying motion to present pre-recorded deposition testimony; the court "accept[s] that plaintiff's medical experts are specialists in their fields and have busy schedules," but "to accept that such facts constitute 'exceptional circumstances' would eviscerate the presumption in our jurisprudence favoring live testimony").

Further, Plaintiff's experts have long been on notice of the scheduled September 8, 2025 trial date for *Roberts*, which was set by the Court during an **October 29, 2024** case management conference. Plaintiff's counsel did not object to the trial date at that time on the grounds that Dr. Hecht or any other expert witness would not be available; nor have they raised any such objection with the Court in the eight months since then. Plaintiff's experts—including Dr. Hecht—have had more than ample opportunity to arrange their schedules in a manner that enables them to appear at trial, just like Defendants' experts (who are prominent physicians at major university hospitals).

The Honorable Renée Marie Bumb
Special Master the Honorable Thomas Vanaskie
Page 4

Given the importance of the *Roberts* trial, fairness demands that Dr. Hecht and the parties' other experts appear live so that the jury can properly evaluate their credibility and the weight to be given to their opinions. As a result, Plaintiff's request that Dr. Hecht's testimony be presented via videotaped deposition at the *Roberts* trial should be denied. In addition, to the extent Plaintiff requests that the parties be allowed to present pre-recorded expert testimony at any future trial in this litigation, it is premature for the Court to decide whether this would be appropriate given that no additional trial dates have been set.

### 3. CMO-38 PID Deficiencies and Orders to Show Cause

**Cases Addressed at the May 30, 2025 Case Management Conference:**

The Court issued two product identification show cause orders pursuant to CMO-38 returnable at the July 1, 2025 Case Management Conference:

| Plaintiff | Docket | Attorney | Entity(ies) to be Dismissed |
|---|---|---|---|
| 1. Keller, Theodore | 20-cv-6918 | Shrager & Sachs | Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Actavis, LLC; Actavis Pharma, Inc. |
| 2. Lang, Christopher | 24-cv-8254 | Chaffin Luhana LLP | Teva Pharmaceutical Industries, Ltd. |

The issues in the *Lang* matter are resolved because a stipulation of dismissal has been entered; the show cause order may be withdrawn as moot.

The issues in the *Keller* matter remain, and the Requesting Manufacturer Defendants request that the listed entities be dismissed from the matters with prejudice.

The Honorable Renée Marie Bumb
Special Master the Honorable Thomas Vanaskie
Page 5

**Second Listing Cases – Order to Show Cause Requested:**

The following product identification issues remain unresolved. This list was provided to Plaintiffs' leadership on June 18, 2025, and a meet and confer was held on June 25, 2025. Defendants have also been available for further discussion as needed. This is the second time these cases have been listed on this agenda. Accordingly, the Requesting Manufacturer Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why the listed entities should not be dismissed from these cases.

| Plaintiff | Docket | Attorney | Deficiency | Entity(ies) to be Dismissed | Prior Dismissal Request(s) |
|---|---|---|---|---|---|
| 1. Gilchrist, Gregory | 25-cv-1091 | Chaffin Luhana LLP | No Teva Product | Teva Pharmaceuticals USA, Inc. | 5/12/25 |
| 2. Wesley, Mary | 20-cv-8587 | Vogelzang Law | No Teva Product | Arrow Pharm (Malta) Ltd. | 2/28/25 |
| 3. Williams, Jeffrey | 21-cv-16345 | Heninger Garrison | No Teva Product | Arrow Pharm (Malta) Ltd. | 5/12/25 |

**First Listing Cases – Remaining Product Identification Deficiencies:**

The following product identification issues remain unresolved. This list was provided to Plaintiffs' leadership on June 18, 2025, and a meet and confer was held on June 25, 2025. Defendants have also been available for further discussion as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

The Honorable Renée Marie Bumb
Special Master the Honorable Thomas Vanaskie
Page 6

| Plaintiff | Docket | Attorney | Deficiency | Entity(ies) to be Dismissed | Prior Dismissal Request(s) |
|---|---|---|---|---|---|
| 1. Doherty, James | 25-cv-956 | Bernstein Liebhard | No Teva Product<br><br>No recalled Mylan Product | Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Actavis, LLC; Actavis Pharma, Inc.; Arrow Pharm (Malta) Ltd.<br><br>Mylan Laboratories Ltd.; Mylan N.V.; Mylan Pharmaceuticals Inc. | 6/9/25 (Teva)<br><br>6/18/25 (Mylan) |
| 2. Esrig, Teresa | 22-cv-244 | Rios Law Firm | No Teva Product | Teva Pharmaceuticals USA, Inc. | 6/9/25 |
| 3. Floyd, William | 25-cv-2150 | Nigh Goldenberg | No Teva Product | Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Actavis, LLC; Actavis Pharma, Inc.; Arrow Pharm (Malta) Ltd. | 6/9/25 |
| 4. Harris, Rosalind | 25-cv-2063 | Ferrell Law Group | No Teva Product | Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; | 6/9/25 |

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  |  |  |  | Actavis, LLC; Actavis Pharma, Inc.; Arrow Pharm (Malta) Ltd. |  |  |
| 5. Veron Jr., Joseph | 20-cv-8800 | Fleming, Nolen & Jetz | No Mylan Product | Mylan Laboratories Ltd. | 6/18/25 |
| 6. Tolley, Margaret | 21-cv-10130 | Wright McCall | No Mylan Product | Mylan Laboratories Ltd.; Mylan N.V.; Mylan Pharmaceuticals Inc. | 6/18/25 |
| 7. Mantalis, Stelios | 23-cv-14463 | Nigh Goldenberg | No Mylan Product | Mylan Laboratories Ltd. | 6/18/25 |

