# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | HON. RENÉE M. BUMB<br>NO. 19-MD-2875 |
| | |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF HETERO VALSARTAN ECONOMIC LOSS CLASS ACTION SETTLEMENT

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement dated February 19, 2025, (the "Settlement Agreement" or "Agreement"), Plaintiffs MSP Recovery Claims, Series LLC and Maine Automobile Dealers Insurance Trust ("TPP Plaintiffs") and Plaintiffs Leland Gildner, Veronica Longwell, Peter O'Brien, Mark Hays, and James Childs ("Consumer Plaintiffs"), (collectively "Plaintiffs" or "Representative Plaintiffs"), individually and as representatives of the Class, and Hetero Drugs, Ltd., Hetero Labs Ltd., Hetero USA, Inc., and Camber Pharmaceuticals, Inc. (defined herein to include their predecessors, successors, subsidiaries and affiliates and each of their past, present and future direct or indirect parent companies, subsidiaries, divisions and affiliates, joint ventures, and each of their present and former officers,

directors, employees, stockholders, partners, owners, and insurers), ("Hetero Defendants") (Plaintiffs and Hetero Defendants are collectively referred to as the "Parties"), it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.   This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Agreement, and all terms used in this Order shall have the same meetings as set forth in the Agreement.

2.   On _____, 2025, the Court issued an Order on Plaintiffs' motion for preliminary approval certifying provisionally the following class:

> All individuals and third-party payors in the United States and its territories and possessions who paid any amount of money for retail purchases of valsartan finished drug formulations manufactured utilizing Hetero Process III Valsartan API (the "Process III Valsartan") from May 1, 2018 to July 31, 2018.

[D.E. __]. This encompasses all claims for economic loss advanced, or that could have been advanced, by the Representative Plaintiffs, on behalf of any and all Settlement Class Members, related to the sales by the Hetero Defendants of the Process III Valsartan.  This Class does not encompass any claims for medical monitoring or personal injury related to purchase or use of Hetero Process III Valsartan, or any claims related to purchase or use of Hetero Losartan, which claims are expressly excluded.

3.   Persons excluded from the Class are: (a) Hetero Defendants and affiliated entities and their employees, officers, directors, and agents; (b) Hetero

2

Defendants' assigns, and successors; (c) All federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans; (d) Pharmacy Benefit Managers ("PBMs"); (e) Any judge or magistrate presiding over this action, and members of their families; (f) Plaintiffs' counsel of record; (g) Any personal injury plaintiff or claimant; and, (h) All persons who properly execute and file a timely request for exclusion from any Court-approved class.

4. The Court previously appointed Named Plaintiffs MSP Recovery Claims, Series LLC and Maine Automobile Dealers Insurance Trust and Plaintiffs Leland Gildner, Veronica Longwell, Peter O'Brien, Mark Hays, and James Childs to serve as Class Representatives on behalf of the Settlement Class.

5. In the same order, the Court appointed consumer class counsel Ruben Honik, Esq., Honik Law, Conlee S. Whiteley, Esq., Kanner & Whiteley, LLP and John R. Davis, Esq., Slack Davis Sanger LLP, and TPP class counsel Jorge A. Mestre, Esq., Rivero Mestre LLP, and Gregory P. Hansel, Esq., Preti Flaherty Beliveau & Pachios, Chartered, LLP, as Class Counsel, for the consumer and TPP classes respectively, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are satisfied by this appointment.

6. This Court has jurisdiction over this litigation, Representative Plaintiffs, all Settlement Class Members, Hetero Defendants, and any party to any agreement that is part of or related to the Settlement.

7. The Notice of Settlement approved by the Court on _____, 2025 [D.E. _], was provided to the Settlement Class Members by emailing, texting and mailing of the Class Notice, supplemented by publication notice, substantially in the manner and form as ordered by the Court.  Pursuant to and in accordance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided to the Settlement Class Members, constitutes due and adequate notice of the Settlement, the Settlement Agreement, these proceedings and the rights of the Settlement Class Members to object to the Settlement, that the notice constituted the best notice practicable under the circumstances, and was sufficient to meet the standards of due process.

8. Settlement Class Members having had due and adequate notice of the proceedings and a full opportunity offered to them to participate in the _[date]_ Fairness Hearing, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment based on the findings herein.

9. The Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were thoroughly informed of the

strengths and weaknesses of the Action, including through discovery and motion practice, and whose negotiations were supervised by an experienced mediator.

10. The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued litigation, does not grant preferential treatment to Representative Plaintiffs, their counsel, or any subgroup of the Settlement Class, and has no obvious deficiencies.

