# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION, | MDL NO. 2875 |
| | HON. RENÉE MARIE BUMB |
| THIS DOCUMENT RELATES TO: | CHIEF JUDGE |

*Robert Garcia v. Zhejiang Huahai Pharmaceutical Co., Ltd.,*
*(Case 1:20-cv-07957-RMB-SAK)*

## DEFENDANTS' MOTION FOR ISSUANCE OF MANDATE, WRIT, OR COMMISSION TO THE STATE OF TEXAS FOR SUBPOENA OF DR. JOSE TSCHEN TO SUBMIT FOR ORAL AND VIDEOTAPED DEPOSITION

Defendants Teva Pharmaceuticals USA, Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc. (collectively, "Defendants"), by and though undersigned counsel, hereby file this Motion for Issuance of a Mandate, Writ, or Commission to the State of Texas for Subpoena of Dr. Jose Tschen to Submit for Oral and Videotaped Deposition, and in support thereof states as follows:

1.  Defendants wish to take the oral and videotaped deposition of non-party Dr. Jose Tschen ("Dr. Tschen"), who currently resides in Houston, Texas. In connection with his deposition, Defendants intend to also seek the production of certain relevant documents by Dr. Tschen. *See* Deposition and Document Subpoena attached hereto as **Exhibit "A"**.

2.  To facilitate discovery in foreign jurisdictions, New Jersey adopted the Uniform Interstate Depositions and Discovery Act ("UIDDA"). *See* N.J. Ct. R. 4:11-4-5.

3.  Texas has not adopted the UIDDA, but it maintains its own mechanism for conducting depositions in Texas for use in proceedings in foreign jurisdictions. *See* Tex. R. Civ. P. 201.2. Indeed, the "Texas rules of civil procedure apply to a request originating from another

state for a Texas deposition." *In Matter of Issuance of Subpoenas Depositions of Bennett*, 502 S.W.3d 373, 377 (Tex. App. 2016).

4. Tex. R. Civ. P. 201.2, titled "Depositions in Texas for Use in Proceedings in Foreign Jurisdictions," states as follows:

> If a court of record of any other state of foreign jurisdiction issues a mandate, writ, or commission that requires a witness's oral or written deposition testimony in this State, the witness may be compelled to appear and testify in the same manner and by the same process used for taking testimony in a proceeding pending in this State.

5. As such, it is necessary for the foreign jurisdiction, i.e. New Jersey, to issue a mandate, writ, or commission to the State of Texas requiring the oral and videotaped deposition of Dr. Tschen so that Defendants can conduct the deposition in Texas, pursuant to the Texas Rules of Civil Procedure.

6. Further, "the court with jurisdiction over the underlying case is generally charged with determining the relevancy and materiality of evidence sought by a party seeking a deposition in Texas." *See In re Bennett*, 502 S.W.3d at 377. This Court should find that the oral and videotaped deposition of Dr. Tschen and the sought-after documents are relevant and material to the disputed issues in the above-captioned case.

7. Dr. Tschen is one of Plaintiff's treating providers in this action. Plaintiff seeks to recover damages allegedly related to injuries suffered as a result of ingesting valsartan medication. Dr. Tschen provided medical care for injuries which Plaintiff alleges were caused by ingestion of valsartan and for which he is now seeking damages. Accordingly, Dr. Tschen possesses information and documents relevant to the defenses and claims at issue in this action.

8. Given that Dr. Tschen's deposition is necessary for Defendants to adequately litigate this case, Defendants seek to invoke this Court's power to require the oral and videotaped deposition of Dr. Tschen with the issuance of a mandate, writ, or commission to the State of Texas.

**WHEREFORE,** Defendants respectfully request that this Court grant the relief requested herein by issuing a mandate, writ, or commission requiring Dr. Tschen to appear and be deposed upon oral examination in the State of Texas, together with such other relief the Court deems appropriate under the circumstances.

Dated: July 18, 2025

Respectfully submitted,

*/s/ Steven M. Harkins*
Victoria Davis Lockard
Steven M. Harkins
Victoria J. Langton
Greg E. Ostfeld

**GREENBERG TRAURIG, LLP**
3333 Piedmont Road, NE
Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
Fax: (678) 553-2386
lockardv@gtlaw.com
harkinss@gtlaw.com
langtont@gtlaw.com

**GREENBERG TRAURIG, LLP**
77 West Wacker Drive
Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
Fax: (312) 456-8435
ostfeldg@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis Pharma, Inc., and Actavis LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2025, I caused a true and correct copy of the foregoing Motion to be filed with the Court's ECF system and served upon all counsel of record. I further certify that a copy of the foregoing was served on the following Plaintiff's counsel by e-mail, with copies by e-mail to Counsel for Defendants, on July 18, 2025:

Daniel A. Nigh
Nigh Goldenberg Raso & Vaughn, PLLC
1333 College Parkway, Suite 1049
Gulf Breeze, FL 32563
850-600-8090
Email: dnigh@nighgoldenberg.com
*Attorney for Plaintiff*

/s/ Steven M. Harkins
Steven M. Harkins
GREENBERG TRAURIG, LLP
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305
Tel: (678) 553-7392
Fax: (678) 552-2212
E-mail: harkinss@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis Pharma, Inc., and Actavis LLC*