# Exhibit A

**ISSUED IN THE NAME OF THE STATE OF TEXAS**

Cause No. _____

| | | |
|---|---|---|
| **ROBERT GARCIA.,** § | | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* § | | |
| § | | |
| **v.** § | | |
| § | | **HARRIS COUNTY, TEXAS** |
| **ZHEJIANG HUAHAI** § | | |
| **PHARMACEUTICAL, CO., LTD., ET** § | | |
| **AL.** § | | |
| *Defendants*. § | | **14TH JUDICIAL DISTRICT** |

**DEPOSITION AND DOCUMENT SUBPOENA (DISCOVERY)**

**STATE OF TEXAS**

**COUNTY OF HARRIS**

TO ANY SHERIFF, CONSTABLE, OR OFFICER FOR THE STATE OF TEXAS OR ANY OTHER AUTHORIZED PERSON TO SERVE AND EXECUTE SUBPOENAS AS PROVIDED IN TEXAS RULE OF CIVIL PROCEDURE 176.5.

GREETINGS:

YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON THE FOLLOWING DEPONENT:

> **Dr. Cherice Conley-Harvey, c/o Amy Nilson, Trent & Taylor, L.L.P., 919 Milam Street, Suite 1500, Houston, Texas 77002**

to appear before a certified court reporter for the State of Texas at Berthelsen Kelsey Seybold Main Campus, 2727 W. Holcombe Blvd., Houston, Texas, 77025 on **Tuesday, July 29, 2025 at 10:00 a.m. (CDT)** to attend and give testimony in the above case at a deposition as noticed by Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US, Inc., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc. and to remain in attendance from day to day until lawfully discharged. The deposition may also be videotaped. **Dr. Cherice Conley-Harvey** is directed to produce no later than **Friday, July 25, 2025 at 10:00 a.m. (CDT),** those documents or tangible things identified in Exhibit "1," which is attached hereto.

**Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punishable by fine or confinement, or both. TEX. R. CIV. P. 176.8(a).**

ISSUED THIS __th day of July, 2025.

SUBPOENA ISSUED BY:

*/s/*  _____
**Alexandra Caritis**
State Bar No. 24101593
Alexandra.Caritis@kirkland.com
**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, TX 77002
Tel: (713) 836-3531

*Attorney for Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US, Inc., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc*

**STATE OF TEXAS** §
§
**COUNTY OF DALLAS** §

      WITNESS MY HAND, this the \_\_th day of July, 2025.

                                                           _____
                                                           Notary Public In And For
                                                           The State of Texas

                                                           My Commission Expires: _____

# RETURN OF SERVICE

Came to hand the _____ day of _____, 2025, at _____ o'clock ___.M., and executed the _____ day of _____, 2025, at _____ o'clock _. M., by delivering to the within named _____ in person at _____, a true copy of this Subpoena, and tendering said witness the sum of $ _____.

By: _____
Person who is not a party to the suit,
and is not less than 18 years of age.

**ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS PER RULE 176 T.R.C.P.**

I, _____, acknowledge receipt of a copy thereof and hereby accept service of the attached Subpoena.

*Rule 176.8(a) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.*

_____   _____
SIGNATURE                                       DATE

*******************************************************************************

Not executed as to the witness _____
for the following reasons: _____
_____
_____

FEE FOR SERVICE OF SUBPOENA: $ _____

# EXHIBIT "1"

You are commanded to produce for inspection and copying, the Documents and things identified below that are within Your possession, custody, or control. You must produce the Documents as they are kept in the usual course of business or must organize and label them to correspond with the categories set forth below. If You claim a privilege or other exemption from discovery, You must comply with Texas Rule of Civil Procedure 193.3. These requests shall be interpreted in accordance with, and are subject to, the Texas Rules of Civil Procedure.

## DEFINITIONS

1. "You," "Your," and any variants thereof means **Cherice Conley-Harvey, M.D.**, her representatives, administrative or personal assistants, agents, legal representatives, and all other Persons acting on her behalf or under her supervision.

2. "Plaintiff" shall refer to Plaintiff **Robert Garcia**.

3. "Lawsuit" shall refer to *Garcia v. Zhejiang Huahai Pharmaceutical Co., Ltd, et al., Case No. 1:20-cv-07957-RMB-SAK*, currently pending in the United States District Court for the District of New Jersey.

