UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION, | MDL NO. 2875 |
| THIS DOCUMENT RELATES TO: | HON. RENÉE MARIE BUMB CHIEF JUDGE |
| *Robert Garcia v. Zhejiang Huahai Pharmaceutical Co., Ltd.,* (Case 1:20-cv-07957-RMB-SAK) | |

**PLAINTIFF'S MOTION FOR ISSUANCE OF MANDATE, WRIT, OR COMMISSION TO THE STATE OF TEXAS FOR SUBPOENA OF DR. GREG GALLER TO SUBMIT FOR ORAL AND VIDEOTAPED DEPOSITION**

Plaintiff, ROBERT GARCIA, ("Plaintiff"), by and though undersigned counsel, hereby file this Motion for Issuance of a Mandate, Writ, or Commission to the State of Texas for Subpoena of Dr. Greg Galler to Submit for Oral and Videotaped Deposition, and in support thereof states as follows:

1. Plaintiff wishes to take the oral and videotaped deposition of non-party Dr. Greg Galler ("Dr. Greg Galler"), who currently practices medicine in Houston, Texas. In connection with his deposition, Plaintiff intends to also seek the production of certain relevant documents by Dr. Greg Galler. *See* Deposition and Document Subpoena attached hereto as **Exhibit "A"**.

2. To facilitate discovery in foreign jurisdictions, New Jersey adopted the Uniform Interstate Depositions and Discovery Act ("UIDDA"). *See* N.J. Ct. R. 4:11-4-5.

3. Texas has not adopted the UIDDA, but it maintains its own mechanism for conducting depositions in Texas for use in proceedings in foreign jurisdictions. *See* Tex. R. Civ. P. 201.2. Indeed, the "Texas rules of civil procedure apply to a request originating from another state for a Texas deposition." *In Matter of Issuance of Subpoenas Depositions of Bennett*, 502 S.W.3d 373, 377 (Tex. App. 2016).

4.  Tex. R. Civ. P. 201.2, titled "Depositions in Texas for Use in Proceedings in Foreign Jurisdictions," states as follows:

> If a court of record of any other state of foreign jurisdiction issues a mandate, writ, or commission that requires a witness's oral or written deposition testimony in this State, the witness may be compelled to appear and testify in the same manner and by the same process used for taking testimony in a proceeding pending in this State.

5.  As such, it is necessary for the foreign jurisdiction, i.e. New Jersey, to issue a mandate, writ, or commission to the State of Texas requiring the oral and videotaped deposition of Dr. Greg Gallerso that Defendants can conduct the deposition in Texas, pursuant to the Texas Rules of Civil Procedure.

6.  Further, "the court with jurisdiction over the underlying case is generally charged with determining the relevancy and materiality of evidence sought by a party seeking a deposition in Texas." *See In re Bennett*, 502 S.W.3d at 377. This Court should find that the oral and videotaped deposition of Dr. Greg Galler and the sought-after documents are relevant and material to the disputed issues in the above-captioned case.

7.  Dr. Greg Galler was one of Plaintiff's treating providers in this action. Plaintiff seeks to recover damages allegedly related to developing cancer as a result of ingesting valsartan medication. Dr. Greg Galler was one of Plaintiff's primary care physicians prior to Plaintiff's cancer diagnosis and will therefore be familiar with Plaintiff's health conditions, medications, and risk factors for developing cancer. Accordingly, Dr. Greg Galler possesses information and documents relevant to the defenses and claims at issue in this action.

8.  Given that Dr. Greg Galler deposition is necessary for Plaintiff to adequately litigate this case, Plaintiff seeks to invoke this Court's power to require the oral and videotaped deposition of Dr. Greg Galler with the issuance of a mandate, writ, or commission to the State of Texas.

**WHEREFORE,** Plaintiff respectfully request that this Court grant the relief requested herein by issuing a mandate, writ, or commission requiring Dr. Greg Galler to appear and be deposed upon oral examination in the State of Texas, together with such other relief the Court deems appropriate under the circumstances.

Dated: July 21, 2025

                Respectfully Submitted,

                */s/ Daniel A. Nigh*
                DANIEL A. NIGH (FL Bar No. 30905)
                Nigh Goldenberg Raso & Vaughn, PLLC
                14 Ridge Square NW, Third Floor
                Washington, D.C. 20016
                T: 202-792-7927
                dnigh@nighgoldenberg.com
                *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2025, I caused a true and correct copy of the foregoing Motion to be filed with the Court's ECF system and served upon all counsel of record. I further certify that a copy of the foregoing was served on the following Defendant's counsel by e-mail, with copies by e-mail to Counsel for Defendants, on July 21, 2025:

Nina R. Rose
KIRKLAND & ELLIS LLP
Nina R. Rose (DC Bar No. 975927)
1301 Pennsylvania Avenue
Washington, D.C. 20004
nina.rose@kirkland.com
Tel: (202) 389-3394
Fax: (202) 389-5200

/s/ Daniel A. Nigh
DANIEL A. NIGH (FL Bar No. 30905)
Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW, Third Floor
Washington, D.C. 20016
T: 202-792-7927
dnigh@nighgoldenberg.com
*Attorney for Plaintiff*