UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to the TPP Trial** | MDL No. 2875<br><br>Honorable Renee M. Bumb, District Court Judge<br><br>Oral Argument Requested |

**TPP TRIAL DEFENDANTS' SUPPLEMENTAL SUBMISSION REGARDING "LAW OF THE CASE" ON GENERAL CAUSATION**[1]

---

[1] The TPP Trial Defendants are Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC (collectively, "ZHP"), Teva Pharmaceuticals USA, Inc., Actavis LLC, and Actavis Pharma, Inc. (collectively, "Teva"), and Torrent Pharmaceuticals Ltd. and Torrent Pharma, Inc. (collectively, "Torrent").

Plaintiffs have asserted in their Motion for Leave to Reopen Expert Record [Dkt. 3053] ("Motion" or "Mot.") and their Reply Brief [Dkt. 3083] ("Reply"), that this Court's April 7, 2025 Order [Dkt. 3018] ("April 7 Order") makes an "intervening change in the law of the case" that justifies reopening the expert record. (Mot. at 1; Reply at 1). Plaintiffs claim the April 7 Order for the "first time" placed "general causation evidence" at issue in the Third-Party Payor Trial ("TPP Trial"), whereas previously the "law of the case" had purportedly been that "the jury did not need to consider such evidence" because it "was not likely pertinent" to the TPP Trial. (Mot. at 2-3, 5 n.2, 6-10). At the July 1, 2025 conference, this Court questioned Plaintiffs' characterization of the record and directed the parties to make supplemental submissions "laying out the precise history of how causation came to be out of the TPP Trial. Was it a result of [P]laintiffs' representations, or did Judge Kugler make the restrictions himself?" (7/1/25 Tr. at 22:7-23:9).

The TPP Trial Defendants respectfully submit that Plaintiffs have not accurately characterized the record. Judge Kugler *never* ruled that general causation was "out" of the TPP Trial. Quite the opposite. Judge Kugler discussed the role of general causation at the TPP Trial for the first and only time on February 28, 2022, where he described general causation as "the ***first and most important question*** here," and stated that he would "probably" select a "***third-party payor case***" as the first bellwether trial "just to ***get a jury to say yes or no on the question of general***

1

*causation and get that done*." (Dkt. 1946 at 41:6-12 (emphases added)). Despite Plaintiffs' protestations, none of Judge Kugler's rulings before or since have made any "law of the case" to the contrary. The Court's rulings at the motion-to-dismiss stage merely found that Plaintiffs had adequately pled that they were economically injured by alleging that Defendants' valsartan-containing drugs ("VCDs") were "worthless." (Dkt. 728 at 8-13; Dkt. 775 at 20). Similarly, although the Court found that Plaintiffs' reliance on Dr. Conti's "worthlessness" theory supported their bid for class certification, it "declined to adopt either party's theory of damages" and left that decision for the merits phase. (Dkt. 2261 at 38-39 n.27). In denying summary judgment, the Court once again reiterated that it was not making any "express or implied finding" that the VCDs were "worthless." (Dkt. 2694 at 20-21). Plaintiffs subsequently moved *in limine* to exclude any evidence of general causation (Dkt. 2648), but Judge Kugler retired before resolving that motion.

In short, although **Plaintiffs** have claimed that general causation evidence should be excluded from the TPP Trial, Judge Kugler never took that position, much less entered any ruling qualifying as law of the case. Indeed, Plaintiffs' filing of a motion *in limine* attempting to keep evidence of general causation out of the TPP Trial, which was still pending when Judge Kugler retired (and in which Plaintiffs did not once claim that Judge Kugler had already excluded general causation evidence), directly refutes Plaintiffs' efforts to rewrite the law of the case. To the

2

extent the April 7 Order excluding Dr. Conti's "worthless" theory recognizes the need for general causation evidence, that simply resolves an issue Judge Kugler left for this Court to decide. Accordingly, there is no basis to reopen expert discovery.

**I.     Judge Kugler Did Not Address General Causation, Much Less Exclude Evidence on the Subject, at the Dismissal Stage.**

Plaintiffs contend that Judge Kugler's rulings at the dismissal stage established the "legal principle" that "scientific or 'general causation' evidence was not pertinent." (Mot. at 6). That is not accurate. The Court's MTD Opinions do not even address this issue. (*See* Dkts. 675, 728, 775, 818, 838 1019). Rather, the Court merely found that Plaintiffs had sufficiently pled both standing and injury at the dismissal stage by alleging that Defendants' VCDs were "worthless."

