IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION | MDL No. 19-2875 (RMB/SAK) |
| THIS DOCUMENT RELATES TO: *Gaston Roberts, et al. v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.*, Case No. 1:20-cv-00946 (RMB/SAK) | ORDER |

THIS MATTER comes before the Court upon the parties' motions to exclude certain experts from testifying in the upcoming bellwether trial set to commence on September 8, 2025 [Docket Nos. 3057, 3058, 3067, 3068, 3070], as well as the Defendants' Motion for Summary Judgment [Docket 3061]. The Court has reviewed the parties' *Daubert* submissions thoroughly. In light of the issues raised in Plaintiff's motion to exclude defense expert Dr. Gregory Diette [Docket No. 3070], the Court does not intend to hold a hearing on this motion. The Court, however, intends to hear live testimony from the remaining challenged experts. Plaintiff has advised the Court that Dr. John Russo, who Defendants have sought to exclude [Docket No. 3058], is unavailable to testify on the dates previously identified by the Court. The Court has likewise extensively reviewed the parties' summary judgment submissions and finds

that a supplemental submission from Plaintiff addressing certain issues raised below and oral argument would aid the Court in resolving said motion.

**ACCORDINGLY, IT IS HEREBY**, on this **29th** day of **July, 2025**,

**ORDERED** that the parties shall advise the Court during the upcoming Case Management Conference scheduled for Friday, August 1, 2025, as to Dr. Russo's availability to appear in person before this Court for a *Daubert* hearing in advance of the trial; and it is further

**ORDERED** that, if no mutually agreeable date is found, the Court intends to rule on Plaintiff's motion to exclude Dr. Russo [Docket No. 3058] without a hearing to avoid delaying the commencement of the trial; and it is further

**ORDERED** that the Court shall conduct *Daubert* hearings as to Defendants' motion to exclude the testimony of Dr. Fareeha Siddiqui [Docket No. 3068], as well as Plaintiff's motions to exclude the testimony of Dr. Andrew Thompson [Docket No. 3057] and Dr. Nadmin Mahmud [Docket No. 3067] on **Tuesday, August 26, 2025, at 9:30 a.m.**, in Courtroom 3D, Mitchell H. Cohen Building & U.S. Courthouse, 4th and Cooper Streets, Camden, New Jersey 08101; and it is further

**ORDERED** that, immediately after the *Daubert* hearings, the Court shall hear oral argument from the parties on Defendants' Motion for Summary Judgment [Docket 3061]; and it is further

**ORDERED** that, to aid the Court in its resolution of Defendants' Motion for Summary Judgment, Plaintiffs shall address the following issues by written submission to be filed on the docket within ten (10) days:

(1) In claiming that Plaintiff need not give Defendants pre-suit notice of her warranty claims, Plaintiff has misquoted Alabama's Uniform Commercial Code, claiming that "where the buyer is suing for breach, 'he **may** give his seller written notice of the litigation." [Pl.'s Opp'n at 34.] The language of the statute, however, reads as follows: "Where the buyer is sued for breach of a warranty or other obligation for which is seller is answerable over: (a) He may give his seller written notice of the litigation." Ala. Code § 7-2-607(5)(a). Additionally, Plaintiff baldly claims that Mr. Roberts was a warranty beneficiary rather a buyer, relieving him of the obligation to give pre-suit notice, but cites no supporting authority for this position. [Pl.'s Opp'n at 34–35.] Unless Plaintiff agrees to dismiss the warranty claims, Plaintiff must explain this misrepresentation of the relevant Alabama statute and provide legal authority to support her position that Mr. Roberts was a warranty beneficiary rather than a buyer under the statute.

(2) Plaintiff contends that her Alabama Deceptive Trade Practices ("ADTPA") claim has not been waived despite Plaintiff simultaneously asserting a common law fraud claim. Even assuming the Court agrees, Plaintiff must at some point elect whether to pursue either her ADTPA claim or her common law fraud claim. *See In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 372, 405–06 (S.D.N.Y. 2017). This case is well past the pleading stage. Indeed, it is on the eve of trial. The time to

elect her remedy is now.  Plaintiff shall advise the Court which claim she intends to pursue at trial.

                                                  **s/Renée Marie Bumb**
                                                  RENÉE MARIE BUMB
                                                  Chief United States District Judge