

38TH FLOOR   ONE OXFORD CENTRE   PITTSBURGH, PA 15219
412.263.2000   FAX: 412.263.2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.: 412.263.1816
DIRECT FAX NO: 412.263.4246
FILE NO.: MYLAN-112578
EMAIL: cct@pietragallo.com

July 30, 2025

**Via ECF**

| | |
|---|---|
| The Hon. Renée Marie Bumb<br>United States District Court Judge<br>District of New Jersey<br>Mitchell H. Cohen Building & U.S. Courthouse<br>4th & Cooper Streets, Room 1050<br>Camden, NJ 08101 | Special Master the Hon. Thomas Vanaskie<br>Stevens & Lee<br>1500 Market Street, East Tower, 18th Floor<br>Philadelphia, PA 19103 |

Re: *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
USDC, District of New Jersey, No. 1:19-md-2875-RMB

Dear Judge Bumb and Judge Vanaskie:

I write on behalf of the Defendants' Executive Committee to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on Friday, August 1, 2025.

1. **PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL WITH PREJUDICE OF *SMALLS* (WAVE TWO BELLWETHER)**

On July 23, 2025, counsel for plaintiff Evon Smalls, one of the four "Wave Two" bellwether candidates, informed counsel for the ZHP Defendants that plaintiff Smalls seeks to dismiss her claims with prejudice. During a meet-and-confer conversation on this issue, Ms. Smalls' counsel, Bill Cash of Levin Papantonio, noted that he had recently taken over the case from another attorney who had departed from the firm and a review of the case file with fresh eyes revealed that there was an insufficient basis to proceed with Ms. Smalls' claims. The ZHP Defendants informed counsel for Ms. Smalls that they do not object to the request for voluntary dismissal with prejudice and agreed to a stipulation of dismissal.

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 2

    The ZHP Defendants propose that the parties continue to move forward in working up the remaining three bellwether cases—*Garcia*, *Suits*, and *Lee*—according to the schedule currently in place and that one of those three cases be selected as the "Wave Two" personal injury bellwether trial.

2. ***ROBERTS* PRE-TRIAL SCHEDULE AND SUBMISSIONS**

    a. **Submission of Answer and Affirmative Defenses**

    With the *Roberts* trial approaching, the ZHP Defendants seek guidance from the Court regarding how to proceed with respect to submitting an answer and affirmative defenses in that case. The Court previously managed these coordinated MDL proceedings through master complaints, and Judge Kugler ruled in June of 2022 that answers to those master complaints were not required. (*See* 6/1/2022 Case Management Conference Tr., ECF 2092, at 32.) When class action claims alleged by the TPP Plaintiffs were originally set for trial in March 2023, the TPP Trial Defendants asked that the Court allow them to submit answers and affirmative defenses specific to the TPP Trial in order to provide notice of the claims and defenses for trial. (*See* ECF 2518 at 4.) The Court granted that request. (*See* 11/1/23 Hr'g Tr. 12:14-25, ECF 2529.)

    No defendant in this MDL proceeding has filed, nor been required to file, an answer in any of the pending personal injury actions. The Second Amended Master Personal Injury Complaint ("PI Master Complaint") (*see* ECF 1701), which includes more than 830 paragraphs of allegations, is directed at the MDL Defendants as a group on behalf of all MDL personal injury plaintiffs. All allegations specific to Mr. Roberts are included in the First Amended Short Form Complaint ("Roberts Short Form Complaint") (ECF 7) filed in the *Roberts* action on December 15, 2020.

    The ZHP Defendants respectfully request that the Court provide guidance as to whether it

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 3

would suffice to submit an answer and affirmative defenses to the *Roberts* Short Form Complaint in advance of the *Roberts* trial. Counsel for Teva will be prepared to discuss this issue with respect to the Wave Two personal injury bellwether trials, as well.

### b. Pre-Trial Order

In connection with the previously-scheduled TPP Trial, the parties coordinated on preparing and submitting a 248-page Pretrial Order ("PTO") pursuant to the form order for the U.S. District Court for the District of New Jersey, Camden Vicinage. *See Instructions And Directives For The Assistance Of Counsel In Preparing The Joint Final Pretrial Order In The United States District Court for The District Of New Jersey, Camden Vicinage*. Given that the claims at issue in the *Roberts* case are narrower in scope than those posed by a classwide trial of the TPP Plaintiffs' claims, Plaintiff raised with the ZHP Defendants the possibility of proposing to the Court that the Pretrial Order in the *Roberts* case be more limited in breadth and scope, and the ZHP Defendants stated that they would consider such a proposal. As of the time of this filing, the ZHP Defendants have not yet received Plaintiffs' proposal with respect to the *Roberts* PTO but will be prepared to address this issue at the August 1 CMC. Counsel for Teva will be prepared to discuss this issue to the extent it impacts the Wave Two personal injury bellwether trials, as well.

