

August 11, 2025

**VIA ECF**
Chief Judge Renée M. Bumb
United States District Court
for the District of New Jersey
4th & Cooper Streets Room 1050
Camden, NJ 08101

      Re:   *In re Valsartan, Losartan, and Irbesartan Liability Litigation*,
              Case No. 1:20-cv-00946-RMB-SAK; 1:19-md-02875-RMB-SAK

Dear Chief Judge Bumb,

     In order to further narrow the issues before the Court, the Parties are continuing to work on stipulations in lieu of their motions *in limine*. While the Parties are close to reaching agreement on several stipulations, should the Parties reach an impasse on specific language related to these stipulations, the Parties will need to bring additional motions *in limine* to the Court's attention other than the motions *in limine* discussed below.

     The issues presented below represent the current limited scope of disputes between the Parties. Pursuant to the Court's Orders at the August 1, 2025 case management conference (Dkt. 3133, Hr'g Tr. at 59:2-11), the *Roberts* Plaintiff respectfully submits the following list of motions *in limine* for the Court's review and consideration.

   1. Exclude the April 2016 radiology reports as inadmissible hearsay which are irrelevant and add no probative value as to the cause of Mr. Roberts' liver cancer.

   2. Exclude evidence of Mr. Roberts' immaterial past medical history that no experts opine caused or contributed to Mr. Roberts' liver cancer under Federal

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927

nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota



Rules of Evidence 401, 402, and 403.

    3.  Exclude evidence or argument that Mr. Roberts was noncompliant with his medical treatment prior to his cancer diagnosis under Federal Rules of Evidence 403 and 404(b), including but not limited to: (1) incorrect assertions that Mr. Roberts failed to follow up after doctor recommendations for additional imaging in 2016; and (2) that Mr. Roberts declined a liver biopsy in which his treating physician agreed was not necessary.

    4.  Exclude evidence that an expert has been admitted, excluded, or limited in other cases or materials discussing such decisions.

    5.  Exclude evidence and arguments related to Mr. Roberts' treating physicians and any allegations of malpractice or deviations from the standard of care.

    6.  Exclude evidence, testimony, or references to the manner in which Plaintiff learned about this litigation or their attorneys, and when or why they retained their attorneys to represent them.

    7.  Preclude Defendants from seeking sympathy for big corporations targeted in litigation, or assert that they employ people in New Jersey, including any comment, evidence, testimony, inference, argument, or suggestion otherwise that if Defendants are made to pay a judgment that it may negatively affect the New Jersey economy or the economy of any state.

    8.  Exclude any comment, evidence, testimony, inference, argument, or suggestion otherwise that any award of damages in this case will adversely affect the ability of any member of the jury to purchase or have available medications, devices, or surgeries in the future, or affect the cost thereof, or have any adverse effect on the medical or health products available to individuals or industries in

Nigh Goldenberg Raso & Vaughn, PLLC  
14 Ridge Square NW | Third Floor  
Washington, D.C  
20016  

T: (202) 792-7927  
D: (612) 424-9900  
F: (202) 792-7927  
nighgoldenberg.com  

Washington D.C.  
Kansas  
Florida  
Minnesota

the United States or worldwide.

9. Any comment, evidence, testimony, inference, argument, or suggestion otherwise that a verdict for the Plaintiff will adversely impact pharmaceutical or medical device companies' incentive/ability to develop new medications and devices, including medications or devices.

10. Any comment, evidence, testimony, inference, argument, or suggestion otherwise that Plaintiff is covered by some form of insurance for the incident in question or some other collateral source. Such argument is irrelevant to any issue in this case and any mentioning or inference thereof, directly or indirectly, in any manner, will be harmful or unjustly prejudicial to Plaintiff.

11. Any comment, evidence, testimony, inference, argument, or suggestion otherwise that this case or any other Valsartan products liability case may cause an increase in the cost of purchasing or maintaining insurance.

12. Any comment, evidence, testimony, inference, argument, or suggestion otherwise that if Defendants have to pay a judgment entered in this case, that Defendants may have limited policy limits or cash, or the effect or results of such judgment upon the insurance rates, premiums, finances, or ability of Defendants to compete in the marketplace.

13. Evidence or argument that contaminated valsartan API and valsartan-containing drugs ("VCDs") could not have been adulterated until the FDA declared them adulterated.

14. Exclude evidence or argument that Defendants' VCDs were not adulterated because they complied with the USP monograph for valsartan and limit any evidence or argument that Defendants complied with cGMPs in the manufacture

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927

nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota



of the API and VCDs.

Should Your Honor need any further information, please let us know.

                                                    Respectfully submitted,

DANIEL A. NIGH (FL Bar No. 30905)
Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW, Third Floor
Washington, D.C. 20016
T: 202-792-7927
F: 202-792-7927
dnigh@nighgoldenberg.com
Attorney for Plaintiffs

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota