# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*Gaston Roberts et al. v. Zhejiang Huahai Pharmaceutical Co. Ltd., et al.*,<br><br>Case No. 1:20-cv-00946-RMB-SAK | MDL No. 2875<br><br>Honorable Renée Marie Bumb, District Court Judge |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED SHORT FORM COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), Solco Healthcare U.S., LLC ("Solco"), and Prinston Pharmaceutical Inc. ("Prinston") (together, "Defendants'") make the following response to Plaintiff's First Amended Short Form Complaint ("Complaint"):

**I.    IDENTIFICATION OF PARTIES**

**RESPONSE TO PARAGRAPH NO. 1:**

In response to Paragraph 1 of the Complaint, Defendants admit that Gaston J. Roberts Jr. ("Decedent") has been identified as the "individual who alleges injury due to use of a valsartan-containing drug." In all other respects, the paragraph is denied.

**RESPONSE TO PARAGRAPH NO. 2:**

In response to Paragraph 2 of the Complaint and its subparts, Defendants admit that Plaintiff Jan Roberts has brought this lawsuit on behalf of Gaston J. Roberts Jr. as his spouse/personal representative. Defendants deny that Plaintiff is entitled to any relief whatsoever.

**RESPONSE TO PARAGRAPH NO. 3:**

In response to Paragraph 3 of the Complaint, Defendants admit that Plaintiff Jan Roberts has brought a claim for loss of consortium. Defendants deny that Plaintiff is entitled to recover for any alleged loss of consortium, or to any relief whatsoever.

**RESPONSE TO PARAGRAPH NO. 4:**

In response to Paragraph 4 of the Complaint, Defendants admit that Plaintiff Jan Roberts resided in Baldwin County, Bay Minette, AL at the time the Complaint was filed, but deny that Gaston Roberts Jr. passed away in Baldwin County, Bay Minette, AL. Upon information and belief, Gaston Roberts Jr. died at Thomas Hospital in Baldwin County, Fairhope, AL.

**RESPONSE TO PARAGRAPH NO. 5:**

Paragraph 5 of the Complaint is not directed to Defendants and does not require a response. To the extent a response is required, Defendants deny that Plaintiff is entitled to relief under any theory of survivorship or wrongful death.

## II.  IDENTIFICATION OF DEFENDANTS

**RESPONSE TO PARAGRAPH NO. 6:**

In response to Paragraph 6 of the Complaint and its subparts, Defendants admit that Plaintiff Jan Roberts has brought this lawsuit on behalf of Gaston J. Roberts Jr. against Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc. Defendants specifically deny that Plaintiff is entitled to any relief whatsoever against any Defendant named in Paragraph 6 of the Complaint. The portions of Paragraph 6 of the Complaint that reference "John Doe" are not directed to Defendants and do not require a response.

## III.  JURISDICTION & VENUE

**RESPONSE TO PARAGRAPH NO. 7:**

In response to Paragraph 7 of the Complaint, Defendants admit that this Court's jurisdiction is based on diversity of citizenship.

**RESPONSE TO PARAGRAPH NO. 8:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint as stated and therefore deny same.

## IV. PLAINTIFF'S INJURIES

## RESPONSE TO PARAGRAPH NO. 9:

In response to Paragraph 9 of the Complaint, Defendants admit that Gaston Roberts Jr. was diagnosed with hepatocellular carcinoma ("HCC").

### CAUSES OF ACTION

## RESPONSE TO PARAGRAPH NO. 10:

Paragraph 10 of the Complaint is not directed to Defendants and does not require a response. To the extent a response is required, Defendants admit that Plaintiff adopts and incorporates by reference Plaintiffs' Master Long Form Complaint and Jury Demand, but deny that Plaintiff is entitled to recover on any theory against any Defendant set forth in Plaintiffs' Master Long Form Complaint and Jury Demand.

## RESPONSE TO PARAGRAPH NO. 11:

In response to Paragraph 11 of the Complaint, Defendants admit that Plaintiff Jan Roberts purports to adopt the claims and allegations asserted in Plaintiffs' Master Long Form Complaint and Jury Demand that are enumerated in Paragraph 11. Defendants submit that Plaintiff has, since the time of filing this Complaint, agreed not to pursue the enumerated claims for Breach of Express Warranty, Breach of Implied Warranty, and Breach of Consumer Protection Statutes of the State of

4

Alabama. (*See* ECF No.1707.) Defendants specifically deny that Plaintiff is entitled to recover on any theory against any Defendant identified in Paragraph 11.

**RESPONSE TO PARAGRAPH NO. 12:**

Paragraph 12 of the Complaint is not directed to Defendants and does not require a response. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint as stated and therefore deny same.

**RESPONSE TO PARAGRAPH NO. 13:**

Paragraph 13 of the Complaint is not directed to Defendants and does not require a response. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint as stated and therefore deny same.

