# KIRKLAND & ELLIS LLP

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Nina R. Rose
To Call Writer Directly:
+1 202 389 3394
nina.rose@kirkland.com

Facsimile:
+1 202 389 5200

August 18, 2025

**Via ECF**

| | |
|---|---|
| The Hon. Renée Marie Bumb | Special Master the Hon. Thomas Vanaskie |
| United States District Court Judge | Stevens & Lee |
| District of New Jersey | 1500 Market Street, East Tower, 18th Floor |
| Mitchell H. Cohen Building & U.S. Courthouse | Philadelphia, PA 19103 |
| 4th & Cooper Streets, Room 1050 | |
| Camden, NJ 08101 | |

Re:   *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
       USDC, District of New Jersey, No. 1:19-md-2875-RMB

Dear Judge Bumb and Judge Vanaskie:

Defendant Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP") submits this letter in response to Plaintiffs' Memorandum of Law in Support of Request For Third Assessment of Sanctions Against ZHP For Destruction Of COAs And Inspection Reports ("Pls.' Sanctions Mem.") (ECF No. 3147).

At the August 1, 2025 Case Management Conference ("August 1 CMC"), Plaintiffs requested leave to file a motion for sanctions against ZHP based on its failure to retain certificates of Analysis ("COAs") for dimethylformamide solvent ("DMF") dated prior to April 2015. In order to determine whether leave to seek spoliation sanctions should be granted, the Court requested that the parties provide written submissions addressing two specific issues: (1) whether pre-2015 COAs would have been substantively the same as the many later COAs that have been produced; and (2) when Plaintiffs' counsel were made aware that pre-2015 COAs were destroyed. (*See* 8/1/25 CMC Tr. 42:24-43:12 (ECF No. 3133).) ZHP filed a short submission addressing those two particular questions on August 8, 2025. (*See* ECF No. 3140.)

Rather than respond to the Court's request, Plaintiffs filed a formal request for spoliation sanctions on August 15, 2025. Plaintiffs' 43-page "memorandum of law" in support of that request seeks relief based on **both** the loss of pre-2015 COAs and ZHP's allegedly delayed production of COAs from 2015 and later (which was the subject of a previous request for leave to file a motion for sanctions that the Court denied). (*See* Pls.' Sanctions Mem. at 1-2.) Plaintiffs claim that they

## KIRKLAND & ELLIS LLP

August 18, 2025
Page 2

have sustained "massive" prejudice and therefore ask the Court to impose severe spoliation sanctions, including "entry of default against ZHP," "an Order precluding ZHP from presenting a defense to its liability," or "an adverse factual finding that ZHP was aware of the potential presence of dimethylamine as an impurity of DMF." (*Id.* at 19.) Plaintiffs assert that such drastic, case-ending sanctions are justified based on a variety of incorrect allegations regarding ZHP's discovery conduct dating back to the inception of this litigation.[1]

ZHP believes that this request for spoliation sanctions was improperly filed in contravention of this Court's order requesting that the parties submit briefing on two specific issues so that the Court could decide whether to ***allow*** Plaintiffs to seek spoliation sanctions at all. As a result, ZHP requests that Plaintiffs' memorandum be stricken.

If, however, the Court is inclined to consider Plaintiffs' memorandum, ZHP respectfully requests that the Court set a briefing schedule to allow ZHP the opportunity to oppose what amounts to a motion for case-determinative spoliation sanctions. ZHP further respectfully requests that any opposition to Plaintiffs' memorandum be due two weeks after the Court sets such a briefing schedule.

Thank you in advance for your consideration.

Sincerely,

*[signature: Nina Rose]*

Nina Rose, P.C.

---

[1] ZHP was particularly surprised to receive Plaintiffs' memorandum given the Court's admonition at the August 1, 2025 CMC that it would adjourn the scheduled trial of the *Roberts* case if Plaintiffs were asserting they did not have all of the documents they needed to prepare their cases. (*See* 8/1/25 CMC Tr. 32:17-34:7; 34:24-36:2.) It appears that Plaintiffs are attempting to distract the Court from the actual facts of the *Roberts* case, which involves a decedent who had very serious, longstanding risk factors for liver cancer (and lesions on his liver that could not be ruled out as malignant) before ever taking a single valsartan pill allegedly contaminated with NDMA.