# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875<br><br>Honorable Renée Marie Bumb, District Court Judge |
| **THIS DOCUMENT RELATES TO:**<br><br>*Gaston Roberts et al. v. Zhejiang Huahai Pharmaceutical Co. Ltd., et al.,*<br><br>Case No. 1:20-cv-00946-RMB-SAK | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTIONS IN LIMINE AND IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd., Prinston Pharmaceutical Inc., and Solco Healthcare U.S. (collectively, "Defendants") respectfully: (1) move to exclude certain evidence from trial; and (2) oppose Plaintiff's motions to exclude other evidence.

## DEFENDANTS' MOTIONS IN LIMINE

**1.    EVIDENCE OR ARGUMENT SUGGESTING THAT DEFENDANTS MISLED OR COMMITTED FRAUD ON THE FDA.**

Plaintiff seeks to offer evidence that Defendants somehow misled or defrauded the FDA with respect to valsartan. (*See, e.g.*, ECF 3099 at 1 (Plaintiff arguing that Defendants "knew that their valsartan was contaminated with NDMA" but "chose to remain silent, failing to notify the FDA or take corrective action.").) Similar evidence and argument were excluded by the Court in connection with the previously-scheduled TPP Trial. (*See* 7/23/24 Tr. 271:6-272:16, ECF 2791.) The same ruling should apply here.

*First*, evidence or argument that Defendants misrepresented information to— or withheld information from—the FDA is both irrelevant and preempted by federal law. Fed. R. Evid. 401, 402. In *Buckman*, the Supreme Court held that the adequacy of regulatory submissions to the FDA is an issue that can be determined by the FDA alone and that it may not be considered by juries applying state laws. *Buckman Co. v. Pls.' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001) (citing 21 U.S.C. § 337(a)). As courts applying *Buckman* have made clear, this means that evidence that a defendant

"misled" the FDA evidence is irrelevant and inadmissible in a product liability case. *See, e.g.*, *Swank v. Zimmer, Inc.*, No. 03-CV-60-B, 2004 WL 5254312, at *2 (D. Wyo. Apr. 20, 2004) (excluding "evidence that [d]efendant misled the FDA" based on *Buckman*); *In re Bextra & Celebrex Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. MDL 05-01699 CRB, 2008 WL 8140112, at *1 (N.D. Cal. Apr. 30, 2008) (similar).[1]

**Second**, evidence or argument that Defendants misled the FDA would confuse the jury and unfairly prejudice Defendants by suggesting that any purported misstatement to the FDA is sufficient to establish that Defendants committed fraud with respect to Plaintiff. *See* Fed. R. Evid. 403; *Bouchard v. Am. Home Prods. Corp.*, 213 F. Supp. 2d 802, 812 (N.D. Ohio 2002). In addition, introduction of such evidence and argument would lead to a time-consuming and unnecessary mini-trial regarding the content, veracity, and regulatory sufficiency of Defendants' statements to the FDA. For this reason, too, such evidence and argument should be excluded.

2. **EVIDENCE OR ARGUMENT RELATED TO DISCOVERY DISPUTES REGARDING CERTIFICATES OF ANALYSIS ("COAs").**

The parties have stipulated that evidence and argument related to discovery disputes between the parties is generally inadmissible. (*See* ECF 3154 at 12-13.) That stipulation does not pertain to discovery disputes related to COAs, material

---

[1]    This Court has previously recognized that any "fraud-on-the-FDA" claim would be preempted under *Buckman*. (ECF 675 at 12.)

safety data sheets, and related testing reports, which are currently pending before the Court and will be addressed at the September 8, 2025 hearing. Based on the outcome of that hearing, Defendants respectfully reserve the right to move to prelude evidence and argument related to Defendants' destruction and/or allegedly delayed production of these materials because such evidence is irrelevant to the issues in the *Roberts* case and would result in undue prejudice, confusion, and delay.[2]

## OPPOSITIONS TO PLAINTIFF'S MOTIONS IN LIMINE

**1.    EVIDENCE OR ARGUMENT THAT CONTAMINATED VALSARTAN API AND VALSARTAN CONTAINING DRUGS ("VCDS") COULD NOT HAVE BEEN ADULTERATED BEFORE 2018.**

