UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Cases | MDL No. 2875<br><br>Honorable Renée Marie Bumb, Chief District Court Judge |

**PLAINTIFFS' PROPOSAL FOR SANCTIONS HEARING**

During the August 26, 2025 hearing, the Court directed Plaintiffs to submit a brief addressing Plaintiffs' understanding of the scope of the hearing ordered by the Court to determine whether and what sanctions should be imposed based on ZHP's admitted concealment of important liability documents—certificates of analysis and related internal inspection reports—from Plaintiffs for years, followed by the destruction of most of those documents after the imposition of ZHP's litigation hold, entry of the Court's Preservation Order, and entry of the Court's 2019 Order compelling production of those documents.

At a high level, the following principles should guide the presentation: (1) Plaintiffs need only show that the documents were withheld/destroyed in violation of ZHP's admitted legal obligations—which has not been denied—for sanctions to be imposed. Prejudice is not required as a matter of law because the documents were hard copy documents, not ESI, (2) even if prejudice or intent were required, there is

1

sufficient evidence to support these findings or at the least to submit the question to the jury, as this Court has done in the past, and (3) it would be unfair to allow Defendants to defend/deny the central point of the documents at issue, that ZHP was made aware of the potential for dimethylamine to be introduced to the process by DMF (admitted by defense chemistry expert Dr. Andrew Thompson in his deposition. (Thompson 5/09/25 Dep. Tr. 163:8-14 (Ex. 1 hereto)). In the absence of stronger sanctions, that fact should be determined by a finding of fact that cannot be disputed at trial.[1] Plaintiffs incorporate by reference their prior brief regarding the sanctions issue.[2]

Plaintiffs propose that the following be addressed at the upcoming sanctions hearing:[3]

1. Stipulate or establish the timeline of ZHP's obligation to preserve and produce the certificates of analysis (COAs) and related internal inspection reports for the dimethylformamide (DMF) obtained by ZHP and used in the development and implementation of the zinc chloride manufacturing process (pursuant to the

---

[1] At the very least, the Court should grant Plaintiffs' proposed adverse inference instruction. (ECF 3147, Ex. 23).
[2] The legal standards applicable to this hearing are discussed on pages 20-23, 27, 30-31 of ECF 3147).
[3] Plaintiffs object to ZHP's request to have one or two unnamed witnesses testify remotely for the hearing.

2

litigation hold, Preservation Order, and Order compelling production). (ECF 3147, 3-4, 7-16).

2. Stipulate or establish ZHP's admitted violation of its obligation to preserve and produce the COAs and related internal inspection reports for the DMF obtained by ZHP and used in the development and implementation of the zinc chloride manufacturing process (pursuant to the litigation hold, Preservation Order, and Order compelling production), due to ZHP's failure to produce, and destruction of the COAs and inspection reports. (*Id.* 5-18).

3. ZHP's actions to satisfy its obligations to preserve and produce the COAs and inspection reports, including the instructions given to ZHP by counsel to comply with its obligations pursuant to the litigation hold, Preservation Order, and Order compelling production, and the steps taken by ZHP and counsel to ensure compliance.

4. The years of ongoing prejudice, including ZHP's ongoing efforts to capitalize on its failure to produce and destruction of the COAs and inspection reports for the DMF. (*Id.* 4-16).

Respectfully,

Adam M. Slater
MAZIE, SLATER, KATZ & FREEMAN, LLC
103 Eisenhower Pkwy, 2nd Flr.
Roseland, NJ 07068

3

        Phone: (973) 228-9898
        aslater@mazieslater.com
        *Co-Lead Counsel for Plaintiffs*