UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Actions** | MDL No. 2875<br><br>Honorable Renée Marie Bumb<br>District Court Judge |

# ZHP DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL

# INTRODUCTION

Defendants Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC (collectively, the "ZHP Defendants") respectfully submit this Memorandum of Law in support of their Motion to Seal the September 16, 2025, letter from Richard T. Bernardo to Chief Judge Renée Marie Bumb re: follow-up to Court's September 9, 2025, hearing (ECF No. 3176) (the "Letter") as instructed by the Court. (*See* ECF No. 3172, 9/6/2025 Hrg. Tr., 210:17-21 ("Mr. Bernardo: . . . Is it okay if we report back to the Court by early next week? Chief Judge Bumb: Yeah, uh-huh. Put it in a letter with a copy, and put it under seal.").) The Letter contains information subject to both attorney-client privilege and work-product protection, which the ZHP Defendants submitted *in camera* to Judge Bumb with the expectation that their claim of privilege and work product would be preserved. The public disclosure of such information would destroy the attorney-client privilege and/or work product protection and result in a clearly defined and serious injury to the ZHP Defendants. Accordingly, the ZHP Defendants respectfully request that the Court permit the September 16, 2025, letter and its accompanying exhibits to be filed under permanent seal.

# ARGUMENT

While "there exists 'a common law public right of access to judicial proceedings and records,'" courts have recognized that "[t]his right of access is not

absolute . . . and must be balanced against countervailing interests in secrecy." *Nexus Pharms., Inc. v. Nevakar, Inc*., No. 22-5683 (RMB/SAK), 2023 WL 3338317, at *1 (D.N.J. May 10, 2023) (citations omitted). The right to public access may be overcome where a party "demonstrat[es] that 'good cause' exists for the protection of the material at issue" based on a "showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Fields PAG, Inc. v. CDK Glob., LLC*, No. 16-cv-01876-MCA-MAH, 2016 WL 9185293, at *2 (D.N.J. June 10, 2016) (citations omitted). Consistent with Local Civil Rule 5.3(c)(3), courts considering requests to seal confidential materials should consider: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." *Briglia v. Ameritas Life Ins. Corp*., No. 1:14-CV-07968-RBK-KMW, 2015 WL 4314062, at *2 (D.N.J. July 14, 2015). "The sealing of confidential documents and information is an accepted practice in the District of New Jersey." *Sabinsa Corp. v. Herbakraft, Inc.*, No. CV 14-4738-RBK-KMW, 2020 WL 13693491, at *3 (D.N.J. Mar. 3, 2020) (citation omitted).

As set forth below, there is good cause to seal the Letter because public disclosure of the information contained therein would likely result in waiver of the attorney-client privilege and work-product protection that the ZHP Defendants are

2

entitled to assert. Moreover, the Letter discusses attorney-client communications and the ZHP Defendants' discovery efforts in detail throughout, for which there is no legitimate public interest.

***First***, good cause exists to seal the Letter, which reflects both the ZHP Defendants' communications with counsel and concerns work product created by counsel for the purposes of the instant litigation. *See Ross-Tiggett v. Reed Smith LLP*, No. CV 15-08083 (RMB/AMD), 2024 WL 1928176, at *28 (D.N.J. Apr. 30, 2024), appeal dismissed, No. 24-2007, 2025 WL 1589262 (3d Cir. Feb. 28, 2025) (Bumb, C.J.) (granting motion to seal memorandum containing attorney work product); *Argush v. LPL Fin., LLC*, No. CV137821AETDEA, 2016 WL 11663241, at *2 (D.N.J. Dec. 7, 2016) (citations omitted) ("Protection of the attorney-client privilege, and by extension attorney work-product, is also a compelling reason to seal affected materials."). As this Court has noted, documents containing privileged attorney-client communications and work product "*must* be sealed to protect the integrity of the attorney-client privilege and work product protection." *Krivulka v. Lerner*, No. CV 20-9724-CCC-AME, 2024 WL 4318735, at *7 (D.N.J. Sept. 27, 2024) (emphasis added); *see also id.* (concluding that a communication between the defendant and its counsel "must remain sealed" despite the plaintiff referencing that communication in the amended complaint).

3

It goes without saying that clearly defined and serious injury to the ZHP Defendants would result from filing the Letter on the public docket. *See Rudderow v. Bos. Sci. Corp.*, No. CV 20-08561 (CPO), 2022 WL 1500958, at *6 (D.N.J. May 12, 2022) ("[I]t is clear to the Court that the parties will be harmed if the Motion and accompanying filings are not sealed as it will destroy the privilege of some attorney-client communications."); *Sabinsa*, 2020 WL 13693491, at *2 ("The public disclosure of the Confidential Materials would pose a financial and competitive risk to [the plaintiff] because failure to safeguard the information will reveal [the plaintiff's] litigation strategy, attorney work product information prepared in anticipation of litigation, and attorney-client privileged information and communications between [the plaintiff] and its counsel."). "Further injury would result from the public having access to [counsel's] summary of work on [the ZHP Defendants'] case as it would reveal the attorneys' strategy and work-product." *Rudderow*, 2022 WL 1500958, at *6 (granting motion to seal after finding good cause).

**Second**, there exists a legitimate private and public interest in keeping the Letter sealed because it contains information subject to the attorney-client privilege and/or work product doctrine. *See id.* ("For the second factor, the legitimate private or public interests, there are many, namely, the parties' interest in maintaining attorney-client privilege, and keeping … Mazie Slater's legal strategy …

4

confidential."); *Sabinsa*, 2020 WL 13693491, at *3 ("[W]here "the subject materials . . . contain information that is subject to the attorney-client privilege or work product doctrine . . . there exists a legitimate private and public interest in keeping the materials sealed." (quoting *Supernus Pharm., Inc. v. TWI Pharm., Inc.*, No. CV 15-0369 (RMB/JS), 2016 WL 7132189, at *2 (D.N.J. Sept. 23, 2016) (Schneider, J.))).

***Third***, there is no less restrictive alternative to placing the Letter under seal, particularly given that Plaintiffs' counsel have been given a copy of the Letter in redacted form. *See Krivulka*, 2024 WL 4318735, at *7 (finding no less restrictive alternative existed to sealing exhibits when the exhibits reflected privileged attorney-client communications and constituted attorney work product); *Rudderow*, 2022 WL 1500958, at *6 ("Regarding the final factor, since the Motion and accompanying filings discuss attorney-client communications and the terms of the settlement agreement in detail throughout, there is no less restrictive means by which to protect the parties' interests."); *Sabinsa*, 2020 WL 13693491, at *2 ("The only way to protect such confidential, attorney work product and/or attorney-client privileged information is to permanently seal the Confidential Materials.").

## CONCLUSION

For all of the reasons set forth above, the ZHP Defendants respectfully request that the Court grant their Motion to Seal.

Dated:  September 30, 2025

Respectfully submitted,

By: */s/ Richard T. Bernardo*
Richard T. Bernardo (NY Bar No. 2288959)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3453
Facsimile: (917) 777-3453
richard.bernardo@skadden.com

*Attorneys for Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai U.S., Inc., Prinston Pharmaceutical Inc., and Solco Healthcare U.S., LLC*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ *Richard T. Bernardo*
Richard T. Bernardo (NY Bar No. 2288959)