## AUROBINDO IRBESARTAN ECONOMIC LOSS CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Settlement Agreement," and the settlement itself, the "Settlement") is entered into between Plaintiffs Jacqueline Harris ("Consumer Plaintiff") and MSP Recovery Claims, Series LLC ("MSP") and Maine Automobile Dealers Association, Inc. ("MADA") (together, Third-Party Payor "TPP Plaintiffs," and together with the Consumer Plaintiff, "Plaintiffs" or "Representative Plaintiffs"), individually and as representatives of the Settlement Class (as defined below, and all together referenced as the "Settlement Class Members"), and Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC (collectively, the "Aurobindo Defendants"). Collectively, Plaintiffs and the Aurobindo Defendants shall be referred to as the "Parties." The Settlement Agreement is intended to fully, finally, and forever resolve, discharge, and settle the consumer and third-party payor class action claims for economic loss related to the manufacture, supply, distribution, marketing, and sale of finished dose irbesartan manufactured using irbesartan active pharmaceutical ingredient manufactured by Aurobindo Pharma Ltd. allegedly containing nitrosamine impurities ("Aurobindo Irbesartan") brought by Plaintiffs in *In re: Valsartan, Losartan, Irbesartan Products Liability Litigation,* Case No. 1:19-md-02875, pending in the United States District Court for the District of New Jersey (the "MDL" or the "Action"), and all matters raised or that could have been raised therein, subject to the terms and conditions hereof and approval by the Court. Except as specifically set forth herein as to certain releases and dismissals of downstream entities, no other parties other than the Representative Plaintiffs, Settlement Class Members, and the Aurobindo Defendants are parties to or addressed, impacted, or released by this Settlement Agreement, and no other claims or actions are the subject of this Settlement Agreement, and in particular any and all claims related to finished dose valsartan or active pharmaceutical ingredient manufactured,

{Cases; 00040651.DOCX}

1

distributed, or sold by the Aurobindo Defendants and allegedly containing nitrosamine impurities ("Aurobindo Valsartan"), all claims for medical monitoring related to Aurobindo Irbesartan, (the subject of a separate agreement), and all claims for personal injury related to Aurobindo Irbesartan (the subject of a separate agreement) are explicitly excluded from this Settlement Agreement and are not impacted or affected by this Settlement Agreement or included in the definition of the Action in any way.

## I.    **RECITALS**

1.      WHEREAS, Plaintiffs have filed the above-referenced Action as a class action against, among others, the Aurobindo Defendants, which pleads a substantially similar class action as to that alleged in the Aurobindo Valsartan case in the MDL;

2.      WHEREAS, the Aurobindo Defendants deny Plaintiffs' allegations and claims, and the Settlement of the Action shall not constitute or be construed as any admission of liability or wrongdoing on the part of the Aurobindo Defendants.  Any such liability or wrongdoing is expressly denied.   The Aurobindo Defendants do not waive any defenses they asserted or could have asserted in the Action, including the absence of personal jurisdiction, with regard to any unsettled claims;

3.      WHEREAS, the Parties have conducted limited discovery as to Aurobindo Irbesartan, including review and production of documents as well as confirmatory discovery during several months of arms-length negotiations under the supervision of a mediator;

4.      WHEREAS, the Parties, following discovery, investigation, litigation, and careful analysis of their respective claims and defenses, knowledge of the litigation of claims and defenses, and class certification as to the substantially similar Aurobindo Valsartan product, and with full understanding of the risks, expense, and uncertainty of continued litigation, desire to compromise

and settle all issues and claims that were, or could have been, brought in the Action by, or on behalf of Plaintiffs with respect to any allegation brought or that could have been brought in the Action as to Aurobindo Irbesartan;

5.     WHEREAS, the payment obligations set forth herein may be satisfied by one or more of the Aurobindo Defendants, jointly and severally;

6.     WHEREAS, the resolution of the claims and relief at issue in this Settlement Agreement was negotiated independently from any other claim or category of claims, and the relief set forth herein is not linked to or dependent upon the negotiations, conditions, terms, or amounts of the relief agreed upon with regard to any other claims or categories of claims;

7.     WHEREAS, this Settlement Agreement is the result of arms-length negotiations between the Parties and mediation with the Honorable Joel Schneider, U.S.M.J. (ret.), and in the view of counsel for the Parties, based upon the information exchanged to date, is fair, reasonable, and adequate;

