## SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Agreement" or "Settlement Agreement") is entered into between Plaintiffs MSP Recovery Claims, Series LLC ("MSPRC") and Maine Automobile Dealers Association Insurance Trust ("MADA") ("TPP Plaintiffs") and Plaintiff Tracy Whitfield ("Consumer Plaintiffs"), (collectively "Plaintiffs" or "Representative Plaintiffs"), individually and as representatives of the Class (as defined below), (all together referenced as the "Settlement Class Members"), and Vivimed Life Sciences Pvt Ltd and Strides Pharma Science Limited (defined herein to include their predecessors, successors, subsidiaries and affiliates and each of their past, present and future direct or indirect parent companies, subsidiaries, divisions and affiliates, joint ventures, and each of their present and former officers, directors, employees, stockholders, partners, owners, and insurers), (collectively "Vivimed"). Collectively, Plaintiffs and Vivimed shall be referred to as the "Parties."

This Agreement is intended to fully, finally, and forever resolve, discharge, and settle the consumer and third-party payor class action claims for economic loss related to the sale of finished dose Losartan by Vivimed, or Vivimed's repackager, Heritage Pharmaceuticals Inc. d/b/a Avet Pharmaceuticals Inc. ("Heritage"), that was manufactured using API allegedly contaminated with nitrosamines including but not limited to NMBA, brought by Plaintiffs in *In re: Valsartan, Losartan, Irbesartan Products Liability Litigation,* Case No. 1:19-md-02875 (MDL No. 2875) at docket entry 751, pending in the United States District Court for the District of New Jersey (the "Action"), and all matters raised or that could have been raised therein, subject to the terms and conditions hereof and approval by the Court. No parties other than the Representative Plaintiffs, Settlement Class Members, and Vivimed are parties to or addressed, impacted or released by this

Agreement, and no other claims or actions are the subject of this Agreement, except that any direct or indirect Claims and Liabilities asserted by Plaintiffs in the Action against Heritage shall also be dismissed with prejudice following final approval and implementation of the settlement. Any and all claims for personal injury related to Vivimed's Losartan are explicitly excluded from this Agreement and are not impacted or affected by this Agreement or included in the definition of the Action or Settled Claims or Released Claims in any way.

## I.  **RECITALS**

1.      WHEREAS, Plaintiffs filed the above-referenced Action as a class action against, among others, Vivimed and Heritage;

2.      WHEREAS, Vivimed and Heritage deny Plaintiffs' allegations and claims, and the settlement of the Action shall not constitute or be construed as any admission of liability or wrongdoing on the part of Vivimed or Heritage, which is expressly denied.

3.      WHEREAS, the Parties have conducted extensive discovery, including production and review of documents, confirmatory discovery and exchange of data, and preparation for depositions of current and former employees of Vivimed, as well as exchange of numerous expert reports, conduct of expert depositions, *Daubert* briefing and arguments, and significant additional extensive work in the course of this litigation;

4.      WHEREAS, the Parties, following discovery, investigation, litigation, and careful analysis of their respective claims and defenses, and with full understanding of the potential recovery, risks, expense, and uncertainty of continued litigation, desire to compromise and settle all issues and claims that were, or could have been, brought in the Action by, or on behalf of Plaintiffs with respect to any allegation brought or that could have been brought in the Action;

2

5.      WHEREAS, the resolution of the claims and relief at issue in this Agreement was negotiated independently from any other claim or category of claims, and the relief set forth herein is not linked to or dependent upon the negotiations, conditions, terms, or amounts of the relief agreed upon with regard to any other claims or categories of claims.

6.      WHEREAS, this Settlement Agreement is the result of arms-length negotiations between the Parties, and in the view of counsel for the Parties, based upon the information exchanged to date, is fair, reasonable, and adequate;

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth below, the Parties hereby agree as follows:

## II.    **DEFINITIONS**

Whenever the following capitalized terms are used in this Agreement and in the referenced implementing documents (in addition to any definitions provided elsewhere in this Agreement), they shall have the following meanings:

1.      **"Attorneys' Fees and Expenses"** means the amount awarded by the Court to compensate the attorneys for Plaintiffs and the Settlement Class, including members of the Plaintiffs' Steering Committee, Plaintiffs' Executive Committee, and Plaintiffs' Co-lead counsel, and is inclusive of all attorneys' fees, costs, and expenses of any kind in connection with the Action. Attorneys' Fees and Expenses shall be deducted from the monetary fund created by this settlement.

