## Exhibit A: CV of Brandon Schwartz

**EISNERAMPER**

# Brandon Schwartz



Brandon Schwartz is the Director of Notice for Eisner Advisory Group LLC ("EAG"), where he leads the strategy and execution of innovative legal notice programs for complex class actions and claims administration. With over 15 years of industry experience, he brings deep expertise in crafting effective, compliant, and results-driven notice solutions tailored to the unique demands of each case.

Brandon is widely recognized for his command of modern notice tactics, including cutting-edge digital and social media campaigns, email and direct mail distribution, demographic targeting, and reach and frequency analysis. His deep understanding of Fed R. Civ 23 ensures that notice plans meet the highest standards of compliance while maximizing reach and effectiveness.

A published author on topics related to legal notice, Brandon has led the design and delivery of notice campaigns in hundreds of matters spanning antitrust, consumer, privacy, securities litigation, and more. Prior to joining EAG, Brandon was the Director of Notice and Media for a large claims administrator where he oversaw high-profile national campaigns and built a reputation for precision, creativity, and reliability in legal notice.

**EDUCATION & CREDENTIALS**
- Bachelor of Science, Marketing, University of Illinois at Chicago
- Bachelor of Science, Management, University of Illinois at Chicago
- Legal Notice Expert

**ARTICLES**
- Case Study: Effective Notice Leads to High Claims Rate
- Legal Notice and Social Media: How to Win the Internet
- Rule 23 Changes: Avoid Delays in Class Settlement Approval
- Rule 23 Changes: How Electronic Notice Can Save Money
- Tackling Digital Class Notice with Rule 23 Changes
- What to Expect: California's Northern District Procedural Guidance Changes

**SPEAKING ENGAGEMENTS**
- Class Action Law Forum: The Increase of Fraud in Class Actions and Mass Torts, Plus Ethics of Third-Party Filers, San Diego, March 13, 2024
- Class Action Law Forum: Notice and Administration: Fraud and Third-Party Filers, San Diego, CA, March 18, 2023
- Class Action Law Forum: Settlement and Notice & Claims Trends, San Diego, CA, March 18, 2022
- Class Action Law Forum: Consumer Class Actions, San Diego, CA, March 5, 2020
- Class Action Mastery: Best Practices in Claims Settlement Administration, HB Litigation Conference, San Diego, CA, January 17, 2019
- Class Action Mastery: Communication with the Class, HB Litigation Conference, New York, NY, May 10, 2018

"EisnerAmper" is the brand name under which EisnerAmper LLP and Eisner Advisory Group LLC provide professional services. EisnerAmper LLP and Eisner Advisory Group LLC are independently owned firms that practice in an alternative practice structure in accordance with the AICPA Code of Professional Conduct and applicable law, regulations and professional standards. EisnerAmper LLP is a licensed CPA firm that provides attest services, and Eisner Advisory Group LLC and its subsidiary entities provide tax and business consulting services. Eisner Advisory Group LLC and its subsidiary entities are not licensed CPA firms.

**SAMPLE JUDICIAL COMMENTS**

- ***Milan, et al. v. Clif Bar and Company***, Case No. 1:18-cv-02354 (N.D. Cal.), Judge James Donato ruled on March 21, 2025:

  *The distribution of the Class Notice pursuant to the Class Notice Program constituted the best notice practicable under the circumstances, and fully satisfies the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.*

- ***Meholic, et al. v. Seattle Arena Company,*** Case No. 24-2-06283-1 (Wash. Super. Ct.), Judge Lindsey M. Teppner ruled on January 3, 2025:

  *The Court finds that the Notice Program provided for in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the settlement, to object and appear at the Final Fairness Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Washington Rules of Civil Procedure, the United States Constitution, and all other applicable law.*

- ***Kandel, et al. v. Dr. Dennis Gross Skincare, LLC***, Case No. 1:23-cv-01967 (S.D.N.Y.), Judge Edgardo Ramos ruled on October 31, 2024:

  *The Court finds that distribution of the Notice constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all members of the Settlement Class. The Court finds that such notice complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable laws...The Court finds and determines that the notice procedure carried out by EAG Gulf Coast LLC afforded adequate protections to Settlement Class members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Settlement Class members. The Court finds and determines that the Notice was the best notice practicable, and has satisfied the requirements of law and due process.*

- ***Andrade-Heymsfield v. NextFoods, Inc.,*** Case No. 3:21-cv-1446 (S.D. Cal.), Judge Barry T. Moskowitz ruled on April 8, 2024:

  *The Court previously approved the parties' proposed notice procedures. (ECF No. 56). In the motion for final approval, Plaintiff represents that the approved notice plan was executed. (ECF No. 59 at 9). "Notice was provided to Class Members via newspaper, a press release, and various digital means," including "display banner advertising, keyword search online advertising, and social media advertising through Facebook, Instagram, TikTok and YouTube, delivering over 120 million targeted impressions." (Id.)...In light of these actions and the Court's prior order granting preliminary approval, the Court finds that the parties have provided sufficient notice to the class members.*



- **_Hymes v. Earl Enterprises Holdings,_** Case No. 6:19-cv-00644 (M.D. Fla.), Judge A. James Craner ruled on February 20, 2024:

  _The Court finds that the form content, and method of giving notice to the Settlement Class as described in Article VII of the Settlement Agreement (including the exhibits thereto): (a) was the best practicable notice to the Settlement Class; (b) was reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) was reasonable and constituted due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) met all applicable requirements of law, including the Florida Rules of Civil Procedure, and met the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice was written in plain language, used simple terminology, and was designed to be readily understandable by Class Members._

- **_Tucker v. Marietta Area Health Care Inc.,_** Case No. 2:22-cv-00184 (S.D. Ohio), Judge Sarah D. Morrison ruled on December 7, 2023:

  _The Court's Preliminary Approval Order approved the Short Form Settlement Notice, Long Form Notice, and Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. The roughly 6.2% claims rate supports a finding that the Notice Program was sufficient...The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process._

- **_Easter v Sound Generations,_** Case No. 21-2-16953-4 (Wash. Super.), Judge James E. Rogers on July 14, 2023:

  _The Court has determined that the Notice given to the Settlement Class Members in accordance with the Preliminary Approval Order fully and accurately informed Settlement Class Members of all material terms of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Civil Rule 23, applicable law, and the due process clauses of both the U.S. and Washington Constitutions._

- **_Hezi v. Celsius Holdings, Inc.,_** Case No. 1:21-CV-09892-VM (S.D.N.Y.), Judge Jennifer H. Rearden on April 5, 2023:

  _The Court finds and determines that the notice procedure carried out by Claims Administrator Postlethwaite & Netterville, APAC ("P&N") afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice was the best notice practicable, and has satisfied the requirements of law and due process._



- ***Gilmore, et al. v. Monsanto Company, et al.,*** Case No. 3:21-CV-8159 (N.D. Cal.), Judge Vince Chhabria on March 31, 2023:

  *The Court finds that Class Notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and the Notice Plan. The Court further finds that this provided the best notice to the Class practicable under the circumstances, fully satisfied due process, met the requirements of Rule 23 of the Federal Rules of Civil Procedure, and complied with all other applicable law.*

- ***John Doe, et al. v. Katherine Shaw Bethea Hospital and KSB Medical Group, Inc.,*** Case No. 2021L00026 (Ill. Cir. Ct., 15th Jud. Cir.), on March 28, 2023:

  *The Court has determined that the notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- ***In re Forefront Data Breach Litigation,*** Case No. 1:21-cv-00887-LA (E.D. Wis.), Judge Lynn Adelman on March 22, 2023:

  *The Court finds that the dissemination of Notice to Settlement Class Members: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) their right to submit a claim (where applicable) by submitting a Claim Form; (iii) their right to exclude themselves from the Settlement Class; (iv) the effect of the proposed Settlement (including the releases to be provided thereunder); (v) Class Counsel's motion for a Fee Award and Costs and for Service Awards to the Class Representatives; (vi) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for Service Awards to the Class Representatives and for a Fee Award and Costs; and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all natural persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.*

