[Docket No. 3194]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | **MDL No. 2875**<br>**CIVIL NO. 19-2875 (RMB)**<br><br>**Hon. Renée M. Bumb**<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF AUROBINDO IRBESARTAN ECONOMIC LOSS CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS AND** |

WHEREAS, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs MSP Recovery Claims, Series LLC ("TPP Plaintiff") and Plaintiff Jacqueline Harris ("Consumer Plaintiff") (collectively, "Plaintiffs" or "Representative Plaintiffs"), individually and as representatives of the Class, and Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc. and Aurolife Pharma LLC (defined herein to include their predecessors, successors, subsidiaries, and affiliates, and each of their past, present, and future direct or indirect parent companies, subsidiaries, divisions, affiliates, and joint ventures, and each of their present and former officers, directors, employees, stockholders, partners, owners, and insurers) ("Aurobindo Defendants") (Plaintiffs and the Aurobindo Defendants are collectively referred to as the "Parties") seek entry of an order preliminarily approving the

1

settlement of this economic loss class action pursuant to the Settlement Agreement fully executed on July 7, 2025 (the "Settlement Agreement" or "Agreement"), which sets forth the terms and conditions for a proposed Settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court having read and considered the Agreement, and Plaintiffs' Unopposed Motion for Preliminary Approval, Plaintiffs' motion is GRANTED.

IT IS HEREBY ORDERED as follows:

1.     This Order incorporates by reference the definitions in the Agreement, and all terms used in this Order shall have the same meanings as set forth in the Agreement.

2.     This Court has jurisdiction over this litigation, Plaintiffs, all Settlement Class Members, Aurobindo Defendants, and any party to any agreement that is part of or related to the Settlement.

3.     The Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action, including through discovery and motion practice, and whose negotiations were supervised by an experienced mediator. The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial,

and/or appeal.  The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued litigation, does not grant preferential treatment to Plaintiffs, their counsel, or any subgroup of the Settlement Class, and has no obvious deficiencies.

4.     The Court preliminarily approves the Settlement as being fair, reasonable, and adequate, and finds that it otherwise meets the criteria for approval, subject to further consideration at the Final Approval Hearing described below, and warrants issuance of notice to the Settlement Class.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds, upon preliminary evaluation and for purposes of Settlement only, that it will likely be able to certify the Settlement Class as follows:

> All individuals and third-party payors ("TPPs") in the United States and its territories and possessions who from January 1, 2016 to the present, paid any amount of money for retail purchases of irbesartan finished drug formulations manufactured utilizing Aurobindo irbesartan API that was manufactured using Aurobindo's IC Route of Synthesis ("IC ROS Irbesartan").

This encompasses all claims for economic loss advanced, or that could have been advanced, by the class representatives, on behalf of any and all Settlement Class members, related to the sale of IC ROS Irbesartan, including, but not limited to, all claims relating to IC ROS Irbesartan against the Aurobindo Defendants and downstream manufacturers, suppliers, wholesalers, distributors, retailers, and/or

3

pharmacies.  This Class does not encompass any claims (1) for medical monitoring related to the purchase or use of IC ROS Irbesartan, which claims are being settled simultaneously with the economic loss settlement, are addressed separately, and are expressly excluded from this Order, (2) for personal injury, which claims are being settled simultaneously with the economic loss settlement, or (3) related to the purchase or use of Aurobindo valsartan.

6. Persons excluded from the Class are:

(a) Any judge or magistrate presiding over this action, and the members of their families;

(b) The Aurobindo Defendants and affiliated entities and their officers and directors;

(c) The Aurobindo Defendants' counsel of record, assigns, and successors;

(d) All federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans;

(e) Pharmacy Benefit Managers ("PBMs");

(f) Plaintiffs' counsel of record, assigns, and successors; and

(g) All persons or entities who properly execute and file a timely request for exclusion from any Court-approved class.

