

ONE OXFORD CENTRE
301 GRANT STREET
38TH FLOOR
PITTSBURGH, PA 15219
(412) 263-2000    FAX: (412) 263-2001
WWW.PIETRAGALLO.COM

DIRECT DIAL NO.: (412) 263-4397
DIRECT FAX DIAL NO.: (412) 263-4258
FILE NO.: MYLAN-112578
E-MAIL:  FHS@PIETRAGALLO.COM

February 4, 2026

**Via ECF**

The Hon. Renée Marie Bumb                 Special Master the Hon. Thomas Vanaskie
United States District Court Judge        Stevens & Lee
District of New Jersey                    1500 Market Street, East Tower, 18th Floor
Mitchell H. Cohen Building & U.S. Courthouse  Philadelphia, PA 19103
4th & Cooper Streets, Room 1050
Camden, NJ 08101

      Re:    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
            USDC, District of New Jersey, No. 1:19-md-2875-RMB

Dear Judge Bumb and Judge Vanaskie:

I write on behalf of the Defendants' Executive Committee to provide Defendants' positions with respect to the topics on the agenda for the conference with the Court on Friday, February 6, 2025.

## 1. PROPOSED DISMISSAL OF THE *GARCIA* BELLWETHER CASE

On February 3, 2026, counsel for the Plaintiff in *Garcia v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.*, Case No. 1:20-cv-07957, emailed counsel for the Wave Two Defendants to report that Mr. Garcia intends to dismiss his claims because he is ill with Parkinson's disease. Defendants are sorry to hear that Mr. Garcia is unwell. That said, Defendants are concerned that this will be the ***third of four*** Wave Two bellwether cases Plaintiffs are seeking to dismiss (all of them after substantial discovery practice), leaving only one remaining trial candidate and raising concerns about strategic manipulation of the bellwether process.

PENNSYLVANIA           NEW JERSEY           WEST VIRGINIA

Page 2

In early 2025, four bellwether cases were chosen as Wave Two bellwether trial candidates: *Smalls*, *Lee*, *Garcia*, and *Suits*. On July 23, 2025, after the parties completed fact witness depositions in all four cases, counsel for the Plaintiff in the *Smalls* action asked ZHP, the only defendant, to stipulate to the dismissal of the case. *Smalls* was selected as a bellwether candidate by Plaintiffs and involved claims that Ms. Smalls developed a gastrointestinal stromal tumor as a result of taking valsartan. ZHP agreed to stipulate to dismissal of that action.

On September 24, 2025, approximately one month before Plaintiffs' Wave Two expert reports were due, Plaintiffs' counsel in *Lee* sent the Wave Two Defendants a proposed stipulation of dismissal of that case, which had also been selected as a bellwether candidate by the Plaintiffs and involved claims that Mr. Lee developed pancreatic and/or colorectal cancer as a result of using valsartan. At the September 26, 2025 Case Management Conference, counsel for the Wave Two Defendants informed the Court that they did not object to dismissal of the *Lee* action – and agreed to move forward with the two remaining Wave Two bellwether cases – but had concerns about Plaintiffs' potential manipulation of the Wave Two bellwether trial pool by unilaterally dismissing claims. (*See* 9/26/25 Tr. 19:12-20:22 (ECF 3189).) The Wave Two Defendants also noted that Plaintiffs' unilateral dismissal of bellwether cases deprives Defendants of the opportunity to obtain a summary judgment ruling as to claims involving particular types of cancer that may apply to other similar cases and allow the Court to move this litigation forward. (*Id*.) The Court noted at the hearing that, if Defendants had filed answers in the *Lee* action, Plaintiffs would not have been able to unilaterally dismiss the case under Fed. R. Civ. P. 41. (*Id*. 21:16-22.)

Following the dismissal of *Lee*, Plaintiffs submitted expert reports in the *Garcia* and *Suits* actions (including two expert reports in *Garcia*) and the Wave Two Defendants spent significant

PENNSYLVANIA                    NEW JERSEY                    WEST VIRGINIA

Page 3

time and resources preparing and submitting responsive expert reports (including three expert reports in *Garcia*).  Defendants also spent significant time and resources preparing for and taking the deposition of Dr. John Russo (disclosed by Plaintiffs in both *Garcia* and *Suits*), as well as preparing for and completing the vast majority of the deposition of Dr. Irene Rossmer, Plaintiff's specific causation expert in *Garcia.*  Dr. Rossmer asked to pause her January 8, 2026 deposition after six hours on the record and (prior to Plaintiff's request for dismissal) the deposition had been scheduled to conclude on February 5, 2026.  Both of the Wave Two Defendants have submitted answers in *Garcia*.

