# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°
Cory J. Rothbort*°

———————

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson
Carissa M. Thompson

———————

°Member of N.J. & N.Y. Bars

February 4, 2026

*__VIA ECF__*

Honorable Renée Marie Bumb
United States District Court
Mitchell H. Cohen Building and
 U.S. Courthouse
Courtroom 3D
4th and Cooper Streets
Camden, New Jersey  0810

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower,
 Suite 1800
Philadelphia, Pennsylvania 19103

Re:   ***In re Valsartan, Losartan, and Irbesartan Liability Litigation***,
   **Case No. 1:19-md-02875 (D.N.J.)**

Dear Chief Judge Bumb and Judge Vanaskie:

Please accept this letter on behalf of the Plaintiffs in advance of the February 6, 2026 case management conference.

## 1. ZHP Certificate of Analysis Investigation Report.

ZHP informed Plaintiffs that it intends to raise "next steps" regarding its letter to the Court, and Plaintiffs assume that ZHP intends to ask the Court to avoid the

Honorable Renée Marie Bumb, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
February 4, 2026
Page 2

necessary scrutiny of the important legal issues raised by ZHP's attempt to defend its admitted spoliation of evidence and its one-sided explanations to the Court.

On January 23, 2026, ZHP filed an extensive letter with nine exhibits attempting to explain its failure to produce the certificates of analysis and inspection reports in accordance with the Court's December 23, 2019 Order (ECF 328) and then its destruction of years' worth of the earliest and most relevant examples of those documents in violation of the Court's February 25, 2019 Preservation Oder (ECF 5). (ECF 3236), and the litigation hold. Plaintiffs could not review any of this submission because ZHP filed it under seal. Three days later, ZHP filed a heavily redacted version of the letter that Plaintiffs could review, thus Plaintiffs have limited information, however certain important information has come to light. (ECF 3237). Moreover, this letter is a unilateral, one-sided rendition, submitted without the necessary fully informed counterpoint from Plaintiffs – which Plaintiffs are not yet in a position to provide.

From Plaintiffs limited review of ZHP's letter in its current heavily redacted form, we now know that ZHP has acknowledged that it WAS on notice of the need to collect and produce the COA's for the solvents including DMF.  As stated, "One FTI manager who is based in China and was present for onsite collections, Frances Chen, does recall working with ZHP's Director of the Quality Control Department,

Honorable Renée Marie Bumb, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
February 4, 2026
Page 3

Qiangming Li, to determine the location of COAs for solvents and catalysts." (*Id.* at 4). Thus, ZHP admits that its investigation shows that ZHP and its discovery vendor knew the COAs and inspection reports were required to be collected and produced. However, ZHP claims that Mr. Li, who is a custodian and designated corporate representative of ZHP, does not recall any details: "Mr. Li does not recall any specific conversations regarding the collection of COAs for DMF in 2020 or 2021." (*Id.*).

ZHP further sidesteps the merits at the heart of this issue: "These documents do not explain why the DMF COAs were not produced in 2020."[1] (*Id.* at 9).  Thus, ZHP has failed to determine – or failed to admit – why ZHP violated the foundational orders at issue.  ZHP's failure to provide an explanation for its admitted spoliation of critical evidence in this case shows that its investigation was inadequate to establish its "good faith" in spoliating the documents at issue in violation of numerous Court Orders.  In fact, in light of the acknowledgment that ZHP knew that

---

[1] The Court's Preservation Order required ZHP to preserve these documents beginning in February 2019, and its general obligation to preserve evidence in light of the likelihood of litigation commenced in May or June 2018 and perhaps as early as July 2017 or before, given Jinsheng Lin's strongly worded July 27, 2017 email that the Court is fully aware of at this point. Its obligations not to destroy those documents continued up and to that destruction. ZHP's investigation should have covered this entire period of time, not the limited years specifically described throughout its letter.

Honorable Renée Marie Bumb, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
February 4, 2026
Page 4

the COA's for the solvents were required to be produced, the lack of recall and polite excuses given by ZHP at the hearing are severely undercut.

In terms of process, Judge Vanaskie is currently deciding ZHP's motion to seal portions of its September 16, 2025 report to the Court on this investigation. (ECF 3816, 3195, 3231). This includes the important issue of whether ZHP waived the attorney-client and work product privileges when it explicitly and voluntarily testified at the September 2025 hearing that its attorneys were heavily relied on to guide ZHP, were in charge of and instructed ZHP on the document production process, and that there was a miscommunication that resulted in ZHP not understanding its obligations under the Court Orders at issue. (ECF 3195; *see also* 9/9/2025 Tr. 204:16-20 (**Judge Bumb stating: "Is the privilege waived? I don't know. I have to think about that, because you can't use the privilege as a sword and a shield. I have to think about that. And you folks should have to think about that."** (emphasis added)).

ZHP has already requested and obtained an extension to file its motion to seal the January 23, 2026 letter until two weeks after the decision on the motion to seal the September 16, 2025 letter, in order to allow the Parties to meet and confer in light of that decision before additional motion practice on the same legal issues ensues. (ECF 3244).

Honorable Renée Marie Bumb, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
February 4, 2026
Page 5

Plaintiffs believe the same approach should apply to any substantive evaluation of the letter by the Court. If Plaintiffs are correct that ZHP has waived the privileges, then Plaintiffs should be afforded the opportunity to review those letters and all cited or referenced exhibits in full and then present its assessment and approach to the Court.

It is unclear why ZHP continues to seek to leapfrog and avoid the steps in the process that will allow a considered evaluation and approach. During the most recent hearing, ZHP again asked Judge Vanaskie to step aside, despite that fact that the Court referred ZHP's investigation to Judge Vanaskie for his evaluation. (9/26/2025 Tr. 11:11-12 (Judge Bumb: **"If the two of you can't work it out, then Judge Vanaskie will be the final arbiter, okay?"** (emphasis added)).

It is submitted that the consideration of these issues, including the clear waiver of the privilege by ZHP and the consequences thereof, should proceed in the deliberate, orderly manner currently in motion.

## 2. Voluntary Dismissal of *Garcia*.

On Monday, February 2, 2026, Mr. Garcia advised his counsel that he does not want to proceed with his case. Mr. Garcia is bedridden and suffering from late stage Parkinson's Disease, and has no spouse or children. This is a difficult situation, and Mr. Garcia has fought as far as he can, but now he has no more will to proceed

Honorable Renée Marie Bumb, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
February 4, 2026
Page 6

with this case, which is understandable.    Plaintiff's counsel informed defense

counsel the following day that Mr. Garcia intends to dismiss his case.

### 3. Amended Wave 2 Schedule.

The Parties have had to schedule some expert depositions after the currently

ordered February 6, 2026 deadline. All of these depositions are scheduled to occur

before March 1, 2026. As a result, Plaintiffs propose the following amended

schedule:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline for completion of expert depositions | 2/6/26 | 3/1/26 |
| Deadline to file 702 motions | 2/26/26 | 3/20/26 |
| Deadline to file oppositions to Rule 702 motions | 3/26/26 | 4/20/26 |
| Deadline to file replies in further support of Rule 702 motions | 4/9/26 | 5/4/26 |

Plaintiffs will be prepared to discuss this issue further with the Court during the

conference.

Honorable Renée Marie Bumb, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
February 4, 2026
Page 7

**4. PFS / Product ID deficiencies.**

Plaintiffs will be prepared to discuss this topic at the hearing.

Respectfully,

ADAM M. SLATER

Cc: All counsel of record (via ECF)