# KIRKLAND & ELLIS LLP

601 Lexington Avenue
New York, NY 10022
United States

Jessica Davidson, P.C.
To Call Writer Directly:
+1 212 446 4723
jessica.davidson@kirkland.com

+1 212 446 4800

Facsimile:
+1 212 446 4900

www.kirkland.com

March 4, 2026

**VIA ECF**

Honorable Renée Marie Bumb
United States District Court
Mitchell H. Cohen Building and
U.S. Courthouse
Courtroom 3D
4th and Cooper Streets
Camden, New Jersey 0810

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower,
Suite 1800
Philadelphia, Pennsylvania 19103

Re:  *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
No. 1:19-md-2875-RMB (D.N.J.)

Dear Judge Bumb and Judge Vanaskie:

This letter provides Defendants' proposed agenda for the March 6, 2026 Case Management Conference.

## I.    WAVE THREE BELLWETHER PROCESS

On February 17, 2026, the parties submitted their respective letters setting forth their proposals for the Wave Three bellwether process. (*See* Defs.' Ltr. to Court re Wave Three Bellwether Proposal (Exhibit A); Pls.' Ltr. to Court re Wave Three Bellwether Proposal (Exhibit B).) At the request of the Court (*see* 2/18/2026 Email from Hon. Thomas I. Vanaskie to Counsel (Exhibit C)), the parties also submitted letters on February 27, 2026, in which each party identified the aspects of the Wave Three bellwether process as to which the parties agree, as well as the issues that remain in dispute. (*See* Defs.' Ltr. to Court re Response to Pls.' Wave Three Bellwether Proposal (Exhibit D); Pls.' Ltr. to Court re Response to Defs.' Wave Three

Austin Bay Area Beijing Boston Brussels Chicago Dallas Frankfurt Hong Kong Houston London Los Angeles Miami Munich Paris Philadelphia Riyadh Salt Lake City Shanghai Washington, D.C.

## KIRKLAND & ELLIS LLP

Honorable Renée Marie Bumb
Honorable Thomas I. Vanaskie (Ret.)
March 4, 2026
Page 2

Bellwether Proposal (Exhibit E).) Defendants will be prepared to address these issues at the

March 6 CMC.

## II.    ADDITIONAL CASE MANAGEMENT ORDERS IN PERSONAL INJURY CASES

Defendants submit that the establishment of the Wave Three bellwether process outlined

in Defendants' February 17 and February 27 letters to the Court should be the main priority in

moving forward the personal injury cases pending in the MDL proceeding. Once that process is

established and Wave Three bellwether candidates are selected, however, the Court should also

require Plaintiffs to certify certain basic information as to the entire docket of personal injury

cases.

Specifically, Defendants ask that the Court issue an order providing that, within 60 days

after the Wave Three bellwether candidates are chosen by Judge Vanaskie via random selection,

Plaintiff's counsel in each personal injury case must submit the form attached hereto as

Attachment 1, which identifies:

- Whether the Plaintiff is alive or deceased;[1]

- If the Plaintiff is deceased, the date of death and the identity of the estate representative with authority to assert claims on behalf of the estate;

- The lawyer or law firm that currently represents the Plaintiff;

---

[1] The likelihood that personal injury Plaintiffs have passed away since filing their claims, without counsel providing timely notice to Defendants and the Court pursuant to Rule 25, has been demonstrated by the Wave Two bellwether pool cases *Suits* and *Dufrene*. On January 17, 2025, Plaintiffs' counsel submitted a letter to the Court purporting to address the *Lexecon* positions of Plaintiffs James Suits and Lana Dufrene. (*See* Pls.' Ltr. to Court re Lexecon Decisions (Exhibit F).) However, **both plaintiffs had died more than two years prior**, as demonstrated by the Suggestions of Death filed **after** Plaintiffs submitted their *Lexecon* letter. (*See* Dkt. 15, Case No. 1:20-cv-06547 (indicating James Suits died on May 22, 2021); Dkt. 11, Case No. 1:19-cv-15633 (indicating Lana Dufrene died on July 8, 2022).)

## KIRKLAND & ELLIS LLP

Honorable Renée Marie Bumb
Honorable Thomas I. Vanaskie (Ret.)
March 4, 2026
Page 3

- The type of cancer alleged by the Plaintiff; and

- Whether the Plaintiff intends to proceed with his/her claims.

