# Exhibit E

February 27, 2026

Honorable Thomas I. Vanaskie (Ret.)
Special Master, Stevens & Lee
1500 Market St., East Tower, Suite 1800
Philadelphia, Pennsylvania 19103

Re:    *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*
No. 1:19-md-2875-RMB (D.N.J.)

Dear Judge Vanaskie:

Pursuant to the Court's directive, Plaintiffs write to identify the matters on which the parties agree and the matters raised in Defendants' Wave Three bellwether proposal dated February 17, 2026, that require resolution by the Court.

## I.    MATTERS ON WHICH THE PARTIES AGREE

Despite the parties' different approaches to several key procedural questions, the parties have reached agreement on the following fundamental aspects of the Wave Three bellwether process:

### A.    Pool of Cases

The parties agree that the Wave Three bellwether pool should be selected from the overall pool of filed personal injury cases in which a Plaintiff Fact Sheet has been submitted, rather than from the previously selected (and now largely depleted) bellwether pool.

### B.    Colorectal Cancer Cases

The parties agree that the Wave Three pool should include colorectal cancer cases (including colon and rectal cancer). The Court has indicated that the next round of bellwether cases should involve colorectal cancer claims given the resources the parties have already invested in preparing to address the colorectal cancer claims in *Garcia* and *Suits*.

### C.    Exclusion of Mylan Defendants

The parties agree that cases involving Mylan defendants should be excluded from the Wave Three pool. As discussed in Plaintiffs' prior proposal, however, Plaintiffs note that this exclusion disproportionately removes cases with longer and higher cumulative NDMA exposure, and

Plaintiffs propose that a Wave Four pool be selected from cases involving Mylan products on a date to be determined.

### D.    Exclusion of Losartan and Irbesartan Claims

The parties agree that cases involving allegations related to losartan or irbesartan should be excluded from Wave Three, as fact discovery with respect to those claims has not been completed.

### E.    Lexecon Not an Impediment to Selection

*Lexecon* concerns should not prevent a case from being included in the Wave Three bellwether pool. The parties appear to agree on this point, though for different reasons. Plaintiffs' position is that the cases in the pool should not be artificially narrowed due to Lexecon concerns, since that is a routine bellwether factor in MDLs. Plaintiffs disagree with Defendants' assumption that all issues related to the cases, including Rule 702 and dispositive motions in cases subject to *Lexecon* transfer, should be determined by the MDL transferor Court.  However, the parties appear to agree that this issue can be addressed at a later date and should not limit the pool of eligible cases at this time.

### F.    Status Process

Both parties agree that there should be a process to address the viability of the selected cases at various stages of the Wave Three bellwether workup. However, as discussed below, the parties disagree on the timing and scope of the required confirmation of the status.

### G.    Fact and Expert Discovery

Both parties agree that fact discovery (including updated Plaintiff Fact Sheets, medical record discovery, and fact witness depositions) and expert discovery (including specific causation expert reports and depositions) should be conducted in the selected bellwether cases, followed by Rule 702/*Daubert* motion practice.

### H.    Exclusion of Hetero

The parties agree that cases involving Hetero defendants should also be excluded from the Wave Three pool due to the pending settlement of those Defendants' inventories of personal injury claims.

## II.    MATTERS REQUIRING RESOLUTION BY THE COURT

The following disputed matters share a common thread: the Court has made clear that the Wave Three bellwether process should focus on whether Plaintiffs can present admissible specific

causation evidence in individual cases. The procedural framework the Court adopts should be designed to reach that question—not to expand the inquiry and complicate the process. Each of Plaintiffs' positions below is guided by that principle.

### A.      Inclusion of Liver Cancer Cases

Plaintiffs propose that the Wave Three pool should also include liver cancer cases. Defendants disagree and seek to limit the pool to colorectal cancer cases only.

Plaintiffs' position is that liver cancer cases should be included for the following reasons. First, Defendants ignore the fact that one liver cancer case has been worked up (the *Roberts* case) through a Daubert hearing. With the guidance provided in the Court's recent *Daubert* order regarding the *Roberts* specific causation expert opinion, additional liver cancer cases should now be selected and specific causation expert reports prepared for those cases. Second, the *Roberts* appeal has been dismissed at the request of the plaintiff, removing the basis for Defendants' argument that it would be inefficient to work up additional liver cancer cases while that appeal was pending. Third, approximately 40% of the cases filed in this MDL involve either colorectal or liver cancer.  Of the cancers at issue in this MDL, liver and colorectal cancers represent the two highest numbers of filed lawsuits.

Defendants argue that it is inefficient to include liver cancer cases because the Court has already resolved the liver cancer claims in *Roberts* on causation grounds. However, that single ruling focused on specific causation, on one specific set of facts, does not mean all liver cancer cases are foreclosed. Different fact patterns, exposure histories, and expert opinions may support specific causation in other liver cancer cases. The purpose of the bellwether process is to test representative cases, and limiting the pool to one cancer type would not serve that purpose.

If the Court declines to include liver cancer cases in Wave Three, Plaintiffs request that the Court establish a process for selecting liver cancer cases for a subsequent wave on a date to be determined.

### B.      Case Selection Method: Party Picks Versus Random Selection

Plaintiffs propose that each party select cases from the pool—specifically, that each party select three colorectal cancer cases and three liver cancer cases, for a total of twelve cases. Defendants propose random selection of five cases plus five backups.

Party selection is preferable because it is more likely that the cases selected will meaningfully advance the Court's stated objective for Wave Three. The bellwether process serves the Court and the litigation only if the cases selected are capable of producing substantive specific causation rulings. Random selection risks producing a pool of cases that, by chance, do not present fact patterns that will provide useful information—cases where the exposure histories, latency periods, and medical records give an expert the best foundation to opine. If cases were ranked in

3

order of strength, there is approximately a 59% chance that none of five randomly selected cases would fall in the top 10% of cases.[1] A selection process that systematically avoids the cases most likely to provide useful information, and potentially avoiding cases that are more likely to survive specific causation scrutiny would not advance this litigation. Random selection therefore risks failing to answer the fundamental question the Court has identified: whether Plaintiffs can support their claims with admissible specific causation expert opinions.

Party selection, by contrast, ensures that the cases entering the bellwether pipeline include those with the factual profiles most likely to produce meaningful specific causation rulings. Each side selects cases it believes best to test the specific causation question—Plaintiffs select cases they believe their experts can support, and Defendants select cases they believe will expose weaknesses in Plaintiffs' specific causation evidence. This balanced approach gives the Court the full range of cases it needs to evaluate whether specific causation can be established in this litigation. If, instead, the selection process produces only cases at the margins—for example, cases where the factual record is thin or the exposure history is equivocal—the Court will not have the opportunity to rule on the central question. This balanced selection process is well-established in MDL proceedings. *See, e.g.*, Case Mgmt. Order No. 33, ¶¶ 2-3, *In re Proton-Pump Inhibitor Prod. Liab. Litig.*, No. 1:17-MD-2789 (D.N.J. Nov. 20, 2019) (Ex. 1 to Defendants' 2/17/26 letter) (providing that each side selects cases).

If the Court is inclined to select cases randomly rather than through party picks, Plaintiffs agree with Defendants' proposal of selecting five cases plus five backup cases. In that event, if randomly selected cases are dismissed or settled, replacements should also be selected randomly. If cases are selected by the parties and cases are dismissed or settled, they should be replaced by the party that selected the cases that were dismissed or settled.

### C.  Timing of Status Reports

This is the most significant area of disagreement. Plaintiffs propose that specific causation expert status reports should be required only *after* the completion of fact discovery, limited to the cases selected for workup. Defendants propose an overbroad, inefficient, distracting process requiring that Plaintiffs confirm that they are prepared to proceed with a specific causation expert for all potentially eligible cases (approximately 180 cases) within sixty days of the Court's case management order—*before* any case selection and before any fact discovery has been conducted.

**Plaintiffs' proposed two-stage process.** Plaintiffs propose: (1) upon selection of a bellwether case, Plaintiff's counsel confirms that the Plaintiff understands their case has been selected and is willing to proceed with fact discovery; and (2) following the completion of fact

---

[1] The chances that each pick would not be in the Top 10% is 90%. The calculation that all five of the cases would not be in the Top 10% is 90% x 90% x 90% x 90% x 90% = 59.049%. In other words, there is approximately a 59% chance that none of the five picks would be in the Top 10% and approximately only a 41% chance that one or more of the five picks would be in the Top 10%.

discovery, Plaintiff's counsel confirms that a specific causation expert is willing to support the case and that the Plaintiff will proceed through expert discovery and trial. This two-stage process directly addresses the Court's concern about ensuring that bellwether cases will proceed to trial, while allowing counsel and experts the opportunity to make informed assessments based on the complete factual record.  This is fair and reasonable.

**Defendants' proposal is unworkable, unreasonable, and designed to fail.** Requiring specific causation experts to certify that they will support a case before there is a full factual record is fundamentally unfair. The responsible evaluation of specific causation requires a thorough review of the plaintiff's complete medical records, exposure history, and other discovery materials including treating doctor depositions—information that is not available before fact discovery. Defendants' proposal would require physicians carrying full-time clinical practices to review 180 cases in 60 days and provide causation opinions without the benefit of a complete factual record. This proposal is not designed to ensure viable cases proceed; it is designed to create a scenario where Plaintiffs are pressured to dismiss their cases before they have a full record out of fear that they will be sanctioned if discovery later uncovers issues that damage the feasibility of a case. Such a process would be coercive and unhelpful.

The standard practice in MDL bellwether proceedings is to require specific causation expert reports only after fact discovery has been completed. Requiring such reports before fact discovery has even begun would be extraordinary and is not supported by the case management orders cited by Defendants.

Indeed, Defendants' own Exhibit 1 undermines their position. In *In re Proton-Pump Inhibitor Products Liability Litigation*, No. 1:17-MD-2789 (D.N.J. Nov. 20, 2019), Judge Cecchi entered Case Management Order No. 33 governing the selection of bellwether discovery cases and bellwether trial cases in a product liability MDL in this very District. That CMO sets forth *three* eligibility requirements for bellwether selection: (a) a complaint pending in the MDL that had been served upon all named Defendants; (b) a substantially complete Plaintiff Fact Sheet; and (c) "Stage 1 Claim" evidence—meaning a record identifying the use of at least one of each named defendant's products. CMO No. 33, § I.1. *That is all that was required.* There was no requirement that plaintiffs identify a specific causation expert, no requirement that a physician certify willingness to attest to causation, and no requirement of any expert involvement whatsoever before a case could be selected for the bellwether pool.

After establishing those threshold eligibility requirements, the PPI CMO provided for a multi-step selection process: each side selected five cases; a randomizer selected 200 additional cases; from that combined pool of 210 cases, each side selected sixteen and then struck six, yielding twenty Bellwether Discovery Cases. CMO No. 33, §§ II.1–3. At no point in this process was any plaintiff required to produce a specific causation expert certification. The expert work came *after* selection and *after* the completion of case-specific discovery—the same sequencing Plaintiffs propose here.

5

The PPI CMO reflects the considered judgment of a Court addressing the same procedural question that we have here: how to select and manage bellwether cases in a large pharmaceutical MDL. That Court concluded that threshold eligibility should turn on whether the plaintiff has a pending complaint, a completed fact sheet, and evidence of product use—not on whether a specific causation expert has pre-committed to supporting the case before discovery has even begun.

Defendants cannot cite their own exhibit and then ask this Court to impose a requirement that the exhibit itself does not contain. Their proposal to require pre-selection specific causation expert certification for all 180 potentially eligible cases is unprecedented, unsupported by the authority they have submitted, and should be rejected.

**D.      Sequencing of Expert Discovery: Plaintiff Expert Depositions Should Occur After Defense Expert Reports**

Defendants propose that their expert reports should not be due until *after* Plaintiffs' specific causation experts have been deposed. Plaintiffs disagree. Plaintiffs propose the standard federal litigation sequence: (1) Plaintiffs submit specific causation expert reports; (2) Defendants submit responsive expert reports; (3) expert depositions of both sides' experts beginning with the depositions of the Plaintiff experts.  That is how discovery has proceeded on all rounds of expert reports and depositions in this MDL[2], and that routine practice should not be changed now.

