# Exhibit H

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: DEPO-PROVERA (DEPOT
MEDROXYPROGESTERONE
ACETATE) PRODUCTS LIABILITY
LITIGATION

This Document Relates to:
All Cases

Case No. 3:25-md-3140

Judge M. Casey Rodgers
Magistrate Judge Hope T. Cannon

PRETRIAL ORDER NO. 23
(Identification of Deficiencies in Complaints)

The Parties have conferred and agreed on a process for identifying potential deficiencies in Plaintiff Complaints. The Court agrees that an efficient and organized process for evaluating all Plaintiffs' initial pleadings, including their compliance with the direct filing procedures in Pretrial Order ("PTO") No. 10, is important to the effective management of the MDL.

Complaints in the MDL must contain the following allegations:

1. The Plaintiff has a **Requisite Physical Injury**—i.e., Meningioma, Intracranial meningioma, Intercranial meningioma, Cranial meningioma, Brain meningioma, Meninges tumor, Arachnoid tumor (but not arachnoid cyst), Convexity meningioma, Falcine meningioma, Parasagittal meningioma, Intraventricular meningioma, Skull base meningioma, Sphenoid wing meningioma, Olfactory groove meningioma, Posterior fossa/petrous meningioma, Suprasellar meningioma, Recurrent meningioma, Foramen magnum meningioma, Meningothelial meningioma, Fibrous meningioma, Psammomatous meningioma, Angiomatous meningioma, and/or Secretory meningioma.

2. The Requisite Physical Injury resulted from and/or was exacerbated by the Plaintiff's use of a **Requisite Product**—i.e., Depo Provera, Depo-Provera, DPCI, Depo Provera IM, DMPA, Depot medroxyprogesterone acetate, Medroxyprogesterone Acetate, MPA, IM MPA, Depo-SubQ Provera 104, Greenstone Medroxyprogesterone, Greenstone MPA, Prasco Medroxyprogesterone, and/or Prasco MPA.

3. The **citizenship of the Plaintiff**, in a Threshold Allegations or jurisdiction and venue section in the body of the Complaint. *See* PTO 10.

4. The **citizenship of each named Defendant**, in a Threshold Allegations or jurisdiction and venue section in the body of the Complaint (must identify and include the citizenship of the individual members of any named Defendant, or member, that is an LLC, LLP, or unincorporated entity). *See* PTO 10.

5. For **Direct-Filed** Complaints Only:

   a. The **Designated Forum** (the federal district in which the Plaintiff would have filed his or her case in the absence of direct filing in the MDL Court), which must be listed in the bottom right corner of the **case caption**, by federal District and Division. *See* PTO 10.

   b. The **Designated Forum** must also be listed in a Threshold Allegations or jurisdiction and venue section in the **body of the Complaint**. *See* PTO 10.

BrownGreer will review Complaints for deficiencies as outlined in the protocol attached as Exhibit A.[1] Specifically, if BrownGreer identifies a deficiency, it will notify the Plaintiff, who will then have an opportunity to cure by submitting an Amended Complaint to BrownGreer within two business days, as detailed in Exhibit A.[2] BrownGreer will then review the Complaint again for compliance. If

---

[1] A more detailed overview of the standard procedure for analysis of the deficiencies in Complaints can be found in the Case Information section on the home page of the MDL Centrality Depo-Provera portal available at www.mdlcentrality.com.

[2] No alterations to the Complaint are authorized by this Order except as necessary to cure deficiencies in these threshold allegation requirements.

BrownGreer finds the defect is cured, it will so notify the Plaintiff, who may then file the amended pleading on the individual docket without moving for leave to amend. BrownGreer will inform the Court of any Plaintiff who has failed to cure the deficiency(cies) identified through this process. In those instances, the Court will first enter a docket annotation on the individual docket directing the Plaintiff to address the remaining deficiencies by filing an Amended Complaint within seven days. If an individual Plaintiff does not timely comply, the Court will issue a formal Order to Show Cause to address the deficiency or otherwise demonstrate why sanctions, up to and including dismissal, should not be imposed.

The standardized templates attached as Exhibit B (for a Direct Filed Complaint) and Exhibit C (for a Complaint filed in another district that will be transferred to the MDL Court) contain the threshold allegations that must be included in all Complaints. Plaintiffs are encouraged to take advantage of these standardized templates, which may also be found in Word format in each user Portal with BrownGreer.

The Court notes that a majority of the Complaints already filed in this Court or in other districts and transferred to this MDL do not contain the requisite threshold allegations. All Complaints filed to date in the MDL, including in transferred cases, will be reviewed for deficiencies and evaluated by the process described in this Order and its attachments. Counsel for the Plaintiffs in all currently pending cases may

proactively submit an Amended Complaint to correct any existing deficiencies, without awaiting the BrownGreer evaluation and without moving individually for leave of Court, within 20 days from the date of this Order.

