SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK, NY 10001

————

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-3453
DIRECT FAX
(917) 777-3453
EMAIL ADDRESS
RICHARD.BERNARDO@SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

September 16, 2025

**VIA CM/ECF**

Honorable Renée Marie Bumb
United States District Court
Mitchell H. Cohen Building and
U.S. Courthouse
Courtroom 3D
4th and Cooper Streets
Camden, New Jersey 08101

RE:  *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*, No.
     1:19-md-02875 (D.N.J.)

Dear Chief Judge Bumb,

This is by way of follow-up to the Court's September 9, 2025 hearing regarding ZHP's delayed production of third-party supplier certificates of analysis ("COAs") and related documents for dimethylformamide ("DMF"). This letter provides a preliminary report to the Court regarding our further investigation into the issues discussed at the hearing and proposes a path forward in an effort to resolve this dispute.[1]

We have spent considerable time over the past week further investigating these issues. Given the passage of time and change in counsel, coupled with the fact that some of the Duane Morris attorneys who were key players with respect to these issues have since moved on to other employment, we still have not been able to determine why the COAs at issue were not produced in 2020. That said, we have reviewed thousands of privileged communications and related documents between Duane Morris and ZHP regarding plaintiffs' discovery requests and document collection efforts. We have also

---

[1]  Consistent with the Court's comments at the September 9 hearing, ZHP has filed this letter under seal and will await further instruction from the Court as to whether ZHP should file a version of this letter (or provide one to plaintiffs directly) that redacts information that ZHP believes include attorney work product and/or may reveal attorney-client privileged communications.

Hon. Renée Marie Bumb
September 16, 2025
Page 2

interviewed the third-party e-discovery vendor who had a significant role in the collection of hard copy documents from ZHP as well as several attorneys at Duane Morris.  We are continuing to review additional materials, including Chinese-language communications, with the assistance of ZHP's Chinese outside counsel.  In addition, Duane Morris is in the process of identifying and reviewing potentially relevant materials in its files.

At this point in our investigation, we have not identified any communication that is inconsistent with Ms. Kong's testimony that she did not appreciate plaintiffs' need for the DMF COAs or that supports plaintiffs' claim that COAs for solvents were of particular interest to plaintiffs in 2020.  ███████████████████████████████ ████████████████████████████  Nor have we found any information remotely suggesting bad faith by ZHP or Duane Morris in responding to plaintiffs' discovery requests.  Rather, the exchanges we have identified  make clear that both ZHP and its counsel made good faith and substantial efforts to comply with ZHP's discovery obligations.



Hon. Renée Marie Bumb
September 16, 2025
Page 3

In addition, Duane Morris attorneys who were involved in the litigation and discovery process confirmed that, consistent with Ms. Kong's recollection and contrary to plaintiffs' counsel's assertions, plaintiffs' counsel did *not* emphasize the need for the COAs for solvents; rather, they focused on COAs for Valsartan API (which ZHP produced). As to this point, Duane Morris identified a May 2020 letter from plaintiffs regarding certain non-custodial discovery plaintiffs wanted ZHP to prioritize in the production process. That letter, which is attached as Exhibit 1, did not identify COAs for DMF or any other solvent. Instead, it identified "Certificates of Analysis for Valsartan API (*See* RFPD No. 26)."

Duane Morris attorneys also confirmed that they had numerous discussions with plaintiffs' counsel about the scope of plaintiffs' requests in 2019 and 2020. These discussions primarily took place between Joe Ferretti, a former Duane Morris attorney, and Behram Parekh, plaintiffs' counsel at the firm Wisner Baum. Duane Morris is in the process of locating and searching Mr. Ferretti's files to identify any agreements Mr. Ferretti and Mr. Parekh came to regarding the scope of ZHP's production that may shed light on the COA issue. Duane Morris is also reaching out to Mr. Ferretti and Seth Goldberg, another former Duane Morris lawyer who was involved in the discovery process, for more information about what discussions, if any, they can recall having had with counsel about these requests.

In short, we have not, at this time, identified any information that suggests any bad faith on the part of ZHP or Duane Morris in connection with the collection and production of materials. Indeed, nothing we have found remotely suggests that the COAs were not produced in an effort to keep them from plaintiffs. To the contrary, what we have seen is consistent with Ms. Kong's testimony regarding the good-faith efforts ZHP and its counsel took to comply with ZHP's discovery obligations.[2] We are continuing to review documents and interview individuals who were involved in the collection process or might otherwise have knowledge about these issues. We will provide a final update to the Court, including documents for *in camera* review, if the Court would like to see them, once that investigation is complete, which we anticipate being by the end of September.

As Your Honor knows, ZHP did produce over 200 DMF COAs in March 2025 after plaintiffs raised this issue at the end of last year. In addition, in early 2025, as a result of the continued discussion of these issues, Judge Vanaskie ordered a 30(b)(6) deposition specifically to discuss the COAs. In July 2025, ZHP tendered a corporate witness to testify as to the contents, use, and distribution of the COAs, as well as how the company interpreted those documents. A copy of the deposition notice is attached as Exhibit 2. Plaintiffs examined the witness for approximately seven hours, during which the witness discussed, among many other issues, the limited purpose of the COAs, the

---

[2]    In that regard, we have identified a communication between Duane Morris and ZHP reiterating the importance of the legal hold and reminding the company to stop routine destruction of documents, including documents related to the testing of raw materials used to manufacture valsartan API.

Hon. Renée Marie Bumb
September 16, 2025
Page 4

company's understanding of the reference to dimethylamine on some of the DMF COAs, and the expectation that older COAs would be the same as the ones produced.

That said, upon consideration of Your Honor's comments regarding the disconnect between the parties on this issue, and Your Honor's suggestions regarding potential remedies, ZHP would agree to hour-long, remote depositions of a few, relevant ZHP employees who plaintiffs believe should be re-deposed on this topic. ZHP expects that such depositions would be limited to these employees' understanding of the COAs for DMF used in the tetrazole ring process. In light of the circumstances and in an effort to move past the issue, ZHP would also agree to pay plaintiffs' costs associated with these depositions.

We will continue to apprise the Court of what we learn once we complete our investigation, but wanted to provide the Court with this report as agreed at the September 9 hearing in an effort to offer a path forward.

Respectfully,

Richard T. Bernardo