# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°
Cory J. Rothbort*°

\*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson
Carissa M. Thompson

°Member of N.J. & N.Y. Bars

May 6, 2026

## *VIA ECF*

Honorable Renée Marie Bumb
United States District Court
Mitchell H. Cohen Building and
 U.S. Courthouse
Courtroom 3D
4th and Cooper Streets
Camden, New Jersey  0810

Honorable Thomas I. Vanaskie (Ret.)
Special Master
Stevens & Lee
1500 Market St., East Tower,
 Suite 1800
Philadelphia, Pennsylvania 19103

> **Re:**  *In re Valsartan, Losartan, and Irbesartan Liability Litigation*,
> **Case No. 1:19-md-02875 (D.N.J.)**

Dear Chief Judge Bumb and Judge Vanaskie:

Please accept this letter on behalf of the Plaintiffs in advance of the May 8, 2026 case management conference.

1. **Wave 3 Bellwether list of presumptively qualified Wave 3 cases (to include *Lexecon* issues);**

Plaintiffs sent to defendants a list of 135 cases that qualify for Wave 3, before including *Lexecon* waivers.  These 135 cases involve a primary colorectal or liver cancer, they do not have allegations against Mylan, Aurobindo, Hetero or losartan

Honorable Renée Marie Bumb, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
March 31, 2026
Page 2

or irbesartan products, they have not been dismissed and a suggestion of death has not been filed.  Certain Plaintiffs, who are not represented by Co-Lead counsel, remain undecided as to whether to waive *Lexecon*.  Likewise, Defendants have not disclosed whether they will waive *Lexecon* on these cases and others. But, we expect that of the 135 qualifying cases there will be approximately 30 to 50 Plaintiffs who will  waive *Lexecon*.

2.  **Wave 3 Bellwether outstanding issues (i.e., how candidates will be selected, order of discovery, when to certify);**

Plaintiffs advised Defendants that Plaintiffs are prepared to complete this specific causation expert process for the cases where Plaintiffs and Defendants agree to waive *Lexecon*.  As part of this process, the Plaintiffs' experts need to know how much contaminated NDMA each plaintiff ingested from the contaminated valsartan pills.  In Wave 1 and Wave 2, the Plaintiffs' experts were provided this information as part of the defense fact sheet process put in place by the Court.  Plaintiffs request a scheduling order wherein the deadlines for completion of the defense fact sheets and the Plaintiffs' specific causation expert process occur simultaneously, except that Plaintiffs' experts will have at least 30 days to complete their certifications after they have received Defendants' final version of the defense fact sheet for each plaintiff.  Therefore, if Defendants need a total of 30 days from the date of the Court

Honorable Renée Marie Bumb, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
March 31, 2026
Page 3

Order to complete the defense sheets for all of the plaintiffs, then Plaintiffs have a total 60 days from the date of the Court Order to complete the specific causation expert process.

3. **Other case management processes applicable to the larger docket (per 3/18 Order);**

Plaintiffs are willing to meet and confer about other specific case management processes, but Plaintiffs have not received specific proposals from defendants regarding these processes. Plaintiffs believe that the current focus for the personal injury cases should be the next steps for selecting Wave 3 cases that includes completion of the defense fact sheets and the Plaintiffs' specific causation expert process.

4. **PFS / PID Deficiencies**

Plaintiffs will be prepared to discuss this topic at the hearing.

5. **Wholesaler Defendants' Request for Dismissals from Cases Eligible for Wave Three**

Plaintiffs have met and conferred with the wholesaler defendants and understand that wholesalers want Plaintiffs to dismiss the wholesaler defendants from cases that are in the pool of potential Wave 3 cases. However, Plaintiffs believe they have valid claims against the wholesaler defendants and do not agree to dismiss wholesaler defendants from the cases that are in the pool of potential Wave 3 cases.

Honorable Renée Marie Bumb, U.S.D.J.
Honorable Thomas I. Vanaskie (Ret.)
March 31, 2026
Page 4

Plaintiffs remain open to discussing issues in individual cases, but do not agree to

carte blanche dismissals against wholesaler defendants simply because these cases

are part of the pool of potential Wave 3 cases.


Respectfully,

ADAM M. SLATER

Cc: All counsel of record (via ECF)