**4. PFS Deficiencies and Orders to Show Cause**

**Cases Addressed at the May 30, 2025 Case Management Conference:**

The Court issued six show cause orders pursuant to CMO-16 returnable at the July 1, 2025 Case Management Conference:

1. *Mark McNall v. Aurobindo, et al.* - 23-cv-21327
2. *Roger Fast v. Aurobindo, et al.* - 25-cv-1192
3. *Ronald Gies v. Hetero Drugs, et al.* - 25-cv-1186
4. *James Doherty v. Aurobindo, et al.* - 25-cv-956
5. *Ladawn Banks v. Aurobindo, et al.* - 25-cv-1159
6. *Michael Anderson v. Aurobindo, et al.* - 24-cv-10799

The issues in the *McNall*, *Fast,* and *Gies* matters remain unresolved, but the parties agree to an extension of the show cause orders until the next case management conference.

The Honorable Renée Marie Bumb
Special Master the Honorable Thomas Vanaskie
Page 8

The issues in the *Doherty*, *Banks*, and *Anderson* matters are resolved, and the show cause orders may be withdrawn.

**Second Listing Cases – Order to Show Cause Requested:**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these cases were previously listed on the agenda for a prior CMC. This list was provided to Plaintiffs' leadership on June 18, 2025, and a meet and confer was held on June 25, 2025. Defendants have also been available for further discussion as needed. Accordingly, Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why these cases should not be dismissed.

|    | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|----|-----------|------------------|----------|--------------|-----------------|
| 1. | Joan Howard v. ZHP, et al. | 25-cv-1191 | Nigh Goldenberg | No medical records. | 5/12/25 |
| 2. | Oscar Jarquin v. ZHP, et al. | 24-cv-11515 | Levin Papantonio | Missing medical expense records. | 5/6/25 |
| 3. | Robert O'Neill v. Aurobindo Pharma, Ltd. | 25-cv-1657 | Stark & Stark | No PFS Filed | PFS Due – 5/7/25 |

The Honorable Renée Marie Bumb
Special Master the Honorable Thomas Vanaskie
Page 9

**First Listing Cases – Remaining Core Deficiencies:**

The following Plaintiff Fact Sheets contain core deficiencies which remain unresolved. This list was provided to Plaintiffs' leadership on June 18, 2025, and a meet and confer was held on June 25, 2025. Defendants have also been available for further discussion as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

|   | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Teresa Esrig v. Torrent, et al. | 22-cv-244 | Rios Law Firm | PFS substantially incomplete.<br><br>No records.<br><br>No authorizations. | 6/9/25 |
| 2. | James Doherty v. Aurobindo, et al. | 25-cv-956 | Bernstein Liebhard | No medical records. | 6/9/25 |
| 3. | Carol Ellis v. Aurobindo, et al. | 25-cv-1839 | Fleming Nolen | Authorizations should be signed by representative. Uploaded authorizations signed by decedent postdate death.<br><br>No insurance authorizations.<br><br>No medical expense records. | 5/23/25 |

| # | Name | Case No. | Firm | Issue | Due |
|---|---|---|---|---|---|
| | | | | No declaration/verification for amended PFS. Declaration/verification signed by decedent postdates death. | |
| 4. | Joseph Veron, Jr. | 20-cv-8800 | Fleming Nolen & Jetz | PFS substantially incomplete

Estate representative must file amended PFS answering all pertinent sections

Must provide undated authorizations | 6/18/25 |
| 5. | William Floyd | 25-cv-2150 | Nigh Goldenberg | Need to fill out Product Start and End Dates properly | 6/17/25 |
| 6. | Rosalind Hatcher Harris | 25-cv-2063 | Ferrell Law Group | PFS substantially incomplete | 6/11/25 |
| 7. | Michael Kopinetz v. Hetero, et al. | 25-cv-1899 | Nigh Goldenberg | No PFS Filed | PFS Due – 5/17/25 |
| 8. | Angela O'Bryant v. Aurobindo, et al. | 25-cv-2157 | Nigh Goldenberg | No PFS Filed | PFS Due – 5/31/25 |
| 9. | Ernest Chiaradonna v. Aurobindo, et al. | 25-cv-2634 | Morgan & Morgan | No PFS Filed | PFS Due – 6/11/25 |

The Honorable Renée Marie Bumb
Special Master the Honorable Thomas Vanaskie
Page 11

| | | | | | |
|---|---|---|---|---|---|
| 10. | Sheldon Heifetz v. ZHP, et al. | 25-cv-2690 | Morgan & Morgan | No PFS Filed | PFS Due – 6/15/25 |
| 11. | Ernest Pointer v. Hetero, et al. | 25-cv-2941 | Peiffer Wolf | No PFS Filed | PFS Due – 6/22/25 |
| 12. | David Martin Michael | 24-cv-8007 | Michael & Burch | No PFS Filed<br><br>Not registered on MDL Centrality | PFS Due – 9/22/2024 |

Sincerely,

*/s/ Victoria Davis Lockard*
Victoria Davis Lockard, Esq.

cc: All counsel of record (*via ECF*)