11. The Settlement Class is ascertainable and so numerous that joinder of all members is impracticable. The Settlement Class consists of thousands of class members, and the Settlement Class Members have been determined by objective means.

12. There are questions of law or fact common to the Settlement Class and the claims of the proposed Class Representatives are typical of the claims of the Settlement Class Members. The proposed Class Representatives and each member of the Settlement Class are alleged to have suffered the same injury caused by the same course of conduct. Representative Plaintiffs have fairly and adequately represented and protected the interests of the Settlement Class. Representative Plaintiffs are members of the Settlement Class. Neither Plaintiffs nor Class Counsel

have any conflicts of interest with the Settlement Class Members, and Class Counsel have demonstrated that they have adequately represented the Settlement Class.

13. The questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, as the Settlement substantially benefits both the litigants and the Court, and there are few manageability issues, as settlement is proposed rather than a further trial.

14. Pursuant to Federal Rule of Civil Procedure 23(e), the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Settlement Class Members, taking into account the following factors which, in balance, greatly favor class certification and final approval: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of Defendant to withstand a greater judgment; (8) the range of reasonableness of the Settlement in light of the best possible recovery; and (9) the range of reasonableness of the Settlement to a possible recovery in light of all the attendant risks of litigation. *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

15. The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

16. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement and finds that the Settlement is in all respects, fair, reasonable and adequate to Settlement Class Members and in their best interests. Accordingly, the Settlement shall be consummated in accordance with the terms of the Settlement Agreement.

17. The Court hereby approves the allocation of the Settlement funds as set forth in the Settlement Agreement as proposed by Class Counsel.

18. All economic loss claims arising from the sale of Hetero Process III valsartan against the Hetero Defendants in *In re Valsartan, Losartan, Irbesartan Products Liability Litigation,* Case No. 1:19-md-02875 (MDL No. 2875) as defined and limited in the Settlement Agreement are hereby dismissed with prejudice, and without costs (other than as provided herein.).

19. Upon the Settlement Agreement becoming final in accordance with its terms, Representative Plaintiffs and all Settlement Class Members (on behalf of themselves and their respective past, present and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, and general or limited partners, as well as their past, present, and future respective officers, directors, employees, trustees, insurers, agents, associates, attorneys, and any other representatives thereof,

7

and the predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing), on their own behalf and as assignee or representative of any other entity, unconditionally, knowingly, and voluntarily release, remise, acquit and forever discharge the Hetero Defendants and the Released Parties from the Claims and Liabilities. ("Released Claims").

20. Accordingly, Plaintiffs and Settlement Class Members shall not sue or otherwise seek to establish or impose liability against the Hetero Defendants or Released Parties for Released Claims, including any and all economic loss claims arising from the sale of Hetero Process III valsartan, regardless of legal theory, that was or could have been asserted in this Action or otherwise.

21. As set forth in the Settlement Agreement, notwithstanding the foregoing, Released Claims shall not include any claims for medical monitoring, personal or bodily injury or claims as to Hetero Losartan.

22. No other party other than the Hetero Defendants is intended to be or is included within the scope of release contained herein.

23. Upon the Settlement Agreement becoming final in accordance with its terms, Defendants shall release Representative Plaintiffs and all Settlement Class Members from all claims regardless of legal theory, that would have been a compulsory counter claim in this Action or otherwise. Defendants shall not sue or otherwise seek to establish or impose liability against any Plaintiffs or Settlement

Class Members, for any and all claims, regardless of legal theory, that would have been a compulsory counter claim in this Action or otherwise.

24. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement, including the administration and consummation of the Settlement, and over this Final Judgment and Order.

25. The Court finds that this Final Judgment and Order adjudicates all of the claims, rights and liabilities of the Parties to the Settlement Agreement (including Settlement Class Members) and is final and shall be immediately appealable. Neither this Order nor the Settlement Agreement nor any other Settlement-related document shall constitute evidence, admission, or concession by Defendants or any other Releasees in this or any other matter or proceeding of any kind whatsoever, civil, criminal or otherwise before any court, administrative agency, regulatory body, or any other body or authority, present or future, nor shall either the Settlement Agreement, this Order or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement, the terms of this Order, or if offered by any Releasee in responding to any action purporting to assert Released Claims, or if offered by any Releasor in asserting that

a claim is not a Released Claim, including because such claim is not covered by the Settlement.

**IT IS SO ORDERED on this _____ day of _____, 2025.**

_____
HONORABLE RENÉE M. BUMB
UNITED STATES DISTRICT JUDGE