4. "Document" shall refer to all writings and recordings, including, but not limited to, any kind of written, printed, typed, electronic, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent, received, or neither, including originals, all copies, and all drafts, and both sides thereof, and including papers, photographs, films, recordings, memoranda, books, pamphlets, corporate manuals, records, accounts, analyses, Communications, and all retrievable information in computer storage. Each copy of any such Document which bears or omits distinct writings shall be deemed a separate Document subject to production hereunder.

5. "Communication" shall mean the transmittal of information in the form of facts,

ideas, inquiries, or otherwise by any means, including, but not limited to, in-person conversations, phone conversations, messages, letters, emails or any other forms of writing or verbal Communications.

6. "Person" shall include any natural person or any business, legal or governmental entity or association.

7. "Relating To" and "Related To" shall mean mentioning, describing, discussing, memorializing, concerning, consisting of, containing, evidencing, pertaining to, reflecting, depicting or referring in any way, directly or indirectly, to the subject matter of the request.

8. "Concerning" shall mean containing, evidencing, regarding, referring to, relating to, pertaining to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

9. The singular form of a word shall refer to the plural, and words used in the masculine gender shall also include the feminine or neutral, and vice-versa whenever necessary to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

## **REQUESTS**

You shall bring to the deposition the following Documents that are in Your possession, control, or custody:

1. All medical records of Plaintiff, including, but not limited to, all images (x-rays, films, photographs, videotapes, etc.), tissue slides and samples, other pathology specimens, prescription records, written statements, patient questionnaire and intake forms, employment records, wage records, insurance records, Medicaid, Medicare and disability records, and medical bills.

2. All Documents in Your possession, custody, or control Relating To the claims or defenses raised in the lawsuit, including, without limitation, any and all correspondence or Documents or materials You received from or provided to Plaintiff or Plaintiff's attorneys in the Lawsuit.

3. All Documents Relating To Plaintiff's medical treatment, including, but not limited to, medical records, films, test results, notes, call logs, prescription charts, patient notes, CDs, DVDs, and calendar entries.

4. All billing records, including all statements, itemized bills and insurance records Relating To Plaintiff or this Lawsuit.

5. All medical information, records and reports, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, Documents, correspondence, test results, statements, questionnaires/histories, office records, handwritten notes by doctors and medical personnel and records received from other physicians or healthcare providers Relating To the Plaintiff or this Lawsuit.

6. All laboratory, histology, cytology, pathology, radiology, CT scan, MRI or other studies or tests Relating To Plaintiff or this Lawsuit.

7. All pharmacy/prescription records, including NDC numbers and drug information handouts/monographs, Relating To Plaintiff or this Lawsuit.

8. All Documents You reviewed, referred to, or relied upon in arriving at any of Your medical opinions Concerning Your treatment and care of Plaintiff or this Lawsuit.

9. All Documents created by You or for You Related To and/or summarizing the medical history of Plaintiff.

10. All Documents reviewed by You in preparation for this deposition.

11. All photographs or videos of Plaintiff maintained by You and taken at any time.

12. All correspondence and Documents reflecting Communications between You and Plaintiff.

13. All Documents received by You from any other physician, health care professional, or healthcare facility from any source, including any of the named Defendants, regarding the Lawsuit, the recall of valsartan, valsartan, or any valsartan-containing drugs.

14. Any and all Documents received from or provided to Nigh Goldenberg Raso & Vaughn, PLLC, located at 1333 College Parkway, Suite 1049, Gulf Breeze, FL 32563, including, but not limited to, any emails, written Communications, correspondence, calendar entries, journal articles, medical studies, appointments, or notes regarding Plaintiff or the Lawsuit.

15. Any invoices, statements, or bills, sent to or records of payment made by any attorneys representing Plaintiff, including, but not limited to, the law firm of Nigh Goldenberg Raso & Vaughn, PLLC, located at 1333 College Parkway, Suite 1049, Gulf Breeze, FL 32563.

16. All Documents referencing or referring to the valsartan or valsartan-containing drugs at issue, including, but not limited to, brochures, clinical studies, journal articles, reference books, DVDs and any other information You have on the valsartan or valsartan-containing drugs.

17. All professional educational materials You have received from any of the Defendants and/or any other sources Concerning the valsartan or valsartan-containing drugs at issue.

18. All Documents, medical literature, or other correspondence You have received from Plaintiff or Plaintiff's counsel.

19. All Documents, medical literature, journal articles, medical studies, or other correspondence You have Relating To NDMA, NDEA, or any other N-nitrosamine.