In moving to dismiss for lack of standing, Defendants argued that Plaintiffs had not alleged that they "failed to receive their anticipated medical benefit." (Dkt. 520-3 at 10-15). Defendants similarly moved to dismiss Plaintiffs' implied warranty claims for failure to allege actual injury. (*Id*. at 46-47). Plaintiffs responded that, "*[a]t the pleading stage*" it was enough that Plaintiffs "have **alleged** that the VCDs they purchased were **worthless** (zero value)." (Dkt. 577 at 30 (emphases added); *see also id.* at 54-57 (allegation that VCDs "have no market value" sufficiently pled injury, "at least at the motion to dismiss stage")). Plaintiffs also expressly contended that Defendants' arguments raise "factual questions" and "are factual in nature, and consequently inappropriate for dismissal at the 12(b)(6) stage." (Dkt. 577 at 25-30).

3

Judge Kugler agreed with Plaintiffs that they had sufficiently alleged both standing and injury at the pleading stage. With respect to standing, he found that Plaintiffs' allegations that the VCDs were "worthless," "*if proven true*, would permit a factfinder" to determine they had suffered "at least some economic injury." (Dkt. 728 at 8-13 (emphasis added)). According to the Court, Defendants' argument that the VCDs had "performed their intended function" "amounts to an attack on the merits," which the Court could not scrutinize "*at this point*[.]" (*Id*. at 13-15 (emphasis added)). Conversely, the Court concluded that Plaintiffs had failed to allege standing based on "the receipt of a less valuable product" (i.e., that the VCDs were "worth less" than what Plaintiffs bargained for) because they failed to "provide[] a theory for the factfinder to value it." (*Id.* at 13). The Court applied similar reasoning in finding that Plaintiffs had "plead adequately" the state-law injury requirement of their implied warranty claims "at the *motion to dismiss stage*" by alleging "that contaminated VCDs are economically worthless at the point of sale by virtue of the dangerousness caused by their contamination[.]" (Dkt. 775 at 20 (emphasis added)). In short, the import of these rulings is that Plaintiffs had adequately "alleged sufficient injury" to survive a motion to dismiss. (*Id*.).

II. **Judge Kugler Did Not Resolve General Causation, Much Less Exclude Evidence on the Subject, at the Class Certification Stage.**

Plaintiffs next assert that the Court "re-affirmed" its (non-existent) "legal principle" that general causation evidence is "not pertinent" in its orders granting

4

class certification and denying decertification. (Mot. at 6-7). That is also untrue. The Court's class certification orders again contain no discussion of this supposed "legal principle." (*See* Dkts. 2261, 2657). Rather, the Court merely found that Plaintiffs had satisfied the requirements of Rule 23. Although the Court declined to exclude Dr. Conti's "worthlessness" theory at the class-certification stage, it acknowledged the potential flaws in Dr. Conti's opinion. However, the Court ***did not decide*** the dispute over how to value Plaintiffs' asserted economic losses in light of the parties' competing positions with respect to the VCDs' risks and efficacy.

Plaintiffs made a strategic decision to rely heavily on Dr. Conti's "worthlessness" theory in moving for class certification. In their opening brief in support of their motion to certify economic-loss classes, Plaintiffs claimed that the VCDs were "worthless" 43 times and made 47 distinct references to Dr. Conti. (*See, e.g.,* Dkt. 1748 at 2-3, 56, 58, 62-63, 67, 70, 77, 79, 88). Plaintiffs argued, for example, that the ascertainability standard "is more easily met" because "Dr. Rena Conti[] . . . opin[es]" that "every single one of the VCDs" was "economically worthless," meaning "the same information that establishes ascertainability also establishes damages." (*Id*. at 56, 58). Plaintiffs further asserted that the manufacture, distribution, and dispensing of "economically worthless VCDs" "injured each [Plaintiff] in the same way," fulfilling commonality and avoiding "individualized issues regarding the value to each Class Member of the VCDs[.]" (*Id*. at 62-63, 88;

5

*see also id*. at 77). Plaintiffs further argued that Dr. Conti's damages model showed that "[p]roof of damages is no impediment to class certification here." (*Id*. at 67, 70; *see also id*. at 79). Plaintiffs did not specifically address general causation, but contended that Dr. Conti's "class wide formula" and a state law "inference or presumption" of "reliance and/or causation" showed that "express warranty causation and damages" were subject to common proof. (*Id*. at 71-73).