### c. Schedule For Remaining Pre-Trial Deadlines

In light of the fact that the Court has set a hearing on August 26, 2025 to address a number of the parties' pending motions to exclude expert testimony, as well as the ZHP Defendants' Motion for Summary Judgement (*see* ECF 3128), the parties would like to discuss the remaining pre-trial schedule, including deadlines for various pre-trial submissions, with the Court.

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 4

### d. Expert Opinions of Dr. Russo

Earlier today, Plaintiffs withdrew the majority of Dr. Russo's opinions in an effort to avoid the Court having to rule on the ZHP Defendants' Rule 702 motion. ZHP will review the redline of Dr. Russo's expert report provided by Plaintiffs and will meet and confer with Plaintiffs on this issue.

### 3. **PLAINTIFFS' REQUEST FOR SANCTIONS AGAINST ZHP RELATED TO CERTIFICATES OF ANALYSIS AND MATERIAL SAFETY DATA SHEETS**

Plaintiffs continue to suggest that ZHP spoliated cumulative Certificate of Analysis ("COA") documents that included the same required language included in hundreds of other COAs that Plaintiffs already have. This is a sideshow that should not derail trial efforts in *Roberts*.

In a July 29, 2025 email addressing the proposed agenda for the August 1, 2025 Case Management Conference, Plaintiffs indicated that they intend to again seek leave to file a motion for sanctions with respect to ZHP's production of COAs that accompanied the dimethylformamide solvent ("DMF") used to manufacture valsartan API. Specifically, Plaintiffs have indicated that they plan to seek leave to file a sanctions motion based on ZHP's destruction of COAs dated prior to April 2015 pursuant to its ordinary course of business records retention requirements. Plaintiffs claim that such destruction violates the Court's preservation order and the ZHP's legal hold. This request should once again be rejected.

Plaintiffs' initial request to file a motion for sanctions with respect to the production of COAs pertaining to DMF solvent and other raw materials used in the valsartan manufacturing process was first addressed by the Court at the March 3, 2025 CMC.[1] In advance of that conference,

---

[1] COAs are provided by ZHP's raw material suppliers to verify that the raw materials being supplied meet certain industry standards and specifications. Each batch of raw material is

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 5

Plaintiffs' counsel argued that they were entitled to sanctions based on ZHP's failure to produce COAs during the discovery period, and noted that ZHP was unable to point to any COAs for DMF dated prior to 2016. (*See* 2/27/25 Letter from A. Slater at 3, ECF 2985.) At the March 3, 2025 CMC, counsel for ZHP explained that ZHP was, at that time, in the process of producing all of the COAs for DMF and two other raw materials in its possession, and noted that it was ZHP's belief that COAs dated prior to 2015-2016 would have been discarded in the ordinary course of business in accordance with ZHP's document retention policies. (*See, e.g.*, 3/3/25 Hr'g Tr. 23:25-24:16, ECF 2992.) In addition, ZHP's counsel explained that there is no reason to believe that these earlier COAs were materially different from the hundreds of COAs ZHP received in 2016 and later because China has a nationwide standard for DMF, which dictates the specifications set forth in the COAs. (*See id.* 33:20-34:4, 46:17-47:4.) The Court declined to allow Plaintiffs to file a motion for sanctions at that time.

Following the March CMC, ZHP produced to Plaintiffs approximately 750 COAs it received from suppliers pertaining to DMF solvent and other raw materials used in the valsartan manufacturing process. In addition, ZHP produced approximately 750 internal ZHP inspection reports relating to DMF and other raw materials. It also provided to Plaintiffs a copy of the Chinese national standard for DMF. The standard goes back to 2009 and each DMF COA references the standard along with the relevant DMF specifications that must be met pursuant to the standard. ZHP also identified for Plaintiffs the ZHP document retention policies addressing the routine

---

accompanied by a separate COA. ZHP uses the COAs to ensure that the raw materials it receives are consistent with industry standards for that material. The hundreds of COAs produced by ZHP for DMF, a widely-used solvent in pharmaceutical manufacturing, all align with industry-wide specifications and contain substantially similar information.