**RESPONSE TO PARAGRAPH NO. 14:**

Paragraph 14 of the Complaint is not directed to Defendants and does not require a response. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint as stated and therefore deny same.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that they would not otherwise bear with respect to the required elements of Plaintiff's claims, Defendants hereby assert

the following affirmative defenses to the allegations and claims in the Complaint. All of the following defenses are pleaded in the alternative, and none constitutes an admission that Defendants are liable in any way liable to Plaintiff, that Plaintiff or Decedent have been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief.

As a defense to the Complaint and each and every allegation contained therein, Defendants assert:

1. **Statute of Limitations:** Certain of Plaintiff's claims as alleged in the Complaint, including the claim for "Breach of Consumer Protection Statutes of the state(s) for Alabama," are barred by the applicable statutes of limitations.

2. **Preemption:** Plaintiff contends that her "failure to warn claim extends not just to the labeling for the pills, but also to the failure to provide that information to the FDA[.]" (ECF No. 3091, at 10.) However, as a generic manufacturer, it was legally impossible for ZHP to unilaterally make any changes to the labeling of valsartan, rendering this theory of liability preempted under *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 617 (2011) ("Federal drug regulations . . . prevented the Manufacturers from independently changing their generic drugs' safety labels."). And any claims arising out of what Defendants did or did not tell the FDA are preempted under *Buckman Co. v. Plaintiffs' Legal Committee*, which holds that "[s]tate-law fraud-on-the-FDA claims inevitably

conflict with the FDA's responsibility to police fraud consistently with the Administration's judgment and objectives." 531 U.S. 341, 350 (2001).

3. **State of the Art:** Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, and marketed in accordance with all applicable governmental regulations and the generally recognized state of the art at the time those products were designed, manufactured, labeled, and distributed. Liability may not be imposed as to a properly manufactured prescription drug distributed with information regarding the risks of which the manufacturer knew at the time of manufacture, and liability may not be imposed for untold risks not known at the time of such design, manufacture, and sale of the subject prescription drug. The products at issue were not unreasonably dangerous or defective, were suitable for the purpose for which intended, and were distributed with adequate and sufficient warnings. As determined by the FDA, the risk of not taking VCDs "greatly outweighs the potential risk of exposure to trace amounts of nitrosamines."

4. **Defendants' Good Faith:** Plaintiff's claims are barred, in whole or in part, because all actions taken with regard to Plaintiff were for lawful business reasons and in good faith. Defendants did not know—and could not have reasonably known—of the potential for the manufacturing processes at issue in this litigation to form NDMA prior to the FDA's letter in 2018.

5. **Regulatory Compliance:** Plaintiff's claims are barred, in whole or in part, because ZHP's API and Prinston d/b/a Solco's VCDs, at all times relevant hereto, complied with all applicable laws and regulations, as well as all applicable industry and FDA standards, statutes, rules, regulations and guidance at the time they were designed, manufactured, tested, marketed, and labeled. At the time ZHP's API and Prinston d/b/a Solco's VCDs were designed, manufactured, tested, marketed, labeled, and/or distributed, they were approved by the FDA in all respects, including the design formulation requirements, labeling and warnings content, and/or manufacturing specifications to which they were subjected by the FDA in granting and maintaining Abbreviated New Drug Application approval, as applicable.

6. **Punitive or Exemplary Damages:** Plaintiff's claims for punitive or other exemplary damages allegedly available to Plaintiff under Alabama law are barred in whole or in part by the due process clauses of any applicable state and United States Constitutions, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution. Any law, statute or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to

8

guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not direct, or did not proximately cause harm, if any, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages in an amount not reasonable or proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards for appellate review of punitive damages awards; or (7) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); and *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

7. **Reservation of Rights:** Defendants hereby give notice that they intend to rely upon such other defenses as may become available or appear during the course of proceedings in this case and hereby reserve the right to amend this Answer to assert such defenses.

9

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendants' favor, and that the Court provide Defendants all other relief it deems proper.

## JURY TRIAL DEMANDED

Defendants hereby demand a trial by jury on all issues so triable.

Dated: August 15, 2025

Respectfully submitted,

*/s/ Jessica Davidson*

Jessica Davidson (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4723
jessica.davidson@kirkland.com

Allison M. Brown
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel: (215) 268-5000
alli.brown@kirkland.com

Nina R. Rose (*pro hac vice*)
Jordan M. Schwartz (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue
Washington, D.C. 20004
Tel: (202) 389-3394
nina.rose@kirkland.com
jordan.schwartz@kirkland.com

*Attorneys for Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Solco Healthcare U.S., LLC, and Prinston Pharmaceutical Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 15, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants in this matter.

*/s/ Jessica Davidson*
Jessica Davidson