Plaintiff seeks to preclude Defendants and their experts from stating that VCDs were not adulterated prior to the FDA's pronouncement of adulteration in the 2018 Warning Letter. This issue, however, was settled in connection with the Court's ruling denying the TPP Plaintiffs' motion to exclude the regulatory opinions of Dr. Ali Afnan. In advance of the TPP Trial, the Court held a Rule 702 hearing on the TPP Plaintiffs' motion to exclude Dr. Afnan, during which the Court held that no witness could testify that "as a matter of law, adulteration cannot be applied

---

[2]    A similar motion *in limine* was granted in connection with the TPP Trial, where the Court held that the TPP Plaintiffs were permitted to discuss whether certain documents were included within a witness's custodial file but could not refer to or suggest document loss or spoliation. (*See* 7/23/24 Tr. 267:17-268:8, ECF 2791.)

retroactively," but that Dr. Afnan could opine, from a regulatory perspective, that valsartan was not adulterated prior to 2018 because there was no cGMP violation prior to that. (*See* 9/18/24 Tr. 49:4-22, ECF 2859.) The Court repeated this throughout the hearing:

- THE COURT: "If the plaintiffs' witnesses are testifying in their regulatory capacity and they, given their regulatory expertise, opine that these drugs were adulterated before the FDA declared them adulterated, [Dr. Afnan] will be permitted, given his expertise, to counter that. That's my ruling." (*Id*. 59:17-60:12.)

- [PLAINTIFFS' COUNSEL]: . . . "I assume he cannot say it wasn't adulterated because you can't retrospectively say it was adulterated. Because Your Honor already ruled on that. I assume he can't give that information. THE COURT: As a matter of law, that's right. [PLAINTIFF'S COUNSEL]: Okay. THE COURT: In his regulatory experience, he can." (*Id*. 61:10-18.)

The same ruling should apply here, and Plaintiff's attempt to limit Dr. Afnan's previously-admitted testimony through a motion *in limine* should be denied.

## 2.    EVIDENCE OR ARGUMENT THAT DEFENDANTS' VCDS WERE NOT ADULTERATED BECAUSE THEY COMPLIED WITH THE U.S. MONOGRAPH FOR VALSARTAN AND LIMIT EVIDENCE OR ARGUMENT THAT DEFENDANTS COMPLIED WITH CGMPS IN THE MANUFACTURE OF THE API AND VCDS.

Plaintiff also seeks to "limit" Defendants' ability to argue that they did not violate cGMPs, including by barring evidence or argument that Defendants complied with the U.S. Monograph for valsartan in developing and testing valsartan API and VCDs. This argument should be rejected out of hand, as this Court has already held that whether cGMPs were violated is a key factual issue for the jury to

4

decide. (*See* ECF 2581 at 19 (the Court recognizing in its summary judgment ruling in the TPP case that whether valsartan API or VCDs were "adulterated" is a question "for the fact-finder to reach").) As a result, Defendants are entitled to present fact and expert evidence supporting their position.

Further, Plaintiff's argument once again asks the Court to reverse its prior ruling permitting Dr. Afnan to testify on these issues. As noted above, the Court already held that Dr. Afnan is entitled to offer testimony rebutting the assertion that cGMPs were violated. In addition, the Court admitted Dr. Afnan's opinions that Defendants did not violate cGMPs because they appropriately developed and tested valsartan API consistent with the U.S. Monograph, which does not anticipate or require testing for NDMA. (*See* ECF 2648, Ex. 19 ¶ 21.) The simple fact that ***Plaintiff*** disagrees with Dr. Afnan on these points does not render his opinions inadmissible. *See Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, No. 15-6480, 2021 WL 2352016, at *11 (E.D. Pa. June 9, 2021) (declining to exclude expert opinion "simply because [the opposing party] deem[s] his conclusions counterintuitive"); *UGI Sunbury LLC v. A Permanent Easement for 0.4308 Acres*, No. 3:16-CV-00794, 2021 WL 5140050, at *9 (M.D. Pa. Nov. 4, 2021) (similar).

Dated: September 2, 2025

Respectfully submitted,

*/s/ Jessica Davidson*
Jessica Davidson (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4723
jessica.davidson@kirkland.com

Allison M. Brown
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel: (215) 268-5000
alli.brown@kirkland.com

Nina R. Rose (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue
Washington, D.C. 20004
Tel: (202) 389-3394
nina.rose@kirkland.com

*Attorneys for Zhejiang Huahai*
*Pharmaceutical Co., Ltd., Prinston*
*Pharmaceutical Inc., and Solco*
*Healthcare U.S., LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 2, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ *Jessica Davidson*
Jessica Davidson