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth below, the Parties hereby agree as follows:

## II.    **DEFINITIONS**

Whenever the following capitalized terms are used in this Settlement Agreement and in the attached Exhibits (in addition to any definitions provided elsewhere in this Settlement Agreement), they shall have the following meanings:

1.     **"Attorneys' Fees and Expenses"** means the amount awarded by the Court to compensate the attorneys for Plaintiffs and the Settlement Class including members of the Plaintiffs' Steering Committee, Plaintiffs' Executive Committee, and Plaintiffs' Class Counsel, and is inclusive of all attorneys' fees, costs, and expenses of any kind in connection with the Action. Attorneys' Fees and Expenses shall be deducted from the monetary fund created by the Settlement.

2.     **"Claim"** or **"Claim for Reimbursement"** shall mean the timely submission of the required Claim Form and any proof by which a Settlement Class Member seeks to claim the reimbursement or compensation available under this Settlement Agreement.

3.     **"Claim Form"** means the forms, to be provided to the Settlement Class Members via the Settlement website.

4.     **"Class Counsel"** shall mean consumer class counsel John R. Davis, Esq., Slack Davis Sanger LLP, Ruben Honik, Esq., Honik Law, and Conlee S. Whiteley, Esq., Kanner & Whiteley, LLP, and TPP class counsel Gregory P. Hansel, Esq., Preti Flaherty Beliveau & Pachios, Chartered, LLP, and Jorge A. Mestre, Esq., Rivero Mestre LLP.

5.     **"Class Notice"** means the notice to be provided to Settlement Class Members in accordance with the Preliminary Approval Order issued by the Court.

6.     **"Court"** refers to the United States District Court for the District of New Jersey.

7.     **"Defendants' Counsel"** means John P. Lavelle, Jr., Morgan, Lewis & Bockius LLP.

8.     **"Effective Date"** means ten (10) business days after the later of (a) the date upon which the time for seeking appellate review of the Judgment (by appeal or otherwise) shall have expired; or (b) the date upon which the time for seeking appellate review of any appellate decision affirming the Judgment (by appeal or otherwise) shall have expired and all appellate challenges to the Judgment shall have been dismissed with prejudice without any person having further right to seek appellate review thereof (by appeal or otherwise).

9.     **"Final Approval Order"** means the Court's order granting final approval to the Settlement and dismissing the Action with prejudice.

10.     **"Final Fairness Hearing"** means the hearing at which the Court will consider whether to finally approve the Settlement Agreement as fair, reasonable, and adequate, certify the

Class for Settlement purposes, award Attorneys' Fees and Expenses, award Service Awards for the Representative Plaintiffs, enter the Judgment, and make such other final rulings as are contemplated by or necessary or advisable for the efficient implementation of this Settlement Agreement.

11.    **"Judgment"** means the judgment, substantially in the form attached hereto as Exhibit A, to be entered by the Court in the Action finally approving this Settlement Agreement and dismissing the Action with prejudice.

12.    **"Notice Completion Date"** means the date on which the Settlement Administrator completes the original transmission of the Class Notice to Settlement Class Members.

13.    **"Notice Date"** means the date the Settlement Administrator provides the Class Notice to the Settlement Class Members.  Subject to the Court's approval, the Notice Date shall be as soon as reasonably practicable after the Court enters a Preliminary Approval Order.

14.    **"Preliminary Approval Order"** means the Court's order preliminarily approving the terms of this Settlement Agreement as fair, reasonable, and adequate, including the Court's approval of the form and manner of giving notice to Settlement Class Members, substantially as set forth in Exhibit B.

15.    **"Released Claims"** or **"Settled Claims"** means the claims that will be released and settled as part of this Settlement Agreement.

16.    **"Released Parties"** shall mean all entities and individuals against whom claims are released pursuant to Section V herein.

17.    **"Representative Plaintiffs"** shall mean Jacqueline Harris, MSP, and MADA.

18.    **"Service Awards"** means the $1,000 that Defendants have agreed will be paid from the common fund to the consumer Representative Plaintiff, and the $3,000 that Defendants have

agreed will be paid from the common fund to each of the TPP Representative Plaintiffs (for a combined total of $7,000) who have served as putative class representatives in the Action, upon finalization of this Settlement Agreement and approval by the Court. Any payment for Service Awards shall be deducted from the monetary fund created by the Settlement.