2.      **"Claim"** or **"Claim for Reimbursement"** means the timely submission of the required Claim Form and proof by which a Settlement Class Member seeks to claim the reimbursement or compensation available under this Settlement Agreement.

3.      **"Claim Form"** means the forms to be provided to the Settlement Class Members via the Settlement website.

3

4.     **"Claims and Liabilities"** means the consumer and third-party payor class action claims for economic loss related to Vivimed's Losartan brought by Plaintiffs in the Action, and all matters raised or that could have been raised therein, subject to the terms and conditions hereof and approval by the Court.

5.     **"Class Counsel"** means proposed consumer class counsel Ruben Honik, Esq., Honik Law, Conlee S. Whiteley, Esq., Kanner & Whiteley, LLP and John R. Davis, Esq., Slack Davis Sanger LLP, and proposed Third-Party Payor ("TPP") class counsel Jorge A. Mestre, Esq., Rivero Mestre LLP, and Gregory P. Hansel, Esq., Preti Flaherty Beliveau & Pachios, Chartered, LLP.

6.     **"Class Notice"** means the notice, substantially in the forms attached to the Declaration of Brandon Schwartz ("Schwartz Decl."), to be provided to Settlement Class Members in accordance with the Preliminary Approval Order issued by the Court.

7.     **"Court"** refers to the United States District Court for the District of New Jersey.

8.     **"Defendants' Counsel"** means Douglas Tween, Esq. and John Eichlin, Esq., Linklaters LLP, as counsel for Vivimed and Heritage.

9.     **"Effective Date"** means ten (10) business days after the later of (a) the date upon which the time for seeking appellate review of the Judgment (by appeal or otherwise) shall have expired; or (b) the date upon which the time for seeking appellate review of any appellate decision affirming the Judgment (by appeal or otherwise) shall have expired and all appellate challenges to the Judgment shall have been dismissed with prejudice without any person having further right to seek appellate review thereof (by appeal or otherwise).

10.     **"Final Fairness Hearing"** means the hearing at which the Court will consider whether to finally approve the Agreement as fair, reasonable, and adequate, certify the Class for

4

settlement purposes, award Attorneys' Fees and Expenses, including settlement class representative Service Award(s), enter the Final Judgment, and make such other final rulings as are contemplated by or necessary or advisable for the efficient implementation of this Settlement Agreement.

11.    **"Final Approval Order"** means the Court's order granting final approval to the class action settlement and dismissing the Action with prejudice.

12.    **"Released Parties"** means Vivimed (as defined above), Heritage, and their respective predecessors, successors, subsidiaries and affiliates and each of their past, present and future direct or indirect parent companies, subsidiaries, divisions and affiliates, joint ventures, and each of their present and former officers, directors, employees, stockholders, partners, and owners, as well as any downstream entity which purchased or obtained any Vivimed Losartan directly or indirectly from Vivimed, Heritage, or any other of the Released Parties.

13.    **"Vivimed Losartan"** means finished drug product manufactured by Vivimed using losartan active pharmaceutical ingredient alleged to be contaminated with nitrosamines including but not limited to NMBA, and distributed and sold in the United States.

14.    **"Judgment"** means the judgment to be entered by the Court in the Action finally approving this Agreement and dismissing the Action with prejudice.

15.    **"Notice Date"** means the date the Settlement Administrator provides Notice to the Settlement Class Members.  Subject to the Court's approval, the Notice Date shall be as soon as reasonably practicable after the Court enters a Preliminary Approval Order, and within sixty (60) days thereafter.

16.    **"Notice Completion Date"** means the date on which the Settlement Administrator completes the original transmission of the Notice to Settlement Class Members.

5

17.     **"Preliminary Approval Order"** means the Court's order preliminarily approving the terms of this Agreement as fair, reasonable, and adequate, including the Court's approval of the form and manner of giving notice to Settlement Class Members.

18.     **"Released Claims"** or **"Settled Claims"** means the consumer and third-party payor class action claims for economic loss related to Vivimed Losartan brought by Plaintiffs against the Released Parties in the Action, and all claims, demands, or causes of action raised or that could have been raised therein, subject to the terms and conditions hereof and approval by the Court.  No parties other than the Representative Plaintiffs, Settlement Class Members, and Released Parties are parties to or addressed, impacted or released by this Agreement, and no other claims or actions are the subject of this Agreement.

19.     **"Representative Plaintiffs"** means MSP Recovery Claims, Series LLC ("MSPRC") and Maine Automobile Dealers Association Insurance Trust ("MADA") ("TPP Plaintiffs") and Plaintiff Tracy Whitfield ("Consumer Plaintiffs").