- ***Sanders, et al. v. Ibex Global Solutions, Inc., et al.,*** Case No. 1:22-CV-00591 (D.D.C.), Judge Trevor N. McFadden on March 10, 2023:

  *An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*



- **_Pagan, et. al. v. Faneuil, Inc.,_** Case No. 3:22-CV-297 (E.D. Va), Judge Robert E. Payne on February 16, 2023:

  > _The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law._

- **_LaPrairie v. Presidio, Inc., et al.,_** Case No. 1:21-CV-08795-JFK (S.D.N.Y.), Judge Andrew L. Carter, Jr. on December 12, 2022:

  > _The Court hereby fully, finally and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action. The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the service award to the Settlement Class Representative. An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2)._

- **_Nelson v. Bansley & Kiener, LLP,_** Case No. 2021-CH-06274 (Circuit Court of Cook County, IL), Judge Sophia H. Hall on November 30, 2022:

  > _The court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with requirements of 735 ILCS 5/2-801, et seq._

- **_Buck, et al. v. Northwest Commercial Real Estate Investments, LLC, et al.,_** Case No. 21-2-03929-1-SEA (Superior Court King County, WA), Judge Douglass A. North on September 30, 2022:

  > _Pursuant to the Court's Preliminary Approval Order, Postcard Notice was distributed to the Class by First Class mail and Email Notice was distributed to all Class Members for whom the Settlement Administrator had a valid email address. The Court hereby finds and concludes that Postcard and Email Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement and in compliance with the Court's Preliminary Approval Order. The Court further finds and concludes that the Postcard and Email Notice, and the distribution procedures set forth in the Settlement fully satisfy CR 23(c)(2) and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Class who could be identified through reasonable effort, provided an opportunity for the Class Members to object or exclude themselves from the Settlement,_



*and support the Court's exercise of jurisdiction over the Settlement Class Members as contemplated in the Settlement and this Final Approval Order.*

- ***Rivera, et al. v. Google LLC,*** Case No. 2019-CH-00990 (Cir. Ct. Cook Cnty., Ill.), Judge Anna M. Loftus on September 28, 2022:

  *Pursuant to this Court's Order granting preliminary approval of the Settlement, Postlethwaite & Netterville, APAC ("P&N") served as Settlement Administrator. This Court finds that the Settlement Administrator performed all duties thus far required as set forth in the Settlement Agreement.*

  *The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise the Settlement Class Members of their rights.*

- ***Patricia Davidson, et al. v. Healthgrades Operating Company, Inc.,*** Case No. 21-cv-01250-RBJ (D. Colo), Judge R. Brooke Jackson on August 22, 2022:

  *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Hosch, et al. v. Drybar Holdings LLC,*** Case No. 2021-CH-01976 (Circuit Court of Cook County, IL), Judge Pamela M. Meyerson on June 27, 2022:

  *The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- ***Baldwin, et al. v. National Western Life Insurance Company,*** 2:21-cv-04066-WJE (W.D. MO), Judge Willie J. Epps, Jr. on June 16, 2022:

  *The Court finds that such Notice as therein ordered, constituted the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).*



- ***Chapman, et al. v. voestalpine Texas Holding LLC,*** Case No. 2:17-cv-174 (S.D. Tex.), Judge Nelva Gonzales Ramos on June 15, 2022:

  *The Class and Collective Notice provided pursuant to the Agreement and the Order Granting Preliminary Approval of Class Settlement:*

  (a) *Constituted the best practicable notice, under the circumstances;*
  (b) *Constituted notice that was reasonably calculated to apprise the Class Members of the pendency of this lawsuit, their right to object or exclude themselves from the proposed settlement, and to appear at the Fairness Hearing;*
  (c) *Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and*
  (d) *Met all applicable requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution because it stated in plain, easily understood language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members under Rule 23(c)(3).*

- ***Hanson v. Welch Foods Inc.,*** Case No. 3:20-cv-02011 (N.D. Cal.), Judge Joseph C. Spero on April 15, 2022:

  *The Class Notice and claims submission procedures set forth in Sections 5 and 9 of the Settlement Agreement, and the Notice Plan detailed in the Declaration of Brandon Schwartz filed on October 1, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***McMorrow, et al. v. Mondelez International, Inc.,*** No. 17-cv-02327 (S.D. Cal.), Judge Cynthia Bashant on April 8, 2022:

  *Notice was administered nationwide and achieved an overwhelmingly positive outcome, surpassing estimates from the Claims Administrator both in the predicted reach of the notice (72.94% as compared to 70%) as well as in participation from the class (80% more claims submitted than expected). (Schwartz Decl. ¶ 14, ECF No. 206-1; Final App. Mot. 3.) Only 46 potential Class Members submitted exclusions (Schwartz Decl. ¶ 21), and only one submitted an objection—however the objection opposes the distribution of fees and costs rather than the settlement itself. (Obj. 3.) The Court agrees with Plaintiffs that the strong claims rate, single fee-related objection, and low opt-out rate weigh in favor of final approval.*

- ***Hadley, et al. v. Kellogg Sales Company,*** No. 16-cv-04955 (N.D. Cal.), Judge Lucy H. Koh on November 23, 2021:

  *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement, and the Notice Plan filed on March 10, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all*



*Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Miracle-Pond, et al. v. Shutterfly, Inc.,*** No. 2019-CH-07050 (Cir. Ct. Cook Cnty., Ill.), Judge Raymond W. Mitchell on September 9, 2021:

  *This Court finds that the Settlement Administrator performed all duties thus far required as set forth in the Settlement Agreement. The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise the Settlement Class Members of their rights.*

- ***In re: Interior Molded Doors Indirect Purchasers Antitrust Litigation,*** No. 3:18-cv-00850 (E.D. Va.), Judge John A. Gibney on July 27, 2021:

  *The notice given to the Settlement Class of the settlement set forth in the Settlement Agreement and the other matters set forth herein was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings an of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.*

- ***Krommenhock, et al. v. Post Foods, LLC,*** No. 16-cv-04958 (N.D. Cal.), Judge William H. Orrick on June 25, 2021:

  *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement and the Notice Plan filed on January 18, 2021 fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Lisa Jones, et al. v. Monsanto Company, et al.,*** No. 4:19-cv-00102-BP (W.D. Mo.), Chief Judge Beth Phillips on May 13, 2021:

  *The Court also notes that there has been only one objection filed, and even the Objector has not suggested that the amount of the settlement is inadequate or that the notice or the method of disseminating the notice was inadequate to satisfy the requirements of the Due Process Clause or was otherwise infirm…However, with respect to the Rule 23(e)*



*factors, the Court finds that the process used to identify and pay class members and the amount paid to class members are fair and reasonable for settlement purposes.*

- **Winters, et al. v. Two Towns Ciderhouse Inc.**, No. 3:20-cv-00468-BAS-BGS (S.D. Cal.), Judge Cynthia Bashant on May 11, 2021:

  *The settlement administrator, Postlethwaite and Netterville, APAC ("P&N") completed notice as directed by the Court in its Order Granting Preliminary Approval of the Class Action Settlement. (Decl. of Brandon Schwartz Re: Notice Plan Implementation and Settlement Administration ("Schwartz Decl.") ¶¶ 4–14, ECF No. 24-5.)....Notice via social media resulted in 30,633,610 impressions. (Schwartz Decl. ¶4.) Radio notice via Spotify resulted in 394,054 impressions. (Id. ¶ 5.) The settlement website received 155,636 hits, and the toll-free number received 51 calls. (Id. ¶¶ 9, 14.). Thus, the Court finds the Notice complies with due process.*

- **Siddle, et al. v. The Duracell Company, et al.**, No. 4:19-cv-00568 (N.D. Cal.), Judge James Donato on April 19, 2021:

  *The Court finds that the Class Notice and Claims Administration procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.*

- **Fabricant v. Amerisave Mortgage Corporation**, No. 19-cv-04659-AB-AS (C.D. Cal.), Judge Andre Birotte, Jr. on November 25, 2020:

  *The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The notice fully satisfied the requirements of Due Process. No Settlement Class Members have objected to the terms of the Settlement.*

- **Edward Makaron, et al. v. Enagic USA, Inc.**, 2:15-cv-05145 (C.D. Cal.), Judge Dean D. Pregerson on January 16, 2020:

  *The Court makes the following findings and conclusions regarding notice to the Class:*

  *a. The Class Notice was disseminated to persons in the Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;*

  *b. The Class Notice: (i) constituted the best practicable notice under the circumstances to potential Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and*



*sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

- ***John Karpilovsky and Jimmie Criollo, Jr., et al. v. All Web Leads, Inc.**, 1:17-cv-01307 (N.D. Ill.), Judge Harry D. Leinenweber on August 8, 2019:*

  *The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.*

  *The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.*

- ***Hartig Drug Company Inc. v. Senju Pharmaceutical LTD. and Allergan, Inc.,** 1:14-cv-00719 (D. Del.), Judge Joseph F. Bataillon on May 3, 2018:*

  *The Court approves the proposed notice program, including the Mail Notice and the Publication Notice, attached as Exhibits A and B to the Declaration of Brandon Schwartz of Garden City Group in support of Plaintiff's Unopposed Motion to Distribute Notice to the Settlement Class ("Schwartz Declaration"). The Court further approves the claim form attached as Exhibit C to the Schwartz Declaration. The Court finds that the manner of notice proposed constitutes the best practicable notice under the circumstances as well as valid, due, and sufficient notice to all persons entitled thereto and complies fully with the requirements of the Federal Rule of Civil Procedure 23...*

- ***Gordon v. Hain Celestial Group, et al.,** 1:16-cv-06526 (S.D.N.Y.), Judge Katherine B. Forrest on September 22, 2017:*

  *The form, content, and method of dissemination of the Class Notice given to Settlement Class Members - as previously approved by the Court in its Preliminary Approval Order – were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rule 23 (c) and (e) and Due Process.*

- ***In re: Sony PS3 "Other OS" Litigation,** 4:10-cv-01811 (N.D. Cal.), Judge Yvonne Gonzalez Rogers on June 8, 2018:*

  *The Court finds that the program for disseminating notice to the Class provided for in the Settlement, and previously approved and directed by the Court (the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and that such Notice Program, including the approved forms of notice, constitutes the best notice practicable under the circumstances and fully satisfied due process, the requirements of Rule 23 of the Federal Rules of Civil Procedure and all other applicable laws.*



- ***In re: Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation,*** 3:12-cv-00169 (D.N.J.), Judge Anne E. Thompson on June 8, 2016:

    *Notice of the Settlement Agreements to the Settlement Classes required by Rule 23(e) of the Federal Rules of Civil Procedure, including the additional forms of notice as approved by the Court, has been provided in accordance with the Court's orders granting preliminary approval of these Settlements and notice of the Settlements, and such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Federal Rules of Civil Procedure 23(c)(2)(B) and due process.*



**LEGAL NOTICE CASES**

| |
|---|
| *Lewis v. Lytx Inc.,* Case No. 3:22-CV-00046 (S.D. Ill.) |
| *Doe, et al. v. San Diego Fertility Center Medical Group, Inc., et al.,* Case No. 37-2024-00006118 (Cal. Super. Ct.) |
| *Tapia-Rendon, et al. v. Workeasy Software, LLC,* Case No. 1:21-cv-3400 (N.D. Ill.) |
| *Meholic, et al. v. Seattle Arena Company*, Case No. 24-2-06283-1 (Wash. Super. Ct.) |
| *Cadena, et al. v. American Honda Motor Co., Inc.,* Case No. CV 18-4007 (C.D. Cal.) |
| *In Re: Hapy Bear Surgery Center Data Security Incident Litigation*, Case No. VCU307987 (Cal. Super. Ct.) |
| *Brim, et al. v. Prestige Care, Inc.*, Case No. 3:24-CV-05133 (W.D. Wash.) |
| *Doe, et al. v. Virginia Mason Medical Center, et al.*, Case No. 19-2-26674-1 SEA (Wash. Super. Ct.) |
| *Velasco v. Belmont Groceries, LLC*, Case No. 2023-CH-01077 (Cir. Ct. Cook Cnty., Ill.) |
| *Newman, et al. v. Audienceview Ticketing Corporation, et al.*, Case No. 1:23-cv-03764 (S.D.N.Y) |
| *Severa, et al. v. Solvay Specialty Polymers USA, LLC, et al.*, Case No. 1:20-CV-06906 (D.N.J.) |
| *In Re Christie's Data Breach Litigation,* Case No. 1:24-cv-4221 (S.D.N.Y.) |
| *Reardon, et al. v. Suncoast Skin Solutions, Inc.*, Case No. 23-CA-000317 (Fla. 13th Jud. Cir.) |
| *Kandel, et al. v. Dr. Dennis Gross Skincare LLC,* Case No. 1:23-cv-01967-ER (S.D.N.Y.) |
| Public School Districts' Opioid Recovery Trust |
| *Haggerty, et al. v. Consumer Safety Technology, LLC,* Case No. 22-cv-01414 (Cal. Super. Ct.) |
| *Guzman, et al. v. Polaris Industries, Inc. et al.,* Case No. 8:19-cv-01543 (C.D. Cal.) |
| *Coleman v. USAA*, Case No. 3:21-cv-217 (N.D. Cal.) |
| *Knott, et al. v. United Water System, Inc., et al.,* Case No. 6:23-CV-00401 (W.D. La.) |
| *Jweinat, et al. v. loanDepot.com, LLC*, Case No. CGC-23-605149 (Cal. Super. Ct.) |
| *Tracey, et al. v Elekta, Inc., et al.,* Case No. 1:21-cv-02851 (N.D. Ga.). |
| *Coleman, et al. v. United Services Automobile Association, et al.,* Case No. 3:21-cv-00217 (S.D. Cal.) |
| *Ralph Milan, et al. v. Clif Bar & Company,* Case No. 18-cv-02354-JD (N.D. Cal.) |
| *In re: Valsartan N-Nitrosodimethylamine (NDMA) Products Liability Litigation* (non-settlement), Case No. 19-md-2875 (D.N.J.) |
| *Ayala v. Commonwealth Health Physician Network, et al.*, Case No. 2023-cv-3008 (Lackawanna Cnty. Ct. Com. Pl.) |
| *Andrade-Heymsfield v. NextFoods, Inc.,* Case No. 21-cv-1446 (S.D. Cal.) |
| *In Re: Novant Health, Inc.,* Case No. 1:22-cv-00697 (M.D.N.C.) |
| *White v. General Motors, LLC,* Case No. 1:21-cv-00410 (D. Colo.) |
| *Gunaratna v. Dennis Gross Skincare, LLC, et al.,* Case No. 2:20-cv-02311 (C.D. Cal.) |
| *Hymes v. Earl Enterprises Holdings,* Case No. 6:19-cv-00644 (M.D. Fla.) |
| *Rivera, et al. v. Google LLC,* Case No. 19-CH-00990 (Cir. Ct. Cook Cnty., Ill.) |
| *Hezi v Celsius Holdings, Inc,* Case No. 1:21-cv-09892 (S.D.N.Y.) |
| *M.S. v. Med-Data, Inc.,* Case No. 4:22-cv-00187 (S.D. Tex.) |
| *Ictech-Bendeck, et al. v. Progressive Waste Solutions of LA, Inc, et al.,* Case No. 2:18-cv-7889 (E.D. La.) |
| *Quackenbush, et al. v American Honda Motor Company, Inc., et al.,* Case No. 3:20-cv-05599 (N.D. Cal.) |
| *McFadden v. Nationstar,* Case No. 1:20-cv-00166 (D.D.C.) |