7. The Court preliminarily finds that the Settlement is likely to receive final approval and the Settlement Class will likely be certified.  The Court concludes that the Settlement Class satisfies the requirements of Rule 23(a) and (b)(3): (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the

Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

8.     The Court appoints consumer class counsel John R. Davis, Esq., Slack Davis Sanger LLP, Ruben Honik, Esq., Honik Law, and Conlee S. Whiteley, Esq., Kanner & Whiteley, LLP, and TPP class counsel Gregory P. Hansel, Esq., Preti Flaherty Beliveau & Pachios, Chartered, LLP and Jorge A. Mestre, Esq., Rivero Mestre LLP, as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are satisfied by this appointment.

9.     The Court hereby appoints TPP and Consumer Plaintiffs to serve as Class Representatives on behalf of the Settlement Class.

10.    The Court approves the form and content of the Class Notice.  The Court finds that the emailing, texting, and mailing of the Class Notice, supplemented by publication notice, substantially in the manner and form described in the Notice Plan provided to the Court, satisfies due process.  The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled to such Class Notice.

a.      On or before April 2, 2026, the Settlement Notice Administrator shall cause the Notice to be disseminated to Settlement Class Members in the form and manner set forth in the Agreement.  The Court authorizes the Parties to make non-material modifications to the Class Notice prior to publication if they jointly agree that any such changes are necessary and reasonable under the circumstances;

b.      Prior to Notice being disseminated, the Settlement Administrator shall also set up a dedicated website that will include the notice, claim form, Settlement Agreement, and other relevant materials;

c.      On or before June 19, 2026, the Settlement Notice Administrator shall file with the Court an affidavit setting forth the details of the notice provided pursuant to this Order and the Settlement Agreement.

11.     The Claim Form is approved for dissemination to the Settlement Class Members, subject to any non-material changes to which the Parties may agree.

12.     The Court hereby appoints EAG Gulf Coast, LLC to serve as the Settlement Notice Administrator to supervise and administer the notice procedures, administer the claims processes, distribute payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties of Settlement Notice administration that are reasonably necessary or provided for in the Settlement Agreement, and approves the appointment of Western Alliance Bank

6

to maintain the Qualified Settlement Fund ("QSF") with EAG to serve as the QSF administrator.

13. If Settlement Class Members do not wish to participate in the Settlement Class, Settlement Class Members may exclude themselves by filling out and returning the Request for Exclusion. All requests by Settlement Class Members to be excluded from the Settlement Class must be submitted in writing either online through the Settlement website, or mailed substantially in the form provided on the Settlement website, to the Settlement Administrator at the address specified in the Notice by June 2, 2026. The Settlement Administrator shall report the names and addresses of all such persons and entities requesting exclusion to the Court and Class Counsel by June 8, 2026, and the list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

14. If a Settlement Class Member wishes to be excluded from the Settlement Class, to be effective, the Settlement Class Member's written Request for Exclusion must be submitted on the settlement website or sent to the specified address and:

a. for consumers, the Settlement Class Member's full name, current address and telephone number, and if possible, identification of the at-issue Aurobindo irbesartan purchased by the Settlement Class Member but this

7

will not be a condition for exclusion;

b. for TPP's, (i) the Settlement Class Member's full name, (ii) current address and telephone number, (iii) the identification of the Aurobindo Irbesartan purchased by the Settlement Class Member, (iv) the amount of Aurobindo Irbesartan purchased by the Settlement Class Member, (v) the price paid for the Aurobindo Irbesartan and the date(s) of purchase, and (vi) whether the TPP has a filed case and providing the state and docket number if so, and if not, whether the TPP presently intends to file a case in the future, but item (vi) will not be a condition for exclusion;

c. specifically, and unambiguously state in writing his or her desire to be excluded from the Settlement Class and election to be excluded from any judgment entered pursuant to the Settlement.

15. No Request for Exclusion will be valid unless all of the required information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendants.

16. Any Settlement Class Member who has not previously submitted a Request for Exclusion in accordance with the terms of this Agreement may appear

at the Final Approval Hearing to object and argue that the proposed Settlement should not be approved. However, in order to be heard at the Final Approval Hearing, the Settlement Class Member must make an objection in writing and file it, along with a notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear"), with the Court by June 2, 2026, in accordance with the requirements set forth in the Agreement.