The Wave Two Defendants do not object to the dismissal of *Garcia*, the only Wave Two candidate selected by Defendants, as they believe that the case is meritless. And, in the interest of moving this litigation forward, the Wave Two Defendants are also prepared to proceed with the one remaining Wave Two bellwether action, *Suits*, which was picked by the Plaintiffs as a bellwether candidate and involves colorectal cancer claims. The Wave Two Defendants are confident that the Court will be able to resolve this case – and potentially reach rulings applicable to other colorectal cancer cases – at the Rule 702 stage given the lack of epidemiological evidence supporting the theory that the use of recalled valsartan is associated with an increased risk of colorectal cancer. However, the Wave Two Defendants wish to discuss with the Court their continued, significant concerns about Plaintiffs' dismissal of yet another bellwether case after the conclusion of burdensome discovery (including extensive and costly expert discovery). Plaintiffs' dismissal requests have effectively narrowed the Wave Two trial pool to a single case of their own choosing, which undermines the purpose of the bellwether process and effectively precludes the Court from evaluating the merits of claims related to certain types of cancers. The Wave Two

PENNSYLVANIA                    NEW JERSEY                    WEST VIRGINIA

Page 4

Defendants would like to discuss potential mechanisms for discouraging such dismissals moving forward, including by granting costs and/or expert fees in *Garcia* and other late-dismissed bellwether cases or allowing Defendants to select the Wave Three bellwether cases.

## 2.  ZHP CERTIFICATE OF ANALYSIS INVESTIGATION REPORT

On January 23, 2026, ZHP submitted under seal its final report on its investigation of the issues related to the certificates of analysis.  Plaintiffs' counsel were provided a redacted version of the report as well as copies of non-privileged exhibits.

As that report explains, after a thorough and broad investigation, ZHP's counsel did not identify any communications or other documents that explain with any certainty why the documents at issue were not produced five years ago. ZHP's counsel also did not find any evidence that ZHP or its former counsel acted in bad faith during the discovery process.

At the Court's convenience, ZHP is available to discuss its final report, any questions the Court may have, and ways to bring this issue to a resolution.

## 3.  CMO-38 PRODUCT IDENTIFICATION DEFICIENCIES AND ORDERS TO SHOW CAUSE

**Cases Addressed at January 9, 2026 Case Management Conference:**

The Court issued two show cause orders returnable at the February 6, 2026 Case Management Conference:

| Plaintiff | Docket | Attorney | Deficiency | Entity(ies) to be Dismissed | Prior Dismissal Request(s) |
|---|---|---|---|---|---|

PENNSYLVANIA          NEW JERSEY          WEST VIRGINIA

Page 5

| | Plaintiff | Docket | Attorney | Deficiency | Entity(ies) to be Dismissed | Prior Dismissal Request(s) |
|---|---|---|---|---|---|---|
| 1. | Marlene Newbern | 21-cv-02461 | Mikal Watts | No Torrent Product | Torrent Private Limited and Torrent Pharmaceuticals, Ltd. | 9/24/25; 11/3/25 (Torrent) |
| 2. | Mary Hunsberger | 25-cv-3338 | Stark & Stark | No Aurobindo product | Aurobindo Pharma Ltd. | 10/15/25 (Aurobindo) |

The issues in both matters remain, but the parties have agreed to continue the orders to show cause in these matters until the next case management conference.

**Second Listing Cases – Order to Show Cause Requested:**

The following product identification issues remain unresolved. This list was provided to Plaintiffs' leadership on February 2, 2026. Defendants have also been available for further discussion as needed. This is the second time these cases have been listed on this agenda. Accordingly, the Requesting Manufacturer Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why the listed entities should not be dismissed from these cases.

| | Plaintiff | Docket | Attorney | Deficiency | Entity(ies) to be Dismissed | Prior Dismissal Request(s) |
|---|---|---|---|---|---|---|
| 1. | Rachel Garcia | 21-cv-08098 | Nachawati Law Group | No Torrent Product | Torrent Private Limited, Torrent Pharma, Inc., and Torrent Pharmaceuticals, Ltd. | 12/10/25 (Torrent) |
| 2. | Flora Pina | 21-cv-08045 | Nachawati Law Group | No NDC codes | Torrent Private Limited, Torrent | 12/8/25 (Torrent) |