Plaintiffs who fail to comply should be subject to a show-cause deficiency process similar to the process already in place for Plaintiff Fact Sheet deficiencies.

As demonstrated by the voluntary dismissals of all four of the Wave Two bellwether cases, circumstances have changed in the years since valsartan cases were initially filed; Plaintiffs have passed away, counsel have changed, and some Plaintiffs may no longer wish to proceed with their claims given their current health or other personal circumstances. Requiring Plaintiffs' counsel to confirm basic facts about the personal injury cases pending in the MDL will help to ensure that future waves of bellwether cases (beyond Wave Three) will be limited to facially viable cases, and will also provide an accurate inventory necessary for any future settlements.

Although Plaintiffs' leadership opposes this certification process—and indeed, have now twice refused to meet and confer with Defendants about this request—their arguments lack merit. Plaintiffs have characterized Defendants' personal injury certification proposal as "a massive, inefficient administrative burden on counsel that provides no benefit to the bellwether selection process or case management objectives." (Exhibit B at 6.) But ample precedent supports such an order, particularly given the long pendency of this MDL proceeding, and there is no evidence complying with it would pose an undue burden to Plaintiffs or their counsel.

## KIRKLAND & ELLIS LLP

Honorable Renée Marie Bumb
Honorable Thomas I. Vanaskie (Ret.)
March 4, 2026
Page 4

*First*, both the Court and the parties have a significant interest in confirming that the remaining personal injury Plaintiffs still intend to pursue their claims. At the February 6, 2026 case management conference ("February 6 CMC"), in response to Plaintiffs' announcement that they intended to voluntarily dismiss the final two Wave Two bellwether cases after extensive fact and expert work-up, Judge Bumb expressed concern that Plaintiffs' counsel: (1) had "a client" in the *Garcia* case "who no longer wishes to proceed with the litigation and [they] just learned that after [they] sat down and met with him"; and (2) "didn't have a specific-causation expert" to testify that the Plaintiff in the *Suits* case developed cancer as a result of using recalled valsartan. (February 6 CMC Tr. 14:12-18 (Dkt. 3251).) As a result, Judge Bumb directed the parties to **"[c]ome up with a plan so this never happens again**." *Id.* 15:23-24 (emphasis added); *see also id.* 15:7-12 (Judge Bumb explaining that "the plaintiff['s decision] that he or she does not wish to pursue his case … is a decision that has to be made early on, has to be made consistently, every month or so"). While Defendants have proposed a plan that addresses these concerns with respect to the forthcoming Wave Three bellwether cases specifically, the same concerns apply more broadly across all personal injury claims in the MDL given the advanced stage of the litigation. Thus, requiring all personal injury Plaintiffs to confirm basic facts about their claims would serve the interests of judicial economy and preservation of both the Court's and the parties' resources.[2]

---

[2] Further, confirming whether a Plaintiff is alive and wishes to continue litigating is a minimal requirement squarely within the Court's docket management authority. *See, e.g., In re Paraquat Prods. Liab. Litig.*, MDL No. 3004, slip op. (S.D. Ill. May 15, 2023) (ordering plaintiffs' counsel to certify within 30 days for each plaintiff that (1) plaintiff is still living and in contact with counsel or (2) the date of death and status of contact with an estate representative,

# KIRKLAND & ELLIS LLP

Honorable Renée Marie Bumb
Honorable Thomas I. Vanaskie (Ret.)
March 4, 2026
Page 5

*Second*, requiring Plaintiffs' counsel to complete Defendants' proposed form certification would not be unduly burdensome. According to Defendants' proposal, each Plaintiff would have *two months* from the selection of the Wave Three bellwether cases to complete a simple form certification that merely requires readily available information. If Plaintiffs' counsel are unable to obtain such basic claim information from their clients after approximately seven years of litigation, those clients' claims should not continue to burden the Court's docket.[3]

For all of these reasons, Defendants ask that the Court adopt minimal certification requirements as to all pending personal injury cases, to take effect after the Wave Three bellwether cases are certified and chosen.