Defendants' proposed sequencing is procedurally unfair and inefficient, and is nothing more than an effort to build in the opportunity to surprise and sandbag Plaintiffs' experts. If Plaintiffs' experts are deposed before seeing Defendants' expert criticisms, they cannot know what the defense position is, or address those criticisms during their depositions.  Then, Defendants can depose the Plaintiffs' experts about the defense reports during the depositions of the Plaintiffs' experts.  That is the only fair and efficient way to proceed. When Defendants' reports are later served, Plaintiffs' experts will be allowed to review them and be prepared to disagree as appropriate.   Defendants would then complain that they should get to depose Plaintiffs' experts again, which would be fundamentally unfair and inefficient

The standard practice under Fed. R. Civ. P. 26(a)(2) is for all expert reports to be exchanged before expert depositions begin. This sequencing is the norm in federal litigation and MDL

---

[2] Ex. 1 - See Case Management Order No. 23 (Feb. 11, 2021), at 2–3 (setting deadline for Plaintiffs' general causation expert reports, followed by Defendants' reports, followed by completion of depositions of Plaintiffs' experts and then Defendants' experts); Case Management Order No. 28 (July 18, 2022), at 1–2 (liability expert schedule providing for Plaintiffs' reports, then Defendants' reports, then completion of expert depositions before Daubert motions); Case Management Order No. 30 (Nov. 16, 2022) (TPP damages expert schedule requiring Plaintiffs' reports, then Defendants' reports, followed by completion of expert depositions); Order Establishing Amended Case Management Schedule for Wave 2 Bellwether Cases (June 25, 2025), at 2–3 (providing deadline for Plaintiffs to designate experts and serve reports, followed by Defendants' designation and reports, with expert depositions to follow thereafter). In every phase of this MDL—general causation, liability, damages, and Wave 2 bellwether proceedings—the Court has required exchange of expert reports prior to expert depositions.

proceedings[3] and should not be varied now. Defendants' attempt to reverse the established order is a transparent effort to gain a tactical advantage, not to promote efficiency, and should be rejected.

### E.    Fee and Cost Shifting for Dismissed Bellwether Cases

Defendants propose that if a bellwether case is dismissed at any time after the plaintiff agrees to proceed with fact discovery, the plaintiff should be required to pay Defendants' costs and, in some circumstances, expert fees and attorneys' fees. Plaintiffs oppose this onerous, coercive proposal.  The only point in time that should be considered for such relief should be if a plaintiff dismisses a case after agreeing to move forward on specific causation expert discovery and then later seeks to dismiss the case for reasons that should have been foreseen when the plaintiff agreed to proceed.

Cases may be dismissed for many legitimate reasons that have nothing to do with bad faith—for example, a plaintiff's health may change, new medical information may come to light, or the factual record may develop in unexpected ways. The threat of fee-shifting will chill Plaintiffs' willingness to proceed with bellwether cases and will deter plaintiffs and their counsel from making responsible assessments of case viability as new information becomes available. This would be unfair, and contrary to the interest of both the Court and the parties.

The Court has already warned the parties that it will impose fees and costs if it finds bad faith on the part of counsel. (2/6/26 Tr. 16:18-24.) That warning provides a sufficient deterrent. Plaintiffs' proposed two-stage process further addresses this concern by ensuring that cases are evaluated at appropriate milestones. There is no need for an additional fee-shifting regime on top of these safeguards.

To the extent the Court is inclined to adopt any cost-shifting provision, Plaintiffs respectfully request that it only be potentially triggered after the plaintiff agrees to proceed with specific causation expert discovery after the end of fact discovery, and be limited to a finding of

---

[3] Ex. 2 - See, e.g., *In re: GLP-1 Receptor Agonists Prods. Liab. Litig.*, MDL No. 3094, Case Mgmt. Order No. 23 – Deadlines for Fact and Expert Discovery and Summary Judgment Motions (E.D. Pa.); *In re: Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.*, MDL No. 2782, Practice & Procedure Order No. 7 (N.D. Ga.); *In re: Atrium Med. Corp. C-Qur Mesh Prods. Liab. Litig.*, MDL No. 2753, Case Mgmt. Order 3H (D.N.H.); *In re: Covidien Hernia Mesh Prods. Liab. Litig. No. II*, MDL No. 3029, Case Mgmt. Order No. 4 (1st Am.) (D. Mass.); *In re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, MDL No. 2846, Case Mgmt. Order No. 10 (S.D. Ohio); *In re: Paragard IUD Prods. Liab. Litig.*, MDL No. 2974, First Am. Scheduling Order (N.D. Ga.); *In re: Depo-Provera (Depot Medroxyprogesterone Acetate) Prods. Liab. Litig.*, MDL No. 3140, Am. Scheduling Order (N.D. Fla.); *In re: Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prods. Liab. Litig.*, MDL No. 3014, Scheduling Order Setting and/or Revising Certain Deadlines for the Pers. Injury & Med. Monitoring Tracks (W.D. Pa.); *In re: Proceed Mesh Litig.* (Proceed® Surgical Mesh & Proceed® Ventral Patch Hernia Mesh), Master Case No. ATL-L-794-19, Case Mgmt. Order No. 7 (Super. Ct. N.J., Law Div., Atlantic Cnty. Oct. 3, 2019); *In re: Paraquat Prods. Liab. Litig.*, MDL No. 3004, Case Mgmt. Order No. 12 – Protocol for the Selection of Trial Cases (S.D. Ill. Dec. 3, 2021); and *In re: Elmiron (Pentosan Polysulfate Sodium) Prods. Liab. Litig.*, MDL No. 2973, Case Mgmt. Order No. 17 – Bellwether Selection & Scheduling Order (D.N.J. Oct. 6, 2021).

bad faith.  This should also apply symmetrically—i.e., that Defendants also bear consequences if they act in bad faith during the bellwether process.

### F.      Trial Case Selection

Defendants propose that they be permitted to select the first bellwether trial case, with Plaintiffs selecting the second. Defendants justify this by citing Plaintiffs' prior dismissals of Wave Two bellwether cases.

Plaintiffs oppose this proposal. The question of which case or cases (in the case of a multi-plaintiff trial) should be tried first is premature at this stage and should not be decided now. The entire purpose of the Wave Three bellwether process is to select cases, develop the factual record, and present specific causation expert opinions so that the Court can make Rule 702/*Daubert* rulings on specific causation. Once those rulings have been made, the Court will be in the best position to determine which one or more of the surviving cases should proceed to trial—based on the strength and completeness of the record, the representativeness of the claims, and the Court's own assessment of which case or cases will be most informative. Pre-committing to a party-driven trial selection order before the Court has even evaluated specific causation puts the cart before the horse. It assumes that the selection of a trial case should be driven by litigation strategy rather than by the Court's informed judgment after reviewing the specific causation record.

Moreover, allowing Defendants to select the first trial case creates a perverse incentive. If Defendants select cases for the bellwether pool and then also choose which surviving case goes to trial first, there is nothing to prevent them from steering the process toward the cases they view as weakest for Plaintiffs at every stage. That approach would not produce the meaningful specific causation rulings the Court is seeking. Rather, the trial case selection should rest with the Court after it has had the benefit of the full *Daubert* record.

### III.      SUMMARY

**Agreed Matters:**

1. Pool drawn from all filed PI cases with Plaintiff Fact Sheets
2. Colorectal cancer cases included in Wave Three
3. Exclusion of Mylan defendants
4. Exclusion of Hetero defendants
5. Exclusion of losartan/irbesartan claims
6. Lexecon not an impediment to pool selection
7. Confirmation process at various stages
8. Fact and expert discovery in bellwether cases, followed by Rule 702 motion practice

**Matters Requiring Court Resolution:**

A. Whether liver cancer cases should be included in the Wave Three pool

B. Whether cases should be selected by the parties or randomly

C. Timing of specific causation expert confirmation (after vs. before fact discovery)

D. Sequencing of expert depositions relative to defense expert reports

E. Whether and when fee/cost-shifting should apply to dismissed bellwether cases

F. Trial case selection should be made by the Court after specific causation rulings

*    *    *

For the foregoing reasons, Plaintiffs respectfully request that the Court consider the above positions and enter a case management order consistent with Plaintiffs' proposals. Plaintiffs are prepared to address these issues at the next case management conference at the Court's convenience.

Respectfully submitted,

Daniel A. Nigh
Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW, Third Floor
Washington, D.C. 20016
p/f: 202-792-7927
e: dnigh@nighgoldenberg.com
*Counsel for Plaintiffs*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

IN RE: VALSARTAN,  LOSARTAN, and
IRBESARTAN PRODUCTS LIABILITY
LITIGATION

Civil No. 19-2875 (RBK/JS)

## <u>CASE MANAGEMENT ORDER NO. 23</u>

The deadlines established by Revised Case Management Order No. 22 (Doc. 726)

having been extended sixty (60) days by Special Master Order No. 2 (Doc. 843), and it

appearing prudent that a new Case Management Order ["CMO"] be issued, which confirms

the specific deadlines for those events covered by Revised Case Management Order No. 22

["MDL Deadlines"]; and this CMO confirming those MDL Deadlines,

It is hereby ORDERED this <u>11th</u> day of February, 2021, as follows:

1) No personal jurisdiction motions may be filed without leave of court.

2) No summary judgment motions may be filed without leave of court.

3) No amended complaints shall be filed without leave of court to be requested in a Motion to Amend.

4) All requests to vacate dismissals entered on account of the Order to Show Cause process shall be made via a formal motion.

5) The following scheduling deadlines shall be in effect:

- **June 1, 2021** - Deadline to complete first phase of fact discovery, including:

    - Depositions of Manufacturer Defendants.[1]

---

[1] For purposes of this Case Management Order, "Manufacturer Defendants" refers to the Defendants for whom the Court has approved 30(b)(6) Notices in Dkt. No. 651.

1

- Depositions of current economic loss and medical monitoring putative class representatives.
- Depositions of at least ten (10) personal injury bellwether plaintiffs.

- **July 6, 2021** - Deadline for plaintiffs to serve their expert reports addressing general causation with dates the experts are available to be deposed.

- **August 2, 2021** - Deadline for defendants to serve their expert reports addressing general causation with dates the experts are available to be deposed.

- **September 1, 2021** - Deadline to complete depositions of plaintiffs' general causation experts.

- **October 4, 2021** - Deadline to complete depositions of defendants' general causation experts.

- **October 4, 2021** - Deadline to complete second phase of fact discovery, including:

  - Depositions of the remainder of personal injury bellwether plaintiffs not previously deposed.

  - Depositions of third parties identified by defendants and plaintiffs (including treaters/prescribers).

  - Depositions of third parties plaintiffs have subpoenaed, to the extent allowed by the Court.

  - Depositions of any new putative economic loss class representative allowed by the Court.

  - Further discovery, if any, of wholesaler and retailer/pharmacy defendants (to begin on or after June 1, 2021).

- **November 1, 2021** - Deadline to file <u>Daubert</u> motions regarding general causation experts.

- **November 3, 2021** - Deadline for plaintiffs to file motion(s) for class certification and serve their expert reports addressing class certification with dates the class certification experts are available to be deposed.

- **December 1, 2021** - Deadline to file responses to <u>Daubert</u> motions regarding general causation experts.

- **January 3, 2022** - Deadline to file replies to responses to <u>Daubert</u> motions regarding general causation experts.

- **January 5, 2022 -** Deadline for defendants to serve their expert reports addressing class certification with dates the experts are available to be deposed.

- **February 3, 2022 -** Deadline to complete depositions of plaintiffs' class certification experts.

- **March 3, 2022 -** Deadline to complete depositions of defendants' class certification experts.

- **March 15, 2022 -** Deadline for defendants to file responses to class certification motions.

- **April 5, 2022 -** Deadline to file Daubert motions regarding class certification experts.

- **April 12, 2022 -** Deadline for plaintiffs to file replies to responses to class certification motions.

- **May 4, 2022 -** Deadline to file responses to Daubert motions regarding class certification experts.

- **May 18, 2022 -** Deadline to file replies to responses to Daubert motions regarding class certification experts.

6) By **February 22, 2020** the parties shall complete fulsome discussions regarding the names, dates, and locations of depositions to be taken starting on January 19, 2021.

/s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>*All Actions* | MDL No. 19-2875 (RBK) |

### CASE MANAGEMENT ORDER NO. 28

Plaintiffs having requested deadlines for liability experts reports, Rule 56 motions, and related matters, and Defendants having argued the issue in their agenda letter and at oral argument, and the Court having granted Plaintiffs' request with the addition of sixty days to each deadline;

It is hereby ORDERED this 18th day of July, 2022 that the deadlines for liability experts reports, Rule 56 motions, and related matters shall be as follows:

*Expert Reports*

- September 16, 2022 – Plaintiffs' service of liability expert reports.

- October 18, 2022 – Defendants' service of liability expert reports.