**SO ORDERED** this 12th day of May, 2025.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

<u>Complaint Review Process</u>

What will BrownGreer review in Complaints for deficiencies?

**Allege Product Use**
- Must allege use of Depo Provera, Depo-Provera, DPCI, Depo Provera IM, DMPA, Depot medroxyprogesterone acetate, Medroxyprogesterone Acetate, MPA, IM MPA, Depo-SubQ Provera 104, Greenstone Medroxyprogesterone, Greenstone MPA, Prasco Medroxyprogesterone, and/or Prasco MPA

**Allege Injury**
- Must allege injury or injuries of Meningioma, Intracranial meningioma, Intercranial meningioma, Cranial meningioma, Brain meningioma, Meninges tumor, Arachnoid tumor (but not arachnoid cyst), Convexity meningioma, Falcine meningioma, Parasagittal meningioma, Intraventricular meningioma, Skull base meningioma, Sphenoid wing meningioma, Olfactory groove meningioma, Posterior fossa/petrous meningioma, Suprasellar meningioma, Recurrent meningioma, Foramen magnum meningioma, Meningothelial meningioma, Fibrous meningioma, Psammomatous meningioma, Angiomatous meningioma, and/or Secretory meningioma

**Citizenship Allegations**
- Must allege citizenship of the Plaintiff in a Threshold Allegations or jurisdiction and venue section in the body of the Complaint, and
- Must allege citizenship of each named Defendant in a Threshold Allegations or jurisdiction and venue section in the body of the Complaint (must identify and include the citizenship of the individual members of any named Defendant, or member, that is an LLC, LLP, or unincorporated entity)

**Direct-Filed Complaints**
- Must state Designated Forum (the federal district in which the Plaintiff would have filed his or her case in the absence of direct filing in the MDL Court), which must be listed in the bottom right corner of the case caption, by federal District and Division, and
- Must state Designated Forum in a Threshold Allegations or jurisdiction and venue section in the body of the Complaint

What is BrownGreer's deficiency process for Complaints?[1]

| BrownGreer identifes Complaint deficiency and notifies Plaintiff |  | Plaintiff has two business days to correct<br>• Upload corrected proposed Amended Complaint to MDL Centrality |  | BrownGreer reviews proposed correction<br>• BrownGreer will notify Plaintiff if deficiency is cured<br>• If not timely cured, deficiency will be referred to the Court for further action |  | Once cured, Plaintiff must file Amended Complaint on individual docket and upload as-filed version to MDL Centrality for service on Defendants |

---

[1] A Plaintiff may avoid Deficiencies in a Complaint at the outset and may cure Deficiencies by using in the initial pages of their Complaint the template Threshold Allegations paragraphs posted to each user Portal with BrownGreer.  A Plaintiff should remove the paragraph(s) for any Defendant the Plaintiff does not wish to name as a party.

# EXHIBIT B

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 3:25-md-3140 |
| This Document Relates to: [CASE NAME] | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |
| | **Designated Forum:** [DISTRICT AND DIVISION] |

## COMPLAINT

Plaintiff, [NAME], by and through the undersigned counsel, brings this civil action against Defendants for personal injuries and damages suffered by Plaintiff and alleges as follows:

### THRESHOLD ALLEGATIONS

1.     Plaintiff is a resident and citizen of [STATE].

2.     Defendant Pfizer Inc. ("Pfizer") is a corporation organized under Delaware law with its principal place of business at The Spiral, 66 Hudson Boulevard East, New York, New York 10001, and is a citizen of Delaware and of New York for the purposes of diversity under 28 U.S.C. § 1332(a).

3.     Defendant Viatris Inc. ("Viatris") is a corporation organized under Delaware law with its principal place of business in Pennsylvania. For purposes of jurisdiction based on diversity under 28 U.S.C. § 1332(a), therefore, Viatris is a

citizen of Delaware and Pennsylvania.

4. Defendant Greenstone LLC ("Greenstone") is a limited liability company organized and existing under the law of Delaware. Greenstone LLC has one member, Upjohn US 2 LLC, which is a limited liability company organized and existing under the law of Delaware. Upjohn US 2 LLC has one member, Upjohn US Holdings Inc., which is a corporation organized and existing under the law of Delaware with its principal place of business in Pennsylvania. For purposes of jurisdiction based on diversity under 28 U.S.C. § 1332(a), therefore, Greenstone LLC is a citizen of Delaware and Pennsylvania.

5. Defendant Pharmacia & Upjohn Company LLC ("Pharmacia & Upjohn") is a Delaware limited liability company with two members, Pharmacia & Upjohn LLC and Anacor Pharmaceuticals, LLC. Pharmacia & Upjohn LLC is a Delaware limited liability company, whose sole member is Pharmacia LLC. Pharmacia LLC is a Delaware limited liability company, whose sole member is Wyeth Holdings LLC, which is a Maine limited liability company. Its sole member is Anacor Pharmaceuticals, LLC, a Delaware limited liability company, whose sole member is Pfizer MAP Holding, Inc., which is organized under Delaware law and has a principal place of business in New York, New York. Defendant Pharmacia & Upjohn is therefore a citizen of Delaware and New York for the purposes of diversity under 28 U.S.C. § 1332(a).