      Defendants offered multiple arguments as to why Dr. Conti's "worthlessness" theory did not support class certification. Defendants argued, for example, that many states' warranty, fraud, and consumer protection laws "require factual inquiry into each class member's circumstances" and do not authorize "worthless," "zero value," or "no value" measures of damages. (Dkt. 2008 at 48, 55). Defendants challenged the viability of Dr. Conti's "worthlessness" opinion based on the uncontested proof that the VCDs had "individual 'therapeutic value' and benefit," argued that her model did not fit the claims asserted, and refuted Plaintiffs' assertion that the Court had already decided that the VCDs were worthless at the dismissal stage. (*Id*. at 56-62). Defendants also explained why Plaintiffs were not entitled to an "inference or presumption" of causation, injury, or reliance. (*Id*. at 25-27, 31-32, 34-36, 47-49).

      Judge Kugler found Plaintiffs' proofs sufficient at the class certification stage to certify the proposed economic loss classes, but did not find or "re-affirm" that general causation evidence was "not pertinent" at trial. In his class certification order

6

entered on February 8, 2023, Judge Kugler acknowledged Plaintiffs' reliance on Dr. Conti's opinion that the VCDs were "worthless on the date of sale," and on her damages model equating economic loss with "the price paid for all VCDs." (Dkt. 2261 at 20, 22-23, 36, 87). Similarly, when he denied Defendants' motion for decertification a year later, Judge Kugler reiterated that "Plaintiffs here have ***ONE model*** of damages that ***depends on*** [Dr.] Conti's worthlessness theory." (Dkt. 2657 at 7 (emphases added)).

Judge Kugler expressly acknowledged Defendants' arguments that Dr. Conti's "worthlessness theory is unreliable as sophomoric economics and lacking consideration of drug purchasers' health rationales for continuing to ingest minimally contaminated drugs," and stated that his class certification opinion was ***not*** "based on [the Court's] acceptance of either of the proposed economic loss theories[.]" (Dkt. 2261 at 22-23). He found the "very large disagreement" between Plaintiffs' argument that the VCDs are "economically worthless" and Defendants' argument that the VCDs' "therapeutic value … must be considered" to reflect "a ***central trial issue***: what economic loss damages do defendants owe plaintiffs?" (*Id.* at 38-39 n. 27 (emphasis added)). He "declined to adopt either party's theory of damages" at the class certification stage and reserved "both the precise calculus of damages and the resolution of the 5 legal claims of loss" for the merits phase. (*Id.*). In short, although Judge Kugler recognized that Dr. Conti's "worthlessness" theory

7

and damages model were "*possibly flawed*," he found that they were admissible "[a]t [the] *class certification stage*" where an expert's methodology "need not be perfect or even legally correct," and left resolution of "correctness" for the merits phase. (*Id.* at 88-89 (emphases added)).

### III. Judge Kugler Left the Admissibility of General Causation Evidence for This Court to Decide When He Retired From The Bench.

Judge Kugler's first and only statement regarding the relevance of general causation evidence at the TPP Trial occurred on February 28, 2022, when he stated essentially the *exact opposite* of the position Plaintiffs have attributed to him:

> The personal injury cases are just too idiosyncratic for us to get the answer to the *first and most important questions here, which is general causation*. So we'll pick a case if we have to, *probably a third-party payor case* because the damages are relatively easy to calculate in those cases, and *just to get a jury to say yes or no on the question of general causation and get that done*.

(Dkt. 1946 at 41:6-12 (emphases added)). This aligned with Judge Kugler's earlier statement near the start of this MDL that "*causation carries over*" into the economic loss class actions, because "*if the contamination is not dangerous*, then maybe [Plaintiffs] *don't have such a great argument that [they] should get [their] money back* for paying for it." (Dkt. 77 at 5:12-16 (emphases added)).

Despite these clear pronouncements, Plaintiffs subsequently began pushing for Judge Kugler to decide the question of "worthlessness" as a matter of law prior to trial and to exclude general causation evidence from trial. For example, Plaintiffs' motion for partial summary judgment sought a ruling that the VCDs were

8

"genotoxic" and "economically worthless" and that Defendants' conduct was thus "unfair" as a matter of law. (Dkt. 2569-1 at 1, 3, 13, 18-19, 22, 26, 31-33, 37-38). Plaintiffs also moved *in limine* to preclude general causation evidence at trial, asserting general causation "is not an element of the claims at issue, and is not an issue to be determined at trial." (Dkt. 2648-1 at 15-19). Notably, Plaintiffs did not argue in their motion *in limine* that the Court had already excluded such evidence.