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 6

destruction of documents, including raw material COAs, in the ordinary course of business and provided Plaintiffs with certified translations of those documents. In addition, ZHP voluntarily agreed to produce a corporate representative to provide deposition testimony regarding the "contents and interpretation of the documents, and the use and distribution of the documents." (6/11/25 Notice to Take Videotaped Oral Deposition, ECF 3085.) Ms. Jucai Ge, ZHP's former head of Quality Assurance at the site where valsartan API was manufactured, was deposed remotely from Hong Kong on July 10 & 11, 2025. Ms. Ge testified regarding ZHP's understanding of the content of the COAs for DMF solvent that it received from its suppliers and specifically stated that ZHP did not understand the use of the terms "alkalinity calculated as dimethylamine" in the produced COAs for DMF to mean that the solvent contained dimethylamine itself. (*See, e.g.*, 7/10/25 J. Ge. Dep. 50:1-24 (Ex. 1).) Instead, consistent with the explanation set forth in the industry standard, Ms. Ge explained that the reference to dimethylamine indicated that the mass of dimethylamine was used to calculate the amount of alkalinity of the product. (*See, e.g. id*. 50:1-24, 67:4-13; 7/11/25 J. Ge. Dep. 149:22-150:8 (Ex. 2).) In addition, Ms. Ge confirmed that the specifications for DMF are controlled by a Chinese national standard (as discussed above) and therefore COAs for DMF received in and prior to 2015 would have contained the same information included in the many COAs for DMF that ZHP has produced. (*See* 7/11/25 J. Ge. Dep. 145:6-20.)

Even though Plaintiffs' Rule 30(b)(6) Deposition Notice did not identify the retention of COAs as a topic to be explored at the deposition, Ms. Ge testified that COAs for DMF were retained in conformance with ZHP's document retention policies and that, consistent with ZHP's standard operating procedures ("SOPs"), the destruction of these COAs in the ordinary course of business would have been documented by ZHP. (7/10/25 J. Ge. Dep. 80:22-83:4.) Following the

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 7

deposition, Plaintiffs requested the production of ZHP's document destruction records, which ZHP identified, obtained certified English translations of, and produced to Plaintiffs on July 23, 2025. These records confirm that, consistent with ZHP's document retention policy, COAs from 2012 were discarded in 2020, COAs from 2013 were discarded in 2022, COAs from 2014 were discarded in 2023, and COAs from 2015 were discarded in 2024. ZHP confirmed for Plaintiffs that it does not have destruction records from 2011 or earlier because the retention period for those records ended by early 2018.

ZHP presumes that Plaintiffs' latest request for sanctions stems from the fact that the destruction records produced indicate that COAs pertaining to DMF solvent were discarded in the ordinary course of business after the inception of this litigation. But even if Plaintiffs were correct that ZHP had an obligation to preserve indefinitely every COA pertaining to DMF in its possession, Plaintiffs lack any evidence that sanctions are warranted in these circumstances.

*First*, there is no evidence that ZHP acted with a culpable state of mind in failing to preserve every COA in its possessions related to the raw materials used to manufacture valsartan. *See, e.g.*, *Orion Drilling Co., LLC v. EQT Prod. Co.*, 826 F. App'x 204, 216 (3d Cir. 2020) ("No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for."); *Bull v. UPS, Inc.*, 665 F.3d 68, 79 (3d Cir. 2012) ("[A] finding of bad faith is pivotal to a spoliation determination."). To the contrary, the evidence is clear that COAs issued prior to April 2015 were discarded in the ordinary course of business pursuant to a regular document retention policy, and records related to the destruction of those materials were kept by ZHP in compliance with its SOPs. (*See* 7/10/25 J. Ge. Dep. 80:22-84:7.) Further, the fact that ZHP

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 8

has produced hundreds of COAs for DMF, which are consistent with the Chinese national standard that has been applicable to such documents since 2009, is strong evidence that ZHP did not intentionally discard earlier COAs to prevent their use in litigation.