19.    **"Settlement Class Member"** means a member of the settlement class as defined below.

20.    **"Settlement Notice Administrator"** means Eisner Amper Gulf Coast, LLC ("EAG").

III.    **ESTABLISHMENT OF A SETTLEMENT CLASS**

1.    The Parties agree to the certification of a **"Settlement Class"** defined as follows:

> All individuals and third-party payors ("TPPs") in the United States and its territories and possessions who, from January 1, 2016 to the present, paid any amount of money for retail purchases of irbesartan finished drug formulations manufactured using Aurobindo irbesartan API that was manufactured using Aurobindo's IC Route of Synthesis ("IC ROS Irbesartan").

> (the "Aurobindo Irbesartan Economic Loss Settlement Class").

The Aurobindo Irbesartan Economic Loss Settlement Class encompasses all claims for economic loss advanced or that could have been advanced by the Representative Plaintiffs, on behalf of any and all Settlement Class Members, related to the sale of IC ROS Irbesartan. The Aurobindo Irbesartan Economic Loss Settlement Class does not encompass any claims for medical monitoring or personal injury related to the purchase or use of IC ROS Irbesartan.

Persons excluded from the Aurobindo Irbesartan Economic Loss Settlement Class are:

> (a) Any judge or magistrate presiding over this action, and the members of their families;

> (b) The Aurobindo Defendants and affiliated entities and their officers and directors;

> (c) The Aurobindo Defendants' counsel of record, assigns and successors;

(d) All federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans;

(e) Pharmacy Benefit Managers ("PBMs");

(f) Plaintiffs' counsel of record, assigns, and successors; and

(g) All persons or entities who properly execute and file a timely request for exclusion from any Court-approved class.

2.      The Aurobindo Defendants agree to the Court entering an order preliminarily certifying the Settlement Class, appointing Representative Plaintiffs as representatives of the Settlement Class, and appointing Class Counsel to serve as counsel for the Settlement Class.

3.      The Parties propose that the Court approve the appointment of EAG as the Settlement Administrator, Western Alliance Bank to maintain the Qualified Settlement Fund ("QSF") and EAG as the QSF Administrator, subject to the Court's approval of the Class Notice and Settlement administration.

4.      The Aurobindo Defendants agree that Representative Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

## IV.    <u>SETTLEMENT CONSIDERATION</u>

In consideration of the full and complete Release of all Released Claims against the Released Parties, and the dismissal of the Action with prejudice, the Aurobindo Defendants agree to pay $2,000,000 in consideration to the Settlement Class, which number was established based on a review and evaluation of the total quantity and price paid for the pills as tracked by IQVIA, and other relevant factors related to the strengths and weaknesses of the claims and defenses (the "Settlement Consideration").

1.      <u>Allocation</u>:  The net Aurobindo Economic Loss Class Settlement fund ("the Fund"), after deduction of Attorneys' Fees and Expenses, Class Notice and administration expenses, and

Service Awards, shall be administered and allocated between the consumers and Third-Party Payors in a method to be determined by their respective Class Counsel subject to review by the Hon. Joel Schneider U.S.M.J (ret.). The allocation method will be set forth in Plaintiffs' Motion for Preliminary Approval and filed with the Court prior to the hearing.

2.    <u>Claims Submission</u>: Settlement Class Members are limited to one Claim per Class Member. Related companies such as corporate subsidiaries or affiliates may file claims either separately or combined. In no event shall more than one Class Member assert a claim for the same payments.

3.    <u>For Consumers</u>: Consumer members of the Settlement Class shall submit Claim forms documenting their purchases of IC ROS Irbesartan. The Claims administrator will review the claim forms and any supporting documentation with particular attention to the possibility of fraudulent or mistaken claims.

4.    <u>For Third-Party Payors</u>: Third-Party Payor members (including assignees of TPPs) of the Settlement Class shall submit claim forms documenting their (or their assignors') payments of IC ROS Irbesartan.