20.     **"Service Awards"** means the amount of $1,000.00 that Vivimed has agreed to pay to the Consumer Plaintiff and $3,000.00 (combined total of $6,000) to each of the two TPP Representative Plaintiffs, who have served as putative class representatives in the Action, upon finalization of this Settlement Agreement and approval by the Court.  Subject to Court approval, the Service Awards, in the combined total of $7000.00, shall be deducted from the monetary fund created by this settlement.

21.     **"Settlement Notice Administrator"** means EAG Gulf Coast, LLC ("EAG").

22.     **"Settlement Class Member"** or **"Releasing Parties"** means all individuals and third-party payors, any and all persons who have a right to bring a claim on behalf of said individuals and third-party payors, and the predecessors, successors, estates, representatives,

6

subsidiaries and affiliates of individuals and third-party payors, that paid any amount of money for

retail purchases of Vivimed Losartan finished drug formulations sold under the following impacted

National Drug Codes ("NDCs"):  23155-644-09; 23155-644-10; 23155-645-03; 23155-645-09;

23155-645-10; 23155-646-03; 23155-646-09; and 23155-646-10 .

## III.    ESTABLISHMENT OF A SETTLEMENT CLASS

1.    The Parties agree to certification of a **"Settlement Class"** defined as follows:

> All individuals and third-party payors in the United States
> and its territories and possessions who paid any amount of money
> for retail purchases of Vivimed Losartan finished drug formulations
> sold under the following impacted National Drug Codes
> ("NDCs"):  23155-644-09; 23155-644-10; 23155-645-03; 23155-
> 645-09; 23155-645-10; 23155-646-03; 23155-646-09; and 23155-
> 646-10 ("Impacted NDCs").

(the "Vivimed/Heritage Losartan Economic Loss Settlement Class")


This encompasses all claims for economic loss advanced, or that could have been advanced, by

the Representative Plaintiffs, on behalf of any and all Settlement Class Members, related to the

sales by Vivimed or Heritage of Vivimed Losartan.  This Class does not encompass any claims for

medical monitoring or personal injury related to purchase or use of Vivimed Losartan, which

claims are expressly excluded.  Persons excluded from the Class are: (a) Vivimed and affiliated

entities and their employees, officers, directors, and agents; (b) Vivimed's assigns, and successors;

(c) all federal and state governmental entities except for cities, towns, municipalities, or counties

with self-funded prescription drug plans; (d) Pharmacy Benefit Managers ("PBMs"); (e) any judge

or magistrate presiding over this action, and members of their families; (f) Plaintiffs' counsel of

record; (g) any personal injury plaintiff or claimant; and, (h) all persons who properly execute and

file a timely request for exclusion from any Court-approved class.

2.       Vivimed agrees to the Court entering orders preliminarily certifying the Settlement Class, finally certifying the Settlement Class, appointing Representative Plaintiffs as representatives of the Settlement Class, appointing Class Counsel to serve as counsel for the Settlement Class and granting final approval of this settlement.

3.       The Parties propose that the Court approve the appointments of EAG as the Settlement Administrator, Western Alliance Bank to maintain the Qualified Settlement Fund ("QSF"), and EAG as the QSF administrator.

4.       Vivimed agrees that Representative Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

IV.    **SETTLEMENT CONSIDERATION**

1.       <u>Consideration</u>:  In consideration of the full and complete Release of all Released Claims against Vivimed and the Released Parties, and the dismissal of the Action with prejudice, Vivimed agrees to provide the following consideration to the Settlement Class: Vivimed will pay $1,899,000.00, which amount was established based on the total quantity of the at issue Vivimed Losartan pills sold in the United States at the retail level and other relevant factors related to the strengths and weaknesses of the claims and defenses (the "Settlement Consideration").   All costs of settlement notice and administration shall be paid from the settlement fund.

2.       <u>Allocation</u>:  The net fund ("the Fund"), after deduction of Attorneys' Fees and Expenses, Class Notice and administration expenses, and Service Awards, shall be administered and allocated between the consumers and Third-Party Payors in a method to be determined by their respective Class Counsel subject to review by the Hon. Joel Schneider U.S.M.J (ret.).  The allocation method will be set forth in Plaintiffs' Motion for Preliminary Approval and filed with the Court prior to the hearing.

8

3.    Claims Submission:  Class members are limited to one claim per Class Member. Related companies such as corporate subsidiaries or affiliates may file claims either separately or combined.  In no event shall more than one Class Member assert a claim for the same payments.