| |
| --- |
| *Sanders, et al. v. Ibex Global Solutions, Inc., et al.*, Case No. 1:22-cv-00591 (D.D.C.) |
| *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 4:07-cv-05944 (N.D. Cal.) |
| *John Doe, et al. v. Katherine Shaw Bethea Hospital and KSB Medical Group, Inc.*, Case No. 2021L00026 (15th Jud. Cir. Ct. Lee Cnty., Ill.) |
| *Gonshorowski v. Spencer Gifts, LLC*, Case No. ATL-L-000311-22 (N.J. Super. Ct.) |
| *In re Forefront Data Breach Litigation*, Case No. 1:21-cv-00887-LA (E.D. Wis.) |
| *Stewart, et al. v. Albertsons Cos., Inc.*, Case No. 16CV15125 (Mult. Cty. Cir. Ct.) |
| *Simmons v. Assistcare Home Health Services, LLC, d/b/a Preferred Home Health Care of New York/Preferred Gold*, Case No. 511490/2021 (N.Y. Sup. Ct. Kings Cnty.) |
| *Terry Fabricant v. Top Flite Financial, Inc.*, Case No. 20STCV13837 (Cal. Super.) |
| *Riley v. Centerstore of America*, Case No. 3:22-cv-00662 (M.D. Tenn.) |
| *Bae v. Pacific City Bank*, Case, No. 21STCV45922 (Cal. Super.) |
| *Tucker v. Marietta Area Health Care Inc.*, Case No. 2:22-cv-00184 (S.D. Ohio) |
| *Acaley v. Vimeo.com, Inc*, Case No. 19-CH-10873 (Cir. Ct. Cook Cnty., Ill.) |
| *Easter v Sound Generations*, Case No. 21-2-16953-4 (Wash. Super.) |
| *GPM v City of Los Angeles*, Case No. 21STCV11054 (Cal. Super.) |
| *Pagan v. Faneuil, Inc*, Case No. 3:22-cv-297 (E.D. Va.) |
| *Estes v. Dean Innovations, Inc.*, Case No. 20-CV-22946 (Mult. Cty. Cir. Ct.) |
| *Buck, et al. v. Northwest Commercial Real Estate Investments, LLC, et al.*, Case No. 21-2-03929-1 (Wash. Super.) |
| *Gilmore, et al. v. Monsanto Company, et al.*, Case No. 3:21-cv-8159 (N.D. Cal.) |
| *Copley v. Bactolac Pharmaceutical, Inc., et al.*, Case No. 2:18-cv-00575 (E.D.N.Y.) |
| *James v. CohnReznick LLP*, Case No. 1:21-cv-06544 (S.D.N.Y.) |
| *Doe v. Virginia Mason*, Case No. 19-2-26674-1 (Wash. Super.) |
| *LaPrairie v. Presidio, Inc., et al*, Case No. 1:21-cv-08795 (S.D.N.Y.) |
| *Richardson v. Overlake Hospital Medical Center, et al*, Case No. 20-2-07460-8 (Wash. Super.) |
| *Weidman, et al. v. Ford Motor Company*, Case No. 2:18-cv-12719 (E.D. Mich.) |
| *Siqueiros, et al. v. General Motors, LLC*, Case No. 3:16-cv-07244 (N.D. Cal.) |
| *Vaccaro v. Delta Drugs, II. Inc.*, Case No. 20STCV28871 (Cal. Super.) |
| *Hosch v. Drybar Holdings LLC*, Case No. 2021-CH-01976 (Cir. Ct. Cook Cnty., Ill. |
| *Davidson v. Healthgrades Operating Company, Inc.*, Case No. 21-cv-01250 (D. Colo.) |
| *Baldwin, et al. v. National Western Life Insurance Co.*, Case No. 2:21-cv-04066 (W.D. Mo.) |
| *Deien v. Seattle City Light*, Case No. 19-2-21999-8 (Wash. Super.) |
| *Blake Chapman, et al. v. voestalpine Texas, LLC, et al*, Case No. 2:17-cv-00174 (S.D. Tex.) |
| *Hanson v. Welch Foods Inc.*, Case No. 3:20-cv-02011 (N.D. Cal.) |
| *McMorrow v. Mondelez International, Inc.*, Case No. 3:17-cv-02327 (S.D. Cal.) |
| *Hadley, et al. v. Kellogg Sales Company*, Case No. 5:16-cv-04955 (N.D. Cal.) |
| *Miracle-Pond, et al. v. Shutterfly, Inc.*, Case No. 16-cv-10984 (Cir. Ct. Cook Cnty., Ill.) |
| *In Re: Sonic Corp. Customer Data Breach Litigation*, Case No. 1:17-md-02807 (N.D. Ohio) |
| *In re: Interior Molded Doors Indirect Purchaser Antitrust Litigation*, Case No. 3:18-cv-00850 (E.D. Va.) |
| *Krommenhock, et al. v. Post Foods, LLC*, Case No. 3:16-cv-04958 (N.D. Cal.) |
| *Daley, et al. v. Greystar Management Services LP, et al.*, Case No. 2:18-cv-00381 (E.D. Wash.) |



| |
|---|
| *Brianna Morris v. FPI Management Inc.,* Case No. 2:19-cv-0128 (E.D. Wash.) |
| *Kirilose Mansour v. Bumble Trading Inc.,* Case No. RIC1810011 (Cal. Super.) |
| *Clopp et. al. v. Pacific Market Research, LLC et. al.,* Case No. 21-2-08738-4 (Wash. Super.) |
| *Lisa T. Leblanc, et al. v. Texas Brine Company, LLC, et al.,* Case No. 58410 (E.D. La.) |
| *Jackson-Battle v. Navicent Health, Inc.,* Case No. 2020-cv-072287 (Ga Super.) |
| *Fabricant v. Amerisave Mortgage Corp,* Case No. 2:19-cv-04659 (C.D. Cal.) |
| *Jammeh v. HNN Assoc.,* Case No. 2:19-cv-00620 (W.D. Wash.) |
| *Farruggio, et al. v. 918 James Receiver, LLC, et al.,* Case No. 3831/2017 (N.Y. Sup Ct) |
| *Winters, et al. v. Two Towns Ciderhouse Inc.,* Case No. 3:20-cv-00468 (S.D. Cal.) |
| *Siddle, et al. v. The Duracell Company,* et al, Case No. 4:19-cv-00568 (N.D. Cal.) |
| *Lisa Jones, et al. v. Monsanto Company,* Case No. 4:19-cv-00102 (W.D. Mo.) |
| *Makaron v. Enagic USA, Inc.,* Case No. 2:15-cv-05145 (C.D. Cal.) |
| *John Karpilovsky, et al. v. All Web Leads, Inc.,* Case No. 1:17-cv-01307 (N.D. Ill.) |
| *Hughes, et al. v. AutoZone Parts Inc., et al.,* Case No. BC631080 (Cal. Super.) |
| *Secaucus Investors LLC and Health Care Grower, LLC v. Harmoney Foundation of New Jersey, Inc., et al.,* Case No. BER-C-275-21 (N.J. Sup Ct.) |
| *Miller, et al. v. P.S.C., Inc. d/b/a Puget Sound Collections,* Case No. 3:17-cv-0586 (W.D. Wash.) |
| *Aaron Van Fleet, et al. v. Trion Worlds Inc.,* Case No. 535340 (Cal. Super.) |
| *Wilmington Trust TCPA (Snyder, et al. v. U.S. Bank, N.A., et al.),* Case No. 1:16-cv-11675 (N.D. Ill.) |
| *Deutsche Bank National Trust TCPA (Snyder, et al. v. U.S. Bank, N.A., et al.),* Case No. 1:16-cv-11675 (N.D. Ill.) |
| *Adriana Garcia, et al. v. Sun West Mortgage Company, Inc.,* Case No. BC652939 (Cal. Super.) |
| *Cajuns for Clean Water, LLC, et al. v. Cecilia Water Corporation, et al.,* Case No. 82253 (La. Dist.) |
| *In re: Sony PS3 "Other OS" Litigation,* Case No. 4:10-cv-01811 (N.D. Cal.) |
| *In re: Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litigation,* Case No. 3:12-cv-00169 (D.N.J.) |
| *In re: Ductile Iron Pipe Fittings Direct Purchaser Antitrust Litigation,* Case No. 3:12-cv-00711 (D.N.J.) |
| *Hartig Drug Company Inc., v. Senju Pharmaceutical et al.,* Case No. 1:14-cv-00719 (D. Del.) |
| *Gordon v. The Hain Celestial Group, et al.,* Case No. 1:16-cv-06526 (S.D.N.Y.) |
| *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico – Economic and Property Damages Settlement,* MDL No. 2179 (E.D. La.) |
| *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico –Medical Benefits Settlement,* MDL No. 2179 (E.D. La.) |
| *Byrner et al. v. Oregon One, Inc.,* Case No. 3:16-cv-01910 (D. Or.) |
| *In re: Google Inc. Cookie Placement Consumer Privacy Litigation,* MDL No. 2358 (D. Del.) |
| *In re: Pool Products Distribution Market Antitrust Litigation,* MDL No. 2128 (E.D. La.) |
| *In re: Polyurethane Foam Antitrust Litigation,* MDL No. 2196 (N.D. Ohio) |
| *In re: Processed Egg Products Antitrust Litigation,* MDL No. 2002 (E.D. Pa.) |
| *In re: The Flinktote Company and Flinktote Mines Limited,* Case No. 1:04-bk-11300 (Bankr. D. Del.) |
| *In re: Prograf (Tacrolimus) Antitrust Litigation,* MDL No. 2242 (D. Mass.) |
| *Markos v. Wells Fargo Bank, N.A.,* Case No. 1:15-cv-01156 (N.D. Ga.) |
| *Cross v. Wells Fargo Bank, N.A.,* Case No. 1:15-cv-01270 (N.D. Ga.) |
| *Ferrick v. Spotify USA Inc.,* Case No. 1:16-cv-08412 (S.D.N.Y.) |