17.    To state a valid objection to the Settlement, an objecting Settlement Class Member must include with their objection: (a) the objector's full name, current address, and telephone number; (b) the identification of the at issue IC ROS Irbesartan purchased by the objector, including the amount of IC ROS Irbesartan the objector claims to have purchased, the date(s) of purchase, and the documentation necessary to establish these elements if required by the Claims Administrator; (c) a written statement that the objector has reviewed the Settlement Class definition and represents in good faith that he or she is a Settlement Class Member; (d) a written statement of all grounds for the objection accompanied by any legal support for such objection sufficient to enable the Parties to understand and respond to those specific objections; (e) copies of any papers, briefs, or other documents upon which the objection is based and which are pertinent to the objection; (f) a list of all other objections submitted by the objector and/or the objector's counsel to any class action settlements submitted in any state or federal court in the United States in the previous

five (5) years, including the full case name with jurisdiction in which it was filed and the docket number (if the Settlement Class Member or his, her, or its counsel has not objected to any other class action settlement in the United States in the previous five (5) years, he or she shall affirmatively so state in the objection). Objections should be filed via the Court's electronic filing system, and if not filed via the Court's electronic system, must be mailed, postmarked by the date specified herein, to the Court and also served by First-Class Mail upon:

> Clerk of the Court
> United States District Court
> District of New Jersey
> Mitchell H. Cohen Building & U.S. Courthouse
> 4th & Cooper Streets
> Camden, New Jersey 08101
>
> Class Counsel for Consumer Class:
>
> John R. Davis
> Slack Davis Sanger, LLP
> 6001 Bold Ruler Way #100
> Austin, TX 78746
>
> Ruben Honik
> Honik Law
> 1515 Market Street, Ste. 110
> Philadelphia, PA, 19102
>
> Conlee S. Whiteley
> Kanner & Whiteley, LLC
> 701 Camp Street
> New Orleans, LA 70130
>
> Class Counsel for TPP Class:

10

Gregory P. Hansel
Preti Flaherty Beliveau & Pachios, Chartered, LLP
P.O. Box 9546
One City Center
Portland, ME 04112-9546

Jorge A. Mestre
Rivero Mestre LLP
2525 Ponce De Leon Blvd. Ste. 1000
Miami, FL 33134

18.     Any Settlement Class Member who does not make his or her objections in the manner provided herein shall be deemed to have waived such objections and shall forever be foreclosed from making any objections to the fairness, reasonableness, or adequacy of the proposed Settlement and the judgment approving the Settlement.

19.     Objections and Requests for Exclusion shall be permitted on an individual basis only.  Any purported "class-wide" objections or opt-outs will be construed as being submitted only on behalf of the person (defined herein to include a TPP entity) who actually submitted the request for exclusion or objection.

20.     The Final Fairness Hearing shall be held on June 30, 2026 at 10:00 am in Courtroom 3D of the United States District Court for the District of New Jersey, Camden Division, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate, whether a judgment should be entered

approving such Settlement, and whether Plaintiffs' application for attorneys' fees and expenses, which shall then be allocated to all Plaintiffs' counsel via a common benefit allocation, and for service awards to the class representatives, should be approved. The Court may adjourn and reschedule the Final Approval Hearing without further notice to Settlement Class Members.

21. Plaintiffs' application for an award of attorneys' fees, expenses, and costs and for service awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for service awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of a judgment approving the Settlement.

22. Papers in support of final approval of the Settlement shall be filed on or before June 9, 2026. Plaintiffs' application for attorneys' fees, expenses, and costs and for service awards shall be filed on or before May 13, 2026.

23. Settlement Class Members shall have until June 2, 2026 to submit claim forms. Claim forms must be postmarked by that date to be considered timely.

24. If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed

12

terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

25.    The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission or evidence, or be deemed to create any inference, (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of the Aurobindo Defendants to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered from the Aurobindo Defendants in this Action if it were not settled at this time.  The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court,

13

administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

26.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

27.    Pending further order of the Court, all litigation activity and events involving economic loss claims against any and all defendants arising from the sale of IC ROS Irbesartan, including the Aurobindo Defendants, except those contemplated by this Order or in the Settlement Agreement, are hereby STAYED.

**IT IS SO ORDERED on this 2nd day of February, 2026.**

_____
HONORABLE RENÉE M. BUMB
UNITED STATES DISTRICT JUDGE