Page 6

| | | | | | |
|---|---|---|---|---|---|
| | | | | Pharma, Inc., and Torrent Pharmaceuticals, Ltd. | |
| 3.  Michael Maeweathers | 21-cv-09937 | Nigh Goldenberg | No NDC codes | Torrent Private Limited, Torrent Pharma, Inc., and Torrent Pharmaceuticals, Ltd. | 12/10/25 (Torrent) |
| 4.  Teresa Esrig | 22-cv-00244 | Rios Law Firm | No Torrent Product | Torrent Private Limited, Torrent Pharma, Inc., and Torrent Pharmaceuticals, Ltd. | 9/12/25; 10/14/25; 12/8/25 (Torrent) |
| 5.  Darlene Holden | | Nigh Goldenberg | No Aurobindo Product | Aurobindo Pharma, Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma, LLC | 12/02/2025 (Aurobindo) |
| 6.  Lawrence Kraszewski | | Nigh Goldenberg | The only Aurobindo product identified post-dates the recall and is thus not subject to this litigation. | Aurobindo Pharma, Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma, LLC | 12/08/2025 (Aurobindo) |

## 4.  PLAINTIFFS FACT SHEET DEFICIENCIES AND ORDERS TO SHOW CAUSE

| PENNSYLVANIA | NEW JERSEY | WEST VIRGINIA |
|---|---|---|

Page 7

**Cases Addressed at the January 9, 2026 Case Management Conference:**

The Court issued four show cause orders returnable at the February 6, 2026 Case Management Conference:

1. *Teresa Esrig v. Torrent, et al.* – 22-cv-244
2. *Carol Ellis v. Aurobindo, et al.* – 25-cv-1839
3. *Larry Newton Stewart v. Aurobindo, et al.* – 25-cv-11124
4. *Curtis Davis v. Prinston, et al.* – 25-cv-3309

The issues in the *Ellis, Newton*, and *Davis* matters remain unresolved, but the parties agree to an extension of the show cause orders until the next case management conference.

The issues in the *Esrig* case remain and Defendants request dismissal of this matter.

**Second Listing Cases – Order to Show Cause Requested:**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these cases were previously listed on the agenda for a prior CMC. This list was provided to Plaintiffs' leadership on February 2, 2026. Defendants have also been available for further discussion as needed. Accordingly, Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why these cases should not be dismissed.

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | Joseph Butler | 25-cv-14547 | Nigh Goldenberg | Missing estate information and records that are allegedly possessed via the document demands section<br><br>Failed to complete portions of the PFS | 11/18/2025 |

PENNSYLVANIA          NEW JERSEY          WEST VIRGINIA

Page 8

| | | | | | |
|---|---|---|---|---|---|
| 2. | James Barnette | 25-cv-16332 | Nigh Goldenberg | No PFS Filed | PFS Due – 12/6/25 |

**First Listing Cases – Remaining Core Deficiencies:**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these cases were previously listed on the agenda for a prior CMC. This list was provided to Plaintiffs' leadership on February 2, 2026. Defendants have also been available for further discussion as needed. Accordingly, Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why these cases should not be dismissed.

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 1. | James Fredericks | 25-cv-18044 | Nigh Goldenberg | No PFS Filed | PFS Due – 1/30/26 |
| 2. | Steven Glau | 25-cv-17972 | Nigh Goldenberg | No PFS Filed | PFS Due – 1/24/26 |
| 3. | Stephen Hnatew | 25-cv-18057 | Nigh Goldenberg | No PFS Filed | PFS Due – 1/30/26 |

PENNSYLVANIA          NEW JERSEY          WEST VIRGINIA

Page 9

| 4. | Larry Horn | 25-cv-18061 | Nigh Goldenberg | No PFS Filed | PFS Due – 1/30/26 |
|---|---|---|---|---|---|
| 5. | Patricia Moore | 25-cv-17956 | Levin Papantonio | No PFS Filed | PFS Due – 1/24/26 |
| 6. | Craig Nash | 25-cv-18040 | Nigh Goldenberg | No PFS Filed | PFS Due – 1/30/26 |
| 7. | Hillary Okafor | 25-cv-17569 | Morgan & Morgan | No PFS Filed | PFS Due – 1/13/26 |
| 8. | John Panos | 25-cv-17773 | Nigh Goldenberg | No PFS Filed | PFS Due – 1/19/26 |
| 9. | Brian Schuman | 25-cv-17809 | Nigh Goldenberg | No PFS Filed | PFS Due – 1/20/26 |
| 10. | Ray Wilkes | 25-cv-17675 | Nigh Goldenberg | No PFS Filed | PFS Due – 1/17/26 |

Respectfully submitted,

Clem C. Trischler

c:    All counsel of record (via ECF)