## III.    PLAINTIFF FACT SHEET DEFICIENCIES AND ORDERS TO SHOW CAUSE

### Cases Addressed at the February 6, 2026 Case Management Conference:

The Court issued four show cause orders returnable at the March 6, 2026, Case Management Conference:

1.  Carol Ellis v. Aurobindo, et al. – 25-cv-1839
2.  Larry Newton Stewart v. Aurobindo, et al. – 25-cv-11124
3.  Curtis Davis v. Prinston, et al. – 25-cv-3309
4.  Joseph Butler v. Amerisource Bergen, et al. – 25-cv-14547

The issues in the *Davis* matter are resolved and the order to show cause is withdrawn.

---

with failure to comply resulting in dismissal with prejudice) (Exhibit G); *In re Depo-Provera (Depot Medroxyprogesterone Acetate) Prods. Liab. Litig.*, MDL No. 3140, slip op. (N.D. Fla. May 12, 2025) (requiring complaints be amended to identify the specific requisite physical injury or face dismissal under a show-cause process) (Exhibit H).

[3] Defendants believe it would also be appropriate to require production of specific causation declarations from qualified experts for every remaining plaintiff in the MDL. At this time, however, Defendants are only requesting a more limited inquiry.

## KIRKLAND & ELLIS LLP

Honorable Renée Marie Bumb
Honorable Thomas I. Vanaskie (Ret.)
March 4, 2026
Page 6

The *Stewart* matter has been voluntarily dismissed with prejudice, and the show cause order is withdrawn as moot.

The issues in the *Butler* matter remain unresolved, but the parties agree to an extension of the show cause order until the next case management conference.

The issues in the *Ellis* matter remain and Defendants request its dismissal.

**Second Listing Cases – Order to Show Cause Requested:**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these cases was previously listed on the agenda for a prior CMC. This list was provided to Plaintiffs' leadership on February 24, 2026, and a meet and confer was held on March 2, 2026. Defendants have also been available for further discussion as needed. Accordingly, Defendants request that an Order to Show Cause be entered in each of these cases, returnable at the next case management conference, as to why these cases should not be dismissed.

|    | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|----|-----------|------------------|----------|--------------|-----------------|
| 1. | Stephen Hnatew | 25-cv-18057 | Nigh Goldenberg | No PFS Filed | PFS Due – 1/30/26 |
| 2. | Larry Horn | 25-cv-18061 | Nigh Goldenberg | No PFS Filed | PFS Due – 1/30/26 |
| 3. | Craig Nash | 25-cv-18040 | Nigh Goldenberg | No PFS Filed | PFS Due – 1/30/26 |
| 4. | Brian Schuman | 25-cv-17809 | Nigh Goldenberg | No PFS Filed | PFS Due – 1/20/26 |
| 5. | Ray Wilkes | 25-cv-17675 | Nigh Goldenberg | No PFS Filed | PFS Due – 1/17/26 |

**First Listing Cases – Remaining Core Deficiencies:**

Pursuant to CMO-16, the Plaintiff Fact Sheets in the below cases are substantially incomplete and contain core deficiencies. Each of these cases was previously listed on the

## KIRKLAND & ELLIS LLP

Honorable Renée Marie Bumb
Honorable Thomas I. Vanaskie (Ret.)
March 4, 2026
Page 7

agenda for a prior CMC. This list was provided to Plaintiffs' leadership on February 24, 2026,

and a meet and confer was held on March 2, 2026. Defendants have also been available for

further discussion as needed. This is the first time these cases have been listed on this agenda.

Accordingly, Defendants are not requesting orders to show cause with respect to any of the

below cases at this time and will continue to meet and confer to resolve these deficiencies.

|   | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|-----------|-----------------|----------|--------------|-----------------|
| 1. | Jack Lang | 25-cv-17533 | Nigh Goldenberg | Authorizations must be undated. | 2/24/26 |
| 2. | Martin Gojcaj | 25 -CV- 19122 | Peiffer Wolf Carr Kane Conway & Wise | Declaration is unsigned<br><br>Authorizations must be undated | 2/16/26 |
| 3. | James Barnette | 25-cv-16332 | Nigh Goldenberg | Health care authorizations missing printed name.<br><br>Cancer diagnosis unclear from submitted records. | 2/24/26 |
| 4. | Thomas Meehan | 25-cv-17962 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/1/26 |
| 5. | Lester Medearis | 25-cv-17959 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/1/26 |
| 6. | Allen Gouse | 25-cv-17942 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/1/26 |
| 7. | Paul Lawrence | 25-cv-18080 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/3/26 |