- November 29, 2022 – Completion of liability expert depositions

- December 13, 2022 – Daubert motions filed regarding liability experts

- January 6, 2023 – Responsive briefs on Daubert motions filed

- January 20, 2023 – Reply briefs on Daubert motions filed

Note: The deadlines for the merits reports of experts whose opinions are limited solely to class issues (*i.e.*, Dr. Rena Conti, Laura Craft, and the corresponding defense experts) will be set on a schedule aligned with the disposition of *Daubert* and class certification motions.

*Dispositive Motions*

- December 23, 2022 – Dispositive motions filed

- January 31, 2023 – Responsive briefs on dispositive motions filed

- February 21, 2023 – Reply briefs on dispositive motions filed

Note: The Court recognizes the need for class notice and the scope and timing of class notice and the notice period.

_s/ Thomas I. Vanaskie _____
Hon. Thomas I. Vanaskie (Ret.) S
pecial Master

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| *In re*: Valsartan, Losartan, and Irbesartan Products Liability Litigation | MDL No. 2875 (RBK-SAK) |
| *This Document Relates to All Actions* | |

**Kugler, District Court Judge:**

## CASE MANAGEMENT ORDER NO. 30

**The Parties Having Met and Conferred,** as instructed by the Court, to set deadlines relating to expert reports and depositions concerning damages for the upcoming third- party payor ("TPP") plaintiff trial, and

**The Court Having Reviewed** the parties' jointly proposed schedule,

**IT IS ORDERED:** the deadlines for experts' reports and depositions concerning damages for the upcoming TPP trial are:

- **January 20, 202** – Plaintiff MSPRC to serve expert report(s) concerning damages;

- **March 10, 2023** – TPP Trial Defendants to serve expert report(s) concerning damages;

- **April 10, 2023** – Deadline to complete experts' depositions concerning damages;

- **April 17, 2023** – Deadline for Rule 702/*Daubert* motions on experts' reports concerning damages;

- **May 8, 2023** – Deadline for responsive briefs to Rule 702/*Daubert* motions on experts' reports concerning damages;

- **May 22, 2023** – Deadline for reply briefs to Rule 702/*Daubert* motions on experts' reports concerning damages.

Date:  16 November 2022

s/ Robert B. Kugler
The Honorable Robert B. Kugler
United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION** | MDL No. 2875 |
|  | Honorable Renée Marie Bumb, Chief Judge |
| **This Document Relates to:** |  |
| **Smalls v. Zhejiang Huahai Pharmaceutical Co., Ltd. et al. Case No. 1:20-cv-08199-RMB-SAK** | **ORDER ESTABLISHING AMENDED CASE MANAGEMENT SCHEDULE FOR WAVE 2 BELLWETHER CASES** |
| **Garcia v. Zhejiang Huahai Pharmaceutical Co., Ltd. et al. Case No. 1:20-cv-07957-RMB-SAK** |  |
| **Suits v. Zhejiang Huahai Pharmaceutical Co., Ltd et al. Case No. 1:20-cv-06547-RMB-SAK** |  |
| **Lee v. Zhejiang Huahai Pharmaceutical Co., Ltd. et al. Case No. 1:20-cv-15324-RMB-SAK** |  |

**The Special Master Having Previously Entered** the Revised Order Establishing Amended Case Management Schedule for Wave 2 Bellwether Cases on June 17, 2025 (ECF No. 3089),

**The Parties Having Met and Conferred,** to agree upon the third amended case management schedule for the second wave of potential personal injury bellwether plaintiff trials ("Wave 2 BW") in the following matters:

1. Garcia, Robert – 1:20-cv-07957

2. Lee, Robert – 1:20-cv-15324

3. Smalls, Evon – 1:20-cv-08199

4. Suits, James – 1:20-cv-06547

**Having Reviewed** the proposed, agreed-upon, third amended schedule,

**IT IS ORDERED:** Counsel representing any fact witnesses whose depositions were previously noticed, but which have not been completed, are ordered to promptly provide dates for the depositions of those witnesses to take place before the close of fact discovery on July 11, 2025.

**IT IS ORDERED:** the deadlines for the four above matters previously established in ECF No. 3089 are amended and the deadlines for the four above matters are:

| Wave 2 BW Trial Event | Wave 2 BW Trial Date |
|---|---|
| Close of case-specific fact discovery | 7/11/2025 |
| Deadline for Plaintiff to designate experts and serve expert report(s) | 8/1/2025 |
| Deadline for Defendants to designate experts and serve expert report(s) | 9/16/2025 |
| Depositions of experts | 9/16/2025 – 10/21/2025 |

2

| Wave 2 BW Trial Event | Wave 2 BW Trial Date |
|---|---|
| Close of expert discovery | 10/21/2025 |
| Deadline for parties to exchange deposition designations | 11/3/2025 (Completion of rolling exchange) |
| Deadline to file: (i) Rule 702 motions; and (ii) summary judgment motions | 11/10/2025 |
| Deadline to submit deposition designations, objections, and counter-designations to the Court | 12/1/2025 |
| Deadline to file oppositions to: (i) Rule 702 motions; and (ii) summary judgment motions | 12/12/2025 |
| Deadline to file replies in further support of: (i) Rule 702 motions; and (ii) summary judgment motions | 12/26/2025 |
| Parties to submit (joint or separate if no agreement) position statement(s) to Court on proposed selection of Wave 2 bellwether trial case | 3 business days after the Court's ruling on Rule 702/MSJs |
| Deadline to file motions in limine | 1/16/2026* |
| Deadline to file oppositions to motions in limine | 2/13/2026* |
| Deadline to submit joint final pretrial order | 2/17/2026* |

\* Dates to be adjusted pending Court's identification of trial start date

/s/ Thomas I. Vanaskie
Hon. Thomas I. Vanaskie (Ret.)
Special Master

3

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: GLUCAGON-LIKE | : | CIVIL ACTION |
| PEPTIDE-1 RECEPTOR AGONISTS | : | |
| (GLP-1 RAS) PRODUCTS | : | |
| LIABILITY LITIGATION | : | |
| _____ | : | MDL No. 3094 |
| | : | 24-md-3094 |
| THIS DOCUMENT RELATES TO: | : | |
| | : | HON. KAREN SPENCER MARSTON |
| *ALL ACTIONS/ALL CASES* | : | |
| _____ | | |

## <u>CASE MANAGEMENT ORDER NO. 23</u>

**Amended Scheduling Order for Cross Cutting Issues 2 and 3**

**AND NOW**, this 21st day of March, 2025, upon consideration of Plaintiffs and

Defendant Novo Nordisk's joint request to extend the case management deadlines as to Cross

Cutting Issues 2 and 3, and the opposition of Defendant Eli Lilly, it is **ORDERED** that for good

cause shown, the request is **GRANTED**, and the deadlines for Cross Cutting Issues 2 and 3 are

**AMENDED** as follows:

| | |
|---|---|
| October 24, 2025 | Deadline for fact discovery[1] |
| November 7, 2025 | Deadline for Plaintiffs to serve expert reports |
| December 5, 2025 | Deadline for Defendants to serve expert reports |
| December 15, 2025 | Deadline for Plaintiffs to serve rebuttal expert reports |
| January 30, 2026 | Deadline for all parties to complete expert depositions |
| February 17, 2026 | Deadline for the submission of motions to exclude expert opinions under Rule 702 and initial briefs |

---

[1] This deadline, which encompasses the deadline for fact depositions on Issues 2 and 3, does not preclude later depositions and non-duplicative questioning (unless the questioning is directed at foundation or context) at a later deposition on new topics of witnesses who are relevant to both Issues 2 or 3 and other issues, which have not been prioritized by the Court for early motion practice.

| February 19, 2026 | Deadline for the submission of summary judgment motions and initial briefs |
| March 25, 2026 | Deadline for the submission of briefs in opposition to Rule 702 motions |
| April 7, 2026 | Deadline for the submission of briefs in opposition to summary judgment motions |
| April 8, 2026 | Deadline for the submission of reply briefs in support of Rule 702 motions |
| May 8, 2026 | Deadline for the submission of reply briefs in support of summary judgment motions |

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

_____
**KAREN SPENCER MARSTON, J.**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ETHICON PHYSIOMESH FLEXIBLE COMPOSITE HERNIA MESH PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2782<br><br>CIVIL ACTION NO. 1:17-md-02782-RWS |
| THIS DOCUMENT RELATES TO ALL CASES | |

## PRACTICE AND PROCEDURE ORDER NO. 7

### (Proposed Discovery, Scheduling, and Case Management Order – Initial Discovery Pool)

Having heard the comments and considered the proposals of the parties presented to this Court relative to case management, the Court ORDERS:

1. <u>Amendments and joinder</u>.

   a. Except as may be further ordered by the Court, all motions for leave to amend a complaint or to join additional parties shall be filed by Plaintiffs no later than sixty (60) days after the Court's selection of such case to be within the "Initial Discovery Pool" as described below.

1

2. <u>General discovery rules</u>.

    a. *Applicability of rules.* Except as otherwise provided by Order of this Court, the Federal Rules of Civil Procedure and the Local Rules of this Court shall apply in MDL 2782.

    b. *Rule 26(a)(1) initial disclosures.* The parties are relieved from any duty to provide initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in any action that is, upon the date of entry of this Pretrial Order, a part of MDL 2782 or which thereafter becomes a part of the MDL 2782.

    c. Nothing in this Order should be interpreted as waiving, abridging, modifying or limiting any parties' rights under *Lexecon v. Milberg Weiss*, 523 U.S. 26 (1998).

3. <u>Selection of Cases for Individual Discovery</u>:

    a. Selection of the initial pool of cases for individual discovery ("Initial Discovery Pool") shall involve cases chosen by the parties which will be selected on two different dates as described below. Other than provision of Plaintiff Profile Forms, the cases selected pursuant to this Order shall be the only cases that move forward with case-specific discovery, except upon further Order of the Court.

b.  Twenty-four (24) cases will be selected by the parties from a pool of all cases pending in MDL 2782 as of January 11, 2018.  The selection shall be made by May 15, 2018 with a mutual exchange of lists.  The plaintiffs shall select twelve (12) cases and the defendants shall select twelve (12) cases from this pool.

c.  Plaintiffs will provide a completed Plaintiff Fact Sheet on each of the cases in the Initial Discovery Pool by June 15, 2018.  Defendants will provide a completed Defendant Fact Sheet on each of the cases in the Initial Discovery Pool by July 31, 2018.

d.  Fact discovery on the cases chosen during the first selection shall begin immediately after the deadline for service of the Plaintiff Fact Sheets.

e.  A second selection of ten (10) additional cases for inclusion in the Initial Discovery Pool shall be made on June 22, 2018 from a pool of all cases pending in MDL 2782 as of that date.  The selection shall be made with a mutual exchange of lists.  The plaintiffs shall select five (5) cases and the defendants shall select five (5) cases.

f.  Plaintiffs will provide a completed Plaintiff Fact Sheet and completed Plaintiff Profile Form (if not otherwise already provided) for each of the cases chosen during the second selection by July 13, 2018.  Defendants

3

will provide a completed Defendant Fact Sheet for each of the Court-selected cases by August 21, 2018.

g. Fact discovery on the cases chosen during the second selection shall begin immediately after the deadline for service of the Plaintiff Fact Sheets.

h. The parties may serve case-specific written discovery in the Initial Discovery Pool cases, provided such discovery requests are not duplicative of the Plaintiff Fact Sheets or Defendant Fact Sheets. The Federal Rules of Civil Procedure shall apply to the case-specific written discovery.

i. The parties are directed to work together to schedule the appropriate case-specific depositions in order to make a recommendation to the Court for the Trial Pool cases, as defined below.

5. <u>Selection of Trial Pool Cases and Trial Cases from Initial Discovery Pool</u>.

a. On or before December 1, 2018, the parties will select ten (10) cases from the Initial Discovery Pool which will proceed with expert discovery ("Trial Pool Cases"). The selection shall be made with a mutual exchange of lists. Plaintiffs shall select five (5) cases and Defendants shall select five (5) cases.