6.      Defendant Pharmacia LLC ("Pharmacia") is a Delaware limited liability company.  As outlined above, its sole member is Wyeth Holdings LLC, and the sole member of Wyeth Holdings LLC is Anacor Pharmaceuticals, LLC.  The sole member of Anacor Pharmaceuticals, LLC is Pfizer MAP Holding, Inc., which is a corporation organized under Delaware law with a principal place of business in New York, New York.  Defendant Pharmacia is a citizen of Delaware and New York for the purposes of diversity under 28 U.S.C. § 1332(a).

7.      The Designated Forum (the federal district in which the Plaintiff would have filed his or her case in the absence of direct filing in the MDL Court) is [DISTRICT AND DIVISION].

8.      Plaintiff was administered the prescription drug depot medroxyprogesterone acetate ("DMPA").  The brand name for this prescription drug is Depo-Provera® ("Depo-Provera").

9.      Plaintiff has been diagnosed with intracranial meningioma that resulted from or was exacerbated by Plaintiff's use of Depo-Provera.

*[BODY OF COMPLAINT TO FOLLOW]*

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**[＿＿] DISTRICT OF [＿＿＿＿]**
**[＿＿＿] DIVISION**

| | |
|---|---|
| [PLAINTIFF NAME], | Case No. [＿＿＿＿] |
| Plaintiff, | |
| v. | |
| [DEFENDANTS] | |
| Defendants. | |

## COMPLAINT

Plaintiff, [NAME], by and through the undersigned counsel, brings this civil action against Defendants for personal injuries and damages suffered by Plaintiff and alleges as follows:

### THRESHOLD ALLEGATIONS

1. Plaintiff is a resident and citizen of [STATE].

2. Defendant Pfizer Inc. ("Pfizer") is a corporation organized under Delaware law with its principal place of business at The Spiral, 66 Hudson Boulevard East, New York, New York 10001, and is a citizen of Delaware and of New York for the purposes of diversity under 28 U.S.C. § 1332(a).

3. Defendant Viatris Inc. ("Viatris") is a corporation organized under Delaware law with its principal place of business in Pennsylvania. For purposes of

jurisdiction based on diversity under 28 U.S.C. § 1332(a), therefore, Viatris is a citizen of Delaware and Pennsylvania.

4. Defendant Greenstone LLC ("Greenstone") is a limited liability company organized and existing under the law of Delaware. Greenstone LLC has one member, Upjohn US 2 LLC, which is a limited liability company organized and existing under the law of Delaware. Upjohn US 2 LLC has one member, Upjohn US Holdings Inc., which is a corporation organized and existing under the law of Delaware with its principal place of business in Pennsylvania. For purposes of jurisdiction based on diversity under 28 U.S.C. § 1332(a), therefore, Greenstone LLC is a citizen of Delaware and Pennsylvania.

5. Defendant Pharmacia & Upjohn Company LLC ("Pharmacia & Upjohn") is a Delaware limited liability company with two members, Pharmacia & Upjohn LLC and Anacor Pharmaceuticals, LLC. Pharmacia & Upjohn LLC is a Delaware limited liability company, whose sole member is Pharmacia LLC. Pharmacia LLC is a Delaware limited liability company, whose sole member is Wyeth Holdings LLC, which is a Maine limited liability company. Its sole member is Anacor Pharmaceuticals, LLC, a Delaware limited liability company, whose sole member is Pfizer MAP Holding, Inc., which is organized under Delaware law and has a principal place of business in New York, New York. Defendant Pharmacia & Upjohn is therefore a citizen of Delaware and New York for the purposes of diversity

under 28 U.S.C. § 1332(a).

6.      Defendant Pharmacia LLC ("Pharmacia") is a Delaware limited liability company.  As outlined above, its sole member is Wyeth Holdings LLC, and the sole member of Wyeth Holdings LLC is Anacor Pharmaceuticals, LLC.  The sole member of Anacor Pharmaceuticals, LLC is Pfizer MAP Holding, Inc., which is a corporation organized under Delaware law with a principal place of business in New York, New York.  Defendant Pharmacia is a citizen of Delaware and New York for the purposes of diversity under 28 U.S.C. § 1332(a).

7.      Plaintiff was administered the prescription drug depot medroxyprogesterone acetate ("DMPA").  The brand name for this prescription drug is Depo-Provera® ("Depo-Provera").

8.      Plaintiff has been diagnosed with intracranial meningioma that resulted from or was exacerbated by Plaintiff's use of Depo-Provera.

*[BODY OF COMPLAINT TO FOLLOW]*