Defendants also moved for summary judgment, arguing that the VCDs' delivery of their full therapeutic benefit defeated Plaintiffs' "worthlessness" theory and Dr. Conti's damages model. (Dkt. 2562-1 at 2, 24-28, 31-36). Defendants also argued that causation required an individualized examination of the therapeutic value of each prescription against the cancer risk for each patient. (*Id*. at 28-31). In opposing Plaintiffs' summary judgment motion, Defendants argued that whether the VCDs were "genotoxic" at the detected impurity levels was "among the most heavily contested issues in this litigation," which mandated assessment of the "general causation" evidence. (Dkt. 2603 at 29-32). Defendants also argued that Plaintiffs' "worthlessness" theory lacked factual support and was based on Dr. Conti's *ipse dixit*. (*Id*. at 41-42). Defendants opposed Plaintiffs' motion *in limine* on general causation, arguing that Plaintiffs' theories of breach of warranty, fraud, deception, unfairness, and injury all "requir[e] the jury to consider general causation evidence." (Dkt. 2667 at 12-15). And Defendants moved to exclude Dr. Conti's worthlessness

9

opinion and damages model as unreliable and *ipse dixit* under Rule 702. (Dkt. 2633).

Plaintiffs claim Judge Kugler's summary judgment ruling "re-affirmed" their asserted "legal principle" that general causation evidence is "not pertinent" to the TPP Trial. (Mot. at 7; Reply at 2). Again, that is simply not true. Judge Kugler's March 26, 2024 ruling once more laid out the parties' opposing positions on worthlessness, found they "hinge on … genuinely disputed, material facts" and "***strenuously debated damages theories***," and left "the issue of whether the TPPs are owed damages" for the trial phase. (Dkt. 2694 at 56-58 (emphasis added)). He stated that "no express or implied finding" on the "worthlessness, or value of the VCDs" may be "construed by" his summary judgment ruling. (Dkt. 2694 at 20-21; *see also id*. at 20 n. 17). Judge Kugler said ***nothing*** about general causation and ***did not rule*** on the motions *in limine* or Rule 702 motions prior to his retirement.

In sum, Plaintiffs' assertion of an "intervening change" in the "law of the case" on "general causation evidence" is not supported by the record. Judge Kugler never excluded such evidence from the TPP Trial; indeed, his one statement on the subject indicates he viewed it as the "first and most important question" for trial. The Court's April 7 Order thus merely decided an issue Judge Kugler left for this Court to decide. That decision does not justify reopening the expert record.

10

Dated: July 22, 2025                                Respectfully submitted,

*/s/ Gregory E. Ostfeld*
Gregory E. Ostfeld
**GREENBERG TAURIG, LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
ostfeldg@gtlaw.com

Lori G. Cohen
Victoria Davis Lockard
Steven M. Harkins
Terminus 200
3333 Piedmont Rd., NE, Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
cohenl@gtlaw.com
lockardv@gtlaw.com
harkinss@gtlaw.com

*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis LLC, and Actavis Pharma, Inc.*

**KIRKLAND & ELLIS LLP**
Jessica Davidson, P.C. (*pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4723
jessica.davidson@kirkland.com

Allison M. Brown, P.C.
2005 Market Street, Suite 1000
Philadelphia, PA 19103
P: (215) 268-5000
alli.brown@kirkland.com

11

Nina R. Rose, P.C. (*pro hac vice*)
Jordan M. Schwartz (*pro hac vice*)
1301 Pennsylvania Avenue
Washington, D.C. 20004
Tel: (202) 389-3394
Fax: (202) 389-5200
nina.rose@kirkland.com
jordan.schwartz@kirkland.com

*Attorneys for Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc.*

**KIRKLAND & ELLIS LLP**
Devora W. Allon, P.C.
Alexia R. Brancato, P.C.
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-5967
devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Attorneys for Torrent Pharmaceuticals Ltd. and Torrent Pharma, Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2025, a true and correct copy of the foregoing document was served upon counsel of record via operation of the Court's electronic filing system.

Dated: July 22, 2025

Respectfully submitted,

*/s/ Steven M. Harkins*
Steven M. Harkins

**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Rd., NE, Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2385
harkinss@gtlaw.com