*Second*, Plaintiffs cannot establish that they have been prejudiced by the fact that of COAs dated prior to April 2015 were not retained. *See, e.g.*, *Rodriquez v. Auto Zone*, No. 12-3916 (FSH) (MAH), 2014 WL 197894, at *11 (D.N.J. Jan. 14, 2014) "([T]he key considerations in determining whether such a sanction is appropriate should be: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future."). While Plaintiffs have repeatedly suggested to the Court that earlier DMF COAs may have been materially different from the hundreds of DMF COAs from 2015 and later that ZHP has retained and produced, there is no evidence to support that assertion. To the contrary, as noted above, the COAs that ZHP would have received in and before 2015—like the later COAs that have been produced—would have been consistent with the requirements set forth in the applicable Chinese national standard setting the requirements for sale of that chemical. Indeed, Plaintiffs specifically asked Ms. Ge whether the "certificates of analysis and inspection reports for the prior years [are] the same in format and substance as the ones that were provided to" Plaintiffs, and Ms. Ge testified that the "COA issued by manufacturers" prior to April 2015 are the same, and that is because they had to abide "by the same . . . Chinese industrial standard for DMF" adopted in 2009, and that ZHP's corresponding internal "inspection reports" for DMF received prior to April 2015 "are the same because we did that pursuant with our SOP." (7/11/25 J. Ge. Dep. 144:18-145:20.)

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 9

Thus, the evidence in the record establishes that the COAs that were discarded in the ordinary course of business would have been duplicative of the hundreds of COAs that ZHP has produced.

In short, the COAs that Plaintiffs claim were spoliated were discarded in good faith pursuant to a document retention policy, and without any intent to deprive Plaintiffs of relevant evidence. Further, there is no evidence these materials were any different from the hundreds of COAs that have been produced. Allowing Plaintiffs to file a motion for spoliation sanctions at this late stage, based on the loss of duplicative documents, would be an unnecessary side show that would only serve to further the delay adjudication of the merits of Plaintiffs' claims. As a result, Plaintiffs' request should be denied.

4. **UPDATE ON STATUS OF TPP TRIAL BRIEFING**

Initial briefing on Plaintiffs' Motion for Leave to Reopen TPP Expert Record was completed on June 9, 2025. (ECF Nos. 3053, 3080, 3083.) The 10-page supplemental brief requested by Your Honor at the July 1, 2025 Case Management Conference was submitted by the TPP Trial Defendants July 22, 2025, (ECF No. 3126), and Plaintiffs' supplemental brief is due August 12, 2025.

The TPP Trial Defendants' Renewed Motion for Summary Judgment was filed on June 27, 2025. (ECF Nos. 3100 & 3101.) As agreed to on the record at the July 1, 2025 CMC, Plaintiffs' Response is due August 15, 2025, and the TPP Trial Defendants' Reply is due September 12, 2025.

5. **CMO-38 PID DEFICIENCIES AND ORDERS TO SHOW CAUSE**

**Cases Addressed at the July 1, 2025 Case Management Conference:**

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 10

| The Court issued two product identification show cause orders pursuant to CMO-38 returnable at the August 1, 2025 Case Management Conference:**Plaintiff** | Docket | Attorney | NDC(s) Produced | Deficiency | Entity(ies) to be Dismissed | Prior Dismissal Request(s) |
|---|---|---|---|---|---|---|
| 1. Gilchrist, Gregory | 25-cv-1091 | Chaffin Luhana LLP | 00781594892 00378632177 65862054090 | No Teva Product | Teva Pharmaceuticals USA, Inc. | 5/12/25 |
| 2. Wesley, Mary | 20-cv-8587 | Vogelzang Law | 65862057190 43547036809 00781560892 68180027703 | No Teva Product | Arrow Pharm (Malta) Ltd. | 2/28/25 |

The issues in the *Wesley* matter remain, and the Requesting Manufacturer Defendants request that the listed entities be dismissed from this matter with prejudice.

The issues in the *Gilchrist* matter have been resolved, the order to show cause may be dismissed as moot.

**Second Listing Cases – Order to Show Cause Requested**

The following product identification issues remain unresolved. This list was provided to Plaintiffs' leadership on July 21, 2025, and a meet and confer was held on July 25, 2025. Defendants have also been available for further discussion as needed. This is the second time these cases have been listed on this agenda. Accordingly, the Requesting Manufacturer Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why the listed entities should not be dismissed from these cases.