## V.    **RELEASE OF CLAIMS**

Plaintiffs shall fully and forever release the Aurobindo Defendants and all other entities that were involved in the manufacturing, supply, distribution, marketing, or sale of Aurobindo Irbesartan from all claims and liability in any way pertaining to Aurobindo Irbesartan, whether known or unknown, arising prior to preliminary approval of the Settlement (the "Released Claims"). Upon final approval of this Settlement Agreement, Plaintiffs shall (1) dismiss with prejudice any and all economic loss class claims against the Aurobindo Defendants and any manufacturer, supplier, wholesaler, distributor, retailer, and/or pharmacy defendants in any way relating to Aurobindo Irbesartan; and (2) fully and forever release from liability for economic

{Cases; 00040651.DOCX}                                  8

losses in any way pertaining to Aurobindo Irbesartan any and all entities involved in the manufacturing, supply, distribution, marketing, or sale of Aurobindo Irbesartan that (a) were named in, but have been dismissed from, the MDL, or (b) could have been but have not been named as a defendant in the MDL. In addition to the Aurobindo Defendants, these entities include, to the best of the knowledge and belief of the Parties, the following manufacturers, suppliers, wholesalers, distributors, retailers, and pharmacies identified in Plaintiffs' irbesartan economic loss master complaints, as well as their parent entities, affiliates, and subsidiaries: Albertsons Companies, LLC; Amerisource Bergen Corporation; Cardinal Health, Inc.; CVS Health Corporation; Cigna Corporation; Express Scripts Holding Company; Express Scripts, Inc.; Golden State Medical Supply Inc.; Humana, Inc.; Humana Pharmacy, Inc.; The Kroger Co.; McKesson Corporation; Optum, Inc.; Optum Rx; Red Oak Sourcing, LLC; Rite Aid Corporation; ScieGen Pharmaceuticals, Inc.; UnitedHealth Group; Walgreen Boots Alliance, Inc.; Walgreen Co.; Wal-Mart, Inc.; Westminster Pharmaceuticals, LLC; and any Doe Defendants. For the avoidance of doubt, this release provision is intended to and shall achieve a global, complete, and final resolution of all claims against the Aurobindo Defendants and all other entities with respect to Aurobindo Irbesartan.

Notwithstanding the release and dismissal terms set forth above, the Settlement only applies to Aurobindo Irbesartan and nothing contained herein shall impact in any way or serve as a release, indemnification, or cause for dismissal of the Aurobindo Defendants, or any of their downstream defendants, listed herein or otherwise made defendant in this MDL, for the manufacture, distribution or sale of Aurobindo Valsartan or any other drug at issue in the Action other than Aurobindo Irbesartan.

## V.    <u>INDEMNIFICATION AND HOLD HARMLESS</u>

Plaintiffs will indemnify and hold harmless the Aurobindo Defendants from any claim or crossclaim asserted by any other party for indemnification or contribution as a result of a judgment against another party who asserts such a claim or crossclaim against any of the Aurobindo Defendants arising from Plaintiffs' claims in the MDL related to Aurobindo Irbesartan.

## VI.    CLASS NOTICE

### A.    To Attorneys General

In compliance with the Attorney General notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, Defendants, themselves or through EAG, shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state in which a Settlement Class Member resides.   Defendants shall also provide contemporaneous notice to Class Counsel that notice to the Attorneys General was completed along with a copy of the notice provided.

### B.    To Settlement Class

1.    The Settlement Administrator shall be responsible for the following Settlement Class Notice program:

a.    After entry of the Preliminary Approval Order, the Settlement Administrator shall cause individual notice ("short form notice"), to be disseminated by email to reasonably identifiable Settlement Class Members with valid email addresses, by first class mail to reasonably identifiable Settlement Class Members without a valid email address or mobile number, but with a valid mailing address, and truncated notice by text directing the recipient to the website for the full text of the notice, to the current or last known cellular phone numbers of all reasonably identifiable Settlement Class Members with a valid mobile number, but not with a valid email or mailing address.   Individual notice will be supplemented by publication notice, banner

advertisements, and the posting of the long form notice and other relevant information on a website dedicated to the Settlement.

       b.    Prior to mailing the individual notice, an address search through the United States Postal Service's National Change of Address database will be conducted to update the address information for Settlement Class Members. For each individual Class Notice that is returned as undeliverable, the Settlement Administrator shall re-mail the Class Notice where a forwarding address has been provided. For the remaining undeliverable notice packets where no forwarding address is provided, the Settlement Administrator shall perform an advanced address search (*e.g.,* a skip trace) and re-mail any undeliverable notices to the extent any new and current addresses are located.