## V.    RELEASE, INDEMNIFICATION AND HOLD HARMLESS

1.    Each Representative Plaintiff and Settlement Class Member unconditionally, knowingly, and voluntarily releases, remises, acquits, and forever discharges Vivimed and the Released Parties from the Claims and Liabilities.

2.    The Representative Plaintiffs and Settlement Class Members agree to indemnify and hold harmless Vivimed and the Released Parties from any claim or cross-claim asserted by any other party for indemnification or contribution as a result of a settlement or judgment against another party who asserts such a claim or cross-claim against Vivimed and/or Heritage arising from Plaintiffs' economic loss claims in the Action related to the Vivimed Losartan.

## VI.    CLAIMS ADMINISTRATION

### A.    Administration

1.    Class Counsel will reasonably monitor the claims administration process and ensure that the Settlement Administrator is acting in accordance with the Settlement Agreement. Class Counsel and Defendants' Counsel are entitled to full and equal access to all information regarding all aspects of notice, administration, and processing of claims.

2.    All costs of notice and administration shall be deducted from the settlement fund.

3.    As soon as reasonably possible after the claims deadline, and no later than one hundred (100) days after class notice is initially published, after all Claims have been processed to determine their validity, the Settlement Administrator will provide Class Counsel and Defendants'

9

Counsel with a list of Claimants with valid claims, including the settlement payment for each Claimant; and a list of all Claims it deems invalid or untimely.

4.      The Settlement Administrator will maintain a database of Claims, which will include all relevant information captured from Claimants' Claim Forms.

## VII.    Class Notice and Publication

### A.    To Attorney General

1.      In compliance with the Attorney General notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, Vivimed, itself or through EAG, shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state in which a Settlement Class Member resides. Vivimed shall also provide contemporaneous notice to Class Counsel that notice to the Attorneys General was completed along with a copy of the notice provided.

### B.    To Settlement Class

1.      Settlement Administrator, shall be responsible for the following Settlement Class Notice program:

a.      After entry of the Preliminary Approval Order, Settlement Administrator shall cause individual notice ("short form notice"), to be disseminated by email to reasonably identifiable Settlement Class Members with valid email addresses, by first class mail to reasonably identifiable Class Members without a valid email address or mobile number, but with a valid mailing address, and truncated notice by text directing the recipient to the website for the full text of the notice, to the current or last known cellular phone numbers of all reasonably identifiable Settlement Class Members with a valid mobile number, but not with a valid email or mailing address. Individual notice will be supplemented by publication notice, including for example

10

online advertising using Google Display Network, Programmatic platforms, Facebook and Instagram, AARP, and YouTube, search advertising using Google Ads, industry publications such as America's Benefit Specialist, NABIP, etc., and/or PR Newswire. The Settlement Administrator will publish the long form notice and other relevant information on a webpage dedicated to this settlement.

        b.    For purposes of identifying Settlement Class Members, the Settlement Administrator shall use the potential TPP and class member lists used for non-settlement notice, filtered to reflect potential class members, run reverse-lookups on such class members to obtain e-mail and mobile numbers to the extent reasonably available, update such lists to reflect any changed or additional information obtained as a result of the non-settlement notice process. The updated list will then be run through validation processes to eliminate invalid e-mail addresses and mobile numbers, and to correct invalid or incomplete mailing addresses, to the extent reasonably feasible.

        c.    For Consumer class members, this validated list will be used to initially send e-mail notices to those class members with validated e-mail addresses, text messages to those individuals without validated e-mail addresses but with validated mobile numbers, and via First Class mail to those with neither validated e-mail addresses nor validated mobile numbers, but with validated mailing addresses. To the extent bounces are received to attempts to e-mail, those will be attempted to be sent as text messages to the extent validated mobile numbers exist, or via First Class mail to the extent no validated mobile numbers exist. To the extent text messages are rejected either as an initial matter or after a bounced e-mail attempt, those individuals will be sent First Class mail notice to the extent a validated mailing address exists.

d.     All TPP class members will receive both e-mail and First Class mail notice, to the extent a validated e-mail and/or mailing address exists.

e.     Prior to mailing the individual notice, an address search through the United States Postal Service's National Change of Address database will be conducted to update the address information for Settlement Class Members.  For each individual First Class Notice that is returned as undeliverable, Settlement Administrator shall re-mail the Class Notice where a forwarding address has been provided.  For the remaining undeliverable notice packets where no forwarding address is provided, Settlement Administrator shall perform an advanced address search (e.g. a skip trace) and re-mail any undeliverable notices to the extent any new and current addresses are located.