| |
|---|
| *In re: Parmalat Securities Litigation,* MDL No. 1653 (S.D.N.Y.) |
| *Smith v. Floor and Décor Outlets of America, Inc.,* Case No. 1:15-cv-04316 (N.D. Ga.) |
| *Schwartz v. Intimacy in New York, LLC,* Case No. 1:13-cv-05735 (S.D.N.Y.) |
| *In re: TRS Recovery Services, Inc., Fair Debt Collection Practices Act Litigation,* MDL No. 2426 (D. Me.) |
| *Young v. Wells Fargo & Co,* Case No. 4:08-cv-00507 (S.D. Iowa) |
| *In re: Credit Default Swaps Antitrust Litigation,* MDL No. 2476 (S.D.N.Y.) |
| *Anthony Frank Lasseter et al. v. Rite-Aid,* Case No. 09-cv-2013-900031 (Ala. Cir. Ct.) |
| *Khoday v. Symantec Corp.,* Case No. 0:11-cv-00180 (D. Minn.) |
| *MacKinnon, Jr v. IMVU,* Case No. 1-11-cv-193767 (Cal. Super.) |
| *Ebarle, et al. v. LifeLock, Inc.,* Case No. 3:15-cv-00258 (N.D. Cal.) |
| *Sanchez v. Kambousi Restaurant Partners ("Royal Coach Diner"),* Case No. 1:15-cv-05880 (S.D.N.Y.) |
| *Schwartz v. Avis Rent A Car System,* Case No. 2:11-cv-04052 (D.N.J.) |
| *Klein v. Budget Rent A Car System,* Case No. 2:12-cv-07300 (D.N.J.) |
| *Pietrantonio v. Kmart Corporation,* Case 15-5292 (Mass. Cmmw.) |
| *Cox, et al. v. Community Loans of America, Inc., et al.,* Case No. 4:11-cv-00177 (M.D. Ga.) |
| *Vodenichar. et al. v. Halcón Energy Properties, Inc., et al.,* Case No. 2013-512 (Pa. Com. Pleas) |
| *State of Oregon, ex. rel. Ellen F. Rosenblum, Attorney General v. AU Optronics Corporation, et al.,* Case No. 1208 10246 (Or. Cir.) |
| *Barr v. The Harvard Drug Group, LLC, d/b/a Expert-Med,* Case No. 0:13-cv-62019 (S.D. Fla.) |
| *Splater, et al. v. Thermal Ease Hydronic Systems, Inc., et al.,* Case No. 03-2-33553-3 (Wash. Super.) |
| *Phillips v. Bank of America,* Case No. 15-cv-00598 (Cal. Super.) |
| *Ziwczyn v. Regions Bank and American Security Insurance Co.,* Case No. 1:15-cv-24558 (S.D. Fla) |
| *Dorado vs. Bank of America, N.A.,* Case No. 1:16-cv-21147 (S.D. Fla) |
| *Glass v. Black Warrior Electric,* Case No. cv-2014-900163 (Ala. Cir.) |
| *Beck v. Harbor Freight Tools USA, Inc.,* Case No. 15-cv-00598 (Ohio Com. Pleas) |
| *Ligon v. City of New York, et al.,* Case No. 12-cv-2274 (S.D.N.Y.) |
| *Abdellahi, et al., vs. River Metals Recycling, LLC,* Case No. 13-CI00095 (Ky. Cir.) |
| *Alegre v. XPO Last Mile, Inc.,* Case No. 2:15-cv-02342 (D.N.J.) |
| *Jack Leach, et al. v. E.I. du Pont de Nemours and Co.,* Case No. 01-C-608 (W. Va. Cir.) |
| *Hayes, et al. v. Citizens Financial Group Inc., et al.,* Case No. 1:16-cv-10671 (D. Mass.) |
| *In re: Foreign Exchange Benchmark Rates Antitrust Litigation,* Case No. 1:13-cv-07789 (S.D.N.Y.) |
| *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.,* Case No. 2:13-cv-05693 (C.D. Cal.) |
| *Cozzitorto vs. American Automobile Association of Northern California, Nevada & Utah,* Case No. C13-02656 (Cal. Super.) |
| *Filannino-Restifo, et al. v. TD Bank, N.A.,* Case No. 0:18-cv-01159 (D.N.J.) |
| *United States v. Takata Corporation,* Case No. 2:16-cv-20810 (E.D. Mich.) |
| *Free Range Content, Inc. v. Google Inc.,* Case No. 5:14-cv-02329 (N.D. Cal.) |
| *Bautista v. Valero Marketing and Supply Company,* Case No. 3:15-cv-05557 (N.D. Cal.) |
| *Devin Forbes and Steve Lagace -and- Toyota Canada Inc.,* Case No. cv-16-70667 (Ont. Super. Ct.) |
| *Thierry Muraton -and- Toyota Canada Inc.,* Case No. 500-06-000825-162 (Que. Super. Ct.) |
| *In re: Residential Schools Class Action Litigation,* Case No. 00-cv-192059 (Ont. Super. Ct.) |
| *In re: Tricor Antitrust Litigation,* Case No. 05-340 (D. Del.) |