## KIRKLAND & ELLIS LLP

Honorable Renée Marie Bumb
Honorable Thomas I. Vanaskie (Ret.)
March 4, 2026
Page 8

| | Plaintiff | Civil Action No. | Law Firm | Deficiencies | Deficiency Sent |
|---|---|---|---|---|---|
| 8. | Louis Stanton | 25-cv-18068 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/3/26 |
| 9. | James Lynam | 25-cv-18039 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/3/26 |
| 10. | James Bright | 25-cv-18059 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/3/26 |
| 11. | Willard Bohn | 25-cv-18046 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/3/26 |
| 12. | Timothy Zimmerman | 25-cv-18045 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/3/26 |
| 13. | Marcia Myers | 25-cv-18267 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/10/26 |
| 14. | Alan Ropke | 25-cv-18474 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/11/26 |
| 15. | Ricky Ellis | 25-cv-18634 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/16/26 |
| 16. | Leah Wesley | 25-cv-18707 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/18/26 |
| 17. | Andrea Thomas | 25-cv-18764 | Nigh Goldenberg | No PFS Filed | PFS Due – 2/18/26 |
| 18. | Kenny Ladd | 23-cv-1620 | Antin, Ehrlich & Epstein | No PFS Filed/No SFC filed. | PFS Due – 5/24/23 |
| 19 | April Williams | 25-cv-11843 | Latasha Green-Cobb | No PFS Filed/No SFC filed. | PFS Due – 8/16/25 |

## IV.    PRODUCT IDENTIFICATION DEFICIENCIES AND ORDERS TO SHOW CAUSE

**Cases Addressed at the February 6, 2026 Case Management Conference:**

The Court issued eight show cause orders returnable at the March 6, 2026 Case Management Conference:

## KIRKLAND & ELLIS LLP

Honorable Renée Marie Bumb
Honorable Thomas I. Vanaskie (Ret.)
March 4, 2026
Page 9

| Plaintiff | Docket | Attorney | Deficiency | Entity(ies) to be Dismissed | Prior Dismissal Request(s) |
|---|---|---|---|---|---|
| 1. Marlene Newbern | 21-cv-02461 | Mikal Watts | No Torrent Product | Torrent Private Limited and Torrent Pharmaceuticals, Ltd. | 9/24/25; 11/3/25 |
| 2. Mary Hunsberger | 25-cv-3338 | Stark & Stark | No Aurobindo product | Aurobindo Pharma Ltd. | 10/15/25 |
| 3. Rachel Garcia | 21-cv-08098 | Nachawati Law Group | No Torrent Product | Torrent Private Limited, Torrent Pharma, Inc., and Torrent Pharmaceuticals, Ltd. | 12/10/25 |
| 4. Flora Pina | 21-cv-08045 | Nachawati Law Group | No NDC codes | Torrent Private Limited, Torrent Pharma, Inc., and Torrent Pharmaceuticals, Ltd. | 12/8/25 |
| 5. Michael Maeweathers | 21-cv-09937 | Nigh Goldenberg | No NDC codes | Torrent Private Limited, Torrent Pharma, Inc., and Torrent Pharmaceuticals, Ltd. | 12/10/25 |
| 6. Teresa Esrig | 22-cv-00244 | Rios Law Firm | No Torrent Product | Torrent Private Limited, Torrent Pharma, Inc., and Torrent Pharmaceuticals, Ltd. | 9/12/25; 10/14/25; 12/8/25 (Torrent) |

## KIRKLAND & ELLIS LLP

Honorable Renée Marie Bumb
Honorable Thomas I. Vanaskie (Ret.)
March 4, 2026
Page 10

| Plaintiff | Docket | Attorney | Deficiency | Entity(ies) to be Dismissed | Prior Dismissal Request(s) |
|---|---|---|---|---|---|
| 7. Darlene Holden | 25-cv-15119 | Nigh Goldenberg | No Aurobindo Product | Aurobindo Pharma, Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma, LLC | 12/02/2025 (Aurobindo)<br><br>Amended PFS removes Aurobindo, but Aurobindo entities (Aurobindo Pharma, Ltd., Aurolife Pharma LLC, Aurobindo Pharma USA, Inc.) need to be dismissed <u>or</u> an amended SFC needs to be filed removing the Aurobindo entities. |
| 8. Lawrence Kraszewski | 25-cv-16104 | Nigh Goldenberg | The only Aurobindo product identified post-dates the recall and is thus not subject to this litigation. | Aurobindo Pharma, Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma, LLC | 12/08/2025 (Aurobindo) |

The *Esrig* and *Holden* matters have been voluntarily dismissed, and the show cause orders are withdrawn as moot.