4

b. Expert Disclosures: For each Trial Pool case, Plaintiffs' expert disclosures and reports shall be served by February 15, 2019. Defendants' expert disclosures and reports shall be served by March 18, 2019. Rebuttal and/or supplemental reports by Plaintiffs' experts shall be served by March 29, 2019. The parties will meet and confer with respect to the scheduling of expert depositions and depositions of experts will commence as of March 29, 2019. All expert discovery for the Trial Pool Cases shall be completed by June 1, 2019.

c. By May 1, 2019, each side shall submit to the Court, outside of the ECF system, a memorandum in support of their proposed manner of trial, order of selection of plaintiffs for trial, and timing of trial(s). By May 8, 2019, the parties may submit a response to the opposing party's memorandum regarding the proposed manner of trial and order of cases for trial, and timing of trial(s). On or before May 15, 2019, the Court shall determine the manner of trial, the order of selection of plaintiffs for trial, and timing of trial(s) ("Trial Cases").

d. Motions: Dispositive or *Daubert* motions shall be filed by in each of the Trial Cases by June 14, 2019. Responses shall be filed by July 2, 2019. Replies shall be filed by July 12, 2019.

e.  General *Daubert* Motions.  For the filing of *Daubert* motions relating to general expert opinions (non-case-specific opinions), the parties are instructed to file only one *Daubert* motion per expert in the main MDL docket instead of the individual member case docket.  Case-specific *Daubert* motions (addressing opinions applicable to only an individual Trial Case) should be filed only in the individual Trial Case.  To the extent the same expert offers both general and case-specific opinions, the parties are directed to file any motion addressing the general opinions in the main MDL and any motion addressing the case-specific opinions in the appropriate Trial Case(s).

f.  The Court will set the first trial for September 16, 2019.  The Court will schedule a pre-trial conference for purpose of trial at an appropriate time. Deadlines for filing motions in limine in the Trial Cases will be established at a later date.

g.  The parties are encouraged in making selections for Discovery Pool and Trial Pool cases to select cases that will be representative of all filed cases in order that the process of selection and trial will be a helpful process for evaluation of the entire docket of cases for trial and resolution of the entire docket of cases.

6

h. Lead/Liaison Counsel shall be responsible for keeping counsel that they represent fully apprised of the scheduling of any depositions in MDL 2782. As to Defendants' general experts, Plaintiffs' Lead Counsel shall designate who will question the witness.

i. Absent an Order from the Court to the contrary or agreement by the parties, all corporate and case-specific discovery for the Trial Cases shall be completed by February 15, 2019. However, nothing in this Order shall be construed to limit other Plaintiffs from the Initial Discovery Pool, Trial Pool or any other MDL Plaintiffs from continuing corporate discovery.

j. The parties should coordinate the depositions of expert witnesses to the extent there is overlap in the use of experts in multiple Trial Pool Cases. Insofar as either party utilizes or relies on the same general (non-case-specific) expert or experts in multiple cases, those experts shall be deposed only once with respect to their general opinions, unless the expert has offered additional general opinions beyond the expert's initial expert report.

SO ORDERED, this ___19th___ day of ___Jan.___, 2018

7

RICHARD W. STORY
United States District Judge

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


In Re: Atrium Medical Corp. C-Qur Mesh
Products Liability Litigation (MDL No. 2753)

MDL Docket No. 16-md-2753-LM
ALL CASES


CASE MANAGEMENT ORDER 3H
DISCOVERY, SCHEDULING, AND CASE MANAGEMENT
ORDER - INITIAL DISCOVERY POOL

Having heard the comments and considered the proposals of the parties presented

to this court relative to case management at the monthly status conference on May 17,

2018, the court orders:

1. **Amendments and Joinder**

1.1  Except as may be further ordered by the court, all motions for leave to amend

a complaint or to join additional parties shall be filed by plaintiffs no later than sixty (60)

days after the court's selection of such case to be within the "Initial Discovery Pool" as

described below.

2. **Pleadings**

2.1  Pursuant to Case Management Order No. 3 (doc. no. 39), all individual case

Long Form Complaints shall be filed by plaintiffs no later than sixty (60) days after the

court's selection of such case to be within the "Initial Discovery Pool" as described

below.

2.2  Pursuant to Case Management Order No. 3 (doc. no. 39), defendants shall answer or otherwise response to the individual case Long Form Complaint within the time provided for by the Federal Rules of Civil Procedure.

### 3.  General Discovery Rules

3.1  Applicability of Rules.  Except as otherwise provided by order of this court, the Federal Rules of Civil Procedure and the Local Rules of this court shall apply in MDL Docket No. 16-md-2753-LM.

3.2  Nothing in this order should be interpreted as waiving, abridging, modifying or limiting any parties' rights under Lexecon v. Milberg Weiss, 523 U.S. 26 (1998).

### 4.  Selection of Cases for Individual Discovery

4.1 Selection of the initial pool of cases for individual discovery ("Initial Discovery Pool") shall involve cases chosen by the parties which will be selected on two different dates as described below.  Other than provision of Plaintiff Profile Forms, the cases selected pursuant to this order shall be the only cases that move forward with case-specific discovery, except upon further order of the court.

4.2  The Initial Discovery Pool cases will consist of a total of sixteen (16) cases selected by the parties from a pool of all cases which have plenary jurisdiction in the District of New Hampshire that are pending in MDL 2753 as of April 1, 2018.  The selection shall be made by July 20, 2018, with a mutual exchange of lists.  The plaintiffs shall select eight (8) cases and the defendants shall select eight (8) cases, which will collectively constitute the Initial Discovery Pool.

4.3 Plaintiffs will provide a completed Plaintiff Fact Sheet on each of the cases in the Initial Discovery Pool by September 18, 2018.  Defendants will provide a completed

2

Defendant Fact Sheet on each of the cases in the Initial Discovery Pool by December 17, 2018.

4.4  Case-specific fact discovery, limited to the depositions of the individual plaintiff, implanting, and explanting physicians, on the cases chosen during the first selection shall begin immediately after the deadline for service of the Plaintiff Fact Sheets.  All further case-specific fact discovery shall begin after the deadline for the service of the Defendant Fact Sheets.

4.5  The parties may serve case-specific written discovery in the Initial Discovery Pool cases, provided such discovery requests are not duplicative of the Plaintiff Fact Sheets or Defendant Fact Sheets.  The Federal Rules of Civil Procedure shall apply to the case-specific written discovery, and the presumptive limit of ten (10) depositions of seven (7) hours' duration per party shall apply in these cases.

4.6  The parties are directed to work together to schedule the appropriate case-specific depositions in order to make a recommendation to the court for the Trial Pool cases, as defined below.  In the event there is a dispute concerning a deposition, the parties shall meet and confer. If the dispute remains, the parties shall employ paragraph 5 of Case Management Order No. 3.

**5.  Selection of Trial Pool Cases and Trial Cases from Initial Discovery Pool**

5.1  On or before March 1, 2019, the parties will select eight (8) cases from the Initial Discovery Pool which will proceed with expert discovery ("Trial Pool Cases"). The selection shall be made with a mutual exchange of lists.  Plaintiffs shall select four (4) cases and defendants shall select four (4) cases.

5.2  **Expert Disclosures.** For each Trial Pool case, plaintiffs' expert disclosures and reports shall be served by June 3, 2019.  Defendants' expert disclosures and reports shall be served by July 12, 2019.  Rebuttal reports by plaintiffs' experts shall be served by August 9, 2019.  Each party shall provide three potential dates for depositions each of their experts at the time they disclose each expert's report.  All expert discovery for the Trial Pool Cases shall be completed by September 20, 2019.

5.3  By August 2, 2019, each side shall submit to the court, a memorandum in support of their proposed manner of trial, order of selection of plaintiffs for trial, and timing of trial(s).  By August 16, 2019, the parties may submit a response to the opposing party's memorandum regarding the proposed manner of trial and order of cases for trial, and timing of trial(s).  On or before August 30, 2019, or the time most convenient for the court, the court shall determine the manner of trial, the order of selection of plaintiffs for trial, and timing of trial(s)  ("Trial Cases").

5.4  Motions:  Dispositive or Daubert motions shall be filed by in each of the Trial Cases by October 18, 2019.  Responses shall be filed by November 1, 2019.  Replies shall be filed by November 8, 2019.  Except as stated herein or amended by further order of the Court, the Local Rules of the District of New Hampshire and the Federal Rules of Civil Procedure apply to such motions.

5.5 General Daubert Motions.  For the filing of Daubert motions relating to general expert opinions (non-case-specific opinions), the parties are instructed to file only one Daubert motion per expert in the main MDL docket, spreading to the docket of the Trial Cases only, instead of solely the individual member case docket.  Case-specific Daubert motions (addressing opinions applicable to only an individual Trial Case) should

4

be filed only in the docket of the individual Trial Case.  To the extent the same expert

offers both general and case-specific opinions, the parties are directed to file any motion

addressing the general opinions in the main MDL docket, spreading to the docket of the

Trial Cases only, and any motion addressing the case-specific opinions in the appropriate

docket of the individual Trial Case(s).

5.6  The court will set the first trial for February 19, 2020, or the trial setting most

convenient for the court. The court will schedule a pre-trial conference for purpose of

trial at an appropriate time in accordance with LR 16.3.  Deadlines for filing motions in

limine, witness lists, and exhibit lists in the Trial Cases will be established at a later date.

5.7  A settlement conference for the first selected trial shall occur no later than

January 6, 2020.

5.8  The parties are encouraged in making selections for Discovery Pool and Trial

Pool cases to select cases that will be representative of all filed cases in order that the

process of selection and trial will be a helpful process for evaluation of the entire docket

of cases for trial and resolution of the entire docket of cases.

5.9  Lead/Liaison Counsel shall be responsible for keeping counsel that they

represent fully apprised of the scheduling of any depositions in MDL 2753.  As to

defendants' general experts, plaintiffs' lead counsel shall designate who will question the

witness.

5.10  Absent an order from the court to the contrary or agreement by the parties,

all corporate and case-specific discovery for the Trial Cases shall be completed by May

3, 2019.  However, nothing in this order shall be construed to limit other plaintiffs from

5

the Initial Discovery Pool, Trial Pool or any other MDL plaintiffs from continuing

corporate discovery.

5.11  The parties should coordinate the depositions of expert witnesses to the

extent there is overlap in the use of experts in multiple Trial Pool Cases. Insofar as either

party utilizes or relies on the same general (non-case specific) expert or experts in

multiple cases, those experts shall be deposed only once with respect to their general

opinions, unless the expert has offered additional general opinions beyond the expert's

initial expert report.

SO ORDERED.

_____
Landya McCafferty,
United States District Court Judge

May 29, 2018

cc: All Counsel of Record

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COVIDIEN HERNIA MESH PRODUCTS LIABILITY LITIGATION NO. II,<br><br>This Document Relates To:<br><br>All Cases | MDL No. 1:22-md-03029-PBS |

CASE MANAGEMENT ORDER NO. _4_
(Scheduling Order—1ˢᵗ Amended)

In furtherance of the effective and efficient case management of complex litigation, the

Court sets the following procedures for the identification and selection of the pool of Bellwether

Discovery Cases from which the initial cases to be tried in this MDL will be selected, and

establishes the following guidelines and schedule for discovery for these Bellwether Discovery

Cases, some of which will be proposed and designated as the initial Bellwether Trial Cases in a

later order of the Court.

In order to facilitate the selection of cases to be selected as Bellwether Discovery Cases,

the procedures below shall apply to all actions transferred to *In Re: Covidien Hernia Mesh*

*Products Liability Litigation No. II*, (MDL 3029) by the Judicial Panel on Multidistrict Litigation

("JPML"), all related actions originally filed pursuant to the Direct Filing Order, ECF No. 35, or

removed to this Court, and any "tag-along" action transferred to this Court by the JPML.

As described in Section III below, on or before February 28, 2023, the Parties shall

simultaneously identify three Representative Plaintiff candidates for the Bellwether Discovery

Cases, for a total of six cases to be worked up for case-specific discovery ("Bellwether Discovery

Pool Plaintiffs"). The Parties will identify these six cases to the Court in one filing. The deadlines

in Sections III to IV will only apply to the Bellwether Discovery Pool Plaintiffs.

In the event that a case selected for the Bellwether Discovery Pool is withdrawn, settled or dismissed before August 31, 2023, the Court may at its discretion allow the selection of a replacement case by Defendants or Plaintiffs depending on the circumstances of the dismissal or otherwise adjust the balance of selections or the terms of this CMO to ensure the integrity of the bellwether process.

A future Case Management Order will detail the cases selected for trial and their schedules, including dispositive motion practice.

## I.    PLAINTIFF PROFILE FORMS ("PPF")

| Date | Event |
|------|-------|
| January 12, 2023 | Deadline for Plaintiffs to submit a completed PPF, including all executed authorizations, for all cases filed and served as of November 21, 2022. Plaintiffs shall endeavor to submit the PPFs on a rolling basis. The scope and parameters of the PPF will be governed by a separate CMO. |

## II.    GENERAL CORPORATE DISCOVERY DEADLINE[1]

| Date | Event |
|------|-------|
| April 8, 2024 | Deadline for completion of general corporate discovery of Defendants. |

---

[1] It is understood that additional general fact and expert discovery may be conducted in connection with any further cases selected for discovery, trial, remand, or future bellwether process as authorized by Court order or as otherwise identified in Court orders. The conclusion of the general fact and expert discovery authorized by this CMO should not be construed as grounds for termination of this MDL under 28 U.S.C. § 1407 or as any other bar to discovery that might be sought or needed in this MDL.