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 11

| Plaintiff | Docket | Attorney | NDC(s) Produced | Deficiency | Entity(ies) to be Dismissed | Prior Dismissal Request(s) |
|---|---|---|---|---|---|---|
| 1. Esrig, Teresa | 22-cv-244 | Rios Law Firm | N/A | No Teva Product | Teva Pharmaceuticals USA, Inc. | 6/9/25 |
| 2. Harris, Rosalind | 25-cv-2063 | Ferrell Law Group | N/A | No Teva Product | Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Actavis, LLC; Actavis Pharma, Inc.; Arrow Pharm (Malta) Ltd.<br><br>Mylan Laboratories Ltd.; Mylan Pharmaceuticals Inc.; Mylan N.V | 6/9/25 (Teva)<br><br>6/11/25 (Mylan) |
| 3. Tolley, Margaret | 21-cv-10130 | Wright McCall | 00378580377 (no proof of use provided) | No Mylan Product | Mylan Laboratories Ltd.; Mylan N.V.; Mylan Pharmaceuticals Inc. | 6/18/25 |

**First Listing Cases – Remaining Product Identification Deficiencies:**

The following product identification issues remain unresolved. This list was provided to Plaintiffs' leadership on July 21, 2025, and a meet and confer was held on July 25, 2025. Defendants have also been available for further discussion as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 12

resolve these deficiencies.

| Plaintiff | Docket | Attorney | NDC(s) Produced | Deficiency | Entity(ies) to be Dismissed | Prior Dismissal Request(s) |
|---|---|---|---|---|---|---|
| 1. Banks, Ladawn | 25-cv-1159 | Stark & Stark | 65862054890 00378632577 | No Teva Product | Arrow Pharm (Malta) Ltd. | 6/26/25 |
| 2. Schroeder, Jon | 25-cv-2205 | Nigh Goldenberg | N/A | No Teva Product  No Mylan Product | Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Arrow Pharm (Malta) Ltd.  Mylan Laboratories Ltd., Mylan N.V. and Mylan Pharmaceuticals Inc. | 6/25/25 (Teva)  7/9/25 (Mylan) |
| 3. Studstill, Bruce | 21-cv-815 | Levin Papantonio | 6586273930 | No Teva Product | Arrow Pharm (Malta) Ltd. | 6/25/25 |
| 4. Boyko, Achkov | 21-cv-10355 | Johnson, Sztykiel & Hunt, P.C. | N/A | No Teva Product | Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Actavis, LLC; Actavis Pharma, Inc.; Arrow Pharm (Malta) Ltd. | 6/26/25 |
| 5. O'Neill, Robert | 25-cv-1657 | Stark & Stark | 00378632377 (post-recall usage not | No Mylan Product | Mylan Laboratories Ltd., Mylan | 7/10/25 |

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 13

|  |  |  | subject to this litigation) |  | N.V., and Mylan Pharmaceuticals Inc. |  |
|--|--|--|--|--|--|--|

**6. PFS Deficiencies and Orders to Show Cause**

<u>**Cases Addressed at the July 1, 2025 Case Management Conference:**</u>

The Court issued four show cause orders pursuant to CMO-16 returnable at the August 1, 2025 Case Management Conference:

1. *Mark McNall v. Aurobindo, et al.* - 23-cv-21327
2. *Robert O'Neill v. Aurobindo Pharma, Ltd.* - 25-cv-1657
3. *Roger Fast v. Aurobindo, et al.* - 25-cv-1192
4. *Ronald Gies v. Hetero Drugs, et al.* - 25-cv-1186

The issues in the *McNall* matter remain unresolved, but the parties agree to an extension of the show cause orders until the next case management conference.

The issues in the *O'Neill* matter are resolved, and the show cause order may be withdrawn.

The issues in the *Fast* and *Gies* matters remain unresolved, and Defendants request that these matters be dismissed with prejudice pursuant to CMO-16.

<u>**Second Listing Cases – Order to Show Cause Requested:**</u>

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these cases were previously listed on the agenda for a prior CMC. This list was provided to Plaintiffs' leadership on July 21, 2025, and a meet and confer was held on July 25, 2025. Defendants have also been available for further discussion as needed. Accordingly, Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why these cases should not be

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 14

dismissed.

|  | **Plaintiff** | **Civil Action No.** | **Law Firm** | **Deficiencies** | **Deficiency Sent** |
|---|---|---|---|---|---|
| 1. | Teresa Esrig v. Torrent, et al. | 22-cv-244 | Rios Law Firm | PFS substantially incomplete. No records. No authorizations. | GT - 6/9/25 |
| 2. | James Doherty v. Aurobindo, et al. | 25-cv-956 | Bernstein Liebhard | No medical records. | GT – 6/9/25 |
| 3. | Carol Ellis v. Aurobindo, et al. | 25-cv-1839 | Fleming Nolen | Authorizations should be signed by representative. Uploaded authorizations signed by decedent postdate death. No insurance authorizations. No medical expense records. No declaration/verification for amended PFS. Declaration/verification signed by decedent postdates death. | MLB – 5/23/25 |