       c.    The Settlement Administrator shall diligently, and/or as reasonably requested by Class Counsel, report to Class Counsel the number of individual notices originally sent to Settlement Class Members, the number of individual Class Notices initially returned as undeliverable, the number of additional individual Class Notices sent after receipt of a forwarding address, and the number of those additional individual Class Notices returned as undeliverable.

       d.    The Settlement Administrator shall, upon request, provide Class Counsel with the names and addresses of all Settlement Class Members to whom it sent individual Class Notice pursuant to this section.

       e.    The Settlement Administrator shall implement a Settlement website containing:

       (1)    a copy of the Claim Form, Full Notice, this Settlement Agreement, Court Orders regarding the Settlement, and other relevant Court documents, including Plaintiffs' Motion for Approval of Attorneys' Fees, Costs, and Service Awards;

       (2)    instructions on how to request exclusion;

(3)     instructions on how to submit a Claim;

(4)     information concerning deadlines for requests for exclusion, objecting and filing a Claim and the dates and locations of relevant Court proceedings, including the Final Fairness Hearing;

(5)     instructions on how to contact the Settlement Administrator, Defendants, and Class Counsel for assistance;

(6)     online submission forms; and

(7)     any other relevant information agreed upon by counsel for the Parties or ordered by the Court.

2.     No later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall provide an affidavit(s) to Class Counsel and the Aurobindo Defendants, attesting that the Class Notice was disseminated in a manner consistent with the terms of this Settlement Agreement and as required by the Court.

3.     In the event the Court orders that class notice of this settlement be combined with the class notice of any other settlement in the MDL, the terms above may be modified in order to effectuate such combined notice.  However, no other substantive changes to the notice procedures may be implemented without written agreement between the Parties.

## VII.    <u>RESPONSE TO CLASS NOTICE</u>

### A.     Submission of a Claim Form

Any Settlement Class Member who determines to participate in the Settlement shall submit a claim form to the Settlement Administrator pursuant to the instructions and date provided in the Class Notice.

### B.     Objection to Settlement

1.     Any Settlement Class Member who intends to object to the fairness of this Settlement Agreement must, by the date specified in the Preliminary Approval Order and recited

in the Full Notice, file any such objection via the Court's electronic filing system, and if not filed

via the Court's electronic system, must mail, postmarked by the date specified in the Preliminary

Approval Order, the objection to the Court and also serve by first-class mail copies of the objection

upon:

Clerk of the Court
United States District Court
District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

Class Counsel for Consumer Class:

John R. Davis
Slack Davis Sanger, LLP
6001 Bold Ruler Way #100
Austin, TX 78746

Ruben Honik
Honik Law
1515 Market Street, Ste. 110
Philadelphia, PA, 19102

Conlee S. Whiteley
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130

Class Counsel for TPP Class:

Gregory P. Hansel
Preti Flaherty Beliveau & Pachios, Chartered, LLP
P.O. Box 9546
One City Center
Portland, ME 04112-9546

Jorge A. Mestre
Rivero Mestre LLP
2525 Ponce De Leon Blvd. Ste. 1000
Miami, FL 33134

Counsel for the Aurobindo Defendants:

John P. Lavelle, Jr.
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540-6241

2.      Any objecting Settlement Class Member must include with his or her objection:

(1)     the objector's full name, current address, and telephone number,

(2)     the identification of the Aurobindo Irbesartan purchased by the objector, and the date(s) of purchase, and the documentation thereof;

(3)     a written statement that the objector has reviewed the Settlement Class definition and represents in good faith that he or she is a Settlement Class Member;

(4)     a written statement of all grounds for the objection accompanied by any legal support for such objection sufficient to enable the parties to understand and respond to those specific objections, and;

(5)     copies of any papers, briefs, or other documents upon which the objection is based and which are pertinent to the objection.

3.      In addition, any Settlement Class Member objecting to the Settlement shall provide a list of all other objections submitted by the objector, and/or the objector's counsel, to any class action settlements submitted in any state or federal court in the United States in the previous five (5) years, including the full case name with jurisdiction in which it was filed and the docket number. If the Settlement Class Member or his, her, or its counsel has not objected to any other class action settlement in the United States in the previous five (5) years, he or she shall affirmatively so state in the objection.