f.     Settlement Administrator shall diligently, and/or as reasonably requested by Class Counsel or Defendants' Counsel, report to Class Counsel and Defendants' Counsel the number of individual notices originally sent to Settlement Class Members, the number of individual Class Notices initially returned as undeliverable, the number of additional individual Class Notices sent after receipt of a forwarding address, and the number of those additional individual Class Notices returned as undeliverable.

g.     Settlement Administrator shall, upon request, provide Class Counsel and Defendants' Counsel with the names and addresses of all Settlement Class Members to whom it sent individual Class Notice pursuant to this section.

h.     Settlement Administrator shall implement a Settlement website containing:

(1)     a copy of the Claim Form, Full Notice, this Settlement Agreement, Request for Exclusion/Opt-out form, Court Orders regarding this Settlement, and other relevant Court documents, including Plaintiffs' Motion for Approval of Attorneys' Fees, Costs, and Service Awards;

(2)     instructions on how to request exclusion;

12

(3)     instructions on how to object to the settlement;

(4)     instructions on how to submit a Claim;

(5)     information concerning deadlines for opting-out, objecting, and filing a Claim and the dates and locations of relevant Court proceedings, including the Final Fairness Hearing;

(6)     instructions on how to contact the Settlement Administrator, Defendants' Counsel, or Class Counsel for assistance;

(7)     online submission forms; and

(8)     any other relevant information agreed upon by counsel for the Parties or ordered by the Court.

2.      No later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall provide an affidavit(s) to Class Counsel and the Defendants' Counsel, attesting that the Class Notice was disseminated in a manner consistent with the terms of this Agreement and as required by the Court.

3.      In the event the Court orders that class notice of this settlement be combined with the class notice of any other settlement in the MDL, the terms above may be modified in order to effectuate such combined notice. However, no other substantive changes to the notice procedures may be implemented without written agreement between the Parties.

## VIII.  <u>RESPONSE TO NOTICE</u>

### A.    Submission of Claim Form

Any Settlement Class Member who decides to participate in the Settlement shall submit the Claim Form, as set forth herein, to the Settlement Administrator pursuant to the instructions and date provided in the Class Notice.

**B.    Objection to Settlement**

1.        Any Settlement Class Member who intends to object to the fairness of this

Settlement Agreement must, by the date specified in the Preliminary Approval Order and recited

in the Class Notice, file any such objection via the Court's electronic filing system, and if not filed

via the Court's electronic system, must mail, postmarked by the date specified in the Preliminary

Approval Order, the objection to the Court and also serve by first-class mail copies of the objection

upon:

> Clerk of the Court
> United States District Court
> District of New Jersey
> Mitchell H. Cohen Building
> & U.S. Courthouse
> 4th & Cooper Streets
> Camden, New Jersey 08101
>
> Class Counsel for Consumer Class:
>
> John R. Davis
> Slack Davis Sanger, LLP
> 6001 Bold Ruler Way #100
> Austin, TX 78746
>
> Ruben Honik
> Honik Law
> 1515 Market Street, Ste. 110
> Philadelphia, PA, 19102
>
> Conlee S. Whiteley
> Kanner & Whiteley, LLC
> 701 Camp Street
> New Orleans, LA 70130
>
> Class Counsel for TPP Class:
>
> Gregory P. Hansel
> Preti Flaherty Beliveau & Pachios, Chartered, LLP
> P.O. Box 9546
> One City Center
> Portland, ME 04112-9546

14

Jorge A. Mestre
Rivero Mestre LLP
2525 Ponce De Leon Blvd. Ste. 1000
Miami, FL 33134

Counsel for Vivimed and Heritage:

Douglas Tween
John Eichlin
Linklaters LLP
1290 Avenue of the Americas
New York, NY 10104

2.        Any objecting Settlement Class Member must include with his or her objection:

        a.        the objector's full name, current address, and telephone number;

        b.        the identification of the at issue Vivimed Losartan purchased by the objector, including the amount of Vivimed Losartan the Objector claims to have purchased, the date(s) of purchase, and documentation necessary to establish these elements if required by the Claims Administrator;

        c.        a written statement that the objector has reviewed the Settlement Class definition and represents in good faith that he or she is a Settlement Class Member;

        d.        a written statement of all grounds for the objection accompanied by any legal support for such objection sufficient to enable the parties to understand and respond to those specific objections; and,

        e.        copies of any papers, briefs, or other documents upon which the objection is based and which are pertinent to the objection.