| |
|---|
| *Masztal v. City of Miami,* Case No. 3D06-1259 (Fla. Dist. App.) |
| *In re: Tribune Company, et al.,* Case No. 08-13141 (D. Del.) |
| *Marian Perez v. Tween Brands Inc.,* Case No. 14-cv-001119 (Ohio Com. Pleas) |
| *Ferguson v. Safeco,* Case No. DV 04-628B (Mont. Dist.) |
| *Williams v. Duke Energy,* Case No. 1:08-cv-00046 (S.D. Ohio) |
| *Boone v. City of Philadelphia,* Case No. 2:05-cv-01851 (E.D. Pa.) |
| *In re: Lehman Brothers Inc.,* Case No. 08-13555, 08-01420 (Bankr. S.D.N.Y.) |
| *In re: Department of Veterans Affairs (VA) Data Theft Litigation,* MDL No. 1796 (D.D.C.) |
| *In re: Countrywide Customer Data Breach Litigation,* MDL No. 1998 (W.D. Ky.) |
| *In re: Checking Account Overdraft Litigation,* MDL No. 2036 (S.D. Fla.) |
| *In re: Heartland Data Security Breach Litigation,* MDL No. 2046 (S.D. Tex.) |
| *Schulte v. Fifth Third Bank,* Case No. 1:09-cv-06655 (N.D. Ill.) |
| *Mathena v. Webster Bank, N.A.,* Case No. 3:10-cv-01448 (D. Conn.) |
| *Delandro v. County of Allegheny,* Case No. 2:06-cv-00927 (W.D. Pa.) |
| *Trombley v. National City Bank,* Case No. 1:10-cv-00232 (D.D.C.) |
| *Fontaine v. Attorney General of Canada,* Case No. 00-cv-192059 CP (Ont. Super. Ct.) |
| *Marolda v. Symantec Corp.,* Case No. 3:08-cv-05701 (N.D. Cal.) |



## Exhibit B: CV of EAG Gulf Coast, LLC



# Class & Mass Action Settlement Administration

## Our Approach

EisnerAmper provides pre-settlement consulting and post-settlement administration services in connection with lawsuits pending in state and federal courts nationwide. Since 1999, EisnerAmper professionals have processed more than $14 billion dollars in settlement claims. Our innovative team successfully administers a wide variety of settlements, and our industry-leading technology enables us to develop customizable administration solutions for class and mass action litigations.

EisnerAmper professionals have processed more than $14 billion dollars in settlement claims.

**EISNERAMPER**

## Sample Case Experience*



### Environmental/Toxic Torts

- In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico (MDL 2179)
- Aqueous Film-Forming Foam (AFFF) Product Liability Litigation (MDL 2873) - Public Water System Settlement
- In re: FEMA Trailer Formaldehyde Products Liability Litigation (MDL 1873)
- Sanchez et al v. Texas Brine, LLC et al.
- Burmaster et al. v. Plaquemines Parish Government, et al.
- Cajuns for Clean Water, LLC et al. v. Cecilia Water Corporation, et al.
- Cooper, et al. v. Louisiana Department of Public Works
- Maturin v. Bayou Teche Water Works
- Chevron Richmond Refinery Fire Settlement
- Chapman et al. v. voestalpine Texas LLC, et al.



### Consumer

- Jones et al. v. Monsanto Co.
- Hadley, et al. v. Kellogg Sales Co.
- McMorrow, et al. v. Mondelez International, Inc
- Krommenhock, et al. v. Post Foods, LLC
- Hanson v. Welch Foods Inc.
- Siddle et al. v. The Duracell Co. et al.
- Copley, et al. v. Bactolac Pharmaceutical, Inc.
- Hughes et al. v. AutoZone Parts Inc. et al.
- Winters v. Two Towns Ciderhouse, Inc.
- Burford et al. v. Cargill, Incorporated
- Fabricant v. AmeriSave Mortgage Corp. (TCPA)
- Makaron v. Enagic USA, Inc. (TCPA)
- Prescod et al. v. Celsius Holdings, Inc.
- Gilmore v. Monsanto Co.



### Antitrust

- In re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL 1917)[4]
- In re: Interior Molded Doors Antitrust Litigation (Indirect)



### Mass Torts

- In re: E.I. du Pont de Nemours and Company C8 Personal Injury Litigation (MDL 2433)[1]
- In re: Testosterone Replacement Therapy Products Liability Litigation (MDL 2545)[1]
- In re: Paraquat Products Liability Litigation (MDL 3004)[1]
- In re: Paragard Products Liability Litigation (MDL 2974)
- In re: Roundup Products Liability Litigation (MDL 2741)[2]
- Essure Product Liability Settlement[3]
- Porter Ranch (JCCP 4861)



### Data Breach/Privacy

- Miracle-Pond, et al. v. Shutterfly
- Baldwin et al. v. National Western Life Insurance Co.
- Jackson-Battle, et al. v. Navicent Health, Inc.
- Bailey, et al. v. Grays Harbor County Public Hospital No. 2
- In re: Forefront Data Breach Litigation
- Easter et al. v. Sound Generations
- Rivera, et al. v. Google LLC
- Acaley v. Vimeo, Inc.



### Mass Arbitration

- T-Mobile
- Uber
- Postmates
- Instacart
- Intuit



### Other Notable Cases

- Brown, et al. v. State of New Jersey DOC (Civil Rights)
- Slade v. Progressive (Insurance)

*Work performed as Postlethwaite & Netterville, APAC (P&N)
[1]Services provided in cooperation with the Court-Appointed Special Master
[2]Appointed As Common Benefit Trustee
[3]Inventory Settlement

"EisnerAmper" is the brand name under which EisnerAmper LLP and Eisner Advisory Group LLC and its subsidiary entities provide professional services. EisnerAmper LLP and Eisner Advisory Group LLC practice as an alternative practice structure in accordance with the AICPA Code of Professional Conduct and applicable law, regulations and professional standards. EisnerAmper LLP is a licensed independent CPA firm that provides attest services to its clients, and Eisner Advisory Group LLC and its subsidiary entities provide tax and business consulting services to their clients. Eisner Advisory Group LLC and its subsidiary entities are not licensed CPA firms. The entities falling under the EisnerAmper brand are independently owned and are not liable for the services provided by any other entity providing services under the EisnerAmper brand. Our use of the terms "our firm" and "we" and "us" and terms of similar import, denote the alternative practice structure conducted by EisnerAmper LLP and Eisner Advisory Group LLC.

**EISNERAMPER**

EAG Gulf Coast, LLC

# EAG Claims Administration Experience

## SAMPLE JUDICIAL COMMENTS

- ***Hezi v. Celsius Holdings, Inc.***, No. 1:21-CV-09892-VM (S.D.N.Y.), Judge Jennifer H. Rearden on April 5, 2023:

  *The Court finds and determines that the notice procedure carried out by Claims Administrator Postlethwaite & Netterville, APAC ("P&N") afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice was the best notice practicable, and has satisfied the requirements of law and due process .*

- ***Scott Gilmore et al. v. Monsanto Company, et al.***, No. 3:21-CV-8159 (N.D. Cal.), Judge Vince Chhabria on March 31, 2023:

  *The Court finds that Class Notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and the Notice Plan. The Court further finds that this provided the best notice to the Class practicable under the circumstances, fully satisfied due process, met the requirements of Rule 23 of the Federal Rules of Civil Procedure, and complied with all other applicable law.*

- ***John Doe et al. v. Katherine Shaw Bethea Hospital and KSB Medical Group, Inc.***, No. 2021L00026 (Fifteenth Judicial Circuit of Illinois, Lee County), on March 28, 2023:

  *The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- ***Sanders et al. v. Ibex Global Solutions, Inc. et al.***, No. 1:22-CV-00591 (D.D.C.), Judge Trevor N. McFadden on March 10, 2023:

  *An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

EAG Gulf Coast, LLC is a subsidiary of Eisner Advisory Group LLC. "EisnerAmper" is the brand name under which EisnerAmper LLP and Eisner Advisory Group LLC and its subsidiary entities provide professional services. EisnerAmper LLP and Eisner Advisory Group LLC are independently owned firms that practice in an alternative practice structure in accordance with the AICPA Code of Professional Conduct and applicable law, regulations and professional standards. EisnerAmper LLP is a licensed CPA firm that provides attest services, and Eisner Advisory Group LLC and its subsidiary entities provide tax and business consulting services. Eisner Advisory Group LLC and its subsidiary entities are not licensed CPA firms.