## KIRKLAND & ELLIS LLP

Honorable Renée Marie Bumb
Honorable Thomas I. Vanaskie (Ret.)
March 4, 2026
Page 11

The issues in the *Newbern*, *Husnberger*, *Garcia*, *Pina*, *Maeweathers*, and *Kraszewski* matters remain, and the Requesting Manufacturer Defendants request that the listed entities be dismissed from these matters with prejudice.

**First Listing Cases – Order to Show Cause Requested:**

The following product identification issues remain unresolved. This list was provided to Plaintiffs' leadership on February 26, 2026, and a meet and confer was held on March 2, 2026. Defendants have also been available for further discussion as needed. This is the first time these cases have been listed on this agenda. Accordingly, Defendants are not requesting orders to show cause with respect to any of the below cases at this time and will continue to meet and confer to resolve these deficiencies.

| Plaintiff | Docket | Attorney | Deficiency | Entity(ies) to be Dismissed | Prior Dismissal Request(s) |
|---|---|---|---|---|---|
| 1. Boyko Achkov | 21-cv-10355 | Johnston, Sztykiel, & Hunt | No Mylan Product<br><br>No Aurobindo Product | Mylan Laboratories Ltd., Mylan N.V., and Mylan Pharmaceuticals Inc.<br><br>Aurobindo Pharma, Ltd.; Aurolife Pharma LLC | 1/12/26 |

## KIRKLAND & ELLIS LLP

Honorable Renée Marie Bumb
Honorable Thomas I. Vanaskie (Ret.)
March 4, 2026
Page 12

| Plaintiff | Docket | Attorney | Deficiency | Entity(ies) to be Dismissed | Prior Dismissal Request(s) |
|---|---|---|---|---|---|
| 2. Martin Gojcaj | 25-cv-19122 | Peiffer Wolf Carr | The only Mylan product identified post-dates the recall and is thus not subject to this litigation. No Teva product. | Mylan Laboratories Ltd. and Mylan Pharmaceuticals Inc. Teva Pharmaceuticals USA, Inc. | 1/27/26 (Mylan) 2/24/26 (Teva) |
| 3. James Barnette | 25-cv-16332 | Nigh Goldenberg | The only Mylan product identified post-dates the recall and is thus not subject to this litigation. | Mylan Laboratories Ltd., Mylan N.V., and Mylan Pharmaceuticals Inc. | 2/4/26 |
| 4. Patricia Moore | 25-cv-17956 | Levin Papantonio | The only Mylan product identified post-dates the recall and is thus not subject to this litigation. | Mylan Laboratories Ltd. Mylan N.V., and Mylan Pharmaceuticals Inc. | 2/12/26 |

# KIRKLAND & ELLIS LLP

Honorable Renée Marie Bumb
Honorable Thomas I. Vanaskie (Ret.)
March 4, 2026
Page 13

| Plaintiff | Docket | Attorney | Deficiency | Entity(ies) to be Dismissed | Prior Dismissal Request(s) |
|---|---|---|---|---|---|
| 5. Charles Keep | 22-cv-02461 | Ogborn Mihm LLP | No Mylan Product | Mylan Laboratories Ltd., Mylan N.V., and Mylan Pharmaceuticals Inc. | 2/13/26 |
| 6. Daniel Given | 21-cv-20286 | Serious Injury Law Group | No Torrent Product | Torrent Pharma, Inc., and Torrent Pharmaceuticals, Ltd. | 12/10/25 |
| 7. Robert Ellis | 25-cv-14602 | Nigh Goldenberg | The only Aurobindo product identified post-dates the recall and is thus not subject to this litigation. | Aurobindo Pharma, Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma, LLC | 1/21/26 |

Defendants will be prepared to address any other topics the Court may want to discuss at the CMC.

Sincerely,

*Jessica Davidson*

Jessica Davidson, P.C.