## III.   SELECTION OF BELLWETHER DISCOVERY POOL PLAINTIFFS

| Date | Event |
|------|-------|
| January 23, 2023 | Defendants shall provide Plaintiffs with a list of the names of all Plaintiffs who Defendants believe are eligible for the Bellwether Discovery Cases. To be eligible for the Bellwether Discovery Cases, a Plaintiff must have served a completed PPF as of January 12, 2023. |
| February 28, 2023 | The Parties shall simultaneously identify three Representative Plaintiff candidates for the Bellwether Discovery Cases, for a total of six cases to be worked up for case-specific discovery. None of the case selected shall allege wrongful death claims. The Parties will identify the six cases to the Court in one filing. |

## IV.   FACT DISCOVERY FOR BELLWETHER DISCOVERY POOL PLAINTIFFS

| Date | Event |
|------|-------|
| April 1, 2023 | For the six Discovery Pool Plaintiffs selected, Plaintiffs shall serve a completed Plaintiff Fact Sheet ("PFS"). The scope and parameters of the PFS will be governed by a separate CMO. For the six Discovery Pool Plaintiffs selected, Defendants may serve case-specific written discovery provided such discovery is not duplicative of a PFS. |
| May 15, 2023 | For the six Discovery Pool Plaintiffs selected, Defendants will serve a Defendant Fact Sheet ("DFS"). The scope and parameters of the DFS will be governed by a separate CMO. For the six Discovery Pool Plaintiffs selected, Plaintiffs may serve case-specific written discovery provided such discovery is not duplicative of a DFS. |
| July 10, 2023 | Completion of independent medical examinations ("IME") should IMEs be ordered by the Court or agreed upon by the Parties. |
| August 28, 2023 | Deadline for any motions to compel related to case-specific fact discovery; later-filed motions will be considered upon a showing of good cause. |
| December 1, 2023 | Completion of all case-specific fact discovery, which may include up to five fact depositions taken by each party in interest in each case.[2] |

---

[2] An additional Case Management Order that sets forth the trial selection process will also set forth additional case-specific discovery that may be conducted on any trial cases to the extent the parties deem it necessary.

3

Case 1:19-md-02875-RMB-SAK    Document 3258-6    Filed 03/04/26    Page 41 of 77
Case 1:22-md-03029-PBS    Document 58    Filed 11/07/22    Page 4 of 4
PageID: 129880

## V. EXPERT DISCOVERY FOR BELLWETHER DISCOVERY POOL PLAINTIFFS

| Date | Event |
|---|---|
| April 22, 2024 | Plaintiffs shall serve expert disclosures and reports. |
| May 27, 2024 | Defendants shall serve expert disclosures and reports. |
| June 24, 2024 | Plaintiffs may serve any rebuttal expert reports. |
| September 6, 2024 | Completion of all expert discovery. The Parties shall coordinate the depositions of expert witnesses to the extent there is overlap in the use of experts in multiple cases. |

SO ORDERED.

/s/M. Page Kelley

~~Hon. Patti B. Saris~~  M. Page Kelley
~~United States District Judge~~
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

This document relates to:
ALL ACTIONS.

## CASE MANAGEMENT ORDER NO. 10

### Bellwether Scheduling Order

In furtherance of the effective and efficient case management of complex litigation, the following procedures set forth the identification and selection of the pool of Bellwether Discovery Cases and the Bellwether Trial Cases from which the initial cases to be tried in this MDL will be selected, and to establish guidelines and a schedule for discovery for these Bellwether Discovery Cases, some of which will be proposed and designated as the initial Bellwether Trial Cases.

In order to facilitate the selection of cases to be selected as Bellwether Discovery Cases and Bellwether Trial Cases, the procedures below shall apply to all actions transferred to *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation* (MDL No. 2846) by the Judicial Panel on Multidistrict Litigation ("JPML"), all related actions originally filed pursuant to CMO 2 (DIRECT FILING), and/or CMO 9 (MASTER PLEADING), or removed to this Court, and any "tag-along" actions transferred to this Court by the JPML.

As described in Section III below, on or before January 31, 2019, the Parties shall simultaneously identify six Representative Plaintiff candidates for the Bellwether Discovery Cases,

1

Case 1:19-md-02875-RMB-SAK Document 3258-6 Filed 03/04/25 Page 43 of 77
Case: 2:18-md-02846-EAS-KAJ Doc #: 62 Filed: 11/20/18 Page: 2 of 7 PAGEID #: 990
PageID: 129882

for a total of twelve cases to be worked up for case-specific discovery ("Bellwether Discovery Pool Plaintiffs"). The parties will identify these twelve cases to the Court in one filing. The Court will review the twelve Discovery Pool Plaintiffs selected by the Parties to ensure that they represent a sample of the cases currently pending in this MDL and are consistent with the guidelines set by the Court. The Court may in its sole discretion substitute any case on a Party's list with another case of its choosing and may request input from the Parties in doing so. The Court will issue an order identifying the twelve Bellwether Discovery Pool Plaintiffs. The deadlines in Sections III to IV will only apply to the Bellwether Discovery Pool Plaintiffs. In the event that a case selected for the Bellwether Discovery Pool is dismissed before July 12, 2019, the Court may at its discretion allow the selection of a replacement case by the Defendants or Plaintiffs depending upon the circumstances of the dismissal or otherwise adjust the balance of selections or the terms of this CMO to ensure the integrity of the bellwether process.

As described in Section V below, after Core Discovery occurs for the twelve Bellwether Discovery Pool Plaintiffs, the Parties shall each simultaneously identify a list of three cases for trial consideration, for a total of six cases. The six cases selected will be referred to as the "Bellwether Trial Pool Plaintiffs." The deadlines in Sections VI to IX will only apply to the Bellwether Trial Pool Plaintiffs. The parties shall make these selections on July 12, 2019, and shall jointly notify the Court of the six cases on that day.

The Court will select three of the Bellwether Trial Pool cases for bellwether trials. The cases shall be selected following briefing by the parties and shall be selected by the Court by February 14, 2020, and shall proceed to final pretrial and trial as set forth below in Sections X to XII. The presumptive sequence of trials shall be alternating picks, such that no side has two selections tried consecutively. However, the parties and/or the Court reserve the right to amend

2

Case 1:19-md-02875-RMB-SAK Document 3258-6 Filed 03/04/26 Page 44 of 77
Case: 2:18-md-02846-EAS-KAJ Doc #: 62 Filed: 11/20/18 Page: 3 of 7 PageID #: 991
PageID: 129883

this procedure. In the event that a case selected for the Bellwether Trial Pool or for trial is dismissed before trial, the Court may at its discretion allow the selection of a replacement case by Defendants or Plaintiffs, depending upon the circumstances of the dismissal, or otherwise adjust the balance of selections or the terms of this CMO to ensure the integrity of the bellwether process. For each case set for trial, the Court will set the deadlines in Section X to XII.

Additional cases may be selected for trial, and future Case Management Orders will detail those cases and schedules, and any criteria for pretrial workup.

This Order may be modified or amended for good cause shown, after appropriate notice and opportunity to be heard is provided to the affected parties, when the Court believes the interest of justice requires modification.

## I.    PLAINTIFF PROFILE FORMS ("PPF")

| Date | Event |
| --- | --- |
| December 19, 2018 | Deadline for Plaintiffs to submit a completed PPF, including all executed authorizations, for all cases filed and served as of November 21, 2018. Plaintiffs shall endeavor to submit the PPFs on a rolling basis. For any Plaintiff in a case filed and served after November 21, 2018, Plaintiff shall submit a completed PPF within 60 days after Defendants serve a Short Form Answer. The scope and parameters of the PPF will be governed by a separate CMO. |

Case 1:19-md-02875-RMB-SAK Document 3258-6 Filed 03/04/26 Page 45 of 77
Case: 2:18-md-02846-EAS-KAJ Doc #: 62 Filed: 11/20/18 Page: 4 of 7 PAGEID #: 932
PageID: 129884

## II. GENERAL FACT DISCOVERY DEADLINES AS TO BELLWETHER TRIAL CASES[1]

| Date | Event |
|------|-------|
| October 28, 2019 | Deadline for completion of General Fact Discovery for the Bellwether Trial Cases. |

## III. SELECTION OF DISCOVERY POOL PLAINTIFFS FOR INITIAL CASE SPECIFIC DISCOVERY

| Date | Event |
|------|-------|
| January 31, 2019 | The Parties shall simultaneously identify six Representative Plaintiff candidates for the Bellwether Discovery Cases, for a total of twelve cases to be worked up for case-specific discovery. The Parties will identify these twelve cases to the Court in one filing. |

## IV. CORE FACT DISCOVERY FOR BELLWETHER DISCOVERY POOL PLAINTIFFS

| Date | Event |
|------|-------|
| March 25, 2019 | For the twelve Discovery Pool Plaintiffs selected, Plaintiffs shall serve a completed Plaintiff Fact Sheet ("PFS"), including all authorizations. The scope and parameters of the PFS will be governed by a separate CMO. |
| April 25, 2019 | Defendants will serve a Defendant Fact Sheet ("DFS"). The scope and parameters of the DFS will be governed by a separate CMO. |
| May 3, 2019 | Completion of independent medical examinations ("IME"), should IMEs be ordered by the Court or agreed |

---

[1] To aid in an effective and meaningful Bellwether trial process, the parties have agreed to set deadlines for general fact and expert discovery applicable to the Bellwether Trial Cases and Bellwether Trial cases subject to this CMO. Consistent with the purpose of this MDL, however, it is understood that additional general fact and expert discovery may be conducted in connection with any further cases selected for discovery, trial, remand, or future bellwether process as authorized by Court order or as otherwise identified in Court orders. The conclusion of the general fact and expert discovery authorized by this CMO should not be construed as grounds for termination of this MDL under 28 U.S.C. § 1407 or as any other bar to discovery that might be sought or needed in this MDL.

Case: 1:19-md-02875-RMB-SAK   Document 3258-6   Filed 03/04/26   Page 46 of 77
Case: 2:18-md-02846-EAS-KAJ   Doc #: 62   Filed: 11/20/18   Page: 5 of 7   PAGEID #: 993
PageID: 129885

| | upon by the Parties. |
|---|---|
| June 14, 2019 | Deadline for any motions to compel related to case specific fact discovery; later-filed motions will be considered upon a showing of good cause. |
| June 28, 2019 | Completion of all Core Fact Discovery, which may include up to four case-specific fact depositions noticed by each party in interest in each case. |

## V.  SELECTION OF BELLWETHER TRIAL POOL PLAINTIFFS

| **Date** | **Event** |
|---|---|
| July 12, 2019 | The Parties shall simultaneously each identify a list of three Bellwether Trial Pool Plaintiffs from the Discovery Pool Plaintiffs for trial consideration and shall jointly notify the Court of the six Bellwether Trial Pool Cases that day. |

## VI.  ADDITIONAL FACT DISCOVERY FOR BELLWETHER TRIAL POOL PLAINTIFFS

| **Date** | **Event** |
|---|---|
| August 1, 2019 | Deadline to serve interrogatories and requests for production related to case specific fact discovery in the Bellwether Trial Cases. |
| September 6, 2019 | Completion of all Additional Fact Discovery, which may include up to three additional case-specific fact depositions noticed by each party in interest in each case. |

## VII.  EXPERT DISCOVERY FOR BELLWETHER TRIAL POOL PLAINTIFFS

| **Date** | **Event** |
|---|---|
| September 30, 2019 | Plaintiff to serve expert reports. |
| October 28, 2019 | Defendants to serve expert reports. |
| December 6, 2019 | Deadline for expert depositions. |

Case 1:19-md-02875-RMB-SAK   Document 3258-6   Filed 03/04/26   Page 47 of 77
Case 2:18-md-02846-EAS-KAJ   Doc #: 62   Filed: 11/20/18   Page: 6 of 7   PageID #: 994
PageID: 129886

## VIII.   DISPOSITIVE MOTIONS FOR BELLWETHER TRIAL POOL PLAINTIFFS

| Date | Event |
|------|-------|
| December 21, 2019 | Dispositive motions to be filed. |
| January 21, 2020 | Opposition papers to dispositive motions to be filed. |
| February 4, 2020 | Reply papers to dispositive motions to be filed. |
| TBD | Oral argument on dispositive motions, at the discretion of the Court. |

## IX.   *DAUBERT* MOTIONS FOR BELLWETHER TRIAL POOL PLAINTIFFS

| Date | Event |
|------|-------|
| December 21, 2019 | Deadline for filing of any *Daubert* or other motions concerning any expert (hereafter "expert motions"). |
| January 21, 2020 | Opposition papers to expert motions to be filed. |
| February 4, 2020 | Reply papers to expert motions to be filed. |
| TBD | Oral argument on expert motions, at the discretion of the Court. |

## X.   FINAL PRE-TRIAL ACTIVITIES FOR FINAL THREE BELLWETHER TRIAL CASES

| Date | Event |
|------|-------|
| February 14, 2020 | Selection by Court of the first Trial Case out of the list submitted by the parties of three cases each that have went through case specific discovery. |
| May 8, 2020 | Bellwether Trial Case No. 1 Commences |
| July 13, 2020 | Bellwether Trial Case No. 2 Commences |
| September 14, 2020 | Bellwether Trial Case No. 3 Commences |

The Court will set all final Pre-trial schedules and deadlines for the final three Bellwether Trial Cases, which shall include schedules and deadlines for the following: (1) motions in limine, oppositions, replies, and argument(s), if so determined by the Court; (2) deposition designations, counter designations and objections, and objections to counter designations and reply designations;

6

Case: 1:19-md-02875-RMB-SAK Document 3258-6 Filed 03/04/25 Page 48 of 77
Case: 2:18-md-02846-EAS-KAJ Doc #: 62 Filed: 11/20/18 Page: 7 of 7 PAGEID #: 995
PageID: 129887

(3) fact witness and expert witness lists; (4) exhibit lists designations and objections; (5) proposed jury instructions; (6) proposed *voir dire* questions; (7) a date for a final pre-trial conference; and (8) other deadlines and hearings as the Court requires.