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 15

| | | | | | |
|---|---|---|---|---|---|
| 4. | Joseph Veron Jr. | 20-cv-8800 | Fleming Nolen & Jetz | PFS substantially incomplete<br><br>Must provide undated authorizations. | Mylan -6/18/25 |
| 5. | Rosalind Hatcher Harris | 25-cv-2063 | Ferrell Law Group | PFS substantially incomplete.<br><br>No pharmacy records. | Mylan -6/11/25 |
| 6. | Michael Kopinetz v. Hetero, et al. | 25-cv-1899 | Nigh Goldenberg | No PFS Filed | PFS Due – 5/17/25 |
| 7. | Angela O'Bryant v. Aurobindo, et al. | 25-cv-2157 | Nigh Goldenberg | No PFS Filed | PFS Due – 5/31/25 |
| 8. | Ernest Chiaradonna v. Aurobindo, et al. | 25-cv-2634 | Morgan & Morgan | No PFS Filed | PFS Due – 6/11/25 |
| 9. | Ernest Pointer v. Hetero, et al. | 25-cv-2941 | Peiffer Wolf | No PFS Filed | PFS Due – 6/22/25 |
| 10. | David Martin Michael | 24-cv-8007 | Michael & Burch | No PFS Filed<br><br>Not registered on MDL Centrality | PFS Due – 9/22/2024 |

**First Listing Cases – Remaining Core Deficiencies:**

The following Plaintiff Fact Sheets contain core deficiencies which remain unresolved. This list was provided to Plaintiffs' leadership on July 21, 2025, and a meet and confer was held

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 16

on July 25, 2025. Defendants have also been available for further discussion as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

| | **Plaintiff** | **Civil Action No.** | **Law Firm** | **Deficiencies** | **Deficiency Sent** |
|---|---|---|---|---|---|
| 1. | Ladawn Banks | 25-cv-01159 | Stark & Stark | Must answer dietary questions. Authorizations must be undated. Employment record authorization must be provided. | GT – 6/26/25 |
| 2. | Achkov Boyko | 21-cv-10355 | Johnson, Sztykiel & Hunt, P.C. | No medical records. No pharmacy records. No authorizations. PFS substantially incomplete. | GT – 6/26/25 |
| 3. | John Schroeder | 25-cv-02205 | Nigh Goldenberg Raso & Vaughn | PFS substantially incomplete. No medical records. No pharmacy records. | Mylan – 7/9/25 |
| 4. | Tseghai Berhe | 25-cv-2120 | Stark & Stark | No PFS Filed | PFS Due – 7/15/25 |

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 17

| | | | | | |
|---|---|---|---|---|---|
| 5. | Curtis Davis | 25-cv-3309 | Stark & Stark | No PFS Filed | PFS Due – 7/15/25 |
| 6. | Mario Diaz | 25-cv-3370 | Stark & Stark | No PFS Filed | PFS Due – 7/15/25 |
| 7. | Mary Hunsberger | 25-cv-3338 | Stark & Stark | No PFS Filed | PFS Due – 7/15/25 |
| 8. | John Magnarelli | 25-cv-3374 | Stark & Stark | No PFS Filed | PFS Due – 7/15/25 |
| 9. | Joseph Marek | 25-cv-3389 | Stark & Stark | No PFS Filed | PFS Due – 7/15/25 |
| 10. | Stanley Scott | 25-cv-5406 | Nigh Goldenberg | No PFS Filed | PFS Due – 7/27/25 |
| 11. | Steven Floyd Winn | 25-cv-5921 | Parafinczuk Wolf | No PFS Filed | PFS Due – 7/28/25 |
| 12. | Jesse Peralta | 25-cv-5104 | Chaffin Luhana LLP | No PFS Filed | PFS Due – 7/29/25 |

The Hon. Renée Marie Bumb
Special Master the Hon. Thomas Vanaskie
July 30, 2025
Page 18

                              Respectfully submitted,

                              Clem C. Trischler

c:       All counsel of record (via ECF)