4.      Subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for Attorneys' Fees and Expenses or Service Awards. If the objecting Settlement Class

Member intends to appear at the Final Fairness Hearing, the objecting Settlement Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Notice a notice of intention to appear at the Fairness Hearing by the objection deadline as specified in the Preliminary Approval Order. The notice of intention to appear must include copies of any papers, exhibits, or other evidence, and the identity of witnesses, that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the Final Fairness Hearing. A Settlement Class Member who fails to adhere to the requirements of this section may be deemed to have waived any right to appear at the Final Fairness Hearing, any objections to the Settlement, and any adjudication or review of the Settlement Agreement, by appeal or otherwise.

     5.     Upon the filing of an objection, Class Counsel and Defendants' Counsel may take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection. Failure by an objector to make himself of herself available for deposition or comply with expedited discovery may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

**C.**     **Request for Exclusion from the Settlement**

     1.     Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion ("Request for Exclusion"), online at the Settlement website, or mailed to Settlement Administrator at the address specified in the Class Notice by the date specified in the Preliminary Approval Order and recited in the Class Notice.

To be effective, the Request for Exclusion must be submitted on the Settlement website or sent to the specified address and:

a.      include the Settlement Class Member's full name, current address and telephone number, and qualification to participate in the Settlement, and

b.      specifically and unambiguously state in writing his or her desire to be excluded from the Settlement Class and election to be excluded from any judgment entered pursuant to the Settlement.

2.      Any Settlement Class Member who obtains relief pursuant to the terms of this Settlement Agreement after the receipt of the Class Notice gives up the right to exclude himself or herself from the Settlement.

3.      Any request for exclusion must be submitted online or postmarked on or before the deadline set by the Court, which date shall be approximately sixty (60) days after the date of the initial dissemination of the Class Notice to Settlement Class Members. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address, shall be subject to and bound by this Settlement Agreement, the Release, and every order or judgment entered relating to this Settlement Agreement.

4.      The Settlement Administrator will receive Requests for Exclusion and will determine whether they meet the requirements of a Request for Exclusion.  The Settlement Administrator will maintain a database of all Requests for Exclusion and will send the original written communications memorializing those Requests for Exclusion to Class Counsel and counsel for the Aurobindo Defendants. The Settlement Administrator shall report the names and addresses of all such persons and entities requesting exclusion to the Court and Class Counsel within twenty (20) days prior to the Final Hearing, and the list of persons and entities deemed by the Court to

have excluded themselves from the Settlement Class will be attached as an exhibit to the Motion for Final Approval.

5.      Objections and Requests for exclusion shall be permitted on an individual basis only. Any purported "class-wide" objections or opt-outs will be construed as being submitted only on behalf of the person (defined herein to include a TPP entity) who actually submitted the exclusion.

## VIII.  CLAIMS ADMINISTRATION

1.      Class Counsel will reasonably monitor the claims administration process and ensure that the Settlement Administrator is acting in accordance with the Settlement Agreement. Class Counsel and Defendants' Counsel are entitled to full and equal access to all information regarding all aspects of class notice, administration, and processing of claims.

2.      As soon as reasonably possible after the claims deadline, after all Claims have been processed to determine their validity, the Settlement Administrator will provide Class Counsel and Defendants' Counsel with a list of Claimants with valid claims, and a list of all Claims it deems invalid or untimely.

3.      The Settlement Administrator will maintain a database of Claims, which will include all relevant information captured from Claimants' Claim Forms.

## IX.  WITHDRAWAL FROM SETTLEMENT

1.      Plaintiffs or the Aurobindo Defendants shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if any of the following occurs:

a.      Any objection to the proposed settlement is sustained and such objection results in changes to this Settlement Agreement that the withdrawing party deems in good faith to be material (*e.g.*, because it substantially increases the costs of the Settlement, or deprives the withdrawing party of a material benefit of the Settlement). A mere delay of the approval and/or

implementation of the Settlement, including a delay due to an appeal procedure, if any, shall not be deemed material;

       b.    The preliminary or final approval of this Settlement Agreement is not obtained without material modification, and any material modification required by the Court for approval is not agreed to by both Parties, and the withdrawing party deems any required modification in good faith to be material (*e.g.*, because it increases the cost of the Settlement, or deprives the withdrawing party of a material benefit of the Settlement). A mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material;

       c.    Entry of the Final Order and Judgment described in this Settlement Agreement is vacated by the Court resulting in a material modification to the Settlement, or reversed or substantially modified in a material way by an appellate court; or

       d.    More than 10% of the Settlement Class Members submit timely and proper requests for exclusion from the Settlement.