3.        In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector, and/or the objector's counsel, to any class action settlements submitted in any state or federal court in the United States in the

15

previous five (5) years, including the full case name with jurisdiction in which it was filed and the docket number. If the Settlement Class Member or his, her, or its counsel has not objected to any other class action settlement in the United States in the previous five (5) years, he or she shall affirmatively so state in the objection.

4.    Subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for Attorneys' Fees, Expenses or Service Awards. If the objecting Settlement Class Member intends to appear at the Final Fairness Hearing, the objecting Settlement Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Notice a notice of intention to appear at the Fairness Hearing by the objection deadline as specified in the Preliminary Approval Order. The notice of intention to appear must include copies of any papers, exhibits, or other evidence, and the identity of witnesses, that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the Final Fairness Hearing. A Settlement Class Member who fails to adhere to the requirements of this section may be deemed to have waived any right to appear at the Final Fairness Hearing, any objections to the settlement, and any adjudication or review of the Settlement Agreement, by appeal or otherwise.

5.    Upon the filing of an objection, Class Counsel and Defendants' Counsel may take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection. Failure by an objector to make himself or herself available for deposition or comply with expedited discovery may result in the Court striking the objection. The Court may tax the

costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

**C.    Request for Exclusion from the Settlement**

1.    Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion ("Request for Exclusion"), online at the settlement website, or mailed, to Settlement Administrator at the address specified in the Notice by the date specified in the Preliminary Approval Order and recited in the Notice. To be effective, the Request for Exclusion must be submitted on the settlement website or sent to the specified address and:

a.    include the Settlement Class Member's full name, current address and telephone number, and qualification to participate in the settlement, and;

b.    specifically and unambiguously state in writing his or her desire to be excluded from the Settlement Class and election to be excluded from any judgment entered pursuant to the settlement.

2.    Any Settlement Class Member who obtains relief pursuant to the terms of this Settlement Agreement after the receipt of the First Class Notice gives up the right to exclude him or herself from this settlement.

3.    Any request for exclusion must be submitted online or postmarked on or before the deadline set by the Court, which date shall be approximately sixty (60) days after the date of the initial dissemination of Notice to Settlement Class Members. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address, shall be subject to and bound by this Settlement Agreement, the Release and every order or judgment entered relating to this Settlement Agreement.

17

4.      Settlement Administrator will receive Requests for Exclusion and will follow standard guidelines for determining whether they meet the requirements of a Request for Exclusion.   Settlement Administrator will maintain a database of all Requests for Exclusion, and will send the original written communications memorializing those Requests for Exclusion to Class Counsel and Defendants' Counsel.  Settlement Administrator shall report the names and addresses of all such persons and entities requesting exclusion to the Court, Class Counsel, and Defendants' Counsel within twenty (20) days prior to the Final Hearing. The list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class in accordance with the terms hereof and any terms imposed by the Court, will be attached as an exhibit to the Final Order and Judgment.

5.      Objections and Requests for exclusion shall be permitted on an individual basis only. Any purported "class-wide" objections or opt-outs will be construed as being submitted only on behalf of the person (defined herein to include a TPP entity) who actually submitted the exclusion request.

6.      Plaintiffs and Vivimed shall present to the Court proposed orders that will require, if entered by the Court, class members that have elected to be excluded to:[1]

a.      For TPP's who have filed an individual lawsuit against Vivimed regarding the Claims and Liabilities that becomes subject to this Court's jurisdiction, serve on Vivimed complete Rule 26 disclosures and expert reports for all experts that the TPP intends to rely upon to support the claims set forth in their Complaint, (1) for TPP's who have not yet filed a case as of the date of the filing of the Court's Order of final approval, within ninety (90) days of

---

[1] The submission of the proposed orders and supporting briefing is the only requirement pursuant to this Agreement.  The Court's refusal to enter the submitted orders in whole or in part shall not be a basis for withdrawal from the settlement.

filing their Complaint, unless the time period is extended by the Court on motion for good cause

shown, and (2) for TPP's who have filed a case as of the date of the filing of the Court's Order of

final approval, within sixty (60) days of entry of the Court's Order of final approval, unless the

time period is extended by the Court on motion for good cause shown, and;

b.      For TPP's, pay a common benefit assessment of one-third of the

gross monetary recovery in the event the excluded class member recovers no more than 110% of

the gross monetary recovery that would have been recoverable under the terms of the settlement,

and 25% of the gross monetary recovery in the event the excluded class member recovers more

than 110% of the gross monetary recovery that would have been recoverable under the terms of

the settlement.