- ***Vaccaro v. Super Care, Inc.,*** No. 20STCV03833 (Cal. Superior Court), Judge David S. Cunningham on March 10, 2023:

  *The Class Notice provided to the Settlement Class conforms with the requirements of California Code of Civil Procedure § 382, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Class Members. The notice fully satisfied the requirements of Due Process.*

- ***Gonshorowski v. Spencer Gifts, LLC***, No. ATL-L-000311-22 (N.J. Super. Ct.), Judge Danielle Walcoff on March 3, 2023:

  *The Court finds that the Notice issued to the Settlement Class, as ordered in the Amended Preliminary Approval Order, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with New Jersey Court Rules 4:32-2(b)(2) and (e)(1)(B) and due process.*

- ***Vaccaro v. Delta Drugs II, Inc.,*** No. 20STCV28871 (Cal. Superior Court), Judge Elihu M. Berle on March 2, 2023:

  *The Class Notice provided to the Settlement Class conforms with the requirements of California Code of Civil Procedure § 382, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Class Members. The notice fully satisfied the requirements of Due Process.*

- ***Pagan, et al. v. Faneuil, Inc.***, No. 3:22-CV-297 (E.D. Va), Judge Robert E. Payne on February 16, 2023:

  *The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.*



- ***LaPrairie v. Presidio, Inc., et al.***, No. 1:21-CV-08795-JFK (S.D.N.Y.), Judge Andrew L. Carter, Jr. on December 12, 2022:

  *The Court hereby fully, finally and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action. The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the service award to the Settlement Class Representative. An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Nelson v. Bansley & Kiener, LLP***, No. 2021-CH-06274 (Circuit Court of Cook County, IL), Judge Sophia H. Hall on November 30, 2022:

  *The court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with requirements of 735 ILCS 5/2-801, et seq.*

- ***Buck, et al. v. Northwest Commercial Real Estate Investments, LLC, et al***, No. 21-2-03929-1-SEA (Superior Court King County, WA), Judge Douglass A. North on September 30, 2022:

  *Pursuant to the Court's Preliminary Approval Order, Postcard Notice was distributed to the Class by First Class mail and Email Notice was distributed to all Class Members for whom the Settlement Administrator had a valid email address. The Court hereby finds and concludes that Postcard and Email Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement and in compliance with the Court's Preliminary Approval Order. The Court further finds and concludes that the Postcard and Email Notice, and the distribution procedures set forth in the Settlement fully satisfy CR 23(c)(2) and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Class who could be identified through reasonable effort, provided an opportunity for the Class Members to object or exclude themselves from the Settlement, and support the Court's exercise of jurisdiction over the Settlement Class Members as contemplated in the Settlement and this Final Approval Order.*



- ***Rivera, et al. v. Google LLC,*** No. 2019-CH-00990 (Circuit Court of Cook County, IL), Judge Anna M. Loftus on September 28, 2022:

  *Pursuant to this Court's Order granting preliminary approval of the Settlement, Postlethwaite & Netterville, APAC ("P&N") served as Settlement Administrator. This Court finds that the Settlement Administrator performed all duties thus far required as set forth in the Settlement Agreement.*

  *The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise the Settlement Class Members of their rights.*

- ***Davonna James, individually and on behalf of all others similarly situated v. CohnReznick LLP***, No. 1:21-cv-06544 (S.D.N.Y.), Judge Lewis J. Liman on September 21, 2022:

  *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Patricia Davidson, et al. v. Healthgrades Operating Company, Inc.***, No. 21-cv-01250-RBJ (D. Colo), Judge R. Brooke Jackson on August 22, 2022:

  *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Hosch et al. v. Drybar Holdings LLC,*** No. 2021-CH-01976 (Circuit Court of Cook County, IL), Judge Pamela M. Meyerson on June 27, 2022:

  *The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed*



**EAG Gulf Coast, LLC**

*Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- ***Baldwin et al. v. National Western Life Insurance Company,*** No. 2:21-cv-04066-WJE (W.D. MO), Judge Willie J. Epps, Jr. on June 16, 2022:

   *The Court finds that such Notice as therein ordered, constituted the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).*

- ***Chapman et al. v. voestalpine Texas Holding LLC,*** No. 2:17-cv-174 (S.D. Tex.), Judge Nelva Gonzales Ramos on June 15, 2022:

   *The Class and Collective Notice provided pursuant to the Agreement and the Order Granting Preliminary Approval of Class Settlement:*

   *(a) Constituted the best practicable notice, under the circumstances;*
   *(b) Constituted notice that was reasonably calculated to apprise the Class Members of the pendency of this lawsuit, their right to object or exclude themselves from the proposed settlement, and to appear at the Fairness Hearing;*
   *(c) Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and*
   *(d) Met all applicable requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution because it stated in plain, easily understood language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members under Rule 23(c)(3).*

- ***Clopp et al. v. Pacific Market Research LLC,*** No. 21-2-08738-4 (Superior Court King County, WA), Judge Kristin Richardson on May 27, 2022:

   *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Washington Civil Rule 23(c)(2).*



**EAG Gulf Coast, LLC**

- ***Whitlock v. Christian Homes, Inc., et al,*** No. 2020L6 (Circuit Court of Logan County, IL), Judge Jonathan Wright on May 6, 2022:

  *The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- ***Hanson v. Welch Foods Inc.,*** No. 3:20-cv-02011-JCS (N.D. Cal.), Judge Joseph C. Spero on April 15, 2022:

  *The Class Notice and claims submission procedures set forth in Sections 5 and 9 of the Settlement Agreement, and the Notice Plan detailed in the Declaration of Brandon Schwartz filed on October 1, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Dein v. Seattle City Light,*** No. 19-2-21999-8 SEA (Superior Court King County, WA), Judge Kristin Richardson on April 15, 2022:

  *The Court hereby finds and concludes that the notice was disseminated to Settlement Class Members in accordance with the terms set forth in the Settlement and in compliance with the Court's Preliminary Approval Order. The Court further finds and concludes that the notice fully satisfies CR 23(c)(2) and the requirements of due process, was the best notice practicable under the circumstances, provided individual notice to all members of the Class who could be identified through reasonable effort, and provided an opportunity for the Class Members to object to or exclude themselves from the Settlement.*

- ***Frank v. Cannabis & Glass, LLC, et al,*** No. 19-cv-00250 (E.D. Wash.), Judge Stanley A. Bastian on April 11, 2022:

  *Postlethwaite & Netterville, APAC, ("P&N"), the Settlement Administrator approved by the Court, completed the delivery of Class Notice according to the terms of the Agreement. The Class Text Message Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances, including*



EAG Gulf Coast, LLC

*individual notice to all Settlement Class Members who could be identified through reasonable effort.*

- **McMorrow, et al. v. Mondelez International, Inc,** No. 17-cv-02327 (S.D. Cal.), Judge Cynthia Bashant on April 8, 2022:

   *Notice was administered nationwide and achieved an overwhelmingly positive outcome, surpassing estimates from the Claims Administrator both in the predicted reach of the notice (72.94% as compared to 70%) as well as in participation from the class (80% more claims submitted than expected). (Schwartz Decl. ¶ 14, ECF No. 206-1; Final App. Mot. 3.) Only 46 potential Class Members submitted exclusions (Schwartz Decl. ¶ 21), and only one submitted an objection—however the objection opposes the distribution of fees and costs rather than the settlement itself. (Obj. 3.) The Court agrees with Plaintiffs that the strong claims rate, single fee-related objection, and low opt-out rate weigh in favor of final approval.*

- **Daley, et al. v. Greystar Management Services LP, et al.,** No. 2:18-cv-00381 (E.D. Wash.), Judge Salvador Mendoz, Jr. on February 1, 2022:

   *The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Settlement Administrator to the Settlement Class....was the best practicable notice under the circumstances. The Class Notice program....was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Class Notice given to the Settlement Class Members satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of constitutional due process. The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action....*

- **Mansour, et al. v. Bumble Trading, Inc.,** No. RIC1810011 (Cal. Super.), Judge Sunshine Sykes on January 27, 2022:

   *The Court finds that the Class Notice and the manner of its dissemination constituted the best practicable notice under the circumstances and was reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class. The Court finds that the notice was reasonable, that it constituted due, adequate and sufficient notice to all persons entitled to receive notice, and that it met the requirements of due process, Rules of Court 3.766 and 3.769(f), and any other applicable laws.*



- ***Hadley, et al. v. Kellogg Sales Company**,* No. 16-cv-04955 (N.D. Cal.), Judge Lucy H. Koh on November 23, 2021:

    *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement, and the Notice Plan filed on March 10, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Miracle-Pond, et al. v. Shutterfly, Inc.,*** No. 2019-CH-07050 (Circuit Court of Cook County, IL), Judge Raymond W. Mitchell on September 9, 2021:

    *This Court finds that the Settlement Administrator performed all duties thus far required as set forth in the Settlement Agreement. The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise the Settlement Class Members of their rights.*

- ***Jackson-Battle, et al. v. Navicent Health, Inc.,*** No. 2020-CV-072287 (Ga Super.), Judge Jeffery O. Monroe on August 4, 2021:

    *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of O.C.G.A. §§ 9-11-23(c)(2).*

- ***In re: Interior Molded Doors Indirect Purchasers Antitrust Litigation,*** No. 3:18-cv-00850 (E.D. Va.), Judge John A. Gibney on July 27, 2021:

    *The notice given to the Settlement Class of the settlement set forth in the Settlement Agreement and the other matters set forth herein was the best notice practicable*



*under the circumstances. Said notice provided due and adequate notice of the proceedings an of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.*

- ***Krommenhock, et al. v. Post Foods, LLC,*** No. 16-cv-04958 (N.D. Cal.), Judge William H. Orrick on June 25, 2021:

  *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement and the Notice Plan filed on January 18, 2021 fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Winters, et al. v. Two Towns Ciderhouse, Inc,*** No. 20-cv-00468 (S.D. Cal.), Judge Cynthia Bashant on May 11, 2021:

  *The settlement administrator, Postlethwaite and Netterville, APAC ("P&N") completed notice as directed by the Court in its Order Granting Preliminary Approval of the Class Action Settlement. (Decl. of Brandon Schwartz Re: Notice Plan Implementation and Settlement Administration ("Schwartz Decl.") ¶¶ 4–14, ECF No. 24-5.)...Thus, the Court finds the Notice complies with due process....With respect to the reaction of the class, it appears the class members' response has been overwhelmingly positive.*

- ***Siddle, et al. v. The Duracell Company, et al.,*** No. 4:19-cv-00568 (N.D. Cal.), Judge James Donato on April 19, 2021:

  *The Court finds that the Class Notice and Claims Administration procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.*



- ***Fabricant v. Amerisave Mortgage Corporation***, No. 19-cv-04659-AB-AS (C.D. Cal.), Judge Andre Birotte, Jr. on November 25, 2020:

  *The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The notice fully satisfied the requirements of Due Process. No Settlement Class Members have objected to the terms of the Settlement.*

- ***Snyder, et al. v. U.S. Bank, N.A., et al.***, No. 1:16-CV-11675 (N.D. Ill), Judge Matthew F. Kennelly on June 18, 2020:

  *The Court makes the following findings and conclusions regarding notice to the Settlement Class:*

  *a. The Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order; b. The Class Notice: (i) constituted the best practicable notice under the circumstances to potential Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Consolidated Litigation, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

- ***Edward Makaron et al. v. Enagic USA, Inc.***, No. 2:15-cv-05145 (C.D. Cal.), Judge Dean D. Pregerson on January 16, 2020:

  *The Court makes the following findings and conclusions regarding notice to the Class:*

  *a. The Class Notice was disseminated to persons in the Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;*

  *b. The Class Notice: (i) constituted the best practicable notice under the circumstances to potential Class Members, (ii) constituted notice that was reasonably*



*calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

- ***Kimberly Miller et al. v. P.S.C, Inc., d/b/a Puget Sound Collections,*** No. 3:17-cv-05864 (W. D. Wash.), Judge Ronald B. Leighton on January 10, 2020:

  *The Court finds that the notice given to Class Members pursuant to the terms of the Agreement fully and accurately informed Class Members of all material elements of the settlement and constituted valid, sufficient, and due notice to all Class Members. The notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law.*

- ***John Karpilovsky and Jimmie Criollo, Jr. et al. v. All Web Leads, Inc.,*** No. 1:17-cv-01307 (N.D. Ill), Judge Harry D. Leinenweber on August 8, 2019:

  *The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.*

  *The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.*

- ***Paul Story v. Mammoth Mountain Ski Area, LLC,*** No. 2:14-cv-02422 (E.D. Cal.), Judge John A. Mendez on March 13, 2018:

  *The Court finds that the Settlement Administrator delivered the Class Notice to the Class following the procedures set forth in the Settlement Agreement; that the Class Notice and the procedures followed by the Settlement Administrator constituted the best notice practicable under the circumstances; and that the Class Notice and the procedures contemplated by the Settlement Agreement were in full compliance with the laws of the United States and the requirements of due process. These findings support final approval of the Settlement Agreement.*



- ***John Burford, et al. v. Cargill, Incorporated,*** No. 05-0283 (W.D. La.), Judge S. Maurice Hicks, Jr. on November 8, 2012:

  > *Considering the aforementioned Declarations of Carpenter and Mire as well as the additional arguments made in the Joint Motion and during the Fairness Hearing, the Court finds that the notice procedures employed in this case satisfied all of the Rule 23 requirements and due process.*

- ***In RE: FEMA Trailer Formaldehyde Product Liability Litigation,*** MDL No. 1873, (E.D La.), Judge Kurt D. Engelhardt on September 27, 2012:

  > *After completing the necessary rigorous analysis, including careful consideration of Mr. Henderson's Declaration and Mr. Balhoff's Declaration, along with the Declaration of Justin I. Woods, the Court finds that the first-class mail notice to the List of Potential Class Members (or to their attorneys, if known by the PSC), Publication Notice and distribution of the notice in accordance with the Settlement Notice Plan, the terms of the Settlement Agreement, and this Court's Preliminary Approval Order:*
  >
  > *(a) constituted the best practicable notice to Class Members under the circumstances;*
  > *(b) provided Class Members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement so that a full opportunity has been afforded to Class Members and all other persons wishing to be heard;*
  > *(c) was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the pendency of this proposed class action settlement, (ii) their right to exclude themselves from the Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of representation by Plaintiffs or the PSC, and/or the award of attorneys' fees), (iv) their right to appear at the Fairness Hearing - either on their own or through counsel hired at their own expense - if they did not exclude themselves from the Class, and (v) the binding effect of the Preliminary Approval Order and Final Order and Judgment in this action, whether favorable or unfavorable, on all persons who do not timely request exclusion from the Class;*
  > *(d) was calculated to reach a large number of Class Members, and the prepared notice documents adequately informed Class Members of the class action, properly described their rights, and clearly conformed to the high standards for modern notice programs;*
  > *(e) focused on the effective communication of information about the class action. The notices prepared were couched in plain and easily understood language and were written and designed to the highest communication standards;*



**EAG Gulf Coast, LLC**

(f)  afforded sufficient notice and time to Class Members to receive notice and decide whether to request exclusion or to object to the settlement.;

(g)  was reasonable and constituted due, adequate, effective, and sufficient notice to all persons entitled to be provided with notice; and

(h)  fully satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable law.