**IT IS SO ORDERED.**

11-20-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

11/20/2018
**DATE**

**KIMBERLY A. JOLSON**
**UNITED STATES MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 2974<br><br>1:20-md-02974-LMM<br>**This Document Relates to All Cases** |

## FIRST AMENDED SCHEDULING ORDER

Except as stated otherwise in this Order, nothing herein (1) is intended to eliminate any applicable provisions of the Federal Rules of Civil Procedure or local court rules; or (2) can or should be interpreted as waiving, abridging, modifying, or limiting any Parties' rights under *Lexecon v. Milberg Weiss*, 523 U.S. 26 (1998).

| EVENT | DATE |
|---|---|
| Close of case-specific fact discovery in first Bellwether / trial pool cases and general corporate discovery in all cases, subject to Defendants' obligations to supplement their discovery responses as set forth in Rule 26(e) of the Federal Rules of Civil Procedure and the right of any party to seek leave for additional discovery | February 9, 2024 |
| Deadline for Plaintiffs to serve Rule 26 expert disclosure and expert reports in Bellwether / trial pool cases; to include 3 dates each designated expert witness may be deposed and the proposed location(s) | February 29, 2024 |
| Deadline for Defendants to serve Rule 26 expert disclosure and expert reports in Bellwether / trial pool cases; to include 3 dates each designated | March 28, 2024 |

| EVENT | DATE |
|---|---|
| expert witness may be deposed and the proposed location(s) | |
| Deadline for rebuttal experts under Rule 26(a)(2)(D)(ii) in Bellwether / trial pool cases; to include 3 dates rebuttal expert may be deposed and the proposed location(s) | April 19, 2024 |
| Close of expert discovery in first Bellwether/trial pool cases | May 10, 2024 |
| *Daubert* Motion deadline in Bellwether trial eligible cases | May 24, 2024 |
| Responses in opposition to *Daubert* motions in Bellwether trial eligible cases | June 14, 2024 |
| Replies to *Daubert* motions in Bellwether trial eligible cases | June 28, 2024 |
| Dispositive motion deadline in Bellwether trial eligible cases | July 12, 2024 |
| Responses in opposition to dispositive motions in Bellwether trial eligible cases | August 2, 2024 |
| Replies to dispositive motions in Bellwether Trial Eligible Cases | August 16, 2024 |
| Consolidated pretrial order deadline in Bellwether trial eligible cases | September 16, 2024 |
| Motion in limine deadline in Bellwether trial eligible cases | September 23, 2024 |
| Responses to motions in limine in Bellwether trial eligible cases | September 30, 2024 |
| Pretrial Conference in Bellwether trial eligible cases | **October 7, 2024 at 10:00 a.m.** |
| Final Pretrial Conference in Bellwether trial eligible cases | **October 22, 2024 at 1:30 p.m. AND October 25, 2024 at 1:30 p.m.** |
| First Bellwether Trial | **October 28, 2024** |

IT IS SO ORDERED this <u>29th</u> day of <u>August</u>, 2023.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 3:25-md-3140 |
| This Document Relates to:<br>*Toney v. Pfizer, et al.*, 3:24cv624<br>*Wilson v. Pfizer, et al.*, 3:25cv100<br>*Schmidt v. Pfizer, et al.*, 3:25cv81<br>*Blonski v. Pfizer, et al.*, 3:25cv167<br>*Valera Arceo, et al. v. Pfizer, et al.*, 3:25cv98 | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## AMENDED SCHEDULING ORDER

The Court hereby amends the discovery and briefing schedule for the initial Pilot Cases, ECF No. 179-1 (MDL Docket), to ensure that the preemption briefing is ripe no later than 12:00 p.m. CT on Friday, September 26, 2025.[1]

| Date | Event |
|---|---|
| March 13, 2025 | Deadline for Pilot Case Plaintiff(s) to file amended complaint(s) |
| March 27, 2025 (14 days after second CMC) | Discovery opens |
| March 27, 2025 (14 days after second CMC) | Defendants to Answer and serve 26(a)(1) disclosures in Pilot Cases |
| May 11, 2025 (45 days after start of discovery) | Defendants' certification of completion of document production on preemption and general causation |

---

[1] Amended dates are in *italics*.

| Date | Event |
|---|---|
| July 25, 2025 (75 days after Defendants' certification/120 days after start of discovery) | Close of preemption discovery |
| *August 22, 2025 (28 days after close of preemption discovery)* | *Motions for summary judgment regarding preemption to be filed* |
| *September 19, 2025 (28 days after opening preemption motion briefs)* | *Opposition to preemption MSJs to be filed* |
| September 23, 2025 (135 days after Defendants' certification/180 days after start of discovery) | Close of general causation fact discovery |
| *September 26, 2025 at 12:00pm CT (7 days after oppositions to preemption motions)* | *Replies in support of preemption MSJs to be filed* |
| *September 29, 2025* | *Oral argument on preemption MSJs* |
| October 23, 2025 (30 days after close of general cause discovery) | Plaintiffs' general causation expert disclosures |
| November 22, 2025 (30 days after Plaintiffs' general cause expert disclosures) | Defendants' general causation expert disclosures |
| January 10, 2026 (50 days after Defendants' general cause expert disclosures) | Deadline for depositions of all general causation experts |
| February 10, 2026 (30 days after deadline for depositions of general cause experts) | Rule 702 motions regarding general causation experts to be filed |
| March 12, 2026 (30 days after opening Rule 702 motions filed) | Oppositions to Rule 702 motions to be filed |
| March 19, 2026 (7 days after oppositions to Rule 702 motions) | Replies in support of Rule 702 motions to be filed, if requested by movants and permitted by Court |

**SO ORDERED** on this 19th day of June, 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case 1:19-md-02875-RMB-SAK   Document 2398   Filed 10/03/23   Page 1 of 55 PageID: 129894
Case 2:21-mc-01230-JFC   Document 2398   Filed 10/03/23   Page 1 of 55
PageID: 129894

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**<br><br>This Document Relates to:<br><br>*All Personal Injury and Medical Monitoring Cases* | Master Docket: No. 21-mc-1230-JFC<br><br>MDL No. 3014 |

## [PROPOSED] SCHEDULING ORDER SETTING AND/OR REVISING CERTAIN DEADLINES FOR THE <u>PERSONAL INJURY AND MEDICAL MONITORING TRACKS</u>

Upon consideration of the parties' joint motion, the following deadlines shall apply:[1]

### I. Individual Personal Injury Claims

| Date | Individual Personal Injury Claims |
|---|---|
| 1/16/2024 | Settlement Mediator Welsh report to Court on status of mediations of personal injury claims. |
| 4/30/2024 | Conclusion of general causation fact discovery. |
| 5/30/2024 | Plaintiffs' Rule 26(a)(2) expert disclosures on general causation. |
| 7/30/2024 | Defendants' Rule 26(a)(2) expert disclosures on general causation.<br><br>Conclusion of generally-applicable fact discovery, including Defendant and non-party depositions (this deadline does not include case-specific fact discovery).[2] |

---

[1]     This Order amends and supersedes the deadlines for the Medical Monitoring track in ECF No. 1911. All dates herein assume timely completion of production. Further, the parties reserve their full rights to seek a different schedule if there are any further amendments permitted by the Court to one or more of the operative complaints.

[2]     The parties recognize that, given the nature of the personal injury claims in the MDL, the factual record and issues may evolve after the close of generally applicable fact discovery. To the

| Date | Individual Personal Injury Claims |
|------|-----------------------------------|
| 8/30/2024 | Parties to submit stipulated or competing proposals for selection of individual bellwether personal injury cases and schedules for completion of fact and expert discovery and motion practice on specific cases.<br><br>Plaintiffs' Rule 26(a)(2) rebuttal expert disclosures on general causation. |
| 10/30/2024 | Deadline to complete expert depositions on general causation. |
| 12/2/2024 | Deadline to file Rule 702/Daubert motions on general causation experts, and for summary judgment motions on general causation. |
| 1/17/2025 | Deadline for Parties to file oppositions to Rule 702/Daubert motions and to summary judgment motions on general causation. [3] |
| 2/18/2025 | Deadline for reply briefs on summary judgment motions on general causation. |
| 3/2025 or 4/2025 | *Potential hearing date on Rule 702/Daubert issues and summary judgment motions on general causation.* |

## II.    Medical Monitoring Putative Class Action

| Date | Medical Monitoring Putative Class Action |
|------|------------------------------------------|
| 1/16/2024 | Settlement Mediator Welsh to report to Court on status of mediations of medical monitoring claims. |
| 4/30/2024 | Conclusion of all fact discovery related to class certification, including Party and non-party fact depositions. |
| 5/30/2024 | Plaintiffs' Rule 26(a)(2) expert disclosures relevant to class certification. |
| 7/30/2024 | Defendants' Rule 26(a)(2) expert disclosures relevant to class certification. |
| 8/30/2024 | Plaintiffs' Rule 26(a)(2) rebuttal disclosures relevant to class certification. |
| 10/30/2024 | Deadline to complete expert depositions relevant to class certification. |
| 12/2/2024 | Plaintiffs file motion for class certification. |
| 1/17/2025 | Defendants file class certification opposition. |
| 2/18/2025 | Plaintiffs file reply in support of class certification. |

---

extent that plaintiffs or defendants request supplemental discovery in connection with the prosecution of personal injury claims thereafter, the parties shall confer on such request and the appropriate scope thereof.  In the event the parties are unable to reach agreement, the matter shall be presented to the Court for resolution.

[3]      Depending on the number of Rule 702/Daubert motions that are filed, the parties may seek an extension of time to file oppositions and reply briefs.

2

| Date | Medical Monitoring Putative Class Action |
|------|------------------------------------------|
| 3/25/2025 | Parties file Rule 702/Daubert motions on class certification issues. |
| 4/25/2025 | Parties file Rule 702/Daubert oppositions on class certification issues. |
| 5/2025 or 6/2025 | *Potential hearing date for Rule 702/Daubert motions on class certification experts (subject to Court's scheduling)* |

**DONE** and **ORDERED** this _____ day of _____, 2023.


_____
**HONORABLE JOY FLOWERS CONTI**
*Senior United States District Judge*

David R. Kott – N.J. Attorney ID #018131977
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
(973) 639-2056
(973) 624-7070 FAX

Kelly S. Crawford, Esq. N.J. Attorney ID #029141993
**RIKER, DANZIG, SCHERER, HYLAND
& PERRETTI, LLP**
Headquarters Plaza
One Speedwell Avenue
Morristown,  NJ 07962
(973) 451-8417
(973) 538-1984

William M. Gage, Esq. (*Pro Hac Vice*)
**BUTLER SNOW LLP**
Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway
P.O. Box 6010
Ridgeland, MS 39151-6010
(601) 985-4561
(601) 985-4500 FAX

Brian Jackson, Esq. (*Pro Hac Vice*)
**BUTLER SNOW LLP**
The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
(615) 651-6716
(615) 651-6701 FAX

*Attorneys for Defendants
Johnson & Johnson & Ethicon, Inc.*

FILED

OCT 0 3 2019

JOHN C. PORTO, J.S.C.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:  ATLANTIC COUNTY
MASTER CASE NO. ATL-L-794-19

CASE NO. 630

Civil Action

IN RE PROCEED MESH LITIGATION

(Proceed® Surgical Mesh and Proceed®
Ventral Patch Hernia Mesh)

: 
: 
: 
: 
: 
: 
: 
: 
: 
: 

**CASE MANAGEMENT ORDER NO. 7**

**[DISCOVERY, SCHEDULING AND CASE
MANAGEMENT – INITIAL DISCOVERY
POOL]**

ME1 31520329v.1

This matter having been opened to the Court at a Case Management Conference held on September 19, 2019, in the presence of the attorneys for the Plaintiffs and the attorneys for the Defendants and good cause appearing:

IT IS on this 3rd day of October, 2019,

**ORDERED**:

1. Amendments and Joinder

   a. Except as may be further ordered by the Court, all motions for leave to amend a complaint or to join additional parties shall be filed by Plaintiffs no later than 60 days after the Court's selection of such cases to be within the "Initial Discovery Pool," as described below.