In that event, the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

       2.    To withdraw from this Settlement Agreement under this Section, the withdrawing party must provide written notice to the other party's counsel and to the Court within ten (10) business days of receipt of any order or notice of the Court modifying, adding, or altering any of the material terms or conditions of this Settlement Agreement as aforesaid, or the determination that more than 10% of the Settlement Class Members have excluded themselves from the Settlement. In the event that either party withdraws from the Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any party

in the Action, and shall not be offered into evidence or used in the Action or any other litigation for any purpose (other than in connection with the proposed withdrawal from the Settlement), including the existence, certification, or maintenance of any purported class. In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be inadmissible as evidence and without prejudice to the Aurobindo Defendants and Plaintiffs, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law, and shall not be used in any manner for any purpose, and all Parties shall stand in the same position as if this Settlement Agreement had not been negotiated, made, or filed with the Court. Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

3.    A change in law, or change of interpretation of present law, that affects the Settlement shall not be grounds for withdrawal from the Settlement.

## X.    **ADMINISTRATIVE OBLIGATIONS**

### A.    **Preliminary Approval of Settlement**

Promptly after the execution of this Settlement Agreement, the Settlement Agreement shall be presented to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order substantially in the form attached as Exhibit B.

### B.    **Final Approval of Settlement**

If this Settlement Agreement is preliminarily approved by the Court, after class notice is provided and the opportunity for Class Members to opt out or object to the Settlement is given, and subject to the preceding rights and obligations, Class Counsel shall present a motion requesting that the Court issue a Final Order and Judgment directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) substantially in the form attached as Exhibit A.

XI.    **FORM AND SCOPE OF JUDGMENT**

Upon the Effective Date, Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims. Further, upon the Effective Date, the Released Claims will be deemed dismissed with prejudice, and the Action will be dismissed to the extent resolved by this Settlement Agreement.

XII.    **ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

1.    Plaintiffs will apply to the Court for an award of reasonable attorneys' fees up to, but not to exceed, one-third of the total amount of the fund, plus reasonable costs and expenses attributable to the Aurobindo Irbesartan economic loss litigation. Each party shall have the right of appeal to the extent the award is inconsistent with this Settlement Agreement. Attorneys' Fees and Expenses shall be in addition to the Representative Plaintiffs' Service Awards.

2.    The Settlement Consideration includes any and all (1) costs of Class Notice and Settlement administration, (2) Attorneys' Fees and Expenses, and (3) Service Awards. The Aurobindo Defendants shall not have any liability, responsibility, or obligation to pay any costs of Class Notice and Settlement administration, Attorneys' Fees and Expenses, or Service Awards beyond the Settlement Consideration.

3.    Upon finalization of this Settlement Agreement, Plaintiffs will request, as part of the Fee and Expense Application, Service Awards of $1,000 to the named consumer Representative Plaintiff, and of $3,000 each to the TPP Representative Plaintiffs, MSP and MADA, who have served as putative class representatives in the Action.

4.    Upon Court approval, Western Alliance Bank will maintain the QSF. Within five (5) days after the date the Final Approval Order is entered, appropriate payment and routing information will be furnished to counsel for the Aurobindo Defendants.

5.      Within ten (10) business days of the Effective Date, subject to Court approval of the bank, the Aurobindo Defendants shall transfer all funds due and owing pursuant to the Final Approval Order to Western Alliance Bank for deposit in the QSF. This Transfer shall fully satisfy and discharge all obligations of the Aurobindo Defendants with respect to the Settlement. The Attorneys' Fees and Expenses awarded by the Court will be allocated between and among Plaintiffs' counsel in a manner overseen by the Court.