## IX.    WITHDRAWAL FROM SETTLEMENT

1.      Plaintiffs or Vivimed shall have the option to withdraw from this Settlement

Agreement, and to render it null and void if any of the following occurs:

a.      Any objection to the proposed settlement is sustained and such

objection results in changes to this Agreement that the withdrawing party deems in good faith to

be material (e.g., because it substantially increases the costs of the Settlement, or deprives the

withdrawing party of a material benefit of the Settlement). A mere delay of the approval and/or

implementation of the Settlement, including a delay due to an appeal procedure, if any, shall not

be deemed material;

b.      The preliminary or final approval of this Settlement Agreement is

not obtained without material modification, and any modification required by the Court for

approval is not agreed to by both Parties, and the withdrawing party deems any required

modification in good faith to be material (e.g., because it increases the cost of the Settlement, or

deprives the withdrawing party of a material benefit of the Settlement). A mere delay of the

approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material);

        c.    Entry of the Final Order and Judgment described in this Agreement is vacated by the Court resulting in material modification to the settlement, or reversed or substantially modified in a material way by an appellate court; or

        d.    Vivimed will have the right to withdraw from the Settlement if more than 10% of the Settlement Class Members submit timely, proper requests for exclusion from the Settlement. In that event, the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

    2.    To withdraw from this Settlement Agreement under this Section, the withdrawing party must provide written notice to the other party's counsel and to the Court within ten (10) business days of receipt of any order or notice of the Court modifying, adding or altering any of the material terms or conditions of this Agreement as aforesaid, or ten (10) days after the Claim Submission deadline if based on a determination that the elements of IX(1)(d) have been met. In the event either party withdraws from the Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any party in the Action, and shall not be offered into evidence or used in the Action or any other litigation for any purpose (other than in connection with the proposed withdrawal from the settlement), including the existence, certification or maintenance of any purported class. In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be inadmissible as evidence and without prejudice to the Defendants and Plaintiffs, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any

20

purpose, and all parties to the Action shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court. Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

3.      A change in law, or change of interpretation of present law, that affects this Settlement shall not be grounds for withdrawal from the Settlement.

## X.      **ADMINISTRATIVE OBLIGATIONS**

### A.      **Preliminary Approval of Settlement**

1.      Promptly after the execution of this Agreement, this Agreement shall be presented to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order.

### B.      **Final Approval of Settlement**

1.      If this Agreement is preliminarily approved by the Court, after class notice providing the opportunity for Class Members to opt out or object to the settlement, and subject to the preceding rights and obligations, Class Counsel shall present a motion requesting that the Court issue a Final Order and Judgment directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b).

## XI.     **FORM AND SCOPE OF JUDGMENT**

1.  Upon the Effective Date, the Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims.

2.  Upon the Effective Date, the Settled Claims will be deemed dismissed with prejudice (the Action will only be dismissed to the extent resolved by this Settlement Agreement).

21

## XII.   ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

1.      Plaintiffs will apply to the Court for an award of reasonable attorneys' fees up to, but not to exceed, one-third of the total amount of the fund, plus reasonable costs and expenses related to the Vivimed Losartan economic loss litigation. Each party shall have the right of appeal to the extent the award is inconsistent with this Agreement. Attorneys' Fees and Expenses shall be in addition to the Representative Plaintiffs' Service Awards.

2.      Upon finalization of this Settlement Agreement, Plaintiffs will request, as part of the Fee and Expense Application, Service Awards for the Representative Plaintiffs, who have served as putative class representatives in the Action, of $1,000.00 for the Consumer Class Representative and $3,000.00 each for TPP Representatives Plaintiffs (for a combined total of $7000.00).

3.      Any Attorneys' Fees, Expenses or Service Awards approved by the Court in a hearing separate from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement will be deducted from the Settlement Fund, which allocation shall fully satisfy and discharge all obligations of Vivimed, if any, with respect to Attorneys' Fees, Expenses and settlement class representative Service Awards.

4.      Western Alliance Bank will maintain the QSF. Within five (5) days after the date the Final Approval Order is entered, appropriate payment and routing information will be furnished to defense counsel.

5.      Within twenty (20) business days of the Effective Date, Vivimed shall transfer all funds due and owing pursuant to the Final Approval Order to Plaintiffs' Escrow Agent. This transfer including payment of the notice and administration expenses shall fully satisfy and discharge all financial obligations of Vivimed with respect to the Settlement.