2. General Discovery Rules

   a. Applicability of rules.  Except as otherwise provided by this Court's Case Management Orders, the Rules governing the Courts of the State of New Jersey shall apply in this MCL.

   b. In accordance with the Supreme Court of New Jersey's March 12, 2019 Order creating this MCL, the Court will determine at a later time if any cases should be transferred for trial to a county where venue would be proper.

3. Selection of Cases for Individual Discovery

   a. On March 3, 2020, 30 cases shall be selected for individual discovery ("Initial Discovery Pool") in the following manner:

      i. The Court shall randomly select 20 cases;

      ii. The Plaintiffs shall select 5 cases; and

      iii. The Defendants shall select 5 cases.

2

ME1 31520329v.1

b. Other than provision of Plaintiff Profile Forms (as set out in Case Management Order No. 6), the cases selected for the Initial Case Discovery Pool shall be the only cases that move forward with case-specific discovery at this time, except upon further Order of the Court.

c. Plaintiffs will provide a completed Plaintiff Fact Sheet on each of the cases in the Initial Discovery Pool by May 15, 2020. Defendants will provide a complete Defendant Fact Sheet on each of the cases in the Initial Discovery Pool by July 15, 2020.

d. Sales representative documents shall be produced no later than September 1, 2020.

e. Fact discovery on the cases in the Initial Discovery Pool may begin immediately after the deadline for service of the Plaintiff Fact Sheets. Depositions of implanting and physicians may be scheduled beginning September 1, 2020, or as otherwise agreed by the parties.

f. The parties are directed to work together to schedule the appropriate case-specific depositions. Plaintiffs shall have the first responsibility for scheduling treating physician's depositions that are requested by either party. If plaintiffs have not obtained a date for a physician deposition within 21 days of a request by Defendants, then a non-lawyer from a law firm representing Defendants may contact the physician's office or scheduling assistant for the purpose of scheduling the deposition.

g. For the Initial Discovery Pool, the parties shall be limited to a maximum of five case-specific depositions per case of deponents who fit the following criteria:

3

MEI 31520329v.1

     i.   The physician(s) who implanted the Ethicon mesh device(s) that are the subject of the claims in this case;

     ii.   The physician(s) who performed a revision and/or removal surgery of the Ethicon mesh device(s) that are subject to the claims pending in this Court;

     iii.   If there are no physician(s) who fit the criteria in II. Above, then up to, but no more than two physician(s) who have treated the Plaintiff for his/her alleged injuries; and

     iv.   The Plaintiff and Consortium Plaintiff, if applicable.

h.   The parties anticipate that these limits are sufficient, however, some cases may present specialized circumstances and, if so, if either party seeks to take additional depositions beyond those specified above, the parties shall meet and confer and if unable to agree shall apply to the Court for permission for the additional depositions. In applying to the Court, the party applying for more depositions shall set forth with particularity why the depositions listed above do not provide sufficient discovery as to why or why not the case is an appropriate trial pool case.

i.   The parties shall complete case-specific depositions by November 2, 2020 and proceed to selection of Trial Pool Cases.

4.   Trial Pool Cases and Trial Cases

a.   On November 13, 2020, the Plaintiffs will choose 3 cases, the Defendants will choose 3 cases, and the Court will choose 3 cases, which will proceed with expert discovery ("Trial Pool Cases").

4

ME1 31520329v.1

b.  Additional Depositions for Trial Pool:  For each Trial Pool Case, each party may conduct such additional depositions as may be necessary.  All such additional depositions must be completed by January 15, 2021.

c.  Expert Disclosures and Discovery:

i.  For each Trial Pool case, Plaintiffs' expert disclosures and reports shall be served by January 15, 2021.  Defendant's expert disclosures and reports shall be served by March 15, 2021.  Rebuttal reports by Plaintiff's experts shall be served by April 1, 2021.

ii.  The parties will meet and confer with respect to scheduling of expert depositions and deposition of experts may commence as of April 1, 2021.  All expert depositions for the Trial Pool Cases shall be completed by June 1, 2021.

iii.  The Plaintiffs' Executive Committee shall designate who will question each expert witness on their "general" opinions.

iv.  The parties should coordinate the depositions of expert witnesses to the extent there is overlap in the use of experts in multiple Trial Pool Cases.  Insofar as either party utilizes or relies on the same general (non-case-specific) expert(s) in multiple cases, those experts shall be deposed only once with respect to their general opinions, unless the expert has offered additional general opinions beyond the initial report.

d.  Trial case selection:  By June 15, 2021, each side will submit to the Court, outside of the electronic filing system, a memorandum in support of their proposed manner of trial, order of selection of plaintiffs for the initial trials, and timing of trial(s). For clerical and tracking purposes, each party shall simultaneously e-file a

5

ME1 31520329v.1

document under "general correspondence" alerting the clerk and administrative personnel that said trial memorandum has been submitted. By July 1, 2021, the parties may submit a response to the opposing party's memorandum using the same procedure.

e. Motions: Any dispositive motions in the Trial Pool Cases shall be filed by July 15, 2021. Responses shall be filed by July 30, 2021. Replies shall be filed by August 13, 2021.

f. General Evidentiary Motions: For the filing of evidentiary motions relating to general expert opinions (non-case-specific opinions), the parties are instructed to file only one motion per expert in the main MCL docket instead of the individual member case docket. Case-specific motions (addressing opinions applicable to only an individual Trial Pool Case) shall be filed only in the individual case.

g. The Court will set the first trial for October 2021 and will set further trials thereafter (the "Trial Cases"). The Court will schedule a pre-trial conference at the appropriate time. Deadlines for filing motions in limine in the Trial Cases shall be established at a later date.

h. If Plaintiffs voluntarily dismiss a Discovery Pool case for reasons other than settlement of the case, a replacement case will be selected in the same manner that the dismissed case was selected pursuant to paragraph 3a above. If Plaintiffs dismiss a Trial Pool Case for reasons other than settlement after it is has been set for trial, the Defendants shall have the right to select a replacement case to be tried on the same date from the Trial Pool.

_____
HONORABLE JOHN C. PORTO, J.S.C.

6

ME1 31520329v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION** | **Case No. 3:21-md-3004-NJR** |
| | **MDL No. 3004** |
| **This Document Relates to All Cases** | |

## CASE MANAGEMENT ORDER NO. 12
## PROTOCOL FOR THE SELECTION OF TRIAL CASES

**ROSENSTENGEL, Chief Judge:**

In the interest of effective and efficient case management of this complex litigation, the following procedures are established for the identification and selection of individual cases to be tried in this MDL, and further to establish a fact and expert discovery schedule for these cases.

### A. IDENTIFICATION OF TRIAL CASES

1. Plaintiffs shall select **eight** cases, Defendant Chevron U.S.A. Inc. shall select **four** cases, and the Syngenta Defendants shall select **four** cases for limited fact discovery. The cases eligible to be considered for early trial selection are those cases in which a Complaint was filed on or before **December 3, 2021**, and a completed Plaintiff Assessment Questionnaire ("PAQ") that is not materially deficient was served and received by Defendants on or before **December 8, 2021**. The case selections shall be submitted to opposing counsel and to the Court *via email only* at ParaquatMDL@ilsd.uscourts.gov on or before **December 15, 2021**.

2. It is imperative for the trial selection process that both sides waive

Page 1 of 4

applicable venue and *forum non coveniens* challenges and stipulate that the trial of any case can be conducted in the Southern District of Illinois without remanding any case to the transferor forum under *Lexecon v. Milberg Weiss* ("*Lexecon* Waiver"). Accordingly, for any plaintiff selected by Plaintiff's counsel or Defendants' counsel for limited discovery, it is understood that there shall be a *Lexecon* Waiver for each case. For any other cases selected for limited discovery, absent a *Lexecon* Waiver within 72 hours of the selection, plaintiff or his/her counsel shall inform Special Master Ellis why a *Lexecon* Waiver is not being made. Should it be determined that a *Lexecon* Waiver is not possible, the Court will provide further guidance on the trial selection process.

**B.     COMPLETION OF LIMITED & ADDITIONAL FACT DISCOVERY**

1.     Limited fact discovery for the selected cases shall be completed by **March 31, 2022**. Limited fact discovery is defined as the written fact sheets, all documents requested in any fact sheet, and not more than **three depositions** per plaintiff:   plaintiff or plaintiff's family member, one treating or diagnosing physician, and one fact witness regarding exposure. Discovery beyond these depositions as part of limited discovery may be permitted only upon agreement of the parties or with leave of Court.

2.     Upon completion of limited discovery, Plaintiffs may suggest **two** cases to be stricken and each defendant may suggest **one** case to be stricken by submitting their suggested strikes to the Court *via email only* at ParaquatMDL@ilsd.uscourts.gov by **April 15, 2022**. By the end of April 2022, the Court will select cases for motion practice and additional fact discovery.

3.     After the Court selects the trial cases, the parties shall designate additional

fact witnesses who may be called as witnesses in those trials on or before **May 13, 2022**.

Depositions of these fact witnesses, not previously deposed during the limited discovery,

shall take place on or before **June 17, 2022**.

    4.    All additional fact discovery shall be completed by **June 17, 2022**.

**C.**    **COMPLETION OF EXPERT DISCOVERY**

    1.    Pursuant to Federal Rule of Civil Procedure 26, Plaintiffs shall designate their expert witnesses on or before **March 31, 2022**.

    2.    Defendants shall designate their expert witnesses on or before **April 15, 2022.**

    3.    Plaintiffs shall designate any rebuttal experts on or before **April 29, 2022**.

    4.    Expert depositions shall be completed by **June 17, 2022.**

**D.**    **MOTION PRACTICE**

    1.    Dispositive motions, **including motions for summary judgment and** *Daubert* **motions**, shall be filed on or before **July 1, 2022**.

    2.    Responses to summary judgment and *Daubert* motions shall be filed within **30 days** of the motion filing date.

    3.    Replies to summary judgment and *Daubert* motions, if any, shall be filed within **14 days** of the response filing date.

    4.    Motions *in limine* for the first trial case shall be filed by **September 15, 2022**. Responses shall be filed by **September 29, 2022**.

**E.**    **TRIALS**

    1.    As previously ordered, the final pretrial conference will take place on

**October 27, 2022, at 2 p.m.** Trial will begin on **November 15, 2022, at 9 a.m.**

2.     Additional trials will take place on **March 13, 2023**, **June 12, 2023**, and **September 18, 2023**. Final pretrial conference for those trial dates will be set by separate order.

**IT IS SO ORDERED.**

**DATED:     December 3, 2021**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: ELMIRON (PENTOSAN POLYSULFATE SODIUM) PRODUCTS LIABILITY LITIGATION | Case No. 2:20-md-02973 (BRM)(ESK) |
| | MDL No. 2973 |
| | JUDGE BRIAN R. MARTINOTTI |
| | JUDGE EDWARD S. KIEL |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CASE MANAGEMENT ORDER NO. 17**
**(Bellwether Selection and Scheduling Order)**

## I.    SCOPE OF ORDER

In furtherance of the effective and efficient case management of complex litigation, this Case Management Order ("CMO") will govern the guidelines and procedures for selecting bellwether cases as part of *In Re: Elmiron (Pentosan Polysulfate Sodium) Products Liability Litigation* ("MDL No. 2973"). This Order will further govern the guidelines and procedures for case-specific discovery to be conducted in bellwether cases (the "Bellwether Discovery Cases"), a smaller subset of which (three) will be proposed and designated as trial cases ("Bellwether Trial Cases"). The guidelines and procedures set forth herein will apply to all actions that are a part of MDL No. 2973, including those transferred to MDL No. 2973 by the Judicial Panel on Multidistrict Litigation ("JPML"); those directly filed in this Court, whether pursuant to Amended CMO 6 (Direct Filing Order) or not; and those removed to this Court.