6.      The procedure for the grant, denial, allowance or disallowance by the Court of the Attorneys' Fees and Expenses and Service Award application is not part of the Settlement and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Any order or proceedings relating solely to the Attorneys' Fees and Expense Application, Service Awards, or any appeal from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Settlement Agreement or affect or delay the Effective Date of this Settlement Agreement.

7.      The Parties agree that the Aurobindo Defendants are in no way liable for any taxes that Plaintiffs, Representative Plaintiffs, Settlement Class Members, or others may be required to pay as a result of the receipt of any settlement benefits.

## XIII.  **MISCELLANEOUS PROVISIONS**

### A.      **Effect of Exhibits**

The exhibits to this Settlement Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

### B.      **Entire Agreement**

This Settlement Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Settlement Agreement. The Parties acknowledge, stipulate, and agree

{Cases; 00040651.DOCX}                                 21

that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement. No modification or waiver of any provisions of this Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Settlement Agreement is sought.

### C.    Arm's-Length Negotiations and Good Faith

The Parties have negotiated all of the terms and conditions of this Settlement Agreement at arm's length, including through the mediation conducted by the Honorable Joel Schneider, U.S.M.J. (ret.). The Parties represent and agree that during the course of this Action and Settlement, the Parties and their respective counsel have acted in good faith. All terms, conditions and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement. The Parties agree to act in good faith during the claims administration process.

### D.    Continuing Jurisdiction

The Parties agree that the MDL Court shall retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Settlement Agreement.

### E.    Binding Effect of Settlement Agreement

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, attorneys, heirs, successors, and assigns.

**F.      Extensions of Time**

The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Class (subject to Court approval as to Court dates).

**G.      Authority to Execute Settlement Agreement**

Each counsel or other person executing this Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

**H.      Assignment**

1.      The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action or any related action.

2.      The Parties agree that if a third-party payor who is a member of the Settlement Class has assigned its claims to a third party (the "Assignee"), the Assignee may directly submit claims to obtain the Settlement funds. The Assignee will be treated as if the third-party payor had directly submitted its claims as part of the claims administration process and it will have the same rights as a third-party payor.

**I.      No Third-Party Beneficiaries**

This Settlement Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation, or undertaking established herein, to any third party (other than Settlement Class Members themselves and any Assignee) as a beneficiary of this Settlement Agreement.

**J.      Construction**

The determination of the terms and conditions of this Settlement Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Settlement Agreement and, therefore, the terms and conditions of this Settlement Agreement are not intended to be, and shall not be, construed against any Party by virtue of drafting party.

**K.      Choice of Law**

New Jersey law will apply to the resolution of any disputes regarding the substance and interpretation of the Settlement Agreement.  Federal law shall govern approval of the Settlement, preliminary and final approval of the Settlement Agreement and certification of the Settlement Class, and all related issues, such as Plaintiffs' fee and expense petition and request for class representative Service Awards.

**L.      Captions**

The captions or headings of the sections and paragraphs of this Settlement Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

**APPROVED AND AGREED TO BY AND ON BEHALF OF PLAINTIFFS**

Date: July 7 , 2025

By: _____
John R. Davis
Slack Davis Sanger, LLP
6001 Bold Ruler Way #100
Austin, TX 78746

By: _____
Ruben Honik
Honik Law
1515 Market Street, Ste. 110
Philadelphia, PA, 19102

By: _____
Daniel Nigh
Nigh Goldenberg Raso & Vaughn
1313 College Parkway #1049
Gulf Breeze, FL 32563

By: _____
Adam M. Slater
Mazie Slater Katz & Freeman
103 Eisenhower Pkwy, 2nd Floor
Roseland, NJ 07068

By: _____
Conlee S. Whiteley
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130

By: _____
Gregory P. Hansel
Preti Flaherty Beliveau & Pachios, Chartered, LLP
P.O. Box 9546
One City Center
Portland, ME 04112-9546

By: _____
Jorge A. Mestre
Rivero Mestre LLP
2525 Ponce De Leon Blvd. Ste. 1000

{Cases; 00040651.DOCX}                    25

Miami, FL 33134

**APPROVED AND AGREED TO BY AND ON BEHALF OF THE AUROBINDO
DEFENDANTS,**

Date: _____, 2025

By: _____

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241

*Counsel for Aurobindo Pharma Ltd., Aurobindo
Pharma USA, Inc., and Aurolife Pharma, LLC*