6.      The Attorneys' Fees and Expenses awarded by the Court will be allocated between and among Plaintiffs' counsel in a manner determined by the Court.

7.      The procedure for the grant, denial, allowance or disallowance by the Court of the Attorneys' Fees and Expenses and Service Awards application is not part of the Settlement, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Any order or proceedings relating solely to the Attorneys' Fees and Expense Application and Service Awards, or any appeal from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the Effective Date of this Agreement.

8.      The Parties agree that Defendants are in no way liable for any taxes Representative Plaintiffs, Settlement Class Members, or others may be required to pay as a result of the receipt of any settlement benefits.

## XIII.  **MISCELLANEOUS PROVISIONS**

### A.      **Entire Agreement**

1.      This Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements and understandings relating to the subject matter of this Agreement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding concerning any part or all of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement. No modification or waiver of any provisions of this Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Agreement is sought.

**B.    Arm's-Length Negotiations and Good Faith**

1.    The Parties have negotiated all of the terms and conditions of this Agreement at arm's length. The Parties represent and agree that during the course of this Litigation, the Parties and their respective counsel have acted in good faith. All terms and conditions are material and necessary to this Agreement and have been relied upon by the Parties in entering into this Agreement. The Parties agree to act in good faith during the claims administration process.

**C.    Continuing Jurisdiction**

1.    The Parties agree that the Court shall retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Agreement, and the Orders to be entered pursuant thereto.

**D.    Binding Effect of Settlement Agreement**

1.    This Agreement shall be binding upon, and inure to the benefit of, the Parties and their representatives, attorneys, heirs, successors and assigns, along with Vivimed's repackager, Heritage.

**E.    Extensions of Time**

1.    The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice to the class (subject to Court approval).

**F.    Authority to Execute Settlement Agreement**

1.    Each counsel or other person executing this Agreement on behalf of any Party hereto warrants that such person has the authority to do so.

### G.     Assignment

1.     The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the litigation or any related action.

2.     The Parties agree if a third-party payor who is a member of the Settlement Class has assigned its claims to a third party (the "Assignee"), the Assignee may directly submit claims to obtain the settlement funds. The Assignee will be treated as if the third-party payor had directly submitted its claims as part of the claims administration process and it will have the same rights as a third-party payor.

### H.     No Third-Party Beneficiaries

1.     This Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party (other than Settlement Class Members themselves, Heritage, and any Assignee) as a beneficiary of this Agreement.

### I.     Construction

1.     The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement and, therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of drafting Party.

### J.     Choice of Law

1.     New Jersey law will apply to the resolution of any disputes regarding the substance and interpretation of the settlement agreement. Federal law shall govern approval of the settlement, preliminary and final approval and certification of the Settlement Agreement and the

Settlement Class, and all related issues, such as Plaintiffs' attorneys' fee and expense petition, and request for class representative Service Awards.

**K.      Captions**

1.      The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**APPROVED AND AGREED TO BY AND ON BEHALF OF PLAINTIFFS**

Date: _April 29_, 2025

By: _____
John R. Davis
Slack Davis Sanger, LLP
6001 Bold Ruler Way #100
Austin, TX 78746

By: _____
Ruben Honik
Honik Law
1515 Market Street, Ste. 110
Philadelphia, PA, 19102

By: _____
Daniel Nigh
Nigh Goldenberg Raso & Vaughn
1313 College Parkway #1049
Gulf Breeze, FL 32563

By: _____
Adam M. Slater
Mazie Slater Katz & Freeman
103 Eisenhower Pkwy, 2nd Floor
Roseland, NJ 07068

By: _____
Conlee S. Whiteley
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130

By: _____
Gregory P. Hansel
Preti Flaherty Beliveau & Pachios, Chartered, LLP
P.O. Box 9546
One City Center
Portland, ME 04112-9546

By: _____
Jorge W. Mestre
Rivero Mestre LLP
2525 Ponce De Leon Blvd. Ste. 1000
Miami, FL 33134

{Cases; 00039585.DOCX}H0047442.

**APPROVED AND AGREED TO BY AND ON BEHALF OF VIVIMED AND
HERITAGE,**

Dated:   April 4,  2025

By:   _Sormistha Ghosh_   _____

Title:   Sormistha Ghosh - Group General Counsel, Chief Risk & Sustainability
Officer, Vivimed

By:_____

Douglas M. Tween
John Eichlin
Linklaters LLP
1290 Avenue of the Americas
New York, NY 10104