A number of provisions in this Order, including certain limitations on discovery and the scope of motions practice, reflect compromise and agreement reached by the parties through

1

extensive meet and confer efforts as well as assistance from Special Master Polifroni.  These agreements reflect the parties' assessment of the unique facts and circumstances presented by the cases coordinated in this MDL.

## II.     CASE ELIGIBILITY

A.     A case shall be eligible for initial selection to undergo case-specific bellwether discovery ("Eligible Cases") only where: (1) the plaintiff ingested Elmiron and has provided proof of prescription on or before November 7, 2021; (2) the plaintiff developed pigmentary maculopathy and/or exacerbation of underlying retinal disorder subsequent to Elmiron use;[1] and (3) the plaintiff has uploaded a substantially complete PFS to BrownGreer's MDL Centrality platform on or before September 24, 2021.

## III.    PROTOCOL FOR SELECTION OF BELLWETHER DISCOVERY AND TRIAL CASES

A.     On or before November 15, 2021, Plaintiffs Executive Committee and Lead Counsel for Defendants shall each select and exchange **10** Eligible Cases to undergo case-specific bellwether discovery for a total of **20** Bellwether Discovery Cases.  When exchanging selections, each party will provide a list that includes the following information regarding the plaintiffs that they have selected:  Plaintiff's counsel, case index number, and primary alleged injury.

B.     By November 17, 2021, the parties shall exchange written *Lexecon* waivers for all Bellwether Discovery Cases.  To the extent a party fails to waive *Lexecon*, the matter shall be

---

[1] A party shall not be permitted to challenge the inclusion of a particular case as one of the other party's 10 Bellwether Discovery Cases on the basis of the particular plaintiff's injury or damages alleged.

addressed with Special Master Polifroni immediately and by no later than Friday, November 19, 2021.

C.     On or before November 22, 2021, Plaintiffs' Executive Committee and Defendants' Liaison Counsel will jointly notify the Court of their respective selections comprising the Bellwether Discovery Cases.

D.     Unless otherwise agreed by the parties, if a Bellwether Discovery Case Plaintiff dismisses a Bellwether Discovery Case *before* December 20, 2021, the party which originally selected the Bellwether Discovery Case may select a replacement case within 10 days of dismissal. If a Bellwether Discovery Case Plaintiff dismisses a Bellwether Discovery Case *after* December 20, 2021 (so long as the dismissal is not based upon a ruling or decision from the Court or due to a a mutually agreed to resolution of the case), Defendants may select a replacement case within 10 days of dismissal.

E.     Pursuant to the schedule and procedures described below in Section IV, all parties may commence Fact Discovery in the Bellwether Discovery Cases on November 22, 2021 and this fact discovery shall be completed by March 31, 2022, with one exception for certain sales related depositions as described in Part III.F.5 below.

F.     To facilitate the efficient conduct of fact discovery in the Bellwether Discovery Cases and compliance with the deadlines herein:

1.  On or before December 8, 2021, Plaintiffs' counsel shall be required to provide two dates in January 2022 for depositions of each of the injured plaintiffs selected as a Bellwether Discovery Case, and Defendants shall be required to accept one of those two dates on or before December 15, 2021. In offering deposition dates, Defendants' counsel and Plaintiffs' Executive Committee and/or its designee will

use best efforts to coordinate and avoid offering dates that will necessitate more than 2 individual plaintiff depositions on any day.

2. For any defense witness that a Bellwether Discovery Case Plaintiff seeks to depose, within 14 days of a request for said deposition, Defendants shall provide two available dates for that witness's deposition or provide a last known address. Case-specific defense depositions in the Bellwether Discovery Cases are not subject to the time limitations set out in the CMO Regarding Deposition Limits but shall be made consistent with the agreements reflected in that Order. Namely, witnesses whose depositions already have been taken pursuant to general MDL discovery shall not be re-deposed in any Bellwether Discovery Case absent good cause. Nothing in this Order shall prohibit Defendants from objecting to a proposed case-specific deposition and promptly raising their objections with the requesting Counsel and Special Master Polifroni as necessary. Further, this section is not intended to address sales related depositions, which are defined and governed by Section III.F.5 below.

3. For any witness beyond the injured Plaintiff and Treating Doctors (defined in Section III.F.4. below) that Defendants seek to depose in a Bellwether Discovery Case, within 14 days of a request for said deposition, Plaintiff's counsel shall provide two available dates for that witness's deposition or provide a last known address. Nothing in this Order shall prohibit Plaintiff's counsel and/or a PEC designee from objecting to a proposed case-specific deposition and promptly raising their objections Defendants and Special Master Polifroni as necessary.

4. Beginning on December 15, 2021, Plaintiff's counsel and/or a designee of the Plaintiffs' Executive Committee and Defense Lead Counsel, Defense Liaison Counsel and/or their designee will develop a plan and process to coordinate and schedule the depositions of the relevant prescribing doctors and treating physicians ("Treating Doctors") who rendered care and treatment to the plaintiffs who are part of the Bellwether Discovery Pool. The parties will endeavor to schedule and depose the Treating Doctor depositions during the months of February and March 2021. For any Treating Doctor, the relevant Bellwether Discovery Case Plaintiff shall be deposed first, absent special circumstances.

5. With respect to sales representative depositions, each Bellwether Discovery Case will be initially limited to two such depositions for a total of 40 sales representative depositions to occur before the March 31, 2022 preliminary fact discovery cut off. In addition, upon selection of the Bellwether Trial Cases described in Section III.G below, each Bellwether Trial Case may request up to three (3) additional sales related deposition, *i.e.,* either deposition(s) of additional sales representatives or deposition(s) of regional manager, for a total of up to 49 sales related depositions during the entire bellwether process. The parties will work to schedule the 9 additional sales related depositions permitted in the Bellwether Trial Cases during the month of April and up through May 5, 2022. For purposes of the additional sales related depositions, the witnesses requested in each Bellwether Trial Case must relate to and be relevant to the case-specific plaintiff's prescribing doctor(s) or his/her practice.

G.      With respect to Treating Doctor depositions, nothing shall prevent a Plaintiff or her/his counsel from meeting with a Treating Doctor. Should a Bellwether Discovery Case Plaintiff or her/his counsel show or provide a Treating Doctor with copies of some or all documents or other materials contained in Defendants' document production, the identity of such documents or materials shall be disclosed to Lead and Liaison Counsel for Defendants or their designee no later than 48 hours prior to the Treating Doctor's deposition. In the event that documents or other materials are shown or provided to a Treating Doctor within 48 hours of a deposition, then said documents or materials shall be provided to Lead and Liaison Counsel for Defendants or their designee as soon as practical and must be provided at least 3 hours before questioning begins at the Treating Doctor's deposition. Further, before a Treating Doctor is provided such documents or materials, if provided in advance of a deposition, he/she must sign Exhibit A to the Protective Order (as required by that Order), a copy of which shall be provided to Lead and Liaison Counsel for Defendants.

H.      Following fact discovery of the 20 Bellwether Discovery Cases, three (3) cases will be selected as the Bellwether Trial Cases. The Bellwether Trial Cases will be selected on April 8, 2022, and either selected by the Court or selected as follows:

- One case will be selected by the Plaintiffs' Executive Committee;

- One case will be selected by the Defendants' Lead Counsel;

- One case will be selected by the Court.

Should the Court desire briefing, facts or data to make case selections, such request shall be discussed no later than the March 2022 Case Management Conference and shall be provided by the parties on or before April 1, 2022.

I.      The three (3) Bellwether Trial Cases will proceed to Expert Discovery as follows:

6

1. Plaintiffs shall serve expert reports in each of the three (3) cases by May 10, 2022.

2. Defendants shall serve expert reports in each of the three (3) cases by June 17, 2022.

3. Plaintiffs shall serve rebuttal reports, if any, in each of the three (3) cases by June 27, 2022.

4. Expert Depositions shall commence no earlier than June 17, 2022 and shall be completed by September 9, 2022.

J. Expert depositions shall not commence until all expert reports have been tendered, although if a given expert does not intend to tender a rebuttal report, the parties may start the deposition(s) of such expert after June 17 and before June 27, 2022.

K. Along with any Rule 26(a) expert disclosures, the parties shall provide two dates when an expert is available for their deposition.

L. For each medical or scientific discipline, the parties shall schedule the deposition for the Plaintiff's expert first, with a deposition of the corresponding Defendants' expert, if any, to follow no sooner than forty-eight (48) hours later. The parties shall meet and confer on scheduling and work cooperatively to achieve this order as often as feasible.

M. The parties intend that the limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provisions of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply.

## IV. SCHEDULE FOR BELLWETHER DISCOVERY AND TRIAL CASES[2]

A. The schedule is as follows:

---

[2] The deadlines in Section IV will apply only to those cases selected as Bellwether Discovery Cases.

| November 15, 2021 | Initial Bellwether Discovery Cases to be selected. |
|---|---|
| November 22, 2021 | Final Bellwether Discovery Cases reported to Judge Martinotti and Fact Discovery to Commence for the 20 Bellwether Discovery Cases. |
| December 2, 2021 | For each plaintiff selected as a Bellwether Discovery Case, his/her counsel shall provide to Defense Lead and Defense Liaison counsel: (1) Any retinal imaging available in the plaintiff or his/her counsel's possession, including in color, digital format where available; and (2) All ophthalmology records in the plaintiff or his/her counsel's possession, including any medical records reflecting a diagnosis of the vision related issue (pigmentary maculopathy or underlying retinal disorder alleged to have been exacerbated subsequent to Elmiron use) identified during the parties' selection of Bellwether Discovery Cases, as set out in Section III.A above. |
| March 31, 2022 | Completion of fact discovery for the 20 Bellwether Discovery Cases, with the exception of the additional sales related depositions for the 3 Bellwether Trial Cases described in Section III.E.5. above. |
| April 8, 2022 | Either the Court will select the three (3) cases to serve as Bellwether Trial Cases or the parties will each pick one and the Court will pick one. |
| May 10, 2022 | Deadline for Plaintiffs to serve expert reports in each of the three (3) Bellwether Trial cases. |
| June 17, 2022 | Deadline for Defendants to serve expert reports in each of the three (3) Bellwether Trial cases. |
| June 27, 2022 | Deadline for Plaintiffs to serve rebuttal expert reports in each of the three (3) Bellwether Trial cases. |
| September 9, 2022 | Expert Depositions to conclude. |
| September 13, 2022 | Dispositive motions to be filed. |
| September 20, 2022 | *Daubert* motions to be filed. |
| October 13, 2022 | Opposition briefs to dispositive motions to be filed. |
| October 20, 2022 | Opposition briefs to *Daubert* motions to be filed. |
| October 26, 2022 | Reply briefs to dispositive motions to be filed. |
| November 4, 2022 | Reply briefs to *Daubert* motions to be filed. |

8

| January 2023 | Bellwether Trial Case No. 1 will commence. |
| March 2023 | Bellwether Trial Case No. 2 will commence. |
| May 2023 | Bellwether Trial Case No. 3 will commence. |

B.      To the extent dispositive motions are filed, Defendants reserve the right to file a total of 4 dispositive motions. One such motion may be filed in a Bellwether Discovery Case that is not chosen as a Bellwether Trial Case; the other 3 motions may only be filed in one or more of the Bellwether Trial Cases.  However, *Daubert* motions shall be limited to the Bellwether Trial Cases.

C.      On or before August 1, 2022, the parties will negotiate a Case Management Order to submit to the Court for approval that will set forth the final pre-trial schedules and deadlines for the three (3) Bellwether Trial Cases, which shall include schedules and deadlines for the following: (1) motions *in limine*, oppositions, replies, and argument(s), if so determined by the Court; (2) deposition designations, counter designations and objections, including objections to counter designations and reply designations; (3) fact witness and expert witness lists; (4) exhibit lists and objections; (5) proposed jury instructions; (5) proposed *voir dire* process, including a questionnaire, if any; (6) a date for a final pre-trial conference; and (6) any other deadlines and hearings as the Court requires.

D.      This Order may be modified or amended for good cause shown, after appropriate

notice and opportunity to be heard is provided to the affected parties, when the Court believes the

interest of justice requires modification.


It is **SO ORDERED.**                                      **BY THE COURT:**



                                                          __/s/ Brian R. Martinotti_____
                                                          Hon. Brian R. Martinotti, USDJ